**IF YOUR CLAIM IS LISTED HERE, ONE OR MORE OF THE DEBTORS ARE SEEKING TO DISALLOW YOUR CLAIM FOR THE REASON LISTED BELOW.**

| NAME | CLAIM # | DATE FILED | DEBTOR | ASSERTED CLAIM AMOUNT |
|---|---|---|---|---|
| Cabrera Torres, Signa Magaly | 12337 | 5/8/2018 | Commonwealth of Puerto Rico | $68,000.00 |
| Reason: | The claimant failed to provide prima facie evidence to support a secured claim. | | | |

**SI SU RECLAMO ESTÁ INCLUIDO AQUÍ, UNO O MÁS DE LOS DEUDORES SOLICITAN QUE SU RECLAMO SEA RECHAZADO POR LA RAZÓN INDICADA AQUÍ ABAJO.**

| NOMBRE | N.º DE RECLAMACIÓN | FECHA DE PRESENTACIÓN | DEUDOR | MONTO DE LA RECLAMACIÓN ALEGADA |
|---|---|---|---|---|
| Cabrera Torres, Signa Magaly | 12337 | 5/8/2018 | Commonwealth of Puerto Rico | $68,000.00 |
| Base para: | El demandante omitió proporcionar pruebas evidentes para apoyar un reclamo asegurado. | | | |

Tricentésima Cuadragésima Primera Objeción Global
Anexo A: Reclamos a ser desestimados

| | NOMBRE | FECHA DE PRESENTACIÓN | NÚMERO DE CASO/DEUDOR | N.º DE RECLAMACIÓN | MONTO DE LA RECLAMACIÓN | NOMBRE | FECHA DE PRESENTACIÓN | NÚMERO DE CASO/DEUDOR | N.º DE RECLAMACIÓN | MONTO DE LA RECLAMACIÓN |
|---|---|---|---|---|---|---|---|---|---|---|
| | **RECLAMACIONES A SER DESESTIMADAS** | | | | | **RECLAMACIÓN REMANENTE** | | | | |
| 6 | BLASINI GALARZA, ENID D. URB SANTA ELENA 2 A15 CALLE ORQUIDEA GUAYANILLA, PR 00656-1449 | 06/28/18 | 17 BK 03566-LTS / Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico | 151099 | Indeterminado* | BLASINI GALARZA, ENID D URB SANTA ELENA 2 A15 CALLE ORQUIDEA GUAYANILLA, PR 00656-1449 | 06/28/18 | 17 BK 03283-LTS / El Estado Libre Asociado de Puerto Rico | 151769 | Indeterminado* |

Base para: Reclamo de una obligación duplicada interpuesto contra el Sistema de Retiro de Empleados del Gobierno del Estado Libre Asociado de Puerto Rico. Todas las responsabilidades invocadas, si las hubiere, tendrían lugar entre el Reclamante y el Estado Libre Asociado de Puerto Rico.

| 7 | CABEZOTO PEREZ, IVONNE HC-02 BOX 12180 GURABO, PR 00778 | 05/03/18 | 17 BK 03566-LTS / Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico | 12035 | $ 13,049.50* | CABEZUDO PEREZ, IVONNE HC-02 BOX 12180 GURABO, PR 00778 | 05/03/18 | 17 BK 03283-LTS / El Estado Libre Asociado de Puerto Rico | 11829 | $ 13,049.50* |

Base para: Reclamo de una obligación duplicada interpuesto contra el Sistema de Retiro de Empleados del Gobierno del Estado Libre Asociado de Puerto Rico. Todas las responsabilidades invocadas, si las hubiere, tendrían lugar entre el Reclamante y el Estado Libre Asociado de Puerto Rico.

| 8 | CABRERA TORRES, SIGNA VILLA PALMERAS 372 CALLE PROVIDENCIA SAN JUAN, PR 00915-2234 | 05/08/18 | 17 BK 03566-LTS / Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico | 12310 | $ 68,000.00 | CABRERA TORRES, SIGNA MAGALY VILLAS PALMERAS 372 CALLE PROVIDENCIA SAN JUAN, PR 00915-2234 | 05/08/18 | 17 BK 03283-LTS / El Estado Libre Asociado de Puerto Rico | 12337^ | $ 68,000.00* |

Base para: Reclamo de una obligación duplicada interpuesto contra el Sistema de Retiro de Empleados del Gobierno del Estado Libre Asociado de Puerto Rico. Todas las responsabilidades invocadas, si las hubiere, tendrían lugar entre el Reclamante y el Estado Libre Asociado de Puerto Rico.

^ Reclamo n°. 12337 también incluido en el Anexo A a la Objeción Global n° 345 por reclamos clasificados erróneamente

| 9 | CALDERON ILARRAZA, CARMEN PO BOX 1025 RIO GRANDE, PR 00745-1025 | 05/29/18 | 17 BK 03566-LTS / Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico | 41791 | $ 30,735.45* | CALDERON ILARRAZA, CARMEN CALLE 12 T-24 VILLAS DE RIO GRANDE RIO GRANDE, PR 00745 | 05/29/18 | 17 BK 03283-LTS / El Estado Libre Asociado de Puerto Rico | 36519^ | $ 30,735.45* |

Base para: Reclamo de una obligación duplicada interpuesto contra el Sistema de Retiro de Empleados del Gobierno del Estado Libre Asociado de Puerto Rico. Todas las responsabilidades invocadas, si las hubiere, tendrían lugar entre el Reclamante y el Estado Libre Asociado de Puerto Rico.

^ Reclamo n°. 36519 también incluido en el Anexo A a la Objeción Global n° 345 por reclamos clasificados erróneamente



\* Indica que la reclamación contiene montos por liquidar o indeterminados

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE SAN JUAN

| | |
|---|---|
| NILDA A. AGOSTO MALDONADO Y OTROS<br>PARTE DEMANDANTE | CIVIL NUM. KPE 2005-0608<br>(907) |
| V. | SOBRE : |
| ESTADO LIBRE ASOCIADO DE PUERTO RICO,<br>DEPARTAMENTO DE LA FAMILIA Y OTROS<br>PARTE DEMANDADA | SENTENCIA DECLARATORIA;<br>Y RECLAMACIÓN DE SALARIOS |

## *SENTENCIA*

Los demandantes, que se detallan en el anejo de esta Sentencia, y que se incorporan por referencia y se hace formar parte íntegra de ésta, son empleados que ocupan puestos con diferentes clasificaciones y trabajan o han trabajado en el Departamento de la Familia y sus administraciones: Secretariado, ADFAN, ADSEF, ASUME y ACUDEN.

Los empleados demandantes presentaron la demanda de epígrafe el 23 de febrero de 2005. Solicitaron una Sentencia Declaratoria que decretara la nulidad del Memorando General 5-86 de fecha 23 de abril de 1986, emitido por la Oficina Central de Administración de Personal (OCAP), hoy Oficina de Recursos Humanos del Estado Libre Asociado de Puerto Rico (ORHELA), por estar en conflicto con las disposiciones establecidas bajo la Ley de Retribución Uniforme, Ley 89 de 12 de julio de 1979, 3 L.P.R.A. § 760 *et seq.* (derogada) y con el principio de igual paga por igual trabajo garantizado por el Art. II, sección 16 de la Constitución del Estado Libre Asociado de Puerto Rico.

Los demandantes reclaman que sus salarios se afectaron cuando el Departamento de la Familia implantó el salario mínimo federal que entró en vigor el 15 de abril de 1986 y posteriores aumentos, ya que se dejó inoperante la estructura salarial existente y se adoptó un sistema de pago distinto e incompatible con las disposiciones de la Ley de Retribución Uniforme, *supra*. Arguyen que se violó su derecho a recibir una compensación acorde con las funciones que realizan y la jerarquía, niveles de responsabilidad y complejidad de sus respectivos puestos, a tono con el valor de su trabajo dentro del mercado de empleo.

25 de agosto de 2016



RECIBIDO
CORREO LA FORTALEZA
16 AUG 31 PM 3:54

Hon. Jesús Manuel Ortiz
Secretario Oficina de Asuntos Públicos
La fortaleza, San Juan, P.R.

RE: NILDA AGOSTO MALDONADO Y OTROS
CIVIL: KPE 2005 – 0608

HON. JESUS MANUEL ORTIZ:

Somos seis (6) personas jubiladas de la Administración de Familias y Niños (ADFAN) del Departamento de la Familia las cuales formamos parte de un grupo que radicó el 23 de febrero de 2005 una demanda reclamando el pago de salarios adeudados relacionados a la Ley de Salario Mínimo Federal. Dicha demanda se remonta al 15 de abril de 1986 donde el Patrono (Departamento de la Familia) implantó el salario mínimo que entró en vigor pero no hizo los ajustes adecuados en el salario. Esta acción del Patrono dejo sin efecto e inoperante la estructura salarial existente, por lo que implantó un sistema de pago de salarios distinto e incompatible con las disposiciones de la Ley de Retribución Uniforme. Al no hacer los ajustes correspondientes en 1985, todas las ocasiones en que el Salario Mínimo aumentó el Patrono continuo pagando el salario a los trabajadores de forma inadecuada.

Para el 16 de septiembre de 2010 el Tribunal Superior de San Juan emitió una Sentencia ordenando al Patrono pagar los salarios adeudados. Ante esta Sentencia el Patrono comenzó a radicar Mociones y escritos al Tribunal con el propósito de no pagar la demanda y aplazar los pago pero no tuvo éxito. El 26 de junio de 2012 el Tribunal emitió una Sentencia Final y Firme ordenando al Patrono a realizar de inmediato los pagos de los salarios adeudados desde el 15 de abril de 1986 con todos los ajustes correspondientes hasta el presente.

El 2 de noviembre de 2012 el patrono comenzó a emitir pagos del 25% de los salarios adeudados según informaron, sin embargo no indicaron cuanta era la cuantiá de dinero adeudado a pesar de que los trabajadores tuvimos que pagar por la contratación de unos peritos que en conjunto con los empleados del área de Pagaduría y Finanzas de la agencia realizarían las evaluaciones correspondientes en los expedientes de cada trabajador para poder tener conocimiento de la cuantiá de dinero adeudado a cada uno. Al día de hoy el Patrono no ha divulgado cual es la cantidad de dinero que nos debe y tampoco ha realizado ninguna gestión para pagarnos.

Como perjudicados por la tardanza del Departamento de la Familia en acatar en su totalidad la Sentencia emitida por el Tribunal de pagar los salarios adeudados a los trabajadores hemos realizado un sinnúmero de gestiones ya que el Patrono le ha pagado en su totalidad a todas las administraciones, programas y con una realizó unos arreglos de pago. Sin embargo con la Administración de Familias y Niños ha discriminado y no le ha pagado. A continuación enumero algunas de las gestiones realizadas:

1. El día 10 de junio de 2016 visitamos la Cámara de Representantes tratando de que alguien escuchara

nuestros reclamos y nos topamos con un Ayudante del Hon. Rafael "Tatito" Hernández quien tomó una carta que le dejamos al legislador y nos alertó de que asistiéramos el día de las vistas sobre el Presupuesto del Departamento de la Familia ya que la Secretaria tenía que estar allí y como el iba a entregarle nuestra carta al legislador, éste podía preguntarle al respecto. Ese día de las Vistas estuvimos ahí y al legislador preguntarle a la Sra. Idalia Colon, Secretaria no dio ninguna alternativa, ni demostró tener interés en pagarnos.

2. El 16 de junio de 2016 estuvimos presentes en una vista que se celebra en el Tribunal Superior de San Juan donde nuestras abogadas solicitaron que el Tribunal ordenara que el Departamento de la Familia le entregara unas certificaciones que necesitaban los trabajadores a quienes recientemente le habían emitido el pago adeudado en su totalidad y necesitaban que se le realizaran ajustes en sus pensiones y documentos para el Departamento de Hacienda y la agencia continuaba dilatando el proceso. El tribunal ordenó cinco (5) días para los abogados de las partes ponerse de acuerdo y 30 dias para que se emitiera toda la documentación. A petición de los pensionados de ADFAN las abogadas le informaron al Tribunal que el personal de ADFAN todavía no había cobrado. El abogado de la agencia alegó que todavía los listado para saber la cuantiá del dinero adeudado a algunos de los pensionados no estaban completos. También el Tribunal ordenó 30 días para que se completaran los listados y se le entregara copia de ellas a los abogados de los pensionados. Todas las Administraciones cumplieron con las órdenes del Tribunal menos ADFAN. El abogado de la agencia sometió el día 17 de julio de 2016 una prórroga porque estaría disfrutando vacaciones. El Tribunal le otorgó la prorroga hasta el 1ro. de agosto de 2016, sin embargo al 17 de agosto el abogado de la agencia no había cumplido con la orden emitida por el Tribunal.

3. Llamamos a la Oficina de Gerencia y Presupuesto (OGP) solicitando copia del Presupuesto sometido por el Departamento de la Familia y al presente la Sra. Shanira Pabón no la ha provisto.

4. El 20 de junio de 2016 llevamos una carta a la Oficina del Presidente del Senado solicitando su ayuda e intervención para poder resolver nuestro problema. Allí nos atendieron el Sr. Alberto Morales y Norberto Muñiz los cuales recibieron nuestra carta y la remitieron a la Oficina de Asuntos Legislativos. A la Sra. Horibel Pons se le asignó nuestra situación y su intervención se limitó en llamar a ADFAN y tener que esperar que la abogada del Departamento llegara de vacaciones y recomendara que le radicáramos una querella de ética a nuestras representantes legales, en otras palabras la Oficina de Asuntos Legislativos no hizo nada. Esta oficina no fue capaz de conseguinos una reunión con el Presidente del Senado Hon. Eduardo Batía Gautier. Nos refirieron a la Sra. Zoraida Santiago quien lleva su agenda y en 2 (dos) meses no hemos tenido suerte de que el Presidente del Senado tenga disponible 15 minutos para atendernos.

4. Solicitamos orientación en la Oficina de la Procuradora de las Personas de Edad Avanzada ya que todas tenemos mas de 63 años y nos citaron para el 10 de agosto de 2016 exponer nuestra situación. Ese día nos atendió la Lcda. Joanelly Marrero Cruz. Esta nos indicó que su agencia no intervenía en situaciones que había dinero envuelto. Nosotras alegamos que el Departamento de la Familia había discriminado contra nosotras ya que había favorecido a unas Administraciones pagando en su totalidad el dinero adeudado y a los jubilados de ADFAN no. Le indicamos que nos sentíamos humillados por la Secretaria del Departamento de la Familia por que el día de la vista del Presupuesto nos ignoró y no mencionó esta deuda en su informe ni aún cuando el Hon. Rafael "Tatito" Hernández le preguntó al respecto. Le expresamos que esta situación nos está afectando a todas emocionalmente porque ya varias compañeras que forman parte de la demanda han fallecido sin poder disfrutado del dinero que fue producto de su trabajo. Además estamos bien preocupadas porque se nos han reducido algunos de los beneficios adquiridos como lo son el Bono de Medicamentos y el Bono de Navidad y para

empeorar el panorama se dice que La Junta de Control Fiscal va a reducir las pensiones de los jubilados. Por lo menos si nos pagan el dinero adeudado tendríamos algo con que poder afrontar cualquier situación que se presente con este panorama tan incierto que se avecina en el país.

5. Visitamos la oficina del Hon. Angel D. González Damutd, Alcalde de Río Grande ya que alguna somos de ese Municipio y él se comprometió en llevarle una carta al Gobernador, Hon. Alejandro García Padilla ya que tenía reunión con él esa semana. El día 22 de agosto de 2016 la Secretaria del Alcalde nos informó que el Gobernador se comprometió a pasar nuestra carta a la Oficina de Asuntos Laborales de Fortaleza para que estos le dieran seguimiento a la situación.

Por todas las gestiones antes mencionadas acudimos a usted para que se nos haga justicia y se cumpla con la Sentencia emitida por el tribunal ordenando que se paguen los salarios adeudados.

Atentamente:

Nitza Medina de Reyes     787-473-2570

Luz N. Tricoche de Jesús     787-564-1925

Nayda Rivera Rodríguez     787-602-1401

Carmen H. Estévez Alvarez     787-385-6721

Zoraida Chévere Fraguada     787-988-9360

Signa M. Cabrera Torres     939-207-7594

c.c;

Hon. Roxana López León
Senadora

Lcda. Marangely Medina
Directora de Asuntos Laborales
Fortaleza

Lcda. Lilliana Pecunia
Directora de Asuntos de Bienestar Social

Dirección residencial y postal:
Calle Pelín Rodríguez #372
Villa Palmeras, Santurce
San Juan, PR 00915
Celular número: 939-207-7594

21 de septiembre de 2020

Hon. Orlando López Belmonte
Secretario Departamento de la Familia

Reciba un saludo cordial,

Asunto: Solicitud de estatus de apelación por corrección de pagos por Caso Nilda Agosto Maldonado v Depto. de la Familia, K PE 2005-0608

Recientemente vi un listado extraído del "site" de internet PRIME CLERK PROMESA el cual incluye a todos los demandantes, inclusive, del Caso Nilda Agosto Maldonado, K PE 2005-0608. La cantidad que se me asigna en el mismo por la corrección de pagos producto del Caso, es $19,661.53.

A base de ese monto asignado de $19,661.53, se pudiera inferir que el Depto. de la Familia no ha considerado en lo absoluto en los pasados 8 años la apelación que radiqué mediante carta el 8 de noviembre de 2012, dirigida a la Sra. María L. Torres Colón, Secretaria Auxiliar de Recursos Humanos y Relaciones Laborales, de la cual le incluyo copia. Nunca recibí contestación o notificación alguna del Depto. de la Familia con respecto a mi apelación sobre la cual pensé que estaban considerando. En aquel entonces la cantidad bruta que recibí fue $7,696.65 equivalente a un 25% del pago total, y luego le resté los descuentos de seguro social y contribuciones. La presente cifra de $19,661.53 representa menos del restante 75% que alegaban me adeudaban.

En síntesis, la justificación de mi apelación según describí en mi carta del 2012, se debe a que mis compañeras de Trabajo Social ya jubiladas con historial de años de servicio y clasificaciones similares a las mías, recibieron por concepto de esta demanda compensaciones muy superiores a la mía, hasta el triple, según fui enterada en aquel entonces y según he vuelto a confirmar al ver el listado aludido.

**Estaré haciendo llegar copia de esta carta a la Sra. Glenda Gerena Ríos, Administradora de ADFAN, en caso de que ella entienda que también debe atender este asunto, o parte del mismo.** Deseo que se revise mi apelación y me entreguen los cómputos que realizaron, o que realicen, en relación con mi Caso. Espero que se reevalúe la presente determinación y se me haga justicia. Cuando radiqué la apelación en el 2012 envié copia a las abogadas que representaban a los demandantes y a Pro-Sol (la unión), y también les haré llegar copia de la presente carta. También llené una solicitud de re-ajuste de pensión y no me han contestado nada al respecto.

Queda de usted,

Signa Magali Cabrera Torres
SS #: XXX-XX-5242

C: Sra. Glenda Gerena Ríos, Administradora ADFAN
Anejo: Copia Solicitud de Apelación de 8 de noviembre de 2012
Copia de solicitud de re-ajuste de pensión

*24 DE ABRIL 2018*

*Commonwealth de Puerto Rico Claims Processing Center*
*c/o Prime Clerk LLC Grand Central Station*
*PO Box 4708*
*New York, NY 10163-4708*

*PROMESA Titulo III*
*Caso Num. 17 BK 3283-LTS*

*Estimados Funcionarios:*

*Mediante el presente documento, suscribiente, Signa M. Cabrera Torres, mayor de edad, ciudadana americana y actualmente retirada de la Administración de Familias y Niños (ADFAN) del Departamento de la Familia del Estado Libre Asociado de Puerto Rico hago constar que soy parte de los reclamantes que figuran como demandantes en el caso Nilda A. Agosto Maldonado V. Estado Libre Asociado de Puerto Rico, Departamento de la Familia y Otros (Civil Núm. KPE 2005-0608) sobre Reclamación de Salarios.*

*A su vez hago constar que el 16 de Septiembre de 2010 la Hon. Juez Superior Rebecca de León Ríos ordenó al patrono que pagara a todos los demandantes los salarios adeudados y no fue hasta Noviembre de 2012 que recibimos un pago parcial del 25% de dichos salarios según informó el Departamento de la Familia. Al presente suscribiente y todos los demandantes desconocemos cual es el monto real de la deuda debido a que el Departamento de la Familia nunca nos ha mostrado ningún computo ni documento oficial al respecto.*

*Para hacer constar lo antes indicado someto:*
*1. Copia de la Sentencia emitida el 16 de Septiembre de 2010 por el Tribunal Superior de San Juan ordenando el pago de los salarios adeudados a los demandantes con el Anejo que incluye el Listado de los Nombres de los Demandantes en cuya página 17 aparece mi nombre en el #93.*                                                                                               *2.*
*Evidencia del pago recibido del 25% de la deuda que se demuestra en el documento que indica el número de cheque emitido, cantidad del pago recibido con sus correspondientes descuentos aplicados.*
*3. Carta enviada el 25 de agosto de 2016 al Hon. Jesús Manuel Ortiz, Secretario Oficina de Asuntos Públicos de Fortaleza solicitando su intervención para que se nos pagara el restante 75% de los salarios que se nos adeudan.*
*4. Copia de esta carta también fue llevada con el mismo propósito a las oficinas de la*

Hon. Senadora Roxana López León con quien nos reunimos, a la oficina de la Lcda. Marangely Medina, Directora de Asuntos Laborales de Fortaleza y a la Lcda. Lilliam Pecunia, Directora de Asuntos de Bienestar Social sin éxito alguno.

Es importante señalar que una vez se nos realice el pago adeudado esto afectará el monto de las pensiones y el seguro social que recibimos. Además se deben computar los intereses devengados por ese dinero durante los años que aplique ya que tambien se nos adeudan. Solicito se me pague Pasos por Méritos que me fueron recomendados y nunca me fueron otorgados, Dietas, Vacaciones y cualquier otra deuda que este pendiente de pagar.

A tales efectos someto los documentos de reclamación correspondientes a los "Schedule E - Caso No. -17 bk - 03283" y el " Schedule E- Caso No. 17 - bk – 03566"

A pesar de que las abogadas litigantes en el caso de la Demanda de Reclamaciòn de Salarios recibieron una notificacion del "Schedule H, la cual van a llenarla y documentarla para enviarla yo estoy sometiendo esta carta y llenando las reclamaciones antes mencionadas en los " Schedules" porque intereso continuar como parte activa en el caso de la Ley Promesa y para que se tome en cuenta mi reclamaciòn.

Atentamente,

_____
Signa M. Cabrera Torres
Seguro Social: XXX-XX- 5242
Teléfono: 939-207-7594

Dirección Postal
Calle Pellin Rodriguez # 372
Villa Palmera, Santurce, P.R. 00915

**FAMILIA**
Gobierno de Puerto Rico

Secretaría Auxiliar de
Recursos Humanos y Relaciones Laborales

2 de noviembre de 2012

Cabrera Torres, Signa M.
Administración de Familias y Niños

Re: Nilda Agosto y Otros KPE-2005-0608

Estimado(a) Compañero(a):

Usted figura como demandante en el Caso de Nilda Agosto y Otros vs. Departamento de la Familia, sobre Salario Mínimo Federal.

No obstante lo anterior, y en aras de ir reduciendo la deuda producto de esta reclamación originada para el año 2005; la Oficina de Gerencia y Presupuesto ha identificado unas partidas dentro de las cuentas de economías del Departamento de la Familia para acreditarle a su acreencia en la demanda de referencia. Adjunto a esta comunicación usted recibirá un cheque por la cantidad de $ 7,696.65 equivalente al 25% del pago total al que usted tiene derecho conforme las estipulaciones de la sentencia. Del mismo, solamente se le están realizando los descuentos de Seguro Social y Contribuciones.

Reconocemos que este adelanto no representa el pago total, más si un abono de buena fe con el propósito de ir reduciendo el monto adeudado.

De usted no estar de acuerdo con la cantidad recibida, tendrá un término de 10 días para presentar una reclamación ante la Secretaría Auxiliar de Recursos Humanos y Relaciones Laborales.

Cordialmente,

María Luisa Torres Colón
Secretaria Auxiliar

COPY

*[Sellos de recibido manuscritos:]*
OU. 2012
3 pm
Iralymai

RECURSOS HUMANOS
RELAC[IONES LABOR]ALES
2012 NOV -[?] PM 1:41

Copia
Se entrega en [esta]
de correspondencia
Seguimiento. Abogad[o]

Recibida
13 nov 2012
2:10 pm

8 de noviembre de 2012

María L. Torres Colón
Secretaria Auxiliar Recursos Humanos
y Relaciones Laborables

La presente es para solicitar una apelación en relación al pago recibido en el día 7 de noviembre de 2012 ya que no estoy de acuerdo con el mismo.

Desde el 1974 comencé a laborar en la Agencia como Técnico de Servicios Sociales I. Luego a través de los años conseguí los puestos de Técnico de Servicios Sociales II y Técnico III.

En los años 1992-1993 se me reclasificó mi plaza a T.S. I y después a T.S. II recibiendo un diferencial en mi salario. Después de esa fecha había solicitado un puesto de T.S. III y nunca me lo ofrecieron y luego apelé pero nunca obtuve cita al respecto a pesar de que le daba seguimiento al caso.

Mis compañeros jubilados que son T.S. recibieron una compensación bien alta. Mientras yo recibí lo mínimo, llevando mucho tiempo en la Agencia igual que ellos. Es por tal razón que deseo se re-examine mi caso y que se me entreguen los cómputos reales que yo obtuve del mismo. El obrero es digno de su salario y requiere justicia.

Esperando su pronta acción.

*[Firma]*
Signa Magaly Cabrera Torres
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
939-207-7594
Calle Pellín Rodríguez 372
Villa Palmera

Signa M. Cabrera Torres
Apelante

Vs.

**CASO NUM. CE-2002-12-0704**

Departamento de la Familia
Apelada

_____

## MOCION INFORMATIVA

Comparece la parte apelada que suscribe y muy respetuosamente Expone y Solicita:

Que la suscribiente desde 1996 está esperando por esta oportunidad del plan de clasificación y retribución, según el principio de ley de méritos, que se me reclasifique mi puesto.

Que he hecho varios reclamos en relación a una reclasificación para Trabajador Social III, ya que mis evaluaciones y recomendaciones han solicitado el mismo.

Que aún sin recibir esta reclasificación continúo sirviendo a nuestra clientela con el respeto que se merece al igual que mi patrono, continuo dando el 100%.

Que a pesar de tener tantos años de servicios (productivos) con la agencia no se tomó en consideración para dicho puesto.

Que el Departamento tiene en sus manos un buen y capacitado servidor público.

Que solicité dicho exámen para Trabajador Social III ya que por todas las gestiones realizadas en la agencia no brindó fruto, pensé que este mecanismo sería justo, donde se le pueda ofrecer al empleado oportunidades de crecer.

Que la suscribiente reune los requisitos para poder obtener dicho puesto, por su experiencia, preparación con los adiestramientos que ha recibido, y por ser miembro de la Junta de Salud del Programa de Madres, Niños y Adolescentes; donde buscamos las ayudas para nuestros niños y familias.

Que la suscribiente incluye copia de sus evaluaciones y todas las gestiones realizadas reclamando dicha reclasificación.

Respetuosamente sometido.

En Carolina, Puerto Rico a 17 de junio de 2005

Signa M. Cabrera Torres
Alturas de Río Grande
Calle 22 V-1157
Río Grande, P.R. 00745

SENTENCIA
K PE 2005-0608
PAGINA 17

| # | Name | # | Name |
|---|---|---|---|
| 73. | BETANCOURT RIVERA, GLENDA LIZ | 74. | BETANCOURT RODRÍGUEZ, ROSA E. |
| 75. | BIRRIEL URDAZ, NURI I. | 76. | BLANCO SOTO, MARIA A. |
| 77. | BONILLA CHISTIAN, ZAIDA | 78. | BORGOS DIAZ, MYRNA L. |
| 79. | BORGOS LEÓN LAURA | 80. | BORIA CLEMENTE, SAMUEL |
| 81. | BORIA GASTON, CARMEN R. | 82. | BOURDONY BAEZ, VICTOR M. |
| 83. | BRACERO RABASSA, RAFAEL | 84. | BRUNO RIVERA, GLADYS E. |
| 85. | BUNKER PEREZ, OSCAR | 86. | BURGOS MORALES, BRENDA LIZ |
| 87. | BURGOS RIVERA, JUAN JOSE | 88. | CABALLERO MAISONET, MYRNA |
| 89. | CABAN ACEVEDO, JULIA A. | 90. | CABAN ARROYO, HERIBERTO |
| 91. | CABEZA HERNANDEZ, ÁNGEL | 92. | CABEZUDO PEREZ, IVONNE |
| 93. | CABRERA TORRES, SIGNA MAGALY | 94. | CALDERON CARRASQUILLO, CARMEN V. |
| 95. | CALDERON CRUZ, CARMEN B. | 96. | CALDERON CRUZ, ENRIQUE |
| 97. | CALDERON DAVILA, CARLOS | 98. | CALDERON ILARRAZA, CARMEN |
| 99. | CALO BIRRIEL, MILAGROS | 100. | CAMACHO GOMEZ, GLORIMY |
| 101. | CAMACHO PEREZ, JUDITH | 102. | CAMARERO COLON, JOSE L. |
| 103. | CANTRES APONTE, CARMEN S. | 104. | CARABALLO ORTIZ, LUIS A. |
| 105. | CARDONA MEDINA, WILSON | 106. | CARDONA SANTANA., GAMALIER |
| 107. | CARDONA SERRANO, ROSA I. | 108. | CARRASCO BAQUERO, MARIA L. |
| 109. | CARRASQUILLO DIAZ, YOLANDA | 110. | CARRASQUILLO MULERO, ROSITA |
| 111. | CARRASQUILLO PACHECO, LOYDA G. | 112. | CARRASQUILLO ROMAN, SONIA |
| 113. | CARRASQUILLO SANTIAGO, CARMEN R. | 114. | CARRERO LOPEZ, DAVID |
| 115. | CARRILLO FIGUEROA, ELIZABETH | 116. | CARRION CASTRO, MARGARITA I. |
| 117. | CARRION CEDEÑO, MARGARITA | 118. | CARRION SANTIESTEBAN, ARLENE |
| 119. | CARTAGENA MERCED, LUZ M. | 120. | CASTILLO ROMAN, SYLVIA |
| 121. | CASTRO CANALES, MIRTA | 122. | CASTRO CARRION, BLANCA I. |
| 123. | CASTRO LAGUERRA, ANA VEDA | 124. | CASTRO RODRÍGUEZ, ELIZABETH |
| 125. | CAY MORALES, MARIA | 126. | CEDEÑO ROMERO, EVELYN |
| 127. | CENTENO FONTANEZ, ROSA I. | 128. | CHEVERE FRAGUADA, ZORAIDA |
| 129. | CHEVERE IZQUIERDO, SANDRA | 130. | CINTRON DE BORRALI, LILLIAM |
| 131. | CINTRON DIAZ, ADELMA DEL C. | 132. | CINTRON MORALES, JOSE A. |
| 133. | CINTRON RODRÍGUEZ, ANGELITA | 134. | CINTRON SANTANA, JARVIS |
| 135. | CLAUDIO ROSADO, EDUARDO | 136. | COLLAZO GONZALEZ, CARMEN |
| 137. | COLON ARROYO, ANA A. | 138. | COLON DE OTERO, LETICIA |
| 139. | COLON DIAZ, RAFAEL | 140. | COLON ORTEGA, CARMEN |
| 141. | COLON RAMOS, RAMON L. | 142. | COLON RIVERA, ANA M. |
| 143. | COLON ROSARIO, MARGARITA | 144. | COLON SANTOS, KARITZA |
| 145. | COLON TORRES, NEYSHA M. | 146. | CONCEPCION LAGUER, MARGARITA |
| 147. | CONCEPCION QUIÑONES, JOSEFINA | 148. | CONCEPCION RODRIGUEZ, MARIA DEL C. |
| 149. | CORDERO AVILA, ÁNGEL G. | 150. | CORDERO FERNANDEZ, MARIA J. |



ASR-PA-016
Rev. Dic. 09

**Gobierno de Puerto Rico**
**ADMINISTRACIÓN DE LOS SISTEMAS DE RETIRO**
**DE LOS EMPLEADOS DEL GOBIERNO Y LA JUDICATURA**
PO Box 42003 San Juan PR 00940-2203

# SOLICITUD DE REAJUSTE DE PENSIÓN

○ Inicial    ○ Revisión

COPY

8 nov 2012
4:13pm
S. Díaz

### SECCIÓN I. DATOS DEL PENSIONADO

| Apellido Paterno, Materno, Nombre e Inicial | Seguro Social | Nacimiento (Día-Mes-Año) | Teléfono |
|---|---|---|---|
| Cabrera Torres, Geman | [redacted] | 8/dic/52 | 939-207-7594 |

| Dirección Postal: | Dirección Residencial: ☐ Igual a la Postal |
|---|---|
| Calle Sellen Padilla 372 Villas Palmeras Santurce 00915 | Calle 22-V-11 Verde Vito Tres Alturas Rio Verde 00745 |

Plan Acogido:
☐ Coordinado
☐ Completa Suplementación

**Fechas (Día-Mes-Año)**

| Primer Descuento para Retiro | Separación o Renuncia | Efectividad de Pensión |
|---|---|---|
| 1976 | jubilado 31/12/2007 | 1/enero/2008 |

Favor de Completar este Apartado si Usted era Policía:

| Número |  |
|---|---|
| Demandas Solicitadas | Sentencia Solicitada |
|  |  |

### SECCIÓN II. CERTIFICACIÓN

CERTIFICO que la información provista aquí es cierta y que me consta que ofrecer información falsa conlleva la aplicación de penalidades establecida por Ley.

_[signature]_ Firma del Pensionado     8/nov/12 Fecha (Día-Mes-Año)

### DOCUMENTOS A RADICAR CON LA SOLICITUD

1. Solicitud de Reajuste de Pensión (ASR-PA-016).
2. Hoja de Servicio (ASR-PA-004) sin sueldos ajustados y descuentos para Retiro.
3. Hoja de Servicio (ASR-PA-004) con sueldos ajustados y descuentos para Retiro.
4. Copia de las nóminas donde se afectó el pago correspondiente.
5. Informe de Cambio (OP-15).

Conservación: Igual al expediente del cual forma parte.