## IF YOUR CLAIM IS LISTED HERE, ONE OR MORE OF THE DEBTORS ARE SEEKING TO DISALLOW YOUR CLAIM FOR THE REASON LISTED BELOW.

| NAME | CLAIM # | DATE FILED | DEBTOR | ASSERTED CLAIM AMOUNT |
|---|---|---|---|---|
| CAMACHO PEREZ, JUDITH | 29885 | 5/24/2018 | Commonwealth of Puerto Rico | $56,012.57 |
| Reason: | The claimant failed to provide prima facie evidence to support a secured claim. | | | |

## SI SU RECLAMO ESTÁ INCLUIDO AQUÍ, UNO O MÁS DE LOS DEUDORES SOLICITAN QUE SU RECLAMO SEA RECHAZADO POR LA RAZÓN INDICADA AQUÍ ABAJO.

| NOMBRE | N.º DE RECLAMACIÓN | FECHA DE PRESENTACIÓN | DEUDOR | MONTO DE LA RECLAMACIÓN ALEGADA |
|---|---|---|---|---|
| CAMACHO PEREZ, JUDITH | 29885 | 5/24/2018 | Commonwealth of Puerto Rico | $56,012.57 |
| Base para: | El demandante omitió proporcionar pruebas evidentes para apoyar un reclamo asegurado. | | | |

Three Hundred and Forty-Fifth Omnibus Objection

Exhibit A - Claims to Be Reclassified

| | NAME | CLAIM# | ASSERTED DEBTOR | PRIORITY STATUS | AMOUNT | CORRECTED DEBTOR | PRIORITY STATUS | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 24 | CALIXTO RODRIGUEZ, GUILLERMO LIC FERNANDO SANTIAGO ORTIZ MANSIONES DE SAN MARTIN SUITE 17 SAN JUAN, PR 00924-4586 | 35849 | Commonwealth of Puerto Rico | Secured | $25,000.00* | Commonwealth of Puerto Rico | Unsecured | $25,000.00* |
| | Reason: The claimant failed to provide prima facie evidence to support a secured claim. | | | | | | | |
| 25 | CALO CALO, NORMA IVETTE URB RIO GRANDE HILLS CALLE B39 APATAMENTO D 39 CALLE B APT D RIO GRANDE, PR 00745 | 7584 | Employees Retirement System of the Government of the Commonwealth of Puerto Rico | Secured | $12,400.00* | Employees Retirement System of the Government of the Commonwealth of Puerto Rico | Unsecured | $12,400.00* |
| | Reason: The claimant failed to provide prima facie evidence to support a secured claim. | | | | | | | |
| 26 | CAMACHO PEREZ, JUDITH EXT PARQ ECUESTRE M28 CALLE 26 CAROLINA, PR 00987-8604 | 29885 | Commonwealth of Puerto Rico | Secured | $56,012.57* | Commonwealth of Puerto Rico | Unsecured | $56,012.57* |
| | Reason: The claimant failed to provide prima facie evidence to support a secured claim. | | | | | | | |
| 27 | CANCIO LUGO, CARLOS FABIAN PO BOX 194211 SAN JUAN, PR 00919-4211 | 87219 | Commonwealth of Puerto Rico | Secured | $5,000.00* | Commonwealth of Puerto Rico | Unsecured | $5,000.00* |
| | Reason: The claimant failed to provide prima facie evidence to support a secured claim. | | | | | | | |
| 28 | CANTRES APONTE, CARMEN S BO VOLCAN ARENAS 165 CARR 871 BAYAMON, PR 00961 | 10442 | Commonwealth of Puerto Rico | Secured | $94,111.30 | Commonwealth of Puerto Rico | Unsecured | $94,111.30 |
| | Reason: The claimant failed to provide prima facie evidence to support a secured claim. | | | | | | | |
| 29 | CARABALLORIVERA, ARMINDA URBSTAELENAIIA-12CALLE1 GUAYANILLA, PR 00656 | 35710 | Commonwealth of Puerto Rico | 503(b)(9) | Undetermined* | Commonwealth of Puerto Rico | Unsecured | $37,000.00* |
| | | | Commonwealth of Puerto Rico | Secured | $37,000.00* | | | |
| | | | | Subtotal | $37,000.00* | | | |
| | Reason: Claimant asserted administrative priority under 11 U.S.C. § 503(b)(9), but proof of claim is not for goods sold and as such claimant is not entitled to administrative priority. The claimant also failed to provide prima facie evidence to support a secured claim. Accordingly, claim has been reclassified in whole as a general unsecured claim. | | | | | | | |

* Indicates claim contains unliquidated and/or undetermined amounts

**Prime Clerk** NEW YORK
830 Third Ave, 9th Floor
New York, NY 10022

23 JUN '18
PM 14 L

U.S. POSTAGE >> PITNEY BOWES

ZIP 11232   $ 000.35⁰
02 4W
0000349804 JUN 22 2018

In re Commonwealth of Puerto Rico
Case No. 17-03283
United States Bankruptcy Court for the District of Puerto Rico (San Juan)

**PRIME CLERK RECEIVED YOUR**
**PROOF OF CLAIM.**

Date Filed: 5/24/2018
Proof of Claim No.: 25697

For additional information, please visit
**http://cases.primeclerk.com/puertorico**, or
call us at **844.822.9231**.

JUDITH  CAMACHO PEREZ
EXT PARQ ECUESTRE
M28 CALLE 26
CAROLINA, PR 00987-8604

17-860428

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE SAN JUAN

| | |
|---|---|
| NILDA A. AGOSTO MALDONADO Y OTROS<br>PARTE DEMANDANTE | CIVIL NUM. KPE 2005-0608<br>(907) |
| V. | SOBRE : |
| ESTADO LIBRE ASOCIADO DE PUERTO RICO,<br>DEPARTAMENTO DE LA FAMILIA Y OTROS<br>PARTE DEMANDADA | SENTENCIA DECLARATORIA;<br>Y RECLAMACIÓN DE SALARIOS |

## SENTENCIA

Los demandantes, que se detallan en el anejo de esta Sentencia, y que se incorporan por referencia y se hace formar parte integra de ésta, son empleados que ocupan puestos con diferentes clasificaciones y trabajan o han trabajado en el Departamento de la Familia y sus administraciones: Secretariado, ADFAN, ADSEF, ASUME y ACUDEN.

Los empleados demandantes presentaron la demanda de epígrafe el 23 de febrero de 2005. Solicitaron una Sentencia Declaratoria que decretara la nulidad del Memorando General 5-86 de fecha 23 de abril de 1986, emitido por la Oficina Central de Administración de Personal (OCAP) hoy Oficina de Recursos Humanos del Estado Libre Asociado de Puerto Rico (ORHELA), por estar en conflicto con las disposiciones establecidas bajo la Ley de Retribución Uniforme, Ley 89 de 12 de julio de 1979, 3 L.P.R.A. § 760 *et seq.* (derogada) y con el principio de igual paga por igual trabajo garantizado por el Art. II, sección 16 de la Constitución del Estado Libre Asociado de Puerto Rico.

Los demandantes reclaman que sus salarios se afectaron cuando el Departamento de la Familia implantó el salario mínimo federal que entró en vigor el 15 de abril de 1986 y posteriores aumentos, ya que se dejó inoperante la estructura salarial existente y se adoptó un sistema de pago distinto e incompatible con las disposiciones de la Ley de Retribución Uniforme, *supra*. Arguyen que se violó su derecho a recibir una compensación acorde con las funciones que realizan y la jerarquía, niveles de responsabilidad y complejidad de sus respectivos puestos, a tono con el valor de su trabajo dentro del mercado de empleo.

*SENTENCIA*
*K PE 2005-0608*
*PAGINA 2*

Reclaman que esta situación se repitió cada vez que entraron en vigor nuevos aumentos de salario mínimo. Alegan que esa actuación constituye un acto negligente, temerario, fraudulento y de enriquecimiento injusto, por cuanto los demandados no proveyeron un trato justo, ni equitativo en la fijación de los salarios de los demandantes.

Además, plantean violaciones a la sección 218 de la Ley de Salario Mínimo "Federal Labor Standard Act of 1938", 29 USC 201, *et seq.*, al bajar las normas de trabajo o beneficios más altos existentes en nuestra jurisdicción, a la derogada Ley 5 de 20 de noviembre de 1975, 3 L.P.R.A. § 1338, conocida como Ley de Servicio Público y a la reglamentación de OCAP que imponían a las agencias del ELA la obligación de implantar un programa de reducción de jornada de no contar con los fondos necesarios para implantar el salario mínimo federal.

También reclaman que como resultado de los ajustes ilegales practicados, los demandantes sufrieron el menoscabo de los aumentos legislativos recibidos y de los aumentos por años de servicios.

El 27 de abril de 2005, la parte demandada sometió *Contestación Responsiva a Demanda*. El 20 de julio de 2005, la demanda fue enmendada para incluir nuevos demandantes y reformular alegaciones.

En cumplimiento de Orden dictada por el Tribunal, los demandantes sometieron los hechos sobre los cuales no existe controversia y las estipulaciones de las partes adoptadas en el caso de *Carmen Socorro Cruz Hernández y otros v. Departamento de la Familia*, civil número KAC1991-0665 del TPI, Sala de San Juan, incluyendo las escalas de retribución adoptadas por el Departamento de la Familia y ORHELA. Además, se sometió para adjudicación la aplicabilidad al caso de autos de lo resuelto por el Tribunal Supremo en *Santiago Declet y otros v. Departamento de la Familia*, 153 D.P.R.208 (2001).

El 27 de enero de 2006, los demandantes solicitaron al Tribunal que dictara Sentencia Sumaria Parcial basando su solicitud en los hechos sobre los cuales no existía controversia.

El 26 de abril de 2006, en atención al hecho de que las partes coinciden en que los reclamos son idénticos a los reclamos de *Carmen Socorro Cruz Hernández y otros v. Departamento de la Familia*, supra, el cual estaba en una etapa adelantada de los procedimientos, mediante *Moción Conjunta Solicitando Paralización Provisional de los*

*SENTENCIA*
*K PE 2005-0608*
*PAGINA 3*

*Procedimientos*, solicitaron la paralización provisional de los procedimientos y acordaron que una vez adviniera final y firme la Sentencia de ese caso (K AC1991-0665), la acatarían como norma para resolver el caso de autos.

El 13 de abril de 2007, la parte demandante mediante *Moción Solicitando Reapertura del Caso y que se Dicte Sentencia Parcial* notificó al Tribunal que se había dictado Sentencia en el caso de *Carmen Socorro Cruz Hernández y otros vs. Departamento de la Familia*, supra, y solicitó la reapertura de los procedimientos.

El 24 de agosto de 2007, las partes sometieron *Moción Conjunta Notificando Estipulaciones de Hechos y de Prueba Documental*. En esa fecha, se le ordenó a la parte demandada determinar, mediante los cómputos correspondientes, la cantidad que se adeuda a cada demandante.

Posteriormente se celebraron múltiples vistas de seguimiento donde se discutieron aspectos procesales del caso y el status de los cómputos sobre los salarios adeudados a cada demandante conforme a las nuevas escalas salariales adoptadas.

Con fecha 11 de marzo de 2010, la representación de los demandantes sometió el Informe Final de los peritos de las partes que es el resultado del consenso sobre las cantidades adeudadas a los demandantes de manera individual.

El 7 de abril de 2010, se concedió al Estado quince (15) días para que se expresara en cuanto a la *Moción Sometiendo Informe de Perito*. El 7 de junio de 2010, aprobamos el informe pericial.

En consideración a lo antes expuesto, acogemos las siguientes estipulaciones de hechos y documentos sometidos por las partes:

## ESTIPULACIONES DE HECHOS

1.   Todos los demandantes son empleados de carrera que trabajan o han trabajado como empleados del Departamento de Servicios Sociales, hoy Departamento de la Familia ocupando puestos de secretarias, oficinistas, funcionarios ejecutivos, técnicos de servicios sociales, recaudadores auxiliares, asistentes de servicios sociales, oficiales en contabilidad, etc. Estos puestos fueron asignados anualmente por el Director de la Oficina Central de Administración de Personal, en adelante OCAP, entre los años 1986 a 1996, a las escalas 1 a la 19 del Plan de Retribución de la Administración Central y posteriormente al adoptarse el Plan de Retribución creado por la agencia como Administrador Individual.

2.   El 15 de abril de 1986 comenzó a regir en el gobierno de Puerto Rico la Ley de Salario Mínimo Federal que establecía un salario mínimo de $3.35 por hora trabajada.

*SENTENCIA*
*K PE 2005-0608*
*PAGINA 4*

3. Para el 15 de abril de 1986 existían 39 tipos de escalas salariales. De éstas, las primeras 11 escalas recibían sueldos por debajo del Salario Mínimo Federal.

4. Que al entrar en vigor el salario mínimo federal, el 15 de abril de 1986, el Departamento de Servicios Sociales, hoy Departamento de la Familia, equiparó el sueldo de los empleados asignados a estas primeras 11 escalas a base de $3.35 por hora, quedando inoperante el Plan de Retribución.

5. Que al efectuarse el ajuste, todos los empleados que pertenecían a dichas escalas se les pagó uniformemente el mismo salario que recibieron al conseje y el trabajador de acuerdo al salario mínimo federal de $3.35 por hora.

6. Que posteriormente, el Departamento de Servicios Sociales, hoy Departamento de la Familia, elaboró un Plan de Retribución Uniforme que estableció nuevas escalas salariales, al cual Plan se le dio fecha de vigencia de 1 de abril de 1996. Este plan contiene 33 escalas salariales, en lugar de 39 escalas salariales que existían en 1986. Este plan fue elaborado por el Departamento con la colaboración y consulta de la Oficina Central de la Oficina de Administración de Personal (OCAP).




7. Que la situación se volvió a producir en los años 1990, 1991, 1992, 1993, 1994 y, cada vez que ocurría la implantación de nuevos aumentos en virtud de la Ley de Salario Mínimo Federal. Por lo que mientras se iba aumentando el salario mínimo federal, se continuaron alterando nuevas escalas adicionales. De esa forma, ya para el 1 de abril de 1996, fecha previa a que entrara en vigor el Plan de Retribución del Departamento de Servicios Sociales, hoy Departamento de la Familia, se habían afectado 19 escalas salariales.

8. En septiembre de 1997, cuando volvió a aumentar el salario mínimo de los empleados en el Departamento, queda inoperante el Plan de Retribución de 1996.

9. El 1 de abril de 1985, en su función de brindar asesoramiento a las agencias del gobierno, la OCAP emitió el Memorando Especial Núm. 8-85 donde informó a los Secretarios y jefes de agencia la decisión del caso García v. San Antonio Metropolitan Mass. Transit Authority.




"Como consecuencia de esa decisión, a los empleados del Gobierno del Estado Libre Asociado de Puerto Rico y de sus Gobiernos Municipales se les debe pagar el salario mínimo federal y compensar el tiempo extra a razón de tiempo y medio mediante pago en efectivo".

10. El 18 de abril de 1985, el Director de la OCAP le remitió al entonces gobernador de Puerto Rico, Rafael Hernández Colón, un Memorando sobre el siguiente asunto: "Alternativas de estructuras salariales para proveer aumentos de sueldos a los empleados públicos bajo la Administración Central y cumplir con el mínimo federal".

La comunicación proponía un plan de mejoramiento salarial en cuatro etapas donde se sobrepasaba el salario mínimo federal para el 1988 e incluía como anejo las escalas de sueldos propuestas.

En relación al personal de confianza, la citada comunicación expone: ... "no es necesario tomar acción inmediatamente ya que la escala básica de la estructura de sueldo que se aplica $505 - 657 al presente no tiene clases asignadas. El sueldo más bajo en el Servicio de Confianza es el correspondiente a la clase de chofer que está asignada a la segunda escala: $549 - 714."

11. El 2 de julio de 1985, la OCAP emitió y circuló entre las agencias, el Memorando General 7-85, para informar a todos los jefes de agencias que la decisión del Hon. Tribunal Supremo Federal García v San Antonio Metropolitan Mass Transit Authority, 469 US 528 fue confirmada e incluyó información general sobre la forma de compensar las horas extras.

*SENTENCIA*
*K PE 2005-0608*
*PAGINA 5*

12. El 5 de septiembre de 1985, la OCAP emitió y circuló el Memorando General Núm. 9-85 dirigido a todos los jefes de agencia sobre "La Interpretación de aspectos relativos a la retribución de los Empleados" que incluyó, en el inciso A, la norma de interpretación del Art. 3 de la Ley Núm. 3 de 30 de junio de 1977. Mediante esa directriz, se reconoció la intención legislativa, según expuesta al Art. 3 de "ampliar en esa misma proporción las escalas de retribución para los empleados que la reciben".

En lo que atañe a los empleados que no le hicieron efectivo el aumento por estar recibiendo sueldos máximo de la escala, se impartió instrucción a las agencias de "reevaluar los casos en conformidad a esa interpretación".

13. El 17 de septiembre de 1985, la OCAP le remitió al Lcdo. Guillermo Mojica Maldonado, comunicación relativa al efecto presupuestario que tendría la implantación de una nueva estructura salarial para el Servicio de Carrera de la Administración Central con el propósito de cumplir con la implantación del Salario Mínimo Federal.

14. El 14 de octubre de 1985, la OCAP emitió el Memorando Especial Núm. 25-85 dirigido a todos los jefes de agencias conteniendo la ULTIMA JURISPRUDENCIA RELACIONADA CON LA ADMINISTRACIÓN DE PERSONAL. Esta incluyó un resumen de la decisión del Honorable Tribunal Supremo Federal en García v. San Antonio Metropolitan Mass Transit Authority, 469 US 528. Dicha comunicación informa: "....el salario mínimo federal y el pago por razón de tiempo extra según se reconocen en éstos en la Ley Federal de Normas Razonables del trabajo, son de aplicación para los empleados del Estado Libre Asociado a partir del día 15 de abril de 1985".

15. El 20 de noviembre de 1985, el director de OCAP le remitió al entonces Gobernador de Puerto Rico, un Memorando sobre: "Aumento de sueldo a los Empleados Públicos" donde informa: " Al presente se hace necesario cumplir con el salario mínimo federal al 15 de abril de 1986, lo que posiblemente requiere que se efectúe en una sola etapa:"

16. Del contenido del documento surge que OCAP diseñó una nueva estructura salarial para el servicio de carrera de la Administración Central basada en una escala mínima de $545-736 que cumplía con el salario mínimo federal vigente de $3.35 por hora además consigna: "Esta estructura la implantaríamos ajustando el sueldo actual de los empleados a la cuantía o tipo retributivo inmediato superior en la escala correspondiente en la nueva estructura para reducir su efecto presupuestario."

17. El 26 de marzo de 1986 la OCAP emitió el Memorando General 3-86 donde actualizó a los jefes de agencia la información sobre la aplicación de la Ley de Salario Mínimo remitida referente al caso de García, supra. Además les informó que el FLSA entraría en aplicación en el gobierno el 15 de abril de 1986, ofreciéndole más detalles sobre la aplicabilidad de esa Ley.

18. Que el 15 de abril de 1986 comenzó a regir en el gobierno de Puerto Rico la Ley de Salario Mínimo Federal que establecía un salario mínimo de $3.35 por hora trabajada. En esa fecha, el Departamento equiparó el sueldo de los empleados demandantes según consignado en las Estipulaciones número 3 4 y 5 que anteceden.

19. Luego de esto, el 15 de abril de 1986, se presentó el P. de la C. 493 para proponer una enmienda a los incisos (2) y (3) del Art. 7 de la Ley de Retribución Uniforme, convertido en la Ley Núm. 149 del 18 de julio de 1986. Esta ley tuvo el propósito de dotar a OCAP y su Director con mecanismos de mayor flexibilidad para practicar ajustes y extensiones a las escalas de retribución de la Administración Central y eliminó el requisito de obtener la aprobación previa del Gobernador para efectuar tales transacciones.

*SENTENCIA*
*K PE 2005-0608*
*PAGINA 6*

20.    El 23 de abril de 1986, mediante el Memorando General 5-86, la OCAP informó a los jefes de agencia la aplicación del salario mínimo de 3.25 hr., efectivo al 15 de abril de 1986 e incluyó una directriz para practicar los ajustes salariales. Referente a los Municipios, les instruyó para que implantaran un plan de reducción de jornada diaria de trabajo si determinaban insuficiencia de fondos para implantar el salario mínimo.

21.    Al emitir esa directriz, OCAP no consultó con el Secretario del Trabajo Federal para verificar si cumplía o no con los requerimientos de la Ley de Salario Mínimo. [Contestación de OCAP a Requerimiento Admisiones en el caso de Carmen Socorro Cruz y otros vs. ELA y otros Civil KAC 91-0665 (505)].

21.    El 30 de junio de 1986, OCAP emitió el Memorando Núm. 3-86 informando la décima Asignación de Clases del Servicio de Carrera de la Administración Central: "Para este año fiscal no se han registrado cambios a las escalas salariales. No obstante, es mandatario que las agencias cumplan con las disposiciones de la Ley de Normas Razonables del Trabajo referente al salario mínimo federal". El Anejo I del Memorando 3-86 incluye una relación de las enmiendas hechas a la anterior asignación de clases durante el transcurso del año asignando clases a escalas superiores.

23.    Respecto a los empleados irregulares, regidos por la Ley 110 del 26 de junio de 1958, según enmendada y no obstante haber reconocido en el Memorando Núm. 3-86, supra, del 23 de abril, la aplicación del salario mínimo de $3.15 hr. , la OCAP emitió con fecha de 22 de agosto de 1986, el Memorando General Núm. 12-86 sobre: "Enmienda a las escalas de Paga para el personal Irregular". En esa nueva escala, el sueldo ancla del Grupo I fue desarrollado a base de un sueldo de $3.00 hr., por lo que está por debajo del salario mínimo federal establecido.

24.    El salario mínimo federal aumentó en Puerto Rico en las fechas y sumas que se indican a continuación:

| | | | |
|---|---|---|---|
| 15 | abril 1986 | a | 3.25 hr. |
| 1 | abril de 1990 | a | 3.55 hr. |
| 1 | abril 1991 | a | 3.70 hr. |
| 1 | abril de 1992 | a | 3.90 hr. |
| 1 | abril 1993 | a | 4.05 hr. |
| 1 | abril 1994 | a | 4.25 hr. |
| 1 | abril 1996 | a | 4.45 hr. |
| 1 | sept. de 1997 | a | 5.15 hr. |
| 1 | sept. de 2000 | a | 5.80 hr.[1] |
| 24 | julio de 2007 | a | 5.85 hr. |

25.    La norma adoptada por el Departamento para implantar los ajustes salariales al entrar en vigor el salario mínimo y posteriores aumentos, según identificados en el apartado anterior, equiparó el sueldo de los demandantes al salario recibido por el trabajador y el conserje.

26.    A consecuencia de lo anterior, en los años 1990, 1991, 1992, 1993 y 1994, 1997 y hasta el presente, con motivo de la implantación de nuevos aumentos en la Ley de Salario Mínimo Federal y mientras se ha estado aumentando el salario mínimo federal, se continuaron alterando nuevas escalas. De esa forma, ya para el 1 de abril de 1996, fecha previa a que entrara en vigor el Plan de Retribución del Departamento de Servicios Sociales, hoy Departamento de la Familia, se habían afectado 19 escalas salariales.

---

[1] Aumento de salario mínimo de Puerto Rico a $5.80 hora por Ley 320 de septiembre de 2000 efectivo a 1 septiembre de 2000.

*SENTENCIA*
*K PE 2005-0608*
*PAGINA 7*

27. En el 1991, el Departamento de Servicios Sociales se constituyó en un administrador individual mediante la Orden Ejecutiva Número OE-1991-46, firmada por el entonces Gobernador de Puerto Rico, Rafael Hernández Colón confiriendo al Secretario de ese Departamento facultad para adoptar su propio Plan de Clasificación y Retribución.

28. Mediante el Memorando Especial Núm. 26-93, de 1 de julio de 1993, la OCAP reconoció y afirmó la obligación de los jefes de agencias Administradores Individuales, de atemperar el Plan de Retribución a la legislación federal aplicable al servicio público.

29. El 3 junio de 1994, la OCAP emitió el Memorando Núm. 5-94 dirigido a los Señores Jefes de las Agencias Administradores Individuales del Sistema de Personal sobre: "Asignación de las clases de puestos a las escalas de retribución efectivo al comienzo de cada año fiscal actualización de las estructuras retributivas salario mínimo federal: En lo pertinente lee así:




   "Los administradores individuales que aún continúan utilizando los planes que regían para la Administración Central deben tomar conocimiento que por no estar en funcionamiento dicho sector del Sistema de Personal no es procedente efectuar la asignación de las clases a las escalas correspondientes en tales planes. A éstas le reiteramos que es imperativo y prioritario que desarrollen e implanten estos instrumentos de trabajo. (Véase Memorando Especial Núm. 26-93 y Memorando Especial Núm. 13-94 que le cursamos sobre este asunto.)"

30. El Memorando 5-94, supra, lee: "Actualización de las Estructuras Retributivas

   El inciso 1 del Artículo 2 de la Ley de Retribución Uniforme establece que es obligación de los Administradores Individuales mantener al día los planes de retribución que adopten para los servicios de carrera y de confianza. Por esta razón, las agencias que tienen aprobados e implantados sus propios planes de clasificación y retribución que tienen vigentes responden a lo dispuesto en la Sección 4.6 del Reglamento de Retribución Uniforme, particularmente en los incisos (2), (3), (5), (6) y (8)."



31. De otra parte, el Memorando 5-94 expresa:

   "Algunas agencias no están enviando anualmente la copia correspondiente a nuestra oficina, lo cual es indicativo de que no han puesto en observancia las mencionadas normas legales y reglamentarias".

32. Mientras se mantenía inoperante por los demandados la escala de retribución del Departamento de la Familia, la OCAP continuó la práctica de autorizar la asignación de múltiples clases a escalas superiores.

33. Para el 1994, OCAP redactó dos documentos titulados:

   A.   "Relación de la clase en el Servicio de Carrera que se han impactado con la aplicación del Salario Mínimo Federal".

   B.   "Clases reasignadas a Escala de Retribución Superiores desde el primero de abril de 1986 hasta el presente".

34. Así las cosas, en julio de 1996, el Departamento de la Familia adoptó un Plan de Clasificación y Retribución. El apartado III, del Plan dispone:

   "Descripción de la estructura de salarios. La estructura salarial adoptada consiste de veintitrés (23) escalas de sueldos. El número de escalas necesarias para cubrir las doscientas diez (210) clases de puestos resultantes del estudio de clasificación,

*SENTENCIA*
*K PE 2005-0608*
*PAGINA 8*

se determinó a base de la agrupación de clases de puestos tomando en consideración los niveles de complejidad o dificultad del trabajo, la magnitud de la responsabilidad y el grado de autoridad, elementos que entre otros, constituyen las demandas de los puestos asignados a cada clase de puestos. También se tomó en consideración las dificultades en reclutamiento y retención existentes en algunas clases de puestos".

"El salario base de la estructura es de setecientos ochenta dólares ($780.00) mensual."

35. Cuando el Departamento practicó la correspondiente asignación de los puestos ocupados por los demandantes a las escalas del 1996, se re-estableció la diferencia salarial existente entre las diferentes categorías de puestos que habían quedado inoperantes desde abril de 1986.

36. En su mensaje ante la 5ta. Sesión Ordinaria de la Décima Segunda Asamblea Legislativa de Puerto Rico, al 24 de enero de 1995, el entonces Gobernador de Puerto Rico expresó:

"La situación del ELA y gobierno de Puerto Rico tuvo una franca recuperación económica. Se instrumentaron dos reforma contributivas, se aprobó legislación para aumentar sustancialmente los salarios de los policías, bomberos, enfermeras, oficiales de custodia, maestros y otros grupos de empleados públicos".

37. El 31 de enero de 1996, el periódico El Nuevo Día publicó que al cierre del presente año fiscal existía un excedente en caja de 300 millones.

38. El 1ro. marzo de 1996 se hizo efectiva una enmienda al Plan de Clasificación de Puestos según propuesto por el Departamento y aprobado por OCAP, para asignar varias clases de puestos a escalas superiores de retribución, quedando vigente el Plan de 1996.

39. Mediante el Memorando Especial #51-96 sobre: "Nuevo Salario Mínimo Federal efectivo el 1ro. de octubre de 1996 y el 1ro. de septiembre de 1997", la Directora de OCAP notificó:

"...que a partir del primero de octubre de 1996, los empleados del gobierno estatal, independientemente de su status o categoría, están cubiertos por el nuevo Salario Mínimo Federal de $4.75 la hora". "A partir del 1ro. de septiembre de 1997 el Salario Mínimo Federal será de $5.15 la hora".

40. En junio de 1997 y mediante el Memorando Núm. 8-97, la OCAP enmendó la Guía de Clasificación de Funciones y Escalas de Paga del Reglamento para el Personal Irregular para conformarlas con el nuevo salario mínimo de $5.15 hr., efectivo al 1 de septiembre de 1997.

41. El 20 de marzo de 1998, el Departamento hizo efectivo su Tercera Asignación de Clases dejando sin cambios la estructura salarial del servicio de carrera que adoptó en el 1996. Con esta, se mantuvo inoperante el Plan de Retribución de referencia, visto el aumento habido en el Salario Mínimo.

42. El 25 de octubre de 1997, el Departamento realizó otra revisión de las asignaciones de clases a escalas superiores y creó nuevas clases, y ha mantenido hasta el presente el Plan de Retribución que adoptó en el 1996, sin cambios, excepto los reasignaciones y cambios antes identificados.

## PRUEBA DOCUMENTAL ESTIPULADA

EXHIBIT 1.   Memorando Núm. 8 – 85 del 1 de abril de 1985 de la OCAP decisión del Tribunal Supremo de Estados Unidos sobre la aplicabilidad de la Ley Federal de Normas Razonables del Trabajo. (2 folios).






*SENTENCIA*
*K PE 2005-0608*
*PAGINA 9*

EXHIBIT 2.    Memorando del 18 de abril de 1985 OCAP sobre la alternativa de estructuras salariales para proveer aumentos de sueldos a los empleados públicos bajo la Administración Central y cumplir con el mínimo federal (3 folios + 4 anejos).

EXHIBIT 3.    Memorando General Núm. 7-85 de 2 de julio de 1985 OCAP sobre disposiciones de pago por horas extras ordinarias trabajadas dispuestas por la Ley Federal de Normas Razonables del Trabajo y su aplicación a los empleados públicos. (4 folios).

EXHIBIT 4.    Núm. 25-85 14 de octubre de 1985 de la OCAP "Ultima Jurisprudencia Relacionada con la Administración de Personal". (7 folios).

EXHIBIT 5.    Memorando 5-86 23 de abril de 1986 de la OCAP "Aplicabilidad del Salario Mínimo Federal a los Empleados Públicos". (2 folios + 2 anejos).



EXHIBIT 6.    Memorando Núm. 12-86 del 22 de agosto de 1986 de la OCAP "Enmienda a las Escalas de Pago para el Personal Irregular". (8 folios).

EXHIBIT 7.    Memorando del 20 de noviembre de 1985 de la OCAP suscrito por Guillermo Mujica al Gobernador sobre los aumentos de sueldo a los empelados públicos. (3 folios).

EXHIBIT 8.    Memorando Núm. 3-86 del 30 de junio de 1986 OCAP "Décima Asignación de Clases del Servicio de Carrera de la Administración Central a las Escalas de Sueldo Establecidas la Ley 89". (2 folios + 37 anejos).

EXHIBIT 9.    Memorando Núm. 4-86 de 30 de junio de 1986, "Octava Asignación de Clases de Servicio Confianza a la Administración Central Sobre las Escalas de Sueldo Establecidas". (2 folios + 8 anejos).

EXHIBIT 10.    Carta Normativa Especial Núm. 2-28 de 24 de marzo de 1988 OCAP "Aumento General a los empleados en Virtud Ley Núm. 1 del 9 de febrero de 1988". (6 folios + 2 anejos).

EXHIBIT 11.    Memorando Núm. 7-90 del 3 de abril de 1990 OCAP "Salario Mínimo Federal" (3 folios + 5 anejos).

EXHIBIT 12.    Carta 24 de mayo de 1990 de Angel Linera Escalera como Director Interino OCAP a Hon. Ramón García Santiago, Secretario Hacienda "Estudio Revisión Escalas". (2 folios).

EXHIBIT 13.    Carta Normativa Especial 1-90 de 7 de junio de 1990 "Aumento General a los Empleados Públicos en virtud de la Ley Núm. 7 de 7 de mayo de 1989. (7 folios + 2  anejos).

EXHIBIT 14.    Memorando 2-90 de 30 de junio de 1990 — OCAP "Decimocuarta Asignación de Clase del Servicio de Carrera a la Administración Central a las Escalas de Sueldo establecidos en la Ley 89. (2 folios + 6 anejos).

EXHIBIT 15.    Memorando OCAP Núm. 3-91 de 22 de julio de 1991 décimo quinta asignación de clases del servicio carrera Administración Central a las escalas de sueldo establecidas en la Ley 89. (2 folios + 48 anejos).

EXHIBIT 16.    Carta a secretarios y jefes agencias: "Orden Ejecutiva" de 5 de septiembre de 1991. (3 folios).

EXHIBIT 17.    Memorando Especial Núm. 11-92 OCAP de 1 de abril de 1992 "enmienda a la 15ta Asignación de Clases para el Servicio Carrera de la Administración Central Vigente a partir de 1 de julio de 1991.  (1 folio).

*SENTENCIA*
*K PE 2005-0608*
*PAGINA 10*

EXHIBIT 18.   Memorando OCAP Especial Núm. 12-93 de 24 de marzo de 1993 "Aumento en el Salario Mínimo Federal, Ley Pública Núm. 101-157 de 17 de noviembre de 1989. (2 folios).

EXHIBIT 19.   Memorando Especial Núm. 26-93 de 1 de julio de 1993 OCAP sobre preparación de planes de clasificación y retribución. Reglamentación de recursos humanos en el servicio público.

EXHIBIT 20.   Mensaje del Gobernador Rafael Hernández Colón de 24 de enero de 1995. (4 folios).

EXHIBIT 21.   Memorando Especial Núm. 13-94 de OCAP de 15 de abril de 1994 "Contratación de Consultores Privados para los Instrumentos de Trabajo para la Administración de Recursos Humanos". (2 folios).

EXHIBIT 22.   Memorando Núm. 5-94 de 3 de junio de 1994 OCAP asignación de las clases de puestos a las escalas de retribución efectivo al comienzo de cada año fiscal; actualización. (4 folios)

EXHIBIT 23.   Memorando Especial Núm. 17-94 OCAP de 3 de junio de 1994 "Salario Mínimo Federal, aumento efectivo 1 de abril de 1994. (2 folios).

EXHIBIT 24.   Portada periódico El Nuevo Día, mensaje del Gobernador Pedro Roselló "La Situación del Estado" ante la 5ta Sesión Ordinaria de la Décima Asamblea Legislativa de 31 de enero de 1996 (1 folio).

EXHIBIT 25.   Artículo periódico El Nuevo Día sobre escenario favorable para el presupuesto, "Sobrante en Caja" (1 folio).

EXHIBIT 26.   Documentos pertinentes Plan de Clasificación de Puestos y Retribución de Servicios de Carrera efectivo a 1 de marzo de 1996 y aprobado por OCAP 11 de abril de 1996. (30 folios).

EXHIBIT 27.   Carta OCAP 19 de marzo de 1997 a Secretaria Departamento de la Familia. Aprobación a solicitud de enmienda a los planes de clasificación de puesto y retribución del servicio de carrera del Departamento. (2 folios + 9 anejos).

EXHIBIT 28.   Memorando Especial OCAP Núm. 51-96 de 8 de octubre de 1996 "Nuevo Salario Mínimo Federal efectivo el 1 de octubre de 1996 y el 10 de septiembre de 1997". (1 folio + 1 anejo).

EXHIBIT 29.   OCAP Memorando Núm. 8-96 de 9 de junio de 1997 "Enmiendas a la Guía de Clasificación de Funciones y las Escalas de Paga del Reglamento para el Empleo de Personal Irregular". (3 folios).

EXHIBIT 30.   Carta OCAP 20 de noviembre de 1997 a Secretaria Departamento de la Familia sobre algunas enmiendas al plan de clasificación implantado por la agencia efectivo el 1 de marzo de 1996. (2 folios + 12 anejos).

EXHIBIT 31.   Memorando 20 de marzo de 1998 de Luis Marcano, Director de Personal y Recursos Humanos "3ra Asignación de Clases y Estructuras Salariales Servicios de Carrera". (18 folios).

EXHIBIT 32.   Memorando de 3 de diciembre de 1999 Departamento de la Familia, "Extensión Escala Retributiva" efectiva 1 de julio de 1999. (1 folio).

De conformidad con las anteriores Estipulaciones de Hechos y Prueba Documental, el Tribunal formula las siguientes:

<u>CONCLUSIONES DE DERECHO</u>

Mediante la adopción de la Ley de Retribución Uniforme, Ley Núm. 89 de 12 de julio de 1979, 3 L.P.R.A 760 *et seq.* (actualmente derogada por la Ley Núm. 184 de 3 de agosto de 2004), se estableció en Puerto Rico un sistema de retribución con el principio de igual paga por igual trabajo. Este sistema propicia la uniformidad, la equidad y la justicia en la fijación de los sueldos de todos los empleados del servicio público, y persigue la aplicación de mecanismos que propendan y faciliten el reclutamiento y retención de personal mediante la concesión de incentivos adicionales. Para lograr ese objetivo, se le impuso la obligación a las agencias dentro del sistema, de adoptar planes de retribución conforme al reglamento que adoptara la Oficina Central de Administración de Personal (OCAP), para instrumentar esta ley a las normas generales sobre retribución que ésta emita. Art. 2 de la derogada Ley 89.




Para cumplir con los objetivos de la Ley 89, *supra*, en 1984 la OCAP aprobó el Reglamento de Retribución Uniforme. El Reglamento contenía disposiciones aplicables a todo el sistema de personal, lo que incluía a los administradores individuales (Art. 4 del Reglamento) y, algunas que aplican exclusivamente a las agencias bajo la Administración Central (Art. 5 del Reglamento).



En cuanto a la administración de las escalas salariales, se establecía en el Art. 9 de la Ley de Retribución Uniforme las normas relativas a la administración de salarios. De igual forma en la Sec. 4.5 (3) del Reglamento de Retribución Uniforme, se imponía la obligación a la OCAP y a cada Administrador Individual de asignar anualmente todas las clases de puestos de los planes de clasificación a las escalas contenidas en los planes de retribución que estuvieran vigentes, tanto para el servicio de carrera como para el de confianza, efectivo al comienzo de cada año fiscal.

La OCAP (ahora Oficina de Recursos Humanos del Estado Libre Asociado (ORHELA)) y los Administradores Individuales, están obligados a mantener al día los planes de retribución que adopten para los servicios de carrera y de confianza, en cumplimiento de las normas relativas a la administración y el mantenimiento de las estructuras retributivas, según establecido en los incisos 1 y 2 del Art. 2 de la Ley de

*SENTENCIA*
*K PE 2005-0608*
*PAGINA 12*

Retribución Uniforme y en la sección 4.6, incisos (2), (3), (5), (6) y (8) del Reglamento de

Retribución Uniforme.

En el presente caso, la parte demandante alega que los demandados incumplieron

con los deberes que hemos reseñado y que al hacerlo violaron las escalas salariales de

sus puestos, por lo que no reciben una justa paga por el trabajo realizado.

Como expresáramos previamente, las partes estipularon que lo resuelto en el caso

*Carmen Socorro Cruz Hernández y otros vs. Departamento de la Familia,* KAC1991-

0665, por tratarse de idénticas controversias entre las partes se hiciera extensivo al caso

de epígrafe.  En el aludido caso el Tribunal concluyó lo siguiente:





Considerando lo anteriormente expuesto, entendemos que la

selección del Departamento de la Familia de la fórmula de ajuste

recomendado por O.C.A.P. en el Memorando General 5-86, del 23 de

abril de 1986, no está conforme a las disposiciones requeridas por la

Ley de Retribución Uniforme, *supra,* al no mantener actualizada un

sistema de escalas salariales progresivas luego de implementar

enmiendas realizadas al salario mínimo.  Luego de un análisis de la

fórmula recomendada por O.C.A.P., puede observarse que su ejecución

resultó en remunerar equitativamente a conserjes, oficinistas (I, II, III y



IV), secretarias (I y II) y asistentes de instituciones sociales, entre otros

puestos asignados dentro de las primeras 11 escalas de la estructura

retributiva entonces vigente.  A consecuencia de que la parte

demandada realiza asignaciones de puestos al comienzo de cada año

fiscal, para la fecha de marzo de 1996 los empleados ubicados hasta la

escala 19 también habían sido afectados por el ajuste.  En <u>Aulet Lebrón</u>

<u>v. Dpto. de Servicios Sociales</u>, *supra,* a la página 24, señaló el Tribunal

Supremo:

Claro está, las cartas normativas que O.C.A.P. emita en el ejercicio

de sus funciones  cuasi legislativas no pueden estar en conflicto con la

ley  o con la jurisprudencia vinculante en la materia que intente

reglamentar, pues el poder de reglamentación delegado a la agencia no

la faculta para sustituir el criterio legislativo o judicial plasmado en el

estado de derecho vigente. A.P.I.A.U., Inc. v. Srio. de Hacienda, 100 D.P.R. 173 (1971); Rosario Mercado v. San Juan Racing Assn., 94 D.P.R. 634 (1967); Rivera Maldonado v. Autoridad sobre Hogares, 87 D.P.R. 453 (1963); Ex parte Irizarry, 66 D.P.R. 672 (1946).

Para evitar esto, la Ley de Retribución Uniforme, *supra*, estipula en su Art. 9, que "[e]fectivo al comienzo de cada año fiscal, el Director asignará todas las clases de puestos a las escalas contenidas en el Plan de Retribución adoptado para la Administración Central". 3 L.P.R.A. § 760h. Al no actualizarse anualmente, se dejó inoperante el sistema de escalas salariales, el cual requiere tomar en consideración la complejidad de los roles no diestros, administrativos, técnicos, especializados y de supervisión, para luego retribuir en proporción a la misma. Con esto el sistema de retribución ha resultado irracional, caprichoso o arbitrario para con los demandantes. *Véase*, Aulet Lebrón v. Dpto. de Servicios Sociales, *supra*, a la pág. 47. Cabe señalar que al momento de asignar un tipo de puesto a determinada escala de retribución, las agencias tomarán en consideración factores como años de servicios, preparación académica, experiencia o pasos por mérito concedidos al empleado de dicho puesto. *Véase*, Reglamento de Retribución Uniforme, *supra*, a la § 4.6, incisos (2), (3), (5), (6) y (8). En adición a esto, la Sec. 4.4 del Reglamento de Retribución dispone que los planes de retribución que se adopten han de estar en armonía con la política pública establecida en la Ley de Retribución Uniforme, *supra*, además de requerir la aplicación de escalas de sueldos uniformes para aquellas clases de puestos que sean equivalentes manteniendo así una correlación entre el valor relativo que se asigne a las clases en los respectivos planes de clasificación y el valor monetario que se asigna a éstas mediante escalas de sueldos.

El Tribunal Supremo de Puerto Rico ha expresado que la legislación de salario mínimo y la Ley Federal de Normas de Trabajo, no impiden que los estados legislen para conceder mayores beneficios

*Véase*, 29 U.S.C.A. § 218(3) (2006); Vega v. Yiyi Motors, 146 D.P.R.

373, 381-2 (1998); Olazagasti v. Easter Sugar Associates, 79 D.P.R. 93,

106-7 (1956). Por lo tanto, el cumplimiento con el salario mínimo sólo

es uno de los requisitos para la observancia de la normativa laboral, que

en este caso exigía también la actualización y aplicación de escalas de

retribución.

Dado el ordenamiento jurídico esbozado, entendemos le asiste el

derecho a los demandantes y se declara Con Lugar la demanda

aprobando las escalas salariales marcadas en los Exhibits de la prueba

estipulada.  A los efectos de resolver las diferencias surgidas entre las

partes en cuanto a la forma en que deben realizarse los cómputos de

los sueldos adeudados determinando las sumas específicas de cada

empleado, se celebrará el 26 de septiembre de 2006 una vista donde se

recibirá prueba pericial y documental pertinente.

La parte demandada preparará y radicará en el Tribunal,

suministrando copia a la representación legal de los demandantes, las

nóminas necesarias para efectuar el pago a los demandantes.  Dichas

nóminas incluirán: (a) nombres y seguros sociales de los demandantes,

(b) total adeudado a cada demandante, (c) cantidad retenida para el

pago de retiro de cada demandante y (d) cantidad neta correspondiente

a cada demandante.  El pago a los demandantes se efectuará durante

el año fiscal 2006-7, por lo que la parte demandada deberá consignar en

su presupuesto una partida para el pago de la Sentencia aquí dictada.

Las partes, en cumplimiento con la estipulación a la que han llegado,

deberán acatar la determinación judicial del caso *Carmen Socorro Cruz*

*Hernández y otros vs. Departamento de la Familia*, supra,  y cuya parte dispositiva

hemos hecho formar parte de esta Sentencia.

En cuanto a los honorarios de abogado, habida cuenta de que ese asunto

en este momento se encuentra pendiente de resolución ante el Tribunal

Supremo de Puerto Rico en el caso *Carmen Socorro Cruz Hernández y otros vs.*

*Departamento de la Familia*, CC09-1074, donde se solicita la revisión de la

*SENTENCIA*
*K PE 2005-0608*
*PAGINA 15*

Sentencia de 24 de agosto de 2009 del Tribunal de Apelaciones que determinó

revocar la concesión de honorarios de abogado en ese caso, las partes se

atendrán a lo que disponga el Tribunal Supremo.

REGISTRESE Y NOTIFIQUESE.

En San Juan, Puerto Rico a 16 de septiembre de 2010.

REBECCA DE LEON RIOS
JUEZA SUPERIOR

CERTIFICO:

Lic. Rebecca Rivera Torres
Secretaria Regional

Por: Secretaria Auxiliar

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA DE SAN JUAN

AGOSTO MALDONADO, NILDA A.
DEMANDANTE
vs.

E L P   R    L

DEMANDADO

CASO: K PE2005-0608
SALON: 0907

PROCEDIMIENTOS ESPECIALES
INJUNCTION - CLASICO
CAUSAL/DELITO

NOTIFICACION DE SENTENCIA

EL SECRETARIO QUE SUSCRIBE NOTIFICA A USTED QUE ESTE TRIBUNAL HA DICTADO
SENTENCIA EN EL CASO DE EPIGRAFE CON FECHA 16 DE SEPTIEMBRE DE 2010 QUE HA
SIDO DEBIDAMENTE REGISTRADA Y ARCHIVADA EN LOS AUTOS DE ESTE CASO, DONDE
PODRA USTED ENTERARSE DETALLADAMENTE DE LOS TERMINOS DE LA MISMA.

Y, SIENDO O REPRESENTANDO USTED LA PARTE PERJUDICADA POR LA SENTENCIA,
DE LA CUAL PUEDE ESTABLECERSE RECURSO DE APELACION, DIRIJO A USTED ESTA
NOTIFICACION, HABIENDO ARCHIVADO EN LOS AUTOS DE ESTE CASO COPIA DE ELLA,
CON FECHA DE 17 DE SEPTIEMBRE DE 2010.

GONZALEZ MORALES IVONNE
PO BOX 9021828
SAN JUAN, PR 00902-1828

ACEVEDO COLON MILAGROS
COND COLINA REAL
2000 AVE FELISA RINCON
BOX 1405
SAN JUAN, PR 00926

DIAZ LUGO MANUEL
PO BOX 9020192
SAN JUAN, PR 00902-0192

SAN JUAN, PUERTO RICO, A 17 DE SEPTIEMBRE DE 2010

LCDA. REBECA RIVERA TORRES
- - - - - - - - - - - - - - - - - - - - - - - - - -
SECRETARIO
POR: VANESSA NIEVES MORALES
- - - - - - - - - - - - - - - - - - - - - - - - - -
SECRETARIO AUXILIAR

O.A.T.704-NOTIFICACION DE SF  NCIA
TELETRIBUNALES: (787)759-1885  LA, LIBRE DE COSTO (787)1-877-759-1885

*SENTENCIA*
*K PE 2005-0608*
*PAGINA 17*

| | |
|---|---|
| 73. BETANCOURT RIVERA, GLENDA LIZ | 74. BETANCOURT RODRÍGUEZ, ROSA E. |
| 75. BIRRIEL URDAZ , NURI I. | 76. BLANCO SOTO, MARIA A. |
| 77. BONILLA CHISTIAN, ZAIDA | 78. BORGOS DIAZ, MYRNA L. |
| 79. BORGOS LEÓN LAURA | 80. BORIA CLEMENTE, SAMUEL |
| 81. BORIA GASTON, CARMEN R. | 82. BOURDONY BAEZ, VICTOR M. |
| 83. BRACERO RABASSA, RAFAEL | 84. BRUNO RIVERA, GLADYS E. |
| 85. BUNKER PEREZ, OSCAR | 86. BURGOS MORALES, BRENDA LIZ |
| 87. BURGOS RIVERA, JUAN JOSE | 88. CABALLERO MAISONET, MYRNA |
| 89. CABAN ACEVEDO, JULIA A. | 90. CABAN ARROYO, HERIBERTO |
| 91. CABEZA HERNANDEZ, ÁNGEL | 92. CABEZUDO PEREZ, IVONNE |
| 93. CABRERA TORRES, SIGNA MAGALY: | 94. CALDERON CARRASQUILLO, CARMEN V. |
| 95. CALDERON CRUZ, CARMEN B. | 96. CALDERON CRUZ, ENRIQUE |
| 97. CALDERON DAVILA, CARLOS | 98. CALDERON ILARRAZA, CARMEN |
| 99. CALO BIRRIEL, MILAGROS | 100. CAMACHO GOMEZ, GLORIMY |
| 101. CAMACHO PEREZ, JUDITH | 102. CAMARERO COLON, JOSE L. |
| 103. CANTRES APONTE, CARMEN S. | 104. CARABALLO ORTIZ, LUIS A. |
| 105. CARDONA MEDINA, WILSON | 106. CARDONA SANTANA., GAMALIER |
| 107. CARDONA SERRANO, ROSA I. | 108. CARRASCO BAQUERO,  MARIA L. |
| 109. CARRASQUILLO DIAZ, YOLANDA | 110. CARRASQUILLO MULERO, ROSITA |
| 111. CARRASQUILLO PACHECO, LOYDA G. | 112. CARRASQUILLO ROMAN , SONIA |
| 113. CARRASQUILLO SANTIAGO, CARMEN R. | 114. CARRERO LOPEZ, DAVID |
| 115. CARRILLO FIGUEROA, ELIZABETH | 116. CARRION CASTRO, MARGARITA I. |
| 117. CARRION CEDEÑO, MARGARITA | 118. CARRION SANTIESTEBAN, ARLENE |
| 119. CARTAGENA MERCED, LUZ M. | 120. CASTILLO ROMAN, SYLVIA |
| 121. CASTRO CANALES, MIRTA | 122. CASTRO CARRION, BLANCA  I. |
| 123. CASTRO LAGUERRA, ANA VEDA | 124. CASTRO RODRÍGUEZ, ELIZABETH |
| 125. CAY MORALES, MARIA | 126. CEDEÑO ROMERO, EVELYN |
| 127. CENTENO FONTANEZ, ROSA I. | 128. CHEVERE FRAGUADA, ZORAIDA |
| 129. CHEVERE IZQUIERDO, SANDRA | 130. CINTRON DE BORRALI, LILLIAM |
| 131. CINTRON DIAZ, ADELMA DEL C. | 132. CINTRON MORALES, JOSE A. |
| 133. CINTRON RODRÍGUEZ, ANGELITA | 134. CINTRON SANTANA, JARVIS |
| 135. CLAUDIO ROSADO, EDUARDO | 136. COLLAZO GONZALEZ, CARMEN |
| 137. COLON ARROYO, ANA A. | 138. COLON DE OTERO, LETICIA |
| 139. COLON DIAZ, RAFAEL | 140. COLON ORTEGA, CARMEN |
| 141. COLON RAMOS, RAMON L. | 142. COLON RIVERA, ANA M. |
| 143. COLON ROSARIO, MARGARITA | 144. COLON SANTOS, KARITZA |
| 145. COLON TORRES, NEYSHA M. | 146. CONCEPCION LAGUER, MARGARITA |
| 147. CONCEPCION QUIÑONES, JOSEFINA | 148. CONCEPCION RODRIGUEZ, MARIA DEL C. |
| 149. CORDERO AVILA, ÁNGEL G. | 150. CORDERO FERNANDEZ, MARIA J. |

**ADSEF**
**HOJA DE COMPUTOS**

**Caso Civil Núm. KPE - 2005-0608**
**Nilda A. Agosto Maldonado  y Otros vs E.L.A. de P.R.**

**Nombre:**     Camacho Perez, Judith                                     Inactivo
**Seg.Soc.**
**Sueldo Actual:**

| Fecha | Cobro | Debio Cobrar | Adeuda | Se Le Adeuda | Total | |
|-------|-------|--------------|--------|--------------|-------|--|
| 15-abril-86 | $ 370.67 | $ 415.47 | $ - | $ 44.80 | | S.M.F. |
| mayo-86 | $ 695.00 | $ 779.00 | $ - | $ 84.00 | | |
| junio-86 | $ 695.00 | $ 779.00 | $ - | $ 84.00 | | |
| Sub Total | | | $ - | $ 212.80 | $ 212.80 | |

| Fecha | Cobro | Debio Cobrar | Adeuda | Se Le Adeuda | Total | |
|-------|-------|--------------|--------|--------------|-------|--|
| julio-86 | $ 695.00 | $ 779.00 | $ - | $ 84.00 | | |
| agosto-86 | $ 695.00 | $ 779.00 | $ - | $ 84.00 | | |
| septiembre-86 | $ 695.00 | $ 779.00 | $ - | $ 84.00 | | |
| 1-octubre-86 | $ 750.00 | $ 779.00 | $ - | $ 29.00 | | Aum. x Ley (55 Ó -) |
| noviembre-86 | $ 750.00 | $ 779.00 | $ - | $ 29.00 | | |
| diciembre-86 | $ 750.00 | $ 779.00 | $ - | $ 29.00 | | |
| enero-87 | $ 750.00 | $ 779.00 | $ - | $ 29.00 | | |
| febrero-87 | $ 750.00 | $ 779.00 | $ - | $ 29.00 | | |
| marzo-87 | $ 750.00 | $ 779.00 | $ - | $ 29.00 | | |
| abril-87 | $ 750.00 | $ 779.00 | $ - | $ 29.00 | | |
| mayo-87 | $ 750.00 | $ 779.00 | $ - | $ 29.00 | | |
| junio-87 | $ 750.00 | $ 779.00 | $ - | $ 29.00 | | |
| Sub Total | | | $ - | $ 513.00 | $ 513.00 | |

| Fecha | Cobro | Debio Cobrar | Adeuda | Se Le Adeuda | Total | |
|-------|-------|--------------|--------|--------------|-------|--|
| julio-87 | $ 750.00 | $ 779.00 | $ - | $ 29.00 | | |
| agosto-87 | $ 750.00 | $ 779.00 | $ - | $ 29.00 | | |
| septiembre-87 | $ 750.00 | $ 779.00 | $ - | $ 29.00 | | |
| octubre-87 | $ 750.00 | $ 779.00 | $ - | $ 29.00 | | |
| noviembre-87 | $ 750.00 | $ 779.00 | $ - | $ 29.00 | | |
| diciembre-87 | $ 750.00 | $ 779.00 | $ - | $ 29.00 | | |
| enero-88 | $ 750.00 | $ 779.00 | $ - | $ 29.00 | | |
| febrero-88 | $ 750.00 | $ 779.00 | $ - | $ 29.00 | | |
| marzo-88 | $ 750.00 | $ 779.00 | $ - | $ 29.00 | | |
| 1-abril-88 | $ 790.00 | $ 819.00 | $ - | $ 29.00 | | Aum. x Ley |
| mayo-88 | $ 790.00 | $ 819.00 | $ - | $ 29.00 | | |
| junio-88 | $ 790.00 | $ 819.00 | $ - | $ 29.00 | | |
| Sub Total | | | $ - | $ 348.00 | $ 348.00 | |

1

Camacho Perez, Judith

**ADSEF**
**HOJA DE COMPUTOS**

**Caso Civil Núm. KPE - 2005-0608**
**Nilda A. Agosto Maldonado  y Otros vs E.L.A. de P.R.**

| Fecha | Cobro | Debio Cobrar | Adeuda | Se Le Adeuda | Total | |
|-------|-------|--------------|--------|--------------|-------|---|
| julio-88 | $ 790.00 | $ 819.00 | $ - | $ 29.00 | | |
| agosto-88 | $ 790.00 | $ 819.00 | $ - | $ 29.00 | | |
| septiembre-88 | $ 790.00 | $ 819.00 | $ - | $ 29.00 | | |
| octubre-88 | $ 790.00 | $ 819.00 | $ - | $ 29.00 | | |
| noviembre-88 | $ 790.00 | $ 819.00 | $ - | $ 29.00 | | |
| 1-diciembre-88 | $ 820.00 | $ 819.00 | $ 1.00 | $ - | | Quinquenio |
| enero-89 | $ 820.00 | $ 819.00 | $ 1.00 | $ - | | |
| febrero-89 | $ 820.00 | $ 819.00 | $ 1.00 | $ - | | |
| marzo-89 | $ 820.00 | $ 819.00 | $ 1.00 | $ - | | |
| abril-89 | $ 820.00 | $ 819.00 | $ 1.00 | $ - | | |
| mayo-89 | $ 820.00 | $ 819.00 | $ 1.00 | $ - | | |
| junio-89 | $ 820.00 | $ 819.00 | $ 1.00 | $ - | | |
| Sub Total | | | $ 7.00 | $ 145.00 | $ 138.00 | |

| Fecha | Cobro | Debio Cobrar | Adeuda | Se Le Adeuda | Total | |
|-------|-------|--------------|--------|--------------|-------|---|
| julio-89 | $ 820.00 | $ 819.00 | $ 1.00 | $ - | | |
| agosto-89 | $ 820.00 | $ 819.00 | $ 1.00 | $ - | | |
| septiembre-89 | $ 820.00 | $ 819.00 | $ 1.00 | $ - | | |
| octubre-89 | $ 820.00 | $ 819.00 | $ 1.00 | $ - | | |
| noviembre-89 | $ 820.00 | $ 819.00 | $ 1.00 | $ - | | |
| diciembre-89 | $ 820.00 | $ 819.00 | $ 1.00 | $ - | | |
| enero-90 | $ 820.00 | $ 819.00 | $ 1.00 | $ - | | |
| febrero-90 | $ 820.00 | $ 819.00 | $ 1.00 | $ - | | |
| marzo-90 | $ 820.00 | $ 819.00 | $ 1.00 | $ - | | |
| 1-abril-90 | $ 820.00 | $ 824.00 | $ - | $ 4.00 | | S.M.F. |
| mayo-90 | $ 820.00 | $ 824.00 | $ - | $ 4.00 | | |
| junio-90 | $ 820.00 | $ 824.00 | $ - | $ 4.00 | | |
| Sub Total | | | $ 9.00 | $ 12.00 | $ 3.00 | |

| Fecha | Cobro | Debio Cobrar | Adeuda | Se Le Adeuda | Total | |
|-------|-------|--------------|--------|--------------|-------|---|
| 1-julio-90 | $ 870.00 | $ 874.00 | $ - | $ 4.00 | | Aum. x Ley |
| agosto-90 | $ 870.00 | $ 874.00 | $ - | $ 4.00 | | |
| septiembre-90 | $ 870.00 | $ 874.00 | $ - | $ 4.00 | | |
| octubre-90 | $ 870.00 | $ 874.00 | $ - | $ 4.00 | | |
| noviembre-90 | $ 870.00 | $ 874.00 | $ - | $ 4.00 | | |
| diciembre-90 | $ 870.00 | $ 874.00 | $ - | $ 4.00 | | |
| enero-91 | $ 870.00 | $ 874.00 | $ - | $ 4.00 | | |
| 1-febrero-91 | $ 938.00 | $ 918.00 | $ 20.00 | $ - | | Reclasif. 1 Paso |
| marzo-91 | $ 938.00 | $ 918.00 | $ 20.00 | $ - | | |
| 1-abril-91 | $ 938.00 | $ 1,064.00 | $ - | $ 126.00 | | S.M.F. |
| mayo-91 | $ 938.00 | $ 1,064.00 | $ - | $ 126.00 | | |
| junio-91 | $ 938.00 | $ 1,064.00 | $ - | $ 126.00 | | |
| Sub Total | | | $ 40.00 | $ 406.00 | $ 366.00 | |

Camacho Perez, Judith

**ADSEF**
**HOJA DE COMPUTOS**

Caso Civil Núm. KPE - 2005-0608
Nilda A. Agosto Maldonado  y Otros vs E.L.A. de P.R.

| Fecha | Cobro | | Debio Cobrar | | Adeuda | | Se Le Adeuda | | Total | | |
|-------|-------|---|--------------|---|--------|---|--------------|---|-------|---|---|
| julio-91 | $ | 938.00 | $ | 1,064.00 | $ | - | $ | 126.00 | | | |
| agosto-91 | $ | 938.00 | $ | 1,064.00 | $ | - | $ | 126.00 | | | |
| septiembre-91 | $ | 938.00 | $ | 1,064.00 | $ | - | $ | 126.00 | | | |
| octubre-91 | $ | 938.00 | $ | 1,064.00 | $ | - | $ | 126.00 | | | |
| noviembre-91 | $ | 938.00 | $ | 1,064.00 | $ | - | $ | 126.00 | | | |
| diciembre-91 | $ | 938.00 | $ | 1,064.00 | $ | - | $ | 126.00 | | | |
| enero-92 | $ | 938.00 | $ | 1,064.00 | $ | - | $ | 126.00 | | | |
| febrero-92 | $ | 938.00 | $ | 1,064.00 | $ | - | $ | 126.00 | | | |
| marzo-92 | $ | 938.00 | $ | 1,064.00 | $ | - | $ | 126.00 | | | |
| 1-abril-92 | $ | 938.00 | $ | 1,101.00 | $ | - | $ | 163.00 | | | S.M.F. |
| mayo-92 | $ | 938.00 | $ | 1,101.00 | $ | - | $ | 163.00 | | | |
| junio-92 | $ | 938.00 | $ | 1,101.00 | $ | - | $ | 163.00 | | | |
| Sub Total | | | | | $ | - | $ | 1,623.00 | $ | 1,623.00 | |

| Fecha | Cobro | | Debio Cobrar | | Adeuda | | Se Le Adeuda | | Total | | |
|-------|-------|---|--------------|---|--------|---|--------------|---|-------|---|---|
| julio-92 | $ | 938.00 | $ | 1,101.00 | $ | - | $ | 163.00 | | | |
| agosto-92 | $ | 938.00 | $ | 1,101.00 | $ | - | $ | 163.00 | | | |
| septiembre-92 | $ | 938.00 | $ | 1,101.00 | $ | - | $ | 163.00 | | | |
| octubre-92 | $ | 938.00 | $ | 1,101.00 | $ | - | $ | 163.00 | | | |
| noviembre-92 | $ | 938.00 | $ | 1,101.00 | $ | - | $ | 163.00 | | | |
| diciembre-92 | $ | 938.00 | $ | 1,101.00 | $ | - | $ | 163.00 | | | |
| enero-93 | $ | 938.00 | $ | 1,101.00 | $ | - | $ | 163.00 | | | |
| febrero-93 | $ | 938.00 | $ | 1,101.00 | $ | - | $ | 163.00 | | | |
| marzo-93 | $ | 938.00 | $ | 1,101.00 | $ | - | $ | 163.00 | | | |
| 1-abril-93 | $ | 938.00 | $ | 1,189.00 | $ | - | $ | 251.00 | | | S.M.F. |
| mayo-93 | $ | 938.00 | $ | 1,189.00 | $ | - | $ | 251.00 | | | |
| junio-93 | $ | 938.00 | $ | 1,189.00 | $ | - | $ | 251.00 | | | |
| Sub Total | | | | | $ | - | $ | 2,220.00 | $ | 2,220.00 | |

| Fecha | Cobro | | Debio Cobrar | | Adeuda | | Se Le Adeuda | | Total | | |
|-------|-------|---|--------------|---|--------|---|--------------|---|-------|---|---|
| julio-93 | $ | 938.00 | $ | 1,189.00 | $ | - | $ | 251.00 | | | |
| agosto-93 | $ | 938.00 | $ | 1,189.00 | $ | - | $ | 251.00 | | | |
| septiembre-93 | $ | 938.00 | $ | 1,189.00 | $ | - | $ | 251.00 | | | |
| octubre-93 | $ | 938.00 | $ | 1,189.00 | $ | - | $ | 251.00 | | | |
| noviembre-93 | $ | 938.00 | $ | 1,189.00 | $ | - | $ | 251.00 | | | |
| diciembre-93 | $ | 938.00 | $ | 1,189.00 | $ | - | $ | 251.00 | | | |
| enero-94 | $ | 938.00 | $ | 1,189.00 | $ | - | $ | 251.00 | | | |
| febrero-94 | $ | 938.00 | $ | 1,189.00 | $ | - | $ | 251.00 | | | |
| marzo-94 | $ | 938.00 | $ | 1,189.00 | $ | - | $ | 251.00 | | | |
| 1-abril-94 | $ | 938.00 | $ | 1,272.00 | $ | - | $ | 334.00 | | | S.M.F. |
| mayo-94 | $ | 938.00 | $ | 1,272.00 | $ | - | $ | 334.00 | | | |
| junio-94 | $ | 938.00 | $ | 1,272.00 | $ | - | $ | 334.00 | | | |
| Sub Total | | | | | $ | - | $ | 3,261.00 | $ | 3,261.00 | |

3

Camacho Perez, Judith

**ADSEF**
**HOJA DE COMPUTOS**

### Caso Civil Núm. KPE - 2005-0608
### Nilda A. Agosto Maldonado  y Otros vs E.L.A. de P.R.

| Fecha | Cobro | Debio Cobrar | Adeuda | Se Le Adeuda | Total | |
|-------|-------|--------------|--------|--------------|-------|---|
| 1-julio-94 | $ 1,053.00 | $ 1,387.00 | $ - | $ 334.00 | | Aum. Agencia |
| agosto-94 | $ 1,053.00 | $ 1,387.00 | $ - | $ 334.00 | | |
| septiembre-94 | $ 1,053.00 | $ 1,387.00 | $ - | $ 334.00 | | |
| octubre-94 | $ 1,053.00 | $ 1,387.00 | $ - | $ 334.00 | | |
| noviembre-94 | $ 1,053.00 | $ 1,387.00 | $ - | $ 334.00 | | |
| diciembre-94 | $ 1,053.00 | $ 1,387.00 | $ - | $ 334.00 | | |
| enero-95 | $ 1,053.00 | $ 1,387.00 | $ - | $ 334.00 | | |
| febrero-95 | $ 1,053.00 | $ 1,387.00 | $ - | $ 334.00 | | |
| marzo-95 | $ 1,053.00 | $ 1,387.00 | $ - | $ 334.00 | | |
| abril-95 | $ 1,053.00 | $ 1,387.00 | $ - | $ 334.00 | | |
| mayo-95 | $ 1,053.00 | $ 1,387.00 | $ - | $ 334.00 | | |
| junio-95 | $ 1,053.00 | $ 1,387.00 | $ - | $ 334.00 | | |
| Sub Total | | | $ - | $ 4,008.00 | $ 4,008.00 | |

| Fecha | Cobro | Debio Cobrar | Adeuda | Se Le Adeuda | Total | |
|-------|-------|--------------|--------|--------------|-------|---|
| julio-95 | $ 1,053.00 | $ 1,387.00 | $ - | $ 334.00 | | |
| agosto-95 | $ 1,053.00 | $ 1,387.00 | $ - | $ 334.00 | | |
| septiembre-95 | $ 1,053.00 | $ 1,387.00 | $ - | $ 334.00 | | |
| octubre-95 | $ 1,053.00 | $ 1,387.00 | $ - | $ 334.00 | | |
| noviembre-95 | $ 1,053.00 | $ 1,387.00 | $ - | $ 334.00 | | |
| diciembre-95 | $ 1,053.00 | $ 1,387.00 | $ - | $ 334.00 | | |
| enero-96 | $ 1,053.00 | $ 1,387.00 | $ - | $ 334.00 | | |
| 1-febrero-96 | $ 1,095.00 | $ 1,387.00 | $ - | $ 292.00 | | Quinquenio |
| 1-marzo-96 | $ 1,173.00 | $ 1,492.00 | $ - | $ 319.00 | | Plan C. y R. |
| abril-96 | $ 1,173.00 | $ 1,492.00 | $ - | $ 319.00 | | |
| mayo-96 | $ 1,173.00 | $ 1,492.00 | $ - | $ 319.00 | | |
| junio-96 | $ 1,173.00 | $ 1,492.00 | $ - | $ 319.00 | | |
| Sub Total | | | $ - | $ 3,906.00 | $ 3,906.00 | |

| Fecha | Cobro | Debio Cobrar | Adeuda | Se Le Adeuda | Total | |
|-------|-------|--------------|--------|--------------|-------|---|
| julio-96 | $ 1,173.00 | $ 1,492.00 | $ - | $ 319.00 | | |
| agosto-96 | $ 1,173.00 | $ 1,492.00 | $ - | $ 319.00 | | |
| septiembre-96 | $ 1,173.00 | $ 1,492.00 | $ - | $ 319.00 | | |
| octubre-96 | $ 1,173.00 | $ 1,492.00 | $ - | $ 319.00 | | |
| noviembre-96 | $ 1,173.00 | $ 1,492.00 | $ - | $ 319.00 | | |
| diciembre-96 | $ 1,173.00 | $ 1,492.00 | $ - | $ 319.00 | | |
| enero-97 | $ 1,173.00 | $ 1,492.00 | $ - | $ 319.00 | | |
| febrero-97 | $ 1,173.00 | $ 1,492.00 | $ - | $ 319.00 | | |
| marzo-97 | $ 1,173.00 | $ 1,492.00 | $ - | $ 319.00 | | |
| abril-97 | $ 1,173.00 | $ 1,492.00 | $ - | $ 319.00 | | |
| mayo-97 | $ 1,173.00 | $ 1,492.00 | $ - | $ 319.00 | | |
| junio-97 | $ 1,173.00 | $ 1,492.00 | $ - | $ 319.00 | | |
| Sub Total | | | $ - | $ 3,828.00 | $ 3,828.00 | |

Camacho Perez, Judith

**ADSEF**
**HOJA DE COMPUTOS**

**Caso Civil Núm. KPE - 2005-0608**
**Nilda A. Agosto Maldonado  y Otros vs E.L.A. de P.R.**

| Fecha | Cobro | Debio Cobrar | Adeuda | Se Le Adeuda | | Total | |
|---|---|---|---|---|---|---|---|
| julio-97 | $ 1,173.00 | $ 1,492.00 | $ - | $ 319.00 | | | |
| agosto-97 | $ 1,173.00 | $ 1,492.00 | $ - | $ 319.00 | | | |
| 1-septiembre-97 | $ 1,173.00 | $ 1,542.00 | $ - | $ 369.00 | | | S.M.F. |
| octubre-97 | $ 1,173.00 | $ 1,542.00 | $ - | $ 369.00 | | | |
| noviembre-97 | $ 1,173.00 | $ 1,542.00 | $ - | $ 369.00 | | | |
| diciembre-97 | $ 1,173.00 | $ 1,542.00 | $ - | $ 369.00 | | | |
| enero-98 | $ 1,173.00 | $ 1,542.00 | $ - | $ 369.00 | | | |
| febrero-98 | $ 1,173.00 | $ 1,542.00 | $ - | $ 369.00 | | | |
| marzo-98 | $ 1,173.00 | $ 1,542.00 | $ - | $ 369.00 | | | |
| abril-98 | $ 1,173.00 | $ 1,542.00 | $ - | $ 369.00 | | | |
| mayo-98 | $ 1,173.00 | $ 1,542.00 | $ - | $ 369.00 | | | |
| junio-98 | $ 1,173.00 | $ 1,542.00 | $ - | $ 369.00 | | | |
| Sub Total | | | $ - | $ 4,328.00 | $ | 4,328.00 | |

| Fecha | Cobro | Debio Cobrar | Adeuda | Se Le Adeuda | | Total | |
|---|---|---|---|---|---|---|---|
| julio-98 | $ 1,173.00 | $ 1,542.00 | $ - | $ 369.00 | | | |
| agosto-98 | $ 1,173.00 | $ 1,542.00 | $ - | $ 369.00 | | | |
| septiembre-98 | $ 1,173.00 | $ 1,542.00 | $ - | $ 369.00 | | | |
| octubre-98 | $ 1,173.00 | $ 1,542.00 | $ - | $ 369.00 | | | |
| noviembre-98 | $ 1,173.00 | $ 1,542.00 | $ - | $ 369.00 | | | |
| diciembre-98 | $ 1,173.00 | $ 1,542.00 | $ - | $ 369.00 | | | |
| enero-99 | $ 1,173.00 | $ 1,542.00 | $ - | $ 369.00 | | | |
| febrero-99 | $ 1,173.00 | $ 1,542.00 | $ - | $ 369.00 | | | |
| marzo-99 | $ 1,173.00 | $ 1,542.00 | $ - | $ 369.00 | | | |
| abril-99 | $ 1,173.00 | $ 1,542.00 | $ - | $ 369.00 | | | |
| mayo-99 | $ 1,173.00 | $ 1,542.00 | $ - | $ 369.00 | | | |
| junio-99 | $ 1,173.00 | $ 1,542.00 | $ - | $ 369.00 | | | |
| Sub Total | | | $ - | $ 4,428.00 | $ | 4,428.00 | |

| Fecha | Cobro | Debio Cobrar | Adeuda | Se Le Adeuda | | Total | |
|---|---|---|---|---|---|---|---|
| julio-99 | $ 1,173.00 | $ 1,542.00 | $ - | $ 369.00 | | | |
| agosto-99 | $ 1,173.00 | $ 1,542.00 | $ - | $ 369.00 | | | |
| septiembre-99 | $ 1,173.00 | $ 1,542.00 | $ - | $ 369.00 | | | |
| 1-octubre-99 | $ 1,233.00 | $ 1,602.00 | $ - | $ 369.00 | | | Aum. General |
| noviembre-99 | $ 1,233.00 | $ 1,602.00 | $ - | $ 369.00 | | | |
| diciembre-99 | $ 1,233.00 | $ 1,602.00 | $ - | $ 369.00 | | | |
| 1-enero-2000 | $ 1,333.00 | $ 1,702.00 | $ - | $ 369.00 | | | Aum. x Ley |
| febrero-2000 | $ 1,333.00 | $ 1,702.00 | $ - | $ 369.00 | | | |
| marzo-2000 | $ 1,333.00 | $ 1,702.00 | $ - | $ 369.00 | | | |
| abril-2000 | $ 1,333.00 | $ 1,702.00 | $ - | $ 369.00 | | | |
| mayo-2000 | $ 1,333.00 | $ 1,702.00 | $ - | $ 369.00 | | | |
| junio-2000 | $ 1,333.00 | $ 1,702.00 | $ - | $ 369.00 | | | |
| Sub Total | | | $ - | $ 4,428.00 | $ | 4,428.00 | |

Camacho Perez, Judith

**ADSEF**
**HOJA DE COMPUTOS**

**Caso Civil Núm. KPE - 2005-0608**
**Nilda A. Agosto Maldonado  y Otros vs E.L.A. de P.R.**

| Fecha | Cobro | Debio Cobrar | Adeuda | Se Le Adeuda | Total | |
|---|---|---|---|---|---|---|
| julio-2000 | $ 1,333.00 | $ 1,702.00 | $ - | $ 369.00 | | |
| agosto-2000 | $ 1,333.00 | $ 1,702.00 | $ - | $ 369.00 | | |
| 1-septiembre-2000 | $ 1,333.00 | $ 1,743.00 | $ - | $ 410.00 | | S.M.F. |
| octubre-2000 | $ 1,333.00 | $ 1,743.00 | $ - | $ 410.00 | | |
| noviembre-2000 | $ 1,333.00 | $ 1,743.00 | $ - | $ 410.00 | | |
| diciembre-2000 | $ 1,333.00 | $ 1,743.00 | $ - | $ 410.00 | | |
| 1-enero-2001 | $ 1,433.00 | $ 1,802.00 | $ - | $ 369.00 | | Aum. x Ley |
| febrero-2001 | $ 1,433.00 | $ 1,802.00 | $ - | $ 369.00 | | |
| 1-marzo-2001 | $ 1,492.00 | $ 1,867.00 | $ - | $ 375.00 | | Quinquenio |
| abril-2001 | $ 1,492.00 | $ 1,867.00 | $ - | $ 375.00 | | |
| mayo-2001 | $ 1,492.00 | $ 1,867.00 | $ - | $ 375.00 | | |
| junio-2001 | $ 1,492.00 | $ 1,867.00 | $ - | $ 375.00 | | |
| Sub Total | | | $ - | $ 4,616.00 | $ 4,616.00 | |

| Fecha | Cobro | Debio Cobrar | Adeuda | Se Le Adeuda | Total |
|---|---|---|---|---|---|
| julio-2001 | $ 1,492.00 | $ 1,867.00 | $ - | $ 375.00 | |
| agosto-2001 | $ 1,492.00 | $ 1,867.00 | $ - | $ 375.00 | |
| septiembre-2001 | $ 1,492.00 | $ 1,867.00 | $ - | $ 375.00 | |
| octubre-2001 | $ 1,492.00 | $ 1,867.00 | $ - | $ 375.00 | |
| noviembre-2001 | $ 1,492.00 | $ 1,867.00 | $ - | $ 375.00 | |
| diciembre-2001 | $ 1,492.00 | $ 1,867.00 | $ - | $ 375.00 | |
| enero-2002 | $ 1,492.00 | $ 1,867.00 | $ - | $ 375.00 | |
| febrero-2002 | $ 1,492.00 | $ 1,867.00 | $ - | $ 375.00 | |
| marzo-2002 | $ 1,492.00 | $ 1,867.00 | $ - | $ 375.00 | |
| abril-2002 | $ 1,492.00 | $ 1,867.00 | $ - | $ 375.00 | |
| mayo-2002 | $ 1,492.00 | $ 1,867.00 | $ - | $ 375.00 | |
| junio-2002 | $ 1,492.00 | $ 1,867.00 | $ - | $ 375.00 | |
| Sub Total | | | $ - | $ 4,500.00 | $ 4,500.00 |

| Fecha | Cobro | Debio Cobrar | Adeuda | Se Le Adeuda | Total | |
|---|---|---|---|---|---|---|
| 1-julio-2002 | $ 1,592.00 | $ 1,967.00 | $ - | $ 375.00 | | Aum. x Ley |
| agosto-2002 | $ 1,592.00 | $ 1,967.00 | $ - | $ 375.00 | | |
| septiembre-2002 | $ 1,592.00 | $ 1,967.00 | $ - | $ 375.00 | | |
| octubre-2002 | $ 1,592.00 | $ 1,967.00 | $ - | $ 375.00 | | |
| noviembre-2002 | $ 1,592.00 | $ 1,967.00 | $ - | $ 375.00 | | |
| diciembre-2002 | $ 1,592.00 | $ 1,967.00 | $ - | $ 375.00 | | |
| enero-2003 | $ 1,592.00 | $ 1,967.00 | $ - | $ 375.00 | | |
| febrero-2003 | $ 1,592.00 | $ 1,967.00 | $ - | $ 375.00 | | |
| marzo-2003 | $ 1,592.00 | $ 1,967.00 | $ - | $ 375.00 | | |
| abril-2003 | $ 1,592.00 | $ 1,967.00 | $ - | $ 375.00 | | |
| mayo-2003 | $ 1,592.00 | $ 1,967.00 | $ - | $ 375.00 | | |
| junio-2003 | $ 1,592.00 | $ 1,967.00 | $ - | $ 375.00 | | |
| Sub Total | | | $ - | $ 4,500.00 | $ 4,500.00 | |

Camacho Perez, Judith

**ADSEF**
**HOJA DE COMPUTOS**

**Caso Civil Núm. KPE - 2005-0608**
**Nilda A. Agosto Maldonado y Otros vs E.L.A. de P.R.**

| Fecha | Cobro | Debio Cobrar | Adeuda | Se Le Adeuda | Total | |
|---|---|---|---|---|---|---|
| 1-julio-2003 | $ 1,742.00 | $ 2,117.00 | $ - | $ 375.00 | | Conv. Colec. |
| agosto-2003 | $ 1,742.00 | $ 2,117.00 | $ - | $ 375.00 | | |
| septiembre-2003 | $ 1,742.00 | $ 2,117.00 | $ - | $ 375.00 | | |
| octubre-2003 | $ 1,742.00 | $ 2,117.00 | $ - | $ 375.00 | | |
| noviembre-2003 | $ 1,742.00 | $ 2,117.00 | $ - | $ 375.00 | | |
| diciembre-2003 | $ 1,742.00 | $ 2,117.00 | $ - | $ 375.00 | | |
| 1-enero-2004 | $ 1,742.00 | $ 2,117.00 | $ - | $ 375.00 | | Aum. x Ley(Exc.) |
| febrero-2004 | $ 1,742.00 | $ 2,117.00 | $ - | $ 375.00 | | |
| marzo-2004 | $ 1,742.00 | $ 2,117.00 | $ - | $ 375.00 | | |
| abril-2004 | $ 1,742.00 | $ 2,117.00 | $ - | $ 375.00 | | |
| mayo-2004 | $ 1,742.00 | $ 2,117.00 | $ - | $ 375.00 | | |
| junio-2004 | $ 1,742.00 | $ 2,117.00 | $ - | $ 375.00 | | |
| Sub Total | | | $ - | $ 4,500.00 | $ 4,500.00 | |

| Fecha | Cobro | Debio Cobrar | Adeuda | Se Le Adeuda | Total | |
|---|---|---|---|---|---|---|
| 1-julio-2004 | $ 1,892.00 | $ 2,267.00 | $ - | $ 375.00 | | C.C. ó O.A.(Exc.) |
| agosto-2004 | $ 1,892.00 | $ 2,267.00 | $ - | $ 375.00 | | |
| septiembre-2004 | $ 1,892.00 | $ 2,267.00 | $ - | $ 375.00 | | |
| 1-octubre-2004 | $ 1,892.00 | $ 2,267.00 | $ - | $ 375.00 | | Aum. x Ley(Exc.) |
| noviembre-2004 | $ 1,892.00 | $ 2,267.00 | $ - | $ 375.00 | | |
| diciembre-2004 | $ 1,892.00 | $ 2,267.00 | $ - | $ 375.00 | | |
| enero-2005 | $ 1,892.00 | $ 2,267.00 | $ - | $ 375.00 | | |
| febrero-2005 | $ 1,892.00 | $ 2,267.00 | $ - | $ 375.00 | | |
| marzo-2005 | $ 1,892.00 | $ 2,267.00 | $ - | $ 375.00 | | |
| abril-2005 | $ 1,892.00 | $ 2,267.00 | $ - | $ 375.00 | | |
| mayo-2005 | $ 1,892.00 | $ 2,267.00 | $ - | $ 375.00 | | |
| junio-2005 | $ 1,892.00 | $ 2,267.00 | $ - | $ 375.00 | | |
| Sub Total | | | $ - | $ 4,500.00 | $ 4,500.00 | |

| Fecha | Cobro | Debio Cobrar | Adeuda | Se Le Adeuda | Total |
|---|---|---|---|---|---|
| julio-2005 | $ 1,892.00 | $ 2,267.00 | $ - | $ 375.00 | |
| agosto-2005 | $ 1,892.00 | $ 2,267.00 | $ - | $ 375.00 | |
| septiembre-2005 | $ 1,892.00 | $ 2,267.00 | $ - | $ 375.00 | |
| octubre-2005 | $ 1,892.00 | $ 2,267.00 | $ - | $ 375.00 | |
| noviembre-2005 | $ 1,892.00 | $ 2,267.00 | $ - | $ 375.00 | |
| diciembre-2005 | $ 1,892.00 | $ 2,267.00 | $ - | $ 375.00 | |
| enero-2006 | $ 1,892.00 | $ 2,267.00 | $ - | $ 375.00 | |
| febrero-2006 | $ 1,892.00 | $ 2,267.00 | $ - | $ 375.00 | |
| marzo-2006 | $ 1,892.00 | $ 2,267.00 | $ - | $ 375.00 | |
| abril-2006 | $ 1,892.00 | $ 2,267.00 | $ - | $ 375.00 | |
| mayo-2006 | $ 1,892.00 | $ 2,267.00 | $ - | $ 375.00 | |
| junio-2006 | $ 1,892.00 | $ 2,267.00 | $ - | $ 375.00 | |
| Sub Total | | | $ - | $ 4,500.00 | $ 4,500.00 |

Camacho Perez, Judith

**ADSEF**
**HOJA DE COMPUTOS**

**Caso Civil Núm. KPE - 2005-0608**
**Nilda A. Agosto Maldonado  y Otros vs E.L.A. de P.R.**

| Fecha | Cobro | Debio Cobrar | Adeuda | Se Le Adeuda | Total | |
|---|---|---|---|---|---|---|
| 1-julio-2006 | $ 1,992.00 | $ 2,367.00 | $ - | $ 375.00 | | Conv. Colec. |
| agosto-2006 | $ 1,992.00 | $ 2,367.00 | $ - | $ 375.00 | | |
| septiembre-2006 | $ 1,992.00 | $ 2,367.00 | $ - | $ 375.00 | | |
| octubre-2006 | $ 1,992.00 | $ 2,367.00 | $ - | $ 375.00 | | |
| noviembre-2006 | $ 1,992.00 | $ 2,367.00 | $ - | $ 375.00 | | |
| diciembre-2006 | $ 1,992.00 | $ 2,367.00 | $ - | $ 375.00 | | |
| enero-2007 | $ 1,992.00 | $ 2,367.00 | $ - | $ 375.00 | | |
| febrero-2007 | $ 1,992.00 | $ 2,367.00 | $ - | $ 375.00 | | |
| marzo-2007 | $ 1,992.00 | $ 2,367.00 | $ - | $ 375.00 | | |
| abril-2007 | $ 1,992.00 | $ 2,367.00 | $ - | $ 375.00 | | |
| mayo-2007 | $ 1,992.00 | $ 2,367.00 | $ - | $ 375.00 | | |
| junio-2007 | $ 1,992.00 | $ 2,367.00 | $ - | $ 375.00 | | |
| Sub Total | | | $ - | $ 4,500.00 | $ 4,500.00 | |

| Fecha | Cobro | Debio Cobrar | Adeuda | Se Le Adeuda | Total | |
|---|---|---|---|---|---|---|
| 1-23-julio-2007 | $ 1,440.37 | $ 1,711.52 | $ - | $ 271.15 | | |
| 24-31-julio-2007 | $ 551.63 | $ 663.51 | | | | S.M.F. |
| agosto-2007 | $ 1,992.00 | $ 2,396.00 | $ - | $ 404.00 | | |
| septiembre-2007 | $ 1,992.00 | $ 2,396.00 | $ - | $ 404.00 | | |
| octubre-2007 | $ 1,992.00 | $ 2,396.00 | $ - | $ 404.00 | | |
| noviembre-2007 | $ 1,992.00 | $ 2,396.00 | $ - | $ 404.00 | | |
| diciembre-2007 | $ 1,992.00 | $ 2,396.00 | $ - | $ 404.00 | | |
| enero-2008 | $ 2,092.00 | $ 2,496.00 | $ - | $ 404.00 | | Conv. Colec. |
| febrero-2008 | $ 2,092.00 | $ 2,496.00 | $ - | $ 404.00 | | |
| marzo-2008 | $ 2,092.00 | $ 2,496.00 | $ - | $ 404.00 | | |
| abril-2008 | $ 2,092.00 | $ 2,496.00 | $ - | $ 404.00 | | |
| mayo-2008 | $ 2,092.00 | $ 2,496.00 | $ - | $ 404.00 | | |
| junio-2008 | $ 2,092.00 | $ 2,496.00 | $ - | $ 404.00 | | |
| Sub Total | | | $ - | $ 4,715.15 | $ 4,715.15 | |

| Fecha | Cobro | Debio Cobrar | Adeuda | Se Le Adeuda | Total | |
|---|---|---|---|---|---|---|
| 1-23-julio-2008 | $ 1,584.98 | $ 1,877.11 | $ - | $ 292.13 | | Conv. Colec. |
| 24-31-julio-2008 | $ 607.02 | $ 742.43 | $ - | $ 135.41 | | S.M.F. |
| agosto-2008 | $ 2,192.00 | $ 2,681.00 | $ - | $ 489.00 | | |
| septiembre-2008 | $ 2,192.00 | $ 2,681.00 | $ - | $ 489.00 | | |
| octubre-2008 | $ 2,192.00 | $ 2,681.00 | $ - | $ 489.00 | | |
| noviembre-2008 | $ 2,192.00 | $ 2,681.00 | $ - | $ 489.00 | | |
| diciembre-2008 | $ 2,192.00 | $ 2,681.00 | $ - | $ 489.00 | | |
| enero-2009 | $ 2,192.00 | $ 2,681.00 | $ - | $ 489.00 | | |
| febrero-2009 | $ 2,192.00 | $ 2,681.00 | $ - | $ 489.00 | | |
| marzo-2009 | $ 2,192.00 | $ 2,681.00 | $ - | $ 489.00 | | |
| abril-2009 | $ 2,192.00 | $ 2,681.00 | $ - | $ 489.00 | | |
| mayo-2009 | $ 2,192.00 | $ 2,681.00 | $ - | $ 489.00 | | |
| junio-2009 | $ 2,192.00 | $ 2,681.00 | $ - | $ 489.00 | | |
| Sub Total | | | $ - | $ 5,806.54 | $ 5,806.54 | |

Camacho Perez, Judith

**ADSEF**
**HOJA DE COMPUTOS**

**Caso Civil Núm. KPE - 2005-0608**
**Nilda A. Agosto Maldonado  y Otros vs E.L.A. de P.R.**

| Fecha | Cobro | Debio Cobrar | Adeuda | Se Le Adeuda | Total |
|---|---|---|---|---|---|
| julio-2009 | $ 2,192.00 | $ 2,681.00 | $ - | $ 489.00 | |
| agosto-2009 | $ 2,192.00 | $ 2,681.00 | $ - | $ 489.00 | |
| septiembre-2009 | $ 2,192.00 | $ 2,681.00 | $ - | $ 489.00 | |
| octubre-2009 | $ 2,192.00 | $ 2,681.00 | $ - | $ 489.00 | |
| noviembre-2009 | $ 2,192.00 | $ 2,681.00 | $ - | $ 489.00 | |
| diciembre-2009 | $ 2,192.00 | $ 2,681.00 | $ - | $ 489.00 | |
| enero-2010 | $ - | $ - | $ - | $ - | |
| febrero-2010 | $ - | $ - | $ - | $ - | |
| marzo-2010 | $ - | $ - | $ - | $ - | |
| abril-2010 | $ - | $ - | $ - | $ - | |
| mayo-2010 | $ - | $ - | $ - | $ - | |
| junio-2010 | $ - | $ - | $ - | $ - | |
| Sub Total | | | $ - | $ 2,934.00 | $ 2,934.00 |
| | | Gran Total | $ 56.00 | $ 78,738.49 | $ 78,682.49 |

**Sueldo Final:**        2,681.00

Camacho Perez, Judith



Gobierno de Puerto Rico

## Administración de Desarrollo Socioeconómico de la Familia

---

Oficina de Recursos Humanos

5 de noviembre de 2012

Camacho Perez, Judith

Re: Nilda Agosto y Otros KPE-2005-0608

Saludos:

Usted figura como demandante en el Caso de Nilda Agosto y Otros vs. Departamento de la Familia, sobre Salario Mínimo Federal.

La Oficina de Gerencia y Presupuesto ha identificado unas partidas dentro de las cuentas de economías de la ADSEF, Departamento de la Familia, para acreditarle a su acreencia en la demanda de referencia (año 2005). Adjunto a esta comunicación usted recibirá un cheque por la cantidad de $19,669.92 equivalente al 25% del pago total al que usted tiene derecho conforme las estipulaciones de la sentencia. Del mismo, solamente se le están realizando los descuentos de Seguro Social y Contribuciones.

Reconocemos que este adelanto no representa el pago total, más si un abono de buena fe con el propósito de ir reduciendo el monto adeudado.

Si usted necesitara información adicional sobre este u otro asunto, no dude en comunicarse con nosotros.

Cordialmente,

Ana I. Linares Fuentes
Administradora Auxiliar
Recursos Humanos

Anejo

S2010

**Estado Libre Asociado de Puerto Rico**
127 - Adm.Desarrollo Socio Economico

| | |
|---|---|
| Grupo de Pago: | SM -Quincenal |
| Desde: | 12/01/2012 |
| Hasta: | 12/15/2012 |

| # Cheque: | 0607722 |
|---|---|
| Fecha: | 11/01/20 |

| JUDITH CAMACHO PEREZ | | # Empleado: | XXXXX6056 |
|---|---|---|---|
| URB. PARQUE ECUESTRE | | Dept: | 127050-Carolina |
| M-28 CALLE 26 | | Oficina: | Carolina 1 |
| CAROLINA PR 00987 | | Titulo: | T cnico Asist Soc Fam III |
| SS: XXX-XX-6056 | | Sueldo: | $2,192.00 Monthly |

| DATA IMP: | Federal | PR |
|---|---|---|
| Estado Civil: | | Claiming no personal ex |
| Concesiones: | 0 | |
| Pct. Adcl.: | | 1 |
| Cant. Adcl.: | | |

### HORAS E INGRESOS

| | | -------------- Corriente -------------- | | ------ Acumulado ------ | |
|---|---|---|---|---|---|
| Descripcion | Sueldo | Horas | Ingresos | Horas | Ingresos |
| Pago Retroactivo Regular | | | 19,669.92 | | 19,669.92 |

### IMPUESTOS

| Descripcion | Corriente | Acumul |
|---|---|---|
| Fed MED/EE | 285.21 | 285. |
| Fed OASDI/EE | 826.14 | 826. |
| PR Withholdng | 1,376.89 | 1,376. |

| Total: | | | 19,669.92 | | 19,669.92 |
|---|---|---|---|---|---|

| Total: | | 2,488.24 | 2,488 |
|---|---|---|---|

### DEDUCCIONES

| Descripcion | Corriente | Acumulado |
|---|---|---|

### DEDUCCIONES GENERALES

| Descripcion | Corriente | Acumulado |
|---|---|---|

### BENEFICIOS PATRONALES PAGADOS

| Descripcion | Corriente | Acumula |
|---|---|---|
| FSED Disability Plan | 658.94 | 658. |

| Total: | 0.00 | 0.00 |
|---|---|---|

| Total: | 0.00 | 0.00 |
|---|---|---|

* Tributable

### TOTAL BRUTO

| Corriente: | 19,669.92 |
|---|---|
| Acumulado: | 19,669.92 |

### TOTAL IMPUESTOS

| 2,488.24 |
|---|
| 2,488.24 |

### DEDUCCIONES TOTALES | PAGA NE

| 0.00 | 17,181. |
|---|---|
| 0.00 | 17,181. |

### HORAS | ACUM

| Balance Inicial: | 0.0 |
|---|---|
| + Acumulado: | |
| - Utilizado: | |
| - Donada: | |
| + Ajustes: | |
| Balance Final: | 0.0 |

### DISTRIBUCION PAGA NETA

| Cheque #06077221 | 17,181. |
|---|---|
| Total: | 17,181. |

**MENSAJE:**

**Estado Libre Asociado de Puerto Rico**
127 - Adm.Desarrollo Socio Economico

| Grupo de Pago: | SM -Quincenal | # Cheque: | 06582151 |
|---|---|---|---|
| Desde: | 07/01/2015 | | |
| Hasta: | 07/15/2015 | Fecha: | 06/26/20 |

| JUDITH CAMACHO PEREZ | # Empleado: | XXXXX6056 | DATA IMP: | Federal | PR |
|---|---|---|---|---|---|
| URB. PARQUE ECUESTRE | Dept: | 127050-Carolina | Estado Civil: | | Claiming no personal ex |
| M-28 CALLE 26 | Oficina: | Carolina 1 | Concesiones: | 0 | |
| CAROLINA PR 00987 | Titulo: | Tecnico Asist Soc y Fam III | Pct. Adcl.: | | 1 |
| SS: XXX-XX-6056 | Sueldo: | $2,192.00 Monthly | Cant. Adcl.: | | |

### HORAS E INGRESOS / IMPUESTOS

| | | ------ Corriente ------ | | ------ Acumulado ------ | | | | |
|---|---|---|---|---|---|---|---|---|
| Descripcion | Sueldo | Horas | Ingresos | Horas | Ingresos | Descripcion | Corriente | Acumul |
| Pago Retroactivo Regular | | | 3,000.00 | | 3,000.00 | Fed MED/EE | 43.50 | 43. |
| | | | | | | Fed OASDI/EE | 186.00 | 186. |
| | | | | | | PR Withholdng | 210.00 | 210. |
| Total: | | | 3,000.00 | | 3,000.00 | Total: | 439.50 | 439. |

### DEDUCCIONES / DEDUCCIONES GENERALES / BENEFICIOS PATRONALES PAGADOS

| Descripcion | Corriente | Acumulado | Descripcion | Corriente | Acumulado | Descripcion | Corriente | Acumula |
|---|---|---|---|---|---|---|---|---|
| GPR Plan de Retiro | 1,875.94 | 1,875.94 | Ahorros-AEELA | 90.00 | 90.00 | GPR Plan de Retiro | 2,102.64 | 2,102. |
| | | | | | | FSED Disability Plan | 100.50 | 100. |
| Total: | 1,875.94 | 1,875.94 | Total: | 90.00 | 90.00 | * Tributable | | |

### TOTAL BRUTO / TOTAL IMPUESTOS / DEDUCCIONES TOTALES / PAGA NE

| | | | |
|---|---|---|---|
| Corriente: | 3,000.00 | 439.50 | 594. |
| Acumulado: | 3,000.00 | 439.50 | 594. |
| | | 1,965.94 | 594. |
| | | 1,965.94 | 594. |

### PTO HORAS / DISTRIBUCION PAGA NETA

| PTO HORAS | ACUM | | DISTRIBUCION PAGA NETA | |
|---|---|---|---|---|
| Balance Inicial: | 0.0 | | Cheque #06582151 | 594. |
| + Acumulado: | | | | |
| - Utilizado: | | | Total: | 594. |
| - Donada: | | | | |
| + Ajustes: | | | | |
| Balance Final: | 0.0 | | | |

MENSAJE: