TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO

| | |
|---|---|
| In re: | PROMESA |
| JUNTA DE SUPERVISI'ON Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, | Título III |
| | No. 17 BK 3283-LTS |
| Como representante del | (Administrado Conjuntamente) |
| ESTADO LIBRE ASOCIADO DE PUERTO RICO, et al., | **La presente radicación guarda relación con el SRE.** |
| Deudores | |

RÉPLICA A LA TRICENTÉSIMA TRIGÉSIMA SÉPTIMA OBJECIÓN GLOBAL (NO SUSTANTIVA) DEL SISTEMA DE RETIRO DE LOS EMPLEADOS DE GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES RELACIONADAS CON PENSIONES ALEGADAS CONTRA EL DEUDOR INCORRECTO u|oAL HONORABLE TRIBUNAL:

COMPARECE Carlos A. Cabrera Velilla, quien respetuosamente expone, alega y solicita como sigue:

1. En el 2018 sometí una evidencia de reclamación relacionada al caso número 17 BK 3566-LTS, como acreedor contra el Sistema de Retiro de los Empleados de Gobierno y de la Judicatura (En adelante SRE) (Evidencia Número 59789).

2. Soy empleado de la Rama Judicial de Puerto Rico, ahora Poder Judicial.

3. El día de ayer, 20 de julio de 2021, el suscribiente recibió una copia del documento titulado *Tricentésima trigésima séptima objeción global (no sustantiva) del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico a reclamaciones relacionadas con pensiones alegadas contra el deudor incorrecto.* (en lo sucesivo "*Tricentésima trigésima séptima objeción global*") presentada el 18 de junio de 2021. (Docket 17081).

4. La *Tricentésima trigésima séptima objeción global* pretende reclasificar "las evidencias de reclamaciones relacionadas con pensiones que figuran en el Anejo A, [...] cada uno de los cuales identifica al SRE como deudor, cuando lo correcto sería alegar la reclamación contra el Estado Libre Asociado de Puerto Rico".

5. La razón principal alegada para solicitar esa reclasificación de la deuda se basa en que la Ley 447 del 15 de mayo de 1951, ley bajo la cual estoy cobijado, fue enmendada luego de que SRE presentara su petición de quiebra.

6. La enmienda a que se hace referencia es la Resolución Conjunta 188 y la Ley 106-2017, conjuntamente la "Legislación", las cuales, según se alega en la *Tricentésima trigésima séptima objeción global,* reformaron el Sistema de Retiro de Puerto Rico y SRE ya no sería responsable de pagar beneficios por concepto de retiro.

7. Mi evidencia de reclamo cita lo resuelto por el Tribunal Supremo de Puerto Rico en *Brau Linares v. ELA et als.*, 190 DPR 315 (2014). En consecuencia, los cambios a las condiciones de retiro de los empleados de la Rama Judicial, realizados por la Asamblea Legislativa, serían de manera prospectiva, es decir, no podrían aplicar a los empleados activos al momento de la legislación, es decir, no aplican a mi acreencia.

1

8. Entre los fundamentos expresados en *Brau Linares v. ELA et als., supra*, se encuentra la disposición constitucional que establece un sistema republicano de gobierno basado en la doctrina de separación de poderes entre la Rama Legislativa, Rama Ejecutiva y la Rama Judicial.

9. La citada opinión judicial establece que la independencia judicial se perjudica si se permite a cualquier administración de turno propiciar múltiples retiros de jueces. Íd. De igual forma se afectaría la independencia judicial si otra Rama de gobierno propicia que el sistema judicial pierda múltiples empleados y funcionarios, afectando así la independencia judicial y el funcionamiento adecuado de los tribunales.

10. Solo reconociendo que la autonomía administrativa y la independencia que la Constitución estadounidense, así como la de Puerto Rico, confieren a la Rama Judicial, están sujetas a que sus empleados y funcionarios estén igualmente cobijados por la separación de poderes, es que podría protegerse a la comunidad, se mantendría el equilibrio entre las ramas de gobierno y habría una verdadera democracia.

11. La reforma al sistema de retiro se aprobó con la intención de que aplicara a todos los empleados públicos, no obstante, hacerlo de manera indiscriminada sería inconstitucional.

12. No hay duda de que el Gobierno de Puerto Rico, Estado Libre Asociado, Sistema de Retiro de Empleados Públicos, Sistema de Retiro de Empleados Públicos y de la Judicatura, como quiera que se organice o se haga llamar la persona jurídica responsable de pagar mi pensión por retiro debe ser compelida a pagar, aun dentro de un proceso de quiebra como el presente. No obstante, por entender que la legislación citada como fundamento para solicitar la reclasificación no es aplicable a mi acreencia, someto la presente réplica.

EN MÉRITO DE LO ANTES DICHO, se solicita respetuosamente que: (1) la *Tricentésima trigésima séptima objeción global* sea denegada respecto mi evidencia de reclamo debido a que la Legislación no puede regular mi reclamo; (2) se acepte la presente réplica atendiendo que la referida objeción la recibí hace dos días, por lo que no pude presentarla antes.

CERTIFICADO DE ENTREGA

Certifico que en el día de hoy presenté personalmente en la Secretaría, Tribunal de Distrito de los Estados Unidos, Sala 150 Avenida Chardón, Edificio Federal, San Juan, Puerto Rico, 00918.

In San Juan, Puerto Rico, hoy 22 de julio de 2021.

*Carlos Cabrera* (firma)
Carlos A. Cabrera Velilla
Urb. Haciendas de Carraizo
I-10 Calle 5
San Juan, Puerto Rico 00926
Tel. 787 307 6787