Re: Myriam E Cordero Parrilla
P.O. Box 767 EAR. STA.
Carolina, P.R. 00986
S.S. 2634

# Caso: 17 BK 3283 - LTS

Estimados funcionarios:
        La presente es para solicitar ante
el Honorable Tribunal, que sea reconsi-
derada mi reclamacion de ajuste salarial.

        Llevo aproximadamente, mas de 10 años
esperando el pago de lo que se me
adeuda. Trabaje como Trabajadora Social
en el Departamento de la familia, donde
se me pago el 25% en el caso de referencia
y ajuste salarial, adeudandome el
75% de la totalidad. Es necesario
señalar, y necesario se trabaje el
reclamo de los pasos por meritos, dietas
de Viajes que se realizaron durante mis
Servicios.
        Solicito continuar Activa, como
parte de el caso de la Ley Promesa IU
se tome en cuenta, mi reclamacion
de lo que se adeuda, por todos los
años de Servicio, por insuficiencia Salarial.

        Adjunto les envio evidencia para
su reconsideracion, ante mi recla-
macion y se me haga justicia

La Carta de Promesa Titulo, III me llego una semana posterior al 15 de Junio donde se me indicaba que era la fecha limite de la Objecion, y la recibi posteriormente. Es por esta razón que me dirijo a usted pues no estoy recibiendo sus notificaciones via postal o correo

Confiando que tomaran en Consideración mi reclamo, de mantenerme activa en la ley Promesa, por dicha deuda

Quedo de usted,

Atentamente

Myriam Carlos Paulla

(982) 510-8216



**FAMILIA**

Gobierno de Puerto Rico

*Secretaría Auxiliar de*
*Recursos Humanos y Relaciones Laborales*

2 de noviembre de 2012

Cordero Parrilla, Myriam E.
Administración de Familias y Niños

**Re: Nilda Agosto y Otros KPE-2005-0608**

Estimado(a) Compañero(a):

Usted figura como demandante en el Caso de Nilda Agosto y Otros vs. Departamento de la Familia, sobre Salario Mínimo Federal.

No obstante lo anterior, y en aras de ir reduciendo la deuda producto de esta reclamación originada para el año 2005; la Oficina de Gerencia y Presupuesto ha identificado unas partidas dentro de las cuentas de economías del Departamento de la Familia para acreditarle a su acreencia en la demanda de referencia. Adjunto a esta comunicación usted recibirá un cheque por la cantidad de $ 7,988.82 equivalente al 25% del pago total al que usted tiene derecho conforme las estipulaciones de la sentencia. Del mismo, solamente se le están realizando los descuentos de Seguro Social y Contribuciones.

Reconocemos que este adelanto no representa el pago total, más si un abono de buena fe con el propósito de ir reduciendo el monto adeudado.

De usted no estar de acuerdo con la cantidad recibida, tendrá un término de 10 días para presentar una reclamación ante la Secretaría Auxiliar de Recursos Humanos y Relaciones Laborales.

Cordialmente,

María Luisa Torres Colón
Secretaria Auxiliar

S2010

Estado Libre Asociado de Puerto Rico
123 - Administracion Familia y Ninos

| | Grupo de Pago: | SM -Quincenal | | # Cheque: | 06076671 |
|---|---|---|---|---|---|
| | Desde: | 12/01/2012 | | | |
| | Hasta: | 12/15/2012 | | Fecha: | 11/02/2012 |

MYRIAM CORDERO PARRILLA
CARR. 857 KM 3.2
BO. CANOVANILLAS
CAROLINA PR 00985-0000
XXX-XX-2634

| # Empleado: | XXXXX2634 |
|---|---|
| Dept: | 123430-Carolina |
| Oficina: | Carolina |
| Titulo: | Trabajador Social II |
| Sueldo: | $1,670.00 Monthly |

| DATA IMP: | Federal | PR |
|---|---|---|
| Estado Civil: | | Married claiming 1/2 |
| Concesiones: | 0 | 1+6 |
| Pct. Adcl.: | | |
| Cant. Adcl.: | | |

## HORAS E INGRESOS

| Descripcion | Sueldo | Corriente | | Acumulado | |
|---|---|---|---|---|---|
| | | Horas | Ingresos | Horas | Ingresos |
| Pago Retroactivo Regular | | | 7,988.82 | | 7,988.82 |

## IMPUESTOS

| Descripcion | Corriente | Acumulado |
|---|---|---|
| Fed MED/EE | 115.84 | 115.84 |
| Fed OASDI/EE | 335.53 | 335.53 |
| PR Withholding | 559.22 | 559.22 |

| Total: | | 7,988.82 | | 7,988.82 | Total: | | 1,010.59 | 1,010.59 |

## DEDUCCIONES

| Descripcion | Corriente | Acumulado |
|---|---|---|

## DEDUCCIONES GENERALES

| Descripcion | Corriente | Acumulado |
|---|---|---|

## BENEFICIOS PATRONALES PAGADOS

| Descripcion | Corriente | Acumulado |
|---|---|---|
| FSED Disability Plan | 267.63 | 267.63 |

| Total: | 0.00 | 0.00 | Total: | | 0.00 | 0.00 | * Tributable | | |

## TOTAL BRUTO
| Corriente: | 7,988.82 |
| Acumulado: | 7,988.82 |

## TOTAL IMPUESTOS
| | 1,010.59 |
| | 1,010.59 |

## DEDUCCIONES TOTALES
| | 0.00 |
| | 0.00 |

## PAGA NETA
| | 6,978.23 |
| | 6,978.23 |

## HORAS          ACUM
| Balance Inicial: | 0.0 |
| Acumulado: | |
| Utilizado: | |
| Donada: | |
| Ajustes: | |
| Balance Final: | 0.0 |

## DISTRIBUCION PAGA NETA
| Cheque #06076671 | 6,978.23 |
| Total: | 6,978.23 |

MENSAJE:

---

Ver al dorso para detalles de los mecanismos de seguridad / See reverse side for complete security features.

DEPARTAMENTO DE HACIENDA
Edificio Intendente Ramirez
San Juan PR 00902-4140

Estado Libre Asociado de Puerto Rico
123 - Administracion Familia y Ninos

Cheque No.
06076671

Fecha: 11/02/2012          Importe:          $6,978.23 *****

Paguese
a
la Orden De          ****SEIS MIL NOVECIENTOS SETENTA Y OCHO CON 23/100 DOLARES****

MYRIAM CORDERO PARRILLA
CARR. 857 KM 3.2
BO. CANOVANILLAS
CAROLINA PR 00985-0000
Localizacion: Carolina

BGF

No es valido seis meses despues de su emision

Secretario de Hacienda

⑈060766713⑈ ⑉021502118⑈ 32501016⑈

**Estado Libre Asociado de Puerto Rico**
123 - Administracion Familia y Ninos

S2010

| | |
|---|---|
| Grupo de Pago: | SM -Quincenal |
| Desde: | 12/01/2012 |
| Hasta: | 12/15/2012 |

# Cheque: **06076671**

**MYRIAM CORDERO PARRILLA**
CARR. 857 KM 3.2
BO. CANOVANILLAS
CAROLINA PR 00985-0000
SS:   XXX-XX-2634

| | |
|---|---|
| # Empleado: | XXXXX2634 |
| Dept: | 123430-Carolina |
| Oficina: | Carolina |
| Titulo: | Trabajador Social II |
| Sueldo: | $1,670.00 Monthly |

| DATA IMP: | Federal | PR | Fecha: | 11/02/2012 |
|---|---|---|---|---|
| Estado Civil: | | PR | | |
| Concesiones: | 0 | Married claiming 1/2 | | |
| Pct. Adcl.: | | 1+6 | | |
| Cant. Adcl.: | | | | |

## HORAS E INGRESOS

| Descripcion | Sueldo | Corriente | | Acumulado | |
|---|---|---|---|---|---|
| | | Horas | Ingresos | Horas | Ingresos |
| Pago Retroactivo Regular | | | 7,988.82 | | 7,988.82 |
| | | | | | |
| Total: | | | 7,988.82 | | 7,988.82 |

## IMPUESTOS

| Descripcion | Corriente | Acumulado |
|---|---|---|
| Fed MED/EE | 115.84 | 115.84 |
| Fed OASDI/EE | 335.53 | 335.53 |
| PR Withholding | 559.22 | 559.22 |
| | | |
| Total: | 1,010.59 | 1,010.59 |

## DEDUCCIONES

| Descripcion | Corriente | Acumulado |
|---|---|---|
| | | |

## DEDUCCIONES GENERALES

| Descripcion | Corriente | Acumulado |
|---|---|---|
| | | |

## BENEFICIOS PATRONALES PAGADOS

| Descripcion | Corriente | Acumulado |
|---|---|---|
| FSED Disability Plan | 267.63 | 267.63 |

| Total: | 0.00 | 0.00 | Total: | 0.00 | 0.00 |
|---|---|---|---|---|---|

| | TOTAL BRUTO | | TOTAL IMPUESTOS | DEDUCCIONES TOTALES | * Tributable | PAGA NETA |
|---|---|---|---|---|---|---|
| Corriente: | 7,988.82 | | 1,010.59 | 0.00 | | |
| Acumulado: | 7,988.82 | | 1,010.59 | 0.00 | | 6,978.23 |

| PTO HORAS | ACUM | | DISTRIBUCION PAGA NETA | |
|---|---|---|---|---|
| Balance Inicial: | 0.0 | | Cheque #06076671 | 6,978.23 |
| + Acumulado: | | | | |
| - Utilizado: | | | Toal: | 6,978.23 |
| - Donada: | | | | |
| + Ajustes: | | | | |
| Balance Final: | 0.0 | | | |

MENSAJE:

8210052250 ©2012 RR Donnelley. All rights reserved - 0087

You may also submit your claim electronically by visiting http://cases.primeclerk.com/puertorico/EPOC-Index

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO / TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

**Fill in this information to identify the case (Select only one Debtor per claim form).**
**Llene esta información para identificar el caso (seleccione solo un deudor por formulario de reclamación).**

MMLID: 1361399

| | | |
|---|---|---|
| ☑ Commonwealth of Puerto Rico<br>El Estado Libre Asociado de Puerto Rico | Case No. 17-bk-03283 | Petition Date:<br>May 3, 2017 |
| ☐ Puerto Rico Sales Tax Financing Corporation (COFINA)<br>La Corporación del Fondo de Interés Apremiante de Puerto Rico | Case No. 17-bk-03284 | Petition Date:<br>May 5, 2017 |
| ☐ Puerto Rico Highways and Transportation Authority<br>La Autoridad de Carreteras y Transportación de Puerto Rico | Case No. 17-bk-03567 | Petition Date:<br>May 21, 2017 |
| ☑ Employees Retirement System of the Government of the<br>Commonwealth of Puerto Rico<br>El Sistema de Retiro de los Empleados del Gobierno del Estado<br>Libre Asociado de Puerto Rico | Case No. 17-bk-03566 | Petition Date:<br>May 21, 2017 |
| ☐ Puerto Rico Electric Power Authority<br>La Autoridad de Energía Eléctrica de Puerto Rico | Case No. 17-bk-04780 | Petition Date:<br>July 2, 2017 |

CDS 5, 22, 18

RECEIVED
MAY 22 A 10:53

RECEIVED

MAY 23 2018

PRIME CLERK LLC

COPY

Modified Official Form 410 / Formulario Oficial 410 Modificado

# Proof of Claim / Evidencia de reclamación

04/16

**Read the instructions before filling out this form.** This form is for making a claim for payment in a Title III case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy or subject to confidentiality on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

**Lea las instrucciones antes de completar este formulario.** Este formulario está diseñado para realizar una reclamación de pago en un caso en virtud del Título III. No utilice este formulario para solicitar el pago de un gasto administrativo que no sea una reclamación que reúna los requisitos para ser tratada como prioridad administrativa conforme al Título 11 § 503(b) (9) del U.S.C. Ese tipo de solicitud debe realizarse de conformidad con el Título 11 § 503 del U.S.C.

Quienes presenten la documentación deben omitir o editar información que reúna los requisitos para ser tratada con privacidad o confidencialidad en este formulario o en cualquier otro documento adjunto. Adjunte copias editadas de cualquier otro documento que respalde la reclamación, tales como pagarés, órdenes de compra, facturas, balances detallados de cuentas en funcionamiento, contratos, resoluciones judiciales, hipotecas y acuerdos de garantías. No adjunte documentos originales, ya que es posible que los documentos adjuntos se destruyan luego de analizarlos. En caso de que los documentos no estén disponibles, explique los motivos en un anexo.

Fill in all the information about the claim as of the Petition Date.

Complete toda la información acerca de la reclamación a la fecha en la que se presentó el caso.

Claim No. 31149
Initials IK J T W

| Part 1 / Parte 1 | Identify the Claim / Identificar la reclamación |
|---|---|

**1 Who is the current creditor?**

**¿Quién es el acreedor actual?**

MYRIAM E CORDERO PARRILLA

Name of the current creditor (the person or entity to be paid for this claim)
Nombre al acreedor actual (la persona o la entidad a la que se le pagará la reclamación)

Other names the creditor used with the debtor
Otros nombres que el acreedor usó con el deudor _____

RECEIVED

MAY 24 2018

PRIME CLERK LLC

Modified Official Form 410

LOS13 v 01 02 15 2016

Proof of Claim

page 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

as representative of

THE COMMONWEALTH OF PUERTO RICO, THE
EMPLOYEES RETIREMENT SYSTEM OF THE
GOVERNMENT OF THE COMMONWEALTH OF
PUERTO RICO, AND THE PUERTO RICO PUBLIC
BUILDINGS AUTHORITY,

Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

**NOTICE OF FILING OF DISCLOSURE STATEMENT FOR THE THIRD
AMENDED TITLE III JOINT PLAN OF ADJUSTMENT OF THE
COMMONWEALTH OF PUERTO RICO, *ET AL.* AND HEARING THEREON**

**PLEASE TAKE NOTICE** that, on May 11, 2021, the Financial Oversight and
Management Board for Puerto Rico (the "Oversight Board"), as sole representative of the
Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the
Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings
Authority ("PBA"), pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and
Economic Stability Act* ("PROMESA")[2] (the Oversight Board, in its capacity as sole representative
of the Commonwealth, ERS, and PBA, is referred to as the "Debtors"), filed with the United States
District Court for the District of Puerto Rico (the "Court"):

(i)  the *Third Amended Title III Joint Plan of Adjustment of the Commonwealth of
Puerto Rico, et al.,* [ECF No. 16740] (as the same may be amended or modified,
including all exhibits and attachments thereto, the "Plan"), and

---

[1]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four
(4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto
Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales
Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal
Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-
3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of
the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal
Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS)
(Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy
Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as
Bankruptcy Case numbers due to software limitations).

[2]  PROMESA is codified at 48 U.S.C. §§ 2101-2241.

(ii) the *Disclosure Statement for the Third Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, [ECF No. 16741] (as the same may be amended or modified, including all exhibits and attachments thereto, the "Disclosure Statement").

**PLEASE TAKE FURTHER NOTICE** that the Debtors intend to present the Disclosure Statement, and any amendments, supplements, changes, or modifications thereto, for approval at a hearing before the Honorable Laura Taylor Swain on **July 13, 2021 at 9:30 a.m. (Atlantic Standard Time)** convened by telephonic hearing through CourtSolutions (the "Disclosure Statement Hearing"). The Disclosure Statement may be amended at any time prior to or at the Disclosure Statement Hearing. The Disclosure Statement Hearing may be adjourned from time to time without further notice, except for the announcement of the adjourned date(s) through the agenda for the Disclosure Statement Hearing and/or at the Disclosure Statement Hearing or any continued hearing(s).

**PLEASE TAKE FURTHER NOTICE** that information relating to the adequacy of the information contained in the Disclosure Statement is available online in the Disclosure Statement Depository at titleiiiplandataroom.com.

**PLEASE TAKE FURTHER NOTICE** that objections (an "Objection"), if any, to the approval of the Disclosure Statement must:

(i) be in writing and signed,

(ii) conform to the Federal Rules of Bankruptcy Procedures and the *Fourteenth Amended Notice, Case Management and Administrative Procedures* [ECF No. 15894-1] (the "Case Management Procedures"),

(iii) state the name and address of the objector or entity proposing a modification to the Disclosure Statement, and the amount (if applicable) of its claim or nature of its interest in the Debtors' cases,

(iv) specify the basis and nature of any Objection and set forth the proposed modification to the Disclosure Statement, together with suggested language,

(v) be filed with the United States District Court, Clerk's Office, 150 Ave. Carlos Chardon Ste. 150, San Juan, P.R. 00918-1767, **so as to be received on or before June 15, 2021 at 5:00 p.m. (Atlantic Standard Time)** (the "Objection Deadline"), and

(vi) be served upon the Office of the United States Trustee, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, P.R. 00901 (re: In re Commonwealth of Puerto Rico) so as to be received on or before the Objection Deadline.

**PLEASE TAKE FURTHER NOTICE** that objecting parties that have not filed a timely written Objection will not be permitted to make oral remarks at the Disclosure Statement Hearing.

2

**PLEASE TAKE FURTHER NOTICE** that copies of the Plan and the Disclosure Statement may be obtained by visiting the website maintained by the Debtors' claims and noticing agent in the PROMESA Title III cases, https://cases.primeclerk.com/puertorico/; by sending a request to Prime Clerk LLC, at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@primeclerk.com, or, for a fee, from the Court's website, https://www.prd.uscourts.gov/. A PACER login and password are required to access documents on the Court's website, and these can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov.   Hard copies of the Plan and the Disclosure Statement are available upon request to the Debtors' claims and noticing agent at the phone number or email address above.

Dated: May 11, 2021
     San Juan, Puerto Rico

Respectfully submitted,

/s/ Brian S. Rosen
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036

/s/ Hermann D. Bauer
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

3

**EMPLEADOS DEPARTAMENTO DE LA FAMILIA**
CONTRATO DE SERVICIOS PROFESIONALES
CALLE RECINTO SUR 301
EDIFICIO GALLARDO OFICINA 305
VIEJO SAN JUAN
TEL FAX 787-724-6323

Yo, *Myriam E. Cordero Parrilla* por la presente contrato a la: **Lcda. Ivonne González Morales y Lcda. Milagros Acevedo Colón** para que me represente en mi reclamación relacionada con la implantación incorrecta del salario mínimo y se me restituya los aumentos salariales que me correspondan en derecho. Entiendo que los honorarios serán contingentes a que la reclamación prospere, ya sea mediante transacción y/o Sentencia a base de un 25% de la suma que reciba.

En *Carolina*, Puerto Rico, hoy *25* de *febrero* de 20*05*

_____
*Myriam E. Cordero Parrilla*
CLIENTE

Lcda. Ivonne González Morales
Lcda. Milagros Acevedo Colón
P.O. BOX 9021828
SAN JUAN, PR 00902-1828

## INFORMACIÓN PERSONAL

1. Agencia donde trabaja *Depto de la Familia* Pueblo : *Carolina*
2. Administración : *ADFAN* Oficina: *Carolina I*
3. Región : *Carolina*
4. Nombre: *Myriam E. Cordero Parrilla*
5. Dirección Postal: *P.O. Box 767 Carolina STA - Carolina P 986*
6. Dirección Física *Cur. 857 Km 3.1 BO. Candelarilla, Carolina 00985*
7. Seguro Soc# _____ email _____
8. Tel. Res. *701-3978* Tel. trabajo: _____ Cel.: *608-8659*
9. Fecha en que comenzó a trabajar en la Agencia: *9 Oct. 1991*
10. Indique los puesto(s) que ha ocupado y año(s) en el puesto(s): *TS I - 3 años - TS II - 7 años*
11. Puesto actual: *retirada* Salario: Mensual $*1,606* Quincenal $ _____
12. Diga si recibe algún sueldo diferencial: *X* (Sí) ___ (No) Cantidad: $*445.⁰⁰* y concepto: _____
    (a)Dificultad reclutamiento. [ ]; Retención [ ] Condiciones extraordinaria trabajo (*X*
13. Indique su preparación académica: *Bachillerato en Bienestar Social*
14. Indique si con anterioridad usted ha recibido pasos por mérito y/o por años de servicios: ___
    ___ (Sí) *X* (No) Diga cuantos pasos: *0*
15. Indique cual es su jornada diaria de trabajo (7 ½ hrs. ó 8 hrs.) *8:00 AM 4:30 PM*
16. Diga si tiene usted alguna reclamación por pago de horas extras: ___ (Sí) *X* (No) ___ por que cantidad: $ ___ número horas adeudadas ___
17. Indique si UD registra asistencia con las horas reales trabajadas y si se le adeudan horas extras, someta evidencia
18. Indique si ud disfruta una hora para tomar alimentos? *Sí disfrutaba*
    Si no disfruta hora de almuerzo, describa brevemente la situación
19. Diga si UD supervisa personal Si [ ], No [*X*] y si alguno de los empleados que supervisa gana o ha ganado salarios más altos que UD. De ser en la afirmativa, explique brevemente y provea nombres.

**NOTA IMPORTANTE:**
Por favor provea a su Representación Legal dentro tiempo razonable: [1] copia de los formularios OP-15, (Informe de Cambio Especial) de todos los aumentos de sueldos recibidos por usted en su empleo [2] copia de los planes de retribución dentro del periodo de 1986 al presente, si los conserva, y [3] copia de cualquier carta o documento, artículo periódico etc. donde se le haya solicitado a la agencia o a su supervisor la actualización de la escala de retribución.

**Prime Clerk** NEW YORK
830 Third Ave, 9th Floor
New York, NY 10022

14 JUL '18

U.S. POSTAGE ≫ PITNEY BOWES

ZIP 11232   $ 000.35⁰
02 4W
0000349804 JUL 13 2018

In re Commonwealth of Puerto Rico
Case No. 17-03283
United States Bankruptcy Court for the District of Puerto Rico (San Juan)

**PRIME CLERK RECEIVED YOUR**
**PROOF OF CLAIM.**

Date Filed: 5/22/2018
Proof of Claim No.: 31149

For additional information, please visit
http://cases.primeclerk.com/puertorico, or
call us at 844.822.9231.

MYRIAM E. CORDERO PARRILLA
G P O BOX 767
CAROLINA STATION
CAROLINA, PR 00986

**12. Is this claim subject to a right of setoff?**

☐ No / No

☑ Yes. Identify the property / _Veáse Sentencia_
Sí. Identifique el bien:

**¿La reclamación está sujeta a un derecho de compensación?**

**13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?**

☐ No / No

☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the Petition Date in these Title III case(s), in which the goods have been sold to the debtor in the ordinary course of such debtor's business. Attach documentation supporting such claim.   $ _____

**¿La reclamación, total o parcial, cumple los requisitos para ser tratada como prioridad administrativa conforme al Título 11 § 503(b)(9) del U.S.C.?**

Sí. Indique el importe de la reclamación que surge del valor de cualquier bien recibido por el deudor dentro de los 20 días anteriores a la fecha de inicio en estos casos del Título III, en los que el bienes se han vendido al deudor en el transcurso normal de los negocios del deudor. Adjunte la documentación que respalda dicha reclamación.

---

| **Part 3 / Parte 3:** | **Sign Below / Firmar a continuación** |

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**La persona que complete esta evidencia de reclamación debe firmar e indicar la fecha. FRBP 9011(b).**

Si presenta esta reclamación de manera electrónica, la FRBP 5005(a)(2) autoriza al tribunal a establecer normas locales para especificar qué se considera una firma.

*Check the appropriate box / Marque la casilla correspondiente:*

☑ I am the creditor. / Soy el acreedor.

☐ I am the creditor's attorney or authorized agent. / Soy el abogado o agente autorizado del acreedor.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004. / Soy el síndico, el deudor o su agente autorizado  Norma de quiebra 3004.

☐ I am a guarantor, surety, endorser, or other codebtor  Bankruptcy Rule 3005. / Soy el garante, fiador, endosante u otro codeudor. Norma de quiebra 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

Comprendo que una firma autorizada en esta *Evidencia de reclamación* se considera como un reconocimiento de que al calcular el importe de la reclamación, el acreedor le proporcionó al deudor crédito para todo pago recibido para saldar la deuda

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

He leído la información en esta *Evidencia de reclamación* y tengo motivos razonables para suponer que la información es verdadera y correcta.

I declare under penalty of perjury that the foregoing is true and correct. / Declaro bajo pena de perjurio que lo que antecede es verdadero y correcto.

Executed on date / Ejecutado el   _03 – 09 – 2018_ (MM/DD/YYYY) / (DD/MM/AAAA)

Signature / Firma   _Myriam E. Cordero Parrilla_

Print the name of the person who is completing and signing this claim / Escriba en letra de imprenta el nombre de la persona que completa y firma esta reclamación:

Name   _Myriam        E.  Cordero  Parrilla_
First name / Primer nombre        Middle name / Segundo nombre        Last name / Apellido

Title / Cargo   _Acreedor_

Company / Compañía   _Administración de familias y Niños_
Identify the corporate servicer as the company if the authorized agent is a servicer.
Identifique al recaudador corporativo como la compañía si el agente autorizado es un recaudador.

Address / Dirección   _PO Box 1671 CAR. STA. CAROLINA, PR 00786_
Number / Número        Street / Calle

_Carolina,_        _P.R._        _00986_
City / Ciudad        State / Estado        ZIP Code / Código postal

Contact phone / Teléfono de contacto _(787) 570-8216_ Email / Correo electrónico _mecordero970@gmail.com_

---

2. Has this claim been acquired from someone else?

¿Esta reclamación se ha adquirido de otra persona?

☑ No / No
☐ Yes. From whom?
  Sí. ¿De quién? _____

---

3. Where should notices and payments to the creditor be sent?

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

¿A dónde deberían enviarse las notificaciones al acreedor?

Norma federal del procedimiento de quiebra (FRBP, por sus siglas en inglés) 2002(g

**Where should notices to the creditor be sent?**
¿A dónde deberían enviarse las notificaciones al acreedor?

MYRIAM E CORDERO PARRILLA
G P O BOX 767
CAROLINA STATION
CAROLINA PR 00986

(707) 244-5104
Contact phone / Teléfono de contacto

**Where should payments to the creditor be sent?**
(if different)
¿A dónde deberían enviarse los pagos al acreedor? (En caso de que sea diferente)

Myriam E. Cordero Parrilla
Name / Nombre

P.O. Box 767 CAR. STA
Number / Número      Street / Calle

Carolina, P.R.      00986
City / Ciudad    State / Estado    ZIP Code / Código postal

767 - 510 - 8216
Contact phone / Teléfono de contacto

mcordero@gmail.com
Contact email / Correo electrónico de contacto

---

4. Does this claim amend one already filed?

¿Esta reclamación es una enmienda de otra presentada anteriormente?

☐ No / No
☐ Yes.  Claim number on court claims registry (if known)
  Sí.  Número de reclamación en el registro de reclamaciones judiciales (en caso de saberlo) _____
  Filed on / Presentada el _____ (MM /DD/YYYY) / (DD/MM/AAAA)

---

5. Do you know if anyone else has filed a proof of claim for this claim?

¿Sabe si alguien más presentó una evidencia de reclamación para esta reclamación?

☑ No / No
☐ Yes. Who made the earlier filing?
  Sí. ¿Quién hizo la reclamación anterior? _____

---

**Part 2 / Parte 2:**

**Give Information About the Claim as of the Petition Date**
Complete toda la información acerca de la reclamación desde la fecha en la que se presentó el caso.

6. Do you have a claim against a specific agency or department of the Commonwealth of Puerto Rico?

¿Tiene una reclamación en contra de algún organismo o departamento especifico del Estado Libre Asociado de Puerto Rico?

☐ No / No
☑ Yes. Identify the agency or department and contact name. (A list of Commonwealth of Puerto Rico agencies and departments is available at: https://cases.primeclerk.com/puertorico/.)
  Sí. Identifique el organismo o departamento y nombre del representante. (Una lista de agencias y departamentos del Estado Libre Asociado de Puerto Rico está disponible en  https://cases.primeclerk.com/puertorico/).

Administracion de familias y Niños
Secretaria del Departamento de la familia

7. Do you supply goods and / or services to the government?

¿Proporciona bienes y / o servicios al gobierno?

☑ No / No
☐ Yes. Provide the additional information set forth below / Sí. Proporcionar la información adicional establecida a continuación:

Vendor / Contract Number | Número de proveedor / contrato: _____

List any amounts due after the Petition Date (listed above) but before June 30, 2017.
Anote la cantidad que se le debe después de la fecha que se presentó el caso (mencionados anteriormente), pero antes del 30 de junio de 2017  $ _____

---

Modified Official Form 410                    Proof of Claim                    page 2

U0514 v 01 02.15 2016

**8.** How much is the claim?

¿Cuál es el importe de la reclamación?

$ _____   Does this amount include interest or other charges?
¿Este importe incluye intereses u otros cargos?
☐ No / No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).
   Si. Adjunte un balance con intereses detallados, honorarios, gastos u otros cargos exigidos por la Norma de Quiebras 3001(c)(2)(A).

**9.** What is the basis of the claim?

¿Cuál es el fundamento de la reclamación?

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

Por ejemplo: Venta de bienes, préstamo de dinero, arrendamiento, prestación de servicios, lesiones personales u homicidio culposo, o tarjetas de crédito. Adjunte copias editadas de cualquier documento que respalde la reclamación conforme a lo exigido por la Norma de Quiebras 3001(c). Limite la divulgación de información que reúne los requisitos para ser tratada con privacidad, tal como información sobre atención médica.

*Demanda Por Ajuste Salarial / Sentencia*

**10.** Is all or part of the claim secured?

¿La reclamación está garantizada de manera total o parcial?

☐ No / No
☑ Yes. The claim is secured by a lien on property.
   Si. La reclamación está garantizada por un derecho de retención sobre un bien.

Nature of property / Naturaleza del bien:
☐ Motor vehicle / Vehículos

☑ Other. Descr be:
   Otro. Describir:   *Salario Minimo Por hora / Ajuste Salarial*

Basis for perfection / Fundamento de la realización de pasos adicionales:
*Adjunto Cartas de gestiones realizadas*

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Adjunte copias editadas de documentos, si los hubiere, que demuestre la realización de pasos adicionales para hacer valer un derecho de garantía (por ejemplo, una hipoteca, un derecho de retención, un certificado de propiedad, una declaración de financiamiento u otro documento que demuestre que se ha presentado o registrado un derecho de retención.)

Value of property / Valor del bien:   $ _____

Amount of the claim that is secured /
Importe de la reclamación que está garantizado: $ _____

Amount of the claim that is unsecured /
Importe de la reclamación que no está garantizado: $ _____
(The sum of the secured and unsecured amounts should match the amount in line 7.)
(La suma del importe garantizado y no garantizado debe coincidir con el importe de la línea 7.)

Amount necessary to cure any default as of the Petition Date /
Importe necesario para compensar toda cesación de pago a la fecha que se presentó el caso : $ _____

Annual Interest Rate (on the Petition Date)
Tasa de interés anual (cuando se presentó el caso) _____ %
☐ Fixed / F ja
☐ Variable / Variable

**11.** Is this claim based on a lease?

¿Esta reclamación está basada en un arrendamiento?

☑ No / No
☐ Yes. Amount necessary to cure any default as of the Petition Date.
   Si. Importe necesario para compensar toda cesación de pago a partir de la que se presentó el caso $ _____

Modified Official Form 410

Proof of Claim

page 3

U0515 v 01 02 15 2018

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE SAN JUAN

| | |
|---|---|
| NILDA A. AGOSTO MALDONADO Y OTROS<br>PARTE DEMANDANTE | CIVIL NUM. KPE 2005-0908<br>(907) |
| V. | SOBRE : |
| ESTADO LIBRE ASOCIADO DE PUERTO RICO,<br>DEPARTAMENTO DE LA FAMILIA Y OTROS<br>PARTE DEMANDADA | SENTENCIA DECLARATORIA;<br>Y RECLAMACIÓN DE SALARIOS |

## SENTENCIA

Los demandantes, que se detallan en el anejo de esta Sentencia, que se incorporan por referencia y se hace formar parte íntegra de ésta, son empleados que ocupan puestos con diferentes clasificaciones y trabajan o han trabajado en el Departamento de la Familia y sus administraciones: Secretariado, ADFAN, ADSEF, ASUME y ACUDEN.

Los empleados demandantes presentaron la demanda de epígrafe el 23 de febrero de 2005. Solicitaron una Sentencia Declaratoria que decretara la nulidad del Memorando General 5-86 de fecha 23 de abril de 1986, emitido por la Oficina Central de Administración de Personal (OCAP) hoy Oficina de Recursos Humanos del Estado Libre Asociado de Puerto Rico (ORHELA), por estar en conflicto con las disposiciones establecidas bajo la Ley de Retribución Uniforme, Ley 89 de 12 de julio de 1979, 3 L.P.R.A. § 760 et seq. (derogada) y con el principio de igual paga por igual trabajo garantizado por el Art. II, sección 16 de la Constitución del Estado Libre Asociado de Puerto Rico.

Los demandantes reclaman que sus salarios se afectaron cuando el Departamento de la Familia implantó el salario mínimo federal que entró en vigor el 15 de abril de 1986 y posteriores aumentos, ya que se dejó inoperante la estructura salarial existente y se adoptó un sistema de pago distinto e incompatible con las disposiciones de la Ley de Retribución Uniforme, supra. Arguyen que se violó su derecho a recibir una compensación acorde con las funciones que realizan y la jerarquía, niveles de responsabilidad y complejidad de sus respectivos puestos, a tono con el valor de su trabajo dentro del mercado de empleo.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO
SALA III

Nilda A. Agosto Maldonado Y
Otros Empleados cuyos
Nombres se Identifican en
el Exhibit L Anejo

Recurridos

v.                                    AC-2012-0015

Estado Libre Asociado de
Puerto Rico, Departamento
de la Familia, a través de
su Secretaria Hon. Yolanda
Zayas

Peticionarios

Sala de Despacho integrada por la Juez Asociada señora
Rodríguez Rodríguez como Presidenta, el Juez Asociado
señor Kolthoff Caraballo y el Juez Asociado señor
Estrella Martínez

RESOLUCIÓN

En San Juan, Puerto Rico, a  16  de marzo de 2012.

Atendida la Solicitud de Apelación presentada por
la parte apelante, se acoge la misma como *Certiorari* y
se declara no ha lugar.

Lo acordó el Tribunal y certifica la Secretaria
del Tribunal Supremo.



Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

787-724-6118
787-724-6119
Fax 787-724-6140

prosol.utier@utier.org
www.utier.org

P.O. Box 8065 San Juan,
PR 00908



Reclaman que esta situación se repitió cada vez que entraron en vigor nuevos aumentos de salario mínimo. Alegan que esa actuación constituye un acto negligente, temerario, fraudulento y de enriquecimiento injusto, por cuanto los demandados no proveyeron un trato justo, ni equitativo en la fijación de los salarios de los demandantes.

Además, plantean violaciones a la sección 218 de la Ley de Salario Mínimo "Federal Labor Standard Act of 1938", 29 USC 201, et seq., al bajar las normas de trabajo o beneficios más altos existentes en nuestra jurisdicción, a la derogada Ley 5 de 20 de noviembre de 1975, 3 L.P.R.A. § 1338, conocida como Ley de Servicio Público y a la reglamentación de OCAP que imponían a las agencias del ELA la obligación de implantar un programa de reducción de jornada de no contar con los fondos necesarios para implantar el salario mínimo federal.

También reclaman que como resultado de los ajustes ilegales practicados, los demandantes sufrieron el menoscabo de los aumentos legislativos recibidos y de los aumentos por años de servicios.

El 27 de abril de 2005, la parte demandada sometió Contestación Responsiva a Demanda. El 20 de julio de 2005, la demanda fue enmendada para incluir nuevos demandantes y reformular alegaciones.

En cumplimiento de Orden dictada por el Tribunal, los demandantes sometieron los hechos sobre los cuales no existe controversia y las estipulaciones de las partes adoptadas en el caso de Carmen Socorro Cruz Hernández y otros v. Departamento de la Familia, civil número KAC1991-0665 del TPI, Sala de San Juan, incluyendo las escalas de retribución adoptadas por el Departamento de la Familia y ORHELA. Además, se sometió para adjudicación la aplicabilidad al caso de autos de lo resuelto por el Tribunal Supremo en Santiago Deciel y otros v. Departamento de la Familia, 153 D.P.R.208 (2001).

El 27 de enero de 2006, los demandantes solicitaron al Tribunal que dictara Sentencia Sumaria Parcial basando su solicitud en los hechos sobre los cuales no existía controversia.

El 26 de abril de 2006, en atención al hecho de que las partes coinciden en que los reclamos son idénticos a los reclamos de Carmen Socorro Cruz Hernández y otros v. Departamento de la Familia, supra, el cual estaba en una etapa adelantada de los procedimientos, mediante Moción Conjunta Solicitando Paralización Provisional de los

*Procedimientos*, solicitaron la paralización provisional de los procedimientos y acordaron que una vez adviniera final y firme la Sentencia de ese caso (K AC1991-0665), la acatarían como norma para resolver el caso de autos.

El 13 de abril de 2007, la parte demandante mediante *Moción Solicitando Reapertura del Caso y que se Dicte Sentencia Parcial* notificó al Tribunal que se había dictado Sentencia en el caso de *Carmen Socorro Cruz Hernández y otros vs. Departamento de la Familia*, supra, y solicitó la reapertura de los procedimientos.

El 24 de agosto de 2007, las partes sometieron *Moción Conjunta Notificando Estipulaciones de Hechos y de Prueba Documental*. En esa fecha, se le ordenó a la parte demandada determinar, mediante los cómputos correspondientes, la cantidad que se adeuda a cada demandante.

Posteriormente se celebraron múltiples vistas de seguimiento donde se discutieron aspectos procesales del caso y el status de los cómputos sobre los salarios adeudados a cada demandante conforme a las nuevas escalas salariales adoptadas.

Con fecha 11 de marzo de 2010, la representación de los demandantes sometió el Informe Final de los peritos de las partes que es el resultado del consenso sobre las cantidades adeudadas a los demandantes de manera individual.

El 7 de abril de 2010, se concedió al Estado quince (15) días para que se expresara en cuanto a la *Moción Sometiendo Informe de Perito*. El 7 de junio de 2010, aprobamos el informe pericial.

En consideración a lo antes expuesto, acogemos las siguientes estipulaciones de hechos y documentos sometidos por las partes:

### ESTIPULACIONES DE HECHOS

1. Todos los demandantes son empleados de carrera que trabajan o han trabajado como empleados del Departamento de Servicios Sociales, hoy Departamento de la Familia ocupando puestos de secretarias, oficinistas, funcionarios ejecutivos, técnicos de servicios sociales, recaudadores auxiliares, asistentes de servicios sociales, oficiales en contabilidad, etc. Estos puestos fueron asignados anualmente por el Director de la Oficina Central de Administración de Personal, en adelante OCAP, entre los años 1986 a 1996, a las escalas 1 a la 19 del Plan de Retribución de la Administración Central y posteriormente al adoptarse el Plan de Retribución creado por la agencia como Administrador Individual.

2. El 15 de abril de 1986 comenzó a regir en el gobierno de Puerto Rico la Ley de Salario Mínimo Federal que establecía un salario mínimo de ($3.35) por hora trabajada.

SENTENCIA
K PE 2005-0608
PAGINA 4

3.   Para el 15 de abril de 1986 existían 39 tipos de escalas salariales.  De éstas, las
     primeras 11 escalas recibían sueldos por debajo del Salario Mínimo Federal.

4.   Que al entrar en vigor el salario mínimo federal, el 15 de abril de 1986, el
     Departamento de Servicios Sociales, hoy Departamento de la Familia, equiparó el
     sueldo de los empleados asignados a estas primeras 11 escalas a base de $3.35
     por hora, quedando inoperante el Plan de Retribución.

5.   Que al efectuarse el ajuste, todos los empleados que pertenecían a dichas escalas
     se les pagó uniformemente el mismo salario que recibieron al conserje y el
     trabajador de acuerdo al salario mínimo federal de $3.35 por hora.

6.   Que posteriormente, el Departamento de Servicios Sociales, hoy Departamento de
     la Familia, elaboró un Plan de Retribución Uniforme que estableció nuevas escalas
     salariales, el cual Plan se le dio fecha de vigencia de 1 de abril de 1996.  Este plan
     contiene 39 escalas salariales, en lugar de 39 escalas salariales que existían en
     1986.  Este plan fue elaborado por el Departamento con la colaboración y consulta
     de la Oficina Central de la Oficina de Administración de Personal (OCAP).

7.   Que la situación se volvió a producir en los años 1990, 1991, 1992, 1993, 1994 y
     cada vez que ocurría la implantación de nuevos aumentos en virtud de la Ley de
     Salario Mínimo Federal. Por lo que mientras se iba aumentando el salario mínimo
     federal, se continuaron alterando nuevas escalas adicionales. De esa forma, ya
     para el 1 de abril de 1996, fecha previa a que entrara en vigor el Plan de
     Retribución del Departamento de Servicios Sociales, hoy Departamento de la
     Familia, se habían afectado 19 escalas salariales.

8.   En septiembre de 1997, cuando volvió a aumentar el salario mínimo de los
     empleados en el Departamento, queda inoperante el Plan de Retribución de 1996.

9.   El 1 de abril de 1985, en su función de brindar asesoramiento a las agencias del
     gobierno, la OCAP emitió el Memorando Especial Núm. 8-85 donde informó a los
     Secretarios y jefes de agencia la decisión del caso García v. San Antonio
     Metropolitan Mass. Transit Authority.

     "Como consecuencia de esa decisión, a los empleados del Gobierno del Estado
     Libre Asociado de Puerto Rico y de sus Gobiernos Municipales se le debe pagar
     el salario mínimo federal y compensar el tiempo extra a razón de tiempo y medio
     mediante pago en efectivo".

10.  El 18 de abril de 1985, el Director de la OCAP le remitió al entonces gobernador de
     Puerto Rico, Rafael Hernández Colón, un Memorando sobre el siguiente asunto:
     "Alternativas de estructuras salariales para proveer aumentos de sueldos a los
     empleados públicos bajo la Administración Central y cumplir con el mínimo
     federal".

     La comunicación proponía un plan de mejoramiento salarial en cuatro etapas
     donde se sobrepasaba el salario mínimo federal para el 1988 e incluía como anejo
     las escalas de sueldos propuestas.

     En relación al personal de confianza, la citada comunicación expone: .... "no es
     necesario tomar acción inmediatamente ya que la escala básica de la estructura de
     sueldo que se aplica $505 - 657 al presente no tiene clases asignadas.  El sueldo
     más bajo en el Servicio de Confianza es el correspondiente a la clase de chofer
     que está asignada a la segunda escala: $549 - 714."

11.  El 2 de julio de 1985, la OCAP emitió y circuló entre las agencias, el Memorando
     General 7-85, para informar a todos los jefes de agencias que la decisión del Hon
     Tribunal Supremo Federal García v San Antonio Metropolitan Mass Transit
     Authority, 469 US 528 fue confirmada e incluyó información general sobre la forma
     de compensar las horas extras.





12. El 5 de septiembre de 1985,  la OCAP emitió y circuló el Memorando General Núm. 9-85 dirigido a todos los jefes de agencia sobre "La interpretación de aspectos relativos a la retribución de los Empleados" que incluyó, en el inciso A, la norma de interpretación del Art. 3 de la Ley Núm. 3 de 30 de junio de 1977. Mediante esa directriz, se reconoció la intención legislativa, según expuesta al Art. 3 de "ampliar en esa misma proporción las escalas de retribución para los empleados que la reciben".

En lo que atañe a los empleados que no le hicieron efectivo el aumento por estar recibiendo sueldos máximo de la escala, se impartió instrucción a las agencias de "reevaluar los casos en conformidad a esa interpretación".

13. El 17 de septiembre de 1985, la OCAP le remitió al Lcdo. Guillermo Mojica Maldonado,   comunicación relativa al efecto presupuestario que tendría la implantación de una nueva estructura salarial para el Servicio de Carrera de la Administración Central con el propósito de cumplir con la implantación del Salario Mínimo Federal.

14. El 14 de octubre de 1985, la OCAP emitió el Memorando Especial Núm. 25-85 dirigido a todos los jefes de agencias conteniendo la ULTIMA JURISPRUDENCIA RELACIONADA CON LA ADMINISTRACIÓN DE PERSONAL. Esta incluyó un resumen  de la decisión del Honorable Tribunal Supremo Federal en García v. San Antonio Metropolitan Mass Transit Authority, 469 US 528. Dicha comunicación informa: "....el salario mínimo federal y el pago por razón de tiempo extra según se reconocen en éstos en la Ley Federal de Normas Razonables del trabajo, son de aplicación para los empleados del Estado Libre Asociado a partir del día 15 de abril de 1985".

15. El 20 de noviembre de 1985, el director de OCAP le remitió al entonces Gobernador de Puerto Rico, un Memorando sobre: "Aumento de sueldo a los Empleados Públicos" donde informa: " Al presente se hace necesario cumplir con el salario mínimo federal al 15 de abril de 1988, lo que posiblemente requiere que se efectúe en una sola etapa:"

16. Del contenido del documento surge que OCAP diseñó una nueva estructura salarial para el servicio de carrera de la Administración Central basada en una escala mínima de $545-736 que cumplía con el salario mínimo federal vigente de $3.35 por hora además consigna: "Esta estructura la implantaríamos ajustando el sueldo actual de los empleados a la cuantía o tipo retributivo inmediato superior en la escala correspondiente en la nueva estructura para reducir su efecto presupuestario."

17. El 26 de  marzo de 1988 la OCAP emitió el Memorando General 3-86 donde actualizó a los jefes de agencia la información sobre la aplicación de la Ley de Salario Mínimo remitida referente al caso de García, supra. Además les informó que el FLSA entraría en aplicación en el gobierno .el 15 de abril de 1986, ofreciéndole más detalles sobre la aplicabilidad de esa Ley.

18. Que el 15 de abril de 1986 comenzó a regir en el gobierno de Puerto Rico la Ley de Salario Mínimo Federal que establecía un salario mínimo de $3.35 por hora trabajada. En esa fecha, el Departamento equiparó el sueldo de los empleados demandantes según consignado en las Estipulaciones número 3 4 y 5 que anteceden.

19. Luego de esto, el 15 de abril de 1986, se presentó  el P. de la C. 493  para proponer una enmienda a los incisos (2) y (3) del Art. 7 de la Ley de Retribución Uniforme, convertido en la Ley Núm. 149 del 18 de julio de 1986. Esta ley tuvo el propósito de dotar a OCAP y su Director con mecanismos de mayor flexibilidad para practicar ajustes y extensiones a las escalas de retribución de la Administración Central y eliminó el requisito de obtener la aprobación previa del Gobernador para efectuar tales transacciones.

20. El 23 de abril de 1988, mediante el Memorando General 5-86, la OCAP informó a los jefes de agencia la aplicación del salario mínimo de 3.25 hr., efectivo el 15 de abril de 1988 e incluyó una directriz para practicar los ajustes salariales. Referente a los Municipios, les instruyó para que implantaran un plan de reducción de jornada diaria de trabajo si determinaban insuficiencia de fondos para implantar el salario mínimo.

21. Al emitir esa directriz, OCAP no consultó con el Secretario del Trabajo Federal para verificar si cumplía o no con los requerimientos de la Ley de Salario Mínimo. [Contestación de OCAP a Requerimiento Admisiones en el caso de Carmen Socorro Cruz y otros vs. ELA y otros Civil KAC 91-0885 (505)].

21. El 30 de junio de 1988, OCAP emitió el Memorando Núm. 3-86 informando la décima Asignación de Clases del Servicio de Carrera de la Administración Central: "Para este año fiscal no se han registrado cambios a las escalas salariales. No obstante, es mandatorio que las agencias cumplan con las disposiciones de la Ley de Normas Razonables del Trabajo referente al salario mínimo federal". El Anejo I del Memorando 3-86 incluye una relación de las enmiendas hechas a la anterior asignación de clases durante el transcurso del año asignando clases a escalas superiores.

23. Respecto a los empleados irregulares, regidos por la Ley 110 del 26 de junio de 1958, según enmendada y no obstante haber reconocido en el Memorando Núm. 3-86, supra, del 23 de abril, la aplicación del salario mínimo de $3.15 hr. , la OCAP emitió con fecha de 22 de agosto de 1988, el Memorando General Núm. 12-86 sobre: "Enmienda a las escalas de Paga para el personal Irregular". En esa nueva escala, el sueldo ancla del Grupo I fue desarrollado a base de un sueldo de $3.00 hr., por lo que está por debajo del salario mínimo federal establecido.

24. El salario mínimo federal aumentó en Puerto Rico en las fechas y sumas que se indican a continuación:



|  |  |  |
|---|---|---|
| 15 | abril de 1988 | a 3.25 hr. |
| 1 | abril de 1990 | a 3.55 hr. |
| 1 | abril de 1991 | a 3.70 hr. |
| 1 | abril de 1992 | a 3.90 hr. |
| 1 | abril de 1993 | a 4.05 hr. |
| 1 | abril de 1994 | a 4.25 hr. |
| 1 | abril de 1996 | a 4.45 hr. |
| 1 | sept. de 1997 | a 5.15 hr. |
| 1 | sept. de 2000 | a 5.80 hr.[1] |
| 24 | julio de 2007 | a 5.85 hr. |

25. La norma adoptada por el Departamento para implantar los ajustes salariales al entrar en vigor el salario mínimo y posteriores aumentos, según identificados en el apartado anterior, equiparó el sueldo de los demandantes al salario recibido por el trabajador y el conserje.

26. A consecuencia de lo anterior, en los años 1990, 1991, 1992, 1993 y 1994, 1997 y hasta el presente, con motivo de la implantación de nuevos aumentos en la Ley de Salario Mínimo Federal y mientras se ha estado aumentando el salario mínimo federal, se continuaron alterando nuevas escalas. De esa forma, ya para el 1 de abril de 1988, fecha previa a que entrara en vigor el Plan de Retribución del Departamento de Servicios Sociales, hoy Departamento de la Familia, se habían afectado 19 escalas salariales.

---

[1] Aumento de salario mínimo de Puerto Rico a $5.80 hora por Ley 320 de septiembre de 2000 efectivo a 1 septiembre de 2000.

*SENTENCIA*
*K PE 2005-0508*
*PAGINA 7*

27. En el 1991, el Departamento de Servicios Sociales se constituyó en un administrador individual mediante la Orden Ejecutiva Número OE-1991-46, firmada por el entonces Gobernador de Puerto Rico, Rafael Hernández Colón confiriendo al Secretario de ese Departamento facultad para adoptar su propio Plan de Clasificación y Retribución.

28. Mediante el Memorando Especial Núm. 26-93, de 1 de julio de 1993, la OCAP reconoció y afirmó la obligación de los jefes de agencias Administradores individuales, de atemperar el Plan de Retribución a la legislación federal aplicable al servicio público.

29. El 3 junio de 1994, la OCAP emitió el Memorando Núm. 5-94 dirigido a los Señores Jefes de las Agencias Administradoras Individuales del Sistema de Personal sobre: "Asignación de las clases de puestos a las escalas de retribución efectivo al comienzo de cada año fiscal actualización de las estructuras retributivas salario mínimo federal: En lo pertinente lee así:



   "Los administradores individuales que aún continúan utilizando los planes que rigen para la Administración Central deben tomar conocimiento que por no estar en funcionamiento dicho sector del Sistema de Personal no es procedente efectuar la asignación de las clases a las escalas correspondientes en tales planes. A éstas le reiteramos que es imperativo y prioritario que desarrollen e implanten estos instrumentos de trabajo. (Véase Memorando Especial Núm. 26-93 y Memorando Especial Núm. 13-94 que le cursamos sobre este asunto.)"

30. El Memorando 5-94, supra, lee: "Actualización de las Estructuras Retributivas

   El inciso 1 del Artículo 2 de la Ley de Retribución Uniforme establece que es obligación de los Administradores individuales mantener al día los planes de retribución que adopten para los servicios de carrera y de confianza. Por esta razón, las agencias que tienen aprobados e implantados sus propios planes de clasificación y retribución que tienen vigentes responden a lo dispuesto en la Sección 4.6 del Reglamento de Retribución Uniforme, particularmente en los incisos (2), (3), (5), (6) y (8)."



31. De otra parte, el Memorando 5-94 expresa:

   "Algunas agencias no están enviando anualmente la copia correspondiente a nuestra oficina, lo cual es indicativo de que no han puesto en observancia las mencionadas normas legales y reglamentarias".

32. Mientras se mantenía inoperante por los demandados la escala de retribución del Departamento de la Familia, la OCAP continuó la práctica de autorizar la asignación de múltiples clases a escalas superiores.

33. Para el 1994, OCAP redactó dos documentos titulados:

   A.   "Relación de la clase en el Servicio de Carrera que se han impactado con la aplicación del Salario Mínimo Federal".

   B.   "Clases reasignadas a Escala de Retribución Superiores desde el primero de abril de 1988 hasta el presente".

34. Así las cosas, en julio de 1998, el Departamento de la Familia adoptó un Plan de Clasificación y Retribución. El apartado III, del Plan dispone:

   "Descripción de la estructura de salarios. La estructura salarial adoptada consiste de veintitrés (23) escalas de sueldos. El número de escalas necesarias para cubrir las doscientas diez (210) clases de puestos resultantes del estudio de clasificación,

se determinó a base de la agrupación de clases de puestos tomando en consideración los niveles de complejidad o dificultad del trabajo, la magnitud de la responsabilidad y el grado de autoridad, elementos que entre otros, constituyen las demandas de los puestos asignados a cada clase de puestos. También se tomó en consideración las dificultades en reclutamiento y retención existentes en algunas clases de puestos".

"El salario base de la estructura es de setecientos ochenta dólares ($780.00) mensual."

35. Cuando el Departamento practicó la correspondiente asignación de los puestos ocupados por los demandantes a las escalas del 1993, se re-estableció la diferencia salarial existente entre las diferentes categorías de puestos que habían quedado inoperantes desde abril de 1986.

36. En su mensaje ante la 5ta. Sesión Ordinaria de la Décima Segunda Asamblea Legislativa de Puerto Rico, al 24 de enero de 1995, el entonces Gobernador de Puerto Rico expresó:

"La situación del ELA y gobierno de Puerto Rico tuvo una franca recuperación económica. Se instrumentaron dos reforma contributivas, se aprobó legislación para aumentar sustancialmente los salarios de los policías, bomberos, enfermeras, oficiales de custodia, maestros y otros grupos de empleados públicos".

37. El 31 de enero de 1996, el periódico El Nuevo Día publicó que al cierre del presente año fiscal existía un excedente en caja de 300 millones.

38. El 1ro. marzo de 1996 se hizo efectiva una enmienda al Plan de Clasificación de Puestos según propuesto por el Departamento y aprobado por OCAP, para asignar varias clases de puestos a escalas superiores de retribución, quedando vigente el Plan de 1993.

39. Mediante el Memorando Especial #51-96 sobre: "Nuevo Salario Mínimo Federal efectivo el 1ro. de octubre de 1996 y el 1ro. de septiembre de 1997", la Directora de OCAP notificó:

"...que a partir del primero de octubre de 1996, los empleados del gobierno estatal, independientemente de su status o categoría, están cubiertos por el nuevo Salario Mínimo Federal de $4.75 la hora". "A partir del 1ro. de septiembre de 1997 el Salario Mínimo Federal será de $5.15 la hora".

40. En junio de 1997 y mediante el Memorando Núm. 8-97, la OCAP enmendó la Guía de Clasificación de Funciones y Escalas de Paga del Reglamento para el Personal Irregular para conformarlas con el nuevo salario mínimo de $5.15 hr., efectivo al 1 de septiembre de 1997.

41. El 20 de marzo de 1998, el Departamento hizo efectivo su Tercera Asignación de Clases dejando sin cambios la estructura salarial del servicio de carrera que adoptó en el 1996. Con esta, se mantuvo inoperante el Plan de Retribución de referencia, visto el aumento habido en el Salario Mínimo.

42. El 25 de octubre de 1997, el Departamento realizó otra revisión de las asignaciones de clases a escalas superiores y creó nuevas clases, y ha mantenido hasta el presente el Plan de Retribución que adoptó en el 1996, sin cambios, excepto los reasignaciones y cambios antes identificados.

**PRUEBA DOCUMENTAL ESTIPULADA**

EXHIBIT 1.  Memorando Núm. 8 – 85 del 1 de abril de 1985 de la OCAP decisión del Tribunal Supremo de Estados Unidos sobre la aplicabilidad de la Ley Federal de Normas Razonables del Trabajo. (2 folios).

SENTENCIA
K PE 2005-0809
PAGINA 9

EXHIBIT 2. Memorando del 18 de abril de 1985 OCAP sobre la alternativa de estructuras salariales para proveer aumentos de sueldos a los empleados públicos bajo la Administración Central y cumplir con el mínimo federal (3 folios + 4 anejos).

EXHIBIT 3. Memorando General Núm. 7-85 de 2 de julio de 1985 OCAP sobre disposiciones de pago por horas extras ordinarias trabajadas dispuestas por la Ley Federal de Normas Razonables del Trabajo y su aplicación a los empleados públicos. (4 folios).

EXHIBIT 4. Núm. 25-85 14 de octubre de 1985 de la OCAP "Ultima Jurisprudencia Relacionada con la Administración de Personal". (7 folios).

EXHIBIT 5. Memorando 5-86 del 23 de abril de 1986 de la OCAP "Aplicabilidad del Salario Mínimo Federal a los Empleados Públicos". (2 folios + 2 anejos).

EXHIBIT 6. Memorando Núm. 12-86 del 22 de agosto de 1986 de la OCAP "Enmienda a las Escalas de Pago para el Personal Irregular". (8 folios).

EXHIBIT 7. Memorando del 20 de noviembre de 1985 de la OCAP suscrito por Guillermo Mujica al Gobernador sobre los aumentos de sueldo a los empleados públicos. (3 folios).

EXHIBIT 8. Memorando Núm. 3-86 del 30 de junio de 1986 OCAP "Décima Asignación de Clases del Servicio de Carrera de la Administración Central a las Escalas de Sueldo Establecidas la Ley 89". (2 folios + 37 anejos).

EXHIBIT 9. Memorando Núm. 4-86 de 30 de junio de 1986, "Octava Asignación de Clases de Servicio Confianza a la Administración Central Sobre las Escalas de Sueldo Establecidas". (2 folios + 8 anejos).

EXHIBIT 10. Carta Normativa Especial Núm. 2-28 de 24 de marzo de 1988 OCAP "Aumento General a los empleados en Virtud Ley Núm. 1 del 9 de febrero de 1988". (6 folios + 2 anejos).

EXHIBIT 11. Memorando Núm. 7-90 del 3 de abril de 1990 OCAP "Salario Mínimo Federal" (3 folios + 5 anejos).

EXHIBIT 12. Carta 24 de mayo de 1990 de Angel Linera Escalera como Director Interino OCAP a Hon. Ramón García Santiago, Secretario Hacienda "Estudio Revisión Escalas". (2 folios).

EXHIBIT 13. Carta Normativa Especial 1-90 de 7 de junio de 1990 "Aumento General a los Empleados Públicos en virtud de la Ley Núm. 7 de 7 de mayo de 1989. (7 folios + 2 anejos).

EXHIBIT 14. Memorando 2-90 de 30 de junio de 1990 — OCAP "Decimocuarta Asignación de Clase del Servicio de Carrera a la Administración Central a las Escalas de Sueldo establecidos en la Ley 89. (2 folios + 6 anejos).

EXHIBIT 15. Memorando OCAP Núm. 3-91 de 22 de julio de 1991 décimo quinta asignación de clases del servicio carrera Administración Central a las escalas de sueldo establecidas en la Ley 89. (2 folios + 48 anejos).

EXHIBIT 16. Carta a secretarios y jefes agencias: "Orden Ejecutiva" de 5 de septiembre de 1991. (3 folios).

EXHIBIT 17. Memorando Especial Núm. 11-92 OCAP de 1 de abril de 1992 "enmienda a la 15ta Asignación de Clases para el Servicio Carrera de la Administración Central Vigente a partir de 1 de julio de 1991. (1 folio).

EXHIBIT 18. Memorando OCAP Especial Núm. 12-83 de 24 de marzo de 1993 "Aumento en el Salario Mínimo Federal, Ley Pública Núm. 101-157 de 17 de noviembre de 1989. (2 folios).

EXHIBIT 19. Memorando Especial Núm. 26-83 de 1 de julio de 1993 OCAP sobre preparación de planes de clasificación y retribución. Reglamentación de recursos humanos en el servicio público.

EXHIBIT 20. Mensaje del Gobernador Rafael Hernández Colón de 24 de enero de 1995. (4 folios).

EXHIBIT 21. Memorando Especial Núm. 13-94 de OCAP de 15 de abril de 1994 "Contratación de Consultores Privados para los Instrumentos de Trabajo para la Administración de Recursos Humanos". (2 folios).



EXHIBIT 22. Memorando Núm. 5-94 de 3 de junio de 1994 OCAP asignación de las clases de puestos a las escalas de retribución efectivo al comienzo de cada año fiscal; actualización. (4 folios)

EXHIBIT 23. Memorando Especial Núm. 17-94 OCAP de 3 de junio de 1994 "Salario Mínimo Federal, aumento efectivo 1 de abril de 1994. (2 folios).

EXHIBIT 24. Portada periódico El Nuevo Día, mensaje del Gobernador Pedro Rosselló "La Situación del Estado" ante la 6ta Sesión Ordinaria de la Décima Asamblea Legislativa de 31 de enero de 1996. (1 folio).

EXHIBIT 25. Artículo periódico El Nuevo Día sobre escenario favorable para el presupuesto, "Sobrante en Caja" (1 folio).

EXHIBIT 26. Documentos pertinentes Plan de Clasificación de Puestos y Retribución de Servicios de Carrera efectivo a 1 de marzo de 1996 y aprobado por OCAP 11 de abril de 1996. (30 folios).

EXHIBIT 27. Carta OCAP 19 de marzo de 1997 a Secretaria Departamento de la Familia. Aprobación a solicitud de enmienda a los planes de clasificación de puesto y retribución del servicio de carrera del Departamento. (2 folios + 9 anejos).

EXHIBIT 28. Memorando Especial OCAP Núm. 51-98 de 8 de octubre de 1996 "Nuevo Salario Mínimo Federal efectivo el 1 de octubre de 1996 y el 10 de septiembre de 1997". (1 folio + 1 anejo).

EXHIBIT 29. OCAP Memorando Núm. 8-96 de 9 de junio de 1997 "Enmiendas a la Guía de Clasificación de Funciones y las Escalas de Paga del Reglamento para el Empleo de Personal Irregular". (3 folios).

EXHIBIT 30. Carta OCAP 20 de noviembre de 1997 a Secretaria Departamento de la Familia sobre algunas enmiendas al plan de clasificación implantado por la agencia efectivo el 1 de marzo de 1996. (2 folios + 12 anejos).

EXHIBIT 31. Memorando 20 de marzo de 1998 de Luis Marcano, Director de Personal y Recursos Humanos "3ra Asignación de Clases y Estructuras Salariales Servicios de Carrera". (18 folios).

EXHIBIT 32. Memorando de 3 de diciembre de 1899 Departamento de la Familia. "Extensión Escala Retributiva" efectiva 1 de julio de 1999. (1 folio).

De conformidad con las anteriores Estipulaciones de Hechos y Prueba Documental, el Tribunal formula las siguientes:

### CONCLUSIONES DE DERECHO

Mediante la adopción de la Ley de Retribución Uniforme, Ley Núm. 89 del 12 de julio de 1979, 3 L.P.R.A. 760 *et seq.* (actualmente derogada por la Ley Núm. 184 de 3 de agosto de 2004), se estableció en Puerto Rico un sistema de retribución con el principio de igual paga por igual trabajo. Este sistema propicia la uniformidad, la equidad y la justicia en la fijación de los sueldos de todos los empleados del servicio público, y persigue la aplicación de mecanismos que propendan y faciliten el reclutamiento y retención de personal mediante la concesión de incentivos adicionales. Para lograr ese objetivo, se le impuso la obligación a las agencias dentro del sistema, de adoptar planes de retribución conforme al reglamento que adopta la Oficina Central de Administración de Personal (OCAP), para instrumentar esta ley a las normas generales sobre retribución que ésta emita. Art. 2 de la derogada Ley 89.




Para cumplir con los objetivos de la Ley 89, *supra*, en 1984 la OCAP aprobó el Reglamento de Retribución Uniforme. El Reglamento contenía disposiciones aplicables a todo el sistema de personal, lo que incluía a los administradores individuales (Art. 4 del Reglamento) y, algunas que aplican exclusivamente a las agencias bajo la Administración Central (Art. 5 del Reglamento).



En cuanto a la administración de las escalas salariales, se establecía en el Art. 9 de la Ley de Retribución Uniforme las normas relativas a la administración de salarios. De igual forma en la Sec. 4.5 (3) del Reglamento de Retribución Uniforme, se imponía la obligación a la OCAP y a cada Administrador Individual de asignar anualmente todas las clases de puestos de los planes de clasificación a las escalas contenidas en los planes de retribución que estuvieran vigentes, tanto para el servicio de carrera como para el de confianza, efectivo al comienzo de cada año fiscal.

La OCAP (ahora Oficina de Recursos Humanos del Estado Libre Asociado (ORHELA)) y los Administradores Individuales, están obligados a mantener al día los planes de retribución que adopten para los servicios de carrera y de confianza, en cumplimiento de las normas relativas a la administración y el mantenimiento de las estructuras retributivas, según establecido en los incisos 1 y 2 del Art. 2 de la Ley de

Véase, 29 U.S.C.A. § 218(3) (2006); Vega v. Yivi Motors, 146 D.P.R. 373, 381-2 (1998); Olazagasti v. Easter Sugar Associates, 79 D.P.R. 93, 106-7 (1956). Por lo tanto, el cumplimiento con el salario mínimo sólo es uno de los requisitos para la observancia de la normativa laboral, que en este caso exigía también la actualización y aplicación de escalas de retribución.



Dado el ordenamiento jurídico esbozado, entendemos le asiste el derecho a los demandantes y se declara Con Lugar la demanda aprobando las escalas salariales marcadas en los Exhibits de la prueba estipulada. A los efectos de resolver las diferencias surgidas entre las partes en cuanto a la forma en que deben realizarse los cómputos de los sueldos adeudados determinando las sumas específicas de cada empleado, se celebrará el 26 de septiembre de 2006 una vista donde se recibirá prueba pericial y documental pertinente.




La parte demandada preparará y radicará en el Tribunal, suministrando copia a la representación legal de los demandantes, las nóminas necesarias para efectuar el pago a los demandantes. Dichas nóminas incluirán: (a) nombres y seguros sociales de los demandantes, (b) total adeudado a cada demandante, (c) cantidad retenida para el pago de retiro de cada demandante y (d) cantidad neta correspondiente a cada demandante. El pago a los demandantes se efectuará durante el año fiscal 2006-7, por lo que la parte demandada deberá consignar en su presupuesto una partida para el pago de la Sentencia aquí dictada.

Las partes, en cumplimiento con la estipulación a la que han llegado, deberán acatar la determinación judicial del caso *Carmen Socorro Cruz Hernández y otros vs. Departamento de la Familia*, supra, y cuya parte dispositiva hemos hecho formar parte de esta Sentencia.

En cuanto a los honorarios de abogado, habida cuenta de que ese asunto en este momento se encuentra pendiente de resolución ante el Tribunal Supremo de Puerto Rico en el caso *Carmen Socorro Cruz Hernández y otros vs. Departamento de la Familia*, CC09-1074, donde se solicita la revisión de la

**SENTENCIA**
**K PE 2005-0608**
**PAGINA 15**

Sentencia de 24 de agosto de 2009 del Tribunal de Apelaciones que determinó

revocar la concesión de honorarios de abogado en ese caso, las partes se

atendrán a lo que disponga el Tribunal Supremo.

**REGISTRESE Y NOTIFIQUESE.**

En San Juan, Puerto Rico a 16 de septiembre de 2010.

**REBECCA DE LEON RIOS**
**JUEZA SUPERIOR**

CERTIFICO:

Lic. Rebecca Rivera Torres
Secretaria Regional

Por: _____
Secretaria Auxiliar

29/6/2012 final y firme
pagan 25%



Secretaria (Clerk's Office)
Tribunal de Distrito de los Estados Unidos (United
                                    States District Court)
Sala 150   Edificio federal (federal Building)
San Juan , (Puerto Rio ) 00918-1767