**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS |
| AMERINATIONAL COMMUNITY SERVICES, LLC, as Servicer for the GDB Debt Recovery Authority and CANTOR-KATZ COLLATERAL MONITOR LLC,<br><br>Plaintiffs, | Adv. Proc. No. 21-00068-LTS |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

|  |
|---|
| -v-<br><br>AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION, FINANCIAL GUARANTY INSURANCE COMPANY, PEAJE INVESTMENTS LLC, and THE BANK OF NEW YORK MELLON, as Fiscal Agent,[2]<br><br>                   Defendants. |

**JOINT STATUS REPORT PURSUANT TO COURT ORDER DATED JULY 16, 2021, [ECF No. 17387] WITH RESPECT TO (I) DRA PARTIES ADMINISTRATIVE EXPENSE CLAIM MOTION AND (II) DRA ADVERSARY PROCEEDING**

---

[2] Schulte Roth & Zabel LLP appears as counsel to the Collateral Monitor with respect to all parties except The Bank of New York Mellon, as Fiscal Agent.

- 1 -

**To the Honorable United States District Judge Laura Taylor Swain:**

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of debtors the Commonwealth of Puerto Rico (the "Commonwealth") and the Puerto Rico Highways and Transportation Authority ("HTA") (collectively "Debtors") pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF" and, together with the Oversight Board, the "Government Parties"), AmeriNational Community Services, LLC (the "Servicer"), as servicer for the GDB Debt Recovery Authority (the "DRA"), and Cantor-Katz Collateral Monitor LLC, which serves as the collateral monitor for Wilmington Trust, N.A. in connection with the new bonds issued by the DRA[3] (the "Collateral Monitor," and together with the Servicer, collectively, the "DRA Parties" or "Plaintiffs"), Ambac Assurance Corporation ("Ambac"), Assured Guaranty Corp. and Assured Guaranty Municipal Corp. (jointly, "Assured"), National Public Finance Guarantee Corporation ("National"), Financial Guaranty Insurance Company ("FGIC", and collectively with Ambac, Assured, and National, the "Monolines"), Peaje Investments LLC ("Peaje"), and The Bank of New York Mellon, as Fiscal Agent ("BNYM", and collectively with the Monolines and Peaje, the "Defendants") (collectively, the "Parties") respectfully submit this Joint Status Report in response to the Court's July 16, 2021 *Order Regarding Rulings Made on the Record at the July 13-14, 2021, Hearing Concerning the Proposed Disclosure Statement and Plan of Adjustment* (the "July 16th Order") (ECF No. 17387 in Case No. 17-03283-LTS).

---

[3] The DRA bonds were issued pursuant to the *Government Development Bank for Puerto Rico Debt Restructuring Act*, Act No. 109-2017, as amended by Act No. 147-2018.

- 2 -

**JOINT STATUS REPORT**

1. On June 15, 2021, the DRA Parties filed a motion entitled *The DRA Parties' Motion for Allowance of an Administrative Expense Claim* (ECF No. 17009 in Case No.17-03283-LTS) (the "Administrative Expense Claim Motion").

2. On June 26, 2021, the DRA Parties initiated an adversary proceeding against Defendants captioned *AmeriNational Community Services, LLC, et al. v. Ambac Assurance Corporation, et al.*, Adv. Proc. No. 21-00068 (the "DRA Adversary Proceeding").

3. On July 16, 2021, the Court entered the July 16th Order and directed the Parties to (i) meet and confer to discuss "when and in what procedural context, be it at confirmation or otherwise," the DRA Parties' Administrative Expense Claim Motion and the DRA Adversary Proceeding should be presented to the Court and (ii) file a joint status report by July 23, 2021 at 5:00 p.m. (Atlantic Standard Time) including, to the extent possible, a joint proposed order or stipulation setting forth a litigation schedule for the Administrative Expense Claim Motion and the DRA Adversary Proceeding.

4. On July 20, 2021 and thereafter, the Parties met and conferred by video conference, telephone and written communication on intervention and for the purposes requested by the Court and agreed, in part, on the litigation schedule and process set forth below. To the extent there is disagreement, the Parties' respective positions are reflected below and in the alternative proposed orders attached as Exhibits A and B.

***The DRA Adversary Proceeding***

5. It is the Government Parties' and Defendants' position that, subject to the Court's approval, the Government Parties will intervene as defendants in the DRA Adversary Proceeding,

- 3 -

for all purposes under applicable rules, with respect to Counts I, II, and IV, only.[4] As described in paragraph 11 below, the DRA Parties agree that the Government Parties have a right to intervene, but reserve the right to present to the Court their position on the scope of intervention.

6. The Government Parties and Defendants shall file motions to dismiss or other appropriate motions directed to the Counts in the Adversary Complaint in the DRA Adversary Proceeding (the "Dispositive Motions") on or before August 26, 2021. The Government Parties presently anticipate that the Government Parties will file Dispositive Motions regarding Counts I, II and IV, and Defendants will file Dispositive Motions regarding at least Count III. The DRA Parties reserve the right to object to any Dispositive Motion that is not appropriate for this stage in these proceedings.

7. To the extent any Defendant to the DRA Adversary Proceeding or Government Party does not file a Dispositive Motion against any specific Count described in the foregoing paragraph, the Government Parties and Defendants propose that the DRA Adversary Proceeding will be stayed as to such Defendant or Government Party as to such Count(s) not moved against until the issues raised by Plaintiffs in the DRA Adversary Proceeding are resolved either by the Dispositive Motions or as part of Plan confirmation proceedings for the Fifth Amended Plan of Adjustment, as it may be amended. The DRA Parties object to any stay, particularly a stay on a piecemeal basis, and alternatively propose that, to the extent any Defendant to the DRA Adversary Proceeding or Government Party does not file a Dispositive Motion against any specific Count described in this paragraph, the Defendant or Government Party will be deemed to have responded to such Count by an answer denying the allegations supporting that Count without the need to file

---

[4] The Government Parties reserve the right to seek further intervention with respect to Count III.

an answer or any further paper. Defendants and the Government Parties oppose the DRA Parties' alternative request. The counts not moved against should be stayed as the proposed process presented by the Government Parties and Defendants contemplates resolution of any remaining issues presented by the DRA Adversary Proceeding within the existing confirmation schedule and process ordered by the Court. In addition, Defendants submit the DRA Parties' language seeking to deem certain allegations as denied without need for an answer or further filing ignores Defendants' and the Government Parties' possible assertion of affirmative defenses and counterclaims and that it would be illogical to prevent Defendants and the Government Parties from even considering whether any allegations should be admitted (or otherwise not denied). The DRA Parties' position is that those issues in the Count(s) which the Government Parties and Defendants decide to not move against in the Dispositive Motions, should be subject to the applicable effects and consequences under the Federal Rules of Civil Procedure and/or the Federal Rules of Bankruptcy Procedures. As such, the DRA Parties posit that it is improper and unfair for the Government Parties and Defendants to obtain a stay on these Count(s) beyond what is envisioned in the Rules (if applicable), much less to obtain a stay on a piecemeal basis. In an effort to maintain the schedule for prompt resolution of the issues raised in the Adversary Complaint, the Parties' respective positions on this issue are set forth in alternative proposed orders attached hereto as Exhibit A (the Government Parties' and Defendants' proposed order) and Exhibit B (the DRA Parties' proposed order).

8. All Parties agree that the DRA Parties shall respond to the Dispositive Motions on or before September 23, 2021.

9. All Parties agree that the Government Parties and Defendants shall file replies in support of the Dispositive Motions on or before October 8, 2021.

10. The Defendants consent to the Government Parties,' right to intervene and the Government Parties' filing of Dispositive Motions as described in above paragraphs 5-9.

11. The DRA Parties agree that the Government Parties have a right to intervene in the DRA Adversary Proceeding pursuant to 11 U.S.C. § 1109, incorporated into Title III proceedings by PROMESA § 301 (48 U.S.C. § 2161), and Fed. R. Civ. P. 24(a), made applicable to the DRA Adversary Proceeding by Fed. R. Bankr. P. 7024. As discussed below, the DRA Parties do not believe the Government Parties have informed the DRA Parties of the scope and extent of their intervention. Accordingly, the DRA Parties do not object to the intervention but reserve the right to present to the Court their position on the scope of the same based on the holding in *Assured et al. v. FOMB et al. (In re Fin. Oversight & Mgmt. Bd. for Puerto Rico for Puerto Rico)*, 872 F.3d 57, 64 (1st Cir. 2017), to the effect that:

> [t]he precise scope of the . . .intervention is a matter committed to the district court's 'broad discretion.' Courts have exercised that discretion to limit the participation of intervenors as of right in a number of ways. An intervening party, for example, cannot 'preclude other parties from settling their own disputes.' Local No. 93, *Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 529, 106 S.Ct. 3063, 92 L.Ed.2d 405 (1986); *see also Smart World Techs., LLC v. Juno Online Servs., Inc. (In re Smart World Techs., LLC)*, 423 F.3d 166, 181 (2d Cir. 2005) (holding that § 1109(b) 'does not authorize creditors to pursue settlement' of an adversary proceeding). Courts may further restrict intervention to 'the claims raised by the original parties,' *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 737 n.11 (D.C. Cir. 2003), or a particular set of issues, *see Harris v. Pernsley*, 820 F.2d 592, 599 (3d Cir. 1987). Finally, intervenors may be denied discovery, at least in some

circumstances. *See United States v. Albert Inv. Co.*, 585 F.3d 1386, 1396 (10th Cir. 2009).

*Assured*, 872 F.3d at 64.

12. The Government Parties disagree with the DRA Parties' claimed reservation of rights regarding the scope of intervention by the Government Parties. The Government Parties' position is that, because the DRA Adversary Proceeding seeks to adjudicate claims and rights alleged by the DRA Parties against the Commonwealth and HTA (Count I), as well as claims being settled by the Commonwealth regarding rights alleged by Defendants in connection with the proposed plan of adjustment (Counts II and IV), the Government Parties have an absolute right to intervene in the DRA Adversary Proceeding without limitation pursuant to 11 U.S.C. § 1109, incorporated into Title III proceedings by PROMESA § 301 (48 U.S.C. § 2161), and Fed. R. Civ. P. 24(a), made applicable to adversary proceedings by Fed. R. Bankr. P. 7024. The Government Parties dispute the DRA Parties' contention the Government Parties have not informed the DRA Parties of the scope and extent of their intervention. To the contrary, the Government Parties informed the DRA Parties in writing that the Government Parties intend to intervene in Counts I, II and IV as Defendants and file Dispositive Motions. It is the Government Parties' position that, despite repeated requests to do so, the DRA Parties have declined to provide the Government Parties with any articulated restriction on the Government Parties' desired intervention rights for the purposes described herein.

13. The DRA Parties dispute the Government Parties' characterization above in paragraph 12. The DRA Parties submit that they readily consented to the Government Parties' intervention. The DRA Parties assert that they asked the Government Parties to describe the anticipated scope of their intervention. The Government Parties to date have only identified that their intervention

will have something to do with Counts I, II, and IV of the DRA Adversary Proceeding complaint, and that they would be participating as defendants, but assert that they do not need to identify the scope of their participation because they believe it is limitless. Once the Government Parties describe the planned scope of their intervention, the DRA Parties might well not object, but as it stands, the DRA Parties do not have sufficient detail to respond consistent with the First Circuit's guidance in *Assured*, 872 F.3d at 64.

14. The Government Parties have stated they will promptly file an urgent motion requesting the Court to permit the Government Parties' intervention in the DRA Adversary Proceeding in order to maintain the briefing schedule set forth above and the current calendar for confirmation. The DRA Parties reserve the right to file any corresponding response to the urgent motion so that the Court can determine the scope and extent of the Government Parties' intervention pursuant to the rationale in *Assured*, 872 F.3d at 64.

### *The Administrative Expense Claim Motion*

15. The Oversight Board (or the Government Parties collectively) shall file oppositions to the Administrative Expense Claim Motion on or before September 9, 2021, including for DRA's lack of standing to bring such a motion.

16. All Parties agree that the DRA Parties shall file a reply in support of the Administrative Expense Claim Motion on or before September 24, 2021.

### *Hearings on Dispositive Motions and Administrative Expense Claim Motion*[5]

17. The Parties jointly request that the Court set hearings on the Dispositive Motions and Administrative Expense Claim Motion at its earliest convenience following the conclusion of the

---

[5] A hearing is currently scheduled on the *DRA Parties' Motion and Memorandum of Law in Support of Their Motion for Relief from the Automatic Stay, or in the Alternative, Ordering Payment of Adequate Protection* (ECF No. 7643) (the "DRA Stay Motion"), solely concerning the

- 8 -

briefing. The Parties request that the Court set the hearing for the second week of October 2021, or as soon thereafter as the Court can hear them. It is the Parties' collective expressed intention and desire to have the Dispositive Motions and Administrative Expense Claim Motion described herein be fully resolved by the Court prior to the confirmation hearing for the Fifth Amended Plan of Adjustment, as it may be amended.

18. The Government Parties and Defendants further jointly request that, to the extent any issues raised in the DRA Adversary Proceeding, the Dispositive Motions and/or the Administrative Expense Claim Motion are not resolved by the Court prior to the confirmation hearing, the Court shall determine any such remaining issues, which issues shall merge into the confirmation hearing and be determined as part of plan confirmation. To facilitate such process, the Government Parties

---

DRA Parties' standing to bring the DRA Stay Motion, during the August 4, 2021 Omnibus Hearing. It is the Government Parties' position that if the Government Parties' objection concerning the DRA Parties' standing is overruled, the Government Parties reserve the right to seek a stay of remaining issues in the DRA Stay Motion, as the issue of DRA's property rights in the Commonwealth assets will be litigated either through the Dispositive Motions in the Adversary Proceeding or as part of Plan confirmation proceedings for the Fifth Amended Plan of Adjustment, as it may be amended.

The DRA Parties believe that it is inappropriate to address the DRA Stay Motion in this status report as the same is not part of, and was not included, in the Court's July 16th Order. The DRA Parties reserve the right to respond to any request for stay of the DRA Stay Motion that may be filed by the Government Parties or any other party-in-interest.

The Government Parties disagree with the DRA Parties' position for two reasons. First, there is similarity and overlap of issues between the DRA Stay Motion, on the one hand, and the Administrative Expense Claim Motion, the Dispositive Motions and confirmation, on the other hand, and there is no reason to unnecessarily waste resources of the Court and parties by having the DRA Stay Motion go forward if the Court determines that the DRA Parties have standing to bring it. Second, the Government Parties contend the DRA Parties long ago waived any right to prompt resolution of the DRA Stay Motion under Bankruptcy Code § 362(e) by virtue of the many continuances and refilings agreed to by the DRA Parties, and, if necessary, the Government Parties will brief this issue upon the Court's request.

The DRA Parties' disagree with the Government Parties' assertion and will respond in lieu to the same at the appropriate time in the event the Government Parties move to stay the DRA Stay Motion.

and Defendants request the Court require that the Parties hereto shall, with respect to all issues raised in the DRA Adversary Proceeding, the Dispositive Motions and/or the Administrative Expense Claim, make the necessary submissions and take all necessary actions in compliance with the Court's scheduling and procedures orders concerning the confirmation proceedings relating to the Fifth Amended Plan of Adjustment, as it may be amended, including the filing of objections to the Plan (and replies thereto) relating to such issues. The Government Parties' and Defendants' request is set forth in paragraph 3 of their proposed order attached hereto as Exhibit A. The DRA Parties oppose this request and posit there is no need at this juncture to prejudge the Court's decisions on the briefing outlined herein or what should follow from those rulings. The DRA Parties submit that the Administrative Expense Claim and DRA Adversary Proceeding should each continue to proceed on their own tracks.

19. The Government Parties' and Defendants' proposed order is attached as Exhibit A, and the DRA Parties' proposed order is attached as Exhibit B.[6]

---

[6] The Parties' respective proposed orders, schedules and process is without prejudice to their right to submit motions or objections in the Plan confirmation proceedings, to the extent necessary to fully resolve their existing disputes as reflected in the DRA Adversary Proceeding, the Dispositive Motions and/or the Administrative Expense Claim Motion.

Dated: July 23, 2021.
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944


*/s/ Michael A. Firestein*
Martin J. Bienenstock
Brian S. Rosen
Jeffrey Levitan
Ehud Barak
Admitted *Pro Hac Vice*
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900


Michael A. Firestein
Lary Alan Rappaport
Admitted *Pro Hac Vice*
2029 Century Park East
Suite 2400
Los Angeles, CA 90067-3010
Tel: (310) 557-2900
Fax: (310) 557-2193
Email: mfirestein@proskauer.com
       lrappaport@proskauer.com

***Attorneys for the Financial Oversight and Management Board as representative for the Debtors***

| | |
|---|---|
| /s/ *Peter Friedman*<br>John J. Rapisardi<br>(Admitted *Pro Hac Vice*)<br>**O'MELVENY & MYERS LLP**<br>7 Times Square<br>New York, NY 10036<br>Tel: (212) 326-2000<br>Fax: (212) 326-2061<br><br>Peter Friedman<br>(Admitted *Pro Hac Vice*)<br>1625 Eye Street, NW<br>Washington, DC 20006<br>Tel: (202) 383-5300<br>Fax: (202) 383-5414<br><br>Elizabeth L. McKeen<br>Ashley M. Pavel<br>(Admitted *Pro Hac Vice*)<br>610 Newport Center Drive, 17th Floor<br>Newport Beach, California 92660<br>Tel: (949) 823-6900<br>Fax: (949) 823-6994<br><br>***Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority*** | /s/ *Luis C. Marini-Biaggi*<br>Luis C. Marini-Biaggi<br>USDC No. 222301<br>Email: lmarini@mpmlawpr.com<br>Carolina Velaz-Rivero<br>USDC No. 300913<br>Email: cvelaz@mpmlawpr.com<br>**MARINI PIETRANTONI MUÑIZ LLC**<br>250 Ponce de León Ave.<br>Suite 900<br>San Juan, Puerto Rico 00918<br>Tel: (787) 705-2171<br>Fax: (787) 936-7494<br><br>***Co-Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority*** |

- 12 -

**FERRAIUOLI LLC**

By: */s/ Roberto Cámara-Fuertes*
    Roberto Cámara-Fuertes (USDC-PR No. 219002)
    Sonia Colón (USDC-PR No. 213809)
    221 Ponce de León Avenue, 5th Floor
    San Juan, PR 00917
    Telephone: (787) 766-7000
    Facsimile: (787) 766-7001
    Email: rcamara@ferraiuoli.com
          scolon@ferraiuoli.com

**MILBANK LLP**

By: */s/ Atara Miller*
    Dennis F. Dunne (admitted *pro hac vice*)
    Atara Miller (admitted *pro hac vice*)
    Grant R. Mainland (admitted *pro hac vice*)
    John J. Hughes, III (admitted *pro hac vice*)
    55 Hudson Yards
    New York, NY 10001
    Telephone: (212) 530-5000
    Facsimile: (212) 530-5219
    Email: ddunne@milbank.com
          amiller@milbank.com
          gmainland@milbank.com
          jhughes2@milbank.com

***Attorneys for Ambac Assurance Corporation***

**REXACH & PICÓ, CSP**

By: */s/ María E. Picó*
    María E. Picó
    (USDC-PR No. 123214)
    802 Ave. Fernández Juncos
    San Juan, PR 00907-4315
    Telephone: (787) 723-8520
    Facsimile: (787) 724-7844
    Email: mpico@rexachpico.com

**BUTLER SNOW LLP**

By: */s/ Martin A. Sosland*
    Martin A. Sosland (admitted *pro hac vice*)
    2911 Turtle Creek Blvd., Suite 1400
    Dallas, TX 75219
    Telephone: (469) 680-5502
    Facsimile: (469) 680-5501
    Email: martin.sosland@butlersnow.com

    James E. Bailey III (admitted *pro hac vice*)
    Adam M. Langley (admitted *pro hac vice*)
    6075 Poplar Ave., Suite 500
    Memphis, TN 38119
    Telephone: (901) 680-7200
    Facsimile: (901) 680-7201
    Email: jeb.bailey@butlersnow.com
          adam.langley@butlersnow.com

***Attorneys for Financial Guaranty Insurance Company***

**CASELLAS ALCOVER & BURGOS P.S.C.**

By: /s/ *Heriberto Burgos Pérez*
    Heriberto Burgos Pérez
    (USDC-PR No. 204809)
    Ricardo F. Casellas-Sánchez
    (USDC-PR No. 203114)
    Diana Pérez-Seda
    (USDC-PR No. 232014)
    P.O. Box 364924
    San Juan, PR 00936-4924
    Telephone: (787) 756-1400
    Facsimile: (787) 756-1401
    Email: hburgos@cabprlaw.com
           rcasellas@cabprlaw.com
           dperez@cabprlaw.com

*Attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.*

**ADSUAR MUNIZ GOYCO SEDA & PEREZ-OCHOA PSC**

By: /s/ *Eric Perez-Ochoa*
    Eric Pérez-Ochoa
    USDC-PR No. 206,314
    Luis A. Oliver-Fraticelli
    USDC-PR No. 209,204
    208 Ponce de Leon Ave., Suite 1600
    San Juan, PR 00936
    Telephone: (787) 756-9000
    Fax: (787) 756-9010
    Email: epo@amgprlaw.com
           loliver@amgprlaw.com

*Attorneys for National Public Finance Guarantee Corp.*

**CADWALADER, WICKERSHAM & TAFT LLP**

By: /s/ *Howard R. Hawkins, Jr.*
    Howard R. Hawkins, Jr. (admitted *pro hac vice*)
    Mark C. Ellenberg (admitted *pro hac vice*)
    William J. Natbony (admitted *pro hac vice*)
    Thomas J. Curtin (admitted *pro hac vice*)
    Casey J. Servais (admitted *pro hac vice*)
    200 Liberty Street
    New York, NY 10281
    Telephone: (212) 504-6000
    Facsimile: (212) 504-6666
    Email: howard.hawkins@cwt.com
           mark.ellenberg@cwt.com
           bill.natbony@cwt.com
           thomas.curtin@cwt.com
           casey.servais@cwt.com

*Attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.*

**WEIL, GOTSHAL & MANGES LLP**

By: /s/ *Robert Berezin*
    Jonathan Polkes (admitted *pro hac vice*)
    Gregory Silbert (admitted *pro hac vice*)
    Robert Berezin (admitted *pro hac vice*)
    Kelly DiBlasi (admitted *pro hac vice*)
    Gabriel A. Morgan
    767 Fifth Avenue
    New York, NY 10153
    Telephone: (212) 310-8000
    Fax: (212) 310-8007
    Email: jonathan.polkes@weil.com
           gregory.silbert@weil.com
           robert.berezin@weil.com
           kelly.diblasi@weil.com
           gabriel.morgan@weil.com

*Attorneys for National Public Finance Guarantee Corp.*

| | |
|---|---|
| **REED SMITH LLP** | **SEPULVADO, MALDONADO & COURET** |
| By: */s/ Jared S. Roach* | By: */s/ Albéniz Couret Fuentes* |
|     Luke A. Sizemore (admitted *pro hac vice*) |     Albéniz Couret Fuentes |
|     Jared S. Roach (admitted *pro hac vice*) |     (USDC-PR No. 222207) |
|     225 Fifth Avenue, Suite 1200 |     304 Ponce de León Ave. Suite 990 |
|     Pittsburgh, PA 15222 |     San Juan, PR 00918 |
|     Telephone: (412) 288-3131 |     Telephone: (787) 765-5656 |
|     Facsimile: (412) 288-3063 |     Facsimile: (787) 294-0073 |
|     Email: lsizemore@reedsmith.com |     Email: acouret@smclawpr.com |
|           jroach@reedsmith.com | |
| | ***Attorneys for The Bank of New York Mellon as Fiscal Agent*** |
|     and | |
|     Kurt F. Gwynne (*admitted pro hac vice*) | |
|     1201 Market Street, Suite 1500 | |
|     Wilmington, DE 19801 | |
|     Email: kgwynne@reedsmith.com | |
|     Telephone: 302-778-7500 | |
|     Facsimile: 302-778-7575 | |
|     Email: kgwynne@reedsmith.com | |
| ***Attorneys for The Bank of New York Mellon as Fiscal Agent*** | |

| | |
|---|---|
| **MCCONNELL VALDÉS LLC**<br><br>270 Muñoz Rivera Avenue, Suite 7<br>Hato Rey, Puerto Rico 00918<br>PO Box 364225<br>San Juan, Puerto Rico 00936-4225<br>Telephone: 787-250-5632<br>Facsimile: 787-759-9225<br><br>By: /s/Arturo J. García-Solá<br>Arturo J. García-Solá<br>USDC No. 201903<br>Email: ajg@mcvpr.com<br><br>By: /s/Alejandro J. Cepeda-Diaz<br>Alejandro J. Cepeda-Diaz<br>USDC No. 222110<br>Email: ajc@mcvpr.com<br><br>By: /s/Nayuan Zouairabani<br>Nayuan Zouairabani<br>USDC No. 226411<br>Email: nzt@mcvpr.com<br><br>***Attorneys for AmeriNational Community Services, LLC as servicer for the GDB Debt Recovery Authority*** | **C. CONDE & ASSOC. LAW OFFICES**<br><br>By: /s/ Carmen D. Conde Torres<br>Carmen D. Conde Torres<br>(USDC No. 207312)<br>/s/ Luisa S. Valle Castro<br>Luisa S. Valle Castro<br>(USDC No. 215611<br>254 San José Street, Suite 5<br>San Juan, PR 00901-1523<br>Tel. 787-729-2900<br>Fax. 787-729-2203<br>E-Mail: condecarmen@condelaw.com<br><br>**SCHULTE ROTH & ZABEL LLP**<br><br>By: /s/ Douglas S. Mintz<br>Douglas S. Mintz (admitted *pro hac vice*)<br>901 Fifteenth Street, NW, Suite 800<br>Washington, D.C. 20005<br>Telephone: (202) 729-7470<br>Facsimile: (202) 730-4520<br>E-mail: dmintz@orrick.com<br><br>-and-<br><br>Douglas Koff (admitted pro hac vice)<br>Abbey Walsh (admitted pro hac vice)<br>Peter J. Amend (admitted pro hac vice)<br>919 Third Avenue<br>New York, N.Y. 10022<br>Tel: 212-756-2000<br>Fax: 212-593-5955<br>E-mail: douglas.koff@srz.com<br>abbey.walsh@srz.com<br>peter.amend@srz.com |

***Attorneys for Cantor-Katz Collateral Monitor LLC, as Collateral Monitor for GDB Debt Recovery Authority***

- 16 -

| | |
|---|---|
| **MONSERRATE SIMONET & GIERBOLINI, LLC** | **DECHERT LLLP** |
| */s/ Dora L. Monserrate Penagaricano* | */s/ Allan S. Brilliant* |
| Dora L. Monserrate-Penagaricano | Allan S. Brilliant (pro hac vice) |
| USDC-PR No. 212612 | Yehuda Goor (pro hac vice) |
| Fernando J. Gierbolini-Gonzalez | 1095 Avenue of the Americas |
| USDC-PR No. 211901 | New York, New York 10036 |
| Richard J. Schell | Tel: (212) 698-3500 |
| USDC-PR No. 305811 | Fax: (212) 698-3599 |
| 101 San Patricio Avenue | |
| Maramar Plaza, Suite 1120 | -and- |
| Guaynabo, Puerto Rico 00968 | |
| Phone: (787) 620-5300 | G. Eric Brunstad, Jr. (pro hac vice) |
| Fax: (787) 620-5305 | 90 State House Square |
| | Hartford, Connecticut 06103 |
| | Tel: (860) 524-3960 |
| ***Attorneys for Peaje Investments LLC*** | Fax: (860) 524-3930 |
| | |
| | -and- |
| | |
| | Stuart T. Steinberg (pro hac vice) |
| | Cir Centre |
| | 2929 Arch Street |
| | Philadelphia, Pennsylvania 19104 |
| | Tel: (215) 994-2521 |
| | Fax: (215) 994-2222 |
| | |
| | ***Attorneys for Peaje Investments LLC*** |

**CERTIFICATE OF SERVICE**

I hereby certify that, on July 23, 2021, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants in this case.

/s/ *Hermann D. Bauer*
Hermann D. Bauer