# EXHIBIT A

## (The Government Parties' and Defendants' Proposed Order)

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS |
| AMERINATIONAL COMMUNITY SERVICES, LLC, as Servicer for the GDB Debt Recovery Authority and CANTOR-KATZ COLLATERAL MONITOR LLC,<br><br>Plaintiffs, | Adv. Proc. No. 21-00068-LTS |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

|  |
|---|
| -v- <br><br> AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION, FINANCIAL GUARANTY INSURANCE COMPANY, PEAJE INVESTMENTS LLC, and THE BANK OF NEW YORK MELLON, as Fiscal Agent,[2] <br><br> Defendants. |

**[PROPOSED] ORDER ON JOINT STATUS REPORT PURSUANT TO COURT ORDER DATED JULY 16, 2021, WITH RESPECT TO (I) DRA PARTIES ADMINISTRATIVE EXPENSE CLAIM MOTION AND (II) DRA ADVERSARY PROCEEDING**

---

[2] Schulte Roth & Zabel LLP appears as counsel to the Collateral Monitor with respect to all parties except The Bank of New York Mellon, as Fiscal Agent.

Upon consideration of the *Joint Status Report Pursuant to Court Order Dated July 16, 2021, with Respect to (I) DRA Parties Administrative Expense Claim Motion and (II) DRA Adversary Proceeding* (the "Joint Status Report"), filed by the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth") and the Puerto Rico Highways and Transportation Authority ("HTA") (collectively "Debtors") pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF" and, together with the Oversight Board, the "Government Parties"), AmeriNational Community Services, LLC (the "Servicer"), as servicer for the GDB Debt Recovery Authority (the "DRA"), and Cantor-Katz Collateral Monitor LLC, which serves as the collateral monitor for Wilmington Trust, N.A. in connection with the new bonds issued by the DRA (the "Collateral Monitor," and together with the Servicer, collectively, the "DRA Parties" or "Plaintiffs"), Ambac Assurance Corporation ("Ambac"), Assured Guaranty Corp. and Assured Guaranty Municipal Corp. (jointly, "Assured"), National Public Finance Guarantee Corporation ("National"), Financial Guaranty Insurance Company ("FGIC", and collectively with Ambac, Assured, and National, the "Monolines"), Peaje Investments LLC ("Peaje"), and The Bank of New York Mellon, as Fiscal Agent ("BNYM", and collectively with the Monolines and Peaje, the "Defendants") (collectively, the "Parties") regarding (i) *The DRA Parties' Motion for Allowance of an Administrative Expense Claim* (ECF No. 17009 in Case No.17-03283-LTS) (the "Administrative Expense Claim Motion") and (ii) the adversary proceeding captioned *AmeriNational Community Services, LLC, et al. v. Ambac Assurance Corporation, et al.*, Adv. Proc. No. 21-00068 (the "DRA Adversary Proceeding"), and it appearing that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and

48 U.S.C. § 2166(a); (ii) venue of this proceeding and this matter is proper under 28 U.S.C. § 1391(b) and 48 U.S.C. § 2167(a); and after due deliberation and good cause appearing therefor, it is hereby ORDERED that:

1. The Government Parties are directed to prepare and submit an urgent motion on or before July 28, 2021, at 5:00 p.m. (Atlantic Standard Time) seeking the intervention of the Government Parties, for all purposes, with respect to Counts I, II and IV of the DRA Adversary Proceeding.[3] The DRA Parties shall file a response to the urgent motion by no later than 5:00 pm AST, Monday, August 2, 2021. The Government Parties shall file a reply, if any, no later than Noon AST, Thursday, August 5, 2021. The Court will thereafter take the matter under submission. However, for the avoidance of doubt and in view of the DRA Parties' lack of objection thereto, the Government Parties are permitted to file and have the Court rule upon the motions described in paragraph 2 below.

2. The following briefing schedule and process will apply with respect to the DRA Adversary Proceeding and DRA Parties' Administrative Expense Claim Motion:

    ### *DRA Adversary Proceeding*

    a. The Government Parties and Defendants shall file motions to dismiss or other motions directed to the Adversary Complaint in the DRA Adversary Proceeding (the "Dispositive Motions") on or before August 26, 2021. To the extent any Defendant to the DRA Adversary Proceeding or Government Party does not file a Dispositive Motion against any specific Count, the DRA Adversary

---

[3] This Order is without prejudice to the Government Parties seeking intervention with respect to Count III at a later date.

Proceeding will be stayed as to such Defendant or Government Party as to such Count(s) until the issues raised by Plaintiffs in the DRA Adversary Proceeding are resolved either by the Dispositive Motions or as part of Plan confirmation proceedings for the Fifth Amended Plan of Adjustment, as it may be amended..

b. The DRA Parties shall respond to the Dispositive Motions on or before September 23, 2021.

c. The Government Parties and Defendants shall file replies in support of the Dispositive Motions on or before October 8, 2021.

### *Administrative Expense Claim Motion*

d. The Oversight Board (or the Government Parties collectively) shall file oppositions to the Administrative Expense Claim Motion on or before September 9, 2021, including for DRA's lack of standing to bring such a motion.

e. The DRA Parties shall file a reply in support of the Administrative Expense Claim Motion on or before September 24, 2021.

### *Issues to Be Raised Within Confirmation Proceedings*

3. To the extent any issues raised in the DRA Adversary Proceeding the Dispositive Motions and/or the Administrative Expense Claim Motion are not resolved prior to the confirmation hearing on the Fifth Amended Plan of Adjustment, as it may be amended, the Court shall hear and determine such issues, which shall merge into the confirmation hearing and be determined as part of Plan confirmation. In this regard, and in the absence of a further Court order, the Parties shall, with respect to all issues raised in the DRA Adversary Proceeding, the Dispositive Motions and/or the

Administrative Expense Claim Motion, make the necessary submissions and take all necessary actions in compliance with the Court's scheduling and procedure Orders concerning the confirmation proceedings relating to the Fifth Amended Plan of Adjustment, as it may be amended, including the filing of objections to the Plan (and replies thereto) relating to such issues.[4]

### Hearing on Dispositive Motions and Administrative Expense Claim Motion

4. A hearing on the Dispositive Motions and the Administrative Expense Claim Motion will be held on _____ at _____ .m. AST.

SO ORDERED.

Dated: July \_\_\_, 2021

                                                                     LAURA TAYLOR SWAIN
                                                                     United States District Judge

---

[4] This Order is entered without prejudice to the Parties' right to submit motions or objections in the Plan confirmation proceedings, to the extent necessary to fully resolve their existing disputes as reflected in the DRA Adversary Proceeding, the Dispositive Motions and/or the Administrative Expense Claim Motion.