# EXHIBIT B

## (The DRA Parties' Proposed Order)

## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS |
| AMERINATIONAL COMMUNITY SERVICES, LLC, as Servicer for the GDB Debt Recovery Authority and CANTOR-KATZ COLLATERAL MONITOR LLC,<br><br>Plaintiffs, | Adv. Proc. No. 21-00068-LTS |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

-v-

AMBAC ASSURANCE CORPORATION,
ASSURED GUARANTY CORP., ASSURED
GUARANTY MUNICIPAL CORP., NATIONAL
PUBLIC FINANCE GUARANTEE
CORPORATION, FINANCIAL GUARANTY
INSURANCE COMPANY, PEAJE INVESTMENTS
LLC, and THE BANK OF NEW YORK MELLON,
as Fiscal Agent,[2]

Defendants.

**[PROPOSED] ORDER ON JOINT STATUS REPORT PURSUANT TO COURT ORDER
DATED JULY 16, 2021, WITH RESPECT TO (I) DRA PARTIES ADMINISTRATIVE
<u>EXPENSE CLAIM MOTION AND (II) DRA ADVERSARY PROCEEDING</u>**

---

[2] Schulte Roth & Zabel LLP appears as counsel to the Collateral Monitor with respect to all parties except The Bank of New York Mellon, as Fiscal Agent.

Upon consideration of the *Joint Status Report Pursuant to Court Order Dated July 16, 2021, with Respect to (I) DRA Parties Administrative Expense Claim Motion and (II) DRA Adversary Proceeding* (the "Joint Status Report"), filed by the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth") and the Puerto Rico Highways and Transportation Authority ("HTA") (collectively "Debtors") pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF" and, together with the Oversight Board, the "Government Parties"), AmeriNational Community Services, LLC (the "Servicer"), as servicer for the GDB Debt Recovery Authority (the "DRA"), and Cantor-Katz Collateral Monitor LLC, which serves as the collateral monitor for Wilmington Trust, N.A. in connection with the new bonds issued by the DRA (the "Collateral Monitor," and together with the Servicer, collectively, the "DRA Parties" or "Plaintiffs"), Ambac Assurance Corporation ("Ambac"), Assured Guaranty Corp. and Assured Guaranty Municipal Corp. (jointly, "Assured"), National Public Finance Guarantee Corporation ("National"), Financial Guaranty Insurance Company ("FGIC", and collectively with Ambac, Assured, and National, the "Monolines"), Peaje Investments LLC ("Peaje"), and The Bank of New York Mellon, as Fiscal Agent ("BNYM", and collectively with the Monolines and Peaje, the "Defendants") (collectively, the "Parties") regarding (i) *The DRA Parties' Motion for Allowance of an Administrative Expense Claim* (ECF No. 17009 in Case No.17-03283-LTS) (the "Administrative Expense Claim Motion") and (ii) the adversary proceeding captioned *AmeriNational Community Services, LLC, et al. v. Ambac Assurance Corporation, et al.*, Adv. Proc. No. 21-00068 (the "DRA Adversary Proceeding"), and it appearing that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and

- 3 -

48 U.S.C. § 2166(a); (ii) venue of this proceeding and this matter is proper under 28 U.S.C. § 1391(b) and 48 U.S.C. § 2167(a); and after due deliberation and good cause appearing therefor, it is hereby ORDERED that:

1. The Government Parties are permitted to intervene as defendants in the DRA Adversary Proceeding, but the Court reserves judgment on the appropriate scope of this intervention.  In this regard, the Government Parties are permitted to file and have the Court rule upon the motions described in paragraph 3 below.

2. The Government Parties are directed to prepare and submit an urgent motion on or before July 28, 2021, at 5:00 p.m. (Atlantic Standard Time) identifying the scope of the intervention of the Government Parties request, for all purposes, with respect to Counts I, II and IV of the DRA Adversary Proceeding.[3]  The DRA Parties shall file a response to the urgent motion by no later than 5:00 pm AST, Monday, August 2, 2021.  The Government Parties shall file a reply, if any, no later than Noon AST, Thursday, August 5, 2021.  The Court will thereafter take the matter under submission.

3. The following briefing schedule and process will apply with respect to the DRA Adversary Proceeding and DRA Parties' Administrative Expense Claim Motion:

   **_DRA Adversary Proceeding_**

   a. The Government Parties and Defendants shall file motions to dismiss or other motions appropriate for this stage in the adversary proceeding directed to the Adversary Complaint in the DRA Adversary Proceeding (the "Dispositive

---

[3] This Order is without prejudice to the Government Parties seeking intervention with respect to Count III at a later date.

- 4 -

Motions") on or before August 26, 2021.  To the extent any Defendant to the DRA Adversary Proceeding or Government Party does not file a Dispositive Motion against any specific Count, such Defendant or Government Party will be deemed to have responded to such Count by an answer denying the allegations supporting that Court without the need to file any further paper.

b.  The DRA Parties shall respond to the Dispositive Motions on or before September 23, 2021.

c.  The Government Parties and Defendants shall file replies in support of the Dispositive Motions on or before October 8, 2021.

### *Administrative Expense Claim Motion*

d.  The Oversight Board (or the Government Parties collectively) shall file oppositions to the Administrative Expense Claim Motion on or before September 9, 2021, which may also address the DRA's standing to bring such a motion.

e.  The DRA Parties shall file a reply in support of the Administrative Expense Claim Motion on or before September 24, 2021.

4.  This Order is entered without prejudice to the Parties' right to submit motions or objections in the Plan confirmation proceedings, and to otherwise fully resolve their existing disputes as reflected in the DRA Adversary Proceeding, the Dispositive Motions and/or the Administrative Expense Claim Motion.

### _Hearing on Dispositive Motions and Administrative Expense Claim Motion_

5.  A hearing on the Dispositive Motions and the Administrative Expense Claim Motion

will be held on _____ at _____ _.m. AST.

SO ORDERED.

Dated: July ___, 2021

_____
LAURA TAYLOR SWAIN
United States District Judge