## EXHIBIT A

**Complaint -** ***R&D Master Enterprises, Inc. v. Financial Oversight and Management Board
for Puerto Rico*** **(No. 3:21-cv-1317)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **R&D MASTER ENTERPRISES, INC., PRO PAVE CORP., MATRIX TRANSPORT INC., JOSÉ A. ROVIRA GONZÁLEZ, his spouse MARÍA MAGDALENA DÍAZ VILA, and the conjugal legal partnership comprised by them,** | **Case No.:** |
| **Plaintiffs** | |
| **vs.** | **Re: Mandamus, Injunctive and Declaratory Relief** |
| **THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO and NATALIE JARESKO, in her official capacity as Executive Director of the Financial Oversight and Management Board for Puerto Rico,** | **Jury Trial Demanded** |
| **Defendants** | |

## COMPLAINT

**TO THE HONORABLE COURT:**

    **COMES NOW** R&D Master Enterprises, Inc., Pro Pave Corp., Matrix Transport, Inc., José A. Rovira González, his spouse María Magdalena Díaz Vila, and the conjugal legal partnership comprised by them (collectively, the "Plaintiffs"), through their undersigned legal counsel, and very respectfully allege and pray against the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") and Natalie Jaresko, in her official capacity as Executive President of the Oversight Board (collectively, the "Defendants"), as follows:

1

## I.    <u>JURISDICTION</u>

1.    The United States District Court for the District of Puerto Rico has subject-matter jurisdiction over the claims asserted in this Complaint under 28 U.S.C. § 1331. The present causes of action are brought by the Plaintiffs against the Defendants under 42 U.S.C. § 1983, the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, the Puerto Rico Oversight, Management and Economic Stability Act, 48 U.S.C. § 2101 et seq. (the "PROMESA Act"), and the policies adopted by the Oversight Board under the PROMESA Act. The Defendants have acted or omitted to act under color of law to violate, and to continue to violate, the Plaintiffs' rights under the Constitution of the United States of America ("Constitution"), the PROMESA Act, and the policies adopted by the Oversight Board under the PROMESA Act. Specifically, the Defendants have willfully violated the Constitution's Fourteenth Amendment Due Process Clause and Equal Protection Clause, respectively, as well as the PROMESA Act and the standing policies adopted thereunder by the Oversight Board in relation to its obligatory review of all Puerto Rico government contracts having a transactional value of $10 million or more. Plaintiffs request mandamus, preliminary and permanent injunctive and declaratory relief.

## II.    <u>PARTIES</u>

2.    Plaintiff R&D Master Enterprises, Inc. is a private corporation incorporated under the laws of the Commonwealth of Puerto Rico, with legal capacity to sue and be sued, whose address is San Isidro Industrial Park, PR-188, Km. 0.7, Canóvanas, Puerto Rico 00729.

3.    Plaintiff Pro Pave Corp. is a private corporation incorporated under the laws of the Commonwealth of Puerto Rico, with legal capacity to sue and be sued, whose

address is San Isidro Industrial Park, PR-188, Km. 0.7, Canóvanas, Puerto Rico 00729.

4.     Plaintiff Matrix Transport, Inc. is a private corporation incorporated under the laws of the Commonwealth of Puerto Rico, with legal capacity to sue and be sued, whose address is San Isidro Industrial Park, PR-188, Km. 0.7, Canóvanas, Puerto Rico 00729.

5.     Plaintiffs José A. Rovira González and María Magdalena Díaz Vila are private citizens of legal age, married to each other, executives and residents of Guaynabo, Puerto Rico, whose address is Calle 2 C-2, Urb. Villa Mercedes, Guaynabo, Puerto Rico 00971.

6.     Defendant Oversight Board is an autonomous governmental instrumentality of the Commonwealth of Puerto Rico created under the PROMESA Act, with legal capacity to sue and be sued, with the purpose of providing a method for the Commonwealth of Puerto Rico to achieve fiscal responsibility and access to the capital markets, whose address is P.O. Box 192018, San Juan, Puerto Rico 00919-2018.

7.     Defendant Natalie Jaresko is a natural person who occupies the position of Executive President of the Oversight Board and is being sued in her official capacity together with the Oversight Board, whose address is P.O. Box 192018, San Juan, Puerto Rico 00919-2018.

## III.   NATURE OF THE CASE

8.     This case is brought by the Plaintiffs against the Defendants as a result of the Defendants' willful violations of the Constitution's Fourteenth Amendment Due Process Clause and Equal Protection Clause, respectively, as well as the Defendants' selective failure to comply with the PROMESA Act and the FOMB Policy (Review of

Contracts) adopted by the Oversight Board on November 6, 2017, as amended on April 30, 2021 (the "FOMB's Contract Review Policy"), via the Defendants' biased, unlawful, arbitrary, and capricious denial to implement the FOMB's Contract Review Policy in relation to a specific government contract that is causing economic injury to the Plaintiffs. The Plaintiffs contend that the Oversight Board carries the legal obligation to either approve or reject all Puerto Rico government contracts having a transactional value of $10 million or more, without exclusion, in accordance with the FOMB's Contract Review Policy. The Plaintiffs further contend that the Oversight Board cannot lawfully deny reviewing a particular Puerto Rico government contract having a transactional value of $10 million or more, in accordance with the FOMB's Contract Review Policy, as it has so denied to review, without any expression of just cause or other legal justification of merit permitted under the PROMESA Act.

## IV.    DETAILED ALLEGATIONS

9.      The Economic Development Bank for Puerto Rico (*Banco de Desarrollo Económico para Puerto Rico*) (by its Spanish acronym, the "BDE") is a covered instrumentality under the PROMESA Act and its regulations, and is subject to the standing policies adopted by the Oversight Board in connection with the revision and approval of Puerto Rico government contracts. It is important to note that the BDE is also a federally funded governmental instrumentality.

10.     On September 7, 2018, the BDE and a private foreign investor named PR Recovery and Development JV, LLC ("PR Recovery") entered into that certain Loan Sale Agreement (hereinafter, the "Loan Sale Agreement"), pursuant to which the BDE unlawfully transferred a $384,269,047.00 loan portfolio to PR Recovery, at a 91%

4

liquidation discount, <u>without first having submitted the Loan Sale Agreement to the Oversight Board for its prior evaluation and approval</u>, and under other highly suspect circumstances --including allegations of fraud -- which are the object of ongoing litigation.[1]

11.    The BDE was represented in the negotiation, drafting and execution of the Loan Sale Agreement by its former President, Mr. Luis Burdiel Agudo, and by its former Chief Financial Officer, Mr. Gilberto Hernández Negrón.

12.    The BDE's former President, Mr. Luis Burdiel Agudo, recently pleaded guilty of two state felonies involving moral turpitude ("*depravación moral*") that directly relate to the lawless manipulation of the Loan Sale Agreement.[2]  Mr. Burdiel is pending sentencing as of the date of the filing of this Complaint.

13.    The Loan Sale Agreement, at page 30, explicitly identifies the law firm O'Neill & Borges, LLC as counsel to PR Recovery in that transaction.  By information and belief, the law firm O'Neill & Borges LLC represented PR Recovery in all aspects concerning the negotiation, drafting and execution of the Loan Sale Agreement.

14.    Coincidentally, the law firm O'Neill & Borges, LLC also simultaneously served as local counsel to the Oversight Board at the time of the negotiation, drafting and execution of the Loan Sale Agreement, and continues to serve as local counsel to the Oversight Board to this date.  This fact presents an embarrassing conflict of interest that the Oversight Board and PR Recovery have failed to address up to date, for reasons that remain unknown.

15.    No public record exists of the Oversight Board's approval or rejection of

---

[1] See the entire docket of Civil Case Number SJ2019CV11697, pending before the Puerto Rico Court of First Instance, San Juan Part.

[2] See Criminal Case Number KEG2020G0024, *Pueblo de Puerto Rico v. Luis Burdiel Agudo*, and Criminal Case Number KLE2020G0445, *Pueblo de Puerto Rico v. Luis Burdiel Agudo*, respectively.

the Loan Sale Agreement entered into by and between the BDE and PR Recovery, as formally required under Section 204(b) of the PROMESA Act, 48 U.S.C. § 2143(b), and the FOMB's Contract Review Policy.

16.    Senior executives of the Oversight Board have formally certified in writing that the Loan Sale Agreement was never submitted to the Oversight Board for evaluation and approval prior to execution, as formally required under the PROMESA Act and the FOMB's Contract Review Policy.

17.    The BDE, PR Recovery and PR Recovery's legal counsel (in turn, also the Oversight Board's own legal counsel), with clear and present knowledge of the legal formalities imposed by the PROMESA Act and the FOMB's Contract Review Policy, collectively failed to submit the Loan Sale Agreement to the Oversight Board for review prior to its execution.

18.    The $384,269,047.00 Loan Sale Agreement (transacted by the BDE and PR Recovery without the Oversight Board's approval) far exceeds the $10 million benchmark that triggers compliance with the Oversight Board's strict standing policy as to contract review and approval.

19.    The BDE and PR Recovery collectively failed to apply for and/or otherwise procure the Oversight Board's transaction approval of the Loan Sale Agreement prior to the parties' execution of the Loan Sale Agreement and/or prior to the BDE's disposition of the BDE loan portfolio, in willful violation of the FOMB's Contract Review Policy.

20.    Routinely, the Oversight Boards flexes its statutory powers under the PROMESA Act to challenge, contest and/or object to all types of laws and contracts of the Commonwealth of Puerto Rico, including *de minimis* transactions that bear negligible

impact to the fiscal plan of the Government of Puerto Rico.

21.     Oddly, the Oversight Board has repeatedly denied taking any action whatsoever with respect to its evaluation of the $384,269,047.00 Loan Sale Agreement, either to approve it or to reject it.

22.     As has been previously asserted by the BDE in several court pleadings, the disposition of the BDE loan portfolio undertaken by the BDE and PR Recovery pursuant to the Loan Sale Agreement instantly thrust the BDE into a position of insolvency.[3] Presumably, the Loan Sale Agreement was never notified to the Oversight Board, intentionally, because the Oversight Board would have never approved the underlying disposition, a sham transaction to defraud the BDE and its borrowers, such as Plaintiffs.

23.     Shortly after the execution of the Loan Sale Agreement, PR Recovery initiated aggressive collection and foreclosure actions against hundreds of debtors whose commercial loans were originated by the BDE at inception, including certain commercial loans extended by the BDE to the Plaintiffs.

24.     On November 7, 2019, the BDE filed a civil complaint against PR Recovery before the Puerto Rico Court of First Instance, San Juan Part, under Civil Case Number SJ2019CV11697, demanding that the Loan Sale Agreement be judicially declared null and void, seeking that the entire $384,269,047.00 BDE loan portfolio be reverted to the BDE, and requesting other judicial relief.

25.     A very large and substantial number of the loan agreements forming part of the BDE loan portfolio transferred by the BDE to PR Recovery under the Loan Sale Agreement contain contractual restrictions that expressly prohibit the BDE from

---

[3] See the entire docket of Civil Case Number SJ2019CV11697, pending before the Puerto Rico Court of First Instance, San Juan Part.

transferring the underlying BDE loans to any assignee that is not a bank, a trust, or a financial institution.

26.    PR Recovery is a limited liability company organized under the laws of the State of Delaware that is not authorized to do business in the Commonwealth of Puerto Rico.

27.    PR Recovery is not a bank[4], a trust[5], or a financial institution[6].

28.    PR Recovery operates as a foreign investment fund, and therefore cannot be characterized as a financial institution.[7]

29.    To the knowledge of the Plaintiffs, PR Recovery does not hold a trust or banking license of any sort.

30.    PR Recovery is not an eligible assignee of all BDE loans purportedly transferred to PR Recovery under the Loan Sale Agreement, to the extent that the underlying loan agreements comprising the subject portfolio contain contractual restrictions that expressly prohibit the BDE from transferring same to any assignee (such as PR Recovery) that is not a bank, a trust, or a financial institution.

31.    Hundreds of individual debtors of the BDE like the Plaintiffs, comprised of small business owners and families located throughout the island, are being deceptively coerced under false pretenses to pay monies to PR Recovery and/or to surrender assets to PR Recovery.

32.    As a bank operating under the laws of the Commonwealth of Puerto Rico, the BDE has completely disregarded the fiduciary responsibilities owed to the clients of

---

[4] See P.R. Laws Ann. Tit. 7 § 3(c).
[5] See P.R. Laws Ann. Tit. 32 § 3351.
[6] See P.R. Laws Ann. Tit. 13 § 30137(f)(4).
[7] See Meridian Sunrise Village, LLC v. NB Distressed Debt Investment Fund Ltd., 2014 WL 909219 (W.D. Wash., March 7, 2014).

the BDE whose loans were unlawfully transferred under the Loan Sale Agreement to PR Recovery, a non-eligible assignee, without their knowledge, and without first having secured their individual written consents.

33. As of the date of this Complaint, PR Recovery has knowingly, willfully and in bad faith filed hundreds of debt collection and foreclosure complaints before the courts of the Commonwealth of Puerto Rico and has defiantly obstructed the discovery of evidence that is entirely material and pertinent as to the non-eligible character of PR Recovery to collect and foreclose on the BDE loans that it obtained through the Loan Agreement, a sham transaction.

34. To date, the Oversight Board has neglected to take any type of action under the PROMESA Act and the FOMB's Contract Review Policy in relation to the ill-conceived Loan Sale Agreement.

35. One of the Oversight Board's primary missions is to ensure that Puerto Rico government contracts, such as the Loan Sale Agreement, comply with the Commonwealth of Puerto Rico's fiscal plan and the intent of the PROMESA Act.

36. The Oversight Board's approval or rejection of the Loan Sale Agreement is not discretional, optional or by its own convenience, particularly in light of the fact that the Loan Sale Agreement was intentionally circumvented away from the Oversight Board's inspection by the Oversight Board's own legal counsel and to financially benefit a private party, *sub silentio*.

37. The Oversight Board possesses the legal power and federal authority to declare null and void *ab initio* the Loan Sale Agreement entered into by and between the BDE and PR Recovery, declaration that will benefit the BDE's and Puerto Rico's fiscal

condition.

38.     More important to the case at hand, the Oversight Board carries the statutory

mandate and ministerial duty ("*deber ministerial*") to examine the Loan Sale Agreement

in accordance with the FOMB's Contract Review Policy.  The Defendant's cannot continue

to ignore the Loan Sale Agreement and delay the Oversight Board's own compliance with

the legal formalities imposed by the PROMESA Act and the FOMB's Contract Review

Policy.

39.     Section 204(b)(5) of the PROMESA Act, 48 U.S. 2144(b)(5), expressly

states as follows:

>     "(5) FAILURE TO COMPLY.— **If a contract**, rule, regulation, or
> executive order **fails to comply with policies established by the Oversight
> Board under this subsection, the Oversight Board may take such
> actions as it considers necessary to ensure that such contract**, rule,
> executive order or regulation **will not adversely affect the territorial
> government's compliance with the Fiscal Plan, including by preventing
> the** execution or **enforcement of the contract**, rule, executive order or
> regulation."  (Emphasis added.)

40.     The Plaintiffs assert that it is the ministerial duty ("*deber ministerial*") of

the Oversight Board and its executive team to evaluate all Puerto Rico government

contracts having a transactional valuation of $10 million or more (such as the

$384,269,047.00 Loan Sale Agreement); such ministerial duty ("*deber ministerial*") being

of an ongoing and continuing nature as to those material contracts (such as the Loan Sale

Agreement) known to have been circumvented away from the Oversight Board's

inspection prior to their execution. [8]

41.     The Oversight Board carries the ongoing and continuing statutory

obligation to scrutinize the $384,269,047.00 Loan Sale Agreement that was purposefully

---

[8] See the FOMB Policy: Review of Contracts adopted on November 6, 2017, as amended on April 30, 2021.

diverted away from the Oversight Board's revision and approval process and which the BDE, an instrumentality of the Government of Puerto Rico, has characterized in public court pleadings as a multimillion-dollar fraud.[9]

42.     To rule on this type of misconduct in Puerto Rico government contracting is the very reason that the Oversight Board exists; in order "*to make the government contracting process more effective*", "*to increase the public's faith in this process*", and to ensure that Puerto Rico government contracts (such as the Loan Sale Agreement) "*promote market competition*" and "*are not inconsistent with the approved fiscal plan.*"

43.     The Loan Sale Agreement must be examined by the Oversight Board, immediately and without delay, either to approve it or to reject it.

44.     The inaction of the Oversight Board in relation to the Loan Sale Agreement is contrary to, and inconsistent with, the spirit of the PROMESA Act, the FOMB's Contract Review Policy, and the Oversight Board's own past practices, historical precedents and prospective ministerial duties.

45.     The Oversight Board's persistence to "look the other way" in relation to this controversial disposition of substantial government assets is tantamount to enabling a questionable transaction that has already been proven to have been maliciously circumvented away from the Oversight Board's revision and approval processes under the FOMB's Contract Review Policy.

46.     The Oversight Board cannot lawfully evade or sidestep its own compliance with the PROMESA Act and the FOMB's Contract Review Policy, especially considering all the civil and criminal irregularities that permeate the $384,269,047.00 Loan Sale

---

[9] See the entire docket of Civil Case Number SJ2019CV11697, pending before the Puerto Rico Court of First Instance, San Juan Part.

Agreement.

47. The Oversight Board must act to either approve or reject the $384,269,047.00 Loan Sale Agreement, without continuing to ignore its own federal mandate and past precedents, after having dutifully inspected all disclosure documentation and information required per the FOMB's Contract Review Policy, including, without limitation:

(a) The identity of PR Recovery and the parent organization of PR Recovery;

(b) The identity of all persons and entities having full authority to act on behalf of PR Recovery;

(c) The identity of all entities or individuals with an ownership or membership interest, as the case may be, equal to or higher than ten percent (10%) in PR Recovery;

(d) The state of organization of PR Recovery;

(e) A full and complete package containing all RFP information conducive to the granting of the award of the $384,269,047.00 Loan Sale Agreement to PR Recovery;

(f) A true and complete copy of the requisite Contractor Certification signed by the Chief Executive Officer of PR Recovery under penalty of perjury; and

(g) All other documentation and information required under the FOMB's Contract Review Policy.

48. The PROMESA Act exists to promote transparency in government contracting. The $384,269,047.00 Loan Sale Agreement that thrust the BDE to its own

present insolvency is no exception to the rule and must be scrutinized by the Oversight Board, *ex post facto*, to either approve it or to declare it null and void.

## V. CAUSES OF ACTION

### A. First Cause of Action: Violation of Due Process

49. The Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 48, as if fully set forth herein.

50. The Oversight Board's willful denial to evaluate the Loan Sale Agreement as mandated under the PROMESA Act, the FOMB's Contract Review Policy and past precedents, is biased, unjustified, arbitrary and violates the Plaintiffs' due process of law. PR Recovery cannot claim any proprietary interest in the assets that it purportedly acquired under the Loan Sale Agreement and/or institute any claim against the Plaintiffs until such time as the Oversight Board first reviews the Loan Sale Agreement and takes formal affirmative action to approve it by majority vote of its members at a duly convened meeting at which quorum is present.

51. The Oversight Board's willful omission to comply with the statutory formalities of the PROMESA Act, the FOMB's Contract Review Policy and past precedents violates the Plaintiffs' due process rights, and the Plaintiffs are entitled to have this Honorable Court compel the Oversight Board to either approve or reject the $384,269,047.00 Loan Sale Agreement, without continuing to ignore the Oversight Board's own federal mandate and adopted policies and processes.

### B. Second Cause of Action: Equal Protection of the Laws

52. The Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 51, as if fully set forth herein.

53.     The Oversight Board's willful denial to evaluate the Loan Sale Agreement as mandated under the PROMESA Act, the FOMB's Contract Review Policy and past precedents, is disparate and discriminatory in relation to other proposed Puerto Rico laws and contracts that the Oversight Board has in the past evaluated and taken enforcement action on.   PR Recovery cannot claim any proprietary interest in the assets that it purportedly acquired under the Loan Sale Agreement and/or institute any claim against the Plaintiffs until such time as the Oversight Board first reviews the Loan Sale Agreement and takes formal affirmative action to approve it by majority vote of its members at a duly convened meeting at which quorum is present.

54.     The Oversight Board's willful omission to comply with the statutory formalities of the PROMESA Act, the FOMB's Contract Review Policy and past precedent violates the Plaintiffs' constitutional right to an equal protection of the laws, and the Plaintiffs are entitled to have this Honorable Court compel the Oversight Board to either approve or reject the $384,269,047.00 Loan Sale Agreement, without continuing to ignore the Oversight Board's own federal mandate and adopted policies and processes.

### C.     Third Cause of Action:  Violation of the PROMESA Act

55.     The Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 54, as if fully set forth herein.

56.     The Oversight Board's willful denial to evaluate the Loan Sale Agreement is in violation of the PROMESA Act and the FOMB's Contract Review Policy. PR Recovery cannot claim any proprietary interest in the assets that it purportedly acquired under the Loan Sale Agreement and/or institute any claim against the Plaintiffs until such time as the Oversight Board first reviews the Loan Sale Agreement and takes formal

affirmative action to approve it by majority vote of its members at a duly convened meeting at which quorum is present.

57.     The Oversight Board's willful omission to comply with the statutory formalities of the PROMESA Act and the FOMB's Contract Review Policy are contrary to law, and the Plaintiffs are entitled to have this Honorable Court compel the Oversight Board to either approve or reject the $384,269,047.00 Loan Sale Agreement, without continuing to ignore the Oversight Board's own federal mandate and adopted policies and processes.

**D.     Fourth Cause of Action:   Declaratory and Injunctive Relief and Mandamus**

58.     The Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 57, as if fully set forth herein.

59.     Pursuant to the provisions of the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., the Plaintiffs seeks a declaratory judgment from this Honorable Court, to the effect that the Oversight Board's willful denial to evaluate the Loan Sale Agreement is unconstitutional and illegal inasmuch as: (a) it violates the Plaintiffs' constitutional right to due process; (b) it deprives the Plaintiffs' constitutional right to an equal protection of the laws; and (c) it violates and contravenes the PROMESA Act and the FOMB's Contract Review Policy.  The Oversight Board's continued negligence or omission in acting upon the Loan Sale Agreement is financially benefitting one or more private parties, and inflicting economic loss and injury to the BDE, Puerto Rico, the Plaintiffs and other third parties.

60.     Pursuant to the provisions of the Federal Declaratory Judgment Act, this

Honorable Court must rule that the Oversight Board's willful denial to evaluate the Loan Sale Agreement is biased, arbitrary and inconsistent with the PROMESA Act, the FOMB's Contract Review Policy and the Oversight Board's past precedents in relation to other Puerto Rico government contracts. PR Recovery cannot claim any proprietary interest in the assets that it purportedly acquired under the Loan Sale Agreement and/or institute any claim against the Plaintiffs until such time as the Oversight Board first reviews the Loan Sale Agreement and takes formal affirmative action to approve it by majority vote of its members at a duly convened meeting at which quorum is present.

61.     Pursuant to Fed. R. Civ. P. 65(a), the Plaintiffs request that an injunction be issued to mandate the Oversight Board to either approve or reject the $384,269,047.00 Loan Sale Agreement, without continuing to ignore the Oversight Board's own federal directive and adopted policies and processes.

## VI.     PETITION

**WHEREFORE**, the Plaintiffs request this Honorable Court to grant the remedies petitioned in this Complaint, and such other legal and equitable relief as the Honorable Court deems just and proper.

## VII.     RESERVATION OF RIGHTS

The Plaintiffs hereby reserve the right to further amend this Complaint upon completion of further investigation, and to assert any additional claims for relief against the Defendants or other parties as may be warranted by law.

## VIII.     JURY TRIAL DEMAND

The Plaintiffs hereby demand a trial by jury on all counts so triable.

**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico, this 7 day of July, 2021.

**GUZMÁN & RODRÍGUEZ-LÓPEZ LAW OFFICE**
PMB 733
Avenida Luis Vigoreaux 1353
Guaynabo, Puerto Rico 00966
Tel. 787-767-7502; 787-403-2292

*s/Humberto Guzmán Rodríguez*
Humberto Guzmán Rodríguez
USDC-PR Bar No. 128308
hguzman@grllaw.net