## **EXHIBIT B**

**FOMB's Motion to Transfer Civil Proceeding Pursuant to PROMESA § 306 or, in the Alternative, Pursuant to Local Rule 3A**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| R&D MASTER ENTERPRISES, INC., PRO PAVE CORP., MATRIX TRANSPORT INC., JOSÉ A. ROVIRA GONZÁLEZ, his spouse MARÍA MAGDALENA DÍAZ VILA, and the conjugal legal partnership comprised by them,<br><br>Plaintiffs,<br><br>v.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO and NATALIE JARESKO, in her official capacity as Executive Director of the Financial Oversight and Management Board for Puerto Rico,<br><br>Defendants. | Case No. 3:21-cv-1317-RAM |

## MOTION TO TRANSFER PURSUANT TO PROMESA § 306 OR, IN THE ALTERNATIVE, PURSUANT TO LOCAL RULE 3A

**To the Honorable United States District Judge Raúl M. Arias-Marxuach**:

Pursuant to § 306(d)(3) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA") (48 U.S.C. § 2166(d)(3)) and Local Rule 3A of the U.S. District Court Rules for the District of Puerto Rico, Defendants the Financial Oversight and Management Board for Puerto Rico (the "Board") and Natalie Jaresko, in her official capacity as Executive Director of the Board, respectfully request the transfer of the above-captioned action to the pending Title III case of the Commonwealth of Puerto Rico, No. 17-bk-3283-LTS (D.P.R.), and to the

Honorable Laura Taylor Swain (U.S.D.J.), who is presiding over the Commonwealth's Title III case.[1]

## FACTUAL BACKGROUND

1. Congress enacted PROMESA in response to a fiscal and humanitarian crisis in Puerto Rico. *See* 48 U.S.C. §§ 2101–2241. Congress found, among other things, that the Commonwealth: (a) is in a fiscal emergency caused by accumulated operating deficits, lack of financial transparency, management inefficiencies, and excessive borrowing; and (b) is unable to provide its citizens with effective services, causing accelerated outmigration of business and residents. *Id*. § 2194(m)(1)–(3). To address the crisis, Congress established the Board and charged it with "provid[ing] a method for [Puerto Rico] to achieve fiscal responsibility and access to the capital markets." *Id*. § 2121(a).

2. Among its powers, the Board is authorized to review and certify long-term fiscal plans and annual budgets in the Commonwealth, to manage debt restructurings, and to monitor activities of the Government to ensure compliance with the certified fiscal plan. *See id.* §§ 2121(d)(1), 2124(j), 2128(a)(2), 2141(c)(3), (e), 2142(c)–(f), 2144, 2146, 2147, 2161–2177, 2191–2200.

3. Congress also authorized the Board to establish policies concerning Government contracts to ensure that "proposed contracts promote market competition and are not inconsistent with the approved Fiscal Plan." *Id.* § 2144(b)(2). Pursuant to that power, the Board promulgated a policy covering Government contracts in the Commonwealth, which is attached hereto as Exhibit 1 (the "Policy"). Under the Policy, the Board reviews Government contracts

---

[1] The Board reserves all of its rights to move, answer, or otherwise respond to the Complaint filed in this action in accordance with the Federal Rules of Civil Procedure.

2

worth more than $10 million "to determine whether they promote market competition and are consistent with the applicable fiscal plan." Ex. 1 at 1. If the Board finds that a Government contract violates the Policy, the Board "may take such actions as it considers necessary to ensure that such contract . . . will not adversely affect the territorial government's compliance with the Fiscal Plan." 48 U.S.C. § 2144(b)(5).

4. The Board is also authorized to petition under Title III of PROMESA to adjust the debts of the Commonwealth and its covered territorial instrumentalities. *Id.* §§ 2162, 2164, 2175(b). To date, the Board has filed six Title III petitions with the United States District Court for the District of Puerto Rico, including one filed on behalf of the Commonwealth.[2]

5. On May 5, 2017, pursuant to 48 U.S.C. § 2168, the Chief Justice of the United States designated the Honorable Laura Taylor Swain to sit by designation in the District of Puerto Rico to oversee the Title III cases, including the Commonwealth's Title III case. As part of the Title III cases, Judge Swain has presided over more than one hundred adversary proceedings and hundreds of avoidance actions related to Puerto Rico's fiscal crisis, including many adversary proceedings adjudicating the Board's powers and responsibilities under PROMESA. Judge Swain has also presided over multiple adversary proceedings addressing the Board's power to review Government contracts.[3]

---

[2] *See* Case Nos. 17-bk-3283-LTS (the Commonwealth Title III Case); 17-bk-3284-LTS (the Puerto Rico Sales Tax Financing Corporation ("COFINA") Title III Case); 17-bk-3567-LTS (the Puerto Rico Highways and Transportation Authority ("HTA") Title III Case); 17-bk-3566-LTS (the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") Title III Case); 17-bk-4780-LTS (the Puerto Rico Electric Power Authority ("PREPA") Title III Case); and 19-bk-5523-LTS (the Puerto Rico Public Buildings Authority ("PBA") Title III Case).

[3] *See, e.g.*, *In re Fin. Oversight & Mgmt Bd.*, 583 B.R. 626, 632 (D.P.R. 2017); *see also In re Fin. Oversight & Mgmt Bd.*, 618 B.R. 349, 361 (D.P.R. 2020).

3

6. On July 8, 2021, Plaintiffs filed the instant action, alleging the Board and its Executive Director violated PROMESA, the Policy, and the United States Constitution by failing to review a contract under which the Economic Development Bank for Puerto Rico (by its Spanish acronym, the "BDE") sold its loan portfolio to a private entity, P.R. Recovery (the "Contract"). *See* Dkt. No. 1. Plaintiffs allege they took out loans from BDE which were transferred to P.R. Recovery pursuant to the Contract. *Id.* ¶ 23.

7. For the reasons explained below, this case is related to the Commonwealth's Title III case and therefore must be transferred to Judge Swain. PROMESA mandates that all cases related to the Commonwealth's Title III case must be transferred to this district. 48 U.S.C. § 2166(d)(3). Technically, this case is already in the district. But, given that PROMESA calls for one district court judge to preside over Puerto Rico's Title III cases, *id.* § 2168(a), and mandates all related cases to be transferred to this district, the statute contemplates that Judge Swain will preside over all cases related to the Title III case. It would be pointless to require related cases to be transferred to this district if judges other than Judge Swain could end up presiding over those cases.

8. Transfer to Judge Swain is also appropriate under Local Rule 3A, as Chief Judge Gelpí recognized in an analogous case concerning the Board's powers under PROMESA. *See Autonomous Mun'ty of San Juan v. Fin. Oversight & Mgmt. Bd. for P.R.*, No. 3:19-cv-01474, Dkt. No. 40 (D.P.R. July 12, 2019). Given Judge Swain's expertise in matters concerning PROMESA and the Board's powers under the statute, a transfer would serve the interests of justice, ensure consistent decisions within the district, and promote judicial efficiency, as encouraged by Local Rule 3A.

4

**ARGUMENT**

**I.     PROMESA REQUIRES TRANSFERRING THE CASE TO JUDGE SWAIN.**

9.     PROMESA provides that all actions "against the Oversight Board, and any action otherwise arising out of this Act," must be brought in the United States District Court for the District of Puerto Rico. 48 U.S.C. § 2106(a). That grant of jurisdiction is subject to any limitations contained in Title III of PROMESA. *See id.* ("Except as provided in … title III….").

10.     Title III of PROMESA provides the Chief Justice shall designate "*a*" district court judge "to conduct *the* [Title III] case." *Id.* § 2168(a) (emphasis added). Title III also requires that "any civil proceeding . . . related to" a Title III case "shall [be] transfer[red]" to the district court in which the Title III case is pending. *Id.* § 2166(d)(3). Although that provision does not expressly require related cases to be transferred to the Title III judge, that is the plain import because otherwise there would be no point to having related cases transferred to the same district as the Title III case. The upshot is that any case related to the Title III case must be transferred to the judge designated by the Chief Justice to preside over the Title III case.

11.     This case is related to the Commonwealth's Title III case and therefore must be transferred to Judge Swain. Under PROMESA, the "related to" standard is extremely broad. It is taken almost verbatim from the U.S. Code provision granting bankruptcy courts subject-matter jurisdiction over all civil proceedings "arising in or related to cases under [the Bankruptcy Code]." *Compare* 48 U.S.C. § 2166(a)(2) *with* 28 U.S.C. § 1334(b). In the bankruptcy context, "related to" jurisdiction is vast in scope and includes any action that could conceivably have any effect on the bankruptcy estate or the administration of the estate. *See, e.g.*, *Gupta v. Quincy Med. Ctr.,* 858 F.3d 657, 663 (1st Cir. 2017) ("'related to' proceedings are those which potentially have some effect on the bankruptcy estate, such as altering debtor's rights, liabilities, options, or

freedom of action, or otherwise have an impact upon the handling and administration of the bankrupt estate." (internal citations and quotations omitted)).[4]

12. "Related to" jurisdiction need not necessarily involve the Title III debtor's property. *See, e.g.*, *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.6 (1995). It exists where the action could interfere with the Title III debtor's reorganization, s*ee id.,* even where the impact on the Title III debtor's estate or reorganization is contingent on the plaintiff succeeding in a claim against a non-debtor. *See, e.g.*, *Lindsey v. O'Brien, Tanski, Tanzer & Young Health Care Providers (In re Dow Corning Corp.)*, 86 F.3d 482, 494 (6th Cir. 1996); *Coen v. Stutz (In re CDC Corp.)*, 610 F. App'x. 918, 921 (11th Cir. 2015).

13. Congress's use of the broad "related to" language from 28 U.S.C. § 1334(b) reflected its sound judgment to give a single judge a broad mandate "to enable [that judge] to deal efficiently and effectively with the entire universe of matters connected with" the Commonwealth's restructuring. *Boston Reg'l Med. Ctr., Inc. v. Reynolds (In re Boston Reg'l Med. Ctr., Inc*.), 410 F.3d 100, 105 (1st Cir. 2005). That approach ensures that all actions touching on issues that could affect the restructuring proceed before a single judge who can adjudicate and address the restructuring case in a holistic manner.

---

[4] *See also Nat'l Union Fire Ins. Co. v. Titan Energy, Inc. (In re Titan Energy, Inc.)*, 837 F.2d 325, 330 (8th Cir. 1988) ("related to" subject matter jurisdiction under 28 U.S.C. § 1334(b) is construed broadly and includes a claim that "portends a mere contingent or tangential effect on a debtor's estate"); *Sasson v. Sokoloff (In re Sasson)*, 424 F.3d 864, 868 (9th Cir. 2005) ("A bankruptcy court's 'related to' jurisdiction is very broad, including nearly every matter directly or indirectly related to the bankruptcy.") (internal quotations omitted); *Coen v. Stutz (In re CDC Corp.)*, 610 Fed. App'x. 918, 921 (11th Cir. 2015) (related to jurisdiction exists where "a suit could conceivably affect the bankrupt estate if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) or if it could in any way impact[] the handling and administration of the bankrupt estate. This 'related to' jurisdiction is extremely broad.") (internal quotations omitted).

14. This case is plainly "related to" the Commonwealth's Title III case. For one thing, this case could have a direct effect on the property of the debtor because it ultimately seeks to cancel a contract worth over $384 million entered into by a covered territorial instrumentality included in the Commonwealth's fiscal plan. The contract creates claims against the Commonwealth and creates value for the Commonwealth. Moreover, Plaintiffs seek a declaration concerning the Board's power and discretion to review contracts, a ruling that will invariably "have an impact upon the handling and administration of" the Title III case. *Gupta*, 858 F.3d at 663.

15. Because this case is related to the Commonwealth's Title III case, PROMESA requires that it be transferred to Judge Swain.

## II. IN THE ALTERNATIVE, THIS CASE SHOULD BE TRANSFERRED TO JUDGE SWAIN PURSUANT TO LOCAL RULE 3A.

16. Local Rule 3A states in relevant part:

> In the interest of justice, consolidation of cases, recusals, or to further the efficient performance of the business of the Court, a judge may return a case to the clerk for reassignment, whether or not the case is related to any other case, or may transfer the case to another judge if the receiving judge consents to the transfer . . .

Local Rule 3A. A transfer to Judge Swain is warranted under Rule 3A because it would be in the interest of justice and would promote judicial efficiency.

17. As the Title III judge, Judge Swain has developed significant expertise and experience concerning PROMESA and the Board's powers thereunder. Judge Swain has already issued an opinion analyzing the Board's contract-review powers under 48 U.S.C. § 2144(b), *see In re Fin. Oversight & Mgmt Bd.*, 583 B.R. at 632, and has presided over other adversary proceedings involving the Board's power to review Government contracts, *see* note 3, *supra*. Judge Swain has also examined the Board's parallel statutory power to review Commonwealth

7

rules and regulations for compliance with a certified fiscal plan under 48 U.S.C. § 2144(a). *See Vázquez Garced v. Fin. Oversight & Mgmt. Bd.*, 2020 U.S. Dist. LEXIS 243860, at *69–92, *99–102 (D.P.R. Dec. 23, 2020). Given Judge Swain's extensive experience construing PROMESA and adjudicating the Board's powers, transferring the case would be in the interest of justice, would promote judicial efficiency, and would prevent inconsistent decisions concerning the Board's powers under PROMESA.

18. This Court granted an analogous request to transfer a PROMESA case to Judge Swain under Local Rule 3A in *Autonomous Municipality of San Juan v. Financial Oversight & Management Board for Puerto Rico*. *See* Case No. 3:19-cv-01474, Dkt. 40 (July 12, 2019). That case involved a challenge to the Board's decision to designate San Juan as a covered territorial instrumentality under PROMESA. Chief Judge Gelpi found that transfer of that case to Judge Swain, "who presides over the Commonwealth's Title III case," would "advance the fair, efficient, and timely disposition of this action and further the efficient performance of the business of the Court." *Id.* His reasoning applies with equal force here because, as in *San Juan*, this case concerns the proper interpretation of PROMESA and the scope of the Board's powers, and transfer to Judge Swain would promote efficiency given her expertise in those areas.

19. Plaintiffs would suffer no prejudice from a transfer to Judge Swain. The Commonwealth's Title III case and related adversary proceedings are well underway and subject to a rigorous case-management schedule, which would enable Plaintiff's claims to be adjudicated in an efficient and orderly manner.

**CONCLUSION**

20.      For the foregoing reasons, this case should be transferred to Judge Swain, who is presiding over the Commonwealth's Title III case.[5]

---

[5] The Board is contemporaneously filing an informative motion with Judge Swain in the Commonwealth Title III Case pursuant to Local Rule 3A(b) requesting her consent to the transfer if this motion is granted pursuant to Local Rule 3A.

9

|  |  |
|---|---|
| Dated: July 26, 2021<br><br>San Juan, Puerto Rico | Respectfully Submitted,<br><br>/s/ Luis F. Del Valle-Emmanuelli<br>Luis F. Del Valle-Emmanuelli<br>USDC-PR No. 209514<br>P.O. Box 79897<br>Carolina, Puerto Rico 00984-9897<br>Tel: (787) 977-1932<br>Fax: (787) 722-1932<br>dvelawoffices@gmail.com<br><br><br>/s/ Martin J. Bienenstock<br>Martin J. Bienenstock (*pro hac vice pending*)<br>Timothy W. Mungovan (*pro hac vice pending*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel:   (212) 969-3000<br>Fax:   (212) 969-2900<br>Email: mbienenstock@proskauer.com<br>          tmungovan@proskauer.com<br><br><br>/s/ Guy Brenner<br>Guy Brenner (*pro hac vice pending*)<br>**PROSKAUER ROSE LLP**<br>1001 Pennsylvania Ave., NW<br>Suite 600 South<br>Washington, DC 20004<br>Tel:   (202) 416-6800<br>Fax:   (202) 416-6899<br>Email: gbrenner@proskauer.com<br><br>*Attorneys for The Financial Oversight and Management Board for Puerto Rico* |

## CERTIFICATE OF SERVICE

I hereby certify that, on the foregoing date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this matter.

*/s/ Luis F. Del Valle-Emmanuelli*
Luis F. Del Valle-Emmanuelli