**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>   Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**NOTICE OF FILING OF SIXTH AMENDED TITLE III
JOINT PLAN OF ADJUSTMENT OF THE COMMONWEALTH
OF PUERTO RICO, *ET AL*. AND CORRESPONDING DISCLOSURE STATEMENT**

**PLEASE TAKE NOTICE** that, on July 12, 2021, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA"), pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA")[2] (the Oversight Board, in its capacity as representative of

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations)

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

the Commonwealth, ERS, and PBA, is referred to as the "Debtors"), filed the *Fifth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico*, et al. *(Corrected Version)* [ECF No. 17306] (the "Fifth Amended Plan") and corresponding *Disclosure Statement for the Fifth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico*, et al. [ECF No. 17308] (the "Fifth Disclosure Statement").

**PLEASE TAKE FURTHER NOTICE** that, on July 27, 2021, the Debtors filed the *Sixth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico,* et al. [ECF No. 17516 (the "Sixth Amended Plan") and corresponding *Disclosure Statement for the Sixth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico*, et al. [ECF No. 17517 (the "Sixth Disclosure Statement").

**PLEASE TAKE FURTHER NOTICE** that a redline comparison showing the changes in the Sixth Amended Plan against the Fifth Amended Plan is attached hereto as **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE** that a redline comparison showing the changes in the Sixth Disclosure Statement against the Fifth Disclosure Statement is attached hereto as **Exhibit B**.

**PLEASE TAKE FURTHER NOTICE** that the Debtors made certain revisions to the Sixth Disclosure Statement in response to, among other things, the Court's comments in the *Order Regarding Rulings Made on the Record at the July 13-14, 2021, Hearing Concerning the Proposed Disclosure Statement and Plan of Adjustment* [ECF No. 17387] (the "Hearing Order"), which are summarized below:[3]

---

[3] All capitalized terms not defined herein shall have the meaning ascribed to them in the Fifth Disclosure or the Disclosure Statement, as appropriate.

2

| Hearing Order Comment | DS Section | Revision |
|---|---|---|
| Disclose in specific and conspicuous language all acts to be enjoined and identify the entities that would be subject to injunction, as required by Rule 3016(c) of the Federal Rules of Bankruptcy Procedure, and revise the release and exculpation provisions in the same manner. | Section II.G. | Section II.G (Releases Contained in the Plan) has been added, which summarizes the releases contained in the Plan, identifying (i) the parties providing releases, (ii) the parties receiving releases, and (iii) the scope of the releases and acts enjoined. |
| Disclose the Oversight Board's reliance on data provided by the Government and that neither the Oversight Board nor the Government will vouch for the accuracy of that data. | Section VIII.B. | The following was included on page 561 of the Disclosure Statement:<br><br>"The financial information contained herein has not been, and will not be, audited or reviewed by any independent accounting firm or third party and is limited in scope. Although the Debtors believe that they have used their reasonable efforts to assure the accuracy of the financial information provided herein, there can be no assurance that the financial information contained herein is without material inaccuracies or inconsistencies. Neither the Oversight Board nor the Government can vouch for the accuracy and completeness of such information. As a result, you are cautioned not to place undue reliance on any of the financial information contained herein."<br><br>The Disclosure Statement at page iii also includes the following disclosure:<br><br>"ALL FINANCIAL INFORMATION HEREIN IS BASED ON DATA THE OVERSIGHT BOARD HAS EITHER RECEIVED FROM THE COMMONWEALTH AND ITS INSTRUMENTALITIES, OR THAT IS PUBLICLY AVAILABLE. AS OF THE DATE OF THIS DISCLOSURE STATEMENT, THE COMMONWEALTH HAD NOT YET PUBLISHED AUDITED FINANCIAL STATEMENTS FOR ITS 2019, 2020, AND 2021 FISCAL YEARS. IN SOME CASES, SUCH AS FOR PENSION LIABILITIES AND DETERMINATIONS OF AVAILABLE CASH, THE OVERSIGHT BOARD RETAINED EXPERTS TO HELP VERIFY AND UNDERSTAND THE DATA. ACCORDINGLY, WHILE THE OVERSIGHT BOARD HAS USED ITS BEST EFFORTS TO PROCURE ACCURATE AND COMPLETE INFORMATION, IT IS LIMITED TO USING THE COMMONWEALTH'S SYSTEMS AND DATA AS ITS SOURCES AND CANNOT INDEPENDENTLY VOUCH FOR THE CORRECTNESS OF SUCH DATA. THIS DISCLOSURE STATEMENT AND THE ECONOMIC AND FINANCIAL INFORMATION PROVIDED HEREIN HAVE NOT BEEN APPROVED BY THE COMMONWEALTH'S FISCAL AGENT, |

| Hearing Order Comment | DS Section | Revision |
|---|---|---|
| | | THE PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY.[4]" |
| Disclosure that creditors are conducting independent investigations into cash available to the Commonwealth and may challenge whether the Oversight Board's cash restrictions are correct. Additionally, the disclosure shall state that the Court may be asked to determine whether available cash should have been considered in formulating the plan of adjustment, and that, if the Court finds that additional cash should have been considered and available for distribution under the Plan, there is a risk that the Debtors may not be able to demonstrate satisfaction of confirmation standards. Further, the Oversight Board shall update and clarify, as necessary, its disclosures concerning cash. | Sections III.E., and VIII.A. | The following language was added:<br><br>"In certain presentations made to representatives of certain creditor constituencies by the Oversight Board's professionals regarding cash accounts, certain bank accounts held by public corporations were classified as "potentially inaccessible." None of the bank accounts identified in Exhibit L is classified as "potentially inaccessible." The "potentially inaccessible" description has not been used in the Disclosure Statement and the presentations to representatives of creditor constituencies were not made for Disclosure Statement purposes. Creditors are conducting independent investigations into cash available to the Commonwealth and may challenge whether the Oversight Board's cash restrictions are correct. The Title III Court may be asked to determine whether available cash should have been considered in formulating the Plan, and that, if the Title III Court finds that additional cash should have been considered and available for distribution under the Plan, there is a risk that the Debtors may not be able to demonstrate satisfaction of the confirmation standards." <u>Disclosure Statement</u> at 159, n.177.<br><br>"In certain presentations made to representatives of certain creditor constituencies by the Oversight Board's professionals regarding cash accounts, certain bank accounts held by the Commonwealth and identified in Exhibit L to the Disclosure Statement as "Inconclusive" were also described in such presentations as "potentially unavailable." The "potentially unavailable" description has not been used in the Disclosure Statement and the presentations to representatives of creditor constituencies were not made for Disclosure Statement purposes." <u>Disclosure Statement</u> at 164, n.180.<br><br>"Furthermore, the Title III Court may find that, although the Plan is consistent with the Fiscal Plan and therefore satisfies Section 314(b)(7) of PROMESA, the Plan nonetheless fails to meet one or several other confirmation requirements set forth in Section 314(b). <u>For example, creditors are conducting independent investigations into cash available to the Commonwealth and may challenge whether the Oversight Board's cash restrictions are correct. The Title III Court may be asked to determine whether available cash should have been considered in formulating the Plan, and that, if the Title III Court finds that additional cash should have been considered and available for distribution under the Plan, there is a risk that the Debtors may not be able to demonstrate satisfaction of the confirmation standards.</u>" <u>Disclosure Statement</u> at 559. |

---

[4] The Government of Puerto Rico, and its agencies and instrumentalities (including AAFAF), have not independently verified or approved the information contained or the statements made in this Disclosure Statement.

4

| Hearing Order Comment | DS Section | Revision |
|---|---|---|
| Disclose the existence of real properties owned by the Commonwealth of Puerto Rico and its entities, and that creditors intend to raise the issue at plan confirmation of whether such properties should be monetized pursuant to the Fiscal Plan Compliance Act and, if they are monetized, whether the proceeds from the sale of such properties should be made available to pay creditors. | Section III.G. | Section III.G. (The Debtors' Real Property) has been added discussing, among other things, the Oversight Board's analysis of the Debtors' real property assets and efforts to monetize such assets. In addition, the following language was added:<br><br>"Creditors may raise at confirmation of the proposed Plan whether certain Commonwealth properties should be monetized, including pursuant to Act 26-2017, and, if they are monetized, whether the proceeds from the sale of such properties should be made available to pay creditors." <u>Disclosure Statement</u> at 176. |
| Disclose the positions of the Government (as defined in the Hearing Order) concerning the proposed Plan. | Sections II.F, and VIII.T. | The Government's position is included as Section II.F, and a summary of recent statements by the Governor and the Puerto Rico House Speaker are included in Section VIII.T. |
| Disclose the barriers to the Government's support of the proposed plan of adjustment. | Section VIII.T. | Section VIII.T. (Risk Factors Related to Legislative Action) has been revised to address the Court's comments. |
| Disclose the risks associated with the Oversight Board's failure to obtain legislative approval for each legislative measure contemplated by the proposed Plan. | | |
| Disclose the risks associated with implementation of the proposed plan of adjustment should the Oversight Board proceed without the enactment of legislation contemplated in the Plan. | | |
| Disclose the basis for the Oversight Board's treatment of the value of the collateral allegedly securing any loan claim asserted by DRA Parties against PBA. | Section VI.E. | The following language was added at page 418, note 373 of the Disclosure Statement:<br><br>"The Oversight Board takes the position that the DRA Parties' claim is unsecured based on the Oversight Board's review of the applicable loan agreements and related documents in connection with the DRA Parties' asserted loan claim against PBA. The Oversight Board was able to identify only a security agreement and the filing of a UCC-1 in connection with the sale of two specific properties. However, perfection of a security interest in real property requires the proper execution and filing of a real estate mortgage—which there was none here. A security interest in personal property proceeds of real estate may be able to be perfected by a UCC-1 if properly described in the financing statement, but that is not the case here." |

| Hearing Order Comment | DS Section | Revision |
|---|---|---|
| Disclose the potential risks and costs associated with the issuance under the proposed plan of adjustment of multiple kinds and maturities of bonds to each holder of bond claims in respect of their current holdings, including any effect on marketability of such bonds, as well as the rationale for structuring distributions in that manner. Advise holders of such bonds that they will need to consult their tax advisors as to the tax implications of the distribution. Illustrate in plain language the different maturities and other relevant features of the bonds to be issued to creditors in a manner that would be comprehensible to hypothetical creditors of the relevant classes. | Section II.B. | Additional language and charts have been added to pages 25-35 (Summary of the New GO Bond Distributions; Summary of CVI Distributions) of the Disclosure Statement to address the Court's comments. |
| Disclose the tax characteristics and tax consequences of the bonds to be issued under the plan of adjustment, to the extent such information is available. To the extent such information is unavailable, the Disclosure Statement shall be supplemented to disclose that unavailability and explain why such information cannot be provided. | Section IX.B.2. | The following language has been added to page 599 of the Disclosure Statement:<br><br>"_Interest on the New GO Bonds to be issued under the plan of adjustment is intended to be exempt from federal taxes to the maximum extent permitted under the IRC._ However, as noted above, the tax status of the New GO Bonds has not been determined as of the date of this Disclosure Statement. _In order to determine the maximum amount of New GO Bonds that can be exempt from federal taxes under the IRC, due diligence regarding the use of proceeds of the existing bonds must be completed by Section 103 Bond Counsel, among other matters. This diligence process has started but will take some time to complete._<br><br>_In addition, a ruling or other guidance from the IRS regarding the allocation of proceeds of the New GO Bonds between purposes eligible for tax-exempt financing and purposes not eligible for tax-exempt financing will be sought in order to maximize the amount of New GO Bonds that can be issued as exempt from federal taxes under the IRC. A ruling request has not yet been submitted to the IRS, but it is expected that the guidance from the IRS will be obtained before the Effective Date. No assurance can be given that favorable guidance will be obtained from the IRS or the timing of such guidance. If a ruling is not received, the amount of New GO Bonds that will be exempt from federal taxes will be less than if a ruling had been received and will be based on the percentage of existing bonds that were used for purposes that were and continue to be eligible for tax-exemption as determined by Section 103 Bond Counsel after a pro rata application of other consideration received by holders. In order for Section 103 Bond Counsel to opine that any of the New GO Bonds are tax-exempt, it is necessary that those obligations are determined to be valid and binding legal obligations_ |

6

| **Hearing Order Comment** | **DS Section** | **Revision** |
|---|---|---|
| | | of the Commonwealth under legislation enacted by the Commonwealth or otherwise. Amounts allocable to pre-issuance accrued interest on the Tax-Exempt New GO Bonds will not be treated as tax-exempt interest under Section 103 of the IRC." |

**PLEASE TAKE FURTHER NOTICE** that all documents filed in these Title III cases are available (a) free of charge by visiting https://cases.primeclerk.com/puertorico or by calling +1 (844) 822-9231, and (b) on the Court's website at http://www.prd.uscourts.gov, subject to the procedures and fees set forth therein.

Dated: July 27, 2021  
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Martin J. Bienenstock*

Martin J. Bienenstock (*pro hac vice*)  
Brian S. Rosen (*pro hac vice*)  
**PROSKAUER ROSE LLP**  
Eleven Times Square  
New York, NY 10036  
Tel: (212) 969-3000  
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

*/s/ Hermann D. Bauer*

Hermann D. Bauer  
USDC No. 215205  
**O'NEILL & BORGES LLC**  
250 Muñoz Rivera Ave., Suite 800  
San Juan, PR 00918-1813  
Tel: (787) 764-8181  
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

# **EXHIBIT A**

Redline of Plan of Adjustment

# **EXHIBIT B**

Redline of Disclosure Statement