**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors. [1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

**INFORMATIVE MOTION OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO REGARDING ORDER ESTABLISHING PRELIMINARY CONFIRMATION SUBMISSION AND DISCOVERY PROCEDURES, AND DIRECTING NOTICE TO CREDITORS OF THE SAME**

---

[1]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**To the Honorable United States District Judge Laura Taylor Swain:**

Pursuant to the Court's *Order Establishing Preliminary Confirmation Submission and Discovery Procedures, and Directing Notice to Creditors of the Same* [ECF No. 17431] (the "July 20 Order"), the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA," and together with the Commonwealth and ERS, the "Debtors") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully states as follows:

## PROCEDURAL BACKGROUND

1.      On May 13, 2021, the Debtors filed their *Motion for An Order Establishing, Among Other Things, Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* [ECF No. 16757] (the "Confirmation Procedures Motion"). Attached as Exhibit A to the Confirmation Procedures Motion was a proposed order setting forth procedures and deadlines requested in the Confirmation Procedures Motion.

2.      On June 15, 2021, Peter Hein [ECF No. 16909], the Official Committee of Retired Employees [ECF No. 16991], the DRA Parties[3] [ECF No. 16997], Ambac Assurance Corporation and Financial Guaranty Insurance Company [ECF No. 16998], the Puerto Rico Fiscal Agency and Financial Advisory Authority [ECF No. 17014], and the Official Committee of Unsecured

---

[2]    PROMESA has been codified at 48 U.S.C. §§ 2101-2241.

[3]    The "DRA Parties" collectively refers to AmeriNational Community Services, LLC, as servicer for the GDB Debt Recovery Authority, and Cantor-Katz Collateral Monitor LLC.

Creditors [ECF No. 17017] filed responses or objections to the Confirmation Procedures Motion
(collectively, the "Confirmation Procedures Objections").

3.          On June 29, 2021, the Debtors filed a reply in support of the Confirmation
Procedures Motion [ECF No. 17189] (the "Confirmation Procedures Reply"). Attached as Exhibit
1 to the Confirmation Procedures Reply was an amended proposed order that made various
changes in response to points raised in certain of the Confirmation Procedures Objections.

4.          On July 13 and 14, 2021, the Court heard oral argument on the Confirmation
Procedures Motion, and issued an oral ruling at the close of argument on July 14, 2021.

5.          The day after conclusion of oral argument, the Court issued an *Order Directing the
Oversight Board to File An Amended Confirmation Procedures Order* [ECF No. 17362] (the "July
15 Order").

6.          On July 16, 2021, the Debtors filed an informative motion. *See Informative Motion
of the Financial Oversight and Management Board for Puerto Rico Regarding Order Directing
the Oversight Board to File An Amended Confirmation Procedures Order* [ECF No. 17395] (the
"First Informative Motion"). As requested in the July 15 Order, the First Informative Motion
submitted a proposed amended confirmation procedures order that complied with the schedule and
procedures set forth by the Court in the July 15 Order. The First Informative Motion also identified
certain outstanding issues related to the procedures and schedules set forth in the July 15 Order
and requested the Court either provide further instructions to the Debtors to supplement the
proposed amended confirmation procedures order, or further amend the proposed amended
confirmation procedures order to provide guidance on those issues.

7.          Thereafter, the Court entered the July 20 Order, in which it detailed certain changes
to the proposed confirmation procedures itemized in the July 15 Order. Further, the July 20 Order

2

directed the Debtors to "include the changes detailed herein in the next iteration of the proposed Amended Procedures Order." July 20 Order at 2 n.3.

## SECOND AMENDED PROPOSED PROCEDURES ORDER

8.　　In compliance with the July 20 Order, the Debtors hereby submit a second amended proposed confirmation procedures order (the "Second Amended Proposed Procedures Order") attached hereto as **Exhibit A**. As directed by the Court, the Second Amended Proposed Procedures Order incorporates the Court's changes to the July 15 Order's proposed confirmation procedures.

9.　　Through this informative motion, the Debtors also respectfully request guidance regarding certain of the changes provided in the July 20 Order.

10.　　*First*, the July 20 Order sets October 27, 2021 as the deadline for the Debtors to file replies to Objections to confirmation of the Plan. July 20 Order at 3. However, Exhibit A to the July 20 Order provides that the deadline for the Debtors to submit replies to Objections to confirmation of the Plan is October 25, 2021. *Id.*, Ex. A at 5. The Debtors respectfully request the Court set the deadline on October 27, 2021.

11.　　*Second*, Exhibit A to the July 20 Order lists October 27, 2021 as the deadline for the Debtors to file replies in support of the proposed confirmation order. Ex. A. at 5. The Court does not reference this deadline in the July 20 Order. Moreover, the July 15 Order sets this deadline as October 29, 2021 (July 15 Order at 7), and the Debtors did not seek clarification or amendment of this deadline in the First Informative Motion. The Debtors respectfully request the Court set the deadline on October 29, 2021.

12.　　*Third*, the July 20 Order provides that "[r]esponses and objections to Production Requests will presumptively be due seven (7) days after service of such Production Requests," and that "[f]ollow-up document requests will be permitted, provided they are served in time to be

3

answered within the fact discovery period," which currently ends on October 11, 2021. July 20 Order at 3. Exhibit A to the July 20 Order, however, lists October 1, 2021, which is ten (10) days before the close of the fact discovery period, as the final deadline to serve follow-up requests. *Id.*, Ex. A at 4. The Debtors respectfully request that the final deadline to serve follow-up Production Requests be set on October 4, 2021.

13.     *Fourth*, certain dates and deadlines—such as the deadlines for all parties to (1) serve initial notices of deposition, topics and requested times for depositions, and (2) file *Daubert* motions and motions *in limine*—from the July 15 Order are not included in Exhibit A to the July 20 Order. Accordingly, the Debtors have removed those deadlines from the Second Amended Proposed Procedures Order. The Debtors understand these dates and deadlines will be incorporated in a subsequent trial procedures order.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request the Court enter the Second Amended

Proposed Procedures Order substantially in the form attached hereto as Exhibit A, including any

changes the Court deems necessary; and grant such other relief as this Court deems just and proper.

Dated: July 26, 2021
San Juan, Puerto Rico

Respectfully submitted,

/s/ Martin J. Bienenstock

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
Margaret A. Dale (*pro hac vice)*
Julia D. Alonzo (*pro hac vice)*
Laura Stafford (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and
Management Board*

/s/ Hermann D. Bauer

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial
Oversight and Management Board*

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

/s/ <i>Hermann D. Bauer</i>
Hermann D. Bauer
