# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO | NO. 17-BK-3283 (LTS) |
| As representative of | PROMESA TITLE III |
| THE COMMONWEALTH OF PUERTO RICO, et al.,<br>Debtors. | (Jointly Administered) |

## MOTION FOR CLASS COUNSEL ATTORNEY'S FEES

**TO THE HONORABLE U.S. DISTRICT COURT JUDGE LAURA TAYLOR SWAIN:**

**COME NOW** the certified Plaintiffs' Class in case <u>Gladys García Rubiera, etc., v. Hon. Luis G. Fortuño, et al</u>, Civil No. 02-1179 (GAG), and attorney Antonio J. Amadeo Murga as counsel, and respectfully request attorney's fees in the present case to cover the work, efforts and expenses incurred on behalf of the Class to successfully obtain remedy and enforce the stipulations and settlements reached in cases <u>Gladys García Rubiera etc., v. Hon. Luis G. Fortuño, et al.</u>, Civil No. 02-1179 (GAG), United States District Court for the District of Puerto Rico, filed on February 29, 2016 and in <u>Gladys García Rubiera, et. al. v. Joint Underwriting Association for the Compulsory Motor Vehicle Liability Insurance, et al</u>, Civil No. KDP 01-1441, Commonwealth of Puerto Rico, Court of First Instance, San Juan Part dated March 29, 2016.

This request for attorney's fees is based on 42 USC §§1983 and 1988; Rule 23(h) of the Federal Rules of Civil Procedure and filed under Rule 54(d)(2); Rule 2016-1 of the Puerto Rico Local Bankruptcy Rules, as well as under 11 USC §§3030, 331, 53(b)(2), 53(b)(4); 506(b) and §7054 of the Bankruptcy Rules. *See*, <u>In re Harris</u> 89 F. 3d 661 (9th Cir. 1996); <u>In re Empresas</u>

1

Martínez Valentín Corp., 948 F. 3d. 448 (1st Cir. 2020). *See*, García Rubiera v. Fortuño, 727 F. 3d. 102 (1st. Cir 2013).

## I. INTRODUCTION

After a long litigation expanding almost two decades, the certified class of plaintiffs obtained a permanent injunction and a right to a monetary remedy. Interim attorney's fees were awarded for the work up to the stipulation for permanent injunction. *See*, García-Rubiera v. Fortuño, 727 F. 3d 102 (1st Cir. 2013). The Stipulation for Permanent Injunction also provided reimbursement to the class and final attorney's fees for counsel. *See*, document 446 of February 29, 2016, and the Joint Motion on Partial Agreement and Stipulation of March 29, 2016.

This could have been the end of this long case, except for the unfortunate event that the Commonwealth, subsequently, unable to pay its debts, had to resort to bankruptcy proceedings under the statute known as PROMESA. As a result, the execution of the stipulations and judgments were stayed. The Commonwealth failed to process the applications for reimbursements and pay the initial installment of attorney's fees agreed with class counsel. The Plaintiffs' Class waited a reasonable time and exhausted out of court efforts to obtain compliance with stipulations and judgments.

Having failed, a Motion Requesting Lift of Stay under §362 (d)(1) of the Bankruptcy Code was filed on February 7, 2018, which the Commonwealth resisted. After considerable briefing, the motion was submitted to the Honorable Court, which on April 6, 2018, issued an order staying the monetary execution of the judgments. The Plaintiffs' Class appealed and the case was heard before a panel of judges of the First Circuit Court of Appeals on June 5, 2019.

On September 25, 2019, the judgment of the District Court was partly vacated and the case remanded for proceedings consistent with the opinion, including to make a determination whether

the Commonwealth "possesses any equity in the segregated funds". We argue from a reading of said opinion as well as subsequent events that the opinion intimated that Plaintiffs' Class had a right to receive the funds as they did not belong to the Commonwealth.

After the mandate was issued on October 16, 2019, Plaintiffs' Class, filed their request for a lift of the automatic stay according to PROMESA §§ 4, 7, 301(c)(3) and Bankruptcy Code §§362(d)(1) and 362(d)(2).

As a result of subsequent multiple negotiations that took place from October 2019 on, the Commonwealth agreed to adopt and assume the stipulations and agreements and pay to the Plaintiffs' Class and its counsel the agreed amounts in the stipulations and judgment. Finally, a stipulation resolving the motion requesting a lift of stay under §362(d)(1) of the Bankruptcy Code was filed (Dkt. 14588-1). It was opposed by the Official Committee of Unsecured Creditors on November 25, 2020, on various grounds, including the argument that the Plaintiffs' Class was comprised of unsecured creditors.

The Plaintiffs' Class filed an answer to the motion on December 2, 2020. After a telephone hearing held on December 9, 2020, this Honorable Court on June 29, 2021 (Dkt. 17185) issued an Order approving the assumption of the Settlement Agreement with García Rubiera Class Plaintiffs denying the objection filed by the Official Committee of Unsecured Creditors.

Even though this Order was not notified to subscribing counsel for the Plaintiff's Class, attorney Rahyxa Miranda Grajales representing the Commonwealth of Puerto Rico, on July 19, 2021, sent an email to attorney Antonio J. Amadeo Murga advising that Commonwealth was going to comply with the payment of attorney's fees. Upon request of counsel Antonio J. Amadeo Murga questioning the reason for the payment, on July 20, 2021, Ms. Miranda Grajales sent both the Order and Memorandum of the Honorable approving the assumption of the settlement

3

agreements. At the present time we are trying to ascertain why counsel for the class, especially subscribing counsel were not notified of the order and memorandum. Therefore, if notification by counsel for the Commonwealth on July 20, 2021, is considered sufficient, this Motion is timely. If not sufficient and the Order has to be again notified, this Motion will be renewed.

## II. BASIS FOR THE MOTION FOR ATTORNEY'S FEES

The efforts of counsel for the Plaintiffs' Class to obtain the reimbursement of premiums as remedy to the Plaintiffs' Class were sustained and considerable. Said efforts bore fruit and objectively it cannot be disputed that Plaintiffs' Class was the prevailing party and not only in the central case, but also in the lift of stay proceedings

There should be no substantial controversy that Plaintiffs' Class was the prevailing party on the issue of their right to a lift of the automatic stay provided for in PROMESA. *See*, In Re Financial Oversight and Management Board for Puerto Rico, 930 F. 3d. 340 (1st Cir. 2019) One could conclude from the opinion that a favorable result to the plaintiffs "was painted on the wall". In cases pursuant §1988 42 USC, compensation for attorney's fees should be awarded unless special circumstances could render such award unjust. Blanchard v. Bergeron, 489 US 87 (1989).

The plaintiffs may be considered the prevailing party for purposes of attorney's fees if they succeed on any significant issue in litigation which will present a benefit to the parties in bringing the suit. Hensley v. Eckerhart, 461 US 424 (1983). The success of Plaintiffs' Class in the lift of stay issue has not been purely technical or the minimis. Obtaining a remand to re-visit the lift of stay and the subsequent stipulation for payment in full to the members' claims as well as the attorney's fees agreed upon has been a substantial victory. Compare, Gay Officers Action League v. Commonwealth of Puerto Rico, 247 F. 3d. 288 at 293 (1st Cir. 2001).

Counsel for Plaintiffs' Class, Antonio J. Amadeo Murga, is claiming a number of

reasonable hours spent to obtain the lift of stay and a subsequent remedy, multiplied by a reasonable hourly rate similar to the one previously granted to him in this same case by the Honorable Gustavo Gelpí in Civil Case No. 02-1179 (GAG) (Dkt. No. _____). *See also*, Navarro-Ayala v. Governor of Puerto Rico, 186 F. Supp. 128 (DPR 2016). The time and value are detailed in a complementary accompanying motion.

**WHEREFORE**, it is respectfully requested that attorney's fees be granted to Antonio J. Amadeo Murga who has been the main counsel in the pending proceedings.

**RESPECTFULLY SUBMITTED**

**CERTIFICATE OF SERVICE**

I hereby certify that, on July 27, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record and parties in the Master Service List.

In San Juan, Puerto Rico, July 27, 2021.

*s/Antonio J. Amadeo Murga*
USDC-PR No. 110103
A.J. AMADEO MURGA LAW OFFICES
605 Condado, Ave.
Suite 518
San Juan, PR 00907
Tel. (787)764-0893
ajamadeo@gmail.com

Mario M. Oronoz Rodríguez
USDC-PR No. 120606
ORONOZ & ORONOZ
Urb. Torrimar, K-4 Bambú St.
Guaynabo, PR 00966-3109
Tel. (787)294-5255
mmo@oronozlaw.com

Francisco Colón Ramírez
USDC-PR No. 210510
COLÓN RAMÍREZ, LLC
1225 Ponce de León Ave.
VIG Tower Suite 1503
San Juan, PR 00907
Tel. (939)389-6062
fecolon@colonramirez.com