UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO et al.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS |
| AMERINATIONAL COMMUNITY SERVICES, LLC, as Servicer for the GDB Debt Recovery Authority and CANTOR-KATZ COLLATERAL MONITOR LLC, | Adv. Proc. No. 21-00068-LTS |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

                Plaintiffs,

-v-

AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION, FINANCIAL GUARANTY INSURANCE COMPANY, PEAJE INVESTMENTS LLC, and THE BANK OF NEW YORK MELLON, as Fiscal Agent,[2]

                Defendants.

ORDER ON JOINT STATUS REPORT PURSUANT TO COURT ORDER DATED JULY 16, 2021, [ECF NO. 17387] WITH RESPECT TO (I) DRA PARTIES ADMINISTRATIVE EXPENSE CLAIM MOTION AND (II) DRA ADVERSARY PROCEEDING

Upon consideration of the *Joint Status Report Pursuant to Court Order Dated July 16, 2021, [ECF No. 17387] with Respect to (I) DRA Parties Administrative Expense Claim Motion and (II) DRA Adversary Proceeding* (Docket Entry No. 17499 in Case No. 17-3283, Docket Entry No. 1048 in Case No. 17-3567, and Docket Entry No. 24 in Adversary Proceeding No. 21-68, the "Joint Status Report"),[3] filed by the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth") and the Puerto Rico Highways and Transportation Authority ("HTA," collectively, the "Debtors") pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"),[4] and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF" and, together with the Oversight Board, the "Government Parties"), AmeriNational Community Services, LLC (the "Servicer"), as Servicer

---

[2]     Schulte Roth & Zabel LLP appears as counsel to the Collateral Monitor with respect to all parties except The Bank of New York Mellon, as Fiscal Agent.
[3]     All docket entry references are to entries in Case No. 17-3283, unless otherwise specified.
[4]     PROMESA is codified at 48 U.S.C. § 2101 et seq.

for the GDB Debt Recovery Authority (the "DRA"), and Cantor-Katz Collateral Monitor LLC, which serves as the collateral monitor for Wilmington Trust, N.A. in connection with the new bonds issued by the DRA (the "Collateral Monitor," and together with the Servicer, the "DRA Parties" or "Plaintiffs"), Ambac Assurance Corporation ("Ambac"), Assured Guaranty Corp. and Assured Guaranty Municipal Corp. (jointly, "Assured"), National Public Finance Guarantee Corporation ("National"), Financial Guaranty Insurance Company ("FGIC," and collectively with Ambac, Assured, and National, the "Monolines"), Peaje Investments LLC ("Peaje"), and The Bank of New York Mellon, as Fiscal Agent ("BNYM", and collectively with the Monolines and Peaje, the "Defendants") (collectively, the "Parties") regarding (i) *The DRA Parties' Motion for Allowance of an Administrative Expense Claim* (Docket Entry No. 17009, the "Administrative Expense Claim Motion") and (ii) the adversary proceeding captioned AmeriNational Community Services, LLC, et al. v. Ambac Assurance Corporation, et al., Adv. Proc. No. 21-00068 (the "DRA Adversary Proceeding"), and it appearing that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 48 U.S.C. § 2166(a); (ii) venue of this proceeding and this matter is proper under 28 U.S.C. § 1391(b) and 48 U.S.C. § 2167(a); and after due deliberation and good cause appearing therefor, it is hereby ORDERED that:

1. The Government Parties are permitted to seek leave to intervene as defendants in the DRA Adversary Proceeding, but the Court reserves judgment on the appropriate scope of this intervention. For the avoidance of doubt, however, the Government Parties are permitted to file and have the Court rule upon the motions described in paragraph 3 below.

2. The Government Parties are directed to prepare and submit an urgent motion by **July 28, 2021**, at **5:00 p.m. (Atlantic Standard Time)**, seeking the intervention of the Government Parties, and specifying the scope of such proposed intervention, with respect to Counts I, II, and IV of the DRA Adversary Proceeding.[5] The DRA Parties shall file a response to the urgent motion by

---

[5] This Order is without prejudice to the Government Parties seeking intervention with respect to Count III at a later date.

**August 2, 2021**, at **5:00 p.m. (Atlantic Standard Time)**. The Government Parties shall file a reply, if any, by **August 5, 2021**, at **12:00 p.m. (Atlantic Standard Time)**. The Court will thereafter take the matter under submission.

3. The following schedule and process will apply with respect to the DRA Adversary Proceeding and DRA Parties' Administrative Expense Claim Motion:

    *<u>DRA Adversary Proceeding</u>*

    a. The Government Parties and Defendants shall answer or move with respect to the Complaint in the DRA Adversary Proceeding (the "Dispositive Motions") by **August 26, 2021**. For the avoidance of doubt, to the extent any Defendant to the DRA Adversary Proceeding or Government Party does not file a Dispositive Motion against any specific Count (or an answer to the Complaint), such Defendant or Government Party shall **not** be deemed to have made a timely response to such Count. Any further pleading deadlines set forth in the Federal Rules of Civil Procedure or Federal Rules of Bankruptcy Procedure may only be extended by the Parties' mutual consent or by leave of the Court.

    b. The DRA Parties shall respond to the Dispositive Motions by **September 23, 2021**.

    c. The Government Parties and Defendants shall file replies in support of the Dispositive Motions by **October 8, 2021**.

    *<u>Administrative Expense Claim Motion</u>*

    d. The Oversight Board (or the Government Parties collectively) shall file oppositions to the Administrative Expense Claim Motion by **September 9, 2021**, which may also address the DRA's standing to bring such a motion.

    e. The DRA Parties shall file a reply in support of the Administrative Expense Claim Motion by **September 24, 2021**.

    *<u>Resolution of Dispositive Motions and Administrative Expense Claim Motion</u>*

4. The Court will thereafter take the Dispositive Motions and Administrative Expense Claim Motion on submission, unless the Court determines that a hearing is necessary.[6]

---

[6] The scheduled hearing of the *DRA Parties' Motion and Memorandum of Law in Support of Their Motion for Relief from the Automatic Stay, or in the Alternative, Ordering Payment of Adequate Protection* (Docket Entry No. 16276, the "DRA Stay Motion") in connection with the August 4, 2021, Omnibus hearing will go forward, and any issues in connection with that motion will be taken up at that hearing.

5. The Parties shall, with respect to all unresolved issues raised in the DRA Adversary Proceeding, the Dispositive Motions, and/or the Administrative Expense Claim Motion, make the necessary submissions and take all necessary actions in compliance with the Court's scheduling and procedure orders concerning the confirmation proceedings relating to the Sixth Amended Plan of Adjustment, as it may be amended, including the filing of objections to the Plan (and replies thereto) relating to such issues.

SO ORDERED.

Dated: July 27, 2021

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge