**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**LIMITED OBJECTION OF THE DRA PARTIES TO THE DISCLOSURE STATEMENT FOR THE SIXTH AMENDED TITLE III JOINT PLAN OF ADJUSTMENT OF THE COMMONWEALTH OF PUERTO RICO, *ET AL*.**

**COME NOW** AmeriNational Community Services, LLC (the "Servicer"), as servicer for the GDB Debt Recovery Authority (the "DRA"), and Cantor-Katz Collateral Monitor LLC, a Delaware limited liability company (the "Collateral Monitor," and together with the Servicer, collectively, the "DRA Parties"), which serves as the collateral monitor for Wilmington Trust, N.A. in connection with the new bonds that the DRA issued pursuant to the *Government Development Bank for Puerto Rico Debt Restructuring Act*, Act No. 109-2017, as amended by Act No. 147-2018, and the approved qualifying modification for the Government Development Bank for Puerto Rico (the "GDB") under Title VI of the *Puerto Rico Oversight, Management and Economic Stability Act* ("PROMESA")[2], by and through the undersigned legal counsel, and

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation  (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority  (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19-BK-5233 (LTS)) (Last Four Digits of Federal Tax ID: 3801).

[2] *See* Dkt. No. 270 of Civil Case No. 18- 01561 (LTS) (Nov. 7, 2018).  PROMESA is codified at 48 U.S.C. §§ 2101-

1

respectfully submit this limited objection (this "Limited Objection") to the *Disclosure Statement for the Sixth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (the "Sixth Amended Disclosure Statement")[3] [Dkt. No. 17517] filed by the Financial Oversight and Management Board for Puerto Rico (the "FOMB"), as representative of the Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA" and, collectively with the Commonwealth and ERS, the "Debtors").

## LIMITED OBJECTION

1. As successor-in-interest to the GDB, the DRA holds a prepetition secured claim against PBA on account of a loan made by the GDB to PBA. As of PBA's September 27, 2019 petition date, PBA owes the DRA $48,821,233.11 in principal and $19,832,064.58 in interest thereunder. *See* Proof of Claim No. 174309 filed on July 28, 2020 by AmeriNational Community Services, as servicer for the GDB Debt Recovery Authority, against PBA.

2. The DRA alleges that this loan is partially secured by a security interest in the proceeds of the sale or disposition of two real properties in San Juan consisting of buildings where the Commonwealth's Treasury Department is currently located and where the Department of Justice was previously located. *See id.*[4] Under the *Sixth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (the "Sixth Amended Plan") [Dkt. No.

---

2241.

[3] Capitalized terms used but not otherwise defined herein shall have the meanings assigned to such terms in the Sixth Amended Disclosure Statement.

[4] The GDB also made three unsecured loans to PBA, which as of PBA's petition date, totaled at least $88,592,916.04 in principal amount and $50,086,019.67 in interest. *See id.* These loan claims are classified under the Sixth Amended Plan as Class 14 "PBA/DRA Unsecured Claims." *See* Sixth Amended Plan §§ 1.384, 18.1

17516], this loan claim is classified as a Class 12 "PBA/DRA Secured Claim." *See* Sixth Amended Plan §§ 1.383, 16.1.

3. In response to the DRA Parties' objection to the Disclosure Statement (then in its third amended version), *see* Dkt. No. 17006, and following oral argument on July 13-14, 2021, the Court entered an order requiring the FOMB to, among other things, "[d]isclose the basis for the Oversight Board's treatment of the value of the collateral allegedly securing any loan claim asserted by [the DRA Parties] against the Puerto Rico Public Buildings Authority." *See* Order Regarding Rulings Made on the Record at the July 13-14, 2021 Hearing Concerning the Proposed Disclosure Statement and Plan of Adjustment (the "Initial Disclosure Statement Order") [Dkt. No. 17387] at 4.

4. On July 27, 2021, the FOMB filed the Sixth Amended Disclosure Statement, which relates to the Sixth Amended Plan.

5. In apparent response to the Court's Initial Disclosure Statement Order, the FOMB included a footnote in Sixth Amended Disclosure Statement setting forth the FOMB's explanation for why it treated the DRA's PBA/DRA Secured Claim as unsecured claim. *See* Sixth Amended Disclosure Statement at 418, n. 373.

6. In footnote 373, the FOMB sets forth its conclusions as if they are statements of fact by writing:

> [P]erfection of a security interest in real property requires the proper execution and filing of a real estate mortgage—which there was none here. A security interest in personal property proceeds of real estate may be able to be perfected by a UCC-1 if properly described in the financing statement, but that is not the case here.
>
> *Id.*

7. The DRA Parties object to this revision and request that the FOMB revise the language to make clear that footnote 373 represents only the FOMB's views.

8. The DRA Parties view the purported secured status of the PBA/DRA Secured Claim as an issue that should be decided at confirmation and, at such time, the DRA Parties will be prepared to present argument before the Court on this issue.

9. In addition to revising the language in footnote 373 to make clear that it represents only the FOMB's views, the DRA Parties respectfully request that the following language be added to the end of the footnote:

> "The DRA Parties disagree with the Oversight Board's contentions and intend to address the legal merits of this issue in connection with confirmation of the Plan."

10. The DRA Parties reserve all rights in connection with the Sixth Amended Plan and intend to address the validity FOMB's arguments at the appropriate time.[5]

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 28th day of July, 2021.

**WE HEREBY CERTIFY** that, in accordance with the Court's *Fifteenth Amended Notice, Case Management and Administrative Procedures Order* (the "CMP Order") [Dkt. No. 17127-1] on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants in this case. We further certify that, on this same date, we served the foregoing upon all the Standard Parties as identified and defined in the CMP Order, as well as upon all of the parties identified in the Master Service List maintained at https://cases.primeclerk.com/puertorico/.

---

[5] In addition, the DRA Parties note that the placement of footnote 373 may be inaccurate. The DRA Parties assume it relates to the DRA's Class 12 DRA/PBA Secured Claim—not the DRA's Class 14 PBA/DRA Unsecured Claims, as currently set forth in the Sixth Amended Disclosure Statement.

<table>
<tr><td>

**MCCONNELL VALDÉS LLC**

270 Muñoz Rivera Avenue, Suite 7
Hato Rey, Puerto Rico 00918
P.O. Box 364225
San Juan, PR 00936-4225
Tel: 787-250-5632
Fax: 787-759-9225

By: */s/ Arturo J. García-Solá*
Arturo J. García-Solá
(USDC No. 201903)
E-mail: ajg@mcvpr.com

*/s/ Nayuan Zouairabani*
Nayuan Zouairabani
(USDC No. 226411)
E-mail: nzt@mcvpr.com

***Attorneys for AmeriNational Community Services, LLC, as Servicer for the GDB Debt Recovery Authority***

</td><td>

**C. CONDE & ASSOC. LAW OFFICES**

By: */s/ Carmen D. Conde Torres*
Carmen D. Conde Torres
(USDC No. 207312)

*/s/ Luisa S. Valle Castro*
Luisa S. Valle Castro
(USDC No. 215611)

254 San José Street
Suite 5
San Juan, PR 00901-1523
Tel: 787-729-2900
Fax: 787-729-2203
E-mail: condecarmen@condelaw.com

-and-

**SCHULTE ROTH & ZABEL LLP**

By: */s/ Douglas S. Mintz*
Douglas S. Mintz (admitted *pro hac vice*)
901 Fifteenth Street, NW, Suite 800
Washington, DC 20005
Tel: 202-729-7470
Fax: 202-730-4520
E-mail: douglas.mintz@srz.com

-and-

Douglas Koff (admitted *pro hac vice*)
Abbey Walsh (admitted *pro hac vice*)
Peter J. Amend (admitted *pro hac vice*)
919 Third Avenue
New York, NY 10022
Tel: 212-756-2000
Fax: 212-593-5955
E-mail: douglas.koff@srz.com
        abbey.walsh@srz.com
        peter.amend@srz.com

***Attorneys for Cantor-Katz Collateral Monitor LLC, as Collateral Monitor for the GDB Debt Recovery Authority***

</td></tr>
</table>

5