# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>   as representative of<br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>   Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>   as representative of<br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>   Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS |
| AMERINATIONAL COMMUNITY SERVICES, LLC, as Servicer for the GDB Debt Recovery Authority and CANTOR-KATZ COLLATERAL MONITOR LLC,<br><br>   Plaintiffs,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION, FINANCIAL GUARANTY INSURANCE COMPANY, PEAJE INVESTMENTS | Adv. Proc. No. 21-00068-LTS |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

LLC, and THE BANK OF NEW YORK MELLON, as Fiscal Agent,

Defendants.

THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as representative of PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY; THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO as representative of THE COMMONWEALTH OF PUERTO RICO,

Movants,

v.

AMERINATIONAL COMMUNITY SERVICES, LLC, as Servicer for the GDB Debt Recovery Authority and CANTOR-KATZ COLLATERAL MONITOR LLC,

Respondents.

**URGENT MOTION OF FINANCIAL
OVERSIGHT AND MANAGEMENT BOARD FOR LEAVE TO INTERVENE
AS DEFENDANT, ON BEHALF OF COMMONWEALTH AND HTA, IN
DRA ADVERSARY PROCEEDING WITH RESPECT TO COUNTS I, II, AND
<u>IV OF COMPLAINT, WITH FULL PARTY RIGHTS</u>**

**To the Honorable United States District Judge Laura Taylor Swain:**

The Financial Oversight and Management Board for Puerto Rico (the "<u>Oversight Board</u>"), as sole Title III representative of Debtors the Commonwealth of Puerto Rico (the "<u>Commonwealth</u>") and the Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("<u>PROMESA</u>"), respectfully submits this urgent motion (the "<u>Urgent Motion</u>") for an order granting the Oversight Board, on behalf of the Commonwealth and HTA, leave to intervene as a

2

defendant with full party rights in Counts I, II, and IV of the *Adversary Complaint* [Case No. 21-00068, ECF No. 1] (the "Complaint") in *AmeriNational Community Services, LLC, et al. v. Ambac Assurance Corporation, et al.*, Adv. Proc. No. 21-00068 (the "DRA Adversary Proceeding") pursuant to Fed. R. Civ. P. Rule 24(a)(1), made applicable by Fed. R. Bankr. P. 7024 and PROMESA § 310, and 11 U.S.C. § 1109(b), made applicable by PROMESA § 301(a).[2]

## PRELIMINARY STATEMENT

1. In PROMESA Title III cases, as in cases under the Bankruptcy Code, claimants may assert claims against debtors, and debtors may object to allowance of such claims. In the First Circuit, other parties in interest can be granted standing to participate in claim objections, but that has not happened here. Indeed, it has not been requested. Instead, the DRA Parties[3] decided they would attempt to evade the Commonwealth's and HTA's rights to object to the DRA Parties' claims and other creditors' claims, by filing their Complaint against certain creditors and requesting declarations of the validity of the DRA Parties' secured claims and the invalidity of the creditors' secured claims, notwithstanding that the Commonwealth has a pending summary judgment motion in respect of the creditors' claims. For the sake of efficiency, rather than request the DRA Parties' Complaint be dismissed, the Commonwealth and HTA are requesting intervention as of right as parties, to provide them the same rights they would have if the DRA Parties had not engaged in their improper maneuver. Put differently, the Commonwealth and HTA, as of right, can file objections to the DRA Parties' claims with no restrictions on their prosecution of the objections.

---

[2] The Oversight Board reserves the right to seek intervention regarding Count III, which requests a declaration that the DRA Parties' loan claims are not subordinate to those of HTA bondholders.

[3] The "DRA Parties" are AmeriNational Community Services, LLC (the "Servicer"), as servicer for the GDB Debt Recovery Authority (the "DRA"), and Cantor-Katz Collateral Monitor LLC, which serves as the collateral monitor for Wilmington Trust, N.A. in connection with the new bonds issued by the DRA.

3

For efficiency only, they are requesting full intervention to put them in the same position they would have by filing claim objections.

2. The DRA Parties' Complaint also requests a declaration that their claims are not subordinated to certain other creditors' claims. Intervention as to that count is not at issue in this Urgent Motion.

3. On June 26, 2021, the DRA Parties filed their Complaint, asserting a variety of claims, including that: (i) they have a perfected security interest in revenues held by the Commonwealth (Count I); (ii) the security interest held by HTA bondholders is limited to revenues deposited by HTA in specified accounts, and does not include Act 30-31 revenues claimed by the DRA Parties as security (Count II); and, (iii) they have a recourse claim against HTA (Count IV). As aforesaid, the DRA Parties did not name the Commonwealth or HTA as defendants to this Complaint, instead choosing to name only certain monoline insurers and other HTA bondholders as defendants. The DRA Parties' failure to name the debtors as defendants does not change the substance of the Complaint, which is nothing more than the DRA Parties' request for allowance of their (purported) claims against the Commonwealth and HTA, and which only the Oversight Board can defend or settle. As Counts I, II, and IV of the Complaint in substance seek relief against the Commonwealth and HTA, the Oversight Board, as their sole representative under PROMESA Title III, has an undisputable (and, indeed, undisputed) right to intervene in this Adversary Proceeding. In fact, the Oversight Board, as the debtors' representative, is an indispensable party to this Adversary Proceeding—if it is not allowed to fully intervene as a defendant, the Complaint must be dismissed pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure (made applicable by Rule 7012 of the Federal Rules of Bankruptcy Procedure and PROMESA § 310).

4. The DRA Parties admit the Oversight Board has a direct and substantial interest in Counts I, II, and IV of the Complaint. In this regard, the DRA Parties consent to the Oversight Board's intervention, and even jointly proposed a schedule for the resolution of dispositive motions the Oversight Board intends to file in the DRA Adversary Proceeding.[4] Nevertheless, the DRA Parties necessitated the filing of this Urgent Motion because, although they "do not object to the intervention," they insist on "reserv[ing] the right to present to the Court their position on the scope of the [Oversight Board's intervention]," *Joint Status Report* ¶ 11, without specifying what, if any, limitation should be imposed on the Oversight Board's absolute right to intervene. As explained above, the Oversight Board as the debtors' Title III representative has full rights to object to the allowance of the DRA Parties' claims and any other creditor's claims. The DRA Parties cannot eliminate those rights by filing an inappropriate complaint and then arguing about the Oversight Board's scope of intervention. Therefore, the DRA Parties' empty reservation should be rejected, and the Oversight Board should be permitted to intervene as a defendant in Counts I, II, and IV, as Title III representative of the Commonwealth and HTA, with full party rights.[5]

---

[4] *See Joint Status Report Pursuant to Court Order Dated July 16, 2021, [ECF No. 17387] with Respect to (I) DRA Parties Administrative Expense Claim Motion and (II) DRA Adversary Proceeding* [Case No. 17-3283, ECF No. 17499] (the "Joint Status Report") ¶¶ 5, 6, 11, 13.

[5] While the Oversight Board's proposed substantive pleading is not attached to this Urgent Motion, courts have made clear that intervention can be granted even when no pleading is attached. *See Assured v. FOMB (In re Fin. Oversight & Mgmt. Bd. for Puerto Rico for Puerto Rico)*, 872 F.3d 57, 65 (1st Cir. 2017) ("We have recently cited with approval cases holding that a court has the discretion to permit intervention in some circumstances even when the motion to intervene is not accompanied by a pleading."); *Golden v. Stein*, No. 4:18-cv-331, 2021 WL 3087861, at *3-4 (S.D. Iowa Feb. 3, 2021) (finding that the requirements of Rule 24(c) were satisfied where a proposed intervenor apprised the court of its basis for intervention even though the party did not attach a substantive pleading to the motion to intervene and noting that the First, Eighth, Ninth, and Fourth Circuit Court of Appeals adopted this rule). Here, the DRA Parties consented to the Oversight Board's intervention and agreed to a schedule to litigate the Oversight Board's forthcoming dispositive motion(s), so no party is prejudiced by the fact that a pleading is not attached to this Urgent Motion.

5

5. That the DRA Parties are requesting the allowance of their claims is beyond question. The opening sentence of the Complaint plainly reveals the DRA Parties seek a declaration regarding *Commonwealth revenues, funds deposited into HTA accounts, and loan agreements with HTA.* *See* Complaint at 2–3 ("The DRA Parties seek to establish that (i) the DRA is the only creditor with a valid, perfected, first priority lien on and right to collect from the Act 30-31 Revenues . . . and (iv) the DRA's Loan Claims[6] are payable and have a right to collect from the Bond Revenues that have not been deposited in the Bond Revenue Accounts.").[7] Paragraph 14 of the Complaint further affirms this dispute "arises under PROMESA Title III, in a Title III case, relates to the Commonwealth's underlying Title III case, and *involves disputes over property of the Commonwealth and/or HTA*." *See* Complaint ¶ 14 (emphasis added). As the owners of the property which is the subject of Counts I, II, and IV, the Commonwealth (or HTA) are indispensable parties, which must be joined as full defendants pursuant to Rule 19(a)(1) of the Federal Rules of Civil Procedure and, indeed, as a matter of basic due process. Further, the Oversight Board is the *only* party with authority to defend against and negotiate the DRA Parties' claims against the Commonwealth and HTA, and settle with the HTA bondholders (which it is in the process of doing) or the DRA Parties. Moreover, the DRA Parties concede their Complaint seeks declarations related to the Oversight Board's *Third Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (the "Third Amended Plan")[8] (*see* Complaint ¶¶ 91–101), and the DRA Parties' anticipated recovery from the Commonwealth, yet

---

[6] The DRA Parties' "Loan Claims" are claims predicated on a series of promissory notes given by HTA.

[7] The "Bond Revenue Accounts" are defined in the Complaint to include "Bond Revenues" (as that term is defined in the HTA Bond Resolutions) deposited in specifically enumerated accounts and sub-accounts created pursuant to section 401 of the HTA bond resolutions.

[8] Currently pending for consideration by the Court is the *Sixth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* Both such plans present the same issues the DRA Parties seek to litigate here.

they have not joined the Oversight Board, as representative of the Commonwealth, into the dispute.[9]

6. The DRA Parties necessitated the filing of this Urgent Motion because they "reserve their right to present to the Court their position on the scope of the Government Parties' intervention." Despite repeated requests by the Oversight Board, the DRA Parties have declined to share that reasoning in any meet and confer discussions or correspondence. Because the Oversight Board, as the debtors' Title III representative, is an indispensable party and the only party authorized to litigate the allowance of claims, and the claims being pursued by the DRA Parties in this proceeding focus exclusively on rights to property of and claims against the Commonwealth and HTA and the Oversight Board's plan of adjustment related thereto, the Oversight Board should be granted full intervention.

## JURISDICTION AND VENUE

7. The United States District Court for the District of Puerto Rico (the "Court") has subject-matter jurisdiction over this matter pursuant to PROMESA § 306(a).

8. Venue is proper pursuant to PROMESA § 307(a).

---

[9] *See Harris v. Quinones*, 507 F.2d 533, 537 (10th Cir. 1974) ("[W]e have previously supported the view that in an action for declaratory judgment all persons interested in the declaration are 'necessary' parties."); *In re Taylor, Bean & Whitaker Mort. Corp.*, No. 10-ap-243, 2011 WL 13389599, at *5 (Bankr. M.D. Fla. Sept. 28, 2011) ("[A]ll persons who have an interest in the determination of the questions raised in the declaratory judgment suit should be before the court or the determination by the court is ineffective. It would result in but a partial disposition of the controversy. Obviously such should be avoided." (citation omitted)).

**PROCEDURAL BACKGROUND**

9.  On or about June 26, 2021, the DRA Parties filed the DRA Adversary Proceeding [Adv. Proc. No. 21-00068], naming as defendants[10] certain HTA bondholders and insurers of those bonds.

10. On July 16, 2021, the Court entered an *Order Regarding Rulings Made on the Record at the July 13-14, 2021, Hearing Concerning the Proposed Disclosure Statement and Plan of Adjustment* [ECF No. 17387] (the "July 16 Order"). The July 16 Order directed the Oversight Board, the DRA Parties and Defendants (collectively, the "Parties") to (i) meet and confer to discuss when and in what procedural context the DRA Adversary Proceeding and a related administrative expense claim should be presented to the Court, and (ii) file a joint status report by July 23, 2021 at 5:00 p.m. (Atlantic Standard Time) regarding how the Parties intended to proceed.

11. On and after July 20, 2021, the Parties met and conferred for the purposes directed by the Court. Relevant here, the meet and confer culminated in an agreement by the DRA Parties that, subject to Court approval, the Oversight Board (and AAFAF) may intervene in the DRA Adversary Proceeding, and file motions to dismiss or other motions directed to Counts I, II and IV, as discussed in further detail in the Parties' *Joint Status Report*.

12. In direct response to the Court's July 16 Order, the Parties proposed an agreed litigation schedule, which assumed the Oversight Board would be a participant in the litigation as a defendant, on behalf of the Commonwealth and HTA. The schedule contemplates the filing of motions to dismiss or other motions (the "Dispositive Motions") by the Oversight Board, AAFAF,

---

[10] Named as defendants are Ambac Assurance Corporation, Assured Guaranty Corp. and Assured Guaranty Municipal Corp., National Public Finance Guarantee Corporation, Financial Guaranty Insurance Company, Peaje Investments LLC, and The Bank of New York Mellon, as Fiscal Agent (collectively, the "Defendants").

8

and Defendants in the DRA Adversary Proceeding. *See Joint Status Report* ¶¶ 6, 8–9. The Court affirmed that schedule in an order dated July 27, 2021 [ECF No. 17529].

## RELIEF REQUESTED

13. The Oversight Board respectfully requests the Court grant this Urgent Motion and enter an order permitting the Oversight Board, as Title III representative of the Commonwealth and HTA, to intervene as a defendant in Counts I, II, and IV of the Complaint for all purposes and without limitation. A proposed order granting such relief is attached and marked as **Exhibit A**.

## ARGUMENT

**I. THE OVERSIGHT BOARD IS ENTITLED TO INTERVENE AS A MATTER OF RIGHT**

14. The Oversight Board, on behalf of the Commonwealth and HTA, has the absolute and unconditional right to intervene in this matter. In *Assured v. FOMB (In re Fin. Oversight & Mgmt. Bd. for Puerto Rico for Puerto Rico)*, 872 F.3d 57 (1st Cir. 2017), the First Circuit held that 11 U.S.C. § 1109(b) conferred on the parties listed therein the unconditional right to intervene in an adversary proceeding arising within the Commonwealth's Title III case under 11 U.S.C. § 1109(b). *See id.* at 59.[11] Among other parties, 11 U.S.C. § 1109(b) specifically lists "the debtor" and "the trustee" as parties that "may raise and may appear and be heard" in such an adversary proceeding.[12] 11 U.S.C. § 1109(b). Here, the Oversight Board, as the Title III representative of the debtors, 48 U.S.C. § 2175, and as the functional equivalent of the "trustee," 48 U.S.C. § 2161(c)(7), unquestionably has the unconditional right to intervene in the DRA Adversary Proceeding. Indeed, the Oversight Board, as the sole representative of the debtors charged with

---

[11] Under Rule 24(a)(1) of the Federal Rules of Civil Procedure, a party may intervene as of right if it "is given an unconditional right to intervene by a federal statute." 11 U.S.C. § 1109(b) provides that unconditional right.

[12] In *Assured*, the First Circuit held that "a case under this chapter" includes adversary proceedings. *See Assured*, 872 F.3d at 63.

9

administering their Title III cases, must have a right to intervene without restriction in adversary proceedings adjudicating interests in the debtors' property and claims against the debtors. As mentioned above, the debtors could simply file claim objections against the DRA Parties' claims, and already have objections pending against the other defendants' claims (which objections are subject to settlement in the currently proposed plan of adjustment).

15. In any event, the DRA Parties concede the Oversight Board has the right to intervene. Thus, the *sole reason* for the filing of this Urgent Motion is the DRA Parties' unexplained "reservation" regarding the Oversight Board's request for full intervention rights.

## II. THE DRA PARTIES HAVE NOT AND CANNOT ARTICULATE ANY BASIS TO LIMIT THE SCOPE OF INTERVENTION RELATED TO COUNTS I, II, AND IV

16. Attempting to capitalize on their inappropriate maneuver, the DRA Parties have alluded to the portion of *Assured*, 872 F.3d 57, in which the court allowed for limitations on the absolute right to intervene. There, the appellate court was not dealing with a plaintiff who filed a complaint against creditors in an attempt to deprive a debtor of its absolute right to prosecute claim objections.

17. On the facts here where the debtors can file their own claim objections with no restraints, it is clear there should be no limitations on the Oversight Board's intervention. Additionally, the Oversight Board, as the sole Title III representative of the Commonwealth and HTA, is an indispensable party. Specifically, Rule 19(a) of the Federal Rules of Civil Procedure (made applicable pursuant to Rule 7019 of the Federal Rules of Bankruptcy Procedure and PROMESA § 310), provides that a party is indispensable if "(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise

inconsistent obligations because of the interest." *See* Fed. R. Civ. P. 19(a)(1). This is satisfied here: one or the other of the debtors own the property in which the DRA Parties claim an interest, and HTA is the counterparty to the contracts the DRA Parties seek to litigate in this proceeding. Adjudicating the issues raised in Counts I, II, and IV of the Complaint without the joinder of the Oversight Board, as the debtors' Title III representative, would both "as a practical matter impair or impede" the debtors' "ability to protect [their] interest" in the relevant property, and would leave the debtors with a "risk of incurring double, multiple, or otherwise inconsistent obligations." *See, e.g., Williams v. Bankhead*, 86 U.S. 563, 570-71 (1873) (property owner an indispensable party in action determining property's ownership); *Miranda v. Banco Popular de Puerto Rico (In re Mercado)*, 587 B.R. 224, 225 n.2 (Bankr. D.P.R. 2018); *Hunter v. Deutsche Lufthansa AG*, 863 F. Supp. 2d 190, 201 n.13 (E.D.N.Y. 2012) ("contractual counterparty" "is a necessary and indispensable party" to claim on contract).

18. As explained above, Counts I, II, and IV are a request on the part of the DRA Parties to have a claim allowed, but without naming the debtors. Namely, the Commonwealth's own property is squarely at the heart of Count I, which seeks a ruling from this Court as to the scope of the DRA Parties' alleged security interest in Commonwealth funds. *See* Complaint ¶¶ 103–115. The Commonwealth (acting through the Oversight Board) is indispensable to any such determination and must be entitled to participate in that litigation with no restriction. Count II and Count IV also seek determinations regarding the scope of property interests in, and claims against, HTA and Commonwealth funds, despite being labeled as intercreditor disputes. *See id.* at ¶¶ 116–129. And, the relief requested in Count II—avoiding some portion of the HTA bondholders' lien— is reserved for the trustee, not just any party in interest. *See* 11 U.S.C. § 544. The Oversight Board is no less indispensable with respect to Count IV, as that Count seeks a declaration concerning

11

claims against HTA arising from contracts executed by HTA. *See id.* at ¶¶ 141–145. Logic and common sense dictate HTA and the Commonwealth should be entitled to participate fully in any litigation concerning these funds and the interpretation of applicable contracts and laws. Indeed, the DRA Parties unabashedly admit their Complaint brings into dispute property interests in Commonwealth and/or HTA funds:

> **This Court has subject-matter jurisdiction over this adversary proceeding pursuant to PROMESA sections 306(a) and 306(b) because it arises under PROMESA Title III, in a Title III case, relates to the Commonwealth's underlying Title III case, and involves disputes over property of the Commonwealth and/or HTA.**

Complaint ¶ 14 (emphasis added).

19. The Oversight Board as the debtors' Title III representative must be joined as an indispensable party with full party rights. *See, e.g.*, *Miranda*, 587 B.R. at 225 n.2 (holding a party "may not avoid a mortgage in the Property Registry without including the Debtor in the litigation because it impacts his property rights."). Failure to do so in these circumstances requires dismissal of the Complaint pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b)(7) ("failure to join a party under Rule 19" is a defense to complaint).

20. Similarly, the DRA Parties acknowledge the declarations requested in Counts I, II and IV are intended to impact the plan of adjustment, but without the participation of the party most central to the issue—the Oversight Board as the debtor's Title III representative. *See* Complaint ¶ 96 (claiming the Oversight Board's "Third Amended Plan [and now the Sixth Amended Plan] incorrectly provides the HTA Bondholders senior priority on their clawback claims, such that they will receive a greater recovery on their clawback claims than the DRA, and does not take into account that the DRA is the only party with a right to collect from and security interest in the Act 30-31 Revenues."). Apparently, the DRA Parties seek to have the Court declare

precise limitations on the scope of the security interests and property interests held by HTA bondholders and insurers (the Defendants here), notwithstanding those exact claims are being settled pursuant to the Commonwealth's plan of adjustment.

21. The requested declaration is also contrary to law, given that the DRA Parties seek to interfere with the Oversight Board's effort to settle those claims at confirmation. Rule 9019, made applicable here by section 310 of PROMESA, vests the Oversight Board with the exclusive authority to settle such claims, subject to court approval. While the DRA Parties have the right to object to any such settlement, they *do not* have the right to continue or initiate litigation that would have the effect of hijacking or even stalling any such settlement. *See RWNIH-DL 122nd Street 1 LLC v. Futterman (In re Futterman)*, No. 17-01223, 2019 WL 2553614, *4 (S.D.N.Y 2019);[13] *In re DVR, LLC*, 582 B.R. 507, 522 (Bankr. D. Colo. 2018), *aff'd*, 606 B.R. 80 (D. Colo. 2019) (recognizing a trustee must be empowered to settle claims objections, otherwise "the delay that litigation entails may hold up the trustee's distribution to creditors interminably," the estate may be deprived of "tangible benefits that rolling the dice in litigation would . . . jeopardize" and it "would permit a creditor to hold the estate hostage to protracted litigation").

22. Simply put, the DRA Parties cannot deprive the debtors of their absolute rights to object to the DRA Parties' claims or other creditors' claims, by filing a complaint to evade the claims objection process. The orderly prosecution of this litigation demands the full participation of the Oversight Board with respect to Counts I, II and IV.

---

[13] As the court noted in *Futterman*, "the fact that Mr. Futterman was allowed to raise an objection to the RWN deficiency claim does not mean that Mr. Futterman himself has the right to veto a settlement, or to insist on continuing a litigation that would have the effect of vetoing the Trustee's settlement, or that, by virtue of his objection, Mr. Futterman now personally owns the right to control the disposition of the deficiency claim. Instead, his rights are limited to the rights that a party in interest has to object to the wisdom of the Trustee's settlement decision under Rule 9019." *Id*. at *4.

## CONCLUSION

For all these reasons, the Oversight Board requests that the Court grant this Urgent Motion, and enter an order in the form of **Exhibit A** attached hereto granting the Oversight Board, as Title III representative of the Commonwealth and HTA, leave to intervene as a defendant in Counts I, II, and IV of the Complaint without limitation and with full party rights.

### CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 9013-1 AND THE FIFTEENTH AMENDED CASE MANAGEMENT PROCEDURES

Pursuant to Local Rule 9013-1 and ¶ I.H of the Fifteenth Amended Case Management Procedures [Case No. 17-BK-3283-LTS, ECF No. 17127-1], the Oversight Board hereby certifies that it has (a) carefully examined the matter and concluded that there is a true need for an urgent hearing; (b) not created the urgency through any lack of due diligence; (c) made a bona fide effort to resolve the matter without a hearing; (d) made reasonable, good-faith communications in an effort to resolve or narrow the issues that are being brought to the Court; and (e) contacted counsel for the DRA Parties, and the DRA Parties stated that, while they did not oppose intervention, they reserved their right to contest the scope of the intervention.

[*Remainder of page intentionally left blank.*]

Dated: July 28, 2021.
San Juan, Puerto Rico

Respectfully submitted,

/s/ Hermann D. Bauer
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

/s/ Michael A. Firestein
Martin J. Bienenstock
Brian S. Rosen
Jeffrey Levitan
Ehud Barak
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

Michael A. Firestein
Lary Alan Rappaport
(Admitted Pro Hac Vice)
2029 Century Park East
Suite 2400
Los Angeles, CA 90067-3010
Tel: (310) 557-2900
Fax: (310) 557-2193
Email: mfirestein@proskauer.com
lrappaport@proskauer.com

***Attorneys for the Financial Oversight and Management Board as representative for the Debtors***

## **Exhibit A**

**Proposed Order**

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br>    as representative of<br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                        Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br>    as representative of<br>PUERTO RICO HIGHWAYS AND<br>TRANSPORTATION AUTHORITY,<br><br>                        Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS |
| AMERINATIONAL COMMUNITY SERVICES, LLC, as Servicer for the GDB Debt Recovery Authority and CANTOR-KATZ COLLATERAL MONITOR LLC,<br><br>                        Plaintiffs,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION, FINANCIAL GUARANTY INSURANCE COMPANY, PEAJE INVESTMENTS | Adv. Proc. No. 21-00068-LTS |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

LLC, and THE BANK OF NEW YORK MELLON, as Fiscal Agent,

Defendants.

THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as representative of PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY; THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO as representative of THE COMMONWEALTH OF PUERTO RICO,

Movants,

v.

AMERINATIONAL COMMUNITY SERVICES, LLC, as Servicer for the GDB Debt Recovery Authority and CANTOR-KATZ COLLATERAL MONITOR LLC,

Respondents.

**ORDER GRANTING URGENT MOTION OF
FINANCIAL OVERSIGHT AND MANAGEMENT BOARD
FOR LEAVE TO INTERVENE AS DEFENDANT, ON BEHALF OF
COMMONWEALTH AND HTA, IN DRA ADVERSARY PROCEEDING WITH
<u>RESPECT TO COUNTS I, II, AND IV OF COMPLAINT, WITH FULL PARTY RIGHTS</u>**

Upon the Financial Oversight and Management Board for Puerto Rico's *Urgent Motion of Financial Oversight and Management Board for Leave to Intervene as Defendant, on Behalf of Commonwealth and HTA, in DRA Adversary Proceeding With Respect to Counts I, II, and IV of Complaint, With Full Party Rights* (the "<u>Urgent Motion</u>");[2] and the Court having found it has subject-matter jurisdiction over this matter pursuant to PROMESA section 306(a); and venue in

---

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Urgent Motion.

this district being proper pursuant to PROMESA section 307(a); and the Court having found the Oversight Board provided adequate and appropriate notice of the Urgent Motion under the circumstances and that no other or further notice is required; and upon the record herein, after due deliberation thereon, the Court having found good and sufficient cause exists for granting the relief set forth herein.

**IT IS HEREBY ORDERED THAT:**

1. The Urgent Motion is GRANTED as set forth herein.

2. The Oversight Board, as Title III representative of the Commonwealth and HTA, is permitted to intervene and participate as a defendant, in all respects, in Counts I, II, and IV of the Complaint.

3. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

Dated: _____, 2021.

                                                  SO ORDERED:

                                                  _____
                                                  HONORABLE LAURA TAYLOR SWAIN
                                                  United States District Judge