Estimated Hearing Date: TBD (Atlantic Standard Time)
Objection Deadline: August 17, 2021 at 4:00 p.m. (Atlantic Standard Time)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>     Debtors[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**SUMMARY COVER PAGE TO THE INTERIM APPLICATION OF MUNGER, TOLLES & OLSON LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS ATTORNEYS TO THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO FOR THE PERIOD FROM FEBRUARY 1, 2020 THROUGH NOVEMBER 30, 2020**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686).

## *General Information*

| | |
|---|---|
| Name of Applicant: | Munger, Tolles & Olson LLP |
| Authorized to Provide Services to: | Financial Oversight and Management Board, as Representative for the Debtor Pursuant to PROMESA Section 316 |
| Date of Retention: | August 24, 2017 |
| Period for Which Fee Compensation and Expense Reimbursement is Sought in the Fee Application (Compensation Period): | February 1, 2020 through November 30, 2020 |
| Monthly Fee Statements subject to this request: | Twenty-First Monthly Fee Statement (February 1 - 29, 2020) |
| | Consolidated Twenty-Second Monthly Fee Statement (May 1, 2020 – August 31, 2020) |
| | Twenty-Third Monthly Fee Statement (October 1, 2020 – October 31, 2020) |
| | Twenty-Fourth Monthly Fee Statement (November 1, 2020 – November 30, 2020) |

## *Summary of Fees and Expenses Sought in the Fee Application*

| | |
|---|---|
| Amount of Fee Compensation Sought as Actual, Reasonable, and Necessary for the Fee Period: | $103,642.16 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary for the Fee Period: | $9,505.50 |
| Total Fee Compensation and Expense Reimbursement Requested for the Fee Period: | $113,147.66 |
| Total Fee Compensation and Expense Paid to Date: | $74,694.18 |

Total Remaining Fee Compensation and Expense Reimbursement Sought[2]:                $38,453.48

| *Summary of Past Requests for Compensation and Prior Payments* | |
| --- | --- |
| Total Amount of Compensation Previously Requested Pursuant to the Interim Compensation Order to Date: | $1,038,798.35 |
| Total Amount of Expense Reimbursement Previously Requested Pursuant to the Interim Compensation Order to Date: | $3,481.40 |
| Total Compensation and Expense Reimbursement Approved Pursuant to the Interim Compensation Order to Date: | $987,395.79 |
| Compensation Sought in this Application: | $103,642.16[3] |
| Compensation Sought in this Application Already Paid to Date: | $65,188.68 |
| Compensation Outstanding as of this Application: | $38,453.48 |
| Expenses Sought in this Application: | $9,505.50 |
| Expenses Sought in this Application Already Paid to Date: | $9,505.50 |
| Expenses Outstanding as of this Application: | $0.00 |
| Total compensation subject to objection: | None |
| Total expenses subject to objection: | None |
| Number of Professionals included in this application: | 3 |

---

[2] Remaining amount sought includes a request for reimbursement of the 10% holdback as well as the 29% tax withholding applied to 2020 invoices.

[3] Amounts reflect a voluntary 15% reduction.

| | |
|---|---|
| *Difference between fees budgeted and compensation sought: | N/A* |
| Number of Professionals billing fewer than 15 hours to this case: | 0 |
| Rates higher than those approved or disclosed at retention: | Annual rate increases were applied for 2019 to all billers as detailed in the retention agreement and subsequent amendments and letters and agreed to by the Oversight Board. |
| Objection Deadline | August 17, 2021 at 4:00 p.m. (Atlantic Standard Time) |

This is a __ monthly  **X**  interim __ final application.

---

* No budget was created for 2020 as there was no anticipation of substantial work being performed.

**Schedule 1**
**Interim Compensation Period - Fee Statements for**
**February 1, 2020 through November 30, 2020**

| Statement and Date Served | Period Covered | Total Fees Incurred[4] | Total Fees Requested (90%) | Holdback (10%) | Expenses Requested | Fees Paid | Expenses Paid |
|---|---|---|---|---|---|---|---|
| Twenty-First Statement (3-23-2020) | 2/1/2020 - 2/29/2020 | $397.80 | $358.02 | $39.78 | $9,505.50 | $248.82 | $9,505.50 |
| Consolidated Twenty-Second Statement (9-28-2020) | 5/1/2020 - 8/31/2020 | $76,266.12 | $68,639.51 | $7,626.61 | $0 | $48,313.79 | $0 |
| Twenty-Third Statement (12-11-2020) | 10/1/2020 - 10/31/2020 | $5,355.67 | $4,820.10 | $535.57 | $0 | $3,349.97 | $0 |
| Twenty-Fourth Statement (12-11-2020) | 11/1/2020- 11/30/ 2020 | $21,622.57 | $19,460.31 | $2,162.26 | $0 | $13,524.92 | $0 |
| | **Totals:** | **$103,642.16** | **$93,277.94** | **$10,364.22** | **$9,505.50** | **$65,188.68** | **$9,505.50** |

---

[4] Amounts reflect a voluntary 15% reduction.

### Schedule 2
**Summary of Professional Services Rendered by Timekeeper for the Period
February 1, 2020 through February 29, 2020 on Matter 00002**

| NAME OF PROFESSIONAL | DEPARTMENT AND YEAR ADMITTED | HOURLY RATES | TOTAL HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| **PARTNERS** | | | | |
| Anders, Ginger | Litigation - 2005 | $936.00 | 0.5 | $468.0 |
| | | **Totals:** | **0.5** | **$468.0** |
| **ALL PROFESSIONALS** | | | | |
| | | **Less 15% Discount** | **0.5** | **$397.80** |

**Summary of Professional Services Rendered by Timekeeper for the Period
June 1, 2020 through June 30, 2020 on Matter 00002**

| NAME OF PROFESSIONAL | DEPARTMENT AND YEAR ADMITTED | HOURLY RATES | TOTAL HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| **PARTNERS** | | | | |
| Verrilli, Donald B. | | $1,350.56 | | |
| | Litigation - 1989 | | 1.0 | $1,350.56 |
| | | $882.00 | | $1,146.60 |
| Anders, Ginger | Litigation - 2005 | | 1.3 | |
| | | **Totals:** | 2.3 | $2,497.16 |
| | | | | |
| | | **All Professionals:** | 2.3 | $2,497.16 |
| | | **Less 15% Discount** | | **$2,122.58** |

**Summary of Professional Services Rendered by Timekeeper for the Period**
**May 1, 2020 through May 31, 2020 on Matter 00003**

| NAME OF PROFESSIONAL | DEPARTMENT AND YEAR ADMITTED | HOURLY RATES | TOTAL HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| **PARTNERS** | | | | |
| Verrilli, Donald B. | Litigation - 1989 | $1,352.00 | 1.5 | $2,028.00 |
| Anders, Ginger | Litigation - 2005 | $936.00 | 7.6 | $7,113.60 |
| | | Totals: | 9.1 | $9,141.60 |
| | | | | |
| | | All Professionals: | 9.1 | $9,141.60 |
| | | Less 15% Discount | | **$7,770.36** |

**Summary of Professional Services Rendered by Timekeeper for the Period**
**July 1, 2020 through July 31, 2020 on Matter 00003**

| NAME OF PROFESSIONAL | DEPARTMENT AND YEAR ADMITTED | HOURLY RATES | TOTAL HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| **PARTNERS** | | | | |
| Verrilli, Donald B. | Litigation - 1989 | $1,350.56 | 2.1 | $2,836.18 |
| Anders, Ginger | Litigation - 2005 | $882.00 | 3.4 | $2,998.80 |
| | | **Totals:** | **5.5** | **$5,834.98** |
| | | | | |
| | | **All Professionals:** | **5.5** | $5,834.98 |
| | | **Less 15% Discount** | | **$4,959.73** |

**Summary of Professional Services Rendered by Timekeeper for the Period
June 1, 2020 through June 30, 2020 on Matter 00005**

| NAME OF PROFESSIONAL | DEPARTMENT AND YEAR ADMITTED | HOURLY RATES | TOTAL HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| **PARTNERS** | | | | |
| Verrilli, Donald B. | Litigation - 1989 | $1,350.56 | 6.3 | $8,508.53 |
| Anders, Ginger | Litigation - 2005 | $882.00 | 18.3 | $16,140.60 |
| Miller-Ziegler, Rachel G. | Litigation - 2017 | $538.10 | 20.4 | $10,977.24 |
| | **Totals:** | | **45.0** | **$35,626.37** |
| | | | | |
| | **All Professionals:** | | **45.0** | $35,626.37 |
| | **Less 15% Discount** | | | **$30,282.41** |

**Summary of Professional Services Rendered by Timekeeper for the Period
August 1, 2020 through August 31, 2020 on Matter 00005**

| NAME OF PROFESSIONAL | DEPARTMENT AND YEAR ADMITTED | HOURLY RATES | TOTAL HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| **PARTNERS** | | | | |
| Verrilli, Donald B. | Litigation - 1989 | $1,350.56 | 8.1 | $10,939.55 |
| Anders, Ginger | Litigation - 2005 | $882.00 | 25.4 | $22,402.80 |
| Miller-Ziegler, Rachel G. | Litigation - 2017 | $538.10 | 6.1 | $3,282.41 |
| | **Totals:** | | **39.6** | **$36,624.76** |
| | | | | |
| | **All Professionals:** | | **39.6** | $36,624.76 |
| | **Less 15% Discount** | | | **$31,131.04** |

**Summary of Professional Services Rendered by Timekeeper for the Period
October 1, 2020 through October 31, 2020 on Matter 00005**

| NAME OF PROFESSIONAL | DEPARTMENT AND YEAR ADMITTED | HOURLY RATES | TOTAL HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| **PARTNERS** | | | | |
| Verrilli, Donald B. | | $1,350.56 | | |
| | Litigation - 1989 | | 1.4 | $1,890.79 |
| Anders, Ginger | | $882.00 | | $4,410.0 |
| | Litigation - 2005 | | 5.0 | |
| | Totals: | | **6.4** | **$6,300.79** |
| | | | | |
| | All Professionals: | | **6.4** | $6,300.79 |
| | Less 15% Discount | | | **$5,355.67** |

**Summary of Professional Services Rendered by Timekeeper for the Period
November 1, 2020 through November 30, 2020 on Matter 00005**

| NAME OF PROFESSIONAL | DEPARTMENT AND YEAR ADMITTED | HOURLY RATES | TOTAL HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| **PARTNERS** | | | | |
| Verrilli, Donald B. | | $1,350.56 | | |
| | Litigation - 1989 | | 11.3 | $15,261.34 |
| Anders, Ginger | | $882.00 | | $7,056.00 |
| | Litigation - 2005 | | 8.0 | |
| Miller-Ziegler, Rachel G. | Litigation - 2017 | $538.10 | 5.8 | $3,120.98 |
| | Totals: | | **25.1** | **$25,438.32** |
| | | | | |
| | All Professionals: | | **25.1** | $25,438.32 |
| | Less 15% Discount | | | **$21,622.57** |

9

**Schedule 3**
**Summary of Actual and Necessary Expenses Incurred for the Period**
**February 1, 2020 through February 29, 2020**

| Matter 00002 | |
|---|---|
| **Service Description** | **Amount** |
| Messenger | $24.33 |
| Print Vendor | $9,481.17 |
| **Total:** | **$9,505.50** |

Dated:  July 28, 2021

*/s/ Donald B. Verrilli, Jr.*

**MUNGER, TOLLES & OLSON LLP**
Donald B. Verrilli, Jr. (pro hac vice)
Ginger D. Anders (pro hac vice)
Adele M. El-Khouri (pro hac vice)
Rachel G. Miller-Ziegler (pro hac vice)
601 Massachusetts Ave. NW, Suite 500 E
Washington, DC 20001-5369
Telephone:        (202) 220-1100
Facsimile:        (202) 220-2300
Email:            Donald.Verrilli@mto.com
                  Ginger.Anders@mto.com
                  Adele.El-Khouri@mto.com
                  Rachel.Miller-Ziegler@mto.com

Jordan D. Segall (pro hac vice)
350 S. Grand Ave., Fiftieth Floor
Los Angeles, CA 90071
Telephone:        (213) 683-9208
Facsimile:        (213) 687-3702
Email:            Jordan.Segall@mto.com

*Attorneys for The Financial Oversight and*
*Management Board for Puerto Rico, as Representative of The*
*Commonwealth of Puerto Rico*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>     Debtors[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**INTERIM APPLICATION OF MUNGER, TOLLES & OLSON LLP FOR
ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES INCURRED AS ATTORNEYS TO THE
FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO FOR
THE PERIOD FROM FEBRUARY 1, 2020 THROUGH NOVEMBER 30, 2020**

To the Honorable United States District Court Judge Laura Taylor Swain

Munger, Tolles & Olson LLP ("MTO"), attorneys for the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") as representative of the Commonwealth of Puerto Rico (the "Commonwealth"), pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), sections 316 and 317 of PROMESA, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686).

Rule 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules") including the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses referenced therein, and in accordance with this Court's *Second Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (Dkt. No. 3269) (the "Interim Compensation Order"), hereby submits its interim fee application (the "Fee Application") for allowance of compensation for professional services provided in the amount of $103,642.16 and reimbursement of actual and necessary expenses in the amount of $9,505.50 that MTO incurred for the period from February 1, 2020 through November 30, 2020 (the "Fee Period"). In support of this Fee Application, MTO submits the certification of Donald B. Verrilli, Jr., a partner at MTO, (the "Verrilli Declaration"), which is attached hereto as **Exhibit A** and incorporated by reference. In further support of this Fee Application, MTO respectfully states as follows.

## Jurisdiction

1.     The United States District Court for the District of Puerto Rico (the "Court") has jurisdiction over this matter pursuant to PROMESA section 306(a).

2.     Venue is proper pursuant to PROMESA section 307(a).

3.     The bases for the relief requested herein are PROMESA sections 316 and 317, the Bankruptcy Rules, the Local Rules, and the Interim Compensation Order.

## Background

4.     On June 30, 2016, the Oversight Board was established under PROMESA section 101(b). On August 31, 2016, President Obama appointed the Oversight Board's seven voting members.

5.     On August 7, 2017, Aurelius filed a complaint alleging the Board was selected in violation of the Appointments Clause, undermining the Constitutionality of PROMESA.

2

**MTO Retention**

6.      On September 5, 2017, the Oversight Board entered into an agreement to retain MTO (the "Retention Agreement") for legal representation regarding the challenge to the Constitutionality of PROMESA (matter number 00002).  The Retention Agreement authorizes the Oversight Board to compensate and reimburse MTO in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the Interim Compensation Order.   The Retention Agreement also authorizes the Oversight Board to compensate MTO at the standard hourly rates it charges, less a 15% discount, for services of this type and to reimburse MTO for certain actual and necessary out-of-pocket expenses incurred.  The particular terms of MTO's engagement are detailed in the engagement letter by and between MTO and Jaime A. El Koury, the General Counsel of the Oversight Board, effective as of September 5, 2017, which is attached hereto in **Exhibit B**.

7.      On May 29, 2018, the Oversight Board entered into a second agreement to retain MTO (the "Second Retention Amendment") for legal representation regarding the Board's authority to enforce the requirements of it fiscal plan (matter number 00003).  The Retention Amendment adopted the terms of the original Retention Agreement.  The particular terms of MTO's engagement are detailed in the engagement letter by and between MTO and Jaime A. El Koury, the General Counsel of the Oversight Board, effective as of May 29, 2018, which is attached hereto in **Exhibit B**.

8.      On July 1, 2020, the Oversight Board entered into a fourth agreement to retain MTO (the "Fourth Retention Amendment") for legal representation regarding the Board's opposition to a petition for certiorari (matter number 00005).  The Third Retention Amendment adopted the terms of the original Retention Agreement and Retention Amendment.  The particular terms of

3

MTO's engagement are detailed in the engagement letter by and between MTO and Jaime A. El Koury, the General Counsel of the Oversight Board, effective as of July 1, 2020, which is attached hereto in **Exhibit B**. MTO believes that the relief requested herein complies with the controlling guidelines.

### Relief Requested

9. Pursuant to the Interim Compensation Order MTO seeks compensation for professional services rendered to the Oversight Board during the Fee Period in the amount of $103,642.16 and reimbursement of actual and necessary expenses incurred in connection with providing such services in the amount of $9,505.50. All of the fees and expenses MTO seeks in this Fee Application are allocated to the Oversight Board.

10. MTO submitted Monthly Fee Statements (as defined in the Interim Compensation Order) seeking payment of (a) 90 percent of the fees incurred by the Oversight Board for reasonable and necessary professional services rendered by MTO and (b) 100 percent of the actual and necessary costs and expenses incurred by MTO in connection with the services provided to the Oversight Board for each month.

11. On March 23, 2020, MTO served on the Notice Parties (as defined in the interim compensation order) a Twenty-First Monthly Fee Statement for the period from February 1, 2020 through February 29, 2020. Twenty-First Monthly Fee Statement, MTO requested payment of $358.02 (90% of the $397.80 billed for professional services and 100% of the $9,505.50 billed for allowable expenses) of which $9,754.32 has been paid to date.

On September 28, 2020, MTO served on the Notice Parties a Twenty-Second Monthly Fee Statement for the period from May 1, 2020 through August 31, 2020. In the Twenty-Second Monthly Fee Statement, MTO requested payment of $68,639.51 (90% of the $76,266.12 billed for professional services) of which $48,313.79 has been paid to date.

4

On December 11, 2020, MTO served on the Notice Parties a Twenty-Third Monthly Fee Statement for the period from October 1, 2020 through October 31, 2020.  In the Twenty-Third Monthly Fee Statement, MTO requested payment of $4,820.10 (90% of the $5,355.67 billed for professional services) of which $3,349.97 has been paid to date.

On December 11, 2020, MTO served on the Notice Parties a Twenty-Fourth Monthly Fee Statement for the period from November 1, 2020 through November 30, 2020.  In the Twenty-Fourth Monthly Fee Statement, MTO requested payment of $19,460.31 (90% of the $21,622.57 billed for professional services) of which $13,524.92 has been paid to date.

12.     No objections were filed to any of the Monthly Fee Statements and MTO submitted to the Notice Parties the required Monthly Fee Objection Statements.  To date, MTO has received payment for its fees, costs, and expenses incurred during the Fee Period in the amount of $74,694.18.

13.     Beginning on January 1, 2019, a purported tax withholding of 29% was assessed on all payments of Monthly Fee Statements.  MTO requests payment of this withheld amount.

14.     MTO seeks, by this Fee Application, payment of its fees for the Fee Period required under the Interim Compensation Order in the amount of $103,642.16 and payment of its expenses in the amount of $9,505.50, inclusive of any amounts previously held back, including the purported tax withholding, less the amount previously paid for this period.

**Fees and Expenses Incurred During Fee Period**

A.     **Customary Billing Disclosures**.

15.     MTO sets its hourly rates at a level designed to compensate it fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses.  The hourly rates and corresponding rate structure MTO uses in its representation of the Oversight Board are the same as the hourly rates and corresponding rate structure that MTO uses in other representations, and

5

are comparable to the hourly rates and corresponding rate structure that MTO uses for complex corporate and litigation matters, whether in court or otherwise, regardless of whether a fee application is required. At the request of the Oversight Board, changes to hourly billing rates for MTO timekeepers were delayed to correspond with the Board's fiscal year, taking effect as of July 1, 2019. These rates increases were reviewed and agreed to by the Oversight Board.

**B.      Fees Incurred During Fee Period**.

16.      In the ordinary course of practice, MTO maintains computerized records of the time expended to render the professional services required by the Oversight Board. For the convenience of the Court and all parties-in-interest, attached hereto as **Schedule 2** is a summary, by matter, of fees incurred and hours expended during the Fee Period, setting forth the following information:

- the name, title, and department of each attorney and paraprofessional for whose work on these cases compensation is sought;

- the year each attorney was admitted to the bar

- the hourly billing rate for each attorney and each paraprofessional at MTO's billing rates during the Fee Period;

- the aggregate time expended and fees billed by each attorney and each paraprofessional during the Fee Period;

- a calculation of total compensation requested.

**C.      Actual and Necessary Expenses Incurred During Fee Period**.

17.      It is MTO's policy to charge its clients in all areas of practice for expenses incurred in connection with its clients' cases. The expenses charged to clients include, among other things, court fees, telephone conference call and international call charges, mail, express mail, and overnight delivery service charges, special or hand delivery charges, document retrieval charges, charges for mass mailings (including envelopes and labels) provided by MTO to outside copying services, airfare, meals, lodging, transcription costs, expert costs, and non-

6

ordinary overhead expenses. MTO charges the Oversight Board for these expenses in a manner and at rates consistent with charges made generally to MTO's other clients and within the guidelines set forth in the Local Rules, the Bankruptcy Rules, and the Interim Compensation Order. MTO believes that it is more appropriate to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients. MTO does not charge clients for office supplies, standard duplication, facsimile transmissions, or secretarial support.

18.     For the convenience of the Court and all parties-in-interest, **Schedule 3** contains a summary of expenses for which MTO is seeking reimbursement by category and the invoices attached as **Exhibit D** contain MTO's detailed records of expenses incurred during the Fee Period in the rendition of professional services to the Oversight Board.

## Summary of Legal Services Rendered During the Fee Period

19.     On September 5, 2017, the Oversight Board entered into an agreement to retain MTO (the "Retention Agreement") for legal representation regarding challenges to the Constitutionality of PROMESA. Since its retention, MTO has worked diligently with representatives of the Oversight Board to prepare for and litigate Constitutional challenges.

20.     On May 29, 2018, the Oversight Board entered into a second agreement to retain MTO (the "Second Retention Amendment") for legal representation regarding the Board's authority to enforce the requirements of it fiscal plan. Since the amendment, MTO has worked diligently with representatives of the Oversight Board to create a litigation strategy.

21.     MTO has worked with the Oversight Board and its other counsel to (a) prepare pleadings and briefs in litigation matters; (b) prepare for hearings; (c) research jurisprudence

regarding Constitutional issues; and (d) perform other professional services as described in this application and reflected in **Schedule 2** and **Exhibit D**.

22.     Pursuant to the Interim Compensation Order MTO seeks an allowance for professional services rendered to the Oversight Board during the Fee Period in the amount of $103,642.16 and reimbursement of actual and necessary expenses incurred in connection with providing such services in the amount of $9,505.50.  MTO has applied a 15% discount on the hourly rates of all professionals and paraprofessionals working on these matters.

23.     MTO maintains electronic records of time billed for services rendered to the Oversight Board.  Copies of these records, subject to redaction to preserve confidentiality of work product and attorney-client privilege, are provided in invoice form as **Exhibit D**.

24.     MTO's summary of itemized time records for professionals and paralegals performing services for the Oversight Board during the Compensation Period is attached as **Schedule 2**.  During the compensation period, MTO recorded 101.2 hours by partners and 32.3 hours by associates.  The fees charged by MTO, as set forth in Schedule 2, are in accordance with the firm's existing billing rates in effect during the Compensation Period.

25.     All entries itemized in MTO's time records comply with the requirements set forth in the Guidelines and include a project category, a description of the activity or service performed and the number of hours spent by each individual providing the services.

**Applicant Statement in Compliance with Appendix B Guidelines C.5**

26.     The following answers are provided in response to the questions set forth in Guidelines paragraph C.5:

> Question:    Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period?  If so, please explain.

Response:   Yes.  As described in the Engagement Letter, MTO agreed to a 15% discount on professional fees.

Question:   If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

Response:   Yes.

Question:   Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

Response:   No.

Question:   Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.).  If so, please quantify by hours and fees.

Response:   No.

Question:   Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information?  If so, please quantify by hours and fees.

Response:   No.

Question:   If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases?  If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

Response:   Yes.  The Retention Agreement identifies that MTO's rates will increase annually on January 1.  The Second Retention Amendment also notes the increase.  The client reviewed and approved the rate increases that took effect on July 1, 2019.

**Professionals Billing Fewer than Five Hours per Month**

9

27.     The following chart indicates which professionals billed fewer than five hours per

month, the months for which fewer than five hours was billed, to review briefs and opinions.

| Professional | Months in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Anders, Ginger | February 2020 | Correspondence with Board regarding Supreme Court decision. |
| Anders, Ginger | June 2020 | Supreme Court decision released and reviewed. |
| Anders, Ginger | July 2020 | Final review of opposition to petition for certiorari. |
| Verrilli, Donald B. | May 2020 | Commonwealth petition for certiorari reviewed. |
| Verrilli, Donald B. | June 2020 | Supreme Court decision released and reviewed. |
| Verrilli, Donald B. | July 2020 | Final review of opposition to petition for certiorari. |
| Verrilli, Donald B. | October 2020 | Opposition to motion to dismiss reviewed. |

28.     To provide a meaningful summary of MTO's services provided on behalf of the

Oversight Board, MTO has established, in accordance with its internal billing procedures, certain

subject matter categories ("Matter Number").

| Matter Number | Matter Category Description | Hours Billed | Total Compensation Billed[2] |
|---|---|---|---|
| 002 | Constitutional Litigation | 2.8 | $2,520.38 |

---

[2] Billed amounts reflect a voluntary 15% reduction.

| Matter Number | Matter Category Description | Hours Billed | Total Compensation Billed[2] |
|---|---|---|---|
| 003 | Fiscal Plan Enforcement | 14.6 | $12,730.09 |
| 004 | Peaje Investments Certiorari Petition | 0.0 | $0.00 |
| 005 | Ambac | 116.1 | $88,391.69 |
| **Total** | | **133.5** | **$103,642.16** |

29.    In addition, subject to redaction for attorney-client privilege, work product doctrine, and confidentiality where necessary to protect the Oversight Board, MTO's computerized records of time expended on its representation of the Oversight Board are attached hereto as **Exhibit D**.

### Summary of Legal Services Provided During the Compensation Period

30.    The following is a summary, by Matter Category, of the most significant professional services provided by MTO during the Fee Period.

**(a)    Constitutional Litigation (Matter Number 2)**

Total Fees:    $2,520.38
Total Hours:    2.8

This Matter Category includes time spent by MTO attorneys relating to defending the Board against Aurelius' Appointments Clause challenge.  Specifically, MTO attorneys spent time researching and analyzing Constitutional arguments and strategies; reviewing and preparing briefs, motions, and other pleadings; and planning and preparing for oral arguments in the United States Supreme Court.

**(b)**   **Fiscal Plan Enforcement (Matter Number 3)**

Total Fees:   $12,730.09
Total Hours:   14.6

This Matter Category includes time spent by MTO attorneys advising the Board regarding its legal options if the Commonwealth does not comply with the Board's certified Fiscal Plan and budget.  No time was billed to this Category during the Interim Period.

**(c)**   **Peaje Investments Certiorari Petition (Matter Number 4)**

Total Fees:   $0.00
Total Hours:   0.0

This Matter Category includes time spent by MTO attorneys advising the Board on opposing a petition for certiorari.  No time was billed to this Category during the Interim Period.

**(d)**   **Ambac (Matter Number 5)**

Total Fees:   $88,391.69
Total Hours:   116.1

This Matter Category includes time spent by MTO attorneys advising the Board and consulting with co-counsel regarding the Board's response to an adversary proceeding challenging PROMESA as unconstitutional under the Bankruptcy Clause.

**MTO's Requested Compensation and Reimbursement Should be Allowed**

31.    All services for which MTO seeks approval, and expenses for which it seeks reimbursement, were performed on behalf of the Oversight Board.  In connection with the matters covered by this Application, MTO received no payment and no promises of payment for services rendered, or to be rendered, from any source other than the Oversight Board.  There is no agreement or understanding between MTO and any other person, other than members of the firm, for the sharing of compensation received for services rendered in this Title III case.

32.     PROMESA sections 316 and 317 provide for interim compensation of

professionals and govern the Court's award of such compensation.  48 U.S.C. §§ 2176-2177.

PROMESA section 316 provides that a court may award a professional person employed by the

Debtor or the Oversight Board under PROMESA "(1) reasonable compensation for actual,

necessary services rendered by the professional person, or attorney and by any paraprofessional

person employed by any such person; and (2) reimbursement for actual, necessary expenses."  48

U.S.C. § 2176(a).  11 U.S.C. § 330(a)(1).  Section 316 also sets forth the criteria for the award of

such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded …
> the court shall consider the nature, the extent, and the value of such
> services, taking into account all relevant factors, including—
>
> (1)     the time spent on such services;
>
> (2)     the rates charged for such services;
>
> (3)     whether the services were necessary to the
> administration of, or beneficial at the time at which
> the service was rendered toward the completion of,
> a case under this chapter;
>
> (4)     whether the services were performed within a
> reasonable amount of time commensurate with the
> complexity, importance, and nature of the problem,
> issue, or task addressed;
>
> (5)     with respect to a professional person, whether the
> person is board certified or otherwise has
> demonstrated skill and experience …; and
>
> (6)     whether the compensation is reasonable based on
> the customary compensation charged by
> comparably skilled practitioners in cases other than
> cases under this subchapter or title 11.

48 U.S.C. § 2176(c).

33.     The services for which MTO seeks compensation in this Fee Application were, at

the time rendered, necessary for and beneficial to the Oversight Board.  MTO performed the

services for the Oversight Board in an efficient and effective manner and the results obtained benefited the Oversight Board.

34.     MTO's services were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved.  Further, MTO used its reasonable efforts to avoid any duplication of services.  MTO also minimized its disbursements, and the actual expenses incurred in providing professional services were absolutely necessary, reasonable, and justified under the circumstances.

35.     In sum, MTO believes that the compensation requested is appropriate given the complexity and breadth of the matters involved, the time expended by MTO professionals and paraprofessionals, the nature and extent of the services rendered by MTO, the necessity of such services, the value of MTO's services, and the cost of comparable services outside of bankruptcy. Accordingly, MTO respectfully submits that approval of the compensation sought herein is warranted.

### Location of Services Provided

36.     All fees and services during this Compensation Period were rendered and incurred outside of Puerto Rico.

### Reservation of Rights and Notice

37.     It is possible that some professional time expended or expenses incurred during the Fee Period are not reflected in the Fee Application.  MTO reserves the right to include such amounts in future fee applications.

38.     Pursuant to the Interim Compensation Order, (a) any Notice Party that wishes to object to the Fee Application must file its objection with the Court and serve it on MTO and the Notice Parties so that it is **actually received** on or before **August 17, 2021 at 4:00 p.m. (Atlantic**

**Standard Time)**.

## No Prior Request

39.     No prior application for the relief requested herein has been made to this or any

other court.

## Notice

40.     Pursuant to the Interim Compensation Order, notice of this Application has been

served upon:

i.    attorneys for the Oversight Board, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036, Attn: Martin J. Bienenstock, Esq. (mbienenstock@proskauer.com) and Ehud Barak, Esq. (ebarak@proskauer.com), and Proskauer Rose LLP, 70 West Madison Street, Chicago, IL 60602, Attn: Paul V. Possinger, Esq. (ppossinger@proskauer.com);

ii.    attorneys for the Oversight Board, O'Neill & Borges LLC, 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918, Attn: Hermann D. Bauer, Esq. (hermann.bauer@oneillborges.com);

iii.    attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, New York, NY 10036, Attn: John J. Rapisardi, Esq. (jrapisardi@omm.com), Suzzanne Uhland, Esq. (suhland@omm.com), and Diana M. Perez, Esq. (dperez@omm.com);

iv.    attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, Marini Pietrantoni Muñiz LLC, MCS Plaza, Suite 500, 255 Ponce de León Ave, San Juan, PR 00917, Attn: Luis C.Marini-Biaggi, Esq. (lmarini@mpmlawpr.com) and Carolina Velaz-Rivero Esq. (cvelaz@mpmlawpr.com);

v.    the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: In re: Commonwealth of Puerto Rico);

vi.    attorneys for the Official Committee of Unsecured Creditors, Paul Hastings LLP, 200 Park Ave., New York, NY 10166, Attn: Luc. A Despins, Esq. (lucdespins@paulhastings.com);

vii.    attorneys for the Official Committee of Unsecured Creditors, Casillas, Santiago & Torres LLC, El Caribe Office Building, 53 Palmeras Street, Ste. 1601, San Juan, PR 00901, Attn: Juan J. Casillas Ayala, Esq.

(jcasillas@cstlawpr.com) and Alberto J.E. Añeses Negrón, Esq. (aaneses@cstlawpr.com);

viii.   attorneys for the Official Committee of Retired Employees, Jenner & Block LLP, 919 Third Ave., New York, NY 10022, Attn: Robert Gordon, Esq. (rgordon@jenner.com) and Richard Levin, Esq. (rlevin@jenner.com), and Jenner & Block LLP, 353 N. Clark Street, Chicago, IL 60654, Attn: Catherine Steege, Esq. (csteege@jenner.com) and Melissa Root, Esq.(mroot@jenner.com);

ix.    attorneys for the Official Committee of Retired Employees, Bennazar, García & Milián, C.S.P., Edificio Union Plaza, PH-A, 416 Ave. Ponce de León, Hato Rey, PR 00918, Attn: A.J. Bennazar-Zequeira, Esq. (ajb@bennazar.org);

x.     the Puerto Rico Department of Treasury, PO Box 9024140, San Juan, PR 00902-4140, Attn: Reylam Guerra Goderich, Deputy Assistant of Central Accounting (Reylam.Guerra@hacienda.pr.gov); Omar E. Rodríguez Pérez, CPA, Assistant Secretary of Central Accounting (Rodriguez.Omar@hacienda.pr.gov); Angel L. Pantoja Rodríguez, Deputy Assistant Secretary of Internal Revenue and Tax Policy (angel.pantoja@hacienda.pr.gov); Francisco Parés Alicea, Assistant Secretary of Internal Revenue and Tax Policy (francisco.pares@hacienda.pr.gov); and Francisco Peña Montañez, CPA, Assistant Secretary of the Treasury (Francisco.Pena@hacienda.pr.gov);

xi.    attorneys for the Fee Examiner, EDGE Legal Strategies, PSC, 252 Ponce de León Avenue, Citibank Tower, 12th Floor, San Juan, PR 00918, Attn: Eyck O. Lugo (elugo@edgelegalpr.com); and

xii.   attorneys for the Fee Examiner, Godfrey & Kahn, S.C., One East Main Street, Suite 500, Madison, WI 53703, Attn: Katherine Stadler (KStadler@gklaw.com).


[*Remainder of Page Intentionally Left Blank*]


16

WHEREFORE, MTO respectfully requests that the Court enter an order (a) allowing MTO interim compensation for professional and paraprofessional services provided during the Fee Period in the amount of $103,642.16, and reimbursement of actual, reasonable, and necessary expenses incurred in the Fee Period in the amount of $9,505.50; (b) authorizing and directing the Oversight Board to remit payment to MTO for $38,453.48, the difference between such fees and expenses ($113,147.66) and the amounts previously paid to MTO $74,694.18; (c) allowing such compensation without prejudice to MTO's right to seek compensation for professional and paraprofessional services provided and expenses incurred during the Fee Period that may not have been processed; and (d) granting such other relief as is appropriate under the circumstances.

Dated: July 28, 2021

*/s/ Donald B. Verrilli, Jr.*
**MUNGER, TOLLES & OLSON LLP**
Donald B. Verrilli, Jr. (pro hac vice)
Ginger D. Anders (pro hac vice)
Adele M. El-Khouri (pro hac vice)
Rachel G. Miller-Ziegler (pro hac vice)
601 Massachusetts Ave. NW, Suite 500 E
Washington, DC 20001-5369
Telephone:     (202) 220-1100
Facsimile:     (202) 220-2300
Email:          Donald.Verrilli@mto.com
                Ginger.Anders@mto.com
                Adele.El-Khouri@mto.com
                Rachel.Miller-Ziegler@mto.com


Jordan D. Segall (pro hac vice)
350 S. Grand Ave., Fiftieth Floor
Los Angeles, CA 90071
Telephone:     (213) 683-9208
Facsimile:     (213) 687-3702
Email:          Jordan.Segall@mto.com

*Attorneys for The Financial Oversight and Management Board for Puerto Rico, as Representative of The Commonwealth of Puerto Rico*

17

## Exhibit A

**Certification under the Guidelines**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>      as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>      Debtors[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**CERTIFICATION UNDER THE GUIDELINES FOR FEES AND DISBURSEMENTS FOR PROFESSIONALS IN REGARD TO THE INTERIM APPLICATION OF MUNGER, TOLLES & OLSON LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS ATTORNEYS TO THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO FOR THE PERIOD FROM FEBRUARY 1, 2020 THROUGH NOVEMBER 30, 2020**

Pursuant to the United States Trustee Guidelines for Reviewing Applications for

Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in

Larger Chapter 11 Cases issued by the Executive Office for the United States Trustee, 28 CFR

Part 58, Appendix B (the "Guidelines"), together with Local Rule 2016-1, the undersigned, a

Partner of the firm Munger, Tolles & Olson LLP ("MTO"), attorneys for the Financial Oversight

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686).

and Management Board for Puerto Rico (the "Oversight Board") pursuant to section 315(b) of

the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"),[2] hereby

certifies with respect to MTO's interim application for allowance of compensation for services

rendered and reimbursement of expenses incurred with respect to the Debtor's Title III case,

dated July 28, 2021 (the "Fee Application"), for the period from February 1, 2020 through

November 30, 2020 (the "Compensation Period") as follows:

1. I am the professional designated by MTO in respect of compliance with the Guidelines

and Local Rule 2016-1.

2. I make this certification in support of the Fee Application for interim compensation

and reimbursement of expenses incurred during the Compensation Period in accordance

with the Guidelines and Local Rule 2016-1.

3. In connection therewith, I hereby certify that:

    a)    I have read the Fee Application

    b)    To the best of my knowledge, information, and belief, formed after reasonable inquiry, the fees and disbursements sought in the Fee Application are permissible under the relevant rules, court orders, and the Guidelines.

    c)    Except to the extent disclosed in the Fee Application or prohibited by the Guidelines, the fees and disbursements sought in the Fee Application are billed at rates customarily employed by MTO and generally accepted by MTO's clients. In addition, none of the professionals seeking compensation varied their hourly rate based on the geographic location of the Oversight Board's case.

    d)    MTO does not make a profit on costs or expenses for which it seeks reimbursement, whether the service is performed by MTO in-house or through a third party.

---

[2] PROMESA has been codified at 48 U.S.C. §§ 2101-2241

e)     MTO is not seeking compensation for time spent reviewing time entries included in invoices.

f)     no agreement or understanding exists between MTO and any other person for the sharing of compensation to be received in connection with the above cases except as authorized pursuant to the Bankruptcy Code, Bankruptcy Rules, and Local Bankruptcy Rules.

g)     All services for which compensation is sought were professional services on behalf of the Oversight Board and not on behalf of any other person.

3. I certify that MTO has previously provided monthly statements of fees and disbursements by serving monthly statements in accordance with the Interim Compensation Order (as defined in the Application), except that completing reasonable and necessary internal accounting and review procedures may have, at times, precluded filing fee statements within the time periods specified in the Order.

Dated: July 28, 2021

*/s/ Donald B. Verrilli, Jr.*

**MUNGER, TOLLES & OLSON LLP**
Donald B. Verrilli, Jr. (pro hac vice)
601 Massachusetts Ave. NW, Suite 500 E
Washington, DC 20001-5369
Telephone:    (202) 220-1100
Facsimile:    (202) 220-2300
Email:    Donald.Verrilli@mto.com

*Attorney for The Financial Oversight and*
*Management Board for Puerto Rico, as Representative of The*
*Commonwealth of Puerto Rico*

**Exhibit B**

**Retention Agreement and Retention Amendments**

# MUNGER, TOLLES & OLSON LLP

RONALD L. OLSON
ROBERT E. DENHAM
JEFFREY I. WEINBERGER
CARY B. LERMAN
GREGORY P. STONE
BRAD D. BRIAN
BRADLEY S. PHILLIPS
GEORGE M. GARVEY
WILLIAM D. TEMKO
STEPHEN M. KRISTOVICH
JOHN W. SPIEGEL
DONALD B. VERRILLI, JR *
TERRY E. SANCHEZ
STEVEN M. PERRY
MARK B. HELM
JOSEPH D. LEE
MICHAEL R. DOYEN
MICHAEL E. SOLOFF
GREGORY D. PHILLIPS
KATHLEEN M. MCDOWELL
THOMAS B. WALPER
SANDRA A. SEVILLE-JONES
HENRY WEISSMANN
KEVIN S. ALLRED
JEFFREY A. HEINTZ
JUDITH T. KITANO
JEROME C. ROTH
STEPHEN D. ROSE
GARTH T. VINCENT
TED DANE
STUART N. SENATOR
MARTIN D. BERN
DANIEL P. COLLINS
ROBERT L. DELL ANGELO
BRUCE A. ABBOTT
JONATHAN E. ALTMAN
MARY ANN TODD
KELLY M. KLAUS
DAVID B. GOLDMAN
KEVIN S. MASUDA
DAVID H. FRY
LISA J. DEMSKY
MALCOLM A. HEINICKE
GREGORY J. WEINGART
TAMERLIN J. GODLEY
JAMES C. RUTTEN
RICHARD ST. JOHN

ROHIT K. SINGLA
LUIS LI
MICHAEL B. DESANCTIS*
CAROLYN HOECKER LUEDTKE
C. DAVID LEE
FRED A. ROWLEY, JR.
KATHERINE M. FORSTER
BLANCA FROMM YOUNG
RANDALL G. SOMMER
ROSEMARIE T. RING
TODD J. ROSEN
MELINDA EADES LEMOINE
SETH GOLDMAN
GRANT A. DAVIS-DENNY
JONATHAN H. BLAVIN
DANIEL B. LEVIN
MISTY M. SANFORD
HAILYN J. CHEN
BETHANY W. KRISTOVICH
JACOB S. KREILKAMP
JEFFREY Y. WU
LAURA D. SMOLOWE
ANJAN CHOUDHURY
KYLE W. MACH
HEATHER E. TAKAHASHI
ERIN J. COX
BENJAMIN J. HORWICH
E. MARTIN ESTRADA
MATTHEW A. MACDONALD
BRYAN H. HECKENLIVELY
SAMUEL T. GREENBERG
KIMBERLY A. CHI
ADAM R. LAWTON
MARGARET G. MARASCHINO
JESLYN A. EVERITT
MARK B. BAYSON
JEREMY A. LAWRENCE
CHRISTOPHER M. LYNCH
ADAM I. KAPLAN
KENNETH M. TRUJILLO-JAMISON
LAURA K. LIN
GREGORY M. SERGI
ACHYUT J. PHADKE
MARI OVERBECK
JOHN M. GILDERSLEEVE
ERIC R. CHIU
SARAH L. GRAHAM
ZACHARY M. BRIERS

JENNIFER M. BRODER
EMILY B. VIGLIETTA
KEVIN L. BRADY
ELLEN MEDLIN RICHMOND
JORDAN D. SEGALL
WESLEY T. L. BURRELL
CHRISTA L. CULVER
KAREN A. LORANG
KURUVILLA J. OLASA
JUSTIN P. RAPHAEL
CRAIG A. LAVOIE
ELIA HERRERA
THOMAS P. CLANCY
JOSHUA PATASHNIK
JOSHUA S. MELTZER
ADAM B. WEISS
ROSE LEDA EHLER
AMY L. GREYWITT
CATHLEEN H. HARTGE
MARIA JHAI
ADAM P. BARRY
JENNIFER L. BRYANT
JUSTIN T. HELLMAN
ANDREW CATH RUBENSTEIN
JEFFREY A. PAYNE
HANNAH L. DUBINA
ADAM GOTTESFELD
NICHOLAS D. FRAM
JOHN L. SCHWAB
SARA H. TAYLOR
ALEXANDER O. TEREPKA
MAXIMILLIAN L. FELDMAN
SAMUEL T. BOYD
PETER E. BOOS
SETH J. FORTIN
ANKUR MANDHANIA
J'ME K. FORREST
ASHLEY D. KAPLAN
JESSICA REICH BARIL
JEREMY K. BEECHER
MATTHEW K. DONOHUE
ALLYSON R. BENNETT
ELIZABETH A. LAUGHTON
EMILY CURRAN-HUBERTY
TIMOTHY J. MOON
JORDAN X. NAVARETTE
JOHN B. MAJOR
LAUREN C. BARNETT
NICHOLAS R. SIDNEY

C. HUNTER HAYES
KIMBERLY D. OMENS
AARON D. PENNEKAMP*
TREVOR N. TEMPLETON
STEPHEN T. MAYER
SKYLAR D. BROOKS
ELIZABETH R. AYRAL
SARAH S. LEE
ELIZABETH A. KIM
SUSAN S. HAR
THOMAS RUBINGER
NICHOLAS GUFAU
LAURA M. LOPEZ
MICHAEL C. BAKER
NAJEE K. THORNTON
SARAH G. BOYCE *
MOLLY K. PRIEDEMAN
BENJAMIN WOODSIDE SCHRIER
WILLIAM LARSEN
CELIA R CHOY*
ADELE M. ELKHOURI *
A. J. GARCIA
COLIN A. DEVINE

OF COUNSEL

ROBERT K. JOHNSON
ALAN V. FRIEDMAN
PATRICK J. CAFFERTY, JR.
PETER A. DETRE
MARK H. KIM
ALLISON B. STEIN
BRAD SCHNEIDER
ERIC P. TUTTLE
PETER E. GRATZINGER
MARK R. YOHALEM
CHAD GOLDER*
GINGER D. ANDERS*

E. LEROY TOLLES
(1922-2008)

* ADMITTED IN DC AND NY ONLY
** ADMITTED IN DC AND MD ONLY
ALL OTHERS ADMITTED IN CA

1155 F STREET N.W.
SEVENTH FLOOR
WASHINGTON, D.C. 20004-1361
TELEPHONE (202) 220-1100
FACSIMILE (202) 220-2300

—————

350 SOUTH GRAND AVENUE
FIFTIETH FLOOR
LOS ANGELES, CALIFORNIA 90071-3426
TELEPHONE (213) 683-9100
FACSIMILE (213) 683-3702

—————

560 MISSION STREET
SAN FRANCISCO, CALIFORNIA 91405-3089
TELEPHONE (415) 512-4000
FACSIMILE (415) 512-4077

September 5, 2017

Writer's Direct Contact
(202) 220-1101
(213) 683-4007 FAX
Donald.Verrilli@mto.com

Financial Oversight and Management Board for Puerto Rico
    Attention: Jaime A. El Koury
Members of the Financial Oversight and Management Board for Puerto Rico
Financial Oversight and Management Board for Puerto Rico
    as the representative of any debtor in any Title III proceeding
Jacob Javits Federal Building
26 Federal Plaza, Room 2-128
New York, NY 10278

       Re:    <u>In re: The Financial Oversight and Management Board for Puerto Rico</u>

Lady and Gentlemen:

       We appreciate the opportunity to represent The Financial Oversight and Management Board for Puerto Rico, both in its capacity as such and in its capacity as representative of any debtor in any Title III proceeding (the "Oversight Board") and, in their official capacity as nominal defendants, the members of the Oversight Board listed below, (collectively, "you") in the PROMESA Matters (as defined below). Let me thank you for your expression of confidence in retaining Munger, Tolles & Olson LLP ("MTO," the "firm," "we" and "us"). This letter agreement, including the attached Additional Terms of Representation, contain your agreement with us regarding the engagement of our firm.

MUNGER, TOLLES & OLSON LLP

Financial Oversight and Management Board for Puerto Rico
Members of the Financial Oversight and Management Board for Puerto Rico
The Financial Oversight and Management Board for Puerto Rico
    as the representative of any debtor in any Title III proceeding
September 5, 2017
Page 2

### Scope of Representation

MTO's client in this representation will be only you, and not any other individual or entity (whether or not related to any of you as an employee, agent, represented debtor, related entity, overseeing body or otherwise). Without limitation on the foregoing, you specifically agree that although MTO will be representing the Oversight Board in its capacity as the representative of any debtor in any Title III proceeding, MTO will not be representing any such debtor. You agree that this representation does not give rise to an attorney-client relationship between MTO and anyone but you. So, for example, MTO's representation of you will not be deemed to be a representation of Puerto Rico, or any agency, department, officer or political subdivision thereof, any other governmental entity or body of any sort, or any debtor in any Title III proceeding, for conflict of interest purposes and you agree that we will not be precluded from, and you will not use MTO's representation of you in this matter as a basis for objecting to MTO's representing another client adverse to any such person or entity, or any other individual or entity other than the Financial Oversight and Management Board for Puerto Rico itself.

MTO's engagement is limited to representing you in proceedings in the U.S. District Court for the District of Puerto Rico in *In re: The Financial Oversight and Management Board for Puerto Rico*, No. 17 BK 3283-LTS ("No. 17 BK 3283-LTS"),; the U.S. District Court for the District of Puerto Rico in *In re: The Financial Oversight and Management Board for Puerto Rico*, No. 17 BK 4780-LTS ("No. 17 BK 4780-LTS"); and any other similar actions filed that challenge the constitutionality of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA") on the same bases as those asserted in 17 BK 3283-LTS and No. 17 BK 4780-LTS, and any further appellate proceedings raising the issue of PROMESA's constitutionality in these matters (collectively, the "PROMESA Matters"). MTO is not your general counsel, and our engagement does not involve an undertaking to represent you or your interests in any other matter. For example, MTO's engagement does not include responsibility for advising you regarding the extent of your authority or any aspect of your carrying out your mission.

If not terminated earlier or extended in an express written agreement executed by a partner in MTO, our representation of you in this matter will conclude upon the earlier of the settlement or other final resolution of the claims regarding the constitutionality of PROMESA asserted in the PROMESA Matters, or six months of no work recorded by us on the matter.

### Billing

Our billing practice will be to base legal fees upon the amount of time devoted to this matter at hourly rates for the attorneys and other personnel (such as paralegal assistants and case clerks) involved in the project. We believe that our hourly rates are comparable to those charged for similar kinds of work by lawyers of similar experience and standing in the

MUNGER, TOLLES & OLSON LLP

Financial Oversight and Management Board for Puerto Rico
Members of the Financial Oversight and Management Board for Puerto Rico
The Financial Oversight and Management Board for Puerto Rico
    as the representative of any debtor in any Title III proceeding
September 5, 2017
Page 3

community. We will provide a 15% discount from our standard hourly rates. Our pre-discounted hourly rates for the attorneys currently assigned to your matter will be: Donald B. Verrilli, Jr. ($1225), Ginger Anders ($800); Chad Golder ($735); Sarah Boyce ($660); Adele El-Khouri ($600). Other attorneys in the firm may also be involved in this representation to the extent we find it appropriate. Paralegal time is billed at rates ranging between $190 and $320 per hour. We expect to adjust our rates annually on the first of the year, and of course will notify you of any increases in the rates of persons working on your matter. In addition, upon conclusion of the district court proceedings, we will endeavor to negotiate a mutually satisfactory fixed fee arrangement for proceedings in the Court of Appeals. We will also endeavor, upon conclusion of proceedings in the Court of Appeals, to negotiate a mutually satisfactory fixed fee arrangement for proceedings (if any) in the United States Supreme Court.

We will send monthly statements to you, and by the signature of your representative below, you agree to pay them. These statements will show the current status of your account, both for services rendered and for costs incurred on your behalf, and we will expect payment of the balance due on those statements promptly; provided that, all invoices are to be paid in accordance with the court order setting procedures for interim compensation and reimbursement of professionals. The statements will include time entries by day and timekeeper, with general task descriptions.

### Issues Regarding Joint Representation

As a formal matter, we will jointly represent the Oversight Board and the individual Oversight Board members who have been named in their official capacities as nominal defendants in the Adversary Complaint filed by the Union de Trabajadores De La Industria Electrica y Riego (Utier) in No. 17 BK4780-LTS.

Joint representations may result in economic or tactical advantages. You should be aware, however, that joint representations sometimes involve significant risks. For example, joint representations may result in divided or at least shared attorney-client loyalties. In joint representations, it is possible that issues may arise as to which a lawyer's representation of one client may be materially limited by the lawyer's joint representation of other clients in the same manner. This could happen if, for example, the interests of one of a group of jointly represented defendants in a matter would be served by the presentation of rights, strategies, claims, or evidence whose presentation would be detrimental to the interests of the other jointly-represented defendants — in other words, if what is in one jointly-represented client's best interests is not in the best interests of other jointly-represented clients. With respect to the representation here, however, we have not identified any actual or potential conflicts. Indeed, The individual Board members here have been sued in their official capacities as nominal defendants for declaratory relief only; the central issue is the constitutionality of the Board rather than the propriety (assuming the constitutionality of the Board) of any action that the Board members have taken or

MUNGER, TOLLES & OLSON LLP

Financial Oversight and Management Board for Puerto Rico
Members of the Financial Oversight and Management Board for Puerto Rico
The Financial Oversight and Management Board for Puerto Rico
    as the representative of any debtor in any Title III proceeding
September 5, 2017
Page 4

authorized, or will take or authorize.  Therefore, it appears to us that the interests of all of you are
organically aligned in this matter.

        As noted above, we will be representing the Oversight Board as such and also in
its capacity as the representative of any debtor in any Title III proceeding.  We believe that the
just-presented analysis would apply to representation of the Oversight Board in this additional
representative capacity where we would not be representing any such debtor itself and the central
issue would remain the constitutionality of the Board rather than the propriety (assuming the
constitutionality of the Board) of any action that the any such debtor has taken or authorized, or
will take or authorize.

        By signing and returning to us the agreement and consent set forth at the end of
this letter, each of you agrees to our joint representation of the Oversight Board, the individual
Board Members listed below in their official capacity as nominal defendants in the identified
litigation, and the Oversight Board in its capacity as the representative of any debtor in any Title
III proceeding, and you will consent to the arrangements discussed above and agree neither to
assert a conflict of interest nor to seek to disqualify us from any representations related to any of
those arrangements.

*  *  *  *  *

        The attorney-client relationship is one of mutual trust and confidence.  We
therefore encourage our clients to feel free at all times to raise questions about any aspect of our
representation, including billing matters.

        Further terms applicable to this engagement are specified in Exhibit A to this
letter.  Please contact me as soon as possible if this letter (including its Exhibit A) does not
accurately reflect your understanding of our agreement.  Any corrections or changes must be in
writing and signed on your behalf and on our behalf.  Otherwise, please sign and return the
enclosed acknowledgment copy of this letter at your earliest convenience.

Very truly yours,

Donald B. Verrilli, Jr.

MUNGER, TOLLES & OLSON LLP

Financial Oversight and Management Board for Puerto Rico
Members of the Financial Oversight and Management Board for Puerto Rico
The Financial Oversight and Management Board for Puerto Rico
    as the representative of any debtor in any Title III proceeding
September 5, 2017
Page 5

       This letter, including Exhibit A hereto, accurately sets forth all of the terms of the engagement of Munger, Tolles & Olson LLP as counsel to The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), the Oversight Board's individual Board members identified below in their official capacities, and the Oversight Board in its capacity as representative of any debtor in any Title III proceeding, is approved and accepted by each of them, through an authorized representative where applicable:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD
FOR PUERTO RICO

By _____    Date: September 5, 2017
     Jaime El Koury
     General Counsel

JOSÉ B. CARRIÓN III

By _____    Date: September 5, 2017
     José B. Carrión III

ANDREW G. BIGGS

By _____    Date: September 5, 2017
     Andrew G. Biggs

CARLOS M. GARCÍA

By _____    Date: September 5, 2017
     Carlos M. García

ARTHUR J. GONZÁLEZ

By _____    Date: September 5, 2017
     Arthur J. González

MUNGER, TOLLES & OLSON LLP

Financial Oversight and Management Board for Puerto Rico
Members of the Financial Oversight and Management Board for Puerto Rico
The Financial Oversight and Management Board for Puerto Rico
    as the representative of any debtor in any Title III proceeding
September 5, 2017
Page 6

JOSÉ R. GONZÁLEZ

By _____

    José R. González

Date: September 5, 2017

ANA J. MATOSANTOS

By _____

    Ana J. Matosantos

Date: September 5, 2017

DAVID A. SKEEL, JR.

By _____

    David A. Skeel, Jr.

Date: September 5, 2017

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD
FOR PUERTO RICO IN ITS CAPACITY AS
THE REPRESENTATIVE OF ANY DEBTOR
IN ANY TITLE III PROCEEDING

By _____

    Jaime El Koury
    General Counsel

Date: September 5, 2017

MUNGER, TOLLES & OLSON LLP

Financial Oversight and Management Board for Puerto Rico
Members of the Financial Oversight and Management Board for Puerto Rico
The Financial Oversight and Management Board for Puerto Rico
     as the representative of any debtor in any Title III proceeding
September 5, 2017
Page 7

## EXHIBIT A — MTO ADDITIONAL TERMS OF RETENTION

The following terms apply to your retention of Munger, Tolles & Olson LLP in this matter, and are an integral part of our agreement with you.

**Cooperation.**  To enable us to represent you effectively, you agree to cooperate fully with us in all aspects of your matter, and fully and accurately to disclose to us all facts and documents that may be relevant to the matter or that we may otherwise request.  We may rely on your disclosures without independent verification.  You also will make yourself reasonably available to attend meetings, discovery proceedings and conferences, hearings and other proceedings, as applicable.

**Nature Of Services.**  We provide only legal services.  You are not relying on us for and we are not providing, among other things, investment, insurance, financial, accounting or technical advice or making business decisions, nor are we investigating the character or credit of persons with whom you may be dealing.  We will not express opinions or beliefs as to the financial statements or other financial information of you or anyone else.  Unless otherwise expressly stated in the body of this letter, we shall have no responsibility to investigate or evaluate whether insurance is available relating to your matter or to tender the matter to any insurance carrier.

**No Guarantee Of Outcome.**  We do not and cannot guarantee the outcome of any matter.  Either at the commencement or during the course of our representation, we may express opinions or beliefs concerning the litigation or various courses of action and the results that might be anticipated.  Any such statements are intended to be expressions of opinion only, based on information available to us at the time, and should not be construed as promises or guarantees.

**Estimates Not Binding.**  As you are aware, it is not possible to quote exact amounts to be charged for projects like this one.  Even carefully prepared estimates may turn out to be high or low.  Our experience has been, however, that our clients consider our fees to be reasonable in light of the responsibilities assumed, the effort expended, the result achieved, and the efficiency with which the project is completed.

**Billing And Payment.**  The following billing and payment terms shall apply except that to the extent that, in the body of this letter, it is stated that a third party has agreed to pay our fees and costs in this matter, then the references to your payment obligations in the next three paragraphs shall be interpreted to apply to payment obligations of such third party.

You agree to pay our statements promptly.  There are certain costs and expenses (in addition to the fees for our legal services) which you will be obligated to pay, if incurred,

MUNGER, TOLLES & OLSON LLP

Financial Oversight and Management Board for Puerto Rico
Members of the Financial Oversight and Management Board for Puerto Rico
The Financial Oversight and Management Board for Puerto Rico
    as the representative of any debtor in any Title III proceeding
September 5, 2017
Page 8

reasonable, and documented, such as messenger charges, printing and photocopying costs, air
express delivery charges, travel costs, transcript fees, parking charges, filing fees, telephone
conference call charges, and other similar costs and expenses.  Through an agreement with a
vendor, we host electronic documents for mid-size litigation or other matters at a discounted rate.
 If your matter requires such document hosting, you will be billed a hosting fee that will appear
on your monthly invoice as a cost, unless you arrange for document hosting in your matter
through a vendor of your choosing and who will invoice you directly.  If you prefer to use a
vendor of your choosing, please let us know.

       From time to time, with your approval, MTO may engage leased workers for
specific work on matters (e.g. first level review of documents, etc).  These leased workers would
work alongside and be supervised by our regular staff and attorneys.  The billing rate for such
leased workers may exceed the amount paid by MTO for the leased workers' services.  We do
not bill clients for fees charged by computerized legal research services, telephone charges other
than conference call charges, routine facsimile transmissions or routine postage.  We may also
retain, at your expense, experts or consultants whose services we believe are necessary for
effective representation in this matter.  In accordance with our normal practice, we will require
that significant bills from outside vendors (including, for example, copy services, experts and
consultants) be paid directly by you.You also agree to pay us promptly for our fees, costs and
expenses incurred in responding to subpoenas, testifying (and preparing testimony) by deposition
or otherwise, or otherwise responding with respect to obligations, claims or demands relating to
or arising out of the matters in which we have represented or are representing you, whether or
not related to our services and whether or not we are then representing you.

       Any retainer or other advance payment ("advance payment") is for our (and not
your) account and benefit; it is not intended as a security deposit.  Unless otherwise required by
law, any advance payment will not be maintained in a separate account or retained as trust funds,
and it will earn no interest, for your benefit.  Any request for an advance payment should not be
viewed as a quote or a limitation on fees.  Our fees could well exceed the amount of the advance.
After completion of our engagement and payment of our final statement, if amounts paid
(including advances) exceed the amounts charged, the difference will be repaid.

       You agree that we may suspend or terminate services, and may withdraw from
our representation of you, if our statements or required advance payments are not timely paid or
restored as agreed, subject to any required notice or applicable judicial or professional rules.

       **Informed Written Consent To Certain Future Conflicts Of Interest.**  MTO
represents many clients on a variety of legal matters.  It is possible that in the future some of our
present or future clients may have matters that are potentially or actually adverse to you that are
not substantially related to the work we have performed for you.  Similarly, there may be matters
that you ask us to undertake in the future that present a potential or actual conflict with another

MUNGER, TOLLES & OLSON LLP

Financial Oversight and Management Board for Puerto Rico
Members of the Financial Oversight and Management Board for Puerto Rico
The Financial Oversight and Management Board for Puerto Rico
    as the representative of any debtor in any Title III proceeding
September 5, 2017
Page 9

client of the firm.  Absent informed written consent, these conflicts of interest could adversely
affect your ability and the ability of others to choose MTO as their counsel and preclude MTO
from representing you or others in pending or future matters.  Accordingly, in engaging MTO in
this or any other matter, you consent to MTO's representation of others ("other MTO Client(s)")
in (a) transactional matters in which you are a counterparty to, or otherwise affected by, the
transaction, (b) bankruptcy matters in which you are an interested party as an equity holder, a
debtor, a secured or unsecured creditor, or otherwise, (c) litigation matters in which you may or
may not be a party and in which the other MTO Client is not a party but files or seeks leave to
file (individually or as part of a group of other amici or through a trade association) an *amicus
curiae* brief that advocates a position that may be adverse to your interests, (d) litigation matters
(including arbitration and other dispute resolution matters) in which you are not a party but the
other MTO Client or another party in the matter is seeking testimony, documents or other
evidence from or involving you, and (e) litigation (including arbitration and other dispute
resolution matters), transactional, counseling or other matters in which you are not a party but
you may have a business or other interest, for example, because you have a business or other
relationship with a party or because a legal standard relevant to the matter may also be relevant
to matters in which you are or may become involved.  Once again, the consent that we seek
would extend only to matters that are not substantially related to the work we have performed for
you.  (For the avoidance of doubt, you specifically agree that a bankruptcy of or relating to
Puerto Rico is not substantially related to the matter in which you are engaging us.)  Such
matters are referred to as "Permitted Other Representations."  An element of your consent is your
agreement that neither you nor anyone acting on your behalf will assert MTO's representation of
you as a basis for disqualifying MTO from representing another party in any Permitted Other
Representation.  We commit to adhere to our professional obligation not to disclose or use any of
your confidential information for another party's benefit without your consent.

       In deciding whether to agree to this informed consent to future conflicts you
should consider whether there is any material risk that we will be less zealous or eager on your
behalf if we or others in our law firm at the same time represent other parties in Permitted Other
Representations.  Similarly, you should consider whether there is any material risk that your
confidential information will be used adversely to you.  We do not believe that there is a material
risk of the first type because we understand our role as advocates in particular matters and take
our obligations to our clients seriously.  We do not believe that there is a material risk of the
second type because we seek your consent only with respect to matters that are not substantially
related to matters in which we represent you.  Nevertheless, these are issues that you should
consider for yourself and on which we encourage you to seek advice from independent counsel.

       **Electronic Communications.**  During our engagement, we may exchange
materials with you by electronic means such as email, using commercial software.  Such
communications can be victimized by destructive electronic programs (so-called "viruses") and

MUNGER, TOLLES & OLSON LLP

Financial Oversight and Management Board for Puerto Rico
Members of the Financial Oversight and Management Board for Puerto Rico
The Financial Oversight and Management Board for Puerto Rico
    as the representative of any debtor in any Title III proceeding
September 5, 2017
Page 10

interception.  Our virus scanning software also may occasionally reject a communication sent by
you, and yours may do the same to something sent by us.  We believe that these sorts of
occurrences are to be expected from time to time as part of the ordinary course of business and
cannot guarantee against them, although they do affect the security and reliability of electronic
communications.  If for these or other reasons you would prefer that we not communicate by
electronic means or follow special instructions or use encryptions, you should promptly so advise
in writing to those responsible for your matter.

      **Consultation With Firm Counsel.**  We represent many clients and handle a great
number of complex matters.  In part because of the number of clients that we represent and the
complexity of matters in which we become involved, from time to time issues arise that raise
questions as to our professional duties.  These might include, for example, conflict of interest
issues, and could even include issues raised because of a dispute between us and a client over the
handling of a matter.  Under normal circumstances when such issues arise we would seek the
advice of our internal general counsel who are experienced in such matters.  Historically, we
have considered such consultations to be attorney-client privileged conversations between firm
personnel and the counsel for the firm.  In recent years, there have been judicial decisions
suggesting that under some circumstances such conversations involve a conflict of interest
between the client and the law firm and that consultation with firm counsel may not be
privileged, unless the law firm either withdraws from the representation of its client or obtains
the client's consent to consult with firm counsel.

      We believe that it can be in our clients' and our mutual interests that, in the event
legal ethics or related issues arise in conjunction with a representation, we receive expert
analysis of our obligations.  Accordingly, as part of our agreement concerning our representation
of you, you agree that if we determine in our own discretion during the course of or following
the representation that it is either necessary or appropriate to consult with our firm counsel
(either MTO's in-house general counsel or, if we choose, outside counsel) we have your consent
to do so in what are and will be deemed to be communications protected by MTO's attorney-
client privilege, and that our representation of you shall not, thereby, waive any attorney-client
privilege that MTO may otherwise have to protect the confidentiality of our communications
with counsel.

      **Conflict Checks.**  To allow us to conduct a conflict check, you represent that you
have identified for us all persons and entities that are or may become involved in the subject
matter, including all persons and entities that in any material respect are related, affiliated or
associated with you, and other involved or potentially involved parties (such as parent
corporations, subsidiaries and other affiliates, officers, directors and principals).  You agree that
you will promptly notify us if you become aware of any other persons or entities that are or may

MUNGER, TOLLES & OLSON LLP

Financial Oversight and Management Board for Puerto Rico
Members of the Financial Oversight and Management Board for Puerto Rico
The Financial Oversight and Management Board for Puerto Rico
     as the representative of any debtor in any Title III proceeding
September 5, 2017
Page 11

become involved in the matter.  You agree to cooperate fully with us and provide all necessary
information known or available to you that is relevant to our conflict check.

   **Public Reference To Representation.**  For matters that are or become public,
you confirm that you have no objection to our making public reference to our representation of
you, consistent with our responsibilities otherwise to maintain your confidences.  Such reference
may include, for example, mention in our firm website, statements of an attorney's experience,
and brochures or promotional material.

   **Termination Of Representation.**  You have the right to discharge us at any time.
We may withdraw with your consent or for good cause, which includes client breach of this
agreement or refusal to cooperate with us or follow our advice on a material matter, as well as in
any other circumstance permitted by applicable rules.  If you or we terminate our representation
of you, you will cooperate with us to effect that termination, including executing all reasonably
necessary documents (such as a Substitution of Attorney).  Upon termination, you will remain
obligated to pay for all services rendered and costs or expenses paid or incurred on your behalf
before the termination or which are reasonably necessary thereafter.

   After the conclusion of our representation, changes may occur in the applicable
laws or regulations that could have an impact upon your future rights and liabilities.  The firm
has no continuing obligation to advise you with respect to future legal developments.

   **Record Retention.**  At the conclusion of this matter, we will at your request
provide a copy of your file to you.  We may destroy our copy of that file after ten years from the
conclusion of the matter.  Our own files remain our property and we may destroy our own files
after ten years from the conclusion of the matter as well.  Our own files include, for example,
firm administrative records, time and expense reports, personnel and staffing materials, and
credit and accounting records; as well as internal lawyers' work product such as drafts, notes,
internal memoranda, and legal and factual research, including investigative reports, prepared by
or for our internal use.

   **Effective Date.**  The effective date of our agreement is the date on which our
services commenced.  The date printed on this letter is for convenience of reference only.

   **Confidentiality of Engagement Letter.**  Although this engagement letter may be
considered confidential, you agree that we may share the terms of any conflict waivers
(excluding otherwise confidential information) with our other affected client(s) and that we may
disclose the fact of any conflict waiver, as well as any document memorializing it (after
redactions, if appropriate) where reasonably necessary to rebut allegations of improper
conflicting representations.

MUNGER, TOLLES & OLSON LLP

Financial Oversight and Management Board for Puerto Rico
Members of the Financial Oversight and Management Board for Puerto Rico
The Financial Oversight and Management Board for Puerto Rico
    as the representative of any debtor in any Title III proceeding
September 5, 2017
Page 12


      **Dispute Resolution.**  In the event of litigation in any way relating to this agreement, California law will apply and personal jurisdiction and venue will be in Los Angeles, California, in state court or, at our option if subject matter jurisdiction exists there, federal court. We maintain errors and omissions insurance coverage applicable to the services to be rendered under this agreement.  This agreement shall be governed by the internal law (and not the law pertaining to choice or conflicts of law) of the State of California


      **Representation In Additional Matters.**  In the event that you request and we agree to representation by us in additional matters, the terms hereof shall control such additional matters except for the then prevailing hourly rates and the amount of a retainer, unless we enter into a new written agreement containing a full statement of the terms.

MUNGER, TOLLES & OLSON LLP

RONALD L. OLSON
ROBERT E. DENHAM
JEFFREY I. WEINBERGER
CARY B. LERMAN
GREGORY P. STONE
BRAD D. BRIAN
BRADLEY S. PHILLIPS
GEORGE M. GARVEY
WILLIAM D. TEMKO
JOHN W. SPIEGEL
DONALD B. VERRILLI, JR. *
TERRY E. SANCHEZ
STEVEN M. PERRY
MARK B. HELM
JOSEPH D. LEE
MICHAEL R. DOYEN
MICHAEL E. SOLOFF
GREGORY D. PHILLIPS
KATHLEEN M. M'DOWELL
GLENN D. POMERANTZ
THOMAS B. WALPER
SANDRA A. SEVILLE-JONES
HENRY WEISSMANN
KEVIN S. ALLRED
JEFFREY A. HEINTZ
JUDITH T. KITANO
JEROME C. ROTH
GARTH T. VINCENT
TED DANE
STUART N. SENATOR
MARTIN D. BERN
DANIEL P. COLLINS
ROBERT L. DELL ANGELO
BRUCE A. ABBOTT
JONATHAN E. ALTMAN
KELLY M. KLAUS
DAVID B. GOLDMAN
DAVID H. FRY
LISA J. DEMSKY
MALCOLM A. HEINICKE
TAMERLIN J. GODLEY
JAMES C. RUTTEN
RICHARD ST. JOHN
ROHIT K. SINGLA
LUIS LI
MICHAEL B. DESANCTIS *
CAROLYN HOECKER LUEDTKE
C. DAVID LEE
MARK H. KIM
FRED A. ROWLEY, JR.
KATHERINE M. FORSTER

BLANCA FROMM YOUNG
RANDALL G. SOMMER
ROSEMARIE T. RING
TODD J. ROSEN
MELINDA EADES LEMOINE
SETH GOLDMAN
GRANT A. DAVIS-DENNY
JONATHAN H. BLAVIN
DANIEL B. LEVIN
MIRIAM KIM
MISTY M. SANFORD
HAILYN J. CHEN
BETHANY W. KRISTOVICH
JACOB S. KREILKAMP
JEFFREY Y. WU
LAURA D. SMOLOWE
ADAM CHOUDHURY
KYLE W. MACH
HEATHER E. TAKAHASHI
ERIN J. COX
BENJAMIN J. HORWICH
E. MARTIN ESTRADA
MATTHEW A. MACDONALD
BRYAN H. HECKENLIVELY
SAMUEL T. GREENBERG
ELAINE J. GOLDENBERG
MARK R. YOHALEM
CHAD GOLDER*
GINGER D. ANDERS*
MARGARET G. MARASCHINO
JOHN M. GILDERSLEEVE
ADAM B. WEISS
ADAM R. LAWTON
JESLYN A. EVERITT
MARK R. SAYSON
JEREMY A. LAWRENCE
CHRISTOPHER M. LYNCH
ADAM I. KAPLAN
KENNETH M. TRUJILLO-JAMISON
LAURA K. LIN
GREGORY M. SERGI
ACHYUT J. PHADKE
MARI OVERBECK
ZACHARY M. BRIERS
JENNIFER M. BRODER
KEVIN L. BRADY
ELLEN MEDLIN RICHMOND
JORDAN D. SEGALL
WESLEY T. L. BURRELL
CHRISTA L. CULVER

KAREN A. LORANG
KURUVILLA J. OLASA
JUSTIN P. RAPHAEL
CRAIG A. LAVOIE
ELIA HERRERA
JOSHUA PATASHNIK
JOSHUA S. MELTZER
ROSE LEDA EHLER
MARIA JHAI
ADAM P. BARRY
JENNIFER L. BRYANT
JUSTIN T. HELLMAN
ANDREW CATH RUBENSTEIN
JEFFREY A. PAYNE
NAOMI L. DUBINA
ADAM GOTTESFELD
NICHOLAS D. FRAM
JOHN L. SCHWAB
ALEXANDER D. TEREPKA
ANNUR MANOHANNA
J'MIK K. FORREST
ASHLEY D. KAPLAN
JESSICA REICH BARIL
JULIANA M. YEE
JEREMY K. BEECHER
MATTHEW K. DONOHUE
ALLYSON R. BENNETT
ARIEL C. GREEN
ELIZABETH A. LAUGHTON
EMILY CURRAN-HUBERTY
TIMOTHY J. MOON
JORDAN X. NAVARETTE
JOHN B. MAJOR
LAUREN C. BARNETT
NICHOLAS R. SIDNEY
C. HUNTER HAYES
KIMBERLY D. OMENS
AARON D. PENNEKAMP
TREVOR N. TEMPLETON
STEPHEN T. MAYER
SKYLAR D. BROOKS
ELIZABETH R. AYRAL
ELIZABETH A. KIM
SUSAN S. HAR
THOMAS RUBINSKY
NICHOLAS DUFAU
LAURA M. LOPEZ
MICHAEL C. BAKER

NAJEE K. THORNTON
SARAH Q. BOYCE*
MOLLY K. PRIEDEMAN
BENJAMIN WOODSIDE SCHRIER
WILLIAM LARSEN
CELIA R. CHOI*
ADELE M. ELKHOURI*
COLIN A. DEVINE
DANE P. SHIKMAN
LEXI PEACOCK
MAGGIE THOMPSON
SAMUEL H. ALLEN
ALLISON M. DAY
MARKUS A. BRAZILL
GIOVANNI S. SAARMAN GONZÁLEZ
JONATHAN B. MELTZER*
SAMUEL JOSÉ DÍAZ
LAUREN M. HARDING
NEFI D. ACOSTA
STEPHANIE G. HERRERA
TERESA A. REED
GRANT R. ARNOW
DANIEL BENYAMIN
SARA A. MCDERMOTT
J. MAX ROSEN
M. ELIZA HANEY
RACHEL G. MILLER-ZIEGLER*
ALISON F. KAROL
ANNE K. CONLEY

OF COUNSEL

ROBERT K. JOHNSON
ALAN V. FRIEDMAN
PATRICK J. CAFFERTY, JR.
PETER A. DETRE
ALLISON B. STEIN
BRAD SCHNEIDER
ERIC P. TUTTLE
PETER E. GRATZINGER
JENNY H. HONG
KIMBERLY A. CHI

E. LEROY TOLLES
(1922-2008)

*ADMITTED IN DC,
ALL OTHERS ADMITTED IN CA

1155 F STREET N.W.
SEVENTH FLOOR
WASHINGTON, D.C. 20004-1361
TELEPHONE (202) 220-1100
FACSIMILE (202) 220-2300

350 SOUTH GRAND AVENUE
FIFTIETH FLOOR
LOS ANGELES, CALIFORNIA 90071-3426
TELEPHONE (213) 683-9100
FACSIMILE (213) 683-3702

560 MISSION STREET
SAN FRANCISCO, CALIFORNIA 94105-3089
TELEPHONE (415) 512-4000
FACSIMILE (415) 512-4077

May 29, 2018

Writer's Direct Contact
(202) 220-1101
(213) 683-4007 FAX
Donald.Verrilli@mto.com

Financial Oversight and Management Board
for Puerto Rico
Attention: Jaime A. El Koury
Jacob Javits Federal Building
26 Federal Plaza, Room 2-128
New York, NY 10278

Dear Jaime:

This will confirm our firm's new representation of The Financial Oversight and Management Board for Puerto Rico ("you" or the "Oversight Board"). In brief, our representation will be to provide advice and potentially in pursue litigation regarding the Board's authority to enforce the requirements of its fiscal plan against the Governor of Puerto Rico. If not terminated earlier or extended in an express written agreement executed by a partner in MTO, our representation of you in this matter will conclude upon the earlier of the settlement or other final resolution of the claims asserted in the matter or six months of no work recorded by us on the matter.

The Oversight Board is the sole client in the matter. We are not representing any other person or entity (whether affiliated with or otherwise related to the Oversight Board).

The terms of our most recent formal engagement letter with the Oversight Board, as modified by any intervening changes in the firm's applicable billing rates, will apply. If you would like an additional copy of that letter, please let me know.

38774651.1

MUNGER, TOLLES & OLSON LLP

May 29, 2018
Page 2

Thank you again for the opportunity to work with you in this matter.

Very truly yours,

Donald B. Verrilli, Jr.

# MUNGER, TOLLES & OLSON LLP

RONALD L. OLSON
ROBERT E. DENHAM
JEFFREY I. WEINBERGER
CARY B. LERMAN
GREGORY P. STONE
BRAD D. BRIAN
BRADLEY S. PHILLIPS
GEORGE M. GARVEY
WILLIAM D. TEMKO
JOHN W. SPIEGEL
DONALD B. VERRILLI, JR.*
TERRY E. SANCHEZ
STEVEN M. PERRY
MARK B. HELM
JOSEPH D. LEE
MICHAEL R. DOYEN
MICHAEL E. SOLOFF
GREGORY D. PHILLIPS
KATHLEEN M. McDOWELL
GLENN D. POMERANTZ
THOMAS B. WALPER
HENRY WEISSMANN
KEVIN S. ALLRED
JEFFREY A. HEINTZ
JUDITH T. KITANO
JEROME C. ROTH
GARTH T. VINCENT
TED DANE
STUART N. SENATOR
MARTIN D. BERN
ROBERT L. DELL ANGELO
BRUCE A. ABBOTT
JONATHAN E. ALTMAN
KELLY M. KLAUS
DAVID B. GOLDMAN
DAVID H. FRY
LISA J. DEMSKY
MALCOLM A. HEINICKE
TAMERLIN J. GODLEY
JAMES C. RUTTEN
RICHARD ST. JOHN
ROHIT K. SINGLA
LUIS LI
CAROLYN HOECKER LUEDTKE
C. DAVID LEE
MARK H. KIM
BRETT J. RODDA
FRED A. ROWLEY, JR.
KATHERINE M. FORSTER
BLANCA FROMM YOUNG
ROSEMARIE T. RING
MELINDA EADES LeMOINE

SETH GOLDMAN
GRANT A. DAVIS-DENNY
JONATHAN H. BLAVIN
DANIEL B. LEVIN
MIRIAM KIM
MISTY M. SANFORD
HAILYN J. CHEN
BETHANY W. KRISTOVICH
JACOB S. KREILKAMP
JEFFREY Y. WU
LAURA D. SMOLOWE
ANJAN CHOUDHURY
KYLE W. MACH
HEATHER E. TAKAHASHI
ERIN J. COX
BENJAMIN J. HORWICH
E. MARTIN ESTRADA
MATTHEW A. MACDONALD
BRYAN H. HECKELHIVELY
ELAINE J. GOLDENBERG*
MARK R. YOHALEM
CHAD GOLDER*
GINGER D. ANDERS*
MARGARET G. MARASCHINO
JOHN H. GILDERSLEEVE
ADAM B. WEISS
GEORGE CLAYTON FATHEREE, III
KELLY L.C. KRIEBS
JEREMY A. LAWRENCE
LAURA K. LIN
ACHYUT J. PHADKE
ZACHARY M. BRIERS
JENNIFER M. BRODER
KURUVILLA J. OLASA
JUSTIN P. RAPHAEL
ROSE LEDA EHLER
ERIC P. TUTTLE
JOHN W. BERRY
ROBYN K. BACON
JORDAN D. SEGALL
DAVID S. HONG
WESLEY T.L. BURRELL
KAREN A. LORANG
CRAIG A. LAVOIE
JOSHUA S. MELTZER
ADAM P. BARRY
JENNIFER L. BRYANT
ANDREW CATH RUBENSTEIN
HANNAH L. DUDINA

NICHOLAS D. FRAM
JOHN L. SCHWAB
ASHLEY D. KAPLAN
JESSICA REICH BARIL
JULIANA M. YEE
JEREMY K. BEECHER
MATTHEW K. DONOHUE
EMILY CURRAN-HUBERTY
JORDAN X. NAVARRETTE
JOHN B. MAJOR
LAUREN C. BARNETT
C. HUNTER HAYES
TREVOR N. TEMPLETON
SKYLAR B. GROVE
ELIZABETH R. DYER
SARAH S. LEE
ELIZABETH A. KIM
LAURA M. LOPEZ
MICHAEL C. BAKER
ADELE M. EL-KHOURI*
COLIN A. DEVINE
DANE P. SHIKMAN
LEXI PEACOCK
MAGGIE THOMPSON
SAMUEL H. ALLEN
ALLISON M. DAY
GIOVANNI S. SAARMAN GONZÁLEZ
JONATHAN S. MELTZER*
LAUREN M. HARDING
NEFI D. ACOSTA
STEPHANIE G. HERRERA
TERESA REED DIPPO
DANIEL BENYAMIN
SARA A. McDERMOTT
J. MAX ROSEN
RACHEL G. MILLER-ZIEGLER*
ALISON F. KAROL SIGURDSSON
ANNIE A. CONLEY
GRAHAM B. COLE
KATHERINE G. INCANTALUPO
DAVID P. THORESON
DAVID W. MORESHEAD
ANDRE W. BREWSTER III
TERRA D. LAUGHTON
ROWLEY J. RICE
JEREMY S. KREISBERG*

JOHN D. MAHER
GINA F. ELLIOTT
BRANDON R. TEACHOUT
SEGUN I. BABATUNDE II
CARSON C. ZHENG
LUCAS U. ARTAIZ
USHA CHILUKURI VANCE
BRIAN J. SPRINGER
TYLER HILTON
VINCENT LING
ALEXANDER S. GORIN
BRENDAN GANTS*
MARKUS BRAZILL
MARI T. SAIGAL
LAUREN E. ROSS*
ZOE BEDELL*
BENJAMIN G. BAROKH
ABE DYK
MICHELE C. NIELSEN
MARIANNA MAO
MEGAN MCCREADIE
OMAR H. NOURELDIN
STEPHEN HYLAS
ARIEL TESHUVA
SHANNON GALVIN AMINRAD
NATALIE KARL
BRANDON MARTINEZ
ANTHONY J. RAMIREZ
ERINNA E. KALU
ANDREW LEWIS
CARRIE C. LITTEN
BEAU C. TREMITIERE
ESTALYN S. MARQUIS
JAMES R. SALZMANN

OF COUNSEL

ROBERT K. JOHNSON
PATRICK J. CAFFERTY, JR.
PETER A. DETRE
BRAD SCHNEIDER
PETER E. GRATZINGER
JEAN H. HONG
KIMBERLY A. CHI
ADAM R. LAWTON
MATTHEW S. SCHONHOLZ
MICHAEL L. GREANEY

E. LEROY TOLLES
(1922-2008)

*ADMITTED IN DC.
ALL OTHERS ADMITTED IN CA

1155 F STREET N.W.
SEVENTH FLOOR
WASHINGTON, D.C. 20004-1361
TELEPHONE (202) 220-1100
FACSIMILE (202) 220-2300

———

350 SOUTH GRAND AVENUE
FIFTIETH FLOOR
LOS ANGELES, CALIFORNIA 90071-3426
TELEPHONE (213) 683-9100
FACSIMILE (213) 683-3702

———

560 MISSION STREET
TWENTY-SEVENTH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-3089
TELEPHONE (415) 512-4000
FACSIMILE (415) 512-4077

July 1, 2020

Writer's Direct Contact
(202) 220-1107
(213) 683-5112 FAX
Ginger.Anders@mto.com

Financial Oversight and Management Board for Puerto Rico
    Attention: Jaime A. El Koury
Members of the Financial Oversight and Management Board for Puerto Rico
Financial Oversight and Management Board for Puerto Rico
    as the representative of any debtor in any Title III proceeding
Jacob Javits Federal Building
26 Federal Plaza, Room 2-128
New York, NY 10278
VIA EMAIL

Re:    Bankruptcy Clause Challenge To The Financial Oversight and
       Management Board for Puerto Rico

Lady and Gentlemen:

       We appreciate the opportunity to represent The Financial Oversight and
Management Board for Puerto Rico, both in its capacity as such and in its capacity as
representative of any debtor in any Title III proceeding (the "Oversight Board") and, in their
official capacities as nominal defendants, the members of the Oversight Board listed below,
(collectively, "you") in the Bankruptcy Clause Challenge Matter (as defined below).  Let me
thank you for your expression of confidence in retaining Munger, Tolles & Olson LLP ("MTO,"
the "firm," "we" and "us").  This letter agreement, including the attached Additional Terms of
Representation, contain your agreement with us regarding the engagement of our firm.

MUNGER, TOLLES & OLSON LLP

July 1, 2020
Page 2

### Scope of Representation

MTO's client in this representation will be only you, and not any other individual or entity (whether or not related to any of you as an employee, agent, represented debtor, related entity, overseeing body or otherwise). Without limitation on the foregoing, you specifically agree that although MTO will be representing the Oversight Board in its capacity as the representative of any debtor in any Title III proceeding, MTO will not be representing any such debtor. You agree that this representation does not give rise to an attorney-client relationship between MTO and anyone but you, or with the members of the Oversight Board other than in their official capacities as members of the Oversight Board. So, for example, MTO's representation of you will not be deemed to be a representation of Puerto Rico, or any agency, department, officer or political subdivision thereof, any other governmental entity or body of any sort, or any debtor in any Title III proceeding, for conflict of interest purposes and you agree that we will not be precluded from, and you will not use MTO's representation of you in this matter as a basis for objecting to, MTO's representing another client adverse to any such person or entity, or adverse to any member of the Oversight Board in any capacity other than the member's official capacity as a member of the Oversight Board, or adverse to any other individual or entity other than the Financial Oversight and Management Board for Puerto Rico itself.

MTO's engagement is limited to representing you in the adversary proceeding *Ambac Assurance Corp.* v. *Financial Oversight and Management Board for Puerto Rico, et al.*, Adv. Proc. No. 20-68 (LTS), filed to challenge the constitutionality of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA") on the ground that the statute violates the Bankruptcy Clause; and any other similar actions filed that challenge PROMESA on the same bases as those asserted in Adv. Proc. No. 20-68 (LTS); as well as any further appellate proceedings raising the issue of PROMESA's constitutionality in these matters (collectively, the "Bankruptcy Clause Challenge Matter"). Other than as it relates to the Bankruptcy Clause Challenge Matter, MTO's engagement does not include responsibility for advising you regarding the extent of your authority or any aspect of your carrying out your mission. MTO is not your general counsel, and our engagement does not involve an undertaking to represent you or your interests in any other matter or respect. Also, while some aspects of the Bankruptcy Clause Matter could involve our appearing on your behalf in proceedings in the U.S. District Court for the District of Puerto Rico in *In re: The Financial Oversight and Management Board for Puerto Rico*, No. 17 BK 3283-LTS ("No. 17 BK 3283-LTS"), you are represented for all purposes in No. 17 BK 3283-LTS by other counsel and not by MTO.

If not terminated earlier or extended in an express written agreement executed by a partner in MTO, our representation of you in this matter will conclude upon the earlier of the settlement or other final resolution of the Bankruptcy Clause challenge to the constitutionality of PROMESA as described above, or six months of no work recorded by us on the matter.

MUNGER, TOLLES & OLSON LLP

July 1, 2020
Page 3

## Billing

Our billing practice will be to base legal fees upon the amount of time devoted to this matter at hourly rates for the attorneys and other personnel (such as paralegal assistants and case clerks) involved in the project. We believe that our hourly rates are comparable to those charged for similar kinds of work by lawyers of similar experience and standing in the community. We will bill you at the 2019 hourly rates approved by the Fee Examiner for the attorneys currently assigned to your matter: Donald B. Verrilli, Jr. ($1,350.56), Ginger Anders ($882); Rachel Miller-Ziegler ($538.10). We will also provide a 15% bottom-of-the-bill discount. Other attorneys in the firm may also be involved in this representation to the extent we find it appropriate. Paralegal time is billed at rates ranging between $190 and $400 per hour. Subject to your approval, we expect to adjust our rates annually on the first of the year, and of course will notify you of any increases in the rates of persons working on your matter. In addition, upon conclusion of the district court proceedings, we will endeavor to negotiate a mutually satisfactory fixed fee arrangement for proceedings in the Court of Appeals. We will also endeavor, upon conclusion of proceedings in the Court of Appeals, to negotiate a mutually satisfactory fixed fee arrangement for proceedings (if any) in the United States Supreme Court.

We will send monthly statements to the Financial Oversight and Management Board for Puerto Rico, attention Jaime El Koury, and by signature of your representative below, you agree to pay us consistent with the processes set forth by the district court presiding over the proceedings in No. 17 BK 3283-LTS. These statements will show the current status of your account, both for services rendered and for costs incurred on your behalf, and we will expect payment of the balance due on those statements promptly; provided that, all invoices are to be paid in accordance with the court order setting procedures for interim compensation and reimbursement of professionals. The statements will include time entries by day and timekeeper, with general task descriptions.

## Issues Regarding Joint Representation

As a formal matter, we will jointly represent the Oversight Board and, in their official capacities, the individual Oversight Board members who have been named in that capacities as nominal defendants in the adversary proceeding *Ambac Assurance Corp*. v. *Financial Oversight and Management Board for Puerto Rico, et al.*, Adv. Proc. No. 20-68 (LTS).

Joint representations may result in economic or tactical advantages. You should be aware, however, that joint representations sometimes involve significant risks. For example, joint representations may result in divided or at least shared attorney-client loyalties. In joint representations, it is possible that issues may arise as to which a lawyer's representation of one client may be materially limited by the lawyer's joint representation of other clients in the same manner. This could happen if, for example, the interests of one of a group of jointly represented

MUNGER, TOLLES & OLSON LLP

July 1, 2020
Page 4

defendants in a matter would be served by the presentation of rights, strategies, claims, or evidence whose presentation would be detrimental to the interests of the other jointly-represented defendants — in other words, if what is in one jointly-represented client's best interests is not in the best interests of other jointly-represented clients. With respect to the representation here, we have not identified any actual or potential conflicts. Indeed, the individual Board members here have been sued and will be represented by us in their official capacities as nominal defendants for declaratory relief only; the central issue is the constitutionality of the Board rather than the propriety (assuming the constitutionality of the Board) of any action that the Board members have taken or authorized, or will take or authorize. Therefore, it appears to us that the interests of all of you are organically aligned in this matter.

As noted above, we will be representing the Oversight Board as such and also in its capacity as the representative of any debtor in any Title III proceeding. We believe that the just-presented analysis would apply also to representation of the Oversight Board in this additional representative capacity where we would not be representing any such debtor itself and the central issue would remain the constitutionality of the Board rather than the propriety (assuming the constitutionality of the Board) of any action that the any such debtor has taken or authorized, or will take or authorize.

Finally, we note that one of the individual Board members, Ana Matosantos, also serves as cabinet secretary for Governor Newsom of the State of California. In that capacity, she has had involvement in matters concerning Pacific Gas & Electric (PG&E) that are currently before the Governor's office. MTO represents PG&E in those matters and has interacted with Ms. Matosantos in her role as cabinet secretary. We do not believe that this would create a legal conflict with our proposed representation herein. Ms. Matosantos is not a party to any of the matters in which we represent PG&E. And with respect to the constitutional Bankruptcy Clause Challenge Matter discussed herein, Ms. Matosantos has been sued only as a nominal defendant and only in her official capacity and is represented by us only in that capacity.

By signing and returning to us the agreement and consent set forth at the end of this letter, each of you agrees to our joint representation of the Oversight Board, the individual Board Members listed below in their official capacities as nominal defendants in the identified litigation, and the Oversight Board in its capacity as the representative of any debtor in any Title III proceeding, and you will consent to the arrangements discussed above and agree neither to assert a conflict of interest nor to seek to disqualify us from any representations related to any of those arrangements.

* * * * *

MUNGER, TOLLES & OLSON LLP

July 1, 2020
Page 5


The attorney-client relationship is one of mutual trust and confidence.  We therefore encourage our clients to feel free at all times to raise questions about any aspect of our representation, including billing matters.

Further terms applicable to this engagement are specified in Exhibit A to this letter.  Please contact me as soon as possible if this letter (including its Exhibit A) does not accurately reflect your understanding of our agreement.  Any corrections or changes must be in writing and signed on your behalf and on our behalf.  Otherwise, please sign and return the enclosed acknowledgment copy of this letter at your earliest convenience.

Very truly yours,

Ginger D. Anders

This letter, including Exhibit A hereto, accurately sets forth all of the terms of the engagement of Munger, Tolles & Olson LLP as counsel to The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), the Oversight Board's individual Board members identified below in their official capacities, and the Oversight Board in its capacity as representative of any debtor in any Title III proceeding, is approved and accepted by each of them, through an authorized representative where applicable:

THE FINANCIAL OVERSIGHT AND
   MANAGEMENT BOARD
   FOR PUERTO RICO

By _____          Date: _____
       Jaime El Koury
       General Counsel

JOSÉ B. CARRIÓN III

By _____          Date: _____
       José B. Carrión III


ANDREW G. BIGGS

By _____          Date: _____
       Andrew G. Biggs

MUNGER, TOLLES & OLSON LLP

July 1, 2020
Page 6


CARLOS M. GARCÍA

By _____          Date: _____
      Carlos M. García


ARTHUR J. GONZÁLEZ

By _____          Date: _____
      Arthur J. González


JOSÉ R. GONZÁLEZ

By _____          Date: _____
      José R. González


ANA J. MATOSANTOS

By _____          Date: _____
      Ana J. Matosantos


DAVID A. SKEEL, JR.

By _____          Date: _____
      David A. Skeel, Jr.


THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD
FOR PUERTO RICO IN ITS CAPACITY AS
THE REPRESENTATIVE OF ANY DEBTOR
IN ANY TITLE III PROCEEDING                    Date: _____

By _____
      Jaime El Koury
      General Counsel

Electronic Signature (JEK) - Message (HTML) (Read-Only)

File | Message | Acrobat | Tell me what you want to do...

iManage E-Mail Management

Search for Workspaces (shortcut) - (Ctrl+9)

Fri 7/3/2020 9:00 AM

Jaime Elkoury <jaime.elkoury@promesa.gov>

Electronic Signature (JEK)

To   Anders, Ginger



Jaime A. El Koury
General Counsel
Financial Oversight and Management Board for Puerto Rico
T: +1 646 992-4217 | m: +1 646 932-6069
e: jaime.elkoury@promesa.gov

CONFIDENTIALITY NOTE: This electronic transmission contains information belonging to the Financial Oversight and Management Board for Puerto Rico, its subsidiaries and/or affiliates, which is confidential and/or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail or telephone that this message has been inadvertently transmitted to you and delete this e-mail from your system. If you have received this transmission in error, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of the information is strictly prohibited. Unauthorized use, dissemination, distribution or reproduction of this message by other than the intended recipient is strictly prohibited and may be unlawful.

MUNGER, TOLLES & OLSON LLP

July 1, 2020
Page 7

## EXHIBIT A — MTO ADDITIONAL TERMS OF RETENTION

The following terms apply to your retention of Munger, Tolles & Olson LLP in this matter, and are an integral part of our agreement with you.

**Cooperation.** To enable us to represent you effectively, you agree to cooperate fully with us in all aspects of your matter, and fully and accurately to disclose to us all facts and documents that may be relevant to the matter or that we may otherwise request. We may rely on your disclosures without independent verification. You also will make yourself reasonably available to attend meetings, discovery proceedings and conferences, hearings and other proceedings, as applicable.

**Nature Of Services.** We provide only legal services. You are not relying on us for and we are not providing, among other things, investment, insurance, financial, accounting or technical advice or making business decisions, nor are we investigating the character or credit of persons with whom you may be dealing. We will not express opinions or beliefs as to the financial statements or other financial information of you or anyone else. Unless otherwise expressly stated in the body of this letter, we shall have no responsibility to investigate or evaluate whether insurance is available relating to your matter or to tender the matter to any insurance carrier.

**No Guarantee Of Outcome.** We do not and cannot guarantee the outcome of any matter. Either at the commencement or during the course of our representation, we may express opinions or beliefs concerning the litigation or various courses of action and the results that might be anticipated. Any such statements are intended to be expressions of opinion only, based on information available to us at the time, and should not be construed as promises or guarantees.

**Estimates Not Binding.** As you are aware, it is not possible to quote exact amounts to be charged for projects like this one. Even carefully prepared estimates may turn out to be high or low. Our experience has been, however, that our clients consider our fees to be reasonable in light of the responsibilities assumed, the effort expended, the result achieved, and the efficiency with which the project is completed.

**Billing And Payment.** The following billing and payment terms shall apply except that to the extent that, in the body of this letter, it is stated that a third party has agreed to pay our fees and costs in this matter, then the references to your payment obligations in the next three paragraphs shall be interpreted to apply to payment obligations of such third party.

You agree to pay our statements promptly. There are certain costs and expenses (in addition to the fees for our legal services) which you will be obligated to pay, if incurred, reasonable, and documented, such as messenger charges, printing and photocopying costs, air express delivery charges, travel costs, transcript fees, parking charges, filing fees, telephone

MUNGER, TOLLES & OLSON LLP

July 1, 2020
Page 8

conference call charges, and other similar costs and expenses.  Through an agreement with a vendor, we host electronic documents for mid-size litigation or other matters at a discounted rate.  If your matter requires such document hosting, you will be billed a hosting fee that will appear on your monthly invoice as a cost, unless you arrange for document hosting in your matter through a vendor of your choosing and who will invoice you directly.  If you prefer to use a vendor of your choosing, please let us know.

From time to time, with your approval, MTO may engage leased workers for specific work on matters (e.g. first level review of documents, etc).  These leased workers would work alongside and be supervised by our regular staff and attorneys.  The billing rate for such leased workers may exceed the amount paid by MTO for the leased workers' services.  We do not bill clients for fees charged by computerized legal research services, telephone charges other than conference call charges, routine facsimile transmissions or routine postage.  We may also retain, at your expense, experts or consultants whose services we believe are necessary for effective representation in this matter.  In accordance with our normal practice, we will require that significant bills from outside vendors (including, for example, copy services, experts and consultants) be paid directly by you.You also agree to pay us promptly for our fees, costs and expenses incurred in responding to subpoenas, testifying (and preparing testimony) by deposition or otherwise, or otherwise responding with respect to obligations, claims or demands relating to or arising out of the matters in which we have represented or are representing you, whether or not related to our services and whether or not we are then representing you.

Any retainer or other advance payment ("advance payment') is for our (and not your) account and benefit; it is not intended as a security deposit.  Unless otherwise required by law, any advance payment will not be maintained in a separate account or retained as trust funds, and it will earn no interest, for your benefit.  Any request for an advance payment should not be viewed as a quote or a limitation on fees.  Our fees could well exceed the amount of the advance.  After completion of our engagement and payment of our final statement, if amounts paid (including advances) exceed the amounts charged, the difference will be repaid.

You agree that we may suspend or terminate services, and may withdraw from our representation of you, if our statements or required advance payments are not timely paid or restored as agreed, subject to any required notice or applicable judicial or professional rules.

**Informed Written Consent To Certain Future Conflicts Of Interest.**  MTO represents many clients on a variety of legal matters.  It is possible that in the future some of our present or future clients may have matters that are potentially or actually adverse to you that are not substantially related to the work we have performed for you.  Similarly, there may be matters that you ask us to undertake in the future that present a potential or actual conflict with another client of the firm.  Absent informed written consent, these conflicts of interest could adversely affect your ability and the ability of others to choose MTO as their counsel and preclude MTO from representing you or others in pending or future matters.  Accordingly, in engaging MTO in

MUNGER, TOLLES & OLSON LLP

July 1, 2020
Page 9

this or any other matter, you consent to MTO's representation of others ("other MTO Client(s)")
in (a) transactional matters in which you are a counterparty to, or otherwise affected by, the
transaction, (b) bankruptcy matters in which you are an interested party as an equity holder, a
debtor, a secured or unsecured creditor, or otherwise, (c) litigation matters in which you may or
may not be a party and in which the other MTO Client is not a party but files or seeks leave to
file (individually or as part of a group of other amici or through a trade association) an *amicus
curiae* brief that advocates a position that may be adverse to your interests, (d) litigation matters
(including arbitration and other dispute resolution matters) in which you are not a party but the
other MTO Client or another party in the matter is seeking testimony, documents or other
evidence from or involving you, and (e) litigation (including arbitration and other dispute
resolution matters), transactional, counseling or other matters in which you are not a party but
you may have a business or other interest, for example, because you have a business or other
relationship with a party or because a legal standard relevant to the matter may also be relevant
to matters in which you are or may become involved.  Once again, the consent that we seek
would extend only to matters that are not substantially related to the work we have performed for
you.  (For the avoidance of doubt, you specifically agree that a bankruptcy of or relating to
Puerto Rico is not substantially related to the matter in which you are engaging us.)  Such
matters are referred to as "Permitted Other Representations."  An element of your consent is your
agreement that neither you nor anyone acting on your behalf will assert MTO's representation of
you as a basis for disqualifying MTO from representing another party in any Permitted Other
Representation.  We commit to adhere to our professional obligation not to disclose or use any of
your confidential information for another party's benefit without your consent.

In deciding whether to agree to this informed consent to future conflicts you
should consider whether there is any material risk that we will be less zealous or eager on your
behalf if we or others in our law firm at the same time represent other parties in Permitted Other
Representations.  Similarly, you should consider whether there is any material risk that your
confidential information will be used adversely to you.  We do not believe that there is a material
risk of the first type because we understand our role as advocates in particular matters and take
our obligations to our clients seriously.  We do not believe that there is a material risk of the
second type because we seek your consent only with respect to matters that are not substantially
related to matters in which we represent you.  Nevertheless, these are issues that you should
consider for yourself and on which we encourage you to seek advice from independent counsel.

**Electronic Communications.**  During our engagement, we may exchange
materials with you by electronic means such as email, using commercial software.  Such
communications can be victimized by destructive electronic programs (so-called "viruses") and
interception.  Our virus scanning software also may occasionally reject a communication sent by
you, and yours may do the same to something sent by us.  We believe that these sorts of
occurrences are to be expected from time to time as part of the ordinary course of business and
cannot guarantee against them, although they do affect the security and reliability of electronic
communications.  If for these or other reasons you would prefer that we not communicate by

MUNGER, TOLLES & OLSON LLP

July 1, 2020
Page 10

electronic means or follow special instructions or use encryptions, you should promptly so advise in writing to those responsible for your matter.

**Consultation With Firm Counsel.**  We represent many clients and handle a great number of complex matters.  In part because of the number of clients that we represent and the complexity of matters in which we become involved, from time to time issues arise that raise questions as to our professional duties.  These might include, for example, conflict of interest issues, and could even include issues raised because of a dispute between us and a client over the handling of a matter.  Under normal circumstances when such issues arise we would seek the advice of our internal general counsel who are experienced in such matters.  Historically, we have considered such consultations to be attorney-client privileged conversations between firm personnel and the counsel for the firm.  In recent years, there have been judicial decisions suggesting that under some circumstances such conversations involve a conflict of interest between the client and the law firm and that consultation with firm counsel may not be privileged, unless the law firm either withdraws from the representation of its client or obtains the client's consent to consult with firm counsel.

We believe that it can be in our clients' and our mutual interests that, in the event legal ethics or related issues arise in conjunction with a representation, we receive expert analysis of our obligations.  Accordingly, as part of our agreement concerning our representation of you, you agree that if we determine in our own discretion during the course of or following the representation that it is either necessary or appropriate to consult with our firm counsel (either MTO's in-house general counsel or, if we choose, outside counsel) we have your consent to do so in what are and will be deemed to be communications protected by MTO's attorney-client privilege, and that our representation of you shall not, thereby, waive any attorney-client privilege that MTO may otherwise have to protect the confidentiality of our communications with counsel.

**Conflict Checks.**  To allow us to conduct a conflict check, you represent that you have identified for us all persons and entities that are or may become involved in the subject matter, including all persons and entities that in any material respect are related, affiliated or associated with you, and other involved or potentially involved parties (such as parent corporations, subsidiaries and other affiliates, officers, directors and principals).  You agree that you will promptly notify us if you become aware of any other persons or entities that are or may become involved in the matter.  You agree to cooperate fully with us and provide all necessary information known or available to you that is relevant to our conflict check.

**Public Reference To Representation.**  For matters that are or become public, you confirm that you have no objection to our making public reference to our representation of you, consistent with our responsibilities otherwise to maintain your confidences.  Such reference

MUNGER, TOLLES & OLSON LLP

July 1, 2020
Page 11

may include, for example, mention in our firm website, statements of an attorney's experience, and brochures or promotional material.

**Termination Of Representation.**  You have the right to discharge us at any time. We may withdraw with your consent or for good cause, which includes client breach of this agreement or refusal to cooperate with us or follow our advice on a material matter, as well as in any other circumstance permitted by applicable rules.  If you or we terminate our representation of you, you will cooperate with us to effect that termination, including executing all reasonably necessary documents (such as a Substitution of Attorney).  Upon termination, you will remain obligated to pay for all services rendered and costs or expenses paid or incurred on your behalf before the termination or which are reasonably necessary thereafter.

After the conclusion of our representation, changes may occur in the applicable laws or regulations that could have an impact upon your future rights and liabilities.  The firm has no continuing obligation to advise you with respect to future legal developments.

**Record Retention.**  At the conclusion of this matter, we will at your request provide a copy of your file to you.  We may destroy our copy of that file after ten years from the conclusion of the matter.  Our own files remain our property and we may destroy our own files after ten years from the conclusion of the matter as well.  Our own files include, for example, firm administrative records, time and expense reports, personnel and staffing materials, and credit and accounting records; as well as internal lawyers' work product such as drafts, notes, internal memoranda, and legal and factual research, including investigative reports, prepared by or for our internal use.

**Effective Date.**  The effective date of our agreement is the date on which our services commenced.  The date printed on this letter is for convenience of reference only.

**Confidentiality of Engagement Letter.**  Although this engagement letter may be considered confidential, you agree that we may share the terms of any conflict waivers (excluding otherwise confidential information) with our other affected client(s) and that we may disclose the fact of any conflict waiver, as well as any document memorializing it (after redactions, if appropriate) where reasonably necessary to rebut allegations of improper conflicting representations.

**Dispute Resolution.**  In the event of litigation in any way relating to this agreement, California law will apply and personal jurisdiction and venue will be in Los Angeles, California, in state court or, at our option if subject matter jurisdiction exists there, federal court. We maintain errors and omissions insurance coverage applicable to the services to be rendered under this agreement.  This agreement shall be governed by the internal law (and not the law pertaining to choice or conflicts of law) of the State of California

MUNGER, TOLLES & OLSON LLP

July 1, 2020
Page 12

       **<u>Representation In Additional Matters.</u>**  In the event that you request and we agree to representation by us in additional matters, the terms hereof shall control such additional matters except for the then prevailing hourly rates and the amount of a retainer, unless we enter into a new written agreement containing a full statement of the terms.

| | |
|---|---|
| **From:** | Silva, Jonathan |
| **To:** | Weber, Christina; ~CONFLICT_ADMIN |
| **Subject:** | RE: Engagement Letter (Ambac Matter) (Munger Tolles) |
| **Date:** | Wednesday, July 8, 2020 10:58:02 AM |
| **Attachments:** | Electronic Signature (JEK).msg |

Thanks Christina.

Conflicts, please pdf the email below and the attached. Then tack it on to the engagement letter and file it appropriately.  We want to make sure we keep this for future reference.  Keep it as one package.

**Jonathan H. Silva | Conflicts System Administrator**
Munger, Tolles & Olson LLP | 350 South Grand Avenue | Los Angeles, CA 90071
Tel:  (213) 593-2424 | jonathan.silva@mto.com | www.mto.com

***NOTICE***
*This message is confidential and may contain information that is privileged, attorney work product or otherwise exempt from disclosure under applicable law.  It is not intended for transmission to, or receipt by, any unauthorized person.  If you have received this message in error, do not read it. Please delete it without copying it, and notify the sender by separate e-mail so that our address record can be corrected. Thank you.*

**From:** Weber, Christina <Christina.Weber@mto.com>
**Sent:** Wednesday, July 08, 2020 10:52 AM
**To:** ~CONFLICT_ADMIN <~CONFLICT_ADMIN@mto.com>
**Subject:** FW: Engagement Letter (Ambac Matter) (Munger Tolles)

See Ginger's message below.  Can you please offer guidance as to whether this will be enough?

**From:** Anders, Ginger <Ginger.Anders@mto.com>
**Sent:** Wednesday, July 8, 2020 1:17 PM
**To:** Weber, Christina <Christina.Weber@mto.com>
**Subject:** FW: Engagement Letter (Ambac Matter) (Munger Tolles)

Welcome back!  Glad you had a great trip.  With respect to our Puerto Rico new matter, I received the email below from Jaime El Koury, who is the General Counsel.  He has authorization to sign the engagement letter on everyone's behalf. (He would have been signing on behalf of the Board itself anyway, as the GC.  But he also has authorization to sign on behalf of each individual Board member.)  He also sent me his electronic signature, attached.  Could you verify that this is enough to indicate agreement of all parties?  If we need him to send the individual emails from each Board member, we could do that.  Thanks.

**From:** Jaime Elkoury <jaime.elkoury@promesa.gov>
**Sent:** Friday, July 3, 2020 11:51 AM
**To:** Anders, Ginger <Ginger.Anders@mto.com>; Kyle Rifkind <kyle.rifkind@promesa.gov>
**Cc:** Verrilli, Donald <Donald.Verrilli@mto.com>
**Subject:** Engagement Letter (Ambac Matter) (Munger Tolles)

Dear Ginger,

Sorry, pressed the "send" button too soon.  I have now been authorized by each Board member to sign on their behalf and on behalf of the Board (if you wish I can send you the Board member's emails for you records).  Would you please attach my electronic signature in each of the required signature spaces?  Do you need me to send you my electronic signature?  Thanks,

Jaime

Jaime A. El Koury
General Counsel
Financial Oversight and Management Board for Puerto Rico
T: +1 646 992-4217 | m: +1 646 932-6069
e: jaime.elkoury@promesa.gov

---

**From:** Jaime Elkoury
**Sent:** Friday, July 3, 2020 11:47 AM
**To:** Anders, Ginger <Ginger.Anders@mto.com>; Kyle Rifkind (kyle.rifkind@promesa.gov) <kyle.rifkind@promesa.gov>
**Cc:** Verrilli, Donald <Donald.Verrilli@mto.com>
**Subject:** Engagement Letter (Ambac Matter) (Munger Tolles)

---

**From:** Anders, Ginger <Ginger.Anders@mto.com>
**Sent:** Wednesday, July 1, 2020 11:12 AM
**To:** Jaime El Koury <jelkoury@outlook.com>; Kyle Rifkind (kyle.rifkind@promesa.gov) <kyle.rifkind@promesa.gov>
**Cc:** Verrilli, Donald <Donald.Verrilli@mto.com>
**Subject:** Engagement Letter (Ambac Matter) (Munger Tolles)

I have attached the final engagement letter for your signatures.  In light of the circumstances, it would be fine if you and each Board member sent us back an email saying that you agree to all the terms in the letter.  You don't need to send us a scanned signature page if doing so would be logistically difficult.  Thanks very much.

---

**From:** Jaime El Koury <jelkoury@outlook.com>
**Sent:** Tuesday, June 30, 2020 1:26 PM
**To:** Anders, Ginger <Ginger.Anders@mto.com>; Kyle Rifkind (kyle.rifkind@promesa.gov) <kyle.rifkind@promesa.gov>
**Cc:** Verrilli, Donald <Donald.Verrilli@mto.com>
**Subject:** RE: Engagement Letter (Ambac Matter) (Munger Tolles)

Looks good. Thanks!

_____
_____
Jaime A. El Koury
1112 Park Avenue, Apt. 12A
New York, New York 10128
t: +1 646 992-4217 | m: +1 646 932-6069
e: jelkoury@outlook.com


---

**From:** Anders, Ginger <Ginger.Anders@mto.com>
**Sent:** Tuesday, June 30, 2020 1:21 PM
**To:** Jaime El Koury <jelkoury@outlook.com>; Kyle Rifkind (kyle.rifkind@promesa.gov)
<kyle.rifkind@promesa.gov>
**Cc:** Verrilli, Donald <Donald.Verrilli@mto.com>
**Subject:** RE: Engagement Letter (Ambac Matter) (Munger Tolles)

Will do.  And to make sure I'm getting it right, the first change you requested is this, correct? "Other than as it relates to the Bankruptcy Clause Challenge Matter, MTO's engagement does not include responsibility for advising you regarding the extent of your authority or any aspect of your carrying out your mission."  Thanks!

---

**From:** Jaime El Koury <jelkoury@outlook.com>
**Sent:** Tuesday, June 30, 2020 1:10 PM
**To:** Anders, Ginger <Ginger.Anders@mto.com>; Kyle Rifkind (kyle.rifkind@promesa.gov)
<kyle.rifkind@promesa.gov>
**Cc:** Verrilli, Donald <Donald.Verrilli@mto.com>
**Subject:** Engagement Letter (Ambac Matter) (Munger Tolles)

Thanks for the explanation Ginger.  Let's go with the rates allowed by the Fee Examiner, don't want to ruffle any feathers!  Best, Jaime


_____
_____
Jaime A. El Koury
1112 Park Avenue, Apt. 12A
New York, New York 10128
t: +1 646 992-4217 | m: +1 646 932-6069
e: jelkoury@outlook.com


---

**From:** Anders, Ginger <Ginger.Anders@mto.com>
**Sent:** Tuesday, June 30, 2020 1:08 PM
**To:** Jaime El Koury <jelkoury@outlook.com>; Kyle Rifkind (kyle.rifkind@promesa.gov)

<kyle.rifkind@promesa.gov>
**Cc:** Verrilli, Donald <Donald.Verrilli@mto.com>
**Subject:** Engagement Letter (Ambac Matter) (Munger Tolles)

Thank you very much.  We will make those edits.  The rates set forth in the letter were the rates ultimately allowed by the fee examiner in 2019, but we can go with the July 1, 2019 agreed-upon rates if that makes sense – just wanted to make sure you were aware of the explanation for the difference between the two.

Thanks very much,
Ginger

---

**From:** Jaime El Koury <jelkoury@outlook.com>
**Sent:** Tuesday, June 30, 2020 10:09 AM
**To:** Anders, Ginger <Ginger.Anders@mto.com>; Kyle Rifkind (kyle.rifkind@promesa.gov)
<kyle.rifkind@promesa.gov>
**Cc:** Verrilli, Donald <Donald.Verrilli@mto.com>
**Subject:** Engagement Letter (Ambac Matter) (Munger Tolles)

Sorry for the delay.  Attaching Kyle's revised version, which I understand is limited to fixing one typo. Comments from me:

Could we please add the following phrase at the beginning of the second sentence of the second paragraph on Page 2: "Other than as it relates to the Bankruptcy Clause Challenge Matter," since we may seek advice on the Board's authorities etc depending on how the litigation goes (similar to what happened in the Appointments Clause litigation)?

Please add "Subject to your approval," at the beginning of the sentence dealing with annual rate adjustments on page 3.

On the rates themselves, I am attaching the rate schedule that we have had in effect since July 1, 2019, and which reflects a slightly lower fee for Don and higher fees for you and Rachel from those in the letter.

Thanks!!

_____
_____

Jaime A. El Koury
1112 Park Avenue, Apt. 12A
New York, New York 10128
t: +1 646 992-4217 | m: +1 646 932-6069
e: jelkoury@outlook.com

**From:** Jaime El Koury
**Sent:** Monday, June 29, 2020 3:21 PM
**To:** Anders, Ginger <Ginger.Anders@mto.com>; Kyle Rifkind (kyle.rifkind@promesa.gov)
<kyle.rifkind@promesa.gov>
**Cc:** Verrilli, Donald <Donald.Verrilli@mto.com>
**Subject:** Engagement Letter (Ambac Matter) (Munger Tolles)

Will review and thanks (Kyle already reviewed it, but he is much faster than yours truly).  Best, Jaime

_____
_____
Jaime A. El Koury
1112 Park Avenue, Apt. 12A
New York, New York 10128
t: +1 646 992-4217 | m: +1 646 932-6069
e: jelkoury@outlook.com

---

**From:** Anders, Ginger <Ginger.Anders@mto.com>
**Sent:** Monday, June 29, 2020 9:22 AM
**To:** Jaime El Koury (jelkoury@outlook.com) <jelkoury@outlook.com>; Kyle Rifkind
(kyle.rifkind@promesa.gov) <kyle.rifkind@promesa.gov>
**Cc:** Verrilli, Donald <Donald.Verrilli@mto.com>
**Subject:** Engagement Letter (Ambac Matter) (Munger Tolles)

Jaime and Kyle,
I have attached our engagement letter for the Ambac matter.  The letter contains the same terms as
our previous letters, and uses the 2019 examiner-approved rates per your conversation with Don.
We wanted to flag one thing – the only new material in this letter is a paragraph explaining that Ana
Matosantos, in her work for Gov. Newsom, has handled PG&E matters in which MTO is involved.
We have concluded that this does not create any legal conflict, as Ms. Matosantos is not a party in
the PG&E matters, and she has been sued in the Ambac matter solely in her official capacity as a
Board member.  The letter memorializes that conclusion.  We'd of course be happy to discuss this, or
anything else in the letter, further.

Thank you again for getting us involved in this case.  It's fascinating, and it is always a privilege to
work with you.

Ginger

**Ginger D. Anders | Munger, Tolles & Olson LLP**
1155 F St. NW | Washington, DC 20004
Tel:  202.220.1107 | ginger.anders@mto.com | www.mto.com

*** NOTICE ***
*This message is confidential and may contain information that is privileged, attorney work product or*

*otherwise exempt from disclosure under applicable law.  It is not intended for transmission to, or receipt by, any unauthorized person.  If you have received this message in error, do not read it.  Please delete it without copying it, and notify the sender by separate e-mail so that our address record can be corrected. Thank you.*

CONFIDENTIALITY NOTE: This electronic transmission contains information belonging to the Financial Oversight and Management Board for Puerto Rico, its subsidiaries and/or affiliates, which is confidential and/or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail or telephone that this message has been inadvertently transmitted to you and delete this e-mail from your system. If you have received this transmission in error, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of the information is strictly prohibited. Unauthorized use, dissemination, distribution or reproduction of this message by other than the intended recipient is strictly prohibited and may be unlawful.

**Exhibit C**

**Proposed Order**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>     Debtors[3] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**ORDER APPROVING THE INTERIM APPLICATION OF MUNGER, TOLLES &
OLSON LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED
AND REIMBURSEMENT OF EXPENSES INCURRED AS ATTORNEYS TO THE
FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO FOR
THE PERIOD FROM FEBRUARY 1, 2020 THROUGH NOVEMBER 30, 2020**

Upon Application of Munger, Tolles & Olson LLP ("MTO"), attorneys for the Financial

Oversight and Management Board for Puerto Rico (the "Oversight Board") as representative of

the Commonwealth of Puerto Rico ("Commonwealth"), pursuant to section 315(b) of the Puerto

Rico Oversight, Management, and Economic Stability Act, sections 316 and 317 of PROMESA,

Rule 2016 of the Federal Rules of Bankruptcy Procedure, Rule 2016-1 of the Local Bankruptcy

Rules for the United States Bankruptcy Court for the District of Puerto Rico including the United

---

[3] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686).

States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses referenced therein, and in accordance with this Court's First Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (Dkt. No. 1715), seeking an allowance of interim compensation for professional services provided by MTO in the amount of $103,642.16 and for reimbursement of actual and necessary expenses in the amount of $9,505.50 incurred for the period from February 1, 2020 through November 30, 2020; and, this Court having determined that the legal and factual bases set forth in the Fee Application establish just cause for the relief requested herein; and after due deliberation, it is hereby **ORDERED** that:

1) The Fee Application is APPROVED as set forth herein.

2) Compensation to MTO for professional and paraprofessional services provided during the Fee Period is allowed on an interim basis in the amount of $103,642.16

3) Reimbursement to MTO of actual, reasonable, and necessary expenses incurred in the Fee Period is allowed on an interim basis in the amount of $9,505.50

4) The Financial Oversight and Management Board for Puerto Rico is authorized to pay MTO $113,147.66 for all fees and expenses allowed pursuant to the Order, less the amounts previously paid for such fees and expenses under the terms of the Interim Compensation Order.

5) The Financial Oversight and Management Board for Puerto Rico is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the application.

Dated: _____, 2021                    _____
       San Juan Puerto Rico                    Honorable Laura Taylor Swain
                                      United States District Judge

**Exhibit D**

**Invoices**

**MUNGER, TOLLES & OLSON LLP**
**350 SOUTH GRAND AVENUE**
**LOS ANGELES, CA 90071-3426**

March 17, 2020

Jaime El Koury
General Counsel
Financial Oversight and Management Board for Puerto Rico
PO Box 192018
San Juan, PR  00919

Invoice Number: 594673                                    Tax Identification No. 95-2156481

For professional services rendered through February 29, 2020 as follows:

Constitutional Litigation
MTO Matter Number:  28720-00002

| DATE | TKPR | TIME | SERVICES |
|------|------|------|----------|
| 2/25/20 | GDA | 0.50 | Correspond with Board communications team concerning Supreme Court decision. |
|  |  | 0.50 | TOTAL CHARGEABLE HOURS |

| | | |
|---|---|---|
| TOTAL FEES |  | $ 468.00 |
| LESS FEE DISCOUNT |  | (70.20) |
| NET FEES |  | 397.80 |

DISBURSEMENTS

| | | |
|---|---|---|
| Messenger - Vendor: WASHINGTON EXPRESS LLC - Inv. 183343 - 10/31/19 - From MTO DC to US Supreme Court on 10/04/19 - C. Weber | 24.33 | |
| Copying Charges/Outside - Vendor: WILSON-EPES PRINTING CO., INC.  - Inv 31052 - 07/25/2019 - Joint Appendix , Nos.  18-1334, -1475, -1496, -1514, -1521, 20 Additional Copies  - D. Verrilli | 9,481.17 | |

| | |
|---|---|
| TOTAL DISBURSEMENTS | 9,505.50 |
| INVOICE TOTAL | $    9,903.30 |

Matter Desc:       Constitutional Litigation
MTO Matter #:      28720-00002

## FEE SUMMARY

| TIMEKEEPER | TKPR | HOURS | RATE | AMOUNT |
|---|---|---|---|---|
| Anders, Ginger D. | GDA | 0.50 | 936.00 | 468.00 |
| TOTAL | | 0.50 | | 468.00 |

**MUNGER, TOLLES & OLSON LLP**
**P.O. BOX 847424**
**LOS ANGELES, CA 90084-7424**

March 17, 2020

Jaime El Koury
General Counsel
Financial Oversight and Management Board for Puerto Rico
PO Box 192018
San Juan, PR  00919

Invoice Number: 594673                                              Tax Identification No. 95-2156481

MTO Matter Number: 28720-00002

For professional services rendered through February 29, 2020 as follows:

| | | |
|---|---|---:|
| TOTAL FEES | $ | 468.00 |
| LESS FEE DISCOUNT | | (70.20) |
| NET FEES | | 397.80 |
| TOTAL DISBURSEMENTS | | 9,505.50 |
| **INVOICE TOTAL** | | **9,903.30** |
| PRIOR BALANCE | | 572,706.79 |
| TOTAL AMOUNT DUE | $ | 582,610.09 |

**PLEASE RETURN THIS COPY WITH YOUR REMITTANCE**

**The following are instructions for electronic payments to Munger, Tolles & Olson LLP. Should you have any questions, please feel free to contact us via email ~Billing@mto.com**

Wells Fargo Bank, N.A.
420 Montgomery
San Francisco, CA 94104
Account Name:     Munger, Tolles & Olson LLP
Account#:     4199311580
ABA Routing#:     121000248
SWIFT Code:     WFBIUS6S

**Please reference invoice number 594673 or client number 28720 .**

**MUNGER, TOLLES & OLSON LLP**
**350 SOUTH GRAND AVENUE**
**LOS ANGELES, CA 90071-3426**


June 18, 2020


Jaime El Koury
General Counsel
Financial Oversight and Management Board for Puerto Rico
PO Box 192018
San Juan, PR  00919

Invoice Number: 597193                                    Tax Identification No. 95-2156481

For professional services rendered through May 31, 2020 as follows:

Fiscal Plan Enforcement
MTO Matter Number:  28720-00003

| DATE | TKPR | TIME | SERVICES |
|------|------|------|----------|
| 5/22/20 | GDA | 0.80 | Review Puerto Rico government certiorari petition concerning governor's authority to reprogram unspent funds. |
| 5/23/20 | GDA | 3.00 | Review pertinent case materials concerning dispute over Board's recommendations authority. |
| 5/24/20 | DBV | 1.50 | Review Commonwealth cert petition (1.0); review and edit Ginger Anders comments regarding cert petition (.5). |
| 5/24/20 | GDA | 3.50 | Draft outline of approach to opposition to Puerto Rican government certiorari petition concerning budgetary reprogramming. |
| 5/25/20 | GDA | 0.30 | Circulate analysis of Puerto Rican government certiorari petition and opposition strategy to Proskauer and Board teams. |
|  |  | 9.10 | TOTAL CHARGEABLE HOURS |

TOTAL FEES                                                               $      9,141.60
   LESS FEE DISCOUNT                                                    (1,371.24)

NET FEES                                                                          7,770.36

INVOICE TOTAL                                                          $      7,770.36

## FEE SUMMARY

| TIMEKEEPER | TKPR | HOURS | RATE | AMOUNT |
|------------|------|-------|------|--------|
| Verrilli, Donald B. | DBV | 1.50 | 1,352.00 | 2,028.00 |

Matter Desc:      Fiscal Plan Enforcement
MTO Matter #:     28720-00003

| TIMEKEEPER | TKPR | HOURS | RATE | AMOUNT |
|---|---|---|---|---|
| Anders, Ginger D. | GDA | 7.60 | 936.00 | 7,113.60 |
| TOTAL | | 9.10 | | 9,141.60 |

**MUNGER, TOLLES & OLSON LLP**
**P.O. BOX 847424**
**LOS ANGELES, CA 90084-7424**

June 18, 2020

Jaime El Koury
General Counsel
Financial Oversight and Management Board for Puerto Rico
PO Box 192018
San Juan, PR  00919

Invoice Number: 597193                     Tax Identification No. 95-2156481

MTO Matter Number: 28720-00003

For professional services rendered through May 31, 2020 as follows:

| | | |
|---|---|---:|
| TOTAL FEES | $ | 9,141.60 |
| LESS FEE DISCOUNT | | (1,371.24) |
| NET FEES | | 7,770.36 |
| **INVOICE TOTAL** | | **7,770.36** |
| PRIOR BALANCE | | 1,734.87 |
| TOTAL AMOUNT DUE | $ | 9,505.23 |

**PLEASE RETURN THIS COPY WITH YOUR REMITTANCE**

**The following are instructions for electronic payments to Munger, Tolles & Olson LLP. Should you have any questions, please feel free to contact us via email ~Billing@mto.com**

Wells Fargo Bank, N.A.
420 Montgomery
San Francisco, CA 94104
Account Name:    Munger, Tolles & Olson LLP
Account#:         4199311580
ABA Routing#:     121000248
SWIFT Code:       WFBIUS6S

**Please reference invoice number 597193 or client number 28720 .**

**MUNGER, TOLLES & OLSON LLP**
**P.O. BOX 847424**
**LOS ANGELES, CA 90084-7424**

The following invoices remain unpaid according to our records:

| DATE | INVOICE | AMOUNT | BALANCE |
|------|---------|--------|---------|
| 12/18/18 | 582665 | 4,016.29 | 1,199.37 |
| 06/05/19 | 587047 | 535.50 | 535.50 |
| | | | 1,734.87 |

**MUNGER, TOLLES & OLSON LLP**
**350 SOUTH GRAND AVENUE**
**LOS ANGELES, CA 90071-3426**

Invoice Number: 597193
Client Number: 28720
June 18, 2020

Jaime El Koury
General Counsel
Financial Oversight and Management Board for Puerto Rico
PO Box 192018
San Juan, PR  00919

ACCOUNTING RECAP
DO NOT SEND TO CLIENT

For professional services rendered through May 31, 2020 as follows:

| MATTER NUMBER & DESCRIPTION | FEES | DISB | TOTAL |
|---|---|---|---|
| 00003  Fiscal Plan Enforcement | 9,141.60 | 0.00 | 9,141.60 |
| LESS FEE DISCOUNT | | | (1,371.24) |
| **INVOICE TOTAL** | | | **7,770.36** |
| PRIOR BALANCE | | | 1,734.87 |
| TOTAL AMOUNT DUE | | | $    9,505.23 |

**Munger, Tolles & Olson LLP**
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426

| | |
|---|---|
| Jaime El Koury | |
| General Counsel | |
| Financial Oversight and Management Board for Puerto Rico | |
| PO Box 192018 | |
| San Juan, PR 00919 | |

| | |
|---|---|
| Invoice Date: | July 22, 2020 |
| Invoice Number: | 597668 |
| Matter Number: | 28720-00002 |

---

Client:   Financial Oversight and Management Board for Puerto Rico

Matter:   Constitutional Litigation

*For professional services rendered through June 30, 2020*

| | |
|---|---|
| Fees | 2,497.16 |
| Fee Discount | (374.58) |
| **Total Due This Invoice** | **$2,122.58** |
| **Total Amount Due** | **$2,122.58** |

Please Remit to:

*Mail To:*
*Munger, Tolles & Olson LLP*
*P.O. Box 847424*
*Los Angeles, CA 90084-7424*

*Wire Instructions:*
*Wells Fargo Bank, N.A.*
*420 Montgomery Street*
*San Francisco, CA 94104*
*Account Name: Munger, Tolles & Olson LLP*
*ABA Number: 121000248*
*Swift Code: WFBIUS6S (International)*
*Account # 4199311580*
**(Please Reference Invoice Number)**

Client: Financial Oversight and Management Board for Puerto Rico

Matter: Constitutional Litigation

| Invoice Date: | July 22, 2020 |
|---|---|
| Invoice Number: | 597668 |
| Matter Number: | 28720-00002 |

**Time Detail**

| Date | Name | Description | Hours | Amount |
|---|---|---|---|---|
| 06/01/2020 | Verrilli, Donald B. | Review and analyze Supreme Court decision and communicate with client regarding same. | 1.00 | 1,350.56 |
| 06/01/2020 | Anders, Ginger D. | Review Supreme Court decision and correspond with team. | 0.90 | 793.80 |
| 06/02/2020 | Anders, Ginger D. | Discuss Appointment Clause decision and newly filed Bankruptcy Clause complaint with Mr. Rifkind. | 0.40 | 352.80 |
| **Total** | | | **2.30** | **$2,497.16** |

**Timekeeper Summary**

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Anders, Ginger D. | 1.30 | 882.00 | 1,146.60 |
| Verrilli, Donald B. | 1.00 | 1,350.56 | 1,350.56 |
| **Total** | **2.30** | | **$2,497.16** |

**Munger, Tolles & Olson LLP**
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426

| | | |
|---|---|---|
| Jaime El Koury | Invoice Date: | July 22, 2020 |
| General Counsel | Invoice Number: | 597668 |
| Financial Oversight and Management Board for Puerto Rico | Matter Number: | 28720-00002 |
| PO Box 192018 | | |
| San Juan, PR 00919 | | |

---

### REMITTANCE COPY

### Constitutional Litigation

Current Invoice

| 07/22/2020 | 597668 | $2,122.58 |
|---|---|---|
| **Balance Due** | | **$2,122.58** |

**Please Remit to:**

*Mail To:*
*Munger, Tolles & Olson LLP*
*P.O. Box 847424*
*Los Angeles, CA 90084-7424*

*Wire Instructions:*
*Wells Fargo Bank, N.A.*
*420 Montgomery Street*
*San Francisco, CA 94104*
*Account Name: Munger, Tolles & Olson LLP*
*ABA Number: 121000248*
*Swift Code: WFBIUS6S (International)*
*Account # 4199311580*
**(Please Reference Invoice Number)**

**Munger, Tolles & Olson LLP**
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426

Jaime El Koury
General Counsel
Financial Oversight and Management Board for Puerto
Rico
PO Box 192018
San Juan, PR 00919

| | |
|---|---|
| Invoice Date: | August 13, 2020 |
| Invoice Number: | 598187 |
| Matter Number: | 28720-00005 |

---

Client:   Financial Oversight and Management Board for Puerto Rico

Matter:   Ambac

*For professional services rendered through June 30, 2020*

| | |
|---|---:|
| Fees | 35,626.37 |
| Less Fee Discount | (5,343.96) |
| **Total Amount Due** | **$30,282.41** |

Please Remit to:    *Mail To:*
*Munger, Tolles & Olson LLP*
*P.O. Box 847424*
*Los Angeles, CA 90084-7424*

*Wire Instructions:*
*Wells Fargo Bank, N.A.*
*420 Montgomery Street*
*San Francisco, CA 94104*
*Account Name: Munger, Tolles & Olson LLP*
*ABA Number: 121000248*
*Swift Code: WFBIUS6S (International)*
*Account # 4199311580*
**(Please Reference Invoice Number)**

Client: Financial Oversight and Management Board for Puerto Rico

Matter: Ambac

| | |
|---|---|
| Invoice Date: | August 13, 2020 |
| Invoice Number: | 598187 |
| Matter Number: | 28720-00005 |

---

**Time Detail**

| Date | Name | Description | Hours | Amount |
|---|---|---|---|---|
| 06/06/2020 | Anders, Ginger D. | Analyze potential arguments in response to Bankruptcy Cause challenge | 3.00 | 2,646.00 |
| 06/07/2020 | Anders, Ginger D. | Analyze potential arguments in response to Bankruptcy Cause challenge. | 2.00 | 1,764.00 |
| 06/08/2020 | Anders, Ginger D. | Research and analyze potential arguments against Bankruptcy Clause challenge. | 5.30 | 4,674.60 |
| 06/09/2020 | Verrilli, Donald B. | Review materials andcases to analyze merits of Bankruptcy Clause challenge (2.0); review G. Anders' preliminary analysis of constitutional issues (0.4); confer with G. Anders regarding preliminary analysis (0.3); participated in call with Proskauer team to evaluate legal theories (0.6); continue analysis of bankruptcy clause issues (1.0). | 4.30 | 5,807.41 |
| 06/09/2020 | Anders, Ginger D. | Draft analysis of potential arguments against Bankruptcy Clause challenge (1.9); teleconference with Proskauer team and Mr. Verrilli concerning Bankruptcy Clause challenge (.8). | 2.70 | 2,381.40 |
| 06/10/2020 | Miller-Ziegler, Rachel G. | Conference with G. Anders regarding uniformity challenge (0.4); research and draft memo regarding uniformity challenge (4.9). | 5.30 | 2,851.93 |
| 06/10/2020 | Anders, Ginger D. | Compile and send research materials to Ms. Miller Ziegler for purposes of drafting memo on case strategy (.3); teleconference with Ms. Miller-Ziegler concerning memorandum on Accuracy Clause arguments (.5); draft engagement letter (1.0). | 1.80 | 1,587.60 |
| 06/11/2020 | Miller-Ziegler, Rachel G. | Research and draft memo regarding uniformity challenge. | 6.00 | 3,228.60 |
| 06/11/2020 | Anders, Ginger D. | Revise engagement letter. | 0.40 | 352.80 |
| 06/12/2020 | Miller-Ziegler, Rachel G. | Research and draft memo regarding uniformity challenge. | 9.10 | 4,896.71 |
| 06/13/2020 | Anders, Ginger D. | Revise draft memo on Bankruptcy Clause argument. | 1.50 | 1,323.00 |
| 06/14/2020 | Verrilli, Donald B. | Review and edit strategy memo regarding bankruptcy clause challenge. | 1.00 | 1,350.56 |
| 06/15/2020 | Anders, Ginger D. | Finalize and circulate memo concerning Bankruptcy Clause arguments. | 0.60 | 529.20 |
| 06/25/2020 | Verrilli, Donald B. | Prepare for and participated in call with Proskauer team regarding best arguments for motion to dismiss. | 1.00 | 1,350.56 |

Client: Financial Oversight and Management Board for Puerto Rico

Matter: Ambac

| | |
|---|---|
| Invoice Date: | August 13, 2020 |
| Invoice Number: | 598187 |
| Matter Number: | 28720-00005 |

---

| Date | Name | Description | Hours | Amount |
|---|---|---|---|---|
| 06/25/2020 | Anders, Ginger D. | Prepare for conference call with Proskauer attorneys concerning Bankruptcy Clause challenge (.5); teleconference with Proskauer attorneys and Mr. Verrilli concerning what arguments to make in responding to Bankruptcy Clause challenge (.5). | 1.00 | 882.00 |
| **Total** | | | **45.00** | **$35,626.37** |

**Timekeeper Summary**

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Anders, Ginger D. | 18.30 | 882.00 | 16,140.60 |
| Miller-Ziegler, Rachel G. | 20.40 | 538.10 | 10,977.24 |
| Verrilli, Donald B. | 6.30 | 1,350.56 | 8,508.53 |
| **Total** | **45.00** | | **$35,626.37** |

**Munger, Tolles & Olson LLP**
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426

Jaime El Koury
General Counsel
Financial Oversight and Management Board for Puerto Rico
PO Box 192018
San Juan, PR 00919

| | |
|---|---|
| Invoice Date: | August 13, 2020 |
| Invoice Number: | 598187 |
| Matter Number: | 28720-00005 |

---

## REMITTANCE COPY

### <u>Ambac</u>

| <u>Invoice Date</u> | <u>Invoice Number</u> | <u>Balance Due</u> |
|---|---|---|
| <u>Current Invoice</u> | | |
| 08/13/2020 | 598187 | $30,282.41 |
| **Balance Due** | | $30,282.41 |

**Please Remit to:**

***Mail To:***
*Munger, Tolles & Olson LLP*
*P.O. Box 847424*
*Los Angeles, CA 90084-7424*

***Wire Instructions:***
*Wells Fargo Bank, N.A.*
*420 Montgomery Street*
*San Francisco, CA 94104*
*Account Name: Munger, Tolles & Olson LLP*
*ABA Number: 121000248*
*Swift Code: WFBIUS6S (International)*
*Account # 4199311580*
**(Please Reference Invoice Number)**

**Munger, Tolles & Olson LLP**
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426

Jaime El Koury
General Counsel
Financial Oversight and Management Board for Puerto
Rico
PO Box 192018
San Juan, PR 00919

| | |
|---|---|
| Invoice Date: | August 13, 2020 |
| Invoice Number: | 598188 |
| Matter Number: | 28720-00003 |

Client:   Financial Oversight and Management Board for Puerto Rico

Matter:   Fiscal Plan Enforcement

*For professional services rendered through July 31, 2020*

| | |
|---|---|
| Fees | 5,834.98 |
| Fee Discount | (875.25) |
| **Total Amount Due** | **$4,959.73** |

Please Remit to:     ***Mail To:***
                     *Munger, Tolles & Olson LLP*
                     *P.O. Box 847424*
                     *Los Angeles, CA 90084-7424*

***Wire Instructions:***
*Wells Fargo Bank, N.A.*
*420 Montgomery Street*
*San Francisco, CA 94104*
*Account Name: Munger, Tolles & Olson LLP*
*ABA Number: 121000248*
*Swift Code: WFBIUS6S (International)*
*Account # 4199311580*
**(Please Reference Invoice Number)**

Client: Financial Oversight and Management Board for Puerto Rico

Matter: Fiscal Plan Enforcement

| | |
|---|---|
| Invoice Date: | August 13, 2020 |
| Invoice Number: | 598188 |
| Matter Number: | 28720-00003 |

**Time Detail**

| Date | Name | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 07/15/2020 | Verrilli, Donald B. | Review draft brief in opposition to petition for certiorari. | 1.10 | 1,485.62 |
| 07/16/2020 | Anders, Ginger D. | Revise draft certiorari opposition to governor's cert petition. | 3.40 | 2,998.80 |
| 07/16/2020 | Verrilli, Donald B. | Review G. Anders edits to brief in opposition to certiorari and email to Ginger Anders regarding same. | 1.00 | 1,350.56 |
| **Total** | | | **5.50** | **$5,834.98** |

**Timekeeper Summary**

| Name | Hours | Rate | Amount |
|------|-------|------|--------|
| Anders, Ginger D. | 3.40 | 882.00 | 2,998.80 |
| Verrilli, Donald B. | 2.10 | 1,350.56 | 2,836.18 |
| **Total** | **5.50** | | **$5,834.98** |

**Munger, Tolles & Olson LLP**
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426

Jaime El Koury
General Counsel
Financial Oversight and Management Board for Puerto
Rico
PO Box 192018
San Juan, PR 00919

| | |
|---|---|
| Invoice Date: | August 13, 2020 |
| Invoice Number: | 598188 |
| Matter Number: | 28720-00003 |

---

### REMITTANCE COPY

### Fiscal Plan Enforcement

| Invoice Date | Invoice Number | Balance Due |
|---|---|---|
| Current Invoice | | |
| 08/13/2020 | 598188 | $4,959.73 |
| **Balance Due** | | $4,959.73 |

**Please Remit to:**

*Mail To:*
*Munger, Tolles & Olson LLP*
*P.O. Box 847424*
*Los Angeles, CA 90084-7424*

*Wire Instructions:*
*Wells Fargo Bank, N.A.*
*420 Montgomery Street*
*San Francisco, CA 94104*
*Account Name: Munger, Tolles & Olson LLP*
*ABA Number: 121000248*
*Swift Code: WFBIUS6S (International)*
*Account # 4199311580*
**(Please Reference Invoice Number)**

**Munger, Tolles & Olson LLP**
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426

Jaime El Koury
General Counsel
Financial Oversight and Management Board for Puerto
Rico
PO Box 192018
San Juan, PR 00919

| Invoice Date: | September 23, 2020 |
| Invoice Number: | 599079 |
| Matter Number: | 28720-00005 |

---

Client:   Financial Oversight and Management Board for Puerto Rico

Matter:   Ambac

*For professional services rendered through August 31, 2020*

| | |
|---|---:|
| Fees | 36,624.76 |
| Less 15% Fee Discount | (5,493.72) |
| **Total Due This Invoice** | **$31,131.04** |
| Previous Balance Due | 30,282.41 |
| **Total Amount Due** | **$61,413.45** |

**Please Remit to:**

*Mail To:*
*Munger, Tolles & Olson LLP*
*P.O. Box 847424*
*Los Angeles, CA 90084-7424*

*Wire Instructions:*
*Wells Fargo Bank, N.A.*
*420 Montgomery Street*
*San Francisco, CA 94104*
*Account Name: Munger, Tolles & Olson LLP*
*ABA Number: 121000248*
*Swift Code: WFBIUS6S (International)*
*Account # 4199311580*
**(Please Reference Invoice Number)**

Client: Financial Oversight and Management Board for Puerto Rico | Invoice Date: | September 23, 2020
Matter: Ambac | Invoice Number: | 599079
| Matter Number: | 28720-00005

---

**Time Detail**

| Date | Name | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 08/12/2020 | Miller-Ziegler, Rachel G. | Review motion to dismiss (1.1); conference with G. Anders regarding motion to dismiss (0.5). | 1.60 | 860.96 |
| 08/12/2020 | Verrilli, Donald B. | Review and edit draft motion to dismiss (3); conferred with Ginger Anders regarding same (.4); confer with J. El Koury regarding editorial process for motion (.2). | 3.60 | 4,862.02 |
| 08/12/2020 | Anders, Ginger D. | Discuss Bankruptcy Clause motion to dismiss with Mr. Harris (.2); discuss motion to dismiss draft with Mr. Verrilli (.2); review motion to dismiss draft from Proskauer (1.8); revise motion to dismiss (3.2); discuss motion to dismiss draft with Ms. Miller-Ziegler (.5). | 5.90 | 5,203.80 |
| 08/13/2020 | Verrilli, Donald B. | Prepare for and participate in call with J. El Koury, K. Rifkind, and Proskauer team regarding motion to dismiss strategy and edits. | 1.60 | 2,160.90 |
| 08/13/2020 | Miller-Ziegler, Rachel G. | Research regarding uniformity challenge and email G. Anders regarding same. | 4.40 | 2,367.64 |
| 08/13/2020 | Anders, Ginger D. | Revise draft motion to dismiss (10.0); teleconference with Mr. Rifkind, Mr. El Koury, Proskauer team, and Mr. Verrilli concerning motion to dismiss draft (1.0); discuss revisions to motion to dismiss draft with Mr. Verrilli (.2); discuss revisions to motion to dismiss draft with Mr. Harris (.5). | 11.70 | 10,319.40 |
| 08/14/2020 | Verrilli, Donald B. | Review and edit revised version of motion to dismiss. | 2.00 | 2,701.12 |
| 08/14/2020 | Miller-Ziegler, Rachel G. | Review email from G. Anders regarding revised draft. | 0.10 | 53.81 |
| 08/14/2020 | Anders, Ginger D. | Revise motion to dismiss draft. | 5.70 | 5,027.40 |
| 08/15/2020 | Anders, Ginger D. | Teleconference with Mr. Harris concerning revisions to motion to dismiss (.5); correspond with Mr. Verrilli concerning motion to dismiss (.2). | 0.70 | 617.40 |
| 08/16/2020 | Verrilli, Donald B. | Review second revised draft of motion to dismiss (.7) exchange emails with G.Anders regarding same (.2). | 0.90 | 1,215.51 |
| 08/16/2020 | Anders, Ginger D. | Review draft of motion to dismiss and suggest edits (1.0); teleconference with Proskauer team and Board concerning motion to dismiss strategy (.4). | 1.40 | 1,234.80 |
| **Total** | | | **39.60** | **$36,624.76** |

Client: Financial Oversight and Management Board for Puerto Rico

| | |
|---|---|
| Invoice Date: | September 23, 2020 |
| Invoice Number: | 599079 |
| Matter Number: | 28720-00005 |

Matter: Ambac

---

**Timekeeper Summary**

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Anders, Ginger D. | 25.40 | 882.00 | 22,402.80 |
| Miller-Ziegler, Rachel G. | 6.10 | 538.10 | 3,282.41 |
| Verrilli, Donald B. | 8.10 | 1,350.56 | 10,939.55 |
| **Total** | **39.60** | | **$36,624.76** |

**Munger, Tolles & Olson LLP**
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426

Jaime El Koury
General Counsel
Financial Oversight and Management Board for Puerto
Rico
PO Box 192018
San Juan, PR 00919

| | |
|---|---|
| Invoice Date: | September 23, 2020 |
| Invoice Number: | 599079 |
| Matter Number: | 28720-00005 |

---

### REMITTANCE COPY

#### Ambac

| Invoice Date | Invoice Number | Invoice Total | Payments | Balance Due |
|---|---|---|---|---|
| Outstanding Invoice(s) | | | | |
| 08/13/2020 | 598187 | 30,282.41 | 0.00 | $30,282.41 |
| **Prior Balance Due** | | | | $30,282.41 |
| Current Invoice | | | | |
| 09/23/2020 | 599079 | | | $31,131.04 |
| **Balance Due** | | | | $61,413.45 |

**Please Remit to:**

***Mail To:***
*Munger, Tolles & Olson LLP*
*P.O. Box 847424*
*Los Angeles, CA 90084-7424*

***Wire Instructions:***
*Wells Fargo Bank, N.A.*
*420 Montgomery Street*
*San Francisco, CA 94104*
*Account Name: Munger, Tolles & Olson LLP*
*ABA Number: 121000248*
*Swift Code: WFBIUS6S (International)*
*Account # 4199311580*
**(Please Reference Invoice Number)**

**Munger, Tolles & Olson LLP**
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426

Jaime El Koury
General Counsel
Financial Oversight and Management Board for Puerto
Rico
PO Box 192018
San Juan, PR 00919

| | |
|---|---|
| Invoice Date: | November 17, 2020 |
| Invoice Number: | 600536 |
| Matter Number: | 28720-00005 |

Client:   Financial Oversight and Management Board for Puerto Rico
Matter:   Ambac

*For professional services rendered through October 31, 2020*

| | |
|---|---:|
| Fees | 6,300.79 |
| Fee Discount | (945.12) |
| **Total Due This Invoice** | **$5,355.67** |
| Previous Balance Due | 22,508.67 |
| **Total Amount Due** | **$27,864.34** |

**Please Remit to:**

*Mail To:*
*Munger, Tolles & Olson LLP*
*P.O. Box 847424*
*Los Angeles, CA 90084-7424*

*Wire Instructions:*
*Wells Fargo Bank, N.A.*
*420 Montgomery Street*
*San Francisco, CA 94104*
*Account Name: Munger, Tolles & Olson LLP*
*ABA Number: 121000248*
*Swift Code: WFBIUS6S (International)*
*Account # 4199311580*
**(Please Reference Invoice Number)**

Client: Financial Oversight and Management Board for Puerto Rico

Matter: Ambac

| | |
|---|---|
| Invoice Date: | November 17, 2020 |
| Invoice Number: | 600536 |
| Matter Number: | 28720-00005 |

---

**Time Detail**

| Date | Name | Description | Hours | Amount |
|---|---|---|---|---|
| 10/30/2020 | Verrilli, Donald B. | Review opposition to motion to dismiss (1.2); review Ginger Anders' commentary on opposition (.2). | 1.40 | 1,890.79 |
| 10/31/2020 | Anders, Ginger D. | Review Ambac response to motion to dismiss and draft bullet points for reply. | 5.00 | 4,410.00 |
| **Total** | | | **6.40** | **$6,300.79** |

**Timekeeper Summary**

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Anders, Ginger D. | 5.00 | 882.00 | 4,410.00 |
| Verrilli, Donald B. | 1.40 | 1,350.56 | 1,890.79 |
| **Total** | **6.40** | | **$6,300.79** |

**Munger, Tolles & Olson LLP**
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426

Jaime El Koury                                       Invoice Date:          December 04, 2020
General Counsel                                      Invoice Number:               601172
Financial Oversight and Management Board for Puerto  Matter Number:            28720-00005
Rico
PO Box 192018
San Juan, PR 00919

---

Client:    Financial Oversight and Management Board for Puerto Rico
Matter:    Ambac

*For professional services rendered through November 30, 2020*

| | |
|---|---:|
| Fees | 25,438.32 |
| Fee Discount | (3,815.75) |
| **Total Due This Invoice** | **$21,622.57** |
| Previous Balance Due | 27,864.34 |
| **Total Amount Due** | **$49,486.91** |

Please Remit to:      *Mail To:*                  *Wire Instructions:*
                      *Munger, Tolles & Olson LLP*  *Wells Fargo Bank, N.A.*
                      *P.O. Box 847424*             *420 Montgomery Street*
                      *Los Angeles, CA 90084-7424*  *San Francisco, CA 94104*
                                                    *Account Name: Munger, Tolles & Olson LLP*
                                                    *ABA Number: 121000248*
                                                    *Swift Code: WFBIUS6S (International)*
                                                    *Account # 4199311580*
                                                    **(Please Reference Invoice Number)**

Client: Financial Oversight and Management Board for Puerto Rico

Matter: Ambac

Invoice Date:                    December 04, 2020

Invoice Number:                         601172

Matter Number:                     28720-00005

**Time Detail**

| Date | Name | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 11/17/2020 | Anders, Ginger D. | Discuss draft reply brief in support of motion to dismiss with Mr. Harris. | 0.30 | 264.60 |
| 11/17/2020 | Verrilli, Donald B. | Review and edit reply regarding motion to dismiss. | 2.00 | 2,701.12 |
| 11/18/2020 | Miller-Ziegler, Rachel G. | Conference with G. Anders regarding reply (0.7); research, edit reply (5.1). | 5.80 | 3,120.98 |
| 11/18/2020 | Anders, Ginger D. | Review reply in support of motion to dismiss (1.0); discuss revisions to motion to dismiss with Ms. Miller-Ziegler (.5). | 1.50 | 1,323.00 |
| 11/18/2020 | Verrilli, Donald B. | Continue review and editing of reply regarding motion to dismiss. | 1.00 | 1,350.56 |
| 11/20/2020 | Anders, Ginger D. | Revise reply in support of motion to dismiss. | 4.60 | 4,057.20 |
| 11/20/2020 | Verrilli, Donald B. | Edit reply regarding motion to dismiss. | 5.20 | 7,022.92 |
| 11/22/2020 | Anders, Ginger D. | Review and revise reply in support of motion to dismiss (1.0); discuss with Mr. Harris (0.2). | 1.20 | 1,058.40 |
| 11/22/2020 | Verrilli, Donald B. | Review edited version of reply regarding motion to dismiss (1.2); provide comments to client/co-counsel on proposed revisions to reply (.5); exchange multiple emails with client and co-counsel regarding edits (.4). | 2.10 | 2,836.18 |
| 11/23/2020 | Verrilli, Donald B. | Review and comment on final edits to reply. | 1.00 | 1,350.56 |
| 11/23/2020 | Anders, Ginger D. | Review near-final reply in support of motion to dismiss. | 0.40 | 352.80 |
| **Total** | | | **25.10** | **$25,438.32** |

**Timekeeper Summary**

| Name | Hours | Rate | Amount |
|------|-------|------|--------|
| Anders, Ginger D. | 8.00 | 882.00 | 7,056.00 |
| Miller-Ziegler, Rachel G. | 5.80 | 538.10 | 3,120.98 |
| Verrilli, Donald B. | 11.30 | 1,350.56 | 15,261.34 |
| **Total** | **25.10** | | **$25,438.32** |