**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>            Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

**REPLY OF THE COMMONWEALTH OF PUERTO RICO TO RESPONSE FILED BY CLAIMANT PUERTO RICO LAND ADMINISTRATION [ECF NO. 17207] TO THREE HUNDRED TWENTY-FIRST OMNIBUS OBJECTION (SUBSTANTIVE) TO NO LIABILITY CLAIMS**

To the Honorable United States District Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Commonwealth pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this reply (the "Reply") to the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

*Puerto Rico Land Administration's Response to Debtor's Three Hundred Twenty-First Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims* [ECF No. 17207] (the "Response") to the *Three Hundred Twenty-First Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims for which the Commonwealth Is Not Liable* [ECF No. 16647] (the "Three Hundred Twenty-First Omnibus Objection"). In support of this Reply, the Commonwealth respectfully represents as follows:

1. On April 30, 2021, the Commonwealth filed the Three Hundred Twenty-First Omnibus Objection seeking to disallow proofs of claim for which the Commonwealth is not liable (collectively, the "Claims to Be Disallowed"), each as listed on Exhibit A thereto. Certain of the Claims to Be Disallowed assert liabilities based on deposits with the GDB.[3] Pursuant to the PET Deed and Article 303 of the GDB Restructuring Act, claims against the GDB by non-municipal government entities for deposit liabilities with the GDB were extinguished and any alleged right to recover on those claims lies with the PET. As a result of the Qualifying Modification, upon the transfer of any non-municipal government entities' Designated Deposits to the PET, the Designated Depositors "cease[d] to have any right, interest or claim against GDB or any of its assets." GDB Restructuring Act, § 304; GDB Solicitation Statement, E-71. Another Claim to Be Disallowed asserts liabilities associated with GDB Senior Guaranteed Notes (2013), which were Participating Bonds subject to the Qualifying Modification, and were accordingly canceled pursuant to the Qualifying Modification Order.

2. Any party who disputed the Three Hundred Twenty-First Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on June 16, 2021, in accordance

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Three Hundred Twenty-First Omnibus Objection.

with the Court-approved notice attached to the Three Hundred Twenty-First Omnibus Objection as Exhibit C, which was served in English and Spanish on the individual creditors subject to the Three Hundred Twenty-First Omnibus Objection, the U.S. Trustee, and the Master Service List (as defined in the *Fourteenth Amended Case Management Order* [ECF No. 15894-1]). The Puerto Rico Land Administration sought two extensions of its time to respond to the Three Hundred Twenty-First Omnibus Objection, ECF Nos. 16814, 17130, both of which were granted, thereby extending the Puerto Rico Land Administration's time to respond through and including July 1, 2021. ECF Nos. 16816, 17133.

3. On June 25, 2018, the Puerto Rico Land Administration filed a proof of claim against the Commonwealth, which was logged by Prime Clerk, LLC as Proof of Claim No. 50438 (the "First Puerto Rico Land Administration Claim"), asserting liabilities associated with "Investments/Deposits" in the amount of $1,129,811.76. The First Puerto Rico Land Administration Claim attached as supporting documentation (*i*) a Portfolio Account Statement issued by the GDB, and (*ii*) a letter from counsel for the Puerto Rico Land Administration stating that the claim "concerns deposits made by the [Puerto Rico Land Administration] in the Economic Development Bank for Puerto Rico [] that were later transferred to the Government Development Bank for Puerto Rico . . . ." On June 27, 2018 the Puerto Rico Land Administration filed a second proof of claim, which was logged by Prime Clerk, LLC as Proof of Claim No. 73021 (the "Second Puerto Rico Land Administration Claim," and together with the First Puerto Rico Land Administration Claim, the "Claims"), asserting liabilities associated with "Deposits" in the amount of $36,386,620.57. The Second Puerto Rico Land Administration Claim attached as supporting documentation a Deposits Account Statement issued by the GDB.

3

4. The Puerto Rico Land Administration filed its Response on July 1, 2021. Therein, the Puerto Rico Land Administration does not dispute that the Second Puerto Rico Land Administration Claim asserts liabilities associated with deposits with the GDB. The Response also does not dispute that claims against the GDB by non-municipal government entities, such as the Puerto Rico Land Administration, for deposit liabilities with the GDB were extinguished and any alleged right to recover on those claims lies with the PET, not the depositors.

5. With respect to the First Puerto Rico Land Administration Claim, the Response asserts that it "has been receiving Deposits Account Statements from the Economic Development Bank for Puerto Rico reflecting that such funds have been deposited and are currently deposited with the Economic Development Bank for Puerto Rico." Response at 2. The Response also attaches a Deposits Account Statement issued by the Economic Development Bank for Puerto Rico ("EDB"), reflecting a balance of $1,216,066.45.

6. As explained above, however, documentation submitted in support of the First Puerto Rico Land Administration Claim indicates that the liabilities associated with the claim were initially deposited with the EDB, and were "later transferred to" the GDB, and therefore were included in the deposits transferred to the PET as part of the Qualifying Modification. In any event, to the extent the First Puerto Rico Land Administration Claim seeks to assert liabilities against the Commonwealth associated with deposits in the EDB, the claim should nevertheless be disallowed because the EDB is not a Title III Debtor. Rather, the EDB is a separate entity, legally distinct from the Commonwealth and each of the other Title III Debtors. Further, the Puerto Rico Land Administration does not provide a basis for asserting a claim against either the Commonwealth or any other Title III Debtor in respect of the deposit liabilities of the EDB. Accordingly, the First Puerto Rico Land Administration Claim fails to comply with the applicable

4

rules because it does not provide a basis for asserting a claim against either the Commonwealth or any other Title III Debtor for amounts owed by separate, legally distinct entities.

7. Because the Commonwealth is not liable for either the First Puerto Rico Land Administration Claim or the Second Puerto Rico Land Administration Claim, the Commonwealth respectfully requests that the Court grant the Three Hundred Twenty-First Omnibus Objection and disallow the Claims in their entirety, notwithstanding the Response.

[*Remainder of Page Intentionally Left Blank*]

Dated: July 28, 2021
    San Juan, Puerto Rico

Respectfully submitted,

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative for the Commonwealth of Puerto Rico*

*/s/ Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Co-Attorneys for the Financial Oversight and Management Board for the Puerto Rico, as representative for the Commonwealth of Puerto Rico*