# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                      Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth, ERS, and PBA.** |

**REPLY OF THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY TO RESPONSES FILED BY CLAIMANTS SKY HIGH ELEVATORS CORP. [ECF NO. 17295] AND GENESIS SECURITY SERVICES, INC. [ECF NO. 17408] TO THREE HUNDRED FORTIETH OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO DUPLICATE CLAIMS**

To the Honorable United States District Judge Laura Taylor Swain:

    The Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA," and together with the Commonwealth and ERS, the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

"Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Commonwealth, ERS, and PBA pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this reply (the "Reply") in support of the *Three Hundred Fortieth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority to Duplicate Claims* [ECF No. 17087] (the "Three Hundred Fortieth Omnibus Objection"). In support of this Reply, the Debtors respectfully represent as follows:

1. On June 18, 2021, the Debtors filed the Three Hundred Fortieth Omnibus Objection seeking to disallow proofs of claim that are duplicative of other proofs of claim filed against the Debtors (collectively, the "Duplicate Claims"), each as listed on Exhibit A thereto.

2. Any party who disputed the Three Hundred Fortieth Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on July 19, 2021, in accordance with the Court-approved notice attached to the Three Hundred Fortieth Omnibus Objection as Exhibit C, which was served in English and Spanish on the individual creditors subject to the Three Hundred Fortieth Omnibus Objection, the U.S. Trustee, and the Master Service List (as defined in the *Fourteenth Amended Case Management Order* [ECF No. 15894-1]).

3. The following responses addressing the Three Hundred Fortieth Omnibus Objection were interposed:

- *Opposition to Disallowance of Claim No. 173732 of April 9, 2020 against Debtor Puerto Rico Public Buildings Authority* [ECF No. 17295] (the "First Sky High Elevators Response") filed by claimant Sky High Elevators Corp. ("Sky High Elevators"),

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

2

- *Claimant's Supplement* Nunc Pro Tunc *to Opposition to Debtor's Three Hundred Fortieth Omnibus Objection to Claims (DE 17,087)* [ECF No. 17459] (the "Second Sky High Elevators Response," and together with the First Sky High Elevators Response, the "Sky High Elevators Responses") filed by claimant Sky High Elevators, and

- *Genesis Security Services, Inc. Response to Three Hundred Thirty-Fifth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico and the Puerto Rico Buildings Authority to Duplicate Claims*[3] [ECF No. 17408] (the "Genesis Security Services Response," and together with the Sky High Elevators Response, the "Responses") filed by claimant Genesis Security Services, Inc. ("Genesis Security Services," and together with Sky High Elevators, the "Claimants").

I. **The Sky High Elevators Responses**

4. Sky High Elevators filed a proof of claim against PBA on April 9, 2020, which was logged by Prime Clerk as Proof of Claim No. 173732 (the "First Sky High Elevators Claim"). The First Sky High Elevators Claim asserts liabilities in the amount of $1,242,443.46, purportedly arising out of contracts to provide services and equipment to PBA. The First Sky High Elevators Claim attaches as supporting documentation: (*i*) an attachment prepared by Sky High Elevators providing additional detail regarding the basis of its claim; (*ii*) a copy of page 15 from PBA's *Notice of Filing of Creditor List for Puerto Rico Public Buildings Authority* [ECF No. 33] (the "PBA Creditor List"); (*iii*) a copy of a contract between PBA and Sky High Elevators, dated June 28, 2019; and (*iv*) copies of invoices dated September 23, 2019, September 27, 2019, and September 30, 2019.

5. Sky High Elevators filed a second claim against PBA on April 17, 2020, and it was logged by Prime Clerk, LLC as Proof of Claim No. 173742 (the "Second Sky High Elevators

---

[3] Although the Genesis Security Services Response purports to address solely the *Three Hundred Thirty-Fifth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico and the Puerto Rico Public Buildings Authority to Duplicate Claims* [ECF No. 17104] (the "Three Hundred Thirty-Fifth Omnibus Objection"), it addresses claims subject to both the Three Hundred Thirty-Fifth Omnibus Objection and the Three Hundred Fortieth Omnibus Objection.

3

Claim"). The Second Sky High Elevators Claim also asserts liabilities in the amount of $1,242,443.46, also purportedly arising out of contracts to provide services and equipment to PBA. The Second Sky High Elevators Claim attaches as supporting documentation: (*i*) another copy of Sky High Elevators' completed proof of claim form; (*ii*) an attachment prepared by Sky High Elevators providing additional detail regarding the basis of its claim; (*iii*) a copy of page 15 from the PBA Creditor List; (*iv*) a copy of a contract between PBA and Sky High Elevators, dated June 28, 2019; and (*v*) copies of invoices dated September 23, 2019, September 27, 2019, and September 30, 2019. The attachment, the contract, and the invoices submitted with the Second Sky High Elevators Claim are identical to the attachment, contract, and invoices submitted with the First Sky High Elevators Claims.

6. The First Sky High Elevators Response, filed on July 10, 2021, does not dispute that the First Sky High Elevators Claim is duplicative of the Second Sky High Elevators Claim. Rather, it states that "no information is provided on the allege [*sic*] 'duplicative' and no other proof of claim is pointed to or identified." First Sky High Elevators Response at 1. The Second Sky High Elevators Response was filed on July 22, 2021—two days after the deadline to respond to the Three Hundred Fortieth Omnibus Objection—and contends "there is no basis in fact for debtor's objection or for disallowance and debtor has shown no evidence to support either its objection or the request for disallowance." Second Sky High Elevators Response at 1-2. In support of that assertion, the Second Sky High Elevators Response references correspondence between Sky High Elevators and Alvarez & Marsal North America, LLC ("A&M"). Therein, a representative of A&M requested additional supporting documentation from Sky High Elevators because the invoices attached to the Second Sky High Elevators Claim provide support for only $4,950 in liabilities. *See* Attachment 1, Supplemental Mailing Response, Ex. 4 at 5. In response,

4

Sky High Elevators stated "[t]he documents are obviously in the hands of your client PBA . . . . Accordingly, the easiest way . . . is to ask PBA for the documentation, invoices." *See id.*, Ex. 4, at 2. A&M's representative responded that A&M would "work with PBA to identify the specific invoices and/or purchase orders relevant to your client." *See id.*, Ex. 4, at 1.

7. Neither the First Sky High Elevators Response nor the Second Sky High Elevators Response dispute that the First Sky High Elevators Claim and the Second Sky High Elevators Claim assert the same liabilities, in the same amount, with the same basis, and provide the same supporting documentation. The Debtors' request for additional supporting documentation to enable them to reconcile the Second Sky High Elevators Claim likewise does not negate the fact that the First Sky High Elevators Claim and the Second Sky High Elevators Claims assert the same liabilities and provide identical supporting documentation. Accordingly, the First Sky High Elevators Claim is duplicative of the Second Sky High Elevators Claim, and should therefore be disallowed.

## II. The Genesis Security Services Response

8. Genesis Security Services filed a claim against PBA on July 28, 2020, and it was logged by Prime Clerk, LLC as Proof of Claim No. 174317 (the "First Genesis Security Services Claim"). On July 29, 2020, Genesis Security Services filed two additional claims against PBA; one was logged by Prime Clerk, LLC as Proof of Claim No. 174424 (the "Second Genesis Security Services Claim"), and the other was logged by Prime Clerk, LLC as Proof of Claim No. 174436 (the "Third Genesis Security Services Claim," and together with the First Genesis Security Services Claim and the Second Genesis Security Services Claim, the "Genesis Security Services Claims"). Each of the Genesis Security Services Claims asserts liabilities in the amount of

5

$483,760.98. Only the First Genesis Security Services Claim is subject to the Three Hundred Fortieth Omnibus Objection.[4]

9. The Genesis Security Services Response does not dispute that the First Genesis Security Services Claim and the Second Genesis Security Services Claim are duplicative of the Third Genesis Security Services Claim. Indeed, Genesis Security Services "confirm[s] that in fact, its collection of money claim in the amount of $483,760.95 was provided with three (3) different identification numbers; that is, Claim No. 174436, Claim No. 174424, and Claim No. 174317." Genesis Security Services Response at 2. Accordingly, Genesis Security Services states that it "raises no objection to the removal of" the First Genesis Security Services Claim and the Second Genesis Security Services Claim, but "reserves the right to oppose any future objections" to the Third Genesis Security Services Claim. *Id*. Because Genesis Security Services does not dispute that the First Genesis Security Services Claim is duplicative of the Third Genesis Security Services Claim, the First Genesis Security Services Claim should also be disallowed.

10. For the foregoing reasons, the Debtors respectfully request that the Court grant the Three Hundred Fortieth Omnibus Objection and disallow the First Sky High Elevators Claim and the First Genesis Security Services Claim in their entirety, notwithstanding the Responses.

[*Remainder of Page Intentionally Left Blank*]

---

[4] The Second Genesis Security Services Claim is subject to the Three Hundred Thirty-Fifth Omnibus Objection. The Debtors' response to the Genesis Security Services Response, as it relates to the Three Hundred Thirty-Fifth Omnibus Objection, is being submitted contemporaneously herewith.

Dated: July 28, 2021
    San Juan, Puerto Rico

Respectfully submitted,

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative for the Commonwealth of Puerto Rico, Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority*

*/s/ Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Co-Attorneys for the Financial Oversight and Management Board for the Puerto Rico, as representative for the Commonwealth of Puerto Rico, Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and Puerto Rico Public Buildings Authority*