UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>　　　　　　　　　　　　Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth, HTA, and ERS.** |

**REPLY OF THE COMMONWEALTH OF PUERTO RICO, THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, AND THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO RESPONSES FILED BY ROSA I. ORENGO ROHENA [ECF NO. 17290], GISELA VAZQUEZ RODRIGUEZ [ECF NO. 17281], AND CERTAIN GROUP WAGE CLAIMANTS [ECF NO. 17423] TO THREE HUNDRED FORTY-FIFTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO MISCLASSIFIED CLAIMS**

To the Honorable United States District Judge Laura Taylor Swain:

　　The Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Highways and Transportation Authority ("HTA"), and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the Commonwealth and HTA,

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Debtors pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this reply (the "Reply") in support of the *Three Hundred Forty-Fifth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Misclassified Claims* [ECF No. 17108] (the "Three Hundred Forty-Fifth Omnibus Objection"). In support of this Reply, the Debtors respectfully represent as follows:

1. On June 18, 2021, the Debtors filed the Three Hundred Forty-Fifth Omnibus Objection seeking to reclassify proofs of claim that assert an incorrect or improper classification (collectively, the "Claims to Be Reclassified"), each as listed on Exhibit A thereto. Each of the Claims to Be Reclassified incorrectly or improperly assert that they are secured and/or that they are entitled to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9) or other priority pursuant to 11 U.S.C. § 507(a). Upon a reasonable review of the Debtors' books and records, the Debtors have concluded that the Claims to Be Reclassified are not entitled to either administrative expense priority, priority, or secured status, and should appropriately be classified as general unsecured claims.

2. Any party who disputed the Three Hundred Forty-Fifth Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on July 19, 2021, in accordance with the Court-approved notice attached to the Three Hundred Forty-Fifth Omnibus Objection as Exhibit C, which was served in English and Spanish on the individual creditors subject to the Three

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

Hundred Forty-Fifth Omnibus Objection, the U.S. Trustee, and the Master Service List (as defined in the *Fourteenth Amended Case Management Order* [ECF No. 15894-1]).

3. The following responses addressing the Three Hundred Forty-Fifth Omnibus Objection were interposed:

- *Opposition to Three Hundred Forty-Fifth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Misclassified Claims* [ECF No. 17281] (the "Vázquez Rodríguez Response") filed by claimant Gisela Vázquez Rodríguez ("Vázquez Rodríguez"),

- An untitled response [ECF No. 17290] (the "Orengo Rohena Response") filed by claimant Rosa I. Orengo Rohena ("Orengo Rohena"), and

- *Opposition to Debtor's "Three Hundred Forty-Fifth Omnibus Objection, (Substantive) of the Commonwealth of Puerto Rico, Puerto Rico Highways and Transportation Authority, and Employees Retirement System of the Government of the Commonwealth filed by The Financial Oversight and Management Board for Puerto Rico, as Representative of the Commonwealth of Puerto Rico, et al.* [ECF No. 17423] (the "Group Wage Claimants Response," and together with the Vázquez Rodríguez Response and the Orengo Rohena Response, the "Responses"), filed by certain group wage litigation claimants, by and through their attorney, Ivonne Gonzalez Morales (collectively, the "Group Wage Claimants," and together with Vázquez Rodríguez and Orengo Rohena, the "Claimants").

**I. The Vázquez Rodríguez Response**

4. Vázquez Rodríguez filed a proof of claim against the Commonwealth on May 29, 2018, which was logged by Prime Clerk as Proof of Claim No. 34338 (the "Vázquez Rodríguez Claim"). The Vázquez Rodríguez Claim asserts liabilities in the amount of $4,060.00, purportedly arising out of a "confiscation of vehicle contrary to law." As supporting documentation, the Vázquez Rodríguez Claim attaches a complaint initiating a lawsuit with respect to the vehicle, and an incomplete copy of a judgment in the lawsuit. The Vázquez Rodríguez Claim further asserts that the claim is partially secured by a lien on property valued at $4,000.

3

5. The Vázquez Rodríguez Response was filed on July 8, 2021. Therein, Vázquez Rodríguez states that "the Honorable Court of First Instance from Bayamón in the case number DAC2014-0647 issue [sic] a Judgement granted the payment of the appraised value of a certain impounded vehicle or the return of the vehicle by the Commonwealth of Puerto Rico." Vázquez Rodríguez Response at 1. The Vázquez Rodríguez Response further states that "[t]hat Judgement constitute [sic] prima facie evidence to support a secured claim." *Id*.

6. Judgments against the Debtors, however, are unsecured claims. *In re Simpson*, 2007 WL 4459081, at *4 (Bankr. D. Mass. Dec. 17, 2007) (where judgment creditor "never obtained an execution . . . [the] judgment is an unsecured claim against the Debtor's bankruptcy estate"); *In re Lowenstein*, 312 B.R. 6, 12 (Bankr. D. Mass. 2004). While the existence of a judgment in favor of a creditor gives that creditor the right to secure the alleged debt via a lien, neither the proof of claim nor the supporting documentation submitted therewith demonstrate Vázquez Rodríguez has sought and obtained any judicial lien securing the judgment. In the absence of such evidence, the Vázquez Rodríguez Claim is unsecured.

**II. The Orengo Rohena Response**

7. Orengo Rohena filed a claim against the Commonwealth on December 11, 2018, and it was logged by Prime Clerk, LLC as Proof of Claim No. 167999 (the "Orengo Rohena Claim"). The Orengo Rohena Claim asserts liabilities arising from a judgment dated March 18, 2015, pursuant to which Orengo Rohena contends the Commonwealth owes liabilities in respect of allegedly unpaid salaries and legal expenses.

8. The Orengo Rohena Response was filed on July 9, 2021. Therein, Orengo Rohena does not dispute that the Orengo Rohena Claim is unsecured. Indeed, Orengo Rohena states that "[a]fter a review of the evidence, the creditor recognizes that her claim is wholly unsecured, and

4

as such amended her POC." Orengo Rohena Response at 1. The Orengo Rohena Response attaches a completed amended proof of claim form, which asserts an unsecured claim in the amount of $310,685.09. That amended proof of claim was filed against the Commonwealth on July 12, 2021, and logged as Proof of Claim No. 179445 (the "Amended Orengo Rohena Claim"). The Orengo Rohena Response further requests the Court "deem[] the objection duly addressed." Orengo Rohena Response at 1.

9. Because Orengo Rohena does not dispute that the Orengo Rohena Claim incorrectly asserts a secured claim, the Orengo Rohena Claim should be reclassified as unsecured. The Debtors reserve the right to object to the Orengo Rohena Claim and the Amended Orengo Rohena Claim on any other basis whatsoever.

### III. The Group Wage Claimants Response

10. The Group Wage Claimants Response addresses the following claims:[3]

- Proof of Claim No. 1845, filed by Conchita Cox Schuck against ERS on March 5, 2018 (the "Cox Schuck Claim");

- Proof of Claim No. 136186, filed by Miriam R. Cruz Barreto against ERS on July 9, 2018 (the "Cruz Barreto Claim");

- Proof of Claim No. 39906, filed by Evelyn Santiago Díaz against ERS on May 25, 2018 (the "Santiago Díaz Claim");

- Proof of Claim No. 27602, filed by Rosa Velez Bonilla against ERS on May 24, 2018 (the "Velez Bonilla Claim");

---

[3] The Group Wage Claimants Response incorrectly states that the Debtors' "do[] not dispute the validity of the amounts Movants have sought in their respective proofs of claim." Group Wage Claimants Response at 2. On the contrary, the Three Hundred Forty-Fifth Omnibus Objection states that "[b]ecause this Three Hundred Forty-Fifth Omnibus Objection does not constitute an objection to the validity or amount of the Claims to Be Reclassified, the Debtors reserve their right to object to the Claims to Be Reclassified on any other grounds whatsoever"—including, without limitation, as to validity or amount. Three Hundred Forty-Fifth Omnibus Objection at 7.

- Proof of Claim No. 45321, filed by Evelyn Vizcarrondo Flores against ERS on May 31, 2018 (the "Vizcarrondo Flores Claim");

- Proof of Claim No. 12337, filed by Signa Magaly Cabrera Torres against the Commonwealth on May 8, 2018 (the "Cabrera Torres Claim");

- Proof of Claim No. 36519, filed by Carmen Calderón Ilarraza against the Commonwealth on May 29, 2018 (the "Calderón Ilarraza Claim");

- Proof of Claim No. 29885, filed by Judith Camacho Perez against the Commonwealth on May 24, 2018 (the "Camacho Perez Claim");

- Proof of Claim No. 10442, filed by Carmen S. Cantres Aponte against the Commonwealth on May 3, 2018 (the "Cantres Aponte Claim");

- Proof of Claim No. 35710, filed by Arminda Caraballo Rivera against the Commonwealth on May 23, 2018 (the "Caraballo Rivera Claim");

- Proof of Claim No. 129809, filed by Neysha Colón Torres against the Commonwealth on June 29, 2018 (the "Colón Torres Claim");

- Proof of Claim No. 90365, filed by Rosa M. González Benitez against the Commonwealth on May 31, 2018 (the "González Benitez Claim");

- Proof of Claim No. 12312, filed by Ivette González de Leon against the Commonwealth on May 8, 2018 (the "González de Leon Claim");

- Proof of Claim No. 12345, filed by Nitza Medina de Reyes against the Commonwealth on May 8, 2018 (the "Medina de Reyes Claim");

- Proof of Claim No. 2252, filed by Myrna Normandia Rodríguez against the Commonwealth on March 13, 2018 (the "Normandia Rodríguez Claim");

- Proof of Claim No. 28152, filed by Raquel Rodríguez López against the Commonwealth on May 22, 2018 (the "Rodríguez López Claim");

- Proof of Claim No. 4821, filed by Ernesto Rodríguez Sanfeliz against the Commonwealth on March 19, 2018 (the "Rodríguez Sanfeliz Claim");

- Proof of Claim No. 2414, filed by María Rosado Velez against the Commonwealth on March 19, 2018 (the "Rosado Velez Claim");

- Proof of Claim No. 145627, filed by Sonia Rosario Rosario against the Commonwealth on June 29, 2018 (the "Rosario Rosario Claim"); and

- Proof of Claim No. 41069, filed by Nitza Vizcarrondo against the Commonwealth on May 29, 2018 (the "Vizcarrondo Claim," and together with the Cox Schuck

6

Claim, the Cruz Barreto Claim, the Santiago Díaz Claim, the Velez Bonilla Claim, the Vizcarrondo Flores Claim, the Cabrera Torres Claim, the Calderon Ilarraza Claim, the Camacho Perez Claim, the Cantres Aponte Claim, the Caraballo Rivera Claim, the Colón Torres Claim, the González Benitez Claim, the González de Leon Claim, the Medina de Reyes Claim, the Normandia Rodríguez Claim, the Rodríguez López Claim, the Rodríguez Sanfeliz Claim, the Rosado Velez Claim, and the Rosario Rosario Claim, the "Group Wage Claims").[4]

11. Each of the Group Wage Claims incorrectly asserts they are either secured or entitled to priority status pursuant to 11 U.S.C. § 503(b)(9), as set forth in Exhibit A to the Three Hundred Forty-Fifth Omnibus Objection.

12. As set forth in the Group Wage Claimants Response, each of the Group Wage Claims were filed by individual plaintiffs in the following three litigations: *Jeannette Abrams Díaz, et al. v. Department of Transportation & Public Works*, Case No. KAC-2005-5021 (the "Abrams Díaz Litigation"); *Francisco Beltrán Cintrón, et al. v. Puerto Rico Department of Family Affairs*, Case No. KAC-2009-0809 (the "Beltrán Cintrón Litigation"); and *Nilda Agosto Maldonado, et al. v. Commonwealth of Puerto Rico*, Case No. KPE 2005-0608 (the "Agosto Maldonado Litigation, and together with the Abrams Díaz Litigation and the Beltrán Cintrón Litigation, the "Group Wage Litigations"). The Abrams Díaz Litigation and the Agosto Maldonado Litigation were filed in 2005, and the Beltrán Cintrón Litigation was filed in 2009. The Group Wage Litigations each allege the Commonwealth improperly implemented the federal minimum wage, and as a result, the Commonwealth allegedly owes plaintiffs unpaid adjustments to their wages and pension benefits.

---

[4] The Group Wage Claimants' Response also purports to address Proof of Claim No. 703, filed by Irvin Rodríguez Montalvo against the Commonwealth on March 2, 2018 (the "Rodríguez Montalvo Claim"). The Rodríguez Montalvo Claim, however, is not subject to the Three Hundred Forty-Fifth Omnibus Objection.

*13.* Although the Group Wage Claimants Response purports to object to the reclassification of the Group Wage Claims, the Group Wage Claimants Response also acknowledges that the Group Wage Claims "are not requesting priority under § 503(b)(9), since [they] have not sold goods within the required statutory time frame of twenty days prior to commencement of the Debtors' Title III Cases." Group Wage Claimants Response at 4. Accordingly, the Group Wage Claimants agree that certain of the Group Wage Claims' "priority status are identified incorrectly in the register under § 503(b)(9)."[5] *Id*.

14. The Group Wage Claims Response objects to the reclassification of the Group Wage Claims as unsecured, however, because that "argument is in direct conflict with the literal language of 11 U.S.C. § 503(b)(1)(A) and § 507 of the Bankruptcy Code." Group Wage Claims Response at 4-5. Section 503(b)(1)(A) of the Bankruptcy Code provides administrative expense status to allowed claims for "wages and benefits awarded pursuant to a judicial proceeding . . . as back pay attributable to any period of time occurring *after commencement of the case* . . . ." 11 U.S.C. § 503(b)(1)(A)(ii) (emphasis added). As set forth above, the Litigations seek wages and benefits that allegedly accrued almost a decade and, in one litigation, more than twelve years prior to the commencement of the Debtors' Title III cases: the Beltrán Cintrón Litigation seeks back wages and pension benefits allegedly owed for the period of time prior to 2009, while the Jeannette Abrams Litigation and the Agosto Maldonado Litigation seek back wages and pension benefits allegedly owed for the period of time prior to 2005. With respect to section 507 of the Bankruptcy

---

[5] The Group Wage Claimants Response also "objects [to] the argument presented in paragraph 15 of the referenced Omnibus objection, since claimants are not seeking priority payment under § 507(a)(8)(E), which is designed to obtain recovery of excise Taxes. Neither are [the Group Wage Claimants] claiming damages on confiscated vehicles." Group Wage Claimants Response at 4. The Three Hundred Forty-Fifth Omnibus Objection did not object to any of the Group Wage Claims on the basis that they improperly asserted priority pursuant to § 507(a)(8)(E), and accordingly, this argument is irrelevant.

8

Code, the Group Wage Claims Response does not specify the bases on which that section allegedly provides the Group Wage Claims with priority status; in any event, no provision of section 507 provides priority status to allegedly unpaid wages and pension benefits accrued many years prior to the commencement of a case.

15. The Group Wage Claims Response further alleges "any determination changing [the Group Wage Claims] to an unsecure[d] status would constitute an 'unfair discrimination' in the plan confirmation process, for purposes of a cram down under Bankruptcy code section 1129(b)(1)" because the Commonwealth "adopted a firm policy under [PROMESA] to continue paying employees' wages and benefits, under regular conduct of business." Group Wage Claims Response at 5-6. To the extent the Group Wage Claims Response alleges that the Group Wage Claims have been improperly classified or are unfairly discriminated against, such arguments are properly raised in connection with forthcoming hearings to confirm the Debtors' proposed plan of adjustment.

16. Accordingly, because the Group Wage Claimants do not dispute that the Group Wage Claims are not entitled to secured status or priority status pursuant to 11 U.S.C. § 503(b)(9), and because the Group Wage Claims are plainly not entitled to priority status pursuant to 11 U.S.C. § 503(b)(1)(A)(ii), the Group Wage Claims should be reclassified as unsecured.

17. For the foregoing reasons, the Debtors respectfully request that the Court grant the Three Hundred Forty-Fifth Omnibus Objection and reclassify the Vázquez Rodríguez Claim, the Orengo Rohena Claim, and the Group Wage Claims, notwithstanding the Responses.

9

Dated: July 28, 2021
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative for the Commonwealth of Puerto Rico, Puerto Rico Highways and Transportation Authority, and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico*

*/s/ Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Co-Attorneys for the Financial Oversight and Management Board for the Puerto Rico, as representative for the Commonwealth of Puerto Rico, Puerto Rico Highways and Transportation Authority, and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and Puerto Rico Public Buildings Authority*