**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                          Debtors. [1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth, ERS and HTA.** |

**REPLY OF THE COMMONWEALTH OF PUERTO RICO, THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, AND THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO RESPONSE FILED BY CERTAIN WAGE CLAIMANTS [ECF NO. 17425] TO THREE HUNDRED FORTY-SEVENTH OMNIBUS OBJECTION (SUBSTANTIVE) TO MISCLASSIFIED AND OVERSTATED CLAIMS, THREE HUNDRED FORTY-NINTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO DUPLICATE LITIGATION CLAIMS, AND THREE HUNDRED FIFTY-FIRST OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO PARTIAL DUPLICATE LITIGATION CLAIMS**

To the Honorable United States District Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Highways

and Transportation Authority ("HTA"), and the Employees Retirement System of the Government

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

of the Commonwealth of Puerto Rico ("ERS," and together with the Commonwealth and HTA, the ("Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Debtors pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] file this reply (the "Reply") to the *Opposition to the "Three Hundred Forty-Seven Omnibus Objection"; the "Three Hundred Forty-Ninth Omnibus Objection" and "Three Hundred Fifty-First Omnibus Objection" (Dockets 17092, 17109, and 17112), (Non-Substantive) of the Commonwealth of Puerto Rico, Puerto Rico Highways and Transportation Authority, and Employees Retirement System of the Government of the Commonwealth filed by The Financial Oversight and Management Board for Puerto Rico, as Representative of the Commonwealth of Puerto Rico, et al.* [ECF No. 17425] (the "Response"), and in support of the *Three Hundred Forty-Seventh Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, Puerto Rico Highways and Transportation Authority, and Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Misclassified and Overstated Claims* [ECF No. 17109] (the "Three Hundred Forty-Seventh Omnibus Objection"), the *Three Hundred Forty-Ninth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Duplicate Litigation Claims* [ECF No. 17092] (the "Three Hundred Forty-Ninth Omnibus Objection"), and the *Three Hundred Fifty-First Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico, Puerto Rico Highways and Transportation Authority, and Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Partial Duplicate Litigation Claims* [ECF No. 17112] (the "Three Hundred Fifty-First Omnibus Objection," and together with the Three

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

Hundred Forty-Seventh Omnibus Objection and the Three Hundred Forty-Ninth Omnibus Objection, the "Omnibus Objections"). In support of this Reply, the Debtors respectfully represent as follows:

1.      On June 18, 2021, the Debtors filed the Omnibus Objections. The Three Hundred Forty-Seventh Omnibus Objection seeks to reclassify and reduce certain claims that assert an incorrect or improper classification and that, as a result of the manner in which Prime Clerk, LLC records and logs proofs of claim, are overstated on the claims registry in the Title III cases, each as listed on Exhibit A thereto. The Three Hundred Forty-Ninth Omnibus Objection and the Three Hundred Fifty-First Omnibus Objection seek to disallow, in whole or in part, proofs of claim filed by individual plaintiffs in certain litigations because those individual proofs of claim are duplicative, in whole or in part, of liabilities asserted in master claims filed on behalf of all plaintiffs in such litigations, each as listed on Exhibit A to the Three Hundred Forty-Ninth Omnibus Objection and the Three Hundred Fifty-First Omnibus Objection.

2.      Any party who disputed the Omnibus Objections was required to file a response by 4:00 p.m. (Atlantic Standard Time) on July 19, 2021, in accordance with the Court-approved notice attached to the Omnibus Objections as Exhibit C, which was served in English and Spanish on the individual creditors subject to the Omnibus Objections, the U.S. Trustee, and the Master Service List (as defined in the *Fourteenth Amended Case Management Order* [ECF No. 15894-1]).

3.      The Response was filed on July 19, 2021, and purports to address claims subject to each of the Omnibus Objections, as set forth below:

I.      Claims subject to the Three Hundred Forty-Seventh Omnibus Objection:

- o   Proof of Claim No. 109157, filed by Olga Iris Algarin Ortiz against the Commonwealth on June 29, 2018 (the "Algarin Ortiz Claim");

- o   Proof of Claim No. 66935, filed by Maria Cay Morales against the Commonwealth on June 20, 2018 (the "Cay Morales Claim");

3

o Proof of Claim No. 29547, filed by Ramón Hernández Rivera against the Commonwealth on May 24, 2018 (the "Hernández Rivera Claim");

o Proof of Claim No. 105171, filed by Ivan Ríos Jimenez against the Commonwealth on June 14, 2018 (the "Ríos Jimenez Claim"); and

o Proof of Claim No. 42138, filed by Miguel A. Velázquez Lebron against the Commonwealth on May 29, 2018 (the "Velázquez Lebron Claim," and together with the Algarin Ortiz Claim, the Cay Morales Claim, the Hernández Rivera Claim, and the Ríos Jimenez Claim, the "Claims to Be Reclassified and Reduced").

II.  Claims subject to the Three Hundred Forty-Ninth Omnibus Objection:

o Proof of Claim No. 30608, filed by Sonia I. Acevedo Rosario against the Commonwealth on May 29, 2018 (the "Acevedo Rosario Claim"); and

o Proof of Claim No. 96586, filed by María González Reyes against the Commonwealth on June 29, 2018 (the "González Reyes Claim," and together with the Acevedo Rosario Claim, the "Claims to Be Disallowed").

III.  Claims subject to the Three Hundred Fifty-First Omnibus Objection:

o Proof of Claim No. 17965, filed by Aida Acevedo Rivera against the Commonwealth on May 22, 2018 (the "Acevedo Rivera Claim");

o Proof of Claim No. 9440, filed by Zaida P. Adorno Navedo against the Commonwealth on May 4, 2018 (the "Adorno Navedo Claim");

o Proof of Claim No. 9647, filed by Efrain Alma Alma against the Commonwealth on May 3, 2018 (the "Alma Alma Claim");

o Proof of Claim No. 15550, filed by Carmen L. Bello Cancel against the Commonwealth on May 22, 2018 (the "Bello Cancel Claim");

o Proof of Claim No. 9210, filed by David Carrero López against the Commonwealth on April 27, 2018 (the "Carrero López Claim");

o Proof of Claim No. 17033, filed by Iris Castillo Pizzini against the Commonwealth on May 23, 2018 (the "Castillo Pizzini Claim");

o Proof of Claim No. 9322, filed by Eduardo Claudio Rosado against the Commonwealth on April 27, 2018 (the "Claudio Rosado Claim");

o Proof of Claim No. 9127, filed by Carmen L. Cruz González against the Commonwealth on April 27, 2018 (the "Cruz González Claim");

4

o  Proof of Claim No. 10825, filed by Mary Bell Cruz Serrano against the Commonwealth on May 7, 2018 (the "Cruz Serrano Claim");

o  Proof of Claim No. 23567, filed by Rosa de los Mujica Mujica against the Commonwealth on May 25, 2018 (the "Mujica Mujica Claim");

o  Proof of Claim No. 22296, filed by Miguel A. Díaz García against the Commonwealth on May 25, 2018 (the "Díaz García Claim");

o  Proof of Claim No. 9346, filed by Nilsa Fernandez Otero against the Commonwealth on May 2, 2018 (the "Fernandez Otero Claim");

o  Proof of Claim No. 23816, filed by María M. González Pizarro against the Commonwealth on May 25, 2018 (the "González Pizarro Claim");

o  Proof of Claim No. 75583, filed by Ramón A. González Ríos against the Commonwealth on June 28, 2018 (the "González Ríos Claim");

o  Proof of Claim No. 10368, filed by Elba N. Hernández Ortiz against the Commonwealth on May 7, 2018 (the "Hernández Ortiz Claim");

o  Proof of Claim No. 9423, also filed by Nancy Navedo Otero against the Commonwealth on May 4, 2019 (the "First Navedo Otero Claim");

o  Proof of Claim No. 40644, filed by Nancy Navedo Otero against the Commonwealth on May 30, 2018 (the "Second Navedo Otero Claim");

o  Proof of Claim No. 9645, filed by Juanita Nuñez Corcova against the Commonwealth on May 2, 2018 (the "Nuñez Corcova Claim");

o  Proof of Claim No. 9454, filed by Carmen Ocasio Cuevas against the Commonwealth on April 27, 2018 (the "Carmen Ocasio Cuevas Claim");

o  Proof of Claim No. 10427, filed by Yolanda Ocasio Cuevas against the Commonwealth on May 4, 2018 (the "Yolanda Ocasio Cuevas Claim");

o  Proof of Claim No. 9625, filed by Josefina Concepción Quinones against the Commonwealth on May 2, 2018 (the "Concepción Quinones Claim");

o  Proof of Claim No. 9056, filed by Alexander Ramírez Benitez against the Commonwealth on April 26, 2018 (the "Ramírez Benitez Claim");

o  Proof of Claim No. 11097, filed by Florinda Rivera Rivera against the Commonwealth on May 8, 2018 (the "Florinda Rivera Rivera Claim");

o  Proof of Claim No. 10898, filed by Yolanda Rivera Rivera against the Commonwealth on May 8, 2018 (the "Yolanda Rivera Rivera Claim");

o   Proof of Claim No. 17619, filed by Maria del Carmen Rivera Santos against the Commonwealth on May 21, 2018 (the "Rivera Santos Claim");

o   Proof of Claim No. 11951, filed by Iris N. Rosario Bestard against the Commonwealth on May 9, 2018 (the "Rosario Bestard Claim");

o   Proof of Claim No. 12662, filed by Veronica Sánchez Munos against the Commonwealth on May 9, 2018 (the "Sánchez Munos Claim");

o   Proof of Claim No. 9451, filed by Yadira Vaello Bermudez against the Commonwealth on May 2, 2018 (the "Vaello Bermudez Claim"); and

o   Proof of Claim No. 9617, filed by Jose H. Vega Zayas against the Commonwealth on May 2, 2018 (the "Vega Zayas Claim," and together with the Acevedo Rivera Claim, the Adorno Navedo Claim, the Alma Alma Claim, the Bello Cancel Claim, the Carrero Lopez Claim, the Castillo Pizzini Claim, the Claudio Rosado Claim, the Cruz González Claim, the Cruz Serrano Claim, the Mujica Mujica Claim, the Díaz García Claim, the Fernandez Otero Claim, the González Pizarro Claim, the González Ríos Claim, the Hernández Ortiz Claim, the First Navedo Otero Claim, the Second Navedo Otero Claim, the Nuñez Corcova Claim, the Carmen Ocasio Cuevas Claim, the Yolanda Ocasio Cuevas Claim, the Concepción Quinones Claim, the Ramírez Benitez Claim, the Florinda Rivera Rivera Claim, the Yolanda Rivera Rivera Claim, the Rivera Santos Claim, the Rosario Bestard Claim, the Sánchez Munos Claim, and the Vaello Bermudez Claim, the "Claims to Be Partially Disallowed").

**I.    Response to the Three Hundred Forty-Seventh Omnibus Objection**

4.      With respect to the Three Hundred Forty-Seventh Omnibus Objection, the Response does not dispute that the Claims to Be Reclassified and Reduced are not entitled to secured status or administrative priority pursuant to 11 U.S.C. § 503(b)(9), and are overstated because they are currently logged on the Title III claims registry in an amount that exceeds the total amount listed in Box 8 of the proof of claim.  Rather, the Response asserts that the Claims to Be Reclassified and Reduced are "wrongly identified as duplicate, since the creditor belongs to the case of Nilda Agosto Maldonado."  Response at 3.  Further, the Response states that the Claims to Be Reclassified and Reduced are "wrongly register[ed] under section 503(b)(9), when the correct designation of reference for wage claims, based in final judgment on the cases of Abrams Díaz

6

and Juan Perez Colón . . . corresponds to section 503(b)(1)(A)(ii) . . . since recognizes [*sic*] priority status in regards wages awards, pursuant to judicial proceedings." Response at 5.

5. The Three Hundred Forty-Seventh Omnibus Objection does not seek to disallow the Claims to Be Reclassified and Reduced as duplicative of other claims. The Response's contention the Claims to Be Reclassified and Reduced are "wrongly identified as duplicative" is therefore not accurate, and in any event, not relevant to resolution of the Three Hundred Forty-Seventh Omnibus Objection.

6. The Response's contention that claims asserting liabilities associated with the litigations captioned *Jeanette Abrams Díaz, et al. v. Department of Transportation & Public Works*, Case No. KAC 2005-5021 (the "Abrams Díaz Litigation") and *Juan Pérez Colón, et al. v. Puerto Rico Department of Transportation & Public Works*, Case No. KAC 1990-0487 (the "Pérez Colón Litigation") are entitled to priority pursuant to 11 U.S.C. § 503(b)(1)(A) is also inaccurate. Section 503(b)(1)(A) of the Bankruptcy Code provides administrative expense status to allowed claims for "wages and benefits awarded pursuant to a judicial proceeding . . . as back pay attributable to any period of time occurring ***after commencement of the case*** . . . ." 11 U.S.C. § 503(b)(1)(A)(ii) (emphasis added). The Abrams Díaz Litigation seeks wages and benefits that allegedly accrued prior to 2005, and the Pérez Colón Litigation seeks wages and benefits that allegedly accrued prior to 1990—in each instance, over a decade prior to the commencement of the Debtors' Title III cases. The liabilities associated with the Abrams Díaz Litigation and the Pérez Colón Litigation are thus plainly not entitled to priority pursuant to 11 U.S.C. § 503(b)(1)(A)(ii).

7. Accordingly, because the Response does not dispute that the Claims to Be Reclassified and Reduced are overstated and not entitled to secured status or priority pursuant to

7

11 U.S.C. § 503(b)(9), the Claims to Be Reclassified and Reduced should be reclassified and modified, as set forth in Exhibit A to the Three Hundred Forty-Seventh Omnibus Objection.

> ## II. Response to the Three Hundred Forty-Ninth Omnibus Objection and the Three Hundred Fifty-First Omnibus Objection

8.    As explained above, the Three Hundred Forty-Ninth Omnibus Objection and the Three Hundred Fifty-First Omnibus Objection seek to disallow, in whole or in part, claims filed by individual plaintiffs in certain litigations that are duplicative of master proofs of claim filed on behalf of all plaintiffs in such litigations.  The Response states that Claimants "do[] not oppose that any duplicate claim be partially disallow and remain the claim in the respective Master claims." Response at 3.

9.    Nevertheless, the Response asserts the Acevedo Rosario Claim is "erroneously identified as duplicative of" a master claim filed on behalf of all plaintiffs in the litigation captioned *Madeline Acevedo Camacho et al. v. Puerto Rico Department of Family Affairs*, No. 2016-05-1340 (the "Acevedo Camacho Litigation").  Response at 3.  Instead, the Response asserts that the Acevedo Rosario Claim is "accumulated in the final judgment of the case of Nilda Agosto Maldonado et als." Response at 3.  However, the *Verified Statement Pursuant to FRBP 2019 of the Acevedo-Camacho Plaintiff Group* ("Acevedo Camacho Verified Statement"), which purports to identify each plaintiff in the Acevedo Camacho Litigation, and which was filed by the same attorney who filed the Response, identifies Ms. Sonia Acevedo Rosario as a plaintiff in the Acevedo Camacho Litigation.  Acevedo Camacho Verified Statement, Ex. A at 1.

10.    The Response also asserts the Adorno Navedo Claim, the Alma Alma Claim, the Carrero López Claim, the Claudio Rosado Claim, the Concecpión Quinones Claim, the Cruz González Claim, the Cruz Serrano Claim, the Fernández Otero Claim, the González Ríos Claim, the Hernández Ortiz Claim, the First Navedo Otero Claim, the Second Navedo Otero Claim, the

8

Núñez Corcova Claim, the Carmen Ocasio Cuevas Claim, the Yolanda Ocasio Cuevas Claim, the

Ramírez Benitez Claim, the Florinda Rivera Rivera Claim, the Yolanda Rivera Rivera Claim, the

Rivera Santos Claim, the Rosado Bestard Claim, the Sánchez Munos Claim, the Vaello Bermudez

Claim, the Vega Zayas Claim, and the Acevedo Rivera Claim (collectively, the "Beltrán Cintrón

Claims") were "wrongly . . . identified as duplicate of" the master claim filed on behalf of all

plaintiffs in the litigation captioned *Francisco Beltrán Cintrón, et al. v. Puerto Rico Department

of Family Affairs*, Case No. KAC 2009-0809 (the "Beltrán Cintrón Litigation"). Rather, the

Response asserts that the Adorno Navedo Claim, the Alma Alma Claim, the Carrero López Claim,

the Claudio Rosado Claim, the Concecpión Quinones Claim, the Cruz González Claim, the Cruz

Serrano Claim, the Fernández Otero Claim, the González Ríos Claim, the Hernández Ortiz Claim,

the First Navedo Otero Claim, the Second Navedo Otero Claim, the Núñez Corcova Claim, the

Carmen Ocasio Cuevas Claim, the Yolanda Ocasio Cuevas Claim, the Ramírez Benitez Claim, the

Florinda Rivera Rivera Claim, the Yolanda Rivera Rivera Claim, the Rivera Santos Claim, the

Rosado Bestard Claim, the Sánchez Munos Claim, the Vaello Bermudez Claim, and the Vega

Zayas Claim "belong to the case of Nilda Agosto Maldonado et als., case No. KPE2005-0608,"

and that the Acevedo Rivera Claim "belongs to the case of Carmen Socorro Cruz et als. v.

Department Family Affairs et als. Case No. KAC 1991-0665." Response at 4.

11.     The master proof of claim submitted on behalf of all plaintiffs in the Beltrán Cintrón

Litigation, which was logged by Prime Clerk as Proof of Claim No. 32789 (the "Beltrán Cintrón

Master Claim"), attaches as Exhibit 3 a list of each of the plaintiffs who are parties to the Beltrán

Cintrón Litigation. Each of the holders of the Beltrán Cintrón Claims appears on the plaintiff list

on Exhibit 3 of the Beltrán Cintrón Master Claim.

9

12.     Lastly, the Response asserts the Bello Cancel Claim, the Castillo Pizzini Claim, the Díaz García Claim, the González Pizarro Claim, the González Reyes Claim, the Mujica Mujica Claim and the Rosado Cruz Claim (collectively, the "Acevedo Camacho Claims") are "also wrongly identified as duplicate" of the Acevedo Camacho Litigation.   Instead, the Response asserts each of the Acevedo Camacho Claims "belongs to the case of Carmen Socorro Cruz et als. v. Department Family Affairs et als. Case No. KAC 1991-0665."   Response at 4.   Again, however, the Acevedo Camacho Verified Statement identifies each of the holders of the Acevedo Camacho Claims as plaintiffs in the Acevedo Camacho Litigation.

13.     For the foregoing reasons, the Debtors respectfully request that the Court grant the Omnibus Objections, reclassify and modify the Claims to Be Reclassified and Reduced, disallow the Claims to Be Disallowed, and partially disallow the Claims to Be Partially Disallowed, notwithstanding the Response.

*[Remainder of Page Intentionally Left Blank]*

Dated: July 28, 2021
    San Juan, Puerto Rico

Respectfully submitted,

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Attorneys for the Financial Oversight and
Management Board for Puerto Rico, as
representative for the Commonwealth of
Puerto Rico, Puerto Rico Highways and
Transportation Authority, and Employees
Retirement System of the Government of the
Commonwealth of Puerto Rico*

*/s/ Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Co-Attorneys for the Financial Oversight
and Management Board for the Puerto Rico,
as representative for the Commonwealth of
Puerto Rico, Puerto Rico Highways and
Transportation Authority, and Employees
Retirement System of the Government of the
Commonwealth of Puerto Rico*

11