# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                              Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth, HTA, ERS, and PBA.** |

**REPLY OF THE COMMONWEALTH OF PUERTO RICO, THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY TO AMENDED RESPONSE FILED BY CLAIMANTS PETER C. HEIN AND ANNE FARLEY [ECF NO. 17332] TO THREE HUNDRED FIFTY-SECOND OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO DUPLICATE CLAIMS**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................. 1
FACTUAL BACKGROUND ...................................................................................................... 3
ARGUMENT ................................................................................................................................ 4
    I.    The First Circuit's COFINA Decision Resolves Claimants' Response ................. 4
    II.    Claimants' Additional Procedural Argument Against Disallowance Also Fails ..................................................................................................................... 8

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*In re Financial Oversight and Management Board for Puerto Rico*,
   987 F.3d 173 (1st Cir. 2021) .................................................................................... 1, 4, 6

**OTHER AUTHORITIES**

Fed. R. Bankr. P. 7001 ................................................................................................................ 9

To the Honorable United States District Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA," and together with the Commonwealth, HTA, and ERS, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Debtors pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] file this reply (the "Reply") to the *Response to Three Hundred Fifty-Second Omnibus Objection to the Claims of Peter C. Hein and Anne Farley – Corrected* [ECF No. 17332] (the "Response"), filed on behalf of Peter C. Hein and Anne Farley (collectively, the "Claimants"), and in support of the *Three Hundred Fifty-Second Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority to Duplicate and No Liability Bond Claims* [ECF No. 17093] (the "Three Hundred Fifty-Second Omnibus Objection"). In support of this Reply, the Debtors respectfully represent as follows:

**PRELIMINARY STATEMENT**

1. The issues raised in the Response have already been squarely addressed by the First Circuit's recent decision in *In re Financial Oversight and Management Board for Puerto Rico*, 987 F.3d 173, 187-88 (1st Cir. 2021) (the "COFINA Decision"). The Response contends that Claimants' Claims (as defined below)—which assert entitlement to payment in full of all

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

1

outstanding principal and interest on PBA Bonds—are not duplicative of the PBA Master Claim[3], even though the PBA Master Claim also asserts, on behalf of PBA's fiscal agent, U.S. Bank (as defined below) and all holders of PBA Bonds, a right to payment in full of all outstanding principal and interest on PBA Bonds. The First Circuit was confronted with precisely these same arguments by Mr. Hein in the COFINA Decision. There, Mr. Hein alleged that his proof of claim asserting subordinate bonds issued by COFINA should not be disallowed as duplicative of a master proof of claim filed on behalf of holders of COFINA bonds. The First Circuit rejected that argument because both Mr. Hein's COFINA claim and the COFINA master claim plainly asserted the same rights to payment. The facts here are no different, and the result should therefore be the same.

2. In an effort to avoid the COFINA Decision's preclusive effect, Claimants identify a series of minor, irrelevant differences between the facts underlying the COFINA Decision and the factual circumstances present here. Specifically, Claimants contend the COFINA Decision is distinguishable because (*i*) it was decided after confirmation of a plan of adjustment for COFINA; (*ii*) the master proof of claim at issue in COFINA was filed by a bond trustee, whereas the master proof of claim at issue here was filed by a fiscal agent for PBA's bonds; (*iii*) the master proof of claim at issue here was filed after Claimants filed their own Claims; and (*iv*) Claimants' Claims here assert priority and/or secured status, and therefore must be resolved through an adversary proceeding, rather than a claim objection. As set forth below, none of those distinctions makes any difference. The Three Hundred Fifty-Second Omnibus Objection should be sustained, and the Claims should be disallowed.

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Three Hundred Fifty-Second Omnibus Objection.

**FACTUAL BACKGROUND**

3. On July 13, 2020, Mr. Hein filed a proof of claim against PBA, which was logged by Prime Clerk, LLC as Proof of Claim No. 174229 (the "Hein Claim"). The Hein Claim asserts $244,000.00 in liabilities arising from bonds issued by PBA. Also on July 13, 2020, Ms. Farley filed two proofs of claim against PBA, which were logged by Prime Clerk, LLC as Proofs of Claim Nos. 174231 and 174264 (the "Farley Claims," and together with the Hein Claim, the "Claims"). The Farley Claims are identical to each other. Each of the Farley Claims asserts $123,500.00 in liabilities arising from bonds issued by PBA.

4. On July 29, 2020, U.S. Bank and U.S. Bank Trust (collectively, "U.S. Bank"), in their capacities as fiscal agents for certain revenue bonds issued by PBA, filed a master proof of claim in the PBA Title III Case asserting liquidated claims for approximately $4 billion in allegedly unpaid principal, $160 million in allegedly unpaid interest, and reimbursement for fees and expenses of the fiscal agents, in addition to unliquidated and contingent claims for any and all amounts owed "on account of any and all claims the Fiscal Agent has or may have relating to the outstanding Bond obligations, whether known or unknown against PBA and all those purporting to act on the PBA's behalf . . . ." Rider to PBA Master Claim, ¶ 24(d).

5. On July 18, 2021, the Debtors filed the Three Hundred Fifty-Second Omnibus Objection seeking to disallow certain proofs of claim (collectively, the "Claims to Be Disallowed") because, *inter alia*, they assert liabilities that are duplicative of one or more master proofs of claim filed against the Debtors on behalf of the holders of certain bonds.

6. Any party who disputed the Three Hundred Fifty-Second Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on June 16, 2021, in accordance with the Court-approved notice attached to the Three Hundred Fifty-Second Omnibus Objection

3

as Exhibit C, which was served in English and Spanish on the individual creditors subject to the Three Hundred Fifty-Second Omnibus Objection, the U.S. Trustee, and the Master Service List (as defined in the *Fourteenth Amended Case Management Order* [ECF No. 15894-1]).

7. On July 14, 2021, Claimants filed the Response.

## ARGUMENT

### I. The First Circuit's COFINA Decision Resolves Claimants' Response

8. Although Claimants raise numerous arguments against the disallowance of their Claims, they do not—and cannot—dispute that the Claims and the PBA Master Claim assert the same "claims"—defined under the Bankruptcy Code as "rights to payment"—against PBA. Under nearly identical circumstances, the First Circuit's COFINA Decision upheld this Court's order disallowing Mr. Hein's duplicative proof of claim filed against COFINA. There, Mr. Hein asserted a claim against COFINA in respect of certain subordinate bonds issued by COFINA and owned by Mr. Hein. This Court disallowed Mr. Hein's proof of claim as duplicative of a master proof of claim filed by Bank of New York Mellon ("BNYM"), in its capacity as trustee for holders of certain bonds issued by COFINA, because both Mr. Hein's proof of claim and the master proof of claim asserted a right to payment in full of all principal and interest owed under the bonds. The First Circuit upheld that determination, holding that Mr. Hein's "right to be paid full principal and interest on the COFINA bonds . . . is what [Mr. Hein] seeks on this appeal. And[,] that is exactly the payment sought on his behalf by the trustee: full payment of principal and interest under the bonds." COFINA Decision at 187.

9. As in COFINA, both the Claims and the PBA Master Claim assert the same right to full payment of principal and interest on PBA Bonds. As set forth above, the PBA Master Claim asserts, on behalf of holders of certain bonds issued by PBA, rights to payment of principal and interest on bonds issued by PBA. The Claims likewise assert Claimants' right to payment of

4

principal and interest on bonds issued by PBA and owned by Claimants, and accordingly, the Claims are duplicative of the rights to payments asserted in the PBA Master Claim.

10. Nevertheless, Claimants advance several reasons why the First Circuit's COFINA Decision is not controlling here, none of which compel a different result. *First*, Claimants contend the COFINA Decision is distinguishable because it was "adjudicated post-confirmation," and therefore, "[COFINA] could argue that the confirmation order overrode the secured property interest asserted in the COFINA claim." Response at 17. That argument is baseless. COFINA made no such argument in response to Mr. Hein's claim, and unsurprisingly, the First Circuit's COFINA Decision does not depend upon—or even reference—an argument that the confirmation order "overrode the secured property interest asserted in the COFINA claim." Rather, the COFINA Decision is clear that Mr. Hein's claim was disallowed because it asserted the exact same right to payment asserted by the master proof of claim filed by BNYM.

11. *Second*, Claimants contend that the COFINA Decision does not conclusively resolve whether the Claims are duplicative of the PBA Master Claim because in COFINA, the master claim at issue was asserted by BNYM in its capacity as *trustee* for holders of COFINA bonds, whereas here, the PBA Master Claim was asserted by U.S. Bank in its capacity as *fiscal agent*. Claimants argue this difference is significant because U.S. Bank acts as "PBA's own agent," and, therefore, "is not even purporting to represent or act in the interests of individual PBA bondholders." Response at 7. Further, Claimants contend that their Claims are broader than the PBA Master Claim because their Claims, *inter alia*, "expressly asserted" a claim against "any and all entities, agencies or departments with responsibility for, or liability on, the claim or who have assets or monies that should be used to pay the claim or to whom any such assets or monies have been transferred," and assert "express . . . Constitutional claims includ[ing], without limitation,

5

claims under the Takings, Due Process, Ex Post Facto, Contracts, Bankruptcy, Equal Protection and Privileges and Immunities clauses of the United States Constitution, and Article II Sections 7, 9 and 12, and Article VI Sections 2, 6 and 8 of the Puerto Rico Constitution." Response at 14-15.

12. The fact that U.S. Bank serves as fiscal agent for the PBA Bonds, and not as a trustee for holders of PBA Bonds, is of no moment. The Bar Date Order authorized "indenture trustees, fiscal agents, or any similar agent or nominee . . . to file a master proof of claim . . . against the applicable Debtor *on behalf of themselves and all holders of bond claims* for the respective series of bonds for obligations arising under the respective trust agreements, resolutions, or similar bond document." Bar Date Order at 3-4 (emphasis added). U.S. Bank did precisely that: it filed the PBA Master Claim on behalf of itself and all holders of PBA Bonds—including Claimants— for liabilities associated with PBA Bonds. The fact that it filed that claim in its capacity as fiscal agent, and not as a trustee for holders of PBA Bonds, has no impact on the rights to payment asserted by the PBA Master Claim.

13. Claimants' other arguments fare no better. Claimants' contention that their Claims assert "express Constitutional claims" and "express" claims against other entities is readily disposed of, because, again, it is squarely addressed by the COFINA Decision. Like in COFINA, each of Claimants' purported additional "claims" are not separate, independent rights to payment. Rather, they are simply alternative theories upon which Claimants allege they are "entitled to full payment under the bond instruments." COFINA Decision at 187. Because, as in COFINA, the Claims "assert[] no other right to payment" from the Debtors, the Claims are duplicative and should be disallowed. *Id*. The fact that U.S. Bank serves as fiscal agent for PBA, and not trustee for PBA bondholders, is likewise irrelevant. The only issue posed by the Three Hundred Fifty-Second Omnibus Objection is whether the Claims and the PBA Master Claim assert the same

6

rights to payment. Whether U.S. Bank "represent[s] or act[s] in the interests of individual PBA bondholders" is irrelevant. Response at 7. Indeed, Claimants need not rely on U.S. Bank to represent their interests. Because Claimants will remain parties in interest in these proceedings, disallowance of their Claims will not impact their ability to raise their own arguments in connection with confirmation of the proposed plan.

14. *Third*, Claimants contend that the COFINA Decision should not control the outcome of the Three Hundred Fifty-Second Omnibus Objection because U.S. Bank's claim was filed "on the last possible day for doing so," and should not "override and negate a previously timely-filed claim by a bondholder." Response at 18-19. Claimants do not explain why the timing of the filing of the PBA Master Claim has any impact on the applicability of the COFINA Decision—indeed, the COFINA Decision does not even mention whether Mr. Hein's claim was filed before or after BNYM's master claims. In any event, the timing of U.S. Bank's filing of the PBA Master Claim is irrelevant as it was filed within the timeframe established by this Court. *See Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [Case No. 19-bk-05523, ECF No. 88]. Regardless of which claims were filed first—the PBA Master Claim, or the Claims—the claims assert the same rights to payment, on the same bond instruments, and are therefore duplicative of each other.

15. *Fourth*, Claimants contend that, because the objection to Mr. Hein's COFINA claim and the resulting COFINA Decision were "litigated post-confirmation of the COFINA plan, a fundamental threshold issue presented here as to Debtors' failure to make any showing of any actual risk of duplicate payment . . . was not present in the COFINA situation but is a fundamental threshold issue here." Response at 19. Claimants are wrong again. COFINA filed its objection to Mr. Hein's claim against COFINA on December 5, 2018—over a month prior to confirmation

7

hearings on COFINA's plan of adjustment, and two months before the Court entered its order confirming COFINA's plan. *See Puerto Rico Sales Tax Financing Authority's Thirteenth Omnibus Objection (Non-Substantive) to Duplicate Bond Claims*, ECF No. 4417 (the "<u>Thirteenth Omnibus Objection</u>"). In the Thirteenth Omnibus Objection, COFINA alleged that "any failure to disallow the Duplicate Bond Claims will result in the applicable claimants potentially receiving an unwarranted double recovery against COFINA, to the detriment of other stakeholders in COFINA's Title III Case." Thirteenth Omnibus Objection at 6. Accordingly, COFINA's argument that failure to disallow Mr. Hein's COFINA claim raised the potential risk of unwarranted double recovery, to the detriment of other stakeholders, was plainly before both this Court and the First Circuit when ruling upon Mr. Hein's COFINA claim.

16. Regardless, Claimants contend that the Debtors "make no showing that there is any actual risk of 'duplicate' payment," because "any payments or distributions . . . will be made through the DTC system." Response at 2-3. While it is true that Debtors presently anticipate distributions will be made through DTC, in the event that distributions needed to be made pursuant to proofs of claim, the existence of duplicative proofs of claim asserting liabilities associated with the exact same bond instrument will, unquestionably, raise the risk that holders of duplicative proofs of claim might receive an unwarranted double recovery. Given Claimants' rights in respect of their PBA Bonds are already preserved by the filing of the PBA Master Claim, there is simply no reason to incur the risk of double recoveries by permitting duplicative proofs of claim to remain on the claims registry in PBA's Title III Case.

        **II.    Claimants' Additional Procedural Argument Against Disallowance Also Fails**

17. Claimants also contend that the Three Hundred Fifty-Second Omnibus Objection must be denied because the Claims assert "priority and/or secured status," and "a claim asserting priority and/or secured status can only be challenged through an adversary proceeding." Response

8

at 11. According to Claimants, Federal Rule of Bankruptcy Procedure 7001(2) provides that "a proceeding to determine the validity, priority, or extent of a lien or other interest in property" is an "adversary proceeding," Fed. R. Bankr. P. 7001, and, therefore, the Debtors "cannot disallow the [Claims] unless Debtors successfully prosecute to a decision and judgment an adversary proceeding against [Claimants]." Response at 11.

18. Claimants misunderstand the nature of the relief sought by the Three Hundred Fifty-Second Omnibus Objection. The Three Hundred Fifty-Second Omnibus Objection does not purport to address whether holders of PBA bonds enjoy priority over other claimants, or are entitled to secured status—those issues were compromised and settled by the Debtors in connection with the *Amended and Restated Plan Support Agreement*, dated July 12, 2021, by and among the Oversight Board, in its capacity as representative of the Debtors, and certain holders of PBA Bonds, *inter alia*. It seeks only to disallow the Claims on the basis that they assert the same liabilities, associated with the same bond instruments, as the PBA Master Claim. Fed. R. Bankr. P. 7001 plainly does not require the Debtors to initiate an adversary proceeding in order to resolve the limited issue of whether two proofs of claim assert the same payment rights.

19. For the foregoing reasons, the Debtors respectfully request that the Court grant the Three Hundred Fifty-Second Omnibus Objection and disallow the Claims in their entirety, notwithstanding the Response.

[*Remainder of Page Intentionally Left Blank*]

Dated: July 28, 2021
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative for the Commonwealth of Puerto Rico*

*/s/ Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Co-Attorneys for the Financial Oversight and Management Board for the Puerto Rico, as representative for the Commonwealth of Puerto Rico*