**Estimated Hearing Date**: October 6, 2021 at 9:30 a.m. (Atlantic Standard Time)
**Objection Deadline**: August 18, 2021 at 4:00 p.m. (Atlantic Standard Time)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>   Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17–BK–3283–LTS<br><br>(Jointly Administered) |

## SUMMARY SHEET TO
## ELEVENTH INTERIM FEE APPLICATION OF PROSKAUER
## ROSE LLP FOR COMPENSATION FOR SERVICES RENDERED
## AND REIMBURSEMENT OF EXPENSES INCURRED AS ATTORNEYS FOR
## THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO
## RICO, AS REPRESENTATIVE OF THE DEBTOR, THE COMMONWEALTH OF
## PUERTO RICO, FOR THE PERIOD OCTOBER 1, 2020 THROUGH JANUARY 31, 2021

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**Schedule 1**

**Summary of Fees and Expenses Paid to Date and the Balance of Fees and
Expenses for which Allowance and Payment is Requested for the Compensation Period**

| | |
|---|---|
| Name of Applicant: | Proskauer Rose LLP ("Proskauer") |
| Retained to Provide Professional Services to: | The Financial Oversight and Management Board for Puerto Rico as Representative of the Debtor Pursuant to PROMESA section 315(b) |
| Period for Which Compensation is Sought: | October 1, 2020 through January 31, 2021 (the "Compensation Period") |
| Amount of Fees Sought: | $11,164,006.40 |
| Gross-Up Amount:[2] | -- |
| Amount of Expense Reimbursement Sought: | $438,081.14 |
| Total Fees and Expenses Sought for Compensation Period: | $11,602,087.54 |
| Proskauer's Incremental Fees for October–December 2020 that Accrued, But Whose Payment Is Not Immediately Requested:[3] | $683,051.80 |

---

[2] Previously, Proskauer has requested approval, as part of its fees and expenses, of the amount required to gross up the additional tax withholding (the "Gross-Up Amount") introduced by the Commonwealth legislation (Act 257–2018) starting December 10, 2018 (the "Withholding"). Proskauer would only request payment of the Gross-Up Amount from the Debtor if and when Proskauer partners receive a determination or objection from the Internal Revenue Service that the Withholding does not result in tax credits offsetting the Gross-Up Amount. Based on the registration of Proskauer's Engagement Letter together with discussions with the Puerto Rico government, Proskauer believes it will not need a Gross-Up Amount for its fiscal year that commenced November 1, 2020, and is not currently requesting its approval. If necessary, Proskauer will apply for approval of a Gross-Up Amount for the month of October 2020 at a subsequent time.

[3] Pursuant to the Engagement Letter dated November 25, 2016 between the Oversight Board and Proskauer (as defined below at footnote 10), Proskauer provided notice to all parties in interest that Proskauer's rates under the Engagement Letter increase each year "on January 1 by the lower of the percentage rate increase we announce, and four percent." (Engagement Letter at 1–2). Effective January 1, 2020, the rate increase was 4%, yielding a flat rate for attorneys (partners, senior counsel, and associates) of $820 per hour, for e-discovery attorneys of $405 per hour, and for paraprofessionals of $280 per hour. Pursuant to paragraph 2.c.2 of the Court's order dated June 26, 2019 [Case No. 17-3283, ECF No. 7678], Proskauer gave notice of this rate increase by filing its Engagement Letter on the ECF system and providing a sworn certification, attached to Proskauer's Eighth Interim Application as Exhibit A [Case No. 17-3283, ECF No. 12831]. Billed at these new rates, as negotiated in the Engagement Letter, Proskauer's incremental fees for October through December 2020 total $683,051.80, as detailed in the attached **Exhibit E**. The Oversight Board had requested and Proskauer agreed not to request currently the allowance and payment of these incremental fees for October through December 2020, along with the incremental fees under the

This is a(n)   _____ Monthly   _X__ Interim __ Final Fee Application

This is the eleventh interim fee application filed by Proskauer in the Debtor's Title III Case.  The total time expended in connection with the preparation of this interim application is not included herein, as additional time was expended after the Compensation Period.

---

Engagement Letter for the eighth, ninth, and tenth compensation periods of $155,142.10, $646,439.90, and $577,582.60, respectively.  Proskauer intends to request payment of these incremental fees at a later date.

Pursuant to the Engagement Letter, Proskauer's rates increased by an additional 4% effective January 1, 2021, yielding a new flat rate for attorneys (partners, senior counsel, and associates) of $853 per hour, for e-discovery attorneys of $421 per hour, and for paraprofessionals of $291 per hour. Proskauer gave notice of this rate increase by filing its Engagement Letter on the ECF system and providing a sworn certification, attached to Proskauer's Tenth Interim Application as Exhibit A [Case No. 17-3283, ECF No. 16143]. For fees accrued January 1, 2021 and afterwards, the Oversight Board has terminated its request that Proskauer defer requesting payment of its full fees inclusive of rate increases under its Engagement Letter. Therefore, Proskauer requests in this application full payment of the January 2021 fees inclusive of the rate increases under its Engagement Letter.

**Eleventh Interim Compensation Period**
**October 1, 2020 – January 31, 2021**

| Statement and Date Served | Period Covered | Total Fees Incurred (as Requested in this Application) | Fees Previously Requested (90%) | Expenses Previously Requested | Fees Previously Paid (90%) | Expenses Previously Paid |
|---|---|---|---|---|---|---|
| **Forty–Third** 12/21/2020 | 10/1/20 to 10/31/20 | $3,227,833.80[4] | $2,892,765.69 | $108,217.23 | $2,892,765.69 | $108,217.23 |
| **Forty-Fourth** 1/11/2021 | 11/1/20 to 11/30/20 | $2,870,586.30[5] | $2,573,344.89 | $149,070.92 | $2,573,344.89 | $149,070.92 |
| **Forty–Fifth** 1/28/2021 | 12/1/20 to 12/31/20 | $2,344,938.90 | $2,110,445.01 | $147,724.89 | $2,110,445.01 | $147,724.89 |
| **Forty–Sixth** 2/25/2021 | 1/1/21 to 1/31/21 | $2,720,647.40[6] | $2,265,459.30 | $33,068.10 | $2,265,459.30 | $33,068.10 |
| | **Totals:** | **$11,164,006.40** | **$9,842,014.89** | **$438,081.14** | **$9,842,014.89** | **$438,081.14** |

---

[4, 5] Proskauer associate Libbie B. Osaben was billed at the paraprofessional rate, rather than the attorney rate, during the months of October and November 2020. Proskauer's forty-third and forty-fourth monthly fee statements requested compensation for those periods in the amount of $3,214,184.10 and $2,859,272.10, respectively. Ms. Osaben's rate for these periods has now been corrected. Accordingly, the total amount of fees set forth in the forty-third and forty-fourth monthly fee statements is less than the total fees incurred and requested herein by $24,963.90 in the aggregate, and Proskauer previously requested and was paid only 90% of the lower amount pursuant to the monthly fee statements. Proskauer herein requests approval of its October and November fees in full, including Ms. Osaben's fees billed at the corrected rate.

[6] *See supra* note 3. Proskauer's forty-sixth monthly fee statement for the period January 1, 2021 through January 31, 2021, which was served on the Notice Parties on February 25, 2021, before the Oversight Board terminated its request that Proskauer defer requesting payment of its full fees inclusive of rate increases under its Engagement Letter, requested compensation for the January 2021 fees, excluding rate increases under the Engagement Letter, in the amount of $2,517,177.00. Accordingly, the total amount of fees set forth in the forty-sixth monthly fee statement is less than the total fees incurred and requested herein by $203,470.40, and Proskauer previously requested and was paid only 90% of the lower amount pursuant to the monthly fee statement. Proskauer herein requests approval of its January 2021 fees in full, inclusive of the rate increases under its Engagement Letter.

Additional information required pursuant to the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* issued by the Executive Office for the United States Trustee:

| | |
|---|---|
| Blended Rate in This Application for All Attorneys: | $800.31[7] |
| Blended Rate in This Application for All Timekeepers: | $708.64 |
| Compensation Sought in this Application Already Paid Pursuant to Monthly Compensation Statements but Not Yet Allowed: | $9,842,014.89 |
| Expenses Sought in this Application Already Paid Pursuant to Monthly Compensation Statements but Not Yet Allowed: | $438,081.14 |
| Number of Professionals Included in this Application:[8] | 117 |
| Number of Professionals in This Application NOT Included in Staffing Plan Approved by Client:[9] | 1 |
| If Applicable, the Difference Between Fees Budgeted and Compensation Sought for This Application Period: | N/A |
| Number of Professionals Billing Fewer than 15 Hours to the Case During This Application Period: | 30 |
| Any Rates Higher than Those Approved or Disclosed when Retained? If yes, calculate and disclose the total compensation sought in this Application using the rates originally disclosed at retention. | No.  Proskauer's Engagement Letter with the Oversight Board provides that Proskauer's rates increase each year "on January 1 by the lower of the percentage rate increase we announce, and four percent." (Engagement Letter at 1–2). As of January 1, 2020, the rate increase was 4%, yielding a flat rate for attorneys (partners, senior counsel, and associates) of $820 per hour, for e-discovery attorneys of $405 per hour, and for paraprofessionals of $280 per |

---

[7]  This rate excludes non-attorneys (*e.g.*, paralegals) and includes e-discovery attorneys.

[8]  As used herein, the term "professionals" includes all timekeepers.  The term "paraprofessionals," as used in this Application, only includes non-attorneys.

[9]  As noted in the Staffing Plan for the Compensation Period at Exhibit D-2 of the Application, the number of timekeepers expected to work on this matter during the Compensation Period was 116, and thus the actual number of timekeepers was 1 more than anticipated.

|  | hour.  Billed at these new rates, as negotiated in the Engagement Letter, Proskauer's incremental fees for October through December 2020 total $683,051.80, as detailed in the attached **Exhibit E**.  Pursuant to the Oversight Board's request, Proskauer has not included a request for current payment of the amount attributable to the increase in its hourly rates for October through December 2020 provided for in its Engagement Letter. For the eighth, ninth and tenth compensation periods, Proskauer similarly deferred payment of the incremental amounts of $155,142.10, $646,439.90, and $577,582.60 respectively.  Proskauer intends to request payment of these incremental fees at a later date.<br><br>Pursuant to the Engagement Letter, Proskauer's rates increased 4% effective January 1, 2021, yielding a new flat rate for attorneys (partners, senior counsel, and associates) of $853 per hour, for e-discovery attorneys of $421 per hour, and for paraprofessionals of $291 per hour.  The Oversight Board has terminated its request that Proskauer defer requesting payment of its full fees inclusive of rate increases under its Engagement Letter for fees accruing on and after January 1, 2021. Proskauer hereby requests full payment of the January 2021 fees inclusive of the rate increases under its Engagement Letter. |
|---|---|

**Schedule 2**

**Summary of Professional Services Rendered by
Timekeeper for the Period October 1, 2020 through January 31, 2021**

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[10] | HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| **PARTNERS** | | | | |
| Ashton, Ann M. | Litigation – 1980 | $789 | 2.60 | $2,051.40 |
| Barak, Ehud | BSGR&B[11] – 2010 | $789 | 385.90 | $304,475.10 |
| | | $853 | 149.30 | $127,352.90 |
| Bienenstock, Martin J. | BSGR&B – 1978 | $789 | 397.80 | $313,864.20 |
| | | $853 | 202.10 | $172,391.30 |
| Blaney, Ryan P. | Health Care – 2006 | $789 | 5.80 | $4,576.20 |

---

[10] The lower rates listed in the column entitled "Hourly Rate" for each professional are the billing rates for Proskauer professionals in effect from October through December, 2020 (excluding the incremental fees that accrued pursuant to the Engagement Letter for this period), and the higher rates are the billing rates for Proskauer professionals in effect beginning January 1, 2021. *See supra* n. 3. Certain professionals have only one rate listed in the column entitled "Hourly Rate" because they only worked on the Commonwealth's Title III case before or after January 1, 2021. In the ordinary course of business, the standard hourly billing rates for Proskauer professionals and paraprofessionals are adjusted annually as of the commencement of the firm's fiscal year on November 1 to reflect economic and other conditions and apply to matters in and out of bankruptcy cases. Proskauer's November 25, 2016 engagement letter with the Oversight Board (the "Engagement Letter") provides that Proskauer's rates are increased annually on January 1 (rather than on November 1) by the lower of the percentage rate increase announced as of November 1 and four percent.

Furthermore, the Engagement Letter provides that Proskauer's rates increase each year "on January 1 by the lower of the percentage rate increase we announce, and four percent." (Engagement Letter at 1–2). As of January 1, 2020, the rate increase was 4%, yielding a flat rate for attorneys (partners, senior counsel, and associates) of $820 per hour, for e-discovery attorneys of $405 per hour, and for paraprofessionals of $280 per hour. Billed at these new rates as negotiated in the Engagement Letter, Proskauer's incremental fees for October through December 2020 total $683,051.80, as detailed in the attached **Exhibit E**. Pursuant to the Oversight Board's request, however, Proskauer has not included a request for current payment of the amount attributable to the increase in its hourly rates for October through December 2020 provided for in its Engagement Letter, or the incremental amounts for the eighth, ninth, and tenth compensation periods of $155,142.10, $646,439.90, and $577,582.60, respectively. Proskauer intends to request payment of these incremental fees at a later date.

Pursuant to the Engagement Letter, Proskauer's rates increased an additional 4% effective January 1, 2021, yielding a new flat rate for attorneys (partners, senior counsel, and associates) of $853 per hour, for e-discovery attorneys of $421 per hour, and for paraprofessionals of $291 per hour. The Oversight Board terminated its request that Proskauer defer requesting payment of incremental fees for fees accruing on and after January 1, 2021, and therefore Proskauer hereby requests full payment of the January 2021 fees inclusive of the rate increases under its Engagement Letter.

[11] Business Solutions, Governance, Restructuring & Bankruptcy ("BSGR&B").

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[10] | HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| Brenner, Guy | Labor & Employment – 2002 | $789 | 203.40 | $160,482.60 |
|  |  | $853 | 52.00 | $44,356.00 |
| Casazza, Kyle A. | Litigation – 2007 | $789 | 63.80 | $50,338.20 |
|  |  | $853 | 6.20 | $5,288.60 |
| Cooper, Scott P. | Litigation – 1981 | $789 | 6.80 | $5,365.20 |
|  |  | $853 | 3.10 | $2,644.30 |
| Dale, Margaret A. | Litigation – 1990 | $789 | 144.60 | $114,089.40 |
|  |  | $853 | 87.50 | $74,637.50 |
| Faust, Scott A. | Labor & Employment – 1985 | $789 | 1.00 | $789.00 |
| Febus, Chantel L. | Litigation – 2003 | $789 | 33.00 | $26,037.00 |
|  |  | $853 | 0.90 | $767.70 |
| Ferrara, Ralph C. | Litigation – 1970 | $789 | 129.80 | $102,412.20 |
| Firestein, Michael A. | Litigation – 1983 | $789 | 193.90 | $152,987.10 |
|  |  | $853 | 125.40 | $106,966.20 |
| Gerkis, James P. | Corporate – 1984 | $789 | 16.30 | $12,860.70 |
| Hamburger, Paul M. | Labor & Employment – 1985 | $789 | 39.40 | $31,086.60 |
|  |  | $853 | 0.90 | $767.70 |
| Hamilton, Martin T. | Tax – 2004 | $789 | 1.30 | $1,025.70 |
| Harris, Mark D. | Litigation – 1992 | $789 | 137.30 | $108,329.70 |
|  |  | $853 | 25.70 | $21,922.10 |
| Kass, Colin R. | Litigation – 1996 | $789 | 2.50 | $1,972.50 |
|  |  | $853 | 12.00 | $10,236.00 |
| Levitan, Jeffrey W. | BSGR&B – 1983 | $789 | 158.20 | $124,819.80 |
|  |  | $853 | 64.10 | $54,677.30 |
| Mervis, Michael T. | Litigation – 1990 | $789 | 195.20 | $154,012.80 |
|  |  | $853 | 42.20 | $35,996.60 |

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[10] | HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| Mungovan, Timothy W. | Litigation – 1994 | $789 | 430.20 | $339,427.80 |
| | | $853 | 166.80 | $142,280.40 |
| Perra, Kevin J. | Litigation – 1995 | $789 | 1.10 | $867.90 |
| Porzio, Steven J. | Labor & Employment – 2008 | $789 | 0.80 | $631.20 |
| Possinger, Paul V. | BSGR&B – 1993 | $789 | 204.80 | $161,587.20 |
| | | $853 | 59.10 | $50,412.30 |
| Ramachandran, Seetha | Litigation – 2001 | $789 | 5.80 | $4,576.20 |
| | | $853 | 2.40 | $2,047.20 |
| Rappaport, Lary Alan | Litigation – 1979 | $789 | 173.90 | $137,207.10 |
| | | $853 | 88.20 | $75,234.60 |
| Ratner, Stephen L. | Litigation – 1975 | $789 | 22.40 | $17,673.60 |
| Richman, Jonathan E. | Litigation – 1984 | $789 | 103.90 | $81,977.10 |
| | | $853 | 37.20 | $31,731.60 |
| Roberts, John E. | Litigation – 2009 | $789 | 208.30 | $164,348.70 |
| | | $853 | 11.90 | $10,150.70 |
| Rosen, Brian S. | BSGR&B – 1983 | $789 | 448.40 | $353,787.60 |
| | | $853 | 189.50 | $161,643.50 |
| Rosenthal, Marc E. | Litigation – 1990 | $789 | 6.80 | $5,365.20 |
| | | $853 | 2.10 | $1,791.30 |
| Snell, Dietrich L. | Litigation – 1983 | $789 | 11.50 | $9,073.50 |
| | | $853 | 9.40 | $8,018.20 |
| Triggs, Matthew | Litigation – 1990 | $789 | 82.30 | $64,934.70 |
| | | $853 | 23.10 | $19,704.30 |
| Waxman, Hadassa R. | Litigation – 2001 | $789 | 274.80 | $216,817.20 |
| | | $853 | 100.50 | $85,726.50 |
| Weise, Steven O. | Corporate – 1974 | $789 | 32.80 | $25,879.20 |
| | | $853 | 40.80 | $34,802.40 |

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[10] | HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| Zall, Richard J. | Health Care – 1981 | $789 | 25.90 | $20,435.10 |
| **Total for Partners:** | | | **5,654.70** | **$4,557,711.90** |
| *SENIOR COUNSEL* | | | | |
| Alonzo, Julia D. | Litigation – 2009 | $789 | 172.90 | $136,418.10 |
| | | $853 | 45.80 | $39,067.40 |
| Lander, Nathan R. | Litigation – 2004 | $789 | 0.20 | $157.80 |
| Roche, Jennifer L. | Litigation – 2007 | $789 | 51.40 | $40,554.60 |
| | | $853 | 18.00 | $15,354.00 |
| **Total for Senior Counsel:** | | | **288.30** | **$231,551.90** |
| *ASSOCIATES* | | | | |
| Anderson, James | Litigation – 2015 | $853 | 6.20 | $5,288.60 |
| Bargoot, Alexandra V. | Litigation – 2016 | $789 | 122.80 | $96,889.20 |
| | | $853 | 61.90 | $52,800.70 |
| Blackwell, Brooke H. | BSGR&B – 2018 | $789 | 110.10 | $86,868.90 |
| | | $853 | 21.30 | $18,168.90 |
| Bloch, Aliza H. | Litigation – 2019 | $789 | 28.50 | $22,486.50 |
| | | $853 | 5.10 | $4,350.30 |
| Curtis, Kelly M. | Litigation – 2016 | $789 | 0.60 | $473.40 |
| Dalsen, William D. | Litigation – 2011 | $789 | 7.80 | $6,154.20 |
| | | $853 | 15.60 | $13,306.80 |
| Deming, Adam L. | Litigation – 2018 | $789 | 14.40 | $11,361.60 |
| | | $853 | 2.40 | $2,047.20 |
| Desatnik, Daniel | BSGR&B – 2018 | $789 | 331.50 | $261,553.50 |
| | | $853 | 50.20 | $42,820.60 |
| Eggers, Peter J. | Health Care – 2015 | $789 | 33.10 | $26,115.90 |
| Esses, Joshua A. | BSGR&B – 2017 | $789 | 71.40 | $56,334.60 |
| | | $853 | 16.50 | $14,074.50 |

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[10] | HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| Fassuliotis, William G. | Litigation – 2020 | $789 | 93.40 | $73,692.60 |
|  |  | $853 | 20.40 | $17,401.20 |
| Fishkind, Peter | Litigation – 2018 | $789 | 90.40 | $71,325.60 |
|  |  | $853 | 49.20 | $41,967.60 |
| Fiur, Seth | Litigation – 2014 | $789 | 33.50 | $26,431.50 |
| Gottlieb, Brooke G. | Litigation – 2020 | $789 | 72.10 | $56,886.90 |
|  |  | $853 | 15.10 | $12,880.30 |
| Guensberg, Caroline L. | Labor & Employment – 2019 | $789 | 50.30 | $39,686.70 |
|  |  | $853 | 0.70 | $597.10 |
| Hartunian, Joseph S. | Litigation – 2019 | $789 | 126.70 | $99,966.30 |
|  |  | $853 | 15.60 | $13,306.80 |
| Hong, Yena | Litigation – 2020 | $789 | 51.90 | $40,949.10 |
|  |  | $853 | 11.20 | $9,553.60 |
| Hughes, Sarah E. | Corporate – 2019 | $789 | 11.80 | $9,310.20 |
| Jones, Erica T. | Litigation – 2018 | $789 | 338.60 | $267,155.40 |
|  |  | $853 | 49.70 | $42,394.10 |
| Jones, Jennifer L. | Litigation – 2005 | $789 | 4.30 | $3,392.70 |
| Kim, Mee R. | Litigation – 2016 | $789 | 235.40 | $185,730.60 |
|  |  | $853 | 171.40 | $146,204.20 |
| Kline, Emily H. | Litigation – 2019 | $789 | 3.60 | $2,840.40 |
| Kowalczyk, Lucas | Litigation – 2017 | $789 | 217.50 | $171,607.50 |
|  |  | $853 | 57.30 | $48,876.90 |
| Landers Hawthorn, Kelly B. | Litigation – 2018 | $789 | 49.40 | $38,976.60 |
| Lefebvre, Antonieta P. | Litigation – 2015 | $789 | 0.60 | $473.40 |
| Ma, Steve | BSGR&B – 2014 | $789 | 151.70 | $119,691.30 |
|  |  | $853 | 36.30 | $30,963.90 |
| McGowan, Shannon D. | Litigation – 2020 | $853 | 1.50 | $1,279.50 |

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[10] | HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| Miller, Nathaniel J. | Litigation – 2018 | $789 | 140.50 | $110,854.50 |
| | | $853 | 13.50 | $11,515.50 |
| Moser, Nicollette R. | Litigation – 2020 | $789 | 13.50 | $10,651.50 |
| | | $853 | 9.60 | $8,188.80 |
| Munkittrick, David A. | Litigation – 2011 | $789 | 109.00 | $86,001.00 |
| | | $853 | 36.70 | $31,305.10 |
| Osaben, Libbie B. | BSGR&B – 2021 | $789 | 54.20 | $42,763.80 |
| | | $853 | 4.80 | $4,094.40 |
| Ovanesian, Michelle M. | Litigation – 2018 | $789 | 139.10 | $109,749.90 |
| | | $853 | 6.20 | $5,288.60 |
| Palmer, Marc C. | Litigation – 2018 | $789 | 441.70 | $348,501.30 |
| | | $853 | 103.60 | $88,370.80 |
| Park, Sejin | Tax – 2015 | $789 | 1.50 | $1,183.50 |
| Peterson, John A. | BSGR&B – 2017 | $789 | 63.10 | $49,785.90 |
| | | $853 | 12.40 | $10,577.20 |
| Rainwater, Shiloh A. | Litigation – 2017 | $789 | 180.30 | $142,256.70 |
| Rochman, Matthew I. | Litigation – 2010 | $789 | 41.60 | $32,822.40 |
| | | $853 | 3.10 | $2,644.30 |
| Rogoff, Corey I. | Litigation – 2019 | $789 | 345.50 | $272,599.50 |
| | | $853 | 129.80 | $110,719.40 |
| Ruben, Jillian L. | Corporate – 2019 | $789 | 3.10 | $2,445.90 |
| Sazant, Jordan | BSGR&B – 2018 | $789 | 8.20 | $6,469.80 |
| | | $853 | 4.00 | $3,412.00 |
| Skrzynski, Matthew A. | BSGR&B – 2017 | $789 | 163.90 | $129,317.10 |
| | | $853 | 46.90 | $40,005.70 |
| Sosa, Javier F. | Litigation – 2019 | $789 | 174.10 | $137,364.90 |
| | | $853 | 15.80 | $13,477.40 |

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[10] | HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| Stafford, Laura | Litigation – 2012 | $789 | 580.20 | $457,777.80 |
| | | $853 | 223.20 | $190,389.60 |
| Stevens, Elliot R. | BSGR&B – 2018 | $789 | 131.80 | $103,990.20 |
| | | $853 | 57.80 | $49,303.40 |
| Theodoridis, Chris | BSGR&B – 2011 | $789 | 192.60 | $151,961.40 |
| | | $853 | 6.50 | $5,544.50 |
| Victor, Seth H. | Litigation – 2019 | $789 | 100.50 | $79,294.50 |
| | | $853 | 21.00 | $17,913.00 |
| Volin, Megan R. | BSGR&B – 2020 | $789 | 41.50 | $32,743.50 |
| | | $853 | 12.30 | $10,491.90 |
| Vora, Hena M. | Litigation – 2018 | $789 | 25.60 | $20,198.40 |
| | | $853 | 7.50 | $6,397.50 |
| Wertheim, Eric R. | Litigation – 2019 | $789 | 55.90 | $44,105.10 |
| | | $853 | 17.00 | $14,501.00 |
| Wheat, Michael K. | Litigation – 2019 | $789 | 69.10 | $54,519.90 |
| | | $853 | 28.70 | $24,481.10 |
| Wolf, Lucy C. | Litigation – 2017 | $789 | 200.10 | $157,878.90 |
| | | $853 | 27.50 | $23,457.50 |
| Wright, Bryant D. | Litigation – 2020 | $789 | 26.70 | $21,066.30 |
| | | $853 | 1.40 | $1,194.20 |
| Younger, Christine N. | Tax – 2019 | $789 | 3.40 | $2,682.60 |
| **Total for Associates:** | | | **6,955.00** | **$5,576,896.60** |
| ***E-DISCOVERY ATTORNEYS*** | | | | |
| Clarke, Michael R. | Professional Resources – 2010 | $390 | 5.90 | $2,301.00 |
| Ike, Yvonne O. | Professional Resources – 2009 | $390 | 34.40 | $13,416.00 |
| | | $421 | 2.00 | $842.00 |

13

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[10] | HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| Kay, James | Professional Resources – 1978 | $390 | 58.80 | $22,932.00 |
| Peterson, Cathleen P. | Professional Resources – 1991 | $390 | 2.30 | $897.00 |
| Raymer, Daniel A. | Professional Resources – 2015 | $421 | 3.60 | $1,515.60 |
| **Total for e-Discovery Attorneys:** | | | **107.00** | **$41,903.60** |
| *PARAPROFESSIONALS* | | | | |
| Adejobi, Olaide M. | Litigation Paralegal – N/A | $270 | 127.30 | $34,371.00 |
| | | $291 | 23.10 | $6,722.10 |
| Asnis, Griffin M. | Litigation Paralegal – N/A | $291 | 5.00 | $1,455.00 |
| Chernus, Eric R. | Professional Resources – N/A | $270 | 44.70 | $12,069.00 |
| | | $291 | 4.00 | $1,164.00 |
| Cody, Sara E. | Litigation Paralegal – N/A | $270 | 3.30 | $891.00 |
| Cohen, Elliot R. | Litigation Paralegal – N/A | $291 | 4.50 | $1,309.50 |
| Cook, Alexander N. | Corporate Paralegal – N/A | $270 | 154.80 | $41,796.00 |
| | | $291 | 39.10 | $11,378.10 |
| Cooper, David C. | Corporate Paralegal – N/A | $270 | 12.90 | $3,483.00 |
| | | $291 | 13.40 | $3,899.40 |
| Cordova-Pedroza, Christian | Labor & Employment Paralegal – N/A | $270 | 63.00 | $17,010.00 |
| | | $291 | 4.50 | $1,309.50 |
| Dillon, Emma K. | Litigation Paralegal – N/A | $270 | 3.60 | $972.00 |
| | | $291 | 0.30 | $87.30 |
| Henderson, Laurie A. | Professional Resources – N/A | $270 | 3.10 | $837.00 |
| | | $291 | 0.90 | $261.90 |
| Hoffman, Joan K. | Litigation Paralegal – N/A | $270 | 145.70 | $39,339.00 |
| | | $291 | 13.30 | $3,870.30 |

14

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[10] | HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| Klock, Joseph | Professional Resources – N/A | $270 | 10.40 | $2,808.00 |
| | | $291 | 3.00 | $873.00 |
| Lerner, Lela A. | Litigation Paralegal – N/A | $270 | 200.60 | $54,162.00 |
| | | $291 | 46.20 | $13,444.20 |
| McPeck, Dennis T. | Litigation Paralegal – N/A | $270 | 385.80 | $104,166.00 |
| | | $291 | 142.30 | $41,409.30 |
| Monforte, Angelo | Litigation Paralegal – N/A | $270 | 281.10 | $75,897.00 |
| | | $291 | 72.90 | $21,213.90 |
| Oloumi, Nicole | BSGR&B Paralegal – N/A | $270 | 69.20 | $18,684.00 |
| Orr, Lisa P. | Litigation Paralegal – N/A | $270 | 17.50 | $4,725.00 |
| Petrov, Natasha | BSGR&B Paralegal – N/A | $270 | 199.50 | $53,865.00 |
| | | $291 | 58.80 | $17,110.80 |
| Schaefer, Shealeen E. | Labor & Employment Paralegal – N/A | $270 | 151.00 | $40,770.00 |
| | | $291 | 140.80 | $40,972.80 |
| Silvestro, Lawrence T. | Litigation Paralegal – N/A | $270 | 54.30 | $14,661.00 |
| | | $291 | 21.80 | $6,343.80 |
| Singer, Tal J. | BSGR&B Paralegal – N/A | $270 | 171.00 | $46,170.00 |
| | | $291 | 56.50 | $16,441.50 |
| **Totals for Paraprofessionals:** | | | **2,749.20** | **$755,942.40** |

| PROFESSIONALS | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|
| **Attorneys and Paraprofessionals Total:** | **15,754.20** | **$11,164,006.40** |

**Schedule 3**

**Summary of Professional Services Rendered by Project
Category for the Period October 1, 2020 through January 31, 2021**

| PROJECT CATEGORY | DESCRIPTION | HOURS | FEES SOUGHT |
|---|---|---|---|
| 201 | Tasks Relating to the Board, its Members, its Staff, its Advisors or its Consultants | 436.90 | $350,250.10 |
| 202 | Legal Research | 317.20 | $253,246.20 |
| 203 | Hearings and Other Non-Filed Communications with the Court | 127.40 | $102,880.20 |
| 204 | Communications with Claimholders | 548.20 | $406,673.40 |
| 205 | Communications with the Commonwealth, its Instrumentalities or Representatives of the Commonwealth or its Instrumentalities | 376.00 | $303,947.20 |
| 206 | Documents Filed on Behalf of the Board | 3,062.00 | $2,438,753.20 |
| 207 | Non-Board Court Filings | 195.30 | $155,851.70 |
| 208 | Stay Matters | 86.00 | $68,430.00 |
| 210 | Analysis and Strategy | 4,780.20 | $3,855,077.60 |
| 212 | General Administration | 2,678.80 | $750,293.10 |
| 213 | Labor, Pension Matters | 105.90 | $84,246.30 |
| 215 | Plan of Adjustment and Disclosure Statement | 1,335.20 | $1,072,548.20 |
| 216 | Confirmation | 195.20 | $159,844.50 |
| 217 | Tax | 6.20 | $4,891.80 |
| 218 | Employment and Fee Applications | 102.50 | $32,006.10 |
| 219 | Appeal | 1,398.40 | $1,122,819.20 |
| 220 | Fee Applications for Other Parties | 2.80 | $2,247.60 |
| | **Total for All Project Categories:** | **15,754.20** | **$11,164,006.40** |

## Schedule 4

**Summary of Actual and Necessary Expenses Incurred
for the Period October 1, 2020 through January 31, 2021**

| EXPENSE CATEGORY | AMOUNT BILLED |
|---|---:|
| Data Base Search Services | $187.15 |
| Filing and Court Costs | $745.00 |
| Lexis/Westlaw | $186,456.00 |
| Messenger/Delivery | $623.79 |
| Other Database Research | $3,006.10 |
| Outside Reproduction | $3,323.50 |
| Practice Support Vendors | $174,249.01 |
| Reproduction | $4,131.50 |
| Taxicab/Car Service | $508.22 |
| Telephone | $2,870.00 |
| Translation Service | $61,472.67 |
| Transcripts & Depositions | $508.20 |
| **Total:** | **$438,081.14** |

**Schedule 5**

**Blended Rate Chart**

| CATEGORY OF TIMEKEEPER | BLENDED HOURLY RATE | |
|---|---|---|
| | **BILLED**<br>**Domestic offices in which timekeepers collectively billed at least 10% of the hours to the bankruptcy case during the application period, for preceding year, *excluding bankruptcy*** | **BILLED**<br>In this fee application[12] |
| Partners | $1,277 | $789/ $853 |
| Senior Counsel | $1,066 | $789/ $853 |
| Associates (7 or more years since first admission) | $1,026 | $789/ $853 |
| Associates (4–6 years since first admission) | $928 | $789/ $853 |
| Associates (1–3 years since first admission) | $780 | $789/ $853 |
| E-Discovery Attorneys | $784 | $390/ $421 |
| Paraprofessionals | $362 | $270/ $291 |
| **All Timekeepers Aggregated:** | **$975** | **$708.64** |

---

[12] *See supra* note 10.

**Estimated Hearing Date**: October 6, 2021 at 9:30 a.m. (Atlantic Standard Time)
**Objection Deadline**: August 18, 2021 at 4:00 p.m. (Atlantic Standard Time)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17–BK–3283–LTS<br><br>(Jointly Administered) |

### ELEVENTH INTERIM FEE APPLICATION OF PROSKAUER ROSE LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS ATTORNEYS FOR THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE OF THE DEBTOR, THE COMMONWEALTH OF PUERTO RICO, FOR THE PERIOD OCTOBER 1, 2020 THROUGH JANUARY 31, 2021

Proskauer Rose LLP ("Proskauer"), attorneys for the Financial Oversight and Management

Board for Puerto Rico (the "Oversight Board" or "FOMB") as representative of the Commonwealth

of Puerto Rico (the "Debtor" or "Commonwealth") pursuant to section 315(b) of the *Puerto Rico*

*Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] hereby submits this eleventh

interim application (the "Application"),[3] pursuant to PROMESA sections 316 and 317, Rule 2016

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

[3] The Application solely pertains to fees and expenses incurred with respect to the Debtor's Title III Case and does not address fees or expenses incurred with respect to other services performed for the Oversight Board (a) on behalf of other Title III debtors, or (b) outside the Title III process.

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),[4] Rule 2016–1 of the Local

Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local

Rules"), and the *United States Trustee Guidelines for Reviewing Applications for Compensation*

*and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11*

*Cases* issued by the Executive Office for the United States Trustee, 28 CFR Part 58, Appendix B

(the "Guidelines"), and in accordance with this Court's *Second Amended Order Setting Procedures*

*for Interim Compensation and Reimbursement of Expenses of Professionals* [ECF No. 3269][5] (the

"Interim Compensation Order"), for (a) allowance of interim compensation for professional

services performed by Proskauer for the period commencing October 1, 2020 through and including

January 31, 2021 (the "Compensation Period") in the amount of **$11,164,006.40** constituting fees

for professional services, and (b) reimbursement of its actual and necessary expenses in the amount

of **$438,081.14** incurred during the Compensation Period.  In support of the Application, Proskauer

respectfully avers as follows:

## Jurisdiction

1.      The United States District Court for the District of Puerto Rico (the "Court") has

subject matter jurisdiction over this Application pursuant to PROMESA section 306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

3.      The statutory predicates for the relief requested herein are PROMESA sections 316

and 317.

---

[4]  The Bankruptcy Rules are made applicable to the Debtor's Title III Case by PROMESA section 310.

[5]  Unless otherwise expressly indicated, ECF Numbers refer to the docket of the Commonwealth's Title III Case, Case
No. 17-BK-3283-LTS.

**Background**

4.      On June 30, 2016, the Oversight Board was established under PROMESA section 101(b).  On August 31, 2016, President Obama appointed the Oversight Board's first seven voting members.

5.      Pursuant to PROMESA section 315, "[t]he Oversight Board in a case under this subchapter is the representative of the debtor" and "may take any action necessary on behalf of the debtor to prosecute the case of the debtor, including filing a petition under section [304] of [PROMESA] . . . or otherwise generally submitting filings in relation to the case with the court." PROMESA § 315(a), (b).

6.      On September 30, 2016, the Oversight Board designated the Debtor as a "covered entity" under PROMESA section 101(d).

7.      On November 25, 2016, the Oversight Board retained Proskauer at substantial discounts to its normal hourly rates, as shown by the Engagement Letter and by **Schedule 5** above.

8.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Debtor's Title III Case").  Pursuant to PROMESA section 315(b), the Oversight Board is the Debtor's representative in the Debtor's Title III Case.

9.      On December 15, 2017, Proskauer filed the *First Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period May 3, 2017 through September 30, 2017* [ECF No. 2068] (the "First Interim Application").

10.      On April 9, 2018, Proskauer filed the *Second Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period October 1, 2017 through January 31, 2018* [ECF No. 2868] (the "Second Interim Application").

11.      On July 16, 2018, Proskauer filed the *Third Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period February 1, 2018 through May 31, 2018* [ECF No. 3588] (the "Third Interim Application").

12.      On November 16, 2018, Proskauer filed the *Fourth Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period June 1, 2018 through September 30, 2018* [ECF No. 4280] (the "Fourth Interim Application").

13.      On May 21, 2019, Proskauer filed the *Fifth Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period October 1, 2018 through January 31, 2019* [ECF No. 7045] (the "Fifth Interim Application").

14.      On September 20, 2019, Proskauer filed the *Sixth Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as*

*Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period February 1, 2019*

*through May 31, 2019* [ECF No. 8734] (the "Sixth Interim Application").

15.     On December 20, 2019, Proskauer filed the *Seventh Interim Fee Application of*

*Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses*

*Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as*

*Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period June 1, 2019*

*through September 30, 2019* [ECF No. 9624] (the "Seventh Interim Application").

16.     On April 15, 2020, Proskauer filed the *Eighth Interim Fee Application of Proskauer*

*Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as*

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative*

*of the Debtor, the Commonwealth of Puerto Rico, for the Period October 1, 2019 through January*

*31, 2020 and Notice of Deferral of Request for Payment of Rate Increase* [ECF No. 12831] (the

"Eighth Interim Application").

17.     On September 18, 2020, Proskauer filed the *Ninth Interim Fee Application of*

*Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses*

*Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as*

*Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period February 1, 2020*

*through May 31, 2020* [ECF No. 14348] (the "Ninth Interim Application").

18.     On March 19, 2021, Proskauer filed the *Tenth Interim Fee Application of Proskauer*

*Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as*

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative*

*of the Debtor, the Commonwealth of Puerto Rico, for the Period June 1, 2020 through September*

*30, 2020 and Notice of Annual Rate Adjustment Provided in Original Engagement Letter* [ECF No.

16143] (the "Tenth Interim Application").

19.    On December 21, 2020, Proskauer served on the Notice Parties (as defined in the

Interim Compensation Order) its forty-third monthly fee statement for the period October 1, 2020

through October 31, 2020.  On January 11, 2021, Proskauer served on the Notice Parties its forty-

fourth monthly fee statement for the period November 1, 2021 through November 30, 2021.  On

January 28, 2021, Proskauer served on the Notice Parties its forty-fifth monthly fee statement for

the period December 1, 2021 through December 31, 2021.  On February 25, 2021, Proskauer served

on the Notice Parties its forty-sixth monthly fee statement for the period January 1, 2021 through

January 31, 2021.

20.    In accordance with the Interim Compensation Order and as reflected in the foregoing

summary, Proskauer has requested an aggregate payment of **$10,280,096.03** (payment of

approximately[6] ninety percent (90%) of the compensation sought and reimbursement of one-

hundred percent (100%) of expenses incurred) and has received **$10,280,096.03** with respect to fee

statements filed during the Compensation Period.

**Summary of Services Rendered by Proskauer During the Compensation Period**

21.    The instant Application is Proskauer's eleventh application for interim

compensation in the Debtor's Title III Case.  To make the review of Proskauer's fee applications

in all the pending Title III cases more efficient for the Court and other readers, paragraphs 22

through 25 of the instant Application, the corresponding paragraphs in each of Proskauer's eleventh

interim fee applications in the pending ERS, HTA, and PREPA Title III cases, and paragraphs 16

---

[6] For the reasons set forth in footnotes 4–6 of the Summary Sheet to this Application, pursuant to the Interim
Compensation Order, Proskauer requested and was paid less than ninety percent (90%) of the compensation sought
in this Application.

through 19 in the fourth interim fee application in the pending PBA Title III case, are identical and
cover the principal activities in all the Title III cases.

22.     Since the commencement of these Title III cases, Proskauer has achieved significant
progress on behalf of the Oversight Board.  Due to the continuing global coronavirus pandemic
affecting Puerto Rico, this Compensation Period continued to present significant economic and
administrative challenges to the Commonwealth and its covered instrumentalities.  The Oversight
Board remained focused on developing strategies for reducing the negative impact of the pandemic
on the Island's economy and well-being of its citizens amid an increase in COVID-19 cases,
working collaboratively with the Puerto Rico Government and its agencies to define how to best
utilize over $750 million in emergency funding. The Oversight Board concentrated on achieving
its mandates under PROMESA, advancing structural reforms that would promote economic growth
and improve the quality of life for the people of Puerto Rico so that fiscal responsibility, access to
capital markets, and economic prosperity can return to the Island.  Proskauer continued to provide
legal and strategic advice to the Oversight Board, considering its priority of protecting the health,
safety, and economic welfare of the people of Puerto Rico.  Among others, Proskauer's notable
undertakings during this Compensation Period included:

- Further Development of the Amended Joint Plan and Disclosure Statement.  By its
  order dated October 29, 2020, the Title III Court mandated that by February 10, 2021
  the Oversight Board, at a minimum, disclosed the material economic and structural
  features of its proposed amended plan of adjustment and introduced a schedule for
  the path to confirmation [ECF No. 14987].[7]  On November 20, 2020, the Oversight
  Board approved the resumption of negotiations on a plan of adjustment with
  creditors and other parties pursuant to the mediation agreement, with mediation
  sessions resuming during the first week of December 2020. On behalf of the

---

[7]  This deadline was extended to March 8, 2021 [ECF No. 15849]. On March 8, 2021, Proskauer filed the *Second
Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 15976] and related
disclosure statement [ECF No. 15988]. On May 11, 2021, Proskauer filed *Third Amended Title III Joint Plan of
Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 16740] and related disclosure statement [ECF No.
16741]. On June 29, 2021, Proskauer filed *Fourth Amended Title III Joint Plan of Adjustment of the Commonwealth
of Puerto Rico, et al.* [ECF No. 17194] and related disclosure statement [ECF No. 17192].

Oversight Board, Proskauer, under the guidance of the Mediation Team led by the Honorable Judge Barbara J. Houser, participated in mediation sessions and in multiple informal meetings with the Commonwealth, AAFAF, the parties to the Plan Support Agreement (the "PSA"), certain insurers and holders of bonds issued by various Puerto Rico entities (Assured Guaranty Corporation, Assured Guaranty Municipal Corporation (both together, "Assured"), Ambac Assurance Corporation ("Ambac"), and Financial Guaranty Insurance Company ("FGIC", and together with Assured and Ambac, collectively, the "Monolines"), the Unsecured Creditors' Committee (the "UCC"), the Retiree Committee, and various unions with the goal of developing and establishing a framework and a timeline for consensual debt restructuring. On February 10, 2021, the Oversight Board announced in its press-release that after a successful mediation process it had reached an agreement in principle with several creditor groups to lower Puerto Rico's debt to sustainable levels and achieved a realistic proposal that would open a path to recovery from bankruptcy.  On February 23, 2021, the Oversight Board announced that following months of court-supervised mediations, assessment of the cumulative effect of the COVID-19 pandemic, the ongoing recession, and a series of natural disasters over the last several years on Puerto Rico and its economy, the Board also achieved a new fair, sustainable, and consensual debt restructuring agreement with the general obligation (GO) and Public Building Authority (PBA) bondholders.

At the Court's direction, Proskauer, on behalf of the Oversight Board, provided the Court with three status reports in connection with omnibus hearings summarizing the Oversight Board's activities, the status of the Debtors' Title III Cases, and the general status of work towards the plan of adjustment [ECF Nos. 14958, 15388, and 15739], and with two status reports specifically addressing the effects of the Government's response to the pandemic and the timeline for the Debtors' Plan of Adjustment and Disclosure Statement [ECF Nos. 14923 and 15345].

As of July 14, 2021, the second day of the disclosure statement hearing, the Oversight Board had negotiated settlements with holders of the majority of the GO bondholders, PBA bondholders, ERS bondholders, the Committee of Retirees, the UCC, Assured, National, and certain unions, and had negotiated a conditional settlement with Ambac and FGIC.

- Compliance with PROMESA.  The Oversight Board continued to monitor and communicate with the Government about required compliance with PROMESA and with certified fiscal plans and budgets. The Puerto Rico Transport and Other Services Bureau ("NTSP") enacted new regulations without presenting them first for the Oversight Board's approval, as required by PROMESA. The new regulations increased certain tariffs that the certified fiscal plan sought to eliminate to improve the ease of doing business, attract investment, and promote economic growth. Proskauer attorneys advised the Oversight Board in its communications with NTSP and AAFAF concerning NTSP regulations inconsistent with the fiscal plan and the potential negative impact of their implementation, and also advised the Oversight Board in its communications with the Puerto Rico Trucking Association regarding

their threat of a strike by transportation companies in support of temporary rate increases implemented by NTSP against the direction of the Oversight Board.

During the Compensation Period, the Oversight Board was concerned with the Government's delays in publishing its consolidated audited financial statements, which were more than two years behind schedule, and worked with the Government to ensure that audited financial statements were completed on a timely basis going forward. Proskauer attorneys also worked diligently with the Oversight Board drafting multiple letters pursuant to section 204(a) of PROMESA to various Puerto Rico Government entities, municipalities, and private contractors concerning their financial reporting to ensure their compliance with the Oversight Board's requests for financial information and with certified budgets and fiscal plans.

During the Compensation Period, Proskauer worked diligently in relation to the Oversight Board's efforts to nullify and prevent implementation of three statutes enacted by the Puerto Rico Legislature designated as Acts 80-2020, 81-2020, and 82-2020 (collectively, the "Pension Laws"), and to prevent the enactment of proposed House Bill 120, due to their inconsistency with the certified fiscal plans and PROMESA's purposes. Proskauer attorneys participated in discussions with counsel to AAFAF and representatives of the Governor concerning the Pension Laws and House Bill 120, analyzed and provided to the Government and AAFAF various data and reports from the Oversight Board's economic advisors and reviewed and evaluated the data provided by the Government. On behalf of the Oversight Board, they drafted multiple section 204(a) letters to the Government and AAFAF concerning the challenged Pension Laws and House Bill 120, their implementation by the Government, and their actual and potential impact on the Commonwealth and its reorganization.

The Oversight Board also identified at least $80 million in payroll payments made between 2007 and 2020 to employees who were not working. The payments were made by Puerto Rico Department of Education ("PRDE") due to PRDE's ineffective attendance and payroll system. The Oversight Board provided certain steps that PRDE and the Government had to implement to remedy the issue, comply with the certified fiscal plan, and establish budgetary controls that ensured fiscal accountability. Proskauer attorneys advised the Oversight Board in its communications with the Government concerning the PRDE time and attendance project and on a public meeting presentation related to the issue.

- LUMA Energy Contract. Proskauer professionals, along with other Oversight Board advisors, devoted significant time and effort to negotiating a contract with LUMA Energy, LLC and LUMA Energy ServCo, LLC (collectively, "LUMA Energy") for transitioning the maintenance and operation of the Puerto Rico Transmission and Distribution System (the "T&D System") to LUMA Energy, with the goal of providing safe, reliable, and affordable energy service to the Island. The Puerto Rico Transmission and Distribution System Operation and Maintenance Agreement (the "O&M Agreement") was approved by the Oversight Board and Governor Vazquez, and entered into by PREPA, the Puerto Rico Public-Private Partnerships Authority,

9

and LUMA Energy on June, 22, 2020. On July 7, 2020, Proskauer, on behalf of the Oversight Board, joined other Government Parties in *PREPA's Motion for Entry of an Order Allowing Administrative Expense Claim for Compensation for Front-End Transition Services under Puerto Rico Transmission and Distribution System Operation and Maintenance Agreement With LUMA Energy* (the "LUMA Administrative Expense Motion") [ECF No. 13583], requesting that the Title III Court allow an administrative expense claim for any accrued and unpaid front-end transition obligations incurred by PREPA under the T&D Contract. The LUMA Administrative Expense Motion was granted on October 14, 2020 [ECF No. 14609]. On October 26, 2020, UTIER and SREAEE appealed the Title III Court decision, *UTIER v. PREPA*, Case No. 20-2041 (1st Cir.). The case is fully briefed and was argued on June 8, 2021.  During the Compensation Period, Proskauer professionals devoted significant time and effort advising the Oversight Board on various benefits related matters in connection with transitioning the operation of Puerto Rico's T&D system to LUMA Energy, specifically, analyzing collective bargaining agreements, and preparing for and participating in strategy sessions on benefits and pension issues. On June 2, 2021 Proskauer, on behalf of the Oversight Board reported to the Title III Court that the Interim Period Service Commencement Date under the O&M Agreement occurred on June 1, 2021 and LUMA Energy commenced operating and maintaining PREPA's T&D system.[8]

- Oversight Board New Members.  In December of 2020, the Oversight Board welcomed four new members appointed by then President Donald J. Trump.  At the request of the Oversight Board, Proskauer attorneys conducted legal research regarding the Board's authority under PROMESA to delegate responsibilities and allocate power in connection with nomination for appointment of the new members of the Board, prepared multiple summaries, charts and memoranda for incoming Board members analyzing pending adversary and appellate proceedings, summarizing substantive Title III Court orders, outlining proposed next steps in the Title III cases, and participated in onboarding sessions with the newly appointed Oversight Board members.

23.     Throughout the Compensation Period, Proskauer continued its defense of the Title III Debtors' interests by analyzing and objecting to duplicative, incorrectly filed, and otherwise deficient or invalid claims against the Debtors, negotiating and participating in meet-and-confer communications with claimants to achieve the best possible outcome for the Debtors.  Among the major claims-related matters in which Proskauer represented the Title III Debtors during the Compensation Period are the following:

---

[8] *See Informative Motion Regarding LUMA's Commencement of Operation and Maintenance of PREPA's T&D System* [Case No. 17-4780, ECF No. 2503].

- <u>Claim Objections</u>.  In connection with proofs of claim filed against the Debtors,[9] Proskauer filed a total of 37 omnibus objections between October 1, 2020 and January 2021.  Proskauer professionals dedicated a significant amount of time and effort to the careful review and analysis of the filed claims and preparing omnibus objections to those claims, as well as reviewing multiple responses and preparing replies in support of the objections.  Due to the COVID-19 pandemic-related restrictions, including the inability of the Court to hold in-person hearings, the Debtors were unable to prosecute certain pending omnibus objections to claims and Proskauer worked with the Title III Court to adjourn hearings on omnibus claim objections. Accordingly, approximately 179 omnibus objections to claims, affecting over 60,500 claimants, remained pending before the Court at the beginning of the Compensation Period. Proskauer worked diligently with the Court to establish a satellite hearing location at the Prime Clerk collection center in San Juan, where claimants were able to appear and speak at a hearing, following strict public health and safety measures. From October of 2020 through January of 2021, Proskauer organized four hearings on the previously adjourned omnibus objections with remote access for attorneys and the satellite site available to those claimants who chose to appear in person.

- <u>Alternative Dispute Resolution ("ADR")</u>. To promote the timely and cost-effective resolution of claims, Proskauer, on behalf of the Debtors, requested that the Title III Court approve amended procedures for alternative dispute resolution (the "<u>ADR Procedures</u>").  On April 1, 2020, the final ADR Procedures were approved by the Court.[10] During the Compensation Period, Proskauer filed its *Third* through *Ninth Notices of Transfer of Claims to Alternative Dispute Resolution* [ECF Nos. 14521, 14786, 15085, 15114, 15217, 15533 and 15720], transferring approximately 200 claims to the ADR process. On behalf of the Debtors, Proskauer professionals prepared offer letters to the claimants listed in the ADR Notices. Proskauer also filed its *Second* and *Third Alternative Dispute Resolution Status Notices* [ECF Nos. 15028 and 15551] providing an update to the Court regarding the status of the claims transferred into the ADR process.

- <u>Administrative Reconciliation of Claims ("ACR")</u>.  To further facilitate the efficient and cost-effective resolution of the claims, Proskauer, on behalf of the Debtors, submitted to the Court that certain types of claims, such as claims for pension or retiree benefits, tax refunds, salaries and benefits owed to public employees, and union grievances, should remain within the auspices of the Debtors' administrative processes.  The Court approved proposed ACR Procedures on March 12, 2020.[11] During the Compensation Period, Proskauer filed its *Third* through *Eighth Notices*

---

[9] Pursuant to the Bar Date Orders [Case No. 17-BK-3283-LTS, ECF Nos. 2521, 3160, 12260, and 13403], approximately 179,396 proofs of claim have been filed against the Debtors and logged by Prime Clerk, LLC.

[10] See  *Order (A) Authorizing Alternative Dispute Resolution Procedures, (B) Approving Additional Forms of Notice, and (C) Granting Related Relief* [ECF No. 12576].

[11] See *Order (A) Authorizing Administrative Reconciliation of Claims, (B) Approving Additional Form of Notice, and (C) Granting Related Relief* [ECF No. 12274].

*of Transfer of Claims to Administrative Claim Reconciliation* [ECF Nos. 14785, 15027, 15086, 15114, 15534, and 15721], transferring over 16,600 claims into Administrative Claims Reconciliation. On December 7, 2020, Proskauer filed the *Notice of Filing of Second Administrative Claim Resolution Status Notice* [ECF No. 15367] and on February 5, 2021, the *Notice of Filing of Third Administrative Claim Resolution Status Notice* [ECF No. 15812], providing an update to the Court regarding the status of the claims transferred into the ACR Procedures pursuant to the eight notices, and reporting that 10,171 claims out of 17,007 transferred claims had been successfully resolved.

24.    <u>First Circuit and Supreme Court Appeals</u>. During this Compensation Period, Proskauer defended a number of significant matters before the appellate courts, obtaining several critical judgments on behalf of the Oversight Board as Title III representative of the Debtors.  Some of the appellate matters where Proskauer attorneys represented the Oversight Board included:

- <u>U.S. Supreme Court *Certiorari* Petition</u>:

  (1) <u>Employees Retirement System v. Andalusian Global Designated, Case No. 20-126 (U.S.)</u>: On January 30, 2020, the First Circuit affirmed the Title III Court's decision that under section 552 any security interest resulting from liens granted to the ERS bondholders prior to the commencement of the ERS Title III case do not attach to revenue received by ERS following the petition date.[12] After their petition to the First Circuit for rehearing was denied, the bondholder parties appealed the First Circuit judgment to the U.S. Supreme Court on July 31, 2020. On October 8, 2020, Proskauer filed the Oversight Board's opposition to the bondholders' petition for writ of certiorari, and the petition was denied on November 16, 2020.

- <u>First Circuit Appeals</u>:

  (1) <u>Diaz Mayoral v. Commonwealth, Case No. 20-1279</u> (consolidated with Case No. 19-2231**)**:  On December 18, 2019, Appellants Jorge A. Diaz Mayoral and Juan A. Frau Escudero appealed the Title III Court orders sustaining the Debtors' sixty-fourth omnibus objection to claims and their motion for reconsideration.[13] After multiple requests for extension of time, the appellants filed their opening brief on December 16, 2020. Proskauer, on behalf of the Oversight Board, responded on February 24, 2021. The case was fully briefed and was argued on May 4, 2021. On May 28, 2021, the First Circuit affirmed the decisions of the Title III Court.

  (2) <u>UTIER v. Ortiz Vázquez, Case No. 20-1332</u>: On March 23, 2020, UTIER appealed

---

[12] *See* January 30, 2020, *Judgment* and *Opinion*, Case Nos. 19-1699, 19-1700 (1st Cir.).

[13] *See Order Granting Sixty-Fourth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims Based on Investments in Mutual Funds* [ECF No. 9099]; *Memorandum Order Denying Motion to Alter or Amend Order Sustaining Objection (Dkt. 8297) to Claims No. 152470 & No. 152283* [ECF No. 9121].

the Title III Court order dismissing UTIER's petition for a writ of mandamus
compelling PREPA to comply with certain provisions of health benefits related Law
No. 26-2017 and preventing PREPA from implementing a new contract with a
healthcare manager to provide healthcare to PREPA's employees according to the
provisions of the newly certified PREPA budget. [14]  On August 4, 2020, UTIER filed
its opening appellate brief. Proskauer, on behalf of the Oversight Board, responded
on October 21, 2020.  On January 15, 2021, the First Circuit affirmed the Title III
Court's dismissal of UTIER's mandamus petition.

(3)  Ambac Assurance Corp. v. Commonwealth, Case No. 20-1657: On June 16, 2020,
the Title III Court granted the Oversight Board's motion and ordered Ambac to
withdraw as violating the automatic stay imposed by 11 U.S.C. § 362(a) Ambac's
complaint in the District Court of Puerto Rico seeking to rescind a concession
extension agreement with HTA.[15] Ambac appealed the order on June 30, 2020. On
October 19, 2020, Ambac filed its opening appellate brief. Proskauer filed the
response on behalf of the Oversight Board on December 18, 2020. After several
extensions, Ambac filed its reply brief on February 12, 2021, and the matter was
argued on March 8, 2021.

(4)  Campamento Contra las Cenizas en Peñuelas, Inc. v. FOMB, Case No. 20-1685;
UTIER v. FOMB, Case No. 20-1709; and Windmar Renewable Energy, Inc. v.
FOMB, Case No. 20-1710:  On July 3, 2020, UTIER and Widmar Renewable
Energy, Inc. ("Windmar") appealed the Title III Court order authorizing PREPA to
assume its power purchase and fuel supply agreements on renewed terms with two
energy providers, which were approved by PREPA's Governing Board, the Puerto
Rico Energy Bureau, and the Oversight Board,[16] and on July 10, 2020, certain
environmental groups[17] filed their own appeal.  The appeals were consolidated for
the purposes of briefing on November 2, 2020. On December 14, 2020, UTIER filed
its appellant's brief, which was joined by the Environmental Groups on the same
date. Windmar filed its opening brief on December 15, 2020. Proskauer filed the
responsive brief on behalf of the Oversight Board on February 16, 2021, and on

---

[14] See *Memorandum Opinion and Order Granting Respondent Puerto Rico Electric Power Authority's Motion to
Dismiss Plaintiff's Mandamus Petition Pursuant to Fed. R. Civ. P. 12 (b)(1) and 12(b)(6)* [Adv. Proc. No. 19-00298].

[15] *See Memorandum Order Granting Motion of Financial Oversight and Management Board Pursuant to Bankruptcy
Code Sections 105(a) and 362 for Order Directing Ambac to Withdraw Complaint* [ECF No. 13447].

[16] *See Order Authorizing PREPA to Assume Certain Contracts with Ecoeléctrica, L.P. and Gas Natural
Aprovisionamientos SDG, S.A.* [ECF No. 13470; Case No. 17-4780, ECF No. 2038] and *Memorandum Opinion
Regarding PREPA's Urgent Motion For Entry On An Order Authorizing PREPA to Assume Certain Contracts With
Ecoléctrica, L.P. And Gas Natural Aprovisionamientos SDG, S.A.* [ECF No. 13471; Case No. 17-4780, ECF No.
2039].

[17] Comité Diálogo Ambiental, Inc., El Puente de Williamsburg, Inc. - Enlace Latino de Acción Climática, Comité
Yabucoeño Pro-Calidad de Vida, Inc., Alianza Comunitaria Ambientalista del Sureste, Inc., Sierra Club and its
Puerto Rico chapter, Mayagüezanos por la Salud y el Ambiente, Inc., Coalición de Organizaciones Anti-Incineración,
Inc., Amigos del Río Guaynabo, Inc., Campamento Contra las Cenizas en Peñuelas, Inc., CAMBIO P.R.,
(collectively, the "Environmental Groups").

March 8, 2021, UTIER filed its reply brief. The matter was argued on May 4, 2021.

(5) Rivera-Rivera v. FOMB, Case No. 20-1797: On August 11, 2020, Sistema de Retiro de los Empleados de la Autoridad de Energía Eléctrica ("SREAEE") and the Board of Trustees of the PREPA Employees' Retirement System appealed the Title III Court order granting the defendants'[18] motion to dismiss the second amended complaint which had sought to declare null and void the Puerto Rico Governor's Executive Order OE-2018-012 and certain actions by the PREPA Board of Directors based on it.[19] The appellants filed their opening brief on November 25, 2020. Proskauer attorneys worked with counsel for AAFAF and individual appellees on drafting relevant portions of the joint responsive brief, which was submitted on January 14, 2021. The case was fully briefed and Proskauer argued the matter on behalf of the Oversight Board on May 3, 2021.

(6) Assured v. FOMB, Case No. 20-1847 (the "Section 926 Appeal"):  On August 25, 2020, the Monolines appealed the Title III Court orders denying their motion for appointment of a trustee under section 926 of the Bankruptcy Code to pursue their claims on behalf of HTA against the Commonwealth and their request for a related bridge order.[20] On September 30, 2020, the Monolines filed a motion to hold the appeal in abeyance pending resolution of their appeal of the Title III Court opinion denying their Lift Stay Motion. On October 13, 2020, Proskauer, on behalf of the Oversight Board, filed an opposition to the appellants' motion to hold appeal in abeyance and cross-motion to dismiss the appeal as moot. The Monolines' motion was denied on December 22, 2020, and on January 8, 2021 the briefing schedule was set.  On February 17, 2021, the monolines filed their appellants' brief. The DRA Parties intervened in support of the Monolines on April 12, 2021. On behalf of the Oversight Board, Proskauer submitted a responsive brief on April 19, 2021. AAFAF submitted its response on the same date. The appellants requested that they be allowed to file their final form briefs on May 26, 2021, and that request was granted. After the appellants' final form opening and reply briefs were tendered, Proskauer filed final form reply on June 6, 2021 and AAFAF on June 8, 2021.  The matter is fully briefed.

(7) PRIFA and HTA Revenue Bonds Lift Stay Appeals: Assured Guaranty Corp. v. Commonwealth, Case No. 20-1930 (HTA Lift Stay Appeal); Ambac Assurance

---

[18] Puerto Rico Governor Wanda Vázquez Garced, the Commonwealth of Puerto Rico, and PREPA (through their representatives the FOMB and the AAFAF), Eli Diaz Atienza, Ralph A. Kreil, David K. Owens, Charles Bayless, Robert Poe, Maria Palou Abasolo, and José Ortiz.

[19] See Memorandum Opinion and Order Granting Motion to Dismiss the Second Amended Adversary Complaint [Adv. Proc. No. 18-AP-047, ECF No. 80]; Judgment [Adv. Proc. No. 18-AP-047, ECF No. 81].

[20] See Order Denying Urgent Motion for Bridge Order, and Motion for Appointment as Trustees Under 11 U.S.C. § 926, of Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., Financial Guaranty Insurance Company, and National Public Finance Guarantee Corporation [ECF No. 13825; Case No. 17-3567, ECF No. 889] and Memorandum Opinion and Order Denying Motion for Appointment as Trustees Under 11 U.S.C. § 926, of Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., Financial Guaranty Insurance Company, and National Public Finance Guarantee Corporation [ECF No. 14012; Case No. 17-3567, ECF No. 912].

Corp. v. Commonwealth, Case No. 20-1931 (PRIFA Lift Stay Appeal): Following the Title III Court's denial on September 9, 2020 of the Monolines' motions seeking relief from the automatic stay to allow them to seize certain Commonwealth revenues allegedly conditionally allocated under Puerto Rico law to HTA, PRIFA, and CCDA in order to pay their prepetition bond claims (collectively, the "Lift Stay Motions"), the Monolines filed two appeals on September 23, 2020.[21] Appellants' briefs in both matters were submitted on October 28, 2020. Proskauer filed responsive briefs on behalf of the Oversight Board in both matters on December 7, 2020. On December 21, 2020, the Monolines filed their reply briefs. The oral argument was held on February 4, 2021. On March 3, 2021, the First Circuit affirmed the Title III court's denial of the Lift Stay Motions.

(8) UCC v. FOMB, Case No. 20-2014 (the "UCC GO Priority Appeal"). On October 16, 2020, the UCC appealed the Title III Court orders denying the UCC's motion requesting to lift the automatic stay to allow the UCC to pursue an objection to the priority of GO Bond claims and a related motion for reconsideration.[22] On October 28, 2020, Proskauer, on behalf of the Oversight Board, submitted its opposition to the UCC's motion to expedite the appeal, bringing to the First Circuit's attention the issue of jurisdiction over the appeal. On November 9, 2020, the First Circuit issued an order noting the issue of jurisdiction and requesting related briefing by the parties. On November 23, 2020 the UCC filed its brief in response to the order regarding jurisdiction. Proskauer filed a response reiterating the Oversight Board's position that the challenged orders were not final and appealable, and therefore the First Circuit lacked jurisdiction, on December 10, 2020. On December 14, 2020, the UCC replied in support of its brief. On February 22, 2021, the First Circuit dismissed the appeal for lack of jurisdiction.

25. In addition to the above, Proskauer has represented the Oversight Board and Title III Debtors in numerous adversary proceedings and other contested matters brought by the Debtors' bondholders and monoline insurers, the Puerto Rico Government and its agencies, creditors, and

---

[21] *See Opinion and Order in Connection with Preliminary Hearing Regarding Motion of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, National Public Finance Guarantee Corporation, and Financial Guaranty Insurance Company for Relief from the Automatic Stay, or, in the Alternative, Adequate Protection (Docket Entry No. 10102)* [ECF No. 13541; Case No. 17-3567, ECF No. 853] (the "Preliminary HTA Order"), *Opinion and Order in Connection with Preliminary Hearing Regarding Amended Motion of Ambac Assurance Corporation, Financial Guaranty Insurance Company, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and U.S. Bank National Trust Association, Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds* [ECF No. 13542] (the "Preliminary PRIFA Order"), and *Memorandum Opinion and Order Denying HTA and PRIFA Revenue Bond Stay Relief Motions* [ECF No. 14186, Case No. 17-3567, ECF No. 921] (the "Final HTA & PRIFA Order").

[22] *See Order Denying Urgent Motion of Official Committee of Unsecured Creditors to Lift Stay to Allow Committee to Pursue Objection to GO Priority* [ECF No. 14331] and *Order Denying Motion, Under Federal Rule of Bankruptcy Procedure 9023, of Official Committee of Unsecured Creditors for Reconsideration of September 17, 2020 Order Denying Motion to Lift Stay to Allow Committee to Pursue Priority Objection to GO Bond Claims* [ECF No. 14452].

other parties.  The following is a summary of major litigation matters in which Proskauer served as

lead counsel for the Title III Debtors during this Compensation Period:

- <u>PREPA 9019 Motion</u>.[23]  During the Compensation Period, Proskauer continued extensive communications with various parties to further the progress made towards the resolution of the 9019 Motion and related disputes, as well as to strengthen the Oversight Board and PREPA's position in the proposed restructuring process. Proskauer held multiple conferences with the Board's other advisors, Government parties, and creditors, evaluating and assessing the impact of the COVID-19 pandemic and recent natural disasters on PREPA and its facilities. On May 22, 2020, the Title III Court confirmed the indefinite adjournment of the 9019 Motion deadlines [Case No. 17-4780, ECF No. 2006]. On August 18, 2020, the UCC filed a motion to terminate the 9019 Motion and on August 28, 2020, the related urgent motion to compel discovery to determine whether the PREPA Restructuring Support Agreement (the "<u>RSA</u>") remained viable and could be renegotiated by the parties.[24] The Title III Court denied the UCC's motion to compel on September 5, 2020, and denied the UCC's motion to terminate the PREPA 9019 Motion on November 4, 2020.  On December 4, 2020, the UCC appealed the Court's decisions related to the 9019 Motion.[25] *UCC v. FOMB*, Case No. 20-2162 (1st Cir.). On May 21, 2021, the appeal was dismissed for lack of jurisdiction. As mandated by the Court, on December 9, 2020 the Government Parties submitted their next joint status report apprising the Court of the conditions on the Island, ongoing evaluation of the PREPA RSA and 9019 Motion in light of the changing economic landscape, and proposed next steps with respect to the RSA and 9019 Motion [Case No. 17-4780, ECF No. 2330].

- <u>ERS Bondholders' Claims and Administrative Expense Motions</u>.[26] On May 6, 2020, Proskauer filed the ERS and the Commonwealth's motion requesting the Court to

---

[23] A brief overview of Proskauer's progress on the PREPA 9019 Motion in the prior interim compensation periods can be found in the Eighth Fee Application at 8 n.13 and Tenth Fee Application at 15-16.

[24] *See Motion of Official Committee of Unsecured Creditors to Terminate Bankruptcy Rule 9019 Motion* [Case No. 17-4780, ECF No. 2144] and *Official Committee of Unsecured Creditors' Urgent Motion to Compel Discovery in Connection with Motion to Terminate Bankruptcy Rule 9019 Motion* [Case No. 17-4780, ECF No. 2155].

[25] *See Order Denying the Official Committee of Unsecured Creditors' Motion to Terminate Rule 9019 Motion* [ECF No. 15020; Case No. 17-4780, ECF No. 2287], *Memorandum Order Regarding Official Committee of Unsecured Creditors' Urgent Objection to Magistrate Judge's September 5, 2020 Order on Motion to Compel Discovery in Connection with Motion to Terminate Bankruptcy Rule 9019 Motion* [ECF No. 14586; Case No. 17-4780, ECF No. 2252], and *Order on Motion to Compel* [ECF No. 14181; Case No. 17-4780, ECF No. 2177]

[26] The Claims include those asserted by (a) certain ERS Bondholders in the (i) *ERS Bondholders' Motion and Request for Allowance and Payment of Post-Petition and Administrative Expense Claims* [ECF No. 9285 in Case No. 17-bk-3283 and ECF No. 707 in Case No. 17-bk-3566] and (ii) *ERS Bondholders' Motion and Request for Allowance and Payment of Post- Petition and Administrative Expense Claims* [ECF No. 9294 in Case No. 17-bk-3283 and ECF No. 710 in Case No. 17-bk-3566] (collectively, the "<u>Bondholder Administrative Expense Motions</u>"), (b) the Fiscal Agent in the *Joinder in ERS Bondholders' Motion for Allowance of Administrative Expense Claim* [ECF No. 9298 in Case No. 17-bk-3283 and ECF No. 712 in Case No. 17-bk-3566] (the "<u>Fiscal Agent Joinder</u>" and, together with the Bondholder Administrative Expense Motions, the "<u>Administrative Expense Motions</u>"), (c) the Claimants in the *ERS Bondholders' Supplement to Proofs of Claim and Motions for Allowance of Administrative Expense Claims* [ECF

disallow and dismiss all claims asserted against ERS and the Commonwealth by the ERS Bondholder Claimants, except for their nonrecourse claims against ERS for unpaid principal and interest on the ERS Bonds.[27] On June 10, 2020, certain beneficial owners of bonds issued by ERS, and The Bank of New York Mellon as fiscal agent for the bonds issued by ERS (collectively, "ERS Bondholder Claimants") filed their *Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c)* [ECF No. 13400; Case No. 17-3566, ECF No. 917], arguing they were entitled to recourse claims against the ERS and Commonwealth under section 1111(b) of the Bankruptcy Code. On September 11, 2020, Proskauer, together with counsel for the UCC, filed two motions for summary judgment against certain ERS bondholders with respect to certain counts included in ERS's adversary complaints related to the scope of the bondholders' security interests in ERS.[28] On the same day, the bondholders filed their own motions for partial summary judgment on the lien scope issues.[29] The motions were fully briefed. On January 15, 2020, Proskauer, on behalf of the Oversight Board, together with the UCC, Retiree Committee and Special Claims Committee, submitted their joint *Urgent Motion to Set Oral Argument Concerning Pending Motions in Certain Contested Matters and Adversary Proceedings Related to the Bonds Issued by the Employees Retirement System of the Government of the Commonwealth of Puerto Rico* [ECF No. 15634; Case No. 17-bk-3566, ECF No. 1052], which was subsequently fully briefed. On January 22, 2021, the Title III Court granted the urgent motion and scheduled oral arguments on the ultra vires and lien scope related summary judgment motions, as well as the pending Rule 12 motions to dismiss, at the March and April omnibus hearings, respectively.[30] As a result of ongoing mediation, on April 2, 2021, the Oversight Board, on behalf of the Commonwealth and ERS, and certain ERS bondholders entered into the *Amended and Restated Stipulation (A) Allowing Claims of ERS Bondholders, (B) Staying Pending Litigation, and (C) Providing for Treatment of Claims of ERS Bondholders and Dismissal of Pending Litigation Pursuant to a Plan of Adjustment* regarding the treatment of the ERS Bonds in a third amended plan of adjustment to be filed by the Oversight Board. The Oversight Board and the ERS bondholders further agreed that, upon the effective date of the Debtors' plan of adjustment, the pending ERS bonds related actions shall be

---

No. 12536 in Case No. 17-bk-3283 and ECF No. 848 in Case No. 17-bk-3566] (the "Supplement"), (d) the Fiscal Agent in proofs of claim numbers 16775, 16777, and 32004 (the "Fiscal Agent Proofs of Claim"), and (e) the ERS Bondholder Groups in the proofs of claim listed in Appendix 2 to the *Order Granting Urgent Joint Motion for Entry of a Schedule for Resolution of the ERS Bondholder Claims and Administrative Expense Motions* [ECF No. 12446 in Case No. 17-bk-3283 and ECF No. 838 in Case No. 17-bk-3566] (the "ERS Bondholder Groups Proofs of Claim" and, together with the Fiscal Agent Proofs of Claim, the "Proofs of Claim").

[27] *See Motion of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Disallow and Dismiss Claims Asserted or Filed by ERS Bondholders and the ERS Fiscal Agent Pursuant to Bankruptcy Rules 3007(b) & 7012(b)* [ECF No. 13054; Case No. 17-3566, ECF No. 891].

[28] *See* Case No. 19-366, ECF No. 91, and Case No. 19-367, ECF No. 107.

[29] *See* Case No. 19-366, ECF No. 95, and Case No. 19-367, ECF No. 111.

[30] See *Order Granting Urgent Motion to Set Oral Argument Concerning Pending Motions in Certain Contested Matters and Adversary Proceedings Related to the Bonds Issued by the Employees Retirement System of the Government of the Commonwealth of Puerto Rico* [ ECF No. 15697; Case No. 17-bk-3566, ECF No. 1065].

dismissed and/or denied, with prejudice, and on April 5, 2021 filed the U*rgent Joint Motion to Stay Certain Contested Matters and Adversary Proceedings Related to the Bonds Issued by the Employees Retirement System of the Government of the Commonwealth of Puerto Rico* [ECF No. 16321; Case No. 17-bk-3566, ECF No. 1122]. On April 12, 2021, the Court granted the urgent motion and stayed the ERS bonds related matters indefinitely.[31]

- Ambac's Motion to Strike PSA Provisions. On July 9, 2020, Ambac filed a motion to strike certain provisions of the amended plan support agreement dated February 9, 2020 between the Oversight Board, certain GO bondholders, and certain PBA bondholders, claiming that recent changes to the certified fiscal plan had rendered the proposed plan of adjustment unconfirmable and the "breakup fee" provision of the PSA violated PROMESA. On August 25, 2020, Assured joined the motion.[32] On October 6, 2020, Proskauer submitted the Oversight Board's objection requesting the Court deny the motion and joinder as procedurally improper and not ripe for adjudication, in addition to requesting denial on substantive grounds.[33] On October 20, 2020, Ambac submitted its reply in support of the motion to strike. Proskauer professionals, on behalf of the Oversight Board, worked diligently and collaboratively to negotiate new terms with the PSA participants and on February 22, 2021 a new Plan Support Agreement was unanimously approved by the Oversight Board, terminating the PSA that was the subject of the Ambac's motion. The new PSA was supported by holders of more than $11.7 billion of bonds, including traditional municipal investors and monoline insurers Assured Guaranty Corp., Syncora Guarantee Inc., and National Public Finance Guarantee Corp. Consequently, the Title III Court terminated Ambac's motion to strike on March 31, 2020.[34]

- PSA Creditors' Motion to Impose Deadlines for Plan of Adjustment. On October 6, 2020, certain PSA Creditors[35] filed a motion seeking an order imposing strict

---

[31] See *Order (I) Granting U*rgent Joint Motion to Stay Certain Contested Matters and Adversary Proceedings Related to the Bonds Issued by the Employees Retirement System of the Government of the Commonwealth of Puerto Rico and (II) Adjourning April 29, 2021, Oral Argument* [ECF No. 16285; Case No. 17-bk-3566, ECF No. 1123].

[32] *See Ambac Assurance Corporation's Motion to Strike Certain Provisions of the Amended Plan Support Agreement by and Among the Financial Oversight and Management Board for Puerto Rico, Certain GO Holders, and Certain PBA Holders* [ECF No. 13573] and *Joinder and Statement in Support of Assured Guaranty Corp. and Assured Guaranty Municipal Corp. with Respect to Ambac Assurance Corporation's Motion to Strike Certain Provisions of the Amended Plan Support Agreement by and Among the Financial Oversight and Management Board for Puerto Rico, Certain GO Holders, and Certain PBA Holders* [ECF No. 14091].

[33] *See Objection of Financial Oversight and Management Board for Puerto Rico to Motion of Ambac Assurance Corporation to Strike Certain Provisions of the Amended Plan Support Agreement by and among the Financial Oversight and Management Board for Puerto Rico, Certain GO Holders, and Certain PBA Holders* [ECF No. 14460].

[34] *See Order Terminating Without Prejudice Ambac Assurance Corporation's Motion to Strike Certain Provisions of the Amended Plan Support Agreement by and among the Financial Oversight and Management Board for Puerto Rico, Certain GO Holders, and Certain PBA Holders* [ECF No. 16264].

[35] The Ad Hoc Group of Constitutional Debtholders as set forth in the *Seventh Supplemental Verified Statement of the Ad Hoc Group of Constitutional Debtholders Pursuant to Federal Rule of Bankruptcy Procedure 2019* [ECF No.

deadlines for filing and confirmation of the Debtors' amended plan of adjustment.[36] On October 13, 2020, Proskauer, on behalf of the Oversight Board, filed an objection to the motion as being based on factual inaccuracies, amounting to an improper challenge to the fiscal plan, and serving no meritorious purpose. Objections to the PSA Creditors' motion were also filed by AAFAF, UCC, National Public Finance Guarantee Corporation, and Ambac Assurance Corporation. After the PSA Creditors replied to the objections on October 20, 2020, Proskauer defended the Oversight Board's position at the omnibus hearing on October 29, 2020. The Court agreed with the objecting parties that the deadlines sought by the PSA Creditors were "unrealistically harsh" and established February 10, 2021 as a deadline more appropriate given the pandemic restrictions, changes in the Oversight Board membership, and the transition of power after Puerto Rico's elections, for the Oversight Board to file a term sheet disclosing the material economic and structural features of the proposed plan of adjustment and a timetable for its confirmation.[37]

- PREPA PPOA Rejection and Assumption Motions. In line with PREPA's goal of supplying reliable electric power to ratepayers in Puerto Rico at the lowest cost possible, and to better align this objective with the PREPA certified fiscal plan, in 2017 the Oversight Board implemented a contract review policy for certain power purchase and operating agreements ("PPOAs") with renewable energy project developers. On July 7, 2020, Proskauer filed an omnibus motion for an order authorizing PREPA to reject certain non-operational PPOAs for renewable energy projects to avoid overpaying for power and imposing additional burdens on Puerto Rico ratepayers.[38] The motion was granted on September 17, 2020.[39] On September 18, 2020, one of the energy providers, EIF PR Resource Recovery, LLC, filed its motion for reconsideration. Proskauer, on behalf of PREPA, objected on October 5, 2020, and the reconsideration was denied on November 4, 2020. On November 17, 2020, Proskauer filed *PREPA's Motion for Order Approving PREPA's Assumption*

---

13552], Ad Hoc Group of General Obligation Bondholders as set forth in the *Seventh Supplemental Verified Statement of the Ad Hoc Group of General Obligation Bondholders Pursuant to Bankruptcy Rule 2019* [ECF No. 13553], Lawful Constitutional Debt Coalition as set forth in the *Eighth Supplemental Verified Statement of the Lawful Constitutional Debt Coalition Pursuant to Federal Rule of Bankruptcy Procedure 2019* [ECF No. 14316], and QTCB Noteholder Group as set forth in the *Sixth Supplemental Verified Statement of the QTCB Noteholder Group Pursuant Bankruptcy Rule 2019* [ECF No. 13548] (collectively, the "PSA Creditors").

[36] *See Joint Motion of PSA Creditors Pursuant to Section 312 of PROMESA and Section 105 of the Bankruptcy Code to Impose Deadlines for Plan of Adjustment* [ECF No. 14478].

[37] *See Order on Joint Motion of PSA Creditors Pursuant to Section 312 of PROMESA and Section 105 of the Bankruptcy Code to Impose Deadlines for Plan of Adjustment* [ECF No. 14987].

[38] *See Omnibus Motion of Puerto Rico Electric Power Authority for Entry of an Order (A) Authorizing PREPA to Reject Certain Power Purchase and Operating Agreements, and (B) Granting Related Relief* [ECF No. 13579; Case No. 17-4780, ECF No. 2050].

[39] *See Order Granting Omnibus Motion of Puerto Rico Electric Power Authority for Entry of an Order (A) Authorizing PREPA to Reject Certain Power Purchase and Operating Agreements, and (B) Granting Related Relief* [ECF No. 14334; Case No. 17-4780, ECF No. 2198] and *Memorandum Opinion Regarding Omnibus Motion of Puerto Rico Electric Power Authority for Entry of an Order (A) Authorizing PREPA to Reject Certain Power Purchase and Operating Agreements, and (B) Granting Related Relief (Docket Entry No. 13579)* [ECF No. 14335; Case No. 17-4780, ECF No. 2199].

*of Certain Renewable Energy Power Purchase and Operating Agreements* [ECF No. 15181; Case No. 17-4780, ECF No. 2299], requesting the Title III Court's approval of six renegotiated PPOAs between PREPA and various counterparties relating to the purchase of renewable energy from solar and wind projects located throughout Puerto Rico. The motion was granted on December 2, 2020 with no objections by any parties.[40] On November 17, 2020, Proskauer also filed *Omnibus Motion of Puerto Rico Electric Power Authority for Order (A) Approving PREPA's Rejection of Certain Power Purchase and Operating Agreements, and (B) Granting Related Relief* [ECF No. 15178; Case No. 17-4780, ECF No. 2296], requesting the Title III Court authorize rejection of seven PPOAs with Windmar Renewable Energy, Inc. and Windmar Renewable Energy, LLC (collectively, "Windmar"), M Solar Generating, LLC, and YFN Yabucoa Solar, LLC, where PREPA's price renegotiation efforts failed. On December 2, 2020, the Court granted the rejection motion in part, approving the unopposed rejection of the Windmar PPOAs.[41] On January 8, 2021, M Solar Generating, LLC and YFN Yabucoa Solar, LLC filed their oppositions to the rejection motion, and Proskauer filed the omnibus reply on behalf of PREPA on April 14, 2021. Proskauer attorneys defended PREPA's position at the omnibus hearing on April 28, 2021, and the Court took the motion under advisement.

- PREPA v. Vitol, Adv. Proc. No. 19-AP-453. On July 31, 2021, Vitol Inc. and Vitol S.A. (collectively, "Vitol") filed a motion for summary judgment in relation to six fuel contracts between Vitol and PREPA, requesting dismissal of PREPA's claims and granting Vitol's counterclaims.[42] On November 9, 2020, Proskauer attorneys, on behalf of the Oversight Board as representative of PREPA, responded with PREPA's opposition and its own cross-motion for summary judgment and counterclaims to recover monies paid to Vitol under six fuel supply contracts at issue procured in violation of Puerto Rico anticorruption law.[43] Both Vitol's motion and the Oversight Board's cross-motion were fully briefed and Proskauer defended the Oversight Board's position at the oral argument on April 29, 2021. The matter is currently under advisement of the Court.

- Catesby Jones v. PREPA, Adv. Proc. No. 20-00115.  On September 19, 2020, a declaratory judgment action was brought against the Special Claims Committee and UCC as PREPA co-trustees, by certain electricity ratepayers in Puerto Rico (the "Ratepayers") seeking an order finding that the claims asserted by PREPA in *SCC v. Inspectorate America Corp.*, Adv. Proc. No. 19-00388, are not the assets of the

---

[40] *See Order Granting PREPA's Assumption of Certain Renewable Energy Power Purchase and Operating Agreements* [ECF No. 15312; Case No. 17-4780, ECF No. 2050]

[41] *See Order Granting in Part Omnibus Motion  of Puerto Rico Electric Power Authority for (A) Approval of Its Rejection of Certain Power Purchase and Operating Agreements, and (B) Related Relief* [ECF No. 15313; Case No. 17-4780, ECF No. 2318].

[42] *See Vitol Inc. & Vitol S.A.'s Motion for Summary Judgment* [Adv. Proc. No. 19-AP-00453; ECF No. 37].

[43] *See Puerto Rico Electric Power Authority's Notice of Cross-Motion Pursuant to Bankruptcy Rule 7056 for Summary Judgment on Claims and Counterclaims* and *Memorandum of Points and Authorities in Support of Puerto Rico Electric Power Authority's Cross-Motion for Summary Judgment and Opposition to Vitol's Motion for Summary Judgment* [Adv. Proc. No. 19-AP-00453; ECF Nos. 48 and 53].

PREPA's estate, that the certified class of ratepayers in *Ismael Marrero Rolon v. Autoridad de Energia Electrica*, No. 3:15-cv-01167-JAG (D.P.R.) are the appropriate plaintiffs of those claims, and granting relief from the automatic stay to permit the Ratepayers to pursue their direct claim against PREPA in the *Ismael Marrero Rolon* case. Proskauer attorneys participated in multiple meet-and-confer communications with counsel for the UCC regarding the UCC's intervention in the Catesby Jones adversary proceeding in its statutory capacity and as a co-trustee, and with the plaintiffs' counsel regarding the complaint and the relief requested, including the best procedural vehicle for the Title III Court to expeditiously adjudicate certain gating issues and to streamline resolution of the dispute. As a result, the plaintiffs' agreed to file an amended complaint naming PREPA as the sole defendant and the UCC agreed to voluntary withdraw its answer and counterclaim to the initial complaint. The amended complaint was filed on October 26, 2020, and on February 2, 2021 plaintiffs filed the second amended complaint. On behalf of PREPA, on March 30, 2021 Proskauer moved to dismiss counts I and II of the second amended complaint and defended the Debtor's position at the omnibus hearing on June 16, 2021. On June 24, 2021 the motion to dismiss counts I and II was granted.

- Six Laws Complaints. Vázquez Garced v. FOMB, Adv. Proc. Nos. 20-0080 – 20-0085. On June 17, 2020, the Governor of Puerto Rico filed six complaints against the Oversight Board related to the Oversight Board's challenge to six Commonwealth laws enacted in 2019 and 2020. After the Oversight Board notified the Government that it no longer intended to challenge the implementation of Act 90, the Government voluntarily withdrew the sixth complaint on July 16, 2020.[44] On July 30, 2020, pursuant to the unopposed motion by the Oversight Board, the five cases were consolidated. On October 5, 2020, the Oversight Board filed its motion for summary judgment. The motion was fully briefed, and on November 24, 2020 Proskauer attorneys defended the Oversight Board's position at oral argument. On December 23, 2020, the Court denied the Government's motions for summary judgment and granted in part the Oversight Board's motion, enjoining the Government from implementing and enforcing Acts 82, 138, 176, 181, and 47. The Court also issued an order to show cause why the remaining counts and counterclaims could not be dismissed as moot or for lack of subject matter jurisdiction. On January 4, 2021, in response to the order, the parties stipulated that the cases could be dismissed without prejudice, and on January 7, 2021 the Court issued the order dismissing the remaining counts and counterclaims and entered a judgment closing the cases. On January 21, 2021, the Government appealed the Title III Court's decisions. *Pierluisi v. FOMB*, Case No. 21-1071 (1st Cir.).

- Ambac Bankruptcy Clause Challenge. Ambac Assurance Corp. v. FOMB, Adv. Proc. No. 20-00068. On May 26, 2020, Ambac Insurance Corporation filed an action against the Oversight Board seeking to declare Titles I, II, and III of PROMESA

---

[44] *See Notice of Voluntary Dismissal of Adversary Complaint for Declaratory Relief Related to Act 90* [Case No. 20-0081, ECF No. 5].

unconstitutional and unenforceable, to enjoin the Oversight Board from taking any further action under Titles I, II, and III, and to dismiss the Debtors' pending Title III cases. On August 17, 2020, Proskauer filed a motion to dismiss on behalf of the Oversight Board and its individual members,[45] which was subsequently joined and supported by the Retiree Committee and AAFAF. The United States also filed a memorandum in support of constitutionality of PROMESA. The matter was fully briefed and Proskauer argued the Oversight Board's position on January 12, 2020. The matter is currently *sub judice* before the Title III Court.

- Motions to Dismiss Adversary Proceedings. During the Compensation Period, Proskauer attorneys, on behalf of the Oversight Board, filed multiple motions to dismiss adversary proceedings, including among others, the Oversight Board's motion to dismiss the remaining Count 1 of the adversary complaint by certain members of the Puerto Rico Legislative Assembly and mayors challenging PROMESA's delegation of executive and legislative authority to the Oversight Board as violating the United States Constitution; the Oversight Board's motion to dismiss certain Puerto Rico cooperativas' first amended complaint seeking an injunction requiring the Commonwealth to lend money to the Public Corporation for the Supervision and Insurance of Cooperatives of Puerto Rico ("COSSEC"), which regulates and insures Plaintiffs and other cooperativa credit unions; and the Oversight Board's motions to dismiss the plaintiff's initial complaint and first amended complaint filed by Finca Matilda, Inc. seeking non-dischargeability of the plaintiff's alleged takings claim in the Debtors' plan of adjustment.[46]

26.     As part of Proskauer's involvement in the above matters, Proskauer (a) prepared and filed numerous pleadings and briefs in litigation matters; (b) participated in and prepared for hearings; (c) researched jurisprudence regarding legal and factual issues, including bankruptcy and U.S. Constitutional issues; and (d) performed a myriad of other professional services as described in this Application and reflected in **Schedule 3** and **Exhibit B**.

27.     By this Application, Proskauer seeks an allowance, pursuant to the Interim Compensation Order, of (a) **$11,164,006.40**, as compensation for professional services rendered, and (b) **$438,081.14** as reimbursement for actual and necessary expenses incurred during the

---

[45] *See* Adv. Proc. No. 20-00068; ECF No. 37.

[46] *See Hernandez-Montanez v. FOMB*, Adv. Proc. No. 18-0090, ECF No. 45 (granted, ECF No. 54); C*ooperativa de Ahorro y Crédito Abraham Rosa v. Public Corporation for the Supervision & Insurance of Cooperatives of Puerto Rico (COSSEC)*, Case No. 19-AP-389, ECF No. 57 (pending); *Finca Matilde, Inc. v. Commonwealth*, Adv. Proc. No. 20-00124, ECF Nos. 24 and 36 (pending).

Compensation Period in connection with such professional services.  Notably, the Application reflects aggregate voluntary reductions made during the Compensation Period to Proskauer's requests for compensation and for reimbursement of expenses in the amount of $33,530.60 and $3,652.63, respectively, on top of the sizeable discount embedded in its Engagement Letter with the Oversight Board, in which it fixed hourly rates at levels currently providing up to 53% discounts on the hourly rates of its most senior partners.

28.     Proskauer maintains computerized records of the time spent by all Proskauer attorneys and paraprofessionals in connection with the firm's representation of the Oversight Board as representative of the Debtor.  Subject to redaction where necessary to preserve mediation confidentiality, copies of the computerized records for the Compensation Period are attached hereto as **Exhibit B**.

29.     Proskauer's budget and staffing plan for the Compensation Period are attached hereto as **Exhibit D**.

30.     Proskauer's summary of itemized time records for professionals and paraprofessionals performing services for the Oversight Board with respect to the Debtor during the Compensation Period is set forth on **Schedule 2**.  The professional services performed by Proskauer on behalf of the Oversight Board as representative of the Debtor during the Compensation Period required an aggregate expenditure of 15,754.20 recorded hours by Proskauer's partners and senior counsel; 6,955.00 recorded hours by associates; 107.00 recorded hours by e-discovery attorneys; and 2,749.20 recorded hours by paraprofessionals.  As required by the Guidelines, **Exhibit C** to this Application shows, for each Project Category (as defined below), a list of professionals who performed services in each Project Category and the aggregate recorded hours each professional incurred.  In accordance with Guidelines paragraph C.3, Proskauer's

23

blended hourly rates are disclosed in **Schedules 1** and **5**.  The fees charged by Proskauer, as set

forth in **Schedule 2**, are in accordance with the firm's existing billing rates and procedures in effect

during the Compensation Period, as revised to reflect Proskauer's arrangement with the Oversight

Board.  The standard rates Proskauer charges for the services rendered by its professionals and

paraprofessionals in these Title III cases have been reduced to reflect the unique circumstances of

PROMESA and the position of the Commonwealth of Puerto Rico, its instrumentalities, and its

residents.  **Schedules 2** and **5** show the rates Proskauer charges on an hourly basis are below the

competitive market rates for bankruptcy and non-bankruptcy matters charged by the other

professionals representing the Commonwealth and statutory committees.  No Proskauer rates are

increased as a result of the geographic location of a bankruptcy case (or a Title III case).

       31.     All entries itemized in Proskauer's time records comply with the requirements set

forth in the Guidelines, including, without limitation, (a) the utilization of project categories (each

a "Project Category"), (b) a description of each activity or service that each individual performed,

and (c) the number of hours (in increments of one-tenth of an hour) spent by each individual

providing the services.  Each Project Category is organized in accordance with Guidelines

paragraph C.8.b.  If a Project Category does not appear in a particular application, Proskauer did

not bill time or expenses for that Project Category during the Compensation Period, but may bill

time for that Project Category in the future.  In addition, only Project Categories for which

Proskauer billed more than 10 hours during the Compensation Period are summarized in the

Application.  Project Categories for which Proskauer billed less than 10 hours are included in

**Exhibit B**.

### Applicant Statement In Compliance with Appendix B Guidelines Paragraph C.5

32.     The following answers are provided in response to the questions set forth in

Guidelines paragraph C.5:

**Question**:     Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period?  If so, please explain.

Response:     As explained on page 5 and in footnotes 3 and 10 of the Summary above, Proskauer agreed not to request currently the allowance and payment of the amounts attributable to the 4% rate increase as of January 1, 2020 provided for and noticed in its Engagement Letter, for its professional fees through December 31, 2020.  For fees accrued as of January 1, 2021, however, the Oversight Board terminated its request that Proskauer defer requesting collection of its full fees pursuant to the Engagement Letter.

**Question**:     If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

Response:     The total fees sought in this Application did not exceed the total budgeted fees for the Compensation Period (the fees sought in this Application are 10.4% below the budgeted fees).

**Question**:     Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

Response:     No.

**Question**:     Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices?  (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.).  If so, please quantify by hours and fees.

Response:     No, the Application does not include time or fees related to reviewing time records or preparing, reviewing, or revising invoices in connection with the preparation of monthly fee statements.

**Question**:     Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information?   If so, please quantify by hours and fees.

Response:     No time was spent redacting time records on account of privilege concerns. However, the Application does include time related to reviewing time records to redact certain time entries pursuant to Court-ordered mediation confidentiality.  Proskauer paraprofessionals expended 5.60 hours and billed

25

$2,990.50 for redacting mediation related entries in Proskauer's monthly fee statements related to Proskauer's tenth interim fee application.

**Question**: If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11–458?

Response: Yes. Proskauer's Engagement Letter with the Oversight Board provides that Proskauer's rates increase each year "on January 1 by the lower of the percentage rate increase we announce, and four percent." (Engagement Letter at 1–2). As of January 1, 2020, the rate increase was 4%, yielding a flat rate for attorneys (partners, senior counsel, and associates) of $820 per hour, for e-discovery attorneys of $405 per hour, and for paraprofessionals of $280 per hour. Billed at these new rates, as negotiated in the Engagement Letter, Proskauer's incremental fees for October through December of 2020 total $683,051.80, as detailed in the attached **Exhibit E**. Pursuant to the Engagement Letter, Proskauer's rates increased 4% effective January 1, 2021, yielding a new flat rate for attorneys (partners, senior counsel, and associates) of $853 per hour, for e-discovery attorneys of $421 per hour, and for paraprofessionals of $291 per hour.

Proskauer, however, agreed for fees accrued prior to January 1, 2021, at the request of the Oversight Board, not to request currently the allowance and payment of the incremental fees based on the new rates. However, the Oversight Board has terminated its request that Proskauer defer collection of incremental fees for fees accruing on and after January 1, 2021, and therefore Proskauer hereby requests full payment of the January 2021 fees inclusive of the rate increases as provided for and noticed under its Engagement Letter.

### Gross-Up Amount

33.     Prior to December 10, 2018, Puerto Rico taxed Proskauer's fees differently depending on whether Proskauer's timekeepers performed work while physically present in Puerto Rico or off-island. Specifically, a 7% withholding tax was assessed (at time of payment) on fees derived from work performed while the timekeeper was physically present in Puerto Rico, but not on fees derived from work performed outside of Puerto Rico.

34.     On December 10, 2018, Puerto Rico enacted Act 257–2018, amending the Puerto Rico tax code and eliminating the differences in tax treatment based on where work was performed.

Under Act 257–2018, all Proskauer fees incurred on or after December 10, 2018—regardless of the timekeepers' physical location—are assessed with a 10% withholding tax at the time of payment.

35.    For certain periods prior to Proskauer's fiscal year beginning November 1, 2020, Proskauer requested approval of Gross-Up Amounts which it would request payment of if it did not receive federal tax credits offsetting the withholding tax. Proskauer is not requesting such approval for periods subsequent to October 31, 2020 based on the registration of its Engagement Letter and understandings with the Commonwealth government. If it becomes necessary to request approval of a Gross-Up Amount for October 2020, Proskauer will make that application at a subsequent time.

### Professionals Billing Fewer Than Five Hours per Month

36.    The following chart indicates, solely with respect to the Debtor's Title III Case, (a) professionals who billed fewer than five hours per month, (b) the months for which fewer than five hours were billed by the professional, and (c) an explanation of why the use of such professional was reasonable and necessary. As a general matter, because of the size and complexity of the Debtor's Title III Case, it was reasonable and necessary to consult with professionals with specific practice area expertise to assist Proskauer's core restructuring professionals in providing the Debtor with necessary and beneficial professional services. Moreover, it was often necessary to consult with professionals more familiar with other aspects of the restructuring of Puerto Rico and with specific adversary proceedings to deal with global strategic issues and ensure that positions taken by the Oversight Board are consistent across all the Title III cases. Furthermore, occasionally the urgency of certain briefing schedules required pulling in professionals from different work streams to assist on time-sensitive matters.[47]

---

[47] Many of the professionals listed below have billed substantially more time on other matters related to Proskauer's representation of the Oversight Board, including matters within and outside of PROMESA Title III. Many of these professionals have also billed substantially more time on matters related to Proskauer's representation of the Oversight Board during prior Compensation Periods.

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Ashton, Ann M. | October | Ms. Ashton is a partner in Proskauer's litigation department who advised on Rule 2004 discovery related issues. |
| Blaney, Ryan P. | October, December | Mr. Blaney is a partner in Proskauer's health care department who advised on drafting the Oversight Board's health data related security policies and health data request policies for the plan confirmation data repository. |
| Casazza, Kyle | December | Mr. Casazza is a partner in Proskauer's litigation department who advised on developing the Debtor's litigation strategy in connection with the Oversight Board's challenge to certain Puerto Rico pension laws. |
| Chernus, Eric R. | January | Mr. Chernus is an e-discovery project manager at Proskauer who assisted with various document review and production issues. |
| Clarke, Michael R. | November, December | Mr. Clarke is an e-discovery staff attorney at Proskauer who advised on various document review related issues. |
| Cody, Sara E. | October | Ms. Cody is a paralegal in Proskauer's litigation department who assisted with various case management related tasks. |
| Cohen, Elliot R. | January | Mr. Cohen is a paralegal in Proskauer's litigation department who assisted with various case management related tasks. |
| Cooper, David C. | October, December | Mr. Cooper is a paralegal in Proskauer's corporate department who assisted with various case management related tasks. |
| Cooper, Scott P. | October – January | Mr. Cooper is a partner in Proskauer's litigation department who advised on developing the Debtor's litigation strategy in connection with multiple adversary proceedings. |
| Cordova-Pedroza, Christian | January | Mr. Cordova-Pedroza is a paralegal in Proskauer's labor & employment department who assisted with various case management related tasks. |
| Curtis, Kelly M. | December | Ms. Curtis is an associate in Proskauer's litigation department who assisted with drafting the Debtor's amended plan of adjustment. |

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Dalsen, William D. | October – December | Mr. Dalsen is an associate in Proskauer's litigation department who assisted with Rule 2004 discovery related issues and participated in discovery-related meet-and-confer communications. |
| Deming, Adam L. | November, January | Mr. Deming is an associate in Proskauer's litigation department who assisted with drafting the Debtor's amended plan of adjustment. |
| Dillon, Emma K. | October, December, January | Ms. Dillon is a paralegal in Proskauer's litigation department who assisted with various case management related tasks. |
| Eggers, Peter J. | November | Mr. Eggers is an associate in Proskauer's health care department who assisted with review and analysis of proposed amendments to the Puerto Rico Government's Medicaid plan and managed care organization contracts. |
| Esses, Joshua A. | December | Mr. Esses is an associate in Proskauer's BSGR&B group who assisted with drafting the best interest analyses for the Debtor's amended plan of adjustment and disclosure statement. |
| Faust, Scott A. | December | Mr. Faust is a partner in Proskauer's labor & employment department who advised on the Oversight Board's communications with the transportation union concerning new NTSP regulations not approved by the Board. |
| Febus, Chantel L. | December, January | Ms. Febus is a partner in Proskauer's litigation department who reviewed and advised on the Oversight Board's economic consultant's fee statements in relation to their fee application. |
| Ferrara, Ralph C. | December | Mr. Ferrara is a partner in Proskauer's litigation department who advised on further developing the Debtor's litigation and appellate strategy. |
| Fiur, Seth | December | Mr. Fiur is an associate in Proskauer's litigation department who assisted with drafting the Oversight Board's response brief in the UCC GO bonds appeal in the First Circuit. |

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Guensberg, Caroline L. | January | Ms. Guensberg is an associate in Proskauer's labor & employment department who assisted with drafting the Oversight Board's communication to the transportation union concerning new NTSP regulations not approved by the Board. |
| Hamburger, Paul M. | December, January | Mr. Hamburger is a partner in Proskauer's labor & employment department who advised on drafting the Oversight Board's response to the plaintiffs' informative motion related to Acts 82, 181 and 47 and on the Oversight Board's communications with the Puerto Rico Government concerning the pension laws challenged by the Board. |
| Hamilton, Martin T. | October | Mr. Hamilton is a partner in Proskauer's tax department who advised on various tax issues in connection with drafting the Debtor's amended plan of adjustment and disclosure statement. |
| Henderson, Laurie A. | October, December, January | Ms. Henderson is a docketing administrator in Proskauer's litigation department who assisted with docket research and electronic filing. |
| Ike, Yvonne O. | October, January | Ms. Ike is an e-discovery staff attorney at Proskauer who advised on various document review related issues. |
| Jones, Jennifer L. | October, December | Ms. Jones is an associate in Proskauer's litigation department who assisted with research and analysis on a variety of issues related to the GO & Guaranteed Bonds Lien Avoidance and Secured Status litigation strategy. |
| Kass, Colin R. | October | Mr. Kass is a partner in Proskauer's litigation department who advised on further developing the Debtor's litigation and appellate strategy. |
| Kline, Emily | October, November, December | Ms. Kline is an associate in Proskauer's litigation department who assisted with reviewing and summarizing substantive orders entered in the Debtor's Title III Case. |
| Klock, Joseph | December, January | Mr. Klock is an e-discovery project coordinator at Proskauer who assisted with various document review and production issues. |
| Kowalczyk, Lucas | December | Mr. Kowalczyk is an associate in Proskauer's litigation department who assisted with analysis of pleadings and legal research in multiple adversary proceedings. |

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Lander, Nathan R. | October | Mr. Lander is a senior counsel who advised on developing the Oversight Board's litigation strategy in five adversary cases related to the Oversight Board's challenge of certain Puerto Rico laws. |
| Landers Hawthorne, Kelly B. | December | Ms. Landers Hawthorne is an associate in Proskauer's litigation department who assisted with drafting the Debtor's amended plan of adjustment. |
| Lefebvre, Antonieta P. | December | Ms. Lefebvre is an associate in Proskauer's litigation department who assisted with drafting the Debtor's amended plan of adjustment. |
| McGowan, Shannon D. | January | Ms. McGowan is an associate in Proskauer's litigation department who assisted with drafting the Oversight Board's section 204(a) letters to Puerto Rico Government entities to ensure compliance with their respective certified fiscal plans and budgets. |
| Moser, Nicollette R. | October, December | Ms. Moser is an associate in Proskauer's litigation department who assisted with review of pleadings and managing deadlines. |
| Orr, Lisa P. | October | Ms. Orr is a paralegal in Proskauer's litigation department who assisted with various case management related tasks. |
| Osaben, Libbie B. | January | Ms. Osaben is an associate in Proskauer's BSGR&B group who assisted with drafting the disclosure statement for Debtor's amended plan of adjustment. |
| Park, Sejin | October, November | Ms. Park is an associate in Proskauer's tax department who advised on various tax issues in connection with drafting the Debtor's amended plan of adjustment and disclosure statement. |
| Perra, Kevin J. | October, November | Mr. Perra is a partner in Proskauer's litigation department who advised on further developing the Debtor's litigation and appellate strategy. |
| Peterson, Cathleen P. | October, December | Ms. Peterson is a senior consultant of e-discovery services at Proskauer who assisted with setting up the plan confirmation data repository. |
| Peterson, John A. | December | Mr. Peterson is an associate in Proskauer's BSGR&B group who assisted with drafting the Debtor's amended plan of adjustment. |

31

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Porzio, Steven J. | December | Mr. Porzio is a partner in Proskauer's labor & employment department who advised on the Oversight Board's communications with the transportation union concerning new NTSP regulations not approved by the Board. |
| Rainwater, Shiloh A. | December | Mr. Rainwater is an associate in Proskauer's litigation department who assisted with legal research for the Oversight Board's motions for summary judgment in five adversary cases related to the Oversight Board's challenge of certain Puerto Rico laws. |
| Ramachandran, Seetha | October – January | Ms. Ramachandran is a partner in Proskauer's litigation department who advised on a wide variety of issues further developing the Debtor's litigation strategy. |
| Raymer, Daniel A. | January | Mr. Raymer is a Proskauer litigation project manager who advised on the strategy and management of factual and legal research in preparation for the confirmation of the Debtors' plan of adjustment. |
| Roche, Jennifer L. | October | Ms. Roche is a senior counsel in Proskauer's litigation department who advised on a wide variety of issues further developing the Debtor's litigation strategy. |
| Rochman, Matthew I. | January | Mr. Rochman is an associate in Proskauer's litigation department who assisted with legal research in the CCDA Bonds Adversary Proceeding. |
| Rosenthal, Marc E. | October – January | Mr. Rosenthal is a partner in Proskauer's litigation department who advised on insurance related issues in connection with further developing the Debtor's litigation and appellate strategy. |
| Ruben, Jillian L. | November | Ms. Ruben is an associate in Proskauer's corporate department who assisted with analysis of bond offerings and associated risk factors for the Debtor's amended plan of adjustment. |
| Sazant, Jordan | October – January | Mr. Sazant is an associate in Proskauer's BSGR&B group who assisted with drafting the disclosure statement for the Debtor's amended plan of adjustment. |
| Snell, Dietrich L. | December | Mr. Snell is a partner in Proskauer's litigation department who advised on a wide variety of issues further developing the Debtor's litigation strategy. |

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Wright, Bryant D. | January | Mr. Wright is an associate in Proskauer's litigation department who assisted with monitoring and analyzing case developments in the *UTIER v. Ortiz Vázquez* appellate case. |
| Younger, Christine | November, December | Ms. Younger is an associate in Proskauer's tax department who advised on various tax issues in connection with drafting the Debtor's amended plan of adjustment and disclosure statement. |
| Zall, Richard J. | December | Mr. Zall is a partner in Proskauer's health care department who advised on review and analysis of various materials in connection with the Health Centers' Lift Stay Motion. |

**Summary Description of Professional Services**

37.      The following is a brief narrative summary, listed by Project Category, of the professional services rendered by Proskauer during the Compensation Period.  Only Project Categories for which Proskauer billed more than 10 hours during the Compensation Period are summarized below.  Project Categories for which Proskauer billed less than 10 hours during the Compensation Period are listed in **Exhibit B**.

**I.      Matter No. 33260.0002 (PROMESA Title III: Commonwealth)**

38.      This matter number covers time spent relating to the core Commonwealth Title III case, including, for example, time spent regarding mediation, fiscal plan issues, and work on disclosure statements or plans of adjustment.

(a)   <u>Tasks Relating to the Board, its Members, its Staff, its Advisors or its Consultants</u>
<u>(Project Category 201)</u>
(Fees:  <u>$254,226.30</u>; Hours:  <u>316.30</u>)

39.    This Project Category includes time spent communicating with the Oversight Board

and its representatives, agents, and consultants, as well as preparing for and advising on public

meetings, litigation, and related issues.  Specifically, Proskauer attorneys spent time:

- Communicating with the Oversight Board and its other advisors regarding the continuing impact of the COVID-19 pandemic on the Commonwealth and its instrumentalities and analyzing and evaluating the measures undertaken by the Government in response to the crisis;

- At the request of the Oversight Board, conducting research regarding the Board's authority under PROMESA to delegate responsibilities and allocate power in connection with nomination for appointment of the new members of the Board; drafting charts and memoranda for incoming Board members analyzing pending adversary and appellate proceedings, summarizing substantive Title III Court orders, and outlining next steps in the Title III cases; and preparing for and participating in onboarding sessions with the newly appointed Oversight Board members;

- Communicating with the Oversight Board and its other advisors and experts regarding the Commonwealth's restructuring options and revisions to the Debtors' plan of adjustment, analyzing plan amendments and confirmation timelines proposed by various parties, and drafting the Oversight Board's resolutions related to the Debtors' amended plan of adjustment;

- Communicating with the Oversight Board regarding retention of additional consultants and experts on various issues, discussing the Board's consultant engagement process, and reviewing standing and proposed agreements with the Oversight Board's economic consultants;

- Communicating with the Oversight Board and its other advisors and experts regarding proposed and pending legislation, including the Oversight Board's recommendations concerning reformation of the Commonwealth's property tax system and related communications with Puerto Rico Government;

- Communicating with and advising the Oversight Board regarding the Puerto Rico Treasury Department's failure to produce timely certified financial statements, a proposed audit of the Department, and various issues concerning financial reporting by Puerto Rico government entities and municipalities;

- Preparing for and attending four virtual Oversight Board public meetings, revising related  press-releases, and assisting with the Oversight Board's responses to public comments and inquiries during the meetings; and

- Preparing for and participating in weekly strategy calls with the Oversight Board and its other advisors regarding the status of the Debtor's Title III Case, attending

34

monthly Board strategy sessions, preparing daily litigation updates for the Oversight
Board, developing further litigation and mediation strategy in the Debtor's Title III
Case, and drafting related status reports at the request of the Title III Court.

(b)   Legal Research (Project Category 202)
      (Fees: $55,247.00; Hours: 68.40)

40.   This Project Category includes time spent researching and analyzing legal issues, as

well as time spent drafting internal memoranda and/or draft briefs related to such research and

analysis, to the extent that such is not expressly covered by another Project Category. Specifically,

Proskauer attorneys and paraprofessionals spent time:

- Analyzing and researching a variety of legal issues in connection with nomination
  and onboarding of the new Oversight Board members, including, among others,
  governance issues under section 209 of PROMESA and authority under PROMESA
  to delegate responsibilities and allocate power;

- Analyzing and researching a variety of legal issues in connection with the Debtor's
  Title III Case, including, among others, researching regulations and guidance on
  sections 1135 and 1115 of the Social Security Act for potential amendments to
  Puerto Rico's Medicaid program, issues related to contract construction, preemption
  of PROMESA over territorial and municipal laws, clawback issues, summary
  judgement, and compliance with discovery issues in connection with new litigation
  matters;

- Analyzing and researching issues related to the Debtor's proposed plan of
  adjustment, including, among others, classification and dischargeability of claims,
  use of contingent value rights in settlement of claims and in public offerings, the
  potential impact of the plan on multiple adversary cases, analyzing First Circuit
  appellate decisions for impact on the proposed plan, and researching multiple issues
  related to plan confirmation strategy; and

- Researching and analyzing a wide variety of issues in connection with Court-ordered
  mediation.

(c)   Hearings and Other Non-Filed Communications with the Court (Project Category 203)
      (Fees: $58,797.80; Hours: 73.80)

41.   This Project Category includes time spent communicating with the Court and

reviewing the Court's communications and procedures. Specifically, Proskauer attorneys spent

time:

35

- Communicating with the Court regarding applicable rules and requirements, scheduling, and procedure related matters;

- Communicating with the Court regarding omnibus hearing dates and omnibus hearing agendas and informative motions;

- Communicating with the Court regarding logistics for four telephonic hearings on the Debtors' adjourned omnibus objections to claims conducted at the Puerto Rico satellite sites established by the Oversight Board;

- Preparing for and participating in omnibus hearings, hearings in adversary proceedings, and satellite hearings on the Debtor's omnibus objections to claims; and

- Reviewing and analyzing transcripts of court hearings.

(d) <u>Communications with Claimholders (Project Category 204)</u>
(Fees: <u>$308,375.80</u>; Hours: <u>426.60</u>)

42.    This Project Category includes time spent communicating with the Debtor's various

claimholders.  Specifically, Proskauer attorneys and paraprofessionals spent time:

- Reviewing and analyzing responses to the Debtors' objections to claims, drafting multiple meet-and-confer letters and emails, and preparing for and participating in meet-and-confer telephone calls with individual claimants;

- Drafting numerous ADR offers to claimants, reviewing and analyzing claimants' responses to the offers, and drafting and revising ADR notices and settlement letters;

- Communicating with the Oversight Board's claims management and reconciliation consultant Alvarez & Marsal North America, LLC ("<u>A&M</u>") on a variety of issues related to the claims management and reconciliation; and

- Preparing for and participating in Court-ordered mediation sessions with PSA, GO, and other creditors, reviewing related communications and memoranda from the Mediation Team, reviewing and analyzing creditors' proposals, and drafting multiple memoranda to the Oversight Board, its advisors, and the Mediation Team.

(e) <u>Communications with the Commonwealth, its Instrumentalities, or Representatives of
the Commonwealth or its Instrumentalities (Project Category 205)</u>
(Fees:  <u>$34,707.70</u>; Hours:  <u>43.30</u>)

43.    This Project Category includes time spent communicating with the Debtor's

representatives in various Title III related matters, to the extent not expressly covered by another

Project Category.  Specifically, Proskauer attorneys spent time:

- Communicating with and advising the Oversight Board in preparation for meetings with the Puerto Rico Governor, the Secretary of Health, and AAFAF's Executive Director regarding the Board's proposal to temporarily expand Medicaid coverage to more than 200,000 citizens of Puerto Rico during the COVID-19 pandemic;

- Reviewing and advising the Oversight Board on its communications with AAFAF and the Puerto Rico Government on a variety of issues, including certain Puerto Rico municipalities' and instrumentalities' failure to remit funds to employees' individual retirement accounts, the Government's failure to produce timely certified financial statements, the need for adequate funding of public pension systems and PayGo obligation payment plans, the reprogramming of funds from prior fiscal years' appropriations, a proposed reformation of the Puerto Rico property tax system, restructuring and revitalizing public schools, implementation of an automated time and attendance system in collaboration with Puerto Rico Department of Education, and various healthcare related issues;

- Reviewing and advising the Oversight Board on its communications with public and private corporations concerning private operators' procurement issues, processes for requests for proposals, and contract review; and

- Reviewing and advising the Oversight Board on its communications with AAFAF and the Puerto Rico Government regarding the Debtor's Title III case strategy, further development and modification of the Debtors' plan of adjustment and disclosure statement, and the impact of the COVID-19 pandemic on the Debtor's restructuring efforts.

(f)   Documents Filed on Behalf of the Board (Project Category 206)
(Fees:  $487,175.60; Hours:  604.40)

44.   This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category.   Specifically, Proskauer attorneys spent time:

- Conducting research and analysis, evaluating the impact of the COVID-19 pandemic, and drafting the Oversight Board's status reports to the Title III Court on the condition of the Commonwealth and its instrumentalities, activities of the Oversight Board, and the proposed plan of adjustment and disclosure statement;

- Conducting further analysis of claims filed against the Debtors, drafting additional omnibus objections to claims, reviewing, analyzing, and tracking claimants' responses to the Debtors' omnibus objections, drafting replies in support of omnibus objections and revising replies based on further information from A&M, and preparing stipulations withdrawing objections to certain claims;

- In preparation for satellite hearings on adjourned omnibus objections, drafting hearing notices to claimants, drafting notices of correspondence, notices of presentment, and proposed orders granting the Debtors' omnibus objections,

agendas for satellite hearings, and informative motions to Court regarding appearance at the satellite hearings and resolved claims;

- Designating certain claims for the administrative claims reconciliation ("ACR") and alternative dispute resolution ("ADR") processes, and drafting notices of transfer of claims to the ADR and ACR processes and related ADR and ACR status reports to Court;

- Conducting research and analysis and drafting oppositions, motions, notices, and other pleadings related to various matters not specifically covered by other Project Categories; and

- Drafting omnibus hearing agendas and informative motions as directed by the Court, and multiple pleadings related to scheduling and extensions of deadlines.

(g)   Non-Board Court Filings (Project Category 207)
      (Fees: $63,772.90; Hours: 79.70)

45.   This Project Category includes time spent reviewing and commenting on proposed Court orders and filings made by other parties in the Debtor's Title III Case, to the extent not expressly covered by another Project Category.   Specifically, Proskauer attorneys spent time reviewing and analyzing various filings by other parties and related Court orders entered in the Debtor's Title III Case, including among others, the PSA creditors' motion for an order imposing strict deadlines for filing and confirmation of the Debtors' amended plan of adjustment and related opposition briefs by multiple parties, National Public Finance Guarantee Corporation's motion for an order directing an independent investigation into possible violation of Court's orders by trading in GO bonds and PBA bonds during the Title III mediation process in 2019 and 2020 and related responses by multiple parties and Court orders, the UCC's urgent Rule 2004 motion for an order authorizing discovery concerning bond trading, multiple lift stay motions filed against the Debtor and Court orders on lift stay issues, various presentations, reports and materials related to Court-ordered mediation, and reviewing status reports and informative motions filed by various parties in preparation for omnibus hearings.

(h)   Analysis and Strategy (Project Category 210)
      (Fees: $1,711,158.50; Hours: 2,121.30)

46.   This Project Category includes time spent related to legal analysis on, and strategic

approach to, the Debtor's Title III Case and various issues relating thereto, including (a) meetings

to discuss strategic case considerations, the status of various work streams, and next steps; (b) all

Proskauer internal meetings, to the extent not expressly covered by another Project Category; and

(c) preparing for and participating in discovery, and preparing for and attending depositions.

Specifically, Proskauer attorneys spent time reviewing and analyzing a wide variety of reports,

memoranda, financial analyses, press releases, pleadings, and court orders, drafting and updating

tasks and issues lists, preparing for and participating in weekly Proskauer internal litigation calls

on further developing litigation, appellate, and discovery strategy and on litigation and appellate

issues pending in these complex and time sensitive Title III cases, preparing for and participating

in weekly Proskauer internal restructuring calls on further development of the Debtors' plan of

adjustment, and drafting internal memoranda to Proskauer litigation and restructuring teams.

(i)   General Administration (Project Category 212)
      (Fees: $650,038.70; Hours: 2,323.10)

47.   This Project Category includes time spent on general administration of the Debtor's

Title III Case, including (a) case status and coordination activities, including maintaining the case

calendar; (b) tasks relating to the filing of documents in court, including affidavits of service and

service mailings; and (c) internal filing and organization of case documents to ensure easy, fast and

free accessibility by the Proskauer team, the Debtor, and other parties in interest.  Specifically,

Proskauer attorneys and paraprofessionals spent time, at the request of the Oversight Board,

reviewing and analyzing a wide variety of pleadings, court orders, and litigation and appellate

dockets, drafting and updating charts of litigation and discovery deadlines, reviewing, analyzing,

and compiling materials for court hearings and Proskauer internal meetings, analyzing written

discovery materials and maintaining document production indexes, and communicating with e-discovery vendors on a wide variety of document collection, processing, and related issues.

   (j)   <u>Labor, Pension Matters (Project Category 213)</u>
        (Fees: <u>$50,796.80</u>; Hours: <u>64.00</u>)

      48.    This Project Category includes time spent addressing the Debtor's employee and retiree benefits issues.  Specifically, Proskauer attorneys spent time:

- Conferring with the Oversight Board and its other advisors on pension and benefits related issues in connection with the COVID-19 pandemic, as well as analyzing and evaluating ongoing Puerto Rico legislative efforts related to pensions and Social Security benefits, their sustainability, and their impact of the Debtors' proposed plan of adjustment, and advising the Board on further strategy and next steps;

- Communicating with counsel for teachers' and police unions regarding collective bargaining agreements and retirement benefits, reviewing and analyzing the unions' proposals, analyzing cost estimates of pension proposals prepared by the Oversight Board's advisors, preparing the Oversight Board's counter-proposals concerning the Debtors' pension and retirement benefits obligations, and participating in settlement discussions;

- Communicating with the Puerto Rico Government and AAFAF regarding the Oversight Board's concern about the failure of certain municipalities and instrumentalities to remit funds to employees' individual retirement accounts; and

- Preparing various materials summarizing status of labor and benefits related issues for onboarding sessions with the newly appointed Oversight Board members.

   (k)   <u>Plan of Adjustment and Disclosure Statement (Project Category 215)</u>
        (Fees: <u>$1,071,128.00</u>; Hours: <u>1,333.40</u>)

      49.    This Project Category includes time spent on issues related to the terms of the proposed Title III plan.  Specifically, Proskauer attorneys and paraprofessionals spent time:

- Conferring with the Oversight Board and its other advisors and experts, reviewing and analyzing the Debtors' financial documents, evaluating plan of adjustment strategy, and drafting the revised plan of adjustment;

- Analyzing issues related to the timing of the amended plan, opposing the motion of certain PSA creditors for an order imposing strict deadlines for filing and confirmation of the plan, and reviewing and implementing the related Court order;

- Discussing the mediation structure, scheduling, and logistics with the Mediation Team leaders, reviewing related memoranda, and participating in related conferences with the Mediation Team and creditors' counsel;

- Reviewing and analyzing creditors' mediation presentations concerning cash issues and the current fiscal plan in preparation for mediation sessions, discussing the creditors' analyses with the Oversight Board's advisors, drafting multiple charts and analyses of the restricted accounts, preparing the Oversight Board's response to the creditors' statements with a detailed cash analysis, and participating in multiple mediation sessions with creditors and in post-mediation discussions with the Oversight Board's advisors;

- Analyzing the Commonwealth's current financials and the best interest analysis, drafting related memoranda to the Oversight Board, and preparing for and participating in weekly discussions with the Board's advisors concerning the cash restriction and best interests analyses;

- Addressing inquiries from potential PSA creditors, reviewing and discussing PSA joinder agreements and materials, updating the Oversight Board's advisors on the status of the PSA creditors' holdings, and participating in related mediation sessions;

- Daily monitoring of litigation and legislative developments, drafting summaries and updates to the disclosure statement reflecting the current status of litigation, legislative efforts, tax issues, modifications to the Debtors' pensions and benefits obligations, and preparing related exhibits to the disclosure statement; and

- Drafting status reports to the Title III Court on the proposed plan of adjustment process and developments in light of the COVID-19 pandemic and resultant economic challenges.

(l)   Confirmation (Project Category 216)
      (Fees:  $159,844.50; Hours:  195.20)

50.     This   Project   Category   includes   time   spent   relating   to   plan   confirmation.

Specifically, Proskauer attorneys spent time:

- Researching and analyzing a variety of legal and procedural issues related to the confirmation of the Debtors' plan of adjustment, including plan confirmation requirements and confirmation hearing procedures;

- Communicating with Prime Clerk LLC and Liquid Litigation Management regarding developing the confirmation data hosting repository, reviewing and revising the work plan for the repository, discussing the logistics of production of documents related to the upcoming confirmation of the amended plan of adjustment, and preparing plan confirmation related documents for uploading to the repository;

- Analyzing and summarizing substantive Title III Court and appellate court orders in preparation for a potential confirmation hearing; and

- Discussing and analyzing potential challenges and objections to the confirmation of the plan, developing confirmation hearing strategy, conducting related research and analysis, conferring with the Oversight Board's other advisors, discussing responses

41

to anticipated confirmation objections, and compiling evidentiary materials to be presented in support of the confirmation.

(m)  Employment and Fee Applications (Project Category 218)
     (Fees: $32,006.10; Hours: 102.50)

51.   This Project Category includes time spent on issues related to the compensation of

Proskauer, and the retention and compensation of other Oversight Board professionals, including

the preparation of interim fee applications.  Specifically, Proskauer attorneys and paraprofessionals

spent time:

- Drafting Proskauer's tenth and eleventh interim fee applications; and
- Reviewing the Fee Examiner's correspondence and reports relating to Proskauer's pending interim fee applications, and preparing for and participating in conferences with the Fee Examiner on issues relevant to the same.

(n)  Appeal (Project Category 219)
     (Fees: $87,419.50; Hours: 109.50)

52.   This Project Category includes time spent preparing appeals and participating in

appellate proceedings on behalf of the Oversight Board as representative of the Debtor, to the extent

not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time:

- Analyzing the monoline insurers' appeal of the Title III Court order denying the HTA and PRIFA Stay Relief Motions and related Monolines' motion to expedite the appeal, conducting legal research on the standard of review for lift stay decisions, and developing the Oversight Board's appellate strategy;
- Analyzing the UCC's appeal of the Title III Court order denying its motion to lift stay to pursue its objection to GO bond priority and the related UCC motion to expedite the appellate briefing schedule, and developing the Oversight Board's appellate strategy; and
- Analyzing the First Circuit's decision affirming the Title III Court's dismissal of UTIER's mandamus petition for its impact on the Debtor's Title III Case and other litigation.

## II.   Matter No. 33260.0034 (Commonwealth Title III – Healthcare)

53.   This matter number covers time spent working on the *Motion of Atlantic Medical*

*Center, Inc., Camuy Health Services, Inc., Centro de Salud Familiar Dr. Julio Palmieri Ferri, Inc.,*

*Ciales Primary Health Care Services, Inc., Corp. de Serv. Médicos Primarios y Prevención de Hatillo, Inc., Costa Salud, Inc., Centro de Salud de Lares, Inc., Centro de Servicios Primarios de Salud de Patillas, Inc., and Hospital General Castañer, Inc. Seeking (I) Enforcement of the Court's Prior Order and (II) Relief From The Automatic Stay* [ECF No. 12918] (the "<u>Health Centers' Lift Stay Motion</u>"), proofs of claim field by various Federally Qualified Health Centers ("<u>FQHCs</u>"), and adversary proceedings involving healthcare and Medicaid claims in the Debtor's Title III Case, including *Atlantic Medical Center v. Commonwealth,* Adv. Proc. No. 17-00278 and *CSI v. Commonwealth*, Adv. Proc. Nos. 17-00292 and 17-00298, and any appeals related thereto.

(a)   <u>Communications with Claimholders (Project Category 204)</u>
     (Fees: <u>$10,242.10</u>; Hours: <u>12.90</u>)

54.   This Project Category includes time spent communicating with the Debtor's various claimants.   Specifically, Proskauer attorneys spent time communicating with counsel and other advisors to health care centers discussing proofs of claim filed by various health centers, analyses of individual healthcare centers' claims prepared by the Oversight Board's advisors and a report prepared by a Puerto Rico Department of Justice ("<u>PR DOJ</u>") expert, and proposed settlements and related term sheets.

(b)   <u>Documents Filed on Behalf of the Board (Project Category 206)</u>
     (Fees: <u>$12,332.00</u>; Hours: <u>15.20</u>)

55.   This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category.   Specifically, Proskauer attorneys spent time conducting research and analysis and drafting the Oversight Board's opposition to the Health Centers' Lift Stay Motion.

(c)   <u>Stay Matters (Project Category 208)</u>
     (Fees: <u>$42,100.70</u>; Hours: <u>53.10</u>)

56.    This Project Category includes time spent analyzing and researching stay issues in the Debtor's Title III Case and drafting various pleadings related to stay issues.  Specifically, Proskauer attorneys spent time conducting legal and factual research and analysis, conferring with the Oversight Board, its other advisors, AAFAF, and PR DOJ, evaluating various FQHCs claims and settlement proposals, and drafting settlement agreements and related term sheets.

    (d)   Analysis and Strategy (Project Category 210)
          (Fees: $183,502.50; Hours: 231.70)

57.    This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.

    (e)   General Administration (Project Category 212)
          (Fees:  $8,892.00; Hours: 28.80)

58.    This Project Category includes time spent on general administration of the Debtor's Title III Case, including (a) case status and coordination activities; (b) tasks relating to the filing of documents in court, including affidavits of service and service mailings; and (c) internal filing and organization of case documents to ensure easy, fast and free accessibility by the Proskauer team, the Debtor, and other parties in interest.

**III.    Matter No. 33260.0036 (Commonwealth Title III – UPR)**

59.    This matter number covers time spent working on adversary proceedings involving the University of Puerto Rico ("UPR") in the Debtor's Title III Case, including *Asociacion de Profesoras v. Commonwealth*, Case No. 17-AP-197, *Voya v. University of Puerto Rico,* Case No. 17-AP-216, and *University of Puerto Rico v. Voya*, 17-AP-217, and any appeals related thereto.

(a)    Analysis and Strategy (Project Category 210)
       (Fees: $10,992.70; Hours: 13.90)

60.    This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings. Specifically, Proskauer attorneys spent time analyzing the Puerto Rico Court of Appeals's ruling concerning the UPR governing board and its impact on proposed pension reform and drafting a letter to the UPR board regarding budget compliance.

## IV.    **Matter No. 33260.0039 (Commonwealth Title III – Rule 2004)**

61.    This matter number covers time spent working on Rule 2004 motions filed in the Debtor's Title III Case and any appeals related thereto, including *Ambac Assurance Corporation's Motion for Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Assets* [ECF No. 9022] (the "Assets Motion"), *Ambac Assurance Corporation's Motion for Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Cash Restriction Analysis* [ECF No. 9023] (the "Cash Motion" and, together with the Assets Motion, the "Original Rule 2004 Motions"), and *Ambac Assurance Corporation's Motion for an Order Directing Cash Rule 2004 Discovery from the Financial Oversight and Management Board for Puerto Rico* [ECF No. 15220] ("New Cash Rule 2004 Motion").

(a)    Communications with Claimholders (Project Category 204)
       (Fees: $45,978.00; Hours: 56.40)

62.    This Project Category includes time spent communicating with the Debtor's various claimholders. Specifically, Proskauer attorneys spent time communicating with counsel for Ambac on a variety of legal issues related to Ambac's Original and New Rule 2004 Motions, developing strategy, reviewing and responding to the meet-and-confer communications, and preparing for and

participating in numerous meet-and-confer conferences with the Monolines and other parties on

discovery issues related to the Debtors' prioritized assets, cash restriction analysis, and pension

liability issues.

   (b)  <u>Documents Filed on Behalf of the Board (Project Category 206)</u>
        (Fees: <u>$130,966.10</u>; Hours: <u>164.10</u>)

     63.     This Project Category includes time spent drafting various pleadings filed on behalf

of the Debtor, to the extent not expressly covered by another Project Category.  Specifically,

Proskauer attorneys spent time drafting responses and objections to various discovery requests

propounded by the Monolines, preparing joint status reports with respect to the Original and New

Rule 2004 Motions, conducting research and analysis, and drafting the Oversight Board's objection

to Ambac's New Cash Rule 2004 Motion and sur-reply in further opposition thereto.

   (c)  <u>Non-Board Court Filings (Project Category 207)</u>
        (Fees: <u>$10,346.70</u>; Hours: <u>12.70</u>)

     64.     This Project Category includes time spent reviewing and commenting on Court

orders and filings made by other parties in the Debtor's Title III Case, to the extent not expressly

covered by another Project Category.  Specifically, Proskauer attorneys spent time reviewing the

Title III Court order denying Ambac's Original Rule 2004 Motions, reviewing and analyzing

Ambac's New Cash Rule 2004 Motion, joinders thereto by various parties, and related protective

orders entered by the Title III Court.

   (d)  <u>Analysis and Strategy (Project Category 210)</u>
        (Fees: <u>$337,190.50</u>; Hours: <u>419.30</u>)

     65.     This Project Category includes time spent related to legal analysis on, and

brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto,

including engaging in meetings to discuss strategic case considerations, the status of various work

streams and next steps, and all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.

(e)   General Administration (Project Category 212)
      (Fees: $19,383.40; Hours: 63.90)

66.   This Project Category includes time spent on general administration of the Debtor's Title III Case, including (a) case status and coordination activities; (b) tasks relating to the filing of documents in court, including affidavits of service and service mailings; and (c) internal filing and organization of case documents to ensure easy, fast and free accessibility by the Proskauer team, the Debtor, and other parties in interest.

## V.   Matter No. 33260.0040 (Commonwealth Title III – Cooperativas)

67.   This matter number covers time spent working on challenges and adversary proceedings brought by the Cooperativas in the Debtor's Title III Case, including *Cooperativa de Ahorro y Credito Abraham Rosa v. Commonwealth*, Adv. Proc. No. 18-0028, and any appeals related thereto.

(a)   Documents Filed on Behalf of the Board (Project Category 206)
      (Fees: $69,432.00; Hours: 88.00)

68.   This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category. Specifically, Proskauer attorneys spent time reviewing the second amended complaint filed by the Cooperativas, plaintiffs' opposition to the Oversight Board's motion to dismiss the second amended complaint, and drafting the Oversight Board's reply brief in support of motion to dismiss.

(b)   General Administration (Project Category 212)
      (Fees: $5,589.00; Hours: 20.70)

69.   This Project Category includes time spent on general administration of the Debtor's Title III Case, including (a) case status and coordination activities; (b) tasks relating to the filing of

documents in court, including affidavits of service and service mailings; and (c) internal filing and organization of case documents to ensure easy, fast and free accessibility by the Proskauer team, the Debtor, and other parties in interest.

## VI.    Matter No. 33260.0041 (Commonwealth Title III – Miscellaneous)

70.    This matter number covers time spent working on miscellaneous motions and adversary proceedings not covered by another Project Category, and any appeals related thereto. In this Compensation Period, items billed to this matter included, among other things, work on (i) *Hernandez-Montanez v. FOMB*, Adv. Proc. No. 18-0090 (the "Hernandez-Montanez Adversary Proceeding"); (ii) *Motion Requesting the Honorable Court Judgment* filed by Yashei Rosario and Development Socioeconomic Sustainable Fideicomiso of Vieques, CODESU, Inc. [Case No. 3:20-cv-1307-CCC, ECF No. 11]; (iii) *Motion of the Commonwealth of Puerto Rico Pursuant to Bankruptcy Code Section 365 for Entry of Order Approving Assumption of Settlement Agreements with García Rubiera Class Plaintiffs* [ECF No. 15171]; (iv) *Motion Requesting Turnover of Motor Vehicle* filed by Frederic Chardon Dubos [ECF No. 15356]; (v) *UMCFSE v. Commonwealth*, Case No. 19-2028 (1st Cir.) (the "UMCFSE Appeal"); (vi) *UECFSE v. Commonwealth*, Case No. 19-2243 (1st Cir.) (the "UECFSE Appeal"); and (vii) *Diaz Mayoral v. Commonwealth*, Case No. 20-1279 (1st Cir.) (consolidated with Case No. 19-2231) (the "Diaz Mayoral Appeal").

   (a)    Legal Research (Project Category 202)
          (Fees: $30,073.70; Hours: 38.10)

71.    This Project Category includes time spent researching and analyzing legal issues, as well as time spent drafting internal memoranda and/or draft briefs related to such research and analysis, to the extent that such is not expressly covered by another Project Category. Specifically, Proskauer attorneys and paraprofessionals spent time conducting legal research concerning standing and separation of powers for a motion to dismiss the Hernandez-Montanez Adversary

Proceeding, and research relating to executory contracts for the Oversight Board's motion seeking

entry of an order approving the assumption of the Settlement Agreements with the García-Rubiera

Class Plaintiffs and reply in support.

    (b)   <u>Documents Filed on Behalf of the Board (Project Category 206)</u>
            (Fees: <u>$167,537.00</u>; Hours: <u>211.40</u>)

    72.    This Project Category includes time spent drafting various pleadings filed on behalf

of the Debtor, to the extent not expressly covered by another Project Category. Specifically,

Proskauer attorneys spent time:

- Conducting research and analysis and drafting the Oversight Board's motion to dismiss the Hernandez-Montanez Adversary Proceeding;

- Conducting research and analysis and drafting the Oversight Board's objection to the motion requesting turnover of a motor vehicle filed by Frederic Chardon Dubos;

- Conducting research and analysis and drafting the special appearance and response of the Oversight Board to Yashei Rosario's motion requesting that the Puerto Rico District Court enter a judgment related to the Title III Court's denial of his request to lift the automatic stay; and

- Conducting research and analysis and drafting the Oversight Board's motion seeking entry of an order approving the assumption of the settlement agreements with García Rubiera Class Plaintiffs and reply in support, and, as mandated by the Court, preparing joint status report in connection with the motion.

    (c)   <u>Non-Board Court Filings (Project Category 207)</u>
            (Fees: <u>$14,566.70</u>; Hours: <u>18.30</u>)

    73.    This Project Category includes time spent reviewing and commenting on Court

orders and filings made by other parties in the Debtor's Title III Case, to the extent not expressly

covered by another Project Category. Specifically, Proskauer attorneys spent time:

- Reviewing and analyzing the UCC's limited objection to the Oversight Board's motion seeking entry of an order approving the assumption of the settlement agreements with García Rubiera class plaintiffs and the García Rubiera class plaintiffs' answer to the UCC limited objection;

- Reviewing and analyzing the United States' memorandum of law in support of the constitutionality of PROMESA and in support of the Oversight Board's motion to dismiss the Hernandez-Montanez Adversary Proceeding; and

- Reviewing and analyzing a motion filed by Yashei Rosario requesting that the Puerto Rico District Court enter a judgment related to the Title III Court's denial of his request to lift the automatic stay, the original Rosario motion to lift the automatic stay, and the Title III Court order denying the original motion.

(d)   Stay Matters (Project Category 208)
(Fees: $24,693.70; Hours: 30.90)

74.   This Project Category includes time spent analyzing and researching stay issues in the Debtor's Title III Case and drafting various pleadings related to stay issues.  Specifically, Proskauer attorneys spent time:

- Reviewing and analyzing newly filed requests to lift the automatic stay involving the Commonwealth;

- Communicating with AAFAF, claimants, and their respective counsel regarding lift-stay requests;

- Drafting responses to requests to lift the automatic stay and stipulations permitting modifications of the stay; and

- Conferring with counsel for García Rubiera class plaintiffs and drafting a stipulation resolving the class plaintiffs' motion requesting relief of stay under section 362(d)(1) of the Bankruptcy Code.

(e)   Analysis and Strategy (Project Category 210)
(Fees: $48,536.40; Hours: 61.20)

75.   This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.

(f)   General Administration (Project Category 212)
(Fees: $4,088.10; Hours:  14.90)

76.   This Project Category includes time spent on general administration of the Debtor's Title III Case, including (a) case status and coordination activities; (b) tasks relating to the filing of documents in court, including affidavits of service and service mailings; and (c) internal filing and

organization of case documents to ensure easy, fast and free accessibility by the Proskauer team, the Debtor, and other parties in interest.

   (g)   Appeal (Project Category 219)
         (Fees: $63,531.10; Hours: 75.50)

77.    This Project Category includes time spent preparing appeals and participating in appellate proceedings on behalf of the Oversight Board as representative of the Debtor, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time:

- Reviewing and analyzing the First Circuit decisions in the appellate matters filed by the two unions and the unions' related petitions for rehearing;

- Reviewing multiple motions for extension of time filed by the appellants in the Diaz Mayoral Appeal of the Title III Court order sustaining the Debtors' sixty-fourth omnibus objection to claims, reviewing and analyzing the appellant's opening brief, conducting legal research, developing the Oversight Board's appellate strategy, and drafting the answering brief.

## VII.   Matter No. 33260.0072 (Commonwealth – GO & Guaranteed Bonds Lien Avoidance and Secured Status Complaints)

78.    This matter number covers time spent relating to the Commonwealth Title III avoidance actions challenging the validity, enforceability, and extent of certain prepetition liens of the Commonwealth general obligation and guaranteed bonds.  In this Compensation Period, items billed to this matter included work on the UCC's appeal of the Title III Court orders denying its motion to lift stay to allow the UCC to pursue an objection to priority of GO bond claims and denying the UCC's request for reconsideration,  *UCC v. FOMB*, Case No. 20-2014 (1st Cir.).

   (a)   Legal Research (Project Category 202)
         (Fees: $23,766.40; Hours: 28.80)

79.    This Project Category includes time spent researching and analyzing legal issues, as well as time spent drafting internal memoranda and/or draft briefs related to such research and analysis, to the extent that such is not expressly covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent time conducting research in connection with the

51

UCC's appeal of the Title III Court orders denying its motion to lift stay to pursue a priority objection to GO bond claims and the UCC's request for reconsideration.

   (b)   <u>Analysis and Strategy (Project Category 210)</u>
          (Fees: <u>$85,643.60</u>; Hours: <u>106.00</u>)

     80.   This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.

   (c)   <u>General Administration (Project Category 212)</u>
          (Fees: <u>$4,077.00</u>; Hours:  <u>15.10</u>)

     81.   This Project Category includes time spent on general administration of the Debtor's Title III Case, including (a) case status and coordination activities; (b) tasks relating to the filing of documents in court, including affidavits of service and service mailings; and (c) internal filing and organization of case documents to ensure easy, fast and free accessibility by the Proskauer team, the Debtor, and other parties in interest.

   (d)   <u>Appeal (Project Category 219)</u>
          (Fees: <u>$161,429.40</u>; Hours: <u>204.60</u>)

     82.   This Project Category includes time spent preparing appeals and participating in appellate proceedings on behalf of the Oversight Board as representative of the Debtor, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time reviewing and analyzing the notices of appeal, researching issues of appealability and jurisdiction, developing the Oversight Board's appellate strategy, drafting the Oversight Board's opposition to the a motion to expedite an appeal simultaneously raising before the Court the issue of lack of

appellate jurisdiction, and, as mandated by the appellate court, drafting the Oversight Board's

responsive brief further addressing the issue of jurisdiction and requesting dismissal of the appeal.

## VIII.   Matter No. 33260.0073 (Commonwealth – AMBAC/PRIFA Stay Relief Motion)

83.   This matter number covers time spent relating to opposition to *Ambac Assurance
Corporation's Motion Concerning Application of the Automatic Stay to the Revenues Securing
PRIFA Rum Tax Bonds* [ECF No. 7176] (the "PRIFA Stay Relief Motion") and the *Amended
Motion of Ambac Assurance Corporation, Financial Guaranty Insurance Company, Assured
Guaranty Corp., Assured Guaranty Municipal Corp., and U.S. Bank Trust National Association,
Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds*
[ECF No. 10602] (the "Amended PRIFA Stay Relief Motion"), seeking a court order lifting the
automatic stay of certain actions related to the PRIFA bonds and allowing the PRIFA bondholders
to pursue those actions, or, in the alternative, providing adequate protection to the bondholders' lien
on the PRIFA rum taxes, and related appeal, *Ambac Assurance Corp. v. Commonwealth*, Case No.
20-1931 (1st Cir.).

(a)   Analysis and Strategy (Project Category 210)
       (Fees: $10,833.10; Hours: 12.70)

84.   This Project Category includes time spent related to legal analysis on, and
brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto,
including engaging in meetings to discuss strategic case considerations, the status of various work
streams and next steps, and all Proskauer internal meetings, except those specifically dealing with
an issue covered by another Project Category.

(a)   General Administration (Project Category 212)
       (Fees: $19,437.60; Hours: 71.40)

85.   This Project Category includes time spent on general administration of the Debtor's
Title III Case, including (a) case status and coordination activities; (b) tasks relating to the filing of

documents in court, including affidavits of service and service mailings; and (c) internal filing and organization of case documents to ensure easy, fast and free accessibility by the Proskauer team, the Debtor, and other parties in interest.

    (b)   Appeal (Project Category 219)
           (Fees: $791,070.10; Hours: 984.90)

       86.    This Project Category includes time spent preparing appeals and participating in appellate proceedings on behalf of the Oversight Board as representative of the Debtor, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time:

- Reviewing and analyzing the Monolines' motion to expedite the appeal and drafting the Oversight Board's opposition and cross-motion proposing alternative expedited schedule, reviewing and analyzing the Monolines' opening appellate brief, conducting legal research, analyzing underlying Title III Court pleadings, conferring with the Oversight Board's other advisors, developing the Oversight Board's appellate strategy, and drafting the answering brief and response to a Rule 28(j) submission by the appellants; and

- Reviewing and analyzing appellate briefs and underlying Title III Court pleadings filed by multiple parties, conducting further research and analysis, developing the oral argument strategy, and preparing for oral argument in the First Circuit Court of Appeals.

## IX.    Matter No. 33260.0077 (Commonwealth –  Cooperativas v. COSSEC)

      87.    This matter number covers time spent relating to the declaratory judgment action by the Commonwealth cooperativas challenging the COSSEC's fiscal plans, *Cooperativa de Ahorro y Crédito Abraham Rosa v. Public Corporation for the Supervision & Insurance of Cooperatives of Puerto Rico (COSSEC)*, Case No. 19-AP-389 (the "COSSEC Adversary Proceeding"), and any appeals related thereto.

    (a)   Communications with Claimholders (Project Category 204)
           (Fees: $15,449.80; Hours: 18.60)

      88.    This Project Category includes time spent communicating with the Debtor's various claimants.  Specifically, Proskauer attorneys and paraprofessionals spent time communicating with

counsel for the cooperativas and COSSEC regarding case status, drafting the Oversight Board's meet-and-confer letters and responses to the plaintiffs' meet-and-confer communications, and participating in meet-and-confer telephone calls in preparation for motion to dismiss the COSSEC Adversary Proceeding.

    (b)   Documents Filed on Behalf of the Board (Project Category 206)
          (Fees: $86,268.80; Hours: 105.60)

89.    This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category. Specifically, Proskauer attorneys spent time conducting legal research and factual analysis and drafting the Oversight Board's motion to dismiss the cooperativas' first amended complaint.

    (c)   Analysis and Strategy (Project Category 210)
          (Fees: $8,442.30; Hours: 10.70)

90.    This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.

## X.    Matter No. 33260.0089 (Commonwealth – Action Objecting to Proofs of Claim filed by PRIFA Bondholders)

91.    This matter number covers time spent relating to the action by the Oversight Board challenging the proofs of claim filed against the Commonwealth and other lien claims asserted by the defendants as holders and/or insurers of certain bonds issued by PRIFA, *FOMB v. Ambac Assurance Corp.*, Adv. Proc. No. 20-00003 (the "PRIFA Rum Tax Bonds Adversary Proceeding"), and any appeals related thereto.

(a)   Analysis and Strategy (Project Category 210)
(Fees: $39,822.20; Hours: 47.00)

92.   This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category. Specifically, Proskauer attorneys spent time analyzing the PRIFA complaint and background materials and developing post-summary judgement litigation strategy, preparing for related limited discovery authorized by the Title III Court, and analyzing discovery schedules proposed by the parties.

## XI.   Matter No. 33260.0090 (Commonwealth – Action Objecting to Proofs of Claim filed by CCDA Bondholders)

93.   This matter number covers time spent relating to the action by the Oversight Board challenging the proofs of claim filed against the Commonwealth and other lien claims asserted by the defendants as holders and/or insurers of certain bonds issued by CCDA, *FOMB v. Ambac Assurance Corp.*, Adv. Proc. No. 20-00004 (the "CCDA Bonds Adversary Proceeding"), and any appeals related thereto.

(a)   Analysis and Strategy (Project Category 210)
(Fees: $44,861.00; Hours: 53.80)

94.   This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.   Specifically, Proskauer attorneys spent time analyzing the complaint and background materials and developing post-summary judgement

litigation strategy, preparing for related limited discovery authorized by the Title III Court, and analyzing discovery schedules proposed by the parties.

**XII.** **Matter No. 33260.0093 (Commonwealth – HTA Revenue Bond Complaint)**

95.     This matter number covers time spent relating to the action by the Oversight Board challenging the proofs of claims filed against Commonwealth and other lien claims asserted by the defendants as insurers and/or holders of certain bonds issued by HTA, *FOMB v. Ambac Assurance Corp.*, Adv. Proc. No. 20-00005 (the "HTA-Commonwealth Bonds Adversary Proceeding"), and any appeals related thereto.

   (a)   Legal Research (Project Category 202)
         (Fees: $22,680.70; Hours: 28.30)

96.     This Project Category includes time spent researching and analyzing legal issues, as well as time spent drafting internal memoranda and/or draft briefs related to such research and analysis, to the extent that such is not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time researching a variety of legal issues evaluating bases for moving for summary judgement to dispose of the remaining claims, specifically, the bondholders' claims predicated on the Takings Clause and Due Process Clause, and analyzing limited discovery and its impact on related cases.

   (b)   Analysis and Strategy (Project Category 210)
         (Fees: $87,857.10; Hours: 108.70)

97.     This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.

(c)   Appeal (Project Category 219)
       (Fees: $9,406.30; Hours: 11.50)

98.     This Project Category includes time spent preparing appeals and participating in appellate proceedings on behalf of the Oversight Board as representative of the Debtor, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time analyzing and summarizing claims filed against the Debtor related to the HTA bonds and conducting legal research regarding the standard of review for Takings Clause claims.

## XIII.   Matter No. 33260.0094 (Commonwealth – Challenges Regarding Certain Laws and Orders)

99.     This matter number covers time spent relating to the actions by the Governor of Puerto Rico and AAFAF seeking declaratory and injunctive relief and challenging the Oversight Board's efforts to nullify certain executive orders and laws passed by the Puerto Rico Legislature deemed inconsistent with PROMESA, or challenging fiscal plans certified by the Oversight Board, including *Vásquez Garced v. FOMB*, Adv. Proc. Nos. 20–00080, 20–00082 – 20–00085, and any appeals related thereto.

(a)   Tasks Relating to the Board, its Members, its Staff, its Advisors or its Consultants
       (Project Category 201)
       (Fees: $16,579.80; Hours: 20.60)

100.     This Project Category includes time spent communicating with the Oversight Board and its other representatives, agents, and consultants, as well as preparing for and advising on fiscal plans, public meetings, litigation, and related issues.  Specifically, Proskauer attorneys spent time communicating with the Oversight Board and its other advisors to further develop the Oversight Board's litigation strategy, discussing retention of a healthcare matter expert, discussing proposed declarations in support of the Oversight Board's motion for summary judgment, conferring on drafts of pleadings and on revisions to the Oversight Board's press release related to the litigation, and, upon the Title III Court granting the Oversight Board's summary judgment motion, advising

58

the Board on implementation of the order in coordination with Puerto Rico Government to give the best effect to the Court's decision.

    (b)   <u>Legal Research (Project Category 202)</u>
          (Fees: <u>$15,858.90</u>; Hours: <u>20.10</u>)

       101.   This Project Category includes time spent researching and analyzing legal issues, as well as time spent drafting internal memoranda and/or draft briefs related to such research and analysis, to the extent that such is not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time researching and analyzing a variety of legal issues in connection with drafting the Oversight Board's motion for summary judgment and reply in support, including, among other things, standard for amicus briefs for the Oversight Board's opposition to the motion of Cooperative de Farmacias Puertorriqueñas ("<u>COOPHARMA</u>") for amicus status and for leave to file its amicus brief in support of the complaint in Adv. Proc. No. 20-00080 related to Act 82.

    (c)   <u>Hearings and Other Non-Filed Communications with the Court (Project Category 203)</u>
          (Fees: <u>$19,251.60</u>; Hours: <u>24.40</u>)

       102.   This Project Category includes time spent communicating with the Court and reviewing the Court's communications and procedures.  Specifically, Proskauer attorneys spent time reviewing and analyzing the Oversight Board's and Government's summary judgment briefs, conducting further research and analysis, developing oral argument strategy, and preparing for and participating in oral argument on the summary judgement motions.

    (d)   <u>Communications with the Commonwealth, its Instrumentalities, or Representatives of the Commonwealth or its Instrumentalities (Project Category 205)</u>
          (Fees: <u>$48,545.90</u>; Hours: <u>58.30</u>)

       103.   This Project Category includes time spent communicating with the Debtor's representatives in various Title III related matters, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time:

- Preparing for and participating in meet-and-confer conference calls with counsel for AAFAF and the Governor concerning summary judgment scheduling issues, and communicating with the Puerto Rico Government concerning its refusal to suspend implementation of the legislative acts at issue;

- Upon the Title III Court issuing the summary judgment decision, conferring with the counsel to AAFAF, the Government, and various agencies regarding their steps in complying with the injunctive relief ordered by the Court in the manner most beneficial to the people of Puerto Rico, and in particular, a modification to the injunction related to Act 181 providing for a salary increase for the members and officials of the Puerto Rico Bureau of Fire Department; and

- Advising the Oversight Board in its communications with the Puerto Rico Transportation and Other Public Services Bureau ("NTSP") and with AAFAF concerning NTSP's proposed regulations and the potential impact of their implementation, and advising the Board in its communications with the Puerto Rico Trucking Association regarding their threat of a strike in support of the temporary rate increases implemented by NTSP against the direction of the Oversight Board.

(e)   Documents Filed on Behalf of the Board (Project Category 206)
       (Fees:  $657,278.40; Hours:  830.40)

104.    This Project Category includes time spent drafting various pleadings filed on behalf

of the Debtor, to the extent not expressly covered by another Project Category.   Specifically,

Proskauer attorneys spent time:

- Conducting research and analysis, conferring with the Oversight Board and its other advisors, obtaining additional background on the Oversight Board's concerns, and drafting the Oversight Board's motions for summary judgment on all claims and certain counterclaims related to Acts 47, 82, and 181 and related declarations in support, drafting the Oversight Board's cross-motions for summary judgment and in opposition to plaintiffs' summary judgment motions related to Acts 138 and 176, replies in support of the Oversight Board's motions, and the Oversight Board's response to the plaintiffs' informative motion in support of their opposition to the Oversight Board's motion for summary judgment related to Acts 82, 181 and 47;

- Drafting the Oversight Board's opposition to COOPHARMA's request for amicus status and for leave to file an amicus brief;

- As mandated by the Title III Court, preparing and submitting supplemental documents in further support of summary judgment on Acts 82, 181 and 47; and

- Drafting the joint stipulation for dismissal without prejudice of the claims and counterclaims remaining after the Title III Court summary judgment opinion and an order and joint stipulation modifying the injunction related to Act 181.

(f)   Non-Board Court Filings (Project Category 207)
        (Fees:  $28,222.80; Hours:  35.60)

105.   This Project Category includes time spent reviewing and commenting on Court

orders and filings made by other parties in the Debtor's Title III Case, to the extent not expressly

covered by another Project Category.  Specifically, Proskauer attorneys spent time reviewing and

analyzing plaintiffs' motions for summary judgment and their responses to the Oversight Board's

summary judgment motions and cross-motions, COOPHARMA's motion for leave to file an amicus

brief related to Act 82, and related Title III Court orders.

(g)   Analysis and Strategy (Project Category 210)
        (Fees: $429,494.90; Hours: 539.10)

106.   This Project Category includes time spent related to legal analysis on, and

brainstorming strategic approaches to, the litigation regarding Puerto Rico Government legislation

and varied issues relating thereto, including engaging in meetings to discuss strategic case

considerations, the status of various work streams and next steps, and all Proskauer internal

meetings, except those specifically dealing with an issue covered by another Project Category.

(h)   General Administration (Project Category 212)
        (Fees: $25,761.90; Hours: 93.70)

107.   This Project Category includes time spent on general administration of the Debtor's

Title III Case, including (a) case status and coordination activities; (b) tasks relating to the filing of

documents in court, including affidavits of service and service mailings; and (c) internal filing and

organization of case documents to ensure easy, fast and free accessibility by the Proskauer team,

the Debtor, and other parties in interest.

## XIV.   **Matter No. 33260.0097 (Commonwealth – Ambac Bankruptcy Clause Challenge)**

108.   This matter number covers time spent relating to the action by Ambac Insurance

Corporation against the Oversight Board seeking to declare Titles I, II, and III of PROMESA

unconstitutional and unenforceable, to enjoin the Oversight Board from taking any further action under Titles I, II, and III, and to dismiss the Debtors' pending Title III petitions, *Ambac Assurance Corp. v. FOMB*, Adv. Proc. No. 20-00068 (the "Ambac Bankruptcy Clause Challenge"), and any appeals related thereto.

(a) Legal Research (Project Category 202)
    (Fees: $58,386.00; Hours: 74.00)

109.    This Project Category includes time spent researching and analyzing legal issues, as well as time spent drafting internal memoranda and/or draft briefs related to such research and analysis, to the extent that such is not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time researching and analyzing a variety of legal issues in connection with drafting the reply brief in support of the Oversight Board's motion to dismiss Ambac's complaint alleging that PROMESA violates the uniformity requirement of the Bankruptcy Clause.

(b) Hearings and Other Non-Filed Communications with the Court (Project Category 203)
    (Fees: $23,884.00; Hours: 28.00)

110.    This Project Category includes time spent communicating with the Court and reviewing the Court's communications and procedures.  Specifically, Proskauer attorneys spent time preparing for and participating in oral argument on the Oversight Board's motion to dismiss the Ambac's complaint alleging that PROMESA violates the uniformity requirement of the Bankruptcy Clause.

(c) Documents Filed on Behalf of the Board (Project Category 206)
    (Fees: $419,046.50; Hours: 530.90)

111.    This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time conducting research and analysis, conferring with the Oversight Board and its other advisors, and drafting the Oversight Board's reply in support of its motion to

dismiss Ambac's complaint alleging that PROMESA violates the uniformity requirement of the Bankruptcy Clause.

   (c)   Non-Board Court Filings (Project Category 207)
         (Fees: $23,124.10; Hours: 29.30)

   112.   This Project Category includes time spent reviewing and commenting on Court orders and filings made by other parties in the Debtor's Title III Case, to the extent not expressly covered by another Project Category.   Specifically, Proskauer attorneys spent time spent time reviewing and analyzing Ambac's opposition to the Oversight Board's motion to dismiss Ambac's complaint, the United States' memorandum in support of constitutionality of PROMESA, and the AAFAF and intervenor-defendant Retiree Committee's memoranda in support of the Oversight Board's motion to dismiss.

   (d)   Analysis and Strategy (Project Category 210)
         (Fees: $196,130.10; Hours: 236.90)

   113.   This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the Ambac Bankruptcy Clause Challenge and varied issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.

   (e)   General Administration (Project Category 212)
         (Fees: $7,915.80; Hours: 28.40)

   114.   This Project Category includes time spent on general administration of the Debtor's Title III Case in relation to the Ambac Bankruptcy Clause Challenge, including (a) case status and coordination activities; (b) tasks relating to the filing of documents in court, including affidavits of service and service mailings; and (c) internal filing and organization of case documents to ensure easy, fast and free accessibility by the Proskauer team, the Debtor, and other parties in interest.

### XV.   Matter No. 33260.0100 (Commonwealth – Challenge to Pension Laws)

115.   This matter number covers time spent relating to Oversight Board's efforts to nullify and prevent implementation of three statutes enacted by the Puerto Rico Legislature designated as Acts 80-2020, 81-2020, and 82-2020 (collectively, the "Pension Laws"), and to prevent the enactment of proposed House Bill 120.

(a)   Tasks Relating to the Board, its Members, its Staff, its Advisors or its Consultants (Project Category 201)
(Fees:  $52,460.00; Hours:  66.40)

116.   This Project Category includes time spent communicating with the Oversight Board and its other representatives, agents, and consultants, as well as preparing for and advising on public meetings, litigation, and related issues.  Specifically, Proskauer attorneys spent time communicating with the Oversight Board and its other advisors and experts regarding analysis of the financial impact of the Puerto Rico Pension Laws challenged by the Board, discussing outreach from certain public employees on pension related issues, addressing a video posting of certain Puerto Rico senators discussing the Pension Laws, advising the Oversight Board on its communications with the Puerto Rico Government and AAFAF concerning the Pension Laws and challenged by the Board, advising on the Oversight Board's press release concerning its opposition to the Pension Laws, and preparing for the Oversight Board's strategy session and public meeting on pension related issues.

(b)   Legal Research (Project Category 202)
(Fees:  $14,048.50; Hours: 17.70)

117.   This Project Category includes time spent researching and analyzing legal issues, as well as time spent drafting internal memoranda and/or draft briefs related to such research and analysis, to the extent that such is not expressly covered by another Project Category.  Specifically,

Proskauer attorneys spent time researching and analyzing a wide variety of legal issues in connection with the Oversight Board's potential filing of injunction complaints on pension issues.

(c)   Communications with the Commonwealth, its Instrumentalities, or Representatives of the Commonwealth or its Instrumentalities (Project Category 205)
(Fees: $111,778.50; Hours: 139.70)

118.   This Project Category includes time spent communicating with the Debtor's representatives in various Title III related matters, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time communicating with counsel to AAFAF and with representatives of the Governor concerning the Pension Laws and House Bill 120 challenged by the Oversight Board, providing to the Government and AAFAF various data and analyses from the Board's advisors and reviewing and evaluating additional data provided by the Government, and drafting and revising the Oversight Board's section 204(a) letters to the Government and AAFAF on the challenged Pension Laws and House Bill 120, their implementation by the Government, and their actual and potential impact on the Commonwealth and its reorganization.

(d)   Documents Filed on Behalf of the Board (Project Category 206)
(Fees: $277,777.70; Hours: 350.10)

119.   This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time conducting legal and factual research and analysis, conferring with the Oversight Board and its other advisors, developing the Oversight Board's litigation strategy, and drafting the Oversight Board's proposed complaints and motions requesting injunctive relief related to the Pension Laws and to House Bill 120 and related declarations in support.

(e)   Analysis and Strategy (Project Category 210)
(Fees: $286,927.30; Hours: 357.30)

120. This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.

(f)  Labor, Pension Matters (Project Category 213)
(Fees: $32,660.50; Hours: 40.90)

121. This Project Category includes time spent reviewing employee and retiree benefits issues. Specifically, Proskauer attorneys spent time conferring with the Oversight Board and its other advisors and experts on pension and benefits related issues, analyzing Puerto Rico Social Security and retirement benefits related legislation, preparing for and participating in multiple strategy sessions with the Oversight Board and Ernst and Young concerning the Board's next steps, drafting and revising the Oversight Board's section 204(a) letters to the Government and AAFAF on the challenged Pension Laws and House Bill 120, evaluating the Governor's and AAFAF's responses to the Oversight Board's communications, and considering potential litigation related to the three Pension Laws and House Bill 120.

## XVI.  Matter No. 33260.0101 (Commonwealth - Section 203 Non-Compliant Municipalities (San Sebastián))

122. This matter number covers time spent relating to the Oversight Board's efforts to enforce compliance by Puerto Rico municipality of San Sebastián with section 203 of PROMESA requiring municipalities to timely submit their quarterly financial reports describing cash revenues, cash expenditures, and cash flows as compared to their financial projections in certified fiscal plans and budgets.

(a)   Legal Research (Project Category 202)
(Fees: $11,788.10; Hours: 14.90)

123.   This Project Category includes time spent researching and analyzing legal issues, as well as time spent drafting internal memoranda and/or draft briefs related to such research and analysis, to the extent that such is not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time conducting research and analysis in preparation for the potential filing of the Oversight Board's complaint for injunctive relief and a writ of mandamus enabling the Oversight Board to gather the necessary financial documents and information from the municipality of San Sebastián.

(b)   Communications with the Commonwealth, its Instrumentalities, or Representatives of the Commonwealth or its Instrumentalities (Project Category 205)
(Fees: $9,568.30; Hours:  11.90)

124.   This Project Category includes time spent communicating with the Debtor's representatives in various Title III related matters, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time reviewing correspondence from the counsel for the Mayor of the municipality of San Sebastián denying the Oversight Board's authority to enact and enforce the fiscal plans and budgets, drafting the Oversight Board's response including a request for a meeting with the Mayor to discuss the municipality's compliance with PROMESA, and drafting further correspondence addressing the Mayor's multiple cancellations of the proposed meeting with the Oversight Board.

(c)   Documents Filed on Behalf of the Board (Project Category 206)
(Fees: $49,070.10; Hours: 60.10)

125.   This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time conducting research and analysis, conferring with the Oversight Board and its other advisors, and drafting the Oversight Board's proposed complaint for injunctive

67

relief and a writ of mandamus enabling the Oversight Board to gather the necessary financial documents and information from the municipality of San Sebastián.

    (d)   Analysis and Strategy (Project Category 210)
          (Fees: $52,718.60; Hours: 65.00)

126.    This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.

## XVII.   Matter No. 33260.0103 (Commonwealth – Finca Matilde)

127.    This matter number covers time spent relating to the complaint for declaratory judgment filed against the Debtor and the Oversight Board by Finca Matilde, Inc., seeking a determination that the plaintiff's alleged takings claim is non-dischargeable in the Debtors' plan of adjustment, *Finca Matilde, Inc. v. Commonwealth*, Adv. Proc. No. 20-00124 (the "Finca Matilde Adversary Proceeding").

    (a)   Communications with Claimholders (Project Category 204)
          (Fees: $18,147.00; Hours: 23.00)

128.    This Project Category includes time spent communicating with the Debtor's various claimholders. Specifically, Proskauer attorneys spent time conducting research and analysis, drafting a meet-and-confer communication to the plaintiff's counsel in connection with drafting the Oversight Board's motion to dismiss the Finca Matilde Adversary Proceeding, analyzing plaintiff's meet-and-confer letter and issues raised therein, and preparing for and participating in a meet-and-confer telephone conference with the plaintiff's counsel.

    (b)   Documents Filed on Behalf of the Board (Project Category 206)
          (Fees: $79,320.70; Hours: 98.70)

129.    This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time conducting research and analysis, conferring with the Oversight Board and its other advisors, developing litigation strategy, and drafting the Oversight Board's motions to dismiss plaintiff's initial complaint and first amended complaint due to lack of subject matter jurisdiction and unripe claims, and related declarations in support.

(c)    Analysis and Strategy (Project Category 210)
        (Fees: $20,398.90; Hours: 25.70)

130.    This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.

## XVIII.   Matter No. 33260.0104 (Commonwealth – Section 204 Correspondence and Related Matters)

131.    This matter number covers time spent relating to Oversight Board's efforts to ensure the Puerto Rico Government entities' and municipalities' compliance with their respective certified fiscal plans and budgets and with related reporting requirements under PROMESA section 204.

(a)    Tasks Relating to the Board, its Members, its Staff, its Advisors or its Consultants (Project Category 201)
        (Fees:  $13,274.50; Hours:  16.50)

132.    This Project Category includes time spent communicating with the Oversight Board and its other representatives, agents, and consultants, as well as preparing for and advising on fiscal plans, public meetings, litigation, and related issues.  Specifically, Proskauer attorneys spent time preparing for and participating in communications and weekly calls with the Oversight Board and

its other advisors discussing the impact of pending Puerto Rico legislation, related communications

between the Oversight Board and the Government, and status of the related litigation proceedings .

(a)   <u>Communications with the Commonwealth, its Instrumentalities, or Representatives of
the Commonwealth or its Instrumentalities (Project Category 205)</u>
(Fees:  <u>$83,946.20</u>; Hours:  <u>103.80</u>)

133.   This Project Category includes time spent communicating with the Debtor's

representatives in various Title III related matters, to the extent not expressly covered by another

Project Category.   Specifically, Proskauer attorneys spent time reviewing, analyzing, and

discussing with the Oversight Board multiple section 204(a) letters to various Puerto Rico

Government entities, municipalities, and private contractors concerning financial reporting and

compliance with the Oversight Board's requests for financial information, and drafting the

Oversight Board's communications to the Government concerning proposed and enacted legislation

and its economic effects on the certified fiscal plans and budgets.

(c)   <u>Analysis and Strategy (Project Category 210)</u>
(Fees: <u>$299,621.10</u>; Hours: <u>368.70</u>)

134.   This Project Category includes time spent related to legal analysis on, and

brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto,

including engaging in meetings to discuss strategic case considerations, the status of various work

streams and next steps, and all Proskauer internal meetings, except those specifically dealing with

an issue covered by another Project Category.

\*       \*       \*       \*

135.   The foregoing professional services performed by Proskauer on behalf of the

Oversight Board as representative of the Debtor during the Compensation Period were reasonable,

necessary, appropriate, and beneficial when rendered, facilitated the effective administration of the

Debtor's Title III Case, and were in the best interests of the Oversight Board and the Debtor's

creditors, residents, and other stakeholders. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and time-sensitive nature of the problems, issues, and tasks involved. The professional services were performed with expedition and in an efficient manner.

136.    In accordance with the factors enumerated in the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of the Debtor's Title III Case; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; (e) Proskauer's established expertise in the bankruptcy field; and (f) the costs of comparable services other than in a case under the Bankruptcy Code.

### Actual and Necessary Expenses of Proskauer

137.    Pursuant to the Guidelines, **Schedule 4** is Proskauer's summary of actual and necessary expenses incurred on behalf of the Oversight Board as representative of the Debtor during the Compensation Period.

138.    In accordance with paragraph C.13 of the Appendix B Guidelines and as more fully itemized in **Schedule 4**, Proskauer seeks reimbursement for its necessary and reasonable expenses, including: (a) reproduction, (b) online research, (c) delivery services and couriers, (d) conference services, (e) transcription and translation services, (f) litigation support, (g) court fees, and (h) professional services. All expense entries detailed in **Exhibit B** comply with the requirements set forth in the Guidelines, including an itemization of the expenses by category, the date the expense was incurred, and the individual incurring the expense, where available. The reasons for the expenses are self-explanatory. In compliance with Appendix B Guidelines paragraph C.13, the requested expenses are of the kind customarily charged to Proskauer's chapter 11 and non-bankruptcy clients and by other comparable professionals.

139.    Proskauer generally charges from $0.10 (black and white) to $0.30 (color) per page for photocopying expenses.  The rates charged by the firm for Westlaw and Lexis computerized research vary according to the type of research conducted and the specific files researched, but, in any event, Proskauer does not profit from the use of computer assisted legal research, as set forth in **Schedule 4**.  As per the Appendix B Guidelines, Proskauer has not requested reimbursement of expenses related to overhead charges, such as secretarial services and proofreading.   The expenditures Proskauer is seeking reimbursement for and which are reflected on **Schedule 4** are all of the type customarily billed to clients.

140.    During the Compensation Period, Proskauer has disbursed **$438,081.14** as necessary and reasonable expenses.  These charges cover Proskauer's direct operating costs, which costs are not incorporated into the firm's hourly billing rates (because to do so would impose that cost upon clients who do not benefit from extensive photocopying and other facilities and services). Proskauer has made every effort to minimize its expenses in the Debtor's Title III Case.  The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to effectively serve the needs of the Debtor in its Title III case.

**Compensation Paid and Its Source**

141.    All services for which Proskauer seeks compensation, and expenses for which it seeks reimbursement, were performed on behalf of the Oversight Board as representative of the Debtor.  In connection with the matters covered by this Application, Proskauer received no payment and no promises of payment for services rendered, or to be rendered, from any source other than the Debtor.  There is no agreement or understanding between Proskauer and any other person, other than members of the firm, for the sharing of compensation received for services rendered in this Title III case.

142.     PROMESA sections 316 and 317 provide for interim compensation of professionals and govern the Court's award of such compensation.  PROMESA section 316 provides that a court may award a professional person employed by the Debtor or the Oversight Board under PROMESA "(1) reasonable compensation for actual, necessary services rendered by the professional person, or attorney and by any paraprofessional person employed by any such person; and (2) reimbursement for actual, necessary expenses."  PROMESA § 316(a).  Section 316 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (1) the time spent on such services;
>
> (2) the rates charged for such services;
>
> (3) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this chapter;
>
> (4) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (5) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (6) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this subchapter or title 11.

PROMESA § 316(c).

143.     As noted above, the professional services and expenditures for which Proskauer seeks compensation and reimbursement in this Application were necessary and beneficial to the Oversight Board, as representative of the Debtor, and included, among other things, anticipating or responding to the Oversight Board's needs and assisting in the Oversight Board's navigation of the

73

Debtor's very complex Title III case. The compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Oversight Board. The Oversight Board has reviewed and approved this Application.

### Reservations

144.    To the extent time or disbursement charges for services rendered or expenses incurred relate to the Compensation Period but were not processed prior to the preparation of this Application, or Proskauer has for any other reason not yet sought compensation or reimbursement of expenses herein with respect to any services rendered or expenses incurred during the Compensation Period, Proskauer reserves the right to request compensation for such services and reimbursement of such expenses in a future application.

### Notice

145.    Pursuant to the Interim Compensation Order and the *Fifteenth Amended Notice, Case Management and Administrative Procedures* [ECF No. 17127-1], notice of this Application has been filed in the Debtor's Title III Case and served upon:

> (a) the Financial Oversight and Management Board, 40 Washington Square South, Office 314A, New York, NY 10012, Attn: Professor Arthur J. Gonzalez, Oversight Board Member;

> (b) attorneys for the Financial Oversight and Management Board as representative of The Commonwealth of Puerto Rico, O'Neill & Borges LLC, 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918-1813, Attn: Hermann D. Bauer, Esq. (hermann.bauer@oneillborges.com);

> (c) attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP, 7 Times Square, New York, NY 10036, Attn: John J. Rapisardi, Esq. (jrapisardi@omm.com), Peter Friedman, Esq. (pfriedman@omm.com), and Maria J. DiConza, Esq. (mdiconza@omm.com);

> (d) attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, Marini Pietrantoni Muñiz LLC, 250 Ponce de León Ave., Suite 900, San Juan, PR 00918, Attn.: Luis C. Marini-Biaggi, Esq. (lmarini@mpmlawpr.com), Carolina Velaz-Rivero, Esq. (cvelaz@mpmlawpr.com), and Iván Garau-González, Esq. (igarau@mpmlawpr.com);

(e) the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (*In re: Commonwealth of Puerto Rico*);

(f) attorneys for the Official Committee of Unsecured Creditors, Paul Hastings LLP, 200 Park Ave., New York, NY 10166, Attn: Luc A. Despins, Esq. (lucdespins@paulhastings.com), James Bliss, Esq. (jamesbliss@paulhastings.com), James Worthington, Esq. (jamesworthington@paulhastings.com), and G. Alexander Bongartz, Esq. (alexbongartz@paulhastings.com);

(g) attorneys for the Official Committee of Unsecured Creditors, Casillas, Santiago & Torres LLC, El Caribe Office Building, 53 Palmeras Street, Suite 1601, San Juan, PR 00901, Attn: Juan J. Casillas Ayala, Esq. (jcasillas@cstlawpr.com), Diana M. Batlle-Barasorda, Esq. (dbatlle@cstlawpr.com), Alberto J.E. Añeses Negrón, Esq. (aaneses@cstlawpr.com), and Ericka C. Montull-Novoa, Esq. (emontull@cstlawpr.com);

(h) attorneys for the Official Committee of Retired Employees, Jenner & Block LLP, 919 Third Ave., New York, NY 10022, Attn: Robert Gordon, Esq. (rgordon@jenner.com) and Richard Levin, Esq. (rlevin@jenner.com); and Jenner & Block LLP, 353 N. Clark Street, Chicago, IL 60654, Attn: Catherine L. Steege, Esq. (csteege@jenner.com);

(i) attorneys for the Official Committee of Retired Employees, Bennazar, García & Milián, C.S.P., Edificio Union Plaza, PH-A piso 18, Ave. Ponce de León #416, Hato Rey, San Juan, PR 00918, Attn: A.J. Bennazar- Zequeira, Esq. (ajb@bennazar.org);

(j) the Puerto Rico Department of Treasury, PO Box 9024140, San Juan, PR 00902-4140, Attn: Reylam Guerra Goderich, Deputy Assistant of Central Accounting (Reylam.Guerra@hacienda.pr.gov); Omar E. Rodríguez Pérez, CPA, Assistant Secretary of Central Accounting (Rodriguez.Omar@hacienda.pr.gov); Angel L. Pantoja Rodríguez, Deputy Assistant Secretary of Internal Revenue and Tax Policy (angel.pantoja@hacienda.pr.gov); Francisco Parés Alicea, Assistant Secretary of Internal Revenue and Tax Policy (francisco.pares@hacienda.pr.gov); and Francisco Peña Montañez, CPA, Assistant Secretary of the Treasury (Francisco.Pena@hacienda.pr.gov);

(k) attorneys for the Fee Examiner, EDGE Legal Strategies, PSC, 252 Ponce de León Avenue, Citibank Tower, 12th Floor, San Juan, PR 00918, Attn: Eyck O. Lugo, Esq. (elugo@edgelegalpr.com); and

(l) attorneys for the Fee Examiner, Godfrey & Kahn, S.C., One East Main Street, Suite 500, Madison, WI 53703, Attn: Katherine Stadler, Esq. (KStadler@gklaw.com).

Proskauer submits that, in light of the foregoing, no other or further notice need be provided.

WHEREFORE Proskauer respectfully requests that the Court issue an order (a) allowing interim compensation for professional services rendered during the Compensation Period in the amount of **$11,164,006.40**, and allowing reimbursement for actual and necessary expenses Proskauer incurred in connection with such services during the Compensation Period in the amount of **$438,081.14**; (b) authorizing and directing the Debtor to pay promptly to Proskauer the difference between (i) the amount of interim compensation for professional services rendered and reimbursement of expenses incurred during the Compensation Period allowed hereunder, and (ii) the amounts for such compensation and expenses previously paid to Proskauer, consistent with the provisions of the Interim Compensation Order; (c) allowing such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred without prejudice to Proskauer's right to seek additional compensation for services performed and expenses incurred during the Compensation Period, which were not processed at the time of this Application or which arise from the accrued incremental fees from increased rates in the Engagement Letter; and (d) granting Proskauer such other and further relief as is just and proper.

[*Remainder of Page Intentionally Left Blank*]

Dated: July 29, 2021
     San Juan, Puerto Rico

Respectfully submitted,

*/s/ Martin J. Bienenstock*

Martin J. Bienenstock (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
Ehud Barak (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
     ppossinger@proskauer.com
     ebarak@proskauer.com

-and-

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205

*/s/ Ubaldo M.  Fernández*
Ubaldo M. Fernández
USDC No. 224807
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Attorneys for the Financial Oversight and
Management Board as Representative of the
Debtor*