# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17-BK-3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17-BK-4780-LTS<br>**Re: ECF No. 1199** |

## NOTICE OF ASSUMPTION OF
## POWER PURCHASE OPERATING AGREEMENT

Re:   Renewable Power Purchase Operating Agreement by and between Puerto Rico Electric Power Authority ("PREPA") and Ciro One Salinas, LLC dated October 25, 2010 (the "CIRO PPOA")

**PLEASE TAKE NOTICE** that on April 22, 2019, the United States District Court for the District of Puerto Rico (the "Court") entered the *Order Pursuant to Bankruptcy Code Sections 105 and 365 and Bankruptcy Rules 2002, 6004 and 6006, Approving Procedures for the Assumption of*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Power Purchase and Operating Agreements* [ECF No. 1199] (the "Procedures Order").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Procedures Order, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), and PREPA hereby provide this "Notice of Assumption of Power Purchase and Operating Agreement" (the "Notice") stating PREPA's intent to assume the CIRO PPOA.

**PLEASE TAKE FURTHER NOTICE** that, should you object to the assumption of the above-referenced PPOA, you must file and serve a written objection so that such objection is filed with the Court and actually received, no later than fifteen (15) calendar days after the date that PREPA served this Notice (the "Assumption Objection Deadline") by PREPA, the Oversight Board, and AAFAF, through their undersigned counsel, and the following parties (collectively, the "Notice Parties"): (i) the counterparties or other parties-in-interest affected by the Assumption Notice and any parties to any subleases; (ii) the Office of the United States Trustee for the District of Puerto Rico; (iii) the indenture trustees and/or agents, as applicable, for PREPA's bonds; (iv) the administrative agent(s) for lenders under that certain Credit Agreement, dated as of May 4, 2012, among PREPA, Scotiabank de Puerto Rico, and the lenders party thereto, as amended, and that certain the Trade Finance Facility Agreement, dated as July 20, 2012; (v) the statutory unsecured claimholders' committee appointed in this Title III Case; (vi) the Office of the United States Attorney for the District of Puerto Rico; (vii) counsel to AAFAF; and (viii) the Puerto Rico Department of Justice.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Procedures Order, if a timely objection is properly filed and served in accordance with the procedures set forth above, unless the parties agree otherwise in writing, the objecting party and PREPA have ten (10) calendar days to meet and confer in order to resolve the objection (the "Meet and Confer

Period"). If a resolution is reached by the expiration of the Meet and Confer Period, PREPA shall file an amended Assumption Notice with the Court, reflecting the terms of the resolution made during the Meet and Confer Period. If no resolution is made during the Meet and Confer Period, a hearing will be scheduled to consider the objection. If that objection is overruled by the Court or withdrawn, the assumption of the affected PPOA shall be deemed effective seven (7) calendar days from the date the applicable Assumption Notice was served on the affected counterparty or party-in-interest.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Procedures Order, if no objection is filed and served in accordance with the above procedures, PREPA shall file with the Court a certificate of no objection with the proposed form of order (the "Assumption Order"), attached hereto as **Exhibit A**, that provides, *inter alia*, that the applicable PPOA shall become effective seven (7) calendar days from the date the applicable Assumption Notice was served on the affected counterparty or party-in-interest (notwithstanding any extension of the objection deadline beyond such date pursuant to Bankruptcy Rule 9006).

### Description of the CIRO PPOA

1. On October 25, 2010 PREPA and Ciro One Salinas, LLC entered into the original CIRO PPOA relating to the purchase of renewable energy from photovoltaic solar project with a capacity of 90 MW located in Aguirre, Salinas, Puerto Rico.

2. In early 2019, PREPA determined to renegotiate certain of the approximately 50 PPOAs for non-operating renewable projects that PREPA had originally entered into between 2009 and 2012, and later renegotiated in and around 2014 (the "Non-Operating PPOAs"). The prices originally agreed under the Non-Operating PPOAs were above the current market price and above the price target set in PREPA's Fiscal Plan, with uncapped escalation and additional charges for renewable energy credits. If developed under those terms, the energy prices and contractual conditions in the

3

Non-Operating PPOAs would have imposed a large financial burden on PREPA and the ratepayers of Puerto Rico. With that in mind, PREPA initiated extensive, arms-length negotiations with the Non-Operating PPOA developers in early 2019.

3. The negotiation of amendments to the CIRO PPOA resulted in a reduction in the per kilowatt-hour (kWh) price of energy to be provided under the agreement. The CIRO PPOA, as amended, now includes the sale of both renewable energy and renewable energy certificates, at a cost of $ 0.0989/kWh and, if approved, the project would enter into commercial operation two (2) years after the beginning of its construction, thus contributing to the requirements of the Renewable Energy Portfolio. The initial price is subject to an annual escalation of two percent (2%) applied July 1 of each year of the CIRO PPOA (beginning the year after the project enters into commercial operation), provided that the rate to be paid in any year of the CIRO PPOA does not exceed a maximum of $0.141/kWh.

4. On May 28, 2020, the PREPA Governing Board approved the execution of the amendments to the CIRO PPOA pursuant to Resolution 4798. On March 1, 2021, the Oversight Board approved the CIRO PPOA as amended under the contract review policy[2] implemented by the Oversight Board, confirming the CIRO PPOA's compliance with the Fiscal Plan. On June 10, 2021, PREB issued Resolution and Order approving the CIRO PPOA as amended.[3]

5. No cure costs are due or payable as a result of the assumption of the CIRO PPOA pursuant to section 365(b) of the Bankruptcy Code.

---

[2] *See* Contract Review, THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as amended, available at: https://oversightboard.pr.gov/contract-review/ (last visited July 27, 2021).

[3] *See* Resolution and Order entered in Case No. NEPR-AP-2021-0002, *In Re: Enmiendas a Contrato de Compraventa de Energía Renovable: Proyectos No-Operacional (Ciro One Salinas, LLC)* available at https://energia.pr.gov/wp-content/uploads/sites/7/2021/06/20210610-AP20210001-Resolucion-final-y-Orden.pdf (Last visited on July 27, 2021).

Dated: August 2, 2021
San Juan, Puerto Rico

Respectfully submitted,

**O'MELVENY & MYERS LLP**

/s/ Maria J. DiConza

John J. Rapisardi (*pro hac vice*)
Maria J. Diconza (*pro hac vice*)
7 Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
Email: jrapisardi@omm.com
nmitchell@omm.com
mdiconza@omm.com

-and-

Peter Friedman (*pro hac vice*)
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
Email: pfriedman@omm.com

-and-

Elizabeth L. McKeen (*pro hac vice*)
Ashley M. Pavel (*pro hac vice*)
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Telephone: (949) 823-6900
Facsimile: (949) 823-6994
Email: emckeen@omm.com

*Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority and Puerto Rico Electric Power Authority*

**PROSKAUER ROSE LLP**

/s/ Paul V. Possinger

Martin J. Bienenstock (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Daniel S. Desatnik (*pro hac vice*)
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

**LUIS F. DEL VALLE-EMMANUELLI**

/s/ Luis F. del Valle-Emmanuelli
Luis F. del Valle-Emmanuelli
USDC-PR No. 209514
P.O. Box 79897
Carolina, Puerto Rico 00984-9897
Tel. 787.647.3503
Fax N/A
dvelawoffices@gmail.com

OF COUNSEL FOR
A&S LEGAL STUDIO, PSC
434 Avenida Hostos
San Juan, PR 00918
Tel. (787) 751-6764/763-0565
Fax (787) 763-8260

*Co-Attorney for the Financial Oversight and Management Board as representative of the Debtor*

5

| | |
|---|---|
| **MARINI PIETRANTONI MUÑIZ, LLC** | **DÍAZ & VÁZQUEZ LAW FIRM, P.S.C.** |
| */s/ Luis C. Marini-Biaggi* | */s/ Katiuska Bolaños* |
| Luis C. Marini-Biaggi<br>USDC 222301<br>250 Ponce de León Ave., Suite 900<br>San Juan, Puerto Rico 00918<br>Tel.:(787) 705-2171<br>Email: lmarini@mpmlawpr.com | Katiuska Bolaños<br>USDC-PR No. 231812<br>290 Jesús T. Piñero Ave.<br>Oriental Tower, Suite 803<br>San Juan, PR 00918<br>Tel: (787) 395-7133<br>Fax: (787) 497-9664<br>Email: kbolanos@diazvaz.law |
| *Co-Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority* | *Attorneys for Puerto Rico Electric Power Authority* |

## **EXHIBIT A**

Proposed Order

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>    Debtors.[4] | PROMESA<br>Title III<br><br><br>Case No. 17-BK-3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>    Debtor. | PROMESA<br>Title III<br><br><br>Case No. 17-BK-4780-LTS<br>**Re: ECF No. 1199** |

### [PROPOSED] ORDER AUTHORIZING ASSUMPTION BY PREPA OF RENEWABLE ENERGY POWER PURCHASE AND OPERATING AGREEMENT WITH CIRO ONE SALINAS, LLC

Upon the *Notice of Assumption by PREPA of Renewable Energy Power Purchase and Operating Agreement With Ciro One Salinas, LLC* (the "Notice") issued pursuant to this Court's *Order Pursuant to Bankruptcy Code Sections 105 and 365 and Bankruptcy Rules 2002, 6004 and 6006, Approving Procedures for the Assumption of Power Purchase and Operating Agreements*

---

[4] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[ECF No. 1199];[5] and the Court having found it has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA; and it appearing that venue in this district is proper pursuant to section 307(a) of PROMESA; and the Oversight Board having approved the assumption of the CIRO PPOA; and the Court having found that the assumption of the CIRO PPOA is in the best interests of PREPA, its creditors, and other parties in interest; and the Court having found that PREPA provided adequate and appropriate notice under the circumstances and that no other or further notice is required; and the Court having reviewed the Notice; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and upon the record herein, after due deliberation thereon, the Court having found that good and sufficient cause exists for the granting of the relief as set forth herein,

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Pursuant to section 365 of the Bankruptcy Code, made applicable in this Title III Case pursuant to PROMESA section 301(a), PREPA is authorized to assume the CIRO PPOA, and the assumption of the CIRO PPOA shall be deemed effective seven (7) calendar days from the date the Notice was filed and served on the affected counterparty and the Notice Parties.

2. The assumption of the CIRO PPOA does not give rise to any claim for cure costs, and the assumption of the CIRO PPOA shall not result in a breach or violation of, or default under, the CIRO PPOA.

3. Nothing herein is intended to, shall constitute, or shall be deemed to constitute PREPA's or the Oversight Board's consent, pursuant to PROMESA section 305, to this Court's interference with (a) any of the political or governmental powers of PREPA, (b) any of the property or revenues of PREPA, or (c) the use or enjoyment of PREPA of any of its property.

4. Notwithstanding any applicability of any Bankruptcy Rule, the terms and conditions

---

[5] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Notice.

2

of this Order shall be immediately effective and enforceable upon its entry.

5. PREPA and the Oversight Board, as PREPA's representative, are authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this order in accordance with the Motion.

6. The Court shall retain exclusive jurisdiction to hear and determine any and all disputes related to or arising from the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2021

_____
HON. LAURA TAYLOR SWAIN
United States District Judge

3