IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, THE<br>EMPLOYEES RETIREMENT SYSTEM OF THE<br>GOVERNMENT OF THE COMMONWEALTH OF<br>PUERTO RICO, AND THE PUERTO RICO PUBLIC<br>BUILDINGS AUTHORITY,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

ORDER (I) APPROVING DISCLOSURE STATEMENT, (II) FIXING VOTING RECORD DATE,
(III) APPROVING CONFIRMATION HEARING NOTICE AND CONFIRMATION SCHEDULE,
(IV) APPROVING SOLICITATION PACKAGES AND DISTRIBUTION PROCEDURES,
(V) APPROVING FORMS OF BALLOTS, AND VOTING AND ELECTION PROCEDURES,
(VI) APPROVING NOTICE OF NON-VOTING STATUS, (VII) FIXING VOTING, ELECTION,
AND CONFIRMATION DEADLINES, AND (VIII) APPROVING VOTE TABULATION PROCEDURES

Upon the motion (Docket Entry No. 16756 in Case No. 17-3283, Docket Entry

No. 1153 in Case No. 17-3566, and Docket Entry No. 128 in Case No. 19-5523,[2] the "Motion"),[3]

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case
       number and the last four (4) digits of each Debtor's federal tax identification number, as
       applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-
       3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax
       Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four
       Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation
       Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of
       Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the
       Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last
       Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority
       ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax
       ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case
       No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case
       numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]    All docket entry references are to entries in Case No. 17-3283 unless otherwise indicated.

[3]    Capitalized terms not otherwise defined herein shall have the meanings given to such

dated May 13, 2021, of the Commonwealth of Puerto Rico (the "Commonwealth"), the

Employees Retirement System of the Government of the Commonwealth of Puerto Rico

("ERS"), and the Puerto Rico Public Buildings Authority ("PBA"), by and through the Financial

Oversight and Management Board for Puerto Rico (the "Oversight Board" and in its capacity as

representative of the Commonwealth, ERS, and PBA, the "Debtors"), as representative of the

debtor under PROMESA section 315(b), pursuant to sections 105, 502, 1125, 1126(a), 1126(b),

1126(c), 1126(e), 1126(f), 1126(g), and 1128 of title 11 of the United States Code (made

applicable to the Title III Cases pursuant to PROMESA section 301(a)) (the "Bankruptcy

Code"), Federal Rules of Bankruptcy Procedure (made applicable to the Title III Cases pursuant

to PROMESA section 310) (the "Bankruptcy Rules") 2002, 3016, 3017, 3018, 3020, 9013, 9014,

and 9021, and Local Bankruptcy Rules for the United States Bankruptcy Court for the District of

Puerto Rico (the "Local Rules") 3016-2 and 9013-1 requesting an order: (i) approving the

proposed Disclosure Statement, (ii) fixing a Voting Record Date for voting on the Plan (as

defined below), (iii) approving the Confirmation Hearing Notice and confirmation schedule, (iv)

approving the proposed contents of the Solicitation Package and procedures for distribution

thereof, (v) approving the forms of ballots and election instructions, and establishing solicitation,

voting, and balloting procedures, (vi) approving the form and manner of Notice of Non-Voting

Status, (vii) fixing a Voting Deadline and Election Deadline, and (viii) approving procedures for

tabulating creditor votes, all as more fully described in the Motion; and the Court having subject

matter jurisdiction to consider the Motion and the relief requested therein pursuant to

PROMESA section 306(a); and it appearing that venue in this district is proper pursuant to

PROMESA section 307(a); and due and proper notice of the Motion having been provided and it

---

terms in the Motion.

appearing that no other or further notice need be provided; and the Court having held hearings on

July 13-14, 2021, and July 29, 2021 to consider the adequacy of the information contained in the

Disclosure Statement and the additional relief requested in the Motion (the "Disclosure

Statement Hearing"); and the Court having determined the relief sought in the Motion is in the

best interests of the Debtors, its creditors, and all parties in interest; and the Court having

determined the legal and factual bases set forth in the Motion establish just cause for the relief

granted herein, it is hereby found and determined that:[4]

A.     The Debtors, by and through the Oversight Board, as the Debtors' representative

in its Title III case pursuant to PROMESA section 315(b), have full authority to propose and

prosecute the *Disclosure Statement for the Seventh Amended Title III Joint Plan of Adjustment of

the Commonwealth of Puerto Rico, et al.*, dated July 30, 2021 (Docket Entry No. 17628, as the

same may be amended or modified, including all exhibits and attachments thereto, the

"Disclosure Statement") and the *Seventh Amended Title III Joint Plan of Adjustment of the

Commonwealth of Puerto Rico, et al.*, dated July 30, 2021 (Docket Entry No. 17627, as the same

may be amended or modified, including all exhibits and supplements thereto, the "Plan").

B.     The Disclosure Statement (including the exhibits attached thereto) contains

adequate information within the meaning of section 1125 of the Bankruptcy Code, and no other

or further information is necessary for purposes of soliciting acceptances and rejections of the

Plan as set forth herein.

C.     The Disclosure Statement (including the exhibits attached thereto) provides

holders of Claims and other parties in interest with sufficient notice of the injunction,

---

[4]     The findings and conclusions set forth herein constitute the Court's findings of fact and
conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding
pursuant to Bankruptcy Rule 9014.

exculpation, and release provisions contained in Article XCII of the Plan in satisfaction of the requirements of Bankruptcy Rule 3016(c).

D.    The forms of ballots and election instructions with respect to the Plan, substantially in the forms attached hereto as **Schedules 3 and 5** (each, a "Ballot" or an "Election Notice"), are consistent with Official Bankruptcy Form No. B 314, adequately address the particular needs of the Title III Cases and are appropriate for the relevant Classes of Claims entitled under the Plan to vote to accept or reject the Plan and to make an election of the form of distribution under the Plan, as applicable.

E.    Ballots to vote to accept or reject the Plan need only be provided to Ambac, Assured, FGIC, National, or Syncora on account of Claims in Classes 2 - 6, 17 - 21, 24 - 28, 32, 37, and 42, as applicable.  Beneficial holders of Claims in Classes 2 - 6, 17 - 21, 24 - 28, 32, 37, and 42, as applicable, shall be entitled to receive Election Notices to make an election with respect to the form of distribution under the Plan to the extent such election are provided pursuant to the Plan. Ballots to vote to accept or reject the Plan need only be provided to Ambac, Assured, FGIC, or National on account of Claims arising from securities insured by such parties in Classes 59, 60, and 61, as applicable.

F.    Ballots need not be provided to the holders of Claims in the following Classes, because the holders of these Claims are unimpaired pursuant to the Plan and are deemed to accept the Plan:

- Class 51A (Retired ERS Participant Below-Threshold Claims),

- Class 51C (Retired TRS Participant Below-Threshold Claims),

- Class 51J (System 2000 Participant Claims),

- Class 51K (VTP Payroll Participant Below-Threshold Claims),

- Class 55 (Energy Incentive Claims),

- Class 57 (Tax Credit Claims),

- Class 67 (Gracia-Gracia Claims), and

- Class 68 (Convenience Claims).

G.     Ballots need not be provided to the holders of Claims in the following Classes, because such holders will receive no distributions pursuant to the Plan and are deemed to reject the Plan:

- Class 63 (CW Appropriations Claims), and

- Class 64 (CW 510(b) Subordinated Claims).

H.     The period set forth below, during which the Debtors may solicit acceptances and rejections to the Plan and elections with respect to the form of distribution thereunder, is a reasonable period of time for holders of Claims entitled to vote on the Plan or make elections regarding the form of distributions pursuant to the Plan.

I.     The procedures set forth below regarding notice to all parties in interest of the time, date, and place of the hearing to consider confirmation of the Plan (the "Confirmation Hearing"), filing of objections or responses to the proposed confirmation of, or proposed modifications to, the Plan ("Confirmation Objections") and the distribution and contents of the solicitation packages (the "Solicitation Packages") provide a fair and equitable notice and voting process and comply with Bankruptcy Rules 2002, 3017, and 3018 and constitute sufficient notice to all interested parties of the Voting Record Date, the Voting Deadline, the Election Deadline, the Confirmation Objection Deadline, the Confirmation Hearing, and all related matters.

Now, therefore, it is hereby ORDERED as follows:

1.      The Motion is granted as modified herein, and all other objections to the Disclosure Statement are overruled.

2.      The Disclosure Statement is approved in its entirety, and the Debtors may accordingly solicit acceptances and rejections of the Plan as set forth herein.

3.      The forms of Ballots and Notices are approved.

4.      The Retiree Committee's recommendation letter, substantially in the form attached hereto as **Schedule 6(a)** (the "Retiree Committee Letter"), and the Information Guide, substantially in the form attached hereto as **Schedule 6(b)** (the "Information Guide"), is approved under section 1125 of the Bankruptcy Code.

5.      The Creditors' Committee's recommendation letter, substantially in the form attached hereto as **Schedule 7** (the "Creditors' Committee Letter"), is approved under section 1125 of the Bankruptcy Code.

6.      The record date for purposes of determining creditors entitled to vote on the Plan (except in connection with the Bond Classes[5] and any Claims in Class 51 and Class 52) or, in the case of the non-voting Classes to receive the Notice of Non-Voting Status, shall be **July 13, 2021** (the "Voting Record Date"); provided, however, the Voting Record Date for Class 51 and Class 52 shall be **April 1, 2021**.

7.      With respect to any transferred Claim (except for any Claims in the Bond Classes), the transferee should be entitled to receive a Solicitation Package and vote to accept or reject the Plan on account of the transferred Claim only if: (a) all actions necessary to effect the

---

[5]      For the avoidance of doubt, because holders of Claims in the Bond Classes must submit their vote and/or election through ATOP (as defined below) pursuant to Paragraphs 32 and 33 of this Order, the Voting Record Date shall not apply to the Bond Classes, and the holder of the applicable security at the time of tender shall be eligible to cast a vote and/or make an election.

transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting

Record Date; or (b) the transferee files, no later than the Voting Record Date, (i) the

documentation required by Bankruptcy Rule 3001(e) to evidence the transfer, and (ii) a sworn

statement of the transferor supporting the validity of the transfer. In the event a Claim is

transferred after the transferor has completed, executed, and returned a Ballot, the transferee of

such Claim shall be bound by any vote or election, if applicable, (and the consequences thereof)

made on the Ballot by such transferor of such transferred Claim.

8.      For the purposes of voting on the Plan, (i) Ambac, Assured, National, or Syncora

shall have the sole right to cast the votes to accept or reject the Plan on account of Claims in

Classes 2 – 4, 6, 17 – 19, 21, 24 – 26, 28, 32, 37, and 42, as applicable, (ii) FGIC shall have the

sole right to cast votes to accept or reject the Plan on account of Claims in Classes 5, 20, and 27

in the amounts set forth on **Schedule 9** hereto, and (iii) Ambac, Assured, FGIC, and National, as

applicable, shall have the sole right to cast the votes to accept or reject the Plan on account of

Claims in Classes 59, 60, and 61 solely on account of the applicable Claims arising from

securities insured by such parties.

9.      Cede & Company and The Depository Trust Company ("DTC") shall provide the

Debtors within seven (7) Business Days of the date of this Order, or as soon as possible

thereafter, a listing of the names and addresses of all Nominees that as of the Voting Record Date

held, directly or indirectly, any of the Existing Bonds.

10.     The Debtors shall cause the Balloting Agent to complete the mailing of the

Confirmation Hearing Notice in accordance with the Bankruptcy Rules and Local Rules on or

before **the later of August 5, 2021 and five (5) business days after entry of this Order**.

11.     The Debtors shall cause the Balloting Agent to complete the mailing of the appropriate Solicitation Package by **the later of August 26, 2021 and date that is twenty-eight (28) calendar days following entry of this Order** (the "Solicitation Mailing Date") to all known holders (as of the Voting Record Date) of Claims in the following classes (collectively, the "Voting Classes"):

|  | **Class** |
|---|---|
| Vintage PBA Bond Claims | Class 1 |
| Vintage PBA Bond Claims (Assured) | Class 2 |
| Vintage PBA Bond Claims (National) | Class 3 |
| Vintage PBA Bond Claims (Ambac) | Class 4 |
| Vintage PBA Bond Claims (FGIC) | Class 5 |
| Vintage PBA Bond Claims (Syncora) | Class 6 |
| Retail Vintage PBA Bond Claims | Class 7 |
| 2011 PBA Bond Claims | Class 8 |
| Retail 2011 PBA Bond Claims | Class 9 |
| 2012 PBA Bond Claims | Class 10 |
| Retail 2012 PBA Bond Claims | Class 11 |
| PBA/DRA Secured Claims | Class 12 |
| PBA General Unsecured Claims | Class 13 |
| PBA/DRA Unsecured Claims | Class 14 |
| Vintage CW Bond Claims | Class 15 |
| Retail Vintage CW Bond Claims | Class 16 |
| Vintage CW Bond Claims (Assured) | Class 17 |
| Vintage CW Bond Claims (National) | Class 18 |
| Vintage CW Bond Claims (Ambac) | Class 19 |
| Vintage CW Bond Claims (FGIC) | Class 20 |
| Vintage CW Bond Claims (Syncora) | Class 21 |
| Vintage CW Guarantee Bond Claims | Class 23 |
| Vintage CW Guarantee Bond Claims (Assured) | Class 24 |
| Vintage CW Guarantee Bond Claims (National) | Class 25 |
| Vintage CW Guarantee Bond Claims (Ambac) | Class 26 |
| Vintage CW Guarantee Bond Claims (FGIC) | Class 27 |
| Vintage CW Guarantee Bond Claims (Syncora) | Class 28 |
| 2011 CW Bond Claims | Class 30 |
| Retail 2011 CW Bond Claims | Class 31 |
| 2011 CW Bond Claims (Assured) | Class 32 |
| 2011 CW Guarantee Bond Claims | Class 34 |

|  | Class |
|---|---|
| 2011 CW Series D/E/PIB Bond Claims | Class 36 |
| 2011 CW Series D/E/PIB Bond Claims (Assured) | Class 37 |
| Retail 2011 CW Series D/E/PIB Bond Claims | Class 38 |
| 2012 CW Bond Claims | Class 40 |
| Retail 2012 CW Bond Claims | Class 41 |
| 2012 CW Bond Claims (Assured) | Class 42 |
| 2012 CW Guarantee Bond Claims | Class 44 |
| 2014 CW Bond Claims | Class 46 |
| Retail 2014 CW Bond Claims | Class 47 |
| 2014 CW Guarantee Bond Claims | Class 49 |
| Retired JRS Participant Below-Threshold Claims | Class 51B |
| Retired ERS Participant Above-Threshold Claims | Class 51D |
| Retired JRS Participant Above-Threshold Claims | Class 51E |
| Retired TRS Participant Above-Threshold Claims | Class 51F |
| Active ERS Participant Claims | Class 51G |
| Active JRS Participant Claims | Class 51H |
| Active TRS Participant Claims | Class 51I |
| VTP Payroll Participant Above-Threshold Claims | Class 51L |
| AFSCME Claims | Class 52 |
| Dairy Producer Claims | Class 53 |
| Eminent Domain Claims | Class 54 |
| Med Center Claims | Class 56 |
| CW General Unsecured Claims | Class 58 |
| CW/HTA Claims | Class 59 |
| CW/Convention Center Claims | Class 60 |
| CW/PRIFA Rum Tax Claims | Class 61 |
| CW/MBA Claims | Class 62 |
| ERS Bond Claims | Class 65 |
| ERS General Unsecured Claims | Class 66 |
| Federal Claims | Class 69 |

12.     The Debtors shall not be required to mail or cause to be mailed Solicitation Packages to any holders of Claims that are, as of the Voting Record Date, marked on the Title III register maintained by Prime Clerk as subject to administrative reconciliation procedures pursuant to the *Order (A) Authorizing Administrative Reconciliation of Claims, (B) Approving Additional Form of Notice, and (C) Granting Related Relief* (Docket Entry No. 12274, the

"Administrative Reconciliation Order"), as such holders shall not be entitled to vote such Claims
to accept or reject the Plan, unless such holder's claim has been allowed pursuant to an order of
the Court on or before the Voting Deadline, as defined below;[6] provided, however, the Debtors
shall complete, by no later than the Solicitation Mailing Date, the service of (i) the Confirmation
Hearing Notice, and (ii) a Notice of Non-Voting Status to such holders of Claims.

13.     Solicitation Packages mailed to creditors holding Claims in the Voting Classes
will contain, in English and Spanish translation: (i) the Confirmation Hearing Notice; (ii) a flash
drive (or otherwise in the Debtors' discretion)[7] containing this Disclosure Statement Order
(without the exhibits hereto) and Disclosure Statement (together with all exhibits thereto,
including the Plan); (iii) the appropriate form of Ballot[8] or Notice, if any, with instructions for
voting and/or making any applicable election, and, as applicable, a pre-addressed, pre-paid return
envelope, (iv) with respect to Class 51, the Retiree Committee Letter and Information Guide, and
(v) with respect to Classes 54, 58, and 66, the Creditors' Committee Letter.

14.     If it is a Nominee's (or Nominee's agent's) customary and accepted practice to
forward the solicitation information to (and collect votes or elections from) Beneficial Owners

---

[6]     For the avoidance of doubt, holders of Claims transferred into the alternative dispute
procedures pursuant to the *Order (A) Authorizing Alternative Dispute Resolution
Procedures, (B) Approving Additional Form of Notice, and (C) Granting Related Relief*
(Docket Entry No. 12576) will not be precluded from voting such Claims to accept or
reject the Plan, except as otherwise provided in this Order.

[7]     For the avoidance of doubt, the Debtors reserve the right (in their sole discretion) to
distribute the Disclosure Statement (together with all exhibits thereto) and the Disclosure
Statement Order in paper format to a subset of voting creditors (such as Retirees) if it is
determined to be the most effective method of serving such a population of prospective
voters.

[8]     The Debtors are permitted, in consultation with the Retiree Committee, to send the
appropriate Ballot, voting instructions, Retiree Committee Letter, Information Guide, and
related documents to holders of Claims in Class 51 in Spanish translation only, with
English versions available upon request.

by voter information form, email, telephone, or other customary means of communications, as applicable, the Nominee (or Nominee's agent) may employ that method of communication in lieu of sending the paper Notice, and/or Solicitation Package.  Moreover, if it is the Nominee's (or Nominee's agent's) customary internal practice to provide to Beneficial Owners an electronic link to the solicitation materials (including, but not limited to, the Disclosure Statement and Plan), the Nominee (or Nominee's agent) may follow such customary practice in lieu of forwarding the flash drive or paper copies containing the Disclosure Statement and Plan.  In such instances, the Nominee (or Nominee's agent) may return any excess or unused flash drives or paper copies to the Balloting Agent.

15.     The Debtors are authorized, but not required, to distribute the Disclosure Statement (together with all exhibits thereto) and the Disclosure Statement Order to the Voting Classes in electronic format (flash drive), and the Confirmation Hearing Notice, the Ballots, the Retiree Committee Letter and Information Guide, and the Creditors' Committee Letter (each, as applicable) shall only be provided in paper format.

16.     Upon receipt of a request for a paper copy of the Disclosure Statement, Plan, and/or Disclosure Statement Order, the Balloting Agent shall, within one (1) business day of receiving the request, deposit the requested documents with a postal or shipping service to deliver the requester by service no slower than second-day delivery.

17.     On or before the Solicitation Mailing Date, the Debtors shall provide (i) complete Solicitation Packages (excluding Ballots) to:

(a) the U.S. Trustee,

(b) counsel to AAFAF,

(c) counsel to the LCDC, Quinn Emanuel Urquhart & Sullivan, LLP, 51 Madison Avenue, 22nd Floor, New York, NY 10010, Attn: Susheel Kirpalani, Esq., and Eric Kay, Esq.;

(d) counsel to the QTCB Group, Morgan, Lewis & Bockius LLP, One State Street, Hartford, CT 06103, Attn: Kurt A. Mayr, Esq., and David L. Lawton, Esq.; and Davis, Polk & Wardwell, LLP, 450 Lexington Avenue, New York, NY 10017, Attn: Donald Bernstein, Esq.;

(e) counsel to the GO Group, Paul Weiss, Rifkind, Wharton & Garrison, LLP, 1285 Avenue of the Americas, New York, NY 10019, Attn: Andrew Rosenberg, Esq. and Karen Zeituni, Esq.; Wilkie, Farr & Gallagher, 1875 K Street, NW, Washington, DC 20006, Attn: Mark Stancil, Esq.; and Robbins, Russel, Englert, Orseck, Untereiner & Sauber, LLP, 2000 K Street NW, Washington, DC 20006, Attn: Donald Burke, Esq.;

(f) counsel to the Constitutional Debt Group; Morrison & Foerster, LLC, 250 West 55th Street, New York, NY 10019, Attn: James Peck, Esq., Gary Lee, Esq., and Andrew Kissner, Esq.;

(g) counsel to Ambac; Milbank LLP, 55 Hudson Yards, New York, NY 10001, Attn: Dennis F. Dunne, Esq., and Atara Miller, Esq.;

(h) counsel to Assured; Cadwalader, Wickersham & Taft, 200 Liberty Street, New York, NY 10281, Attn: Mark Ellenberg, Esq., William J. Natbony, Esq., and Casey Servais, Esq.;

(i) counsel to FGIC; Butler Snow LLP, 2911 Turtle Creek, Suite 1400, Dallas, TX 75219, Attn: Martin A. Sosland, Esq.;

(j) counsel to National; Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153, Attn: Andrew Wilkinson, Esq., Kelly DiBlasi, Esq. and Kirsten Erichsen, Esq.;

(k) counsel to Syncora; Norton Rose Fulbright US LLP, 1301 Avenue of the Americas, New York, NY 10019, Attn: Eric Daucher, Esq.;

(l) counsel to AFSCME, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038, Attn: Kenneth Pasquale, Esq. and Sherry J. Millman, Esq.;

and (ii) the Disclosure Statement Order (excluding the exhibits thereto) and the Confirmation Hearing Notice to the Debtors' Bankruptcy Rule 2002 list as of the Voting Record Date.

18.      The Debtors shall complete, by no later than the Solicitation Mailing Date, the service of (i) the Confirmation Hearing Notice, (ii) a Notice of Non-Voting Status, and (iii) with respect to Classes 51(A), (C), (J), and 51(K), the Information Guide, to all known holders (as of the Voting Record Date) of Claims in the following Classes:

- Class 51A (Retired ERS Participant Below-Threshold Claims),

- Class 51C (Retired TRS Participant Below-Threshold Claims),

- Class 51J (System 2000 Participant Claims),

- Class 51K (VTP Payroll Participant Below-Threshold Claims),

- Class 55 (Energy Incentive Claims),

- Class 57 (Tax Credit Claims),

- Class 63 (CW Appropriations Claims),

- Class 64 (CW 510(b) Subordinated Claims),

- Class 67 (Gracia-Gracia Claims), and

- Class 68 (Convenience Claims).[9]

19.     The Debtors shall complete, by no later than the Solicitation Mailing Date, the service of (i) the Confirmation Hearing Notice, and (ii) a Notice of Non-Voting Status to all known holders of Claims for which the Debtors have served an objection or request for estimation as to a Claim at least forty (40) days before the Voting Deadline.

20.     The Confirmation Hearing will be held on **November 8-10, 12, 15-18, and 22-23, 2021 at 9:30 a.m. (Atlantic Standard Time)**; provided, however, that the Confirmation Hearing may be continued from time to time without further notice other than through adjournments announced in open Court or as indicated in any notice of agenda of matters scheduled for hearing filed with the Court.

21.     The Confirmation Hearing Notice setting forth the time, date, and place of the Confirmation Hearing, substantially in the form attached hereto as **Schedule 2**, is approved.

---

[9]     For the avoidance of doubt, for purposes of voting and making the Convenience Claim election, holders of Convenience Claims shall not include holders of Claims that are contingent, unliquidated, or disputed in whole or in part, who will instead receive a Solicitation Package and Ballot as holders of Claims in Class 58, except as otherwise provided in this Order.

22.     The Debtors, through Prime Clerk LLC, shall publish the Confirmation Hearing Notice, on one occasion, in each of *El Nuevo Dia* in Spanish (primary circulation is in Puerto Rico), *Caribbean Business* in English (primary circulation is in Puerto Rico), *El Diario* in Spanish (primary circulation is in New York), *El Nuevo Herald* in Spanish (primary circulation is Miami), *The New York Times*, *The Bond Buyer*, *El Vocero* in Spanish (primary circulation is in Puerto Rico), and *Primera Hora* in Spanish (primary circulation is in Puerto Rico) to the extent possible, (i) between August 29, 2021 and September 4, 2021, (ii) between September 12, 2021 and September 18, 2021, and (iii) between September 26, 2021 and October 2, 2021, which notice is hereby approved and constitutes adequate and sufficient notice and complies Bankruptcy Rule 2002.  To the extent any of the above publications are unable to publish or suspends publication during the time periods above, the Debtors are permitted to use reasonable best efforts to secure a similar alternative publisher without further order of the Court.

23.     The Debtors, through Prime Clerk LLC, shall cause no fewer than ten (10) radio advertisements, to be aired to the extent possible during the periods from (i) **August 29, 2021** up to and including **September 4, 2021**, (ii) **September 12, 2021** up to and including **September 18, 2021**, and (iii) **September 26, 2021** up to and including **October 2, 2021** (for a total of thirty (30) radio advertisements), on (a) WMEG FM (contemporary hit radio) in Spanish and (b) WKAQ AM (Spanish language talk radio) in Spanish, informing listeners of (i) the approval of the Disclosure Statement and the scheduling to the Confirmation Hearing, (ii) the date by which Confirmation Objections must be filed and served, (iii) the Voting Deadline and the Election Deadline and (iv) an information hotline to receive certain additional information.  To the extent any of the above radio stations are unable to broadcast or suspends broadcasting during the time

periods above, the Debtors are permitted to use reasonable best efforts to secure a similar

alternative radio station without further order of the Court.

24.     Any Confirmation Objections must:

(a) be in writing, in English, and signed,

(b) state the name, address, and nature of the Claim of the objecting or responding party,

(c) state with particularity the basis and nature of any objection or response and include,
where appropriate, proposed language to be inserted in the Plan or order confirming
the Plan to resolve any such objection or response,

(d) be served so as to be actually received by the Office of the United States Trustee for
the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan,
PR 00901 (re: In re: Commonwealth of Puerto Rico);

(e) be filed, together with proof of service, with the Court and served so that such
objections and responses are actually received by no later than **5:00 p.m. (Atlantic
Standard Time) on October 19, 2021** (the "Final Confirmation Objection
Deadline").

25.     Confirmation Objections that are not timely filed, served, and actually received in

the manner set forth above shall not be considered and shall be deemed overruled.

26.     Any objecting party that has not filed a timely Confirmation Objection will not be

permitted to make an oral presentation at the Confirmation Hearing.

27.     The Debtors and other parties in interest are authorized to file and serve no later

than **5:00 p.m. (Atlantic Standard Time) on October 27, 2021**: (i) replies or an omnibus reply

to any objections to the confirmation of the Plan; (ii) the Debtors' memorandum of law in

support of confirmation of the Plan; (iii) any declarations in support of confirmation of the Plan;

and (iv) the Debtors' proposed findings of fact confirming the Plan.[10]

---

[10]     Pursuant to the *Order Establishing Preliminary Confirmation Submission and Discovery
Procedures, and Directing Notice to Creditors of the Same* (Docket Entry No. 17431),
the deadline for the Debtors to file its initial proposed confirmation order is **October 8,
2021**.

28.     The Debtors shall not be required to send Solicitation Packages to (i) any holder
of an unimpaired Claim under the Plan, (ii) any holder of a Claim in a Class deemed to reject the
Plan, (iii) any party who holds a Claim, whether in the form of a filed proof of claim, or an
amount listed on the list of creditors filed by the Debtors pursuant to sections 924 and 925 of the
Bankruptcy Code (as amended or modified, the "List of Creditors") in an amount of $0.00, (iv)
any holder of a Claim to which the Debtors have served an objection or request for estimation, or
that has been expunged by order of the Court, and (v) a creditor that has a Claim that has already
been paid in full.

29.     With respect to addresses from which notices of the Disclosure Statement Hearing
were returned as undeliverable by the United States Postal Service, the Debtors are excused from
mailing Solicitation Packages or any other materials related to voting on or confirmation of the
Plan to entities listed at such addresses.  For purposes of serving the Solicitation Packages, the
Debtors are authorized to rely on the address information for all Classes as compiled, updated,
and maintained by the Balloting Agent as of the Voting Record Date.  In addition, to the extent
any Solicitation Packages are returned as undeliverable by the United States Postal Service
(including Solicitation Packages from voting creditors), neither the Debtors nor the Balloting
Agent are required to conduct additional research for updated addresses or to attempt to reserve
the Solicitation Packages on such parties.

30.     The form of Notice of Non-Voting Status (**Schedule 4**) is hereby approved.

31.     The Notice of Non-Voting Status is hereby deemed to satisfy the requirements of
the Bankruptcy Code and the Bankruptcy Rules and the Debtors shall not be required to
distribute copies of the Plan, Disclosure Statement, and/or Disclosure Statement Order to any

holder of a Claim in the following Classes, except as to parties who request, in writing, copies of such documents:

- Class 51A (Retired ERS Participant Below-Threshold Claims),

- Class 51C (Retired TRS Participant Below-Threshold Claims),

- Class 51J (System 2000 Participant Claims),

- Class 51K (VTP Payroll Participant Below-Threshold Claims),

- Class 55 (Energy Incentive Claims),

- Class 57 (Tax Credit Claims),

- Class 63 (CW Appropriations Claims),

- Class 64 (CW 510(b) Subordinated Claims),

- Class 67 (Gracia-Gracia Claims), and

- Class 68 (Convenience Claims).

32.     Each Ballot must be executed, completed, and delivered to the Balloting Agent (i) by U.S. first-class mail, in the return envelope provided with each Ballot (or otherwise by first-class mail); (ii) by overnight courier; (iii) by hand delivery, or (iv) Prime Clerk's e-balloting platform (where permitted), so that executed and completed Ballots are received by Prime Clerk, the Balloting Agent, by no later than **5:00 p.m. (Atlantic Standard Time) on October 4, 2021**, unless such time is extended (the "Voting Deadline").[11]  Holders of Claims in the Bond Classes must deliver their voting instructions to the Nominee according to the instructions in the

---

[11]     The Solicitation Agent shall use reasonable efforts to keep each on-island ballot collection site proposed in the Motion open for the full period between **August 30, 2021**, and **October 4, 2021**.  The Solicitation Agent may close any such on-island ballot collection sites (at its sole discretion), or as required by law, including, without limitation, local ordinances.  The Debtors shall make copies of the Disclosure Statement and Plan available at each on-island ballot collection site.

applicable Notice in sufficient time for the Nominee to receive and effectuate the creditor's vote through ATOP in accordance with the procedures of DTC by the Voting Deadline; provided, however, that any creditor who has executed, completed, and delivered through ATOP in accordance with the procedures of DTC its vote to accept or reject the Plan may revoke such vote and withdraw any securities that have been tendered with respect to a vote through ATOP in accordance with the procedures of DTC on or before the Voting Deadline.

33.     An election of the form of distribution under the Plan must be executed, completed, and delivered to the Nominee in accordance with the instructions under the applicable Notice so as to be effectuated through ATOP in accordance with the procedures of DTC by no later than **5:00 p.m. (Atlantic Standard Time) on October 4, 2021**, unless such time is extended (the "Election Deadline"); provided, however, that any election of the form of distribution under the Plan executed, completed, and delivered through ATOP in accordance with the procedures of DTC on or before the Election Deadline shall be deemed to be made as of the Election Deadline; provided, further, that any creditor who has executed, completed, and delivered through ATOP in accordance with the procedures of DTC its election of the form of distribution under the Plan may revoke such election and withdraw any securities that have been tendered with respect to an election through ATOP in accordance with the procedures of DTC on or before the Election Deadline.

34.     All securities that are tendered with respect to an election of distributions under the Plan shall be restricted from further trading or transfer through the Effective Date of the Plan.

35.     All securities that are tendered with respect to a vote to accept or reject the Plan shall be restricted from further trading or transfer until the Voting Deadline; provided, however, if any of Classes 7, 9, 11, 16, 31, 38, 41, and 47 votes to accept the Plan, all securities that are

tendered with respect to a vote to accept or reject the Plan in such accepting Class(es) shall be restricted from further trading or transfer until the Effective Date.

36.      Only the insurer, including pursuant to a secondary market insurance policy, of the securities giving rise to Claims in the following Classes will be entitled to cast a vote with respect to such Classes; provided, that with respect to Classes 5, 20, and 27, FGIC shall be entitled to vote in such Classes in the amounts set forth on **Schedule 9** hereto:

- Class 2 (Vintage PBA Bond Claims (Assured)),
- Class 3 (Vintage PBA Bond Claims (National)),
- Class 4 (Vintage PBA Bond Claims (Ambac)),
- Class 5 (Vintage PBA Bond Claims (FGIC)),
- Class 6 (Vintage PBA Bond Claims (Syncora)),
- Class 17 (Vintage CW Bond Claims (Assured)),
- Class 18 (Vintage CW Bond Claims (National)),
- Class 19 (Vintage CW Bond Claims (Ambac)),
- Class 20 (Vintage CW Bond Claims (FGIC)),
- Class 21 (Vintage CW Bond Claims (Syncora)),
- Class 24 (Vintage CW Guarantee Bond Claims (Assured)),
- Class 25 (Vintage CW Guarantee Bond Claims (National)),
- Class 26 (Vintage CW Guarantee Bond Claims (Ambac)),
- Class 27 (Vintage CW Guarantee Bond Claims (FGIC)),
- Class 28 (Vintage CW Guarantee Bond Claims (Syncora)),
- Class 32 (2011 CW Bond Claims (Assured)),
- Class 37 (2011 CW Series D/E/PIB Bond Claims (Assured)), and

- Class 42 (2012 CW Bond Claims (Assured)).

37.     Solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, a Claim, and without prejudice to the rights of the Debtors in any other context, each Claim within a Class of Claims entitled to vote is temporarily allowed in an amount equal to the amount of such Claim as set forth in the claims register; provided:

   a. If a Claim is deemed allowed under the Plan, such Claim is allowed for voting purposes in the deemed allowed amount set forth in the Plan;

   b. If a Claim for which a proof of claim has been timely filed is wholly contingent, unliquidated, or disputed, undetermined, or unknown in amount, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00, and the Ballot mailed to the holder of such Claim shall be marked as voting at $1.00; unless such Claim is disputed as set forth in subparagraph "i" below;

   c. If a proof of claim was timely filed in an amount that is liquidated, non-contingent, and undisputed, such Claim is temporarily allowed in the amount set forth on the proof of claim, unless such Claim is disputed as set forth in subparagraph "i" below;

   d. If a Claim is listed on a timely filed proof of claim as contingent, unliquidated, or disputed in part, such Claim is temporarily allowed in the amount that is liquidated, non-contingent, and undisputed for voting purposes only, and not for purposes of allowance or distribution;

   e. If a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

   f. If a Claim is listed in the List of Creditors as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the earlier of the applicable bar date for the filing of proofs of claim established by the Court or the Voting Record Date (as applicable); or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, such Claim shall not be entitled to vote to accept or reject the Plan;

   g. Proofs of claim filed for $0.00 or Claims that have been expunged by order of the Court are not entitled to vote;

h.   To avoid confusion, Ballots in Classes 51(B), (D)-(I), and (L) and Class 52 will not set forth any voting amounts; however, (i) all voters that submit a valid vote in Classes 51(B), (D)-(F), and (L) will be tabulated as one (1) vote for numerosity purposes, but weighted according to the monthly benefit amount (including monthly proration of annual retirement plan bonuses), as of April 1, 2021, and (ii) all voters that submit a valid vote in Classes 51(G)-(I) and Class 52 will be tabulated as one (1) vote for numerosity purposes with the same weight;

i.   If the Debtors have served an objection, request for estimation, or ACR transfer notice as to a Claim at least forty (40) days before the Voting Deadline, such Claim is temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by the Court before the Voting Deadline;[12]

j.   Any holders of Claims that are, as of the Voting Deadline, marked on the Title III register maintained by Prime Clerk as subject to administrative reconciliation procedures pursuant to the Administrative Reconciliation Order shall not be entitled to vote such Claims to accept or reject the Plan;

k.   For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code separate Claims held by a single creditor in a particular Class shall be aggregated based on the reasonable efforts of the Debtors and Balloting Agent as if such creditor held one Claim against the applicable Debtor in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan;

l.   Notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Class may be provided with only one Solicitation Package and one Ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims;

m.   If a proof of claim has been amended by a later filed proof of claim filed on or before the Voting Record Date, only the later filed amending Claim will be entitled to vote, regardless of whether the Debtors have objected to such earlier filed Claim;

n.   Notwithstanding anything contained herein to the contrary, the Balloting Agent, in its discretion, may contact voters to cure any defects in the Ballots and is authorized to so cure any defects;

---

[12]   For the avoidance of doubt, Paragraph 37(i) of this Order shall not apply to any Claim that is Allowed pursuant to the Plan.

o.  There shall be a rebuttable presumption that any claimant who submits a properly completed, superseding Ballot, or withdraws a Ballot on or before the Voting Deadline has sufficient cause, within the meaning of Bankruptcy Rule 3018(a), to change or withdraw such claimant's acceptance or rejection of the Plan, such that the earlier submitted Ballot shall be deemed superseded or withdrawn, as applicable; and

p.  Any Class that contains claims entitled to vote but no votes are returned for such Class shall be deemed to have accepted the Plan.

38.  The following additional procedures shall apply with respect to tabulating votes in the Bond Classes:

i.  For the purposes of tabulating votes, each Beneficial Owner or Insurer shall be deemed to have voted only the principal amount of its public securities as submitted through and reflected in ATOP; any principal amounts thus voted may be thereafter adjusted by the Balloting Agent, on a proportionate basis with a view to the amount of securities actually voted, to reflect the corresponding claim amount with respect to the securities thus voted, including any accrued but unpaid prepetition interest or accreted principal, as applicable.

ii.  If conflicting votes or "over-votes" are submitted by a Nominee, the Balloting Agent shall use reasonable efforts to reconcile discrepancies with the Nominee.

39.  If any claimant seeks to challenge the allowance or disallowance of its Claim for voting purposes in accordance with the above procedures, such claimant shall serve upon counsel for the Debtors, counsel for AAFAF, and counsel for the statutory committees appointed in any of the Title III Cases, and file with the Court (with a copy to Chambers) a motion for an order pursuant to Bankruptcy Rule 3018(a) (a "3018(a) Motion") temporarily allowing such Claim in a different amount for purposes of voting to accept or reject the Plan, on or before the tenth (10th) day after the later of (i) service of the Confirmation Hearing Notice, and (ii) service of notice of an objection or request for estimation, if any, as to such Claim; provided, however, that, as to any claimant filing a 3018(a) Motion, such claimant's Ballot shall not be counted unless temporarily allowed by an order entered by the Court prior to the Voting Deadline.

40.     The form of Rule 3018(a) Motion attached hereto as **Schedule 8** is approved, and the Debtors shall make available the form on Rule 3018(a) Motion on the Balloting Agent's website.

41.     Each creditor that votes to accept or reject the Plan is deemed to have voted the full amount of its Claim therefor.

42.     If a creditor casts more than one Ballot voting the same Claim(s) or submits more than one election with respect to the same Claim(s) before the Voting Deadline or Election Deadline, as applicable, the last Ballot received or election made before the Voting Deadline or Election Deadline, as applicable, is hereby deemed to reflect such creditor's intent or election, as applicable, and, thus, to supersede any prior Ballot(s) or elections made, as applicable.

43.     If Assured does not make the Assured Election with respect to Classes 2, 17, 24, 32, 37, or 42, whenever a creditor in such Class fails to timely make an election of the form of distribution under the Plan, then such creditor shall be deemed to have elected Assured Bondholder Election 2 pursuant to Section 75.1(b) of the Plan.

44.     If a creditor in Classes 3, 18, or 25 (A) fails to timely make an election of the form of distribution under the Plan, or (B) submits an election for less than all of its National Insured Bond Claims, then such creditor shall be deemed to have elected to receive the National Commutation Treatment pursuant to section 75.2(a) of the Plan.

45.     If a creditor in Classes 4, 19, or 26 (A) fails to timely make an election of the form of distribution under the Plan, or (B) submits an election for less than all of its Ambac Insured Bond Claims, then such creditor shall be deemed to have elected to receive the Ambac Commutation Treatment pursuant to section 75.5(a) of the Plan.

46.     If a creditor in Classes 6, 21, or 28 (A) fails to timely make an election of the form of distribution under the Plan, or (B) submits an election for less than all of its Syncora Insured Bond Claims, then such creditor shall be deemed to have elected to receive the Syncora Commutation Treatment pursuant to section 75.3(a) of the Plan.

47.     Creditors in Classes 2, 3, 4, 5, and 6 making an election (if available) with respect to such holders' Allowed Claim shall be deemed to have made the same election with respect to such Holders' corresponding Allowed Claim in Classes 24, 25, 26, 27 and 28, respectively.

48.     Creditors in Classes 23, 34, and 44 making an election (if available) with respect to such holders' Allowed Claim shall be deemed to have voted to accept the Plan on account of its Allowed Claim in Classes 1 or 7 (as applicable), 8 or 9 (as applicable), and 10 or 11 (as applicable), respectively.

49.     Any entity that holds a Claim in more than one Class that is entitled to vote must use separate Ballots for each such Claim; provided, however, that creditors must vote all of their Claims within a particular Class under the Plan either to accept or reject the Plan and may not split their vote(s), and thus, neither a Ballot that partially rejects and partially accepts the Plan, nor multiple Ballots casting conflicting votes in respect of the same Class under the Plan shall be counted; provided, further, that holders of PBA Bonds giving rise to claims in multiple Bond Classes (e.g. Vintage PBA Bond Claims in Class 1 and Vintage CW Guarantee Bond Claims in Class 21) must vote all of their Claims arising from such PBA Bonds to either accept or reject the Plan and may not split their vote(s) between such Bond Classes.

50.     The following types of Ballots shall not be counted in determining whether the Plan has been accepted or rejected: (i) any Ballot or vote through ATOP received after the Voting Deadline unless the Debtors have granted an extension with respect thereto; (ii) any

Ballot that is illegible or contains insufficient information to permit the identification of the

claimant; (iii) any Ballot cast by a person or entity that does not hold a Claim in a Class entitled

to vote to accept or reject the Plan; (iv) any unsigned Ballot; (v) any Ballot transmitted to the

Balloting Agent by facsimile, electronic mail, or other means not specifically approved herein;

(vi) any Ballot that is properly completed, executed, and timely returned to the Balloting Agent,

but does not indicate either an acceptance or rejection of the Plan; (vii) any Ballot that is

properly completed, executed, and timely returned to the Balloting Agent, but indicates both an

acceptance and rejection of the Plan shall be counted as an acceptance of the Plan; and (viii) any

Ballot without an original signature; provided, however, that any Ballot cast via the Balloting

Agent's E-Ballot platform or the ATOP system shall be deemed to contain an original signature.

51.     Except as otherwise set forth herein, and subject to the entry of an order of the

Court, the Debtors may waive any defects or irregularities as to any particular Ballot at any time,

either before or after the Voting Deadline, and any such waivers shall be documented (a) by an

attorney's certification stating the terms, if any, associated with any such waiver, and (b) in the

vote tabulation certification prepared by the Balloting Agent.

52.     Beginning on **September 1, 2021**, the Debtors shall provide the Retiree

Committee and the Creditors' Committee, on a weekly basis, with interim voting reports from

the Balloting Agent.

53.     In accordance with the modification provisions of the Plan and Local Rule 3016-

2, the Debtors are authorized to make non-substantive changes to the Disclosure Statement, the

Plan, the Ballots, the Notices, the Notice of Non-Voting Status, and related documents without

further order of the Court, including, without limitation, changes to correct typographical and

grammatical errors, and to make conforming changes among the Disclosure Statement, the Plan, and any other materials in the Solicitation Packages as may be necessary, prior to mailing.

54.     All notices to be provided pursuant to the procedures set forth herein are deemed good and sufficient notice to all parties in interest of all matters pertinent hereto and of all matters pertinent to the Confirmation Hearing and no other or further notice need be provided.

55.     Pursuant to Bankruptcy Code section 1125(d), the Retiree Committee is permitted to disseminate information through various forms of communication, including, but not limited to, the Retiree Committee's website, social media, direct mailings, radio and printed media, phone banks, and/or in-person meetings explaining, among other things, the voting process and the Retiree Committee's support for the Plan, consistent with the Retiree Committee Letter and Information Guide.

56.     Pursuant to Bankruptcy Code section 1125(d), the Creditors' Committee is permitted to disseminate information through various forms of communication, including, but not limited to, the Creditors' Committee's website, social media, direct mailings, and/or in-person meetings explaining, among other things, the voting process and the Creditors' Committee's support for the Plan, consistent with the Creditors' Committee Letter.

57.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

58.     The Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order, including, without limitation, disputes with respect to the validity of an election of the form of distributions to be made under the Plan.

59.     This Order resolves Docket Entry Nos. 16756, 17313, and 17315 in Case No. 17-3283, Docket Entry No. 1153 in Case No. 17-3566, and Docket Entry No. 128 in Case No. 19-5523.


SO ORDERED.

Dated:  August 2, 2021

 /s/ Laura Taylor Swain   
LAURA TAYLOR SWAIN
United States District Judge