UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>   Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

ORDER ESTABLISHING PROCEDURES AND DEADLINES CONCERNING
OBJECTIONS TO CONFIRMATION AND DISCOVERY IN CONNECTION THEREWITH

Upon the motion (Docket Entry No. 16757 in Case No. 17-3283, Docket Entry

No. 1154 in Case No. 17-3566, Docket Entry No. 129 in Case No. 19-5523, the "Motion"),[2]

dated May 13, 2021, of the Commonwealth of Puerto Rico (the "Commonwealth"),[3] the

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID:  3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]   All docket entry references are to entries in Case No. 17-3283 unless otherwise indicated.

[3]   Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Motion.

Employees Retirement System of the Government of the Commonwealth of Puerto Rico

("ERS"), and the Puerto Rico Public Buildings Authority ("PBA"), by and through the Financial

Oversight and Management Board for Puerto Rico (the "Oversight Board" and in its capacity as

representative of the Commonwealth, ERS, and PBA, the "Debtors"), as sole Title III

representative of the Debtors under PROMESA section 315(b), requesting entry of an order

establishing, among other things, procedures and deadlines concerning objections to

confirmation and discovery in connection therewith, all as more fully set forth in the Motion; and

the Court having reviewed the objections and responses thereto (collectively, the "Objections");

and the Court having subject matter jurisdiction to consider the Motion and the relief requested

therein pursuant to PROMESA section 306(a); and it appearing that venue in this district is

proper pursuant to PROMESA section 307(a); and due and proper notice of the Motion having

been provided, and it appearing that no other or further notice need be provided; and the Court

having determined the relief sought in the Motion is in the best interests of the Debtors, their

creditors, and all parties in interest; and, as stated on the record at the hearing held on July 13

and July 14, 2021, the Court having determined the legal and factual bases set forth in the

Motion establish just cause for the relief granted herein; and in accordance with the Court's

*Order Directing the Oversight Board to File an Amended Confirmation Procedures Order*

(Docket Entry No. 17362) entered on July 15, 2021 (the "July 15 Order"), the Court's *Order*

*Establishing Preliminary Confirmation Submission and Discovery Procedures, and Directing*

*Notice to Creditors of the Same* (Docket Entry No. 17431) entered on July 20, 2021 (the "July 20

Order"), the Court's *Order Requiring Further Amended Confirmation Procedures Order*

(Docket Entry No. 17530) entered on July 27, 2021 (the "July 27 Order"), and the Court's

instructions for additional revisions provided during the July 29, 2021 hearing (the "July 29

Hearing");  it is hereby ORDERED as follows:

1. The Motion is GRANTED as set forth herein.

2. Except to the extent provided herein, the Objections are overruled.

**Summary of Deadlines for Discovery and Confirmation**

3. In accordance with the July 15 Order, the July 20 Order, the July 27 Order, and

the July 29 Hearing instructions; and subject to (a) the Court entering the Disclosure Statement

Order by July 30, 2021, and (b) additional instructions provided in the remainder of this Order,

the following deadlines shall apply to discovery and confirmation of the Plan:

| Summary of Certain Deadlines | |
|---|---|
| August 3, 2021 | Deadline for the Debtors to file a preliminary fact witness list and topics about which each witness will testify ("Debtors' Preliminary Fact Witness List"). |
| | Deadline for the Debtors to file an opening summary brief explaining what the Debtors expect to prove at confirmation. |
| August 6, 2021 | Opening date for all parties to serve initial requests for production of non-depository documents ("Initial Production Requests").  Creditors and parties in interest may serve Initial Production Requests only following their filing of a Notice of Intent to Participate in Discovery (as defined below).  Responses and objections to such Initial Production Requests shall be served within seven (7) days of service of such Requests. |
| August 15, 2021 | Deadline for Eligible Creditors to file a "Notice of Intent to Participate in Discovery," also known as a "Discovery Notice."  Only parties who file a timely Notice of Intent to Participate in Discovery can propound discovery, but failure to do so does not preclude a party from objecting to confirmation of the Plan. |
| September 6, 2021 | Deadline for Eligible Creditors to file a preliminary fact witness list and topics about which each witness is expected to testify (an "Eligible Creditor's Preliminary Fact Witness List"). |
| | Deadline for all parties to serve opening expert disclosures ("Opening Expert Disclosures"). |
| September 13, 2021 | Deadline for all parties to serve opening expert reports ("Opening Expert Reports"). |
| | Deadline for all parties to serve initial notices of deposition, topics and requested times for depositions ("Initial Notices of Deposition") (all parties are limited to seven (7)-hour time limit for depositions).  Subsequent notices are allowed provided discovery is completed within time allowed. |
| September 30, 2021 | Deadline for all parties to file Daubert motions and motions in limine. |

| October 1, 2021 | Deadline for all parties to serve up to fifteen (15) interrogatories ("Interrogatories"), including subparts. Responses and objections to such Interrogatories shall be served within ten (10) days of service of such Interrogatories. |
|---|---|
| October 4, 2021 | Deadline for all parties to serve rebuttal expert disclosures ("Rebuttal Expert Disclosures"). |
| | Deadline for all parties to file any follow-up requests for production ("Follow-Up Production Requests," and collectively with Initial Production Requests, "Production Requests"). |
| October 8, 2021 | Deadline for all parties to file rebuttal expert reports ("Rebuttal Expert Reports"). |
| | Deadline for the Debtors to file an initial proposed order in support of confirmation of the Plan (the "Initial Proposed Confirmation Order"). |
| October 11, 2021 | Deadline for all parties to serve requests for admission, limited to authentication of documents ("Admission Requests"). |
| | Completion of fact discovery (the "Fact Discovery Deadline"). |
| October 15, 2021 | Deadline for all parties to file oppositions to <u>Daubert</u> motions and motions <u>in</u> <u>limine</u>. |
| October 18, 2021 | Completion of expert discovery (the "Expert Discovery Deadline"). |
| October 19, 2021 | Deadline for Eligible Creditors to file objections to confirmation of the Plan ("Objections"). |
| | Deadline to file Notice of Intent to Participate in Discovery or Discovery Notice for Eligible Creditors who solely want access to documents in the Plan Depository. |
| October 22, 2021 | Deadline for Eligible Creditors to file objections to the Initial Proposed Confirmation Order. |
| | Deadline for all parties to file finalized witness lists, exhibit lists and deposition designations. |
| | Deadline for all parties to file replies to <u>Daubert</u> motions and motions <u>in</u> <u>limine</u>. |
| October 25, 2021 | Deadline for all parties to file witness declarations to be used at the Confirmation Hearing ("Witness Declarations"). |
| | Deadline for the Debtors to file initial proposed findings of fact and conclusions of law in support of confirmation of the Plan (the "Initial Findings of Fact and Conclusions of Law"). |
| October 27, 2021 | Deadline for the Debtors to file Replies to Objections to Confirmation of the Plan. |
| | Deadline for the Debtors to file Replies in Support of the Proposed Confirmation Order. |
| October 30, 2021 | Deadline for all parties to serve counter-designations, objections to deposition designations, or objections to exhibit lists. |
| November 1, 2021 | Virtual hearing on motions <u>in</u> <u>limine</u>. |
| November 8, 2021 | Start of Confirmation Hearing. |

## Designation of Fact Witnesses

4.      Notwithstanding the designation of a person on the Debtors' Preliminary Fact

Witness List or an Eligible Creditor's Preliminary Fact Witness List, the party filing such

witness list would not be (a) required to present any such witness during the Confirmation

Hearing, (b) precluded from offering witnesses at the Confirmation Hearing that do not appear

on the Preliminary Fact Witness Lists to rebut testimony offered or adduced at the Confirmation

Hearing, or (c) precluded from amending their Fact Witness List on or before **October 22, 2021**,

so long as the party amending the list provides an opportunity for any new witness to be deposed

prior to the start of the Confirmation Hearing.

## Objections

5.      Eligible Creditors who file a Notice of Intent to Participate in Discovery on or

before **October 19, 2021**, shall be able to access documents in the Plan Depository.  Eligible

Creditors who file a Notice of Intent to Participate in Discovery on or before **August 15, 2021**,

shall also be able to participate in other discovery, including serving their own discovery

requests, as set forth in the schedule listed above and in paragraphs 10 through 16 below.

Eligible Creditors who do not file a Notice of Intent to Participate in Discovery may still file an

Objection to confirmation of the Plan on or before **October 19, 2021**.

## Plan Depository

6.      The procedures set forth in **Exhibit 1**, **Exhibit 2** and **Exhibit 3** attached to the

Court's *Order (I) Scheduling a Hearing to Consider the Adequacy of Information Contained in*

*the Disclosure Statement, (II) Establishing the Deadline for Filing Objections to the Disclosure*

*Statement and Replies Thereto, (III) Approving Form of Notice Thereof, (IV) Establishing*

*Document Depository Procedures in Connection Therewith, and (V) Granting Related Relief*

(Docket Entry No. 16681, the "DS Hearing Scheduling Order") shall remain in full force and

effect and are unmodified except to the extent set forth herein (collectively, the "Plan Depository

Procedures"):

a.      Every instance of "Disclosure Statement Depository" shall be replaced

with "Plan Depository."[4]

b.      By July 21, 2021, the Debtors shall populate the Plan Depository to

include, in addition to the documents previously residing in the Plan

Depository, at least the following documents (collectively, the

"Documents"):

i.      Debtors' relevant non-privileged documents relied upon by
        Debtors in analyzing the various claims and causes of action being
        compromised and settled and/or assets referenced in Article II of
        the Plan; and

ii.     Debtors' relevant non-privileged documents concerning the Best
        Interests Test Reports set forth in the Disclosure Statement.

c.      Paragraph 2 of the Protective Order (as defined in the DS Hearing

Scheduling Order) is amended as follows:

"Permissible Use of Confidential Information.  All parties to this

Protective Order, including their agents and representatives, agree to

maintain the confidentiality and avoid improper disclosure of any

Confidential Information in the Data Room. This includes any information

derived from the Confidential Information, such as summaries, copies, or

presentations containing or referencing Confidential Information.  All

Documents made available in the Depository shall be used only in

connection with evaluating confirmation of the Plan and not for any other

purpose.  Each Eligible Creditor will safeguard Confidential Information

---

[4]     The existing Plan Depository website shall be the same website as the depository
        established to review documents and information related to the Disclosure Statement,
        titleiiiplandataroom.com.

from unauthorized disclosure with the same standard of care each Eligible

Creditor uses in maintaining the confidentiality of its own confidential

information of a similar nature."

          d.      Every instance of "Disclosure Statement" (other than in the titles of

documents referenced therein) shall be replaced with "Plan and Plan

Support Agreements."

7.      Any Eligible Creditor, or parties to the Plan Support Agreements (each, a "PSA

Party") who (a) provides the information requested on the Plan Depository website and attests to

the truth of such information shall be provided access to the Plan Depository, and (b) executes

the Protective Order by submitting an electronic version of the subscription in the form annexed

to the DS Hearing Scheduling Order as **Exhibit 3** (a "Protective Order Subscription") on the

Plan Depository website shall be provided access to documents in the Plan Depository that have

been designated as Confidential.  In addition, any representative of an Eligible Creditor or PSA

Party who executes a Protective Order Subscription shall receive access to documents in the Plan

Depository that have been designated as Confidential.

8.      Notwithstanding the placement of any document in the Plan Depository and the

review of any such document by an Eligible Creditor or PSA Party, the Debtors shall maintain

the right to object to the use or introduction of any document in the Plan Depository in any

matter or proceeding on relevance grounds, on privilege grounds, or as otherwise permitted in

accordance with the Federal Rules of Evidence and applicable law; provided, however, that, to

the extent that a document contained in the Plan Depository has been created by the Debtors,

such party shall have waived the right to object to the use or introduction of such document on

the basis of authenticity.  Additionally, to the extent that the Debtors inadvertently include

privileged materials in the Plan Depository, it shall not be deemed to comprise any waiver of any

applicable privilege. Such protective measures are necessary in order to provide the requesting

parties access to relevant materials in a timely and efficient manner.

9. Consistent with the Mediation Agreement, dated as of June 23, 2017, as amended

from time to time (the "Mediation Agreement"), no "Confidential Information" (as defined

therein) received by the Debtors from any party to the Mediation Agreement, shall be included in

the Plan Depository or produced to any Eligible Creditor. Prior to producing any Documents

received by the Debtors from any party to the Mediation Agreement, the Debtors agree to (i)

confirm that such Documents have not been designated to constitute "Confidential Information"

under the Mediation Agreement and (ii) provide such producing party or parties two (2) business

days' notice of its intent to produce such Documents, during which the producing party or parties

may review and confirm that the Documents do not constitute "Confidential Information" as

defined in the Mediation Agreement. Additionally, to the extent that the Debtors inadvertently

include "Confidential Information" (as defined in the Mediation Agreement) in the Plan

Depository, it shall not be deemed to comprise any waiver of any applicable rights or privilege.

10. **Additional Discovery.** The deadline for recipients of Production Requests to

respond to such Production Requests, including any objections thereto, is seven (7) days after

being served with such Production Requests; provided, however, that recipients of Production

Requests may respond later than seven (7) days after being served, should (a) the parties to the

Production Requests agree on an alternative deadline, and (b) such responses and objections are

served on or before the Fact Discovery Deadline. Production Requests do not need to be

accompanied by any certification regarding the lack of any documents responsive to such

requests in the Plan Depository. However, if the Debtors believe that documents or information

requested in a Production Request is already in the Plan Depository, the Debtors' responses and

objections to such Production Request shall direct the requesting party to such documents with

specificity. The deadline for recipients of Interrogatories to respond to such Interrogatories,

including any objections thereto, is ten (10) days after being served with such Interrogatories;

provided, however, that recipients of Interrogatories may respond later than ten (10) days after

being served, should (a) the parties to the Interrogatories agree on an alternative deadline, and (b)

such responses and objections are served on or before the Fact Discovery Deadline.

11.     Recipients of Admission Requests shall serve their responses within four (4)

business days of service of such Admission Requests.

12.     Nothing contained herein shall inhibit the rights of (a) a recipient of a discovery

request to object or respond as permitted by the Federal Rules of Civil Procedure governing

discovery, as incorporated by the Bankruptcy Rules, as made applicable by PROMESA section

310; or (b) a party from serving multiple Production Requests, provided, however, that all

Production Requests must be served on or before **October 4, 2021**, which is seven (7) days

before the Fact Discovery Deadline, to provide sufficient time for the recipient to respond to the

Production Requests.

13.     Notwithstanding the deadline for Initial Deposition Notices set forth in the table

above, Debtors or Eligible Creditors who have filed Objection Notices may file subsequent

notices for depositions upon oral examination pursuant to Rule 30 of the Federal Rules of Civil

Procedure, as incorporated by Bankruptcy Rules 7030 and 9014 (a "Follow-Up Deposition

Notice"); and provided, further, that all depositions, whether pursuant to an Initial Deposition

Notice or a Follow-Up Deposition Notice, be completed by the Fact Discovery Deadline for fact

witnesses and the Expert Discovery Deadline for expert witnesses; and provided, further, that an

Eligible Creditor may participate at any such deposition telephonically or in-person. Any party

in interest, other than an Eligible Creditor, that files an Objection to confirmation of the Plan

during the period from **August 3, 2021**, up to and including the Objection Deadline, shall be

entitled to attend (telephonically or in-person), solely as an observer, the deposition of the

deponent designated in a Deposition Notice.

14.     Pursuant to Rule 30(d)(1) of the Federal Rules of Civil Procedure, as incorporated

by Bankruptcy Rule 7030, unless otherwise agreed to by the parties, depositions shall be limited

to one (1) day of seven (7) hours, and parties permitted to take any such depositions shall be

required to allocate such time among such parties; provided, however, that, if additional time is

needed to fairly examine the deponent or if the deponent, another person, or any other

circumstance impedes or delays the deposition, then the Court, consistent with Rule 26(b)(2) of

the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7026, shall consider

and grant additional time if appropriate. Should a PSA Party seek to examine a deponent

proffered by the Debtors, such examination must take place after the Debtors have been given

the opportunity to examine such Deponent.

15.     Any Documents produced by an Eligible Creditor to the Debtors shall be made

contemporaneously available to the PSA Parties.

16.     Each PSA Party shall receive prior notice of any deposition and be entitled (i) to

attend (telephonically or in-person), as an observer, the deposition of the deponent designated in

a Deposition Notice and (ii) to participate in such deposition to the extent that (a) the subject

matter thereof includes the Plan Support Agreement to which it is a party, the settlements

embodied therein and in the Plan or any other matters arising from or related to such Plan

Support Agreement or the claims, rights or interests of such PSA Party, and (b) if the deposition

is of a deponent put forth on behalf of the Debtors, the Debtors have already had the opportunity

to examine the deponent.

**Discovery Disputes**

17.     In the event that a discovery dispute arises (a "Discovery Dispute"), the parties to

the Discovery Dispute shall meet and confer (the "Dispute Conference") in an attempt to resolve

the Discovery Dispute.  If the parties to the Discovery Dispute are not able to resolve the

Discovery Dispute during the Dispute Conference, (a) within one (1) business day of the Dispute

Conference, the parties involved in the Discovery Dispute shall inform the Court of the existence

of such Discovery Dispute via telephone and the Court shall schedule a chambers conference,

telephonic, virtual or in-person, as soon as possible to resolve or rule upon any such issues

involved in such Discovery Dispute; and (b) within three (3) business days of the Dispute

Conference, each of the parties to such Discovery Dispute shall provide the Court with a letter

describing the issues associated therewith and setting forth the legal support for the position

taken by such party.  Pending resolution of any such Discovery Dispute, the parties to such

Discovery Dispute shall cooperate and provide such discovery which is not the subject of any

such dispute.

18.     Notwithstanding the above, the parties may adjust specific deadlines set by the

Court for any discovery matter without leave of Court, except for dates relating to (a) the filing

of matters or documents with the Court, or (b) hearing dates.

**Expert Witnesses and Reports**

19.     Notwithstanding the requirement under Rule 26(a)(2)(B) of the Federal Rules of

Civil Procedure, made applicable by Bankruptcy Rule 7026, to disclose an expert report at the

time of disclosure of the identity of expert witnesses, each Debtor and Eligible Creditor who has

timely disclosed the identity of an expert witness in its Opening Expert Disclosures on or before

**September 6, 2021**, shall disclose to the other Debtors and Eligible Creditors, with a copy to the

Court and the PSA Parties, its Opening Expert Report(s) on or before **September 13, 2021**.

Nothing in this paragraph is intended to modify any other requirement of Rule 26(a)(2)(B) of the

Federal Rules of Civil Procedures.

20.     As set forth in the July 20 Order and as provided in the schedule above, Rebuttal

Expert Disclosures shall be served by **October 4, 2021**.  The deadline for service of Rebuttal

Expert Reports is **October 8, 2021**.

**Confirmation Hearing and Pre-Hearing Briefing**

21.     For purposes of the Confirmation Hearing, direct testimony shall be by Witness

Declaration or deposition transcript, in accordance with the deadlines set forth above.  Such

presentation of direct testimony by the Debtors shall be subject to (a) the rights of any party that

has filed an Objection to confirmation of the Plan on or before the Objection Deadline to object

to the presentation thereof, and (b) such other rights afforded by the Federal Rules of Evidence

and applicable law.  Such presentation of direct testimony by an Eligible Creditor shall be

subject to (a) the rights of the Debtors and PSA Parties to object to the presentation thereof, and

(b) such other rights afforded by the Federal Rules of Evidence and applicable law.  Any such

declarant shall be present at the Confirmation Hearing and be available for cross-examination

and rebuttal testimony, if any.

22.     Notwithstanding the deadlines set forth above for the Debtors to file an Initial

Proposed Confirmation Order and Initial Findings of Fact and Conclusions of Law, the Debtors

shall file a final proposed confirmation order and final proposed findings of fact and conclusions

of law shortly after conclusion of the Confirmation Hearing, in accordance with further

instructions by the Court, and which shall be annotated to the transcript of the Confirmation

Hearing.

**Confidentiality**[5]

23.    The Protective Order governing Confidential Information attached as **Exhibit 2** to

the DS Hearing Scheduling Order remains in full force and effect, as amended in conformity

with the dictates of this Order at paragraph 6.

24.    In addition, pursuant to Federal Rule of Evidence 502(d), it is ordered that any

inadvertent disclosure of Confidential Information by the Debtors in connection with these Title

III cases shall not be deemed to comprise any waiver of any applicable privilege, with such order

to be enforceable in any and all other federal and state court proceedings.

25.    **No Warranty of Accuracy.**  Each Eligible Creditor understands that the Debtors

will endeavor to include in the Confidential materials relevant for the purpose of evaluation of

the Plan, but each Eligible Creditor acknowledges that neither the Oversight Board nor the

Debtors make any representation or warranty as to the accuracy or completeness of any

Confidential Information so provided, and none of the Oversight Board and the Debtors shall

have any liability to any Eligible Creditor or its Representatives resulting from the use of such

information by an Eligible Creditor or its Representatives.

26.    **No Waiver.**  No failure or delay in exercising any right, power or privilege

hereunder shall operate as a waiver thereof, nor shall any single or partial exercise thereof

preclude any other or further exercise thereof or the exercise of any right, power or privilege

hereunder.

---

[5]    Capitalized terms used in this "Confidentiality" section, but not otherwise defined herein,
shall have the meaning ascribed to those terms in the Protective Order.

**Notice**

27.     Within five (5) Business Days of entry hereof, or as soon as practicable thereafter,

the Debtors shall cause the Balloting Agent (as defined in the Disclosure Statement Motion) to

complete the mailing of this Order, together with a copy of the *Notice of Intent to Participate in*

*Discovery for Confirmation of Commonwealth Plan of Adjustment* filed at (Docket Entry No.

17431-1), in accordance with the Bankruptcy Rules and Local Rules.

**Jurisdiction**

28.     This Court shall retain jurisdiction to hear and determine all matters arising from

or related to the implementation, interpretation, or enforcement of this Order.

29.     This Order resolves Docket Entry No. 16757 in Case No. 17-3283, Docket Entry

No. 1154 in Case No. 17-3566, Docket Entry No. 129 in Case No. 19-5523.


Dated: August 2, 2021

                                                          /s/ Laura Taylor Swain
                                                         LAURA TAYLOR SWAIN
                                                         United States District Judge