UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br> as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>Debtor. | PROMESA Title III<br><br>No. 17 BK 3567-LTS |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

| | |
|---|---|
| PEAJE INVESTMENTS LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>PUERTO RICO HIGHWAYS & TRANSPORTATION AUTHORITY, *et al.*,<br><br>    Defendants. | Adv. Proc. No. 17-00151-LTS |
| PEAJE INVESTMENTS LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>PUERTO RICO HIGHWAYS & TRANSPORTATION AUTHORITY, *et al.*,<br><br>    Defendants. | Adv. Proc. No. 17-00152-LTS |
| ASSURED GUARANTY CORP.; ASSURED GUARANTY MUNICIPAL CORP.; and FINANCIAL GUARANTY INSURANCE COMPANY,<br><br>    Plaintiffs,<br><br>    v.<br><br>COMMONWEALTH OF PUERTO RICO; THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO; PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY; HON. RICARDO ANTONIO ROSSELLÓ NEVARES; GERARDO PORTELA FRANCO; and HON. RAÚL MALDONADO GAUTIER,<br><br>    Defendants. | Adv. Proc. No. 18-00059-LTS |

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>   Plaintiff,<br><br>    v.<br><br>AMBAC ASSURANCE CORPORATION, et al.,<br><br>   Defendants. | Adv. Proc. No. 20-00003-LTS |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>   Plaintiff,<br><br>    v.<br><br>AMBAC ASSURANCE CORPORATION, et al.,<br><br>   Defendants. | Adv. Proc. No. 20-00004-LTS |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>   Plaintiff,<br><br>    v.<br><br>AMBAC ASSURANCE CORPORATION, et al.,<br><br>   Defendants. | Adv. Proc. No. 20-00005-LTS |

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, et al.,<br><br>Defendants. | Adv. Proc. No. 20-00007-LTS |
| AMBAC ASSURANCE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO; JOSÉ B. CARRIÓN III; ANDREW G. BIGGS; CARLOS M. GARCÍA; ARTHUR J. GONZÁLEZ; JOSÉ R. GONZALEZ; ANA J. MATOSANTOS; DAVID A. SKEEL, JR.,<br><br>Defendants. | Adv. Proc. No. 20-00068-LTS |

## [PROPOSED] ORDER GRANTING URGENT CONSENTED JOINT MOTION TO STAY CERTAIN CONTESTED MATTERS AND ADVERSARY PROCEEDINGS

Upon consideration of the *Urgent Consented Joint Motion to Stay Certain Contested Matters and Adversary Proceedings* (Docket Entry No. __ in Case No. 17-3283, Docket Entry No. __ in Case No. 17-3567, Docket Entry No. __ in Adv. Proc. No. 17-00151, Docket Entry No. __ in Adv. Proc. No. 17-00152, Docket Entry No. __ in Adv. Proc. No. 18-00059, Docket Entry No. __ in Adv. Proc. No. 20-00003, Docket Entry No. __ in Adv. Proc. No. 20-00004, Docket Entry No. __ in Adv. Proc. No. 20-00005, Docket Entry No. __ in Adv. Proc. No. 20-00007, and Docket Entry No. __ in Adv. Proc. No. 20-00068) (the "Urgent Motion");[2] the Court having subject matter jurisdiction to consider the Urgent Motion and the relief requested therein under 28 U.S.C. § 1331 and PROMESA § 306(a), 48 U.S.C. § 2166(a); venue being proper before this Court under 28 U.S.C. § 1391(b) and PROMESA § 307(a), 48 U.S.C. § 2167(a); notice of the Urgent Motion being adequate and proper under the circumstances; and the Court having determined the legal and factual bases set forth in the Urgent Motion establish just cause for the relief requested therein, the Court hereby ALLOWS the Urgent Motion and ORDERS THAT:

1. The Urgent Motion is GRANTED as set forth herein.

2. The Court hereby stays and/or continues any existing stay of the following matters, subject to a further order of the Court and preserving all rights, arguments, claims, and defenses of the Parties as they currently exist in such matters:

    a. Commonwealth Title III, Case No. 17-3283-LTS: ECF Nos. 543, 9022, 9023, 10102, 10104, 10602, 13708, 15220, 15342, 15802, 16487, 17225, 17286, 17313, and 17315.

---

[2] Capitalized terms not defined herein have the meanings ascribed in the Urgent Motion.

    b. HTA Title III, Case No. 17-3567-LTS: ECF Nos. 673 and 871.

    c. Adv. Pro. No. 17-00151-LTS: ECF No. 58.

    d. Adv. Pro. No. 17-00152-LTS: ECF No. 48.

    e. Adv. Proc. Nos. 18-00059, 20-00003, 20-00004, 20-00005, 20-00007, and 20-00068 in their entirety.

3. The terms and conditions of this Order shall take immediate effect and be enforceable upon its entry.

4. In the event the Plan is not confirmed and made effective; or if an HTA Plan is not confirmed and made effective; or if a plan of adjustment or Title VI qualifying modification for PRIFA contemplated by the PRIFA PSA is not confirmed or made effective; or if a plan of adjustment or Title VI qualifying modification for CCDA, or out-of-court exchange or offering for CCDA bonds, contemplated by the HTA/CCDA PSA is not confirmed, made effective, or effectuated; or if a plan is confirmed that breaches adversely to Ambac or FGIC the economic provisions of the HTA/CCDA PSA, the PRIFA PSA, or the GO/PBA PSA; or if the HTA/CCDA PSA, the PRIFA PSA, or the GO/PBA PSA is terminated before the Plan is confirmed and made effective; or if the HTA/CCDA PSA is terminated prior to confirmation of the HTA Plan, then the Parties (or any of them) may seek relief from the stay requested herein by motion to the Court.

5. This Court retains jurisdiction to resolve any dispute arising from or related to this Order and to interpret, implement, and enforce the provisions of this Order.

6. This Order resolves Docket Entry No. ___ in Case No. 17-3283, Docket Entry No. ___ in Case No. 17-3567, Docket Entry No. ___ in Adv. Proc. No. 17-00151, Docket Entry No. ___ in Adv. Proc. No. 17-00152, Docket Entry No. ___ in Adv. Proc. No. 18-00059, Docket Entry No. ___ in Adv. Proc. No. 20-00003, Docket Entry No. ___ in Adv. Proc. No. 20-00004, Docket Entry No.

2

__ in Adv. Proc. No. 20-00005, Docket Entry No. __ in Adv. Proc. No. 20-00007, and Docket Entry No. __ in Adv. Proc. No. 20-00068.

Dated:_____, 2021
      San Juan, Puerto Rico

                                      Laura Taylor Swain
                                      United States District Court Judge