**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>                              Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**NOTICE OF (I) APPROVAL OF DISCLOSURE
STATEMENT, (II) ESTABLISHMENT OF RECORD DATES,
(III) HEARING ON CONFIRMATION OF THE PLAN OF ADJUSTMENT
AND PROCEDURES FOR OBJECTION TO CONFIRMATION OF THE PLAN OF
ADJUSTMENT, (IV) PROCEDURES AND DEADLINE FOR VOTING ON THE
PLAN OF ADJUSTMENT AND MAKING CERTAIN ELECTIONS THEREUNDER**

> **VOTING AND ELECTION DEADLINE:** **5:00 p.m. (AST) on October 4, 2021**
>
> **OBJECTION DEADLINE:** **5:00 p.m. (AST) on October 19, 2021**
>
> **CONFIRMATION HEARING:** **November 8 – 10, 12, 15 – 18, and 22 - 23, 2021 at 9:30 a.m. (AST)**
>
> If you have any questions regarding this notice, please contact Prime Clerk LLC by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@primeclerk.com.

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. *Approval of Disclosure Statement.* By order, dated August 2, 2021 [ECF No. 17639] (the "Disclosure Statement Order"), the United States District Court for the District of Puerto Rico (the "Court") approved the adequacy of the information contained in the *Disclosure Statement for the Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, dated July 30, 2021 (as the same may be amended or modified, including all exhibits and attachments thereto, the "Disclosure Statement"), filed by the Financial Oversight and Management Board on behalf of the Debtors, and authorized the Debtors to solicit votes with respect to the acceptance or rejection of the *Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, dated July 30, 2021 (as the same may be amended or modified, including all exhibits and supplements thereto, the "Plan").[2]

> **You may obtain a hard copy of the Plan and Disclosure Statement, including Spanish translations thereof, by contacting the Balloting Agent, Prime Clerk LLC:**
>
> **Telephone (10:00 a.m. to 7:00 p.m. (AST)) (Spanish available):**
>   **(844) 822-9231 (toll free for U.S. and Puerto Rico)**
>   **(646) 486-7944 (for international callers)**
>
> **Email: puertoricoinfo@primeclerk.com**
>
> Alternatively, electronic copies of the Disclosure Statement and Plan are available by visiting https://cases.primeclerk.com/puertorico/.

2. Pursuant to the Disclosure Statement Order, the Debtors will mail materials needed for voting on the Plan or making elections on distributions thereunder (the "Solicitation Package") to holders Claims in the following Classes (collectively, the "Voting Classes"):

|  | **Class** |
|---|---|
| Vintage PBA Bond Claims | Class 1 |
| Vintage PBA Bond Claims (Assured) | Class 2 |

---

[2] All capitalized terms used but not otherwise defined shall have the meanings given to such terms in the Plan.

2

|  | Class |
|---|---|
| Vintage PBA Bond Claims (National) | Class 3 |
| Vintage PBA Bond Claims (Ambac) | Class 4 |
| Vintage PBA Bond Claims (FGIC) | Class 5 |
| Vintage PBA Bond Claims (Syncora) | Class 6 |
| Retail Vintage PBA Bond Claims | Class 7 |
| 2011 PBA Bond Claims | Class 8 |
| Retail 2011 PBA Bond Claims | Class 9 |
| 2012 PBA Bond Claims | Class 10 |
| Retail 2012 PBA Bond Claims | Class 11 |
| PBA/DRA Secured Claims | Class 12 |
| PBA General Unsecured Claims | Class 13 |
| PBA/DRA Unsecured Claims | Class 14 |
| Vintage CW Bond Claims | Class 15 |
| Retail Vintage CW Bond Claims | Class 16 |
| Vintage CW Bond Claims (Assured) | Class 17 |
| Vintage CW Bond Claims (National) | Class 18 |
| Vintage CW Bond Claims (Ambac) | Class 19 |
| Vintage CW Bond Claims (FGIC) | Class 20 |
| Vintage CW Bond Claims (Syncora) | Class 21 |
| Vintage CW Guarantee Bond Claims | Class 23 |
| Vintage CW Guarantee Bond Claims (Assured) | Class 24 |
| Vintage CW Guarantee Bond Claims (National) | Class 25 |
| Vintage CW Guarantee Bond Claims (Ambac) | Class 26 |
| Vintage CW Guarantee Bond Claims (FGIC) | Class 27 |
| Vintage CW Guarantee Bond Claims (Syncora) | Class 28 |
| 2011 CW Bond Claims | Class 30 |
| Retail 2011 CW Bond Claims | Class 31 |
| 2011 CW Bond Claims (Assured) | Class 32 |
| 2011 CW Guarantee Bond Claims | Class 34 |
| 2011 CW Series D/E/PIB Bond Claims | Class 36 |
| 2011 CW Series D/E/PIB Bond Claims (Assured) | Class 37 |
| Retail 2011 CW Series D/E/PIB Bond Claims | Class 38 |
| 2012 CW Bond Claims | Class 40 |
| Retail 2012 CW Bond Claims | Class 41 |
| 2012 CW Bond Claims (Assured) | Class 42 |
| 2012 CW Guarantee Bond Claims | Class 44 |
| 2014 CW Bond Claims | Class 46 |
| Retail 2014 CW Bond Claims | Class 47 |
| 2014 CW Guarantee Bond Claims | Class 49 |

|  | Class |
|---|---|
| Retired JRS Participant Below-Threshold Claims | Class 51B |
| Retired ERS Participant Above-Threshold Claims | Class 51D |
| Retired JRS Participant Above-Threshold Claims | Class 51E |
| Retired TRS Participant Above-Threshold Claims | Class 51F |
| Active ERS Participant Claims | Class 51G |
| Active JRS Participant Claims | Class 51H |
| Active TRS Participant Claims | Class 51I |
| VTP Payroll Participant Above-Threshold Claims | Class 51L |
| AFSCME Claims | Class 52 |
| Dairy Producer Claims | Class 53 |
| Eminent Domain Claims | Class 54 |
| Med Center Claims | Class 56 |
| CW General Unsecured Claims | Class 58 |
| CW/HTA Claims | Class 59 |
| CW/Convention Center Claims | Class 60 |
| CW/PRIFA Rum Tax Claims | Class 61 |
| CW/MBA Claims | Class 62 |
| ERS Bond Claims | Class 65 |
| ERS General Unsecured Claims | Class 66 |
| Federal Claims | Class 69 |

3. ***Confirmation Hearing.*** A hearing to consider confirmation of the Plan (the "Confirmation Hearing") will be held before The Honorable Laura Taylor Swain, in via telephonic hearing through CourtSolutions on **November 8 – 10, 12, 15 – 18, and 22 - 23, 2021 at 9:30 a.m. (Atlantic Standard Time)**.

4. The Confirmation Hearing may be continued from time to time by the Court or the Oversight Board, without further notice or through adjournments announced in open court or as indicated in any notice of agenda of matters scheduled for hearing filed with the Court, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, in accordance with the modification provisions of the Plan and Local Rule 3016-2, without further notice to interested parties.

5. ***Plan Confirmation Depository***. Information relating to confirmation of the Plan is available online in the Plan Confirmation Depository at titleiiiplandataroom.com.

6. ***Confirmation Objection Deadline.*** The Court has established **5:00 p.m. (Atlantic Standard Time) on October 19, 2021** (the "Confirmation Objection Deadline") as the deadline to file objections or responses to confirmation of the proposed Plan.

7. ***Objections and Responses to Confirmation.*** Objections and responses to confirmation of the Plan must:

   a. Be in writing, in English, and signed;

   b. State the name, address, and nature of the Claim of the objecting or responding party;

   c. State with particularity the basis and nature of any objection or response and include, where appropriate, proposed language to be inserted in the Plan to resolve any such objection or response;

   d. Be filed electronically with the Court on the docket of *In re Commonwealth of Puerto Rico*, Case No. 17 BK 3283-LTS, through the Court's case filing system in searchable portable document format **on or before October 19, 2021 at 5:00 p.m. (Atlantic Standard Time)**.

      i. If you are not an attorney who is a registered user of the Court's case filing system, you may instead mail your objection to the Court's Clerk's office at:

         United States District Court, Clerk's Office
         150 Ave. Carlos Chardon Ste. 150,
         San Juan, P.R. 00918-1767

      so as to be received **on or before October 19, 2021 at 5:00 p.m. (Atlantic Standard Time)**, and

   e. Be served upon the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: In re: Commonwealth of Puerto Rico) so as to be received on or before the Final Confirmation Objection Deadline.

8. ***Participation in Confirmation Discovery***. If you wish to participate in discovery in connection with confirmation of the Plan, you must file a notice of your intention to participate

in discovery (a "Discovery Notice"), a form of which is available at https://cases.primeclerk.com/puertorico/. If you file your Discovery Notice on or before **August 15, 2021**, you may be granted access to documents in the Plan Depository, where information and documents concerning the Plan are kept, and will also be able to serve your own discovery requests. If you file your Discovery Notice **after August 15, 2021, but on or before October 19, 2021**, you may be granted access to documents in the Plan Depository. Please note that access to the information in the Plan Depository may also require complying with the Debtors' access requirements.

9. You must submit the Discovery Notice in the form provided on the Title III Case website above, which must:

   a. Be in writing, in English, and be signed;

   b. State your name, address, the nature of your Claim, and your Claim number;

   c. State your intention to participate in discovery in connection with confirmation of the Plan; and

   d. Be filed electronically with the Court on the docket using the CM/ECF docket event Notice of Intent to Participate in Discovery for Commonwealth Plan Confirmation, in *In re Commonwealth of Puerto Rico,* Case No. 17 BK 3283-LTS, through the Court's case filing system on or before the applicable deadline.

      i. If you are not represented by counsel, you may instead mail your Discovery Notice to the Court's Clerk's office at:

         United States District Court, Clerk's Office
         150 Ave. Carlos Chardon Ste. 150
         San Juan, P.R. 00918-1767

         so as to be received on or before the applicable deadline.

10. **You must timely file a Discovery Notice to participate in discovery in connection with confirmation of the Plan**. Failure to timely file a Discovery Notice, however, will not preclude you from filing an objection to confirmation of the Plan on or before the

6

Confirmation Objection Deadline, but will preclude you from being able to view documents in the Plan Depository, and from taking discovery.

11. ***Discovery Timetable and Deadlines***. The Court has established the following discovery dates and deadlines, which are applicable to the Debtors and to other parties in interest who have timely filed a Discovery Notice and are eligible to participate in discovery:[3]

| **Summary of Certain Deadlines** ||
|---|---|
| **August 3, 2021** | Deadline for the Debtors to file a preliminary fact witness list and topics about which each witness will testify ("Debtors' Preliminary Fact Witness List"). |
|  | Deadline for the Debtors to file an opening summary brief explaining what the Debtors expect to prove at confirmation. |
| **August 6, 2021** | Opening date for all parties to serve initial requests for production of non-depository documents ("Initial Production Requests"). Creditors and parties in interest may serve Initial Production Requests only following their filing of a Notice of Intent to Participate in Discovery (as defined below). Responses and objections to such Initial Production Requests shall be served within seven (7) days of service of such Requests. |
| **August 15, 2021** | Deadline for Eligible Creditors and parties in interest to file a "Notice of Intent to Participate in Discovery," also known as a "Discovery Notice." Only parties who file a timely Notice of Intent to Participate in Discovery can propound discovery, but failure to do so does not preclude a party from objecting to confirmation of the Plan. |
| **September 6, 2021** | Deadline for Eligible Creditors to file a preliminary fact witness list and topics about which each witness is expected to testify (an "Eligible Creditor's Preliminary Fact Witness List"). |
|  | Deadline for all parties to serve opening expert disclosures ("Opening Expert Disclosures"). |
| **September 13, 2021** | Deadline for all parties to serve opening expert reports ("Opening Expert Reports"). |
|  | Deadline for all parties to serve initial notices of deposition, topics and requested times for depositions ("Initial Notices of Deposition") (all parties are limited to seven (7)-hour time limit for depositions). Subsequent notices are allowed provided discovery is completed within time allowed. |
| **September 30, 2021** | Deadline for all parties to file *Daubert* motions and motions *in limine*. |
| **October 1, 2021** | Deadline for all parties to serve up to fifteen (15) interrogatories ("Interrogatories"), including subparts. Responses and objections to such Interrogatories shall be served within ten (10) days of service of such Interrogatories. |

---

[3] All of the dates and procedures set forth in this notice are subject to change by further Court order.

| Summary of Certain Deadlines ||
|---|---|
| **October 4, 2021** | Deadline for all parties to serve rebuttal expert disclosures ("Rebuttal Expert Disclosures"). |
| | Deadline for all parties to file any follow-up requests for production ("Follow-Up Production Requests," and collectively with Initial Production Requests, "Production Requests"). |
| **October 8, 2021** | Deadline for all parties to file rebuttal expert reports ("Rebuttal Expert Reports"). |
| | Deadline for the Debtors to file an initial proposed order in support of confirmation of the Plan (the "Initial Proposed Confirmation Order"). |
| **October 11, 2021** | Deadline for all parties to serve requests for admission, limited to authentication of documents ("Admission Requests"). |
| | Completion of fact discovery (the "Fact Discovery Deadline"). |
| **October 15, 2021** | Deadline for all parties to file oppositions to *Daubert* motions and motions *in limine*. |
| **October 18, 2021** | Completion of expert discovery (the "Expert Discovery Deadline"). |
| **October 19, 2021** | Deadline for Eligible Creditors to file objections to confirmation of the Plan ("Objections"). |
| | Deadline to file Notice of Intent to Participate in Discovery or Discovery Notice for Eligible Creditors who solely want access to documents in the Plan Depository. |
| **October 22, 2021** | Deadline for Eligible Creditors to file objections to the Initial Proposed Confirmation Order. |
| | Deadline for all parties to file finalized witness lists, exhibit lists and deposition designations. |
| | Deadline for all parties to file replies to *Daubert* motions and motions *in limine*. |
| **October 25, 2021** | Deadline for all parties to file witness declarations to be used at the Confirmation Hearing ("Witness Declarations"). |
| | Deadline for Debtors to file initial proposed findings of fact and conclusions of law in support of confirmation of the Plan (the "Initial Findings of Fact and Conclusions of Law"). |
| **October 27, 2021** | Deadline for Debtors to file Replies in Support of the Proposed Confirmation Order, and for Debtors to file Replies to Objections to Confirmation of the Plan. |
| **October 30, 2021** | Deadline for all parties to serve counter-designations, objections to deposition designations, or objections to exhibit lists. |
| **November 1, 2021** | Virtual hearing on motions *in limine*. |
| **November 8, 2021** | Start of Confirmation Hearing. |

12. ***Voting Record Date.*** The voting record date is **July 13, 2021** (the "Voting Record Date"), which is the date for determining which holders of Claims in Voting Classes (except Bond Classes,[4] Class 51, and Class 52) are entitled to vote on the Plan. Therefore, only those creditors in a Class entitled to vote on the Plan and holding Claims against the Debtors (except in the Bond Classes, Class 51, and Class 52) as of the Voting Record Date are entitled to vote on the Plan.

13. ***Voting Deadline.*** The deadline for voting on the Plan is on **October 4, 2021, at 5:00 p.m. (Atlantic Standard Time)**, unless such time is extended (the "Voting Deadline"). ***You are not required to vote on the Plan to receive distributions pursuant to the terms of the Plan, if confirmed by the Court, and provided you hold an Allowed Claim***.

14. If you received a Solicitation Package, including a Ballot or Notice and intend to vote on the Plan, you ***must***: (a) follow the instructions carefully; (b) complete ***all*** of the required information on the Ballot (as applicable); and (c) either (i) execute and return your completed Ballot according to and as set forth in detail in the voting instructions included in the Solicitation Package so that your Ballot is ***actually received*** by the Debtors' solicitation agent, Prime Clerk (the "Balloting Agent") on or before the Voting Deadline, or (ii) instruct your broker or nominee (each, a "Nominee") to electronically deliver your bonds via the Automated Tender Offer Program ("ATOP") at The Depository Trust Company ("DTC") in accordance with your desire to vote to accept or reject the Plan on or before the Voting Deadline. ***Failure to follow such instructions may disqualify your vote.***

15. ***Election Deadline***. The deadline for holders of eligible Bond Claims that have the right to make an election of the form of distributions under the Plan to make such election is on

---

[4] For the avoidance of doubt, because holders of Claims in the Bond Classes must submit their vote and/or election through DTC's Automated Tender Offer Platform, the Voting Record Date shall not apply to the Bond Classes, and the holder of the applicable security at the time of tender shall be eligible to cast a vote and/or make an election.

9

**October 4, 2021, at 5:00 p.m. (Atlantic Standard Time)**, unless such time is extended (the "Election Deadline"). If you received a Notice with an option to make an election, you *must*: (a) follow the instructions carefully; and (b) deliver *all* of the required information according to and as set forth in detail in the election instructions so that it is received by your Nominee in sufficient time for your Nominee to *actually effectuate* your election through DTC's ATOP on or before the Election Deadline.

16. **Parties in Interest Not Entitled to Vote.** Creditors in the following Classes are deemed to reject the Plan and not entitled to vote:

- Class 63 (CW Appropriations Claims), and
- Class 64 (CW 510(b) Subordinated Claims).

17. Creditors in the following Classes are deemed to accept the Plan and not entitled to vote, but will receive distributions pursuant to the terms of the Plan, if confirmed by the Court:

- Class 51A (Retired ERS Participant Below-Threshold Claims),
- Class 51C (Retired TRS Participant Below-Threshold Claims),
- Class 51J (System 2000 Participant Claims),
- Class 51K (VTP Payroll Participant Below-Threshold Claims),
- Class 55 (Energy Incentive Claims),
- Class 57 (Tax Credit Claims),
- Class 67 (Gracia-Gracia Claims), and
- Class 68 (Convenience Claims).

18. If a Claim is listed on the Debtors' list of creditors [Case No. 17-3283, ECF Nos. 1215, 1316, 2582, 10708] as contingent, unliquidated, or disputed and a proof of claim was not (i)

filed by the earlier of the applicable bar date for the filing of proofs of claim established by the Court or the Voting Record Date (as applicable); or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, such Claim shall not be entitled to vote to accept or reject the Plan. Proofs of claim filed for $0.00 or Claims that have been expunged by order of the Court are also not entitled to vote.

19. If you are in Classes 63 or 64, or have timely filed a proof of claim and disagree with the Debtors' classification of, objection to, or request for estimation of your Claim and believe you should be entitled to vote on the Plan, you must serve the Debtors and the U.S. Trustee (address listed in paragraph 7(e) above) and file with the Court (with a copy to Chambers) a motion (a "Rule 3018(a) Motion") for an order pursuant to Rule 3018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") temporarily allowing your Claim in a different amount or in a different Class for purposes of voting to accept or reject the Plan. All Rule 3018(a) Motions must be filed on or before the tenth (10th) day after the later of (i) service of this Confirmation Hearing Notice and (ii) service of notice of an objection or request for estimation, if any, as to such Claim. In accordance with Bankruptcy Rule 3018(a), as to any to any creditor filing a Rule 3018(a) Motion, such creditor's Ballot will not be counted except as may be otherwise ordered by the Court prior to the Voting Deadline (**October 4, 2021 at 5:00 p.m. (Atlantic Standard Time)**). Creditors may contact the Balloting Agent (i) via first class mail or via overnight courier, at Puerto Rico Ballot Processing, C/O Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, (ii) by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or (iii) by email at puertoricoinfo@primeclerk.com, to receive an appropriate Ballot for any Claim for which a proof of claim has been timely filed and a Rule 3018(a) Motion

11

has been granted. Rule 3018(a) Motions that are not timely filed and served in the manner set forth herein shall not be considered.

20. If you wish to have your Claim temporarily allowed for voting purposes pursuant to Bankruptcy Rule 3018(a), a form of Rule 3018(a) motion together with instructions for filing and serving the motion is available at https://cases.primeclerk.com/puertorico/.

21. ***Parties Who Will Not Be Treated as Creditors***. Any holder of a Claim that (i) is scheduled in the List of Creditors at $0.00 and is not the subject of a timely filed proof of Claim or a proof of claim deemed timely filed with the Court pursuant to either the Bankruptcy Code or any order of the Court, or otherwise deemed timely filed under applicable law, or (ii) is not scheduled and is not the subject of a timely filed proof of claim or a proof of claim deemed timely filed with the Court pursuant to either the Bankruptcy Code or any order of the Court, or otherwise deemed timely filed under applicable law, shall not be treated as a creditor with respect to such Claim for purposes of (a) receiving notices regarding the Plan, and (b) voting on the Plan.

22. ***Additional Information***. Any party in interest wishing to obtain information about the solicitation procedures or copies of the Disclosure Statement or the Plan, including Spanish translations thereof, should contact the Balloting Agent, Prime Clerk LLC, by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@primeclerk.com, or may view such documents by accessing either https://cases.primeclerk.com/puertorico/ or the Court's website, https://www.prd.uscourts.gov/. Please note that a Public Access to Court Electronic Records ("PACER") (http://www.pacer.psc.uscourts.gov) password and login are needed to access documents on the Court's website.

23. ***Bankruptcy Rules 2002(c)(3) and 3016(c)).*** **In accordance with Bankruptcy Rules 2002(c)(3) and 3016(c), set forth below are the release, exculpation, and injunction provisions contained in the Plan:**

**<u>Section 92.2 – Discharge and Release of Claims and Causes of Action</u>**:

(a) Except as expressly provided in the Plan or the Confirmation Order, all distributions and rights afforded under the Plan shall be, and shall be deemed to be, in exchange for, and in complete satisfaction, settlement, discharge and release of, all Claims or Causes of Action against the Released Parties that arose, in whole or in part, prior to the Effective Date, relating to the Title III Cases, the Debtors or Reorganized Debtors or any of their respective Assets, property, or interests of any nature whatsoever, including any interest accrued on such Claims from and after the Petition Date, and regardless of whether any property will have been distributed or retained pursuant to the Plan on account of such Claims or Causes of Action. Upon the Effective Date, the Debtors and Reorganized Debtors shall be deemed discharged and released from any and all Claims, Causes of Action and any other debts that arose, in whole or in part, prior to the Effective Date (including prior to the Petition Date), and Claims of the kind specified in sections 502(g), 502(h) or 502(i) of the Bankruptcy Code and PROMESA Section 407, whether or not (a) a proof of claim based upon such Claim is filed or deemed filed under section 501 of the Bankruptcy Code, (b) such Claim is allowed under section 502 of the Bankruptcy Code and PROMESA Section 407 (or is otherwise resolved), or (c) the holder of a Claim based upon such debt voted to accept the Plan. For the avoidance of doubt, nothing contained herein or in the Confirmation Order shall release, discharge or enjoin any claims or causes of action against PREPA arising from or related to PREPA-issued bonds, including, without limitation, Monoline-issued insurance pertaining thereto, and PREPA is not releasing any claims or causes of action against any non-Debtor Entity. Claims and causes of action against PREPA arising from or related to PREPA-issued bonds, and releases against PREPA and its assets shall be addressed in PREPA's Title III case, including, without limitation, any plan of adjustment therein.

(b) Except as expressly provided in the Plan or the Confirmation Order, all Entities shall be precluded from asserting any and all Claims against the Debtors and Reorganized Debtors, and each of their respective Assets, property and rights, remedies, Claims or Causes of Action or liabilities of any nature whatsoever, relating to the Title III Cases, the Debtors or Reorganized Debtors or any of their respective Assets and property, including any interest accrued on such Claims from and after the Petition Date, and regardless of whether any property will have been distributed or retained pursuant to the Plan on account of such Claims or other obligations, suits, judgments, damages, debts, rights, remedies, causes of action or liabilities. In accordance with the foregoing, except as expressly provided in the Plan or the Confirmation Order, the Confirmation Order shall constitute a judicial determination, as of the Effective Date, of the discharge and release of all such Claims, Causes of Action or debt of or against the Debtors and the Reorganized Debtors pursuant to sections 524 and 944 of the Bankruptcy Code, applicable to the Title III Case pursuant to Section 301 of PROMESA, and such discharge shall void and extinguish any judgment obtained against the Debtors or Reorganized Debtors and their respective Assets, and property at any time, to the extent such

13

judgment is related to a discharged Claim, debt or liability. As of the Effective Date, and in consideration for the value provided under the Plan, each holder of a Claim in any Class under this Plan shall be and hereby is deemed to release and forever waive and discharge as against the Debtors and Reorganized Debtors, and their respective Assets and property and all such Claims.

(c) Notwithstanding any other provisions of this Section 92.2, in accordance with the provisions of the GO/PBA Plan Support Agreement, each of the GO/PBA PSA Creditors and their respective Related Persons, solely in their capacity as Creditors of the Debtors, shall (i) be deemed to have released and covenanted not to sue or otherwise pursue or seek to recover damages or to seek any other type of relief against any of the Government Releasees based upon, arising from or relating to the Government Released Claims or any of the Claims or Causes of Action asserted or which could have been asserted, including, without limitation, in the Clawback Actions and the Lift Stay Motions, and (ii) not directly or indirectly aid any person in taking any action with respect to the Government Released Claims that is prohibited by this Section 92.2.

(d) <u>SEC Limitation</u>. Notwithstanding anything contained herein or in the Confirmation Order to the contrary, no provision shall (i) preclude the SEC from enforcing its police or regulatory powers, or (ii) enjoin, limit, impair or delay the SEC from commencing or continuing any claims, causes of action, proceedings or investigations against any non-debtor person or non-debtor entity in any forum.

(e) <u>United States Limitation</u>. Notwithstanding anything contained herein or in the Confirmation Order to the contrary, no provision shall (i) impair the United States, its agencies, departments, or agents, or in any manner relieve the Debtors or the Reorganized Debtors, as the case may be, from compliance with federal laws or territorial laws and requirements implementing a federally authorized or federally delegated program protecting the health, safety, and environment of persons in such territory, (ii) expand the scope of any discharge, release, or injunction to which the Debtors or the Reorganized Debtors are entitled under Title III, and (iii) discharge, release, enjoin, or otherwise bar (A) any liability of the Debtors or the Reorganized Debtors to the United States arising from and after the Effective Date, (B) any liability to the United States that is not a Claim, (C) any affirmative defense or any right of setoff or recoupment of the United States, the Debtors or the Reorganized Debtors, as the case may be, and such rights of setoff and recoupment of such parties are expressly preserved, (D) the continued validity of the obligations of the United States, the Debtors or the Reorganized Debtors, as the case may be, under any United States grant or cooperative assistance agreement, (E) the Debtors' or the Reorganized Debtors' obligations arising under federal police or regulatory laws, including, but not limited to, laws relating to the environment, public health or safety, or territorial laws implementing such federal legal provisions, including, but not limited to, compliance obligations, requirements under consent decrees or judicial orders, and obligations to pay associated administrative, civil, or other penalties, and (F) any liability to the United States on the part of any non-debtor. Without limiting the foregoing, nothing contained herein or in the Confirmation Order shall be deemed (i) to determine the tax liability of any Entity, including, but not limited to, the Debtors and the Reorganized Debtors, (ii) to be binding on the IRS with regard to the federal tax liabilities, tax status, or tax filing and withholding obligations of any entity, including, but not limited to, the Debtors and the Reorganized Debtors, (iii) to release, satisfy, discharge, or enjoin the collection of any claim of the IRS against any

14

Entity other than the Debtors and the Reorganized Debtors, and (iv) to grant any relief to any Entity that the Court is prohibited from granting the Declaratory Judgment Act, 28 U.S.C. § 2201(a), or the Tax Anti-Injunction Act, 26 U.S.C. § 7421(a).

(f) <u>Underwriter Actions</u>. Notwithstanding anything contained herein or in the Confirmation Order to the contrary, including, without limitation, Sections 92.2, 92.3 and 92.11 of the Plan, except as may be precluded pursuant to the provisions of PROMESA, nothing in the Plan, the Confirmation Order or any Plan-related document set forth in the Plan Supplement is intended, nor shall it be construed, to impair, alter, modify, diminish, prohibit, bar, restrain, enjoin, release, reduce, eliminate or limit the rights of the plaintiffs and defendants, including, without limitation, the parties to the Underwriter Actions, from asserting their respective rights, claims, causes of action or defenses in the Underwriter Actions, including, but not limited to, any Claims, defenses, Causes of Action, and rights of setoff or recoupment (to the extent available).

### Section 92.3 – Injunction on Claims:

Except as otherwise expressly provided in the Plan, the Confirmation Order or such other Final Order of the Title III Court that may be applicable, all Entities who have held, hold or may hold Claims or any other debt or liability that is discharged or released pursuant to Section 92.2 hereof or who have held, hold or may hold Claims or any other debt or liability that is discharged or released pursuant to Section 92.2 hereof are permanently enjoined, from and after the Effective Date, from (a) commencing or continuing, directly or indirectly, in any manner, any action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) of any kind on any such Claim or other debt or liability that is discharged pursuant to the Plan against any of the Released Parties or any of their respective assets or property, (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order against any of the Released Parties or any of their respective assets or property on account of any Claim or other debt or liability that is discharged pursuant to the Plan, (c) creating, perfecting, or enforcing any encumbrance of any kind against any of the Released Parties or any of their respective assets or property on account of any Claim or other debt or liability that is discharged pursuant to the Plan, and (d) except to the extent provided, permitted or preserved by sections 553, 555, 556, 559, or 560 of the Bankruptcy Code or pursuant to the common law right of recoupment, asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from any of the Released Parties or any of their respective assets or property, with respect to any such Claim or other debt or liability that is discharged pursuant to the Plan. Such injunction shall extend to all successors and assigns of the Released Parties and their respective assets and property.

### Section 92.5 – Releases by the Debtors and Reorganized Debtors:

Except as otherwise expressly provided in the Plan or the Confirmation Order, on the Effective Date, and for good and valuable consideration, each of the Debtors and Reorganized Debtors, the Disbursing Agent and each of the Debtors' and Reorganized Debtors' Related Persons shall be deemed to have and hereby does irrevocably and unconditionally, fully, finally and forever waive, release, acquit, and discharge the Released Parties from any and all Claims or Causes of Action that the Debtors, Reorganized Debtors, and the Disbursing Agent, or any of them, or anyone claiming through them, on their behalf or for their benefit, have or may have or

15

claim to have, now or in the future, against any Released Party that are Released Claims or otherwise are based upon, relate to, or arise out of or in connection with, in whole or in part, any act, omission, transaction, event or other circumstance relating to the Title III Cases or the Debtors taking place or existing on or prior to the Effective Date, and/or any Claim, act, fact, transaction, occurrence, statement, or omission in connection therewith or alleged or that could have been alleged, including, without limitation, any such Claim, demand, right, liability, or cause of action for indemnification, contribution, or any other basis in law or equity for damages, costs or fees.

### Section 92.6 – Injunction Related to Releases:

As of the Effective Date, all Entities that hold, have held, or may hold a Released Claim that is released pursuant to Section 92.5 of the Plan, are, and shall be, permanently, forever and completely stayed, restrained, prohibited, barred and enjoined from taking any of the following actions, whether directly or indirectly, derivatively or otherwise, on account of or based on the subject matter of such discharged Released Claims: (i) commencing, conducing or continuing in any manner, directly or indirectly, any suit, action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) in any forum; (ii) enforcing, attaching (including, without limitation any prejudgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order; (iii) creating, perfecting or in any way enforcing in any matter, directly or indirectly, any Lien; (iv) setting off, seeking reimbursement or contributions from, or subrogation against, or otherwise recouping in any manner, directly or indirectly, any amount against any liability or obligation owed to any Entity released under Section 92.5 hereof; and (v) commencing or continuing in any manner, in any place or any judicial, arbitration or administrative proceeding in any forum, that does not comply with or is inconsistent with the provisions of the Plan or the Confirmation Order. For the avoidance of doubt, the following stipulations will terminate upon the entry of the Confirmation Order: the Fourth Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transpiration Authority Regarding the Tolling of Statute of Limitations and Consent Order [Case No. 173283-LTS, ECF No. 15854], as amended; and the Fourth Amended Stipulation and Consent Order Between Title III Debtors (Other Than COFINA) and the Puerto Rico Fiscal Agency and Financial Advisory Authority Acting on Behalf of the Governmental Entities Listed on Appendix "B" Regarding the Tolling of Statute of Limitations [Case NO. 17-3283-LTS, ECF No. 17394], as amended.

### Section 92.7 – Exculpation:

(a)   Government Parties: The Oversight Board, AAFAF, the Debtors, and each of their respective Related Persons, solely acting in its capacity as such at any time up to and including the Effective Date, shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Cases, the formulation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan; provided, however, that the foregoing provisions of this Section 89.7 shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have

16

constituted intentional fraud or willful misconduct. Nothing in the foregoing provisions of this Section 89.7(a) shall prejudice the right of any of the Government Parties, and the Government Parties' officers and directors serving at any time up to and including the Effective Date, and each of their respective professionals to assert reliance upon advice of counsel as a defense with respect to their duties and responsibilities under the Plan.

(b) PSA Creditors: Each of the PSA Creditors solely in its capacity as a party to the GO/PBA Plan Support Agreement and/or the HTA/CCDA Plan Support Agreement and a Creditor and/or insurer, as applicable, from the Petition Date up to and including the Effective Date and each of their respective Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Cases, mediation, the negotiation, formation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, the GO/PBA Plan Support Agreement, the HTA/CCDA Plan Support Agreement, the Definitive Documents, or any other contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan; provided, however, that the foregoing provisions of this Section 92.7(b) shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct.

(c) Retiree Committee: Each of the members of the Retiree Committee, solely in its capacity as a member of the Retiree Committee and a Creditor, as applicable, from the Petition Date up to and including the Effective Date and each of the Retiree Committee's Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Cases, the formation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, the Retiree Committee Plan Support Agreement, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan and the Retiree Committee Plan Support Agreement; provided, however, that, the foregoing provisions of this Section 92.7(c) shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct.

(d) Creditors' Committee: Each of the members of the Creditors' Committee, solely in its capacity as a member of the Creditors' Committee, and the Creditors' Committee, from the Petition Date up to and including the Effective Date and each of the Creditors' Committee's Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Cases, the formation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan; provided, however, that the foregoing provisions of this Section 92.7(d) shall not affect the liability of any Entity that would otherwise result from any such act or omission to the extent such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct.

17

(e) <u>AFSCME</u>: Each of AFSCME solely in its capacity as a party to the AFSCME Plan Support Agreement and a Creditor, as applicable, from the Petition Date up to and including the Effective Date and each of their respective Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Cases, the formation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, the AFSCME Plan Support Agreement, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transaction set forth in the Plan and the AFSCME Plan Support Agreement; <u>provided</u>, <u>however</u>, that, the foregoing provisions of this Section 89.7(e) shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct.

(f) <u>Monoline Insurers</u>: Ambac, Assured, FGIC, National, Syncora, and their Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken consistent with the Plan or in connection with the formulation, preparation, dissemination, implementation, acceptance, confirmation or approval of the Plan, including, without limitation, in connection with the treatment of Ambac Insured Bond Claims, Assured Insured Bond Claims, FGIC Insured Bond Claims, National Insured Bond Claims, or Syncora Insured Bond Claims, the voting procedures, the election procedures, and any release of obligations under the applicable Ambac Insurance Policies, Assured Insurance Policies, FGIC Insurance Policies, National Insurance Policies, or Syncora Insurance Policies: <u>provided</u>, <u>however</u>, that, notwithstanding anything contained herein to the contrary, the terms and provisions of the Plan shall not, and shall not be construed to, release or exculpate, with respect to any beneficial holder of Ambac Insured Bonds, Assured Insured Bonds, FGIC Insured Bonds, National Insured Bonds, or Syncora Insured Bonds any payment obligation under the applicable Ambac Insurance Policy, Assured Insurance Policy, FGIC Insurance Policy, National Insurance Policy, or Syncora Insurance Policy in accordance with its terms solely to the extent of any failure of such holder to receive the Ambac Treatment, Assured Treatment, FGIC Treatment, National Treatment, or Syncora Treatment, as applicable (or any claims that Ambac, Assured, FGIC, National, or Syncora may have against a beneficial holder of respective insured bonds with respect to Ambac's, Assured's, FGIC's, National's or Syncora's applicable obligations under the Ambac Insurance Policies, Assured Insurance Policies, National Insurance Policies, or Syncora Insurance Policies, as applicable).

**Section 92.8 – Appointments Related Litigation**:

Notwithstanding anything contained herein to the contrary, in the event that a Final Order is entered in connection with the Appointments Related Litigation or the Uniformity Litigation subsequent to entry of the Confirmation Order, in consideration of the distributions made, to be made, or deemed to be made in accordance with the terms and provisions of the Plan and documents and instruments related hereto, all Creditors or such other Entities receiving, or deemed to have received, distributions pursuant to or as a result of the Plan, consent and agree that such Final Order shall not in any way or manner reverse, affect or otherwise modify the transactions contemplated in the Plan and the Confirmation Order, including, without limitation, the releases, exculpations and injunctions provided pursuant to Article XCII of the Plan.

18

**Section 92.9 – Bar Order:**

To the limited extent provided in the Plan, each and every Entity is permanently enjoined, barred and restrained from instituting, prosecuting, pursuing or litigating in any manner any and all Claims, demands, rights, liabilities, or causes of action of any and every kind, character or nature whatsoever, in law or in equity, known or unknown, direct or derivative, whether asserted or unasserted, against any of the Released Parties, based upon, related to, or arising out of or in connection with any of the Released Claims, confirmation and consummation of the Plan, the negotiation and consummation of the GO/PBA Plan Support Agreement, or any claim, act, fact, transaction, occurrence, statement or omission in connection with or alleged or that could have been alleged in the Title III Cases, including, without limitation, any such claim, demand, right, liability or cause of action for indemnification, contribution, or any other basis in law or equity for damages, costs or fees incurred arising directly or indirectly from or otherwise relating to the Title III Cases, either directly or indirectly by any Person for the direct or indirect benefit of any Released Party arising from or related to the claims, acts, facts, transactions, occurrences, statements or omissions that are, could have been or may be alleged in the related actions or any other action brought or that might be brought by, through, on behalf of, or for the benefit of any of the Released Parties (whether arising under federal, state or foreign law, and regardless of where asserted).

**Section 92.11 – Supplemental Injunction**:

Notwithstanding anything contained herein to the contrary, except to the limited extent provided in the Plan, all Entities, including Entities acting on their behalf, who currently hold or assert, have held or asserted, or may hold or assert, any Released Claims against any of the Released Parties based upon, attributable to, arising out of or relating to the Title III Cases or any Claim against the Debtors, whenever and wherever arising or asserted, whether in the United States or anywhere else in the world, whether sounding in tort, contract, warranty, statute, or any other theory of law, equity or otherwise, shall be, and shall be deemed to be, permanently stayed, restrained and enjoined from taking any action against any of the Released Parties for the purpose of directly or indirectly collecting, recovering or receiving any payment or recovery with respect to any Released Claims arising prior to the Effective Date (including prior to the Petition Date), including, but not limited to:

(a) Commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Released Claim against any of the Released Parties or the assets or property of any Released Party;

(b) Enforcing, attaching, collecting or recovering, by any manner or means, any judgment, award, decree or order against any of the Released Parties or the assets or property of any Released Party with respect to any such Released Claim;

(c) Creating, perfecting or enforcing any Lien of any kind against any of the Released Parties or the assets or property of any Released Party with respect to any such Released Claim;

(d) Except as otherwise expressly provided in the Plan or the Confirmation Order, asserting, implementing or effectuating any setoff, right of subrogation, indemnity, contribution or recoupment of any kind against any obligation due to any of the Released Parties or against the property of any Released Party with respect to any such Released Claim; and

(e) Taking any act, in any manner, in any place whatsoever, that does not conform to, or comply with, the provisions of the Plan or the Confirmation Order, *provided, however*, that the Debtors' compliance with the formal requirements of Bankruptcy Rule 3016 shall not constitute an admission that the Plan provides for any injunction against conduct not otherwise enjoined under the Bankruptcy Code.

Dated: August 2, 2021
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Martin J. Bienenstock*

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

*/s/ Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

20