# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>-and-<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>Debtors. | PROMESA<br>Title III<br><br><br>No. 17 BK 3283-LTS<br><br><br><br>No. 17 BK 3567-LTS<br><br>THIS PLEADING RELATES ONLY TO THESE TITLE III CASES |

**THE DRA PARTIES' INFORMATIVE MOTION REGARDING THE USE OF DEMONSTRATIVES AT THE AUGUST 4-5, 2021 OMNIBUS HEARING**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801).

**COME NOW** AmeriNational Community Services, LLC (the "AmeriNat" or "Servicer"), as servicer for the GDB Debt Recovery Authority (the "DRA"), and Cantor-Katz Collateral Monitor LLC, a Delaware limited liability company (the "Collateral Monitor," and together with the Servicer, collectively, the "DRA Parties"), which serves as the collateral monitor for Wilmington Trust, N.A. in connection with the new bonds that the DRA issued pursuant to the *Government Development Bank for Puerto Rico Debt Restructuring Act*, Act No. 109-2017, as amended by Act No. 147-2018 (the "GDB Restructuring Act"), and the approved Qualifying Modification for the Government Development Bank for Puerto Rico (the "GDB")[2] under Title VI of the *Puerto Rico Oversight, Management and Economic Stability Act* ("PROMESA"), by and through the undersigned legal counsel, and respectfully submit this informative motion and respectfully states as follows:

1. The DRA Parties will appear telephonically at the omnibus hearing (the "Hearing") on *The DRA Parties' Amended Motion and Memorandum of Law in Support of Their Request for Adequate Protection or Relief from the Automatic Stay* [Case No. 17-3283, Dkt. No. 16276; Case No. 17-3567, Dkt. No. 998] (the "Motion"), solely concerning the Standing Issue, as well as any and all objections, responses, statements, joinders, and replies related thereto.

2. On July 27, 2021, the Court entered the *Order Regarding Procedures for August 4-5, 2021 Omnibus Hearing* (Dkt. No. 17522) (the "Scheduling Order"). Paragraph 7 of the Scheduling Order instructs the parties to file an informative motion appending any exhibits and/or demonstratives on which they intend to rely at the Hearing. *See* Scheduling Order at ¶ 7.

3. Pursuant to Paragraph 7 of the Scheduling Order, the DRA Parties intend to rely on the following demonstrative at the Hearing, which is attached hereto as **Exhibit A**:

---

[2] *See* Dkt. No. 270 of Civil Case No. 18- 01561 (LTS) (Nov. 7, 2018).

| No. 1 | Description of Demonstratives |
|---|---|
| 1 | Chart showcasing the Asset Restriction language in Article 207 of the GDB Restructuring Act *vis-á-vis* Schedule 1 of the Transfer Agreement |

4. In addition, paragraph 7 of the Scheduling Order further requires that the informative motion indicate whether there are any known objections to the use of exhibits or demonstratives. *Id.* The DRA Parties are not presently aware of any objection to the use of the demonstrative contained in **Exhibit A**.

5. If no objections are filed to the demonstrative by 9:00 P.M. Atlantic Standard Time today pursuant to Paragraph 7 of the Scheduling Order, the DRA Parties will ask the Court at the Hearing to deem the demonstrative contained in **Exhibit A** entered into the record for purposes of oral argument on the Motion.

**WHEREFORE**, the DRA Parties respectfully request that the Court take note of the foregoing and of the demonstrative contained in **Exhibit A** attached hereto.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 3rd day of August, 2021.

**WE HEREBY CERTIFY** that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants in this case. We further certify that, on this same date, we served the foregoing upon all the Standard Parties as identified and defined in the Court's CMP Order, as well as upon all of the parties identified in the Master Service List maintained at https://cases.primeclerk.com/puertorico/.

| | |
|---|---|
| **MCCONNELL VALDÉS LLC**<br>270 Muñoz Rivera Avenue, Suite 7<br>Hato Rey, Puerto Rico 00918<br>P.O. Box 364225<br>San Juan, PR 00936-4225<br>Tel: 787-250-5632<br>Fax: 787-759-9225<br><br>By: */s/ Arturo J. García-Solá*<br>Arturo J. García-Solá<br>(USDC No. 201903)<br>E-mail: ajg@mcvpr.com<br><br>*/s/ Nayuan Zouairabani*<br>Nayuan Zouairabani<br>(USDC No. 226411)<br>E-mail: nzt@mcvpr.com<br><br>***Attorneys for AmeriNational Community Services, LLC, as Servicer for the GDB Debt Recovery Authority*** | **C. CONDE & ASSOC. LAW OFFICES**<br>By: */s/ Carmen D. Conde Torres*<br>Carmen D. Conde Torres<br>(USDC No. 207312)<br><br>*/s/ Luisa S. Valle Castro*<br>Luisa S. Valle Castro<br>(USDC No. 215611)<br><br>254 San José Street<br>Suite 5<br>San Juan, PR 00901-1523<br>Tel: 787-729-2900<br>Fax: 787-729-2203<br>E-mail: condecarmen@condelaw.com<br><br>-and-<br><br>**SCHULTE ROTH & ZABEL LLP**<br><br>By: */s/ Douglas S. Mintz*<br>Douglas S. Mintz (admitted *pro hac vice*)<br>901 Fifteenth Street, NW, Suite 800<br>Washington, DC 20005<br>Tel: 202-729-7470<br>Fax: 202-730-4520<br>E-mail: douglas.mintz@srz.com<br><br>-and-<br><br>Douglas Koff (admitted *pro hac vice*)<br>Abbey Walsh (admitted *pro hac vice*)<br>Peter J. Amend (admitted *pro hac vice*)<br>919 Third Avenue<br>New York, NY 10022<br>Tel: 212-756-2000<br>Fax: 212-593-5955<br><br>E-mail: douglas.koff@srz.com<br>abbey.walsh@srz.com<br>peter.amend@srz.com<br><br>***Attorneys for Cantor-Katz Collateral Monitor LLC, as Collateral Monitor for the GDB Debt Recovery Authority*** |

4

# Exhibit A

**Color coding legend**

| | |
|---|---|
| 🟨 | Second Clause of Asset Restrictions |
| 🟦 | Third Clause of Asset Restrictions |

| Asset Restrictions language in Article 207 of the GDB Restructuring Act | Asset Restrictions language in Schedule 1 of the Transfer Agreement |
|---|---|
| The Recovery Authority and the Asset Manager (on behalf of the Recovery Authority) shall have the right to exercise remedies in respect of the Non-Municipal Loans, but solely to the extent necessary to assure that funds that are available for debt service from the obligors under such Non-Municipal Loans, in accordance with and pursuant to the applicable loan documents, Fiscal Plans, if any, and Budgets, if any, are applied to such Non-Municipal Loans in accordance with the legal priority, security or other pledge rights benefiting such Non-Municipal Loans. ==Furthermore, the Recovery Authority and the Asset Manager (on behalf of the Recovery Authority) shall have all rights and powers to exercise remedies necessary to preserve, protect or defend any security or other pledge rights benefiting such Non-Municipal Loans.== In furtherance of the foregoing, for any Non-Municipal Loan where the obligor is in a proceeding under Title III or Title VI of PROMESA and such obligor has other creditors that have the same legal priority, security, or pledge rights as the Recovery Authority, the Recovery Authority and the Asset Manager (on behalf of the Recovery Authority) shall have all rights and powers to exercise remedies necessary to ensure that the Recovery Authority receives treatment in such proceedings that is the same as that provided to other creditors that have the same legal priority, security or pledge rights. | **"Asset Restrictions"** means the following restrictions on the Municipal Loans and Non-Municipal Loans, as applicable:<br><br>(a) with respect to any Municipal Loan, such Municipal Loan may be sold, transferred, assigned or otherwise disposed of only to an Approved Purchaser;<br><br>(b) ==with respect to any Non-Municipal Loan, rights, remedies and powers in respect of such Non-Municipal Loan may be exercised solely to the extent necessary== (i) to assure that the applicable Obligor's funds that are available for debt service (consistent with the applicable Fiscal Plan, if any, and applicable PROMESA Budget, if any) are applied to such Non-Municipal Loan in accordance with the applicable Asset Documents, legal priority, security or other pledge rights benefitting such Loan Asset, (ii) ==to preserve, protect, or defend any security or other pledge rights benefitting such Non-Municipal Loan== and (iii) in the case of a Non-Municipal Loan where the applicable Obligor is in a proceeding under Title III or Title VI or PROMESA and such Obligor has other creditors with the same legal priority, security or pledge rights as the Issuer, to ensure that the Issuer receives treatment in such proceedings that is the same as that provided to other creditors with the same legal priority, security or pledge rights.<br><br>(c) with respect to any Municipal Loan or Non-Municipal Loan, the fixed interest rate or variable spread interest rate, as applicable, on such Loan Asset may not be unilaterally increased by the Issuer, the Servicer or any other Person, and such Loan Asset shall continue to bear interest at the applicable fixed or variable rates in effect as of the Closing Date, as such rates are certified by GDB and AAFAF. |
| 7 P.R. Laws Ann. § 3176a(b); *see also* Act No. 147-2018 at Art. 7 | Dkt. No. 16276-25 (Exhibit G of the Motion) at Schedule 1-1. |