UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,
Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

---------------------------------------------------------------x

**STATUS REPORT OF FINANCIAL OVERSIGHT AND MANAGEMENT
BOARD IN CONNECTION WITH AUGUST 4–5, 2021 OMNIBUS HEARING**

To the Honorable United States District Court Judge Laura Taylor Swain:

    The Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), the Puerto Rico Electric Power Authority ("PREPA"), and the Puerto Rico Public Buildings Authority ("PBA," and together with the Commonwealth, HTA, ERS, and PREPA, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of the Debtors pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), respectfully submit this Status Report in connection with

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

the August 4–5, 2021 omnibus hearing and in response to this Court's order, dated July 27, 2021 [ECF No. 17522].

**I.   General Status and Activities of the Oversight Board, Including Measures Taken in Response to the COVID-19 Pandemic**

1. The Oversight Board and the Government of Puerto Rico (the "Government") continue to collaborate to protect the health and welfare of the people of Puerto Rico from the COVID-19 virus, while facilitating the reopening of businesses. The Oversight Board is continuing to work with the Government to effectively utilize federal funding related to the COVID-19 pandemic.

2. The Oversight Board remains focused on achieving its mandates under PROMESA so that fiscal responsibility, access to capital markets, and economic prosperity and growth can return to Puerto Rico. To those ends, the Oversight Board (a) in consultation with the Government and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") certified several fiscal year 2022 budgets, including the General Fund, Special Revenue Fund, and Federal Fund Budgets for the Commonwealth, PREPA, HTA, the Puerto Rico Aqueduct and Sewer Authority ("PRASA"), the University of Puerto Rico ("UPR"), the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Industrial Company ("PRIDCO"), the Public Corporation for Supervision and Insurance of Cooperatives of Puerto Rico ("COSSEC"), and the Municipal Revenues Collection Center ("CRIM") as announced at a public meeting on July 1, 2021 and (b) continued negotiating restructuring plans for the Commonwealth and certain instrumentalities in efforts to reach consensus with more creditors.

3. As the Court knows, the Oversight Board achieved settlements with the UCC, Ambac, and FGIC before the last hearing on the proposed disclosure statement. Those settlements added to the prior settlements with the GO bondholders, the Committee of Retirees, two unions,

the ERS bondholders, and the PBA bondholders. The Oversight Board is continuing its attempts to procure settlements with creditors not currently supporting the proposed plan of adjustment.

## II. General Status of Relations Among the Oversight Board and Commonwealth and Federal Governments

4. The Oversight Board's relationship with the Government continues to be collaborative and, notwithstanding differences on several issues, the Oversight Board is working closely with Puerto Rico Governor Pedro Pierluisi and the rest of the Commonwealth administration. The Oversight Board and Government remain in agreement that the health, safety, and economic welfare of the people of Puerto Rico must be the priority. Governor Pierluisi is serving as his own *ex officio* representative on the Oversight Board which affords more opportunity for direct interactions and sharing of viewpoints and insights on important issues.

5. On June 30, 2021, the Oversight Board certified the first compliant General Fund Budget submitted by the Government. The compliant General Fund Budget, the result of a successful collaborative process with the Government, is a significant achievement and an important step in attaining fiscal responsibility. The Commonwealth's Consolidated Budget continues to prioritize health care and education, which comprise approximately twenty percent (20%) of the Consolidated Budget.

6. The Oversight Board is also committed to ensuring the Government's compliance with PROMESA in proposing and enacting legislation. On June 9, 2021, after the Government enacted House Bill 120 (now called "Act 7"), which PROMESA § 108(b) barred because the Government was advised by the Oversight Board in February 2021 that Act 7 impairs or defeats PROMESA's purposes, the Oversight Board requested the Government to confirm by June 25, 2021, that Act 7 would not be implemented. In short, Act 7 bars the Government from using any money or other resources to "enable" or "achieve" any plan of adjustment that is not the plan of

3

adjustment Act 7 requires. Act 7 would undo the freeze on pensions, thereby increasing liabilities by over $5 billion and undermining pension settlements already in the proposed plan of adjustment. Act 7 imposes limits on distributions to GO bondholders and bars the settlement of contested GO bonds embedded in the Oversight Board's proposed plan of adjustment. Act 7 bars any distribution to contested GO bonds unless the distribution is preceded by litigation and judgment. While AAFAF, on behalf of the Governor, confirmed that Act 7 is "significantly inconsistent" with the Commonwealth's 2021 Fiscal Plan in a letter on June 25, 2021, AAFAF did not confirm the Governor would not implement Act 7. On July 2, 2021, the Oversight Board commenced an action against the Governor of Puerto Rico, Pedro Pierluisi Urrutia, in his official capacity; AAFAF; the Honorable José Luis Dalmau, in his official capacity as a representative of the Puerto Rico Senate; and the Honorable Rafael Hernández Montañez, in his official capacity as a representative of the Puerto Rico House of Representatives, in the U.S. District Court for the District of Puerto Rico to enjoin the enforcement and nullify Act 7 [Adv. Proc. No. 21-00072, ECF No. 1]. The Oversight Board is committed to preventing the Government from imposing a plan of adjustment undermining fiscal responsibility, market access, and arms length settlements negotiated by retirees and financial creditors.

### III. General Status of Work Toward Substantially Consensual Plans of Adjustment

7. On June 29, 2021, the Oversight Board filed its proposed *Fourth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al. (Corrected Version)* [ECF No. 17194] (the "Fourth Amended Plan"), and its proposed *Disclosure Statement for the Fourth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 17192] (the "Fourth Disclosure Statement"), reflecting revisions made by the Debtors in response to various objections received to the *Disclosure Statement for the Third Amended Title III Joint*

*Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 16741] (the "Third Disclosure Statement") and the *Amended Joint Motion of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority for an Order (I) Approving Disclosure Statement, (II) Fixing Voting Record Date, (III) Approving Confirmation Hearing Notice and Confirmation Schedule, (IV) Approving Solicitation Packages and Distribution Procedures, (V) Approving Forms of Ballots, and Voting and Election Procedures, (VI) Approving Notice of Non-Voting Status, (VII) Fixing Voting, Election, and Confirmation Deadlines, and (VIII) Approving Vote Tabulation Procedures* [ECF No. 16756] (the "Disclosure Statement Motion"), which requested, among other things, the entry of an order approving the Disclosure Statement.

8. On July 12, 2021, the Oversight Board filed its proposed *Fifth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 17306] (the "Fifth Amended Plan"), and its proposed *Disclosure Statement for the Fifth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 17308] (the "Fifth Disclosure Statement"), incorporating the terms of a settlement with the Unsecured Creditor's Committee that increases the guaranteed aggregate recovery to holders of Allowed CW General Unsecured Claims and a prospective agreement with American Federation of Teachers, Asociacion de Maestros de Puerto Rico, and Asociacion de Maestros de Puerto Rico – Local Sindical (collectively, "AMPR"). Also on July 12, 2021, the Oversight Board entered into an Amended and Restated Plan Support Agreement (the "PSA") with key stakeholders of the Commonwealth, ERS, and PBA, that, among other things, extends the PSA Restriction Fee to all bondholders agreeing to the PSA.

9. On July 13 and 14, 2021, the Court held a hearing (the "Disclosure Statement Hearing") to consider, among other things, the relief requested in the Disclosure Statement Motion.

5

At the July 14, 2021 Disclosure Statement Hearing, the Oversight Board announced that it had reached an understanding with Ambac Assurance Corporation ("Ambac") and Financial Guaranty Insurance Company ("FGIC") regarding the treatment of certain claims. Accordingly, the Court continued the Disclosure Statement Hearing to a later date.

10. On July 27, 2021, the Oversight Board filed its proposed *Sixth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 17516] (the "Sixth Amended Plan"), and its proposed *Disclosure Statement for the Sixth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 17517] (the "Sixth Disclosure Statement"), incorporating the terms of a new plan support agreement (the "PRIFA Related PSA") with Ambac and FGIC that settles their asserted claw back claims against the Commonwealth and debts issued by the Puerto Rico Infrastructure Financial Authority ("PRIFA") and reflecting revisions made by the Debtors' in response to, among other things, the *Order Regarding Rulings Made on the Record at the July 13-14, 2021, Hearing Concerning the Proposed Disclosure Statement and Plan of Adjustment* [ECF No. 17387].

11. On July 29, 2021, the Court held the continued Disclosure Statement Hearing to consider, among other things, the adequacy of the information contained in the Sixth Disclosure Statement, and, subject to the modifications to be made as noted by the Oversight Board and the Court at the Disclosure Statement Hearing, the Court approved the Disclosure Statement. The approval of the Disclosure Statement is an important milestone in these Title III Cases. On July 30, 2021, the Oversight Board filed its proposed *Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico,* et al. [ECF No. 17627] (the "Seventh Amended Plan") and its proposed *Disclosure Statement for the Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico*, et al. [ECF No. 17628] (the "Seventh Disclosure

6

Statement"), incorporating the revisions noted at the continued Disclosure Statement Hearing. The Oversight Board continues to work towards plan confirmation in November.

IV. **General Status of ADR and ACR Processes, Anticipated Number of Matters Directed into ADR, and Anticipated Timetable for Initiation of ADR Procedures with Respect to Such Matters**

12. Pursuant to the *Order (A) Authorizing Administrative Resolution of Claims, (B) Approving Additional Form of Notice, and (C) Granting Related Relief* [ECF No. 12274] (the "ACR Order"), the Debtors have filed sixteen notices transferring claims into Administrative Claims Reconciliation (as defined in the ACR Order), see *First Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 13603] (the "First ACR Transfer Notice"), *Second Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 14182] (the "Second ACR Transfer Notice"), *Third Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 14785] (the "Third ACR Transfer Notice"), *Fourth Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 15027] (the "Fourth ACR Transfer Notice"), *Fifth Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 15086] (the "Fifth ACR Transfer Notice"), *Sixth Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 15116] (the "Sixth ACR Transfer Notice"), *Seventh Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 15534] (the "Seventh ACR Transfer Notice"), *Eighth Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 15721] (the "Eighth ACR Transfer Notice"), *Ninth Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 15948] (the "Ninth ACR Transfer Notice"), *Tenth Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 16259] (the "Tenth ACR Transfer Notice"), *Eleventh Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 16514] (the "Eleventh ACR Transfer Notice"), *Twelfth Notice of*

*Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 16677] (the "Twelfth ACR Transfer Notice"), *Thirteenth Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 16926] (the "Thirteenth ACR Transfer Notice"), *Fourteenth Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 17128] (the "Fourteenth ACR Transfer Notice"), *Fifteenth Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 17212] (the "Fifteenth ACR Transfer Notice"), and *Sixteenth Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 17320] (the "Sixteenth ACR Transfer Notice") and collectively, the "ACR Transfer Notices"), and have transferred approximately 44,589 claims (collectively, the "ACR Designated Claims"), into Administrative Claims Reconciliation. The ACR Designated Claims will be resolved utilizing the Pension/Retiree Procedures, the Tax Refund Procedures, the Public Employee Procedures, and/or the Grievance Procedures (each as defined in the ACR Order), as set forth in the ACR Transfer Notices.

13. Subsequent thereto, the Debtors have filed notices, <u>see</u> *Notice of Filing of First Administrative Claims Resolution Status Notice* [ECF No. 14515] and accompanying *First Administrative Claims Resolution Status Notice* [ECF No. 14515-1] (the "First ACR Status Notice"), *Notice of Filing of Second Administrative Claims Resolution Status Notice* [ECF No. 15367] and accompanying *Second Administrative Claims Resolution Status Notice* [ECF No. 15367-1] (the "Second ACR Status Notice"), *Notice of Filing of Third Administrative Claims Resolution Status Notice* [ECF No. 15812] and accompanying *Third Administrative Claims Resolution Status Notice* [ECF No. 15812-1] (the "Third ACR Status Notice"), *Fourth Administrative Claims Reconciliation Notice* [ECF No. 16322] (the "Fourth ACR Status Notice"), *Fifth Administrative Claims Reconciliation Notice* [ECF No. 16888], and *Sixth Administrative Claims Reconciliation Notice* [ECF No. 16888] (the "Sixth ACR Status Notice"), wherein the

8

Debtors reported the successful resolution of over 23,500 ACR Designated Claims. The Debtors' next ACR Status Notice (as defined in the ACR Order) is scheduled to be filed on August 3, 2021, and the Debtors anticipate reporting the successful resolution of thousands of additional ACR Designated Claims.

14. With respect to certain ACR Designated Claims, mailings have been made, or are in the process of distribution, informing claimants that the administrative files for their claims are incomplete, and requesting additional information in order to enable the Debtors to reconcile their claims. Certain claimants have provided responses to these mailings, and the Debtors are evaluating the additional information received and determining whether the information received is sufficient to complete the claimants' administrative file; the Debtors continue to await responses from additional claimants. In many instances, the Debtors have re-sent mailings to claimants who did not respond to the Debtors' initial letter, reiterating their request for information sufficient to complete the claimants' administrative file. With respect to the remaining ACR Designated Claims, mailings have been made, or are in the process of distribution, informing claimants of the initiation of the ACR process and the timetable for the resolution of their ACR-related claims.

15. As of July 13, 2021, the Commonwealth, ERS, and PBA had transferred into ACR all outstanding claims which they currently understand are eligible for such transfer. The Debtors' analysis of outstanding claims remains ongoing, however, and to the extent the Commonwealth, ERS, and PBA identify additional claims eligible for ACR, they will be transferred into the ACR Procedures. The Debtors' next ACR Transfer Notice (as defined in the ACR Order) is scheduled to be filed on August 31, 2021. The Debtors anticipate transferring additional claims into Administrative Claims Reconciliation on or before that date.

16. Pursuant to the *Order (A) Authorizing Alternative Dispute Resolution Procedures, (B) Approving Additional Forms of Notice, and (C) Granting Related Relief* [ECF No. 12576] (the "ADR Order"), the Debtors have filed fourteen notices transferring claims into the ADR Procedures (as defined in the ADR Order), see *First Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 13609] (the "First ADR Notice"), *Second Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 14090] (the "Second ADR Notice"), *Third Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 14521] (the "Third ADR Notice"), *Fourth Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 14786] (the "Fourth ADR Notice"), *Fifth Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 15085] (the "Fifth ADR Notice"), *Sixth Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 15113] (the "Sixth ADR Notice"), *Seventh Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 15217] (the "Seventh ADR Notice"), *Eighth Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 15533] (the "Eighth ADR Notice"), *Ninth Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 15720] (the "Ninth ADR Notice"), *Tenth Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 15861] (the "Tenth ADR Notice"), *Amended Eleventh Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 16540] (the "Eleventh ADR Notice"), *Twelfth Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 16517] (the "Twelfth ADR Notice"), *Thirteenth Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 16767] (the "Thirteenth ADR Notice"), and *Fourteenth Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 17208] (the "Fourteenth ADR Notice," and collectively, the "ADR Notices"), and have transferred approximately 339 claims into the ADR Procedures.

17. Subsequent thereto, the Debtors have filed notices, see *First Alternative Dispute Resolution Status Notice* [ECF No. 14185] (the "First ADR Status Notice"), *Second Alternative Dispute Resolution Status Notice* [ECF No. 15028-1] (the "Second ADR Status Notice"), *Third Alternative Dispute Resolution Status Notice* [ECF No. 15551-1] (the "Third ADR Status Notice"), *Fourth Alternative Dispute Resolution Status Notice* [ECF No.15958-1] (the "Fourth ADR Status Notice"), *Fifth Alternative Dispute Resolution Status Notice* [ECF No. 16684] (the "Fifth ADR Status Notice"), and *Amended Sixth Alternative Dispute Resolution Status Notice* [ECF No. 17267] (the "Sixth ADR Status Notice"), indicating one (1) claim was settled in Evaluative Mediation (as defined in the ADR Order), ten (10) claims have been resolved, four (4) claims are currently in Evaluative Mediation, well over one hundred claims are currently in the Offer-Exchange (as defined in the ADR Order) phase of the ADR Procedures and have received either an Offer or an Information Request (as defined in the ADR Order), and approximately eleven (11) claimants have accepted the Debtors' offers. The Debtors are in the process of documenting the resolution of claims as to which offers have been accepted.

18. Since the filing of the Sixth ADR Status Notice, the Debtors have participated in Evaluative Mediation with respect to the four claims currently in that phase of the ADR Procedures. The Debtors are also evaluating all responses received to Information Requests and Offers, and attempting to engage claimants in the hopes of achieving a consensual resolution of the remaining claims currently in the Offer-Exchange procedures. In addition, the Debtors are in the process of preparing offers or making Information Requests to additional ADR Designated Claimants. The Debtors' next ADR Transfer Notice (as defined in the ADR Order) is due August 13, 2021, and the Debtors anticipate transferring additional claims into the ADR Procedures on or before that date.

11

19. The Debtors' review and analysis of the claims filed to date remains ongoing. At present, the Debtors continue to estimate conservatively that the maximum number of claims that might be transferred into the ADR Procedures is 7,000, while the actual number transferred might be as low as 1,000 claims. At this time, the Debtors cannot predict with certainty the timing for the initiation of ADR Procedures with respect to this population of claims, but anticipate additional accounts payable and litigation-related claims will be transferred into the ADR Procedures in the near term.

[*Remainder of page intentionally left blank*]

| | |
|---|---|
| Dated: August 3, 2021<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>*/s/ Martin J. Bienenstock*<br>Martin J. Bienenstock (*pro hac vice*)<br>Brian S. Rosen (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br>Email: mbienenstock@proskauer.com<br>      brosen@proskauer.com<br>      ppossinger@proskauer.com<br>      ebarak@proskauer.com<br><br>-and-<br><br>*/s/ Hermann D. Bauer*<br>Hermann D. Bauer<br>USDC No. 215205<br><br>*/s/ Ubaldo M. Fernández*<br>Ubaldo M. Fernández<br>USDC No. 224807<br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel: (787) 764-8181<br>Fax: (787) 753-8944<br><br>*Attorneys for the Financial Oversight and Management Board as Representative of the Debtor* |