**Exhibit A**

**Proposed Order**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                                  Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

ORDER GRANTING THREE HUNDRED FIFTY-SIXTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO PARTIAL DUPLICATE, DEFICIENT, NO LIABILITY, AND INCORRECT DEBTOR BOND CLAIMS

Upon the *Three Hundred Fifty-Sixth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Partial Duplicate, Deficient, No Liability, and Incorrect Debtor Bond Claims* [ECF No. 17097] (the "Three Hundred Fifty-Sixth Omnibus Objection"),[2] filed by the Commonwealth of Puerto Rico ("Commonwealth"), dated August 3, 2021, for entry of an order

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5532-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Three Hundred Fifty-Sixth Omnibus Objection.

partially disallowing and partially reclassifying certain claims filed against the Commonwealth, as more fully set forth in the Three Hundred Fifty-Sixth Omnibus Objection and supporting exhibits thereto; and the Court having jurisdiction to consider the Three Hundred Fifty-Sixth Omnibus Objection and to grant the relief requested therein pursuant to PROMESA section 306(a); and venue being proper pursuant to PROMESA section 307(a); and due and proper notice of the Three Hundred Fifty-Sixth Omnibus Objection having been provided to those parties identified therein, and no other or further notice being required; and the Court having determined that the claims identified in <u>Exhibit A</u> to the Three Hundred Fifty-Sixth Omnibus Objection (the "<u>Claims to Be Partially Disallowed and Partially Reclassified</u>") seek recovery, in part, of amounts for which the Commonwealth is not liable; and the Court having determined that the Claims to Be Partially Disallowed and Partially Reclassified seek recovery, in part, of amounts that are duplicative of one or more Master Proofs of Claim filed in the Commonwealth's Title III Case; and to the extent the Claims to Be Partially Disallowed and Partially Reclassified seek recovery of amounts greater than reflected in the proof of claim, the supporting documentation, and any Mailing response, the Court having determined that such portions of the Claims to Be Partially Disallowed and Partially Reclassified are deficient; and the Court having determined that certain portions of the Claims to Be Partially Disallowed and Partially Reclassified are deficient insofar as they seek recovery for investment losses, but fail to state a claim as to why the Commonwealth is liable for such investment losses; and the Court having determined that the remaining portions of the Claims to Be Partially Disallowed and Partially Reclassified will remain asserted against the Commonwealth; and the Court having determined that the relief sought in the Three Hundred Fifty-Sixth Omnibus Objection is in the best interests of the Commonwealth, its creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the

Three Hundred Fifty-Sixth Omnibus Objection establish just cause for the relief granted herein; and the Court having deemed a hearing is not necessary as no objection, responsive pleading, or request for a hearing with respect to the Three Hundred Fifty-Sixth Omnibus Objection has been submitted, and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Three Hundred Fifty-Sixth Omnibus Objection is GRANTED as set forth herein; and it is further

ORDERED that the portions of the claims identified in Exhibit A to the Three Hundred Fifty-Sixth Omnibus Objection (the "Claims to Be Partially Disallowed") are hereby reduced and disallowed, such that the Claims to Be Partially Disallowed shall now only be considered claims asserting the amount set forth in the column titled "Corrected" in Exhibit A to the Three Hundred Fifty-Sixth Omnibus Objection, respectively; and it is further

ORDERED that the Commonwealth's right to object to portions of the remaining portions of these claims, as set forth in the column titled "Corrected" in Exhibit A to the Three Hundred Fifty-Sixth Omnibus Objection, is reserved; and it is further

ORDERED that Prime Clerk is authorized and directed to designate as expunged and reduce the amount asserted in the Claims to Be Partially Disallowed by the disallowed portions (i.e., reducing the amount of the claims to the amounts set forth in the column titled "Corrected" in Exhibit A to the Three Hundred Fifty-Sixth Omnibus Objection) from the official claims register in the Commonwealth Title III Case; and it is further

ORDERED that the claims identified in the column titled "Asserted" in Exhibit A to the Three Hundred Fifty-Sixth Omnibus Objection (the "Partially Reclassified Bond Claims") are hereby reclassified to be claims asserted against PREPA, as indicated in the column titled "Corrected" in Exhibit A; and it is further

ORDERED that the Commonwealth's right to object to the Partially Reclassified Bond Claims is reserved; and it is further

ORDERED that Prime Clerk is authorized and directed, in the official claims register in the PROMESA cases, to move the claims identified in the column titled "Asserted" in Exhibit A to the Three Hundred Fifty-Sixth Omnibus Objection from the Title III case for the debtor(s) identified in the column titled "Asserted" in Exhibit A to the Three Hundred Fifty-Sixth Omnibus Objection to PREPA's Title III Case (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747)); and it is further

ORDERED that this Order resolves Docket Entry No. 17097 in Case No. 17-3283; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

SO ORDERED.

Dated: _____

_____
Honorable Judge Laura Taylor Swain
United States District Judge

# EXHIBIT A

**Schedule of Claims Subject to the Three Hundred Fifty-Sixth Omnibus Objection**

Three Hundred and Fifty-Sixth Omnibus Objection
Exhibit A - Claims to Be Partially Disallowed and Partially Reclassified

| | NAME | CLAIM# | ASSERTED DEBTOR | PRIORITY STATUS | AMOUNT | CORRECTED DEBTOR | PRIORITY STATUS | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 1 | DIAZ RODRIGUEZ MD, RUBEN<br>BAYAMON MEDICAL PLAZA<br>1845 CARR 2 STE 611<br>BAYAMON, PR 00959-7206 | 63083 | Commonwealth of Puerto Rico | Unsecured | $1,651,526.50 | Commonwealth of Puerto Rico | Unsecured | $403,244.31 |
| | | | | | | Puerto Rico Electric Power Authority | Unsecured | $506,600.31 |
| | | | | | | Subtotal | | $909,844.62 |

Reason: Claim purports to assert, in part, liability based on an alleged ownership of COFINA Bonds, and thus seeks recovery for amounts for which the Commonwealth of Puerto Rico is not liable because the claims were (1) compromised and settled pursuant to the Settlement Order, and (2) released and discharged in accordance with the Plan and Amended Confirmation Order. Claimant also asserts, in part, liability associated with bond(s) issued by the Puerto Rico Industrial Development Company which is duplicative of one or more master proofs of claim filed by the trustee of these bond(s) in the Commonwealth case. Claimant also asserts, in part, liability based on an alleged ownership of GDB Bonds that were subject to the Qualifying Modification, which provided for the issuance of new securities in exchange for the cancellation of the GDB Bonds and the extinguishment of the Commonwealth's guarantee of certain GDB Bonds, and thus the Commonwealth is no longer liable for these claims. Claimant also purports to assert, in part, liability associated with bond(s) issued by ERS, which is duplicative of the master proof of claim filed by the trustee of these bond(s) in the Commonwealth case. Claimant also purports to assert, in part, liability associated with bond(s) issued by the Puerto Rico Aqueduct and Sewer Authority which are duplicative of the master proof(s) of claim filed by the trustee of these bond(s) in the Commonwealth case. Claimant also purports to assert, in part, liability associated with bond(s) issued by the Puerto Rico Public Buildings Authority which are duplicative of the master proof(s) of claim filed by the trustee of these bond(s) in the Commonwealth case. Claimant alsopurports to assert, in part, liability associated with bond(s) issued by the Puerto Rico Public Finance Corporation which are duplicative of the master proof(s) of claim filed by the trustee of these bond(s) in the Commonwealth case. Proof of claim also seeks recovery, in part, for amounts for which the Commonwealth is not liable because it assert interests in note(s) for which bondholders have been receiving their payments in full, do not constitute a debt of the Commonwealth, and are associated with an entity, The Puerto Rico Aqueducts and Sewers Authority, that is not a Title III Debtor. Proof of claim also seeks recovery, in part, for amounts for which the Commonwealth is not liable because it asserts interests in note(s) that are not guaranteed by the Commonwealth. Claimant also identifies, in part, obligor as the Commonwealth of Puerto Rico when the proof of claim, supporting documentation, bond name(s) at issue, and/or the CUSIP information show that any liability would reside, if at all, under Puerto Rico Electric Power Authority. Another portion will remain at the Commonwealth.

| | NAME | CLAIM# | ASSERTED DEBTOR | PRIORITY STATUS | AMOUNT | CORRECTED DEBTOR | PRIORITY STATUS | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 2 | SHAKIN, ERIC<br>600 NORTHERN BLVD<br>SUITE 216<br>GREAT NECK, NY 11021 | 1796 | Commonwealth of Puerto Rico | Unsecured | $254,938.00 | Commonwealth of Puerto Rico | Unsecured | $93,375.00 |
| | | | | | | Puerto Rico Electric Power Authority | Unsecured | $27,562.50 |
| | | | | | | Subtotal | | $120,937.50 |

Reason: Claimant purports to assert, in part, liability associated with bond(s) issued by the Puerto Rico Public Finance Corporation which are duplicative of the master proof(s) of claim filed by the trustee of these bond(s) in the Commonwealth case. Proof of claim also seeks, in part, recovery for amounts for which the Commonwealth is not liable because it assert interests in note(s) for which bondholders have been receiving their payments in full, do not constitute a debt of the Commonwealth, and are associated with an entity, The Puerto Rico Aqueducts and Sewers Authority, that is not a Title III Debtor. Claimant also identifies, in part, obligor as the Commonwealth of Puerto Rico when the proof of claim, supporting documentation, bond name(s) at issue, and/or the CUSIP information show that any liability would reside, if at all, under Puerto Rico Electric Power Authority. Another portion will remain at the Commonwealth.

| | | | TOTAL | | $ 1,906,464.50 | TOTAL | | $ 1,030,782.12 |
|---|---|---|---|---|---|---|---|---|