UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>The Financial Oversight and Management Board for Puerto Rico,<br><br>as representative of<br><br>The Commonwealth of Puerto Rico, et al.<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

STIPULATION AND AGREED ORDER
REGARDING WITHDRAWAL OF PROOF OF CLAIM OF
AMERICAN MODERN HOME INSURANCE COMPANY (CLAIM NO. 3370)

The Commonwealth of Puerto Rico (the "Commonwealth"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Commonwealth pursuant to section 315(b) of the *Puerto Rico Oversight,*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5532-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Management, and Economic Stability Act* ("PROMESA"),2 on the one hand, and American Modern Home Insurance Company ("Claimant"), on the other hand, hereby enter into this stipulation (the "Stipulation") as follows:

**RECITALS**

A. On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to sections 104(j) and 206 of PROMESA and filed a voluntary petition for relief for the Commonwealth of Puerto Rico (the "Commonwealth") pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case").

B. By operation of PROMESA and pursuant to PROMESA section 315(b), the Oversight Board is the representative of the Commonwealth as debtor in its Title III Case.

C. The Court has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a), and venue is proper in this District pursuant to PROMESA section 307(a).

D. On February 15, 2018, the Court entered an *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* (the "Bar Date Order") [Case No. 17-3283, ECF No. 2521], pursuant to which, among other things, the Court directed that creditors file proofs of claim in the Title III Cases by the dates set forth in the Bar Date Order.

E. On March 19, 2018, Claimant filed Proof of Claim No. 3370 (the "Claim to Be Withdrawn"), asserting pre-petition liabilities arising from ownership of bonds in the amount of $1,039,275.20.

---

2 PROMESA is codified at 48 U.S.C. §§ 2101–2241.

2

F. On April 23, 2018, Claimant filed Proof of Claim No. 6790 (the "Remaining Claim"), asserting pre-petition liabilities against the Commonwealth in respect of bonds bearing CUSIP number 745291DF8 issued by the Puerto Rico Public Financing Corporation that Claimant beneficially holds (the "PFC Bonds").

G. On July 31, 2020, the Commonwealth, by and through the Oversight Board, filed the *Two Hundred Thirty-Fourth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico to Deficient Claims* (the "Two Hundred Thirty-Fourth Omnibus Objection"), seeking to disallow various claims that failed to provide sufficient information to enable the Debtors to reconcile the claims. The Claim to Be Withdrawn is subject to the Two Hundred Thirty-Fourth Omnibus Objection.

H. On September 1, 2020, Claimant filed the *Response to the Two Hundred Thirty-Fourth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico to Deficient Claims [Dkt # 13918]* (the "Response"). Therein, Claimant provided documentation in support of the Claim to Be Withdrawn demonstrating ownership of the same PFC Bonds asserted in the Remaining Claim.

I. Because the Claim to Be Withdrawn and the Remaining Claim both assert the PFC Bonds, the Claim to Be Withdrawn is duplicative of the Remaining Claim.

**NOW, THEREFORE,** in consideration of the foregoing, the parties hereby agree as follows:

**AGREEMENT**

1. The Claim to Be Withdrawn is hereby withdrawn in its entirety, with prejudice. In connection with such withdrawal, (a) the Title III Debtors' claims and noticing agent, Prime Clerk,

3

LLC, and the Clerk of the Court are authorized and directed to update the Commonwealth claims register maintained in the Commonwealth Title III Case to reflect the withdrawal of the Claim to Be Withdrawn; and (b) the Oversight Board's Two Hundred Thirty-Fourth Omnibus Objection to the Claim to Be Withdrawn is hereby deemed withdrawn.

2. The withdrawal of the Claim is without prejudice to any and all rights, claims and actions of Claimant pursuant to its Remaining Claim.

3. The Commonwealth reserves its right to object to the Remaining Claim on any basis whatsoever.

4. The parties hereto represent and warrant that they are duly authorized to enter into and be bound by this Stipulation. Nothing herein shall impair any right, power, or obligation or be considered a waiver of any such right, power or obligation the parties hereto have with respect to any valid and existing agreements between the parties hereto, which agreements remain in full force and effect and are not modified hereby.

5. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Stipulation.

6. This Stipulation may be executed in multiple counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which will be deemed an original, but all of which together will constitute one instrument.

[*Remainder of page intentionally left blank*]

Case:17-03283-LTS Doc#:17683 Filed:08/04/21 Entered:08/04/21 16:38:08 Desc: Main
Document Page 5 of 6

**STIPULATED AND AGREED TO BY:**

**PROSKAUER ROSE LLP**

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (pro hac vice)
Brian S. Rosen (pro hac vice)

Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

**O'NEILL & BORGES LLC**

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Attorneys for the Financial Oversight
and Management Board as
representative for the Commonwealth*

**REXACH & PICO, CSP**

/s/ *Javier L. Inclán Aponte*
Javier L. Inclán Aponte – USDC-PR 305006
Rexach & Picó, CSP
Ave Fernández Juncos 802
Miramar, San Juan, Puerto Rico 00907
jinclan@rexachpico.com
Telephone: 787-723-8520
Facsimile: 787-724-7844

*Attorney for American Modern Home
Insurance Company*

SO ORDERED ON _____, 2021

_____
HON. LAURA TAYLOR SWAIN
UNITED STATES DISTRICT COURT JUDGE

5

## CERTIFICATE OF SERVICE

I certify that on the date hereof, a true and correct copy of the above and foregoing was served upon all parties via the Court's electronic case filing system (ECF).

*/s/ Hermann D. Bauer*
Hermann D. Bauer