# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>     Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-3283 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>     Debtor. | PROMESA<br>Title III<br><br>Case No. 17-BK- 3567 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO,<br>     Debtor. | PROMESA<br>Title III<br><br>Case No. 17-BK-3566 (LTS) |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523 (LTS)) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Hearing Date: TBD*
*Objection Deadline: TBD*

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| | Case No. 17 BK 4780-LTS |
| as representative of | |
| THE PUERTO RICO ELECTRIC POWER AUTHORITY, | |
| Debtor. | |

**OMNIBUS MOTION BY THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY AND THROUGH THE MEMBERS OF THE SPECIAL CLAIMS COMMITTEE, AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO (I) STAY LITIGATION IN THE VENDOR AVOIDANCE ACTIONS OR, ALTERNATIVELY (II) <u>EXTEND LITIGATION DEADLINES IN THE VENDOR AVOIDANCE ACTIONS</u>**

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ............................................................................................................. 1

PRELIMINARY STATEMENT ............................................................................................... 2

JURISDICTION, VENUE, AND STATUTORY BASES ....................................................... 3

FACTUAL BACKGROUND ................................................................................................... 4

I.  The Procedures Order ................................................................................... 4

II.  Status of Vendor Avoidance Actions .......................................................... 5

III.  The Committee Agreement ........................................................................... 5

RELIEF REQUESTED ............................................................................................................ 5

ARGUMENT ............................................................................................................................ 6

I.  The Vendor Avoidance Actions Should Be Stayed. .................................... 6

II.  Should this Court Deem a Stay Inappropriate at this Time, Movants Have Nevertheless
Demonstrated Good Cause to Extend the Procedures Order Litigation Deadlines. ......................... 8

REQUEST FOR HEARING ................................................................................................... 10

NOTICE .................................................................................................................................. 10

Exhibit A  Proposed Fifth Extension Order ......................................................................... 13

To the Honorable United States Magistrate Judge Judith G. Dein:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), acting by and through the members of the Special Claims Committee (the "SCC"), and the Official Committee of Unsecured Creditors of all Title III Debtors (except COFINA and PBA) (the "Committee," and together with the SCC, "Movants"), hereby file this motion (the "Motion"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code")[2] and Rules 7016, 2002, 9006, and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), all made applicable to these Title III cases by sections 301 and 310 of the Puerto Rico Oversight and Management, and Economic Stability Act ("PROMESA"), requesting that this Court stay certain actions identified in the Supplemental Appendix[3] attached hereto or, alternatively, extend certain deadlines established in the *Order Granting Omnibus Motion By The Financial Oversight And Management Board For Puerto Rico, Acting By And Through The Members Of The Special Claims Committee And The Official Committee Of Unsecured Creditors To (I) Establish Litigation Case Management Procedures And (II) Establish Procedures For Approval Of Settlements,* ECF No. 7941 in Case No. 17-3283 (the "Procedures Order"), and later extended by subsequent orders and requesting entry of an order, substantially in the form attached hereto as Exhibit A  (the "Fifth Extension Order").[4]  Movants have filed this Motion in an omnibus fashion to avoid the burden and redundancy associated with preparing and filing nearly identical motions in numerous adversary proceedings.  In support of this Motion, Movants respectfully state as follows:

---

[2]   11 U.S.C. §§ 101 *et seq*., as incorporated into these proceedings by PROMESA, defined above.

[3]   Included in this motion are actions against certain vendors that provided goods and services to PREPA.  They are not formally part of the arrangement with the UCC regarding the Plan and are not to be transferred pursuant thereto; however, they present potentially related issues of law, and, accordingly, the Movants prefer that they proceed at the same pace as the other Vendor Avoidance Actions absent objection from the defendants.

[4]   *See* ECF No. 9476 in Case No. 17-3283 (the "Extension Order"); ECF No. 12528 in Case No. 17-3283 (the "Second Extension Order"); ECF No. 13936 in Case No. 17-3283 (the "Third Extension Order"); ECF No. 15296 in Case No. 17-3283 (the "Fourth Extension Order"); and ECF No. 16429 in Case No. 17-3283 (the "Fifth Extension Order").

## PRELIMINARY STATEMENT[5]

1.     In and around April 2019, Movants filed approximately 250 adversary proceedings against vendors and suppliers to the Commonwealth of Puerto Rico and other Title III debtors seeking to avoid and recover payments made under fraudulent and preferential transfer theories (the "Vendor Avoidance Actions").   Around the same time as Movants filed the adversary proceedings, Movants entered into approximately 100 tolling agreements with vendors to toll the statute of limitations under similar fraudulent and preferential transfer theories.   Since April 2019, and in accordance with the Procedures Order, the Movants have been attempting to informally resolve these adversary proceedings and tolled claims without the need for formal litigation and without taxing the Court's resources.   To date, Movants have resolved approximately one hundred seventy (170) Vendor Avoidance Actions.   Another approximately eighty (80) Vendor Avoidance Actions remain unresolved.   These remaining actions are subject to this Court's Procedures Order, which currently imposes an answer deadline of August 18, 2021.

2.     On July 12, 2021, the Oversight Board and the Committee entered into that certain agreement (the "Committee Agreement") which memorialized, among other things, the parties' mutual intent to transfer the Vendor Avoidance Actions on the Effective Date of the Plan[6] to an Avoidance Actions Trust.   The Committee Agreement further contemplates that, until the Effective Date of the Plan, the SCC will "stand down" from actively litigating the Vendor Avoidance Actions as co-plaintiff with the Committee.

3.     Notwithstanding the Committee Agreement, Movants share a mutual desire in continuing to work toward the potential consensual resolutions of additional Vendor Avoidance Actions out of court, including through the ongoing exchange of information with the defendants, including contracts, purchase orders, invoices and other similar documents relating to the payments at issue in the Vendor Avoidance

---

[5]   Capitalized terms used herein shall have the meaning ascribed to them in the Procedures Order, in the Extension Order, in the Second Extension Order, in the Third Extension Order, in the Fourth Extension Order, in the Fifth Extension Order, and in this Motion.

[6]   As used herein, the term "Plan" shall mean the Seventh Amended Title III Plan of Adjustment, as may be amended in accordance with the Committee Agreement.

Actions (the "Information Exchange").  Movants, however, need additional time to continue the Information Exchange process with the remaining defendants.

4.      Accordingly, by this Motion, Movants request a stay of the Vendor Avoidance Actions (1) to allow the SCC and Committee to focus their resources on consensual resolutions wherever possible, (2) to facilitate the evident desire of all parties to avoid litigation, and (3) in the event that litigation is necessary, to postpone litigation activity until it may occur under the singular direction of the Avoidance Actions Trust.  Counsel for the Oversight Board previewed this Motion for the Court at the hearing on July 14, 2021.[7]

5.      Movants believe that a stay of these actions would be more prudent and cost-effective than a further extension of deadlines while settlement activity continues.  Should this Court determine that a stay is inappropriate at this time, Movants alternatively request an extension of the current Fifth Extended Litigation Deadlines with respect to those defendants listed in the Supplemental Appendix.  Movants make such request to continue their efforts to informally resolve these actions so as to avoid costly litigation and an additional strain on the Court's and the parties' resources ahead of Plan confirmation and as contemplated by the Committee Agreement.

6.      For these reasons, Movants request that this Court grant a stay of the Vendor Avoidance Actions or, alternatively, another extension to the Current Fifth Extended Litigation Deadlines.

**JURISDICTION, VENUE, AND STATUTORY BASES**

7.      This Court has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA.

8.      Venue is proper pursuant to section 307(a) of PROMESA.

9.      The statutory bases for the relief requested herein are section 105(a) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 7016, 2002, 9006 and 9019.

---

[7]   *See* July 14, 2021 Hearing Tr. at 68-69.

## **FACTUAL BACKGROUND**

### I.    **The Procedures Order**

10.    Movants incorporate by reference the "Factual Background" section of the *Omnibus Motion By The Financial Oversight And Management Board For Puerto Rico, Acting By And Through The Members Of The Special Claims Committee, And The Official Committee Of Unsecured Creditors To (I) Establish Litigation Case Management Procedures And (II) Establish Procedures For The Approval Of Settlements* ECF No. 7325, Case No. 17-3283 (the "Procedures Motion").

11.    On July 12, 2021, this Court granted the Procedures Motion. *See* Procedures Order.

12.    The Procedures Order established deadlines (together, the "Procedures Order Litigation Deadlines") to facilitate the informal, extrajudicial resolution of the Vendor Avoidance Actions, including (i) a deadline for a defendant to file and serve an answer or response to a Vendor Avoidance Action complaint (the "Response Due Date"); (ii) a deadline for Movants to file an opposition to a motion to dismiss a Vendor Avoidance Action complaint (the "Motion to Dismiss Response Date"); and (iii) a deadline for defendant to file a reply to motion to dismiss (the "Reply Deadline").

13.    Concurrent with entry of the Procedures Order, Movants began to work diligently with the defendants (and parties that signed tolling agreements) to attempt to resolve the Vendor Avoidance Actions through the Information Exchange.  Since entry of the Procedures Order, this Court has granted several extensions to the Procedures Order Litigation Deadlines to enable Movants and defendants to continue to work towards an informal resolution of the Vendor Avoidance Actions.[8]  Pursuant to the Fifth Extension Order, the current deadline for a defendant to file and serve an answer or response to a Vendor Avoidance Action complaint is August 18, 2021 (the "Fifth Extended Response Due Date").

---

[8]    *See* Extension Order (ECF No. 9476 in Case No. 17-3283), Second Extension Order (ECF No. 12528 in Case No. 17-3283), Third Extension Order (ECF No. 13936 in Case No. 17-3283), Fourth Extension Order (ECF No. 15296 in Case No. 17-3283) and Fifth Extension Order (ECF No. 16429 in Case No. 17-3283).

## II.   Status of Vendor Avoidance Actions

14.     Movants have continued to work diligently towards a resolution of the outstanding Vendor Avoidance Actions. To date, Movants have resolved approximately two hundred and fifty (250) Vendor Avoidance Actions and tolled claims, without the need for intervention of the Court in any contested matter or adversary proceeding.  Movants have moved for default judgment in another eleven (11) adversary proceedings; and approximately ten (10) claims are subject to litigation stays due to the defendant's bankruptcy or other judicial process.

15.     There remain approximately eighty (80) defendants in pending Vendor Avoidance Actions to which the Fifth Extended Response Due Date applies.  Movants wish to continue exploring potential consensual resolutions with these defendants in the coming months.

## III.    The Committee Agreement

16.     Pursuant to the Committee Agreement and as evidenced in the Plan, all unresolved Vendor Avoidance Actions (and related tolled claims) as of the Effective Date shall be channeled to the Avoidance Actions Trust for the benefit of holders of general unsecured claims.

17.     As part of the Committee Agreement, the Oversight Board and the Committee entered into a letter agreement dated July 12, 2021, pursuant to which the Oversight Board agreed, among other things, that "between the date [of the letter agreement] and the effective date of the Plan, the [SCC] will stand down from litigation activities as co-plaintiff in the various pending adversary proceedings that would be transferred to the Avoidance Actions Trust."

18.     The stay requested herein will facilitate the transfer of the Vendor Avoidance Actions to the Avoidance Actions Trust so that they may be actively litigated (if necessary) after the effective date of the Plan, as contemplated by the Committee Agreement and related letter agreement.

## RELIEF REQUESTED

19.     Movants respectfully request that this Court amend the Procedures Order to (I) stay the litigation pending against each of the defendants listed in the Supplemental Appendix or, alternatively, (II)

extend the Response Due Date to January 18, 2022, extend the Motion to Dismiss Response Date to March 18, 2022, and extend the Reply Deadline to April 18, 2022.

## ARGUMENT

### I.      The Vendor Avoidance Actions Should Be Stayed.

20.     A court's "inherent authority" to "control the disposition of its cases" includes the power to stay proceedings before it. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  The Bankruptcy Code also recognizes a court's authority to stay adversary proceedings.  Bankruptcy Code section 105(a), in relevant part, states that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."   Bankruptcy courts have noted that section 105 recognizes their "inherent authority" to stay actions.  *In re S. Side House, LLC*, 470 B.R. 659, 684 (Bankr. E.D.N.Y. 2012). PROMESA expressly incorporates Bankruptcy Code section 105(a).  See PROMESA § 301(a).

21.     The Court's authority to stay litigation is not unlimited. Courts in this circuit must "balance the equities" and consider the "potential prejudice that [a stay] may entail to each party."  *Walsh Constr. Co. P.R. v. United Sur. & Indem. Co.*, 2015 WL 13548470, at *4 (D.P.R. Sept. 28, 2015); *see also Landis*, 299 U.S. at 255 (court considering motion to stay shall "weigh competing interests and maintain an even balance"). Among the factors a court should consider are the duration of the stay requested, the conservation of judicial resources, the prejudice faced by the parties if a stay is, or is not, entered, *see, e.g.*, *Ramos-Martir v. Astra Merck, Inc.*, CIV. 05-2038(PG), 2005 WL 3088372, at *1 (D.P.R. Nov. 17, 2005); *In re ConAgra Foods, Inc.*, 2014 WL 12580052, at *4-9 (C.D. Cal. Dec. 29, 2014), *Total Petroleum Puerto Rico Corp. v. T.C. Oil, Corp.*, CV 09-1105 (JP), 2010 WL 11545626, at *1 (D.P.R. May 7, 2010), as well as the public interest, *Taunton Gardens Co. v. Hills*, 557 F.2d 877 (1st Cir. 1977).  Here, all relevant considerations weigh in favor of a stay.

22.     First, staying this proceeding will maintain the status quo while facilitating the agreement made between the Oversight Board and the Committee and as memorialized in the Committee Agreement. *See LeBlanc v. Salem* (*In re Mailman Steam Carpet Cleaning*), 212 F.3d 632, 635 (1st Cir. 2000) (*citing*, *inter alia*, Collier on Bankruptcy, ¶ 9019-2 (15th ed.1995)) (noting preference for settlements in bankruptcy

cases).  Transfer of the remaining Vendor Avoidance Actions is a key component of the Committee

Agreement.  The stay requested herein serves to aid in an expeditious and seamless transfer contemplated

in the Committee Agreement.  *See generally In re Commonwealth of Puerto Rico*, Case No. 17-BK-3283,

Adv. Proc. No. 17-00257 [Docket No. 492] (D.P.R. June 11, 2018) (granting stay of issuance of decision

in light of imminent settlement), [Docket No. 544] (terminating, without prejudice, cross-motions for

summary judgment) (D.P.R. Sept. 27, 2018).  In particular, a stay of litigation would eliminate the

possibility of Movants being forced to take litigation positions that could potentially run contrary to the as-

yet-undetermined strategy and interests of the Avoidance Actions Trust.  Moreover, a stay would reduce

the required legal costs of defendants in preparing answers and dispositive motions, and provide assurance

that negotiations can continue out of court at minimal cost.

23.     Second, and likewise, a stay will simplify transfer of the litigation to the Avoidance Actions

Trust.  To date, as a result of Movants' diligent efforts to resolve claims out of court, no Vendor Avoidance

Actions are in active litigation.[9]  As a result, the Avoidance Actions Trust is not bound to any particular

legal position (except as stated in complaints), and transfer of the litigation requires nothing more than

transferring a relatively small number of files and memoranda.  Were litigation to proceed to motion

practice and discovery, Movants would be forced to dive into complex legal tasks and it is possible, if not

likely, that significant institutional knowledge would be lost in the transfer of such tasks and records to new

professionals, resulting in almost certainly redundant expenditures by the Avoidance Actions Trust in

drafting and document review.

24.     Third, a stay of the Vendor Avoidance Actions will allow many parties to continue to focus

their resources on maximizing consensual resolutions ahead of plan confirmation.  The resources of

Movants, the Oversight Board, the Commonwealth (including its instrumentalities) and their personnel will

---

[9]  One defendant to a Vendor Avoidance Action did file an answer, and Movants are engaging in informal
discovery with that defendant akin to the Informational Exchange in progress with other defendants.  Another
defendant has filed a dispositive motion and agreed to a series of extensions of the Movants' deadline to
respond thereto while the parties conduct the Informational Exchange and attempt to resolve the claim.  No
other defendants have filed any responsive pleadings or expressed a desire to do so.

be necessary to support the Plan in coming months.  Such parties' interests will likely not be served by diverting resources to discovery and motion practice in the several dozen Vendor Avoidance Actions. Rather, the imposition of a stay will allow for Movants to continue their efforts to resolve the Vendor Avoidance Actions, if possible, at minimal cost.

25.     Fourth, non-moving parties will not be prejudiced by a stay, and in fact would benefit: a stay would reduce the risk of the parties unnecessarily expending resources for litigation while efforts continue to informally resolve such stayed actions.  If no resolution is reached, the non-moving parties will be in the exact same position as when the stay was entered and no worse off.  In this respect, a litigation stay is similar to the extensions previously granted to such defendants without objection—indeed, a stay simply provides <u>more</u> assurance against unnecessary expenditure.

26.     Movants have every intention of continuing to work towards informal resolutions of these actions where possible notwithstanding the imposition of any stay order or extension.  The lack of litigation commenced in these actions to date, and the approximately 250 consensual resolutions reached out of court, demonstrates the evident desire of the defendants to avoid litigation and continue to work towards informal resolutions.  A stay of the Vendor Avoidance Actions promotes not only that goal but also the conservation of the Debtors' and the Court's resources toward confirmation and effectuation of the Plan.  Furtherance of such goals and preservation of settlement opportunities are sound reasons to support imposition of the requested litigation stay.

II.     **<u>Should this Court Deem a Stay Inappropriate at this Time, Movants Have Nevertheless Demonstrated Good Cause to Extend the Procedures Order Litigation Deadlines.</u>**

i.     *Diligence Governs the Good Cause Inquiry.*

27.     Solely in the event that the Court declines to implement a general stay of the Vendor Avoidance Actions until the effective date of the Plan (or until denial of Plan confirmation) as requested herein, Movants request an extension of litigation deadlines in furtherance of continued settlement negotiations.  In support thereof, Movants incorporate by reference the entirety of the legal arguments set

forth above as well as those contained in the "Basis for Relief Requested" section of the Procedures Motion as if fully set forth herein.

28.    As additional support for the relief requested herein, Movants respectfully submit that they have shown good cause for an extension of the Fifth Extended Litigation Deadlines because they have been diligent in resolving and/or settling the Vendor Avoidance Actions.

29.    "Once a Case Management Order has been issued and the Court has set a schedule for the proceeding, the 'schedule shall not be modified except upon a showing of good cause.'" *Citadel Broad. Co. v. Peak Broad., LLC*, CV-07-203-S-LMB, 2008 WL 11463664, at *2 (D. Idaho Jan. 24, 2008) (citing Fed. R. Civ. P. 16(b) and holding that good cause shown to extend deadlines where parties had worked diligently to proceed with discovery and potential settlement); *see also Bernardi Ortiz v. Cybex Int'l, Inc*., CV 15-2989 (PAD), 2018 WL 2448130, at *10 (D.P.R. May 30, 2018) (holding that case management order schedule modifications require leave of court predicated on a showing of good cause and holding that extension of discovery deadline warranted where record did not show lack of diligence by moving party in pursuing discovery); *Gonzalez Melendez v. KMart Corp*., CIV. 04-1067(DRD), 2005 WL 1847008, at *3 (D.P.R. July 29, 2005) (adopting good cause standard to determine if extension of deadlines in case management order warranted and declining to extend deadlines where moving party merely asserted that it had "too much work [and] electronic difficulties.").

30.    In turn, the primary consideration of the good cause standard is the "diligence of the party seeking the amendment." *Citadel*, 2008 WL 11463664, at *2 (citing *Johnson v. Mammoth Recreation, Inc*., 975 F.2d 604, 609 (9th Cir. 1992)).  A modification of the case management schedule is warranted where the parties cannot reasonably meet the deadlines despite the diligence of the party seeking the extension. *Id*. (internal citations omitted); *see also Intermountain Fair Hous. Council, Inc. v. Tassano*, 114CV00338EJLCWD, 2015 WL 5095319, at *2 (D. Idaho Aug. 28, 2015) (noting "good cause" means scheduling deadlines cannot be met despite a party's diligence (citing 6A Wright, Miller & Kane, Federal Practice and Procedure § 1522.1 at 231 (2d ed.1990)).

> ii.   *The Movants Have Been Diligent in Their Efforts to Resolve and/or Settle the
> Vendor Avoidance Actions Prior to the Extended Response Due Date.*

31.    In accordance with spirit and purpose of the Procedures Order to maximize the potential for out-of-court resolution of the Vendor Avoidance Actions and to minimize the burden on the parties' and this Court's resources, Movants have, since entry of the Procedures Order, worked diligently to resolve and/or settle as many Vendor Avoidance Actions and tolling agreements as possible.  As noted above, approximately one hundred seventy (170) of approximately 250 lawsuits have been resolved consensually. Movants have moved for default judgment against eleven (11) defendants, and several adversary proceedings are subject to stay as a result of unrelated judicial process.  There remain sixty-one (61) lawsuits, each identified in the Supplemental Appendix, which have not yet been resolved but which Movants believe could be resolved if the current litigation deadlines are extended.

32.    To remain consistent with the spirit of the Procedures Order and Puerto Rican business community's desire to resolve the Vendor Avoidance Actions in the most economical way possible, Movants respectfully request that the Court grant a further extension to the Fourth Extended Litigation Deadlines to permit Movants to collect, review, and resolve certain Vendor Avoidance Actions.  Movants' professionals will not be able to do so by August 18, 2021.

33.    Therefore, Movants respectfully submit that they have met the good cause standard warranting this Court's implementation of the Fifth Extended Litigation Deadlines.

## REQUEST FOR HEARING

34.    Pursuant to Federal Rules of Bankruptcy Procedure 9006(d) and 2002(a)(3), the SCC and the Committee hereby request that a hearing on this Motion be scheduled for such date as the Court deems appropriate to consider any objections, joinders, replies or comments by this Court to this Motion.

## NOTICE

35.    The SCC has provided notice of this Motion to: (i): the Chambers of the Honorable Laura Taylor Swain; (ii) the Chambers of the Honorable Magistrate Judge Judith G. Dein; (iii) the Office of the United States Trustee for Region 21; (iv) AAFAF; (v) counsel for AAFAF; (vi) counsel for the Oversight

Board; (vii) counsel for the Creditors' Committee; (viii) counsel for the Retiree Committee; (ix) the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims in COFINA's Title III case; (x) counsel to any other statutory committee appointed in these Title III Cases; and (xi) the defendants listed in the Supplemental Appendix  through their counsel, if known, through their resident agent, or a representative.

WHEREFORE, Movants respectfully request that this Court enter an order substantially in form attached hereto as Exhibit A granting the relief requested herein and granting Movants such other relief as this Court deems just and proper.

Dated:  August 6, 2021.

Respectfully submitted,

*/s/ Sunni P. Beville*
**BROWN RUDNICK LLP**
Sunni P. Beville, Esq. (*Pro Hac Vice*)
Tristan G. Axelrod, Esq. (*Pro Hac Vice*)
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
sbeville@brownrudnick.com
taxelrod@brownrudnick.com

*Counsel to the Special Claims Committee of the
Financial Oversight and Management Board, acting by
and through its members*

*/s/ Luc A. Despins*
**PAUL HASTINGS LLP**
Luc A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
Nicholas A. Bassett, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212)318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to Official Committee of Unsecured
Creditors for all Title III Debtors (other than
COFINA) in Certain of the Avoidance Actions*

*/s/ Kenneth C. Suria*
**ESTRELLA, LLC**
Kenneth C. Suria, Esq. (USDC-PR 213302)
Alberto Estrella, Esq. (USDC-PR 209804)
Carlos Infante, Esq. (USDC-PR 301801)
P. O. Box 9023596
San Juan, Puerto Rico 00902–3596
Tel.: (787) 977-5050
Fax: (787) 977-5090

*Local Counsel to the Special Claims Committee of the
Financial Oversight and Management Board, acting by
and through its members*

*/s/ Juan J. Casillas Ayala*
**CASILLAS, SANTIAGO & TORRES LLC**
Juan J. Casillas Ayala, Esq., USDC - PR 218312
Luis F. Llach Zúñiga, Esq., USDC – PR 2231112
Israel Fernández Rodríguez, Esq., USDC - PR 225004
Juan C. Nieves-González, Esq., USDC - PR 231707
Cristina B. Fernández Niggemann, Esq., USDC - PR
306008
PO Box 195075
San Juan, PR 00919-5075
Tel.: (787) 523-3434
Fax: (787) 523-3433
jcasillas@cstlawpr.com
lllach@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Counsel to the Official Committee of Unsecured
Creditors (other than COFINA and PBA)*

**Exhibit A**

**Proposed Fifth Extension Order**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT<br>BOARD FOR PUERTO RICO, | Case No. 17-BK-3283 (LTS) |
|      as representative of | |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | |
|      Debtors.[1] | |
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT<br>BOARD FOR PUERTO RICO, | Case No. 17-BK- 3567 (LTS) |
|      as representative of | |
| THE PUERTO RICO HIGHWAYS AND<br>TRANSPORTATION AUTHORITY, | |
|      Debtor. | |
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT<br>BOARD FOR PUERTO RICO, | Case No. 17-BK-3566 (LTS) |
|      as representative of | |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE<br>GOVERNMENT OF PUERTO RICO, | |
|      Debtor. | |

---

[1]  The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523 (LTS)) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | Case No. 17 BK 4780-LTS |
|      as representative of | |
| THE PUERTO RICO ELECTRIC POWER AUTHORITY, | |
|      Debtor. | |

**ORDER GRANTING OMNIBUS MOTION BY THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY AND THROUGH THE MEMBERS OF THE SPECIAL CLAIMS COMMITTEE AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO (I) STAY LITIGATION IN THE VENDOR AVOIDANCE ACTIONS OR, ALTERNATIVELY (II) EXTEND LITIGATION DEADLINES IN THE VENDOR AVOIDANCE ACTIONS**

Upon the motion dated August 6, 2021 (the "Motion") of the SCC[1] and the Committee, pursuant to section 105(a) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 7016, 2002, 9019 and 9006 made applicable to this proceeding by sections 301(a) and 310 of the Puerto Rico Opportunity Management and Economic Stability Act of 2016 ("PROMESA"), 48 U.S.C. § 2161(a); and the Court having jurisdiction over this matter under 28 U.S.C. 1331, and under section 306(a)-(b) of PROMESA, 48 U.S.C. §2166(a)-(b); and venue being proper under section 307(a) of PROMESA, 48 U.S.C. § 2167(a); and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and any opposition thereto [and having heard the statements of counsel at the hearing held before the Court (the "Hearing")]; and the Court having determined that the legal and factual bases set forth in the Motion [and at the Hearing] establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is hereby **ORDERED** that:

    1.      The relief requested in the Motion is granted as provided herein;

---

[1]   Capitalized terms used herein shall have the meaning ascribed to them in Motion unless otherwise noted.

2.      Subject to the following paragraphs, the Vendor Avoidance Actions set out in the Supplemental Appendix attached hereto shall be STAYED until thirty (30) days after the earlier of the Effective Date of the Plan or the entry of a final, non-appealable order denying confirmation thereof.

3.      Notwithstanding any other provision of this Order, nothing herein shall prohibit any party to such Vendor Avoidance Actions from commencing, continuing, requesting approval of, or consummating any resolution of such Vendor Avoidance Actions (including by settlement or dismissal), and except as modified by this Order, the Procedures Order shall otherwise remain in full force and effect.

4.      Within thirty (30) days of the Effective Date of the Plan or of the entry of a final, non-appealable order denying confirmation thereof (as applicable), the Avoidance Actions Trust or the Movants (as applicable) shall file a motion requesting removal of the stay of each remaining Vendor Avoidance Actions and shall propose appropriate deadlines for re-commencement thereof.

5.      A copy of this Order shall be filed on the docket for each Vendor Avoidance Action.

6.      This Court shall retain jurisdiction with respect to all matters relating to the interpretation and implementation of this Order.

Dated: _____, 2021.


                                         _____
                                         Honorable Judith G. Dein
                                         United States Magistrate Judge

**SUPPLEMENTAL APPENDIX**

| Defendant | Adversary Proceeding No. |
|---|---|
| AMBASSADOR VETERANS SERVICES OF PR LLC | 19-00048 |
| APEX GENERAL CONTRACTORS | 19-00062 |
| BRISTOL /MYERS SQUIBB P R INC | 19-00042 |
| CARIBE GROLIER INC | 19-00051 |
| CCHPR HOSPITALITY, INC | 19-00116 |
| CENTRO DE DESARROLLO ACADEMICO INC. | 19-00053 |
| CITIBANK N A | 19-00265 |
| CLINICA DE TERAPIAS PEDIATRICA | 19-00054 |
| COMMUNITY CORNESTONE OF P R | 19-00043 |
| COMPUTER LEARNING CENTERS, INC. | 19-00055 |
| COMPUTER NETWORK SYSTEMS CORP | 19-00150 |
| Core Laboratories N.V. d/b/a Saybolt | 19-00381 |
| CREATIVE EDUCATIONAL & PSYCHOLOGICAL SER | 19-00152 |
| DIDACTICOS, INC. | 19-00161 |
| EDWIN CARDONA & ASOC | 19-00056 |
| ENTERPRISE SERVICES CARIBE LLC | 19-00060 |
| EVERTEC INC | 19-00044 |
| EXPLORA CENTRO ACADEMICO Y TERAPEUTICO | 19-00143 |
| FACSIMILE PAPER  CONNECTION CORP | 19-00092 |
| FAST ENTERPRISES LLC | 19-00266 |
| FIRST HOSPITAL PANAMERICANO | 19-00093 |
| FP+1,LLC | 19-00148 |
| GF SOLUTIONS, INC. | 19-00063 |
| GILA LLC | 19-00354 |
| GIRARD MANUFACTURING INC DBA/BANCO DE | 19-00103 |
| GM SECURITY TECHNOLOGIES | 19-00273 |
| HEWLETT PACKARD PR BV | 19-00183 |
| HOSPIRA | 19-00186 |
| INTERNATIONAL SURVEILLANCE SERV CORP | 19-00202 |
| INTERVOICE COMMUNICATIONS OF PR INC | 19-00068 |
| JOSE SANTIAGO INC | 19-00075 |
| JUNIOR BUS LINE, INC. | 19-00229 |
| LAW OFFICES WOLF POPPER, INC | 19-00236 |
| MACAM S.E. | 19-00255 |
| MANAGEMENT, CONSULTANT & COMPUTER SERV | 19-00081 |
| MANPOWER | 19-00088 |
| MERCK SHARP & DOHME | 19-00276 |
| MICROSOFT CORPORATION | 19-00290 |

| Defendant | Adversary Proceeding No. |
|---|---|
| N. HARRIS COMPUTER CORPORATION | 19-00102 |
| NATIONAL COPIER | 19-00251 |
| NETWAVE EQUIPMENT CORP | 19-00253 |
| Professional Consulting Psychoeducational Services, LLC | 19-00188 |
| POSTAGE BY PHONE RESERVE ACCOUNT | 19-00181 |
| PROSPERO TIRE EXPORT INC | 19-00196 |
| PUERTO RICO SUPPLIES GROUP INC | 19-00199 |
| PUERTO RICO TELEPHONE COMPANY | 19-00127 |
| QUEST DIAGNOSTICS | 19-00440 |
| Ready & Responsible Security, Inc | 19-00387 |
| REYES CONTRACTOR GROUP | 19-00220 |
| ROCKET LEARNING INC | 19-00232 |
| ROCKET TEACHER TRAINING | 19-00235 |
| RODRIGUEZ PARISSI VAZQUEZ & CO PCS | 19-00155 |
| ROSSO GROUP INC | 19-00239 |
| S H V P MOTOR CORP | 19-00134 |
| SEGUROS COLON INC | 19-00130 |
| SESCO TECHNOLOGY SOLUTIONS LLC | 19-00162 |
| ST. JAMES SECURITY SERVICES, INC. | 19-00145 |
| TALLER DESARROLLO INFANTIL CHIQUIRIMUNDI | 19-00049 |
| Total Petroleum Puerto Rico Corp. | 19-00114 |
| TRUENORTH CORP | 19-00160 |
| XEROX CORPORATION | 19-00218 |