UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO<br>et al., | (Jointly Administered) |
| Debtors.¹ | |

-------------------------------------------------------------x

ORDER DENYING MOTION OF INDIVIDUAL BONDHOLDER FOR AN ORDER
DIRECTING THE APPOINTMENT OF A COMMITTEE TO REPRESENT RETAIL
INVESTORS IN THE EIGHT RETAIL INVESTOR CLASSES IN CONNECTION
WITH THE PROPOSED PLAN AND IN PROCEEDINGS RELATED TO CONFIRMATION

Before the Court is the *Motion of Individual Bondholder for an Order Directing the Appointment of a Committee to Represent Retail Investors in the Eight Retail Investor Classes in Connection with the Proposed Plan and in Proceedings Related to Confirmation* (Docket Entry No. 17221 in Case No. 17-3283, the "Motion") filed by Peter C. Hein (the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

"Movant"). During the August 4, 2021, omnibus hearing (the "Hearing"), the Court heard argument and rendered an oral decision denying the Motion. This Order memorializes the Court's ruling.

The Court has carefully considered the pleadings submitted by the parties concerning the Motion, as well as the parties' arguments at the Hearing. For the reasons that follow, the Motion is denied.

The Motion requests entry of an order directing the appointment of an official committee of holders of Commonwealth and PBA bonds (a "Bondholder Committee"). Movant's proposed Bondholder Committee would be comprised of individuals who each hold up to $1 million in the aggregate of such bonds.

Section 1102(a) of the Bankruptcy Code governs the formation of committees of creditors. Section 1102(a)(1) provides that "the United States trustee shall appoint a committee of creditors holding unsecured claims and may appoint additional committees of creditors . . . as the United States trustee deems appropriate." 11 U.S.C. § 1102(a)(1). Section 1102(a)(2) provides that a court may also appoint additional committees of creditors "if necessary to assure adequate representation of creditors." 11 U.S.C. § 1102(a)(2). A movant seeking appointment of an additional committee must demonstrate that the committee is "necessary" for adequate representation. This is "a high standard that is far more onerous than if the statute merely . . . [required] that a committee be useful or appropriate." In re SunEdison, Inc., 556 B.R. 94, 103 (Bankr. S.D.N.Y. 2016) (citation omitted). In exercising their discretion, courts also consider practical considerations such as the complexity of a case and the costs that would be associated with appointing additional committees. In re Wang Labs., Inc., 149 B.R. 1, 2 (Bankr. D. Mass. 1992). In particular, courts are sensitive to the reality that the "appointment of additional

committees is closely followed by applications to retain" lawyers and other professionals. In re Wang Labs, 149 B.R. at 4.

Movant has not met the high burden of demonstrating that the appointment of a Bondholder Committee is "necessary" as required by section 1102(a)(2), nor that the court should exercise its discretion to direct appointment of a Bondholder Committee. Although these Title III cases are complex, sophisticated parties represented by able counsel hold the same bonds owned by Mr. Hein and other retail investors, and, throughout the course of the Title III cases, those parties have vigorously defended the validity and value of those bonds. Although Movant is correct that active ad hoc groups and institutional investors with significant Commonwealth and PBA bond holdings have settled their disputes and now support the proposed Plan of Adjustment, Movant has failed to demonstrate that their support arises out of anything other than a calculated cost-benefit analysis that takes into account the risks and burdens of litigating the validity and priority of their claims, including the resolution of complex intercreditor disputes that have been queued up in a host of contested matters and adversary proceedings. Even if the supporting creditors do not purport to represent the interests of retail bondholders and do not have fiduciary duties toward retail bondholders, their support for the proposed Plan of Adjustment implies their belief that the Plan maximizes value for the benefit of bondholders.

The existence of "Consummation Costs" and "Restriction Fees" in the plan support agreements and proposed Plan of Adjustment do not demonstrate that the creditors' interests are not aligned with those of retail investors. The Plan contemplates that payment of these amounts will compensate creditors for contributions they have made and obligations they have incurred in furthering the progress of these Title III cases, and the Oversight Board will be

required in connection with the Plan confirmation process to demonstrate that these amounts are justified as administrative expenses that are properly payable under the Bankruptcy Code. Putting aside such administrative expenses, Movant does not appear to contend the Plan contemplates treatment of the claims of institutional investors in a manner different than or superior to the treatment proposed for Retail Investors.

Movant also objects to the structure of the bonds that would be issued under the proposed Plan of Adjustment, takes issue with the fact that each of the Retail Investor classes in the proposed Plan would not receive Retail Support Fees if that class votes to reject the Plan, and also takes issue with several other substantive provisions of the proposed Plan of Adjustment. However, the existence of Plan provisions that the Movant disagrees with or objects to does not demonstrate that the creditors involved in negotiating the Plan did not use their best efforts to maximize value for the benefit of bondholders. Movant is free to raise objections to these provisions in connection with Plan confirmation proceedings, and the Court will consider such objections in due course.

Movant's references to the complexity of the Disclosure Statement and solicitation materials are also insufficient to demonstrate a lack of adequate representation. The Disclosure Statement has already been reviewed carefully by the Court, and, consistent with certain objections raised by Mr. Hein, the Court required certain changes to enhance the disclosure proposed by the Oversight Board before approving the Disclosure Statement and solicitation materials. Moreover, Committee counsel do not act as lawyers to each creditor who is a constituent, and Movant has not explained how the appointment of a Bondholder Committee at this point would meaningfully affect bondholders' understanding of the disclosure and

solicitation materials.

Nor do the Movant's objections at the Hearing concerning the Debtors' offer to permit retail bondholders to become parties to the Amended and Restated Plan Support Agreement demonstrate inadequate representation or the necessity of a committee for retail investors. The Movant can raise his objections to the manner in which support was solicited in connection with Plan confirmation proceedings if he so desires.

This Order resolves Docket Entry No. 17221 in Case No. 17-3283.

SO ORDERED.

Dated: August 9, 2021

          /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge