UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO et al.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |

ORDER DENYING COBRA ACQUISITIONS LLC'S MOTION TO LIFT THE STAY ORDER

Before the Court is *Cobra Acquisitions LLC's Motion to Lift the Stay Order*

(Docket Entry No. 16328 in Case No. 17-3283 and Docket Entry No. 2428 in Case No. 17-4780,

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

the "Lift Stay Motion"),[2] filed by Cobra Acquisitions LLC ("Cobra").[3] The Court has carefully considered the pleadings submitted by the parties concerning the Lift Stay Motion and the arguments made by the parties during the August 4, 2021, omnibus hearing (the "Hearing"). During the Hearing, the Court rendered an oral decision denying the Lift Stay Motion. This Order memorializes the Court's ruling.

Cobra requests termination of the litigation stay imposed by the Court on October 17, 2019, at the request of Puerto Rico Electric Power Authority ("PREPA"), the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF," and together with PREPA and the Oversight Board, the "Government Parties") and continued since that time, so that the parties may litigate *Cobra Acquisitions LLC's Motion for Allowance and Payment of Administrative Expense Claims* (Docket Entry No. 8789). The Court originally imposed a litigation stay based on its conclusions that factual and legal questions that could affect the outcome of the Administrative Expense Motion would likely be addressed in connection with the criminal proceedings, and that the then-pending investigation by the Federal Emergency Management Agency ("FEMA") could also affect the parties' rights and obligations with respect to the amounts for which Cobra seeks administrative expense treatment.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). As this

---

[2] All docket entry references herein are to entries in Case No. 17-3283, unless otherwise specified.
[3] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Lift Stay Motion.

Court noted in its order imposing the stay, "[f]ederal courts possess the inherent power to stay proceedings for prudential reasons." (*Order Granting Joint Urgent Motion of the Oversight Board, PREPA, and AAFAF to Extend All Applicable Deadlines to Cobra Acquisition LLC's Motion for Allowance and Payment of Administrative Expense Claims* (Docket Entry No. 8886, the "First Stay Order") at 2 (quoting Microfinancial, Inc. v. Premier Holidays Int'l, Inc., 385 F.3d 72, 77 (1st Cir. 2004)).) It follows from these principles that, after imposition of a stay for prudential reasons, "the court retains the ability to modify or dissolve the stay . . . ." Green v. Cosby, 177 F. Supp. 3d 673, 681 (D. Mass. 2016). Such circumstances include material changes in the circumstances that the Court originally determined warranted the stay.

Cobra contends that such material changes have occurred. First, the criminal trial is no longer "imminent" in that no trial date is scheduled. Second, Cobra characterizes the expected cost analysis and determination from FEMA (the "FEMA Cost Analysis") as incomplete insofar as it only analyzes the First Contract of the two that exist between Cobra and PREPA and asserts that further delay pending an examination of the Second Contract with PREPA is unwarranted. Cobra argues that it will be unduly prejudiced by continuation of the stay pending FEMA review of the Second Contract (and any administrative appeals PREPA pursues) because the ultimate resolution of the claim will require further litigation and the continuing financial uncertainty is harmful to its business interests. Separately, Cobra argues that PREPA effectively is limited to two options to satisfy the feasibility condition for confirmation of a plan of adjustment, (i) liquidate Cobra's claim in advance of confirmation or (ii) establish a cash reserve in the aggregate amount of Cobra's asserted claim.

The Government Parties argue that the outcome of the criminal matter may be determinative of Cobra's entitlement to administrative expense treatment of its claim because it

could trigger additional contract defense(s) or FEMA cost disallowances under 2 C.F.R. § 200.339. The Government Parties also argue that the stay should remain in place until a cost analysis and determination memorandum can be issued by FEMA concerning the Second Contract, asserting that the memorandum concerning the review of the First Contract demonstrates the utility of such FEMA scrutiny. The Government Parties argue that the FEMA Cost Analysis mitigates the need for costly discovery and motion practice. Finally, the Government Parties argue that the liquidation of Cobra's administrative explain claim is not necessary in advance of PREPA's plan confirmation process because a plan of adjustment can be confirmed with an adequate reserve held pending the liquidation of Cobra's claim.

The Court has considered these arguments carefully. This Court has previously held in this matter that "[t]he adjournment of the criminal trial alone . . . does not justify modification of the Stay Orders. . . ." See In re Fin. Oversight & Mgmt. Bd. for P.R., 617 B.R. 173, 180 (D.P.R. 2020). Here, although a trial date is not currently scheduled, the Court is satisfied that the ongoing discovery, motion practice, and conferencing indicates that the criminal case is moving forward toward resolution, and that such resolution may be significant in the resolution of the Administrative Expense Motion. The lack of a trial date does not, accordingly, warrant termination of the litigation stay.

As this Court recognized in its *Order Scheduling Further Status Conference in Connection with Cobra Acquisitions LLC's Motion for Allowance and Payment of Administrative Expense Claims*, the Court must evaluate all aspects of the "current factual and procedural landscape" in considering whether the stay should be lifted or maintained. (Docket Entry No. 10607 in Case No. 17-3283, the "Second Stay Order"). It is undisputed that FEMA's Cost Analysis concerning the First Contract was a comprehensive review of expenses that are

contemplated in the Administrative Expense Motion. FEMA's administrative process allows for an investigation into Cobra's expenses, a cost analysis with the issuance of a determination memorandum, and an avenue for administrative appeal of any adverse finding. Thus, FEMA's investigation reduces the need for extensive discovery to resolve disputed amounts for which Cobra seeks administrative expense treatment.

While it is true that the timeline of the criminal prosecution and the anticipated timeline of the FEMA investigation have changed, Cobra has not demonstrated that there has been a material change warranting modification of the stay of litigation in connection with any aspect of the Administrative Expense Motion. Rather the relevant factors weigh in favor of maintaining the stay of this matter.

The parties agree that, if Cobra's administrative expense claim has not yet been allowed or is disputed as of the plan of adjustment's effective date, PREPA could satisfy confirmation requirements, including feasibility, by establishing a disputed claims reserve for the administrative expense claim. (Docket Entry No. 2563 in Case No. 17-4780, the "Status Report" at 11, 14.) The Court agrees that a plan of adjustment can be "feasible" absent the liquidation of an administrative expense claim. At the time of plan confirmation, however, PREPA's claims reserve must contain sufficient assets to resolve the disputed claim. 48 U.S.C. § 2174(b)(4). Importantly, PREPA has not filed a proposed plan of adjustment at this time. PREPA's ability to fund a reserve or resolve the claim, and issues regarding the appropriate magnitude of the claim, can be addressed in the context of confirmation, by which time further developments in the criminal case and the FEMA investigation may have helped to narrow the issues and reduce the need for extensive discovery.

Accordingly, the Lift Stay Motion is denied. The parties are directed to file a status report by **January 19, 2022**, at **5:00 p.m. (Atlantic Standard Time)**. This Order resolves Docket Entry No. 16328 in Case No. 17-3283 and Docket Entry No. 2428 in Case No. 17-4780.

SO ORDERED.

Dated: August 10, 2021

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Laura Taylor Swain
　　　　　　　　　　　　　　　　　　　　　　　　LAURA TAYLOR SWAIN
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge