UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO et al.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

ORDER GRANTING THREE HUNDRED TWENTY-FOURTH OMNIBUS
OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO
TO PARTIALLY DUPLICATE, DEFICIENT, AND NO LIABILITY BOND CLAIMS

Upon the *Three Hundred Twenty-Fourth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Partially Duplicate, Deficient and No Liability Bond Claims* (Docket Entry No. 16650, the "Three Hundred Twenty-Fourth Omnibus Objection"),[2] filed by the Commonwealth of Puerto Rico (the "Commonwealth"), dated April 30, 2021, for entry of an

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5532-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Three Hundred Twenty-Fourth Omnibus Objection.

order partially disallowing certain claims filed against the Commonwealth, as more fully set forth in the Three Hundred Twenty-Fourth Omnibus Objection and supporting exhibits thereto; and the Court having jurisdiction to consider the Three Hundred Twenty-Fourth Omnibus Objection and to grant the relief requested therein pursuant to PROMESA section 306(a); and venue being proper pursuant to PROMESA section 307(a); and due and proper notice of the Three Hundred Twenty-Fourth Omnibus Objection having been provided to those parties identified therein, and no other or further notice being required; and the Court having determined that the claims identified in Exhibit A to the Three Hundred Twenty-Fourth Omnibus Objection (the "Claims to Be Partially Disallowed") seek recovery, in part, of amounts for which the Commonwealth is not liable; and the Court having determined that the Claims to Be Partially Disallowed assert, in part, liabilities that are duplicative, in part, of one or more Master Proofs of Claim filed in the Commonwealth's Title III Case; and the Court having determined that the Claims to Be Partially Disallowed are deficient, in part, insofar as they seek recovery for investment losses; and the Court having determined that the remaining portions of the Claims to Be Partially Disallowed will remain asserted against the Commonwealth; and the Court having determined that the relief sought in the Three Hundred Twenty-Fourth Omnibus Objection is in the best interests of the Commonwealth, its creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Three Hundred Twenty-Fourth Omnibus Objection establish just cause for the relief granted herein; and the Court having deemed a hearing is not necessary as no objection, responsive pleading, or request for a hearing with respect to the Three Hundred Twenty-Fourth Omnibus Objection has been submitted, and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Three Hundred Twenty-Fourth Omnibus Objection is GRANTED as set forth herein; and it is further

ORDERED that the Claims to Be Partially Disallowed are hereby reduced and disallowed, as set forth in Exhibit A hereto, such that the Claims to Be Disallowed shall now only be considered claims asserting the amount set forth in the column titled "Corrected" in Exhibit A to the Three Hundred Twenty-Fourth Omnibus Objection, respectively; and it is further

ORDERED that PREPA's right to object to portions of the remaining portions of these claims, as set forth in the column titled "Corrected" in Exhibit A to the Three Hundred Twenty-Fourth Omnibus Objection, is reserved; and it is further

ORDERED that Prime Clerk is authorized and directed to delete and reduce the amount asserted in the Claims to Be Partially Disallowed by the disallowed portions (i.e., reducing the amount of the claims to the amounts set forth in the column titled "Corrected" in Exhibit A to the Three Hundred Twenty-Fourth Omnibus Objection) from the official claims register in the Commonwealth Title III Case; and it is further

ORDERED that this Order resolves Docket Entry No. 16650 in Case No. 17-3283; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

SO ORDERED.

Dated: August 11, 2021

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge