UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO et al.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

ORDER GRANTING THREE HUNDRED TWENTY-FIFTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO DUPLICATE, DEFICIENT, NO LIABILITY, AND INCORRECT DEBTOR BOND CLAIMS

Upon the *Three Hundred Twenty-Fifth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Duplicate, Deficient, No Liability, and Incorrect Debtor Bond Claims* (Docket Entry No. 16651, the "Three Hundred Twenty-Fifth Omnibus Objection"),[2] filed by the Commonwealth of Puerto Rico (the "Commonwealth"), dated April 30, 2021, for entry of

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5532-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Three Hundred Twenty-Fifth Omnibus Objection.

an order partially disallowing and partially reclassifying certain claims filed against the Commonwealth, as more fully set forth in the Three Hundred Twenty-Fifth Omnibus Objection and supporting exhibits thereto; and the Court having jurisdiction to consider the Three Hundred Twenty-Fifth Omnibus Objection and to grant the relief requested therein pursuant to PROMESA section 306(a); and venue being proper pursuant to PROMESA section 307(a); and due and proper notice of the Three Hundred Twenty-Fifth Omnibus Objection having been provided to those parties identified therein, and no other or further notice being required; and the Court having determined that the claims identified in Exhibit A to the Three Hundred Twenty-Fifth Omnibus Objection (the "Claims to Be Partially Disallowed and Partially Reclassified") seek recovery, in part, of amounts for which the Commonwealth is not liable; and the Court having determined that the Claims to Be Partially Disallowed and Partially Reclassified assert, in part, liabilities that are duplicative, in part, of one or more Master Proofs of Claim filed in the Commonwealth's Title III Case; and the Court having determined that the Claims to Be Partially Disallowed and Partially Reclassified are deficient, in part, to the extent they seek to assert additional liabilities associated with government-issued bonds, because they fail to provide sufficient information for the Commonwealth to reconcile the claim, such as an identification of the amount or CUSIP numbers of the asserted bonds; and the Court having determined that a portion of the Claims to Be Partially Disallowed and Partially Reclassified should be reclassified because a portion of the claim identifies the Commonwealth as obligor, when that claim is properly asserted, if at all, against the Puerto Rico Electric Power Authority ("PREPA"); and the Court having determined that the relief sought in the Three Hundred Twenty-Fifth Omnibus Objection is in the best interests of the Commonwealth, its creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Three Hundred

Twenty-Fifth Omnibus Objection establish just cause for the relief granted herein; and the Court having deemed a hearing is not necessary as no objection, responsive pleading, or request for a hearing with respect to the Three Hundred Twenty-Fifth Omnibus Objection has been submitted, and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Three Hundred Twenty-Fifth Omnibus Objection is GRANTED as set forth herein; and it is further

ORDERED that the portions of the claims identified in the Claims to Be Partially Disallowed and Partially Reclassified are hereby partially disallowed (the "Claims to be Partially Disallowed"); and it is further

ORDERED that Prime Clerk, LLC, is authorized and directed to designate the disallowed portions of Claims to Be Partially Disallowed as expunged on the official claims registry in the Title III Cases; and it is further

ORDERED that the portions of the claims identified in the column titled "Asserted" in Exhibit A to the Three Hundred Twenty-Fifth Omnibus Objection are hereby reclassified to be claims asserted against PREPA, as indicated in the column titled "Corrected" in Exhibit A; and it is further

ORDERED that the Debtors' right to object to the Claims to Be Partially Reclassified is reserved; and it is further

ORDERED that Prime Clerk is authorized and directed, in the official claims register in the PROMESA cases, to move the claims identified in the column titled "Asserted" in Exhibit A to the Three Hundred Twenty-Fifth Omnibus Objection from the Title III case for the debtor(s) identified in the column titled "Asserted" in Exhibit A to the Three Hundred Twenty-

Fifth Omnibus Objection to PREPA's Title III Case (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747);

ORDERED that this Order resolves Docket Entry No. 16651 in Case No. 17-3283; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

SO ORDERED.

Dated: August 12, 2021

  /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge