UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>  as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO et al.,<br><br>  Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

ORDER GRANTING THREE HUNDRED THIRTY-THIRD OMNIBUS OBJECTION (SUBSTANTIVE)
OF THE PUERTO RICO ELECTRIC POWER AUTHORITY TO CLAIMS THAT ARE
PARTIALLY SATISFIED AND PARTIALLY FOR AMOUNTS FOR WHICH PREPA IS NOT LIABLE

Upon the *Three Hundred Thirty-Third Omnibus Objection (Substantive) of the Puerto Rico Electric Power Authority to Claims That Are Partially Satisfied and Partially for Amounts for Which PREPA Is Not Liable* (Docket Entry No. 16660, the "Three Hundred Thirty-Third Omnibus Objection"),[2] filed by the Puerto Rico Electric Power Authority ("PREPA"),

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5532-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Three Hundred Thirty-Third Omnibus Objection.

dated April 30, 2021, for entry of an order reducing the amount of certain claims filed against PREPA on the basis that these claims are partially satisfied and PREPA has no liability for other claim portions, as more fully set forth in the Three Hundred Thirty-Third Omnibus Objection and supporting exhibits thereto; and the Court having jurisdiction to consider the Three Hundred Thirty-Third Omnibus Objection and to grant the relief requested therein pursuant to PROMESA section 306(a); and venue being proper pursuant to PROMESA section 307(a); and due and proper notice of the Three Hundred Thirty-Third Omnibus Objection having been provided to those parties identified therein, and no other or further notice being required; and the Court having determined that the claims identified in the column titled "Asserted" in Exhibit A to the Three Hundred Thirty-Third Omnibus Objection (collectively, the "Claims to Be Partially Disallowed") having been found to be satisfied in part; and the Court having determined that that other portions of the Claims to Be Partially Disallowed seek recovery of amounts for which PREPA is not liable; and the Court having determined that the relief sought in the Three Hundred Thirty-Third Omnibus Objection is in the best interests of PREPA, its creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Three Hundred Thirty-Third Omnibus Objection establish just cause for the relief granted herein; and the Court having deemed a hearing is not necessary as no objection, responsive pleading, or request for a hearing with respect to the Three Hundred Thirty-Third Omnibus Objection has been submitted, and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Three Hundred Thirty-Third Omnibus Objection is GRANTED as set forth herein; and it is further

ORDERED that the Claims to Be Partially Disallowed are hereby reduced and disallowed to the extent they assert claims for amounts already paid and/or for which PREPA has no liability, such that the Claims to Be Disallowed shall now only be considered claims asserting the amount set forth in the column titled "Remaining Claim" in Exhibit A to the Three Hundred Thirty-Third Omnibus Objection, respectively; and it is further

ORDERED that PREPA's right to object to portions of the remaining portions of these claims, as set forth in the column titled "Remaining Claim" in Exhibit A to the Three Hundred Thirty-Third Omnibus Objection, is reserved; and it is further

ORDERED that Prime Clerk is authorized and directed to delete and reduce the amount asserted in the Partially Satisfied Claims by the disallowed portions (i.e., reducing the amount of the claims to the amounts set forth in the column titled "Remaining Claim" in Exhibit A to the Three Hundred Thirty-Third Omnibus Objection) from the official claims register in the PREPA Title III Case; and it is further

ORDERED that this Order resolves Docket Entry No. 16660 in Case No. 17-3283; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

SO ORDERED.

Dated: August 12, 2021

       /s/ Laura Taylor Swain
      LAURA TAYLOR SWAIN
      United States District Judge