IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>  as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et. al,<br><br>Debtors [1] | PROMESA<br>Title III<br><br>Case No. 17-BK-3283 (LTS) |
| THE SPECIAL CLAIMS COMMITTEE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY AND THROUGH ITS MEMBERS,<br>and<br>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORSD OF THE COMMONWEALTH OF PUERTO RICO,<br><br>As co-trustee of respectively, of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Plaintiff | Adv. Proc. No. 19-00181 |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**PARTIAL OPPOSITION TO OMNIBUS MOTION BY THE FINANCIAL
OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY AND
THROUGH THE MEMBERS OF THE SPECIAL CLAIMS COMMITTEE, AND THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO (I) STAY LITIGATION
IN THE VENDOR AVOIDANCE ACTIONS OR, ALTERNATIVELY (II) EXTEND
LITIGATION DEADLINES IN THE VENDOR AVOIDANCE ACTIONS**

**COMES NOW** Postage by Phone Reserve Account ("Postage by Phone"), without

submitting to the jurisdiction of the Court, and respectfully states, and prays:

I.      Introduction

The Financial Oversight and Management Board, acting by and through the members of the

Special Claims Committee and the Official Committee of Unsecured Creditors (hereinafter

together "Oversight Board" or "Movants")  filed a motion requesting the stay of several avoidance

actions to allow for the simplification of the transfer of files and information between them and

the Avoidance Actions Trust ("AAT")  as proposed in the plan of reorganization pending before

this Court, among other reasons. Movant's request  seems to be a 'one-size-fits-all' approach as to

the remaining avoidance actions, and it does not reflect the particularities and singularities of each

case. For the reasons that will be discussed below, Postage by Phone, without submitting to the

jurisdiction of this Court, partially opposes the request for stay and respectfully requests that the

proceedings of this case continue for the sole purpose of determining if  this Court has jurisdiction

over Postage by Phone.

II.      Factual Background

1.  The present adversary proceeding was filed on April 30, 2019 against Postage by Phone

    Reserve Account regarding the potential avoidance of payments made by the

    Commonwealth or its agencies prior to the filing of the petition under Title III of

    PROMESA.

2

2.  On December 12, 2019, Plaintiff filed an "Urgent Omnibus Motion for Re-issuance of Summons and/or Authorization of Service by Publication" ("Urgent Omnibus Motion"), *see* Docket Entry No. 9.

3.  On December 16, 2019, the Court entered an order to show cause as to why Plaintiffs are requesting summonses to be re-issued after more than six (6) months after the filing of the proceeding. On January 10, 2020, Plaintiff's motion was granted in part and summons were re-issued, *see* Docket Entry No. 12 and No. 13 respectively.

4.  On June 10, 2020, Plaintiff filed a "Motion Requesting Entry of Default" based on Postage by Phone's failure to file an answer or dispositive motion and the Court granted said motion as unopposed on June 17, 2020, *see* Docket Entry No. 20 and No. 21 respectively.

5.  On April 15, 2021, a Modified Briefing Schedule was entered, granting Defendants until August 18, 2021 to file an Answer or Motion to Dismiss and granting Plaintiffs until October 18, 2021 to file a Response, *see* Docket Entry No. 31.

6.  On May 18, 2021, a special appearance was entered on behalf of Postage by Phone, without submitting to the jurisdiction of the Court, *see* Docket Entry No. 32.

7.  On May 27, 20221, Plaintiff filed a "Motion to Vacate Entry of Default" and the motion was granted by the Court on that same date, *see* Docket Entry No. 33 and 34 respectively.

8.  On August 9, 2021, Movants filed an "Omnibus Motion to Stay Litigation in the Vendor Avoidance Actions or alternatively to extend litigation deadlines in the Vendor Avoidance Actions" ("Motion to Stay"), *see* Docket Entry No. 35.

9. On August 10, 2021, the Court entered an order staying the August 18, 2021 deadline to file an Answer or Motion to Dismiss and ordering that responses to the Motion to Stay must be filed by August 17, 2021.

10. Postage by Phone submits the present partial opposition to the Motion to Stay and respectfully requests that the Motion to Stay be denied as to the adversary proceeding of reference.

### III.    Discussion

11. Section 105(a) of the Bankruptcy Code allows the bankruptcy courts to issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Code. Generally, courts have discretionary power to stay an action in the interest of justice and efficiency. When and how to stay proceedings is within the sound discretion of the trial court. *Total Petroleum Puerto Rico Corp. v. TC Oil, Corp*., 2010 WL 11545626 (D.P.R. 2010).

12. While analyzing a request for stay of the proceedings, the Court must balance the equities and must consider the potential prejudice that a stay may entail to each party, *see Walsh Constr. Co. P.R. v. United Sur. & Indem. Co*, 2015 W.L. 13548470 (D.P.R. September 28, 2015). "In granting a stay, however, the Court must also be mindful of the (…) inequity to the moving party if the action is not stayed, and of **the potential prejudice to the non-movant**." (Emphasis ours) *Villafane-Colón v. B. Open Enterprises*, 932 F. Supp. 2d 274, 280 (D.P.R. 2013). The courts must look, among others, at the duration of the stay requested, must consider the interests favoring a stay and the interests frustrated by the stay. *Total Petroleum Puerto Rico Corp. v. TC Oil, Corp*., 2010 WL 11545626 (D.P.R. 2010).

13. In this case, the balance of interests favors the continuation of the proceedings for this Court to evaluate a threshold matter, without waiving any other defenses on the merits, whether this Court has personal jurisdiction over Postage by Phone. "[P]roceedings in bankruptcy cases are subject to the **requirement of due process under the Fifth Amendment to the United States Constitution**." (Emphasis ours). *In re San Miguel Sandoval*. 327 B.R. 493, 506 (1st Cir. 2005).

14. "The requirement that jurisdiction be established as a threshold matter is (…) inflexible and without exception for jurisdiction is power to declare the law and without jurisdiction the court cannot proceed at all in any case." *Ruhrgas AG v. Marathon Oil Company,* 119 S. Ct. 1563, 1567 (1999). It is a basic law that a court must have personal jurisdiction over the parties to hear a case, that is, the power to require the parties to obey its decrees. *U.S. v. Swiss American Bank, Ltd*., 274 F. 3d 610, 617 (1st Cir. 2001).

15. The filing of a Motion to Dismiss in the present adversary proceeding will allow Postage by Phone to argue that this Court lacks personal jurisdiction over Postage by Phone and that the service of process was insufficient. This is a crucial determination that the Court should make forthwith, and Movants have not given any valid, specific reasons to delay this adjudication.

16. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. V. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 104 (1987). This is so because "[i]n the absence of valid service of process, proceedings against a party are void." *Aetna Bus. Credit, Inc. v. Universal Décor & Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981).

17. The service of process conducted by Plaintiff upon Postage by Phone was inadequate and insufficient, as the case's record demonstrates. Plaintiff was unable to properly serve Postage by Phone and Plaintiff had to file an "Urgent Omnibus Motion" requesting the re-issuance of summons several months after the case was submitted. The "Urgent Omnibus Motion" failed to discuss any specifics as to its failure to promptly comply with the service of process.

18. Ten (10) months after the filing of the adversary proceeding, Plaintiff filed a "Certificate of Service" alleging that the summons and a copy of the complaint were notified to Postage by Phone Reserve Account c/o Pitney Bowes by mail service to an address in Connecticut, *see* Docket Entry No. 17.

19. Postage by Phone is not an individual nor a corporation, partnership, association or any other legal entity which could be sued under the Federal Rules of Civil Procedure. **Postage by Phone is merely a service** that allows clients to obtain and refill their meters and pay for postage directly from their offices. This information was shared with Plaintiff since March 9, 2021.

20. Second, the address in Massachusetts where the summons and the complaint were allegedly notified is not a valid or recognized address; therefore, the summons and copy of the complaint were not received This fact is easily demonstrated by a cursory review of the docket, whereas no timely answer or dispositive motion was filed on behalf Postage by Phone. Please note that the undersigned filed a Special Appearance[2], without submitting to the jurisdiction of this Court, on May 18, 2021.

---

[2] The existence of the present adversary proceeding was known to the undersigned while reviewing the docket history of the main case.

21. Finally, the re-issuance of the summons dated January 10, 2020 fails to comply with Rule 7004(b)(3) of the Bankruptcy Rules, as applicable under Section 310 of PROMESA. Rule 7004(b)(3) states that a domestic or foreign corporation shall be served by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent or to any other agent authorized by appointment of by law. From a cursory review of the "Certificate of Service" filed at Docket Entry No. 17, it is clearly demonstrated that the same was <u>not</u> addressed to the attention of an office, managing or general agent as mandated by the Bankruptcy Rules.

22. "Proper service under either Rule 7004(a) or (b)(3) is necessary to establish personal jurisdiction over a defendant corporation. **Failure to effect service as provided by Rule 7004(b)(3) will render service of process insufficient and will deprive the bankruptcy court of personal jurisdiction** over the defendant corporation." (Emphasis ours). *In re Maloni*, 282 B.R. 727, 731 (BAP 1st Cir. 2002).

23. In light of the above stated, and if allowed by this Court, at this moment, Postage by Phone's Motion to Dismiss will request the dismissal of the case on merely procedural grounds for proper lack of notification. This is an essential and straight-forward component of the case and, by requesting that the jurisdictional matter be addressed forthwith, Postage by Phone is not waiving any other defenses on the merits that it may raise. Therefore, and contrary to what was alleged by Movants in the Motion to Stay, the response to the request for dismissal for lack of jurisdiction and for insufficient service of process will not entail complex legal issues,  it will not divert substantial resources from Movants, and it will not have a significant impact over the transfer of the actions to the Avoidance Actions Trust.

24.  If this motion is granted, Postage by Phone will file its Motion to Dismiss within seven
(7) days after the Court's order is entered.

25. In the alternative, Postage by Phone has not objection to Movant's request to extend
the litigation deadlines in the Vender Avoidance Actions.

IV.    Conclusion

This Court has ample discretion to consider, and to deny, the Motion for Stay filed by Movants as
to Postage by Phone. The arguments raised by Movants to support the request, such as the
maintenance of the *status quo* and the simplification of the transfer of the litigation to the AAT are
*not* compelling reasons to postpone the crucial determination of whether this Court has jurisdiction
to entertain this proceeding. The stay of the proceedings will only benefit Movants, while the delay
in the adjudication of the proceedings, particularly those related to onset jurisdictional matters,
prejudice Postage by Phone. Thus, the continuation of the proceedings weight in favor of Postage
by Phone.


**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 17th day of August 2021.


I HEREBY CERTIFY that on this date I electronically filed the foregoing with the Clerk
of the Court using the CM/ECF System which will send notification of such filing to the
participants in said record including the US Trustee, counsel for AAFAF, counsel for the
Oversight Board, Counsel for the Creditor's Committee, and Counsel for the Retiree
Committee.

**MCCONNELL VALDES LLC**
*Counsel for Postage by Phone*
270 Munoz Rivera Avenue, Suite 900
Hato Rey, Puerto Rico 00918
P.O. Box 364225
San Juan, PR 00936
Tel. 787-759-9292, 787-250-5612
Fax. 787-759-8282


By: *s/ Rosamar García-Fontán*
Rosamar García-Fontán
USDC PR 221004
rgf@mcvpr.com