**Hearing Date: October 6, 2021, at 9:30 AM (Atlantic Standard Time)**
**Response Deadline: September 20, 2021, at 4:00 PM (Atlantic Standard Time)**

---

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

---

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                              Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth and ERS.** |

---

### THREE HUNDRED SEVENTY-NINTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO AND THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO PARTIAL NO LIABILITY LITIGATION CLAIMS

---

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth") and the Employees Retirement

System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the

Commonwealth, the "Debtors"), by and through the Financial Oversight and Management Board

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801)  (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

for Puerto Rico (the "Oversight Board"), as sole Title III representative pursuant to section 315(b)

of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] file this

three hundred seventy-ninth omnibus objection (the "Three Hundred Seventy-Ninth Omnibus

Objection") to claims that seek, in part, recovery for amounts for which the Debtors are not liable

, as set forth in **Exhibit A** hereto, and in support of the Three Hundred Seventy-Ninth Omnibus

Objection, respectfully represent as follows:

## JURISDICTION

1.        The United States District Court for the District of Puerto Rico has subject matter

jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section

306(a).

2.        Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

A.        **The Bar Date Orders**

3.        On May 3, 2017, the Oversight Board issued a restructuring certification pursuant

to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the

Commonwealth of Puerto Rico (the "Commonwealth") pursuant to PROMESA section 304(a),

commencing a case under Title III thereof (the "Commonwealth Title III Case").  On May 21,

2017, the Oversight Board issued restructuring certifications pursuant to PROMESA sections

104(j) and 206 and filed a voluntary petition for relief for ERS pursuant to PROMESA section

304(a), commencing a case under Title III thereof (the "ERS Title III Case," and together with the

Commonwealth Title III Case, the "Title III Cases").  On June 29, 2017, the Court entered an order

---

[2]  PROMESA is codified at 48 U.S.C. §§ 2101-2241.

granting the joint administration of the Title III Cases for procedural purposes only.  ECF No.
537.[3]

4.      On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing
Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of
Notice Thereof* [ECF No. 2255] (the "Bar Date Motion").  By the *Order (A) Establishing Deadlines
and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice
Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in
the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the
Title III Cases.  Upon the informative motion of certain creditors, and the support of the Debtors,
the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and
(B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar
Date Order, the "Bar Date Orders") extending these deadlines to June 29, 2018 at 4:00 p.m.
(Atlantic Time).

**B.      Proofs of Claim, Omnibus Objection Procedures, and Claim Objections**

5.      To date, approximately 180,483 proofs of claim have been filed against the Debtors
and logged by Prime Clerk, LLC.  Such proofs of claim total approximately $43.6 trillion in
asserted claims against the Debtors, in addition to unliquidated amounts asserted.

6.      Of the proofs of claim filed, approximately 117,009 have been filed in relation to,
or reclassified to be asserted against, the Commonwealth.  Approximately 53,214 proofs of claim
have been filed in relation to, or reclassified to be asserted against, ERS.  In accordance with the
terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from

---

[3]  Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17-BK
3283-LTS.

some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable, being duplicative of other proofs of claim, or failing to provide information necessary for the Debtors to determine whether the claim is valid.

7.     In order to efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion").  The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018.  *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures").  On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures.  *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

8.     In the continued interest of resolving any unnecessary proofs of claim in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, and to approve additional forms of notice. *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091].  On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures,*

4

*(B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "<u>Amended Omnibus Objection Procedures</u>").

9.      Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, to date the Court has held over 15 hearings and entered orders on over 310 omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>"), the Puerto Rico Highways and Transportation Authority ("<u>HTA</u>"), the Puerto Rico Electric Power Authority ("<u>PREPA</u>"), the Puerto Rico Public Buildings Authority, and/or ERS.  Based upon rulings and orders of the Court to date, approximately 100,649 claims asserting $43.0 trillion in liability against the Commonwealth, COFINA, HTA, PREPA, PBA, and ERS have been disallowed and expunged from the claims registry in the Title III proceedings.

10.      This Three Hundred Seventy-Ninth Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

## <u>OBJECTIONS TO PROOFS OF CLAIM</u>

11.      The Amended Omnibus Objection Procedures allow the Debtors to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), as well as on other substantive bases set forth in the Amended Omnibus Objection Procedures.

12.      The Three Hundred Seventy-Ninth Omnibus Objection seeks to disallow, in accordance with the Amended Omnibus Objection Procedures, claims that seek recovery for amounts for which the Debtors are partially not liable, each as set forth on **Exhibit A** hereto (collectively, the "<u>Claims to Be Partially Disallowed</u>").

13.      Claims that are "unenforceable against the debtor and property of the debtor, under any agreement or applicable law" should be disallowed.  11 U.S.C. § 502(b)(1).  Each of the Claims

to Be Partially Disallowed purports to assert, in part, liabilities associated with certain multi-plaintiff litigations brought against the Commonwealth, one of its component agencies, and/or one of its instrumentalities.  However, based on the master proofs of claim filed on behalf of all plaintiffs in such litigations, the claimants associated with the Claims to Be Partially Disallowed are not named plaintiffs in the litigations they assert.

14.     Specifically, the claimants subject to the Three Hundred Seventy-Ninth Omnibus Objection assert liabilities associated with the following litigations: (1) *Jeannette Abrams Diaz et al. v. Department of Transportation & Public Works*, Case No. KAC-2005-5021 ("Abrams Diaz"); (2) *Francisco Beltrán Cintrón et al. v. Puerto Rico Department of Family Affairs*, Case No. KAC-2009-0809  ("Beltrán Cintrón"); (3) *Juan Pérez Colón et al. v. Puerto Rico Department of Transportation & Public Works*, Case No. KAC1990-0487  ("Pérez Colón"); (4) *Frente Unido de Policías Organizados et al. v. Puerto Rico Police Department*, Case No. KAC-2007-4170 ("FUPO"); (5) *Alfredo Maldonado Colón et al. v. Puerto Rico Department of Corrections & Rehabilitation*, Case No. KAC-1996-1381 ("Maldonado Colón"); (6) *Madeline Acevedo Camacho et al. v. Puerto Rico Department of Family Affairs*, No. 2016-05-1340 ("Acevedo Camacho"); and (7) *Prudencia Acevedo Arocho, et al. v. Puerto Rico Treasury Department* ("Acevedo Arocho") (collectively, the "Litigations").  Attorneys representing all plaintiffs in each of the Litigations filed master proofs of claim on behalf of all plaintiffs in the Litigations (collectively, the "Master Claims").

15.     The Abrams Diaz Master Claim identifies the "Abrams Diaz Plaintiff Group" as the creditor and asserts over $40 million in liabilities associated with a state court complaint filed by employees of the Puerto Rico Department of Transportation and Public Works ("DTOP"). Therein, the Abrams Diaz Plaintiff Group asserted that DTOP failed to pay plaintiffs appropriate

wages as a result of the improper implementation of the Office of Public Service Personnel's "General Memorandum No. 5-86" (the "Memorandum"). According to plaintiffs, that Memorandum set forth a method for adjusting salaries and benefits that violated the principle of equal pay for equal work. In addition to filing the Master Claim, the attorney representing each plaintiff in the Abrams Diaz Plaintiff Group submitted a *Verified Statement Pursuant to FRBP 2019 of the Abrams-Diaz Plaintiff Group* [ECF No. 3505], providing the name, address, and amount of disclosable economic interests for each member of the plaintiff group.

16. The Beltrán Cintrón Master Claims assert liabilities associated with a complaint filed in the Puerto Rico Court of First Instance by employees of the Department of the Family (the "Family Department"), alleging that the Family Department failed to pay plaintiffs appropriate wages as a result of the improper implementation of the Memorandum. The Beltrán Cintrón Master Claims assert approximately $105 million in liabilities associated with alleged back pay and allegedly unpaid pension contributions, and name the creditor as the "Beltrán Cintrón Plaintiff Group." As supporting documentation, the Beltrán Cintrón Master Claims attach a chart identifying each individual plaintiff in the Beltrán Cintrón Plaintiff Group. Further, the attorney representing all plaintiffs submitted a *Verified Statement Pursuant to FRBP 2019 of the Beltrán-Cintrón Plaintiff Group* [ECF No. 3403], providing the name, address, and amount of disclosable economic interests for each member of the plaintiff group.

17. The Pérez Colón Master Claim asserts liabilities associated with a complaint filed in the Puerto Rico Court of First Instance by DTOP employees, asserting DTOP failed to pay appropriate wages pursuant to the Memorandum. The Pérez Colón Master Claim identifies the creditor as the "Pérez Colón Plaintiff Group," and asserts approximately $3 million in liabilities associated with alleged back pay. In addition to filing the Master Claim, the attorney representing

all plaintiffs in the litigation submitted a *Verified Statement Pursuant to FRBP 2019 of the Pérez-Colón Plaintiff Group* [ECF No. 3506], providing the name, address, and amount of disclosable economic interests for each member of the plaintiff group.

18.     The FUPO Master Claim asserts liabilities associated with a complaint filed in the Puerto Rico Court of First Instance by members of FUPO and the Concilio Nacional de Policías, alleging the Superintendent of the Puerto Rico Police Department failed to implement Act No. 227 of 2004, which provided for salary increases for Police Department employees.  The FUPO Master Claim was filed by the Concilio Nacional de Policías, Inc. on behalf of all plaintiffs in the litigation, asserts $280 million in liabilities associated with unpaid salary increases, and attaches a chart identifying each plaintiff in the litigation.

19.     The Maldonado Colón Master Claim asserts liabilities associated with a complaint filed in the Puerto Rico Court of First Instance by employees of the Puerto Rico Department of Corrections and Rehabilitation ("DCR").  Therein, plaintiffs contend they are owed unpaid salary increases provided for in, among other things, various DCR administrative orders.  On September 28, 2002, judgment was entered in favor of plaintiffs.  The Maldonado Colón Master Claim asserts approximately $18 million associated with outstanding payments due in accordance with the court's judgment and attaches a chart identifying each individual plaintiff in the litigation.

20.     The Acevedo Camacho Master Claims assert liabilities associated with a complaint filed in the Puerto Rico Court of First Instance by Family Department employees, alleging the employees were entitled to back pay due to the Family Department's illegal implementation of the Memorandum.  The Acevedo Camacho Master Claims were filed on behalf of the "Acevedo Camacho Plaintiffs Group," and assert approximately $50 million in liabilities associated with alleged back pay and allegedly unpaid pension contributions.  The Acevedo Camacho Master

Claims include, among other things, a chart identifying each plaintiff in the Acevedo Camacho Plaintiffs Group. The attorney representing the Acevedo Camacho Plaintiffs Group submitted a *Verified Statement Pursuant to FRBP 2019 of the Acevedo-Camacho Plaintiff Group* [ECF No. 3406], providing the name, address, and amount of disclosable economic interests for each member of the plaintiff group.

21.     The Acevedo Arocho Master Claims assert liabilities associated with a state court complaint brought by employees of the Department of Treasury ("Hacienda"), alleging Hacienda failed to pay plaintiffs appropriate wages as a result of the Memorandum. The Acevedo Arocho Master Claims each assert over $20 million in liabilities associated with alleged back pay and allegedly unpaid pension contributions and list the creditor as the "Acevedo Arocho Plaintiff Group." The state court complaint and a chart identifying each individual plaintiff in the Acevedo Arocho Plaintiff Group are included as supporting documentation to the Acevedo Arocho Master Claims. Further, the attorney representing all plaintiffs submitted a *Verified Statement Pursuant to FRBP 2019 of the Acevedo-Arocho Plaintiff Group* [ECF No. 3402], providing the name, address, and amount of disclosable economic interests for each member of the plaintiff group.

22.     As described above, each of the Master Claims either attaches a chart or a list identifying all plaintiffs named in the Litigations, or attaches filings in the Litigations that included lists, charts, or captions identifying all named plaintiffs. In each instance, the names of the claimants associated with the Claims to Be Disallowed do not appear in the lists, charts or captions included in the corresponding Master Claim or in the corresponding Verified Statement.

23.     Accordingly, the claimants associated with the Claims to Be Disallowed are not plaintiffs in the Litigations, and the Debtors are therefore not liable to those claimants for the portions of the Claims to Be Partially Disallowed that assert liabilities associated with the

Litigations. the Commonwealth and ERS are not liable for the portions of the Claims to Be Partially Disallowed that assert liabilities associated with the Litigations. Further, even if the holders of the Claims to Be Partially Disallowed were parties to the Litigations, the liabilities asserted would be subsumed within the Master Claims. Any failure to partially disallow the Claims to Be Partially Disallowed will result in the applicable claimants potentially receiving an unwarranted additional recovery to the detriment of other stakeholders in these Title III Cases.

24.      Each of the Claims to Be Partially Disallowed also purports to assert additional liabilities not associated with the Litigations, such as additional bases for back pay that are not subsumed within any of the Litigations. The holders of the Claims to Be Partially Disallowed will not be prejudiced as to the remaining amounts allegedly owed which are not subject to the Three Hundred Seventy-Ninth Objection, because the claimants will each retain a remaining claim (collectively, the "Remaining Claims") against the Debtors in respect of such additional liabilities, as set forth on Exhibit A hereto. Because this Three Hundred Seventy-Ninth Omnibus Objection to the Claims to Be Partially Disallowed does not constitute an objection to the Remaining Claims, the Debtors reserve their rights to object to the Remaining Claims on any other grounds whatsoever.

25.      In support of the foregoing, the Debtors rely on the *Declaration of Jay Herriman in Support of the Three Hundred Seventy-Ninth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Partial No Liability Litigation Claims*, dated August 20, 2021, attached hereto as **Exhibit B**.

## NOTICE

26.      In accordance with the Omnibus Objection Procedures and the Court's Notice Order, the Debtors have provided notice of this Three Hundred Seventy-Ninth Omnibus Objection

to (a) the individual creditors subject to this Three Hundred Seventy-Ninth Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Fifteenth Amended Case Management Procedures* [ECF No. 17127-1]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico.   A copy of the notice for this Three Hundred Seventy-Ninth Omnibus Objection is attached hereto as Exhibit C.   Spanish translations of the Three Hundred Seventy-Ninth Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties.   The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## <u>NO PRIOR REQUEST</u>

27.     No prior request for the relief sought in this Three Hundred Seventy-Ninth Omnibus Objection has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE the Debtors respectfully request entry of an order, substantially in the form of the Proposed Order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting the Debtors such other and further relief as is just.

Dated: August 20, 2021
      San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García-Benítez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial
Oversight and Management Board
for Puerto Rico, as representative for
the Commonwealth of Puerto Rico
and the Employees Retirement
System of the Government of the
Commonwealth of Puerto Rico*

**Fecha de la vista: 6 de octubre de 2021, a las 9:30 a.m. (AST)**
**Fecha límite para responder: 20 de septiembre de 2021 a las 4:00 p.m. (AST)**

**REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

### TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>    como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*.,<br><br>                  Deudores.[1] | PROMESA<br>Título III<br><br>Núm. 17 BK 3283-LTS<br><br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con el ELA y el SRE.** |

### TRICENTÉSIMA SEPTUAGÉSIMA NOVENA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y DEL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES POR LITIGIOS EN LAS QUE NO EXISTE RESPONSABILIDAD PARCIALMENTE

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático).

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor

Swain:

El Estado Libre Asociado de Puerto Rico (el "ELA") y el Sistema de Retiro de los

Empleados del Gobierno del Estado Libre Asociado de Puerto (el "SRE", y junto con el ELA, los

"Deudores"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la

"Junta de Supervisión"), como el único representante de Título III conforme a la sección 315(b)

de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico*

("PROMESA"),[2] radican esta tricentésima septuagésima novena objeción (la "Tricentésima

septuagésima novena objeción global") a las reclamaciones que buscan, en parte, recuperar montos

por los que los Deudores no tienen responsabilidad, según se expone en el **Anexo A** del presente

documento, y en apoyo de la Tricentésima septuagésima novena objeción global manifiestan

respetuosamente lo siguiente:

## JURISDICCIÓN

1.      El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene

jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme

a la sección 306(a) de PROMESA.

2.      La sede judicial de este distrito es la competente conforme a la sección 307(a) de

PROMESA.

## ANTECEDENTES

### A.      Órdenes de Fecha Límite

3.      El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de

reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición

---

[2]  PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101-2241.

voluntaria de remedio para el Estado Libre Asociado de Puerto Rico (el "ELA") conforme a la

sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el

"Caso de Título III del ELA"). El 21 de mayo de 2017, la Junta de Supervisión emitió

certificaciones de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó

una petición voluntaria de remedio para el SRE conforme a la sección 304(a) de PROMESA,

iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III del SRE", y

junto con el Caso de Título III del ELA, los "Casos de Título III"). El 29 de junio de 2017, el

Tribunal dictó una orden por la que concedió la administración conjunta de los Casos de Título III

únicamente con fines procesales. ECF núm. 537.[3]

4.      El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije
fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y
la manera de su notificación* [ECF núm. 2255] (la "Moción de Fecha Límite"). Por la *Orden que
A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la
forma y la manera de su notificación* [ECF núm. 2521] (la "Orden Inicial de Fecha Límite"), el
Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas límite y
procedimientos para radicar evidencias de reclamaciones en el marco de los Casos de Título III.
Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el
Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar evidencias de
reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF núm. 3160]
(conjuntamente con la Orden Inicial de Fecha Límite, las "Órdenes de Fecha Límite"), extendiendo
dichas fechas límite hasta el 29 de junio de 2018, a las 04:00 p.m. (AST).

---

[3]   Salvo disposición en contrario contenida en el presente documento, las citas ECF harán referencia a
documentos radicados en el marco del Caso de Quiebra Núm. 17 BK 3283-LTS.

**B.** **Evidencias de reclamaciones, procedimientos relativos a objeciones globales y objeciones a reclamaciones**

5.      Hasta la fecha, se han radicado aproximadamente 180,483 evidencias de reclamaciones contra los Deudores, que han sido registradas por Prime Clerk, LLC. Dichas evidencias de reclamaciones ascienden a un total aproximado de $43.6 billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados reclamados.

6.      De las evidencias de reclamaciones radicadas, aproximadamente 117,009 han sido radicadas en relación con el ELA, o reclasificadas como radicadas contra el ELA. Aproximadamente 53,214 evidencias de reclamaciones han sido radicadas en relación con el SRE, o reclasificadas como radicadas contra el SRE. De conformidad con las condiciones de las Órdenes de Fecha Límite, muchas de estas reclamaciones no deberían haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por la que los Deudores sean responsables, estar duplicadas en relación con otras evidencias de reclamaciones o no aportar información necesaria para que los Deudores determinen si la reclamación es válida.

7.      Para resolver eficazmente el mayor número posible de las evidencias de reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) conceda el remedio relacionado* [ECF núm. 4052] (la "Moción de Procedimientos Globales"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden que A) aprueba procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la*

4

regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado [ECF núm. 4230]; *Procedimientos relativos a Objeciones Globales* [ECF núm. 4230-1] (conjuntamente, los "Procedimientos Iniciales relativos a Objeciones Globales"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [ECF núm. 4381] (la "Orden de Notificación").

8.       En aras del interés constante por resolver eficazmente cualesquiera evidencias de reclamaciones innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de vista en relación con una Orden que A) apruebe Procedimientos Enmendados relativos a Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF núm. 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden que A) aprueba Procedimientos Enmendados relativos a Objeciones Globales, B) exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas de notificación adicionales y D) concede el remedio relacionado* [ECF núm. 7440] (los "Procedimientos Enmendados relativos a Objeciones Globales").

9.       Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal ha celebrado hasta la

fecha más de 15 vistas y ha dictado órdenes sobre más de 310 objeciones globales radicadas por
el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la
Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT"), la Autoridad de Energía
Eléctrica de Puerto Rico (la "AEE"), la Autoridad de Edificios Públicos de Puerto Rico y/o el SRE.
Sobre la base de las resoluciones y órdenes del Tribunal dictadas hasta la fecha, aproximadamente
100,649 reclamaciones que reivindicaban $43.0 billones en responsabilidad contra el ELA,
COFINA, la ACT, la AEE, la AEP y el SRE fueron rechazadas y retiradas del registro de
reclamaciones en el marco de los procedimientos radicados conforme al Título III.

10.     Esta Tricentésima septuagésima novena objeción global se radica de conformidad
con los Procedimientos Enmendados relativos a Objeciones Globales del Tribunal.

### OBJECIONES A EVIDENCIAS DE RECLAMACIONES

11.     Los Procedimientos Enmendados relativos a Objeciones Globales permiten a los
Deudores radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las
bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de
Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas
establecidas en los Procedimientos Enmendados relativos a Objeciones Globales.

12.     La Tricentésima septuagésima novena objeción global pretende rechazar, de
conformidad con los Procedimientos Enmendados relativos a Objeciones Globales, reclamaciones
que tratan de recuperar montos por los que los Deudores no son responsables parcialmente, según
se expone en el **Anexo A** del presente documento (conjuntamente, las "Reclamaciones que han de
ser rechazadas parcialmente").

13.     Las reclamaciones que sean "inejecutables contra el deudor y los bienes de este, en
virtud de cualquier contrato o normativa legal aplicable" deben rechazarse. Título 11 U.S.C., §
502(b)(1). Cada una de las Reclamaciones que han de ser rechazadas parcialmente busca alegar,

en parte, responsabilidades vinculadas con determinados litigios iniciados por varios demandantes, radicados contra el ELA, una de sus agencias integrantes y/o una de sus instrumentalidades. Sin embargo, sobre la base de las evidencias de reclamaciones principales radicadas en nombre de los demandantes en el marco de dichos litigios, los reclamantes asociados con las Reclamaciones que han de ser rechazadas parcialmente no son los demandantes que figuran en los litigios que alegan.

14. Más concretamente, los reclamantes objeto de la Tricentésima septuagésima novena objeción global alegan responsabilidades vinculadas con los siguientes Litigios: 1) *Jeannette Abrams Diaz et al. c. el Departamento de Transportación y Obras Públicas*, Caso núm. KAC-2005-5021 ("Abrams Diaz"); 2) *Francisco Beltrán Cintrón et al. c. el Departamento de la Familia de Puerto Rico*, Caso núm. KAC-2009-0809 ("Beltrán Cintrón"); 3) *Juan Pérez Colón et al. c. el Departamento de Transportación y Obras Públicas*, Caso núm. KAC1990-0487 ("Pérez Colón"); 4) *Frente Unido de Policías Organizados et al. c. el Departamento de Policía de Puerto Rico*, Caso núm. KAC-2007-4170 ("FUPO"); 5) *Alfredo Maldonado Colón et al. c. el Departamento de Corrección y Rehabilitación de Puerto Rico*, Caso núm. KAC-1996-1381 ("Maldonado Colón"); 6) *Madeline Acevedo Camacho et al. c. el Departamento de la Familia de Puerto Rico, núm.* 2016-05-1340 ("Acevedo Camacho"); y 7) *Prudencia Acevedo Arocho, et al. c. el Departamento de Hacienda de Puerto Rico* ("Acevedo Arocho") (conjuntamente, los "Litigios"). Los abogados que representan a todos los demandantes en cada uno de los Litigios radicaron evidencias de reclamaciones principales en nombre de todos los demandantes en los Litigios (conjuntamente, las "Reclamaciones Principales").

15. La Reclamación Principal Abrams Diaz identifica al "Grupo de Demandantes Abrams Diaz" como acreedor y alega responsabilidades por un monto de más de $40 millones vinculadas con un litigio ante el tribunal del estado radicado por empleados del Departamento de

Transportación y Obras Públicas (el "DTOP"). En dicha reclamación, el Grupo de Demandantes

Abraham Diaz alega que el DTOP no pagó a los demandantes los salarios correspondientes como

resultado de la implementación indebida del "Memorándum General núm. 5-86" de la Oficina de

Personal de Servicios Públicos" (el "Memorándum"). Según los demandantes, dicho Memorándum

estipuló un método para ajustar salarios y beneficios que estaba en violación del principio de

misma paga por igual trabajo. El abogado que representa a cada uno de los demandantes del Grupo

de Demandantes Abrams Diaz radicó la Reclamación Principal Abrams Diaz en nombre de todos

los miembros de ese grupo. El abogado también presentó una *Declaración verificada conforme a*

*las RFPQ de 2019 del Grupo de Demandantes Abrams Diaz* [ECF núm. 3505] en la que

proporcionó el nombre, la dirección y el monto del interés económico divulgable de cada miembro

del grupo de demandantes.

16.     Las Reclamaciones Principales Beltrán Cintrón alegan responsabilidades asociadas

con una demanda radicada ante el Tribunal de Primera Instancia de Puerto Rico por los empleados

del Departamento de la Familia de Puerto Rico (el "DF"), donde se alega que el DF no pagó a los

demandantes los salarios adecuados como consecuencia de la implementación indebida del

Memorándum. Las Reclamaciones Principales Beltrán Cintrón alegan responsabilidades por un

monto aproximado de $105 millones vinculadas con el pago de supuestos salarios atrasados y

aportaciones a pensiones supuestamente impagadas, nombran como acreedor al "Grupo de

Demandantes Beltrán Cintrón", y fueron radicadas por el abogado que representa a todos los

demandantes en el litigio. Las Reclamaciones Principales Beltrán Cintrón adjuntan como

documentación justificativa un cuadro que identifica a cada demandante del Grupo de

Demandantes Beltrán Cintrón. Además, el abogado que representa a todos los demandantes

presentó una *Declaración verificada conforme a las RFPQ de 2019 del Grupo de Demandantes*

8

*Beltrán Cintrón* [ECF núm. 3403] en la que proporcionó el nombre, la dirección y el monto del interés económico divulgable de cada miembro del grupo de demandantes.

17.     La Reclamación Principal Pérez Colón alega responsabilidades asociadas con una demanda radicada ante el Tribunal de Primera Instancia de Puerto Rico por los empleados del DTOP, donde se alega que el DTOP no pagó los salarios adecuados conforme al Memorándum. La Reclamación Principal Pérez Colón identifica como acreedor al "Grupo de Demandantes Pérez Colón" y alega responsabilidades por un monto aproximado de $3 millones asociadas con el pago de supuestos salarios atrasados. El abogado que representa a todos los demandantes en el litigio radicó las Reclamaciones Principales Pérez Colón en nombre de todos los miembros del Grupo de Demandantes Pérez Colón. El abogado también presentó una *Declaración verificada conforme a las RFPQ de 2019 del Grupo de Demandantes Pérez Colón* [ECF núm. 3506] en la que proporcionó el nombre, la dirección y el monto del interés económico divulgable de cada miembro del grupo de demandantes.

18.     La Reclamación Principal FUPO alega responsabilidades vinculadas con una demanda radicada ante el Tribunal de Primera Instancia de Puerto Rico por miembros de FUPO y el Concilio Nacional de Policías ("CONAPOL"), y alegó que el Superintendente del Departamento de Policía de Puerto Rico no implementó la Ley núm. 227 de 2004, que establece aumentos de salario para los empleados del Departamento de Policía. La Reclamación Principal FUPO, que fue radicada por Concilio Nacional de Policías, Inc., en nombre de todos los demandantes en el litigio, alega responsabilidades por un monto de $280 millones asociadas con aumentos salariales no pagados y adjunta un cuadro donde se identifica a cada demandante del litigio.

19.     La Reclamación Principal Maldonado Colón alega responsabilidades asociadas con una demanda radicada ante el Tribunal de Primera Instancia de Puerto Rico por empleados del

Departamento de Corrección y Rehabilitación (el "DCR") de Puerto Rico. En ella, los demandantes
sostienen que se les adeudan aumentos salariales no pagados estipulados en, entre otros, varias
órdenes administrativas del DCR. El 28 de septiembre de 2002, se dictó sentencia a favor de los
demandantes. La Reclamación Principal Maldonado Colón, que alega responsabilidades por un
monto aproximado de $18 millones asociadas con pagos pendientes adeudados conforme a la
sentencia del tribunal, fue radicada en nombre de todos los demandantes en el litigio y adjunta un
cuadro donde se identifica a cada uno de los demandantes en el litigio.

20.    Las Reclamaciones Principales Acevedo Camacho alegan responsabilidades
asociadas con una demanda radicada ante el Tribunal de Primera Instancia de Puerto Rico por los
empleados del Departamento de la Familia de Puerto Rico (el "DF"), en la que se alega que los
empleados tenían derecho a un pago de salarios atrasados debido a la implementación ilegal por
parte del Departamento de la Familia del "Memorándum General núm. 5-86" de la Oficina de
Personal de Servicios Públicos. Las Reclamaciones Principales Acevedo Camacho se radicaron en
nombre del "Grupo de Demandantes Acevedo Camacho" y alegan aproximadamente $50 millones
en concepto de responsabilidades asociadas con los supuestos salarios atrasados y aportaciones a
pensiones supuestamente no pagadas. El abogado que representa a todos los demandantes en el
litigio radicó las Reclamaciones Principales Acevedo Camacho. Las Reclamaciones Principales
Acevedo Camacho incluyen, entre otras cosas, una gráfica que identifica a cada demandante del
Grupo de Demandantes Acevedo Camacho. El abogado que representa al Grupo de Demandantes
Acevedo Camacho también presentó una *Declaración verificada conforme a las RFPQ de 2019
del Grupo de Demandantes Acevedo Camacho* [ECF núm. 3406] en la que proporcionó el nombre,
la dirección y el monto del interés económico divulgable de cada miembro del grupo de
demandantes.

21.     Las Reclamaciones Principales Acevedo Arocho alegan responsabilidades asociadas con una demanda ante un tribunal del estado radicada por empleados del Departamento de Hacienda ("Hacienda"), donde se alega que Hacienda no pagó a los demandantes los salarios adecuados como consecuencia del Memorándum. Cada una de las Reclamaciones Principales Acevedo Arocho alega responsabilidades por un monto de más de $20 millones vinculadas con el pago de supuestos salarios atrasados y aportaciones a pensiones supuestamente impagadas, nombran como acreedor al "Grupo de Demandantes Acevedo Arocho", y fueron radicadas por el abogado que representa a todos los demandantes del Grupo de Demandantes Acevedo Arocho. La demanda ante el tribunal del estado y un cuadro que identifica a cada demandante del Grupo de Demandantes Acevedo Arocho se incluyen como documentación justificativa en las Reclamaciones Principales Acevedo Arocho. Además, el abogado que representa a todos los demandantes presentó una *Declaración verificada conforme a las RFPQ de 2019 del Grupo de Demandantes Acevedo Arocho* [ECF núm. 3402] en la que proporcionó el nombre, la dirección y el monto del interés económico divulgable de cada miembro del grupo de demandantes.

22.     Como se describió anteriormente, cada Reclamación Principal o bien adjunta un cuadro o una lista que identifica a todos los demandantes que figuran en los Litigios, o bien adjunta las radicaciones en el marco de los Litigios que incluyen las listas, los cuadros o los epígrafes que identifican a todos los demandantes mencionados.  En cada caso, los nombres de los vinculados con las Reclamaciones que han de ser rechazadas no aparecen en ningún momento en las listas, los cuadros o los epígrafes que se incluyen en la Reclamación Principal ni en la Declaración Verificada correspondiente.

23.     En consecuencia, los reclamantes vinculados con las Reclamaciones que han de ser rechazadas no son demandantes en los Litigios, y los Deudores, por lo tanto, no son responsables

ante esos reclamantes por las porciones de las Reclamaciones que han de ser rechazadas parcialmente que reclaman responsabilidades vinculadas a los Litigios. El ELA y el SRE no son responsables por aquellas partes de las Reclamaciones que han de ser rechazadas parcialmente que alegan responsabilidades vinculadas con los Litigios. Además, incluso si los titulares de las Reclamaciones que han de ser rechazadas parcialmente fueran partes en los Litigios, las responsabilidades alegadas se incluirían en las Reclamaciones Principales. Si las Reclamaciones que han de ser rechazadas parcialmente no son rechazadas parcialmente, ello resultaría en que los correspondientes reclamantes obtuvieran potencialmente una recuperación adicional no justificada en detrimento de otras partes interesadas en dichos Casos de Título III.

24.     Cada una de las Reclamaciones que han de ser rechazadas parcialmente también pretende alegar responsabilidades adicionales no asociadas con los Litigios, como las bases adicionales para los pagos atrasados de salarios que no están incluidas en los Litigios. Los titulares de las Reclamaciones que han de ser rechazadas parcialmente no se verán perjudicados en cuanto a los montos restantes adeudados que no sean objeto de la Tricentésima septuagésima novena objeción global porque cada uno de los reclamantes mantendrá una reclamación restante (conjuntamente, las "Reclamaciones Restantes") contra los Deudores en relación con tales responsabilidades adicionales, según se expone en el Anexo A del presente documento. Puesto que esta Tricentésima septuagésima novena objeción global a las Reclamaciones que han de ser rechazadas parcialmente no constituye una objeción a las Reclamaciones Restantes, los Deudores se reservan los derechos a objetar a las Reclamaciones Restantes sobre la base de cualesquiera otros motivos que fueren.

25.     En apoyo de lo anterior, los Deudores invocan la *Declaración de Jay Herriman en apoyo de la Tricentésima septuagésima novena objeción global (sustantiva) del Estado Libre*

*Asociado de Puerto Rico  y del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico a Reclamaciones por litigios en las que no existe responsabilidad parcialmente*, de fecha 20 de agosto de 2021, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

26.      De conformidad con los Procedimientos relativos a Objeciones Globales y la Orden de Notificación del Tribunal, los Deudores han notificado la presente Tricentésima septuagésima novena objeción global a) a los acreedores individuales objeto de esta Tricentésima septuagésima novena objeción global, b) al U.S. Trustee, y c) a la Lista maestra de notificaciones (según se define en los *Procedimientos de administración de casos enmendados núm. 15* [ECF núm. 17127-1]), disponibles en el sitio web de casos de los Deudores, en https://cases.primeclerk.com/puertorico.  Una copia de la notificación relativa a esta Tricentésima septuagésima novena objeción global se adjunta al presente como Anexo C. Las traducciones al español de la Tricentésima septuagésima novena objeción global y de la totalidad de los anexos adjuntos al presente se están radicando con la presente objeción y se trasladarán a las partes. Los Deudores sostienen que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

## AUSENCIA DE SOLICITUDES PREVIAS

27.      No se ha radicado ninguna solicitud de remedio previa a la presente Tricentésima septuagésima novena objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.

[*El resto de la página se deja en blanco intencionadamente.*]

13

POR LO QUE los Deudores solicitan respetuosamente que se dicte una orden, esencialmente en la forma de la Orden Propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda a los Deudores cualesquiera otros remedios que se consideren justos.

Fecha: 20 de agosto de 2021
San Juan (Puerto Rico)

Respetuosamente sometida,

[*Firma en la versión en inglés*]
Hermann D. Bauer
USDC núm. 215205
Carla García-Benítez
USDC núm. 203708
Gabriel A. Miranda
USDC núm. 306704
**O'NEILL & BORGES LLC**
250 Avenida Muñoz Rivera, local 800
San Juan, PR 00918-1813
Tel.: (787) 764-8181
Fax: (787) 753-8944

[*Firma en la versión en inglés*]
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel.: (212) 969-3000
Fax: (212) 969-2900

*Abogados de la Junta de Supervisión y Administración Financiera para Puerto Rico, como representante del Estado Libre Asociado de Puerto Rico y del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico.*