## **EXHIBIT B**

**Declaration of Jay Herriman**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                            Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth and ERS.** |

**DECLARATION OF JAY HERRIMAN IN SUPPORT OF THE THREE HUNDRED SEVENTY-NINTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO AND THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO PARTIAL NO LIABILITY LITIGATION CLAIMS**

       I, Jay Herriman, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

       1.      I am a Managing Director of Alvarez & Marsal North America, LLC ("A&M"). The Financial Oversight and Management Board (the "Oversight Board") retained A&M to assist with, *inter alia*, the claims reconciliation process for the Debtors' (as defined below) cases filed

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations)

pursuant to the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"). Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

2. In my capacity as a Managing Director of A&M, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' (as defined below) cases filed pursuant to PROMESA. The Debtors' ongoing claims reconciliation process involves the collective effort of a team of A&M employees, as well as Proskauer Rose LLP and O'Neill & Borges LLC, counsel for the Oversight Board, the legal representative for the Commonwealth of Puerto Rico (the "Commonwealth") and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the Commonwealth, the "Debtors").

3. I submit this declaration in support of the *Three Hundred Seventy-Ninth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Partial No Liability Litigation Claims* (the "Three Hundred Seventy-Ninth Omnibus Objection"). I have personally reviewed the Three Hundred Seventy-Ninth Omnibus Objection and exhibits thereto and am, accordingly, familiar with the information contained therein.

4. In preparation for filing the Three Hundred Seventy-Ninth Omnibus Objection, and under my direction and/or supervision, each of the claims at issue in the Three Hundred Seventy-Ninth Omnibus Objection was carefully reviewed and analyzed in good faith using due diligence by the appropriate personnel. These efforts resulted in the identification of the claims to be partially disallowed, as identified in Exhibit A to the Three Hundred Seventy-Ninth Omnibus Objection.

5. To the best of my knowledge, information, and belief, the claims identified in **Exhibit A** to the Three Hundred Seventy-Ninth Omnibus Objection (collectively, the "Claims to Be Partially Disallowed") purport to assert, in part, liabilities associated with certain multi-plaintiff Litigations[2] brought against the Commonwealth, one of its component agencies, and/or one of its instrumentalities. Each of the Master Claims either attached a chart or a list identifying all plaintiffs named in the Litigations, or attached filings in the Litigations that included lists, charts, or captions identifying all named plaintiffs. In each instance, the names of the claimants associated with the Claims to Be Disallowed do not appear in the lists, charts or captions included in the corresponding Master Claim or in the corresponding Verified Statement, and the claimants are therefore not plaintiffs in the Litigations. Accordingly, the Commonwealth and ERS are not liable for the portions of the Claims to Be Partially Disallowed that assert liabilities associated with the Litigations. Further, even if the holders of the Claims to Be Partially Disallowed were parties to the Litigations, the liabilities asserted would be subsumed within the Master Claims. Any failure to partially disallow the Claims to Be Partially Disallowed will therefore result in the applicable claimants potentially receiving an unwarranted additional recovery to the detriment of other stakeholders in these Title III Cases.

6. Each of the Claims to Be Partially Disallowed also purports to assert additional liabilities not associated with the Litigations, such as additional bases for back pay that are not subsumed within any of the Litigations. The holders of the Claims to Be Partially Disallowed will each retain a remaining claim (collectively, the "Remaining Claims") against the Debtors in respect of such additional liabilities, as set forth on Exhibit A hereto.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Three Hundred Seventy-Ninth Omnibus Objection.

3

7. Based on the foregoing, and to the best of my knowledge, information, and belief, the information contained in the Three Hundred Seventy-Ninth Omnibus Objection and exhibits thereto is true and correct, and the relief requested therein is in the best interests of the Debtors and their creditors.

8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: August 20, 2021

By: /s/ Jay Herriman
     Jay Herriman

# **ANEXO B**

**Declaración de Jay Herriman**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*: <br><br> JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, <br><br>      como representante del <br><br> ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*., <br><br>                                 Deudores.[1] | PROMESA <br> Título III <br><br> Núm. 17 BK 3283-LTS <br><br> (Administrado Conjuntamente) <br><br> **La presente radicación guarda relación con el ELA y el SRE.** |

**DECLARACIÓN DE JAY HERRIMAN EN APOYO DE LA TRICENTÉSIMA SEPTUAGÉSIMA NOVENA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y DEL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES POR LITIGIOS EN LAS QUE NO EXISTE RESPONSABILIDAD PARCIALMENTE**

Yo, Jay Herriman, de conformidad con el Título 28 U.S.C., § 1746, por medio de la presente declaro, so pena de incurrir en falso testimonio, que lo que sigue es veraz y correcto a mi leal saber y entender:

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático)

1. Soy director general de Alvarez & Marsal North America, LLC ("A&M"). La Junta de Supervisión y Administración Financiera (la "Junta de Supervisión") contrató a A&M para que le ayudara, entre otras cosas, con el proceso de reconciliación de reclamaciones en relación con los casos de los Deudores (según se define abajo) radicados conforme a la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"). Salvo disposición en contrario en la presente declaración, tengo conocimiento personal de los hechos aquí expuestos.

2. En mi capacidad de director general de A&M, soy una de las personas responsables de supervisar el proceso de reconciliación y objeciones relativo a las reclamaciones en el marco de los casos de los Deudores (según se define abajo) radicados conforme a PROMESA. El proceso continuo de reconciliación de reclamaciones de los Deudores implica un esfuerzo colectivo de un equipo de los empleados de A&M, así como de Proskauer Rose LLP y de O'Neill & Borges LLC, abogados de la Junta de Supervisión, el representante legal del Estado Libre Asociado de Puerto Rico (el "ELA") y del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE", y junto con el ELA, los "Deudores").

3. Realizo esta declaración en apoyo de la *Tricentésima septuagésima novena objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico y del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico a Reclamaciones por litigios en las que no existe responsabilidad parcialmente* (la "Tricentésima septuagésima novena objeción global"). He revisado personalmente la Tricentésima septuagésima novena objeción global, y los anexos relativos a la misma, por lo que estoy familiarizado con la información que contienen.

4. Durante el proceso de preparación para radicar la Tricentésima septuagésima novena objeción global, bajo mi dirección y/o supervisión, cada una de las reclamaciones

2

controvertidas en la Tricentésima septuagésima novena objeción global fue examinada y analizada cuidadosamente de buena fe aplicando la debida diligencia por parte del personal pertinente. Dichos esfuerzos resultaron en la identificación de las reclamaciones que han de ser rechazadas parcialmente, según se identifica en el <u>Anexo A</u> de la Tricentésima septuagésima novena objeción global.

5. A mi leal saber y entender, las reclamaciones identificadas en el **<u>Anexo A</u>** de la Tricentésima septuagésima novena objeción global (conjuntamente, las "<u>Reclamaciones que han de ser rechazadas parcialmente</u>") pretenden alegar, en parte, responsabilidades vinculadas con determinados Litigios[2] iniciados por varios demandantes, radicados contra el ELA, una de sus agencias integrantes y/o una de sus instrumentalidades. Cada Reclamación Principal o bien adjuntaba un cuadro o una lista que identifica a todos los demandantes que figuran en los Litigios, o bien adjuntaba las radicaciones en el marco de los Litigios que incluyen las listas, los cuadros o los epígrafes que identifican a todos los demandantes mencionados. Los nombres de los reclamantes vinculados con las Reclamaciones que han de ser rechazadas no aparecen en ningún momento en las listas, los cuadros o los epígrafes que se incluyen en la Reclamación Principal ni en la Declaración Verificada correspondiente, y los reclamantes, por lo tanto, no son demandantes en los Litigios. En consecuencia, el ELA y el SRE no son responsables por aquellas partes de las Reclamaciones que han de ser rechazadas parcialmente que alegan responsabilidades vinculadas con los Litigios. Además, incluso si los titulares de las Reclamaciones que han de ser rechazadas parcialmente fueran partes en los Litigios, las responsabilidades alegadas se incluirían en las Reclamaciones Principales. Si las Reclamaciones que han de ser rechazadas parcialmente no son

---

[2] Los términos en mayúscula utilizados que no estén definidos en el presente documento tendrán el significado que les haya sido atribuido en la Tricentésima septuagésima novena objeción global.

rechazadas parcialmente, ello resultaría en que los correspondientes reclamantes obtuvieran potencialmente una recuperación adicional no justificada en detrimento de otras partes interesadas en dichos Casos de Título III.

6. Cada una de las Reclamaciones que han de ser rechazadas parcialmente también pretende alegar responsabilidades adicionales no asociadas con los Litigios, como las bases adicionales para los pagos atrasados de salarios que no están incluidas en los Litigios. cada uno de los titulares de las Reclamaciones que han de ser rechazadas parcialmente mantendrá una reclamación restante (conjuntamente, las "Reclamaciones Restantes") contra los Deudores en relación con tales responsabilidades adicionales, según se expone en el Anexo A del presente documento.

7. Sobre la base de lo que antecede, y a mi leal saber y entender, la información contenida en la Tricentésima septuagésima novena objeción global y en sus anexos es veraz y correcta, y el remedio allí solicitado redunda en el mejor interés de los Deudores y de sus acreedores.

8. Declaro, so pena de incurrir en falso testimonio conforme a las leyes de los Estados Unidos de América, que lo que antecede es veraz y correcto a mi leal saber y entender.

Fecha: 20 de agosto de 2021

Por: [*Firma en la versión en inglés*]
Jay Herriman