Hearing Date:  October 6, 2021 at 9:30AM (Atlantic Standard Time)
Response Deadline: September 20, 2021 at 4:00PM (Atlantic Standard Time)

---

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

---

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                       Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth, ERS, HTA, and PBA.** |

### THREE HUNDRED EIGHTIETH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY TO EMPLOYEE CLAIMS ASSERTING LIABILITIES OWED BY ENTITIES THAT ARE NOT TITLE III DEBTORS

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), the Puerto Rico Highways and Transportation Authority ("HTA"), and the Puerto Rico Public Buildings Authority ("PBA," and together with the Commonwealth, ERS, and HTA, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' sole Title III representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] file this three hundred eightieth omnibus objection (the "Three Hundred Eightieth Omnibus Objection") seeking to disallow the proofs of claim listed on **Exhibit A** hereto, each of which asserts liabilities associated with allegedly unpaid wages or other employment benefits purportedly owed by entities that are not Title III debtors, but which fails to comply with the applicable rules by not providing a basis for purporting to assert a claim against the Commonwealth, ERS, HTA, PBA, or any other Title III Debtor.  In support of the Three Hundred Eightieth Omnibus Objection, the Debtors respectfully represent as follows:

## JURISDICTION

1.      The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

## BACKGROUND

**A.     The Bar Date Orders**

3.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case").   On May 21, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for ERS and HTA, pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "ERS Title III Case" and "HTA Title III Case," respectively). On September 27, 2019, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for PBA, pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "PBA Title III Case," and together with the Commonwealth Title III Case, the ERS Title III Case, and the HTA Title III Case, the "Title III Cases").   On June 29, 2017 and October 9, 2019, the Court entered orders granting the joint administration of the Title III Cases for procedural purposes only.  ECF No. 537, ECF No. 8829.[3]

4.      On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255] (the "Bar Date Motion").  Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief

---

[3] Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases.  Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order, the "Commonwealth, ERS, and HTA Bar Date Orders"), extending these deadlines to June 29, 2018 at 4:00 p.m. (Atlantic Time).

5.      On February 11, 2020, PBA filed its *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 36 in 19-BK-5523-LTS] (the "PBA Bar Date Motion").  Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 55 in 19-BK-5523-LTS] (the "Initial PBA Bar Date Order"), the Court granted the relief requested in the PBA Bar Date Motion and established deadlines and procedures for filing proofs of claim in the PBA Title III Case.  In light of the public health emergency created by the spread of COVID-19, the Court subsequently extended this deadline to and including July 29, 2020 at 4:00 p.m. (Atlantic Time), by the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 13403] (together with the PBA Initial Bar Date Order, the "PBA Bar Date Orders," and together with the Commonwealth, ERS, and HTA Bar Date Orders, the "Bar Date Orders").

**B.      Proofs of Claims Filed, Omnibus Objection Procedures, and Claim Objections**

6.      To date, approximately 180,483 proofs of claim have been filed against the Debtors and logged by Prime Clerk, LLC.  Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

7.  Of the proofs of claim filed, approximately 117,009 have been filed in relation to, or reclassified to be asserted against, the Commonwealth.  Approximately 53,214 proofs of claim have been filed in relation to, or reclassified to be asserted against, ERS.  Additionally, approximately 2,268 proofs of claim have been filed in relation to, or reclassified to be asserted against HTA.  And approximately 391 proofs of claim have been filed in relation to PBA.  In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable, being duplicative of other proofs of claim, or failing to provide information necessary for the Debtors to determine whether the claim is valid.

8.  In order to efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion").  The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018.  *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures").  On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures.  *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

9.  In the continued interest of resolving any unnecessary proofs of claim in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other

things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, and to approve additional forms of notice. *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091]. On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

10.     Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, to date the Court has held over 15 hearings and entered orders on over 310 omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), HTA, the Puerto Rico Electric Power Authority ("PREPA"), PBA, and/or ERS. Based upon rulings and orders of the Court to date, approximately 100,649 claims asserting $43.0 trillion in liability against the Commonwealth, COFINA, HTA, PREPA, PBA, and ERS have been disallowed and expunged from the claims registry in the Title III proceedings.

11.     This Three Hundred Eightieth Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

## OBJECTIONS TO PROOFS OF CLAIM

12.     The Amended Omnibus Objection Procedures allow the Debtors to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), in addition to other substantive bases set forth in the Amended Omnibus Objection Procedures.

13.     The Three Hundred Eightieth Omnibus Objection seeks to disallow, in accordance
with the Amended Omnibus Objection Procedures, claims that seek recovery for allegedly unpaid
wages or other employment benefits purportedly owed by entities that are not Title III debtors,
each as set forth on **Exhibit A** hereto (collectively, the "Claims to Be Disallowed").

14.     Claims that are "unenforceable against the debtor and property of the debtor, under
any agreement or applicable law" should be disallowed.  11 U.S.C. § 502(b)(1).  The Claims to Be
Disallowed assert liabilities for allegedly unpaid wages or other employment benefits purportedly
owed by, for example, the Puerto Rico Land Authority, the Puerto Rico Sugar Corporation, or the
Puerto Rico Telephone Company. Not one of these entities is a Title III Debtor.  Rather, the Puerto
Rico Land Authority is a separate entity, legally distinct from the Commonwealth, ERS, HTA,
PBA, and each of the other Title III Debtors.  Further, the Puerto Rico Sugar Corporation and the
Puerto Rico Telephone Company are former government entities which have been privatized and
which are no longer in existence.  None of the Claims to Be Disallowed provide a basis for
asserting a claim against either the Commonwealth, ERS, HTA, PBA, or any of the other Title III
Debtors in respect of amounts owed by any of the entities asserted.  Accordingly, each of the
Claims to Be Disallowed fails to comply with the applicable rules because each does not provide
a basis for asserting a claim against either the Commonwealth, ERS, HTA, PBA, or any other Title
III Debtor for amounts owed by separate, legally distinct entities, or by former governmental
entities.  Because of this failure to comply with the applicable rules, neither the Debtors nor the
Court are able to determine the validity of the Claims to Be Disallowed, and the Debtors
respectfully request that the Court disallow the Claims to Be Disallowed in their entirety.

15.     In support of the foregoing, the Debtors rely on the *Declaration of Jay Herriman
in Support of the Three Hundred Eightieth Omnibus Objection (Substantive) of the Commonwealth*

7

*of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Puerto Rico Public Buildings Authority to Employee Claims Asserting Liabilities Owed by Entities That Are Not Title III Debtors*, dated August 20, 2021, attached hereto as **Exhibit B**.

## NOTICE

16.     In accordance with the Amended Omnibus Objection Procedures and the Court's Notice Order, the Debtors are providing notice of this Three Hundred Eightieth Omnibus Objection to (a) the individual creditors subject to this Three Hundred Eightieth Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Fifteenth Amended Case Management Procedures* [ECF No. 17127-1]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico.   The notice for this Three Hundred Eightieth Omnibus Objection is attached hereto as **Exhibit C**.  Spanish translations of the Three Hundred Eightieth Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## RESERVATION OF RIGHTS

17.     This Three Hundred Eightieth Omnibus Objection is limited to the grounds stated herein.  Accordingly, it is without prejudice to the rights of the Debtors or the rights of any other party in interest in the Title III Cases to object to the Claims or any other claims on any ground whatsoever.  The Debtors expressly reserve all further substantive or procedural objections. Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the rights of the Debtors or any other party in interest in the Title III Cases to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to

assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy
Code; or (e) a waiver of the rights of the Debtors or any other party in interest in the Title III Cases
under PROMESA, the Bankruptcy Code or any other applicable law.

## <u>NO PRIOR REQUEST</u>

18.     No prior request for the relief sought in this Three Hundred Eightieth Omnibus
Objection has been made to this or any other court.


*[Remainder of page intentionally left blank.]*

WHEREFORE the Debtors respectfully request entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting the Debtors such other and further relief as is just.

Dated: August 20, 2021
     San Juan, Puerto Rico

Respectfully submitted,

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García-Benítez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944


/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Puerto Rico Public Buildings Authority*

**Fecha de la vista: 6 de octubre de 2021, a las 9:30 a.m. (AST)**
**Fecha límite para responder: 20 de septiembre de 2021 a las 4:00 p.m. (AST)**

| |
|---|
| **REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).** |

## TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
## PARA EL DISTRITO DE PUERTO RICO

| | |
|---|---|
| *In re*: | PROMESA |
| | Título III |
| JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, | Núm. 17 BK 3283-LTS |
| como representante del | (Administrado Conjuntamente) |
| ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*., | **La presente radicación guarda relación con el ELA, el SRE, la ACT y la AEP.** |
| Deudores.[1] | |

**TRICENTÉSIMA OCTOGÉSIMA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, DEL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO Y DE LA AUTORIDAD DE EDIFICIOS PÚBLICOS DE PUERTO RICO A RECLAMACIONES DE EMPLEADOS EN LAS QUE SE ALEGAN RESPONSABILIDADES DE LAS ENTIDADES QUE NO SON DEUDORES DE TÍTULO III**

---

[1]Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático).

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor Swain:

El Estado Libre Asociado de Puerto Rico (el "ELA"), el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE"), la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") y la Autoridad de Edificios Públicos de Puerto Rico ("la AEP", y junto con el ELA, el SRE y la ACT, los "Deudores"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como el único representante de Título III de los Deudores conforme a la sección 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radican esta tricentésima octogésima objeción global (la "Tricentésima octogésima objeción global") en la que se solicita que se rechacen las evidencias de reclamaciones que aparecen en el **Anexo A** del presente documento, cada una de las cuales alega responsabilidades vinculadas con supuestos salarios no pagados u otros beneficios laborales supuestamente adeudados por entidades que no son deudores de Título III, pero que incumple las normas aplicables al no proporcionar una base para pretender alegar una reclamación contra el ELA, el SRE, la ACT, la AEP o cualquier otro Deudor de Título III. En apoyo de la Tricentésima octogésima objeción global, los Deudores manifiestan respetuosamente lo siguiente:

## JURISDICCIÓN

1.      El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme a la sección 306(a) de PROMESA.

---

[2] PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101-2241.

2.      La sede judicial de este distrito es la competente conforme a la sección 307(a) de PROMESA.

## ANTECEDENTES

### A.      Órdenes de Fecha Límite

3.      El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el ELA conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III del ELA"). El 21 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el SRE y la ACT conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III del SRE" y el "Caso de Título III de la ACT", respectivamente). El 27 de septiembre de 2019, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para la AEP conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III de la AEP", y junto con el Caso de Título III del ELA, el Caso de Título III del SRE y el Caso de Título III de la ACT, los "Casos de Título III"). El 29 de junio de 2017 y el 9 de octubre de 2019, el Tribunal dictó órdenes por las que concedió la administración conjunta de los Casos de Título III únicamente con fines procesales. ECF núm. 537, ECF núm. 8829.[3]

---

[3] Salvo disposición en contrario contenida en el presente documento, las citas ECF harán referencia a documentos radicados en el marco del Caso de Quiebra Núm. 17 BK 3283-LTS.

4.  El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF núm. 2255] (la "Moción de Fecha Límite"). Conforme a la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF. núm. 2521] (la "Orden Inicial de Fecha Límite"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco de los Casos de Título III. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF núm. 3160] (junto con la Orden Inicial de Fecha Límite, las "Órdenes de Fecha Límite del ELA, del SRE y de la ACT"), extendiendo dichas fechas límite hasta el 29 de junio de 2018, a las 04:00 p.m. (AST).

5.  El 11 de febrero de 2020, la AEP radicó su *Moción de una orden que A) fije fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF núm. 36 en 19-BK-5523-LTS] (la "Moción de Fecha Límite de la AEP"). Conforme a la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF. núm. 55 en 19-BK-5523-LTS] (la "Orden Inicial de Fecha Límite de la AEP"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite de la AEP y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco del Caso de Título III de la AEP. En vista de la emergencia de salud pública causada por la propagación del COVID-19, el Tribunal extendió posteriormente esta fecha límite hasta el 29 de julio de 2020 (inclusive) a las 4:00 p.m. (AST) mediante la *Orden que A) extiende fechas límite para radicar evidencias de reclamaciones y B)*

4

*aprueba la forma y la manera de su notificación* [ECF núm. 13403] (junto con la Orden Inicial de

Fecha Límite de la AEP, las "<u>Órdenes de Fecha Límite de la AEP</u>", y junto con las Órdenes de

Fecha Límite del ELA, del SRE y de la ACT, las "<u>Órdenes de Fecha Límite</u>").

**B.    Evidencias de reclamaciones radicadas, procedimientos relativos a objeciones
globales y objeciones a reclamaciones**

6.    Hasta la fecha, se han radicado aproximadamente 180,483 evidencias de

reclamaciones contra los Deudores, que han sido registradas por Prime Clerk, LLC. Dichas

evidencias de reclamaciones ascienden a un total aproximado de $43.6 billones en reclamaciones

radicadas contra los Deudores, además de los montos no liquidados reclamados.

7.    De las evidencias de reclamaciones radicadas, aproximadamente 117,009 han sido

radicadas en relación con el ELA, o reclasificadas como radicadas contra el ELA.

Aproximadamente 53,214 evidencias de reclamaciones han sido radicadas en relación con el SRE,

o reclasificadas como radicadas contra el SRE. Además, aproximadamente 2,268  evidencias de

reclamaciones han sido radicadas en relación con la ACT, o reclasificadas como radicadas contra

la ACT. Además, aproximadamente 391 evidencias de reclamaciones han sido radicadas en

relación con la AEP. De conformidad con las condiciones de las Órdenes de Fecha Límite, muchas

de estas reclamaciones no deberían haber sido radicadas en absoluto o adolecen de otro tipo de

vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por la que

los Deudores sean responsables, estar duplicadas en relación con otras evidencias de reclamaciones

o no aportar información necesaria para que los Deudores determinen si la reclamación es válida.

8.    Para resolver eficazmente el mayor número posible de las evidencias de

reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su

*Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a*

5

*objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) conceda el remedio relacionado* [ECF núm. 4052] (la "Moción de Procedimientos Globales"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden que A) aprueba procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado* [ECF núm. 4230]; *Procedimientos relativos a Objeciones Globales* [ECF núm. 4230-1] (conjuntamente, los "Procedimientos Iniciales relativos a Objeciones Globales"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [ECF núm. 4381] (la "Orden de Notificación").

9.     En aras del interés constante por resolver eficazmente cualesquiera evidencias de reclamaciones innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de vista en relación con una Orden que A) apruebe Procedimientos Enmendados relativos a Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF núm. 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden que A) aprueba Procedimientos Enmendados relativos a Objeciones Globales, B)*

6

*exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas de notificación adicionales y D) concede el remedio relacionado* [ECF núm. 7440] (los "Procedimientos Enmendados relativos a Objeciones Globales").

10.    Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal ha celebrado hasta la fecha más de 15 vistas y ha dictado órdenes sobre más de 310 objeciones globales radicadas por el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la ACT, la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE"), la AEP y/o el SRE. Sobre la base de las resoluciones y órdenes del Tribunal dictadas hasta la fecha, aproximadamente 100,649 reclamaciones que reivindicaban $43.0 billones en responsabilidad contra el ELA, COFINA, la ACT, la AEE, la AEP y el SRE fueron rechazadas y retiradas del registro de reclamaciones en el marco de los procedimientos radicados conforme al Título III.

11.    Esta Tricentésima octogésima objeción global se radica de conformidad con los Procedimientos Enmendados relativos a Objeciones Globales del Tribunal.

## OBJECIONES A EVIDENCIAS DE RECLAMACIONES

12.    Los Procedimientos Enmendados relativos a Objeciones Globales permiten a los Deudores radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los Procedimientos Enmendados relativos a Objeciones Globales.

13.    La Tricentésima octogésima objeción global pretende rechazar, de conformidad con los Procedimientos Enmendados relativos a Objeciones Globales, reclamaciones que tratan de recuperar supuestos salarios no pagados u otros beneficios laborales supuestamente adeudados por

entidades que no son deudores de Título III, según se expone en el **Anexo A** del presente

documento (conjuntamente, las "Reclamaciones que han de ser rechazadas").

14.     Las reclamaciones que sean "inejecutables contra el deudor y los bienes de este, en

virtud de cualquier contrato o normativa legal aplicable" deben rechazarse. Título 11 U.S.C., §

502(b)(1). Las Reclamaciones que han de ser rechazadas alegan responsabilidades por supuestos

salarios no pagados u otros beneficios laborales supuestamente adeudados, por ejemplo, por la

Autoridad de Tierras de Puerto Rico, la Corporación Azucarera de Puerto Rico o Puerto Rico

Telephone Company. Sin embargo, ninguna de estas entidades es Deudor de Título III. Por el

contrario, la Autoridad de Tierras de Puerto Rico es una entidad aparte y distinta desde el punto

de vista jurídico del ELA, del SRE, de la ACT, de la AEP y de los demás Deudores de Título III.

La Corporación Azucarera de Puerto Rico y Puerto Rico Telephone Company eran entidades

gubernamentales, pero han sido privatizadas, por lo que ya no existen. Además, ninguna de las

Reclamaciones que han de ser rechazadas proporciona fundamento alguno para alegar

reclamaciones contra el ELA, el SRE, la ACT, la AEP o cualquier otro Deudor de Título III en

relación con los montos adeudados por cualquiera de las entidades mencionadas. En consecuencia,

ninguna de las Reclamaciones que han de ser rechazadas cumple con las normas aplicables, ya que

ninguna proporciona fundamento alguno para alegar reclamaciones contra el ELA, el SRE, la

ACT, la AEP o cualquier otro Deudor de Título III por los montos adeudados por unas entidades

aparte y jurídicamente independientes, o por anteriores entidades gubernamentales. Debido a dicho

incumplimiento de las normas aplicables, ni los Deudores ni el Tribunal pueden determinar la

validez de las Reclamaciones que han de ser rechazadas, por lo que los Deudores solicitan

respetuosamente que el Tribunal rechace en su totalidad las Reclamaciones que han de ser

rechazadas.

15.     En apoyo de lo anterior, los Deudores invocan la *Declaración de Jay Herriman en apoyo de la Tricentésima octogésima objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico, de la Autoridad de Carreteras y Transportación de Puerto Rico y de la Autoridad de Edificios Públicos de Puerto Rico a Reclamaciones de empleados en las que se alegan responsabilidades de las entidades que no son Deudores de Título III*, de fecha 20 de agosto de 2021, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

16.     De conformidad con los Procedimientos Enmendados relativos a Objeciones Globales y la Orden de Notificación del Tribunal, los Deudores notifican la presente Tricentésima octogésima objeción global a) a los acreedores individuales objeto de esta Tricentésima octogésima objeción global, b) al U.S. Trustee, y c) a la Lista maestra de notificaciones (según se define en los *Procedimientos de administración de casos enmendados núm. 15* [ECF núm. 17127-1]), disponibles en el sitio web de casos de los Deudores, en https://cases.primeclerk.com/puertorico.   La notificación de esta Tricentésima octogésima objeción global se adjunta al presente como **Anexo C**.   Las traducciones al español de la Tricentésima octogésima objeción global y de la totalidad de los anexos adjuntos al presente se están radicando con esta objeción y se trasladarán a las partes. Los Deudores sostienen que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

## RESERVA DE DERECHOS

17.     Esta Tricentésima octogésima objeción global se limita a los motivos expuestos en este documento. En consecuencia, esta se radica sin perjuicio de los derechos de los Deudores, o de los derechos de cualesquiera otras partes interesadas de los Casos de Título III, a objetar a las Reclamaciones o a cualesquiera otras reclamaciones por el motivo que fuere. Los Deudores se

reservan expresamente el derecho a radicar toda otra objeción sustantiva o procesal. Ninguna disposición contenida en el presente documento, ni ninguna acción adoptada conforme a tal remedio, tienen por objetivo, ni se interpretarán en el sentido de que: a) constituyan una admisión en cuanto a la validez de cualesquiera reclamaciones contra los Deudores; b) constituyan una renuncia a los derechos de los Deudores, o de cualesquiera otras partes interesadas en los Casos de Título III, a impugnar cualquier reclamación sobre la base de los motivos que fueren; c) constituyan una promesa o requisito para pagar cualquier reclamación; d) constituyan una solicitud o autorización a asumir cualquier acuerdo, contrato o arrendamiento anteriores a la petición conforme al artículo 365 del Código de Quiebras; o e) constituyan una renuncia a los derechos de los Deudores, o de cualesquiera otras partes interesadas en los Casos de Título III, conforme a PROMESA, el Código de Quiebras o cualquier otra normativa legal aplicable.

## AUSENCIA DE SOLICITUDES PREVIAS

18.     No se ha radicado ninguna solicitud de remedio previa a la presente Tricentésima octogésima objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.


[*El resto de la página se deja en blanco intencionadamente.*]

10

POR LO QUE los Deudores solicitan respetuosamente que se dicte una orden, esencialmente en la forma de la orden propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda a los Deudores cualesquiera otros remedios que se consideren justos.

Fecha: 20 de agosto de 2021
     San Juan (Puerto Rico)

Respetuosamente sometida,

[*Firma en la versión en inglés*]
Hermann D. Bauer
USDC núm. 215205
Carla García-Benítez
USDC núm. 203708
Gabriel A. Miranda
USDC núm. 306704
**O'NEILL & BORGES LLC**
250 Avenida Muñoz Rivera, local 800
San Juan, PR 00918-1813
Tel.: (787) 764-8181
Fax: (787) 753-8944


[*Firma en la versión en inglés*]
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel.: (212) 969-3000
Fax: (212) 969-2900

*Abogados de la*
*Junta de Supervisión y Administración*
*Financiera para Puerto Rico, como*
*representante del*
*Estado Libre Asociado de Puerto Rico,*
*del Sistema de Retiro de los Empleados*
*del Gobierno del Estado Libre Asociado*
*de Puerto Rico, de la Autoridad de*
*Carreteras y Transportación de Puerto*
*Rico y de la Autoridad de Edificios*
*Públicos de Puerto Rico.*