# **EXHIBIT B**

**Declaration of Jay Herriman**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                              Debtors.[1] | PROMESA<br>Title III<br>No. 17 BK 3283-LTS<br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth, ERS, and PBA.** |

**DECLARATION OF JAY HERRIMAN IN SUPPORT OF THE THREE HUNDRED EIGHTY-FIRST OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY TO EMPLOYEE CLAIMS ASSERTING LIABILITIES OWED BY ENTITIES THAT ARE NOT TITLE III DEBTORS**

I, Jay Herriman, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

1. I am a Managing Director of Alvarez & Marsal North America, LLC ("A&M"). The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") retained

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

A&M to assist with, *inter alia*, the claims reconciliation process for the Debtors' (as defined below) cases filed pursuant to the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA").[2] Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

2. In my capacity as a Managing Director of A&M, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' cases filed pursuant to PROMESA. The Debtors' ongoing claims reconciliation process involves the collective effort of a team of A&M employees, as well as Proskauer Rose LLP and O'Neill & Borges LLC, counsel for the Oversight Board, the legal representative for the Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA," and together with the Commonwealth and ERS, the "Debtors").

3. I submit this declaration in support of the *Three Hundred Eighty-First Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority to Employee Claims Asserting Liabilities Owed by Entities That Are Not Title III Debtors* (the "Three Hundred Eighty-First Omnibus Objection").[3] I have personally reviewed the Three Hundred Eighty-First Omnibus Objection and exhibits thereto and am, accordingly, familiar with the information contained therein.

4. In preparation for filing the Three Hundred Eighty-First Omnibus Objection, and under my direction and/or supervision, each of the claims at issue in the Three Hundred Eighty-

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Three Hundred Eighty-First Omnibus Objection.

2

First Omnibus Objection was carefully reviewed and analyzed in good faith using due diligence by the appropriate personnel, or were reviewed and analyzed by personnel of other agents retained by the Oversight Board. These efforts resulted in the identification of the claims to be disallowed, as identified in **Exhibit A** to the Three Hundred Eighty-First Omnibus Objection.

5. To the best of my knowledge, information, and belief, the claims identified in **Exhibit A** to the Three Hundred Eighty-First Omnibus Objection (collectively, the "Claims to Be Disallowed") each assert liabilities for allegedly unpaid wages or other employment benefits purportedly owed by entities that are not Title III debtors. The Claims to Be Disallowed purport to assert liabilities for wages or other employment benefits purportedly owed by the Puerto Rico Housing Finance Authority, the Puerto Rico Communication Corporation, the Government Development Bank, the Puerto Rico Aqueduct and Sewer Authority, the State Insurance Fund, the Teachers' Retirement Board, the Medical Services Administration, the Puerto Rico Sugar Corporation, the Puerto Rico Telephone Company, the Municipality of Guaynabo, or the Municipality of Bayamon. Not one of these entities is a Title III Debtor. Rather, the Puerto Rico Housing Finance Authority, the Puerto Rico Communication Corporation, the Government Development Bank, the Puerto Rico Water and Sewer Authority, the State Insurance Fund, the Teachers' Retirement Board, the Medical Services Administration, the Municipality of Guaynabo, or the Municipality of Bayamon are separate entities, legally distinct from the Commonwealth, ERS, HTA, PBA, and each of the other Title III Debtors. Further, the Puerto Rico Sugar Corporation and the Puerto Rico Telephone Company are former government entities which have been privatized and which are no longer in existence. The Claims to Be Disallowed fail to explain how or why those purported liabilities provide a basis for asserting a claim against the Commonwealth, ERS, PBA, or any other Title III Debtor. Accordingly, the Debtors are unable to

determine the validity of the Claims to Be Disallowed, and the Debtors request that the Claims to Be Disallowed be disallowed in their entirety.

6. Based on the foregoing, and to the best of my knowledge, information and belief, the information contained in the Three Hundred Eighty-First Omnibus Objection and exhibits thereto is true and correct, and the relief requested therein is in the best interests of the Debtors and their creditors.

7. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: August 20, 2021

By: /s/ Jay Herriman<br>Jay Herriman

## **ANEXO B**

**Declaración de Jay Herriman**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>    como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*.,<br><br>    Deudores.[1] | PROMESA<br>Título III<br>Núm. 17 BK 3283-LTS<br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con el ELA, el SRE y la AEP.** |

**DECLARACIÓN DE JAY HERRIMAN EN APOYO DE LA TRICENTÉSIMA OCTOGÉSIMA PRIMERA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, DEL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y DE LA AUTORIDAD DE EDIFICIOS PÚBLICOS DE PUERTO RICO A RECLAMACIONES DE EMPLEADOS EN LAS QUE SE ALEGAN RESPONSABILIDADES DE LAS ENTIDADES QUE NO SON DEUDORES DE TÍTULO III**

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático).

Yo, Jay Herriman, de conformidad con el Título 28 U.S.C., § 1746, por medio de la presente declaro, so pena de incurrir en falso testimonio, que lo que sigue es veraz y correcto a mi leal saber y entender:

1. Soy director general de Alvarez & Marsal North America, LLC ("A&M"). La Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión") contrató a A&M para que le ayudara, entre otras cosas, con el proceso de reconciliación de reclamaciones en relación con los casos de los Deudores (según se define abajo) radicados conforme a la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA").[2] Salvo disposición en contrario en la presente declaración, tengo conocimiento personal de los hechos aquí expuestos.

2. En mi capacidad de director general de A&M, soy una de las personas responsables de supervisar el proceso de reconciliación y objeciones relativo a las reclamaciones en el marco de los casos de los Deudores radicados conforme a PROMESA. El proceso continuo de reconciliación de reclamaciones de los Deudores implica un esfuerzo colectivo de un equipo de los empleados de A&M, así como de Proskauer Rose LLP y de O'Neill & Borges LLC, abogados de la Junta de Supervisión, el representante legal del Estado Libre Asociado de Puerto Rico (el "ELA"), del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") y de la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA y el SRE, los "Deudores").

3. Realizo esta declaración en apoyo de la *Tricentésima octogésima primera objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y de la Autoridad de Edificios*

---

[2] PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101-2241.

2

*Públicos de Puerto Rico a Reclamaciones de empleados en las que se alegan responsabilidades de las entidades que no son Deudores de Título III* (la "<u>Tricentésima octogésima primera objeción global</u>"). [3] He revisado personalmente la Tricentésima octogésima primera objeción global, y los anexos relativos a la misma, por lo que estoy familiarizado con la información que contienen.

4. Durante el proceso de preparación para radicar la Tricentésima octogésima primera objeción global, bajo mi dirección y/o supervisión, cada una de las reclamaciones controvertidas en la Tricentésima octogésima primera objeción global fue examinada y analizada cuidadosamente de buena fe aplicando la debida diligencia por parte del personal pertinente, o fue examinada y analizada por el personal de otros agentes contratados por la Junta de Supervisión. Dichos esfuerzos resultaron en la identificación de las reclamaciones que han de ser rechazadas, según se identifica en el **<u>Anexo A</u>** de la Tricentésima octogésima primera objeción global.

5. A mi leal saber y entender, cada una de las reclamaciones identificadas en el **<u>Anexo A</u>** de la Tricentésima octogésima primera objeción global (conjuntamente, las "<u>Reclamaciones que han de ser rechazadas</u>") alega responsabilidades por supuestos salarios no pagados u otros beneficios laborales supuestamente adeudados por las entidades que no son deudores de Título III. Las Reclamaciones que han de ser rechazadas alegan responsabilidades por salarios no pagados u otros beneficios laborales supuestamente adeudados por la Autoridad para el Financiamiento de la Vivienda, la Corporación de Comunicaciones de Puerto Rico, el Banco Gubernamental de Fomento, la Autoridad de Acueductos y Alcantarillados de Puerto Rico, el Fondo del Seguro del Estado, la Junta de Retiro para Maestros, la Administración de Servicios Médicos, la Corporación Azucarera de Puerto Rico, Puerto Rico Telephone Company, el Municipio de Guaynabo o el

---

[3] Los términos con mayúscula que no estén definidos en el presente documento tendrán el significado que les haya sido atribuido en la Tricentésima octogésima primera objeción global.

Municipio de Bayamón. Sin embargo, ninguna de estas entidades es Deudor de Título III. Por el contrario, la Autoridad para el Financiamiento de la Vivienda, la Corporación de Comunicaciones de Puerto Rico, el Banco Gubernamental de Fomento, la Autoridad de Acueductos y Alcantarillados de Puerto Rico, el Fondo del Seguro del Estado, la Junta de Retiro para Maestros, la Administración de Servicios Médicos, el Municipio de Guaynabo o el Municipio de Bayamón son entidades aparte y jurídicamente distintas del ELA, del SRE, de la ACT, de la AEP y de cada uno de los demás Deudores de Título III. La Corporación Azucarera de Puerto Rico y Puerto Rico Telephone Company eran entidades gubernamentales, pero han sido privatizadas, por lo que ya no existen. Las Reclamaciones que han de ser rechazadas no explican cómo o por qué esas supuestas responsabilidades proporcionan un fundamento para alegar una reclamación contra el ELA, el SRE, la AEP o cualquier otro Deudor de Título III. En consecuencia, los Deudores no pueden determinar la validez de las Reclamaciones que han de ser rechazadas, por lo que los Deudores solicitan que las Reclamaciones que han de ser rechazadas sean rechazadas en su totalidad.

6. Sobre la base de lo que antecede, y a mi leal saber y entender, la información contenida en la Tricentésima octogésima objeción global y en sus anexos es veraz y correcta, y el remedio allí solicitado redunda en el mejor interés de los Deudores y de sus acreedores.

7. Declaro, so pena de incurrir en falso testimonio conforme a las leyes de los Estados Unidos de América, que lo que antecede es veraz y correcto a mi leal saber y entender.

Fecha: 20 de agosto de 2021

Por: [*Firma en la versión en inglés*]
      Jay Herriman

4