## **EXHIBIT B**

**Declaration of Jay Herriman**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

**DECLARATION OF JAY HERRIMAN IN SUPPORT
OF THE THREE HUNDRED SEVENTY-SECOND OMNIBUS OBJECTION
(NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO
PARTIALLY SATISFIED AND PARTIALLY NO LIABILITY CLAIMS**

I, Jay Herriman, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

1.      I am a Managing Director of Alvarez & Marsal North America, LLC ("A&M"). The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") retained A&M to assist with, *inter alia*, the claims reconciliation process for the Debtor's (as defined

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

below) cases filed pursuant to the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA").[2] Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

2.  In my capacity as a Managing Director of A&M, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtor's cases filed pursuant to PROMESA. The Debtor's ongoing claims reconciliation process involves the collective effort of a team of A&M employees, as well as Proskauer Rose LLP and O'Neill & Borges LLC, counsel for the Oversight Board, the legal representative for the Commonwealth of Puerto Rico (the "Commonwealth," or the "Debtor").

3.  I submit this declaration in support of the *Three Hundred Seventy-Second Omnibus (Non-Substantive) Objection of the Commonwealth of Puerto Rico to Partially Satisfied and Partially No Liability Claims* (the "Three Hundred Seventy-Second Omnibus Objection").[3] I have personally reviewed the Three Hundred Seventy-Second Omnibus Objection and exhibits thereto and am, accordingly, familiar with the information contained therein.

4.  In preparation for filing the Three Hundred Seventy-Second Omnibus Objection, and under my direction and/or supervision, each of the claims at issue in the Three Hundred Seventy-Second Omnibus Objection was carefully reviewed and analyzed in good faith using due diligence by the appropriate personnel. These efforts resulted in the identification of the claims to be partially disallowed, as identified in Exhibit A to the Three Hundred Seventy-Second Omnibus Objection (collectively the "Partially Satisfied and Partially No Liability Claims").

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3] Capitalized terms used but not defined herein shall have the meanings set forth in the Three Hundred Seventy-Second Omnibus Objection.

5.      To the best of my knowledge, information, and belief, each of the claims identified on <u>Exhibit A</u> to the Three Hundred Seventy-Second Omnibus Objection purport to assert liability against the Commonwealth based on a contract entered into by the Commonwealth and/or an invoice issued by the claimant.  Additionally, to the best of my knowledge, information, and belief, the Commonwealth's records show that each of the Partially Satisfied and Partially No Liability Claims has been paid, in part, by the Commonwealth.  Accordingly, to prevent excess recoveries by the claimants, the Commonwealth requests that the Partially Satisfied and Partially No Liability Claims be partially disallowed to the extent they have been satisfied.

6.      In addition, certain of the Partially Satisfied and Partially No Liability Claims purport to assert liabilities associated with, for example, the 911 Service Governing Board, the Administration of Youth Institutions, the Metropolitan Bus Authority, the Office for the Improvement of Public Schools of Puerto Rico, the Puerto Rico Medical Services Administration, the University of Puerto Rico, the Car Accident Compensation Administration, the Puerto Rico Ports Authority, or the Puerto Rico Water and Sewer Authority.  None of these entities is a part of the Commonwealth, or is otherwise a Title III Debtor.  In addition, the Claims to Be Disallowed fail to explain how or why those purported liabilities provide a basis for asserting a claim against the Commonwealth or any other Title III Debtor.  Accordingly, the Commonwealth is unable to determine the validity of the Partially Satisfied and Partially No Liability Claims, and the Commonwealth requests that the Partially Satisfied and Partially No Liability Claims be disallowed in their entirety.

7.      To the extent the Partially Satisfied and Partially No Liability Claims purport to assert liability not subject to this objection, the claimant will retain a remaining claim for the

3

amount identified in the column titled "Modified Claim" in **Exhibit A** to the Three Hundred Seventy-Second Omnibus Objection.

8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: August 20, 2021

By: /s/ Jay Herriman
Jay Herriman

# ANEXO B

**Declaración de Jay Herriman**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*: <br><br> JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, <br><br> como representante del <br><br> ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*., <br><br> Deudores.[1] | PROMESA <br> Título III <br><br> Núm. 17 BK 3283-LTS <br><br> (Administrado Conjuntamente) <br><br> **La presente radicación guarda relación con el ELA.** |

**DECLARACIÓN DE JAY HERRIMAN EN APOYO DE
LA TRICENTÉSIMA SEPTUAGÉSIMA SEGUNDA OBJECIÓN GLOBAL
(NO SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A
RECLAMACIONES PARCIALMENTE SATISFECHAS Y PARCIALMENTE NO
VINCULADAS CON RESPONSABILIDAD**

Yo, Jay Herriman, de conformidad con el Título 28 U.S.C., § 1746, por medio de la presente declaro, so pena de incurrir en falso testimonio, que lo que sigue es veraz y correcto a mi leal saber y entender:

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

1. Soy director general de Alvarez & Marsal North America, LLC ("A&M"). La Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión") contrató a A&M para que le ayudara, entre otras cosas, con el proceso de reconciliación de reclamaciones en relación con los casos del Deudor (según se define abajo) radicados conforme a la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"). [2] Salvo disposición en contrario en la presente declaración, tengo conocimiento personal de los hechos aquí expuestos.

2. En mi capacidad de director general de A&M, soy una de las personas responsables de supervisar el proceso de reconciliación y objeciones relativo a las reclamaciones en el marco de los casos del Deudor radicados conforme a PROMESA. El proceso continuo de reconciliación de reclamaciones del Deudor implica un esfuerzo colectivo de un equipo de los empleados de A&M, así como de Proskauer Rose LLP y de O'Neill & Borges LLC, abogados de la Junta de Supervisión, el representante legal del Estado Libre Asociado de Puerto Rico (el "ELA" o el "Deudor").

3. Realizo esta declaración en apoyo de la *Tricentésima septuagésima segunda objeción global (no sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones parcialmente satisfechas y parcialmente no vinculadas con responsabilidad* (la "Tricentésima septuagésima segunda objeción global"). [3] He revisado personalmente la Tricentésima septuagésima segunda objeción global, y los anexos relativos a la misma, por lo que estoy familiarizado con la información que contienen.

---

[2] PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101-2241.

[3] Los términos en mayúscula utilizados que no estén definidos en el presente documento tendrán el significado que les haya sido atribuido en la Tricentésima septuagésima segunda objeción global.

4. Durante el proceso de preparación para radicar la Tricentésima septuagésima segunda objeción global, bajo mi dirección y/o supervisión, cada una de las reclamaciones controvertidas en la Tricentésima septuagésima segunda objeción global fue examinada y analizada cuidadosamente de buena fe aplicando la debida diligencia por parte del personal pertinente. Dichos esfuerzos resultaron en la identificación de las reclamaciones que han de ser rechazadas parcialmente, según se identifica en el Anexo A de la Tricentésima septuagésima segunda objeción global (conjuntamente, las "Reclamaciones parcialmente satisfechas y parcialmente no vinculadas con responsabilidad").

5. A mi leal saber y entender, cada una de las reclamaciones identificadas en el Anexo A de la Tricentésima septuagésima segunda objeción global pretende alegar responsabilidad contra el ELA sobre la base de un contrato celebrado por el ELA y/o una factura emitida por el reclamante. Además, a mi leal saber y entender, los datos del ELA indican que cada una de las Reclamaciones parcialmente satisfechas y parcialmente no vinculadas con responsabilidad ha sido pagada en parte por el ELA. En consecuencia, para evitar recuperaciones excesivas por parte de los reclamantes, el ELA solicita que las Reclamaciones parcialmente satisfechas y parcialmente no vinculadas con responsabilidad sean rechazadas en la medida en la que hayan sido satisfechas.

6. Además, algunas de las Reclamaciones parcialmente satisfechas y parcialmente no vinculadas con responsabilidad pretenden alegar responsabilidades vinculadas, por ejemplo, con la Junta Directiva del Servicio 911, la Administración de Instituciones Juveniles, la Autoridad Metropolitana de Autobuses, la Oficina para el Mejoramiento de las Escuelas Públicas de Puerto Rico, la Administración de Servicios Médicos de Puerto Rico, la Universidad de Puerto Rico, la Administración de Compensaciones por Accidentes de Automóviles, la Autoridad de los Puertos de Puerto Rico o la Autoridad de Acueductos y Alcantarillados de Puerto Rico. Ninguna de estas

3

entidades forma parte del ELA ni es un Deudor de Título III. Además, las Reclamaciones que han de ser rechazadas no explican cómo o por qué esas supuestas responsabilidades proporcionan un fundamento para alegar una reclamación contra el ELA o cualquier otro Deudor de Título III. En consecuencia, el ELA no puede determinar la validez de las Reclamaciones parcialmente satisfechas y parcialmente no vinculadas con responsabilidad, por lo que el ELA solicita que las Reclamaciones parcialmente satisfechas y parcialmente no vinculadas con responsabilidad sean rechazadas en su totalidad.

7. En la medida en que las Reclamaciones parcialmente satisfechas y parcialmente no vinculadas con responsabilidad pretendan alegar responsabilidad que no quede sujeta a esta objeción, el reclamante conservará una reclamación restante por el monto identificado en la columna titulada "Reclamación Modificada" en el **Anexo A** de la Tricentésima septuagésima segunda objeción global.

8. Declaro, so pena de incurrir en falso testimonio conforme a las leyes de los Estados Unidos de América, que lo que antecede es veraz y correcto a mi leal saber y entender.

Fecha: 20 de agosto de 2021

Por: [*Firma en la versión en inglés*]
Jay Herriman

4