Hearing Date:  October 6, 2021, at 9:30AM (Atlantic Standard Time)
Response Deadline: September 20, 2021 at 4:00PM (Atlantic Standard Time)

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>               Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth, ERS, PBA, and COFINA.** |

**THREE HUNDRED SIXTIETH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY, AND THE PUERTO RICO SALES TAX FINANCING CORPORATION TO DEFICIENT CLAIMS**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement

System of the Government of the Commonwealth of Puerto Rico ("ERS"), the Puerto Rico Public

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Buildings Authority ("PBA"), and the Puerto Rico Sales Tax Financing Corporation ("COFINA,"
and, together with the Commonwealth, ERS, and PBA, the "Debtors"), by and through the
Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole
Title III representative of the Debtors pursuant to section 315(b) of the *Puerto Rico Oversight,
Management, and Economic Stability Act* ("PROMESA"), [2] file this three hundred sixtieth
omnibus objection (the "Three Hundred Sixtieth Omnibus Objection") to the deficient claims
listed on **Exhibit A** hereto, and in support of the Three Hundred Sixtieth Omnibus Objection,
respectfully represent as follows:

## JURISDICTION

1.      The United States District Court for the District of Puerto Rico has subject matter
jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA
section 306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

A.      **The Bar Date Orders**

3.      On May 3, 2017, (the "Petition Date") the Oversight Board issued a restructuring
certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief
for the Commonwealth pursuant to PROMESA section 304(a), commencing a case under Title III
thereof (the "Commonwealth Title III Case").   On May 5, 2017, the Oversight Board issued a
restructuring certification pursuant to PROMESA section 104(j) and 206 and filed a voluntary
petition for relief for COFINA, pursuant to PROMESA section 304(a), commencing a case under
Title III thereof (the "COFINA Title III Case"). On May 21, 2017, the Oversight Board issued a

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

2

restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for ERS, pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "ERS Title III Case"). On September 27, 2019, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for PBA, pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "PBA Title III Case, and, together with the Commonwealth Title III Case, the COFINA Title III Case, and the ERS Title III Case, the "Title III Cases"). On October 9, 2019, the Court entered an order granting the joint administration of the Title III Cases for procedural purposes only.  ECF No. 8829.[3]

4.      On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255] (the "Bar Date Motion").  Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases.  Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order, the "Commonwealth, HTA, ERS, and COFINA Bar Date Orders"), extending these deadlines to September 22, 2018 at 4:00 p.m. (Atlantic Time).

---

[3] Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

5.     On February 11, 2020, PBA filed its *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 36 in 19-BK-5523-LTS] (the "PBA Bar Date Motion").  Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 55 in 19-BK-5523-LTS] (the "Initial PBA Bar Date Order"), the Court granted the relief requested in the PBA Bar Date Motion and established deadlines and procedures for filing proofs of claim in the PBA Title III Case.  The Court subsequently extended these deadlines to July 29, 2020 at 4:00 p.m. (Atlantic Time).  *See Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 13403] (together with the PBA Initial Bar Date Order, the "PBA Bar Date Orders," and together with the Commonwealth, HTA, ERS, and COFINA Bar Date Orders, the "Bar Date Orders").

**B.     Proofs of Claims Filed, Omnibus Objection Procedures, and Claim Objections**

6.     To date, approximately 180,483 proofs of claim have been filed against the Debtors and logged by Prime Clerk, LLC.  Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

7.     Of the proofs of claim filed, approximately 117,009 have been filed in relation to, or reclassified to be asserted against, the Commonwealth.  Over 53,200 proofs of claim have been filed in relation to, or reclassified to be asserted against, ERS.  Approximately 391 proofs of claim have been filed in relation to, or reclassified to be asserted against, PBA. Additionally, approximately 3,095 proofs of claim have been filed in relation to, or reclassified to be asserted against, COFINA.  In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable, being duplicative of other

proofs of claim, or failing to provide information necessary for the Debtors to determine whether the claim is valid.

8.      In order to efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "<u>Omnibus Procedures Motion</u>"). The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018. *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "<u>Initial Omnibus Objection Procedures</u>"). On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures. *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "<u>Notice Order</u>").

9.      In the continued interest of resolving any unnecessary proofs of claim in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, and to approve additional forms of notice. *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091]. On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice,*

*and (D) Granting Related Relief* [ECF No. 7440] (the "<u>Amended Omnibus Objection
Procedures</u>").

10.     Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus
Objection Procedures, to date the Court has held over 15 hearings and entered orders on over 310
omnibus objections filed by the Commonwealth, COFINA, the Puerto Rico Electric Power
Authority ("<u>PREPA</u>"), the Puerto Rico Highways and Transportation Authority ("<u>HTA</u>"), PBA,
and/or ERS.  Based upon rulings and orders of the Court to date, approximately 100,649 claims
asserting $43.0 trillion in liability against the Commonwealth, COFINA, PREPA, HTA, PBA, and
ERS have been disallowed and will be expunged from the claims registry in the Title III
proceedings upon entry of final orders.

11.     This Three Hundred Sixtieth Omnibus Objection is filed in accordance with the
Court's Amended Omnibus Objection Procedures.

## OBJECTIONS TO PROOFS OF CLAIM

12.     The Amended Omnibus Objection Procedures allow the Debtors to file an omnibus
objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy
Procedure 3007(d)(1)-(7), in addition to other substantive bases set forth in the Amended Omnibus
Objection Procedures.

13.     The Three Hundred Sixtieth Omnibus Objection seeks to disallow, in accordance
with Federal Rule of Bankruptcy Procedure 3007(d)(6) and the Amended Omnibus Objection
Procedures, each of the proofs of claim listed on **Exhibit A** hereto (collectively, the "<u>Deficient
Claims</u>").  Each of the Deficient Claims failed to comply with the applicable rules for filing a claim
by not providing a basis for asserting the claim against the Commonwealth, ERS, PBA, COFINA,
or any other Title III Debtor.

6

14.     Each of the Deficient Claims purports to be based on obligations owed to the
applicable claimant by the Commonwealth, ERS, or PBA, but either (i) fails to provide any
information identifying the nature or source of the obligations or explaining why the
Commonwealth, ERS, PBA, COFINA, or any other Title III Debtor is liable to the claimant, or
(ii) identifies the nature or source of the obligation, but fails to explain how the Commonwealth,
ERS, PBA, COFINA, or any other Title III Debtor is liable to the claimant.  Because of this failure
to comply with the applicable rules, neither the Debtors nor the Court are able to determine the
validity of the Deficient Claims.

15.     On August 13, 2019, the Court entered the *Order Granting in Part and Adjourning
in Part Debtors' Motion for Entry of An Order (A) Authorizing Alternative Dispute Resolution
Procedures, (B) Approving Additional Forms of Notice, (C) Approving Proposed Mailing, and (D)
Granting Related Relief* [ECF No. 8453] (the "Authorized Mailings Order"), which authorized the
Debtors to send mailings "to any claimant who has not provided sufficient information to enable
Debtors to process their claim."  Authorized Mailings Order, ¶ 3.

16.     Pursuant to the Authorized Mailings Order, "[i]f the Debtors mail the Proposed
Mailing to a claimant, and the claimant either does not respond or responds but fails to provide
sufficient information to permit Debtors to reconcile their claim, the Debtors are authorized to
object to the claim as deficient."  *Id*.

17.     In accordance with the Authorized Mailings Order, the Debtors have sent at least
one letter, substantially in the form of Exhibit 1 to the Authorized Mailings Order, to each claimant
subject to this Three Hundred Sixtieth Omnibus Objection (the "Mailing").  Each Mailing
provided, in relevant part:

> Additional information is required in order for the Debtors to
> continue with assessing your claim. The Debtors are unable to

> determine from the information you provided the basis for the claim you are attempting to assert against one or more of the Debtors.  In responding to this letter, please ensure that you provide all of the information requested and as much detail as possible about your claim.  The descriptions you put on your proof of claim were too vague for the Debtors to understand the claim you are trying to assert, so please provide more detail and do not simply copy over the same information.

*See* ECF No. 8453-1 at 2, 7.

18.     The Mailings received by the claimants subject to this Three Hundred Sixtieth Omnibus Objection directed the claimants to respond within thirty days.  *See id*.  Furthermore, the Mailings cautioned the Claimants that "[i]f you do not respond to this request and do not provide the requested information and documentation in support of your claim, the Debtors may be forced to object to your claim."  *Id*.

19.     All of the Claimants identified in **Exhibit A** failed to respond to the Mailings.

20.     Accordingly, the Commonwealth, ERS, PBA, and COFINA, as applicable, are unable to reconcile or determine the validity of the Deficient Claims.  The Deficient Claims should therefore be disallowed in their entirety.

21.     In support of the foregoing, the Debtors rely on the *Declaration of Jay Herriman in Support of the Three Hundred Sixtieth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, the Puerto Rico Public Buildings Authority, and the Puerto Rico Sales Tax Financing Corporation to Deficient Claims*, dated August 20, 2021, attached hereto as **Exhibit B**.

## NOTICE

22.     In accordance with the Amended Omnibus Objection Procedures and the Court's Notice Order, the Debtors are providing notice of this Three Hundred Sixtieth Omnibus Objection

to (a) the individual creditors subject to this Three Hundred Sixtieth Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Fifteenth Amended Case Management Procedures* [ECF No. 17127 -1]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico. The notice for this Three Hundred Sixtieth Omnibus Objection is attached hereto as **Exhibit C**. Spanish translations of the Three Hundred Sixtieth Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## RESERVATION OF RIGHTS

23.     This Three Hundred Sixtieth Omnibus Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the Debtors or the rights of any other party in interest in the Title III Cases to object to the Deficient Claims or any other claims on any ground whatsoever. The Debtors expressly reserve all further substantive or procedural objections. Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the rights of the Debtors or any other party in interest in the Title III Cases to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver of the rights of the Debtors or any other party in interest in the Title III Cases under PROMESA, the Bankruptcy Code or any other applicable law.

## NO PRIOR REQUEST

24.     No prior request for the relief sought in this Three Hundred Sixtieth Omnibus Objection has been made to this or any other court.

WHEREFORE the Debtors respectfully request entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting the Debtors such other and further relief as is just.

Dated: August 20, 2021
     San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García-Benítez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Commonwealth of Puerto Rico, the Employees Retirement System for the Government of the Commonwealth of Puerto Rico, the Puerto Rico Public Buildings Authority, and the Puerto Rico Sales Tax Financing Corporation*

Fecha de la vista: 6 de octubre de 2021, a las 9:30 a. m. (AST)
Fecha límite para responder: 20 de septiembre de 2021 a las 4:00 p. m. (AST)

---

**REVISE DETENIDAMENTE LA PRESENTE OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

---

### TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*.,<br><br>Deudores.[1] | PROMESA<br>Título III<br><br>Núm. 17 BK 3283-LTS<br><br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con el ELA, el SRE, la AEP y COFINA.** |

### TRICENTÉSIMA SEXAGÉSIMA OBJECIÓN GLOBAL (NO SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, EL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, LA AUTORIDAD DE EDIFICIOS PÚBLICOS DE PUERTO RICO Y LA CORPORACIÓN DEL FONDO DE INTERÉS APREMIANTE DE PUERTO RICO A RECLAMACIONES DEFICIENTES

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (últimos cuatro dígitos de la identificación contributiva federal: 3801) (los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor Swain:

El Estado Libre Asociado de Puerto Rico (el "ELA"), el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE"), la Autoridad de Edificios Públicos de Puerto Rico (la "AEP") y la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA", y junto con el ELA, el SRE y la AEP, los "Deudores"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como el único representante de Título III de los Deudores conforme a la sección 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"), [2] radican esta tricentésima sexagésima objeción global (la "Tricentésima sexagésima objeción global") a las reclamaciones deficientes que aparecen en el **Anexo A** del presente documento, y en apoyo de la Tricentésima sexagésima objeción global manifiestan respetuosamente lo siguiente:

## JURISDICCIÓN

1.      El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme a la sección 306(a) de PROMESA.

2.      La sede judicial de este distrito es la competente conforme a la sección 307(a) de PROMESA.

---

[2] PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101-2241.

**ANTECEDENTES**

**A.    Órdenes de Fecha Límite**

3.      El 3 de mayo de 2017 (la "Fecha de Petición"), la Junta de Supervisión emitió una

certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó

una petición voluntaria de remedio para el ELA conforme a la sección 304(a) de PROMESA,

iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III del ELA").

El 5 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración

conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de

remedio para COFINA conforme a la sección 304(a) de PROMESA, iniciando un caso conforme

al Título III de dicho cuerpo legal (el "Caso de Título III de COFINA"). El 21 de mayo de 2017,

la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones

104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el SRE conforme a

la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal

(el "Caso de Título III del SRE"). El 27 de septiembre de 2019, la Junta de Supervisión emitió

una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y

radicó una petición voluntaria de remedio para la AEP conforme a la sección 304(a) de

PROMESA, iniciando un caso conforme al Título III del dicho cuerpo legal (el "Caso de Título

III de la AEP", y junto con el Caso de Título III del ELA, el Caso de Título III de COFINA y el

Caso de Título III del SRE, los "Casos de Título III"). El 9 de octubre de 2019, el Tribunal dictó

una orden por la que concedió la administración conjunta de los Casos de Título III únicamente

con fines procesales. ECF núm. 8829.[3]

---

[3] Salvo disposición en contrario contenida en el presente documento, las citas ECF harán
referencia a documentos radicados en el marco del Caso de Quiebra Núm. 17 BK 3283-LTS.

4.      El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije fechas límite y procedimientos para radicar Evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF núm. 2255] (la "<u>Moción de Fecha Límite</u>"). Conforme a la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF núm. 2521] (la "<u>Orden Inicial de Fecha Límite</u>"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco de los Casos de Título III. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF núm. 3160] (conjuntamente con la Orden Inicial de Fecha Límite, las "<u>Órdenes de Fecha Límite del ELA, de la ACT, del SRE y de COFINA</u>"), extendiendo dichas fechas límite hasta el 22 de septiembre de 2018, a las 4:00 p. m. (AST).

5.      El 11 de febrero de 2020, la AEP radicó su *Moción de una orden que A) fije fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF núm. 36 en 19-BK-5523-LTS] (la "<u>Moción de Fecha Límite de la AEP</u>"). Conforme a la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF núm. 55 en 19-BK-5523-LTS] (la "<u>Orden Inicial de Fecha Límite de la AEP</u>"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite de la AEP y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco del Caso de Título III de la AEP. El Tribunal extendió posteriormente estas fechas límite hasta el 29 de julio de 2020 a las 4:00 p. m. (AST). *Véase la Orden que A) extiende fechas límite para radicar evidencias de reclamaciones y*

*B) aprueba la forma y la manera de su notificación* [ECF núm. 13403] (junto con la Orden

Inicial de Fecha Límite de la AEP, las "Órdenes de Fecha Límite de la AEP", y junto con las

Órdenes de Fecha Límite del ELA, la ACT, el SRE y COFINA, las "Órdenes de Fecha Límite").

**B.   Evidencias de reclamaciones radicadas, procedimientos relativos a objeciones**

**globales y objeciones a reclamaciones**

6.      Hasta la fecha, se han radicado aproximadamente 180,483 evidencias de

reclamaciones contra los Deudores, que han sido registradas por Prime Clerk, LLC. Dichas

evidencias de reclamaciones ascienden a un total aproximado de $43.6 billones en reclamaciones

radicadas contra los Deudores, además de los montos no liquidados reclamados.

7.      De las evidencias de reclamaciones radicadas, aproximadamente 117,009 han sido

radicadas en relación con el ELA, o reclasificadas como radicadas contra el ELA. Más de 53,200

evidencias de reclamaciones han sido radicadas en relación con el SRE, o reclasificadas como

radicadas contra el SRE. Aproximadamente 391 evidencias de reclamaciones han sido radicadas

en relación con la AEP, o reclasificadas como radicadas contra la AEP. Además,

aproximadamente 3,095 evidencias de reclamaciones han sido radicadas en relación con

COFINA, o reclasificadas como radicadas contra COFINA. De conformidad con las condiciones

de las Órdenes de Fecha Límite, muchas de estas reclamaciones no deberían haber sido radicadas

en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas

posteriormente, no alegar una reclamación por la que los Deudores sean responsables, estar

duplicadas en relación con otras evidencias de reclamaciones o no aportar información necesaria

para que los Deudores determinen si la reclamación es válida.

8.      Para resolver eficazmente el mayor número posible de las evidencias de

reclamaciones innecesarias, el 16 de octubre de 2018, los Deudores radicaron ante este Tribunal

su *Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) conceda el remedio relacionado* [ECF núm. 4052] (la "Moción de Procedimientos Globales"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden que A) aprueba procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado* [ECF núm. 4230]; *Procedimientos relativos a Objeciones Globales* [ECF núm. 4230-1] (conjuntamente, los "Procedimientos Iniciales relativos a Objeciones Globales"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [ECF núm. 4381] (la "Orden de Notificación").

9.      En aras del interés constante por resolver eficazmente cualesquiera evidencias de reclamaciones innecesarias, el 23 de mayo de 2019, los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de vista en relación con una Orden que A) apruebe Procedimientos Enmendados relativos a Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF núm. 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio

de la *Orden que A) aprueba Procedimientos Enmendados relativos a Objeciones Globales, B)
exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba
formas de notificación adicionales y D) concede el remedio relacionado* [ECF núm. 7440] (los
"Procedimientos Enmendados relativos a Objeciones Globales").

10.     Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los
Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal ha celebrado hasta la
fecha más de 15 vistas y ha dictado órdenes sobre más de 310 objeciones globales radicadas por
el ELA, COFINA, la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE"), la Autoridad de
Carreteras y Transportación de Puerto Rico (la "ACT"), la AEP y/o el SRE. Sobre la base de las
resoluciones y órdenes del Tribunal dictadas hasta la fecha, aproximadamente 100,649
reclamaciones que reivindicaban $43.0 billones en responsabilidad contra el ELA, COFINA, la
AEE, la ACT, la AEP el SRE fueron rechazadas y serán retiradas del registro de reclamaciones
en el marco de los procedimientos radicados conforme al Título III una vez dictadas las órdenes
finales.

11.     Esta Tricentésima sexagésima objeción global se radica de conformidad con los
Procedimientos Enmendados relativos a Objeciones Globales del Tribunal.

## OBJECIONES A EVIDENCIAS DE RECLAMACIONES

12.     Los Procedimientos Enmendados relativos a Objeciones Globales permiten a los
Deudores radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de
las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de
Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas
establecidas en los Procedimientos Enmendados relativos a Objeciones Globales.

13.     La Tricentésima sexagésima objeción global pretende que se rechace, de
conformidad con la regla 3007(d)(6) de las Reglas Federales del Procedimiento de Quiebra y los

7

Procedimientos Enmendados relativos a Objeciones Globales, cada una de las evidencias de reclamaciones que figura en el **Anexo A** del presente documento (conjuntamente, las "**Reclamaciones Deficientes**"). Ninguna de las Reclamaciones Deficientes cumplió con las normas aplicables a la radicación de reclamaciones al no proporcionar una base para alegar la reclamación contra el ELA, el SRE, la AEP, COFINA o cualquier otro Deudor de Título III.

14.     Cada una de las Reclamaciones Deficientes alega estar basada en obligaciones del ELA, del SRE o de la AEP ante el correspondiente reclamante, pero, o bien i) no ha proporcionado ninguna información que identifique la naturaleza o fuente de las obligaciones o que explique por qué el ELA, el SRE, la AEP, COFINA o cualquier otro Deudor conforme al Título III son responsables ante el reclamante, o bien ii) ha identificado la naturaleza o fuente de la obligación, pero no ha explicado por qué el ELA, el SRE, la AEP, COFINA o cualquier otro Deudor conforme al Título III son responsables ante el reclamante. Como consecuencia de dicho incumplimiento de la normativa aplicable, ni los Deudores ni el Tribunal pueden determinar la validez de las Reclamaciones Deficientes.

15.     El 13 de agosto de 2019, el Tribunal dictó la *Orden que concedió parcialmente y levantó parcialmente la Moción de los Deudores para dictar una orden que A) autorice procedimientos alternativos de resolución de controversias, B) apruebe formas de notificación adicionales, C) apruebe envíos propuestos y D) conceda el remedio relacionado* [ECF núm. 8453] (la "Orden de Envío Autorizado") que autorizó que los Deudores realizaran envíos "a cualquier reclamante que no haya proporcionado suficiente información que permitiera a los Deudores enjuiciar sus reclamaciones". Orden de Envío Autorizado, ¶ 3.

16.     Conforme a la Orden de Envío Autorizado, "[s]i los Deudores realizan el Envío Propuesto al reclamante, y este último no responde o responde pero no aporta suficiente

información que permita a los Deudores reconciliar su reclamación, los Deudores tendrán

derecho a oponerse a la reclamación como deficiente". *Id.*

17.    De conformidad con la Orden de Envío Autorizado, los Deudores han enviado al

menos una carta a cada reclamante con sujeción a la presente Tricentésima sexagésima objeción

global esencialmente en formato que se adjunta al presente documento como Anexo 1 (el

"Envío"). Cada Envío, en la parte pertinente, rezaba lo siguiente:

> Se requiere información adicional para que los Deudores sigan
> examinando su reclamación. Los Deudores no pueden determinar a
> partir de la información que usted proporcionó cuál es la base de la
> reclamación que trata de alegar contra uno o más Deudores. Al
> responder a esta carta, rogamos se asegure de proporcionar toda la
> información solicitada, así como tantos detalles como sea posible
> aportar sobre su reclamación. Las descripciones que incorporó en
> su evidencia de reclamación eran demasiado vagas como para que
> los Deudores comprendieran la reclamación que usted trata de
> alegar, de manera que rogamos proporcione más detalles y no se
> limite simplemente a copiar la misma información.

*Véase* ECF núm. 8453-1 en 2, 7.

18.    Los Envíos recibidos por los reclamantes con sujeción a la presente Tricentésima

sexagésima objeción global exigían a los reclamantes responder en un plazo de 30 días. *Véase id.*

Además, en los Envíos, se advertía a los Reclamantes de que "[s]i no responde a esta solicitud y

no proporciona la información y la documentación requeridas para justificar su reclamación, es

posible que los Deudores se vean en la obligación de oponerse a su reclamación". *Id.*

19.    Ninguno de los reclamantes identificados en el **Anexo A** ha respondido a los

Envíos.

20.    En consecuencia, el ELA, el SRE, la AEP y COFINA, según proceda, no pueden

determinar ni reconciliar la validez de las Reclamaciones Deficientes. Por lo tanto, las

Reclamaciones Deficientes deben ser rechazadas en su totalidad.

21.     En apoyo de lo anterior, los Deudores invocan la *Declaración de Jay Herriman en apoyo de la Tricentésima sexagésima objeción global (no sustantiva) del Estado Libre Asociado de Puerto Rico, el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico, la Autoridad de Edificios Públicos de Puerto Rico y la Corporación del Fondo de Interés Apremiante de Puerto Rico a Reclamaciones Deficientes*, de fecha 20 de agosto de 2021, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

22.     De conformidad con los Procedimientos Enmendados relativos a Objeciones Globales y la Orden de Notificación del Tribunal, los Deudores notifican la presente Tricentésima sexagésima objeción global a) a los acreedores individuales objeto de esta Tricentésima sexagésima objeción global, b) al U.S. Trustee, y c) a la Lista maestra de notificaciones (según se define en los *Procedimientos de administración de casos enmendados núm. 15* [ECF núm. 17127-1]), disponibles en el sitio web de casos de los Deudores, en https://cases.primeclerk.com/puertorico. La notificación de esta Tricentésima sexagésima objeción global se adjunta al presente como **Anexo C**. Las traducciones al español de la Tricentésima sexagésima objeción global y de la totalidad de los anexos adjuntos al presente se están radicando con esta objeción y se trasladarán a las partes. Los Deudores sostienen que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

## RESERVA DE DERECHOS

23.     Esta Tricentésima sexagésima objeción global se limita a los motivos expuestos en este documento. En consecuencia, esta se radica sin perjuicio de los derechos de los Deudores, o de los derechos de cualesquiera otras partes interesadas de los Casos de Título III, a objetar a las Reclamaciones Deficientes o a cualesquiera otras reclamaciones que fuere. Los Deudores se reservan expresamente el derecho a radicar toda otra objeción sustantiva o procesal.

Ninguna disposición contenida en el presente documento, ni ninguna acción adoptada conforme a tal remedio, tiene por objetivo, ni se interpretará en el sentido de que: a) constituya una admisión en cuanto a la validez de cualesquiera reclamaciones contra los Deudores; b) constituya una renuncia a los derechos de los Deudores, o de cualesquiera otras partes interesadas en los Casos de Título III, a impugnar cualquier reclamación sobre la base de los motivos que fueren; c) constituya una promesa o requisito para pagar cualquier reclamación; d) constituya una solicitud o autorización a asumir cualquier acuerdo, contrato o arrendamiento anteriores a la petición conforme al artículo 365 del Código de Quiebras; o e) constituya una renuncia a los derechos de los Deudores, o de cualesquiera otras partes interesadas en los Casos de Título III, conforme a PROMESA, el Código de Quiebras o cualquier otra normativa legal aplicable.

## AUSENCIA DE SOLICITUDES PREVIAS

24.     No se ha radicado ninguna solicitud de remedio previa a la presente Tricentésima sexagésima objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.

*[El resto de la página se deja en blanco intencionadamente]*

POR LO QUE los Deudores solicitan respetuosamente que se dicte una orden, esencialmente en la forma de la Orden Propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda a los Deudores cualesquiera otros remedios que se consideren justos.

Fecha: 20 de agosto de 2021
       San Juan (Puerto Rico)

Respetuosamente sometida,

[*Firma en la versión en inglés*]
Hermann D. Bauer
USDC núm. 215205
Carla García-Benítez
USDC núm. 203708
Gabriel A. Miranda
USDC núm. 306704
**O'NEILL & BORGES LLC**
250 Avenida Muñoz Rivera, local 800
San Juan, PR 00918-1813
Tel.: (787) 764-8181
Fax: (787) 753-8944

[*Firma en la versión en inglés*]
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel.: (212) 969-3000
Fax: (212) 969-2900

*Abogados de la*
*Junta de Supervisión y Administración*
*Financiera para Puerto Rico, como*
*representante del*
*Estado Libre Asociado de Puerto Rico, el*
*Sistema de Retiro de los Empleados del*
*Gobierno del Estado Libre Asociado de*
*Puerto Rico, la Autoridad de Edificios*
*Públicos de Puerto Rico y la*
*Corporación del Fondo de Interés*
*Apremiante de Puerto Rico.*