**EXHIBIT D**

**Proposed Order**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>　　　　　　　　　　Debtors.[1] | PROMESA<br>Title III<br>No. 17 BK 3283-LTS<br>(Jointly Administered)<br><br>This filing relates to the Commonwealth and HTA. |

### ORDER GRANTING THREE HUNDRED EIGHTY-FIFTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO AND THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY TO PARTIAL DUPLICATE, DEFICIENT, NO LIABILITY, AND INCORRECT DEBTOR BOND CLAIMS

Upon the *Three Hundred Eighty-Fifth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority to Partial Duplicate, Deficient, No Liability, and Incorrect Debtor Bond Claims* (the "Three Hundred Eighty-Fifth Omnibus Objection"),[2] filed by the Commonwealth of Puerto Rico (the "Commonwealth") and the Puerto Rico Highways and Transportation Authority ("HTA," and together with the Commonwealth, the "Debtors"), dated August 20, 2021, for entry of an order

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Three Hundred Eighty-Fifth Omnibus Objection.

partially disallowing and partially reclassifying certain claims filed against the Debtors, as more fully set forth in the Three Hundred Eighty-Fifth Omnibus Objection and supporting exhibits thereto; and the Court having jurisdiction to consider the Three Hundred Eighty-Fifth Omnibus Objection and to grant the relief requested therein pursuant to PROMESA section 306(a); and venue being proper pursuant to PROMESA section 307(a); and due and proper notice of the Three Hundred Eighty-Fifth Omnibus Objection having been provided to those parties identified therein, and no other or further notice being required; and the Court having determined that the claims identified in Exhibit A to the Three Hundred Eighty-Fifth Omnibus Objection (the "Claims to Be Partially Disallowed and Partially Reclassified") seek recovery, in part, of amounts for which the Debtors are not liable; and the Court having determined that the Claims to Be Partially Disallowed and Partially Reclassified seek recovery, in part, of amounts that are duplicative of one or more Master Proofs of Claim filed in the Debtors' Title III Cases; and to the extent the Claims to Be Partially Disallowed and Partially Reclassified seek recovery of amounts greater or different than reflected in the proof of claim, the supporting documentation, and any Mailing response, the Court having determined that such portions of the Claims to Be Partially Disallowed and Partially Reclassified are deficient; and the Court having determined that a portion of certain of the claims identified in the column titled "Asserted" in Exhibit A to the Three Hundred Eighty-Fifth Omnibus Objection improperly identify the Commonwealth or HTA as obligor, when such claims are properly asserted, if at all, against the Commonwealth and/or the Puerto Rico Electric Power Authority ("PREPA"), as identified in the column titled "Corrected" in Exhibit A to the Three Hundred Eighty-Fifth Omnibus Objection; and the Court having determined that the relief sought in the Three Hundred Eighty-Fifth Omnibus Objection is in the best interests of the Commonwealth, HTA, their creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Three Hundred Eighty-Fifth Omnibus Objection

2

establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Three Hundred Eighty-Fifth Omnibus Objection is GRANTED as set forth herein; and it is further

ORDERED that the portions of the claims identified in Exhibit A to the Three Hundred Eighty-Fifth Omnibus Objection (the "Claims to Be Partially Disallowed") are hereby partially disallowed; and it is further

ORDERED that Prime Clerk is authorized and directed to designate the Claims to Be Partially Disallowed as partially expunged in the official claims register in the Title III Cases; and it is further

ORDERED that the claims identified in the column titled "Asserted" in Exhibit A to the Three Hundred Eighty-Fifth Omnibus Objection (the "Partially Reclassified Bond Claims") are hereby reclassified to be claims asserted against the Commonwealth and/or PREPA, as indicated in the column titled "Corrected" in Exhibit A; and it is further

ORDERED that the Debtors' right to object to the Partially Reclassified Bond Claims is reserved; and it is further

ORDERED that Prime Clerk is authorized and directed, in the official claims register in the PROMESA cases, to move the claims identified in the column titled "Asserted" in Exhibit A to the Three Hundred Eighty-Fifth Omnibus Objection from the Title III case for the debtor(s) identified in the column titled "Asserted" in Exhibit A to the Three Hundred Eighty-Fifth Omnibus Objection to the Title III case for the debtor(s) identified in the column titled "Corrected" in Exhibit A to the Three Hundred Eighty-Fifth Omnibus Objection; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

SO ORDERED.

Dated: _____

                                                                     _____
Honorable Judge Laura Taylor Swain
United States District Judge

**ANEXO D**

**Orden Propuesta**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*: <br><br> JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, <br><br> como representante del <br><br> ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*., <br><br> Deudores.[1] | PROMESA <br> Título III <br> Núm. 17 BK 3283-LTS <br> (Administrado Conjuntamente) <br><br> La presente radicación guarda relación con el ELA y la ACT. |

**ORDEN POR LA QUE SE CONCEDE LA TRICENTÉSIMA OCTOGÉSIMA QUINTA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO A RECLAMACIONES POR BONOS PARCIALMENTE DUPLICADAS, DEFICIENTES, EN LAS QUE NO EXISTE RESPONSABILIDAD Y RADICADAS CONTRA EL DEUDOR INCORRECTO**

Vista la *Tricentésima octogésima quinta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico y de la Autoridad de Carreteras y Transportación de Puerto Rico a Reclamaciones por bonos parcialmente duplicadas, deficientes, en las que no existe responsabilidad y radicadas contra el deudor incorrecto* (la "Tricentésima octogésima quinta

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático).

objeción global"),[2] radicada por el Estado Libre Asociado de Puerto Rico (el "ELA") y la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT", y junto con el ELA, los "Deudores"), de fecha 20 de agosto de 2021, en la que se solicita que se dicte una orden que rechace parcialmente y reclasifique parcialmente determinadas reclamaciones radicadas contra los Deudores, según se expone con más detalle en la propia Tricentésima octogésima quinta objeción global y los anexos justificativos de la misma; y al tener el Tribunal jurisdicción para atender la Tricentésima octogésima quinta objeción global y para conceder el remedio en ella solicitado conforme a PROMESA, sección 306(a); y siendo la sede judicial competente conforme a PROMESA, sección 307(a); y habiéndose efectuado, en tiempo y forma, la notificación de la Tricentésima octogésima quinta objeción global a aquellas partes que en ella se identifican, sin ser necesario efectuar ninguna otra notificación; y habiendo determinado el Tribunal que las reclamaciones identificadas en el Anexo A de la Tricentésima octogésima quinta objeción global (las "Reclamaciones que han de ser rechazadas parcialmente y reclasificadas parcialmente") pretenden obtener la recuperación, en parte, de montos por los que los Deudores no son responsables; y habiendo determinado el Tribunal que las Reclamaciones que han de ser rechazadas parcialmente y reclasificadas parcialmente pretenden recuperar, en parte, montos que constituyen duplicados con respecto a una o más Evidencias de reclamaciones principales radicadas en el marco de los Casos de Título III de los Deudores; y habiendo determinado el Tribunal que, en la medida en que las Reclamaciones que han de ser rechazadas parcialmente y reclasificadas parcialmente pretendan recuperar montos superiores o diferentes de los reflejados en la evidencia de reclamación, en la documentación justificativa y en cualquiera de los Envíos de réplica, dichas partes de las Reclamaciones que han de ser rechazadas parcialmente y reclasificadas parcialmente son deficientes; y habiendo

---

[2] Los términos con mayúscula que no estén definidos en el presente documento tendrán el significado que les haya sido atribuido en la Tricentésima octogésima quinta objeción global.

2

determinado el Tribunal que una parte de algunas de las reclamaciones identificadas en la columna titulada "Alegadas" en el Anexo A de la Tricentésima octogésima quinta objeción global identifican incorrectamente al ELA o a la ACT como deudores, cuando en todo caso lo correcto sería alegar tales reclamaciones contra el ELA y/o la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE"), conforme a lo identificado en la columna titulada "Corregidas" en el Anexo A de la Tricentésima octogésima quinta objeción global; y habiendo determinado el Tribunal que el remedio solicitado en la Tricentésima octogésima quinta objeción global redunda en el mejor interés del ELA, de la ACT y de sus acreedores, así como de la totalidad de las partes interesadas; y habiendo determinado el Tribunal que las bases de hecho y de derecho establecidas en la Tricentésima octogésima quinta objeción global establecen una causa justificada para el remedio aquí concedido; y tras la debida deliberación y concurriendo suficientes motivos para ello, por medio de la presente,

SE ORDENA que SE CONCEDA la tricentésima octogésima quinta objeción global, según se establece en el presente documento; además

SE ORDENA que las partes de las reclamaciones identificadas en el Anexo A de la Tricentésima octogésima quinta objeción global (las "Reclamaciones que han de ser rechazadas parcialmente") sean rechazadas parcialmente; asimismo

SE ORDENA que Prime Clerk quede autorizada, y reciba instrucciones, para designar las Reclamaciones que han de ser rechazadas parcialmente como eliminadas parcialmente del registro oficial de reclamaciones en el marco de los Casos de Título III; también

SE ORDENA que las reclamaciones identificadas en la columna titulada "Alegadas" en el Anexo A de la Tricentésima octogésima quinta objeción global (las "Reclamaciones por Bonos Parcialmente Reclasificadas") queden reclasificadas como reclamaciones alegadas contra el ELA y/o la AEE, conforme a lo identificado en la columna titulada "Corregidas" en el Anexo A; además

3

SE ORDENA que el derecho que asiste a los Deudores a objetar a las Reclamaciones por Bonos Parcialmente Reclasificadas quede reservado; asimismo

SE ORDENA que Prime Clerk quede autorizada, y reciba instrucciones, para trasladar, en el registro oficial de reclamaciones relativo a los casos radicados conforme a PROMESA, las reclamaciones identificadas en la columna titulada "Alegadas" en el Anexo A de la Tricentésima octogésima quinta objeción global del caso de Título III del/de los deudor(es) identificadas en la columna titulada "Alegadas" en el Anexo A de la Tricentésima octogésima quinta objeción global al caso de Título III del/de los deudor(es) identificadas en la columna titulada "Corregidas" en el Anexo A de la Tricentésima octogésima quinta objeción global; y por último

SE ORDENA que este Tribunal conserve jurisdicción para atender y resolver la totalidad de las materias que surjan de, o en relación con, la implementación, interpretación o ejecución de la presente Orden.

ASÍ SE ESTABLECE.

Fecha: _____

_____
Su señoría, la juez Laura Taylor Swain
Juez de Distrito de los Estados Unidos (*United States District Judge*)