**Response Deadline: September 20, 2021, at 4:00 PM (Atlantic Standard Time)**
**Hearing Date: October 6, 2021, at 9:30 AM (Atlantic Standard Time)**

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to PREPA.** |

## THREE HUNDRED EIGHTY-SEVENTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE PUERTO RICO ELECTRIC POWER AUTHORITY TO MISCLASSIFIED CLAIMS

To the Honorable United States District Court Judge Laura Taylor Swain:

The Puerto Rico Electric Power Authority ("PREPA"), by and through the Financial

Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III

---

[1] The Debtors in these Title III Cases (the "Debtors"), along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

representative of PREPA pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this three hundred eighty-seventh omnibus objection (the "Three Hundred Eighty-Seventh Omnibus Objection") to the misclassified proofs of claim listed on **Exhibit A** hereto, and in support of the Three Hundred Eighty-Seventh Omnibus Objection, respectfully represents as follows:

## JURISDICTION

1. The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2. Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A.    The Bar Date Orders**

3. On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth of Puerto Rico (the "Commonwealth") pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case").  On July 3, 2017 (the "Petition Date"), the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for PREPA pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "PREPA Title III Case," and together with the Commonwealth Title III Case, the "Title III Cases").  On October 6, 2017, the Court entered an order granting the joint administration of the Title III Cases for procedural purposes only.  Case No. 17 BK 4780, ECF No. 340.

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

4.      On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255] [3] (the "Bar Date Motion"). Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the PREPA Title III Case. Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order the "Bar Date Orders"), extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

**B.      PREPA**

5.      PREPA is a government-owned corporation founded in 1941. *See* Act No. 83-1941, as amended (the "Authority Act") § 3. PREPA generates and distributes substantially all the electric power used in the Commonwealth. [Case No. 17 BK 4780, ECF No. 1 at 7]. PREPA is one of the largest public power utilities in the U.S., serving approximately 1.5 million customers.

**C.      Proofs of Claim, Omnibus Objection Procedures, and Claim Objections**

6.      To date, approximately 180,483 proofs of claim have been filed against the Debtors and logged by Prime Clerk, LLC. Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

---

[3] Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

7.     Of the proofs of claim filed, approximately 4,506 have been filed in relation to, or reclassified to be asserted against, PREPA.  In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable, being duplicative of other proofs of claim, or failing to provide information necessary for the Debtors to determine whether the claim is valid.

8.     To efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion").  The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018. *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures").  On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures.  *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

9.     In the continued interest of resolving any unnecessary proofs of claim in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, and to approve additional forms of notice. *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection*

*Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091].  On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

10.     Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, to date the Court has held over 15 hearings and entered orders on over 140 omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), PREPA, the Puerto Rico Public Buildings Authority ("PBA"), and/or the Employees Retirement System for the Government of the Commonwealth of Puerto Rico ("ERS").  Based upon rulings and orders of the Court to date, approximately 100,649 claims asserting over $43.0 trillion in liability against the Commonwealth, COFINA, HTA, PREPA, PBA, and ERS, have been disallowed and expunged from the claims registry in the Title III proceedings.

11.     This Three Hundred Eighty-Seventh Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

## OBJECTIONS TO PROOFS OF CLAIM

12.     The Amended Omnibus Objection Procedures allow PREPA to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), as well as on other substantive bases set forth in the Amended Omnibus Objection Procedures.

13.     The Three Hundred Eighty-Seventh Omnibus Objection seeks to reclassify, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(8) and the Amended Omnibus Objection Procedures, claims that assert an incorrect or improper classification.

14.     As set forth in **Exhibit A** hereto, the claims identified in the column titled "Claims to be Reclassified" (each a "Claim to Be Reclassified," and collectively, the "Claims to Be Reclassified") incorrectly or improperly assert that they are secured and/or that they are entitled to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9) or other priority pursuant to 11 U.S.C. § 507(a).  Upon a reasonable review of PREPA's books and records, PREPA has concluded that the Claims to Be Reclassified are not entitled to either administrative expense priority, priority, or secured status, and should appropriately be classified as general unsecured claims.

15.     Certain of the Claims to Be Reclassified assert entitlement to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9) (the "Incorrect Administrative Expense Claims"), but the proof of claim and supporting documentation do not demonstrate claimant's entitlement to such priority.  Only creditors who sold goods to PREPA within twenty days of the commencement of PREPA's Title III Case are entitled to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9).   Based on the supporting documentation submitted with the proofs of claim, however, none of the Incorrect Administrative Expense Claims were filed by creditors who sold goods within the required statutory time frame of twenty days prior to commencement of PREPA's Title III Case.  Instead, for example, various Incorrect Administrative Expense Claims were filed by PREPA customers asserting liabilities arising from purportedly unpaid reimbursements or billing credits, and others were filed by individual PREPA employees asserting liabilities arising from their employment.  Still other Incorrect Administrative Expense Claims

assert liability associated with litigation against PREPA, which does not give rise to priority pursuant to 11 U.S.C. § 503(b)(9).

16.     Certain other Claims to Be Reclassified assert entitlement to priority pursuant to 11 U.S.C. § 507(a) ("Incorrect Priority Claims"), even though PROMESA does not incorporate § 507(a) priorities (with the exception of § 507(a)(2) priority, which is not asserted in any Incorrect Priority Claim). *See* 48 U.S.C. § 2161. The Incorrect Priority Claims thus assert priorities that are not recognized in Title III. Even if such priorities could be asserted, however, the proofs of claim and supporting documentation for the Incorrect Priority Claims also provide no basis to assert § 507(a) priority. For example, one Incorrect Priority Claim asserts entitlement to priority pursuant to 11 U.S.C. § 507(a)(7), but supporting documentation submitted with the Incorrect Priority Claim indicates that it was filed by a PREPA employee asserting liabilities associated with a period of employment well prior to the filing of PREPA's Title III Case, rendering the claim ineligible for priority status.

17.     In addition, certain other Claims to Be Reclassified assert secured status (the "Incorrect Secured Status Claims"), but the proof of claim and supporting documentation provide no basis for the claimant's assertion that their claim is secured. For example, certain of the Incorrect Secured Status Claims were filed by PREPA customers asserting liabilities arising from purportedly unpaid reimbursements or billing credits, and others were filed by individual PREPA employees asserting liabilities arising from their employment. Still other Incorrect Secured Status Claim asserts liability associated with litigation against PREPA that does not give rise to secured status. None of those assertions entitled claimants to secured status.

18.     Accordingly, because the Claims to Be Reclassified do not provide a valid basis for either administrative expense priority, priority, or secured status, the claims should be reclassified

as general unsecured claims, each as set forth in **Exhibit A** hereto. Reclassification of the Claims to Be Reclassified is necessary to avoid prejudicing other holders of general unsecured claims. The holders of the Claims to Be Reclassified will retain a modified claim against PREPA, as set forth in the column entitled "Modified Claim" on **Exhibit A** hereto. Because this Three Hundred Eighty-Seventh Omnibus Objection to the Claims to Be Reclassified does not constitute an objection to the validity or amount of the Claims to Be Reclassified, the Debtors reserve their right to object to the Claims to Be Reclassified on any other grounds whatsoever.

19.     In support of the foregoing, PREPA relies on the *Declaration of Mark Shankweiler in Support of the Three Hundred Eighty-Seventh Omnibus Objection (Substantive) of the Puerto Rico Electric Power Authority to Misclassified Claims*, dated August 20, 2021, attached hereto as **Exhibit B**.

**NOTICE**

20.     In accordance with the Amended Omnibus Objection Procedures and the Court's Notice Order, PREPA is providing notice of this Three Hundred Eighty-Seventh Omnibus Objection to (a) the individual creditors subject to this Three Hundred Eighty-Seventh Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Fifteenth Amended Case Management Procedures* [ECF No. 17127-1]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico. The notice for this Three Hundred Eighty-Seventh Omnibus Objection is attached hereto as Exhibit C. Spanish translations of the Three Hundred Eighty-Seventh Omnibus Objection and all of the exhibits attached hereto are being filed and served with this objection. PREPA submits that, in light of the nature of the relief requested, no other or further notice need be given.

**RESERVATION OF RIGHTS**

21.     This Three Hundred Eighty-Seventh Omnibus Objection is limited to the grounds
stated herein.  Accordingly, it is without prejudice to the rights of the Debtors to object to the
Modified Reduced Claims or any other claims on any ground whatsoever.  The Debtors expressly
reserve all further substantive or procedural objections.  Nothing contained herein or any actions
taken pursuant to such relief is intended or should be construed as: (a) an admission as to the
validity of any claim against the Debtors; (b) a waiver of the Debtors' right to dispute any claim
on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to
assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy
Code; or (e) a waiver of the Debtors' rights under PROMESA, the Bankruptcy Code or any other
applicable law.

**NO PRIOR REQUEST**

22.     No prior request for the relief sought in this Three Hundred Eighty-Seventh
Omnibus Objection has been made to this or any other court.

        WHEREFORE the Debtors respectfully request entry of an order, substantially in the form
of the Proposed Order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and
(2) granting the Debtors such other and further relief as is just.

Dated: August 20, 2021                              Respectfully submitted,
       San Juan, Puerto Rico


                                                    /s/ *Ricardo Burgos Vargas*
                                                    Ricardo Burgos Vargas
                                                    USDC núm. 218210
                                                    **A&S LEGAL STUDIO, PSC**
                                                    434 Ave. Hostos
                                                    San Juan, PR 00918
                                                    Tel.:  (787) 751-6764
                                                    Fax:  (787) 763-8260

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial
Oversight and Management Board
for Puerto Rico, as representative for
the Puerto Rico Electric Power
Authority*

**Fecha límite para responder: 20 de septiembre de 2021 a las 4:00 p.m. (AST)**
**Fecha de la vista: 6 de octubre de 2021, a las 9:30 a.m. (AST)**

> **REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

## TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*.,<br><br>Deudores.[1] | PROMESA<br>Título III<br><br>Núm. 17 BK 3283-LTS<br><br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con la AEE.** |

### TRICENTÉSIMA OCTOGÉSIMA SÉPTIMA OBJECIÓN GLOBAL (SUSTANTIVA) DE LA AUTORIDAD DE ENERGÍA ELÉCTRICA DE PUERTO RICO A RECLAMACIONES ERRÓNEAMENTE CLASIFICADAS

---

[1] Los Deudores en los presentes Casos de Título III (los "Deudores"), junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático).

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor Swain:

La Autoridad de Energía Eléctrica de Puerto Rico (la <u>AEE</u>"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "<u>Junta de Supervisión</u>"), como el único representante de Título III de la AEE conforme a la sección 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("<u>PROMESA</u>"),[2] radica esta Tricentésima octogésima séptima objeción global (la "<u>Tricentésima octogésima séptima objeción global</u>") a las evidencias de reclamaciones erróneamente clasificadas que aparecen en el **Anexo A** del presente documento, y en apoyo de la Tricentésima octogésima séptima objeción global manifiesta respetuosamente lo siguiente:

## JURISDICCIÓN

1.     El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme a la sección 306(a) de PROMESA.

2.     La sede judicial de este distrito es la competente conforme a la sección 307(a) de PROMESA.

## ANTECEDENTES

### A.     Órdenes de Fecha Límite

3.     El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el Estado Libre Asociado de Puerto Rico (el "<u>ELA</u>") conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el

---

[2]  PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101-2241.

"Caso de Título III del ELA"). El 3 de julio de 2017 (la "Fecha de Petición"), la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para la AEE conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III de la AEE", y junto con el Caso de Título III del ELA, los "Casos de Título III"). El 6 de octubre de 2017, el Tribunal dictó una orden por la que concedió la administración conjunta de los Casos de Título III únicamente con fines procesales. Caso núm. 17 BK 4780, ECF núm. 340.

4.     El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF núm. 2255][3] (la "Moción de Fecha Límite"). Conforme a la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF. núm. 2521] (la "Orden Inicial de Fecha Límite"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco del Caso de Título III de la AEE. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF núm. 3160] (conjuntamente con la Orden Inicial de Fecha Límite, las "Órdenes de Fecha Límite"), extendiendo dichas fechas límite hasta el 29 de junio de 2018, a las 04:00 p.m. (AST).

---

[3]     Salvo disposición en contrario contenida en el presente documento, las citas ECF harán referencia a documentos radicados en el marco del Caso de Quiebra Núm. 17 BK 3283-LTS.

B.     **AEE**

5.     La AEE es una corporación titularidad del Gobierno creada en 1941. *Véase* la Ley núm. 83-1941, en su versión enmendada (la "Ley sobre la Autoridad") § 3. La AEE genera y distribuye esencialmente la totalidad de la energía eléctrica consumida en el ELA. [Caso núm. 17 BK 4780, ECF núm. en 1, 7]. La AEE es una de las empresas más importantes de suministro público en los Estados Unidos, y suministra servicios a aproximadamente 1.5 millones de clientes.

C.     **Evidencias de reclamaciones, procedimientos relativos a objeciones globales y objeciones a reclamaciones**

6.     Hasta la fecha, se han radicado aproximadamente 180,483 evidencias de reclamaciones contra los Deudores, que han sido registradas por Prime Clerk, LLC. Dichas evidencias de reclamaciones ascienden a un total aproximado de $43.6 billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados reclamados.

7.     De las evidencias de reclamaciones radicadas, aproximadamente 4,506 han sido radicadas en relación con la AEE, o reclasificadas como radicadas contra la AEE. De conformidad con las condiciones de las Órdenes de Fecha Límite, muchas de estas reclamaciones no deberían haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por la que los Deudores sean responsables, estar duplicadas en relación con otras evidencias de reclamaciones o no aportar información necesaria para que los Deudores determinen si la reclamación es válida.

8.     Para resolver eficazmente el mayor número posible de las evidencias de reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de*

*Quiebras, y C) conceda el remedio relacionado* [ECF núm. 4052] (la "Moción de Procedimientos Globales"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden que A) aprueba procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado* [ECF núm. 4230]; *Procedimientos relativos a Objeciones Globales* [ECF núm. 4230-1] (conjuntamente, los "Procedimientos Iniciales relativos a Objeciones Globales"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [ECF núm. 4381] (la "Orden de Notificación").

9.      En aras del interés constante por resolver eficazmente cualesquiera evidencias de reclamaciones innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de vista en relación con una Orden que A) apruebe Procedimientos Enmendados relativos a Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF núm. 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden que A) aprueba Procedimientos Enmendados relativos a Objeciones Globales, B) exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas*

5

de notificación adicionales y D) concede el remedio relacionado [ECF núm. 7440] (los "Procedimientos Enmendados relativos a Objeciones Globales").

10. Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal ha celebrado hasta la fecha 15 vistas y ha dictado órdenes sobre más de 310 objeciones globales radicadas por el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT"), la AEE, la Autoridad de Edificios Públicos de Puerto Rico (la "AEP"), y/o el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE"). Sobre la base de las resoluciones y órdenes del Tribunal dictadas hasta la fecha, aproximadamente 100,649 reclamaciones que reivindicaban más de $43.0 billones en responsabilidad contra el ELA, COFINA, la ACT, la AEE, la AEP y el SRE fueron rechazadas y retiradas del registro de reclamaciones en el marco de los procedimientos radicados conforme al Título III.

11. Esta Tricentésima octogésima séptima objeción global se radica de conformidad con los Procedimientos Enmendados relativos a Objeciones Globales del Tribunal.

## OBJECIONES A EVIDENCIAS DE RECLAMACIONES

12. Los Procedimientos Enmendados relativos a Objeciones Globales permiten a la AEE radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los Procedimientos Enmendados relativos a Objeciones Globales.

13. La Tricentésima octogésima séptima objeción global pretende que se reclasifiquen reclamaciones que afirman una clasificación incorrecta o inadecuada, de conformidad con la regla

3007(d)(8) de las Reglas Federales del Procedimiento de Quiebra y los Procedimientos Enmendados relativos a Objeciones Globales.

14.     Como se indica en el **Anexo A** del presente documento, las reclamaciones identificadas en la columna titulada "Reclamaciones que han de ser reclasificadas" (cada una denominada una "<u>Reclamación que ha de ser reclasificada</u>" y conjuntamente, las "<u>Reclamaciones que han de ser reclasificadas</u>") alegan incorrecta o indebidamente que están garantizadas y/o que tienen derecho a la prioridad de gastos administrativos de conformidad con el Título 11. U.S.C., § 503(b)(9), o a otra prioridad conforme al Título 11 U.S.C., § 507(a). Tras una revisión razonable de los libros y registros de la AEE, esta última ha llegado a la conclusión de que las Reclamaciones que han de ser reclasificadas no tienen derecho a la prioridad de gastos administrativos, a la prioridad ni al estatus garantizado, y deben ser debidamente clasificadas como reclamaciones generales no garantizadas.

15.     Algunas de las Reclamaciones que han de ser reclasificadas alegan tener derecho a la prioridad de gastos administrativos de acuerdo con el Título 11 U.S.C., § 503(b)(9) (las "<u>Reclamaciones incorrectas de gastos administrativos</u>"), pero la evidencia de reclamación y la documentación justificativa no demuestran el derecho del reclamante a dicha prioridad. Solo los acreedores que vendieron bienes a la AEE en un plazo de 20 días antes del inicio del Caso de Título III de la AEE tienen derecho a la prioridad de gastos administrativos de acuerdo con el Título 11 U.S.C., § 503(b)(9). Sin embargo, según la documentación justificativa sometida con la evidencia de reclamación, ninguna de las Reclamaciones incorrectas de gastos administrativos fue radicada por acreedores que vendieron bienes dentro del plazo legalmente establecido de 20 días antes del inicio del Caso de Título III de la AEE. En lugar de ello, por ejemplo, varias Reclamaciones incorrectas de gastos administrativos fueron radicadas por los clientes de la AEE

alegando responsabilidades surgidas de reembolsos o abonos facturados supuestamente no pagados, y otras fueron radicadas por empleados individuales de la AEE alegando responsabilidades surgidas de su empleo. Otras Reclamaciones incorrectas de gastos administrativos alegan responsabilidad vinculada con un litigio contra la AEE, que no genera prioridad conforme al Título 11 U.S.C., § 503(b)(9).

16.    Otras de las Reclamaciones que han de ser reclasificadas alegan tener derecho a prioridad de acuerdo con el Título 11 U.S.C., § 507(a) (las "Reclamaciones incorrectas de prioridad"), aunque PROMESA no incorporó la §507(a), prioridades, (con la excepción de la prioridad en la §507(a)(2), la cual no está siendo alegada en ninguna de las Reclamaciones Incorrecta de Prioridad). Véase 48 U.S.C. §2161. Las Reclamaciones Incorrecta de Prioridad afirman prioridades, que no están reconocidas en el Titulo III. Inclusive, si se pudieran afirmar tales prioridades, tales reclamaciones no prosperarían, ya que las evidencias de reclamación y la documentación justificativa para las Reclamaciones Incorrectas de Prioridad no proporcionan fundamento alguno para afirmar la prioridad de la §507(a) . Por ejemplo, una de las Reclamaciones incorrectas de prioridad alega tener derecho a prioridad de acuerdo con el Título 11 U.S.C., § 507(a)(7), pero la documentación justificativa sometida con la Reclamación incorrecta de prioridad indica que dicha reclamación fue radicada por un empleado de la AEE alegando responsabilidades vinculadas con un período de empleo mucho anterior a la radicación del Caso de Título III de la AEE, lo cual convierte la reclamación en inelegible para el estatus prioritario.

17.    Además, otras Reclamaciones que han de ser reclasificadas alegan estar garantizadas (las "Reclamaciones incorrectas de estatus garantizado"), pero la evidencia de reclamación y la documentación justificativa no proporcionan fundamento alguno para la afirmación del reclamante de que su reclamación está garantizada. Por ejemplo, algunas

"Reclamaciones incorrectas de estatus garantizado fueron radicadas por los clientes de la AEE alegando responsabilidades surgidas de reembolsos o abonos facturados supuestamente no pagados, y otras fueron radicadas por empleados individuales de la AEE alegando responsabilidades surgidas de su empleo. Otra Reclamación incorrecta de estatus garantizado alega responsabilidad vinculada con un litigio contra la AEE que no da derecho a estatus garantizado. Ninguna de dichas alegaciones da derecho a los reclamantes al estatus garantizado.

18.     En consecuencia, puesto que las Reclamaciones que han de ser reclasificadas no proporcionan fundamento válido para la prioridad de gastos administrativos, la prioridad o el estatus garantizado, las reclamaciones deben ser reclasificadas como reclamaciones generales no garantizadas, cada una de ellas como se establece en el **Anexo A** del presente documento. La reclasificación de las Reclamaciones que han de ser reclasificadas es necesaria para no perjudicar a otros titulares de reclamaciones generales no garantizadas. Los titulares de las Reclamaciones que han de ser reclasificadas mantendrán una reclamación modificada contra la AEE, tal y como se establece en la columna titulada "Reclamación Modificada" del **Anexo A** del presente documento. Puesto que esta Tricentésima octogésima séptima objeción global a las Reclamaciones que han de ser reclasificadas no constituye una objeción a la validez o al monto de las Reclamaciones que han de ser reclasificadas, los Deudores se reservan el derecho a oponerse a las Reclamaciones que han de ser reclasificadas sobre la base de cualesquiera otros motivos que fueren.

19.     En apoyo de lo anterior, la AEE invoca la *Declaración de Mark Shankweiler en apoyo de la Tricentésima octogésima séptima objeción global (sustantiva) de la Autoridad de Energía Eléctrica de Puerto Rico a Reclamaciones erróneamente clasificadas*, de fecha 20 de agosto de 2021, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

20.     De conformidad con los Procedimientos Enmendados relativos a Objeciones Globales y la Orden de Notificación del Tribunal, la AEE notifica la presente Tricentésima octogésima séptima objeción global a) a los acreedores individuales objeto de esta Tricentésima octogésima séptima objeción global, b) al U.S. Trustee, y c) a la Lista maestra de notificaciones (según se define en los *Procedimientos de administración de casos enmendados núm. 15* [ECF núm. 17127-1]), disponibles en el sitio web de casos de los Deudores, en https://cases.primeclerk.com/puertorico. La notificación de esta Tricentésima octogésima séptima objeción global se adjunta al presente como Anexo C. Las traducciones al español de la Tricentésima octogésima séptima objeción global y de la totalidad de los anexos que se adjuntan al presente se radican y envían con la presente objeción. La AEE sostiene que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

## RESERVA DE DERECHOS

21.     Esta Tricentésima octogésima séptima objeción global se limita a los motivos expuestos en este documento. En consecuencia, esta se radica sin perjuicio de los derechos de los Deudores a objetar a las Reclamaciones Modificadas Restantes o a cualesquiera otras reclamaciones que fueren. Los Deudores se reservan expresamente el derecho a radicar toda otra objeción sustantiva o procesal. Ninguna disposición contenida en el presente documento, ni ninguna acción adoptada conforme a tal remedio, tienen por objetivo, ni se interpretarán en el sentido de que: a) constituyan una admisión en cuanto a la validez de cualesquiera reclamaciones contra los Deudores; b) constituyan una renuncia a los derechos que asisten a los Deudores a impugnar cualesquier reclamación sobre la base de los motivos que fueren; c) constituyan una promesa o requisito para pagar cualquier reclamación; d) constituyan una solicitud o autorización a asumir cualquier acuerdo, contrato o arrendamiento anteriores a la petición conforme al artículo

10

365 del Código de Quiebras; o e) constituyan una renuncia a los derechos que asisten a los Deudores conforme a PROMESA, el Código de Quiebras o cualquier otra normativa legal aplicable.

**AUSENCIA DE SOLICITUDES PREVIAS**

22.     No se ha radicado ninguna solicitud de remedio previa a la presente Tricentésima octogésima séptima objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.

POR LO QUE los Deudores solicitan respetuosamente que se dicte una orden, esencialmente en la forma de la Orden Propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda a los Deudores cualesquiera otros remedios que se consideren justos.

Fecha: 20 de agosto de 2021
        San Juan (Puerto Rico)

Respetuosamente sometida,

[*Firma en la versión en inglés*]
Ricardo Burgos Vargas
USDC núm. 218210
**A&S LEGAL STUDIO, PSC**
434 Ave. Hostos
San Juan, PR 00918
Tel.:  (787) 751-6764
Fax:  (787) 763-8260

[*Firma en la versión en inglés*]
Martin J. Bienenstock (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel.: (212) 969-3000
Fax: (212) 969-2900

*Abogados de la Junta de Supervisión y Administración Financiera para Puerto Rico como representante de la Autoridad de Energía Eléctrica de Puerto Rico.*

11