## EXHIBIT B

**Declaration of Jay Herriman**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

<table>
<tr><td>

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

                          Debtors.[1]

</td><td>

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

**This filing relates to the Commonwealth.**

</td></tr>
</table>

**DECLARATION OF JAY HERRIMAN IN SUPPORT OF THE THREE HUNDRED SIXTY-FIFTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO MISCLASSIFIED AND OVERSTATED CLAIMS**

I, Jay Herriman, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

1.      I am a Managing Director of Alvarez & Marsal North America, LLC ("A&M"). The Financial Oversight and Management Board (the "Oversight Board") retained A&M to assist with, *inter alia*, the claims reconciliation process for the Commonwealth's (as defined below) case filed pursuant to the *Puerto Rico Oversight, Management, and Economic Stability Act*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801)  (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations)

("PROMESA"). Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

2.      In my capacity as a Managing Director of A&M, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Commonwealth's case filed pursuant to PROMESA. The Commonwealth's ongoing claims reconciliation process involves the collective effort of a team of A&M employees, as well as Proskauer Rose LLP and O'Neill & Borges LLC, counsel for the Oversight Board, the legal representative for the Commonwealth of Puerto Rico (the "Commonwealth," or the "Debtor").

3.      I submit this declaration in support of the *Three Hundred Sixty-Fifth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Misclassified and Overstated Claims* (the "Three Hundred Sixty-Fifth Omnibus Objection"). I have personally reviewed the Three Hundred Sixty-Fifth Omnibus Objection and exhibits thereto and am, accordingly, familiar with the information contained therein.

4.      In preparation for filing the Three Hundred Sixty-Fifth Omnibus Objection, and under my direction and/or supervision, each of the claims at issue in the Three Hundred Sixty-Fifth Omnibus Objection was carefully reviewed and analyzed in good faith using due diligence by the appropriate personnel. These efforts resulted in the identification of the claims to be reclassified, as identified in Exhibit A to the Three Hundred Sixty-Fifth Omnibus Objection.

5.      To the best of my knowledge, information, and belief, the claims listed on Exhibit A to the Three Hundred Sixty-Fifth Omnibus Objection titled "Claims to Be Reclassified" and in the column titled "Claims to Be Reclassified" (each a "Claim to Be Reclassified," collectively, the "Claims to Be Reclassified") incorrectly or improperly assert that they are secured and/or that they are entitled to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9). Upon a

reasonable review of the Debtors' books and records and/or the supporting documentation, the Debtors have concluded that the Claims to Be Reclassified are not entitled to either administrative expense priority or secured status, and should appropriately be classified as general unsecured claims. In addition, due to the process by which Prime Clerk, LLC records and logs proofs of claim, each of the Claims to Be Reclassified are logged on the Title III claims registry in an overstated amount that exceeds the total amount listed in Box 8 of the proof of claim. Reclassification of the Claims to Be Reclassified is necessary to avoid prejudicing other claimants, including other holders of general unsecured claims. Further, the holders of the Claims to Be Reclassified will retain a modified claim against the Debtors, as set for the in the column entitled "Modified Reduced Claim" on Exhibit A hereto.

6.      The claimant will retain a remaining claim for the amount identified in the column titled "Corrected" in **Exhibit A** to the Three Hundred Sixty-Fifth Omnibus Objection.

7.      Based on the foregoing, and to the best of my knowledge, information, and belief, the information contained in the Three Hundred Sixty-Fifth Omnibus Objection and exhibits thereto is true and correct, and the relief requested therein is in the best interests of the Debtor and its creditors.

8.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: August 20, 2021

By:     /s/ Jay Herriman
        Jay Herriman

3

## ANEXO B

**Declaración de Jay Herriman**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*: <br><br> JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, <br><br> como representante del <br><br> ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*., <br><br> Deudores.[1] | PROMESA <br> Título III <br><br> Núm. 17 BK 3283-LTS <br><br> (Administrado Conjuntamente) <br><br> **La presente radicación guarda relación con el ELA.** |

**DECLARACIÓN DE JAY HERRIMAN EN APOYO DE LA TRICENTÉSIMA SEXAGÉSIMA QUINTA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES ERRÓNEAMENTE CLASIFICADAS Y SOBREESTIMADAS**

Yo, Jay Herriman, de conformidad con el Título 28 U.S.C., § 1746, por medio de la presente declaro, so pena de incurrir en falso testimonio, que lo que sigue es veraz y correcto a mi leal saber y entender:

1. Soy director general de Alvarez & Marsal North America, LLC ("A&M"). La Junta de Supervisión y Administración Financiera (la "Junta de Supervisión") contrató a A&M para que

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático)

le ayudara, entre otras cosas, con el proceso de reconciliación de reclamaciones en relación con el caso del ELA (según se define abajo) radicado conforme a la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"). Salvo disposición en contrario en la presente declaración, tengo conocimiento personal de los hechos aquí expuestos.

2.    En mi capacidad de director general de A&M, soy una de las personas responsables de supervisar el proceso de reconciliación y objeciones relativo a las reclamaciones en el marco del caso del ELA radicado conforme a PROMESA. El proceso continuo de reconciliación de reclamaciones del ELA implica un esfuerzo colectivo de un equipo de los empleados de A&M, así como de Proskauer Rose LLP y de O'Neill & Borges LLC, abogados de la Junta de Supervisión, el representante legal del Estado Libre Asociado de Puerto Rico (el "ELA" o el "Deudor").

3.    Realizo esta declaración en apoyo de la *Tricentésima sexagésima quinta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones erróneamente clasificadas y sobreestimadas* (la "Tricentésima sexagésima quinta objeción global"). He revisado personalmente la Tricentésima sexagésima quinta objeción global, y los Anexos relativos a la misma, por lo que estoy familiarizado con la información que contienen.

4.    Durante el proceso de preparación para radicar la Tricentésima sexagésima quinta objeción global, bajo mi dirección y/o supervisión, cada una de las reclamaciones controvertidas en la Tricentésima sexagésima quinta objeción global fue examinada y analizada cuidadosamente de buena fe aplicando la debida diligencia por parte del personal pertinente. Dichos esfuerzos resultaron en la identificación de las reclamaciones que han de ser reclasificadas, según se identifica en el Anexo A de la Tricentésima sexagésima quinta objeción global.

5.    A mi leal saber y entender, las reclamaciones identificadas en el Anexo A de la Tricentésima sexagésima quinta objeción global, en la columna titulada "Reclamaciones que han

de ser reclasificadas" y la columna titulada "Reclamaciones que han de ser reclasificadas" (cada una denominada una "Reclamación que ha de ser reclasificada", y conjuntamente, las "Reclamaciones que han de ser reclasificadas") alegan incorrecta o indebidamente que están garantizadas y/o que tienen derecho a la prioridad de gastos administrativos de acuerdo con el Título 11 U.S.C., § 503(b)(9). Tras una revisión razonable de los libros y registros y/o documentación justificativa de los Deudores, estos últimos han llegado a la conclusión de que las Reclamaciones que han de ser reclasificadas no tienen derecho ni a la prioridad de gastos administrativos ni al estatus garantizado, y deben ser debidamente clasificadas como reclamaciones generales no garantizadas. Además, debido al proceso que Prime Clerk, LLC utiliza para anotar y registrar evidencias de reclamaciones, cada una de las Reclamaciones que han de ser reclasificadas se ha anotado en el registro de reclamaciones de Título III por un monto sobreestimado que excede del monto total que aparece en la Casilla 8 de la evidencia de reclamación. La reclasificación de las Reclamaciones que han de ser reclasificadas es necesaria para no perjudicar a otros reclamantes, incluidos otros titulares de reclamaciones generales no garantizadas. Además, los titulares de las Reclamaciones que han de ser reclasificadas mantendrán una reclamación modificada contra los Deudores, tal y como se establece en la columna titulada "Reclamación Modificada Reducida" del Anexo A del presente documento.

6.      El reclamante conservará una reclamación restante por el monto identificado en la columna titulada "Corregidas" en el **Anexo A** de la Tricentésima sexagésima quinta objeción global.

7.      Sobre la base de lo que antecede, y a mi leal saber y entender, la información contenida en la Tricentésima sexagésima quinta objeción global y en sus anexos es veraz y

correcta, y el remedio allí solicitado redunda en el mejor interés de los Deudores y de sus acreedores.

8.     Declaro, so pena de incurrir en falso testimonio conforme a las leyes de los Estados Unidos de América, que lo que antecede es veraz y correcto a mi leal saber y entender.

Fecha: 20 de agosto de 2021

Por:     [*Firma en la versión en inglés*]
         Jay Herriman
