**EXHIBIT B**

**Declaration of Jay Herriman**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                           Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to ERS.** |

**DECLARATION OF JAY HERRIMAN IN SUPPORT OF THE THREE HUNDRED SIXTY-SEVENTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO EMPLOYMENT-RELATED CLAIMS ASSERTED AGAINST THE INCORRECT DEBTOR**

      I, Jay Herriman, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

      1.    I am a Managing Director of Alvarez & Marsal North America, LLC ("A&M"). The Financial Oversight and Management Board (the "Oversight Board") retained A&M to assist with, *inter alia*, the claims reconciliation process for the Debtor's (as defined below) case filed

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations)

pursuant to the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA").[2] Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

2. In my capacity as a Managing Director of A&M, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtor's (as defined below) cases filed pursuant to PROMESA. The Debtor's ongoing claims reconciliation process involves the collective effort of a team of A&M employees, as well as Proskauer Rose LLP and O'Neill & Borges LLC, counsel for the Oversight Board, the legal representative for the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," or the "Debtor").

3. I submit this declaration in support of the *Three Hundred Sixty-Seventh Omnibus Objection (Non-Substantive) of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Employment-Related Claims Asserted Against the Incorrect Debtor* (the "Three Hundred Sixty-Seventh Omnibus Objection").[3] I have personally reviewed the Three Hundred Sixty-Seventh Omnibus Objection and exhibits thereto and am, accordingly, familiar with the information contained therein.

4. In preparation for filing the Three Hundred Sixty-Seventh Omnibus Objection, and under my direction and/or supervision, each of the claims at issue in the Three Hundred Sixty-Seventh Omnibus Objection was carefully reviewed and analyzed in good faith using due diligence by the appropriate personnel. These efforts resulted in the identification of the claims to be reclassified, as identified in Exhibit A to the Three Hundred Sixty-Seventh Omnibus Objection (collectively the "Claims to Be Reclassified").

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3] Capitalized terms used but not defined herein shall have the meanings set forth in the Three Hundred Sixty-Seventh Omnibus Objection.

5. Proskauer identified employment- and pension-related liabilities that should properly be asserted against the Commonwealth, not ERS. To the best of my knowledge, information, and belief, certain of the Claims to Be Reclassified assert liabilities related to pensions and identify ERS as obligor when the proof of claim and/or supporting documentation indicates that such claims are properly asserted, if at all, against the Commonwealth. In addition, certain other Claims to Be Reclassified assert liabilities salaries or wage benefits purportedly owed by the Commonwealth or one of its component agencies, or alleged employment discrimination while employed by the Commonwealth or one of its component agencies. Accordingly, each Claim to Be Reclassified should be reclassified to be asserted against the Commonwealth.

6. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: August 20, 2021

By: /s/ Jay Herriman
     Jay Herriman

## **ANEXO B**

**Declaración de Jay Herriman**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*: <br><br> JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, <br><br>     como representante del <br><br> ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al.*, <br><br>                                    Deudores.[1] | PROMESA <br> Título III <br><br> Núm. 17 BK 3283-LTS <br><br> (Administrado Conjuntamente) <br><br> **La presente radicación guarda relación con el SRE**. |

**DECLARACIÓN DE JAY HERRIMAN EN APOYO DE LA TRICENTÉSIMA SEXAGÉSIMA SÉPTIMA OBJECIÓN GLOBAL (NO SUSTANTIVA) DEL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES LABORALES RADICADAS CONTRA EL DEUDOR INCORRECTO**

Yo, Jay Herriman, de conformidad con el Título 28 U.S.C., § 1746, por medio de la presente, declaro, so pena de incurrir en falso testimonio, que lo que sigue es veraz y correcto a mi leal saber y entender:

1.      Soy director general de Alvarez & Marsal North America, LLC ("A&M"). La Junta de Supervisión y Administración Financiera (la "Junta de Supervisión") contrató a A&M

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático)

para que le ayudara, entre otras cosas, con el proceso de reconciliación de reclamaciones en relación con el caso del Deudor (según se define abajo) radicado conforme a la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA").[2] Salvo disposición en contrario en la presente declaración, tengo conocimiento personal de los hechos aquí expuestos.

2. En mi capacidad de director general de A&M, soy una de las personas responsables de supervisar el proceso de reconciliación y objeciones relativo a las reclamaciones en el marco de los casos del Deudor (según se define abajo) radicados conforme a PROMESA. El proceso continuo de reconciliación de reclamaciones del Deudor implica un esfuerzo colectivo de un equipo de los empleados de A&M, así como de Proskauer Rose LLP y de O'Neill & Borges LLC, abogados de la Junta de Supervisión, el representante legal del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE" o el "Deudor").

3. Realizo esta declaración en apoyo de la *Tricentésima sexagésima séptima objeción global (no sustantiva) del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico a Reclamaciones laborales radicadas contra el deudor incorrecto* (la "Tricentésima sexagésima séptima objeción global").[3] He revisado personalmente la Tricentésima sexagésima séptima objeción global, y los anexos relativos a ella, por lo que estoy familiarizado con la información que contienen.

4. Durante el proceso de preparación para radicar la Tricentésima sexagésima séptima objeción global, bajo mi dirección y/o supervisión, cada una de las reclamaciones

---

[2] PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101-2241.

[3] Los términos en mayúscula utilizados que no estén definidos en el presente documento tendránel significado que les haya sido atribuido en la Tricentésima sexagésima séptima objeción global.

2

controvertidas en la Tricentésima sexagésima séptima objeción global fue examinada y analizada cuidadosamente de buena fe aplicando la debida diligencia por parte del personal pertinente. Dichos esfuerzos resultaron en la identificación de las reclamaciones que han de ser reclasificadas, según se identifica en el Anexo A de la Tricentésima sexagésima séptima objeción global (conjuntamente, las "Reclamaciones que han de ser reclasificadas").

5. Proskauer ha identificado responsabilidades laborales y relacionadas con pensiones, pero lo correcto sería que se alegaran contra el ELA, no contra el SRE. A mi leal saber y entender, algunas de las Reclamaciones que han de ser reclasificadas alegan responsabilidades relacionadas con pensiones e identifican al SRE como deudor, cuando la evidencia de reclamación y/o la documentación justificativa muestran que en todo caso lo correcto sería que dichas reclamaciones se alegaran contra el ELA. Además, algunas otras Reclamaciones que han de ser reclasificadas alegan responsabilidades por beneficios de salarios o sueldos supuestamente adeudados por el ELA o una de sus agencias integrantes, o por supuesta discriminación laboral durante el empleo en el ELA o una de sus agencias integrantes. En consecuencia, cada una de las Reclamaciones que han de ser reclasificadas debe ser reclasificada para alegarse contra el ELA.

6. Declaro, so pena de incurrir en falso testimonio conforme a las leyes de los Estados Unidos de América, que lo que antecede es veraz y correcto a mi leal saber y entender.

Fecha: 20 de agosto de 2021

                                                                       Por:   [Firma en la versión en inglés]
                                                                                     Jay Herriman