# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br>    as representative of<br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>        Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br>    as representative of<br>PUERTO RICO HIGHWAYS AND<br>TRANSPORTATION AUTHORITY,<br><br>        Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS |
| AMERINATIONAL COMMUNITY SERVICES,<br>LLC, as Servicer for the GDB Debt Recovery<br>Authority and CANTOR-KATZ COLLATERAL<br>MONITOR LLC,<br><br>        Plaintiffs,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION,<br>ASSURED GUARANTY CORP., ASSURED | Adv. Proc. No. 21-00068-LTS |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

GUARANTY MUNICIPAL CORP., NATIONAL
PUBLIC FINANCE GUARANTEE
CORPORATION, FINANCIAL GUARANTY
INSURANCE COMPANY, PEAJE INVESTMENTS
LLC, and THE BANK OF NEW YORK MELLON,
as Fiscal Agent,

           Defendants.

---

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,
as representative of PUERTO RICO HIGHWAYS
AND TRANSPORTATION AUTHORITY; THE
FINANCIAL OVERSIGHT AND MANAGEMENT
BOARD FOR PUERTO RICO as representative of
THE COMMONWEALTH OF PUERTO RICO,

           Movants,

v.

AMERINATIONAL COMMUNITY SERVICES,
LLC, as Servicer for the GDB Debt Recovery
Authority and CANTOR-KATZ COLLATERAL
MONITOR LLC,

           Respondents.

**UNOPPOSED URGENT MOTION OF INTERVENING DEFENDANT
FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR LEAVE TO
FILE A MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS,
OR, IN THE ALTERNATIVE, STAY COUNTS I, II, AND IV OF THE
<u>COMPLAINT OF NO MORE THAN 50 PAGES</u>**

**To the Honorable United States District Judge Laura Taylor Swain:**

        Intervening Defendant the Financial Oversight and Management Board for Puerto Rico

(the "<u>Oversight Board</u>"), as sole Title III representative of Debtors the Commonwealth of Puerto

Rico (the "<u>Commonwealth</u>") and the Puerto Rico Highways and Transportation Authority

("<u>HTA</u>") pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic

2

Stability Act ("PROMESA"), respectfully submits this unopposed urgent motion (the "Urgent Motion") requesting the entry of an order, substantially in the form annexed hereto as **Exhibit A** (the "Proposed Order"), granting the Oversight Board leave to exceed the thirty-five (35) page limit set forth in the *Fifteenth Amended Notice, Case Management and Administrative Procedures* [Case No. 17-3283, ECF No. 17127-1] (the "Case Management Procedures") ¶ I.E and file one joint memorandum of law on behalf of the Commonwealth and HTA in support of a motion to dismiss, or in the alternative, stay Counts I, II, and IV of the DRA Parties'[2] Complaint [ECF No. 1] of no more than fifty (50) pages (exclusive of the cover page, the table of contents, the table of authorities, the signature page, exhibits, and the certificate of service).  The DRA Parties and the Defendants do not oppose the relief sought.

### Jurisdiction and Venue

1.      The Court has subject matter jurisdiction pursuant to PROMESA §§ 106(a) and 306(a)(2) because this adversary proceeding arises under PROMESA Title III and is related to the Commonwealth's Title III case.

2.      Venue is appropriate in this District under PROMESA §§ 106(a) and 307, and 28 U.S.C. § 1391.

### Relevant Procedural Background

3.      On June 26, 2021, the DRA Parties commenced this adversary proceeding by filing their Complaint [ECF No. 1].  The Complaint alleges four counts for declaratory relief against defendants Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal

---

[2] The "DRA Parties" are AmeriNational Community Services, LLC, as servicer for the GDB Debt Recovery Authority (the "DRA"), and Cantor-Katz Collateral Monitor LLC, which serves as the collateral monitor for Wilmington Trust, N.A. in connection with the new bonds issued by the DRA.

Corp., National Public Finance Guarantee Corporation, Financial Guaranty Insurance Company, Peaje Investments LLC, and The Bank of New York Mellon, as Fiscal Agent (collectively, the "HTA Bondholders").

4.      The Complaint alleges that it "arises under PROMESA Title III, in a Title III case, relates to the Commonwealth's underlying Title III case, and *involves disputes over property of the Commonwealth and/or HTA*."  *See* Complaint ¶ 14 (emphasis added).  However, the DRA Parties did not name the Commonwealth or HTA as defendants in the Complaint.

5.      By Order dated July 27, 2021, the Court directed, among other things, that the Oversight Board, as Title III representative of the Commonwealth and HTA, file motions to dismiss the Complaint or other dispositive motions by August 26, 2021. *See Order on Joint Status Report Pursuant to Court Order Dated July 16, 2021, [ECF No. 17387] with Respect to (I) DRA Parties Administrative Expense Claim Motion And (II) DRA Adversary Proceeding* [Case No. 17-3283, ECF No. 17529] at 4.

6.      By *Order on Intervention* dated August 11, 2021 [ECF No. 34], the Court granted the Oversight Board, as Title III representative of the Commonwealth and HTA, leave to intervene as a defendant in Counts I, II and IV of the Complaint with full party rights and no limitations.

<u>**Relief Requested and Basis for Such Relief**</u>

7.      Paragraph I.E. of the Case Management Procedures provides that "[u]nless prior permission has been granted . . . memoranda of law in support of motions or Objections are limited to thirty-five (35) pages." Case Management Procedures I.E.  For the reasons stated below, the Oversight Board respectfully requests leave to file one joint motion to dismiss or, alternatively, to stay or terminate, Counts I, II and IV of the Complaint on behalf of the Commonwealth and HTA,

with a joint memorandum of law not to exceed fifty (**50**) **pages,** exclusive of the cover page, the table of contents, the table of authorities, the signature page, exhibits, and the certificate of service.

8.      For purposes of efficiency, rather than separately file and brief motions to dismiss on behalf of the Commonwealth and HTA (each of which would be subject to the 35-page limit in the Case Management Procedures' 35-page limit), the Oversight Board intends to file a single brief of no more than fifty (50) pages.

9.      The Oversight Board's motion to dismiss will seek dismissal of, or alternatively to stay or terminate, Counts I, II, and IV of the Complaint.  Those counts assert a variety of causes of action for declaratory relief regarding the alleged claims and rights of the DRA Parties and the HTA Bondholders to Commonwealth and/or HTA property.  Among other things, the DRA Parties seek declarations that: (i) the DRA Parties have a perfected security interest in Act 30-31 Revenues (as defined in the Complaint) collected by the Commonwealth "wherever located," even if never transferred to HTA (Count I); (ii) the security interest held by HTA Bondholders is limited to revenues deposited by HTA in specified accounts, and does not include Act 30-31 Revenues (Counts II and IV); and, (iii) the DRA Parties have a recourse claim against HTA (Count IV).

10.      The motion to dismiss will address numerous legal issues raised by the allegations in Counts I, II and IV, including whether Counts I, II and IV should be dismissed for at least one or more of the following reasons: (i) the DRA Parties do not have a security interest in the Act 30-31 Revenues collected and retained by the Commonwealth; (ii) even assuming, *arguendo*, HTA could and did grant a security interest in Act 30-31 Revenues retained by the Commonwealth, such a security interest was not perfected; (iii) most, if not all, of the Act 30-31 Revenues consist of excise taxes and fees assessed and collected by the Commonwealth postpetition, for which attachment of a security interest would be precluded by Bankruptcy Code Section 552(a); (iv) the

appropriation provisions of the Act 30-31 Excise Tax Statutes (as defined in the Complaint) are expressly and impliedly preempted by PROMESA; (v) to the extent a count seeks a declaration that the DRA Parties hold a security interest against certain funds actually received and held by HTA and a recourse claim against HTA, such count seeks an impermissible advisory opinion for which the Court lacks subject matter jurisdiction; and (vi) Counts I, II and IV constitute improper objections to HTA Bondholders' claims, and the DRA Parties lack standing to prosecute claim objections.  As noted, the motion also will address the Oversight Board's alternative request to stay or terminate Counts I, II and IV because those counts seek judicial declarations regarding claims by the HTA Bondholders that the Oversight Board has agreed to settle in connection with the proposed Commonwealth proposed plan of adjustment.

11.    The Oversight Board has taken steps to avoid duplicating arguments made by other defendants.  The Oversight Board's counsel reviewed the "meet and confer" letter to the DRA Parties setting forth the grounds for the motion to dismiss that will be filed by the HTA Bondholders, and spoke with counsel for HTA  Bondholders regarding the expected arguments they will make.  The issues to be briefed by the Oversight Board described above are separate and independent of whatever issues may be raised by HTA Bondholders, and will raise legal arguments solely from the perspective of the Oversight Board, on behalf of the Commonwealth and HTA. The Oversight Board also understands that, rather than file its own motion, intervening defendant the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") intends to join the Oversight Board's motion to the extent AAFAF agrees with positions taken and arguments made in the Oversight Board's motion.

12.    The Oversight Board respectfully submits that, in order to adequately address the numerous legal issues described above, it will require more than the thirty-five (35) pages

permitted in the Case Management Procedures. Rather than filing separate motions on behalf of the Commonwealth or HTA (or a further motion by intervening defendant AAFAF), the Oversight Board requests leave to file a single consolidated memorandum of law of no more than fifty (50) pages.

13.     The Complaint also raises issues that could impact the Oversight Board's proposed Commonwealth plan of adjustment and anticipated plan confirmation proceedings, and the Oversight Board believes the consolidated briefing suggested herein will assist the Court as it considers the matter and the issues raised.

14.     The requested relief would not prejudice the DRA Parties, the HTA Bondholders or AAFAF, all of which do not oppose this Urgent Motion.

15.     For all these reasons, the Oversight Board requests it be permitted to file a motion to dismiss Counts I, II and IV of no more than fifty (50) pages.

16.      No prior request for the relief sought in this Urgent Motion has been made to this or any other court.

### Certification of Compliance with Local Rule 9013-1 And
### The Fifteenth Amended Case Management Procedures

17.     Pursuant to Section I.H. of the Case Management Procedures, undersigned counsel certifies it has engaged in reasonable, good-faith communications with counsel for the DRA Parties and the Defendants, who do not oppose the relief sought.  It should be noted that the HTA Bondholders filed a similar urgent motion for leave to file a brief of no more than fifty (50) pages [ECF No. 36], and the DRA Parties advised they had no opposition to such a request.  The Oversight Board seeks only the same treatment with respect to the length of its proposed motion.  Moreover, in accordance with Local Bankruptcy Rule 9013-1(a)(2), undersigned counsel certifies

counsel has carefully examined the matter and concluded there is a true need for expedited consideration of the Urgent Motion, and the Oversight Board has not created the urgency through lack of due diligence on its part.  The undersigned further certifies the Oversight Board made a bona fide and good faith effort to resolve the matter without a hearing.

### Conclusion

WHEREFORE the Oversight Board respectfully requests the Court enter the Proposed Order attached as **Exhibit A**, granting the relief requested herein and all other relief as is just and proper.

*[Remainder of page left blank intentionally]*

Dated: August 23, 2021
San Juan, Puerto Rico

Respectfully submitted,


*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 15205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944
Email: hermann.bauer@oneillborges.com


*/s/ Michael A. Firestein*
Martin J. Bienenstock
Brian S. Rosen
Jeffrey Levitan
Ehud Barak
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900
Email:  mbienenstock@proskauer.com
          brosen@proskauer.com
          jlevitan@proskauer.com
          ebarak@proskauer.com


Michael A. Firestein
Lary Alan Rappaport
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
2029 Century Park East
Suite 2400
Los Angeles, CA 90067-3010
Tel:      (310) 557-2900
Fax:      (310) 557-2193
Email: mfirestein@proskauer.com
          lrappaport@proskauer.com


*Attorneys for the Financial Oversight and*
*Management Board, as representative for*
*the Debtors*

9

**<u>EXHIBIT A</u>**

**Proposed Order**

# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br>        as representative of<br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>        Debtors.[3] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br>        as representative of<br>PUERTO RICO HIGHWAYS AND<br>TRANSPORTATION AUTHORITY,<br><br>        Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS |
| AMERINATIONAL COMMUNITY SERVICES,<br>LLC, as Servicer for the GDB Debt Recovery<br>Authority and CANTOR-KATZ COLLATERAL<br>MONITOR LLC,<br><br>        Plaintiffs,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION,<br>ASSURED GUARANTY CORP., ASSURED<br>GUARANTY MUNICIPAL CORP., NATIONAL<br>PUBLIC FINANCE GUARANTEE<br>CORPORATION, FINANCIAL GUARANTY<br>INSURANCE COMPANY, PEAJE INVESTMENTS | Adv. Proc. No. 21-00068-LTS |

---

[3]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

LLC, and THE BANK OF NEW YORK MELLON,
as Fiscal Agent,

                    Defendants.

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,
as representative of PUERTO RICO HIGHWAYS
AND TRANSPORTATION AUTHORITY; THE
FINANCIAL OVERSIGHT AND MANAGEMENT
BOARD FOR PUERTO RICO as representative of
THE COMMONWEALTH OF PUERTO RICO,

                    Movants,

v.

AMERINATIONAL COMMUNITY SERVICES,
LLC, as Servicer for the GDB Debt Recovery
Authority and CANTOR-KATZ COLLATERAL
MONITOR LLC,

                    Respondents.

**[PROPOSED] ORDER GRANTING UNOPPOSED URGENT MOTION OF
INTERVENING DEFENDANT FINANCIAL OVERSIGHT AND MANAGEMENT
BOARD FOR LEAVE TO FILE A MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO DISMISS, OR. IN THE ALTERNATIVE, STAY
COUNTS I, II, AND IV OF THE COMPLAINT OF NO MORE THAN 50 PAGES**

Upon consideration of the *Unopposed Urgent Motion of Intervening Defendant the
Financial Oversight and Management Board for Leave to File A Memorandum of No More Than
50 Pages in Support of Motion to Dismiss, or, in the Alternative, Stay Counts I, II, and IV of the
Complaint* (the "Urgent Motion");[4] and it appearing that (i) the Court has subject matter
jurisdiction pursuant to PROMESA §§ 106(a) and 306(a)(2) ; (ii) venue of this proceeding is
proper under 28 U.S.C. § 1391(b) and 48 U.S.C. § 2167(a); (iii) no party objects to the relief

---

[4] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Urgent Motion.

requested in the Urgent Motion; and (iv) the Court having found good cause to grant the relief

requested therein, it is hereby **ORDERED** that**:**

1.      The Urgent Motion is **GRANTED** as set forth herein.

2.      The Oversight Board may file a motion to dismiss, or in the alternative, stay or

terminate Counts I, II and IV of the Complaint with a joint memorandum of law of no more than

fifty (50) pages, exclusive of the cover page, the table of contents, the table of authorities, the

signature page, exhibits, and the certificate of service.

3.      The Court retains jurisdiction to hear and determine all matters arising from the

implementation of this Order.

**SO ORDERED**.

Dated:  August __, 2021

_____

HONORABLE LAURA TAYLOR SWAIN
United States District Judge

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

<u>*/s/Hermann D. Bauer*</u>
Hermann D. Bauer