# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br>　　　　　　　　　　　　Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>This filing relates to the Commonwealth. |

### NOTICE OF HEARING FOR OBJECTION OF THE COMMONWEALTH OF PUERTO RICO TO PROOF OF CLAIM OF VAQUERIA TRES MONJITAS, INC.
### (CLAIM NO. 42505)

**PLEASE TAKE NOTICE** that, on August 25, 2021, the Commonwealth of Puerto Rico (the "Commonwealth"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative of the Commonwealth pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] filed the *Objection of the Commonwealth of Puerto Rico to Proof of Claim of Vaqueria Tres*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

*Monjitas (Claim No. 42505)* (the "Objection") with the United States District Court for the District of Puerto Rico (the "Court"), seeking to disallow in its entirety Proof of Claim No. 42505 filed by Vaqueria Tres Monjitas, Inc.

**PLEASE TAKE FURTHER NOTICE** that any response to the Objection must be filed in writing with the Court and must be served upon and received by the undersigned counsel for the Commonwealth by **4:00 pm (Atlantic Time)** on **October 18, 2021**.

**PLEASE TAKE FURTHER NOTICE** that, in the event that one or more responses to the Objection are timely filed, the Objection shall be considered by The Honorable Laura Taylor Swain, at a hearing to be held at the United States District Court for the District of Puerto Rico, 150 Carlos Chardón Street, Federal Building, San Juan, Puerto Rico 00918-1767, at **9:30 a.m.** on **November 3, 2021**.

**PLEASE TAKE FURTHER NOTICE THAT, IF NO RESPONSES TO THE OBJECTION ARE TIMELY FILED, SERVED, AND RECEIVED, IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.**

[*Remainder of page intentionally left blank.*]

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these Title III Cases are available (a) free of charge by visiting https://cases.primeclerk.com/puertorico or by calling +1 (844) 822-9231, and (b) on the Court's website at http://www.prd.uscourts.gov, subject to the procedures and fees set forth therein.

Dated: August 25, 2021  
       San Juan, Puerto Rico

Respectfully submitted,

/s/ *Ricardo Burgos Vargas*  
Ricardo Burgos Vargas  
USDC núm. 218210  
**A&S LEGAL STUDIO, PSC**  
434 Ave. Hostos  
San Juan, PR 00918  
Tel.: (787) 751-6764  
Fax: (787) 763-8260

/s/ *Martin J. Bienenstock*  
Martin J. Bienenstock (*pro hac vice*)  
Brian S. Rosen (*pro hac vice*)  
**PROSKAUER ROSE LLP**  
Eleven Times Square  
New York, NY 10036  
Tel: (212) 969-3000  
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative of the Commonwealth of Puerto Rico*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>This filing relates to the Commonwealth. |

**OBJECTION OF THE COMMONWEALTH OF PUERTO RICO TO PROOF OF CLAIM OF VAQUERIA TRES MONJITAS, INC. (CLAIM NO. 42505)**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative of the Commonwealth pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this objection (the "Objection") to Proof of Claim

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

No. 42505 (the "Claim") of Vaqueria Tres Monjitas, Inc. ("VTM"), for which the Commonwealth is not liable, and in support of the Objection, respectfully represents as follows:

## JURISDICTION

1. The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter pursuant to PROMESA section 306(a).

2. Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A. The Commonwealth Title III Case and Bar Date Orders**

3. On May 3, 2017, the Oversight Board, at the request of the Governor, issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case").

4. On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255]³ (the "Bar Date Motion"). By the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases. Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with

---

³ All ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

5

the Initial Bar Date Order, the "Bar Date Orders") extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

### B. Commonwealth Claims and Claim Objections

5. To date, approximately 180,483 proofs of claim have been filed against the Debtors and logged by Prime Clerk, LLC. Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

6. Of the proofs of claim filed, approximately 117,009 proofs of claim have been filed in relation to, or reclassified to be asserted against, the Commonwealth. In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable, being duplicative of other proofs of claim, being fully satisfied, or failing to provide information necessary for the Debtors to determine whether the claim is valid.

7. VTM is a dairy supplier that produces a variety of milk products. VTM and Suiza Dairy Corporation ("Suiza") each operate fresh milk processing plants and sell fresh milk for purchase to the individual consumers in Puerto Rico. The Puerto Rico Department of Agriculture (the "Department of Agriculture") and the Milk Industry Regulatory Administration for the Commonwealth of Puerto Rico ("ORIF") regulate the prices of raw milk and fresh sold within the Commonwealth of Puerto Rico, including the products sold by VTM and Suiza.

8. On August 13, 2004, VTM and Suiza filed the litigation captioned *Vaquería Tres Monjitas, Inc., et al. Neftali Soto Santiago, et al.*, Case No. 04-1840 (D.P.R.) (the "Litigation") against the Secretary of the Department of Agriculture and the Administrator of ORIF, in their official capacities. In the Litigation, VTM and Suiza contended that defendants had violated the Fourteenth Amendment's Due Process Clause and the Fifth Amendment's Takings Clause by

failing to set prices for raw milk and fresh milk products at a level that allowed VTM and Suiza "to make the reasonable profits to which they are constitutionally entitled." *See* Case No. 3:04-cv-01840-DRD, ECF No. 1, Complaint at ¶ 4.

9. On October 29, 2013, VTM and Suiza, on the one hand, and the Commonwealth, on the other hand, entered into that certain *Final Settlement Agreement and Memorandum of Understanding Between the Parties* (the "Settlement Agreement"), pursuant to which the parties resolved the disputes underlying the Litigation. The Settlement Agreement provided, *inter alia*, for a principal amount of regulatory accrual owed to VTM and Suiza of $170,639,638, of which $123,389,024 was owed to Suiza, and $47,250,614 to VTM. Further, the Settlement Agreement provided that $90 million of that regulatory accrual would be paid by the Commonwealth, while the remaining $80,639,638 were to be paid by a "regulatory accrual charge [that] will continue over all milk sold." *See* Case No. 3:04-cv-08140-DRD, ECF No. 2322, at ¶ 11. The regulatory accrual charge was to be calculated so that "[t]he total payout of the regulatory accrual coming out of the price of milk is scheduled to end as of 2028." *See id.* at ¶ 12. This remaining portion of the regulatory accrual is paid by Puerto Rico consumers via a surcharge on the cost of fresh milk products sold within the Commonwealth. ORIF collects the surcharge paid by consumers and distributes it to VTM and Suiza. The Commonwealth did not assume the obligation to pay the consumer portion of the regulatory accrual.

10. On or about June 8, 2018, VTM filed the Claim against the Commonwealth, and it was logged by Prime Clerk, LLC as Proof of Claim No. 42505. The Claim purports to be based on a settlement agreement to which the Commonwealth, VTM, and Suiza are parties (the "Settlement Agreement"), dated October 29, 2013. The Claim attaches as supporting documentation (*i*) a copy of the executed Settlement Agreement, (*ii*) a copy of the November 6,

7

2013 *Order and Judgment* entered by the court in the Litigation, which approved the Settlement Agreement, and (*iii*) calculations prepared by VTM demonstrating the amounts of remaining regulatory accrual principal and interest it contends it is owed in respect of the "deuda original consumidor," or original consumer debt. The Claim asserts the amount of regulatory accrual principal and interest to be paid via the consumer surcharge.

11. VTM also filed a second proof of claim against the Commonwealth, and it was logged by Prime Clerk, LLC as Proof of Claim No. 46133 (as subsequently amended by Proof of Claim No. 168634, the "Government Claim"). The Government Claim also purports to be based on the Settlement Agreement. The Government Claim also attaches as supporting documentation (*i*) a copy of the executed Settlement Agreement, (*ii*) a copy of the November 6, 2013 *Order and Judgment* entered by the court in the Litigation, which approved the Settlement Agreement, and (*iii*) calculations prepared by VTM demonstrating the amounts of remaining regulatory accrual principal and interest it contends it is owed in respect of the "deuda original Gobierno," or original Government debt. The Government Claim asserts the amount of regulatory accrual principal and interest to be paid by the Commonwealth.

## OBJECTION TO PROOF OF CLAIM

12. Claims that are "unenforceable against the debtor and property of the debtor, under any agreement or applicable law" should be disallowed. 11 U.S.C. § 502(b)(1). While a properly executed and filed proof of claim constitutes *prima facie* evidence of the validity of the claim, *see* Fed. R. Bankr. P. 3001(f), made applicable to this case by PROMESA section 310, the objecting party may overcome this *prima facie* evidence with evidence which, if believed, would refute at least one of the allegations essential to the claim. *In re Reilly*, 245 B.R. 768, 773 (B.A.P. 2d Cir.), *aff'd*, 242 F.3d 367 (2d Cir. 2000); *see also Factors Funding Co. v. Fili (In re Fili)*, 257 B.R. 370, 372 (1st Cir. B.A.P. 2001) ("[A] claim is presumed valid until an objecting party has introduced

8

evidence sufficient to rebut the claimant's prima facie case." (citation omitted)). Federal Rule of Bankruptcy Procedure 3007(d) sets forth a number of grounds for objecting to claim.

13. In accordance with these legal principles, this Objection seeks to disallow the Claim because the Commonwealth is not liable for the liabilities asserted therein. Pursuant to the Settlement Agreement, the Commonwealth assumed liability for a portion of the regulatory accrual, and the remaining portion of the regulatory accrual is to be recovered over time through a surcharge on the price of milk. The Commonwealth is not liable for payment of the portion of the regulatory accrual payable by Puerto Rico's consumers. Rather, that portion of the regulatory accrual is paid via a surcharge on the price of milk purchased by Puerto Rico consumers. That surcharge is collected by ORIF and paid to VTM and Suiza. To date, ORIF is and has been current in its obligations to pay collected surcharges to VTM and Suiza.

14. Accordingly, the Commonwealth is not liable to VTM for the liabilities asserted by the Claim, because those liabilities are to be paid by Puerto Rico consumers. As a result, any failure to disallow the Claim will result in VTM potentially receiving an unwarranted excess recovery against the Commonwealth, to the detriment of other stakeholders in the Title III Cases. VTM also will not be prejudiced by the disallowance of the Claim, because ORIF will continue to impose and collect surcharges from ORIF and make payments to VTM and Suiza, as contemplated by the Settlement Agreement.

15. VTM also will not be prejudiced because it will retain the Government Claim against the Commonwealth, which asserts the portion of the regulatory accrual for which the Commonwealth has assumed an obligation to pay. That Government Claim will be treated in Class

53 of the Plan.[4] The Commonwealth reserves its right to object to the Government Claim on any basis whatsoever.

16. In support of the foregoing, the Commonwealth relies on the *Declaration of Jay Herriman in Support of the Objection of the Commonwealth of Puerto Rico to Proof of Claim of Vaquería Tres Monjitas, Inc. (Claim No. 42505)*, dated August 25, 2021, attached hereto as **Exhibit A**.

## RESERVATION OF RIGHTS

17. This Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the Commonwealth to object to the Claim or any other claim on any ground whatsoever. The Commonwealth expressly reserves all further substantive or procedural objections. Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against the Commonwealth; (b) a waiver of the Commonwealth's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver of the Commonwealth's rights under PROMESA, the Bankruptcy Code or any other applicable law.

## NOTICE

18. The Commonwealth is providing notice of this Objection to (a) the individual creditor subject to the Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Fifteenth Amended Case Management Procedures* [ECF No. 17127-1]), which is available

---

[4] "Plan" refers to the *Seventh Amended Title III Joint Plan of Adjustment for the Commonwealth of Puerto Rico, et al.* [ECF No. 17627].

on the Debtors' case website at https://cases.primeclerk.com/puertorico. The Commonwealth submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

19. No prior request for the relief sought in this Objection has been made to this or any other court.

WHEREFORE, the Commonwealth respectfully requests entry of an order, substantially in the form of the Proposed Order attached hereto as **Exhibit B**, (1) granting the relief requested herein, and (2) granting the Commonwealth such other and further relief as is just.

Dated: August 25, 2021
San Juan, Puerto Rico

Respectfully submitted,

/s/ *Ricardo Burgos Vargas*
Ricardo Burgos Vargas
USDC núm. 218210
**A&S LEGAL STUDIO, PSC**
434 Ave. Hostos
San Juan, PR 00918
Tel.: (787) 751-6764
Fax: (787) 763-8260

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Fax: (787) 753-8944

*Attorneys for the Financial Oversight and Management Board as representative of the the Commonwealth of Puerto Rico*

# **EXHIBIT A**

**Declaration of Jay Herriman**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                                  Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>This filing relates to the Commonwealth. |

**DECLARATION OF JAY HERRIMAN IN SUPPORT OF THE OBJECTION OF THE COMMONWEALTH OF PUERTO RICO TO PROOF OF CLAIM OF VAQUERIA TRES MONJITAS INC. (CLAIM NO. 42505)**

I, Jay Herriman, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Managing Director of Alvarez & Marsal North America, LLC ("A&M"). The Financial Oversight and Management Board (the "Oversight Board") retained A&M to assist with, *inter alia*, the claims reconciliation process for the Debtor's case filed pursuant to the *Puerto*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Rico Oversight, Management, and Economic Stability Act* ("PROMESA").[2] Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

2. In my capacity as Managing Director of A&M, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtor's case filed pursuant to PROMESA. The Debtor's ongoing claims reconciliation process involves the collective effort of a team of A&M employees, as well as Proskauer Rose LLP and O'Neill & Borges LLC, counsel for the Oversight Board, the legal representative of the Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor").

3. I submit this declaration in support of the *Objection of the Commonwealth of Puerto Rico to Proof of Claim of Vaquería Tres Monjitas (Claim No. 42505)* (the "Objection").[3] I personally reviewed the Objection and am, accordingly, familiar with the information contained therein.

4. In preparation for filing the Objection, and under my direction and/or supervision, the proof of claim filed by Vaquería Tres Monjitas, Inc. ("VTM"), which was logged by Prime Clerk, LLC, as Proof of Claim No. 42505 (the "Claim"), was carefully reviewed and analyzed in good faith using due diligence by the appropriate personnel.

5. To the best of my knowledge, information, and belief, the Claim asserts amounts for which the Commonwealth is not liable. Claimant asserts liabilities arising under a Settlement Agreement entered into by the Commonwealth, VTM, and Suiza. Pursuant to the Settlement Agreement, the Commonwealth, VTM, and Suiza agreed on a total principal amount of regulatory accrual to be paid to VTM and Suiza. Further, the Commonwealth assumed liability for a portion

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Objection.

2

of the regulatory accrual, and the remaining portion of the regulatory accrual was to be recovered over time through a surcharge on the price of milk. The Commonwealth is not liable for payment of the portion of the regulatory accrual payable by Puerto Rico's consumers. Rather, that portion of the regulatory accrual is paid via a surcharge on the price of milk purchased by Puerto Rico consumers. That surcharge is collected by ORIF and paid to VTM and Suiza. To date, ORIF is and has been current in its obligations to pay collected surcharges to VTM and Suiza.

6. As a result, any failure to disallow the Claim will result in VTM potentially receiving an unwarranted excess recovery against the Commonwealth to the detriment of other stakeholders in the Title III Cases. Further, VTM will not be prejudiced by the disallowance of its Claim, because (*i*) VTM will continue to receive payment of the surcharge collected by ORIF, and (*ii*) VTM will retain its remaining Government Claim against the Commonwealth, which asserts liabilities associated with the portion of the regulatory accrual for which the Commonwealth assumed liability in the Settlement Agreement. The Commonwealth reserves its right to object to the Government Claim on any other basis whatsoever.

7. Based on the foregoing, and to the best of my knowledge, information, and belief, the information contained in the Objection and exhibits thereto is true and correct, and the relief requested therein is in the best interests of the Commonwealth and its creditors.

8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: August 25, 2021

By: */s/ Jay Herriman*
Jay Herriman

## **EXHIBIT B**

**Proposed Order**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>　　　　　　　　　　　　Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>This filing relates to the Commonwealth. |

### ORDER GRANTING THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO'S OBJECTION TO PROOF OF CLAIM OF VAQUERIA TRES MONJITAS INC. (CLAIM NO. 42505)

Upon the *Objection of the Commonwealth of Puerto Rico to Proof of Claim of Vaquería Tres Monjitas, Inc. (Claim No. 42505)* (the "Objection"),[2] dated August 25, 2021, filed by the Commonwealth of Puerto Rico (the "Commonwealth"), for entry of an order disallowing in its entirety Proof of Claim No. 42505 (the "Claim"), filed against the Commonwealth by Vaquería Tres Monjitas, Inc. ("VTM"), as more fully set forth in the Objection, and supporting exhibit

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Objection.

thereto; and the Court having jurisdiction to consider the Objection and to grant the relief requested therein pursuant to Section 306(a) of PROMESA; and venue being proper pursuant to section 307(a) of PROMESA; and due and proper notice of the Objection having been provided to those parties identified therein, and no other or further notice being required; and the Court having determined that the Claim asserts liabilities for which the Commonwealth is not liable; and the Court having determined that the relief sought in the Objection is in the best interest of the Commonwealth, its creditors, and all the parties in interest; and the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Objection is GRANTED as set forth herein; and it is further

ORDERED that the Claim is hereby disallowed in its entirety; and it is further

ORDERED that Prime Clerk, LLC, is authorized and directed to designate the Claim as expunged on the official claims register in Title III Cases; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____

_____
Honorable Judge Laura Taylor Swain
United States District Judge