UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>This filing relates to ERS. |

**NOTICE OF HEARING FOR OBJECTION OF THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO PROOF OF CLAIM OF MEDLEY CREDIT OPPORTUNITY CAYMAN FUND LP (CLAIM NO. 28262)**

**PLEASE TAKE NOTICE** that, on August 25, 2021, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative of ERS pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] filed the *Objection of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Proof of Claim of Medley Credit Opportunity Cayman Fund LP (Claim No. 28262)* (the "Objection") with the United States District Court for

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

the District of Puerto Rico (the "Court"), seeking to disallow in its entirety Proof of Claim No. 28262 filed by Medley Credit Opportunity Cayman Fund LP.

**PLEASE TAKE FURTHER NOTICE** that any response to the Objection must be filed in writing with the Court and must be served upon and received by the undersigned counsel for ERS by **4:00 pm (Atlantic Time)** on **October 18, 2021**.

**PLEASE TAKE FURTHER NOTICE** that, in the event that one or more responses to the Objection are timely filed, the Objection shall be considered by The Honorable Laura Taylor Swain, at a hearing to be held at the United States District Court for the District of Puerto Rico, 150 Carlos Chardón Street, Federal Building, San Juan, Puerto Rico 00918-1767, at **9:30 a.m.** on **November 3, 2021**.

**PLEASE TAKE FURTHER NOTICE THAT, IF NO RESPONSES TO THE OBJECTION ARE TIMELY FILED, SERVED, AND RECEIVED, IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.**

[*Remainder of page intentionally left blank.*]

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these Title III Cases are available (a) free of charge by visiting https://cases.primeclerk.com/puertorico or by calling +1 (844) 822-9231, and (b) on the Court's website at http://www.prd.uscourts.gov, subject to the procedures and fees set forth therein.

Dated: August 25, 2021
      San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Attorneys for the Financial Oversight and Management Board as representative of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                          Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>This filing relates to ERS. |

## OBJECTION OF THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO PROOF OF CLAIM OF MEDLEY CREDIT OPPORTUNITY CAYMAN FUND LP
## (CLAIM NO. 28262)

To the Honorable United States District Court Judge Laura Taylor Swain:

The Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative of ERS pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this objection (the "Objection") to Proof of Claim No. 28262 (the "Claim") of Medley Credit Opportunity

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

Cayman Fund LP (the "Claimant"), which has been fully satisfied, and in support of the Objection, respectfully represents as follows:

## JURISDICTION

1. The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter pursuant to PROMESA section 306(a).

2. Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A. The ERS Title III Case and Bar Date Orders**

3. On May 3, 2017, the Oversight Board, at the request of the Governor, issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case").

4. On May 21, 2017, the Oversight Board, at the request of the Governor, issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for ERS, pursuant to PROMESA section 304(a), commencing a case under Title III thereof ("ERS Title III Case" and together with the Commonwealth Title III Case, the "Title III Cases"). On June 29, 2017, the Court entered an order granting the joint administration of the Commonwealth Title III Case and ERS Title III Case, for procedural purposes only.

5. On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255][3] (the "Bar Date Motion"). By the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of*

---

[3] All ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

5

*Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases. Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order, the "Bar Date Orders") extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

**B. ERS**

6. ERS is a trust established by the Commonwealth in 1951 for the economic well-being of public employees. ERS is an agency of the government, separate and apart from the Commonwealth government and its other instrumentalities. *See* 3 L.P.R.A § 775.

**C. ERS Claims and Claim Objections**

7. To date, approximately 180,483 proofs of claim have been filed against the Debtors and logged by Prime Clerk, LLC. Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

8. Of the proofs of claim filed, approximately 53,214 proofs of claim have been filed in relation to, or reclassified to be asserted against, ERS. In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable, being duplicative of other proofs of claim, being fully satisfied, or failing to provide information necessary for the Debtors to determine whether the claim is valid.

9. On or about May 29, 2018, Claimant filed the Claim against ERS, and it was logged by Prime Clerk, LLC as Proof of Claim No. 28262. The Claim purports to be based on a

6

partnership agreement to which ERS is a party (the "Partnership Agreement"), asserting liabilities purportedly arising from uncalled capital pursuant to the Partnership Agreement. The Claim attaches as supporting documentation a copy of the executed Partnership Agreement.

## OBJECTION TO PROOF OF CLAIM

10. Claims that are "unenforceable against the debtor and property of the debtor, under any agreement or applicable law" should be disallowed. 11 U.S.C. § 502(b)(1). While a properly executed and filed proof of claim constitutes *prima facie* evidence of the validity of the claim, *see* Fed. R. Bankr. P. 3001(f), made applicable to this case by PROMESA section 310, the objecting party may overcome this *prima facie* evidence with evidence which, if believed, would refute at least one of the allegations essential to the claim. *In re Reilly*, 245 B.R. 768, 773 (B.A.P. 2d Cir.), *aff'd*, 242 F.3d 367 (2d Cir. 2000); *see also Factors Funding Co. v. Fili (In re Fili)*, 257 B.R. 370, 372 (1st Cir. B.A.P. 2001) ("[A] claim is presumed valid until an objecting party has introduced evidence sufficient to rebut the claimant's prima facie case." (citation omitted)). Federal Rule of Bankruptcy Procedure 3007(d) sets forth a number of grounds for objecting to claims, including objecting to a claim that has been fully satisfied pursuant to Federal Rule of Bankruptcy Procedure 3007(d)(5).

11. In accordance with these legal principles, this Objection seeks to disallow the Claim because ERS's books and records demonstrate that the Claim has been fully satisfied. Pursuant to the Partnership Agreement, ERS is one of several limited partners in Medley Credit Opportunity Cayman Fund LP, the Claimant. Each limited partner, including ERS, agreed to make capital contributions to the Claimant in specified amounts when capital is called by the Claimant's general partnership. The Claim asserts liabilities associated with capital commitments made by ERS, but not yet called. However, ERS's records demonstrate that, on February 13, 2019, ERS completed

7

payment of its outstanding capital commitments to the Claimant, and accordingly, the Claim has been fully satisfied.

12. As a result, any failure to disallow the Claim will result in the Claimant potentially receiving an unwarranted excess recovery against ERS, to the detriment of other stakeholders in the Title III Cases.

13. In support of the foregoing, ERS relies on the *Declaration of Jay Herriman in Support of the Objection of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Proof of Claim of Medley Credit Opportunity Cayman Fund LP (Claim No. 28262)*, dated August 25, 2021, attached hereto as **Exhibit A**.

## RESERVATION OF RIGHTS

14. This Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of ERS to object to the Claim or any other claim on any ground whatsoever. ERS expressly reserves all further substantive or procedural objections. Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against ERS; (b) a waiver of ERS's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver of ERS's rights under PROMESA, the Bankruptcy Code or any other applicable law.

## NOTICE

15. ERS is providing notice of this Objection to (a) the individual creditor subject to the Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Fifteenth Amended Case Management Procedures* [ECF No. 17127-1]), which is available on the Debtors'

case website at https://cases.primeclerk.com/puertorico. ERS submits that, in light of the nature of the relief requested, no other or further notice need be given.

## **NO PRIOR REQUEST**

16. No prior request for the relief sought in this Objection has been made to this or any other court.

WHEREFORE, ERS respectfully requests entry of an order, substantially in the form of the Proposed Order attached hereto as **Exhibit B**, (1) granting the relief requested herein, and (2) granting ERS such other and further relief as is just.

Dated: August 25, 2021  
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Hermann D. Bauer*  
Hermann D. Bauer  
USDC No. 215205  
Carla García Benítez  
USDC No. 203708  
**O'NEILL & BORGES LLC**  
250 Muñoz Rivera Ave., Suite 800  
San Juan, PR 00918-1813  
Tel: (787) 764-8181  
Fax: (787) 753-8944

*Attorneys for the Financial Oversight and Management Board as representative of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico*

9

## **EXHIBIT A**

**Declaration of Jay Herriman**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>　　　　　　　　　　　　Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>This filing relates to ERS. |

### DECLARATION OF JAY HERRIMAN IN SUPPORT OF THE OBJECTION OF THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO PROOF OF CLAIM OF MEDLEY CREDIT OPPORTUNITY CAYMAN FUND LP (CLAIM NO. 28262)

I, Jay Herriman, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Managing Director of Alvarez & Marsal North America, LLC ("A&M"). The Financial Oversight and Management Board (the "Oversight Board") retained A&M to assist with, *inter alia*, the claims reconciliation process for the Debtors' cases filed pursuant to the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA").[2] Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

2. In my capacity as Managing Director of A&M, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtor's (as defined below) case filed pursuant to PROMESA. The Debtor's ongoing claims reconciliation process involves the collective effort of a team of A&M employees, as well as Proskauer Rose LLP and O'Neill & Borges LLC, counsel for the Oversight Board, the legal representative of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS" or the "Debtor").

3. I submit this declaration in support of the *Objection of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Proof of Claim of Medley Credit Opportunity Cayman Fund LP (Claim No. 28262)* (the "Objection").[3] I personally reviewed the Objection and am, accordingly, familiar with the information contained therein.

4. In preparation for filing the Objection, and under my direction and/or supervision, the proof of claim filed by Medley Credit Opportunity Cayman Fund LP (the "Claimant"), which was logged by Prime Clerk, LLC, as Proof of Claim No. 28262 (the "Claim"), was carefully reviewed and analyzed in good faith using due diligence by the appropriate personnel.

5. To the best of my knowledge, information, and belief, the Claim is fully satisfied. Claimant asserts liabilities arising under a partnership agreement between ERS and Claimant. Pursuant to the Partnership Agreement, ERS is one of several limited partners in Medley Credit Opportunity Cayman Fund LP, the Claimant. Each limited partner, including ERS, agreed to make capital contributions to the Claimant in specified amounts when capital is called by the Claimant's general partnership. The Claim asserts liabilities associated with capital commitments made by ERS, but not yet called. However, ERS's records demonstrate that on February 13, 2019, ERS

---

[3] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Objection.

completed payment of its outstanding capital commitments to the Claimant, and accordingly, the Claim has been fully satisfied.

6. As a result, any failure to disallow the Claim will result in the Claimant potentially receiving an unwarranted excess recovery against ERS to the detriment of other stakeholders in the Title III Cases.

7. Based on the foregoing, and to the best of my knowledge, information, and belief, the information contained in the Objection and exhibits thereto is true and correct, and the relief requested therein is in the best interests of the Commonwealth and its creditors.

8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: August 25, 2021

By: */s/ Jay Herriman*
Jay Herriman

## **EXHIBIT B**

**Proposed Order**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>   Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>This filing relates to ERS. |

### ORDER GRANTING THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO'S OBJECTION TO PROOF OF CLAIM OF MEDLEY CREDIT OPPORTUNITY CAYMAN FUND LP (CLAIM NO. 28262)

Upon the *Objection of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Proof of Claim of Medley Credit Opportunity Cayman Fund LP (Claim No. 28262)* (the "Objection"),[2] dated August 25, 2021, filed by the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), for entry of an order disallowing in its entirety Proof of Claim No. 28262 (the "Claim"), filed against ERS by Medley Credit Opportunity Cayman Fund LP, as more fully set forth in the Objection, and supporting exhibit thereto; and the Court having jurisdiction to consider the Objection and to grant the relief

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Objection.

requested therein pursuant to Section 306(a) of PROMESA; and venue being proper pursuant to Section 307(a) of PROMESA; and due and proper notice of the Objection having been provided to those parties identified therein, and no other or further notice being required; and the Court having determined that the Claim asserts liabilities which have been fully satisfied; and the Court having determined that the relief sought in the Objection is in the best interest of the Commonwealth, its creditors, and all the parties in interest; and the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Objection is GRANTED as set forth herein; and it is further

ORDERED that the Claim is hereby disallowed in its entirety; and it is further

ORDERED that Prime Clerk, LLC, is authorized and directed to designate the Claim as expunged on the official claims register in Title III Cases; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____

_____
Honorable Judge Laura Taylor Swain
United States District Judge

2