Hearing Date: November 3, 2021 at 9:30AM (Atlantic Time)
Response Deadline: October 18, 2021 at 4:00PM (Atlantic Time)

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

## THREE HUNDRED NINETY-FIRST OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO PARTIALLY SATISFIED AND PARTIALLY NO LIABILITY CLAIMS

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth," or the "Debtor"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"),

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

as sole Title III representative of the Commonwealth pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this three hundred ninety-first omnibus objection (the "Three Hundred Ninety-First Omnibus Objection") to the partially satisfied and partially no liability proofs of claim listed on **Exhibit A** hereto, on the basis that each of these claims (*i*) has been partially satisfied, (*ii*) asserts, in part, amounts owed by entities that are not Title III debtors, and/or (*iii*) asserts amounts for which the Commonwealth is not liable and, in connection therewith, the Three Hundred Ninety-First Omnibus Objection seeks to reduce the amount asserted in the claim against the Commonwealth. The Commonwealth reserves the right to object to any of the remaining amounts asserted in the claims, as identified in the column titled "Remaining Claim" in **Exhibit A** hereto, on any basis whatsoever. In support of the Three Hundred Ninety-First Omnibus Objection, the Commonwealth respectfully represents as follows:

## JURISDICTION

1. The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2. Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

A. **The Bar Date Orders**

3. On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

Commonwealth, pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case" or the "Title III Case").

4.    On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255][3] (the "Bar Date Motion"). Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Case. Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order the "Bar Date Orders"), extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

### B.    Proofs of Claim, Omnibus Objection Procedures, and Claim Objections

5.    To date, approximately 180,483 proofs of claim have been filed against the Debtors and logged by Prime Clerk, LLC. Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

6.    Of the proofs of claim filed, approximately 117,009 have been filed in relation to, or reclassified to be asserted against, the Commonwealth. In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable,

---

[3]  Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

being duplicative of other proofs of claim, or failing to provide information necessary for the Debtors to determine whether the claim is valid.

7.      In order to efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion").  The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018.  *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures").  On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures.  *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

8.      In the continued interest of resolving any unnecessary proofs of claims in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, and to approve additional forms of notice.  *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091].  On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional*

*Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "<u>Amended Omnibus
Objection Procedures</u>").

9.      Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus
Objection Procedures, the Court has held over 15 hearings and entered orders on over 310 omnibus
objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation
("<u>COFINA</u>"), the Puerto Rico Highways and Transportation Authority ("<u>HTA</u>"), the Puerto Rico
Electric Power Authority ("<u>PREPA</u>"), the Employees Retirement System for the Government of
the Commonwealth of Puerto Rico ("<u>ERS</u>"), and/or the Puerto Rico Public Buildings Authority
("<u>PBA</u>").  Based upon rulings and orders of the Court to date, approximately 100,649 claims,
asserting over $43.0 trillion in liability against the Commonwealth, COFINA, HTA, PREPA, ERS,
and PBA have been disallowed and will be expunged from the claims registry in the Title III
proceedings upon entry of final orders.

10.     This Three Hundred Ninety-First Omnibus Objection is filed in accordance with
the Court's Amended Omnibus Objection Procedures.

## OBJECTIONS TO PROOFS OF CLAIM

11.     The Amended Omnibus Objection Procedures allow the Commonwealth to file an
omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of
Bankruptcy Procedure 3007(d)(1)-(7), as well as on other substantive bases set forth in the
Amended Omnibus Objection Procedures.  Claims that are "unenforceable against the debtor and
property of the debtor, under any agreement or applicable law" should be disallowed.  11 U.S.C.
§ 502(b)(1).  Additionally, Federal Rule of Bankruptcy Procedure 3007(d)(5) provides for
objections to claims on the basis that the claims have been satisfied.

12.     In accordance with the Amended Omnibus Objection Procedures, the Three
Hundred Ninety-First Omnibus Objection seeks to reduce the amount of the claims asserted against

the Commonwealth to the extent (*i*) they have already been satisfied, (*ii*) they assert liabilities associated with entities that are not Title III debtors, and/or (*iii*) they assert amounts for which the Commonwealth is not liable.

13.     Each claim listed on **Exhibit A** hereto (collectively the "Partially Satisfied and Partially No Liability Claims") purports to assert liabilities based on a contract entered into by the Commonwealth or an invoice issued to the Commonwealth.  The Commonwealth's records, however, show that a portion of the liabilities associated with certain of the Partially Satisfied and Partially No Liability Claims have been paid by the Commonwealth, as detailed in **Exhibit A** hereto.  As a result, any failure to reduce the amounts asserted in the Partially Satisfied and Partially No Liability Claims to the extent they have been paid or satisfied will result in the applicable claimants potentially receiving an unwarranted excess recovery against the Commonwealth, to the detriment of other stakeholders in the Title III Case.  The holders of the Partially Satisfied and Partially No Liability Claims will not be prejudiced by the reduction in their claim amounts because the claims are only being reduced to the extent they have been satisfied, and the remaining amounts owed are not subject to this objection.

14.     In addition, certain of the Partially Satisfied and Partially No Liability Claims also purport to assert liabilities associated with entities that are not a part of the Commonwealth or any other Title III debtor.  For example, certain of the Partially Satisfied and Partially No Liability Claims assert liabilities associated with, for example, the Puerto Rico Health Insurance Administration, the Municipality of Bayamón, or the University of Puerto Rico.  None of those entities are a part of the Commonwealth or otherwise a Title III Debtor.  Rather, each is a separate entity, legally distinct from the Commonwealth and each of the other Title III Debtors.  None of the Partially Satisfied and Partially No Liability Claims provide a basis for asserting a claim against

either the Commonwealth or any of the other Title III Debtors in respect of amounts owed by any of the entities asserted.  Accordingly, certain of the Partially Satisfied and Partially No Liability Claims fails to comply with the applicable rules because each does not provide a basis for asserting a claim against either the Commonwealth or any other Title III Debtor for amounts owed by separate, legally distinct entities.  Because of this failure to comply with the applicable rules, neither the Debtors nor the Court are able to determine the validity of the Partially Satisfied and Partially No Liability Claims.

15.      Further, certain of the Partially Satisfied and Partially No Liability Claims assert amounts for which the Commonwealth is not liable.  For example, in some instances, the Partially Satisfied and Partially No Liability Claims assert amounts purportedly owed based on a contract entered into by the Commonwealth; however, the Commonwealth is not liable for the amounts asserted because, for example, the invoices asserted were not for goods and services covered by the contract, the purchase order asserted had been cancelled, an invoice was issued without a purchase order, or other similar reasons.  In other instances, the Partially Satisfied and Partially No Liability Claims assert amounts purportedly owed based on an invoice issued to the Commonwealth; however, that invoice was not properly certified, as required by Puerto Rico law. Accordingly, certain of the Partially Satisfied and Partially No Liability Claims assert amounts for which the Commonwealth is not liable, and the Commonwealth respectfully requests that the Court disallow, in part, the Partially Satisfied and Partially No Liability Claims.

16.      Claimants will retain a remaining claim (collectively, the "Modified Claims"), as identified in the column titled "Modified Claim" in **Exhibit A** hereto.  The Commonwealth reserves its rights to object to the Modified Claims on any grounds whatsoever.

17.     In support of the foregoing, the Commonwealth relies on the *Declaration of Jay Herriman in Support of the Three Hundred Ninety-First Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Partially Satisfied and Partially No Liability Claims*, dated August 25, 2021, attached hereto as **Exhibit B**.

## NOTICE

18.     In accordance with the Omnibus Objection Procedures and the Court's Notice Order, the Debtors are providing notice of this Three Hundred Ninety-First Omnibus Objection to (a) the individual creditors subject to this Three Hundred Ninety-First Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Fifteenth Amended Case Management Procedures* [ECF No. 17127-1]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico.  A copy of the notice for this Three Hundred Ninety-First Omnibus Objection is attached hereto as **Exhibit C**.  Spanish translations of the Three Hundred Ninety-First Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## RESERVATION OF RIGHTS

19.     This Three Hundred Ninety-First Omnibus Objection is limited to the grounds stated herein.  Accordingly, it is without prejudice to the rights of the Debtors to object to the Partially Satisfied and Partially No Liability Claims or the Remaining Claims or any other claims on any ground whatsoever.  The Debtors expressly reserve all further substantive or procedural objections.  Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any prepetition agreement, contract, or

lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver of the Debtors' rights under

PROMESA, the Bankruptcy Code or any other applicable law.

## **NO PRIOR REQUEST**

20.    No prior request for the relief sought in this Three Hundred Ninety-First Omnibus

Objection has been made to this or any other court.


[*Remainder of Page Intentionally Left Blank*]

WHEREFORE the Commonwealth respectfully requests entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting the Commonwealth such other and further relief as is just.

Dated: August 25, 2021                                           Respectfully submitted,
      San Juan, Puerto Rico

                                                                  /s/ *Hermann D. Bauer*
                                                                  Hermann D. Bauer
USDC No. 215205
Carla García-Benítez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Commonwealth of Puerto Rico*

**Fecha de la vista: 3 de noviembre de 2021, a las 9:30 a.m. (AST)**
**Fecha límite para responder: 18 de octubre de 2021, a las 4:00 p.m. (AST)**

---

**REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA
DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

---

## TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
## PARA EL DISTRITO DE PUERTO RICO

| | |
|---|---|
| *In re*: | PROMESA |
| | Título III |
| JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, | |
| | Núm. 17 BK 3283-LTS |
| como representante del | |
| | (Administrado Conjuntamente) |
| ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*., | |
| | **La presente radicación guarda relación con el ELA.** |
| Deudores.[1] | |

---

### TRICENTÉSIMA NONAGÉSIMA PRIMERA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES PARCIALMENTE SATISFECHAS Y PARCIALMENTE NO VINCULADAS CON RESPONSABILIDAD

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor Swain:

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

El Estado Libre Asociado de Puerto Rico (el "ELA" o el "Deudor"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como el único representante de Título III del ELA conforme a la sección 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radica esta tricentésima nonagésima primera objeción global (la "Tricentésima nonagésima primera objeción global") a las evidencias de reclamaciones parcialmente satisfechas y parcialmente no relacionadas con responsabilidad que aparecen en el **Anexo A** del presente documento, sobre la base de que cada una de dichas reclamaciones *i*) ha sido parcialmente satisfecha, *ii*) alega, en parte, montos adeudados por entidades que no son deudores de Título III y/o *iii*) alega montos por los que el ELA no es responsable y, en conexión con ello, la Tricentésima nonagésima primera objeción global pretende que se reduzca el monto alegado en la reclamación contra el ELA.  El ELA se reserva el derecho a oponerse a cualquiera de los montos restantes alegados en las reclamaciones, según se identifican en la columna titulada "Reclamación Restante" en el **Anexo A** del presente documento, sobre la base de los motivos que fueren. En apoyo de la Tricentésima nonagésima primera objeción global, el ELA manifiesta respetuosamente lo siguiente:

## JURISDICCIÓN

1.     El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme a la sección 306(a) de PROMESA.

2.     La sede judicial de este distrito es la competente conforme a la sección 307(a) de PROMESA.

---

[2]  PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101 a 2241.

## ANTECEDENTES

### A.    Órdenes de Fecha Límite

3.    El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el ELA conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III del ELA" o el "Caso de Título III").

4.    El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF núm. 2255][3] (la "Moción de Fecha Límite"). Conforme a la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF. núm. 2521] (la "Orden Inicial de Fecha Límite"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco del Caso de Título III. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF núm. 3160] (conjuntamente con la Orden Inicial de Fecha Límite, las "Órdenes de Fecha Límite"), extendiendo dichas fechas límite hasta el 29 de junio de 2018, a las 04:00 p.m. (AST).

### B.    Evidencias de reclamaciones, procedimientos relativos a objeciones globales y objeciones a reclamaciones

---

[3]   Salvo disposición en contrario contenida en el presente documento, las citas ECF harán referencia a documentos radicados en el marco del Caso de Quiebra Núm. 17 BK 3283-LTS.

5.       Hasta la fecha, se han radicado aproximadamente 180,483 evidencias de reclamaciones contra los Deudores, que han sido registradas por Prime Clerk, LLC. Dichas evidencias de reclamaciones ascienden a un total aproximado de $43.6 billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados reclamados.

6.       De las evidencias de reclamaciones radicadas, aproximadamente 117,009 han sido radicadas en relación con el ELA, o reclasificadas como radicadas contra el ELA. De conformidad con las condiciones de las Órdenes de Fecha Límite, muchas de estas reclamaciones no deberían haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por la que los Deudores sean responsables, estar duplicadas en relación con otras evidencias de reclamaciones o no aportar información necesaria para que los Deudores determinen si la reclamación es válida.

7.       Para resolver eficazmente el mayor número posible de las evidencias de reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) conceda el remedio relacionado* [ECF núm. 4052] (la "Moción de Procedimientos Globales"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden que A) aprueba procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado* [ECF núm. 4230]; *Procedimientos relativos a Objeciones Globales* [ECF núm. 4230-1] (conjuntamente, los "Procedimientos Iniciales relativos a Objeciones Globales"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a

las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [ECF núm. 4381] (la "Orden de Notificación").

8.       En aras del interés constante por resolver eficazmente cualquier evidencia de reclamación innecesaria, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de vista en relación con una Orden que A) apruebe Procedimientos Enmendados relativos a Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF núm. 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden que A) aprueba Procedimientos Enmendados relativos a Objeciones Globales, B) exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas de notificación adicionales y D) concede el remedio relacionado* [ECF núm. 7440] (los "Procedimientos Enmendados relativos a Objeciones Globales").

9.       Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal ha celebrado más de 15 vistas y ha dictado órdenes sobre más de 310 objeciones globales radicadas por el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT"), la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE"), el Sistema de Retiro de los Empleados del Gobierno del Estado Libre

Asociado de Puerto Rico (el "SRE") y/o la Autoridad de Edificios Públicos de Puerto Rico (la "AEP"). Sobre la base de las resoluciones y órdenes del Tribunal dictadas hasta la fecha, aproximadamente 100,649 reclamaciones que reivindicaban más de $43.0 billones en responsabilidad contra el ELA, COFINA, la ACT, la AEE, el SRE y la AEP fueron rechazadas y serán retiradas del registro de reclamaciones en el marco de los procedimientos radicados conforme al Título III una vez dictadas las órdenes finales.

10.    Esta Tricentésima nonagésima primera objeción global se radica de conformidad con los Procedimientos Enmendados relativos a Objeciones Globales del Tribunal.

## <u>OBJECIONES A EVIDENCIAS DE RECLAMACIONES</u>

11.    Los Procedimientos Enmendados relativos a Objeciones Globales permiten al ELA radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los Procedimientos Enmendados relativos a Objeciones Globales. Las reclamaciones que sean "inejecutables contra el deudor y los bienes de este, en virtud de cualquier contrato o normativa legal aplicable" deben rechazarse. Título 11 U.S.C., § 502(b)(1). Además, la regla 3007(d)(5) de las Reglas Federales del Procedimiento de Quiebra (*Federal Rule of Bankruptcy Procedure*) permite oponerse a reclamaciones sobre la base de que las reclamaciones han sido satisfechas.

12.    De conformidad con los Procedimientos Enmendados relativos a Objeciones Globales, la Tricentésima nonagésima primera objeción global pretende que se reduzca el monto de las reclamaciones radicadas contra el ELA en la medida en que estas *i*) hayan sido satisfechas,

*ii*) aleguen responsabilidades vinculadas con entidades que no son deudores de Título III y/o *iii*)

aleguen montos por los que el ELA no es responsable.

13.     Cada reclamación identificada en el **Anexo A** del presente documento

(conjuntamente, las "Reclamaciones parcialmente satisfechas y parcialmente no vinculadas con

responsabilidad") pretende alegar responsabilidades sobre la base de un contrato celebrado por el

ELA o una factura emitida al ELA. Sin embargo, los datos del ELA indican que parte de las

responsabilidades vinculadas con determinadas Reclamaciones parcialmente satisfechas y

parcialmente no vinculadas con responsabilidad ha sido pagada por el ELA, según se explica con

más detalle en el **Anexo A** del presente documento. En consecuencia, si los montos alegados en

las Reclamaciones parcialmente satisfechas y parcialmente no vinculadas con responsabilidad no

se redujeran en la medida en la que han sido pagados o satisfechos, ello resultaría en que los

correspondientes reclamantes obtuvieran potencialmente una recuperación excesiva no justificada

contra el ELA en detrimento de otras partes interesadas en el Caso de Título III. Los titulares de

las Reclamaciones parcialmente satisfechas y parcialmente no vinculadas con responsabilidad no

se verán perjudicados por el hecho de que se reduzcan los montos de las reclamaciones, puesto

que las reclamaciones solo se reducen en la medida en la que estas han sido satisfechas, mientas

que los montos restantes adeudados no son objeto de esta objeción.

14.     Además, algunas Reclamaciones parcialmente satisfechas y parcialmente no

vinculadas con responsabilidad también pretenden alegar responsabilidades asociadas con

entidades que no forman parte del ELA ni de ningún otro deudor de Título III. Por ejemplo,

determinadas Reclamaciones parcialmente satisfechas y parcialmente no vinculadas con

responsabilidad alegan responsabilidades asociadas con, por ejemplo, la Administración de

Seguros de Salud de Puerto Rico, el Municipio de Bayamón o la Universidad de Puerto Rico.

Ninguna de esas entidades forma parte del ELA ni es un Deudor de Título III. Por el contrario, cada una es una entidad aparte, distinta del ELA y de los demás Deudores de Título III desde el punto de vista jurídico. Además, ninguna de las Reclamaciones parcialmente satisfechas y parcialmente no vinculadas con responsabilidad proporciona fundamento alguno para alegar reclamaciones contra el ELA o cualquier otro Deudor de Título III en relación con los montos adeudados por cualquiera de las entidades mencionadas. En consecuencia, determinadas de las Reclamaciones parcialmente satisfechas y parcialmente no vinculadas con responsabilidad no cumplen con las normas aplicables, ya que ninguna de ellas proporciona fundamento alguno para alegar reclamaciones contra el ELA o cualquier otro Deudor de Título III por montos adeudados por unas entidades aparte y jurídicamente distintas. Como consecuencia de dicho incumplimiento de la normativa aplicable, ni los Deudores ni el Tribunal pueden determinar la validez de las Reclamaciones parcialmente satisfechas y parcialmente no vinculadas con responsabilidad.

15.     Además, algunas de las Reclamaciones parcialmente satisfechas y parcialmente no vinculadas con responsabilidad alegan montos por los que el ELA no es responsable. Por ejemplo, en algunos casos, las Reclamaciones parcialmente satisfechas y parcialmente no vinculadas con responsabilidad alegan montos supuestamente adeudados sobre la base de un contrato suscrito por el ELA; sin embargo, el ELA no es responsable por los montos reclamados porque, por ejemplo, las facturas reclamadas no eran por bienes y servicios cubiertos bajo el contrato, la orden de compra reclamada fue cancelada, la factura se emitió sin una orden de compra u otras razones similares. En otros casos, las Reclamaciones parcialmente satisfechas y parcialmente no vinculadas con responsabilidad alegan montos supuestamente adeudados sobre la base de una factura emitida al ELA. Sin embargo, dicha factura no se ha certificado debidamente, de conformidad con lo exigido por la legislación de Puerto Rico. En consecuencia, algunas de las

Reclamaciones parcialmente satisfechas y parcialmente no vinculadas con responsabilidad alegan montos por los que el ELA no es responsable, por lo que el ELA solicita respetuosamente que el Tribunal rechace, en parte, las Reclamaciones parcialmente satisfechas y parcialmente no vinculadas con responsabilidad.

16.     Los reclamantes conservarán una reclamación restante (conjuntamente, las "Reclamaciones Modificadas"), según lo identificado en la columna titulada "Reclamación Modificada" en el **Anexo A** del presente documento. El ELA se reserva los derechos a oponerse a las Reclamaciones Modificadas sobre la base de los motivos que fueren.

17.     En apoyo de lo anterior, el ELA invoca la *Declaración de Jay Herriman en apoyo de la Tricentésima nonagésima primera objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones parcialmente satisfechas y parcialmente no vinculadas con responsabilidad*, de fecha 25 de agosto de 2021, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

18.     De conformidad con los Procedimientos relativos a Objeciones Globales y la Orden de Notificación del Tribunal, los Deudores notifica la presente Tricentésima nonagésima primera objeción global a) a los acreedores individuales objeto de esta Tricentésima nonagésima primera objeción global, b) al U.S. Trustee, y c) a la Lista maestra de notificaciones (según se define en los *Procedimientos de administración de casos enmendados núm. 15* [ECF núm. 17127-1]), disponibles en el sitio web de casos de los Deudores, en https://cases.primeclerk.com/puertorico. Una copia de la notificación de esta Tricentésima nonagésima primera objeción global se adjunta al presente como **Anexo C**. Las traducciones al español de la Tricentésima nonagésima primera objeción global y de la totalidad de los anexos adjuntos al presente se están radicando con la presente objeción y se trasladarán a las partes. Los Deudores sostienen que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

## **RESERVA DE DERECHOS**

19.     Esta Tricentésima nonagésima primera objeción global se limita a los motivos expuestos en este documento. En consecuencia, esta se radica sin perjuicio de los derechos de los Deudores a objetar a las Reclamaciones parcialmente satisfechas y parcialmente no vinculadas con responsabilidad, a las Reclamaciones Restantes o a cualesquiera otras reclamaciones sobre la base de los motivos que fueren. Los Deudores se reservan expresamente el derecho a radicar toda otra objeción sustantiva o procesal. Ninguna disposición contenida en el presente documento, ni ninguna acción adoptada conforme a tal remedio, tienen por objetivo, ni se interpretarán en el sentido de que: a) constituyan una admisión en cuanto a la validez de cualesquiera reclamaciones contra los Deudores; b) constituyan una renuncia a los derechos que asisten a los Deudores a impugnar cualquier reclamación sobre la base de los motivos que fueren; c) constituyan una promesa o requisito para pagar cualquier reclamación; d) constituyan una solicitud o autorización a asumir cualquier acuerdo, contrato o arrendamiento anteriores a la petición conforme al artículo 365 del Código de Quiebras; o e) constituyan una renuncia a los derechos que asisten a los Deudores conforme a PROMESA, el Código de Quiebras o cualquier otra normativa legal aplicable.

## **AUSENCIA DE SOLICITUDES PREVIAS**

20.     No se ha radicado ninguna solicitud de remedio previa a la presente Tricentésima nonagésima primera objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.

[*El resto de la página se deja en blanco intencionadamente*]

POR LO QUE el ELA solicita respetuosamente que se dicte una orden, esencialmente en la forma de la Orden Propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda al ELA cualesquiera otros remedios que se consideren justos.

Fecha: 25 de agosto de 2021                                    Respetuosamente sometida,
       San Juan (Puerto Rico)

*[Firma en la versión en inglés]*
Hermann D. Bauer
USDC núm. 215205
Carla García-Benítez
USDC núm. 203708
Gabriel A. Miranda
USDC núm. 306704
**O'NEILL & BORGES LLC**
250 Avenida Muñoz Rivera, local 800
San Juan, PR 00918-1813
Tel.: (787) 764-8181
Fax: (787) 753-8944

*[Firma en la versión en inglés]*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel.: (212) 969-3000
Fax: (212) 969-2900

*Abogados de la Junta de Supervisión y Administración Financiera para Puerto Rico, como representante del Estado Libre Asociado de Puerto Rico.*