UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | PROMESA Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | Case No. 17-BK-3283 (LTS) |
| as representative of | |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | |
| Debtors.[1] | |
| In re: | PROMESA Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | Case No. 17-BK-3567 (LTS) |
| as representative of | |
| THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, | |
| Debtor. | |
| In re: | PROMESA Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | Case No. 17-BK-3566 (LTS) |
| as representative of | |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK- 3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523 (LTS)) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

| | |
|---|---|
| THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO,<br><br>    Debtor.<br>_____<br>In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>    Debtor.<br>_____ | PROMESA<br>Title III<br><br>Case No. 17-BK-4780 (LTS) |

## **ORDER STAYING VENDOR AVOIDANCE ACTIONS**

This matter is before the Court on *Omnibus Motion by the Financial Oversight and Management Board for Puerto Rico, Acting by and through the Members of the Special Claims Committee, and the Official Committee of Unsecured Creditors to (I) Stay Litigation in the Vendor Avoidance Actions or, Alternatively, (II) Extend Litigation Deadlines in the Vendor Avoidance Actions* (Dkt. No. 17717 in Case No. 17-BK-3283), which was filed in each of the Vendor Avoidance Actions[2] listed in the attached Appendix (the "Motions").[3] The Court set a briefing schedule on the Motions, and received oppositions from only two defendants in the Vendor Avoidance

---

[2] Capitalized terms not defined herein shall have the meanings given to them in the Motions.

[3] The Court has added Case Number 19-227 to the Appendix. By motion dated August 20, 2021, the Movants and the Defendant in that case jointly moved to set aside the Clerk's entry of default and stay the proceeding in accordance with the procedure outlined in the Motions. See Dkt. No. 33 in Case No. 19-227. The Court has concurrently entered an order allowing the parties' request in Case Number 19-227.

2

Actions: Postage by Phone Reserve Account, the defendant in Case Number 19-181 (Dkt. No. 27 in 19-181) (the "Postage by Phone Opposition") and International Surveillance Services Corporation, the defendant in Case Number 19-202 ("ISSC") (Dkt. No. 29 in Case No. 19-202) (the "ISSC Opposition"). The Court has also received and reviewed Movants' Reply to the Motions (Dkt. No. 17907 in Case No. 17-3283) (the "Reply").

Through the Motions, Movants seek to stay the Vendor Avoidance Actions through, at least, the Title III Court's confirmation hearing on the Commonwealth's Proposed Plan of Adjustment, which is scheduled to commence on November 8, 2021. The Movants represent that, pursuant to an agreement between the Oversight Board and the Official Committee of Unsecured Creditors (the "Committee Agreement"), on the Effective Date of the Plan, the Movants intend to transfer the Vendor Avoidance Actions to an Avoidance Actions Trust, and the SCC will "stand down" from actively litigating such actions as a co-plaintiff with the Committee. (See Motions ¶ 2.) The Movants argue that this proposed stay will aid in effectuating the transfer of these cases in accordance with the Committee Agreement, reduce costs for all parties, and will allow Movants to focus their resources on resolving these cases consensually ahead of plan confirmation hearings. (See id. ¶¶ 22-24). Movants further represent that, during the stay, they will "continu[e] to work toward the potential consensual resolutions of additional Vendor Avoidance Actions out of court[.]" (Id. ¶ 3.) Movants' proposed stay would terminate thirty (30) days after the earlier of the Effective Date of the Plan or the entry of a final, non-appealable order denying confirmation of the Plan, at which time the Movants, or the Avoidance Actions Trust (if the Plan is confirmed), shall file a motion requesting removal of the stay of each remaining

3

Vendor Avoidance Action and shall propose appropriate litigation deadlines. (See id., Proposed Order ¶¶ 2, 4.)

Postage by Phone argues that the stay should not apply to its case because it plans to file a motion to dismiss based on lack of personal jurisdiction and deficient service of process, and that the Court should decide that discrete issue before imposing a stay. (See Postage by Phone Opp. at ¶¶ 15-23.) In the Reply, Movants represent that they "consent to the removal of Postage by Phone from the relief requested in the Stay Motion." (Reply ¶ 1.) Movants further request that the Court enter a briefing schedule on Postage by Phone's Motion to Dismiss.[4] ISSC argues that the Court should deny the Movants' request for a stay because it does not believe Movants will negotiate in good faith to resolve its case, and because "the filing of the instant action is causing serious problems to defendants, specifically accounting problems." (ISSC Opp. at 4.) The Reply does not address the ISSC Opposition.

The Court hereby ALLOWS IN PART the Motions in accordance with this order. Except as provided herein, the Motions are allowed to the extent they seek to stay the Vendor Avoidance Actions listed in the Appendix attached hereto until thirty (30) days following the Effective Date of the Plan, if the Plan is confirmed, or thirty (30) days following entry of a final, non-appealable order denying confirmation of the Plan. Upon the expiration of the stay, any party may file an appropriate motion seeking to re-commence any of the stayed Vendor Avoidance Actions.

---

[4] Specifically, Movants proposed setting September 10, 2021 as the deadline for Postage by Phone's response to the Complaint, October 29, 2021 as the deadline for Movants' opposition to the contemplated motion to dismiss, and December 3, 2021 as the deadline for any reply. (See Reply at 2.)

4

Case No. 19-181 shall not be stayed, and the Court hereby sets the following briefing schedule with respect to Postage by Phone's contemplated motion to dismiss: the motion to dismiss shall be filed by **September 10, 2021**, any opposition shall be filed **by October 29, 2021**, and any reply shall be filed by **December 3, 2021**. The Court will thereafter take the motion to dismiss on submission.[5]

With respect to Case Number 19-202, if the stay is not lifted in accordance with this Order by **January 11, 2022**, ISSC may file a motion seeking to lift the stay, which motion shall be heard at the Omnibus Hearing scheduled for **February 2, 2022**. In accordance with the Case Management Procedures (see Dkt. No. 17127-1 in Case No. 17-3283), the motion seeking to lift the stay must be filed on **January 11, 2022**, any objection to the motion to lift the stay must be filed by **January 18, 2022**, and any reply must be filed by **January 25, 2022** for the motion to be heard at the Omnibus Hearing on February 2, 2022.

SO ORDERED.

/s/ Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge

Dated: August 26, 2021

---

[5] The existing briefing schedule for responding to the Complaint in 19-181 (Dkt. No. 31 in Case No. 19-181) is hereby vacated.

5