**NATBONY DECLARATION**
**<u>EXHIBIT 8</u>**

Execution Copy

## LOAN AGREEMENT

This **LOAN AGREEMENT**, dated as of November 9, 2009 by and between the **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** (the "Authority" or the "Borrower") and **GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO** (the "Bank" or the "Lender"),

### W I T N E S S E T H

WHEREAS, the Authority is in need of obtaining financing to satisfy its obligations to (i) pay certain costs incurred or to be incurred in the acquisition, construction, equipping, installation and development of certain additional improvements to the Authority's facilities included in its Construction Improvement Program for fiscal year 2009 and 2010 (the "Project"), and (ii) pay certain other suppliers of the Authority;

WHEREAS, the Authority has requested that the Bank provide such financing on an interim basis;

WHEREAS, the Authority intends to repay this interim financing with the proceeds of the next bond issuance of the Authority;

WHEREAS, the Bank is willing to provide such financing, but in an amount not to exceed $148,900,000 in accordance with the terms and conditions herein below set forth, which the Bank understands will be enough to cover the immediate and urgent need of funds of the Authority;

WHEREAS, the Borrower and the Lender intend that this Loan Agreement and the Loan be subject to the terms of the Fiscal Oversight Agreement, dated as of July 6, 2009, between the Lender and the Borrower (the "Fiscal Oversight Agreement");

NOW, THEREFORE, in consideration of the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. Subject to the terms and conditions contained herein, the Lender hereby agrees to make non-revolving advances to the Borrower (each, an "Advance") under a non-revolving line of credit in an aggregate principal not to exceed **ONE HUNDRED FORTY EIGHT MILLION NINE HUNDRED THOUSAND DOLLARS ($148,900,000)** (the "Loan") for the purpose of (i) paying certain costs incurred or to be incurred in the acquisition, construction, equipping, installation and development of certain additional improvements to the Authority's facilities included in the Project, which shall not exceed $41,600,000.00 and $69,400,000.00 for fiscal years 2009 and 2010, respectively; and (ii) paying certain other suppliers of the Authority, which shall not exceed $37,900,000.00 (collectively, the "Permitted Expenses").

2. The Borrower shall use each Advance only for the payment or reimbursement of Permitted Expenses (as defined herein), as such Permitted Expenses are incurred by the Borrower and within the maximum limits established in the Borrower's Fiscal Improvement Plan (as defined in the Fiscal Oversight Agreement) and the 2010-2013 Plan (collectively, the "Borrower's Plan"). Permitted Expenses shall be deemed to have been "incurred" by the Borrower (i) when the labor has been performed or the materials have been supplied to the Borrower, (ii) payment therefor has been requested by the supplier thereof, and (iii) such supplier is entitled to the payment.

3. The Loan shall be evidenced by a single Promissory Note for the principal amount of **ONE HUNDRED FORTY EIGHT MILLION NINE HUNDRED THOUSAND DOLLARS ($148,900,000)**, substantially in the form attached hereto as <u>Exhibit A</u>, subscribed on this same date by the Borrower and payable to the order of the Lender. Each borrowing made by the Borrower under Section 1 above (a "Borrowing") shall reduce the amount of the Loan ratably by the principal amount of such Borrowing.

4. Unless otherwise agreed to by the Lender, the Borrower may request an Advance in writing by not later than 11:00 a.m. (Puerto Rico time) at least three (3) Banking Days prior to the date of the proposed Advance by an authorized representative of the Borrower and shall specify the (i) requested date of such Advance, (ii) aggregate amount of such Advance, (iii) a list of suppliers or service providers to be paid with the proceeds of such Advance, the address of each such supplier or service provider, the number or other method of identification of the invoices being paid and the amount being paid with respect to each such invoice, and shall include a copy of all such invoices. The Lender shall fund the requested Advance on the date requested in such notice (which must be a Banking Day). Each request for an Advance given by the Borrower to the Lender shall be in the form attached as <u>Exhibit B</u> hereto. A request for an Advance from the Borrower, once received by the Lender, shall be irrevocable and binding on the Borrower. For the purposes of this Loan Agreement, "Banking Day" means any day on which commercial banks are open for business in San Juan, Puerto Rico.

5. The principal amount of the Loan shall mature and be due and payable on August 30, 2011. Said principal amount shall be payable solely from proceeds of bonds to be issued by the Authority pursuant to the provisions of the respective sections of the Resolutions or from any available moneys of the Authority. Each Advance shall bear interest daily from the date of disbursement until paid in full at a fluctuating annual rate of interest equal to one and one half percent (1.5%) over and above the Prime Rate, as determined from time to time in good faith by the Lender, or, upon written notice to the Borrower, at a variable rate of interest, which interest rate may be revised quarterly, per annum equal to the Lender's cost of funding for variable rate loan transactions or the cost of any other obligations or source of funds used to fund the Advance. For purposes of the preceding sentence, the cost of funding shall mean the applicable cost of any source of funds used to fund the Loan, plus in either case, a required margin cost. Initially, this required margin cost will be equal to 150 basis points. The required margin cost may be revised from time to time by the Lender to such an extent that when added to the applicable cost of funds, the interest rate so determined and applicable to an Advance will provide for a total coverage of what the Lender determines to be its "all-inclusive" funding costs. Interest shall be payable monthly in arrears not later

25563

than the tenth Banking Day following receipt from the Bank of the statement referred to in the next sentence of this paragraph, from any available moneys of the Authority. Each month the Bank shall furnish to the Authority a written statement showing the amount of interest due and payable by the Authority on all outstanding Advances for the preceding month. The Loan shall be junior and subordinate to outstanding bonds of the Authority and shall be subject to certain other terms and conditions, to be included in the Loan Agreement. Payment of principal and interest on the Loan shall be made in any coin or currency of the United States of America, which at the time of payment shall be legal tender for the payment of public and private debts.

6. If there is no disbursement activity on this Loan for a period of six months after its approval by the Board of Director of the Bank, the loan shall be cancelled automatically.

7. If the Borrower issues and sells bonds, notes or other evidences of indebtedness in one or more transactions yielding aggregate net proceeds in an amount equal to or greater than the amount of then outstanding Advances, the Borrower shall on the day of such sale (or if a series of sales, on the day of each such sale), prepay all then outstanding advances; provided that no prepayment shall be required in connection with the refunding of indebtedness existing on the date hereof and set forth in Schedule 7 and extensions, renewals or replacement of such indebtedness that do not increase the outstanding principal amount thereof.

The Borrower shall use reasonable commercial efforts to issue and sell bonds, notes or other evidences of Indebtedness in one or more transactions yielding aggregate net proceeds sufficient to require the Borrower to prepay the outstanding principal amount of Loan as set forth above, as soon as practical but no later than the Maturity Date without the Lender's consent.

8. The Borrower shall have the right at any time and from time to time to prepay any Borrowing in whole or in part, without penalty or premium, subject to prior notice in accordance with the next sentence. The Borrower shall notify the Lender by telephone (confirmed by fax) of any prepayment hereunder not later than 11:00 a.m., Puerto Rico time, five (5) Business Days before the date of prepayment. Each such notice shall be irrevocable and shall specify the prepayment date and the principal amount of each Borrowing or portion thereof to be prepaid. Each partial prepayment of any Borrowing shall be in an amount not less than $1,000,000 and integral multiples thereof. Each prepayment of a Borrowing shall be made to the Lender and applied ratably to the Advances included in the prepaid Borrowing. Prepayments shall be accompanied by accrued interest.

9. This Loan Agreement and the Loan are subject to the terms of the Fiscal Oversight Agreement. The Lender and the Borrower agree to execute any required amendments to the Fiscal Oversight Agreement to evidence their agreement. The Borrower shall from time to time, upon request by the Lender, promptly provide the Lender with such information as to its finances and operations as the Lender shall reasonably request pursuant to the terms of the Fiscal Oversight Agreement.

25563

10. No amendment or waiver of any provisions of this Agreement or consent to any departure by the Borrower herefrom shall be effective unless the same shall be in writing and signed by the Lender and then such waiver or consent shall be effective only in the specific instance and for the specific purpose for which given.

11. The representations and warranties made by the Borrower to the Lender under that certain Credit Agreement, dated as of July 6, 2009, by and between the Borrower and the Lender, as lender and administrative agent are hereby incorporated into this Loan Agreement as made on the date hereof.

12. If any of the following events ("Events of Default") shall occur:

(a) the Borrower shall fail to pay any principal of any Advance or any interest on any Advance when and as the same shall become due and payable, whether at the due date thereof or otherwise;

(b) the Borrower shall fail to pay any fee or any other amount (other than an amount referred to in clause (a) of this Article) payable under this Loan Agreement when and as the same shall become due and payable, and such failure shall continue unremedied for a period of three (3) Business Days;

(c) the Borrower shall become unable, admit in writing its inability or fail generally to pay its debts as they become due;

(d) the Borrower shall have  defaulted in its obligations under the Fiscal Oversight Agreement; or

(e) the occurrence of an event of default under that certain Credit Agreement, dated July 6, 2009, between the Authority and the Lender(the "Credit Agreement"), the Indenture or any Bond Resolution (as defined in the Credit Agreement);

then, and in every such event, and at any time thereafter during the continuance of such event, the Lender shall, by notice to the Borrower, take either or both of the following actions, at the same or different times:  (i) terminate the Loan immediately, and (ii) declare the Advances then outstanding to be due and payable in whole (or in part, in which case any principal not so declared to be due and payable may thereafter be declared to be due and payable) and thereupon the principal of the Advances and other amounts so declared to be due and payable, together with accrued interest thereon and all fees and other obligations of the Borrower accrued hereunder, shall become due and payable immediately, without presentment, demand, protest or other notice of any kind, all of which are hereby waived by the Borrower.

In case of recourse to the courts by the Lender in order to collect the whole or any portion of the principal or interest due, the Borrower agrees to pay a liquidated sum equal to 10% of the amount of the Loan to cover expenses of such proceedings, court costs, disbursements and attorney's fees, which amount will become immediately due and payable upon the filing of such judicial proceedings.

25563

13. The execution of this Loan Agreement is intended to constitute a declaration on intent under U.S. Treasury Department Regulation Section 1.150-2.

14. The Borrower waives the requirements of demand, presentment, protest, notice of dishonor, and, in general, any other legal formality.

15. Any notices which may be given to either party hereunder shall be in writing, and if addressed to the Lender, sent to the offices of the Lender located at Roberto Sánchez Vilella Government Center, de Diego Avenue, San Juan, Puerto Rico, 00940, Attention: Executive Vice President of Financing and Treasury, or to such other address or person as the Lender may hereafter notify the Borrower in writing, and if addressed to the Borrower, sent to the address of the Borrower: Puerto Rico Highway and Transportation Authority, Roberto Sánchez Vilella Government Center, de Diego Avenue, San Juan, Puerto Rico, 00940, Attention: Executive Director, or such other address or person as the Borrower may hereafter notify the Lender in writing. Any such notice, if delivered personally or by facsimile transmission, shall be effective on the date when given, and if sent by mail, shall be effective three (3) Banking Days after posting.



16. This Loan Agreement, together with the Note, the authorizing resolutions and the other documents delivered by the parties in connection with the closing of the Loan, expresses the entire agreement of the parties with respect to the transactions contemplated hereby.

17. This Loan Agreement shall be binding upon and inure to the benefit of the Borrower and the Lender and their respective successors and assigns. The Lender may assign to any other financial institution all or any part of, or any interest in, the Lender's right hereunder and in the Advances, and to the extent of such assignment, such assignee shall have the same rights against the Borrower hereunder as does the Lender. The Borrower may not assign any of its rights nor delegate any of its obligations hereunder without the Lender's prior written consent. This Loan Agreement shall be governed by, and the rights and obligations of the parties hereunder shall be construed in accordance with, the laws of the Commonwealth of Puerto Rico.

*[Remainder of Page Intentionally Left Blank; Signature Page Follows]*

25563

**IN WITNESS THEREOF**, the Borrower and the Lender have caused this Agreement to be executed and delivered by their respective officers thereunto duly authorized, as of the date first above written.

GOVERNMENT DEVELOPMENT BANK
FOR PUERTO RICO

By: _____
Fernando L. Batlle
Executive Vice President of Financing
and Treasury

PUERTO RICO HIGHWAY AND
TRANSPORTATION AUTHORITY

By: _____
Ruben A. Hernández Gregorat
Executive Director

Affidavit No. 150

Acknowledged and subscribed before me by Rubén A. Hernández Gregorat as Executive Director of the Puerto Rico Highway and Transportation Authority, of legal age, married and resident of Guaynabo, Puerto Rico, and Fernando L. Batlle Hernaíz, as Executive Vice President of Financing and Treasury of Government Development Bank for Puerto Rico, of legal age, married and resident of San Juan, Puerto Rico, both personally known to me.

In San Juan, Puerto Rico, on November 9, 2009.

_____
Notary Public

25563

**Exhibit A**

**PROMISSORY NOTE**

**$148,900,000.00**                                      **Due date:  August 30, 2011**

        The **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** (hereinafter called the "Authority"), a public corporation and autonomous instrumentality of the Commonwealth of Puerto Rico, for value received hereby promises to pay, solely from the sources described in the Loan Agreement mentioned herein, to the order of Government Development Bank for Puerto Rico (the "Lender") at its principal office in San Juan, Puerto Rico, on August 30, 2011,  subject to prepayment as set forth below, the principal sum of **ONE HUNDRED FORTY EIGHT MILLION NINE HUNDRED THOUSAND DOLLARS ($148,900,000)** to the extent that such amount or any portion thereof disbursed under the Loan Agreement executed on this same date remains unpaid.  Such payment shall be made in any coin or currency of the United States of America which at the time of payment is legal tender for the payment of public and private debts.  The Authority hereby agrees to repay the outstanding aggregate principal amount of the Loan at the principal office of the Lender in San Juan, Puerto Rico, from proceeds of bonds to be issued by the Authority pursuant to the provisions of the respective sections of the Resolutions or from any available moneys of the Authority.



        This Note is under and pursuant to the Loan Agreement dated as of November 9, 2009 (as modified and supplemented and in effect from time to time, the "Loan Agreement") between the Borrower and Government Development Bank for Puerto Rico, as Lender and evidences the Advances made by the Lender thereunder, and is subject to the terms thereof. Terms used but not defined in this Note have the respective meanings assigned to them in the Loan Agreement.

        The Authority waives the requirement of demand, presentment, protest, notice of dishonor, and, in general, any other legal formality.

        If the Authority defaults in making any payment when due under this Note, the Lender may declare this Note to be immediately due and payable.

        In case of recourse to the courts by the Lender in order to collect the whole or any portion of the principal or interest due under this Note, the Administration agrees to pay a liquidated sum equal to 10% of the principal sum of this Note to cover expenses of such proceedings, court costs, disbursements and attorney's fees, which amount will become immediately due and payable upon the filing of such judicial proceedings.

        All acts, conditions and things required by the Puerto Rico Federal Relations Act and the Constitution and Laws of the Commonwealth of Puerto Rico to happen, exist, and be performed precedent to and in the issuance of this Note have happened, exist and have been performed as so required.  This Note shall be construed in accordance with the laws of the Commonwealth of Puerto Rico.

**IN WITNESS WHEREOF,** the Authority has caused this note to be signed by its Executive Director and its corporate seal to be affixed hereto, in San Juan, Puerto Rico, this 9th day of November, 2009.

**PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY**

By: _____

Name: Rubén A. Hernández Gregorat

Title:   Executive Director

Affidavit No._____

Acknowledged and subscribed before me in San Juan, Puerto Rico, on this 9th day of November, 2009, by the following person who is personally known to me: Rubén A. Hernández Gregorat, of legal age, married, executive and resident of Guaynabo, Puerto Rico, as Executive Director of the Puerto Rico Highway and Transportation Authority.

_____
Notary Public

Exh. A-2

## REQUEST FOR ADVANCE

[date]

Government Development Bank
for Puerto Rico
Roberto Sánchez Vilella Government Center
De Diego Avenue, Stop 22
San Juan, Puerto Rico

Gentlemen:

     The undersigned, Puerto Rico Highway and Transportation Authority (the "Borrower") refers to the Loan Agreement, dated as of November __, 2009 between the undersigned and Government Development Bank for Puerto Rico ("GDB"), as lender, and hereby requests, irrevocably, pursuant to Section 4 of the Loan Agreement a Borrowing under the Loan Agreement, and in that connection sets forth below the information relating to such Borrowing (the "Proposed Borrowing") as required by Section 4 of the Loan Agreement:



(a)    The Business Day of the Proposed Borrowing is _____, 200__.

(b)    The aggregate amount of the Proposed Borrowing is $_____.

(c)    The proceeds of the Proposed Borrowing shall be used exclusively for the purposes specified in Section 2 of the Loan Agreement, for payment to the following suppliers in accordance with the invoices attached hereto:

| **Supplier** | **Invoice No.** | **Amount due and payable** |
|---|---|---|


    The undersigned hereby certifies, as of the day of the Proposed Borrowing, that the following statements are true on and as of the date hereof, and will be true on the date of the Proposed Borrowing:

    (1)  all of the representations and warranties contained in the Loan Agreement are true and correct in all material respects on and as of the date of the Proposed Borrowing, before and after giving effect to the Proposed Borrowing and to the application of the proceeds therefrom, as though made on and as of such date;

    (2)  at the date of the Proposed Borrowing and immediately after giving effect thereto, no event has occurred and is continuing, or would result from such Proposed Borrowing or from the application of the proceeds therefrom, which constitutes a Default;

    (3)  the Borrower acknowledges that it is responsible for complying with all applicable tax laws and regulations covering the persons and corporations with whom it has a contractual relationship and for whom payment is being made;

Exh. B-1

(4) the Borrower will maintain in a secured place all records used for the processing and approval of this payment for a period to be not less than 5 years or until the final payment of the financing is made;

(5) the Borrower certifies under penalty of perjury that no public servant of the GDB, or its subsidiaries and affiliates, will derive or obtain any benefit or profit of any kind from a contractual arrangement, which is the basis of this payment. If such benefit or profit exists, then a special authorization or waiver must have been granted prior to the inception of the agreement in question; and

(6) the Borrower certifies that the payments requested are true and correct; that all products and/or services being paid were delivered and/or provided, and payment for them is still pending

**PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY**

By: _____

Name: _____

Title: _____

Date: _____

Exh. B-2

# FIRST AMENDMENT TO LOAN AGREEMENT

This **FIRST AMENDMENT TO LOAN AGREEMENT**, dated September ___, 2011 by and between the **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** (the "Authority" or the "Borrower") and the **GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO** (the "Bank" or the "Lender").

## W I T N E S S E T H

**WHEREAS**, on November 9, 2009 the Authority and the Bank executed a Loan Agreement (the "Loan Agreement"), and corresponding promissory note, for the principal non revolving amount of **ONE HUNDRED FORTY EIGHT MILLION NINE HUNDRED THOUSAND DOLLARS** ($148,900,000) (the "Loan"), for the purpose of (i) paying certain costs incurred or to be incurred in the acquisition, construction, equipping, installation and development of certain additional improvements to the Authority's facilities included in the Project, which shall not exceed $41,600,000.00 and $69,400,000.00 for fiscal years 2009 and 2010, respectively; and (ii) paying certain other suppliers of the Authority, which shall not exceed $37,900,000.00 (collectively, the "Permitted Expenses");

**WHEREAS**, the Authority has requested an amendment to the Loan Agreement to extend the maturity date of the Loan and to increase the amount of the Loan to cover interests on the Loan until its maturity and the financial services fee payable to the Lender;

**WHEREAS**, pursuant to Resolution 9519, adopted by the Board of Directors of the Bank on June 15, 2011, the Bank has authorized the increase of the Loan by the sum of $24,028,442.74 for a total amount not to exceed $172,928,442.74, to cover accrued interest until its maturity, and the amount corresponding to financial service fee, and also, the extension of the maturity date, subject to certain terms and conditions;

**WHEREAS**, pursuant to Resolution 2011-52, issued by the Secretary of the Puerto Rico Department of Transportation and Public Works and Executive Director of the Puerto Rico Highway and Transportation Authority on September 1, 2011, the Authority has been authorized to agree to the terms and conditions established by the Bank;

**NOW, THEREFORE**, in consideration of the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:




27600

1.  The Loan Agreement is amended to increase the principal amount of the Loan by $24,028,442.74 for a total amount not to exceed $172,928,442.74, for the sole purpose of cover accrued interests on the Loan until its maturity calculated in a sum of $23,956,871.56; and the financial services fee payable to the Lender in an amount equal to $71,571.18.

2.  The principal amount of the Loan, as amended, and any unpaid interest shall mature and be due and payable on January 31, 2013.

3.  In addition to the Events of Defaults included in the Loan Agreement, if Borrower does not pay the principal amount of the Loan when it becomes due and payable, Borrower shall pay the Bank a default interest rate on any such outstanding principal amount equivalent to 200 basis points over the otherwise applicable interest rate.

4.  In addition to the Events of Defaults included in the Loan Agreement, if Borrower does not pay the principal amount of the Loan when it becomes due and payable, or does not pay interest when due, Lender may, at its sole option, without notice to Borrower and to the fullest extent allowed by law, set off and apply any other available moneys (including deposits of any kind) of the Borrower against any such unpaid principal amount or unpaid accrued interest.

5.  Prior to any disbursement from the Loan, Borrower will provide Lender a duly executed Notice of Drawing, as established in Section 3 of the Loan Agreement, and made part of this Agreement as Exhibit A. This Exhibit A substitutes the form to request Advances attached as Exhibit B of Loan Agreement.

Borrower agrees to provide any additional information required by Lender, including but not limited to, invoices, statements, receipts, reports, bills, among other documents.

6.  To effect the foregoing amendment to the Loan Agreement, a First Allonge to Promissory Note is executed by the Authority, on this same date.



7.  All other terms and conditions of the Loan Agreement, shall remain in full force and effect.  The parties agree that this First Amendment to Loan Agreement does not constitute a novation of the obligations set forth in the Loan Agreement, and its related Promissory Note, and that all provisions not inconsistent with this First Amendment to Loan Agreement, shall remain unchanged, binding and in full force and effect.

8.  In the event that any provision of this First Amendment to Loan Agreement shall be held to be invalid in any circumstance, such invalidity shall not affect any other provisions or circumstances.

**[ SIGNATURE PAGE FOLLOWS]**

**IN WITNESS WHEREOF**, the Borrower and the Lender have caused this First Amendment to Loan Agreement to be executed and delivered by their respective officers thereunto duly authorized, in San Juan, Puerto Rico.

| GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO | PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY |
|---|---|

By: _____
José R. Otero Freiría
Executive Vice President

By: _____
Rubén A. Hernández Gregorat
Secretary of Transportation and
Public Works and Executive
Director of the Puerto Rico
Highway and Transportation
Authority

Affidavit No. 396

Acknowledged and subscribed before me by Rubén A. Hernández Gregorat as Secretary of Transportation and Public Works and Executive Director of the Puerto Rico Highway and Transportation Authority, of legal age, married and resident of Guaynabo, Puerto Rico, of legal age, married and resident of Guaynabo, Puerto Rico and by José R. Otero Freiría, as Executive Vice President for Financing of the Government Development Bank for Puerto Rico, of legal age, married and resident of Dorado, Puerto Rico, both personally known to me.

In San Juan, Puerto Rico, on September 2, 2011.



_____
Notary Public

## SECOND AMENDMENT TO LOAN AGREEMENT

This **SECOND AMENDMENT TO LOAN AGREEMENT**, dated February 14, 2013 by and between the **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** (the "Authority" or the "Borrower") and the **GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO** (the "Bank" or the "Lender").

### W I T N E S S E T H

**WHEREAS**, on November 9, 2009 the Authority and the Bank executed a Loan Agreement (the "Original Loan Agreement"), and corresponding promissory note, for the principal non revolving amount of **ONE HUNDRED FORTY EIGHT MILLION NINE HUNDRED THOUSAND DOLLARS** ($148,900,000) (the "Loan"), for the purpose of (i) paying certain costs incurred or to be incurred in the acquisition, construction, equipping, installation and development of certain additional improvements to the Authority's facilities included in the Project, which shall not exceed $41,600,000.00 and $69,400,000.00 for fiscal years 2009 and 2010, respectively; and (ii) paying certain other suppliers of the Authority, which shall not exceed $37,900,000.00 (collectively, the "Permitted Expenses");

**WHEREAS**, on September 2, 2011, the parties executed a First Amendment to the Loan Agreement to increase the Loan by the sum of $24,028,442.74 for a total amount not to exceed $172,928,442.74, to cover accrued interest until its maturity, and the amount corresponding to financial service fee, and also, the extension of the maturity date to January 31, 2013, subject to certain terms and conditions (the "First Amendment to Loan Agreement") (the Original Loan Agreement, as amended by the First Amendment to Loan Agreement, are collectively hereinafter referred to as the "Loan Agreement"). A First Allonge to Promissory Note was also executed on September 2, 2011;

**WHEREAS**, the Authority has requested an amendment to the Loan Agreement to extend the maturity date of the Loan;

**WHEREAS**, pursuant to Resolution 9949, adopted by the Board of Directors of the Bank on January 17, 2013, the Bank has authorized the extension of the maturity date to January 31, 2014, subject to certain terms and conditions; and

**WHEREAS**, pursuant to Resolution Number 2013-14, issued by Miguel A. Torres Díaz, Secretary of the Puerto Rico Department of Transportation and Public Works on January 31, 2013, the Authority has been authorized to agree to the terms and conditions established by the Bank.

29256 v.2

**NOW, THEREFORE**, in consideration of the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. The principal amount of the Loan, as amended, and any unpaid interest shall mature and be due and payable on January 31, 2014.

2. Borrower acknowledges that no additional funds shall be drawn from the Loan unless the same has been incremented or reactivated in the future through an authorizing resolution approved by the Board of Directors or the Executive Committee of the Board of Directors of the Lender.

3. To effect this Second Amendment to Loan Agreement, a Second Allonge to Promissory Note is executed by the Authority, on this same date.

4. The Borrower covenants and agrees to pay to the Lender for this transaction a financial advisory fee of Sixty Seven Thousand Two Hundred Twenty Dollars and Thirty Five Cents ($67,220.35).



5. All other terms and conditions of the Loan Agreement, as amended, shall remain unaltered and in full force and effect. The parties agree that this Second Amendment to Loan Agreement does not constitute a novation of the obligations set forth in the Loan Agreement, and its related Promissory Note, both as amended, and that all provisions not inconsistent with this Second Amendment to Loan Agreement, shall remain unchanged, binding and in full force and effect. Unless otherwise specified, all acronyms or capitalized words referenced herein shall have the meaning set forth in the Loan Agreement.

6. In the event that any provision of this Second Amendment to Loan Agreement is declared to be void of unenforceable, the remainder of this Second Amendment to Loan Agreement shall not be affected thereby and shall remain in full force and effect to the extent feasible in the absence of the void and unenforceable declaration.

7. This Second Amendment to Loan Agreement may be executed in any number of counterparts and by different parties hereto in separate counterparts, each of which when so executed and delivered shall be deemed to be an original and all of which taken together shall constitute but one and the same agreement.

**[SIGNATURE PAGE FOLLOWS]**

**IN WITNESS WHEREOF,** the Borrower and the Lender have caused this Second Amendment to Loan Agreement to be executed and delivered by their respective officers thereunto duly authorized, in San Juan, Puerto Rico.

**GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO**

**PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY**

By: _____

By: _____

Ian Figueroa
Executive Vice President and
Director of Financing

Javier E. Ramos Hernández
Executive Director

Testimony No. _462_

Recognized and subscribed before me by Javier E. Ramos Hernández, as Executive Director of the Puerto Rico Highway and Transportation Authority, of legal age, married, executive and resident of Bayamón, Puerto Rico, personally known to me.

In San Juan, Puerto Rico, on February _14_, 2013.

_____
Notary Public

Testimony No. _463_

Recognized and subscribed before me by Ian Figueroa, as Executive Vice President and Director of Financing of the Government Development Bank for Puerto Rico, of legal age, married, executive and resident of San Juan, Puerto Rico, personally known to me.

In San Juan, Puerto Rico, on February _14_, 2013.

_____
Notary Public

29256 v.2

3

# THIRD AMENDMENT TO LOAN AGREEMENT

This **THIRD AMENDMENT TO LOAN AGREEMENT**, by and between the **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** (the "Authority" or the "Borrower") and the **GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO** (the "Bank" or the "Lender").

## W I T N E S S E T H

**WHEREAS**, on November 9, 2009 the Authority and the Bank executed a Loan Agreement (the "Original Loan Agreement"), and corresponding promissory note, for the principal non revolving amount of **ONE HUNDRED FORTY EIGHT MILLION NINE HUNDRED THOUSAND DOLLARS ($148,900,000)** (the "Loan"), for the purpose of (i) paying certain costs incurred or to be incurred in the acquisition, construction, equipping, installation and development of certain additional improvements to the Authority's facilities included in the Project, which shall not exceed $41,600,000.00 and $69,400,000.00 for fiscal years 2009 and 2010, respectively; and (ii) paying certain other suppliers of the Authority, which shall not exceed $37,900,000.00 (collectively, the "Permitted Expenses");

**WHEREAS**, on September 2, 2011, the parties executed a First Amendment to Loan Agreement to increase the Loan by the sum of $24,028,442.74 for a total amount not to exceed $172,928,442.74, to cover accrued interest until its maturity, and the amount corresponding to financial service fee, and to extend the maturity date of the Loan to January 31, 2013, subject to certain terms and conditions. A First Allonge to Promissory Note was also executed on September 2, 2011;

**WHEREAS**, on February 14, 2013, the parties executed a Second Amendment to Loan Agreement, and corresponding Second Allonge to Promissory Note, (the Original Loan Agreement, as amended by the First Amendment to Loan Agreement, and by the Second Amendment to Loan Agreement, are collectively hereinafter referred to as the "Loan Agreement"), to extend the maturity date of the Loan to January 31, 2014;

**WHEREAS**, the Authority has requested an additional amendment to the Loan Agreement to further extend the maturity date of the Loan;

**WHEREAS**, pursuant to Resolution Number 10197, adopted by the Board of Directors of the Bank on November 20, 2013, the Bank has authorized the extension of the maturity date of the Loan to January 31, 2015, subject to certain terms and conditions;

30255

**WHEREAS**, pursuant to Resolution Number 2014-04, issued by Miguel A. Torres Díaz, Secretary of the Puerto Rico Department of Transportation and Public Works on January 30, 2014, the Authority has been authorized to agree to the terms and conditions established by the Bank.

**NOW, THEREFORE**, in consideration of the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. The principal amount of the Loan, as amended, and any unpaid interest shall mature and be due and payable on January 31, 2015.

2. To effect this Third Amendment to Loan Agreement, a Third Allonge to Promissory Note is executed by the Authority on this same date.

3. The Borrower covenants and agrees to pay to the Lender for this transaction a financial advisory fee of Sixty Four Thousand Three Hundred Nine Dollars and Forty Eight Cents  ($64,309.48).

4. All other terms and conditions of the Loan Agreement, as amended, shall remain unaltered and in full force and effect.  The parties agree that this Third Amendment to Loan Agreement does not constitute a novation of the obligations set forth in the Loan Agreement, and its related Promissory Note, both as amended, and that all provisions not inconsistent with this Third Amendment to Loan Agreement, shall remain unchanged, binding and in full force and effect. Unless otherwise specified, all acronyms or capitalized words referenced herein shall have the meaning set forth in the Loan Agreement.

5. In the event that any provision of this Third Amendment to Loan Agreement is declared to be void of unenforceable, the remainder of this Third Amendment to Loan Agreement shall not be affected thereby and shall remain in full force and effect to the extent feasible in the absence of the void and unenforceable declaration.

6. Pursuant to Resolution 10197, adopted by the Board of Directors of the Bank on November 20, 2013, this Third Amendment to Loan Agreement is intended as a declaration of intent under U.S. Treasury Department Regulation Section 1.150-2.

**[SIGNATURE PAGE FOLLOWS]**



30255

2

IN WITNESS WHEREOF, the Borrower and the Lender have caused this Third Amendment to Loan Agreement to be executed and delivered by their respective officers thereunto duly authorized, in San Juan, Puerto Rico.

GOVERNMENT DEVELOPMENT BANK    PUERTO RICO HIGHWAY AND
FOR PUERTO RICO    TRANSPORTATION AUTHORITY

By: _____    By: _____

Jorge A. Clivillés Díaz                 Javier E. Ramos Hernández
Fiscal Agent                        Executive Director

Testimony No. 780 –

Recognized and subscribed before me by Javier E. Ramos Hernández, as Executive Director of the Puerto Rico Highway and Transportation Authority, of legal age, married, executive and resident of Bayamón, Puerto Rico, personally known to me.

In San Juan, Puerto Rico, on February 4, 2014.

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

_____
Notary Public

Testimony No. 788 –

Recognized and subscribed before me by Jorge A. Clivillés Díaz as Fiscal Agent of the Government Development Bank for Puerto Rico, of legal age, married, executive and resident of San Juan, Puerto Rico, personally known to me.

In San Juan, Puerto Rico, on February 4, 2014.

_____
Notary Public

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

30255

3

## FOURTH AMENDMENT TO LOAN AGREEMENT

This **FOURTH AMENDMENT TO LOAN AGREEMENT**, by and between the **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** (the "Authority" or the "Borrower") and the **GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO** (the "Bank" or the "Lender").

### WITNESSETH

**WHEREAS**, on November 9, 2009 the Authority and the Bank executed a Loan Agreement (the "Original Loan Agreement"), and corresponding promissory note, for the principal non revolving amount of **ONE HUNDRED FORTY EIGHT MILLION NINE HUNDRED THOUSAND DOLLARS** ($148,900,000) (the "Loan"), for the purpose of (i) paying certain costs incurred or to be incurred in the acquisition, construction, equipping, installation and development of certain additional improvements to the Authority's facilities included in the Project, which shall not exceed $41,600,000.00 and $69,400,000.00 for fiscal years 2009 and 2010, respectively; and (ii) paying certain other suppliers of the Authority, which shall not exceed $37,900,000.00 (collectively, the "Permitted Expenses");

**WHEREAS**, on September 2, 2011, the parties executed a First Amendment to Loan Agreement to increase the Loan by the sum of $24,028,442.74 for a total amount not to exceed $172,928,442.74, to cover accrued interest until its maturity, and the amount corresponding to financial service fee, and to extend the maturity date of the Loan to January 31, 2013, subject to certain terms and conditions. A First Allonge to Promissory Note was also executed on September 2, 2011;

**WHEREAS**, on February 14, 2013, the parties executed a Second Amendment to Loan Agreement, and corresponding Second Allonge to Promissory Note, to extend the maturity date of the Loan to January 31, 2014;

**WHEREAS**, on February 14, 2014, the parties executed a Third Amendment to Loan Agreement, and corresponding Third Allonge to Promissory Note, (the Original Loan Agreement, as amended by the First Amendment to Loan Agreement, by the Second Amendment to Loan Agreement, and by the Third Amendment to Loan Agreement, are collectively hereinafter referred to as the "Loan Agreement"), to extend the maturity date of the Loan to January 31, 2015;

**WHEREAS**, the Authority has requested an additional amendment to the Loan Agreement to further extend the maturity date of the Loan;



31285

WHEREAS, pursuant to Resolution Number 10554, adopted by the Board of Directors of the Bank on December 17, 2014, the Bank has authorized the extension of the maturity date of the Loan to January 31, 2016, subject to certain terms and conditions;

WHEREAS, pursuant to Resolution Number 2015-07, adopted by the Board of Directors of the Authority on January 15, 2015, the Borrower has been authorized to agree to the terms and conditions established by the Bank.

NOW, THEREFORE, in consideration of the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. The principal amount of the Loan and any unpaid interest shall mature and be due and payable on January 31, 2016.

2. To effect this Fourth Amendment to Loan Agreement, a Fourth Allonge to Promissory Note is executed by the Authority on this same date.

3. The Loan Agreement is further amended to include as an additional source of repayment the revenues allocated by Act No. 30 and Act No. 31 of June 25, 2013, pledged and granted in favor of the Bank pursuant to that certain Assignment and Security Agreement between the Authority and the Bank dated as of August 28, 2013.

4. The President, the Executive Vice President of Financing or any Executive Vice President of the Bank, are authorized to direct the resources and revenues of the Authority allocated under Act No. 30 and Act No. 31 of June 25, 2013 for the repayment of the Loan, of existing loans, and of any other amounts that the Bank charges regarding the outstanding obligations of the Authority.

5. The Executive Director of the Authority and the Secretary of the Department of Transportation and Public Works shall make a presentation to Lender's Board of Directors about the Authority's finances and the progress in the implementation of their medium and long term plans to take care of the fiscal situation of the Authority in an expeditious and effective manner, further to the new income already enacted. This presentation shall take place prior to the disbursement by the Bank of any amount under the Loan Agreement, if there are still Loan funds available for disbursement.

6. The Borrower covenants and agrees to pay the Lender for this transaction a financial advisory fee of sixty four thousand three hundred nine dollars and forty eight cents ($64,309.48).

3

7.     All other terms and conditions of the Loan Agreement shall remain unaltered and in full force and effect. The parties agree that this Fourth Amendment to Loan Agreement does not constitute a novation of the obligations set forth in the Loan Agreement and its related Promissory Note, as amended, and that all provisions not inconsistent with this Fourth Amendment to Loan Agreement, shall remain unchanged, binding and in full force and effect.  Unless otherwise specified, all acronyms or capitalized words referenced herein shall have the meaning set forth in the Loan Agreement.

8.     In the event that any provision of this Fourth Amendment to Loan Agreement is declared to be void of unenforceable, the remainder of this Fourth Amendment to Loan Agreement shall not be affected thereby and shall remain in full force and effect to the extent feasible in the absence of the void and unenforceable declaration.

9.     Pursuant to Resolution 10554, adopted by the Board of Directors of the Bank on December 17, 2014, this Fourth Amendment to Loan Agreement is intended as a declaration of intent under U.S. Treasury Department Regulation Section 1.150-2.

**[SIGNATURES PAGE FOLLOWS]**

IN WITNESS WHEREOF, the Borrower and the Lender have caused this Fourth Amendment to Loan Agreement to be executed and delivered by their respective officers thereunto duly authorized, in San Juan, Puerto Rico.

| GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO | PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY |
|---|---|

By: _____

Jorge A. Clivillés Díaz
Executive Vice President
and Fiscal Agent

By _____

Ing. Carmen A. Villar Prados
Executive Director

Testimony No. ~492~

Recognized and subscribed before me by Carmen A. Villar Prados, as Executive Director of the Puerto Rico Highway and Transportation Authority, of legal age, married, engineer and resident of Guaynabo, Puerto Rico, and by Jorge A. Clivillés Díaz, as Executive Vice President and Fiscal Agent of the Government Development Bank for Puerto Rico, of legal age, married, executive and resident of San Juan, Puerto Rico, both personally known to me.

In San Juan, Puerto Rico, on May 20, 2015.

_____
Notary Public

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982