**NATBONY DECLARATION**
**<u>EXHIBIT 9</u>**

## LOAN AGREEMENT

This **LOAN AGREEMENT**, dated as of June 30, 2010 by and between the **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** (the "Authority" or the "Borrower") and the **GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO** (the "Bank" or the "Lender"),

## WITNESSETH

**WHEREAS**, the Authority has previously issued its $253,670,000 Revenue Refunding Bonds ("Series AA"), according to Resolution No. 68-18 adopted by the Authority on June 13, 1968, as amended (1968 Bond Resolution) and a supplemental resolution of the Authority adopted on April 10, 2003 ("Resolution 2003-23"), and its $44,275,000 Revenue Refunding Bonds ("Series H", and collectively with Series AA, the "Reoffered Bonds"), pursuant to Resolution No. 98-06, adopted by the Authority on February 26, 1998, as amended ("1998 Bond Resolution", and together with the 1968 Bond Resolution, the "Bond Resolutions"), and a supplemental resolution of the Authority adopted on April 10, 2003 ("Resolution 2003-24", and together with Resolution 2003-23, the "Supplemental Resolutions");

**WHEREAS**, pursuant to the Supplemental Resolutions the Reoffered Bonds are subject to mandatory tender for purchase on July 1, 2010;

**WHEREAS**, the Authority has authorized the issuance, remarketing, and conversion of the Reoffered Bonds from the Term Rate Mode to a Fixed Rate Mode in accordance with the applicable Supplemental Resolutions and a resolution duly adopted by the Authority on June 17, 2010 ("Conversion Resolution") in order to avoid such bonds from converting to an 8% fixed interest rate bonds;

**WHEREAS**, the Authority needs an interim financing to pay the costs of issuance and other related expenses in connection with the Reoffered Bonds pursuant to the applicable terms and conditions adopted for the conversion and remarketing of the Reoffered Bonds;

**WHEREAS**, the Bank is willing to provide such interim financing in an amount not to exceed **THREE MILLION DOLLARS ($3,000,000)** in accordance with the terms and conditions herein below set forth; and

**WHEREAS**, the Authority proposed to repay this interim financing from any available funds of the Authority;



26318

**NOW, THEREFORE,** in consideration to the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1.  Subject to the terms and conditions contained herein, the Lender hereby agrees to provide the Borrower a non-revolving line of credit in an aggregate principal amount not to exceed **THREE MILLION DOLLARS ($3,000,000)** to pay the costs of issuance and other related expenses in connection with the proceeds of the Reoffered Bonds pursuant to the Conversion Resolution and the Firm Remarketing Agreement dated June 17, 2010 by and between the Authority and Jeffries and Company, Inc., as representative of itself and the underwriters named therein ("Firm Remarketing Agreement"), who will remarket the Reoffered Bonds on behalf of the Authority. The line of credit shall be evidenced by a Promissory Note for the principal amount of **THREE MILLION DOLLARS ($3,000,000)**, subscribed on this same date by the Borrower and payable to the order of the Lender.

2.  The Borrower will request the funds in one or more drawings ("Drawings") only for the purpose above mentioned and as approved by Resolution EC 2010-18 duly adopted by the Executive Committee of the Bank's Board of Directors on June 17, 2010. The Borrower shall request each Drawing by written notice to the Lender and signed by any authorized officer of the Borrower. Borrower shall use the Notice of Drawing Form included as Exhibit I to request each Drawing. Notice of Drawing from the Borrower, once received by the Lender, shall be irrevocable. For the purposes of this Loan Agreement, "Banking Day" means a day on which commercial banks are open for business in San Juan, Puerto Rico.

3.  The principal amount of the Loan shall mature and be due and payable on December 31, 2011. The Borrower hereby agrees to repay the outstanding aggregate principal amount of the Loan at the principal office of the Lender in San Juan, Puerto Rico. Said principal amount shall be payable from any available moneys of the Authority.

    Each Drawing shall bear interest daily from the date such Drawing is made until its repayment at a variable rate of interest per annum equal to Prime Rate plus 150 basis points, as




26318

determined from time to time in good faith by the Lender, or, upon written notice to the Borrower, at a variable rate of interest per annum, which interest rate may be revised periodically, equal to the Lender's cost of funding for variable rate loan transactions or the cost of any other obligations or source of funds used to fund the Loan. For purposes of this Loan Agreement, such interest rate shall not exceed twelve (12) percent and shall not be less than six (6) percent. Interest shall be calculated on the basis of a 360-day year of twelve 30-day months. Interest for any period of less than one calendar month shall be calculated on the basis of the actual number of days elapsed during that month. Interest shall be payable monthly in arrears not later than the tenth Banking Day following receipt from the Lender of the statement referred to in the next sentence of this paragraph, from any available moneys of the Authority. Each month the Bank shall furnish to the Authority a written statement showing the amount of interest due and payable by the Authority on the Loan for the preceding month.

The Authority may prepay the Loan at any time without premium or penalty. The Loan shall be junior and subordinate to outstanding bonds of the Borrower.

The President of the Bank or the duly authorized Executive Vice President of the Bank may modify the interest rate at anytime at their full discretion, depending on the interest rate market.

4. If the line of credit comes due and payable, the Borrower hereby agrees to pay a default interest rate on the principal outstanding amount calculated on the basis of Prime Rate plus four hundred (400) basis points.

5. This Agreement will be subject to a renewal fee equal to 1/16 of the 1% of the principal amount outstanding plus the moneys available and not disbursed under the line of credit.

6. Payment of principal of and interest on the Loan shall be made in any coin or currency of the United States of America, which at the time of payment shall be legal tender for the payment of public and private debts.

7. If there is no disbursement activity on this Loan for a period of six months after its approval by the Executive Committee of the

26318

Board of Directors of the Bank, the Loan will be cancelled automatically.

8. The Borrower waives the requirements of demand, presentment, protest, notice of dishonor, and, in general, any other legal formality.

9. If the Borrower defaults in making any payment when due under this Loan Agreement, the Lender may declare the Loan to be immediately due and payable.  In case of recourse to the courts by the Lender in order to collect the whole or any portion of the principal or interest due, the Borrower agrees to pay a liquidated sum equal to 10% of the amount of the Loan to cover expenses of such proceedings, court costs, disbursements and attorney's fees, which amount will become immediately due and payable upon the filing of such judicial proceedings.

10. No amendment or waiver of any provisions of this Loan Agreement, or consent to any departure herefrom by the Borrower shall be effective unless the same shall be in writing and signed by the Lender and then such waiver or consent shall be effective only in the specific instance and for the specific purpose for which given.

11. Any notices which may be given to either party hereunder shall be in writing, and if addressed to the Lender, sent to the offices of the Lender located at Roberto Sánchez Vilella Government Center, De Diego Avenue, San Juan, Puerto Rico  00940, Attn: Executive Vice President of Financing, or to such other address or person as the Lender may hereafter notify the Borrower in writing; and if addressed to the Borrower, sent to the offices of the Borrower, located at Roberto Sánchez Vilella Government Center, South Building, San Juan, Puerto Rico  00940, Attn: Executive Director, or to such other address or person as the Borrower may hereafter notify the Lender in writing. Any such notice, if delivered personally, by facsimile or electronic mail, shall be effective three Banking Days after posting.

12. The Borrower shall, from time to time, upon request by the Lender, promptly provide the Lender with such information as to its finances and operations as the Lender shall reasonably request.

26318

13. This Loan Agreement is intended to be a declaration of official intent under U.S. Treasury Department Regulation Section 1.150-2.

14. This Loan Agreement shall be binding upon and inure to the benefit of the Borrower and the Lender and their respective successors and assigns. The Lender may assign to any other financial institution all or any part of or any interest in, the Lender's rights hereunder and in the Loan, and to the extent of such assignment such assignee shall have the same rights against the Borrower hereunder as does the Lender. The Borrower may not assign any of its rights nor delegate any of its obligations hereunder without the Lender's prior written consent. This Loan Agreement shall be governed by, and the rights and obligations of the parties hereunder shall be construed in accordance with the laws of the Commonwealth of Puerto Rico.

**IN WITNESS WHEREOF**, the Borrower and the Lender have caused this Loan Agreement to be executed and delivered by their respective officers thereunto duly authorized, in San Juan, Puerto Rico.

GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO

By: _____
Fernando L. Batlle Hernaíz
Executive Vice President

PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY

By: _____
Rubén A. Hernández Gregorat
Executive Director

Affidavit No. -254-

Recognized and subscribed before me by Rubén A. Hernández Gregorat as Executive Director of the Puerto Rico Highway and Transportation Authority, of legal age, married and resident of Guaynabo, Puerto Rico, and Fernando L. Batlle Hernaíz, as Executive Vice President of the Government Development Bank for Puerto Rico, of legal age, married and resident of San Juan, Puerto Rico, both personally known to me.

In San Juan, Puerto Rico, on June 30, 2010.

_____
Notary Public

26318

**EXHIBIT I**

## Notice of Drawing

_____, ____

Government Development Bank
for Puerto Rico
Roberto Sánchez Vilella Government Center
De Diego Avenue
San Juan, Puerto Rico 00940

Attention:

Gentlemen:

I refer to the Loan Agreement between you and the Puerto Rico Highway and Transportation Authority, dated as of June 30, 2010. All terms not otherwise defined herein shall have the respective meanings given to them in the Loan Agreement.

I hereby request that on _____ you make a disbursement in the amount of $_____ which amount does not exceed the Loan.

I hereby certify to you that:

(1) the proceeds of the Loan are being spent in accordance with the purposes set forth in the Loan Agreement; and

(2) the amount of the disbursement does not exceed the total amount of the Loan and will be sufficient for such purposes.

Sincerely,

By: _____

26318

## FIRST AMENDMENT TO LOAN AGREEMENT

This **FIRST AMENDMENT TO LOAN AGREEMENT** (the "First Amendment"), dated as of June 29, 2012 by and between the **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** (the "Authority" or the "Borrower") and the **GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO** (the "Bank" or the "Lender"),

## W I T N E S S E T H

**WHEREAS**, on June 30, 2010 the Authority and the Bank executed a Loan Agreement (the "Loan Agreement") for the total non revolving principal amount of **THREE MILLION DOLLARS ($3,000,000)** (the "Loan"), in order to provide an interim financing to pay the costs of issuance and other related expenses in connection with the Revenue Refunding Bonds "Series AA" and the Revenue Refunding Bonds "Series H" (as defined in the Loan Agreement, and collectively, the "Reoffered Bonds"), pursuant to the terms of the applicable Supplemental Resolutions and Conversion Resolution (both as defined in the Loan Agreement);

**WHEREAS**, the Loan was evidenced by a Promissory Note payable to the order of the Bank on December 31, 2011, issued on the same date as the Loan Agreement, for the amount of **THREE MILLION DOLLARS ($3,000,000)**;

**WHEREAS**, pursuant to the terms of Resolution Number 9725, adopted by the Board of Directors of the Bank on February 22, 2012, the Bank approved the extension of the maturity of the Loan up to January 31, 2013, the increase of the maximum amount of the Loan Agreement by **Two Hundred Thirty-Four Thousand Three Hundred Ninety-One Dollars and Twenty-Seven Cents ($234,391.27)**, and established the payment of interest at the maturity of the Loan, among other terms and conditions;

**WHEREAS**, the aforementioned increase in the Loan amount has been approved to cover the capitalization of accrued interest up to January 31, 2013 ($233,074.07), and the corresponding financial advisory fees ($1,317.20);



**WHEREAS**, pursuant to Resolution Number 2012-26 issued by the Secretary of Transportation and Public Works on June 22, 2012, the Borrower accepted the conditions required by the Lender to extend the maturity date of the Loan, increase the maximum amount permitted to be outstanding under the Loan Agreement, and establish the payment of interest at the maturity of the Loan, subject to certain conditions;

28616

NOW, THEREFORE, in consideration to the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. Section 1 of the Loan Agreement is amended to read as follows:

    "Subject to the terms and conditions contained herein, the Lender hereby agrees to provide the Borrower a non-revolving line of credit in an aggregate principal amount not to exceed **THREE MILLION TWO HUNDRED THIRTY-FOUR THOUSAND THREE HUNDRED NINETY-ONE DOLLARS AND TWENTY-SEVEN CENTS ($3,234,391.27)**, including the capitalization of accrued interest up to January 31, 2013 ($233,074.07), and the corresponding financial advisory fees ($1,317.20), to pay the costs of issuance and other related expenses in connection with the proceeds of the Reoffered Bonds pursuant to the Conversion Resolution and the Firm Remarketing Agreement dated June 17, 2010 by and between the Authority and Jeffries and Company, Inc., as representative of itself and the underwriters named therein ("Firm Remarketing Agreement"), who will remarket the Reoffered Bonds on behalf of the Authority. The line of credit shall be evidenced by a Promissory Note for the principal amount of **THREE MILLION TWO HUNDRED THIRTY-FOUR THOUSAND THREE HUNDRED NINETY-ONE DOLLARS AND TWENTY-SEVEN CENTS ($3,234,391.27)**, subscribed on this same date by the Borrower and payable to the order of the Lender."

2. Section 2 of the Loan Agreement is hereby amended by deleting said Section 2 in its entirety and replacing it with the following:

    "The Borrower will request the funds in one or more drawings ("Drawings") only for the purposes above mentioned. The Borrower shall request each Drawing by written notice to the Lender and signed by any authorized officer of the Borrower with at least three (3) Banking Days before such Drawing. Borrower shall use the Notice of Drawing Form included as Exhibit I to request each Drawing. Notice of Drawing from the Borrower, once received by the Lender, shall be irrevocable. For the purposes of this Loan Agreement, "Banking Day" means a day on which commercial banks are open for business in San Juan, Puerto Rico."



28616

3. Prior to any disbursement from the Loan, Borrower will provide Lender a duly executed Notice of Drawing, as established in Section 2 of the Loan Agreement, as amended herein, and made part of this First Amendment as *Exhibit I*. This *Exhibit I* substitutes the Notice of Drawing Form attached as *Exhibit I* of the Loan Agreement.

4. Section 3 of the Loan Agreement is amended by deleting said Section 3 in its entirety and replacing it with the following:

> "The principal amount of the Loan shall mature and be due and payable on January 31, 2013. The Borrower hereby agrees to repay the outstanding aggregate principal amount of the Loan at the principal office of the Lender in San Juan, Puerto Rico. Said principal amount shall be payable from a future bond issuance of the Authority or any available moneys of the Authority.
>
> Each Drawing shall bear interest daily from the date such Drawing is made until its repayment at a variable rate of interest per annum equal to Prime Rate plus 150 basis points, as determined from time to time in good faith by the Lender, or, upon written notice to the Borrower, at a variable rate of interest per annum, which interest rate may be revised periodically, equal to the Lender's cost of funding for variable rate loan transactions or the cost of any other obligations or source of funds used to fund the Loan. For purposes of this Loan Agreement, such interest rate shall not exceed twelve (12) percent and shall not be less than six (6) percent. Interest shall be calculated on the basis of a 360-day year of twelve 30-day months. Interest for any period of less than one calendar month shall be calculated on the basis of the actual number of days elapsed during that month. Interest shall be payable at maturity.
>
> The Authority may prepay the Loan at any time without premium or penalty. The Loan shall be junior and subordinate to outstanding bonds of the Borrower.
>
> The President of the Bank or the duly authorized Executive Vice President of the Bank may modify the interest rate at anytime at their full discretion, depending on the interest rate market."

5. Pursuant to this First Amendment to Loan Agreement, a First *Allonge* to Promissory Note shall be executed by the Authority on this date, and will be attached to the Promissory Note with the purposes of incorporating to said Promissory Note the agreements and amendments herein contained.

28616

6. If the Borrower fails to pay the principal amount of the Loan when it becomes due and payable, or does not pay interest when due, the Lender may, at its sole option, without notice to Borrower and to the fullest extent allowed by law, set off and apply against the Loan any other available moneys (including deposits of any kind) of the Borrower held by the Lender against any such unpaid principal amount or unpaid accrued interest.

7. The parties furthermore agree that the Lender reserves the right to request any additional information needed prior to processing any disbursements from the Loan including, but not limited to, copies of invoices.

8. The Borrower agrees to pay to the Lender for this transaction a financial advisory fee in the amount of One Thousand Three Hundred Seventeen Dollars and Twenty Cents ($1,317.20).

9. This First Amendment does not constitute a novation of the obligations set forth in the Loan Agreement, and all provisions of the Loan Agreement, not inconsistent with this First Amendment, shall remain in full force and effect.

10. This First Amendment may be executed in any number of counterparts and by different parties hereto in separate counterparts, each of which when so executed and delivered shall be deemed to be an original and all of which taken together shall constitute but one and the same agreement.

11. In the event that any provision of this First Amendment is declared to be void of unenforceable, the remainder of this First Amendment shall not be affected thereby and shall remain in full force and effect to the extent feasible in the absence of the void and unenforceable declaration.



12. The President of the Bank, the Executive Vice President of Financing or any duly designated Vice President, are authorized to negotiate any other term or condition necessary in relation to the extension or renewal of this Loan, in order to safeguard the best interests of the Bank

**[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT IN BLANK. SIGNATURE PAGE FOLLOWS.]**

28616

**IN WITNESS WHEREOF**, the Borrower and the Lender have caused this First Amendment to Loan Agreement to be executed and delivered by their respective officers thereunto duly authorized, in San Juan, Puerto Rico.

**GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO**

**PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY**

_____
José R. Otero Freiría
Executive Vice President
of Financing

_____
Rubén A. Hernández Gregorat
Secretary of Transportation and Public Works
Executive Director PRHTA

Affidavit No. 698

Recognized and subscribed before me by Rubén A. Hernández Gregorat as Secretary of Transportation and Public Works and Executive Director of the Puerto Rico Highway and Transportation Authority, of legal age, married and resident of Guaynabo, Puerto Rico, who is personally known to me.

In San Juan, Puerto Rico, on June 29, 2012.

_____
Notary Public

Affidavit No. 700

Recognized and subscribed before me by José R. Otero Freiría, as Executive Vice President of Financing of the Government Development Bank for Puerto Rico, of legal age, married and resident of Dorado, Puerto Rico, who is personally known to me.

In San Juan, Puerto Rico, on June 29, 2012.

_____
Notary Public

28616

## SECOND AMENDMENT TO LOAN AGREEMENT

This **SECOND AMENDMENT TO LOAN AGREEMENT** (the "Second Amendment"), dated as of May _6_, 2013 by and between the **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** (the "Authority" or the "Borrower") and the **GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO** (the "Bank" or the "Lender").

### W I T N E S S E T H

**WHEREAS**, on June 30, 2010 the Authority and the Bank executed a Loan Agreement (the "Loan Agreement") for the total non revolving principal amount of **THREE MILLION DOLLARS ($3,000,000)** (the "Loan"), in order to provide an interim financing to pay the costs of issuance and other related expenses in connection with the Revenue Refunding Bonds "Series AA" and the Revenue Refunding Bonds "Series H" (as defined in the Loan Agreement, and collectively, the "Reoffered Bonds"), pursuant to the terms of the applicable Supplemental Resolutions and Conversion Resolution (both as defined in the Loan Agreement);

**WHEREAS**, the Loan was evidenced by a Promissory Note payable to the order of the Bank on December 31, 2011, issued on the same date as the Loan Agreement, for the amount of **THREE MILLION DOLLARS ($3,000,000)**;

**WHEREAS,** on June 29, 2012 the Authority and the Bank executed a First Amendment Loan Agreement to extend of the maturity of the Loan up to January 31, 2013, increase the maximum amount of the Loan Agreement by **Two Hundred Thirty-Four Thousand Three Hundred Ninety-One Dollars and Twenty-Seven Cents ($234,391.27)** to cover capitalized accumulated interest up to January 31, 2013 ($233,074.07) and the corresponding financial advisory fees ($1,317.20), for an amended aggregate principal amount of **Three Million Two Hundred Thirty Four Thousand Three Hundred Ninety One Dollars and Twenty Seven Cents ($3,234,391.27)**, and to establish the payment of interest at the maturity of the Loan, among other terms and conditions;

**WHEREAS**, pursuant to the terms of Resolution Number 9951, adopted by the Board of Directors of the Bank on January 17, 2013, the Bank approved the extension of the maturity date of the Loan up to January 31, 2014, subject to certain conditions;

**WHEREAS,** pursuant to Resolution Number 2013-17B issued by Miguel A. Torres Díaz, Secretary of the Puerto Rico Department of Transportation and Public Works on January 31, 2013, the Borrower was authorized to agree to the extension of the maturity date of the Loan, under the conditions required by the Bank;

**NOW, THEREFORE**, in consideration to the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1.  The first sentence of Section 3 of the Loan Agreement, as amended, is hereby amended to read as follows:

    "The principal amount of the Loan shall mature and be due and payable on January 31, 2014."

2.  Pursuant to this Second Amendment, a Second Amendment to Promissory Note (Allonge) shall be executed by the Authority on this same date, and will be attached to the Promissory Note with the purposes of incorporating to said Promissory Note the agreements and amendments herein contained.

3.  The Borrower agrees to pay to the Lender for this transaction a financial advisory fee in the amount of One Thousand Two Hundred Ninety Three Dollars and Seventy Six Cents ($1,293.76).

4.  This Second Amendment does not constitute a novation of the obligations set forth in the Loan Agreement, as amended, and all provisions of the Loan Agreement, as amended, not inconsistent with this Second Amendment, shall remain in full force and effect.

5.  This Second Amendment may be executed in any number of counterparts and by different parties hereto in separate counterparts, each of which when so executed and delivered shall be deemed to be an original and all of which taken together shall constitute but one and the same agreement.

6.  In the event that any provision of this Second Amendment is declared to be void of unenforceable, the remainder of this Second Amendment shall not be affected thereby and shall remain in full force and effect to the extent feasible in the absence of the void and unenforceable declaration.

### [SIGNATURE PAGE FOLLOWS]

29408

**IN WITNESS WHEREOF**, the Borrower and the Lender have caused this Second Amendment to Loan Agreement to be executed and delivered by their respective officers thereunto duly authorized, in San Juan, Puerto Rico.

**GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO**

**PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY**

_____
Ian J. Figueroa Toro
Executive Vice President
 and Director of Financing

_____
Javier E. Ramos Hernández
Executive Director

Affidavit No. 496

Recognized and subscribed before me by Javier E. Ramos Hernández, as Executive Director of Puerto Rico Highway and Transportation Authority, of legal age, married, engineer and resident of Bayamón, Puerto Rico, who is personally known to me.

In San Juan, Puerto Rico, on May 6 , 2013.

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

_____
Notary Public

Affidavit No. 497

Recognized and subscribed before me by Ian J. Figueroa Toro, as Executive Vice President and Director of Financing of the Government Development Bank for Puerto Rico, of legal age, married, executive and resident of San Juan, Puerto Rico, who is personally known to me.

In San Juan, Puerto Rico, on May 6 , 2013.

_____
Notary Public

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

29408

## THIRD AMENDMENT TO LOAN AGREEMENT

This **THIRD AMENDMENT TO LOAN AGREEMENT** (the "Third Amendment"), dated as of January 31, 2014 by and between the **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** (the "Authority" or the "Borrower") and the **GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO** (the "Bank" or the "Lender").

## W I T N E S S E T H

**WHEREAS,** on June 30, 2010 the Authority and the Bank executed a Loan Agreement (the "Loan Agreement") for the total non revolving principal amount of **THREE MILLION DOLLARS ($3,000,000)** (the "Loan"), in order to provide an interim financing to pay the costs of issuance and other related expenses in connection with the Revenue Refunding Bonds "Series AA" and the Revenue Refunding Bonds "Series H" (as defined in the Loan Agreement, and collectively, the "Reoffered Bonds"), pursuant to the terms of the applicable Supplemental Resolutions and Conversion Resolution (both as defined in the Loan Agreement);

**WHEREAS,** the Loan was evidenced by a Promissory Note payable to the order of the Bank on December 31, 2011, issued on the same date as the Loan Agreement, for the amount of **THREE MILLION DOLLARS ($3,000,000);**

**WHEREAS,** on June 29, 2012 the Authority and the Bank executed a First Amendment Loan Agreement to extend of the maturity of the Loan up to January 31, 2013, increase the maximum amount of the Loan Agreement by **TWO HUNDRED THIRTY-FOUR THOUSAND THREE HUNDRED NINETY-ONE DOLLARS AND TWENTY-SEVEN CENTS ($234,391.27)** to cover capitalized accumulated interest up to January 31, 2013 ($233,074.07) and the corresponding financial advisory fees ($1,317.20), for an amended aggregate principal amount of **THREE MILLION TWO HUNDRED THIRTY FOUR THOUSAND THREE HUNDRED NINETY ONE DOLLARS AND TWENTY SEVEN CENTS ($3,234,391.27),** and to establish the payment of interest at the maturity of the Loan, among other terms and conditions;

**WHEREAS,** on May 6, 2013 the Authority and the Bank executed a Second Amendment to Loan Agreement to extend the maturity date of the Loan up to January 31, 2014, subject to certain conditions;

**WHEREAS,** by October 31, 2013, the Loan had an outstanding principal balance of $ 2,686,850.02, and accrued interests for the amount of $ 215,817.05;

**WHEREAS,** the Authority has requested, and the management of the Bank has recommended, to amend de Loan Agreement, as amended, with the purpose of extending the maturity date;

30271

WHEREAS, on November 20, 2013, the Board of Directors of the Bank adopted Resolution 10197, authorizing to extend the maturity date of the Loan up to January 31, 2015, subject to certain terms and conditions; and

WHEREAS, pursuant to Resolution Number 2014-04, adopted by the Secretary of Transportation and Public Works on January 30, 2014, the Authority accepted the terms and conditions established by the Bank as set forth in above referenced Resolution 10197.

NOW, THEREFORE, in consideration to the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. The first sentence of Section 3 of the Loan Agreement, as amended, is hereby amended to read as follows:

   "The principal amount of the Loan shall mature and be due and payable on January 31, 2015."

2. Pursuant to this Third Amendment, a Third Amendment to Promissory Note (Allonge) shall be executed by the Authority on this same date, and will be attached to the Promissory Note with the purposes of incorporating to said Promissory Note the agreements and amendments herein contained.

3. The Borrower agrees to pay to the Lender for this transaction a financial advisory fee in the amount of One Thousand Two Hundred Ninety Three Dollars and Seventy Six Cents ($1,293.76).

4. This Third Amendment does not constitute a novation of the obligations set forth in the Loan Agreement, as amended, and all provisions of the Loan Agreement, as amended, not inconsistent with this Third Amendment, shall remain in full force and effect.

5. This Third Amendment may be executed in any number of counterparts, each of which when so executed and delivered shall be deemed to be an original and all of which taken together shall constitute but one and the same agreement.

6. In the event that any provision of this Third Amendment is declared to be void of unenforceable, the remainder of this Third Amendment shall not be affected thereby and shall remain in full force and effect to the extent feasible in the absence of the void and unenforceable declaration.

29408

7. The President, the Executive Vice President of Financing or any Executive Vice President of the Bank, are authorized to negotiate any other term or condition necessary in order to safeguard the best interests of the Bank.

8. Pursuant to Resolution 10197, adopted by the Board of Directors of the Bank on November 20, 2013, this Third Amendment is intended as a declaration of intent under U.S. Treasury Department Regulation Section 1.150-2.

**[SIGNATURE PAGE FOLLOWS]**

29408

**IN WITNESS WHEREOF**, the Borrower and the Lender have caused this Third Amendment to Loan Agreement to be executed and delivered by their respective officers thereunto duly authorized, in San Juan, Puerto Rico.

GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO

PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY

_____
Jorge A. Clivillés Díaz
Fiscal Agent

_____
Javier E. Ramos Hernández
Executive Director

Affidavit No. 579

Recognized and subscribed before me by Javier E. Ramos Hernández, as Executive Director of Puerto Rico Highway and Transportation Authority, of legal age, married, engineer and resident of Bayamón, Puerto Rico, who is personally known to me.

In San Juan, Puerto Rico, on January 31, 2014.

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

_____
Notary Public

Affidavit No. 580

Recognized and subscribed before me by Jorge A. Clivillés Díaz as Fiscal Agent of the Government Development Bank for Puerto Rico, of legal age, married and resident of San Juan, Puerto Rico, who is personally known to me.

In San Juan, Puerto Rico, on January 31, 2014.

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

_____
Notary Public

29408

# THIRD AMENDMENT TO PROMISSORY NOTE
## (ALLONGE)

**$3,234,391.27**                          **Due Date: January 31, 2015**

The terms of the Promissory Note executed by Rubén A. Hernández Gregorat, as Secretary of Transportation and Public Works and Executive Director of the Puerto Rico Highway and Transportation Authority, for the principal sum of **THREE MILLION DOLLARS ($3,000,000),** to the order of the Government Development Bank for Puerto Rico on December 31, 2011, before Notary Public Zoraya Betancourt Calzada (the "Note"), as amended by First Amendment to Promissory Note (Allonge) executed by Rubén A. Hernández Gregorat, as Secretary of Transportation and Public Works and Executive Director of the Puerto Rico Highway and Transportation Authority on June 29, 2012 before Notary Public Marguileán Rivera Amill, as amended by Second Amendment to Promissory Note (Allonge) executed by Javier E. Ramos Hernández, as Executive Director of the Puerto Rico Highway and Transportation Authority on May 6, 2013 before Notary Public Belén Fornaris Alfaro, is hereby amended to extend the maturity date to January 31, 2015.

This Third Amendment to Promissory Note (Allonge) is executed in connection with the Third Amendment to Loan Agreement between the Puerto Rico Highway and Transportation Authority and the Government Development Bank for Puerto Rico, executed by the parties on this same date. All other provisions of the Note, as amended, not inconsistent with this Third Amendment to Promissory Note (Allonge), shall remain in full force and effect.

**IN WITNESS WHEREOF,** the Puerto Rico Highway and Transportation Authority has caused this Third Amendment to Promissory Note (Allonge) to be signed by its Executive Director in San Juan, Puerto Rico, this _3/_ day of January, 2014.

**PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY**

Javier E. Ramos Hernández
Executive Director

Affidavit No. _578_

Recognized and subscribed before me by Javier E. Ramos Hernández, as Executive Director of Puerto Rico Highway and Transportation Authority, of legal age, married, engineer and resident of Bayamón, Puerto Rico, who is personally known to me.

In San Juan, Puerto Rico, on January _31_, 2014.

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

Notary Public

30271

## FOURTH AMENDMENT TO LOAN AGREEMENT

This **FOURTH AMENDMENT TO LOAN AGREEMENT** (the "Fourth Amendment"), dated as of May 20, 2015 by and between the **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** (the "Authority" or the "Borrower") and the **GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO** (the "Bank" or the "Lender").

### W I T N E S S E T H

**WHEREAS**, on June 30, 2010 the Authority and the Bank executed a Loan Agreement (the "Loan Agreement") for the total non revolving principal amount of **THREE MILLION DOLLARS ($3,000,000)** (the "Loan"), in order to provide an interim financing to pay the costs of issuance and other related expenses in connection with the Revenue Refunding Bonds "Series AA" and the Revenue Refunding Bonds "Series H" (as defined in the Loan Agreement, and collectively, the "Reoffered Bonds"), pursuant to the terms of the applicable Supplemental Resolutions and Conversion Resolution (both as defined in the Loan Agreement);

**WHEREAS**, the Loan was evidenced by a promissory note payable to the order of the Bank on December 31, 2011, issued on the same date as the Loan Agreement, for the amount of **THREE MILLION DOLLARS ($3,000,000)** (the "Promissory Note");

**WHEREAS**, on June 29, 2012 the Authority and the Bank executed a First Amendment Loan Agreement to extend of the maturity of the Loan up to January 31, 2013, increase the maximum amount of the Loan Agreement by **TWO HUNDRED THIRTY-FOUR THOUSAND THREE HUNDRED NINETY-ONE DOLLARS AND TWENTY-SEVEN CENTS ($234,391.27)** to cover capitalized accumulated interest up to January 31, 2013 ($233,074.07) and the corresponding financial advisory fees ($1,317.20), for an amended aggregate principal amount of **THREE MILLION TWO HUNDRED THIRTY FOUR THOUSAND THREE HUNDRED NINETY ONE DOLLARS AND TWENTY SEVEN CENTS ($3,234,391.27)**, and to establish the payment of interest at the maturity of the Loan, among other terms and conditions;

**WHEREAS**, on May 6, 2013 the Authority and the Bank executed a Second Amendment to Loan Agreement to extend the maturity date of the Loan up to January 31, 2014, subject to certain conditions;

**WHEREAS**, on January 31, 2014 the Authority and the Bank executed a Third Amendment to Loan Agreement to extend the maturity date of the Loan up to January 31, 2015, subject to certain conditions;

2

WHEREAS, by December 31, 2014, the Loan had an outstanding principal balance of $ 2,686,850.02, and accrued interests for the amount of $403,896.54;

WHEREAS, the management of the Bank has recommended to further amend the Loan Agreement, as amended, with the purpose of extending the maturity date;

WHEREAS, on December 17, 2014, the Board of Directors of the Bank adopted Resolution 10554, authorizing to extend the maturity date of the Loan up to January 31, 2016, subject to certain terms and conditions; and

WHEREAS, pursuant to Resolution Number 2015-07, adopted by the Board of Directors of the Authority on January 15, 2015, the Authority accepted the terms and conditions established by the Bank as set forth in above referenced Resolution 10554.

NOW, THEREFORE, in consideration to the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. The parties agree to extend the maturity date of the Loan and include as an additional source of repayment the revenues of the Authority allocated under Act No. 30 and Act No. 31 of June 25, 2013. Therefore, Section 3 of the Loan Agreement, as amended, is hereby amended to read as follows:

    "The principal amount of the Loan shall mature and be due and payable on January 31, 2016. The Borrower hereby agrees to repay the outstanding aggregate principal amount of the Loan at the principal office of the Lender in San Juan, Puerto Rico. Said principal amount shall be payable from a future bond issuance of the Authority or any available moneys of the Authority, including the revenues allocated by Act No. 30 and Act No. 31 of June 25, 2013, pledged and granted in favor of the Bank pursuant to that certain Assignment and Security Agreement between the Authority and the Bank dated as of August 28, 2013."

2. The Executive Director of the Authority and the Secretary of the Department of Transportation and Public Works shall make a presentation to Lender's Board of Directors about the Authority's finances and the progress in implementation of their medium and long term plans to take care of the fiscal situation of the Authority in an expeditious and effective manner, in addition to the new income already enacted. This presentation shall take place prior to the disbursement by the Bank of any amount under the Loan Agreement, as amended, if there are still Loan funds available for disbursement.

31269

3. Pursuant to this Fourth Amendment, a Fourth Amendment to Promissory Note (Allonge) shall be executed by the Authority on this same date, and will be attached to the Promissory Note with the purposes of incorporating to said Promissory Note the agreements and amendments herein contained.

4. The Borrower agrees to pay to the Lender for this transaction a financial advisory fee in the amount of One Thousand Two Hundred Ninety Three Dollars and Seventy Six Cents ($1,293.76).

5. This Fourth Amendment does not constitute a novation of the obligations set forth in the Loan Agreement, as amended, and all provisions of the Loan Agreement, as amended, not inconsistent with this Fourth Amendment, shall remain in full force and effect.

6. In the event that any provision of this Fourth Amendment is declared to be void of unenforceable, the remainder of this Fourth Amendment shall not be affected thereby and shall remain in full force and effect to the extent feasible in the absence of the void and unenforceable declaration.

7. The President, the Executive Vice President of Financing or any Executive Vice President of the Bank, are authorized to direct the resources and revenues of the Authority allocated under Act No. 30 and Act No. 31 of June 25, 2013 for the repayment of existing loans and any other amounts that the Bank charges regarding the outstanding obligations of the Authority.

8. Pursuant to Resolution 10554, adopted by the Board of Directors of the Bank on December 17, 2014, this Fourth Amendment is intended as a declaration of intent under U.S. Treasury Department Regulation Section 1.150-2.

**[SIGNATURE PAGE FOLLOWS]**



31269

4

**IN WITNESS WHEREOF,** the Borrower and the Lender have caused this Fourth Amendment to Loan Agreement to be executed and delivered by their respective officers thereunto duly authorized, in San Juan, Puerto Rico.

**GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO**

**PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY**

_____
Jorge A. Clivillés Díaz
Executive Vice President and
  Fiscal Agent

_____
Carmen A. Villar-Prados
Executive Director

Affidavit No. 729

Recognized and subscribed before me by Carmen A. Villar-Prados, as Executive Director of Puerto Rico Highway and Transportation Authority, of legal age, married, engineer and resident of Guaynabo, Puerto Rico and by Jorge A. Clivillés Díaz as Executive Vice President and Fiscal Agent of the Government Development Bank for Puerto Rico, of legal age, married, executive and resident of San Juan, Puerto Rico, both personally known to me.

In San Juan, Puerto Rico, on ~~January~~ May 20, 2015.

_____
Notary Public

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

31269