**NATBONY DECLARATION**
**<u>EXHIBIT 21</u>**

**CONTRATO DE PRÉSTAMO**

DE LA PRIMERA PARTE: El **BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO**, una institución bancaria organizada y existente a tenor con la Ley Núm. 17-1948, según enmendada, (el "BANCO"), representado en este acto por su Vicepresidente Ejecutivo de Financiamiento, José R. Otero Freiría, mayor de edad, casado y vecino de Dorado, Puerto Rico.

DE LA SEGUNDA PARTE: La **AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO**, una entidad jurídica, creada en virtud de la Ley Núm. 74-1965, (la "AUTORIDAD"), según enmendada, representada en este acto por Rubén A. Hernández Gregorat, Director Ejecutivo de la Autoridad y Secretario del Departamento de Transportación y Obras Públicas, mayor de edad, casado, y vecino de Guaynabo, Puerto Rico, según autorizado por la Resolución Núm. 2012-40 de fecha 6 de ~~octubre de 2011~~ Septiembre de 2012 emitida por el Secretario de Transportación y Obras Públicas de Puerto Rico.

**EXPONEN**

POR CUANTO: LA AUTORIDAD solicitó una línea de crédito por hasta un máximo de $33,276,270 para continuar sus proyectos de mejoras capitales durante el primer semestre del Año Fiscal 2013.

**POR CUÁNTO:** El 15 de agosto de 2012 la Junta de Directores del BANCO aprobó la Resolución Núm. 9853 para conceder a la AUTORIDAD una línea de crédito no rotatoria por la cantidad de principal máxima de TREINTA Y TRES MILLONES NOVECIENTOS SESENTA MIL DÓLARES ($33,960,000), la cual incluye las suma de TREINTA Y TRES MILLONES DOSCIENTOS SETENTA Y SEIS MIL DOSCIENTOS

SETENTA Y DOS DÓLARES ($33,276,272) que la AUTORIDAD utilizará para continuar sus proyectos de mejoras capitales durante el primer semestre del Año Fiscal 2013, más SEISCIENTOS OCHENTA Y TRES MIL SETECIENTOS VEINTE Y OCHO DÓLARES ($683,728) que la AUTORIDAD utilizará para cubrir los cargos por asesoría financiera y la capitalización de intereses al vencimiento.

POR LO QUE, en consideración a los hechos afirmados anteriormente y a las representaciones, acuerdos y garantías que más adelante se exponen, las partes comparecientes acuerdan y convienen otorgar este Contrato de Préstamo.

### ARTÍCULO 1.

### PRÉSTAMO

1.1   Línea de Crédito:

Una vez se otorguen y suscriban los DOCUMENTOS LEGALES que se relacionan en el Artículo 4.1 de este CONTRATO DE PRÉSTAMO, el BANCO extenderá a la AUTORIDAD una LÍNEA DE CRÉDITO no rotatoria por la cantidad de principal máxima de  TREINTA Y TRES MILLONES NOVECIENTOS SESENTA MIL DÓLARES ($33,960,000), la cual incluye las suma de TREINTA Y TRES MILLONES DOSCIENTOS SETENTA Y SEIS MIL DOSCIENTOS SETENTA Y DOS DÓLARES ($33,276,272) que la AUTORIDAD utilizará para continuar sus proyectos de mejoras capitales durante el primer semestre del Año Fiscal 2013, más SEISCIENTOS OCHENTA Y TRES MIL SETECIENTOS VEINTE Y OCHO DÓLARES ($683,728) que la AUTORIDAD utilizará para cubrir los cargos por asesoría financiera y la capitalización de intereses al vencimiento.

La LÍNEA DE CRÉDITO estará evidenciada por un (1) PAGARÉ por la suma de $33,960,000 suscrito por la AUTORIDAD en la misma fecha que suscriba este CONTRATO DE PRÉSTAMO y pagadero a la orden del BANCO.

1.2   **Tasa de Interés:**

La AUTORIDAD acuerda y conviene pagar intereses sobre el balance insoluto de principal de la Línea de Crédito, calculados sobre una base actual/360 días, a una tasa equivalente a la tasa *Prime Rate* más 150 puntos base, la cual nunca será menor de 6%, o la que el Presidente del BANCO o su representante autorizado determine, según el mercado de tasas de interés. Los intereses serán capitalizados al vencimiento. Si en la fecha de vencimiento de la obligación de repago la AUTORIDAD no ha pagado el balance insoluto del principal, la AUTORIDAD pagará intereses sobre dicha suma computados a base de 200 puntos base sobre la tasa que le aplicaría bajo este CONTRATO DE PRÉSTAMO. La AUTORIDAD autoriza al BANCO y le confiere poder, sin que se requiera notificación alguna, para aplicar el derecho a compensación ("*set-off*") a las obligaciones que se originan en este CONTRATO DE PRÉSTAMO, realizando cualquier aplicación de pagos de cualquier suma de dinero perteneciente a la AUTORIDAD en poder del BANCO para el pago de la LÍNEA DE CRÉDITO e intereses acumulados, en caso de incumplimiento por la AUTORIDAD de sus obligaciones de pago bajo el CONTRATO DE PRÉSTAMO.

1.3   **Término y Fuente de Pago:**

La LÍNEA DE CRÉDITO será pagadera el 31 de enero de 2013. La fuente de pago será futuras emisiones de bonos y productos de futuras alianzas público privadas al igual que ingresos propios.

28910 v3

### 1.4 Desembolsos:

La AUTORIDAD deberá solicitar los desembolsos por escrito, con tres (3) días laborables de anticipación. La solicitud de desembolso incluirá un formulario de certificación (*notice of drawing*) igual al Anejo A de este Contrato, en el cual el Director Ejecutivo de la AUTORIDAD, o la persona que éste designe, certificará la necesidad de los fondos y la justificación para su uso. La AUTORIDAD deberá incluir, además, cualquier otra documentación que el BANCO a su entera discreción le solicite previo al desembolso, incluyendo, pero sin limitarse, a copias de facturas. Los desembolsos bajo este financiamiento están sujetos al cumplimiento de la AUTORIDAD con el Área de Agencia Fiscal para las condiciones estipuladas en el *Fiscal Oversight Agreement* (FOA) que la AUTORIDAD tenga vigente con el BANCO. La gerencia del BANCO asignará un auditor externo para verificar los gastos operacionales y autorizar los desembolsos, como condición para dichos desembolsos.

### 1.5 Cargos por Asesoría Financiera:

La AUTORIDAD acuerda y conviene pagar al BANCO los cargos por asesoría financiera que el BANCO disponga, según la política vigente del BANCO.

### ARTÍCULO 2.

### ACUERDOS AFIRMATIVOS

### 2.1 Otras Condiciones:

Este CONTRATO DE PRÉSTAMO se otorga como una declaración oficial de intención bajo la regulación del Departamento del Tesoro de los Estados Unidos, Sección 1.150-2.



28910 v3

**2.2   Causa de Incumplimiento:**

La AUTORIDAD notificará al BANCO de cualquier condición, hecho o suceso que pueda constituir causa de incumplimiento o en virtud de cuya notificación o el mero transcurso del tiempo, o ambos, pueda constituir causa de incumplimiento, entregándole al BANCO una certificación suscrita por uno de sus oficiales, especificando la naturaleza de dicha causa, tiempo durante el cual ha existido, y qué curso de acción la AUTORIDAD se propone iniciar con relación a los mismos. Tal notificación deberá ser cursada al BANCO dentro de los diez (10) días siguientes a la ocurrencia del incumplimiento.

**2.3   Pago de Gestiones Extrajudiciales de Cobro, Honorarios, Gastos, etc.:**

A requerimiento del BANCO, la AUTORIDAD deberá reembolsar prontamente al BANCO el pago de las costas, gastos y honorarios de abogados incurridos por el BANCO en gestiones extrajudiciales de cobro de cualquier plazo en mora en relación con la LÍNEA DE CRÉDITO adeudada por la AUTORIDAD. La omisión de la AUTORIDAD de reembolsar dichas costas, gastos y honorarios de abogados constituirá causa de incumplimiento en la LÍNEA DE CRÉDITO.

Dichas costas, gastos y honorarios de abogados incurridos por el BANCO de conformidad con las disposiciones de este CONTRATO DE PRÉSTAMO serán reembolsados por la AUTORIDAD de inmediato al serle requeridos.

**2.4   Incumplimiento bajo los Documentos Legales:**

La AUTORIDAD conviene que cualquier incumplimiento de los términos del PAGARÉ y/o la carta de compromiso, será considerado simultáneamente incumplimiento con este CONTRATO DE PRÉSTAMO y viceversa, y de ocurrir el

28910 v3

mismo el BANCO tendrá inmediatamente el derecho de ejecutar cualesquiera de los derechos y privilegios que puedan conferir cualquiera de los DOCUMENTOS LEGALES.

**2.5** **Autorización para Tomar Prestado:**

La AUTORIDAD ha tomado las medidas apropiadas y necesarias, oficiales o de otro tipo, para autorizar el otorgamiento y entrega de los DOCUMENTOS LEGALES sin limitación alguna.

## ARTÍCULO 3.

## INCUMPLIMIENTOS

**3.1** **Causas de Incumplimiento:**

Cada una de las siguientes constituirá una causa de incumplimiento bajo los términos de este CONTRATO DE PRÉSTAMO:

 **3.1.1** si cualquier representación dada o extendida por la AUTORIDAD al BANCO en cualquiera de los trámites y DOCUMENTOS LEGALES, o si cualquier informe, garantía o certificado financiero o de otra índole provisto al BANCO en relación con este CONTRATO DE PRÉSTAMO resultare falso o engañoso;

 **3.1.2** la falta de pago de principal e intereses y sus penalidades, si alguna, de la LÍNEA DE CRÉDITO a su fecha de vencimiento de acuerdo con los términos de cualquiera de los DOCUMENTOS LEGALES;

 **3.1.3** el incumplimiento o violación por la AUTORIDAD de cualquiera de los términos, cláusulas y condiciones pactadas con el BANCO en los Artículos 1 y 2 de este CONTRATO DE PRÉSTAMO; o

28910 v3

3.1.4     la omisión por la AUTORIDAD de remediar o subsanar dentro de un plazo de treinta (30) días de su ocurrencia, sin notificación previa escrita por parte del BANCO, cualquier incumplimiento a los términos, cláusulas y condiciones de este CONTRATO DE PRÉSTAMO. Esto no aplica a los términos y condiciones relacionadas con las obligaciones de pago de la LÍNEA DE CRÉDITO, ya que la AUTORIDAD deberá cumplir estrictamente con dicho pago a su vencimiento.

**3.2**    <u>Remedios:</u>

Ante la ocurrencia de cualquiera de las causas de incumplimiento enumeradas en el Artículo 3.1 de este CONTRATO DE PRÉSTAMO, y si dicho incumplimiento no es subsanado o remediado según dispuesto, sin que sea necesario que medie notificación alguna del incumplimiento, a cuyos derechos la AUTORIDAD mediante el presente otorgamiento renuncia, el BANCO podrá:

3.2.1     proceder a reclamar el pago del balance insoluto de la LÍNEA DE CRÉDITO;

3.2.2     radicar un procedimiento judicial solicitando el cumplimiento específico de cualquier término, cláusula o condición de cualquiera de los DOCUMENTOS LEGALES, o un entredicho ("injunction") provisional o permanente para impedir que la AUTORIDAD viole cualquiera de dichos términos, cláusulas y condiciones; o

3.2.3     ejercitar cualquier otro remedio a que tenga derecho bajo las leyes del Estado Libre Asociado de Puerto Rico.

28910 v3

## ARTÍCULO 4.

## DISPOSICIONES MISCELÁNEAS

4.1   **Documentos Legales:**

Según utilizado en este CONTRATO DE PRÉSTAMO, el término DOCUMENTOS LEGALES significa:

1. PAGARÉ

2. CONTRATO DE PRÉSTAMO

4.2   **Renuncias, Alivios, Prórrogas, Tolerancias y Remedios Adicionales:**



Ninguna dilación o demora por parte del BANCO o de cualquier tenedor o dueño del PAGARÉ en el ejercicio de cualquier derecho, facultad o remedio que pueda tener conforme a los términos de cualquiera de los DOCUMENTOS LEGALES se considerará como una renuncia, limitación o disminución de los mismos, como tampoco el ejercicio parcial o exclusivo de cualquiera de los mismos será óbice para que subsiguientemente sean ejercitados en su totalidad, incluyendo, pero sin limitarse a ello, el derecho de compensación.   Los remedios a favor del BANCO dispuestos en los DOCUMENTOS LEGALES se considerarán adicionales a, y no excluyentes de, cualquier otro remedio contemplado en ley.   Para que todo alivio, prórroga o tolerancia extendida por el BANCO a la AUTORIDAD, o cualquier enmienda a este CONTRATO DE PRRÉSTAMO, sea efectiva, deberá constar por escrito suscrito por un oficial autorizado del BANCO, que especificará el alcance del alivio, prórroga, tolerancia o enmienda concedida.   Todo alivio, prórroga, tolerancia o enmienda concedida será válida únicamente para la ocurrencia o eventualidad para la cual se concedió.

28910 v3

**4.3    Direcciones para Notificaciones, etc.:**

Toda notificación, reclamo, directriz o cualquier comunicación dispuesta por los

DOCUMENTOS LEGALES constará por escrito y deberá ser entregada personalmente o

enviada por fax o por correo, a las siguientes direcciones:



A LA  "AUTORIDAD":

Autoridad de Carreteras y Transportación
Departamento de Transportación y Obras Públicas
P.O. Box 42007
San Juan, Puerto Rico 00940-2007
(787) 721-8787

Atención:  Director Ejecutivo

AL "BANCO":

Banco Gubernamental de Fomento para Puerto Rico
P.O. Box 42001
San Juan, Puerto Rico  00940-2001
Fax:  (787) 721-1443

Atención:  Presidente

o a cualquier otra dirección que las partes señalen mediante notificación escrita cursada

conforme a lo dispuesto en este Artículo.  Éstas se considerarán perfeccionadas una vez

las mismas se depositen debidamente franqueadas en el correo y sean cursadas a las

direcciones mencionadas.

**4.4    Sucesores y Causahabientes:**

Los pactos y cláusulas aquí contenidas obligarán y beneficiarán a las partes y a

sus respectivos causahabientes, albaceas, administradores, sucesores y cesionarios.

**4.5    Renuncias por la AUTORIDAD a Presentación, Protesto, etc.:**

La AUTORIDAD renuncia a toda notificación de aceptación o demanda o

requerimiento a la realización de cualquier condición precedente por parte del BANCO,

28910 v3

y así mismo renuncia a los derechos de presentación, protesto, notificación de protesto, requerimiento de pago, notificación de incumplimiento o falta de pago, relevo, compromiso, compensación, transacción, prórroga, renovación o extensión de cualquier derecho contractual o instrumento legal y, en general, a toda otra formalidad legal.

EN TESTIMONIO DE LO CUAL, las partes comparecientes otorgan este CONTRATO DE PRÉSTAMO, en San Juan, Puerto Rico, hoy _12_ de septiembre de 2012.

**BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO**

_____
Jose R. Otero Freiría
Vicepresidente Ejecutivo

**AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO**

_____
Rubén Hernández Gregorat
Director Ejecutivo
Secretario, Departamento de Transportación
y Obras Públicas de Puerto Rico

Testimonio _702A_

Reconocido y suscrito ante mí por Rubén Hernández Gregorat, mayor de edad, casado, ejecutivo y vecino de San Juan, Puerto Rico, en su carácter de Director Ejecutivo de la Autoridad de Carreteras y Transportación de Puerto Rico, y Secretario del Departamento de Trasportación y Obras Publicas de Puerto Rico, a quien conozco personalmente. _Se aclara que el compareciente es residente de Guaynabo, Puerto Rico_

En San Juan, Puerto Rico, a _6_ de septiembre de 2012.

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

_María de Lourdes Rodríguez_
Notario Público

Testimonio _704_

Reconocido y suscrito ante mí por Jose R. Otero Freiría, mayor de edad, casado, y vecino de Dorado, Puerto Rico, en su carácter de Vicepresidente Ejecutivo de Financiamiento del Banco Gubernamental de Fomento para Puerto Rico, a quien conozco personalmente.

En San Juan, Puerto Rico, a _12_ de septiembre de 2012.

_María de Lourdes Rody_
Notario Público

28910 v3

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

## PRIMERA ENMIENDA A CONTRATO DE PRÉSTAMO

### COMPARECEN

**DE LA PRIMERA PARTE:** El BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO, una institución bancaria organizada y existente a tenor con la Ley Núm. 17, aprobada el 23 de septiembre de 1948, según enmendada, (el "BANCO"), representado en este acto por Ian J. Figueroa Toro, Vicepresidente Ejecutivo y Director de Financiamiento, mayor de edad, casado, ejecutivo y residente de San Juan, Puerto Rico.

**DE LA SEGUNDA PARTE:** La AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO, una entidad jurídica creada en virtud de la Ley Núm. 74 de 23 de junio de 1965, según enmendada, (la "AUTORIDAD") representada en este acto por Javier E. Ramos Hernández, Director Ejecutivo de la AUTORIDAD, mayor de edad, casado, ingeniero y vecino de Bayamón, Puerto Rico.



A menos que un término escrito en letras mayúsculas sea definido de otra forma en esta PRIMERA ENMIENDA AL CONTRATO DE PRÉSTAMO, el mismo tendrá el significado adscrito en el CONTRATO DE PRÉSTAMO según se define más adelante.

### EXPONEN

**POR CUANTO:** El 15 de agosto de 2012, la Junta de Directores del BANCO aprobó la Resolución Núm. 9853 para conceder a la AUTORIDAD una línea de crédito no rotatoria por la cantidad máxima de TREINTA Y TRES MILLONES NOVECIENTOS SESENTA MIL DÓLARES ($33,960,000) para continuar sus proyectos de mejoras capitales durante el primer semestre del Año Fiscal 2013, así como cubrir los cargos por asesoría financiera y la capitalización de intereses al vencimiento.

29244

**POR CUANTO:** De conformidad con lo anterior, la AUTORIDAD y el BANCO suscribieron un Contrato de Préstamo (el "CONTRATO DE PRÉSTAMO"), efectivo al 12 de septiembre de 2012, mediante el cual se concedió a la AUTORIDAD una LÍNEA DE CRÉDITO no rotativa por la suma máxima de TREINTA Y TRES MILLONES NOVECIENTOS SESENTA MIL DÓLARES ($33,960,000), la cual incluyó $33,276,272 para continuar con los proyectos de mejoras capitales durante el primer semestre del Año Fiscal 2013 y $683,728 para cubrir los cargos por asesoría financiera y la capitalización de intereses al vencimiento. En la misma fecha de otorgamiento del CONTRATO DE PRÉSTAMO, la AUTORIDAD suscribió un PAGARÉ por la suma de TREINTA Y TRES MILLONES NOVECIENTOS SESENTA MIL DÓLARES ($33,960,000) a la orden del BANCO y con vencimiento el 31 de enero de 2013.

**POR CUANTO:** Al 31 de diciembre de 2012, el balance de principal de la LÍNEA DE CRÉDITO asciende a $1,136,317.65 con intereses acumulados por la cantidad de $1,466.32.



**POR CUANTO:** La gerencia del BANCO ha recomendado enmendar la LÍNEA DE CRÉDITO con el propósito de extender el vencimiento y el repago de intereses acumulados hasta el 31 de enero de 2014.

**POR CUANTO:** La Junta de Directores del BANCO ha autorizado mediante la Resolución Núm. 9957 adoptada en reunión celebrada el 17 de enero de 2013, enmendar el CONTRATO DE PRÉSTAMO a los fines de extender la fecha de vencimiento hasta el 31 de enero de 2014 y establecer el pago de honorarios por asesoría financiera, entre otros términos y condiciones.

29244

POR CUANTO:  De conformidad con la Resolución Núm. 2013-10 emitida el 31 de enero de 2013 por Miguel A. Torres Díaz, Secretario del Departamento de Transportación y Obras Públicas del Puerto Rico, la AUTORIDAD ha aceptado los términos y condiciones establecidos por el BANCO para la presente enmienda.

POR LO TANTO, en consideración a los hechos afirmados anteriormente, y a las representaciones, acuerdos y garantías que más adelante se exponen, las partes comparecientes:

### ACUERDAN Y CONVIENEN

PRIMERO:  Se enmienda la primera oración de la Sección 1.3 del Artículo 1 del CONTRATO DE PRÉSTAMO para que lea como sigue:

> "La LÍNEA DE CRÉDITO más los intereses capitalizados serán pagaderos el 31 de enero de 2014."



SEGUNDO:  La AUTORIDAD reconoce, conviene y acepta pagar al BANCO honorarios por servicios de asesoría financiera igual a una veinticincoava (1/25) parte del uno por ciento (1%), para un total de Trece Mil Quinientos Ochenta y Cuatro Dólares ($13,584) correspondientes a esta transacción y según la política vigente del BANCO.

TERCERO:  En esta misma fecha, la AUTORIDAD suscribe y otorga un documento titulado PRIMERA ENMIENDA A PAGARÉ ("ALLONGE").  Este ALLONGE se hará formar parte del PAGARÉ original suscrito por la AUTORIDAD, con el propósito de incorporar los acuerdos y enmiendas aquí consignadas.

29244

**CUARTO:** Esta PRIMERA ENMIENDA AL CONTRATO DE PRÉSTAMO y su ALLONGE no constituyen una novación de las obligaciones de la AUTORIDAD bajo el CONTRATO DE PRÉSTAMO y PAGARÉ, según aquí enmendados. Todos los demás términos y condiciones y del CONTRATO DE PRÉSTAMO y el PAGARÉ que no contravengan lo aquí acordado, permanecerán inalteradas y en pleno vigor.

**QUINTO:** Esta PRIMERA ENMIENDA AL CONTRATO DE PRÉSTAMO se suscribe de conformidad con la Resolución 9957 adoptada por la Junta de Directores del BANCO el 17 de enero de 2013, la cual se aprobó como una declaración de intención bajo la Sección 1.150-2 de la regulación del Departamento del Tesoro Federal (*U.S. Treasury Department Regulation Section 1.150-2*).

**[FIRMAS A CONTINUACIÓN]**

29244

EN TESTIMONIO DE LO CUAL, las partes comparecientes otorgan esta

PRIMERA ENMIENDA A CONTRATO DE PRÉSTAMO en San Juan, Puerto Rico,

a _13_ de marzo de 2013.

| BANCO GUBERNAMENTAL DE<br>FOMENTO PARA PUERTO RICO | AUTORIDAD DE CARRETERAS Y<br>TRANSPORTACIÓN DE PUERTO RICO |
|---|---|
| _____ | _____ |
| Ian J. Figueroa Toro<br>Vicepresidente Ejecutivo<br>y Director de Finanzas | Javier E. Ramos Hernández<br>Director Ejecutivo |

Testimonio 782

    Reconocido y suscrito ante mí por Javier E. Ramos Hernández, mayor de edad,
casado, ingeniero y vecino de Bayamón, Puerto Rico, en su carácter como Director Ejecutivo
de la Autoridad de Carreteras y Transportación de Puerto Rico, a quien conozco
personalmente.



En San Juan, Puerto Rico, a _13_ de marzo de 2013.

_____
Notaria Público

Testimonio 784

    Reconocido y suscrito ante mí por Ian J. Figueroa Toro, mayor de edad, casado y
vecino de San Juan, Puerto Rico, en su carácter de Vicepresidente Ejecutivo y Director de
Financiamiento del Banco Gubernamental de Fomento para Puerto Rico, a quien conozco
personalmente.

En San Juan, Puerto Rico, a _13_ de marzo de 2013.

_____
Notaria Público

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

29244

## SEGUNDA ENMIENDA A CONTRATO DE PRÉSTAMO

### COMPARECEN

**DE LA PRIMERA PARTE**: El **BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO**, una institución bancaria organizada y existente a tenor con la Ley Núm. 17, aprobada el 23 de septiembre de 1948, según enmendada (el "BANCO"), representado en este acto por José Pagán Beauchamp, Presidente Interino, mayor de edad, casado y residente de Guaynabo, Puerto Rico.

**DE LA SEGUNDA PARTE**: La **AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO**, una entidad jurídica creada en virtud de la Ley Núm. 74 de 23 de junio de 1965, según enmendada (la "AUTORIDAD"), representada en este acto por Javier E. Ramos Hernández, Director Ejecutivo, mayor de edad, casado y vecino de Bayamón, Puerto Rico.

A menos que un término escrito en letras mayúsculas sea definido de otra forma en esta Segunda Enmienda a Contrato de Préstamo (la "SEGUNDA ENMIENDA AL CONTRATO DE PRÉSTAMO"), el mismo tendrá el significado adscrito en el CONTRATO DE PRÉSTAMO según se define más adelante.

### EXPONEN

**POR CUANTO**: El 15 de agosto de 2012, la Junta de Directores del BANCO aprobó la Resolución Núm. 9853 para conceder a la AUTORIDAD una línea de crédito no rotatoria por la cantidad máxima de TREINTA Y TRES MILLONES NOVECIENTOS SESENTA MIL DÓLARES ($33,960,000) para continuar sus proyectos de mejoras

29780

capitales durante el primer semestre del Año Fiscal 2013, así como cubrir los cargos por asesoría financiera y la capitalización de intereses al vencimiento.

POR CUANTO: De conformidad con lo anterior, la AUTORIDAD y el BANCO suscribieron un Contrato de Préstamo (el "CONTRATO DE PRÉSTAMO"), efectivo al 12 de septiembre de 2012, mediante el cual se concedió a la AUTORIDAD una LÍNEA DE CRÉDITO no rotativa por la suma máxima de $33,960,000, la cual incluyó $33,276,272 para continuar con los proyectos de mejoras capitales durante el primer semestre del Año Fiscal 2013 y $683,728 para cubrir los cargos por asesoría financiera y la capitalización de intereses al vencimiento. En la misma fecha de otorgamiento del CONTRATO DE PRÉSTAMO, la AUTORIDAD suscribió un PAGARÉ por la suma de $33,960,000 a la orden del BANCO y con vencimiento el 31 de enero de 2013.

POR CUANTO: El 13 de marzo de 2013, el BANCO y la AUTORIDAD suscribieron una Primera Enmienda a Contrato de Préstamo a los fines de extender el vencimiento y el repago de intereses acumulados hasta el 31 de enero de 2014. En esa misma fecha, la AUTORIDAD suscribió una Primera Enmienda a Pagaré ("Allonge") para incorporar dichas enmiendas.

POR CUANTO: Durante el mes de diciembre de 2012, la AUTORIDAD y Société Générale efectuaron dos transacciones que generaron la cantidad de $23,423,637.50, la cual tiene que ser utilizada para cubrir costos de proyectos de mejoras capitales de la AUTORIDAD.

POR CUANTO: En vista de lo anterior, la gerencia del BANCO ha recomendado reducir el financiamiento provisto a la AUTORIDAD por una cantidad

29780

de $23,423,637.50 y enmendar la LÍNEA DE CRÉDITO con el propósito de establecer que la cantidad máxima autorizada para la misma sea de $10,536,362.50.

**POR CUANTO**: Al 10 de junio de 2013, el balance de principal de la LÍNEA DE CRÉDITO asciende a $4,459,780.91 con intereses acumulados por la cantidad de $59,207.99.

**POR CUANTO**: La Junta de Directores del BANCO ha autorizado mediante la Resolución Núm. 10077 adoptada en reunión celebrada el 19 de junio de 2013, enmendar el CONTRATO DE PRÉSTAMO a los fines de reducir la cantidad máxima autorizada para la LÍNEA DE CRÉDITO y establecer que la cantidad máxima autorizada bajo la misma será de $10,536,362.50, entre otros términos y condiciones.

**POR CUANTO**: De conformidad con la Resolución Núm. 2013-35 emitida el 16 de agosto de 2013 por la Junta de Directores de la AUTORIDAD, la AUTORIDAD ha aceptado los términos y condiciones establecidos por el BANCO para la presente enmienda.

**POR LO TANTO**, en consideración a los hechos afirmados anteriormente, y a las representaciones, acuerdos y garantías que más adelante se exponen, las partes comparecientes:

### ACUERDAN Y CONVIENEN

**PRIMERO**: Se enmienda la Sección 1.1 del Artículo 1 del CONTRATO DE PRÉSTAMO para que disponga como sigue:

> "Una vez se otorguen y suscriban los DOCUMENTOS LEGALES que se relacionan en el Artículo 4.1 de este CONTRATO DE PRÉSTAMO, el BANCO extenderá a la AUTORIDAD una LÍNEA DE CRÉDITO no

29780

rotatoria por la cantidad de principal máxima de DIEZ MILLONES QUINIENTOS TREINTA Y SEIS MIL TRESCIENTOS SESENTA Y DOS DÓLARES CON CINCUENTA CENTAVOS ($10,536,362.50), la cual incluye las sumas de NUEVE MILLONES OCHOCIENTOS SESENTA Y NUEVE MIL SEISCIENTOS SEIS DÓLARES CON UN CENTAVO ($9,869,606.01) que la AUTORIDAD utilizará para continuar sus proyectos de mejoras capitales durante el primer semestre del Año Fiscal 2013, más SEISCIENTOS SESENTA Y SEIS MIL SETECIENTOS CINCUENTA Y SEIS DÓLARES CON CUARENTA Y NUEVE CENTAVOS ($666,756.49) que la AUTORIDAD utilizará para cubrir los cargos por asesoría financiera y la capitalización de intereses al vencimiento.

La LÍNEA DE CRÉDITO estará evidenciada por un PAGARÉ por la suma de DIEZ MILLONES QUINIENTOS TREINTA Y SEIS MIL TRESCIENTOS SESENTA Y DOS DÓLARES CON CINCUENTA CENTAVOS ($10,536,362.50) suscrito por la AUTORIDAD en la misma fecha que suscriba este CONTRATO DE PRÉSTAMO y pagadero a la orden del BANCO."

**SEGUNDO:** En esta misma fecha, la AUTORIDAD suscribe y otorga un documento titulado SEGUNDA ENMIENDA A PAGARÉ ("ALLONGE"). Este ALLONGE se hará formar parte del PAGARÉ original suscrito por la AUTORIDAD, con el propósito de incorporar los acuerdos y enmiendas aquí consignadas.

**TERCERO:** Esta SEGUNDA ENMIENDA AL CONTRATO DE PRÉSTAMO y su ALLONGE no constituyen una novación de las obligaciones de la AUTORIDAD bajo el CONTRATO DE PRÉSTAMO y PAGARÉ, según aquí enmendados. Todos los demás términos y condiciones y del CONTRATO DE PRÉSTAMO y el PAGARÉ que no contravengan lo aquí acordado, permanecerán inalteradas y en pleno vigor.

**[FIRMAS EN LA SIGUIENTE PÁGINA]**

29780

**EN TESTIMONIO DE LO CUAL**, las partes comparecientes otorgan esta

**SEGUNDA ENMIENDA A CONTRATO DE PRÉSTAMO** en San Juan,

Puerto Rico, a _10_ de septiembre de 2013.

| | |
|---|---|
| **BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO** | **AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO** |

José Pagán Beauchamp
Presidente Interino

Javier E. Ramos Hernández
Director Ejecutivo

Testimonio _881_

Reconocido y suscrito ante mí por Javier E. Ramos Hernández, mayor de edad, casado y vecino de Bayamón, Puerto Rico, en su carácter como Director Ejecutivo de la Autoridad de Carreteras y Transportación de Puerto Rico, a quien conozco personalmente. En San Juan, Puerto Rico, a _10_ de septiembre de 2013.

Notaria Público

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

Testimonio _883_

Reconocido y suscrito ante mí por José Pagán Beauchamp, mayor de edad, casado y vecino de Guaynabo, Puerto Rico, en su carácter de Presidente Interino del Banco Gubernamental de Fomento para Puerto Rico, a quien conozco personalmente. En San Juan, Puerto Rico, a _10_ de septiembre de 2013.

Notaria Público

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

29780

## TERCERA ENMIENDA A CONTRATO DE PRÉSTAMO

### COMPARECEN

**DE LA PRIMERA PARTE**: El **BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO**, una institución bancaria organizada y existente a tenor con la Ley Núm. 17, aprobada el 23 de septiembre de 1948, según enmendada (el "BANCO"), representado en este acto por Jorge A. Clivillés Díaz, Vicepresidente Ejecutivo y Agente Fiscal, mayor de edad, casado y residente de San Juan, Puerto Rico.

**DE LA SEGUNDA PARTE**: La **AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO**, una entidad jurídica creada en virtud de la Ley Núm. 74 de 23 de junio de 1965, según enmendada (la "AUTORIDAD"), representada en este acto por Javier E. Ramos Hernández, Director Ejecutivo, mayor de edad, casado y vecino de Bayamón, Puerto Rico.

A menos que un término escrito en letras mayúsculas sea definido de otra forma en esta Tercera Enmienda a Contrato de Préstamo (la "TERCERA ENMIENDA AL CONTRATO DE PRÉSTAMO"), el mismo tendrá el significado adscrito en el CONTRATO DE PRÉSTAMO, según enmendado y definido más adelante.

### EXPONEN

**POR CUANTO**: El 15 de agosto de 2012, la Junta de Directores del BANCO aprobó la Resolución Núm. 9853 para conceder a la AUTORIDAD una línea de crédito no rotatoria por la cantidad máxima de $33,960,000 para continuar sus proyectos de mejoras capitales durante el primer semestre del Año Fiscal 2013, así como cubrir los cargos por asesoría financiera y la capitalización de intereses al vencimiento.

30198

**POR CUANTO**: De conformidad con lo anterior, la AUTORIDAD y el BANCO suscribieron un Contrato de Préstamo (el "CONTRATO DE PRÉSTAMO"), efectivo al 12 de septiembre de 2012, mediante el cual se concedió a la AUTORIDAD una LÍNEA DE CRÉDITO no rotativa por la suma máxima de $33,960,000, la cual incluyó $33,276,272 para continuar con los proyectos de mejoras capitales durante el primer semestre del Año Fiscal 2013 y $683,728 para cubrir los cargos por asesoría financiera y la capitalización de intereses al vencimiento. En la misma fecha de otorgamiento del CONTRATO DE PRÉSTAMO, la AUTORIDAD suscribió un PAGARÉ por la suma de $33,960,000 a la orden del BANCO y con vencimiento el 31 de enero de 2013.

**POR CUANTO**: El 13 de marzo de 2013, el BANCO y la AUTORIDAD suscribieron una Primera Enmienda a Contrato de Préstamo a los fines de extender el vencimiento y el repago de intereses acumulados hasta el 31 de enero de 2014. En esa misma fecha, la AUTORIDAD suscribió una Primera Enmienda a Pagaré ("Allonge") para incorporar dichas enmiendas.

**POR CUANTO**: Durante el mes de diciembre de 2012, la AUTORIDAD y *Société Générale* efectuaron dos transacciones que generaron la cantidad de $23,423,637.50 a utilizarse sólo para cubrir costos de proyectos de mejoras capitales de la AUTORIDAD.

**POR CUANTO**: En vista de lo anterior, el 10 de septiembre de 2013, el BANCO y la AUTORIDAD suscribieron una Segunda Enmienda a Contrato de Préstamo para reducir el financiamiento provisto a la AUTORIDAD por una cantidad de $23,423,637.50 y enmendar la LÍNEA DE CRÉDITO con el propósito de

30198

establecer la cantidad máxima autorizada en $10,536,362.50. En esa misma fecha, la AUTORIDAD suscribió una Segunda Enmienda a Pagaré ("Allonge") para incorporar dichas enmiendas.

**POR CUANTO**: Al 31 de octubre de 2013, el balance de principal de la LÍNEA DE CRÉDITO asciende a $7,898,217.35 con intereses acumulados por la cantidad de $213,557.40.

**POR CUANTO**: La AUTORIDAD ha solicitado, y la gerencia del BANCO ha recomendado, enmendar la LÍNEA DE CRÉDITO con el propósito de extender el vencimiento de la misma hasta el 31 de enero de 2015.

**POR CUANTO**: La Junta de Directores del BANCO ha autorizado mediante la Resolución Núm. 10197 adoptada en reunión celebrada el 20 de noviembre de 2013, enmendar el CONTRATO DE PRÉSTAMO a los fines de extender la fecha de vencimiento hasta el 31 de enero de 2015 y requerir el pago de honorarios por asesoría financiera, entre otros términos y condiciones.

**POR CUANTO**: De conformidad con la Resolución Núm. 2014-04 emitida el 30 de enero de 2014 por la Junta de Directores de la AUTORIDAD, la AUTORIDAD ha aceptado los términos y condiciones establecidos por el BANCO para la presente enmienda.

**POR LO TANTO**, en consideración a los hechos afirmados anteriormente, y a las representaciones, acuerdos y garantías que más adelante se exponen, las partes comparecientes:

30198

## ACUERDAN Y CONVIENEN

**PRIMERO:** Se enmienda la primera oración de la Sección 1.3 del Artículo 1 del CONTRATO DE PRÉSTAMO, según enmendado, para que lea como sigue:

"La LÍNEA DE CRÉDITO más los intereses capitalizados serán pagaderos el 31 de enero de 2015."

**SEGUNDO:** La AUTORIDAD reconoce, conviene y acepta pagar al BANCO honorarios por servicios de asesoría financiera igual a una veinticincoava (1/25) parte del uno por ciento (1%), para un total de Cuatro Mil Doscientos Catorce Dólares con Cincuenta y Cinco Centavos ($4,214.55) correspondientes a esta transacción y según la política vigente del BANCO.

**TERCERO:** En esta misma fecha, la AUTORIDAD suscribe y otorga un documento titulado TERCERA ENMIENDA A PAGARÉ ("ALLONGE"). Este ALLONGE se hará formar parte del PAGARÉ original suscrito por la AUTORIDAD, según enmendado, con el propósito de incorporar los acuerdos y enmiendas aquí consignadas.

**CUARTO:** Esta TERCERA ENMIENDA AL CONTRATO DE PRÉSTAMO y su ALLONGE no constituyen una novación de las obligaciones de la AUTORIDAD bajo el CONTRATO DE PRÉSTAMO y PAGARÉ, según enmendados. Todos los demás términos y condiciones del CONTRATO DE PRÉSTAMO y el PAGARÉ, según enmendados, que no contravengan lo aquí acordado, permanecerán inalteradas y en pleno vigor.

30198

**QUINTO**: Esta TERCERA ENMIENDA AL CONTRATO DE PRÉSTAMO se suscribe de conformidad con la Resolución 10197 adoptada por la Junta de Directores del BANCO el 20 de noviembre de 2013, la cual se aprobó como una declaración de intención bajo la Sección 1.150-2 de la regulación del Departamento del Tesoro Federal (*U.S. Treasury Department Regulation Section 1.150-2*).

**[FIRMAS EN LA SIGUIENTE PÁGINA]**

30198

**EN TESTIMONIO DE LO CUAL**, las partes comparecientes otorgan esta

**TERCERA ENMIENDA A CONTRATO DE PRÉSTAMO** en San Juan, Puerto Rico,

a _31_ de enero de 2014.

**BANCO GUBERNAMENTAL DE**　　**AUTORIDAD DE CARRETERAS Y**
**FOMENTO PARA PUERTO RICO**　　**TRANSPORTACIÓN DE PUERTO RICO**


Jorge A. Clivillés Díaz　　　　　　Javier E. Ramos Hernández
Vicepresidente Ejecutivo　　　　　Director Ejecutivo
y Agente Fiscal


Testimonio _907_

　　　Reconocido y suscrito ante mí por Javier E. Ramos Hernández, mayor de edad, casado y vecino de Bayamón, Puerto Rico, en su carácter como Director Ejecutivo de la Autoridad de Carreteras y Transportación de Puerto Rico, a quien conozco personalmente. En San Juan, Puerto Rico, a _31_ de enero de 2014.

Notaria Público

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

Testimonio _909_

　　　Reconocido y suscrito ante mí por Jorge A. Clivillés Díaz, mayor de edad, casado y vecino de San Juan, Puerto Rico, en su carácter de Vicepresidente Ejecutivo y Agente Fiscal del Banco Gubernamental de Fomento para Puerto Rico, a quien conozco personalmente. En San Juan, Puerto Rico, a _31_ de enero de 2014.

Notaria Público

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

30198

## CUARTA ENMIENDA A CONTRATO DE PRÉSTAMO

### COMPARECEN

**DE LA PRIMERA PARTE:** El **BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO**, una corporación pública e instrumentalidad del Estado Libre Asociado de Puerto Rico creada en virtud de la Ley Núm. 17, aprobada el 23 de septiembre de 1948, según enmendada (el "BANCO"), representado en este acto por Jorge A. Clivillés Díaz, Vicepresidente Ejecutivo y Agente Fiscal, mayor de edad, casado y residente de San Juan, Puerto Rico.

**DE LA SEGUNDA PARTE:** La **AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO**, una corporación pública e instrumentalidad del Estado Libre Asociado de Puerto Rico creada en virtud de la Ley Núm. 74 de 23 de junio de 1965, según enmendada (la "AUTORIDAD"), representada en este acto por Carmen A. Villar Prados, Directora Ejecutiva, mayor de edad, casada y vecina de Guaynabo, Puerto Rico.

A menos que un término escrito en letras mayúsculas sea definido de otra forma en esta Cuarta Enmienda a Contrato de Préstamo (la "CUARTA ENMIENDA AL CONTRATO DE PRÉSTAMO"), el mismo tendrá el significado adscrito en el CONTRATO DE PRÉSTAMO, según enmendado y definido más adelante.

### EXPONEN

**POR CUANTO:** El 15 de agosto de 2012, la Junta de Directores del BANCO aprobó la Resolución Núm. 9853 para conceder a la AUTORIDAD una línea de crédito no rotatoria por la cantidad máxima de $33,960,000 para continuar sus proyectos de



31267

mejoras capitales durante el primer semestre del Año Fiscal 2013, así como cubrir los cargos por asesoría financiera y la capitalización de intereses al vencimiento.

**POR CUANTO**: De conformidad con lo anterior, la AUTORIDAD y el BANCO suscribieron un Contrato de Préstamo (el "CONTRATO DE PRÉSTAMO"), efectivo al 12 de septiembre de 2012, concediendo a la AUTORIDAD una LÍNEA DE CRÉDITO no rotativa por la suma máxima de $33,960,000, la cual incluyó $33,276,272 para continuar con los proyectos de mejoras capitales durante el primer semestre del Año Fiscal 2013 y $683,728 para cubrir los cargos por asesoría financiera y la capitalización de intereses al vencimiento. En la misma fecha de otorgamiento del CONTRATO DE PRÉSTAMO, la AUTORIDAD suscribió un PAGARÉ por la suma de $33,960,000 a la orden del BANCO y con vencimiento el 31 de enero de 2013.

**POR CUANTO**: El 13 de marzo de 2013, el BANCO y la AUTORIDAD suscribieron una Primera Enmienda a Contrato de Préstamo a los fines de extender el vencimiento y el repago de intereses acumulados hasta el 31 de enero de 2014. En esa misma fecha, la AUTORIDAD suscribió una Primera Enmienda a Pagaré ("Allonge") para incorporar dichas enmiendas.

**POR CUANTO**: Durante el mes de diciembre de 2012, la AUTORIDAD y *Société Générale* efectuaron dos transacciones que generaron la cantidad de $23,423,637.50 a utilizarse sólo para cubrir costos de proyectos de mejoras capitales de la AUTORIDAD.

**POR CUANTO**: En vista de lo anterior, el 10 de septiembre de 2013, el BANCO y la AUTORIDAD suscribieron una Segunda Enmienda a Contrato de



31267

3

Préstamo para reducir el financiamiento provisto a la AUTORIDAD por una cantidad de $23,423,637.50 y enmendar la LÍNEA DE CRÉDITO con el propósito de establecer la cantidad máxima autorizada en $10,536,362.50. En esa misma fecha, la AUTORIDAD suscribió una Segunda Enmienda a Pagaré ("Allonge") para incorporar dichas enmiendas.

POR CUANTO: El 31 de enero de 2014, el BANCO y la AUTORIDAD suscribieron una Tercera Enmienda a Contrato de Préstamo a los fines de extender el vencimiento y el repago de intereses acumulados hasta el 31 de enero de 2015. En esa misma fecha, la AUTORIDAD suscribió una Tercera Enmienda a Pagaré ("Allonge") para incorporar dichas enmiendas.

POR CUANTO: Al 31 de diciembre de 2014, el balance de principal de la LÍNEA DE CRÉDITO asciende a $9,869,606.01 con intereses acumulados por la cantidad de $891,861.66.

POR CUANTO: La gerencia del BANCO ha recomendado enmendar la LÍNEA DE CRÉDITO con el propósito de extender el vencimiento de la misma hasta el 31 de enero de 2016.

POR CUANTO: La Junta de Directores del BANCO ha autorizado mediante la Resolución Núm. 10554 adoptada en reunión celebrada el 17 de diciembre de 2014 (la "Resolución 10554"), enmendar el CONTRATO DE PRÉSTAMO a los fines de extender la fecha de vencimiento hasta el 31 de enero de 2016 y requerir el pago de honorarios por asesoría financiera, entre otros términos y condiciones.

31267

**POR CUANTO**: De conformidad con la Resolución Núm. 2015-07 adoptada el 15 de enero de 2015 por la Junta de Directores de la AUTORIDAD, la AUTORIDAD ha aceptado los términos y condiciones establecidos por el BANCO para la presente enmienda.

**POR LO TANTO,** en consideración a los hechos afirmados anteriormente, y a las representaciones, acuerdos y garantías que más adelante se exponen, las partes comparecientes:

## ACUERDAN Y CONVIENEN

**PRIMERO:** Las partes acuerdan extender la fecha de vencimiento de la LÍNEA DE CRÉDITO e incluir los ingresos asignados a la AUTORIDAD bajo las Leyes Leyes Número 30 y 31 del 25 de junio de 2013 como fuente de pago adicional de la obligación. Por consiguiente, se enmienda la Sección 1.3 del Artículo 1 del CONTRATO DE PRÉSTAMO, según enmendado, para que lea como sigue:

> "La LÍNEA DE CRÉDITO más los intereses capitalizados serán pagaderos el 31 de enero de 2016. La fuente de pago será futuras emisiones de bonos y productos de futuras alianzas público privadas al igual que ingresos propios, incluyendo los ingresos asignados bajo las Leyes Número 30 y 31 del 25 de junio de 2013, los cuales están cedidos y comprometidos a favor del BANCO mediante el *Assignment and Security Agreement* suscrito el 28 de agosto de 2013 entre el BANCO y la AUTORIDAD."

**SEGUNDO:** La AUTORIDAD reconoce, conviene y acepta pagar al BANCO honorarios por servicios de asesoría financiera igual a una veinticincoava (1/25) parte del uno por ciento (1%), para un total de **Cuatro Mil Doscientos Catorce**



31267

5

Dólares con Cincuenta y Cinco Centavos ($4,214.55) correspondientes a esta transacción y según la política vigente del BANCO.

TERCERO: En esta misma fecha, la AUTORIDAD suscribe y otorga un documento titulado CUARTA ENMIENDA A PAGARÉ ("ALLONGE"). Este ALLONGE se hará formar parte del PAGARÉ original suscrito por la AUTORIDAD, según enmendado, con el propósito de incorporar los acuerdos y enmiendas aquí consignadas.

CUARTO: Esta CUARTA ENMIENDA AL CONTRATO DE PRÉSTAMO y su ALLONGE no constituyen una novación de las obligaciones de la AUTORIDAD bajo el CONTRATO DE PRÉSTAMO y PAGARÉ, según enmendados. Todos los demás términos y condiciones del CONTRATO DE PRÉSTAMO y el PAGARÉ, según enmendados, que no contravengan lo aquí acordado, permanecerán inalteradas y en pleno vigor.

QUINTO: El Presidente del BANCO, el Vicepresidente Ejecutivo de Financiamiento o cualquier otro vicepresidente ejecutivo, está autorizado a canalizar los recursos e ingresos de la AUTORIDAD correspondientes a las Leyes 30 y 31 del 25 de junio de 2013 para el repago de los financiamientos vigentes y cualquiera otras cantidades que el BANCO cobre por concepto de obligaciones pendientes de la AUTORIDAD.

SEXTO: El Director Ejecutivo de la AUTORIDAD y el Secretario del Departamento de Transportación y Obras Públicas deberán efectuar una presentación a la Junta de Directores del BANCO sobre las finanzas de la AUTORIDAD y el progreso



31267

6

de la implementación de sus planes a mediano y largo plazo para atender de manera expedita y efectiva la situación fiscal de la AUTORIDAD, más allá de los nuevos ingresos ya legislados. Esta presentación se llevará a cabo previo a cualquier desembolso por parte del BANCO si aún quedan fondos disponibles bajo la LÍNEA DE CRÉDITO.

SÉPTIMO: Esta CUARTA ENMIENDA AL CONTRATO DE PRÉSTAMO se suscribe de conformidad con la Resolución 10554, la cual se aprobó como una declaración de intención bajo la Sección 1.150-2 de la regulación del Departamento del Tesoro Federal (*U.S. Treasury Department Regulation Section 1.150-2*).

**[FIRMAS EN LA SIGUIENTE PÁGINA]**



31267

7

EN TESTIMONIO DE LO CUAL, las partes comparecientes otorgan esta

CUARTA ENMIENDA A CONTRATO DE PRÉSTAMO en San Juan, Puerto Rico, a

_20_ de mayo de 2015.

BANCO GUBERNAMENTAL DE          AUTORIDAD DE CARRETERAS Y
FOMENTO PARA PUERTO RICO       TRANSPORTACIÓN DE PUERTO RICO


_____        _____
Jorge A. Clivillés Díaz         Carmen A. Villar Prados
Vicepresidente Ejecutivo        Directora Ejecutiva
y Agente Fiscal

Testimonio 739

Reconocido y suscrito ante mí por Jorge A. Clivillés Díaz, mayor de edad, casado y vecino de San Juan, Puerto Rico, en su carácter de Vicepresidente Ejecutivo y Agente Fiscal del Banco Gubernamental de Fomento para Puerto Rico, y por Carmen A. Villar Prados, mayor de edad, casada y vecina de Guaynabo, Puerto Rico, en su carácter de Directora Ejecutiva de la Autoridad de Carreteras y Transportación de Puerto Rico, a quienes conozco personalmente.

En San Juan, Puerto Rico, a _20_ de mayo de 2015.


_____
Notaria Público

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

31267

[stamp:] MARIA DE
LOURDES RODRIGUEZ
ATTORNEY – NOTARY

## LOAN AGREEMENT

THE FIRST PARTY: **THE BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO,** a banking institution organized and existing in accordance with Law No. 17-1948, as amended (the "BANK") represented in this instrument by its Executive Vice President of Financing, José R. Otero Freiría, adult, married and a resident of Dorado, Puerto Rico.

THE SECOND PARTY: The **HIGHWAYS AND TRANSPORTATION AUTHORITY OF PUERTO RICO,** a legal entity, established pursuant to Law No. 74-1965, (the "AUTHORITY"), as amended, represented in this instrument by Rubén A. Hernández Gregorat, Executive Director of the Authority and Secretary of the Department of Transportation and Public Works, adult, married, and a resident of Guaynabo, Puerto Rico, as authorized by Resolution No. [hw:] *2012-40* [initials] dated on the [hw:] *6th* of [initials] [hw:] *September 2012* ~~October 2011~~ issued by the Secretary of Transportation and Public Works of Puerto Rico.

[stamp:] MARIA DE
LOURDES RODRIGUEZ
ATTORNEY – NOTARY

[initials]

## PREAMBLE

**WHEREAS:** The AUTHORITY requested a credit line for up to a maximum of $33,276, [illegible] in order to continue its capital improvements projects during the first six months of Fiscal Year 2013.

**WHEREAS:** On August 15, 2012, the Board of Directors of the BANK approved Resolution No. 9853 in order to grant to the AUTHORITY non-revolving credit line for the maximum principal amount of THIRTY-THREE MILLION NINE HUNDRED SIXTY THOUSAND DOLLARS ($33,960,000), which includes the sum of THIRTY-THREE MILLION TWO HUNDRED SEVENTY-SIX THOUSAND TWO HUNDRED

2

SEVENTY-TWO DOLLARS ($33,276,272) which the AUTHORITY shall use to continue its capital improvements projects during the first six months of Fiscal Year 2013, plus SIX HUNDRED EIGHTY-THREE THOUSAND SEVEN HUNDRED TWENTY-EIGHT DOLLARS ($683,728) which the AUTHORITY shall use to cover fees for financial consulting services and the capitalization of interests upon expiration.

**THEREFORE,** in consideration of the facts confirmed above and the representations, agreements and guarantees that are set forth below, the parties that appear approve and agree to grant this Loan Agreement.

[stamp:] MARIA DE LOURDES RODRIGUEZ  [stamp:] MARIA DE LOURDES RODRIGUEZ
ATTORNEY – NOTARY        ATTORNEY – NOTARY

## ARTICLE 1.

## LOAN

1.1 **Credit Line**:

After the LEGAL DOCUMENTS referred to in Article 4.1 of this LOAN AGREEMENT are issued and signed, the BANK shall extend to the AUTHORITY a non-rotating CREDIT LINE for the maximum amount of principal of THIRTY-THREE MILLION NINE HUNDRED SIXTY THOUSAND DOLLARS ($33,960,000), which includes the sum of THIRTY-THREE MILLION TWO HUNDRED SEVENTY-SIX THOUSAND TWO HUNDRED SEVENTY-TWO DOLLARS ($33,276,272) which the AUTHORITY shall use to continue its capital improvements projects during the first six months of Fiscal Year 2013, plus SIX HUNDRED EIGHTY-THREE THOUSAND SEVEN HUNDRED TWENTY-EIGHT DOLLARS ($638,728) which the AUTHORITY shall use to cover fees for financial consulting services and the capitalization of interest upon expiration.

[initials]

28910 v3

5

The CREDIT LINE shall be evidenced by one (1) PROMISSORY NOTE for the sum of $33,960,000 signed by the AUTHORITY on the same date that this LOAN AGREEMENT is signed and payable to the order of the BANK.

[stamp:] MARIA DE LOURDES RODRIGUEZ
ATTORNEY – NOTARY

1.2     **Interest Rate:**

The AUTHORITY approves and agrees to pay interest on the unpaid balance of principal of the Credit Line, calculated on an actual basis/360 days, at a rate equivalent to the *Prime Rate* plus 150 basis points, which shall never be less than 6%, or the rate that the President of the BANK or his authorized representative determines, according to the market interest rate. The interest shall be capitalized upon expiration. If on the expiration date of the repayment obligation the AUTHORITY has not paid the unpaid balance of the principal, the AUTHORITY shall pay interest on that sum computed based on 200 basis points over the rate that would apply under this LOAN AGREEMENT. The AUTHORITY authorizes the BANK and grants it authority without requiring any notice, to apply the right to *set off* the obligations that arise under this LOAN AGREEMENT, making any application of payments of any sum of money that belongs to the AUTHORITY in possession of the BANK for the payment of the LOAN AGREEMENT and accumulated interest in the event that the AUTHORITY breaches its payment obligations under the LOAN AGREEMENT.

[initials]

[stamp:] MARIA DE LOURDES RODRIGUEZ
ATTORNEY – NOTARY

1.3     **Term and Source of Payment:**

The LOAN AGREEMENT shall be payable on January 31, 2013. The source of payment shall be future issuances of bonds and income from future private-public alliances as well as own income.

28910 v3

1.4     **Disbursements:**

The AUTHORITY shall request disbursements in writing three (3) business days in advance. The disbursement request shall include a certification form (*notice of drawing*) equal to Annex A of this Agreement, in which the Executive Director of the AUTHORITY, or the person that he designates, certifies the necessity of the funds and the justification for their use. The AUTHORITY shall include, in addition, any other documentation that the BANK in its full discretion requests from it prior to the disbursement, including, but not limited to, copies of invoices. The disbursements under this financing are subject to compliance by the AUTHORITY with the Fiscal Agency Area for the conditions stipulated in the *Fiscal Oversight Agreement* (FOA) that the AUTHORITY has in effect with the BANK. The BANK management shall assign an external auditor to verify the operational expenses and to authorize the disbursements, as a condition for such disbursements.

1.5     **Financial Consultancy Fees:**

The AUTHORITY approves and agrees to pay the BANK fees for financial consultancy that the BANK

[initials]   provides, according to the BANK's policy in effect.

[stamp:] MARIA DE LOURDES RODRIGUEZ
ATTORNEY – NOTARY


## ARTICLE 2.

## AFFIRMATIVE AGREEMENTS

2.1     **Other Conditions:**

This LOAN AGREEMENT is granted as an official statement of intent under the regulation of the Department of the Treasury of the United States, Section 1.150.2.

[stamp:] MARIA DE LOURDES RODRIGUEZ
ATTORNEY – NOTARY

28910 v3

5

2.2. **Ground of Breach:**

The AUTHORITY shall notify the BANK of any condition, fact or occurrence that may constitute a ground of breach or that pursuant to its notice or the mere passage of time, or both, may constitute a ground of breach by delivering to the BANK a certification signed by one of its officials, specify stating the nature of such ground, the time during which it has existed, and what course of action the AUTHORITY proposes to initiate with respect to them. Such notice shall be sent to the BANK within ten (10) days after the breach occurs.

[stamp:] MARIA DE LOURDES RODRIGUEZ
ATTORNEY – NOTARY

2.3 **Payment of Costs for Extrajudicial Collections, Professional Fees, Expenses, etc.:**

At the BANK's request, the AUTHORITY shall promptly reimburse the BANK for the payment of costs, expenses and attorney's fees incurred by the BANK in extrajudicial collections of any time period in delay in relation with the LOAN AGREEMENT owed by the AUTHORITY. The failure by the AUTHORITY to reimburse such costs, expenses and attorney's fees shall constitute a ground of breach on the LOAN AGREEMENT.

Such costs, expenses and attorney's fees incurred by the BANK in accordance with the provisions [initials] his LOAN AGREEMENT shall be reimbursed by the AUTHORITY immediately upon request.

[stamp:] MARIA DE LOURDES RODRIGUEZ
ATTORNEY – NOTARY

2.4 **Breach under the Legal Documents:**

The AUTHORITY agrees that any breach of the terms of the PROMISSORY NOTE and/or the obligation letter shall be deemed at the same time to be a breach of this LOAN AGREEMENT and vice versa, and when it occurs

28910 v3

the BANK shall immediately have the right to enforce any of the rights and privileges that any of the LEGAL

DOCUMENTS may confer.

2.5   **Authorization to Take Collateral:**

The AUTHORITY has taken the appropriate and necessary measures, official or of another type, to

authorize the issuance and delivery of the LEGAL DOCUMENTS without any limitation.

[stamp:] MARIA DE LOURDES RODRIGUEZ          [stamp:] MARIA DE LOURDES RODRIGUEZ
ATTORNEY – NOTARY                            ATTORNEY – NOTARY

## ARTICLE 3.

## BREACHES

3.1   **Grounds of Breach:**

Each of the following shall constitute a ground of breach under the terms of this LOAN

AGREEMENT:

3.1.1   if any representation given or extended by the AUTHORITY to the BANK in any of the

procedures and LEGAL DOCUMENTS or if any report, guarantee or financial certificate

or any other type of document provided to the BANK in relation to this LOAN

AGREEMENT is found to be false or misleading;

[initials]

3.1.2   failure to pay principal and interest and their penalties, if any, of the LOAN AGREEMENT

on their due date in accordance with the terms of any of the LEGAL DOCUMENTS;

3.1.3   breach or violation by the AUTHORITY of any of the terms, clauses and conditions agreed

to with the BANK in Articles 1 and 2 of this LOAN AGREEMENT; or

28910 v3

3.1.4    the failure by the AUTHORITY to remedy or cure within a time period of thirty (30) days from its occurrence, without prior written notice by the BANK, any breach of the terms, clauses and conditions of this LOAN AGREEMENT. This does not apply to the terms and conditions related to the obligations to pay the LOAN AGREEMENT, since the AUTHORITY shall strictly comply with such payment when it is due.

[stamp:] MARIA DE LOURDES RODRIGUEZ
ATTORNEY – NOTARY

3.2    **Remedies:**

When any of the grounds of breach listed in Article 3.1 of this LOAN AGREEMENT occurs, and if such breach is not cured or remedied as provided, without any need to send any notice of breach, the rights to which the AUTHORITY hereby waives the granting, the BANK may:

3.2.1    proceed to claim the payment of the unpaid balance of the CREDIT LINE;

3.2.2    file a court proceeding requesting the specific performance of any term, clause or condition of any of the LEGAL DOCUMENTS, or a temporary or permanent injunction to prevent the AUTHORITY from violating any such terms, clauses or conditions; or

[initials]

3.2.3    to enforce any other remedy to which it has a right under the laws of the Commonwealth of Puerto Rico.

[stamp:] MARIA DE LOURDES RODRIGUEZ
ATTORNEY – NOTARY

28910 v3

[stamp:] MARIA DE LOURDES RODRIGUEZ
ATTORNEY – NOTARY

## ARTICLE 4.

## MISCELLANEOUS PROVISIONS

4.1    **Legal Documents:**

[stamp:] MARIA DE LOURDES RODRIGUEZ
ATTORNEY – NOTARY

As used in this LOAN AGREEMENT, the term LEGAL DOCUMENTS means:

1. PROMISSORY NOTE

2. LOAN AGREEMENT

4.2    **Waivers, Relief, Extensions, Forbearance and Additional Remedies:**

No delay or late performance by the BANK or by any holder or owner of the PROMISSORY NOTE in the enforcement of any right, authority or remedy that it may have in accordance with the terms of any of the LEGAL DOCUMENTS shall be deemed to be a waiver, limitation or reduction of such rights, authorities or remedies, and the partial or exclusive enforcement of any of them shall not be an impediment for them to subsequently be fully enforced, including, but not limited to, the right to offset. Remedies in favor of the BANK provided in the LEGAL DOCUMENTS shall be deemed to be in addition to, any not to exclude, any other remedy set forth in law. For any relief, extension or forbearance extended by the BANK to the AUTHORITY, or any amendment to this LOAN AGREEMENT to be enforceable, it shall appear in writing signed by an authorized official of the BANK, which shall specifically state the scope of the relief, extension, forbearance or amendment granted. Any relief, extension, forbearance or amendment granted shall be valid only for the occurrence or potential occurrence for which it was granted.

[initials]

28910 v3

9

**4.3**     **Addresses for Notices, etc.:**

Any notice, claim, directive or other communication provided by the LEGAL DOCUMENTS shall be

recorded in writing and shall be delivered in person or sent by fax or mail to the following addresses:

> [stamp:] MARIA DE LOURDES RODRIGUEZ
> ATTORNEY – NOTARY
> [stamp:] MARIA DE LOURDES RODRIGUEZ
> ATTORNEY – NOTARY

TO THE "**AUTHORITY**":

Highways and Transportation Authority
Department of Transportation and Public Works
P.O. Box 42007
San Juan, Puerto Rico 00940-2007
(787) 721-8787

Attention: Executive Director

TO THE "**BANK**":

Banco Gubernamental de Fomento para Puerto Rico
P.O. Box 42001
San Juan, Puerto Rico 00940-2001
Fax: (787) 721-1443

Attention: President

or to any other address that the parties indicate by written notice sent in accordance with the provisions in

this Article. These shall be deemed to be perfected after they have been duly deposited postmarked in the

mail and sent to the addresses stated.

[initials]

**4.4**     **Successors and Beneficiaries:**

The agreements and clauses contained herein shall obligate and benefit the parties and their

respective beneficiaries, executors, administrators, successors and assignees.

**4.5**     **Waivers by the AUTHORITY of Presentation, Protest, etc.:**

The AUTHORITY waives any notice of acceptance or demand or requirement to meet any

condition precedent by the BANK,

28910 v3

as well as waiver of rights of presentation, protest, notice of protest, payment request, notice of breach or failure to pay, release, compromise, set-off, settlement, extension, renewal or extension of any contractual right or legal instrument and, in general, any other legal formality.

IN WITNESS WHEREOF, the parties who appear grant this LOAN AGREEMENT, in San Juan, Puerto Rico, on this date September [hw:] *12*, 2012.

**BANCO GUBERNAMENTAL DE**       **HIGHWAYS AND TRANSPORTATION**
**FOMENTO PARA PUERTO RICO**     **AUTHORITY OF PUERTO RICO**

_____[signature]_____    _____[signature]_____

José R. Otero Freiría                              Rubén Hernández Gregorat
Executive Vice President                        Executive Director
                                            Secretary, Department of Transportation
                                             and Public Works of Puerto Rico

Statement [hw:] *702A --*

Acknowledged and signed before me by Rubén Hernández Gregorat, adult, married, executive and resident of San Juan, Puerto Rico, in his capacity of Executive Director of the Highways and Transportation Authority of Puerto Rico, whom I know personally. [hw:] *It is clarified that the party who appears is a resident of Guaynabo, Puerto Rico.* [initials]

In San Juan, Puerto Rico, on September [hw:] *6*, 2012.

[stamp:] MARIA DE
LOURDES
RODRIGUEZ          EXEMPT FROM PAYMENT OF STAMP TAX
ATTORNEY-NOTARY      LAW 47 OF JUNE 4, 1982         _____[signature]_____
                                                         Public Notary

[initials]
stamp:] MARIA DE
LOURDES
RODRIGUEZ
ATTORNEY-NOTARY

Statement [hw:] *704 --*

Acknowledged and signed before me by José R. Otero Freiría, adult, married and resident of Dorado, Puerto Rico in his capacity of Executive Vice President of Financing Banco Gubernamental de Fomento para Puerto Rico, whom I know personally.

In San Juan, Puerto Rico, on September [hw:] *12*, 2012.

[stamp:] MARIA DE                                    _____[signature]_____
LOURDES                                          Public Notary
RODRIGUEZ                                               28910 v3
ATTORNEY-NOTARY                                 EXEMPT FROM PAYMENT OF
                                                STAMP TAX
                                              LAW 47 OF JUNE 4, 1982

## FIRST AMENDMENT TO LOAN AGREEMENT

### APPEAR

**THE FIRST PARTY:** The **BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO,** a banking institution organized and existing pursuant to Law No. 17, approved on September 23, 1948, as amended (the "BANK"), represented in the act by Ian J. Figueroa Toro, Executive Vice President and Director of Financing, adult, married and resident of San Juan, Puerto Rico.

**THE SECOND PARTY:** The **HIGHWAYS AND TRANSPORTATION AUTHORITY OF PUERTO RICO**, a legal entity established pursuant to Law No. 74 of June 23, 1965, as amended (the "AUTHORITY"), represented in this act by Javier E. Ramos Hernández, Executive Director of the AUTHORITY, adult, married, engineer and a resident of Bayamón, Puerto Rico.

Unless any term written in capital letters is defined otherwise in this FIRST AMENDMENT TO THE LOAN AGREEMENT, it shall have the meaning given in the LOAN AGREEMENT, as defined below.

[initials]

### PREAMBLE

**WHEREAS:** On August 15, 2012, the Board of Directors of the BANK approved Resolution No. 9853 to grant to the AUTHORITY a non-revolving line of credit for the maximum amount of THIRTY-THREE MILLION NINE HUNDRED SIXTY THOUSAND DOLLARS ($33,960,000), to continue its capital improvements projects during the first six months of Fiscal Year 2013, as well as to cover fees for financial consulting services and the capitalization of interest upon expiration.

29244

**WHEREAS:** In accordance with the above, the AUTHORITY and the BANK signed a Loan Agreement (the "LOAN AGREEMENT"), effective on September 12, 2012, granting to the AUTHORITY a non-revolving CREDIT LINE for the maximum amount of $33,960,000, which included $33,276,272 to continue with capital improvement projects during the first six months of Fiscal Year 2013 and $683,728 to cover the payment of fees for financial consulting services and the capitalization of interest upon expiration. On the same date of the granting of the LOAN AGREEMENT, the AUTHORITY signed a PROMISSORY NOTE for the sum of THIRTY-THREE MILLION NINE HUNDRED SIXTY THOUSAND DOLLARS ($33,960,000) to the order of the BANK and with expiration on January 31, 2013.

**WHEREAS:** On December 31, 2012, the balance of the principal of the CREDIT LINE totals $1,136,317.65 with accrued interest for the amount of $1,466.32.

[initials]

**WHEREAS:** The management of the BANK has recommended, to amend the CREDIT LINE for the purpose of extending the expiration and repayment of accrued interest until January 31, 2014.

**WHEREAS:** The Board of Directors of the BANK has authorized by Resolution No. 9957 adopted at a meeting held on January 17, 2013, to amend the LOAN AGREEMENT for purposes of extending the expiration date until January 31, 2014 and to establish the payment of professional fees for financial consulting services, among other terms and conditions.

29244

**WHEREAS:** In accordance with Resolution No. 2013-10 issued on January 31, 2013 by Miguel A. Torres Días, Secretary of the Department of Transportation and Public Works of Puerto Rico, the AUTHORITY accepted the terms and conditions set forth by the BANK for this amendment.

**THEREFORE,** in consideration of the facts confirmed above, and of the representations, approvals and guarantees set forth below, the parties that appear:

**APPROVE AND AGREE**

**FIRST:** The first sentence of Section 1.3 of Article 1 of the LOAN AGREEMENT is amended to read as follows:

"The CREDIT LINE plus capitalized interest shall be payable on January 31, 2014."

**SECOND:** The AUTHORITY acknowledges, accepts and agrees to pay the BANK professional fees for financial consultancy services equal to one twenty-fifth (1/25) of one percent (1%), for a total of Thirteen Thousand Five Hundred Eighty-Four Dollars ($13,584) corresponding to this transaction and according to the policy of the BANK in effect.

[initials]

**THIRD:** On this same date, the AUTHORITY signs and issues a document entitled FIRST AMENDMENT TO THE PROMISSORY NOTE ("ALLONGE"). This ALLONGE shall be made to form a part of the original PROMISSORY NOTE signed by the AUTHORITY, as amended, for the purpose of incorporating the agreements and amendments set forth herein.

29244

**FOURTH:** This FIRST AMENDMENT TO THE LOAN AGREEMENT and its ALLONGE do not constitute a novation of the obligations of the AUTHORITY under the LOAN AGREEMENT and PROMISSORY NOTE, as amended. Any of the other terms and conditions of the LOAN AGREEMENT and the PROMISSORY NOTE, as amended, that do not violate the provisions herein shall remain unchanged and in full effect.

**FIFTH:**  This FIRST AMENDMENT TO THE LOAN AGREEMENT is signed in accordance with Resolution 9957 adopted by the Board of Directors of the BANK on January 17, 2013, which was approved as a statement of intent under Section 1.150-2 *of U.S. Treasury Department Regulation Section 1.150-2.*

**[SIGNATURES ON THE NEXT PAGE]**

[initials]

29244

**IN WITNESS WHEREOF**, the parties who appear grant this **FIRST AMENDMENT TO THE LOAN AGREEMENT**, in San Juan, Puerto Rico, on March [hw:] *13*, 2013.

**BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO**

    [signature]
_____
Ian J. Figueroa Toro
Executive Vice President
and Director of Finances

**HIGHWAYS AND TRANSPORTATION AUTHORITY OF PUERTO RICO**

    [signature]
_____
Javier E. Ramos Hernández
Executive Director

Statement [hw:] *782*

    Acknowledged and signed before me by Javier E. Ramos Hernández, adult, married, engineer and resident of Bayamón, Puerto Rico, in his capacity as Executive Director of the Highways and Transportation Authority of Puerto Rico, whom I know personally.

    In San Juan, Puerto Rico, on March [hw:] *13*, 2013.

[stamp:]
MARGUILEÁN
RIVERA AMILL
ATTORNEY-NOTARY

EXEMPT FROM PAYMENT OF STAMP TAX
LAW 47 OF JUNE 4, 1982

    [signature]
_____
Public Notary

Statement [hw:] *784*

    Acknowledged and signed before me by Ian J. Figueroa Toro, adult, married and resident of San Juan, Puerto Rico, in his capacity as Executive Vice President and Fiscal Agent of the Banco Gubernamental de Fomento para Puerto Rico, whom I know personally.

    In San Juan, Puerto Rico, on March [hw:] *13*, 2013.

[stamp:]
MARGUILEÁN
RIVERA AMILL
ATTORNEY-NOTARY

EXEMPT FROM PAYMENT OF STAMP TAX
LAW 47 OF JUNE 4, 1982

    [signature]
_____
Public Notary

29244

## SECOND AMENDMENT TO LOAN AGREEMENT

### APPEAR

**THE FIRST PARTY:** The **BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO,** a banking institution organized and existing pursuant to Law No. 17, approved on September 23, 1948, as amended (the "BANK"), represented in the act by José Pagán Beauchamp, Interim President, adult, married and resident of Guaynabo, Puerto Rico.

**THE SECOND PARTY:** The **HIGHWAYS AND TRANSPORTATION AUTHORITY OF PUERTO RICO**, a public corporation and instrumentality of the Commonwealth of Puerto Rico established pursuant to Law No. 74 of June 23, 1965, as amended (the "AUTHORITY"), represented in this act by Javier E. Ramos Hernández, Executive Director, adult, married and a resident of Bayamón, Puerto Rico.

Unless any term written in capital letters is defined otherwise in this First Amendment to the Loan Agreement (the "SECOND AMENDMENT TO THE LOAN AGREEMENT"), it shall have the meaning given in the LOAN AGREEMENT, as defined below.

### PREAMBLE

**WHEREAS:** On August 15, 2012, the Board of Directors of the BANK approved Resolution No. 9853 to grant to the AUTHORITY a non-revolving line of credit for up to a maximum amount of THIRTY-THREE MILLION NINE HUNDRED SIXTY THOUSAND DOLLARS ($33,960,000), to continue its capital

[initials]

29780

2

improvements projects during the first six months of Fiscal Year 2013, as well as to cover fees for financial consulting services and the capitalization of interest upon expiration.

> **WHEREAS:** In accordance with the above, the AUTHORITY and the BANK signed a Loan Agreement (the "LOAN AGREEMENT"), effective on September 12, 2012, granting to the AUTHORITY a non-revolving CREDIT LINE for the maximum amount of $33,960,000, which included $33,276,272 to continue with the capital improvements projects during the first six months of Fiscal Year 2013 and $683,728 to cover fees for financial consulting services and the capitalization of interest upon expiration. On the same date of the granting of the LOAN AGREEMENT, the AUTHORITY signed a PROMISSORY NOTE for the sum of $33,960,000 to the order of the BANK and with expiration on January 31, 2013.

> **WHEREAS:** On March 13, 2013, the BANK and the AUTHORITY signed a First Amendment to loan agreement for purposes of extending the expiration until January 31, 2014. On that same date, the AUTHORITY signed a First Amendment to Promissory Note ("Allonge") to incorporate the amendments.

> **WHEREAS:** During the month of December 2012, the AUTHORITY and *Société Générale* made two

[initials] transactions that generated the amount of $23,423,637.50, which must be used to cover costs of capital improvement projects of the AUTHORITY.

> **WHEREAS:** In view of the above, the management of the BANK has recommended, to amend the financing provided to the AUTHORITY for an amount

29780

of $23,423,637.50 and to amend the CREDIT LINE for the purpose of establishing that the maximum authorized amount for the CREDIT LINE shall be $10,536,362.50.

**WHEREAS:** As of June 10, 2013, the principal balance of the CREDIT LINE totals $4,459,780.91 with accrued interest for the amount of $59,207.99.

**WHEREAS:** The Board of Directors of the BANK has authorized by Resolution No. 10077 adopted at a meeting held on June 19, 2013, to amend the LOAN AGREEMENT for purposes of reducing the maximum authorized amount for the CREDIT LINE and to establish that the maximum authorized amount under the CREDIT LINE shall be $10,536,362.50, among other terms and conditions.

**WHEREAS:** In accordance with Resolution No. 2013-35 issued on August 16, 2013 by the Board of Directors of the AUTHORITY, the AUTHORITY accepted the terms and conditions set forth by the BANK for this amendment.

[initials]

**THEREFORE,** in consideration of the facts confirmed above, and of the representations, approvals and guarantees set forth below, the parties that appear:

**APPROVE AND AGREE**

**FIRST:** Section 1.1 of Article 1 of the LOAN AGREEMENT, as amended, is amended to read as follows:

"After the LEGAL DOCUMENTS listed in Article 4.1 of this LOAN AGREEMENT are issued and signed, the BANK shall extend to the AUTHORITY a non-revolving CREDIT LINE

29780

4

for the maximum principal amount of TEN MILLION FIVE HUNDRED THIRTY-SIX THOUSAND THREE HUNDRED SIXTY-TWO DOLLARS AND FIFTY CENTS ($10,536,362.50), which includes the sums of NINE MILLION EIGHT HUNDRED SIXTY-NINE THOUSAND SIX HUNDRED SIX DOLLARS AND ONE CENT ($9,869,606.01) which the AUTHORITY shall use to continue its capital improvement projects during the first six months of Fiscal Year 2013, plus SIX HUNDRED SIXTY-SIX THOUSAND SEVEN HUNDRED FIFTY-SIX DOLLARS AND FORTY-NINE CENTS ($666,756.49) which the AUTHORITY shall use to cover fees for financial consulting services and the capitalization of interest upon expiration.

The CREDIT LINE shall be evidenced by a PROMISSORY NOTE for the amount of TEN MILLION FIVE HUNDRED THIRTY-SIX THOUSAND THREE HUNDRED SIXTY-TWO DOLLARS AND FIFTY CENTS ($10,536,362.50) signed by the AUTHORITY on the same date that it signs this LOAN AGREEMENT and payable to the order of the BANK."

**SECOND:** On this same date, the AUTHORITY signs and issues a document entitled SECOND [initials]   MENDMENT TO THE PROMISSORY NOTE ("ALLONGE"). This ALLONGE shall be made to form a part of the original PROMISSORY NOTE signed by the AUTHORITY, as amended, for the purpose of incorporating the agreements and amendments set forth herein.

**THIRD:** This SECOND AMENDMENT TO THE LOAN AGREEMENT and its ALLONGE do not constitute a novation of the obligations of the AUTHORITY under the LOAN AGREEMENT and PROMISSORY NOTE, as amended. Any of the other terms and conditions of the LOAN AGREEMENT and the PROMISSORY NOTE, as amended, that do not violate the provisions herein shall remain unchanged and in full effect.

**[SIGNATURES ON THE NEXT PAGE]**

29780

5

**IN WITNESS WHEREOF**, the parties who appear grant this **SECOND AMENDMENT TO THE**

**LOAN AGREEMENT**, in San Juan, Puerto Rico, on September [hw:] *10*, 2013.

**BANCO GUBERNAMENTAL DE**                    **HIGHWAYS AND TRANSPORTATION**
**FOMENTO PARA PUERTO RICO**                  **AUTHORITY OF PUERTO RICO**

_____[signature]_____          _____[signature]_____
José Pagán Beauchamp                           Javier E. Ramos Hernández
Interim President                              Executive Director

Statement [hw:] *881*

    Acknowledged and signed before me by Javier E. Ramos Hernández, adult, married, engineer and resident of Bayamón, Puerto Rico, in his capacity as Executive Director of the Highways and Transportation Authority of Puerto Rico, whom I know personally. In San Juan, Puerto Rico, on September [hw:] *10*, 2013.

[stamp:]
MARGUILEAN
RIVERA AMILL          EXEMPT FROM PAYMENT OF STAMP TAX
ATTORNEY-NOTARY       LAW 47 OF JUNE 4, 1982                 _____[signature]_____
                                                             Public Notary

Statement [hw:] *883*

    Acknowledged and signed before me by José Pagán Beauchamp, adult, married, engineer and resident of Guaynabo, Puerto Rico, in his capacity as Interim President of the Banco Gubernamental de Fomento para Puerto Rico, whom I know personally. In San Juan, Puerto Rico, on September [hw:] *10*, 2013.

[stamp:]
MARGUILEAN
RIVERA AMILL          EXEMPT FROM PAYMENT OF STAMP TAX
ATTORNEY-NOTARY       LAW 47 OF JUNE 4, 1982                 _____[signature]_____
                                                             Public Notary

29780

## THIRD AMENDMENT TO LOAN AGREEMENT

### APPEAR

**THE FIRST PARTY: THE BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO,** a public corporation and instrumentality of the Commonwealth of Puerto Rico established pursuant to Law No. 17, approved on September 23, 1948, as amended (the "BANK"), represented in the act by Jorge A. Clivillés Díaz, Executive Vice President and Fiscal Agent, adult, married and resident of San Juan, Puerto Rico.

**THE SECOND PARTY: The HIGHWAYS AND TRANSPORTATION AUTHORITY OF PUERTO RICO**, a public corporation and instrumentality of the Commonwealth of Puerto Rico established pursuant to Law No. 74 of June 23, 1965, as amended (the "AUTHORITY"), represented in this act by Javier E. Ramos Hernández, Executive Director, adult, married and a resident of Bayamón, Puerto Rico.

[initials]

Unless any term written in capital letters is defined otherwise in this Third Amendment to the Loan Agreement (the "THIRD AMENDMENT TO THE LOAN AGREEMENT"), it shall have the meaning given in the LOAN AGREEMENT, as amended and defined below.

### PREAMBLE

**WHEREAS:** On August 15, 2012, the Board of Directors of the BANK approved Resolution No. 9853 to grant to the AUTHORITY a non-revolving line of credit for the maximum amount of $33,960,000 to continue its capital improvements projects during the first six months of Fiscal Year 2013, as well as to cover the fees for financial consulting services and the capitalization of interest upon expiration.

30198

**WHEREAS:** In accordance with the above, the AUTHORITY and the BANK signed a Loan Agreement (the "LOAN AGREEMENT"), effective on September 12, 2012, granting to the AUTHORITY a non-revolving CREDIT LINE for the maximum sum of $33,960,000, which included $33,276,272 to continue with the capital improvements projects during the first six months of Fiscal Year 2013 and $683,728 to cover fees for financial consultancy and the capitalization of interest upon expiration. On the same date of the granting of the LOAN AGREEMENT, the AUTHORITY signed a PROMISSORY NOTE for the sum of $33,960,000 to the order of the BANK and with expiration on January 31, 2013.

**WHEREAS:** On March 13, 2013, the BANK and the AUTHORITY signed a First Amendment to the Loan Agreement in order to extend the expiration and repayment of accumulated interest until January 31, 2014. On that same date, the AUTHORITY signed a First Amendment to the Promissory Note ("Allonge") in order to incorporate the said amendments.

[initials]

**WHEREAS:** During the month of December 2012, the AUTHORITY and Société Générale made two transactions that generated the amount of $23,423,637.50 to be used only to cover costs of capital improvements projects of the AUTHORITY.

**WHEREAS:** In view of the above, on September 10, 2013, the BANK and the AUTHORITY signed a Second Amendment to the Loan Agreement in order to reduce the financing provided to the AUTHORITY for an amount of $23,423,637.50 and to amend the CREDIT LINE for the purpose of

30198

3

establishing the maximum authorized amount at $10,536,362.50. On that same date, the AUTHORITY

signed a Second Amendment to the Promissory Note ("Allonge") in order to incorporate the said

amendments.

**WHEREAS:** As of October 31, 2013, the principal balance of the CREDIT LINE totals

$7,898,217.35 with accrued interest for the amount of $213,557.40.

**WHEREAS:** The AUTHORITY has requested, and the BANK's management has recommended

to amend the CREDIT LINE for the purpose of extending the expiration of the CREDIT LINE until January

31, 2015.

**WHEREAS:** The Board of Directors of the BANK has authorized by Resolution No. 10197

[initials]

adopted at a meeting held on November 20, 2013 to amend the LOAN AGREEMENT for purposes of

extending the expiration date until January 31, 2015 and to request the payment of professional fees for

financial consultancy, among other terms and conditions.

**WHEREAS:** In accordance with Resolution No. 2014-04 issued on January 30,2014 by the Board

of Directors of the AUTHORITY, the AUTHORITY accepted the terms and conditions set forth by the

BANK for this amendment.

**THEREFORE,** in consideration of the facts confirmed above, and of the representations,

approvals and guarantees set forth below, the parties that appear:

30198

4

**APPROVE AND AGREE**

**FIRST:** Section 1.3 of Article 1 of the LOAN AGREEMENT, as amended, is amended to read as follows:

"The CREDIT LINE plus capitalized interest shall be payable on January 31, 2015."

**SECOND:** The AUTHORITY acknowledges, accepts and agrees to pay the BANK professional fees for financial consultancy services equal to one twenty-fifth (1/25) of one percent (1%), for a total of Four Thousand Two Hundred Fourteen Dollars and Fifty-Five Cents ($4,214.55) corresponding to this transaction and in accordance with the policy of the BANK in effect.

**THIRD:** On this same date, the AUTHORITY signs and issues a document entitled FOURTH [initials] MENDMENT TO THE PROMISSORY NOTE ("ALLONGE"). This ALLONGE shall be made to form a part of the original PROMISSORY NOTE signed by the AUTHORITY, as amended, for the purpose of incorporating the agreements and amendments set forth herein.

**FOURTH:** This THIRD AMENDMENT TO THE LOAN AGREEMENT and its ALLONGE do not constitute a novation of the obligations of the AUTHORITY under the LOAN AGREEMENT and PROMISSORY NOTE, as amended. Any of the other terms and conditions of the LOAN AGREEMENT and the PROMISSORY NOTE, as amended, that do not violate the provisions herein shall remain unchanged and in full effect.

30198

5

**FIFTH:** This THIRD AMENDMENT TO THE LOAN AGREEMENT is signed in accordance with Resolution 10197 adopted by the Board of Directors of the BANK on November 20, 2013, which was approved as a statement of intent under *U.S. Treasury Department Regulation Section 1.150-2.*

**[SIGNATURES ON THE NEXT PAGE]**

[initials]

30198

6

**IN WITNESS WHEREOF**, the parties who appear grant this **THIRD AMENDMENT TO THE**

**LOAN AGREEMENT**, in San Juan, Puerto Rico, on January [hw:] *31*, 2014.

| | |
|---|---|
| **BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO** | **HIGHWAYS AND TRANSPORTATION AUTHORITY OF PUERTO RICO** |
| _____[signature]_____ | _____[signature]_____ |
| Jorge A. Clivillés Díaz | Javier E. Ramos Hernández |
| Executive Vice President | Executive Director |
| and Fiscal Agent | |

Statement [hw:] *907*

     Acknowledged and signed before me by Javier E. Ramos Hernández, adult, married, and resident of Bayamón, Puerto Rico, in his capacity as Executive Director of the Highways and Transportation Authority of Puerto Rico, whom I know personally. In San Juan, Puerto Rico, on January [hw:] *31*, 2014.

[stamp:]
MARGUILEAN
RIVERA AMILL
ATTORNEY-NOTARY

EXEMPT FROM PAYMENT OF STAMP TAX
LAW 47 OF JUNE 4, 1982

_____[signature]_____
Public Notary

Statement [hw:] *909*

     Acknowledged and signed before me by Jorge A. Clivillés Díaz, adult, married, resident of San Juan, Puerto Rico, in his capacity as Executive Vice President and Fiscal Agent of the Banco Gubernamental de Fomento para Puerto Rico, whom I know personally. In San Juan, Puerto Rico, on January [hw:] *31*, 2014.

[stamp:]
MARGUILEAN
RIVERA AMILL
ATTORNEY-NOTARY

EXEMPT FROM PAYMENT OF STAMP TAX
LAW 47 OF JUNE 4, 1982

_____[signature]_____
Public Notary

30198

## FOURTH AMENDMENT TO LOAN AGREEMENT

### APPEAR

**THE FIRST PARTY: THE BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO,** a public corporation and instrumentality of the Commonwealth of Puerto Rico established pursuant to Law No. 17, approved on September 23, 1948, as amended (the "BANK"), represented in the act by Jorge A. Clivillés Díaz, Executive Vice President and Fiscal Agent, adult, married and resident of San Juan, Puerto Rico.

**THE SECOND PARTY: The HIGHWAYS AND TRANSPORTATION AUTHORITY OF PUERTO RICO**, a public corporation and instrumentality of the Commonwealth of Puerto Rico established pursuant to Law No. 74 of June 23, 1965, as amended (the "AUTHORITY"), represented in this act by Carmen A. Villar Prados, Executive Director, adult, married and a resident of Guaynabo, Puerto Rico.

Unless any term written in capital letters is defined otherwise in this Fourth Amendment to the Loan Agreement (the "FOURTH AMENDMENT TO THE LOAN AGREEMENT"), it shall have the meaning given in the LOAN AGREEMENT, as amended and defined below.

### PREAMBLE

**WHEREAS:** On August 15, 2012, the Board of Directors of the BANK approved Resolution No. 9853 to grant to the AUTHORITY a non-revolving line of credit for the maximum amount of $33,960,000 to continue its capital improvements projects

[initials]

31267

during the first six months of Fiscal Year 2013, as well as to cover fees for financial consultancy and capitalization of interest upon expiration.

**WHEREAS:** In accordance with the above, the AUTHORITY and the BANK signed a Loan Agreement (the "LOAN AGREEMENT"), effective on September 12, 2012, granting to the AUTHORITY a non-revolving CREDIT LINE for the maximum sum of $33,960,000, which included $33,276,272 to continue with the capital improvements projects during the first six months of Fiscal Year 2013 and $683,728 to cover fees for financial consultancy and the capitalization of interest upon expiration. On the same date of the granting of the LOAN AGREEMENT, the AUTHORITY signed a PROMISSORY NOTE for the sum of $33,960,000 to the order of the BANK and with expiration on January 31, 2013.

**WHEREAS:** On March 13, 2013, the BANK and the AUTHORITY signed a First Amendment to the Loan Agreement in order to extend the expiration and repayment of accumulated interest until January 31, 2014. On that same date, the AUTHORITY signed a First Amendment to the Promissory Note ("Allonge") in order to incorporate the said amendments.

**WHEREAS:** During the month of December 2012, the AUTHORITY and Société Générale made two transactions that generated the amount of $23,423,637.50 to be used only to cover costs of capital improvements projects of the AUTHORITY.

**WHEREAS:** In view of the above, on September 10, 2013, the BANK and the AUTHORITY signed a Second Amendment to the Loan Agreement

[initials]

31267

3

in order to reduce the financing provided to the AUTHORITY for an amount of $23,423,637 and to amend the CREDIT LINE for the purpose of establishing the maximum authorized amount at $10,536,362.50. On that same date, the AUTHORITY signed a Second Amendment to the Promissory Note ("Allonge") in order to incorporate the said amendments.

WHEREAS: On January 31, 2014, the BANK and the AUTHORITY signed a Third Amendment to the Loan Agreement in order to extend the due date and repayment of accrued interest until January 31, 2015. On that same date, the AUTHORITY signed a Third Amendment to the Promissory Note ("Allonge") to incorporate the said amendments.

WHEREAS: On December 31, 2014, the principal balance of the CREDIT LINE totals $9,869,606.01 with accrued interest for the amount of $891,861.66.

WHEREAS: The BANK's management has recommended to amend the CREDIT LINE for the purpose of extending the expiration of the CREDIT LINE until January 31, 2016.

WHEREAS: The Board of Directors of the BANK has authorized by Resolution No. 10554 adopted at a meeting held on December 17, 2014 ("Resolution 10554"), to amend the LOAN AGREEMENT for purposes of extending the expiration date until January 31, 2016 and to request the payment of professional fees for financial consultancy, among other terms and conditions.

[initials]

31267

4

**WHEREAS:** In accordance with Resolution No. 2015-07 adopted on January 15, 2015 by the Board of Directors of the AUTHORITY, the AUTHORITY accepted the terms and conditions set forth by the BANK for this amendment.

**THEREFORE,** in consideration of the facts confirmed above, and of the representations, approvals and guarantees set forth below, the parties that appear:

### APPROVE AND AGREE

**FIRST:** The parties agree to extend the expiration date of the CREDIT LINE and to include the income assigned to the AUTHORITY under Laws [sic] Number 30 and 31 of June 15, 2013 as a source of additional payment of the obligation. As a consequence, Section 1.3 of Article 1 of the LOAN AGREEMENT, as amended, is amended to read as follows:

> "The CREDIT LINE plus capitalized interest shall be payable on January 31, 2016. The source of payment shall be future issuances of bonds and income from future private-public alliances as well as own income, including income assigned under Laws Number 30 and 31 of June 25, 2013, which are assigned and obligated in favor of the BANK by the Assignment and Security Agreement signed on August 28, 2013 between the BANK and the AUTHORITY."

**SECOND:** The AUTHORITY acknowledges, accepts and agrees to pay the BANK professional fees for financial consultancy services equal to one twenty-fifth (1/25) of one percent (1%), for a total of **Four Thousand Two Hundred Fourteen**

[initials]

31267

5

**Dollars and Fifty-Five Cents ($4,214.55)** corresponding to this transaction and in accordance with the policy of the BANK in effect.

**THIRD:**  On this same date, the AUTHORITY signs and issues a document entitled FOURTH AMENDMENT TO THE PROMISSORY NOTE ("ALLONGE"). This ALLONGE shall be made to form a part of the original PROMISSORY NOTE signed by the AUTHORITY, as amended, for the purpose of incorporating the agreements and amendments set forth herein.

**FOURTH:** This FOURTH AMENDMENT TO THE LOAN AGREEMENT and its ALLONGE do not constitute a novation of the obligations of the AUTHORITY under the LOAN AGREEMENT and PROMISSORY NOTE, as amended. Any of the other terms and conditions of the LOAN AGREEMENT and the PROMISSORY NOTE, as amended, that do not violate the provisions herein shall remain unchanged and in full effect.

**FIFTH:**  The President of the BANK, the Executive Vice President of Financing and any other executive vice president, is authorized to channel the funds and income of the AUTHORITY corresponding to Laws 30 and 31 of June 25, 2013 for the repayment of the current financing and any other amounts that the BANK collects for pending obligations of the AUTHORITY.

**SIXTH:** The Executive Director of the AUTHORITY and the Secretary of the Department of Transportation and Public Works shall make a presentation to the Board of Directors of the BANK on the finances of the AUTHORITY and the progress

31267

[initials]

6

of the implementation of its medium and long-term plans to quickly and effectively manage the fiscal situation of the AUTHORITY, in addition to the new income previously legislated. This presentation shall be carried out prior to any disbursement by the BANK if any funds still remain available under the CREDIT LINE.

**SEVENTH:** This FOURTH AMENDMENT TO THE LOAN AGREEMENT is signed in accordance with Resolution 10554, which was approved as a statement of intent under *U.S. Treasury Department Regulation Section 1.150-2.*

**[SIGNATURES ON THE NEXT PAGE]**

31267

[initials]

7

**IN WITNESS WHEREOF**, the parties who appear grant this **FOURTH AMENDMENT TO**

**THE LOAN AGREEMENT**, in San Juan, Puerto Rico, on May [hw:] _20_, 2015.

**BANCO GUBERNAMENTAL DE**
**FOMENTO PARA PUERTO RICO**

**HIGHWAYS AND TRANSPORTATION**
**AUTHORITY OF PUERTO RICO**

_____[signature]_____

Jorge A. Clivillés Díaz
Executive Vice President
and Fiscal Agent

_____[signature]_____

Carmen A. Villar Prados
Executive Director

Statement [hw:] _739_

    Acknowledged and signed before me by Jorge A. Clivillés Díaz, adult, married, and resident of San Juan, Puerto Rico, in his capacity as Executive Vice President and Fiscal Agent of the Banco Gubernamental de Fomento para Puerto Rico, and by Carmen A. Villar Prados, adult, married and resident of Guaynabo, Puerto Rico, in her capacity as Executive Director of the Highways and Transportation Authority of Puerto Rico, whom I know personally.

    In San Juan, Puerto Rico, on May [hw:] _20_, 2015.

[stamp:] BELEN
FARNARIS ALFARO
PUERTO RICO
ATTORNEY-NOTARY

EXEMPT FROM PAYMENT OF STAMP TAX
LAW 47 OF JUNE 4, 1982

_____[signature]_____

Public Notary

31267



**DATE OF TRANSLATION:** 23-Aug-21

**ELECTRONIC FILE NAME:** September 12, 2012 Agreement

**SOURCE LANGUAGE:** Spanish

**TARGET LANGUAGE:** English

**TRANSPERFECT JOB ID:** US1061278

TransPerfect is globally certified under the standards ISO 9001:2015 and ISO 17100:2015. This Translation Certificate confirms the included documents have been completed in conformance with the Quality Management System documented in its ISO process maps and are, to the best knowledge and belief of all TransPerfect employees engaged on the project, full and accurate translations of the source material.

TCert v. 2.0

# PAGARÉ

**VALOR: $33,960,000**                    **VENCIMIENTO: 31 de enero de 2013**

POR VALOR RECIBIDO, pagaré a la orden del BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO en moneda de curso legal de los Estados Unidos de América en su oficina principal en Santurce, Puerto Rico, la suma principal de TREINTA Y TRES MILLONES NOVECIENTOS SESENTA MIL DÓLARES ($33,960,000), la cual incluye las suma de TREINTA Y TRES MILLONES DOSCIENTOS SETENTA Y SEIS MIL DOSCIENTOS SETENTA Y DOS DÓLARES ($33,276,272) que la AUTORIDAD utilizará para continuar sus proyectos de mejoras capitales durante el primer semestre del Año Fiscal 2013, más SEISCIENTOS OCHENTA Y TRES MIL SETECIENTOS VEINTE Y OCHO DÓLARES ($683,728) que la AUTORIDAD utilizará para cubrir los cargos por asesoría financiera y la capitalización de intereses al vencimiento, menos cualquier suma ya pagada. Este PAGARÉ acumulará intereses sobre el balance insoluto del principal de TREINTA Y TRES MILLONES NOVECIENTOS SESENTA MIL DÓLARES ($33,960,000), a base del *Prime Rate* más 1.50%, con un mínimo de 6%, o aquella tasa de interés que el Presidente del BANCO o el Vicepresidente Ejecutivo designado por éste disponga, dependiendo del mercado de tasas de interés. Los intereses serán capitalizados al vencimiento. Este PAGARÉ se otorga en virtud del CONTRATO DE PRÉSTAMO suscrito por la AUTORIDAD en esta misma fecha.

En el caso en que el tomador o tenedor de este PAGARÉ se vea precisado a recurrir a los tribunales de justicia para su cobro o tenga que intervenir en procedimientos bajo la Ley de Quiebra Federal, los suscribientes pagarán también una suma equivalente al DIEZ POR CIENTO (10%) del monto del principal de este PAGARÉ, como penalidad líquida y exigible sin necesidad de intervención judicial, para costas, gastos y honorarios de abogados y cuya penalidad será pagadera con la mera radicación en el tribunal de la demanda.

Expresamente relevamos al tomador o tenedor de este PAGARÉ de su obligación de prestar fianza en el caso de acción judicial para el cobro de este PAGARÉ si dicho tomador o tenedor solicitara orden al tribunal para el aseguramiento de la efectividad de la sentencia de acuerdo con las Leyes de Puerto Rico.

El tomador o tenedor de este PAGARÉ puede acelerar su plazo y declarar el mismo vencido y pagadero antes de su vencimiento, de ocurrir cualquiera de los siguientes eventos:

a)      No se pague a su vencimiento cualquiera de los plazos para intereses y principal o cualquier adelanto relacionado con el préstamo que evidencia este PAGARÉ que ha sido realizado por el tomador o tenedor del mismo a favor del suscribiente;

b)      Embargo o ejecución de cualquiera de las propiedades del suscribiente dadas en garantía;

c)      Insolvencia, sindicatura, disolución, terminación, liquidación o quiebra del suscribiente o de cualquiera de ellos y sus sucesores;

d)      Que se determine que cualquier información, garantía o representación hecha por el suscribiente al tomador o tenedor de este PAGARÉ en cualquier fecha en que la misma se hiciere resultare falsa o incierta, en parte o totalmente; y el

e)      Incumplimiento por el suscribiente de cualquiera de los términos, cláusulas y condiciones de este PAGARÉ o del CONTRATO DE PRÉSTAMO suscrito en esta misma fecha con el tomador o tenedor de este PAGARÉ.

El suscribiente por la presente renuncia a todo derecho de presentación, falta de pago, protesto, demanda y aviso. El suscribiente autoriza al tomador o tenedor de este PAGARÉ y le confiere poder, sin que se requiera notificación alguna, para aplicar el derecho a compensación "*set-off*" a las obligaciones que se originan de este PAGARÉ y para extender su fecha de pago antes o después de su vencimiento, y de la misma forma antes o después de su

vencimiento extender tolerancia, dar indulgencia, realizar cualquier aplicación de pagos de cualquier suma de dinero perteneciente al suscribiente o de cualquier otro pagaré que se encuentre en poder del tomador o tenedor de este PAGARÉ y a modificar, cambiar o alterar la forma de pago de este PAGARÉ y a sustituir, cambiar o relevar de responsabilidad a cualquier persona sin que esto afecte, disminuya o altere la responsabilidad solidaria del suscribiente, quienes no obstante tal sustitución, cambio o relevo, continuará siendo solidariamente responsable de su pago frente al tomador o tenedor de este PAGARÉ.

El uso del singular en este PAGARÉ se entenderá plural si más de una persona suscribiere el mismo; el uso del plural incluirá el singular; y el uso de los pronombres de cualquier género incluirán los otros; y en caso de más de un suscribiente la responsabilidad de cada uno de ellos frente al tomador o tenedor de este PAGARÉ será solidaria de todos los firmantes.

En San Juan, Puerto Rico, a 6 de *septiembre* de 2012.

AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN

_____

Rubén Hernández Gregorat
Director Ejecutivo
Secretario, Departamento de
   Transportación y Obras Públicas de
   Puerto Rico

Testimonio Núm. 102B

Reconocido y suscrito ante mí por Rubén Hernández Gregorat, mayor de edad, casado y vecino de Guaynabo, Puerto Rico, en su capacidad de Director Ejecutivo de la Autoridad de Carreteras y Transportación de Puerto Rico, y Secretario del Departamento de Transportación y Obras Públicas de Puerto Rico, a quien doy fe de conocer personalmente.

En San Juan, Puerto Rico, a 6 de septiembre de 2012.

_____
**Notario Público**

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

[stamp:] MARIA DE LOURDES
RODRIGUEZ
ATTORNEY – NOTARY

## PROMISSORY NOTE

**VALUE: $33,960,000**                                       **EXPIRATION: January 31, 2013**

FOR VALUE RECEIVED, promissory note to the order of the BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO in legal currency of the United States of America at its main office in Santurce, Puerto Rico, the principal sum of **THIRTY-THREE MILLION NINE HUNDRED SIXTY THOUSAND DOLLARS ($33,960,000)**, which includes the sum of **THIRTY-THREE MILLION TWO HUNDRED SEVENTY-SIX THOUSAND TWO HUNDRED SEVENTY-TWO DOLLARS ($33,276,272)** which the AUTHORITY shall use to continue its capital improvements projects during the first six months of Fiscal Year 2013, plus **SIX HUNDRED EIGHT-THREE THOUSAND SEVEN HUNDRED TWENTY-EIGHT DOLLARS ($683,728)** which the AUTHORITY shall use to cover fees for financial consultant's services and the capitalization of interest upon expiration, minus any sum previously paid. This PROMISSORY NOTE shall accumulate interest on the unpaid balance of the principal of **THIRTY-THREE MILLION NINE HUNDRED SIXTY THOUSAND DOLLARS ($33,960,000),** based on the *Prime Rate* plus 1.505, with a minimum of 6%, or any interest rate that the President of the BANK or the Executive Vice President designated by him for this provides, depending on the market interest rate. The interest shall be capitalized upon expiration. This PROMISSORY NOTE is granted pursuant to the LOAN AGREEMENT signed by the AUTHORITY on this same date.

In the event that the taker or holder of this PROMISSORY NOTE finds that it is appropriate to go to the courts of justice for its collection or if it has to intervene in proceedings under the Federal Bankruptcy Law, the signatories shall also pay a sum equivalent to TEN PERCENT (10%) of the principal amount of this PROMISSORY NOTE, as liquidated damages due without any need for court intervention, for costs, expenses and attorney's fees and which shall be payable with only the filing in the court of the complaint.

We expressly disclose to the taker or holder of this PROMISSORY NOTE its obligation to provide security in the case of any court action for the collection of this PROMISSORY NOTE if such taker or holder requests an order from the court to ensure the enforceability of the decision in accordance with the Laws of Puerto Rico.

The taker or holder of this PROMISSORY NOTE may accelerate its term and declare that it is due and payable before its expiration, of any of the following events occur:

a)      Any of the instalments for interest and principal or any accelerated payment related to the loan evidenced by this PROMISSORY NOTE that has been made by the taker or holder of this PROMISSORY NOTE in favor of the signatory is not paid on its due date;

b)      Seizure or enforcement of any of the properties of the signatory given as collateral;

c)      Insolvency, trusteeship, dissolution, termination, liquidation or bankruptcy of the signatory or of any of them and their successors;

d)      That it is determined that any information, guarantee or representation made by the signatory to the taker or holder of this PROMISSORY NOTE on any date when it is made that is false or inaccurate, in part or in full; and the

e)      Breach by the signatory of any of the terms, clauses and conditions of this PROMISSORY NOTE or of the LOAN AGREEMENT signed on this date with the taker or holder of this PROMISSORY NOTE.

The signatory hereby waives any right to presentation, failure to pay, protest, demand and notice. The signatory authorizes the taker or holder of this PROMISSORY NOTE and confers upon it authorization, without any requirement of notice, to apply the right to set off the obligations that arise from this PROMISSORY NOTE and to extend its payment date before or after its expiration, and in the same manner before or after its

Doc 28910

expiration to extend waivers, to give forbearance, to make any application of payment of any sum of money that belongs to the undersigned or any other promissory note that is held by the taker or holder of this PROMISSORY NOTE and to modify, change or alter the form of payment of this PROMISSORY NOTE and to replace, change or release from liability any person without this affecting, reducing or altering the joint and several liability of the undersigned, who notwithstanding the replacement, change or release, shall continue to be jointly and severally liable for its payment to the taker or holder of this PROMISSORY NOTE.

The use of the singular in this PROMISSORY NOTE shall be understood to be plural if more than one person signs it; the use of the plural shall include the singular; and the use of the pronouns of any gender shall include the others; and in the case of more than one signatory the liability of each of them to the taker or holder of this PROMISSORY NOTE shall be joint and several for any signatory.

In San Juan, Puerto Rico, on [hw:] *September 6*, 2012.

HIGHWAYS AND TRANSPORTATION
AUTHORITY

[signature]

_____
Rubén Hernández Gregorat
Executive Director
Secretary, Department of
  Transportation and Public Works of
  Puerto Rico

Statement No. [hw:] *702B ----*

Acknowledged and signed before me by Rubén Hernández Gregorat, adult, married and resident of Guaynabo, Puerto Rico, in his capacity of Executive Director of the Highways and Transportation Authority of Puerto Rico, and Secretary of the Department of Transportation and Public Works of Puerto Rico, whom I attest I know personally.

In San Juan, Puerto Rico, on September [hw:] *6*, 2012.

[stamp:] MARIA DE
LOURDES RODRIGUEZ
ATTORNEY – NOTARY

_____
[signature]
**Public Notary**

**EXEMPT FROM PAYMENT OF STAMP
TAX LAW 47 OF JUNE 4, 1982**

## FIRST AMENDMENT TO PROMISSORY NOTE
### ("ALLONGE")

**$33,960,000**                                      **Expiration: January 31, 2014**

The PROMISSORY NOTE for **THIRTY THREE MILLION NINE HUNDRED SIXTY THOUSAND DOLLARS ($33,960,000)**, signed on September 6, 2012 by Rubén Hernández Gregorat, in his former capacity as Executive Director of the Highways and Transportation Authority of Puerto Rico and Secretary of the Department of Transportation and Public Works of Puerto Rico before the notary María de Lourdes Rodríguez, Statement number 702B, and payable to the Banco Gubernamental de Fomento para Puerto Rico (the "BANK") or to its order, is amended to extend its expiration date until January 31, 2014. The principal and accrued interest on the PROMISSORY NOTE shall be payable upon expiration.

The other terms and conditions of the PROMISSORY NOTE, as amended, not inconsistent with this FIRST AMENDMENT TO PROMISSORY NOTE, shall remain unchanged and in full effect.

This modification is made pursuant to the FOURTH AMENDMENT TO LOAN AGREEMENT that the BANK and the Highways and Transportation Authority of Puerto Rico signed on this date.

In San Juan, Puerto Rico, on March [hw:] _13_, 2013.

### HIGHWAYS AND TRANSPORTATION
### AUTHORITY OF PUERTO RICO


[signature]_____
Javier E. Ramos Hernández
Executive Director

Statement [hw:] _783_

Acknowledged and signed before me by Javier E. Ramos Hernández, adult, married, engineer and resident of Bayamón, Puerto Rico, in his capacity as Executive Director of the Highways and Transportation Authority of Puerto Rico, whom I know personally.

In San Juan, Puerto Rico, on March [hw:] _13_, 2013.

[signature]_____

[stamp:] MARGUILEAN RIVERA AMILL
ATTORNEY-NOTARY                           EXEMPT FROM PAYMENT OF THE STAMP
                                          TAX LAW 47 OF JUNE 4, 1982


29244

### SECOND AMENDMENT TO PROMISSORY NOTE
### ("ALLONGE")

**$10,536,362.50**                                      **Expiration: January 31, 2014**

The PROMISSORY NOTE for **THIRTY THREE MILLION NINE HUNDRED SIXTY THOUSAND DOLLARS ($33,960,000)**, signed on September 6, 2012 by Rubén Hernández Gregorat, in his former capacity as Executive Director of the Highways and Transportation Authority of Puerto Rico and Secretary of the Department of Transportation and Public Works of Puerto Rico before the notary María de Lourdes Rodríguez, Statement number 702B, and payable to the Banco Gubernamental de Fomento para Puerto Rico (the "BANK") or to its order, as amended by the FIRST AMENDMENT TO PROMISSORY NOTE ("ALLONGE") signed on March 13, 2013 by Javier E. Ramos Hernández in his capacity of Executive Director of the Highways and Transportation Authority of Puerto Rico before notary Marguileán Rivera Amill, Statement number 783, is amended to reduce the maximum principal amount to TEN MILLION FIVE HUNDRED THIRTY-SIX THOUSAND THREE HUNDRED SIXTY-TWO DOLLARS AND FIFTY CENTS ($10,536,362.50).

The other terms and conditions of the PROMISSORY NOTE, as amended, not inconsistent with this SECOND AMENDMENT TO PROMISSORY NOTE, shall remain unchanged and in full effect.

This modification is made pursuant to the SECOND AMENDMENT TO LOAN AGREEMENT that the BANK and the Highways and Transportation Authority of Puerto Rico signed on this date.

In San Juan, Puerto Rico, on September [hw:] _10_, 2013.

**HIGHWAYS AND TRANSPORTATION**
**AUTHORITY OF PUERTO RICO**


[signature] _____
Javier E. Ramos Hernández
Executive Director

Statement [hw:] _882_

Acknowledged and signed before me by Javier E. Ramos Hernández, adult, married, engineer and resident of Bayamón, Puerto Rico, in his capacity as Executive Director of the Highways and Transportation Authority of Puerto Rico, whom I know personally.

In San Juan, Puerto Rico, on September [hw:] _10_, 2013.

[signature] _____

[stamp:] MARGUILEAN RIVERA AMILL
ATTORNEY-NOTARY                          EXEMPT FROM PAYMENT OF THE STAMP
                                         TAX LAW 47 OF JUNE 4, 1982

29780

### THIRD AMENDMENT TO PROMISSORY NOTE
### ("ALLONGE")

**$10,536,362.50**                                    **Expiration: January 31, 2015**

The PROMISSORY NOTE for **THIRTY THREE MILLION NINE HUNDRED SIXTY THOUSAND DOLLARS ($33,960,000)**, signed on September 6, 2012 by Rubén Hernández Gregorat, in his former capacity as Executive Director of the Highways and Transportation Authority of Puerto Rico and Secretary of the Department of Transportation and Public Works of Puerto Rico before the notary María de Lourdes Rodríguez, Statement number 702B, and payable to the Banco Gubernamental de Fomento para Puerto Rico (the "BANK") or to its order, as amended by the FIRST AMENDMENT TO PROMISSORY NOTE ("ALLONGE") signed on March 13, 2013 by Javier E. Ramos Hernández in his capacity of Executive Director of the Highways and Transportation Authority of Puerto Rico before notary Marguileán Rivera Amill, Statement number 783, and by the SECOND AMENDMENT TO PROMISSORY NOTE ("ALLONGE") signed on September 10, 2013 by Javier E. Ramos Hernández in the referenced capacity before Notary Marguileán Rivera Amill, statement number 882, whereby the maximum principal amount was reduced to **TEN MILLION FIVE HUNDRED THIRTY-SIX THOUSAND THREE HUNDRED SIXTY-TWO DOLLARS AND FIFTY CENTS ($10,536,362.50)**, is hereby amended to extend its expiration date until January 31, 2015.

The other terms and conditions of the PROMISSORY NOTE, as amended, not inconsistent with this THIRD AMENDMENT TO PROMISSORY NOTE, shall remain unchanged and in full effect.

This modification is made pursuant to the THIRD AMENDMENT TO LOAN AGREEMENT that the BANK and the Highways and Transportation Authority of Puerto Rico signed on this date.

In San Juan, Puerto Rico, on [hw:] *January  31*, 2014.

### HIGHWAYS AND TRANSPORTATION
### AUTHORITY OF PUERTO RICO


[signature]_____

Javier E. Ramos Hernández
Executive Director

Statement [hw:] *908*

Acknowledged and signed before me by Javier E. Ramos Hernández, adult, married, engineer and resident of Bayamón, Puerto Rico, in his capacity as Executive Director of the Highways and Transportation Authority of Puerto Rico, whom I know personally.

In San Juan, Puerto Rico, on [hw:] *January  31*, 2014.

[signature]_____

[stamp:] MARGUILEAN RIVERA AMILL
ATTORNEY-NOTARY                    EXEMPT FROM PAYMENT OF THE STAMP
                                   TAX LAW 47 OF JUNE 4, 1982


[illegible]

## FOURTH AMENDMENT TO PROMISSORY NOTE
### ("ALLONGE")

**$10,536,362.50**                                              **Expiration: January 31, 2016**

The PROMISSORY NOTE for **THIRTY THREE MILLION NINE HUNDRED SIXTY THOUSAND DOLLARS ($33,960,000)**, signed on September 6, 2012 by Rubén Hernández Gregorat, in his former capacity as Executive Director of the Highways and Transportation Authority of Puerto Rico and Secretary of the Department of Transportation and Public Works of Puerto Rico before the notary María de Lourdes Rodríguez, Statement number 702B, and payable to the Banco Gubernamental de Fomento para Puerto Rico (the "BANK") or to its order, as amended by (i) the FIRST AMENDMENT TO PROMISSORY NOTE ("ALLONGE") signed on March 13, 2013 by Javier E. Ramos Hernández in his capacity of Executive Director of the Highways and Transportation Authority of Puerto Rico before notary Marguileán Rivera Amill, Statement number 783, (ii) by the SECOND AMENDMENT TO PROMISSORY NOTE ("ALLONGE") signed on September 10, 2013 by Javier E. Ramos Hernández in the referenced capacity before Notary Marguileán Rivera Amill, statement number 882, whereby the maximum principal amount was reduced to **TEN MILLION FIVE HUNDRED THIRTY-SIX THOUSAND THREE HUNDRED SIXTY-TWO DOLLARS AND FIFTY CENTS ($10,536,362.50)**, (iii) and by the THIRD AMENDMENT TO PROMISSORY NOTE ("ALLONGE") signed on January 31, 2014 by Javier E. Ramos Hernández, before Notary Marguileán Rivera Amill, statement number 908, is hereby amended to extend the expiration date until January 31, 2016.

The other terms and conditions of the PROMISSORY NOTE, as amended, not inconsistent with this FOURTH AMENDMENT TO PROMISSORY NOTE, shall remain unchanged and in full effect.

This modification is made pursuant to the FOURTH AMENDMENT TO LOAN AGREEMENT that the BANK and the AUTHORITY signed on this date.

In San Juan, Puerto Rico, on May [hw:] _20_, 2015.

### HIGHWAYS AND TRANSPORTATION
### AUTHORITY OF PUERTO RICO


[signature] _____
Carmen A. Villar Prados
Executive Director

Statement [hw:] _738_

Acknowledged and signed before me by Carmen A. Villar Prados, Executive Director, adult, married and resident of Guaynabo, Puerto Rico, in her capacity as Executive Director of the Highways and Transportation Authority of Puerto Rico, whom I know personally.

In San Juan, Puerto Rico, on May [hw:] _20_, 2015.

[signature] _____

[stamp:] BELEN FORNARIS ALFARO
PUERTO RICO                          EXEMPT FROM PAYMENT OF THE STAMP
ATTORNEY-NOTARY                      TAX LAW 47 OF JUNE 4, 1982

31267



**DATE OF TRANSLATION:**      23-Aug-21

**ELECTRONIC FILE NAME:**      September 6, 2012 Note

**SOURCE LANGUAGE:**      Spanish

**TARGET LANGUAGE:**      English

**TRANSPERFECT JOB ID:**      US1061278

TransPerfect is globally certified under the standards ISO 9001:2015 and ISO 17100:2015. This Translation Certificate confirms the included documents have been completed in conformance with the Quality Management System documented in its ISO process maps and are, to the best knowledge and belief of all TransPerfect employees engaged on the project, full and accurate translations of the source material.

TCert v. 2.0