## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>　　　　　　Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## THIRD INFORMATIVE MOTION OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO WITH RESPECT TO RESOLUTION OF PROOFS OF CLAIM PURSUANT TO ALTERNATIVE DISPUTE RESOLUTION PROCEDURES

To the Honorable United States District Judge Laura Taylor Swain:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"),

as the sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth"),

the Puerto Rico Highways and Transportation Authority ("HTA"), the Employees Retirement

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA," and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

System of the Government of the Commonwealth of Puerto Rico ("ERS"), the Puerto Rico Electric Power Authority ("PREPA"), and the Puerto Rico Public Buildings Authority ("PBA," and together with the Commonwealth, HTA, ERS, and PREPA, the "Debtors") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submits this *Third Informative Motion of the Financial Oversight and Management Board For Puerto Rico With Respect to Resolution of Proofs of Claim Pursuant to Alternative Dispute Resolution Procedures* (the "Third Informative Motion") pursuant to the *Order (A) Authorizing Alternative Dispute Resolution Procedures, (B) Approving Additional Form of Notice, and (C) Granting Related Relief* [ECF No. 12576] (the "ADR Order"), as amended by the *Order Amending Alternative Dispute Resolution Procedures* [ECF No. 15505], and in support of the Third Informative Motion, the Oversight Board respectfully states as follows:

1.     On April 1, 2020, this Court entered the ADR Order, which authorized the Debtors to resolve the amount of general unsecured claims utilizing the ADR Procedures (as defined in the ADR Order).

2.     Pursuant to the ADR Order, the Debtors have filed fifteen notices transferring claims into the ADR Procedures.[3]

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

[3] *See First Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 13609], *Second Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 14090], *Third Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 14521], *Fourth Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 14786], *Fifth Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 15085], *Sixth Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 15114], *Seventh Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 15217], *Eighth Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 15533], *Ninth Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 15720], *Tenth Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 15861], *Amended Eleventh Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 16540]; *Twelfth Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 16517]; *Thirteenth Notice of Transfer of Claims to Alternative Dispute*

3.      Through the Offer-Exchange (as defined in the ADR Order) phase of the ADR Procedures, the Debtors have resolved the proofs of claim (the "Resolved Claims") listed on the schedule attached as **Exhibit 1** to the proposed order submitted herewith.  The Debtors and claimants, as identified in **Exhibit 1** to the proposed order submitted herewith, have agreed to and executed stipulations (the "Stipulations") regarding the Resolved Claims.

4.      The Stipulations shall not become effective unless and until the proposed order attached hereto as **Exhibit A** is approved by the Court.

**WHEREFORE**, the Debtors respectfully request the Court (1) approve the Stipulations; and (2) grant such other and further relief as is just.

[*Remainder of Page Intentionally Left Blank*]

---

*Resolution* [ECF No. 16767]; *Fourteenth Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 17208]; and *Fifteenth Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 17832].

Dated: August 31, 2021
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Martin J. Bienenstock*

Martin J. Bienenstock
Brian S. Rosen
Ehud Barak
Paul V. Possinger
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
      brosen@proskauer.com
      ebarak@proskauer.com
      ppossinger@proskauer.com

*Attorneys for the Financial Oversight and
Management Board as representative for the
Debtors*

*/s/ Hermann D. Bauer*

Hermann D. Bauer
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944
Email: Hermann.bauer@oneillborges.com

*Co-Attorneys for the Financial Oversight and
Management Board as representative for the
Debtors*

## EXHIBIT A

**[Proposed] Order**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | No. 17 BK 3283-LTS |
| as representative of | (Jointly Administered) |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | |
| Debtors.[1] | |

**[PROPOSED] ORDER REGARDING THIRD INFORMATIVE MOTION OF THE
FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO WITH
RESPECT TO RESOLUTION OF PROOFS OF CLAIM PURSUANT TO
ALTERNATIVE DISPUTE RESOLUTION PROCEDURES**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA," and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Upon consideration of the *Third Informative Motion of the Financial Oversight and Management Board For Puerto Rico With Respect to Resolution of Proofs of Claim Pursuant to Alternative Dispute Resolution Procedures* (the "Third Informative Motion") filed by the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), the Puerto Rico Electric Power Authority ("PREPA"), and the Puerto Rico Public Buildings Authority ("PBA," and together with the Commonwealth, HTA, ERS, and PREPA, the "Debtors"), pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), requesting the Court approve the stipulations attached hereto as **Exhibit 1-A**, **Exhibit 1-B** and **Exhibit 1-C** (together, the "Stipulations") on the basis that the parties have agreed to settle the validity and amount of the proofs of claim identified in the column titled "Claim Number" in **Exhibit 1** attached hereto, that are the subject of said Stipulations; and it appearing that (i) the Court has subject matter jurisdiction over the Third Informative Motion pursuant to PROMESA section 306(a);  and (ii) venue is proper pursuant to PROMESA section 307(a); and after due deliberation and sufficient cause appearing therefor:

1. The Third Informative Motion is GRANTED as set forth herein;

2. The Stipulations are hereby approved;

3. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order;

4. This Order resolves Docket Entry No.___ in Case No. 17-3283.

_____
United States District Court Judge

**Exhibit 1 – Schedule of Resolved Claims**

**Exhibit 1 – Schedule of Resolved Claims**

| Claimant | Claim Number | Debtor(s) | Asserted Claim Amount | Settled Amount | Stipulation Ex. No. |
|---|---|---|---|---|---|
| VELEZ SERRANO, JOSUE | 74793 | Puerto Rico Electric Power Authority | $250,000.00 | $20,000.00 | 1-A |
| CARLOS J. PÉREZ MOLINA, ANA FIGUEROA COLÓN, AND THE CONJUGAL PARTNERSHIP BETWEEN THEM | 83932 | Puerto Rico Electric Power Authority | $3,500,000.00 | $15,000.00 | 1-B |
| CARLOS J. PÉREZ MOLINA, ANA FIGUEROA COLÓN, AND THE CONJUGAL PARTNERSHIP BETWEEN THEM | 75638 | Puerto Rico Electric Power Authority | $2,194,500.00 | $35,000.00 | 1-C |

# EXHIBIT 1-A

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No.  17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY ("PREPA"),<br><br>Debtor. | PROMESA<br>Title III<br><br>No.  17 BK 4780-LTS |

**STIPULATION AND AGREED ORDER RESOLVING
PROOF OF CLAIM OF JOSUE VELEZ SERRANO (CLAIM NO. 74793)
PURSUANT TO ALTERNATIVE DISPUTE RESOLUTION PROCEDURES**

The Puerto Rico Electric Power Authority ("<u>PREPA</u>," or the "<u>Debtor</u>"), by and through

the Financial Oversight and Management Board for Puerto Rico (the "<u>Oversight Board</u>"), as the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

sole Title III representative of PREPA pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] on the one hand, and Josue Velez Serrano (the "Claimant," and together with PREPA, the "Parties"), on the other hand, hereby enter into this stipulation (the "Stipulation") as follows:

**RECITALS**

  A.  On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to sections 104(j) and 206 of PROMESA and filed a voluntary petition for relief for the Commonwealth of Puerto Rico (the "Commonwealth") pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case"). On July 3, 2017 (the "Petition Date"), the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for PREPA pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "PREPA Title III Case," and together with the Commonwealth Title III Case, the "Title III Cases"). On October 6, 2017, the Court entered an order granting the joint administration of the Title III Cases for procedural purposes only. Case No. 17 BK 4780, ECF No. 340.

  B.  By operation of PROMESA and pursuant to PROMESA section 315(b), the Oversight Board is the representative of PREPA as debtor in its Title III Case.

  C.  The Court has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a), and venue is proper in this District pursuant to PROMESA section 307(a).

  D.  On February 15, 2018, the Court entered an *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* (the "Bar Date Order") [Case No. 17-3283, ECF No. 2521], pursuant to which, among other things,

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

the Court directed that creditors file proofs of claim in the Title III Cases by the dates set forth in the Bar Date Order.

E.  On June 29, 2018, Josue Velez Serrano filed Proof of Claim No. 74793, asserting pre-petition liabilities in the amount of $250,000.00 for treatment under a plan of reorganization, (the "Settled Claim").

F.  On April 1, 2020, this Court entered the *Order (A) Authorizing Alternative Dispute Resolution Procedures, (B) Approving Additional Form of Notice, and (C) Granting Related Relief* [ECF No. 12576] (the "ADR Order").  The ADR Order authorized the Commonwealth, PREPA, the Puerto Rico Highways and Transportation Authority ("HTA"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA," and together with the Commonwealth, PREPA, HTA, and ERS, the "Debtors") to resolve general unsecured claims using the procedures approved by the court in the ADR Order [ECF No. 12576-1] ("ADR Procedures").

G.  On May 17, 2021, pursuant to the ADR Order, the Debtors transferred the Claim into the ADR Procedures through the *Thirteenth Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 16767].

H.  Pursuant to section 2 of the ADR Order, the Parties have engaged in an Offer Exchange (as defined in the ADR Procedures) to settle the validity and amount of the Settled Claim, and have determined that the Settled Claim should be allowed in the amount and the terms described below.

**NOW, THEREFORE,** in consideration of the foregoing, the parties hereby agree as follows:

3

**AGREEMENT**

1.      This Stipulation shall not become effective unless and until it is approved by order of the Court (the "Effective Date").

2.      Upon the Effective Date, the Settled Claim shall be deemed and allowed in the amount of $20,000.00.

3.      Other than with respect to the Settled Claim, the Claimant hereby irrevocably waives any and all claims (as defined in section 101(5) of the Bankruptcy Code) related to the Settled Claim, against any of the Debtors, their affiliates, and estates, and is hereby barred from asserting any and all such claims whatsoever, whether known or unknown, presently existing, whether or not asserted, and whether found in fact or law or in equity, existing at any time.

4.      The claim shall be deemed to be a general unsecured claim and will be treated as such under any plan of adjustment for PREPA.

5.      The Title III Debtors' claims and noticing agent, Prime Clerk, LLC, and the Clerk of the Court are authorized and directed to update the Debtor's claims register maintained in the Debtor's Title III Case to reflect the allowance of the Settled Claim.

6.      The parties hereto each represent and warrant that they are duly authorized to enter into and be bound by this Stipulation, that they know of no contractual commitment or legal limitation of, impediment to, or prohibition against their entry into this Stipulation, and that this Stipulation is legal, valid, and binding upon them.

7.      Nothing in this Stipulation nor any statement made, action, or position taken, or document prepared or executed in connection with the negotiation, execution, or implementation of this Stipulation shall (a) be deemed to be, or construed as, (i) an admission by any party of any liability, wrongdoing, act, or matter or that any claim or defense has or lacks merit, (ii) a waiver

4

of the Debtor's rights to setoff or recoup any claim, (iii) a waiver of Claimant's of the Debtor's rights to determine and/or contest the applicability of a discharge to the Settled Claim pursuant to 11 U.S.C. § 944, as made applicable to these proceedings by virtue of PROMESA section 301(a), or (iv) an approval or assumption of any agreement or contract between the parties under Bankruptcy Code section 365; or (b) impair any right, power, or obligation or be considered a waiver of any such right, power or obligation the parties hereto have with respect to any valid and existing agreements between the parties hereto, which agreements remain in full force and effect and are not modified hereby.

8. This Stipulation contains the entire agreement by and between the parties hereto with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation.

9. This Stipulation shall be construed and interpreted in accordance with the laws of Puerto Rico. For purposes of construing this Stipulation, neither of the Parties shall be deemed to have been the drafter of the Stipulation.

10. This Stipulation may not be modified other than by a signed writing executed by the Parties hereto.

11. This Court shall retain jurisdiction to hear and determine all matters or disputes arising from or related to this Stipulation or the Settled Claim.

12. This Stipulation may be executed in multiple counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which will be deemed an original, but all of which together will constitute one instrument.

SO ORDERED.

Dated: _____

                                      _____
                                        Honorable Judge Laura Taylor Swain
                                        United States District Judge

Dated: *July 29, 2021*

                                        _____
                                        Josue Velez Serrano

Dated: July 16, 2021

                                        /s/ *Hermann D. Bauer*
                                        Hermann D. Bauer
                                        USDC No. 215205
                                        Gabriel A. Miranda
                                        USDC No. 306704
                                        **O'NEILL & BORGES LLC**
                                        250 Muñoz Rivera Ave., Suite 800
                                        San Juan, PR 00918-1813
                                        Tel:  (787) 764-8181
                                        Fax:  (787) 753-8944

                                        /s/ *Martin J. Bienenstock*
                                        Martin J. Bienenstock (*pro hac vice*)
                                        Paul V. Possinger (*pro hac vice*)
                                        Ehud Barak (*pro hac vice*)
                                        **PROSKAUER ROSE LLP**
                                        Eleven Times Square
                                        New York, NY 10036
                                        Tel:  (212) 969-3000
                                        Fax:  (212) 969-2900

                                        *Attorneys for the Financial*
                                        *Oversight and Management Board*
                                        *for Puerto Rico, as representative for*
                                        *the Puerto Rico Electric Power*
                                        *Authority*

# EXHIBIT 1-B

STIPULATION RESOLVING
PROOF OF CLAIM OF CARLOS PÉREZ-MOLINA, ANA FIGUEROA, AND THE
CONJUGAL PARTNERSHIP BETWEEN THEM (CLAIM NO. 83932)
PURSUANT TO ALTERNATIVE DISPUTE RESOLUTION PROCEDURES

The Puerto Rico Electric Power Authority ("PREPA," or the "Debtor"), by and through

the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the

sole Title III representative of PREPA pursuant to section 315(b) of the *Puerto Rico Oversight,*

*Management, and Economic Stability Act* ("PROMESA"),[2] on the one hand, and Carlos Pérez-

Molina, Ana Figueroa, and The Conjugal Partnership Between Them (the "Claimant," and together

with PREPA, the "Parties"), on the other hand, hereby enter into this stipulation (the "Stipulation")

as follows:

**RECITALS**

A.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant

to sections 104(j) and 206 of PROMESA and filed a voluntary petition for relief for the

Commonwealth of Puerto Rico (the "Commonwealth") pursuant to PROMESA section 304(a),

commencing a case under Title III thereof (the "Commonwealth Title III Case").  On July 3, 2017

(the "Petition Date"), the Oversight Board issued a restructuring certification pursuant to

PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for PREPA pursuant

to PROMESA section 304(a), commencing a case under Title III thereof (the "PREPA Title III

Case," and together with the Commonwealth Title III Case, the "Title III Cases").  On October 6,

2017, the Court entered an order granting the joint administration of the Title III Cases for

procedural purposes only.  Case No. 17 BK 4780, ECF No. 340.

---

[2]  PROMESA is codified at 48 U.S.C. §§ 2101–2241.

B.    By operation of PROMESA and pursuant to PROMESA section 315(b), the Oversight Board is the representative of PREPA as debtor in its Title III Case.

C.    The Court has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a), and venue is proper in this District pursuant to PROMESA section 307(a).

D.    On February 15, 2018, the Court entered an *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* (the "Bar Date Order") [Case No. 17-3283, ECF No. 2521], pursuant to which, among other things, the Court directed that creditors file proofs of claim in the Title III Cases by the dates set forth in the Bar Date Order.

E.    On June 29, 2018, Carlos Pérez-Molina, Ana Figueroa, and The Conjugal Partnership Between Them filed Proof of Claim No. 83932, asserting pre-petition liabilities in the amount of $3,500,000.00 for treatment under a plan of reorganization, (the "Settled Claim").

F.    On April 1, 2020, this Court entered the *Order (A) Authorizing Alternative Dispute Resolution Procedures, (B) Approving Additional Form of Notice, and (C) Granting Related Relief* [ECF No. 12576] (the "ADR Order").  The ADR Order authorized the Commonwealth, PREPA, the Puerto Rico Highways and Transportation Authority ("HTA"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA," and together with the Commonwealth, PREPA, HTA, and ERS, the "Debtors") to resolve general unsecured claims using the procedures approved by the court in the ADR Order [ECF No. 12576-1] ("ADR Procedures").

G.    On July 10, 2021, pursuant to the ADR Order, the Debtors transferred the Settled Claim into the ADR Procedures through the *First Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 13609].

3

H.      Pursuant to section 2 of the ADR Order, the Parties have engaged in an Offer

Exchange (as defined in the ADR Procedures) to settle the validity and amount of the Settled

Claim, and have determined that the Settled Claim should be allowed in the amount and the terms

described below.

**NOW, THEREFORE,** in consideration of the foregoing, the Parties hereby agree as

follows:

**<u>AGREEMENT</u>**

1.      This Stipulation shall not become effective unless and until it is approved by order[3]

of the Court (the "<u>Effective Date</u>").

2.      Upon the Effective Date, the Settled Claim shall be deemed and allowed in the

amount of $15,000.00.

3.      Other than with respect to the Settled Claim, the Claimant hereby irrevocably

waives any and all claims (as defined in section 101(5) of the Bankruptcy Code) related to the

Settled Claim, against any of the Debtors, their affiliates, and estates, and is hereby barred from

asserting any and all such claims whatsoever, whether known or unknown, presently existing,

whether or not asserted, and whether found in fact or law or in equity, existing at any time.

4.      The claim shall be deemed to be a general unsecured claim and will be treated as

such under any plan of adjustment for PREPA.

---

[3] To be submitted pursuant to Order (A) Authorizing Alternative Dispute Resolution Procedures,
(B) Approving Additional Form of Notice, and (C) Granting Related Relief [ECF No. 12576],
as amended by the Order Amending Alternative Dispute Resolution Procedures [ECF No.
15505].

5.      The Title III Debtors' claims and noticing agent, Prime Clerk, LLC, and the Clerk of the Court are authorized and directed to update the Debtor's claims register maintained in the Debtor's Title III Case to reflect the allowance of the Settled Claim.

6.      The parties hereto each represent and warrant that they are duly authorized to enter into and be bound by this Stipulation, that they know of no contractual commitment or legal limitation of, impediment to, or prohibition against their entry into this Stipulation, and that this Stipulation is legal, valid, and binding upon them.

7.      Nothing in this Stipulation nor any statement made, action, or position taken, or document prepared or executed in connection with the negotiation, execution, or implementation of this Stipulation shall (a) be deemed to be, or construed as, (i) an admission by any party of any liability, wrongdoing, act, or matter or that any claim or defense has or lacks merit, (ii) a waiver of the Debtor's rights to setoff or recoup any claim, (iii) a waiver of Claimant's or the Debtors' rights to determine and/or contest the applicability of a discharge to the Settled Claim pursuant to 11 U.S.C. § 944, as made applicable to these proceedings by virtue of PROMESA section 301(a), or (iv) an approval or assumption of any agreement or contract between the parties under Bankruptcy Code section 365; or (b) impair any right, power, or obligation or be considered a waiver of any such right, power or obligation the parties hereto have with respect to any valid and existing agreements between the parties hereto, which agreements remain in full force and effect and are not modified hereby.

8.   This Stipulation contains the entire agreement by and between the parties hereto with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation.

9.   This Stipulation shall be construed and interpreted in accordance with the laws of Puerto Rico.  For purposes of construing this Stipulation, neither of the Parties shall be deemed to have been the drafter of the Stipulation.

10. This Stipulation may not be modified other than by a signed writing executed by the Parties hereto.

11.   This Court shall retain jurisdiction to hear and determine all matters or disputes arising from or related to this Stipulation or the Settled Claim.

12.   This Stipulation may be executed in multiple counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which will be deemed an original, but all of which together will constitute one instrument.

Dated:  August 25, 2021

S/José Enrico Valenzuela-Alvarado
USDC No. 220104
Valenzuela-Alvarado, LLC

Claimant or Claimant's Authorized Representative

Dated: August 16, 2021

/s/ Hermann D. Bauer
Hermann D. Bauer
USDC No. 215205
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

/s/ Martin J. Bienenstock
Martin J. Bienenstock (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
Ehud Barak (*pro hac vice*)
**PROSKAUER ROSE LLP** Eleven
Times Square

New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial
Oversight and Management Board
for Puerto Rico, as representative for
the Puerto Rico Electric Power
Authority*

# EXHIBIT 1-C

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No.  17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY<br>("PREPA"),<br><br>Debtor. | PROMESA<br>Title III<br><br>No.  17 BK 4780-LTS |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

STIPULATION RESOLVING
PROOF OF CLAIM OF CARLOS PÉREZ-MOLINA, ANA FIGUEROA, AND THE
CONJUGAL PARTNERSHIP BETWEEN THEM (CLAIM NO. 75638)
PURSUANT TO ALTERNATIVE DISPUTE RESOLUTION PROCEDURES

The Puerto Rico Electric Power Authority ("PREPA," or the "Debtor"), by and through

the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the

sole Title III representative of PREPA pursuant to section 315(b) of the *Puerto Rico Oversight,*

*Management, and Economic Stability Act* ("PROMESA"),[2] on the one hand, and Carlos Pérez-

Molina, Ana Figueroa, and The Conjugal Partnership Between Them (the "Claimant," and together

with PREPA, the "Parties"), on the other hand, hereby enter into this stipulation (the "Stipulation")

as follows:

## RECITALS

A.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant

to sections 104(j) and 206 of PROMESA and filed a voluntary petition for relief for the

Commonwealth of Puerto Rico (the "Commonwealth") pursuant to PROMESA section 304(a),

commencing a case under Title III thereof (the "Commonwealth Title III Case").  On July 3, 2017

(the "Petition Date"), the Oversight Board issued a restructuring certification pursuant to

PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for PREPA pursuant

to PROMESA section 304(a), commencing a case under Title III thereof (the "PREPA Title III

Case," and together with the Commonwealth Title III Case, the "Title III Cases").  On October 6,

2017, the Court entered an order granting the joint administration of the Title III Cases for

procedural purposes only.  Case No. 17 BK 4780, ECF No. 340.

---

[2]  PROMESA is codified at 48 U.S.C. §§ 2101–2241.

B.     By operation of PROMESA and pursuant to PROMESA section 315(b), the

Oversight Board is the representative of PREPA as debtor in its Title III Case.

C.     The Court has subject matter jurisdiction over this matter pursuant to PROMESA

section 306(a), and venue is proper in this District pursuant to PROMESA section 307(a).

D.     On February 15, 2018, the Court entered an *Order (A) Establishing Deadlines and

*Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof*

(the "Bar Date Order") [Case No. 17-3283, ECF No. 2521], pursuant to which, among other things,

the Court directed that creditors file proofs of claim in the Title III Cases by the dates set forth in

the Bar Date Order.

E.     On June 29, 2018, Carlos Pérez-Molina, Ana Figueroa, and The Conjugal

Partnership Between Them filed Proof of Claim No. 75638, asserting pre-petition liabilities in the

amount of $2,194,500.00 for treatment under a plan of reorganization, (the "Settled Claim").

F.     On April 1, 2020, this Court entered the *Order (A) Authorizing Alternative Dispute

*Resolution Procedures, (B) Approving Additional Form of Notice, and (C) Granting Related Relief*

[ECF No. 12576] (the "ADR Order").  The ADR Order authorized the Commonwealth, PREPA,

the Puerto Rico Highways and Transportation Authority ("HTA"), the Employees Retirement

System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico

Public Buildings Authority ("PBA," and together with the Commonwealth, PREPA, HTA, and

ERS, the "Debtors") to resolve general unsecured claims using the procedures approved by the

court in the ADR Order [ECF No. 12576-1] ("ADR Procedures").

G.     On July 10, 2020, pursuant to the ADR Order, the Debtors transferred the Settled

Claim into the ADR Procedures through the *First Notice of Transfer of Claims to Alternative

*Dispute Resolution* [ECF No. 13609].

H.      Pursuant to section 2 of the ADR Order, the Parties have engaged in an Offer Exchange (as defined in the ADR Procedures) to settle the validity and amount of the Settled Claim, and have determined that the Settled Claim should be allowed in the amount and the terms described below.

**NOW, THEREFORE,** in consideration of the foregoing, the Parties hereby agree as follows:

## AGREEMENT

1.      This Stipulation shall not become effective unless and until it is approved by order[3] of the Court (the "Effective Date").

2.      Upon the Effective Date, the Settled Claim shall be deemed and allowed in the amount of $35,000.00.

3.      Other than with respect to the Settled Claim, the Claimant hereby irrevocably waives any and all claims (as defined in section 101(5) of the Bankruptcy Code) related to the Settled Claim, against any of the Debtors, their affiliates, and estates, and is hereby barred from asserting any and all such claims whatsoever, whether known or unknown, presently existing, whether or not asserted, and whether found in fact or law or in equity, existing at any time.

4.      The claim shall be deemed to be a general unsecured claim and will be treated as such under any plan of adjustment for PREPA.

---

[3] To be submitted pursuant to Order (A) Authorizing Alternative Dispute Resolution Procedures, (B) Approving Additional Form of Notice, and (C) Granting Related Relief [ECF No. 12576], as amended by the Order Amending Alternative Dispute Resolution Procedures [ECF No. 15505].

5.      The Title III Debtors' claims and noticing agent, Prime Clerk, LLC, and the Clerk of the Court are authorized and directed to update the Debtor's claims register maintained in the Debtor's Title III Case to reflect the allowance of the Settled Claim.

6.      The parties hereto each represent and warrant that they are duly authorized to enter into and be bound by this Stipulation, that they know of no contractual commitment or legal limitation of, impediment to, or prohibition against their entry into this Stipulation, and that this Stipulation is legal, valid, and binding upon them.

7.      Nothing in this Stipulation nor any statement made, action, or position taken, or document prepared or executed in connection with the negotiation, execution, or implementation of this Stipulation shall (a) be deemed to be, or construed as, (i) an admission by any party of any liability, wrongdoing, act, or matter or that any claim or defense has or lacks merit, (ii) a waiver of the Debtor's rights to setoff or recoup any claim, (iii) a waiver of Claimant's or the Debtors' rights to determine and/or contest the applicability of a discharge to the Settled Claim pursuant to 11 U.S.C. § 944, as made applicable to these proceedings by virtue of PROMESA section 301(a), or (iv) an approval or assumption of any agreement or contract between the parties under Bankruptcy Code section 365; or (b) impair any right, power, or obligation or be considered a waiver of any such right, power or obligation the parties hereto have with respect to any valid and existing agreements between the parties hereto, which agreements remain in full force and effect and are not modified hereby.

8.  This Stipulation contains the entire agreement by and between the parties hereto with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation.

9.   This Stipulation shall be construed and interpreted in accordance with the laws of Puerto Rico.  For purposes of construing this Stipulation, neither of the Parties shall be deemed to have been the drafter of the Stipulation.

10. This Stipulation may not be modified other than by a signed writing executed by the Parties hereto.

11.   This Court shall retain jurisdiction to hear and determine all matters or disputes arising from or related to this Stipulation or the Settled Claim.

12.   This Stipulation may be executed in multiple counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which will be deemed an original, but all of which together will constitute one instrument.

S/José Enrico Valenzuela-Alvarado
USDC No. 220104
Valenzuela-Alvarado, LLC

Dated: <u>August 25, 2021</u>

_____
Claimant or Claimant's Authorized Representative

Dated: August 16, 2021

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
Ehud Barak (*pro hac vice*)
**PROSKAUER ROSE LLP** Eleven Times Square

6

New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial
Oversight and Management Board
for Puerto Rico, as representative for
the Puerto Rico Electric Power
Authority*