# INDEX TO APPENDIX

**Pages**

1.  Stipulation signed on November 4, 2019 pertaining to case

    19CV-1774                                                    1-7

2.  Order pertaining to case 19CV-1266 of August 22, 2019       8-16

3.  Letters sent to counselors of the Oversight Board and

    AAFAF                                                        17-27

4.  Pertinent parts of the 8th Amendment Notice-case management

    and administrative procedure Docket 4866-1 entered on

    01/23/2019                                                   28-29

5.  Order of the Appeals Court                                   30-31

## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO 2020 DEC -9 AM 9:15

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>RECEIVED<br>COURT OF APPEALS<br>FIRST CIRCUIT<br>CLERK'S OFFICE<br><br>No. 17 BK 3283-LTS<br><br>Re: ECF Nos. 8027-1, 8911, 8944<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**This Stipulation relates only to the Commonwealth.** |

## STIPULATION MODIFYING THE AUTOMATIC STAY BETWEEN THE COMMONWEALTH OF PUERTO RICO AND HIRAM PEREZ SOTO

This stipulation (the "Stipulation") is made as of October 29, 2019, by and between the

Commonwealth of Puerto Rico (the "Commonwealth") and Hiram Pérez Soto ("Movant" and

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

together with the Commonwealth, the "Parties"), plaintiff in the case captioned *Hiram Pérez Soto
v. Ramírez Nazario, et als.*, Civil No. 19-1774 (JAG) (the "Prepetition Action"), pending before
the United States District Court for the District of Puerto Rico (the "District Court").[2]

## RECITALS

WHEREAS, on May 3, 2017, the Commonwealth, by and through the Oversight Board,
as the Commonwealth's representative pursuant to PROMESA section 315(b), filed a petition
under title III of PROMESA (the "Title III Case");

WHEREAS, on August 17, 2017, the District Court entered the *Order Amending Case
Management Procedures* (as amended from time to time, the "Case Management Order"), which
revised the *Notice, Case Management and Administrative Procedures* to implement a protocol (the
"Lift Stay Protocol") for filing motions for relief from the automatic stay set forth in Bankruptcy
Code sections 362(a) and 922(a),[3] as made applicable to the Title III Case by PROMESA section
301(a) (the "Title III Stay") [ECF No. 8027];

WHEREAS, under the Lift Stay Protocol, Movant is required to (a) send notice (the "Lift
Stay Notice") to counsel to the Oversight Board and the Puerto Rico Fiscal Agency and Financial
Advisory Authority ("AAFAF") to advise them of Movant's intent to seek relief from the Title III
Stay at least fifteen (15) business days prior to filing a motion seeking such relief (the "Lift Stay

---

[2] The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors'
representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act*
("PROMESA"), has authorized the Commonwealth to enter into this Stipulation.

[3] In a title III case, Bankruptcy Code section 922 extends the self-executing provisions of Bankruptcy Code section
362 to, among other things, actions against officers and inhabitants of the Debtor to enforce claims against the
debtor. *See Order Pursuant to PROMESA Section 301(a) and Bankruptcy Code Sections 105(a), 362(a), 365, and
922 Confirming (I) Application of the Automatic Stay to Government Officers, Agents, and Representatives,
(II) Stay of Prepetition Lawsuits, and (III) Application of Contract Protections* [ECF No. 543] ("For the avoidance
of doubt, the protections of Bankruptcy Code section 922(a)(1) with respect to officers and inhabitants of the
Debtors, as set forth in paragraph 4(a) [of the Order], apply in all respects to the Debtors' officers in both their
official and personal capacities with respect to actions whereby parties pursuing such actions seek to enforce
claims against any of the Debtors.").

Notice Period") and (b) meet and confer with the Commonwealth during the Lift Stay Notice
Period;

**WHEREAS,** on August 22, 2019, the District Court in the Title III Case entered the
*Memorandum Order Granting in Part and Denying in Part Hiram Pérez-Soto's Motion for Relief
from Automatic Stay (Docket Entry No. 7776)* [ECF No. 8521] (the "Lift Stay Order"), modifying
the Title III Stay with respect to the case captioned *Pérez-Soto v. Oronoz et al.,* Case No. 19-1266
(CCC) (the "First Litigation"), pending before the District Court.

**WHEREAS,** on October 8, 2019, the Prepetition Action and the First Litigation were
consolidated pursuant to an order [ECF No. 42] entered by the Honorable Carmen C. Cerezo.

**WHEREAS,** on October 21, 2019, Movant filed its *Motion Informing the Honorable Court*
[ECF No. 8911] (the "Motion") requesting that the Lift Stay Order be extended to the Prepetition
Action to allow the Prepetition Action to proceed to judgment.

**WHEREAS,** following the filing of the Motion, the Commonwealth and Movant have
resolved Movant's request for modification of the Title III Stay.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and among
Commonwealth, through its counsel, and Movant, appearing *pro se,* each of whom represent and
warrant they possess the requisite authority to bind the respective Parties hereto, as follows:

1.    The Title III Stay is hereby modified solely to the limited extent necessary to (i)
allow the Prepetition Action to proceed to final judgment before the District Court and (ii) allow
Movant to pursue execution and enforcement of any non-monetary relief that does not entail the
disbursement of funds belonging to the Commonwealth or any other Title III Debtor for the
implementation, enforcement, and/or execution of such non-monetary relief; *provided, however,*
the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including,

but not limited to, the execution and enforcement of any judgment for money damages or any other monetary relief that entails the disbursement of funds by the Commonwealth or any other Title III Debtor, and provisional remedies against the Commonwealth or any other Title III Debtor.

2.    Notwithstanding the foregoing, payment by the Commonwealth or another Title III Debtor of any *de minimis* incidental costs associated with the implementation, enforcement, and/or execution of non-monetary relief shall not be considered "the disbursement of funds" for purposes of this Stipulation. Should Movant seek the implementation, enforcement, and/or execution of non-monetary relief that the Commonwealth believes would require a disbursement of funds of the Commonwealth or another Title III Debtor, the Commonwealth shall serve promptly upon Movant written notice (a "Notice") identifying the non-monetary relief and providing a brief summary of its position. The Notice shall include a certification that the Commonwealth believes in good faith that implementation, enforcement, and/or execution of the nonmonetary relief in question will in fact require the disbursement of funds belonging to the Commonwealth or any other Title III Debtor. In the event that the Commonwealth sends Movant a Notice, the Parties agree to confer in good faith to seek to resolve the issue and, failing a consensual resolution, Movant reserves the right to file a motion for further relief from the automatic stay in accordance with the Lift Stay Protocol. The Commonwealth reserves all rights and defenses with regards to such motion if and when filed.

3.    Nothing contained in this Stipulation shall operate as a waiver or modification of the Title III Stay so as to permit the prosecution against the Commonwealth or any of the other Title III Debtors of any claim or claims by anyone other than Movant as provided for herein and the Commonwealth reserves all rights, defenses, and protections with respect to any and all matters

pending or that may arise in the Title III Case, including the treatment of any claim arising from the Prepetition Action under a plan of adjustment or otherwise in the Title III Case.

4.      The Commonwealth and Movant represent and warrant that they are properly and fully empowered to enter into and execute this Stipulation, that they know of no contractual commitment or legal limitation of, impediment to, or prohibition against their entry into this Stipulation, and that the Stipulation is legal, valid, and binding upon them.

5.      Neither this Stipulation nor any statement made, action, or position taken, or document prepared or executed in connection with the negotiation, execution, or implementation of this Stipulation shall be deemed to be, or construed as, (a) an admission by any party of any liability, wrongdoing, act, or matter or that any claim or defense has or lacks merit; (b) a waiver of the Commonwealth's rights to dispute, contest, setoff, or recoup any claim, including any claims asserted by Movant in the Prepetition Action, or assert any related rights, claims, or defenses and all such rights are reserved; (c) a waiver of Movant's or the Commonwealth's rights to determine and/or contest the applicability of a discharge to any judgment that may be issued in the Prepetition Action pursuant to 11 U.S.C. § 944, as made applicable to these proceedings by virtue of PROMESA section 301(a); or (d) an approval or assumption of any agreement or contract between the parties under Bankruptcy Code section 365.

6.      Nothing in this Stipulation shall be deemed or construed as (a) creating or conferring any right upon any persons or entities (other than Movant as expressly provided in this Stipulation), or (b) evidence of any willingness or obligation on the Commonwealth's part to consent to any other or future modifications of or relief from the Title III Stay with respect to any persons or entities.

7.      This Stipulation contains the entire agreement by and between the Parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation.

8.      This Stipulation shall be construed and interpreted in accordance with the laws of Puerto Rico. For purposes of construing this Stipulation, neither of the Parties shall be deemed to have been the drafter of the Stipulation.

9.      Electronic copies of signatures on this Stipulation are acceptable, and an electronic copy of a signature on this Stipulation is deemed an original. This Stipulation may be executed in counterparts, each of which is deemed an original, but when taken together constitute one and the same document.

10.     This Stipulation may not be modified other than by a signed writing executed by the parties hereto.

11.     The District Court shall retain jurisdiction to hear any matters or disputes arising from or relating to this Stipulation.

12.     This Stipulation shall be immediately effective and enforceable upon execution by the Parties hereto.


                    *[Remainder of Page Intentionally Left Blank]*

IN WITNESS WHEREOF and in agreement herewith, the Commonwealth, by and through is counsel, and Movant have executed and delivered this Stipulation as of the date first set forth above.

Dated: October 29, 2019
San Juan, Puerto Rico

Respectfully submitted,

**DENISSE N. LONGO QUIÑONES**
Secretary of Justice

**WANDYMAR BURGOS VARGAS**
USDC 223502
Deputy Secretary in Litigation
Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Phone: 787-721-2940 Ext. 2500, 2501
wburgos@justicia.pr.gov

*Attorney for the Commonwealth of Puerto Rico*

/s/
**HIRAM PEREZ SOTO**
*PRO SE*

Urb. Villa de Paraná,
Calle 11 Bloque S-1#5
San Juan, PR, 00926
Telephone: (787) 731-6573
Mobile: (787) 438-6687
Fax: (787) 790-9581
hperez1057@gmail.com

*Movant*

SO ORDERED.

Dated: November 4, 2019

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

---------------------------------------------------------x

In re:                                          PROMESA
                                                Title III
THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

        as representative of                    No. 17 BK 3283-LTS

THE COMMONWEALTH OF PUERTO RICO,                (Jointly Administered)
et al.,

        Debtors.[1]

---------------------------------------------------------x

MEMORANDUM ORDER GRANTING IN PART AND DENYING IN PART HIRAM
PÉREZ-SOTO'S MOTION FOR RELIEF FROM AUTOMATIC STAY (DOCKET ENTRY NO. 7776)

Before the Court is the *Motion to Lift Automatic Stay and/or to Ask the Court*

*That It Is Not Applicable in This Case* (Docket Entry No. 7776 in Case No. 17-3283,[2] the

"Motion"), filed by Hiram Pérez-Soto (the "Movant"), who seeks relief from the automatic stay

imposed by the filing of the above-captioned Title III case on a case captioned Hiram Perez-Soto

v. Judges of the Supreme Court, et al., Case No. 19-cv-1266 (the "Litigation"), which is

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case
        number and the last four (4) digits of each Debtor's federal tax identification number, as
        applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth")
        (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii)
        Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK
        3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and
        Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last
        Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government
        of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS)
        (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority
        ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax
        ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software
        limitations).
[2]     All docket entry references are to entries in Case No. 17-3283, unless otherwise noted.

currently pending before the United States District Court for the District of Puerto Rico. For the

following reasons, the Motion is granted in part and denied in part as set forth herein.

BACKGROUND

By petition filed on May 3, 2017, the Financial Oversight and Management Board

for Puerto Rico (the "Oversight Board") initiated the instant case on behalf of the

Commonwealth under Title III of the Puerto Rico Oversight, Management, and Economic

Stability Act ("PROMESA").[3] (See *Objection of the Commonwealth of Puerto Rico to Motion to

Lift Automatic Stay and/or to Ask the Court That It Is Not Applicable in This Case Filed by

Hiram Pérez-Soto*, Docket Entry No. 8246, the "Objection," ¶ 1.) Approximately two years

later, Movant commenced the Litigation, pursuant to 42 U.S.C. § 1983, against various

Commonwealth judges and other current and former government officials (the "Commonwealth

Defendants"), as well as several private attorneys (the "Private Defendants," and collectively

with the Commonwealth Defendants, the "Defendants"),[4] seeking (i) a determination that the

---

[3]    PROMESA is codified at 48 U.S.C. §§ 2101-2241.
[4]    In the Litigation, Movant named a total of 62 defendants comprised of (i) "Judges of the
       Supreme Court"; (ii) "Former Chief Judges of the Supreme Court"; (iii) "Judges of the
       Appeals Court"; (iv) "Judges of the Court of First Instance"; (v) "Judges Administrators
       of the Judicial System"; (vi) "Lawyers of the Office of the Solicitor General
       Commonwealth of Puerto Rico"; (vii) "Counselors for the Defendants"; and (viii) the
       "Commissioner." (Docket Entry No. 4 in Case No. 19-cv-1266, the "Complaint.").
       According to the Commonwealth, Defendants are "officers, former officers, employees,
       and/or former employees of the Commonwealth" and, as such, are being represented in
       the Litigation by the Commonwealth Department of Justice ("DOJ") pursuant to Act 9 of
       the November 26, 1975 ("Act 9"), P.R. Laws Ann. § 3085, tit. 32. (Objection ¶ 2 n.4.)
       The Commonwealth further indicates that, under Act 9, it would be required to disburse
       funds to pay any judgment against Defendants, unless such judgment is a result of
       Defendants' gross negligence or intentional conduct. (Id.) The Court notes, however,
       that the Private Defendants—identified by Movant as "Counselors for the Defendants"—
       do not appear to be current or former Commonwealth employees and are represented in
       the Litigation by private counsel, not the DOJ.

Defendants violated his civil rights in connection with his disbarment from the practice of law and related proceedings; (ii) injunctive and declaratory relief voiding sanctions and judgments issued against him; and (iii) damages under § 1983 in an amount ranging from $200,000.00 to $800,000.00 for each Defendant. (Objection ¶ 2; see generally Complaint.) In the Litigation, Movant contends, inter alia, that there has been an almost eleven-year "history of . . . abuse against [him] by [j]udges and [c]ounselors for the defendants . . . [,]" which he alleges first began in the context of a lawsuit that he had filed in August 2007 in the Court of First Instance of Humacao relating to the distribution of his father's estate (the "Estate Litigation"). (Complaint ¶¶ 1, 2.)

On April 17, 2019, the Commonwealth filed in the Litigation a *Notice of Automatic Stay and of Procedures for Filing Motions for Relief from the Automatic Stay in the Commonwealth of Puerto Rico's Title III Case* (Docket Entry No. 7 in Case No. 19-cv-1266), requesting that the District Court take notice of the automatic stay of the Litigation pursuant to Sections 362 and 922 of the Bankruptcy Code, 11 U.S.C. §§ 362 and 922.[5] Shortly thereafter, several Private Defendants moved to dismiss the claims asserted against them. (Docket Entry No. 9 in Case No. 19-cv-1266.) On July 2, 2019, before ruling on the motion to dismiss, the District Court entered an order staying the Litigation in its entirety.[6] (Docket Entry No. 31 in Case No. 19-cv-1266.)

Movant filed the instant Motion on May 29, 2019, seeking relief from the automatic stay with respect to the Litigation. Relying upon Section 362(b)(4) of the Bankruptcy

---

[5]     Sections 362 and 922 of the Bankruptcy Code are made applicable in this Title III case by Section 301(a) of PROMESA, 48 U.S.C. § 2161.

[6]     At the time the District Court entered the stay order, discovery in the Litigation had not yet commenced. (Objection ¶ 4.)

Code, Movant argues that the Litigation is not subject to the automatic stay because his claims are tantamount to the enforcement of a governmental unit's or organization's police and regulatory power. (See, e.g., Motion ¶¶ 6, 8.) Movant further submits that, if this Court were to deem Section 362(b)(4) inapplicable, he would "desist without prejudice any damage claim against government or former government officials . . . [and would] only ask for declaratory and injunctive relief" with respect to those Defendants. (Id. ¶ 9.) In addition, Movant contends that, in any event, his claims against the Private Defendants cannot be stayed. (Id.)

In its Objection, the Commonwealth argues that Section 362(b)(4) of the Bankruptcy Code does not apply because Movant is a private individual, not a governmental unit. (Objection ¶¶ 8, 9.) It further contends that the Motion should be denied because Movant has failed to establish that "cause" exists to lift or modify the automatic stay to permit the pursuit of claims against the Commonwealth Defendants. (Id. ¶ 6.) The Commonwealth has not, however, asserted any objection to continuation of the Litigation as against the Private Defendants and, in its Objection, has indicated that it would not oppose limited stay relief with respect to the Commonwealth Defendants. (Id. ¶ 7 n.6.) In a subsequent submission following further Court-ordered communications with Movant, the Commonwealth states that it will not oppose (i) allowing the Litigation to proceed to judgment against the Commonwealth Defendants and the Private Defendants, and (ii) execution and enforcement of non-monetary relief at no expense to the Commonwealth or any other Title III Debtor. (*Informative Motion of the Commonwealth of Puerto Rico in Compliance with Order Regarding Hiram Perez-Soto's Motion for Relief from Automatic Stay* (Docket Entry No. 8478, the "Informative Motion") ¶¶ 5, 6.) As noted above, the Commonwealth asserts no objection to execution and enforcement of relief as against the Private Defendants, although it does object to the implementation, enforcement

and/or execution of any relief that would entail the disbursement of funds belonging to the
Commonwealth or any other Title III Debtor.  In his *Motion Informing the Court* (Docket Entry
No. 8495, the "Informative Response") filed in response to the Informative Motion, Movant
indicates his consent to the Commonwealth's proposal that the automatic stay remain applicable
to the execution and enforcement of any monetary judgment against the Commonwealth
Defendants.  (Id. ¶ 2.)  Movant's stance concerning applicability of the automatic stay to his
claims for injunctive and declaratory relief, however, conflicts slightly with the
Commonwealth's position with respect to that issue, in that Movant maintains that his claims for
non-monetary relief are categorically immune from the stay even where imposition of such relief
"could entail some incidental costs" to the Commonwealth.  (Id. ¶ 3.)

The Court has considered carefully all of the parties' submissions.[7]  For the
following reasons, the Court finds that Section 362(b)(4) of the Bankruptcy Code does not
exempt the Litigation from the automatic stay, and grants the Motion to the extent set forth
below with respect to Movant's claims against the Commonwealth Defendants and the
implementation, enforcement, and/or execution of non-monetary relief.  No argument having
been raised by the Commonwealth concerning Movant's pursuit of his claims against the Private
Defendants, Movant's claims against those Defendants are not restricted by the automatic stay
except insofar as any relief granted against them entails the disbursement of funds belonging to
the Commonwealth or any other Title III Debtor.

---

[7]     The Court has reviewed the Motion; the *Motion Answering Urgent Consented Motion for
Extension of Deadlines* (Docket Entry No. 8090); the Objection; the *Motion Complying
with the Order of the Honorable Court Stating Our Position of Inapplicability of the
Automatic Stay* (Docket Entry No. 8317); the Informative Motion; and the Informative
Response.

D<small>ISCUSSION</small>

Section 362(a)(1) of the Bankruptcy Code imposes an automatic stay on "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title . . . ." 11 U.S.C.A. § 362(a)(1) (West 2015).  Under Section 362(a)(3), an automatic stay also applies to "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate[.]"  Id. § 362(a)(3). Section 922(a) of the Bankruptcy Code supplements Section 362 by providing that a Title III petition operates as a stay of proceedings "against an officer or inhabitant of the debtor that seek[] to enforce a claim against the debtor."  11 U.S.C.A. § 922(a)(1) (West 2016); see also Docket Entry No. 543 (confirming that "the protections of Bankruptcy Code [S]ection 922(a)(1) with respect to officers and inhabitants of the [Title III] [d]ebtors . . . apply in all respects to the [d]ebtors' officers in both their official and personal capacities with respect to actions whereby parties pursuing such actions seek to enforce claims against any of the [d]ebtors").

As an initial matter, the Court is unpersuaded by Movant's contention that the Litigation is exempted from the automatic stay by Section 362(b)(4) of the Bankruptcy Code as an action "by a governmental unit" to which the automatic stay does not apply.  (See Motion ¶ 5.)  Section 362(b)(4) provides that the filing of a Title III petition does not operate as a stay "of the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's . . . police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's . . . police or regulatory power[.]"  11 U.S.C.A. § 362(b)(4) (West 2015).  The Bankruptcy Code defines "governmental unit" to mean

"United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency, or instrumentality of the United States . . . , a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other foreign or domestic government." Id. § 101(27). Because Movant is a private individual seeking damages and other relief in the Litigation on his own behalf, Section 362(b)(4) is plainly inapplicable to his claims. (See Docket Entry No. 1765 at 3-4 (finding Section 362(b)(4) "inapplicable on its face" to litigation commenced by a private entity); accord Docket Entry No. 1234 (denying relief from automatic stay in § 1983 action against Commonwealth officials).) The Court must determine, then, whether an order lifting the automatic stay of the Litigation is warranted.

Section 362(d)(1) of the Bankruptcy Code permits a court to grant relief from the automatic stay "for cause." 11 U.S.C. § 362(d)(1) (West 2015). In evaluating whether cause exists to lift the bankruptcy stay, courts in this district examine the factors first enumerated by the United States Court of Appeals for the Second Circuit in In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990). See, e.g., Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) (citing Sonnax).

In light of the Commonwealth's decision to refrain from objecting to stay relief that will permit Movant to pursue his primary goals in the Litigation (see Informative Motion ¶¶ 5, 6), and Movant's own indication that he is willing to refrain from seeking monetary relief against the Commonwealth Defendants (see Informative Response ¶ 2), it is unnecessary for the Court to address the parties' arguments regarding the Sonnax factors at this juncture. Based on the parties' submissions, the Court hereby grants the following relief from the automatic stay:

(i)    Movant may pursue through entry of judgment his claims against the
        Commonwealth Defendants; and

14

(ii)    Movant may pursue execution and enforcement of any non-monetary

relief sought by Movant in the Litigation that does not entail the

disbursement of funds belonging to the Commonwealth or any other Title

III Debtor for the implementation, enforcement, and/or execution of such

non-monetary relief.  Notwithstanding the foregoing, payment by the

Commonwealth or another Title III Debtor of any de minimis incidental

costs associated with the implementation, enforcement, and/or execution

of non-monetary relief shall not be considered "the disbursement of funds"

for purposes of this Memorandum Order.  Should Movant seek the

implementation, enforcement, and/or execution of non-monetary relief

that the Commonwealth believes would require a disbursement of funds of

the Commonwealth or another Title III Debtor, the Commonwealth shall

serve promptly upon Movant written notice (a "Notice") identifying the

non-monetary relief and providing a brief summary of its position.  The

Notice shall include a certification that the Commonwealth believes in

good faith that implementation, enforcement, and/or execution of the non-

monetary relief in question will in fact require the disbursement of funds

belonging to the Commonwealth or any other Title III Debtor.  In the

event that the Commonwealth sends Movant a Notice, Movant and the

Commonwealth must confer in good faith to seek to resolve the issue and,

failing a consensual resolution, Movant may file a motion for further relief

from the automatic stay in accordance with the Case Management

Procedures.

<u>Conclusion</u>

For the foregoing reasons, the Litigation is not exempted from the automatic stay by Section 362(b)(4) of the Bankruptcy Code, and the Motion is granted in part with respect to the Commonwealth Defendants as set forth above and denied as to those Defendants in all other respects. There being no proffer of any basis for a finding that the automatic stay applies to Movant's claims against the Private Defendants, no relief is necessary as to those Defendants and the automatic stay does not restrict the Litigation as against the Private Defendants except insofar as the implementation, enforcement, and/or execution of relief against any such Defendant would entail the disbursement of funds belonging to the Commonwealth or any other Title III Debtor.

This Memorandum Order resolves Docket Entry No. 7776.

SO ORDERED.

Dated: August 22, 2019

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

16

 Gmail                                      Minuteman Press <cupeyminutemanpress@gmail.com>

---

**Lcdo. Hiram Pérez**
1 message

---

**Minuteman Press-Cupey** <cupeyminutemanpress@gmail.com>                    Tue, Aug 24, 2021 at 3:04 PM
To: cvelaz@mpmlawpr.com
Cc: hperez1057@gmail.com

De tener alguna duda favor comunicarse con el Lcdo. Pérez Soto



📄 **carolina.pdf**
874K

**LCDO. HIRAM PEREZ SOTO-CPA**
**Urb. Villas de Paraná Calle 11 Bloque S-1#5**
**San Juan, Puerto Rico 00926**
**Cel. (787) 438-6687**
**E-mail:  hperez1057@gmail.com**

August 23, 2021

Carolina Velaz Rivero
Email: cvelaz@mpmlawpr.com
Counselor for AFFAF

Dear Counselor:

I am sending this letter in compliance with the 8th amended notice, case management and administrative procedures in the case 17BK-3283 Docket No. 4866-1 filed and entered in 01/23/2019.  Accordingly I have to notify to you any motion asking for the lifting of the automatic stay created by Promesa Title III.  If I don't receive any objection from your part I will file this letter with a motion filed in the Bankruptcy case.  In that motion I will ask the Bankruptcy Judge to clarify that the lifting of the stay pertaining to cases 19CV-1774 and 19CV-1266 signed by the Bankruptcy Judge under certain conditions are also applicable to appeals to the First Circuit Court.  I have appealed judgments of dismissal, see in Pacer System 21-1404.  The First Circuit Court ordered me to obtain the aforesaid clarification.

Respectfully,

**LCDO. HIRAM PEREZ SOTO**

/ ∂

1

 Gmail

**Minuteman Press <cupeyminutemanpress@gmail.com>**

---

## Fwd: Lcdo. Hiram Pérez
1 message

---

**Minuteman Press-Cupey** <cupeyminutemanpress@gmail.com>     Tue, Aug 24, 2021 at 3:23 PM
To: lmarini@mpmlawpr.com
Cc: hperez1057@gmail.com

De tener alguna duda favor comunicarse con el Lcdo. Pérez Soto



📄 **luis.pdf**
875K

14

**LCDO. HIRAM PEREZ SOTO-CPA**
**Urb. Villas de Paraná Calle 11 Bloque S-1#5**
**San Juan, Puerto Rico 00926**
**Cel. (787) 438-6687**
**E-mail: hperez1057@gmail.com**

August 23, 2021

Luis S. Marini Biaggi
Email: lmariani@mpmlawpr.com
Counselor for AAFAF

Dear Counselor:

I am sending this letter in compliance with the 8th amended notice, case management and administrative procedures in the case 17BK-3283 Docket No. 4866-1 filed and entered in 01/23/2019. Accordingly I have to notify to you any motion asking for the lifting of the automatic stay created by Promesa Title III. If I don't receive any objection from your part I will file this letter with a motion filed in the Bankruptcy case. In that motion I will ask the Bankruptcy Judge to clarify that the lifting of the stay pertaining to cases 19CV-1774 and 19CV-1266 signed by the Bankruptcy Judge under certain conditions are also applicable to appeals to the First Circuit Court. I have appealed judgments of dismissal, see in Pacer System 21-1404. The First Circuit Court ordered me to obtain the aforesaid clarification.

Respectfully,

**LCDO. HIRAM PEREZ SOTO**

1

 Gmail

**Minuteman Press <cupeyminutemanpress@gmail.com>**

---

### Fwd: Lcdo. Hiram Pérez
1 message

---

**Minuteman Press-Cupey** <cupeyminutemanpress@gmail.com>
To: hermann.bauer@oneillborges.com

Tue, Aug 24, 2021 at 3:33 PM

---

De tener alguna duda favor comunicarse con el Lcdo. Pérez Soto



📄 **hermann.pdf**
879K

2\

**LCDO. HIRAM PEREZ SOTO-CPA**
**Urb. Villas de Paraná Calle 11 Bloque S-1#5**
**San Juan, Puerto Rico 00926**
**Cel. (787) 438-6687**
**E-mail:  hperez1057@gmail.com**


August 23, 2021


Attorney Hermann Bauer
Email: Hermann.bauer@oneillborges.com
Counselor for the Oversight Board


Dear Counselor:

   I am sending this letter in compliance with the 8th amended notice, case management and administrative procedures in the case 17BK-3283 Docket No. 4866-1 filed and entered in 01/23/2019.  Accordingly I have to notify to you any motion asking for the lifting of the automatic stay created by Promesa Title III.  If I don't receive any objection from your part I will file this letter with a motion filed in the Bankruptcy case.  In that motion I will ask the Bankruptcy Judge to clarify that the lifting of the stay pertaining to cases 19CV-1774 and 19CV-1266 signed by the Bankruptcy Judge under certain conditions are also applicable to appeals to the First Circuit Court.  I have appealed judgments of dismissal, see in Pacer System 21-1404.  The First Circuit Court ordered me to obtain the aforesaid clarification.

Respectfully,


**LCDO. HIRAM PEREZ SOTO**


22

1

 Gmail

Minuteman Press <cupeyminutemanpress@gmail.com>

---

**Lcdo. Hiram Pérez**
1 message

---

**Minuteman Press-Cupey** <cupeyminutemanpress@gmail.com>          Tue, Aug 24, 2021 at 3:25 PM
To: dperez@omm.com
Cc: hperez1057@gmail.com

De tener alguna duda favor comunicarse con el Lcdo. Pérez Soto



📄 **diana.pdf**
872K

23

**LCDO. HIRAM PEREZ SOTO-CPA**
**Urb. Villas de Paraná Calle 11 Bloque S-1#5**
**San Juan, Puerto Rico 00926**
**Cel. (787) 438-6687**
**E-mail:  hperez1057@gmail.com**

August 23, 2021

Diana M. Pérez
Email: dperez@omm.com
Counselor for AAFAF

Dear Counselor:

I am sending this letter in compliance with the 8th amended notice, case
management and administrative procedures in the case 17BK-3283 Docket No.
4866-1 filed and entered in 01/23/2019.  Accordingly I have to notify to you
any motion asking for the lifting of the automatic stay created by Promesa Title
III.  If I don't receive any objection from your part I will file this letter with a
motion filed in the Bankruptcy case.  In that motion I will ask the Bankruptcy
Judge to clarify that the lifting of the stay pertaining to cases 19CV-1774 and
19CV-1266 signed by the Bankruptcy Judge under certain conditions are also
applicable to appeals to the First Circuit Court.  I have appealed judgments of
dismissal, see in Pacer System 21-1404.  The First Circuit Court ordered me to
obtain the aforesaid clarification.

Respectfully,

**LCDO. HIRAM PEREZ SOTO**

24

1

 Gmail

**Minuteman Press <cupeyminutemanpress@gmail.com>**

---

**Lcdo. Hiram Pérez**
1 message

---

**Minuteman Press-Cupey** <cupeyminutemanpress@gmail.com>                    Tue, Aug 24, 2021 at 3:27 PM
To: ubaldo.fernandez@oneillborges.com
Cc: hperez1057@gmail.com

De tener alguna duda favor comunicarse con el Lcdo. Pérez Soto



📄 **uvaldo.pdf**
882K

**LCDO. HIRAM PEREZ SOTO-CPA**
**Urb. Villas de Paraná Calle 11 Bloque S-1#5**
**San Juan, Puerto Rico 00926**
**Cel. (787) 438-6687**
**E-mail:  hperez1057@gmail.com**

August 23, 2021

Uvaldo M. Fernández Barrera
Email: uvaldo.fernandez@oneillborges.com
Counselor for the Oversight Board

Dear Counselor:

   I am sending this letter in compliance with the 8th amended notice, case management and administrative procedures in the case 17BK-3283 Docket No. 4866-1 filed and entered in 01/23/2019.  Accordingly I have to notify to you any motion asking for the lifting of the automatic stay created by Promesa Title III.  If I don't receive any objection from your part I will file this letter with a motion filed in the Bankruptcy case.  In that motion I will ask the Bankruptcy Judge to clarify that the lifting of the stay pertaining to cases 19CV-1774 and 19CV-1266 signed by the Bankruptcy Judge under certain conditions are also applicable to appeals to the First Circuit Court.  I have appealed judgments of dismissal, see in Pacer System 21-1404.  The First Circuit Court ordered me to obtain the aforesaid clarification.

Respectfully,

**LCDO. HIRAM PEREZ SOTO**

1

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

---------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of

THE COMMONWEALTH OF PUERTO RICO,
et al.,

     Debtors.[2]

---------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

EIGHTH AMENDED
NOTICE, CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES

On June 2, 2017, the Court entered an order (the "Procedures Order"): (a) incorporating the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Bankruptcy Rules") for these Title III cases; (b) approving and implementing the notice, case management, and administrative procedures (collectively, the "Case Management Procedures"); and (c) granting certain related relief.

Anyone may obtain a copy of the Procedures Order and any amendments thereto, as well as any document filed with the Court in these Title III Cases by: (a) accessing the website maintained by Prime Clerk LLC (the "Claims and Noticing Agent") at https://cases.primeclerk.com/puertorico (the "Case Website"); (b) contacting the Claims and Noticing Agent directly at (844)-822-9231 (toll free for U.S. and Puerto Rico) or (646)-486-7944 (for international callers); or (c) for a nominal fee, accessing the PACER system through the Court's website at www.prd.uscourts.gov. Finally, paper copies of all pleadings filed in these Title III Cases may be available from the Court Clerk pursuant to the Court's procedures and miscellaneous fee schedule of the District of Puerto Rico.

---

[2]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

and shall serve the Agenda by email or facsimile on (i) the Standard Parties, (ii) the Rule 2002 Parties, and (iii) any party that filed Documents referenced in the Agenda; provided, however, that where the Debtors have less than 48 hours' notice of a hearing, the Debtors shall file an agenda only to the extent feasible.

N.  The Agenda shall include, to the extent known by the Debtors: (i) the docket number and title of each matter scheduled to be heard at the hearing, including the initial filing and any Objections, Statements, Replies, or Documents related thereto; (ii) whether the matter is contested or uncontested; (iii) whether the matter has been settled or is proposed to be continued; (iv) the identification number of any proof(s) of claim(s) implicated in the Document; and (v) other comments that will assist the Court; provided, however, that the matters listed on the Agenda shall be limited to matters of substance and shall not include administrative filings such as notices of appearance and affidavits of service.

O.  The Agenda may include notice of matters that have been consensually adjourned to a later hearing date in lieu of parties filing a separate notice of such adjournment.

P.  In the event a matter is properly noticed for hearing and the parties reach an agreement to settle the dispute prior to the hearing, the parties may announce the settlement at the scheduled hearing; provided, however, that the parties shall notify the Court, the Office of the United States Trustee, counsel for the Oversight Board, as representative of the Debtors, and the Creditors' Committee of such agreement as soon as practicable prior to the hearing. In the event the Court determines that notice of the dispute and the hearing is adequate notice of the effects of the settlement (i.e., that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated), the Court may approve the settlement at the hearing without further notice of the terms of the settlement. In the event the Court determines that additional or supplemental notice is required, the Debtors shall serve such notice in accordance with the Case Management Procedures and a hearing to consider such settlement shall be on the next hearing day deemed appropriate by the Court.

Q.  Subject to Paragraphs III.F and III.T, at least fifteen (15) business days prior to filing a Stay Relief Motion to continue a prepetition ordinary course civil action against a Debtor other than PREPA, the movant shall contact counsel for the Oversight Board (Attn: Hermann Bauer (Hermann.Bauer@oneillborges.com) and Ubaldo M. Fernández Barrera (ubaldo.fernandez@oneillborges.com)) and counsel for AAFAF (Attn: Diana M. Perez (dperez@omm.com), Luis C. Marini-Biaggi (lmarini@mpmlawpr.com) and Carolina Velaz-Rivero (cvelaz@mpmlawpr.com)) and for all Lift Stay Notices related to PREPA, the movant shall contact counsel for the Oversight Board (Attn: Hermann Bauer (Hermann.Bauer@oneillborges.com)) and Ubaldo M. Fernández Barrera (ubaldo.fernandez@oneillborges.com)), counsel for AAFAF (Attn: Diana M. Perez (dperez@omm.com)), and counsel for PREPA (Attn: Arturo Diaz-Angueira (adiaz@cnrd.com) and Katiuska Bolanos-Lugo (kbolanos@cnrd.com)), by electronic-mail to advise them of the movant's intent to seek relief from the automatic stay (the "Lift Stay Notice" and the notice period, the "Lift Stay Notice Period"). The Lift Stay

# United States Court of Appeals
## For the First Circuit

No. 21-1404

HIRAM I. PEREZ-SOTO,

Plaintiff - Appellant,

v.

MAITE D. ORONOZ-RODRIGUEZ, Chief Judge of the Supreme Court; EDGARDO RIVERA-GARCIA, Judge of the Supreme Court; RAFAEL E. MARTINEZ-TORRES, Judge of the Supreme Court; MILDRED G. PABON-CHARNECO, Judge of the Supreme Court; ERICK V. KOLTHOFF-CARABALLO, Judge of the Supreme Court; FEDERICO HERNANDEZ-DENTON, Former Chief Judge of the Supreme Court; LIANA FIOL-MATTA, Former Chief Judge of the Supreme Court; CARMEN CARLOS-CABRERA, Judge of the Appeals Court; AIDA NIEVES-FIGUEROA, Judge of the Appeals Court; ROBERTO RODRIGUEZ CASILLAS, Judge of the Appeals Court; TROADIO GONZALEZ VARGAS, Judge of the Appeals Court; GERMAN JOSE BRAU-RAMIREZ, Judge of the Appeals Court; ANDRES SALAS-SOLER, Judge of the Appeals Court; NYDIA M. COTTO VIVES, Judge of the Appeals Court; EMMALIND GARCIA GARCIA, Judge of the Appeals Court; ALEIDA VARONA-MENDEZ, Judge of the Appeals Court; MARIA C. GOMEZ CORDOVA, Judge of the Appeals Court; GRETCHEN COLL-MARTI, Judge of the Appeals Court; NELIDA JIMENEZ VELAZQUEZ, Judge of the Appeals Court; IVELISSE DOMINGUEZ-IRIZARRY, Judge of the Appeals Court; MIGDALIA FRATICELLI-TORRES, Judge of the Appeals Court; BRUNO CORTES-TRIGO, Judge of the Appeals Court; HECTOR CORDERO-VAZQUEZ, Judge of the Appeals Court; LAURA IVETTE ORTIZ-FLORES, Judge of the Appeals Court; MISAEL RAMOS-TORRES, Judge of the Appeals Court; JUAN R. HERNANDEZ SANCHEZ, Judge of the Appeals Court; SIGFRIDO STEIDEL FIGUEROA, Judge of the Appeals Court; LUIS R. PINERO-GONZALEZ, Judge of the Appeals Court; OLGA BIRRIEL-CARDONA, Judge of the Appeals Court; FERNANDO J. BONILLA-ORTIZ, Judge of the Appeals Court; SIXTO HERNANDEZ-SERRANO, Judge of the Appeals Court; SOL CINTRON CINTRON, Judge of the Appeals Court; CARLOS VIZCARRONDO IRIZARRY, Judge of the Appeals Court; FELIX R. FIGUEROA CABAN, Judge of the Appeals Court; RICARDO GIL MARRERO GUERRERO, Judge of the Court of First Instance; ENRIQUE ARMANDO PEREZ ACOSTA, Judge of the Court of First Instance; GEORGINA CANDAL-SEGUROLA, Judge of the Court of First Instance; ARLEENE SELLEZ-GUERRINI, Judge of the Court of First Instance; MIGUEL CANCIO-VIGAS, Judge of the Court of First Instance; ANTONIO A. NEGRON VILLARDEFRANCOS, Judge of the Court of First Instance; MARIA ADALJISA DAVILA VELEZ, Judge of the Court of First Instance; ISRAEL HERNANDEZ-GONZALEZ, Judge of the Court of First Instance; JULIA GARRIGA-TRILLO, Judge of the Court of First Instance; RUBEN CASTRO-RODRIGUEZ, Judge of the Court of First Instance; RAFAEL RODRIGUEZ-OLMO, Judge of the Court of First Instance; MYRNA E. AYALA-DIAZ, Judge

of the Court of First Instance; ISABEL LLOMPART-ZENO, Judge Administrator of the Judicial System; SONIA I. VELEZ-COLON, Judge Administrator of the Judicial System; AMIR CRISTINA NIEVES-VILLEGAS, Lawyer of the Office of The Solicitor General Commonwealth of Puerto Rico; IVONNE CASANOVA-PELOSI, Lawyer of the Office of The Solicitor General Commonwealth of Puerto Rico; CLAUDIA ROSA-RAMOS, Lawyer of the Office of The Solicitor General Commonwealth of Puerto Rico; MINNIE H. RODRIGUEZ LOPEZ, Lawyer of the Office of The Solicitor General Commonwealth of Puerto Rico; PATRICIA CORDERO-ALCARAZ; ENRIQUE ALCARAZ MICHELI, Counselor for the Defendants; LUIS E. LAGUNA-MIMOSO, Counselor for the Defendants; GUILLERMO J. RAMOS-LUINA, Counselor for the Defendants; VALGINA RODRIGUEZ CALDERON, Counselor for the Defendants; YGRI RIVERA-DE-MARTINEZ, Commissioner; HON. ERIK RAMIREZ-NAZARIO, Judge of The Intermediate Appeals Court of Puerto Rico; HON. CARLOS CANDELARIA-ROSA, Judge of The Intermediate Appeals Court of Puerto Rico; HON. GERARDO FLORES-GARCIA, Judge of The Intermediate Appeals Court of Puerto Rico; HON. GISELLE ROMERO-GARCIA, Judge of The Intermediate Appeals Court of Puerto Rico; HON. FERNANDO TORRES-RAMIREZ, Judge of The Intermediate Appeals Court of Puerto Rico; HON. ANGEL COLON-PEREZ, Judge of The Supreme Court; ANABELLE RODRIGUEZ-RODRIGUEZ, Judge of the Supreme Court; ROBERTO FELIBERTI-CINTRON, Judge of the Supreme Court; LUIS ESTRELLA-MARTINEZ, Judge of the Supreme Court; IRENE SOFIA SOROETA-KODESH, Judge of the Appeals Court,

Defendants - Appellees.

---

## ORDER OF COURT

Entered: August 5, 2021

This is an appeal from the district court's dismissal of plaintiff's amended complaint against many defendants, most of whom are current or former Commonwealth government officials, but some of whom appear to be private attorneys. On August 22, 2019, the Title III court partially lifted the automatic stay imposed by PROMESA, 48 U.S.C. § 2161(a), but it is not clear from the language of the Title III court's order that the court intended to lift the stay as to any appeal in this case. Plaintiff and the Commonwealth defendants are hereby ordered to show cause within fourteen days whether the automatic stay applies to this appeal. Insofar as the appeal involves plaintiff's claims against private parties, that part of the appeal may go forward.

By the Court:

Maria R. Hamilton, Clerk

cc:
Hiram I. Perez-Soto, Juan Carlos Ramirez-Ortiz, Omar J. Andino Figueroa, Mariola Abreu Acevedo, Raul S. Mariani-Franco