UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO et al.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

ORDER GRANTING THREE HUNDRED FORTY-SIXTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE PUERTO RICO ELECTRIC POWER AUTHORITY TO SUBSEQUENTLY AMENDED CLAIMS

Upon the *Three Hundred Forty-Sixth Omnibus Objection (Non-Substantive) of the Puerto Rico Electric Power Authority to Subsequently Amended Claims* (Docket Entry No. 17090, the "Three Hundred Forty-Sixth Omnibus Objection"),[2] filed by the Puerto Rico Electric Power Authority ("PREPA"), dated June 18, 2021, for entry of an order disallowing in their entirety certain claims filed against PREPA, as more fully set forth in the Three Hundred Forty-

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5532-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Three Hundred Forty-Sixth Omnibus Objection.

Sixth Omnibus Objection and supporting exhibits thereto; and the Court having jurisdiction to consider the Three Hundred Forty-Sixth Omnibus Objection and to grant the relief requested therein pursuant to PROMESA section 306(a); and venue being proper pursuant to PROMESA section 307(a); and due and proper notice of the Three Hundred Forty-Sixth Omnibus Objection having been provided to those parties identified therein, and no other or further notice being required; and each of the claims identified in the column titled "Claims to be Disallowed" in Exhibit A to the Three Hundred Forty-Sixth Omnibus Objection (collectively, the "Claims to Be Disallowed") having been amended and superseded by the subsequently filed proofs of claim identified in the column titled "Remaining Claims" in Exhibit A (collectively, the "Remaining Claims"); and the Court having determined that the relief sought in the Three Hundred Forty-Sixth Omnibus Objection is in the best interests of PREPA, its creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Three Hundred Forty-Sixth Omnibus Objection establish just cause for the relief granted herein; and the Court having deemed a hearing is not necessary as no objection, responsive pleading, or request for a hearing with respect to the Three Hundred Forty-Sixth Omnibus Objection has been submitted, and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Three Hundred Forty-Sixth Omnibus Objection is GRANTED as set forth herein; and it is further

ORDERED that the Claims to Be Disallowed are hereby disallowed in their entirety; and it is further

ORDERED that the Debtors' right to object to the Remaining Claims is reserved; and it is further

ORDERED that Prime Clerk is authorized and directed to delete the Claims to Be Disallowed from the official claims register in the Title III Cases; and it is further

ORDERED that this Order resolves Docket Entry No. 17090 in Case No. 17-3283; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

SO ORDERED.

Dated: September 13, 2021

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge