UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO et al.,<br><br>   Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

ORDER GRANTING THREE HUNDRED FIFTY-SIXTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO PARTIAL DUPLICATE, DEFICIENT, NO LIABILITY, AND INCORRECT DEBTOR BOND CLAIMS

Upon the *Three Hundred Fifty-Sixth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Partial Duplicate, Deficient, No Liability, and Incorrect Debtor Bond Claims* (Docket Entry No. 17097, the "Three Hundred Fifty-Sixth Omnibus Objection"),[2] filed by the Commonwealth of Puerto Rico (the "Commonwealth"), dated June 18,

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5532-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Three Hundred Fifty-Sixth Omnibus Objection.

2021, for entry of an order partially disallowing and partially reclassifying certain claims filed against the Commonwealth, as more fully set forth in the Three Hundred Fifty-Sixth Omnibus Objection and supporting exhibits thereto; and the Court having jurisdiction to consider the Three Hundred Fifty-Sixth Omnibus Objection and to grant the relief requested therein pursuant to PROMESA section 306(a); and venue being proper pursuant to PROMESA section 307(a); and due and proper notice of the Three Hundred Fifty-Sixth Omnibus Objection having been provided to those parties identified therein, and no other or further notice being required; and the Court having determined that the claims identified in Exhibit A to the Three Hundred Fifty-Sixth Omnibus Objection (the "Claims to Be Partially Disallowed and Partially Reclassified") seek recovery, in part, of amounts for which the Commonwealth is not liable; and the Court having determined that the Claims to Be Partially Disallowed and Partially Reclassified seek recovery, in part, of amounts that are duplicative of one or more Master Proofs of Claim filed in the Commonwealth's Title III Case; and to the extent the Claims to Be Partially Disallowed and Partially Reclassified seek recovery of amounts greater than reflected in the proof of claim, the supporting documentation, and any Mailing response, the Court having determined that such portions of the Claims to Be Partially Disallowed and Partially Reclassified are deficient; and the Court having determined that certain portions of the Claims to Be Partially Disallowed and Partially Reclassified are deficient insofar as they seek recovery for investment losses, but fail to state a claim as to why the Commonwealth is liable for such investment losses; and the Court having determined that the remaining portions of the Claims to Be Partially Disallowed and Partially Reclassified will remain asserted against the Commonwealth; and the Court having determined that the relief sought in the Three Hundred Fifty-Sixth Omnibus Objection is in the best interests of the Commonwealth, its creditors, and all parties in interest; and the Court having

determined that the legal and factual bases set forth in the Three Hundred Fifty-Sixth Omnibus Objection establish just cause for the relief granted herein; and the Court having deemed a hearing is not necessary as no objection, responsive pleading, or request for a hearing with respect to the Three Hundred Fifty-Sixth Omnibus Objection has been submitted, and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Three Hundred Fifty-Sixth Omnibus Objection is GRANTED as set forth herein; and it is further

ORDERED that the portions of the claims identified in Exhibit A to the Three Hundred Fifty-Sixth Omnibus Objection (the "Claims to Be Partially Disallowed") are hereby reduced and disallowed, such that the Claims to Be Partially Disallowed shall now only be considered claims asserting the amount set forth in the column titled "Corrected" in Exhibit A to the Three Hundred Fifty-Sixth Omnibus Objection, respectively; and it is further

ORDERED that the Commonwealth's right to object to portions of the remaining portions of these claims, as set forth in the column titled "Corrected" in Exhibit A to the Three Hundred Fifty-Sixth Omnibus Objection, is reserved; and it is further

ORDERED that Prime Clerk is authorized and directed to designate as expunged and reduce the amount asserted in the Claims to Be Partially Disallowed by the disallowed portions (i.e., reducing the amount of the claims to the amounts set forth in the column titled "Corrected" in Exhibit A to the Three Hundred Fifty-Sixth Omnibus Objection) from the official claims register in the Commonwealth Title III Case; and it is further

ORDERED that the claims identified in the column titled "Asserted" in Exhibit A to the Three Hundred Fifty-Sixth Omnibus Objection (the "Partially Reclassified Bond Claims")

are hereby reclassified to be claims asserted against PREPA, as indicated in the column titled "Corrected" in Exhibit A; and it is further

ORDERED that the Commonwealth's right to object to the Partially Reclassified Bond Claims is reserved; and it is further

ORDERED that Prime Clerk is authorized and directed, in the official claims register in the PROMESA cases, to move the claims identified in the column titled "Asserted" in Exhibit A to the Three Hundred Fifty-Sixth Omnibus Objection from the Title III case for the debtor(s) identified in the column titled "Asserted" in Exhibit A to the Three Hundred Fifty-Sixth Omnibus Objection to PREPA's Title III Case (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and it is further

ORDERED that this Order resolves Docket Entry No. 17097 in Case No. 17-3283; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

SO ORDERED.

Dated: September 13, 2021

   /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge