# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>　　Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>Re: ECF Nos. 17362 & 17679 |

## DEBTORS' AMENDED LIST OF WITNESSES TO BE OFFERED IN SUPPORT OF CONFIRMATION OF PLAN OF ADJUSTMENT

**To the Honorable United States District Court Judge Laura Taylor Swain:**

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA"), pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA")[2] (the Oversight Board, in its capacity as Title III representative of the Commonwealth, ERS, and PBA,

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

is referred to as the "Debtors"), respectfully submits this Amended Initial Witness List (defined below):

### Debtors' Amended Preliminary Witness List

1. On August 3, 2021, the Debtors filed their *Debtors' Preliminary List of Witnesses to be Offered in Support of Confirmation of Plan of Adjustment* [ECF No. 17679] (the "Initial Witness List"), setting forth an initial list of witnesses who may testify on behalf of the Debtors in support of confirmation of the *Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 17627] (as it may be amended, modified, or supplemented, the "Plan")[3] and the topics about which each witness is expected to testify.

2. In accordance with paragraph 4 of the Court's *Order Establishing Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* [ECF No. 17640], the Oversight Board is filing herein the Debtors' Amended Witness List (the "Amended Witness List").

   1. Natalie A. Jaresko: Executive Director of the Oversight Board: May provide fact testimony showing the Plan complies with the provisions of PROMESA section 314(b)(1), including, without limitation, that it complies with the provisions of Bankruptcy Code sections 1122, 1123(a)(1), 1123(a)(2), 1123(a)(3), 1123(a)(4), 1123(a)(5), 1123(b)(1), 1123(b)(2), 1123(b)(3), 1123(b)(4), 1123(b)(5), 1123(b)(6), 1123(d), 1129(a)(2), 1129(a)(3), 1129(a)(6), 1129(a)(8) (if applicable), 1129(b)(1), 1129(b)(2)(A), and 1129(b)(2)(B), PROMESA section 314(b)(2), 314(b)(3), 314(b)(4), 314(b)(5), and 314(b)(7). Ms. Jaresko may also provide testimony about facts showing (i) some or all of the settlements embodied in those agreements set forth on **Exhibit A** hereto and incorporated into the Plan (the "Plan Settlements") are fair and reasonable and should be approved, (ii) the releases, injunctions, and exculpation provisions provided in the Plan are reasonable and appropriate, integral to the Plan, and constitute an essential component of the compromises discussed above and in the Plan, (iii) the preempted Commonwealth statutes, or portions thereof, are inconsistent with PROMESA, and (iv) the Plan is feasible with respect to ERS and PBA.

   2. David A. Skeel, Jr.: Chairperson of the Oversight Board: May provide testimony showing (i) some or all of the Plan Settlements are fair and reasonable and should be approved and (ii) the Plan is consistent with the certified fiscal plans for the Debtors.

---

[3] Capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

2

3. Steve Zelin*: Partner and Head of the Restructuring and Special Solutions Group in the Americas at PJT Partners Inc.: May provide testimony showing (i) the restriction and consummation fees and costs incurred in connection with the various Plan Settlements are fair and reasonable in light of the obligations undertaken and the fees and obligations incurred by the parties thereto and should be approved, (ii) the debt payments proposed to be made pursuant to the Plan and a valuation of liens, as part of proof that the Plan is feasible, (iii) the terms and structure of the Clawback CVIs are fair and reasonable and should be approved, and (iv) the releases, injunctions, and exculpation provided in the Plan are reasonable and appropriate, integral to the Plan, and constitute an essential component of the compromises discussed above and in the Plan, and are not severable from the other provisions of the Plan, and (v) the Plan Settlements were negotiated at arm's–length and in good faith.

4. Christina Pullo: Managing Director at Prime Clerk, LLC: May provide testimony showing (i) which Classes of Claims voted to accept the Plan in accordance with Bankruptcy Code section 1126(c) and as set forth in Bankruptcy Code section 1129(a)(8)(A), (ii) which Impaired Classes of Claims voted to accept the Plan, determined without including any acceptance of the Plan by an insider, in accordance with Bankruptcy Code section 1129(a)(10), and (iii) the procedures employed in soliciting and tabulating votes.

5. Ojas Shah*: Partner at McKinsey & Company: May provide testimony explaining the best interest test analyses in the Disclosure Statement and showing the Plan is in the best interest of the creditors of each of the Debtors.

6. Gaurav Malhotra*: Principal and Head of the U.S. Restructuring Practice at Ernst & Young, LLP: May provide testimony showing (i) that confirmation of the Plan is not likely to be followed by the need for further financial reorganization, (ii) the financial obligations imposed by the Plan are not inconsistent with the debt sustainability analyses in the 2021 certified fiscal plan for the Commonwealth, and (iii) the financial impact of preempted Commonwealth statutes, or portions thereof, are inconsistent with PROMESA.

7. Juan Santambrogio*: Managing Director at Ernst & Young, LLP: May provide testimony regarding (i) (a) item 5 (AFSCME Plan Support Agreement) and (b) item 6 (any AMPR plan support agreement) of the Plan Settlements, including showing that they are affordable and consistent with the certified fiscal plans for the Debtors, (ii) the Benefit Restoration, and (iii) the Pension Reserve Trust.

8. Adam Chepenik*: Principal at Ernst & Young, LLP: May provide testimony regarding the Oversight Board's minimum cash balance analysis, including the assumptions made for the Commonwealth's (i) working capital balances and (ii) emergency reserves. Mr. Chepenik may also testify showing the Oversight Board's identification of cash accounts held by the Commonwealth and certain of its instrumentalities (including accounts identified by the Oversight Board as holding restricted funds) and the amount of the funds held in the identified Commonwealth accounts.

9. Sheva Levy*: Principal at Ernst & Young, LLP: May provide testimony showing (i) the history and funded status of the various pension systems maintained for the employees of

   the Commonwealth as described in the PROMESA Section 211 report, (ii) a description of the proposed treatment of the claims of the pension systems' beneficiaries pursuant to the Plan, and (iii) the savings the Commonwealth is expected to achieve through the proposed pension reform measures.

10. <u>Jay Herriman</u>*: Managing Director at Alvarez & Marsal: May provide testimony showing the reasonableness of the assumptions made with respect to the total amount of Allowed unsecured claims asserted against each of the Debtors, as part of proof that the Plan is in the best interests of the creditors of the Debtors.

11. <u>David Brownstein</u>*: Managing Director, Citigroup, Inc: May provide testimony showing (i) the Oversight Board's efforts in seeking federal tax-exempt status for the New GO Bonds and the CVIs, including, without limitation, the Rum Tax CVIs, to be issued upon consummation of the Plan and (ii) the benefits that could result to certain classes of claimholders from the inclusion of a taxable election for Puerto Rico investors holding certain types of GO bonds, pursuant to the Plan, allowing them to select to receive taxable New GO Bonds.

12. <u>Witnesses to be identified</u> may testify, if needed, as to the authenticity of certain of the documents the Oversight Board may offer in evidence in connection with the confirmation hearing on the Plan.

\* Witnesses identified with an asterisk ("\*") were set forth in the *Debtors' Identification of Expert Witnesses* [ECF No. 18044] as witnesses who may offer testimony pursuant to Fed. R. Civ. P. 26(a)(2)(C). The Debtors are filing a disclosure for each such witness in the *Debtors' Opening Expert Reports and Disclosures*, filed contemporaneously herewith.

   3. A redline comparison of the Initial Witness List and the Amended Witness List is attached hereto as **<u>Exhibit B</u>**. The Oversight Board reserves the right to amend the Amended Witness List as trial planning proceeds and to: (i) add or remove witnesses; and (ii) modify the topics about which witnesses may testify, to address responses or objections interposed with respect to confirmation of the Plan or to further support confirmation of the Plan.

[*Remainder of Page Intentionally Left Blank*]

**WHEREFORE** the Debtors respectfully request the Court take notice of the foregoing.

Dated: September 13, 2021
    San Juan, Puerto Rico

Respectfully submitted,

/s/ *Martin J. Bienenstock*

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

/s/ *Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

/s/ *Hermann D. Bauer*
Hermann D. Bauer

**Exhibit A**

**Plan Settlements**

1. HTA/CCDA Plan Support Agreement
2. GO/PBA Plan Support Agreement
3. PRIFA Related Plan Support Agreement
4. ERS Stipulation
5. AFSCME Plan Support Agreement
6. any AMPR plan support agreement, to the extent the modified collective bargaining agreement is ratified by the AMPR members

**<u>Exhibit B</u>**

**Redline**

1. Natalie A. Jaresko: Executive Director of the Oversight Board: May provide fact testimony showing the Plan complies with the provisions of PROMESA section 314(b)(1), including, without limitation, that it complies with the provisions of Bankruptcy Code sections 1122, 1123(a)(1), 1123(a)(2), 1123(a)(3), 1123(a)(4), 1123(a)(5), 1123(b)(1), 1123(b)(2), 1123(b)(3), 1123(b)(4), 1123(b)(5), 1123(b)(6), 1123(d), 1129(a)(2), 1129(a)(3), 1129(a)(6), 1129(a)(8) (if applicable), 1129(b)(1), 1129(b)(2)(A), and 1129(b)(2)(B), PROMESA section 314(b)(2), 314(b)(3), 314(b)(4), 314(b)(5), and 314(b)(7). Ms. Jaresko may also provide testimony about facts showing (i) some or all of the settlements embodied in those agreements set forth on **Exhibit A** hereto and incorporated into the Plan (the "Plan Settlements") are fair and reasonable and should be approved, (ii) the releases, injunctions, and exculpation provisions provided in the Plan are reasonable and appropriate, integral to the Plan, and constitute an essential component of the compromises discussed above and in the Plan, and (iii) the preempted Commonwealth statutes, or portions thereof, are inconsistent with PROMESA, and (iv) the Plan is feasible with respect to ERS and PBA.

2. David A. Skeel, Jr.: Chairperson of the Oversight Board: May provide testimony showing (i) some or all of the Plan Settlements are fair and reasonable and should be approved and (ii) the Plan is consistent with the certified fiscal plans for the Debtors.

3. Steve Zelin*: Partner and Head of the Restructuring and Special Solutions Group in the Americas at PJT Partners Inc.: May provide testimony showing (i) the restriction and consummation fees and costs incurred in connection with the various Plan Settlements are fair and reasonable in light of the obligations undertaken and the fees and obligations incurred by the parties thereto and should be approved, (ii) the debt payments proposed to be made pursuant to the Plan and a valuation of liens, as part of proof that the Plan is feasible, (iii) the terms and structure of the Clawback CVIs are fair and reasonable and should be approved, and (iv) the releases, injunctions, and exculpation provided in the Plan are reasonable and appropriate, integral to the Plan, and constitute an essential component of the compromises discussed above and in the Plan, and are not severable from the other provisions of the Plan, and (v) the Plan Settlements were negotiated at arm's–length and in good faith.

4. Christina Pullo: Managing Director at Prime Clerk, LLC: May provide testimony showing (i) which Classes of Claims voted to accept the Plan in accordance with Bankruptcy Code section 1126(c) and as set forth in Bankruptcy Code section 1129(a)(8)(A), (ii) which Impaired Classes of Claims voted to accept the Plan, determined without including any acceptance of the Plan by an insider, in accordance with Bankruptcy Code section 1129(a)(10), and (iii) the procedures employed in soliciting and tabulating votes.

5. Ojas Shah*: Partner at McKinsey & Company: May provide testimony explaining the best interest test analyses in the Disclosure Statement and showing the Plan is in the best interest of the creditors of each of the Debtors.

6. Gaurav Malhotra*: Principal and Head of the U.S. Restructuring Practice at Ernst & Young, LLP: May provide testimony showing (i) that confirmation of the Plan is not

likely to be followed by the need for further financial reorganization, (ii) the financial obligations imposed by the Plan are not inconsistent with the debt sustainability analyses in the 2021 certified fiscal ~~plans~~plan for the ~~Debtors~~Commonwealth, and (iii) the financial impact of preempted Commonwealth statutes, or portions thereof, are inconsistent with PROMESA.

7. Juan Santambrogio*: Managing Director at Ernst & Young, LLP: May provide testimony regarding (i) (a) item 5 (AFSCME Plan Support Agreement) and (b) item 6 (any AMPR plan support agreement) of the Plan Settlements, including showing that they are affordable and consistent with the certified fiscal plans for the Debtors, (ii) the Benefit Restoration, and (iii) the Pension Reserve Trust.

8. Adam Chepenik*: Principal at Ernst & Young, LLP: May provide testimony regarding the Oversight Board's minimum cash balance analysis, including the assumptions made for the Commonwealth's (i) working capital balances and (ii) emergency reserves. Mr. Chepenik may also testify showing the Oversight Board's identification of cash accounts held by the Commonwealth and certain of its instrumentalities (including accounts identified by the Oversight Board as holding restricted funds) and the amount of the funds held in the identified Commonwealth accounts.

9. Sheva Levy*: Principal at Ernst & Young, LLP: May provide testimony showing ~~the financial impact of the treatment of~~(i) the history and funded status of the various pension systems maintained for the employees of the Commonwealth as described in the PROMESA Section 211 report, (ii) a description of the proposed treatment of the claims of the pension systems' beneficiaries ~~set forth in the Plan and the pension freezes and pension discounts required by the Plan~~pursuant to the Plan, and (iii) the savings the Commonwealth is expected to achieve through the proposed pension reform measures.

10. Jay Herriman*: Managing Director at Alvarez & Marsal: May provide testimony showing the reasonableness of the assumptions made with respect to the total amount of Allowed unsecured claims asserted against each of the Debtors, as part of proof that the Plan is in the best interests of the creditors of the Debtors.

11. David Brownstein*: Managing Director, Citigroup, Inc: May provide testimony showing (i) the Oversight Board's efforts in seeking federal tax-exempt status for the New GO Bonds and the CVIs, including, without limitation, the Rum Tax CVIs, to be issued upon consummation of the ~~transactions contemplated by the Plan will allow the Debtors to have access to the capital markets~~Plan and (ii) the benefits that could result to certain classes of claimholders from the inclusion of a taxable election for Puerto Rico investors holding certain types of GO bonds, pursuant to the Plan, allowing them to select to receive taxable New GO Bonds.

12. Witnesses to be identified may testify, if needed, as to the authenticity of certain of the documents the Oversight Board may offer in evidence in connection with the confirmation hearing on the Plan.

* Witnesses identified with an asterisk ("*") were set forth in the *Debtors' Identification of*

*Expert Witnesses* [ECF No. 18044] as witnesses who may ~~also~~ offer ~~opinion~~ testimony pursuant to Fed. R. Civ. P. 26(a)(2)(~~c~~C). The Debtors ~~will provide~~are filing a disclosure for each such witness ~~consistent with that rule at the time disclosures are required under the Court's August 2, 2021 Order Establishing Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith [ECF No. 17640]~~in the *Debtors' Opening Expert Reports and Disclosures*, filed contemporaneously herewith.