Hearing Date: October 6, 2021 at 9:30AM (Atlantic Standard Time)
Objection Deadline: September 21, 2021 at 4:00PM (Atlantic Standard Time)

## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>             Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## DEBTORS' NOTICE OF MOTION *IN LIMINE* IN RESPECT OF EVIDENCE CONCERNING WHETHER THE PROPOSED PLAN OF ADJUSTMENT IS CONSISTENT WITH THE CERTIFIED FISCAL PLAN

**PLEASE TAKE NOTICE** that, upon the accompanying *Debtors' Motion* in Limine *in Respect of Evidence Concerning Whether the Proposed Plan of Adjustment Is Consistent with the Certified Fiscal Plan* (the "Motion *in Limine*"), and exhibits attached thereto, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Puerto Rico Public Buildings Authority ("PBA," and together with the Commonwealth and ERS, the "Debtors") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] will move this Court on **October 6, 2021 at 9:30 AM (AST)** or as soon thereafter as counsel may be heard, before the Honorable Laura Taylor Swain, United States District Judge, United States District Court for the District of Puerto Rico, 150 Carlos Chardón Avenue, Federal Building, San Juan, Puerto Rico, for an order granting relief consistent with the Motion *in Limine*.

 **PLEASE TAKE FURTHER NOTICE** that any objection to the Motion *in Limine* shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the District of Puerto Rico, shall be filed with the Court (a) by attorneys practicing in the District Court, including attorneys admitted *pro hac vice*, electronically in accordance with Rule 5 of the Local Rules for the District of Puerto Rico, and (b) by all other parties in interest, by submitting a hard copy via mail to the Clerk's Office, United States District Court, 150 Carlos Chardón Avenue, Room 150, San Juan, PR 00918, to the extent applicable, and shall be served on the Defendants through their undersigned counsel in accordance with the *Fifteenth Amended Case Management Procedures* ( the "Case Management Procedures") [ECF No. 17127-1], so as to be so filed and received no later than **September 21, 2021 at 4:00 PM (AST)**.  The relief requested may be granted without hearing if no objection is timely filed and served in accordance with the Case Management Procedures.

 **PLEASE TAKE FURTHER NOTICE** that, in accordance with the Court's standing orders, the Case Management Procedures, and the *Order Establishing Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* [ECF No.

---

[2]    PROMESA is codified at 48 U.S.C. §§ 2101–2241.

17640], the Oversight Board has provided notice of this motion, in the form of paper copies thereof sent by first class mail or digital copies sent by email, to (a) all creditors who filed notices of intent to participate in discovery in connection with confirmation proceedings, (b) all creditors who have filed objections to confirmation, (c) all creditors who filed notices of correspondence, and (d) the Master Service List (as defined in the Case Management Procedures), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico.  The Oversight Board submits that, in light of the nature of the relief requested, no other or further notice need be given.

Dated: September 14, 2021
      San Juan, Puerto Rico

Respectfully submitted,

*/s/   Martin J. Bienenstock*
Martin J. Bienenstock
Brian. S. Rosen
Mark D. Harris
(Admission *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

Timothy W. Mungovan
**PROSKAUER ROSE LLP**
One International Place
Boston, MA  02110
Tel: (617) 526-9600

Michael A. Firestein
**PROSKAUER ROSE LLP**
2029 Century Park East
Suite 2400
Los Angeles, CA 90067

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

/s/  *Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

4

**Hearing Date: October 6, 2021 at 9:30AM (Atlantic Standard Time)**
**Objection Deadline: September 21, 2021 at 4:00PM (Atlantic Standard Time)**

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | PROMESA Title III |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY, | (Jointly Administered) |
| Debtors.[1] | |

## DEBTORS' MOTION *IN LIMINE* IN RESPECT OF EVIDENCE CONCERNING WHETHER THE PROPOSED PLAN OF ADJUSTMENT IS CONSISTENT WITH THE CERTIFIED FISCAL PLAN

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA," and together with the Commonwealth and ERS, the "Debtors") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submits this motion *in*

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]   PROMESA is codified at 48 U.S.C. §§ 2101–2241.

*limine* with respect to evidence concerning whether the *Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 17627] (as it may be amended, modified, or supplemented, the "Plan") is consistent with the Commonwealth's certified fiscal plan (the "Fiscal Plan") at the Plan confirmation hearing.[3]

## RELEVANT BACKGROUND

1.      The Oversight Board brings this Motion to alert the Court and parties in interest of an issue of subject-matter jurisdiction pertaining to the confirmation requirement in PROMESA § 314(b)(7).  Below, we explain the issue and request a ruling resolving it.

2.      The Oversight Board, as the sole representative of the Debtors, has the exclusive authority to file a plan of adjustment for the Debtors under Title III of PROMESA.  PROMESA § 312(a).  Pursuant to PROMESA § 104(j),[4] before the Oversight Board can propose a plan of adjustment, it must certify the proposal, but only after it determines in its sole discretion that the proposed plan of adjustment is consistent with the certified fiscal plan.  PROMESA § 314(b)(7)[5]

---

[3] Because there are potentially thousands of parties affected by this motion, the Oversight Board did not meet and confer prior to filing the motion.  The Court's standing order requires prior consultation with affected parties "to the greatest extent feasible," but here conferring with all of the affected parties is not feasible.

[4] PROMESA § 104(j) provides:

    (j) RESTRUCTURING FILINGS.—
    (1) IN GENERAL.—Subject to paragraph (3), before taking
    an action described in paragraph (2) on behalf of a debtor
    or potential debtor in a case under title III, the Oversight
    Board must certify the action.
    (2) ACTIONS DESCRIBED.—The actions referred to in paragraph
    (1) are—
    (A) the filing of a petition; or
    (B) the submission or modification of a plan of adjustment.
    (3) CONDITION FOR PLANS OF ADJUSTMENT.—The Oversight
    Board may certify a plan of adjustment only if it determines,
    in its sole discretion, that it is consistent with the applicable
    certified Fiscal Plan.

[5] PROMESA § 314(b)(7) provides:

    (b) CONFIRMATION.—The court shall confirm the plan if—
    (7) the plan is consistent with the applicable Fiscal Plan certified by the Oversight Board under title II.

2

requires the Court to confirm the plan of adjustment if it is consistent with the applicable certified fiscal plan.  In turn, PROMESA § 106(e) provides:  "There shall be no jurisdiction . . . to review challenges to the Oversight Board's certification determinations under [PROMESA]."

3.      Therefore, the question is whether, at the confirmation hearing, evidence that the plan of adjustment is consistent with the certified fiscal plan can include anything other than the Oversight Board's certification of the plan of adjustment under PROMESA § 104(j).  Otherwise, the Court would be overseeing a challenge to the Oversight Board's certification.  Conversely, some parties in interest may argue the determination of the Oversight Board that the plan of adjustment is consistent with the certified fiscal plan is outside of the certification, even though the statute provides the determination is in the Oversight Board's "sole discretion" and renders it integral to the certification.

4.      In July 2021, the Oversight Board proposed the Plan to adjust the Debtors' debts.  ECF No. 17627.  Before filing the Plan with the Court, the Oversight Board certified that the Plan is consistent with the Fiscal Plan.  *See Resolution Adopted on July 30, 2021 (Certifying Submission of Seventh Amended Plan of Adjustment for the Commonwealth, ERS, and PBA)* (the "Certification"), attached as Exhibit B.

5.      This Court has scheduled the confirmation hearing with respect to the Plan to start on November 8, 2021.  *See* ECF No. 17640.  By this motion, the Oversight Board requests that the Court rule it lacks subject-matter jurisdiction over challenges to the Oversight Board's Certification, but that the Court allow all parties in interest having standing to proffer evidence on the consistency of the plan of adjustment with the certified fiscal plan, so that the Court can make its own findings on the topic to cover the contingency that an appellate court may determine the subject-matter jurisdiction issue differently.

3

## JURISDICTION AND VENUE

6.     The Court has subject-matter jurisdiction over this motion being filed in the Title III case pursuant to PROMESA § 306(a)(1).

7.     Venue is appropriate in this District under PROMESA §§ 106(a) and 307, and 28 U.S.C. § 1391.

## RELIEF REQUESTED

8.     The Oversight Board hereby requests entry of an order pursuant to § 106(e) of PROMESA and Federal Rules of Evidence 401 and 402 determining there is no subject-matter jurisdiction to consider challenges to the Certification, but that parties in interest with standing may proffer evidence concerning the Plan's consistency with the Fiscal Plan, each as subsequently amended, to provide a complete record for any reviewing court.

## ARGUMENT

9.     PROMESA § 314(b) provides the Title III court shall confirm a plan of adjustment if it satisfies certain criteria.  Pertinent to this motion, a plan of adjustment must be "consistent with the applicable Fiscal Plan certified by the Oversight Board under title II."  PROMESA § 314(b)(7).

10.     The Oversight Board has already determined the Plan is consistent with the Commonwealth's certified Fiscal Plan.  *See* Exhibit B.  Under PROMESA § 104(j), the Oversight Board "must certify" a plan of adjustment prior to its submission.  The Oversight Board "may certify a plan of adjustment only if it determines, in its sole discretion, that it is consistent with the applicable certified Fiscal Plan."  PROMESA § 104(j)(3).  In accordance with § 104(j), the Oversight Board certified that the Plan is consistent with the Fiscal Plan, and it will continue to issue such certifications with respect to any modifications to the Plan or the Fiscal Plan through

4

confirmation so long as it determines, in its sole discretion, the consistency requirement is satisfied. *See* Plan art. 85.1(a).

11.    PROMESA expressly divests the Title III court of jurisdiction to review certification determinations by the Oversight Board.  PROMESA § 106(e); *Union de Trabajadores de la Industria Electrica y Riego v. Fin. Oversight & Mgmt. Bd. for P.R. (In re Fin. Oversight & Mgmt. Bd. for P.R.)*, 7 F.4th 31, 40 (1st Cir. 2021) ("PROMESA insulates FOMB's certification determinations from judicial review in the federal courts."); *Mendez-Nunez v. Fin. Oversight & Mgmt. Bd. for P.R. (In re Fin. Oversight & Mgmt. Bd. for P.R.)*, 916 F.3d 98, 112 (1st Cir. 2019) ("Section 106(e) is an exception to PROMESA's general grant of jurisdiction at § 106(a)" that "insulates [] certification decisions from judicial review").  Accordingly, under the plain terms of § 106(e), this Court is without subject-matter jurisdiction to review the Oversight Board's certification that the Plan is consistent with the certified Fiscal Plan.  Instead, at confirmation, the only admissible evidence on the issue should be the Oversight Board's determination and Certification that the Plan is consistent with the Fiscal Plan.

12.    That conclusion is buttressed by PROMESA § 104(j), which grants the Board the "sole discretion" to determine whether a plan of adjustment is consistent with a certified Fiscal Plan. *Cf. Autonomous Mun. of San Juan v. Fin. Oversight & Mgmt. Bd. for P.R.*, 419 F. Supp. 3d 293, 301 (D.P.R. 2019) (holding that the Court lacked authority to review a decision entrusted to the Board's "sole discretion").  Moreover, citing PROMESA § 314(b)(7), this Court has explained that the Board plays a "central, discretionary role" in the debt adjustment process. *Ambac Assurance Corp. v. Commonwealth of P.R.*, 297 F. Supp. 269, 283–84 (D.P.R. 2018) (dismissing claims under PROMESA § 106(e) "to the extent they, implicitly or explicitly, s[ought] invalidation of the certification of the Fiscal Plan").  The clear import of that statement is that the

5

Board—not the Court—must make the determination required by PROMESA § 314(b)(7) that a plan of adjustment is consistent with a certified Fiscal Plan.

13.     It would also make no practical sense for the Court, rather than the Oversight Board, to determine whether the Plan is consistent with the Fiscal Plan.  Even if the Court were to find an inconsistency between the Plan and the Fiscal Plan, the Oversight Board could simply amend the Fiscal Plan to eliminate the inconsistency.  That strongly suggests Congress intended for the Oversight Board to have the final say on whether the Plan is consistent with the Fiscal Plan. Granting the Court the authority to make that determination would have dubious utility.

14.     If the Court lacks subject-matter jurisdiction, evidence on consistency would be irrelevant to confirmation as a matter of law.  *See* Fed. R. Evid. 401(b) (evidence only relevant where it bears on a fact "of consequence in determining the action"); Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").

15.     To avoid the situation in which consistency evidence is excluded and an appellate court subsequently rules the Court had subject-matter jurisdiction to consider the consistency issue beyond the Certification, the Oversight Board requests that parties in interest be allowed to proffer evidence on the consistency issue to avoid the need for a potential remand due to that issue. Additionally, the Court may also consider that evidence in the context of its feasibility determinations.

## NOTICE

16.     In accordance with the Court's standing orders, the *Fifteenth Amended Case Management Procedures* ( the "Case Management Procedures") [ECF No. 17127-1], and the *Order Establishing Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* [ECF No. 17640], the Oversight Board has provided notice of this motion, in the form of paper copies thereof sent by first class mail or digital copies sent by

6

email, to (a) all creditors who filed notices of intent to participate in discovery in connection with confirmation proceedings, (b) all creditors who have filed objections to confirmation, (c) all creditors who filed notices of correspondence, and (d) the Master Service List (as defined in the Case Management Procedures), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico.  The Oversight Board submits that, in light of the nature of the relief requested, no other or further notice need be given.

## <u>CONCLUSION</u>

17.     WHEREFORE, the Oversight Board respectfully requests that the relief sought herein be granted in the annexed proposed order and the Court grant the Oversight Board such other and further relief as is just.

*[Remainder of Page Intentionally Left Blank]*

Dated: September 14, 2021
      San Juan, Puerto Rico

Respectfully submitted,

*/s/  Martin J. Bienenstock*

Martin J. Bienenstock
Brian. S. Rosen
Mark D. Harris
(Admission *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

Timothy W. Mungovan
**PROSKAUER ROSE LLP**
One International Place
Boston, MA  02110
Tel: (617) 526-9600

Michael A. Firestein
**PROSKAUER ROSE LLP**
2029 Century Park East
Suite 2400
Los Angeles, CA 90067

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

*/s/  Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case, and further caused notice to be delivered as described in the motion.

/s/ *Hermann D. Bauer*
Hermann D. Bauer

9