UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>The Financial Oversight and Management Board for Puerto Rico,<br><br>    as representative of<br><br>The Commonwealth of Puerto Rico, *et al.*<br><br>Debtors. | PROMESA<br><br>Title III<br><br>No. 17-BK 3283-LTS |

### RESPONSE TO DEBTOR'S OMNIBUS OBJECTION TO CLAIMS

TO THE HONORABLE COURT:

COMES NOW Grisell Cuevas-Rodríguez (hereinafter "Ms. Cuevas" or the "Plaintiff") through the undersigned attorney, and very respectfully STATES and PRAYS as follows:

### I. INTRODUCTION

1. On June 6th, 2018, Ms. Cuevas filed a *Motion for Relief from Automatic Stay* pursuant to §362(d)(1) of the Bankruptcy Code applicable to the present case through section 301 (a) of Title III of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"). [**Docket No. 3268**].

2. On June 20th, 2018, the Commonwealth of Puerto Rico opposed to the *Motion for Relief from Automatic Stay*. [**Docket No. 3329**]. Subsequently, on June 27th, 2018, Ms. Cuevas replied. [**Docket No. 3356**].

3. On July 5, 2018, this Honorable Court denied Plaintiff's *Motion for Relief from Automatic Stay*. [**Docket No. 3434**]. In its Order, the Court stated that Plaintiff's

"unsecured claims for monetary relief can instead be liquidated and addressed through the claims process, including jury proceedings in this Court if necessary." [**Docket No. 3434 at page 7**].

4. Thereafter, on July 6th, 2018, Ms. Cuevas informed the Court that she had filed a Proof of Claim on that same date. [**Docket No. 3449**].

5. More than three (3) years after Ms. Cuevas filed her Proof of Claim, on August 20th, 2021, among other debtors, the Commonwealth of Puerto Rico filed a motion titled *Three Hundred Seventy-Fourth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, Puerto Rico Sales Tax Financing Authority, Puerto Rico Highways and Transportation Authority, Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and Puerto Rico Public Buildings Authority to Late-Filed Claims* (hereinafter, "Three Hundred Seventy-Fourth Omnibus Objection") wherein it seeks to disallow claims that were supposedly not timely filed, including Plaintiff's claim No. 62507. [**Docket No. 17923**].

6. The Commonwealth argues that supposedly Plaintiff's Proof of Claim "was not timely filed, as claimant filed the claim after the applicable deadline set by the Bar Date Orders." [**Docket No. 17923-1 at page 30, No. 188**]. The deadline for filing proofs of claim was June 29th, 2018 at 4:00 p.m. (the "Extended Bar Date"). [**Docket No. 3160**].

7. However, contrary to the Commonwealth's assertion, as discussed in more detail herein below, Plaintiff's Proof of Claim was timely filed given that Plaintiff's

2

*Motion for Relief from Automatic Stay* and the reply filed in support therein constitute an informal proof of claim that provided adequate notice of the existence, nature, and amount of the claim as well as her intent to hold the Commonwealth liable.

8. The filing of the Proof of Claim merely one (1) day after this Court denied Plaintiff's *Motion for Relief from Automatic Stay*[1] amended the informal proof of claim but it relates back to the previously filed informal claim and must be given retroactive effect to the date of the timely filed informal proof of claim, which is June 6th, 2018 well before the Extended Bar Date.

9. Thus, Plaintiff's Proof of Claim was timely filed and the Commonwealth's Three Hundred Seventy-Fourth Omnibus Objection must be denied as it relates to Plaintiff's claim.

## II. DISCUSSION

### a. MS. CUEVAS FILED A TIMELY "INFORMAL" PROOF OF CLAIM

10. The Bankruptcy Rules define a proof of claim as "a written statement setting forth a creditor's claim." Fed. R. Bankr. P. 3001. A creditor (or the debtor on the

---

[1] The filing of a Proof of Claim before this Court adjudged Plaintiff's *Motion for Relief from Automatic Stay* could have been construed as a waiver of her right to a jury trial. *See Katchen v. Landry*, 382 U.S. 323 (1966); *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989); and *Langenkamp v. Culp*, 498 U.S. 42 (1990). In its Order, however, the Court ruled that Plaintiff's "unsecured claims for monetary relief can instead be liquidated and addressed through the claims process, including jury proceedings in this Court if necessary." [**Docket No. 3434 at page 7**]. Thus, Plaintiff effectively preserved her right to a jury trial. Plaintiff's constitutional right to a jury trial could have not been preserved by reserving her right in her proof of claim in order to avoid the effects of *Langenkamp* and *Granfinanciera*. *Schmidt v. AAF Players LLC* (*In re Legendary Field Exhibitions LLC*), No. 19-05053 (Bankr. W.D. Tex. Jan. 10, 2020). At any rate, Plaintiff timely filed her Proof of Claim under the informal proof of claim doctrine.

creditor's behalf) must file a proof of claim to participate in the distribution of the debtor's bankruptcy estate to unsecured creditors in a chapter 7, 12 or 13 case. Fed. R. Bankr. P. 3002. In a chapter $9^2$ or 11 case, the creditor must file a proof of claim if its claim is listed as disputed, contingent, or unliquidated in the debtor's schedules. Fed. R. Bankr. P. 3003. The time during which a creditor must file is determined by the type of bankruptcy proceeding chosen by the debtor. Generally, creditors must file a proof of claim no later than 90 days after the first meeting of creditors in a chapter 7, 12 or 13 case, Fed. R. Bank. P. 3002(c), and within the time fixed by a court's local rules in a chapter 9 or 11 case, Fed. R. Bankr. P. 3003(c)(3).

11. In the case at hand, the *Motion for Relief from Automatic Stay* which Plaintiff filed on June 6th, 2018, well before the Extended Bar Date, constituted an informal proof of claim which was subsequently amended by the Proof of Claim. That amendment relates back to the previously filed informal claim and must be given retroactive effect to the date of the timely filed informal proof of claim, which is June 6th, 2018 well before the Extended Bar Date.

12. The informal proof of claim doctrine is an equitable doctrine that rescues creditors from untimeliness and permits bankruptcy courts to treat a creditor's late formal claim as an amendment to a timely informal claim. *In re Belser*, 534 BR 228, 238 (B.A.P. 1st Cir. 2015) (citing *In re Soares,* 380 B.R. 109, 115 (Bankr.D.Mass.2007) ("Courts . . . have recognized the informal proof of claim as

---

[2] PROMESA establishes a voluntary, in-court, debt restructuring mechanism which is modeled on debt reorganization principles for municipalities set forth in Chapter 9 of the Bankruptcy Code. Guadalupe-Baez v. Pesquera, 269 F. Supp. 3d 1, 2 (D.P.R. 2017).

4

an equitable doctrine to ease strict enforcement of the claims bar date.") (citation omitted); *see also In re MarchFIRST, Inc.,* 573 F.3d 414, 418 (7th Cir.2009); *In re Thornlimb,* 37 B.R. 874, 875 (Bankr. D.R.I.1984). The informal proof of claim doctrine is a well-established judicial principle dating back to the time of the Bankruptcy Act. *See Freedom Hutchinson v. Otis, Wilcox & Co.,* 190 U.S. 552, 555, 23 S.Ct. 778 (1903). Courts have long recognized the concept of informal proofs of claim where a creditor evidences intent to state a claim against an estate, but where the filings fail to conform to the technical requirements of a proof of claim. *See In re M.J Waterman & Assoc.*, 227 F.3d 604, 608 (6th Cir. 2001); *In re Operation Open City, Inc.*, 148 B.R. 184, 189 n. 5 (Bankr. S.D.N.Y. 1992) (noting that courts in the Second Circuit have recognized the concept of informal proofs of claims).

13. The doctrine is intended to "alleviate problems with form over substance" where a creditor has "failed to adhere to the strict formalities of the Bankruptcy Code," but has made filings that "put [ ] all parties on sufficient notice that a claim is asserted by a particular creditor." *Belser*, 534 BR at 238 (citing *PCFS Fin. v. Spragin (In re Nowak)*, 586 F.3d 450, 455 (6th Cir.2009)). More specifically, this doctrine is designed "to alleviate the problems of form over substance by averting the potentially devastating effects the failure to formally comply with the Bankruptcy Rules may cause, when practically speaking a creditor's pleading(s) put all the parties in interest on sufficient and timely notice that a claim was being asserted." *In re Bargdill*, 238 B.R. 711, 717 (Bankr. N.D. Ohio 1999).

14. In the usual context, when a creditor has failed to file a formal proof of claim within the time period set by the court, the creditor will invoke the informal proof of claim doctrine by pointing to a document that meets the requirements for an informal proof of claim, and contending that the late-filed formal proof of claim should be deemed an amendment to the informal proof of claim. *Belser*, 534 BR at 238 (citing *In re Gomes*, 525 B.R. 862 (Bankr.D.Mass.2015)). Under this doctrine, courts apply "the so-called rule of liberality in amendments to creditors' proofs of claim so that the formal claim relates back to a previously filed informal claim." *Belser*, 534 BR at 238 (citing *Pac. Resource Credit Union v. Fish (In re Fish),* 456 B.R. 413, 417 (B.A.P. 9th Cir.2011)). That is, the formal amended claim will be given "retroactive effect to the date of the timely filed informal proof of claim." *Bargdill* at 717.

15. Although the First Circuit acknowledges the doctrine of informal proofs of claim,[3] it has never clearly articulated the criteria for determining whether a document may be considered an informal proof of claim. *Belser*, 534 BR at 238.

16. In *Soares*, the U.S. Bankruptcy Court for the District of Massachusetts set forth the following standard for determining whether a document should be deemed an informal proof of claim. To be an informal proof of claim a document must *(1)* have

---

[3] *See, e.g., La Electronica, Inc. v. Capo-Roman (In re La Electronica),* 995 F.2d 320, 323 n. 4 (1st Cir.1993) (stating that disallowance of § 503(a) request for payment of administrative expense does not "foreclose its reconsideration as a timely informal proof of unsecured claim."); *Giles World Mktg., Inc. v. Boekamp Mfg., Inc.,* 787 F.2d 746 (1st Cir. 1986) (appeal of order allowing creditor to perfect an informal proof of claim after plan confirmation); *Liakas v. Creditors' Comm. of Deja Vu, Inc.,* 780 F.2d 176, 178 (1st Cir.1986) (considering whether creditor's conversations with counsel for creditors' committee constituted timely informal proof of claim); *Ragan v. Forbes (In re Ragan),* 2 F.2d 785, 786 (1st Cir.1924).

been timely filed with the bankruptcy court and become part of the record, *(2)* state the existence and nature of the debt, *(3)* state the amount of the claim, and *(4)* evidence the creditor's intent to hold the debtor liable. 380 B.R. at 115 (citation omitted) (internal quotation marks omitted). *See also In re Enron Corp.*, 370 B.R. 90, 99 (Bankr. S.D.N.Y. 2007); *Houbigant, Inc. v. ACB Mercantile, Inc. (In re Houbigant, Inc.)*, 190 B.R. 185, 187 (Bankr. S.D.N.Y. 1995).

17. In the case at hand, Plaintiff's *Motion for Relief from Automatic Stay*: *(1)* was timely filed on June 6th, 2018 before the Extended Bar Date (Docket No. 3268); *(2)* stated the existence and nature of the debt even specifying the statutes under which she brought suit; *(3)* stated that amount claimed; and *(4)* clearly Plaintiff evidenced her intent to hold the Commonwealth of Puerto Rico liable. Specifically, as to the last prong, among others, Plaintiff asserted that: "[t]he resolution of this legal controversy is indispensable to make Plaintiff whole for all the damages that she has suffered as a direct consequence of the discriminatory and retaliatory acts that she has been subjected to during her tenure at the Puerto Rico Police Department;" she "has a constitutional right to have her case tried before a jury;" and "the relief will resolve the issues between her and the Defendants." Furthermore, Plaintiff requested this Court "to allow the United States District Court for the District of Puerto Rico to adjudicate her claims in the case of *Cuevas-Rodriguez v. Soto-Lopez*, Civil No. 17-2249 (GAG)(SCC)." Naturally, by means of the *Motion for Relief from Automatic Stay* Plaintiff precisely sought to hold the Commonwealth liable by

7

lifting the automatic stay. That was the purpose of having requested the lift of the automatic stay.

18. Additionally, in Plaintiff's reply to the Commonwealth's opposition to the *Motion for Relief from Automatic Stay*, which was also filed prior to the Extended Bar Date, Ms. Cuevas reiterated that the automatic stay should be lifted in order to be "able to redress her grievances, the automatic stay must be lifted. The enforcement of the PROMESA stay will cause irreparable harm to Ms. Cuevas; will adversely affect her ability to adequately present her case; and will place her claims in an indefinite state of legal uncertainty. Plaintiff's statutory and constitutional rights outweighs any detriment that the Commonwealth could suffer, if any, if the stay is lifted to address Plaintiff's claims. The resolution of this legal controversy is indispensable to make Plaintiff whole for all the damages that she has and is suffering as a direct consequence of the discriminatory and retaliatory acts that she has been subjected to during her tenure at the Puerto Rico Police Department." [**Docket No. 3356**].

19. "A creditor can manifest its intention to hold a debtor liable in many ways, and the particular facts of the case will determine whether such a de facto claim has been made." *Belser*, 534 BR at 241 (quoting *In re Harper,* 138 B.R. 229, 248 ([Bankr. N.D. Ind. 1991) (quoting *Wilkens v. Simon Bros., Inc.,* 731 F.2d 462, 465 (7th Cir.1984) (internal quotation marks omitted))). In her, *Motion for Relief from Automatic Stay*, Plaintiff clearly and unambiguously manifested her intention to hold the Commonwealth liable.

20. Moreover, at any rate, "many courts have made clear that the test is not to be applied 'formalistically.'" *Belser*, 534 BR at 241 (citing *Diversified Pac. Opportunity Fund I, LLC v. Cisneros (In re Riley)*, No. EDCV 12-01288 DMG, 2013 WL 4854485, at *3 (C.D.Cal. May 7, 2013)). "The primary theme in all these cases is notice" and "[t]he salient issue is whether or not a creditor is seeking to introduce a new claim in disguise." *Id*. As the U.S. Bankruptcy Court for the District of Rhode Island stated in *In re Thornlimb*,: "[t]he single exception to what most courts . . . view as an absolute statute of limitations [for filing proofs of claim], is where some informal proof of claim manifests on the 'judicial record' the existence, nature, and amount of the claim, which may thereafter be 'amended' by a formal proof of claim." 37 B.R. at 875 (citation omitted).

21. On this subject, the First Circuit has held that "in order to 'fairly alert' the debtor estate, a POC [proof of claim] need only 'provide[] adequate notice of the existence, nature, and amount of the claim as well as the creditor's intent to hold the estate liable.'" *Gens v. Resolution Trust Corp.,* 112 F.3d 569, 575 (1st Cir.1997) (citing *Unioil, Inc. v. H.E. Elledge (In re Unioil, Inc.)*, 962 F.2d 988, 992 (10th Cir.1992)).

22. Plaintiff undoubtedly notified the Commonwealth of the existence, nature, and amount of her claim, and is not trying to introduce a new claim in disguise. Thus, her claim must be allowed as timely.

23. In fact, a motion to lift the stay may be considered an informal proof of claim where the motion sufficiently states "an explicit demand showing the nature and amount of the claim against the estate and evidences an intent to hold the debtor liable." *In*

*re Pizza of Hawaii, Inc.*, 761 F.2d 1374, 1382 (9th Cir. 1985) (citing *In re Sambo's Restaurants, Inc.*, 754 F.2d 811, 816 (9th Cir.1985)); *see also In re Charter Co.*, 876 F.2d 861, 863-64 (11th Cir.1989) (holding that a motion for relief from the automatic bankruptcy stay to pursue a tort claim constitutes an informal proof of claim where the motion demonstrated a clear intent to hold the debtor liable.).

24. Again, Plaintiff's *Motion for Relief from Automatic Stay* and her reply in support therein provided adequate notice of the existence, nature, and amount of the claim as well as her intent to hold the Commonwealth liable and, thus, constituted an informal proof of claim which was later amended by the formal proof of claim. It is well established in the First Circuit that amendments to proofs of claim are freely allowed. *In re Alonso,* 525 B.R. 195, 204 (Bankr.D.P.R.2015).

25. Therefore, in view of the above, contrary to the Commonwealth's assertion, Plaintiff's claim was timely filed pursuant to the informal proof of claim doctrine. The filing of the Proof of Claim merely one (1) day after this Court denied Plaintiff's *Motion for Relief from Automatic Stay* "relates back to a previously filed informal claim." *Belser*, 534 BR at 238. That is, the Proof of Claim filed on July 6th, 2018 will be given "retroactive effect to the date of the timely filed informal proof of claim," which is June 6th, 2018 well before the Extended Bar Date. *See Bargdill* at 717.

26. The disallowance and expungement of Plaintiff's claim will cause irreparable harm to Ms. Cuevas and will place her claims in a state of legal uncertainty. Plaintiff's statutory and constitutional rights outweighs any detriment that the Commonwealth

could suffer, if any, if her claim is allowed. The resolution Plaintiff's claim is indispensable to make her whole for all the damages that she has suffered as a direct consequence of the discriminatory and retaliatory acts that she has been subjected to during her tenure at the Puerto Rico Police Department. By contrast, the Commonwealth will not be prejudiced since it was provided adequate notice of the existence, nature, and amount of Plaintiff's claim as well as her intent to hold it liable, and the amended Proof of Claim was filed just three (3) business days after the Extended Bar Date which will not have any impact on the judicial proceedings.

### III. CONCLUSION

27. In view of the above, the Commonwealth's Three Hundred Seventy-Fourth Omnibus Objection must be denied as it relates to Plaintiff's claim, since the same was timely filed under the informal proof of claim doctrine.

28. Plaintiff's Proof of Claim was timely filed given that the *Motion for Relief from Automatic Stay* and the reply filed in support therein constitute an informal proof of claim that provided adequate notice of the existence, nature, and amount of the claim as well as her intent to hold the Commonwealth liable.

29. The filing of the Proof of Claim merely one (1) day after this Court denied Plaintiff's *Motion for Relief from Automatic Stay* amended the informal proof of claim but it relates back to the previously filed informal claim and must be given retroactive effect to the date of the timely filed informal proof of claim, which is June 6th =, 2018 well before the Extended Bar Date.

11

## IV. **CONCLUSION**

WHEREFORE, Plaintiff respectfully requests this Honorable Court to deny the Commonwealth's Three Hundred Seventy-Fourth Omnibus Objection as it relates to Plaintiff's claim No. 62507.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 15th day of September, 2021

.

I HEREBY CERTIFY that on this day, a true and exact copy of this document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

| | |
|---|---|
| P.O. Box 195343 | Citibank Towers, Suite 500 |
| San Juan, Puerto Rico | 252 Ponce de León Avenue |
| 00919-5343 | San Juan, Puerto Rico 00918 |

Tel. (787) 758-1400
Fax: (787) 758-1414

www.laborcounsels.com
pico@laborcounsels.com

S/ JAIME E. PICÓ-RODRÍGUEZ
Attorney for Grisell Cuevas-Rodríguez
USDCPR # 228113