UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO <u>et al</u>.<br><br>　　Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>　　Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS |

MEMORANDUM OPINION REGARDING OMNIBUS MOTION OF PUERTO RICO ELECTRIC POWER AUTHORITY FOR ENTRY OF AN ORDER (A) APPROVING PREPA TO REJECT CERTAIN POWER PURCHASE AND OPERATING AGREEMENTS, AND (B) GRANTING RELATED RELIEF

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Before the Court is the *Omnibus Motion of Puerto Rico Electric Power Authority for Entry of an Order (A) Approving PREPA to Reject Certain Power Purchase and Operating Agreements, and (B) Granting Related Relief* (Docket Entry No. 15178 in Case No. 17-3283 and Docket Entry No. 2296 in Case No. 17-4780, the "Motion").[2] The Motion, filed by the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") as representative of the Puerto Rico Electric Power Authority ("PREPA" or the "Debtor"), requests entry of an order rejecting two agreements (the "Contracts") pursuant to Section 365(a) of the Bankruptcy Code, 11 U.S.C. § 365(a).[3]

The Court has subject matter jurisdiction of this contested matter pursuant to 48 U.S.C. § 2166(a). The Court heard oral argument on the Motion on April 28, 2021. Having considered carefully all of the submissions and arguments made in connection with the Motion, the Court grants the Motion for the following reasons.

Section 365(a) of the Bankruptcy Code provides the Oversight Board with authority to reject burdensome executory contracts with Court approval. Section 365(a) thereby "advances one of the core purposes of the Bankruptcy Code: to give worthy debtors a fresh start." Eagle Ins. Co. v. BankVest Capital Corp. (In re BankVest Capital Corp.), 360 F.3d 291, 296 (1st Cir. 2004) (citations and quotation marks omitted). Although the Bankruptcy Code does not prescribe a standard applicable to a court's review of a motion under Section 365(a), courts typically apply a deferential business judgment standard. Mission Prod. Holdings, Inc. v.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

[3] The sections of the Bankruptcy Code cited in this Memorandum Opinion and Order are made applicable in the above-captioned cases by Section 301(a) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. § 2161(a).

Tempnology, LLC (In re Tempnology, LLC), 879 F.3d 389, 394 (1st Cir. 2018), rev'd and remanded on other grounds, 139 S. Ct. 1652 (2019). Such a motion "should be considered a summary proceeding, intended to efficiently review the trustee's or debtor's decision to adhere to or reject a particular contract in the course of the swift administration of the bankruptcy estate. It is not the time or place for prolonged discovery or a lengthy trial with disputed issues." In re Vent Alarm Corp., No. 15-09316-MCF11, 2016 WL 1599599, at *3 (Bankr. D.P.R. Apr. 18, 2016).

The counterparties to two of the Contracts, M Solar Generating, LLC and YFN Yabucoa Solar, LLC (the "Objecting Parties"), filed objections to the Motion.[4] The bases for the objections can be grouped into three categories, and the Court will address each in turn.

First, the Objecting Parties dispute whether the Contracts may be rejected without prior approval of the Puerto Rico Energy Bureau ("PREB"). The Objecting Parties cite various local statutes governing PREB's role in negotiating, reviewing, and approving power purchase agreements as part of the contract formation process. (See M Solar Opposition p. 2; YFN Yabucoa Opposition p. 5.) However, the Objecting Parties cite no authority requiring PREPA to obtain PREB approval prior to termination or rejection of a contract. The statutes cited by the Objecting Parties pertain to contract disputes and the initiation of power contracts rather than the exercise of a rejection power conferred by a federal statute. To the contrary, section 365(a) of

---

[4] The Court previously granted in part the Motion as to the Unopposed Windmar Renewable Energy, Inc. and Windmar Renewable Energy, LLC ("Windmar") PPOAs listed on Exhibit B annexed to the Certificate of No Objection Regarding PREPA's Omnibus Motion for Order (A) Approving PREPA's Rejection of Certain Power Purchase and Operating Agreements, and (B) Granting Related Relief. (Docket Entry No. 15313 in Case No. 17-3283 and Docket Entry No. 2318 in Case No. 17-4780). The portion of the Motion concerningt the operational power purchase and operating agreements with Windmar is adjourned.

the Bankruptcy Code, as made applicable in this Title III case by section 301(a) and 301(b)(7) of PROMESA, 48 U.S.C. § 2161, provides the Oversight Board with authority to reject burdensome executory contracts with Court approval. Accordingly, none of the statutes cited constrains the Debtor's rejection authority or this Court's power to adjudicate PREPA's application under Section 365.

Second, the Objecting Parties contend that PREPA has not met the standard applicable to rejection of executory contracts, that PREPA's decision to reject the contracts is arbitrary, and that PREPA's market price benchmark for supply of renewable energy is unreasonably low.

The Court has previously determined that business judgment, rather than a "balancing of the equities," is the standard applicable to a motion to assume or reject a PPOA. See In re Fin. Oversight & Mgmt. Bd. for Puerto Rico, 618 B.R. 349, 360–61 (D.P.R. 2020). To meet that standard, "a debtor must simply put forth a showing that assumption or rejection of the executory contract or unexpired lease will benefit the Debtor's estate." Id. "A court will generally not second-guess a debtor's business judgment regarding whether the assumption or rejection of a contract will benefit the debtor's estate." In re Genco Shipping & Trading Ltd., 509 B.R. 455, 463 (Bankr. S.D.N.Y. 2014). Significantly, the "scope of [a court's] inquiry regarding the business judgment standard . . . does not include an evaluation of whether the Debtors made the best or even a good business decision but merely that the decision was made in an exercise of the Debtors' business judgment." In re Old Carco LLC, 406 B.R. 180, 196 (Bankr. S.D.N.Y. 2009); see also In re Trans World Airlines, Inc., 261 B.R. 103, 121 (Bankr. D. Del. 2001) ("A debtor's decision to reject an executory contract must be summarily affirmed

unless it is the product of 'bad faith, or whim or caprice.'") (quoting In re Wheeling–Pittsburgh Steel Corp., 72 B.R. 845, 849-50 (Bankr. W.D. Pa. 1987)).

Here, the Oversight Board has met its burden of demonstrating that rejection of the Contracts is a reasoned exercise of PREPA's business judgment and not the product of bad faith, whim, or caprice. As demonstrated by the *Declaration of Fernando M. Padilla in Support of Omnibus Motion of Puerto Rico Electric Power Authority for Entry of an Order (a) Approving PREPA's Rejection of Certain Power Purchase and Operating Agreements, and (b) Granting Related Relief*, PREPA has determined that the projects contemplated by the Contracts offer unfavorable terms and high prices in comparison to the terms and pricing that PREPA is able to obtain by other means. (Docket Entry No. 15179 in Case No. 17-3283 and Docket Entry No. 2301 in Case No. 17-4780, the "Padilla Declaration"). PREPA has therefore concluded that the Contracts are burdensome and should be rejected. None of these basic facts is controverted. The Court finds, based on this record, that PREPA's decision to reject the Contracts was the product of, and falls within the exercise of, reasoned business judgment.

Third, the Objecting Parties contend (i) that PREPA's rejection of the Rejected PPOAs would complicate PREPA's ability to meet its long-term renewable energy targets, (ii) because PREPA's market price is unreasonably low, parties to the Rejected PPOAs are unable to finance the projects adequately, and (iii) that PREPA's market price and negotiation positions are based upon inadequate market research. These objections, which concern the Commonwealth's environmental and energy public policy, are outside the scope of the issues properly considered in evaluating this Motion to reject specific executory contracts. PROMESA affords substantial deference to, and prohibits this Court's interference with, the political and governmental decisions made by the Title III Debtors.

For the foregoing reasons, the Court will enter a separate order granting the Motion.

Dated: September 16, 2021

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge