# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO,
*et al.*,

    Debtors.[1]

---------------------------------------------------------------x

PROMESA
Title III

Case No. 17 BK 3283-LTS

(Jointly Administered)

## RESPONSE BY INTERNATIONAL UNION, UAW
## TO 362nd OMNIBUS CLAIMS OBJECTION

International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW) ("International Union, UAW" or the "UAW") responds as follows to the August 20, 2021 *Three Hundred Sixty-Second Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

9740124.5

*Misclassified Claims* ("Omnibus Objection") [Docket Entry #17927].[2]

1. The Omnibus Objection asserts that the claims listed in Exhibit A thereto, including UAW's Amended Proof of Claim (Proof of Claim No. 130169), are not entitled to administrative expense priority under 11 U.S.C. §503(b)(9), and also asserts that those claims are not entitled to any "administrative expense priority and should appropriately be classified as general unsecured claims." Omnibus Objection ¶13. UAW's Amended Proof of Claim did not contend that the asserted claims have a right to administrative expense priority under 11 U.S.C. §503(b)(9), which applies to creditors who sold goods to the debtor within 20 days of the petition date. The UAW did not sell any goods to the Title III Debtors. Rather, the UAW Amended Proof of Claim asserts claims for Resolved Grievances (claims that were required to be filed by the General Bar Date as explained below) and also states, first, that its claim for administrative expense priority is "Undetermined," and, second, that the Resolved Grievance claims listed in the proof of claim are entitled to "priority to the fullest permitted by law." UAW Amended Proof of Claim, attachment, ¶5. The UAW's Amended Proof of Claim should not be classified as a general unsecured claim, for the reasons stated herein, but instead should be granted administrative expense priority.

2. This Court established a General Bar Date of June 29, 2018 with its *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* ("Bar Date Order) [Docket Entry #2521]. The Court subsequently extended the General Bar Date to June 29, 2018 [Docket Entry #3160]. The Bar

---

[2] International Union, UAW and its local union chapters are collective bargaining representatives of approximately 5,000 persons employed by the Commonwealth or its instrumentalities. The two largest UAW collective bargaining units are UAW Local 2396, which represents public school cafeteria workers, and UAW Local 2373, which represents employees of the Commonwealth's Treasury Department.

Date Order also established a "Rejection Bar Date… on the date that is the later of (i) the General Bar Date and (ii) the first business day that is thirty-five (35) calendar days after the entry of an order by the Court authorizing such rejection of an executory contract or unexpired lease for the filing of proofs of claim relating to any such contract or lease …." Docket Entry 2521, at ¶3(b) (emphasis omitted)

3. The Bar Date Order also provided at its Paragraph 5 that:

[t]he following persons and entities are permitted and authorized, but are not required, to file Master Proofs of Claim; provided, however, that individual holders of any claim for which a Master Proof of Claim may be filed shall not be precluded from filing a proof of claim on account of their claims and interests:

\*\*\*

(b) Union Claims. Each union may file a separate master proof of claim on behalf of its respective constituents (each, a "Union Master Proof of Claim") against the applicable Debtor on account of all obligations due under their respective collective bargaining agreements or applicable statutes.

4. The Bar Date Order also provided in its Paragraph 6, entitled "Persons NOT Required to File Proofs of Claim by the Applicable Bar Dates," that:

"[t]he following persons and entities are **not** required to file a proof of claim on or before the applicable Bar Dates:

\*\*\*

g. Union or Non-Union Employee Claims: Any union-represented or non-union represented employee, furloughed employee, or former employee for compensation and employment benefits, including without limitation, wages, salaries, employee medical benefits and/or insurance benefits or workers' compensation claims ("Compensation Claims"); provided, however, that Compensation Claims shall not include claims asserted or to be asserted in any lawsuit or administrative proceeding based on tort or non-employment-related common law, statutory law, or regulation even where such claims assert as damages entitlement to wages, salaries, employee medical benefits and/or insurance benefits;

h. Individual Union Members' Claims. Any person or entity that holds a claim limited to obligations due under their respective collective bargaining agreement, including, but not limited to, grievances, or claims arising from their current or former employment relationship with the Commonwealth ("CBA Claims");

3

provided, however, that any such holder must assert (I) a claim not otherwise excepted from filing a proof of claim by Paragraphs 6(a) through (o) of this Order, or (II) a claim for a grievance that has been resolved and liquidated by settlement or arbitration award as of the February 28, 2018 (such claim, a "Resolved Grievance"), by filing a proof of claim with respect to such claims on or before the General Bar Date to avoid disallowance of such claim;
….

m. Administrative Expenses: Any holder of a claim allowable under Bankruptcy Code sections 503(b) and 507(a)(2) as an administrative expense (**other** than a claim under Bankruptcy Code section 503(b)(9)); ….

5. As required by the Bar Date Order, the UAW filed a master proof of claim for Resolved Grievances as defined in that Order, and subsequently filed an amended master proof of claim covering Resolved Grievances by the extended General Bar Date. At the time of the filing of the UAW's amended master proof of claim for Resolved Grievances, the UAW's various collective bargaining agreements ("CBAs") had neither been assumed nor rejected by the Debtors. And, as of the General Bar Date, the UAW could not know whether some or all of its CBAs would ultimately be assumed by the Debtors. Thus, as of the General Bar Date, the UAW could not know whether any such subsequent Code Section 365 assumption of the CBAs -- or some other subsequent case development -- might result in amounts due for the Resolved Grievances listed in the UAW's amended master proof of claim being deemed administrative expenses under Code Section 503(b) and 507(a)(2), by virtue of the cure provisions of Code Section 365(b)(1).[3] Hence, the UAW's Amended Proof of Claim – which the Bar Date Order required the UAW to file by the General Bar Date as to "Resolved Grievances" as defined in that

---

[3] The Court should note that the Oversight Board's Seventh Plan of Adjustment [Docket Entry #17627], at Section 76.10, proposes that "[e]xcept as provided in Articles LV and LVI hereof, none of the Debtors' collective bargaining agreements shall be treated as Executory Contracts and none shall be assumed or rejected or otherwise treated pursuant to the Plan, but shall remain in effect subject, in all instances, to Puerto Rico law and Articles LII and LIII regarding the payment and ongoing treatment of pension and related claims and obligations." (Articles LII and Article LIII of the proposed Plan concern the treatment of certain Commonwealth Bond claims, so the reference to Articles LII and LIII in Section 76.10 of the proposed Plan appears to be in error.) The UAW reserves all rights with respect to these proposed Plan of Adjustment provisions.

Order, asserted administrative expense status on the only place in the Court-approved proof of claim form that allowed for assertion of administrative expense status, listing such status as "Undetermined."

6. On March 12, 2020, there was a subsequent case development that provided the UAW administrative expense status for the Resolved Grievances listed in the UAW's amended master proof of claim. That day, the Court entered its *Order (A) Authorizing Administrative Reconciliation of Claims, (B) Approving Additional Form of Notice, and (C) Granting Related Relief* ("ACR Order") [Docket Entry #12274]. Paragraph 6 of the ACR Order provides in pertinent part that:

> The Title III stay shall be modified solely to the limited extent necessary to permit the continuation of matters which were commenced by … the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW), or by their affiliated local unions in Puerto Rico in accordance with the grievance and arbitration procedures set forth in their respective collective bargaining agreements or under applicable statutes and arising from or relating to prepetition conduct of a Title III debtor (the "Prepetition Actions"), except with respect to matters arising from prepetition conduct which challenge the constitutionality of Commonwealth statutes. To the extent that any disposition of a Prepetition Action results in a settlement, arbitration award, or other resolution that requires payment, such payment shall be made by the Commonwealth in the ordinary course.

Accordingly, under paragraph 6 of the ACR Order, the grievance claims set forth in UAW's Amended Proof of Claim are entitled to be paid in full in the ordinary course as administrative expenses.

7. The Court should also note that the ACR Order provides that certain categories of claims, including "Public Employee Claims" and "Grievance Claims," as well as those among such categories of claims "that have been resolved but not yet paid, as defined in the Motion, shall be resolved through the Debtors' existing administrative reconciliation

5

processes ('Administrative Claims Reconciliation')."[4] The Order defines "Grievance Claims" as "union grievances." *See* ACR Order 1 n.2; Oct. 8, 2019 *Motion for Entry of an Order (A) Authorizing Administrative Reconciliation of Certain Claims, (B) Approving Additional Form of Notice, and (C) Granting Related Relief* [Docket Entry #8827], at 10. Because the grievance claims set forth in the UAW Proof of Claim are union grievances and thus "Grievance Claims" within the meaning of paragraph 2 of the ACR order, they would also be eligible for resolution through the ACR process, subject to what appears to be the superseding and UAW-specific provisions of Paragraph 6 of the ACR Order.[5]

8.  Classifying claims covered by Paragraphs 6 and 2 of the ACR Order as general unsecured claims -- as requested in the Omnibus Objection as to the UAW Amended Proof of Claim -- is also inconsistent with the express terms of the Oversight Board's proposed Seventh Plan of Adjustment. The Plan expressly excludes from the definition of "CW General Unsecured Claim" "any Claim that is eligible to be transferred into or administered through the ACR process." Plan at 22 (§1.177(u)). Further, the Court should note that Section 82.7 of the Plan provides that claims subject to ACR "shall (b) be paid in full in the ordinary course of business and (c) except as otherwise provided in the Plan, shall not be included in CW General

---

[4] The ACR Order also provides at its footnote 2 that "[f]or the avoidance of doubt, Pension/Retiree Claims, Public Employee Claims, and Tax Refund Claims as to which no proof of claim was required to be filed, consistent with the Bar Date Order, will be administered in the manner in which such claims were administered prior to the Petition Date. The Court reserves jurisdiction to enforce claims that have not been paid within one hundred and twenty (120) days of the date such claims may be finally administratively determined." UAW's Grievance Claims are, as discussed above in text, covered by the superseding provisions of Paragraph 6 of the ACR Order.

[5] The UAW is unaware of any UAW Grievance Claims having been noticed to date as being transferred to the ACR Process. The UAW assumes that this is a result of the UAW-specific provisions of Paragraph 6 of the ACR Order.

Unsecured Claims to be satisfied from the CW GUC Recovery or Convenience Claims."[6] This is the same treatment afforded to UAW's claims covered by Paragraph 6 of the ACR Order.[7]

9. For the foregoing reasons, the Omnibus Objection should be overruled to the extent it seeks to disallow any UAW claim as not entitled to administrative expense status under the ACR Order, and to reclassify such UAW claims as general unsecured claims.

Dated: September 17, 2021

**COHEN, WEISS AND SIMON LLP**

By: /s/ *Peter D. DeChiara*
Peter D. DeChiara (pro hac vice)
Richard M. Seltzer *(pro hac vice)*
Marie B. Hahn *(pro hac vice)*
pdechiara@cwsny.com
rseltzer@cwsny.com
mhahn@cwsny.com
900 Third Avenue, Suite 2100
New York, NY 10022-4869
(212) 563-4100

**MONSERRATE SIMONET & GIERBOLINI**
/s/ *Miguel Simonet Sierra*
Miguel Simonet Sierra
USDC # 210101
101 San Patricio Ave., Suite 1120
Guaynabo, PR 00968
Tel.: (787) 620-5300

*Counsel to International Union, UAW*

---

[6] The Disclosure Statement approved by the Court [Docket #17628] provides at page 65 that "Holders of ACR-eligible claims will not have the right to vote [on Plan confirmation]." Consistent with Paragraphs 6 and 2 of the ACR Order, ACR claims and the UAW's grievance claims (including but not limited to those set out as Resolved Grievances in the UAW's Amended Proof of Claim) are not classified and not included as voting claims since the ACR Order (and the proposed Plan, consistent with the ACR Order), provide that they will be paid in full whether or not a proof of claim is filed with respect to such claims.

[7] In contrast to the treatment afforded to claims covered by Paragraphs 6 and 2 of the ACR Order, general unsecured claims are not paid in full in the ordinary course. *See* Plan at 104 (§62.1). Indeed, the Plan's disclosure statement projects general unsecured creditor claims will be paid at 20.4%. *See* July 30, 2021 *Disclosure Statement for the Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, [Docket Entry #17628], at 479. Accordingly, classifying UAW's claims as general unsecured claims would also be inconsistent with paragraph 6 of the ACR Order.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of September 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF System, which will notify all counsel of record.

/s/ *Peter D. DeChiara*
Peter D. DeChiara