UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD OF<br>PUERTO RICO<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO<br>RICO, et al. | PROMESA TITLE III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>The filing relates to the Commonwealth,<br>COFINA, HTA, ERS and PBA |

**REPLY TO THREE HUNDRED SEVENTY - FOURTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, PUERTO RICO SALES TAX FINANCING AUTHORITY, PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO AND PUERTO RICO PUBLIC BUILDING AUTHORITY TO LATE - FILED CLAIMS**

To the Honorable United States District Court Judge Laura Taylor Swain:

I, NYDIA FEBO VAZQUEZ, whose claim number is 168048, and respectfully before this Honorable District Court allege:

1.- I have been notified of the motion filed by the Commonwealth of Puerto Rico ("Three Hundred Seventy- Fourth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico... .To Late Filed Claims "), requesting the dismissal of the claim for allegedly presenting the proof of claim outside the established term, since it alleges that it was presented after the deadline set by the Resolution of deadlines, as it is deduced from Exhibit A, Page 167, line 948 included in that motion.

2.- Back there on June 15, 2018, the claimant here filed before state court a Complaint against one of the agencies of the Commonwealth of Puerto Rico, Puerto Rico Industrial Commission through its President Lic. Diana B. Cordero and through the Secretary of Justice, Hon. Wanda Vázquez; and against some public employees, against Grace Lozada Crespo, in her official and personal capacity; against Johanna Agosto Nieves, in her official and personal capacity; against Iris M. Cabeza Pérez, in her official and personal capacity; against Nicholle M. Torres González, in his official and personal capacity. Exhibit A, Complaint.

Through the Lawsuit, it was claimed against the defendants for discrimination due to political affiliation; violation of civil rights; retaliation; and, for reasonable accommodation, as reasonable accommodation has not been granted despite medical recommendation. Items in damages were requested in the Claim, for the damages suffered by the Claimant. The causes of action were presented in accordance with the Constitution of the Commonwealth of Puerto Rico; Law 100 of June 30, 1959, as amended; The Law of Equal Employment Opportunities for Persons with Disabilities, Law No. 44 of July 2, 1985; and, the American With Disabilities Act (ADA), as amended by the American With Disabilities Act of 2008, 42 USC, Chapter 126, secs. 12101 et seq. A pattern of discrimination is alleged, and the imposition of onerous conditions from August 2015 to June 2017.

3.- Prior to the filing of this case before the Judicial Forum, the Claimant filed an administrative case with the Anti-Discrimination Unit of the Department of Labor there for May 16, 2017. That the Anti-Discrimination Unit of the Department of Labor issued

the authorization to litigate on February 26, 2018, and the US Equal Employment Opportunity Commission, on April 5, 2018. Exhibit B and C.

4. - On June 27, 2018, a request was made to amend the Complaint to correct the name of the Defendant Nicholle M. Torres González, and the issuance of the summons of this defendant, which was authorized by the Honorable Court by order of June 28, 2018 . Exhibit D.

5.- The defendants Industrial Commission of Puerto Rico, Grace Lozada Crespo, Johanna Agosto Nieves, Iris M. Cabeza Pérez, and the Secretary of Justice filed on August 24, 2018, motions entitled "Notice of Cessation of Proceedings by virtue of the Presentation of the Petition Presented by the Government of Puerto Rico Under Title III of PROMESA", each one respectively, requesting the automatic stay of the judicial proceedings for the bankruptcy petition filed by the Commonwealth of Puerto Rico there for May 3, 2017. It requests the stay on the grounds that the facts contained in the lawsuit occurred before May 3, 2017. Exhibit E.

6.- That as a result of the filings of the motions aforementioned, the Honorable Court approved them, and issued a Judgment in accordance with the order, the Honorable Court taking cognizance of the petition of the Commonwealth of Puerto Rico (hereinafter ELA) for bankruptcy under Promise Law, thus filing the case for administrative purposes; both documents being issued and notified on August 27, 2018. EXHIBIT F.

7.- That a Motion for Reconsideration was presented on August 31, 2018, Exhibit G, with which I opposed the Judgment declaring the stay for bankruptcy, based on the

"Puerto Rico Oversight, Management, and Economy Stability Act", Public Law 114-187 of June 30, 2016, known as "PROMESA", in its Title III, section 301 (a), 48 USC 2161, and section 362 of the Bankruptcy Code, Title 11 USC. These sections contemplate the automatic stay following the filing of a bankruptcy petition. Section 362 establishes that:

> "(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5 (a) (3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of-
>> (1) The commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;'

Based on the fact that I filed my claim before the Anti-Discrimination Unit of the Department of Labor on May 16, 2017, after the filing of the bankruptcy case of the ELA. It is not until February 26, 2018, that the Anti-Discrimination Unit of the Department of Labor issues permission to litigate in my favor; and, that the US Equal Employment Opportunity Commission, issued the permission to litigate on April 5, 2018. I filed my Complaint in the State Court on June 15, 2018, after the filing of the bankruptcy case of the ELA, which was on May 3, 2017, considering that the beginning of that case is in accordance with Sec. 304, Title III of PROMESA, 48 USC 2164, with the filing of the petition before the District Court by the Board of Supervision.

The Court declared the reconsideration of the judgment was declared "No Ha Lugar" on September 25, 2018. Exhibit H

8.- After I filed the proof of claim, and provided within the time granted the documentary evidence through email. Exhibit I.

9.- That I oppose the allegation that the proof of claim was not filed on time, since it was made after the Commonwealth of Puerto Rico filed the request for automatic stay and it was declared IN PLACE in the state court.

10.- I respectfully oppose the request to dismiss my claim by the Commonwealth of Puerto Rico .

## CERTIFICATE OF SERVICE

I CERTIFY: Have sent a copy of this letter by mail with acknowledgment of receipt to:

COUNSEL FOR THE OVERSIGHT BOARD
PROSKAUER ROSE LLP
ELEVEN TIMES SQUARE
NEW YORK, NEW YORK 10036-8299
Attn: Martin J. Bienenstock
Brian S. Rosen

COUNSEL FOR THE CREDITORS' COMMITTEE
Paul Hastings LLP
200 PARK AVENUE
NEW YORK, NEW YORK 10166
Attn: Luc A. Despins
James Bliss
Jasmes Worthington
G.Alexander Bongartz

In San Juan, Puerto Rico, on September 18, 2021.

*Nydia E. Febo Vazquez*
NYDIA FEBO VAZQUEZ
Claim 168048

PO BOX 391
GURABO, Puerto Rico 00778-0391
arcangelina2015@gmail.com
Tel. (787) 547-0145