



*ESTADO LIBRE ASOCIADO DE PUERTO RICO*
*TRIBUNAL DE PRIMERA INSTANCIA*
*SALA SUPERIOR DE SAN JUAN*

| | |
|---|---|
| NYDIA FEBO VAZQUEZ | CIVIL NUM. |
| Demandante | SOBRE: DISCRIMEN IDEAS POLITICA; DISCRIMEN POR IMPEDIMENTO, ACOMODO RAZONABLE; VIOLACION DE DERECHOS CIVILES; REPRESALIAS |
| VS. | |
| COMISION INDUSTRIAL DE PUERTO RICO por conducto de su Presidenta Diana B. Cordero Díaz; SECRETARIA DE JUSTICIA Hon. Wanda Vázquez; GRACE LOZADA CRESPO, en su carácter oficial y personal; JOHANNA AGOSTO NIEVES, en su carácter oficial y personal; IRIS M. CABEZA PÉREZ, en su carácter oficial y personal; NICHOLLE M. TORRES TORRES, en su carácter oficial y personal | |
| Demandados | |

*DEMANDA*

AL HONORABLE TRIBUNAL:

Comparece la parte DEMANDANTE por conducto de la representación legal que subscribe y ante este Honorable Tribunal muy respetuosamente EXPONE, ALEGA Y SOLICITA:

*PARTES*

1. Que la demandante es mayor de edad, cuya dirección postal lo es P.O. Box 31080, San Juan, Puerto Rico 00929; dirección física Condominio Vista Verde G 223, San Juan, Puerto Rico.

2. Que la Parte Demandada Comisión Industrial de Puerto Rico esta sita en 310 Calle 3 SE, Urb. La Riviera, Barrio Monacillos, Río Piedras, Puerto Rico. La dirección postal es PO Box 364466, San Juan, Puerto Rico 00936-4466. Que la Parte Demandada es emplazada por conducto de su Presidenta Diana B. Cordero Díaz. Que se incluye a la Secretaria de Justicia, Hon. Wanda Vázquez, para dar cumplimiento a la Regla 4.4 (g) de Procedimiento Civil, ya que la demandada es una agencia pública, y por incluirse como demandados a empleados en su capacidad oficial, cuya dirección física es Apartado 9020192, San Juan, Puerto Rico, 00902-0192, y física Calle Olimpo, Esq. Axtmayer, Parada 11, Miramar, San Juan, Puerto Rico

3.  Que la Demandada Grace S. Lozada Crespo,  demandada en su carácter oficial y personal, tiene su dirección física y postal en Urb. Bucaré, Calle Onix # 4, Guaynabo, Puerto Rico 00969.

4.  Que la Demandada Johanna Agosto Nieves,  demandada en su carácter oficial y personal,  tiene la dirección postal PO BOX 231, San Lorenzo, Puerto Rico 00754. La dirección física conocida es 310  Calle 3 SE, Urb. La Riviera, Barrio Monacillos, Río Piedras, Puerto Rico.

5.  Que la Demandada Iris M. Cabeza Pérez, demandada en su carácter oficial y personal, tiene la dirección RR-2 Box 5675, Toa Alta, Puerto Rico 00953. Que la dirección física conocida es 310  Calle 3 SE, Urb. La Riviera, Barrio Monacillos, Río Piedras, Puerto Rico

6.  Que la Demandada Nicholle M. Torres Torres, demandada en su carácter oficial y personal , tiene la dirección física y postal Urbanización Sabanera, Camino Los Juncos # 147, Dorado, Puerto Rico 00646.

### INTRODUCCION

7.  La Demandante allá para el 16 de mayo de 2017,  presentó Querella ante la Unidad Anti Discrimen del Departamento del Trabajo y Recursos Humanos, la cual fuera posteriormente enmendada el 26 de febrero de 2018.  La Unidad Anti Discrimen  emitió autorización para litigar el 6 de abril de 2016, y el "notice of right to sue" por la Oficina de Distrito de Miami se emitió el 5 de abril de 2018. Anejos 1 y 2.   La Demandante radicó querella ante la Unidad Antidiscrimen bajo las causas de **discrimen político,  discrimen por salud/impedimento/acomodo razonable, y represalias.**

8.  Las actuaciones llevadas a cabo por la Parte Demandada contra la Demandante han sido  unas arbitrarias, injustas, discriminatorias, constitutivas de actuaciones perjudiciales, de humillaciones, afectando así los términos,  condiciones, y privilegios de empleo de la Demandante, en violación a sus derechos protegidos constitucionalmente.

### RELACION DE HECHOS MATERIALES

9.  La demandante comenzó a trabajar para la demandada Comisión Industrial de Puerto Rico allá para el  15 de octubre de 2003,  en una posición de Oficinista

*Mecanógrafo I en la oficina de Asesoramiento Médico. En el año de 2004, en virtud de Plan de Clasificación, cambio a la clase de Asistente de Recursos Humanos. Las funciones de trabajo de la clase de Asistente de Recursos Humanos consisten en: transcribir cartas, memorandos e informes; control de la correspondencia que se le envía y recibe, mediante hojas de trámite o de envío; actividades variadas de oficina y administrativas y de apoyo en la Oficina de Recursos Humanos y Relaciones Laborales; "Merge" y envío de convocatorias a otras agencias gubernamentales; colabora con el envío de convocatorias a los oficiales examinadores de las salas de Humacao, Mayagüez, Ponce y Arecibo; contesta llamadas y toma mensajes oficiales para el Director y empleados de la oficina; trabaja con la Coordinadora de Asuntos de Retiro, como Coordinadora Auxiliar de todo trámite llevado ante los sistemas de Retiro; realiza viajes a la Oficina de Retiro para asuntos relacionados de los empleados de la Comisión Industrial; prepara requisiciones de materiales de oficina según se lo requieran; redacta correspondencia y completa formularios para la revisión y firma del supervisor según sea requerido; trabaja las descripciones de puestos; da seguimiento a aquellos trabajos que conllevan trámite con supervisores y empleados con la cumplimentación con la hoja de deberes; estudia y analiza expedientes de los empleados para corroborar años de servicios; actualiza el listado de años de servicio para el listado de los botones de años de servicio para la semana del servidor público; ofrece información y orienta empleados respecto a actividades, normas y procedimientos de recursos humanos; prepara y rinde informe de labor realizada, estadísticos e informes especiales, según lo requerido; actualiza conocimientos relacionados con su ámbito de trabajo y participa en adiestramientos, seminarios, conferencias y otras actividades de capacitación; provee servicios de apoyo a otras unidades de trabajo, cuando las necesidades del servicio lo requieran.*

10. *La Demandante es activista del Partido Nuevo Progresista, lo cual es de conocimiento en su lugar de trabajo. Durante la administración del Gobernador Alejandro García Padilla, quien fuera el candidato del Partido Popular Democrático, la Demandante participó en unión a otros empleados en un recogido*

*de firmas para apoyar en la permanencia en la presidencia de la Comisión Industrial al Lic. Basilio Torres Rivera, quien fuera nombrado por la pasada administración del Gobernador Luis Fortuño Burset, quien fuera el candidato del Partido Nuevo Progresista. La intervención de la Demandante se extendió hasta llegar a hacer cartas o comunicaciones a miembros de la Asamblea Legislativa (Ángel de la Rosa, José Aníbal Torres, José "Conny" Varela, La Santa) en apoyo a la permanencia en la presidencia del Lic. Torres Rivera; solicitó, además apoyo a los abogados postulantes en la Comisión, inclusive a la aquí demandada Lic. Grace S. Lozada, quien posteriormente fue nombrada por el Gobernador García Padilla Presidenta de la Comisión Industrial de Puerto Rico, allá para el año de 2015.*

11. *Allá para el 11 de agosto de 2015, la Directora de Recursos Humanos Iris M. García Sánchez, informa a la Demandante que por instrucciones de la Presidenta Grace Lozada Crespo, se le estaba moviendo al Área de Licencias. Ante esa situación, y carecer la Demandante de conocimientos del área de licencias y Sistema de "Kronos", en reunión sostenida entre la Demandante y la Presidenta Lic. Lozada Crespo durante el mes de septiembre de 2015, la Demandante solicitó personalmente a la Presidenta Lozada Crespo, que le asignaran en otra área, lo cual no fue aceptado por ésta última. La Demandante fue despojada de las funciones inherentes de su puesto.*

12. *En el mes de agosto de 2016, llega como Supervisora al Área de licencias la demandada Iris M. Cabeza Pérez, siendo la Demandante la única empleada bajo su supervisión.*

13. *El 29 de septiembre de 2016, la Demandante se reportó al Fondo del Seguro del Estado, lo cual fuera informado a su supervisora la demandada Iris M. Cabeza Pérez, y habiéndose llenado el Informe Patronal. Al reportarse la Demandante a trabajar el 11 de octubre de 2016, se reúne con la demandada Grace Lozada Crespo para informar que ella se había reportado al Fondo del Seguro del Estado, que había entregado a su supervisora Iris M. Cabeza Pérez el Informe patronal e informado que se iba a reportar al Fondo del Seguro del Estado; ya, que la*

*demandada Grace Lozada Crespo desconocía que se hubiese reportado al Fondo del Seguro del Estado.*

14. *El 14 de octubre de 2016, por motivo de sentirse enferma, aproximadamente a las 2:30 pm la Demandante llena la Hoja de Licencia por Enfermedad y se lo entrega a la supervisora la demandada Iris M. Cabeza Pérez, quien se niega a firmarlo. El 17 de octubre de 2016, la supervisora la demandada Iris M. Cabeza Pérez envió un memo a la Demandante por correo electrónico sobre Normas y Reglamentos de la Comisión Industrial de Puerto Rico sobre las salidas, tiempo de descanso (break), tardanzas, uso de celular, desayuno antes de 8:00 am.*

15. *El 7 de diciembre de 2016, aproximadamente a las 8:48 am, la demandada Iris M. Cabeza Pérez, vociferó a toda voz contra la Demandante y delante de los demás compañeros de oficina, de forma humillante y altanera, que ella era la supervisora del área de licencias nombrada por la licenciada Lozada Crespo en el poder, que la Demandante tenía que acatar lo que ella indicara y que las funciones de la Demandante eran de "data entry".*

16. *En febrero de 2017, la Directora de Recursos Humanos Johanna M. Agosto se reporta a agotar su licencia de maternidad, quedando como Directora de Recursos Humanos Interina, la ayudante especial de la presidenta, la demandada Nicholle M. Torres González.*

17. *El 7 de marzo de 2017, la Corporación del Fondo del Seguro del Estado, en base a recomendación médica hecha por el Dr. Jesús H. Sánchez notifica a la aquí demandada Comisión Industrial de Puerto Rico, por conducto de su presidenta la Demandada Grace Lozada Crespo, solicitud de acomodo razonable en beneficio de la Demandante, para que ésta pudiese realizar su trabajo. El acomodo razonable consiste en: silla con diseño ergonómico ajustable en altura, espaldar y descansabrazos; auricular inalámbrico, el cual evitará flexión o rotación del cuello, a su vez permitirá realizar otras tareas simultaneas; plano inclinado del tipo "posturite" para evitar flexión del cuello por períodos prolongados, lo cual pudiera provocar exacerbación en su condición; descansa pies, para contribuir en la postura adecuada del cuerpo; ponderar dentro de lo viable , como otra opción y en cumplimiento con los requerimientos de su agencia el ubicarla, asignarla a otra*

*área de servicio donde pueda recibir colaboración por parte de otro personal. No se ha cumplido con el acomodo razonable.*

18. *El 28 de marzo de 2017, mediante comunicado por escrito de tres páginas, la demandada Grace Lozada Crespo hace en contra la Demandante amonestación. A raíz de esto, la Demandante hizo varias solicitudes de reunión con la demandada Grace Lozada Crespo por conducto de su secretaria Jessica Serrano, reunión que no se llevó a cabo Sobre esta amonestación se llevó vista administrativa el 11 de mayo de 2017, luego de lo cual se confirmó la amonestación.*

19. *La Demandante era seguida por la demanda Nicholle Torres González si salía del área de oficina, llegando hasta a los cubículos del baño de damas, eso ocurrió los días 21 y 25 de abril de 2017; 16 de mayo de 2017, 26 de mayo de 2017, 14 de junio de 2017, 29 de junio de 2017, 30 de junio de 2017. También era seguida por la demandada Iris M. Cabeza, quien la siguió al baño el día 29 de junio de 2017.*

20. *Con fecha del 27 de abril de 2017, la Demandada Iris M. Cabeza Pérez advierte verbalmente a la Demandante que la Directora Interina de Recursos Humanos la Demandada Nicholle Torres González tenía una agenda contra la Demandante, que la estaba carpeteando por sus ideales políticos y que la quería botar, y que se pasaba revisando los balances de licencias de la Demandante.*

21. *El 4 de mayo de 2017, por instrucciones de la supervisora, la Demandada Iris Cabeza Pérez, se le eliminaron a la Demandante las funciones de las tarjetas del sistema "Kronos".*

22. *En el periodo del 19 al 23 de mayo de 2017, los cubículos del área de trabajo de la Demandante fueron removidos, careciendo de privacidad en su área de trabajo. Fue objeto a causa de esta situación a mofa y burla por parte de sus compañeros, quienes expresaron comentarios como: "ahora si que esto está al descubierto", "que feo está esto", "a ti es a la que están velando".*

23. *El escritorio de la Demandante fue colocado al frente de la oficina de la Directora Interina de Recursos Humanos aquí demandada Nicholle Torres González, quien continuamente vigilaba a la Demandante, y la seguía hasta el cuarto de baño.*

24. Desde mayo de 2017, las demandadas Nicholle Torres González e Iris M. Cabeza Pérez, le inspeccionaban los documentos y expedientes que estaban sobre el escritorio de la Demandante, y en el área de las impresoras.

25. El día 12 de junio de 2017, la demandada Iris M. Cabeza le preguntó a la Demandante si había ido a votar al plebiscito por la estadidad de Puerto Rico, a lo cual la Demandante contestó en la afirmativa, a lo cual la Demandada ripostó "vamos a ver si le hacen caso a los PNP en Estados Unidos".

26. El día 12 de junio de 2017, la Demandante recibió llamada de la demandada Grace Lozada Crespo, quien le expresó: "Es la Presidenta y no me conoces", a lo que la Demandante contestó que si la conocía y cómo la podía ayudar, y procedió a ayudarla con unas asistencias del Lic. Miguel Díaz.

27. Desde junio de 2017, y al serle asignado trabajo a la Demandante por la Demandada Iris M. Cabeza, se le asigna trabajo, y aun sin terminarlo se le asigna otro; se le está dando seguimiento de la ejecución del trabajo mediante correos electrónicos.

28. La Demandante ha tenido que radicar tres casos ante la Junta de Relaciones del Trabajo para vindicar sus derechos por solicitud de diferencial, despojo de funciones y por medidas disciplinarias arbitrarias, Casos CA 2016-34, CA 2016-32, CA 2016-32-E-01. Además, ante la Unidad Antidiscrimen del Departamento del Trabajo.

*PRIMERA CAUSA DE ACCION*

29. Se hace formar parte de esta Primera Causa de Acción los párrafos contenidos en el apartado anterior de Relación de Hechos Materiales.

30. El Artículo II, Sección 1, de la Constitución del Estado Libre Asociado de Puerto Rico establece que: "La dignidad del ser humano es inviolable. Todos los hombres son iguales ante la Ley. No podrá establecerse discrimen alguno por motivo de raza, color, sexo, nacimiento, origen o condición social, ni ideas políticas o religiosas."

La Ley de Pleitos Contra el Estado, Ley Número 104 del 29 de junio de 1955, contempla las demandas a sus funcionarios y ex funcionarios por violación de derechos civiles. 32 L.P.R.A. sec. 3085.

31. La Ley 100 del 30 de junio de 1959, según enmendada, 29 L.P.R.A. sec. 146, et

seq, reconoce la política pública de no discriminación en los lugares de empleo.

El Artículo 1, 29 LPRA sec 146, establece que:

"Todo patrono que despida, suspenda o discrimine contra un empleado suyo en
relación a su sueldo, salario, jornal o compensación, términos y categorías,
condiciones o privilegios de trabajo, o que deje de emplear o rehúse emplear o
reemplear a una persona, o límite o clasifique sus empleados en cualquier forma que
tienda a privar a una persona de oportunidades de empleo o que afecten su status
de empleado, por razón de edad, según ésta se define mas adelante, raza, color,
sexo, orientación sexual, identidad de género, origen social o nacional, condición
social, afiliación política, o ideas políticas o religiosas, o por ser víctimas o ser
percibida como víctima de violencia doméstica, agresión sexual o acecho, [por ser
militar, ex militar, servir o haber servido en las Fuerzas Armadas de los Estados
Unidos o por ostentar la condición de veterano] del empleado o solicitante de empleo:

(a) Incurrirá en responsabilidad civil:
(1) Por una suma igual al doble del importe de los daños que el acto haya causado al
empleado o solicitante de empleo;"

32. Contra la Demandante el patrono aquí demandado a través de sus directores,

oficiales, empleados, dependientes y/o representantes, incurrió en actuaciones

arbitrarias, de humillaciones y vejámenes, imponiéndole a la demandante a un patrón

de discrimen, de imposición de condiciones onerosas y discriminatorias por razón de

afiliación política, tratando a la demandante de manera desigual, despojando a la

demandante de sus funciones a pesar de que la demandante cumplía a cabalidad

con su trabajo y excedía las expectativas con su trabajo, siendo la demandante

humillada frente a todo el personal.

33. La Parte Demandada Comisión Industrial de Puerto Rico, no cumplió con su deber

de supervisión para con sus empleados, ya que no tomó medidas para evitar que en

el lugar de trabajo que se llevaran a cabo actuaciones arbitrarias, de humillaciones y

vejámenes, patrón de discrimen, de imposición de condiciones onerosas y

discriminatorias por razón de afiliación política, de discrimen por impedimento, que se

tomaran represalias contra la Demandante, por ésta tratar de vindicar sus derechos

ante foros administrativos.

34. Que las demandadas Grace S. Lozada Crespo, Johanna Agosto Nieves, Iris M.

Cabeza Pérez, Nicholle M. Torres Torres, demandadas todas en su capacidad oficial

y personal, incurrieron en actuaciones arbitrarias, discriminatorias, y de represalia

contra la Demandante, por lo cual responden a la Demandante.

35. *Debido a estas actuaciones y omisiones de la parte  demandada en violación a la legislación previamente enunciada, por lo que de conformidad a la antedicha legislación y a los Artículos 1802 y 1803 del Código Civil de Puerto Rico, 31 LPRA secs. 5142 y 5143, por los  daños y perjuicios, angustias y sufrimientos mentales que los demandados han ocasionado a la Demandante se solicita en resarcimiento una cantidad que ascienden a  cincuenta mil dólares ($50,000.00) y   se solicita se imponga contra  la parte demandada  la penalidad  del  doble importe de los daños, mas el pago de costas y honorarios de abogado.*

*SEGUNDA CAUSA DE ACCION*

36. *Se hace formar parte de esta segunda causa de acción el apartado de Relación de Hechos Materiales.*

37. *En el 1991 la Asamblea Legislativa legisló para brindar a los empleados una protección en contra de las represalias en el ámbito laboral.  La Ley Núm. 115 de 20 de diciembre de 1991, 29 L.P.R.A. 194 et seq, establece en su Artículo 2 la prohibición de tomar represalias en contra de un empleado por ofrecer testimonio.*

> *Ningún patrono podrá despedir, amenazar, o discriminar contra un empleado con relación a los términos, condiciones, compensación, ubicación, beneficios o privilegios del empleo porque el empleado ofrezca o intente ofrecer, verbalmente o por escrito, cualquier testimonio, expresión o información ante un foro legislativo, administrativo o judicial en Puerto Rico, cuando dichas expresiones no sean de carácter difamatorio ni constituyan divulgación de información privilegiada establecida por ley. (énfasis suplido)*

38. *La Demandante ha radicado casos ante la Junta de Relaciones del Trabajo, y ante la Unidad Antidiscrimen del Departamento del Trabajo, en los cuales ha presentado documentos exponiendo su posición ante las actuaciones de la Parte Demandada, y solicitando remedio contra ello; por lo cual,  la Parte Demandada ha tomado contra de Demandante represalias.  Luego de la radicación de la querella ante la Unidad Antidiscrimen los actos constitutivos de represalias se intensificaron y/o exacerbaron, y así se desprende del Apartado de "Relación de Hechos Materiales".*

39. *La Parte Demandada Comisión Industrial de Puerto Rico, no cumplió con su deber de supervisión para con sus empleados, ya que no tomó medidas para  evitar que en el lugar de trabajo que se llevaran a cabo actuaciones arbitrarias de represalias contra la Demandante, por ésta  tratar de vindicar sus derechos ante foros administrativos.*

40. Que las demandadas Grace S. Lozada Crespo, Johanna Agosto Nieves, Iris M. Cabeza Pérez, Nicholle M. Torres Torres, demandadas todas en su capacidad oficial y personal, incurrieron en actuaciones arbitrarias, discriminatorias, y de represalia contra la Demandante, por lo cual responden a la Demandante

41. Se solicita en resarcimiento por los daños ocasionados en base a la legislación laboral antes mencionada y al 1802 y 1803 del Código Civil de Puerto Rico, 31 LPRA secs. 5142 y 5143, a la Demandante, por la cantidad de cincuenta mil dólares ($50,000.00) de compensación por represalias, que se le imponga a la parte demandada la penalidad del doble importe de los daños, mas el pago de costas y honorarios de abogado.

TERCERA CAUSA DE ACCION

42. La Ley de Igualdad de Oportunidades de Empleo para Personas con Impedimentos, Ley Núm. 44 del 2 de julio de 1985, 1 L.P.R.A. sec. 505, según enmendada establece en su Artículo 5 que:

> "Las instituciones públicas o privadas no ejercerán, pondrán en vigor o usarán procedimientos, métodos o prácticas discriminatorias de empleo contra personas con algún tipo de impedimento físico, mental o sensorial por el mero hecho de tal impedimento. Esta prohibición incluye el reclutamiento, compensación, beneficios marginales, facilidades de acomodo razonable y accesibilidad, antigüedad, participación en programas de adiestramiento, promoción y cualquier otro término, condición o privilegio en el empleo. "

43. La American with Disabilities Act (Ley ADA), según enmendada por American with Disabilities Act de 2008, prohíbe el discrimen en el empleo, y contempla la concesión de acomodo razonable. 42 U.S.Code Capítulo126, secs. 12101 y ss.

44. La parte demandada a pesar de la Demandante haber solicitado un acomodo razonable con justificación médica, el mismo no fue concedido. La Parte Demandada Comisión Industrial de Puerto Rico, a través de sus empleadas y/o representantes aquí demandadas en su capacidad oficial y personal, no cumplieron con la petición de acomodo razonable de la Demandante.

45. La Parte Demandada Comisión Industrial de Puerto Rico, no cumplió con su deber de supervisión para con sus empleados, ya que no tomó medidas para evitar que en el lugar de trabajo que se llevaran a cabo actuaciones arbitrarias, de

*humillaciones y vejámenes, patrón de discrimen, de imposición de condiciones onerosas, de discrimen por impedimento.*

*46. Que las demandadas Grace S. Lozada Crespo, Johanna Agosto Nieves, Iris M. Cabeza Pérez, Nicholle M. Torres Torres, demandadas todas en su capacidad oficial y personal, incurrieron en actuaciones arbitrarias, discriminatorias, por lo cual responden a la Demandante*

*47. Por tal acción arbitraria y los daños ocasionados en virtud del 1802 y 1803 del Código Civil de Puerto Rico, 31 LPRA secs. 5142 y 5143, y la legislación laboral antes mencionada, reclama la Demandante la cantidad de cincuenta mil dólares ($50,000), que se le imponga a la parte demandada la penalidad del doble importe de los daños, mas el pago de costas y honorarios de abogado.*

*SUPLICA*

*Por todo lo cual, muy respetuosamente se solicita de este Honorable Tribunal que declare CON LUGAR la demanda, y que la parte demandada sea incursa en responsabilidad, y que la demandante sea compensada por las cantidades aquí solicitada, y la imposición de penalidad del importe doble de los daños, y la imposición de costas, gastos y honorarios de abogado. En Trujillo Alto, Puerto Rico a 15 de junio de 2018.*

*f/ **ARLENE DE LOURDES SANTANA CRUZ***
*ABOGADA PARTE DEMANDANTE*
*RUA NUM. 10089*
*PO BOX 391*
*GURABO, PR 00778-0391*
*Tel. 787-547-0145*
*arcangelina2015@gmail.com*

EEOC Form 161-B (11/16)

**U.S. Equal Employment Opportunity Commission**

### Notice of Right to Sue (Issued on Request)

| To: | Sra. Nydia Febo<br>c/o Lcda. Arlene De L. Santana<br>PO Box 391<br>Gurabo, PR 00778-0391 | From: | Miami District Office<br>Miami Tower, 100 S E 2nd Street<br>Suite 1500<br>Miami, FL 33131 |
|---|---|---|---|

☐ *On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative. | Telephone No. |
|---|---|---|
| 16H-2017-00379 | Ina Depaz,<br>State & Local Coordinator | (305) 808-1752 |

*(See also the additional information enclosed with this form.)*

**Notice to the Person Aggrieved:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☒ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

**MICHAEL J. FARRELL,**
**District Director**

APR 0 5 2018
*(Date Mailed)*

Enclosures(s)

cc:   COMISION INDUSTRIAL DE PUERTO RICO
Lcda. Grace Lozada, Presidenta (co querellada)
Nicole M. Torres, Directora R.H. Interina, (co querellada)
Iris M. Cabeza, Supervisora, (co querellada)
Johanna M. Agosto, Directora R.H. (co querellada)
PO Box 364666
San Juan, PR 00936-4466

Lcda. Lourdes E. Rosado,
PO Box 364466
San Juan, PR 00936-4466



**GOBIERNO DE PUERTO RICO**
Departamento del Trabajo y
Recursos Humanos

Hon. Carlos J. Saavedra Gutiérrez
Secretario

26 de febrero de  2018

Sra. Nydia E. Febo Vázquez
P.O. Box 31080
San Juan, P.R.  00929

RE: uadau17-223c/16H-2017-00-379c
**Nydia E. Febo Vázquez vs. Comisión Industrial de Puerto Rico**

Estimado(a)  señor (a):

Nos referimos al desistimiento de las querellas ante la Unidad Antidiscrimen y la Equal Employment Opportunity Commission y la solicitud de permiso para litigar sometida el 8 de febrero de 2018, se autoriza y otorga el mismo.  Se procede al cierre del caso ante la Unidad Antidiscrimen y a notificar a la Equal Employment Opportunity Commission.

Agradeceremos que informe sobre el curso o el resultado del litigio.

Este cierre administrativo tiene fecha de efectividad al recibo de esta carta.

Cordialmente,

**UNIDAD ANTIDISCRIMEN**

Lcda. Myriam L. Costa Malaret
Directora

c:   Comisión Industrial de Puerto Rico (R)
     Lcda. Grace Lozada, Presidenta (co querellada)
     Nicole M. Torres, Directora R.H. Interina, (co querellada)
     Iris M. Cabeza, Supervisora, (co querellada)
     Johanna M. Agosto, Directora R.H. (co querellada)
     P.O. Box 364466
     San Juan, P.R.  00936-4466

     Lcda. Lourdes E. Rosado, (R)
     P.O. Box 364466
     San Juan, P.R.  00936-4466

     Lcda. Arlene de L. Santana, (CP)
     P.O. Box 391
     Gurabo, P.R.  00778-0391

/mmr

**UNIDAD ANTIDISCRIMEN**
431 Ave. Ponce de León, Piso 11 Edificio National Plaza, Hato Rey, P.R 00917     PO. Box 195540, San Juan, P.R 00919-5540
T.787. 625.3137 ext. 3259 / Fax .787.763.3000  –  www.trabajo.pr.gov





**GOBIERNO DE PUERTO RICO**
Departamento del Trabajo y
Recursos Humanos

Hon. Carlos J. Saavedra Gutiérrez
Secretario

26 de febrero de 2018

Sra. Nydia E. Febo Vázquez
P.O. Box 31080
San Juan, P.R. 00929

RE: <u>uadau17-223c/16H-2017-00-379c</u>
**Nydia E. Febo Vázquez vs. Comisión Industrial de Puerto Rico**

Estimado(a) señor (a):

Nos referimos al desistimiento de las querellas ante la Unidad Antidiscrimen y la Equal Employment Opportunity Commission y la solicitud de permiso para litigar sometida el 8 de febrero de 2018, se autoriza y otorga el mismo. Se procede al cierre del caso ante la Unidad Antidiscrimen y a notificar a la Equal Employment Opportunity Commission.

Agradeceremos que informe sobre el curso o el resultado del litigio.

Este cierre administrativo tiene fecha de efectividad al recibo de esta carta.

Cordialmente,

UNIDAD ANTIDISCRIMEN

Lcda. Myriam L. Costa Malaret
Directora

c:  Comisión Industrial de Puerto Rico (R)
    Lcda. Grace Lozada, Presidenta (co querellada)
    Nicole M. Torres, Directora R.H. Interina, (co querellada)
    Iris M. Cabeza, Supervisora, (co querellada)
    Johanna M. Agosto, Directora R.H. (co querellada)
    P.O. Box 364466
    San Juan, P.R. 00936-4466

    Lcda. Lourdes E. Rosado, (R)
    P.O. Box 364466
    San Juan, P.R. 00936-4466

    Lcda. Arlene de L. Santana, (CP)
    P.O. Box 391
    Gurabo, P.R. 00778-0391

/mmr



UNIDAD ANTIDISCRIMEN
431 Ave. Ponce de León, Piso 11 Edificio National Plaza, Hato Rey, P.R 00917    PO. Box 195540, San Juan, P.R 00919-5540
T.787. 625.3137 ext. 3259 / Fax.787.763.3000   ·  www.trabajo.pr.gov

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:  Sra. Nydia Febo
c/o Lcda. Arlene De L. Santana
PO Box 391
Gurabo, PR 00778-0391

From:  Miami District Office
Miami Tower, 100 S E 2nd Street
Suite 1500
Miami, FL 33131

☐  *On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative. | Telephone No. |
|---|---|---|
| 16H-2017-00379 | Ina Depaz, State & Local Coordinator | (305) 808-1752 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☒  More than 180 days have passed since the filing of this charge.

☐  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒  The EEOC is terminating its processing of this charge.

☐  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐  The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

**MICHAEL J. FARRELL,**
**District Director**

APR 0 5 2018

*(Date Mailed)*

Enclosures(s)

cc:   COMISION INDUSTRIAL DE PUERTO RICO
Lcda. Grace Lozada, Presidenta (co querellada)
Nicole M. Torres, Directora R.H. Interina, (co querellada)
Iris M. Cabeza, Supervisora, (co querellada)
Johanna M. Agosto, Directora R.H. (co querellada)
PO Box 364666
San Juan, PR 00936-4466

Lcda. Lourdes E. Rosado,
PO Box 364466
San Juan, PR 00936-4466

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE SAN JUAN

NYDIA FEBO VAZQUEZ

Demandante

VS.

COMISION INDUSTRIAL DE PUERTO RICO por conducto de su Presidenta Diana B. Cordero Díaz; SECRETARIA DE JUSTICIA Hon. Wanda Vázquez; GRACE LOZADA CRESPO, en su carácter oficial y personal; JOHANNA AGOSTO NIEVES, en su carácter oficial y personal; IRIS M. CABEZA PÉREZ, en su carácter oficial y personal; NICHOLLE M. TORRES GONZALEZ, en su carácter oficial y personal

Demandados

CIVIL NUM.SJ2018CV04361

SOBRE: DISCRIMEN IDEAS POLITICA; DISCRIMEN POR IMPEDIMENTO, ACOMODO RAZONABLE; VIOLACION DE DERECHOS CIVILES; REPRESALIAS

PRIMERA DEMANDA ENMENDADA

AL HONORABLE TRIBUNAL:

Comparece la parte DEMANDANTE por conducto de la representación legal que subscribe y ante este Honorable Tribunal muy respetuosamente EXPONE, ALEGA Y SOLICITA:

PARTES

1. Que la demandante es mayor de edad, cuya dirección postal lo es P.O. Box 31080, San Juan, Puerto Rico 00929; dirección física Condominio Vista Verde G 223, San Juan, Puerto Rico.

2. Que la Parte Demandada Comisión Industrial de Puerto Rico esta sita en 310 Calle 3 SE, Urb. La Riviera, Barrio Monacillos, Río Piedras, Puerto Rico. La dirección postal es PO Box 364466, San Juan, Puerto Rico 00936-4466. Que la Parte Demandada es emplazada por conducto de su Presidenta Diana B. Cordero Díaz. Que se incluye a la Secretaria de Justicia, Hon. Wanda Vázquez, para dar cumplimiento a la Regla 4.4 (g) de Procedimiento Civil, ya que la demandada es una agencia pública, y por incluirse como demandados a empleados en su capacidad oficial, cuya dirección física es Apartado 9020192, San Juan, Puerto Rico, 00902-0192, y física Calle Olimpo, Esq. Axtmayer, Parada 11, Miramar, San Juan, Puerto Rico

3. Que la Demandada Grace S. Lozada Crespo, demandada en su carácter oficial y personal, tiene su dirección física y postal en Urb. Bucaré, Calle Onix # 4, Guaynabo, Puerto Rico 00969.

4. Que la Demandada Johanna Agosto Nieves, demandada en su carácter oficial y personal, tiene la dirección postal PO BOX 231, San Lorenzo, Puerto Rico 00754. La dirección física conocida es 310 Calle 3 SE, Urb. La Riviera, Barrio Monacillos, Río Piedras, Puerto Rico.

5. Que la Demandada Iris M. Cabeza Pérez, demandada en su carácter oficial y personal, tiene la dirección RR-2 Box 5675, Toa Alta, Puerto Rico 00953. Que la dirección física conocida es 310 Calle 3 SE, Urb. La Riviera, Barrio Monacillos, Río Piedras, Puerto Rico

6. Que la Demandada Nicholle M. Torres González, demandada en su carácter oficial y personal, tiene la dirección física y postal Urbanización Sabanera, Camino Los Juncos # 147, Dorado, Puerto Rico 00646.

## INTRODUCCION

7. La Demandante allá para el 16 de mayo de 2017, presentó Querella ante la Unidad Anti Discrimen del Departamento del Trabajo y Recursos Humanos, la cual fuera posteriormente enmendada el 26 de febrero de 2018.  La Unidad Anti Discrimen emitió autorización para litigar **el 6 de abril de 2016, y el "notice of right to sue" por la Oficina de** Distrito de Miami se emitió el 5 de abril de 2018. Anejos 1 y 2.   La Demandante radicó querella ante la Unidad Antidiscrimen bajo las causas de **discrimen político, discrimen por salud/impedimento/acomodo razonable, y represalias.**

8. Las actuaciones llevadas a cabo por la Parte Demandada contra la Demandante han sido unas arbitrarias, injustas, discriminatorias, constitutivas de actuaciones perjudiciales, de humillaciones, afectando así los términos, condiciones, y privilegios de empleo de la Demandante, en violación a sus derechos protegidos constitucionalmente.

## RELACION DE HECHOS MATERIALES

9. La demandante comenzó a trabajar para la demandada Comisión Industrial de Puerto Rico allá para el 15 de octubre de 2003, en una posición de Oficinista

Mecanógrafo I en la oficina de Asesoramiento Médico.  En el año de 2004, en virtud de Plan de Clasificación, cambio a la clase  de Asistente de Recursos Humanos.    Las funciones de trabajo de la clase de Asistente de Recursos Humanos consisten en:  transcribir cartas, memorandos e informes; control de la correspondencia que se le envía y recibe, mediante hojas de trámite o de envío; actividades variadas de oficina y administrativas y de apoyo en la Oficina de Recursos Humanos y Relaciones Laborales; "Merge" y  envío de convocatorias a otras agencias gubernamentales; colabora con el envío de convocatorias a los oficiales examinadores de las salas de Humacao, Mayagüez, Ponce y Arecibo; contesta llamadas y toma mensajes oficiales para el Director y empleados de la oficina; trabaja con  la Coordinadora de Asuntos de Retiro,  como Coordinadora Auxiliar de todo trámite llevado ante los sistemas de Retiro; realiza viajes a la Oficina de Retiro para asuntos relacionados de los empleados de la Comisión Industrial; prepara requisiciones de materiales de oficina según se lo requieran; redacta correspondencia y completa formularios para la revisión y firma del supervisor según sea requerido; trabaja las descripciones de puestos; da seguimiento a aquellos trabajos que conllevan trámite con supervisores y empleados con la cumplimentación con la hoja de deberes; estudia y analiza expedientes de los empleados para corroborar años de servicios; actualiza el listado de años de servicio para el listado de los botones de años de servicio para la semana del servidor público; ofrece información y orienta empleados respecto a actividades , normas y procedimientos de recursos humanos;  prepara y rinde informe de labor realizada, estadísticos e informes especiales, según lo requerido; actualiza conocimientos  relacionados con su ámbito de trabajo y participa en adiestramientos, seminarios, conferencias y otras actividades de capacitación; provee servicios de apoyo a otras unidades de trabajo, cuando las necesidades del servicio lo requieran.

10. La Demandante es activista del Partido Nuevo Progresista, lo cual es de conocimiento en su lugar de trabajo.  Durante la administración del Gobernador Alejandro García Padilla, quien fuera el candidato del Partido Popular Democrático, la Demandante participó en unión a otros empleados en un recogido

*de firmas para apoyar en la permanencia en la presidencia de la Comisión Industrial al Lic. Basilio Torres Rivera, quien fuera nombrado por la pasada administración del Gobernador Luis Fortuño Burset, quien fuera el candidato del Partido Nuevo Progresista. La intervención de la Demandante se extendió hasta llegar a hacer cartas o comunicaciones a miembros de la Asamblea Legislativa (Ángel de la Rosa, José Aníbal Torres, **José** "Conny" Varela, La Santa) en apoyo a la permanencia en la presidencia del Lic. Torres Rivera; solicitó, además apoyo a los abogados postulantes en la Comisión, inclusive a la aquí demandada Lic. Grace S. Lozada, quien posteriormente fue nombrada por el Gobernador García Padilla Presidenta de la Comisión Industrial de Puerto Rico, allá para el año de 2015.*

11. *Allá para el 11 de agosto de 2015, la Directora de Recursos Humanos Iris M. García Sánchez, informa a la Demandante que por instrucciones de la Presidenta Grace Lozada Crespo, se le estaba moviendo al Área de Licencias. Ante esa situación, y carecer la Demandante de conocimientos del área de licencias y Sistema de "Kronos", en reunión sostenida entre la Demandante y la Presidenta Lic. Lozada Crespo durante el mes de septiembre de 2015, la Demandante solicitó personalmente a la Presidenta Lozada Crespo, que le asignaran en otra área, lo cual no fue aceptado por ésta última. La Demandante fue despojada de las funciones inherentes de su puesto.*

12. *En el mes de agosto de 2016, llega como Supervisora al Área de licencias la demandada Iris M. Cabeza Pérez, siendo la Demandante la única empleada bajo su supervisión.*

13. *El 29 de septiembre de 2016, la Demandante se reportó al Fondo del Seguro del Estado, lo cual fuera informado a su supervisora la demandada Iris M. Cabeza Pérez, y habiéndose llenado el Informe Patronal. Al reportarse la Demandante a trabajar el 11 de octubre de 2016, se reúne con la demandada Grace Lozada Crespo para informar que ella se había reportado al Fondo del Seguro del Estado, que había entregado a su supervisora Iris M. Cabeza Pérez el Informe patronal e informado que se iba a reportar al Fondo del Seguro del Estado; ya, que la*

*demandada Grace Lozada Crespo desconocía que se hubiese reportado al Fondo del Seguro del Estado.*

14. *El 14  de octubre de 2016, por motivo de sentirse enferma, aproximadamente a las 2:30 pm la Demandante llena la Hoja de Licencia por Enfermedad y se lo entrega a la supervisora la demandada Iris M. Cabeza Pérez, quien se niega a firmarlo.  El 17 de octubre de 2016, la supervisora la demandada Iris M. Cabeza Pérez envió un memo a la Demandante por correo electrónico sobre Normas y Reglamentos de la Comisión Industrial de Puerto Rico sobre las salidas, tiempo de descanso (break), tardanzas, uso de celular, desayuno antes de 8:00 am.*

15. *El 7 de diciembre de 2016, aproximadamente a las 8:48 am, la demandada Iris M. Cabeza Pérez, vociferó a toda voz contra la Demandante  y delante de los demás compañeros de oficina, de forma humillante y altanera, que ella era la supervisora del área de licencias nombrada por la licenciada Lozada Crespo en el poder, que la Demandante tenía que acatar lo que ella indicara y que las funciones de la Demandante eran de "data entry".*

16. *En febrero de 2017, la Directora de Recursos Humanos Johanna M. Agosto se reporta a agotar su licencia de maternidad, quedando como Directora de Recursos Humanos  Interina, la ayudante especial de la presidenta, la demandada Nicholle M. Torres González.*

17. *El 7 de marzo de 2017, la Corporación del Fondo del Seguro del Estado, en base a recomendación médica hecha por el Dr. Jesús H. Sánchez notifica a la aquí demandada Comisión Industrial de Puerto Rico, por conducto de su presidenta la Demandada Grace Lozada Crespo, solicitud de acomodo razonable en beneficio de la Demandante, para que ésta pudiese realizar su trabajo. El acomodo razonable consiste en: silla con diseño ergonómico ajustable en altura, espaldar y descansabrazos; auricular inalámbrico, el cual evitará flexión o rotación del cuello, a su vez permitirá realizar otras tareas simultaneas; plano inclinado del tipo "posturite" para evitar flexión del cuello por períodos prolongados, lo cual pudiera provocar exacerbación en su condición; descansa pies, para contribuir en la postura adecuada del cuerpo; ponderar dentro de lo viable , como otra opción y en cumplimiento con los requerimientos de su agencia el ubicarla, asignarla a otra*

área de servicio donde pueda recibir colaboración por parte de otro personal.  No se ha cumplido con el acomodo razonable.

18. El 28 de marzo de 2017, mediante comunicado por escrito de tres páginas, la demandada Grace Lozada Crespo hace en contra la Demandante amonestación. A raíz de esto,  la Demandante hizo varias  solicitudes de reunión con la demandada Grace Lozada Crespo por conducto de su secretaria Jessica Serrano, reunión que no se llevó a cabo  Sobre esta amonestación se llevó vista administrativa el 11 de mayo de 2017, luego de lo cual se confirmó la amonestación.

19. La Demandante era seguida por la demanda Nicholle Torres González si salía del área de oficina, llegando  hasta  a los cubículos del baño de damas, eso ocurrió los días 21 y 25 de abril de 2017; 16 de mayo de 2017, 26 de mayo de 2017, 14 de junio de 2017, 29 de junio de 2017, 30 de junio de 2017. También era seguida por la demandada Iris M. Cabeza, quien la siguió al baño  el día 29 de junio de 2017.

20. Con fecha del 27 de abril de 2017, la Demandada Iris M. Cabeza Pérez advierte verbalmente a la Demandante que la Directora Interina de Recursos Humanos la Demandada Nicholle Torres González tenía una agenda contra la Demandante, que la estaba carpeteando por sus ideales políticos y que la quería botar, y que se pasaba revisando los balances de licencias de la Demandante.

21. El 4 de mayo de 2017, por instrucciones de la supervisora, la Demandada Iris Cabeza Pérez, se le eliminaron a la Demandante las funciones de las tarjetas del sistema "Kronos".

22. En el periodo del 19 al 23 de mayo de 2017, los cubículos del área de trabajo de la Demandante fueron removidos, careciendo de privacidad en su área de trabajo. Fue objeto a causa de esta situación a mofa y burla por parte de sus compañeros, quienes expresaron comentarios como:  "ahora si que esto está al descubierto", "que feo está esto", "a  ti es a la que están velando".

23. El  escritorio de la Demandante fue colocado al frente de la oficina de la Directora Interina de Recursos Humanos  aquí demandada Nicholle Torres González, quien continuamente vigilaba a la Demandante, y la seguía  hasta el cuarto de baño.

24. Desde mayo de 2017, las demandadas Nicholle Torres González e Iris M. Cabeza
Pérez, le inspeccionaban  los documentos y expedientes que estaban sobre el
escritorio de la Demandante, y en el área de las impresoras.

25. El día 12 de junio de 2017, la demandada Iris M. Cabeza le preguntó a la
Demandante si había ido a votar al plebiscito por la estadidad de Puerto Rico, a
lo cual la Demandante contestó en la afirmativa, a lo cual la Demandada ripostó
*"vamos a ver si le hacen caso a los PNP en Estados Unidos".*

26. El día 12 de junio de 2017,  la Demandante recibió llamada de la demandada
*Grace Lozada Crespo, quien le expresó:*  *"Es la Presidenta y no me **conoces",** a*
lo que la Demandante contestó que si la conocía y cómo la podía ayudar, y
procedió a ayudarla con unas asistencias del Lic. Miguel Díaz.

27. Desde junio de 2017, y al serle asignado trabajo a la Demandante por la
Demandada Iris M. Cabeza, se le asigna trabajo, y aun sin terminarlo se le asigna
otro;  se le está  dando seguimiento de la ejecución del trabajo mediante correos
electrónicos.

28. La Demandante ha tenido que radicar tres  casos ante la Junta de Relaciones del
Trabajo para vindicar sus derechos por solicitud de diferencial, despojo de
funciones y por  medidas disciplinarias arbitrarias, Casos CA 2016-34, CA 2016-
32,  CA 2016-32-E-01. Además, ante la Unidad Antidiscrimen del Departamento
del Trabajo.

### PRIMERA CAUSA DE ACCION

29. Se hace formar parte de esta Primera Causa de Acción los párrafos contenidos
en el apartado anterior de Relación de Hechos Materiales.

30. El Artículo II, Sección 1, de la Constitución del Estado Libre Asociado de Puerto
Rico establece que: *"La dignidad del ser humano es inviolable. Todos los hombres*
*son iguales ante la Ley. No podrá establecerse discrimen alguno por motivo de*
*raza, color, sexo, nacimiento, origen o condición social, ni ideas políticas o*
*religiosas."*
La Ley de Pleitos Contra el Estado, Ley Número 104 del 29 de junio de 1955,
contempla las demandas a sus funcionarios y ex funcionarios por violación de
derechos civiles.  32 L.P.R.A. sec. 3085.

31. La Ley 100 del 30 de junio de 1959, según enmendada, 29 L.P.R.A. sec. 146, et

seq, reconoce la política pública de no discriminación en los lugares de empleo.

El Artículo 1, 29 LPRA sec 146, establece que:

*"Todo patrono que despida, suspenda o discrimine contra un empleado suyo en
relación a su sueldo, salario, jornal o compensación, términos y categorías,
condiciones o privilegios de trabajo, o que deje de emplear o rehúse emplear o
reemplear a una persona, o limite o clasifique sus empleados en cualquier forma que
tienda a privar a una persona de oportunidades de empleo o que afecten su status
de emplead, por razón de edad, según ésta se define mas adelante, raza, color,
sexo, orientación sexual, identidad de género, origen social o nacional, condición
social, afiliación política, o ideas políticas o religiosas, o por ser víctimas o ser
percibida como víctima de violencia doméstica, agresión sexual o acecho, [por ser
militar, ex militar, servir o haber servido en las Fuerzas Armadas de los Estados
Unidos o por ostentar la condición de veterano] del empleado o solicitante de empleo:*

*(a) Incurrirá en responsabilidad civil:*
*(1) Por una suma igual al doble del importe de los daños que el acto haya causado al*
*empleado o solicitante de empleo;"*

32. Contra la Demandante el patrono aquí demandado a través de sus directores,

oficiales, empleados, dependientes y/o representantes,   incurrió en actuaciones

arbitrarias, de humillaciones y vejámenes, imponiéndole a la demandante a un patrón

de discrimen, de imposición de condiciones onerosas y discriminatorias por razón de

afiliación política, tratando a la demandante de manera desigual, despojando a la

demandante de sus funciones a pesar de que la demandante cumplía a cabalidad

con su trabajo y excedía las expectativas con su trabajo, siendo la demandante

humillada frente a todo el personal.

33. La Parte Demandada Comisión Industrial de Puerto Rico, no cumplió con su deber

de supervisión para con sus empleados, ya que no tomó medidas para evitar que en

el lugar de trabajo que se llevaran a cabo actuaciones arbitrarias, de humillaciones y

vejámenes, patrón de discrimen, de imposición de  condiciones onerosas y

discriminatorias por razón de afiliación política, de discrimen por impedimento, que se

tomaran represalias contra la Demandante, por ésta  tratar de vindicar sus derechos

ante foros administrativos.

34. Que las demandadas Grace S. Lozada Crespo, Johanna Agosto Nieves, Iris M.

Cabeza Pérez, Nicholle M. Torres González, demandadas todas en su capacidad

oficial y personal, incurrieron en actuaciones arbitrarias, discriminatorias, y de

represalia contra la Demandante, por lo cual responden  a la Demandante.

35. Debido a estas actuaciones y omisiones de la parte demandada en violación a la legislación previamente enunciada, por lo que de conformidad a la antedicha legislación y a los Artículos 1802 y 1803 del Código Civil de Puerto Rico, 31 LPRA secs. 5142 y 5143, por los daños y perjuicios, angustias y sufrimientos mentales que los demandados han ocasionado a la Demandante se solicita en resarcimiento una cantidad que asciende a cincuenta mil dólares ($50,000.00) y se solicita se imponga contra la parte demandada la penalidad del doble importe de los daños, mas el pago de costas y honorarios de abogado.

## SEGUNDA CAUSA DE ACCION

36. Se hace formar parte de esta segunda causa de acción el apartado de Relación de Hechos Materiales.

37. En el 1991 la Asamblea Legislativa legisló para brindar a los empleados una protección en contra de las represalias en el ámbito laboral. La Ley Núm. 115 de 20 de diciembre de 1991, 29 L.P.R.A. 194 et seq, establece en su Artículo 2 la prohibición de tomar represalias en contra de un empleado por ofrecer testimonio.

> Ningún patrono podrá despedir, amenazar, o discriminar contra un empleado con relación a los términos, condiciones, compensación, ubicación, beneficios o privilegios del empleo porque el empleado ofrezca o intente ofrecer, verbalmente o por escrito, cualquier testimonio, expresión o información *ante un foro legislativo, administrativo o judicial en Puerto Rico*, cuando dichas expresiones no sean de carácter difamatorio ni constituyan divulgación de información privilegiada establecida por ley. (énfasis suplido)

38. La Demandante ha radicado casos ante la Junta de Relaciones del Trabajo, y ante la Unidad Antidiscrimen del Departamento del Trabajo, en los cuales ha presentado documentos exponiendo su posición ante las actuaciones de la Parte Demandada, y solicitando remedio contra ello; por lo cual, la Parte Demandada ha tomado contra de Demandante represalias. Luego de la radicación de la querella ante la Unidad Antidiscrimen los actos constitutivos de represalias se intensificaron y/o exacerbaron, **y así se desprende del Apartado de "Relación de Hechos Materiales".**

39. La Parte Demandada Comisión Industrial de Puerto Rico, no cumplió con su deber de supervisión para con sus empleados, ya que no tomó medidas para evitar que en el lugar de trabajo que se llevaran a cabo actuaciones arbitrarias de represalias contra la Demandante, por ésta tratar de vindicar sus derechos ante foros administrativos.

40. Que las demandadas Grace S. Lozada Crespo, Johanna Agosto Nieves, Iris M. Cabeza Pérez, Nicholle M. Torres González, demandadas todas en su capacidad oficial y personal, incurrieron en actuaciones arbitrarias, discriminatorias, y de represalia contra la Demandante, por lo cual responden a la Demandante

41. Se solicita en resarcimiento por los daños ocasionados en base a la legislación laboral antes mencionada y al 1802 y 1803 del Código Civil de Puerto Rico, 31 LPRA secs. 5142 y 5143, a la Demandante, por la cantidad de cincuenta mil dólares ($50,000.00) de compensación por represalias, que se le imponga a la parte demandada la penalidad del doble importe de los daños, mas el pago de costas y honorarios de abogado.

TERCERA CAUSA DE ACCION

42. La Ley de Igualdad de Oportunidades de Empleo para Personas con Impedimentos, Ley Núm. 44 del 2 de julio de 1985, 1 L.P.R.A. sec. 505, según enmendada establece en su Artículo 5 que:

> "Las instituciones públicas o privadas no ejercerán, pondrán en vigor o usarán procedimientos, métodos o prácticas discriminatorias de empleo contra personas con algún tipo de impedimento físico, mental o sensorial por el mero hecho de tal impedimento. Esta prohibición incluye el reclutamiento, compensación, beneficios marginales, facilidades de acomodo razonable y accesibilidad, antigüedad, participación en programas de adiestramiento, promoción y cualquier otro término, condición o privilegio en el empleo. "

43. La American with Disabilities Act (Ley ADA), según enmendada por American with Disabilities Act de 2008, prohíbe el discrimen en el empleo, y contempla la concesión de acomodo razonable. 42 U.S.Code Capítulo126, secs. 12101 y ss.

44. La parte demandada a pesar de la Demandante haber solicitado un acomodo razonable con justificación médica, el mismo no fue concedido. La Parte Demandada Comisión Industrial de Puerto Rico, a través de sus empleadas y/o representantes aquí demandadas en su capacidad oficial y personal, no cumplieron con la petición de acomodo razonable de la Demandante.

45. La Parte Demandada Comisión Industrial de Puerto Rico, no cumplió con su deber de supervisión para con sus empleados, ya que no tomó medidas para evitar que en el lugar de trabajo que se llevaran a cabo actuaciones arbitrarias, de

*humillaciones y vejámenes, patrón de discrimen, de imposición de  condiciones*

*onerosas, de discrimen por impedimento.*

*46. Que las demandadas Grace S. Lozada Crespo, Johanna Agosto Nieves, Iris*

*M. Cabeza Pérez, Nicholle M. Torres González, demandadas todas en su*

*capacidad  oficial  y  personal,  incurrieron  en  actuaciones  arbitrarias,*

*discriminatorias, por lo cual responden  a la Demandante.*

*47. Por tal acción arbitraria y los daños ocasionados en virtud del 1802 y 1803 del Código*

*Civil  de  Puerto  Rico,  31  LPRA secs.  5142  y  5143,  y  la legislación  laboral  antes*

*mencionada, reclama la Demandante la cantidad de cincuenta mil dólares ($50,000),*

*que se  le  imponga  a la parte demandada  la penalidad  del  doble importe de los daños,*

*mas el pago de costas y honorarios de abogado.*

## SUPLICA

*Por todo lo cual, muy respetuosamente se solicita de este Honorable Tribunal que*

*declare CON LUGAR la demanda enmendada, y que la parte demandada sea incursa*

*en responsabilidad, y que la demandante sea compensada por las  cantidades aquí*

*solicitada, y la imposición de penalidad del importe doble de los daños, y la imposición*

*de costas, gastos y honorarios de abogado.  En Trujillo Alto, Puerto Rico a  27  de junio*

*de 2018.*

**f/ ARLENE DE LOURDES SANTANA CRUZ**
*ABOGADA PARTE DEMANDANTE*
*RUA NUM. 10089*
*PO BOX 391*
*GURABO, PR 00778-0391*
*Tel. 787-547-0145*
*arcangelina2015@gmail.com*


ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
CENTRO JUDICIAL DE SAN JUAN
SALA SUPERIOR

| | |
|---|---|
| **NYDIA FEBO VAZQUEZ**<br>**Parte Demandante** | **CASO NÚM.: SJ2018CV04361** |
| **v.** | **SALA: 801** |
| **COMISION INDUSTRIAL DE PUERTO RICO, SECRETARIA DE JUSTICIA,GRACE LOZADA CRESPO,JOHANNA AGOSTO NIEVES, IRIS M. CABEZA PEREZ y NICOLE M. TORRES TORRES**<br>**Parte Demandada** | **SOBRE:**<br>**VIOLACIÓN DERECHOS CIVILES ,ACOMODO RAZONABLE, REPRESALIAS, DISCRIMEN** |

**AVISO DE PARALIZACIÓN DE LOS PROCEDIMIENTOS POR VIRTUD DE LA PRESENTACIÓN DE LA PETICIÓN PRESENTADA POR EL GOBIERNO DE PUERTO RICO BAJO EL TÍTULO III DE _PROMESA_**

**AL HONORABLE TRIBUNAL:**

Comparece el Departamento de Justicia del Gobierno de Puerto Rico, de forma especial y sin que se entienda por este acto renunciada <u>ninguna defensa</u>, incluyendo el no someterse a la jurisdicción del Tribunal, de proceder la misma, por conducto de la representación legal que suscribe, y muy respetuosamente expone y solicita:

1. La demanda de epígrafe fue presentada el 2 de julio de 2018, reclamándose contra el Gobierno de Puerto Rico, sus agencias o funcionarios, por hechos que alegadamente acontecieron previo al 3 de mayo de 2017. Según relata la parte demandante en su escrito, la parte demandada tuvo un patrón de persecución en su contra desde agosto de 2015 lo que culminó en una amonestación el 28 de marzo de 201vista administrativa el 11 de mayo de 2017. Así las cosas, podrá notar este Honorable Tribunal que la reclamación del presente caso está basada en una reclamación de hechos que acontecieron con anterioridad al 3 de mayo de 2017 por lo que procede la paralización. Veamos.

2. El 30 de junio de 2016 se aprobó la ley federal conocida como "Puerto Rico Oversight, Management, and Economic Stability Act" ("PROMESA", por sus siglas en ingles), 48 U.S.C. §§ 2101 <u>et seq</u>

3. De conformidad con las disposiciones de PROMESA, el 3 de mayo de 2017 la Junta de Supervisión y Administración Financiera para Puerto Rico presentó una petición de quiebra a nombre del Gobierno de Puerto Rico ante la Corte de Distrito de los Estados Unidos

para el Distrito de Puerto Rico. *Véase, In re: Commonwealth of Puerto Rico*, case no. 17-1578 (en adelante, la "Petición"). A la fecha en que se presenta este escrito, la Petición está pendiente ante la Corte de Distrito de los Estados Unidos.

4.     La Petición fue presentada bajo el título III de PROMESA el cual dispone en su Sección 301(a) la aplicación, entre otras, de las Secciones 362 y 922 del título 11 del Código Federal de los Estados Unidos, conocido como Código de Quiebra de los Estados Unidos.

5.     El propósito fundamental de todo procedimiento de quiebra es que el deudor tenga oportunidad de reorganizar su actividad económica, mientras se protegen los intereses de los acreedores. Ello se logra al distribuir los activos del peticionario deudor entre sus legítimos acreedores, de conformidad con las disposiciones de la Ley de Quiebra. *Allende v. García*, 150 D.P.R. 892, 898-899 (2000).

6.     En virtud de las secciones 362 y 922 del Código de Quiebras, la presentación por el Gobierno de Puerto Rico de la Petición tiene el efecto automático, inmediato y directo de paralizar toda acción civil que cualquier persona natural o jurídica haya iniciado, intente continuar o de la cual solicite la ejecución de una sentencia contra el Gobierno, mientras los procedimientos de quiebra se encuentran pendientes ante el Tribunal. 11 U.S.C. §§ 362(a), 922(a); 48 U.S.C. § 2161(a)(emphasis provided).[1]

7.     Dispuso el TSPR en *Marrero Rosado v. Marrero Rosado*, 178 D.P.R. 476, 490 (2010), que "[l]a paralización automática es una de las protecciones más básicas que el legislador estadounidense instituyó en el Código de Quiebras para los deudores que se acogen a éste". Con la paralización automática se impide, "entre otras cosas, el comienzo o la continuación de cualquier proceso judicial, administrativo o de otra índole que fue o pudo haber sido interpuesto en contra del deudor, o para ejercitar cualquier acción cuyo derecho nació antes de que se iniciara la quiebra". íd., pág. 491. *Véase*, además, 11 U.S.C.A. sec. 362; *Soares v. Brockton Credit Union*, 107 F.3d 969, 975 (1er Cir. 1997).

8.     Puede también impedir la ejecución de una sentencia previa o detener la creación, perfección o ejecución de un gravamen anterior a la interposición de la quiebra. *Íd*. Sus efectos se manifiestan desde que se presenta la petición de quiebra hasta que recae la sentencia final, y no se requiere una notificación formal para que surta efecto. *Jamo v. Katahdin Fed. Credit*

---

[1] Nótese que la paralización que se activa con la Petición es más abarcadora que la que existía hasta el 1 de mayo de 2017. Esta última se refería en términos generales a deuda financiera, mientras que la se activa con la radicación de la Petición aplica a cualquier litigio en contra del deudor que pudo haber sido comenzado antes de la radicación del procedimiento bajo el Título III de PROMESA. *Véase* Sección 405 de PROMESA.

*Union*, 283 F.3d 392, 398 (1er Cir. 2002). Provoca también que los tribunales estatales queden privados de jurisdicción automáticamente, e incluso, es tan abarcadora que paraliza litigios que tienen poco o nada que ver con la situación financiera del deudor. 3 Collier on Bankruptcy sec. 362.03[3] (2009).

9.      Para que esta paralización surta efecto **no se requiere notificación alguna previa** a tal persona, ya que la presentación de la solicitud de quiebra basta para producir la paralización aludida. *Morales v. Clínica Femenina de P.R.*, 135 D.P.R. 810, 820 n. 5 (1994) (Sentencia). La actuación judicial que así lo disponga es meramente declarativa del estado fijado por la ley federal.

10.     No obstante, por deferencia a este foro y en consideración a los señalamientos y procedimientos previamente calendarizados en el caso de autos presentamos el presente escrito en aras de que este Tribunal tome conocimiento judicial de lo antes expuesto y proceda con la paralización de todos los procedimientos ante su consideración, de conformidad con las Secciones 362(a) y 922(a) del Código de Quiebra, según incorporadas por referencia bajo la Sección 301(a) de Promesa. 48 USC § 2161(a).

11.     Esta notificación de paralización no se debe entender como que el Gobierno de Puerto Rico renuncia a cualquier planteamiento adicional sobre el efecto de la aprobación de PROMESA al caso de autos, ni a ningún derecho o defensa que surja del Título III de PROMESA.  Tampoco se debe entender como una renuncia a ninguna alegación o defensa que pueda levantar el Gobierno en el caso de epígrafe una vez culmine la paralización o se emita cualquier orden en los procedimientos bajo el Título III que incidan en el caso de autos.

**POR TODO LO CUAL**, se solicita muy respetuosamente a este Honorable Tribunal que tome conocimiento de lo aquí informado.

**RESPETUOSAMENTE SOMETIDO.**

En San Juan , Puerto Rico a 22de agosto de 2018.

**CERTIFICO**: Haber notificado mediante correo electrónico copia fiel y exacta de la presente escrito a: Lcda. Arlene De Lourdes Santana Cruz, arcangelina2015@gmail.com.

**WANDA VAZQUEZ GARCED**
Secretario de Justicia

**WANDYMAR BURGOS VARGAS**
Secretaria Auxiliar de Litigios

**CHRISTIAN CASTRO PLAZA**
Director de Asuntos Legales de lo Civil
División de Laboral

**SANDRA BOSQUES RIVERA**
Numero de RUA 9967
Departamento de Justicia
División de Litigios Generales
Subdivisión de Laboral
PO Box 9020192
San Juan Puerto Rico, 00902-0192
Tel. (787) 721-2900 Ext. 2244
Correo electrónico:
sabosques@justicia.pr.gov

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE PRIMERA INSTANCIA
CENTRO JUDICIAL DE  San Juan
SALA SUPERIOR DE  San Juan

| NYDIA FEBO VAZQUEZ | CASO NÚM. | SJ2018CV04361 (SALÓN 801 DAÑOS Y PERJUICIOS) |
|---|---|---|
| VS | | |
| COMISION INDUSTRIAL DE PUERTO RICO Y OTROS | SOBRE: | DISCRIMEN Y OTROS |

## NOTIFICACIÓN

A:   ARLENE D SANTANA CRUZ
     ARCANGELINA2015@GMAIL.COM

     SANDRA BOSQUES RIVERA
     PATIMAPR@YAHOO.COM

El (La) Secretario(a) que suscribe certifica y notifica a usted que con relación al (a la) CASO EPÍGRAFE este Tribunal emitió una SENTENCIA el 27 de agosto de 2018.

Se aneja copia o incluye enlace:
Presione aquí para acceder al documento electrónico objeto de esta notificación. [15]

SE LE ADVIERTE que al ser una parte o su representante legal en el caso sujeto a esta SENTENCIA, usted puede presentar un recurso de apelación, revisión o certiorari de conformidad con el procedimiento y en el término establecido por ley, regla o reglamento.

CERTIFICO que la determinación emitida por el Tribunal fue debidamente registrada y archivada hoy 27 de agosto de 2018, y que se envió copia de esta notificación a las personas antes indicadas, a sus direcciones registradas en el caso conforme a la normativa aplicable. En esta misma fecha fue archivada en autos copia de esta notificación.

En  San Juan, Puerto Rico, a 27 de agosto de 2018.


GRISELDA RODRIGUEZ COLLADO                    Por:     f/LIANY DE JESUS SANCHEZ
    Nombre del (de la)                                   Nombre y Firma del (de la)
  Secretario(a) Regional                            Secretario(a) Auxiliar del Tribunal

EN EL TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE SAN JUAN

| | |
|---|---|
| NYDIA FEBO VAZQUEZ<br>DEMANDANTE<br><br>VS.<br><br>COMISION INDUSTRIAL DE<br>PUERTO RICO, ET ALS<br>DEMANDADOS | CIVIL NÚM: SJ2018CV04361<br><br>SALA:   801<br><br>SOBRE: DISCRIMEN IDEAS<br>POLITICAS, ETC |

## SENTENCIA

Este Tribunal toma conocimiento de que el 3 de mayo de 2017, fue presentada Petición de quiebra, al amparo de la Ley PROMESA, en virtud de la cual todo procedimiento sobre reclamación de daños y perjuicios contra el Gobierno de Puerto Rico (ELA) queda paralizado, privando a este Tribunal de su jurisdicción.

En vista de lo anterior, se dicta **Sentencia** de archivo en el presente caso, a los fines administrativos, únicamente. A solicitud oportuna de parte, el caso será reabierto, continuando los procedimientos, de entender que así procede.

REGISTRESE Y NOTIFIQUESE.

En San Juan, Puerto Rico, a 27 de agosto de 2018.

f/ OLGA GARCIA VINCENTY
JUEZ SUPERIOR

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE SAN JUAN

| | |
|---|---|
| NYDIA FEBO VAZQUEZ<br><br>Demandante<br><br>VS.<br><br>COMISION INDUSTRIAL DE PUERTO RICO Y OTROS<br><br>Demandados | CIVIL NUM.SJ2018CV04361<br><br>SOBRE: DISCRIMEN IDEAS POLITICA; DISCRIMEN POR IMPEDIMENTO, ACOMODO RAZONABLE; VIOLACION DE DERECHOS CIVILES; REPRESALIAS |

### MOCION SOLICITANDO RECONSIDERACIÓN A ORDEN Y SENTENCIA DICTADAS EL 27 DE AGOSTO DE 2018

AL HONORABLE TRIBUNAL:

Comparece la parte DEMANDANTE por conducto de la representación legal que subscribe y ante este Honorable Tribunal muy respetuosamente EXPONE, ALEGA Y SOLICITA:

### INTRODUCCION

1.- Allá para el 15 de junio de 2018, la Parte Demandante radicó Demanda contra las demandadas, Comisión Industrial de Puerto Rico por conducto de su Presidenta Lic. Diana B. Cordero y por conducto de la Secretaria de Justicia, Hon. Wanda Vázquez; contra Grace Lozada Crespo, en su carácter oficial y personal; contra Johanna Agosto Nieves, en su carácter oficial y personal; contra Iris M. Cabeza Pérez, en su capacidad oficial y personal; contra Nicholle M. Torres González, en su carácter oficial y personal.

2.- Mediante la Demanda la Demandante expone reclamación contra las demandadas por discrimen por afiliación política; violación de derechos civiles; represalias; y, por acomodo razonable, ya que no se ha concedido acomodo razonable a pesar de recomendación médica. Se solicitaron partidas en daños y perjuicios en la Demanda, por los daños sufridos por la Demandante. Las causas de acción fueron presentadas a tenor con la Constitución del Estado Libre Asociado de Puerto Rico; Ley 100 de 30 de junio de 1959, según enmendada; La Ley de Igualdad de Oportunidades de Empleo para Personas con Impedimentos, Ley Núm. 44 del 2 de julio de 1985; y, la American With

Disabilities Act (Ley ADA), según enmendada por American With Disabilities Act de 2008, 42 USC, Capítulo 126, secs. 12101 y ss.

3.- Previo a la radicación de este caso ante el Foro Judicial, la parte Demandante radicó caso administrativo ante la Unidad Antidiscrimen del Departamento del Trabajo allá para el 16 de mayo de 2017. Que la Unidad Antidiscrimen del Departamento del Trabajo emitió la autorización para litigar el 26 de febrero de 2018 , y el U. S. Equal Employment Opportunity Commission, el 5 de abril de 2018.

4.- Con fecha del 27 de junio de 2018, se solicitó enmendar Demanda para corregir nombre de la Demandada Nicholle M. Torres González, y expedición de emplazamiento de esta demandada, lo cual fuera autorizado por el Honorable Tribunal mediante orden de 28 de junio de 2018.

5.- Las demandadas Comisión Industrial de Puerto Rico, Grace Lozada Crespo, Johanna Agosto Nieves, Iris M. Cabeza Pérez, y la Secretaria de Justicia radicaron con **fecha del 24 de agosto de 2018, mociones tituladas "Aviso de Paralización de los** Procedimientos por Virtud de la Presentación de la Petición Presentada por el Gobierno **de Puerto Rico Bajo el Título III de PROMESA", cada una respectivamente, solicitando** la paralización de los procedimientos judiciales por la petición de quiebra radicada por el Estado Libre Asociado de Puerto Rico allá para el 3 de mayo de 2017.

6.- Que a raíz de las radicaciones de las mociones antes aludidas, el Honorable Tribunal declaró CON LUGAR la paralización, y dictó Sentencia a tono con lo ordenado, tomando conocimiento el Honorable Tribunal de la petición del Estado Libre Asociado de Puerto Rico ( en adelante E.L.A.) de quiebra bajo Ley Promesa, archivando así el caso para fines administrativos; siendo dictados y notificados ambos documentos el día 27 de agosto de 2018.

### SOBRE LO CUAL SE SOLICITA RECONSIDERACION

7.- La Parte Demandante respetuosamente solicita reconsideración de la determinación u orden judicial de paralizar los procedimientos, declarando HA LUGAR lo solicitado por las demandadas, dictada y notificada el 27 de agosto de 2018.

8.- La Parte Demandante respetuosamente solicita reconsideración de la Sentencia dictada y notificada el 27 de agosto de 2018, mediante la cual el foro judicial toma conocimiento de la petición del Estado Libre Asociado de Puerto Rico de quiebra bajo Ley Promesa, y procede a archivar el caso de epígrafe para propósitos administrativos.

### ARGUMENTACION

9.- Fundamentándose en los argumentos que a continuación se exponen, la Parte Demandante sostiene que no procede la paralización de este caso, y por tanto la sentencia dictada.

10.- La "Puerto Rico Oversight, Management, and Economy Stability Act", Public Law 114-187 del 30 de junio de 2016, conocida como "PROMESA", en su Título III, sección 301 (a), 48 USC 2161, reconoce la aplicabilidad de otras leyes en el proceso, y menciona expresamente entre éstas, las secciones 362 y 922 del Código de Quiebras, Título 11 USC. Estas secciones contemplan la paralización automática a raíz de radicación de petición de quiebra. La sección 362 establece que:

"(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5 (a) (3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of-

(1) The commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;'

Como fuera mencionado en el párrafo tres (3) de este escrito, la Parte Demandante radicó para el 16 de mayo de 2017, su reclamación ante la Unidad Antidiscrimen del Departamento del Trabajo, fecha posterior a la radicación del caso de quiebra del E.L.A.. No es sino, hasta el 26 de febrero de 2018, que la Unidad Antidiscrimen del Departamento del Trabajo emite a favor de la Demandante el permiso de litigar; y, que el U.S. Equal Employment Opportunity Commission, emitiera el permiso para litigar el 5 de abril de 2018. La Demandante como indicara en el párrafo primero (1ro) de este escrito, radicó su caso ante el foro judicial el 15 de junio de 2018. Todo ello, con posterioridad a la radicación del caso de quiebra del E.L.A. que fue el día 3 de mayo de 2017, considerando que el comienzo de ese caso es conforme establecido a la Sec. 304,

Título III de PROMESA, 48 U.S.C. 2164, con la radicación de la petición ante la Corte de Distrito por la Junta de Supervisión.

Más aún, con fecha del 30 de Agosto de 2017, fue radicada ante el Tribunal de **Quiebras para el Distrito de Puerto Rico**, **"Notice of Filing of Creditor List for the Commonwealth of Puerto Rico"**, presentado por  Hermann D. Bauer, Docket Number 1215, en el caso **17-03283**.  El 23 de febrero de 2018, fue radicado **el "Notice of Filing of Amendments to Creditors List For The Commonwealth of Puerto Rico" presentado por** Lic. Hermann D. Bauer, Docket Number 2582.  En ninguno de los listados de acreedores incluidos con  ambas mociones se encuentra la Demandante por motivo de las causas de acción del caso de epígrafe.  A base de lo anterior, la Parte Demandante sostiene que no procede la paralización  solicitada  por las demandadas, por lo que procede la reconsideración aquí presentada.

11.-    La sección 306, Título III de PROMESA, 48 USC 2166 dispone sobre la jurisdicción que:

**"(a) Federal Subject Matter Jurisdiction**- The district courts shall have:

(1) except as provided in paragraph (2), original and exclusive jurisdiction of all cases under this title; and,

(2) except as provided in subsection (b), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, original but not exclusive jurisdiction of all civil proceeding arising under this title, or arising in or related to cases under this title.**"**

Atendiendo la cita de ley antes expuesta y considerando planteamientos de jurisdicción para evaluar si procede o no una paralización en este caso,  el Tribunal Supremo en *Laboratorio Clínico Irizarry Guasch, recurrente v. Departamento de Salud, e Hilda Serrano García por si y en representación de Hilda Serrano García Inc,  v. Oficina de Gerencia de Permisos,* 198 D.P.R. 790, 790, 791-792 (2017), sobre Certificación ha expresado que:  "Por otro lado es necesario señalar que tanto los tribunales federales como los estatales tenemos la facultad inicial de interpretar la paralización y su aplicabilidad a los casos ante nos. In Mid City Parking Inc. 332 BR 798, 803 (N.D. III 2005) ("Non bankruptcy forums in both the state and federal, systems have jurisdiction to at least initially determine whether pending litigation is stayed") (2)".  Reconoce por tanto, que  el  foro  judicial  estatal  tiene  jurisdicción  para  atender  asuntos  relacionados  a paralización (**"automatic stay"**), para hacer determinaciones de si  procede o no.

12.-    La Sección 304 inciso (h) del Título III, 48 USC 2164, indica que:  "This act may not be construed to permit the discharge of obligations arising under Federal police or regulatory laws, including laws relating to the environment, public health, or safety, or territorial laws implementing such Federal legal provisions. This includes compliance obligations, requirements under consent decrees or judicial orders, and obligations to pay associated, administrative, civil or other penalties."

En el caso de epígrafe se incluyó una causa de acción presentada bajo las disposiciones de la American With Disabilities Act (Ley ADA), según enmendada por American With Disabilities Act de 2008, 42 USC, Capítulo 126, secs. 12101 y ss., por incumplimiento con una solicitud de acomodo razonable, que al día de hoy no se ha concedido, siendo un asunto relacionado a la salud, y bajo regulación federal.  Por lo que, la Parte Demandante sostiene que no procede la paralización solicitada por la parte Demandante, en virtud entre otras cosas, de esta excepción contemplada por la misma ley PROMESA.

13.-    En el caso de epígrafe,  se acumularon como demandadas a  Grace Lozada Crespo, en su carácter oficial y personal; Johanna Agosto Nieves, en su carácter oficial y personal;  Iris M. Cabeza Pérez, en su capacidad oficial y personal;  y,  Nicholle M. Torres González, en su carácter oficial y personal.  Estas demandadas en su capacidad personal no están protegidas por las disposiciones de  de la Public Law 114-187 del 30 de junio de 2016, conocida como "PROMESA", y responden a la Demandante con su patrimonio y no con el del Estado Libre Asociado de Puerto Rico.  Por lo cual respetuosamente se solicita que el Honorable Tribunal reconsidere la Orden y Sentencia dictada el 27 de agosto de 2018.

Por todo lo cual, muy respetuosamente la Parte Demandante solicita de este Honorable Tribunal que declare CON LUGAR lo aquí solicitado,  y reconsidere su Orden y Sentencia de 27 de agosto de 2018, con cualquier otro pronunciamiento que en derecho proceda

CERTIFICO:  Haber notificado copia de este escrito a:  LIC. SANDRA BOSQUES RIVERA, a su correo electrónico sabosques@justicia.pr.gov.

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE PRIMERA INSTANCIA
CENTRO JUDICIAL DE  San Juan
SALA SUPERIOR DE  San Juan

| | |
|---|---|
| NYDIA FEBO VAZQUEZ | CASO NÚM.   SJ2018CV04361 (SALÓN 801 DAÑOS Y PERJUICIOS) |
| VS COMISION INDUSTRIAL DE PUERTO RICO Y OTROS | SOBRE:        DISCRIMEN Y OTROS |

## NOTIFICACIÓN

A:   ARLENE D SANTANA CRUZ
ARCANGELINA2015@GMAIL.COM

S S S

SANDRA BOSQUES RIVERA
PATIMAPR@YAHOO.COM

El (La) Secretario(a) que suscribe certifica y notifica a usted que con relación al (a la) MOCIÓN DE MOCION EN TORNO A ORDEN DE 4 DE SEPTIEMBRE DE 2018 [18] este Tribunal emitió una RESOLUCIÓN el 25 de septiembre de 2018.

Se transcribe la determinación a continuación:
A LA SOLICITUD DE RECONSIDERACIÓN DE LA PARTE DEMANDANTE, NO HA LUGAR. [19]

f/OLGA I. GARCÍA VINCENTY

SE LE ADVIERTE que al ser una parte o su representante legal en el caso sujeto a esta RESOLUCIÓN, usted puede presentar un recurso de apelación, revisión o certiorari de conformidad con el procedimiento y en el término establecido por ley, regla o reglamento.

CERTIFICO que la determinación emitida por el Tribunal fue debidamente registrada y archivada hoy 25 de septiembre de 2018, y que se envió copia de esta notificación a las personas antes indicadas, a sus direcciones registradas en el caso conforme a la normativa aplicable. En esta misma fecha fue archivada en autos copia de esta notificación.

En  San Juan, Puerto Rico, a 25 de septiembre de 2018.

| | |
|---|---|
| GRISELDA RODRIGUEZ COLLADO Nombre del (de la) Secretario(a) Regional | Por:    f/LIANY DE JESUS SANCHEZ Nombre y Firma del (de la) Secretario(a) Auxiliar del Tribunal |

L-HR-L

Prime Clerk LLC
(844) 822-9231·PRClaimsInfo@primeclerk.com

**PROMESA PROOF OF CLAIM NUMBER: <u>168048</u>**
Claimant Name: <u>**Vazquez, Nydia Febo**</u>

**<u>Please complete and return this form on or before February 22, 2019</u>**, via email to
<u>PRClaimsInfo@primeclerk.com</u> or by mail, hand delivery, or overnight mail to the following address:

> Commonwealth of Puerto Rico Supplemental Information Processing Center
> 850 3rd Avenue, Suite 412,
> Brooklyn, NY 11232

All supplemental information which you provide will be appended to your claim and appear on the official claims register.

<u>BASIS OF CLAIM:</u>

- ☒ A pending or closed legal action with or against the Puerto Rican government
- ☐ Current or Former Employment with the Government of Puerto Rico
- ☐ Other (describe): _____

<u>FOR A LEGAL ACTION:</u>

Have you commenced a legal action? Y / N    **YES.**

If Yes, fill out the sections below. If No, please attach written notice of your intent to assert a claim, along with proof of mail and contact information for counsel, if available.

Identify the department or agency which is a party to the action: **PUERTO RICO INDUSTRIAL COMMISSION**

Identify the name and address of the court or agency where the action is pending: **Court of First Instance, Superior Court of San Juan, Puerto Rico. Address: Munoz Rivera Ave., Esquina Coll y Toste, Parada 37, San Juan, Puerto rico**

Case number: **SJ2018CV04361**

Title, Caption, or Name of Case: **NYDIA FEBO VAZQUEZ VS. COMISION INDUSTRIAL DE PR Y OTROS**

Status of the case (pending, on appeal, or concluded): **The defendant asked for automatic stay and the Court granted it.**

Do you have an unpaid judgment? Y / N. If so, what is the date and amount of the judgment? **Not yet.**

<u>FOR CURRENT OR PAST EMPLOYMENT:</u>

Specific agency or department where you were, or are, employed: **PUERTO RICO INDUSTRIAL COMMISSION**

Specific period in which you were, or are, employed, in relation to the claim: **august 11,2015 until june, 2017.**

Last four digits of your social security number: **5063**

*[Continued on Reverse]*

Nature of your employment claim:

☐ Pension            ☐ Union Grievance

☐ Unpaid Wages       ☒ Pending or Closed Legal Action

☐ Sick Days           ☐ Other: _____

☐ Vacation            _____

To the extent you have any documentation in support of your claim, please include those documents in your response.

**If your claim is related to a pending or closed legal action, please complete the "FOR A LEGAL ACTION" section above and provide all documentation requested therein.***

FOR OTHER TYPE OF CLAIM:

Please describe the basis for your claim: _____

_____

To the extent you have any documentation in support of your claim, please include those documents in your response.

 Gmail

**Arlene Santana <arcangelina2015@gmail.com>**

---

## PROMESA Proof of Claim#168048
6 messages

---

**Arlene Santana <arcangelina2015@gmail.com>**                    Mon, Feb 11, 2019 at 11:26 AM
To: PRClaimsInfo@primeclerk.com

Enclosed  completed Proof of Claim 168048, with other documents regarding the legal action against the Puerto Rican
government SJ2018CV4361:

1. Demanda, Anejo 1 y Anejo 2
2. Primera Demanda Enmendada
3. Aviso de Paralización
4. Orden de 27 de Agosto de 2018
5. Sentencia
6. Moción Solicitando Reconsideración
7. Orden de 25 de septiembre de 2018.

Cordially,

Arlene Santana, Esq.

---

**10 attachments**

📄 **Demanda Nydia Febo.pdf**
277K

📄 **Anejo I DEMANDA NYDIA FEBO.pdf**
635K

📄 **ANEJO 2 DEMANDA NYDIAFEBO.pdf**
515K

📄 **Primera Demanda Enmendada Nydia Febo.pdf**
138K

📄 **Aviso Paralizacion Nydia Febo.pdf**
173K

📄 **ORDEN 27 de agosto de 2018.pdf**
62K

📄 **Sentencia Caso Nydia Febo.pdf**
102K

📄 **RECONSIDERACION CASO NYDIA FEBO.pdf**
280K

📄 **ORDEN 25 de septiembre de 2018.pdf**
62K

📄 **PROMESA PROOF OF CLAIM 168048.pdf**
478K

---

**Arlene Santana <arcangelina2015@gmail.com>**                    Mon, Feb 11, 2019 at 11:34 AM
To: Nydia Febo <febonydia01@gmail.com>

---------- Mensaje reenviado ----------
De: "Arlene Santana" <arcangelina2015@gmail.com>
Fecha: 11 feb. 2019 12:26 PM