**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>   Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**THE PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY'S RESERVATION OF RIGHTS REGARDING DEBTORS' MOTION IN LIMINE IN RESPECT OF EVIDENCE CONCERNING WHETHER THE PROPOSED PLAN OF ADJUSTMENT IS CONSISTENT WITH THE CERTIFIED FISCAL PLAN**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the elected Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Judge Laura Taylor Swain:

The Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), acting pursuant to the authority granted to it under the *Puerto Rico Fiscal Agency and Financial Advisory Authority Act*, Act 2-2017, respectfully submits this reservation of rights (the "Reservation of Rights") regarding the *Debtors' Motion in Limine in Respect of Evidence Concerning Whether the Proposed Plan of Adjustment Is Consistent with the Certified Fiscal Plan* [ECF No. 18116] (the "Motion in Limine").[2] In support of this Reservation of Rights, AAFAF respectfully states as follows:

## RESERVATION OF RIGHTS

1. The Oversight Board's Motion asks the Court to find it lacks jurisdiction to consider any evidence related to the Oversight Board's certification that the Plan of Adjustment is consistent with the certified Fiscal Plan, yet also seeks a blanket order that "all parties in interest with standing may proffer evidence at the confirmation hearing on that subject…." The requests are facially inconsistent, not appropriate for a motion in limine, and at best premature given that no evidence has yet been proffered by any party. Moreover, the Motion flouts the Court's schedule for resolving evidentiary issues related to plan confirmation. AAFAF reserves its right to object to the admission or exclusion of evidence at the appropriate time set forth in the schedule set by the Court. Until then, the Court should either deny the Motion or hold it in abeyance until, and only if, a party proffers evidence for the purpose of contesting the Oversight Board's certification of the Plan's consistency with the Fiscal Plan.

2. First, there is no reason to expedite consideration of the Oversight Board's Motion in Limine, which violates the Court's *Order Establishing Procedures and Deadlines Concerning*

---

[2] Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion in Limine.

1

*Objections to Confirmation and Discovery in Connection Therewith* [ECF No. 17640] (the "Confirmation Discovery Order"). The Court granted all parties until September 30, 2021 to file motions in limine and until October 15, 2021 to oppose such motions, with a hearing set for November 1, 2021. The Oversight Board provides no explanation for why its Motion must be decided before the parties have completed plan discovery and before it is clear what evidence the parties will proffer at Plan confirmation.

3. Second, even if the Oversight Board had complied with the Confirmation Discovery Order, the Motion is not proper because it seeks a determination regarding a large category of hypothetical evidence. A motion in limine permits a Court to resolve "disputes over the admissibility of discrete items of evidence," not broad categories. *See TVT Records v. Island Def Jams Music Group*, 250 F.Supp. 2d 341, 344 (S.D.N.Y.2003) (disapproving of "parties [who] seek to employ their in limine motions as preemptive weapons with which they endeavor to strike in shotgun fashion at whole topics and sources of prospective evidence"); *see also U.S. v. Grullon*, 996 F.3d 21, 28 n.8 (1st Cir. 2021) (motions in limine are meant "to petition the court to exclude or to include particular pieces of evidence.").

4. As the Court knows, evidentiary issues cannot be decided in a vacuum. A particular piece of evidence may be offered for multiple purposes, some of which may be improper. Until it is clear what evidence is being offered for plan confirmation and for what purposes, it is premature for the Oversight Board to seek the determinations sought in its Motion in Limine. *See Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975) (concluding that orders "in limine which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility of evidence as they arise.").

5. For the foregoing reasons, AAFAF reserves all rights with regard to Plan confirmation evidence, consistent with the Confirmation Discovery Order.

[*Remainder of this page intentionally left blank.*]

Dated: September 21, 2021
      San Juan, Puerto Rico

Respectfully submitted,

| | |
|---|---|
| */s/ Peter Friedman* | */s/ Luis C. Marini-Biaggi* |
| John J. Rapisardi | Luis C. Marini-Biaggi |
| (Admitted *Pro Hac Vice*) | USDC No. 222301 |
| **O'MELVENY & MYERS LLP** | Email: lmarini@mpmlawpr.com |
| 7 Times Square | |
| New York, New York 10036 | Carolina Velaz-Rivero |
| Tel: (212) 326-2000 | USDC No. 300913 |
| Fax: (212) 326-2061 | E:mail: cvelaz@mpmlawpr.com |
| -and- | **MARINI PIETRANTONI MUÑIZ LLC** |
| Peter Friedman | 250 Ponce de León Ave. |
| (Admitted *Pro Hac Vice*) | Suite 900 |
| 1625 Eye Street, NW | San Juan, Puerto Rico 00918 |
| Washington, D.C. 20006 | Tel: (787) 705-2171 |
| Tel: (202) 383-5300 | Fax: (787) 936-7494 |
| Fax: (202) 383-5414 | |
| | *Counsel for the Puerto Rico Fiscal Agency* |
| -and- | *and Financial Advisory Authority* |
| Elizabeth L. McKeen | |
| (Admitted *Pro Hac Vice*) | |
| 610 Newport Center Drive, 17th Floor | |
| Newport Beach, CA 92660 | |
| Tel: (949) 823-6900 | |
| Fax: (949) 823-6994 | |
| -and- | |
| Madhu Pocha | |
| (Admitted *Pro Hac Vice*) | |
| 1999 Avenue of the Stars | |
| Los Angeles, CA 90067 | |
| Tel: (310) 553-6700 | |
| Fax: (310) 246-6779 | |

*Counsel for the Puerto Rico Fiscal Agency
and Financial Advisory Authority*