**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br>as representative of<br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

**THE DRA PARTIES' OPPOSITION TO DEBTORS' MOTION *IN LIMINE*
IN RESPECT OF EVIDENCE CONCERNING WHETHER THE PROPOSED
PLAN OF ADJUSTMENT IS CONSISTENT WITH THE CERTIFIED FISCAL PLAN**

**COME NOW** AmeriNational Community Services, LLC (the "Servicer"), as

servicer for the GDB Debt Recovery Authority (the "DRA"), and Cantor-Katz Collateral

Monitor LLC, a Delaware limited liability company (the "Collateral Monitor," and together with

the Servicer, collectively, the "DRA Parties"), which serves as the collateral monitor for

Wilmington Trust, N.A. in connection with the new bonds that the DRA issued pursuant to the

*Government Development Bank for Puerto Rico Debt Restructuring Act*, Act No. 109-2017, as

amended by Act No. 147-2018, and the approved Qualifying Modification for the Government

Development Bank for Puerto Rico (the "GDB")[2] under Title VI of the *Puerto Rico Oversight,*

*Management and Economic Stability Act* ("PROMESA"), by and through their undersigned legal

---

[1]     The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19-BK-5233 (LTS)) (Last Four Digits of Federal Tax ID: 3801).

[2]     *See* Dkt. No. 270 of Civil Case No. 18-01561 (LTS) (Nov. 7, 2018).

1

counsel, and respectfully submit this opposition (the "Opposition") to the *Debtors' Motion in Limine in Respect of Evidence Concerning Whether the Proposed Plan of Adjustment Is Consistent With the Certified Fiscal Plan* (the "Motion *in Limine*") filed by the Financial Oversight and Management Board for Puerto Rico (the "FOMB") [ECF No. 18116].

## Background

1.      After considering extensive submissions from many parties in interest, the Court entered the *Order Establishing Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* (the "Procedures Order") [ECF No. 17640]. The Procedures Order maps out procedures for document discovery, witness identification, expert reports, deposition testimony of fact and expert witnesses, and exhibit lists and deposition designations, running from the start of discovery on August 6, 2021 through the start of the confirmation hearing on November 8, 2021.

2.      Among these several overlapping deadlines, the Procedures Order established a schedule for motions *in limine*. All parties may file motions *in limine* until September 30, 2021. ECF No. 17640 at 3. The deadline to file oppositions to such motions is October 15, 2021, and the deadline for replies is October 22, 2021. *Id.* at 4.

3.      The FOMB requested a compressed schedule. *See* Dkt. No. 16757. As ultimately adopted by the Court, the deadline for oppositions to motions *in limine* falls after opening and rebuttal expert reports and after the close of fact discovery. Dkt. 17640 at 4.

4.      On September 14, 2021, the FOMB filed the Motion *in Limine*, directing any party wishing to oppose to file their opposition by September 21, 2021 at 4:00 p.m. *See* Motion *in Limine* at 1.

5.      In the Motion *in Limine*, the FOMB argues that the Court does not have subject-matter jurisdiction to consider challenges to the FOMB's certification of the Plan. Therefore,

2

according to the FOMB, evidence concerning whether the proposed Plan is consistent with the Commonwealth's certified Fiscal Plan (other than the FOMB's "certification that the Plan is consistent with the Fiscal Plan") is not admissible.[3] *Id.* ¶ 11.

## Summary of Argument

6.      The Motion *in Limine* should be denied for two independent reasons. *First*, the FOMB has unilaterally and improperly sought to require oppositions to be submitted prior to the deadline set by the Court—at the FOMB's request—in the Procedures Order, and expedite the briefing schedule for motions *in limine* that has been set by the Court. The Court should not permit the FOMB to make its own deadlines in contravention of the Court's approved schedule that parties litigated extensively before the Court.

7.      *Second*, the Court has subject matter jurisdiction to determine whether the Plan is consistent with the Fiscal Plan. While the DRA Parties address this issue initially below, consideration of the issue today is premature, and will be better addressed in connection with confirmation and other pending proceedings.

## I.      THE COURT SHOULD DENY THE MOTION IN LIMINE BECAUSE THE FOMB HAS REFUSED TO COMPLY WITH THE PROCEDURES ORDER.

8.      The Procedures Order permits parties to file motions *in limine* by September 30, 2021. The FOMB chose to file the Motion *in Limine* prior to that date, which is its prerogative.

9.      However, the FOMB has no authority to unilaterally alter the deadlines set by the Court in the Procedures Order. ***The Procedures Order permits parties to file their opposition to motions in limine until October 15, 2021.*** The FOMB has tried to unilaterally alter that deadline

---

[3]      References herein to the "Plan" refer to the *Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 17627], as it may be further amended.

References herein to the "Fiscal Plan" refer to the fiscal plan for the Commonwealth of Puerto Rico dated April 23, 2021, as it may be further amended.

by requiring oppositions to the Motion *in Limine* to be filed by September 20, 2021 at

4:00p.m.—almost a month before the Court-established deadline. Not only does the FOMB's

arbitrary and unauthorized change violate the Procedures Order, but it shaves eight days off of

the time the Court allotted parties to oppose motions *in limine* after receiving such motions

pursuant to the Procedures Order schedule (which is 15 days for motions filed on the deadline).

10.     On September 16, 2021, the DRA Parties asked the FOMB, by e-mail through

counsel, to correct its attempt to unilaterally alter the deadline for motion *in limine* oppositions

set by the Court (and its attempt to expedite the motion *in limine* schedule set forth in the

Procedures Order). Having not heard back from the FOMB, the DRA Parties asked again on

September 18, 2021.

11.     On September 18, 2021, the FOMB's counsel informed the DRA Parties that the

FOMB would not make the requested change. The FOMB's counsel stated: "The Oversight

Board wants to have its Motion heard at the omnibus hearing in October, given the nature of the

motion" and that "we believe that we followed the proper procedure." (A copy of this

correspondence is attached hereto as Exhibit A).

12.     The Court should not permit the FOMB to disregard the already-compressed

schedule set by the Court. It should deny the Motion *in Limine*, and further—to prevent the

FOMB from continuing to litigate by ambush—require the FOMB to first seek leave of Court

before filing any motion or application outside of the schedule set forth in the Procedures Order.

## II.     THE COURT SHOULD NOT PREJUDGE A CONFIRMATION REQUIREMENT ON WHICH THE FOMB BEARS THE BURDEN OF PROOF.

13.     The Court should deny the Motion *in Limine* because it would require the Court to

make a determination on the merits of the Plan—*i.e.*, that the FOMB has satisfied its burden of

proof to show the Plan's consistency with the Fiscal Plan—prior to the confirmation hearing.

4

14.     As a matter of pure due process and fairness, the Court cannot make a final determination on any element of proof the FOMB is required to satisfy prior to the confirmation hearing—and certainly not pursuant to an evidentiary motion that was noticed in violation of a Court order. *Arch Wireless, Inc. v. Nationwide Paging, Inc. (In re Arch Wireless, Inc.)*, 534 F.3d 76, 82-87 (1st Cir. 2008) (citing *In re Intaco Puerto Rico, Inc.*, 494 F.2d 94, 99 (1st Cir. 1974)) (creditor entitled to notice and opportunity to be heard, especially regarding the major phases of the proceeding such as confirmation); *In re DCA Dev. Corp.*, 489 F.2d 43, 46 n.10 (1st Cir. 1973) ("It would be inequitable to cut off a creditor's claim to procedural due process simply because the trustee is satisfied with the substantive outcome of a Chapter XI transfer of assets."). Creditors must have the opportunity to develop and present evidence and argument on all of the factors relevant to the confirmation standard in Section 314(b), including evidence concerning whether the Plan is consistent with the Fiscal Plan. The Court must hear all such evidence— much of which is only now being developed through document discovery and deposition testimony. This should not even be up for debate.

III.    **THE COURT SHOULD DENY THE MOTION *IN LIMINE* BECAUSE THE COURT IS REQUIRED, UNDER PROMESA, TO DETERMINE WHETHER THE PLAN IS CONSISTENT WITH THE FISCAL PLAN.[4]**

15.     To eliminate its burden of proof under PROMESA § 314(b)(7),[5] the FOMB seeks a ruling that the Court need not hear evidence at the confirmation hearing regarding the consistency (or lack thereof) of the Plan with the Fiscal Plan. Motion *in Limine* ¶ 3. The FOMB styles its motion as one seeking to limit evidence. But its true motive is, in essence, a pretrial

---

[4]     While the argument is premature, we address the merits briefly below in an abundance of caution. Should the Court choose to address the merits in the rushed fashion the FOMB seeks, the DRA Parties reserve the right to supplement the arguments presented here.

[5]     "The plan proponent bears the burden of proving by a preponderance of the evidence that each requirement of Section 1129(a) is satisfied." *In re Augusto's Cuisine Corp.*, Case No. 15-09390, 2017 WL 1169537, at *5 (Bankr. D.P.R. 2017).

ruling that the Court lacks jurisdiction over the issue of consistency; this is made stark by the fact

that the Motion would actually permit the Court to take evidence in case the FOMB loses the

issue regarding the Fiscal Plan on appeal. *See id.* ¶ 15 (arguing that, while it purportedly does

not believe the Court has jurisdiction to rule on consistency, and so need not hear evidence on

the issue, the Court should nonetheless allow such evidence to be presented "to avoid the need

for a potential remand" if an appellate court disagrees). This is not an evidentiary ruling; the

FOMB seeks a substantive ruling in disguise.

16.     The FOMB's argument is based entirely on its incorrect theory that the Court

lacks jurisdiction "to determine whether the Plan is consistent with the Fiscal Plan." *Id.* ¶ 13.

The FOMB is wrong.

17.     PROMESA requires the Court to deny the FOMB's application. Pursuant to

PROMESA Section 314(b), the FOMB **must** prove at the confirmation hearing that "the plan is

consistent with the applicable Fiscal Plan certified by the Oversight Board under title II." 48

U.S.C. § 2174(b). PROMESA expressly requires the Court to make the very confirmation

determination that the FOMB—by motion *in limine*—argues that the Court cannot address.

*Compare id., with* Motion *in Limine* ¶ 12. The Court should deny this frivolous motion

immediately.

18.     The FOMB's reliance on PROMESA Sections 104 and 106, to divest the Court of

its obligation to make a determination under Section 314(b)(7), is misplaced. The FOMB argues

that the Court lacks jurisdiction to address the consistency of the Plan of Adjustment with the

Fiscal Plan (a required element for plan confirmation)—beyond the FOMB's own prior

certification—because PROMESA Section 106(e) "divests the Title III court of jurisdiction to

review certification determinations by the Oversight Board." Motion *in Limine* ¶¶ 10-11.

Section 106(e)—which is an exception to the otherwise all-encompassing jurisdiction provided

to the Court to rule on any actions arising out of Title III—provides that "[t]here shall be no

jurisdiction in any United States district court *to review challenges to the Oversight Board's*

*certification determinations* under this Act." PROMESA § 106(e), 48 U.S.C. § 2126(e)

(emphasis added). This means that the Court cannot, in this proceeding, de-certify a fiscal plan

or budget.

19.     It does not divest the Court of the obligation to make determinations required of it

under PROMESA Section 314(b), or obviate the FOMB's burden of proof under PROMESA

Section 314(b)(7). A Title III Court's most significant responsibility, like a Chapter 9 Court, is

to ensure the Plan satisfies the confirmation requirements. *In re Mount Carbon Metro. Dist.*, 242

B.R. 18, 33 (Bankr. D. Colo. 1999) ("The role of the Bankruptcy Court in Chapter 9 is to

supervise the reorganization process; in the plan confirmation process it is limited to

disapproving or to approving the municipality's proposed plan."); *In re Pierce Cnt. Hous. Auth.*,

414 B.R. 702, 721 (Bankr. W.D. Wash. 2009) (the court acknowledged that despite its limited

role in a Chapter 9 case by virtue of Bankruptcy Code sections 903 and 904, "[o]ne

responsibility the Court does have, however, is to ensure that the Amended Plan meets the

requirements of confirmation."); *In re Addison Community Hosp. Auth.*, 175 B.R. 646, 649

(Bankr. E.D. Mich. 1994) ("[T]he jurisdiction of the bankruptcy court in chapter 9 cases is

limited to disapproving or approving and carrying out a proposed plan for debt adjustment.").

20.     By contrast, the cases the FOMB cites in support of its argument are off base.

The First Circuit's holding in *Union de Trabajadores de la Industria Electrica y Riego v. Fin.*

*Oversight & Mgmt. Bd. for P.R. (In re Fin. Oversight & Mgmt. Bd. for P.R.)*, that objecting

creditors of PREPA could not line-item veto an allowed administrative expense claim from a

Fiscal Plan, bears no resemblance to the procedural posture of this proceeding, where the FOMB

is asking the Court to prejudge a determination on which the FOMB has the burden of proof. 7

F.4th 31, 40 (1st Cir. 2021). Nor is the First Circuit's holding in *Méndez-Núñez, v. Fin. Oversight*

*& Mgmt. Bd. for P.R. (In re Fin. Oversight & Mgmt. Bd. for P.R.)*—that the FOMB's budget

controls over a dueling budget the Legislature adopted—instructive or applicable here. 916 F.3d 98,

112-14 (1st Cir. 2019).[6] Equally inapplicable is the holding in *Ambac Assurance Corp. v.*

*Commonwealth of P.R.*, which concerned efforts to enjoin the FOMB from carrying out its Fiscal

Plan. 297 F. Supp. 3d 269, 283-84 (D.P.R. 2018).

21.     Additionally, the FOMB's position is inconsistent with the terms of the Plan

itself. Based on its terms, the Plan cannot become effective unless the Court enters a

confirmation order that, among other things, "[d]etermine[s] that the Plan is consistent with the

Debtors' Fiscal Plans and satisfies Section 314(b)(7) of PROMESA." Plan § 86.1(b)(xiv). This

admission belies the FOMB's assertion that it is vested with the sole authority to determine

whether the Plan satisfies Section 314(b)(7), to the exclusion of the Court's independent

judgment.

22.     Further, the Court cannot confirm the Plan unless it finds that the proposed Plan

complies with PROMESA. PROMESA § 314(b)(2), 48 U.S.C. § 2174(b)(2); *see In re Pierce*

*Cnt. Hous. Auth.*, 414 B.R. at 721. PROMESA limits the FOMB's power over fiscal plans and

budgets by requiring fiscal plans to "respect the relative lawful priorities or lawful liens, as may

be applicable, in the constitution, other laws, or agreements of a covered territory or covered

territorial instrumentality in effect prior to the date of enactment of this Act." PROMESA

---

[6]     The FOMB's authority to designate "covered territorial instrumentalities," cited in the Motion *in Limine*
¶ 12, is also far afield. *Autonomous Mun. of San Juan v. Fin. Oversight & Mgmt. Bd. for P.R.*, 419 F. Supp. 3d 293,
301 (D.P.R. 2019), *appeal filed* No. 20-1983 (1st Cir. Oct. 30, 2020).

§ 201(b)(1)(N), 48 U.S.C. § 2141(b)(1)(N). That is, PROMESA expressly disclaimed any intent to alter the property rights, lien priorities, and security interests that existed under Puerto Rico law prior to the passage of PROMESA. Thus, to the extent the FOMB is trying to obtain a ruling that it will later argue precludes the Court from hearing evidence that the Fiscal Plan does not "respect the relative lawful priorities or lawful liens," the FOMB is way out of bounds. That evidence is directly relevant to whether the Plan—to which the Fiscal Plan must be consistent— complies with PROMESA.[7]

23. In short, contrary to the FOMB's position, the Court must—and has subject matter jurisdiction to—ensure that the Plan conforms to the Fiscal Plan approved by the Oversight Board, and the other Section 314(b) standards.

24. Moreover, creditors must be able to present evidence on all of the factors relevant to the confirmation standards in Section 314(b), including evidence concerning whether the Plan is consistent with the Fiscal Plan, and the Court must be allowed to hear and consider this evidence.

## Conclusion

25. For the reasons provided above, the Court should deny the Motion *in Limine*.

---

[7] A Plan that fails to respect the relative lawful priorities or lawful liens under Commonwealth law would also violate Bankruptcy Code section 1129(a)(3) (which is made applicable to this Title III proceeding through PROMESA section 301(a)) and PROMESA section 314(b)(1), which requires the plan to comply with the provisions of the Bankruptcy Code made applicable to a Title III case.

**MCCONNELL VALDÉS LLC**

270 Muñoz Rivera Avenue, Suite 7
Hato Rey, Puerto Rico 00918
P.O. Box 364225
San Juan, PR 00936-4225
Tel: 787-250-5632
Fax: 787-759-9225

By: */s/ Arturo J. García-Solá*
Arturo J. García-Solá
(USDC No. 201903)
E-mail: ajg@mcvpr.com

*/s/ Alejandro J. Cepeda-Díaz*
Alejandro J. Cepeda-Díaz
(USDC No. 222110)
E-mail: ajc@mcvpr.com

*/s/ Nayuan Zouairabani*
Nayuan Zouairabani
(USDC No. 226411)
E-mail: nzt@mcvpr.com

*Attorneys for AmeriNational Community
Services, LLC, as Servicer for the GDB Debt
Recovery Authority*

**C. CONDE & ASSOC. LAW OFFICES**

By: */s/ Carmen D. Conde Torres*
Carmen D. Conde Torres
(USDC No. 207312)

*/s/ Luisa S. Valle Castro*
Luisa S. Valle Castro
(USDC No. 215611)

254 San José Street
Suite 5
San Juan, PR 00901-1523
Tel: 787-729-2900
Fax: 787-729-2203
E-mail: condecarmen@condelaw.com

-and-

**SCHULTE ROTH & ZABEL LLP**

By: */s/ Douglas S. Mintz*
Douglas S. Mintz (admitted *pro hac vice*)
Noah N. Gillespie (admitted *pro hac vice*)
901 Fifteenth Street, NW, Suite 800
Washington, DC 20005
Tel: 202-729-7470
Fax: 202-730-4520
E-mail: douglas.mintz@srz.com
        noah.gillespie@srz.com

-and-

Douglas Koff (admitted *pro hac vice*)
Taleah Jennings (admitted *pro hac vice*)
Abbey Walsh (admitted *pro hac vice*)
Peter J. Amend (admitted *pro hac vice*)
919 Third Avenue
New York, NY 10022
Tel: 212-756-2000
Fax: 212-593-5955

E-mail:     douglas.koff@srz.com
            abbey.walsh@srz.com
            peter.amend@srz.com

*Attorneys for Cantor-Katz Collateral Monitor
LLC, as Collateral Monitor for the GDB Debt
Recovery Authority*

## CERTIFICATE OF SERVICE

I hereby certify that, on September 21, 2021, I caused the foregoing document to be

electronically filed with the Clerk of the Court using the CM/ECF system, which will send

notification of such filing to all CM/ECF participants in this case.


*/s/ Luisa S. Valle Castro*
Luisa S. Valle Castro

11

# Exhibit A

| From: | Mungovan, Timothy W. <tmungovan@proskauer.com> |
|---|---|
| Sent: | Saturday, September 18, 2021 11:13 AM |
| To: | Gillespie, Noah; Bienenstock, Martin J.; Rosen, Brian S.; Firestein, Michael A.; Harris, Mark D. |
| Cc: | Mintz, Doug; Koff, Douglas; Jennings, Taleah; Amend, Peter; Arturo J. Garcia-Sota; Nayuan Zouairabani; Lizzie M. Portela Fernández ; Alejandro J. Cepeda Diaz |
| Subject: | RE: Motion in Limine in Respect of Evidence Concerning Whether the Proposed Plan of Adjustment Is Consistent with the Certified Fiscal Plan |

**-CAUTION: EXTERNAL EMAIL from tmungovan@proskauer.com**
**Do not click any links or open any attachments unless you are expecting the email and know the content is safe.**

Noah,

The Oversight Board wants to have its Motion heard at the omnibus hearing in October, given the nature of the motion. As such, we believe that we followed the proper procedure.

For the avoidance of doubt, we disagree with your characterizations and conclusions.

Best regards,

Tim

**Timothy W. Mungovan**
Partner
Chair, Litigation Department

Proskauer
Direct 617.526.9412; +16175269412
Mobile 617.755.1071

**Visit our Blog**
*The Capital Commitment*: Proskauer on Private Equity Litigation
www.privateequitylitigation.com

**From:** Gillespie, Noah <Noah.Gillespie@srz.com>
**Sent:** Saturday, September 18, 2021 9:40 AM
**To:** Bienenstock, Martin J. <mbienenstock@proskauer.com>; Rosen, Brian S. <brosen@proskauer.com>; Firestein, Michael A. <MFirestein@proskauer.com>; Mungovan, Timothy W. <tmungovan@proskauer.com>; Harris, Mark D. <MHarris@proskauer.com>
**Cc:** Douglas S. Mintz <douglas.mintz@srz.com>; Douglas Koff <douglas.koff@srz.com>; Jennings, Taleah <Taleah.Jennings@srz.com>; Peter J. Amend <peter.amend@srz.com>; Arturo J. Garcia-Sota <ajg@mcvpr.com>; Nayuan Zouairabani <nzt@mcvpr.com>; Lizzie M. Portela Fernández <Lpf@mcvpr.com>; Alejandro J. Cepeda Diaz <Ajc@mcvpr.com>
**Subject:** Re: Motion in Limine in Respect of Evidence Concerning Whether the Proposed Plan of Adjustment Is Consistent with the Certified Fiscal Plan

This email originated from outside the Firm.

1

All,

Please let us know.

Thank you,
**Noah N. Gillespie**
Associate
202.729.7483
my pronouns: he/him/his

Schulte Roth & Zabel LLP
www.srz.com

On Sep 16, 2021, at 2:09 PM, Gillespie, Noah <Noah.Gillespie@srz.com> wrote:

Counsel:

We are in receipt of *Debtors' Motion* in Limine *in Respect of Evidence Concerning Whether the Proposed Plan of Adjustment Is Consistent with the Certified Fiscal Plan* ("Motion in Limine") dated September 14, 2021.  ECF No. 18116.

At Debtors' request, the Court set a compressed schedule for the largest municipal bankruptcy in history.  The Court's Procedures Order (ECF No. 17640) provided the following schedule for briefing motions *in limine*:

- **September 30, 2021** Deadline for all parties to file *Daubert* motions and motions *in limine*.
- **October 15, 2021** Deadline for all parties to file oppositions to *Daubert* motions and motions *in limine*.
- **October 22, 2021** Deadline for all parties to file replies to *Daubert* motions and motions *in limine*.
- **November 1, 2021** Virtual hearing on motions *in limine*.

Debtors unilaterally changed the deadline for parties to oppose their Motion in Limine to September 21, 2021 — more than three weeks before the deadline set forth in the Procedures Order.  Please confirm that you will revise the Motion in Limine to provide for the correct opposition deadline.

Very truly yours,
**Noah N. Gillespie**
Associate
202.729.7483
noah.gillespie@srz.com
my pronouns: he/him/his

901 Fifteenth Street, NW, Suite 800, Washington, DC 20005
202.729.7470 | 202.730.4520 fax

Schulte Roth & Zabel LLP
New York | Washington DC | London
www.srz.com

----------------------------------------------------------------------------------------------------- NOTICE
This e-mail message is intended only for the named recipient(s) above. It may contain confidential information

2

that is privileged or that constitutes attorney work product. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail and any attachment(s) is strictly prohibited. If you have received this e-mail in error, please immediately notify the sender by replying to this e-mail and delete the message and any attachment(s) from your system. Thank you.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure.
If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them.
Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*