No. 20-1698

UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

OBE E. JOHNSON,

Plaintiff - Appellant,

v.

LCDA. FABIOLA ACARON PORRATA-DORIA; ESTADO LIBRE
ASOCIADO DE PUERTO RICO; ADMINISTRACION DE CORRECCION
DE PUERTO RICO,

Defendants - Appellees.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MOTION IN COMPLIANCE WITH ORDER AND TO DISMISS APPEAL

COME NOW, Defendants-Appellees the Commonwealth of Puerto Rico,
and the Puerto Rico Department of Corrections and Rehabilitation, through the
undersigned attorney and respectfully state and pray as follows:

1.     On September 24, 2020, this Honorable Court ordered the parties to
show cause as to whether the automatic stay provided for in Title III of PROMESA
stays this appeal.  In its order, this Honorable Court noted that the notice of appeal
appeared to have been filed late.  For the reasons that follow, appearing Defendants

1

assert that (1) this Honorable Court lacks jurisdiction to resolve this appeal because it was filed late; and (2), in the alternative, the Title III stay applies to this appeal.

2.  This appeal originates in consolidated cases No. 14-1481 (JAG) and No. 15-1571 (JAG), filed before the United States District court for the District of Puerto Rico. Plaintiff brought these cases against the Commonwealth of Puerto Rico, the Puerto Rico Department of Corrections and Rehabilitation[1], and his former attorney, Fabiola Acarón Porrata-Doria. He alleged that he was wrongly convicted of various felonies before the Puerto Rico courts, which caused him to lose his carpet cleaning company. He sued the Commonwealth defendants under 42 U.S.C. §1983, requesting an award of $25 million in damages. In these cases, the district court entered a Memorandum and Order and a Judgment dismissing the complaints with prejudice on October 23, 2015 (Dkt. ## 28 and 29). On January 11, 2016, the district court entered an Order (Dkt. # 32), in which it denied a motion requesting order filed by Plaintiff (Dkt # 30). On June 29, 2020, Plaintiff filed a Notice of Appeal before this court, which referred it to the district court.

3.  From the above, Plaintiff's Notice of Appeal is clearly untimely. Fed. R. App. 4(a) requires that a notice of appeal be filed within thirty (30) days after the district court has entered the judgment appealed from. The district court entered its

---

[1] The Department of Corrections and Rehabilitation is a department of the Commonwealth of Puerto Rico and may not be sued separately from the Commonwealth. The undersigned attorney does not represent Mrs. Acarón.

judgment on October 23, 2015. On January 11, 2016, the district court denied a motion requesting order filed by Plaintiff. Even assuming that this motion served to toll Plaintiff's time to appeal, it would have ended on February 10, 2016. Since Plaintiff filed his Notice of Appeal from this judgment on June 29, 2020, it is more than four years late.

4.       Because Plaintiff's Notice of Appeal is untimely, this Honorable Court has no jurisdiction to hear it. Vaquería Tres Monjitas, Inc. v. Comas-Pagán, 772 F. 3d 956, 960 (1st Cir. 2014). Compliance with Fed. R. App. 4(a) is "mandatory and jurisdictional". García-Velázquez v. Frito Lay Snacks Caribbean, 358 F. 3d 6, 8 (1st Cir. 2004), quoting Browder v. Illinois Dept. of Corrections, 434 U.S. 257, 264 (1978). Therefore, this Honorable Court should dismiss this appeal without entering on any other questions.

5.       In the alternative, this appeal would be stayed by the Commonwealth of Puerto Rico's filing of a petition for reorganization of its debts under title III of PROMESA, because it is a pre-petition claim for money damages against the Commonwealth.

6.       On May 3, 2017, the Financial Oversight and Management Board for Puerto Rico ("FOMB"), on behalf of the Commonwealth of Puerto Rico ("the Commonwealth"), filed a petition for relief under Title III of PROMESA, 48 U.S.C. § 2161, et seq., in the United States District Court for the District of Puerto Rico.

7.      Pursuant to sections 362(a) and 922(a) of the Bankruptcy Code, as
incorporated by reference under section 301(a) of PROMESA, the commencement
or continuation "of a judicial, administrative, or other action or proceeding against
the debtor that was or could have been commenced before the commencement" of
the petition under Title III, or "any act to collect, assess, or recover a claim against
the debtor that arose before the commencement of the case under" a Title III
proceeding is automatically stayed without further action. 11 U.S.C. §§ 362(a),
922(a); 48 U.S.C. § 2161(a) (emphasis provided).  The Commonwealth of Puerto
Rico is the debtor in the Petition pursuant to 48 U.S.C. § 2161(c)(2).

8.      The section 362(a) stay applies to all actions brought directly against
the debtor, including requests for injunctive relief.  Municipality of San Juan v.
Commonwealth of Puerto Rico, 919 F. 3d 565, 576-577 (1st Cir. 2029), citing 3
Collier on Bankruptcy par. 362.03 (15th ed. 2018)); Newberry v. City of San
Bernardino (In re City of San Bernardino), 558 B.R. 321, 329 (C.D. Cal. 2016). "The
automatic stay is 'extremely broad in scope' and, 'applies to almost any type of
formal or informal action taken against the debtor or the property of the estate.'"
Assured Guaranty Corp. v. The Financial Oversight and Management Board for
Puerto Rico (In re Financial Management Board of Puerto Rico), 919 F.3d 121, 129
(1st Cir. 2019), quoting In re Slabicki, 466 B.R. 572, 580 (1st Cir. B.A.P. 2012)
(quoting Patton v Bearden, 8 F. 3d 393, 399 (6th Cir. 1993)); Montalvo v. Autoridad

de Acueductos y Alcantarillados (In re Montalvo), 537 B.R. 128, 140 (Bankr. D.P.R. 2015).

9. The automatic stay is among the most basic of debtor protections under bankruptcy law and is intended to give the debtor breathing room by stopping all collection efforts against the debtor. In re Soares, 107 F.3d 939, 975 (1st Cir. 1997). The stay springs into being immediately upon the filing of a bankruptcy petition, operates without the need for judicial intervention, and remains in force until the bankruptcy court either disposes of the case or lifts the stay. Id. This respite enables debtors to resolve their debts in a more orderly fashion, and also safeguards their creditors by preventing "different creditors from bringing different proceedings in different courts, thereby setting in motion a free-for-all in which opposing interests maneuver to capture the lion's share of the debtor's assets." Id., citing Sunshine Dev., Inc. v. FDIC, 33 F.3d 106, 114 (1st Cir.1994).

10. Plaintiff's cause of action against the Commonwealth clearly seeks to collect damages from the Commonwealth's resources, and litigation of this appeal has forced the Commonwealth to spend funds. Further, his claims do not fall under any of the exceptions to the bankruptcy stay set forth in Section 362 (b). Accordingly, this appeal is stayed by Section 362 of the Bankruptcy code, as incorporated by reference under Section 301(a) of PROMESA. Municipality of San Juan, supra; Assured Guaranty Corp., supra.

11.   In light of the above, the Commonwealth asserts, in the alternative that this appeal is not dismissed for being untimely, that it is stayed pursuant to Title III of PROMESA. In such a case, Plaintiff would have the alternative to seek from the Title III court a lift of the stay, pursuant to the Eleventh Amended Case Management Procedures established for such purpose in the Title III proceedings. Bkr. No. 17-03283 (LTS), Docket No. 11855.

13.   The Commonwealth does not waive any right or defense arising from Title III of PROMESA and the Commonwealth's Petition under Title III, or from the filing of that notice. The Commonwealth reserves its right to plead or address any pending matter or claim in this case.

WHEREFORE, appearing Defendants respectfully request that this Honorable Court take notice of the above and dismiss the present appeal for being untimely, or, in the alternative, stay all proceedings in this appeal.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico this 8th day of October, 2020.

ISAÍAS SÁNCHEZ-BÁEZ
Solicitor General of Puerto Rico

s/Carlos Lugo-Fiol
CARLOS LUGO-FIOL

Case:17-03283-LTS   Doc#:18197-1   Filed:09/21/21   Entered:09/22/21 10:21:54   Desc:
Exhibits in the English language   Page 7 of 23

Case: 20-1698      Document: 00117653882      Page: 7      Date Filed: 10/08/2020      Entry ID: 6373444

## CERTIFICATE OF FILING AND SERVICE

I HEREBY CERTIFY that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record. Additionally, I am sending a true and exact copy of this motion by electronic mail to Mr. Obe E. Johnson, Guayama Correctional Complex, AB-033, P.O. Box 10005, Guayama, PR 00785-0000.

In San Juan, Puerto Rico this 8th day of October, 2020.

*s/ Carlos Lugo-Fiol*
CARLOS LUGO-FIOL
USCA No. 41677
P.O. Box 260150
San Juan, PR 00926
Tel. (787) 645-4211
E-mail: clugofiol@gmail.com

U.S. Bankruptcy Court

District of Puerto Rico

Notice of Electronic Filing

The following transaction was received from Ramirez, Marian entered on 6/2/2020 at 9:38 AM AST and filed on 6/2/2020
Case Name:        COMMONWEALTH OF PUERTO RICO and PUERTO RICO ELECTRIC POWER AUTHORITY
Case Number:      17-03283-LTS9
Document Number: 13316

Docket Text:
MEMORANDUM ORDER GRANTING IN PART AND DENYING IN PART OBE E. JOHNSON'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY
(DOCKET ENTRY NO. 12772). Related document: [12772] MOTION to be excluded from PROMESA filed by Obe E. Johnson Signed by Judge Laura Taylor Swain on
6/2/2020 (mr) s/c sent to Obe E. Johnson.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------x

In re:                                          PROMESA
                                                Title III
THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of                        No. 17 BK 3283-LTS

THE COMMONWEALTH OF PUERTO RICO                 (Jointly Administered)
et al.,

     Debtors.[1]

------------------------------------------------x

MEMORANDUM ORDER GRANTING IN PART AND DENYING IN PART OBE E.
JOHNSON'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY (DOCKET ENTRY NO. 12772)

     Before the Court is the *Motion to Be Exclude from Law PROMESA* (Docket Entry

No. 12772 in Case No. 17-3283,[2] the "Motion"), filed by Obe E. Johnson (the "Movant"), which

the Court construes as seeking relief from the automatic stay imposed by the filing of the above-

captioned Title III case on (i) a case captioned Johnson v. Morel, Case No. 19-1534 (the

"Appeal"), which is currently pending before the United States Court of Appeals for the First

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case
number and the last four (4) digits of each Debtor's federal tax identification number, as
applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth")
(Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii)
Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-
BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways
and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last
Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the
Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-
BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric
Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits
of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA")
(Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801)
(Title III case numbers are listed as Bankruptcy Case numbers due to software
limitations).
[2]    All docket entry references are to entries in Case No. 17-3283, unless otherwise noted.

Circuit, on appeal from Case No. 09-01172 (the "Habeas Corpus Action") in the United States

District Court for the District of Puerto Rico, and (ii) a case captioned <u>Johnson v. Porrate-Doria</u>,

Case No. 14-1841 (the "Damages Action"), which Movant filed in the District of Puerto Rico in

November 2014.

      The Court has considered carefully all of the parties' submissions.[3] For the

following reasons, the Motion is granted in part and denied in part.


BACKGROUND

*Habeas Corpus Action and Appeal*

      On February 20, 2009, Movant filed a petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254 with the District of Puerto Rico, alleging that his criminal

conviction in Commonwealth court and the prison sentence that was imposed on him as a result

were unlawful. (<u>See</u> *Response of the Commonwealth of Puerto Rico to Motion to Be Excluded*

*from Law PROMESA Filed by Obe E. Johnson* (Docket Entry No. 12968, the "Response"), ¶ 1.)

On June 24, 2009, the District Court denied Movant's petition. (<u>Id.</u>) Thereafter, the First Circuit

denied both Movant's request to file a successive petition for a writ of habeas corpus with the

District Court, and Movant's successive petition to the First Circuit seeking a writ of habeas

corpus. (<u>Id.</u> ¶ 2.) On June 3, 2019, Movant appealed the District Court's order denying his

petition for a writ of habeas corpus. (<u>Id.</u> ¶ 3.) That appeal currently remains pending before the

First Circuit. (<u>Id.</u>)

---

[3]    Pursuant to the Court's *Order Scheduling Briefing of Motion Filed by Obe E. Johnson*
(Docket Entry No. 12824), Movant's reply papers were due on May 6, 2020. No reply
papers have been filed to date.

*Damages Action*

On November 18, 2014, Movant commenced a civil action against the Commonwealth, among other defendants, seeking damages in connection with his allegedly wrongful criminal conviction in Commonwealth court.[4] (Id. ¶ 4.) On October 23, 2015, the District Court granted the Commonwealth's motion to dismiss the Damages Action for failure to state a claim, thereby dismissing all of Movant's claims, with prejudice. (Id. ¶¶ 5-6.) On January 11, 2016, the District Court denied Movant's motion seeking reconsideration of the order dismissing Movant's claims. (Id. ¶ 7.) No appeal of either decision was timely filed. (Id.)

*Lift Stay Motion*

Movant, who apparently remains incarcerated, filed the instant Motion on April 7, 2020. The Motion asserts that Movant "was illegally admitted into the Puerto Rico Correction Prison on February 19, 2005," and seems to contend that, because Movant's incarceration began before the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA") was enacted, the automatic stay now in effect pursuant to PROMESA should not apply to an action seeking compensation for the time he has spent incarcerated. (Mot. at 1.) To that end, the Motion asserts that this Court should "hear this matter . . . according to the time" Movant was first incarcerated, that "PROMESA should not be referred to" Movant, and that Movant should be compensated by the Commonwealth government because he "was illegally incarcerated before . . . PROMESA come into exist[ence]." (Id. at 2.) Although the Motion does not explicitly seek stay relief with respect to any particular action, the Motion references a "case [that] is currently pending before the United States Court of Appeals for the First Circuit" arising

---

4       The Damages Action was originally filed in the United States District Court for the Eastern District of Pennsylvania, and was transferred to the District of Puerto Rico on November 21, 2014. (See Resp. ¶ 4 n.4.)

from "an original proceeding successive habeas corpus," and attaches as exhibits a letter from

the Clerk of Court for the First Circuit concerning Case No. 19-1534 as well as the District

Court's *Memorandum and Order* dismissing Movant's claims in the Damages Action. (See id. at

1; Docket Entry No. 12772-1.)

      In its Response, the Commonwealth indicates that, with respect to the Appeal and

the Habeas Corpus Action, it agrees to a limited modification of the automatic stay solely to

allow the case to proceed to final judgment, and to permit the execution and enforcement of any

judgment solely with respect to Movant's request for equitable relief. (Resp. ¶ 11.) The

Commonwealth contends that the automatic stay should otherwise continue to apply to the

Appeal and the Habeas Corpus Action. (Id.) As to the Damages Action, the Commonwealth

argues that relief from the automatic stay is unwarranted because that action was dismissed years

ago and no timely appeal was filed, and because Movant has failed to demonstrate cause to lift or

modify the stay under section 362(d) of the United States Bankruptcy Code, 11 U.S.C. § 362(d).

(See Resp. ¶¶ 13-19.)

      As noted above, the Court construes the Motion as a request for relief from the

automatic stay as it applies to the Appeal, the Habeas Corpus Action, and the Damages Action.

### DISCUSSION

      Section 362(d)(1) of the Bankruptcy Code, made applicable in these proceedings

by Section 301 of PROMESA, 48 U.S.C. § 2161, permits a court to grant relief from the

automatic stay "for cause." To determine whether cause exists to lift the automatic stay, courts

in this district examine the factors first enumerated by the United States Court of Appeals for the

Second Circuit in In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) ("Sonnax").

See, e.g., Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla, 217 F. Supp. 3d

508, 518 (D.P.R. 2016) (citing Sonnax).  Of particular relevance to the instant case are the

following factors identified in the Sonnax decision: "whether relief would result in a partial or

complete resolution of the issues," "the interests of judicial economy and the expeditious and

economical resolution of litigation," and the "impact of the stay on the parties and the balance of

harms." Sonnax, 907 F.2d at 1286.

        In light of the Commonwealth's consent to a limited modification of the

automatic stay in connection with the Appeal and the Habeas Corpus Action, the Court finds

cause to modify the automatic stay solely to the extent necessary to allow (i) the Appeal and the

Habeas Corpus Action to proceed to final judgment, and (ii) for the execution and enforcement

of any judgment solely with respect to Movant's request for equitable relief.  It appears that the

interests of judicial economy and expeditious resolution of the Appeal and the Habeas Corpus

Action are best served by permitting the litigation to proceed in this fashion.  Nevertheless,

Movant has identified no basis, and thus has failed to demonstrate cause, to further modify the

automatic stay as it applies to the Appeal and the Habeas Corpus Action.  Therefore, the

automatic stay shall continue to apply in all other respects to the Appeal and the Habeas Corpus

Action, including to the pursuit, execution, and enforcement of any judgment for any claims for

money damages and provisional remedies against the Commonwealth or any other Title III

debtor.

        Further, Movant has failed to demonstrate cause to lift or modify the automatic

stay as it applies to the Damages Action.  As indicated above, the Damages Action was

dismissed, with prejudice, in 2015, and Movant failed to timely file an appeal of the District

Court's decision.  Movant also failed to appeal the 2016 denial of his motion for reconsideration

of the dismissal decision. Because the dismissal of his Damages Action was final and with

prejudice, Movant could receive no benefit from an order lifting the stay of that action.

Accordingly, the hardship to the Commonwealth of devoting its legal resources to litigation

relating to the Damages Action significantly outweighs any possible burden on Movant caused

by the automatic stay, and Movant's request for an order lifting or otherwise modifying the

automatic stay with respect to the Damages Action is denied.


CONCLUSION

For the foregoing reasons, the Motion is granted in part and denied in part, and

the automatic stay is modified only to the extent expressly set forth herein. This Memorandum

Order resolves Docket Entry No. 12772.


SO ORDERED.

Dated: June 2, 2020

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

In re:                                                      PROMESA
                                                            Title III
THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

         as representative of                               No. 17 BK 3283-LTS

THE COMMONWEALTH OF PUERTO RICO                             (Jointly Administered)
et al.,

                  Debtors.[1]
-------------------------------------------------------------x

ORDER DENYING OBE E. JOHNSON'S MOTION FOR
RELIEF FROM THE AUTOMATIC STAY (DOCKET ENTRY NO. 13510)

         Before the Court is the *Motion for Relief from Stay Under 362(e)* (Docket Entry
No. 13510 in Case No. 17-3283,[2] the "Motion"), filed by Obe E. Johnson (the "Movant"). The
Motion, which was originally filed in the case captioned Johnson v. Muñiz, Case No. 14-1867
(D.P.R.) (the "Second Damages Action") and subsequently referred to this Court (see Docket
Entry No. 60 in Case No. 14-1867), seeks relief from the automatic stay imposed by the filing of
the above-captioned Title III case on (i) a case captioned Johnson v. Morel, Case No. 19-1534
(the "Appeal"), which is currently pending before the United States Court of Appeals for the
First Circuit, on appeal from Case No. 09-1172 (D.P.R.) (the "Habeas Corpus Action"), (ii) a
case captioned Johnson v. Porrate-Doria, Case No. 14-1841 (D.P.R.) (the "First Damages
Action"), and (iii) the Second Damages Action.

---

[1]      The Debtors in these Title III Cases, along with each Debtor's respective Title III case
         number and the last four (4) digits of each Debtor's federal tax identification number, as
         applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth")
         (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii)
         Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-
         BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways
         and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last
         Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the
         Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-
         BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric
         Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits
         of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA")
         (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801)
         (Title III case numbers are listed as Bankruptcy Case numbers due to software
         limitations).
[2]      All docket entry references are to entries in Case No. 17-3283, unless otherwise noted.

On April 7, 2020, Movant filed the *Motion to Be Exclude from Law PROMESA* (Docket Entry No. 12772, "Initial Motion"), which the Court construed as a motion seeking relief from the automatic stay with respect to the Habeas Corpus Action, the Appeal, and the First Damages Action. (See *Memorandum Order Granting in Part and Denying in Part Obe E. Johnson's Motion for Relief from the Automatic Stay (Docket Entry No. 12772),* Docket Entry No. 13316, the "Memorandum Order," at 1-2.) In the Memorandum Order, this Court granted in part and denied in part the Initial Motion, concluding that Movant had established cause to modify the automatic stay to a limited extent with respect to the Appeal and the Habeas Corpus Action only.[3] The Court otherwise denied the Initial Motion. Less than a month later, Movant filed the instant Motion.

Movant fails to establish cause to further modify the automatic stay with respect to the Appeal and the Habeas Corpus Action, or for the Court to alter its ruling in the Memorandum Order with respect the First Damages Action. Nor has Movant demonstrated cause to lift or modify the automatic stay as it applies to the Second Damages Action. That action was dismissed with prejudice by Judge Francisco A. Besosa on September 25, 2015 (see Docket Entry No. 48 in Case No. 14-1867), and Judge Besosa's ruling was affirmed by the United States Court of Appeals for the First Circuit on July 1, 2016 (see Docket Entry No. 58 in Case No. 14-1867). Because the dismissal of the Second Damages Action was, like the dismissal of the First Damages Action, final and with prejudice, Movant could receive no benefit from an order lifting the stay of the Second Damages Action. (See Mem. Ord. at 5-6.) Therefore, the hardship to the Commonwealth of devoting its legal resources to litigation relating to the Second Damages Action significantly outweighs any possible burden on Movant caused by the automatic stay, and Movant's request for an order lifting or otherwise modifying the automatic stay with respect to the Second Damages Action is denied. (See id.)

Accordingly, the Motion is denied in its entirety. This Order resolves Docket Entry No. 13510.

SO ORDERED.

Dated: July 9, 2020

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    United States District Judge

---

[3]   On the same day that this Court entered the Memorandum Order, the United States Court of Appeals for the First Circuit denied Movant's application for leave to file a second or successive habeas petition pursuant to 28 U.S.C. § 2244(b) as well as Movant's subsequent motions and requests for relief, which it construed as supplements to Movant's original application. (See Docket Entry No. 16 in Case No. 09-1172.)

CM/ECF - U.S. Bankruptcy Court:prb

District of Puerto Rico

Notice of Electronic Filing

The following transaction was received from Ramirez, Marian entered on 6/29/2021 at 12:29 PM AST and filed on 6/29/2021

Case Name:        COMMONWEALTH OF PUERTO RICO and Puerto Rico Public Buildings Authority
                  (PBA)
Case Number:      17-03283-LTS9
Document
Number:           17184

Docket Text:
ORDER GRANTING IN PART AND DENYING IN PART OBE E. JOHNSON'S [16942] MOTION FOR
RELIEF FROM THE AUTOMATIC STAY. Related document: [13316], [13599]. Signed by Judge Laura Taylor
Swain on 6/29/2021. (mr) s/c sent by mail to Obe E. Johnson.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

-------------------------------------------------------------------x

In re:                                                    PROMESA
                                                          Title III
THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

        as representative of                              No. 17 BK 3283-LTS

THE COMMONWEALTH OF PUERTO RICO                           (Jointly Administered)
et al.,

                Debtors.[1]

-------------------------------------------------------------------x

ORDER GRANTING IN PART AND DENYING IN PART OBE E. JOHNSON'S
MOTION FOR RELIEF FROM THE AUTOMATIC STAY (DOCKET ENTRY NO. 16942)

        The Court has received and reviewed the motion (Docket Entry No. 16942 in
Case No. 17-3283,[2] the "Motion"), filed by Obe E. Johnson (the "Movant"). The Court has also
reviewed the *Response of the Commonwealth of Puerto Rico to Motion for Relief from Stay
Under 362(e) Filed by Obe E. Johnson* (Docket Entry No. 17163, the "Response"), filed by the
Commonwealth of Puerto Rico (the "Commonwealth"). The Motion appears to request two
forms of relief. First, the Motion reiterates Movant's request for relief from the automatic stay
(or recognition of the inapplicability of the automatic stay), imposed by the filing of the above-
captioned Title III case, with respect to certain civil cases commenced by the Movant. That
request was the subject of two previous motions filed by Movant. (See Docket Entry No. 12772
and 13510.) Second, the Motion requests that the Court order that Movant be released from
prison so that he may attend or listen to the hearing scheduled for July 13, 2021.

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case
        number and the last four (4) digits of each Debtor's federal tax identification number, as
        applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth")
        (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii)
        Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-
        BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways
        and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last
        Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the
        Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-
        BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric
        Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits
        of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA")
        (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801)
        (Title III case numbers are listed as Bankruptcy Case numbers due to software
        limitations).

[2]     All docket entry references are to entries in Case No. 17-3283, unless otherwise noted.

The Court has issued two prior orders addressing Movant's requests for relief from the automatic stay (See *Memorandum Order Granting in Part and Denying in Part Obe E. Johnson's Motion for Relief from the Automatic Stay*, Docket Entry No. 13316, the "First Lift Stay Order"; *Order Denying Obe E. Johnson's Motion for Relief from the Automatic Stay*, Docket Entry No. 13599, the "Second Lift Stay Order"). In the First Lift Stay Order, the Court granted in part and denied in part Movant's request for relief from the automatic stay, providing partial relief from the automatic stay with respect to the case captioned Johnson v. Rivera-Mayor, Case No. 09-cv-01172-CCC (D.P.R.), including Movant's appeal therefrom. The Court otherwise denied Movant's request for relief because Movant failed to demonstrate cause to lift or modify the stay. In the Second Lift Stay Order, the Court denied Movant's request to further modify the automatic stay, or to otherwise alter its prior ruling, on the basis that Movant had failed to demonstrate cause for such relief. Here, Movant has failed to proffer facts or legal argument that would provide the Court with a basis to reconsider or modify its prior rulings with respect to the litigations that were the subject of the First Lift Stay Order and the Second Lift Stay Order.

However, to the extent that the Motion seeks relief from the automatic stay with respect to the case captioned Johnson v. Ocasio-Montañez, Case No. 20-cv-01222-JAG (D.P.R.) (the "Second Habeas Corpus Action"), the Commonwealth has consented to modification of the automatic stay

> to allow (i) the Second Habeas Corpus Action to proceed to final judgment, and (ii) for the execution and enforcement of any judgment solely with respect to Movant's request for equitable relief; provided, however, that the Title III Stay shall continue to apply in all other respects to the Second Habeas Corpus Action, as well as the Appeal and the First Habeas Corpus Action, including, without limitation, the execution and enforcement of any judgment for any claims for money damages and provisional remedies against the Commonwealth or any other Title III debtor.

(Response ¶ 21.) In light of the Commonwealth's consent to a limited modification of the automatic stay in connection with the Second Habeas Corpus Action, the Court determines that cause exists to modify the automatic stay on the terms proposed by the Commonwealth. Movant's request for relief from the automatic stay is otherwise denied.

Movant's request to be released from prison is denied. The hearing scheduled for 9:30 a.m. (Atlantic Standard Time) on July 13, 2021 (the "Hearing"), concerns the Financial Oversight and Management Board for Puerto Rico's request for approval of the *Disclosure Statement for the Third Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* as well as various related procedures and deadlines (See Docket Entry No. 16756, the "Disclosure Statement Motion"). Movant has not filed a timely objection to the Disclosure Statement Motion, and he therefore would not have leave to present arguments at the Hearing even if he were not confined. Additionally, the Hearing will be held telephonically, and there is therefore no need for Movant to be physically present in a courtroom to follow the

proceedings. Members of the public and press may listen to the Hearing[3] by dialing (888) 363-4749, and entering the access code (7214978) and security code (6937) when prompted.

   Accordingly, the Motion is granted in part and denied in part as set forth herein. This Order resolves Docket Entry No. 16942.

   SO ORDERED.

Dated: June 29, 2021

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

---

[3]    Recording and further broadcasting of the Hearing by any means are prohibited.

# United States Court of Appeals
## For the First Circuit

No. 20-1698

OBE E. JOHNSON,

Plaintiff - Appellant,

v.

LCDA. FABIOLA ACARON PORRATA-DORIA; ESTADO LIBRE ASOCIADO DE
PUERTO RICO; ADMINISTRACION DE CORRECCION DE PUERTO RICO,

Defendants - Appellees.

### ORDER OF COURT

Entered: September 24, 2020
Pursuant to 1st Cir. R. 27.0(d)

Plaintiff has filed what appears to be an untimely appeal from a judgment entered by the district court on October 23, 2015. On May 3, 2017, the Commonwealth of Puerto Rico filed a petition under Title III of PROMESA, 48 U.S.C. § 2161, et seq., for adjustment of its debts. Under section 2161(a), the bankruptcy stay provisions of 11 U.S.C. §§ 362 and 922 are incorporated into PROMESA. In light of the Commonwealth's PROMESA filing, we direct the parties to show cause within fourteen days of the date of this order whether the automatic stay applies to all or any part of this appeal. The parties are directed to state with specificity the reasoning behind their conclusion one way or the other.

By the Court:

Maria R. Hamilton, Clerk

cc:
Obe E. Johnson
Frances Y. Rivera-Aviles

# United States Court of Appeals
## For the First Circuit

No. 21-1189

OBE E. JOHNSON,

Plaintiff - Appellant,

v.

LCDA. FABIOLA ACARON PORRATA-DORIA; ESTADO LIBRE ASOCIADO DE
PUERTO RICO; ADMINISTRACION DE CORRECCION DE PUERT RICO,

Defendants - Appellees.

### ORDER OF COURT

Entered: June 4, 2021

We have received the parties' responses to this court's order to show cause entered in No.
20-1698. We have considered their responses, and in view of the petition to restructure its debts
filed by the Commonwealth of Puerto Rico, appeal Nos. 20-1698 and 21-1189 are stayed. The
parties shall file status reports every ninety days. As to plaintiff's request to lift the stay, plaintiff
is directed to the Title III court to seek stay relief if such relief is desired.

By the Court:

Maria R. Hamilton, Clerk

cc:
Obe E. Johnson
Carlos Lugo-Fiol



City of Philadelphia
Department of
Licenses & Inspections
P.O. Box 53310
Philadelphia, Pa. 19105

OCCUPATIONAL
LICENSEE ONLY

PASTE YOUR
PHOTOGRAPH HERE

1 1/2" SQUARE

DISPLAY PROMINENTLY

if required by law

OBE'S PROFESSIONAL CARPET SVC
JOHNSON OBE
1019 BULLOCK AVE
YEADON PA 19050-

3702    COMMERCIAL ACTIVITY LICENSE
JOHNSON OBE

THIS LICENSE IS GRANTED TO THE PERSON AND LOCATION FOR THE PURPOSE STATED
ABOVE.
IT IS SUBJECT TO IMMEDIATE CANCELLATION BY THIS DEPARTMENT FOR VIOLATIONS OF

| LICENSE CODE | LICENSE NO. | BUSINESS FAX NO. | DOES NOT EXPIRE | PAID THIS AMOUNT | ON DATE |
|---|---|---|---|---|---|
| 3702 | 186863 | 8283210 | | 250.00 | 11/03/04 |



LICENSE