**Hearing Date:** TBD
**Objection Deadline:** TBD

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>            Debtors. [1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## MOTION OF THE OFFICIAL COMMITTEE OF RETIRED EMPLOYEES TO EXTEND THE VOTING DEADLINE FOR HOLDERS OF CLAIMS IN CLASSES 51B, 51D, 51E, 51F, AND 51L

---

[1] The Debtors in these jointly-administered PROMESA title III cases (these "**Title III Cases**"), along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric and Power Authority (Bankruptcy Case No. 17 BK 4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

BACKGROUND ............................................................................................................................ 3

JURISDICTION AND VENUE ..................................................................................................... 5

RELIEF REQUESTED ................................................................................................................... 6

ARGUMENT .................................................................................................................................. 6

    A. Extending the Voting Deadline Is Necessary To Protect the Due Process Rights of
       Eligible Retirees. ................................................................................................................ 6

    B. Extending the Voting Deadline Will Not Delay or Otherwise Interfere with the
       Confirmation Process. ........................................................................................................ 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Casse v. Key Bank Nat'l Ass'n (In re Casse)*,
   198 F.3d 327 (2d Cir. 1999)...................................................................................................7

*In re City of Detroit*,
   13-53846 (Bankr. E.D. Mich.).................................................................................................6

*In re City of Stockton*,
   12-32118 (Bankr. E.D. Cal.)....................................................................................................6

*In re GGI Holdings*,
   No. 20-31318 (Bankr. N.D. Tex. Aug. 18, 2020) ...................................................................9

*In re Glob. Ocean Carriers Ltd.*,
   251 B.R. 31 (Bankr. D. Del. 2000) ......................................................................................7, 9

*Gold v. Johns-Manville Sales Corp.*,
   723 F.2d 1068 (3d Cir. 1983)..................................................................................................7

*Lacey v. Cessna Aircraft Co.*,
   932 F.2d 170 (3d Cir. 1991)....................................................................................................7

*In re Mack*,
   No. ADV.RS 06-1160-DN, 2007 WL 7545163 (B.A.P. 9th Cir. Mar. 28,
   2007) .......................................................................................................................................7

*In re Motors Liquidation Co.*,
   829 F.3d 135 (2d Cir. 2016)....................................................................................................8

*In re Newstar Energy of Texas, LLC*,
   280 B.R. 623 (Bankr. W.D. Mich. 2002)................................................................................7

*In re Peregrine Sys. Inc.*,
   311 B.R. 679 (D. Del. 2004)...................................................................................................7

*Utah v. Evans*,
   534 U.S. 1119 (2002)..............................................................................................................7

**Other Authorities**

Fed. R. Bankr. P. 9006(b)(1)...........................................................................................................7

The Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the "**Retiree Committee**") respectfully files this motion ("**Motion**") for entry of an order extending the deadline by which ballots must be returned (the "**Voting Deadline**") by two weeks—from October 4, 2021 at 5:00 p.m. (Atlantic Standard Time) to October 18, 2021 at 5:00 p.m. (Atlantic Standard Time)—for retirees in Classes 51B, 51D, 51E, 51F, and 51L ("**Eligible Retirees**")[2] of the *Seventh Amended Title III Joint Plan of Adjustment for the Commonwealth of Puerto Rico et al.* [Dkt. 17629] (the "**Plan**"). In support of this Motion, the Retiree Committee states:

## PRELIMINARY STATEMENT

1. The Voting Deadline for the Plan is October 4, 2021, just eleven days away. The Retiree Committee believes that a majority, and likely a significant majority, of Eligible Retirees have not received, or have not timely received, solicitation packages and ballots necessary to vote on the Plan.[3] This failure of timely delivery appears to stem primarily from complications arising from the recent shutdown of mail-sorting functions at the U.S. Postal Service ("**USPS**") facility in Hato Rey, San Juan, Puerto Rico, which has exacerbated existing delays caused by personnel shortages, severe weather, and a nationwide slowdown in mail delivery. Many Eligible Retirees do not have access or ability to receive and remit a ballot electronically, so receiving a ballot by mail is imperative. Thus, this delayed delivery threatens to deprive Eligible Retirees of their valuable right to vote on the Plan, improperly disenfranchising the largest creditor constituency in these Title III Cases. As a result, the current October 4, 2021 Voting Deadline is incompatible with the requirements of the Bankruptcy Code and federal due process.

---

[2] Class 51L (VTP Payroll Above-Threshold Claims), was erroneously labeled Class 51K in Section 55.12 of the Plan.
[3] Capitalized terms not otherwise defined herein have the mean provided in the *Order (I) Approving Disclosure Statement, (II) Fixing Voting Record Date, (III) Approving Confirmation Hearing Notice And Confirmation Schedule, (IV) Approving Solicitation Packages And Distribution Procedures, (V) Approving Forms Of ballots, And Voting And Election Procedures, (VI) Approving Notice Of Non-Voting Status, (VII) Fixing Voting, Election, And Confirmation Deadlines, And (VIII) Approving Vote Tabulation Procedures* [Dkt. 17639] (the "**Plan Solicitation Order**").

2. On or before August 30, 2021, solicitation packages were to be mailed to more than 40,000 Eligible Retirees, with well over 90% of them residing in Puerto Rico. But the most recent tally of Eligible Retiree votes provided to the Retiree Committee by the Oversight Board's balloting agent was as of September 17, 2021, and it reflected ***only 315 total votes by Eligible Retirees.*** Indeed, in an informal survey conducted by the Retiree Committee on September 10, 2021, of a pool of more than 1,000 respondents, only about 15% indicated that they had received their solicitation packages. And members of the Retiree Committee and their professionals in Puerto Rico are receiving numerous calls from retirees, expressing concern and frustration that they have not received their solicitation packages and ballots.

3. Under these circumstances, in an effort to ensure a reasonable opportunity for Eligible Retirees to participate in the Plan confirmation process, the Retiree Committee requests a two-week extension of the Voting Deadline for Eligible Retirees, from October 4, 2021 to October 18, 2021. The Retiree Committee shares the Overnight Board's desire to bring the Title III Cases to a close, and this two-week extension should not delay or otherwise interfere with the Plan confirmation timeline or process.

4. The Retiree Committee professionals have worked diligently to resolve the issues raised in this Motion without this Court's intervention. Indeed, for months, the Retiree Committee professionals have worked collaboratively with the Oversight Board's professionals and balloting agent to ensure an effective voting process for Eligible Retirees. However, the Oversight Board has refused to agree to an extension of the Voting Deadline for Eligible Retirees. Therefore, the Retiree Committee files this Urgent Motion to ensure its constituents have a full and fair opportunity to participate in the Plan confirmation process.

**BACKGROUND**

5. On August 2, 2021, the Court entered the Plan Solicitation Order. Among other things, the Plan Solicitation Order provides the following deadlines:

- **Solicitation Deadline**: August 30, 2021

- **Voting Deadline**: October 4, 2021 at 5:00 p.m. (Atlantic Standard Time)

- **Deadline for the Oversight Board to File Affidavits in Support of Confirmation**: October 25, 2021 at 5:00 p.m. (Atlantic Standard Time)

- **Confirmation Hearing**: begins November 8, 2021.

6. The Plan Solicitation Order already contemplates and provides that the Debtors may grant an extension of the Voting Deadline in certain circumstances (*id.* ¶ 50(i)), and that the Court expressly retains jurisdiction with respect to all matters arising from the Plan Solicitation Order (*id.* ¶ 58).

7. The Retiree Committee understands that the Oversight Board's balloting agent, Prime Clerk LLC, in accordance with the Plan Solicitation Order, sent solicitation packages by U.S. Postal Service ("**USPS**") first-class mail to over 40,000 Eligible Retirees on or before the Solicitation Deadline.

8. It has recently become evident that Eligible Retirees were not timely receiving the solicitation packages and ballots. On September 10, 2021, the Retiree Committee's communications professionals reported that approximately 80% of callers to its call center had not received ballots, and 85% of respondents to an email survey the same day indicated that they had not received ballots. Questions about missing or delayed solicitation packages were also addressed to members of the Oversight Board at its September 17, 2021 public meeting.

9. Reports of tardy or undelivered solicitation packages are not merely anecdotal. Of the over 40,000 ballots that had been mailed to Eligible Retirees, Prime Clerk only received 137

3

completed ballots by September 10, 2021, and that number only grew to 315—still less than 1% of eligible ballots—by September 17, 2021, almost three weeks after the Solicitation Deadline.

10. Upon information and belief, the Retiree Committee believes that delays and non-delivery of solicitation packages and ballots are primarily the result of problems with the USPS. The USPS has experienced widespread delays over the course of the COVID-19 pandemic.[4] Postal delays have been especially pronounced in Puerto Rico. Earlier in the year, on-Island media outlets reported that mail delivery was being substantially delayed due to severe staffing shortages.[5]

11. Around the time of the Solicitation Deadline, these problems were exacerbated by the closure of the USPS sorting facility in San Juan. On August 20, 2021, the second floor of the General Post Office in San Juan was closed due to a structural problem and twelve mail-sorting machines, used to process millions of letters and packages each day, were taken offline. Rather than sorting and processing incoming mail in San Juan, the USPS now sends first-class mail to New York or Tennessee for processing.[6] Although the USPS has suggested that routing mail through New York or Tennessee should only result in an additional delay of 2-3 days,[7] the widespread reports of missing solicitation packages suggests the actual delays are much longer.

---

[4] *See, e.g.*, Jacob Bogage, *Internal USPS documents link changes behind mail slowdowns to top executives*, Washington Post, (Sept. 24, 2020), https://www.washingtonpost.com/business/2020/09/24/usps-delays-dejoy-documents/; Aaron Mak, *Why the Mail System Is Buckling*, Slate (Dec. 18, 2020), https://slate.com/business/2020/12/postal-service-delays-problems-holidays-covid.html.

[5] *See, e.g.*, *USPS Puerto Rico in BIG trouble: short on personnel, Will not hire new employees for now*, PR Informa (Apr. 23, 2021), https://www.prinforma.com/archives/2409; J. Miguel Santiago Colón, *Cientos de paquetes detenidos en correos de Puerto Rico por falta de personal*, Metro (Apr. 22, 2021), https://www.metro.pr/pr/noticias/2021/04/22/cientos-paquetes-detenidos.html.

[6] *See Mail Processing Suspension in Puerto Rico Leads to Delivery Issues in USVI; Plaskett Working to Address Problem,* The Virgin Islands Consortium (Sept. 3, 2021), https://viconsortium.com/vi-community_center/virgin-islands-mail-processing-suspension-in-puerto-rico-leads-to-delivery-issues-in-usvi-plaskett-working-to-address-problem; Alex Figueroa Cancel, *Llegará un alto funcionario del Servicio Postal para evaluar la situación en el Correo General*, El Nuevo Día (Aug. 22, 2021), https://www.elnuevodia.com/noticias/locales/notas/llegara-un-alto-funcionario-del-servicio-postal-para-evaluar-la-situacion-en-el-correo-general/.

[7] *See* Alex Figueroa Cancel, *El Servicio Postal estima retrasos de dos a tres días en correspondencia en Puerto Rico*, El Nuevo Día (Aug. 23, 2021), https://www.elnuevodia.com/noticias/locales/notas/el-servicio-postal-estima-retrasos-de-dos-a-tres-dias-en-correspondencia-en-puerto-rico/.

4

12. On September 13, 2021, counsel to the Oversight Board confirmed to the Retiree Committee's counsel that USPS was "experiencing delays" in Puerto Rico-bound mail, which it attributed to "disruptions caused by the Labor Day holiday, recent storms, and [the August 30, 2021] closure of one San Juan mail processing center and the temporary re-routing of the mail passing through that facility."

13. The Retiree Committee understands that the Oversight Board has undertaken efforts to provide Eligible Retirees with alternative means of obtaining a solicitation package and voting, by sending either (a) a replacement hard copy of the solicitation package and ballot via USPS, or (b) an electronic copy that can be completed by computer. However, many Eligible Retirees do not have access or ability to receive electronic materials, and sending another solicitation package via regular USPS mail invites the same problems that already exist.

14. In light of these circumstances, on September 21, 2021, counsel to the Retiree Committee emailed counsel to the Oversight Board requesting a two-week extension of the Voting Deadline for Eligible Retirees.

15. On September 22, 2021, counsel to Oversight Board responded saying that non-delivery of solicitation packages "is not a widespread problem" and, at most, it was considering whether it would agree to an extension only through October 8, 2021—an extension that would apply to all claimants (not just Eligible Retirees), including bond insurers and other creditors unaffected by the shutdown of the USPS sorting facility in Puerto Rico. As of the filing of this Motion, even this limited extension has not been confirmed by the Oversight Board.

**JURISDICTION AND VENUE**

16. The Court has subject matter jurisdiction over this Motion pursuant to PROMESA section 306(a).

17. Venue is proper in this district pursuant to PROMESA section 307(a).

5

**RELIEF REQUESTED**

18. By this Motion, the Retiree Committee respectfully requests the Court enter an Order extending the Voting Deadline by two weeks for Eligible Retirees: from October 4, 2021 at 5:00 p.m. (Atlantic Standard Time) to October 18, 2021 at 5:00 p.m. (Atlantic Standard Time).

**ARGUMENT**

**A. Extending the Voting Deadline Is Necessary To Protect the Due Process Rights of Eligible Retirees.**

19. The Voting Deadline should be extended to ensure Eligible Retirees have a full and fair opportunity to vote on the Plan. As set forth above, there have been serious and widespread delays in delivering solicitation packages to Eligible Retirees, and it is the hope of the Retiree Committee that a two-week extension would afford Eligible Retirees a reasonable opportunity to participate in the confirmation process.

20. Even without the substantial USPS delays, the solicitation period would be brief for a case of this magnitude and complexity. The Plan Solicitation Order provides 35 days for Eligible Retirees to receive and return ballots to accept or reject the Plan. Given the number of Eligible Retirees—approximately 45,000, and few of whom have experience with the bankruptcy process—a five-week turnaround would be ambitious under the best of circumstances, and significantly shorter than the solicitation period in smaller and less logistically challenging municipal restructuring cases. *See, e.g.*, *In re City of Detroit*, 13-53846 (Bankr. E.D. Mich.) [Dkt. 5259] (60-day solicitation period); *In re City of Stockton*, 12-32118 (Bankr. E.D. Cal.) [Dkt. 1220] (59-day solicitation period); *see also* Collier on Bankruptcy ¶ 3018.01 (16th ed. 2021) (although 28 days is the default duration for a solicitation period, "[i]n most cases, especially if there are many creditors or interest holders, more than 28 days will be allowed for solicitation of acceptances").

6

21. Extending the Voting Deadline is consistent with the Bankruptcy Code, Bankruptcy Rules, and the Plan Solicitation Order, and well within the sound discretion of the Court and its inherent and equitable powers to manage its own docket. *See, e.g., Utah v. Evans,* 534 U.S. 1119 (2002) (setting expedited schedule for briefing and oral argument); *Casse v. Key Bank Nat'l Ass'n (In re Casse)*, 198 F.3d 327, 336 (2d Cir. 1999) ("Bankruptcy courts, both through their inherent powers as courts, and through the general grant of power in section 105, are able to police their dockets and afford appropriate relief."); *Lacey v. Cessna Aircraft Co.,* 932 F.2d 170, 176 (3d Cir. 1991) (district court has "substantial discretion in managing its own docket"); *Gold v. Johns-Manville Sales Corp.,* 723 F.2d 1068, 1077 (3d Cir. 1983) (every court has inherent power to "schedule disposition of the cases on its docket so as to promote fair and efficient adjudication"); *In re Peregrine Sys. Inc.,* 311 B.R. 679, 690 (D. Del. 2004) (footnote omitted) ("Section 105 specifically codifies what are traditionally called 'inherent powers' to give the bankruptcy courts the necessary ability to manage the cases on their docket."); *see generally* Fed. R. Bankr. P. 9006(b)(1) ("when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order").

22. Where a creditor is not afforded an opportunity to vote on a plan, a court should exercise its discretion to extend the applicable voting deadline. *See In re Glob. Ocean Carriers Ltd.*, 251 B.R. 31, 40 (Bankr. D. Del. 2000). Failure to provide creditors with reasonable notice of, and ability to participate in, the plan confirmation process may constitute a denial of due process and render the plan non-binding on such creditors. *See In re Mack*, No. ADV.RS 06-1160-DN, 2007 WL 7545163, at *7 (B.A.P. 9th Cir. Mar. 28, 2007); *In re Newstar Energy of Texas, LLC*,

280 B.R. 623, 627 (Bankr. W.D. Mich. 2002); *see also In re Motors Liquidation Co.*, 829 F.3d 135, 166 (2d Cir. 2016) (sale order did not enjoin claims of creditors where procedural due process was not satisfied). Thus, maintaining the current Voting Deadline could prompt arguments from Eligible Retirees that their due process was violated and that they are not bound by the Plan.

23. The Oversight Board's proposed solutions for the voting process are unavailing. It has suggested that it will, at most, extend the Voting Deadline by four days—through October 8. As set forth above, this time is simply insufficient to account for the delays experienced by Eligible Retirees. Not only a have there been delays with in-bound mail to Puerto Rico, but it must be kept in mind that ***the return address for the balloting agent is a New York address, which is likely to engender yet another delay for out-bound ballots from Puerto Rico.*** Moreover, the Oversight Board's solution of sending replacement solicitation packages—via USPS or electronically—is also insufficient. If the original solicitation package sent by USPS never arrived, it is unclear why repeating the process would lead to a different result. And while an electronic ballot might be a workable solution for some subset of Eligible Retirees, many lack computer access or the requisite technical expertise to use this option.

**B. Extending the Voting Deadline Will Not Delay or Otherwise Interfere with the Confirmation Process.**

24. This Motion seeks fair, appropriate, and achievable relief. Subject to further events and without prejudice to its right to seek additional relief, the Retiree Committee does not seek by this Motion to modify the protocols in the Plan Solicitation Order or delay the hearing on Plan confirmation. It only seeks to extend the Voting Deadline by two weeks, and only for a subset of affected creditors. The amended Voting Deadline is still three weeks before the beginning of the Confirmation Hearing and one week before the deadline for filing affidavits in support of the Plan.

8

25. The Oversight Board contends that Prime Clerk will need at least three weeks to tabulate votes. To the extent the extension imposes any burden on the Oversight Board's retained professionals, it is manageable—through increased staffing or otherwise—and wholly warranted to ensure the Plan solicitation process satisfies due process. Moreover, if the Voting Deadline is extended only for the affected creditors (*i.e.*, the Eligible Retirees and perhaps other on-Island creditor groups), Prime Clerk presumably can focus its efforts in the earlier days following the Voting Deadline on tabulating the other creditor votes, and turn to the affected creditors' votes subsequently.

26. The Retiree Committee notes that the Oversight Board's logistical arguments appear premised on the incorrect notion that any extension must apply to all voting classes. But the fallacy of this argument is that the Bankruptcy Code permits separate voting deadlines for different classes of creditors. *See Glob. Ocean Carriers*, 251 B.R. at 40; *In re GGI Holdings,* No. 20-31318 (Bankr. N.D. Tex. Aug. 18, 2020) [Dkt. 498] (entering agreed order extending voting deadline for single class of secured claims). Setting a separate deadline here is justified for Eligible Retirees, who are disproportionately on-Island (and thus more exposed to USPS's Puerto-Rico specific delays), less familiar with the bankruptcy process than financial creditors, and less able to access and remit ballots electronically. So while the Retiree Committee does not object to an extension of the voting deadline for all creditors, the Oversight Board should not be allowed to use any logistical problems that might arise from granting that broad extension as a basis to provide inadequate relief to Eligible Retirees.

27. In sum, the Retiree Committee submits that a two-week extension of the Voting Deadline is necessary and appropriate to protect Eligible Retirees' due process rights and to ensure that the largest group of creditors, who reside mainly on-Island, are not disenfranchised.

9

WHEREFORE, the Retiree Committee and the Retiree Committee Professionals respectfully request entry of an Order, substantially in the form in the attached **Exhibit A**: (a) extending the Voting Deadline for Eligible Retirees from October 4, 2021 at 5:00 p.m. (Atlantic Standard Time) to October 18, 2021 at 5:00 p.m. (Atlantic Standard Time); and (b) granting to the Retiree Committee Professionals such other relief as may be just.

| | |
|---|---|
| September 23, 2021 | Respectfully submitted, |
| JENNER & BLOCK LLP | BENNAZAR, GARCÍA & MILIÁN, C.S.P. |
| By:<br>/s/ Robert Gordon<br>Robert Gordon (admitted *pro hac vice*)<br>Richard Levin (admitted *pro hac vice*)<br>Carl Wedoff (admitted *pro hac vice*)<br>919 Third Avenue<br>New York, NY 10022-3908<br>rgordon@jenner.com<br>rlevin@jenner.com<br>cwedoff@jenner.com<br>212-891-1600 (telephone)<br>212-891-1699 (facsimile) | By:<br>/s/ A.J. Bennazar-Zequeira<br>A.J. Bennazar-Zequeira<br>Héctor M. Mayol Kauffmann<br>Edificio Union Plaza, 1701<br>Avenida Ponce de León #416<br>Hato Rey, San Juan<br>Puerto Rico 00918<br>ajb@bennazar.org<br>hector.mayol@bennazar.com<br>787-754-9191 (telephone)<br>787-764-3101 (facsimile) |
| Catherine Steege (admitted *pro hac vice*)<br>Melissa Root (admitted *pro hac vice*)<br>Landon Raiford (admitted *pro hac vice*)<br>353 N. Clark Street<br>Chicago, IL 60654<br>csteege@jenner.com<br>mroot@jenner.com<br>lraiford@jennner.com<br>312-222-9350 (telephone)<br>312-239-5199 (facsimile) | *Counsel for The Official Committee of Retired Employees of Puerto Rico* |