UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO / TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

**Fill in this information to identify the case (Select only one Debtor per claim form). / Llene esta información para identificar el caso (seleccione sólo un deudor por formulario de reclamación).**

| | | |
|---|---|---|
| ☒ Commonwealth of Puerto Rico<br>El Estado Libre Asociado de Puerto Rico | Case No. 17-bk-03283 | Petition Date:<br>May 3, 2017 |
| ☐ Puerto Rico Sales Tax Financing Corporation (COFINA)<br>La Corporación del Fondo de Interés Apremiante de Puerto Rico | Case No. 17-bk-03284 | Petition Date:<br>May 5, 2017 |
| ☐ Puerto Rico Highways and Transportation Authority<br>La Autoridad de Carreteras y Transportación de Puerto Rico | Case No. 17-bk-03567 | Petition Date:<br>May 21, 2017 |
| ☐ Employees Retirement System of the Government of the Commonwealth of Puerto Rico<br>El Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico | Case No. 17-bk-03566 | Petition Date:<br>May 21, 2017 |
| ☐ Puerto Rico Electric Power Authority<br>La Autoridad de Energía Eléctrica de Puerto Rico | Case No. 17-bk-04780 | Petition Date:<br>July 2, 2017 |

## Modified Official Form 410 / Formulario Oficial 410 Modificado

# Proof of Claim / Evidencia de reclamación

04/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a Title III case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.**

Filers must leave out or redact information that is entitled to privacy or subject to confidentiality on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

**Lea las instrucciones antes de completar este formulario. Este formulario está diseñado para realizar una reclamación de pago en un caso en virtud del Título III. No utilice este formulario para solicitar el pago de un gasto administrativo que no sea una reclamación que reúna los requisitos para ser tratada como prioridad administrativa conforme al Título 11 § 503(b) (9) del U.S.C. Ese tipo de solicitud debe realizarse de conformidad con el Título 11 § 503 del U.S.C.**

Quienes presenten la documentación deben omitir o editar información que reúna los requisitos para ser tratada con privacidad o confidencialidad en este formulario o en cualquier otro documento adjunto. Adjunte copias editadas de cualquier otro documento que respalde la reclamación, tales como pagarés, órdenes de compra, facturas, balances detallados de cuentas en funcionamiento, contratos, resoluciones judiciales, hipotecas y acuerdos de garantías. **No adjunte documentos originales,** ya que es posible que los documentos adjuntos se destruyan luego de analizarlos. En caso de que los documentos no estén disponibles, explique los motivos en un anexo.

Fill in all the information about the claim as of the Petition Date.

Complete toda la información acerca de la reclamación a la fecha en la que se presentó el caso.

| Part 1 / Parte 1 | Identify the Claim / Identificar la reclamación |
|---|---|

| | |
|---|---|
| 1. **Who is the current creditor?**<br><br>**¿Quién es el acreedor actual?** | JUAN PÉREZ-COLÓN et al (324 Plaintiffs) collectively (the "Pérez-Colón Plaintiff Group"), Civil Case Num. K AC1990-0487<br><br>Name of the current creditor (the person or entity to be paid for this claim)<br>Nombre al acreedor actual (la persona o la entidad a la que se le pagará la reclamación)<br><br>Other names the creditor used with the debtor<br>Otros nombres que el acreedor usó con el deudor _____ |

**Claim Number: 30851**

**2. Has this claim been acquired from someone else?**

**¿Esta reclamación se ha adquirido de otra persona?**

☒ No / No

☐ Yes. From whom?
Sí. ¿De quién? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**¿A dónde deberían enviarse las notificaciones al acreedor?**

Norma federal del procedimiento de quiebra (FRBP, por sus siglas en inglés) 2002(g)

| Where should notices to the creditor be sent? **¿A dónde deberían enviarse las notificaciones al acreedor?** | Where should payments to the creditor be sent? (if different) **¿A dónde deberían enviarse los pagos al acreedor?** (En caso de que sea diferente) |
|---|---|
| (787) 410-0119 | |
| Contact phone / Teléfono de contacto | Contact phone / Teléfono de contacto |
| ivonnegm@prw.net | |
| Contact email / Correo electrónico de contacto | Contact email / Correo electrónico de contacto |

**4. Does this claim amend one already filed?**

**¿Esta reclamación es una enmienda de otra presentada anteriormente?**

☒ No / No

☐ Yes. Claim number on court claims registry (if known)
Sí. Número de reclamación en el registro de reclamaciones judiciales (en caso de saberlo)_____

Filed on / Presentada el _____(MM /DD/YYYY) / (DD/MM/AAAA)

**5. Do you know if anyone else has filed a proof of claim for this claim?**

**¿Sabe si alguien más presentó una evidencia de reclamación para esta reclamación?**

☒ No / No

☐ Yes. Who made the earlier filing?
Sí. ¿Quién hizo la reclamación anterior?_____

---

**Part 2 / Parte 2:**   Give Information About the Claim as of the Petition Date

Complete toda la información acerca de la reclamación desde la fecha en la que se presentó el caso.

**6. Do you have a claim against a specific agency or department of the Commonwealth of Puerto Rico?**

**¿Tiene una reclamación en contra de algún organismo o departamento específico del Estado Libre Asociado de Puerto Rico?**

☐ No / No

☒ Yes. Identify the agency or department and contact name. (A list of Commonwealth of Puerto Rico agencies and departments is available at: https://cases.primeclerk.com/puertorico/.)
Sí. Identifique el organismo o departamento y nombre del representante. (Una lista de agencias y departamentos del Estado Libre Asociado de Puerto Rico está disponible en: https://cases.primeclerk.com/puertorico/).

Departamento de Transportación y Obras Públicas ("DTOP")

**7. Do you supply goods and / or services to the government?**

**¿Proporciona bienes y / o servicios al gobierno?**

☒ No / No

☐ Yes. Provide the additional information set forth below / Sí. Proporcionar la información adicional establecida a continuación:

Vendor / Contract Number | Número de proveedor / contrato: _____

List any amounts due after the Petition Date (listed above) but before June 30, 2017:
Anote la cantidad que se le debe después de la fecha que se presentó el caso (mencionados anteriormente), pero antes del 30 de junio de 2017  $ _____

---

| 8. How much is the claim?<br><br>¿Cuál es el importe de la reclamación? | $ 2,435,987.21 _____. **Does this amount include interest or other charges?**<br>**¿Este importe incluye intereses u otros cargos?**<br><br>☐ No / No<br>☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).<br>Sí. Adjunte un balance con intereses detallados, honorarios, gastos u otros cargos exigidos por la Norma de Quiebras 3001(c)(2)(A). |
| --- | --- |

| 9. **What is the basis of the claim?**<br><br>¿Cuál es el fundamento de la reclamación? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Por ejemplo: Venta de bienes, préstamo de dinero, arrendamiento, prestación de servicios, lesiones personales u homicidio culposo, o tarjetas de crédito. Adjunte copias editadas de cualquier documento que respalde la reclamación conforme a lo exigido por la Norma de Quiebras 3001(c). Limite la divulgación de información que reúne los requisitos para ser tratada con privacidad, tal como información sobre atención médica.<br><br>_____ |
| --- | --- |

| 10. **Is all or part of the claim secured?**<br><br>¿La reclamación está garantizada de manera total o parcial? | ☒ No / No<br>☐ Yes. The claim is secured by a lien on property.<br>Sí. La reclamación está garantizada por un derecho de retención sobre un bien.<br><br>**Nature of property / Naturaleza del bien:**<br>☐ Motor vehicle / Vehículos<br><br>☐ Other. Describe:<br>Otro. Describir: _____<br><br>**Basis for perfection / Fundamento de la realización de pasos adicionales:**<br><br>_____<br><br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br>Adjunte copias editadas de documentos, si los hubiere, que demuestre la realización de pasos adicionales para hacer valer un derecho de garantía (por ejemplo, una hipoteca, un derecho de retención, un certificado de propiedad, una declaración de financiamiento u otro documento que demuestre que se ha presentado o registrado un derecho de retención).<br><br>**Value of property / Valor del bien:** $_____<br><br>**Amount of the claim that is secured /**<br>**Importe de la reclamación que está garantizado:** $_____<br><br>**Amount of the claim that is unsecured /**<br>**Importe de la reclamación que no está garantizado:** $_____<br>(The sum of the secured and unsecured amounts should match the amount in line 7.)<br>(La suma del importe garantizado y no garantizado debe coincidir con el importe de la línea 7.)<br><br>**Amount necessary to cure any default as of the Petition Date /**<br>**Importe necesario para compensar toda cesación de pago a la fecha que se presentó el caso :**<br><br>$_____<br><br>**Annual Interest Rate** (on the Petition Date)<br>**Tasa de interés anual** (cuando se presentó el caso)_____%<br>☐ Fixed / Fija<br>☐ Variable / Variable |
| --- | --- |

| 11. **Is this claim based on a lease?**<br><br>¿Esta reclamación está basada en un arrendamiento? | ☒ No / No<br>☐ Yes. **Amount necessary to cure any default as of the Petition Date.**<br>Sí. **Importe necesario para compensar toda cesación de pago a partir de la que se presentó el caso**<br>$ _____ |
| --- | --- |

| 12. **Is this claim subject to a right of setoff?**<br><br>**¿La reclamación está sujeta a un derecho de compensación?** | ☒ No / No<br><br>☐ Yes. Identify the property /<br>   Sí. Identifique el bien: _____ |
|---|---|

| 13. **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?**<br><br>**¿La reclamación, total o parcial, cumple los requisitos para ser tratada como prioridad administrativa conforme al Título 11 § 503(b)(9) del U.S.C.?** | ☒ No / No<br><br>☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the Petition Date in these Title III case(s), in which the goods have been sold to the debtor in the ordinary course of such debtor's business. Attach documentation supporting such claim.**<br><br>Sí. **Indique el importe de la reclamación que surge del valor de cualquier bien recibido por el deudor dentro de los 20 días anteriores a la fecha de inicio en estos casos del Título III, en el que los bienes se han vendido al deudor en el transcurso normal de los negocios del deudor. Adjunte la documentación que respalda dicha reclamación.** | $ _____ |

### Part 3 / Parte 3:      Sign Below / Firmar a continuación

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**La persona que complete esta evidencia de reclamación debe firmar e indicar la fecha. FRBP 9011(b).**

Si presenta esta reclamación de manera electrónica, la FRBP 5005(a)(2) autoriza al tribunal a establecer normas locales para especificar qué se considera una firma.

Check the appropriate box / Marque la casilla correspondiente:

☐ I am the creditor. / Soy el acreedor.

☒ I am the creditor's attorney or authorized agent. / Soy el abogado o agente autorizado del acreedor.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004. / Soy el síndico, el deudor o su agente autorizado. Norma de quiebra 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005. / Soy el garante, fiador, endosante u otro codeudor. Norma de quiebra 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

Comprendo que una firma autorizada en esta *Evidencia de reclamación* se considera como un reconocimiento de que al calcular el importe de la reclamación, el acreedor le proporcionó al deudor crédito para todo pago recibido para saldar la deuda.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

He leído la información en esta *Evidencia de reclamación* y tengo motivos razonables para suponer que la información es verdadera y correcta.

I declare under penalty of perjury that the foregoing is true and correct. / Declaro bajo pena de perjurio que lo que antecede es verdadero y correcto.

Signature: *_/s/ Ivonne González-Morales_*
/s/ Ivonne González-Morales (May 31, 2018)

Signature / Firma_____ **Email:** ivonnegm@prw.net

**Print the name of the person who is completing and signing this claim / Escriba en letra de imprenta el nombre de la persona que completa y firma esta reclamación:**

Name     **Ivonne González-Morales**
         First name / Primer nombre     Middle name / Segundo nombre     Last name / Apellido

Title / Cargo     **Attorney for the Pérez-Colón Plaintiff Group; Civil Case Num. K AC1990-0487**

Company / Compañía     _____
         Identify the corporate servicer as the company if the authorized agent is a servicer.
         Identifique al recaudador corporativo como la compañía si el agente autorizado es un recaudador.

Address / Dirección     **P.O. Box 9021828**
         Number / Número          Street / Calle

         **San Juan**                          **PR**          **00902-1828**
         City / Ciudad                          State / Estado     ZIP Code / Código postal

Contact phone / Teléfono de contacto **(787) 410-0119**     Email / Correo electrónico ivonnegm@prw.net

**Attach Supporting Documentation** (limited to a single PDF attachment that is less than 5 megabytes in size and under 100 pages):

☒ **have supporting documentation.**
   **(attach below)**          ☐ **I do _not_ have supporting documentation.**

📎 **Attachment**

**PLEASE REVIEW YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTS AND REDACT ACCORDINGLY PRIOR TO UPLOADING THEM. PROOFS OF CLAIM AND ATTACHMENTS ARE PUBLIC DOCUMENTS THAT WILL BE AVAILABLE FOR ANYONE TO VIEW ONLINE.**

**IMPORTANT NOTE REGARDING REDACTING YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTATION When you submit a proof of claim and any supporting documentation you must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.**

**A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. The responsibility for redacting personal data identifiers (as defined in Federal Rule of Bankruptcy Procedure 9037) rests solely with the party submitting the documentation and their counsel. Prime Clerk and the Clerk of the Court will not review any document for redaction or compliance with this Rule and you hereby release and agree to hold harmless Prime Clerk and the Clerk of the Court from the disclosure of any personal data identifiers included in your submission. In the event Prime Clerk or the Clerk of the Court discover that personal identifier data or information concerning a minor individual has been included in a pleading, Prime Clerk and the Clerk of the Court are authorized, in their sole discretion, to redact all such information from the text of the filing and make an entry indicating the correction.**

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                                12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

## How to fill out this form

- **Fill in all of the information about the claim as of the petition date.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or contact the Claims and Noticing Agent at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), or by email at puertoricoinfo@primeclerk.com. You may view a list of filed claims in the Title III cases by visiting the Claims and Noticing Agent's website at https://cases.primeclerk.com/puertorico.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. § 503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the petition date, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the petition date. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy or confidential information. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

> **Do not file these instructions with your form**

**Secured claim under 11 U.S.C. § 506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of § 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

**If by first class mail:**
Commonwealth of Puerto Rico
Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4708
New York, NY 10163-4708

**If by overnight courier or hand delivery:**
Commonwealth of Puerto Rico
Claims Processing Center
c/o Prime Clerk, LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

# Instrucciones para la Evidencia de reclamación

Tribunal de Quiebras de los Estados Unidos                                                                        12/15

**Estas instrucciones y definiciones explican la ley de forma general. En ciertas circunstancias, tales como casos de quiebra que los deudores no presentan de forma voluntaria, se pueden aplicar excepciones a estas normas generales. Debe considerar la posibilidad de obtener el asesoramiento de un abogado, en especial si no conoce el proceso de quiebra y las reglamentaciones de privacidad.**

## Cómo completar este formulario

- **Complete toda la información acerca de la reclamación a la fecha en la que se presentó el caso.**

- **Complete el título en la parte superior del formulario.**

- **Si la reclamación se ha adquirido de otra persona, indique la identidad de la última parte** que fue propietaria de la reclamación o fue titular de la reclamación y que la transfirió a usted antes de que se presente la reclamación inicial.

- **Adjunte cualquier documento de respaldo a este formulario.**
  Adjunte copias editadas de cualquier documento que demuestre que la deuda existe, que un gravamen garantiza la deuda, o ambos. (Ver la definición de *edición* en la siguiente página).

  También adjunte copias editadas de cualquier documento que demuestre el perfeccionamiento de un derecho de garantía o cualquier cesión o transferencia de la deuda. Además de los documentos, puede agregarse un resumen. Norma federal del procedimiento de quiebra (denominada "Norma de quiebra") 3001(c) y (d).

- **No adjunte documentos originales, ya que es posible que los documentos adjuntos se destruyan luego de examinarlos.**

- **Si la reclamación se basa en la prestación de bienes o servicios de atención médica, no divulgue información de atención médica confidencial. Omita o edite la información confidencial tanto en la reclamación como en los documentos adjuntos.**

- **El formulario de *Evidencia de reclamación* y los documentos adjuntos solo deben mostrar los últimos 4 dígitos de un número de seguridad social, el número de identificación tributaria de una persona o un número de cuenta financiera, y solo el año de la fecha de nacimiento de una persona.** Ver la Norma de quiebra 9037.

- **En el caso de un menor, complete solamente las iniciales del menor y el nombre completo y la dirección del padre o madre o el tutor del menor.** Por ejemplo, escriba *A.B., un menor* (*John Doe, padre, calle 123, ciudad, estado*). Ver la Norma de quiebra 9037.

## Confirmación de que se ha presentado la reclamación

Para recibir una confirmación de que se ha presentado la reclamación, puede adjuntar un sobre autodirigido y estampillado y una copia de este formulario o comunicarse con el representante de reclamaciones y notificaciones al (844) 822-9231 (número gratuito para EE. UU. y Puerto Rico) o al (646) 486-7944 (para llamadas internacionales), o por correo electrónico a puertoricoinfo@primeclerk.com. Para ver una lista de las reclamaciones presentadas en los casos del Título III, visite el sitio web del representante de reclamaciones y notificaciones en https://cases.primeclerk.com/puertorico.

## Comprenda los términos utilizados en este formulario

**Gastos administrativos:** En términos generales, gastos que se generan luego de presentar un caso de quiebra en relación con el manejo, la liquidación o la distribución del patrimonio de la quiebra.
Título 11 § 503 del Código de los Estados Unidos (U.S.C.).

**Reclamación:** El derecho de un acreedor a recibir un pago por una deuda del deudor a la fecha en la que el deudor solicitó la quiebra. Título 11 §101 (5) del U.S.C. Una reclamación puede estar garantizada o no garantizada.

**Reclamación de conformidad con el Título 11 § 503(b)(9) del U.S.C.:** Una reclamación que surge del valor de cualquier bien recibido por el Deudor dentro de los 20 días anteriores a la fecha en la que se presentó el caso , en el que los bienes se han vendido al Deudor en el transcurso normal de los negocios del Deudor. Adjunte la documentación que respalde dicha reclamación.

**Acreedor:** Una persona, una sociedad anónima u otra entidad con la que el deudor tiene una deuda que se contrajo en la fecha en la que el deudor solicitó la quiebra o con anterioridad. Título 11 § 101 (10) del U.S.C.

**Deudor:** Una persona, una sociedad anónima u otra entidad que está en quiebra. Utilice el nombre del deudor y el número de caso tal como se muestran en el aviso de quiebra que recibió. Título 11 § 101 (13) del U.S.C.

**Prueba de pasos adicionales:** La prueba de la realización de pasos adicionales para hacer valer un derecho de garantía puede incluir documentos que demuestren que se ha presentado o registrado un derecho de garantía, tal como una hipoteca, un derecho de retención, un certificado de propiedad o una declaración de financiamiento.

**Información que debe mantenerse en privado:** El formulario de *Evidencia de reclamación* y los documentos adjuntos solo deben mostrar los últimos 4 dígitos de un número de seguridad social, el número de identificación tributaria de una persona o un número de cuenta financiera, y solo las iniciales del nombre de un menor y el año de la fecha de nacimiento de una persona. Si una reclamación se basa en la prestación de bienes o servicios de atención médica, limite la divulgación de los bienes o servicios a fin de evitar la incomodidad o la divulgación de información de atención médica confidencial. Es posible que, más adelante, se le solicite que brinde más información si el síndico u otra persona de interés se opone a la reclamación.

**Evidencia de reclamación:** Un formulario que detalla el monto de la deuda que el deudor mantiene con un acreedor a la fecha de la presentación. El formulario debe ser presentado en el distrito donde el caso se encuentra pendiente de resolución.

**Edición de información:** Ocultamiento, corrección, o eliminación de cierta información para proteger la privacidad o la información confidencial. Quienes presenten la documentación deben editar u omitir información sujeta a **privacidad** en el formulario de *Evidencia de reclamación* y en cualquier documento adjunto.

**Reclamación garantizada en virtud del Título 11 § 506(a) del U.S.C.:** Una reclamación respaldada por un derecho de retención sobre un bien en particular del deudor. Una reclamación está garantizada en la medida que un acreedor tenga el derecho a recibir un pago proveniente del bien antes de que se les pague a otros acreedores. El monto de una reclamación garantizada generalmente no puede ser mayor que el valor del bien en particular sobre el cual el acreedor mantiene un derecho de retención. Cualquier monto adeudado a un acreedor que sea mayor que el valor del bien generalmente se lo considera una reclamación no garantizada. Sin embargo, existen excepciones; por ejemplo, el Título 11 § 1322(b) del U.S.C., y la oración final de § 1325(a).

Algunos ejemplos de derechos de retención sobre bienes incluyen una hipoteca sobre un inmueble o un derecho de garantía sobre un automóvil. Un derecho de retención puede ser otorgado de manera voluntaria por un deudor o puede obtenerse a través de un procedimiento judicial. En algunos estados, una resolución judicial puede ser un derecho de retención.

**Compensación:** Ocurre cuando un acreedor se paga a sí mismo con dinero que pertenece al deudor y que mantiene en su poder, o cuando el acreedor cancela una deuda que mantiene con el deudor.

**Reclamación no garantizada:** Una reclamación que no cumple con los requisitos de una reclamación garantizada. Una reclamación puede no estar garantizada en parte en la medida que el monto de la reclamación sea mayor que el valor del bien sobre la cual un acreedor tiene un derecho de retención.

## Ofrecimiento de compra de una reclamación

Algunas entidades compran reclamaciones por un monto menor que su valor nominal. Estas entidades pueden contactar a acreedores para ofrecerles la compra de sus reclamaciones. Algunas comunicaciones por escrito de estas entidades pueden confundirse fácilmente con documentación judicial oficial o con comunicaciones del deudor. Estas entidades no representan al tribunal de quiebras, al síndico de la quiebra, ni al deudor. Un acreedor no tiene obligación alguna de vender su reclamación. Sin embargo, si decide hacerlo, cualquier transferencia de esa reclamación está sujeta a la Norma de Quiebras 3001(e), a las correspondientes disposiciones del Código de Quiebras (Título 11 § 101 y subsiguientes del U.S.C.) y a cualquier resolución del tribunal de quiebras que corresponda al caso.

## Envíe la(s) Evidencia(s) de reclamación completa(s) a:

**Si por correo de primera clase:**
Commonwealth of Puerto Rico
Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4708
New York, NY 10163-4708

**Si por el mensajero de una noche o la entrega de mensajero a mano:**
Commonwealth of Puerto Rico
Claims Processing Center
c/o Prime Clerk, LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

---

**No presente estas instrucciones con su formulario**

---

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO / TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO**

| Fill in this information to identify the case (Select only one Debtor per claim form). / Llene esta información para identificar el caso (seleccione sólo un deudor por formulario de reclamación). | | |
|---|---|---|
| ☑ Commonwealth of Puerto Rico<br>El Estado Libre Asociado de Puerto Rico | Case No. 17-bk-03283 | Petition Date:<br>May 3, 2017 |
| ☐ Puerto Rico Sales Tax Financing Corporation (COFINA)<br>La Corporación del Fondo de Interés Apremiante de Puerto Rico | Case No. 17-bk-03284 | Petition Date:<br>May 5, 2017 |
| ☐ Puerto Rico Highways and Transportation Authority<br>La Autoridad de Carreteras y Transportación de Puerto Rico | Case No. 17-bk-03567 | Petition Date:<br>May 21, 2017 |
| ☐ Employees Retirement System of the Government of the Commonwealth of Puerto Rico<br>El Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico | Case No. 17-bk-03566 | Petition Date:<br>May 21, 2017 |
| ☐ Puerto Rico Electric Power Authority<br>La Autoridad de Energía Eléctrica de Puerto Rico | Case No. 17-bk-04780 | Petition Date:<br>July 2, 2017 |

MMLID: 1421054
EPOC ID: 170328301181278

# Modified Official Form 410 / Formulario Oficial 410 Modificado

# Proof of Claim / Evidencia de reclamación

04/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a Title III case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.**

Filers must leave out or redact information that is entitled to privacy or subject to confidentiality on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

**Lea las instrucciones antes de completar este formulario. Este formulario está diseñado para realizar una reclamación de pago en un caso en virtud del Título III. No utilice este formulario para solicitar el pago de un gasto administrativo que no sea una reclamación que reúna los requisitos para ser tratada como prioridad administrativa conforme al Título 11 § 503(b) (9) del U.S.C. Ese tipo de solicitud debe realizarse de conformidad con el Título 11 § 503 del U.S.C.**

Quienes presenten la documentación **deben omitir o editar** información que reúna los requisitos para ser tratada con privacidad o confidencialidad en este formulario o en cualquier otro documento adjunto. Adjunte copias editadas de cualquier otro documento que respalde la reclamación, tales como pagarés, órdenes de compra, facturas, balances detallados de cuentas en funcionamiento, contratos, resoluciones judiciales, hipotecas y acuerdos de garantías. **No adjunte documentos originales,** ya que es posible que los documentos adjuntos se destruyan luego de analizarlos. En caso de que los documentos no estén disponibles, explique los motivos en un anexo.

**Fill in all the information about the claim as of the Petition Date.**

**Complete toda la información acerca de la reclamación a la fecha en la que se presentó el caso.**

| Part 1 / Parte 1 | Identify the Claim / Identificar la reclamación |
|---|---|

| 1. **Who is the current creditor?**<br><br>**¿Quién es el acreedor actual?** | Juan Pérez-Colón et al (324 Plaintiffs) collectively (the "Pérez-Colón Plaintiff Group")<br>Civil Case Num. K AC1990-0487<br>Name of the current creditor (the person or entity to be paid for this claim)<br>Nombre al acreedor actual (la persona o la entidad a la que se le pagará la reclamación)<br><br>Other names the creditor used with the debtor<br>Otros nombres que el acreedor usó con el deudor _____ |
|---|---|

| 2. **Has this claim been acquired from someone else?** ¿Esta reclamación se ha adquirido de otra persona? | ☑ No / No<br>☐ Yes. From whom?<br>Sí. ¿De quién? _____ | |
|---|---|---|
| 3. **Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) ¿A dónde deberían enviarse las notificaciones al acreedor? Norma federal del procedimiento de quiebra (FRBP, por sus siglas en inglés) 2002(g | **Where should notices to the creditor be sent?** **¿A dónde deberían enviarse las notificaciones al acreedor?**<br><br>Pérez-Colón Plaintiff Group (324 Plaintiffs)<br>Lcda. Ivonne González-Morales<br>Name / Nombre<br><br>P.O. Box 9021828<br>Number / Número    Street / Calle<br><br>San Juan        P.R.        00902-1828<br>City / Ciudad    State / Estado    ZIP Code / Código postal<br><br>(787) 410-0119<br>Contact phone / Teléfono de contacto<br><br>ivonnegm@prw.net<br>Contact email / Correo electrónico de contacto | **Where should payments to the creditor be sent?** (if different) **¿A dónde deberían enviarse los pagos al acreedor?** (En caso de que sea diferente)<br><br>Name / Nombre<br><br>Number / Número    Street / Calle<br><br>City / Ciudad    State / Estado    ZIP Code / Código postal<br><br>Contact phone / Teléfono de contacto<br><br>Contact email / Correo electrónico de contacto |
| 4. **Does this claim amend one already filed?** ¿Esta reclamación es una enmienda de otra presentada anteriormente? | ☑ No / No<br>☐ Yes.  Claim number on court claims registry (if known)<br>Sí.  Número de reclamación en el registro de reclamaciones judiciales (en caso de saberlo) _____<br>Filed on / Presentada el _____ (MM /DD/YYYY) / (DD/MM/AAAA) | |
| 5. **Do you know if anyone else has filed a proof of claim for this claim?** ¿Sabe si alguien más presentó una evidencia de reclamación para esta reclamación? | ☑ No / No<br>☐ Yes. Who made the earlier filing?<br>Sí. ¿Quién hizo la reclamación anterior? _____ | |

**Part 2 / Parte 2:**    Give Information About the Claim as of the Petition Date
              Complete toda la información acerca de la reclamación desde la fecha en la que se presentó el caso.

| 6. **Do you have a claim against a specific agency or department of the Commonwealth of Puerto Rico?** ¿Tiene una reclamación en contra de algún organismo o departamento específico del Estado Libre Asociado de Puerto Rico? | ☐ No / No<br>☑ Yes.  Identify the agency or department and contact name. (A list of Commonwealth of Puerto Rico agencies and departments is available at: https://cases.primeclerk.com/puertorico/.)<br>Sí.  Identifique el organismo o departamento o nombre del representante. (Una lista de agencias y departamentos del Estado Libre Asociado de Puerto Rico está disponible en: https://cases.primeclerk.com/puertorico/).<br><br>**Department of Transportation and Public Works ("DTOP")** |
|---|---|
| 7. **Do you supply goods and / or services to the government?** ¿Proporciona bienes y / o servicios al gobierno? | ☑ No / No<br>☐ Yes. Provide the additional information set forth below / Sí. Proporcionar la información adicional establecida a continuación:<br><br>Vendor / Contract Number \| Número de proveedor / contrato: _____<br><br>List any amounts due after the Petition Date (listed above) but before June 30, 2017:<br>Anote la cantidad que se le debe después de la fecha que se presentó el caso (mencionados anteriormente), pero antes del 30 de junio de 2017  $ _____ |

| 8. | How much is the claim? | $ __2,435,987.21__ . | **Does this amount include interest or other charges?** |
|---|---|---|---|

**8. How much is the claim?**

¿Cuál es el importe de la reclamación?

$ __2,435,987.21__ .

**Does this amount include interest or other charges?**
¿Este importe incluye intereses u otros cargos?

☐ No / No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).
Sí. Adjunte un balance con intereses detallados, honorarios, gastos u otros cargos exigidos por la Norma de Quiebras 3001(c)(2)(A).

---

**9. What is the basis of the claim?**

¿Cuál es el fundamento de la reclamación?

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

Por ejemplo: Venta de bienes, préstamo de dinero, arrendamiento, prestación de servicios, lesiones personales u homicidio culposo, o tarjetas de crédito. Adjunte copias editadas de cualquier documento que respalde la reclamación conforme a lo exigido por la Norma de Quiebras 3001(c). Limite la divulgación de información que reúne los requisitos para ser tratada con privacidad, tal como información sobre atención médica.

Final Judgment correcting regular rate of pay due to illegal implementation of regulation which resulted in inoperative pay scales and payment of back wages; Civil Case Num. K AC1990-0487

---

**10. Is all or part of the claim secured?**

¿La reclamación está garantizada de manera total o parcial?

☑ No / No

☐ Yes. The claim is secured by a lien on property.
Sí. La reclamación está garantizada por un derecho de retención sobre un bien.

**Nature of property / Naturaleza del bien:**
☐ Motor vehicle / Vehículos

☐ Other. Describe:
Otro. Describir: _____

**Basis for perfection / Fundamento de la realización de pasos adicionales:** _____
_____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Adjunte copias editadas de documentos, si los hubiere, que demuestre la realización de pasos adicionales para hacer valer un derecho de garantía (por ejemplo, una hipoteca, un derecho de retención, un certificado de propiedad, una declaración de financiamiento u otro documento que demuestre que se ha presentado o registrado un derecho de retención.

**Value of property / Valor del bien:** $_____

**Amount of the claim that is secured /**
**Importe de la reclamación que está garantizado:** $_____

**Amount of the claim that is unsecured /**
**Importe de la reclamación que no está garantizado:** $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)
(La suma del importe garantizado y no garantizado debe coincidir con el importe de la línea 7.)

**Amount necessary to cure any default as of the Petition Date /**
**Importe necesario para compensar toda cesación de pago a la fecha que se presentó el caso :** $_____
_____

**Annual Interest Rate** (on the Petition Date)
**Tasa de interés anual** (cuando se presentó el caso)_____%
☐ Fixed / Fija
☐ Variable / Variable

---

**11. Is this claim based on a lease?**

¿Esta reclamación está basada en un arrendamiento?

☑ No / No

☐ Yes. **Amount necessary to cure any default as of the Petition Date.**
Sí. Importe necesario para compensar toda cesación de pago a partir de la que se presentó el caso $ _____

---

| 12. Is this claim subject to a right of setoff?<br><br>¿La reclamación está sujeta a un derecho de compensación? | ☑ No / No<br><br>☐ Yes. Identify the property /<br>Sí. Identifique el bien: _____ |
|---|---|
| 13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?<br><br>¿La reclamación, total o parcial, cumple los requisitos para ser tratada como prioridad administrativa conforme al Título 11 § 503(b)(9) del U.S.C.? | ☑ No / No<br><br>☐ Yes. **Indicate the amount of your claim arising from the value of any goods received** $ _____<br>**by the debtor within 20 days before the Petition Date in these Title III case(s), in which the goods have been sold to the debtor in the ordinary course of such debtor's business. Attach documentation supporting such claim.**<br><br>Sí. **Indique el importe de la reclamación que surge del valor de cualquier bien recibido por el deudor dentro de los 20 días anteriores a la fecha de inicio en estos casos del Título III, en el que los bienes se han vendido al deudor en el transcurso normal de los negocios del deudor. Adjunte la documentación que respalda dicha reclamación.** |

## Part 3 / Parte 3:

### Sign Below / Firmar a continuación

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**La persona que complete esta evidencia de reclamación debe firmar e indicar la fecha. FRBP 9011(b).**

Si presenta esta reclamación de manera electrónica, la FRBP 5005(a)(2) autoriza al tribunal a establecer normas locales para especificar qué se considera una firma.

Check the appropriate box / Marque la casilla correspondiente:

☐ I am the creditor. / Soy el acreedor.

☑ I am the creditor's attorney or authorized agent. / Soy el abogado o agente autorizado del acreedor.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004. / Soy el síndico, el deudor o su agente autorizado. Norma de quiebra 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005. / Soy el garante, fiador, endosante u otro codeudor. Norma de quiebra 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

Comprendo que una firma autorizada en esta *Evidencia de reclamación* se considera como un reconocimiento de que al calcular el importe de la reclamación, el acreedor le proporcionó al deudor crédito para todo pago recibido para saldar la deuda

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

He leído la información en esta *Evidencia de reclamación* y tengo motivos razonables para suponer que la información es verdadera y correcta.

I declare under penalty of perjury that the foregoing is true and correct. / Declaro bajo pena de perjurio que lo que antecede es verdadero y correcto.

Executed on date / Ejecutado el   <u>5/25/2018</u>   (MM/DD/YYYY) / (DD/MM/AAAA)

Signature / Firma <u>/s/ Ivonne González-Morales</u>

**Print the name of the person who is completing and signing this claim / Escriba en letra de imprenta el nombre de la persona que completa y firma esta reclamación:**

| Name | Ivonne | | González-Morales |
|---|---|---|---|
| | First name / Primer nombre | Middle name / Segundo nombre | Last name / Apellido |

Title / Cargo   <u>Attorney for the Pérez-Colón Plaintiff Group; Civil Case Num. 1990-0487</u>

Company / Compañía _____
Identify the corporate servicer as the company if the authorized agent is a servicer.
Identifique al recaudador corporativo como la compañía si el agente autorizado es un recaudador.

| Address / Dirección | P.O. Box 9021828 | | |
|---|---|---|---|
| | Number / Número   Street / Calle | | |
| | San Juan | P.R. | 00902-1828 |
| | City / Ciudad | State / Estado | ZIP Code / Código postal |

Contact phone / Teléfono de contacto   (787) 410-0119   Email / Correo electrónico   ivonnegm@prw.net

**Table of References and Exhibits in support of Proof of Claim in connection
with Final Judgment entered in favor of Plaintiffs in case of <u>Juan Pérez-Colón
<i>et</i> al (324 Plaintiffs) v. Department of Transportation and Public Works
("DTOP") <i>et al</i></u>, Civil Case Num. K AC1990-0487**

| <u>Document</u> | <u>Exhibit ID</u> | <u>Page in Proof of Claim</u> |
|---|---|---|
| Official request of approval of Payment Plan addressed to Secretary of Department of Justice dated December 11, 2015 acknowledging debt in favor of Plaintiffs, including Final Judgment entered on September 26, 2003 in favor of Plaintiffs | 1 | 7 |
| Schedule indicating unpaid wages adjustments and Itemized Statement pursuant to FRBP 3001(c)(2)(A) for interests in connection with Final Judgment entered on September 26, 2003 in favor of Plaintiffs | 2 | 52 |

# EXHIBIT 1

ESTADO LIBRE ASOCIADO DE
**PUERTO RICO**
Departamento de Transportación
y Obras Públicas

RECIBIDO POR _[firma]_

FECHA _1:36 pm_
_12/14/15_

DEC 14 '15 1:35PM
OFIC. DEL SECRETARIO

11 de diciembre de 2015

Hon. César Miranda Rodríguez
Secretario
Departamento de Justicia
Apartado 9020192
San Juan, PR 00902-0192

**JUAN PEREZ COLON Y OTROS VS. ELA; DTOP**
**CIVIL NUM. KAC-1990-0487 (905)**

Estimado señor Secretario:

El caso de referencia trata de una reclamación de pago de salario mínimo federal que impacta a todos los empleados del Departamento de Transportación y Obras Públicas (DTOP). Al presente, quedan por pagar unos $2,118,214.24, los cuales han sido solicitados a la Oficina de Gerencia y Presupuesto (OGP) el 5 de febrero de 2013, 7 de febrero de 2014 y 24 de noviembre de 2014 mediante el proceso de Petición Presupuestaria de los años fiscales 2014, 2015 y 2016.

Los fondos necesarios para completar el pago de la sentencia pendiente en este caso, no han sido asignados por OGP para los referidos años fiscales y el DTOP no cuenta con fondos adicionales para resarcir el pago de la misma.

No obstante lo anterior, y de conformidad con lo dispuesto en la Carta Circular Número 2015-01 del Departamento de Justicia, le acompaño documentos relacionados con el caso de referencia, para que nos provean su autorización:

➢ Certificación de fondos negativa emitida el 24 de julio de 2015 por la Sra. Enid Valentín Collazo, Directora de la Oficina de Presupuesto y Finanzas;
➢ Copia de las peticiones presupuestarias a OGP para los años fiscales 2014, 2015 y 2016;
➢ Plan de pagos propuesto para cumplir con el pago de esta sentencia;
➢ Sentencia emitida por el Tribunal de Primera Instancia el 26 de septiembre de 2003.

De necesitar información adicional, puede comunicarse con la Lcda. Yasmín M. Santiago Zayas, Asesora Legal, a través del teléfono (787) 722-2929, extensiones 2374, 2376.

Cordialmente,

_[firma] por Yasmín M. Santiago Zayas_

Ing. Miguel A. Torres Díaz
Secretario

Anejos

Centro Gubernamental Roberto Sánchez Vilella
Apartado 41269, San Juan, PR 00940-1269
Tel. (787) 723.3890
Tel. (787) 722.2929 ext. 2525 - 2326
Fax. (787) 725.1620
www.dtop.gov.pr



Certificación – Caso Civil Juan Pérez Colón y Otros VS. ELA
24 de julio de 2015
Página 2

*"El remedio disponible cuando no existan fondos para el pago de sentencias*
*será el pago de interés sobre la cantidad adeudada conforme a lo establecido*
*en las Reglas de Procedimiento Civil y las leyes especiales aplicables."*

Del Estado conferir los fondos, recomendamos un plan de pago por un término de siete (7) años fiscales que comprenderán desde el 1 de julio de 2015 hasta el 30 de junio de 2022 a razón de $294,673.50 anuales, excepto el primer pago que será de $350,173.24, el cual comprenderá los ajustes en sueldo a tono con la aplicación del sueldo mínimo federal al 1 de julio de 2015 y el pago de honorarios de la parte demandante a razón de $52,001.21 anuales hasta el vencimiento del término del plan de pago (ver Anejo B).

Incluyo para efectos de referencia, análisis y la acción que corresponda, copia de la sentencia emitida en este caso (Anejo C).

Esta Certificación se emite hoy, **viernes, 24 de julio de 2015**, a solicitud del Departamento de Justicia para los correspondientes trámites legales.

Enid Valencin Collazo
Directora
Oficina de Presupuesto y Finanzas

Complejo Gubernamental Roberto Sánchez Vilella
Apartado 42007 San Juan, PR 00940-1269.
Tel. (787) 722.2929
www.dtop.gov.pr
 facebook.com/dtop     @DTOP





ESTADO LIBRE ASOCIADO DE
**PUERTO RICO**
Departamento de Transportación
y Obras Públicas

## Certificación

Certifico que el 5 de febrero de 2013, 7 de febrero de 2014 y 24 de noviembre de 2014 solicitamos a la Oficina de Gerencia y Presupuesto (OGP), mediante el proceso de Petición Presupuestaria de los Años Fiscales 2014, 2015 y 2016, los fondos necesarios para el pago de la sentencia por reclamación del salario mínimo federal a favor de los empleados demandantes en el **Caso Civil Núm. KAC 1990-0487 (905) JUAN PÉREZ COLÓN Y OTROS vs. ESTADO LIBRE ASOCIADO DE PUERTO RICO.** Los fondos solicitados mediante la Petición Presupuestaria para el año vigente ascendió a dos millones ciento dieciocho mil setecientos noventa y cinco dólares con cero centavos ($2,118,795.00) cuando debió haber leído dos millones ciento dieciocho mil doscientos catorce dólares con veinticuatro centavos (**$2,118,214.24**) para el pago de la referida sentencia (Ver Anejo A).

Dichos fondos no fueron considerados ni asignados para los referidos años fiscales y ante la condición fiscal de la Agencia de no contar con fondos adicionales para resarcir el pago de la misma, recomendamos pagar los sueldos dejados de percibir del Fondo de Responsabilidad Fiscal bajo la custodia de la OGP.

Conforme al **Capítulo IV. Planes para las Sentencias Finales y Firmes Pendientes De Pago** de la Ley Número 66 de 17 de junio de 2014, conocida como "Ley Especial de Sostenibilidad Fiscal y Operacional del Gobierno del Estado Libre Asociado de Puerto Rico", estipula en el **Artículo 28 "Aplicabilidad y Planes de Pago" Inciso (c),** lo siguiente:

*"Si la cantidad adeudada por el Estado, corporación pública o por un municipio fuere mayor a un millón (1,000,000.00) de dólares, pero menor o igual a siete millones (7,000,000.00) de dólares, podrá ser satisfecha mediante un plan de pago que comprenderá entre cuatro (4) años y un (1) día a siete (7) años desde que la obligación de pago advenga final y firme."*

No obstante, en el **Artículo 29 "Acciones contra el Estado, Municipios y Funcionarios",** de la Ley de referencia estipula además:

*"No se podrá compeler a las agencias o instrumentalidades del Estado, corporaciones públicas o municipios, funcionarios o empleados, a hacer pago alguno respecto a una sentencia o plan de pago previamente autorizado, cuando no existan fondos para ello por haberse agotado la asignación legislativa destinada a esos fines, por lo que se prohíbe el embargo de fondos para hacer efectivo un fallo emitido contra el Estado. La determinación de falta de fondos para realizar dicho pago deberá ser certificada por la agencia o instrumentalidades del Estado, corporación pública o municipio que se trate y en caso de fondos que provengan de asignaciones legislativas, incluyendo del Fondo General, deberá ser confirmada por la Oficina de Gerencia y Presupuesto, cuya determinación al respecto será concluyente."*

Centro Gubernamental Roberto Sánchez Vilella
Apartado 41269, San Juan, PR 00940-1269
Tel. (787) 722-2929
www.dtop.gov.pr

 



Case:17-03283-LTS9   Claim:17-63-1   Filed:09/25/18   Desc:Main Document   Page 18 of
62



ESTADO LIBRE ASOCIADO DE

# PUERTO RICO

Departamento de Transportación
y Obras Públicas

*Oficina de Presupuesto y Finanzas*

# ANEJO A

Centro Gubernamental Roberto Sánchez Vilella
Apartado 41269, San Juan, PR 00940-1269
Tel. (787) 721.2929
www.dtop.gov.pr

 facebook.com/dtop    @DTOP





OFICINA DE GERENCIA Y PRESUPUESTO
ESTADO LIBRE ASOCIADO DE PUERTO RICO

Formulario (C)

Reclamaciones u/a Sentencia
Año Fiscal 2014-15 al 2016-35
(en miles de dólares)

| AGENCIA | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 043 | Departamento de Transportación y Obras Públicas (DTOP) | | | | | | | | |

| N/A | DTOP-KAC1906-003 | Jeannette Manzano Diaz y Otros | DTOP | Pleito de Clase. Reclamación de empleados por ajuste salario mínimo federal. | 31 | 31 | 42,183,130 | | 42,183,130 |
| N/A | DTOP-KAC1996-187 | Rita Pérez Colón y Otros | DTOP | Reclamación de salario mínimo federal. El monto total de la sentencia asciende a $3,882,654.16 hasta el 30 de junio de 2015. De estos, resta por pagar $1,020,042.18 las cuales corresponden a las esferas debidas de: porción, beneficios marginales y honorarios. Desde el 1 de julio de 2015 hasta el 30 de junio de 2016 y $190,762.07 para cubrir los ajustes de sueldos de los demandantes en el año presupuestario 2016. De estos, $1,268,668.79 corresponden al Fondo General. El monto en salario entrará por la deuda continúa y devengará salarios, el pago de honorarios... Los fondos solicitados en total asciende a $2,136,704.64. Incluye un 35% para el pago de honorarios a los abogados de la parte demandante. No incluye sueldos de los empleados registrados. Dicha demanda se originó el 21 de noviembre de 1990 por empleados del DTOP. El 1 de mayo de 2007, el Tribunal de Primera Instancia dictó sentencia y ordenó el pago. | 31 | 31 | 2,136,705 | | 2,136,705 |
| N/A | DTOP-KAC1906-1579 | Realtor 1996, S.E. | DTOP | Interdicto de Cumplir y Cobro de Dinero. Reclamación contractual de parte la Urbanización de DTOP, bajo el plan del DTOP "Remodelación de la Plaza de Mercado del Municipio de Caguas". Este tiene sentencia pero está pendiente el pago de las costas de litigio. | 31 | 31 | 187,655 | | 187,655 |

Asociación: Ramón Maria

Case:17-03283-LTS9 Claim 19763-1 Filed:09/25/18 Desc:Main Document Page 21 of
62

 OGP

**OFICINA DE GERENCIA Y PRESUPUESTO**
**ESTADO LIBRE ASOCIADO DE PUERTO RICO**

Demandas con Sentencias
Año Fiscal 2012-13 vs. 2013-14
(en miles dólares)

| 449 | DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS (DTOP) |
|---|---|

| | | | | |
|---|---|---|---|---|
| Proffesional Technologies vs DTOP [DCD 2007-1433] | Tipo de Demanda: "Cobro de Dinero". Sub Contratista de Epifanio Contratines en trabajos eléctricos en el Proyecto 08-046 "Soterrado Eléctrico en el Municipio de Toa Baja". | 300,000 | | 300,000 |
| Navaro Construction, Corp. vs DTOP [KAC 2005-2850] | Tipo de Demanda "Incumplimiento de Contrato, Cobro de Dinero y Arbitraje". Pendiente se celebre Arbitraje ordenado por el Tribunal. Caso se relaciona con proyecto de la Directoría de Urbanismo, "Viviendas Unifamiliares y Reconstrucción Estructuras Cauter Urbano de Guayama". | 5,000,000 | | 5,000,000 |
| Efraín Colón Torres [B3CI 2006-00133 Sucs] | Tipo de Demanda "Incumplimiento de Contrato y Daños y Perjuicios". Demandantes alegan que su propiedad fue incautada sin justa compensación, todo como parte de la construcción del Proyecto del Estacionamiento de Barranquitas de la Directoría de Urbanismo. | 1,550,000 | | 1,550,000 |
| | Total | $ 62,525,878 | $ | $ 62,525,878 |

* Las demandas sin sentencias tienen visos a favor de la parte demandante.

Notas:
1) La Agencia deberá someter información para toda demanda en la que ya se haya dictado sentencia y requiera pago.
2) Explicación: Incluir descripción breve del caso y justificación para la solicitud de fondos a la OGP.
3) Es requisito copia de la determinación del Tribunal.

Preparado por:

Enid Valentín Colón
Directora Interina, Oficina de Presupuesto y Finanzas
Nombre y Título de Funcionario

5 de febrero de 2015

Certifico correcto:

Lcdo. Antonio Adrover
Asesor Legal
Cloira Asesora Jurídica Legal

5 de febrero de 2015
Fecha

Edgar A. Torres Díaz
Secretaría
Isla de Agencia

5 de febrero de 2015
Fecha

Del 04 de enero a 2015



ESTADO LIBRE ASOCIADO DE

P U E R T O   R I C O

Departamento de Transportación
y Obras Públicas

*Oficina de Presupuesto y Finanzas*

# ANEJO B

Centro Gubernamental Roberto Sánchez Vilella
Apartado 41269, San Juan, PR 00940-1269
Tel. (787) 721.2929
www.dtop.gov.pr

 facebook.com/dtop    @DTOP



 **OGP**

OFICINA DE GERENCIA Y PRESUPUESTO
ESTADO LIBRE ASOCIADO DE PUERTO RICO

Demandas con Septiembre
Año Fiscal 2014-15 y 2015-16
(en miles de dólares)

Formulario 16

| | 689 | Departamento de Transportación y Obras Públicas (DTOP) |
|---|---|---|

| | Número de Caso | Demandante | Demandado | Caso | Cedido | | Monto | Impacto Presupuestario | Total |
|---|---|---|---|---|---|---|---|---|---|
| N/A | DTOP-DC2009-0689 | Edna Cintrón Ortiz | DTOP | Destitución. Revocación de resolución. Una los razones de que nunca pudo trabajar de Ley alguna, ni del reglamento de Norma de Conducta del DTOP y que tomó una autorización bajo instrucciones de sus superiores. Que tiene que actuar con una dignidad a efecto hasta que sea reinstalada en fondos. | Sí | Sí | 679,405 | | 679,405 |
| N/A | KAC-2017-0189 | Damaços | DTOP | Incumplimiento de Contrato. Proyecto del Soterrado del infraestructura, eléctrica y agua, negra, y rehabilitación área I - Municipio de San Lorenzo. | Sí | Sí | 2,007,840 | | 2,007,840 |
| N/A | DTOP-KAC2013-0082 | Quality Edicions Inc. | DTOP | Incumplimiento de Contrato y Cobro de Dinero. Contrato proyecto Carretera Urbanismo "Estacionamiento Múltiples del proyecto", pago se la pérdida dinero por "extended overhead" y retenido. | No | No | 800,000 | | 800,000 |
| N/A | DTOP-OC2007-1059 | Professional Technologies | DTOP | Cobro de Dinero. Sub-Contratista de efectuar mejoras en el tráfico eléctricos en Proyecto de más interferencias en Municipio de Vega Baja. | No | No | 200,000 | | 200,000 |
| N/A | DTOP-KSC1-2006-00281 | Buda Efrain Colón Torres | DTOP | Incumplimiento de Contrato, y Daños y Perjuicios demandantes alegan que la propiedad fue incautada sin justa compensación tomo como parte de la construcción del Proyecto del Estacionamiento de infraestructura de la Obra to i de Orizontia. | No | No | 1,550,000 | | 1,550,000 |
| N/A | DTOP-COP2013-0250 | Edgar A. Otero Amezquita | DTOP | Recinto. Ilegal a Institución. Demandante alega que fue trasladado ilegalmente a distribución injusta de posición después de no recibir estímulo. | No | No | 250,000 | | 250,000 |
| N/A | DTOP-KAC2006-0890 | Ramos Construction, Corp. | DTOP | Incumplimiento de Contrato y Cobro de Dinero. Proyecto se celebra Subasta otorgada por el tribunal. Caso se relaciona con proyecto de la pérdida de Urbanismo "Viviendas Unifamiliares y Reconstrucción Estructuras Centro Urbano de Guayama". | No | No | 8,000,000 | | 8,000,000 |
| | | | | **Total** | | | $ 54,293,702.48 | $ | $ 54,293,702.48 |

Revisado: Abril 2014

OFICINA DE GERENCIA Y PRESUPUESTO
ESTADO LIBRE ASOCIADO DE PUERTO RICO

Presupuesto Recomendado
Año Fiscal 2013-2014, 2013-14
(en miles de dólares)

**Notas:**
1) La siguiente tabla contiene información para cada obra que se lleva en el año planificado según los recursos asignados.
2) La descripción detallada asignada entre los sub-programas y/o planificación para la ejecución de las obras de OGP.
3) El recuadro sujeto a la determinación del Tribunal.

** La información explicada está sujeta a las asociaciones/implementaciones por la política de Aprovechamiento según las Departamentos.

Preparado por: _____
Hon. Juan Carlos Oquendo
Director, Oficina de Presupuesto y Finanzas
División y Centro de Planificación

12 de diciembre de 2014
Fecha:

Certifico corrección: _____
Hon. Juan Carlos Pérez Santander
Jefe del Agencia

24 de diciembre de 2014
Fecha:

Revisado por: _____
Hon. Virginia Santiago Báez
Asistente Legal

28 de diciembre 2014
Fecha:

Formulario 1(c)



OFICINA DE GERENCIA Y PRESUPUESTO
ESTADO LIBRE ASOCIADO DE PUERTO RICO

Demandas con Sentencias
Año Fiscal 2013-14 vs. 2014-15
(en miles dólares)

| 042 | Departamento de Transportación y Obras Públicas (DTOP) |
|---|---|

| N/A | DTOP KAC 2015-0021 | Jeanneta Almánzar Pérez y Otros | DTOP | Pleito de Clase. Reclamación de empleados por ajuste salario mínimo federal. | Sí | Sí | 46,550,651 | | 46,550,651 |
| N/A | DTOP KAC1106-487 | Juan Pérez Colón y Otros | DTOP | Reclamación de salario mínimo federal El monto total de la demanda asciende a $13,650,694.48 hasta el 30 de junio de 2015. De estos, resta por pagar $1,444,424.94 los cuales corresponden a los salarios dejados de percibir, beneficios marginales y honorarios desde el 1 de junio de 2010 hasta el 30 de junio de 2014 y $293,850.27 para cubrir los ajustes del sueldos de los demandantes en el año presupuestario 2015 de los cuales $1,036,827.19 corresponden al Fondo General. El ajuste en sueldo evitará que la deuda continúe y tendrá además el pago de honorarios. Los fondos solicitados en total ascienden a 1,740,275.21, incluye un 25% para el pago de honorarios de las abogados de la parte demandante. (No incluye salarios de los empleados irregulares) Dicha demanda se originó el 21 de noviembre de 1990 por empleados del DTOP. El 7 de mayo de 2007, el Tribunal de Primera Instancia dictó sentencia y ordenó el pago. | Sí | Sí | 1,740,275 | | 1,740,275 |
| N/A | DTOP KAC 2006-4573 | Desbeg Build, S.E. | DTOP | Incumplimiento de Contrato y Cesró de Obras. Reclamación contratista litigación de cesión de Urbanismo de DTOP subasta Núm. 03-031 "Remodelación de la Plaza de Recreo del Municipio de Coamo". Caso tiene sentencia pero está pendiente el pago de las costas de litigio. | Sí | Sí | 537,385 | | 537,385 |



 OGP

OFICINA DE GERENCIA Y PRESUPUESTO
ESTADO LIBRE ASOCIADO DE PUERTO RICO

Demandas con Sentencias
Año Fiscal 2013-14 vs. 2014-15
(en miles dólares)

Formula (b)

| 049 | Departamento de Transportación y Obras Públicas (DTOP) | | | | | | | |

| N/A | DTOP CC 2009-0865 | Félix Carabullo Ortiz | DTOP | Destitución. Empleado destituido por alegada negligencia en el deber. El DTOP lo tuvo que restituir en el antiguo luego de determinación del Tribunal Supremo. Falta realizar: el pago retroactivo de los haberes dejados de percibir desde la fecha de su separación por destitución a la fecha y los beneficios marginales, aumentos de sueldo, licencias, vacaciones hasta la fecha de reinstalación. | SI | SI | $674,104 | 674,104 |
| N/A | DTOP KAC 2009-1191 | Cedro Business Enterprises, Inc. | DTOP | Expropiación a lo inversa. Expropiación a la Justa Propiedad afectada por la construcción de un centro comunal en la comunidad Calzano Saborido en Santurce, Puerto Rico. | SI | SI | 151,100 | 151,100 |
| N/A | KAC 2009-1954 | Ramiro Rodríguez Ramos | DTOP | Cobro de Dinero. Demandante alega ofreció servicios profesionales los cuales no han sido pagados. | No | No | 45,408 | 45,408 |
| N/A | KAC 2012-0052 | Oljalko Quiterra, Inc | DTOP | Incumplimiento de Contrato y Cobro de Dinero. Contratista proyecto Directoría de Urbanización, "Estacionamiento Municipio Barranquitas", alega se le adeuda dinero por "expanded overhead" y retención. | No | No | 500,000 | 500,000 |
| N/A | DcC 2007-0199 | Professional Technologies | DTOP | Cobro de Dinero. Sub-contratista de Epilenia Contractors en trabajos efectuados en Proyecto 03-046 Soterrado Eléctrico en Municipio de Toa Baja. | No | No | 500,000 | 500,000 |
| N/A | ISCI 2006-07205 | Sucn. Efraín Colón Torres | DTOP | Incumplimiento de Contrato y Daños y Perjuicios. Demandantes alegan que su propiedad fue incautada sin justa compensación, todo como parte de la construcción del Proyecto del Estacionamiento de Barranquitas de la Directoría de Urbanización. | No | No | 1,550,000 | 1,550,000 |
| N/A | OGP 2023-0250 | César R. Otero Arrazaga | DTOP | Demandante alega que fue removida ilegalmente y discriminatoriamente de su posición dejando de percibir salarios. | No | No | 250,000 | 250,000 |

Case 17-03283-LTS   Doc#:18783   Filed:09/25/18   Desc:Main Document   Page 28 of 90



OFICINA DE GERENCIA Y PRESUPUESTO
ESTADO LIBRE ASOCIADO DE PUERTO RICO

Demandas con Sentencias
Año Fiscal 2018-19 vs. 2014-15
(en miles dólares)

| 040 | Departamento de Transportación y Obras Públicas (DTOP) |
|---|---|

| V/A | XAC 2004-0656 | Navaro Construction, Corp | DTOP | Pendiente de esbaba Arbitraje ordenado por el Tribunal. Caso se relaciona con proyecto de la Dirección de Urbanismo "Viviendas Unifamiliares y Reconstrucción Estructuras Centro Urbano de Guayama". | No | No | 5,000,000 | | 5,000,000 |
|---|---|---|---|---|---|---|---|---|---|
| | | | | Total | | | 31,147,742 | | 31,147,742 |

Notas:
1) La Agencia deberá someter ajustamiento para cada demanda en la que ya se haya dictado sentencia y requiera pago.
2) Explicación: Incluir descripción breve del caso y justificación para la solicitud de fondos a la OGP.
3) Se requiere copia de la determinación del Tribunal.

Preparado por:                                                Revisado Por:

Enid Feliciano Collazo                                       Alba Alvarado López de León
Directora Oficina de Presupuesto y Finanzas                 Asesora Legal Interina
Nombre y Título de Funcionario                              Nombre y Título de Funcionario

7 de febrero de 2014                                        7 de febrero de 2014
Fecha                                                       Fecha

Certifico correcto:

Ing. Miguel A. Torres Díaz, Secretario
Jefe de Agencia

7 de febrero de 2014
Fecha



OFICINA DE GERENCIA Y PRESUPUESTO
ESTADO LIBRE ASOCIADO DE PUERTO RICO

Demandas con Sentencias
Año Fiscal 2012-13 vs. 2013-14
(en miles dólares)

Fenecidas (d)

| | DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS (DTOP) |
|---|---|
| 040 | |

| | | | | |
|---|---|---|---|---|
| **Juan Pérez Colón vs ELA (Caso Civil Núm. KAC 1990-0467 (803))** | Tipo de Demanda "Salarios y Sentencia Declaratoria". Reclamación de 324 empleados de DTOP por concepto de salario mínimo federal. El monto total de la demanda asciende a $11,952,879.25 hasta el 30 de junio de 2014, sin incluir las cuantías adeudadas a 15 empleados irregulares. De éstos, $10,579,552.04 han sido pagados a los demandantes, dejando un balance pendiente de $1,083,318.71, correspondientes a los salarios dejados de percibir y beneficios marginales hasta el 30 de junio de 2013, y $203,928.51 para cubrir los ajustes en sueldo de los demandantes en el año presupuestario 2014. Dicha demanda se originó el 21 de noviembre de 1990 y el 7 de mayo de 2007, el Tribunal de Primera Instancia de San Juan dictó sentencia y ordenó el pago. | 1,376,847 | | 1,376,847 |
| **Jeannette Abrahams Díaz Cuso y Otros vs DTOP (Caso Civil Núm. KAC 2009-5021)** | Tipo de Demanda "Salarios y Sentencia Declaratoria". Reclamación de 3,047 empleados de DTOP por concepto de salario mínimo federal. El monto total de la demanda asciende a $39,789,426.86 hasta el 30 de junio de 2014. De éstos, $38,622,552.98 corresponden a los salarios dejados de percibir y beneficios marginales hasta el 30 de junio de 2013 y $1,166,872.92 para cubrir los ajustes de sueldos de los demandantes en el año presupuestario 2014. | 39,789,427 | | 39,789,427 |
| **Ramiro Rodríguez Ramos (Caso KAC 2009-1519)** | Tipo de Demanda "Cobro de Dinero". Demandante alega ofreció servicios profesionales los cuales no han sido pagados. | 46,408 | | 46,408 |



OFICINA DE GERENCIA Y PRESUPUESTO
ESTADO LIBRE ASOCIADO DE PUERTO RICO

Demandas con Sentencias
Año Fiscal 2012-13 vs. 2016-14
(en miles dólares)

| (169) | DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS (DTOP) |
|---|---|

| | | | | |
|---|---|---|---|---|
| Best Work Construction vs DTOP [KAC 2012-0662] | Tipo de Demanda "Incumplimiento de Contrato, Daños por Incumplimiento y Cobro de Dinero". La parte demandante está cumpliendo el pago por los trabajos realizados en 16 proyectos de la Directoría de Desarrollo Comunitario se encuentran en el descubrimiento de prueba. | 1,357,609 | | 1,357,600 |
| Design Build, S.E. vs DTOP [KAC 2006-4578] | Tipo de Demanda "Incumplimiento de Contrato y Cobro de Dinero". Reclamación contratista Directoría de Urbanismo del DTOP, Subasta Núm. 03-051 "Remodelación de la Plaza de Recreo del Municipio de Coamo". Caso tiene sentencia emitida y pagada, está pendiente las costas del litigio. | 197,555 | | 197,555 |
| Boyley Construction Group vs DTOP [KCD 2006-2102] | Tipo de Demanda "Cobro de Dinero". Reclamación de pago por trabajos realizados en la Bartiada Obrera en Fajardo, Comunidades Especiales [Desarrollo Comunitario]. El demandante hizo oferta por $228,247.40 para transigir por Estipulación. | 276,289 | | 276,289 |
| Dumasca vs ELA [KAC 2006-6883] | Tipo de Demanda "Incumplimiento de Contrato". Proyecto del Soterrado de Infraestructura, mejoras a calles, aceras y mobiliario urbano fase I- Municipio de San Lorenzo, Juicio celebrado el 29 y 30 de octubre de 2012; pendiente bajo sentencia. | 2,007,840 | | 2,007,840 |
| Quality Outcome, Inc [KAC 2011-0662] | Tipo de Demanda "Incumplimiento de Contrato - Cobro de Dinero". Contratista proyecto Directoría de Urbanismo, "Estacionamiento Municipio Barranquitas", alega se le adeuda dinero por "Extended Overhead" y retenido. | 783,953 | | 783,953 |

Formulario (2)

Revisado: Enero 2019



ESTADO LIBRE ASOCIADO DE
P U E R T O   R I C O
Departamento de Transportación
y Obras Públicas

## DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS (DTOP)
### Plan de Pago conforme a la Ley Núm. 66-2014
Año Fiscal 2018

**IMPACTO PRESUPUESTARIO - CASO CIVIL: CASO CIVIL NÚM. 001-187 (905) JUAN PÉREZ COLÓN Y OTROS VS. DTOP**

| Cantidad Empleados | Sueldo Actual Nominal | Sueldo Presupuesto Nominal | Diferencia (Sueld del Acuerdo) | Período Devengado (1 julio al 30 junio hasta el cierre del año 2018) | Subtotal Sueldo | Aportaciones Patronales 12% (7.65%) | 18% (9.60%) | Retiro Principal (11.275%) | Subtotal Aportaciones Patronales | Gran Total | Diferencia (2016) | Gran Total al cierre |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 125 | $ 242,696.06 | $ 261,844.03 | $ 19,218.03 | BC | 1,126,844.11 | 86,867.92 | 78,457.20 | 120,986.72 | 1,286,169.74 | 1,488,093.74 | 864,004.41 | 1,976,093.18 |
| 125 | $ 242,696.06 | $ 216,144.03 | $ 19,846.03 | 12 | 145,255.75 | 17,761.46 | 18,091.44 | 25,146.12 | 209,173.41 | 209,173.41 | 108,777.48 | |
| 31 | $ 492,194.03 | $ 524,003.03 | $ 88,888.03 | 71 | 1,316,864.00 | 104,866.78 | 90,548.61 | 146,404.45 | 1,794,309.77 | 1,794,309.77 | 864,004.41 | 2,110,214.24 |

(1) Sueldos Dejados de Pagar (1 de julio de 2015 hasta el 30 de junio de 2016)
(2) Ajuste de Sueldos Año Fiscal (2016)

**PLAN DE PAGO - CASO CIVIL: CASO CIVIL NÚM. 001-187 (905) JUAN PÉREZ COLÓN Y OTROS VS. DTOP**
**Terminación 5 años**

| Concepto | Año Fiscal 2017 | Año Fiscal 2018 | Año Fiscal 2019 | Año Fiscal 2020 | Año Fiscal 2021 | Final Total |
|---|---|---|---|---|---|---|
| Ajuste en Sueldo (1 de julio de 2015) | 246,192.09 | $ - | $ - | $ - | $ - | 398,172.02 |
| Salario Dejado de Pagar | $ - | 242,672.29 | 242,672.29 | 242,672.29 | 242,672.29 | 1,456,033.74 |
| Aportaciones 28% | $ 32,601.21 | 52,001.21 | 52,601.21 | 51,001.21 | 52,601.21 | 32,001.21 | 52,601.01 | 864,028.77 |
| $ 290,173.24 | 293,673.50 | 294,673.50 | 294,673.50 | 296,873.50 | 398,873.50 | 2,110,234.74 |

1/2018 Año Fiscal

Certifico correcto:

_____
Evis Valentín Colón
Directora
Oficina de Presupuesto y Finanzas

DTOP
JUAN PÉREZ COLÓN Y OTROS VS. DTOP
CIVIL #KAC-90-487 (905)
DEUDA SALARIOS DEJADOS DE PERCIBIR PERIODO 1 DE JULIO DE 2010 HASTA EL 30 DE JUNIO DE 2015



| Nombre | Seguro Social | Sueldo Actual | Sueldo Propuesto | Diferencia | Por Año Fiscal | SubTotal | Aportaciones Patronales (1) | Total | Ubicación |
|---|---|---|---|---|---|---|---|---|---|
| MELENDEZ FONSECA, ANTONIO* | | $ 1,982.00 | $ 2,182.00 | $ 200.00 | 5C | $ 12,000.00 | $ 3,051.00 | $ 15,051.00 | ACERVO |
| MELENDEZ RIVERA, MIGUEL* | | $ 1,921.00 | $ 2,201.00 | $ 280.00 | 60 | $ 16,800.00 | $ 4,271.40 | $ 21,071.40 | ACERVO |
| PEREZ RIVERA, ANTONIO* | | $ 1,910.00 | $ 2,120.00 | $ 210.00 | 80 | $ 12,600.00 | $ 3,203.55 | $ 15,803.55 | ACERVO |
| **SUBTOTAL** | | $ 5,813.00 | $ 6,503.00 | $ 690.00 | | $ 41,400.00 | $ 10,525.95 | $ 51,925.95 | |
| AGOSTO MENDEZ, WANDA E* | | $ 2,014.00 | $ 2,214.00 | $ 200.00 | 60 | $ 12,000.00 | $ 3,051.00 | $ 15,051.00 | DISCO |
| APONTE MALDONADO, CARMEN F* | | $ 1,991.00 | $ 2,201.00 | $ 210.00 | 60 | $ 12,600.00 | $ 3,203.55 | $ 15,803.55 | DISCO |
| BINET ZAPATA, ALFREDO* | | $ 1,900.00 | $ 2,200.00 | $ 300.00 | 60 | $ 18,000.00 | $ 4,576.50 | $ 22,576.50 | DISCO |
| COLLAZO RODRIGUEZ, NELIDA* | | $ 1,921.00 | $ 2,201.00 | $ 280.00 | 60 | $ 16,800.00 | $ 4,271.40 | $ 21,071.40 | DISCO |
| ESCUDERO DE JESÚS, RAMÓN* | | $ 2,031.00 | $ 2,241.00 | $ 210.00 | 60 | $ 12,600.00 | $ 3,203.55 | $ 15,803.55 | DISCO |
| GALLEGO QUIÑONES, PEDRO J* | | $ 1,900.00 | $ 2,000.00 | $ 100.00 | 50 | $ 6,800.00 | $ 1,525.50 | $ 7,825.50 | DISCO |
| NIEVES MELENDEZ, MARISOL* | | $ 2,184.00 | $ 2,384.00 | $ 200.00 | 80 | $ 12,000.00 | $ 3,051.00 | $ 15,051.00 | DISCO |
| RICHARD PEREZ, JOSÉ L* | | $ 1,925.00 | $ 1,975.00 | $ 50.00 | 80 | $ 3,000.00 | $ 762.75 | $ 3,762.75 | DISCO |
| SERRALLES SANTIAGO, GILBERTO* | | $ 1,825.00 | $ 2,075.00 | $ 250.00 | 60 | $ 15,000.00 | $ 3,813.75 | $ 18,813.75 | DISCO |
| **SUBTOTAL** | | $ 17,571.00 | $ 19,471.00 | $ 1,900.00 | | $ 108,000.00 | $ 27,459.00 | $ 135,459.00 | |
| FELICIANO FIGUEROA, JOSE A* | | $ 1,850.00 | $ 1,950.00 | $ 100.00 | 60 | $ 6,000.00 | $ 1,525.50 | $ 7,525.50 | OF. CENTRAL |
| FELICIANO ORTEGA, PEDRO A* | | $ 1,890.00 | $ 1,940.00 | $ 50.00 | 60 | $ 3,000.00 | $ 762.75 | $ 3,762.75 | OF. CENTRAL |
| GEIGEL ANDINO, MARÍA V* | | $ 2,648.00 | $ 3,098.00 | $ 450.00 | 60 | $ 27,000.00 | $ 6,864.75 | $ 33,864.75 | OF. CENTRAL |
| GONZALEZ CADIZ, RAFAEL* | | $ 1,882.00 | $ 1,982.00 | $ 100.00 | 80 | $ 6,000.00 | $ 1,525.50 | $ 7,525.50 | OF. CENTRAL |
| GONZÁLEZ MOLINA, CIPRIAN* | | $ 1,890.00 | $ 1,990.00 | $ 100.00 | 60 | $ 6,900.00 | $ 1,525.50 | $ 7,525.50 | OF. CENTRAL |
| HERRERA MILLAN, JOSE D* | | $ 1,910.00 | $ 1,980.00 | $ 70.00 | 60 | $ 4,200.00 | $ 1,067.85 | $ 5,267.85 | OF. CENTRAL |
| HUERTAS BURGOS, GREGORIO* | | $ 1,890.00 | $ 1,940.00 | $ 50.00 | 90 | $ 3,000.00 | $ 762.75 | $ 3,762.75 | OF. CENTRAL |
| MARCANO RIVERA, SANTOS* | | $ 1,972.00 | $ 2,182.00 | $ 210.00 | 60 | $ 12,600.00 | $ 3,203.55 | $ 15,803.55 | OF. CENTRAL |
| MERCED LOPEZ, JOSE E* | | $ 2,032.00 | $ 2,182.00 | $ 150.00 | 60 | $ 9,000.00 | $ 2,288.25 | $ 11,288.25 | OF. CENTRAL |
| MONTES PAGÁN, PEDRO* | | $ 1,940.00 | $ 2,140.00 | $ 200.00 | 80 | $ 12,000.00 | $ 3,051.00 | $ 15,051.00 | OF. CENTRAL |
| REYES CAMACHO, ENRIQUE* | | $ 1,890.00 | $ 1,940.00 | $ 50.00 | 60 | $ 3,000.00 | $ 762.75 | $ 3,762.75 | OF. CENTRAL |
| RIVERA CLEMENTE, FELIX* | | $ 1,960.00 | $ 2,035.00 | $ 75.00 | 60 | $ 4,500.00 | $ 1,144.13 | $ 5,644.13 | OF. CENTRAL |
| RODRIGUEZ CONCEPCION, ANDRES* | | $ 2,364.00 | $ 2,664.00 | $ 300.00 | 60 | $ 18,000.00 | $ 4,576.50 | $ 22,576.50 | OF. CENTRAL |
| ROMAN VISCARRONDO, CARLOS R* | | $ 1,960.00 | $ 2,110.00 | $ 160.00 | 60 | $ 9,000.00 | $ 2,288.25 | $ 11,288.25 | OF. CENTRAL |
| ABRIL VELEZ, BENNY* | | $ 1,921.00 | $ 1,991.00 | $ 70.00 | 60 | $ 4,200.00 | $ 1,067.85 | $ 5,267.85 | REG. AGUAD. |
| MERCADO RIVERA, FRANCISCO* | | $ 1,921.00 | $ 2,271.00 | $ 350.00 | 60 | $ 21,000.00 | $ 5,335.25 | $ 26,339.25 | REG. AGUAD. |
| ADORNO OJEDA, AGUSTIN* | | $ 1,882.00 | $ 1,982.00 | $ 100.00 | 50 | $ 6,000.00 | $ 1,525.50 | $ 7,525.50 | REG. ARE. |
| AYALA ROSA, LUIS* | | $ 1,975.00 | $ 2,125.00 | $ 150.00 | 60 | $ 9,000.00 | $ 2,288.25 | $ 11,288.25 | REG. ARE. |
| CANDELARIO PEREZ, AMMAYAR* | | $ 1,740.00 | $ 1,790.00 | $ 50.00 | 60 | $ 3,000.00 | $ 762.75 | $ 3,762.75 | REG. ARE. |
| COLON RODRIGUEZ, EFRAIN* | | $ 1,875.00 | $ 2,025.00 | $ 150.00 | 60 | $ 9,000.00 | $ 2,288.25 | $ 11,288.25 | REG. ARE. |
| CONCEPCION VILLALOBOS, ERNESTO E. | | $ 2,408.00 | $ 2,608.00 | $ 200.00 | 60 | $ 12,000.00 | $ 3,051.00 | $ 15,051.00 | REG. ARE. |
| DELGADO GIRAL, JOSE G* | | $ 1,882.00 | $ 2,032.00 | $ 150.00 | 60 | $ 9,000.00 | $ 2,288.25 | $ 11,288.25 | REG. ARE. |
| FALCONI ROSA, ROSANELL* | | $ 1,875.00 | $ 2,025.00 | $ 150.00 | 60 | $ 9,000.00 | $ 2,288.25 | $ 11,288.25 | REG. ARE. |
| GIRONA ESCREBANO, PABLO* | | $ 1,850.00 | $ 1,950.00 | $ 100.00 | 60 | $ 6,800.00 | $ 1,525.50 | $ 7,525.50 | REG. ARE. |
| GONZÁLEZ ANDUJAR, ARMANDO* | | $ 2,010.00 | $ 2,235.00 | $ 225.00 | 60 | $ 13,500.00 | $ 3,432.38 | $ 16,932.38 | REG. ARE. |
| JIMENEZ ENRIQUEZ, FERNANDO J* | | $ 2,158.00 | $ 2,458.00 | $ 300.00 | 60 | $ 18,000.00 | $ 4,576.50 | $ 22,576.50 | REG. ARE. |
| MATOS ARROYO, JUAN R* | | $ 1,932.00 | $ 2,182.00 | $ 250.00 | 80 | $ 15,000.00 | $ 3,813.75 | $ 18,813.75 | REG. ARE. |

1

**DTOP**
**JUAN PÉREZ COLÓN Y OTROS VS. DTOP**
**CIVIL #KAC-90-487 (905)**
**DEUDA SALARIOS DEJADOS DE PERCIBIR PERIODO 1 DE JULIO DE 2010 HASTA EL 30 DE JUNIO DE 2015**



| Nombre | Seguro Social | Sueldo Actual | Sueldo Propuesto | Diferencia | Por Año Fiscal | SubTotal | Aportaciones Patronales (1) | Total | Ubicación |
|---|---|---|---|---|---|---|---|---|---|
| MELENDEZ MELENDEZ, JOSÉ L* | | $ 1,882.00 | $ 2,032.00 | $ 150.00 | 60 | $ 9,000.00 | $ 2,288.25 | $ 11,288.25 | REG. ARE |
| NIEVES RIVERA, RAFAEL * | | $ 2,264.00 | $ 2,364.00 | $ 100.00 | 60 | $ 6,000.00 | $ 1,525.50 | $ 7,525.50 | REG. ARE |
| ORTIZ DE JESÚS, AIDA* | | $ 1,980.00 | $ 2,260.00 | $ 280.00 | 60 | $ 16,800.00 | $ 4,271.40 | $ 21,071.40 | REG. ARE |
| PANZO ORTIZ, MIGUE..* | | $ 2,014.00 | $ 2,214.00 | $ 200.00 | 50 | $ 12,000.00 | $ 3,051.00 | $ 15,051.00 | REG. ARE |
| PERDOMO ORTIZ, MIGUE..* | | $ 2,464.00 | $ 2,564.00 | $ 100.00 | 60 | $ 6,000.00 | $ 1,525.50 | $ 7,525.50 | REG. ARE |
| REYES SIERRA, JULIO E* | | $ 1,932.00 | $ 2,132.00 | $ 200.00 | 50 | $ 12,000.00 | $ 3,051.00 | $ 15,051.00 | REG. ARE |
| RIVERA RIOS, RAFAEL* | | $ 1,825.00 | $ 2,025.00 | $ 200.00 | 50 | $ 12,000.00 | $ 3,051.00 | $ 15,051.00 | REG. ARE |
| ROBLES OTERO, LUIS* | | $ 1,932.00 | $ 2,032.00 | $ 100.00 | 60 | $ 6,000.00 | $ 1,525.50 | $ 7,525.50 | REG. ARE |
| RODRIGUEZ MAYSONET, FELIX* | | $ 1,925.00 | $ 2,025.00 | $ 100.00 | 60 | $ 6,000.00 | $ 1,525.50 | $ 7,525.50 | REG. ARE |
| RUIZ ROSARIO, OWEN A* | | $ 2,008.00 | $ 2,110.00 | $ 102.00 | 60 | $ 6,120.00 | $ 1,556.01 | $ 7,676.01 | REG. ARE |
| SANCHEZ RODRIGUEZ, HÉCTOR R* | | $ 1,890.00 | $ 2,040.00 | $ 150.00 | 60 | $ 9,000.00 | $ 2,288.25 | $ 11,288.25 | REG. ARE |
| VELEZ RAMOS, DOMINGO* | | $ 1,875.00 | $ 2,125.00 | $ 250.00 | 60 | $ 15,000.00 | $ 3,813.75 | $ 18,813.75 | REG. ARE |
| VERGARA MONTY, LUIS E* | | $ 1,882.00 | $ 2,032.00 | $ 150.00 | 60 | $ 9,000.00 | $ 2,288.25 | $ 11,288.25 | REG. ARE |
| ALCEA DEVARIE, JOSE R* | | $ 1,921.00 | $ 2,061.00 | $ 140.00 | 60 | $ 8,400.00 | $ 2,135.70 | $ 10,535.70 | REG. GUAY. |
| ALCEA LAZZU, LUIS E* | | $ 2,180.00 | $ 2,235.00 | $ 75.00 | 60 | $ 4,500.00 | $ 1,144.13 | $ 5,644.13 | REG. GUAY. |
| ALCEA MARTINEZ, FRANCISCO* | | $ 2,085.00 | $ 2,235.00 | $ 150.00 | 60 | $ 9,000.00 | $ 2,288.25 | $ 11,288.25 | REG. GUAY. |
| APONTE DONES, CARMEN N* | | $ 1,975.00 | $ 2,125.00 | $ 150.00 | 60 | $ 9,000.00 | $ 2,288.25 | $ 11,288.25 | REG. GUAY. |
| BELTRAN MORALES, FLOR* | | $ 1,850.00 | $ 2,000.00 | $ 150.00 | 60 | $ 9,000.00 | $ 2,288.25 | $ 11,288.25 | REG. GUAY. |
| BERRIOS ORTIZ, ALFREDO* | | $ 1,850.00 | $ 2,000.00 | $ 150.00 | 60 | $ 9,000.00 | $ 2,288.25 | $ 11,288.25 | REG. GUAY. |
| BERRIOS ORTIZ, JOSÉ M* | | $ 1,850.00 | $ 2,000.00 | $ 150.00 | 60 | $ 9,000.00 | $ 2,288.25 | $ 11,288.25 | REG. GUAY. |
| CINTRON RIVERA, LUIS A* | | $ 1,890.00 | $ 2,025.00 | $ 135.00 | 60 | $ 8,100.00 | $ 2,059.43 | $ 10,159.43 | REG. GUAY. |
| COLON BEVERAGGI, ROSA E* | | $ 1,972.00 | $ 2,182.00 | $ 210.00 | 60 | $ 12,600.00 | $ 3,203.60 | $ 15,803.55 | REG. GUAY. |
| CRUZ SANABRIA, MARIA E* | | $ 1,972.00 | $ 2,322.00 | $ 350.00 | 60 | $ 21,000.00 | $ 5,339.25 | $ 26,339.25 | REG. GUAY. |
| DE JESÚS RIVERA, ANGEL V* | | $ 1,914.00 | $ 2,214.00 | $ 300.00 | 60 | $ 18,000.00 | $ 4,576.50 | $ 22,576.50 | REG. GUAY. |
| MARQUEZ MARQUEZ, JOSÉ A* | | $ 1,850.00 | $ 2,000.00 | $ 150.00 | 60 | $ 9,000.00 | $ 2,288.25 | $ 11,288.25 | REG. GUAY. |
| MELÉNDEZ SANTIAGO, ORLANDO* | | $ 1,991.00 | $ 2,131.00 | $ 140.00 | 60 | $ 8,400.00 | $ 2,135.70 | $ 10,535.70 | REG. GUAY. |
| RIVERA CRUZ, ZORA DA* | | $ 1,921.00 | $ 2,201.00 | $ 280.00 | 60 | $ 16,800.00 | $ 4,271.40 | $ 21,071.40 | REG. GUAY. |
| RODRIGUEZ ORTIZ, JOSE R* | | $ 2,264.00 | $ 2,584.00 | $ 300.00 | 60 | $ 18,000.00 | $ 4,576.50 | $ 22,576.50 | REG. GUAY. |
| RODRIGUEZ PAGAN, ALEJANDRO* | | $ 1,875.00 | $ 2,025.00 | $ 150.00 | 60 | $ 9,000.00 | $ 2,288.25 | $ 11,288.25 | REG. GUAY. |
| VALDIVIESO SUAREZ, KERMITH J* | | $ 2,158.00 | $ 2,258.00 | $ 100.00 | 60 | $ 6,000.00 | $ 1,525.50 | $ 7,525.50 | REG. GUAY. |
| YERA SANTIAGO, LILLIAM* | | $ 2,158.00 | $ 2,258.00 | $ 100.00 | 60 | $ 6,000.00 | $ 1,525.50 | $ 7,525.50 | REG. GUAY. |
| BURGOS SERRANO, HECTOR* | | $ 1,825.00 | $ 1,975.00 | $ 150.00 | 60 | $ 9,000.00 | $ 2,288.25 | $ 11,288.25 | REG. HUM. |
| COLON FELIX, MARIANO* | | $ 1,991.00 | $ 2,061.00 | $ 70.00 | 60 | $ 4,200.00 | $ 1,067.85 | $ 5,267.85 | REG. HUM. |
| TIRADO RIVERA, EUGENIO* | | $ 2,184.00 | $ 2,364.00 | $ 200.00 | 60 | $ 12,000.00 | $ 3,051.00 | $ 15,051.00 | REG. HUM. |
| ANDUJAR MATOS, VICTOR M* | | $ 2,010.00 | $ 2,235.00 | $ 225.00 | 60 | $ 13,500.00 | $ 3,432.38 | $ 16,932.38 | REG. MAY. |
| BÁEZ LUCIANO, PEDRO J* | | $ 2,414.00 | $ 2,514.00 | $ 100.00 | 60 | $ 6,000.00 | $ 1,525.50 | $ 7,525.50 | REG. MAY. |
| BERRIOS SÁNCHEZ, NESTOR* | | $ 2,010.00 | $ 2,310.00 | $ 300.00 | 60 | $ 18,000.00 | $ 4,576.50 | $ 22,576.50 | REG. MAY. |
| RODRIGUEZ CORDERO, RAMÓN R* | | $ 1,875.00 | $ 2,025.00 | $ 150.00 | 60 | $ 9,000.00 | $ 2,288.25 | $ 11,288.25 | REG. MAY. |
| VEGA BAEZ, TOMAS* | | $ 2,010.00 | $ 2,235.00 | $ 225.00 | 60 | $ 13,500.00 | $ 3,432.58 | $ 16,932.38 | REG. MAY. |
| APONTE COLÓN, RAMON* | | $ 2,085.00 | $ 2,160.00 | $ 75.00 | 60 | $ 4,500.00 | $ 1,144.13 | $ 5,644.13 | REG. MAY. |
| BÁEZ GUTIERREZ, FELIPE* | | $ 1,972.00 | $ 2,042.00 | $ 70.00 | 60 | $ 4,200.00 | $ 1,067.85 | $ 5,267.85 | REG. PON. |

DTOP
JUAN PÉREZ COLÓN Y OTROS VS. DTOP
CIVIL #KAC-90-487 (905)
DEUDA SALARIOS DEJADOS DE PERCIBIR PERIODO 1 DE JULIO DE 2010 HASTA EL 30 DE JUNIO DE 2015



| Nombre | Seguro Social | Sueldo Actual | Sueldo Propuesto | Diferencia | Por Año Fiscal | SubTotal | Aportaciones Patronales (1) | Total | Ubicación |
|---|---|---|---|---|---|---|---|---|---|
| BORRERO GARCÍA, CARLOS* | | $ 1,921.00 | $ 1,991.00 | $ 70.00 | 60 | $ 4,200.00 | $ 1,067.85 | $ 5,267.85 | REG. PON. |
| BULTED FIGUEROA, ANIBAL* | | $ 1,850.00 | $ 1,950.00 | $ 100.00 | 60 | $ 6,000.00 | $ 1,525.50 | $ 7,525.50 | REG. PON. |
| CHAMORRO GALLEGO, JULIO E* | | $ 1,950.00 | $ 2,000.00 | $ 50.00 | 60 | $ 3,000.00 | $ 762.75 | $ 3,762.75 | REG. PON. |
| COLON GALLEGO, ALBERTO* | | $ 2,085.00 | $ 2,235.00 | $ 150.00 | 60 | $ 9,000.00 | $ 2,288.25 | $ 11,288.25 | REG. PON. |
| MARTINEZ PANETO, FRANCISCO* | | $ 1,982.00 | $ 2,032.00 | $ 50.00 | 60 | $ 3,000.00 | $ 762.75 | $ 3,762.75 | REG. PON. |
| RIVERA RIVERA, LUIS A* | | $ 1,990.00 | $ 2,050.00 | $ 60.00 | 60 | $ 3,600.00 | $ 915.30 | $ 4,515.30 | REG. PON. |
| RIVERA TORRES, NELSON* | | $ 1,890.00 | $ 1,950.00 | $ 60.00 | 60 | $ 3,600.00 | $ 915.30 | $ 4,515.30 | REG. PON. |
| RODRIGUEZ REYES, ORLANDO* | | $ 2,364.00 | $ 2,564.00 | $ 200.00 | 60 | $ 12,000.00 | $ 3,051.00 | $ 15,051.00 | REG. PON. |
| VELAZQUEZ HERNANDEZ, EDW N* | | $ 2,564.00 | $ 2,764.00 | $ 200.00 | 60 | $ 12,000.00 | $ 3,051.00 | $ 15,051.00 | REG. PON. |
| VELAZQUEZ VELAZQUEZ, AMERICO* | | $ 2,010.00 | $ 2,075.00 | $ 65.00 | 60 | $ 3,900.00 | $ 991.58 | $ 4,891.58 | REG. PON. |
| ADORNO AGOSTO, ANDRES* | | $ 1,921.00 | $ 1,991.00 | $ 70.00 | 60 | $ 4,200.00 | $ 1,067.85 | $ 5,267.85 | REG. SJ |
| ADORNO AGOSTO, PABLO* | | $ 1,850.00 | $ 1,950.00 | $ 100.00 | 60 | $ 6,000.00 | $ 1,525.50 | $ 7,525.50 | REG. SJ |
| ADORNO MERCED, WILFREDO* | | $ 2,085.00 | $ 2,160.00 | $ 75.00 | 60 | $ 4,500.00 | $ 1,144.13 | $ 5,644.13 | REG. SJ |
| AGOSTO ROSADO, BIENVENIDO* | | $ 1,882.00 | $ 1,932.00 | $ 50.00 | 60 | $ 3,000.00 | $ 762.75 | $ 3,762.75 | REG. SJ |
| ALGARIN DE AMILL, SONIA* | | $ 1,875.00 | $ 2,025.00 | $ 150.00 | 60 | $ 9,000.00 | $ 2,288.25 | $ 11,288.25 | REG. SJ |
| BORIA CLEMENTE, JULIO* | | $ 1,950.00 | $ 2,100.00 | $ 150.00 | 60 | $ 9,000.00 | $ 2,288.25 | $ 11,288.25 | REG. SJ |
| CABAN DEYNES, DAVID* | | $ 1,921.00 | $ 1,991.00 | $ 70.00 | 60 | $ 4,200.00 | $ 1,067.85 | $ 5,267.85 | REG. SJ |
| CAMACHO BENITEZ, JOSÉ R* | | $ 1,850.00 | $ 2,050.00 | $ 200.00 | 60 | $ 12,000.00 | $ 3,051.00 | $ 15,051.00 | REG. SJ |
| CARMONA RIVERA, CATALINO* | | $ 2,010.00 | $ 2,085.00 | $ 75.00 | 60 | $ 4,500.00 | $ 1,144.13 | $ 5,644.13 | REG. SJ |
| CINTRON REYES, CARLOS* | | $ 1,394.00 | $ 1,465.00 | $ 71.00 | 60 | $ 4,260.00 | $ 1,083.11 | $ 5,343.11 | REG. SJ |
| COLON TORRES, FELIX* | | $ 1,900.00 | $ 2,100.00 | $ 200.00 | 60 | $ 12,000.00 | $ 3,051.00 | $ 15,051.00 | REG. SJ |
| COTTO CLEMENTE, EDUARDO* | | $ 1,850.00 | $ 1,950.00 | $ 100.00 | 60 | $ 6,000.00 | $ 1,525.50 | $ 7,525.50 | REG. SJ |
| CRESPO MARTINEZ, EDWIN* | | $ 1,702.00 | $ 2,102.00 | $ 350.00 | 60 | $ 21,000.00 | $ 5,339.25 | $ 26,339.25 | REG. SJ |
| CRESPO MARTINEZ, TOMÁS* | | $ 1,875.00 | $ 2,025.00 | $ 150.00 | 60 | $ 9,000.00 | $ 2,288.25 | $ 11,288.25 | REG. SJ |
| CRISPIN ROSA, CECILIO* | | $ 2,085.00 | $ 2,310.00 | $ 225.00 | 60 | $ 13,500.00 | $ 3,432.38 | $ 16,932.38 | REG. SJ |
| DE JESUS TRINIDAD, MIGUEL* | | $ 1,950.00 | $ 2,000.00 | $ 50.00 | 60 | $ 3,000.00 | $ 762.75 | $ 3,762.75 | REG. SJ |
| FERNANDEZ REYES, WILFREDO* | | $ 1,882.00 | $ 1,982.00 | $ 100.00 | 60 | $ 6,000.00 | $ 1,525.50 | $ 7,525.50 | REG. SJ |
| HEREDIA BONILLA, MARIA W* | | $ 1,921.00 | $ 2,061.00 | $ 140.00 | 60 | $ 8,400.00 | $ 2,135.70 | $ 10,535.70 | REG. SJ |
| MAISONET NEVAREZ, WILLIAM* | | $ 2,258.00 | $ 2,558.00 | $ 300.00 | 60 | $ 18,000.00 | $ 4,576.50 | $ 22,576.50 | REG. SJ |

3

**DTOP**

**JUAN PÉREZ COLÓN Y OTROS VS. DTOP**

**CIVIL #KAC-90-487 (905)**

**DEUDA SALARIOS DEJADOS DE PERCIBIR PERIODO 1 DE JULIO DE 2010 HASTA EL 30 DE JUNIO DE 2015**

| Nombre | Seguro Social | Sueldo Actual | Sueldo Propuesto | Diferencia | Por Año Fiscal | SubTotal | Aportaciones Patronales (1) | Total | Ubicación |
|---|---|---|---|---|---|---|---|---|---|
| MARIN CRUZ, FRANCISCO* | | $ 1,982.00 | $ 2,082.00 | $ 100.00 | 60 | $ 6,000.00 | $ 1,525.50 | $ 7,525.50 | REG. SJ |
| MARIN QUINTANA, JOSE R* | | $ 1,882.00 | $ 1,982.00 | $ 100.00 | 60 | $ 6,000.00 | $ 1,525.50 | $ 7,525.50 | REG. SJ |
| MEDINA TORRES, MARCELINO* | | $ 1,991.00 | $ 2,201.00 | $ 210.00 | 60 | $ 12,600.00 | $ 3,203.55 | $ 15,803.55 | REG. SJ |
| MILLAN CRUZ, JAVIER* | | $ 2,085.00 | $ 2,175.00 | $ 90.00 | 60 | $ 5,400.00 | $ 1,372.95 | $ 6,772.95 | REG. SJ |
| ORTIZ HERNANDEZ, FRANCISCO* | | $ 2,160.00 | $ 2,310.00 | $ 150.00 | 60 | $ 9,000.00 | $ 2,288.25 | $ 11,288.25 | REG. SJ |
| ORTIZ LANZO, EZEQUIEL* | | $ 1,850.00 | $ 1,950.00 | $ 100.00 | 60 | $ 6,000.00 | $ 1,525.50 | $ 7,525.50 | REG. SJ |
| ORTIZ ORTIZ, OSCAR* | | $ 1,925.00 | $ 2,075.00 | $ 150.00 | 60 | $ 9,000.00 | $ 2,288.25 | $ 11,288.25 | REG. SJ |
| PARRILLA FUENTES, JUAN* | | $ 1,850.00 | $ 2,000.00 | $ 150.00 | 60 | $ 9,000.00 | $ 2,288.25 | $ 11,288.25 | REG. SJ |
| PÉREZ BORIA, LAURA E* | | $ 1,890.00 | $ 2,000.00 | $ 110.00 | 60 | $ 6,600.00 | $ 1,678.05 | $ 8,278.05 | REG. SJ |
| QUIÑONES GONZALEZ, PASCUAL* | | $ 1,850.00 | $ 2,000.00 | $ 160.00 | 60 | $ 9,600.00 | $ 2,288.25 | $ 11,288.25 | REG. SJ |
| SANCHEZ MERCADO, JOSE A* | | $ 1,875.00 | $ 2,125.00 | $ 250.00 | 60 | $ 15,000.00 | $ 3,813.75 | $ 18,813.75 | REG. SJ |
| SANTANA GARCÍA, ALBERTO* | | $ 2,284.00 | $ 2,584.00 | $ 300.00 | 60 | $ 18,000.00 | $ 4,576.50 | $ 22,576.50 | REG. SJ |
| SANTANA MEDINA, JORGE* | | $ 1,851.00 | $ 1,991.00 | $ 140.00 | 60 | $ 8,400.00 | $ 2,135.70 | $ 10,535.70 | REG. SJ |
| VÁZQUEZ BURGOS, FELIX* | | $ 1,850.00 | $ 1,950.00 | $ 100.00 | 60 | $ 6,000.00 | $ 1,525.50 | $ 7,525.50 | REG. SJ |
| **SUBTOTAL** | | $ 219,514.00 | $ 236,372.00 | $ 16,858.00 | | $ 1,011,458.00 | $ 257,158.79 | $ 1,268,548.79 | |
| **TOTAL** | | $ 242,988.00 | $ 262,346.00 | $ 19,348.00 | | $ 1,160,800.00 | $ 295,153.74 | $ 1,456,833.74 | |

Aportaciones Patronales (AF 2011 (22.425%), AF 2012 (24.425%), AF 2013 (25.425%), AF 2014 (26.425%), AF 2015 (27.425%). Se utilizó el promedio de las Aportaciones de Patro 26.425% para calcular consolidado de los años fiscales.

| | | |
|---|---|---|
| **COSTO AJUSTE DE SUELDOS 2014** | **EMPLEADOS ACTIVOS** | $ 1,456,033.74 |
| (1 JULIO 2010 AL 30 JUNIO 2015) | Honorarios (25%) | $ 364,008.44 |
| | **Subtotal** | $ 1,820,042.18 |
| | Ajuste en Sueldo (AF 2015-2016) | $ 298,752.47 |
| | **Gran Total** | $ 2,118,794.64 |

**SALARIOS DEJADOS DE PERCIBIR**

| | |
|---|---|
| ACERVO | $ 51,526.95 |
| DISCO | $ 135,456.00 |
| OFICINA CENTRAL Y REGIONAL (111) | $ 1,268,848.79 |
| | $ 1,456,033.74 |

Datos ofrecidos por la Oficina de Recursos Humanos para el correspondiente cálculo.

Certifico correcto:

_(firma)_  34/VII/2016

Enid Valentín Collazo
Directora
Oficina de Presupuesto y Finanzas
DTOP

4

DTOP
JUAN PÉREZ COLÓN Y OTROS VS. DTOP
CIVIL #KAC-90-487 (905)
CÓMPUTO AJUSTES EN SUELDOS EFECTIVO AL 1 DE JULIO DE 2015 HASTA EL 30 DE JUNIO DE 2016

| Nombre | Seguro Social | Sueldo Actual | Sueldo Propuesto | Diferencia | Por Año Fiscal | SubTotal | Aportaciones Patronales (SS, Retiro y FSE - 7.65%, 14.275% y 6.50%) (78.425%) | Total | Ubicación |
|---|---|---|---|---|---|---|---|---|---|
| MELÉNDEZ FONSECA, ANTONIO* | | $ 1,982.00 | $ 2,182.00 | $ 200.00 | 12 | $ 2,400.00 | $ 682.20 | $ 3,082.20 | ACERVO |
| MELÉNDEZ RIVERA, MIGUEL* | | $ 1,821.00 | $ 2,201.00 | $ 280.00 | 12 | $ 3,360.00 | $ 955.08 | $ 4,315.08 | ACERVO |
| PÉREZ RIVERA, ANTONIO* | | $ 1,910.00 | $ 2,120.00 | $ 210.00 | 12 | $ 2,520.00 | $ 716.31 | $ 3,236.31 | ACERVO |
| **SUBTOTAL** | | **$ 5,813.00** | **$ 6,503.00** | **$ 690.00** | | **$ 8,280.00** | **$ 2,353.69** | **10,633.69** | |
| AGOSTO MÉNDEZ, WANDA E* | | $ 2,014.00 | $ 2,214.00 | $ 200.00 | 12 | $ 2,400.00 | $ 682.20 | $ 3,082.20 | D.SCO |
| APONTE MALDONADO, CARMEN F* | | $ 1,991.00 | $ 2,201.00 | $ 210.00 | 12 | $ 2,520.00 | $ 716.31 | $ 3,236.31 | D.SCO |
| BINET ZAPATA, ALFREDO* | | $ 1,900.00 | $ 2,200.00 | $ 300.00 | 12 | $ 3,600.00 | $ 1,023.30 | $ 4,623.30 | D.SCO |
| COLLAZO RODRÍGUEZ, NELIDA* | | $ 1,921.00 | $ 2,201.00 | $ 280.00 | 12 | $ 3,360.00 | $ 955.08 | $ 4,315.08 | DISCO |
| ESCUDERO DE JESÚS, RAMÓN* | | $ 2,031.00 | $ 2,241.00 | $ 210.00 | 12 | $ 2,520.00 | $ 716.31 | $ 3,236.31 | DISCO |
| GALLEGO QUIÑONES, PEDRO J* | | $ 1,900.00 | $ 2,000.00 | $ 100.00 | 12 | $ 1,200.00 | $ 341.10 | $ 1,541.10 | DISCO |
| NIEVES MELÉNDEZ, MARISOL* | | $ 2,164.00 | $ 2,364.00 | $ 200.00 | 12 | $ 2,400.00 | $ 682.20 | $ 3,082.20 | DISCO |
| RICHARD PÉREZ, JOSÉ L* | | $ 1,925.00 | $ 1,975.00 | $ 50.00 | 12 | $ 600.00 | $ 170.55 | $ 770.55 | DISCO |
| SERRALLES SANTIAGO, GILBERTO* | | $ 1,825.00 | $ 2,075.00 | $ 250.00 | 12 | $ 3,000.00 | $ 852.75 | $ 3,852.75 | DISCO |
| **SUBTOTAL** | | **$ 17,671.00** | **$ 19,471.00** | **$ 1,800.00** | | **$ 21,600.00** | **$ 6,138.80** | **27,738.80** | |
| FELICIANO FIGUEROA, JOSÉ A* | | $ 1,850.00 | $ 1,950.00 | $ 100.00 | 12 | $ 1,200.00 | $ 341.10 | $ 1,541.10 | OF. CENTRAL |
| FELICIANO ORTEGA, PEDRO A* | | $ 1,890.00 | $ 1,940.00 | $ 50.00 | 12 | $ 600.00 | $ 170.55 | $ 770.55 | OF. CENTRAL |
| GEIGEL ANDINO, MARIA V* | | $ 2,648.00 | $ 3,098.00 | $ 450.00 | 12 | $ 5,400.00 | $ 1,534.95 | $ 5,934.95 | OF. CENTRAL |
| GONZÁLEZ CADIZ, RAFAEL* | | $ 1,882.00 | $ 1,982.00 | $ 100.00 | 12 | $ 1,200.00 | $ 341.10 | $ 1,541.10 | OF. CENTRAL |
| GONZÁLEZ MOLINA, C'PRIAN* | | $ 1,890.00 | $ 1,990.00 | $ 100.00 | 12 | $ 1,200.00 | $ 341.10 | $ 1,541.10 | OF. CENTRAL |
| HERRERA MILLAN, JOSÉ D* | | $ 1,910.00 | $ 1,980.00 | $ 70.00 | 12 | $ 840.00 | $ 238.77 | $ 1,078.77 | OF. CENTRAL |
| HUERTAS BURGOS, GREGORIO* | | $ 1,890.00 | $ 1,940.00 | $ 50.00 | 12 | $ 600.00 | $ 170.55 | $ 770.55 | OF. CENTRAL |
| MARCANO RIVERA, SANTOS* | | $ 1,972.00 | $ 2,182.00 | $ 210.00 | 12 | $ 2,520.00 | $ 716.31 | $ 3,236.31 | OF. CENTRAL |
| MERCED LÓPEZ, JOSÉ E* | | $ 2,032.00 | $ 2,182.00 | $ 150.00 | 12 | $ 1,800.00 | $ 511.65 | $ 2,311.65 | OF. CENTRAL |
| MONTES PAGAN, PEDRO* | | $ 1,940.00 | $ 2,140.00 | $ 200.00 | 12 | $ 2,400.00 | $ 682.20 | $ 3,082.20 | OF. CENTRAL |
| REYES CAMACHO, ENRIQUE* | | $ 1,890.00 | $ 1,940.00 | $ 50.00 | 12 | $ 600.00 | $ 170.55 | $ 770.55 | OF. CENTRAL |
| RIVERA CLEMENTE, FÉLIX* | | $ 1,960.00 | $ 2,036.00 | $ 75.00 | 12 | $ 900.00 | $ 255.83 | $ 1,155.83 | OF. CENTRAL |
| RODRÍGUEZ CONCEPCIÓN, ANDRÉS* | | $ 2,364.00 | $ 2,864.00 | $ 500.00 | 12 | $ 3,600.00 | $ 1,023.30 | $ 4,623.30 | OF. CENTRAL |
| ROMAN VISCARRONDO, CARLOS R* | | $ 1,960.00 | $ 2,110.00 | $ 150.00 | 12 | $ 1,800.00 | $ 511.65 | $ 2,311.65 | OF. CENTRAL |
| ABRIL VÉLEZ, BENNY* | | $ 1,921.00 | $ 1,991.00 | $ 70.00 | 12 | $ 840.00 | $ 238.77 | $ 1,078.77 | REG. AGUAD. |
| MERCADO RIVERA, FRANCISCO* | | $ 1,921.00 | $ 2,271.00 | $ 350.00 | 12 | $ 4,200.00 | $ 1,193.85 | $ 5,393.85 | REG. AGUAD. |
| ADORNO OJEDA, AGUSTÍN* | | $ 1,582.00 | $ 1,982.00 | $ 100.00 | 12 | $ 1,200.00 | $ 341.10 | $ 1,541.10 | REG. ARE. |
| AYALA ROSA, LUIS* | | $ 1,975.00 | $ 2,125.00 | $ 150.00 | 12 | $ 1,800.00 | $ 511.65 | $ 2,311.65 | REG. ARE. |
| CANDELARIO PÉREZ, AMMAYAR* | | $ 1,740.00 | $ 1,790.00 | $ 50.00 | 12 | $ 600.00 | $ 170.55 | $ 770.55 | REG. ARF. |
| COLÓN RODRÍGUEZ, EFRAÍN* | | $ 1,875.00 | $ 2,025.00 | $ 150.00 | 12 | $ 1,800.00 | $ 511.65 | $ 2,311.65 | REG. ARE. |
| CONCEPCIÓN VILLALOBOS, ERNESTO E | | $ 2,408.00 | $ 2,608.00 | $ 200.00 | 12 | $ 2,400.00 | $ 682.20 | $ 3,082.20 | REG. ARE. |
| DELGADO GIRAL, JOSÉ G* | | $ 1,882.00 | $ 2,032.00 | $ 150.00 | 12 | $ 1,800.00 | $ 511.65 | $ 2,311.65 | REG. ARE. |
| FALCONI ROSA, ROSANELL* | | $ 1,875.00 | $ 2,025.00 | $ 150.00 | 12 | $ 1,800.00 | $ 511.65 | $ 2,311.65 | REG. ARE. |
| GIRONA ESCRIBANO, PABLO* | | $ 1,850.00 | $ 1,950.00 | $ 100.00 | 12 | $ 1,200.00 | $ 341.10 | $ 1,541.10 | REG. ARE |
| GONZÁLEZ ANDUJAR, ARMANDO* | | $ 2,010.00 | $ 2,235.00 | $ 225.00 | 12 | $ 2,700.00 | $ 767.48 | $ 3,467.48 | REG. ARE. |
| JIMÉNEZ ENRÍQUEZ, FERNANDO J* | | $ 2,158.00 | $ 2,458.00 | $ 300.00 | 12 | $ 3,600.00 | $ 1,023.30 | $ 4,623.30 | REG. ARE. |
| MATOS ARROYO, JUAN R* | | $ 1,932.00 | $ 2,182.00 | $ 250.00 | 12 | $ 3,000.00 | $ 852.75 | $ 3,852.75 | REG. ARE. |



**DTOP**

**JUAN PÉREZ COLÓN Y OTROS VS. DTOP**

CIVIL #KAC-90-487 (905)

CÓMPUTO AJUSTES EN SUELDOS EFECTIVO AL 1 DE JULIO DE 2015 HASTA EL 30 DE JUNIO DE 2016

| Nombre | Seguro Social | Sueldo Actual | Sueldo Propuesto | Diferencia | Por Año Fiscal | SubTotal | Aportaciones Patronales (SS, Retiro y FSE - 7.65%, 14.275% y 6.50% (28.425%)) | Total | Ubicación |
|---|---|---|---|---|---|---|---|---|---|
| MELÉNDEZ MELENDEZ, JOSÉ L* | | $ 1,982.00 | $ 2,032.00 | $ 150.00 | 12 | $ 1,800.00 | $ 511.65 | 2,311.65 | REG. ARE. |
| NIEVES RIVERA, RAFAEL* | | $ 2,264.00 | $ 2,364.00 | $ 100.00 | 12 | $ 1,200.00 | $ 341.10 | 1,541.10 | REG. ARE. |
| ORTIZ DE JESÚS, AIDA* | | $ 1,980.00 | $ 2,260.00 | $ 280.00 | 12 | $ 3,360.00 | $ 955.08 | 4,315.08 | REG. ARE |
| PANIZO VALDERRAMA, JOSÉ A* | | $ 2,014.00 | $ 2,214.00 | $ 200.00 | 12 | $ 2,400.00 | $ 682.20 | 3,082.20 | REG. ARE. |
| PERDOMO ORTIZ, MIGUEL* | | $ 2,484.00 | $ 2,564.00 | $ 100.00 | 12 | $ 1,200.00 | $ 341.10 | 1,541.10 | REG. ARE. |
| REYES SIERRA, JULIO E* | | $ 1,932.00 | $ 2,132.00 | $ 200.00 | 12 | $ 2,400.00 | $ 682.20 | 3,082.20 | REG. ARE. |
| RIVERA RÍOS, RAFAEL* | | $ 1,825.00 | $ 2,025.00 | $ 200.00 | 12 | $ 2,400.00 | $ 682.20 | 3,082.20 | REG. ARE. |
| ROBLES CTERO, LUIS* | | $ 1,932.00 | $ 2,032.00 | $ 100.00 | 12 | $ 1,200.00 | $ 341.10 | 1,541.10 | REG. ARE. |
| RODRÍGUEZ MAYSONET, FÉLIX* | | $ 1,925.00 | $ 2,025.00 | $ 100.00 | 12 | $ 1,200.00 | $ 341.10 | 1,541.10 | REG. ARE. |
| RUIZ ROSARIO, OWEN A* | | $ 2,008.00 | $ 2,110.00 | $ 102.00 | 12 | $ 1,224.00 | $ 347.92 | 1,571.92 | REG. ARE. |
| SÁNCHEZ RODRÍGUEZ, HECTOR R* | | $ 1,890.00 | $ 2,040.00 | $ 150.00 | 12 | $ 1,800.00 | $ 511.65 | 2,311.65 | REG. ARE. |
| VELEZ RAMOS, DOMINGO* | | $ 1,875.00 | $ 2,125.00 | $ 250.00 | 12 | $ 3,000.00 | $ 852.75 | 3,852.75 | REG. ARE |
| VERGARA MONTY, LUIS E* | | $ 1,882.00 | $ 2,032.00 | $ 150.00 | 12 | $ 1,800.00 | $ 511.65 | 2,311.65 | REG. ARE. |
| ALICEA DEVARIE, JOSE R* | | $ 1,921.00 | $ 2,061.00 | $ 140.00 | 12 | $ 1,680.00 | $ 477.54 | 2,157.54 | REG. GUAY. |
| ALICEA LAZZU, LUIS E* | | $ 2,160.00 | $ 2,235.00 | $ 75.00 | 12 | $ 900.00 | $ 255.83 | 1,155.83 | REG. GUAY. |
| ALICEA MARTÍNEZ, FRANCISCO* | | $ 2,085.00 | $ 2,235.90 | $ 150.00 | 12 | $ 1,800.00 | $ 511.65 | 2,311.65 | REG. GUAY. |
| APONTE DONES, CARMEN N* | | $ 1,975.00 | $ 2,125.90 | $ 150.00 | 12 | $ 1,800.00 | $ 511.65 | 2,311.65 | REG. GUAY. |
| BELTRAN MORALES, FLOR* | | $ 1,850.00 | $ 2,000.00 | $ 150.00 | 12 | $ 1,800.00 | $ 511.65 | 2,311.65 | REG. GUAY. |
| BERRIOS ORTIZ, ALFREDO* | | $ 1,850.00 | $ 2,000.00 | $ 150.00 | 12 | $ 1,800.00 | $ 511.65 | 2,311.65 | REG. GUAY. |
| BERRIOS ORTIZ, JOSÉ M* | | $ 1,850.00 | $ 2,000.00 | $ 150.00 | 12 | $ 1,800.00 | $ 511.65 | 2,311.65 | REG. GUAY. |
| CINTRÓN RIVERA, LUIS A* | | $ 1,890.00 | $ 2,025.00 | $ 135.00 | 12 | $ 1,620.00 | $ 460.49 | 2,080.49 | REG. GUAY. |
| COLON BEVERAGGI, ROSA E* | | $ 1,972.00 | $ 2,182.00 | $ 210.00 | 12 | $ 2,520.00 | $ 716.31 | 3,236.31 | REG. GUAY. |
| CRUZ SANABRIA, MARIA F* | | $ 1,972.00 | $ 2,322.00 | $ 350.00 | 12 | $ 4,200.00 | $ 1,193.85 | 5,393.85 | REG. GUAY. |
| DE JESÚS RIVERA, ANGEL V* | | $ 1,914.00 | $ 2,214.00 | $ 300.00 | 12 | $ 3,600.00 | $ 1,023.30 | 4,623.30 | REG. GUAY. |
| MARQUEZ MARQUEZ, JOSÉ A* | | $ 1,890.00 | $ 2,000.00 | $ 150.00 | 12 | $ 1,800.00 | $ 511.65 | 2,311.65 | REG. GUAY. |
| MELÉNDEZ SANTIAGO, ORLANDO* | | $ 1,991.00 | $ 2,131.00 | $ 140.00 | 12 | $ 1,680.00 | $ 477.54 | 2,157.54 | REG. GUAY. |
| RIVERA CRUZ, ZORAIDA* | | $ 1,921.00 | $ 2,201.00 | $ 280.00 | 12 | $ 3,380.00 | $ 955.08 | 4,315.08 | REG. GUAY. |
| RODRÍGUEZ ORTIZ, JOSÉ R* | | $ 2,284.00 | $ 2,564.00 | $ 300.00 | 12 | $ 3,600.00 | $ 1,023.30 | 4,623.30 | REG. GUAY |
| RODRÍGUEZ PAGÁN, ALEJANDRO* | | $ 1,875.00 | $ 2,025.00 | $ 150.00 | 12 | $ 1,800.00 | $ 511.65 | 2,311.65 | REG. GUAY. |
| VALDIVIESO SUAREZ, KERMITH J* | | $ 2,158.00 | $ 2,258.00 | $ 100.00 | 12 | $ 1,200.00 | $ 341.10 | 1,541.10 | REG. GUAY. |
| YERA SANTIAGO, LILLIAM* | | $ 2,158.00 | $ 2,258.00 | $ 100.00 | 12 | $ 1,200.00 | $ 341.10 | 1,541.10 | REG. GUAY. |
| BURGOS SERRANO, HECTOR* | | $ 1,825.00 | $ 1,975.00 | $ 150.00 | 12 | $ 1,800.00 | $ 511.65 | 2,311.65 | REG. HUM. |
| COLÓN FÉLIX, MARIANO* | | $ 1,991.00 | $ 2,661.00 | $ 70.00 | 12 | $ 840.00 | $ 238.77 | 1,078.77 | REG. HUM. |
| TIRADO RIVERA, EUGENIO* | | $ 2,184.00 | $ 2,364.00 | $ 200.00 | 12 | $ 2,400.00 | $ 682.20 | 3,082.20 | REG. HUM. |
| ANDUJAR MATOS, VICTOR M* | | $ 2,010.00 | $ 2,235.00 | $ 225.00 | 12 | $ 2,700.00 | $ 767.48 | 3,467.48 | REG. HUM. |
| BÁEZ LUCIANO, PEDRO J* | | $ 2,414.00 | $ 2,514.00 | $ 100.00 | 12 | $ 1,200.00 | $ 341.10 | 1,541.10 | REG. MAY. |
| BERRIOS SÁNCHEZ, NESTOR* | | $ 2,010.00 | $ 2,310.00 | $ 300.00 | 12 | $ 3,600.00 | $ 1,023.30 | 4,623.30 | REG. MAY. |
| RODRÍGUEZ CORDERO, RAMÓN R* | | $ 1,875.00 | $ 2,025.00 | $ 150.00 | 12 | $ 1,800.00 | $ 511.65 | 2,311.65 | REG. MAY. |
| VEGA BAEZ, TOMÁS* | | $ 2,010.00 | $ 2,235.00 | $ 225.00 | 12 | $ 2,700.00 | $ 767.48 | 3,467.48 | REG. MAY. |
| APONTE COLÓN, RAMÓN* | | $ 2,085.00 | $ 2,160.00 | $ 75.00 | 12 | $ 900.00 | $ 255.83 | 1,155.83 | REG. PON. |
| BAEZ GUTIERREZ, FELIPE* | | $ 1,972.00 | $ 2,042.00 | $ 70.00 | 12 | $ 840.00 | $ 238.77 | 1,078.77 | REG. PON. |

**DTOP**

**JUAN PÉREZ COLÓN Y OTROS VS. DTOP**

**CIVIL #KAC-90-487 (905)**

**CÓMPUTO AJUSTES EN SUELDOS EFECTIVO AL 1 DE JULIO DE 2015 HASTA EL 30 DE JUNIO DE 2016**





| Nombre | Seguro Social | Sueldo Actual | Sueldo Propuesto | Diferencia | Por Año Fiscal | SubTotal | Aportaciones Patronales (SS, Retiro y FSE - 7.65%, 14.275% y 6.50% (28.425%)) | Total | Ubicación |
|---|---|---|---|---|---|---|---|---|---|
| BORRERO GARCÍA, CARLOS* | - | $ 1,921.00 | $ 1,991.00 | $ 70.00 | 12 | $ 840.00 | $ 238.77 | $ 1,078.77 | REG. PON. |
| BULTED FIGUEROA, ANÍBAL*, | | $ 1,850.00 | $ 1,950.00 | $ 100.00 | 12 | $ 1,200.00 | $ 341.10 | $ 1,541.10 | REG. PON. |
| CHAMORRO GALLEGO, JULIO E* | | $ 1,950.00 | $ 2,000.00 | $ 50.00 | 12 | $ 600.00 | $ 170.55 | $ 770.55 | REG. PON. |
| COLÓN GALLEGO, ALBERTO* | | $ 2,085.00 | $ 2,235.00 | $ 150.00 | 12 | $ 1,800.00 | $ 511.65 | $ 2,311.65 | REG. PON. |
| MARTÍNEZ PANETO, FRANCISCO* | | $ 1,982.00 | $ 2,032.00 | $ 50.00 | 12 | $ 600.00 | $ 170.55 | $ 770.55 | REG. PON. |
| RIVERA RIVERA, LUISA A* | | $ 1,990.00 | $ 2,050.00 | $ 80.00 | 12 | $ 720.00 | $ 204.66 | $ 924.66 | REG. PON. |
| RIVERA TORRES, NELSON* | | $ 1,890.00 | $ 1,950.00 | $ 60.00 | 12 | $ 720.00 | $ 204.66 | $ 924.66 | REG. PON. |
| RODRÍGUEZ REYES, ORLANDO* | | $ 2,384.00 | $ 2,584.00 | $ 200.00 | 12 | $ 2,400.00 | $ 682.20 | $ 3,082.20 | REG. PON. |
| VELÁZQUEZ HERNÁNDEZ, EDWIN* | | $ 2,564.00 | $ 2,764.00 | $ 200.00 | 12 | $ 2,400.00 | $ 682.20 | $ 3,082.20 | REG. PON. |
| VELÁZQUEZ VELÁZQUEZ, AMÉRICO* | | $ 2,010.00 | $ 2,075.00 | $ 65.00 | 12 | $ 780.00 | $ 221.72 | $ 1,001.72 | REG. PON. |
| ADORNO AGOSTO, ANDRÉS* | | $ 1,921.00 | $ 1,991.00 | $ 70.00 | 12 | $ 840.00 | $ 238.77 | $ 1,078.77 | REG. SJ |
| ADORNO AGOSTO, PABLO* | | $ 1,850.00 | $ 1,950.00 | $ 100.00 | 12 | $ 1,200.00 | $ 341.10 | $ 1,541.10 | REG. SJ |
| ADORNO MERCED, WILFREDO* | | $ 2,085.00 | $ 2,150.00 | $ 75.00 | 12 | $ 900.00 | $ 255.83 | $ 1,155.83 | REG. SJ |
| AGOSTO ROSADO, BIENVENIDO* . | | $ 1,882.00 | $ 1,932.00 | $ 50.00 | 12 | $ 600.00 | $ 170.55 | $ 770.55 | REG. SJ |
| ALGARÍN DE AMILL, SONIA* | | $ 1,875.00 | $ 2,025.00 | $ 150.00 | 12 | $ 1,800.00 | $ 511.65 | $ 2,311.65 | REG. SJ |
| BORIA CLEMENTE, JULIO* | | $ 1,950.00 | $ 2,100.00 | $ 150.00 | 12 | $ 1,800.00 | $ 511.65 | $ 2,311.65 | REG. SJ |
| CABÁN DEYNES, DAVID* | | $ 1,921.00 | $ 1,991.00 | $ 70.00 | 12 | $ 840.00 | $ 238.77 | $ 1,078.77 | REG. SJ |
| CAMACHO BENÍTEZ, JOSE R* | | $ 1,850.00 | $ 2,050.00 | $ 200.00 | 12 | $ 2,400.00 | $ 682.20 | $ 3,082.20 | REG. SJ |
| CARMONA RIVERA, CATALINO* | | $ 2,010.00 | $ 2,085.00 | $ 75.00 | 12 | $ 900.00 | $ 255.83 | $ 1,155.83 | REG. SJ |
| CINTRÓN REYES, CARLOS* | | $ 1,394.00 | $ 1,465.00 | $ 71.00 | 12 | $ 852.00 | $ 242.18 | $ 1,094.18 | REG. SJ |
| COLÓN TORRES, FÉLIX* | | $ 1,900.00 | $ 2,100.00 | $ 200.00 | 12 | $ 2,400.00 | $ 682.20 | $ 3,082.20 | REG. SJ |
| COTTO CLEMENTE, EDUARDO* | | $ 1,850.00 | $ 1,950.00 | $ 100.00 | 12 | $ 1,200.00 | $ 341.10 | $ 1,541.10 | REG. SJ |
| CRESPO MARTÍNEZ, EDWIN* | | $ 1,752.00 | $ 2,102.00 | $ 350.00 | 12 | $ 4,200.00 | $ 1,193.85 | $ 5,393.85 | REG. SJ |
| CRESPO MARTÍNEZ, TOMÁS* | | $ 1,875.00 | $ 2,025.00 | $ 150.00 | 12 | $ 1,800.00 | $ 511.65 | $ 2,311.65 | REG. SJ |
| CRISPÍN ROSA, CECILIO* | | $ 2,085.00 | $ 2,310.00 | $ 225.00 | 12 | $ 2,700.00 | $ 767.48 | $ 3,467.48 | REG. SJ |
| DE JESÚS TRINIDAD, MIGUEL* . | | $ 1,950.00 | $ 2,000.00 | $ 50.00 | 12 | $ 600.00 | $ 170.55 | $ 770.55 | REG. SJ |

**DTOP**
**JUAN PÉREZ COLÓN Y OTROS VS. DTOP**
**CIVIL #KAC-90-487 (905)**
**CÓMPUTO AJUSTES EN SUELDOS EFECTIVO AL 1 DE JULIO DE 2015 HASTA EL 30 DE JUNIO DE 2016**



| Nombre | Seguro Social | Sueldo Actual | Sueldo Propuesto | Diferencia | Por Año Fiscal | SubTotal | Aportaciones Patronales (SS, Retiro y FSE - 7.85%, 14.275% y 6.50% por agencia) | Total | Ubicación |
|---|---|---|---|---|---|---|---|---|---|
| FERNÁNDEZ REYES, WILFREDO* | | S 1,882.00 | S 1,982.00 | S 100.00 | 12 | S 1,200.00 | S 341.10 | S 1,541.10 | REG. SJ |
| HEREDIA BONILLA, MARÍA Wª* | | S 1,921.00 | S 2,061.00 | S 140.00 | 12 | S 1,680.00 | S 477.54 | S 2,157.54 | REG. SJ |
| MAISONET NEVAREZ, WILLIAM* | | $ 2,258.00 | $ 2,558.00 | S 300.00 | 12 | $ 3,600.00 | $ 1,023.30 | $ 4,623.30 | REG. SJ |
| MARÍN CRUZ, FRANCISCO* | | $ 1,982.00 | $ 2,082.00 | S 100.00 | 12 | $ 1,200.00 | $ 341.10 | $ 1,541.10 | REG. SJ |
| MARÍN QUINTANA, JOSÉ R* | | S 1,882.00 | $ 2,082.00 | $ 100.00 | 12 | S 1,200.00 | S 341.10 | S 1,541.10 | REG. SJ |
| MEDINA TORRES, MARCELINO* | | S 1,991.00 | S 2,201.00 | S 210.00 | 12 | $ 2,520.00 | S 716.31 | $ 3,236.31 | REG. SJ |
| MILLÁN CRUZ, JAVIER* | | S 2,085.00 | S 2,175.00 | S 90.00 | 12 | $ 1,080.00 | S 308.99 | $ 1,388.99 | REG. SJ |
| ORTIZ HERNÁNDEZ, FRANCISCO* | | S 2,160.00 | S 2,310.00 | S 150.00 | 12 | S 1,800.00 | $ 511.65 | $ 2,311.65 | REG. SJ |
| ORTIZ LANZO, EZEQUEL* | | S 1,850.00 | S 1,950.00 | $ 100.00 | 12 | S 1,200.00 | $ 341.10 | S 1,541.10 | REG. SJ |
| ORTIZ ORTIZ, OSCAR* | | S 1,925.00 | S 2,075.00 | S 150.00 | 12 | $ 1,800.00 | S 511.65 | $ 2,311.65 | REG. SJ |
| PARRILLA FUENTES, JUAN* | | $ 1,850.00 | S 2,000.00 | $ 150.00 | 12 | $ 1,800.00 | S 511.65 | $ 2,311.65 | REG. SJ |
| PÉREZ BORIA, LAURA E* | | $ 1,890.00 | $ 2,000.00 | $ 110.00 | 12 | $ 1,320.00 | $ 375.21 | $ 1,695.21 | REG. SJ |
| QUIÑONES GONZÁLEZ, PASCUAL* | | $ 1,850.00 | $ 2,000.00 | $ 150.00 | 12 | S 1,800.00 | $ 511.65 | S 2,311.65 | REG. SJ |
| SÁNCHEZ MERCADO, JOSÉ A* | | S 1,875.00 | S 2,125.00 | S 250.00 | 12 | S 3,000.00 | S 852.75 | $ 3,852.75 | REG. SJ |
| SANTANA GARCÍA, ALBERTO* | | S 2,264.00 | S 2,564.00 | S 300.00 | 12 | $ 3,600.00 | $ 1,023.30 | $ 4,623.30 | REG. SJ |
| SANTANA MEDINA, JORGE* | | $ 1,851.00 | $ 1,991.00 | $ 140.00 | 12 | $ 1,680.00 | $ 477.54 | $ 2,157.54 | REG. SJ |
| VÁZQUEZ BURGOS, FÉLIX* | | S 1,850.00 | S 1,950.00 | S 100.00 | 12 | S 1,200.00 | S 341.10 | S 1,541.10 | REG. SJ |
| **SUBTOTAL** | | **S 219,514.00** | **S 236,372.00** | **S 16,858.00** | | **$ 202,296.00** | **$ 57,502.64** | **259,798.64** | |
| **TOTAL** | | **$ 242,888.00** | **$ 262,346.00** | **$ 19,348.00** | | **$ 232,176.00** | **$ 65,996.03** | **298,172.03** | |

| | |
|---|---|
| **COSTO AJUSTE DE SUELDOS 2016** | |
| ACERVO | $ 10,633.59 |
| DISCO | $ 27,739.80 |
| OFICINA CENTRAL Y REGIONAL (111) | $ 259,798.64 |
| | $ 298,172.03 |

**COSTO AJUSTE DE SUELDOS 2016**
**(1 JULIO 2015 AL 30 JUNIO 2016)**

**EMPLEADOS ACTIVOS** $ 298,172.03

*Datos ofrecidos por la Oficina de Recursos Humanos para el correspondiente cálculo.*

Certifico correcto:

24/VII/2016

Enid Valentín Collazo
Directora
Oficina de Presupuesto y Finanzas
DTOP

Case:17-03283-LTS9 Claim:12763-1 Filed:09/25/18 Desc Main Document Page 39 of



ESTADO LIBRE ASOCIADO DE
PUERTO RICO
Departamento de Transportación
y Obras Públicas

*Oficina de Presupuesto y Finanzas*

# ANEJO C

## SENTENCIA EMITIDA
## CASO CIVIL NÚM. 1990-0487 (905)
## JUAN PÉREZ COLÓN VS ELA

Centro Gubernamental Roberto Sánchez Vilella
Apartado 41269, San Juan, PR 00940-1269
Tel. (787) 722 2929
www.dtop.gov.pr
 facebook.com/dtop    @DTOP



ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE SAN JUAN

PEREZ COLON, JUAN            CASO NUM: K AC1990-0487
      DEMANDANTE            SALON: 0905
       VS.

E L A DE PR             ACCION CIVIL
       DEMANDADO           DAÑOS O DELITO

LIC. GONZALEZ MORALES IVONNE
PO BOX 9021628
SAN JUAN PR
          00902-1828

NOTIFICACION DE SENTENCIA

EL SECRETARIO QUE SUSCRIBE NOTIFICA A USTED QUE ESTE TRIBUNAL HA DICTADO SENTENCIA EN EL CASO DE EPIGRAFE CON FECHA 26 DE SEPTIEMBRE DE 2003, QUE HA SIDO DEBIDAMENTE REGISTRADA Y ARCHIVADA EN LOS AUTOS DE ESTE CASO, DONDE PODRA USTED ENTERARSE DETALLADAMENTE DE LOS TERMINOS DE LA MISMA.

Y, SIENDO O REPRESENTANDO USTED LA PARTE PERJUDICADA POR LA SENTENCIA, DE LA CUAL PUEDE ESTABLECERSE RECURSO DE APELACION, DIRIGO A USTED ESTA NOTIFICACION, HABIENDO ARCHIVADO EN LOS AUTOS DE ESTE CASO COPIA DE ELLA CON FECHA DE 20 DE OCTUBRE DE 2003

ALVAREZ LOPEZ FRANCISCO
PO BOX 41269            SAN JUAN PR
                      00940-1269

DIAZ LUGO MANUEL
DEPARTAMENTO DE JUSTICIA     PO BOX 9020192
SAN JUAN PR              00902-0192

SAN JUAN    , PUERTO RICO, A 20 DE OCTUBRE DE 2003

               GRISELDA RODRIGUEZ COLLADO - INTERINA
                       SECRETARIO
          POR: MIGUEL A. FERNANDEZ BREVAES
                      SECRETARIO AUXILIAR

O.A.T. 704-NOTIFICACION DE SENTENCIA

 

ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE SAN JUAN

JUAN PEREZ COLON y OTROS

Demandantes

Vs.

DEPARTAMENTO DE TRANSPORTACIÓN
Y OBRAS PUBLICAS Y OTROS

Demandados

CIVIL NUM: KAC-1990-0487
(905)

SOBRE:

RECLAMACIÓN DE SALARIOS
Y SENTENCIA DECLARATORIA

## SENTENCIA

### Introducción

La demanda del epígrafe se presentó el 3 de abril de 1990* contra el Departamento de Transportación y Obras Públicas [en adelante DTOP] y la Oficina Central de Administración de Personal [en adelante OCAP] por un grupo de empleados de carrera que trabajan o trabajaron en el DTOP y ocupan puestos de capataces, albañiles, carpinteros, auxiliar de ingeniería, oficinistas, etc. y los cuales estaban asignados entre las escalas 01 a la 11 de la Administración Central. En este caso hay alrededor de 397 demandantes.

Durante el transcurso de la litigación las partes transigieron las reclamaciones bajo la Ley 110 del 26 de junio de 1956 según enmendada, mejor conocida como Ley de Personal Irregular, la cual afectaba a un número sustancial de demandantes. El tribunal aprobó la estipulación el 12 de junio de 1995, emitiendo la correspondiente Sentencia Parcial.

### Asuntos Planteados Pendientes de Resolver

En lo que se refiere a las causas de acción que nos concierne, en síntesis se reclama que los demandantes sufrieron un menoscabo en su retribución, cuando los demandados incumplieron su deber ministerial de mantener actualizadas la estructura de retribución del DTOP, y continuar utilizando el plan de retribución de la Administración Central, el cual, en materia de salarios resultaba inoperante y obsoleto, en virtud de la aplicación de la ley de Normas Razonables del Trabajo federal, 29 USC secs. 201 et seq. [en adelante FLSA]. Por lo que plantean que debieron recibir a partir del 15 de abril de 1985 un diferencial en sueldo en conformidad al trabajo más complejo que realizan, ya que se les equiparó sus salarios al del conserje y trabajador. También, se plantea que los demandados en contra de los mejores intereses de los demandantes, ilegal e intencionalmente aprovecharon la implantación del

---

* La Juez que suscribe advino a hacerse cargo de la Sala 905 el 3 de febrero de 2003. Por tanto, todos los anteriores procedimientos antes de esa fecha se llevaron a cabo ante otros magistrados.

2

salario mínimo para eliminarles, en todo o en parte, pasos por méritos, productividad y aumentos legislativos. Por lo que cuestionan la legalidad del mecanismo de ajuste utilizado. También y bajo los mismos hechos operacionales plantean la violación de las sec 215 y 216 del FLSA, y reclaman el pago de los salarios adeudados, imposición de las penalidades, costas y honorarios de abogado.

Luego de haberse celebrado varias conferencias sobre estado de los procedimientos, las partes llegaron al consenso de que no existía controversia legítima sobre hechos materiales en cuanto a las restantes causas de acción y que únicamente quedaba la aplicación del derecho. El 21 de marzo de 2001 se radica el Informe de Conferencia conjunto sometiendo documentos y suscribiendo extensas estipulaciones sobre los hechos que no están en controversia. Se acuerda además diferir el aspecto del monto de los salarios adeudados hasta que se resolviera el aspecto de responsabilidad y sometiendo para resolución las controversias que resumimos a continuación:

(a). Determinar sobre la aplicabilidad al caso de autos de la cláusula Constitucional de igual paga por igual trabajo.

(b). Determinar si los demandados violaron la Ley de retribución uniforme al no mantener actualizada la estructura de retribución del DTOP, y si dicha determinación constituyó una acción de personal adversa, por dejar de pagar la retribución que le correspondía en derecho a los demandantes, según el nivel retributivo fijado a sus puestos y en conformidad a las tareas de mayor complejidad y responsabilidad que realizan.

(c). Determinar sobre la validez de las directrices emitidas por OCAP en el Memorando General Núm. 5-85 del 23 de abril de 1985, y de otras circulares emitidas para la implantación del salario mínimo, por entre otros, haberse aprovechado la implantación del salario mínimo para eliminarle a los demandantes, en todo o en parte, los aumentos legislativos, por años de servicios, productividad y méritos, previamente otorgados, los cuales forman parte de sus respectivos contratos de empleo y constituían derechos adquiridos.

(d). Determinar si los demandados se excedieron en el uso de sus facultades discrecionales al ignorar la obligación de los jefes de agencia de implantar un programa de reducción de jornada diaria, de no contar con los recursos económicos para cumplir con el salario mínimo, según provisto bajo la Ley 5 del 20 de noviembre de 1975.

(e). Resolver, bajo los mismos hechos operacionales, si los demandados violaron las sec 215 y 216 de la Ley de Normas Razonables del Trabajo federal.

(f). Determinar si procede dictar una orden de cese y desista permanente [Injunction] para evitar futuras violaciones.

3

Con fecha de 12 de junio de 2001, los demandantes presentaron moción en la cual solicitan que se dicte sentencia sumaria declarando Con Lugar las restantes reclamaciones. Ni OCAP ni el DTOP reaccionaron en oposición a la Moción de Sentencia Sumaria Parcial radicada por los demandantes.

### SOBRE LA PROCEDENCIA DE LA MOCION DE SENTENCIA SUMARIA

Ha sido reiteradamente interpretado que el propósito principal de la sentencia sumaria es promover una solución justa, rápida y económica de la litigación, abreviando la disposición de pleitos que, por no envolver una genuina controversia de hechos, el juicio en su fondo es innecesario, Padin v Rossi, 100 DPR 259, 263 (1971).También está ampliamente reconocido que bajo la Regla 36.3 de Procedimiento Civil de 1958 (32 L.P.R.A. Ap. II ) y luego de cumplir con lo dispuesto en la Regla 43.5, el tribunal puede dictar sentencia sumaria parcial interlocutoria. Puede, además resolver cualquier controversia entre las partes que sean separables de las controversias restantes. Camaleglo v. Dorado Wings, Inc., 118 D.P.R. 20, 2527 (1986).

Siendo la sentencia sumaria un remedio extraordinario discrecional, y usando el sabio discernimiento, sólo debe concederse cuando no hay una controversia genuina sobre hechos materiales y cuando el tribunal se convenza de que tiene ante sí la verdad de todos los hechos pertinentes. Cualquier duda sobre la existencia de una controversia sobre los hechos materiales debe resolverse contra la parte promovente. Roig Com. Bank v. Rosario Cirino, 126 D.P.R. 613, 517-546 (1990) y Garcia Rivera v Enriquez Martin, 2001 TSPR 12.

En conformidad a la doctrina expuesta y luego de haber examinado minuciosamente la moción de sentencia sumaria presentada, los alegatos, estipulaciones y demás documentos en autos, este tribunal llega a las siguientes:

### DETERMINACIONES DE HECHOS

1. Los demandantes son empleados de carrera que trabajan o han trabajado para el DTOP y ocupan puestos de trabajadores, capataces, carpinteros, albañiles, oficinistas, auxiliar ingeniería, plomeros, etc. y cuyos puestos están asignados entre años 1986 al 1895 entre las primeras once (11) escalas de la estructura de retribución entonces vigente en dicho departamento. [ Estipulación de hechos # 1 Informe Conferencia ].

2. Para la fecha de los hechos que nos concierne, el DTOP estuvo originalmente integrado al Sistema de la Administración de Personal Central y posteriormente, en el año 1991 adviene Administrador Individual mediante la Orden Ejecutiva Número OE-1891-46. [ ley de Personal y estipulación de hechos # 18 Informe de Conferencia].

3. Surge del examen de los documentos en autos que para el año 1985 la OCAP se mantuvo atenta al desarrollo del caso de Garcia v. San Antonio Metropolitan Transit Authority, 469 US 528, al presentar trascendentales controversias referentes a la implantación del FLSA en las agencias del gobierno y circula varios Memorandos entre los Secretarios de Gobierno y Jefes de Agencias, para informarles sobre el status de esa litigación. [ Exhibit 3, y Estipulaciones de hechos # 4, 5 y 8 Informe Conferencia].

4. Al considerar que la aplicación del salario mínimo en las agencias de gobierno ya era eminente, el 18 de abril de 1985, el Director de la OCAP le remitió al gobernador de Puerto



4

Rico un Memorando para asesorarlo referente a las "Alternativas de estructuras salariales para
proveer aumentos de sueldos a los empleados públicos bajo la Administración Central y cumplir
con el mínimo federal". [ Exhibit 2 y Estipulación de hechos # 3 Informe de Conferencia].

La comunicación proponía un plan de mejoramiento salarial en cuatro etapas donde se
sobrepasaba el salario mínimo federal para el 1988 e incluía como anejo las escalas de
sueldos propuestas.

En relación al personal de confianza, se informa que "no es necesario tomar acción
inmediatamente ya que la escala básica de la estructura de sueldo que se aplica $505 - 657 al
presente no tiene clases asignadas. El sueldo más bajo en el Servicio de Confianza es el
correspondiente a la clase de chofer que está asignada a la segunda escala, $549 - 714.

5. En el entretanto, en noviembre 14 de 1985 el Congreso federal, considerando la
decisión del Tribunal Supremo federal en el caso de San Antonio Transit Authority, supra,
aprueba una enmienda al FLSA para aliviar el impacto económico inmediato del salario mínimo
en los gobiernos locales. Mediante esa legislación, se le concede a los estados y agencias un
periodo de gracia, hasta el 15 de abril de 1986, para realizar ajustes en sus presupuestos para
la implantación del nuevo salario mínimo de 3.35 hr. [ Enmienda del 1985 del FLSA]

6. En vista de esos acontecimientos y al hecho de que para esa fecha, las primeras 11
escalas de la estructura salarial de la Administración Central estaban por debajo del salario
mínimo federal que entraría en vigor el 15 de abril de 1986, la OCAP reacciona
inmediatamente y diseña una nueva estructura salarial para el servicio de carrera de la
Administración Central basada en una escala mínima de $545-736 y que cumple con el salario
mínimo de 3.35 hr. Mediante comunicación de fecha 20 de noviembre de 1985 dicha Oficina le
remite la nueva escala salarial al gobernador, con sus recomendaciones a favor de su
adopción. En la carta además se indica que esa nueva estructura la implantarían ajustando el
sueldo actual de los empleados a la cuantía o tipo retributivo inmediato superior en la escala
correspondiente en la nueva estructura para reducir su efecto presupuestario. [ Estipulación
Hechos # 5 y Exhibits 5, 10 y 11 Informe de Conferencia].

7. De la comunicación del 20 de noviembre de 1985 [ante] se puede determinar que la
OCAP tenía conocimiento expreso y así lo manifiesta a la Pág. 2, que el salario mínimo que
entraba en vigor el 15 de abril de 1986 exigía una estructura salarial con un salario mínimo de $
545 mensual [para una jornada semanal de 37 ½ Hrs.]. Por lo que advierte que de no
adoptarse la nueva estructura de retribución recomendada requería recurrir al mecanismo de
reducción de jornada de trabajo para cumplir con el salario mínimo, pero califica esa medida
como "sumamente antipática".

8. No obstante la recomendación antes expuesta, el 23 de abril de 1986 el Director de
OCAP circula entre las agencias el Memorando General 5-86 conteniendo unas directrices
para ajustar el salario de todo empleado bajo el mínimo federal [ Exhibit 8 Informe
Conferencia].

9. A consecuencia del mecanismo de ajuste salarial recomendado, el DTOP equiparó
el sueldo de los empleados asignados a las primeras 11 escalas retributivas a base de $3.35
por hora, y les pagó uniformemente el mismo salario que recibieron el conserje y el trabajador,
quedando inoperante el Plan de Retribución. [ Estipulación # 11 Informe Conferencia].

10. Con la determinación [ante], se crea un serio distoque en la concesión de salarios.
Al extremo, que todos los empleados que ocupaban puestos cuyas class que estaban
asignadas entre las escalas 1 a la 11 pasaran a devengar el mismo salario del conserje y
trabajador. Esto, sin importar las tareas más complejas que realizaban, la responsabilidad de
sus puestos, los requisitos mínimos exigidos, los años de servicios o aumentos previos
recibidos. De esa forma se mantuvo al personal administrativo, técnico, especializado y de
supervisión y personal de oficina y de campo devengando el mismo salario.

11. No obstante la directriz impartida en el Memorando General 5-86 para implantar el
salario mínimo, en los Municipios las instrucciones fueron diferentes, pues a la Pág. 3 se
indicaba que de determinarse insuficiencia de fondos y no pudieran pagar los Municipios un
sueldo mensual conforme al salario mínimo y la jornada de trabajo aplicable a sus empleados,
estos cumplieran con el pago del salario mínimo federal mediante la reducción del horario de
trabajo, de conformidad con la Ley Núm. 5 de 20 de noviembre de 1975 y el Reglamento
aprobado en virtud de ésta. [ Pág 3, Exhibit 6 Informe Conferencia].

12. Aunque la decisión de implantar un programa de reducción de jornada diaria para
cumplir con el salario mínimo es exclusiva de cada jefe de agencia, en este caso el Secretario



5

del DTOP, dicha parte   no sometió prueba alguna para establecer que hubiese responsablemente considerado para reducir el impacto económico de esa legislación, el mecanismo de reducción de jornada establecido bajo la Ley 5 del 20 de noviembre de 1975 o el mecanismo de asignación de las clases afectadas por el salario mínimo a escalas superiores.

13. Con el tiempo, la situación de los demandantes empeoró, pues aunque en el 1991 el DTOP se constituye Administrador Individual mediante Orden Ejecutiva y se le confiere al Secretario la facultad para adoptar su propio Plan de Clasificación y Retribución, dicha parte continúa utilizando hasta el 1995   la estructura de retribución de la Administración Central, la cual se mantenía inoperante mediante asignaciones anuales pro forma. Por lo que la parte demandada, en común acuerdo, incumplieron la política pública de proveer para un trato justo y equitativo en la fijación de sueldos de los empleados demandantes. [ Exhibits 8,9,15 y 18 Informe de Conferencia].

14. La situación  llegó al extremo que  ya para el 1995  empleados cuyos puestos estaban asignados hasta la escala 16 del plan de retribución del DTOP  se les pagaba  el mismo salario asignado al conserje y trabajador, a pesar de que se desempeñaban en puestos de mayor complejidad, responsabilidad y se les requiere poseer mayores requisitos para el desempeño de sus funciones, si se compara con el conserje. [ Estipulación de Hechos # 16 Informe de Conferencia.]

15. A pesar de la situación arriba  descrita, los sueldos de los jefes de agencia y personal de confianza aumentaron en oct. 1986 y en fechas posteriores. También la OCAP autorizó múltiples asignaciones de puestos a escalas superiores, lo que aumentó el régimen de desigualdad retributiva entre los puestos de clases profesionales y la gran masa de empleados aquí demandantes, al ser los peores remunerados en todo el gobierno. [ Exhibit 5 Informe de Conferencia].

16. Finalmente en julio de 1995 el DTOP adopta  un plan de Clasificación y Retribución como Administrador Individual. Dicho plan se le otorga  vigencia retroactiva del 15 de abril para cumplir con el salario mínimo  vigente a esa fecha. [ Exhibit 28 (a ) Informe Conferencia].

17. El nuevo plan de retribución adoptado por el DTOP en el 1995  para empleados de carrera  se desarrolló  a base de un sueldo ancla mensual de $ 737   [aplicable a empleados con una jornada semanal de 37 ½ Hrs.] y a base de  30 escalas o niveles.

18. Para el 1995 la situación del gobierno de Puerto Rico tuvo una franca recuperación económica. Se instrumentaron dos reforma contributivas, se aprobó legislación para aumentar sustancialmente   los salarios de los policías, bomberos, enfermeras, oficiales de custodia, maestros y otros grupos de empleados públicos". [Estipulación de Hechos # 28   Informe Conferencia].

19. " Aunque con la adopción del nuevo plan de retribución del DTOP se reestablecen las diferencias salariales entre las diferentes categorías de puestos que ocupaban los demandantes, el cumplimiento de las disposiciones aplicables a la administración de la estructura de retribución fue temporera. Pues, al ponerse en vigor efectivo al 1 de octubre de 1996 otro aumento en el salario mínimo de 4.75 hora, vuelve a quedar inoperante la estructura de retribución del DTOP. [ Compárese Exhibit 26 (A)  con estipulación Hechos # 15 Informe Conferencia].

20. Al 1 de septiembre de 1997  el salario mínimo aumentó a  5.15 la hr. y conforme a ello, la OCAP revisa la Guía de Clasificación de Funciones y a las Escatas de Paga del Reglamento para Empleo de Personal Irregular, para cumplir con el nuevo salario mínimo. Con esa acción los demandantes vuelven a verse perjudicados, ya que dentro de sus mismos grupos ocupacionales se da la situación de que los sueldos recibidos por el personal irregular son superiores a los que se les pagó a los demandantes, a pesar de  realizar idéntica labor. Como ejemplo se identifican: Capataces, Auxiliares de Ingeniería, auxiliar  de mecánico, Albañiles, conductor de camiones, operadores de bombas, inspectores, mecánicos, en sus niveles del 1 al 5, conductor de Automóvil.   [ Estipulación Hechos # 52 y Exhibit    Informe Conferencia].

21. Los demandados violaron, a la fecha en que entra en vigor la ley de salario mínimo y posteriores aumentos las secs 215 y 218 del FLSA, al observar un patrón intencional y esquema para bajar los estándares más beneficiosos establecidos en la ley de retribución uniforme con el propósito de  reducir el  impacto económico de la legislación federal. En consecuencia, no solo  dejan inoperantes las escalas salariales del DTOP, sino también, se rehusaron implantar un programa de reducción de jornada, según provisto bajo la Ley 5 del 20

6

de nov. 1975. Por lo que se le violó a los demandantes su derecho de recibir un sueldo completo.

22. A pesar de contar con los fondos necesarios identificados en su presupuesto el DTOP, sin proveer justificación razonable, espera hasta el 1 de enero del 2000 para poner en vigor la nueva estructura de retribución que confeccionó a base de un salario ancla de 840 mensual y que conformaba al aumento de salario mínimo de 5.15 y que entró en vigor al 1 de septiembre de 1997. (Id # 8 demandantes Informe Conferencia).

## CONCLUSIONES DE DERECHO

Antes de entrar a resolver el asunto concreto que nos ocupa es pertinente señalar que la resolución en el caso de autos trata de un asunto novel, que no ha sido resuelto antes por nuestro Hon tribunal Supremo, y nos da la oportunidad para examinar aspectos fundamentales relativos a la administración y mantenimiento de los planes de retribución, a la luz de las responsabilidades impuestas a los jefes de agencias por la ley de Retribución Uniforme y su reglamento. Discutiremos las controversias, en orden de importancia y secuencia lógica, para mejor entendimiento.

Con respecto a la controversia presentada y donde los demandados sostienen que no es de aplicación a los hechos del presente caso el Artículo II sección 16 de la Constitución del Estado Libre Asociado de Puerto Rico, al estar dicho precepto dirigido exclusivamente a erradicar el discrimen salarial contra las mujeres y porque el mecanismo de ajuste utilizado para cumplir con el salario mínimo se aplicó por igual a empleados de ambos sexos, no tienen razón.

I. Surge de los debates sostenidos por la Asamblea Constituyente de Puerto Rico que la sec 16 del Art. II de nuestra Constitución provee a la gran masa trabajadora una protección abarcadora contra el discrimen en la adjudicación de salarios. Diario de Sesiones de la Asamblea Constituyente de Puerto Rico, tomo 4 pág. 2574, ed. 1961.

Además, está resuelto que el principio de igual paga por igual trabajo no supone, ni impide por ejemplo, imposibilitar constitucionalmente los aumentos automáticos por años de servicio, o las vacaciones con sueldo a las mujeres en época de gravidez y lactancia, o las bonificaciones especiales en consideración al número de dependientes o el pago por sobre el mínimo trabajo superior o por mayor producción, o la adopción de otras de paga diferente o medidas dirigidas al mejoramiento de los demandantes. Mercado Vega v UPR 128 DPR 273.

En segundo lugar, existe en nuestra jurisdicción un alto interés público en la legislación reguladora del empleo público y en especial, la que reglamenta la retribución salarial, Torres v P.R. Telephone Co., 90 JTS 122 y Díaz v Tribunal, 102 DPR 195. Por tal razón el precepto constitucional de igual paga por igual trabajo, rige y está instrumentado de manera general en la Ley de Retribución Uniforme, supra. En ese sentido, cuando analizamos el historial legislativo de esa ley, se hace claro que su propósito está en consonancia con el principio

7

constitucional de igual paga por igual trabajo al establecer "un sistema de retribución que propicie la equidad y la justicia en la fijación de los sueldos a todos los empleados del servicio público...[a] mismo tiempo que crea un mecanismo que propendan y faciliten el reclutamiento y retención de personal mediante la concesión de incentivos adicionales". Exposición Motivos, Ley de Retribución Uniforme, Leyes de PR, Pág. 226, 3 L.P.R.A. Sec. 760(a).

Nuestro Hon. Tribunal Supremo en el caso de Rodríguez Cruz v. Padilla Ayala, 125 D.P.R. 486 (1990), al examinar la protección establecida en el Art. II sec. 16 de nuestra constitución, reitera que el principio de igual paga por igual trabajo protege a la "gran masa trabajadora que por razón de especial desvalimiento históricamente ha necesitado" aunque no siempre ha recibido "protección social". Rodríguez Cruz v. Padilla Ayala, supra, Pág. 521 y lo resuelto en A.D. Miranda, Inc. v. Falcón, 83 D.P.R. 735 (1961). Por lo que tratándose los demandantes precisamente del grupo de empleados de poco rango y que generalmente se conoce como "employees in dead-end positions; low-level public employees" y ocupan puestos en los niveles más bajos, siendo los peores remunerados en todo el gobierno, no tenemos reserva en concluir que componen la clase de trabajadores que la Asamblea Constituyente quiso proteger.[1] Por lo que adoptar una posición contraria a la que estamos exponiendo, resultaría sumamente injusto, pues aquí se estaría penalizando al sector del servicio público que tienen las escalas salariales más bajas y sector de empleados que la asamblea constituyente deseó también proteger.

II. La determinación anterior, sin embargo, no resuelve del todo la controversia ante nos, pues al plantear la parte demandante que tienen derecho a que se le compense de acuerdo a las respectivas clasificaciones y responsabilidades y complejidad asignadas a los puestos que desempeñan, al ser la ley 89, supra más beneficiosa que la ley de salario mínimo, es menester resolver dicho asunto.

A- De entrada, procede indicar que mediante la Ley de Personal del Servicio Público de Puerto Rico, Ley Núm. 5 de 14 de octubre de 1975 ( 3 L.P.R.A. sec. 1301 et seq.), la Asamblea Legislativa creó un sistema unitario de administración para el personal del servicio público.   Conforme a su exposición de motivos, dicha ley reafirma el principio del mérito como norma rectora en la administración de Personal y su extensión a todos los sectores del servicio público.   Entre sus objetivos, está el lograr que la administración pública se rija por criterios de

---

[1] Refuerza nuestra interpretación respecto a que las protecciones constitucionales no pueden ser aplicadas en forma selectiva, solo a un grupo de personas, los pronunciamientos de la Hon. Juez O'Connor del Tribunal Supremo Federal en el caso de Price Waterhouse v Hopkins, 490 U.S. 228 en un caso por discrimen racial bajo el Título VII de la Ley de Derechos Civiles y dispone: " It would be odd to say the least if the evidentiary rules applicable to Title VII actions were themselves dependent on the gender or skin color of the litigants."

mayor uniformidad, equidad y justicia. Además, dispone para la creación de dos sistemas de personal para agrupar las agencias en la Administración Central y Administradores Individuales.

La Ley de Personal fue enmendada en el 1979 con el propósito de corregir ciertas fallas y a la vez "poner en práctica su contenido y alcanzar la uniformidad de su aplicación", al mismo tiempo que incorporó "nuevos conceptos y corrientes innovadoras en la administración de personal", a los fines de mantener los salarios actualizados, de forma de proveer los mecanismos necesarios para reclutar y retener los empleados más idóneos dentro del servicio público.

La Ley de personal identifica el sistema de clasificación de puestos como una de las áreas que componen principio de mérito. Por lo que en el Art. 4.2(e) se proveyó para que en el caso de las agencias comprendidas dentro de la Administración Central, el director de la OCAP disponga para la determinación de la jerarquía relativa entre las distintas clases o puestos y para la asignación de éstas a las diferentes escalas. Igual responsabilidad se delegó en los Administradores Individuales.

Para complementar dicho esquema, la Ley de personal le impone la obligación a las agencias de adoptar reglamentación que reconociera el derecho de los empleados a la compensación "por el trabajo realizado fuera de la jornada regular de trabajo". Art. 5.14 (3 L.P.R.A. sec. 1354(6). También provee para que los demás aspectos relacionados al horario y la jornada de trabajo fuesen regulados por cada jefe de agencia. Art. 5.17 (3 L.P.R.A. sec. 1357).

B- Por otra parte, y reconociendo el legislador que el área de retribución del empleado público es una de las más importantes "para lograr un sistema de administración de personal moderno y balanceado y para facilitar la aplicación del principio del mérito", en el 1979 se aprobó la Ley de Retribución Uniforme, Ley Núm. 89 de 12 de julio de 1979 (3 LPRA Sec. 760 et. seq.)

En lo pertinente al caso de autos, se destaca que según su exposición de motivos, el propósito de la presente ley de retribución es propiciar la uniformidad, la equidad y la justicia en la fijación de sueldos de todos los empleados del servicio público. Además, reconoce que dicha ley persigue alcanzar, en materia de retribución la uniformidad y agilidad necesaria para propiciar un trato justo e imparcial a todos los empleados. Astol v. Departamento de Servicios Sociales, 129 DPR 1.

Cónsono con lo expuesto en el Art. 2 de la Ley Núm. 89 , supra, le encomienda a la Oficina Central de Administración de Personal (O.C.A.P.) y a cada autoridad nominadora, en el caso de los Administradores Individuales, que adopten planes de retribución conforme al reglamento que O.C.A.P. adoptara para instrumentar dicha ley y conforme a las normas

9

adicionales que se proveyeron en dicho estatuto y que servían de guía y limitaban el poder que había sido delegado.

C- Toda vez que el DTOP originalmente estuvo incluida en la Administración Central procede aclarar, para ubicar la reclamación dentro del marco legal y reglamentario apropiado, y adjudicar las respectivas responsabilidades, que el 4 de junio de 1983, mediante la Ley núm. 84 se enmienda la vigencia de la Ley de retribución y se implantan nuevas estructuras retributivas para las clases de puestos en el servicio de carrera y confianza de la Administración Central, 3 L.P.R.A. sec. 760 (e). Esa estructura retributiva se implantó y estaba vigente, aunque inoperante en el DTOP hasta el año 1995. Por lo cual no se puede pasar por alto que los demandados incumplieron las reglas establecidas en  la ley 84, supra y en específico  el Art. 9 ( c ),  [ 3 LPRA sec 760 (e) (c) ] sobre  interpretación y administración de las nuevas escalas salariales.

Por otra parte y, cónsono con el objetivo legislativo de la Ley núm 89, supra   de garantizar una administración dinámica y flexible y de forma que los planes de retribución no perdieran su efectividad, en el 1985 se enmienda el Art. 6 (c)(4)  (3 L.P.R.A. sec. 760 e(c)(4) para eliminar el requisito de  que el Director de la O.C.A.P., contara con  la aprobación del Gobernador para   reajustar o implantar nuevas escalas de sueldos. De modo que se comprueba que  los demandados contaban con  mecanismos adicionales para alcanzar y facilitar la máxima flexibilidad en la administración  de las estructuras retributivas, y que les permitían cumplir con los requisitos de la ley de salario mínimo, según adelante expondremos en más detalle.

D- Por tal razón  es importante destacar que el marco reglamentario provisto en la ley de retribución es abarcador, ya que el Inciso 1 del Art. 2 de la Ley de Retribución se le impone la obligación al Director OCAP y  los Administración individuales de examinar periódicamente si las estructuras retributivas que tienen vigentes cumplen con las disposiciones de dicho estatuto. Precisamente y en reconocimiento de la importancia que tiene  el garantizar el mantenimiento de un sistema justo de retribución, en el caso de las agencias denominadas Administradores individuales y Municipios, se dispuso expresamente que  será responsabilidad de cada autoridad nominadora  adoptar los planes de retribución que aplicará en su agencia y asignar los puestos a las respectivas escalas. Además,  se le impone a la OCAP, en cuanto al plan de la Administración Central y  a cada Administrador individual, el  Artículo 2, sec 760 (b) (5) la responsabilidad de asignar anualmente todas  las clases de puestos de los planes de clasificación, a las escalas contenidas en los planes de retribución vigentes, tanto en el servicio de carrera como para el de confianza, efectúan al comienzo de cada año fiscal, con el propósito

 

19

de lograr y mantener al die de los planes de retribución que adopten para los servicios de

carrera y confianza y garantizar la equidad retributiva, ante la marcada diferencia de salarios

entre el sector privado y las Corporaciones Públicas vis a vis el sector público.

También se provee expresamente para que el director de la OCAP dé la aprobación

final sobre los mismos y le impone a la OCAP la responsabilidad de asesorar a los

administradores individuales en la preparación y confección de sus respectivos planes.

E- Aunque la parte demandada a la Pág. 19 del informe de Conferencia trata de

justificar el no haber actualizado la estructura de retribución del DTOP bajo el argumento de

que no existe ninguna disposición legal fijando un término para adoptar el plan de retribución,

esa contención no tiene méritos, pues es incuestionable que dicha responsabilidad está

implícita y resulta acomodaticia la inacción.

El cumplimiento de las disposiciones referente a la administración y mantenimiento de

los planes de retribución no son una mera abstracción, pues conforme afirman

correctamente los demandados al apartado II de la Introducción General Sobre Clasificación de

Puestos y Retribución del Plan de Clasificación y Retribución adoptado por estos en el 1995,

y la cual, por su importancia, transcribimos de las Págs. 6-7:

"Una de las ventajas que ofrece un Plan de Clasificación de Puestos además de
facilitar los procesos de administración de recursos humanos, es el establecimiento de
las escalas de salarios que reflejen en el principio de igual paga por igual trabajo.

La política salarial debe responder al propósito de proveer al personal un
tratamiento justo y equitativo en la fijación de sus sueldos. Para que sea justo, los
sueldos deben ser lo más razonables dentro de la posibilidad financiera del
Departamento de Transportación y Obras Públicas. Para que sea equitativo, es
necesario aplicar el principio de igual paga por igual trabajo. Al mismo tiempo, es un
instrumento dinámico y cambiante, por lo cual es necesario que para que el mismo no
pierda su efectividad ni su utilidad, se mantenga a la par con los cambios que ocurran
en la agencia".

Por tal razón es importante señalar que aunque los demandados en sus alegatos tratan

de justificar sus actos de asignar las clases a una estructura que había quedado inoperante, su

posición viola y conflijen claramente con las disposiciones de ley y responsabilidades

delegadas a esa Oficina. Máxime cuando se trata de principios reconocidos, pues de los

documentos sometidos por las partes se acredita que la OCAP los conoce y formalmente ha

hecho múltiples expresiones en reconocimiento de la importancia que tiene garantizar el

cumplimiento de la política pública en materia de retribución y el corregir o mejorar la situación

que representan los sueldos bajos que reciben los empleados públicos.

F- Para ilustrar el conflicto surgido por el disloque habido en la administración de

salarios en el Departamento demandado, citamos del memorando núm. 5-94 del 3 de junio de

1994 de la OCAP y que fue dirigido a los jefes de agencia Administradores Individuales del

Sistema de Personal, y donde les advierte que: "cuando están las escalas por debajo del

11

salario mínimo, no se cumple con la política pública de proveer para un trato justo y equitativo
en la fijación de sueldos de los empleados".

Por lo cual no se puede pasar por alto la responsabilidad que tenían los demandados
de cumplir con el Reglamento de Retribución adoptado por O.C.A.P. el 7 de junio de 1984
para la implantación de la Ley 89, supra. Y en lo pertinente a la controversia presentada, con
las siguientes disposiciones:

Sec. 4.2 la cual lee:

"La Oficina Central de Administración de Personal, en el caso de la Administración
Central, y cada Autoridad Nominadora, en el caso de los Administradores individuales,
adoptarán planes de retribución separados para el servicio de carrera y el de confianza,
en armonía con los respectivos planes de clasificación de puestos y conforme a las
disposiciones de la Ley de Retribución Uniforme y de este reglamento".

Además tenían que cumplir cal la Sec. 4.4 del Reglamento, pues hace claro que los
planes de retribución que se adopten tienen que estar en armonía con la política pública
establecida en dicha ley. También requiere que se establezcan escalas de sueldos uniformes para
aquellas clases de puestos que sean equivalentes, y de forma que se mantenga una correlación
entre el valor relativo que se asigna a las clases dentro de dicho plan y el valor monetario que se
asignen a éstas mediante escalas de sueldos.

Dicha responsabilidad también se reafirma a la sec. 4.5 (3) del reglamento de
retribución, donde se reafirma que las escalas de sueldo deberán de mantenerse actualizadas
con el propósito de lograr y mantener la equidad retributiva. En adición las agencias tienen que
cumplir al administrar sus respectivos planes de retribución con lo dispuesto en la sec. 4.6 del
Reglamento de retribución que provee:

"al fijarse las escalas de sueldos deberá tomarse en consideración, entre otros factores, los
niveles de responsabilidad y dificultad que envuelven los puestos; el grado de discreción
que se requiere en el descargo de los deberes y responsabilidades; los requisitos mínimos
para el descargo en forma satisfactoria de los deberes y responsabilidades; el grado de
dificultad en el reclutamiento de empleados idóneos; las oportunidades de ascensos; las
condiciones de trabajo; los sueldos que se pagan en el mercado de trabajo; el costo de la
vida; y las posibilidades fiscales. En el caso del servicio de confianza se considerarán los
requisitos imprescindibles según lo determine la Autoridad Nominadora.

Las estructuras de sueldo deben ser lo suficientemente competitivas de manera que
permita reclutar y retener personal capacitado; deben proveer para el justo reconocimiento
de la eficiencia y productividad individual de los empleados; y de igual modo deberán estar
estructuradas de forma tal que provean oportunidades de progreso en el servicio público.

Las escalas de sueldos representarán el valor monetario que tienen las diferentes clases
de puestos de los planes de clasificación de ambos servicios y servirán para fijar la
retribución directa de cada empleado dentro del sistema de personal. Al asignar y
reasignar las clases de puestos a las escalas de sueldos, deberá mantenerse la
correlación entre el nivel jerárquico de las clases y las escalas a las cuales éstos se
asignan, conforme lo establece la Sec. 4.4 (3) de este Reglamento. De este forma,
puestos y clases que tengan el mismo valor relativo dentro de los planes de clasificación
de los respectivos servicios, serán asignados a las mismas escalas de sueldo.

Los tipos retributivos establecidos en las diferentes escalas de sueldos se
consignarán a base de dólares y corresponderán a un sueldo mensual y a una jornada
regular de trabajo de 37.5 ó de 40 horas semanales, según corresponda; y tienen el

12

propósito fundamental de proveer niveles retributivos superiores para viabilizar la gratificación de los empleados a tenor con los respectivos niveles individuales de eficiencia y productividad.

G- Ante las disposiciones de Ley y reglamento transcritas, este tribunal determina que una interpretación que restrinja el derecho de un empleado a recibir una justa remuneración de acuerdo al sistema de escalas y donde no se le reconozca un diferencial en sueldo que esté a tono con el trabajo y responsabilidades que desempeña, viola fundamentales preceptos de la Ley de retribución. Además, tampoco cumple con la reglamentación adoptada por la propia OCAP y el DTOP y donde se establece como principio fundamental para que la asignación de una clase de puesto a determinada escala de retribución sea una transacción de personal de carácter objetivo, ya que tiene el fin de establecer el justo valor del trabajo que se realiza dentro de determinada clasificación o conjunto de puestos. Véase una excelente exposición sobre ese tema, el caso de Mercado Vega v. UPR, supra, .

En consecuencia, y siendo la ley local más beneficiosa para los empleados que la ley de salario mínimo, se determina que al dejar inoperante la estructura de retribución del DTOP, so pretexto de cumplir con el salario mínimo, la conducta observada por los demandados constituyen claros actos de represalia a la aplicación del salario mínimo, y enmarca en el tipo de acción que el Congreso federal prohibió, al adoptar la sec 215 y 216 del FLSA. Además, y en consideración a que los ajustes practicados se adoptan dentro del período de tiempo señalado en el estatuto, los demandantes establecieron una violación prima facie del referido estatuto, ya que se dejó de garantizar que se compensara a los empleados demandantes por el justo valor de los servicios que prestan.

Corresponde aquí señalar que el Congreso federal, al adoptar la enmienda del 1985 anticipó que los gobiernos locales pudieran reducir los salarios o beneficios a los empleados y por tal razón se incorporó en la sec 215 una protección contra represalias con sus penalidades, en interés de desalentar ese tipo de conducta. A los efectos en el informe rendido por el Conference Comité se expresa y citamos:

"Unilateral reduction of regular pay or fringe benefits that is intended to nullify this legislative application of overtime compensation to state and local Government employees is unlawful. Any other conclusion would in effect invite public employers to reduce regular rates of pay shortly after the date of enactment so as to negate the premium compensation mandated by this legislation, Conference HR. Report No. 357, 99th Cong. 1st session 9, reprinted in 1985, US Code Cong. & Adm. News 651, 670."

H- En Puerto Rico desde hace más de medio siglo nuestro Hon. Tribunal Supremo ha resuelto que, cuando una ley estatal sea más beneficiosa para el empleado, que las disposiciones del FLSA, la ley federal no impide la aplicación de aquella por no estar en conflicto ambas leyes, ya que ambas son perfectamente armonizables. Olazagasti v. Eastern Sugar Associates, 79 D.P.R. 93 (1956); y Chabrán v. Bull Insular Line, 69 D.P.R. 269 (1948).

13

Merrero Cabrera v. Caribbean Refining Co., 93 D.P.R. 250 (1966); y Vega v. Yiwi Motors, Inc.,
96 TSPR 95.

Por tal razón tampoco podemos aceptar el alegato de los demandados de que tienen
amplia discreción para decidir cuando implantarán los ajustes en sus estructuras de retribución
para conformarlas al salario mínimo. Máxime cuando se acredita de la relación de hechos que
antecede, los resultados caóticos que acarrea esa determinación.

En consecuencia, no podemos justificar, excusar o condonar el ejercicio de discreción
cuando puede servir de mampara para violar la ley. Especialmente cuando la acción de dejar
inoperante la estructura de retribución, socava el sistema de mérito contenido en la ley, y se
crea un sistema paralelo de retribución que a todas luces no está autorizado ni ayuda a cumplir
el objetivo y política pública de "[l]ograr que la administración pública se rija por criterios de la
mayor uniformidad, equidad, y justicia". Además, porque de los diversos memorandos internos
sometidos por estipulación de partes, se acredita que dicha parte estaban conscientes de las
exigencias establecidas por la ley de salario mínimo y de su obligación de recurrir al
mecanismo de reducción de jornada, de no contar con los fondos necesarios para implantar
una nueva estructura salarial que conformara con los aumentos en el salario mínimo y optaron
por cruzarse de brazos. También porque contaba con el mecanismo autorizado bajo la ley de
retribución de asignar las clases afectadas a escalas superiores, conforme hicieron para el
personal de confianza y clases profesionales.

Por ser normativa, aplica lo resuelto Wards Cove Packing Co. v. Antonio 490 US 642 at
661, en el sentido de que al un demandante puede probar la existencia de métodos alternos
menos onerosos y el patrono no los utiliza esa negativa desvirtúa la contención del patrono
referente que su determinación no resulta discriminatoria.

Tampoco constituye una defensa válida para el DTOP, haber confiado en la directriz
de OCAP, pues las directrices que emite la OCAP en los Memorandos Generales no pueden
estar en conflicto con la ley o con la jurisprudencia pertinente a la materia que se intenta
reglamentar. Máxime, cuando está ampliamente reconocido que el poder de reglamentación
delegado a una agencia no la faculta para sustituir el criterio legislativo o judicial plasmado en
el estado de derecho vigente. Ariel Avilet Lebrón et als. v. Departamento de Servicios
Sociales, 129 D.P.R. 1

Por lo cual e independientemente de que las operaciones del DTOP estuvieran sujetas
a los controles centrales de OCAP, en nada alteran las facultades del Secretario del DTOP,
para ejercer criterio independiente, y de esa forma adoptar un plan de reducción de jornada
similar al implantado en los Municipios, ya que un administrador no deja de serlo, por el mero

14

hecho de que sus decisiones y actuaciones están sujetas a la aprobación de un funcionario de superior rango.

j- Otro factor de peso que precisa recordar y que nos lleva a rechazar el argumento expuesto por los demandados, es el dato histórico referente a la enmienda al FLSA practicada por el Congreso federal para el 1974 y donde extendió la aplicación del salario mínimo a los gobiernos locales (incluyendo a P.R. ). Por lo que debemos tener presente que para aquella fecha, la legislatura de Puerto Rico, reaccionando a la legislación federal, promulgó la ley Núm. 5 del 20 de nov. de 1975, con el propósito de autorizar a los jefes de agencias la reducir la jornada semanal establecida de 37½ horas o 40 horas semanales y fijar el número de horas que entendiese conveniente y de esa forma minimizar el impacto económico del salario mínimo que entraría en vigor. En conformidad a esas disposiciones de la ley del 1975, la OCAP promulgó el reglamento para instrumentar la misma, instruyendo a las agencias para que redujeran la jornada semanal a los grupos de empleados que a esa fecha quedaron afectados por el Salario Mínimo, de no contar con fondos suficientes. La reducción del horario implantada por instrucciones de OCAP duró hasta el 1983. [2]

Cabe advertir que en la jurisdicción federal, no obstante, por motivo de la decisión del Tribunal Supremo Federal en el caso de National League of Cities v. Usery, 426 US 833, quedó en suspenso la implantación de la enmienda del 1974 del FLSA . De modo que no es hasta que en mayo de 1985, que es cuando adviene final y firme la decisión emitida en el caso de García v. San Antonio Metro. Transit Authority, 469 US 528, y que se revoca la doctrina establecida en Usery, supra, que resulta de aplicación definitiva del salario mínimo, a los gobiernos locales.

Está ampliamente reconocido de que una norma administrativa puede ser invalidada por los tribunales; entre otros, por los siguientes fundamentos; si su aplicación produce resultados injustos, City of NY v. Harris, 449 US 1124; Harris v. Hassen, 451 US 1032; si la interpretación de la agencia no es persuasiva y como señalamos en este caso, la directriz resulta contraria a la intención legislativa, Bernier y Cuevas Segarra, Aprobación e Interpretación de las Leyes, a la página 489, y si la agencia no observa ni obedece su propio reglamento, García Cabán v. UPR, 120 DPR 167 (1987); Díaz de Llovet v. Oficina del Gobernador, 112 D.P.R. 747 (1982) García Troncoso v. Adm. Del Derecho al Trabajo, 108 DPR 53 (1978); 94 DPR 22 (1967).

De modo que habiendo promulgado la OCAP un reglamento especial, en conformidad a la Ley 5 del 20 de noviembre de 1975, para la implantación del salario mínimo al cual estaba

---

[2] Véase Reglamento y Memorando Núm. 2-76 del 5 de enero de 1976 incluidos como Exhibis IV A, B y C. de las Págs. 98 a la 106 op. Moción Sentencia Sumaria de junio 1985 radicada por los demandantes.

15

vigente, una vez debidamente promulgada la reglamentación, es claro que se limita la discreción de los jefes de agencia. Barrón v. Serra, 119 DPR 605, a la pág. 620 y Digna García Trancoso v. ADT, supra

J.- A tenor con los hechos y derecho expuesto este tribunal determina que la directriz dada por OCAP en el memorando Especial 5 – 86 para implantar ajuste salarial del salario mínimo es nula, con excepción de los Municipios, pues está totalmente fuera de armonía con las disposiciones de la Ley de Retribución y principio de igual paga por igual trabajo garantizado bajo el Art. II sec de nuestra Constitución. También porque queda claro que la OCAP excedió sus poderes de reglamentación, al recomendar un mecanismo de ajuste salarial que tuvo el efecto real de hacer desaparecer, alterar y/o convertir en inefectivas las diferencias de salario inherentes a la clasificación del grupo de empleados demandantes, en conformidad a la jerarquía establecida para los puestos que estaban asignados dentro del plan de retribución del DTOP, violándose fundamentales preceptos de la Ley de retribución y su reglamento.

Siguiendo esa línea de pensamiento y en lo que se relaciona con la alegación de los demandantes referente a que la norma de ajuste también eliminó ilegalmente, total o parcialmente, los aumentos por años de servicio y productividad y aumentos legislativos previamente recibidos en virtud de leyes especiales aún vigentes, se resuelve a favor de los demandantes, por compartir dicho ajuste la misma motivación discriminatoria.

K.- Procede aquí señalar que el Art. 7 de la Ley de Retribución Uniforme autoriza a la Oficina Central de Administración de Personal (O.C.A.P.) y a los administradores individuales a conceder aumentos de sueldo por años de servicio, a extender las escalas salariales – añadiendo diversos tipos de aumento– así como a establecer otros métodos de compensación bajo los términos establecidos por la mencionada ley para reconocer los méritos individuales de los empleados y lograr el objetivo de mantener una administración pública de excelencia., Por lo que una vez conferidos dichos aumentos forman parte de su contrato de empleo.

Es importante también dejar establecido que los aumentos generales conferidos a los empleados mediante legislación especial, forman parte de un esquema trazado por el Estado para ofrecerle a los empleados un alivio económico permanente que no pudiera ser menoscabado.

Por lo que al surgir del estudio del historial de dichas leyes especiales que la intención de la legislatura al aprobar las mismas fue mejorar de forma permanente las condiciones de vida de los empleados en el servicio público a quienes estuviesen dirigidos, determinamos

16

que estos aumentos no agotan el margen retributivo que tienen disponible los empleados.[4] En tal sentido se destaca que en la medida que esas leyes especiales confieren beneficios a empleados, requieren un enfoque liberal en la interpretación, a fin de que se cumpla la voluntad del legislador, Garcia v Sbiley, 88 JTS 101 y Santiago v Kodak, 92, JTS 11.

Abona a lo expuesto el texto claro de los referidos estatutos, ya que expresamente se dispuso para que estos aumentos se otorguen sin ajustarse a las escalas y se provee las asignaciones presupuestarias pertinentes en el presupuesto general de gastos para años subsiguientes, para garantizar su continuidad. Por lo tanto queda claro que los aumentos generales, se otorgan al empleado mismo y de forma independiente de las escalas salariales, lo que nos convence que el legislador no perdió de vista el hecho de que todavía era necesario proteger a los empleados gubernamentales contra posibles intentos de menoscabar sus salarios.

Máxime, cuando nos percatamos que dichos estatutos resultan análogos a otras leyes anteriores, donde se hizo claro la intención de garantizar que el empleado recibiera dichos aumentos en forma íntegra para que no sufrieran menoscabo.

Dado a los hechos y derecho expuesto, forzoso es concluir y resolvemos que la reclamación de autos satisface los requerimientos y encuentra cabida dentro del ámbito de protección de la Ley. Por lo que corresponde a este tribunal hacer cumplir las leyes laborales protectoras y darle contenido real al principio establecido en nuestra Carta de Derechos y acoger los planteamientos de los demandantes referentes al importante aspecto, de las partidas indemnizatorias reclamadas, a la luz de las disposiciones de nuestro ordenamiento. Sobre todo, cuando es principio cardinal y le asiste a los demandantes el derecho de recibir su sueldo completo durante el período que se vio afectada su retribución, Yolanda San Miguel v ELA, 93 CDT 139.

L.- Entre los remedios que pueden ser conferidos a los empleados al prevalecer en una causa de acción por discrimen salarial, están las partidas que se adjudican por concepto de salarios indebidamente retenidos. También se encuentran partidas de indemnización o daños, las costas y honorarios de abogado.

Precisa destacar que la imposición de honorarios está instrumentada en nuestro ordenamiento bajo la sec. 3114 a 3117 del Código de Enjuiciamiento Civil, ya que el término

---

[4] Véanse ley 90 del 9 de julio de 1995; la ley 1 del 9 de febrero de 1988; la ley 7 de mayo de 1993 y Orden Ejecutiva OE-1994-42 de 15 de agosto de 1994, entre otras.
[5] Es preciso señalar que en contestación a consulta sometida por el Depto. del Trabajo y Recursos Humanos del 1 de junio de 1992, y que fue estipulado como Exhibit XVIII, la OCAP llega a los mismos resultados al analizar la definición de escala de retribución al Art 6, inciso 12 del Reglamento de Retribución Uniforme y concluir que "los aumentos de sueldo que reciben los empleados públicos por disposición expresa de alguna ley no pueden considerarse como parte del margen retributivo que tienen *los empleados en la escala salarial que los aplica.*

17

"patrono" incluye a las agencias tradicionales de gobierno y corporaciones públicas del Gobierno Estadual y/o sus representantes.

La imposición de honorarios también está contemplada bajo la Regla 44.1 de las de Procedimiento Civil, pues forman parte de un ordenamiento integral diseñado dentro de un esquema remedial, para dar vigencia a los valores sobre los cuales se erige nuestra sociedad democrática, dentro del contexto obrero patronal. Por lo cual y luego de haber revisado los casos en la esfera federal con el modelo adoptado en López Vicil v I.T.T., 143 DPR 574 determinamos que las agencias tradicionales del gobierno no están exentas del pago de honorarios, en casos como el que nos ocupa, por haber retenido arbitrariamente salarios o si el empleado reclama cualquier derecho o suma de dinero contra su patrono, al amparo de la legislación laboral federal o ley local. Precisa también aclarar que en la esfera federal, bajo las disposiciones del FLSA  29 USCA sec 216 (b) los honorarios de abogados son mandatorios, lo cual establece una distinción entre los casos bajo la ley de derechos civiles, 42 USCA la sec 1988, donde los honorarios son de carácter discrecional. Véase los casos de Hensley v Ecker 461 US 424 [1983]; Texas State Teachers Association v Garland Independent School District 489 US 782 y Bonnette v California Health & Welfare, 704 F2nd 1465, 1473. Roofers Local 307, 732 F 2d al 502 y compárese con Soler v G & U , Inc. 801 F. Supp. 1056, donde se distribuyó entre varios demandados los honorarios de abogado, en consideración a su responsabilidad individual.

M- Nuestro ordenamiento también autoriza la emisión de un remedio interdictal para evitar futuras violaciones, según resuelto en los casos de Acevedo Santiago v Western Digital Caribe, Inc. et als. Opinión y Sentencia de 21 de marzo de 1996, 140 DPR ——(1996) y Norma Socorra Hernández v Royal Bank de PR, 98 CA 36 a 98 CA 40.

Por lo que habiéndose determinado en este caso que los demandados incurrieron en un patrón de comportamiento y reiteradas violaciones de los estatutos invocados, y estando resuelto que el injunction meramente requiere que la persona o entidad haga lo que la Ley requiere y la función del tribunal es el monitoreo, ante el deber que tienen los tribunales de velar porque las disposiciones de ley se cumplan cabalmente, se concede a los demandantes el remedio interdictal permanente solicitado.

Por los fundamentos antes expuestos, se dicta la presente

18

## SENTENCIA

(a). Se concede a los demandantes el remedio interdictal permanente solicitado y en consecuencia, se Ordena y apercibe a los demandados que deben cumplir con su responsabilidad ministerial de mantener las estructura salarial del DTOP actualizada y en conformidad a los aumentos en el salario mínimo que de tiempo en tiempo se establezcan y prohibiendo que en el futuro se deje inoperante y conviertan en inefectivas el sistema de retribución adoptado en esa agencia.

(b). Se ordena el pago de todos los salarios y haberes dejados de recibir por razón de haber quedado inoperante la estructura de retribución del DTOP a partir de la aplicación en esa agencia del salario mínimo y la restitución de cualquier aumento de sueldo, bono, estipendio que se hubiese eliminado a los respectivos demandantes. A los efectos de calcular los haberes dejados de recibir por cada demandante, se ordena a los demandados que, para el período comprendido entre abril de 1986 a abril 15 de 1996 se calcule los salarios retenidos utilizando las escalas modelo confeccionadas por OCAP, según aplicables a los distintos aumentos del salario mínimo y jerarquía asignada a los puestos individuales ocupados por cada demandante.

En lo que respecta a la escala adoptada por el DTOP en enero del 2000 con un salario ancla de $840, se ordena que se le confiera fecha de efectividad de 1 de septiembre de 1997 y se le pague a los demandantes la diferencia del salario ilegalmente retenida, según el nivel asignado a sus respectivos puestos. Igual procedimiento debe hacerse en relación al aumento que entró en vigor en septiembre del 2000. Además, para restituir a los demandantes que correspondan, los aumentos de sueldo que fueron eliminados al implantar el salario mínimo, estos aumentos deberán sumarse después de asignar los puestos en la escala que corresponda y fijado la retribución que corresponda, de forma de evitar menoscabo.

(c). Se ordena además que luego de sumar la totalidad de sueldos adeudados, se le añadan los intereses legales, acumulados desde la fecha de la radicación de la demanda, como penalidad.

(d). Concedidos los remedios a quien tiene derecho, los demandantes, a los efectos de poder el Tribunal disponer en forma final del presente caso, se ordena a los representantes legales de las partes que como parte de los trámites de ejecución de Sentencia, una vez advenga final y firme esta Sentencia, que dentro de noventa días después, se reunan para establecer una suma(s) cierta(s) y determinada(s) de los sueldos o beneficios adeudados a cada demandante, haciendo los cómputos individuales, procediendo a informárselo al Tribunal en ese lapso de tiempo para que pueda el Tribunal en virtud de lo informado ordenar el pago a cada demandante en forma específica y a ese fin.

19

(e). Los demandados deberán además satisfacer las costas y gastos del litigio y pagar el 25% por concepto de honorarios a beneficio de cada demandante; cuya suma de honorarios se computará sobre la suma que le corresponda a cada uno de los demandantes previo realizar los cómputos individuales. Véase Código de Enjuiciamiento Civil, 32 LPRA sec 3115 y el caso de López Vicil v. I.T.T., 143 DPR 574.

REGÍSTRESE Y NOTIFÍQUESE.

En San Juan, Puerto Rico, 26 de septiembre de 2003.

ELIADIS ORSINI ZAYAS
JUEZ SUPERIOR

CERTIFICO:

LCDA. REBECCA RIVERA TORRES
SECRETARIA GENERAL REGIONAL

Por: _____
Secretaria Auxiliar

# EXHIBIT 2

**Juan Perez Colon v. Departamento de Transportacion y Obras Publicas (DTOP)**
**Court of First Instance of San Juan - Civil Case Num. K AC1990-0487**
**Amounts owed to Plaintiffs pursuant to Judgment entered on September 26, 2003**

**Commonwealth of Puerto Rico, PROMESA Case Num. 17-03283 (LTS)**

| NAME | S.S. | GROSS TOTAL DEBT* 15 April/86 - 31 december 2007 | Legal Interest 0.01 x% 1 January 1990- 31 december 2007 8 years | DEBT 1 July 2010 30 June 2015 as Retirement employer Contribution | Interest Legal 1 January 2008 30 june 2015 7 years 6 months | DEBT + LEGAL INTEREST + RETIREMENT EMPLOYER CONTRIBUTION | Adjusted Salary 1 july 2015 30 june 2016 | Legal Interest 1 july 2015 3 may 2017 1 years 10 months 2 day | DEBT + LEGAL INTEREST + RETIREMENT EMPLOYER CONTRIBUTION July 1, 2015 through May 3, 2017 |
|---|---|---|---|---|---|---|---|---|---|
| ABRIL VELEZ, BENNY | 2192 | $27,151.74 | $2,172.14 | $5,267.85 | $400.50 | $7,840.49 | $1,078.77 | $20.14 | $8,939.40 |
| ACEVEDO HERNANDEZ, ANGEL L. | 8332 | $13,569.80 | $1,085.58 | | $0.00 | $1,085.58 | | $0.00 | $1,085.58 |
| ADORNO ACOSTA, ANDRES | 2428 | $10,291.53 | $823.32 | $5,267.85 | $400.50 | $6,491.68 | $1,078.77 | $20.14 | $7,590.58 |
| ADORNO ACOSTA , PABLO | 8553 | $19,885.98 | $1,590.88 | $7,525.50 | $572.15 | $9,688.53 | $1,541.10 | $28.77 | $11,258.39 |
| ADORNO MERCED, WILFREDO | 8949 | $19,960.17 | $1,596.81 | $5,644.13 | $429.11 | $7,670.05 | $1,155.83 | $21.58 | $8,847.46 |
| ADORNO OJEDA, AGUSTIN | 3512 | $25,507.25 | $2,040.58 | $7,525.50 | $572.15 | $10,138.23 | $1,541.10 | $28.77 | $11,708.09 |
| AGOSTO AGOSTO, PEDRO | 2378 | $11,007.66 | $880.61 | $7,225.50 | $549.34 | $8,655.45 | | $0.00 | $8,655.45 |
| AGOSTO MELENDEZ, WANDA | 8798 | $40,072.43 | $3,205.79 | $15,051.00 | $1,144.29 | $19,401.09 | $3,082.20 | $57.53 | $22,540.82 |
| AGOSTO ORTIZ, RAFAEL | 0359 | $13,854.08 | $1,108.33 | $0.00 | $0.00 | $1,108.33 | $0.00 | $0.00 | $1,108.33 |
| AGOSTO ROSADO, BIENVENIDO | 8805 | $21,270.36 | $1,701.63 | $3,762.75 | $286.07 | $5,750.45 | $770.55 | $14.38 | $6,535.39 |
| AGUILAR ACEVEDO, ABRAHAM | 8748 | $2,506.13 | $200.49 | | $0.00 | $200.49 | | $0.00 | $200.49 |
| ALGARIN DE AMIEL, SONIA | 1302 | $35,731.77 | $2,858.54 | $11,288.25 | $858.22 | $15,005.01 | $2,311.65 | $43.15 | $17,359.81 |
| ALICEA DEVARIE, JOSE R. | 5752 | $40,051.38 | $3,204.11 | $10,535.70 | $801.01 | $14,540.82 | $2,157.54 | $40.27 | $16,738.63 |
| ALICEA LANZZU, LUIS E. | 9119 | $31,225.13 | $2,498.01 | $5,644.13 | $429.11 | $8,571.25 | $1,155.83 | $21.58 | $9,748.66 |
| ALICEA MARTINEZ, FRANCISCO | 5536 | $32,063.43 | $2,565.07 | $11,288.25 | $858.22 | $14,711.54 | $2,311.65 | $43.15 | $17,066.35 |
| ALVERIO DAVILA, PAULINO | 2112 | $3,026.04 | $242.08 | $0.00 | $0.00 | $242.08 | $0.00 | $0.00 | $242.08 |
| ANDINO QUIÑONES, NESTOR | 2061 | $20,874.25 | $1,669.94 | $0.00 | $0.00 | $1,669.94 | $0.00 | $0.00 | $1,669.94 |
| ANDINO ROSA , EDNA I. | 0910 | $3,663.69 | $293.10 | $0.00 | $0.00 | $293.10 | $0.00 | $0.00 | $293.10 |

**Juan Perez Colon v. Departamento de Transportacion y Obras Publicas (DTOP)**

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| ANDUJAR MATOS, VICTOR | 2194 | $44,305.27 | $3,544.42 | $16,932.38 | $1,287.33 | $21,764.13 | $3,467.48 | $64.73 | $25,296.34 |
| APONTE COLON RAMON | 6130 | $10,734.33 | $858.75 | $5,644.13 | $429.11 | $6,931.99 | $1,155.83 | $21.58 | $8,109.39 |
| APONTE DONES, CARMEN N. | 1078 | $34,763.75 | $2,781.10 | $11,288.25 | $858.22 | $14,927.57 | $2,311.65 | $43.15 | $17,282.37 |
| APONTE MALDONADO, CARMEN F. | 9272 | $30,454.87 | $2,436.39 | $15,803.55 | $1,201.51 | $19,441.45 | $3,234.31 | $60.37 | $22,736.13 |
| APONTE TORRES, LUIS | 3497 | $10,430.65 | $834.45 | $0.00 | $0.00 | $834.45 | $0.00 | $0.00 | $834.45 |
| ARZOLA RIVERA, CARMELO | 9546 | $31,312.56 | $2,505.00 | | $0.00 | $2,505.00 | | $0.00 | $2,505.00 |
| ASTACIO CASTRO,ELBA | 3675 | $6,916.55 | $553.32 | $0.00 | $0.00 | $553.32 | $0.00 | $0.00 | $553.32 |
| AVILES LEBRON, MARIA S. | 3249 | $10,258.43 | $820.67 | $0.00 | $0.00 | $820.67 | $0.00 | $0.00 | $820.67 |
| AYALA ROSA, LUIS | 9212 | $39,307.30 | $3,144.58 | $11,288.25 | $858.22 | $15,291.05 | $2,311.65 | $43.15 | $17,645.86 |
| BAEZ GUTIERREZ, FELIPE | 6658 | $5,542.04 | $443.36 | $5,267.85 | $400.50 | $6,111.72 | $1,078.77 | $20.14 | $7,210.62 |
| BAEZ LUCIANO, PEDRO J. | 3483 | $37,144.69 | $2,971.58 | $7,525.50 | $572.15 | $11,069.22 | $1,541.10 | $28.77 | $12,639.09 |
| BAEZ PAGAN, MARIA T. | 0769 | $19,349.46 | $1,547.96 | $0.00 | $0.00 | $1,547.96 | $0.00 | $0.00 | $1,547.96 |
| BAEZ QUIÑONES, BIENVENIDO | 2907 | $2,736.36 | $218.91 | | $0.00 | $218.91 | | $0.00 | $218.91 |
| BELTRAN MORALES, FLOR | 9173 | $31,660.08 | $2,532.81 | $11,288.25 | $858.22 | $14,679.28 | $2,311.65 | $43.15 | $17,034.08 |
| BERRIOS ORTIZ, ALFREDO | 4258 | $31,660.08 | $2,532.81 | $11,288.25 | $858.22 | $14,679.28 | $2,311.65 | $43.15 | $17,034.08 |
| BERRIOS ORTIZ, JOSE M. | 9608 | $31,660.08 | $2,532.81 | $11,288.25 | $858.22 | $14,679.28 | $2,311.65 | $43.15 | $17,034.08 |
| BERRIOS SANCHEZ, NESTOR | 0153 | $64,207.70 | $5,136.62 | $22,576.50 | $1,716.44 | $29,429.56 | $4,623.30 | $86.30 | $34,139.16 |
| BINET ZAPATA, ALFREDO | 1474 | $48,019.22 | $3,841.54 | $22,576.50 | $1,716.44 | $28,134.48 | $4,623.30 | $86.30 | $32,844.08 |
| BORIA CLEMENTE, JULIO | 6332 | $33,820.88 | $2,705.67 | $11,288.25 | $858.22 | $14,852.14 | $2,311.65 | $43.15 | $17,206.94 |
| BORRERO GARCIA, CARLOS | 9319 | $10,757.49 | $860.60 | $5,767.85 | $438.52 | $7,066.97 | $1,078.77 | $20.14 | $8,165.87 |
| BORRERO VELAZQUEZ, FELIX N. | 6934 | $24,626.19 | $1,970.10 | $0.00 | $0.00 | $1,970.10 | $0.00 | $0.00 | $1,970.10 |
| BULTED FIGUEROA,ANIBAL | 8578 | $15,740.53 | $1,259.24 | $7,525.50 | $572.15 | $9,356.89 | $1,541.10 | $28.77 | $10,926.76 |
| BULTRON GARCIA, RAFAEL | 6728 | $12,607.28 | $1,008.58 | $0.00 | $0.00 | $1,008.58 | $0.00 | $0.00 | $1,008.58 |
| BURGOS SERRANO, HECTOR | 2944 | $33,317.06 | $2,665.36 | $11,288.25 | $858.22 | $14,811.84 | $2,311.65 | $43.15 | $17,166.64 |
| BURGOS TORRES PEDRO A. | | $5,044.94 | $403.60 | $0.00 | $0.00 | $403.60 | $0.00 | $0.00 | $403.60 |
| CABAN REYES, DAVID | 4147 | $7,311.51 | $584.92 | $5,267.85 | $400.50 | $6,253.27 | $1,078.77 | $20.14 | $7,352.18 |
| CALDERON IZQUIERDO, LUIS A. | 2670 | $28,275.64 | $2,262.05 | | $0.00 | $2,262.05 | | $0.00 | $2,262.05 |
| CALDERON ORTIZ, NATALIO ( y Hatilano son los mismo | 6803 | $13,887.37 | $1,110.99 | $0.00 | $0.00 | $1,110.99 | $0.00 | $0.00 | $1,110.99 |

**Juan Perez Colon v. Departamento de Transportacion y Obras Publicas (DTOP)**

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| CAMACHO  BENITEZ, JOSE R. | 3213 | $40,094.85 | $3,207.59 | $15,051.00 | $1,144.29 | $19,402.88 | $3,082.20 | $57.53 | $22,542.62 |
| CANDELARIA PEREZ, AMMAYAR | 9458 | $6,140.31 | $491.22 | $3,762.75 | $286.07 | $4,540.05 | $770.55 | $14.38 | $5,324.98 |
| CARATINI LIZARDI, WALESKA | 1463 | $14,650.46 | $1,172.04 | | $0.00 | $1,172.04 | | $0.00 | $1,172.04 |
| CARDONA ADAMES, JOAQUIN | 8245 | $5,545.30 | $443.62 | | $0.00 | $443.62 | | $0.00 | $443.62 |
| CARDONA SANCHEZ, LONGINO | 9888 | $12,847.12 | $1,027.77 | | $0.00 | $1,027.77 | | $0.00 | $1,027.77 |
| CARMONA RIVERA, CATALINO | 0292 | $15,645.66 | $1,251.65 | $5,644.13 | $429.11 | $7,324.89 | $1,155.83 | $21.58 | $8,502.30 |
| CARO ROSADO, SANTOS D. | 0367 | $15,068.77 | $1,205.50 | $0.00 | $0.00 | $1,205.50 | $0.00 | $0.00 | $1,205.50 |
| CARRASQUILLO CASTILLO, CRUZ | 0998 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| CARRASQUILLO SOTO, CARLOS | 3116 | $41,812.82 | $3,345.03 | | $0.00 | $3,345.03 | | $0.00 | $3,345.03 |
| CARRASQUILLO RAMOS, GREGORIO | | $19,127.60 | $1,530.21 | | $0.00 | $1,530.21 | | $0.00 | $1,530.21 |
| CASANOVA SAMOT, JORGE | 5015 | $18,833.85 | $1,506.71 | | $0.00 | $1,506.71 | | $0.00 | $1,506.71 |
| CASTRO PELUYERA, PEDRO | 7619 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| CATALAN MELENDEZ, ROBERTO | 7412 | $594.11 | $47.53 | $0.00 | $0.00 | $47.53 | $0.00 | $0.00 | $47.53 |
| CEPEDA CIRINO, ELIGIO | 1219 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| CINTRON REYES, CARLOS | 5351 | $7,164.14 | $573.13 | $5,343.11 | $406.22 | $6,322.47 | $1,094.18 | $20.42 | $7,437.07 |
| CINTRON RIVERA, LUIS | 3040 | $30,909.90 | $2,472.79 | $10,158.43 | $772.32 | $13,403.54 | $2,080.45 | $38.84 | $15,522.83 |
| CLAUDIO HERNANDEZ FRANCISCO | 8974 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| COLON BEVERAGGI, ROSA E. | 1359 | $47,338.04 | $3,787.04 | $15,803.55 | $1,201.51 | $20,792.10 | $3,236.31 | $60.41 | $24,088.82 |
| COLON DE JESUS, BENJAMIN | 1930 | $14,647.28 | $1,171.78 | $0.00 | $0.00 | $1,171.78 | $0.00 | $0.00 | $1,171.78 |
| COLON FELIX, MARIANO | 4325 | $20,162.47 | $1,613.00 | $5,267.05 | $400.44 | $7,280.49 | $1,078.77 | $20.14 | $8,379.40 |
| COLON FLORES, JUSTO | 0773 | $9,715.21 | $777.22 | | $0.00 | $777.22 | $0.00 | $0.00 | $777.22 |
| COLON GALLEGO, ALBERTO | 8929 | $25,836.27 | $2,066.90 | $11,288.25 | $858.22 | $14,213.37 | $2,311.65 | $43.15 | $16,568.17 |
| COLON LEDESMA, HERNAN | 1847 | $13,092.12 | $1,047.37 | $0.00 | $0.00 | $1,047.37 | $0.00 | $0.00 | $1,047.37 |
| COLON LOPEZ, HECTOR M. | 1629 | $42,858.57 | $3,428.69 | | $0.00 | $3,428.69 | | $0.00 | $3,428.69 |
| COLON RODRIGUEZ, EFRAIN | 5452 | $39,207.22 | $3,136.58 | $11,288.25 | $858.22 | $15,283.05 | $2,311.65 | $43.15 | $17,637.85 |
| COLON TORRES, FELIX | 5825 | $36,722.33 | $2,937.79 | $15,051.00 | $1,144.29 | $19,133.08 | $3,082.20 | $57.53 | $22,272.81 |
| COLON TRINIDAD, PEDRO | 5129 | $25,460.54 | $2,036.84 | $0.00 | $0.00 | $2,036.84 | $0.00 | $0.00 | $2,036.84 |
| COLLAZO  RODRIGUEZ, NELIDA | 4911 | $42,940.84 | $3,435.27 | $21,071.40 | $1,602.01 | $26,108.68 | $4,315.08 | $80.55 | $30,504.31 |
| CONCEPCION VILLALOBOS, ERNEST | 0074 | $40,474.08 | $3,237.93 | $15,051.00 | $1,144.29 | $19,433.22 | $3,082.20 | $57.53 | $22,572.95 |
| CORDERO PEREZ, IVAN | 0464 | $17,473.89 | $1,397.91 | $0.00 | $0.00 | $1,397.91 | $0.00 | $0.00 | $1,397.91 |
| CORREA BERMUDEZ, JOSE A. | 8123 | $4,826.87 | $386.15 | $0.00 | $0.00 | $386.15 | $0.00 | $0.00 | $386.15 |
| COTTO CLEMENTE, EDUARDO | 5926 | $26,286.25 | $2,102.90 | $7,525.50 | $572.15 | $10,200.55 | $1,541.10 | $28.77 | $11,770.41 |
| CRESPO MARTINEZ, EDWIN | 1833 | $73,592.44 | $5,887.40 | $26,339.25 | $2,002.51 | $34,229.16 | $5,393.85 | $100.69 | $39,723.70 |
| CRESPO MARTINEZ  TOMAS | 1372 | $30,300.27 | $2,424.02 | $11,288.25 | $858.22 | $14,570.49 | $2,311.65 | $43.15 | $16,925.29 |

**Juan Perez Colon v. Departamento de Transportacion y Obras Publicas (DTOP)**

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| CRISPIN ROSA, CECILIO | 2793 | $44,531.63 | $3,562.53 | $16,932.38 | $1,287.33 | $21,782.24 | $3,467.48 | $64.73 | $25,314.45 |
| CRUZ AYALA, EDWIN | 3209 | $15,704.34 | $1,256.35 | $0.00 | $0.00 | $1,256.35 | $0.00 | $0.00 | $1,256.35 |
| CRUZ CRUZ, LUIS A. | 9772 | $44,095.00 | $3,527.60 | | $0.00 | $3,527.60 | | $0.00 | $3,527.60 |
| CRUZ GONZALEZ, JORGE | 3862 | $33,532.68 | $2,682.61 | | $0.00 | $2,682.61 | | $0.00 | $2,682.61 |
| CRUZ MIRANDA, RAMON | 7125 | $12,578.55 | $1,006.28 | $0.00 | $0.00 | $1,006.28 | $0.00 | $0.00 | $1,006.28 |
| CRUZ SANABRIA, MARIA E. | 7211 | $66,554.60 | $5,324.37 | $26,339.25 | $2,002.51 | $33,666.13 | $5,393.85 | $100.69 | $39,160.67 |
| CRUZ SUAREZ, FRANK | 7714 | $17,849.54 | $1,427.96 | $0.00 | $0.00 | $1,427.96 | $0.00 | $0.00 | $1,427.96 |
| CRUZ TORRES, JUAN | 8254 | $31,132.78 | $2,490.62 | $0.00 | $0.00 | $2,490.62 | $0.00 | $0.00 | $2,490.62 |
| CUEVAS PEREZ, ANGEL L. | 9242 | $4,350.55 | $348.04 | | $0.00 | $348.04 | | $0.00 | $348.04 |
| CHAMORROS GALLEGO,JULIO E. | 0797 | $9,569.20 | $765.54 | $3,762.75 | $286.07 | $4,814.36 | $770.65 | $14.39 | $5,599.39 |
| DE JESUS BETANCOURT, EDWIN D. | 8401 | $6,850.03 | $548.00 | $0.00 | $0.00 | $548.00 | $0.00 | $0.00 | $548.00 |
| DE JESUS DE JESUS,  RAMON | 9353 | $45,992.59 | $3,679.41 | | $0.00 | $3,679.41 | | $0.00 | $3,679.41 |
| DE JESUS RIVERA ANGEL V. | 5845 | $55,011.57 | $4,400.93 | $22,576.50 | $1,716.44 | $28,693.87 | $4,623.30 | $86.30 | $33,403.47 |
| DE JESUS SERRANO, ANGEL L. | 1951 | $3,380.03 | $270.40 | $0.00 | $0.00 | $270.40 | $0.00 | $0.00 | $270.40 |
| DE JESUS TRINIDAD, MIGUEL | 8537 | $8,893.45 | $711.48 | $3,762.75 | $286.07 | $4,760.30 | $770.55 | $14.38 | $5,545.23 |
| DE LEON BOU, RAFAEL | 8220 | $52,350.73 | $4,188.06 | | $0.00 | $4,188.06 | | $0.00 | $4,188.06 |
| DEL VALLE BENITEZ, EFRAIN | 7781 | $23,826.39 | $1,906.11 | $0.00 | $0.00 | $1,906.11 | $0.00 | $0.00 | $1,906.11 |
| DEL VALLE GOMEZ, JUAN A. | 4193 | $51,024.28 | $4,081.94 | | $0.00 | $4,081.94 | | $0.00 | $4,081.94 |
| DELGADO GIRAL,JOSE G. | 4233 | $34,797.49 | $2,783.80 | $11,288.25 | $858.22 | $14,930.27 | $2,311.65 | $43.15 | $17,285.07 |
| DIAZ DE LEON , INES | 8132 | $29,898.95 | $2,391.92 | $0.00 | $0.00 | $2,391.92 | $0.00 | $0.00 | $2,391.92 |
| DIAZ DENNIS ALEJANDRO | 7404 | $12,895.57 | $1,031.65 | $0.00 | $0.00 | $1,031.65 | $0.00 | $0.00 | $1,031.65 |
| DIAZ DIAZ, JULIAN | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| ECHEVARRIA SANCHEZ ANGEL M. | 6147 | $2,345.85 | $187.67 | $0.00 | $0.00 | $187.67 | $0.00 | $0.00 | $187.67 |
| ESCUDERO DE JESUS, RAMON | 7252 | $45,577.09 | $3,646.17 | $15,803.55 | $1,201.51 | $20,651.23 | $3,236.31 | $60.41 | $23,947.95 |
| ESTREMERA PLAZA, FRANCISCO | 7505 | $14,176.66 | $1,134.13 | | $0.00 | $1,134.13 | | $0.00 | $1,134.13 |
| FALCON ROSA, ROSANELL | 4214 | $25,382.61 | $2,030.61 | $11,288.25 | $858.22 | $14,177.08 | $2,311.65 | $43.15 | $16,531.88 |
| FELICIANO ADORNO,PEDRO L. | 0301 | $28,714.96 | $2,297.20 | $0.00 | $0.00 | $2,297.20 | $0.00 | $0.00 | $2,297.20 |
| FELICIANO FIGUEROA, JOSE A. | 7345 | $11,699.96 | $936.00 | $7,525.50 | $572.15 | $9,033.64 | $1,541.10 | $28.77 | $10,603.51 |
| FELICIANO ORTEGA, PEDRO A. | 9536 | $9,090.99 | $727.28 | $3,762.75 | $286.07 | $4,776.10 | $770.55 | $14.38 | $5,561.04 |
| FERNANDEZ REYES, WILFREDO | 8263 | $29,190.94 | $2,335.28 | $7,525.50 | $572.15 | $10,432.92 | $1,541.10 | $28.77 | $12,002.79 |
| FERRER HERNANDEZ, JOSE M. | 3187 | $8,091.42 | $647.31 | $0.00 | $0.00 | $647.31 | $0.00 | $0.00 | $647.31 |
| FIGUEROA ALVAREZ, MIGUEL E. | 4459 | $2,947.94 | $235.84 | $0.00 | $0.00 | $235.84 | $0.00 | $0.00 | $235.84 |
| FIGUEROA COLON, FILIBERTO | 1772 | $23,639.72 | $1,891.18 | | $0.00 | $1,891.18 | | $0.00 | $1,891.18 |
| FIGUEROA CRUZ WILFREDO | 6851 | $14,765.20 | $1,181.22 | | $0.00 | $1,181.22 | | $0.00 | $1,181.22 |

**Juan Perez Colon v. Departamento de Transportacion y Obras Publicas (DTOP)**

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| FIGUEROA MARRERO, CATALINO | 5181 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| FLORES HERNANDEZ GILBERTO | 4028 | $8,780.89 | $702.47 | $0.00 | $0.00 | $702.47 | $0.00 | $0.00 | $702.47 |
| FONCECA MULERO, JOSE | 7249 | $19,114.69 | $1,529.18 | $0.00 | $0.00 | $1,529.18 | $0.00 | $0.00 | $1,529.18 |
| FORTY DIAZ, ANTONIO | 5258 | $1,801.20 | $144.10 | $0.00 | $0.00 | $144.10 | $0.00 | $0.00 | $144.10 |
| GALLEGO QUIÑONES, PEDRO J. | 8141 | $14,776.85 | $1,182.15 | $7,525.50 | $572.15 | $9,279.80 | $1,541.10 | $28.77 | $10,849.66 |
| GARCIAS COTTO, ISIDRO | 7286 | $14,803.41 | $1,184.27 | $0.00 | $0.00 | $1,184.27 | $0.00 | $0.00 | $1,184.27 |
| GARCIAS MORALES LUIS | 1182 | $2,667.18 | $213.37 | $0.00 | $0.00 | $213.37 | $0.00 | $0.00 | $213.37 |
| GARCIAS VELEZ FREDDIE | 7552 | $31,307.80 | $2,504.62 | $0.00 | $0.00 | $2,504.62 | $0.00 | $0.00 | $2,504.62 |
| GARCIAS VIERA, MARIA M. | 6769 | $54,801.50 | $4,384.12 | | $0.00 | $4,384.12 | | $0.00 | $4,384.12 |
| GEIGEL ANDINO, MARIA V. | 1739 | $60,791.16 | $4,863.29 | $33,864.75 | $2,574.66 | $41,302.70 | $5,934.95 | $110.79 | $47,348.44 |
| GEIGEL PEREZ, LUIS G. | 5469 | $2,091.25 | $167.30 | $0.00 | $0.00 | $167.30 | $0.00 | $0.00 | $167.30 |
| GINORIO RIVERA, JOSE | 3046 | $24,327.92 | $1,946.23 | $0.00 | $0.00 | $1,946.23 | $0.00 | $0.00 | $1,946.23 |
| GIRONA ESCRIBANO,PABLO | 2279 | $19,753.99 | $1,580.32 | $7,525.50 | $572.15 | $9,677.97 | $1,541.10 | $28.77 | $11,247.83 |
| GOMEZ COLON ARCADIO | 5365 | $1,587.92 | $127.03 | $0.00 | $0.00 | $127.03 | $0.00 | $0.00 | $127.03 |
| GONZALEZ ANDUJAR, ARMANDO | 9624 | $43,362.30 | $3,468.98 | $16,932.38 | $1,287.33 | $21,688.70 | $3,467.48 | $64.73 | $25,220.90 |
| GONZALEZ CADIZ, RAFAEL | 3179 | $18,829.56 | $1,506.36 | $7,525.50 | $572.15 | $9,604.01 | $1,541.10 | $28.77 | $11,173.88 |
| GONZALEZ DIAZ, LEONARDO | 6948 | -$895.08 | -$71.61 | | $0.00 | -$71.61 | | $0.00 | -$71.61 |
| GONZALEZ FUENTES, VICTOR | 3819 | $44,610.44 | $3,568.84 | | $0.00 | $3,568.84 | | $0.00 | $3,568.84 |
| GONZALEZ GONZALEZ, BASILIO | 8223 | $1,190.50 | $95.24 | $0.00 | $0.00 | $95.24 | $0.00 | $0.00 | $95.24 |
| GONZALEZ MOLINA, CIPRIAN | 3517 | $25,790.00 | $2,063.20 | $7,525.50 | $572.15 | $10,160.85 | $1,541.10 | $28.77 | $11,730.71 |
| GORDILS MADERA, HECTOR | 4912 | $19,095.17 | $1,527.61 | $0.00 | $0.00 | $1,527.61 | $0.00 | $0.00 | $1,527.61 |
| GRAU ARCE, MIGUEL A. | 4206 | $20,434.26 | $1,634.74 | | $0.00 | $1,634.74 | | $0.00 | $1,634.74 |
| GUZMAN ALBERT, RAMON | 8417 | $21,816.42 | $1,745.31 | | $0.00 | $1,745.31 | | $0.00 | $1,745.31 |
| GUZMAN RIVERA, NILDA S. | 7898 | $51,233.85 | $4,098.71 | | $0.00 | $4,098.71 | | $0.00 | $4,098.71 |
| HEREDIA BONILLA, MARIA W. | 9456 | $22,648.60 | $1,811.89 | $10,535.70 | $801.01 | $13,148.59 | $2,157.54 | $40.27 | $15,346.41 |
| HERNANDEZ LOPEZ, ANA L. | 9348 | $42,419.73 | $3,393.58 | $0.00 | $0.00 | $3,393.58 | $0.00 | $0.00 | $3,393.58 |
| HERRERA CORTEZ,  JUAN R. | 9618 | $1,953.40 | $156.27 | $0.00 | $0.00 | $156.27 | $0.00 | $0.00 | $156.27 |
| HERRERA MILLAN, JOSE D. | 6196 | $15,340.26 | $1,227.22 | $5,267.85 | $400.50 | $6,895.57 | $1,078.77 | $20.14 | $7,994.48 |
| HUERTAS BURGOS, GREGORIO | 9200 | $9,542.49 | $763.40 | $3,762.75 | $286.07 | $4,812.22 | $770.55 | $14.38 | $5,597.16 |
| HUERTAS BURGOS, TOMAS | 4331 | -$1,214.69 | -$97.18 | | $0.00 | -$97.18 | | $0.00 | -$97.18 |
| JIMENEZ ENRIQUEZ, FERNANDO | 5593 | $55,770.98 | $4,461.68 | $22,576.50 | $1,716.44 | $28,754.62 | $4,623.30 | $86.30 | $33,464.22 |
| KUILAN NIEVES, EVARISTO | 3151 | $626.64 | $50.13 | $0.00 | $0.00 | $50.13 | $0.00 | $0.00 | $50.13 |
| LABOY MORALES,JUSTINIANO | 4428 | $15,457.56 | $1,236.60 | | $0.00 | $1,236.60 | | $0.00 | $1,236.60 |
| LIND SANTIAGO, LUIS F. | 8475 | $49,710.52 | $3,976.84 | $0.00 | $0.00 | $3,976.84 | $0.00 | $0.00 | $3,976.84 |

**Juan Perez Colon v. Departamento de Transportacion y Obras Publicas (DTOP)**

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| LOPEZ FUENTES, GILBERTO | 9585 | $35,787.21 | $2,862.98 | | $0.00 | $2,862.98 | | $0.00 | $2,862.98 |
| LOPEZ LEBRON, NECTOR | 5603 | $3,893.26 | $311.46 | $0.00 | $0.00 | $311.46 | $0.00 | $0.00 | $311.46 |
| LOPEZ LOPEZ FELIX | 0223 | $33,902.77 | $2,712.22 | $0.00 | $0.00 | $2,712.22 | $0.00 | $0.00 | $2,712.22 |
| LOPEZ SANCHEZ, JUAN R. | 9590 | $22,753.21 | $1,820.26 | $0.00 | $0.00 | $1,820.26 | $0.00 | $0.00 | $1,820.26 |
| LOPEZ SANCHEZ ,PEDRO J. | 0519 | $6,445.07 | $515.61 | $0.00 | $0.00 | $515.61 | $0.00 | $0.00 | $515.61 |
| LOZADA PAGAN, JOSE R. | 1038 | $52,556.01 | $4,204.48 | $0.00 | $0.00 | $4,204.48 | $0.00 | $0.00 | $4,204.48 |
| LOZADA RIVERA, ROBERTO | 8051 | $6,173.53 | $493.88 | $0.00 | $0.00 | $493.88 | $0.00 | $0.00 | $493.88 |
| MAISONET NEVAREZ, WILLIAM | 4792 | $61,576.94 | $4,926.16 | $22,576.50 | $1,716.44 | $29,219.10 | $4,623.30 | $86.30 | $33,928.70 |
| MARCANO RIVERA, SANTOS | 1871 | $37,037.58 | $2,963.01 | $15,803.55 | $1,201.51 | $19,968.07 | $3,236.31 | $60.41 | $23,264.70 |
| MARIN CRUZ ,FRANCISCO | 8362 | $41,635.61 | $3,330.85 | $7,525.50 | $572.15 | $11,428.50 | $1,541.10 | $28.77 | $12,998.36 |
| MARIN DAVILA, JOSE | 7351 | $26,671.14 | $2,133.69 | $0.00 | $0.00 | $2,133.69 | $0.00 | $0.00 | $2,133.69 |
| MARIN QUINTANA, JOSE R. | 5507 | $27,491.34 | $2,199.31 | $7,525.50 | $572.15 | $10,296.95 | $1,541.10 | $28.77 | $11,866.82 |
| MARQUEZ CHODRES, NEREIDA | 0762 | $10,137.35 | $810.99 | $0.00 | $0.00 | $810.99 | $0.00 | $0.00 | $810.99 |
| MARQUEZ  MARQUEZ, JOSE A. | 1795 | $34,548.84 | $2,763.91 | $11,288.25 | $858.22 | $14,910.38 | $2,311.65 | $43.15 | $17,265.18 |
| MARRERO MORALES, LUIS A. | 2191 | $29,113.92 | $2,329.11 | | $0.00 | $2,329.11 | | $0.00 | $2,329.11 |
| MARTINEZ COTTO, ANGEL L. | 3262 | $322.05 | $25.76 | $0.00 | $0.00 | $25.76 | $0.00 | $0.00 | $25.76 |
| MARTINEZ GUZMAN, GUILLERMO | 7701 | $42,492.57 | $3,399.41 | | $0.00 | $3,399.41 | | $0.00 | $3,399.41 |
| MARTINEZ MAISONET, JUAN | 7941 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| MARTINEZ NEGRON, VICTOR M. | 8418 | $13,071.14 | $1,045.69 | | $0.00 | $1,045.69 | | $0.00 | $1,045.69 |
| MARTINEZ PANETO, FRANCISCO | 1903 | $7,864.65 | $629.17 | $3,762.75 | $286.07 | $4,678.00 | $770.55 | $14.38 | $5,462.93 |
| MARTINEZ RIVERA, ANTONIO | 6559 | $3,660.60 | $292.85 | $0.00 | $0.00 | $292.85 | $0.00 | $0.00 | $292.85 |
| MARTINEZ RIVERA PAULA | 7195 | $426.79 | $34.14 | $0.00 | $0.00 | $34.14 | $0.00 | $0.00 | $34.14 |
| MARTINEZ TORRES AGUSTIN | 2482 | $1,411.67 | $112.93 | $0.00 | $0.00 | $112.93 | $0.00 | $0.00 | $112.93 |
| MARTIR RODRIGUEZ, MANUEL A. | 3076 | $4,893.00 | $391.44 | $0.00 | $0.00 | $391.44 | $0.00 | $0.00 | $391.44 |
| MATOS ARROYO, JUAN R. | 0438 | $40,848.53 | $3,267.88 | $18,813.25 | $1,430.33 | $23,511.46 | $3,852.75 | $71.92 | $27,436.13 |
| MEDINA TORRES MARCELINO | 6363 | $36,374.10 | $2,909.93 | $15,603.55 | $1,186.30 | $19,699.78 | $3,236.31 | $60.41 | $22,996.50 |
| MELECIO HERNANDEZ, IRVING | 6187 | $626.51 | $50.12 | $0.00 | $0.00 | $50.12 | $0.00 | $0.00 | $50.12 |
| MELENDE FONSECA, ANTONIO | 0191 | $21,373.93 | $1,709.91 | $15,051.00 | $1,144.29 | $17,905.21 | $3,082.20 | $57.53 | $21,044.94 |
| MELENDEZ GONZALEZ, ANGEL L. | 5229 | $2,437.64 | $195.01 | $0.00 | $0.00 | $195.01 | $0.00 | $0.00 | $195.01 |
| MELENDEZ MELENDEZ, JOSE L. | 3001 | $39,432.47 | $3,154.60 | $11,288.25 | $858.22 | $15,301.07 | $2,344.65 | $43.77 | $17,689.48 |
| MELENDEZ RIVERA, MIGUEL | 7254 | $42,245.87 | $3,379.67 | $21,071.40 | $1,602.01 | $26,053.08 | $4,315.08 | $80.55 | $30,448.71 |
| MELENDEZ SANTIAGO, ORLANDO | 3907 | $40,002.08 | $3,200.17 | $10,535.70 | $801.01 | $14,536.87 | $2,157.54 | $40.27 | $16,734.69 |
| MELENDEZ DE PABON, NORMA E. | 1215 | $15,942.12 | $1,275.37 | $0.00 | $0.00 | $1,275.37 | $0.00 | $0.00 | $1,275.37 |
| MERCADO PIZARRO, QUINTIN | 3415 | $1,460.91 | $116.87 | $0.00 | $0.00 | $116.87 | $0.00 | $0.00 | $116.87 |

## Juan Perez Colon v. Departamento de Transportacion y Obras Publicas (DTOP)

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| MERCADO RIVERA, FRANCISCO | 0158 | $68,873.41 | $5,509.87 | $26,339.25 | $2,002.51 | $33,851.64 | $5,393.85 | $100.69 | $39,346.17 |
| MERCED LOPEZ, JOSE E. | 6081 | $23,900.28 | $1,912.02 | $11,288.25 | $858.22 | $14,058.49 | $2,311.65 | $43.15 | $16,413.29 |
| MILLAN CRUZ, JAVIER | 1775 | $48,291.94 | $3,863.36 | $6,772.95 | $514.93 | $11,151.24 | $1,386.99 | $25.89 | $12,564.12 |
| MARTE BONILLA, RICARDO | 4461 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| MONTES MELENDEZ, MIGUEL | 2687 | $35,360.39 | $2,828.83 | $0.00 | $0.00 | $2,828.83 | $0.00 | $0.00 | $2,828.83 |
| MONTES PAGAN, PEDRO | 2638 | $29,704.26 | $2,376.34 | $15,051.00 | $1,144.29 | $18,571.63 | $3,082.20 | $57.53 | $21,711.37 |
| MORALES CALDERON, LEOCADIO | 0359 | $9,952.12 | $796.17 | $0.00 | $0.00 | $796.17 | $0.00 | $0.00 | $796.17 |
| MORALES COLON EDGARDO | 6488 | $12,520.05 | $1,001.60 | $0.00 | $0.00 | $1,001.60 | $0.00 | $0.00 | $1,001.60 |
| MORALES FONTANEZ, CRISTINO | 8298 | $8,121.18 | $649.69 | $0.00 | $0.00 | $649.69 | $0.00 | $0.00 | $649.69 |
| MORALES MALDONADO, LUIS | 8139 | $2,219.95 | $177.60 | $0.00 | $0.00 | $177.60 | $0.00 | $0.00 | $177.60 |
| MORALES MORENO, JULIO C. | 5010 | $377.50 | $30.20 | $0.00 | $0.00 | $30.20 | $0.00 | $0.00 | $30.20 |
| MORALES TORRES, MANUEL | 3046 | $631.17 | $50.49 | $0.00 | $0.00 | $50.49 | $0.00 | $0.00 | $50.49 |
| MORENO COTTO, JUSTINIANO | 8602 | $1,448.21 | $115.86 | $0.00 | $0.00 | $115.86 | $0.00 | $0.00 | $115.86 |
| NATAL RUIZ, LUIS A. | 2228 | $15,110.49 | $1,208.84 | $0.00 | $0.00 | $1,208.84 | $0.00 | $0.00 | $1,208.84 |
| NIEVES MELENDEZ, MARISOL | 3143 | $26,214.35 | $2,097.15 | $15,051.00 | $1,144.29 | $18,292.44 | $3,082.20 | $57.53 | $21,432.18 |
| NIEVES RIVERA, RAFAEL | 4795 | $15,518.53 | $1,241.48 | $7,525.50 | $572.15 | $9,339.13 | $1,541.10 | $28.77 | $10,909.00 |
| NIEVEZ ROMAN, GILBERTO | 6110 | $8,780.89 | $702.47 | $0.00 | $0.00 | $702.47 | $0.00 | $0.00 | $702.47 |
| OCASIO SANTIAGO, LINNETTE | 9569 | $19,054.17 | $1,524.33 | $0.00 | $0.00 | $1,524.33 | $0.00 | $0.00 | $1,524.33 |
| OLMEDA RIVERA, HERIBERTO | 2165 | $24,241.55 | $1,939.32 | | $0.00 | $1,939.32 | | $0.00 | $1,939.32 |
| OQUENDO MATIAS JULIO | 4846 | $13,328.67 | $1,066.29 | $0.00 | $0.00 | $1,066.29 | $0.00 | $0.00 | $1,066.29 |
| ORTIZ ALBELO JUAN H. | 9042 | $19,065.27 | $1,525.22 | $0.00 | $0.00 | $1,525.22 | $0.00 | $0.00 | $1,525.22 |
| ORTIZ DE JESUS, AIDA | 5141 | $63,613.97 | $5,089.12 | $21,471.40 | $1,632.42 | $28,192.94 | $4,315.08 | $80.55 | $32,588.57 |
| ORTIZ DIAZ, CASTULA | 7519 | $14,829.33 | $1,186.35 | $0.00 | $0.00 | $1,186.35 | $0.00 | $0.00 | $1,186.35 |
| ORTIZ HERNANDEZ, FRANCISCO | 9123 | $30,645.69 | $2,451.66 | $17,288.25 | $1,314.39 | $21,054.29 | $2,311.65 | $43.15 | $23,409.09 |
| ORTIZ HERNANDEZ, WILFREDO | 5886 | $4,686.26 | $374.90 | $0.00 | $0.00 | $374.90 | $0.00 | $0.00 | $374.90 |
| ORTIZ LANZO, DANIEL | 8330 | $10,644.00 | $851.52 | | $0.00 | $851.52 | | $0.00 | $851.52 |
| ORTIZ LANZO, EZEQUIEL | 0972 | $20,694.56 | $1,655.56 | $7,525.50 | $572.15 | $9,753.21 | $1,541.10 | $28.77 | $11,323.08 |
| ORTIZ ORTIZ, OSCAR | 2381 | $22,394.84 | $1,791.59 | $11,288.25 | $858.22 | $13,938.06 | $2,311.65 | $43.15 | $16,292.86 |
| ORTIZ OSORIO, EMILIO | 3375 | $3,218.43 | $257.47 | $0.00 | $0.00 | $257.47 | $0.00 | $0.00 | $257.47 |
| ORTIZ RIVERA, ANGEL | 1313 | $19,766.08 | $1,581.29 | $0.00 | $0.00 | $1,581.29 | $0.00 | $0.00 | $1,581.29 |
| ORTIZ VIERA, JOSE R. | | $18,580.54 | $1,486.44 | $0.00 | $0.00 | $1,486.44 | $0.00 | $0.00 | $1,486.44 |
| OSORIO FUENTES, JOSE | 8553 | $11,205.03 | $896.40 | $0.00 | $0.00 | $896.40 | $0.00 | $0.00 | $896.40 |
| OSORIO PIZARRO, JOSE M. | 9981 | $13,046.45 | $1,043.72 | $0.00 | $0.00 | $1,043.72 | $0.00 | $0.00 | $1,043.72 |
| OYOLA RIVERA, OSCAR | 5818 | $7,303.05 | $584.24 | $0.00 | $0.00 | $584.24 | $0.00 | $0.00 | $584.24 |

**Juan Perez Colon v. Departamento de Transportacion y Obras Publicas (DTOP)**

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| PAGAN QUIÑONES, CRISTINO | 4080 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| PAGAN RIVERA, NEREIDA | 0815 | $10,081.79 | $806.54 | $0.00 | $0.00 | $806.54 | $0.00 | $0.00 | $806.54 |
| PANIZO VALDERRAMA, JOSE A. | 7733 | $45,609.60 | $3,648.77 | $15,051.00 | $1,144.29 | $19,844.06 | $3,082.20 | $57.53 | $22,983.80 |
| PARRILLA FUENTES, JUAN | 0239 | $31,660.08 | $2,532.81 | $11,288.25 | $858.22 | $14,679.28 | $2,311.65 | $43.15 | $17,034.08 |
| PERDOMO ORTIZ, MIGUEL | 9536 | $45,883.43 | $3,670.67 | $7,525.50 | $572.15 | $11,768.32 | $1,541.10 | $28.77 | $13,338.19 |
| PEREIRA MORALES, WILLIAM | 0660 | $29,908.31 | $2,392.66 | $0.00 | $0.00 | $2,392.66 | $0.00 | $0.00 | $2,392.66 |
| PEREZ BORIA, LAURA E. | 3717 | $30,843.82 | $2,467.51 | $8,278.05 | $629.36 | $11,374.92 | $1,695.21 | $31.64 | $13,101.77 |
| PEREZ COLON, JUAN | 2463 | $16,083.94 | $1,286.72 | $0.00 | $0.00 | $1,286.72 | $0.00 | $0.00 | $1,286.72 |
| PEREZ DIAZ, WILFREDO | 1942 | $9,738.06 | $779.04 | $0.00 | $0.00 | $779.04 | $0.00 | $0.00 | $779.04 |
| PEREZ LUCIANO, LUIS | 0227 | $15,326.11 | $1,226.09 | $0.00 | $0.00 | $1,226.09 | $0.00 | $0.00 | $1,226.09 |
| PEREZ RIVERA ANTONIO | 3030 | $36,484.05 | $2,918.72 | $15,803.55 | $1,201.51 | $19,923.78 | $3,236.31 | $60.41 | $23,220.50 |
| PIZARRO DAVILA, JOSE S. | 3594 | $19,623.77 | $1,569.90 | $0.00 | $0.00 | $1,569.90 | $0.00 | $0.00 | $1,569.90 |
| PIZARRO FUENTES, ATILANO | 8913 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| QUILES GONZALEZ, JOSUE | 2194 | -$79.83 | -$6.39 | | $0.00 | -$6.39 | | $0.00 | -$6.39 |
| QUIÑONES BONILL,A MARITZA | 6435 | $3,700.66 | $296.05 | | $0.00 | $296.05 | | $0.00 | $296.05 |
| QUIÑONES GONZALEZ, PASCUAL | 7614 | $31,660.08 | $2,532.81 | $11,288.25 | $858.22 | $14,679.28 | $2,311.65 | $43.15 | $17,034.08 |
| QUIÑONES ORTIZ, LUIS | 8489 | $38,728.11 | $3,098.25 | | $0.00 | $3,098.25 | | $0.00 | $3,098.25 |
| RAMIREZ RODRIGUEZ, TOMAS | 3903 | $13,578.42 | $1,086.27 | $0.00 | $0.00 | $1,086.27 | $0.00 | $0.00 | $1,086.27 |
| RAMOS NAVARRO, ERASMO | 5039 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| RAMOS OLMEDA, LUIS E,. | 7483 | $13,065.99 | $1,045.28 | $0.00 | $0.00 | $1,045.28 | $0.00 | $0.00 | $1,045.28 |
| RAMOS TORRES, RAUL | 6177 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| RANCEL OCASIO, LUIS F. | 1425 | $15,383.38 | $1,230.67 | $0.00 | $0.00 | $1,230.67 | $0.00 | $0.00 | $1,230.67 |
| REYES CAMACHO, ENRIQUE | 6039 | $5,172.06 | $413.76 | $3,762.75 | $286.07 | $4,462.59 | $770.55 | $14.38 | $5,247.52 |
| REYES SIERRA, JULIO E. | 8939 | $43,158.85 | $3,452.71 | $15,051.00 | $1,144.29 | $19,648.00 | $3,082.20 | $57.53 | $22,787.74 |
| RICHARD PEREZ, JOSE L. | 0459 | $16,295.62 | $1,303.65 | $3,762.75 | $286.07 | $5,352.47 | $770.55 | $14.38 | $6,137.41 |
| RIVERA CLEMENTE, FELIX | 6753 | $10,588.54 | $847.08 | $5,644.13 | $429.11 | $6,920.32 | $1,155.83 | $21.58 | $8,097.73 |
| RIVERA COLON, AHEN | O860 | $29,654.65 | $2,372.37 | $0.00 | $0.00 | $2,372.37 | $0.00 | $0.00 | $2,372.37 |
| RIVERA COLON, JAVIER | 8254 | $146.69 | $11.74 | $0.00 | $0.00 | $11.74 | $0.00 | $0.00 | $11.74 |
| RIVERA CRUZ, ZORAIDA | 2882 | $46,720.35 | $3,737.63 | $21,071.40 | $1,602.01 | $26,411.04 | $4,315.08 | $80.55 | $30,806.67 |
| RIVERA ENCHAUTEGUI, MAXIMILIAN | O860 | $20,247.07 | $1,619.77 | | $0.00 | $1,619.77 | | $0.00 | $1,619.77 |
| RIVERA MARTINEZ, ANDELECIO | 6677 | $15,791.43 | $1,263.31 | $0.00 | $0.00 | $1,263.31 | $0.00 | $0.00 | $1,263.31 |
| RIVERA MELENDEZ, PERFECTO | 3122 | $3,892.64 | $311.41 | $0.00 | $0.00 | $311.41 | $0.00 | $0.00 | $311.41 |
| RIVERA MORALES MARIA T. | 2205 | $7,688.87 | $615.11 | $0.00 | $0.00 | $615.11 | $0.00 | $0.00 | $615.11 |
| RIVERA OQUENDO, RAFAEL | 8655 | $4,512.55 | $361.00 | $0.00 | $0.00 | $361.00 | $0.00 | $0.00 | $361.00 |

### Juan Perez Colon v. Departamento de Transportacion y Obras Publicas (DTOP)

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| RIVERA RIOS, RAFAEL | 2270 | $52,355.79 | $4,188.46 | $15,051.00 | $1,144.29 | $20,383.76 | $3,082.20 | $57.53 | $23,523.49 |
| RIVERA RIVERA, LUIS A. | 9004 | $13,762.74 | $1,101.02 | $4,515.30 | $343.29 | $5,959.61 | $924.66 | $17.26 | $6,901.53 |
| RIVERA SOTO, HECTOR L. | 9095 | $385.54 | $30.84 | $0.00 | $0.00 | $30.84 | $0.00 | $0.00 | $30.84 |
| RIVERA TORRES, NELSON | 9690 | $10,009.29 | $800.74 | $4,515.30 | $343.29 | $5,659.33 | $924.66 | $17.26 | $6,601.25 |
| RIVERA VEGA, JOSE A. | O968 | $1,929.44 | $154.36 | $0.00 | $0.00 | $154.36 | $0.00 | $0.00 | $154.36 |
| ROBLES OTERO, LUIS | 1949 | $17,478.57 | $1,398.29 | $7,525.50 | $572.15 | $9,495.93 | $1,541.10 | $28.77 | $11,065.80 |
| RODRIGUEZ COLON, FRANCISCO | 7722 | $19,784.84 | $1,582.79 | $0.00 | $0.00 | $1,582.79 | $0.00 | $0.00 | $1,582.79 |
| RODRIGUEZ CONCEPCION, ANDRES | 9313 | $72,484.82 | $5,798.79 | $22,576.50 | $1,716.44 | $30,091.73 | $4,623.30 | $86.30 | $34,801.33 |
| RODRIGUEZ CORDERO, RAMON R. | 4365 | $35,360.83 | $2,828.87 | $11,288.25 | $858.22 | $14,975.34 | $2,311.65 | $43.15 | $17,330.14 |
| RODRIGUEZ COTTO, HECTOR R. | O766 | $2,546.07 | $203.69 | $0.00 | $0.00 | $203.69 | $0.00 | $0.00 | $203.69 |
| RODRIGUEZ MAISONET, FELIX | 5842 | $11,171.90 | $893.75 | $7,525.50 | $572.15 | $8,991.40 | $1,541.10 | $28.77 | $10,561.27 |
| RODRIGUEZ MARTINEZ, ERNESTO | 1622 | $13,898.09 | $1,111.85 | $0.00 | $0.00 | $1,111.85 | $0.00 | $0.00 | $1,111.85 |
| RODRIGUEZ MELENDEZ, PEDRO L. | 5729 | $22,800.73 | $1,824.06 | $0.00 | $0.00 | $1,824.06 | $0.00 | $0.00 | $1,824.06 |
| RODRIGUEZ ORTIZ, JOSE  R. | 4519 | $60,627.61 | $4,850.21 | $22,576.50 | $1,716.44 | $29,143.15 | $4,623.30 | $86.30 | $33,852.75 |
| RODRIGUEZ ORTIZ, LUIS E. | 6240 | $20,745.29 | $1,659.62 | $0.00 | $0.00 | $1,659.62 | $0.00 | $0.00 | $1,659.62 |
| RODRIGUEZ PAGAN, ALEJANDRINO | 4059 | $33,874.03 | $2,709.92 | $11,288.25 | $858.22 | $14,856.39 | $2,311.65 | $43.15 | $17,211.19 |
| RODRIGUEZ REYES, ORLANDO | 7725 | $46,034.18 | $3,682.73 | $15,051.00 | $1,144.29 | $19,878.03 | $3,082.20 | $57.53 | $23,017.76 |
| RODRIGUEZ RIVERA, JOSE M. | 9416 | -$481.44 | -$38.52 | $0.00 | -$38.52 | $0.00 | -$38.52 |
| ROLDAN OQUENDO, ERASMO | 3658 | $48,057.98 | $3,844.64 | $0.00 | $0.00 | $3,844.64 | $0.00 | $0.00 | $3,844.64 |
| ROLON ALICEA, NOEL | 9738 | $928.64 | $74.29 | $0.00 | $0.00 | $74.29 | $0.00 | $0.00 | $74.29 |
| ROMAN VIZCARRONDO, CARLOS R. | 3563 | $19,676.87 | $1,574.15 | $11,288.25 | $858.22 | $13,720.62 | $2,311.65 | $43.15 | $16,075.42 |
| ROSADO CARO,RUPERTO | 3251 | $9,859.31 | $788.74 | $0.00 | $0.00 | $788.74 | $0.00 | $0.00 | $788.74 |
| ROSARIO RIVERA, ESTEBAN | 6953 | $46,288.04 | $3,703.04 | $0.00 | $0.00 | $3,703.04 | $0.00 | $0.00 | $3,703.04 |
| ROSARIO RIVERA, JESUS M. | 8963 | $7,623.43 | $609.87 | $0.00 | $0.00 | $609.87 | $0.00 | $0.00 | $609.87 |
| RUIZ MELENDEZ ABRAHAM | 3704 | $18,146.38 | $1,451.71 | $0.00 | $0.00 | $1,451.71 | $0.00 | $0.00 | $1,451.71 |
| RUIZ MELENDEZ, RAFAEL | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| RUIZ MORALES, ROBERTO | 6287 | $9,852.22 | $788.18 | $0.00 | $0.00 | $788.18 | $0.00 | $0.00 | $788.18 |
| RUIZ REYES,  WILLIAM | 5376 | $16,735.63 | $1,338.85 | $0.00 | $0.00 | $1,338.85 | $0.00 | $0.00 | $1,338.85 |
| RUIZ ROSARIO OWEN A. | 5103 | $39,433.09 | $3,154.65 | $7,676.01 | $583.59 | $11,414.25 | $1,571.92 | $29.34 | $13,015.51 |
| RUPERTO RIVERA, LUIS E. | 1510 | $30,793.74 | $2,463.50 | $0.00 | $0.00 | $2,463.50 | $0.00 | $0.00 | $2,463.50 |
| SANCHEZ DIAZ, SIMEON | 1486 | $17,467.96 | $1,397.44 | $0.00 | $0.00 | $1,397.44 | $0.00 | $0.00 | $1,397.44 |
| SANCHEZ MERCADO, JOSE A. | 2728 | $56,886.42 | $4,550.91 | $18,813.75 | $1,430.37 | $24,795.03 | $3,852.76 | $71.92 | $28,719.71 |
| SANCHEZ RODRIGUEZ, HECTOR R. | 4648 | $38,252.68 | $3,060.21 | $11,288.25 | $858.22 | $15,206.68 | $2,311.65 | $43.15 | $17,561.49 |
| SANCHEZ SAEZ, JUAN  B. | 5467 | $14,503.67 | $1,160.29 | $0.00 | $0.00 | $1,160.29 | $0.00 | $0.00 | $1,160.29 |

### Juan Perez Colon v. Departamento de Transportacion y Obras Publicas (DTOP)

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| SANTANA GARCIA, ALBERTO | 6206 | $55,386.98 | $4,430.96 | $22,576.50 | $1,716.44 | $28,723.90 | $4,623.30 | $86.30 | $33,433.50 |
| SANTANA MEDINA, JORGE | 7904 | $22,046.70 | $1,763.74 | $10,535.70 | $801.01 | $13,100.44 | $2,157.54 | $40.27 | $15,298.26 |
| SANTIAGO ORTEGA, ARTURO | 2968 | $11,615.79 | $929.26 | | $0.00 | $929.26 | | $0.00 | $929.26 |
| SANTIAGO QUIÑONES, MARCOS A. | 9217 | $11,515.74 | $921.26 | $0.00 | $0.00 | $921.26 | $0.00 | $0.00 | $921.26 |
| SANTIAGO RIVERA, ANGEL F. | 5423 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| SANTIAGO RODRIGUEZ, JOSE L | 8561 | $13,967.20 | $1,117.38 | $0.00 | $0.00 | $1,117.38 | $0.00 | $0.00 | $1,117.38 |
| SANTIAGO SOTO, CARMEN S. | 4486 | $27,746.74 | $2,219.74 | $0.00 | $0.00 | $2,219.74 | $0.00 | $0.00 | $2,219.74 |
| SANTOS CARDONA, ZORAIDA | 1033 | $3,050.65 | $244.05 | $0.00 | $0.00 | $244.05 | $0.00 | $0.00 | $244.05 |
| SANTOS MARTINEZ. ELIAS | 7015 | $5,241.08 | $419.29 | $0.00 | $0.00 | $419.29 | $0.00 | $0.00 | $419.29 |
| SANTOS VAZQUEZ, PEDRO | 4797 | $11,263.16 | $901.05 | $0.00 | $0.00 | $901.05 | $0.00 | $0.00 | $901.05 |
| SERRALLES SANTIAGO, GILBERTO | 3109 | $60,652.83 | $4,852.23 | $18,812.75 | $1,430.29 | $25,095.27 | $3,852.75 | $71.92 | $29,019.94 |
| SERRANO LOPEZ, LUIS | 9982 | $3,490.36 | $279.23 | $0.00 | $0.00 | $279.23 | $0.00 | $0.00 | $279.23 |
| SOTO RAMIREZ, OLGA M. | 2034 | $14,687.19 | $1,174.98 | $0.00 | $0.00 | $1,174.98 | $0.00 | $0.00 | $1,174.98 |
| SOTO RODRIGUEZ, CESAR | 6547 | $49,815.87 | $3,985.27 | $0.00 | $0.00 | $3,985.27 | $0.00 | $0.00 | $3,985.27 |
| TAPIA, MARIA ,TERESA | 6443 | $8,953.56 | $716.28 | $0.00 | $0.00 | $716.28 | $0.00 | $0.00 | $716.28 |
| TIRADO RIVERA, EUGENIO | 7830 | $30,267.43 | $2,421.39 | $15,051.00 | $1,144.29 | $18,616.69 | $3,082.20 | $57.53 | $21,756.42 |
| TORRES BONILLA ,ISMAEL | 6662 | $1,920.42 | $153.63 | $0.00 | $0.00 | $153.63 | $0.00 | $0.00 | $153.63 |
| TORRES BONILLA , MIGUEL A. | 5991 | $8,101.68 | $648.13 | $0.00 | $0.00 | $648.13 | $0.00 | $0.00 | $648.13 |
| TORO, SANTOS | O467 | $22,889.60 | $1,831.17 | $0.00 | $0.00 | $1,831.17 | $0.00 | $0.00 | $1,831.17 |
| VALDIVERSO SUAREZ, KERMITH J. | O554 | $13,296.97 | $1,063.76 | $7,525.50 | $572.15 | $9,161.40 | $1,541.10 | $28.77 | $10,731.27 |
| VALENTIN SOTO, PEDRO E. | 4513 | $10,795.90 | $863.67 | $0.00 | $0.00 | $863.67 | $0.00 | $0.00 | $863.67 |
| VAZQUEZ BURGOS, FELIX | 5022 | $26,286.25 | $2,102.90 | $7,525.50 | $572.15 | $10,200.55 | $1,541.10 | $28.77 | $11,770.41 |
| VAZQUEZ CORTES. LUIS | 9667 | $4,556.64 | $364.53 | $0.00 | $0.00 | $364.53 | $0.00 | $0.00 | $364.53 |
| VAZQUEZ MALDONADO, GLADYS | 5806 | $14,420.17 | $1,153.61 | $0.00 | $0.00 | $1,153.61 | $0.00 | $0.00 | $1,153.61 |
| VAZQUEZ ROSADO, LUIS F. | 7870 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| VAZQUEZ VELEZ EDIBERTO | 6645 | $13,578.42 | $1,086.27 | $0.00 | $0.00 | $1,086.27 | $0.00 | $0.00 | $1,086.27 |
| VEGA BAEZ, TOMAS | 4169 | $44,890.33 | $3,591.23 | $16,932.38 | $1,287.33 | $21,810.94 | $3,457.48 | $64.54 | $25,332.96 |
| VELAZQUEZ HERNANDEZ, EDWIN | 4600 | $30,038.79 | $2,403.10 | $15,051.00 | $1,144.29 | $18,598.40 | $3,082.20 | $57.53 | $21,738.13 |
| VELAZQUEZ VELAZQUEZ,AMERICO | 7569 | $37,457.67 | $2,996.61 | $4,891.58 | $371.90 | $8,260.09 | $1,001.72 | $18.70 | $9,280.51 |
| VELEZ AVILES, GILBERTO | 9672 | $21,823.35 | $1,745.87 | $0.00 | $0.00 | $1,745.87 | $0.00 | $0.00 | $1,745.87 |
| VELEZ DIAZ, ANGEL L. | 4611 | $30,802.98 | $2,464.24 | $0.00 | $0.00 | $2,464.24 | $0.00 | $0.00 | $2,464.24 |
| VELEZ RAMOS, DOMINGO | 7157 | $50,944.64 | $4,075.57 | $18,813.75 | $1,430.37 | $24,319.69 | $3,852.75 | $71.92 | $28,244.36 |
| VELEZ SANTANA, CARLOS | 9903 | $7,257.72 | $580.62 | $0.00 | $0.00 | $580.62 | $0.00 | $0.00 | $580.62 |
| VELEZ TORRES, CRUZ | 3382 | $18,694.01 | $1,495.52 | $0.00 | $0.00 | $1,495.52 | $0.00 | $0.00 | $1,495.52 |

### Juan Perez Colon v. Departamento de Transportacion y Obras Publicas (DTOP)

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| VERDEJO PIZARRO, RAUL | 6921 | $8,240.80 | $659.26 | $0.00 | $0.00 | $659.26 | $0.00 | $0.00 | $659.26 |
| VERGARA MONTY, LUIS E. | 4515 | $32,109.94 | $2,568.80 | $11,288.25 | $858.22 | $14,715.27 | $2,311.65 | $43.15 | $17,070.07 |
| VILLANUEVA HERNANDEZ, EUSEBIO | 5616 | $8,303.85 | $664.31 | $0.00 | $0.00 | $664.31 | $0.00 | $0.00 | $664.31 |
| VILLEGAS COLON, REYMONT | 2004 | $23,144.57 | $1,851.57 | $0.00 | $0.00 | $1,851.57 | $0.00 | $0.00 | $1,851.57 |
| YEAR SANTIAGO, LILLIAM | 8044 | $24,822.88 | $1,985.83 | $7,525.50 | $572.15 | $10,083.48 | $1,541.10 | $28.77 | $11,653.34 |

|  | $551,532.96 | $1,469,956.00 | $111,757.49 | $2,133,246.45 | $297,193.15 | $5,547.61 | $2,435,987.21 |
|---|---|---|---|---|---|---|---|



# Electronic Proof of Claim - 170328301181278

Adobe Sign Document History                    05/31/2018

| | |
|---|---|
| Created: | 05/31/2018 |
| By: | Puerto Rico Claims (prclaims@primeclerk.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAIB2g3PTIOxbHw-a05pDWrx0A0s-NkkpL |

# "Electronic Proof of Claim - 170328301181278" History

Widget created by Puerto Rico Claims (prclaims@primeclerk.com)
05/31/2018 - 11:08:13 AM EDT

/s/ Ivonne González-Morales (ivonnegm@prw.net) uploaded the following supporting documents:
Attachment
05/31/2018 - 11:17:11 AM EDT

Widget filled in by /s/ Ivonne González-Morales (ivonnegm@prw.net)
05/31/2018 - 11:17:11 AM EDT- IP address: 173.243.81.150

(User email address provided through API 170328301181278, User-Agent: Mozilla/5.0 (Macintosh; Intel Mac OS X 10_12_6) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/66.0.3359.181 Safari/537.36)
05/31/2018 - 11:17:15 AM EDT- IP address: 173.243.81.150

Signed document emailed to Puerto Rico Claims (prclaims@primeclerk.com) and /s/ Ivonne González-Morales (ivonnegm@prw.net)
05/31/2018 - 11:17:15 AM EDT