**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re: | |
| | PROMESA |
| THE FINANCIAL OVERSIGHT AND | Title III |
| MANAGEMENT BOARD FOR PUERTO RICO, | |
| | No. 17 BK 3283-LTS |
| as representative of | |
| | (Jointly Administered) |
| THE COMMONWEALTH OF PUERTO RICO, THE | |
| EMPLOYEES RETIREMENT SYSTEM OF THE | |
| GOVERNMENT OF THE COMMONWEALTH OF | |
| PUERTO RICO, AND THE PUERTO RICO PUBLIC | |
| BUILDINGS AUTHORITY, | |
| | |
| Debtors.[1] | |

**FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO'S (A) RESPONSE TO RETIREE COMMITTEE MOTION TO EXTEND VOTING DEADLINE, UCC JOINDER TO RETIREE COMMITTEE MOTION, AND MOTION OF INDIVIDUAL BONDHOLDER FOR AN ORDER EXTENDING THE VOTING DEADLINE FOR RETAIL INVESTORS, AND (B) CROSS-MOTION TO MODIFY CERTAIN DEADLINES IN SOLICITATION PROCEDURES ORDER AND CONFIRMATION PROCEDURES ORDER**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"),

as the sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth"),

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

the Puerto Rico Public Buildings Authority ("PBA"), and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the Commonwealth and PBA, the "Debtors"), pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submits this (a) response to (*i*) the *Motion of the Official Committee of Retired Employees to Extend the Voting Deadline for Holders of Claims in Classes 51B, 51D, 51E, 51F, and 51L* (the "Retiree Extension Motion"), filed by the Official Committee of Retired Employees (the "Retiree Committee"), (*ii*) the *Joinder of Official Committee of Unsecured Creditors with Respect to (I) Motion of the Official Committee of Retired Employees to Extend the Voting Deadline for Holders of Claims in Classes 51B, 51D, 51E, 51F, and 51L and (II) Urgent Motion of the Official Committee of Retired Employees of the Commonwealth of Puerto Rico for Expedited Consideration of Its Motion to Extend the Voting Deadline for Holders of Claims in Classes 51B, 51D, 51E, 51F, and 51L* (the "UCC Joinder"), filed by the Official Committee of Unsecured Creditors (the "UCC," and together with the Retiree Committee, the "Committees"), and (*iii*) *Notice of Hearing and Motion of Individual Bondholder for an Order Extending the Voting Deadline for Retail Investors* (the "Hein Extension Motion"), filed by Peter C. Hein ("Mr. Hein"), and (b) cross-motion for an order modifying certain deadlines set forth in the *Order (I) Approving Disclosure Statement, (II) Fixing Voting Record Date, (III) Approving Confirmation Hearing Notice and Confirmation Schedule, (IV) Approving Solicitation Packages and Distribution Procedures, (V) Approving Forms of Ballots, and Voting and Election Procedures, (VI) Approving Notice of Non-Voting Status, (VII) Fixing Voting, Election, and Confirmation Deadlines, and (VIII) Approving Vote Tabulation Procedures* (the "Solicitation Procedures Order") and the *Order Establishing Procedures and Deadlines Concerning Objections*

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

*to Confirmation and Discovery in Connection Therewith* (the "Confirmation Procedures Order").

In support of this Cross-Motion, the Oversight Board respectfully states as follows:

## PRELIMINARY STATEMENT

1.      As the Court is aware, the Oversight Board is requesting, and parties to numerous plan support agreements are supporting, confirmation of the Plan[3] for the Commonwealth, ERS and PBA. In accordance with the terms of the Solicitation Procedures Order, solicitation packages were distributed to creditors (or their nominees) eligible to vote to accept or reject the Plan on August 30, and voting is well underway. To date, hundreds of ballots have been submitted, mostly by employees (retired and active) and general unsecured claimholders, with additional ballots being submitted on a daily basis. Consistent with "nominee" voting practices, ballots with respect to publicly-traded instruments are likely to be returned near in time to the Voting Deadline.

2.      The Committees contend the solicitation process has been marred by postal service delays and, as a result, their constituencies' ability to cast votes on the Plan has been impaired. In support therefor, the Retiree Committee asserts that, based upon its "informal" survey, 150 out of 1,000 retirees have not received their solicitation packages. For that reason, the Retiree Committee requests a fourteen-day extension, from October 4, 2021, at 5:00 p.m. (Atlantic Time), to and including October 18, 2021, at 5:00 p.m. (Atlantic Time), of the deadline by which "retiree" ballots must be returned (the "Voting Deadline") for creditors in Classes[4] 51B, 51D, 51E, 51F, and 51L (the "Retiree Classes"). The UCC says "me too," and asks for a similar extension for Classes 54,

---

[3] "Plan" refers to the *Seventh Amended Title III Joint Plan of Adjustment for the Commonwealth of Puerto Rico, et al.*, ECF No. 17627, dated July 30, 2021, as it may be amended, supplemented, or modified.

[4] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

58, and 66 (the "General Unsecured Classes").  Mr. Hein has likewise filed the Hein Extension

Motion seeking similar relief for retail investors.

3.      But, the postal delays of which the Committees complain are limited, at best.

Indeed, of the over 100,000 ballots sent to retirees and active participants in Class 51, only 500

persons have contacted Prime Clerk to state that they did not receive their solicitation package and

to request a new one—less than .5% of the total ballots sent.  Notwithstanding the limited number

of individuals affected by postal service delays, the Oversight Board and Prime Clerk, LLC as the

court-appointed solicitation agent are actively exploring ways to further mitigate the impact on

individuals, including the expeditious distribution of replacement packages via courier services.

4.      Consistent with that approach, the Oversight Board and thousands of creditors

desire to proceed to confirmation of the Plan without delay, and with parties being given the

greatest opportunity to participate in the solicitation process.  To do so, yet retain the scheduled

confirmation hearing date of November 8, 2021, the Oversight Board requests that a limited

modification be made to the Solicitation Procedures Order and the Confirmation Procedures Order.

5.      Pursuant to the Solicitation Procedures Order and the Confirmation Procedures

Order, the deadline to file a declaration testifying to (i) which Classes of Claims voted to accept

the Plan in accordance with Bankruptcy Code section 1126(c) and as set forth in Bankruptcy Code

section 1129(a)(8)(A), (ii) which Impaired Classes of Claims voted to accept the Plan, determined

without including any acceptance of the Plan by an insider, in accordance with Bankruptcy Code

section 1129(a)(10), and (iii) the procedures employed in soliciting and tabulating votes (the

"Voting Tabulation Declaration") is required to be filed with the Court no later than October 25,

2021.  While the tabulation of votes with respect to GO Bonds, PBA Bonds, and ERS Bonds is

accomplished in short order, the tabulation of ballots for the Classes noted by the Committees is

an extremely lengthy process and contributed to the establishment of the Voting Deadline three weeks prior to the submission of the Voting Tabulation Declaration.  The Oversight Board asserts the deadline for submission of the Voting Tabulation should be extended to accommodate such tabulation, to and including November 3, 2021.  All other deadlines—including the deadline to file all other declarations in support of confirmation of the Plan—would remain in full force and effect and would be unaffected by the relief requested herein.

6.      The Plan, among other documents, provides for the filing of a Plan Supplement, which will contain documents necessary for the consummation and implementation of the transactions contemplated by the Plan, including, without limitation, the New GO Bonds and CVIs, seven (7) days prior to the Voting Deadline.  Such date was selected to provide parties the opportunity to view and consider such documents prior to submission of their respective ballots. Such documents are still being developed and, in accordance with the provisions of the plan support agreements, being negotiated among the respective parties.  By extending the Voting Deadline to October 18, 2021, the Plan Supplement can be timely filed no later than October 11, 2021.

7.      The Debtors respectfully submit this limited modification to the Solicitation Procedures Order and the Confirmation Procedures Order will address the concerns raised by the Committees, without jeopardizing the November 8, 2021 date for commencement of the hearing to consider confirmation of the Plan (the "Confirmation Hearing") and without inhibiting the Court's review of the issues as the Voting Tabulation Declaration will be straightforward in nature and a mere compilation of ballots submitted.

## JURISDICTION AND VENUE

8.      The Court has subject-matter jurisdiction over this motion being filed in the Title III cases pursuant to PROMESA § 306(a)(1).

9.      Venue is appropriate in this District under PROMESA §§ 106(a) and 307, and 28 U.S.C. § 1391.

## RELIEF REQUESTED

10.     The Oversight Board hereby requests entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit A**, (1) extending the Voting Deadline for all creditors up to and including October 18, 2021, at 5:00 p.m. (Atlantic Time), and (2) extending the deadline to file the Voting Tabulation Declaration to and including November 3, 2021.  All other deadlines in the Solicitation Procedures Order and the Confirmation Procedures Order shall remain in full force and effect will not be affected by this Cross-Motion.

## BASIS FOR RELIEF

11.     The Oversight Board's requested relief attempts to balance the concerns raised by the Committees (and informally by others) with the Oversight Board and many other parties in interest's desire to progress to the Confirmation Hearing as expeditiously as possible.

12.     The Oversight Board is mindful of the concerns raised and is prepared to accommodate their request for a 14-day extension of the Voting Deadline, with the Court's approval, when coupled with the relief requested in this Cross-Motion.  Without a brief additional extension of the deadline for submission of the Voting Tabulation Declaration, the submission of such declaration becomes a practical impossibility.  Unlike the bond classes, whose votes may be readily electronically tabulated via DTC's ATOP program, votes in the Retiree Classes and the General Unsecured Classes must be tabulated by hand.  That process is labor-intensive and time-

6

consuming, and it cannot be reliably completed in the seven-day window between October 18 (the proposed new Voting Deadline) and October 25 (the deadline for submitting declarations in support of the Plan).

13.    The Retiree Committee contends that any additional burden on the Oversight Board's retained professionals "is manageable" "through increased staffing or otherwise," but that is simply not the case. Retiree Extension Mot. at ¶ 25. Given the volume of creditors in the Retiree Classes and the General Unsecured Classes, the need to tabulate ballots for these classes by hand, and the quality control checks that must be conducted to ensure an accurate count, any extension of the Voting Deadline will also require a brief extension of the deadline to file the Voting Tabulation Declaration. The Oversight Board submits that no party in interest will be prejudiced by the extension to file the Voting Tabulation. As the Court is aware, such declaration is merely a recitation of the process utilized to tabulate the ballots and a mathematical calculation of the ballots submitted. Such timeframe is consistent with industry practice of submission prior to a confirmation hearing,

14.    Accordingly, the Oversight Board respectfully submits that the following brief extensions are warranted: (1) an extension of the Voting Deadline, to and including October 18, 2021, at 5:00 p.m. (Atlantic Time); and (2) an extension of the deadline for filing the Voting Tabulation Declaration, to and including November 3, 2021.

## NOTICE

15.    In accordance with the Court's standing orders, the *Fifteenth Amended Case Management Procedures* (the "Case Management Procedures") [ECF No. 17127-1], the Oversight Board has provided notice of this motion, in the form of paper copies thereof sent by first class mail or digital copies sent by email, to (a) all creditors who filed notices of intent to participate in discovery in connection with confirmation proceedings, (b) all creditors who have filed objections

to confirmation, (c) all creditors who filed notices of correspondence, and (d) the Master Service

List (as defined in the Case Management Procedures), which is available on the Debtors' case

website at https://cases.primeclerk.com/puertorico.  The Oversight Board submits that, in light of

the nature of the relief requested, no other or further notice need be given.

**CONCLUSION**

WHEREFORE the Oversight Board respectfully requests that the relief sought herein be

granted as provided in the annexed proposed order and the Court grant the Oversight Board such

other and further relief as is just.

Dated:  September 24, 2021
   San Juan, Puerto Rico

Respectfully submitted,

*/s/   Martin J. Bienenstock*
Martin J. Bienenstock
Brian. S. Rosen
Timothy W. Mungovan
(Admission *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

*/s/   Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

8

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

**Exhibit A**

1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

---

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, THE
EMPLOYEES RETIREMENT SYSTEM OF THE
GOVERNMENT OF THE COMMONWEALTH OF
PUERTO RICO, AND THE PUERTO RICO PUBLIC
BUILDINGS AUTHORITY,

               Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

---

**[PROPOSED] ORDER GRANTING CROSS-MOTION OF THE FINANCIAL OVERSIGHT
AND MANAGEMENT BOARD FOR PUERTO RICO TO MODIFY CERTAIN
DEADLINES IN SOLICITATION PROCEDURES ORDER AND CONFIRMATION
PROCEDURES ORDER**

Upon consideration of the *Financial Oversight and Management Board for Puerto Rico's*

*(A) Response to Retiree Committee Motion to Extend Voting Deadline, UCC Joinder to Retiree*

*Committee Motion, and Motion of Individual Bondholder for an Order Extending the Voting*

*Deadline for Retail Investors, and (B) Cross-Motion to Modify Certain Deadlines in Solicitation*

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Procedures Order and Confirmation Procedures Order* (the "Cross-Motion"); and it appearing

that (*i*) the Court has subject-matter jurisdiction over the Cross-Motion pursuant to PROMESA

section 306(a)(1); (*ii*) venue of this proceeding is proper under PROMESA sections 106(a) and

307, and 28 U.S.C. 1391(b); and (*iii*) the Court has good cause to grant the relief requested in the

Cross-Motion, it is hereby **ORDERED**:

1.       The Cross-Motion is **GRANTED** as set forth herein.

2.       The following deadline in the Solicitation Procedures Order shall be modified as

follows:

- The Voting Deadline shall be extended by fourteen (14) days, to and including

  October 18, 2021, at 5:00 p.m. (Atlantic Time).

3.       The following deadline in the Solicitation Procedures Order and the Confirmation

Procedures Order shall be modified as follows:

4.   The deadline for filing the Voting Tabulation Declaration shall be extended by

nine (9) days, to and including November 3, 2021.

5.       All other deadlines in the Solicitation Procedures Order and the Confirmation

Procedures Order shall remain in full force and effect, and shall not be affected by this order.  For

the avoidance of doubt, the deadline for filing all other declarations in support of confirmation of

the Plan *except* the Voting Tabulation Declaration shall remain October 25, 2021, as set forth in

the Solicitation Procedures Order.

6.       This Court retains jurisdiction to hear and determine all matters arising from or

related to the implementation, interpretation, or enforcement of this order.


Dated:  _____                    _____
                                                                      U.S. District Judge Laura Taylor Swain


2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk

of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF

participants in this case, and further caused notice to be delivered as described in the motion.

/s/ *Hermann D. Bauer*
Hermann D. Bauer

1