UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

---------------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

   as representative of

THE COMMONWEALTH OF PUERTO RICO,
*et al.*,

            Debtors.

---------------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS
(Jointly Administered)

**[Related to Docket #18243, #17627, #17639, #18236 and #18237]**

**REPLY AND RESPONSE OF INDIVIDUAL BONDHOLDER TO FOMB RESPONSE AND CROSS-MOTION (#18243) REGARDING DEADLINES FOR VOTING AND OTHER DEADLINES, AND REQUEST BY INDIVIDUAL BONDHOLDER FOR ADDITIONAL AND MODIFIED RELIEF IN LIGHT OF FOMB'S STATED INTENTIONS AND NEW INFORMATION ABOUT FOMB'S SOLICITATION**

Peter C. Hein, pro se, submits this reply and response to FOMB's response to his (and other) motions and FOMB's cross-motion (#18243).

**First**, I appreciate FOMB recognizing the need for, and agreeing to, an extension of the voting deadline.

**Second**, I note FOMB's acknowledgments that (i) "tabulation of votes with respect to GO Bonds, PBA Bonds, and ERS Bonds is accomplished in short order" (#18243-page-4-of-13-¶5), and (ii) bond class "votes may be readily electronically tabulated via DTC's ATOP program" (#18243-page-6-of-13-¶12).

**Third**, FOMB's professed intention to now file a Plan Supplement pertinent to the New GO Bonds and CVIs on October 11, 2021 poses a new concern. *See* #18243-page-5-of-13-¶6. FOMB states that if the Plan Supplement is filed by October 11, 2021 parties will have seven

1

Document Page 2 of 17

days in which "to view and consider such documents prior to submission of their respective ballots." *Id.* However, that will **not** be the case for Retail Investors, as discussed below. To provide Retail Investors seven days to review and consider the October 11 Plan Supplement, the deadline for voting for Retail Investors must be pushed back at least 13 days after the October 11 date on which FOMB proposes to file this Plan Supplement (and perhaps the same should apply to all other bondholders as well).

The reason there needs to be a gap of at least 13 days between the date FOMB files its Plan Supplement (October 11) and the deadline for voting is that I have now learned (late Friday, September 24, after filing my papers at #18236 and #18237) that brokerage firms will impose deadlines on their Retail Investor customers that will require Retail Investor customers to provide their instructions well in advance of any voting deadline set by the Court. Specifically, after filing #18236 and #18237, I learned that the actual deadline for a Retail Investor customer at one of my brokers – Merrill – was not October 4, 2021 (the date referenced in the Court's order and the date referenced in the notice I received from Merrill on the afternoon of September 23, *see* Ex. A, #18237-page-16-of-35) – but rather the current deadline for the customer to act is six days **before** the voting deadline established by the Court, namely the deadline for the customer to act is 3 p.m. on Tuesday, September 28, 2021. *See* Ex. D p.003 hereto, dated September 24, 2021, which I located on the Merrill website. (I do not receive these notices electronically in my email; I had to go looking for this on the Merrill website portal for my account. Notices of this nature eventually get mailed to the customer, but that mailed notice can take a number of days in my experience.)

In short, the deadline for the Retail Investor customer to provide instructions is six days **before** the Court's voting deadline. (The brokerage firm apparently needs the extra time so that it can process and communicate the instructions from its clients. One may infer that FOMB's requirement that bonds be delivered through the Automatic Tender Offer Program of DTC contributes to the need for brokerage firms to have so much added time between the customer giving his or her instructions and the Court's voting deadline.)

Thus, if FOMB intends to file a Plan Supplement on October 11, 2021, but the Court sets an October 18, 2021 voting deadline, the effective deadline for a Retail Investor at Merrill will be October 12 at 3 p.m., giving the Retail Investor at best 24 hour hours to obtain, review and consider the Plan Supplement. (If FOMB files the Plan Supplement late in the day on October 11, the Retail Investor will have less than 24 hours.) Such a short period is particularly unreasonable for Retail Investors who at any particular point may be traveling, working or be attending to other commitments on October 11 and 12.

The solution, to make sure that Retail Investors have even a minimal seven days' time to consider the Plan Supplement before their deadline to vote, is for the voting deadline set by the Court for Retail Investors (and perhaps all bondholders as well) to be October 25, 2021 (October 24 is a Sunday). With an October 25, 2021 Court-established voting deadline, a Retail Investor customer at a brokerage firm like Merrill with a six day advance deadline for customer instructions could provide their instructions before 3 p.m. on October 19, and thus have seven days to consider the Plan Supplement before making a decision.

By FOMB's own admission, setting the Voting Deadline for Retail Investors on October 25 would not present a practical problem since, as noted, FOMB acknowledges that (i) "tabulation of votes with respect to GO Bonds, PBA Bonds, and ERS Bonds is accomplished in short order" (#18243-page-4-of-13-¶5), and (ii) bond class "votes may be readily electronically tabulated via DTC's ATOP program" (#18243-page-6-of-13-¶12). (If, hypothetically there is a problem from FOMB's point of view, then FOMB should undertake to submit its Plan Supplement by, for example, October 4, if FOMB is insistent on a Court-imposed voting deadline of October 18.)

**Fourth**, FOMB just ignores the fact that, as I pointed out, the solicitation packages mailed to Retail Investors do not include a notice of voting and election instructions or a ballot. As I pointed out, the Court's order (#17639) required that a notice of voting and election instructions or ballot be part of the solicitation package. (#18237-page-9-to-10-of-35) FOMB's failure to do what the Court's order requires still needs to be remedied.

3

**Fifth**, I have also now received solicitation packages from my second broker, Morgan Stanley, which are essentially identical to those received from Merrill Lynch.[1] This strongly suggests that the perfunctory two line "Dear Client" notice (#18237-page-16-of-35) was prepared by or on behalf of FOMB or a solicitation agent for FOMB, not separately crafted by each brokerage firm.[2]

From the point of view Retail Investors, the perfunctory hard copy notices are misleading and the procedures being employed are not consistent with Plan terms:

- There is no disclosure in the hard copy notices provided to individual Retail Investors in the solicitation package that to qualify for the Retail Support Fee they must have their bonds delivered through the Automatic Tender Offer Program at DTC with a certification that such holder is a Retail Investor. *See* #18237-page-11,16-to-18-of-35. A supplemental notification of a new voting deadline needs to be explicit that this delivery requirement exists. Otherwise, an individual who wishes to potentially qualify for the Retail Support Fee but who does not wish to vote "accept" or "reject" (perhaps because they are confused or because they do not have the time or ability to review the thousands of pages of material on the flash drive) will be deprived of an ability to receive his or her share of the Retail Support Fee simply because the individual did not deliver his or her bonds through the ATOP at DTC. This trap for the unwary Retail Investor is particularly improper because, as I noted in #18237-page-11-of-35, for every

---

[1] I received four GO solicitation packages on September 23, and one additional GO package and a PBA package on September 24. In endeavoring to reconcile the additional notices I received on Friday afternoon, September 24, and the four notices I received Thursday afternoon, September 23, with my holdings, I realized that one of the four notices I received on Thursday was from Morgan Stanley, and the other three received on Thursday were from Merrill. Since the packets from both firms looked the same, I had originally not realized that I had received solicitation packages for only three of the four GO and PBA positions I have at Merrill on Thursday, and that one of the four packages I received on Thursday was from Morgan Stanley.
[2] In #18236 and #18237 I described the notice as a "one sentence" "Dear Client" notice. Focusing on this notice more carefully, I realize it is a perfunctory two sentences on two lines, not one sentence on two lines.

    confused Retail Investor who does not timely act, the parties who negotiated the bondholder treatment will benefit, by receiving all or part of any unallocated Retail Support Fee.  See Plan §3.6 (#17627-page-98-to-99-of-291).

- I have now learned from Merrill that Retail Investors are *not* being given the option to deliver their bonds through the Automatic Tender Offer Program at DTC with a certification that such holder is a Retail Investor, but not vote either "accept" or "reject".  See Ex. D, pages 003 to 006 annexed hereto.  (I infer the language for the "options" and "event details" on Ex. D, pages 003 to 006, comes from FOMB and was not crafted by Merrill.)  In other words, there is no option for someone who does not feel comfortable voting "accept" or "reject" to abstain, yet still deliver their bonds so they are eligible for the Retail Support Fee.  Retail Investors who deliver their bonds through ATOP and certify they are Retail Investors should not additionally be required to vote "accept" or vote "reject" in order to potentially share in the Retail Support Fee.  The additional requirement in FOMB's solicitation materials that a particular Retail Investor vote "accept" or "reject" is not provided for in the Plan itself, *compare* §§1.438, 3.6 and 77.1(a) & (b), #17627-page-81-to-82,98-to-99,158-of-291.  As per these Plan provisions, eligibility for the Retail Support Fee turns on the vote of a retail class, not a particular Retail Investor.  The requirement in Plan §§77.1(a) & (b) is simply delivery through ATOP with a certification that such holder is a Retail Investor.  Likewise, the Disclosure Statement refers only to the requirement of delivery of bonds through ATOP and certification that the holder is a Retail Investor; there is no statement that a particular Retail Investor must also vote to "accept" or "reject".  #17628-page-527-of-624; #18237-page-11-of-35.  It is improper and misleading to place requirements on Retail Investors through FOMB's solicitation process that are not provided for in the Plan or disclosed in the Disclosure Statement.

- In addition, the 9-24-2021 "Voluntary Corporate Action" notice (Ex. D) misleadingly states (page 006) that "if you do meet the definition of Retail Investor and do not vote to accept the Plan you risk not receiving your pro rata portion of the Retail Support Fee." That improperly coerces an "accept" vote and is also not an accurate statement of Plan provisions. Compare Plan §3.6 (#17627-page-98-to-99-of-291).

- There is also nothing in the two line notice or the 2 pages of text of the Prime Clerk memo (#18237-page-16-to-18-of-35) that tells an individual that they have the right to request a hard copy of the documents on the flash drive. The solicitation package needs to include a clear statement in the hard copy notice of the bondholder's right to request a hard copy of the full materials. This is important because – based on my own experience in opening the envelopes that I received, the flash drives in the solicitation packets – which are small paperclip sized items – may remain in the envelope and be overlooked or go flying as the envelope is opened. While I knew to look for a flash drive, I suspect there are many Retail Investors who won't even notice the flash drive. And if they do notice it, they may be reluctant to plug it into their computer for fear of infecting their computer with a virus.

- The perfunctory notice tells Retail Investors that "[i]f you wish to participate in the event, please coordinate with your Bank/Broker directly prior to the specified deadline of October 4, 2021". *See* #18237-page-16-of-35. There is no warning that actually the Retail Investor must immediately pick up his or her phone and contact their broker because the true deadline is 3 p.m. on September 28, not October 4. Any notification of a new voting deadline needs to be clear that the internal date set by the brokerage firm may be as much as a week before the Court's voting deadline.

The importance of clear and complete information from FOMB is underscored by the fact that, when I spoke to my brokers late Friday afternoon, September 24, neither of them were aware of the solicitation for the plan of adjustment, much less the specifics of the solicitation of Retail Investors. They learned about this for the first time from me. The fact that neither of my brokers at two different major firms were aware of the solicitation is strongly indicative of the fact that the vast majority of retail brokers around the country will likewise not be familiar with the plan of adjustment solicitation that is ongoing. Thus, one cannot assume brokers around the country are proactively reaching out to their individual customers to provide the information FOMB is not providing. This also highlights how rushed and confused this process has been, and that FOMB's solicitation agents are not providing sufficient, timely and clear information to major brokerage firms, who as a result are not getting the information out to their brokers and financial advisors – not even brokers or financial advisors whose customers hold GO and PBA bonds.

### CONCLUSION AND ADDITIONAL AND MODIFIED RELIEF REQUESTED IN LIGHT OF FOMB'S STATED INTENTIONS AND NEW INFORMATION ABOUT FOMB'S SOLICITATION

Pursuant to, *inter alia*, my reservation of rights in my original motion (#18237-page-13-of-35) and the Court's authority to grant other relief (#18237-page-3-of-35):

1. If FOMB intends to file a Plan Supplement on October 11, the voting deadline for Retail Investors (and perhaps for all bondholders) should to be extended to October 25, because based on what I have learned from my broker at Merrill after filing #18236 and #18237, it is apparent that major brokerage firms like Merrill are imposing a cut off — in order for a Retail Investor to get their bonds delivered through the Automatic Tender Offer Program at DTC — of as much as six days before the Court imposed voting deadline. Thus, the voting deadline to be set by the Court needs to be at least 13 days after FOMB files its Plan Supplement in order for Retail Investors to have even a week to review it. As noted, by FOMB's own admission this should not pose a practical problem for its tabulation efforts.

7

2. FOMB should be required to provide the notice of voting and election instructions and the other additional and corrected disclosures referenced in items Fourth and Fifth above.

3. Retail Investors should be given the option in the FOMB solicitation process to deliver their bonds through the Automatic Tender Offer Program at DTC with a certification that such holder is a Retail Investor, but not be required to additionally vote either "accept" or "reject" in order to be eligible for the Retail Support Fee. The "options" FOMB has provided in its plan solicitation materials impose requirements for being eligible for the Retail Support Fee that are not required by the terms of the Plan itself.

Dated: September 26, 2021

Respectfully Submitted,

/s/ Peter C. Hein
Peter C. Hein, pro se
101 Central Park West, Apt. 14E
New York, NY 10023
917-539-8487
petercheinsr@gmail.com

Claim 10696
GO Bonds: 500,000 par amount, plus unpaid interest to date
[5 separate CUSIPS: 74514LVX2
　　　　　　　　　　74514LWA1
　　　　　　　　　　74514LWM5
　　　　　　　　　　74514LWZ6
　　　　　　　　　　74514LB63]
PBA Bonds: 200,000 par amount, plus unpaid interest to date
[CUSIP: 745235M24]

**Declaration pursuant to 28 U.S.C. §1746**

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge and belief.

8

Executed on this 26th day of September 2021.

                                                                                 /s/ Peter C. Hein
                                                                                  Peter C. Hein

## Certificate of Service

I, Peter C. Hein, certify that I have caused the foregoing "Reply and Response of Individual Bondholder to FOMB's Response and Cross-Motion (#18243) Regarding Deadlines for Voting and Other Deadlines, and Request by Individual Bondholder for Additional and Modified Relief Requested in Light of FOMB's Stated Intentions and New Information About FOMB's Solicitation" to be served via the Court's CM/ECF system.

September 26, 2021



/s/ Peter C. Hein
Peter C. Hein

P.O. Box 2016
Lakewood, NJ 08701



MERRILL
A BANK OF AMERICA COMPANY

PETER C HEIN
101 CENTRAL PARK W # 14E
NEW YORK NY 10023-4250

*Go Paperless!* To receive your mail online, please visit www.MyMerrill.com to enroll in Online Delivery.

September 24, 2021

**Review - Voluntary Corporate Action**

The enclosed notice provides information related to a **voluntary** corporate action event. If you would like to participate in this event, please review the event details in the attachment.

*Advice, planning and support*
Always remember, your Merrill Lynch Financial Advisor is available to help you reach your financial goals.

| SECURITY/ CORPORATION | CUSIP | QUANTITY | CORPORATE ACTION | DEADLINE |
|---|---|---|---|---|
| PUERTO RICO COMWLTH PUB IMPT REF BDS SER A OID APR12 05.125%JUL01 2037 | 74514LB63 | 100,000 | REORGANIZATION - VOLUNTARY | 09/28/2021 |

We obtained the information in this notice from sources we believe to be reliable, but we do not guarantee its accuracy nor have an opinion on the information provided.

**When you have questions, you have options**
Please contact your Merrill Lynch Financial Advisor or call (800) MERRILL (637-7455).

Code: Corp Action 09/2020
P

EXHIBIT D

001

September 24, 2021

Merrill Lynch, Pierce, Fenner & Smith Incorporated (also referred to as "MLPF&S" or "Merrill") makes available certain investment products sponsored, managed, distributed or provided by companies that are affiliates of Bank of America Corporation ("BofA Corp."). MLPF&S is a registered broker-dealer, registered investment adviser, Member SIPC and a wholly owned subsidiary of BofA Corp.

Banking Products are provided by Bank of America, N.A. and affiliated banks, members FDIC and wholly owned subsidiaries of Bank of America Corporation.

Investment products:

| Are Not FDIC Insured | Are Not Bank Guaranteed | May Lose Value |
| --- | --- | --- |

Sep 23, 2021 6:20:21 PM EST

# Confirm Global Corporate Action Notice

1000595808

Plan of Reorg-Voluntary: **Action Required**

Security Name: PUERTO RICO COMWLTH PUBIMPT REF BDS SER A OIDAPR12 5.125%JUL01 2037
Issue Country: PUERTO RICO
ML Security ID: RWW77
Cusip: 74514LB63
ISIN: US74514LB634

## INSTRUCTION DEADLINE DATES

**Final Date for Instructions:** Sep 28, 2021 15:00 EST
**Final Date for Withdrawal Instructions:** Sep 28, 2021 15:00 EST

**TERMS**
Expiration Date: Oct 04, 2021
Withdrawal Date: Oct 04, 2021

## OPTIONS

**Option 1:**

Puerto Rico Investors who hold more than USD 1 million of bonds may vote to accept the Plan and receive the distribution under the Plan.

**Option 2:**

Puerto Rico Investors who hold less than USD 1 million of bonds may vote to accept the Plan and receive the distribution under the Plan.

**Option 3:**

Non Retail Investors may vote to accept the Plan and make no distribution election and will receive the distribution under the Plan if the Court confirms the Plan.

**Option 4:**

Non Retail Investors may vote to reject the Plan and make no distribution election and will receive the distribution under the Plan if the Court confirms the Plan.

**Option 5:**

Retail Investors may vote to accept the Plan and not make the Taxable Election and will receive the distribution under the Plan if the Court confirms the Plan.

**Option 6:**

Retail Investors may reject to accept the Plan and not make the Taxable Election and will receive the distribution under the Plan if the Court confirms the Plan.

1

EXHIBIT D

003

**Option Default:**

Default Option: Y
TAKE NO ACTION

## EVENT DETAILS
IMPORTANT INFORMATION
( FOR VOTING CLASSES ONLY)
Numerosity Information Submission
( Applicable Only for Beneficial Holders Submitting More than One Vote Through ATOP)
Any beneficial holder of Vintage PBA Bonds that holds multiple CUSIPs of Vintage PBA Bonds and submits more than one vote through one or more Nominees, MUST submit ( or coordinate with your Nominee( s) to submit) a list of all such ATOP instruction confirmation numbers ( also referred to as ATOP voluntary offer instructions or IVOIsm) . The Balloting Agent has made available a template electronic spreadsheet ( the INumerosity Spreadsheetm) on its website at: https: //cases.primeclerk.com/puertorico ( click on the link titled INumerosity Spreadsheetm) .

Please return ( or coordinate with your Nominee to return) the Numerosity Spreadsheet to the Balloting Agent in excel format via email to puertoricoinfo@ primeclerk.com. If yo u anticipate any difficulty in submitting your Numerosity Spreadsheet in excel format, please contact Prime Clerk at ( 844) 822- 9231 ( toll free for U.S. and Puerto Rico) or ( 646) 486- 7944 ( for international callers) or by e- mail at puertoricoballots@ primeclerk.com .

Holders can visit https: //cases.primeclerk.com/puertorico/ for more information on this offer.


RETAIL INVESTOR. An individual who purchased GO Bonds, PBA Bonds and/or CW Guarantee Bond Claims for his or her own brokerage account, trust account, custodial account or in a separately managed account, with aggregate holdings in an amount less than One Million Dollars ( USD 1,000,000.00) ; provided, however, that Retail Investor shall not include any individual in his or her capacity as a holder of a GO Bond or a PBA Bond ( a) the payment of principal and interest of which is insured by Ambac, Assured, FGIC, National or Synco ra, or ( b) who tendered for exchange such GO Bond or PBA Bond, as the case may be, in accordance with the terms and provisions of Article II of the GO/PBA Plan Support Agreement, in which case, such individual shall be deemed a holder of GO Bonds or PBA Bonds in the applicable Class of GO Bonds or PBA Bonds, as the case may be, not held by Retail Investors.

PUERTO RICO INVESTOR. IF YOU ARE A HOLDER OF A CW BOND CLAIM, A PBA BOND CLAIM, OR A CW GUARANTEE BOND CLAIM THAT IS, OR AN ENITITY THAT IS WHOLLY- OWNED BY OR THE SOLE BENEFICIAL OWNER OF WHICH IS, A NATURAL PERSON( S) AND RESIDENT( S) OF THE COMMONWEALTH OF PUERTO RICO FOR PURPOSES OF PAYMENT OF PUERTO RICO PERSONAL INCOME TAXES YOU MEET THE DEFINTION OF A PUERTO RICO INVESTOR A PUERTO RICO INVESTOR SHALL NOT INCLUDE ANY HOLDER OF A GO BOND OR A PBA BOND, THE PAYMENT OF PRINCIPAL AND INTEREST OF WHICH IS INSURED BY AMBAC, ASSURED, F GIC, NATIONAL, OR SYNCORA.

Puerto Rico Investor
Distribution Election with a Deemed Vote to Accept / Non Retail Investors: By electing into this Option, you are a Beneficial Holder of CW Series D/E/PIB Bond Claims that is NOT a Retail Investor, but is a

2

Puerto Rico Investor, and you affirmatively make the Taxable Election relating to your CW Series D/E/PIB Bond Claim. By electing into this option you are certifying that you do not meet the definition of Retail Investor, but meet the definition of a Puerto Rico Investor. By electing into this option you are being deemed to vote to accept the Plan in both Classes, and ( if the Court confirms the Plan) you will receive the distribution under the Plan for the Classes. Holders electing into this Option will have their bonds RESTRICTED FROM TRANSFERRING THROUGH THE EFFECTIVE DATE OF THE PLAN.

Distribution Election with a Deemed Vote to A ccept / Retail Investors: By electing into this Option, you are a beneficial holder of securities that is a Retail Investor and a Puerto Rico Investor, and you affirmatively make the Taxable Election relating to your CW Series D/E/PIB Bond Claim. By electing into this option you are certifying that you meet the definition of Retail Investor and meet the definition of Puerto Rico Investor. By electing into this option you are being deemed to vote to accept the Plan in both Classes, and ( if the Court confirms the Plan) you will receive the distribution under the Plan for the Classes. For the avoidance of doubt, if Class votes to accept the Plan and the Court confirms the Plan, you will receive your pro rata portion of the Retail Support Fee. Holders electing into this Option will have their bonds RESTRICTED FROM TRANSFERRING THROUGH THE EFFECTIVE DATE OF THE PLAN.

Non- Puerto Rico, Non- R etail Investor
Vote Only Accept / Non Retail Investors: By electing into this Option, youare a Beneficial Holder that is not a Retail Investor and you make no distribution election relating to your CW Series D/E/PIB Bond Claim. By electing into this option you are voting to ACCEPT the Plan in the Class and ( if the Court confirms the Plan) will receive the distribution under the Plan for the Class. Holders electing into this Option will have their bonds RETURNED TO THE TARGET AFTER VOTING DEADLINE OF OCTOBER 4, 2021 ( unless such Voting Deadline is extended) .

Vote Only Reject / Non Retail Investors: By electing into this Option, you are a Beneficial Holder that is not a Retail Investor and you make no distribution election relating to your CW Series D/E/PIB Bond Claim. By electing into this option you are voting to REJECT the Plan in both Classes, and ( if the Court confirms the Plan) y ou will receive the distribution under the Plan for the Class. Holders electing into this Option will have their bonds RETURNED TO THE TARGET AFTER VOTING DEADLINE OF OCTOBER 4, 2021 ( unless such Voting Deadline is extended) .

Non- Puerto Rico, Retail Investor
Vote Only Accept / Retail Investors: By electing into this Option, you are a Beneficial Holder certifying that you meet the definition of a Retail Investor and you do not make the Taxable Election relating to your CW Series D/E/PIB Bond Claim. By electing into this option you are voting to ACCEPT the Plan in the Class, and ( if the Court confirms the Plan) you will receive the distribution under the Plan for the Class. For the avoidance of doubt, if Class votes to accept the Plan and the Court confirms the Plan, you will also be entitled to your pro rata share of a Retail Support Fee. Holders electing into this Option will have th eir bonds RESTRICTED FROM TRANSFERRING THROUGH THE EFFECTIVE DATE OF THE PLAN.

Vote Only Reject / Retail Investors: By electing into this Option, you are a Beneficial Holder certifying that you meet the definition of a Retail Investor and you do not make the Taxable Election relating to your CW Series D/E/PIB Bond Claim. By electing into this option you are voting to REJECT the Plan in the Class. If the Court confirms the Plan, you will receive the distribution under the Plan for the Class. For the avoidance of doubt, if Class 38 votes accept the Plan and the Court confirms the Plan, you will also be entitled to your pro rata share of a Retail Support Fee. Holders electing into this Option will have their bonds RESTRICTED FROM TRANSFERRING THROUGH THE EFFECTIVE DATE OF

THE PLAN.

DEFAULT

Holders who do not elect will be treated as not a Retail Investor and not a Puerto Rico Investo r. If the Court confirms the Plan, Beneficial Holders who do not elect into one of the Options will receive the distribution otherwise going to Class 36. For the avoidance of doubt, if you do meet the definition of Retail Investor and do not vote to accept the Plan you risk not receiving your pro rata portion of the Retail Support Fee.

For the further avoidance of doubt, if you make a CW Series D/E/PIB Taxable Bond Distribution Election with respect to your CW Series D/E/PIB Bond Claims in accordance with the instructions and procedures set forth, your CW Series D/E/PIB Bond Claims will be moved into the relevant Class and treated as a CW Series D/E/PIB Bond Claim ( Taxable Election) for voting and distribution purposes.

Pursuant to the Plan, holders of CW Series D/E/PIB Bond Claims are entitled to their Pro Rata Share of the CW Series D/E/PIB Recovery. Such holders may elect to hav e their CW Series D/E/PIB Bond Claim treated as a CW Series D/E/PIB Bond Claim ( Taxable Election) and will be deemed to vote to accept the Plan in the relevant Classes ( as applicable) . If you do not make the CW Series D/E/PIB Taxable Bond Distribution Election, you may vote to accept or reject the Plan in the relevant contra CUSIPs.

Holders should consult their tax advisor for complete details in reference to withholding taxes.

Bonds may be tender in minimum denomination of USD 5,000 and any integral multiple of USD 5,000 in excess thereof.

The Objection deadline is 5: 00 p.m. ( AST) on October 19, 2021.

CONFIRMATION HEARING: November 8th through 10th, 12th, 15th through 18th and 22nd through 23rd of 2021 at 9: 30 a.m. ( AST) .

Current market prices should be checked.

This offer is subject to various conditions being satisfied and may be amended or terminated under certain conditions.

If you are short you can be held liable for any resultant proceeds. If you intend to cover your short position please notify your respective client representative prior to your deadline.

To assess the tax consequences of this corporate action, clients should seek professional tax advice.

Any instructions received from you will be deemed to constitute a representation and warranty from you that you are eligible to participate in this issue. If requested, you agree to promptly provide proof of eligibility.

**Instruction Details**

Entries covering the above transaction will be posted to your account.

4

A USD 30.00 per instruction service charge (SVCH) will be assessed by Merrill to each U.S. dollar denominated account, for which valid orders have been executed, in addition to any fees referenced in the above notification.

If you elect to accept this offer, or need investment advice on this offer, please contact your Financial Advisor directly. However, if you have a self directed/Non-Advisory account, and you elect to accept this offer, please call 1-877-653-4732.

If you have any further questions concerning this or any other event, please call 1-800-637-7455.

5

EXHIBIT D

007