UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.,*<br><br>    Debtors.[1] | PROMESA Title III<br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| AMERINATIONAL COMMUNITY SERVICES, LLC, as Servicer for the GDB Debt Recovery Authority, and CANTOR-KATZ COLLATERAL MONITOR LLC,<br><br>    Movants,<br><br>v.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>    Respondent. | Re: ECF No. 17009 |

**EVIDENTIARY OBJECTION TO THE EXPERT REPORT OF LIZETTE MARTINEZ ATTACHED AS EXHIBIT A TO THE DRA PARTIES' REPLY TO THE OBJECTION TO THE DRA PARTIES' MOTION FOR ALLOWANCE OF <u>ADMINISTRATIVE EXPENSE CLAIM (ECF NO. 18244)</u>**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**To the Honorable United States District Court Judge Laura Taylor Swain:**

The Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtor's sole Title III representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA")[2], respectfully submits this evidentiary objection (the "Evidentiary Objection") to the *Expert Report of Lizette Martinez, CPA, CFF, CFE*, dated as of September 13, 2021 (the "Martinez Report") attached as Exhibit A to *The DRA Parties' Reply to the Objection of Financial Oversight and Management Board for Puerto Rico to DRA Parties' Motion for Allowance of an Administrative Expense Claim* [ECF No. 18244] (the "Reply") filed by AmeriNational Community Services, LLC (the "Servicer"), as servicer for the GDB Debt Recovery Authority, and Cantor-Katz Collateral Monitor LLC, a Delaware limited liability company (collectively, the "DRA Parties"). For the three reasons discussed below, the Oversight Board respectfully requests that the Court strike or disregard the Martinez Report, and any reference to the Martinez Report contained in the Reply.[3]

1. On June 15, 2021, the DRA Parties filed *The DRA Parties' Motion for Allowance of an Administrative Expense Claim* [ECF No. 17009] (the "Motion") requesting, *inter alia*, the allowance of an administrative expense claim in an amount sufficient to address the Commonwealth's retention of the Commonwealth's property, which according to the DRA Parties should have been transferred to HTA due to the DRA Parties' purported security interests in such property.

---

[2] PROMESA has been codified at 48 U.S.C. §§ 2101–2241.

[3] Concurrently with the Reply, the DRA Parties filed an urgent motion for an order allowing them to file an unredacted copy of the Martinez Report under seal. *See Urgent Motion of DRA Parties to File Under Seal Certain Portions of Its Reply to the Objection of Financial Oversight and Management Board for Puerto Rico to DRA Parties' Motion for Allowance of Administrative Expense Claim* (ECF No. 18245).

2. Pursuant to the briefing schedule set forth in the July 27, 2021 *Order on Joint Status Report Pursuant to Court Order Dated July 16, 2021, [ECF No. 17387] With Respect to (I) DRA Parties' Administrative Expense Claim Motion and (II) DRA Adversary Proceeding*, the Oversight Board timely filed its *Objection of Financial Oversight and Management Board for Puerto Rico to DRA Parties' Motion for Allowance of an Administrative Expense Claim* on September 9, 2021 [ ECF No. 17529] (the " Admin Objection"). The crux of the Admin Objection is the Oversight Board's arguments that the Motion should be denied because: (i) the DRA Parties lack standing to pursue the Motion; (ii) to the extent the Act 30-31 Excise Tax Statutes purport to appropriate Commonwealth revenues without regard to the Oversight Board's certified budget, the statutes are preempted; (iii) the Motion is improperly predicated on HTA (and hence, the DRA Parties) possessing a property interest in Act 30-31 Revenues retained by the Commonwealth, which neither have; and (iv) the DRA Parties are not entitled to the requested administrative claim under the plain language of, and jurisprudence interpreting, Bankruptcy Code section 503(b).

3. The Martinez Report is attached to the September 24, 2021 Reply as Exhibit A. According to the Reply, Mr. Martinez was retained "beginning in May 2021 to analyze certain financial and accounting issues related to the Commonwealth's retention of the Act 30-31 Incremental Revenues from July 2014 through June 30, 2021. Reply at ¶ 2. The Martinez Report is not signed under penalty of perjury. The Martinez Report, and any reference thereto in the Reply, should be stricken or disregarded for three reasons.

4. *First*, the Martinez Report's primary, if not exclusive, focus is on the *quantification* of the DRA Parties' claimed administrative expense, and is wholly irrelevant unless and until the Court determines the DRA Parties have an allowable administrative expense claim. The Court should first determine whether the DRA Parties have an allowable administrative expense and, if

so, set an evidentiary hearing to determine the amount of such claim. Of course, as was made clear in the Admin Objection, no such allowable claim exists. Thus, under any analysis, the Martinez Report should be stricken.

5. *Second*, even assuming, for the sake of argument, the substance of the Martinez Report were relevant at this stage of the proceeding, the DRA Parties should have submitted the substance of the Martinez Report in admissible form at the time the Motion was filed. It unquestionably is improper and unfair to submit evidence on an issue for the first time as part of the Reply—*after* the Oversight Board filed the Admin Objection.

6. *Third*, even assuming, for the sake of argument, the substance of the Martinez Report were relevant at this stage of the proceeding *and* it were timely filed—neither of which is true-- the Martinez Report clearly constitutes inadmissible hearsay. The Martinez Report is not signed under penalty of perjury. But, even if it were, it is well settled that, by itself, an expert report is inadmissible hearsay except to the extent it recites facts independently admissible under the rules of evidence. *See* Fed. R. Evid 802 ("Hearsay is not admissible" unless specified exceptions apply); *Grajales v. P.R. Ports Auth.*, 2014 U.S. Dist. LEXIS 36202, *8 (D. P.R. 2014) (granting motion *in limine* to exclude a raw, unaccompanied expert report as inadmissible hearsay); *Redondo Constr., Co. v. Izquierdo*, 929 F. Supp. 2d 14, 19 (D. P.R. 2013) (holding that unsworn expert report was inadmissible hearsay that could not be considered as part of the summary judgment record).

## **CONCLUSION**

WHEREFORE for the foregoing reasons, the Commonwealth respectfully requests that the Court sustain the Evidentiary Objection to the Martinez Report, and strike or disregard the Martinez Report and any reference thereto in the Reply.

Dated: September 28, 2021
San Juan, Puerto Rico

Respectfully submitted,

*/s/ Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Jeffrey W. Levitan (*pro hac vice*)
Joshua A. Esses (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as Representative for the Commonwealth*

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
205 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-1813
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as Representative for the Commonwealth*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

*/s/ Hermann D. Bauer*
Hermann D. Bauer