**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**OBJECTION OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO TO DRA PARTIES' MOTION IN RESPONSE TO ORDER CONCERNING SERVICE OF OPENING EXPERT REPORTS BY THE DRA PARTIES, REQUEST FOR EXTENSION OF TIME TO FILE REDACTED DRA EXPERT REPORTS, AND REQUEST FOR MODIFICATION OF CERTAIN TERMS OF THE <u>CONFIRMATION PROCEDURES ORDER</u>**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("<u>PBA</u>") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................................................1

BACKGROUND ............................................................................................................................3

ARGUMENT ..................................................................................................................................6

      I.       The DRA Parties' Proposal to File All Confirmation-Related Discovery Should Be Denied Because It Has No Basis in Governing Law and Is Needlessly Inefficient to the Court and All Participating Parties. ..........................7

      II.      The DRA Parties' Proposal of a New Protective Order Is Needlessly Inefficient and Can Be Addressed Through Less Invasive Means. .........................9

CONCLUSION .............................................................................................................................11

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Cox v. Sherman Capital LLC*,
   2013 WL 2432148 (S.D. Ind. June 4, 2013)...............................................................................7

*DIRECTTV, Inc. v. Trone*,
   209 F.R.D. 455 (C.D. Cal. 2002)..............................................................................................7

*Ecomed, LLC v. Asahi Kasei Med. Co.*,
   2017 WL 7794352 (S.D. Fla. Apr. 21, 2017) ...........................................................................7

*Walton v. First Merchants Bank*,
   2019 WL 920883 (S.D. Ind. Feb. 5, 2019) ...............................................................................7

**STATUTES**

48 U.S.C. §§ 2101–2241................................................................................................................1

**OTHER AUTHORITIES**

D.P.R. Local R. Civ. P. 26(a).........................................................................................................8

Fed. R. Civ. P. 5.........................................................................................................................7, 8

Fed. R. Civ. P. 5, Advisory Committee Notes on Rules-2000 Amendment..................................8

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA," and together with the Commonwealth and ERS, the "Debtors") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] hereby submits this objection (the "Objection") to the *DRA Parties' Motion in Response to the Order Concerning Service of Opening Expert Reports by the DRA Parties, Request for Extension of Time to File Redacted DRA Expert Reports, and Request for Modification of Certain Terms of the Confirmation Procedures Order* [ECF No. 18163] (the "Motion"), pursuant to the Court's *Order Granting Unopposed Urgent Motion of the Financial Oversight and Management Board for Puerto Rico to Set a Briefing Schedule on DRA Parties' Motion in Response to the Order Concerning Service of Opening Expert Reports by the DRA Parties, Request for Extension of Time to File Redacted DRA Expert Reports, and Request for Modification of Certain Terms of the Confirmation Procedures Order* [ECF No. 18227].

## PRELIMINARY STATEMENT

1. The hearing to consider confirmation of the *Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 17627] (as it may be amended, modified, or supplemented, the "Plan") is quickly approaching. In preparation for this hearing, the parties are following the procedures and deadlines set forth in the Court's *Order Establishing Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* [ECF No. 17640] (the "Confirmation Procedures Order"). Those procedures include,

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

among other things, deadlines for the identification of fact and expert witnesses, service of requests for production of documents and interrogatories (as well as responses thereto), the provision of expert reports, and the service of deposition notices.

2. The DRA Parties[3] have been an active participant. However, after serving the DRA Expert Reports (as defined below) in a manner inconsistent with the Confirmation Procedures Order, the DRA Parties were instructed by the Court to file a statement either explaining how they complied with the Confirmation Procedures Order, or "a motion for modification of the disclosure requirements of the Confirmation Procedures Order with respect to the Expert Reports" (as defined therein). *See Order Concerning Service of Opening Expert Reports by the DRA Parties* [ECF No. 18118] (the "Expert Reports Order").

3. The DRA Parties took the latter approach and proposed amendments to the Confirmation Procedures Order. However, they went far beyond the Court's instructions. Without meeting and conferring with the Oversight Board (or seemingly anyone else), the DRA Parties propose modifying the Confirmation Procedures Order to require the filing, rather than service, of all discovery-related documents, and to require Eligible Creditors (as defined in the Confirmation Procedures Order) to review and sign a new protective order subscription form in order to review certain categories of confidential documents and information. These amendments are not in compliance with the Court's instruction on numerous occasions that affirmative relief must be sought by motion in accordance with the *Fifteenth Amended Case Management Procedures* (the

---

[3] The "DRA Parties" collectively refers to AmeriNational Community Services, LLC (the "Servicer"), as servicer for the GDB Debt Recovery Authority (the "DRA"), and Cantor-Katz Collateral Monitor LLC, a Delaware limited liability company (the "Collateral Monitor").

2

"Case Management Procedures") [ECF No. 17127-1].[4] Setting that aside, the proposed amendments are unnecessary and inefficient. First, their request to extend the proposed filing requirement to *all* discovery-related documents and correspondence has no foundation in the Federal Rules of Civil Procedure, would impose unnecessary (and in many cases retroactive) burdens on the parties, would add to the Court's docket, and have a chilling effect on negotiations taking place alongside the exchange of discovery. Second, their proposal to require all Eligible Creditors to subscribe to a *new* protective order at this late stage of the discovery process is needlessly complicated, when there is already a fully functional protective order in place for confirmation.

4. Notably, the Oversight Board takes no issue with the amendments to the Confirmation Procedures Order that the DRA Parties were actually asked to provide—namely, those addressing the filing of opening and rebuttal expert disclosures and reports. However, the Oversight Board asserts the remainder of the Motion's proposed modifications to the Confirmations Procedures Order should be rejected.

## BACKGROUND

5. On May 13, 2021, the Oversight Board, on behalf of the Debtors, filed a motion proposing procedures for a confirmation hearing on the then-proposed plan. *See Motion of Debtors for an Order Establishing, Among Other Things, Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* [ECF No. 16757]. After revisions to these procedures in response to comments from the Court, on August 2, 2021, the Court entered the Confirmation Procedures Order. The Confirmation Procedures Order sets forth

---

[4] *See, e.g., Order Granting Modification of Certain Deadlines in Solicitation Procedures Order and Confirmation Procedures Order and Confirmation Procedures Order* [ECF No. 18258], ¶ 6.

3

procedures for, among other things, the Debtors and Eligible Creditors to identify fact and expert witnesses (*see* Confirmation Procedures Order ¶¶ 3, 4 19, 20), discovery, including document requests, interrogatories, and requests for admission (*id.* ¶¶ 3, 10-12), and the noticing of depositions related to confirmation of the Plan (*id.* ¶¶ 3, 13-14, 16).

6. Specifically with respect to expert witnesses, the Confirmation Procedures Order instructed all parties to "serve opening expert disclosures" by September 6, 2021, and to "serve opening expert reports" by September 13, 2021. *Id.* ¶ 3. It further provided "each Debtor and Eligible Creditor who has timely disclosed the identify of a witness in its Opening Expert Disclosures on or before September 6, 2021, shall disclose to the other Debtors and Eligible Creditors, with a copy to the Court and the PSA Parties, its Opening Expert Report(s) on or before September 13, 2021." *Id.* ¶ 19.

7. On September 6, the DRA Parties filed their opening expert disclosures, which identified Lizette Martinez, as well as Michael Gardner and/or Douglas J. Brickley, as opening expert witnesses (and as potential rebuttal expert witnesses). *The DRA Parties' Opening Expert Disclosures* [ECF No. 18042]; *see also* Mot. ¶ 4. Having designated such experts, the DRA Parties were obligated, pursuant to the terms of the Confirmation Procedures Order, to provide the Court, the Debtors, Eligible Creditors, and PSA Parties with copies of these experts' reports (the "DRA Expert Reports") by September 13, 2021. *See* Confirmation Procedures Order ¶ 19.

8. According to the DRA Parties, "[s]ignificant portions of the analysis and conclusions in the DRA Expert Reports" included information that had been designated as confidential under at least one of three operative Protective Orders.[5] Mot. ¶ 5. Due to their use of

---

[5] The "Protective Orders" refers to: (*i*) the *Stipulation and Protective Order* [ECF No. 12912], as amended in the *Stipulation and Amended Protective Order*, Adv. Proc. No. 20-00005 [ECF No. 76] (the "Revenue Bond Protective Order"); (*ii*) the *Confidentiality Agreement and Order*

4

confidential information, the DRA Parties served, rather than filed, copies of the DRA Expert Reports via email to the Court (under seal) and to various other parties with whom the DRA Parties have been litigating, including the Oversight Board. *Id*. ¶ 7. The DRA Parties acknowledge that not all Eligible Creditors received their opening reports. *Id.* ¶¶ 7, 16 (noting the DRA Parties did not serve the DRA Expert Reports "any other Eligible Creditors or PSA Parties" besides those the "Interested Parties," *e.g.*, the monolines, the Oversight Board, the Puerto Rico Fiscal Agency and Financial Advisory Authority, and the Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA and PBA)).

9. On September 15, 2021, the Court entered the Expert Reports Order. The Court stated that "[b]ased upon the Court's review of [the email from the DRA Parties to the Court attaching the Expert Reports], the [Expert Reports] do not appear to have been served on all Eligible Creditors, as that term is defined in the [Confirmation Procedures Order]." Expert Reports Order at 1. The Court instructed the DRA Parties to file by September 20, 2021 "either (i) a statement as to how the DRA Parties have complied with paragraph 19 of the Confirmation Procedures Order, or (ii) a motion for modification of the disclosure requirements of the Confirmation Procedures Order *with respect to the Expert Reports*." *Id.* at 1-2 (emphasis added).

10. On September 20, 2021, the DRA Parties filed the Motion, along with redacted versions of the Expert Reports and clean and redlined versions of their proposed amendments to

---

*in Connection with (a) Ambac Assurance Corporation's Motion for Entry of Order Authorizing Discovery under Bankruptcy Rule 2004 Concerning Commonwealth Assets [ECF No. 9022] and (b) Ambac Assurance Corporation's Motion for Entry of Order Authorizing Discovery under Bankruptcy Rule 2004 Concerning Commonwealth Cash Restriction Analysis [ECF No. 9023] [ECF No. 12920]* (the "Rule 2004 Protective Order"); and (*iii*) the Protective Order governing the Plan Depository (as defined in the Confirmation Procedures Order) [ECF No. 16681-2], as amended by ¶ 6(c) and (d) of the Confirmation Procedures Order (the "Plan Depository Protective Order").

5

the Confirmation Procedures Order. With respect to the Expert Reports, the Motion requested the Court accept the redacted versions as being properly filed and thereby disclosed to all Eligible Creditors, and proposed that unredacted copies be made available to Eligible Creditors and PSA Parties by posting them on the Plan Depository. Mot. ¶¶ 18, 19.

11. In addition, the DRA Parties "t[ook] this opportunity to address additional disclosure concerns caused by the Confirmation Procedures Order." *Id.* ¶ 20. They did so by proposing wholesale changes to the Confirmation Procedures Order such as the filing, rather than service, of all pre-Plan confirmation hearing discovery materials, including requests for discovery, responses and objections to such requests, and deposition notices. *Id.* ¶ 20 n.19. The DRA Parties also proposed Eligible Creditors wishing to participate in depositions relating to the confidential information included in their Expert Reports, as well as any other information deemed confidential under any one of the Protective Orders, enter into a *new, fourth* protective order subscription form. *Id.* ¶ 19; *see also id.* Ex. D.

## ARGUMENT

12. The Oversight Board does not object to the DRA Parties' submission of the Expert Reports as provided in the Motion, nor does it object to the DRA Parties' proposed revisions to the Confirmation Procedures Order regarding filing of opening and rebuttal expert disclosures and reports.[6] However, the Oversight Board files this Objection to the other relief requested by the DRA Parties. First, the requests are procedurally improper and violate the Case Management Order sections I.C., I.D., I.H., and I.I. Indeed, while posturing the Motion as a way to protect the

---

[6] If the Court enters an order granting the DRA Parties' request to accept the Expert Reports as duly filed, then the Debtors will upload unredacted copies of the Expert Reports to the Plan Depository, as set forth in the DRA Parties' and the Oversight Board's proposed amendments to the Confirmation Procedures Order. *See* Mot. Exs. C, D; *see also* Ex. A, B.

6

confidentiality of information in the DRA parties' expert reports, the DRA Parties actually propose new requirements for *all* parties participating in discovery related to confirmation of the Plan. Those procedures are at best unnecessary and inefficient, and at worst prejudicial. Accordingly, the Oversight Board respectfully requests the Court deny the Motion's relief seeking to modify and amend the Confirmation Procedures Order as set forth in Exhibits C and D to the Motion. Instead, to reflect the Oversight Board's position, attached as Exhibits A and B hereto are its own modest proposed modifications to the Confirmation Procedures Order in clean and redlined format.[7] *See* Exs. A and B.

**I. The DRA Parties' Proposal to File All Confirmation-Related Discovery Should Be Denied Because It Has No Basis in Governing Law and Is Needlessly Inefficient to the Court and All Participating Parties.**

13. The Motion proposes that *all* discovery-related documents contemplated by the Confirmation Procedures Order—including requests for production of documents, interrogatories, requests for admission, deposition notices, and any objections or responses thereto—be filed on the Court's docket, rather than served. *See* Mot. ¶ 20; *see also id.* Ex. D. This request is unwarranted for numerous reasons.

14. *First*, the Federal Rules of Civil Procedure do not provide for the filing of "discovery paper[s]." *See* Fed. R. Civ. P. 5(a)(1)(C).[8] Indeed, the Rules explicitly state that certain discovery related documents, including "depositions, interrogatories, requests for documents . . . ,

---

[7] The Oversight Board's proposed modifications to the Confirmation Procedures Order also take into account the Court's *Order Granting Modification of Certain Deadlines in Solicitations Procedures Order and Confirmation Procedures Order* [ECF No. 18258].

[8] *See also Walton v. First Merchants Bank*, 2019 WL 920883, at *3 (S.D. Ind. Feb. 5, 2019) (notices of deposition are to be served); *DIRECTTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002) (same for interrogatories); *Ecomed, LLC v. Asahi Kasei Med. Co.*, 2017 WL 7794352, at *2 (S.D. Fla. Apr. 21, 2017) (same for requests for production); *Cox v. Sherman Capital LLC*, 2013 WL 2432148 (S.D. Ind. June 4, 2013) (same for requests for admission).

7

and requests for admission," as well as objections thereto, "must not be filed until they are used in the proceeding or the court orders filing." Fed. R. Civ. P. 5(d)(1)(A). This portion of Rule 5(d) was specifically enacted in recognition of "the costs imposed on parties and courts by required filing of discovery materials that are never used in an action," and is expressly aimed at "supersed[ing] and invalidat[ing] local rules that . . . require filing." *See* Fed. R. Civ. P. 5, Advisory Committee Notes on Rules 2000 Amendment. Local Rule 26(a) aligns with Rule 5(d), as it states "[u]nless otherwise ordered by the court, depositions upon oral examination and interrogatories, requests for documents, [and] requests for admission . . . shall be served upon other parties but shall not be filed with the Court." D.P.R. Local R. Civ. P. 26(a). The DRA Parties' proposals are at odds with these instructions, as well as contrary to parties' normal practice before this and all other federal courts.

15. *Second*, the DRA Parties claim filing discovery documents is necessary "for all parties to have an understanding of what discovery is occurring." Mot. ¶ 20 n.19. However, the DRA Parties' stated rationale for the filing of all discovery-related documents is belied by the fact that the Debtors have been posting all documents produced in response to requests for production of documents in the Plan Depository, and parties who have access to the Plan Depository receive notifications whenever new documents are uploaded.

16. *Third*, while preparing for the Plan confirmation hearing, the Oversight Board is continuing to negotiate with certain stakeholders regarding their objections to the Plan. Often, such negotiations are taking place alongside discovery requests and disputes. Requiring parties to publicly file their discovery requests and responses could have a chilling effect on these negotiations, which are aimed at achieving a more consensual confirmation of the Plan.

8

17. Accordingly, the Oversight Board respectfully requests the Court reject the DRA Parties' proposed modifications to paragraphs 3, 5, 10, 16, and 21 of the Confirmation Procedures Order, except to the extent such modifications relate solely to the filing of opening and rebuttal expert disclosures or opening and rebuttal expert reports. The Oversight Board's proposed amendments to the Confirmation Procedures Order are set forth in the attached Exhibits A and B.

## II. The DRA Parties' Proposal of a New Protective Order Is Needlessly Inefficient and Can Be Addressed Through Less Invasive Means.

18. Based on their recognition that depositions of their identified experts may cover information deemed confidential under one or more of the Protective Orders, the DRA Parties propose amendments to the Confirmation Procedures Order's provisions regarding depositions. *See* Mot. ¶ 19; *see also id.* Ex. D ¶ 13. Those proposed modifications provide that, for depositions in which the witness will testify about confidential information subject to at least one of the Protective Orders, "only Eligible Creditors and/or parties in interest that are signatories to the Protective Orders, or whom have executed and filed a Protective Orders Subscription Form . . . may attend said deposition." Mot. ¶ 19(c). The Motion then attaches its proposed "Protective Orders Subscription Form" as a new Exhibit 4 to the Confirmation Procedures Order. *See* Mot. Exs. C, D.

19. By seeking to have all Eligible Creditors sign a new protective order subscription in order to participate in (or even attend) depositions which they are entitled to observe pursuant to the Confirmation Procedures Order (*see* Confirmation Procedures Order ¶ 13), the DRA Parties' proposal is grossly inefficient. To date, 153 Eligible Creditors or other parties in interest have signed the Plan Depository Protective Order, which, as per the Confirmation Procedures Order, gave them access to all confidential materials related to Plan confirmation. The DRA Parties themselves propose putting their Expert Reports, in unredacted form, on the Plan Depository (*see*

9

Mot. ¶ 19(d)); following their logic, this would require Eligible Creditors who have already signed the Plan Depository Protective Order to *also* sign this new form, because the Expert Reports include confidential information governed by the Revenue Bond Protective Order. Moreover, because the new protective order subscription would affect Eligible Creditors' participation in confirmation proceedings (especially the over 3,300 that have filed Notices of Intent to Participate in Discovery thus far), the Debtors would need to ensure all Eligible Creditors receive notice of this new requirement. This would be costly and disruptive to the Debtors, given the number of Eligible Creditors who would need to be so informed, the fact that the vast majority of such creditors would need to be informed via U.S. mail,[9] and the need to provide such creditors with sufficient time to review the Protective Orders before signing the new subscription form.

20. Moreover, the Oversight Board is aware that the parties to the Revenue Bond Protective Order, including the DRA Parties, are in the process of negotiating amendments to that order to allow confidential materials as designated therein be used in connection with Plan confirmation. Should such amendments be made, the DRA Parties' concerns regarding confidentiality of the materials in their Expert Reports would be obviated, and the Plan Depository Protective Order would govern all pre-confirmation proceedings.

21. That said, the Oversight Board recognizes the DRA Parties' need to ensure its forthcoming rebuttal expert report, if any, and expert depositions do not violate any of the Protective Orders. The Oversight Board therefore agrees with the DRA Parties' proposal that any party filing a rebuttal expert report that includes confidential information pursuant to any of the

---

[9] Although 252 Eligible Creditors have accounts with the Plan Depository to date, and could be informed via email, the vast majority of Eligible Creditors (including the portion of the 3,366 Eligible Creditors who have filed a Notice of Intent to Participate in Discovery but did not provide an email address with such filing) would need to receive notice of the subscription via U.S. mail.

Protective Orders must file redacted versions of their rebuttal expert reports, and contemporaneously provide unredacted versions to the Oversight Board for posting in the confidential section of the Plan Depository.

22. With respect to depositions, the Oversight Board hopes that the parties to the Revenue Bond Protective Order are able to agree to amendments in order to allow the use of confidential material in connection with confirmation. Should such amendments be made, then the Oversight Board is willing to meet and confer with the DRA Parties (and other relevant stakeholders) prior to depositions in which confidential material may be discussed in order to ensure that all Eligible Creditors seeking to participate in such depositions have signed the Plan Depository Protective Order.[10]

23. Accordingly, the Oversight Board respectfully requests that the Court reject the DRA Parties' proposed modifications to paragraphs 13 of the Confirmation Procedures Order, and instead incorporate the proposed modifications outlined above.

## **CONCLUSION**

24. For the foregoing reasons, the Oversight Board respectfully requests that the Court (*i*) deny the Motion in part, (*ii*) reject the DRA Parties' proposed edits to paragraphs 3, 5, 10, 13, 16, and 21 of the Confirmation Procedures Order, (*iii*) amend the Confirmation Procedures Order as set forth in the proposed Exhibits A and B, and (*iv*) grant such other relief as is just.

*[Remainder of Page Intentionally Left Blank]*

---

[10] Numerous parties, including the Oversight Board and the DRA Parties, are in the process of determining dates for all depositions that have been noticed thus far. Once a schedule has been agreed upon, the Oversight Board will, on behalf of the Debtors, file one or more informative motions to notify Eligible Creditors of the deposition dates, times, and instructions for virtual access. The Oversight Board will also post these informative motions in the Plan Depository.

Dated: September 28, 2021
San Juan, Puerto Rico

Respectfully submitted,

/s/ Martin J. Bienenstock

Martin J. Bienenstock
Brian. S. Rosen
Margaret A. Dale
Julia D. Alonzo
(Admission *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

/s/ Hermann D. Bauer

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

## CERTIFICATE OF SERVICE

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case, and further caused notice to be delivered as described in the motion.

/s/ *Hermann D. Bauer*
Hermann D. Bauer