**Hearing Date: October 6, 2021 at 9:30AM (Atlantic Standard Time)**

# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>                Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>                Movants<br><br>                v.<br><br>PETER C. HEIN, THE PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY, AMERINATIONAL COMMUNITY | |

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

SERVICES, LLC, AND CANTOR KATZ
COLLATERAL MONITOR LLC,

                                   Respondents.

**DEBTORS' OMNIBUS REPLY IN SUPPORT OF MOTION *IN LIMINE* IN RESPECT OF
EVIDENCE CONCERNING WHETHER THE PROPOSED PLAN OF ADJUSTMENT IS
CONSISTENT WITH THE CERTIFIED FISCAL PLAN**

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"),

as the sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth"),

the Employees Retirement System of the Government of the Commonwealth of Puerto Rico

("ERS"), and the Puerto Rico Public Buildings Authority ("PBA," and together with the

Commonwealth and ERS, the "Debtors") pursuant to section 315(b) of the *Puerto Rico Oversight,*

*Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submits this omnibus

reply in support of *Debtors' Motion* in Limine *in Respect of Evidence Concerning Whether the*

*Proposed Plan of Adjustment Is Consistent with the Certified Fiscal Plan*[3] [ECF No. 18116] (the

"Motion *in Limine*"), in response to Peter C. Hein's *Response and Objection to* [*the Motion* in

Limine] [ECF No. 18181] ("Hein Response"), the *Puerto Rico Fiscal Agency and Financial*

*Advisory Authority's* ("AAFAF") *Reservation of Rights Regarding* [*the Motion* in Limine] [ECF

No. 18187] ("AAFAF Response"), and AmeriNational Community Services, LLC and Cantor-

Katz Collateral Monitor LLC's  (the "DRA Parties") *Opposition to* [*the Motion* in Limine] [ECF

No. 18188] ("DRA Parties Response").

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

[3] The "Certified Fiscal Plan" refers to the *Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth
of Puerto Rico, et al*. [ECF No. 17627] (as it may be amended, modified, or supplemented, the "Plan").

## INTRODUCTION

1.      The responses to the Motion *in Limine* raise two primary arguments.  They claim: (1) the motion is improper procedurally; and (2) PROMESA § 106(e) does not preclude the Court from determining whether the plan of adjustment is consistent with the certified fiscal plan.  The first argument fails because the Oversight Board properly noticed the Motion *in Limine* for the October omnibus hearing in accordance with the Court's orders.  The second argument fails as a matter of statutory construction because § 106(e) expressly divests the Court of jurisdiction to review the Oversight Board's § 104(j) certification that the plan of adjustment is consistent with the certified fiscal plan.  The additional arguments raised in the responses are largely sideshows dispelled below.

## ARGUMENT

### I.      The Motion *in Limine* Is Not Premature.

2.      The responding parties object to the Motion *in Limine* claiming it violates the Court's case-management orders.  *See, e.g.*, AAFAF Response ¶ 2; DRA Response ¶¶ 8–12.  The motion, however, was timely filed in connection with the October omnibus hearing.  Nothing in the briefing schedule for confirmation prohibits any party, including the Oversight Board, from filing motions in advance of the schedule's deadlines and in time for the October omnibus hearing, especially when the earlier filed motion creates efficiencies for all parties.

3.      Because the outcome of the Motion *in Limine* may materially affect discovery and the preparation of evidence, it is beneficial to all parties for the motion to be raised and resolved earlier rather than later.  In the motion, the Oversight Board identified for the benefit of all parties-in-interest an important evidentiary issue concerning whether evidence of the Plan's consistency with the fiscal plan is admissible for confirmation purposes.

4.      Plainly, no party was prejudiced by the timing of the Motion *in Limine*.  To the contrary, the objecting parties were able to oppose the motion in due course as evidenced by their filings.

## II.     The Motion *in Limine* Does Not Seek an Advisory Opinion.

5.      Contrary to the assertion in the Hein Response (at 1–2), the Motion *in Limine* does not seek an advisory opinion, any more than if the Oversight Board raised its evidentiary objection at the confirmation hearing.  The Oversight Board seeks a ruling that certain evidence would be inadmissible because this Court lacks subject-matter jurisdiction to review the Oversight Board's certification that the Plan is consistent with the fiscal plan.  The motion addresses an actual and imminent controversy arising in the confirmation hearing scheduled to commence in November.  Indeed, the objections to the motion prove there is a live controversy with respect to this issue.

6.      The fact that the Plan or the fiscal plan may be amended before confirmation does not render the issue advisory.  Regardless of what the Plan or the certified fiscal plan states on the confirmation date, the question of whether this Court lacks subject-matter jurisdiction to consider evidence concerning the consistency between the Plan and the fiscal plan—other than evidence of the Oversight Board's certification—is an issue that must be addressed at confirmation pursuant to PROMESA § 314(b)(7).

7.      Allowing parties to proffer evidence on the issue of consistency does not detract from the actual controversy.  Rather, allowing the parties to proffer evidence that the Court ultimately should not consider will create a complete appellate record and render any subsequent proceedings more efficient.  Indeed, if the objection were first raised at the confirmation hearing, the Court could sustain the objection, but allow parties to proffer evidence for the sake of the record.  Parties can choose whether, and to what extent, they will proffer evidence on the issue of

consistency—but the controversy concerning jurisdiction remains, and the Court's resolution of this motion will inform the parties on that important issue.

### III.   The Motion *in Limine* Does Not Implicate Due Process Rights.

8.   The DRA Parties misconstrue the Motion *in Limine* when they argue the relief requested would violate their due process rights.  DRA Response ¶¶ 13–14.  The premise of the DRA parties' argument is that the motion violates due process by seeking to preclude parties from introducing certain evidence in connection with confirmation.  *Id.*  That premise is false.  The Motion *in Limine* is simply an evidentiary objection that could be made at the confirmation hearing, but is made earlier for the sake of efficiency.

9.   Moreover, the motion is clear that the Oversight Board does not seek to preclude any proffers of evidence concerning whether the Plan is consistent with the certified fiscal plan.  *See* Motion *in Limine* ¶¶ 5, 15.  The Oversight Board merely seeks a ruling that the Title III court lacks subject-matter jurisdiction to review the Oversight Board's certification of the Plan as consistent with the fiscal plan.  The exact same evidentiary objection could be made at trial, and the Court could issue the same ruling the Oversight Board currently requests.  Due process is not implicated.[4]

### IV.   PROMESA Divests the Title III Court of Jurisdiction to Review the Oversight Board's Certification Determinations under § 104(j).

10.   The objecting parties are wrong when they argue the Court has jurisdiction to make an independent determination concerning the Plan's consistency with the fiscal plan notwithstanding PROMESA § 106(e).   DRA Response ¶¶ 15–24; Hein Response at 3–5.

---

[4] The DRA Parties' cases do not hold otherwise.  DRA Response ¶ 14.  The issue in *Arch Wireless, Inc. v. Nationwide Paging, Inc. (In re Arch Wireless, Inc.)*, 534 F.3d 76, 79, 82–87 (1st Cir. 2008), and *In re DCA Development Corp.*, 489 F.2d 43, 46 n.10 (1st Cir. 1973), was whether a creditor received sufficient notice of bankruptcy proceedings.  Neither case supports the proposition that a motion *in limine* appropriately noticed to creditors cannot resolve issues bearing on confirmation.

PROMESA § 106(e) expressly divests the Title III court of jurisdiction to review the Oversight Board's "certification determinations." The Oversight Board has certified the Plan is consistent with the fiscal plan pursuant to PROMESA § 104(j). By the plain terms of § 106(e), the Court has no jurisdiction to overturn that certification.

11.     The objecting parties contend § 106(e) applies only to certification determinations involving fiscal plans or budgets. Hein Response at 4–5; DRA Response ¶ 20. By its terms, however, § 106(e) covers all "certification determinations under [PROMESA]." It is not limited to certification decisions concerning budgets or fiscal plans. The Oversight Board certified the Plan as consistent with the fiscal plan pursuant to PROMESA § 104(j). That certification determination under PROMESA § 104(j) is subject to PROMESA § 106(e). The fact that the Plan contemplates the confirmation order will contain a determination that the Plan is consistent with the fiscal plan in accordance with PROMESA § 314 is not to the contrary. The determination of consistency is based on the Board's certification under § 104(j), which is dispositive with respect to the question of consistency.

12.     Hein's contention that, if the Motion *in Limine* were granted, the fiscal plan would "dictate" the outcome of confirmation and destroy voting rights is misguided. *See* Hein Response at 4. Consistency between the fiscal plan and Plan is just one of many issues to be determined at confirmation, and it does not "dictate" the outcome of the confirmation process. *See* PROMESA § 314(b)(1)–(6). The requested ruling does not impact voting rights or predetermine that the Plan should be confirmed.

13.     Moreover, the Oversight Board can amend the certified fiscal plan at any time to make it consistent with the Plan, as no oversight board would ever propose a plan of adjustment requiring more debt than it believes can be sustained. Thus, Hein loses no rights if the motion

6

were to be granted because he had none.  In essence, PROMESA § 314(b)(7) simply focuses the Oversight Board on the importance of not formulating a plan of adjustment requiring debt in excess of what the Commonwealth can sustain.

**V.      The Remaining Arguments in the Hein Opposition Have No Bearing on this Motion.**

14.      The Hein Opposition argues at length that the fiscal plan certified by the Oversight Board is defective and that the Plan is inconsistent with the fiscal plan in any event.  *See* Hein Response at 5–10.  While the Oversight Board categorically disputes each and every one of Hein's contentions, they are irrelevant for purposes of this motion.  The question before the Court is whether § 106(e) divests the Court of jurisdiction to review the Oversight Board's certification of the Plan under § 104(j).  The answer to that question does not in any way turn on the contents of the Plan or the fiscal plan.  By challenging the fiscal plan and the Plan's consistency with the fiscal plan, Hein raises precisely the types of challenges that § 106(e) divests the Court of jurisdiction to consider.

15.      Hein's complaint about allegedly withheld audited financials is even further afield and completely unwarranted.  Hein Response at 11–12.  The Motion *in Limine* concerns the admissibility of evidence concerning the consistency of the Plan with the certified fiscal plan.  It has nothing to do with audited financials.

## <u>CONCLUSION</u>

16.      The Oversight Board respectfully requests that the relief sought in its Motion *in Limine* be granted in the proposed order annexed thereto and that the Court grant the Oversight Board such other and further relief as is just.

*[Remainder of Page Intentionally Left Blank]*

Dated: September 29, 2021
    San Juan, Puerto Rico

Respectfully submitted,

*/s/   Martin J. Bienenstock*

Martin J. Bienenstock
Brian. S. Rosen
(Admission *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

Timothy W. Mungovan
**PROSKAUER ROSE LLP**
One International Place
Boston, MA  02110
Tel: (617) 526-9600

Michael A. Firestein
**PROSKAUER ROSE LLP**
2029 Century Park East
Suite 2400
Los Angeles, CA 90067

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

*/s/   Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

/s/ *Hermann D. Bauer*
Hermann D. Bauer
