UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

-------------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of

THE COMMONWEALTH OF PUERTO RICO,
*et al.*,

          Debtors.

-------------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS
(Jointly Administered)

**[Motion related to Docket #18258, #17627, #17639, #18236, #18237]**

**NOTICE OF HEARING AND MOTION OF INDIVIDUAL BONDHOLDER FOR AN ORDER FURTHER EXTENDING THE VOTING DEADLINE FOR RETAIL INVESTORS SEVEN DAYS AND FOR ADDITIONAL RELIEF TO REMEDY PROBLEMS IN THE SOLICITATION PACKAGES AND PROCESSES**

Dated:  September 29, 2021

**PLEASE TAKE NOTICE** that:

1. On September 29, 2021, movant served the subject motion.

2. Any response or objections to the motion must be served upon:

> Peter C. Hein, pro se
> 101 Central Park West, Apt. 14E
> New York, NY 10023
> petercheinsr@gmail.com

> as well as all other parties entitled to notice under the Court's rules and procedures.

3. An urgent motion is being filed to accompany this motion to request an accelerated schedule for briefing and resolving this motion, which movant believes can be resolved on submission. The relief requested in the Motion may be granted by the Court without a hearing if no objection is timely filed and served.

**NOTICE OF HEARING AND MOTION OF INDIVIDUAL BONDHOLDER FOR AN
ORDER FURTHER EXTENDING THE VOTING DEADLINE FOR RETAIL INVESTORS
SEVEN DAYS AND FOR ADDITIONAL RELIEF TO REMEDY PROBLEMS IN THE
SOLICITATION PACKAGES AND PROCESSES**

This motion seeks the relief described below and in the accompanying [proposed] order, and

as described in the accompanying "Memorandum in Support of Motion of Individual Bondholder for

an Order Further Extending the Voting Deadline for Retail Investors Seven Days and for Additional

Relief to Remedy Problems in the Solicitation Packages and Processes, namely:

I.      further extend the voting deadline for Retail Investors for seven days, to October 25, 2021 at 5:00 p.m. (Atlantic Standard Time).

II.      Retail Investors should be given the option in the FOMB solicitation process to deliver their bonds through the Automatic Tender Offer Program at DTC with a certification that such holder is a Retail Investor, but not be required to additionally vote either "accept" or "reject" in order to be eligible for the Retail Support Fee.

III.      FOMB should be required to provide the notice of voting and election instructions and the other additional and corrected disclosures referenced in the moving papers.

IV.      any other relief that is just, proper or appropriate to effectuate the objective of this motion.

September 29, 2021

                                    /s/ Peter C. Hein
                           Peter C. Hein, pro se
                           101 Central Park West, Apt. 14E
                           New York, NY  10023
                           petercheinsr@gmail.com
                           917 539 8487

**[Proposed] Order**

The Court has considered the "Motion of Individual Bondholder for an Order Further Extending the Voting Deadline for Retail Investors Seven Days and for Additional Relief to Remedy Problems in the Solicitation Package and Processes", filed by Peter C. Hein, and the opposing and reply papers thereon.

It is hereby ordered that the "Motion of Individual Bondholders for an Order Further Extending the Voting Deadline for Retail Investors Seven Days and for Additional Relief to Remedy Problems in the Solicitation Package and Processes" is granted.

This Order resolves Docket Entry No. _____ in Case No. 17-3283.

SO ORDERED,

Dated: _____ __, 2021

_____
LAURA TAYLOR SWAIN
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

-----------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of

THE COMMONWEALTH OF PUERTO RICO,
*et al.*,

         Debtors.

-----------------------------------------------------------------x

PROMESA
Title III


No. 17 BK 3283-LTS
(Jointly Administered)


**[Motion related to Docket #18258, #17627, #17639, #18236, #18237]**

**MEMORANDUM IN SUPPORT OF MOTION OF INDIVIDUAL BONDHOLDER FOR
AN ORDER FURTHER EXTENDING THE VOTING DEADLINE FOR RETAIL
INVESTORS SEVEN DAYS AND FOR ADDITIONAL RELIEF TO REMEDY
PROBLEMS IN THE SOLICITATION PACKAGES AND PROCESSES**

Dated:  September 29, 2021

## Table of Contents

Page

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT;  THE VOTING DEADLINE FOR RETAIL INVESTORS SHOULD BE
    FURTHER EXTENDED BY SEVEN DAYS....................................................................1

A.    Solicitation packages with ballots or notices with instructions for voting
      were to be mailed by August 30, 2021, but did not begin arriving until
      September 23, 2021 and were incomplete. .............................................................1

B.    FOMB's intention to file a Plan Supplement on October 11, 2021, coupled
      the requirement by brokerage firms that Retail Investors provide their
      instructions far in advance of the Court ordered voting deadline,
      necessitate an additional seven day extension for Retail Investors. .......................4

C.    The failure to provide timely and clear notice, including a copy of the
      applicable notice of voting and election instructions. ............................................5

D.    The perfunctory hard copy notices in the solicitation packages are
      misleading and the procedures do not comply with Plan terms...............................6

    1.   There is no disclosure in the hard copy notices provided to
         individual Retail Investors in the solicitation package that to
         qualify for the Retail Support Fee they must have their bonds
         delivered through the Automatic Tender Offer Program at DTC
         with a certification that such holder is a Retail Investor............................6

    2.   FOMB has imposed a requirement in its solicitation procedures for
         eligibility for the Retail Support Fee not specified in, and
         inconsistent with, the Plan and Disclosure Statement. ............................. 8

    3.   The 9-24-2021 "Voluntary Corporate Action" notice (Ex. D)
         misleadingly states (page 006) that "if you do meet the definition
         of Retail Investor and do not vote to accept the Plan you risk not
         receiving your pro rata portion of the Retail Support Fee." ......................9

    4.   There is nothing in the two line notice or the 2 pages of text of the
         Prime Clerk memo (#18237-page-16-to-18-of-35) that tells an
         individual that they have the right to request a hard copy of the
         documents on the flash drive. ...................................................................9

    5.   The perfunctory notice tells Retail Investors that "[i]f you wish to
         participate in the event, please coordinate with your Bank/Broker
         directly prior to the specified deadline of October 4, 2021," but

does not tell Retail Investors the internal date set by the brokerage
firm for instructions may be much sooner.. ..................................................9

E.      I have standing to complain and request an extension of the voting
deadline and the other relief requested herein. .......................................10

CONCLUSION AND ADDITIONAL RELIEF REQUESTED IN LIGHT OF FOMB'S
STATED INTENTIONS AND NEW INFORMATION ABOUT FOMB'S
SOLICITATION...............................................................................................12

## TABLE OF ABBREVIATIONS AND CITATIONS

| | |
|---|---|
| # | Docket entries are referred to in the form of "#__" |

Peter C. Hein, pro se, submits this motion seeking an order further extending the voting deadline for Retail Investors seven days and for additional relief to remedy problems in the solicitation packages and processes.

## PRELIMINARY STATEMENT

The Plan provides for eight classes comprised of Retail Investors.  As previously noted, Commonwealth sold its bonds to individual investors nationwide, including in the 50 states, years before PROMESA was even in prospect.[1]  After these proceedings began, approximately 1,700+ individual bondholders filed notices of participation.[2]  There is no committee representing Retail Investors.  (#17724, #6534)  A further seven day extension of the voting deadline is necessary because it has become apparent that Retail Investors must give their instructions to their brokers well in advance of the voting deadline this Court sets, and additional relief is also necessary to remedy problems with the solicitation packages and processes.

## ARGUMENT:  THE VOTING DEADLINE FOR RETAIL INVESTORS SHOULD BE FURTHER EXTENDED BY SEVEN DAYS

### A.   Solicitation packages with ballots or notices with instructions for voting were to be mailed by August 30, 2021, but did not begin arriving until September 23, 2021 and were incomplete.

The current voting deadline is Monday, October 4, 2021 at 5 p.m. AST.  On September 27, 2021 the Court extended the voting deadline to October 18, 2021.  #18258.

This Court's order (#17639) required "solicitation packages" with ballots or notices with instructions for voting and/or election to be mailed by August 30, 2021 (#17639-page-4-¶-D, page-8-¶11, page-10-¶13).  I filed my September 24, 2021 motion to extend the voting deadline for Retail Investors because, as discussed in my motion (#18237), it had become apparent that there have been delays in the mailing of "solicitation" packages, including ballots or notices with instructions for voting and/or election, to Retail Investors.  Only on the afternoon of September 23, 2021 – three and

---

[1]  *E.g.*, #16908-page-1-n.1,48,63-64,70,88-90,98,to-112-of-178; #9508-page-11&n.12-to-12; #9508-20, #9508-21, #9508-22-page-10-of-12.

[2]  #7154-page-3&n.6-of-14; #7450-page4-to-5&n.2-of-19.

one-half weeks after August 30 – did I receive the first four of what appear to be intended as "solicitation" packages.  These four packages, three from one broker and a fourth a second another broker, had only part of the information that should have come in a "solicitation" package, namely, a one page, one sentence "Dear Client" notice; a two page memo – with a 13 page list of CUSIPs – on Prime Clerk letterhead; and a flash drive with the plan, disclosure statement and a copy of pages 1 to 27 of #17639 – 5420 pages in English, and 5420 pages in Spanish.  See #18237-page-8-to-10, 16-to-31-of-35.  Based on my review of the materials, I did ***not*** see a ballot or notice of voting and election instructions in these materials.  An example of the one page notice is annexed to #18237 as Exhibit A; an example of the Prime Clerk memo is annexed to #18237 as Exhibit B.  See #18237-page-16-to-31-of-35.

Because there is no Retail Investor committee (or other bondholder committee) there is no one in a position to broadly survey the status of mailings to Retail Investors.  However, my brokers are major brokerage firms (Merrill Lynch and Morgan Stanley), so there is every reason to believe the delays in receipt of solicitation packages by Retail Investors are widespread and the result of a delay in the solicitation process by FOMB and its solicitation agent, and not the result of a delay by any one particular brokerage firm.

Moreover, the Court's order provided that creditors were to receive "the appropriate form of Ballot or Notice" (#17639-page-10-of-27 ¶ 13).  Holders of claims in Bond classes were supposed to get "instructions in the applicable Notice" (#17639-page-17-to-18-of-27).  An example of the "Notice of Voting and Election Instructions for Holders" is in #17639-3.  However, even the flash drive had only the first 27 pages of #17639 – I do not see any "Notice of Voting and Election Instructions" even on the flash drive that came in the supposed "solicitation" packages I received on September 23.

The Prime Clerk memo (Ex. B) states that "[t]o supplement the hard copy mailing and/or other communication from your broker nominee . . . Prime Clerk has made electronic copies of the below materials (the "Bondholder Solicitation Materials") on https://cases.primeclerk.com/puertorico/.  [sic]   Please access these Bondholder Solicitation

2

Materials by clicking the "Bondholder Solicitation Materials" link located on the left-hand navigation panel of the web page." The Prime Clerk memo then lists "Bondholder Solicitation Materials" including various "Voting and Election Notice" documents.

But, as noted, none of the four packets I received on September 23 had any "Voting and Election Notice" for any class of bonds, much less the classes for the CUSIPs I hold, identified on the one page notice form (e.g., Ex. A, #18237-page-16-of-35).

I then went to the referenced Prime Clerk website. I did not see "Bondholder Solicitation Materials" listed in the left-hand navigation panel when I looked in the early morning of September 24. See my screenshot of this, Ex. C, #18237-page-32-to-35-of-35. There was a link for "Commonwealth Solicitation Materials" (for class 68, 55, 57, 67, 63, 64). There was a link for "Commonwealth Flash Drive Materials," but that looks like the same flash drive that came in the packet from Merrill that does not have any "Voting and Election Notice" for any class of bonds. Finally, there was a link called "Noteholder Solicitation Materials". Clicking on that link the first item is the Ballot for Class 5, 27 Vintage PBA Bond Claims (FGIC). Only if one scrolled down through 10 other items did one see "Puerto Rico - 55668-04 - Classes 1-7-23 Voting and Election Notice (10)", and other items follow, none of which are tied in any clear way to the particular holdings of the particular individual bondholder who received the mailing that, as noted, did not include in either hard copy form or even on the flash drive the Voting and Election Notice for the particular class of bonds held by the individual receiving the mailing.

This was extremely confusing to me, and I have attempted to follow these proceedings. An individual (and an individual's broker, for that matter) who have not been following these proceedings will likely be completely confused.

In any event, under this Court's order (#17639) bondholders were supposed to receive "the appropriate form of Ballot or Notice", and Debtors did not do what #17639 required.

**B.   FOMB's intention to file a Plan Supplement on October 11, 2021, coupled the requirement by brokerage firms that Retail Investors provide their instructions far in advance of the Court ordered voting deadline, necessitate an additional seven day extension for Retail Investors.**

In my September 24 motion I noted that, while I then sought a voting deadline extension to at least October 18, 2021 to be consistent with what the Retired Employee Committee and UCC had requested, I reserved the right to seek further relief with respect to the voting deadline if additional issues pertinent to the delivery to DTC and voting process arose.  #18237-pages 3, 13-of-35.

Following the submission of my original motion (#18236, #18237), I learned (i) that FOMB now intends to file a Plan Supplement pertinent to the New GO Bonds an CVIs on October 11, 2021 (#18243-page-5-of-13-¶6), and (ii) that the actual deadline for a Retail Investor customer at one of my brokers – Merrill – would appear to be six days before voting deadline set by the Court.  #18247-page-1-to-3, 11-to-13-of-17.  With the extension by the Court of the voting deadline to October 18, 2021, that means – absent further relief from the Court – the effective deadline for action by Retail Investors at Merrill will be October 12 at 3 p.m. (six days before the current Court-established voting deadline).  (After filing #18247, and again checking my on-line Merrill Lynch account today before finalizing these papers, I found three additional notices similar to Exhibit D hereto – but dated September 27, 2021, rather than September 24, 2021 (the date of Ex. D) – each stating the deadline to notify Merrill of one's instructions is September 28, 2021.   While presumably in due course Merrill will change the date, following the same six-day-in-advance convention, I anticipate the new deadline for instructions at Merrill will be October 12 at 3 p.m.)

This new information was set forth in a reply on my motion (#18237) and response to FOMB's cross motion (#18243) that I filed (as #18247) on September 26, 2021.  See reply and response at #18247.  With respect to the additional relief I requested in my September 26, 2021 reply and response, the Court stated that such requests are denied without prejudice to inclusion in a future motion.  #18258-page-3-of-4.

Giving a Retail Investor at best 24 hour hours to obtain, review and consider the Plan Supplement is an unreasonably short time and would violate the Due Process and procedural rights

4

of Retail Investors, including me.  (If FOMB files the Plan Supplement late in the day on October

11, the Retail Investor will have less than 24 hours.)  Such a short period is particularly unreasonable

for Retail Investors who at any particular point may be traveling, working or be attending to other

commitments on October 11 and 12.

      In order to provide Retail Investors the seven days that FOMB itself acknowledges

bondholders should have to review and consider the FOMB's October 11 Plan Supplement (#18243-

page-5-of-13-¶6), the deadline for voting for Retail Investors must be pushed back at least 13 days

after October 11 date on which FOMB proposes to file this Plan Supplement, i.e., to October 25,

2021(October 24 is a Sunday), in which event a Retail Investor who is required to provide

instructions to the broker six days in advance would have (if the added seven day extension I am

requesting is granted) until October 19, 2021 at 3 p.m.

      By FOMB's own admission, setting the Voting Deadline for Retail Investors on October 25

would not present a practical problem since, FOMB acknowledges that (i) "tabulation of votes with

respect to GO Bonds, PBA Bonds, and ERS Bonds is accomplished in short order" (#18243-page-4-

of-13-¶5), and (ii) bond class "votes may be readily electronically tabulated via DTC's ATOP

program" (#18243-page-6-of-13-¶12).  (If, hypothetically there is a problem from FOMB's point of

view, then FOMB should undertake to submit its Plan Supplement by, for example, October 4, if

FOMB is insistent on a Court-imposed voting deadline of October 18.)  Furthermore, if FOMB is

concerned about having a different deadline for non-Retail Investors than Retail Investors, the

solution is to extend the deadline for all bondholders to October 25, 2021.

      **C.**    **The failure to provide timely and clear notice, including a copy of the
applicable notice of voting and election instructions, is highly prejudicial
to Retail Investors.**

      As I pointed out, the solicitation packages mailed to Retail Investors do not include a notice

of voting and election instructions or a ballot.  The Court's order (#17639) required that a notice of

voting and election instructions or ballot be part of the solicitation package.  (#18237-page-9-to-10-

of-35)  FOMB's failure to do what the Court's order requires still needs to be remedied.

Furthermore, the solicitation packages mailed to Retail Investors should include a clear and prominent statement that the Retail Investor must deliver his or her bonds before the voting deadline to the Automatic Tender Offer Program at DTC to be eligible to receive a share of the Retail Support Fee, as discussed below in Section D.1.

### D.    The perfunctory hard copy notices in the solicitation packages are misleading and the procedures do not comply with Plan terms.

I have also received solicitation packages from my second broker, Morgan Stanley, which are essentially identical to those received from Merrill Lynch.[3]  This strongly suggests that the perfunctory two line "Dear Client" notice (#18237-page-16-of-35) was prepared by or on behalf of FOMB or a solicitation agent for FOMB, not separately crafted by each brokerage firm.[4]

From the point of view Retail Investors, the perfunctory hard copy notices – whose content appears to have been prescribed by FOMB or the solicitation agents, not a particular brokerage firm – are misleading and the procedures being employed are not consistent with Plan terms:

### 1.    There is no disclosure in the hard copy notices provided to individual Retail Investors in the solicitation package that to qualify for the Retail Support Fee they must have their bonds delivered through the Automatic Tender Offer Program at DTC with a certification that such holder is a Retail Investor.

There is no disclosure in the hard copy notices provided to individual Retail Investors in the solicitation package that to qualify for the Retail Support Fee they must have their bonds delivered through the Automatic Tender Offer Program at DTC with a certification that such holder is a Retail Investor.  *See* #18237-page-11,16-to-18-of-35.

---

[3] I received four GO solicitation packages on September 23, and one additional GO package and a PBA package on September 24.  In endeavoring to reconcile the additional notices I received on Friday afternoon, September 24, and the four notices I received Thursday afternoon, September 23, with my holdings, I realized that one of the four notices I received on Thursday was from Morgan Stanley, and the other three received on Thursday were from Merrill.  Since the packets from both firms looked the same, I had originally not realized that I had received solicitation packages for only three of the four GO and PBA positions I have at Merrill on Thursday, and that one of the four packages I received on Thursday was from Morgan Stanley.

[4] In #18236 and #18237 I described the notice as a "one sentence" "Dear Client" notice.  Focusing on this notice more carefully, I realize it is a perfunctory two sentences on two lines, not one sentence on two lines.

If a confused Retail Investor does not deliver his or her bonds before the voting deadline to the Automatic Tender Offer Program at DTC, a paragraph buried on page 513 of the Disclosure Statement (among the 5420 pages in English on the flash drive) suggests that individual will lose any chance to obtain his or her share of the Retail Support Fee:

> Distribution of the Retail Support Fee, if any, to a holder of an Allowed PBA Bond Claim or Allowed CW Bond Claim is subject to the delivery, on or before the Voting Deadline, of such holder's applicable bonds through the Automatic Tender Offer Program at The Depository Trust Company with a certification that such holder is a Retail Investor. (#17628-page-527-of-624). (See also Plan §§77.1(a) and (b), #17627-page-158-of-291).

For every confused Retail Investor who does not timely act, the parties who negotiated the bondholder treatment benefit, by receiving all or part of any unallocated Retail Support Fee. See Plan §3.6 (#17627-page-98-of-291). By contrast, it is hard to imagine how the requested extension could possibly prejudice FOMB – particularly since FOMB appears to be planning to file a new fiscal plan, and likely a new plan of adjustment, on or after October 20, 2021, see #18181-page-7,17,157-of-157, and as noted in Section B, above, FOMB admits that "tabulation of votes with respect to GO Bonds, PBA Bonds, and ERS Bonds is accomplished in short order" (#18243-page-4-of-13-¶5).

A supplemental notification of a new voting deadline needs to be explicit that this delivery requirement exists. Otherwise, an individual who wishes to potentially qualify for the Retail Support Fee but who does not wish to vote "accept" or "reject" - perhaps because they are confused or because they do not have the time or ability to review the thousands of pages of material on the flash drive or because of other reasons and concerns about provisions of the plan - will be deprived of an ability to receive his or her share of the Retail Support Fee simply because the individual did not deliver his or her bonds through the ATOP at DTC. This trap for the unwary Retail Investor is particularly improper because, as noted, for every confused Retail Investor who does not timely act,

the parties who negotiated the bondholder treatment will benefit, by receiving all or part of any unallocated Retail Support Fee.  *See* Plan §3.6 (#17627-page-98-to-99-of-291).

> **2.** **FOMB has imposed a requirement in its solicitation procedures for eligibility for the Retail Support Fee not specified in, and inconsistent with, the Plan and Disclosure Statement.**

I have now learned from Merrill that Retail Investors are ***not*** being given the option to deliver their bonds through the Automatic Tender Offer Program at DTC with a certification that such holder is a Retail Investor, but not vote either "accept" or "reject".  *See* Ex. D, pages 003 to 006, annexed hereto.  (I infer the language for the "options" and "event details" on Ex. D, pages 003 to 006, comes from FOMB and was not crafted by Merrill.)   In other words, there is no option for someone who does not feel comfortable voting "accept" or "reject" to abstain or not vote, yet still deliver their bonds so they are eligible for the Retail Support Fee.  Retail Investors who deliver their bonds through ATOP and certify they are Retail Investors should not additionally be required to vote "accept" or vote "reject" in order to potentially share in the Retail Support Fee.

The additional requirement in FOMB's solicitation materials that a particular Retail Investor vote "accept" or "reject" is not provided for in the Plan itself, *compare* §§1.438, 3.6 and 77.1(a) & (b), #17627-page-81-to-82,98-to-99,158-of-291.  As per these Plan provisions, eligibility for the Retail Support Fee turns on the vote of a retail class, not a particular Retail Investor.  The requirement in Plan §§77.1(a) & (b) is simply delivery through ATOP with a certification that such holder is a Retail Investor.

Likewise, the Disclosure Statement refers only to the requirement of delivery of bonds through ATOP and certification that the holder is a Retail Investor; there is no statement that a particular Retail Investor must also vote to "accept" or "reject".  #17628-page-527-of-624; #18237-page-11-of-35.

It is improper and misleading to place requirements on Retail Investors through FOMB's solicitation process that are not provided for in the Plan or disclosed in the Disclosure Statement.

8

    **3.**     **The 9-24-2021 "Voluntary Corporate Action" notice (Ex. D) misleadingly states (page 006) that "if you do meet the definition of Retail Investor and do not vote to accept the Plan you risk not receiving your pro rata portion of the Retail Support Fee."**

The 9-24-2021 "Voluntary Corporate Action" notice (Ex. D) misleadingly states (page 006) that "if you do meet the definition of Retail Investor and do not vote to accept the Plan you risk not receiving your pro rata portion of the Retail Support Fee."   That improperly coerces an "accept" vote and is also not an accurate statement of Plan provisions.  Compare Plan §3.6 (#17627-page-98-to-99-of-291).

    **4.**     **There is nothing in the two line notice or the 2 pages of text of the Prime Clerk memo (#18237-page-16-to-18-of-35) that tells an individual that they have the right to request a hard copy of the documents on the flash drive.**

The solicitation package needs to include a clear statement in the hard copy notice of the bondholder's right to request a hard copy of the full materials.  This is important because – based on my own experience in opening the envelopes that I received, the flash drives in the solicitation packets – which are small paperclip sized items – may remain in the envelope and be overlooked or go flying as the envelope is opened.  While I knew to look for a flash drive, I suspect there are many Retail Investors who won't even notice the flash drive.  And if they do notice it, they may be reluctant to plug it into their computer for fear of infecting their computer with a virus.

    **5.**     **The perfunctory notice tells Retail Investors that "[i]f you wish to participate in the event, please coordinate with your Bank/Broker directly prior to the specified deadline of October 4, 2021," but does not tell Retail Investors the internal date set by the brokerage firm for instructions may be much sooner.**

The perfunctory notice tells Retail Investors that "[i]f you wish to participate in the event, please coordinate with your Bank/Broker directly prior to the specified deadline of October 4, 2021," but does not tell Retail Investors the internal date set by the brokerage firm for instructions may be much sooner".  *See* #18237-page-16-of-35.  There is no warning that actually the Retail Investor must immediately pick up his or her phone and contact their broker because the true deadline is 3 p.m. on September 28, not October 4.

While the new Court-established voting deadline is now October 18, the same problem exists unless Retail Investors are clearly told the deadline to provide their instructions to their brokerage firm is a much earlier date.  The notifications of the new voting deadline need to be clear that the internal date set by the brokerage firm may be as much as a week before the Court's October 18, 2021 voting deadline (or the October 25, 2021 deadline requested above in this motion, if granted by the Court).

*     *     *

The importance of clear and complete information from FOMB is underscored by the fact that, when I spoke to my brokers late Friday afternoon, September 24, neither of them were aware of the solicitation for the plan of adjustment, much less the specifics of the solicitation of Retail Investors.  They learned about this for the first time from me.  The fact that neither of my brokers at two different major firms were aware of the solicitation is strongly indicative of the fact that the vast majority of retail brokers around the country will likewise not be familiar with the plan of adjustment solicitation that is ongoing.  Thus, one cannot assume brokers around the country are proactively reaching out to their individual customers to provide the information FOMB is not providing.  This also highlights how rushed and confused this process has been, and that FOMB's solicitation agents are not providing sufficient, timely and clear information to major brokerage firms, who as a result are not getting the information out to their brokers and financial advisors – not even brokers or financial advisors whose customers hold GO and PBA bonds.

> **E.     I have standing to complain and request an extension of the voting deadline and the other relief requested herein. .**

It is no answer to say that I may have at least partially figured out some of what is going on here:

> (1)     I am confused as to the process to follow.  I have been waiting for my "solicitation" packet assuming these packets would clearly tell me process-wise what to do.  As noted, the packets do not even include the Notice of Voting and Election Instructions for my specific bonds, much less clear

10

instructions on how to proceed.[5]  And I am being told by my brokerage firms that, although there is no Plan requirement to vote "accept" or "reject" to be eligible for the Retail Support Fee – the only Plan requirement is to deliver bonds through ATOP and certify that the holder is a Retail Investor – in practice any Retail Investor must, in light of the processes FOMB has put in place, also vote "accept" or "reject" to be eligible for the Retail Support Fee.

(2)     Based on the problems that ensued in the  COFINA situation (which I addressed in papers filed in 2019), even major brokerage firms were confused by the complex processes being used for distributions to individual bondholders.  I suspect brokers and their firms will be confused in this case as well.

(3)     If Debtors' solicitation agents cannot effect the timely mailing of the appropriate Notice of Voting and Election Instructions to each individual bondholder for that holder's CUSIPs, why would one think this process will work smoothly on the DTC and Debtor side?

(4)     I am personally impacted by what other individual Retail Investors in each class in which I have bonds do since whether the Retail Support Fee is received depends upon the vote of each class, not what any individual Retail Investor does.  By way of example only, if individuals who intend to vote "yes" are confused as to the procedures to follow, and thus the class rejects

---

[5] While I have received multiple copies of other notices (Notice of Approval of Disclosure Statement, Notice of Entry of Order Establishing Preliminary Confirmation Submission and Discovery Procedures, and Docket #17640), September 23 was the first time I received what purported to be a "solicitation" package mailing with respect to my bonds from one of my brokers.  Previously, a mailing from Prime Clerk arrived addressed to "Peter C. Hein Pro Se" and had a version of the flash drive – an undifferentiated, unindexed, jumbled 11,297 pages of material, the first several thousand pages in Spanish.  But no Notice of Voting and Election Instructions or other information as to how I should deliver or vote my specific bonds was enclosed.  In any event, I infer from the fact the mailing was addressed to "Peter C. Hein Pro Se" that I received this because I have participated in the litigation, and that this was not mailed to Retail Investors generally.

the Plan, I may not receive a Retail Support Fee that I would receive if they

were not confused.  Alternatively, Retail Classes may vote to accept because

many individual bondholders were confused and/or coerced and did not timely

and correctly deliver their bonds and/or vote "reject".  In short, because I am

impacted by what other Retail Investors do or do not do, I have a personal

stake in there being proper and clear notice and instructions for all Retail

Investors in my classes.

Finally, the Court itself has a responsibility here to ensure individual bondholders – who as a

result of this Court's prior decisions are not represented by a committee – are treated fairly.

### CONCLUSION AND ADDITIONAL RELIEF REQUESTED IN LIGHT OF FOMB'S STATED INTENTIONS AND NEW INFORMATION ABOUT FOMB'S SOLICITATION

This Court should grant the relief sought in this motion:

1.  Since FOMB intends to file a Plan Supplement on October 11, the voting deadline for

Retail Investors (and perhaps for all bondholders) should to be extended to October 25, because

based on what I have learned from my broker at Merrill after filing #18236 and #18237, it is

apparent that major brokerage firms like Merrill are imposing a cut off – in order for a Retail

Investor to get their bonds delivered through the Automatic Tender Offer Program at DTC – of as

much as six days before the Court imposed voting deadline.  Thus, the voting deadline to be set by

the Court needs to be at least 13 days after FOMB files its Plan Supplement in order for Retail

Investors to have even a week to review it.  As noted, by FOMB's own admission this should not

pose a practical problem for its tabulation efforts.

2.  Retail Investors should be given the option in the FOMB solicitation process to deliver

their bonds through the Automatic Tender Offer Program at DTC with a certification that such

holder is a Retail Investor, but not be required to additionally vote either "accept" or "reject" in order

to be eligible for the Retail Support Fee.  The "options" FOMB has provided in its plan solicitation

materials impose requirements for being eligible for the Retail Support Fee – including that one vote

"accept" or "reject", in addition to delivering one's bonds and certifying that one is a Retail Investor
- that are not required by the terms of the Plan itself.

      3.   FOMB should be required to provide the notice of voting and election instructions and
the other additional and corrected disclosures referenced in items Section D above.

September 29, 2021

Respectfully Submitted,


/s/ Peter C. Hein
Peter C. Hein, pro se
101 Central Park West, Apt. 14E
New York, NY  10023
petercheinsr@gmail.com
917-539-8487



Claim 10696
GO Bonds:  500,000 par amount, plus unpaid
interest to date
[5 separate CUSIPS:   74514LVX2
                                      74514LWA1
                                      74514LWM5
                                      74514LWZ6
                                      74514LB63]
PBA Bonds:  200,000 par amount, plus unpaid
interest to date
[CUSIP:  745235M24]


### Declaration pursuant to 28 U.S.C. §1746


I declare under penalty of perjury that the foregoing statements are true and correct to the best of my
knowledge and belief.

Executed on this 29 day of September 2021.



        /s/ Peter C. Hein
        Peter C. Hein

## **Certificate of Service**

I, Peter C. Hein, certify that I have caused Notice Of Hearing And Motion Of Individual Bondholder

for an Order Further Extending the Voting Deadline for Retail Investors Seven Days and for

Additional Relief to Remedy Problems in the Solicitation Package and Processes, to be served via

the Court's CM/ECF system.

September 29, 2021

_____/s/Peter C. Hein_____
Peter C. Hein

P.O. Box 2016
Lakewood, NJ 08701



**MERRILL**
A BANK OF AMERICA COMPANY

PETER C HEIN
101 CENTRAL PARK W # 14E
NEW YORK NY 10023-4250



*Go Paperless!  To receive your mail online,
please visit www.MyMerrill.com to enroll in
Online Delivery.*

September 24, 2021

## Review - Voluntary Corporate Action

The enclosed notice provides information related to a
**voluntary** corporate action event.  If you would like to
participate in this event, please review the event details in
the attachment.

*Advice, planning and
support*
*Always remember, your
Merrill Lynch Financial
Advisor is available to help
you reach your financial
goals.*

| SECURITY/ CORPORATION | CUSIP | QUANTITY | CORPORATE ACTION | DEADLINE |
|---|---|---|---|---|
| PUERTO RICO COMWLTH PUB IMPT REF BDS SER A OID APR12 05.125%JUL01 2037 | 74514LB63 | 100,000 | REORGANIZATION - VOLUNTARY | 09/28/2021 |

We obtained the information in this notice from sources we believe to be reliable, but we
do not guarantee its accuracy nor have an opinion on the information provided.

*When you have questions, you have options*
*Please contact your Merrill Lynch Financial Advisor or call (800) MERRILL (637-7455).*

Code: Corp Action 09/2020
P

September 24, 2021

Merrill Lynch, Pierce, Fenner & Smith Incorporated (also referred to as "MLPF&S" or "Merrill") makes available certain investment products sponsored, managed, distributed or provided by companies that are affiliates of Bank of America Corporation ("BofA Corp."). MLPF&S is a registered broker-dealer, registered investment adviser, Member SIPC and a wholly owned subsidiary of BofA Corp.

Banking Products are provided by Bank of America, N.A. and affiliated banks, members FDIC and wholly owned subsidiaries of Bank of America Corporation.

Investment products:

| Are Not FDIC Insured | Are Not Bank Guaranteed | May Lose Value |
| --- | --- | --- |

EXHIBIT D

Sep 23, 2021 6:20:21 PM EST

## Confirm Global Corporate Action Notice

1000595808

---

Plan of Reorg-Voluntary: **Action Required**

Security Name: PUERTO RICO COMWLTH PUBIMPT REF BDS SER A OIDAPR12 5.125%JUL01 2037

Issue Country: PUERTO RICO

ML Security ID: RWW77

Cusip: 74514LB63

ISIN: US74514LB634

## INSTRUCTION DEADLINE DATES

**Final Date for Instructions:**                           **Sep 28, 2021 15:00 EST**

**Final Date for Withdrawal Instructions:**           **Sep 28, 2021 15:00 EST**

## TERMS

Expiration Date:                      Oct 04, 2021

Withdrawal Date:                    Oct 04, 2021

## OPTIONS

**Option 1:**

Puerto Rico Investors who hold more than USD 1 million of bonds may vote to accept the Plan and receive the distribution under the Plan.

**Option 2:**

Puerto Rico Investors who hold less than USD 1 million of bonds may vote to accept the Plan and receive the distribution under the Plan.

**Option 3:**

Non Retail Investors may vote to accept the Plan and make no distribution election and will receive the distribution under the Plan if the Court confirms the Plan.

**Option 4:**

Non Retail Investors may vote to reject the Plan and make no distribution election and will receive the distribution under the Plan if the Court confirms the Plan.

**Option 5:**

Retail Investors may vote to accept the Plan and not make the Taxable Election and will receive the distribution under the Plan if the Court confirms the Plan.

**Option 6:**

Retail Investors may reject to accept the Plan and not make the Taxable Election and will receive the distribution under the Plan if the Court confirms the Plan.

**Option Default:**

Default Option:                                    Y
TAKE NO ACTION


**EVENT DETAILS**

IMPORTANT INFORMATION
( FOR VOTING CLASSES ONLY)
Numerosity Information Submission
( Applicable Only for Beneficial Holders Submitting More than One Vote Through ATOP)
Any beneficial holder of Vintage PBA Bonds that holds multiple CUSIPs of Vintage PBA Bonds and
submits more than one vote through one or more Nominees, MUST submit ( or coordinate with your
Nominee( s) to submit) a list of all such ATOP instruction confirmation numbers ( also referred to as
ATOP voluntary offer instructions or IVOIsm) . The Balloting Agent has made available a template
electronic spreadsheet ( the INumerosity Spreadsheetm) on its website at: https:
//cases.primeclerk.com/puertorico ( click on the link titled INumerosity Spreadsheetm) .

Please return ( or coordinate with your Nominee to return) the Numerosity Spreadsheet to the
Balloting Agent in excel format via email to puertoricoinfo@ primeclerk.com. If yo u anticipate any
difficulty in submitting your Numerosity Spreadsheet in excel format, please contact Prime Clerk at (
844) 822- 9231 ( toll free for U.S. and Puerto Rico) or ( 646) 486- 7944 ( for international callers) or by
e- mail at puertoricoballots@ primeclerk.com .

Holders can visit https: //cases.primeclerk.com/puertorico/ for more information on this offer.


RETAIL INVESTOR. An individual who purchased GO Bonds, PBA Bonds and/or CW Guarantee
Bond Claims for his or her own brokerage account, trust account, custodial account or in a separately
managed account, with aggregate holdings in an amount less than One Million Dollars ( USD
1,000,000.00) ; provided, however, that Retail Investor shall not include any individual in his or her
capacity as a holder of a GO Bond or a PBA Bond ( a) the payment of principal and interest of which is
insured by Ambac, Assured, FGIC, National or Synco ra, or ( b) who tendered for exchange such GO
Bond or PBA Bond, as the case may be, in accordance with the terms and provisions of Article II of
the GO/PBA Plan Support Agreement, in which case, such individual shall be deemed a holder of GO
Bonds or PBA Bonds in the applicable Class of GO Bonds or PBA Bonds, as the case may be, not
held by Retail Investors.

PUERTO RICO INVESTOR. IF YOU ARE A HOLDER OF A CW BOND CLAIM, A PBA BOND CLAIM,
OR A CW GUARANTEE BOND CLAIM THAT IS, OR AN ENITITY THAT IS WHOLLY- OWNED BY
OR THE SOLE BENEFICIAL OWNER OF WHICH IS, A NATURAL PERSON( S) AND RESIDENT( S)
OF THE COMMONWEALTH OF PUERTO RICO FOR PURPOSES OF PAYMENT OF PUERTO
RICO PERSONAL INCOME TAXES YOU MEET THE DEFINTION OF A PUERTO RICO INVESTOR
A PUERTO RICO INVESTOR SHALL NOT INCLUDE ANY HOLDER OF A GO BOND OR A PBA
BOND, THE PAYMENT OF PRINCIPAL AND INTEREST OF WHICH IS INSURED BY AMBAC,
ASSURED, F GIC, NATIONAL, OR SYNCORA.

Puerto Rico Investor
Distribution Election with a Deemed Vote to Accept / Non Retail Investors: By electing into this Option,
you are a Beneficial Holder of CW Series D/E/PIB Bond Claims that is NOT a Retail Investor, but is a

Puerto Rico Investor, and you affirmatively make the Taxable Election relating to your CW Series D/E/PIB Bond Claim. By electing into this option you are certifying that you do not meet the definition of Retail Investor, but meet the definition of a Puerto Rico Investor. By electing into this option you are being deemed to vote to accept the Plan in both Classes, and ( if the Court confirms the Plan) you will receive the distribution under the Plan for the Classes. Holders electing into this Option will have their bonds RESTRICTED FROM TRANSFERRING THROUGH THE EFFECTIVE DATE OF THE PLAN.

Distribution Election with a Deemed Vote to Accept / Retail Investors: By electing into this Option, you are a beneficial holder of securities that is a Retail Investor and a Puerto Rico Investor, and you affirmatively make the Taxable Election relating to your CW Series D/E/PIB Bond Claim. By electing into this option you are certifying that you meet the definition of Retail Investor and meet the definition of Puerto Rico Investor. By electing into this option you are being deemed to vote to accept the Plan in both Classes, and ( if the Court confirms the Plan) you will receive the distribution under the Plan for the Classes. For the avoidance of doubt, if Class votes to accept the Plan and the Court confirms the Plan, you will receive your pro rata portion of the Retail Support Fee. Holders electing into this Option will have their bonds RESTRICTED FROM TRANSFERRING THROUGH THE EFFECTIVE DATE OF THE PLAN.

Non- Puerto Rico, Non- Retail Investor
Vote Only Accept / Non Retail Investors: By electing into this Option, you are a Beneficial Holder that is not a Retail Investor and you make no distribution election relating to your CW Series D/E/PIB Bond Claim. By electing into this option you are voting to ACCEPT the Plan in the Class and ( if the Court confirms the Plan) will receive the distribution under the Plan for the Class. Holders electing into this Option will have their bonds RETURNED TO THE TARGET AFTER VOTING DEADLINE OF OCTOBER 4, 2021 ( unless such Voting Deadline is extended) .

Vote Only Reject / Non Retail Investors: By electing into this Option, you are a Beneficial Holder that is not a Retail Investor and you make no distribution election relating to your CW Series D/E/PIB Bond Claim. By electing into this option you are voting to REJECT the Plan in both Classes, and ( if the Court confirms the Plan) y ou will receive the distribution under the Plan for the Class. Holders electing into this Option will have their bonds RETURNED TO THE TARGET AFTER VOTING DEADLINE OF OCTOBER 4, 2021 ( unless such Voting Deadline is extended) .

Non- Puerto Rico, Retail Investor
Vote Only Accept / Retail Investors: By electing into this Option, you are a Beneficial Holder certifying that you meet the definition of a Retail Investor and you do not make the Taxable Election relating to your CW Series D/E/PIB Bond Claim. By electing into this option you are voting to ACCEPT the Plan in the Class, and ( if the Court confirms the Plan) you will receive the distribution under the Plan for the Class. For the avoidance of doubt, if Class votes to accept the Plan and the Court confirms the Plan, you will also be entitled to your pro rata share of a Retail Support Fee. Holders electing into this Option will have th eir bonds RESTRICTED FROM TRANSFERRING THROUGH THE EFFECTIVE DATE OF THE PLAN.

Vote Only Reject / Retail Investors: By electing into this Option, you are a Beneficial Holder certifying that you meet the definition of a Retail Investor and you do not make the Taxable Election relating to your CW Series D/E/PIB Bond Claim. By electing into this option you are voting to REJECT the Plan in the Class. If the Court confirms the Plan, you will receive the distribution under the Plan for the Class. For the avoidance of doubt, if Class 38 votes accept the Plan and the Court confirms the Plan, you will also be entitled to your pro rata share of a Retail Support Fee. Holders electing into this Option will have their bonds RESTRICTED FROM TRANSFERRING THROUGH THE EFFECTIVE DATE OF

THE PLAN.

DEFAULT
Holders who do not elect will be treated as not a Retail Investor and not a Puerto Rico Investo r. If the Court confirms the Plan, Beneficial Holders who do not elect into one of the Options will receive the distribution otherwise going to Class 36. For the avoidance of doubt, if you do meet the definition of Retail Investor and do not vote to accept the Plan you risk not receiving your pro rata portion of the Retail Support Fee.

For the further avoidance of doubt, if you make a CW Series D/E/PIB Taxable Bond Distribution Election with respect to your CW Series D/E/PIB Bond Claims in accordance with the instructions and procedures set forth, your CW Series D/E/PIB Bond Claims will be moved into the relevant Class and treated as a CW Series D/E/PIB Bond Claim ( Taxable Election) for voting and distribution purposes.

Pursuant to the Plan, holders of CW Series D/E/PIB Bond Claims are entitled to their Pro Rata Share of the CW Series D/E/PIB Recovery. Such holders may elect to hav e their CW Series D/E/PIB Bond Claim treated as a CW Series D/E/PIB Bond Claim ( Taxable Election) and will be deemed to vote to accept the Plan in the relevant Classes ( as applicable) . If you do not make the CW Series D/E/PIB Taxable Bond Distribution Election, you may vote to accept or reject the Plan in the relevant contra CUSIPs.

Holders should consult their tax advisor for complete details in reference to withholding taxes.

Bonds may be tender in minimum denomination of USD 5,000 and any integral multiple of USD 5,000 in excess thereof.

The Objection deadline is 5: 00 p.m. ( AST) on October 19, 2021.

CONFIRMATION HEARING: November 8th through 10th, 12th, 15th through 18th and 22nd through 23rd of 2021 at 9: 30 a.m. ( AST) .

Current market prices should be checked.

This offer is subject to various conditions being satisfied and may be amended or terminated under certain conditions.

If you are short you can be held liable for any resultant proceeds.  If you intend to cover your short position please notify your respective client representative prior to your deadline.

To assess the tax consequences of this corporate action, clients should seek professional tax advice.

Any instructions received from you will be deemed to constitute a representation and warranty from you that you are eligible to participate in this issue. If requested, you agree to promptly provide proof of eligibility.

**Instruction Details**

Entries covering the above transaction will be posted to your account.

A USD 30.00 per instruction service charge (SVCH) will be assessed by Merrill to each U.S. dollar denominated account, for which valid orders have been executed, in addition to any fees referenced in the above notification.

If you elect to accept this offer, or need investment advice on this offer, please contact your Financial Advisor directly. However, if you have a self directed/Non-Advisory account, and you elect to accept this offer, please call 1-877-653-4732.

If you have any further questions concerning this or any other event, please call 1-800-637-7455.

5