Hearing Date: **November 1, 2021, at 9:30AM (Atlantic Standard Time)**
Objection Deadline: **October 15, 2021 at 4:00PM (Atlantic Standard Time)**

## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>                            Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>   Movants,<br><br>   v.<br><br>SUIZA DAIRY CORPORATION,<br><br>   Respondent. | |

## MEMORANDUM OF LAW IN SUPPORT OF DEBTORS' MOTION FOR ORDER EXCLUDING FACT TESTIMONY OF JANICE RAMIREZ VELEZ AND EXPERT <u>TESTIMONY OF LEONARDO GIACCHINO</u>

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................................................1

RELEVANT BACKGROUND ......................................................................................................3

JURISDICTION AND VENUE .....................................................................................................5

RELIEF REQUESTED....................................................................................................................6

ARGUMENT...................................................................................................................................6

    I.    THE CLAIM CALCULATION TESTIMONY IS INADMISSIBLE BECAUSE IT DOES NOT PRESENT EVIDENCE RELEVANT TO THE PLAN CONFIRMATION PROCEEDINGS. .................................................6

    II.   THE GIACCHINO STATEMENT IS INADMISSIBLE BECAUSE IT DOES NOT CONTAIN EXPERT TESTIMONY THAT WILL HELP THE TRIER OF FACT....................................................................................................7

NOTICE.........................................................................................................................................10

CONCLUSION..............................................................................................................................10

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Bradley v. Sugarbaker*,
 809 F.3d 8 (1st Cir. 2015) ........................................................................................... 7, 8

*Daubert v. Merrell Dow Pharms., Inc.*,
 509 U.S. 579 (1993) ..................................................................................................... 6, 8

*Faulkner v. Nat'l Geographic Soc'y*,
 576 F. Supp. 2d 609 (S.D.N.Y. 2008) ............................................................................ 6

*Kenney v. Head*,
 670 F.3d 354 (1st Cir. 2012) ........................................................................................... 6

*Plaza-Torres v. Rey*,
 2006 WL 6884391 (D.P.R. Apr. 21, 2006) ................................................................. 6, 7

*Racies v. Quincy Bioscience, LLC*,
 2020 WL 43115 (N.D. Cal. Jan. 4, 2020) ....................................................................... 7

*United States v. Montas*,
 41 F.3d 775 (1st Cir. 1994) ......................................................................................... 8-9

*United States v. Navedo-Ramirez*,
 781 F.3d 563 (1st Cir. 2015) ........................................................................................... 8

*United States v. Salimonu*,
 182 F.3d 63 (1st Cir. 1999) ............................................................................................. 8

*United States v. Weiner*,
 3 F.3d 17 (1st Cir. 1993) ................................................................................................. 9

**STATUTES**

28 U.S.C. § 1391 .................................................................................................................. 5

48 U.S.C. §§ 2101–2241 ...................................................................................................... 1

PROMESA § 106 .................................................................................................................. 5

PROMESA § 306 .................................................................................................................. 5

PROMESA § 307 .................................................................................................................. 5

PROMESA § 314 .................................................................................................................. 1

**OTHER AUTHORITIES**

Fed. R. Evid. 104 ....................6, 7, 8

Fed. R. Evid. 401 ....................6, 7

Fed. R. Evid. 402 ....................6, 7

Fed. R. Evid. 702 ....................3, 6, 7, 8, 9, 10

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS")*,* and the Puerto Rico Public Buildings Authority ("PBA," and together with the Commonwealth and ERS, the "Debtors") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] hereby submits this memorandum in law in support of the *Debtors' Motion for Order Excluding Fact Testimony of Janice Ramirez Velez and Expert Testimony of Leonardo Giacchino* filed concurrently herewith (together with this Memorandum, the "Motion").

## PRELIMINARY STATEMENT

1. The Oversight Board is seeking confirmation of the proposed *Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al*. [ECF No. 17627] (as it may be amended, modified, or supplemented, the "Plan") for the Commonwealth, ERS, and PBA. The issue that will be presented at the confirmation hearing for the Plan is whether the Plan satisfies the requirements set forth in PROMESA section 314(b) and the sections of the Bankruptcy Code incorporated by PROMESA section 301(a). Notably, these confirmation standards do not require evidence on the factual (or mathematical) specifics of how claim amounts for individual creditors or groups of creditors are calculated or distributed, nor do they require adjudication of the allowed amount of any individual creditor's or group of creditors' claim against the Debtors.

2. Suiza Dairy Corporation ("Suiza"), however, seeks to proffer witnesses who will present precisely such irrelevant evidence in support of its forthcoming objection to confirmation of the Plan. Specifically, at the Plan confirmation hearing, Suiza intends to put forward expert

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

testimony by Dr. Leonardo Giacchino (the "Giacchino Testimony," which includes the Unsworn Statement of Dr. Leonardo Giacchino, Ph.D. [ECF No. 18072-1] (the "Giacchino Statement")) and factual testimony by Ms. Janice Ramirez Velez (the "Ramirez Velez Testimony," and together with the Giacchino Testimony, the "Claim Calculation Testimony") regarding the "incorrect distribution received and the correct amounts of Suizas [sic] claim." *See Preliminary Witness Disclosure* [ECF No. 18029] (the "Preliminary Witness List"); *see also* ECF No. 18072. The Claim Calculation Testimony purports to address "[a] mathematical error" in Suiza's claim that Suiza asserts was the result of an incorrect distribution of payments owed to Suiza and another dairy producer operating in the Commonwealth. *See* Preliminary Witness List at 2 ("This mistake stems from a payment to the Dairy producers which was not [sic] distributed in an incorrect proportion between Vaqueria Tres Monjitas and Suiza.").[3] This testimony is plainly inadmissible.

3. *First*, the Claim Calculation Testimony should be excluded as inadmissible for the simple reason it is not relevant to any objection Suiza can put forward: the fact-specific calculation of the amount of Suiza's claim has no bearing on whether the Plan should be confirmed. Indeed, the Claim Calculation Testimony has no bearing on whether the Plan satisfies the confirmation requirements contained in PROMESA § 314 or the incorporated sections of the Bankruptcy Code. To the extent such evidence is relevant to the validity and amount of any claim filed by Suiza, it should be proffered solely in connection with the claims reconciliation process. All that Suiza would accomplish by offering this evidence at this juncture is to add testimony and disputes to an already complex confirmation hearing, thereby wasting the Court's and the Debtors' scarce

---

[3] The Preliminary Witness List also states that Suiza intends to object to the Plan on the basis of the purportedly non-dischargeable nature of Suiza's claim. *Id.* The Oversight Board reserves all rights regarding its response to such objection, should it be filed, and intends to argue at the confirmation hearing that the Plan is not unconfirmable on the basis of non-dischargeable claims.

2

resources. As the Claim Calculation Testimony does not relate to facts of consequence in determining whether the Plan should be confirmed, it should be excluded as irrelevant.

4. *Second*, the Giacchino Statement should be excluded as inadmissible on the separate and additional basis of Rule 702 of the Federal Rules of Evidence because it does not contain permissible expert testimony that would aid the Court in adjudicating whether the Plan may be confirmed. This is because the Giacchino Statement does not contain "scientific, technical, or other specialized knowledge" that will help the trier of fact determine any facts in issue. Fed. R. Evid. 702(a). Instead, it uses nothing more than basic arithmetic to contend what Suiza's claim amount should be, and such purported "analysis" is wholly unrelated to Dr. Giacchino's regulatory expertise in the milk industry of Puerto Rico. Accordingly, both the Giacchino Testimony and the Giacchino Statement should be excluded as inadmissible and irrelevant, as they present testimony that is neither "expert" testimony nor relevant to any fact of consequence to the Plan confirmation proceedings.

5. The Oversight Board brings this Motion now in order to avoid wasting resources litigating issues that have no relevance to whether the Plan should be confirmed. The Plan confirmation hearing will involve many multifaceted and complicated issues, which the parties to the hearing and the Court will be required to devote extensive time and energy to resolve. The Oversight Board thus respectfully requests that the Court exclude this evidence now, to ensure confirmation proceedings proceed as efficiently as possible.

## **RELEVANT BACKGROUND**

6. Suiza is a fresh milk processing plan operating in the Commonwealth. *See* Giacchino Statement ¶ 3. Suiza was a party to *Vaquería Tres Monjitas, Inc. and Suiza Dairy Inc. v. Myrna Comas-Pagan, in her official capacity as Secretary of Agriculture of the Commonwealth*

3

*of Puerto Rico, and José Pantojas López, in his official capacity as Administrator of the Milk Industry Regulatory Office of the Commonwealth of Puerto Rico*,[4] 3:04-cv-01840-DRD (D.P.R.), in the United States District Court for the District of Puerto Rico (the "Dairy Litigation"), which related to compensation purportedly owed to Suiza and another milk processing plant operating on the island, Vaquería Tres Monjitas ("VTM"). *Id*. ¶¶ 1, 3.

7. In connection with the Dairy Litigation, the parties came to an agreement on October 29, 2013 that contemplated a regulatory accrual to be proportionally split between Suiza and VTM. *See* Dairy Litigation [ECF No. 2322] (the "Settlement Agreement"); Giacchino Statement ¶ 5. The Settlement Agreement was approved by the court presiding over the Dairy Litigation on November 6, 2013. *Id.* Suiza filed a proof of claim against the Debtors in connection with the purported amount due to it pursuant to the Settlement Agreement. *See* Proof of Claim No. 24708.

8. On July 30, 2021, the Oversight Board proposed the Plan. ECF No. 17627. Following submission of the Plan, the Court established a schedule and procedures relating to confirmation of the Plan, including a timeline for parties to file preliminary witness lists. *See* Confirmation Discovery Procedures Order. Pursuant to the Confirmation Discovery

9. Procedures Order, Eligible Creditors (as the term is used in the Order) seeking to proffer testimony at the confirmation hearing on the Plan were required to file by September 6, 2021 a preliminary fact witness list and topics about which each witness is expected to testify. *Id*.

---

[4] The names of the defendants in the Dairy Litigation appear to have changed over time, likely due to the individuals sitting in the roles of Secretary of Agriculture of the Commonwealth and the Administrator of the Milk Industry Regulatory Office of the Commonwealth. The names in the caption above are provided in the Giacchino Statement; when the case was first filed, the defendants were Luis Rivero-Cubano, as the Secretary of the Department of Agriculture for the Commonwealth, and Juan R. Pedró-Gordián, as Administrator of the Office of the Milk Industry Regulatory Administration for the Commonwealth. The case number, 3:04-cv-01840, has been consistent.

at 3. In addition, parties intending to rely upon expert reports were required to serve them by September 13, 2021. *Id.* at 3.

10. On September 3, 2021, Suiza filed the Suiza Preliminary Witness List, informing the Oversight Board it intends to proffer the Claim Calculation Testimony at the Plan confirmation hearing. Preliminary Witness List at 2. The Preliminary Witness List states Dr. Giacchino and Ms. Ramirez Velez "will testify as to the incorrect distribution received and the correct amounts of Suizas [*sic*] Claim." *Id*. at 2.

11. On September 10, 2021, Suiza filed the Giacchino Statement, in which Dr. Giacchino states that he will provide "expert" testimony ostensibly grounded in his regulatory experience in the milk industry in Puerto Rico. *See* Giacchino Statement ¶ 6. The majority of the Giacchino Statement, however, is devoted to calculating the amount of regulatory accrual purportedly owed to Suiza. The Giacchino Statement uses nothing more than basic arithmetic to compare the payments received by Suiza and VTM to the allocation of funds contemplated by the pre-petition Settlement Agreement that purportedly underpins Suiza's claim. *See id.* ¶¶ 11-14, *see also id.* at 10. Dr. Giacchino then proposes various payment structures that could resolve this alleged mathematical error. *Id.* ¶¶15-22; *see also id.* at 11–12.

## JURISDICTION AND VENUE

12. The Court has subject-matter jurisdiction over this Motion being filed in the Title III case pursuant to PROMESA § 306(a)(1).

13. Venue is appropriate in this District under PROMESA §§ 106(a) and 307, and 28 U.S.C. § 1391.

**RELIEF REQUESTED**

14. The Oversight Board hereby requests entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit A**, excluding (*i*) the Ramirez Velez Testimony pursuant Federal Rules of Evidence 104, 401, and 402; and (*ii*) the Giacchino Testimony pursuant to *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), and Federal Rules of Evidence 104, 401, 402, and 702.

**ARGUMENT**

**I. THE CLAIM CALCULATION TESTIMONY IS INADMISSIBLE BECAUSE IT DOES NOT PRESENT EVIDENCE RELEVANT TO THE PLAN CONFIRMATION PROCEEDINGS.**

15. Irrelevant evidence is inadmissible. Fed. R. Evid. 402; *see also, e.g.*, *Plaza-Torres v. Rey*, 2006 WL 6884391, at *2 (D.P.R. Apr. 21, 2006) (granting motion *in limine* to exclude irrelevant evidence pursuant to Rule 401). Evidence is relevant only if it has "any tendency to make a fact" that is "of consequence in determining the action" "more or less probable than it would be without the evidence." Fed. R. Evid. 401; *see also Kenney v. Head*, 670 F.3d 354, 358 (1st Cir. 2012) (affirming exclusion of evidence that did not "go to a fact of consequence"); *Faulkner v. Nat'l Geographic Soc'y*, 576 F. Supp. 2d 609, 613 (S.D.N.Y. 2008) (finding evidence at issue not relevant because "it would not make any fact at issue here more or less probable tha[n] it would be in its absence").

16. The Claim Calculation Testimony should be excluded for the simple and obvious reason that it is irrelevant to the Plan confirmation proceedings. Suiza asserts the Claim Calculation Testimony will address a "mathematical error" that caused an "incorrect distribution" of the regulatory accrual stemming from the Dairy Litigation to be allocated to Suiza as opposed to VTM. *See* Preliminary Witness List at 2. Evidence relating to the factual or mathematical specifics of Suiza's claim, however, does not pertain to any fact "of consequence in determining

6

the action," Fed. R. Evid. 401(b); here, the statutory requirements for confirmation of the Plan. *See Racies v. Quincy Bioscience, LLC*, 2020 WL 43115, at *1 (N.D. Cal. Jan. 4, 2020) (excluding witness who would testify regarding her "personal experience as to the purchase and use of [drug]" as "irrelevant" because "it has no probative value on the central question of whether [d]efendant's representations about [drug's] benefits were false and misleading"); *Plaza-Torres*, 2006 WL 6884391, at *2 (excluding testimony of plaintiff's qualifications and curriculum vitae as irrelevant to prove Title VII sexual harassment claim asserted by plaintiff).

17. To the extent evidence like the Claim Calculation Testimony is relevant or admissible, Suiza is entitled to advance it through the Debtors' claim adjudication procedures,[5] not here, where the Claim Calculation Testimony would serve only to further complicate an already complex confirmation hearing and waste the limited resources of the Debtors and the Court.

18. Accordingly, the Oversight Board requests the Claim Calculation Testimony be excluded as inadmissible pursuant to Rules 104, 401, and 402 of the Federal Rules of Evidence.

## II. THE GIACCHINO STATEMENT IS INADMISSIBLE BECAUSE IT DOES NOT CONTAIN EXPERT TESTIMONY THAT WILL HELP THE TRIER OF FACT.

19. In addition to its lack of relevance to the facts of consequence in the Plan confirmation hearing, the Giacchino Statement should be excluded because it does not qualify as expert testimony. Federal Rule of Evidence 702 governs the admission of expert testimony and permits experts qualified by their "knowledge, skill, experience, training, or education" to testify where their "scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702; *see also Bradley v. Sugarbaker*, 809 F.3d 8, 16-17 (1st Cir. 2015). This Rule requires that "the testimony be (1) based

---

[5] The Debtors reserve all of their rights to oppose the introduction of any evidence advanced by Suiza through the Debtors' claim adjudication procedures.

upon sufficient facts or data, (2) the product of reliable principles and methods, and (3) that the witness apply the principles and methods reliably to the facts of the case." *Id.* at 17 (quotation marks omitted).

20. Under *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), "when determining the admissibility of expert testimony, 'the trial judge must determine at the outset, pursuant to [Federal Rule of Evidence] 104(a), whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue.'" *Bradley*, 809 F.3d at 19 n.10 (quoting *Daubert*, 509 U.S. at 592). Rule 104, in turn, requires that "[w]hen the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist." Fed. R. Evid. 104(b). The Court, therefore, may make preliminary factual determinations to determine relevance of expert testimony under Rule 702. *Bradley*, 809 F.3d at 19 n.10.

21. As noted in *Daubert*, Rule 702 also requires an expert to provide testimony that "will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). Testimony does not qualify under Rule 702 where it would not help the trier of fact to understand the evidence, for example if scientific or expert knowledge is not required to gain such an understanding. *See, e.g.*, *United States v. Navedo-Ramirez*, 781 F.3d 563, 568 (1st Cir. 2015) ("If a layperson is capable of understanding an issue without the aid of an expert, a district court may properly decline to admit expert testimony on that issue on the ground that it would not be helpful to the jury."); *United States v. Salimonu*, 182 F.3d 63, 74 (1st Cir. 1999) (expert testimony properly excluded where "ordinary lay person" could adequately sift the evidence and come to factual conclusion); *United States v. Montas*, 41 F.3d 775, 784 (1st Cir. 1994) (expert testimony properly excluded where "an average juror [could] assess" the evidence "intelligently" without

8

expert assistance); *United States v. Weiner*, 3 F.3d 17, 21-22 (1st Cir. 1993) (error to admit expert testimony of "a routine inference that the jury could draw on its own").

22. The Giacchino Testimony should be excluded for this reason, as it does not contain any expert opinions based on "scientific, technical, or other specialized knowledge" that would help the trier of fact—here, the Court—determine any facts at issue for confirmation of the Plan. Fed. R. Evid. 702(a).

23. The Giacchino Statement uses basic arithmetic to compare the proportion of payments made to Suiza and VTM to come up with an amount allegedly owed to Suiza. *See, e.g.*, Giacchino Statement ¶¶ 12-13. It then proposes various payment structures that could remedy this purported mathematical error, including installment payment schedules and a single lump sum payment. *Id.* ¶¶ 15-22. This application of arithmetic is untethered to the purported basis of Dr. Giacchino's expertise, which hinges on his regulatory experience in the milk industry of Puerto Rico. *Id.* ¶¶ 1, 6. Indeed, no expert testimony is needed to understand the payments made to Suiza and/or VTM at all, as Dr. Giacchino admittedly does nothing more than provide a "[c]orrection of [a] [m]athematical [m]istake." *Id.* at 10.

24. Nor does Dr. Giacchino purport to include any helpful analysis or insight based on his purported expertise. The Giacchino Statement attempts to link Dr. Giacchino's experience as a "regulatory expert in the milk industry in Puerto Rico" with his "monitoring of payments made by . . . the government of Puerto Rico to Suiza and VTM towards the regulatory accrual." *Id.* ¶ 6. However, no knowledge of the milk industry in Puerto Rico is necessary to evaluate whether the Commonwealth's payments to Suiza and VTM complied with the terms of the Settlement Agreement, or to resolve any discrepancies between what the Settlement Agreement requires and the actual payments that were made.

9

25. As a result, the Giacchino Testimony does not satisfy the requirements for expert testimony laid down by Rule 702 of the Federal Rules of Evidence, and it, including the Giacchino Statement, should be excluded by this Court.

## NOTICE

26. In accordance with the Court's standing orders, the *Fifteenth Amended Case Management Procedures* (the "Case Management Procedures") [ECF No. 17127-1], and the Confirmation Discovery Procedures Order, the Oversight Board has provided notice of this Motion, in the form of paper copies thereof sent by first class mail or digital copies sent by email, to (a) all creditors who filed notices of intent to participate in discovery in connection with confirmation proceedings, (b) all creditors who have filed objections to confirmation, (c) all creditors who filed notices of correspondence, and (d) the Master Service List (as defined in the Case Management Procedures), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico. The Oversight Board submits that, in light of the nature of the relief requested, no other or further notice need be given.

## CONCLUSION

27. WHEREFORE the Oversight Board respectfully requests that the relief sought herein be granted in the annexed proposed order and the Court grant the Oversight Board such other and further relief as is just.

*[Remainder of Page Intentionally Left Blank]*

Dated: September 30, 2021  
San Juan, Puerto Rico

Respectfully submitted,

*/s/ Martin J. Bienenstock*

Martin J. Bienenstock  
Brian. S. Rosen  
Margaret A. Dale  
Julia D. Alonzo  
(Admission *Pro Hac Vice*)  
**PROSKAUER ROSE LLP**  
Eleven Times Square  
New York, NY 10036  
Tel: (212) 969-3000  
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

*/s/ Luis F. del Valle-Emmanuelli*

Luis F. del Valle-Emmanuelli  
USDC No. 209514  
P.O. Box 79897  
Carolina, PR 00984-9897  
Tel: (787) 647-3503  
Fax: n/a  
dvelawoffices@gmail.com

OF COUNSEL FOR  
A&S LEGAL STUDIO, PSC  
434 Avenida Hostos  
San Juan, PR 00918  
Tel: (787) 751-6764/763-0565  
Fax: (787) 763-8260

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

11

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case, and further caused notice to be delivered as described in the motion.

/s/ *Luis F. del Valle-Emmanuelli*
Luis F. del Valle-Emmanuelli