Hearing Date: November 1, 2021 at 9:30AM (Atlantic Standard Time)
Objection Deadline: October 15, 2021 at 4:00PM (Atlantic Standard Time)

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>                              Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>                              Movants,<br><br>    v.<br><br>GROUP WAGE CREDITORS,<br><br>                              Respondents. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEBTORS' MOTION FOR
<u>ORDER EXCLUDING TESTIMONY OF ANDRES MERCADO BONETA MARTINEZ</u>**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("<u>PBA</u>") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Public Buildings Authority ("PBA"), and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the Commonwealth and PBA, the "Debtors"), pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submits this memorandum of law in support of the Debtors' *Motion for an Order Excluding Testimony of Andres Mercado Boneta*, filed concurrently herewith (together with this Memorandum, the "Motion").

## PRELIMINARY STATEMENT

1. The Oversight Board is seeking confirmation of the proposed *Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al*. [ECF No. 17627] (as it may be amended, modified, or supplemented, the "Plan") for the Commonwealth, ERS and PBA. The issue that will be presented at the confirmation hearing for the Plan is whether the Plan satisfies the requirements set forth in PROMESA section 314(b) and the sections of the Bankruptcy Code incorporated by PROMESA section 301(a). Notably, these confirmation standards do not require evidence on the factual underpinnings of any pre-petition law suits, nor do they require adjudication of the allowed amount of any individual creditor's or group of creditors' claim against the Debtors.

2. A group of creditors (the "Group Wage Creditors"), however, is seeking to proffer a witness who will testify as to issues unrelated to confirmation of the Plan, but instead to purportedly improper acts undertaken by the Puerto Rico Department of Transportation and Public

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

2

Works (the "DTOP") and "out of the ordinary course transactions . . . [that] could unduly prejudice" the Plan. *See Group Wage Creditors Preliminary List of Witnesses to Be Offered in Opposition of Confirmation of Plan of Adjustment* [ECF No. 18034] (the "Group Wage Creditors' Preliminary Witness List") at 3–4. Specifically, the Group Wage Creditors intend to offer testimony by Andres Mercado Boneta—a claimant in a pre-petition Commonwealth court litigation—regarding DTOP's wage policies, allegedly discriminatory transactions in connection with the Plan, and other acts they contend could hamper the Debtors' reorganization efforts (the "Mercado Boneta Testimony"). *Id.*

3. This testimony is plainly inadmissible. Any purported evidence advanced through the Mercado Boneta Testimony regarding the Group Wage Creditors' pre-petition lawsuits has no bearing on whether the Plan should be confirmed. Nor does the Mercado Boneta Testimony have any bearing on whether the Plan satisfies the confirmation requirements contained in PROMESA section 314 or the incorporated sections of the Bankruptcy Code. To the extent such evidence is relevant to the validity and amount of any claim filed by the Group Wage Creditors, it should be proffered solely in connection with the claims reconciliation process.

4. All the Group Wage Creditors would accomplish by offering this alleged evidence at the Plan confirmation hearing is to add more testimony and disputes to an already complex hearing, thereby wasting the Court's and the Debtors' limited resources. As the Mercado Boneta Testimony does not relate to facts of consequence in determining whether the Plan should be confirmed, it should be excluded as irrelevant.

## BACKGROUND

5. The Group Wage Creditors are comprised of plaintiffs in numerous pre-petition litigations with various entities of the Commonwealth government, including the DTOP. *See*

3

Group Wage Creditors' Preliminary Witness List at 2. These litigations each allege the Debtors improperly implemented the federal minimum wage, and as a result, the Debtors allegedly owe the Group Wage Creditors unpaid adjustments to their wages and pension benefits. The Group Wage Creditors have filed proofs of claim against the Debtors in connection with these purported amounts due. *See, e.g.*, Proof of Claim Nos. 136186; 39906; 27602; 45321; 12337; 36519; 29885; 10442; 35710; 129809; 90365; 12312; 12345; 2252; 28152; 4821; 2414; 145627; and 41069.

6. On July 30, 2021, the Oversight Board proposed the Plan. *See* ECF No. 17627. Following submission of the Plan, the Court established a schedule and procedures relating to confirmation of the Plan, including a timeline for parties to file preliminary witness lists. *See Order Establishing Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* [ECF No. 17640] (the "Confirmation Procedures Order"). Pursuant to the Confirmation Procedures Order, Eligible Creditors (as defined therein) seeking to proffer testimony at the confirmation hearing on the Plan were required to file by September 6, 2021 a preliminary fact witness list and topics about which each witness is expected to testify. *Id.* at 3.

7. On September 3, 2021, the Group Wage Creditors served the Group Wage Creditors' Preliminary Witness List, informing the Oversight Board they intend to proffer the Mercado Boneta Testimony at the Plan confirmation hearing. Group Wage Creditors' Preliminary Witness List at 3. According to the Group Wage Creditors, Mr. Mercado Boneta:

> May provide fact testimony regarding DTOP illegal wage policies and concerning the diverse composition of the Department work force, in terms of labor organizations, the number of affiliates in the respective organizations and related matters. Also, may testify concerning certain out of the ordinary course transactions, included in the proposed plan of reorganization, including but not limited to "cash gift-ups", voting bonus and other concessions, without extending the same benefits to the group wage creditors or to the allowed creditors of

4

> competing labor organizations, should not be approved, because are discriminatory and could unduly prejudice successful reorganization efforts.

*Id.* at 3–4.

## JURISDICTION AND VENUE

8. The Court has subject-matter jurisdiction over this Motion being filed in the Title III case pursuant to PROMESA § 306(a)(1).

9. Venue is appropriate in this District under PROMESA §§ 106(a) and 307, and 28 U.S.C. § 1391.

## RELIEF REQUESTED

10. The Oversight Board hereby requests entry of an order, substantially in the form of the proposed order attached as Exhibit A to the Motion, to exclude the Mercado Boneta Testimony pursuant to Federal Rules of Evidence 104, 401 and 402 as irrelevant to confirmation of the Plan.

## ARGUMENT

11. Irrelevant evidence is inadmissible. Fed. R. Evid. 402; *see also, e.g.*, *Plaza-Torres v. Rey*, 2006 WL 6884391, at *2 (D.P.R. Apr. 21, 2006) (granting motion *in limine* to exclude irrelevant evidence pursuant to Rule 401). Evidence is relevant only if it has "any tendency to make a fact" that is "of consequence in determining the action" "more or less probable than it would be without the evidence." Fed. R. Evid. 401; *see also Kenney v. Head*, 670 F.3d 354, 358 (1st Cir. 2012) (affirming exclusion of evidence that did not "go to a fact of consequence"); *Faulkner v. Nat'l Geographic Soc'y*, 576 F. Supp. 2d 609, 613 (S.D.N.Y. 2008) (finding evidence at issue not relevant because "it would not make any fact at issue here more or less probable tha[n] it would be in its absence").

12. The Mercado Boneta Testimony should be excluded for the simple reason that it is irrelevant to the Plan confirmation proceedings. The Group Wage Creditors assert the Boneta

5

Testimony will aid in their collective objection to the Plan by proffering evidence concerning purported "illegal wage policies" and issues with "the diverse composition of the [DTOP] work force." Group Wage Creditors' Preliminary Witness List at 3–4. However, any evidence advanced through the Mercado Boneta Testimony relating to the factual underpinnings of the Group Wage Creditors' various pre-petition law suits does not pertain to any fact "of consequence in determining the action," *see* Fed. R. Evid. 401(b)—here, the statutory requirements for confirmation of the Plan. *Plaza-Torres v. Rey*, 2006 WL 6884391, at *2 (D.P.R. Apr. 21, 2006) (excluding testimony of plaintiff's qualifications and curriculum vitae as irrelevant to prove Title VII sexual harassment claim asserted by plaintiff); *see also Racies v. Quincy Bioscience, LLC*, 2020 WL 43115, at *1 (N.D. Cal. Jan. 4, 2020) (excluding witness who would testify regarding her "personal experience as to the purchase and use of [drug]" as "irrelevant" because "it has no probative value on the central question of whether [d]efendant's representations about [drug's] benefits were false and misleading"). Likewise, evidence adduced from the Mercado Boneta Testimony regarding allegations of "illegal wage policies" or discriminatory practices at DTOP have no bearing on whether the Commonwealth's Plan satisfies the confirmation requirements contained in PROMESA § 314 and the Bankruptcy Code.

13. In addition, any testimony offered by Mr. Mercado Boneta concerning "certain out of the ordinary course transactions . . . [that] should not be approved, because [they] are discriminatory and could unduly prejudice successful reorganization efforts" is also irrelevant to Plan confirmation. Group Wage Creditors' Preliminary Witness List at 4. To the extent this disclosure is meant to indicate Mr. Mercado Boneta will testify regarding the treatment of other creditors under the Plan or alleged unfair discrimination against the Group Wage Creditors, any such testimony should be excluded. The Group Wage Creditors have failed to lay any foundation

qualifying Mr. Mercado Boneta to testify regarding other creditors' recoveries or establish how any such testimony has any bearing whatsoever on determining whether the Plan satisfies the confirmation requirements.

14. To the extent evidence like the Mercado Boneta Testimony is relevant or admissible at all, the Group Wage Creditors are entitled to advance it through the Debtors' claim adjudication procedures,[3] not here, where the Mercado Boneta Testimony would only serve to further complicate an already complex confirmation hearing and waste the Court's and the Debtors' limited resources.

15. For all of the foregoing reasons, the Oversight Board requests the Mercado Boneta Testimony be excluded as inadmissible pursuant to Rules 104, 401, and 402 of the Federal Rules of Evidence.

## NOTICE

16. In accordance with the Court's standing orders, the *Fifteenth Amended Case Management Procedures* (the "Case Management Procedures") [ECF No. 17127-1], and the Confirmation Procedures Order, the Oversight Board has provided notice of this Memorandum and Motion, in the form of paper copies thereof sent by first class mail or digital copies sent by email, to (a) all creditors who filed notices of intent to participate in discovery in connection with confirmation proceedings, (b) all creditors who have filed objections to confirmation, (c) all creditors who filed notices of correspondence, and (d) the Master Service List (as defined in the Case Management Procedures), which is available on the Debtors' case website at

---

[3] The Debtors reserve all of their rights to oppose the introduction of any evidence advanced by the Group Wage Creditors through the Debtors' claim adjudication procedures.

7

https://cases.primeclerk.com/puertorico. The Oversight Board submits that, in light of the nature of the relief requested, no other or further notice need be given.

## CONCLUSION

WHEREFORE, the Oversight Board respectfully requests that the relief sought herein be granted in the proposed order annexed to the Motion and the Court grant the Oversight Board such other and further relief as is just.

Dated: September 30, 2021
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Martin J. Bienenstock*
Martin J. Bienenstock
Brian. S. Rosen
Margaret A. Dale
Julia D. Alonzo
(Admission *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case, and further caused notice to be delivered as described in the motion.

/s/ *Hermann D. Bauer*
Hermann D. Bauer