**Hearing Date: November 1, 2021 at 9:30AM (Atlantic Standard Time)**
**Objection Deadline: October 15, 2021**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## THE DRA PARTIES' MOTION *IN LIMINE* TO EXCLUDE CERTAIN FRCP 26(a)(2)(C) EXPERT WITNESSES OR TESTIMONY

---

[1]      The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation  (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801).

i

## Table of Contents

Relevant Background ................................................................................................. 1

Jurisdiction and venue .............................................................................................. 4

Legal standard ......................................................................................................... 5

Argument ................................................................................................................. 8

I.     The FOMB Did Not Comply With the Procedures Order Because It Did Not Submit Expert Reports For Certain Of Its Experts. ............................................ 8

II.    The FOMB Did Not Comply With FRCP 26(a)(2)(C). ................................... 9

       A.    The FOMB Provided Insufficient Disclosures Under FRCP 26(a)(2)(C). ........ 9

       B.    Herriman and Malhotra Provided Insufficient Disclosures and Do Not Qualify As FRCP 26(a)(2)(C) Experts. ............................................. 12

              1.    Herriman ................................................................. 13

              2.    Malhotra ................................................................. 14

       C.    The Court Must Preclude Shah from Offering Opinion Testimony Because It Is Unclear Whether He Was Involved In the Best Interest Test Analyses And Whether He Qualifies As A FRCP 26(a)(2)(C) Expert.... 16

III.    Opinion Testimony of Properly Designated 26(a)(2)(C) Witnesses, If Any, Must Be Limited to the Opinions They Formed During Their Personal Involvement In the Facts At Issue. ............................................................. 17

Conclusion ............................................................................................................. 18

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Amezcua v. Boon*,
 754 Fed. Appx. 551 (9th Cir. 2018)........................................................................7, 9, 10, 11

*Amezcua v. Jordan Transp., Inc.*,
 No. 2:13-cv-01608-APG-CWH, 2016 BL 230390 (D. Nev. July 18, 2016) ................9, 10, 11

*Chesney v. Tennessee Valley Authority*,
 No. 09-cv-09, 2011 WL 2550721 (E.D. Tenn. June 21, 2011) .................................................7

*Croy v. Ravalli*,
 No. CV 19-77-M-DWM, 2020 BL 400236 (D. Mont. Oct. 16, 2020) ....................................7

*Curley v. Zuerner*,
 1:16-cv-00676-MSM-PAS, 2020 U.S. Dist. LEXIS 255269 (D.R.I Apr. 20,
 2020) .......................................................................................................................................7

*Downey v. Bob's Disc. Furniture Holding*,
 633 F.3d 1 (1st Cir. 2011)....................................................................................................5, 6

*Little Hocking Water Ass'n v. E.I. du Pont de Nemours & Co.*,
 No. 2:09-CV-1081, 2015 U.S. Dist. LEXIS 29918 (S. D. Oh. Mar. 11, 2015).............. *passim*

*Owens-Hart v. Howard Univ.*,
 317 F.R.D. 1 (D.D.C. Mar. 29, 2016) ...................................................................................11

*Russ v. Memphis Light, Gas, & Water Div.*,
 No. 14-cv-2365, 2016 WL 8312040 (W.D. Tenn. Feb. 24, 2016) ...........................................7

*Saline River Properties LLC v. Johnson Controls Inc.*,
 No. 10-cv-10507, 2011 WL 6031943 (E.D. Mich. Dec. 5, 2011) ............................................7

*SEC v. Nutmeg Grp., LLC*,
 No. 09 C 1775, 2017 U.S. Dist. LEXIS 180405 (N. D. Ill. Oct. 31, 2017) ..............................7

*Wai Feng Trading Co. v. Quick Fitting Inc.*,
 No. 13-33WES, 2018 U.S. Dist. LEXIS 215311 (D.R.I. Dec. 21, 2018)...........................6, 18

**Statutes**

28 U.S.C. § 1391 .............................................................................................................................4

*Puerto Rico Oversight, Management and Economic Stability Act* ("PROMESA").................4, 15

iii

## Other Authorities

Fed. R. Civ. P. 26 ..............................................................................................................1

Fed. R. Civ. P. 26(a)(2)(C) ........................................................................................ *passim*

Fed. R. Civ. P. 26(a)(2)(B) ........................................................................2, 6, 12, 14, 16

Fed. R. Civ. P. 34 ..............................................................................................................1

Fed. R. Bankr. P. 7026 ......................................................................................................1

Fed. R. Bankr. P. 7034 ......................................................................................................1

Fed. R. Bankr. P. 9014 ......................................................................................................1

*McKinsey & Company, About Us*, MCKINSEY & COMPANY (Sep. 29, 2021,
    1:55 PM), https://www.mckinsey.com/about-us/overview ....................................16

*Press Release*, MCKINSEY & COMPANY, Kevin Sneader Elected Global
    Managing Partner of McKinsey & Company (Feb. 25, 2018),
    https://www.mckinsey.com/~/media/McKinsey/About%20Us/McKinsey%20
    Blog/Meet%20our%20next%20Managing%20Partner/McKinsey%20Managin
    g%20Partner%20Press%20Release.pdf ...............................................................16

PLEASE TAKE NOTICE that pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("**FRCP**"), applicable to this proceeding under Rules 9014, 7026, and 7034 of the Federal Rules of Bankruptcy Procedure, AmeriNational Community Services, LLC (the "**Servicer**"), as servicer for the GDB Debt Recovery Authority (the "**DRA**"), and Cantor-Katz Collateral Monitor LLC, a Delaware limited liability company (the "**Collateral Monitor**" and, together with the Servicer, collectively, the "**DRA Parties**"), which serves as the collateral monitor for Wilmington Trust, N.A. in connection with the new bonds the DRA issued, respectfully submit this motion *in limine* to preclude improper experts and testimony designated under FRCP 26(a)(2)(C).

### RELEVANT BACKGROUND

On May 13, 2021, the Debtors filed a motion proposing a plan for discovery and other procedures leading up to the confirmation hearing, with very tight time frames. Dkt. No. 16757.[2] The parties heavily litigated this proposal, with numerous parties (including the DRA Parties) objecting to the procedures proposed in the Debtors' motion. *E.g.*, Dkt. No. 16997 (DRA Parties' objection). The Court held a two-day hearing on July 13 and 14, 2021 on the Disclosure Statement and the proposed procedures. The Court issued several orders directing the Debtors to make changes to the proposed procedures. Dkt. Nos. 17362, 17431, 17530, 17548, 17631.

The Court's ultimate procedures order ("**Procedures Order**") was clear. Dkt. No. 17640. All expert witnesses must file an expert report. *Id.* ¶¶ 19-20. Specifically, the Court ordered that "each Debtor and Eligible Creditor who has timely disclosed the identity of an expert witness in its Opening Expert Disclosures on or before September 6, 2021, shall disclose to the other Debtors and Eligible Creditors, with a copy to the Court and the PSA Parties, its Opening Expert Report(s)

---

[2]     Unless otherwise noted, all docket references refer to the docket of Case No. 17-BK-3283 (LTS).

on or before September 13, 2021." *Id.* ¶ 19.  Likewise, rebuttal expert reports must follow rebuttal

expert disclosures. *Id.* ¶ 20.  The Procedures Order made no distinction between experts who may

testify pursuant to FRCP 26(a)(2)(B) and FRCP 26(a)(2)(C).

The Procedures Order set several deadlines that applied to all parties:

- September 6, 2021 – "Deadline for all parties to serve opening expert disclosures."

- September 13, 2021 – "Deadline for all parties to serve opening expert reports."

- October 4, 2021 – "Deadline for all parties to serve rebuttal expert disclosures."

- October 8, 2021 – "Deadline for all parties to file rebuttal expert reports."

*Id.* at 3-4.  These deadlines were part of a highly compressed schedule—at the Debtors' urging—

that opened document discovery on August 6, 2021, held fact and expert depositions

simultaneously from September 13 – October 18, 2021, and set the confirmation hearing to begin

on November 8, 2021.  *See id.*  Obviously, the depositions of the experts were meant to be taken

after the parties were provided with adequate notice as to the proposed expert testimony.

Moreover, such notice is required for parties to be able to prepare and submit their rebuttal expert

reports by October 8, 2021.

Significantly, the Procedures Order did not provide any exemption to its requirements for

different types of experts (*i.e.*, FRCP 26(a)(2)(B) versus FRCP 26(a)(2)(C)).   Indeed, the

Procedures Order stated explicitly that it was not modifying any requirement of FRCP 26(a)(2)(B)

other than to split the date the report was due. *Id.* ¶ 19.  Nothing in the Procedures Order provided

an exemption from its requirements, including filing an expert report, for 26(a)(2)(C) experts. *See*

*id.*

On August 3, 2021, the FOMB filed *Debtors' Preliminary List of Witnesses to be Offered*

*in Support of Confirmation of Plan of Adjustment*, noticing a list of witnesses who could provide

testimony on its behalf.  Marking certain witnesses with asterisks, the FOMB noted that these witnesses "*may* also offer opinion testimony pursuant to Fed. R. Civ. P. 26(a)(2)(C)."  Dkt. No. 17679, at 4 (emphasis added).

On September 6, 2021, the FOMB filed *Debtors' Identification of Expert Witnesses*, explicitly identifying these same individuals as experts but providing no detail as to the substance of their opinion testimony, asserting once again that "the following witnesses may provide testimony on behalf of the Debtors in support of confirmation of the Plan pursuant to Federal Rule of Civil Procedure 26(a)(2)(C)."  Dkt. No. 18044, ¶ 2.

On September 13, 2021, the FOMB amended its witness list, providing cursory information to identify these witnesses, and asserting again that the witnesses marked with an asterisk "may offer testimony pursuant to Fed. R. Civ. P. 26(a)(2)(C)."  Dkt. No. 18094, ¶ 2.  Further, the Debtors filed a "disclosure for each such witness in the *Debtors' Opening Expert Reports and Disclosures*, filed contemporaneously herewith."  *Id.*  Those opening expert disclosures provided only a few sentences with respect to each of these witnesses.  *See* Dkt. No. 18097.  In contravention of the Procedures Order, the Debtors explained, "Pursuant to Federal Rule of Civil Procedure 26(a)(2)(C), and further consistent with the witnesses identified in paragraph 2 of the Expert Identification, the Debtors herein provide the following information for its witnesses who do not need to provide a written report."  *Id.* ¶ 2.  As explained below, these disclosures are wholly insufficient both under the Procedures Order and under FRCP 26(a)(2)(C) itself.

Moreover, if these expert witness declarations are submitted on October 25—less than 48 hours before all parties must submit their Pretrial Informative Motions—they will have to be far more fulsome than the patently insufficient disclosures the FOMB has provided.  *See* Dkt. No. 17640 (taking direct testimony on submission); *see also* Dkt. No. 18276-1, ¶¶ 5-6 (same).

3

As detailed below, the FOMB seeks to introduce expert testimony in contravention of the Procedures Order and FRCP 26(a)(2)(C) from:

1.  Jay Herriman, Managing Director at Alvarez & Marsal;

2.  Gaurav Malhotra, Principal and Head of U.S. Restructuring at Ernst & Young, LLP; and

3.  Ojas Shah, Partner at McKinsey & Company.[3]

In accordance with the Court's Standing Orders, the Amended Case Management Procedures, and the *Order Establishing Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* [Dkt. No. 17640], the DRA Parties notified the FOMB of their intent to file this motion prior to filing.

As things stand and as discussed below, the FOMB's non-compliance with the Procedures Order and FRCP 26(a)(2)(C) with respect to these witnesses have put the DRA Parties in an untenable situation. The DRA Parties have only a minimal idea as to what the witnesses intend to testify to, and no idea as to the basis of that testimony and how that testimony fits in with the work these witnesses have done for the FOMB and/or the Commonwealth. Given the tight timeframe the FOMB insisted on for discovery, the DRA Parties cannot meaningfully and adequately prepare to depose these witnesses, defend against their testimony, or prepare necessary rebuttal expert reports.

## JURISDICTION AND VENUE

The Court has subject-matter jurisdiction over this motion being filed in the Title III case pursuant to PROMESA § 306(a)(1). Venue is appropriate in this District under PROMESA §§ 106(a) and 307, and 28 U.S.C. § 1391.

---

[3]    The FOMB seeks to introduce expert testimony from five other witnesses under FRCP 26(a)(2)(C), but the DRA Parties only challenge Herriman, Malhotra, and Shah in this motion.

**LEGAL STANDARD**

The Procedures Order stated clearly that every expert must provide an expert report.  Dkt.

No. 17640 ¶ 19.  There was no exception based on the type of expert testimony.  *Id.*  Accordingly,

"each Debtor . . . who has timely disclosed the identity of an expert witness in its Opening Expert

Disclosures on or before September 6, 2021, shall disclose to the . . . Eligible Creditors, with a

copy to the Court . . . , its Opening Expert Report(s) on or before September 13, 2021."  *Id.*  The

FOMB failed to comply with this requirement.

The FOMB presumably will argue that the Procedures Order they crafted, submitted, and

advocated for is irrelevant as to these witnesses because FRCP 26(a)(2)(C) requires less rigorous

disclosures than the Procedures Order.  Unfortunately for the FOMB, (i) the Procedures Order still

applies; (ii) even if it does not apply to experts under FRCP 26(a)(2)(C), the witnesses at issue do

not qualify under FRCP 26(a)(2)(C), and (iii) even if the witnesses did qualify, the FOMB's

disclosures regarding these witnesses would nevertheless be patently inadequate under FRCP

26(a)(2)(C).

As discussed below, the FOMB submitted only scant and wholly insufficient disclosures

with respect to most of its proposed expert witnesses.  Moreover, even as to the one witness for

whom the FOMB *may* have submitted a more detailed disclosure—Ojas Shah—it is unclear what

involvement, if any, he had in developing that disclosure and the events it pertains to.

Consequently, the FOMB violated the Procedures Order.

Under FRCP 26(a)(2)(C), only a witness whose direct involvement in the events at issue

in the lawsuit and who otherwise has the requisite qualifications to provide expert testimony can

avail herself of FRCP 26(a)(2)(C).  *See Downey v. Bob's Disc. Furniture Holding*, 633 F.3d 1, 6-

7 (1st Cir. 2011) ("[O]pinion testimony [that] arises not from his enlistment as an expert but, rather,

from his ground-level involvement in the events giving rise to the litigation . . . falls outside the

compass of [FRCP] 26(a)(2)(B).").  For this reason, FRCP 26(a)(2)(C) witnesses are limited to

providing opinion testimony about the opinions they formed during the events at issue.  *See Wai*

*Feng Trading Co. v. Quick Fitting Inc.*, No. 13-33WES, 2018 U.S. Dist. LEXIS 215311, at \*4-5,

19 (D.R.I. Dec. 21, 2018) (citation omitted) (permitting a party's lead engineer to provide expert

testimony related to an issue within his "competence and experience" as the lead engineer, but

excluding portions of his testimony that were "unrelated to his work experience" with the party

and instead were based on documents provided to him by counsel).  An expert witness whose

opinions exceed this narrow scope must submit a report.  *See Downey*, 633 F.3d at 8 n.5 ("[A]n

on-the-scene expert . . . might also be retained or specially employed to develop additional

opinions for purposes of trial (and would, to that extent, trigger the written report requirement).");

*Wai Feng Trading Co.*, 2018 U.S. Dist. LEXIS 215311, at \*19 (quoting *Westerdahl v. Williams*,

276 F.R.D. 405, 409 (D.N.H. 2011) (excluding medical expert's opinions formed after he stopped

treating the patient)).

 As discussed below, either certain of the FOMB's proposed experts do not meet this

standard, or the DRA Parties do not have sufficient information at this time to determine if this

standard is met.

 Although under the Federal Rules, 26(a)(2)(C) experts do not need to provide a report—

which the Procedures Order in this case required of all expert witnesses—the Federal Rules require

substantial disclosures.  These disclosures "must state: (i) the subject matter on which the witness

is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a

summary of the facts and opinions to which the witness is expected to testify."  Fed. R. Civ. P.

26(a)(2)(C).

This obligation requires a meaningful disclosure of the opinions the witness will offer and the factual basis supporting each opinion. *Amezcua v. Boon*, 754 Fed. Appx. 551, 553 (9th Cir. 2018) (affirming disclosures were insufficient where they contained only an overview of the topics the four experts would testify about); *Croy v. Ravalli*, No. CV 19-77-M-DWM, 2020 BL 400236, at *4 (D. Mont. Oct. 16, 2020) (holding disclosure was insufficient where the topics of the testimony were provided without summary of the facts or opinions); *Curley v. Zuerner*, 1:16-cv-00676-MSM-PAS, 2020 U.S. Dist. LEXIS 255269, at *3-4 (D.R.I Apr. 20, 2020) (holding disclosure was insufficient where defendant said they would rely on testimony of treating providers "regarding their assessment of [the defendant] and any opinions which they formed contemporaneous with their care" because it did not disclose either the facts or opinions); *SEC v. Nutmeg Grp., LLC*, No. 09 C 1775, 2017 U.S. Dist. LEXIS 180405 (N. D. Ill. Oct. 31, 2017) (citation and internal quotation marks omitted) ("Disclosure must include a brief account of the expert's main opinions, including the expert's view or judgement regarding a matter that affects the outcome of the case, and a brief account in summary form of the main facts directly related to the disclosed opinions."); *Little Hocking Water Ass'n v. E.I. du Pont de Nemours & Co.*, No. 2:09-CV-1081, 2015 U.S. Dist. LEXIS 29918 (S. D. Oh. Mar. 11, 2015).[4]

---

[4]      Nearly a decade ago, some courts allowed lesser disclosures to satisfy FRCP 26(a)(2)(C). *See, e.g.*, *Chesney v. Tennessee Valley Authority*, No. 09-cv-09, 2011 WL 2550721, at *3 (E.D. Tenn. June 21, 2011) (finding that disclosures describing the topics of testimony without setting forth the actual opinion of the non-retained expert complied with FRCP 26(a)(2)(C)); *Saline River Properties LLC v. Johnson Controls Inc.*, No. 10-cv-10507, 2011 WL 6031943, at *9-10 (E.D. Mich. Dec. 5, 2011) (following *Chesney*). Notably, *Chesney* and *Saline* were decided within a year of when FRCP 26 was amended to add subsection (a)(2)(C) in December 2010.

More recently, *Little Hocking* declined to follow *Chesney* and *Saline*. 2015 U.S. Dist. LEXIS 29918, at *5 ("[T]he holding in *Chesney* . . . improperly failed to grant due meaning to the plain language of Rule 26(a)(2)(C), which requires a statement both of the 'subject matter' of the testimony and a statement of the 'summary of facts and opinions' to which the expert will testify."). District courts in the same circuit as *Chesney* and *Saline* have since declined to follow them, and appear to treat them as implicitly overruled. *See Russ v. Memphis Light, Gas, & Water Div.*, No. 14-cv-2365, 2016 WL 8312040, at *3-4 (W.D. Tenn. Feb. 24, 2016) (adopting the reasoning in *Little Hocking*; noting that district courts in the Sixth Circuit also adopted the reasoning of *Little Hocking*).

As established below, apart from possibly Shah, the FOMB has not come close to meeting this standard.

## ARGUMENT

The Court should exclude expert testimony from witnesses Jay Herriman, Gaurav Malhotra, and Ojas Shah, because: (i) the FOMB did not submit expert reports for these witnesses as required in the Procedures Order; (ii) the FOMB did not provide sufficient disclosures under FRCP 26(a)(2)(C); and (iii) these witnesses do not qualify to provide expert opinion testimony under FRCP 2(a)(2)(C).

**I.     The FOMB Did Not Comply With the Procedures Order Because It Did Not Submit Expert Reports For Certain Of Its Experts.**

The Court's Procedures Order directed that "each Debtor and Eligible Creditor who has timely disclosed the identity of an expert witness in its Opening Expert Disclosures on or before September 6, 2021, shall disclose . . . its Opening Expert Report(s) on or before September 13, 2021.  Dkt. No. 17640 ¶ 19.  The Court made no exceptions for experts designated under FRCP 26(a)(2)(C)—reports were supposed to be disclosed for all expert witnesses.

The FOMB identified the expert witnesses at issue here in its Opening Expert Disclosures on September 3, 2021, *see* Dkt. No. 17679, but has not filed any expert reports with respect to them in violation of the Procedures Order.  Instead, on September 13, 2021, the FOMB—without seeking any direction from the Court or discussing it with the parties—apparently took the position that no expert report was required with respect to these witnesses, and instead provided scant "disclosures."  Dkt. No. 18097.  The FOMB is in violation of the Court's Procedures Order by attempting to skirt the directive to provide expert reports for all experts.

8

## II.     The FOMB Did Not Comply With FRCP 26(a)(2)(C).

Notwithstanding the FOMB's failure to comply with the Procedures Order, the FOMB also
failed to comply with the disclosure requirements under FRCP 26(a)(2)(C) because it did not
provide sufficient "summar[ies] of the facts and opinions" on which the witnesses are expected to
provide expert testimony.  Fed. R. Civ. P. 26(a)(2)(C).  Further, these witnesses do not qualify as
experts under FRCP 26(a)(2)(C) because they did not arrive at their opinions through their direct
involvement and first-hand experience with the issues they have been designated to testify about.
These witnesses' expert testimony should be precluded because the FOMB's failures were
unjustified and prejudicial to the DRA Parties.

### A.     The FOMB Provided Insufficient Disclosures Under FRCP 26(a)(2)(C).

The FOMB's disclosures with respect to these three witnesses were patently inadequate
under FRCP 26(a)(2)(C).  FRCP 26(a)(2)(C) witnesses must disclose the subject matter and a
"summary of the facts and opinions" on which they are expected to testify.  Fed. R. Civ. P.
26(a)(2)(C); *Amezcua*, 754 Fed. Appx., at 533; *Little Hocking*, 2015 U.S. Dist. LEXIS 29918, at
*28.

In *Amezcua v. Jordan Transp., Inc.*, the court held that disclosures for witnesses designated
under FRCP 26(a)(2)(C) were insufficient to constitute a proper summary of facts and opinions to
which those witnesses would testify.  No. 2:13-cv-01608-APG-CWH, 2016 BL 230390, at *1 (D.
Nev. July 18, 2016), *aff'd*, 754 Fed. Appx. 551 (9th Cir. 2018).  There, the plaintiffs designated
four treating physicians as non-retained experts to testify as to their observations and also provide
expert opinion testimony based on those observations.  *Id.* at *1.  The defendant challenged the
sufficiency of the disclosures for failing to provide the requisite summary of facts and opinions

under FRCP 26(a)(2)(C).  The challenged disclosures, substantially duplicated for each of the non-retained experts provided in substance:

> This non-retained physician is expected to testify in accordance with [their] medical chart, including records contained therein prepared by other healthcare providers. [They are] expected to also review documents outside his medical chart for the purpose of providing treatment and defending that treatment.  [They are] expected to give expert opinions regarding the treatment of [the plaintiffs], the necessity of treatment rendered, the necessity of future treatment to be rendered, the causation of the necessity for past and future medical treatment, and his expert opinion as to past and future restrictions of activities, including work activities, caused by the accident.  [Their] opinions shall include pain and suffering of the Plaintiff, the life expectancy of the Plaintiff, the cost of past medical care, diagnostic testing, surgery and medication for both his care and the care within his chart prepared by other healthcare providers; the costs of future medical care, diagnostic testing, surgery and medication for both his care and the care within his chart prepared by other healthcare providers; and whether those past and future medical costs fall within the ordinary and customary charges in the community for similar medical care and treatment for both his care and the care within his chart prepared by other healthcare provides.

Def.'s Mot. to Strike, 3, Dkt. No. 66, *id.*; Pls.' Opp'n to Mot. to Strike, 3-4, Dkt. No. 71, *id.*  The court prohibited those non-retained experts from testifying to causation and diagnosis and instead limited their permissible testimony to "the course of treatment that each doctor directly administered to the plaintiffs and what each doctor directly observed while the plaintiffs were under the doctors care."  *Id.* at *1, *aff'd*, *Amezcua*, 754 Fed. Appx. at 533.

Similarly, in *Little Hocking*, the court held that disclosures for three non-specially retained witness designated under FRCP 26(a)(2)(C) were insufficient, despite the disclosures each being four to six paragraphs long.  2015 U.S. Dist. LEXIS 29918, at *5 n.1  (S. D. Oh. Mar. 11, 2015). The disclosures provided information about the witnesses' roles and responsibilities as employees of the defendant.  *Id.*  The court found that while the disclosures largely included sufficient topics of the testimony and summaries of the opinions, they were deficient in disclosing the summary of facts.  *Id.* at 34-39.  For example, one disclosure provided the "source of the facts," a toxicological study, on which the opinion relied, but did not state a "brief summary of the main points" derived

10

therefrom.  *Id.* at 37.  In addition, the court also took issue where the disclosure "summarized the topics of facts" underlying the witnesses opinions, but did not include the "actual facts" on which the opinion relied.  *Id.*  ("To state that Dr. Rickard will support his opinion with the 'pharmacokinetic properties of PROA,' without a brief, summary statement of the actual pharmacokinetic properties that support his opinion, is not to state a fact, but a topic of facts.").[5]

Like in *Amezcua* and *Little Hocking*, for all the witnesses at issue here, apart from Shah, the FOMB stated the subject matter they may testify to but did not produce a "summary of the facts and opinions" on which the witnesses are expected to provide expert testimony.  Instead, the FOMB, at most, provided a cursory statement with respect to each witness in *just one or a few sentences*.  As discussed below, these disclosures did nothing more than identify the broad topic areas the witnesses might testify about.  This is insufficient.  As the courts in *Amezcua* and *Little Hocking* held, cursory statements that summarize the specific facts and/or actual opinions of the experts are inadequate for disclosure purposes.

In addition, unlike in *Little Hocking*, the FOMB's disclosures contain no statements or explanations of the nature of these witnesses' contemporaneous employment or roles with the FOMB, or what their responsibilities entailed.  It is unknowable whether the witnesses formed their expert opinions based on their first-hand knowledge and observation of these facts and/or as a result of their employment with the FOMB, as required under FRCP 26(a)(2)(C).

---

[5]   One district court "did not necessarily disagree" with the holding in *Little Hocking*, but found it inapplicable where a FRCP 26(a)(2)(C) expert disclosure referenced a 123-page medical record as part of the "summary of the facts" relied upon (as opposed to the large bodies of information relied upon by the expert in *Little Hocking*, some over thousands of pages).  *See Owens-Hart v. Howard Univ.*, 317 F.R.D. 1, *4 (D.D.C. Mar. 29, 2016).  Here, the FOMB has not identified any of the facts or sources of facts that its 26(a)(2)(C) witnesses relied upon, and the DRA Parties do not know how voluminous those facts or sources are.  Regardless, the FOMB's dearth of information regarding the "summary of the facts" does not satisfy the FRCP 26(a)(2)(C) requirements, under *Little Hocking*, *Owens-Hart*, or otherwise.

These insufficient disclosures are highly prejudicial to the DRA Parties.  The DRA Parties are unable to properly prepare for depositions, prepare to rebut or challenge the expert opinions testimony, file *Daubert* motions, or even determine if the witnesses are properly designated experts.

Given these failures, the Court should not allow these experts to testify at the Confirmation Hearing.  In the alternative, the Court should require the FOMB to come forward with expert reports or detailed disclosures to provide the information FRCP 26(a)(2)(C) requires, and allow sufficient time afterward for the DRA Parties to depose these witnesses with the benefit of that disclosure.  Further, the Court should permit the DRA Parties to identify additional rebuttal experts after the proper disclosures are provided.  This should occur even if it requires delaying the Confirmation Hearing to a later date.

It is prejudicial and patently unfair for the DRA Parties to be forced to litigate in this informational vacuum, especially when we all know that the FOMB will be submitting detailed declarations from these witnesses in less than a month—declarations that they may have already started working on.

**B.    Herriman and Malhotra Provided Insufficient Disclosures and Do Not Qualify As FRCP 26(a)(2)(C) Experts.**

The FOMB provided extremely limited disclosures with respect to Herriman and Malhotra that are insufficient under FRCP 26(a)(2)(C).  In addition, based on these insufficient disclosures, it appears that neither witness qualifies to provide expert testimony under FRCP 26(a)(2)(C) because they lack the requisite first-hand experience with the underlying factual basis on which they purport to opine.  Instead, they appear to have been "retained or specially employed to provide expert testimony in the case" or are those "whose duties as the party's employee[s] regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B).  Further, the FOMB did not submit

expert reports for these witnesses as the Procedure Order requires, so they should be precluded from offering any opinion testimony whatsoever at the confirmation hearing.

### 1. Herriman

The FOMB identified Herriman as an expert under FRCP 26(a)(2)(C). His entire disclosure is *three sentences*, and reads:

> The subject matters on which Mr. Herriman may testify include the claims reconciliation process undertaken by the Oversight Board, including, without limitation, the development and implementation of the ADR and ACR procedures and the status of outstanding claims as of the commencement of the hearing to consider confirmation of the plan of adjustment. In connection therewith, Mr. Herriman will discuss the reasonableness of the assumptions made with respect to the anticipated total amount of allowed unsecured claims, which will be: (*i*) approximately $2,750,000,000 asserted against the Commonwealth, (*ii*) approximately $410,252,419 asserted against PBA, and (*iii*) approximately $337,721.14 asserted against ERS. Mr. Herriman will base such testimony on, among other things, (a) the review and analysis of the proofs of claim filed against such Debtors by the Oversight Board and its advisors, and (b) Mr. Herriman's extensive experience in complex restructuring, including claims reconciliation and analysis.

Dkt. No. 18097 at 5.

This disclosure is plainly inadequate and does not provide a "summary of the facts and opinions" Herriman will testify about. At most, it lists the topics on which Herriman will opine, but not his judgment or view on those topics. *See Little Hocking*, 2015 U.S. Dist. LEXIS 29918 at *24-25 ("'Opinions' in Defendant's disclosures, which merely state the topics of the opinions to which the expert will testify, without stating any view or judgement on such topics—*e.g.*, an actual opinion—do not satisfy (a)(2)(C)"). Also, this disclosure does not state *any facts* on which Herriman based his opinions. *See id.* at *32 ("[A] summary of facts supporting [the] opinions under Rule 26(a)(2)(C) means a brief account of facts—only those on which the expert actually

13

relied in forming his or her opinions—that states the main points derived from a larger body of information; merely stating the topic matters of facts relied upon does not suffice.")

Further, the limited disclosure apparently indicates that Herriman is not basing his opinion on any first-hand, direct knowledge as required under FRCP 26(a)(2)(C).  The FOMB provided no information as to whether Herriman was contemporaneously involved in the FOMB's "claims reconciliation process" or the "development and implementation of the ADR and ACR procedures."  Instead, he is basing his expert testimony on his later "review and analysis" of, presumptively, information provided to him by others in anticipation of his testimony, as well as his prior experience in complex restructuring.  *Id.*  Herriman is therefore, assuming he qualifies to provide expert testimony at all, a 26(a)(2)(B) witness who failed to provide a report and must be precluded.

### 2.    Malhotra

The FOMB identified three topics Malhotra may provide expert testimony on.  For each topic, the FOMB provided a *one-sentence disclosure*.

The first topic is that: "confirmation of the Plan is not likely to be followed by the need for further financial reorganization."  Dkt. No. 18097 at 6.  The entire disclosure with respect to this topic reads:

> Mr. Malhotra will base his testimony on, among other things, (a) forecasts of revenues, expenditures, budgets, and the amounts necessary for the Commonwealth to make payments that will be due pursuant to the Plan; (b) components of the Plan that are expected to mitigate the impacts of potential financial underperformance by the Commonwealth; (c) additional reforms and other measures that are not included in the Fiscal Plan that could be implemented to address projected revenue shortfalls in certain years, and (d) Mr. Malhotra's experience in providing financial restructuring advisory services in public sector restructuring.

*Id.* at 7.

14

The second topic is that: "the financial obligations provided for in the Plan are consistent with the debt sustainability analysis in the 2021 certified fiscal plan for the Commonwealth." *Id.* at 6. The entire disclosure with respect to this topic reads:

> Mr. Malhotra will base his testimony on (a) the restructured debt service and other financial obligations provided for in the Plan; and (b) the debt sustainability analysis in the Commonwealth's 2021 certified Fiscal Plan.

*Id.* at 7.

The third topic is that: "the financial impact of preempted Commonwealth statutes, or portions thereof, is inconsistent with the financial requirements of PROMESA." *Id.* at 6-7. The entire disclosure with respect to this topic reads:

> Mr. Malhotra will base his testimony on, among other things, (a) the appropriations or the appropriations based on mathematical formulas described in each of the Commonwealth statutes at issue; (b) application of formulas appropriations described in the statutes to the revenue sources identified in the statutes to estimate how much those specific appropriations would have been in Fiscal Years 2021 and 2022; and (c) the amounts calculated in (b) above are inconsistent with the Fiscal Plan.

*Id.* at 6-7.

These disclosures are woefully inadequate and do not summarize the facts Malhotra relied on or the opinions he intends to draw from those facts. Further, the FOMB provides no information about Malhotra's contemporaneous involvement in any of these issues. Instead, Malhotra's expert opinions appear to have been formed through his later review and analysis of source material provided to him in anticipation of his testimony. This is particularly prejudicial because without an export report or other type of fulsome disclosure, the DRA Parties are unable to evaluate or challenge Malhotra's "application of formulas" and other methodologies, and cannot confirm that these methods are reliable as required by *Daubert*. Malhotra is therefore, assuming he qualifies to provide expert testimony at all, a 26(a)(2)(B) witness who failed to provide a report and must be precluded.

15

### C.   The Court Must Preclude Shah from Offering Opinion Testimony Because It Is Unclear Whether He Was Involved In the Best Interest Test Analyses And Whether He Qualifies As A FRCP 26(a)(2)(C) Expert.

The FOMB identified Shah as providing expert testimony under FRCP 26(a)(2)(C) regarding the best interest analyses in the Disclosure Statement and that the Plan is in the best interest of creditors.   Dkt. No. 18097 at 8.   "Mr. Shah is expected to testify that . . . recoveries under the Plan are within the range of recoveries in other scenarios presented in the best interests tests analyses, which are attached as Exhibit P to the Disclosure Statement." *Id.*   However, nothing in this carefully wordsmithed description says that Shah had anything to do with performing or drafting the best interest test analyses.   While the FOMB states that the best interests test analyses were "prepared by McKinsey," of which Shah is a partner,[6] the FOMB does not make any statements with respect to Shah's personal and direct involvement in the preparation of McKinsey's analyses.   *Id.* at 9.   Nor were these analyses "prepared and signed by the witness," as an expert report should be.   Fed. R. Civ. P. 26(a)(2)(B).   Shah's name does not even appear *once* in the 109-page best interest test analyses.   *See generally* Ex. P, Dkt. No. 17628.

Instead, from the FOMB's inadequate disclosure, it appears Shah's expert opinion is based on his "review and understanding" of the classification and treatment of claims under the Plan, "review and understanding" of the assumptions made in connection with the best interests test analyses, "extensive experience serving the FOMB over the past several years," and "experience in providing financial advisory services."   Dkt. No. 18097 at 9.   The FOMB's disclosure fails to demonstrate that Shah's "extensive experience serving the FOMB" has anything to do with these

---

[6]       The DRA Parties do not dispute that Shah is a partner at McKinsey, but notes that as of 2018, McKinsey had over 2,000 partners.   *See Press Release*, MCKINSEY & COMPANY, Kevin Sneader Elected Global Managing Partner of McKinsey & Company (Feb. 25, 2018), https://www.mckinsey.com/~/media/McKinsey/About%20Us/McKinsey%20Blog/Meet%20our%20next%20Managing%20Partner/McKinsey%20Managing%20Partner%20Press%20Release.pdf.   Additionally, McKinsey has over 30,000 employees.   *See McKinsey & Company, About Us*, MCKINSEY & COMPANY (Sep. 29, 2021, 1:55 PM), https://www.mckinsey.com/about-us/overview.

issues, and it is hard to imagine that an evaluation of creditors' potential recoveries outside of Title III is everyday work at the Commonwealth.

Considering the high level of uncertainty surrounding Shah—including his qualifications to be an expert under FRCP 26(a)(2)(C) or otherwise, the extent of his actual involvement with McKinsey's best interest test analyses, and his roles with the FOMB—the DRA Parties attempted to depose Shah prior to the September 30, 2021 deadline to submit motions *in limine* and *Daubert* motions. Despite the DRA Parties' repeated requests to take Shah's deposition earlier, he has not been made available for deposition until October 6, 2021. Consequently, the DRA Parties expect to learn on October 6, 2021, the extent of Shah's actual involvement with the facts underlying his testimony, as well as his qualifications to provide expert testimony under FRCP 26(a)(2)(C) or otherwise.[7]

To the extent some portion of Shah's opinion testimony falls within the permitted scope of the FOMB's chosen designation under FRCP 26(a)(2)(C), the DRA Parties do not object to such opinion testimony in this motion *in limine*, but reserve the right to object to such testimony on other grounds.

### III.    Opinion Testimony of Properly Designated 26(a)(2)(C) Witnesses, If Any, Must Be Limited to the Opinions They Formed During Their Personal Involvement In the Facts At Issue.

Even if the Court finds that these witnesses are properly designated experts under FRCP 26(a)(2)(C) and that they provided sufficient disclosures (which, as explained above, is incorrect), the Court should limit their expert testimony to opinions formed during their personal

---

[7]    The DRA Parties are filing this motion *in limine* prior to Shah's deposition, which is not scheduled until October 6, 2021, as that date is after the deadline for filing motions *in limine*. The DRA Parties reserve the right to withdraw their objection, or parts of their objection, to Shah's testimony to the extent that the information obtained in the deposition renders this objection, or parts of this objection, to Shah's testimony as unnecessary.

involvement with the facts at issue.  The FOMB chose to designate these three witnesses as experts under FRCP 26(a)(2)(C), and did not submit any expert reports.  FRCP 26(a)(2)(C) requires that these witnesses only be permitted to testify about the opinions they formed during their personal involvement in the contemporaneous events at issue in the litigation.  *See Wai Feng Trading Co.*, 2018 U.S. Dist. LEXIS 215311, at *19 (citation omitted).  Here, that would mean, for example, that a witness opining as to the content, contours, or consequences of a particular report, analysis, or aspect of the Plan would only be permissible under FRCP 26(a)(2)(C) where the witness had first-hand experience in developing or drafting that report, analysis, or aspect of the Plan.  A witnesses' later review of the report, analysis, or aspect of the Plan in connection with preparing to testify is insufficient under FRCP 26(a)(2)(C).

## CONCLUSION

For the reasons stated herein, the DRA Parties respectfully request that the Court:

- Preclude Herriman, Malhotra, and Shah from providing expert opinion testimony;

Or in the alternative,

- Limit testimony of all witnesses determined to be properly designated under FRCP 26(a)(2)(C), if any, to the opinions they formed from their own direct, personal involvement in the underlying facts;

- Require the FOMB to submit updated expert disclosures for Herriman, Malhotra, and Shah within seven (7) days of this Order; allow the DRA Parties to depose these witnesses further with the benefit of these updated disclosures; allow the DRA Parties to identify further rebuttal experts necessary to respond to the belated disclosures of these witnesses; and allow the DRA Parties' currently identified rebuttal experts to supplement their opinions with respect to these disclosures;

- Adjourn the confirmation proceedings, if and as appropriate, until the FOMB has submitted updated expert disclosures for Herriman, Malhotra, and Shah, and allow the DRA Parties to properly respond to them as described above.

Dated: September 30, 2021
      In San Juan, Puerto Rico.

**MCCONNELL VALDÉS LLC**

270 Muñoz Rivera Avenue, Suite 7
Hato Rey, Puerto Rico 00918
P.O. Box 364225
San Juan, PR 00936-4225
Tel:    787-250-5632
Fax:   787-759-9225

By:    */s/ Arturo J. García-Solá*
Arturo J. García-Solá
(USDC No. 201903)
E-mail: ajg@mcvpr.com

*/s/ Alejandro J. Cepeda-Díaz*
Alejandro J. Cepeda-Díaz
(USDC No. 222110)
E-mail: ajc@mcvpr.com

*/s/ Nayuan Zouairabani*
Nayuan Zouairabani
(USDC No. 226411)
E-mail: nzt@mcvpr.com

***Attorneys for AmeriNational Community
Services, LLC, as Servicer for the GDB Debt
Recovery Authority***

**C. CONDE & ASSOC. LAW OFFICES**

By:    */s/ Carmen D. Conde Torres*
Carmen D. Conde Torres
(USDC No. 207312)

*/s/  Luisa S. Valle Castro*
Luisa S. Valle Castro
(USDC No. 215611)

254 San José Street
Suite 5
San Juan, PR 00901-1523
Tel:    787-729-2900
Fax:   787-729-2203
E-mail: condecarmen@condelaw.com

-and-

**SCHULTE ROTH & ZABEL LLP**

By:    */s/ Douglas S. Mintz*
Douglas S. Mintz (admitted *pro hac vice*)
Noah N. Gillespie (admitted *pro hac vice*)
901 Fifteenth Street, NW, Suite 800
Washington, DC 20005
Tel:    202-729-7470
Fax:   202-730-4520
E-mail: douglas.mintz@srz.com
        noah.gillespie@srz.com

-and-

Douglas Koff (admitted *pro hac vice*)
Taleah Jennings (admitted *pro hac vice*)
Abbey Walsh (admitted *pro hac vice*)
Peter J. Amend (admitted *pro hac vice*)
919 Third Avenue
New York, NY 10022
Tel:    212-756-2000
Fax:   212-593-5955

E-mail:    douglas.koff@srz.com
           abbey.walsh@srz.com
           peter.amend@srz.com

*Attorneys for Cantor-Katz Collateral Monitor
LLC, as Collateral Monitor for the GDB Debt
Recovery Authority*

## <u>Certificate of Service</u>

I hereby certify that, on September 30, 2021, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants in this case.

<i>/s/ Carmen D. Conde Torres</i>

Carmen D. Conde Torres