Hearing Date: November 1, 2021 at 9:30AM (Atlantic Standard Time)
Objection Deadline: October 15, 2021

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## THE DRA PARTIES' MOTION *IN LIMINE* TO EXCLUDE CERTAIN OPINIONS OFFERED BY DEBTORS' EXPERT WITNESS MARTI P. MURRAY

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801).

AmeriNational Community Services, LLC (the "Servicer"), as servicer for the GDB Debt Recovery Authority (the "DRA"), and Cantor-Katz Collateral Monitor LLC, a Delaware limited liability company (the "Collateral Monitor" and, together with the Servicer, collectively, the "DRA Parties") respectfully submit this memorandum of law in support of their motion *in limine* pursuant to Rule 702 of the Federal Rules of Evidence to exclude certain opinion testimony offered by Ms. Marti Murray ("Ms. Murray"), in her Expert Report, as expert for the Debtors. [ECF No. 18097-1].

**PRELIMINARY STATEMENT**

It is axiomatic in virtually every jurisdiction that expert testimony may not usurp the role of the trial judge. Although an expert may opine on an issue of fact, an expert may not give testimony stating ultimate legal conclusions based on those facts. Questions regarding the law are left exclusively for the trial judge. In her Opinion # 4, Ms. Murray reaches the ultimate legal conclusion that certain settlements underpinning the Plan[2] are reasonable. But such a determination is the sole province of the trial judge. Whether these settlements are reasonable is a point of contention in this proceeding and is a question that must be left to the court after it has weighed all the evidence and considered all the factors. In fact, reasonableness of these underlying settlements is a threshold issue that must be determined prior to Confirmation.

It is up to the trial judge alone to make the ultimate independent decision as to whether an underlying settlement is reasonable and equitable. By undertaking an analysis of certain factors that impact whether a settlement is reasonable and then coming to an ultimate conclusion, Ms. Murray inappropriately invades the court's territory and wrongly testifies on issues of law

---

[2] Defined herein.

2

reserved for the court. Accordingly, Ms. Murray should not be permitted to offer such an opinion at trial.

## BACKGROUND

On September 6, 2021, Debtors designated Ms. Murray as an expert witness to provide testimony regarding the *Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico*, *et al.* (the "Plan") [ECF No. 17627] on the following topics: "(i) whether the Plan is consistent with the Certified Commonwealth Fiscal Plan, dated April 23, 2021 (the 'Fiscal Plan'); (ii) whether the proposed treatment of active and retired participants in the ERS, JRS and TRS pension plans is reflected in the Fiscal Plan; (iii) whether the implementation of the Plan and achievement of the Fiscal Plan is dependent on new borrowings and, if so, whether these new borrowings would be in violation of the borrowing restrictions incorporated into the Plan; and (iv) whether certain settlements reached in connection with the Plan are reasonable." [ECF No. 18044]. On September 13, 2021, the Debtors submitted Ms. Murray's Expert Report (the "Murray Report") [ECF No. 18097-1]. With respect to each of the four topics above described, Ms. Murray offers four separate opinions. Stated briefly, Ms. Murray opines that:

Opinion # 1: the Plan and the Fiscal Plan are consistent as it relates to the debtors' up-front cash needs and sustainable debt service levels;

Opinion # 2: implementation of the proposed treatments of the pension plans for the Employee Retirement System, the Teachers' Retirement System, and the Judiciary Retirement System is already reflected in the Fiscal Plan and will therefore have no negative impact on the debtor's ability to achieve the Fiscal Plan;

3

>Opinion # 3: implementation of the Plan and achievement of the Fiscal Plan are not dependent on new borrowings and as a result the borrowing restrictions incorporated into the Plan should not impede the debtors' ability to achieve the Fiscal Plan; and
>
>Opinion # 4: the settlements underpinning the Plan were reached in a manner consistent with typical custom and practice for complex debt restructurings and are reasonable. (Murray Report at 6-7).

At issue in this motion is Ms. Murray's Opinion # 4. Ms. Murray opines that the settlements reached between the Debtors and certain stakeholders (the "Settlements") memorialized in various plan support agreements ("PSAs") and stipulations and subsequently incorporated into the Plan are reasonable. (Murray Report at 52-53; 56; 61-63). Ms. Murray relies on her practitioner experience acting as a stakeholder in a bankruptcy or restructuring. (Murray Report at 62).

In evaluating reasonableness, Ms. Murray considered the types of challenges brought by and against various classes of creditors, and what their potential recoveries might have hypothetically been were they to prevail or lose. (Murray Report at 62). Ms. Murray also considered the Best Interests Test Report which provides data points for what recoveries might be for creditors if no Plan is confirmed. (Murray Report at 62-63).

In her Opinion # 4, Ms. Murray inappropriately invaded the court's territory by offering testimony on issues of law reserved for the court. Although an expert may opine on an issue of fact, an expert may not give testimony stating ultimate legal conclusions based on those facts. As will be discussed below, a determination as to the "reasonableness" of a settlement is a legal conclusion for the trier of fact after it has weighed all the evidence and considered all the factors. In this proceeding, whether the Settlements are reasonable is a threshold issue for Plan

4

confirmation and a point of contention. Accordingly, Ms. Murray should not be permitted to offer such an opinion at trial.

## LEGAL STANDARD

Motions *in limine* are heard by the district court pursuant to its inherent authority to manage the course of trial. *United States v. Davis*, 826 F. Supp. 617, 620 (D.R.I. 1993). The purpose of a motion *in limine* is to "aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *De Jesus Sanchez v. Taber Partners I, LLC (*D.P.R. Apr. 3, 2006) (subsequent history omitted).

Federal Rule of Evidence 702 governs the admissibility of expert testimony, and specifically permits a witness qualified as an expert to testify in the form of an opinion if: (1) the expert's knowledge will assist the factfinder in understanding the evidence or an issue of fact; (2) the testimony is based on sufficient facts or data; (3) the testimony resulted from reliable principles and methods; and, (4) the expert reliably applied the principles and methods to the facts of the case. Fed. R. Evid. 702.

In applying these considerations, the court acts as a gatekeeper preventing the admission of opinion testimony that does not meet these requirements. *Carrelo v. Advanced Neuromodulation Sys., Inc.,* 777 F. Supp. 2d 315, 317 (D.P.R. 2011). Furthermore, the court has broad discretion to determine whether expert testimony will prove helpful to the trier of fact. *Ortiz-Semprit v. Coleman Co.*, 301 F. Supp. 2d 116, 119 (D.P.R. 2004); *see also Mitchell v. United States*, 141 F.3d 8, 15 (1st Cir. 1998) ("A district court enjoys substantial discretion to decide whether to admit or exclude relevant expert testimony.").

**ARGUMENT**

In evaluating the admissibility of expert testimony, federal courts require the exclusion of expert testimony that states a legal conclusion. *In re Intuniv Antitrust Litig.*, No. 1:16-CV-12396-ADB, 2020 WL 5995326, at *24 (D. Mass. Oct. 9, 2020). In fact, it is well-established that expert testimony may not "usurp . . . the role of the trial judge . . ." *In re Thilman*, 557 B.R. 294, 300 (Bankr. E.D.N.Y. 2016); *see also Bennett v. Target Corp.*, 6-CV-5816 (ADS)(SIL), at *20 (E.D.N.Y. Nov. 5, 2018) (expert's conclusion regarding proximate causation was an impermissible conclusion of law that usurped the role of the trial judge). "Purely legal questions . . . [are] exclusively the domain of the judge." *Nieves-Villanueva v. Soto-Rivera*, 133 F.3d 92, 99 (1st Cir. 1997). Legal opinions are impermissible because they do not "assist the trier of fact" as Federal Rule of Evidence 702 requires. *Carballo Rodriguez v. Clark Equipment Co.*, 147 F. Supp. 2d 81, 85 (D.P.R. 2001) (certain expert testimony excluded because those "statements do not properly assist the trier of fact because they pretend to draw ultimate legal conclusions, thereby invading the province of the jury."); *see also In re Thilman*, 557 B.R. 294, 300 (Bankr. E.D.N.Y. Sept. 9, 2016) (In deciding whether expert testimony will assist the trier of fact, the use of expert testimony must be carefully circumscribed to assure that the expert does not usurp … the role of the trial judge) (internal quotations and citations omitted).

Accordingly, "[a] district court properly rejects an expert's testimony when the testimony ... inappropriately draws legal conclusions." *Sparta Commercial Servs., Inc. v. DZ Bank*, 680 F. App'x 17, 19-20 (2d Cir. 2017); *see also In re Thilman*, 557 B.R. 294 at 300 ("[e]xpert testimony will be excluded if it provide[s] legal opinions, legal conclusions, or interpret[s] legal terms; those roles fall solely within the province of the court.") (internal quotations and citations omitted).

Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, a court will approve a debtor's entry into a settlement agreement when it is fair, equitable and in the debtor's and creditors' best interests. *In re Drexel Burnham Lambert Grp., Inc.*, 134 B.R. 493, 494 (Bankr. S.D.N.Y. 1991). Settlement approval "is committed to the sound discretion of the Court." *Id*; *see also In re Corp. Res. Servs., Inc.*, No. 15-12329 (MG), 2019 WL 5095709, at *6 (Bankr. S.D.N.Y. Oct. 10, 2019) ("Under Bankruptcy Rule 9019, the court has the authority to approve a compromise or settlement.") (subsequent history omitted).

Courts (and not experts) are required to make an informed, independent judgment as to whether a settlement is fair and equitable and within the range of reasonableness based on certain factors including; the likelihood of success compared to the present and future benefits offered by the settlement; the competency and experience of counsel who support settlement; the prospect of complex and protracted litigation if settlement is not approved; and the proportion of the class members who do not object or who affirmatively support the proposed settlement. *See In re Drexel Burnham Lambert Grp., Inc.*, 134 B.R. 493, 494 (Bankr. S.D.N.Y. 1991).

In her report. Ms. Murray offers her opinion on the issue of whether the parties were represented by qualified legal counsel, she weighs the downside risks for certain of the stakeholders, and considers the impact of potential litigations. (Murray Report at 56-73). All of these opinions are within the permissible scope of expert testimony that is used to assist the trier of fact.

However, instead of leaving to the court the ultimate determination as to the reasonableness of the Settlements, Ms. Murray crosses the bounds of appropriate expert opinion and draws the ultimate conclusion herself; that the Settlements within the Plan, including the settlement terms of the HTA/CCDA Related Plan Support Agreement, are reasonable based on

7

an analysis of the facts and her own opinion and determination as to what factors actually impact a reasonableness assessment. Ms. Murray reaches an improper conclusion without due consideration of opposing arguments that the court must weigh.[3] This is plainly improper. *See In re Thilman*, 557 B.R. 294, 301 (Bankr. E.D.N.Y. 2016) (expert opinion on whether buyers had a duty to inquire is an improper legal conclusion); *Nieves-Villanueva v. Soto-Rivera*, 133 F.3d 92, 100-101 (1st Cir. 1997) (testimony as to holdings of various Puerto Rico and federal opinions and to legal conclusion that public employee's appointments were in violation of law invaded exclusive domain of district judge and, thus, was inadmissible expert testimony); *Cotto-Vázquez v. United States*, CIV. NO.: 16-2807 (SCC), 2021 BL 91523, at \*24 (D.P.R. Mar. 11, 2021) (expert's testimony is improper because it reaches ultimate conclusions on contract interpretation that must be left to the court).[4]

Furthermore, the fact that the trier of fact in this matter is the judge rather than a jury, has no impact on this analysis. Under either circumstance, the judge must undertake an analysis into whether the expert testimony would assist the trier of fact. Expert testimony on legal conclusions is not helpful to that end. *In re Hampton Ventures, LLC*, No. 18-21217 (JJT), 2019 WL 1062402,

---

[3] For example, at confirmation, the DRA Parties intend to argue that the settlement terms of the HTA/CCDA PSA dated as of May 5, 2021 among the FOMB, Assured Guaranty Corp. and Assured Guaranty Municipal Corp, National Public Finance Guarantee Corporation, and certain other holders of HTA and CCDA bonds effectuate an unlawful sub rosa HTA plan, making the settlements unreasonable under Bankruptcy Rule 9019 and rendering the Plan unconfirmable.

[4] To the extent Debtors will argue that Federal Rule of Evidence 704 permits Ms. Murray to come to an ultimate conclusion, such an argument is misplaced. Federal Rule of Evidence 704 permits an expert to reach an ultimate conclusion on an issue of fact, not law. *Cotto-Vázquez v. United States*, CIV. NO.: 16-2807 (SCC), 2021 BL 91523, at \*27 (D.P.R. Mar. 11, 2021) ("Rule 704 permits expert testimony that tackles the ultimate issue of a case. However, the ultimate issue under Rule 704 pertains to issues of fact which, at the end of the day, are decided by the jury. The ultimate issue that Rule 704 refers to, does not, however, permit expert testimony that proffers legal conclusions.") (internal quotations and citations omitted); *see also Nieves-Villanueva v. Soto-Rivera*, 133 F.3d 92, 100 (1st Cir. 1997) ("Similarly, Fed.R.Evid. 704(a), which removes the common-law bar on otherwise admissible testimony that embraces an ultimate issue to be decided by the trier of fact, does not vitiate the rule against expert opinion on questions of law.") (internal quotations omitted).

at *2 (Bankr. D. Conn. Mar. 5, 2019) (finding that "[a]lthough the present case is being tried to the Court, not a jury, that is a distinction without a difference. The Plaintiff proposed [that] . . .an expert instruct the fact finder, in this case the court, on the applicable law and to apply the law to the facts before the Court. Such is impermissible and would be a waste of time.").

While some of Ms. Murray's analysis is properly within the scope of admissible expert testimony, her ultimate legal conclusion on whether the underlying Settlements are reasonable falls squarely in the sole purview of the judge.

## CONCLUSION

For the reasons set forth above, the DRA Parties respectfully request that the Court enter an Order precluding Ms. Murray from testifying that the Settlements underlying the Plan are reasonable.

Dated: September 30, 2021
      San Juan Puerto Rico

Respectfully submitted,

**MCCONNELL VALDÉS LLC**

270 Muñoz Rivera Avenue, Suite 7
Hato Rey, Puerto Rico 00918
P.O. Box 364225
San Juan, PR 00936-4225
Tel:   787-250-5632
Fax:  787-759-9225

By:   */s/ Arturo J. García-Solá*
Arturo J. García-Solá
(USDC No. 201903)
E-mail: ajg@mcvpr.com

*/s/ Alejandro J. Cepeda-Díaz*
Alejandro J. Cepeda-Díaz
(USDC No. 222110)
E-mail: ajc@mcvpr.com

**C. CONDE & ASSOC. LAW OFFICES**

By:   */s/ Carmen D. Conde Torres*
Carmen D. Conde Torres
(USDC No. 207312)

*/s/ Luisa S. Valle Castro*
Luisa S. Valle Castro
(USDC No. 215611)

254 San José Street
Suite 5
San Juan, PR 00901-1523
Tel:   787-729-2900
Fax:  787-729-2203
E-mail: condecarmen@condelaw.com

**-**and-

9

| | |
|---|---|
| */s/ Nayuan Zouairabani*<br>Nayuan Zouairabani<br>(USDC No. 226411)<br>E-mail: nzt@mcvpr.com<br><br>***Attorneys for AmeriNational Community Services, LLC, as Servicer for the GDB Debt Recovery Authority*** | **SCHULTE ROTH & ZABEL LLP**<br><br>By: */s/ Douglas S. Mintz*<br>Douglas S. Mintz (admitted *pro hac vice*)<br>Noah N. Gillespie (admitted *pro hac vice*)<br>901 Fifteenth Street, NW, Suite 800<br>Washington, DC 20005<br>Tel: 202-729-7470<br>Fax: 202-730-4520<br>E-mail: douglas.mintz@srz.com<br>       noah.gillespie@srz.com<br><br>-and-<br><br>Douglas Koff (admitted *pro hac vice*)<br>Taleah Jennings (admitted *pro hac vice*)<br>Abbey Walsh (admitted *pro hac vice*)<br>Peter J. Amend (admitted *pro hac vice*)<br>919 Third Avenue<br>New York, NY 10022<br>Tel: 212-756-2000<br>Fax: 212-593-5955<br><br>E-mail: douglas.koff@srz.com<br>       abbey.walsh@srz.com<br>       peter.amend@srz.com<br><br>***Attorneys for Cantor-Katz Collateral Monitor LLC, as Collateral Monitor for the GDB Debt Recovery Authority*** |

## CERTIFICATE OF SERVICE

I hereby certify that, on September 30, 2021, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants in this case.

*/s/ Carmen D. Conde Torres*
Carmen D. Conde Torres
