**UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

## STIPULATION

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of debtors the Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA," and collectively with the Commonwealth and ERS, the "Debtors") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA")[2], the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF" and, together with the Oversight Board, the "Government Parties"), AmeriNational Community Services, LLC (the "Servicer"), as servicer for the GDB Debt Recovery Authority (the "DRA"), and Cantor-Katz Collateral Monitor LLC, which serves as the collateral monitor for Wilmington Trust, N.A. in connection with the new

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

bonds issued by the DRA[3] (the "Collateral Monitor," and together with the Servicer, collectively, the "DRA Parties", and jointly with the Government Parties, the "Parties"), stipulate and agree as follows:

## RECITALS

WHEREAS, on August 2, 2021, the Court entered its *Order Establishing Procedures and Deadlines Concerning Objection to Confirmation and Discovery in Connection Therewith* [Dkt. No. 17640] (the "Confirmation Procedures Order"), which provides for, among other things, discovery and depositions related to the *Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [Dkt. No. 17627], as may be amended (the "Plan");

WHEREAS, the Parties have agreed to accommodate any deposition witnesses who prefer not to be deposed in-person during the ongoing COVID-19 pandemic.

## AGREEMENT

WHEREFORE, IT IS HEREBY STIPULATED AND AGREED:

1. The protocols set forth herein govern depositions scheduled pursuant to the Confirmation Procedures Order (each a "Deposition"). With the consent of the noticing party, a Deposition may proceed by remote means, through telephone and videoconference, as authorized by Federal Rule of Civil Procedure 30(b)(4).

2. Veritext has been selected to serve as the remote Deposition vendor for all Depositions that will be conducted remotely (the "Remote Deposition Vendor").

---

[3] The DRA bonds were issued pursuant to the *Government Development Bank for Puerto Rico Debt Restructuring Act*, Act No. 109-2017, as amended by Act No. 147-2018.

2

3. For purposes of the requirement of Federal Rules of Civil Procedure 28(a) and 30(b)(5)(A) that depositions be conducted before an officer appointed or designated under Federal Rule of Civil Procedure 28, the officer need not be in the same location as the witness.

4. The officer's administration of the oath or affirmation to the witness, as required by Federal Rules of Civil Procedure 28(a) and 30(c), may proceed by remote means, through telephone and videoconference.

5. While on the record during a Deposition, the witness may not communicate with anyone except through verbal communication that will be captured and disseminated to all participants. The witness is prohibited from using any email, texting or instant messaging services, chat functions, or other similar means of communication while on the record during a Deposition.

6. Should the witness not testify in English and require the assistance of an interpreter, the party representing and/or defending such witness must make arrangements with the noticing party to provide a certified interpreter for the witness at least 24 hours prior to the commencement of the Deposition. The certified interpreter may appear through remote means, through telephone and videoconference, via a separate device and/or location than the witness, or may be physically present in the same location as the witness.

7. The witness may appear at their counsel's office and share a computer device with their counsel, or a witness can appear by a separate device—in counsel's office or from another location. No person other than counsel for the party offering or representing the witness may be present in the room from which the witness will testify, except for any person providing technical assistance and/or interpretation to the witness.

3

8. To the extent the witness states that he or she needs to consult with counsel, the Parties agree to go off the record to allow the witness to do so. However, no such consultation shall occur while a question is pending except to address possible privilege issues.

9. The witness may not have any documents in the room with him or her while he or she is testifying, except for documents provided as exhibits by the deposing party.. The witness may not rely on or access any documents or media, including notes, outlines, files, or documents on any computerized device, including the Deposition Computer, other than exhibits presented during the Deposition. The witness shall not use a "virtual background" and must be situated in such a manner as to be able to view the video screen and be seen by all parties attending the Deposition.

10. Each witness, defending counsel, questioning counsel, court reporter, and client representative(s) shall endeavor to find a location for the Deposition that is well-lit and relatively free of distractions and obstructions such that each—and in particular, the witness—is in clear view of the camera. If the witness is located in the same room as counsel offering or representing the witness or is located in the same room with a person providing technical assistance and/or interpretation to the witness, to the extent the witness feels comfortable doing so in light of the ongoing COVID-19 pandemic and pursuant to social distancing guidelines, the witness shall refrain from wearing a mask while on camera during the conduct of the Deposition. Under all other circumstances, the witness shall not wear a mask while on camera during the conduct of the Deposition, subject to applicable law or regulation.

11. The witness shall provide to the Parties original copies of any documents or materials that the witness consults with or reviews while on the record during a Deposition.

4

12. A Deposition may be recorded by video, with the video feed of the witness and audio from the witness and all participants while on the record to be captured by a videographer retained by the noticing or subpoenaing party. The recorded video feed must be of the witness's video feed only, not video from others participating via videoconference. The Parties agree not to object to the use of the video feed captured by such a videographer based on the manner in which the video was captured or the quality of the resulting video, provided, however, that the Parties retain their right to object to the use of video in the event that technical flaws in the captured audio or video render the recorded testimony incomplete. The remote Deposition video may be used in the same manner and under the same rules as live Deposition video pursuant to Fed. R. Civ. P. 32(c).

13. Participants other than one attorney for each party and the witness shall place their microphones on mute except when they desire to speak on the record. The remote Deposition platform operator, videographer, and/or court reporter may, at their discretion, mute all participants outside of these individuals so long as muted individuals retain the ability to unmute their lines when they wish to speak on the record. At all times, all participants shall endeavor to refrain from talking at the same time to ensure a clear record.

14. Any party introducing exhibits shall make electronic copies of the exhibits available to counsel participating in the Deposition using the selected Remote Deposition Vendor (or, at the option of the questioning party, by emailing electronic copies to counsel participating in the Deposition).

15. In the event that counsel for any party becomes aware or suspects that counsel of record for any party may have been disconnected from the audio portion of the Deposition, such counsel shall promptly so state on the record and all questioning shall cease to avoid inadvertent

5

questioning of the witness without the participation of the witness's counsel or other counsel of record for any party. In the event that counsel of record for any party is disconnected from the audio portion of the Deposition, such counsel will promptly use reasonable efforts to notify counsel questioning the witness, to the extent practicable, and upon such notice, all questioning shall cease until such counsel is reconnected to audio portion of the Deposition.

16. The Parties agree to cooperate with respect to any delays occasioned by connectivity issues or the need to ensure that all counsel of record for any party is participating in the Deposition. Any time spent addressing technical issues shall count as off-the-record time and not be counted against any time limit.

17. The Parties do not waive any rights other than those specifically identified above. This stipulation is binding on and enforceable against the Parties only in relation to a Deposition taken pursuant to this stipulation. Each of the Parties expressly reserve the right to require different or additional terms in any stipulation for any other remote deposition in the Title III cases or any related adversary proceedings in this Court.

| | |
|---|---|
| Dated: October 1, 2021.<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>*/s/ Hermann D. Bauer*<br>Hermann D. Bauer<br>USDC No. 215205<br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel: (787) 764-8181<br>Fax: (787) 753-8944<br><br>*/s/ Michael A. Firestein*<br>Martin J. Bienenstock<br>Brian S. Rosen<br>Jeffrey Levitan<br>Ehud Barak<br>Admitted *Pro Hac Vice*<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br><br>Michael A. Firestein<br>Lary Alan Rappaport<br>Admitted *Pro Hac Vice*<br>2029 Century Park East<br>Suite 2400<br>Los Angeles, CA 90067-3010<br>Tel: (310) 557-2900<br>Fax: (310) 557-2193<br>Email: mfirestein@proskauer.com<br>      lrappaport@proskauer.com<br><br>***Attorneys for the Financial Oversight and Management Board as representative for the Debtors*** |

/s/ *Peter Friedman*
John J. Rapisardi
(Admitted *Pro Hac Vice*)

**O'MELVENY & MYERS LLP**
7 Times Square
New York, NY 10036
Tel: (212) 326-2000
Fax: (212) 326-2061

Peter Friedman
(Admitted *Pro Hac Vice*)
1625 Eye Street, NW
Washington, DC 20006
Tel: (202) 383-5300
Fax: (202) 383-5414

Elizabeth L. McKeen
Ashley M. Pavel
(Admitted *Pro Hac Vice*)
610 Newport Center Drive, 17th Floor
Newport Beach, California 92660
Tel: (949) 823-6900
Fax: (949) 823-6994

*Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority*

/s/ *Luis C. Marini-Biaggi*
Luis C. Marini-Biaggi
USDC No. 222301
Email: lmarini@mpmlawpr.com
Carolina Velaz-Rivero
USDC No. 300913
Email: cvelaz@mpmlawpr.com

**MARINI PIETRANTONI MUÑIZ LLC**
250 Ponce de León Ave.
Suite 900
San Juan, Puerto Rico 00918
Tel: (787) 705-2171
Fax: (787) 936-7494

*Co-Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority*

8

| | |
|---|---|
| **MCCONNELL VALDÉS LLC** | **C. CONDE & ASSOC. LAW OFFICES** |
| | |
| 270 Muñoz Rivera Avenue, Suite 7 | By: */s/ Carmen D. Conde Torres* |
| Hato Rey, Puerto Rico 00918 | Carmen D. Conde Torres |
| PO Box 364225 | (USDC No. 207312) |
| San Juan, Puerto Rico 00936-4225 | */s/ Luisa S. Valle Castro* |
| Telephone: 787-250-5632 | Luisa S. Valle Castro |
| Facsimile: 787-759-9225 | (USDC No. 215611 |
| | 254 San José Street, Suite 5 |
| By: */s/Arturo J. García-Solá* | San Juan, PR 00901-1523 |
| Arturo J. García-Solá | Tel. 787-729-2900 |
| USDC No. 201903 | Fax. 787-729-2203 |
| Email: ajg@mcvpr.com | E-Mail: condecarmen@condelaw.com |
| | |
| By: */s/Alejandro J. Cepeda-Diaz* | **SCHULTE ROTH & ZABEL LLP** |
| Alejandro J. Cepeda-Diaz | |
| USDC No. 222110 | By: */s/ Douglas S. Mintz* |
| Email: ajc@mcvpr.com | Douglas S. Mintz (admitted *pro hac vice*) |
| | 901 Fifteenth Street, NW, Suite 800 |
| By: */s/Nayuan Zouairabani* | Washington, D.C. 20005 |
| Nayuan Zouairabani | Telephone: (202) 729-7470 |
| USDC No. 226411 | Facsimile: (202) 730-4520 |
| Email: nzt@mcvpr.com | E-mail: dmintz@orrick.com |
| | |
| *Attorneys for AmeriNational Community Services, LLC as servicer for the GDB Debt Recovery Authority* | -and- |
| | |
| | Douglas Koff (admitted pro hac vice) |
| | Abbey Walsh (admitted pro hac vice) |
| | Peter J. Amend (admitted pro hac vice) |
| | 919 Third Avenue |
| | New York, N.Y. 10022 |
| | Tel: 212-756-2000 |
| | Fax: 212-593-5955 |
| | E-mail: douglas.koff@srz.com |
| | abbey.walsh@srz.com |
| | peter.amend@srz.com |
| | |
| | *Attorneys for Cantor-Katz Collateral Monitor LLC, as Collateral Monitor for GDB Debt Recovery Authority* |

9

## **CERTIFICATE OF SERVICE**

I hereby certify that, on October 1, 2021, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants in this case.

*/s/ Nayuan Zouairabani*
Nayuan Zouairabani