# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>    as representative of<br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>    as representative of<br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>    Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS |
| AMERINATIONAL COMMUNITY SERVICES, LLC, as Servicer for the GDB Debt Recovery Authority and CANTOR-KATZ COLLATERAL MONITOR LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORP., ASSURED | Adv. Proc. No. 21-00068-LTS |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

| |
|---|
| GUARANTY MUNICIPAL CORP., NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION, FINANCIAL GUARANTY INSURANCE COMPANY, PEAJE INVESTMENTS LLC, and THE BANK OF NEW YORK MELLON, as Fiscal Agent, <br><br> Defendants. |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as representative of PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY; THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO as representative of THE COMMONWEALTH OF PUERTO RICO, <br><br> Movants, <br><br> v. <br><br> AMERINATIONAL COMMUNITY SERVICES, LLC, as Servicer for the GDB Debt Recovery Authority and CANTOR-KATZ COLLATERAL MONITOR LLC, <br><br> Respondents. |

**UNOPPOSED URGENT MOTION OF INTERVENING DEFENDANT FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR LEAVE TO FILE A REPLY IN SUPPORT OF MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO STAY COUNTS I, II, AND IV OF THE <u>COMPLAINT [ECF No. 40] OF NO MORE THAN 45 PAGES</u>**

2

**To the Honorable United States District Judge Laura Taylor Swain:**

Intervening Defendant the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of Debtors the Commonwealth of Puerto Rico (the "Commonwealth") and the Puerto Rico Highways and Transportation Authority ("HTA") pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), respectfully submits this unopposed urgent motion (the "Urgent Motion") requesting the entry of an order, substantially in the form annexed hereto as **Exhibit A** (the "Proposed Order"), granting the Oversight Board leave to exceed the fifteen (15) page limit set forth in the *Fifteenth Amended Notice, Case Management and Administrative Procedures* [Case No. 17-3283, ECF No. 17127-1] (the "Case Management Procedures") ¶ I.E and file a single reply of no more than **forty-five (45) pages** (exclusive of the cover page, the table of contents, the table of authorities, the signature page, exhibits, and the certificate of service) (i) in support of the *Intervening Defendants' Motion to Dismiss, or in the Alternative, to Stay Counts I, II and IV of the Complaint* [ECF No. 41] (the "Motion"), and (ii) in response to *Plaintiffs' Memorandum of Law in Opposition to the Motions to Dismiss* [ECF No. 60] (the "Opposition") filed by the DRA Parties.[2] The DRA Parties and the Defendants do not oppose the relief sought.

## Jurisdiction and Venue

1. The Court has subject matter jurisdiction pursuant to PROMESA §§ 106(a) and 306(a)(2) because this adversary proceeding arises under PROMESA Title III and is related to the Commonwealth's Title III case.

---

[2] The "DRA Parties" are AmeriNational Community Services, LLC, as servicer for the GDB Debt Recovery Authority (the "DRA"), and Cantor-Katz Collateral Monitor LLC, which serves as the collateral monitor for Wilmington Trust, N.A. in connection with the new bonds issued by the DRA.

2. Venue is appropriate in this District under PROMESA §§ 106(a) and 307, and 28 U.S.C. § 1391.

## Relevant Procedural Background

3. On June 26, 2021, the DRA Parties commenced this adversary proceeding by filing their Complaint [ECF No. 1]. The Complaint alleges four counts for declaratory relief against defendants Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., National Public Finance Guarantee Corporation, Financial Guaranty Insurance Company, Peaje Investments LLC, and the Bank of New York Mellon, as Fiscal Agent (collectively, the "Defendants").

4. By *Order on Intervention* dated August 11, 2021 [ECF No. 34], the Court granted the Oversight Board, as Title III representative of the Commonwealth and HTA, leave to intervene as a defendant in Counts I, II and IV of the Complaint with full party rights and no limitations.

5. The Oversight Board, as Title III representative of the Commonwealth and HTA, filed its Motion on August 26, 2021. The Oversight Board's Motion to Dismiss was accompanied by a memorandum of law of forty-nine (49) pages. *See Intervening Defendant Financial Oversight and Management Board's Memorandum of Law in Support of Motion to Dismiss, or in the Alternative, to Stay Counts I, II, and IV of the Complaint*, ECF No. 40. Defendants separately filed their motion to dismiss the Complaint. *See* ECF Nos. 44-45.

6. On September 21, 2021, the DRA Parties filed their unopposed *Urgent Motion for Leave to Exceed Page Limit With Respect to Their Memorandum of law in Opposition to the Motions to Dismiss* [ECF No. 54]. On September 22, 2021, the Court issued its Order granting the DRA Parties' unopposed urgent motion and authorizing the DRA Parties to file a combined opposition of no more than ninety (90) pages. *See Order*, ECF No. 55.

7. On September 23, 2021, the DRA Parties filed an 84 page Opposition. *See* ECF No. 60.

### Relief Requested and Basis for Such Relief

8. Paragraph I.E. of the Case Management Procedures provides that "[u]nless prior permission has been granted . . . memoranda of law in support of Replies are limited to fifteen (15) pages." Case Management Procedures I.E. For the reasons stated below, the Oversight Board, as Title III representative, respectfully requests leave to file one joint reply not to exceed **forty-five (45) pages,** (exclusive of the cover page, the table of contents, the table of authorities, the signature page, exhibits, and the certificate of service) in support of the Motion, and in response to the Opposition.

9. For purposes of efficiency, rather than separately file reply briefs on behalf of the Commonwealth and HTA (each of which would be subject to the 15-page limit in the Case Management Procedures), the Oversight Board intends to file a single brief of no more than **forty-five (45) pages.**

10. The Oversight Board's Motion sought dismissal of, or alternatively requested to stay or terminate, Counts I, II, and IV of the Complaint. Those counts assert a variety of causes of action for declaratory relief regarding the alleged claims and rights of the DRA Parties and the HTA Bondholders to Commonwealth and/or HTA property. Among other things, the DRA Parties seek declarations that: (i) the DRA Parties have a perfected security interest in Act 30-31 Revenues (as defined in the Complaint) collected by the Commonwealth "wherever located," even if never transferred to HTA (Count I); (ii) the security interest held by HTA Bondholders is limited to revenues deposited by HTA in specified accounts, and does not include Act 30-31 Revenues

(Counts II and IV); and, (iii) the DRA Parties have a recourse claim against HTA (Count IV). *See generally* ECF No. 40.

11. Approximately fifty-eight (58) pages of the Opposition respond to issues briefed either by the Oversight Board alone in its Motion, and not by the Defendants in their separate motion to dismiss,[3] or by both the Oversight Board and the Defendants in their respective moving papers. The issues that the reply will address are complex—including, for example, (i) the DRA Parties do not have a security interest in the Act 30-31 Revenues collected and retained by the Commonwealth; (ii) even assuming, arguendo, HTA could and did grant a security interest in Act 30-31 Revenues retained by the Commonwealth, such a security interest was not perfected; (iii) most, if not all, of the Act 30-31 Revenues consist of excise taxes and fees assessed and collected by the Commonwealth postpetition, for which attachment of a security interest would be precluded by Bankruptcy Code Section 552(a); (iv) the appropriation provisions of the Act 30-31 Excise Tax Statutes (as defined in the Complaint) are expressly and impliedly preempted by PROMESA; (v) to the extent a count seeks a declaration that the DRA Parties hold a security interest against certain funds actually received and held by HTA and a recourse claim against HTA, such count seeks an impermissible advisory opinion for which the Court lacks subject matter jurisdiction; and (vi) Counts I, II and IV constitute improper objections to HTA Bondholders' claims, and the DRA Parties lack standing to prosecute claim objections.

12. The Oversight Board respectfully submits that, in order to adequately address the numerous legal issues described above, it will require more than the fifteen (15) pages permitted

---

[3] By way of example, eighteen (18) pages of the Opposition respond to the preemption arguments contained in the Motion, and five (5) additional pages address the Oversight Board's alternative request for an order staying or terminating Counts I, II and IV pending consideration of Plan confirmation. *See*, Opposition at pp. 29-47, 79-84.

in the Case Management Procedures. Rather than filing separate replies on behalf of the Commonwealth or HTA, the Oversight Board requests leave to file a single consolidated memorandum of law of no more than **forty-five (45) pages.**

13. The requested relief would not prejudice the DRA Parties, the HTA Bondholders or AAFAF, all of which do not oppose this Urgent Motion.

14. No prior request for the relief sought in this Urgent Motion has been made to this or any other court.

### Certification of Compliance with Local Rule 9013-1 And The Fifteenth Amended Case Management Procedures

15. Pursuant to Section I.H. of the Case Management Procedures, undersigned counsel certifies it has engaged in reasonable, good-faith communications with counsel for the DRA Parties, and the HTA Bondholders, and AAFAF, all of which do not oppose the relief sought. Moreover, in accordance with Local Bankruptcy Rule 9013-1(a)(2), undersigned counsel certifies counsel has carefully examined the matter and concluded there is a true need for expedited consideration of the Urgent Motion, and the Oversight Board has not created the urgency through lack of due diligence on its part. The undersigned further certifies the Oversight Board made a bona fide and good faith effort to resolve the matter without a hearing.

### Conclusion

WHEREFORE the Oversight Board respectfully requests the Court enter the Proposed Order attached as **Exhibit A**, granting the relief requested herein and all other relief as is just and proper.

*[Remainder of page left blank intentionally]*

Dated: October 4, 2021
San Juan, Puerto Rico

Respectfully submitted,

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 15205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944
Email: hermann.bauer@oneillborges.com

*/s/ Michael A. Firestein*
Martin J. Bienenstock
Brian S. Rosen
Jeffrey Levitan
Ehud Barak
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
  brosen@proskauer.com
  jlevitan@proskauer.com
  ebarak@proskauer.com

Michael A. Firestein
Lary Alan Rappaport
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
2029 Century Park East
Suite 2400
Los Angeles, CA 90067-3010
Tel: (310) 557-2900
Fax: (310) 557-2193
Email: mfirestein@proskauer.com
  lrappaport@proskauer.com

***Attorneys for the Financial Oversight and Management Board, as representative for the Debtors***

## **EXHIBIT A**

**Proposed Order**

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br>    as representative of<br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                    Debtors.[4] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br>    as representative of<br>PUERTO RICO HIGHWAYS AND<br>TRANSPORTATION AUTHORITY,<br><br>                    Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS |
| AMERINATIONAL COMMUNITY SERVICES, LLC, as Servicer for the GDB Debt Recovery Authority and CANTOR-KATZ COLLATERAL MONITOR LLC,<br><br>                    Plaintiffs,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION, FINANCIAL GUARANTY INSURANCE COMPANY, PEAJE INVESTMENTS | Adv. Proc. No. 21-00068-LTS |

---

[4] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

LLC, and THE BANK OF NEW YORK MELLON, as Fiscal Agent,

Defendants.

THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as representative of PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY; THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO as representative of THE COMMONWEALTH OF PUERTO RICO,

Movants,

v.

AMERINATIONAL COMMUNITY SERVICES, LLC, as Servicer for the GDB Debt Recovery Authority and CANTOR-KATZ COLLATERAL MONITOR LLC,

Respondents.

**[PROPOSED] ORDER GRANTING UNOPPOSED URGENT MOTION
OF INTERVENING DEFENDANT FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR LEAVE TO FILE A REPLY IN SUPPORT OF MOTION
TO DISMISS, OR IN THE ALTERNATIVE, TO STAY COUNTS I, II, AND IV
<u>OF THE COMPLAINT OF NO MORE THAN 45 PAGES</u>**

Upon consideration of the *Unopposed Urgent Motion of Intervening Defendant the Financial Oversight and Management Board for Leave to File a Reply in Support of Motion to Dismiss, or in the Alternative, to Stay Counts I, II, and IV of the Complaint [ECF No. 40] of no More Than **45 pages*** (the "<u>Urgent Motion</u>");[5] and it appearing that (i) the Court has subject matter jurisdiction pursuant to PROMESA §§ 106(a) and 306(a)(2) ; (ii) venue of this proceeding is proper under 28 U.S.C. § 1391(b) and 48 U.S.C. § 2167(a); (iii) no party objects to the relief

---

[5] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Urgent Motion.

requested in the Urgent Motion; and (iv) the Court having found good cause to grant the relief requested therein, it is hereby **ORDERED** that**:**

1. The Urgent Motion is **GRANTED** as set forth herein.

2. The Oversight Board may file a reply in support of its Motion to Dismiss of no more than **forty-five (45) pages,** exclusive of the cover page, the table of contents, the table of authorities, the signature page, exhibits, and the certificate of service.

3. The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

**SO ORDERED**.

Dated: October __, 2021

_____
HONORABLE LAURA TAYLOR SWAIN
United States District Judge

**CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

*/s/Hermann D. Bauer*
Hermann D. Bauer