# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------------- X
: 
In re: :
:
THE FINANCIAL OVERSIGHT AND : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO, : Title III
:
    as representative of : Case No. 17-BK-3283 (LTS)
:
THE COMMONWEALTH OF PUERTO RICO *et al.,* : (Jointly Administered)
:
    Debtors.[1] :
---------------------------------------------------------------------- X
:
In re: :
:
THE FINANCIAL OVERSIGHT AND : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO, : Title III
:
    as representative of : Case No. 17-BK-4780 (LTS)
:
PUERTO RICO ELECTRIC POWER AUTHORITY :
:
    Debtor. :
---------------------------------------------------------------------- X

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' RESPONSE AND OBJECTION TO STATUS REPORT OF GOVERNMENT PARTIES REGARDING <u>COVID-19 PANDEMIC AND THE 9019 MOTION</u>**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Judge Laura Taylor Swain:

The Official Committee of Unsecured Creditors (the "Committee")[2] respectfully submits its response and objection to the *Status Report of the Government Parties Regarding the COVID-19 Pandemic and the 9019 Motion*, dated October 4, 2021 [Docket No. 2627 in Case No. 17-4780] (the "Status Report") concerning the motion pursuant to Federal Rule of Bankruptcy Procedure 9019 [Docket No. 2144 in Case No. 17-4780] (the "Rule 9019 Motion") that the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") filed on May 10, 2019. In support of this response, the Committee respectfully states as follows:

## RESPONSE AND OBJECTION TO PREPA STATUS REPORT

1. The Rule 9019 Motion has now been pending for nearly 29 months and its prosecution stayed for more than a year and a half. All the while, the Committee has been unable to pursue the objection it filed in October 2019 to the PREPA bondholders' claims. For the reasons stated in the Committee's responses to the Oversight Board's previous status reports,[3] which are incorporated herein by reference, the Oversight Board's failure to prosecute the Rule 9019 Motion—and this Court's orders permitting the Rule 9019 Motion to remain stayed indefinitely—have deprived the Committee of its rights under section 502 of the Bankruptcy Code and resulted in the effective denial of its claim objection.

2. Nothing the Oversight Board describes in the Status Report—including its statements regarding conditions on the island, legislative efforts, and other restructuring priorities—justifies this unprecedented result, as the validity and extent of the bondholders' claims does not depend on such matters. Rather, the Committee's claim objection raises legal

---

[2] The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

[3] *See, e.g.*, Docket Nos. 2230, 2477, and 2545 in Case No. 17-4780.

2

issues that the Court can and should rule upon despite the Oversight Board's desire to preclude such a ruling.

3. To be sure, the Oversight Board is free to propose settlements of claims, including those of the PREPA bondholders, and to file a Rule 9019 motion for that purpose. The Oversight Board cannot, however, ask the Court to stay consideration of a nonexistent settlement for the sole purpose of freezing the claim objection rights of the Committee and other parties in interest while the Oversight Board negotiates a new settlement that it may, someday, ask the Court to approve. Yet that is exactly what the Oversight Board now concedes it is doing. *See* Status Report ¶ 14 (stating that Oversight Board "will take up negotiations [of the RSA] at the appropriate time following discussions regarding the Commonwealth Plan"). This strategy of filing a Rule 9019 motion first and negotiating later is entirely improper.

4. Moreover, it is not appropriate in the Committee's view for the Oversight Board to continue to obtain repeated adjournments of the Rule 9019 Motion through the filing of mere status reports, as opposed to through a motion with this Court that gives all parties in interest a full and fair opportunity to respond.

5. The Committee asks that the Oversight Board's request to further stay the Rule 9019 Motion pending the submission of a further status report on January 19, 2022[4] be denied.

[*Remainder of page intentionally left blank.*]

---

[4] The Oversight Board asks for permission to file another status report "on or before January 19, 2021." Status Report ¶ 15. The Committee assumes the Oversight Board means January 19, 2022.

WHEREFORE, the Committee respectfully requests that the relief the Oversight Board requests in the Status Report be denied.

Dated: October 5, 2021

By: /s/ Luc A. Despins

PAUL HASTINGS LLP
Luc A. Despins, Esq. *(Pro Hac Vice)*
Nicholas A. Bassett, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

By: /s/ Juan J. Casillas Ayala

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, Puerto Rico 00919-5075
Telephone: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*