# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| AMERINATIONAL COMMUNITY SERVICES, LLC as Servicer for the GDB Debt Recovery Authority, and CANTOR-KATZ COLLATERAL MONITOR LLC,<br><br>Movants,<br><br>v.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Respondent. | RE: ECF Nos. 17009 and 18270 |

**DRA PARTIES' RESPONSE TO EVIDENTIARY OBJECTION TO THE EXPERT REPORT OF LIZETTE MARTINEZ ATTACHED TO THE DRA PARTIES' REPLY IN SUPPORT OF THE DRA PARTIES' MOTION FOR ALLOWANCE OF <u>ADMINISTRATIVE EXPENSE CLAIM</u>**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801).

**COME NOW** AmeriNational Community Services, LLC (the "**Servicer**"), as servicer for the GDB Debt Recovery Authority (the "**DRA**"), and Cantor-Katz Collateral Monitor LLC, a Delaware limited liability company (the "**Collateral Monitor**" and, together with the Servicer, collectively, the "**DRA Parties**"), which serves as the collateral monitor for Wilmington Trust, N.A. in connection with the new bonds the DRA issued pursuant to the Government Development Bank for Puerto Rico Debt Restructuring Act, Act No. 109-2017, as amended by Act No. 147-2018, and the approved Qualifying Modification for the Government Development Bank for Puerto Rico (the "**GDB**") under Title VI of the Puerto Rico Oversight, Management and Economic Stability Act ("**PROMESA**"), by and through the undersigned legal counsel, and, respectfully submit this response (the "**Response**") to the *Evidentiary Objection to the Expert Report of Lizette Martinez Attached as Exhibit A to the DRA Parties' Reply to the Objection to the DRA Parties' Motion for Allowance of Administrative Expense Claim* (Dkt No. 18270,[2] the "**Objection**"), filed by the Financial Oversight and Management Board for Puerto Rico (the "**FOMB**"). For the reasons discussed below, the DRA Parties respectfully consent at this time to the Court deferring further consideration of the evidentiary issues raised in the Objection until such time as the Court deems appropriate after the Court's determination on the DRA Parties' allowable administrative expense claim.

**RELEVANT BACKGROUND**

1. On June 15, 2021, the DRA Parties filed *The DRA Parties' Motion for Allowance of an Administrative Expense Claim* (the "**DRA Parties' Motion**") [Dkt. No. 17009] requesting, *inter* alia, the allowance of an administrative expense claim in an amount equal to the amount of

---

[2] Unless otherwise noted, all docket references refer to the docket of Case No. 17-BK-3283 (LTS).

2

revenues generated by Acts 30 and 31 that were retained by, and for the benefit of, the Commonwealth [3] during the pendency of its Title III proceeding.

2. On September 9, 2021, the FOMB filed its *Objection of Financial Oversight and Management Board for Puerto Rico to DRA Parties' Motion for Allowance of an Administrative Expense Claim* ("**Objection to DRA Parties' Motion**"). Dkt. No. 17529.

3. Pursuant to the briefing schedule set forth in the July 27, 2021 *Order on Joint Status Report Pursuant to Court Order Dated July 16, 2021, With Respect to (I) DRA Parties' Administrative Expense Claim Motion and (II) DRA Adversary Proceeding* [Dkt. No. 17387], the DRA Parties timely filed their *Reply to the Objection of Financial Oversight and Management Board for Puerto Rico* on September 24, 2021. Dkt. No. 18244.

4. On September 28, 2021, the FOMB filed the Objection, requesting, *inter alia*, the Court to disregard the *Expert Report of Lizette Martinez, CPA, CFF, CFE*, dated as of September 13, 2021, (the "**Martinez Expert Report**") and attached as Exhibit A to the *DRA Parties' Reply to the Objection of Financial Oversight and Management Board for Puerto Rico* [Dkt. No. 18244]. Dkt. No. 18270. In the Objection, the FOMB argues *inter alia*, that because the Martinez Expert Report provides for the "quantification" of the DRA Parties' claimed administrative expense, an evidentiary determination regarding that report would not be appropriate until such time as the Court rules as to whether the DRA Parties have an allowable administrative claim. *See* Objection ¶ 4.

5. On September 29, 2021, the Court ordered that responsive papers to the Objection must be filed by October 7, 2021 at 5:00 p.m. Dkt. No. 18298.

---

[3] Capitalized terms used but not otherwise defined herein shall the meanings given to the them in the *DRA Parties' Reply to the Objection of Financial Oversight and Management Board for Puerto Rico*. Dkt. No. 18244.

3

**RESPONSE**

6. While the DRA Parties reserve all rights and arguments with respect to these issues, the DRA Parties consent at this time to the FOMB's proposal that the Court first determine whether "the DRA . . . [has] an allowable administrative expense claim," before considering the size of the DRA's administrative expense claim. Objection ¶ 4. Consistent with this proposal, the DRA would consent to this Court deferring further consideration of the Martinez Expert Report until a future "evidentiary hearing to determine the amount of the DRA's claim." *Id.*

7. Notwithstanding the above, the DRA Parties' maintain that the DRA has an allowable administrative expensive claim, that the Martinez Expert Report was timely and properly submitted, and that the Martinez Expert Report does not constitute inadmissible hearsay.[4]

8. First, in the Objection, the FOMB avers in the alternative that the Martinez Expert Report should have been submitted in connection with the DRA Parties' Motion, and thus untimely introduces new evidence on an issue after the Objection to DRA Parties' Motion was filed. *See* Objection ¶ 5. This claim is unfounded. The Martinez Expert Report was submitted to clarify the previously estimated value of the DRA Parties' administrative expense claim, as set forth in the DRA Parties' Motion. *See Reply to the Objection of Financial Oversight and Management Board for Puerto Rico* on September 24, 2021. Dkt. No. 18244 ¶¶ 1-3. Moreover, as noted in the DRA Parties' Motion, the DRA Parties were still receiving additional discovery from the Government Parties at the time of filing. DRA Parties' Motion ¶ 46 n.20.

---

[4] Given the DRA Parties' position herein that any evidentiary arguments regarding the Martinez Expert Report are appropriately postponed until the resolution of the DRA Parties' *Motion for Allowance of Administrative Expense Claim* [Dkt. No. 17009], the DRA Parties do not seek a determination regarding these evidentiary issues at this time. However, in an abundance of caution, and with reservation of all rights and arguments, the DRA Parties briefly address certain of these evidentiary issues below, should the Court consider these questions at this time.

9. Finally, the FOMB avers in the alternative that the Martinez Expert Report constitutes inadmissible hearsay by, *inter alia*, "not being signed under penalty of perjury." *See* Objection ¶ 6. While the DRA Parties note, as further discussed below, that Ms. Martinez will be a testifying expert, submitted to both depositions and cross-examination (the latter of which may require disclosure of the contents of the Martinez Expert Report), and prepared and signed the Martinez Expert Report consistent with the requirements of Fed. R. Civ. P 26(a)(2)(B), the DRA Parties nevertheless submit a copy of the Martinez Expert Report, as amended on October 7, 2021 (the "Amended Martinez Expert Report"), bearing a sworn signature, attached hereto as **Exhibit A**.[5]

10. The DRA Parties' note that on May 13, 2021, the Debtors filed a motion proposing a plan for discovery and other procedures leading up to the confirmation hearing. Dkt. No. 16757. The parties heavily litigated this proposal, with numerous parties (including the DRA Parties) objecting to the procedures proposed in the Debtors' motion. *E.g.*, Dkt. No. 16997 (DRA Parties' objection). The Court held a two-day hearing on July 13 and 14, 2021 on the Disclosure Statement and the proposed procedures. The Court issued several orders directing the Debtors to make changes to the proposed procedures. Dkt. Nos. 17362, 17431, 17530, 17548, 17631.

11. The Court's ultimate procedures order ("**Procedures Order**") was clear. Dkt. No. 17640. In an effort to expedite the proceedings, all direct testimony in connection with the Confirmation Hearing would be delivered in written form, either through "Witness Declaration or deposition transcript." *Id.* ¶ 21. The Procedures Order does not contain any requirement as to the

---

[5] In accordance with the Protective Orders at ECF No. 12912, ECF No. 12920, ECF No. 16681-2, and ECF No. 76 of Adv. No. 20-0005 (LTS), an unredacted version of the Amended Martinez Expert Report and this Response will be filed under seal.

5

form of signature of declarants, or any requirement that the declarations or deposition transcripts admitted as direct testimony be sworn under the penalty of perjury.

12. Importantly, Ms. Martinez will testify (in written form under the Procedures Order) as an expert witness, under Fed. R. Evid. 702, at the Confirmation Hearing. In accordance with her testimony, Ms. Martinez prepared and signed the Martinez Expert Report, as well as the Amended Martinez Expert Report, consistent with the requirements of Fed. R. Civ. P. 26(a)(2)(B), which, as with Fed. R. Evid. 702, also does not require an expert report to be sworn to under penalty of perjury. *See* Fed. R. Civ. P. 26(a)(2)(B). Following the introduction of her written testimony, Ms. Martinez will also be submitted for cross-examination as to her opinions, conclusions, and the bases for same. See Procedures Order ¶ 21. As part of this cross-examination, Ms. Martinez *may be required* to disclose the contents of the Martinez Expert Report, as supplemented by the Amended Martinez Expert Report. *See* Fed. R. Evid. 705. Given that the analysis and opinions contained within the Martinez Expert Report as supplemented by the Amended Martinez Expert Report will be testified to by Ms. Martinez and the disclosure of same may be compelled in connection with the Confirmation Hearing the Martinez Report does not constitute inadmissible hearsay, and neither does the Amended Martinez Expert Report.[6]

## CONCLUSION

For the reasons stated herein, the DRA Parties respectfully consent at this time to the Court deferring further consideration of the evidentiary issues raised in the Objection until such

---

[6] The facts relied upon in the Martinez Expert Report, as supplemented by the Amended Martinez Expert Report, are derived from publicly available statutory sources, legal filings in connection with the Title III case, and documents submitted to the Plan Depository. The DRA Parties assume that the Objection does not challenge the facts contained within the Martinez Expert Report, as supplemented by the Amended Martinez Expert Report, as inadmissible hearsay, but rather the opinions and analysis therein.

time as the Court deems appropriate after the Court's determination on the DRA Parties' allowable administrative expense claim.

    **RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 7th day of October, 2021.

| **MCCONNELL VALDÉS LLC** | **C. CONDE & ASSOC. LAW OFFICES** |
|---|---|
| 270 Muñoz Rivera Avenue, Suite 7<br>Hato Rey, Puerto Rico 00918<br>P.O. Box 364225<br>San Juan, PR 00936-4225<br>Tel: 787-250-5632<br>Fax: 787-759-9225<br><br>By: */s/ Arturo J. García-Solá*<br>Arturo J. García-Solá<br>(USDC No. 201903)<br>E-mail: ajg@mcvpr.com<br><br>*/s/ Alejandro J. Cepeda-Díaz*<br>Alejandro J. Cepeda-Díaz<br>(USDC No. 222110)<br>E-mail: ajc@mcvpr.com<br><br>*/s/ Nayuan Zouairabani*<br>Nayuan Zouairabani<br>(USDC No. 226411)<br>E-mail: nzt@mcvpr.com<br><br>***Attorneys for AmeriNational Community Services, LLC, as Servicer for the GDB Debt Recovery Authority*** | By: */s/ Carmen D. Conde Torres*<br>Carmen D. Conde Torres<br>(USDC No. 207312)<br><br>*/s/ Luisa S. Valle Castro*<br>Luisa S. Valle Castro<br>(USDC No. 215611)<br><br>254 San José Street, Suite 5<br>San Juan, PR 00901-1523<br>Tel: 787-729-2900<br>Fax: 787-729-2203<br>E-mail: condecarmen@condelaw.com<br><br>-and-<br><br>**SCHULTE ROTH & ZABEL LLP**<br><br>By: */s/ Douglas S. Mintz*<br>Douglas S. Mintz (admitted *pro hac vice*)<br>Noah N. Gillespie (admitted *pro hac vice*)<br>901 Fifteenth Street, NW, Suite 800<br>Washington, DC 20005<br>Tel: 202-729-7470<br>Fax: 202-730-4520<br>E-mail: douglas.mintz@srz.com<br>        noah.gillespie@srz.com<br><br>-and-<br><br>Douglas Koff (admitted *pro hac vice*)<br>Taleah Jennings (admitted *pro hac vice*)<br>Abbey Walsh (admitted *pro hac vice*)<br>Peter J. Amend (admitted *pro hac vice*)<br>919 Third Avenue<br>New York, NY 10022<br>Tel: 212-756-2000<br>Fax: 212-593-5955 |

|  |  |
|---|---|
| E-mail: | douglas.koff@srz.com |
|  | taleah.jennings@srz.com |
|  | abbey.walsh@srz.com |
|  | peter.amend@srz.com |

***Attorneys for Cantor-Katz Collateral Monitor LLC, as Collateral Monitor for the GDB Debt Recovery Authority***

**Certificate of Service**

I hereby certify that, on October 7, 2021, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants in this case.

                                                  */s/ Nayuan Zouairabani*
                                                  Nayuan Zouairabani