IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### DRA PARTIES' RESPONSE TO PROPOSED ORDER REGARDING PROCEDURES FOR HEARING ON CONFIRMATION OF PLAN OF ADJUSTMENT [DKT. NO. 18276-1]

**COME NOW** AmeriNational Community Services, LLC (the "Servicer"), as servicer for the GDB Debt Recovery Authority (the "DRA"), and Cantor-Katz Collateral Monitor LLC, a Delaware limited liability company (the "Collateral Monitor," and together with the Servicer, collectively, the "DRA Parties"), which serves as the collateral monitor for Wilmington Trust, N.A. in connection with the new bonds that the DRA issued pursuant to the *Government Development Bank for Puerto Rico Debt Restructuring Act*, Act No. 109-2017, as amended by Act No. 147-2018, and the approved qualifying modification for the Government Development Bank for Puerto Rico[2] under Title VI of the *Puerto Rico Oversight, Management and Economic Stability*

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19-BK-5233 (LTS)) (Last Four Digits of Federal Tax ID: 3801).

[2] *See* Dkt. No. 270 of Civil Case No. 18- 01561 (LTS) (Nov. 7, 2018).

1

*Act* ("PROMESA"),[3] by and through the undersigned legal counsel, and respectfully submit this response (the "Response") to the *Proposed Order Regarding Procedures for Hearing on Confirmation of Plan of Adjustment* [Dkt. No. 18276-1][4] (the "Proposed Trial Procedures Order"), and request modification of certain requirements in the Proposed Trial Procedures Order, in compliance with the *Notice Concerning October 2021 Omnibus Hearing and November 2021 Plan Confirmation Hearing* [Dkt. No. 18276].

## RESPONSE AND REQUESTED RELIEF

1.  The Proposed Trial Procedures Order provides helpful and much needed guidance for all parties-in-interest in anticipation of the confirmation hearing set to begin on November 8, 2021. These procedures will help ensure all parties-in-interest are appropriately informed about other parties' anticipated cases at trial. We recognize and appreciate the focus and reflection the Court put into formulating the Proposed Trial Procedures Order.

2.  The DRA Parties support, in large part, the deadlines and procedures articulated in the Proposed Trial Procedures Order. For the reasons discussed below, the DRA Parties write to respectfully request the following modifications to the Proposed Trial Procedures Order:

    - In Paragraph 5, remove the requirement that parties seek specific leave of Court to use exhibits during cross examination that were not previously delivered to the witness's counsel for purposes of that examination.

    - In Paragraph 1, revise the limit on the number of participating attorneys in the Courtroom to be identical for all parties.

    - Also in Paragraph 1, revise to provide that additional attorneys be permitted to join the Courtroom on any day in which they will be an active participant; that all such additional attorneys be required to keep their cameras off and microphones muted while they wait in the gallery until they join the counsel table; and that only attorneys at the counsel table count towards the limit.

---

[3] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[4] Unless otherwise noted, all docket references refer to the docket of Case No. 17-BK-3283 (LTS).

2

- In Paragraph 5, specify that when a witness and their counsel choose to join the Courtroom from the same physical location, they should not be permitted to share the same computer, but instead must each use a separate computer.

- In Paragraph 9, revise the deadline for the informative motion outlining the allocation of closing argument time and identifying speaking attorneys to the day before closing arguments are expected to begin.

3. *First*, parties should not have to seek leave of Court to use undisclosed exhibits on cross-examination. Parties will have already submitted the exhibits they know they want available for trial by October 27. *See* Proposed Trial Procedures Order ¶ 4(a). The Proposed Trial Procedures Order would require the examining party to supply the exhibits to be used during the witness's testimony to the witness's counsel no later than the day before the witness is scheduled to testify. *Id.* ¶ 5. The Proposed Trial Procedures Order offers a narrow exception for impeachment exhibits—and only "on application and for good cause shown," which if granted, would allow the examiner to present the approved exhibits by screen sharing. To the extent that parties know the exhibits they will need to use, the procedure outlined above is reasonable and promotes efficiency. However, it is likely that the DRA Parties and other parties-in-interest will not fully know the exhibits they need for certain cross examinations and will have to introduce those exhibits as needed during the course of the testimony. A similar procedure has worked smoothly during depositions in this case in connection with Rule 2004 discovery, Rule 56(d) discovery, and confirmation discovery. In those instances, the parties have utilized exhibit sharing platforms that allow exhibits to be securely held until needed for testimony, and easily accessed by the witness and all parties as and when each new exhibit is introduced. Further, parties-in-interest have been permitted to call unannounced witnesses for rebuttal during the confirmation hearing. Dkt. No. 17640 ¶ 4, *as amended*, Dkt. No. 18383-1 ¶ 4. Cross examination of such witnesses will likely go beyond the exhibits disclosed on October 27, and may need to proceed in short order after the rebuttal witness testifies on direct. It will be more efficient to permit attorneys

3

to introduce cross examination exhibits during the course of testimony. In the alternative, the DRA Parties request that the Court revise Paragraphs 4-6 to provide that exhibits for cross examination can be tendered to the witness's counsel electronically and need not be delivered in hard copy.

4. *Second*, all parties should have the same limit on the number of attorneys who can be present in the Courtroom at any one time. The Proposed Trial Procedures Order allows for the Financial Oversight and Management Board for Puerto Rico (the "FOMB") and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") to each have four attorneys present in the Courtroom at any time while other parties-in-interest are limited to having two attorneys present at a time. Proposed Trial Procedures Order ¶ 1. There is no reason why the FOMB and AAFAF should have more counsel actively participating than other parties. In order to promote a fairer confirmation hearing process, all parties-in-interest should have equal access to counsel. Further, while we recognize the Court's interest in limiting "excessive billing of fees" on the part of the Debtors' counsel, *see id.*, that concern does not apply to creditors. In any event, we respectfully submit that the Procedures Order should be revised so that any cap should apply equally to all parties

5. *Third*, the parties should have clarity regarding when an attorney will be deemed in the Courtroom for purposes of this limit. It is certainly sensible to limit the number of participating attorneys by requiring them to be on camera and muted when not speaking, so the confirmation hearing proceeds in an orderly fashion. *See id.* ¶ 10(d)-(3). However, it is likely that different attorneys for the same party may address different issues that will arise even over the course of the same day. It will promote efficiency to allow such attorneys to be waiting in the gallery until it is their time to speak, at which point they can trade out the seats at the counsel table with the attorneys who have finished their role. Because the Courtroom in this proceeding will be

4

virtual, this is likely best achieved by permitting counsel to join the Zoom platform before their issue is presented, so there can be a prompt transition to turning on their video and introducing themselves for the record, to then proceed. This is particularly important to maintain the efficiency that will be required to complete the confirmation hearing in a reasonable number of days.

6. *Fourth*, while a testifying witness and their counsel can be in the same physical room if they choose, they should not be permitted to use the same computer. The Proposed Trial Procedures Order would permit "a Remote Witness [to] appear at counsel's office and share a computer device" with counsel. *See id.* ¶ 5. The clearest connection and testimony will come from the witness's direct access to their own video and audio, and their own ability to review each exhibit directly on the screen in front of them. Additionally, requiring a separation between the witness and their counsel (or counsel for the party who was the proponent of their testimony) better approximates what would occur in a physical courtroom. Further, it is important that the witness not use counsel's computer. The witness's computer should access only the exhibits as and to the extent they are introduced in the course of the testimony and have no access—inadvertent or otherwise—to notifications that may appear on counsel's device. Accordingly, to the extent a witness and their counsel choose to join the Courtroom from the same location, they should (i) use a conference room that is properly equipped to clearly include both individuals in the audiovisual transmission; and (ii) they each should use their own separate device. This will avoid the Court's concern about audio malfunctions and feedback arising from separate devices in close proximity. *See id.*

7. *Finally*, parties should not be required to allocate closing argument time until the day before closing arguments are set to begin. The Proposed Trial Procedures Order directs parties who wish to make closing argument to meet and confer and submit an informative motion

5

allocating time and identifying speakers at least three days prior to the expected commencement of closing arguments. *Id.* ¶ 9. It will be difficult for parties to know more than three days in advance that the confirmation hearing will be concluding. Additionally, parties may not be able to anticipate accurately the nature and scope of the closing argument they will need to present at what is effectively the middle of trial. This will likely lead to several parties overestimating the amount of time they need. Further, certain parties wishing to participate in closing arguments will not have yet had the chance to present any of their cross-examination or redirect evidence by this deadline. Given the limited time allotted for the confirmation hearing, it is almost certain that closing arguments will occur on the last scheduled day of the confirmation hearing—or possibly not until an even later date. Accordingly, the Court should adjust this deadline to require the parties to meet and confer and submit this informative motion by the day preceding the last scheduled day of the confirmation hearing.

**WHEREFORE**, for the reasons explained above, the DRA Parties respectfully request that the Court modify the Proposed Trial Procedures Order as outlined in this Response.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 7th day of October, 2021.

**WE HEREBY CERTIFY** that, in accordance with the Court's *Fifteenth Amended Notice, Case Management and Administrative Procedures Order* (the "CMP Order") [Dkt. No. 17127-1] on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants in this case. We further certify that, on this same date, we served the foregoing upon all the Standard Parties as identified and defined in the CMP Order, as well as upon all of the parties identified in the Master Service List maintained at https://cases.primeclerk.com/puertorico/.

**MCCONNELL VALDÉS LLC**

270 Muñoz Rivera Avenue, Suite 7
Hato Rey, Puerto Rico 00918
P.O. Box 364225
San Juan, PR 00936-4225
Tel: 787-250-5632
Fax: 787-759-9225

By: /s/ Arturo J. García-Solá
Arturo J. García-Solá
(USDC No. 201903)
E-mail: ajg@mcvpr.com

/s/ Alejandro J. Cepeda-Díaz
Alejandro J. Cepeda-Díaz
(USDC No. 222110)
E-mail: ajc@mcvpr.com

/s/ Nayuan Zouairabani
Nayuan Zouairabani
(USDC No. 226411)
E-mail: nzt@mcvpr.com

***Attorneys for AmeriNational Community Services, LLC, as Servicer for the GDB Debt Recovery Authority***

**C. CONDE & ASSOC. LAW OFFICES**

By: /s/ Carmen D. Conde Torres
Carmen D. Conde Torres
(USDC No. 207312)

/s/ Luisa S. Valle Castro
Luisa S. Valle Castro
(USDC No. 215611)

254 San José Street
Suite 5
San Juan, PR 00901-1523
Tel: 787-729-2900
Fax: 787-729-2203
E-mail: condecarmen@condelaw.com

-and-

**SCHULTE ROTH & ZABEL LLP**

By: /s/ Douglas S. Mintz
Douglas S. Mintz (admitted *pro hac vice*)
Noah N. Gillespie (admitted *pro hac vice*)
901 Fifteenth Street, NW, Suite 800
Washington, DC 20005
Tel: 202-729-7470
Fax: 202-730-4520
E-mail: douglas.mintz@srz.com
noah.gillespie@srz.com

-and-

Douglas Koff (admitted *pro hac vice*)
Taleah Jennings (admitted *pro hac vice*)
Abbey Walsh (admitted *pro hac vice*)
Peter J. Amend (admitted *pro hac vice*)
919 Third Avenue
New York, NY 10022
Tel: 212-756-2000
Fax: 212-593-5955

E-mail: douglas.koff@srz.com
taleah.jennings@srz.com
abbey.walsh@srz.com
peter.amend@srz.com

***Attorneys for Cantor-Katz Collateral Monitor LLC, as Collateral Monitor for the GDB Debt Recovery Authority***

7