# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>  as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>  Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**RE: ECF No. 18378** |

**OBJECTION OF FINANCIAL OVERSIGHT
AND MANAGEMENT BOARD FOR PUERTO RICO TO
URGENT MOTION REQUESTING RELIEF REGARDING THE VOTING
PROCESSES AND TO REMEDY ERRORS IN THE SOLICITATION PACKAGES
AND ALTERNATIVE REMEDIES AND FOR AN ORDER TO EXTEND VOTING
DEADLINE FOR GROUP WAGE CLAIMANTS INCLUDED IN CLASS 58 FOR 21 DAYS**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Public Buildings Authority ("PBA"), and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

1

Commonwealth and PBA, the "Debtors") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),² respectfully submits this objection (the "Objection") to the *Urgent Motion Requesting Relief Regarding the Voting Processes and to Remedy Errors in the Solicitation Packages and Alternative Remedies and for an Order to Extend Voting Deadline for Group Wage Claimants Included in Class 58 for 21 Days* (the "Motion"), filed by a group of wage creditors ("Movants"). In support of this Objection, the Oversight Board respectfully states as follows:

### PRELIMINARY STATEMENT³

1. This Court has already granted, with the Oversight Board's consent, a limited extension of the Voting Deadline—from October 4, 2021, to October 18, 2021—in response to concerns raised by several parties regarding delays in receipt of solicitation packages. Raising the same concerns as asserted by parties in the prior requests and addressed by the Court, Movants seek a further extension of the Voting Deadline to October 25, 2021.⁴ Movants provide no basis for an additional extension of the Voting Deadline.

2. Movants also raise several additional objections to the Solicitation Packages, and to the classification of their claims. Specifically, Movants contend the Debtors should send individual ballots to each member of Movants' class, notwithstanding that Movants filed "master" proofs of claims on behalf of all claimants in the group wage claimant litigations. Movants also object to their voting claim listed as $1.00 on their ballots. However, the Solicitation Procedures Order provides that claims for which a proof of claim is wholly contingent, unliquidated, or

---

² PROMESA is codified at 48 U.S.C. §§ 2101–2241.
³ Capitalized terms used but not defined in this Preliminary Statement shall have the meanings set forth below.
⁴ Movants also requested in the alternative "the same extension the Retiree Committee and UCC were granted." Motion at 12.

2

disputed, undetermined, or unknown in amount will be temporarily allowed *for voting purposes only* at $1.00.[5] Additionally, Movants seek, without providing any legal basis for their request, an order requiring the Debtors to clarify why Movants' claims are included in Class 58 – CW General Unsecured Claims, and not transferred into the administrative reconciliation procedures process. To the extent Movants object to the Plan's classification of their claims, the Debtors will address classification objections in their confirmation and reply brief. Accordingly, there is no basis for granting Movants' miscellaneous relief.

3. For the reasons set forth below, the Motion should be denied.

## BACKGROUND

4. Counsel for Movants, who serves as counsel in numerous litigations, filed the following "master" proofs of claim on behalf of various groups of plaintiffs:

   a. Proof of Claim No. 15708 – *Lopez Rosario v. Puerto Rico Police Department*, Case No. 2001-10-372.

   b. Proof of Claim No. 179140 – *Beltran Citron v. Puerto Rico Department of Family Affairs*, Case No. K AC2009-0809.

   c. Proof of Claim No. 179141 – *Gimenez v. Puerto Rico Department of Transportation and Public Works*, Case No. K AC2013-1019.

   d. Proof of Claim No. 29642 – *Cruz Santos v. Puerto Rico Department of Transportation and Public Works*, Case No. RET2002-06-1493.

   e. Proof of Claim No. 30851 – *Perez-Colon v. Department of Transportation and Public Works*, Case No. K AC1990-0487.

   f. Proof of Claim No. 32044 – *Acevedo Camacho v. Puerto Rico Department of Family Affairs*, Case No. K AC2007-0214.

   g. Proof of Claim No. 50221 – *Abrams Diaz v. Department of Transportation and Public Works*, Case No. K AC2005-5021.

---

[5] Solicitation Procedures Order ¶ 37(b).

      h. Proof of Claim No. 51013 – *Acevedo Arocho v. Puerto Rico Department of Treasury*, Case No. K AC2005-5022.

5. On July 30, 2021, the Oversight Board filed the Plan.[6] *See* ECF No. 17627.

6. Following submission of the Plan, the Court established a schedule and procedures relating to solicitation of creditor votes upon the Plan. *See Order (I) Approving Disclosure Statement, (II) Fixing Voting Record Date, (III) Approving Confirmation Hearing Notice and Confirmation Schedule, (IV) Approving Solicitation Packages and Distribution Procedures, (V) Approving Forms of Ballots, and Voting and Election Procedures, (VI) Approving Notice of Non-Voting Status, (VII) Fixing Voting, Election, and Confirmation Deadlines, and (VIII) Approving Vote Tabulation Procedures* [ECF No. 17639] (the "Solicitation Procedures Order"). Among other things, the Solicitation Procedures Order initially established October 4, 2021 as the voting deadline (the "Voting Deadline").

7. Pursuant to the Solicitation Procedures Order, on or before August 30, 2021, the Debtors mailed Solicitation Packages (as defined in the Solicitation Procedures Order) to creditors eligible to vote on the Plan. *Id.* at 8.

8. On September 23, 2021, the Retiree Committee filed the *Motion of the Official Committee of Retired Employees to Extend the Voting Deadline for Holders of Claims in Classes 51B, 51D, 51E, 51F, and 51L*, ECF No. 18214, seeking a fourteen (14) day extension of the Voting Deadline, to and including October 18, 2021 at 5:00 p.m. (Atlantic Time), solely for creditors entitled to vote in Classes 51B, 51D, 51E, 51F, and 51L (the "Retiree Classes"). *See id.* at ¶ 18. The UCC immediately concurred with the relief being requested and filed the *Joinder of Official Committee of Unsecured Creditors with Respect to (I) Motion of the Official Committee of Retired*

---

[6] "Plan" refers to the *Seventh Amended Title III Joint Plan of Adjustment for the Commonwealth of Puerto Rico, et al.*, ECF No. 17627, dated July 30, 2021, as it may be amended, supplemented, or modified.

4

*Employees to Extend the Voting Deadline for Holders of Claims in Classes 51B, 51D, 51E, 51F, and 51L and (II) Urgent Motion of the Official Committee of Retired Employees of the Commonwealth of Puerto Rico for Expedited Consideration of Its Motion to Extend the Voting Deadline for Holders of Claims in Classes 51B, 51D, 51E, 51F, and 51L* "and to request that any extension of the Voting Deadline also be made applicable to holders of" claims in Classes 54, 58, and 66. ECF No. 18228.

9. The following day, Mr. Hein filed the *Motion of Individual Bondholder for an Order Extending the Voting Deadline for Retail Investors* [ECF No. 18237], requesting a commensurate fourteen-day extension of the Voting Deadline for Retail Investors (as defined in the Plan).

10. On September 24, 2021, the Oversight Board filed the *Financial Oversight and Management Board for Puerto Rico's (A) Response to the Retiree Committee Motion to Extend Voting Deadline, UCC Joinder to Retiree Motion, and Motion of Individual Bondholder for an Order Extending the Voting Deadline for Retail Investors, and (B) Cross-Motion to Modify Certain Deadlines in Solicitation Procedures Order and Confirmation Procedures Order* [ECF No. 18243] (the "Oversight Board Response"). Therein, the Oversight Board consented to the fourteen-day extension of the Voting Deadline, provided that the Court also extend the deadline for submission of the Voting Tabulation Declaration (as defined in the Oversight Board Response).

11. On September 27, 2021, the Court entered the *Order Granting Modification of Certain Deadlines in Solicitation Procedures Order and Confirmation Procedures Order* [ECF No. 18258], extending the Voting Deadline by fourteen (14) days, to and including October 18,

2021, and extending the deadline for filing the Voting Tabulation Declaration by nine (9) days, to and including November 3, 2021.[7]

12. On October 4, 2021, Movants filed the Motion.

## OBJECTION

### I. A Further Extension of the Voting Deadline to October 25, 2021 Would Delay Commencement of the Confirmation Hearing on November 8, 2021.

13. Movants request the Voting Deadline be extended to October 25, 2021 to provide Movants sufficient time to review the Solicitation Package, contending that Movants' counsel did not receive Solicitation Packages until September 29, 2021. As reflected above, to address similar concerns raised by the Retiree Committee and the UCC, the Oversight Board already consented to a 14-day extension of the Voting Deadline from October 4, 2021, to October 18, 2021. And, as noted in the Oversight Board Response, given the volume of creditors in the classes voting by paper ballot (including Movants), and the need to tabulate ballots by hand and conduct quality control checks to ensure an accurate count, any extension of the Voting Deadline will also require an extension of the deadline to file the Voting Tabulation Declaration, which is currently November 3, 2021, three (3) business days before the commencement of the confirmation hearing.[8] A further seven-day extension of the Voting Deadline would therefore prevent the confirmation hearing from commencing on November 8 and jeopardize the Oversight Board's ability to fulfill its obligations pursuant to the various plan support agreements and consummate the Plan.

---

[7] Pursuant to the *Order Granting Modification of Certain Deadlines in Solicitation Procedures Order and Confirmation Procedures Order* [ECF No. 18360], the Election Deadline was also extended to October 18, 2021.

[8] Oversight Board Response ¶¶ 12-13.

## II. The Additional Relief Requested is Unwarranted.

14. Movants raise several additional concerns with the claim amount listed on their ballots for voting purposes, the adequacy of the Solicitation Package, and the classification of their claims, and on those bases, seek miscellaneous additional relief. None of the purported concerns Movants raise have any merit.

15. *First*, Movants assert the Debtors "improperly modi[fied] inconsistent with 11 U.S.C. section 1126" the ballots sent to Movants by marking their claims as $1.00 each for voting purposes. Motion at 6. However, the Solicitation Procedures Order provides that wholly contingent, unliquidated, or disputed claims will be temporarily allowed for "voting purposes only" at $1.00:

> "If a Claim for which a proof of claim has been timely filed is wholly contingent, unliquidated, or disputed, undetermined, or unknown in amount, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00, and the Ballot mailed to the holder of such Claim shall be marked as voting at $1.00 . . . ."

Solicitation Procedures Order ¶ 37(b). To the extent Movants object to the procedures for the temporary allowance of their claims for voting purposes, such objection could have been raised in connection with the Debtors' motion for entry of the Solicitation Procedures Order (the hearing at which counsel for Movants attended and raised certain objections), and is therefore waived.[9] To the extent Movants seek temporary allowance of their claims for voting purposes in an amount greater than $1.00, Movants failed to seek such relief within the deadline set forth in the Solicitation Procedures Order—on or before the tenth (10th) day after the service of the

---

[9] *See, e.g.*, *Caraballo-Cecilio v. Marina PDR Tallyman LLC*, Case No. 14-1454 (PAD), 2016 WL 7174615, at *1 (D.P.R. Dec. 8, 2016) (finding "argument [] deemed waived at this stage" because "argument was available . . . [y]et defendant failed to proffer any reason for not having raised it earlier").

7

Confirmation Hearing Notice.[10] Nonetheless, Movants fail to provide any basis for such temporary allowance. Notably, Movants concede that their asserted claims represent only an "estimated value." Motion at 6.

16. *Second*, Movants complain that (i) they should receive individual ballots for each member of Movants' groups, notwithstanding that Movants filed "master" proofs of claims on behalf of its group of claimants, and (ii) the Solicitation Package should include paper copies instead of a flash drive of the Plan and Disclosure Statement. Motion at 7-9. Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Bar Date Order"), indenture trustees, fiscal agents, or any similar agent, unions, and agents under any credit agreement may file master proofs of claims on behalf of its respective constituents. Bar Date Order ¶ 5. Accordingly, it is appropriate for the Debtors to solicit votes through Movants' group representative pursuant to the proofs of claims filed by Movants.[11]

17. With respect to the preparation of the Solicitation Package, while the Solicitation Procedures Motion permits the Debtors to distribute the Plan and Disclosure Statement in a flash drive, the Confirmation Hearing Notice included with the Solicitation Package in paper format provides that hard copies of the Plan and Disclosure Statement may be obtained by contacting the Balloting Agent (Prime Clerk, LLC), and are available at each on-island ballot collection site.[12]

---

[10] Solicitation Procedures Order ¶ 39. The Confirmation Hearing Notice was filed on August 2, 2021, and included in the Solicitation Packages sent to creditors on or before August 30, 2021.

[11] The Debtors reserve all rights, arguments, and objections with respect to Movants' proof of claims, including, without limitation, failure to comply with the requirements pursuant to the Bar Date Order.

[12] Solicitation Procedures Order at 17 n.11, ¶ 13; Confirmation Hearing Notice at 2.

Furthermore, Movants' complaints could have been raised in connection with the Debtors' request for entry of the Solicitation Procedures Order, and therefore is waived.

18. *Finally*, Movants contend that the Debtors must clarify why Movants' claims are included in Class 58 – CW General Unsecured Claims and are not transferred into the administrative reconciliation procedures process. Motion at 5-6, 13. To the extent Movants object to the Plan's classification of their claims, the Debtors will address such classification objections in their confirmation and reply brief. To the extent Movants seek additional disclosure with respect to their claims, such concerns should have been raised in connection with the approval of the adequacy of the information contained in the Disclosure Statement, and are therefore waived.[13]

19. For the foregoing reasons, the Motion should be denied.

[*Remainder of Page Left Intentionally Blank*]

---

[13] For example, following objections filed by the DRA Parties to the Disclosure Statement, the Debtors included additional language in the Disclosure Statement outlining their position why the DRA PBA Claims are classified separately from the PBA General Unsecured Claims. *See* Disclosure Statement at 20 n.46.

WHEREFORE the Oversight Board respectfully requests the Court (a) sustain the Objection, (b) deny the Motion, and (c) grant the Debtors such other and further relief as is just.

Dated: October 8, 2021
      San Juan, Puerto Rico

Respectfully submitted,

/s/ Brian S. Rosen
Martin J. Bienenstock
Brian. S. Rosen
(Admission *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

/s/ Hermann D. Bauer
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors*