# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

    Debtors.[1]

---------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

## RESPONSE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO TO THE DRA PARTIES' RESPONSE TO PROPOSED ORDER REGARDING PROCEDURES FOR HEARING ON CONFIRMATION OF PLAN OF ADJUSTMENT

To the Honorable United States District Judge Laura Taylor Swain:

    The Financial Oversight and Management Board for Puerto Rico ("Oversight Board"), as sole Title III representative for the Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA")[2], hereby respectfully submits this response to the *DRA Parties' Response to Proposed Order Regarding Procedures for Hearing on Confirmation of Plan of Adjustment* [ECF No. 18432] (the "Response"), filed by

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

AmeriNational Community Services, LLC (the "Servicer"), as servicers for the GDB Debt Recovery Authority (the "DRA"), and Cantor-Katz Collateral Monitor LLC, a Delaware limited liability company (the "Collateral Monitor," and together with the Servicer, the "DRA Parties") in response to the proposed confirmation hearing procedures order, *Order Regarding Procedures for Hearing on Confirmation of Plan of Adjustment*, dated September 28, 2021 [ECF No. 18276-1] (the "Proposed Procedures Order") on October 7, 2021, and respectfully state as follows:

1. The Response requests, *inter alia*, that (*i*) Paragraph 1 of the Proposed Procedures Order, be revised so that the limit on the number of participating attorneys in any given Zoom session is identical for all parties and (*ii*) Paragraph 5 of the Proposed Procedures Order be revised to eliminate the requirement that parties seek leave of Court to use exhibits during cross-examination that were not previously provided to the witnesses' counsel. Response, ¶ 2.

2. *First*, the Oversight Board does not object to the DRA Parties having four attorneys present on any given Zoom session simultaneously, if the Court determines to permit it. And if the Court allows the DRA Parties to have four attorneys present, the Oversight Board does not believe other creditor parties should be allowed a similar amount, particularly since no other party requested such relief and the DRA Parties are one of a very few parties engaged in fact and expert discovery. Many other parties have purely legal confirmation objections. The Oversight Board understands the Court's proposed limitations were designed to avoid undue expense and potential bandwidth or overcrowding concerns at the confirmation hearing. The Oversight Board submits permitting the DRA Parties the option of having two additional attorneys present should not pose a risk to the Court's concerns, but naturally leaves the determination to the Court. However, the DRA Parties' request was confusing. To the extent the DRA Parties' suggestion is interpreted as a request to limit the Oversight Board to two attorneys present on any given Zoom session

2

simultaneously (as the DRA Parties currently are allowed), the Oversight Board objects and respectfully submits such a limitation would be inappropriate and unfair.

3. The Oversight Board is representing three Debtors seeking confirmation, and has the burden of demonstrating each of the provisions of PROMESA section 314 are satisfied, responding to objections from numerous parties, and will be presenting the overwhelming majority of witnesses at the confirmation hearing. The legal and evidentiary issues involved in the confirmation of the *Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 17627] are complex, the number of witnesses is substantial, and the division of labor between the Oversight Board's attorneys depends on each attorney's expertise and focus. The Oversight Board needs the support of at least its currently permitted number of attorneys (4) in the virtual courtroom. Indeed, for just those reasons, this Court has routinely provided the Oversight Board and AAFAF additional speaking lines for omnibus hearings conducted remotely. *Order Regarding Procedures for August 4-5, 2021, Omnibus Hearing*, ¶ 1. Accordingly, the Oversight Board respectfully requests the Court not limit the Oversight Board to anything less than the four simultaneous attorneys currently allowed under the Proposed Procedures Order.

4. *Second*, should the Court determine to permit it, the Oversight Board does not object to the use of exhibits during cross-examination that were not previously disclosed to the witness's counsel without prior leave of court so long as all counsel present in the Zoom session are allowed the opportunity to view the proposed exhibit electronically and raise any objections to it before the exhibit is shown to the witness.

[*Remainder of page intentionally left blank*]

Case:17-03283-LTS Doc#:18471 Filed:10/12/21 Entered:10/12/21 00:52:15 Desc: Main
Document Page 4 of 4

Dated: October 12, 2021
San Juan, Puerto Rico

Respectfully submitted,

*/s/ Michael A. Firestein*
Martin J. Bienenstock
Brian S. Rosen
Margaret A. Dale
Michael A. Firestein
(Admission *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors*