**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**In re:**

| | |
|---|---|
| **THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,** as representative of **THE COMMONWEALTH OF PUERTO RICO, et al.,** Debtors[1] | **PROMESA TITLE III** Case No. 17-BK-3283 (LTS) |

**(related to Docket No. 18378,  18437, 18282, 18239 and 18277 - 17134)**

**REPLY TO OBJECTION OF FOMB TO URGENT MOTION REQUESTING RELIEF REGARDING THE VOTING PROCESSES AND TO REMEDY ERRORS IN THE SOLICITATION PACKAGES AND ALTERNATIVE REMEDIES AND FOR AN ORDER TO EXTEND VOTING DEADLINE FOR GROUP WAGE CLAIMANTS INCLUDED IN CLASS 58 FOR 21 DAYS AND UNTIL OCTOBER 25, 2021**

**To the Honorable United States District Court Judge Laura Taylor Swain**:

**NOW COMES** the group wage creditors, as active or former government employees, in the litigation captioned: (1) Nilda Agosto Maldonado et als v Family Department et als case no. K PE 2005-0608, (728 claimants) (2) Carmen Socorro Cruz Hernandez et als. Case No. K AC 1991-0665 (334 claimants) (3) Juan Perez Colon et al. v. Puerto Rico Department of Transportation & Public Works, Case No. KAC1990- 0487 (the "Perez Colon, Master Claim No. 30851") (324 Claimants); (4) Jeanette Abrams Diaz

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566- LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

1

et al. v. Department of Transportation & Public Works, Case No. KAC-2005-5021 (the "Abrams Diaz Master Claim No. 50221" (1,084 Claimants);(5) in the consolidated judgment entered by the CFI Aguadilla, dated April 22, 2016 in case of Norberto Tomassini and Ivan Ayala, Case No. A MI 2003-0243 and A PE 2005-0049 (86 claimants); (6) Madeline Acevedo-Camacho v Family Department, ARV and NAJ, Case No. 2016-05-1340 (Master Claim No. 32044),( 2,818 claimants);  (7) Francisco Beltran Cintron et al. v. Puerto Rico Department of Family Affairs, ( Case No. KAC-2009-0809/ CASP No. 2021-05-0345 (the "Beltran Cintron, amended Master Claim No. 179140")(4,493 Claimants ); (8) Abraham Gimenez et al. v. Puerto Rico Department of Transportation & Public Works, Case No. KAC-2013- 1019 I CASP No. 2021- 05-0346 (the "Abraham Gimenez, amended Master Claims no.179141 ")(1,046  claimants ); (9) Alejo Cruz Santos et al. v. Puerto Rico Department of Transportation & Public Works, Case No. RET-2002-06-1493 (the "Cruz Santos, Master Claim No. 29642")( 262 Claimants) ;(10) Delfina Lopez Rosario et al. v. Puerto Rico Police Department, Case No. 2001-10-372 (the "Lopez Rosario, Master Claims no. 15708")( 1,345 Claimants); (11) Prudencio Acevedo Arocho et al. v. Puerto Rico Department of Treasury, Case No. KAC-2005-5022 (the "Acevedo Arocho, Master Claims no. 51013") (1,379 claimants); **through** the undersigned attorney and respectfully states and prays:

## PRELIMINARY STATEMENT

On October 4, 2021, the appearing group wage creditors requested relief Regarding voting processes. And in the alternative, requested  an extension of 21 days of voting deadline was necessary, among others, because they  have not been timely provided "solicitation" packages with ballots or notices of voting and election instructions,

2

since was not until September 29, 2021 the Movants began receiving the "solicitation packages and to this date, not all the ballots have been received.[2]

After analyzing the FOMB's Motion in Opposition, (Docket 18437) and the arbitrary procedural posture assumed, as to pertinent facts and applicable law, Movants submits its opposition for the following reasons[3]:

## ARGUMENT

The applicable legal principles necessary to decide the Motion to Extend are well established. Section 1121(d)(1) of the Bankruptcy Code provides that the court may extend the exclusive periods for filing a plan or obtaining votes on a plan for cause. *See* 11 U.S.C. § 1121(d) (1. "Cause" is not defined in the statute, and whether cause exists is a decision within the discretion of the court. In re Adelphia Commc'ns Corp., 352 B.R. 578, 586 (Bankr. S.D.N.Y. 2006). *See also* In re Henry Mayo Newhall Mem'l Hosp., 282 B.R 444, 454 (B.A.P. 9th Cir. 2002).

In the present case is important to bring to the consideration of this Honorable Court, it has not been contested by the FOMB that it was not until September 29, 2021 that the subscribing attorney began receiving "solicitation" package mailing with respect to group creditors of the case of Nilda Agosto Maldonado, and in the case Carmen Socorro Cruz Hernandez . Also, received other solicitation Packages and ballots as identified in our October 4, 2021 (the Motion).

---

[2] See Docket No. 18378

[3] This Honorable Court authorized and extended voting deadlines until October 18, 2021 to the Retiree Committee and UCC, since they have not been timely provided "solicitation" packages with ballots or notices of voting and election instructions.

3

The Movants submits that given the volume of ballots received, and the practical consequences of the instant complicated and chaotic voting process, since the reality is that the ballots forms received, not only have 11 pages were each claimant or claimants representative (attorney), have to make the pertinent selections , following the individual instructions of the claimants, but requires among others, hand write or type in each ballot, the name of the claimant or representative (attorney) with the respective address, telephone number, email and date submitting the ballot, means as a practical matter a time consuming process to provide all required information.

Therefore, compounding the problems caused by the delays in getting solicitation packages to Group Wage creditors and providing individual creditors pertinent information and consent, asking for a modest additional 7-day extension to be able to complement more than 600 ballot, as well as remedy problems in the solicitation packages and processes against this backdrop, by all accounts, the extension is more than reasonable.

Also because this Court must take into consideration that appearing attorney is a solo practitioner, and the delay in the notification of the solicitation packages and ballots, are exclusive consequence of the FOMB failure, since was within the control of the debtor, and not caused by the appearing party, Movants should not be adversely affected.

In addition, and for other reasons ahead will be discussed in more detail, because on this date, October 12, 2021 the following qualified creditors of the case of Nilda Agosto Maldonado have not received Ballots:

    ACEVEDO ROSARIO, SONIA N. (CLAIM #10447)
    AFANADOR ANDUJAR, ALICE DAISY (CLAIM #10315)
    AGOSTO HIDALGO, YADIRA T/C/C AGOSTO DE DIAZ, YADIRA (CLAIM #11295)
    AGOSTO DE MALDONADO, LAURA (CLAIM #18407)
    ARCAY GARCIA, MARIA LUISA (CLAIM #10174)

4

BRACERO RABASSA, RAFAEL (CLAIM #10890)
CINTRON DIAZ, ADELMA DEL C. (CLAIM #7271, 8947 y 10627)
CORDERO PARRILLA, MIRIAM E. (CLAIM #9330)
CORUJO CASTRO, CARMEN (CLAIM #9219)
CRISPIN DE JESUS, EVA (CLAIM #9419)
CRUZ TOSADO, NANCY (CLAIM #9337)
CRUZADO LEWIS, JESUS M. (CLAIM #11842)
CUEVAS GONZALEZ, ROBERT (CLAIM #10176)
ESTEVEZ ALVAREZ, CARMEN H. (CLAIM #9413)
FALU FEBRES, LUIS (CLAIM #11126)
FERNANDEZ GOMEZ, MARIA E. (CLAIM #10306)
FERNANDEZ RIVERA, RUTH (CLAIM #9449)
GARCIA DIAZ, ANA (CLAIM #11033)
GARCIA REYES, SANTOS J. (CLAIM #9980 y 10366)
GARCIA RULLAN, LETICIA (CLAIM #10649)
GONZALEZ VAZQUEZ, CARMEN L. (CLAIM #10360)
HERNANDEZ DAVILA, LUZ N. (CLAIM #9287)
HERNANDEZ RIOS, MYRIAM (CLAIM #146816 y 65738)
HERNANDEZ RODRIGUEZ, UBALDO (CLAIM #16320)
LOPEZ QUILES, ILEANA (CLAIM #12040)
MATOS ORTIZ, SONIA E. (CLAIM #9996)
MOJICA RIVERA, MARIA A. (CLAIM #11914)
MONTALVO LAGUNA, YOLANDA (CLAIM #14946)
MUNDO RODRIGUEZ, FAUSTO (CLAIM #10998)
NIEVES GARCIA, ZORAIDA (CLAIM #75634)
NORMANDIA RODRIGUEZ, MYRNA (CLAIM #12129)
OCASIO CUEVAS, CARMEN (CLAIM #9654)
ORTIZ PANIAGUA, EVELYN (CLAIM #11310)
ROMAN HERNANDEZ, MARIA D. (CLAIM #12765)
RAMOS RIOS, CARMEN (CLAIM #9338)
REYES ORTIZ, LOYDA (CLAIM #11633)
RIVERA DOMINGUEZ, ELIZABETH (CLAIM #10698)
RIVERA GONZALEZ, MARIA I. (CLAIM #11625)
RIVERA MARRERO, GLADYVEL (CLAIM #10499)
RIVERA MUNIZ, GLORIA (CLAIM #10185)
RIVERA ROBLES, ANTONIA (CLAIM #11262)
RIVERA RODRIGUEZ, CARMELO (CLAIM #9188)
RIVERA SANTIAGO, MARIA M. - (CLAIM #10170)
RIVERA VEGA, WILLIAM (CLAIM #9462 y 10179)
ROBLES TORRES, LYDIA E. (CLAIM #11947)
RODRIGUEZ CRUZ, MARIA E. (CLAIM #12228)
RODRIGUEZ FIGUEROA, CARMEN S. (CLAIM #9203 y 15778)
ROSADO TORRES, MARÍA M. (CLAIM #12407)
SANTIAGO QUINONES, HILDA E. (CLAIM #10188)
SANTOS ORTIZ, GISELA (CLAIM #11969)
TRICOCHE DE JESUS, LUZ H. (CLAIM #9201)

VAZQUEZ SOTO, ROSA N. (CLAIM #9096)
VINALES HERNANDEZ, GRISELLE E. (CLAIM #10068)

Therefore, based on the Debtor's template for its reorganization and since the Commonwealth government continue conducting its regular operations, Movants submits given the complexity of the Title III reorganization, there is no business urgency in maintaining voting deadline, given the nature of the processes deficiencies and multiple controversies that have to be resolved, prior the plan confirmation.

**II. Regarding the FOMB argument as to that additional Relief is unwarranted, is also meritless for the following reasons:**

**FIRST:** Intimately related to the issue of the extraordinary delay and deficient notification of voting instructions above discussed, is important to reiterate and bring into consideration of this Court, with respect to the judgment Claimants included in litigation cases Juan Perez Colon et als, Jeanette Abrams Diaz et als; and in the consolidated judgment entered by the CFI Aguadilla, dated April 22, 2016 in case of Norberto Tomassini and Ivan Ayala), and that collectively constitute a group of 1,494 claimants, that said claimants have a final back pay judgment in their favor, as a result of a violation of federal and state wages laws by the Commonwealth agencies.[4]

Nonetheless, the identified 1,494 claimants have been arbitrarily excluded from the voting process, when the FOMB notified only one ballot for each group claim.[5]

Movants submits that the omission in the notification of individual ballots to the

---

[4] See Docket 18239; 17134 and 18282
[5] See Exhibit 1 included in the Urgent Motion, Docket No. 18378.

6

Group creditors to above identified, violates section 1126 (a) of the Bankruptcy Code, that grands the substantive right to the holder of a claim or interest allowed under section 502, to vote to accept or reject a plan.

For the practical implications, the notification of only one ballot to each group claim, in the cases above identified not only would alter the Bankruptcy Code basic guarantees but is highly arbitrary, since deny eligible claimants the right to vote to accept or reject a plan. Also, because, the omission of notifying individual ballots, deny movants the opportunity to make an election to be treated as pursuant to class 68. (Convenience Claim)[6].

Therefore, voting process for the approval or disapproval of a plan must wait until the required ballot notifications are made and must follow a course marked out by the statute.

For this reason, Movants object the FOMB argument, included at paragraph 16 of their Motion, for being highly rhetorical and arbitrary. Specifically, because the FOMB does not address nor make a particularized showing of why, FOMB or its agents could not promptly distribute a notice alerting Movants the extended deadline and notify the corresponding ballot with the voting and election instructions. Here, more than two week have passed, without FOMB taking any corrective action. [7]

Interestingly, in their opposition the FOMB only argument, included in page 7, paragraph 16, that "is appropriate for Debtors to solicit votes though Movant

---

[6] See Reservation of rights included in Urgent Motion concerning their priority status under sec 503 (b)(1)(A) (i)(ii)
[7]

7

representative pursuant to the proof of claims filed by Movants," and does not address the substantive issue of the lack of notification of individual ballots.

To the contrary, Movants submits that FOMB and its agents must be prepared to deliver ballots to all eligible claimants with right to vote, without exceptions. Therefore, once detected the defective notification process, FOMB cannot excuse the need to take immediate corrective action by simply ignoring the situation.

More so, when the matter as to the defective notifications was brought to their attention and have **not complied with its basic responsibility**.

Therefore, in view that the nature of the irregularity informed, is critical this Honorable Court guarantee the 1,494 individual claimants included in the reference group claims the right to vote, by exercising judicial control of FOMB voting processes, in order to prevent arbitrary decision-making and guarantee that the solicitation and voting procedures comply with the .procedures order that it had proposed. See McLane Co. v. Equal Employment Opportunity Commission, 581 U.S. ___ (2017)

Consequently, Movants submits that since FOMB has made deficient notifications, its arguments in opposition are meritless.

**SECOND:** For being equally misleading, Movants object the arguments and subjective interpretation included in paragraph 15 at pages 7 and 8 of FOMB Objection were said party tries to justify Ballots marked with a $1.00 dollar value for voting purposes.

The situation here not only clearly establish the manipulation of the claims value in the voting processes, inconsistent with section 1126 of the Bankruptcy Code, but because the FOMB improperly is trying to disenfranchise creditors from the Title III plan voting process, by objecting to the claim value and try to manipulate election results.

8

Here said fact can be easily determined when is considered that, after filing the October 4, Urgent Motion, (docket 18378) Movants received a second ballot, related to the 4 cases with final judgments, including the litigation case of Nilda Agosto Maldonado, all with an individual value amount of $1.00 dollar.[8]

Therefore, by comparing the value assigned in the ballots included as Exhibit 1, in the Urgent Motion, in the cases of Juan Perez Colon, Jeanette Abrams Diaz; and in the consolidated judgment entered by the CFI Aguadilla, dated April 22, 2016 in case of Norberto Tomassini and Ivan Ayala), and in the duplicate ballots notified in the four case with final judgments and were the FOMB also assigned the Group Claim's value in $1.00 clearly their objection included at paragraph 15 at page 7, regarding that mentioned claims are wholly contingent, unliquidated, or disputed and will be temporarily allowed for "voting purposes only" at $1.00 fails, for being incorrect [9].

By the other hand and in regards the objection raised concerning the remaining group claims it is equally meritless. Firstly, because the problem with the FOMB's

---

[8] See Exhibit 1 included in the present Reply Motion. *See also PBGC v. Enron Corp.,* No. 04 CIV 5499 (HB), 2004 U.S. Dist. LEXIS 21810, *16 (S.D.N.Y. Nov. 1, 2004) ("[t]he temporary allowance of a claim for voting purposes is committed to the sound discretion of the bankruptcy court pursuant to Federal Rule of Bankruptcy Procedure §[sic]3018(a)").

[9] The assigned ballot value, as notified in the "one" ballot included as EXHIBIT 1 of the Urgent Motion, (Docket 18378) is as follows:
- Juan Perez Colon, $2,435,987.21
- Jeanette Abrams Diaz $43,400,081.58
- consolidated judgment in the case of
  Norberto Tomassini and Ivan Ayala, $4,909,667.10
- Nilda Agosto Maldonado (since notification was made by individual ballots, and together with the claims included in class 68, should reflect a claim value of aprox. 34 million dollars.

9

argument is that the creditors have no prior notice that their claim value was being challenged. In addition, contradictory. [10]

A debtor or other plan proponent should not be able to control the voting on a chapter 11 plan by disenfranchising a creditor with a simple objection to a creditor's value of its claim.

Although there is relatively sparse, case law under Rule 3018(a) suggests three circumstances under which a motion to temporary allow a claim for voting purposes may be filed.

To said effect, claimants submits that since Rule 3018(a) provides a flexible mechanism to permit that a claim, be temporarily allowed for voting purposes. This Court, after notice and hearing, may temporarily allow the claim or interest in an amount, which the court deems proper for the purpose of accepting or rejecting a plan.[7]

The Tenth Circuit Bankruptcy Appellate Panel (BAP), for example, in *Armstrong v. Rushton (In re Armstrong),*[8] observed that a creditor might file a temporary allowance motion under Rule 3018(a) where:

(1) An objection has been filed to the creditor's claim too close to the plan confirmation hearing to be resolved prior to voting,

(2) A hearing on the claim objection would unduly delay the chapter 11 case or

(3) A frivolous or questionable objection to the claim has been filed.[9] the allowance of a claim under Rule 3018(a), moreover, is a summary proceeding,[10] and is not binding as an allowance of the claim for aspects of the chapter 11 case other than voting on the plan.[11]

---

[10] See exhibit 2_A of Movants Urgent Motion (DOCKET 18378) were FOMB accepts the proof of claim value, when submits claims Omnibus Objections

10

Therefore, Movants submits that this Court must undertake the present Reply as a Rule 3018(a) Motion, to temporary allowance and estimate movants claim value, for voting for the plan confirmation. .

Firstly, because is unfair to allow a debtor to try disenfranchise a large creditor from voting on a plan merely by its unilateral act of filing an objection

In re Goldtein, 114 B.R. 430 (Bankr E.D. Penn. 1990) the Court determined that a debtor should not be able to disenfranchise a creditor "merely by its unilateral act of filing an objection to the creditor's proof of claim." ; In re Orosco, 77 B.R. 246, 249 (Bankr. N.D. Cal. 1987) ("[A]lthough the filing of a claim objection initially operates to preclude the claimholder from accepting or rejecting a Plan, it also triggers a right on the part of the claimholder to request a temporary allowance for purposes of voting, and thus, to participate in the balloting process.")

In the present case the problem with FOMB opposition is that said party have not disputed the group Claims value. To the contrary in all official documents filed has reiterated the proof of claims estimated value. [11] Therefore, the Disputed Claims appear not to be frivolous, and in fact, the FOMB has determined allowance the Disputed Claimants may vote.

Furthermore, Movants submits that *In re Orosco,* 77 B.R. 246 (Bankr.N.D.Cal. 1987), *aff'd,* 93 B.R. 203 (Bankr. 9th Cir. 1988); and *In re Gardinier, Inc.,* 55 B.R. 601 (Bankr.M.D.Fla. 1985), provide even less support for FOMB argument, expressed at paragraph 15, regarding Movants waiver of the right to request estimation of their claim, since the *Orosco* court provided the creditor with an "ample opportunity" to argue

---

[11] See Exhibit 2 – B of the Urgent Motion (DOCKET 18378)

11

the merits of its claim, and disenfranchised the creditor only after concluding that its claim could not be sustained on its merits. 77 B.R. at 250-52.

In view of the above, Group Creditors urge, the court to delay the confirmation hearing until the value of the group claims objection could be determined.

In addition, because reported cases recognize that "some estimation process is required when a [Bankruptcy] Rule 3018(a) motion is presented to a bankruptcy court," while the precise method of estimating the claim is left to the court's broad discretion.

*See Id.* ("the bankruptcy court is accorded broad discretion as to the method used by the court in the process of valuation and obtaining useful results from that process") (*citing Bittner v. Borne Chemical Co.,* 691 F.2d 134, 135-36 (3d Cir. 1982)).

These decisions are based on the general principles in the Code and the Rules governing the allowance of claims, objections to claims and the placement of burdens of proof in claims objection litigation. *See Id.* ("[t]he [Bankruptcy Rule. 3018(a)] estimation process is merely a microcosm of the ordinary claims-determination process").

Also because according to those procedural rules, the filing of a proof of claim constitutes prima facie evidence of a claim in a bankruptcy case. [31] *See First RepublicBank,* 1990 Bankr. LEXIS 2840 at *5; Fed. R. Bankr. P. 3001(f) ("[a] proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim").

Therefore, in response to the debtor objection, Movants submits that is evident that FOMB has failed to put forth some evidence to overcome the prima facie validity of the group claims. Under mentioned circumstances, the bankruptcy courts have broad

discretion to temporarily allow the claim—and the method of estimating the claim—suggests that this burden should not present an undue burden to temporary allowance of the group claims here at issue. *In re FRG Inc.,* 121 B.R. 451, 456 (Bankr. E.D. Pa. 1990) ("the bankruptcy court is accorded broad discretion as to the method used by the court in the process of valuation and obtaining useful results from that process") (*citing Bittner v. Borne Chemical Co.,* 691 F.2d 134, 135-36 (3d Cir. 1982)).

**THIRD:** For being equally meritless, Movants objects the answer included in paragraph 18 at page 9 of the FOMB Motion, since again arbitrarily evade to provide an answer as to the lack of compliance with the terms and provisions of the ACR Order, and with Article LXXXII of the Proposed Plan and the reasons as to why have not transferred pending group wage claims to the ACR procedure, by stating that the matter will be address in their confirmation and reply brief.

## CONCLUSION AND RELIEF REQUESTED

Applying the applicable factors to the facts of the present case above discussed, Movants submits they not only have demonstrated that cause exist to further extend the voting deadline until October 25, in order to solicit acceptances or rejection for creditors included in the Nilda Agosto Maldonado group claimants, but also, established that just cause exist for further extension of the voting deadline. and postpone the confirmation hearing, until the FOMB comply with the notification requirements, to ensure individual creditors included in the Group claims of the cases of Juan Perez Colon et als, Jeanette Abrams Diaz et als; and in the consolidated judgment entered by the CFI Aguadilla, dated April 22, 2016 in case of Norberto Tomassini and Ivan Ayala), and that collectively constitute a group of 1,494 creditors, are provided with the proper relief, in order to guarantee the notifications of individual ballots, and right to vote, as herein discussed.

13

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 12 th day of October 2021.

**ATTORNEY FOR THE GROUP WAGE CREDITORS**

**By:** *Isl* **IVONNE GONZALEZ-MORALES**
IVONNE GONZALEZ-MORALES
USDC NUM: 202701
PO BOX 9021828
SAN JUAN, PR 00902-1828
Tel. (787) 410-0119
E-mail: ivonnegm@prw.net

**EXHIBIT 1**

16