# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br><br>Title III<br><br>Case No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>Debtors. | PROMESA<br><br>Title III<br><br>Case No. 17 BK 3567-LTS |
| AMERINATIONAL COMMUNITY SERVICES, LLC, as Servicer for the GDB Debt Recovery Authority, and CANTOR-KATZ COLLATERAL MONITOR LLC,<br><br>Plaintiffs,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., FINANCIAL GUARANTY INSURANCE COMPANY, NATIONAL PUBLIC FINANCE GUARANTEE | Adv. Pro. No. 21-00068-LTS |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's Federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 04780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

| | |
|---|---|
| CORPORATION, PEAJE INVESTMENTS LLC, and THE BANK OF NEW YORK MELLON, as Fiscal Agent,<br><br>        Defendants. | |
| AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION, FINANCIAL GUARANTEE CORPORATION, FINANCIAL GUARANTY INSURANCE COMPANY, and PEAJE INVESTMENTS LLC,<br><br>        Counterclaim Plaintiffs/Third Party Plaintiffs,<br><br>        v.<br><br>AMERINATIONAL COMMUNITY SERVICES, LLC, as Servicer for the GDB Debt Recovery Authority, and CANTOR-KATZ COLLATERAL MONITOR LLC,<br><br>        Counterclaim Defendants,<br><br>        and<br><br>GDB DEBT RECOVERY AUTHORITY,<br><br>        Third-Party Defendant. | Adv. Pro. No. 21-00068-LTS |

**DEFENDANTS' OPPOSITION TO THE URGENT MOTION OF THE DRA PARTIES FOR LEAVE TO FILE LIMITED SUR-REPLY WITH RESPECT TO OPPOSITION TO <u>MOTIONS TO DISMISS THE ADVERSARY PROCEEDING</u>**

To the Honorable United States District Court Judge Laura Taylor Swain:

Ambac Assurance Corporation ("Ambac"), Assured Guaranty Corp., Assured Guaranty Municipal Corp. (with Assured Guaranty Corp., "Assured"), Financial Guaranty Insurance Company ("FGIC"), National Public Finance Guarantee Corporation (with Ambac, Assured, and FGIC, the "Monolines"), The Bank of New York Mellon, as Fiscal Agent (the "Fiscal Agent"), and Peaje Investments LLC (with the Monolines and the Fiscal Agent, "Defendants") respectfully submit this opposition to the *Urgent Motion of the DRA Parties for Leave to File Limited Sur-Reply with Respect to Opposition to Motions to Dismiss the Adversary Proceeding*, ECF No. 70 (the "Motion for Leave").[2]

## ARGUMENT

1. As the Court knows, the parties to this adversary proceeding and the intervenors remain in the throes of expensive litigation concerning the claims and allegations in the DRA Parties' Complaint and related objections to the Commonwealth's Plan of Adjustment. The motions to dismiss are now fully briefed, and the Court has the opportunity to render a fully informed decision. No matter the outcome, the Court's decision promises to streamline these proceedings and the confirmation hearing to the benefit of all parties. The greater the delay, the greater the cost on the Commonwealth and all of its constituents. It would be one thing if the DRA Parties had identified new issues of consequence raised for the first time in the Reply that in fairness should be considered by the Court only after hearing from the DRA Parties yet again. But

---

[2] Unless otherwise indicated, references to "ECF No." refer to filings in Adv. Proc. No. 21-00068-LTS. Capitalized terms not otherwise defined herein have the meaning ascribed to them in *Defendants' Motion to Dismiss the Complaint*, ECF No. 44 (the "Motion to Dismiss"). "Reply" refers to *Defendants' Reply in Support of Their Motion to Dismiss the Complaint*, ECF No. 68, and "Opposition" refers to *Plaintiffs' Memorandum of Law in Opposition to the Motions to Dismiss*, ECF No. 60.

they identified none. They provided this Court with not even the thinnest reed on which to grant the Motion for Leave. It should be denied.

2. The Motion for Leave does not come close to making the showing required to warrant a sur-reply. It makes conclusory assertions that Defendants advanced "new arguments" in their Reply but does not even attempt to identify a single new argument. That alone compels denial of the Motion for Leave. *See Animal Welfare Ins. v. Martin*, 588 F. Supp. 2d 70, 81 (D. Me. 2008) (explaining that a sur-reply is warranted only if "truly new" matters are introduced in a reply brief).

3. The reason the Motion for Leave identifies no new arguments is that Defendants made none in their Reply. Tellingly, when pressed multiple times during the parties' meet-and-confer to identify the new arguments in Defendants' Reply, the DRA Parties declined, except to point to a single sentence in the Reply reiterating that certain GDB/HTA Loans are not payable from the Acts 30-31 Revenues. (*See* Reply ¶ 30.) But that assertion was not new: Defendants made it *twice* in the Motion to Dismiss (*see* Motion to Dismiss ¶ 17 n.4, ¶ 98 & n.16), and the DRA Parties simply failed to respond to it. Indeed, the Reply specifically cited to the portions of the Motion to Dismiss where that argument had been made (*see* Reply ¶ 30), belying any assertion that this was a "new" argument. It does not provide a basis for a sur-reply. (Further, having failed to identify a single "new" argument, the DRA Parties should not be permitted to raise any purported new arguments for the first time in their reply on the Motion for Leave, when Defendants may not have an opportunity to respond. *See Ingeniador, LLC v. Jeffers, Inc.*, 2014 WL 2918586, at *4 (D.P.R. June 26, 2014) (holding that it was "procedurally improper" for a party to use a reply brief to "flesh out" a conclusory argument made in the moving brief and striking that party's argument (citing D.P.R. Loc. Civ. R. 7(c))).

2

Case:17-03283-LTS Doc#:18481 Filed:10/13/21 Entered:10/13/21 10:02:33 Desc: Main
Document Page 5 of 11

4. The Motion for Leave also asserts that the DRA Parties should be permitted to file a sur-reply so that they can "clarify the DRA's position on certain issues with respect to which the Intervenor and the Defendants claimed that the DRA Parties failed to respond." (Motion for Leave ¶ 6.) That is not a valid basis for seeking a sur-reply. *See WW, LLC v. Coffee Beanery, Ltd.*, 2011 WL 5110267, at *5 (D. Md. Oct. 26, 2011) ("While Plaintiffs claim that a surreply was necessary to correct misrepresentations of the law and the record, that is not proper grounds for the filing of a surreply."). If, as the DRA Parties contend, their Opposition *did* respond to all of Defendants' arguments, the Court can make that determination from the previously-filed papers, as it would on any motion. There is no basis for granting the DRA Parties a sur-reply to clean up arguments that Defendants rightfully pointed out were deficient.

5. The DRA Parties' true motivation for seeking a sur-reply became clear during the parties' meet-and-confer call on the Motion for Leave: As the DRA Parties' counsel advised during the meet-and-confer, they want another chance to submit their views "before the Court rules" on the Motion to Dismiss. Indeed, during the meet-and-confer, the DRA Parties' counsel complained that the Reply gave Defendants a second opportunity to submit papers (as with any reply on any motion) and repeated arguments from the Motion to Dismiss. Even if the latter were true—and it is not—that also would not be a basis for filing a sur-reply. The Court plainly would not be served by the DRA Parties submitting a sur-reply to point out instances in which Defendants purportedly repeated arguments from their Motion to Dismiss. The Court indicated that it would take the Motion to Dismiss on submission after the filing of the Reply,[3] and the DRA Parties have provided no reason to inject further proceedings before the Court renders its decision. That the DRA Parties have requested 12 days and 25 pages for a sur-reply itself demonstrates that their goal

---

[3] *See Order on Joint Status Report Pursuant to Court Order Dated July 16, 2021, [ECF No. 17387] with Respect to (I) DRA Parties Administrative Expense Claim Motion And (II) DRA Adversary Proceeding*, ECF No. 25, at 4.

3

is to further delay and multiply these proceedings, not to address any particular "new" arguments with a proposal for a narrowly-tailored brief in an abbreviated time period.[4]

6. As discussed above, the DRA Parties' request is far from harmless. It is past time to resolve the issues that have held the attention of too many for too long. The DRA Parties insist that there will be no prejudice because the Motion to Dismiss "has been pending for six weeks already[,]" and "[t]he allowance of another ten days for a sur-reply will not prejudice any party." (Motion for Leave ¶ 9.) That the Motion to Dismiss has been pending for six weeks is entirely beside the point. Additional briefing would jeopardize the schedule proposed and agreed to by the parties and the process established by the Court for addressing unresolved issues from this adversary proceeding before (and certainly not later than) the plan confirmation hearing.[5] Indeed, fact discovery in connection with plan confirmation proceedings concluded on October 11, 2021, with expert discovery set to conclude on October 18, 2021, and the DRA Parties' plan confirmation objections due the next day. Under the DRA Parties' proposal to submit a sur-reply on October 20, 2021, they would be briefing the same issues that they purportedly would be addressing in their plan confirmation objections two days earlier. There is no reason, as a matter of judicial economy or the full and fair litigation of the sufficiency of the DRA Parties' Complaint, why the DRA Parties should be permitted to ignore the schedule and process in place, especially when they have provided no justification for a sur-reply.

---

[4] Indeed, the DRA Parties request even more pages and time for a sur-reply than is allowed for a ***reply*** brief under both the Court's *Fifteenth Amended Notice, Case Management and Administrative Procedures Order* (Case No. 17-03283-LTS, ECF No. 17127-1, ¶ I.E, ¶ III.K) and the Court's *Second Amended Standing Order* (Case No. 17-03283-LTS, ECF No. 15895-1, ¶ 2(a)(iii), ¶ 2(c)).

[5] *See Order on Joint Status Report Pursuant to Court Order Dated July 16, 2021, [ECF No. 17387] with Respect to (I) DRA Parties Administrative Expense Claim Motion And (II) DRA Adversary Proceeding*, ECF No. 25, at 4 ("The Parties shall, with respect to all unresolved issues raised in the DRA Adversary Proceeding, the Dispositive Motions, and/or the Administrative Expense Claim Motion, make the necessary submissions and take all necessary actions in compliance with the Court's scheduling and procedure orders concerning the confirmation proceedings relating to the [Plan], including the filing of objections to the Plan (and replies thereto) relating to such issues.").

7. Moreover, especially given the DRA Parties' inability to identify new arguments to respond to, a sur-reply affords the DRA Parties an opportunity to introduce new arguments. Defendants then would have no opportunity to respond, unless they requested leave to file a *sur-sur-reply*, which would further delay the resolution of fully briefed issues.

8. By contrast, denial of the Motion for Leave would not prejudice the DRA Parties. The DRA Parties have already filed hundreds of pages before this Court outlining their positions with respect to their asserted priority and lien and payment rights, including in their Opposition and in briefing on their motion seeking allowance of an administrative expense claim. (*See* Case No. 17-03283-LTS, ECF No. 17009.) They have had more than sufficient opportunity to articulate their arguments. And they continue to have other opportunities, including in any confirmation objection.

9. For these reasons, the Motion for Leave should be denied.

5

Dated: October 13, 2021
San Juan, Puerto Rico

**FERRAIUOLI LLC**

By: */s/ Roberto Cámara-Fuertes*
Roberto Cámara-Fuertes (USDC-PR No. 219002)
Sonia Colón (USDC-PR No. 213809)
221 Ponce de León Avenue, 5th Floor
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: rcamara@ferraiuoli.com
scolon@ferraiuoli.com

**MILBANK LLP**

By: */s/ Atara Miller*
Dennis F. Dunne (admitted *pro hac vice*)
Atara Miller (admitted *pro hac vice*)
Grant R. Mainland (admitted *pro hac vice*)
John J. Hughes, III (admitted *pro hac vice*)
Jonathan Ohring (admitted *pro hac vice*)
55 Hudson Yards
New York, NY 10001
Telephone: (212) 530-5000
Facsimile: (212) 530-5219
Email: ddunne@milbank.com
amiller@milbank.com
gmainland@milbank.com
jhughes2@milbank.com
johring@milbank.com

*Attorneys for Ambac Assurance Corporation*

**REXACH & PICÓ, CSP**

By: /s/ *María E. Picó*
    María E. Picó
    (USDC-PR No. 123214)
    802 Ave. Fernández Juncos
    San Juan, PR 00907-4315
    Telephone: (787) 723-8520
    Facsimile: (787) 724-7844
    Email: mpico@rexachpico.com

**CASELLAS ALCOVER & BURGOS P.S.C.**

By: /s/ *Heriberto Burgos Pérez*
    Heriberto Burgos Pérez
    (USDC-PR No. 204809)
    Ricardo F. Casellas-Sánchez
    (USDC-PR No. 203114)
    Diana Pérez-Seda
    (USDC-PR No. 232014)
    P.O. Box 364924
    San Juan, PR 00936-4924
    Telephone: (787) 756-1400
    Facsimile: (787) 756-1401
    Email: hburgos@cabprlaw.com
           rcasellas@cabprlaw.com
           dperez@cabprlaw.com

**BUTLER SNOW LLP**

By: /s/ *Martin A. Sosland*
    Martin A. Sosland (admitted *pro hac vice*)
    2911 Turtle Creek Blvd., Suite 1400
    Dallas, TX 75219
    Telephone: (469) 680-5502
    Facsimile: (469) 680-5501
    Email: martin.sosland@butlersnow.com

    James E. Bailey III (admitted *pro hac vice*)
    Adam M. Langley (admitted *pro hac vice*)
    6075 Poplar Ave., Suite 500
    Memphis, TN 38119
    Telephone: (901) 680-7200
    Facsimile: (901) 680-7201
    Email: jeb.bailey@butlersnow.com
           adam.langley@butlersnow.com

***Attorneys for Financial Guaranty Insurance Company***

**CADWALADER, WICKERSHAM & TAFT LLP**

By: /s/ *Howard R. Hawkins, Jr.*
    Howard R. Hawkins, Jr. (admitted *pro hac vice*)
    Mark C. Ellenberg (admitted *pro hac vice*)
    William J. Natbony (admitted *pro hac vice*)
    Thomas J. Curtin (admitted *pro hac vice*)
    Casey J. Servais (admitted *pro hac vice*)
    200 Liberty Street
    New York, NY 10281
    Telephone: (212) 504-6000
    Facsimile: (212) 504-6666
    Email: howard.hawkins@cwt.com
           mark.ellenberg@cwt.com
           bill.natbony@cwt.com
           thomas.curtin@cwt.com
           casey.servais@cwt.com

***Attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.***

**ADSUAR MUNIZ GOYCO SEDA & PEREZ-OCHOA PSC**

By: */s/ Eric Perez-Ochoa*
    Eric Perez-Ochoa
    (USDC-PR No. 206314)
    Luis A. Oliver-Fraticelli
    (USDC-PR No. 209204)
    208 Ponce de León Ave., Suite 1600
    San Juan, PR 00936
    Telephone: (787) 756-9000
    Facsimile: (787) 756-9010
    Email: epo@amgprlaw.com
          loliver@amgprlaw.com

**WEIL, GOTSHAL & MANGES LLP**

By: */s/ Jonathan Polkes*
    Jonathan Polkes (admitted *pro hac vice*)
    Gregory Silbert (admitted *pro hac vice*)
    Robert Berezin (admitted *pro hac vice*)
    Kelly DiBlasi (admitted *pro hac vice*)
    Gabriel A. Morgan (admitted *pro hac vice*)
    767 Fifth Avenue
    New York, NY 10153
    Telephone: (212) 310-8000
    Facsimile: (212) 310-8007
    Email: jonathan.polkes@weil.com
          gregory.silbert@weil.com
          robert.berezin@weil.com

***Attorneys for National Public Finance Guarantee Corporation***

**SEPULVADO, MALDONADO & COURET**

By: */s/ Albéniz Couret Fuentes*
    Albéniz Couret Fuentes
    (USDC-PR No. 222207)
    304 Ponce de León Ave. Suite 990
    San Juan, PR 00918
    Telephone: (787) 765-5656
    Facsimile: (787) 294-0073
    Email: acouret@smclawpr.com

**REED SMITH LLP**

By: */s/ Jared Roach*
    Luke A. Sizemore (admitted *pro hac vice*)
    Jared S. Roach (admitted *pro hac vice*)
    225 Fifth Avenue, Suite 1200
    Pittsburgh, PA 15222
    Telephone: (412) 288-3131
    Facsimile: (412) 288-3063
    Email: lsizemore@reedsmith.com
          jroach@reedsmith.com

    and

    Kurt F. Gwynne (*admitted pro hac vice*)
    1201 Market Street, Suite 1500
    Wilmington, DE  19801
    Email:  kgwynne@reedsmith.com
    Telephone:  302-778-7500
    Facsimile:  302-778-7575
    Email: kgwynne@reedsmith.com

***Attorneys for The Bank of New York Mellon, as Fiscal Agent***

**MONSERRATE SIMONET & GIERBOLINI, LLC**

By: */s/ Dora L. Monserrate Peñagarícano*
    Dora L. Monserrate-Peñagarícano
    USDC-PR No. 212612
    Fernando J. Gierbolini-González
    USDC-PR No. 211901
    Richard J. Schell
    USDC-PR No. 305811
    101 San Patricio Avenue
    Maramar Plaza, Suite 1120
    Guaynabo, Puerto Rico 00968
    Phone: (787) 620-5300
    Fax:   (787) 620-5305

**DECHERT LLP**

By: */s/ Allan S. Brilliant*
    Allan S. Brilliant (*pro hac vice*)
    Yehuda Goor (*pro hac vice*)
    1095 Avenue of the Americas
    New York, New York 10036
    Tel: (212) 698-3500
    Fax: (212) 698-3599

        -and-

    G. Eric Brunstad, Jr. (*pro hac vice*)
    90 State House Square
    Hartford, Connecticut 06103
    Tel: (860) 524-3960
    Fax: (860) 524-3930

        -and-

    Stuart T. Steinberg (*pro hac vice*)
    Cira Centre
    2929 Arch Street
    Philadelphia, Pennsylvania 19104
    Tel: (215) 994-2521
    Fax: (215) 994-2222

***Attorneys for Peaje Investments LLC***