## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

## URGENT JOINT MOTION REGARDING RULE 30(b)(6) DEPOSITION OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO

**To The Honorable United States District Judge Laura Taylor Swain:**

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of debtors the Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA," and collectively with the Commonwealth and ERS, the "Debtors") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] AmeriNational Community

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

Services, LLC (the "Servicer"), as servicer for the GDB Debt Recovery Authority (the "DRA"),
and Cantor-Katz Collateral Monitor LLC, which serves as the collateral monitor for Wilmington
Trust, N.A. in connection with the bonds issued by the DRA[3] (the "Collateral Monitor," and
together with the Servicer, collectively, the "DRA Parties," and jointly with the Oversight Board,
the "Parties"), by and through the undersigned legal counsel, respectfully jointly submit this urgent
motion (the "Motion") requesting entry of an order granting leave for the DRA Parties to take a
deposition of the Oversight Board pursuant to Federal Rule of Civil Procedure 30(b)(6) on October
20, 2021, following the close of discovery as set forth in the *Amended Order Establishing
Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection
Therewith* [ECF No. 18394] (the "Amended Confirmation Procedures Order").

## JURISDICTION AND VENUE

1.      The United States District Court for the District of Puerto Rico (the "Court") has
subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA.  Venue is
proper pursuant to PROMESA § 307(a).

2.      The statutory basis for the relief requested herein is Section 105(a) of the
Bankruptcy Code and Bankruptcy Rule 9018, made applicable to these proceedings by PROMESA
§§ 301(a) and 310, and Local Rule 9018-1 of the Local Bankruptcy Rules for the District of Puerto
Rico (the "Local Rules").

---

[3] The DRA bonds were issued pursuant to the *Government Development Bank for Puerto Rico
Debt Restructuring Act*, Act No. 109-2017, as amended by Act No. 147-2018.

## BACKGROUND

3.        On August 2, 2021, the Court entered its *Order Establishing Procedures and Deadlines Concerning Objection to Confirmation and Discovery in Connection Therewith* [Dkt. No. 17640] (the "Confirmation Procedures Order"),[4] which provides for, among other things, discovery and depositions related to the *Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [Dkt. No. 17627] (as may be amended, modified, or supplemented, the "Plan").

4.        On September 13, 2021, the DRA Parties served notice of a Rule 30(b)(6) deposition of the Oversight Board (the "Deposition Notice").

5.        On October 3, 2021, the Oversight Board served responses and objections to the Deposition Notice (the "Responses and Objections"), in which the Oversight Board objected to the Topic Nos. 1, 5, and 6 of the Deposition Notice in their entirety.

6.        On October 3, 2021, the Oversight Board asserted that a certain individual (the "EY Representative") employed by Ernst & Young Global Limited ("Ernst & Young") would be best situated to answer questions related to Topics 2 through 6 as set forth in the Deposition Notice, but that Ernst & Young required that the DRA Parties serve a subpoena on Ernst & Young for a Rule 30(b)96) deposition and the Oversight Board would then adopt the EY Representative's testimony as that of the Oversight Board for purposes of Rule 30(b)(6) and in satisfaction of the Deposition Notice.

---

[4] The Confirmation Procedures Order was subsequently amended on October 5, 2021. *See* Amended Confirmation Procedures Order.

7.      On October 5, 2021, the Oversight Board withdrew its objections to Topic Nos. 5 and 6 of the Deposition Notice, while maintaining its objection with respect to Topic No. 1 of the Deposition Notice.

8.      The DRA Parties and Oversight Board met and conferred on multiple occasions regarding the Deposition Notice, whether the DRA Parties would serve a subpoena on Ernst & Young, and, if so, when the EY Representative would be deposed.  On October 9, 2021, counsel for the Oversight Board told counsel for the DRA Parties that, if the DRA Parties would serve a subpoena for a Rule 30(b)(6) deposition on Ernst & Young, the EY Representative would be available for deposition on October 15 or 18, 2021.  Counsel for the DRA Parties rejected both of those dates, and requested holding the deposition on October 20 or 22, 2021.  On October 11, 2021, counsel for the Oversight Board agreed to hold the deposition on October 20, 2021, and to jointly submit the instant Motion to the Court.  However, on October 12, 2021, in a final attempt to avoid taking a Rule 30(b)(6) deposition after the close of the discovery period, counsel for the Oversight Board suggested the DRA Parties depose the EY Representative on Sunday, October 17, 2021.  Counsel for the DRA Parties rejected this date, and maintained that the deposition needed to take place on October 20, 2021.

## RELIEF REQUESTED

9.      The Parties respectfully request that the Court enter an order, as set forth in the attached **Exhibit A**, authorizing the DRA Parties to take a deposition of the Oversight Board pursuant to Federal Rule of Civil Procedure 30(b)(6) on October 20, 2021, following the close of discovery on October 18, 2021, as set forth in the Amended Confirmation Procedures Order.

## BASIS FOR RELIEF REQUESTED

10.     The DRA Parties have agreed to serve a subpoena on Ernst & Young in connection with the Rule 30(b)(6) deposition of the Oversight Board (the "Subpoena"), but only if each of the provisions herein are agreed to in writing by the Parties.

11.     Specifically, the Parties agree that the Subpoena will include identical Topics 1 through 6 as set forth in the Deposition Notice, and will not include any additional topics for examination.

12.     Additionally, the Parties agree that the EY Representative will sit for the Rule 30(b)(6) deposition on October 20, 2021, and the DRA Parties shall not use the date of this deposition as a basis to seek leave to extend any other deadlines set forth in the Amended Confirmation Procedures Order, including, but not limited to, seeking leave to extend the Objection Deadline or to supplement any Objections filed on or before the Objection Deadline with testimony or other information disclosed at the deposition of the EY Representative.

13.     Moreover, the Oversight Board agrees that it will adopt all testimony provided by the EY Representative in respect of the Rule 30(b)(6) topics listed in the Deposition Notice as testimony of the Oversight Board for purposes of Rule 30(b)(6).

14.     The Oversight Board further agrees that the DRA Parties' service of the Subpoena on Ernst & Young shall have no effect on the Oversight Board's adoption of the EY Representative's testimony as that of the Oversight Board for purposes of Rule 30(b)(6), including, but not limited to, the Oversight Board's agreement to be fully bound by the EY Representative's testimony as set forth by Rule 30(b)(6).

15.     Additionally, the Oversight Board agrees that it shall be responsible for preparing the EY Representative for the deposition in accordance with Rule 30(b)(6), including, but not

5

limited to, with respect to each of the topics set forth in the Deposition Notice except for Topic
No. 1.

16.    The deposition of the EY Representative will be defended by counsel from Ernst &
Young.  Notwithstanding the foregoing, counsel for the Oversight Board may attend the deposition
and object to the DRA Parties' questions in order to protect the Oversight Board's issues regarding
privilege issues, matters relating to PROMESA section 106(e), and, if not made by counsel for
Ernst & Young, objections to form.

17.    The Parties do not waive any rights other than those specifically identified above.

## **CERTIFICATION**

18.    Pursuant to Local Rule 9013-1 and paragraph I.H of the Fifteenth Amended Case
Management Procedures [ECF No. 17127-1], the DRA Parties certify that they:  (a) have carefully
examined the matter and have concluded that there is a true need for urgent relief because of
unavoidable scheduling conflicts; (b) have not created the urgency through lack of due diligence
on their part; (c) made a bona fide effort to resolve the matter without a hearing; (d) made
reasonable, good-faith communications with in an attempt to resolve or narrow the issues being
brought to the Court; and (e) conferred with the Oversight Board and AAFAF, who do not oppose
the relief requested herein.

## **CONCLUSION**

**WHEREFORE**, the Parties respectfully request that this Motion be GRANTED, and that
the Court issue an order substantially in the form attached hereto as **Exhibit A**, authorizing the
DRA Parties to depose the EY Representative in connection with the Deposition Notice served on
the Oversight Board pursuant to Federal Rule of Civil Procedure 30(b)(6) on October 20, 2021,
and granting such relief as the Court deems just and proper under the circumstances.

Dated: October 13, 2021
        San Juan, Puerto Rico

/s/   Hermann D. Bauer

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

/s/ Margaret A. Dale

Martin J. Bienenstock
Brian S. Rosen
Margaret A. Dale
Julia D. Alonzo
Admitted *Pro Hac Vice*
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

Michael A. Firestein
Lary Alan Rappaport
Admitted *Pro Hac Vice*
2029 Century Park East
Suite 2400
Los Angeles, CA 90067-3010
Tel:  (310) 557-2900
Fax:  (310) 557-2193
Email: mfirestein@proskauer.com
          lrappaport@proskauer.com

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

7

**MCCONNELL VALDÉS LLC**

270 Muñoz Rivera Avenue, Suite 7
Hato Rey, Puerto Rico 00918
PO Box 364225
San Juan, Puerto Rico 00936-4225
Telephone: 787-250-5632
Facsimile: 787-759-9225

By: */s/Arturo J. García-Solá*
Arturo J. García-Solá
USDC No. 201903
Email: ajg@mcvpr.com

By: */s/Alejandro J. Cepeda-Diaz*
Alejandro J. Cepeda-Diaz
USDC No. 222110
Email: ajc@mcvpr.com

By: */s/Nayuan Zouairabani*
Nayuan Zouairabani
USDC No. 226411
Email: nzt@mcvpr.com

***Attorneys for AmeriNational Community Services, LLC as servicer for the GDB Debt Recovery Authority***

**C. CONDE & ASSOC. LAW OFFICES**

By: */s/ Carmen D. Conde Torres*
Carmen D. Conde Torres
(USDC No. 207312)
*/s/ Luisa S. Valle Castro*
Luisa S. Valle Castro
(USDC No. 215611
254 San José Street, Suite 5
San Juan, PR 00901-1523
Tel. 787-729-2900
Fax. 787-729-2203
E-Mail: condecarmen@condelaw.com

**SCHULTE ROTH & ZABEL LLP**

By: */s/ Douglas S. Mintz*
Douglas S. Mintz (admitted *pro hac vice*)
901 Fifteenth Street, NW, Suite 800
Washington, D.C. 20005
Telephone: (202) 729-7470
Facsimile: (202) 730-4520
E-mail:        dmintz@orrick.com

-and-

Douglas Koff (admitted pro hac vice)
Abbey Walsh (admitted pro hac vice)
Peter J. Amend (admitted pro hac vice)
919 Third Avenue
New York, N.Y. 10022
Tel:   212-756-2000
Fax:   212-593-5955
E-mail:        douglas.koff@srz.com
                    abbey.walsh@srz.com
                    peter.amend@srz.com

***Attorneys for Cantor-Katz Collateral Monitor LLC, as Collateral Monitor for GDB Debt Recovery Authority***

8

**CERTIFICATE OF SERVICE**

I hereby certify that, on October 13, 2021, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants in this case.

_/s/ Hermann D. Bauer_
Hermann D. Bauer

## **Exhibit A**

**Proposed Order**

10

**UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>      as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>      Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

**ORDER GRANTING URGENT JOINT MOTION REGARDING RULE 30(b)(6)
DEPOSITION OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR
PUERTO RICO**

Upon consideration of the *Urgent Joint Motion Regarding Rule 30(b)(6) Deposition of Financial Oversight and Management Board for Puerto Rico*, dated October 13, 2021 (the "Motion"),[2] filed by the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of debtors the Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA,"

and collectively with the Commonwealth and ERS, the "Debtors") pursuant to section 315(b) of

the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA")[3],

AmeriNational Community Services, LLC (the "Servicer"), as servicer for the GDB Debt

Recovery Authority (the "DRA"), and Cantor-Katz Collateral Monitor LLC, which serves as the

collateral monitor for Wilmington Trust, N.A. in connection with the new bonds issued by the

DRA[4] (the "Collateral Monitor," and together with the Servicer, collectively, the "DRA Parties");

and the Court having jurisdiction over this matter under 28 U.S.C. § 1331, and under section

306(a)-(b) of PROMESA, 48 U.S.C. § 2166(a)-(b); and venue being proper under section 307(a)

of PROMESA, 48 U.S.C. § 2167(a); and the Court having reviewed the Motion; and the Court

having determined that the legal and factual bases set forth in the Motion establish just cause for

the relief granted herein; and upon all of the proceedings had before the Court and after due

deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED** that the Motion and the agreements embodied therein are approved and

granted in full;

**ORDERED** that the DRA Parties shall be authorized to take a deposition of the EY

Representative in connection with the Deposition Notice served on the Oversight Board pursuant

to Federal Rule of Civil Procedure 30(b)(6) on October 20, 2021, following the close of discovery

as set forth in the Amended Confirmation Procedures Order;

---

[3] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[4] The DRA bonds were issued pursuant to the *Government Development Bank for Puerto Rico Debt Restructuring Act*, Act No. 109-2017, as amended by Act No. 147-2018.

2

**ORDERED** that the DRA Parties shall be precluded from seeking leave to extend any deadlines set forth in the Amended Confirmation Procedures Order based on the timing of the deposition of the EY Representative, including, but not limited to, seeking leave to extend the Objection Deadline or to supplement any Objections filed on or before the Objection Deadline with testimony or other information disclosed at the deposition of the EY Representative.

**ORDERED** that this Court shall retain jurisdiction with respect to all matters relating to the interpretation and implementation of this Order.

**SO ORDERED.**

Dated: _____, 2021

_____
Honorable Laura Taylor Swain
United States District Court Judge

3