UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

   as representative of

THE COMMONWEALTH OF PUERTO RICO
et al.,

   Debtors.[1]

------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

ORDER DENYING MOTION OF INDIVIDUAL BONDHOLDER FOR AN ORDER FURTHER EXTENDING THE VOTING DEADLINE FOR RETAIL INVESTORS SEVEN DAYS AND FOR ADDITIONAL RELIEF TO REMEDY PROBLEMS IN THE SOLICITATION PACKAGES AND PROCESSES

        The Court has received and reviewed the *Motion of Individual Bondholder for an Order Further Extending the Voting Deadline for Retail Investors Seven Days and for Additional Relief to Remedy Problems in the Solicitation Packages and Processes* (Docket Entry No. 18306, the "Motion"), filed by Peter C. Hein (the "Movant"), the *Objection of Financial Oversight and Management Board for Puerto Rico to Motion of Individual Bondholder for an Order Further Extending the Voting Deadline for Retail Investors Seven Days and for Additional Relief to Remedy Problems in the Solicitation Packages and Processes* (Docket Entry No. 18384, the "Objection"), and the *Reply to #18384 of Individual Bondholder in Further Support of Motion for an Order Further Extending the Voting Deadline for Retail Investors Seven Days and for Additional Relief to Remedy Problems in the Solicitation Packages and Processes* (Docket Entry No. 18439).

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

The Motion asks that the Court enter an order (i) further extending the Voting Deadline[2] by seven days (i.e., to October 25, 2021), (ii) requiring the Oversight Board to modify or supplement its disclosure and solicitation materials and processes to address issues described on pages five through ten of the Motion, and (iii) modifying the solicitation process to provide that Retail Investors may deliver their bonds through the ATOP system while abstaining from accepting or rejecting the Plan (and requiring the Oversight Board to provide notice of that option). (See Mot. at 12-13.)

Movant has not demonstrated a legal or factual basis for further modifications to the Solicitation Procedures Order. The Voting Deadline initially set by the Court has already been extended by fourteen days at the request of (among others) Movant and with the consent of the Oversight Board. Movant has not presented a basis for believing that an additional seven-day extension would materially enhance Retail Investors' ability to consider the Disclosure Statement and Solicitation Packages and make an informed choice. Additionally, all parties in interest had an opportunity to assert objections to the proposed Solicitation Procedures when they were proposed by the Oversight Board. To the extent that Movant contends that subsequent actions by the Oversight Board are inconsistent with the Solicitation Procedures Order or with a fair and orderly voting process, Movant may raise them in an objection to confirmation of the Plan.

Finally, Movant's request that the Oversight Board be compelled to allow Retail Investors who abstain from voting to be eligible for the Retail Support Fee is also denied. While Movant appears to be correct that the materials presented to the Court have not to this point been clear that Retail Investors may not abstain from voting while maintaining eligibility for the Retail Support Fee, it is not apparent why that discrepancy is material to the voting process. The Court can address that issue if Movant or another party in interest raises it in connection with an objection to the Plan.

Accordingly, the Motion is denied in its entirety. This Order resolves Docket Entry No. 18306 in Case No. 17-3283.

SO ORDERED.

Dated: October 13, 2021

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

---

[2] Capitalized terms used but not defined herein have the meaning given to them in the Objection.