UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO
et al.,

    Debtors.[1]

------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

ORDER DENYING URGENT MOTION REQUESTING RELIEF REGARDING THE
VOTING PROCESSES AND TO REMEDY ERRORS IN THE SOLICITATION
PACKAGES AND ALTERNATIVE REMEDIES AND FOR AN ORDER TO EXTEND VOTING
DEADLINE FOR GROUP WAGE CLAIMANTS INCLUDED IN CLASS 58 FOR 21 DAYS

    The Court has received and reviewed the *Urgent Motion Requesting Relief Regarding the Voting Processes and to Remedy Errors in the Solicitation Packages and Alternative Remedies and for an Order to Extend Voting Deadline for Group Wage Claimants Included in Class 58 for 21 Days* (Docket Entry No. 18378, the "Motion"), filed by filed by certain active or former government employees (the "Movants") and the *Objection of Financial Oversight and Management Board for Puerto Rico to Urgent Motion Requesting Relief Regarding the Voting Processes and to Remedy Errors in the Solicitation Packages and*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Alternative Remedies and for an Order to Extend Voting Deadline for Group Wage Claimants Included in Class 58 for 21 Days* (Docket Entry No. 18437, the "Objection").[2]

The Motion requests entry of an order further extending the Voting Deadline[3] by seven days (i.e., to October 25, 2021) for certain of the Movants, an extension until "21 days, from the date of receiving the individual ballots" for certain creditors who had not received solicitation materials as of October 2, 2021, and until "10 days from the date of receiving the individual ballots" for creditors whose claims were included together on certain "master" proofs of claim. The Motion also objects (i) to the temporary allowance of certain claims at a value of $1.00 for purposes of voting (ii) to the fact that the Oversight Board provided a single ballot for each "master" proof of claim, and (iii) to a lack of disclosure concerning whether Movants' claims will be treated as administrative expense claims or transferred into the administrative reconciliation procedures process.

Movants have not demonstrated a legal or factual basis for further modifications to the Solicitation Procedures Order to extend the Voting Deadline or to modify the temporary allowance of claims that have been valued at $1.00 for voting purposes. The Voting Deadline initially set by the Court has already been extended by fourteen days with the consent of the Oversight Board. With respect to Movants who have already received solicitation materials, Movants have not presented a basis for believing that an additional seven-day extension would materially enhance their ability to consider the Disclosure Statement and Solicitation Packages and make informed choices.

With respect to Movants who have not received solicitation materials, it appears that each of Movants' proofs of claim provides Movants' counsel's address for noticing purposes. If counsel received some but not all ballots, the Motion does not state whether they have contacted Prime Clerk as instructed in the form of voting instructions approved by the Court. (See Schedule 3(r) to the Solicitation Procedures Order (providing phone and email contact information for inquiries concerning copies of voting and solicitation materials).) Movants' proposal of setting the deadline for such votes at "21 days, from the date of receiving the individual ballots" is not a workable remedy.

As to the "master" proofs of claim, the Oversight Board has solicited Movants' group representative and taken the position that "it is appropriate for the Debtors to solicit votes through Movants' group representative pursuant to the proofs of claims filed by Movants." However, neither Movants nor the Oversight Board has cited authority concerning whether that method of solicitation is appropriate. It is apparent that the separate solicitation of thousands of individuals at this point is incompatible with the current litigation schedule for Plan confirmation. Accordingly, the Court can address this issue if Movants or another party in interest raise it in connection with an objection to the Plan.

---

[2] The Court ordered a reply deadline of October 12, 2021 at 12:00 p.m. (Atlantic Standard Time). (See Docket Entry No. 18389.) Movants have not filed a reply.

[3] Capitalized terms used but not defined herein have the meaning given to them in the Objection.

Finally, Movants have not presented a basis for requiring the Oversight Board to disclose whether claims may be transferred into the administrative reconciliation procedures process. The adequacy of the Disclosure Statement has already been litigated and adjudicated.

Accordingly, the Motion is denied in its entirety. This Order resolves Docket Entry No. 18378 in Case No. 17-3283.

SO ORDERED.

Dated: October 14, 2021

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge