## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

—————————————————————————————————X
In re:                                                :
                                                       :
THE FINANCIAL OVERSIGHT AND             :        PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,  :        Title III
                                                       :
            as representative of                :        Case No. 17-BK-3283 (LTS)
                                                       :
THE COMMONWEALTH OF PUERTO RICO *et al.*,  :    (Jointly Administered)
                                                       :
            Debtors.[1]                            :
                                                       :
—————————————————————————————————X

### DRA PARTIES' URGENT MOTION FOR LEAVE TO EXCEED
### PAGE LIMIT WITH RESPECT TO THEIR OBJECTION TO CONFIRMATION OF
### THE SEVENTH AMENDED TITLE III JOINT PLAN OF ADJUSTMENT OF
### THE COMMONWEALTH OF PUERTO RICO, ET AL.

**COME NOW** AmeriNational Community Services, LLC (hereafter the "Servicer"), as

servicer for the GDB Debt Recovery Authority (the "DRA"), and Cantor-Katz Collateral

Monitor LLC, a Delaware limited liability company which serves as the collateral monitor for

Wilmington Trust, N.A. in connection with the new bonds issued by the DRA pursuant to the

*Government Development Bank for Puerto Rico Debt Restructuring Act*, Act No. 109-2017, as

amended by Act No. 147-2018 and the approved Qualifying Modification for the Government

Development Bank for Puerto Rico[2] under Title VI of the *Puerto Rico Oversight, Management*

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801).

[2] *See* Dkt. No. 270 of Civil Case No. 18-01561 (LTS).

*and Economic Stability Act* (the "Collateral Monitor" and with the Servicer, the "DRA Parties"),
by and through the undersigned legal counsel, and hereby file this urgent motion (the "Urgent
Motion") requesting entry of an order, substantially in the form attached hereto as Exhibit A,
allowing the DRA Parties to file their objection (the "Objection") to confirmation of the *Seventh
Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [Dkt. No.
17627] (the "Plan") filed by the Financial Oversight and Management Board for Puerto Rico (the
"FOMB"), as representative of the Commonwealth of Puerto Rico (the "Commonwealth"), the
Employees Retirement System of the Government of the Commonwealth of Puerto Rico
("ERS"), and the Puerto Rico Public Buildings Authority ("PBA" and, collectively with the
Commonwealth and ERS, the "Debtors"), in excess of the 35 page limit set forth in the Court's
*Fifteenth Amended Notice, Case Management and Administrative Procedures Order* [Dkt. No.
17127-1] (the "CMP Order").  In support of this Urgent Motion, the DRA Parties respectfully
state as follows.

## JURISDICTION AND VENUE

1.      The United States District Court for the District of Puerto Rico has subject matter
jurisdiction over this matter pursuant to Section 306(a) of PROMESA.  Venue is proper pursuant
to Section 307(a) of PROMESA.

## BASIS FOR RELIEF REQUESTED

1.      On July 30, 2021, the FOMB filed the Plan.  Pursuant to the *Order (I) Approving
Disclosure Statement, (II) Fixing Voting Record Date, (III) Approving Confirmation Hearing
Notice and Confirmation Schedule, (IV) Approving Solicitation Packages and Distribution
Procedures, (V) Approving Forms of Ballots, and Voting and Election Procedures, (VI)
Approving Notice of Non-Voting Status, (VII) Fixing Voting, Election, and Confirmation*

2

*Deadlines, and (VIII) Approving Vote Tabulation Procedures* [Dkt. No. 17639], the deadline by

which the DRA Parties must file their objection to confirmation of the Plan is October 19, 2021.

*See also Amended Order Establishing Procedures and Deadlines Concerning Objections to*

*Confirmation and Discovery in Connection Therewith* [Dkt. No. 18393-1].

2.      Pursuant to the CMP Order, "[u]nless prior permission has been granted, . . .

memoranda of law in support of motions or Objections are limited to thirty-five (35) pages . . ."

CMP Order ¶ I.E.  For the reasons set forth herein, the DRA Parties respectfully request that they

be allowed to exceed the 35-page limit set forth in the CMP Order for their Objection to

confirmation of the Plan.

3.      The Plan itself is 291 pages long, exclusive of an untold number of related filings

and other documents, including the Plan Supplement, expert reports and other discovery related

documents.  The Plan also raises numerous complex legal arguments regarding its

confirmability.  These arguments include that the Plan (i) fails to provide for payment of the

DRA's administrative expense claim, (ii) is not in the best interest of creditors, (iii) violates

Commonwealth law and the Takings Clause of the U.S. Constitution, (iv) constitutes a *sub rosa*

HTA plan, and (v) contains impermissible third-party release, exculpation and injunction

provisions.

4.      Based on the foregoing, the DRA Parties respectfully submit that an extension of

the page limit for its Objection to no more than one hundred (100) pages (exclusive of the cover

page, tables of contents and authorities, signature page, exhibits, and certificate of service) is

appropriate to adequately respond to the complex legal issues raised by the Plan and related

filings.

5.      On October 13, 2021, counsel for the DRA Parties reached-out to counsel to the
FOMB to ask whether they would consent to the relief requested in this Urgent Motion.  As of
the time of this filing, no response has been received by counsel to the FOMB..

6.      Accordingly, the DRA Parties respectfully request authorization to file their
Objection of no more than one hundred (100) pages, exclusive of the cover page, tables of
contents and authorities, signature page, exhibits, and certificate of service.  The DRA Parties
submit that this request is reasonable and appropriate in light of the issues raised by the Plan as
described above.

## NOTICE

7.      Notice of this Urgent Motion has been provided to the following entities, or their
counsel, if known: (i) the U.S. Trustee; (ii) the Office of the U.S. Attorney for the District of
Puerto Rico; (iii) AAFAF; (iv) FOMB; (v) the Official Committee of Unsecured Creditors; (vi)
the Official Committee of Retired Employees of the Commonwealth of Puerto Rico; and (vii) all
parties that have filed a notice of appearance in the above-captioned Title III cases.

## CERTIFICATION

8.      Pursuant to Section ¶ 1.H. of the CMP Order, the undersigned counsel hereby
certify that they have: (a) carefully examined the matter and concluded that there is a true need
for an urgent decision; (b) not created the urgency through any lack of due diligence; and (c)
made reasonable, good-faith communications in an effort to resolve or narrow the issues before
the Court.  Further, as required by Local Bankruptcy Rule 9013-1(a)(2), the undersigned counsel
certify that counsel has carefully examined the matter and concluded that there is a true need for
expedited consideration of the Urgent Motion, and that the undersigned counsel have not created
the urgency through lack of due diligence on their part.

## <u>NO PRIOR REQUEST</u>

9.      No prior request for the relief requested herein has been made by the DRA Parties to this or to any other court.

**WHEREFORE**, the DRA Parties respectfully request that this Court enter an order substantially in the form attached hereto as **Exhibit A** granting the relief requested herein and granting such other relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, today October 14, 2021.

**WE HEREBY CERTIFY**, in accordance with Fed. R. Bankr. P. 9014(b), Fed. R. Bankr. P. 7004(b), and the CMP Order, that we electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the parties appearing in said system including the US Trustee and to all those parties registered to receive notice within the electronic notification service, as well as sent a true and exact copy of the foregoing was sent by electronic mail upon all the parties listed in the Master Service List and by U.S. mail upon all the Standard Parties listed in the CMP Order.

**MCCONNELL VALDÉS LLC**

270 Muñoz Rivera Avenue, Suite 7

Hato Rey, Puerto Rico 00918

P.O. Box 364225

San Juan, PR 00936-4225

Tel:    787-250-5632

Fax:    787-759-9225

By:     */s/ Arturo J. García-Solá*
Arturo J. García-Solá
(USDC No. 201903)
E-mail: ajg@mcvpr.com

*/s/ Nayuan Zouairabani*
Nayuan Zouairabani
(USDC No. 226411)
E-mail: nzt@mcvpr.com

***Attorneys for AmeriNational Community
Services, LLC, as Servicer for the GDB Debt
Recovery Authority***

**C. CONDE & ASSOC. LAW OFFICES**

By:     */s/ Carmen D. Conde Torres*
Carmen D. Conde Torres
(USDC No. 207312)

*/s/ Luisa S. Valle Castro*
Luisa S. Valle Castro
(USDC No. 215611)

254 San José Street, Suite 5
San Juan, PR 00901-1523
Tel:    787-729-2900
Fax:    787-729-2203
E-mail:         condecarmen@condelaw.com

-and-

**SCHULTE ROTH & ZABEL LLP**

By:     */s/ Douglas S. Mintz*
Douglas S. Mintz (admitted *pro hac vice*)
901 Fifteenth Street, NW, Suite 800
Washington, DC 20005
Tel:    202-729-7470
Fax:    202-730-4520
E-mail:         douglas.mintz@srz.com

-and-

By:     */s/ Douglas I. Koff*
Douglas I. Koff (admitted *pro hac vice*)
Abbey Walsh (admitted *pro hac vice*)
Kelly V. Knight
919 Third Avenue
New York, NY 10022
Tel:    212-756-2000
Fax:    212-593-5955
E-mail:         douglas.koff@srz.com
                abbey.walsh@srz.com
                kelly.knight@srz.com

***Attorneys for Cantor-Katz Collateral Monitor
LLC, as Collateral Monitor for the GDB Debt
Recovery Authority***

6

## Exhibit A

**Proposed Order**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

--------------------------------------------------------------------X

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of

THE COMMONWEALTH OF PUERTO RICO *et al.*,

    Debtors.[1]

--------------------------------------------------------------------X

PROMESA
Title III

Case No. 17-BK-3283 (LTS)

(Jointly Administered)

## ORDER ON DRA PARTIES' URGENT MOTION FOR LEAVE TO EXCEED PAGE LIMIT WITH RESPECT TO THEIR OBJECTION TO CONFIRMATION OF THE SEVENTH AMENDED TITLE III JOINT PLAN OF ADJUSTMENT OF THE COMMONWEALTH OF PUERTO RICO, ET AL.

Upon consideration of the *DRA Parties' Urgent Motion for Leave to Exceed Page Limit with Respect to their Objection to Confirmation of the Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (the "Urgent Motion"),[2] seeking leave allowing the DRA Parties to file their Objection to confirmation of the Plan in excess of the thirty-five (35)-page limit set forth at CMP Order ¶ I.E., the Court hereby FINDS AND DETERMINES that (i) the Court has jurisdiction to consider the Urgent Motion and the relief requested therein pursuant to Section 306(a) of PROMESA; (ii) venue is proper before this Court pursuant to Section 307(a) of PROMESA; (iii) the relief requested in the Urgent Motion is

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801).

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Urgent Motion.

proper and in the best interest of the Title III debtors, their creditors, and other parties in interest;

and (iv) due and proper notice of this Urgent Motion has been provided under the particular

circumstances and no other or further notice need be provided.  Accordingly, it is hereby

ORDERED THAT:

1.      The Urgent Motion is GRANTED as set forth herein.

2.      The DRA Parties are authorized to file their Objection to confirmation of the Plan

of no more than one hundred (100) pages in length, exclusive of the cover page, tables of

contents and authorities, signature page, exhibits, and the certificate of service.

3.      The Court shall retain jurisdiction to hear and determine all matters arising from

the implementation and interpretation of this Order.


SO ORDERED

Dated: October ___, 2021
        San Juan, Puerto Rico


_____
HONORABLE LAURA TAYLOR SWAIN
United States District Judge

2