UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO et al.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

ORDER GRANTING URGENT JOINT MOTION REGARDING RULE 30(B)(6)
DEPOSITION OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO

Upon consideration of the *Urgent Joint Motion Regarding Rule 30(b)(6) Deposition of Financial Oversight and Management Board for Puerto Rico* (Docket Entry No. 18482 in Case No. 17-3283, the "Urgent Motion"),[2] filed by the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of debtors the Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] All docket entries referenced herein are to entries in Case No. 17-3283, unless otherwise indicated.

("PBA," and collectively with the Commonwealth and ERS, the "Debtors") pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), AmeriNational Community Services, LLC (the "Servicer"), as servicer for the GDB Debt Recovery Authority (the "DRA"), and Cantor-Katz Collateral Monitor LLC, which serves as the collateral monitor for Wilmington Trust, N.A. in connection with the new bonds issued by the DRA (the "Collateral Monitor," and together with the Servicer, the "DRA Parties"); and the Court having jurisdiction over this matter under 28 U.S.C. § 1331, and under section 306(a)-(b) of PROMESA, 48 U.S.C. § 2166(a)-(b); and venue being proper under section 307(a) of PROMESA, 48 U.S.C. § 2167(a); and the Court having determined that just cause exists to grant the relief requested in the Urgent Motion, it is hereby ORDERED:

1. The Urgent Motion is GRANTED as set forth herein.

2. The Court adopts the parties' agreements as set forth in paragraphs 10-17 of the Urgent Motion (the "Agreements").

3. The Court further amends the Amended Confirmation Procedures Order[3] to permit the DRA Parties to take a deposition of the EY Representative[4] on October 20, 2021 in connection with the Deposition Notice served on the Oversight Board pursuant to Fed. R. Civ. P. 30(b)(6), in accordance with the Agreements.

4. All other deadlines in the Amended Confirmation Procedures Order shall remain in full force and effect.

5. In accordance with the Agreements, the DRA Parties shall be precluded from seeking leave to extend any deadlines set forth in the Amended Confirmation Procedures Order

---

[3] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Urgent Motion
[4] Nothing in this order shall be construed to limit or interfere with the rights of the EY Representative.

based on the timing of the deposition of the EY Representative, including, but not limited to, seeking leave to extend the Objection Deadline or to supplement any Objections filed on or before the Objection Deadline with testimony or other information disclosed at the deposition of the EY Representative.

6. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this order.

7. This Order resolves Docket Entry No. 18482 in Case No. 17-3283.

Dated: October 15, 2021

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge