**GOVERNMENT OF PUERTO RICO**
**PUBLIC SERVICE APPEAL COMMISSION**
**SAN JUAN PUERTO RICO**
**www.casp.pr.gov**

| | |
|---|---|
| **JOSEFINA  GUINOT  MELÉNDEZ**<br><br>**Appellant**<br><br>vs.<br><br>**Administration of Mental Health Services and Against Addiction (ASSMCA)**<br><br>**Apellee** | **2021 CA 000311**<br><br>**CASE NO. 2001-07-0054**<br><br>**RETENTION**<br><br>**Subject Matter** |

**Panel[1] composed by Associate Commissioner Martínez Román and Associate Commissioner Maldonado Arrigoitía.**

## RESOLUTION

Ms. Josefina Guinot Meléndez (APPELLANT) filed her appeal before the Appeals Board of the Personnel Administration System (JASAP)[2] on July 19, 2001. She appealed a ruling of the Administration of Mental Health Services and Against Addiction (APPELLEE) to dismiss her from the position she held as Technical Assistant of Services Against Addiction, with career status.[3] Said disciplinary measure was imposed by the APPELLEE, by means of a document dated June 6, 2001 which was received by the APPELLANT on the 17th of that same month. Furthermore, [APPELLANT] added that

---

1 Article 9 (b) of Reorganization Plan No. 2, approved on July 26, 2010, establishes that one of the duties, functions and powers of the President of the Commission is to appoint panels for the administration of the powers granted to this forum. In accordance with the foregoing and by virtue of the power granted in the aforementioned statute, the President promulgated the Internal Memorandum No. CASP MI-2021-2, issued on February 25, 2021, whereby he appointed four panels, each one composed by two Commissioners.
.

2 Upon approval of Act No. 184-2004, as amended, 3 L.P.R.A. § 1461 et seq., the Personnel Management System Appeals Board (JASAP) was repealed and the Human Resources Management System Appeals Commission (CASARH) was created. Subsequently, Reorganization Plan No. 2-2010, 3 L.P R A App. XIII, merged the CASARH and the Public Service Labor Relations Commission (CRTSP) to create the Public Service Appeals Commission [CASP].

3 In the dismissal letter, APPELLEE Exhibit XX, APPELLANT was notified of having engaged in the following conduct: continuous pattern of unauthorized absences, insubordination, improper attire, disorderly and threatening behavior towards fellow workers, use of disrespectful and inappropriate language, and failure to comply with her duties as an employee. In the hearing on the merits, APPELLEE presented evidence of insubordination, disorderly and threatening behavior, use of disrespectful language, and failure to perform her duties as an employee.

The allegations regarding attendance and attire suffer from the defect of being vague and imprecise, as they are not sufficiently detailed, neither in the letter of intent to formulate charges, nor in the letter of dismissal. At the hearing held on January 28, 2016, it was determined that said charges would not be considered, as they had not been adequately notified to the APPELLANT, as required by due process of law. The APPELLEE assented to this ruling.

-2-

JOSEFINA GUINOT MELÉNDEZ
CASE NO. 2001-07-0054
**RESOLUTIÓN**

an informal administrative hearing had not been held, as required by due process of law.

After performing the requisite procedural steps for elucidating the controversies that were presented, on July 13, 2018, Attorney Miguel A. Barrera Pérez, the Examining Officer to whom the above-captioned Appeal was assigned, submitted a Report,[4] which we adopt and incorporate into this Resolution.

In light of the findings of fact and legal conclusions contained in the aforementioned Report of the Examining Officer, we hereby **DISMISS** the present Appeal, since APPELLEE demonstrated that APPELLANT incurred in the imputed conduct. However, since the dismissal imposed on the APPELLANT was unlawful, it is recommended that the disciplinary measure be substituted by a suspension of employment and salary for sixty (60) days, and that Appellant be paid any undisbursed salary and fringe benefits, discounting from said compensation any wages earned during the time APPELLANT was working in the private sector, as resolved in *Hernández v. Municipality of Aguadilla*, 154 DPR 199 (2001).

The parties to this case are advised that any party adversely affected by a resolution or partial or final order of the Commission may, within a term of twenty (20) days from the date the notification of the resolution or order is entered in the record, file a *Motion for Reconsideration* of the resolution or order. The Commission shall consider said Motion within fifteen (15) days after it is filed. If the Motion is denied outright, or if the Commission does not act within fifteen (15) days of its presentation, the term for requesting judicial review will begin to run again from the notification of said denial or from the expiration of those fifteen (15) days, as the case may be.

If any ruling is made upon reconsideration, the term to request judicial review will begin to run from the date on which a copy of the notification of the Commission's Resolution is entered in the record, definitively resolving the

---

[4] After the Examiner's Report was presented, the Appeal was stayed when the Commonwealth of Puerto Rico appealed to the Federal Bankruptcy Court (Case No. 17-BK 3283-LTS). Subsequently, by instructions of the aforementioned Federal Court, the parties stipulated that the stay be modified to allow this forum to issue its Final Resolution.

-3-

JOSEFINA GUINOT MELÉNDEZ
CASE NO. 2001-07-0054
**RESOLUTIÓN**

Reconsideration motion. Such Resolution must be issued and entered in the record within ninety (90) days after the filing of the motion for reconsideration. If the Commission accepts the motion for reconsideration, but fails to take any action regarding the motion within ninety (90) days of it having been filed, it will lose jurisdiction over it, and the term to request judicial review will begin to run anew as of the expiration of said term of ninety (90) days, unless the Commission for just cause and within those ninety (90) days, extends the term to resolve, for a period that will not exceed thirty (30) additional days. Article 14 of the Reorganization Plan No. 2-2010, 3 L.P.R.A. App. XIII, Art. 14.

If the aforementioned reconsideration procedure is not chosen, the affected party may, if it so wishes, file an appeal for judicial review before the Court of Appeals, within a period of thirty (30) days counted from the date this Resolution is entered in the record.  The party shall notify the presentation of the appeal to the Commission and to all parties within the term for requesting such review.  Section 4.2 of Act No. 38-2017, as amended, known as *the Uniform Administrative Procedure Act of the Government of Puerto Rico* (Law 38).

If the date when the copy of the notification of the order or resolution is entered in the record is different from that of the deposit in the mail of said notification, the period for filing an appeal will be calculated from the date of the deposit in the mail. Section 3.15 of Law 38.

**BE IT NOTIFIED AND ARCHIVED.**

**THUS HOLDS THE COMMISSION**, in San Juan, Puerto Rico, on July 8, 2021.

**RIXIE V. MALDONADO ARRIGOITÍA**
Comisionada Asociada

**LUIS A. MARTÍNEZ ROMÁN**
Comisionado Asociado

-4-

JOSEFINA GUINOT MELÉNDEZ
CASE NO. 2001-07-0054
**RESOLUTIÓN**

 

**I CERTIFY** that today, July 8, 2021, I archived the **original** of this Resolution in
the appeal record (**Attachment: Examining Officer's Report**) and that, in addition, I
sent a true and exact copy of it to the parties, to their addresses on file.

.



REYNALDO GONZÁLEZ RODRÍGUEZ
Secretario de la Comisión



APPELLEE:

**Dr. CARLOS J. RODRÍGUEZ MATEO**
ADMINISTRATOR
ADMINISTRATION OF MENTAL HEALTH SERVICES
AND AGAINST ADDICTION
PO BOX 607087
BAYAMÓN, PR 00960-7087

APPELLEE'S ATTORNEY:

**CARLOS F. PADÍN PÉREZ**
EDIF. LOS OLMOS
207 CALLE ELEANOR ROOSEVELT
OFIC. 1-A
SAN JUAN, PR 00918

APELLANT:

**JOSEFINA GUINOT MELENDEZ**
BO. KOREA
485 CALLE JOSÉ F. DÍAZ, APT. 44
SAN JUAN, PR 00926-9335

APELLANT'S ATTORNEY:

**HÉCTOR A. ALICEA RODRÍGUEZ**
WILLIAM SANTIAGO SASTRE LAW OFFICE
PO BOX 1801
SABANA SECA, PR 00952-1801

LAMR/RVMA/mor