**GOVERNMENT OF PUERTO RICO**
**PUBLIC SERVICE APPEAL COMMISSION**
**SAN JUAN PUERTO RICO**
www.casp.pr.gov

| | |
|---|---|
| **JOSEFINA GUINOT MELÉNDEZ**<br><br>Appellant<br><br>vs.<br><br>**Administration of Mental Health Services and Against Addiction (ASSMCA)**<br><br>Apellee | 2021 CA 000363<br><br>CASE NO. 2001-07-0054<br><br>RETENTION<br><br>Subject Matter |

**Panel[1] composed by Associate Commissioner Martínez Román and Associate Commissioner Maldonado Arrigoitía.**

## RESOLUTION

Mrs. Josefina Guinot Meléndez (APPELLANT) filed her appeal before the Appeals Board of the Personnel Administration System (JASAP)[2] on July 19, 2001. She appealed a ruling of the Administration of Mental Health Services and Against Addiction (APPELLEE) to dismiss her from the position she held as Technical Assistant of Services Against Addiction, with career status.[3] Said disciplinary measure was imposed by the APPELLEE, by means of a document dated June 6, 2001

---

[1] Article 9 (b) of Reorganization Plan No. 2, approved on July 26, 2010, establishes that one of the duties, functions and powers of the President of the Commission is to appoint panels for the administration of the powers granted to this forum. In accordance with the foregoing and by virtue of the power granted in the aforementioned statute, the President promulgated the Internal Memorandum No. CASP MI-2021-2, issued on February 25, 2021, whereby he appointed four panels, each one composed by two Commissioners.

[2] Upon approval of Act No. 184-2004, as amended, 3 L.P.R.A. § 1461 et seq., the Personnel Management System Appeals Board (JASAP) was repealed and the Human Resources Management System Appeals Commission (CASARH) was created. Subsequently, Reorganization Plan No. 2-2010, 3 L.P R A App. XIII, merged the CASARH and the Public Service Labor Relations Commission (CRTSP) to create the Public Service Appeals Commission [CASP].

[3] In the dismissal letter, APPELLEE Exhibit XX, APPELLANT was notified of having engaged in the following conduct: continuous pattern of unauthorized absences, insubordination, improper attire, disorderly and threatening behavior towards fellow workers, use of disrespectful and inappropriate language, and failure to comply with her duties as an employee. In the hearing on the merits, APPELLEE presented evidence of insubordination, disorderly and threatening behavior, use of disrespectful language, and failure to perform her duties as an employee.

The allegations regarding attendance and attire suffer from the defect of being vague and imprecise, as they are not sufficiently detailed, neither in the letter of intent to formulate charges, nor in the letter of dismissal. At the hearing held on January 28, 2016, it was determined that said charges would not be considered, as they had not been adequately notified to the APPELLANT, as required by due process of law. The APPELLEE assented to this ruling.

which was received by the APPELLANT on the 17th of that same month. Furthermore, [APPELLANT] added that an informal administrative hearing had not been held, as required by due process of law.

On July 8, 2021, the Commission entered in the record a Resolution in which it dismissed the present Appeal, since APPELLEE demonstrated that APPELLANT incurred in the imputed conduct. Nevertheless, since the dismissal was unlawful, the Resolution adopted the Examiner's recommendation that the disciplinary measure be substituted by a suspension of employment and salary for sixty (60) days, that Appellant be paid any undisbursed salary and fringe benefits, discounting from said compensation any wages earned during the time APPELLANT was working in the private sector, as resolved in *Hernández v. Municipality of Aguadilla*, 154 DPR 199 (2001). In adopting the aforementioned recommendation, the Resolution had the effect of modifying the disciplinary measure imposed on the APPELLANT, including the above-mentioned pronouncements.

Thus, on August 2, 2021, the appellant presented a *Motion for Clarification and Reconsideration*. After attending to it, we reaffirm our determination; and pursuant to the provisions of the Uniform Administrative Procedure Act of the Government of Puerto Rico[4] and Article VII of Procedural Regulation No. 7313 of March 7, 2007[5], the reconsideration is **DENIED**.

The parties in the above captioned case are advised that this Resolution is a final and definitive one against which they may, if they wish, file an appeal before a competent Court of Appeals, within a period of 30 days, counted from the date this resolution is entered in the record. The foregoing, by virtue of the provisions of section 4.2 of Law No. 38-2017, as amended.

---

[4] Law No. 38-2017, as amended.

[5] Procedural Regulation No. 7313 of the Appeals Commission of the Public Service Human Resources Administration System, approved on March 7, 2007 and made applicable to the Public Service Appeals Commission through Administrative Order No. CASP OA-2010-02 of November 24, 2010.

-3-

JOSEFINA GUINOT MELÉNDEZ
CASE NO. 2001-07-0054
RESOLUTION

**BE IT NOTIFIED AND ARCHIVED.**

**THUS HOLDS THE COMMISSION,** in San Juan, Puerto Rico, on August 10, 2021.

**LUIS A. MARTÍNEZ ROMÁN**
Comisionado Asociado

**RIXIE MALDONADO ARRIGOITÍA**
Comisionada Asociada

**I CERTIFY** that today, August 10, 2021, I archived the original of this ***Resolution*** in the appeal record and that, in addition, I sent a true and exact copy of it to the parties, to their addresses on file.

**REYNALDO GONZÁLEZ RODRÍGUEZ**
Secretario de la Comisión

APPELLEE:

**Dr. CARLOS J. RODRÍGUEZ MATEO**
ADMINISTRATOR
ADMINISTRATION OF MENTAL HEALTH SERVICES
AND AGAINST ADDICTION
PO BOX 607087
BAYAMÓN, PR 00960-7087

APPELLEE'S ATTORNEY:

**CARLOS F. PADÍN PÉREZ**
EDIF. LOS OLMOS
207 CALLE ELEANOR ROOSEVELT
OFIC. 1-A
SAN JUAN, PR 00918

APELLANT:

**JOSEFINA GUINOT MELENDEZ**
BO. KOREA
485 CALLE JOSÉ F. DÍAZ, APT. **44**
SAN JUAN, PR 00926-9335

APELLANT'S ATTORNEY:

**HÉCTOR A. ALICEA RODRÍGUEZ**
WILLIAM SANTIAGO SASTRE LAW OFFICE
PO BOX 1801
SABANA SECA, PR 00952-1801

LAMR/RVMA/mor