**Exhibit A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **CONSEJO DE SALUD PLAYA DE PONCE, INC.**<br><br>Plaintiff<br><br>v.<br><br>**HON. LORENZO GONZALEZ FELICIANO, Secretary Department of Health Commonwealth of Puerto Rico et. al.,**<br><br>Defendants | **CIVIL NO. 06-1260 (GAG)** |

### INFORMATIVE MOTION REGARDING STIPULATION MODIFYING THE AUTOMATIC STAY

**TO THE HONORABLE COURT:**

    **COMES NOW** the Commonwealth of Puerto Rico, through the undersigned counsel, and without waving any right or defense arising from Title III of Puerto Rico Oversight, Management and Economic Stability Act" ("PROMESA"), 48 U.S.C. §§ 2101 *et seq*. and the Commonwealth's Petition under said Title or under this case and without submitting to the Court's jurisdiction, and very respectfully SETS FORTH and PRAYS:

    1.    On March 22, 2019, the United States Court of Appels for the First Circuit ("USCA") issued an Opinion and Order on the case styled *Migrant Health Center, Inc. et. als. v. Commonwealth of Puerto Rico,* 18-1783, reversing this Court's denial of the applicability of the automatic stay under the provisions of PROMESA. On even date, the USCA entered Judgment. (*See* Docket Nos. 1197 and 1198).

2. On July 30, 2019, movant Plaintiff Consejo de Salud de Comunidad de Playa de Ponce, and the Debtor, the Commonwealth of Puerto Rico, entered into a stipulation to modify the automatic stay.

3. The stipulation contemplates the modification of the Title III stay solely to the limited extent necessary to allow the Commonwealth to continue to issue the prospective quarterly wraparound payments (the "Quarterly Payments") directly to Movant pursuant to the Settlement Agreement in the same manner the distributions have been made up to the fourth quarter of 2018, beginning with the Quarterly Payment due for the first quarter of 2019. The stipulation is hereby attached as **Exhibit I**.

4. The Stipulation specifies that the Title III stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, (a) any action to compel payment by the Commonwealth with respect to wraparound payment not made pursuant to the previous paragraph, and (b) the execution and enforcement of (i) any judgment, (ii) injunction, (iii) any claim for money damages, or (iv) any provisional remedies against the Commonwealth or any other Title III Debtor. *See* Exhibit I.

3. In view of the foregoing, the Commonwealth of Puerto Rico respectfully requests this Honorable Court to take notice of the above.

**WHEREFORE,** the Commonwealth of Puerto Rico very respectfully requests this Honorable Court to take notice of the above.

### CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court, who will send notification of such filing to the parties subscribing to the CM/ECF System.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this July 31, 2019.

| | |
|---|---|
| **WANDA VÁZQUEZ-GARCED**<br>Secretary of Justice<br><br>**WANDYMAR BURGOS-VARGAS**<br>Deputy Secretary in Charge of Litigation<br><br>**SUSANA PEÑAGARÍCANO-BROWN**<br>Director of Federal Litigation and Bankruptcy Division | <u>**S/ Marcia I. Perez Llavona**</u><br>**MARCIA I. PÉREZ-LLAVONA**<br>USDC No. 223305<br>Department of Justice of Puerto Rico<br>Federal Litigation Division<br>P.O. Box 9020192<br>San Juan, Puerto Rico 00902-0192<br>Email: marperez@justicia.pr.gov |

**UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**Re: ECF No. 8027-1**<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**This Stipulation relates only to the Commonwealth.** |



### STIPULATION MODIFYING THE AUTOMATIC STAY BETWEEN THE COMMONWEALTH OF PUERTO RICO AND CONSEJO DE SALUD DE COMUNIDAD DE PLAYA DE PONCE, INC.

This stipulation (the "Stipulation") is made as of July 30, 2019, by and between the Commonwealth of Puerto Rico (the "Commonwealth") and Consejo de Salud de Comunidad de

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Playa de Ponce, Inc. ("Movant" and together with the Commonwealth, the "Parties"), plaintiff in the case captioned *Consejo de Salud Playa de Ponce, Inc. v. Hon. Lorenzo González Feliciano Secretary of the Department of Health of the Commonwealth of Puerto Rico, et. al.*, 06-1260 (GAG) (the "Prepetition Action"), pending before the United States District Court for the District of Puerto Rico (the "District Court").[2]

### RECITALS

**WHEREAS**, on May 3, 2017, the Commonwealth, by and through the Oversight Board, as the Commonwealth's representative pursuant to PROMESA section 315(b), filed a petition with the District Court under title III of PROMESA (the "Title III Case");

**WHEREAS**, on August 17, 2017, the District Court in the Title III Case entered an *Order Amending Case Management Procedures* (as amended from time to time, the "Case Management Order"), which revised the *Notice, Case Management and Administrative Procedures* to implement a protocol (the "Lift Stay Protocol") for filing motions for relief from the automatic stay set forth in Bankruptcy Code sections 362(a) and 922(a),[3] as made applicable to the Title III Case by PROMESA section 301(a) (the "Title III Stay") [ECF Nos. 1065, 1512, 2839, 3730, 3804, 4086, 4866, 7115];

**WHEREAS**, under the Lift Stay Protocol, Movant is required to (a) send notice (the "Lift Stay Notice") to counsel to the Oversight Board and the Puerto Rico Fiscal Agency and

---

[2] The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), has authorized the Commonwealth to enter into this Stipulation.

[3] In a title III case, Bankruptcy Code section 922 extends the self-executing provisions of Bankruptcy Code section 362 to, among other things, actions against officers and inhabitants of the debtor to enforce claims against the debtor. *See Order Pursuant to PROMESA Section 301(a) and Bankruptcy Code Sections 105(a), 362(a), 365, and 922 Confirming (I) Application of the Automatic Stay to Government Officers, Agents, and Representatives, (II) Stay of Prepetition Lawsuits, and (III) Application of Contract Protections* [ECF No. 543] ("For the avoidance of doubt, the protections of Bankruptcy Code section 922(a)(1) with respect to officers and inhabitants of the Debtors, as set forth in paragraph 4(a) [of the Order], apply in all respects to the Debtors' officers in both their official and personal capacities with respect to actions whereby parties pursuing such actions seek to enforce claims against any of the Debtors.").

Financial Advisory Authority ("AAFAF") to advise them of Movant's intent to seek relief from the Title III Stay at least fifteen (15) business days prior to filing a motion seeking such relief (the "Lift Stay Notice Period") and (b) meet and confer with the Commonwealth during the Lift Stay Notice Period;

**WHEREAS**, on June 12, 2019, Movant sent its Lift Stay Notice to the Oversight Board and AAFAF seeking relief from the Title III Stay in order to, among other requests, allow the Commonwealth to pay Movant the quarterly estimated "wraparound payments" pursuant to that certain settlement agreement, dated October 6, 2011 (the "Settlement Agreement"), submitted in the Prepetition Action [Case No. 06-1260, ECF No. 987-2];

**WHEREAS**, during the Lift Stay Notice Period, the Parties have resolved Movant's request for modification of the Title III Stay.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the Commonwealth and Movant, through their respective counsel, each of whom represents and warrants possessing the requisite authority to bind the respective parties hereto, as follows:

1. The Title III Stay is hereby modified solely to the limited extent necessary to allow the Commonwealth to continue to issue the prospective quarterly wraparound payments, (the "Quarterly Payments") directly to Movant pursuant to the Settlement Agreement in the same manner the distributions have been made up to the fourth quarter of 2018, beginning with the Quarterly Payment due for the first quarter of 2019.

2. Except as provided in Paragraph 1 of this Stipulation, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, (a) any action to compel payment by the Commonwealth with respect to a wraparound payment not

made pursuant to Paragraph 1 above, and (b) the execution and enforcement of (i) any judgment, (ii) injunction, (iii) any claim for money damages, or (iv) any provisional remedies against the Commonwealth or any other Title III Debtor.

3. Further requests to modify the Title III Stay must be made in accordance with the Lift Stay Protocol. Nothing contained in this Stipulation shall preclude Movant from seeking further relief from the Title III Stay in accordance with the Lift Stay Protocol.

4. Nothing contained in this Stipulation shall operate as a waiver or modification of the Title III Stay so as to permit the prosecution against the Commonwealth or any of the other Title III Debtors of any claim or claims by anyone other than Movant as provided for herein and the Commonwealth and Movant reserve all rights, defenses, and protections with respect to any matters pending or that may arise in the Title III Case, including the treatment of any claim arising from the Prepetition Action under a plan of adjustment or otherwise in the Title III Case.

5. The Commonwealth and Movant represent and warrant that they are properly and fully empowered to enter into and execute this Stipulation, that they know of no contractual commitment or legal limitation of, impediment to, or prohibition against their entry into this Stipulation, and that the Stipulation is legal, valid, and binding upon them.

6. Neither this Stipulation nor any statement made, action, or position taken, or document prepared or executed in connection with the negotiation, execution, or implementation of this Stipulation shall be deemed to be, or construed as, (a) an admission by any party of any liability, wrongdoing, act, or matter or that any claim or defense has or lacks merit; (b) a waiver of the Commonwealth's rights to dispute, contest, setoff, or recoup any claim, including any claims asserted by Movant in the Prepetition Action, or assert any related rights, claims, or defenses and all such rights are reserved; (c) a waiver of Movant's or the Commonwealth's

rights to determine and/or contest the applicability of a discharge to any judgment that may be issued in the Prepetition Action pursuant to 11 U.S.C. § 944, as made applicable to these proceedings by virtue of PROMESA section 301(a); or (d) an approval, assumption or rejection of any agreement or contract between the parties under Bankruptcy Code section 365.

7. Nothing in this Stipulation shall be deemed or construed as (a) creating or conferring any right upon any persons or entities (other than Movant as expressly provided in this Stipulation), or (b) evidence of any willingness or obligation on the Commonwealth's part to consent to any other or future modifications of or relief from the Title III Stay with respect to any persons or entities.

8. This Stipulation contains the entire agreement by and between the Parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation.

9. This Stipulation shall be construed and interpreted in accordance with the laws of Puerto Rico. For purposes of construing this Stipulation, neither of the Parties shall be deemed to have been the drafter of the Stipulation.



10. Electronic copies of signatures on this Stipulation are acceptable, and an electronic copy of a signature on this Stipulation is deemed an original. This Stipulation may be executed in counterparts, each of which is deemed an original, but when taken together constitute one and the same document.

11. This Stipulation may not be modified other than by a signed writing executed by the Parties.

12. The District Court in the Title III Case shall retain jurisdiction to hear any matters or disputes arising from or relating to this Stipulation.

13. This Stipulation shall be immediately effective and enforceable upon execution by the Parties.

*Remainder of Page Intentionally Left Blank*

**IN WITNESS WHEREOF** and in agreement herewith, by and through their respective counsel, the Parties have executed and delivered this Stipulation as of the date first set forth above.

/s/
**WANDA VÁZQUEZ GARCED**
Secretary of Justice

/s/
**WANDYMAR BURGOS VARGAS**
USDC 223502
Deputy Secretary in Litigation
Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Phone: 787-721-2940 Ext. 2500, 2501
wburgos@justicia.pr.gov

*Attorney for the Commonwealth of Puerto Rico*

/s/
**CHARLES A. CUPRILL HERNÁNDEZ**
USDC-PR 114312
Charles A. Cuprill, P.S.C., Law Offices
356 Calle Fortaleza
Segundo Piso
San Juan, PR 00901
787-977-0515
787-977-0516
ccuprill@cuprill.com

/s/
**IGNACIO FERNÁNDEZ DE LAHONGRAIS**
USDC - PR 211603
Capital Center Sur, Suite 202
Avenida Arterial Hostos #239
Hato Rey, Puerto Rico 00918-1475
Tel. 787-923-5789
ignacio@bufetefernandezalcaraz.com

*Attorneys for Movant*