IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| In re: | ) | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,    as representative of | ) ) ) ) | PROMESA Title III |
| THE COMMONWEALTH OF PUERTO RICO,  *et al.*,         Debtors[1] | ) ) ) ) ) | Case No. 3:17-03283 (LTS) |
| In re: | ) ) | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,    as representative of | ) ) ) ) | PROMESA Title III |
| THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,         Debtors. | ) ) ) ) ) ) ) ) ) ) | Case No. 3:17-03566 (LTS) |
| COOPERATIVA DE AHORRO Y CRÉDITO VEGABAJEÑA,         Plaintiff, vs. THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD OF PUERTO RICO,    as representative of THE EMPLOYEE RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,         Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Adversary Proceeding No. 19-00028-LTS COOPERATIVA DE AHORRO Y CRÉDITO VEGABAJEAA'S OBJECTION TO SEVENTH AMENDED TITLE III JOINT PLAN OF ADJUSTMENT OF THE COMMONWEALTH OF PUERTO RICO, ET AL. |

## OBJECTION TO THE SEVENTH AMENDED TITLE III JOINT PLAN OF ADJUSTMENT OF THE COMMONWEALTH OF PUERTO RICO

---

[1] The Debtors in this Title III case are: (i) The Commonwealth of Puerto Rico (Bankr. Case No. 17-bk-3283-LTS); (ii) The Employees Retirement System of the Govt. of the Commonwealth of Puerto Rico ("ERS") (Bankr. Case No. 17-bk-3566-LTS); (iii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankr. Case No. 17-bk-3284-LTS); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankr. Case No. 17-bk-3567-LTS); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankr. Case No. 17-bk-4780-LTS); and the Puerto Rico Public Buildings Authority ("PBA") (Bankr. Case No. 19-BK-5523-LTS).

Objection to the Seventh Amended Title III Joint Plan
of Adjustment of the Commonwealth of Puerto Rico                                                                2

To the Honorable Judge Laura Taylor Swain:
To the Honorable Magistrate Judge Judith Dein:

Secured creditor *Cooperativa de Ahorro y Crédito Vegabajeña ("Cooperativa"),* by its undersigned attorneys, respectfully submits this Objection to the Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico ("Seventh Amended Title III Plan"). The Seventh Amended Title III Plan (Doc. 1197 in Bankr. Case No. 17-bk-03566) was filed by Debtor The Financial Oversight and Management Board for Puerto Rico as representative of the Commonwealth of Puerto Rico and the Employee Retirement System of the Government of the Commonwealth of Puerto Rico and others ("Oversight Board") on July 30, 2021. The Disclosure Statement for the Seventh Amended Title III Plan (Doc. 1198 in Bankr. Case No. 17-bk-03566) was filed on the same day.

In this Court's March 27, 2020 Opinion and Order Denying Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. Proc. 12(b)(1) and 12(b)(6), and Staying Adversary Proceeding, Case No. 19-00028 [ECF No. 25] ("March 27, 2020 Order"), this Court stated that once the Oversight Board filed its proposed Amended Plan and Disclosure Statement, there would be opportunities, through the claim objection process and through other contested matters, to address the issues raised by *Cooperativa* in its Adversary Proceeding. This Court then stayed the Adversary Proceeding pending the Court's decision regarding confirmation of the Amended Plan. Since the March 27, 2020 Order, the Oversight Board has filed seven proposed plans.

Pursuant to this Court's March 27, 2020 Order in Adversary Proceeding Case No. 19-00028, *Cooperativa* submits its objections to Seventh Amended Title III Plan pursuant to 11 U.S.C. § 1129(a) and 1129(b). The Seventh Amended Title III Plan is neither fair nor equitable. It is also not in compliance with the United States Bankruptcy Code because it fails to both address and resolve *Cooperativa's* claim for relief against the Oversight Board as representative of The

Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"). Because the subject matter and relief sought in the Adversary Proceeding is neither addressed nor resolved in the Seventh Amended Title III Plan, *Cooperativa* requests this Court to deny confirmation of the plan and/or order the lifting of the stay on *Cooperativa's* Adversary Complaint at this time and allow the parties to resolve the claims presented through Cooperativa's pending complaint.

*Cooperativa's* specific objections to the Seventh Amended Title III Plan are as follows:

I.　　　INTRODUCTION

Prior to the Oversight Board's May 21, 2017 petition for relief under Title III of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA") (codified at 48 U.S.C. §§ 2101–20241), *Cooperativa*, a financial credit union located in Vega Baja, Puerto Rico, participated in a lending program enacted by the Puerto Rico legislature. The lending program was established in 2011, pursuant to Act. No. 196-2011, in an effort to stimulate the failing Puerto Rico economy at the time. The state law permitted *Cooperativa* and other financial institutions to enter into loan programs with participants of the Puerto Rico Employees Retirement System ("ERS").

Each ERS employee participant who entered into a loan agreement allowed under Act. No. 196-2011 with a participating financial institution, including *Cooperativa*, agreed to assign up to the lesser of 65% or $25,000.00 of his or her ERS contributions as collateral for his or her individual loan to the participating financial institutions, including *Cooperativa*. This statutory loan program allowed state employees to enter into reasonable loan programs with financial institutions, and it gave the financial institutions security through liens placed on a portion of the borrower's ERS contributions.

Objection to the Seventh Amended Title III Joint Plan
of Adjustment of the Commonwealth of Puerto Rico      4

      To document these assignments, each ERS participant and the ERS executed "Assignment Agreements for Pensioner" and/or "Assignment Agreements for Participants" and "Certificates of Estoppel and Recognition of Notification of Assignment of Funds" which were annexed to the Assignment Agreements. Under the Assignment Agreements, the ERS participant/borrower assigned and granted to *Cooperativa* collateral in the form of a lien in an amount not to exceed 25% of the pension received from ERS. The Assignment Agreement specifically stated that it created a valid lien in favor of *Cooperativa* and guaranteed the loan by the borrower with his or her retirement annuity.

      In addition, a Certificate of Estoppel and Recognition of Notification of Assignment of the Production of Annuities, attached to the Assignment Agreement, included an ERS certification that ERS had been notified that the pension/benefits had been received by the ERS participant and that these benefits had been assigned in favor of *Cooperativa* under the terms and conditions of the Assignment Agreement. The Certificate for each borrower/ERS participants also specified how much the borrower contributed to the system and the amount participants can assign in favor of the *Cooperativa* in accordance with Puerto Rico Law. The Certificate of Estoppel and Recognition of Notification of Assignment of the Products of Contributions states that ERS had been notified that borrowers'/participants' ERS contribution amounts made by way of wage deductions, including interest, have been assigned in favor of *Cooperativa* and further states that the ERS understands that even after this assignment, the contributions made by way of a deduction from the salary or remuneration of the Debtor, shall continue to be accredited with the System unless *Cooperativa* states otherwise in writing.

      Prior to filing its Adversary Complaint, *Cooperativa* attempted to resolve its 37 claims against certain individual borrowers/participants who defaulted on their loans in state court

Objection to the Seventh Amended Title III Joint Plan
of Adjustment of the Commonwealth of Puerto Rico                                                                                5

because the individual claims arise under state law. On October 14, 2018, *Cooperativa* filed a Motion to Lift Stay to enforce its liens on the employee withholding funds currently held by the ERS. The Motion to Lift Stay was not granted by this Court. After the motion to lift stay was denied, *Cooperativa* filed an Adversary Complaint on May 14, 2019 against the Oversight Board as the representative of the ERS. *Cooperativa's* Adversary Complaint seeks to enforce its statutory liens and to recover the certain individual borrower's/participant's ERS contributions previously assigned to *Cooperativa* pre-petition pursuant to Puerto Rico law, and the agreements and certificates discussed above. ERS moved to dismiss. On March 27, 2020, this Court denied the motion to dismiss.

In its March 27, 2020 Order, this Court concluded that it had subject matter jurisdiction to hear Cooperativa's complaint. It further stated that *Cooperativa* adequately alleged that the funds to which it claims entitlement *are not* ERS's property. Additionally, this Court held that *Cooperativa* states an enforceable claim for entitlement to an order declaring that *Cooperativa* has a valid and enforceable lien on borrowers'/participants' contributions to ERS that were pledged as collateral for their loans which ERS refuses to acknowledge and turn over.

After concluding that the motion to dismiss had no merit, however, this Court stayed Cooperativa's Adversary Complaint in anticipation that the Oversight Board's amended plans and disclosure statements would address and resolve the significant issues raised in *Cooperativa's* complaint.

Yet, it is unequivocal that none of the proposed plans, including the current pending Seventh Amended Title III Plan either mentions or resolves *Cooperativa's* Adversary Complaint. The Seventh Amended Title III Plan and the Disclosure Statement acknowledge *Cooperativa's* causes of action but fails to resolve the claims to which *Cooperativa* is entitled. For these reasons,

Objection to the Seventh Amended Title III Joint Plan
of Adjustment of the Commonwealth of Puerto Rico	6

*Cooperativa* objects to the confirmation of the Seventh Amended Plan of Adjustment and seeks an order at this time to lift the stay on its Adversary Complaint so that it may pursue a final resolution of this claims.

## II. OBJECTION TO THE SEVENTH AMENDED TITLE III JOINT PLAN

### A. Violations of 11 U.S.C. § 1129(a)

The requirements for confirmation of the Seventh Amended Title III Plan are set forth in 11 U.S.C. § 1129(a) and § 1129(b). Section 1129 is applicable in part to PROMESA proceedings pursuant to section 301(a) of PROMESA [48 U.S.C. § 2161].

*Cooperativa* objects to the Seventh Amended Plan of Adjustment under 11 U.S.C. § 1129(a) because the Seventh Amended Plan is not in the best interest of *Cooperativa* and is neither fair nor justified with respect to *Cooperativa's* claims. Section 1129(a)(2) authorizes the bankruptcy court to confirm a plan only when the debtor complies with the applicable provisions of this Title. The plan proponent bears the burden of establishing compliance. **In re Charter Communications**, 419 B.R. 221 (Bankr. S.D.N.Y. 2009).

Section 1129(a) contains 16 standards that must be met for the Court to confirm a plan. 11 U.S.C. § 1129(a). Sections 1129(a)(2) (3) (6) (8) and (10) apply to PROMESA. In its Brief Summarizing Primary Proof That May Be Offered In Support of Confirmation of Plan of Adjustment (EFG 17680 in Case No. 17-3283-LTS), the Oversight Board insists that the Seventh Amended Plan of Adjustment satisfies the relevant requirements of § 1129 and is in the best interest of the creditors. It does not.

At a minimum, under § 1129(a)(2), the Seventh Amended Title III Plan must comply with the applicable provisions of the Bankruptcy Code. Section 1129(a)(3) provides that the plan has been proposed in good faith and not by any means forbidden by law. These two provisions require

Objection to the Seventh Amended Title III Joint Plan
of Adjustment of the Commonwealth of Puerto Rico                                              7

that there is a reasonable likelihood that the Seventh Amended Title III Plan will be consistent with the objectives and purposes of the Bankruptcy Code. *In re Coastal Cable T.V., Inc.,* 709 F.2d 762 (1st Cir. 1983). Section 1129(a)(8) requires that as to each class of claims, either the class accepted the plan, or the class was not impaired by the plan. Section 1129(a)(10) specifically states that if a class is impaired under the plan, at least one class of claims impaired under the plan has accepted the plan.

While this Court anticipated in its March 27, 2020 Order that the Oversight Board would resolve Cooperativa's clearly stated and legitimate claims, it did not. The Seventh Amended Title III Plan and the Disclosure Statement merely acknowledge Cooperativa's adversary complaint against ERS in the section dedicated to "Litigations Related to ERS Bonds" (ECF 1198 in Case 17-03566 at 107) and does nothing more. Furthermore, *Cooperativa's* Adversary Complaint is not related to ERS Bonds. The acknowledgment in the Plan and the Disclosure Statement recognizes that this Court encouraged ERS and the Oversight Board to address *Cooperativa's* claims, yet it did not. *Cooperativa's* claims are not listed under any of the different classifications of claims and no attempt was made to resolve *Cooperativa's* claims.

The Disclosure Statement lists Class 51J as including claims by holders of accrued benefits under System 2000 whose hire date was on or after January 1, 2000. According to the Disclosure Statement and the Seventh Amended Title III Plan, these claimants will receive the amount of their retirement contributions to ERS from 2000 through June 30, 2017, plus interest accrued.

Significantly, each of the individual borrowers referenced in *Cooperativa's* 37 claims in the Title III bankruptcy fall within the System 2000 participant category. The Seventh Amended Title III Plan acknowledges that each of the employees under System 2000 made contributions into the ERS pension plan which they are entitled to receive. *Cooperativa's* Adversary Complaint

Objection to the Seventh Amended Title III Joint Plan
of Adjustment of the Commonwealth of Puerto Rico 8

seeks a declaration that *Cooperativa* has an enforceable lien on a portion of these employee contributions pursuant to 2011 LPR 196 in the amount each System 2000 participant and the ERS assigned to *Cooperativa* at the time the individual participant entered into loan agreements with *Cooperativa*.

Further, the amount of *Cooperativa's* lien interests should be distributed directly to *Cooperativa* because the funds belong to *Cooperativa* and not to the ERS. The remainder of the contribution would then be distributed to the individual. *Cooperativa*, therefore, objects to the Seventh Amended Title III Plan because it fails to include this resolution and is not in *Cooperativa's* best interest. Indeed, Seventh Amended Title III Plan is not filed in good faith because the Oversight Board acknowledged *Cooperativa's* legitimate claims and then blatantly and without justification refused to resolve its enforceable claims.

Again, in its March 27, 2020 Order, this Court advised the Oversight Board to incorporate *Cooperativa's* claims into its Plan of Adjustment. This could easily have been accomplished by reducing the planned distribution of funds to 37 System 2000 Participants by the lien amount which represents the amount assigned to *Cooperativa* which amount would be distributed to *Cooperativa* in compliance with Puerto Rico law.

Further, the Seventh Amended Title III Plan also identifies and purports to preempt thirty-three Puerto Rico statutes believed by the Oversight Board to be inconsistent with PROMESA and the carrying out of the Seventh Amended Title III Joint Plan. Importantly, 2011 LPR 196 is not one of the statutes purported to be preempted by the Joint Plan.

Again, pursuant to Article 4-110 of 2011 LPR 196, statutory liens in favor of *Cooperativa* on ERS retirement contributions were created and legally assigned by individual borrowers to *Cooperativa*. This important and enforceable statute is at the heart of *Cooperativa's* Adversary

Complaint. It permits *Cooperativa* to enforce the valid liens on employee funds held by ERS, which funds the Oversight Board agreed to distribute to System 2000 participants. *Cooperativa* objects to the confirmation of the Seventh Amended Title III Joint Plan of Adjustment because it fails to comply with applicable state law.

While the Seventh Amended Title III Plan acknowledges that 2011 LPR 196 is not preempted by the Plan, it nevertheless refuses to enforce and apply the state law to Cooperativa's claims. A plan is filed in good faith under § 1129(a)(3) when there exists some relationship between the plan, and the purposes that the plan, are designed to serve, specifically providing the debtor with a fresh start and resolving differing creditors' claims. **In re Coastal Cable T.V., Inc.**, 709 F.2d at 764; **Bank of Am. Nat. Trust and Sav. Ass'n v. 203 N. LaSalle St. Partnership**, 526 U.S. 434, 119 S. Ct. 1411, 143 L.Ed.2d 607 (1999). By shutting out *Cooperativa's* claims and refusing to distribute the funds assigned to *Cooperativa*, the Seventh Amended Title III Plan fails to comply with § 1129(a). For this additional reason, *Cooperativa* objects to the confirmation of the Seventh Amended Title III Plan.

B. **Objections under § 1129(b)**

To satisfy a creditor's secured claim under § 1129(b), such as *Cooperativa's*, a reorganization plan must not unfairly discriminate against an impaired class and be fair and equitable under § 1129(b). *See* **In re Texas Grand Prairie Hotel Realty**, L.L.C., 710 F.3d 324 (5th Cir. 2013). Here, the Seventh Amended Plan not only blatantly discriminates against *Cooperativa* by failing to even incorporate *Cooperativa's* claims into the plan, but it is both unfair and inequitable in its treatment of *Cooperativa's* secured claims.

The Oversight Board fails to satisfy any of the § 1129(b) tests which are considered prerequisites for demonstrating that the proposed Seventh Amended Joint Plan is fair and

Objection to the Seventh Amended Title III Joint Plan
of Adjustment of the Commonwealth of Puerto Rico                                                                 10

equitable as to *Cooperativa's* secured claims. By omitting *Cooperativa's* secured claims from any consideration, the Plan unfairly completely shifts the entire risk of loss to *Cooperativa*. For this fundamental reason, *Cooperativa* objects to the confirmation of the Seventh Amended Joint Plan of Adjustment because the Plan is neither fair nor equitable under § 1129(b).

Further, the Seventh Amended Title III Plan fails the fair and equitable test by its inexplicable denial of *Cooperativa's* claims, notwithstanding its acknowledgment of the claims. Additionally, as this Court stated in its March 27, 2020 Order, the funds *Cooperativa* seeks in its Adversary Complaint are not ERS property. Reorganization plans should strike a balance between the debtor's interest in reorganizing and restructuring its debts with the creditor's interest in maximizing the value of the bankruptcy estate. *See* **In re Lee Min Ho Chen**, 482 B.R. 473 (Bankr. P.R. 2012) (citing **Fla. Dep't of Revenue v. Piccadilly Cafeterias, Inc.**, 554 U.S. 33, 128 S. Ct. 2326, 171 L. Ed. 2d 203 (2008)). No balance was attempted here. Importantly, the distribution of the funds requested by *Cooperativa* in its Adversary Complaint would neither burden ERS nor prejudice other creditors. Yet, the Seventh Amended Title III Plan errors in refusing to resolve *Cooperativa's* claims. The Seventh Amended Title III Plan unjustly discriminates against *Cooperativa's* claims and is neither fair nor equitable. For these reasons, *Cooperativa* objects to the confirmation of the Seventh Amended Title III Plan.

## CONCLUSION

WHEREFORE, *Cooperativa* respectfully requests this Court enter an Order denying the confirmation of the Seventh Amended Plan in its entirety or enter an order requiring The Oversight Board to include the full payment of Cooperativa's claims in the Oversight Board's Amended Title III Plan. In the alternative, *Cooperativa* respectfully requests this Court to order

relief from the automatic stay and permit *Cooperativa* to proceed with its Adversary Complaint upon which this Court has subject matter jurisdiction to a full and complete trial on the merits; and for whatever further relief this Court deems just and proper at this time.

**Respectfully submitted.**

### CERTIFICATE OF SERVICE

I certify that on this date, I filed a true and correct copy of the foregoing Objection with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

In San Juan, Puerto Rico, this 18th day of October 2021.

*/s/ Carlos A. Quilichini Paz*
USDCPR 120906
Jessica M. Quilichini Ortiz
USDCPR 223803
Post Office Box 9020895
San Juan, PR 00902
Telephone:     (787) 729-1720
Email: quilichinipazc@microjuris.com
***Attorneys for Cooperativa de Ahorro y
Crédito Vegabajeña***