# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

-------------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO,
*et al.*,

    Debtors.[1]

-------------------------------------------------------------------x

PROMESA
Title III

Case No. 17 BK 3283-LTS

(Jointly Administered)

## OBJECTION OF INTERNATIONAL UNION, UAW
## TO PLAN OF ADJUSTMENT AND PROPOSED CONFIRMATION ORDER

International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW) ("UAW" or "International Union, UAW") submits this objection ("Objection") to the July 30, 2021 *Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [Docket Entry #17627] ("POA") and to the October 8, 2021 *Order and Judgment Confirming Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [Docket Entry #18447] ("Proposed Confirmation Order")

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

9751378.4

proposed by the Financial Oversight and Management Board for Puerto Rico ("FOMB" or "Oversight Board").

1. UAW is an international labor union that has over 400,000 active members in North America. UAW and its local union chapters are collective bargaining representatives of approximately 5,000 persons employed by the Commonwealth of Puerto Rico ("Commonwealth") or its instrumentalities. The two largest UAW collective bargaining units are UAW Local 2396, which represents public school cafeteria workers, and UAW Local 2373, which represents employees of the Commonwealth's Treasury Department.

2. UAW joins in paragraphs 2 through 15 of the October 15, 2021 *Objection of Service Employees International Union to Plan of Adjustment and Proposed Confirmation Order* ("SEIU Objection") [Docket Entry #18511].

3. UAW also joins in paragraphs 16 through 22 of the SEIU Objection.

4. Further to the points made at paragraphs 16 through 22 of the SEIU Objection adopted by UAW, UAW notes that paragraphs 36 and 38 of the Proposed Confirmation Order purport to bar the filing of any proof of claim (or amendment thereto) on or after the commencement of the confirmation hearing, currently set for November 8, 2021, and to bar any administrative expense claim filed later than ninety (90) days after the effective date of a confirmed plan. UAW objects to these provisions of the Proposed Confirmation Order (and any similar provisions of the POA) to the extent they are proposed to apply to UAW and UAW-represented employees. In so objecting, UAW incorporates by reference both the points made in paragraphs 16 through 22 of the SEIU Objection and the points made by UAW in its September 17, 2021 *Response by International Union, UAW to 362nd Omnibus Claims Objection*

("Response") [Docket Entry # 18144]. To summarize, the points made in the Response include the following:

(a) This Court entered a Bar Date Order [Docket Entry #2521], and subsequently extended the bar date until June 29, 2018 [Docket Entry #3160]. The Bar Date Order authorized unions to file Master Proofs of Claims "on account of all obligations due under their respective collective bargaining agreements or applicable statutes." The Bar Date Order, at paragraphs 6(g) and (h), excluded from the bar date collective bargaining agreement and employment law claims for unions and union-represented employees, except for "Resolved Grievance" claims arising from union grievances resolved and liquidated by February 28, 2018. The Bar Date Order, at paragraph 6(m), also excluded from the Bar Date any administrative claims arising under Bankruptcy Code sections 503(b) and 507(a)(2) other than claims under Bankruptcy Code section 503(b)(9));

(b) As required by the Bar Date Order, UAW filed a master proof of claim for Resolved Grievances as defined in that Order, and subsequently filed an amended master proof of claim covering Resolved Grievances by the extended General Bar Date;

(c) At the time of the filing of UAW's amended master proof of claim for Resolved Grievances, UAW's various collective bargaining agreements ("CBAs") had neither been assumed nor rejected by the Debtors. And, as of the General Bar Date, UAW could not know whether some or all of its CBAs would ultimately be assumed by the Debtors.

(d) On March 12, 2020, the Court entered its *Order (A) Authorizing Administrative Reconciliation of Claims, (B) Approving Additional Form of Notice, and (C) Granting Related Relief* ("ACR Order") [Docket Entry #12274]. Paragraph 6 of the ACR Order provides in pertinent part that "[t]he Title III stay shall be modified solely to the limited extent necessary to permit the continuation of matters which were commenced by … the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW), or by their affiliated local unions in Puerto Rico in accordance with the grievance and arbitration procedures set forth in their respective collective bargaining agreements or under applicable statutes and arising from or relating to prepetition conduct of a Title III debtor (the "Prepetition Actions"), except with respect to matters arising from prepetition conduct which challenge the constitutionality of Commonwealth statutes. To the extent that any disposition of a Prepetition Action results in a settlement, arbitration award, or other resolution that requires payment, such payment shall be made by the Commonwealth in the ordinary course." Accordingly, under paragraph 6 of the ACR Order, the Prepetition Actions of UAW, whether Resolved Grievances within the meaning of the Bar Date Order or otherwise, are entitled both to be administered and to be paid in full in the ordinary course, as administrative expenses, without the necessity of filing a proof of claim or request for payment as an administrative expense.

(e) Nevertheless, in its August 20, 2021 *Three Hundred Sixty-Second Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, etc.* ("362nd Omnibus Objection") [Docket Entry #17927], the Oversight Board asserted that UAW's pre-petition Resolved Grievance Claims are to be classified as general unsecured claims, contrary to paragraph 6 of the ACR Order providing that UAW's Prepetition Actions (whether Resolved Grievance claims or otherwise) are to be administered in accordance with CBA grievance procedures or under applicable Puerto Rican statutes and paid "upon resolution … in the ordinary course."

(f) The Oversight Board position as stated in its 362nd Omnibus Objection is contrary to the UAW-specific provisions of paragraph 6 of the ACR Order with respect to UAW "Prepetition Actions."

5. Based on the foregoing, to the extent that either the POA or the Proposed Confirmation Order purport to establish either general unsecured or administrative expense bar dates for any Prepetition Actions by UAW for any UAW-represented employees, UAW objects and instead submits that all such claims must be administered and paid "in the ordinary course," as provided in the UAW-specific provisions of paragraph 6 of the ACR Order.[2] (UAW joins the SEIU in its observation that any suggestion to the contrary in the POA and the Proposed Confirmation Order may not be intentional, and thus seeks FOMB's clarification as to these matters. UAW has sought to discuss these matters with the FOMB, but to date, undoubtedly given the press of the other matters it faces, the FOMB has been unavailable for such discussions. UAW is hopeful that such discussions will be possible.)

6. The SEIU Objection does not discuss *Asociación de Empleados del Estado Libre Asociado* ("AEELA"), a century-old credit union established by Commonwealth statute. AEELA is not a Title III debtor nor a department within the Commonwealth government. Its employees are represented by UAW for purposes of collective bargaining under

---

[2] The same should be the case as to post-petition UAW and UAW-represented employee claims, consistent with Paragraph 6(m) of the Court's Bar Date Order. The Court and the FOMB should clarify that UAW's post-petition claims should also be administered and paid in the ordinary course, rather than being subject to this Court's claims processes.

the National Labor Relations Act, 29 U.S.C. §§151 *et seq.*, which covers private-sector workers. *See Asociacion de Empleados del Estado Libre Asociado,* 370 NLRB No. 71 (2021). AEELA employees participate in the Commonwealth's Employees Retirement System ("ERS"), and, if qualified, receive ERS pension benefits upon retirement. *See* Docket Entry #17628-10, at 48 (Appendix H to Sept. 2019 *PROMESA Section 211 Report on the Puerto Rico Retirement Systems*) (listing AEELA as an ERS participating employer). AEELA, like all ERS participating employers, is required to pay its share of ERS's pension costs. *See id.* at 5-6 (§1.4). However, the funds that AEELA uses to reimburse the Commonwealth are its own and do not come from any Commonwealth budget. *See id.* at 48 (Appendix H listing AEELA under heading "ERS Employers outside of Fiscal Plan"). Because AEELA reimburses the Commonwealth with monies from outside the fiscal plan, those reimbursement payments result in the Commonwealth bearing no net cost for providing benefits to AEELA ERS participants.

7. Under the POA, it appears that since AEELA employees participate in ERS, their accrued pension benefits would receive the same reductions under the POA as those of other ERS participants. *See* POA §§55.4, 55.7. Thus, it appears that AEELA employees whose pension benefits are over the threshold for pension cuts (currently $1,500 per month) would be subject to the POA's "Monthly Benefit Modification" for pensions. *See* POA §1.337. Reducing the pensions of AEELA employees, however, would produce no savings for the Commonwealth, because, as explained, AEELA fully reimburses the Commonwealth for its share of ERS pension costs with funds external to the Commonwealth budget. Accordingly, a reduction in benefits would inflict future financial harm in retirement on AEELA-employed ERS participants, yet would do nothing to advance any economic interest of the Commonwealth. For

5

that reason, UAW objects to any proposed POA reduction in the pension benefits of AEELA ERS participants.

8. Finally, UAW recognizes that settlement negotiations between the Commonwealth's government and the FOMB are at a stage that may imminently result in significant changes to the POA, including in POA provisions concerning pensions. As of the time of this filing, however, no revisions in either the POA or the Proposed Confirmation Order have been filed with the Court. Accordingly, UAW reserves the right to supplement or modify this Objection in light of any subsequent modifications to the POA and/or the Proposed Confirmation Order.

October 19, 2021

**COHEN, WEISS AND SIMON LLP**

By: */s/ Peter D. DeChiara*
Richard M. Seltzer (*pro hac vice*)
Peter D. DeChiara (*pro hac vice*)
Marie B. Hahn (*pro hac vice*)
rseltzer@cwsny.com
pdechiara@cwsny.com
mhahn@cwsny.com
900 Third Avenue, Suite 2100
New York, NY 10022-4869
(212) 563-4100

**MONSERRATE SIMONET & GIERBOLINI**
/s/ *Miguel Simonet Sierra*
Miguel Simonet Sierra
USDC # 210101
101 San Patricio Ave., Suite 1120
Guaynabo, PR 00968
Tel.: (787) 620-5300

*Counsel to International Union, UAW*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 19th day of October 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF System, which will notify all counsel of record.

/s/ *Peter D. DeChiara*
Peter D. DeChiara