# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>As representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17-BK-3283 (LTS)<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>As representative of<br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17-BK-3567 (LTS) |

## OBJECTION TO PLAN CONFIRMATION

**TO THE HONORABLE COURT:**

      **COMES NOW** creditor University of Puerto Rico Retirement System Trust (the "Trust"),

through the undersigned counsel, and respectfully states and prays as follows:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686).

**I.     INTRODUCTION:**

The Trust is a creditor in the above captioned case on behalf of its pension plan participants. On June 29, 2018, the Trust filed three Proof of Claims ("POCs") against debtors which are supported, among others, by Art. 3 of the Puerto Rico "Reciprocity Act," PR Law 59-1953, 3 PR Laws Ann. §799, and are secured, in whole or in part, by Section 201(b)(1)(C) of PROMESA,[2] 48 U.S.C. §211(b)(1)(C), which requires that Fiscal Plans (as defined in the Act) provide adequate funding for public pension systems.[3] The Trust's claims are, (1) Proof of Claim Number 93752 filed against the Commonwealth of Puerto Rico ("Commonwealth") in the secured amount of $647,110.43, (2) Proof of Claim No. 91993 filed against the Puerto Rico Highways and Transportation Authority ("HTA") in the secured amount of $34,189.67, and Proof of Claim Number 109456 filed against the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") in the secured amount of $3,209.45.[4] The Trust files this objection in response to Debtors' proposed Seventh Amended Title III Joint Plan of Adjustment ("Joint Plan of Adjustment") dated July 30, 2021. See Docket No. 17627. Specifically, the Trust objects to the confirmation of the Joint Plan of Adjustment given that the plan fails to propose treatment to the Trust's claim 93752.

**II.    BACKGROUND OF THE TRUST'S CLAIMS AND ARGUMENT:**

The University of Puerto Rico ("UPR") was created through Law 135 of May 7, 1942, Act of the University of Puerto Rico, superseded by Act Number 1 of January 20, 1966, as amended, (hereinafter "Act No. 1"). Act No. 1 provided for the establishment of a pension plan for the employees of the UPR. On February 16, 1945, the UPR enacted a resolution to create, maintain,

---

[2] The Puerto Rico Oversight, Management and Economic Stability Act, 48 U.S.C. § 2101 *et seq*.
[3] The Trust hereby reserves the right to timely amend any of the POCs detailed above.
[4] On March 5, 2021, Proof of Claim No. 109456 was transferred to ACR. See Docket No.15948. To date, the Trust has not received any final communication regarding the ACR process.

2

finance, and manage the University of Puerto Rico's Retirement Plan with the purpose of providing pension benefits to all university employees (the "Pension Plan"). On November 28, 1950, the UPR reviewed its Pension Plan and established the Retirement System Trust Fund. The Puerto Rico Legislature recognized the existence of the Pension Plan as a governmental public retirement plan with reciprocity with other governmental public retirement plans through the enactment of Act 59 of June 10, 1953. On July 1, 1973, Certification Number 27 was passed establishing the Pension Plan's organization and pronounced its regulation ("Certification No. 27"). On June 29, 2016, the UPR and its Governing Board executed Deed No. 58, titled "Confirmation and Acknowledgment of Trust", through which the University of Puerto Rico confirmed and acknowledged the inception of the Pension Plan and its Trust Fund in compliance with the provisions of Act No. 219 of August 31, 2012. As explained, the Trust has been in existence for more than fifty (50) years and has functioned as an independent retirement system from that of the Commonwealth. On September 30, 2020, the Puerto Rico Court of Appeals named the Retirement Board of the University of Puerto Rico as a substitute trustee of the Trust. See Junta de Retiro de la Universidad de puerto Rico v. Universidad de Puerto Rico, 2020WL6807913 (P.R. Cir. Sept. 30, 2020). The Trust provides retirement benefits for UPR employees. Neither the Trust nor the UPR are debtors in any pending PROMESA Tit. III proceeding.

The Trust's Claim 93752 involves pension beneficiaries who were previously employees of Debtors and then transferred to the UPR. These pension beneficiaries are owed pension benefits, based on Article 3 of the P.R. Reciprocity Act, 3 P.R. Laws Ann. §799, by their former employer, which could be a government instrumentality, an agency of the Commonwealth, or in at least one case another retirement system where the employee worked prior to transferring to the

3

UPR.[5] In this regard, Article 3 of the Puerto Rico Reciprocity Act states as follows:

> Any employee who leaves the service of an employer to enter in the service of another employer maintaining a retirement plan as defined in § 798 of this title shall automatically become a member of that system, wherefore he shall not be entitled to reimbursement of the contributions accumulated in his favor in the retirement system from which he withdrew. The joint contributions and the credits for accumulated services in his favor, **as recognized to the employee by the system to which he belonged, shall be transferred to the new system as soon as the employee starts contributing to same**. Said system shall credit to the employee the services transferred from the former system or systems. Provided, that in case the joint contributions are not sufficient to credit him in the new system, the time to which he was entitled under the former system, in accordance with the rules and regulations in force, the employee may contribute the amount necessary to cover the difference in the individual contribution and in that case, **the employer shall contribute the difference in the employer's contribution**, or in its default there shall only be credited the period of services covering the contributions transferred.

3 P.R. Laws Ann. § 799 (emphasis added).

It is the Trust's position that its claims are wholly or partially secured based on Section 201(b)(1)(C) of PROMESA which provides that "[a] Fiscal Plan developed under this Section shall, with respect to the territorial government or covered territorial instrumentality, provide a method to achieve fiscal responsibility and access to the capital markets, and—…(C) **provide adequate funding for public pension systems**." 48 U.S.C. §2141(b)(1)(C) (emphasis added).

Section 502(a) of the Bankruptcy Code clearly states that, "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest... objects." 11 U.S.C. § 502.[6] A secured claim pursuant to 11 U.S.C. § 506(a) is one that is either "secured by a lien on property in which the estate has an interest" or one that is "subject to setoff under section 553." 11 U.S.C. § 506(a).[7] The amount of the claim secured is limited "to the extent of the value of such creditor's interest in the estate's interest in such property," or "to the extent of

---

[5] See Addenda to Proof of Claims 93752, 91993 and 109456.
[6] Applicable to this proceeding under PROMESA, 48 U.S.C. §2161(a). To date the Commonwealth has not objected to the secured status of the Trust's claims.
[7] Id.

the amount subject to setoff." *In re Ponce de León, 1403, Inc.*, 523 B.R. 349, 388 (Bankr. D.P.R. 2014). "The United States Constitution, the Bankruptcy Code, and case law clearly establish that a secured creditor in bankruptcy is entitled to the full value of its allowed claim." *In re Foertsch*, 167 B.R. 555, 563 (Bankr.D.N.D. 1994) (citations omitted).

Section 1122 of the Bankruptcy Code, made applicable to this proceeding under PROMESA, 48 U.S.C. §2161(a), dictates the classification of claims. Specifically, the aforementioned section provides as follows:

> (a) Except as provided in subsection (b) of this section, a plan may place a claim or an interest in a particular class only if such claim or interest is substantially similar to the other claims or interests of such class.
>
> (b) A plan may designate a separate class of claims consisting only of every unsecured claim that is less than or reduced to an amount that the court approves as reasonable and necessary for administrative convenience.

11 U.S.C. §1122.

Further, Section 1129(a) of the Bankruptcy Code dictates the requirements that need to be met for confirmation of a Plan.[8] Specifically, Section 1129(a)(2) requires, among others, that "the proponent of the plan complies with the applicable provisions of this title." 11 U.S.C. 1129(a)(2). Section 1123(a), which is an applicable provision of the bankruptcy code and of this proceeding,[9] states in the pertinent part the following:

> "(a)Notwithstanding any otherwise applicable nonbankruptcy law, a plan shall—
> (1) designate, subject to section 1122 of this title, classes of claims, other than claims of a kind specified in section 507(a)(2), 507(a)(3), or 507(a)(8) of this title, and classes of interests;
> (2) specify any class of claims or interests that is not impaired under the plan;
> (3) specify the treatment of any class of claims or interests that is impaired under the plan;

---

[8] Sections 1129(a)(2), 1129(a)(3) 1129(a)(6), 1129(a)(8), 1129(a)(10) of the Bankruptcy Code are applicable to this proceeding under PROMESA, 43 U.S.C. §2161.
[9] Sections 1123(a)(1)-(4) of the Bankruptcy Code are applicable to this proceeding under PROMESA, 43 U.S.C. §2161.

5

> (4) provide the same treatment for each claim or interest of a particular class, unless the holder of a particular claim or interest agrees to a less favorable treatment of such particular claim or interest;[…].

11 U.S.C. §1123(a)(1)-(4).

As explained, the Trust's secured claim 93752 involves pension plan participants of the Trust that are owed pension benefits under the P.R. Reciprocity Act. The Trust's pension beneficiaries were at some time employees of the Commonwealth and/or its instrumentalities and then transferred to the UPR. Upon the transfer to the UPR each beneficiary had a deficiency in their retirement contribution which was owed by their former employer (and/or the retirement system where the beneficiary originally worked, if that were to be the case), given that each of the beneficiaries listed in the relevant POCs contributed the amount necessary to cover the difference in the individual contribution due under the UPR Retirement System Trust's retirement plan, but did not receive a matching contribution from their former employer, as required by Art. 3 of the Reciprocity Act. That is, the Trust's pension beneficiaries have not been justly compensated for their contributions to their retirement once they transferred to the UPR. The proposed Joint Plan of Adjustment fails to provide treatment to the Trust's secured claim 93752. See In re O'neal, 490 B.R. 837 (Bankr. W.D. Ark. 2013) (denying confirmation of a Chapter 11 plan for failure to provide any treatment to a creditor). *See* **Exhibit 1** (where counsel for the Financial Oversight and Management Board recognizes that POC 93752 does not have any particular treatment under the submitted Plan of Adjustment).

The Plan of Adjustment treats retiree claims in Class 51 as unsecured claims, and divides them in various sub-classes, which include, (a) Class 51A Retired ERS Participant Below-Threshold Claims, (b) Class 51B Retired JRS Participant Below Threshold Claims, (c) Class 51C Retired TRS Participant Below-Threshold Claims , (d) 51D Retired ERS Participant Above

Threshold Claims, (e) Class 51E Retired JRS Participant Above Threshold Claims, (f) Class 51F Retired TRS Participant Above Threshold Claims, (g) Class 51G Active ERS Participant Claims, (h) Class 51H Active JRS Participant, (i) Class 51I Active TRS Participant Claims, (j) Class 51J System 2000 Participant Claims, (k) Class 51K VTP Payroll Participant Below Threshold Claims, and (l) Class 51L VTP Payroll Participant Above Threshold Claims. The claims of the Trust, by their nature, do not belong to any of these classes.

All other unsecured claims against the Commonwealth are covered in Class 58 ("CW General Unsecured Claims"). The Plan of Adjustment defines the CW General Unsecured Claims as follows:

> A Claim against the Commonwealth, including without limitation, such portion of an Eminent Domain Claim in excess of accounts on deposit with the Clerk of the Court of First Instance; provided, however, that, under all circumstances, "CW General Unsecured Claim" **shall not include** (a) a PBA Bond Claim, (b) a CW Bond Claim, (c) a CW Guarantee Bond Claim, (d) **an Active and Retired Employee Benefits Claim**, (e) an AFSCME Claim, (f) a CW/HTA Claim, (g) a CW/Convention Center Claim, (h) a CW/PRIFA Rum Tax Claim, (i) a CW/MBA Claim, (j) an Energy Incentive Claim, (k) an Eminent Domain Claim (solely to the extent of the amount on deposit with the Clerk of the Court of First Instance), (l) a Med Center Claim, (m) a Dairy Producer Claim, (n) a Tax Credit Claim, (o) a CW Appropriations Claim, (p) a Section 510(b) Subordinated Claim, (q) a Gracia Gracia Claim, (r) a Late-Filed Claim, (s) a Convenience Claim, (t) a Federal Claim, (u) **any Claim that is eligible to be transferred into or administered through the ACR process**, (v) the Proof of Claim No. 161091 filed by Concilio Nacional de Policias Inc. and any related proofs of claim asserting claims related to the litigation styled Frente Unido de Policias Organizados, et al. v. Puerto Rico Police Department, Case No. KAC-2007-4170, (w) **all claims for retiree benefits (including, without limitation, those portions of Proofs of Claim Nos. 93199, 103072, 104127, 130077, 103035, 106588, 115276, 104175 and 130091), regardless of whether such claims are asserted by retirees or active employees and regardless of whether of such claims are asserted through litigation or administrative proceedings, but excluding claims for any increased pension payments that would have been payable prior to adjudication of such claims (i.e., pension "back pay") and only up to the amount related to unpaid pensions,** (x) all Claims against the Commonwealth by any Governmental Unit (as defined in section 101 of the Bankruptcy Code), including the United States government, any State government, foreign government, any municipality (whether of the Commonwealth or otherwise), the Commonwealth, any instrumentality of

7

the Commonwealth (including GDB), whether asserted directly by such Governmental Unit or indirectly or derivatively by any other entity, including, without limitation, any Claims by the GDB asserted by or though the GDB Debt Recovery Authority, (y) any unsecured deficiency claims with respect to asserted priority and/or secured claims, or (z) such other Claim determined by the Title III Court not to be a CW General Unsecured Claim." *See* Docket No. 17627 (emphasis added).

Pursuant to Section 201(b)(1)(C) of PROMESA, the Trust's claims should not be treated as fully unsecured and hence do not belong to this class either.

To this date, the Trust's claim 93752 has not been objected nor it has been transferred to the ACR process. That is, the Trust's claim 93752 is deemed allowed pursuant to 11 U.S.C. §502(a). As discussed, PROMESA provides that the Fiscal Plan shall provide adequate funding for the public pension system. 48 U.S.C. §2141(b)(1)(C). After review of the Debtors' proposed Plan of Adjustment and as confirmed by counsel for the Financial Oversight and Management Board ("FOMB"), the Plan of Adjustment fails to provide treatment to the Trust's claim 93752. Hereby attached as **Exhibit 1** is copy of an email from counsel for the FOMB confirming that Claim 93752 does not fall under a class in the Plan.

Assuming that the Trust's claim 93752 will be treated as a retiree claim under Class 51 or any of its subclasses, it cannot be treated as such, given that the Trust's plan beneficiaries are not paid directly by the Debtors' retirement systems involved in these Tit. III proceedings. To the contrary, they receive their pension benefits directly from the Trust, which as explained is a retirement system independent from that of the Debtors and is not a debtor under this title. Also, the Trust's claim 93752 cannot be treated as a general unsecured claim under Class 58, given that under PROMESA the Fiscal Plan shall provide adequate funding to pension beneficiaries. If the Trust's claim 93752 were to be treated under Class 58, such claim would receive an approximate recovery of 20.4%, which will be unfair and discriminatory to the hundreds of pension

beneficiaries of the Trust and in contravention of §201(b)(1)(C) of PROMESA. Therefore, the Plan of Adjustment fails to comply with the provisions of PROMESA and the Bankruptcy Code to extent it does not provide treatment to the Trust's claim.

**WHEREFORE**, the University of Puerto Rico Retirement System Trust respectfully requests that the Court deny confirmation of the Joint Plan of Adjustment for failure to provide treatment to the Trust's claim 93752.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 19th day of October 2021.

**WE HEREBY CERTIFY** that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record. I also hereby certify that the foregoing was served pursuant to the Notice of (I) Approval of Disclosure Statement, (II) Establishment of Record Dates, (III) Hearing on Confirmation of the Plan of Adjustment and Procedures for Objection to Confirmation of the Plan of Adjustment, (IV) Procedures and Deadline for Voting on the Plan of Adjustment and Making Certain Elections Thereunder (Docket No. 17643).

**ANTONETTI MONTALVO & RAMIREZ COLL**
P.O. Box 13128
San Juan, PR 00908
Tel: (787) 977-0303
Fax: (787) 977-0323

**s/ José L. Ramírez-Coll**
JOSÉ L. RAMÍREZ-COLL
USDC-PR No. 221702
jramirez@amrclaw.com

**s/ Carolina V. Cabrera Bou**
CAROLINA V. CABRERA BOU
USDC-PR No. 305710
ccabrera@amrclaw.com