# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>Movants,<br>v.<br>GROUP WAGE CREDITORS,<br><br>Respondents. | Re: ECF No. 18334 |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

### CERTIFICATE OF NO OBJECTION REGARDING DEBTORS' MOTION FOR ORDER EXCLUDING TESTIMONY OF ANDRES MERCADO BONETA [ECF NO. 18334]

On September 30, 2021, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Public Buildings Authority ("PBA"), and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the Commonwealth and PBA, the "Debtors") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA")[2], moved this Court [ECF No. 18334] (the "Motion") for an order precluding a group of creditors (the "Group Wage Creditors")[3] from offering the testimony of Andres Mercado Boneta (the "Mercado Boneta Testimony") at the hearing on the *Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 17627] (as it may be amended, modified, or supplemented, the "Plan").

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

[3] The creditors were those involved in the following actions: (*i*) *Perez Colon et al. v. Puerto Rico Department of Transportation & Public Works*, Case No. KAC-1990-0487; (*ii*) *Abrams Diaz et al. v Puerto Rico Department of Transportation & Public Works*, Case No. KAC-2005-5021; (*iii*) *Agosto Maldonado et al. v. Puerto Rico Department of Family Affairs (Secretariado, ADFAN, ADSEF, ACUDEN, ASUME) and ARV*, Case No. K PE 2005-0608; (*iv*) *Socorro Cruz Hernandez et al. v. Puerto Rico Department of Family Affairs (Secretariado, ADFAN, ADSEF, ACUDEN, ASUME) and ARV*, Case No. KAC-1991-0665; (*v*) *Acevedo-Camacho v. Puerto Rico Department of Family Affairs (Secretariado, ADFAN, ADSEF, ACUDEN, ASUME), ARV and NAJ*, Case No. 2016-05-1340; (*vi*) *Beltran Cintron et al. v. Puerto Rico Department of Family Affairs (Secretariado, ADFAN, ADSEF, ACUDEN, ASUME)*, Case No. KAC-2009-0908, CASP No. 2021-05-0345; (*vii*) *Gimenez et al. v. Puerto Rico Department of Transportation & Public Works*, Case No. KAC-2013-1019, CASP No. 2021-05-0346; (*viii*) *Cruz Santos et al. v. Puerto Rico Department of Transportation and Public Works*, CASP Case No. RET-2002-06-1493; (*ix*) *Lopez Rosario et al. v. Puerto Rico Police Department*, CASP Case No. 2001-10-372; (*x*) *Acevedo Arocho et al. v. Puerto Rico Department of Treasury*, Case No. KAC-2005-5002; and (*xi*) consolidated cases *Tomassini Ace v. Puerto Rico Department of Correction*, Case No. A MI 2003-0243 and *Ayala v. Puerto Rico Department of Correction*, Case No. A PE 2005-0049. See *Group Wage Creditors Preliminary List of Witnesses to Be Offered in Opposition of Confirmation of Plan of Adjustment* [ECF No. 18034], at 2.

The Motion stated: "The relief requested may be granted without hearing if no objection is timely filed and served in accordance with the Case Management Procedures and the Confirmation Procedures Order." Motion at 3.

Pursuant to the *Amended Order Establishing Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* [ECF No. 18394] (the "Amended Confirmation Procedures Order"), the Group Wage Creditors were required to file and serve any objection to the Motion on or before October 15, 2021 (the "Objection Deadline"). As set forth below, the Group Wage Creditors did not file an objection to the Motion by the Objection Deadline.

Separately, on September 17, 2021, the Debtors noticed the deposition of Mr. Mercado Boneta. *See* Notice of Videotaped Deposition of Andres Mercado Boneta, attached hereto as **Exhibit A** (the "Deposition Notice"). Counsel for the Debtors tried on multiple occasions to obtain a date for Mr. Mercado Boneta's deposition from counsel for the Group Wage Creditors, including by email and phone.[4] Notwithstanding these efforts, counsel for the Group Wage Creditors has refused to provide any dates that Mr. Mercado Boneta could be available for a deposition.

---

[4] For example, on September 27, 2021, counsel for the Debtors sent a letter requesting to meet and confer with counsel for the Group Wage Creditors regarding the Motion. *See* Ltr. from M. Dale to I. González-Morales (Sept. 27, 2021), attached hereto as **Exhibit B**. In that letter, counsel for the Debtors requested Mr. Mercado Boneta's availability for a deposition. *Id.* at 2. On September 28, 2021, counsel for the Debtors sent a follow up email requesting Mr. Mercado Boneta's availability for a deposition. *See* Email from J. Alonzo to I. González-Morales (Sept. 28, 2021), attached hereto as **Exhibit C**. Counsel for the Group Wage Creditors did not respond to either the letter or the email. Counsel for the Debtors also contacted counsel for Mr. Mercado Boneta on October 4, 2021 by telephone and requested dates for Mr. Mercado Boneta's deposition. However, on October 6, 2021, counsel for the Group Wage Creditors advised that she was not available for the deposition until after October 18, 2021, more than a week after the conclusion of fact discovery. Counsel for the Debtors called counsel for the Group Wage Creditors again on October 12, 2021 and offered to take Mr. Mercado Boneta's deposition after October 18, 2021, but counsel for the Group Wage Creditors repeatedly refused to provide such dates.

3

Accordingly, the Debtors reserve all rights to object to the Mercado Boneta Testimony on this additional basis.

According to the *Fifteenth Amended Case Management Procedures* (the "<u>Case Management Procedures</u>") [ECF No. 17127-1], the Court may enter an order granting a request for relief, without a hearing, upon receipt of a certificate of no objection ("<u>CNO</u>", as defined by the Case Management Procedures). *See* Case Management Procedures, Section III, paragraph P.

In accordance with the Case Management Procedures, the undersigned hereby certifies that she is filing this CNO not less than forty-eight hours after the expiration of the Objection Deadline. The undersigned further certifies that she has reviewed the Court's docket in this case not less than forty-eight hours after expiration of the Objection Deadline and that no objection, responsive pleading, or request for a hearing with respect to the Motion appears on the docket.

WHEREFORE the Debtors respectfully request that the Court enter the proposed order attached hereto as **Exhibit D** granting the relief requested in the Motion.

[*Remainder of Page Intentionally Left Blank*]

4

Dated: October 19, 2021
San Juan, Puerto Rico

Respectfully submitted,

/s/ Margaret A. Dale
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
Margaret A. Dale (*pro hac vice*)
Julia D. Alonzo (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management for Puerto Rico as representative for the Debtors*

/s/ Hermann D. Bauer
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944
Email: hermann.bauer@oneillborges.com

*Co-Attorneys for the Financial Oversight and Management for Puerto Rico as representative for the Debtors*

5

**CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

*/s/ Hermann D. Bauer*
Hermann D. Bauer