IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**LIMITED OBJECTION TO THE SEVENTH AMENDED TITLE III JOINT PLAN OF ADJUSTMENT OF THE COMMONWEALTH OF PUERTO RICO, ET AL.**

**COME NOW** Miriam E. Lima Colón, Betzaida Feliciano Concepción and Angel L. Méndez González (collectively "Creditors"), by and through the undersigned legal counsel, and respectfully submit this limited objection (this "Objection") to the *Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [Dkt. No. 17627] (the "Plan") filed by the Financial Oversight and Management Board for Puerto Rico (the "FOMB"), as representative of the Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA" and, collectively with the Commonwealth and ERS, the "Debtors").[2]

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19-BK-5233 (LTS)) (Last Four Digits of Federal Tax ID: 3801).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings assigned to such terms in the

1

**PRELIMINARY STATEMENT**

Creditors were employees of the Department of Health ("DH") of the Commonwealth as nursing staff in the municipality of San Sebastian. In 1998 they were laid-off and forced to accept retirement as part of the plan put in effect by the Commonwealth to privatize all Government health services. Because as of that date creditors had not completed 30 years of service, they received a reduced monthly pension, instead of the full monthly pension they were entitled to receive under the "Early Retirement Statute of 1998", that was enacted by the Legislature of the Commonwealth (Law Number 182 of July 28, 1998). Betzaida received a reduced pension of $520.00 instead of the $1,049.00 she was entitled to receive; Miriam received a reduced pension of $400.00 instead of $1,120.58 and Angel received a reduced pension of $608.12 instead of the $1,371.75 he was supposed to receive. Creditors appealed the action taken against them since they were wrongly terminated and were not receiving their full pension benefits. Creditors requested retroactive payment of the benefits owed to them and the payment of a full pension, which they were entitled to receive under Law Number 182, supra. Since the time they were terminated Creditors have been living solely of their reduced monthly pension benefits.

After nearly 15 years of litigation at the administrative level, a settlement was reached in February 2013 between Creditors and the Commonwealth: the Department of Health of the Commonwealth finally recognized Creditors rights under Law 182 to collect a full pension since day one, and agreed to make Creditors whole by paying to the ERS all needed contributions to guarantee the payment of all retroactive benefits owed to Creditors and a prospective adjustment to their monthly pensions that they are supposed to receive until their deaths. (See **"Exhibit A"** appended hereto, where the agreement is explained in detail). The Resolution issued on February

---

Plan.

2

27, 2013 by the administrative body in charge of adjudicating the claims is final and firm. (See **Exhibit "B"**).

However, Creditors never received the agreed increase in their monthly pension benefits nor did they receive the lump-sum backpay amount that was agreed to in the Stipulation Agreement. Since 1998, that is twenty three (23) years since they were forced to retire, they have been waiting to receive what the Commonwealth promised them.

As of this date the pensions payments do fall within the amounts established under Class 51-A. As part of the process Creditors have filed their valid Proof of Claim and have requested payments of the corrected pension payments and the arrears owed. Creditors herein file this limited objection since their claims have been erroneously classified as either disputed or as general unsecured claims under Class 58, and this should not be allowed.

## **OBJECTION**

1. The Plan cannot be confirmed because it fails to comply with the confirmation requirements set forth in PROMESA section 314(b), which includes certain provisions of the Bankruptcy Code that are made applicable to these Title III cases.

2. Under PROMESA section 314(b), a court shall approve a debt adjustment plan if: (1) the plan complies with the provisions of the Bankruptcy Code made applicable to a Title III case[3] and that the plan complies with PROMESA. *See* 48 U.S.C. § 2174(b).

---

[3] The applicable provisions of the Bankruptcy Code include sections 1129(a)(2) (requiring that the plan proponent comply with the applicable provisions of the Bankruptcy Code), 1129(a)(3) (requiring that the plan be "proposed in good faith and not by any means forbidden by law"), *See* 11 U.S.C. §§ 1129(a)(2), (3).

If the plan proponent cannot satisfy the requirement under Bankruptcy Code section 1129(a)(8), then it must seek confirmation under Bankruptcy Code section 1129(b). *See* 11 U.S.C. 1129(b). Under Bankruptcy Code section 1129(b)(1) and (2), the plan proponent must show that the plan "does not discriminate unfairly" and is "fair and equitable" with respect to the non-accepting impaired classes. *See* 11 U.S.C. § 1129(b)(1), (2). It is Creditors' position that the Plan, as submitted, purposefully omit to give due weight to the obligations the Commonwealth assumed with them as pensioners since 2013 and knowingly and unfairly misrepresents them as mere general unsecured creditors.

3. The FOMB, as Plan proponent, bears the burden of proof that it has satisfied all of the plan confirmation requirements by the preponderance of the evidence. *In re Augusto's Cuisine Corp.*, No. 15-09390 (ESL), 2017 WL 1169537, at *5 (Bankr. D.P.R. Mar. 28, 2017) ("The plan proponent bears the burden of proving by a preponderance of the evidence that each requirement of Section 1129(a) is satisfied."). Here, the Plan cannot be confirmed because it improperly classifies the claims of Creditors as general unsecured claims when in reality they should be classified under Class 51-A. Moreover, the Commonwealth is not making post-petition payments of the correct amounts as per the Settlement Agreement.

4. Specifically, the Commonwealth needs to increase payments:

   a. Miriam Lima Colón- Increase of an additional $720.58.

   b. Betzaida Feliciano Concepción- Increase of an additional $529.00.

   c. Angel Méndez González- Increase of an additional $763.63.

5. Until such a time as Creditors receive their correct amounts owed as per the Settlement Agreement and the classification of their claims is corrected to reflect that they will receive full payments of their hard earned pension benefits Creditors file this Limited Objection, since the proposed Plan is not proposed in good faith and it fails to meet the Bankruptcy Code requirements of proper classification.

6. The First Circuit in Granada Wines, Inc. v. New England Teamsters and Trucking Industry Pension Fun, 748 F.2d 42, 47 (1st Cir. 1984) clearly states that "[s]eparate classifications for unsecured creditors are only justified where the legal character of their claim is such as to accord them a status different from the other unsecured creditors." (citation omitted). See also In re El Comandante Mgmt. Co., LLC, 2006 Bankr. LEXIS 3820, at *14 (Bankr. D.P.R. 2006) ("However, the First Circuit decision also stands for the proposition that a separate classification

4

for unsecured creditors is justified "where the legal character of their claims is such as to accord them a status different from the other unsecured creditors.").

7. In the instant case there is no "legal character" or "justification" that warrants classification of Creditors' claims as a general unsecured claim. Creditors are requesting payment of their earned pension benefits that fall strictly within the scope of Class 51-A since its pension benefits are below the cap, established at $1,500.00.

8. Therefore, in light of the above stated, due to the lack of correct payments and the improper classification Creditors herein file this limited Objection.

### RESERVATION OF RIGHTS

9. Creditors do not waive, and expressly reserve, all of their rights to assert further or additional objections to confirmation of the Plan (or any other plan), and/or propound discovery related thereto, either prior to or at the confirmation hearing.

### CONCLUSION

**WHEREFORE**, based on the foregoing, the Creditors hereby respectfully request that this Court enter an order denying confirmation of the Plan. To the extent the Court is inclined to confirm the Plan, the Creditors hereby respectfully request that the Court (i) require the FOMB to amend the Plan and the proposed Confirmation Order consistent with this Objection, and (ii) make such other additional modifications to the Plan and the proposed Confirmation Order, and grant such other relief, as may be just and proper. The undersigned respectfully requests to be recognized as attorney for Creditors.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 19th day of October, 2021.

        */s/ Marvin Diaz Ferrer*
        **Marvin Díaz Ferrer**
        USDC No. 118801
        Bufete Díaz-Ferrer
        Cond. Vick Center Ste. C-202
        867 Ave. Muñoz Rivera
        San Juan, PR 00925
        Tel. (787) 754-5958
        Fax. (787) 758-9349
        Email: mdf.law@gmail.com

       **I HEREBY CERTIFY** that, in accordance with the Court's *Fifteenth Amended Notice, Case Management and Administrative Procedures Order* (the "CMP Order") [Dkt. No. 17127-1] on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants in this case.

        */s/ Marvin Diaz Ferrer*
        **Marvin Díaz Ferrer**

COMMONWEALTH OF PUERTO RICO  **EXHIBIT A**
PUBLIC SERVICE APPEALS COMMISSION

| | |
|---|---|
| MIRIAM E. LIMA COLÓN, et al.<br><br>*Appellant*<br><br>v.<br><br>DEPARTMENT OF HEALTH<br><br>*Appellee* | CASE NO.: 1998-01-1369<br><br><br><br>RE:<br><br>RETENTION |

## PARTIAL SETTLEMENT STIPULATION

TO THE HONORABLE COMMISSION:

Come now appellants Miriam E. Lima Colón, Betzaida Feliciano Concepción, and Ángel L. Méndez González and the Department of Health of the Commonwealth of Puerto Rico, through their respective undersigned legal counsels, and very respectfully STATE, ALLEGE, AND PRAY:

1. The appearing parties have freely and voluntarily agreed to settle the case herein pursuant to the agreements set forth in this Stipulation.

2. For the aforementioned purpose, the appearing parties hereby present the following:

### BACKGROUND

A) The three appearing appellants were terminated by the Department of Health in January 1998 as part of the privatization plan implemented by the Government starting in 1996. Up to that date, appellant Ángel Luis Méndez González had held position number H-2821, classified as Nurse III, at the San Sebastián Diagnostic and Treatment Center (DTC) of the Department of Health. Appellant Betzaida Feliciano Concepción held position number H-0533, classified as Nurse III, at the San Sebastián DTC of the Department of Health. Appellant Miriam E. Lima Colón held position number H-2624, classified as Nurse III, at the San Sebastián DTC of the Department of Health.

B) The three appellants filed timely appeals against the administrative decision in their respective cases. Said claims are still active to date. The appellants alleged that, in each of their cases,

I hereby certify that this is a true and accurate translation to the best of my abilities.

*Miriam R. García*
Miriam R. García
Federally Certified Court Interpreter
Certificate No. 03-051

the notice of termination did not meet the legal requirements in order to be valid and they claimed their right to be reinstated in their positions and receive a payment for lost wages and applicable raises from the date of termination and other applicable fringe benefits, plus a reasonable amount in compensation for the damages sustained and another amount in attorney's fees. It has been fifteen (15) years from the date of termination to date.

C) The Early Retirement Act was passed in July 1998 to allow qualified terminated employees to apply for early retirement and thus receive a monthly retirement pay that would afford them a minimum income. The appellants applied to the program in a timely manner, but their applications were denied. Officials of the Retirement Systems Administration (Retirement System) and the Department informed the appellants that the Department of Health had not opted into the Early Retirement Program, which is not correct. The Department of Health recently informed the appellants that the agency had, in fact, opted into the Program and that they qualified for its benefits.

D) After learning of the above, the appellants have reiterated their interest in receiving the benefits of the Early Retirement Plan, without waiving the rest of their claims.

E) After thoroughly evaluating all the aspects of the appellants' claims, the Department of Health and the appellants have reached the following agreements in order to put an end to this case:

**AGREEMENTS BETWEEN THE PARTIES**

1) The Department of Health acknowledges the right of each of the appellants to apply to the Early Retirement Program created by virtue of Public Law Number 182 of July 28, 1998, as amended, and to the calculation and payment of the retirement pay to which they are entitled in accordance with

I hereby certify that this is a true and accurate translation to the best of my abilities.

Miriam R. García
Federally Certified Court Interpreter
Certificate No. 03-051

the law and applicable regulations for thirty years of public service. Therefore, the Personnel Office of the Department of Health has already conducted the required analysis and prepared the calculations in each case, and the Budget Office of the Department of Health has already identified and set aside the necessary funds to make the financial contributions that need to be made to the Retirement System so that the appellants will qualify to receive their respective retirement pay and the retroactive payments to which they are entitled from the date when they should have begun to receive said pay. The Department of Health consequently consulted with the Retirement System and coordinated the above with said agency before entering into these agreements with the appellants.

2) The parties have agreed that the Department of Health will pay the Retirement System within ninety (90) days after the Retirement System reports the total financial contributions that need to be made to the System, including both the employer contributions and the contributions that each of the appellants should have made, in order to meet the requirements of said agency and make sure that the appellants will receive their retroactive payments and continue to receive their retirement pay until their death.

3) Based on the calculations prepared by the Department of Health, appellant Betzaida Feliciano Concepción is entitled to $1,049.00 per month in retirement pay for thirty years of service, retroactively effective as of April 1, 2002; appellant Miriam E. Lima Colón is entitled to $1,120.58 per month in retirement pay for thirty years of service, retroactively effective as of March 16, 2003; and appellant Ángel L. Méndez González is entitled to $1,371.75 per month in retirement pay for thirty years of service, retroactively effective as of April 1, 2003. The retroactive payment to which each of the appellants is entitled will be made in a lump sum payment to each of them through their legal counsel, who is signing this Stipulation.

4) Currently, the Department of Health is waiting for the Retirement System to inform the total amount of the contributions that the Department has to pay in order to complete the process before

I hereby certify that this is a true and accurate translation to the best of my abilities.
Miriam R. García
Federally Certified Court Interpreter
Certificate No. 03-051

*Settlement Stipulation*
*Miriam E. Lima Colón, et al. v. Department of Health, CES-98-01-1369*
Page 4

---

the Retirement System, so that the appellants will receive the retroactive payment owed to them and will start receiving their retirement pay every month. At the request of the Department of Health, on December 17, 2012, the appellants signed the forms required by the Retirement System so that said agency will process their retirement applications and the agreements herein can be carried out.

5) Each of the appellants has requested a payment of at least $10,000.00 from the Department of Health in compensation for the time that has passed since the appellants filed their meritorious claims without receiving an appropriate remedy within a reasonable amount of time, as well as in consideration of the damages the appellants have sustained in fifteen years as a result of not having received the retirement pay to which they were entitled. The appellants have also requested that the Department of Health pay at least $10,000.00 in attorney's fees for all appellants in partial compensation for the expenses they have incurred in this regard. The appellants believe that this would be in faithful compliance with the public policy that the salary received by employees should not be diminished because they were forced to file a claim and pay attorney's fees in order to assert their rights. The Department of Health does not agree with the payment of the amounts claimed by the appellants on account of the above. These claims by the appellants will therefore be submitted for the consideration of the Honorable Examiner who presides over the proceedings in this case for her evaluation and adjudication. The Department believes that these matters should be settled in accordance with the laws and regulations that were in force when the appeal herein was filed. The appellants believe that the applicable rules are those in force as of the date when the corresponding resolution is issued.

6) In exchange for the faithful compliance by the Department of Health with all the agreements set forth above, the appellants hereby waive any other claims against the Department of Health that may arise from the facts on which these proceedings are based and agree not to file any other

I hereby certify that this is a true and accurate translation to the best of my abilities.

*Miriam R. García*
Miriam R. García
Federally Certified Court Interpreter
Certificate No. 03-051

action related to said facts with any administrative, state, or federal forum, subject to the provisions of paragraph six (5 [sic]) above.

**THEREFORE**, we respectfully request that this Commission:

1. take cognizance of the foregoing;

2. approve the entire agreement between the parties and issue a resolution to such effects, which shall be final and binding as agreed by the parties.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, today, February [hw: 15], 2013.


[illegible signature]
**GLADYS N. TORRES DÍAZ, ESQ.** – P.R. Supreme Court Attorney Registry No. 10267
Legal Advisers Office
Department of Health
PO Box 70184
San Juan, Puerto Rico 00936-8184
Tel.: (787) 765-2929, ext. 3510
Fax: (787) 274-7691
Email: gntorres@salud.pr.gov

        [illegible signature]
        **MARVIN DÍAZ FERRER** –
        P.R. Supreme Court Attorney Registry No. 3830
        Legal counsel for the appellants
        Cond. Vick Center, Ofic. C-201, 202
        Avenida Muñoz Rivera 867
        San Juan, Puerto Rico 00925
        Tel.: (787) 754-5958 – Fax: (787) 758-9349
        Email: mdf.law@gmail.com

**APPROVED BY:**

I hereby certify that this is a true and accurate translation to the best of my abilities.
[signature]
Miriam R. García
Federally Certified Court Interpreter
Certificate No. 03-051

**COMMONWEALTH OF PUERTO RICO**  **EXHIBIT B**
**PUBLIC SERVICE APPEALS COMMISSION**
**SAN JUAN, PUERTO RICO**
www.casp.pr.gov

2013 CA  [illegible ink stamp]

| | |
|---|---|
| **MIRIAM LIMA COLÓN, ET AL. (2)** | |
| Appellant | CASE NO.: 1998-01-1369 |
| v. | |
| DEPARTMENT OF HEALTH | RETENTION |
| Appellee | Subject-matter |

**PARTIAL RESOLUTION AND ORDER**

On January 15, 1998, the appellants in caption[1] appeared before the defunct Personnel Management System Board of Appeals (JASAP [Spanish acronym]), currently the Public Service Appeals Commission[2], by means of an Appeal. The appellants challenged their termination, of which they were given notice on account of the enactment of Public Law No. 187-1998, which dissolved the Health Facilities and Services Administration [AFASS, Spanish acronym] as a result of the implementation of the Health Reform in Puerto Rico. When they filed their Appeal, the appellants were requesting the annulment of the notified terminations and the reinstatement in their respective positions.

As for the appellee, on October 10, 2000, it appeared by means of an Answer to the Appeal denying the essential facts on which the appeal is based and essentially raising the following affirmative defenses: AFASS had a terminations plan of which their employees were informed; all the objective criteria required by law and regulation were fulfilled when terminating employees on account of the privatization of hospital facilities and the implementation of the Puerto Rico Health Reform; and the

---

[1] Miriam Lima Colón, Betzaida Feliciano Concepción, and Ángel Luis Méndez González.
[2] The enactment of the Public Service Human Resources Management Act, Public Law No. 184-2004, as amended, 3 LPRA §1461, repealed the Public Service Personnel Act, Public Law No. 5 of October 14, 1975. At the same time, Public Law No. 184, *supra*, repealed the Personnel Management System Board of Appeals (JASAP [Spanish acronym]) and created the Human Resources Management System Appeals Commission (CASARH [Spanish acronym]). Later on, with the approval of Reorganization Plan No. 2-2010, the Public Service Appeals Commission was created by merging the defunct Labor Relations Commission (CRTSP [Spanish acronym]) and the defunct CASARH.

I hereby certify that this is a true and accurate translation to the best of my abilities.

*Miriam R. García*
Miriam R. García
Federally Certified Court Interpreter
Certificate No. 03-051

terminations were carried out pursuant to the law.

The original appeal in caption included 84 appellants. A Partial Resolution and Order issued by this Commission on February 27, 2012, dismissed [the appeal] with prejudice with regards to 79 appellants for abandonment and lack of interest.[3]

After a long and turbulent legal process, a public hearing was held on January 9, 2013. Appellants *Miriam Lima Colón, Betzaida Feliciano Concepción, and Ángel L. Méndez González* appeared at the hearing represented by Marvin Díaz Ferrer, Esq. The appellee appeared represented by Gladys Torres Díaz, Esq.

After conferring, the parties informed this Commission that they had reached certain agreements that put an end to the controversy in caption. They furthermore requested time to file the corresponding stipulation document.[4]

Then, on February 20, 2013, the parties in caption filed a *Motion in Compliance with Order and to Inform*, as well as a *Partial Settlement Stipulation*. In said document, they informed about the agreement reached in order to put an end to the controversy in caption and stated that, therefore, once the settlement was approved by the Commission, the appellants would withdraw their cause of action with prejudice.

On the grounds set forth above, after examining the record of the case as well as the *Partial Settlement Stipulation*, we hereby approve the stipulation and proceed to dismiss the appeal by agreement of the parties, pursuant to Article 5.1(d)(2) of the Procedural Regulations of the Commission[5].

The parties in caption are hereby advised that the party adversely affected by a partial or final resolution or order may file, within twenty (20) days from the date when the notice of the resolution or

---

[3] See Partial Resolution and Order of February 27, 2012. In addition, due to the advanced stage of the proceedings with regards to the appellants in caption, the cases of appellants Doris Rivera and Miriam Nieves, who were part of the original Appeal, were severed by means of an Order dated January 9, 2013.
[4] See Minutes and Order of January 9, 2013.
[5] Regulations No. 7313 of March 7, 2007.

I hereby certify that this is a true and accurate translation to the best of my abilities.
*Miriam García*
Miriam R. García
Federally Certified Court Interpreter
Certificate No. 03-051

2

order is filed in the record of the case, a *Motion for Reconsideration* of the resolution or order. The Commission must consider the motion within fifteen (15) days after its filing. If it outright rejects it or fails to act within those fifteen (15) days, the period to request a review will begin again from the notice of said denial or the expiration of the fifteen (15) days, as the case may be.

If any decision is made upon its consideration, the period to request a review will begin from the date when a copy of the notice of the Commission's resolution definitively deciding on the motion for reconsideration is filed in the record of the case. Said resolution must be issued and filed in the record of the case within ninety (90) days following the filing of the motion for reconsideration. If the Commission accepts the motion for reconsideration but fails to take any action with regards to the motion within the ninety (90) days after its filing, it will lose jurisdiction over the motion, and the period to request a judicial review will begin from the expiration of said ninety (90) day period, except if the Commission, for just cause and within those ninety (90) days, extends the time to issue its decision for a period that shall not exceed thirty (30) additional days.

If the affected party chooses not to make use of the abovementioned reconsideration process, said party may, if he or she wishes to do so, file a petition for judicial review with the Court of Appeals within thirty (30) days from the date when this Resolution is filed in the record of the case, by virtue of the provisions of Section 3.15 of Public Law No. 170 of August 12, 1988, as amended, 3 LPRA §2165.

**GIVE NOTICE AND FILE.**

In San Juan, Puerto Rico, on February 26, 2013.

I hereby certify that this is a true and accurate translation to the best of my abilities.

*Miriam García*
Miriam R. García
Federally Certified Court Interpreter
Certificate No. 03-051

3

MIRIAM LIMA, ET AL. (2)
**PARTIAL RESOLUTION AND ORDER**
1998-01-1369

[illegible signature]
**LORRAINE BENGOA TORO, ESQ.**
Examiner

**I HEREBY CERTIFY** that, today, [hw: February 27], 2013, I have filed the original *Final* [sic] *Resolution and Order* in the record of the appeal and I have sent a true and exact copy of said document to the parties at their addresses of record.

[illegible signature]
**REYNALDO GONZÁLEZ RODRÍGUEZ**
Secretary

[logo:
Public Service Appeals Commission
Equity, Justice, Resolution
2010
Official Seal]

APPELLEE:
THE HON. FRANCISCO M. JOGLAR
SECRETARY
DEPARTMENT OF HEALTH
PO BOX 70184
SAN JUAN, PR 00936-8184

GLADYS TORRES DÍAZ, ESQ.
DEPARTMENT OF HEALTH
LEGAL DIVISION
PO BOX 70184
SAN JUAN, PR 00936-8184

**LEGAL COUNSEL FOR THE APPELLANTS:**
MARVIN DÍAZ, ESQ.
COND. VICK CENTER OFICINA C-201-202
867 AVE. MUÑOZ RIVERA
SAN JUAN, PR 00925

MIRIAM E. LIMA COLÓN
PO BOX 2194
SAN SEBASTIÁN, PR 00685

BETZAIDA FELICIANO CONCEPCIÓN
HC 8 BOX 84610
BO. GUAJATACA
SAN SEBASTIÁN, PR 00685

ÁNGEL MÉNDEZ CONCEPCIÓN[6]

---

[6] The last Order issued by this Commission to the address of record was returned. Notice will be given through Atty. Díaz Ferrer.

I hereby certify that this is a true and accurate translation to the best of my abilities.
[signature] Miriam R. García
Miriam R. García
Federally Certified Court Interpreter
Certificate No. 03-051

4