## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

### LIMITED OBJECTION TO COFIRMATION OF THE SEVENTH AMENDED TITLE III JOINT PLAN OF ADJUSTMENT OF THE COMMONWEALTH OF PUERTO RICO, ET AL.

TO THE HONORABLE COURT:

**COMES NOW**, Community Health Foundation of P.R. Inc. (hereinafter "CHF"), through the undersigned attorney and respectfully states, alleges and prays:

### I. Relevant Procedural Background

On July 30, 2021, the Financial Oversight Management Board of Puerto Rico (the "FOMB") filed the Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al. (hereinafter the "Plan") (Docket No. 17627).

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

On October 5, 2021, this Honorable Court entered an Amended Order Establishing Procedures and Deadlines Concerning Objections to Confirmation and Discovery in connection therewith (Docket No. 18394). Pursuant to said order, the Court fixed October 19, 2021, as the deadline to file objections to confirmation of the Plan.

On even date, CHF filed a Motion for Allowance and Payment of Administrative Expense. CHF hereby incorporates the allegations and arguments raised in said motion as if fully transcribed herein. Through said motion, CHF seeks allowance and payment of all wraparound payments it is owed by the Commonwealth, which have accumulated post-petition from the 4th quarter of 2017 up to and including the 3rd quarter of 2021. To the extent said motion is granted, CHF will become holder of an allowed administrative expense claim. As a holder of a post-petition claim, pending allowance as an administrative expense claim, CHF hereby objects to the confirmation of the Plan on the grounds set forth below, particularly as under the Plan its claim will not be entitled to receive any distribution.

## II. Discussion

### A. The Plan cannot be confirmed as it fails to comply with at least one of the requirements set forth under Section 314 of PROMESA

Section 314(b)(4) of PROMESA, 48 U.S.C. § 2174(b)(4), provides that the court shall confirm a plan if:

> except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the plan provides that on the effective date of the plan each holder of a claim of a kind specified in 507(a)(2) [1] of title 11 will receive on account of such claim cash equal to the allowed amount of such claim[.]

Section 507(a)(2) grants second level priority to administrative expenses allowed under Section 503(b) of the Code. Accordingly, under PROMESA, the Plan is confirmable provided that the holder of an administrative expense claim allowed under Section 503(b) is paid in full on the

2

effective date of the plan or otherwise consents to a different treatment.

As discussed in CHF's Motion for Allowance and Payment of Administrative Expense filed on even date, CHF is entitled to become a holder of a claim under Section 503(b). CHF is owed a significant sum of money for post-petition wraparound payments the Commonwealth has failed to make as required under the Medicaid statute. CHF has not agreed to receive less than the full amount of its post-petition claim and hereby objects to a different treatment without its prior consent.

Section 3.1 of the Plan does provide for payment in full of administrative expense claims. However, Article LX, which provides for the treatment of Med Center Claims, is at odds with Section 3.1, at least as it concerns CHF.

Under the Plan, CHF is included within the definition of Med Centers. *See* Plan, Article 1.329(r). In turn, under the Plan, "Med Center Claims" is defined as to include "any amounts asserted to be owing by the Commonwealth and relating to the period from the Commonwealth Petition Date up to and including the Effective Date". *See* Plan, Article 1.330(c).

Article LX, which provides the treatment of Med Center Claims, states in its pertinent part as follows:

> …each holder of a Med Center Claim shall (a) receive an Allowed Med Center Claim in the amount set forth in Column "A" on Exhibit "H" hereto, and (b) be entitled to receive, in full consideration, satisfaction, release and exchange of such holder's Allowed Med Center Claim, an amount equal to fifty percent (50%) of such Allowed Med Center Claim…

CHF does not hold a pre-petition claim against the Commonwealth as it was designated as a FQHC after the petition was filed. The Commonwealth's obligations to make wraparound payments to CHF arose post-petition. For this reason, CHF did not file a proof of claim and does not appear on Exhibit H of the Plan as a holder of a claim entitled to participate in the payment

3

distribution. Under the Plan, CHF will not receive a single payment for its administrative expense claim and is forced to waive such claim in its entirety.

As the Plan does not provide for any payment to CHF on account of its administrative expense claim and CHF has not consented to such treatment, the Plan cannot be confirmed as it does not meet one of the requirements of Section 314 of PROMESA.

**B. The Plan improperly impairs rights and obligations under a federal statute**

As previously discussed, CHF's post-petition claim arose from the Commonwealth's failure to make wraparound payments required under the Medicaid Act. There is no provision in PROMESA which excuses the Commonwealth from complying with its obligations under the Medicaid statute. *See* Municipality of San Juan et al. v. Commonwealth of Puerto Rico, 919 F. 3d 565, 577 (1st Cir. 2019) ("nothing in PROMESA should be 'construed' to impair any rights or obligations imposed by federal laws or requirements other than those that PROMESA itself 'provides' "). As the Plan does not propose to make any wraparound payments owed to CHF, the confirmation of the Plan would improperly impair rights and obligations imposed by a federal statute. CHF's post-petition claim should be paid in full, unless otherwise agreed.

**C. The Plan is not fair and equitable and unfairly discriminates against CHF within its Med Center Class and with respect to holders of other claims.**

The Plan is not fair and equitable with respect to CFH as it unfairly discriminates against it vi-a-vis other Med Centers. Under the Plan, other Med Centers will receive 50% of their allowed pre-petition claims. Moreover, the Commonwealth has made wraparound payments to most, if not all, other Med Centers on a post-petition basis. The Plan also discriminates unfairly against CHF with respect to holders of other claims, such as general unsecured claims, which will receive a distribution under the Plan. On the contrary, CHF, which has a claim entitled to priority will not receive a single payment under the Plan. Accordingly, the Plan is not fair and equitable and should

4

not be confirmed unless CHF receives full payment of its administrative expense claim or voluntarily agrees to a different treatment.

WHEREFORE, Community Health Foundation of P.R. Inc. respectfully requests this Honorable Court to deny Confirmation of the Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al. on the grounds set forth herein and/or to grant the appearing party any further relief as is just and proper.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, on this 19th day of October 2021.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will notify all parties registered through their attorneys of record.

/s/ **BEATRIZ HERNÁNDEZ TORO**
BEATRIZ HERNÁNDEZ TORO
USDC #228809

BEATRIZ HERNÁNDEZ TORO LAW
PO BOX 190291
SAN JUAN, PR 00919-0291
TEL. (787) 368-4610
E-MAIL: Beatriz.hernandezpr@gmail.com

5