## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | PROMESA Title III |
| The Financial Oversight and Management Board for Puerto Rico, | No. 17 BK 3283 (LTS) |
| As representative of | (Jointly Administered) |
| The Commonwealth of Puerto Rico, et. al. | |
| Debtors[1] | |

**RESPONSE TO THE THREE HUNDRED EIGHTY-EIGTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO AND THE EMPLOYEES' RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH PUERTO RICO TO CLAIMS FILED BY AEELA**

**TO THE HONORABLE COURT:**

Comes Now Asociación de Empleados del ELA ("AEELA"), through its undersigned counsel, and respectfully responds to the three hundred eighty-eighth omnibus objection (substantive) of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to claims filed by AEELA (the "Objection"), as follows:

### I. INTRODUCTION

1. On May 3, 2017 and May 21, 2017, the Financial Oversight and Management Board for

---

[1] The Debtors in the Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Puerto Rico (the "Oversight Board") respectively issued restructuring certifications pursuant to section 315(b) of the Puerto Rico Oversight, Management and Economic Stability Act ("PROMESA"), for the filing of voluntary petitions for relief on behalf of the Commonwealth of Puerto Rico (the "Commonwealth") and the Employees Retirement System of the Commonwealth of Puerto Rico ("ERS") and together with the Commonwealth (the "Debtors"), pursuant to PROMESA section 304(a), commencing cases for the Debtors under Title III of PROMESA, as to which on June 29, 2017, the Court entered an order granting their joint administration for procedural purposes only (**ECF No. 1537**).

2. AEELA, an association of governmental employees created by Law No. 133 of June 28, 1966, 3 L.P.R.A. § 861 et. seq. as amended, to "stimulate savings among its employees and covered members; establish insurance plans, including life insurance; grant loans, provide employees and pensioned members with homes and hospital facilities where they can obtain medical treatment for themselves and their families, and seek, through any available means and services, the financial, moral, and physical betterment and progress of its members both individually and collectively", among other purposes 3 L.P.R.A. § 9002. In accordance to its creation, AEELA offers its members financial products, which include life insurance policies, savings and loan accounts, IRA accounts, personal loans, mortgage loans, credit cards, and other financial services 3 L.P.R.A. § 9001. AEELA is a separate and distinct legal entity with capacity to sue and be sued. Act No. 133 was repealed by law no. 9-2013, 3 L.P.R.A. § 9021 et. seq., maintaining the same purposes of law no. 133.

3. AEELA as a participating employer in ERS made contributions thereto on behalf of employees covered thereby as part of ERS' administration of the payment of pensions and other benefits to officers and employees of participants in ERS.

4. On August 23, 2017, Law 106-2017 ("Act 106"), 3 L.P.R.A. § 9531 et. seq., titled "Act to Guarantee the Payment of Pension Benefits to our Retirees, and to Establish a New Defined Contributions Plan for Public Employees" was enacted, at which time ERS was on the edge of insolvency, the

Commonwealth determining that the General Fund would assume responsibility to cover the payments that ERS could not make to pensioners, creating a "pay as you go" system whereby disbursements were to be continued for all current pensions in ERS from the General Fund with non-Commonwealth employers reimbursing the Commonwealth for payments made thereby to these employers' current pensioners and because ERS would no longer be responsible for paying benefits, eliminating employers' obligations to contribute to ERS.

5. As part of Act 106, ERS was required to sell its assets and transfer their proceeds to the Department of the Treasury of Puerto Rico's General Fund.

6. While the Objection is dated August 20, 2021, with a response deadline of September 20, 2021, at 4:00 p.m. (AST) and a hearing date of October 6, 2021 at 9:30 a.m. (AST), copy thereof was not received by counsel for AEELA until September 14, 2021 and never by AEELA itself.

7. Consequently, and considering its nature and AEELA's multiple claims and the Objection, on September 14, 2021, AEELA filed a motion for extension of time to respond to the Objection until October 20, 2021 (**ECF No. 18112**), which to date has not been ruled upon.

## II.  AEELA'S CLAIMS

8. AEELA hereby withdraws all proof of claims filed by it with exception of claims number 51476 and 51426 each for $1,800,184.65 filed in each of Debtor's cases and corresponding to AEELA's participation in the sale of ERS' assets vis a vis AEELA's related employer contribution to ERS for their purchase. The correct amount is actually $2,670,208.00 as indicated in paragraph 9 below.

9. The $1,800,184.65 is the result of a formula based on the amount paid by AEELA to ERS during fiscal year 2013-2014 divided by the total paid by all employers to ERS, including the Commonwealth, the municipalities, and public corporations, as well as AEELA to calculate the percent of uniform additional contribution established by ERS as follows:

3

$2,033,501.41 = 004610184
$44,089,032.59

This is the percent determined by the ERS as the uniform additional contribution by AEELA, the same percent utilized for establishing AEELA's participation in the liquidation of ERS' assets, which in accordance to the deposit of account assets from ERS transferred to the Commonwealth (see page 7 of the Objection), consists of approximately $190,000,000.00, plus $390,480,000.00 from the sale of ERS assets and available funds as set forth in Joint Resolution 188 equals $580,480,000.00, which multiplied by .004610184 equals $2,670,208.00, AEELA's actual claim.

### III. THE OBJECTION

10. Debtors contend that AEELA's claims should be disallowed since they seek to recover from Debtors (i) employer contributions paid by AEELA on behalf of active and pre-retired employees; (ii) individual employee contributions paid by active and pre-retired AEELA employees; (iii) AEELA's pro rate share of the sale of ERS' assets because they were partially purchased with AEELA's funds, the liabilities thereto to be credited to AEELA under the "pay as you go" system, while failing to identify any statutory basis pursuant to Act 106, or any other Puerto Rico law, for AEELA's assertion of a claim against the Debtors in respect of either AEELA's or its employee's prior contributions to ERS', or as to AEELA's share in the sale of ERS' assets.

11. Debtors respectively contend that Act 106 fails to provide that the conversion to "pay as you go" gives rise to claims against the Commonwealth by AEELA as a participating member in ERS regarding AEELA's prior contribution to ERS, nor the right to deduct prior employees and employee contributions from AEELA's "pay as you go" fee.

12. Debtors also submit that there is no basis in the Civil Code of Puerto Rico for AEELA to assert claims against them for AEELA's prior employees or employer contributions, while dismissing the basis of AEELA's claims, as stated in their supporting documents, that since AEELA as a private entity is

4

not supported by the General Fund it is entitled to claim against Debtors for AEELA or its employees prior contributions to ERS, while it acted as a defined benefit plan. Debtors further submit that AEELA also fails to explain why the stated contributions give it any property interest in ERS's assets, and that even if AEELA could submit a basis under Puerto Rico law for its claims, they would be preempted by Act 106's alleged supremacy provision and its goals, particularly considering that AEELA's and its employees' prior contributions were used to pay retirees in ERS' plan, including AEELA's, and therefore allowing AEELA to recover prior assets would result in reimbursement by the Commonwealth to AEELA for the cost of funding pensions for AEELA's own retirees, resulting in an unfair windfall to AEELA, at the expense of a Title III Debtor.

### IV. ARGUMENT

13. Joint Resolution 188 of 2017 and Act 106 provide for the General Fund to assume the responsibility to cover the payments to pensioners and establish the "pay as you go" system for the disbursement corresponding to the pensioners of ERS utilizing resources from the General Fund. Neither of them provide for the derogation of the statutory basis on which AEELA's claims are based. Even if the contrary would be the case it couldn't be with ex post facto effects on AEELA's acquired rights.

14. Debtors sustain that Act 106 and the Joint Resolution reformed the ERS in order:

    (a) For the Commonwealth to assume the obligations of ERS to the pay pensioners;

    (b) For non-Commonwealth employers to reimburse the Commonwealth the "Pay Go" payments made by the Commonwealth to these employers' current pensioners;

    (c) To eliminate employers' obligations to contribute to ERS because it would no longer be responsible for paying benefits. Act 106 § 2.1(b) and 2.4(e), 3 L.P.R.A. § § 9541(b) and 3 L.P.R.A. § 9544(c).

15. As part of the reforms and as a means of a partial exchange for the assumption by the Commonwealth of the obligations of the ERS to pay the retirement benefits to the pensioners, the ERS was

5

obligated to sell its assets and transfer the resulting income to the General Fund. $190,000.00 in assets were transferred form deposit accounts as to which AEELA has a right to participate for being part of the ERS system.

16. In its pertinent part, Section 764(c) of Law 447 of May 15, 1951, 3 L.P.R.A. § 764(c), regarding the ERS system, as amended provides:

> For purposes of membership in the System[2], the Office of the Citizens' Investigating Official shall be deemed to be a public instrumentality, and the Puerto Rico Commonwealth Employees Association [AEELA] shall be deemed to be a public enterprise.

17. This provision was not repealed by Act 106 and on the date on which Act 106 and the "pay as you go" were enacted, since 1970 all of the benefits and pensions of AEELA's employees as a public enterprise were paid from the General Fund.

18. While Article 46 of Law Number 9-2013, 3 L.P.R.A. § 9045, AEELA refers to AEELA as a private entity, due to AEELA obtaining its funds from monies of its members and its role as custodian thereof, even when it is organized pursuant to provisions of law, as indicated in paragraph 15 above, Section 761 of Law Number 447, 3 L.P.R.A. § 746(c) states that AEELA is a public enterprise, its employees belonging to ERS' enrollment since 1970. Since then, the pensions were paid from the General Fund inasmuch as AEELA made the corresponding employer's contributions and its employees individually contributed to the ERS, as required by law.

19. This can only be the only conclusion in order to include AEELA in the "pay as you go" system since Article 1.4 of Act 106, 3 L.P.R.A. § 9534 declares the public policy of the Government of Puerto Rico, the protection of pensions of all the retirees of the public service participating in the three (3) Retirement Systems and the Government of Puerto Rico becoming the direct payor of the pensions of the retirees, eliminating employers' contributions to the three (3) Retirement Systems and establishing the

---

[2] Retirement System of the Employees of the Government of Puerto Rico

6

"Pay Go" charges on the Municipality, the Legislative Branch, the Public Corporations, the Government and the Court Administration System. Therefore, since January 1, 2017, in accordance to the Joint Resolution, as certified by the Oversight Board on July 13, 2017, the Commonwealth became the direct payor of the pensions. Article 1.4 of Act 106 (3 L.P.R.A. § 9534).

20. Moreover, the definition of "Pay Go" charge Article 1.6(g) of Act106, 3 L.P.R.A. § 9536 states:

> A fee to be established and imposed by FAFAA and that shall be paid by the Government, municipalities, Judicial Branch, Legislative Branch, public corporations, and such other entities deemed as employers under the Retirement System for Employees of the Government of Puerto Rico and the Teachers' Retirement System in accordance with §§ 9541-9546 of this title. This fee shall be collected by the Secretary of the Treasury or his designee, as provided in this chapter.

21. AEELA continues as a public enterprise under Act 106 and Law Number 447, 3 L.P.R.A. § 761 et. seq. since its creation on July 11, 1921, and as a public enterprise is not excluded from ERS' membership, and therefore maintains the same rights and privileges as a participant in ERS.

22. As such, the payment of the pensions of AEELA's pensioners must come from the General Fund, as is the case with the pensions of the pensioners of any department of the executive power, agencies, administrative boards, commissions, offices or instrumentalities of the Executive Branch.

23. AEELA did comply with the membership requirements and conditions imposed by Sections 761 et. seq. of Law Number 447, 3 L.P.R.A. § 761 et. seq. on equal bases as those set forth for the other participant in ERS. Equally, the required contributions pursuant to Law 447 were made by AEELA.

24. Consequently, AEELA must have participation in the sale of ERS' assets and should be excluded from the "pay as you go" system in order for the General Fund to assume the payment of the pensions in equal condition as the other participating agencies in ERS.

## V. CONCLUSION

25. AEELA as an association of governmental employers and participating employer in ERS made contributions thereto on behalf of employees covered thereby as part of ERS' administration of the payment of pensions and other benefits to officers and employees of participants therein.

26. Under the "pay as you go" system the General Fund has assumed responsibility to cover the payments that ERS could not make to pensioners with a charge to be established and enforced by the Puerto Rico Fiscal Agency and Financial Advisory Authority ("FAFAA") to be paid by the Government, the Judicial Branch, the Legislative Branch, Public Corporations and such other entities considered an employer under the Retirement Systems of the Employees of the Government of Puerto Rico and the Retirement System for Teachers in accordance with Act 106 for the payment of the accrued pensions; except the Municipalities.

27. As indicated above, the "pay as you go" system is predicated in the reimbursement of the payments made by the Commonwealth to those employers' current pensioners.

28. Under 3 L.P.R.A. § 764(e) AEELA is deemed a public enterprise and as such must also be deemed a Commonwealth employer.

29. Since 1970 AEELA as a public enterprise made the required employers' contributions and its employees made their individual contributions to ERS and the corresponding pensions were paid from the General Fund.

30. As of January 1, 2017, the Commonwealth is the direct payor of the pensions from the General Fund, including those of AEELA's pensioners, with AEELA not being entitled to distribution from the proceeds of ERS' assets as set forth in AEELA's proofs of claim number 51476 and 51426.

**WHEREFORE**, it is respectfully requested that proofs of claim numbers 51476 and 51426 be granted in the amount of $2,670,208.00 with distribution of the amount claimed, to be made from the General Fund and that it be held that the payment of the pensions to AEELA's pensioners is to be made from the General Fund.

8

**CERTIFICATE OF SERVICE**: I hereby certify that on this date, I electronically filed the foregoing motion with the Clerk of the Court using the EM/ECF system, which will send a notification to all attorneys of record.

San Juan, Puerto Rico, this 20th day of October 2021

<u>*s*/**CHARLES A. CUPRILL-HERNÁNDEZ**</u>
**USDC-PR 114312**
Charles A. Cuprill, P.S.C. Law Offices
Counsel for AEELA
356 Fortaleza Street, Second Floor
San Juan, PR 00901
Tel.787-977-0515
Fax: 787-977-0518
E-mail: ccuprill@cuprill.com