UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of

THE COMMONWEALTH OF PUERTO RICO
et al.,

            Debtors.[1]

-------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

<u>ORDER REGARDING NOTICE OF CONSTITUTIONAL CHALLENGE TO A STATUTE</u>

       The Court has received and reviewed the *Notice of Constitutional Challenge to a Statute* (Docket Entry No. 18570 in Case No. 17-3283, the "Notice"), filed by Finca Matilde, Inc. ("Finca Matilde"), providing notice that its *Objection to Confirmation of Seventh Joint Plan of Adjustment* (Docket Entry No. 18566 in Case No. 17-3283, the "Objection") questions the constitutionality of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. § 2101 <u>et seq.</u>, together with the Bankruptcy Code, on the basis that it violates the Fifth Amendment to the Constitution of the United States by allowing for the taking of Finca Matilde's property without just compensation. (Notice ¶ 1 (emphasis in original). <u>See also</u> Obj. at 14-15, 20.)[2]  In addition to the Notice, other objections to the Plan have been timely filed (without the subsequent filing of a similar notice) which also raise constitutional questions

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]    The Objection was filed in response to the *Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (Docket Entry No. 17627 in Case No. 17-3283, the "Plan"), filed by the Financial Oversight and Management Board for Puerto Rico on behalf of the indicated debtors.

including, but not limited to, challenges to PROMESA and/or the Bankruptcy Code alleging that it (or they) violate(s) the bankruptcy clause (article I, section 8), the prohibition on ex post facto laws (article I, section 9), the contracts clause (article I, section 10), the privileges and immunities clauses (article IV, section 2; Amendment XIV), due process clauses (Amendments V and XIV), takings clause (Amendment V), and equal protection clause (Amendment XIV) of the Constitution of the United States.

Where "[a] party [] files a pleading, written motion, or other paper drawing into question the constitutionality of a federal . . . statute," the Federal Rules of Civil Procedure mandate that the Court certify the constitutional challenge to the Attorney General. Fed. R. Civ. P. 5.1.[3]

It is hereby ORDERED that Finca Matilde's challenge to the constitutionality of PROMESA, among others, on the grounds that the provisions of the Bankruptcy Code made applicable to these proceedings by PROMESA, and upon which provisions the Plan purports to treat Finca Matilde's claim, violates the Takings Clause of the Fifth Amendment to the Constitution of the United States, is certified to the Attorney General of the United States; and it is further

ORDERED that the other challenges to the constitutionality of PROMESA and/or the Bankruptcy Code that have been filed in objection to the Plan are likewise certified to the Attorney General of the United States; and it is further

ORDERED that the Clerk of this Court shall forward a copy of this Order, the Plan (Docket Entry No. 17627 in Case No. 17-3283), and Finca Matilde's Objection (Docket Entry No. 18566 in Case No. 17-3283) to the Attorney General of the United States.

SO ORDERED.

Dated: October 21, 2021

  /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

---

[3]     Rule 5.1 of the Federal Rules of Civil Procedure is made applicable to this proceeding by rule 9005.1 of the Federal Rules of Bankruptcy Procedure, as incorporated by section 310 of PROMESA.  48 U.S.C. § 2170.