# **Exhibit B**

PFC 2011 and 2012 Promissory Notes

**United States of America**
**Commonwealth of Puerto Rico**
**Office for the Improvement of**
**Public Schools of Puerto Rico**

## PROMISSORY NOTE

**Principal Amount:**     Four Hundred Twenty-Five Million Dollars ($425,000,000)

**Interest Rate:**     8% per annum.

FOR VALUE RECEIVED, THE UNDERSIGNED, OFFICE FOR THE IMPROVEMENT OF PUBLIC SCHOOLS OF PUERTO RICO ("OMEP"), DOES HEREBY PROMISE TO PAY to the order of Puerto Rico Public Finance Corporation, or its assigns (the "Obligee"), at its office currently located at Minillas Government Center, De Diego Avenue, San Juan, Puerto Rico, or at such other address specified by the Obligee, in any lawful coin or currency of the United States of America which on the date of payment thereof is legal tender for the payment of public and private debts, solely from moneys appropriated by the Legislature of Puerto Rico in accordance with the provisions of Act No. 85 of said Legislature, approved June 13, 1998 (the "Legislative Appropriations"), the Principal Amount set forth above and to pay interest on this Note in like coin or currency, in an amount equal to the Interest Installment (as defined below), such amount to accrue from the date hereof at a rate of eight percent (8%) per annum on the unpaid principal amount of this Note based on the outstanding principal amount of OMEP Bonds (as such term is defined herein) secured thereby (computed on the basis of a 360 day year of twelve 30-day months); provided, however, that in no event shall the aggregate amount of principal paid hereunder and under the Promissory Note of the Department, dated June 25, 1998, as amended on June 28, 2004, (the "Parity Note") exceed $425,000,000, plus interest calculated at the rate of eight percent (8%) per annum on the unpaid principal amount of this Note and the Parity Note.

Every Fiscal Year (all capitalized terms used herein and not otherwise defined herein shall have the meanings set forth in the Trust Agreement (as amended and supplemented from time to time, the "2004 Trust Agreement"), dated as of June 1, 2004 between PRPFC and U. S. Bank Trust National Association, as Trustee (together with its successors in trust, the "Trustee") hereinafter mentioned), OMEP agrees to make payments hereunder (such payments to be applied to principal and interest hereunder on the dates and in the amounts provided below) in an annual amount equal to the sum of the following amounts, without duplication (the "Annual Installment"), and agrees to make such payments on or before July 15 of each Fiscal Year, to the extent the Legislative Appropriations have been made on or before such date, and otherwise on

or before the date when the following amounts are required to be deposited with the Trustee, commencing with Fiscal Year 2004-05: (i) the interest on, principal of, and redemption premium, if any, and Accreted Value or Appreciated Value of the OMEP Bonds which is due and payable in such Fiscal Year (whether at maturity, in connection with an Amortization Requirement, upon redemption or otherwise) less all amounts received by PRPFC and deposited with the Trustee during such Fiscal Year pursuant to any Rate Swap, if any such Rate Swap shall be at the time in full force and effect and not terminated or liquidated; (ii) the amount required to purchase or redeem OMEP Bonds in such Fiscal Year pursuant to the 2004 Trust Agreement; (iii) all Reimbursement Obligations becoming due and payable in such Fiscal Year to any provider of a Credit Facility or Liquidity Facility (if applicable) pursuant to any Reimbursement Agreement; (iv) all PRPFC Swap Payments (if applicable) expected to be due and payable for such Fiscal Year (to the extent not already included in the portion of the Annual Installment corresponding to interest on the OMEP Bonds); (v) the amounts required to be deposited to the credit of the Reserve Account (if applicable) established under the 2004 Trust Agreement in such Fiscal Year, including any amounts required to cure any deficiency therein; (vi) any fees or reimbursement for expenses payable to the Trustee under the 2004 Trust Agreement; (vii) any amount then due by PRPFC to a Hedge Counterparty (if applicable) for breakage cost or other termination payment under the terms of any Swap Agreement; and (viii) any other amount becoming due and payable in such Fiscal Year in respect of the OMEP Bonds or becoming due and payable under the provisions of the Trust Agreement ("Other Amounts"). The Annual Installments on this Note may not be prepaid in whole or in part prior to the Fiscal Year when they become due. Annual Installment shall not include any fees or Other Amounts which are paid out of the proceeds of any OMEP Bonds.

Of the Annual Installment paid, an amount equal to the Principal Installment (as herein defined) paid shall be applied against the principal amount of this Note and the Parity Note, such application to be made on the date and only to the extent such Principal Installment is applied by the Obligee to the payment of principal of OMEP Bonds. Additionally, an amount equal to the principal installment paid in accordance with the provisions of the Parity Note shall be applied against the principal amount of this Note and the Parity Note, such application to be made on the date and only to the extent such Principal Installment is applied by PRPFC to the payment of principal of OMEP Bonds.

The difference between the Annual Installment paid hereunder and Principal Installment paid hereunder shall constitute interest hereunder (the "Interest Installment"). Interest Installments paid hereunder and under the Parity Note shall be applied against the interest accrued hereunder and under the Parity Note on the date and only to the extent that such Interest Installment is applied by the Obligee to the payment of interest on OMEP Bonds issued under the Parity Trust Agreement. Interest Installments paid hereunder and under the Parity Note shall be applied against the interest accrued hereunder and under the Parity Note on the date and only to the extent that such Interest Installment is applied by PRPFC to the payment of interest on OMEP Bonds issued under the 2004 Trust Agreement. In no event shall the sum of (i) the portion of the Annual Installment representing interest to be paid hereunder and (ii) the portion of the annual installment representing interest to be paid under the Parity Note, accrue at a rate per annum which exceeds 8% per annum.

The term "Principal Installment" shall mean, for each Fiscal Year, an amount equal to the sum of the (i) the principal amount of OMEP Bonds, other than Capital Appreciation Bonds and

Capital Appreciation and Income Bonds, and the Amortization Requirement which is due and payable in such Fiscal Year, and (ii) the principal portion of the Accreted Value or Appreciated Value of any Capital Appreciation Bonds or Capital Appreciation and Income Bonds becoming due and payable in such Fiscal Year.

Any amounts required to reimburse a provider of a Credit Facility or Liquidity Facility for payments made under any such Credit Facility or Liquidity Facility (if applicable) in respect of OMEP Bonds (a "Reimbursement") shall be allocated to principal of this Note to the extent such Reimbursement is being paid in respect of a Principal Installment and any amount in excess thereof shall be allocated to interest on this Note.

Once OMEP Bonds issued under and pursuant to the Parity Trust Agreement are deemed to have been paid within the meaning and with the effect expressed in Section 1201 of the Trust Agreement, and any amounts then due and owing to a provider of a Credit Facility or Liquidity Facility (if applicable) and to a Hedge Counterparty (if applicable) and any Other Amounts due and payable have been paid, the obligations of OMEP to pay principal of and interest on this Note shall cease and terminate, whereupon this Note shall be delivered to OMEP for cancellation.

"OMEP Bonds" means all Outstanding bonds of PRPFC issued under the Parity Trust Agreement and the Allocable Share of any bonds the proceeds of which are used to refund those particular bonds.

"Allocable Share" means that percentage (determined from time to time by PRPFC in its absolute discretion and certified to the Trustee by the President or any Vice President of PRPFC at the time Bonds are issued under the 2004 Trust Agreement), which represents the proportion that the principal amount of Bonds issued under the 2004 Trust Agreement to refund OMEP Bonds bears to the aggregate principal amount of Bonds Outstanding under the 2004 Trust Agreement.

The undersigned hereby waives presentment, protest, demand and notice of nonpayment.

The undersigned hereby submits to the venue of any court selected by the Obligee in case of legal action for its collection. The undersigned promises to pay all reasonable costs of collection, including reasonable attorney's fees and expenses.

This Promissory Note shall be governed by and construed in accordance with the laws of the Commonwealth of Puerto Rico.

**(Signature Page Follows)**

IN WITNESS WHEREOF, OMEP has caused this Note to bear the signature of its Executive Director as of the 28th day of June, 2004.

**OFFICE FOR THE IMPROVEMENT
OF PUBLIC SCHOOLS OF PUERTO RICO**

_____
Executive Director

N207790.4

The undersigned hereby (i) acknowledges that this Promissory Note has been assigned and pledged to the Trustee under that certain 2004 Trust Agreement referred to above between PRPFC and the Trustee, and (ii) agrees that, so long as any OMEP Bonds are outstanding and unpaid under the Parity Trust Agreement or any amounts are due and owing to any provider of a Credit Facility or Liquidity Facility (if applicable) or any Hedge Counterparty (if applicable) or any Other Amounts are due and payable with respect to OMEP Bonds issued pursuant to the Parity Trust Agreement (A) it will make each payment of principal of and interest on this Promissory Note directly to the Trustee, in immediately available funds, in accordance with the payment instructions of the Trustee and (B) all rights of PRPFC with respect to this Promissory Note shall be exercisable by the Trustee, as assignee and pledgee.

**OFFICE FOR THE IMPROVEMENT
OF PUBLIC SCHOOLS OF PUERTO RICO**

Executive Director

N207790.4

United States of America
Commonwealth of Puerto Rico
Hotel Development Corporation

## PROMISSORY NOTE

**HOTEL DEVELOPMENT CORPORATION** (hereinafter called the "Debtor"), a corporation duly organized and existing under the laws of the Commonwealth of Puerto Rico and a subsidiary of the Puerto Rico Tourism Company, for value received, hereby promises to pay to the order of Puerto Rico Public Finance Corporation ("PFC") or its assigns (the "Obligee"), at the principal office of PFC currently located at Minillas Government Center, De Diego Avenue, San Juan, Puerto Rico, or at such other address specified by the Obligee, in any lawful coin or currency of the United States of America which on the date of payment thereof is legal tender for the payment of public and private debts, solely from moneys appropriated (the "Legislative Appropriation") by the Legislature of Puerto Rico in accordance with the provisions of Act No. 164 of said Legislature, approved December 17, 2001 (the "Act"), the Principal Amount of this Note (said Principal Amount being determined as provided in the next succeeding paragraph), and to pay, in like coin or currency, interest on the unpaid Principal Amount of this Note, from the date hereof, in an amount equal to the Applicable Percentage (as defined below) of the aggregate interest payable on all Act 164 PFC Bonds (as such term is hereinafter defined) (the "Interest Installment"), such interest being computed on the basis of a 360-day year of twelve 30-day months. All terms used herein and not otherwise defined herein shall have the meanings set forth in the Trust Agreement, dated as of June 1, 2004 (the "2004 Trust Agreement"), by and between PFC and U.S. Bank Trust National Association, as trustee (the "Trustee").

The Principal Amount of this Note will at all times be equal to the Applicable Percentage (as defined below) of the aggregate principal amount (Accreted Value in the case of Capital Appreciation Bonds) of all Act 164 PFC Bonds, as such principal amount may be increased or decreased from time to time.

The Debtor agrees that every Fiscal Year, commencing with Fiscal Year 2004-05, it shall make annual payments of principal and interest hereunder (each such payment, the "Annual Installment") in an amount equal to the Applicable Percentage of (x) the sum of the interest, principal, and Accreted Value of the Act 164 PFC Bonds, which is due and payable in the Bond Year commencing within such Fiscal Year (whether at maturity, in connection with an Amortization Requirement, upon redemption or otherwise) (with interest payable on Variable Rate Bonds calculated at the maximum rate specified in such Bonds) less (y) any amounts available in the Sinking Fund for the payment of such amounts in such Bond Year, such payments to be made on or before July 15 of each Fiscal Year, commencing on July 15, 2004, to the extent the Legislative Appropriations have been made on or before such date, and otherwise on or before the date when such amounts become due and payable.

Of the Annual Installment paid each Fiscal Year, an amount equal to the Interest Installment shall constitute interest paid hereunder. The difference between the Annual Installment and the Interest Installment shall be applied against the principal of this Note.

In addition, Debtor agrees to pay, on the date each Annual Installment is paid, the Applicable Percentage of the following additional amounts: (i) any fees, expenses or other amounts becoming due and payable in such Bond Year to the provider (a "Facility Provider"), if applicable, of a Credit Facility or a Liquidity Facility (each, a "Facility") under the agreement relating to such Facility or any amounts required to reimburse a Facility Provider for payments made under any such Facility in respect of the Act 164 PFC Bonds and not theretofore reimbursed; (ii) all payments by the Obligee under any Swap Agreement (if applicable) expected to be due and payable for such Bond Year which relate to the Act 164 PFC Bonds (to the extent not already included in the portion corresponding to interest on such bonds); (iii) the fees or expenses payable to the Trustee under the 2004 Trust Agreement during such Bond Year which relate to the Act 164 PFC Bonds; (iv) any amount then due by Obligee to the Hedge Counterparty (if applicable) for breakage costs or any termination or similar payment under the terms of any Swap Agreement (if applicable) which relate to the Act 164 PFC Bonds; and (v) any other amount becoming due and payable in such Bond Year in respect of the Act 164 PFC Bonds or becoming due and payable under the provisions of the 2004 Trust Agreement which relate to the Act 164 PFC Bonds (collectively, the "Obligations").

This Note is issued under and pursuant to that certain Debt Restructuring and Assignment Agreement, dated as of July 1, 2001 (the "2001 Restructuring Agreement"), by and among the Debtor, Government Development Bank and PFC, as supplemented by a Supplemental Debt Restructuring and Assignment Agreement, dated June 1, 2004 (the "Supplemental Assignment Agreement" and together with the 2001 Restructuring Agreement, the "Restructuring Agreements"), by and among the Debtor, Government Development Bank and PFC, and by the acceptance of this Note, the holder hereof assents to all the provisions and conditions of said Restructuring Agreements.

Once all Act 164 PFC Bonds are deemed to have been paid within the meaning and with the effect expressed in the 2004 Trust Agreement and that certain Trust Agreement, dated December 27, 2001 (the "Parity Trust Agreement"), by and between PFC and The Bank of New York, as trustee, and any amounts then due and owing to a Facility Provider or any Hedge Counterparty have been paid, the obligation of the Debtor to pay principal of and interest on this Note and to pay the Obligations shall cease and terminate, whereupon this Note shall be delivered to the Debtor for cancellation.

The term "Act 164 PFC Bonds" means all Outstanding bonds of PFC (other than PFC's 2001 Series D Bonds or any bonds issued to refund those bonds) issued under the Parity Trust Agreement and the Allocable Share of any bonds the proceeds of which are used to refund those particular bonds.

"Allocable Share" means that percentage (determined from time to time by PFC in its absolute discretion and certified to the Trustee by the President or any Vice President of PFC at the time bonds are issued under the 2004 Trust Agreement), which represents the proportion that the principal amount of bonds issued under the 2004 Trust Agreement to refund Act 164 PFC

Bonds bears to the aggregate principal amount of bonds Outstanding under the 2004 Trust Agreement.

"Applicable Percentage" means that percentage determined from time to time by PFC in its absolute discretion and certified to the Trustee by the President or any Vice President of PFC at the time each Series of Act 164 PFC Bonds is issued, which represents the proportion that the Purchase Price (as defined in the 2001 Restructuring Agreement) which has been allocated by PFC to this Note bears to the aggregate Purchase Price (as defined in the respective Debt Restructuring and Assignment Agreement applicable to each Act 164 Authorized Debtor) which has been allocated by PFC to the promissory notes of all Act 164 Authorized Debtors purchased with the proceeds of Act 164 PFC Bonds.

All acts, conditions and things required by the Puerto Rican Federal Relations Act and the Constitution and laws of the Commonwealth of Puerto Rico to happen, exist and be performed precedent to and in the issuance of this Note have happened, exist and have been performed as so required.

The Debtor hereby waives presentment, protest, demand and notice of nonpayment.

The Debtor hereby submits to the venue of any court selected by the Obligee in case of legal action for its collection.

**(Signature Page Follows)**

**IN WITNESS WHEREOF**, the Debtor has caused this Note to bear the manual or facsimile signature of the President of Hotel Development Corporation, all as of the 28th day of June, 2004.

HOTEL DEVELOPMENT CORPORATION

By:_____
Name:  José M. Suárez
Title:    President

The undersigned hereby acknowledges that this Promissory Note has been assigned and pledged to The Bank of New York, as Trustee under that certain Trust Agreement, dated December 27, 2001, by and between PFC and the Trustee.

HOTEL DEVELOPMENT CORPORATION

By:_____
Name:  José M. Suárez
Title:    President

N207712.5

United States of America

Commonwealth of Puerto Rico

Department of Health

**PROMISSORY NOTE**

**COMMONWEALTH OF PUERTO RICO**, acting through the Department of Health (hereinafter called the "Debtor"), an executive department of the Commonwealth of Puerto Rico for value received, hereby promises to pay to the order of Puerto Rico Public Finance Corporation ("PFC") or its assigns (the "Obligee"), at the principal office of PFC currently located at Minillas Government Center, De Diego Avenue, San Juan, Puerto Rico, or at such other address specified by the Obligee, in any lawful coin or currency of the United States of America which on the date of payment thereof is legal tender for the payment of public and private debts, solely from moneys appropriated (the "Legislative Appropriation") by the Legislature of Puerto Rico in accordance with the provisions of Act No. 164 of said Legislature, approved December 17, 2001 (the "Act"), the Principal Amount of this Note (said Principal Amount being determined as provided in the next succeeding paragraph), and to pay, in like coin or currency, interest on the unpaid Principal Amount of this Note, from the date hereof, in an amount equal to the Applicable Percentage (as defined below) of the aggregate interest payable on all Act 164 PFC Bonds (as such term is hereinafter defined) (the "Interest Installment"), such interest being computed on the basis of a 360-day year of twelve 30-day months. All terms used herein and not otherwise defined herein shall have the meanings set forth in the Trust Agreement, dated as of June 1, 2004 (the "2004 Trust Agreement"), by and between PFC and U.S. Bank Trust National Association, as trustee (the "Trustee").

The Principal Amount of this Note will at all times be equal to the Applicable Percentage (as defined below) of the aggregate principal amount (Accreted Value in the case of Capital Appreciation Bonds) of all Act 164 PFC Bonds, as such principal amount may be increased or decreased from time to time.

The Debtor agrees that every Fiscal Year, commencing with Fiscal Year 2004-05, it shall make annual payments of principal and interest hereunder (each such payment, the "Annual Installment") in an amount equal to the Applicable Percentage of (x) the sum of the interest, principal, and Accreted Value of the Act 164 PFC Bonds, which is due and payable in the Bond Year commencing within such Fiscal Year (whether at maturity, in connection with an Amortization Requirement, upon redemption or otherwise) (with interest payable on Variable Rate Bonds calculated at the maximum rate specified in such Bonds) less (y) any amounts available in the Sinking Fund for the payment of such amounts in such Bond Year, such payments to be made on or before July 15 of each Fiscal Year, commencing on July 15, 2004, to the extent the Legislative Appropriations have been made on or before such date, and otherwise on or before the date when such amounts become due and payable.

Of the Annual Installment paid each Fiscal Year, an amount equal to the Interest Installment shall constitute interest paid hereunder. The difference between the Annual Installment and the Interest Installment shall be applied against the principal of this Note.

In addition, Debtor agrees to pay, on the date each Annual Installment is paid, the Applicable Percentage of the following additional amounts: (i) any fees, expenses or other amounts becoming due and payable in such Bond Year to the provider (a "Facility Provider"), if applicable, of a Credit Facility or a Liquidity Facility (each, a "Facility") under the agreement relating to such Facility or any amounts required to reimburse a Facility Provider for payments made under any such Facility in respect of the Act 164 PFC Bonds and not theretofore reimbursed; (ii) all payments by the Obligee under any Swap Agreement (if applicable) expected to be due and payable for such Bond Year which relate to the Act 164 PFC Bonds (to the extent not already included in the portion corresponding to interest on such bonds); (iii) the fees or expenses payable to the Trustee under the 2004 Trust Agreement during such Bond Year which relate to the Act 164 PFC Bonds; (iv) any amount then due by Obligee to the Hedge Counterparty (if applicable) for breakage costs or any termination or similar payment under the terms of any Swap Agreement (if applicable) which relate to the Act 164 PFC Bonds; and (v) any other amount becoming due and payable in such Bond Year in respect of the Act 164 PFC Bonds or becoming due and payable under the provisions of the 2004 Trust Agreement which relate to the Act 164 PFC Bonds (collectively, the "Obligations").

This Note is issued under and pursuant to that certain Debt Restructuring and Assignment Agreement, dated as of July 1, 2001 (the "2001 Restructuring Agreement"), by and among the Debtor, Government Development Bank and PFC, as supplemented by a Supplemental Debt Restructuring and Assignment Agreement, dated June 1, 2004 (the "Supplemental Assignment Agreement" and together with the 2001 Restructuring Agreement, the "Restructuring Agreements"), by and among the Debtor, Government Development Bank and PFC, and by the acceptance of this Note, the holder hereof assents to all the provisions and conditions of said Restructuring Agreements.

Once all Act 164 PFC Bonds are deemed to have been paid within the meaning and with the effect expressed in the 2004 Trust Agreement and that certain Trust Agreement, dated December 27, 2001 (the "Parity Trust Agreement"), by and between PFC and The Bank of New York, as trustee, and any amounts then due and owing to a Facility Provider or any Hedge Counterparty have been paid, the obligation of the Debtor to pay principal of and interest on this Note and to pay the Obligations shall cease and terminate, whereupon this Note shall be delivered to the Debtor for cancellation.

The term "Act 164 PFC Bonds" means all Outstanding bonds of PFC (other than PFC's 2001 Series D Bonds, 2002 Series A Bonds and 2002 Series B Bonds or any bonds issued to refund those bonds) issued under the Parity Trust Agreement and the Allocable Share of any bonds the proceeds of which are used to refund those particular bonds.

"Allocable Share" means that percentage (determined from time to time by PFC in its absolute discretion and certified to the Trustee by the President or any Vice President of PFC at the time bonds are issued under the 2004 Trust Agreement), which represents the proportion that the principal amount of bonds issued under the 2004 Trust Agreement to refund Act 164 PFC

Bonds bears to the aggregate principal amount of bonds Outstanding under the 2004 Trust Agreement.

"Applicable Percentage" means that percentage determined from time to time by PFC in its absolute discretion and certified to the Trustee by the President or any Vice President of PFC at the time each Series of Act 164 PFC Bonds is issued, which represents the proportion that the Purchase Price (as defined in the 2001 Restructuring Agreement) which has been allocated by PFC to this Note bears to the aggregate Purchase Price (as defined in the respective Debt Restructuring and Assignment Agreement applicable to each Act 164 Authorized Debtor) which has been allocated by PFC to the promissory notes of all Act 164 Authorized Debtors purchased with the proceeds of Act 164 PFC Bonds.

All acts, conditions and things required by the Puerto Rican Federal Relations Act and the Constitution and laws of the Commonwealth of Puerto Rico to happen, exist and be performed precedent to and in the issuance of this Note have happened, exist and have been performed as so required.

The Debtor hereby waives presentment, protest, demand and notice of nonpayment.

The Debtor hereby submits to the venue of any court selected by the Obligee in case of legal action for its collection.

**(Signature Page Follows)**

**IN WITNESS WHEREOF**, the Debtor has caused this Note to bear the manual or facsimile signature of the Secretary of Treasury of Puerto Rico, all as of the 28th day of June, 2004.

DEPARTMENT OF HEALTH

By: _____

Name

Title:   Secretary of Health

The undersigned hereby acknowledges that this Promissory Note has been assigned and pledged to U.S. Bank Trust National Association, as Trustee under that certain Trust Agreement, dated as of June 1, 2004, by and between PFC and the Trustee.

DEPARTMENT OF HEALTH

By: _____

Name

Title:   Secretary of Health

N207143.5

United States of America

Commonwealth of Puerto Rico

Department of Health

**PROMISSORY NOTE**

**COMMONWEALTH OF PUERTO RICO**, acting through the Department of Health (hereinafter called the "Debtor"), an executive department of the Commonwealth of Puerto Rico for value received, hereby promises to pay to the order of Puerto Rico Public Finance Corporation ("PFC") or its assigns (the "Obligee"), at the principal office of PFC currently located at Minillas Government Center, De Diego Avenue, San Juan, Puerto Rico, or at such other address specified by the Obligee, in any lawful coin or currency of the United States of America which on the date of payment thereof is legal tender for the payment of public and private debts, solely from moneys appropriated (the "Legislative Appropriation") by the Legislature of Puerto Rico in accordance with the provisions of Act No. 164 of said Legislature, approved December 17, 2001 (the "Act"), the Principal Amount of this Note (said Principal Amount being determined as provided in the next succeeding paragraph), and to pay in each Bond Year, in like coin or currency, interest on the unpaid Principal Amount of this Note, from the date hereof, in an amount equal to the aggregate interest payable on all 2001 Series D Bonds (as such term is hereinafter defined) (the "Interest Installment"), such interest being computed on the basis of a 360-day year of twelve 30-day months. All terms used herein and not otherwise defined herein shall have the meanings set forth in the Trust Agreement, dated as of June 1, 2004 (the "2004 Trust Agreement"), by and between PFC and U.S. Bank Trust National Association, as trustee (the "Trustee").

The Principal Amount of this Note will at all times be equal to the aggregate principal amount (Accreted Value in the case of Capital Appreciation Bonds) of the Allocable Share (as such term is hereinafter defined) of the 2004 Series B Bonds of PFC, as such principal amount may be increased or decreased from time to time.

The Debtor agrees that every Fiscal Year, commencing with Fiscal Year 2004-05, it shall make annual payments of principal and interest hereunder (each such payment, the "Annual Installment") in an amount equal to the sum of the interest, principal, and Accreted Value of the 2001 Series D Bonds, which is due and payable in the Bond Year commencing within such Fiscal Year (whether at maturity, in connection with an Amortization Requirement, upon redemption or otherwise) (with interest payable on Variable Rate Bonds calculated at the maximum rate specified in such Bonds) less any amounts available in the Sinking Fund for the payment of such amounts in such Bond Year, such payments to be made on or before July 15 of each Fiscal Year, commencing on July 15, 2004, to the extent the Legislative Appropriations have been made on or before such date, and otherwise on or before the date when such amounts become due and payable.

N207143.6

Of the Annual Installment paid each Fiscal Year, an amount equal to the Interest Installment shall constitute interest paid hereunder. The difference between the Annual Installment and the Interest Installment shall be applied against the principal of this Note.

In addition, Debtor agrees to pay, on the date each Annual Installment is paid, the following additional amounts: (i) any fees, expenses or other amounts becoming due and payable in such Bond Year to the provider (a "Facility Provider"), if applicable of a Credit Facility or a Liquidity Facility (each, a "Facility") under the agreement relating to such Facility or any amounts required to reimburse a Facility Provider for payments made under any such Facility in respect of the 2001 Series D Bonds and not theretofore reimbursed; (ii) all payments by the Obligee under any Swap Agreement (if applicable) expected to be due and payable for such Bond Year which relate to the 2001 Series D Bonds (to the extent not already included in the portion corresponding to interest on the 2001 Series D Bonds); (iii) the fees or expenses payable to the Trustee under the 2004 Trust Agreement during such Bond Year which relate to the 2001 Series D Bonds; (iv) any amount then due by Obligee to the Hedge Counterparty (if applicable) for breakage costs or any termination or similar payment under the terms of any Swap Agreement (if applicable) which relate to the 2001 Series D Bonds; and (v) any other amount becoming due and payable in such Bond Year in respect of the 2001 Series D Bonds or becoming due and payable under the provisions of the 2004 Trust Agreement which relate to the 2001 Series D Bonds (collectively, the "Obligations").

This Note is issued under and pursuant to that certain Debt Restructuring and Assignment Agreement, dated as of July l, 2001 (the "2001 Restructuring Agreement"), by and among the Debtor, Government Development Bank for Puerto Rico (the "Government Development Bank") and PFC, as supplemented by a Supplemental Debt Restructuring and Assignment Agreement, dated as of June 1, 2004 (the "Supplemental Assignment Agreement" and together with the 2001 Restructuring Agreement, the "Restructuring Agreements"), by and among the Debtor, Government Development Bank and PFC, and by the acceptance of this Note, the holder hereof assents to all the provisions and conditions of said Restructuring Agreements.

Once all 2001 Series D Bonds are deemed to have been paid within the meaning and with the effect expressed in the 2004 Trust Agreement and that certain Trust Agreement, dated December 27, 2001 (the "Parity Trust Agreement"), by and between PFC and The Bank of New York, as trustee, and any amounts then due and owing to a Facility Provider or any Hedge Counterparty have been paid, the obligation of the Debtor to pay principal of and interest on this Note and to pay the Obligations shall cease and terminate, whereupon this Note shall be delivered to the Debtor for cancellation.

The term "2001 Series D Bonds" means the 2001 Series D Bonds issued under the Parity Trust Agreement and the Allocable Share (as defined herein) of any bonds issued to refund those particular bonds.

"Allocable Share" means that percentage of the principal amount of bonds issued under the 2004 Trust Agreement to refund 2001 Series D Bonds which is allocable to such refunding as set forth in a certificate of the President or any Vice President of PFC at the time such refunding bonds are issued.

N207143.6

All acts, conditions and things required by the Puerto Rican Federal Relations Act and the Constitution and laws of the Commonwealth of Puerto Rico to happen, exist and be performed precedent to and in the issuance of this Note have happened, exist and have been performed as so required.

The Debtor hereby waives presentment, protest, demand and notice of nonpayment.

The Debtor hereby submits to the venue of any court selected by the Obligee in case of legal action for its collection.

**IN WITNESS WHEREOF**, the Debtor has caused this Note to bear the manual or facsimile signature of the Secretary of Treasury of Puerto Rico, all as of the 28th day of June, 2004.

**DEPARTMENT OF HEALTH**

By: _____
Name    Johnny Rullan
Title:    Secretary of Health

The undersigned hereby acknowledges that this Promissory Note has been assigned and pledged to U.S. Bank Trust National Association, as Trustee under that certain Trust Agreement, dated as of June 1, 2004, by and between PFC and the Trustee.

**DEPARTMENT OF HEALTH**

By: _____
Name    Johnny Rullan
Title:    Secretary of Health

United States of America
Commonwealth of Puerto Rico
Housing Finance Authority of Puerto Rico

### PROMISSORY NOTE

**HOUSING FINANCE AUTHORITY OF PUERTO RICO** (hereinafter called the "Debtor"), a public corporation duly and a government instrumentality of the Commonwealth of Puerto Rico, for value received, hereby promises to pay to the order of Puerto Rico Public Finance Corporation ("PFC") or its assigns (the "Obligee"), at the principal office of PFC currently located at Minillas Government Center, De Diego Avenue, San Juan, Puerto Rico, or at such other address specified by the Obligee, in any lawful coin or currency of the United States of America which on the date of payment thereof is legal tender for the payment of public and private debts, solely from moneys appropriated (the "Legislative Appropriation") by the Legislature of Puerto Rico in accordance with the provisions of Act No. 164 of said Legislature, approved December 17, 2001 (the "Act"), the Principal Amount of this Note (said Principal Amount being determined as provided in the next succeeding paragraph), and to pay, in like coin or currency, interest on the unpaid Principal Amount of this Note, from the date hereof, in an amount equal to the Applicable Percentage (as defined below) of the aggregate interest payable on all Act 164 PFC Bonds (as such term is hereinafter defined) (the "Interest Installment"), such interest being computed on the basis of a 360-day year of twelve 30-day months. All terms used herein and not otherwise defined herein shall have the meanings set forth in the Trust Agreement, dated as of June 1, 2004 (the "Trust Agreement"), by and between PFC and U.S. Bank Trust National Association, as trustee (the "Trustee")

The Principal Amount of this Note will at all times be equal to the Applicable Percentage (as defined below) of the aggregate principal amount (Accreted Value in the case of Capital Appreciation Bonds) of all Act 164 PFC Bonds, as such principal amount may be increased or decreased from time to time.

The Debtor agrees that every Fiscal Year, commencing with Fiscal Year 2004-05, it shall make annual payments of principal and interest hereunder (each such payment, the "Annual Installment") in an amount equal to the Applicable Percentage of (x) the sum of the interest, principal, and Accreted Value of the Act 164 PFC Bonds, which is due and payable in the Bond Year commencing within such Fiscal Year (whether at maturity, in connection with an Amortization Requirement, upon redemption or otherwise) (with interest payable on Variable Rate Bonds calculated at the maximum rate specified in such Bonds) less (y) any amounts available in the Sinking Fund for the payment of such amounts in such Bond Year, such payments to be made on or before July 15 of each Fiscal Year, commencing on July 15, 2004, to the extent the Legislative Appropriations have been made on or before such date, and otherwise on or before the date when such amounts become due and payable.

Of the Annual Installment paid each Fiscal Year, an amount equal to the Interest Installment shall constitute interest paid hereunder. The difference between the Annual Installment and the Interest Installment shall be applied against the principal of this Note.

N207689.4

In addition, Debtor agrees to pay, on the date each Annual Installment is paid, the Applicable Percentage of the following additional amounts: (i) any fees, expenses or other amounts becoming due and payable in such Bond Year to the provider (a "Facility Provider"), if applicable, of a Credit Facility or a Liquidity Facility (each, a "Facility") under the agreement relating to such Facility or any amounts required to reimburse a Facility Provider for payments made under any such Facility in respect of the Act 164 PFC Bonds and not theretofore reimbursed; (ii) all payments by the Obligee under any Swap Agreement (if applicable) expected to be due and payable for such Bond Year which relate to the Act 164 PFC Bonds (to the extent not already included in the portion corresponding to interest on such bonds); (iii) the fees or expenses payable to the Trustee under the 2004 Trust Agreement during such Bond Year which relate to the Act 164 PFC Bonds; (iv) any amount then due by Obligee to the Hedge Counterparty (if applicable) for breakage costs or any termination or similar payment under the terms of any Swap Agreement (if applicable) which relate to the Act 164 PFC Bonds; and (v) any other amount becoming due and payable in such Bond Year in respect of the Act 164 PFC Bonds or becoming due and payable under the provisions of the 2004 Trust Agreement which relate to the Act 164 PFC Bonds (collectively, the "Obligations").

This Note is issued under and pursuant to that certain Debt Restructuring and Assignment Agreement, dated as of July 1, 2001 (the "2001 Restructuring Agreement"), by and among the Debtor, Government Development Bank and PFC, as supplemented by a Supplemental Debt Restructuring and Assignment Agreement, dated June 1, 2004 (the "Supplemental Assignment Agreement" and together with the 2001 Restructuring Agreement, the "Restructuring Agreements"), by and among the Debtor, Government Development Bank and PFC, and by the acceptance of this Note, the holder hereof assents to all the provisions and conditions of said Restructuring Agreements.

Once all Act 164 PFC Bonds are deemed to have been paid within the meaning and with the effect expressed in the 2004 Trust Agreement and that certain Trust Agreement, dated December 27, 2001 (the "Parity Trust Agreement"), by and between PFC and The Bank of New York, as trustee, and any amounts then due and owing to a Facility Provider or any Hedge Counterparty have been paid, the obligation of the Debtor to pay principal of and interest on this Note and to pay the Obligations shall cease and terminate, whereupon this Note shall be delivered to the Debtor for cancellation.

The term "Act 164 PFC Bonds" means all Outstanding bonds of PFC (other than PFC's 2001 Series D Bonds, 2002 Series A Bonds and 2002 Series B Bonds or any bonds issued to refund those bonds) issued under the Parity Trust Agreement and the Allocable Share of any bonds the proceeds of which are used to refund those particular bonds.

"Allocable Share" means that percentage (determined from time to time by PFC in its absolute discretion and certified to the Trustee by the President or any Vice President of PFC at the time bonds are issued under the 2004 Trust Agreement), which represents the proportion that the principal amount of bonds issued under the 2004 Trust Agreement to refund Act 164 PFC Bonds bears to the aggregate principal amount of bonds Outstanding under the 2004 Trust Agreement.

"Applicable Percentage" means that percentage determined from time to time by PFC in its absolute discretion and certified to the Trustee by the President or any Vice President of PFC at the time each Series of Act 164 PFC Bonds is issued, which represents the proportion that the Purchase Price (as defined in the 2001 Restructuring Agreement) which has been allocated by PFC to this Note bears to the aggregate Purchase Price (as defined in the respective Debt Restructuring and Assignment Agreement applicable to each Act 164 Authorized Debtor) which has been allocated by PFC to the promissory notes of all Act 164 Authorized Debtors purchased with the proceeds of Act 164 PFC Bonds.

All acts, conditions and things required by the Puerto Rican Federal Relations Act and the Constitution and laws of the Commonwealth of Puerto Rico to happen, exist and be performed precedent to and in the issuance of this Note have happened, exist and have been performed as so required.

The Debtor hereby waives presentment, protest, demand and notice of nonpayment.

The Debtor hereby submits to the venue of any court selected by the Obligee in case of legal action for its collection.

**(Signature Page Follows)**

N207689.4

**IN WITNESS WHEREOF,** the Debtor has caused this Note to bear the manual or facsimile signature of the Executive Director of the Housing Finance Authority of Puerto Rico, all as of the 28th day of June, 2004.

**HOUSING FINANCE AUTHORITY OF PUERTO RICO**

By:_____

Name: José Cestero
Title:  Executive Director

The undersigned hereby acknowledges that this Promissory Note has been assigned and pledged to U.S. Bank Trust National Association, as Trustee under that certain Trust Agreement, dated as of June 1, 2004, by and between PFC and the Trustee.

**HOUSING FINANCE AUTHORITY OF PUERTO RICO**

By:_____

Name: José Cestero
Title:  Executive Director

N207689.4

United States of America
Commonwealth of Puerto Rico
Puerto Rico Aqueduct and Sewer Authority

## PROMISSORY NOTE

**PUERTO RICO AQUEDUCT AND SEWER AUTHORITY**, a public corporation and a governmental instrumentality of the Commonwealth of Puerto Rico for value received, hereby promises to pay to the order of Puerto Rico Public Finance Corporation ("PFC") or its assigns (the "Obligee"), at the principal office of PFC currently located at Minillas Government Center, De Diego Avenue, San Juan, Puerto Rico, or at such other address specified by the Obligee, in any lawful coin or currency of the United States of America which on the date of payment thereof is legal tender for the payment of public and private debts, solely from moneys appropriated (the "Legislative Appropriation") by the Legislature of Puerto Rico in accordance with the provisions of Act No. 164 of said Legislature, approved December 17, 2001 (the "Act"), the Principal Amount of this Note (said Principal Amount being determined as provided in the next succeeding paragraph), and to pay, in like coin or currency, interest on the unpaid Principal Amount of this Note, from the date hereof, in an amount equal to the Applicable Percentage (as defined below) of the aggregate interest payable on all Act 164 PFC Bonds (as such term is hereinafter defined) (the "Interest Installment"), such interest being computed on the basis of a 360-day year of twelve 30-day months. All terms used herein and not otherwise defined herein shall have the meanings set forth in the Trust Agreement, dated as of June 1, 2004 (the "2004 Trust Agreement"), by and between PFC and U.S. Bank Trust National Association, as trustee (the "Trustee").

The Principal Amount of this Note will at all times be equal to the Applicable Percentage (as defined below) of the aggregate principal amount (Accreted Value in the case of Capital Appreciation Bonds) of all Act 164 PFC Bonds, as such principal amount may be increased or decreased from time to time.

The Debtor agrees that every Fiscal Year, commencing with Fiscal Year 2004-05, it shall make annual payments of principal and interest hereunder (each such payment, the "Annual Installment") in an amount equal to the Applicable Percentage of (x) the sum of the interest, principal, and Accreted Value of the Act 164 PFC Bonds, which is due and payable in the Bond Year commencing within such Fiscal Year (whether at maturity, in connection with an Amortization Requirement, upon redemption or otherwise) (with interest payable on Variable Rate Bonds calculated at the maximum rate specified in such Bonds) less (y) any amounts available in the Sinking Fund for the payment of such amounts in such Bond Year, such payments to be made on or before July 15 of each Fiscal Year, commencing on July 15, 2004, to the extent the Legislative Appropriations have been made on or before such date, and otherwise on or before the date when such amounts become due and payable.

N207156.4

Of the Annual Installment paid each Fiscal Year, an amount equal to the Interest Installment shall constitute interest paid hereunder. The difference between the Annual Installment and the Interest Installment shall be applied against the principal of this Note.

In addition, Debtor agrees to pay, on the date each Annual Installment is paid, the Applicable Percentage of the following additional amounts: (i) any fees, expenses or other amounts becoming due and payable in such Bond Year to the provider (a "Facility Provider"), if applicable, of a Credit Facility or a Liquidity Facility (each, a "Facility") under the agreement relating to such Facility or any amounts required to reimburse a Facility Provider for payments made under any such Facility in respect of the Act 164 PFC Bonds and not theretofore reimbursed; (ii) all payments by the Obligee under any Swap Agreement (if applicable) expected to be due and payable for such Bond Year which relate to the Act 164 PFC Bonds (to the extent not already included in the portion corresponding to interest on such bonds); (iii) the fees or expenses payable to the Trustee under the 2004 Trust Agreement during such Bond Year which relate to the Act 164 PFC Bonds; (iv) any amount then due by Obligee to the Hedge Counterparty (if applicable) for breakage costs or any termination or similar payment under the terms of any Swap Agreement (if applicable) which relate to the Act 164 PFC Bonds; and (v) any other amount becoming due and payable in such Bond Year in respect of the Act 164 PFC Bonds or becoming due and payable under the provisions of the 2004 Trust Agreement which relate to the Act 164 PFC Bonds (collectively, the "Obligations").

This Note is issued under and pursuant to that certain Debt Restructuring and Assignment Agreement, dated as of July 1, 2001 (the "2001 Restructuring Agreement"), by and among the Debtor, Government Development Bank and PFC, as supplemented by a Supplemental Debt Restructuring and Assignment Agreement, dated June 1, 2004 (the "Supplemental Assignment Agreement" and together with the 2001 Restructuring Agreement, the "Restructuring Agreements"), by and among the Debtor, Government Development Bank and PFC, and by the acceptance of this Note, the holder hereof assents to all the provisions and conditions of said Restructuring Agreements.

Once all Act 164 PFC Bonds are deemed to have been paid within the meaning and with the effect expressed in the 2004 Trust Agreement and that certain Trust Agreement, dated December 27, 2001 (the "Parity Trust Agreement"), by and between PFC and The Bank of New York, as trustee, and any amounts then due and owing to a Facility Provider or any Hedge Counterparty have been paid, the obligation of the Debtor to pay principal of and interest on this Note and to pay the Obligations shall cease and terminate, whereupon this Note shall be delivered to the Debtor for cancellation.

The term "Act 164 PFC Bonds" means all Outstanding bonds of PFC (other than PFC's 2001 Series D Bonds or any bonds issued to refund those bonds) issued under the Parity Trust Agreement and the Allocable Share of any bonds the proceeds of which are used to refund those particular bonds.

"Allocable Share" means that percentage (determined from time to time by PFC in its absolute discretion and certified to the Trustee by the President or any Vice President of PFC at the time bonds are issued under the 2004 Trust Agreement), which represents the proportion that the principal amount of bonds issued under the 2004 Trust Agreement to refund Act 164 PFC

Bonds bears to the aggregate principal amount of bonds Outstanding under the 2004 Trust Agreement.

"Applicable Percentage" means that percentage determined from time to time by PFC in its absolute discretion and certified to the Trustee by the President or any Vice President of PFC at the time each Series of Act 164 PFC Bonds is issued, which represents the proportion that the Purchase Price (as defined in the 2001 Restructuring Agreement) which has been allocated by PFC to this Note bears to the aggregate Purchase Price (as defined in the respective Debt Restructuring and Assignment Agreement applicable to each Act 164 Authorized Debtor) which has been allocated by PFC to the promissory notes of all Act 164 Authorized Debtors purchased with the proceeds of Act 164 PFC Bonds.

All acts, conditions and things required by the Puerto Rican Federal Relations Act and the Constitution and laws of the Commonwealth of Puerto Rico to happen, exist and be performed precedent to and in the issuance of this Note have happened, exist and have been performed as so required.

The Debtor hereby waives presentment, protest, demand and notice of nonpayment.

The Debtor hereby submits to the venue of any court selected by the Obligee in case of legal action for its collection.

**(Signature Page Follows)**

**IN WITNESS WHEREOF**, the Debtor has caused this Note to bear the manual or facsimile signature of the President of Puerto Rico Aqueduct and Sewer Authority, all as of the 28th day of June, 2004.

PUERTO RICO AQUEDUCT AND SEWER AUTHORITY

By: _____

Name   Jorge Rodríguez Ruiz

Title:   President

The undersigned hereby acknowledges that this Promissory Note has been assigned and pledged to U.S. Bank Trust National Association, as Trustee under that certain Trust Agreement, dated as of June 1, 2004, by and between PFC and the Trustee.

PUERTO RICO AQUEDUCT AND SEWER AUTHORITY

By: _____

Name   Jorge Rodríguez Ruiz

Title:   President

N207156.4

**United States of America**
**Commonwealth of Puerto Rico**
**Puerto Rico Aqueduct and Sewer Authority**

**PROMISSORY NOTE**

Principal Amount: THREE HUNDRED NINETY MILLION DOLLARS ($390,000,000)

      **PUERTO RICO AQUEDUCT AND SEWER AUTHORITY** (hereinafter called the Authority"), a governmental instrumentality of the Commonwealth of Puerto Rico, for value received hereby promises to pay to the order of Puerto Rico Public Finance Corporation, or its assigns (the "Obligee"), at its office currently located at Minillas Government Center, De Diego Avenue, San Juan, Puerto Rico, or at such other address specified by the Obligee, in any lawful coin or currency of the United States of America which on the date of payment thereof is legal tender for the payment of public and private debts, solely from moneys appropriated by the Legislature of Puerto Rico in accordance with the provisions of Joint Resolution No. 523 of said Legislature, adopted August 24, 2000 (the "Legislative Appropriations"), the Principal Amount set forth above and to pay, in like coin or currency, interest on this Note at the rate of eight percent (8%) per annum of the unpaid Principal Amount of this Note based upon the outstanding principal amount of PRASA Bonds (as such term is hereinafter defined) secured thereby (computed on the basis of a 360-day year of twelve 30-day months); provided, however, that in no event shall the aggregate amount of principal paid hereunder and under the Promissory Note of the Authority, dated August 2, 2001, as amended on June 28, 2004 (the "Parity Note") exceed $390,000,000, plus interest calculated at the rate of eight percent (8%) per annum on the unpaid principal amount of this Note and the Parity Note.

      Every Fiscal Year, commencing with Fiscal Year 2004-2005 (all terms used herein and not otherwise defined herein shall have the meanings set forth in the 2004 Trust Agreement hereinafter mentioned), the Authority agrees to make such payments of principal and interest hereunder in an amount equal to the sum of the following amounts (each such payment, the "Annual Installment"), without duplication, and agrees to make such payments on or before July 15 of each Fiscal Year, commencing July 15, 2004, to the extent the Legislative Appropriations have been made on or before such date, and otherwise on or before the date when the following amounts become due and payable: (i) the interest on, principal of, redemption premium, if any, and Accreted Value of the PRASA Bonds which is due and payable in the Bond Year commencing within such Fiscal Year (whether at maturity, in connection with an Amortization Requirement, upon redemption or otherwise) (with interest payable on PRASA Bonds the interest rate on which is not fixed in percentage at the time of their issuance for their term calculated at the maximum rate specified in such PRASA Bonds) less any amounts available in the Sinking Fund for the payment of such amounts in such Bond Year; (ii) any fees, expenses or other amounts becoming due and payable in such Bond Year to the provider (a "Facility Provider"), if applicable, of a Credit Facility or a Liquidity Facility (each, a "Facility") under the agreement relating to such Facility or any amounts required to reimburse a Facility Provider for payments made under any such Facility in respect of the PRASA Bonds and not theretofore reimbursed; (iii) all payments by the Obligee under any Swap Agreement (if applicable)

N207819.3

expected to be due and payable for such Bond Year (to the extent not already included in the portion corresponding to interest on the PRASA Bonds); (iv) any fees or expenses payable to the Trustee under the 2004 Trust Agreement during such Bond Year; (v) any amount then due by Obligee to the Hedge Counterparty (if applicable) for breakage costs or any termination or similar payment under the terms of any Swap Agreement (if applicable); and (vi) any other amount becoming due and payable in such Bond Year in respect of the PRASA Bonds or becoming due and payable under the provisions of the 2004 Trust Agreement (collectively, the "Obligations").

Anything herein to the contrary notwithstanding, the aggregate Annual Installment for this Note and the Parity Note for each Fiscal Year through 2031-2032 inclusive, shall not exceed $34,900,000.

In the event any Annual Installment shall exceed the total amounts necessary to pay the Obligations, the excess shall be deposited in the Sinking Fund and utilized to reduce the Annual Installments payable in any subsequent Fiscal Year.

Of the Annual Installment paid each Fiscal Year, an amount equal to eight percent (8%) per annum of the unpaid principal balance of this Note based upon the Outstanding principal amount of PRASA Bonds secured thereby shall constitute interest paid hereunder (such amount being the "Interest Installment"). The difference between the Annual Installment and the Interest Installment shall constitute the Principal Installment and shall be applied against the principal of this Note and against the principal of the Parity Note.

This Note is issued under and pursuant to Resolution No. 1805 duly adopted by the Governing Board of the Authority on July 18, 2001 and a Debt Restructuring and Assignment Agreement, dated as of August 1, 2001 (the "2001 Restructuring Agreement"), by and among the Authority, the Obligee and the Government Development Bank for Puerto Rico ("Development Bank"), as supplemented by the Supplemental Debt Restructuring and Assignment Agreement, dated as of June 1, 2004 (the "Supplemental Agreement" and, together with the 2001 Restructuring Agreement, the "Restructuring Agreements"), by and among the Authority, the Obligee and the Development Bank, and by the acceptance of this Note, the holder hereof assents to all the provisions and conditions of said Resolution and the Restructuring Agreements.

Once all PRASA Bonds issued under and pursuant to the 2004 Trust Agreement are deemed to have been paid within the meaning and with the effect expressed in the 2004 Trust Agreement and any amounts then due and owing to a Facility Provider or any Hedge Counterparty have been paid, the obligations of the Authority to pay principal of and interest on this Note shall cease and terminate, whereupon this Note shall be delivered to the Authority for cancellation and any amounts remaining in the Sinking Fund shall be paid over to the Corporation, which shall apply such amounts in accordance with the terms of the Restructuring Agreements.

"PRASA Bonds" means all Outstanding bonds of PFC issued under the Parity Trust Agreement and the Allocable Share of any bonds the proceeds of which are used to refund those particular bonds.

"Allocable Share" means that percentage (determined from time to time by PFC in its absolute discretion and certified to the Trustee by the President or any Vice President of PFC at the time bonds are issued under the 2004 Trust Agreement), which represents the proportion that the principal amount of bonds issued under the 2004 Trust Agreement to refund PRASA Bonds bears to the aggregate principal amount of bonds Outstanding under the 2004 Trust Agreement.

The undersigned hereby waives presentment, protest, demand and notice of nonpayment.

The undersigned hereby submits to the venue of any court selected by the Obligee in case of legal action for its collection.

All acts, conditions and things required by the Puerto Rican Federal Relations Act and the Constitution and laws of the Commonwealth of Puerto Rico to happen, exist and be performed precedent to and in the issuance of this Note have happened, exist and have been performed as so required.

**(Signature Page Follows)**

**IN WITNESS WHEREOF,** the Authority has caused this Note to bear the manual signature of the Director of Operations of the Authority, all as of the 28th day of June, 2004.

**PUERTO RICO AQUEDUCT AND SEWER AUTHORITY**

By: _____

Jorge Rodríguez Ruiz, Executive President

The undersigned hereby acknowledges that this Promissory Note has been assigned and pledged to U.S. Bank Trust National Association, as Trustee under that certain Trust Agreement, dated as of June 1, 2004, by and between the Corporation and the Trustee.

**PUERTO RICO AQUEDUCT AND SEWER AUTHORITY**

By: _____

Jorge Rodríguez Ruiz, Executive President

N207819.3

United States of America
Commonwealth of Puerto Rico
Puerto Rico Infrastructure Financing Authority

## PROMISSORY NOTE

**PUERTO RICO INFRASTRUCTURE FINANCING AUTHORITY** (hereinafter called the "Debtor"), a public corporation and instrumentality of the Commonwealth of Puerto Rico, for value received, hereby promises to pay to the order of Puerto Rico Public Finance Corporation ("PFC") or its assigns (the "Obligee"), at the principal office of PFC currently located at Minillas Government Center, De Diego Avenue, San Juan, Puerto Rico, or at such other address specified by the Obligee, in any lawful coin or currency of the United States of America which on the date of payment thereof is legal tender for the payment of public and private debts, solely from moneys appropriated (the "Legislative Appropriation") by the Legislature of Puerto Rico in accordance with the provisions of Act No. 164 of said Legislature, approved December 17, 2001 (the "Act"), the Principal Amount of this Note (said Principal Amount being determined as provided in the next succeeding paragraph), and to pay, in like coin or currency, interest on the unpaid Principal Amount of this Note, from the date hereof, in an amount equal to the Applicable Percentage (as defined below) of the aggregate interest payable on all Act 164 PFC Bonds (as such term is hereinafter defined) (the "Interest Installment"), such interest being computed on the basis of a 360-day year of twelve 30-day months. All terms used herein and not otherwise defined herein shall have the meanings set forth in the Trust Agreement, dated as of June 1, 2004, (the "2004 Trust Agreement"), by and between PFC and U.S. Bank Trust National Association, as trustee (the "Trustee").

The Principal Amount of this Note will at all times be equal to the Applicable Percentage (as defined below) of the aggregate principal amount (Accreted Value in the case of Capital Appreciation Bonds) of all Act 164 PFC Bonds, as such principal amount may be increased or decreased from time to time.

The Debtor agrees that every Fiscal Year, commencing with Fiscal Year 2004-05, it shall make annual payments of principal and interest hereunder (each such payment, the "Annual Installment") in an amount equal to the Applicable Percentage of (x) the sum of the interest, principal, and Accreted Value of the Act 164 PFC Bonds, which is due and payable in the Bond Year commencing within such Fiscal Year (whether at maturity, in connection with an Amortization Requirement, upon redemption or otherwise) (with interest payable on Variable Rate Bonds calculated at the maximum rate specified in such Bonds) less (y) any amounts available in the Sinking Fund for the payment of such amounts in such Bond Year, such payments to be made on or before July 15 of each Fiscal Year, commencing on July 15, 2004, to the extent the Legislative Appropriations have been made on or before such date, and otherwise on or before the date when such amounts become due and payable.

Of the Annual Installment paid each Fiscal Year, an amount equal to the Interest Installment shall constitute interest paid hereunder. The difference between the Annual Installment and the Interest Installment shall be applied against the principal of this Note.

In addition, Debtor agrees to pay, on the date each Annual Installment is paid, the Applicable Percentage of the following additional amounts: (i) any fees, expenses or other amounts becoming due and payable in such Bond Year to the provider (a "Facility Provider"), if applicable, of a Credit Facility or a Liquidity Facility (each, a "Facility") under the agreement relating to such Facility or any amounts required to reimburse a Facility Provider for payments made under any such Facility in respect of the Act 164 PFC Bonds and not theretofore reimbursed; (ii) all payments by the Obligee under any Swap Agreement (if applicable) expected to be due and payable for such Bond Year which relate to the Act 164 PFC Bonds (to the extent not already included in the portion corresponding to interest on such bonds); (iii) the fees or expenses payable to the Trustee under the 2004 Trust Agreement during such Bond Year which relate to the Act 164 PFC Bonds; (iv) any amount then due by Obligee to the Hedge Counterparty (if applicable) for breakage costs or any termination or similar payment under the terms of any Swap Agreement (if applicable) which relate to the Act 164 PFC Bonds; and (v) any other amount becoming due and payable in such Bond Year in respect of the Act 164 PFC Bonds or becoming due and payable under the provisions of the 2004 Trust Agreement which relate to the Act 164 PFC Bonds (collectively, the "Obligations").

This Note is issued under and pursuant to that certain Debt Restructuring and Assignment Agreement, dated as of July 1, 2001 (the "2001 Restructuring Agreement"), by and among the Debtor, Government Development Bank and PFC, as supplemented by a Supplemental Debt Restructuring and Assignment Agreement, dated June 1, 2004 (the "Supplemental Assignment Agreement" and together with the 2001 Restructuring Agreement, the "Restructuring Agreements"), by and among the Debtor, Government Development Bank and PFC, and by the acceptance of this Note, the holder hereof assents to all the provisions and conditions of said Restructuring Agreements.

Once all Act 164 PFC Bonds are deemed to have been paid within the meaning and with the effect expressed in the 2004 Trust Agreement and that certain Trust Agreement, dated December 27, 2001 (the "Parity Trust Agreement"), by and between PFC and The Bank of New York, as trustee, and any amounts then due and owing to a Facility Provider or any Hedge Counterparty have been paid, the obligation of the Debtor to pay principal of and interest on this Note and to pay the Obligations shall cease and terminate, whereupon this Note shall be delivered to the Debtor for cancellation.

The term "Act 164 PFC Bonds" means all Outstanding bonds of PFC (other than PFC's 2001 Series D Bonds, 2002 Series A Bonds and 2002 Series B Bonds or any bonds issued to refund those bonds) issued under the Parity Trust Agreement and the Allocable Share of any bonds the proceeds of which are used to refund those particular bonds.

"Allocable Share" means that percentage (determined from time to time by PFC in its absolute discretion and certified to the Trustee by the President or any Vice President of PFC at the time bonds are issued under the 2004 Trust Agreement), which represents the proportion that the principal amount of bonds issued under the 2004 Trust Agreement to refund Act 164 PFC Bonds bears to the aggregate principal amount of bonds Outstanding under the 2004 Trust Agreement.

"Applicable Percentage" means that percentage determined from time to time by PFC in its absolute discretion and certified to the Trustee by the President or any Vice President of PFC at the time each Series of Act 164 PFC Bonds is issued, which represents the proportion that the Purchase Price (as defined in the 2001 Restructuring Agreement) which has been allocated by PFC to this Note bears to the aggregate Purchase Price (as defined in the respective Debt Restructuring and Assignment Agreement applicable to each Act 164 Authorized Debtor) which has been allocated by PFC to the promissory notes of all Act 164 Authorized Debtors purchased with the proceeds of Act 164 PFC Bonds.

All acts, conditions and things required by the Puerto Rican Federal Relations Act and the Constitution and laws of the Commonwealth of Puerto Rico to happen, exist and be performed precedent to and in the issuance of this Note have happened, exist and have been performed as so required.

The Debtor hereby waives presentment, protest, demand and notice of nonpayment.

The Debtor hereby submits to the venue of any court selected by the Obligee in case of legal action for its collection.

**(Signature Page Follows)**

**IN WITNESS WHEREOF**, the Debtor has caused this Note to bear the manual or facsimile signature of the Executive Director of Puerto Rico Infrastructure Financing Authority, all as of the 28th day of June, 2004.

**PUERTO RICO INFRASTRUCTURE
FINANCING AUTHORITY**

By: _____

Name:  Roxana Santaella Vélez
Title:    Executive Director

The undersigned hereby acknowledges that this Promissory Note has been assigned and pledged to U.S. Bank Trust National Association , as Trustee under that certain Trust Agreement, dated as of June 1, 2004, by and between PFC and the Trustee.

**PUERTO RICO INFRASTRUCTURE
FINANCING AUTHORITY**

By: _____

Name:  Roxana Santaella Vélez
Title:    Executive Director

N207154.5

United States of America
Commonwealth of Puerto Rico
Puerto Rico Solid Waste Authority

**PROMISSORY NOTE**

**PUERTO RICO SOLID WASTE AUTHORITY**, (hereinafter called the "Debtor"), a public corporation and instrumentality of the Commonwealth of Puerto Rico, for value received, hereby promises to pay to the order of Puerto Rico Public Finance Corporation ("PFC") or its assigns (the "Obligee"), at the principal office of PFC currently located at Minillas Government Center, De Diego Avenue, San Juan, Puerto Rico, or at such other address specified by the Obligee, in any lawful coin or currency of the United States of America which on the date of payment thereof is legal tender for the payment of public and private debts, solely from moneys appropriated (the "Legislative Appropriation") by the Legislature of Puerto Rico in accordance with the provisions of Act No. 164 of said Legislature, approved December 17, 2001 (the "Act"), the Principal Amount of this Note (said Principal Amount being determined as provided in the next succeeding paragraph), and to pay, in like coin or currency, interest on the unpaid Principal Amount of this Note, from the date hereof, in an amount equal to the Applicable Percentage (as defined below) of the aggregate interest payable on all Act 164 PFC Bonds (as such term is hereinafter defined) (the "Interest Installment"), such interest being computed on the basis of a 360-day year of twelve 30-day months. All terms used herein and not otherwise defined herein shall have the meanings set forth in the Trust Agreement, dated as of June 1, 2004 (the "2004 Trust Agreement"), by and between PFC and U.S. Bank Trust National Association, as trustee (the "Trustee").

The Principal Amount of this Note will at all times be equal to the Applicable Percentage (as defined below) of the aggregate principal amount (Accreted Value in the case of Capital Appreciation Bonds) of all Act 164 PFC Bonds, as such principal amount may be increased or decreased from time to time.

The Debtor agrees that every Fiscal Year, commencing with Fiscal Year 2004-05, it shall make annual payments of principal and interest hereunder (each such payment, the "Annual Installment") in an amount equal to the Applicable Percentage of (x) the sum of the interest, principal, and Accreted Value of the Act 164 PFC Bonds, which is due and payable in the Bond Year commencing within such Fiscal Year (whether at maturity, in connection with an Amortization Requirement, upon redemption or otherwise) (with interest payable on Variable Rate Bonds calculated at the maximum rate specified in such Bonds) less (y) any amounts available in the Sinking Fund for the payment of such amounts in such Bond Year, such payments to be made on or before July 15 of each Fiscal Year, commencing on July 15, 2004, to the extent the Legislative Appropriations have been made on or before such date, and otherwise on or before the date when such amounts become due and payable.

Of the Annual Installment paid each Fiscal Year, an amount equal to the Interest Installment shall constitute interest paid hereunder. The difference between the Annual Installment and the Interest Installment shall be applied against the principal of this Note.

In addition, Debtor agrees to pay, on the date each Annual Installment is paid, the Applicable Percentage of the following additional amounts: (i) any fees, expenses or other amounts becoming due and payable in such Bond Year to the provider (a "Facility Provider"), if applicable, of a Credit Facility or a Liquidity Facility (each, a "Facility") under the agreement relating to such Facility or any amounts required to reimburse a Facility Provider for payments made under any such Facility in respect of the Act 164 PFC Bonds and not theretofore reimbursed; (ii) all payments by the Obligee under any Swap Agreement (if applicable) expected to be due and payable for such Bond Year which relate to the Act 164 PFC Bonds (to the extent not already included in the portion corresponding to interest on such bonds); (iii) the fees or expenses payable to the Trustee under the 2004 Trust Agreement during such Bond Year which relate to the Act 164 PFC Bonds; (iv) any amount then due by Obligee to the Hedge Counterparty (if applicable) for breakage costs or any termination or similar payment under the terms of any Swap Agreement (if applicable) which relate to the Act 164 PFC Bonds; and (v) any other amount becoming due and payable in such Bond Year in respect of the Act 164 PFC Bonds or becoming due and payable under the provisions of the 2004 Trust Agreement which relate to the Act 164 PFC Bonds (collectively, the "Obligations").

This Note is issued under and pursuant to that certain Debt Restructuring and Assignment Agreement, dated as of July 1, 2001 (the "2001 Restructuring Agreement"), by and among the Debtor, Government Development Bank and PFC, as supplemented by a Supplemental Debt Restructuring and Assignment Agreement, dated June 1, 2004 (the "Supplemental Assignment Agreement" and together with the 2001 Restructuring Agreement, the "Restructuring Agreements"), by and among the Debtor, Government Development Bank and PFC, and by the acceptance of this Note, the holder hereof assents to all the provisions and conditions of said Restructuring Agreements.

Once all Act 164 PFC Bonds are deemed to have been paid within the meaning and with the effect expressed in the 2004 Trust Agreement and that certain Trust Agreement, dated December 27, 2001 (the "Parity Trust Agreement"), by and between PFC and The Bank of New York, as trustee, and any amounts then due and owing to a Facility Provider or any Hedge Counterparty have been paid, the obligation of the Debtor to pay principal of and interest on this Note and to pay the Obligations shall cease and terminate, whereupon this Note shall be delivered to the Debtor for cancellation.

The term "Act 164 PFC Bonds" means all Outstanding bonds of PFC (other than PFC's 2001 Series D Bonds, 2002 Series A Bonds and 2002 Series B Bonds or any bonds issued to refund those bonds) issued under the Parity Trust Agreement and the Allocable Share of any bonds the proceeds of which are used to refund those particular bonds.

"Allocable Share" means that percentage (determined from time to time by PFC in its absolute discretion and certified to the Trustee by the President or any Vice President of PFC at the time bonds are issued under the 2004 Trust Agreement), which represents the proportion that the principal amount of bonds issued under the 2004 Trust Agreement to refund Act 164 PFC

Bonds bears to the aggregate principal amount of bonds Outstanding under the 2004 Trust Agreement.

"Applicable Percentage" means that percentage determined from time to time by PFC in its absolute discretion and certified to the Trustee by the President or any Vice President of PFC at the time each Series of Act 164 PFC Bonds is issued, which represents the proportion that the Purchase Price (as defined in the 2001 Restructuring Agreement) which has been allocated by PFC to this Note bears to the aggregate Purchase Price (as defined in the respective Debt Restructuring and Assignment Agreement applicable to each Act 164 Authorized Debtor) which has been allocated by PFC to the promissory notes of all Act 164 Authorized Debtors purchased with the proceeds of Act 164 PFC Bonds.

All acts, conditions and things required by the Puerto Rican Federal Relations Act and the Constitution and laws of the Commonwealth of Puerto Rico to happen, exist and be performed precedent to and in the issuance of this Note have happened, exist and have been performed as so required.

The Debtor hereby waives presentment, protest, demand and notice of nonpayment.

The Debtor hereby submits to the venue of any court selected by the Obligee in case of legal action for its collection.

**(Signature Page Follows)**

N207148.5

**IN WITNESS WHEREOF**, the Debtor has caused this Note to bear the manual or facsimile signature of the Secretary of the Department of Natural Resources, all as of the 28th day of June, 2004.

**PUERTO RICO SOLID WASTE AUTHORITY**

By: _____
Name  Luis E. Rodríguez
Title:   Secretary, Department of Natural
          Resources

The undersigned hereby acknowledges that this Promissory Note has been assigned and pledged to U.S. Trust Bank National Association, as Trustee under that certain Trust Agreement, dated June 1, 2004, by and between PFC and the Trustee.

**PUERTO RICO SOLID WASTE AUTHORITY**

By: _____
Name  Luis E. Rodríguez
Title:   Secretary, Department of Natural
          Resources

N207148.5

**United States of America**
**Commonwealth of Puerto Rico**
**Puerto Rico Sugar Corporation**

### PROMISSORY NOTE

      **PUERTO RICO LAND AUTHORITY** (hereafter called the "Debtor"), as successor to PUERTO RICO SUGAR CORPORATION, a public corporation and instrumentality of the Commonwealth of Puerto Rico, for value received, hereby promises to pay to the order of Puerto Rico Public Finance Corporation ("PFC") or its assigns (the "Obligee"), at the principal office of PFC currently located at Minillas Government Center, De Diego Avenue, San Juan, Puerto Rico, or at such other address specified by the Obligee, in any lawful coin or currency of the United States of America which on the date of payment thereof is legal tender for the payment of public and private debts, solely from moneys appropriated (the "Legislative Appropriation") by the Legislature of Puerto Rico in accordance with the provisions of Act No. 164 of said Legislature, approved December 17, 2001 (the "Act"), the Principal Amount of this Note (said Principal Amount being determined as provided in the next succeeding paragraph), and to pay, in like coin or currency, interest on the unpaid Principal Amount of this Note, from the date hereof, in an amount equal to the Applicable Percentage (as defined below) of the aggregate interest payable on all Act 164 PFC Bonds (as such term is hereinafter defined) (the "Interest Installment"), such interest being computed on the basis of a 360-day year of twelve 30-day months. All terms used herein and not otherwise defined herein shall have the meanings set forth in the Trust Agreement, dated as of June 1, 2004 (the "2004 Trust Agreement") by and between PFC and U.S. Bank Trust National Association, as trustee (the "Trustee").

      The Principal Amount of this Note will at all times be equal to the Applicable Percentage (as defined below) of the aggregate principal amount (Accreted Value in the case of Capital Appreciation Bonds) of all Act 164 PFC Bonds, as such principal amount may be increased or decreased from time to time.

      The Debtor agrees that every Fiscal Year, commencing with Fiscal Year 2004-05, it shall make annual payments of principal and interest hereunder (each such payment, the "Annual Installment") in an amount equal to the Applicable Percentage of (x) the sum of the interest, principal, and Accreted Value of the Act 164 PFC Bonds, which is due and payable in the Bond Year commencing within such Fiscal Year (whether at maturity, in connection with an Amortization Requirement, upon redemption or otherwise) (with interest payable on Variable Rate Bonds calculated at the maximum rate specified in such Bonds) less (y) any amounts available in the Sinking Fund for the payment of such amounts in such Bond Year, such payments to be made on or before July 15 of each Fiscal Year, commencing on July 15, 2004, to the extent the Legislative Appropriations have been made on or before such date, and otherwise on or before the date when such amounts become due and payable.

Of the Annual Installment paid each Fiscal Year, an amount equal to the Interest Installment shall constitute interest paid hereunder. The difference between the Annual Installment and the Interest Installment shall be applied against the principal of this Note.

In addition, Debtor agrees to pay, on the date each Annual Installment is paid, the Applicable Percentage of the following additional amounts: (i) any fees, expenses or other amounts becoming due and payable in such Bond Year to the provider (a "Facility Provider"), if applicable, of a Credit Facility or a Liquidity Facility (each, a "Facility") under the agreement relating to such Facility or any amounts required to reimburse a Facility Provider for payments made under any such Facility in respect of the Act 164 PFC Bonds and not theretofore reimbursed; (ii) all payments by the Obligee under any Swap Agreement (if applicable) expected to be due and payable for such Bond Year which relate to the Act 164 PFC Bonds (to the extent not already included in the portion corresponding to interest on such bonds); (iii) the fees or expenses payable to the Trustee under the 2004 Trust Agreement during such Bond Year which relate to the Act 164 PFC Bonds; (iv) any amount then due by Obligee to the Hedge Counterparty (if applicable) for breakage costs or any termination or similar payment under the terms of any Swap Agreement (if applicable) which relate to the Act 164 PFC Bonds; and (v) any other amount becoming due and payable in such Bond Year in respect of the Act 164 PFC Bonds or becoming due and payable under the provisions of the 2004 Trust Agreement which relate to the Act 164 PFC Bonds (collectively, the "Obligations").

This Note is issued under and pursuant to that certain Debt Restructuring and Assignment Agreement, dated as of July 1, 2001 (the "2001 Restructuring Agreement"), by and among the Debtor, Government Development Bank and PFC, as supplemented by a Supplemental Debt Restructuring and Assignment Agreement, dated June 1, 2004 (the "Supplemental Assignment Agreement" and together with the 2001 Restructuring Agreement, the "Restructuring Agreements"), by and among the Debtor, Government Development Bank and PFC, and by the acceptance of this Note, the holder hereof assents to all the provisions and conditions of said Restructuring Agreements.

Once all Act 164 PFC Bonds are deemed to have been paid within the meaning and with the effect expressed in the 2004 Trust Agreement and that certain Trust Agreement, dated December 27, 2001 (the "Parity Trust Agreement"), by and between PFC and The Bank of New York, as trustee, and any amounts then due and owing to a Facility Provider or any Hedge Counterparty have been paid, the obligation of the Debtor to pay principal of and interest on this Note and to pay the Obligations shall cease and terminate, whereupon this Note shall be delivered to the Debtor for cancellation.

The term "Act 164 PFC Bonds" means all Outstanding bonds of PFC (other than PFC's 2001 Series D Bonds, 2002 Series A Bonds and 2002 Series B Bonds or any bonds issued to refund those bonds) issued under the Parity Trust Agreement and the Allocable Share of any bonds the proceeds of which are used to refund those particular bonds.

"Allocable Share" means that percentage (determined from time to time by PFC in its absolute discretion and certified to the Trustee by the President or any Vice President of PFC at the time bonds are issued under the 2004 Trust Agreement), which represents the proportion that the principal amount of bonds issued under the 2004 Trust Agreement to refund Act 164 PFC

Bonds bears to the aggregate principal amount of bonds Outstanding under the 2004 Trust Agreement.

"Applicable Percentage" means that percentage determined from time to time by PFC in its absolute discretion and certified to the Trustee by the President or any Vice President of PFC at the time each Series of Act 164 PFC Bonds is issued, which represents the proportion that the Purchase Price (as defined in the 2001 Restructuring Agreement) which has been allocated by PFC to this Note bears to the aggregate Purchase Price (as defined in the respective Debt Restructuring and Assignment Agreement applicable to each Act 164 Authorized Debtor) which has been allocated by PFC to the promissory notes of all Act 164 Authorized Debtors purchased with the proceeds of Act 164 PFC Bonds.

All acts, conditions and things required by the Puerto Rican Federal Relations Act and the Constitution and laws of the Commonwealth of Puerto Rico to happen, exist and be performed precedent to and in the issuance of this Note have happened, exist and have been performed as so required.

The Debtor hereby waives presentment, protest, demand and notice of nonpayment.

The Debtor hereby submits to the venue of any court selected by the Obligee in case of legal action for its collection.

**(Signature Page Follows)**

N207152.5

**IN WITNESS WHEREOF**, the Debtor has caused this Note to bear the manual or facsimile signature of its Executive Director, all as of the 28th day of June, 2004.

**PUERTO RICO LAND AUTHORITY**

By: _____

José Fabre
Executive Director

The undersigned hereby acknowledges that this Promissory Note has been assigned and pledged to U.S. Bank Trust National Association, as Trustee under that certain Trust Agreement, dated as of June 1, 2004, by and between PFC and the Trustee.

**PUERTO RICO LAND AUTHORITY**

By: _____

José Fabre
Executive Director

N207809.5

United States of America
Commonwealth of Puerto Rico
Department of Treasury

**PROMISSORY NOTE**

**COMMONWEALTH OF PUERTO RICO**, acting through the Department of Treasury (hereinafter called the "Debtor"), an executive department of the Commonwealth of Puerto Rico for value received, hereby promises to pay to the order of Puerto Rico Public Finance Corporation ("PFC") or its assigns (the "Obligee"), at the principal office of PFC currently located at Minillas Government Center, De Diego Avenue, San Juan, Puerto Rico, or at such other address specified by the Obligee, in any lawful coin or currency of the United States of America which on the date of payment thereof is legal tender for the payment of public and private debts, solely from moneys appropriated (the "Legislative Appropriation") by the Legislature of Puerto Rico in accordance with the provisions of Act No. 164 of said Legislature, approved December 17, 2001 (the "Act"), the Principal Amount of this Note (said Principal Amount being determined as provided in the next succeeding paragraph), and to pay, in like coin or currency, interest on the unpaid Principal Amount of this Note, from the date hereof, in an amount equal to the Applicable Percentage (as defined below) of the aggregate interest payable on all Act 164 PFC Bonds (as such term is hereinafter defined) (the "Interest Installment"), such interest being computed on the basis of a 360-day year of twelve 30-day months. All terms used herein and not otherwise defined herein shall have the meanings set forth in the Trust Agreement, dated as of June 1, 2004, (the "2004 Trust Agreement"), by and between PFC and U.S. Bank Trust National Association, as trustee (the "Trustee").

The Principal Amount of this Note will at all times be equal to the Applicable Percentage (as defined below) of the aggregate principal amount (Accreted Value in the case of Capital Appreciation Bonds) of all Act 164 PFC Bonds, as such principal amount may be increased or decreased from time to time.

The Debtor agrees that every Fiscal Year, commencing with Fiscal Year 2004-05, it shall make annual payments of principal and interest hereunder (each such payment, the "Annual Installment") in an amount equal to the Applicable Percentage of (x) the sum of the interest, principal, and Accreted Value of the Act 164 PFC Bonds, which is due and payable in the Bond Year commencing within such Fiscal Year (whether at maturity, in connection with an Amortization Requirement, upon redemption or otherwise) (with interest payable on Variable Rate Bonds calculated at the maximum rate specified in such Bonds) less (y) any amounts available in the Sinking Fund for the payment of such amounts in such Bond Year, such payments to be made on or before July 15 of each Fiscal Year, commencing on July 15, 2004, to the extent the Legislative Appropriations have been made on or before such date, and otherwise on or before the date when such amounts become due and payable.

N207690.7

Of the Annual Installment paid each Fiscal Year, an amount equal to the Interest Installment shall constitute interest paid hereunder. The difference between the Annual Installment and the Interest Installment shall be applied against the principal of this Note.

In addition, Debtor agrees to pay, on the date each Annual Installment is paid, the Applicable Percentage of the following additional amounts: (i) any fees, expenses or other amounts becoming due and payable in such Bond Year to the provider (a "Facility Provider"), if applicable, of a Credit Facility or a Liquidity Facility (each, a "Facility") under the agreement relating to such Facility or any amounts required to reimburse a Facility Provider for payments made under any such Facility in respect of the Act 164 PFC Bonds and not theretofore reimbursed; (ii) all payments by the Obligee under any Swap Agreement (if applicable) expected to be due and payable for such Bond Year which relate to the Act 164 PFC Bonds (to the extent not already included in the portion corresponding to interest on such bonds); (iii) the fees or expenses payable to the Trustee under the 2004 Trust Agreement during such Bond Year which relate to the Act 164 PFC Bonds; (iv) any amount then due by Obligee to the Hedge Counterparty (if applicable) for breakage costs or any termination or similar payment under the terms of any Swap Agreement (if applicable) which relate to the Act 164 PFC Bonds; and (v) any other amount becoming due and payable in such Bond Year in respect of the Act 164 PFC Bonds or becoming due and payable under the provisions of the 2004 Trust Agreement which relate to the Act 164 PFC Bonds (collectively, the "Obligations").

This Note is issued under and pursuant to that certain Debt Restructuring and Assignment Agreement, dated as of July 1, 2001 (the "2001 Restructuring Agreement"), by and among the Debtor, Government Development Bank and PFC, as supplemented by a Supplemental Debt Restructuring and Assignment Agreement, dated June 1, 2004 (the "Supplemental Assignment Agreement" and together with the 2001 Restructuring Agreement, the "Restructuring Agreements"), by and among the Debtor, Government Development Bank and PFC, and by the acceptance of this Note, the holder hereof assents to all the provisions and conditions of said Restructuring Agreements.

Once all Act 164 PFC Bonds are deemed to have been paid within the meaning and with the effect expressed in the 2004 Trust Agreement and that certain Trust Agreement, dated December 27, 2001 (the "Parity Trust Agreement"), by and between PFC and The Bank of New York, as trustee, and any amounts then due and owing to a Facility Provider or any Hedge Counterparty have been paid, the obligation of the Debtor to pay principal of and interest on this Note and to pay the Obligations shall cease and terminate, whereupon this Note shall be delivered to the Debtor for cancellation.

The term "Act 164 PFC Bonds" means all Outstanding bonds of PFC (other than PFC's 2001 Series D Bonds, 2002 Series A Bonds and 2002 Series B Bonds or any bonds issued to refund those bonds) issued under the Parity Trust Agreement and the Allocable Share of any bonds the proceeds of which are used to refund those particular bonds.

"Allocable Share" means that percentage (determined from time to time by PFC in its absolute discretion and certified to the Trustee by the President or any Vice President of PFC at the time bonds are issued under the 2004 Trust Agreement), which represents the proportion that the principal amount of bonds issued under the 2004 Trust Agreement to refund Act 164 PFC

Bonds bears to the aggregate principal amount of bonds Outstanding under the 2004 Trust Agreement.

"Applicable Percentage" means that percentage determined from time to time by PFC in its absolute discretion and certified to the Trustee by the President or any Vice President of PFC at the time each Series of Act 164 PFC Bonds is issued, which represents the proportion that the Purchase Price (as defined in the 2001 Restructuring Agreement) which has been allocated by PFC to this Note bears to the aggregate Purchase Price (as defined in the respective Debt Restructuring and Assignment Agreement applicable to each Act 164 Authorized Debtor) which has been allocated by PFC to the promissory notes of all Act 164 Authorized Debtors purchased with the proceeds of Act 164 PFC Bonds.

All acts, conditions and things required by the Puerto Rican Federal Relations Act and the Constitution and laws of the Commonwealth of Puerto Rico to happen, exist and be performed precedent to and in the issuance of this Note have happened, exist and have been performed as so required.

The Debtor hereby waives presentment, protest, demand and notice of nonpayment.

The Debtor hereby submits to the venue of any court selected by the Obligee in case of legal action for its collection.

**(Signature Page Follows)**

**IN WITNESS WHEREOF**, the Debtor has caused this Note to bear the manual or facsimile signature of the Secretary of Treasury of Puerto Rico, all as of the 28th day of June, 2004.

**DEPARTMENT OF TREASURY**

By: _Juan A. Flores Galarza_

Name: Juan A. Flores Galarza

Title: Secretary of Treasury

The undersigned hereby acknowledges that this Promissory Note has been assigned and pledged to U. S. Bank Trust National Association, as Trustee under that certain Trust Agreement, dated as of June 1, 2004, by and between PFC and the Trustee.

**DEPARTMENT OF TREASURY**

By: _Juan A. Flores Galarza_

Name: Juan A. Flores Galarza

Title: Secretary of Treasury

N207690.7

**United States of America**

**Commonwealth of Puerto Rico**

**Puerto Rico Maritime Shipping Authority**

**PROMISSORY NOTE**

Principal Amount:    Three Hundred and Ten Million Dollars ($310,000,000)

      **FOR VALUE RECEIVED, THE UNDERSIGNED , PUERTO RICO MARITIME SHIPPING AUTHORITY (THE "AUTHORITY") , DOES HEREBY PROMISE TO PAY** to the order of Puerto Rico Public Finance Corporation, or its assigns (the "Obligee"), at its office currently located at Minillas Government Center, De Diego Avenue, San Juan, Puerto Rico, or at such other address specified by the Obligee, in any lawful coin or currency of the United States of America which on the date of payment thereof is legal tender for the payment of public and private debts, solely from moneys appropriated by the Legislature of Puerto Rico in accordance with the provisions of Act No. 113 of said Legislature, approved September 27, 1994 (the "Legislative Appropriations"), the Principal Amount set forth above and to pay interest on this Note, in like coin or currency, in an amount equal to the Interest Installment (as defined below), such amount not to exceed a rate of twelve percent (12%) per annum of the unpaid principal amount of this Note based on the Outstanding principal amount of PRMSA Bonds (as such term is hereinafter defined) secured thereby (computed on the basis of a 360 day year of twelve 30-day months); provided, however, that in no event shall the aggregate amount of principal paid hereunder and under the Promissory Note of the Authority, dated June 30, 1995, as amended on June 28, 2004, in favor of the Obligee (the "Parity Note") exceed $310,000,000, plus interest calculated at the rate of twelve percent (12%) per annum on the unpaid principal amount of this Note and the Parity Note.

      Every Fiscal Year (all capitalized terms used herein and not otherwise defined herein shall have the meanings set forth in the Trust Agreement (the "2004 Trust Agreement"), dated as of June 1, 2004, between the Corporation and U. S. Bank Trust National Association, as trustee (the "Trustee"), the Authority agrees to make such payments of principal and interest hereunder in an amount equal to the sum of the following amounts (the "Annual Installment"), and agrees to make such payments on or before July 15 of each Fiscal Year, to the extent the Legislative Appropriations have been made on or before such date, and otherwise on or before the date when the following amounts become due and payable, commencing with Fiscal Year 2004-05: (i) the interest on, principal of, redemption premium, if any, and Accreted Value or Appreciated Value of the PRMSA Bonds which is due and payable in such Fiscal Year (whether at maturity, in connection with an Amortization Requirement, upon redemption or otherwise); (ii) the amount required to purchase or redeem PRMSA Bonds in such Fiscal Year pursuant to the 2004 Trust

Agreement; (iii) the amounts required to be deposited to the credit of the Reserve Account established under the 2004 Trust Agreement in such Fiscal Year; (iv) any Fees or any Reimbursement (as hereinafter defined) becoming due and payable in such Fiscal Year; and, (v) any Other Amounts (as hereinafter defined) becoming due and payable in such Fiscal Year.

Of the Annual Installment paid, an amount equal to the sum of the Principal Installment (as hereinafter defined) paid hereunder and the principal installment paid on the Parity Note shall be applied against the principal amount of this Note and the Parity Note. The difference between the Annual Installment paid on this Note and the Principal Installment paid on this Note shall constitute interest paid hereunder (the "Interest Installment").

The term "Principal Installment" shall mean, for each Fiscal Year, an amount equal to (A) the sum of (i) the principal of the PRMSA Bonds (as hereinafter defined), other than Capital Appreciation Bonds and Capital Appreciation and Income Bonds, paid in such Fiscal Year, (ii) the maturity amount or any Amortization Requirement of any Capital Appreciation Bonds or Capital Appreciation and Income Bonds becoming due and payable in such Fiscal Year, (iii) the redemption premium, if any, paid in such Fiscal Year in respect of any PRMSA Bonds, (iv) any fees paid in such Fiscal Year to the provider of a Credit Facility, Liquidity Facility, Reserve Account Insurance Policy or Reserve Account Letter of Credit (each a "Facility") under the agreement relating to such Facility and any fees or reimbursement for expenses payable to the Trustee (as hereinafter defined) under the 2004 Trust Agreement (all such fees are hereinafter collectively referred to as "Fees") and (v) any other amount paid in respect of the PRMSA Bonds (other than those set forth as interest hereunder) or paid under the provisions of the 2004 Trust Agreement ("Other Amounts") in such Fiscal Year, less (B) the sum of (i) the difference between the aggregate Accreted Value of all Capital Appreciation Bonds as of the first Valuation Date in such Fiscal Year (including the maturity amount or any Amortization Requirement of any Capital Appreciation Bonds becoming due and payable on such Valuation Date) and the aggregate Accreted Value of all Capital Appreciation Bonds as of the first Valuation Date in the preceding Fiscal Year (excluding the maturity amount or any Amortization Requirement of any Capital Appreciation Bonds becoming due and payable on such Valuation Date) and (ii) the difference between the aggregate Appreciated Value of all Capital Appreciation and Income Bonds as of the first Valuation Date in such Fiscal Year (including the maturity amount or any Amortization Requirement of any Capital Appreciation and Income Bonds becoming due and payable on such Valuation Date) and the aggregate Appreciated Value of all Capital Appreciation and Income Bonds as of the first Valuation Date in the preceding Fiscal Year (excluding the maturity amount or any Amortization Requirement of any Capital Appreciation and Income Bonds becoming due and payable on such Valuation Date). Principal Installment shall not include any Fees or Other Amounts which are paid out of the proceeds of any PRMSA Bonds.

Any amounts required to reimburse a provider of a Facility, for payments made under any such Facility in respect of PRMSA Bonds (a "Reimbursement") shall be allocated to principal of this Note to the extent such Reimbursement is being paid in respect of a Principal Installment and any amount in excess thereof shall be allocated to interest on this Note.

Once all Bonds are deemed to have been paid within the meaning and with the effect expressed in Section 1201 of the Trust Agreement, and any amounts then due and owing to a

provider of a Facility have been paid, the obligations of the Authority to pay the principal of and interest on this Note shall cease and terminate, whereupon this Note shall be delivered to the Authority for cancellation.

"PRMSA Bonds" means all Outstanding bonds of PFC issued under the Parity Trust Agreement and the Allocable Share of any bonds the proceeds of which are used to refund those particular bonds.

"Allocable Share" means that percentage (determined from time to time by PFC in its absolute discretion and certified to the Trustee by the President or any Vice President of PFC at the time bonds are issued under the 2004 Trust Agreement), which represents the proportion that the principal amount of bonds issued under the 2004 Trust Agreement to refund PRMSA Bonds bears to the aggregate principal amount of bonds Outstanding under the 2004 Trust Agreement.

The undersigned hereby waives presentment, protest, demand and notices of nonpayment.

The undersigned hereby submits to the venue of any court selected by the Obligee in case of legal action for its collection.

**(Signature Page Follows)**

IN WITNESS WHEREOF, the Authority has caused this Note to bear the signature of the President of the Authority, all as of the 28th day of June, 2004.

**PUERTO RICO MARITIME SHIPPING AUTHORITY**

By: _____

The undersigned hereby acknowledges that this Promissory Note has been assigned and pledged to U. S. Bank Trust National Association, as Trustee under that certain Trust Agreement, dated as of June 1, 2004 between the Corporation and the Trustee.

**PUERTO RICO MARITIME SHIPPING AUTHORITY**

By: _____

United States of America
Commonwealth of Puerto Rico
Puerto Rico Land Authority

**PROMISSORY NOTE**

**PUERTO RICO LAND AUTHORITY** (hereinafter called the "Debtor"), a public corporation and a governmental instrumentality of the Commonwealth of Puerto Rico, for value received, hereby promises to pay to the order of Government Development Bank for Puerto Rico ("GDB") or its assigns (the "Obligee"), at the principal office of GDB currently located at Minillas Government Center, De Diego Avenue, San Juan, Puerto Rico, or at such other address specified by the Obligee, in any lawful coin or currency of the United State of America which on the date of payment thereof is legal tender for the payment of public and private debts, solely from moneys appropriated by the Legislature of Puerto Rico in accordance with the provisions of Act No. 164 of said Legislature, approved December 17, 2001 (the "Legislative Appropriation"), the Principal Amount of this Note, which shall be determined in accordance with the terms set forth below, and to pay, in like coin or currency, interest on the unpaid Principal Amount of this Note, from the date hereof, in an amount determined in accordance with the terms set forth below (computed on the basis of a 360-day year or twelve 30-day months). All terms used herein and not otherwise defined herein shall have the meanings set forth in the Trust Agreement, dated as of June 1, 2004 (the "2004 Trust Agreement"), by and between Puerto Rico Public Finance Corporation ("PFC") and U.S. Bank Trust National Association, as trustee (the "Trustee").

This Note is issued under and pursuant to that certain Debt Restructuring and Assignment Agreement, dated as of July 1, 2001 (the "2001 Restructuring Agreement"), by and among the Debtor, GDB, and PFC, as supplemented by the Supplemental Debt Restructuring and Assignment Agreement, dated as of June 1, 2004 (the "Supplemental Assignment Agreement" and together with the 2001 Restructuring Agreement, the "Restructuring Agreements"), by and among the Debtor, GDB, and PFC, and by the acceptance of this Note, the holder hereof assents to all the provisions and conditions of said Restructuring Agreements.

The Principal Amount of this Note will be adjusted so that at all times, such Principal Amount is equal to the Applicable Percentage (as defined below) of the aggregate principal amount (Accreted Value in the case of capital appreciation bonds) of all Act 164 PFC Bonds (as such term is hereinafter defined), as such principal amount may be increased or decreased from time to time.

The Debtor agrees to pay, in like coin or currency, interest on the unpaid Principal Amount of this Note, in an amount equal to the Applicable Percentage (as defined below) of the aggregate interest payable on all Act 164 PFC Bonds (the "Interest Installment"), such interest being computed on the basis of a 360-day year of twelve 30-day months.

All acts, conditions and things required by the Puerto Rican Federal Relations Act and the Constitution and laws of the Commonwealth of Puerto Rico to happen, exist and be performed precedent to and in the issuance of this Note have happened, exist and have been performed as so required.

N207809.5

The Debtor hereby waives presentment, protest, demand and notice of nonpayment.

The Debtor hereby submits to the venue of any court selected by the Obligee in case of legal action for its collection.

The Debtor agrees that every Fiscal Year, commencing with Fiscal Year 2002-03, it shall make annual payments of principal and interest hereunder (each such payment, the "Annual Installment") in an amount equal to the Applicable Percentage of (x) the sum of the interest, principal, and Accreted Value of the Act 164 PFC Bonds, which is due and payable in the Bond Year commencing within such Fiscal Year (whether at maturity, in connection with an Amortization Requirement, upon redemption or otherwise) (with interest payable on Variable Rate Bonds calculated at the maximum rate specified in such Bonds) less (y) any amounts available in the Sinking Fund for the payment of such amounts in such Bond Year, such payments to be made on or before July 15 of each Fiscal Year, commencing on July 15, 2002, to the extent the Legislative Appropriations have been made on or before such date, and otherwise on or before the date when such amounts become due and payable.

Of the Annual Installment paid each Fiscal Year, and amount equal to the Interest Installment shall constitute interest paid hereunder. The difference between the Annual Installment and the Interest Installment shall be applied against the principal of this Note.

In addition, Debtor agrees to pay, on the date each Annual Installment is paid, the Applicable Percentage of the following additional amounts: (i) any fees, expenses or other amounts becoming due and payable in such Bond Year to the provider (a "Facility Provider"), if applicable, of a Credit Facility or a Liquidity Facility (each, a "Facility") under the agreement relating to such Facility or any amounts required to reimburse a Facility Provider for payments made under any such Facility in respect of the Act 164 PFC Bonds and not theretofore reimbursed; (ii) all payments by the Obligee under any Swap Agreement (if applicable) expected to be due and payable for such Bond Year which relate to the Act 164 PFC Bonds (to the extent not already included in the portion corresponding to interest on such bonds); (iii) the fees or expenses payable to the Trustee under the Trust Agreement during such Bond Year which relate to the Act 164 PFC Bonds; (iv) any amount then due by Obligee to the Hedge Counterparty (if applicable) for breakage costs or any termination or similar payment under the terms of any Swap Agreement (if applicable) which relate to the Act 164 PFC Bonds; and (v) any other amount becoming due and payable in such Bond Year in respect of the Act 164 PFC Bonds or becoming due and payable under the provisions of the 2004 Trust Agreement which relate to the Act 164 PFC Bonds (collectively, the "Obligations").

Once all Act 164 PFC Bonds are deemed to have been paid within the meaning and with the effect expressed in the 2004 Trust Agreement and that certain Trust Agreement, dated December 27, 2001 (the "Parity Trust Agreement") by and between PFC and The Bank of New York, as trustee, any amounts then due and owing to a Facility Provider or any Hedge Counterparty have been paid, the obligation of the Debtor to pay principal of and interest on this Note and to pay the Obligations shall cease and terminate, whereupon this Note shall be delivered to the Debtor for cancellation.

The term "Act 164 PFC Bonds" means all Outstanding bonds of PFC (other than PFC's 2001 Series D Bonds, 2002 Series A Bonds and 2002 Series B Bonds or any bonds issued to

refund those bonds) issued under the Parity Trust Agreement and the Allocable Share of any bonds the proceeds of which are used to refund those particular bonds.

"Allocable Share" means that percentage (determined from time to time by PFC in its absolute discretion and certified to the Trustee by the President or any Vice President of PFC at the time bonds are issued under the 2004 Trust Agreement), which represents the proportion that the principal amount of bonds issued under the 2004 Trust Agreement to refund Act 164 PFC Bonds bears to the aggregate principal amount of bonds Outstanding under the 2004 Trust Agreement.

"Applicable Percentage" means that percentage determined from time to time by PFC in its absolute discretion and certified to the Trustee by the President or any Vice President of PFC at the time each Series of Act 164 PFC Bonds is issued, which represents the proportion that the Purchase Price (as defined in the 2001 Restructuring Agreement) which has been allocated by PFC to this Note bears to the aggregate Purchase Price (as defined in the respective Debt Restructuring and Assignment Agreement applicable to each Act 164 Authorized Debtor) which has been allocated by PFC to the promissory notes of all Act 164 Authorized Debtors purchased with the proceeds of Act 164 PFC Bonds.

**(Signature Page Follows)**

**IN WITNESS WHEREOF**, the Debtor has caused this Note to bear the manual or facsimile signature of its Executive Director, all as of the 28th day of June, 2004.

**PUERTO RICO LAND AUTHORITY**

By: _____

José Fabre
Executive Director

The undersigned hereby acknowledges that this Promissory Note has been assigned and pledged to U.S. Bank Trust National Association, as Trustee under that certain Trust Agreement, dated as of June 1, 2004, by and between PFC and the Trustee.

**PUERTO RICO LAND AUTHORITY**

By: _____

José Fabre
Executive Director

United States of America
Commonwealth of Puerto Rico
Department of Health

## PROMISSORY NOTE

**COMMONWEALTH OF PUERTO RICO**, acting through the **DEPARTMENT OF HEALTH** (hereinafter called the "Debtor"), an executive department of the Commonwealth of Puerto Rico, for value received, hereby promises to pay to the order of Puerto Rico Public Finance Corporation ("PFC") or its assigns (the "Obligee"), at the principal office of PFC currently located at Roberto Sánchez Vilella Government Center, De Diego Avenue, San Juan, Puerto Rico, or at such other address specified by the Obligee, in any lawful coin or currency of the United States of America which on the date of payment thereof is legal tender for the payment of public and private debts, solely from moneys appropriated (the "Legislative Appropriation") by the Legislature of Puerto Rico in accordance with the provisions of Act No. 164 of said Legislature, approved December 17, 2001 (the "Act"), the Principal Amount of this Note (said Principal Amount being determined as provided in the next succeeding paragraph), and to pay, in like coin or currency, interest on the unpaid Principal Amount of this Note, from the date hereof, in an amount equal to the aggregate interest payable on all 2002 Series A Bonds (as such term is hereinafter defined) (the "Interest Installment"), such interest being computed on the basis of a 360-day year of twelve 30-day months. All terms used herein and not otherwise defined herein shall have the meanings set forth in the Trust Agreement, dated as of June 1, 2004 (the "2004 Trust Agreement"), by and between PFC and U.S. Bank National Association, as trustee (the "Trustee").

The Principal Amount of this Note will at all times be equal to the aggregate principal amount (Accreted Value in the case of Capital Appreciation Bonds) of the Allocable Share (as such term is hereinafter defined) of the 2012 Series A Bonds of PFC, as such principal amount may be increased or decreased from time to time.

The Debtor agrees that every Fiscal Year, commencing with Fiscal Year 2012-2013, it shall make annual payments of principal and interest hereunder (each such payment, the "Annual Installment") in an amount equal to (x) the sum of the interest, principal, and Accreted Value of the 2002 Series A Bonds, which is due and payable in the Bond Year commencing within such Fiscal Year (whether at maturity, in connection with an Amortization Requirement, upon redemption or otherwise) (with interest payable on Variable Rate Bonds calculated at the maximum rate specified in such Bonds) less (y) any amounts available in the Sinking Fund for the payment of such amounts in such Bond Year, such payments to be made on or before July 15 of each Fiscal Year, commencing on July 15, 2012, to the extent the Legislative Appropriations have been made on or before such date, and otherwise on or before the date when such amounts become due and payable.

Of the Annual Installment paid each Fiscal Year, an amount equal to the Interest Installment shall constitute interest paid hereunder. The difference between the Annual Installment and the Interest Installment shall be applied against the principal of this Note.

In addition, Debtor agrees to pay, on the date each Annual Installment is paid, the Applicable Percentage of the following additional amounts: (i) any fees, expenses or other amounts becoming due and payable in such Bond Year to the provider (a "Facility Provider"), if applicable, of a Credit Facility or a Liquidity Facility (each, a "Facility") under the agreement relating to such Facility or any amounts required to reimburse a Facility Provider for payments made under any such Facility in respect of the 2002 Series A Bonds and not theretofore reimbursed; (ii) all payments by the Obligee under any Swap Agreement (if applicable) expected to be due and payable for such Bond Year which relate to the 2002 Series A Bonds (to the extent not already included in the portion corresponding to interest on such bonds); (iii) the fees or expenses payable to the Trustee under the 2004 Trust Agreement during such Bond Year which relate to the 2002 Series A Bonds; (iv) any amount then due by Obligee to the Hedge Counterparty (if applicable) for breakage costs or any termination or similar payment under the terms of any Swap Agreement (if applicable) which relate to the 2002 Series A Bonds; and (v) any other amount becoming due and payable in such Bond Year in respect of the 2002 Series A Bonds or becoming due and payable under the provisions of the 2004 Trust Agreement which relate to the 2002 Series A Bonds (collectively, the "Obligations").

This Note is issued under and pursuant to that certain Debt Restructuring and Assignment Agreement, dated as of July 1, 2001, as previously supplemented (the "2001 Restructuring Agreement"), and as further supplemented by a Second Supplemental Debt Restructuring and Assignment Agreement, dated June 1, 2012 (the "Supplemental Assignment Agreement" and together with the 2001 Restructuring Agreement, the "Restructuring Agreements"), each by and among the Debtor, Government Development Bank for Puerto Rico and PFC, and by the acceptance of this Note, the holder hereof assents to all the provisions and conditions of said Restructuring Agreements.

Once all 2002 Series A Bonds are deemed to have been paid within the meaning and with the effect expressed in the 2004 Trust Agreement and that certain Trust Agreement, dated December 27, 2001 (the "Parity Trust Agreement"), by and between PFC and The Bank of New York Mellon Trust Company, N.A., as trustee, and any amounts then due and owing to a Facility Provider or any Hedge Counterparty have been paid, the obligation of the Debtor to pay principal of and interest on this Note and to pay the Obligations shall cease and terminate, whereupon this Note shall be delivered to the Debtor for cancellation.

The term "2002 Series A Bonds" means the 2002 Series A Bonds issued under the Parity Trust Agreement and the Allocable Share of any bonds the proceeds of which are used to refund 2002 Series A Bonds.

"Allocable Share" means that percentage (determined from time to time by PFC in its absolute discretion and certified to the Trustee by the President or any Vice President of PFC at the time bonds are issued under the 2004 Trust Agreement), which represents the proportion that the principal amount of bonds issued under the 2004 Trust Agreement to refund 2002 Series A Bonds bears to the aggregate principal amount of bonds Outstanding under the 2004 Trust Agreement.

All acts, conditions and things required by the Puerto Rican Federal Relations Act and the Constitution and laws of the Commonwealth of Puerto Rico to happen, exist and be

performed precedent to and in the issuance of this Note have happened, exist and have been performed as so required.

The Debtor hereby waives presentment, protest, demand and notice of nonpayment.

The Debtor hereby submits to the venue of any court selected by the Obligee in case of legal action for its collection.

[Signature Page to Follow]

IN WITNESS WHEREOF, the Debtor has caused this Note to bear the manual or facsimile signature of the Secretary of Health of Puerto Rico, all as of the 28th day of June, 2012.

DEPARTMENT OF HEALTH

By: _____
Lorenzo Gonzalez Feliciano
Secretary of Health of Puerto Rico

The undersigned hereby acknowledges that this Promissory Note has been assigned and pledged to U.S. Bank National Association, as Trustee under that certain Trust Agreement, dated as of June 1, 2004, by and between PFC and the Trustee.

DEPARTMENT OF HEALTH

By: _____
Lorenzo Gonzalez Feliciano
Secretary of Health of Puerto Rico

United States of America
Commonwealth of Puerto Rico
Office for the Improvement of
Public Schools of Puerto Rico

## PROMISSORY NOTE

**Principal Amount:**    Four Hundred Twenty-Five Million Dollars ($425,000,000)

**Interest Rate:**    8% per annum.

FOR VALUE RECEIVED, THE UNDERSIGNED, OFFICE FOR THE IMPROVEMENT OF PUBLIC SCHOOLS OF PUERTO RICO ("OMEP"), DOES HEREBY PROMISE TO PAY to the order of Puerto Rico Public Finance Corporation, or its assigns (the "Obligee"), at its office currently located at Minillas Government Center, De Diego Avenue, San Juan, Puerto Rico, or at such other address specified by the Obligee, in any lawful coin or currency of the United States of America which on the date of payment thereof is legal tender for the payment of public and private debts, solely from moneys appropriated by the Legislature of Puerto Rico in accordance with the provisions of Act No. 85 of said Legislature, approved June 13, 1998 (the "Legislative Appropriations"), the Principal Amount set forth above and to pay interest on this Note in like coin or currency, in an amount equal to the Interest Installment (as defined below), such amount to accrue from the date hereof at a rate of eight percent (8%) per annum on the unpaid principal amount of this Note based on the outstanding principal amount of OMEP Bonds (as such term is defined herein) secured thereby (computed on the basis of a 360 day year of twelve 30-day months); provided, however, that in no event shall the aggregate amount of principal paid hereunder and under the Promissory Note of the Department, dated June 25, 1998, as amended on June 28, 2004, (the "Parity Note") exceed $425,000,000, plus interest calculated at the rate of eight percent (8%) per annum on the unpaid principal amount of this Note and the Parity Note.

Every Fiscal Year (all capitalized terms used herein and not otherwise defined herein shall have the meanings set forth in the Trust Agreement (as amended and supplemented from time to time, the "2004 Trust Agreement"), dated as of June 1, 2004 between PRPFC and U. S. Bank Trust National Association, as Trustee (together with its successors in trust, the "Trustee") hereinafter mentioned), OMEP agrees to make payments hereunder (such payments to be applied to principal and interest hereunder on the dates and in the amounts provided below) in an annual amount equal to the sum of the following amounts, without duplication (the "Annual Installment"), and agrees to make such payments on or before July 15 of each Fiscal Year, to the extent the Legislative Appropriations have been made on or before such date, and otherwise on

N207790.4

or before the date when the following amounts are required to be deposited with the Trustee, commencing with Fiscal Year 2004-05: (i) the interest on, principal of, and redemption premium, if any, and Accreted Value or Appreciated Value of the OMEP Bonds which is due and payable in such Fiscal Year (whether at maturity, in connection with an Amortization Requirement, upon redemption or otherwise) less all amounts received by PRPFC and deposited with the Trustee during such Fiscal Year pursuant to any Rate Swap, if any such Rate Swap shall be at the time in full force and effect and not terminated or liquidated; (ii) the amount required to purchase or redeem OMEP Bonds in such Fiscal Year pursuant to the 2004 Trust Agreement; (iii) all Reimbursement Obligations becoming due and payable in such Fiscal Year to any provider of a Credit Facility or Liquidity Facility (if applicable) pursuant to any Reimbursement Agreement; (iv) all PRPFC Swap Payments (if applicable) expected to be due and payable for such Fiscal Year (to the extent not already included in the portion of the Annual Installment corresponding to interest on the OMEP Bonds); (v) the amounts required to be deposited to the credit of the Reserve Account (if applicable) established under the 2004 Trust Agreement in such Fiscal Year, including any amounts required to cure any deficiency therein; (vi) any fees or reimbursement for expenses payable to the Trustee under the 2004 Trust Agreement; (vii) any amount then due by PRPFC to a Hedge Counterparty (if applicable) for breakage cost or other termination payment under the terms of any Swap Agreement; and (viii) any other amount becoming due and payable in such Fiscal Year in respect of the OMEP Bonds or becoming due and payable under the provisions of the Trust Agreement ("Other Amounts"). The Annual Installments on this Note may not be prepaid in whole or in part prior to the Fiscal Year when they become due. Annual Installment shall not include any fees or Other Amounts which are paid out of the proceeds of any OMEP Bonds.

Of the Annual Installment paid, an amount equal to the Principal Installment (as herein defined) paid shall be applied against the principal amount of this Note and the Parity Note, such application to be made on the date and only to the extent such Principal Installment is applied by the Obligee to the payment of principal of OMEP Bonds. Additionally, an amount equal to the principal installment paid in accordance with the provisions of the Parity Note shall be applied against the principal amount of this Note and the Parity Note, such application to be made on the date and only to the extent such Principal Installment is applied by PRPFC to the payment of principal of OMEP Bonds.

The difference between the Annual Installment paid hereunder and Principal Installment paid hereunder shall constitute interest hereunder (the "Interest Installment"). Interest Installments paid hereunder and under the Parity Note shall be applied against the interest accrued hereunder and under the Parity Note on the date and only to the extent that such Interest Installment is applied by the Obligee to the payment of interest on OMEP Bonds issued under the Parity Trust Agreement. Interest Installments paid hereunder and under the Parity Note shall be applied against the interest accrued hereunder and under the Parity Note on the date and only to the extent that such Interest Installment is applied by PRPFC to the payment of interest on OMEP Bonds issued under the 2004 Trust Agreement. In no event shall the sum of (i) the portion of the Annual Installment representing interest to be paid hereunder and (ii) the portion of the annual installment representing interest to be paid under the Parity Note, accrue at a rate per annum which exceeds 8% per annum.

The term "Principal Installment" shall mean, for each Fiscal Year, an amount equal to the sum of the (i) the principal amount of OMEP Bonds, other than Capital Appreciation Bonds and

N207790.4

Capital Appreciation and Income Bonds, and the Amortization Requirement which is due and payable in such Fiscal Year, and (ii) the principal portion of the Accreted Value or Appreciated Value of any Capital Appreciation Bonds or Capital Appreciation and Income Bonds becoming due and payable in such Fiscal Year.

Any amounts required to reimburse a provider of a Credit Facility or Liquidity Facility for payments made under any such Credit Facility or Liquidity Facility (if applicable) in respect of OMEP Bonds (a "Reimbursement") shall be allocated to principal of this Note to the extent such Reimbursement is being paid in respect of a Principal Installment and any amount in excess thereof shall be allocated to interest on this Note.

Once OMEP Bonds issued under and pursuant to the Parity Trust Agreement are deemed to have been paid within the meaning and with the effect expressed in Section 1201 of the Trust Agreement, and any amounts then due and owing to a provider of a Credit Facility or Liquidity Facility (if applicable) and to a Hedge Counterparty (if applicable) and any Other Amounts due and payable have been paid, the obligations of OMEP to pay principal of and interest on this Note shall cease and terminate, whereupon this Note shall be delivered to OMEP for cancellation.

"OMEP Bonds" means all Outstanding bonds of PRPFC issued under the Parity Trust Agreement and the Allocable Share of any bonds the proceeds of which are used to refund those particular bonds.

"Allocable Share" means that percentage (determined from time to time by PRPFC in its absolute discretion and certified to the Trustee by the President or any Vice President of PRPFC at the time Bonds are issued under the 2004 Trust Agreement), which represents the proportion that the principal amount of Bonds issued under the 2004 Trust Agreement to refund OMEP Bonds bears to the aggregate principal amount of Bonds Outstanding under the 2004 Trust Agreement.

The undersigned hereby waives presentment, protest, demand and notice of nonpayment.

The undersigned hereby submits to the venue of any court selected by the Obligee in case of legal action for its collection. The undersigned promises to pay all reasonable costs of collection, including reasonable attorney's fees and expenses.

This Promissory Note shall be governed by and construed in accordance with the laws of the Commonwealth of Puerto Rico.

**(Signature Page Follows)**

IN WITNESS WHEREOF, OMEP has caused this Note to bear the signature of its Executive Director as of the 28th day of June, 2004.

OFFICE FOR THE IMPROVEMENT
OF PUBLIC SCHOOLS OF PUERTO RICO

_____
Executive Director

N207790.4

The undersigned hereby (i) acknowledges that this Promissory Note has been assigned and pledged to the Trustee under that certain 2004 Trust Agreement referred to above between PRPFC and the Trustee, and (ii) agrees that, so long as any OMEP Bonds are outstanding and unpaid under the Parity Trust Agreement or any amounts are due and owing to any provider of a Credit Facility or Liquidity Facility (if applicable) or any Hedge Counterparty (if applicable) or any Other Amounts are due and payable with respect to OMEP Bonds issued pursuant to the Parity Trust Agreement (A) it will make each payment of principal of and interest on this Promissory Note directly to the Trustee, in immediately available funds, in accordance with the payment instructions of the Trustee and (B) all rights of PRPFC with respect to this Promissory Note shall be exercisable by the Trustee, as assignee and pledgee.

OFFICE FOR THE IMPROVEMENT
OF PUBLIC SCHOOLS OF PUERTO RICO

_____
Executive Director

N207790.4

United States of America
Commonwealth of Puerto Rico
Hotel Development Corporation

### PROMISSORY NOTE

**HOTEL DEVELOPMENT CORPORATION** (hereinafter called the "Debtor"), a corporation duly organized and existing under the laws of the Commonwealth of Puerto Rico and a subsidiary of the Puerto Rico Tourism Company, for value received, hereby promises to pay to the order of Puerto Rico Public Finance Corporation ("PFC") or its assigns (the "Obligee"), at the principal office of PFC currently located at Minillas Government Center, De Diego Avenue, San Juan, Puerto Rico, or at such other address specified by the Obligee, in any lawful coin or currency of the United States of America which on the date of payment thereof is legal tender for the payment of public and private debts, solely from moneys appropriated (the "Legislative Appropriation") by the Legislature of Puerto Rico in accordance with the provisions of Act No. 164 of said Legislature, approved December 17, 2001 (the "Act"), the Principal Amount of this Note (said Principal Amount being determined as provided in the next succeeding paragraph), and to pay, in like coin or currency, interest on the unpaid Principal Amount of this Note, from the date hereof, in an amount equal to the Applicable Percentage (as defined below) of the aggregate interest payable on all Act 164 PFC Bonds (as such term is hereinafter defined) (the "Interest Installment"), such interest being computed on the basis of a 360-day year of twelve 30-day months. All terms used herein and not otherwise defined herein shall have the meanings set forth in the Trust Agreement, dated as of June 1, 2004 (the "2004 Trust Agreement"), by and between PFC and U.S. Bank Trust National Association, as trustee (the "Trustee").

The Principal Amount of this Note will at all times be equal to the Applicable Percentage (as defined below) of the aggregate principal amount (Accreted Value in the case of Capital Appreciation Bonds) of all Act 164 PFC Bonds, as such principal amount may be increased or decreased from time to time.

The Debtor agrees that every Fiscal Year, commencing with Fiscal Year 2004-05, it shall make annual payments of principal and interest hereunder (each such payment, the "Annual Installment") in an amount equal to the Applicable Percentage of (x) the sum of the interest, principal, and Accreted Value of the Act 164 PFC Bonds, which is due and payable in the Bond Year commencing within such Fiscal Year (whether at maturity, in connection with an Amortization Requirement, upon redemption or otherwise) (with interest payable on Variable Rate Bonds calculated at the maximum rate specified in such Bonds) less (y) any amounts available in the Sinking Fund for the payment of such amounts in such Bond Year, such payments to be made on or before July 15 of each Fiscal Year, commencing on July 15, 2004, to the extent the Legislative Appropriations have been made on or before such date, and otherwise on or before the date when such amounts become due and payable.

N207712.5

Of the Annual Installment paid each Fiscal Year, an amount equal to the Interest Installment shall constitute interest paid hereunder. The difference between the Annual Installment and the Interest Installment shall be applied against the principal of this Note.

In addition, Debtor agrees to pay, on the date each Annual Installment is paid, the Applicable Percentage of the following additional amounts: (i) any fees, expenses or other amounts becoming due and payable in such Bond Year to the provider (a "Facility Provider"), if applicable, of a Credit Facility or a Liquidity Facility (each, a "Facility") under the agreement relating to such Facility or any amounts required to reimburse a Facility Provider for payments made under any such Facility in respect of the Act 164 PFC Bonds and not theretofore reimbursed; (ii) all payments by the Obligee under any Swap Agreement (if applicable) expected to be due and payable for such Bond Year which relate to the Act 164 PFC Bonds (to the extent not already included in the portion corresponding to interest on such bonds); (iii) the fees or expenses payable to the Trustee under the 2004 Trust Agreement during such Bond Year which relate to the Act 164 PFC Bonds; (iv) any amount then due by Obligee to the Hedge Counterparty (if applicable) for breakage costs or any termination or similar payment under the terms of any Swap Agreement (if applicable) which relate to the Act 164 PFC Bonds; and (v) any other amount becoming due and payable in such Bond Year in respect of the Act 164 PFC Bonds or becoming due and payable under the provisions of the 2004 Trust Agreement which relate to the Act 164 PFC Bonds (collectively, the "Obligations").

This Note is issued under and pursuant to that certain Debt Restructuring and Assignment Agreement, dated as of July 1, 2001 (the "2001 Restructuring Agreement"), by and among the Debtor, Government Development Bank and PFC, as supplemented by a Supplemental Debt Restructuring and Assignment Agreement, dated June 1, 2004 (the "Supplemental Assignment Agreement" and together with the 2001 Restructuring Agreement, the "Restructuring Agreements"), by and among the Debtor, Government Development Bank and PFC, and by the acceptance of this Note, the holder hereof assents to all the provisions and conditions of said Restructuring Agreements.

Once all Act 164 PFC Bonds are deemed to have been paid within the meaning and with the effect expressed in the 2004 Trust Agreement and that certain Trust Agreement, dated December 27, 2001 (the "Parity Trust Agreement"), by and between PFC and The Bank of New York, as trustee, and any amounts then due and owing to a Facility Provider or any Hedge Counterparty have been paid, the obligation of the Debtor to pay principal of and interest on this Note and to pay the Obligations shall cease and terminate, whereupon this Note shall be delivered to the Debtor for cancellation.

The term "Act 164 PFC Bonds" means all Outstanding bonds of PFC (other than PFC's 2001 Series D Bonds or any bonds issued to refund those bonds) issued under the Parity Trust Agreement and the Allocable Share of any bonds the proceeds of which are used to refund those particular bonds.

"Allocable Share" means that percentage (determined from time to time by PFC in its absolute discretion and certified to the Trustee by the President or any Vice President of PFC at the time bonds are issued under the 2004 Trust Agreement), which represents the proportion that the principal amount of bonds issued under the 2004 Trust Agreement to refund Act 164 PFC

Bonds bears to the aggregate principal amount of bonds Outstanding under the 2004 Trust Agreement.

"Applicable Percentage" means that percentage determined from time to time by PFC in its absolute discretion and certified to the Trustee by the President or any Vice President of PFC at the time each Series of Act 164 PFC Bonds is issued, which represents the proportion that the Purchase Price (as defined in the 2001 Restructuring Agreement) which has been allocated by PFC to this Note bears to the aggregate Purchase Price (as defined in the respective Debt Restructuring and Assignment Agreement applicable to each Act 164 Authorized Debtor) which has been allocated by PFC to the promissory notes of all Act 164 Authorized Debtors purchased with the proceeds of Act 164 PFC Bonds.

All acts, conditions and things required by the Puerto Rican Federal Relations Act and the Constitution and laws of the Commonwealth of Puerto Rico to happen, exist and be performed precedent to and in the issuance of this Note have happened, exist and have been performed as so required.

The Debtor hereby waives presentment, protest, demand and notice of nonpayment.

The Debtor hereby submits to the venue of any court selected by the Obligee in case of legal action for its collection.

**(Signature Page Follows)**

IN WITNESS WHEREOF, the Debtor has caused this Note to bear the manual or facsimile signature of the President of Hotel Development Corporation, all as of the 28th day of June, 2004.

HOTEL DEVELOPMENT CORPORATION

By:_____

Name:  José M. Suárez
Title:  President

The undersigned hereby acknowledges that this Promissory Note has been assigned and pledged to The Bank of New York, as Trustee under that certain Trust Agreement, dated December 27, 2001, by and between PFC and the Trustee.

HOTEL DEVELOPMENT CORPORATION

By:_____

Name:  José M. Suárez
Title:  President

N207712.5

United States of America

Commonwealth of Puerto Rico

Department of Health

## PROMISSORY NOTE

**COMMONWEALTH OF PUERTO RICO**, acting through the Department of Health (hereinafter called the "Debtor"), an executive department of the Commonwealth of Puerto Rico for value received, hereby promises to pay to the order of Puerto Rico Public Finance Corporation ("PFC") or its assigns (the "Obligee"), at the principal office of PFC currently located at Minillas Government Center, De Diego Avenue, San Juan, Puerto Rico, or at such other address specified by the Obligee, in any lawful coin or currency of the United States of America which on the date of payment thereof is legal tender for the payment of public and private debts, solely from moneys appropriated (the "Legislative Appropriation") by the Legislature of Puerto Rico in accordance with the provisions of Act No. 164 of said Legislature, approved December 17, 2001 (the "Act"), the Principal Amount of this Note (said Principal Amount being determined as provided in the next succeeding paragraph), and to pay, in like coin or currency, interest on the unpaid Principal Amount of this Note, from the date hereof, in an amount equal to the Applicable Percentage (as defined below) of the aggregate interest payable on all Act 164 PFC Bonds (as such term is hereinafter defined) (the "Interest Installment"), such interest being computed on the basis of a 360-day year of twelve 30-day months. All terms used herein and not otherwise defined herein shall have the meanings set forth in the Trust Agreement, dated as of June 1, 2004 (the "2004 Trust Agreement"), by and between PFC and U.S. Bank Trust National Association, as trustee (the "Trustee").

The Principal Amount of this Note will at all times be equal to the Applicable Percentage (as defined below) of the aggregate principal amount (Accreted Value in the case of Capital Appreciation Bonds) of all Act 164 PFC Bonds, as such principal amount may be increased or decreased from time to time.

The Debtor agrees that every Fiscal Year, commencing with Fiscal Year 2004-05, it shall make annual payments of principal and interest hereunder (each such payment, the "Annual Installment") in an amount equal to the Applicable Percentage of (x) the sum of the interest, principal, and Accreted Value of the Act 164 PFC Bonds, which is due and payable in the Bond Year commencing within such Fiscal Year (whether at maturity, in connection with an Amortization Requirement, upon redemption or otherwise) (with interest payable on Variable Rate Bonds calculated at the maximum rate specified in such Bonds) less (y) any amounts available in the Sinking Fund for the payment of such amounts in such Bond Year, such payments to be made on or before July 15 of each Fiscal Year, commencing on July 15, 2004, to the extent the Legislative Appropriations have been made on or before such date, and otherwise on or before the date when such amounts become due and payable.

Of the Annual Installment paid each Fiscal Year, an amount equal to the Interest Installment shall constitute interest paid hereunder. The difference between the Annual Installment and the Interest Installment shall be applied against the principal of this Note.

In addition, Debtor agrees to pay, on the date each Annual Installment is paid, the Applicable Percentage of the following additional amounts: (i) any fees, expenses or other amounts becoming due and payable in such Bond Year to the provider (a "Facility Provider"), if applicable, of a Credit Facility or a Liquidity Facility (each, a "Facility") under the agreement relating to such Facility or any amounts required to reimburse a Facility Provider for payments made under any such Facility in respect of the Act 164 PFC Bonds and not theretofore reimbursed; (ii) all payments by the Obligee under any Swap Agreement (if applicable) expected to be due and payable for such Bond Year which relate to the Act 164 PFC Bonds (to the extent not already included in the portion corresponding to interest on such bonds); (iii) the fees or expenses payable to the Trustee under the 2004 Trust Agreement during such Bond Year which relate to the Act 164 PFC Bonds; (iv) any amount then due by Obligee to the Hedge Counterparty (if applicable) for breakage costs or any termination or similar payment under the terms of any Swap Agreement (if applicable) which relate to the Act 164 PFC Bonds; and (v) any other amount becoming due and payable in such Bond Year in respect of the Act 164 PFC Bonds or becoming due and payable under the provisions of the 2004 Trust Agreement which relate to the Act 164 PFC Bonds (collectively, the "Obligations").

This Note is issued under and pursuant to that certain Debt Restructuring and Assignment Agreement, dated as of July 1, 2001 (the "2001 Restructuring Agreement"), by and among the Debtor, Government Development Bank and PFC, as supplemented by a Supplemental Debt Restructuring and Assignment Agreement, dated June 1, 2004 (the "Supplemental Assignment Agreement" and together with the 2001 Restructuring Agreement, the "Restructuring Agreements"), by and among the Debtor, Government Development Bank and PFC, and by the acceptance of this Note, the holder hereof assents to all the provisions and conditions of said Restructuring Agreements.

Once all Act 164 PFC Bonds are deemed to have been paid within the meaning and with the effect expressed in the 2004 Trust Agreement and that certain Trust Agreement, dated December 27, 2001 (the "Parity Trust Agreement"), by and between PFC and The Bank of New York, as trustee, and any amounts then due and owing to a Facility Provider or any Hedge Counterparty have been paid, the obligation of the Debtor to pay principal of and interest on this Note and to pay the Obligations shall cease and terminate, whereupon this Note shall be delivered to the Debtor for cancellation.

The term "Act 164 PFC Bonds" means all Outstanding bonds of PFC (other than PFC's 2001 Series D Bonds, 2002 Series A Bonds and 2002 Series B Bonds or any bonds issued to refund those bonds) issued under the Parity Trust Agreement and the Allocable Share of any bonds the proceeds of which are used to refund those particular bonds.

"Allocable Share" means that percentage (determined from time to time by PFC in its absolute discretion and certified to the Trustee by the President or any Vice President of PFC at the time bonds are issued under the 2004 Trust Agreement), which represents the proportion that the principal amount of bonds issued under the 2004 Trust Agreement to refund Act 164 PFC

Bonds bears to the aggregate principal amount of bonds Outstanding under the 2004 Trust Agreement.

"Applicable Percentage" means that percentage determined from time to time by PFC in its absolute discretion and certified to the Trustee by the President or any Vice President of PFC at the time each Series of Act 164 PFC Bonds is issued, which represents the proportion that the Purchase Price (as defined in the 2001 Restructuring Agreement) which has been allocated by PFC to this Note bears to the aggregate Purchase Price (as defined in the respective Debt Restructuring and Assignment Agreement applicable to each Act 164 Authorized Debtor) which has been allocated by PFC to the promissory notes of all Act 164 Authorized Debtors purchased with the proceeds of Act 164 PFC Bonds.

All acts, conditions and things required by the Puerto Rican Federal Relations Act and the Constitution and laws of the Commonwealth of Puerto Rico to happen, exist and be performed precedent to and in the issuance of this Note have happened, exist and have been performed as so required.

The Debtor hereby waives presentment, protest, demand and notice of nonpayment.

The Debtor hereby submits to the venue of any court selected by the Obligee in case of legal action for its collection.

**(Signature Page Follows)**

IN WITNESS WHEREOF, the Debtor has caused this Note to bear the manual or facsimile signature of the Secretary of Treasury of Puerto Rico, all as of the 28th day of June, 2004.

DEPARTMENT OF HEALTH

By: _____
Name
Title:   Secretary of Health

The undersigned hereby acknowledges that this Promissory Note has been assigned and pledged to U.S. Bank Trust National Association, as Trustee under that certain Trust Agreement, dated as of June 1, 2004, by and between PFC and the Trustee.

DEPARTMENT OF HEALTH

By: _____
Name
Title:   Secretary of Health

N207143.5

United States of America

Commonwealth of Puerto Rico

Department of Health

**PROMISSORY NOTE**

**COMMONWEALTH OF PUERTO RICO**, acting through the Department of Health (hereinafter called the "Debtor"), an executive department of the Commonwealth of Puerto Rico for value received, hereby promises to pay to the order of Puerto Rico Public Finance Corporation ("PFC") or its assigns (the "Obligee"), at the principal office of PFC currently located at Minillas Government Center, De Diego Avenue, San Juan, Puerto Rico, or at such other address specified by the Obligee, in any lawful coin or currency of the United States of America which on the date of payment thereof is legal tender for the payment of public and private debts, solely from moneys appropriated (the "Legislative Appropriation") by the Legislature of Puerto Rico in accordance with the provisions of Act No. 164 of said Legislature, approved December 17, 2001 (the "Act"), the Principal Amount of this Note (said Principal Amount being determined as provided in the next succeeding paragraph), and to pay in each Bond Year, in like coin or currency, interest on the unpaid Principal Amount of this Note, from the date hereof, in an amount equal to the aggregate interest payable on all 2001 Series D Bonds (as such term is hereinafter defined) (the "Interest Installment"), such interest being computed on the basis of a 360-day year of twelve 30-day months. All terms used herein and not otherwise defined herein shall have the meanings set forth in the Trust Agreement, dated as of June 1, 2004 (the "2004 Trust Agreement"), by and between PFC and U.S. Bank Trust National Association, as trustee (the "Trustee").

The Principal Amount of this Note will at all times be equal to the aggregate principal amount (Accreted Value in the case of Capital Appreciation Bonds) of the Allocable Share (as such term is hereinafter defined) of the 2004 Series B Bonds of PFC, as such principal amount may be increased or decreased from time to time.

The Debtor agrees that every Fiscal Year, commencing with Fiscal Year 2004-05, it shall make annual payments of principal and interest hereunder (each such payment, the "Annual Installment") in an amount equal to the sum of the interest, principal, and Accreted Value of the 2001 Series D Bonds, which is due and payable in the Bond Year commencing within such Fiscal Year (whether at maturity, in connection with an Amortization Requirement, upon redemption or otherwise) (with interest payable on Variable Rate Bonds calculated at the maximum rate specified in such Bonds) less any amounts available in the Sinking Fund for the payment of such amounts in such Bond Year, such payments to be made on or before July 15 of each Fiscal Year, commencing on July 15, 2004, to the extent the Legislative Appropriations have been made on or before such date, and otherwise on or before the date when such amounts become due and payable.

N207143.6

Of the Annual Installment paid each Fiscal Year, an amount equal to the Interest Installment shall constitute interest paid hereunder. The difference between the Annual Installment and the Interest Installment shall be applied against the principal of this Note.

In addition, Debtor agrees to pay, on the date each Annual Installment is paid, the following additional amounts: (i) any fees, expenses or other amounts becoming due and payable in such Bond Year to the provider (a "Facility Provider"), if applicable of a Credit Facility or a Liquidity Facility (each, a "Facility") under the agreement relating to such Facility or any amounts required to reimburse a Facility Provider for payments made under any such Facility in respect of the 2001 Series D Bonds and not theretofore reimbursed; (ii) all payments by the Obligee under any Swap Agreement (if applicable) expected to be due and payable for such Bond Year which relate to the 2001 Series D Bonds (to the extent not already included in the portion corresponding to interest on the 2001 Series D Bonds); (iii) the fees or expenses payable to the Trustee under the 2004 Trust Agreement during such Bond Year which relate to the 2001 Series D Bonds; (iv) any amount then due by Obligee to the Hedge Counterparty (if applicable) for breakage costs or any termination or similar payment under the terms of any Swap Agreement (if applicable) which relate to the 2001 Series D Bonds; and (v) any other amount becoming due and payable in such Bond Year in respect of the 2001 Series D Bonds or becoming due and payable under the provisions of the 2004 Trust Agreement which relate to the 2001 Series D Bonds (collectively, the "Obligations").

This Note is issued under and pursuant to that certain Debt Restructuring and Assignment Agreement, dated as of July 1, 2001 (the "2001 Restructuring Agreement"), by and among the Debtor, Government Development Bank for Puerto Rico (the "Government Development Bank") and PFC, as supplemented by a Supplemental Debt Restructuring and Assignment Agreement, dated as of June 1, 2004 (the "Supplemental Assignment Agreement" and together with the 2001 Restructuring Agreement, the "Restructuring Agreements"), by and among the Debtor, Government Development Bank and PFC, and by the acceptance of this Note, the holder hereof assents to all the provisions and conditions of said Restructuring Agreements.

Once all 2001 Series D Bonds are deemed to have been paid within the meaning and with the effect expressed in the 2004 Trust Agreement and that certain Trust Agreement, dated December 27, 2001 (the "Parity Trust Agreement"), by and between PFC and The Bank of New York, as trustee, and any amounts then due and owing to a Facility Provider or any Hedge Counterparty have been paid, the obligation of the Debtor to pay principal of and interest on this Note and to pay the Obligations shall cease and terminate, whereupon this Note shall be delivered to the Debtor for cancellation.

The term "2001 Series D Bonds" means the 2001 Series D Bonds issued under the Parity Trust Agreement and the Allocable Share (as defined herein) of any bonds issued to refund those particular bonds.

"Allocable Share" means that percentage of the principal amount of bonds issued under the 2004 Trust Agreement to refund 2001 Series D Bonds which is allocable to such refunding as set forth in a certificate of the President or any Vice President of PFC at the time such refunding bonds are issued.

All acts, conditions and things required by the Puerto Rican Federal Relations Act and the Constitution and laws of the Commonwealth of Puerto Rico to happen, exist and be performed precedent to and in the issuance of this Note have happened, exist and have been performed as so required.

The Debtor hereby waives presentment, protest, demand and notice of nonpayment.

The Debtor hereby submits to the venue of any court selected by the Obligee in case of legal action for its collection.

**IN WITNESS WHEREOF**, the Debtor has caused this Note to bear the manual or facsimile signature of the Secretary of Treasury of Puerto Rico, all as of the 28th day of June, 2004.

DEPARTMENT OF HEALTH

By: _____
Name    Johnny Rullan
Title:   Secretary of Health

The undersigned hereby acknowledges that this Promissory Note has been assigned and pledged to U.S. Bank Trust National Association, as Trustee under that certain Trust Agreement, dated as of June 1, 2004, by and between PFC and the Trustee.

DEPARTMENT OF HEALTH

By: _____
Name    Johnny Rullan
Title:   Secretary of Health

N207143.5

United States of America
Commonwealth of Puerto Rico
Housing Finance Authority of Puerto Rico

**PROMISSORY NOTE**

HOUSING FINANCE AUTHORITY OF PUERTO RICO (hereinafter called the "Debtor"), a public corporation duly and a government instrumentality of the Commonwealth of Puerto Rico, for value received, hereby promises to pay to the order of Puerto Rico Public Finance Corporation ("PFC") or its assigns (the "Obligee"), at the principal office of PFC currently located at Minillas Government Center, De Diego Avenue, San Juan, Puerto Rico, or at such other address specified by the Obligee, in any lawful coin or currency of the United States of America which on the date of payment thereof is legal tender for the payment of public and private debts, solely from moneys appropriated (the "Legislative Appropriation") by the Legislature of Puerto Rico in accordance with the provisions of Act No. 164 of said Legislature, approved December 17, 2001 (the "Act"), the Principal Amount of this Note (said Principal Amount being determined as provided in the next succeeding paragraph), and to pay, in like coin or currency, interest on the unpaid Principal Amount of this Note, from the date hereof, in an amount equal to the Applicable Percentage (as defined below) of the aggregate interest payable on all Act 164 PFC Bonds (as such term is hereinafter defined) (the "Interest Installment"), such interest being computed on the basis of a 360-day year of twelve 30-day months. All terms used herein and not otherwise defined herein shall have the meanings set forth in the Trust Agreement, dated as of June 1, 2004 (the "Trust Agreement"), by and between PFC and U.S. Bank Trust National Association, as trustee (the "Trustee")

The Principal Amount of this Note will at all times be equal to the Applicable Percentage (as defined below) of the aggregate principal amount (Accreted Value in the case of Capital Appreciation Bonds) of all Act 164 PFC Bonds, as such principal amount may be increased or decreased from time to time.

The Debtor agrees that every Fiscal Year, commencing with Fiscal Year 2004-05, it shall make annual payments of principal and interest hereunder (each such payment, the "Annual Installment") in an amount equal to the Applicable Percentage of (x) the sum of the interest, principal, and Accreted Value of the Act 164 PFC Bonds, which is due and payable in the Bond Year commencing within such Fiscal Year (whether at maturity, in connection with an Amortization Requirement, upon redemption or otherwise) (with interest payable on Variable Rate Bonds calculated at the maximum rate specified in such Bonds) less (y) any amounts available in the Sinking Fund for the payment of such amounts in such Bond Year, such payments to be made on or before July 15 of each Fiscal Year, commencing on July 15, 2004, to the extent the Legislative Appropriations have been made on or before such date, and otherwise on or before the date when such amounts become due and payable.

Of the Annual Installment paid each Fiscal Year, an amount equal to the Interest Installment shall constitute interest paid hereunder. The difference between the Annual Installment and the Interest Installment shall be applied against the principal of this Note.

N207689.4

In addition, Debtor agrees to pay, on the date each Annual Installment is paid, the Applicable Percentage of the following additional amounts: (i) any fees, expenses or other amounts becoming due and payable in such Bond Year to the provider (a "Facility Provider"), if applicable, of a Credit Facility or a Liquidity Facility (each, a "Facility") under the agreement relating to such Facility or any amounts required to reimburse a Facility Provider for payments made under any such Facility in respect of the Act 164 PFC Bonds and not theretofore reimbursed; (ii) all payments by the Obligee under any Swap Agreement (if applicable) expected to be due and payable for such Bond Year which relate to the Act 164 PFC Bonds (to the extent not already included in the portion corresponding to interest on such bonds); (iii) the fees or expenses payable to the Trustee under the 2004 Trust Agreement during such Bond Year which relate to the Act 164 PFC Bonds; (iv) any amount then due by Obligee to the Hedge Counterparty (if applicable) for breakage costs or any termination or similar payment under the terms of any Swap Agreement (if applicable) which relate to the Act 164 PFC Bonds; and (v) any other amount becoming due and payable in such Bond Year in respect of the Act 164 PFC Bonds or becoming due and payable under the provisions of the 2004 Trust Agreement which relate to the Act 164 PFC Bonds (collectively, the "Obligations").

This Note is issued under and pursuant to that certain Debt Restructuring and Assignment Agreement, dated as of July 1, 2001 (the "2001 Restructuring Agreement"), by and among the Debtor, Government Development Bank and PFC, as supplemented by a Supplemental Debt Restructuring and Assignment Agreement, dated June 1, 2004 (the "Supplemental Assignment Agreement" and together with the 2001 Restructuring Agreement, the "Restructuring Agreements"), by and among the Debtor, Government Development Bank and PFC, and by the acceptance of this Note, the holder hereof assents to all the provisions and conditions of said Restructuring Agreements.

Once all Act 164 PFC Bonds are deemed to have been paid within the meaning and with the effect expressed in the 2004 Trust Agreement and that certain Trust Agreement, dated December 27, 2001 (the "Parity Trust Agreement"), by and between PFC and The Bank of New York, as trustee, and any amounts then due and owing to a Facility Provider or any Hedge Counterparty have been paid, the obligation of the Debtor to pay principal of and interest on this Note and to pay the Obligations shall cease and terminate, whereupon this Note shall be delivered to the Debtor for cancellation.

The term "Act 164 PFC Bonds" means all Outstanding bonds of PFC (other than PFC's 2001 Series D Bonds, 2002 Series A Bonds and 2002 Series B Bonds or any bonds issued to refund those bonds) issued under the Parity Trust Agreement and the Allocable Share of any bonds the proceeds of which are used to refund those particular bonds.

"Allocable Share" means that percentage (determined from time to time by PFC in its absolute discretion and certified to the Trustee by the President or any Vice President of PFC at the time bonds are issued under the 2004 Trust Agreement), which represents the proportion that the principal amount of bonds issued under the 2004 Trust Agreement to refund Act 164 PFC Bonds bears to the aggregate principal amount of bonds Outstanding under the 2004 Trust Agreement.

N207689.4

"Applicable Percentage" means that percentage determined from time to time by PFC in its absolute discretion and certified to the Trustee by the President or any Vice President of PFC at the time each Series of Act 164 PFC Bonds is issued, which represents the proportion that the Purchase Price (as defined in the 2001 Restructuring Agreement) which has been allocated by PFC to this Note bears to the aggregate Purchase Price (as defined in the respective Debt Restructuring and Assignment Agreement applicable to each Act 164 Authorized Debtor) which has been allocated by PFC to the promissory notes of all Act 164 Authorized Debtors purchased with the proceeds of Act 164 PFC Bonds.

All acts, conditions and things required by the Puerto Rican Federal Relations Act and the Constitution and laws of the Commonwealth of Puerto Rico to happen, exist and be performed precedent to and in the issuance of this Note have happened, exist and have been performed as so required.

The Debtor hereby waives presentment, protest, demand and notice of nonpayment.

The Debtor hereby submits to the venue of any court selected by the Obligee in case of legal action for its collection.

**(Signature Page Follows)**

IN WITNESS WHEREOF, the Debtor has caused this Note to bear the manual or facsimile signature of the Executive Director of the Housing Finance Authority of Puerto Rico, all as of the 28th day of June, 2004.

HOUSING FINANCE AUTHORITY OF PUERTO RICO

By: _____

Name: José Cestero

Title: Executive Director

The undersigned hereby acknowledges that this Promissory Note has been assigned and pledged to U.S. Bank Trust National Association, as Trustee under that certain Trust Agreement, dated as of June 1, 2004, by and between PFC and the Trustee.

HOUSING FINANCE AUTHORITY OF PUERTO RICO

By: _____

Name: José Cestero

Title: Executive Director

N207689.4

United States of America
Commonwealth of Puerto Rico
Puerto Rico Aqueduct and Sewer Authority

## PROMISSORY NOTE

**PUERTO RICO AQUEDUCT AND SEWER AUTHORITY**, a public corporation and a governmental instrumentality of the Commonwealth of Puerto Rico for value received, hereby promises to pay to the order of Puerto Rico Public Finance Corporation ("PFC") or its assigns (the "Obligee"), at the principal office of PFC currently located at Minillas Government Center, De Diego Avenue, San Juan, Puerto Rico, or at such other address specified by the Obligee, in any lawful coin or currency of the United States of America which on the date of payment thereof is legal tender for the payment of public and private debts, solely from moneys appropriated (the "Legislative Appropriation") by the Legislature of Puerto Rico in accordance with the provisions of Act No. 164 of said Legislature, approved December 17, 2001 (the "Act"), the Principal Amount of this Note (said Principal Amount being determined as provided in the next succeeding paragraph), and to pay, in like coin or currency, interest on the unpaid Principal Amount of this Note, from the date hereof, in an amount equal to the Applicable Percentage (as defined below) of the aggregate interest payable on all Act 164 PFC Bonds (as such term is hereinafter defined) (the "Interest Installment"), such interest being computed on the basis of a 360-day year of twelve 30-day months. All terms used herein and not otherwise defined herein shall have the meanings set forth in the Trust Agreement, dated as of June 1, 2004 (the "2004 Trust Agreement"), by and between PFC and U.S. Bank Trust National Association, as trustee (the "Trustee").

The Principal Amount of this Note will at all times be equal to the Applicable Percentage (as defined below) of the aggregate principal amount (Accreted Value in the case of Capital Appreciation Bonds) of all Act 164 PFC Bonds, as such principal amount may be increased or decreased from time to time.

The Debtor agrees that every Fiscal Year, commencing with Fiscal Year 2004-05, it shall make annual payments of principal and interest hereunder (each such payment, the "Annual Installment") in an amount equal to the Applicable Percentage of (x) the sum of the interest, principal, and Accreted Value of the Act 164 PFC Bonds, which is due and payable in the Bond Year commencing within such Fiscal Year (whether at maturity, in connection with an Amortization Requirement, upon redemption or otherwise) (with interest payable on Variable Rate Bonds calculated at the maximum rate specified in such Bonds) less (y) any amounts available in the Sinking Fund for the payment of such amounts in such Bond Year, such payments to be made on or before July 15 of each Fiscal Year, commencing on July 15, 2004, to the extent the Legislative Appropriations have been made on or before such date, and otherwise on or before the date when such amounts become due and payable.

N207156.4

Of the Annual Installment paid each Fiscal Year, an amount equal to the Interest Installment shall constitute interest paid hereunder. The difference between the Annual Installment and the Interest Installment shall be applied against the principal of this Note.

In addition, Debtor agrees to pay, on the date each Annual Installment is paid, the Applicable Percentage of the following additional amounts: (i) any fees, expenses or other amounts becoming due and payable in such Bond Year to the provider (a "Facility Provider"), if applicable, of a Credit Facility or a Liquidity Facility (each, a "Facility") under the agreement relating to such Facility or any amounts required to reimburse a Facility Provider for payments made under any such Facility in respect of the Act 164 PFC Bonds and not theretofore reimbursed; (ii) all payments by the Obligee under any Swap Agreement (if applicable) expected to be due and payable for such Bond Year which relate to the Act 164 PFC Bonds (to the extent not already included in the portion corresponding to interest on such bonds); (iii) the fees or expenses payable to the Trustee under the 2004 Trust Agreement during such Bond Year which relate to the Act 164 PFC Bonds; (iv) any amount then due by Obligee to the Hedge Counterparty (if applicable) for breakage costs or any termination or similar payment under the terms of any Swap Agreement (if applicable) which relate to the Act 164 PFC Bonds; and (v) any other amount becoming due and payable in such Bond Year in respect of the Act 164 PFC Bonds or becoming due and payable under the provisions of the 2004 Trust Agreement which relate to the Act 164 PFC Bonds (collectively, the "Obligations").

This Note is issued under and pursuant to that certain Debt Restructuring and Assignment Agreement, dated as of July 1, 2001 (the "2001 Restructuring Agreement"), by and among the Debtor, Government Development Bank and PFC, as supplemented by a Supplemental Debt Restructuring and Assignment Agreement, dated June 1, 2004 (the "Supplemental Assignment Agreement" and together with the 2001 Restructuring Agreement, the "Restructuring Agreements"), by and among the Debtor, Government Development Bank and PFC, and by the acceptance of this Note, the holder hereof assents to all the provisions and conditions of said Restructuring Agreements.

Once all Act 164 PFC Bonds are deemed to have been paid within the meaning and with the effect expressed in the 2004 Trust Agreement and that certain Trust Agreement, dated December 27, 2001 (the "Parity Trust Agreement"), by and between PFC and The Bank of New York, as trustee, and any amounts then due and owing to a Facility Provider or any Hedge Counterparty have been paid, the obligation of the Debtor to pay principal of and interest on this Note and to pay the Obligations shall cease and terminate, whereupon this Note shall be delivered to the Debtor for cancellation.

The term "Act 164 PFC Bonds" means all Outstanding bonds of PFC (other than PFC's 2001 Series D Bonds or any bonds issued to refund those bonds) issued under the Parity Trust Agreement and the Allocable Share of any bonds the proceeds of which are used to refund those particular bonds.

"Allocable Share" means that percentage (determined from time to time by PFC in its absolute discretion and certified to the Trustee by the President or any Vice President of PFC at the time bonds are issued under the 2004 Trust Agreement), which represents the proportion that the principal amount of bonds issued under the 2004 Trust Agreement to refund Act 164 PFC

N207156.4

Bonds bears to the aggregate principal amount of bonds Outstanding under the 2004 Trust Agreement.

"Applicable Percentage" means that percentage determined from time to time by PFC in its absolute discretion and certified to the Trustee by the President or any Vice President of PFC at the time each Series of Act 164 PFC Bonds is issued, which represents the proportion that the Purchase Price (as defined in the 2001 Restructuring Agreement) which has been allocated by PFC to this Note bears to the aggregate Purchase Price (as defined in the respective Debt Restructuring and Assignment Agreement applicable to each Act 164 Authorized Debtor) which has been allocated by PFC to the promissory notes of all Act 164 Authorized Debtors purchased with the proceeds of Act 164 PFC Bonds.

All acts, conditions and things required by the Puerto Rican Federal Relations Act and the Constitution and laws of the Commonwealth of Puerto Rico to happen, exist and be performed precedent to and in the issuance of this Note have happened, exist and have been performed as so required.

The Debtor hereby waives presentment, protest, demand and notice of nonpayment.

The Debtor hereby submits to the venue of any court selected by the Obligee in case of legal action for its collection.

**(Signature Page Follows)**

IN WITNESS WHEREOF, the Debtor has caused this Note to bear the manual or facsimile signature of the President of Puerto Rico Aqueduct and Sewer Authority, all as of the 28th day of June, 2004.

PUERTO RICO AQUEDUCT AND SEWER AUTHORITY

By: _____

Name    Jorge Rodríguez Ruiz

Title:    President

The undersigned hereby acknowledges that this Promissory Note has been assigned and pledged to U.S. Bank Trust National Association, as Trustee under that certain Trust Agreement, dated as of June 1, 2004, by and between PFC and the Trustee.

PUERTO RICO AQUEDUCT AND SEWER AUTHORITY

By: _____

Name    Jorge Rodríguez Ruiz

Title:    President

N207156.4

United States of America
**Commonwealth of Puerto Rico**
**Puerto Rico Aqueduct and Sewer Authority**

PROMISSORY NOTE

Principal Amount: THREE HUNDRED NINETY MILLION DOLLARS ($390,000,000)

**PUERTO RICO AQUEDUCT AND SEWER AUTHORITY** (hereinafter called the
Authority"), a governmental instrumentality of the Commonwealth of Puerto Rico, for value
received hereby promises to pay to the order of Puerto Rico Public Finance Corporation, or its
assigns (the "Obligee"), at its office currently located at Minillas Government Center, De Diego
Avenue, San Juan, Puerto Rico, or at such other address specified by the Obligee, in any lawful
coin or currency of the United States of America which on the date of payment thereof is legal
tender for the payment of public and private debts, solely from moneys appropriated by the
Legislature of Puerto Rico in accordance with the provisions of Joint Resolution No. 523 of said
Legislature, adopted August 24, 2000 (the "Legislative Appropriations"), the Principal Amount
set forth above and to pay, in like coin or currency, interest on this Note at the rate of eight
percent (8%) per annum of the unpaid Principal Amount of this Note based upon the outstanding
principal amount of PRASA Bonds (as such term is hereinafter defined) secured thereby
(computed on the basis of a 360-day year of twelve 30-day months); provided, however, that in
no event shall the aggregate amount of principal paid hereunder and under the Promissory Note
of the Authority, dated August 2, 2001, as amended on June 28, 2004 (the "Parity Note") exceed
$390,000,000, plus interest calculated at the rate of eight percent (8%) per annum on the unpaid
principal amount of this Note and the Parity Note.

Every Fiscal Year, commencing with Fiscal Year 2004-2005 (all terms used herein and
not otherwise defined herein shall have the meanings set forth in the 2004 Trust Agreement
hereinafter mentioned), the Authority agrees to make such payments of principal and interest
hereunder in an amount equal to the sum of the following amounts (each such payment, the
"Annual Installment"), without duplication, and agrees to make such payments on or before July
15 of each Fiscal Year, commencing July 15, 2004, to the extent the Legislative Appropriations
have been made on or before such date, and otherwise on or before the date when the following
amounts become due and payable: (i) the interest on, principal of, redemption premium, if any,
and Accreted Value of the PRASA Bonds which is due and payable in the Bond Year
commencing within such Fiscal Year (whether at maturity, in connection with an Amortization
Requirement, upon redemption or otherwise) (with interest payable on PRASA Bonds the
interest rate on which is not fixed in percentage at the time of their issuance for their term
calculated at the maximum rate specified in such PRASA Bonds) less any amounts available in
the Sinking Fund for the payment of such amounts in such Bond Year; (ii) any fees, expenses or
other amounts becoming due and payable in such Bond Year to the provider (a "Facility
Provider"), if applicable, of a Credit Facility or a Liquidity Facility (each, a "Facility") under the
agreement relating to such Facility or any amounts required to reimburse a Facility Provider for
payments made under any such Facility in respect of the PRASA Bonds and not theretofore
reimbursed; (iii) all payments by the Obligee under any Swap Agreement (if applicable)

expected to be due and payable for such Bond Year (to the extent not already included in the portion corresponding to interest on the PRASA Bonds); (iv) any fees or expenses payable to the Trustee under the 2004 Trust Agreement during such Bond Year; (v) any amount then due by Obligee to the Hedge Counterparty (if applicable) for breakage costs or any termination or similar payment under the terms of any Swap Agreement (if applicable); and (vi) any other amount becoming due and payable in such Bond Year in respect of the PRASA Bonds or becoming due and payable under the provisions of the 2004 Trust Agreement (collectively, the "Obligations").

Anything herein to the contrary notwithstanding, the aggregate Annual Installment for this Note and the Parity Note for each Fiscal Year through 2031-2032 inclusive, shall not exceed $34,900,000.

In the event any Annual Installment shall exceed the total amounts necessary to pay the Obligations, the excess shall be deposited in the Sinking Fund and utilized to reduce the Annual Installments payable in any subsequent Fiscal Year.

Of the Annual Installment paid each Fiscal Year, an amount equal to eight percent (8%) per annum of the unpaid principal balance of this Note based upon the Outstanding principal amount of PRASA Bonds secured thereby shall constitute interest paid hereunder (such amount being the "Interest Installment"). The difference between the Annual Installment and the Interest Installment shall constitute the Principal Installment and shall be applied against the principal of this Note and against the principal of the Parity Note.

This Note is issued under and pursuant to Resolution No. 1805 duly adopted by the Governing Board of the Authority on July 18, 2001 and a Debt Restructuring and Assignment Agreement, dated as of August 1, 2001 (the "2001 Restructuring Agreement"), by and among the Authority, the Obligee and the Government Development Bank for Puerto Rico ("Development Bank"), as supplemented by the Supplemental Debt Restructuring and Assignment Agreement, dated as of June 1, 2004 (the "Supplemental Agreement" and, together with the 2001 Restructuring Agreement, the "Restructuring Agreements"), by and among the Authority, the Obligee and the Development Bank, and by the acceptance of this Note, the holder hereof assents to all the provisions and conditions of said Resolution and the Restructuring Agreements.

Once all PRASA Bonds issued under and pursuant to the 2004 Trust Agreement are deemed to have been paid within the meaning and with the effect expressed in the 2004 Trust Agreement and any amounts then due and owing to a Facility Provider or any Hedge Counterparty have been paid, the obligations of the Authority to pay principal of and interest on this Note shall cease and terminate, whereupon this Note shall be delivered to the Authority for cancellation and any amounts remaining in the Sinking Fund shall be paid over to the Corporation, which shall apply such amounts in accordance with the terms of the Restructuring Agreements.

"PRASA Bonds" means all Outstanding bonds of PFC issued under the Parity Trust Agreement and the Allocable Share of any bonds the proceeds of which are used to refund those particular bonds.

"Allocable Share" means that percentage (determined from time to time by PFC in its absolute discretion and certified to the Trustee by the President or any Vice President of PFC at the time bonds are issued under the 2004 Trust Agreement), which represents the proportion that the principal amount of bonds issued under the 2004 Trust Agreement to refund PRASA Bonds bears to the aggregate principal amount of bonds Outstanding under the 2004 Trust Agreement.

The undersigned hereby waives presentment, protest, demand and notice of nonpayment.

The undersigned hereby submits to the venue of any court selected by the Obligee in case of legal action for its collection.

All acts, conditions and things required by the Puerto Rican Federal Relations Act and the Constitution and laws of the Commonwealth of Puerto Rico to happen, exist and be performed precedent to and in the issuance of this Note have happened, exist and have been performed as so required.

**(Signature Page Follows)**

**IN WITNESS WHEREOF,** the Authority has caused this Note to bear the manual signature of the Director of Operations of the Authority, all as of the 28th day of June, 2004.

PUERTO RICO AQUEDUCT AND SEWER AUTHORITY

By:_____

Jorge Rodríguez Ruíz, Executive President

The undersigned hereby acknowledges that this Promissory Note has been assigned and pledged to U.S. Bank Trust National Association, as Trustee under that certain Trust Agreement, dated as of June 1, 2004, by and between the Corporation and the Trustee.

PUERTO RICO AQUEDUCT AND SEWER AUTHORITY

By:_____

Jorge Rodríguez Ruíz, Executive President

N207819.3

United States of America
Commonwealth of Puerto Rico
Puerto Rico Infrastructure Financing Authority

### PROMISSORY NOTE

**PUERTO RICO INFRASTRUCTURE FINANCING AUTHORITY** (hereinafter called the "Debtor"), a public corporation and instrumentality of the Commonwealth of Puerto Rico, for value received, hereby promises to pay to the order of Puerto Rico Public Finance Corporation ("PFC") or its assigns (the "Obligee"), at the principal office of PFC currently located at Minillas Government Center, De Diego Avenue, San Juan, Puerto Rico, or at such other address specified by the Obligee, in any lawful coin or currency of the United States of America which on the date of payment thereof is legal tender for the payment of public and private debts, solely from moneys appropriated (the "Legislative Appropriation") by the Legislature of Puerto Rico in accordance with the provisions of Act No. 164 of said Legislature, approved December 17, 2001 (the "Act"), the Principal Amount of this Note (said Principal Amount being determined as provided in the next succeeding paragraph), and to pay, in like coin or currency, interest on the unpaid Principal Amount of this Note, from the date hereof, in an amount equal to the Applicable Percentage (as defined below) of the aggregate interest payable on all Act 164 PFC Bonds (as such term is hereinafter defined) (the "Interest Installment"), such interest being computed on the basis of a 360-day year of twelve 30-day months. All terms used herein and not otherwise defined herein shall have the meanings set forth in the Trust Agreement, dated as of June 1, 2004, (the "2004 Trust Agreement"), by and between PFC and U.S. Bank Trust National Association, as trustee (the "Trustee").

The Principal Amount of this Note will at all times be equal to the Applicable Percentage (as defined below) of the aggregate principal amount (Accreted Value in the case of Capital Appreciation Bonds) of all Act 164 PFC Bonds, as such principal amount may be increased or decreased from time to time.

The Debtor agrees that every Fiscal Year, commencing with Fiscal Year 2004-05, it shall make annual payments of principal and interest hereunder (each such payment, the "Annual Installment") in an amount equal to the Applicable Percentage of (x) the sum of the interest, principal, and Accreted Value of the Act 164 PFC Bonds, which is due and payable in the Bond Year commencing within such Fiscal Year (whether at maturity, in connection with an Amortization Requirement, upon redemption or otherwise) (with interest payable on Variable Rate Bonds calculated at the maximum rate specified in such Bonds) less (y) any amounts available in the Sinking Fund for the payment of such amounts in such Bond Year, such payments to be made on or before July 15 of each Fiscal Year, commencing on July 15, 2004, to the extent the Legislative Appropriations have been made on or before such date, and otherwise on or before the date when such amounts become due and payable.

Of the Annual Installment paid each Fiscal Year, an amount equal to the Interest Installment shall constitute interest paid hereunder. The difference between the Annual Installment and the Interest Installment shall be applied against the principal of this Note.

N207154.5

In addition, Debtor agrees to pay, on the date each Annual Installment is paid, the Applicable Percentage of the following additional amounts: (i) any fees, expenses or other amounts becoming due and payable in such Bond Year to the provider (a "Facility Provider"), if applicable, of a Credit Facility or a Liquidity Facility (each, a "Facility") under the agreement relating to such Facility or any amounts required to reimburse a Facility Provider for payments made under any such Facility in respect of the Act 164 PFC Bonds and not theretofore reimbursed; (ii) all payments by the Obligee under any Swap Agreement (if applicable) expected to be due and payable for such Bond Year which relate to the Act 164 PFC Bonds (to the extent not already included in the portion corresponding to interest on such bonds); (iii) the fees or expenses payable to the Trustee under the 2004 Trust Agreement during such Bond Year which relate to the Act 164 PFC Bonds; (iv) any amount then due by Obligee to the Hedge Counterparty (if applicable) for breakage costs or any termination or similar payment under the terms of any Swap Agreement (if applicable) which relate to the Act 164 PFC Bonds; and (v) any other amount becoming due and payable in such Bond Year in respect of the Act 164 PFC Bonds or becoming due and payable under the provisions of the 2004 Trust Agreement which relate to the Act 164 PFC Bonds (collectively, the "Obligations").

This Note is issued under and pursuant to that certain Debt Restructuring and Assignment Agreement, dated as of July 1, 2001 (the "2001 Restructuring Agreement"), by and among the Debtor, Government Development Bank and PFC, as supplemented by a Supplemental Debt Restructuring and Assignment Agreement, dated June 1, 2004 (the "Supplemental Assignment Agreement" and together with the 2001 Restructuring Agreement, the "Restructuring Agreements"), by and among the Debtor, Government Development Bank and PFC, and by the acceptance of this Note, the holder hereof assents to all the provisions and conditions of said Restructuring Agreements.

Once all Act 164 PFC Bonds are deemed to have been paid within the meaning and with the effect expressed in the 2004 Trust Agreement and that certain Trust Agreement, dated December 27, 2001 (the "Parity Trust Agreement"), by and between PFC and The Bank of New York, as trustee, and any amounts then due and owing to a Facility Provider or any Hedge Counterparty have been paid, the obligation of the Debtor to pay principal of and interest on this Note and to pay the Obligations shall cease and terminate, whereupon this Note shall be delivered to the Debtor for cancellation.

The term "Act 164 PFC Bonds" means all Outstanding bonds of PFC (other than PFC's 2001 Series D Bonds, 2002 Series A Bonds and 2002 Series B Bonds or any bonds issued to refund those bonds) issued under the Parity Trust Agreement and the Allocable Share of any bonds the proceeds of which are used to refund those particular bonds.

"Allocable Share" means that percentage (determined from time to time by PFC in its absolute discretion and certified to the Trustee by the President or any Vice President of PFC at the time bonds are issued under the 2004 Trust Agreement), which represents the proportion that the principal amount of bonds issued under the 2004 Trust Agreement to refund Act 164 PFC Bonds bears to the aggregate principal amount of bonds Outstanding under the 2004 Trust Agreement.

N207154.5

"Applicable Percentage" means that percentage determined from time to time by PFC in its absolute discretion and certified to the Trustee by the President or any Vice President of PFC at the time each Series of Act 164 PFC Bonds is issued, which represents the proportion that the Purchase Price (as defined in the 2001 Restructuring Agreement) which has been allocated by PFC to this Note bears to the aggregate Purchase Price (as defined in the respective Debt Restructuring and Assignment Agreement applicable to each Act 164 Authorized Debtor) which has been allocated by PFC to the promissory notes of all Act 164 Authorized Debtors purchased with the proceeds of Act 164 PFC Bonds.

All acts, conditions and things required by the Puerto Rican Federal Relations Act and the Constitution and laws of the Commonwealth of Puerto Rico to happen, exist and be performed precedent to and in the issuance of this Note have happened, exist and have been performed as so required.

The Debtor hereby waives presentment, protest, demand and notice of nonpayment.

The Debtor hereby submits to the venue of any court selected by the Obligee in case of legal action for its collection.

**(Signature Page Follows)**

N207154.5

IN WITNESS WHEREOF, the Debtor has caused this Note to bear the manual or facsimile signature of the Executive Director of Puerto Rico Infrastructure Financing Authority, all as of the 28th day of June, 2004.

PUERTO RICO INFRASTRUCTURE
FINANCING AUTHORITY

By: _____

Name:  Roxana Santaella Vélez
Title:   Executive Director

The undersigned hereby acknowledges that this Promissory Note has been assigned and pledged to U.S. Bank Trust National Association , as Trustee under that certain Trust Agreement, dated as of June 1, 2004, by and between PFC and the Trustee.

PUERTO RICO INFRASTRUCTURE
FINANCING AUTHORITY

By: _____

Name:  Roxana Santaella Vélez
Title:   Executive Director

N207154.5

United States of America
Commonwealth of Puerto Rico
Puerto Rico Solid Waste Authority

## PROMISSORY NOTE

 **PUERTO RICO SOLID WASTE AUTHORITY**, (hereinafter called the "Debtor"), a public corporation and instrumentality of the Commonwealth of Puerto Rico, for value received, hereby promises to pay to the order of Puerto Rico Public Finance Corporation ("PFC") or its assigns (the "Obligee"), at the principal office of PFC currently located at Minillas Government Center, De Diego Avenue, San Juan, Puerto Rico, or at such other address specified by the Obligee, in any lawful coin or currency of the United States of America which on the date of payment thereof is legal tender for the payment of public and private debts, solely from moneys appropriated (the "Legislative Appropriation") by the Legislature of Puerto Rico in accordance with the provisions of Act No. 164 of said Legislature, approved December 17, 2001 (the "Act"), the Principal Amount of this Note (said Principal Amount being determined as provided in the next succeeding paragraph), and to pay, in like coin or currency, interest on the unpaid Principal Amount of this Note, from the date hereof, in an amount equal to the Applicable Percentage (as defined below) of the aggregate interest payable on all Act 164 PFC Bonds (as such term is hereinafter defined) (the "Interest Installment"), such interest being computed on the basis of a 360-day year of twelve 30-day months. All terms used herein and not otherwise defined herein shall have the meanings set forth in the Trust Agreement, dated as of June 1, 2004 (the "2004 Trust Agreement"), by and between PFC and U.S. Bank Trust National Association, as trustee (the "Trustee").

 The Principal Amount of this Note will at all times be equal to the Applicable Percentage (as defined below) of the aggregate principal amount (Accreted Value in the case of Capital Appreciation Bonds) of all Act 164 PFC Bonds, as such principal amount may be increased or decreased from time to time.

 The Debtor agrees that every Fiscal Year, commencing with Fiscal Year 2004-05, it shall make annual payments of principal and interest hereunder (each such payment, the "Annual Installment") in an amount equal to the Applicable Percentage of (x) the sum of the interest, principal, and Accreted Value of the Act 164 PFC Bonds, which is due and payable in the Bond Year commencing within such Fiscal Year (whether at maturity, in connection with an Amortization Requirement, upon redemption or otherwise) (with interest payable on Variable Rate Bonds calculated at the maximum rate specified in such Bonds) less (y) any amounts available in the Sinking Fund for the payment of such amounts in such Bond Year, such payments to be made on or before July 15 of each Fiscal Year, commencing on July 15, 2004, to the extent the Legislative Appropriations have been made on or before such date, and otherwise on or before the date when such amounts become due and payable.

N207148.5

Of the Annual Installment paid each Fiscal Year, an amount equal to the Interest Installment shall constitute interest paid hereunder. The difference between the Annual Installment and the Interest Installment shall be applied against the principal of this Note.

In addition, Debtor agrees to pay, on the date each Annual Installment is paid, the Applicable Percentage of the following additional amounts: (i) any fees, expenses or other amounts becoming due and payable in such Bond Year to the provider (a "Facility Provider"), if applicable, of a Credit Facility or a Liquidity Facility (each, a "Facility") under the agreement relating to such Facility or any amounts required to reimburse a Facility Provider for payments made under any such Facility in respect of the Act 164 PFC Bonds and not theretofore reimbursed; (ii) all payments by the Obligee under any Swap Agreement (if applicable) expected to be due and payable for such Bond Year which relate to the Act 164 PFC Bonds (to the extent not already included in the portion corresponding to interest on such bonds); (iii) the fees or expenses payable to the Trustee under the 2004 Trust Agreement during such Bond Year which relate to the Act 164 PFC Bonds; (iv) any amount then due by Obligee to the Hedge Counterparty (if applicable) for breakage costs or any termination or similar payment under the terms of any Swap Agreement (if applicable) which relate to the Act 164 PFC Bonds; and (v) any other amount becoming due and payable in such Bond Year in respect of the Act 164 PFC Bonds or becoming due and payable under the provisions of the 2004 Trust Agreement which relate to the Act 164 PFC Bonds (collectively, the "Obligations").

This Note is issued under and pursuant to that certain Debt Restructuring and Assignment Agreement, dated as of July 1, 2001 (the "2001 Restructuring Agreement"), by and among the Debtor, Government Development Bank and PFC, as supplemented by a Supplemental Debt Restructuring and Assignment Agreement, dated June 1, 2004 (the "Supplemental Assignment Agreement" and together with the 2001 Restructuring Agreement, the "Restructuring Agreements"), by and among the Debtor, Government Development Bank and PFC, and by the acceptance of this Note, the holder hereof assents to all the provisions and conditions of said Restructuring Agreements.

Once all Act 164 PFC Bonds are deemed to have been paid within the meaning and with the effect expressed in the 2004 Trust Agreement and that certain Trust Agreement, dated December 27, 2001 (the "Parity Trust Agreement"), by and between PFC and The Bank of New York, as trustee, and any amounts then due and owing to a Facility Provider or any Hedge Counterparty have been paid, the obligation of the Debtor to pay principal of and interest on this Note and to pay the Obligations shall cease and terminate, whereupon this Note shall be delivered to the Debtor for cancellation.

The term "Act 164 PFC Bonds" means all Outstanding bonds of PFC (other than PFC's 2001 Series D Bonds, 2002 Series A Bonds and 2002 Series B Bonds or any bonds issued to refund those bonds) issued under the Parity Trust Agreement and the Allocable Share of any bonds the proceeds of which are used to refund those particular bonds.

"Allocable Share" means that percentage (determined from time to time by PFC in its absolute discretion and certified to the Trustee by the President or any Vice President of PFC at the time bonds are issued under the 2004 Trust Agreement), which represents the proportion that the principal amount of bonds issued under the 2004 Trust Agreement to refund Act 164 PFC

Bonds bears to the aggregate principal amount of bonds Outstanding under the 2004 Trust Agreement.

"Applicable Percentage" means that percentage determined from time to time by PFC in its absolute discretion and certified to the Trustee by the President or any Vice President of PFC at the time each Series of Act 164 PFC Bonds is issued, which represents the proportion that the Purchase Price (as defined in the 2001 Restructuring Agreement) which has been allocated by PFC to this Note bears to the aggregate Purchase Price (as defined in the respective Debt Restructuring and Assignment Agreement applicable to each Act 164 Authorized Debtor) which has been allocated by PFC to the promissory notes of all Act 164 Authorized Debtors purchased with the proceeds of Act 164 PFC Bonds.

All acts, conditions and things required by the Puerto Rican Federal Relations Act and the Constitution and laws of the Commonwealth of Puerto Rico to happen, exist and be performed precedent to and in the issuance of this Note have happened, exist and have been performed as so required.

The Debtor hereby waives presentment, protest, demand and notice of nonpayment.

The Debtor hereby submits to the venue of any court selected by the Obligee in case of legal action for its collection.

**(Signature Page Follows)**

N207148.5

IN WITNESS WHEREOF, the Debtor has caused this Note to bear the manual or facsimile signature of the Secretary of the Department of Natural Resources, all as of the 28th day of June, 2004.

PUERTO RICO SOLID WASTE AUTHORITY

By: _____

Name  Luis E. Rodríguez

Title:  Secretary, Department of Natural
Resources

The undersigned hereby acknowledges that this Promissory Note has been assigned and pledged to U.S. Trust Bank National Association, as Trustee under that certain Trust Agreement, dated June 1, 2004, by and between PFC and the Trustee.

PUERTO RICO SOLID WASTE AUTHORITY

By: _____

Name  Luis E. Rodríguez

Title:  Secretary, Department of Natural
Resources

N207148.5

United States of America
Commonwealth of Puerto Rico
Puerto Rico Sugar Corporation

PROMISSORY NOTE

PUERTO RICO LAND AUTHORITY (hereafter called the "Debtor"), as successor to
PUERTO RICO SUGAR CORPORATION, a public corporation and instrumentality of the
Commonwealth of Puerto Rico, for value received, hereby promises to pay to the order of Puerto
Rico Public Finance Corporation ("PFC") or its assigns (the "Obligee"), at the principal office of
PFC currently located at Minillas Government Center, De Diego Avenue, San Juan, Puerto Rico,
or at such other address specified by the Obligee, in any lawful coin or currency of the United
States of America which on the date of payment thereof is legal tender for the payment of public
and private debts, solely from moneys appropriated (the "Legislative Appropriation") by the
Legislature of Puerto Rico in accordance with the provisions of Act No. 164 of said Legislature,
approved December 17, 2001 (the "Act"), the Principal Amount of this Note (said Principal
Amount being determined as provided in the next succeeding paragraph), and to pay, in like coin
or currency, interest on the unpaid Principal Amount of this Note, from the date hereof, in an
amount equal to the Applicable Percentage (as defined below) of the aggregate interest payable
on all Act 164 PFC Bonds (as such term is hereinafter defined) (the "Interest Installment"), such
interest being computed on the basis of a 360-day year of twelve 30-day months. All terms used
herein and not otherwise defined herein shall have the meanings set forth in the Trust
Agreement, dated as of June 1, 2004 (the "2004 Trust Agreement") by and between PFC and
U.S. Bank Trust National Association, as trustee (the "Trustee").

The Principal Amount of this Note will at all times be equal to the Applicable Percentage
(as defined below) of the aggregate principal amount (Accreted Value in the case of Capital
Appreciation Bonds) of all Act 164 PFC Bonds, as such principal amount may be increased or
decreased from time to time.

The Debtor agrees that every Fiscal Year, commencing with Fiscal Year 2004-05, it shall
make annual payments of principal and interest hereunder (each such payment, the "Annual
Installment") in an amount equal to the Applicable Percentage of (x) the sum of the interest,
principal, and Accreted Value of the Act 164 PFC Bonds, which is due and payable in the Bond
Year commencing within such Fiscal Year (whether at maturity, in connection with an
Amortization Requirement, upon redemption or otherwise) (with interest payable on Variable
Rate Bonds calculated at the maximum rate specified in such Bonds) less (y) any amounts
available in the Sinking Fund for the payment of such amounts in such Bond Year, such
payments to be made on or before July 15 of each Fiscal Year, commencing on July 15, 2004, to
the extent the Legislative Appropriations have been made on or before such date, and otherwise
on or before the date when such amounts become due and payable.

N207152.5

Of the Annual Installment paid each Fiscal Year, an amount equal to the Interest Installment shall constitute interest paid hereunder. The difference between the Annual Installment and the Interest Installment shall be applied against the principal of this Note.

In addition, Debtor agrees to pay, on the date each Annual Installment is paid, the Applicable Percentage of the following additional amounts: (i) any fees, expenses or other amounts becoming due and payable in such Bond Year to the provider (a "Facility Provider"), if applicable, of a Credit Facility or a Liquidity Facility (each, a "Facility") under the agreement relating to such Facility or any amounts required to reimburse a Facility Provider for payments made under any such Facility in respect of the Act 164 PFC Bonds and not theretofore reimbursed; (ii) all payments by the Obligee under any Swap Agreement (if applicable) expected to be due and payable for such Bond Year which relate to the Act 164 PFC Bonds (to the extent not already included in the portion corresponding to interest on such bonds); (iii) the fees or expenses payable to the Trustee under the 2004 Trust Agreement during such Bond Year which relate to the Act 164 PFC Bonds; (iv) any amount then due by Obligee to the Hedge Counterparty (if applicable) for breakage costs or any termination or similar payment under the terms of any Swap Agreement (if applicable) which relate to the Act 164 PFC Bonds; and (v) any other amount becoming due and payable in such Bond Year in respect of the Act 164 PFC Bonds or becoming due and payable under the provisions of the 2004 Trust Agreement which relate to the Act 164 PFC Bonds (collectively, the "Obligations").

This Note is issued under and pursuant to that certain Debt Restructuring and Assignment Agreement, dated as of July 1, 2001 (the "2001 Restructuring Agreement"), by and among the Debtor, Government Development Bank and PFC, as supplemented by a Supplemental Debt Restructuring and Assignment Agreement, dated June 1, 2004 (the "Supplemental Assignment Agreement" and together with the 2001 Restructuring Agreement, the "Restructuring Agreements"), by and among the Debtor, Government Development Bank and PFC, and by the acceptance of this Note, the holder hereof assents to all the provisions and conditions of said Restructuring Agreements.

Once all Act 164 PFC Bonds are deemed to have been paid within the meaning and with the effect expressed in the 2004 Trust Agreement and that certain Trust Agreement, dated December 27, 2001 (the "Parity Trust Agreement"), by and between PFC and The Bank of New York, as trustee, and any amounts then due and owing to a Facility Provider or any Hedge Counterparty have been paid, the obligation of the Debtor to pay principal of and interest on this Note and to pay the Obligations shall cease and terminate, whereupon this Note shall be delivered to the Debtor for cancellation.

The term "Act 164 PFC Bonds" means all Outstanding bonds of PFC (other than PFC's 2001 Series D Bonds, 2002 Series A Bonds and 2002 Series B Bonds or any bonds issued to refund those bonds) issued under the Parity Trust Agreement and the Allocable Share of any bonds the proceeds of which are used to refund those particular bonds.

"Allocable Share" means that percentage (determined from time to time by PFC in its absolute discretion and certified to the Trustee by the President or any Vice President of PFC at the time bonds are issued under the 2004 Trust Agreement), which represents the proportion that the principal amount of bonds issued under the 2004 Trust Agreement to refund Act 164 PFC

N207152.5

Bonds bears to the aggregate principal amount of bonds Outstanding under the 2004 Trust Agreement.

"Applicable Percentage" means that percentage determined from time to time by PFC in its absolute discretion and certified to the Trustee by the President or any Vice President of PFC at the time each Series of Act 164 PFC Bonds is issued, which represents the proportion that the Purchase Price (as defined in the 2001 Restructuring Agreement) which has been allocated by PFC to this Note bears to the aggregate Purchase Price (as defined in the respective Debt Restructuring and Assignment Agreement applicable to each Act 164 Authorized Debtor) which has been allocated by PFC to the promissory notes of all Act 164 Authorized Debtors purchased with the proceeds of Act 164 PFC Bonds.

All acts, conditions and things required by the Puerto Rican Federal Relations Act and the Constitution and laws of the Commonwealth of Puerto Rico to happen, exist and be performed precedent to and in the issuance of this Note have happened, exist and have been performed as so required.

The Debtor hereby waives presentment, protest, demand and notice of nonpayment.

The Debtor hereby submits to the venue of any court selected by the Obligee in case of legal action for its collection.

**(Signature Page Follows)**

N207152.5

IN WITNESS WHEREOF, the Debtor has caused this Note to bear the manual or facsimile signature of its Executive Director, all as of the 28th day of June, 2004.

PUERTO RICO LAND AUTHORITY

By: _____
José Fabre
Executive Director

The undersigned hereby acknowledges that this Promissory Note has been assigned and pledged to U.S. Bank Trust National Association, as Trustee under that certain Trust Agreement, dated as of June 1, 2004, by and between PFC and the Trustee.

PUERTO RICO LAND AUTHORITY

By: _____
José Fabre
Executive Director

N207809.5

United States of America
Commonwealth of Puerto Rico
Department of Treasury

**PROMISSORY NOTE**

    **COMMONWEALTH OF PUERTO RICO,** acting through the Department of Treasury (hereinafter called the "Debtor"), an executive department of the Commonwealth of Puerto Rico for value received, hereby promises to pay to the order of Puerto Rico Public Finance Corporation ("PFC") or its assigns (the "Obligee"), at the principal office of PFC currently located at Minillas Government Center, De Diego Avenue, San Juan, Puerto Rico, or at such other address specified by the Obligee, in any lawful coin or currency of the United States of America which on the date of payment thereof is legal tender for the payment of public and private debts, solely from moneys appropriated (the "Legislative Appropriation") by the Legislature of Puerto Rico in accordance with the provisions of Act No. 164 of said Legislature, approved December 17, 2001 (the "Act"), the Principal Amount of this Note (said Principal Amount being determined as provided in the next succeeding paragraph), and to pay, in like coin or currency, interest on the unpaid Principal Amount of this Note, from the date hereof, in an amount equal to the Applicable Percentage (as defined below) of the aggregate interest payable on all Act 164 PFC Bonds (as such term is hereinafter defined) (the "Interest Installment," such interest being computed on the basis of a 360-day year of twelve 30-day months. All terms used herein and not otherwise defined herein shall have the meanings set forth in the Trust Agreement, dated as of June 1, 2004, (the "2004 Trust Agreement"), by and between PFC and U.S. Bank Trust National Association, as trustee (the "Trustee").

    The Principal Amount of this Note will at all times be equal to the Applicable Percentage (as defined below) of the aggregate principal amount (Accreted Value in the case of Capital Appreciation Bonds) of all Act 164 PFC Bonds, as such principal amount may be increased or decreased from time to time.

    The Debtor agrees that every Fiscal Year, commencing with Fiscal Year 2004-05, it shall make annual payments of principal and interest hereunder (each such payment, the "Annual Installment") in an amount equal to the Applicable Percentage of (x) the sum of the interest, principal, and Accreted Value of the Act 164 PFC Bonds, which is due and payable in the Bond Year commencing within such Fiscal Year (whether at maturity, in connection with an Amortization Requirement, upon redemption or otherwise) (with interest payable on Variable Rate Bonds calculated at the maximum rate specified in such Bonds) less (y) any amounts available in the Sinking Fund for the payment of such amounts in such Bond Year, such payments to be made on or before July 15 of each Fiscal Year, commencing on July 15, 2004, to the extent the Legislative Appropriations have been made on or before such date, and otherwise on or before the date when such amounts become due and payable.

N207690.7

Of the Annual Installment paid each Fiscal Year, an amount equal to the Interest Installment shall constitute interest paid hereunder. The difference between the Annual Installment and the Interest Installment shall be applied against the principal of this Note.

In addition, Debtor agrees to pay, on the date each Annual Installment is paid, the Applicable Percentage of the following additional amounts: (i) any fees, expenses or other amounts becoming due and payable in such Bond Year to the provider (a "Facility Provider"), if applicable, of a Credit Facility or a Liquidity Facility (each, a "Facility") under the agreement relating to such Facility or any amounts required to reimburse a Facility Provider for payments made under any such Facility in respect of the Act 164 PFC Bonds and not theretofore reimbursed; (ii) all payments by the Obligee under any Swap Agreement (if applicable) expected to be due and payable for such Bond Year which relate to the Act 164 PFC Bonds (to the extent not already included in the portion corresponding to interest on such bonds); (iii) the fees or expenses payable to the Trustee under the 2004 Trust Agreement during such Bond Year which relate to the Act 164 PFC Bonds; (iv) any amount then due by Obligee to the Hedge Counterparty (if applicable) for breakage costs or any termination or similar payment under the terms of any Swap Agreement (if applicable) which relate to the Act 164 PFC Bonds; and (v) any other amount becoming due and payable in such Bond Year in respect of the Act 164 PFC Bonds or becoming due and payable under the provisions of the 2004 Trust Agreement which relate to the Act 164 PFC Bonds (collectively, the "Obligations").

This Note is issued under and pursuant to that certain Debt Restructuring and Assignment Agreement, dated as of July 1, 2001 (the "2001 Restructuring Agreement"), by and among the Debtor, Government Development Bank and PFC, as supplemented by a Supplemental Debt Restructuring and Assignment Agreement, dated June 1, 2004 (the "Supplemental Assignment Agreement" and together with the 2001 Restructuring Agreement, the "Restructuring Agreements"), by and among the Debtor, Government Development Bank and PFC, and by the acceptance of this Note, the holder hereof assents to all the provisions and conditions of said Restructuring Agreements.

Once all Act 164 PFC Bonds are deemed to have been paid within the meaning and with the effect expressed in the 2004 Trust Agreement and that certain Trust Agreement, dated December 27, 2001 (the "Parity Trust Agreement"), by and between PFC and The Bank of New York, as trustee, and any amounts then due and owing to a Facility Provider or any Hedge Counterparty have been paid, the obligation of the Debtor to pay principal of and interest on this Note and to pay the Obligations shall cease and terminate, whereupon this Note shall be delivered to the Debtor for cancellation.

The term "Act 164 PFC Bonds" means all Outstanding bonds of PFC (other than PFC's 2001 Series D Bonds, 2002 Series A Bonds and 2002 Series B Bonds or any bonds issued to refund those bonds) issued under the Parity Trust Agreement and the Allocable Share of any bonds the proceeds of which are used to refund those particular bonds.

"Allocable Share" means that percentage (determined from time to time by PFC in its absolute discretion and certified to the Trustee by the President or any Vice President of PFC at the time bonds are issued under the 2004 Trust Agreement), which represents the proportion that the principal amount of bonds issued under the 2004 Trust Agreement to refund Act 164 PFC

Bonds bears to the aggregate principal amount of bonds Outstanding under the 2004 Trust Agreement.

"Applicable Percentage" means that percentage determined from time to time by PFC in its absolute discretion and certified to the Trustee by the President or any Vice President of PFC at the time each Series of Act 164 PFC Bonds is issued, which represents the proportion that the Purchase Price (as defined in the 2001 Restructuring Agreement) which has been allocated by PFC to this Note bears to the aggregate Purchase Price (as defined in the respective Debt Restructuring and Assignment Agreement applicable to each Act 164 Authorized Debtor) which has been allocated by PFC to the promissory notes of all Act 164 Authorized Debtors purchased with the proceeds of Act 164 PFC Bonds.

All acts, conditions and things required by the Puerto Rican Federal Relations Act and the Constitution and laws of the Commonwealth of Puerto Rico to happen, exist and be performed precedent to and in the issuance of this Note have happened, exist and have been performed as so required.

The Debtor hereby waives presentment, protest, demand and notice of nonpayment.

The Debtor hereby submits to the venue of any court selected by the Obligee in case of legal action for its collection.

**(Signature Page Follows)**

IN WITNESS WHEREOF, the Debtor has caused this Note to bear the manual or facsimile signature of the Secretary of Treasury of Puerto Rico, all as of the 28th day of June, 2004.

DEPARTMENT OF TREASURY

By: _Juan A. Flores Galarza_
Name: Juan A. Flores Galarza
Title: Secretary of Treasury

The undersigned hereby acknowledges that this Promissory Note has been assigned and pledged to U. S. Bank Trust National Association, as Trustee under that certain Trust Agreement, dated as of June 1, 2004, by and between PFC and the Trustee.

DEPARTMENT OF TREASURY

By: _Juan A. Flores Galarza_
Name: Juan A. Flores Galarza
Title: Secretary of Treasury

N207690.7

United States of America

Commonwealth of Puerto Rico

Puerto Rico Maritime Shipping Authority

PROMISSORY NOTE

Principal Amount:     Three Hundred and Ten Million Dollars ($310,000,000)

FOR VALUE RECEIVED, THE UNDERSIGNED , PUERTO RICO MARITIME SHIPPING AUTHORITY (THE "AUTHORITY") , DOES HEREBY PROMISE TO PAY to the order of Puerto Rico Public Finance Corporation, or its assigns (the "Obligee"), at its office currently located at Minillas Government Center, De Diego Avenue, San Juan, Puerto Rico, or at such other address specified by the Obligee, in any lawful coin or currency of the United States of America which on the date of payment thereof is legal tender for the payment of public and private debts, solely from moneys appropriated by the Legislature of Puerto Rico in accordance with the provisions of Act No. 113 of said Legislature, approved September 27, 1994 (the "Legislative Appropriations"), the Principal Amount set forth above and to pay interest on this Note, in like coin or currency, in an amount equal to the Interest Installment (as defined below), such amount not to exceed a rate of twelve percent (12%) per annum of the unpaid principal amount of this Note based on the Outstanding principal amount of PRMSA Bonds (as such term is hereinafter defined) secured thereby (computed on the basis of a 360 day year of twelve 30-day months); provided, however, that in no event shall the aggregate amount of principal paid hereunder and under the Promissory Note of the Authority, dated June 30, 1995, as amended on June 28, 2004, in favor of the Obligee (the "Parity Note") exceed $310,000,000, plus interest calculated at the rate of twelve percent (12%) per annum on the unpaid principal amount of this Note and the Parity Note.

Every Fiscal Year (all capitalized terms used herein and not otherwise defined herein shall have the meanings set forth in the Trust Agreement (the "2004 Trust Agreement"), dated as of June 1, 2004, between the Corporation and U. S. Bank Trust National Association, as trustee (the "Trustee"), the Authority agrees to make such payments of principal and interest hereunder in an amount equal to the sum of the following amounts (the "Annual Installment"), and agrees to make such payments on or before July 15 of each Fiscal Year, to the extent the Legislative Appropriations have been made on or before such date, and otherwise on or before the date when the following amounts become due and payable, commencing with Fiscal Year 2004-05: (i) the interest on, principal of, redemption premium, if any, and Accreted Value or Appreciated Value of the PRMSA Bonds which is due and payable in such Fiscal Year (whether at maturity, in connection with an Amortization Requirement, upon redemption or otherwise); (ii) the amount required to purchase or redeem PRMSA Bonds in such Fiscal Year pursuant to the 2004 Trust

Agreement; (iii) the amounts required to be deposited to the credit of the Reserve Account established under the 2004 Trust Agreement in such Fiscal Year; (iv) any Fees or any Reimbursement (as hereinafter defined) becoming due and payable in such Fiscal Year; and, (v) any Other Amounts (as hereinafter defined) becoming due and payable in such Fiscal Year.

Of the Annual Installment paid, an amount equal to the sum of the Principal Installment (as hereinafter defined) paid hereunder and the principal installment paid on the Parity Note shall be applied against the principal amount of this Note and the Parity Note. The difference between the Annual Installment paid on this Note and the Principal Installment paid on this Note shall constitute interest paid hereunder (the "Interest Installment").

The term "Principal Installment" shall mean, for each Fiscal Year, an amount equal to (A) the sum of (i) the principal of the PRMSA Bonds (as hereinafter defined), other than Capital Appreciation Bonds and Capital Appreciation and Income Bonds, paid in such Fiscal Year, (ii) the maturity amount or any Amortization Requirement of any Capital Appreciation Bonds or Capital Appreciation and Income Bonds becoming due and payable in such Fiscal Year, (iii) the redemption premium, if any, paid in such Fiscal Year in respect of any PRMSA Bonds, (iv) any fees paid in such Fiscal Year to the provider of a Credit Facility, Liquidity Facility, Reserve Account Insurance Policy or Reserve Account Letter of Credit (each a "Facility") under the agreement relating to such Facility and any fees or reimbursement for expenses payable to the Trustee (as hereinafter defined) under the 2004 Trust Agreement (all such fees are hereinafter collectively referred to as "Fees") and (v) any other amount paid in respect of the PRMSA Bonds (other than those set forth as interest hereunder) or paid under the provisions of the 2004 Trust Agreement ("Other Amounts") in such Fiscal Year, less (B) the sum of (i) the difference between the aggregate Accreted Value of all Capital Appreciation Bonds as of the first Valuation Date in such Fiscal Year (including the maturity amount or any Amortization Requirement of any Capital Appreciation Bonds becoming due and payable on such Valuation Date) and the aggregate Accreted Value of all Capital Appreciation Bonds as of the first Valuation Date in the preceding Fiscal Year (excluding the maturity amount or any Amortization Requirement of any Capital Appreciation Bonds becoming due and payable on such Valuation Date) and (ii) the difference between the aggregate Appreciated Value of all Capital Appreciation and Income Bonds as of the first Valuation Date in such Fiscal Year (including the maturity amount or any Amortization Requirement of any Capital Appreciation and Income Bonds becoming due and payable on such Valuation Date) and the aggregate Appreciated Value of all Capital Appreciation and Income Bonds as of the first Valuation Date in the preceding Fiscal Year (excluding the maturity amount or any Amortization Requirement of any Capital Appreciation and Income Bonds becoming due and payable on such Valuation Date). Principal Installment shall not include any Fees or Other Amounts which are paid out of the proceeds of any PRMSA Bonds.

Any amounts required to reimburse a provider of a Facility, for payments made under any such Facility in respect of PRMSA Bonds (a "Reimbursement") shall be allocated to principal of this Note to the extent such Reimbursement is being paid in respect of a Principal Installment and any amount in excess thereof shall be allocated to interest on this Note.

Once all Bonds are deemed to have been paid within the meaning and with the effect expressed in Section 1201 of the Trust Agreement, and any amounts then due and owing to a

provider of a Facility have been paid, the obligations of the Authority to pay the principal of and interest on this Note shall cease and terminate, whereupon this Note shall be delivered to the Authority for cancellation.

"PRMSA Bonds" means all Outstanding bonds of PFC issued under the Parity Trust Agreement and the Allocable Share of any bonds the proceeds of which are used to refund those particular bonds.

"Allocable Share" means that percentage (determined from time to time by PFC in its absolute discretion and certified to the Trustee by the President or any Vice President of PFC at the time bonds are issued under the 2004 Trust Agreement), which represents the proportion that the principal amount of bonds issued under the 2004 Trust Agreement to refund PRMSA Bonds bears to the aggregate principal amount of bonds Outstanding under the 2004 Trust Agreement.

The undersigned hereby waives presentment, protest, demand and notices of nonpayment.

The undersigned hereby submits to the venue of any court selected by the Obligee in case of legal action for its collection.

**(Signature Page Follows)**

IN WITNESS WHEREOF, the Authority has caused this Note to bear the signature of the President of the Authority, all as of the 28th day of June, 2004.

**PUERTO RICO MARITIME SHIPPING AUTHORITY**

By: _____

The undersigned hereby acknowledges that this Promissory Note has been assigned and pledged to U. S. Bank Trust National Association, as Trustee under that certain Trust Agreement, dated as of June 1, 2004 between the Corporation and the Trustee.

**PUERTO RICO MARITIME SHIPPING AUTHORITY**

By: _____

United States of America
Commonwealth of Puerto Rico
Puerto Rico Land Authority

### PROMISSORY NOTE

**PUERTO RICO LAND AUTHORITY** (hereinafter called the "Debtor"), a public corporation and a governmental instrumentality of the Commonwealth of Puerto Rico, for value received, hereby promises to pay to the order of Government Development Bank for Puerto Rico ("GDB") or its assigns (the "Obligee"), at the principal office of GDB currently located at Minillas Government Center, De Diego Avenue, San Juan, Puerto Rico, or at such other address specified by the Obligee, in any lawful coin or currency of the United State of America which on the date of payment thereof is legal tender for the payment of public and private debts, solely from moneys appropriated by the Legislature of Puerto Rico in accordance with the provisions of Act No. 164 of said Legislature, approved December 17, 2001 (the "Legislative Appropriation"), the Principal Amount of this Note, which shall be determined in accordance with the terms set forth below, and to pay, in like coin or currency, interest on the unpaid Principal Amount of this Note, from the date hereof, in an amount determined in accordance with the terms set forth below (computed on the basis of a 360-day year or twelve 30-day months). All terms used herein and not otherwise defined herein shall have the meanings set forth in the Trust Agreement, dated as of June 1, 2004 (the "2004 Trust Agreement"), by and between Puerto Rico Public Finance Corporation ("PFC") and U.S. Bank Trust National Association, as trustee (the "Trustee").

This Note is issued under and pursuant to that certain Debt Restructuring and Assignment Agreement, dated as of July 1, 2001 (the "2001 Restructuring Agreement"), by and among the Debtor, GDB, and PFC, as supplemented by the Supplemental Debt Restructuring and Assignment Agreement, dated as of June 1, 2004 (the "Supplemental Assignment Agreement" and together with the 2001 Restructuring Agreement, the "Restructuring Agreements"), by and among the Debtor, GDB, and PFC, and by the acceptance of this Note, the holder hereof assents to all the provisions and conditions of said Restructuring Agreements.

The Principal Amount of this Note will be adjusted so that at all times, such Principal Amount is equal to the Applicable Percentage (as defined below) of the aggregate principal amount (Accreted Value in the case of capital appreciation bonds) of all Act 164 PFC Bonds (as such term is hereinafter defined), as such principal amount may be increased or decreased from time to time.

The Debtor agrees to pay, in like coin or currency, interest on the unpaid Principal Amount of this Note, in an amount equal to the Applicable Percentage (as defined below) of the aggregate interest payable on all Act 164 PFC Bonds (the "Interest Installment"), such interest being computed on the basis of a 360-day year of twelve 30-day months.

All acts, conditions and things required by the Puerto Rican Federal Relations Act and the Constitution and laws of the Commonwealth of Puerto Rico to happen, exist and be performed precedent to and in the issuance of this Note have happened, exist and have been performed as so required.

N207809.5

The Debtor hereby waives presentment, protest, demand and notice of nonpayment.

The Debtor hereby submits to the venue of any court selected by the Obligee in case of legal action for its collection.

The Debtor agrees that every Fiscal Year, commencing with Fiscal Year 2002-03, it shall make annual payments of principal and interest hereunder (each such payment, the "Annual Installment") in an amount equal to the Applicable Percentage of (x) the sum of the interest, principal, and Accreted Value of the Act 164 PFC Bonds, which is due and payable in the Bond Year commencing within such Fiscal Year (whether at maturity, in connection with an Amortization Requirement, upon redemption or otherwise) (with interest payable on Variable Rate Bonds calculated at the maximum rate specified in such Bonds) less (y) any amounts available in the Sinking Fund for the payment of such amounts in such Bond Year, such payments to be made on or before July 15 of each Fiscal Year, commencing on July 15, 2002, to the extent the Legislative Appropriations have been made on or before such date, and otherwise on or before the date when such amounts become due and payable.

Of the Annual Installment paid each Fiscal Year, and amount equal to the Interest Installment shall constitute interest paid hereunder. The difference between the Annual Installment and the Interest Installment shall be applied against the principal of this Note.

In addition, Debtor agrees to pay, on the date each Annual Installment is paid, the Applicable Percentage of the following additional amounts: (i) any fees, expenses or other amounts becoming due and payable in such Bond Year to the provider (a "Facility Provider"), if applicable, of a Credit Facility or a Liquidity Facility (each, a "Facility") under the agreement relating to such Facility or any amounts required to reimburse a Facility Provider for payments made under any such Facility in respect of the Act 164 PFC Bonds and not theretofore reimbursed; (ii) all payments by the Obligee under any Swap Agreement (if applicable) expected to be due and payable for such Bond Year which relate to the Act 164 PFC Bonds (to the extent not already included in the portion corresponding to interest on such bonds); (iii) the fees or expenses payable to the Trustee under the Trust Agreement during such Bond Year which relate to the Act 164 PFC Bonds; (iv) any amount then due by Obligee to the Hedge Counterparty (if applicable) for breakage costs or any termination or similar payment under the terms of any Swap Agreement (if applicable) which relate to the Act 164 PFC Bonds; and (v) any other amount becoming due and payable in such Bond Year in respect of the Act 164 PFC Bonds or becoming due and payable under the provisions of the 2004 Trust Agreement which relate to the Act 164 PFC Bonds (collectively, the "Obligations").

Once all Act 164 PFC Bonds are deemed to have been paid within the meaning and with the effect expressed in the 2004 Trust Agreement and that certain Trust Agreement, dated December 27, 2001 (the "Parity Trust Agreement") by and between PFC and The Bank of New York, as trustee, any amounts then due and owing to a Facility Provider or any Hedge Counterparty have been paid, the obligation of the Debtor to pay principal of and interest on this Note and to pay the Obligations shall cease and terminate, whereupon this Note shall be delivered to the Debtor for cancellation.

The term "Act 164 PFC Bonds" means all Outstanding bonds of PFC (other than PFC's 2001 Series D Bonds, 2002 Series A Bonds and 2002 Series B Bonds or any bonds issued to

refund those bonds) issued under the Parity Trust Agreement and the Allocable Share of any bonds the proceeds of which are used to refund those particular bonds.

"Allocable Share" means that percentage (determined from time to time by PFC in its absolute discretion and certified to the Trustee by the President or any Vice President of PFC at the time bonds are issued under the 2004 Trust Agreement), which represents the proportion that the principal amount of bonds issued under the 2004 Trust Agreement to refund Act 164 PFC Bonds bears to the aggregate principal amount of bonds Outstanding under the 2004 Trust Agreement.

"Applicable Percentage" means that percentage determined from time to time by PFC in its absolute discretion and certified to the Trustee by the President or any Vice President of PFC at the time each Series of Act 164 PFC Bonds is issued, which represents the proportion that the Purchase Price (as defined in the 2001 Restructuring Agreement) which has been allocated by PFC to this Note bears to the aggregate Purchase Price (as defined in the respective Debt Restructuring and Assignment Agreement applicable to each Act 164 Authorized Debtor) which has been allocated by PFC to the promissory notes of all Act 164 Authorized Debtors purchased with the proceeds of Act 164 PFC Bonds.

**(Signature Page Follows)**

IN WITNESS WHEREOF, the Debtor has caused this Note to bear the manual or facsimile signature of its Executive Director, all as of the 28ᵗʰ day of June, 2004.

PUERTO RICO LAND AUTHORITY

By: _____
José Fabre
Executive Director

The undersigned hereby acknowledges that this Promissory Note has been assigned and pledged to U.S. Bank Trust National Association, as Trustee under that certain Trust Agreement, dated as of June 1, 2004, by and between PFC and the Trustee.

PUERTO RICO LAND AUTHORITY

By: _____
José Fabre
Executive Director

United States of America
Commonwealth of Puerto Rico
Puerto Rico Aqueduct and Sewer Authority

**AMENDED PROMISSORY NOTE**

**PUERTO RICO AQUEDUCT AND SEWER AUTHORITY**, (hereinafter called the "Debtor"), a public corporation and a governmental instrumentality of the Commonwealth of Puerto Rico for value received, hereby promises to pay to the order of Puerto Rico Public Finance Corporation ("PFC") or its assigns (the "Obligee"), at the principal office of PFC currently located at Minillas Government Center, De Diego Avenue, San Juan, Puerto Rico, or at such other address specified by the Obligee, in any lawful coin or currency of the United States of America which on the date of payment thereof is legal tender for the payment of public and private debts, solely from moneys appropriated (the "Legislative Appropriation") by the Legislature of Puerto Rico in accordance with the provisions of Act No. 164 of said Legislature, approved December 17, 2001 (the "Act"), the Principal Amount of this Note (said Principal Amount being determined as provided in the next succeeding paragraph), and to pay, in like coin or currency, interest on the unpaid Principal Amount of this Note, from the date hereof, in an amount equal to the Applicable Percentage (as defined below) of the aggregate interest payable on all Act 164 PFC Bonds (as such term is hereinafter defined) (the "Interest Installment"), such interest being computed on the basis of a 360-day year of twelve 30-day months. All terms used herein and not otherwise defined herein shall have the meanings set forth in the Trust Agreement, dated December 27, 2001 (the "Parity Trust Agreement"), by and between PFC and The Bank of New York, as trustee (the Trustee").

The Principal Amount of this Note will at all times be equal to the Applicable Percentage (as defined below) of the aggregate principal amount (Accreted Value in the case of Capital Appreciation Bonds) of all Act 164 PFC Bonds, as such principal amount may be increased or decreased from time to time.

The Debtor agrees that every Fiscal Year, commencing with Fiscal Year 2004-05, it shall make annual payments of principal and interest hereunder (each such payment, the "Annual Installment") in an amount equal to the Applicable Percentage of (x) the sum of the interest, principal, and Accreted Value of the Act 164 PFC Bonds, which is due and payable in the Bond Year commencing within such Fiscal Year (whether at maturity, in connection with an Amortization Requirement, upon redemption or otherwise) (with interest payable on Variable Rate Bonds calculated at the maximum rate specified in such Bonds) less (y) any amounts available in the Sinking Fund for the payment of such amounts in such Bond Year, such payments to be made on or before July 15 of each Fiscal Year, commencing on July 15, 2004, to the extent the Legislative Appropriations have been made on or before such date, and otherwise on or before the date when such amounts become due and payable.

Of the Annual Installment paid each Fiscal Year, an amount equal to the Interest Installment shall constitute interest paid hereunder. The difference between the Annual Installment and the Interest Installment shall be applied against the principal of this Note.

In addition, Debtor agrees to pay, on the date each Annual Installment is paid, the Applicable Percentage of the following additional amounts: (i) any fees, expenses or other amounts becoming due and payable in such Bond Year to the provider (a "Facility Provider"), if applicable, of a Credit Facility or a Liquidity Facility (each, a "Facility") under the agreement relating to such Facility or any amounts required to reimburse a Facility Provider for payments made under any such Facility in respect of the Act 164 PFC Bonds and not theretofore reimbursed; (ii) all payments by the Obligee under any Swap Agreement (if applicable) expected to be due and payable for such Bond Year which relate to the Act 164 PFC Bonds (to the extent not already included in the portion corresponding to interest on such bonds); (iii) the fees or expenses payable to the Trustee under the Parity Trust Agreement during such Bond Year which relate to the Act 164 PFC Bonds; (iv) any amount then due by Obligee to the Hedge Counterparty (if applicable) for breakage costs or any termination or similar payment under the terms of any Swap Agreement (if applicable) which relate to the Act 164 PFC Bonds; and (v) any other amount becoming due and payable in such Bond Year in respect of the Act 164 PFC Bonds or becoming due and payable under the provisions of the Parity Trust Agreement which relate to the Act 164 PFC Bonds (collectively, the "Obligations").

This Note is issued under and pursuant to that certain Debt Restructuring and Assignment Agreement, dated as of July 1, 2001 (the "2001 Restructuring Agreement"), by and among the Debtor, Government Development Bank and PFC, as supplemented by the Supplemental Debt Restructuring and Assignment Agreement dated as of June 1, 2004 (the "Supplemental Assignment Agreement" and together with the 2001 Restructuring Agreement, the "Restructuring Agreements"), by and among the Debtor, Government Development Bank and PFC, and by the acceptance of this Note, the holder hereof assents to all the provisions and conditions of said Restructuring Agreements.

Once all Act 164 PFC Bonds are deemed to have been paid within the meaning and with the effect expressed in the Parity Trust Agreement and that certain Trust Agreement, dated as of June 1, 2004, by and between PFC and U.S. Bank Trust National Association, as trustee (the "2004 Trust Agreement"), and any amounts then due and owing to a Facility Provider or any Hedge Counterparty have been paid, the obligation of the Debtor to pay principal of and interest on this Note and to pay the Obligations shall cease and terminate, whereupon this Note shall be delivered to the Debtor for cancellation.

The term "Act 164 PFC Bonds" means all Outstanding bonds of PFC (other than PFC's 2001 Series D Bonds, 2002 Series A Bonds and 2002 Series B Bonds or any bonds issued to refund those bonds) issued under the Parity Trust Agreement and the Allocable Share of any bonds the proceeds of which are used to refund those particular bonds.

"Allocable Share" means that percentage (determined from time to time by PFC in its absolute discretion and certified to the Trustee by the President or any Vice President of PFC at the time bonds are issued under the 2004 Trust Agreement), which represents the proportion that the principal amount of bonds issued under the 2004 Trust Agreement to refund Act 164 PFC

Bonds bears to the aggregate principal amount of bonds Outstanding under the 2004 Trust Agreement.

"Applicable Percentage" means that percentage determined from time to time by PFC in its absolute discretion and certified to the Trustee by the President or any Vice President of PFC at the time each Series of Act 164 PFC Bonds is issued, which represents the proportion that the Purchase Price (as defined in the 2001 Restructuring Agreement) which has been allocated by PFC to this Note bears to the aggregate Purchase Price (as defined in the respective Debt Restructuring and Assignment Agreement applicable to each Act 164 Authorized Debtor) which has been allocated by PFC to the promissory notes of all Act 164 Authorized Debtors purchased with the proceeds of Act 164 PFC Bonds.

All acts, conditions and things required by the Puerto Rican Federal Relations Act and the Constitution and laws of the Commonwealth of Puerto Rico to happen, exist and be performed precedent to and in the issuance of this Note have happened, exist and have been performed as so required.

The Debtor hereby waives presentment, protest, demand and notice of nonpayment.

The Debtor hereby submits to the venue of any court selected by the Obligee in case of legal action for its collection.

**(Signature Page Follows)**

N207156.4

**IN WITNESS WHEREOF**, the Debtor has caused this Note to bear the manual or facsimile signature of the President of Puerto Rico Aqueduct and Sewer Authority, all as of the 28th day of June, 2004.

PUERTO RICO AQUEDUCT AND SEWER
AUTHORITY

By: _____

Name: Jorge Rodríguez Ruiz

Title:   President

The undersigned hereby acknowledges that this Promissory Note has been assigned and pledged to The Bank of New York, as Trustee under that certain Trust Agreement, dated December 27, 2001, by and between PFC and the Trustee.

PUERTO RICO AQUEDUCT AND SEWER
AUTHORITY

By: _____

Name: Jorge Rodríguez Ruiz

Title:   President