# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>                              Debtors.[1] | PROMESA<br>Title III<br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as representative of THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>                              Movant,<br>v.<br><br>AMERINATIONAL COMMUNITY SERVICES, LLC, as servicer for the GDB Debt Recovery Authority, and CANTOR-KATZ COLLATERAL MONITOR LLC<br><br>                              Respondents. | |

## REPLY IN SUPPORT OF DEBTORS' MOTION FOR ORDER EXCLUDING EXPERT TESTIMONY OF DOUGLAS J. BRICKLEY

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).


**Table of Contents**

Page

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 4

I. Mr. Brickley's Testimony Should Be Excluded Under Fed. R. Evid. 702(a) .................... 4

II. Mr. Brickley's Testimony Should Be Excluded Under Fed. R. Evid. 401 (b) and 402 ................................................................................................................................. 9

CONCLUSION ............................................................................................................................. 13

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Allen v. City of New York*,
    466 F. Supp. 2d 545 (S.D.N.Y. 2006)..................................................................................6

*Boucher v. U.S. Suzuki Motor Corp.*,
    73 F. 3d 18 (2d Cir. 1996)....................................................................................................7

*Daubert v. Merrell Dow Pharm.., Inc.*,
    509 U.S. 579 (1993).........................................................................................................5, 9

*Deal v. Hamilton County Bd. of Educ.*,
    392 F.3d 840 (6th Cir. 2004) ...............................................................................................5

*FTC v. BurnLounge, Inc.*,
    753 F.3d 878 (9th Cir. 2014) ...............................................................................................5

*Gibbs v. Gibbs*,
    210 F.3d 491 (5th Cir. 2000) ...............................................................................................5

*In re City of Detroit*,
    524 B.R. 147 (Bankr. E.D. Mich. 2014) ............................................................................12

*In re Salem*,
    465 F.3d 767 (7th Cir. 2006) ...............................................................................................5

*In re Sanitary & Improv. Dist. #7*,
    98 B.R. 970 (Bankr. D. Neb. 1989) ...................................................................................12

*Mass. Mut. Life Ins. Co. v. DLJ Mortg. Cap., Inc.*,
    2017 U.S. Dist. LEXIS 222650 (D. Mass. April 18, 2017) .................................................5

*Nieves-Villanueva v. Soto-Rivera*,
    133 F.3d 92 (1st Cir. 1997).................................................................................................6

*Ohio v. Kovacs*,
    469 U.S. 274 (1985).......................................................................................................3, 11

*P.R. Tel. Co. v. San Juan Cable Co.*,
    196 F. Supp. 3d 248 (D.P.R. 2016),
    aff'd, 874 F.3d 767 (1st Cir. 2017) .....................................................................................6

*Pages-Ramirez v. Ramirez-Gonzales*,
    605 F.3d 109 (1st Cir. 2010) ...............................................................................................9

*Ruiz-Troche v. Pepsi Cola of P.R. Bottling Co.*,
 161 F.3d 77 (1st Cir. 1998) ..................................................................................................9

*Smith v. Ford Motor Co.*,
 626 F.2d 784 (10th Cir. 1980),
 *cert. denied*, 450 U.S. 918 (1981) ........................................................................................7

*United States v. Montas*,
 41 F.3d 775 (1st Cir. 1994) ..................................................................................................9

*United States v. Navedo-Ramirez*,
 781 F.3d 563 (1st Cir. 2015) ................................................................................................9

*United States v. Salimonu*,
 182 F.3d 63 (1st Cir. 1999) ..................................................................................................9

*United States v. Weiner*,
 3 F.3d 17 (1st Cir. 1993) ......................................................................................................9

*United States v. Wood*,
 741 F.3d 417 (4th Cir. 2013) ................................................................................................5

**STATUTES**

11 U.S.C. § 502 ..........................................................................................................................4, 10

11 U.S.C. § 943 ..............................................................................................................................12

11 U.S.C. § 1123 ............................................................................................................................12

11 U.S.C. § 1126 ........................................................................................................................4, 10

48 U.S.C. §§ 2101–2241 ..................................................................................................................1

PROMESA § 314 ........................................................................................................3, 4, 10, 11, 12

PROMESA § 405 ............................................................................................................................13

**OTHER AUTHORITIES**

Fed. R. Evid. 401 ...............................................................................................................2, 9, 10, 13

Fed. R. Evid. 402 .....................................................................................................................2, 9, 13

Fed. R. Evid. 702 ..................................................................................................................... *passim*

iii

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Public Buildings Authority and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico (collectively the "Debtors") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[1] hereby submits this Reply (i) in support of Debtors' *Motion for an Order Excluding Expert Testimony of Douglas J. Brickley* [ECF No. 18332] and *Memorandum of Law in Support of Motion for an Order Excluding Expert Testimony of Douglas J. Brickley* [ECF No. 18331] (the "Motion" or "Mot."), and (ii) in response to the *DRA Parties' Opposition to Debtors' Motion for Order Excluding Expert Testimony of Douglas Brickley* [ECF No. 18521] (the "Opposition" or "Opp.").

## PRELIMINARY STATEMENT

1. The Motion demonstrates any testimony by Douglas J. Brickley ("Mr. Brickley") at Plan confirmation should be excluded for two reasons. First, it is clear from the opinions expressed in the Brickley Report[2] that his testimony would not satisfy the requirements of Fed. R. Evid. 702(a) for expert testimony. Mr. Brickley's opinions—offered for the proposition the Commonwealth's retention of Act 30-31 Revenues violated Article VI, section 8 of the Puerto Rico Constitution—are not based on "scientific, technical, or other specialized knowledge" that will help the Court understand the evidence or determine anything of consequence. Mr. Brickley's opinions instead improperly summarize and repeat the DRA Parties' legal arguments, publicly available documents and opinions expressed by another expert retained by the DRA Parties, Lizette Martinez.[3] Mot. at ¶¶ 4-5, 22, 30-32.

---

[1] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

[2] Capitalized terms not expressly defined herein have the meaning ascribed to them in the Motion.

[3] The Oversight Board also has moved *in limine* to preclude testimony by Ms. Martinez. ECF Nos. 18328, 18330.

2. Second, any testimony by Mr. Brickley is irrelevant to Plan confirmation. Fed. R. Evid. 401, 402; Mot. at ¶¶ 6-9, 35-45. Whether the DRA Parties have an allowable claim is the subject of the fully briefed and submitted Administrative Expense Motion Objection and Motion to Dismiss which, under the agreed briefing schedule approved by the Court, will be determined before or at the Plan confirmation hearing. *See Order on Joint Status Report* [ECF No. 17529] at ¶ 5. If the Court disallows the DRA Parties' claims, Mr. Brickley's testimony is irrelevant because, at confirmation, the Court only need determine whether *allowed* claims are treated in a confirmable manner. If the Court allows the DRA Parties' claims, Mr. Brickley's testimony also is irrelevant because his views do not address Plan treatment of the DRA Parties' claims. Accordingly, Mr. Brickley's testimony should be precluded under Fed. R. Evid. 401 and 402.

3. In the Opposition, the DRA Parties argue Mr. Brickley's testimony satisfies Rule 702(a) because, they claim, (i) the Oversight Board has not challenged his stated "qualifications on complex financial matters," and (ii) Mr. Brickley relies on the DRA Parties' legal arguments only as "background" for "factual conclusions." The DRA Parties' argument should be rejected because it ignores Rule 702(a)'s requirement that an expert witness's testimony "help the trier of fact to understand the evidence or to determine a fact in issue"—a requirement that Mr. Brickley's proposed testimony does not satisfy. As is clear from the Brickley Report, Mr. Brickley's opinions express legal conclusions regarding the Commonwealth's purported violation of alleged legal requirements based on the arguments of counsel for the DRA Parties which Mr. Brickley assumes to be true. Rule 702(a) does not permit the DRA Parties to offer legal arguments as evidence under the pretext they are Mr. Brickley's expert opinions. The DRA Parties also fail to address the Oversight Board's argument that Mr. Brickley's testimony should be excluded because certain of

2

his opinions are simply restatements of publicly available information or the Martinez Report prepared by the DRA Parties' other proposed expert, Lizette Martinez.

4. The DRA Parties' argument that Mr. Brickley's testimony should not be excluded on relevance grounds also fails. According to the DRA Parties, Mr. Brickley's testimony regarding whether the Commonwealth has properly retained Act 30-31 Revenues under Article VI, section 8 of the Puerto Rico Constitution is relevant because, they contend, (i) the Court has not yet decided the Administrative Expense Motion Objection and Motion to Dismiss, and, (ii) the wrongful retention of Act 30-31 Revenues causes the Plan to violate PROMESA § 314(b)(3) and renders it unconfirmable. The DRA Parties' argument fails for several reasons.

5. First, Mr. Brickley's opinions regarding whether the Commonwealth *historically* retained Act 30-31 Revenues pursuant to Article VI, section 8 is not relevant to PROMESA § 314(b)(3) because section 314(b)(3), by its terms, expressly addresses actions taken to carry out the plan.[4] Second, the DRA Parties again ignore the fact the Administrative Expense Motion Objection and Motion to Dismiss will be determined before or at the Plan confirmation hearing. If the Court determines the Act 30-31 Excise Tax Statutes are preempted by PROMESA, that conclusion necessarily will establish that the retention of Act 30-31 Revenues does not violate law as the applicable law is PROMESA. Even if the Court does not determine the Act 30-31 Excise Tax Statutes are preempted, any claim against the Commonwealth for retention of collections of Act 30-31 Revenues would, at most, constitute a dischargeable unsecured claim *of HTA*. *See Ohio v. Kovacs*, 469 U.S. 274, 278–79 (1985) (breach of statute gave rise to dischargeable, unsecured claim). The DRA Parties' reliance on PROMESA § 314(b)(3) is misguided as it does not require the Title III debtor to comply with all Puerto Rico law. If treating an obligation as an unsecured

---

[4] PROMESA § 314(b)(3) states "The court shall confirm the plan if—(3) the debtor is not prohibited by law from taking any action necessary to carry out the plan."

3

claim violated section 314(b)(3), no Title III plan of adjustment could ever be confirmed as Commonwealth law requires full payment of legal obligations. All jurisdictions' laws require payment in full of valid obligations, and they are all preempted by federal bankruptcy laws. Third, based on indisputable facts, the retention conditions of Article VI, Section 8 of the Puerto Rico Constitution *have* been satisfied.

6. Moreover, the DRA Parties ignore Bankruptcy Code section 502(a),[5] made applicable by PROMESA section 301(a). In short, a claim is not allowed when there is a pending objection. Bankruptcy Code section 1126(a) only permits allowed claims to vote. The DRA Parties concede their assertions of secured and administrative claims are subject to the debtors' objections. Unless and until the objections are overruled and the claims are allowed, the DRA Parties have no claims entitled to distributions under the Plan because only allowed claims can be paid. Therefore, the Brickley Report assuming the existence of allowed secured and/or administrative claims has no relevance in the absence of their claims' allowance.

7. For these reasons, the DRA Parties' arguments should be rejected, the Motion should be granted and the DRA Parties should be precluded from offering any testimony by Mr. Brickley (including the Brickley Report) at the Plan confirmation hearing.

## ARGUMENT

### I. MR. BRICKLEY'S TESTIMONY SHOULD BE EXCLUDED UNDER FED. R. EVID. 702(a)

8. "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or

---

[5] Bankruptcy Code section 502(a) provides: "A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects."

to determine a fact in issue." Fed. R. Evid. 702(a). *See* Mot. at ¶¶ 4-5, 27-29. The Motion demonstrates Mr. Brickley's testimony does not satisfy Rule 702(a) because it is not based on "scientific, technical, or other specialized knowledge" that will help the Court understand the evidence or determine anything of consequence. Mr. Brickley's testimony simply summarizes and restates the DRA Parties' legal arguments, public information, and the opinions in the Martinez Report. Mot. at ¶¶ 4-5, 22, 30-32.[6]

9. The DRA Parties' initial arguments—that the motion should be denied because the Oversight Board has not challenged Mr. Brickley's "qualifications on complex financial matters," and a motion *in limine* is not the proper place to assert legal arguments at issue in the Administrative Expense Motion Objection and Motion to Dismiss (Opp. at 4)—miss the point and should be rejected. The plain language of Rule 702(a) states a witness qualified as an expert may testify only *if* the witness's specialized knowledge will help the trier of fact understand the evidence or determine a fact in issue. Thus, even assuming Mr. Brickley's "qualifications on complex financial matters" meets the first prong, Rule 702(a) requires that his testimony satisfy the second prong to be admissible. As demonstrated in the Motion (at ¶¶ 27-45) and below, any testimony by Mr. Brickley derived from his opinions expressed in the Brickley Report clearly are not based on "scientific, technical, or other specialized knowledge" and would not help the Court understand the evidence or determine anything of consequence. To the contrary, Mr. Brickley's

---

[6] The DRA Parties suggest the Court's gatekeeping function under *Daubert v. Merrell Dow Pharmaceutials, Inc.*, 509 U.S. 579, 591-92 (1993) is reduced in a bench trial. Opp. at 7. But none of the cases cited by the DRA Parties supports the proposition that a court should be more lenient in a non-jury hearing and allow expert testimony that does not satisfy Fed, R. Evid. 702(a). *See Deal v. Hamilton County Bd. of Educ.*, 392 F.3d 840, 852 (6th Cir. 2004) (making determination on admissibility under *Daubert* gatekeeping doctrine); *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000) (same); *United States v. Wood*, 741 F.3d 417, 425 (4th Cir. 2013); *FTC v. BurnLounge, Inc.*, 753 F.3d 878, 888 (9th Cir. 2014) (same, and stating that Court must ensure expert testimony is "relevant" before admitting it); *In re Salem*, 465 F.3d 767, 777 (7th Cir. 2006) (same); *Mass. Mut. Life Ins. Co. v. DLJ Mortg. Cap., Inc.*, 2017 U.S. Dist. LEXIS 222650 (D. Mass. Apr. 18, 2017) (same).

proposed testimony and opinions merely summarize and repeat the DRA Parties' legal arguments, publicly available documents and opinions expressed by Ms. Martinez in the Martinez Report.

10. Moreover, while a determination of the Administrative Expense Motion Objection and Motion to Dismiss would, of course, provide a separate basis for excluding Mr. Brickley's testimony at Plan confirmation, that possibility does not change the fact that a motion *in limine* indisputably is a proper procedural vehicle for seeking an order precluding his testimony based on Mr. Brickley's failure to satisfy the requirements of Rule 702(a). *See* Mot. at ¶ 23.

11. The DRA Parties' main argument—that Mr. Brickley only relies on legal arguments as "background" for his "factual conclusions" (Opp. at 4, 9-11)—fails. Mr. Brickley admits all discussions of "statutes or legal issues . . . are based on legal assumptions provided by Counsel" and he has "not independently verified" any of them. Brickley Report at 2. Almost every paragraph in the Brickley Report's "Basis for Opinions and Conclusions" discusses statutes and legal issues Mr. Brickley received from counsel, assumes them to be true, and provides little more than a constant refrain of those legal concepts under the guise that they are his "opinions." Brickley Report at 5-8. As the DRA Parties' concede in their approval of *Allen v. City of New York*, 466 F. Supp. 2d 545 (S.D.N.Y. 2006), proposed expert testimony that usurps the role of the trial judge in deciding applicable law is properly excluded by motion *in limine*. Testimony by Mr. Brickley regarding the substance of the law undeniably is inadmissible under Rule 702(a). *See Nieves-Villanueva v. Soto-Rivera*, 133 F.3d 92, 99-100 (1st Cir. 1997); *P.R. Tel. Co. v. San Juan Cable Co.*, 196 F. Supp. 3d 248, 321 (D.P.R. 2016), *aff'd*, 874 F.3d 767 (1st Cir. 2017); Mot. at ¶¶ 33-34.

12. Citing two cases from outside the First Circuit, the DRA Parties argue Mr. Brickley's reliance on legal assumptions provided by counsel goes to the weight, rather than the

6

admissibility, of Mr. Brickley's opinion. The DRA Parties are wrong. In *Boucher v. U.S. Suzuki Motor Corp.*, 73 F. 3d 18 (2d Cir. 1996), the Second Circuit reversed for abuse of discretion a trial court's ruling allowing an expert in a personal injury action to testify about lost future earnings, finding the expert's opinions were based on unrealistic assumptions regarding the plaintiff's future employment prospects that were not accompanied by a sufficient factual basis. *Boucher*, 73 F.3d at 21-22. Similarly, *Smith v. Ford Motor Co.*, 626 F.2d 784, 793 (10th Cir. 1980), *cert. denied*, 450 U.S. 918 (1981), which also was a personal injury case, was reversed by the appellate court based on the trial court's abuse of discretion in allowing a damages expert to testify at trial regarding causation—an opinion not included in pre-trial disclosures and thus not the source of discovery. Neither case concerned, or addressed, whether an expert may testify in a fashion that simply echoes the legal assumptions provided by counsel as if they were "facts." The Brickley Report offers no more than that, and on this basis alone, compels precluding Mr. Brickley from testifying at the Plan confirmation hearing.

13. The plain language of the Brickley Report clearly demonstrates the DRA Parties' claim that "none of the conclusions contained in the Brickley Report" are legal in nature" (Opp. at 11) is wrong. At page 5 of the Brickley Report, Mr. Brickley first offers the opinion "The Commonwealth Ignores Requirement of Balanced Budget." This opinion indisputably is legal in nature as it asserts (i) the Commonwealth is subject to a requirement that budgets be balanced, and (ii) the Commonwealth ignored (i.e. did not comply with) that purported requirement. The basis for Mr. Brickley's opinion is set forth in two subsequent paragraphs. First, Mr. Brickley states he has been "informed by counsel" that Article VI, Sections 7 and 8 of the Puerto Rico Constitution require a balanced budget, and only allow the Commonwealth to "utilize its clawback power during that period when, after a balanced budget has been approved for a fiscal year, the

7

Commonwealth's available resources turn out to be insufficient to cover the approved appropriations for that year (the '**Clawback Activation**')." Brickley Report at 5 (emphasis in original). Second, Mr. Brickley states he has "been informed, and assume[s] for purposes of our analysis, that the Clawback Activation took place on December 1, 2015 by virtue of Executive Order OE-2015-046, dated November 30, 2015." Brickley Report at 5. Thus, Mr. Brickley undeniably offers a legal opinion supported by the DRA Parties' legal arguments he assumes to be correct.

14. The same analysis and conclusion apply to Mr. Brickley's next opinion: "The Commonwealth Ignores the Requirement of a Deficit and the Priority Scheme for use of Clawback Funds." Brickley Report at 5. This opinion also contains at least two legal conclusions—a "deficit and priority scheme" requirement exists "for the use of clawback funds," and the Commonwealth "ignored" that purported requirement. The basis for these legal conclusions offered by Mr. Brickley Report include assumptions about Article VI, sections 7, 8 and 9 of the Puerto Rico Constitution and section 4 of the Management and Budget office Organic Act, Act No. 147 (June 18, 1980) provided by counsel for the DRA Parties. Brickley Report at 6. Any possible doubt that Mr. Brickley's conclusions are legal in nature is dispelled by his statement at page 6 of his report:

> As stated above, we assume that the Constitution requires that the Commonwealth's annual appropriations not exceed its annual revenues, and, when the Commonwealth's resources are insufficient to cover its annual appropriations, it requires the Commonwealth to satisfy fiscal-year interest and amortization on GO bonds before it satisfies other obligations.

Brickley Report at 7. Neither opinion is permissible under Rule 702(a), and should be excluded, because the words of each merely repackage the lawyer arguments as if they were based on facts.

15. The DRA Parties do not address, let alone dispute, that, in addition to Mr. Brickley's proposed legal opinions and reliance on legal assumptions provided by counsel for the

8

DRA Parties, the balance of the Brickley Report consists of assertions based on publicly available records that can be reviewed and understood by the Court without expert testimony. Mr. Brickley asserts that certain Commonwealth financial statements reflect a "surplus." Brickley Report at 7 He reprints a graph from an exhibit to the certified fiscal plan, and states the graph shows or projects a surplus in certain years. *Id*. at 7. Mr. Brickley also summarizes the Martinez Report's purpose and conclusions. *Id*. at 8. Any testimony regarding these issues should be excluded pursuant to Rule 702(a) because such testimony is not based on "scientific, technical, or other specialized knowledge," nor will it help the Court understand the evidence or determine anything of consequence. *See United States v. Navedo-Ramirez*, 781 F.3d 563, 568 (1st Cir. 2015); *United States v. Salimonu*, 182 F.3d 63, 74 (1st Cir. 1999); *United States v. Montas*, 41 F.3d 775, 784 (1st Cir. 1994); *United States v. Weiner*, 3 F.3d 17, 21-22 (1st Cir. 1993); Mot. at ¶ 29.

16. Because, as discussed above, the opinions Mr. Brickley intends to offer do not satisfy the requirements of Fed. R. Evid. 702(a), the Motion should be granted and Mr. Brickley's testimony, including the Brickley Report, should be excluded.

## II. MR. BRICKLEY'S TESTIMONY SHOULD BE EXCLUDED UNDER FED. R. EVID. 401 (b) AND 402

17. The DRA Parties' assertion that "all relevant evidence is admissible" under Fed. R. Evid 402 (Opp. at 5) ignores the fact that Rule 402 also states the converse is equally true: "[i]rrelevant evidence is not admissible." The Motion demonstrates any testimony by Mr. Brickley also should be excluded pursuant to Fed. R. Evid. 401(b) and 402 because it is irrelevant and does not present evidence that pertains to any fact of consequence regarding confirmation of the Plan. *See* Fed. R. Evid. 401, 402; *Daubert,* 509 U.S. at 591-92; *Pages-Ramirez v. Ramirez-Gonzales*, 605 F.3d 109, 115 (1st Cir. 2010); *Ruiz-Troche v. Pepsi Cola of P.R. Bottling Co.*, 161 F.3d 77, 81 (1st Cir. 1998); Mot. at ¶¶ 35, 37-45. At the confirmation hearing, the Court only needs to

9

determine whether the DRA Parties' claims—assuming they are ultimately allowed by the Court—are treated in a confirmable manner by the Plan. The testimony of Mr. Brickley has no possible bearing on this issue. It is irrelevant to Plan confirmation proceedings and should be excluded under Fed. R. Evid. 401(b).

18. The DRA Parties assert a motion *in limine* is not the "proper avenue" to raise legal arguments also being litigated in the Administrative Expense Motion Objection and Motion to Dismiss. According to the DRA Parties, Mr. Brickley's testimony is relevant because the Court has not yet decided the Administrative Expense Motion Objection and Motion to Dismiss, and, even if the Court rules against them, the Commonwealth's retention of Act 30-31 Revenues violates Article VI, section 8 of the Puerto Rico Constitution which renders the Plan unconfirmable as PROMESA § 314(b)(3) is not satisfied. Opp. at 4, 11-12. The DRA Parties' arguments are wrong.

19. The deadline for filing motions *in limine* dictated the Oversight Board file the Motion prior to the disposition of the Administrative Expense Motion Objection and Motion to Dismiss. However, both motions are fully briefed and under submission, and they will be determined before or at the Plan confirmation hearing. *See Order on Joint Status Report* [ECF No. 17529] at ¶ 5.

20. The DRA Parties also ignore that, under Bankruptcy Code section 502(a), made applicable by PROMESA section 301(a), a claim is not allowed when there is a pending objection, and Bankruptcy Code section 1126(a) only permits allowed claims to vote. Unless and until the objections are overruled and the claims are allowed, the DRA Parties have no claims entitled to distributions under the Plan because only allowed claims can be paid. The Brickley Report—

assuming the existence of allowed secured and/or administrative claims—has no relevance in the absence of their claims' allowance.

21. Moreover, the Commonwealth has grounds to retain Act 30-31 Revenues independent of the Commonwealth's retention powers under Article VI, section 8 of the Puerto Rico Constitution. Specifically, the Act 30-31 Excise Tax Statutes are expressly and impliedly preempted by PROMESA, and "law," as used in section 314(b)(3), necessarily includes PROMESA—and is not limited to the Act 30-31 Excise Tax Statutes or Article VI, section 8. Even without preemption the result would be the same. At most, the Commonwealth's failure to appropriate and transfer the Act 30-31 Revenues to HTA is merely a prepetition breach of a statutory obligation that entitles HTA to an unsecured dischargeable claim. *See Kovacs*, 469 U.S. at 278–79.[7]

22. Regardless, the DRA Parties' reliance on PROMESA § 314(b)(3) is misguided. Mr. Brickley's opinions regarding whether the Commonwealth *historically* retained Act 30-31 Revenues pursuant to Article VI, section 8 is not relevant to PROMESA § 314(b)(3) because section 314(b)(3), by its terms, expressly addresses only actions taken to carry out the plan.

23. Section 314(b)(3) only states a plan shall be confirmed if the debtor is not prohibited by "law" from taking any action necessary to carry out the plan. "Law" necessarily includes PROMESA and excludes preempted law. No plan compromising debts could ever be confirmed if it had to comply with local law providing all debt must be paid in full. PROMESA, in turn, does not require the Debtors to comply with all Commonwealth law, otherwise no restructuring could occur under PROMESA Title III, which by definition provides for the

---

[7] In any event, statutes providing for annual appropriations do not create rights to payment by the recipient. When such statutory appropriations are revoked, amended or repealed by a future legislature, the initial intended recipient (here HTA) has no right to sue to collect.

11

impairment of obligations. This conclusion is consistent with Chapter 9 case law. By way of example, in *In re Sanitary & Improvement District #7*, 98 B.R. 970, 972 (Bankr. D. Neb. 1989), the debtor proposed a plan of adjustment that would issue new notes at a discounted rate. Certain bondholders objected to confirmation, arguing Bankruptcy Code § 943(b)(4)[8]—the Bankruptcy Code counterpart to PROMESA § 314(b)(3)—was not satisfied because state law required bonds to be paid in full, and the new notes would not pay bondholders in full on their prepetition claims. *Id*. at 973. The court held that, notwithstanding the state law requiring payment in full, the debtor could impair the bond claims and alter the principal amount, interest rate, and term of the bonds. *Id*. at 974-75.[9] Similarly, in *In re City of Detroit*, 524 B.R. 147, 211 (Bankr. E.D. Mich. 2014), the court held the city's plan of adjustment that would delay and reduce pension benefits did not violate Bankruptcy Code § 943(b)(4) notwithstanding the fact the Michigan constitution prohibited the impairment of pension claims. In reaching the conclusion that Bankruptcy Code § 943(b)(4) does not restrict a debtor's ability to impair claims under Bankruptcy Code § 1123, the *Detroit* court implicitly found § 1123 preempts state law. *City of Detroit*, 524 B.R. at 212. The *Detroit* court reasoned that, if it were otherwise, "then no unsecured claims could be impaired in a chapter 9 case." *Id*. at 211. Such a conclusion would be illogical and defeat the purpose of chapter 9.

24. Moreover, based on indisputable facts, the retention conditions of Article VI, Section 8 of the Puerto Rico Constitution *have* been satisfied. In enacting PROMESA, Congress expressly found there is a "fiscal emergency" in Puerto Rico that has made the Commonwealth

---

[8] *See* 11 U.S.C. § 943(b)(4): "The court shall confirm the plan if—(4) the debtor is not prohibited by law from taking any action necessary to carry out the plan."

[9] As the court explained: "If a municipality were required to pay prepetition bondholders the full amount of their claim with interest as contained on the face of the bonds and the [municipality] had no ability to impair the bondholder claims over objection, the whole purpose and structure of chapter 9 would be of little value .… To create a federal statute [chapter 9 of the Bankruptcy Code] based upon the theory that federal intervention was necessary to permit adjustment of a municipality's debts and then to prohibit the municipality from adjusting such debts is not, in the point of view of this Court, a logical or necessary result." *In re Sanitary & Improv. Dist. #7*, 98 B.R. at 974.

12

"unable to provide its citizens with effective services," and that necessitates a fair and orderly "restructur[ing]" of the Commonwealth's debts. *See* PROMESA § 405(m)(1), (m)(2), (m)(4). Congress's findings demonstrate the Commonwealth does not have the funds necessary to pay its debt and continue performing basic governmental services. The Commonwealth's retention of Act 30-31 Revenues under Article VI, section 8 requires nothing more.

25. Accordingly, any testimony by Mr. Brickley is irrelevant to any fact of consequence regarding Plan confirmation and should be excluded pursuant to Fed. R. Evid. 401(b) and 402.

## CONCLUSION

26. WHEREFORE, for the foregoing reasons, the Oversight Board respectfully requests that the Motion be granted and the DRA Parties precluded from offering any testimony by Mr. Brickley, including the Brickley Report.

Dated: October 22, 2021
      San Juan, Puerto Rico

Respectfully submitted,

*/s/   Martin J. Bienenstock*

Martin J. Bienenstock
Brian. S. Rosen
(Admission *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*/s/   Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

Timothy W. Mungovan
Elliot R. Stevens
(Admission *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
One International Place
Boston, MA  02110
Tel: (617) 526-9600

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

Michael A. Firestein
Lary Alan Rappaport
(Admission *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
2029 Century Park East
Suite 2400
Los Angeles, CA 90067

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*