# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------X

In re:                                                              :
                                                                    :
THE FINANCIAL OVERSIGHT AND                                         :      PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                   :      Title III
                                                                    :
           as representative of                                     :      Case No. 17-BK-3283 (LTS)
                                                                    :
THE COMMONWEALTH OF PUERTO RICO *et al.*,                           :      (Jointly Administered)
                                                                    :
           Debtors.[1]                                              :
                                                                    X
---------------------------------------------------------

## DRA PARTIES' URGENT MOTION TO COMPEL COMPLIANCE WITH ORDER GRANTING URGENT JOINT MOTION REGARDING RULE 30(B)(6) DEPOSITION OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801).

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..................................................................................2

JURISDICTION AND VENUE ..................................................................................4

BACKGROUND ..................................................................................4

    A.    The DRA Parties Notice a Rule 30(b)(6) Deposition  of the FOMB
and Scheduling Disputes Arise ..................................................................................4

    B.    The Parties Jointly Submit the Urgent Motion Which Includes
Agreements Between the Parties that the Court Expressly Adopts in
the Order ..................................................................................7

    C.    The EY Representative Is Deposed and Admits to Not Being Properly
Prepared By FOMB ..................................................................................8

BASIS FOR RELIEF REQUESTED ..................................................................................11

    A.    The FOMB Was Responsible for Preparing the Witness and Failed to
Do So. ..................................................................................11

    B.    The FOMB Violated the Prohibitions on Discussing Deposition
Testimony with the Deponent During Private Off-the-Record Breaks
Throughout the Deposition ..................................................................................13

CERTIFICATION ..................................................................................14

NO PRIOR REQUEST ..................................................................................15

**To The Honorable United States District Judge Laura Taylor Swain:**

AmeriNational Community Services, LLC (hereafter the "Servicer"), as servicer for the GDB Debt Recovery Authority (the "DRA"), and Cantor-Katz Collateral Monitor LLC, a Delaware limited liability company which serves as the collateral monitor for Wilmington Trust, N.A. in connection with the new bonds issued by the DRA pursuant to the *Government Development Bank for Puerto Rico Debt Restructuring Act*, Act No. 109-2017, as amended by Act No. 147-2018 and the approved Qualifying Modification for the Government Development Bank for Puerto Rico[2] under Title VI of the *Puerto Rico Oversight, Management and Economic Stability Act* (the "Collateral Monitor" and with the Servicer, the "DRA Parties"), by and through the undersigned legal counsel, and hereby file this urgent motion (the "Urgent Motion") requesting entry of an order, substantially in the form attached hereto as **Exhibit A**, finding the Financial Oversight and Management Board for Puerto Rico (the "FOMB") violated this Court's *Order Granting Urgent Joint Motion Regarding Rule 30(b)(6) Deposition of the Financial Oversight and Management Board for Puerto Rico* [ECF No. 18520] (the "Order") which adopted the agreements between the FOMB and the DRA Parties set forth in the *Urgent Joint Motion Regarding Rule 30(b)(6) Deposition of Financial Oversight and Management Board for Puerto Rico* [ECF No. 18482] (the "Joint Motion"), and (A) compelling the FOMB to comply with the Order by either (i) producing Ms. Natalie Jaresko or an equally appropriate Rule 30(b)(6) designee of the FOMB for a Rule 30(b)(6) deposition of the FOMB, with such deposition to occur on or before October 29, 2021, or (ii) adequately preparing the EY Representative[3] for a Rule 30(b)(6) deposition of the FOMB, with such deposition to occur on or before October 29, 2021; or in the alternative if the

---

[2] *See* Dkt. No. 270 of Civil Case No. 18-01561 (LTS).
[3] All capitalized terms not otherwise defined herein have the same definitions as provided in the Order and the Joint Motion.

FOMB refuses to comply with the Order, (B) ordering (i) the application of adverse inferences against the FOMB with respect to each of the deposition topics set forth in the DRA Parties' notice of Rule 30(b)(6) deposition of the FOMB (the "Notice"), (ii) that the FOMB be precluded from presenting any evidence with respect to each of the deposition topics set forth in the Notice, and (iii) an extension of time before the commencement of the Plan confirmation proceedings sufficient to allow the DRA Parties to gather evidence with respect to each of the deposition topics set forth in the Notice.

In support of this Urgent Motion, the DRA Parties respectfully state as follows.

## PRELIMINARY STATEMENT

1.      In culmination of the FOMB's weeks-long bait-and-switch strategy, the October 20 deposition of Adam Chepenik – who was to be deposed "in connection with the Rule 30(b)(6) deposition of the [FOMB]" after being "prepare[d] [by the FOMB] in accordance with Rule 30(b)(6)" (Joint Motion ¶¶ 10, 15; *see also* Order ¶ 2) – revealed that FOMB undertook no efforts to prepare Mr. Chepenik to provide meaningful testimony on behalf of the FOMB, in direct violation of the FOMB's obligations under the Order.

2.      Time and again throughout the deposition, the EY Representative was unable to answer the DRA Parties' questions regarding the critical topics set forth in the Notice (attached hereto as **Exhibit 1**), because, as he repeatedly admitted during the deposition, neither the FOMB nor its counsel provided him with any substantive information concerning the topics set forth in the Notice.

3.      The DRA Parties are now, on the eve of the Plan confirmation proceedings, left without testimony from the FOMB on several issues critical to their case.  This uneven playing field is the direct result of the FOMB's gamesmanship, whereby the FOMB promised that Ernst

& Young would be the FOMB's Rule 30(b)(6) designee but only if the DRA Parties agreed to the formality of serving a subpoena on Ernst & Young for that purpose.

4.      According to the FOMB's repeated representations during the meet and confer process, the EY Representative would be the FOMB's Rule 30(b)(6) designee; the subpoena was "just a piece of paper" to appease Ernst & Young's legal department; and the DRA Parties' would be able to obtain Rule 30(b)(6) testimony from the FOMB via a witness from Ernst & Young.  The FOMB also assured the DRA Parties that the FOMB would take full responsibility for ensuring that the EY Representative was prepared to testify on behalf of the FOMB with respect to the agreed-upon topics set forth in the Notice.  The DRA Parties had no reason to believe otherwise until the deposition two days ago.

5.      The DRA Parties bring this Urgent Motion to respectfully request the Court's intervention to remedy the situation by finding the FOMB in contempt of the Order and compelling the FOMB to comply with the Order by making available the Director of the FOMB, Ms. Natalie Jaresko, for the Rule 30(b)(6) deposition of the FOMB on or before October 29, 2021.  According to the FOMB, Ms. Jaresko "is the most knowledgeable person at the [FOMB] to answer the topics in the Rule 30(b)(6) notice."  *See* Email Chain between the FOMB and DRA Parties, dated October 3 through October 6, 2021, attached hereto as **Exhibit 2**, at 2.[4]  If Ms. Jaresko is unavailable to testify before October 29, 2021, the FOMB should be required to either provide an equally

---

[4]  The FOMB already offered Ms. Jaresko as its Rule 30(b)(6) witness.  However, that offer was not made in good faith.  As a pressure tactic, the FOMB offered Ms. Jaresko as a Rule 30(b)(6) witness, but only if the DRA Parties would examine her during her individual deposition, which was scheduled to commence (and did commence) less than 20 hours after their offer.  This "exploding offer" was in response to the DRA Parties' request for an additional meet and confer to discuss the FOMB's demand that the DRA Parties issue a separate subpoena to Ernst & Young.  In making the offer, the FOMB represented Ms. Jaresko would be best situated to provide the information sought from the FOMB.  When the DRA Parties' refused to depose Ms. Jaresko as a Rule 30(b)(6)witness on such unreasonable notice, the FOMB refused toprovide any alternative dates for Ms. Jaresko absent a Court order.  *See* Exhibit 2 at 2-5.

appropriate Rule 30(b)(6) designee of the FOMB or appropriately prepare the EY Representative to provide FOMB testimony, with such deposition occurring on or before October 29, 2021.

6.      If the FOMB continues to refuse to comply with the Order, the DRA Parties respectfully request, in the alternative, that the Court order:  (i) the application of adverse inferences against the FOMB with respect to each of the deposition topics set forth in Notice; (ii) the preclusion of the FOMB from presenting any evidence with respect to any such topics; and (iii) an extension of time before the commencement of the Plan confirmation proceedings sufficient to allow the DRA Parties to gather evidence with respect to such topics.

## JURISDICTION AND VENUE

7.      The United States District Court for the District of Puerto Rico has subject matter jurisdiction over this matter pursuant to Section 306(a) of PROMESA.  Venue is proper pursuant to Section 307(a) of PROMESA.

## BACKGROUND

### A.      The DRA Parties Notice a Rule 30(b)(6) Deposition of the FOMB and Scheduling Disputes Arise

8.      On September 13, 2021, the DRA Parties served the Notice on the FOMB, seeking Rule 30(b)(6) testimony from the FOMB on six critical topics, with such deposition scheduled for October 1, 2021.  The DRA Parties also served several additional deposition notices on September 13, including one for the deposition of Ms. Natalie Jaresko in her personal capacity, to be held on September 29, 2021.

9.      On September 21, 2021, the FOMB asked for a meet and confer with the DRA Parties and other parties involved in the depositions to "arrange more globally a schedule for the expected depositions."  *See* Email Chain between the FOMB and DRA Parties, dated, attached hereto as **Exhibit 3**, at 5.  On September 23, 2021, the parties convened to schedule the noticed

depositions, but the FOMB refused to provide any firm dates for scheduling.  On September 24, 2021, to move the ball forward, the DRA Parties proposed several dates for depositions, including October 5, 2021 as the new date for the personal deposition of Ms. Jaresko and October 7, 2021 as the new date for the Rule 30(b)(6) deposition of the FOMB.  *Id.* at 3-4.  In response, the FOMB disputed that the September 23 call was "meant to arrange globally a schedule for the expected depositions" (despite the fact that was precisely how the FOMB had described the purpose of the call in the email setting up the call), and proposed that Ms. Jaresko's deposition proceed on October 6, 2021.  The FOMB did not respond to the DRA Parties' request to reschedule the Rule 30(b)(6) deposition of the FOMB.  *Id.* at 1-2.

10.     Nine days later, on October 3, 2021, the FOMB asserted that Ernst & Young would be "best situated to respond to the topics for which the Oversight Board is willing to designate a witness."  Exhibit 2 at 6.  Based on this assertion, the FOMB requested that the DRA Parties "serve a subpoena on [Ernst & Young] for the topics [set forth in the Notice]," and agreed that "the Oversight Board [would] be bound by the testimony provided by [Ernst & Young] . . . ."  *Id.*

11.     On October 4, 2021, counsel for the FOMB and DRA Parties met and conferred concerning the FOMB's request that the DRA Parties serve a subpoena on Ernst & Young in order to facilitate the FOMB's designation of Ernst & Young as its Rule 30(b)(6) witness.  Counsel for the FOMB represented that someone from Ernst & Young would be the most knowledgeable witness to testify on behalf of the FOMB on the subjects set forth in the Notice, that the FOMB would be responsible for preparing the witness, and that the FOMB would stipulate that whatever the Ernst & Young witness testified to would constitute the FOMB's testimony for purposes of Rule 30(b)(6).

12.     On October 5, 2021, DRA Parties sent a follow-up email requesting to meet and confer further on the issue of serving a subpoena on Ernst & Young.  In that email, the DRA Parties shared that their current interpretation of Rule 30(b)(6) was that a subpoena would not be appropriate in light of the requirement that a Rule 30(b)(6) designee must "consent to testify. . . ." *Id.* at 5.

13.     Later that afternoon, the FOMB rejected the DRA Parties' request to meet and confer regarding the Ernst & Young subpoena, and asserted for the first time – with ***less than 20 hours*** until the scheduled start of the deposition of Ms. Jaresko in her personal capacity – that "Ms. Jaresko [would also] be the [FOMB's Rule 30(b)(6) designee]" *Id.* at 4.

14.     In response, the DRA Parties advised the FOMB that they would proceed with Ms. Jaresko's personal deposition as planned and asked the FOMB to provide another date for Ms. Jaresko to provide Rule 30(b)(6) testimony on behalf of the FOMB, as the DRA Parties would not be prepared to proceed with the 30(b)(6) deposition on less than 24 hours' notice.  *Id.* at 3.

15.     In response, the FOMB asserted that Ms. Jaresko "is the most knowledgeable person at the [FOMB] to answer the topics in the Rule 30(b)(6) notice."  The FOMB also misrepresented the meet and confer process, asserting that the DRA Parties had "demanded that the [FOMB] produce someone from the [FOMB] to answer the topics [set forth in the Notice]," when no such demand had ever been made.The FOMB also asserted that "Ms. Jaresko [would] not be produced again voluntarily."  *Id.* at 2.

16.     On October 6, 2021, the DRA Parties deposed Ms. Jaresko in her personal capacity. Shortly after the deposition, the parties met and conferred.  During the meet and confer, the DRA Parties stated they intended to bring to the Court's attention the dispute concerning the FOMB's refusal to provide Ms. Jaresko on another date for the Rule 30(b)(6) deposition of the FOMB.  The

FOMB responded by offering again to designate Ernst & Young as its Rule 30(b)(6) witness, while asking in the spirit of cooperation that the DRA Parties acquiesce to its "pragmatic" request to serve a subpoena on Ernst & Young in order to satisfy Ernst & Young's "internal procedures." According to the FOMB, the subpoena would be "just a piece of paper" that would not affect the DRA Parties' ability to obtain the FOMB's Rule 30(b)(6) testimony.  Negotiations between the FOMB and the DRA Parties' counsel followed in an attempt to resolve the dispute.

### B.   The Parties Jointly Submit the Urgent Motion Which Includes Agreements Between the Parties that the Court Expressly Adopts in the Order

17.     On October 13, 2021, the FOMB and DRA Parties filed the Joint Motion which set forth several agreements between the FOMB and the DRA Parties, including that:

   a)     "The DRA Parties have agreed to serve a subpoena on Ernst & Young ***in connection with the Rule 30(b)(6) deposition of the Oversight Board***, but only if each of the provisions herein are agreed to in writing by the Parties." Joint Motion ¶ 10 (emphasis added).

   b)     "[T]he Oversight Board agrees that it will adopt all testimony provided by the EY Representative in respect of the Rule 30(b)(6) topics listed in the Deposition Notice as testimony of the Oversight Board for purposes of Rule 30(b)(6)." *Id.* ¶ 13.

   c)     "The Oversight Board agrees that ***it shall be responsible for preparing the EY Representative for the deposition in accordance with Rule 30(b)(6)***, including, but not limited to, with respect to each of the topics set forth in the Deposition Notice except for Topic No. 1." *Id.* ¶ 15 (emphasis added).

18.     On October 15, 2021, the Court entered the Order, expressly "adopt[ing] the parties; agreements as set for in paragraphs 10-17 of the [Joint Motion]."  Order ¶ 2.[5]

---

[5]  The Court also ordered that "the DRA Parties shall be precluded from seeking leave to extend any deadlines set forth in the Amended Confirmation Procedures Order ***based on the timing*** of the deposition of the EY Representative. . . ."  *Id.* ¶ 5 (emphasis added); *see also* Joint Motion ¶ 12.  The DRA Parties are not seeking an extension of any deadlines based on the timing of the deposition.  Rather, the DRA Parties are seeking the FOMB's compliance with the Order.  Any associated extension of a deadline is due to the FOMB's abject dereliction of its obligation to prepare the EY Representative on the topics set forth in the Notice.  The FOMB's wait-out-the-clock tactic of stonewalling on its basic discovery obligations should not be held against the DRA Parties.  *See* Transcript of the July 14, 2021 Disclosure Statement Hearing, at 14 ("it's clear from the confirmation schedule that … there is little to no room for delays or gamesmanship"); *id*. at 94 (if the parties fail to "***promptly and fully respond to discovery requests***," or if

C.     **The EY Representative Is Deposed and Admits**
       **to Not Being Properly Prepared By FOMB**

19.     On October 20, 2021, the DRA Parties deposed Mr. Adam Chepenik pursuant to the Joint Motion and the Order.   Despite the FOMB's agreement to "prepar[e] the EY Representative for the deposition in accordance with Rule 30(b)(6)," Mr. Chepenik was clearly not adequately prepared to be the FOMB's Rule 30(b)(6) designee.

20.     For instance, with respect to Topic No. 2 regarding whether the Commonwealth's budgets were balanced, Mr. Chepenik stated repeatedly that he had no knowledge of the FOMB's knowledge concerning the Commonwealth's budgets.*See, e.g.*, Chepenik Rough Tr., attached hereto as **Exhibit 4**, at 196:24-25 (Mr. Chepenik did "not believe we have knowledge whether those budgets were balanced or not"); *id.* at 195:5-12 (Mr. Chepenik did not "have any particular knowledge about what [the FOMB's] views may or may not be as it pertains to being a balanced budget"); *id.* at 198:13-22; 202:1-10 (counsel for the FOMB did not provide Mr. Chepenik with any information as to whether or not the Commonwealth had a balanced budget); *id.* at 200:4-5 (Mr. Chepenik was "unaware of what knowledge the FOMB has" about whether or not there were balanced budgets).

21.     Likewise, with respect to Topic No. 3 regarding whether or not the available revenues of the Commonwealth were insufficient to meet the appropriations, Mr. Chepenik stated repeatedly that he had no knowledge.   *See id.* at 205:10-22 (Mr. Chepenik testified he had no knowledge on whether appropriations from fiscal year 2016 through present were sufficient to meet the appropriations and did not do anything to find that out for the deposition); *id.* at 205:23-206:6 (Mr. Chepenik testified that counsel for the FOMB did not prepare Mr. Chepenik on Topic

---

they engage in a "*pattern of foot dragging*," the Court "*will not hesitate to delay the confirmation hearing*") (emphasis added).

No. 3); *id.* at 203:14-19 (Mr. Chepenik was unaware of the FOMB's knowledge about whether or not available revenues of the Commonwealth to meet appropriations for each fiscal year).

22.    Mr. Chepenik was similarly unprepared for Topic No. 4, which concerns whether "revenues of the Commonwealth were diverted, retained, reallocated, or redirected in order for there to be sufficient available revenue to meet the appropriations made."  Notice at 8; *see* Exhibit 4 at 209:7-16; 212:22-213:6 (Mr. Chepenik was not aware of what knowledge the FOMB might have on Topic No. 4); *id.* at 213:25-214:7 (Mr. Chepenik "did not undertake any efforts" to find out the FOMB's knowledge on Topic No. 4); *id.* at 213:10-14 (Mr. Chepenik did not ever speak with anyone at the FOMB about Topic No. 4); *id.* at 209:18-21 (Mr. Chepenik did not attempt to speak to anyone at the FOMB as to their understanding of information related to Topic No. 4); *id.* at 209:22-210-2 (Mr. Chepenik did not recall any information being provided by counsel for the FOMB to help testify about Topic No. 4).

23.    Likewise for Topic No. 5, concerning "[t]he amounts of Clawback funds disbursed for uses other than the payment of General Obligation Debt."  Notice at 8; *see* Exhibit 4 at 219:12-19 (Mr. Chepenik was "not particular[ly] aware of what the FOMB may know on [Topic No. 5].");  *id.* at 218:7-13 (Counsel for the FOMB did not provide any information to Mr. Chepenik about Topic No. 5); *id.* at 220:2-4 (Mr. Chepenik did not attempt to speak to anyone at the FOMB regarding Topic No. 5); *id.* at 221:25-223:1 (with respect to funds at issue being disbursed for uses other than the payment of General Obligation debt, Mr. Chepenik could "only speak to the time when [Ernst & Young] was engaged, beginning in the fiscal [year 2018] process forward; so not fiscal [years 2016 or 2017]").

24.    And similarly for Topic No. 6, regarding whether "the Acts 30 &31 Incremental Revenues or any other revenues of or due to HTA were diverted, retained, reallocated, or

redirected." Notice at 8-9; *see* Exhibit 4 at 227:9-13; 231:18-232:4 (Mr. Chepenik did not speak

to the FOMB regarding Topic No. 6); *id.* at 232:7-25 (Counsel for the FOMB did not provide Mr.

Chepenik with information concerning Topic No. 6); *id.* at 233:2-4 (Mr. Chepenik did not attempt

to obtain information concerning Topic No. 6).

25.     In short, despite agreeing that the FOMB would be responsible for preparing the

witness in accordance with Rule 30(b)(6) (Joint Motion ¶ 15), Mr. Chepenik stated that he was

only meant to testify only on behalf of Ernst & Young and not the FOMB, and that FOMB and its

counsel provided him with "nothing of consequence" in preparing for the questions presented at

the deposition. *Id.* at 212:4-13; *id.* at 210:11-24 (FOMB counsel's efforts were limited to "trying

to help [Mr. Chepenik] better understand the questions that were being – that were being asked of

EY to respond to because [Mr. Chepenik] felt they needed some additional clarity to be able to

provide specific answers to those questions"); *see also id.* at 211:2-10 (counsel for the FOMB did

not provide Mr. Chepenik with information to clarify the meaning of the deposition topics).

26.     Additionally, counsel for the FOMB and counsel for Ernst & Young improperly

used the time during breaks between deposition sessions to provide Mr. Chepenik with guidance

on how to respond to the DRA Parties' questions.  *See id.* at 181:3-9; *see also id.* at 186:10-21.

Despite clear rules against such coaching and the waivers of privilege over such conversations,

Mr. Chepenik was instructed not to answer questions about the conversations he had with counsel

during the breaks concerning his deposition testimony.  *See id.* at 188:22-25; 190:6-12.[6]

27.     After the conclusion of the deposition, the parties met and conferred on the record.

*See id.* at 250:7-257:4.  The DRA Parties informed the FOMB that given time constraints, they

---

[6]  In line with the remedies for such improper instructions set forth in the case law, the DRA Parties respectfully
request that the Court order the FOMB to provide an affidavit from Mr. Chepenik detailing any conversations that Mr.
Chepenik took part in during breaks to the extent such conversations concerned the deposition or his testimony
therein.*See infra* at ¶¶ 33-36.

had no choice but to bring the issue before the Court. *Id.* at 255:25-256:11. In response, FOMB counsel told DRA Parties to "take whatever steps [they] need to."*Id.* at 256:12-13.

## BASIS FOR RELIEF REQUESTED

### A.  The FOMB Was Responsible for Preparing the Witness and Failed to Do So

28.   Rule 30(b)(6) witnesses speak for the entity itself.  Therefore, "preparation is necessary because individuals so deposed [as Rule 30(b)(6) witnesses] are required to testify to the knowledge of the [entity], not [the knowledge of] the individual." *Calzaturficio S.C.A.R.P.A. s.p.a. v. Fabiano Shoe Co.*, 201 F.R.D. 33, 37 (D. Mass. 2001) (internal citations omitted).  To adequately prepare to serve in the capacity as a Rule 30(b)(6) witness, the witness is "required to review all documentation and educate themselves to the extent possible on all of the 30(b)(6) topics." *Id.* at 38.  Courts have interpreted this to mean the witness is required to review ***all*** documents with any bearing on the Rule 30(b)(6) topics within the witness's control. *Id.*  In this context, control is not defined as mere possession, but as the "legal right to obtain the documents requested upon demand." *Id.*

29.   To adequately prepare its Rule 30(b)(6) designee, an entity should provide the witness with access to documents, past employees, and other relevant sources. *See Santiago Garcia v. Costco Wholesale Corp.*, 2020 WL 3669641 at *1 (D.P.R. July 6, 2020).  To determine adequacy of preparation, courts examine whether the Rule 30(b)(6) witness "***spoke with other employees with relevant information***, reviewed relevant documents, and conferred with the [entity's] counsel." *Id.* (emphasis added).  "Even if the documents are voluminous and the review of those documents would be burdensome, the [Rule 30(b)(6) witness is] still required to review them" to prepare for the deposition. *Id.*  (quoting *Calzaturficio*, 201 F.R.D. at 37).

30.   The Oversight Board agreed that it would "be responsible for preparing the EY Representative for the deposition in accordance with Rule 30(b)(6), including, but not limited to,

with respect to each of the topics set forth in the Deposition Notice except for Topic No. 1." Joint

Motion ¶ 15. That agreement was expressly adopted by the Court. Order ¶ 2.

31.     Despite the FOMB's agreement to prepare Mr. Chepenik "with respect to each of

the topics set forth in the Deposition Notice except for Topic No. 1," Mr. Chepenik stated on

several occasions during his deposition that counsel to the FOMB had not provided him with any

documents or information about any of the topics set forth in the Notice. *See supra* at ¶¶ 17-25.

Mr. Chepenik, for his part, similarly took no effort to retrieve information, admitting that he made

no effort to discuss the Rule 30(b)(6) topics with anyone from the FOMB. *See id.*

32.     The FOMB's failure to prepare Mr. Chepenik in any meaningful way for the

deposition has put the DRA Parties in the "untenable position of having no idea" of the FOMB's

positions. *Calzaturficio*, 201 F.R.D. at 38. This type of informational disparity runs contrary to

the Federal Rules, which are meant to prevent this kind of "sandbagging" of a party. *Id.* The

FOMB's actions also run afoul of the Court's prior orders, which have demonstrated that the Court

prioritizes disclosure and an even playing field among the parties.

33.     An unprepared 30(b)(6) witness amounts to a refusal to answer a deposition

question. *Id.* at 41. The FOMB's failure to comply with the Order and Mr. Chepenik's lack of

preparation should, at the very least, result in a second deposition at the FOMB's expense. *See id.*

(noting that if improper evasive behavior continued at second deposition, injunctions and

additional sanctions could be imposed). Given the FOMB's track record with Mr. Chepenik, its

insistence that Ms. Jaresko "is the most knowledgeable person at the [FOMB] to answer the topics

in the Rule 30(b)(6) notice," and the ticking clock before the Confirmation Hearing begins, the

DRA Parties respectfully request the Court order Ms. Jaresko to sit for the deposition, as the FOMB

had previously offered (albeit in an improperly rushed fashion). *See* Exhibit 2 at 2. If such

deposition is not tenable, the FOMB should still be required to comply with the Order, either through an appropriate Rule 30(b)(6) designee or by adequately preparing Mr. Chepenik to be the FOMB's Rule 30(b)(6) witness.

### B.   The FOMB Violated the Prohibitions on Discussing Deposition Testimony with the Deponent During Private Off-the-Record Breaks Throughout the Deposition

34.    Despite the FOMB's apparent refusal to make any attempt to meet its obligations to prepare the EY Representative pursuant to Rule 30(b)(6), once the deposition commenced counsel for the FOMB was apparently intent to provide guidance to the witness throughout the breaks during the deposition. *See supra* at ¶ 25.  However, private conferences during deposition breaks on topics other than whether to assert a privilege are prohibited as a matter of course.  If such conversations occur, those conversations are not protected from disclosure by the attorney-client privilege. *See Hall v. Clifton Precision*, 150 F.R.D. 525 (E.D. Pa. 1998) (holding that any conferences are fair game for inquiry by the deposing attorney to ascertain whether there has been any coaching and, if so, what).

35.    Indeed, federal courts in Puerto Rico have prohibited conversations between counsel and witness about deposition testimony. *See Carreras v. Sajo*, 2006 U.S. Dist. LEXIS 111476 (D.P.R. Sept. 11, 2006) (case management order stating that "[c]ounsel and their witness/clients shall not initiate or engage in private off-the-record conferences during depositions or during breaks or recesses, except for the purpose of deciding whether to assert a privilege."); *see also In re San Juan Dupont Plaza Hotel Fire Litig.,* 1989 WL 168401 (D.P.R. Dec. 2, 1988) (case management order providing that "private conferences between deponents and their attorneys during the conduct of the deposition are improper, except for the purpose of determining whether a privilege should be asserted").

36.    The *Hall* case is particularly instructive.   In that case, the court held that the privilege does not attach to such conversations in order to avoid "lawyers coaching or bending the witness's words to mold a legally convenient record." 150 F.R.D. at 528.   And while some courts have decided not to extend as far as the *Hall* court, those courts still acknowledge the limits of attorney-client privilege for conversations held during deposition breaks.   *See Gibbs v. City of New York*, 2008 Dist. LEXIS 22588, *7 (E.D.N.Y. Mar. 21, 2008) (questions concerning subject matter of deposition break conversations were required to be answered).   Here, the DRA Parties' question similarly merely asked "the subject of those discussions."   Exhibit 4 at 186:24-25.

37.    Given the FOMB's improper request for Mr. Chepenik to refuse to answer the DRA Parties' proper questioning of the subject matter of the conversations during the breaks and Ernst & Young's instructions to Mr. Chepenik to not answer the questions, the appropriate remedy is to require that the witness provide an affidavit answering the questions posed, or the reopening of the deposition to answer the questions at issue.   *See Gibbs*, 2008 Dist. LEXIS 22588 at *8; *see also In re Stratosphere Corp. Sec. Litig.*, 182 F.R.D. 614 (D. Nev. 1998).

38.    To minimize the prejudice caused by the improper conversations held between counsel for the FOMB and the witness during the deposition breaks, the DRA Parties request that the Court order FOMB to provide the DRA Parties with an affidavit from Mr. Chepenik detailing the specific subject matters of any conversations that Mr. Chepenik took part in during breaks from the deposition to the extent such conversations concerned the deposition or his testimony therein, and any instruction or coaching that counsel provided to Mr. Chepenik regarding how to respond to the questions he was being asked.

## **CERTIFICATION**

39.    Pursuant to Section ¶ 1.H. of the CMP Order, the undersigned counsel hereby certify that they have: (a) carefully examined the matter and concluded that there is a true need for

14

an urgent decision; (b) not created the urgency through any lack of due diligence; and (c) made reasonable, good-faith communications in an effort to resolve or narrow the issues before the Court.Further, as required by Local Bankruptcy Rule 9013-1(a)(2), the undersigned counsel certify that counsel has carefully examined the matter and concluded that there is a true need for expedited consideration of the Urgent Motion, and that the undersigned counsel have not created the urgency through lack of due diligence on their part.

## **NO PRIOR REQUEST**

40.     No prior request for the relief requested herein has been made by the DRA Parties to this or to any other court.

**WHEREFORE**, the DRA Parties respectfully request that this Court enter an order substantially in the form attached hereto as **Exhibit A** granting the relief requested herein and granting such other relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, today October 22, 2021.


*[Remainder of page intentionally left blank]*

**MCCONNELL VALDÉS LLC**

270 Muñoz Rivera Avenue, Suite 7
Hato Rey, Puerto Rico 00918
P.O. Box 364225
San Juan, PR 00936-4225
Tel:    787-250-5632
Fax:    787-759-9225

By:      */s/ Arturo J. García-Solá*
Arturo J. García-Solá
(USDC No. 201903)
E-mail: ajg@mcvpr.com

*/s/ Alejandro J. Cepeda-Díaz*
Alejandro J. Cepeda-Díaz
(USDC No. 222110)
E-mail: ajc@mcvpr.com

*/s/ Nayuan Zouairabani*
Nayuan Zouairabani
(USDC No. 226411)
E-mail: nzt@mcvpr.com

***Attorneys for AmeriNational Community
Services, LLC, as Servicer for the GDB Debt
Recovery Authority***

**C. CONDE & ASSOC. LAW OFFICES**

By:      */s/ Carmen D. Conde Torres*
Carmen D. Conde Torres
(USDC No. 207312)

*/s/ Luisa S. Valle Castro*
Luisa S. Valle Castro
(USDC No. 215611)

254 San José Street, Suite 5
San Juan, PR 00901-1523
Tel:    787-729-2900
E-mail: condecarmen@condelaw.com

-and-

**SCHULTE ROTH & ZABEL LLP**

By:      */s/ Douglas S. Mintz*
Douglas S. Mintz (admitted *pro hac vice*)
Noah N. Gillespie (admitted *pro hac vice*)
901 Fifteenth Street, NW, Suite 800
Washington, DC 20005
Tel:    202-729-7470
E-mail: douglas.mintz@srz.com
noah.gillespie@srz.com

-and-

By:      */s/ Douglas I. Koff*
Douglas I. Koff (admitted *pro hac vice*)
Taleah E. Jennings (admitted *pro hac vice*)
Thomas L. Mott (admitted *pro hac vice*)
919 Third Avenue
New York, NY 10022
Tel:    212-756-2000
E-mail: douglas.koff@srz.com
            taleah.jennings@srz.com
            thomas.mott@srz.com

***Attorneys for Cantor-Katz Collateral Monitor
LLC, as Collateral Monitor for the GDB Debt
Recovery Authority***

## **CERTIFICATE OF SERVICE**

I hereby certify that, on October 22, 2021, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants in this case.

_/s/ Carmen D. Conde Torres_
Carmen D. Conde Torres

17

## Exhibit A

**Proposed Order**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------X
In re:                                                   :
                                                         :
THE FINANCIAL OVERSIGHT AND                              :    PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                        :    Title III
                                                         :
       as representative of                   :    Case No. 17-BK-3283 (LTS)
                                                         :
THE COMMONWEALTH OF PUERTO RICO *et al.*,                :    (Jointly Administered)
                                                         :
     Debtors.[1]                                      :
---------------------------------------------------------X

### ORDER ON DRA PARTIES' URGENT MOTION TO COMPEL
### RULE 30(B)(6) DEPOSITION OF FINANCIAL OVERSIGHT
### AND MANAGEMENT BOARD FOR PUERTO RICO

Upon consideration of the *DRA Parties' Urgent Motion to Compel Rule 30(b)(6)*

*Deposition of Financial Oversight and Management Board for Puerto Rico* (the "Urgent

Motion"),[2] seeking an order finding the Financial Oversight and Management Board for Puerto

Rico (the "Oversight Board") violated this Court's *Order Granting Urgent Joint Motion*

*Regarding Rule 30(b)(6) Deposition of the Financial Oversight and Management Board for*

*Puerto Rico* [ECF No. 18520] (the "Order") which adopted the agreements between the

Oversight Board and the DRA Parties set forth in the *Urgent Joint Motion Regarding Rule*

---

[1]  The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801).
[2]  Capitalized terms not defined herein shall have the meanings ascribed to them in the Urgent Motion.

1

*30(b)(6) Deposition of Financial Oversight and Management Board for Puerto Rico* [ECF No. 18482] (the "Joint Motion"), and compelling the Oversight Board to comply with the Order, the Court hereby FINDS AND DETERMINES that (i) the Court has jurisdiction to consider the Urgent Motion and the relief requested therein pursuant to Section 306(a) of PROMESA; (ii) venue is proper before this Court pursuant to Section 307(a) of PROMESA; (iii) the legal and factual bases set forth in the Urgent Motion establish just cause for the relief granted herein; (iv) due and proper notice of this Urgent Motion has been provided under the particular circumstances and no other or further notice need be provided; and (v) upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore.

Accordingly, it is hereby ORDERED THAT:

1.      The Urgent Motion is GRANTED as set forth herein.

2.      The Oversight Board has violated the Order.

3.      The Oversight Board must comply with the Order on or before October 29, 2021 by either:

  a.   Producing Ms. Natalie Jaresko or an equally appropriate Rule 30(b)(6) designee of the Oversight Board for a Rule 30(b)(6) deposition of the Oversight Board, with such deposition to occur on or before October 29, 2021; or

  b.   Adequately preparing the EY Representative for a Rule 30(b)(6) deposition of the FOMB in accordance with the Order, with such deposition to occur on or before October 29, 2021.

4.      The Oversight Board must provide the DRA Parties with an affidavit from

Mr. Chepenik detailing the specific subject matters of any conversations during breaks from the

deposition that Mr. Chepenik had with counsel for the Oversight Board and/or Ernst & Young to,

including any instructions or coaching that counsel provided, the extent such conversations

concerned the deposition or his testimony therein.

5.      If the FOMB does not comply with this Order by October 29, 2021, the Court

will:

        a.      Hold adverse inferences against the Oversight Board with respect to each

                of the deposition topics set forth in the DRA Parties' notice of Rule

                30(b)(6) deposition of the FOMB (the "Notice");

        b.      Preclude the Oversight Board from presenting any evidence with respect

                to each of the deposition topics set forth in the Notice; and

        c.      Extend the time for the start of the Confirmation Hearing until November

                29, 2021 in order to allow the DRA Parties to gather evidence with respect

                to each of the deposition topics set forth in the Notice.

6.      The Court shall retain jurisdiction to hear and determine all matters arising from

the implementation and interpretation of this Order.


SO ORDERED

Dated: October ___, 2021
          San Juan, Puerto Rico


                                        _____
                                        HONORABLE LAURA TAYLOR SWAIN

United States District Judge


3