# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtor.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**THE DRA PARTIES' NOTICE OF DEPOSITION TO THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO PURSUANT TO FED. R. CIV. P. 30(b)(6)**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK- 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

1

PLEASE TAKE NOTICE THAT pursuant to Rule 26 and Rule 30(b)(6) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rules 7026 and 7030 of the Federal Rules of Bankruptcy Procedure, AmeriNational Community Services, LLC (the "**Servicer**"), as servicer for the GDB Debt Recovery Authority (the "**DRA**"), and Cantor-Katz Collateral Monitor LLC, a Delaware limited liability company (the "**Collateral Monitor**" and, together with the Servicer, collectively, the "**DRA Parties**"), which serves as the collateral monitor for Wilmington Trust, N.A. in connection with bonds the DRA issued, by and through their undersigned counsel, will take the deposition of the Financial Oversight and Management Board for Puerto Rico (the "**FOMB**") through individuals designated to testify regarding the topics of examination attached hereto.

The deposition will take place on October 1, 2021, beginning at 9:30 a.m., at the offices of McConnell Valdés, LLC, or on such other date, location, and time as shall be agreed between the parties, and will continue until completed. The deposition will be taken upon oral examination before an official authorized by law to administer oaths and will be recorded stenographically and by videotape (sound and visual).

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure and Rule 7030 of the Federal Rules of Bankruptcy Procedure, the FOMB (as defined in Exhibit A hereto) must designate one or more officers, directors, or other persons who consent to testify on their behalf with respect to what is known or reasonably available to the FOMB (as defined in Exhibit A hereto) concerning each of the topics of examination set forth in the attached **Exhibit A**.

Dated: September 13, 2021
       In San Juan, Puerto Rico.

| | |
|---|---|
| **MCCONNELL VALDÉS LLC** | **C. CONDE & ASSOC. LAW OFFICES** |

**MCCONNELL VALDÉS LLC**

270 Muñoz Rivera Avenue, Suite 7
Hato Rey, Puerto Rico 00918
P.O. Box 364225
San Juan, PR 00936-4225
Tel:    787-250-5632
Fax:   787-759-9225

By:   */s/ Arturo J. García-Solá*
Arturo J. García-Solá
(USDC No. 201903)
E-mail: ajg@mcvpr.com

*/s/ Alejandro J. Cepeda-Diaz*
Alejandro J. Cepeda-Diaz
(USDC No. 222110)
E-mail: ajc@mcvpr.com

*/s/ Nayuan Zouairabani*
Nayuan Zouairabani
(USDC No. 226411)
E-mail: nzt@mcvpr.com

***Attorneys for AmeriNational Community Services, LLC, as Servicer for the GDB Debt Recovery Authority***

**C. CONDE & ASSOC. LAW OFFICES**

By:   */s/ Carmen D. Conde Torres*
Carmen D. Conde Torres
(USDC No. 207312)

*/s/ Luisa S. Valle Castro*
Luisa S. Valle Castro
(USDC No. 215611)

254 San José Street, Suite 5
San Juan, PR 00901-1523
Tel:    787-729-2900
Fax:   787-729-2203
E-mail: condecarmen@condelaw.com

-and-

**SCHULTE ROTH & ZABEL LLP**

By:   */s/ Douglas S. Mintz*
Douglas S. Mintz (admitted *pro hac vice*)
901 Fifteenth Street, NW, Suite 800
Washington, DC 20005
Tel:    202-729-7470
Fax:   202-730-4520
E-mail: douglas.mintz@srz.com
          noah.gillespie@srz.com

-and-

Douglas Koff (admitted *pro hac vice*)
Abbey Walsh (admitted *pro hac vice*)
Peter J. Amend (admitted *pro hac vice*)
919 Third Avenue
New York, NY 10022
Tel:    212-756-2000
Fax:   212-593-5955
E-mail: douglas.koff@srz.com
          abbey.walsh@srz.com
          peter.amend@srz.com

***Attorneys for Cantor-Katz Collateral Monitor LLC, as Collateral Monitor for the GDB Debt Recovery Authority***

## EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

1. Each reference to a corporation, partnership, joint venture, unincorporated association, government agency, or other fictitious person shall be deemed to include each and all of its subsidiaries, affiliates, predecessors, and successors, and with respect to each of such entities, its officers, directors, shareholders, employees, partners, limited partners, representatives, agents, accountants, attorneys, trustee, and any other person who acted on its behalf.

2. Each reference to a natural person shall be deemed to include that person's agents, attorneys, and any other Person who acted on that person's behalf.

3. Each Topic shall be construed independently and not with reference to any other Topic for the purpose of limitation or exclusion.

4. The use of any definition for the purposes of this notice shall not be deemed to constitute an agreement or acknowledgment on the part of DRA Parties that such definition is accurate, meaningful, or appropriate for any other purpose in this Action.

5. In construing the requests, the singular includes the plural and vice versa, except as the context may otherwise require; any request propounded in the present tense shall also be read as if propounded in the past tense and vice versa; and any reference to any gender includes the other gender.

6. All capitalized terms used herein should be given their most expansive and inclusive interpretation unless otherwise expressly limited.

7. "**Acts 30 and 31**" mean, collectively, Act No. 30-2013 of June 25, 2013, and Act No. 31-2013 of June 25, 2013, as they may have been amended or otherwise modified.

4

8. "**Act 30 & 31 Incremental Revenues**" means the following incremental revenues implemented by Acts 30 and 31 and allocated to HTA, which are (i) the revenues in excess of $15 for each vehicle or trailer license issued; (ii) the revenues in excess of $120 million per fiscal year from the Petroleum Products Excise Taxes; and (iii) $20 million per fiscal year from the excise tax on cigarettes. The term "Acts 30 &31 Incremental Revenues" does not include the portion of taxes that are included in Acts 30 and 31 and existed before the passage of Acts 30 and 31.

9. "**Commonwealth**" means the Commonwealth of Puerto Rico and its instrumentalities, its present and former officers, directors, employees, representatives, agents, members, accountants, attorneys, trustees, and any other Person or entity who acted on its behalf.

10. "**Clawback**" means any decision, act, or determination by the Commonwealth concerning the diversion, retention, reallocation, or redirection of public funds resulting, at least in part, from the purported invocation of article VI section 8 of the Puerto Rico Constitution, including but not limited to: pursuant to Executive Order 2015-46; the First Moratorium Act; the Second Moratorium Act; or any executive order or legislative act under, amending, or modifying the foregoing.

11. "**Documents**" or "**documents**" is used in the broadest sense possible under Federal Rule 34 and as interpreted by the courts, and includes without limitation any and all writings and recorded materials, of any kind, that are or have been in Your possession, custody or control, whether originals or copies. Such writings include, but are not limited to: e-mails, electronically stored information, and drafts of documents, as well as any and all originals (and copies of originals that are not identical to the originals by reason of any notation made on such copies or otherwise), copies of originals where originals are not available for production, and drafts of any or all of the following: correspondence, memoranda, notes, electronic mail, text

messages, instant messages, computer records, diaries, calendars, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, inter- office communications, telephone calls, meetings, communications, printed matter, invoices, worksheets, transcripts, and written materials of every kind and nature whatsoever, and all tapes, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures, and graphical or aural records or representations of any kind and nature whatsoever, along with any electronic, mechanical or electric recordings or representations of every kind and nature whatsoever.

12. "**First Moratorium Act**" means Act 21-2016 of April 6, 2016, as it may have been amended or otherwise modified.

13. "**FOMB**" means the Financial Oversight and Management Board for Puerto Rico created pursuant to PROMESA, including its present and former officers, directors, shareholders, employees, partners, subsidiaries, representatives, affiliates, agents, members, accountants, attorneys, trustees, and any other Person or entity who acted on their behalf.

14. "**General Obligation Debt**" means the bonds and other debt instruments the Commonwealth issues, backed by the priority provision of article VI section 8 of the Puerto Rico Constitution.

15. "**HTA**" means the Puerto Rico Highways and Transportation Authority (in Spanish, *la Autoridad de Carreteras y Transportación de Puerto Rico*), a public corporation created pursuant to Act No. 74 of June 23, 1965, as amended, including its present and former officers, directors, shareholders, employees, partners, subsidiaries, representatives, affiliates, agents, members, accountants, attorneys, trustees, and any other Person or entity who acted on their behalf.

16. "**Person**" means a natural person or any corporation, partnership, association, joint venture, firm, trust, or other business enterprise or legal entity, and includes both the singular and the plural.

17. "**Petroleum Products Excise Taxes**" means excise taxes imposed by Internal revenue Code for a New Puerto Rico, Act No. 1-2011, as amended, collected, and paid on crude oil, and partially finished and finished oil by-products and any other hydrocarbon mixture.

18. "**Second Moratorium Act**" means Act 5-2017 of January 29, 2017, as it may have been amended or otherwise modified.

## TOPICS FOR EXAMINATION

1. Whether or not a valid Clawback was implemented by the Commonwealth under article VI, sections 7 through 9 of the Puerto Rico Constitution for each year from FY2016 to the present, including any efforts undertaken by FOMB to determine the validity of any Clawback.

2. Whether or not the Commonwealth had a balanced budget for each fiscal year from FY2016 to the present, including any efforts undertaken by FOMB to determine whether or not the Commonwealth had a balanced budget for each of those fiscal years.

3. Whether or not the available revenues of the Commonwealth were insufficient to meet the appropriations for each fiscal year from FY2016 to the present, including any efforts undertaken by FOMB to determine whether available revenues of the Commonwealth were insufficient.

4. Whether or not any revenues of the Commonwealth were diverted, retained, reallocated, or redirected in order for there to be sufficient available revenue to meet the appropriations made for each fiscal year from FY2016 to the present, including any efforts undertaken by FOMB to evaluate the amounts of revenues to divert, retain, reallocate, or redirect.

5. The amounts of Clawback funds disbursed for uses other than the payment of General Obligation Debt for each fiscal year from FY2016 to the present, including any efforts undertaken by FOMB to evaluate the amounts of Clawback funds to disburse for uses other than the payment of General Obligation Debt.

6. Whether or not the Acts 30 &31 Incremental Revenues or any other revenues of or due to

HTA were diverted, retained, reallocated, or redirected for each fiscal year from FY2016 to the present, including any efforts undertaken by FOMB to evaluate whether to divert, retain, reallocate, or redirect the Acts 30 &31 Incremental Revenues or other revenues of or due to HTA.