**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>Re: ECF Nos. 18522 and 18340 |

**DRA PARTIES' REPLY TO MEMORANDUM OF LAW OPPOSING DRA PARTIES'
MOTION *IN LIMINE* TO EXCLUDE CERTAIN
FRCP 26(a)(2)(C) EXPERT WITNESSES OR TESTIMONY**

---

[1]     The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation  (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801).

## Table of Contents

Relevant Background ...................................................................................................1

Reply............................................................................................................................3

I.      The FOMB Did Not Comply With the Procedures Order Because It Did Not
        Submit Expert Reports For These Experts. ....................................................4

II.     The FOMB Did Not Comply With FRCP 26(a)(2)(C).....................................5

        A.      The FOMB Provided Insufficient Disclosures Under FRCP 26(a)(2)(C). ........6

III.    The Witnesses Do Not Qualify As FRCP 26(a)(2)(C) Experts.......................9

        A.      The Court Should Preclude Shah from Offering Opinion Testimony
                Because He Does Not Qualify As A FRCP 26(a)(2)(C) Expert. .......................9

        B.      Mr. Malhotra Provided Insufficient Disclosures and Does Not Qualify As
                A FRCP 26(a)(2)(C) Expert. ........................................................................11

        C.      Mr. Herriman Provided Insufficient Disclosures and Does Not Qualify
                As A FRCP 26(a)(2)(C) Expert. ....................................................................12

        D.      The DRA Parties Have Been Prejudiced By the FOMB's Insufficient
                Disclosures and Improper Witness Designations ............................................13

IV.     Opinion Testimony Of Properly Designated 26(a)(2)(C) Witnesses, If Any, Must
        Be Limited To The Opinions They Formed During Their Personal Involvement
        In The Facts At Issue. ......................................................................................14

        A.      Any Allowed Expert Testimony of Mr. Shah Must Be Limited To His
                Personal  Observations And Experience............................................................14

        B.      Any Allowed Expert Testimony of Mr. Malhotra Must Be Limited To
                His Personal Observations And Experience......................................................15

        C.      Any Allowed Expert Testimony of Mr. Malhotra Must Be Limited To
                His Personal Observations And Experience......................................................15

Conclusion .................................................................................................................15

# **TABLE OF AUTHORITIES**

**Page(s)**

*Amezcua v. Boon*,
　754 F. App'x 551 (9th Cir. 2018) ............................................................6

*Amezcua v. Jordan Transp., Inc.*,
　No. 2:13-cv-01608-APG-CWH,
　2016 BL 230390 (D. Nev. July 18, 2016)...................................................6

*Burwell v. Mass. Bay Commuter R.R.*,
　No. 14-cv-10178-JCB,
　2015 WL 13684874 (D. Mass. Sept. 4, 2015) ...................................8, 9, 13

*Croy v. Ravalli County*,
　No. CV 19-77-M-DWM,
　2020 BL 400236 (D. Mont. Oct. 16, 2020) ...............................................6

*Curley v. Zuerner*,
　1:16-cv-00676-MSM-PAS,
　2020 U.S. Dist. LEXIS 255269 (D.R.I Apr. 20, 2020)....................................6

*Downey v. Bob's Disc. Furniture Holdings, Inc.*,
　633 F.3d 1 (1st Cir. 2011) ............................................................ *passim*

*Estate of Leavitt Rey v. Marrero Gonzalez*,
　No. 16-2769 (RAM),
　2020 WL 4464467 (D.P.R. Aug. 4, 2020)................................................8, 9

*Little Hocking Water Ass'n v. E.I. du Pont de Nemours & Co.*,
　No. 2:09-CV-1081,
　2015 U.S. Dist. LEXIS 29918 (S. D. Ohio Mar. 11, 2015)................................6, 7

*Saucedo v. Gardner*,
　No. 17-cv-183-LM,
　2018 WL 1175066 (D.N.H. Mar. 3, 2018) .......................................... *passim*

*SEC v. Nutmeg Grp., LLC*,
　No. 09 C 1775,
　2017 U.S. Dist. LEXIS 180405 (N. D. Ill. Oct. 31, 2017).................................6

*Wai Feng Trading Co. v. Quick Fitting, Inc.*,
　No. 13-33WES,
　2018 U.S. Dist. LEXIS 215311 (D.R.I. Dec. 21, 2018) ...............................5, 14, 15

**United States Statutes**

*Puerto Rico Oversight, Management and Economic Stability Act* ("PROMESA").......................1

**Puerto Rico Statutes**

*Government Development Bank for Puerto Rico Debt Restructuring Act*,
    Act No. 109-2017, as amended by Act No. 147-2018..............................................................1

**Rules**

Fed. R. Civ. P. 26(a)(2)(C) ..................................................................................... *passim*

Fed. R. Civ. P. 26(a)(2)(C)(ii)...................................................................................5, 6

**COME NOW** AmeriNational Community Services, LLC (the "**Servicer**"), as servicer for the GDB[2] Debt Recovery Authority (the "**DRA**"), and Cantor-Katz Collateral Monitor LLC, a Delaware limited liability company (the "**Collateral Monitor**" and, together with the Servicer, collectively, the "**DRA Parties**"), which serves as the collateral monitor for Wilmington Trust, N.A. in connection with the new bonds the DRA issued pursuant to the *Government Development Bank for Puerto Rico Debt Restructuring Act*, Act No. 109-2017, as amended by Act No. 147-2018, and the approved Qualifying Modification for the GDB under Title VI of *the Puerto Rico Oversight, Management and Economic Stability Act* ("**PROMESA**"), by and through the undersigned legal counsel, and, respectfully submit this reply (the "**Reply**") to the *Memorandum of Law Opposing DRA Parties' Motion in Limine to Exclude Expert Witnesses or Testimony* [Dkt. No. 18522][3] (the "**Opposition**"), filed by the Financial Oversight and Management Board for Puerto Rico (the "**FOMB**").

## RELEVANT BACKGROUND

1.  Pursuant to the highly compressed schedule for discovery and confirmation—at the Debtor's urging[4]—set forth in the August 2, 2021, *Order Establishing Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* [Dkt. No. 17640] (as amended by Dkt. No. 18393-1, the "**Procedures Order**"),[5] all experts must file expert reports.

2.  On August 3, 2021, the FOMB filed *Debtors' Preliminary List of Witnesses to be Offered in Support of Confirmation of Plan of Adjustment*, noticing a list of witnesses who could

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings given to the them in the *DRA Parties' Motion in Limine to Exclude Expert Witnesses or Testimony* [Dkt. No. 18340].
[3]    Unless otherwise noted, all docket references refer to the docket of Case No. 17-BK-3283 (LTS).
[4]    The DRA Parties opposed the highly compressed schedule for expert disclosures, expert discovery, and motions *in limine*. Moreover, the FOMB drafted the disclosure requirements in the initially proposed Procedures Order—the DRA Parties did not.
[5]    The Court left intact this requirement in its subsequent amendments to the Procedures Order. Dkt. No. 18393-1. Specifically, the Court maintained the requirement to prepare expert disclosures and reports, and revised the procedures to direct that parties file these materials rather than only serving them. *See* Dkt. No. 18393-2, ¶ 19.

provide testimony on its behalf. Dkt. No. 17679. The FOMB noted that certain of the witnesses, marked with asterisks, "*may* also offer opinion testimony pursuant to Fed. R. Civ. P. 26(a)(2)(C)." *Id.* at 4 (emphasis added).

3.      On September 6, 2021, the FOMB filed *Debtors' Identification of Expert Witnesses*, explicitly identifying these witnesses as experts but providing no other information as to the substance of their opinion testimony, asserting that "the following witnesses *may* provide testimony on behalf of the Debtors in support of confirmation of the Plan pursuant to Federal Rule of Civil Procedure 26(a)(2)(C)." Dkt. No. 18044, ¶ 2 (emphasis added).

4.      On September 13, 2021, the FOMB amended its witness list, providing cursory information to identify these witnesses, and asserting again that the witnesses marked with an asterisk "*may* offer testimony pursuant to Fed. R. Civ. P. 26(a)(2)(C)." Dkt. No. 18094, ¶ 2 (emphasis added). Further, the Debtors filed a "disclosure for each such witness in the *Debtors' Opening Expert Reports and Disclosures*, filed contemporaneously herewith." *Id.* Those opening expert disclosures provided only a few sentences with respect to each of these witnesses. *See* Dkt. No. 18097. In contravention of the Procedures Order, the Debtors explained, "[p]ursuant to Federal Rule of Civil Procedure 26(a)(2)(C), and further consistent with the witnesses identified in paragraph 2 of the Expert Identification, the Debtors herein provide the following information for its witnesses who do not need to provide a written report." *Id.* ¶ 2. As the deadline for filing expert reports was September 13, 2021, prior to this date the DRA Parties could not be sure that no expert reports would be filed for these witnesses. *See* Procedures Order ¶ 19.

5.      The FOMB improperly designated three expert witnesses under Federal Rule of Civil Procedure ("**FRCP**") 26(a)(2)(C):

- Jay Herriman, *Managing Director at Alvarez & Marsal;*

2

- Gaurav Malhotra, Principal and Head of U.S. Restructuring at Ernst &
  Young, LLP; and

- Ojas Shah, Partner at McKinsey & Company.[6]

6. On September 30, 2021, the DRA Parties timely filed the *DRA Parties' Motion in Limine to Exclude Expert Witnesses or Testimony* [Dkt. No. 18340] (the "**Motion**") to preclude impermissible testimony by the experts improperly designated by the FOMB under FRCP 26(a)(2)(C).

7. On October 15, 2021, the FOMB filed the Opposition arguing, *inter alia*, that the FOMB's disclosures were sufficient to comply with the Procedures Order and the requirements of FRCP 26(a)(2)(C). Dkt. No. 18522, at 11-12. As of the time of preparing to file this Reply, the FOMB still has not disclosed the expert opinion testimony these witnesses will purport to offer, the materials or assumptions they will rely upon to provide such opinions, communications with these experts to inform their opinions, or any indication of the length, depth, or complexity of the expert opinions.[7]

## **REPLY**

As established in the Motion, and not meaningfully disputed in the Opposition, the Court should exclude expert testimony from witnesses Jay Herriman, Gaurav Malhotra, and Ojas Shah, because: (i) the FOMB did not submit expert reports for these witnesses as required in the Procedures Order; (ii) the FOMB did not provide sufficient disclosures under FRCP 26(a)(2)(C);

---

[6]   As noted in the Motion, while the FOMB seeks to introduce expert testimony from five other witnesses under FRCP 26(a)(2)(C), the DRA Parties only challenge Herriman, Malhotra, and Shah in the Motion. Motion, at 4 n.2.

[7]   The DRA Parties are filing this Reply on October 22, 2021 in accordance with the deadline set in the Procedures Order. Dkt. No. 18393-1 ¶ 3. At the time of filing, the DRA Parties have not received this information from the FOMB.

3

and (iii) these witnesses do not qualify to provide expert opinion testimony under FRCP 26(a)(2)(C).

**I.     The FOMB Did Not Comply With the Procedures Order Because It Did Not Submit Expert Reports For These Experts.**

8.     The FOMB argues that the Procedures Order only required reports for expert witnesses under FRCP 26(a)(2)(B). Opposition ¶ 20. However, by its own terms, the Procedures Order does not limit the expert reporting requirements to only those experts identified under FRCP 26(a)(2)(B). *See* Dkt. No. 18393-1 ¶ 19. Instead, the Procedures Order directs that "*each* Debtor and Eligible Creditor who has timely disclosed *the identity of an expert witness* in its Opening Expert Disclosures on or before September 6, 2021, *shall* file[8] . . . its Opening Expert Report(s) on or before September 13, 2021." *Id.* (emphasis added). Such notice was required for parties to be able to prepare and submit their rebuttal expert reports, which were due by October 8, 2021. *Id.* ¶ 20. While the Procedures Order references FRCP 26(a)(2)(B) in noting that reports would be submitted separately from the expert disclosures, it does not confine the requirement to provide expert reports to FRCP 26(a)(2)(B) experts or otherwise make any exception for experts designated under FRCP 26(a)(2)(C)—all parties were required to disclose reports for all expert witnesses.[9] *See id.* ¶ 19.

9.     The FOMB identified the expert witnesses at issue here in its Opening Expert Disclosures on September 3, 2021, *see* Dkt. No. 17679, but did not file any expert reports with respect to them.  Instead, on September 13, 2021, the FOMB provided scant "disclosures." Dkt.

---

[8]     The distribution requirement applicable to expert reports in paragraph 19 was changed from "disclose . . ." to "file" in the Procedures Order, as amended. Dkt. No. 18393-2 ¶ 19.

[9]     Even assuming, *arguendo*, that the FOMB's contentions regarding the inapplicability of the Procedures Order to FRCP 26(a)(2)(C) experts were correct, *see* Opposition ¶¶ 20-21, as demonstrated below, these witnesses would nevertheless be improperly designated experts who do not qualify to provide expert testimony under FRCP 26(a)(2)(C).

No. 18097. The FOMB's failure to provide expert reports for *all experts* violates the Court's Procedures Order.

## II.    The FOMB Did Not Comply With FRCP 26(a)(2)(C).

10.    Aside from the Procedures Order's requirements, the FOMB failed to provide sufficient "summar[ies] of the facts and opinions" to which its purported experts are expected to testify, as required by FRCP 26(a)(2)(C). Fed. R. Civ. P. 26(a)(2)(C)(ii). Although under the Federal Rules, 26(a)(2)(C) experts do not need to provide a report, they must provide substantial disclosures. These disclosures "must state: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

11.    Further, these witnesses do not qualify as experts under FRCP 26(a)(2)(C) because they did not arrive at their opinions through their direct involvement and first-hand experience with the issues they have been designated to testify about, and they were retained to provide an expert opinion about these issues. Under FRCP 26(a)(2)(C), a witness must have direct involvement in the events at issue in the lawsuit and otherwise have the requisite qualifications to provide expert testimony to avail themselves of FRCP 26(a)(2)(C). *See Downey v. Bob's Disc. Furniture Holding, Inc.*, 633 F.3d 1, 6-7 (1st Cir. 2011). Such witnesses are limited to providing opinion testimony about the opinions they formed in the course of their direct involvement. *See Wai Feng Trading Co. v. Quick Fitting Inc.*, No. 13-33WES, 2018 U.S. Dist. LEXIS 215311, at *4-5, 19 (D.R.I. Dec. 21, 2018). The witnesses at issue here should be precluded from providing expert testimony because they lack the requisite first-hand experience required for experts under FRCP 26(a)(2)(C).

A.       **The FOMB Provided Insufficient Disclosures Under FRCP 26(a)(2)(C).**

12.       Despite its claims to the contrary, the FOMB's disclosures with respect to these

three witnesses were patently inadequate under FRCP 26(a)(2)(C). *Compare* Opposition ¶ 20, *with*

Fed. R. Civ. P. 26(a)(2)(C). FRCP 26(a)(2)(C) requires witnesses to disclose the subject matter

and a "summary of the facts and opinions" on which they are expected to testify. Fed. R. Civ. P.

26(a)(2)(C)(ii). This obligation requires a meaningful disclosure of the opinions the witness will

offer and the factual basis supporting each opinion. *Amezcua v. Jordan Transp., Inc.*, No. 2:13-cv-

01608-APG-CWH, 2016 BL 230390, at *1 (D. Nev. July 18, 2016) (disclosures containing only

an overview of topics experts would testify to were insufficient); *see Amezcua v. Boon*, 754 F.

Appx. 551, 551 (9th Cir. 2018);[10] *Croy v. Ravalli*, No. CV 19-77-M-DWM, 2020 BL 400236, at

*4 (D. Mont. Oct. 16, 2020) (holding disclosure was insufficient where only the topics of the

testimony were provided and not a summary of the facts or opinions); *Curley v. Zuerner*, 1:16-cv-

00676-MSM-PAS, 2020 U.S. Dist. LEXIS 255269, at *4 (D.R.I Apr. 20, 2020) (holding disclosure

was insufficient because it did not disclose either the facts or opinions); *SEC v. Nutmeg Grp., LLC*,

No. 09 C 1775, 2017 U.S. Dist. LEXIS 180405, at *13-14 (N. D. Ill. Oct. 31, 2017) (citation and

internal quotation marks omitted) (under FRCP 26(a)(2)(C), "disclosure must include a brief

account of the expert's main opinions," the expert's "view or judgement regarding a matter that

affects the outcome of the case," and a summary of facts related to the opinions); *Little Hocking

Water Ass'n v. E.I. du Pont de Nemours & Co.*, No. 2:09-CV-1081, 2015 U.S. Dist. LEXIS 29918

(S. D. Ohio Mar. 11, 2015) (holding disclosure was insufficient where the topics of the testimony

---

[10]       The FOMB implies that the court in *Amezcua* found the disclosures insufficient only because they were
"boilerplate" or "substantially duplicated" between the four designated FRCP 26(a)(2)(C) witnesses—this is
inaccurate. Opposition ¶ 31. Although the disclosures were substantially duplicated, the real issue was their lack of a
sufficient summary of facts and opinions. *Amezcua*, 2016 BL 230390, at *1. The FOMB's disclosures are insufficient
because they do not summarize the witnesses' opinions and factual basis.

and summaries of the opinions were provided without proper summary of the facts).[11] The FOMB's disclosures do not meet this standard. Instead, the FOMB provided only the subject matter or topics of the witnesses' opinions, and not the actual opinions or their bases.

13.     In the Opposition, the FOMB argues that FRCP 26(a)(2)(C) requires only that disclosures of the subject matter on which the expert witnesses will opine, along with summaries of facts and opinions, not be generic or conclusory. *See* Opposition ¶ 24. However, the cases the FOMB cites in its Opposition, along with the standard set forth above, demonstrate that the FOMB's disclosures failed to comply with the requirements of FRCP 26(a)(2)(C).

14.     In *Saucedo*, the court held that a witness was properly designated under FRCP 26(a)(2)(C) when the witness was testifying to his personal knowledge and involvement as "a longtime participant in [the practices at issue]," and was not crafting an opinion from "facts supplied by others." *Saucedo v. Gardner*, No. 17-cv-183-LM, 2018 WL 1175066, at *2 (D.N.H. Mar. 3, 2018, filed Mar. 5, 2018) (citing *Downey*, 633 F.3d at 7). The court, acknowledging the necessity of balancing an undue burden of excessive disclosure against the potential for inefficiency and unfair surprise, found that a disclosure listing the witness' "opinions, along with the specific factual topics about which he would testify" was sufficient because it "provide[d] more than mere 'generic, high-level references to the subject matter of the entire case,'" and was supplemented by "the documents and statistical data on which [the witness] intend[ed] to rely."[12] *Saucedo*, 2018 WL 1175066, at *3.

---

[11]     While no court has imposed a specific requirement for the length of FRCP 26(a)(2)(C) disclosures, it is telling that the *Little Hocking* disclosures were insufficient despite being four to six paragraphs long, whereas the FOMB's disclosures are only one or a few sentences each. *Little Hocking*, 2015 U.S. Dist. LEXIS 29918, at *5 n.1.

[12]     Note that in *Saucedo*, the court did not examine the sufficiency of the supplemental reliance data, as the data was not challenged by the plaintiffs. *Saucedo*, 2018 WL 1175066, at *3 n.3.

15.     Similarly, in *Estate of Leavitt Rey*, a music rights copyright infringement action, the court found that a band's musical director, who played a "key role" in the events at issue, could testify to whether the defendants had modified the music at issue as a non-reporting expert, so long as "his testimony was limited to his knowledge of the band's music prior to the litigation." *Estate of Leavitt Rey v. Marrero Gonzalez*, No. 16-cv-2769 (RAM), 2020 WL 4464467, at *6 (D.P.R. Aug. 4, 2020). There, the court accepted as sufficient disclosure that the non-reporting expert witness had "knowledge of the reproduction and adaptation of the [copyrighted music]," the common practices of the relevant parties, and "expert knowledge of the 'composition, arrangement, and production of'" the relevant music. *See id.* at 7. Moreover, additional disclosures of the witness' resume and professional qualifications were supplementally provided. *Id.*

16.     In *Burwell*, the court held that a physician who "developed his opinions regarding causation, diagnosis, treatment, and prognosis during the course of [treating Plaintiff] and not from facts supplied by others in preparation for trial," was properly designated as a FRCP 26(a)(2)(C) witness when limited to testifying to "opinions formed during the course of treatment." *Burwell v. Mass. Bay Commuter R.R.*, No. 14-cv-10178-JCB, 2015 WL 13684874, at *2-3 (D. Mass. Sept. 4, 2015). There, the court found sufficient disclosures that the physician would offer: "opinions regarding the examination of plaintiff, history taken, review of medical records, including films and tests, findings, causation, prognosis, diagnosis, recommendations, treatment, ability to work and follow-up;" and "fact and opinion testimony that 'based upon the examination of plaintiff, history taken, review of medical records, including films and tests, that plaintiff suffered injury to his shoulder on the job which prevented him from working full duty and required additional treatment, consistent with medical records previously provided." *Id.* at *1.

17.     Unlike the foregoing cases, for the witnesses at issue here, apart from Shah, the FOMB did not provide the opinions the witnesses would testify to, the facts underlying those opinions, or the materials on which the experts would rely. *See Saucedo*, 2018 WL 1175066, at *3; *see also Burwell*, 2015 WL 13684874, at *1. Nor did they provide sufficient disclosures to demonstrate these witnesses involvement in the underlying facts based on which they purport to opine. *See Estate of Leavitt Rey*, 2020 WL 4464467, at *6. Instead, as described below, the FOMB merely provided cursory statements identifying the broad topic areas the witnesses anticipated testifying to, without providing statements identifying the witnesses judgement or opinions on these topics.

## III.     The Witnesses Do Not Qualify As FRCP 26(a)(2)(C) Experts.

### A.     The Court Should Preclude Shah from Offering Opinion Testimony Because He Does Not Qualify As A FRCP 26(a)(2)(C) Expert.

18.     Mr. Shah is a traditional expert, paid to construct a report in the context of litigation. The FOMB identified Mr. Shah as providing expert testimony under FRCP 26(a)(2)(C) regarding the best interest analyses in the Disclosure Statement and that the Plan is in the best interest of creditors. Dkt. No. 18097, at 8. "Mr. Shah is expected to testify that . . . recoveries under the Plan are within the range of recoveries in other scenarios presented in the best interests tests analyses, which are attached as Exhibit P to the Disclosure Statement." *Id.*

19.     However, while the FOMB asserts that Mr. Shah was paid for ongoing advisory work for the FOMB prior to this litigation on other issues, *see* Opposition ¶¶ 13, 26, Mr. Shah's analyses as found within Exhibit P to the Disclosure Statement were not related to any other work that he or his co-authors at McKinsey & Company previously performed for the FOMB. Conde

Torres Decl. Ex. A,[13] (Shah Depo. Tr. 36:6-22). Instead, Mr. Shah was selected to separately prepare a distinct analysis of the likely recoveries that creditors could receive outside of the Title III cases, *see id.* at 49:16-18, in support of the Disclosure Statement for the Title III Proceedings, and then was designated as a FRCP 26(a)(2)(C) expert witness to testify to those analyses. While compensated expert witnesses are unquestionably percipient witnesses to their own efforts of compiling their reports in preparation for testimony, first-hand experience with compiling an expert report is not a proper basis for designation as a FRCP 26(a)(2)(C) witness. *See Downey*, 633 F.3d at 8 n.5.

20.     Additionally, to the extent that Mr. Shah will provide expert opinion regarding the analyses in his report, as admitted in his deposition, Mr. Shah relied on and adopted numerous assumptions from counsel and/or others to develop his report including, *e.g.*, regarding the amount of cash the Commonwealth should retain for minimum liquidity, which funds constitute the "resource envelope" available for distribution to creditors, and creditor priorities. Ex. A, (Shah Depo. Tr. 125:23-134:23, 137:5-138:1, 139:9-141:25). Indeed, Mr. Shah was not aware of the best interests test and disavowed the cover sheet counsel for the FOMB placed on top of his report, noting that he considered only the nonbankruptcy scenario. *See id.* at 148:23-150:25. While the DRA Parties cannot be sure whether any purported expert opinion provided in Mr. Shah's witness declaration will mirror the analyses in his report, offering expert opinions based on facts, or other assumptions, delivered by others is the domain of FRCP 26(a)(2)(B) expert witnesses, not non-reporting witnesses. *See Saucedo*, 2018 WL 1175066, at *2. Because Mr. Shah had no involvement

---

[13]     All exhibit references are to exhibits to the *Declaration of Carmen D. Conde Torres in Support of the DRA Parties' Reply to the Memorandum of Law Opposing DRA Parties' Motion in Limine to Exclude Certain FRCP 26(a)(2)(C) Expert Witnesses or Testimony* ("**Conde Torres Decl.**"), filed simultaneously herewith.

in the daily work of the FOMB on the issues he is now presented to offer opinion testimony for, his testimony must be precluded.

### B.    Mr. Malhotra Provided Insufficient Disclosures and Does Not Qualify As A FRCP 26(a)(2)(C) Expert.

21.    The FOMB identified three topics Mr. Malhotra may provide expert testimony on, providing a cursory, *one-sentence*, description of each. Dkt. No. 18097, at 6-7. The basis for his opinion testimony regarding these topics appears to be an analysis relying at least in part on various work prepared by others and provided to him. Ex. B, (Malhotra Depo. Tr. 93:6-96:10, 96:24-100:21, 125:17-127:21, 129:5-130:10). Further, it appears that his intended testimony will be based on his past "experience in providing financial restructuring advisory services in public sector restructuring," Dkt. No. 18097 at 6, as well as certain assumptions in the Debtors' restructuring. *See* Ex. B, (Malhotra Depo. Tr. 96:5-15). While, based on Mr. Malhotra's deposition, at least some of his expert opinions appear to have been developed only in connection with the drafting of his testimony, *See id.* at 139:21-140:3; what remains unclear, is the extent Mr. Malhotra himself played a role in developing or analyzing any of these assumptions outside of the context of the current litigation. Notably, the FOMB's disclosures do not provide any information as to Mr. Malhotra's contemporaneous involvement in these issues. *See generally* Dkt. No. 18097.

22.    Throughout his deposition, Mr. Malhotra repeatedly referred to himself as a "nonretained expert," *see, e.g.*, *id.* at 73:2-6, 160:8-16, a phrase that he heard for the first time "a few weeks [prior to his deposition]" from his counsel. *See id.* at 160:18-161:3. Nevertheless, Mr. Malhotra confirmed that he was being compensated for both drafting his declaration and providing his "nonretained expert opinion" testimony.[14] *See id*. at 72:14-75:9. As Mr. Malhotra is not an

---

[14]    Mr. Malhotra was deposed on October 15, 2021, roughly 16 days after the DRA Parties submitted the Motion. It is unclear whether Mr. Malhotra first learned of the phrase "non-retained expert" prior to the DRA Parties' submission of the Motion.

employee of the FOMB, his role as a compensated expert witness crafting opinion based on "facts [assumptions or opinions] supplied by others," in addition to the experience he developed prior to this litigation, renders him an improperly designated FRCP 26(a)(2)(B) witness, regardless of whether he was instructed to refer to himself as a "nonretained expert." *See Saucedo*, 2018 WL 1175066, at *2.

### C.   Mr. Herriman Provided Insufficient Disclosures and Does Not Qualify As A FRCP 26(a)(2)(C) Expert.

23.     Mr. Herriman was identified as a FRCP 26(a)(2)(C) expert by the FOMB, with a three sentence disclosure that failed to meet the requirements of FRCP 26(a)(2)(C) or to meaningfully apprise as to the substance of, and bases for, the expert opinion that Mr. Herriman intends to provide. Motion, at 13; Dkt. No. 18097, at 5. It is patently unclear what, if any, expert testimony Mr. Herriman seeks to provide, and what, if anything, Mr. Herriman will base such expert opinion on. In fact, the FOMB asserts that the disclosed subject matter topics of his testimony therein "[are] entirely factual and, arguably, [do] not involve any expert opinions at all." *See* Opposition ¶ 26.

24.     Moreover, aside from the indeterminate expert opinion testimony, the disclosure appears to indicate that Mr. Herriman will be basing his purported expert opinion testimony not on first-hand, direct knowledge but rather his later "review and analysis" of, presumptively, information provided to him by others in anticipation of his testimony, as well as his prior experience in complex restructuring. Dkt. No. 18097, at 5. The FOMB provided no information in the disclosure as to Mr. Herriman's contemporaneous involvement with the issues underlying his opinion testimony. Mr. Herriman is therefore, assuming he qualifies to provide expert testimony at all, an FRCP 26(a)(2)(B) expert witness who failed to provide a report and must be precluded. *See Saucedo*, 2018 WL 1175066 at *2 (citing *Downey*, 633 F.3d at 7) (witness properly designated

under FRCP 26(a)(2)(C) because, *inter alia*, his opinions resulted from first-hand experience and not from "facts supplied by others . . . ."); *Burwell*, 2015 WL 13684874, at *3.

25.    After filing the Motion, and with reservation of all rights, the DRA Parties agreed to withhold their notice of deposition of Mr. Herriman based on a written representation from the FOMB regarding the scope of his potential testimony. *See* Ex. C, (10/7/2021 Email from L. Stafford to T. Mott); Opposition ¶¶ 26, 35. However, because the DRA Parties cannot be sure that Mr. Herriman's declaration will remain consistent with the scope of the written representation until the declaration is filed, the DRA Parties continue to object to the FOMB's inadequate disclosures regarding, and improper designation of, Mr. Herriman.[15]

**D.    The DRA Parties Have Been Prejudiced By the FOMB's Insufficient Disclosures and Improper Witness Designations**

26.    Despite the FOMB's contentions to the contrary, Opposition ¶¶ 32-35, the DRA Parties have been highly prejudiced by the FOMB's insufficient disclosures. The DRA Parties had to take depositions, rebut experts' opinions, evaluate the assumptions and facts on which the purported experts' testimony is based, file *Daubert* motions, and determine if the witnesses are properly designated experts—all without the information that should have been available to them. And the deadlines set in the Procedures Orders for most of these pre-Confirmation Hearing decisions and actions have now passed.

27.    As established in the Motion, the DRA Parties expected to learn through depositions whether the FOMB's purported FRCP 26(a)(2)(C) expert witnesses were properly

---

[15]    The DRA Parties are filing this Reply on October 22, 2021 in accordance with the deadline set in the Procedures Order. Dkt. No. 18393-1 ¶ 3. At the time of preparing to file, Mr. Herriman's witness declaration has not yet been filed. To the extent that Mr. Herriman's testimony exceeds the scope provided by the written representation, the DRA Parties reserve the right to challenge the additional testimony and to reassert their right to depose Mr. Herriman and rebut the additional proffered testimony. Alternatively, if the scope of Mr. Herriman's testimony remains consistent with the written representation, the DRA Parties reserve the right to withdraw this part of the Motion at that time.

designated. *See, e.g.*, Motion, at 17. Subsequently, the DRA Parties took depositions of Messrs. Malhotra and Shah. These depositions revealed that these witnesses were not properly designated FRCP 26(a)(2)(C), witnesses but rather traditional experts, who were delivered numerous facts, assumptions, or other information in furtherance of their analyses or testimony. *See, e.g.,* Ex. B, (Malhotra Depo. Tr. 94:17-99:11, 120:16-23, 123:10-125:13); Ex. A, (Shah Depo. Tr. 125:23-134:23, 137:5-138:1, 139:9-141:25). Further prejudicing the DRA Parties, despite the FOMB agreeing to provide the materials on which the these witnesses relied, as of the time of preparing to file this Reply,[16] the FOMB has not provided the DRA Parties with those materials. As such, on the deadline to provide their witness and exhibit lists for trial, the DRA Parties still have not had an opportunity to fully evaluate the bases and assumptions underlying the analysis of the three witnesses challenged herein or meaningfully evaluate any purported expert testimony to which they will opine.

**IV.    Opinion Testimony Of Properly Designated 26(a)(2)(C) Witnesses, If Any, Must Be Limited To The Opinions They Formed During Their Personal Involvement In The Facts At Issue.**

28.    Even assuming, *arguendo*, that the Court finds any of these witnesses to have been properly designated under FRCP 26(a)(2)(C), such witnesses may only testify to opinions grounded in their first-hand observations or developed during their personal involvement with the facts at issue. *See Downey*, 633 F.3d at 6-7; *Wai Feng Trading Co.*, 2018 U.S. Dist. LEXIS 215311, at *4-5, 19.

**A.    Any Allowed Expert Testimony of Mr. Shah Must Be Limited To His Personal Observations and Experience.**

---

[16]    The DRA Parties are filing this Reply on October 22, 2021 in accordance with the deadline set in the Procedures Order. Dkt. No. 18393-1 ¶ 3. At the time of preparing to file, the DRA Parties have not received this information from the FOMB.

29.     For Mr. Shah, as described herein, his first-hand observation appears limited to the preparation of the report from which he purports to offer expert opinion. His first-hand experience does not extend to the formation of the assumptions and bases he was delivered, nor to any other facts or data that he was provided. Opinions regarding these and any other assumptions or facts that were *delivered to* Mr. Shah, as opposed to *observed by* Mr. Shah, are inappropriate bases for FRCP 26(a)(2)(C) expert witness testimony. *See Downey*, 633 F.3d at 6-7; *Wai Feng Trading Co.*, 2018 U.S. Dist. LEXIS 215311, at *4-5, 19.

### B.     Any Allowed Expert Testimony of Mr. Malhotra Must Be Limited To His Personal Observations And Experience.

30.     As demonstrated above, Mr. Malhotra's expert opinion appears to be based, at least in part, on an analysis of facts, assumptions, and work product prepared by others. FRCP 26(a)(2)(C) requires Mr. Malhotra be precluded from providing any opinion testimony grounded in assumptions, facts, or similar that he did not have first-hand experience with and not permitted to opine as to assumptions or facts provided to him by others.

### C.     Any Allowed Expert Testimony of Mr. Malhotra Must Be Limited To His Personal Observations And Experience.

31.     Similarly, even if Mr. Herriman is allowed to provide expert testimony, the scope of that testimony must be limited to events in which he personally participated or observed under FRCP 26(a)(2)(C). Mr. Herriman must be precluded from purporting to offer expert testimony as to facts, analyses, or assumptions that he received from others or only encountered in preparing for his testimony.

## <u>CONCLUSION</u>

For the reasons stated in the Motion and this Reply, the DRA Parties respectfully request that the Court order the relief requested in the Motion.

Dated: October 22, 2021
        In San Juan, Puerto Rico.

**MCCONNELL VALDÉS LLC**

270 Muñoz Rivera Avenue, Suite 7
Hato Rey, Puerto Rico 00918
P.O. Box 364225
San Juan, PR 00936-4225
Tel:    787-250-5632
Fax:    787-759-9225

By:     */s/ Arturo J. García-Solá*
Arturo J. García-Solá
(USDC No. 201903)
E-mail: ajg@mcvpr.com

*/s/ Alejandro J. Cepeda-Díaz*
Alejandro J. Cepeda-Díaz
(USDC No. 222110)
E-mail: ajc@mcvpr.com

*/s/ Nayuan Zouairabani*
Nayuan Zouairabani
(USDC No. 226411)
E-mail: nzt@mcvpr.com

***Attorneys for AmeriNational Community
Services, LLC, as Servicer for the GDB Debt
Recovery Authority***

**C. CONDE & ASSOC. LAW OFFICES**

By:     */s/ Carmen D. Conde Torres*
Carmen D. Conde Torres
(USDC No. 207312)

*/s/  Luisa S. Valle Castro*
Luisa S. Valle Castro
(USDC No. 215611)

254 San José Street
Suite 5
San Juan, PR 00901-1523
Tel:    787-729-2900
Fax:    787-729-2203
E-mail: condecarmen@condelaw.com

-and-

**SCHULTE ROTH & ZABEL LLP**

By:     */s/ Douglas S. Mintz*
Douglas S. Mintz (admitted *pro hac vice*)
Noah N. Gillespie (admitted *pro hac vice*)
901 Fifteenth Street, NW, Suite 800
Washington, DC 20005
Tel:    202-729-7470
Fax:    202-730-4520
E-mail: douglas.mintz@srz.com
        noah.gillespie@srz.com

-and-

Douglas Koff (admitted *pro hac vice*)
Taleah Jennings (admitted *pro hac vice*)
Abbey Walsh (admitted *pro hac vice*)
Peter J. Amend (admitted *pro hac vice*)
919 Third Avenue
New York, NY 10022
Tel:    212-756-2000
Fax:    212-593-5955

E-mail:     douglas.koff@srz.com
            abbey.walsh@srz.com
            peter.amend@srz.com

1

*Attorneys for Cantor-Katz Collateral Monitor*
*LLC, as Collateral Monitor for the GDB Debt*
*Recovery Authority*

**<u>Certificate of Service</u>**

I hereby certify that, on October 22, 2021, I caused the foregoing document to be

electronically filed with the Clerk of the Court using the CM/ECF system, which will send

notification of such filing to all CM/ECF participants in this case.

*/s/ Carmen D. Conde Torres*
Carmen D. Conde Torres

4