# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*

    Debtors.[1]

-------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

## AFFIDAVIT OF PUBLICATION AND RADIO ADVERTISEMENTS

I, Christina Pullo, declare and state as follows:

1.    I am a Managing Director, Head of Corporate Actions at Prime Clerk LLC ("***Prime Clerk***"), the Solicitation, Notice, and Claims Agent for the Debtors in the above-captioned cases under Title III of the Puerto Rico Oversight, Management, and Economic Stability Act (PROMESA).

*[Remainder of Page Intentionally Left Blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

2.      This Affidavit of Publication includes verification that the *Notice of (I) Approval of Disclosure Statement, (II) Establishment of Record Dates, (III) Hearing on Confirmation of the Plan of Adjustment and Procedures for Objection to Confirmation of the Plan of Adjustment, (IV) Procedures and Deadline for Voting on the Plan of Adjustment and Making Certain Elections Thereunder* (the "***Notice of Confirmation Hearing***") was published on September 1, 2021 in the National Edition of *The New York Times* and in *Bond Buyer* as described (respectively) on **Exhibit A** and **Exhibit B** attached hereto.

3.      This Affidavit of Publication includes verification that the *Notificación de (I) la Aprobación de la Declaración de Divulgación, (II) el Establecimiento de las Fechas de Registro, (III) la Vista de Confirmación del Plan de Ajuste y los Procedimientos de Objeción a la Confirmación del Plan de Ajuste, (IV) los Procedimientos y la Fecha Límite para Votar Sobre el Plan de Ajuste y la Realización de Determinadas Elecciones en Virtud de Dicho Voto* (the "***Notice of Confirmation Hearing (ES)***") was published on September 1, 2021 in *El Nuevo Herald*; *El Diario NY*; *El Nuevo Dia*; *El Vocero de Puerto Rico*; and *Primera Hora* as described (respectively) on **Exhibit C** through **Exhibit G** attached hereto.

4.      This Affidavit of Publication includes verification that the Notice of Confirmation Hearing was published on September 2, 2021 in *Caribbean Business* as described on **Exhibit H** attached hereto.

5.      This Affidavit of Publication includes verification that the *Notice of Confirmation Hearing* was published on September 15, 2021 in the National Edition of *The New York Times* and in *Bond Buyer* as described (respectively) on **Exhibit I** and **Exhibit J** attached hereto.

6.      This Affidavit of Publication includes verification that the Notice of Confirmation Hearing (ES) was published on September 15, 2021 in *El Nuevo Herald*; *El Diario NY*; *El Nuevo Dia*; *El Vocero de Puerto Rico*; and *Primera Hora* as described (respectively) on **Exhibit K** through **Exhibit O** attached hereto.

7.      This Affidavit of Publication includes verification that the Notice of Confirmation Hearing was published on September 16, 2021 in *Caribbean Business* as described on **Exhibit P** attached hereto.

8.      This Affidavit of Publication includes verification that the Notice of Confirmation Hearing was published on September 29, 2021 in the National Edition of *The New York Times* and in *Bond Buyer* as described (respectively) on **Exhibit Q** and **Exhibit R** attached hereto.

9.      This Affidavit of Publication includes verification that the Notice of Confirmation Hearing (ES) was published on September 29, 2021 in *El Nuevo Herald*; *El Diario NY*; *El Nuevo Dia*; *El Vocero de Puerto Rico*; and *Primera Hora* as described (respectively) on **Exhibit S** through **Exhibit W** attached hereto.

10.     This Affidavit of Publication includes verification that the Notice of Confirmation Hearing was published on September 30, 2021 in *Caribbean Business* as described on **Exhibit X** attached hereto.

11.     Further, Prime Clerk received confirmation that a total of seventy-two (72) sixty-second (60-second) radio advertisements aired during the periods from (i) August 29, 2021 up to and including September 4, 2021; (ii) September 12, 2021 up to and including September 18, 2021; and (iii) September 26, 2021 up to and including October 2, 2021, on (a) WMEG FM (contemporary hit radio) in Spanish and (b) WKAQ AM (Spanish language talk radio) in Spanish, informing listeners of (i) the approval of the Disclosure Statement[2] and the scheduling of the Confirmation Hearing, (ii) the date by which Confirmation Objections must be filed and served, (iii) the Voting Deadline and the Election Deadline, and (iv) an information hotline to receive certain additional information.

*[Remainder of Page Intentionally Left Blank / Signature Page to Follow]*

---

[2]     Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Plan, Disclosure Statement Order, or Notice of Confirmation Hearing.

12.     I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct and that, if called as a witness, I could and would competently testify thereto.

Dated: October 22, 2021

/s/Christina Pullo
Christina Pullo

State of New York
County of New York

Subscribed and sworn (or affirmed) to me on October 22, 2021, by Christina Pullo, proved to me on the basis of satisfactory evidence to be the person who executed this affidavit.

/s/ Liz Santodomingo
Notary Public, State of New York
No. 01SA6301250
Qualified in New York County
Commission Expires April 14, 2022

**Exhibit A**

*The New York Times*

**(September 1, 2021)**



620 8TH AVENUE · NEW YORK, NY 10018

# PROOF OF PUBLICATION

Sep-29, **20**²¹

I, Edgar Noblesala, in my capacity as a Principal Clerk of the Publisher of *The New York Times* a daily newspaper of general circulation printed and published in the City, County and State of New York, hereby certify that the advertisement annexed hereto was published in the editions of *The New York Times* on the following date or dates, to wit on

Sep 1, 2021, NYT & Natl, pg B3, -- Sep 15, 2021, NYT & Natl, pg B3

Sep 29, 2021, NYT & Natl, pg B3

Sworn to me this 29th day
of September, 2021

*Ellen Herb*

Notary Public

Ellen Herb
Notary Public, State of New York
No. 01HE6163785
Qualified in New York County
Commission Expires April 2, 2023

**MEDIA**

# Sony Announces Departure of Richards as Executive Producer of 'Jeopardy!'

FROM FIRST BUSINESS PAGE

quit the hosting job on Aug. 20, days after a report by The Ringer revealed offensive and sexist comments he had made on a podcast several years ago, the latest in a series of scandals that tarred his brief tenure.

Top executives at Sony had initially signaled support for Mr. Richards to stay on as executive producer even after he stepped down as host. But they eventually came to believe his continued presence would be untenable, according to a person with knowledge of the matter, who requested anonymity to describe sensitive internal discussions.

Crew members confronted Mr. Richards on Aug. 19 in an emotional meeting, where they expressed dismay at his past behavior and said it had imperiled the show's reputation. An all-hands call last week that included Mr. Richards left some staff members demoralized. Some "Jeopardy!" fans also said they were confused as to why Mr. Richards was being allowed to stay on behind the scenes.

A final decision was made over the weekend, the person said.

Mr. Richards is in contact with the powerful Hollywood lawyer Bryan Freedman about negotiating his exit from Sony, according to a person familiar with the discussions. Mr. Freedman also represented the former NBC News anchor Megyn Kelly and Chris Harrison, the former host of "The Bachelor," after their own abrupt ousters.

Mr. Richards taped one week's worth of "Jeopardy!" episodes in a single day of filming before Sony announced that he had ceded the hosting job. (Those episodes are still set to air the week of Sept. 13.) The sitcom star Mayim Bialik is expected to remain as the host of "Jeopardy!" prime-time specials, but Sony has said it would resume the search for a replacement for Mr. Trebek's weeknight slot. Ms. Bialik will be the first guest host of the regular program in place of Mr. Richards.

The competition to replace Mr. Trebek, who died in 2020 after serving as the show's host for 37 years, captivated "Jeopardy!" fans and featured a parade of potential successors including the former contestant Ken Jennings and the actor LeVar Burton.

But it was Mr. Richards who won out, despite having virtually no name recognition among viewers and the fact that, as the show's executive producer, he had overseen elements of the replacement process. Old lawsuits also resurfaced from Mr. Richards's last job running "The Price Is Right" that included accusations of sexist behavior.

JEOPARDY!

CAROL KAELSON, VIA REUTERS

Mike Richards is exiting "Jeopardy!" less than two weeks after he stepped down as host to replace Alex Trebek.

"Jeopardy!" first aired in 1964 and became a beloved TV institution that still draws millions of weekly viewers. The furor surrounding Mr. Richards pierced the show's above-the-fray reputation, long cultivated by the understated Mr. Trebek, and subjected it to intense debates about diversity, privilege and behavior in the modern workplace.

Sony's leadership was also facing scrutiny for the mess. "Jeopardy!" had been a reliable jewel in the studio's television portfolio, quietly earning tens of millions of dollars in annual revenue. But its messy succession drama roiled fans and raised questions about why Sony had not discovered Mr. Richards's past offensive behavior before naming him as the new host.

The report in The Ringer revealed offensive comments Mr. Richards made on a podcast, including a 2013 episode where Mr. Richards called his female co-host a "booth slut" because she once worked as a model at a consumer show in Las Vegas. He described women who wear one-piece swimsuits as looking "really frumpy and overweight" and referred to stereotypes about Jews and large noses, prompting outrage from the Anti-Defamation League.

Mr. Richards, in a memo to the "Jeopardy!" staff on Aug. 20 announcing he would step down as host, wrote that "it pains me that these past incidents and comments have cast such a shadow on 'Jeopardy!' as we look to start a new chapter."

He closed the memo by writing, "I know I have a lot of work to do to regain your trust and confidence."

One prominent former contestant, James Holzhauer, who first appeared on "Jeopardy!" in 2019, seemed to rejoice on social media at the news of Mr. Richards's exit, suggesting that he might not have even watched the show if Mr. Richards had remained involved.

Andy Saunders, who runs the website The Jeopardy! Fan, said on Tuesday that he was relieved and hopeful that peace might be restored at the game show.

"Its reputation has taken a bit of a hit over the past few weeks," he said in an interview. "I'm really looking forward to being able to move on from this. And I'm hopeful that the show has learned from what's happened."

**It's playtime.**

Try the Crossword, the Mini, Spelling Bee and more from anywhere.
**nytimes.com/games**

The New York Times **Games**

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>as representative of<br>THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br>Debtors.[1] | PROMESA<br>Title III<br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT, (II) ESTABLISHMENT OF RECORD DATES, (III) HEARING ON CONFIRMATION OF THE PLAN OF ADJUSTMENT AND PROCEDURES FOR OBJECTION TO CONFIRMATION OF THE PLAN OF ADJUSTMENT, (IV) PROCEDURES AND DEADLINE FOR VOTING ON THE PLAN OF ADJUSTMENT AND MAKING CERTAIN ELECTIONS THEREUNDER**

**VOTING AND ELECTION DEADLINE: 5:00 p.m. (AST) on October 4, 2021**
**OBJECTION DEADLINE: 5:00 p.m. (AST) on October 19, 2021**
**CONFIRMATION HEARING: November 8 – 10, 12, 15 – 18, and 22 - 23, 2021 at 9:30 a.m. (AST)**
If you have any questions regarding this notice, please contact Prime Clerk LLC by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@primeclerk.com.

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. ***Approval of Disclosure Statement.*** By order, dated August 2, 2021 [ECF No. 17639] (the "Disclosure Statement Order"), the United States District Court for the District of Puerto Rico (the "Court") approved the adequacy of the information contained in the *Disclosure Statement for the Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, dated July 30, 2021 (as the same may be amended or modified, including all exhibits and attachments thereto, the "Disclosure Statement"), filed by the Financial Oversight and Management Board on behalf of the Debtors, and authorized the Debtors to solicit votes with respect to the acceptance or rejection of the *Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, dated July 30, 2021 (as the same may be amended or modified, including all exhibits and supplements thereto, the "Plan").[2]

**You may obtain a hard copy of the Plan and Disclosure Statement, including Spanish translations thereof, by contacting the Balloting Agent, Prime Clerk LLC:**
**Telephone (10:00 a.m. to 7:00 p.m. (AST)) (Spanish available):**
**(844) 822-9231 (toll free for U.S. and Puerto Rico)**
**(646) 486-7944 (for international callers)**
**Email: puertoricoinfo@primeclerk.com**
Alternatively, electronic copies of the Disclosure Statement and Plan are available by visiting https://cases.primeclerk.com/puertorico/.

2. Pursuant to the Disclosure Statement Order, the Debtors will mail materials needed for voting on the Plan or making elections on distributions thereunder (the "Solicitation Package") to holders Claims in the following Classes (collectively, the "Voting Classes"):

| | Class | | Class |
|---|---|---|---|
| Vintage PBA Bond Claims | Class 1 | 2011 CW Guarantee Bond Claims | Class 34 |
| Vintage PBA Bond Claims (Assured) | Class 2 | 2011 CW Series D/E/PIB Bond Claims | Class 36 |
| Vintage PBA Bond Claims (National) | Class 3 | 2011 CW Series D/E/PIB Bond Claims (Assured) | Class 37 |
| Vintage PBA Bond Claims (Ambac) | Class 4 | Retail 2011 CW Series D/E/PIB Bond Claims | Class 38 |
| Vintage PBA Bond Claims (FGIC) | Class 5 | 2012 CW Bond Claims | Class 40 |
| Vintage PBA Bond Claims (Syncora) | Class 6 | Retail 2012 CW Bond Claims | Class 41 |
| Retail Vintage PBA Bond Claims | Class 7 | 2012 CW Bond Claims (Assured) | Class 42 |
| 2011 PBA Bond Claims | Class 8 | 2012 CW Guarantee Bond Claims | Class 44 |
| Retail 2011 PBA Bond Claims | Class 9 | 2014 CW Bond Claims | Class 46 |
| 2012 PBA Bond Claims | Class 10 | Retail 2014 CW Bond Claims | Class 47 |
| Retail 2012 PBA Bond Claims | Class 11 | 2014 CW Guarantee Bond Claims | Class 49 |
| PBA/DRA Secured Claims | Class 12 | Retired JRS Participant Below-Threshold Claims | Class 51B |
| PBA General Unsecured Claims | Class 13 | Retired ERS Participant Above-Threshold Claims | Class 51D |
| PBA/DRA Unsecured Claims | Class 14 | Retired JRS Participant Above-Threshold Claims | Class 51E |
| Vintage CW Bond Claims | Class 15 | Retired TRS Participant Above-Threshold Claims | Class 51F |
| Retail Vintage CW Bond Claims | Class 16 | Active ERS Participant Claims | Class 51G |
| Vintage CW Bond Claims (Assured) | Class 17 | Active JRS Participant Claims | Class 51H |
| Vintage CW Bond Claims (National) | Class 18 | Active TRS Participant Claims | Class 51I |
| Vintage CW Bond Claims (Ambac) | Class 19 | VTP Payroll Participant Above-Threshold Claims | Class 51L |
| Vintage CW Bond Claims (FGIC) | Class 20 | AFSCME Claims | Class 52 |
| Vintage CW Bond Claims (Syncora) | Class 21 | Dairy Producer Claims | Class 53 |
| Vintage CW Guarantee Bond Claims | Class 23 | Eminent Domain Claims | Class 54 |
| Vintage CW Guarantee Bond Claims (Assured) | Class 24 | Med Center Claims | Class 56 |
| Vintage CW Guarantee Bond Claims (National) | Class 25 | CW General Unsecured Claims | Class 58 |
| Vintage CW Guarantee Bond Claims (Ambac) | Class 26 | CW/HTA Claims | Class 59 |
| Vintage CW Guarantee Bond Claims (FGIC) | Class 27 | CW/Convention Center Claims | Class 60 |
| Vintage CW Guarantee Bond Claims (Syncora) | Class 28 | CW/PRIFA Rum Tax Claims | Class 61 |
| 2011 CW Bond Claims | Class 30 | CW/MBA Claims | Class 62 |
| Retail 2011 CW Bond Claims | Class 31 | ERS Bond Claims | Class 65 |
| 2011 CW Bond Claims (Assured) | Class 32 | ERS General Unsecured Claims | Class 66 |
| | | Federal Claims | Class 69 |

3. ***Confirmation Hearing.*** A hearing to consider confirmation of the Plan (the "Confirmation Hearing") will be held before The Honorable Laura Taylor Swain, via telephonic hearing through CourtSolutions on **November 8 – 10, 12, 15 – 18, and 22 - 23, 2021 at 9:30 a.m. (Atlantic Standard Time)**.

4. The Confirmation Hearing may be continued from time to time by the Court or the Oversight Board, without further notice or through adjournments announced in open court or as indicated in any notice of agenda of matters scheduled for hearing filed with the Court, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, in accordance with the modification provisions of the Plan and Local Rule 3016-2, without further notice to interested parties.

5. ***Plan Confirmation Depository***. Information relating to confirmation of the Plan is available online in the Plan Confirmation Depository at titleiiiplandataroom.com.

6. ***Confirmation Objection Deadline.*** The Court has established **5:00 p.m. (Atlantic Standard Time) on October 19, 2021** (the "Confirmation Objection Deadline") as the deadline to file objections or responses to confirmation of the proposed Plan.

7. ***Objections and Responses to Confirmation.*** Objections and responses to confirmation of the Plan must:

a. Be in writing, in English, and signed;

b. State the name, address, and nature of the Claim of the objecting or responding party;

c. State with particularity the basis and nature of any objection or response and include, where appropriate, proposed language to be inserted in the Plan to resolve any such objection or response;

d. Be filed electronically with the Court on the docket of *In re Commonwealth of Puerto Rico*, Case No. 17 BK 3283-LTS, through the Court's case filing system in searchable portable document format **on or before October 19, 2021 at 5:00 p.m. (Atlantic Standard Time)**.

i. If you are not an attorney who is a registered user of the Court's case filing system, you may instead mail your objection to the Court's Clerk's office at:

United States District Court, Clerk's Office
150 Ave. Carlos Chardon Ste. 150,
San Juan, P.R. 00918-1767

so as to be received **on or before October 19, 2021 at 5:00 p.m. (Atlantic Standard Time)**, and

e. Be served upon the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: In re: Commonwealth of Puerto Rico) so as to be received on or before the Final Confirmation Objection Deadline.

8. ***Participation in Confirmation Discovery***. If you wish to participate in discovery in connection with confirmation of the Plan, you must file a notice of your intention to participate in discovery (a "Discovery Notice"), a form of which is available at https://cases.primeclerk.com/puertorico/. If you file your Discovery Notice on or before **August 15, 2021**, you may be granted access to documents in the Plan Depository, where information and documents concerning the Plan are kept, and will also be able to serve your own discovery requests. If you file your Discovery Notice **after August 15, 2021, but on or before October 19, 2021**, you may be granted access to documents in the Plan Depository. Please note that access to the information in the Plan Depository may also require complying with the Debtors' access requirements.

9. You must submit the Discovery Notice in the form provided on the Title III Case website above, which must:

a. Be in writing, in English, and be signed;

b. State your name, address, the nature of your Claim, and your Claim number;

c. State your intention to participate in discovery in connection with confirmation of the Plan; and

d. Be filed electronically with the Court on the docket using the CM/ECF docket event Notice of Intent to Participate in Discovery for Commonwealth Plan Confirmation, in *In re Commonwealth of Puerto Rico,* Case No. 17 BK 3283-LTS, through the Court's case filing system on or before the applicable deadline.

i. If you are not represented by counsel, you may instead mail your Discovery Notice to the Court's Clerk's office at:

United States District Court, Clerk's Office
150 Ave. Carlos Chardon Ste. 150
San Juan, P.R. 00918-1767

so as to be received on or before the applicable deadline.

10. **You must timely file a Discovery Notice to participate in discovery in connection with confirmation of the Plan**. Failure to timely file a Discovery Notice, however, will not preclude you from filing an objection to confirmation of the Plan on or before the Confirmation Objection Deadline, but will preclude you from being able to view documents in the Plan Depository, and from taking discovery.

11. ***Discovery Timetable and Deadlines***. The Court has established the following discovery dates and deadlines, which are applicable to the Debtors and to other parties in interest who have timely filed a Discovery Notice and are eligible to participate in discovery:[3]

**Summary of Certain Deadlines**

| | |
|---|---|
| **August 3, 2021** | Deadline for the Debtors to file a preliminary fact witness list and topics about which each witness will testify ("Debtors' Preliminary Fact Witness List"). |
| | Deadline for the Debtors to file an opening summary brief explaining what the Debtors expect to prove at confirmation. |
| **August 6, 2021** | Opening date for all parties to serve initial requests for production of non-depository documents ("Initial Production Requests"). Creditors and parties in interest may serve Initial Production Requests only following their filing of a Notice of Intent to Participate in Discovery (as defined below). Responses and objections to such Initial Production Requests shall be served within seven (7) days of service of such Requests. |
| **August 15, 2021** | Deadline for Eligible Creditors and parties in interest to file a "Notice of Intent to Participate in Discovery," also known as a "Discovery Notice." Only parties who file a timely Notice of Intent to Participate in Discovery can propound discovery, but failure to do so does not preclude a party from objecting to confirmation of the Plan. |
| **September 6, 2021** | Deadline for Eligible Creditors to file a preliminary fact witness list and topics about which each witness is expected to testify (an "Eligible Creditor's Preliminary Fact Witness List"). |
| | Deadline for all parties to serve opening expert disclosures ("Opening Expert Disclosures"). |
| **September 13, 2021** | Deadline for all parties to serve opening expert reports ("Opening Expert Reports"). |
| | Deadline for all parties to serve initial notices of deposition, topics and requested times for depositions ("Initial Notices of Deposition") (all parties are limited to seven (7)-hour time limit for depositions). Subsequent notices are allowed provided discovery is completed within time allowed. |
| **September 30, 2021** | Deadline for all parties to file *Daubert* motions and motions *in limine*. |
| **October 1, 2021** | Deadline for all parties to serve up to fifteen (15) interrogatories ("Interrogatories"), including subparts. Responses and objections to such Interrogatories shall be served within ten (10) days of service of such Interrogatories. |
| **October 4, 2021** | Deadline for all parties to serve rebuttal expert disclosures ("Rebuttal Expert Disclosures"). |
| | Deadline for all parties to file any follow-up requests for production ("Follow-Up Production Requests," and collectively with Initial Production Requests, "Production Requests"). |
| **October 8, 2021** | Deadline for all parties to file rebuttal expert reports ("Rebuttal Expert Reports"). |
| | Deadline for the Debtors to file an initial proposed order in support of confirmation of the Plan (the "Initial Proposed Confirmation Order"). |
| **October 11, 2021** | Deadline for all parties to serve requests for admission, limited to authentication of documents ("Admission Requests"). |
| | Completion of fact discovery (the "Fact Discovery Deadline"). |
| **October 15, 2021** | Deadline for all parties to file oppositions to *Daubert* motions and motions *in limine*. |
| **October 18, 2021** | Completion of expert discovery (the "Expert Discovery Deadline"). |
| **October 19, 2021** | Deadline for Eligible Creditors to file objections to confirmation of the Plan ("Objections"). |
| | Deadline to file Notice of Intent to Participate in Discovery or Discovery Notice for Eligible Creditors who solely want access to documents in the Plan Depository. |
| **October 22, 2021** | Deadline for Eligible Creditors to file objections to the Initial Proposed Confirmation Order. |
| | Deadline for all parties to file finalized witness lists, exhibit lists and deposition designations. |
| | Deadline for all parties to file replies to *Daubert* motions and motions *in limine*. |
| **October 25, 2021** | Deadline for all parties to file witness declarations to be used at the Confirmation Hearing ("Witness Declarations"). |
| | Deadline for Debtors to file initial proposed findings of fact and conclusions of law in support of confirmation of the Plan (the "Initial Findings of Fact and Conclusions of Law"). |
| **October 27, 2021** | Deadline for Debtors to file Replies in Support of the Proposed Confirmation Order, and for Debtors to file Replies to Objections to Confirmation of the Plan. |
| **October 30, 2021** | Deadline for all parties to serve counter-designations, objections to deposition designations, or objections to exhibit lists. |
| **November 1, 2021** | Virtual hearing on motions *in limine*. |
| **November 8, 2021** | Start of Confirmation Hearing. |

12. ***Voting Record Date.*** The voting record date is **July 13, 2021** (the "Voting Record Date"), which is the date for determining which holders of Claims in Voting Classes (except Bond Classes,[4] Class 51, and Class 52) are entitled to vote on the Plan. Therefore, only those creditors in a Class entitled to vote on the Plan and holding Claims against the Debtors (except in the Bond Classes, Class 51, and Class 52) as of the Voting Record Date are entitled to vote on the Plan.

13. ***Voting Deadline.*** The deadline for voting on the Plan is on **October 4, 2021, at 5:00 p.m. (Atlantic Standard Time)**, unless such time is extended (the "Voting Deadline"). ***You are not required to vote on the Plan to receive distributions pursuant to the terms of the Plan, if confirmed by the Court, and provided you hold an Allowed Claim.***

14. If you received a Solicitation Package, including a Ballot or Notice and intend to vote on the Plan, you ***must***: (a) follow the instructions carefully; (b) complete ***all*** of the required information on the Ballot (as applicable); and (c) either (i) execute and return your completed Ballot according to and as set forth in detail in the voting instructions included in the Solicitation Package so that your Ballot is ***actually received*** by the Debtors' solicitation agent, Prime Clerk (the "Balloting Agent") on or before the Voting Deadline, or (ii) instruct your broker or nominee (each, a "Nominee") to electronically deliver your bonds via the Automated Tender Offer Program ("ATOP") at The Depository Trust Company ("DTC") in accordance with your desire to vote to accept or reject the Plan on or before the Voting Deadline. ***Failure to follow such instructions may disqualify your vote.***

15. ***Election Deadline.*** The deadline for holders of eligible Bond Claims that have the right to make an election of the form of distributions under the Plan to make such election is on **October 4, 2021, at 5:00 p.m. (Atlantic Standard Time)**, unless such time is extended (the "Election Deadline"). If you received a Notice with an option to make an election, you ***must***: (a) follow the instructions carefully; and (b) deliver ***all*** of the required information according to and as set forth in detail in the election instructions so that it is received by your Nominee in sufficient time for your Nominee to ***actually effectuate*** your election through DTC's ATOP on or before the Election Deadline.

16. ***Parties in Interest Not Entitled to Vote.*** Creditors in the following Classes are deemed to reject the Plan and not entitled to vote:

- Class 63 (CW Appropriations Claims), and
- Class 64 (CW 510(b) Subordinated Claims).

17. Creditors in the following Classes are deemed to accept the Plan and not entitled to vote, but will receive distributions pursuant to the terms of the Plan, if confirmed by the Court:

- Class 51A (Retired ERS Participant Below-Threshold Claims),
- Class 51C (Retired TRS Participant Below-Threshold Claims),
- Class 51J (System 2000 Participant Claims),
- Class 51K (VTP Payroll Participant Below-Threshold Claims),
- Class 55 (Energy Incentive Claims),
- Class 57 (Tax Credit Claims),
- Class 67 (Gracia-Gracia Claims), and
- Class 68 (Convenience Claims).

18. If a Claim is listed on the Debtors' list of creditors [Case No. 17-3283, ECF Nos. 1215, 1316, 2582, 10708] as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the earlier of the applicable bar date for the filing of proofs of claim established by the Court or the Voting Record Date (as applicable); or (ii) deemed timely filed by an order of the Court prior to the Voting Record Date, such Claim shall not be entitled to vote to accept or reject the Plan. Proofs of claim filed for $0.00 or Claims that have been expunged by order of the Court are also not entitled to vote.

19. If you are in Classes 63 or 64, or have timely filed a proof of claim and disagree with the Debtors' classification of, objection to, or request for estimation of your Claim and believe you should be entitled to vote on the Plan, you must serve the Debtors and the U.S. Trustee (address listed in paragraph 7(e) above) and file with the Court (with a copy to Chambers) a motion (a "Rule 3018(a) Motion") for an order pursuant to Rule 3018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") temporarily allowing your Claim in a different amount or in a different Class for purposes of voting to accept or reject the Plan. All Rule 3018(a) Motions must be filed on or before the tenth (10th) day after the later of (i) service of this Confirmation Hearing Notice and (ii) service of notice of an objection or request for estimation, if any, as to such Claim. In accordance with Bankruptcy Rule 3018(a), as to any creditor filing a Rule 3018(a) Motion, such creditor's Ballot will not be counted except as may be otherwise ordered by the Court prior to the Voting Deadline (**October 4, 2021 at 5:00 p.m. (Atlantic Standard Time)**). Creditors may contact the Balloting Agent (i) via first class mail or via overnight courier, at Puerto Rico Ballot Processing, C/O Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, (ii) by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or (iii) by email at puertoricoinfo@primeclerk.com, to receive an appropriate Ballot for any Claim for which a proof of claim has been timely filed and a Rule 3018(a) Motion has been granted. Rule 3018(a) Motions that are not timely filed and served in the manner set forth herein shall not be considered.

20. If you wish to have your Claim temporarily allowed for voting purposes pursuant to Bankruptcy Rule 3018(a), a form of Rule 3018(a) motion together with instructions for filing and serving the motion is available at https://cases.primeclerk.com/puertorico/.

21. ***Parties Who Will Not Be Treated as Creditors.*** Any holder of a Claim that (i) is scheduled in the List of Creditors at $0.00 and is not the subject of a timely filed proof of Claim or a proof of claim deemed timely filed with the Court pursuant to either the Bankruptcy Code or any order of the Court, or otherwise deemed timely filed under applicable law, or (ii) is not scheduled and is not the subject of a timely filed proof of claim or a proof of claim deemed timely filed with the Court pursuant to either the Bankruptcy Code or any order of the Court, or otherwise deemed timely filed under applicable law, shall not be treated as a creditor with respect to such Claim for purposes of (a) receiving notices regarding the Plan, and (b) voting on the Plan.

22. ***Additional Information.*** Any party in interest wishing to obtain information about the solicitation procedures or copies of the Disclosure Statement or the Plan, including Spanish translations thereof, should contact the Balloting Agent, Prime Clerk LLC, by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@primeclerk.com, or may view such documents by accessing either https://cases.primeclerk.com/puertorico/ or the Court's website, https://www.prd.uscourts.gov/. Please note that a Public Access to Court Electronic Records ("PACER") (http://www.pacer.psc.uscourts.gov) password and login are needed to access documents on the Court's website.

23. ***Bankruptcy Rules 2002(c)(3) and 3016(c)).*** **In accordance with Bankruptcy Rules 2002(c)(3) and 3016(c), set forth below are the release, exculpation, and injunction provisions contained in the Plan:**

**Section 92.2 – Discharge and Release of Claims and Causes of Action**:

(a) Except as expressly provided in the Plan or the Confirmation Order, all distributions and rights afforded under the Plan shall be, and shall be deemed to be, in exchange for, and in complete satisfaction, settlement, discharge and release of, all Claims or Causes of Action against the Released Parties that arose, in whole or in part, prior to the Effective Date, relating to the Title III Cases, the Debtors or Reorganized Debtors or any of their respective Assets, property, or interests of any nature whatsoever, including any interest accrued on such Claims from and after the Petition Date, and regardless of whether any property will have been distributed or retained pursuant to the Plan on account of such Claims or Causes of Action. Upon the Effective Date, the Debtors and Reorganized Debtors shall be deemed discharged and released from any and all Claims, Causes of Action and any other debts that arose, in whole or in part, prior to the Effective Date (including prior to the Petition Date), and Claims of the kind specified in sections 502(g), 502(h) or 502(i) of the Bankruptcy Code and PROMESA Section 407, whether or not (a) a proof of claim based upon such Claim is filed or deemed filed under section 501 of the Bankruptcy Code, (b) such Claim is allowed under section 502 of the Bankruptcy Code and PROMESA Section 407 (or is otherwise resolved), or (c) the holder of a Claim based upon such debt voted to accept the Plan. For the avoidance of doubt, nothing contained herein or in the Confirmation Order shall release, discharge or enjoin any claims or causes of action against PREPA arising from or related to PREPA-issued bonds, including, without limitation, Monoline-issued insurance pertaining thereto, and PREPA is not releasing any claims or causes of action against any non-Debtor Entity. Claims and causes of action against PREPA arising from or related to PREPA-issued bonds, and releases against PREPA and its assets shall be addressed in PREPA's Title III case, including, without limitation, any plan of adjustment therein.

(b) Except as expressly provided in the Plan or the Confirmation Order, all Entities shall be precluded from asserting any and all Claims against the Debtors and Reorganized Debtors, and each of their respective Assets, property and rights, remedies, Claims or Causes of Action or liabilities of any nature whatsoever, relating to the Title III Cases, the Debtors or Reorganized Debtors or any of their respective Assets and property, including any interest accrued on such Claims from and after the Petition Date, and regardless of whether any property will have been distributed or retained pursuant to the Plan on account of such Claims or other obligations, suits, judgments, damages, debts, rights, remedies, causes of action or liabilities. In accordance with the foregoing, except as expressly provided in the Plan or the Confirmation Order, the Confirmation Order shall constitute a judicial determination, as of the Effective Date, of the discharge and release of all such Claims, Causes of Action or debt of or against the Debtors and the Reorganized Debtors pursuant to sections 524 and 944 of the Bankruptcy Code, applicable to the Title III Case pursuant to Section 301 of PROMESA, and such discharge shall void and extinguish any judgment obtained against the Debtors or Reorganized Debtors and their respective Assets, and property at any time, to the extent such judgment is related to a discharged Claim, debt or liability. As of the Effective Date, and in consideration for the value provided under the Plan, each holder of a Claim in any Class under this Plan shall be and hereby is deemed to release and forever waive and discharge as against the Debtors and Reorganized Debtors, and their respective Assets and property and all such Claims.

(c) Notwithstanding any other provisions of this Section 92.2, in accordance with the provisions of the GO/PBA Plan Support Agreement, each of the GO/PBA PSA Creditors and their respective Related Persons, solely in their capacity as Creditors of the Debtors, shall (i) be deemed to have released and covenanted not to sue or otherwise pursue or seek to recover damages or to seek any other type of relief against any of the Government Releasees based upon, arising from or relating to the Government Released Claims or any of the Claims or Causes of Action asserted or which could have been asserted, including, without limitation, in the Clawback Actions and the Lift Stay Motions, and (ii) not directly or indirectly aid any person in taking any action with respect to the Government Released Claims that is prohibited by this Section 92.2.

(d) Limitation. Notwithstanding anything contained herein or in the Confirmation Order to the contrary, no provision shall (i) preclude the SEC from enforcing its police or regulatory powers, or (ii) enjoin, limit, impair or delay the SEC from commencing or continuing any claims, causes of action, proceedings or investigations against any non-debtor person or non-debtor entity in any forum.

(e) United States Limitation. Notwithstanding anything contained herein or in the Confirmation Order to the contrary, no provision shall (i) impair the United States, its agencies, departments, or agents, or in any manner relieve the Debtors or the Reorganized Debtors, as the case may be, from compliance with federal laws or territorial laws and requirements implementing a federally authorized or federally delegated program protecting the health, safety, and environment of persons in such territory, (ii) expand the scope of any discharge, release, or injunction to which the Debtors or the Reorganized Debtors are entitled under Title III, and (iii) discharge, release, enjoin, or otherwise bar (A) any liability of the Debtors or the Reorganized Debtors to the United States arising from and after the Effective Date, (B) any liability to the United States that is not a Claim, (C) any affirmative defense or any right of setoff or recoupment of the United States, the Debtors or the Reorganized Debtors, as the case may be, and such rights of setoff and recoupment of such parties are expressly preserved, (D) the continued validity of the obligations of the United States, the Debtors or the Reorganized Debtors, as the case may be, under any United States grant or cooperative assistance agreement, (E) the Debtors' or the Reorganized Debtors' obligations arising under federal police or regulatory laws, including, but not limited to, laws relating to the environment, public health or safety, or territorial laws implementing such federal legal provisions, including, but not limited to, compliance obligations, requirements under consent decrees or judicial orders, and obligations to pay associated administrative, civil, or other penalties, and (F) any liability to the United States on the part of any non-debtor. Without limiting the foregoing, nothing contained herein or in the Confirmation Order shall be deemed (i) to determine the tax liability of any Entity, including, but not limited to, the Debtors and the Reorganized Debtors, (ii) to be binding on the IRS with regard to the federal tax liabilities, tax status, or tax filing and withholding obligations of any entity, including, but not limited to, the Debtors and the Reorganized Debtors, (iii) to release, satisfy, discharge, or enjoin the collection of any claim of the IRS against any Entity other than the Debtors and the Reorganized Debtors, and (iv) to grant any relief to any Entity that the Court is prohibited from granting the Declaratory Judgment Act, 28 U.S.C. § 2201(a), or the Tax Anti-Injunction Act, 26 U.S.C. § 7421(a).

(f) Underwriter Actions. Notwithstanding anything contained herein or in the Confirmation Order to the contrary, including, without limitation, Sections 92.2, 92.3 and 92.11 of the Plan, except as may be precluded pursuant to the provisions of PROMESA, nothing in the Plan, the Confirmation Order or any Plan-related document set forth in the Plan Supplement is intended, nor shall it be construed, to impair, alter, modify, diminish, prohibit, bar, restrain, enjoin, release, reduce, eliminate or limit the rights of the plaintiffs and defendants, including, without limitation, the parties to the Underwriter Actions, from asserting their respective rights, claims, causes of action or defenses in the Underwriter Actions, including, but not limited to, any Claims, defenses, Causes of Action, and rights of setoff or recoupment (to the extent available).

**Section 92.3 – Injunction on Claims:** Except as otherwise expressly provided in the Plan, the Confirmation Order or such other Final Order of the Title III Court that may be applicable, all Entities who have held, hold or may hold Claims or any other debt or liability that is discharged or released pursuant to Section 92.2 hereof or who have held, hold or may hold Claims or any other debt or liability that is discharged or released pursuant to Section 92.2 hereof are permanently enjoined, from and after the Effective Date, from (a) commencing or continuing, directly or indirectly, in any manner, any action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) of any kind on any such Claim or other debt or liability that is discharged pursuant to the Plan against any of the Released Parties or any of their respective assets or property, (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order against any of the Released Parties or any of their respective assets or property on account of any Claim or other debt or liability that is discharged pursuant to the Plan, (c) creating, perfecting, or enforcing any encumbrance of any kind against any of the Released Parties or any of their respective assets or property on account of any Claim or other debt or liability that is discharged pursuant to the Plan, and (d) except to the extent provided, permitted or preserved by sections 553, 555, 556, 559, or 560 of the Bankruptcy Code or pursuant to the common law right of recoupment, asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from any of the Released Parties or any of their respective assets or property, with respect to any such Claim or other debt or liability that is discharged pursuant to the Plan. Such injunction shall extend to all successors and assigns of the Released Parties and their respective assets and property.

**Section 92.5 – Releases by the Debtors and Reorganized Debtors:** Except as otherwise expressly provided in the Plan or the Confirmation Order, on the Effective Date, and for good and valuable consideration, each of the Debtors and Reorganized Debtors, the Disbursing Agent and each of the Debtors' and Reorganized Debtors' Related Persons shall be deemed to have and hereby does irrevocably and unconditionally, fully, finally and forever waive, release, acquit, and discharge the Released Parties from any and all Claims or Causes of Action that the Debtors, Reorganized Debtors, and the Disbursing Agent, or any of them, or anyone claiming through them, on their behalf or for their benefit, have or may have or claim to have, now or in the future, against any Released Party that are Released Claims or otherwise are based upon, relate to, or arise out of or in connection with, in whole or in part, any act, omission, transaction, event or other circumstance relating to the Title III Cases or the Debtors taking place or existing on or prior to the Effective Date, and/or any Claim, act, fact, transaction, occurrence, statement, or omission in connection therewith or alleged or that could have been alleged, including, without limitation, any such Claim, demand, right, liability, or cause of action for indemnification, contribution, or any other basis in law or equity for damages, costs or fees.

**Section 92.6 – Injunction Related to Releases:** As of the Effective Date, all Entities that hold, have held, or may hold a Released Claim that is released pursuant to Section 92.5 of the Plan, are, and shall be, permanently, forever and completely stayed, restrained, prohibited, barred and enjoined from taking any of the following actions, whether directly or indirectly, derivatively or otherwise, on account of or based on the subject matter of such discharged Released Claims: (i) commencing, conducing or continuing in any manner, directly or indirectly, any suit, action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) in any forum; (ii) enforcing, attaching (including, without limitation any prejudgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order; (iii) creating, perfecting or in any way enforcing in any matter, directly or indirectly, any Lien; (iv) setting off, seeking reimbursement or contributions from, or subrogation against, or otherwise recouping in any manner, directly or indirectly, any amount against any liability or obligation owed to any Entity released under Section 92.5 hereof; and (v) commencing or continuing in any manner, in any place or any judicial, arbitration or administrative proceeding in any forum, that does not comply with or is inconsistent with the provisions of the Plan or the Confirmation Order. For the avoidance of doubt, the following stipulations will terminate upon the entry of the Confirmation Order: the Fourth Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transpiration Authority Regarding the Tolling of Statute of Limitations and Consent Order [Case No. 173283-LTS, ECF No. 15854], as amended; and the Fourth Amended Stipulation and Consent Order Between Title III Debtors (Other Than COFINA) and the Puerto Rico Fiscal Agency and Financial Advisory Authority Acting on Behalf of the Governmental Entities Listed on Appendix "B" Regarding the Tolling of Statute of Limitations [Case NO. 17-3283-LTS, ECF No. 17394], as amended.

**Section 92.7 – Exculpation**:

(a) Government Parties: The Oversight Board, AAFAF, the Debtors, and each of their respective Related Persons, solely acting in its capacity as such at any time up to and including the Effective Date, shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Cases, the formulation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan; provided, however, that the foregoing provisions of this Section 89.7 shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct. Nothing in the foregoing provisions of this Section 89.7(a) shall prejudice the right of any of the Government Parties, and the Government Parties' officers and directors serving at any time up to and including the Effective Date, and each of their respective professionals to assert reliance upon advice of counsel as a defense with respect to their duties and responsibilities under the Plan.

(b) PSA Creditors: Each of the PSA Creditors solely in its capacity as a party to the GO/PBA Plan Support Agreement and/or the HTA/CCDA Plan Support Agreement and a Creditor and/or insurer, as applicable, from the Petition Date up to and including the Effective Date and each of their respective Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Cases, mediation, the negotiation, formation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, the GO/PBA Plan Support Agreement, the HTA/CCDA Plan Support Agreement, the Definitive Documents, or any other contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan; provided, however, that the foregoing provisions of this Section 92.7(b) shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct.

(c) Retiree Committee: Each of the members of the Retiree Committee, solely in its capacity as a member of the Retiree Committee and a Creditor, as applicable, from the Petition Date up to and including the Effective Date and each of the Retiree Committee's Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Cases, the formation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, the Retiree Committee Plan Support Agreement, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan and the Retiree Committee Plan Support Agreement; provided, however, that, the foregoing provisions of this Section 92.7(c) shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct.

(d) Creditors' Committee: Each of the members of the Creditors' Committee, solely in its capacity as a member of the Creditors' Committee, and the Creditors' Committee, from the Petition Date up to and including the Effective Date and each of the Creditors' Committee's Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Cases, the formation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan; provided, however, that the foregoing provisions of this Section 92.7(d) shall not affect the liability of any Entity that would otherwise result from any such act or omission to the extent such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct.

(e) AFSCME: Each of AFSCME solely in its capacity as a party to the AFSCME Plan Support Agreement and a Creditor, as applicable, from the Petition Date up to and including the Effective Date and each of their respective Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Cases, the formation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, the AFSCME Plan Support Agreement, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transaction set forth in the Plan and the AFSCME Plan Support Agreement; provided, however, that, the foregoing provisions of this Section 89.7(e) shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct.

(f) Monoline Insurers: Ambac, Assured, FGIC, National, Syncora, and their Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken consistent with the Plan or in connection with the formulation, preparation, dissemination, implementation, acceptance, confirmation or approval of the Plan, including, without limitation, in connection with the treatment of Ambac Insured Bond Claims, Assured Insured Bond Claims, FGIC Insured Bond Claims, National Insured Bond Claims, or Syncora Insured Bond Claims, the voting procedures, the election procedures, and any release of obligations under the applicable Ambac Insurance Policies, Assured Insurance Policies, FGIC Insurance Policies, National Insurance Policies, or Syncora Insurance Policies: provided, however, that, notwithstanding anything contained herein to the contrary, the terms and provisions of the Plan shall not, and shall not be construed to, release or exculpate, with respect to any beneficial holder of Ambac Insured Bonds, Assured Insured Bonds, FGIC Insured Bonds, National Insured Bonds, or Syncora Insured Bonds any payment obligation under the applicable Ambac Insurance Policy, Assured Insurance Policy, FGIC Insurance Policy, National Insurance Policy, or Syncora Insurance Policy in accordance with its terms solely to the extent of any failure of such holder to receive the Ambac Treatment, Assured Treatment, FGIC Treatment, National Treatment, or Syncora Treatment, as applicable (or any claims that Ambac, Assured, FGIC, National, or Syncora may have against a beneficial holder of respective insured bonds with respect to Ambac's, Assured's, FGIC's, National's or Syncora's applicable obligations under the Ambac Insurance Policies, Assured Insurance Policies, National Insurance Policies, or Syncora Insurance Policies, as applicable).

**Section 92.8 – Appointments Related Litigation:** Notwithstanding anything contained herein to the contrary, in the event that a Final Order is entered in connection with the Appointments Related Litigation or the Uniformity Litigation subsequent to entry of the Confirmation Order, in consideration of the distributions made, to be made, or deemed to be made in accordance with the terms and provisions of the Plan and documents and instruments related hereto, all Creditors or such other Entities receiving, or deemed to have received, distributions pursuant to or as a result of the Plan, consent and agree that such Final Order shall not in any way or manner reverse, affect or otherwise modify the transactions contemplated in the Plan and the Confirmation Order, including, without limitation, the releases, exculpations and injunctions provided pursuant to Article XCII of the Plan.

**Section 92.9 – Bar Order:** To the limited extent provided in the Plan, each and every Entity is permanently enjoined, barred and restrained from instituting, prosecuting, pursuing or litigating in any manner any and all Claims, demands, rights, liabilities, or causes of action of any and every kind, character or nature whatsoever, in law or in equity, known or unknown, direct or derivative, whether asserted or unasserted, against any of the Released Parties, based upon, related to, or arising out of or in connection with any of the Released Claims, confirmation and consummation of the Plan, the negotiation and consummation of the GO/PBA Plan Support Agreement, or any claim, act, fact, transaction, occurrence, statement or omission in connection with or alleged or that could have been alleged in the Title III Cases, including, without limitation, any such claim, demand, right, liability or cause of action for indemnification, contribution, or any other basis in law or equity for damages, costs or fees incurred arising directly or indirectly from or otherwise relating to the Title III Cases, either directly or indirectly by any Person for the direct or indirect benefit of any Released Party arising from or related to the claims, acts, facts, transactions, occurrences, statements or omissions that are, could have been or may be alleged in the related actions or any other action brought or that might be brought by, through, on behalf of, or for the benefit of any of the Released Parties (whether arising under federal, state or foreign law, and regardless of where asserted).

**Section 92.11 – Supplemental Injunction:** Notwithstanding anything contained herein to the contrary, except to the limited extent provided in the Plan, all Entities, including Entities acting on their behalf, who currently hold or assert, have held or asserted, or may hold or assert, any Released Claims against any of the Released Parties based upon, attributable to, arising out of or relating to the Title III Cases or any Claim against the Debtors, whenever and wherever arising or asserted, whether in the United States or anywhere else in the world, whether sounding in tort, contract, warranty, statute, or any other theory of law, equity or otherwise, shall be, and shall be deemed to be, permanently stayed, restrained and enjoined from taking any action against any of the Released Parties for the purpose of directly or indirectly collecting, recovering or receiving any payment or recovery with respect to any Released Claims arising prior to the Effective Date (including prior to the Petition Date), including, but not limited to:

(a) Commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Released Claim against any of the Released Parties or the assets or property of any Released Party;

(b) Enforcing, attaching, collecting or recovering, by any manner or means, any judgment, award, decree or order against any of the Released Parties or the assets or property of any Released Party with respect to any such Released Claim;

(c) Creating, perfecting or enforcing any Lien of any kind against any of the Released Parties or the assets or property of any Released Party with respect to any such Released Claim;

(d) Except as otherwise expressly provided in the Plan or the Confirmation Order, asserting, implementing or effectuating any setoff, right of subrogation, indemnity, contribution or recoupment of any kind against any obligation due to any of the Released Parties or against the property of any Released Party with respect to any such Released Claim; and

(e) Taking any act, in any manner, in any place whatsoever, that does not conform to, or comply with, the provisions of the Plan or the Confirmation Order, provided, however, that the Debtors' compliance with the formal requirements of Bankruptcy Rule 3016 shall not constitute an admission that the Plan provides for any injunction against conduct not otherwise enjoined under the Bankruptcy Code.

Dated: August 2, 2021, San Juan, Puerto Rico

Respectfully submitted, /s/ Martin J. Bienenstock, Martin J. Bienenstock (*pro hac vice*), Brian S. Rosen (*pro hac vice*), **PROSKAUER ROSE LLP,** Eleven Times Square, New York, NY 10036, *Attorneys for the Financial Oversight and Management Board as representative for the Debtors* -and- /s/ Hermann D. Bauer, Hermann D. Bauer, USDC No. 215205, **O'NEILL & BORGES LLC,** 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918-1813, *Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] All capitalized terms used but not otherwise defined shall have the meanings given to such terms in the Plan.

[3] All of the dates and procedures set forth in this notice are subject to change by further Court order.

[4] For the avoidance of doubt, because holders of Claims in the Bond Classes must submit their vote and/or election through DTC's Automated Tender Offer Platform, the Voting Record Date shall not apply to the Bond Classes, and the holder of the applicable security at the time of tender shall be eligible to cast a vote and/or make an election.

# Exhibit B

## *Bond Buyer*

### **(September 1, 2021)**

**Copy  Of
Advertisement
Of**

**Certificate of Publication**

Yohanna  Beato, is the Billing Coordinator of the
BOND BUYER, a daily newspaper printed and published at One State
Street Plaza, in the City of New York, County of New York, State of
New York; and the notice, of which the annexed is a printed copy, was
regularly published in said BOND BUYER on September 1st, 15th, & 29th
2021.

X   *Yohanna Beato*

*Billing Coordinator*
*September 29th 2021*

**Legal Notice (Page 1 of 3)**

---

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

In re:

THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,

as representative of

THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,

Debtors.[1]

PROMESA Title III No. 17 BK 3283-LTS (Jointly Administered)

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT, (II) ESTABLISHMENT OF RECORD DATES, (III) HEARING ON CONFIRMATION OF THE PLAN OF ADJUSTMENT AND PROCEDURES FOR OBJECTION TO CONFIRMATION OF THE PLAN OF ADJUSTMENT, (IV) PROCEDURES AND DEADLINE FOR VOTING ON THE PLAN OF ADJUSTMENT AND MAKING CERTAIN ELECTIONS THEREUNDER**

**VOTING AND ELECTION DEADLINE: 5:00 p.m. (AST) on October 4, 2021**
**OBJECTION DEADLINE: 5:00 p.m. (AST) on October 19, 2021**
**CONFIRMATION HEARING: November 8 – 10, 12, 15 – 18, and 22 – 23, 2021 at 9:30 a.m. (AST)**

If you have any questions regarding this notice, please contact Prime Clerk LLC by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@primeclerk.com.

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. *Approval of Disclosure Statement.* By order, dated August 2, 2021 [ECF No. 17639] (the "Disclosure Statement Order"), the United States District Court for the District of Puerto Rico (the "Court") approved the adequacy of the information contained in the *Disclosure Statement for the Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, dated July 30, 2021 (as the same may be amended or modified, including all exhibits and attachments thereto, the "Disclosure Statement"), filed by the Financial Oversight and Management Board on behalf of the Debtors, and authorized the Debtors to solicit votes with respect to the acceptance or rejection of the *Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, dated July 30, 2021 (as the same may be amended or modified, including all exhibits and supplements thereto, the "Plan").[2]

**You may obtain a hard copy of the Plan and Disclosure Statement, including Spanish translations thereof, by contacting the Balloting Agent, Prime Clerk LLC:**

Telephone (10:00 a.m. to 7:00 p.m. (AST)) (Spanish available):
(844) 822-9231 (toll free for U.S. and Puerto Rico)
(646) 486-7944 (for international callers)
Email: puertoricoinfo@primeclerk.com

Alternatively, electronic copies of the Disclosure Statement and Plan are available by visiting https://cases.primeclerk.com/puertorico/.

2. Pursuant to the Disclosure Statement Order, the Debtors will mail materials needed for voting on the Plan or making elections on distributions thereunder (the "Solicitation Package") to holders Claims in the following Classes (collectively, the "Voting Classes"):

| | Class | | Class |
|---|---|---|---|
| Vintage PBA Bond Claims (Assured) | Class 1 | 2011 CW Guarantee Bond Claims | Class 34 |
| Vintage PBA Bond Claims (National) | Class 2 | 2011 CW Series D/E/PIB Bond Claims | Class 36 |
| Vintage PBA Bond Claims (Ambac) | Class 3 | 2011 CW Series D/E/PIB Bond Claims | Class 37 |
| Vintage PBA Bond Claims (FGIC) | Class 4 | Retail 2011 CW Series D/E/PIB Bond Claims | Class 48 |
| Vintage PBA Bond Claims (Syncora) | Class 5 | 2012 CW Bond Claims | Class 40 |
| Retail Vintage PBA Bond Claims | Class 6 | 2012 CW Bond Claims (Assured) | Class 41 |
| 2011 PBA Bond Claims | Class 7 | 2012 CW Bond Claims (Assured) | Class 42 |
| Retail 2011 PBA Bond Claims | Class 8 | | |
| 2012 PBA Bond Claims | Class 9 | 2012 CW Guarantee Bond Claims | Class 44 |
| Retail 2012 PBA Bond Claims | Class 10 | 2014 CW Bond Claims | Class 46 |
| PBA/DRA Secured Claims | Class 11 | Retail 2014 CW Bond Claims | Class 47 |
| PBA General Unsecured Claims | Class 12 | 2014 CW Guarantee Bond Claims | Class 49 |
| PBA/DRA Unsecured Claims | Class 13 | | |
| Vintage CW Bond Claims | Class 14 | Retired ERS Participant Below-Threshold Claims | Class 51B |
| Retail Vintage CW Bond Claims | Class 15 | | |
| Vintage CW Bond Claims (Assured) | Class 16 | Retired ERS Participant Above-Threshold Claims | Class 51C |
| Vintage CW Bond Claims (National) | Class 17 | Retired TRS Participant Above-Threshold Claims | Class 51D |
| Vintage CW Bond Claims (Ambac) | Class 18 | Retired TRS Participant Below-Threshold Claims | Class 51E |
| Vintage CW Bond Claims (FGIC) | Class 19 | Active ERS Participant Claims | Class 51F |
| Vintage CW Bond Claims (Syncora) | Class 20 | Active JRS Participant Claims | Class 51H |
| | | Active TRS Participant Claims | Class 51I |
| Vintage CW Guarantee Bond Claims | Class 23 | TTFP Payroll Participant Above-Threshold Claims | Class 51J |
| Vintage CW Guarantee Bond Claims (Assured) | Class 24 | AFSCME Claims | Class 52 |
| | | Dairy Producers Claims | Class 53 |
| Vintage CW Guarantee Bond Claims (National) | Class 25 | Eminent Domain Claims | Class 54 |
| | | Med Center Claims | Class 56 |
| Vintage CW Guarantee Bond Claims (Ambac) | Class 26 | CW General Unsecured Claims | Class 58 |
| | | CW/HTA Claims | Class 59 |
| Vintage CW Guarantee Bond Claims (FGIC) | Class 27 | CW/Convention Center Claims | Class 60 |
| Vintage CW Guarantee Bond Claims (Syncora) | Class 28 | CW/PRIFA Rum Tax Claims | Class 61 |
| | | CW/MBA Claims | Class 62 |
| 2011 CW Bond Claims | Class 30 | ERS General Unsecured Claims | Class 65 |
| Retail 2011 CW Bond Claims | Class 31 | ERS General Unsecured Claims | Class 66 |
| 2011 CW Bond Claims (Assured) | Class 32 | Federal Claims | Class 67 |

---

3. *Confirmation Hearing.* A hearing to consider confirmation of the Plan (the "Confirmation Hearing") will be held before The Honorable Laura Taylor Swain, via telephonic hearing through CourtSolutions on **November 8 – 10, 12, 15 – 18, and 22 - 23, 2021 at 9:30 a.m. (Atlantic Standard Time)**.

4. The Confirmation Hearing may be continued from time to time by the Court or the Oversight Board, without further notice or through adjournments announced in open court or as indicated in any notice of agenda of matters scheduled for hearing filed with the Court, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, in accordance with the modification provisions of the Plan and Local Rule 3016-2, without further notice to interested parties.

5. *Plan Confirmation Depository.* Information relating to confirmation of the Plan is available online in the Plan Confirmation Depository at title@plandataroom.com.

6. *Confirmation Objection Deadline.* The Court has established **5:00 p.m. (Atlantic Standard Time) on October 19, 2021** (the "Confirmation Objection Deadline") as the deadline to file objections or responses to confirmation of the proposed Plan.

7. *Objections and Responses to Confirmation.* Objections and responses to confirmation of the Plan must:

a. be in writing, in English, and signed;

b. State the name, address, and nature of the Claim of the objecting or responding party;

c. State with particularity the basis and nature of any objection or response and include, where appropriate, proposed language to be inserted in the Plan to resolve any such objection or response;

d. Be filed electronically with the Court on the docket of *In re Commonwealth of Puerto Rico*, Case No. 17 BK 3283-LTS, through the Court's case filing system in accordance with General Order No. 09-446 and the Court's Local Rules, for those represented by an attorney, and by those with a portable document format **on or before October 19, 2021 at 5:00 p.m. (Atlantic Standard Time)**, and

i. If you are not an attorney who is a registered user of the Court's case filing system, you may instead mail your objection to the Court's Clerk's office at:

United States District Court, Clerk's Office
150 Ave. Carlos Chardon Ste. 150,
San Juan, P.R. 00918-1767

so as to be received **on or before October 19, 2021 at 5:00 p.m. (Atlantic Standard Time)**; and

e. Be served upon the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, P.R. 00901 (re: In re: Commonwealth of Puerto Rico) so as to be received on or before the Final Confirmation Objection Deadline.

8. *Participation in Confirmation Discovery.* If you wish to participate in discovery in connection with confirmation of the Plan, you must file a notice of your intention to participate in discovery (a "Discovery Notice"), a form of which is available at https://cases.primeclerk.com/puertorico/. If you file your Discovery Notice on or before **August 15, 2021**, you may be granted access to documents in the Plan Depository, where information and documents concerning the Plan are kept, and will also be able to serve your own discovery requests. If you file your Discovery Notice **after August 15, 2021, but on or before October 19, 2021**, you may be granted access to documents in the Plan Depository. Please note that access to the information in the Plan Depository may also require complying with the Debtors' access requirements.

9. You must submit the Discovery Notice in the form provided on the Title III Case website above, which must:

a. Be in writing, in English, and be signed;

b. State your name, address, the nature of your Claim, and your Claim number;

c. State your intention to participate in discovery in connection with confirmation of the Plan; and

d. Be filed electronically with the Court on the docket using the CM/ECF docket event Notice of Intent to Participate in Discovery for Commonwealth Plan Confirmation, in *In re Commonwealth of Puerto Rico*, Case No. 17 BK 3283-LTS, through the Court's case filing system on or before the applicable deadline.

i. If you are not represented by counsel, you may instead mail your Discovery Notice to the Court's Clerk's office at:

United States District Court, Clerk's Office
150 Ave. Carlos Chardon Ste. 150
San Juan, P.R. 00918-1767

so as to be received on or before the applicable deadline.

10. **You must timely file a Discovery Notice to participate in discovery in connection with confirmation of the Plan.** Failure to timely file a Discovery Notice, however, will not preclude you from filing an objection to confirmation of the Plan on or before the Confirmation Objection Deadline, but will preclude you from being able to view documents in the Plan Depository, and from taking discovery.

11. *Discovery Timetable and Deadlines.* The Court has established the following discovery dates and deadlines, which are applicable to the Debtors and to other parties in interest who have timely filed a Discovery Notice and are eligible to participate in discovery:[3]

### Summary of Certain Deadlines

| | |
|---|---|
| August 3, 2021 | Deadline for the Debtors to file a preliminary fact witness list and topics about which each witness is expected to testify ("Debtors' Preliminary Fact Witness List"). |
| | Deadline for the Debtors to file an opening summary brief explaining what the Debtors expect to prove at confirmation. |
| August 6, 2021 | Opening date for all parties to serve initial requests for production of non-depository documents ("Initial Production Requests"). Creditors and parties in interest may serve Initial Production Requests only following their filing of a Notice of Intent to Participate in Discovery (as defined below). Responses and objections to such Initial Production Requests shall be served within seven (7) days of service of such Requests. |
| August 15, 2021 | Deadline for Eligible Creditors and parties in interest to file a "Notice of Intent to Participate in Discovery," also known as a "Discovery Notice." Only parties who file a timely Notice of Intent to Participate in Discovery can propound discovery, but failure to do so does not preclude a party from objecting to confirmation of the Plan. |

| | |
|---|---|
| September 6, 2021 | Deadline for Eligible Creditors to file a preliminary fact witness list and topics about which each witness is expected to testify (an "Eligible Creditor's Preliminary Fact Witness List"). |
| | Deadline for all parties to serve opening expert disclosures ("Opening Expert Disclosures"). |
| September 13, 2021 | Deadline for all parties to serve opening expert reports ("Opening Expert Reports"). |
| | Deadline for all parties to serve initial notices of deposition, topics and requested times for depositions ("Initial Notices of Deposition") (all parties are limited to seven (7)-hour time limit for depositions). Subsequent notices are allowed provided discovery is completed within time allowed. |
| September 30, 2021 | Deadline for all parties to file *Daubert* motions and motions *in limine*. |
| October 1, 2021 | Deadline for all parties to serve up to fifteen (15) interrogatories ("Interrogatories"), including subparts. Responses and objections to such Interrogatories shall be served within ten (10) days of service of such Interrogatories. |
| October 4, 2021 | Deadline for all parties to serve rebuttal expert disclosures ("Rebuttal Expert Disclosures"). |
| | Deadline for all parties to file any follow-up requests for production ("Follow-Up Production Requests," and collectively with Initial Production Requests, "Production Requests"). |
| October 8, 2021 | Deadline for all parties to file rebuttal expert reports ("Rebuttal Expert Reports"). |
| | Deadline for the Debtors to file an initial proposed order in support of confirmation of the Plan (the "Initial Proposed Confirmation Order"). |
| October 11, 2021 | Deadline for all parties to serve requests for admission, limited to authentication of documents ("Admission Requests"). |
| | Completion of fact discovery (the "Fact Discovery Deadline"). |
| October 15, 2021 | Deadline for all parties to file oppositions to *Daubert* motions and motions *in limine*. |
| October 18, 2021 | Completion of expert discovery (the "Expert Discovery Deadline"). |
| October 19, 2021 | Deadline for Eligible Creditors to file objections to confirmation of the Plan (the "Objections"). |
| | Deadline to file Notice of Intent to Participate in Discovery or Discovery Notice for Eligible Creditors who solely want access to documents in the Plan Depository. |
| October 22, 2021 | Deadline for Eligible Creditors to file objections to the Initial Proposed Confirmation Order. |
| | Deadline for all parties to file finalized witness lists, exhibit lists and deposition designations. |
| | Deadline for all parties to file replies to *Daubert* motions and motions *in limine*. |
| October 25, 2021 | Deadline for all parties to file witness declarations to be used at the Confirmation Hearing ("Witness Declarations"). |
| | Deadline for Debtors to file initial proposed findings of fact and conclusions of law in support of confirmation of the Plan (the "Initial Findings of Fact and Conclusions of Law"). |
| October 27, 2021 | Deadline for Debtors to file Replies in Support of the Proposed Confirmation Order, and for Debtors to file Replies to Objections to confirmation of the Plan. |
| October 30, 2021 | Deadline for all parties to serve counter-designations, objections to deposition designations, or objections to exhibit lists. |
| November 1, 2021 | Virtual hearing on motions *in limine*. |
| November 8, 2021 | Start of Confirmation Hearing. |

12. *Voting Record Date.* The Court established June 1 July 13, 2021 (the "Voting Record Date"), as the date for determining which holders of Claims in Voting Classes (except Bond Classes,* Class 51, and Class 52) are entitled to vote on the Plan. Therefore, only those creditors in a Class entitled to vote on the Plan and holding Claims against the Debtors (except in the Bond Classes, Class 51, and Class 52) as of the Voting Record Date are entitled to vote on the Plan.

13. *Voting Deadline.* The deadline for voting on the Plan is on **October 4, 2021, at 5:00 p.m. (Atlantic Standard Time)**, unless such time is extended (the "Voting Deadline"). *You are not required to vote on the Plan to receive distributions pursuant to the terms of the Plan, if confirmed by the Court, and provided you hold an Allowed Claim.*

14. If you received a Solicitation Package, including a Ballot or Notice and intend to vote on the Plan, you **must**: (a) follow the instructions carefully; (b) complete *all* of the required information on the Ballot (as applicable); and (c) either (i) execute and return your completed Ballot according to and as set forth in detail in the voting instructions included in the Solicitation Package so that your Ballot is *actually received* by the Debtors' solicitation agent, Prime Clerk (the "Balloting Agent") on or before the Voting Deadline, or (ii) instruct your broker or nominee (each, a "Nominee") to electronically deliver your bonds via the Automated Tender Offer Program ("ATOP") at The Depository Trust Company ("DTC") in accordance with your desire to vote to accept or reject the Plan on or before the Voting Deadline. *Failure to follow such instructions may disqualify your vote.*

15. *Election Deadline.* The deadline for holders of eligible Bond Claims that have the right to make an election of the form of distributions under the Plan to make such election is on **October 4, 2021, at 5:00 p.m. (Atlantic Standard Time)**, unless such time is extended (the "Election Deadline"). If you received a Notice with an option to make an election, you **must**: (a) follow the instructions carefully; and (b) deliver *all* of the required information according to and as set forth in detail in the election instructions so that it is received by your Nominee in sufficient time for your Nominee to *actually effectuate* your election through DTC's ATOP on or before the Election Deadline.

continues on the next page▶

**Legal Notice (Page 2 of 3)**

► continued from the previous page

16. *Parties not Entitled to Vote.* Creditors in the following Classes are deemed to reject the Plan and not entitled to vote:

- Class 63 (CW Appropriations Claims), and
- Class 64 (CW 510(b) Subordinated Claims).

17. Creditors in the following Classes are deemed to accept the Plan and not entitled to vote, but will receive distributions pursuant to the terms of the Plan, if confirmed by the Court:

- Class 51A (Retired ERS Participant Below-Threshold Claims),
- Class 51C (Retired TRS Participant Below-Threshold Claims),
- Class 51J (System 2000 Participant Below-Threshold Claims),
- Class 51K (VTP Payroll Participant Below-Threshold Claims),
- Class 55 (Energy Incentive Claims),
- Class 57 (Tax Credit Claims),
- Class 67 (Gracia-Gracia Claims), and
- Class 68 (Convenience Claims).

18. If a Claim is listed on the Debtors' list of creditors [Case No. 17-3283, ECF Nos. 1215, 1316, 2582, 10708] as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the earlier of the applicable bar date for the filing of proofs of claim established by the Court or the Voting Record Date (as applicable); or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, such Claim shall not be entitled to vote to accept or reject the Plan. Proofs of claim filed for $0.00 or Claims that have been expunged by order of the Court are also not entitled to vote.

19. If you are in Classes 63 or 64, or have timely filed a proof of claim and disagree with the Debtors' classification of, objection to, or request for estimation of your Claim and believe you should be entitled to vote on the Plan, you must serve the Debtors and the U.S. Trustee (address listed in paragraph 7(e) above) and file with the Court (with a copy to Chambers) a motion (a "Rule 3018(a) Motion") for an order pursuant to Rule 3018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") temporarily allowing your Claim in a different amount or in a different Class for purposes of voting to accept or reject the Plan. All Rule 3018(a) Motions must be filed on or before the tenth (10th) day after the later of (i) service of this Confirmation Hearing Notice and (ii) service of notice of an objection or request for estimation, if any, as to such Claim. In accordance with Bankruptcy Rule 3018(a), as to any to any creditor filing a Rule 3018(a) Motion, such creditor's Ballot will not be counted except as may be otherwise ordered by the Court prior to the Voting Deadline (**October 4, 2021 at 5:00 p.m. (Atlantic Standard Time)**). Creditors may contact the Balloting Agent (i) via first class mail or via overnight courier, at Puerto Rico Ballot Processing, C/O Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, (ii) by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or (iii) by email at puertoricoinfo@primeclerk.com, to receive an appropriate Ballot for any Claim for which a proof of claim has been timely filed and a Rule 3018(a) Motion has been granted. Rule 3018(a) Motions that are not timely filed and served in the manner set forth herein shall not be considered.

20. If you wish to have your Claim temporarily allowed for voting purposes pursuant to Bankruptcy Rule 3018(a), a form of Rule 3018(a) motion together with instructions for filing and serving the motion is available at https://cases.primeclerk.com/puertorico/.

21. *Parties Who Will Not be Treated as Creditors.* Any holder of a Claim that (i) is scheduled in the List of Creditors at $0.00 and is not the subject of a timely filed proof of Claim or a proof of claim deemed timely filed with the Court pursuant to either the Bankruptcy Code or any order of the Court, or otherwise deemed timely filed under applicable law, or (ii) is not scheduled and is not the subject of a timely filed proof of claim or a proof of claim deemed timely filed with the Court pursuant to either the Bankruptcy Code or any order of the Court, or otherwise deemed timely filed under applicable law, shall not be treated as a creditor with respect to such Claim for purposes of (a) receiving notices regarding the Plan, and (b) voting on the Plan.

22. *Additional Information.* Any party in interest wishing to obtain information about the solicitation procedures or copies of the Disclosure Statement or the Plan, including Spanish translations thereof, should contact the Balloting Agent, Prime Clerk LLC, by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@primeclerk.com, or may scan documents by accessing either https://cases.primeclerk.com/puertorico/ or the Court's website, https://www.prd.uscourts.gov/. Please note that a Public Access to Court Electronic Records ("PACER") (http://www.pacer.psc.uscourts.gov) password and login are needed to access documents on the Court's website.

23. *Bankruptcy Rules 2002(c)(3) and 3016(c).* In accordance with Bankruptcy Rules 2002(c)(3) and 3016(c), set forth below are the release, exculpation, and injunction provisions contained in the Plan:

**Section 92.2 – Discharge and Release of Claims and Causes of Action:**

(a) Except as expressly provided in the Plan or the Confirmation Order, all distributions and rights afforded under the Plan shall be, and shall be deemed to be, in exchange for, and in complete satisfaction, settlement, discharge and release of, all Claims or Causes of Action against the Released Parties that arose, in whole or in part, prior to the Effective Date, relating to the Title III Cases, the Debtors or Reorganized Debtors or any of their respective Assets, property, or interests of any nature whatsoever, including any interest accrued on such Claims from and after the Petition Date, and regardless of whether any property will have been distributed or retained pursuant to the Plan on account of such Claims or Causes of Action. Upon the Effective Date, the Debtors and Reorganized Debtors shall be deemed discharged and released from any and all Claims, Causes of Action and any other debts that arose, in whole or in part, prior to the Effective Date (including prior to the Petition Date), and Claims of the kind specified in sections 502(g), 502(h) or 502(i) of the Bankruptcy Code and PROMESA Section 407, whether or not (a) a proof of claim based upon such Claim is filed or deemed filed under section 501 of the Bankruptcy Code, (b) such Claim is allowed under section 502 of the Bankruptcy Code and PROMESA Section 407 (or is otherwise resolved), or (c) the holder of a Claim based upon such debt voted to accept the Plan. For the avoidance of doubt, nothing contained herein or in the Confirmation Order shall release, discharge or enjoin any claims or causes of action against PREPA arising from or related to PREPA-issued bonds, including, without limitation, Monoline-issued insurance pertaining thereto, and PREPA is not releasing any claims or causes of action against any non-Debtor Entity. Claims and causes of action against PREPA arising from or related to PREPA-issued bonds, and

releases against PREPA and its assets shall be addressed in PREPA's Title III case, including, without limitation, any plan of adjustment therein.

(b) Except as expressly provided in the Plan or the Confirmation Order, all Entities shall be precluded from asserting any and all Claims against the Debtors and Reorganized Debtors, and each of their respective Assets, property and rights, remedies, Claims or Causes of Action or liabilities of any nature whatsoever, relating to the Title III Cases, the Debtors or Reorganized Debtors or any of their respective Assets and property, including any interest accrued on such Claims from and after the Petition Date, and regardless of whether any property will have been distributed or retained pursuant to the Plan on account of such Claims or other obligations, suits, judgments, damages, debts, rights, remedies, causes of action or liabilities. In accordance with the foregoing, except as expressly provided in the Plan or the Confirmation Order, the Confirmation Order shall constitute a judicial determination, as of the Effective Date, of the discharge and release of all such Claims, Causes of Action or debt of or against the Debtors and the Reorganized Debtors pursuant to sections 524 and 944 of the Bankruptcy Code, applicable to the Title III Case pursuant to Section 301 of PROMESA, and such discharge shall void and extinguish any judgment obtained against the Debtors or Reorganized Debtors and their respective Assets, and property at any time, to the extent such judgment is related to a discharged Claim, debt or liability. As of the Effective Date, and in consideration for the value provided under the Plan, each holder of a Claim in any Class under this Plan shall be and hereby is deemed to release and forever waive and discharge as against the Debtors and Reorganized Debtors, and their respective Assets and property and all such Claims.

(c) Notwithstanding any other provisions of this Section 92.2, in accordance with the provisions of the GO/PBA Plan Support Agreement, each of the GO/PBA PSA Creditors and their respective Related Persons, solely in their capacity as Creditors of the Debtors, shall (i) be deemed to have released and covenanted not to sue or otherwise pursue or seek to recover damages or to seek any other type of relief against any of the Government Releasees based upon, arising from or relating to the Government Released Claims or any of the Claims or Causes of Action asserted or which could have been asserted, including, without limitation, in the Clawback Actions and the Lift Stay Motions, and (ii) not directly or indirectly aid any person in taking any action with respect to the Government Released Claims that is prohibited by this Section 92.2.

(d) Limitation. Notwithstanding anything contained herein or in the Confirmation Order to the contrary, no provision shall (i) preclude the SEC from enforcing its police or regulatory powers, or (ii) enjoin, limit, impair or delay the SEC from commencing or continuing any claims, causes of action, proceedings or investigations against any non-debtor person or non-debtor entity in any forum.

(e) United States Limitation. Notwithstanding anything contained herein or in the Confirmation Order to the contrary, no provision shall (i) impair the United States, its agencies, departments, or agents, or in any manner relieve the Debtors or the Reorganized Debtors, as the case may be, from compliance with federal laws or territorial laws and requirements implementing a federally authorized or federally delegated program protecting the health, safety, and environment of persons in such territory, (ii) expand the scope of any discharge, release, or injunction to which the Debtors or the Reorganized Debtors are entitled under Title III, and (iii) discharge, release, enjoin, or otherwise bar (A) any liability of the Debtors or the Reorganized Debtors to the United States arising from and after the Effective Date, (B) any liability to the United States that is not a Claim, (C) any affirmative defense or any right of setoff or recoupment of the United States, the Debtors or the Reorganized Debtors, as the case may be, and such rights of setoff and recoupment of such parties are expressly preserved, (D) the continued validity of the obligations of the United States, the Debtors or the Reorganized Debtors, as the case may be, under any United States grant or cooperative assistance agreement, (E) the Debtors' or the Reorganized Debtors' obligations arising under federal police or regulatory laws, including, but not limited to, laws relating to the environment, public health or safety, or territorial laws implementing such federal legal provisions, including, but not limited to, compliance obligations, requirements under consent decrees or judicial orders, and obligations to pay associated administrative, civil, or other penalties, and (F) any liability to the United States on the part of any non-debtor. Without limiting the foregoing, nothing contained herein or in the Confirmation Order shall be deemed (i) to determine the tax liability of any Entity, including, but not limited to, the Debtors and the Reorganized Debtors, (ii) to be binding on the IRS with regard to the federal tax liabilities, tax status, or tax filing and withholding obligations of any entity, including, but not limited to, the Debtors and the Reorganized Debtors, (iii) to release, satisfy, discharge, or enjoin the collection of any claim of the IRS against any Entity other than the Debtors and the Reorganized Debtors, and (iv) to grant any relief to any Entity that the Court is prohibited from granting the Declaratory Judgment Act, 28 U.S.C. § 2201(a), or the Tax Anti-Injunction Act, 26 U.S.C. § 7421(a).

(f) Underwriter Actions. Notwithstanding anything contained herein or in the Confirmation Order to the contrary, including, without limitation, Sections 92.2, 92.3 and 92.11 of the Plan, except as may be provided pursuant to the provisions of PROMESA, nothing in the Plan, the Confirmation Order or any Plan-related document set forth in the Plan Supplement is intended, nor shall it be construed, to impair, alter, modify, diminish, prohibit, bar, restrain, enjoin, release, reduce, eliminate or limit the rights of the plaintiffs and defendants, including, without limitation, the parties to the Underwriter Actions, from asserting their respective rights, claims, causes of action or defenses in the Underwriter Actions, including, but not limited to, any Claims, defenses, Causes of Action, and rights of setoff or recoupment (to the extent available).

**Section 92.3 – Injunction on Claims:** Except as otherwise expressly provided in the Plan, the Confirmation Order or such other Final Order of the Title III Court that may be applicable, all Entities who have held, hold or may hold Claims or any other debt or liability that is discharged or released pursuant to Section 92.2 hereof or who have held, hold or may hold Claims or any other debt or liability that is discharged or released pursuant to Section 92.2 hereof are permanently enjoined, from and after the Effective Date, from (a) commencing or continuing, directly or indirectly, in any manner, any action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) of any kind on any such Claim or other debt or liability that is discharged pursuant to the Plan against any of the Released Parties or any of their respective assets or property, (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order against any of the Released Parties or any of their respective assets or property on account of any Claim or other debt or liability that is discharged pursuant to the Plan, (c) creating, perfecting, or enforcing any encumbrance of any kind against any of the Released Parties or any of their respective assets or property on account of any Claim or other debt or liability that is discharged pursuant to the Plan, and (d) except to the extent provided, permitted or preserved by

sections 553, 555, 556, 559, or 560 of the Bankruptcy Code or pursuant to the common law right of recoupment, asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from any of the Released Parties or any of their respective assets or property, with respect to any such Claim or other debt or liability that is discharged pursuant to the Plan. Such injunction shall extend to all successors and assigns of the Released Parties and their respective assets and property.

**Section 92.5 – Releases by the Debtors and Reorganized Debtors:** Except as otherwise expressly provided in the Plan or the Confirmation Order, on the Effective Date, and for good and valuable consideration, each of the Debtors and Reorganized Debtors, the Disbursing Agent and each of the Debtors' and Reorganized Debtors' Related Persons shall be deemed to have and hereby does irrevocably and unconditionally, fully, finally and forever waive, release, acquit, and discharge the Released Parties from any and all Claims or Causes of Action that the Debtors, Reorganized Debtors, and the Disbursing Agent, or any of them, or anyone claiming through them, on their behalf or for their benefit, have or may have or claim to have, now or in the future, against any Released Party that are Released Claims or otherwise are based upon, relate to, or arise out of or in connection with, in whole or in part, any act, omission, transaction, event or other circumstance relating to the Title III Cases or the Debtors taking place or existing on or prior to the Effective Date, and/or any Claim, act, fact, transaction, occurrence, statement, or omission in connection therewith or alleged or that could have been alleged, including, without limitation, any such Claim, demand, right, liability, or cause of action for indemnification, contribution, or any other basis in law or equity for damages, costs or fees.

**Section 92.6 – Injunction Related to Releases:** As of the Effective Date, all Entities that hold, have held, or may hold a Released Claim that is released pursuant to Section 92.5 of the Plan, are, and shall be, permanently, forever and completely stayed, restrained, prohibited, barred and enjoined from taking any of the following actions, whether directly or indirectly, derivatively or otherwise, on account of or based on the subject matter of such discharged Released Claims: (i) commencing, conducing or continuing in any manner, directly or indirectly, any suit, action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) in any forum; (ii) enforcing, attaching (including, without limitation any prejudgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order; (iii) creating, perfecting or in any way enforcing in any matter, directly or indirectly, any Lien; (iv) setting off, seeking reimbursement or contributions from, or subrogation against, or otherwise recouping in any manner, directly or indirectly, any amount against any liability or obligation owed to any Entity released under Section 92.5 hereof; and (v) commencing or continuing in any manner, in any place or any judicial, arbitration or administrative proceeding in any forum, that does not comply with or is inconsistent with the provisions of the Plan or the Confirmation Order. For the avoidance of doubt, the following stipulations will terminate upon the entry of the Confirmation Order: the Fourth Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority Regarding the Tolling of Statute of Limitations and Consent Order [Case No. 173283-LTS, ECF No. 15854], as amended, and the Fourth Amended Stipulation and Consent Order Between Title III Debtors (Other Than COFINA) and the Puerto Rico Fiscal Agency and Financial Advisory Authority Acting on Behalf of the Governmental Entities Listed on Appendix "B" Regarding the Tolling of Statute of Limitations [Case NO.17-3283-LTS, ECF No. 17394], as amended.

**Section 92.7 – Exculpation:**

(a) Government Parties: The Oversight Board, AAFAF, the Debtors, and each of their respective Related Persons, solely acting in its capacity as such at any time up to and including the Effective Date, shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Cases, the formulation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan; provided, however, that the foregoing provisions of this Section 89.7 shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct. Nothing in the foregoing provisions of this Section 89.7(a) shall prejudice the right of any of the Government Parties, and the Government Parties' officers and directors serving at any time up to and including the Effective Date, and each of their respective professionals to assert reliance upon advice of counsel as a defense with respect to their duties and responsibilities under the Plan.

(b) PSA Creditors: Each of the PSA Creditors solely in its capacity as a party to the GO/PBA Plan Support Agreement and/or the HTA/CCDA Plan Support Agreement and a Creditor and/or insurer, as applicable, from the Petition Date up to and including the Effective Date and each of their respective Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Cases, mediation, the negotiation, formation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, the GO/PBA Plan Support Agreement, the HTA/CCDA Plan Support Agreement, the Definitive Documents, or any other contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan; provided, however, that the foregoing provisions of this Section 92.7(b) shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct.

(c) Retiree Committee: Each of the members of the Retiree Committee, solely in its capacity as a member of the Retiree Committee and a Creditor, as applicable, from the Petition Date up to and including the Effective Date and each of the Retiree Committee's Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Cases, the formation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, the Retiree Committee Plan Support Agreement, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan provided, however, that the foregoing provisions of this Section 92.7(c) shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct.

continues on the next page►

**Legal Notice (Page 3 of 3)**

▶ continued from the previous page

(d) Creditors' Committee: Each of the members of the Creditors' Committee, solely in its capacity as a member of the Creditors' Committee, and the Creditors' Committee, from the Petition Date up to and including the Effective Date and each of the Creditors' Committee's Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Cases, the formation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan; provided, however, that the foregoing provisions of this Section 92.7(d) shall not affect the liability of any Entity that would otherwise result from any such act or omission to the extent such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct.

(e) AFSCME: Each of AFSCME solely in its capacity as a party to the AFSCME Plan Support Agreement and a Creditor, as applicable, from the Petition Date up to and including the Effective Date and each of their respective Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Cases, the formation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, the AFSCME Plan Support Agreement, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transaction set forth in the Plan and the AFSCME Plan Support Agreement; provided, however, that, the foregoing provisions of this Section 89.7(e) shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct.

(f) Monoline Insurers: Ambac, Assured, FGIC, National, Syncora, and their Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken consistent with the Plan or in connection with the formulation, preparation, implementation, acceptance, confirmation or approval of the Plan, including, without limitation, in connection with the treatment of Ambac Insured Bond Claims, Assured Insured Bond Claims, FGIC Insured Bond Claims, National Insured Bond Claims, or Syncora Insured Bond Claims, the voting procedures, the election procedures, and any release of obligations under the applicable Ambac Insurance Policies, Assured Insurance Policies, FGIC Insurance Policies, National Insurance Policies, or Syncora Insurance Policies; provided, however, that, notwithstanding anything contained herein to the contrary, the terms and provisions of the Plan shall not, and shall not be construed to, release or exculpate, with respect to any beneficial holder of Ambac Insured Bonds, Assured Insured Bonds, FGIC Insured Bonds, National Insured Bonds, or Syncora Insured Bonds any payment obligation under the applicable Ambac Insurance Policy, Assured Insurance Policy, FGIC Insurance Policy, National Insurance Policy, or Syncora Insurance Policy in accordance with its terms solely to the extent of any failure of such holder to receive the Ambac Treatment, Assured Treatment, FGIC Treatment, National Treatment, or Syncora Treatment, as applicable (or any claims that Ambac, Assured, FGIC, National, or Syncora may have against a beneficial holder of respective insured bonds with respect to Ambac's, Assured's, FGIC's, National's or Syncora's applicable obligations under the Ambac Insurance Policies, Assured Insurance Policies, National Insurance Policies, or Syncora Insurance Policies, as applicable).

**Section 92.8 — Appointments Related Litigation:** Notwithstanding anything contained herein to the contrary, in the event that a Final Order is entered in connection with the Appointments Related Litigation or the Uniformity Litigation subsequent to entry of the Confirmation Order, in consideration of the distributions made, to be made, or deemed to be made in accordance with the terms and provisions of the Plan and documents and instruments related hereto, all Creditors or such other Entities receiving, or deemed to have received, distributions pursuant to or as a result of the Plan, consent and agree that such Final Order shall not in any way or manner reverse, affect or otherwise modify the transactions contemplated in the Plan and the Confirmation Order, including, without limitation, the releases, exculpations and injunctions provided pursuant to Article XCII of the Plan.

**Section 92.9 — Bar Order:** To the limited extent provided in the Plan, each and every Entity is permanently enjoined, barred and restrained from instituting, prosecuting, pursuing or litigating in any manner any and all Claims, demands, rights, liabilities, or causes of action of any and every kind, character or nature whatsoever, in law or in equity, known or unknown, direct or derivative, whether asserted or unasserted, against any of the Released Parties, based upon, related to, or arising out of or in connection with any of the Released Claims, confirmation and consummation of the Plan, the negotiation and consummation of the GO/PBA Plan Support Agreement, or any claim, act, fact, transaction, occurrence, statement or omission in connection

with or alleged or that could have been alleged in the Title III Cases, including, without limitation, any such claim, demand, right, liability or cause of action for indemnification, contribution, or any other basis in law or equity for damages, costs or fees incurred arising directly or indirectly from or otherwise relating to the Title III Cases, either directly or indirectly by any Person for the direct or indirect benefit of any Released Party arising from or related to the claims, acts, facts, transactions, occurrences, statements or omissions that are, could have been or may be alleged in the related actions or any other action brought or that might be brought by, through, on behalf of, or for the benefit of any of the Released Parties (whether arising under federal, state or foreign law, and regardless of where asserted).

**Section 92.11 — Supplemental Injunction:** Notwithstanding anything contained herein to the contrary, except to the limited extent provided in the Plan, all Entities, including Entities acting on their behalf, who currently hold or assert, have held or asserted, or may hold or assert, any Released Claims against any of the Released Parties based upon, attributable to, arising out of or relating to the Title III Cases or any Claim against the Debtors, whenever and wherever arising or asserted, whether in the United States or anywhere else in the world, whether sounding in tort, contract, warranty, statute, or any other theory of law, equity or otherwise, shall be, and shall be deemed to be, permanently stayed, restrained and enjoined from taking any action against any of the Released Parties for the purpose of directly or indirectly collecting, recovering or receiving any payment or recovery with respect to any Released Claims arising prior to the Effective Date (including prior to the Petition Date), including, but not limited to:

(a) Commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Released Claim against any of the Released Parties or the assets or property of any Released Party;

(b) Enforcing, attaching, collecting or recovering, by any manner or means, any judgment, award, decree or order against any of the Released Parties or the assets or property of any Released Party with respect to any such Released Claim;

(c) Creating, perfecting or enforcing any Lien of any kind against any of the Released Parties or the assets or property of any Released Party with respect to any such Released Claim;

(d) Except as otherwise expressly provided in the Plan or the Confirmation Order, asserting, implementing or effectuating any setoff, right of subrogation, indemnity, contribution or recoupment of any kind against any obligation due to any of the Released Parties or against the property of any Released Party with respect to any such Released Claim; and

(e) Taking any act, in any manner, in any place whatsoever, that does not conform to, or comply with, the provisions of the Plan or the Confirmation Order, provided, however, that the Debtors' compliance with the formal requirements of Bankruptcy Rule 3016 shall not constitute an admission that the Plan provides for any injunction against conduct not otherwise enjoined under the Bankruptcy Code.

Dated: August 2, 2021, San Juan, Puerto Rico

Respectfully submitted, /s/ Martin J. Bienenstock___, Martin J. Bienenstock (pro hac vice), Brian S. Rosen (pro hac vice), **PROSKAUER ROSE LLP,** Eleven Times Square, New York, NY 10036, Attorneys for the Financial Oversight and Management Board as representative for the Debtors —and— /s/ Hermann D. Bauer___, Hermann D. Bauer, USDC No. 215205, **O'NEILL & BORGES LLC,** 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918-1813, Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors

¹ The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

² All capitalized terms used but not otherwise defined shall have the meanings given to such terms in the Plan.

³ All of the dates and procedures set forth in this notice are subject to change by further Court order.

⁴ For the avoidance of doubt, because holders of Claims in the Bond Classes must submit their vote and/or election through DTC's Automated Tender Offer Platform, the Voting Record Date shall not apply to the Bond Classes, and the holder of the applicable security at the time of tender shall be eligible to cast a vote and/or make an election.

# Requests for Proposals Advertisement

## STATE OF NEW JERSEY
### DEPARTMENT OF THE TREASURY

**REQUEST FOR PROPOSALS – DUE: SEPTEMBER 13, 2021**

The New Jersey Department of the Treasury, Office of Public Finance is soliciting proposals from firms to act as an Independent Valuation Service Provider to the Department. A Request for Proposals may be obtained from: http://www.state.nj.us/treasury/public_finance/

---

## REQUEST FOR PROPOSALS
### TO PROVIDE MUNICIPAL AND SWAP ADVISORY SERVICES

The Metropolitan Transportation Authority (MTA) on behalf of itself and its subsidiaries and affiliates including the Triborough Bridge and Tunnel Authority (TBTA) is soliciting responses from qualified firms to provide municipal advisory services and/or derivative advisory services.

To obtain information about and register for this solicitation, a prospective Bidder **must** contact Mr. Adam Ellsworth of the Government Sourcing Group (GSG) by telephone at (203) 434-3918 or by email to aellsworth@mtabsc.org. Upon registration, GSG will facilitate access to **RFP#15692,** documents and provide instructions for responding to the E-Procurement RFP. It is anticipated that the documents will be available on or about September 1, 2021.

All questions should be directed to Alex Botkhin, of the MTA Procurement Department via email at abotkhin@mtabsc.org, or by telephone at (646) 376-0715, by 4:00 p.m. (ET) September 10, 2021. Any questions concerning this RFP will be responded to in writing to all parties that have requested the RFP package.

**Proposals are due by 4:00 p.m. (ET) on Friday, September 24, 2021.**

 **Metropolitan Transportation Authority**



# To assemble your bond deal team, select from among the best firms in the municipal finance industry with a Request for Proposals in *The Bond Buyer.*

Contact Wei-Ke (Victor) Kuo at
1-212-803-8612 or at wei-ke.kuo@arizent.com.

# Exhibit C

### *El Nuevo Herald*

### <u>(September 1, 2021)</u>



Affidavit

State of Florida September 29, 2020

County of Monroe, Dade and Broward

I Matthew Weisberg Being Duly Sworn on oath say he is and during all times herein stated has been the publisher's designated agent of the publication known as El Nuevo Herald has full knowledge of the facts herein stated as follows:

The run of paper advertisement (ROP) in the Main section A of El Nuevo Herald for LA Junta DE Supervoision Y Admistracion Financiera PARA Puerto Rico Case # 17 BK 3283-LTS was distributed to Publishers full circulations (El Nuevo Herald) On the Following dates

1st day of September 2021, El Nuevo Herald Main Section A page 7A

15th day of September 2021, El Nuevo Herald Main Section A page 13A

29th day of September 2021, El Nuevo Herald Main Section A page 9A

By: Matthew Weisberg

Signature _____   9/29/2021
DocuSigned by:
Matthew Weisberg
F47CA2F63422432...

Subscribed this 29th day of September 2021

ANTE EL TRIBUNAL DE DISTRITO DE ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

| | |
|---|---|
| En el caso:<br>LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br>como representante de<br>EL ESTADO LIBRE ASOCIADO DE PUERTO RICO, EL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y LA AUTORIDAD DE EDIFICIOS PÚBLICOS DE PUERTO RICO,<br>Deudores.[1] | Título III de PROMESA<br>Núm. 17 BK 3283-LTS<br>(Con administración conjunta) |

**NOTIFICACIÓN DE (I) LA APROBACIÓN DE LA DECLARACIÓN DE DIVULGACIÓN, (II) EL ESTABLECIMIENTO DE LAS FECHAS DE REGISTRO, (III) LA VISTA DE CONFIRMACIÓN DEL PLAN DE AJUSTE Y LOS PROCEDIMIENTOS DE OBJECIÓN A LA CONFIRMACIÓN DEL PLAN DE AJUSTE, (IV) LOS PROCEDIMIENTOS Y LA FECHA LÍMITE PARA VOTAR SOBRE EL PLAN DE AJUSTE Y LA REALIZACIÓN DE DETERMINADAS ELECCIONES EN VIRTUD DE DICHO VOTO**

**FECHA LÍMITE DE VOTACIÓN Y ELECCIÓN: 5:00 p.m. (AST) del 4 de octubre de 2021**
**FECHA LÍMITE DE OBJECIONES: 5:00 p.m. (AST) del 19 de octubre de 2021**
**VISTA DE CONFIRMACIÓN: 8 al 10, 12, 15 al 18, y 22-23 de noviembre de 2021 a las 09:30 a.m. (AST)**
**Si tiene alguna pregunta sobre esta notificación, comuníquese con Prime Clerk LLC por teléfono llamando al (844) 822-9231 (gratuito para Estados Unidos y Puerto Rico) o al (646) 486-7944 (para llamadas internacionales), de 10:00 a.m. a 7:00 p.m. (hora estándar del Atlántico) (disponible en español), o por correo electrónico enviando un mensaje a puertoricoinfo@primeclerk.com.**

**TENGA EN CUENTA LO SIGUIENTE:**

1. ***Aprobación de la Declaración de Divulgación.*** Mediante orden de fecha 2 de agosto de 2021 [ECF Núm. 17639] (la "Orden de Declaración de Divulgación"), el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico (el "Tribunal") aprobó la adecuación de la información contenida en la *Declaración de Divulgación para el Séptimo Plan de Ajuste Conjunto Enmendado de Título III del Estado Libre Asociado de Puerto Rico, y otros*, de fecha 30 de julio de 2021 (con sus posibles modificaciones o enmiendas, incluyendo todos los anexos y apéndices a esta, la "Declaración de Divulgación"), presentada por la Junta de Supervisión y Administración Financiera en nombre del Deudor, y autorizó a los Deudores a convocar a la votación con respecto a la aceptación o rechazo del *Séptimo Plan de Ajuste Conjunto Enmendado de Título III del Estado Libre Asociado de Puerto Rico, y otros*, de fecha 30 de julio de 2021 (con sus posibles modificaciones o enmiendas, incluyendo todos los anexos y apéndices a este, el "Plan")[2].

**Podrá solicitar una copia impresa del Plan y de la Declaración de Divulgación, incluyendo traducciones al español de ambos documentos, poniéndose en contacto con el Agente de Votación, Prime Clerk LLC:**
**Por teléfono (10:00 a.m. hasta 7:00 p.m. (AST)) (disponible atención en español):**
**(844) 822-9231 (llamada gratuita en EE.UU. y Puerto Rico**
**(646) 486-7944 (llamadas internacionales)**
**Correo electrónico: puertoricoinfo@primeclerk.com**
Alternativamente, podrá consultar las copias electrónicas de la Declaración de Divulgación y del Plan visitando https://cases.primeclerk.com/puertorico/

2. De acuerdo con la Orden de Declaración de Divulgación, los Deudores enviarán por correo los materiales necesarios para votar el Plan o hacer elecciones sobre las distribuciones en virtud de este (el "Paquete de Convocatoria") a los tenedores de Reclamaciones de las siguientes Clases (colectivamente, las "Clases con Derecho al Voto"):

| | Clase |
|---|---|
| Reclamaciones de Bonos Vintage de la AEP | Clase 1 |
| Reclamaciones de Bonos Vintage de la AEP (Assured) | Clase 2 |
| Reclamaciones de Bonos Vintage de la AEP (National) | Clase 3 |
| Reclamaciones de Bonos Vintage de la AEP (Ambac) | Clase 4 |
| Reclamaciones de Bonos Vintage de la AEP (FGIC) | Clase 5 |
| Reclamaciones de Bonos Vintage de la AEP (Syncora) | Clase 6 |
| Reclamaciones de Bonos Vintage Minoristas de la AEP | Clase 7 |
| Reclamaciones de Bonos 2011 de la AEP | Clase 8 |
| Reclamaciones de Bonos 2011 Minoristas de la AEP | Clase 9 |
| Reclamaciones de Bonos 2012 de la AEP | Clase 10 |
| Reclamaciones de Bonos 2012 Minoristas de la AEP | Clase 11 |
| Reclamaciones Garantizadas de la AEP/DRA | Clase 12 |
| Reclamaciones Generales no Garantizadas de la AEP | Clase 13 |
| Reclamaciones no Garantizadas de la AEP/DRA | Clase 14 |
| Reclamaciones de Bonos Vintage del ELA | Clase 15 |
| Reclamaciones de Bonos Vintage Minoristas del ELA | Clase 16 |
| Reclamaciones de Bonos Vintage del ELA (Assured) | Clase 17 |
| Reclamaciones de Bonos Vintage del ELA (National) | Clase 18 |
| Reclamaciones de Bonos Vintage del ELA (Ambac) | Clase 19 |
| Reclamaciones de Bonos Vintage del ELA (FGIC) | Clase 20 |
| Reclamaciones de Bonos Vintage del ELA (Syncora) | Clase 21 |
| Reclamaciones de Bonos Vintage Garantizados del ELA | Clase 23 |
| Reclamaciones de Bonos Vintage Garantizados del ELA (Assured) | Clase 24 |
| Reclamaciones de Bonos Vintage Garantizados del ELA (National) | Clase 25 |
| Reclamaciones de Bonos Vintage Garantizados del ELA (Ambac) | Clase 26 |
| Reclamaciones de Bonos Vintage Garantizados del ELA (FGIC) | Clase 27 |
| Reclamaciones de Bonos Vintage Garantizados del ELA (Syncora) | Clase 28 |
| Reclamaciones de Bonos 2011 del ELA | Clase 30 |
| Reclamaciones de Bonos 2011 Minoristas del ELA | Clase 31 |
| Reclamaciones de Bonos 2011 del ELA (Assured) | Clase 32 |
| Reclamaciones de Bonos Garantizados 2011 del ELA | Clase 34 |
| Reclamaciones de Bonos Serie D/E/PIB 2011 del ELA | Clase 36 |
| Reclamaciones de Bonos Serie D/E/PIB 2011 del ELA (Assured) | Clase 37 |
| Reclamaciones de Bonos Serie D/E/PIB 2011 Minoristas del ELA | Clase 38 |
| Reclamaciones de Bonos 2012 del ELA | Clase 40 |
| Reclamaciones de Bonos 2012 Minoristas del ELA | Clase 41 |
| Reclamaciones de Bonos 2012 del ELA (Assured) | Clase 42 |
| Reclamaciones de Bonos Garantizados 2012 del ELA | Clase 44 |
| Reclamaciones de Bonos 2014 del ELA | Clase 46 |
| Reclamaciones de Bonos 2014 Minoristas del ELA | Clase 47 |
| Reclamaciones de Bonos Garantizados 2014 del ELA | Clase 49 |
| Reclamaciones de Jubilados Participantes del SRE por Encima del Umbral | Clase 51D |
| Reclamaciones de Jubilados Participantes del SRJ por Debajo del Umbral | Clase 51B |
| Reclamaciones de Jubilados Participantes del SRJ por Encima del Umbral | Clase 51E |
| Reclamaciones de Jubilados Participantes del SRM por Encima del Umbral | Clase 51F |
| Reclamaciones de Participantes Activos del SRE | Clase 51G |
| Reclamaciones de Participantes Activos del SRJ | Clase 51H |
| Reclamaciones de Participantes Activos del SRM | Clase 51I |
| Reclamaciones de Participantes de Nóminas de VTP por Encima del Umbral | Clase 51L |
| Reclamaciones de AFSCME | Clase 52 |
| Reclamaciones de productores lácteos | Clase 53 |
| Reclamaciones de dominio eminente | Clase 54 |
| Reclamaciones del Centro Médico | Clase 56 |
| Reclamaciones Generales Sin Garantía del ELA | Clase 58 |
| Reclamaciones del ELA/ACT | Clase 59 |
| Reclamaciones del ELA/Centro de Convenciones | Clase 60 |
| Reclamaciones del ELA/Impuesto al Ron de la AFI | Clase 61 |
| Reclamaciones del ELA/AMA | Clase 62 |
| Reclamaciones de Bonos del SRE | Clase 65 |
| Reclamaciones Generales Sin Garantía del SRE | Clase 66 |
| Reclamaciones Federales | Clase 69 |

3. ***Vista de confirmación.*** Se celebrará una vista para considerar la confirmación del Plan (la "Vista de Confirmación") ante la Honorable Laura Taylor Swain, en una vista telefónica a través de CourtSolutions los días **8 – 10, 12, 15 – 18 y 22 – 23 de noviembre a las 9:30 a.m. (hora estándar del Atlántico)**.

4. La Vista de Confirmación puede ser continuada periódicamente por el Tribunal o la Junta de Supervisión, sin notificación adicional o a través de aplazamientos anunciados en audiencia pública o como se indica en cualquier notificación de los asuntos que se considerarán en la vista presentada ante el Tribunal, y el Plan puede ser modificado, si es necesario, antes, durante o como resultado de la Vista de Confirmación, de acuerdo con las disposiciones de modificación del Plan y la Regla Local 3016-2, sin notificación adicional a las partes interesadas.

5. ***Depósito de confirmación del Plan***. La información relativa a la confirmación del Plan está disponible en línea en el Depósito de Confirmación del Plan en titleiiiplandataroom.com.

6. ***Fecha límite de objeción de la confirmación.*** El Tribunal ha establecido el **19 de octubre de 2021 a las 5:00 p.m. (hora estándar del Atlántico)** (la "Fecha Límite de Objeción a la Confirmación") como fecha límite para presentar objeciones o réplicas a la confirmación del Plan propuesto.

7. ***Objeciones y réplicas a la confirmación.*** Las objeciones y réplicas a la confirmación del Plan deben:

a. Estar redactadas por escrito, en inglés, y firmadas;

b. Indicar el nombre, el domicilio y la naturaleza de la Reclamación de la parte que se opone o responde;

c. Exponer en detalle el fundamento y la naturaleza de cualquier objeción o réplica y, cuando corresponda, la redacción propuesta que debe insertarse en el Plan con el fin de resolver cualquier objeción o réplica;

d. Presentarse electrónicamente ante el Tribunal en el registro *En referencia al Estado Libre Asociado de Puerto Rico*, Caso núm. 17 BK 3283-LTS, a través del sistema de registro de casos del Tribunal en formato de documento portátil con función de búsqueda, **como más tardar el 19 de octubre de 2021 las 5:00 p.m. (hora estándar del Atlántico).**

i. Si no es usted abogado registrado como usuario del sistema de registro de casos del Tribunal, podrá enviar por correo postal su objeción a la Oficina de Secretaría del Tribunal, a:
Tribunal de Distrito de EE.UU., Oficina de Secretaría
Avenida Carlos Chardón 150, Suite 150
San Juan, Puerto Rico 00918-1767
que deberá recibirse como más tardar **el 19 de octubre de 2021 las 5:00 p.m. (hora estándar del Atlántico)**.

e. Notificarse a la Oficina del Fideicomisario de Estados Unidos para el Distrito de Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (ref: En el caso: el Estado Libre Asociado de Puerto Rico) de manera que se reciba en o antes de la Fecha Límite de Objeción a la Confirmación Final.

8. ***Participación en la Indagatoria de confirmación.*** Si desea participar en la indagatoria relativa a la confirmación del Plan deberá presentar una notificación de sus intenciones de participar en la indagatoria (una "Notificación de indagatoria"), un formulario que encontrará en https://cases.primeclerk.com/puertorico/. Si presenta su Notificación de indagatoria como más tardar el **15 de agosto de 2021**, es posible que se le permita el acceso a documentos del Depósito del Plan donde se guardan información y documentos relativos al Plan, y podrá asimismo notificar sus propias solicitudes indagatorias. Si presenta su Notificación indagatoria después del **15 de agosto de 2021**, pero antes del **19 de agosto de 2021 (o en esta última fecha)**, es posible que se le permita el acceso a documentos del Depósito del Plan. Tenga en cuenta que el acceso a la información en el Depósito del Plan podría quedar sujeto al cumplimiento de los requisitos de acceso de los Deudores.

9. Deberá presentar la Notificación de indagatoria en el formato estipulado por el sitio web del Caso del Título III, a saber:

a. Estar por escrito, en inglés, e ir firmada;

b. Indicar su nombre, domicilio, naturaleza de su Reclamación y número de Reclamación;

c. Indicar sus intenciones de participar en la indagatoria relativa a la confirmación del Plan; y

d. Presentarla electrónicamente al Tribunal, en el registro CM/ECF Notificación de intenciones de participar en la indagatoria de la Confirmación del Plan del Estado Libre Asociado, en *En referencia al Estado Libre Asociado de Puerto Rico*, Caso núm. 17 BK 3283-LTS, a través del sistema de registro de casos del Tribunal como más tardar en la fecha de plazo final correspondiente.

i. Si no está usted representado por un abogado, podrá optar por enviar la Notificación de indagatoria por correo postal a la Oficina de Secretaría del Tribunal, en:
Tribunal de Distrito de EE.UU., Oficina de Secretaría
Avenida Carlos Chardón 150, Suite 150
San Juan, Puerto Rico 00918-1767
que deberá recibirse como más tardar en la fecha de plazo pertinente.

10. **Para poder participar en la indagatoria relacionada con la confirmación del Plan, deberá presentar la Notificación de indagatoria en plazo.** No obstante, si no presentase la Notificación de indagatoria en plazo, ello no será óbice para que presente una objeción a la confirmación del Plan como más tardar en el Plazo de objeción de la Confirmación, aunque no podrá ver los documentos del Depósito del Plan ni tampoco participar en la indagatoria.

11. ***Calendario y fechas límite de indagatoria.*** El Tribunal ha establecido el siguiente calendario y fechas límite, que serán aplicables a los Deudores y a otras partes interesadas que hayan presentado puntualmente una Notificación de indagatoria y tengan derecho a participar en la indagatoria[3].

| **Resumen de determinadas fechas límite** | |
|---|---|
| **3 de agosto de 2021** | Fecha final para que los Deudores presenten una lista preliminar de testigos de hechos, y temas sobre los cuales dichas personas testificarán (la "Lista preliminar de testigos de hechos de los Deudores"). |
| | Fecha final para que los Deudores presenten un resumen inicial explicando qué es lo que los Deudores pretenden demostrar en la confirmación. |
| **6 de agosto de 2021** | Fecha inicial para que todas las partes presenten sus solicitudes iniciales de presentación de documentos no depositados (las "Solicitudes iniciales de presentación". Los acreedores y las partes interesadas podrán presentar las Solicitudes iniciales de presentación solamente tras cursar una Notificación de intenciones de participar en la indagatoria (tal como se define a continuación). Las respuestas y objeciones a dichas Solicitudes iniciales de presentación se cursarán en un plazo de siete (7) días desde haber cursado dichas Solicitudes. |
| **15 de agosto de 2021** | Fecha final para que los acreedores y partes interesadas presenten una "Notificación de intenciones de participar en la indagatoria", también denominada "Notificación de indagatoria". Solamente las partes que presenten puntualmente una Notificación de intenciones de participar en la indagatoria podrán participar en la indagatoria, aunque hacerlo no será óbice para que una parte objete la confirmación del Plan. |
| **6 de septiembre de 2021** | Plazo final para que los Acreedores elegibles presenten una lista preliminar de testigos de hechos, y temas sobre los cuales dichas personas testificarán (una "Lista preliminar de testigos de hechos de los Acreedores elegibles"). |
| | Plazo final para que todas las partes presenten las declaraciones iniciales de peritos ("Declaraciones iniciales de peritos"). |
| **13 de septiembre de 2021** | Plazo final para que todas las partes presenten las declaraciones iniciales de peritos ("Declaraciones iniciales de peritos"). |
| | Fecha límite para que todas las partes presenten las notificaciones oficiales de declaración, los temas a declarar y los horarios solicitados para ello ("Notificaciones iniciales de declaración") (todas las partes tiene un tiempo limitado a siete (7) horas para las declaraciones). Se admitirán posteriores notificaciones siempre y cuando la indagatoria concluya en el plazo admitido. |
| **30 se septiembre de 2021** | Fecha límite para que todas las partes presenten las mociones "*Daubert*" y las mociones "*in limine*". |
| **1 de octubre de 2021** | Plazo final para que todas las partes presente un máximo de quince (15) interrogatorios ("Interrogatorios"), incluyendo subpartes. Las respuestas y objeciones a dichos Interrogatorios se cursarán antes de que transcurran diez (10) días desde el momento de presentación de los citados Interrogatorios. |
| **4 de octubre de 2021** | Plazo final para que todas las partes presenten las declaraciones de refutación de peritos ("Declaraciones de refutación de peritos"). |
| | Plazo final para que todas las partes presenten solicitudes de seguimiento de presentación de documentos ("Solicitudes de seguimiento de presentación" y, colectivamente, con las Solicitudes de presentación iniciales, las "Solicitudes de presentación"). |
| **8 de octubre de 2021** | Plazo final para que todas las partes presenten los informes de refutación de peritos ("Informes de refutación de peritos"). |
| | Plazo final para que los Deudores presenten una propuesta inicial de orden en apoyo de la confirmación del Plan (la "Propuesta inicial de orden de confirmación"). |
| **11 de octubre de 2021** | Plazo final para que las partes presenten solicitudes de admisión, limitadas a la autenticación de documentos ("Informes de admisión"). |
| | Conclusión de la indagatoria de hechos (la "Fecha límite de indagatoria de hechos"). |
| **15 de octubre de 2021** | Fecha límite para que todas las partes presenten las declaraciones de refutación de expertos ("Declaraciones de refutación de expertos"). |
| **18 de octubre de 2021** | Conclusión de la indagatoria de peritos (la "Fecha límite de indagatoria de peritos"). |
| **19 de octubre de 2021** | Fecha límite para que los Acreedores elegibles presenten sus objeciones a la confirmación del Plan ("Objeciones"). |
| | Fecha límite de presentación de la Notificación de intenciones de participar en la indagatoria o de la Notificación de indagatoria de los Acreedores elegibles que solamente deseen acceder a los documentos del Depósito del Plan. |
| **22 de octubre de 2021** | Fecha límite para que los Acreedores elegibles presenten objeciones a la Propuesta inicial de orden de confirmación. |
| | Fecha límite para que todas las partes presenten las listas de testigos, las listas de pruebas y las designaciones de declaraciones definitivas. |
| | Fecha límite para que todas las partes presenten sus oposiciones a las mociones "*Daubert*" y las mociones "*in limine*". |
| **25 de octubre de 2021** | Fecha límite para que todas las partes presenten las declaraciones de testigos que se utilizarán en la Vista de confirmación ("Declaraciones de testigos"). |
| | Fecha límite para que los Deudores presenten sus propuestas de conclusiones iniciales de hecho y de derecho en apoyo a la confirmación del Plan (las "Conclusiones iniciales de hecho y de derecho"). |
| **27 de octubre de 2021** | Fecha límite para que los Deudores presenten sus respuestas en apoyo a las Propuestas de orden de confirmación y Respuestas a las objeciones de confirmación del Plan. |
| **30 de octubre de 2021** | Fecha límite para que las partes presenten sus contradesignaciones, objeciones a las declaraciones designadas u objeciones a las listas de pruebas. |
| **1 de noviembre de 2021** | Vista virtual de las mociones "*in limine*". |
| **8 de noviembre de 2021** | Inicio de la Vista de confirmación. |

12. ***Fecha de registro de votación.*** La fecha de registro de la votación es el **13 de julio de 2021** (la "Fecha de Registro de Votación"), que es la fecha para determinar cuáles son los tenedores de Reclamaciones en las Clases con Derecho al Voto (excepto las Clases de Bonos[4], la Clase 51 y la Clase 52) que tienen derecho a votar sobre el Plan. Por lo tanto, solo los acreedores de una Clase con derecho al voto sobre el Plan y que tengan Reclamaciones contra los Deudores (excepto en las Clases de Bonos, la Clase 51 y la Clase 52) en la Fecha de Registro de Votación tienen derecho a votar sobre el Plan.

13. ***Fecha límite de votación.*** La fecha límite para votar el Plan es el **4 de octubre de 2021, a las 5:00 p.m. (hora estándar del Atlántico)**, salvo que se prorrogue dicha fecha (la "Fecha Límite de Votación"). ***No estará obligado a votar sobre el Plan para recibir distribuciones de conformidad con los términos y condiciones del Plan, si lo confirma el Tribunal y siempre y cuando sea usted titular de una Reclamación permitida.***

14. Si ha recibido un Paquete de Convocatoria, que incluye una Papeleta o una Notificación, y tiene intención de votar sobre el Plan, ***debe***: (a) seguir cuidadosamente las instrucciones; (b) completar ***toda*** la información requerida en la Papeleta (según sea el caso); y (c) (i) firmar y devolver su Papeleta completada de acuerdo con lo que se estipula en detalle en las instrucciones de votación incluidas en el Paquete de Convocatoria, de forma que su papeleta sea ***efectivamente recibida*** por el agente de convocatoria de los Deudores, Prime Clerk (el "Agente de Votación") en o antes de la Fecha Límite de Votación, o (ii) o dar instrucciones a su corredor o persona designada (cada uno de ellos, una "Persona Designada") para que entregue electrónicamente sus bonos a través del Programa Automatizado de Oferta de Presentación ("ATOP") en The Depository Trust Company ("DTC") de acuerdo con su deseo de votar para aceptar o rechazar el Plan en o antes de la Fecha Límite de Votación. ***El incumplimiento de estas instrucciones puede hacer que su voto sea descalificado.***

15. ***Fecha Límite de Elección***. La fecha límite para que los tenedores de Reclamaciones de Bonos elegibles que tengan derecho a elegir la forma de distribución según el Plan realicen dicha elección es el **4 de octubre de 2021, a las 5:00 p.m. (hora estándar del Atlántico)**, salvo que esta fecha se prorrogue (la "Fecha Límite de Elección"). Si ha recibido una Notificación con la opción de hacer una elección, ***debe***: (a) seguir cuidadosamente las instrucciones; y (b) entregar ***toda*** la información requerida de acuerdo con lo establecido en las instrucciones de elección de manera que sea recibida por su Persona Designada con tiempo suficiente para que su Persona Designada pueda ***ejecutar efectivamente*** su elección a través de ATOP de DTC en o antes de la Fecha Límite de Elección.

16. ***Partes interesadas sin derecho al voto.*** Se considera que los acreedores de las siguientes Clases rechazan el Plan y no tienen derecho al voto:
- Clase 63 (Reclamaciones por Asignaciones del ELA), y
- Clase 64 (Reclamaciones Subordinadas del ELA 510(b)).

17. Se considera que los acreedores de las siguientes Clases aceptan el Plan y no tienen derecho al voto, aunque recibirán las distribuciones de conformidad con los términos y condiciones del Plan, si este es confirmado por el Tribunal:
- Clase 51A (Reclamaciones de Jubilados Participantes del SRE por Debajo del Umbral)
- Clase 51C (Reclamaciones de Jubilados Participantes del SRM por Debajo del Umbral)
- Clase 51J (Reclamaciones de Participantes del Sistema 2000)
- Clase 51K (Reclamaciones de Participantes de Nóminas de VTP por Debajo del Umbral)
- Clase 55 (Reclamaciones de Incentivos Energéticos),
- Clase 57 (Reclamaciones de Créditos Contributivos),
- Clase 67 (Reclamaciones Gracia-Gracia), y
- Clase 68 (Reclamaciones de Conveniencia)

18. Si una Reclamación figura en la lista de acreedores de los Deudores [Caso Núm. 17-3283, ECF Núm. 1215, 1316, 2582, 10708] como contingente, no liquidada o impugnada y no se ha presentado una evidencia de reclamación (i) antes de la fecha límite para la presentación de evidencias de reclamación establecida por el Tribunal o de la Fecha de Registro de Votación (según sea el caso), lo que ocurra primero; o (ii) se considere presentada a tiempo por una orden del Tribunal antes de la Fecha Límite de Votación, dicha Reclamación no tendrá derecho a votación para aceptar o rechazar el Plan. Las evidencias de reclamación presentadas por $0.00 o las Reclamaciones que hayan sido impugnadas por orden del Tribunal tampoco tienen derecho al voto.

19. Si usted pertenece a las Clases 63 o 64, o ha presentado oportunamente una evidencia de reclamación y no está de acuerdo con la clasificación de los Deudores, la objeción o la solicitud de estimación de su Reclamación y cree que debería tener derecho a votar sobre el Plan, debe notificar a los Deudores y al Fideicomisario de Estados Unidos (puede consultar su dirección en el párrafo 7(e) precedente) y presentar ante el Tribunal (con copia al Despacho de la Juez) una moción (una "Moción de la Regla 3018(a)") para obtener una orden a tenor con la Regla 3018 de las Reglas Federales de Procedimiento de Quiebra (las "Reglas de Quiebra") que permita de forma temporal su Reclamación por un monto diferente o una Clase diferente a los efectos de votar para aceptar o rechazar el Plan. Todas las Mociones de la Regla 3018(a) deben presentarse en o antes del décimo (10º) día después de una de las siguientes fechas, la que ocurra último: (i) la notificación de esta Vista de Confirmación y (ii) la notificación de una objeción o solicitud de estimación, si la hubiera, en cuanto a dicha Reclamación. De acuerdo con la Regla de Quiebra 3018(a), en lo que respecta a cualquier acreedor que presente una Moción conforme a la Regla 3018(a), la Papeleta de dicho acreedor no se contabilizará, salvo que el Tribunal ordene lo contrario antes de la Fecha Límite de Votación (**4 de octubre de 2021 a las 5:00 p.m. (hora estándar del Atlántico)**). Los acreedores pueden ponerse en contacto con el Agente de Votación (i) por correo de primera clase o por mensajería nocturna, a Puerto Rico Ballot Processing, C/O Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, (ii) por teléfono llamando al (844) 822-9231 (llamada gratuita para EE.UU. y Puerto Rico) o al (646) 486-7944 (para llamadas internacionales), de 10:00 a.m. a 7:00 p.m. (hora estándar del Atlántico) (disponible en español), o (iii) o por correo electrónico a puertoricoinfo@primeclerk.com, para recibir una Papeleta adecuada para cualquier Reclamación para la que se haya presentado oportunamente una evidencia de reclamación y se haya concedido una Moción conforme a la Regla 3018(a). Las Mociones de la Regla 3018(a) que no se hayan presentado a tiempo y en la forma establecida en el presente no serán tenidas en cuenta.

20. Si desea que su Reclamación sea admitida provisionalmente a efectos de votación de conformidad con la Regla de Quiebras 3018(a), en https://cases.primeclerk.com/puertorico/ encontrará un formulario de la Regla 3018(a) con instrucciones para rellenar y presentar la moción.

21. ***Partes que no serán tratadas como Acreedores***. Cualquier tenedor de una Reclamación que (i) esté programado en la Lista de Acreedores a $0.00 y que no sea objeto de una evidencia de Reclamación presentada a tiempo o de una evidencia de reclamación que se considere presentada a tiempo ante el Tribunal a tenor con el Código de Quiebras o con cualquier orden del Tribunal, o que se considere presentada a tiempo según la ley aplicable, o (ii) no está programado y no es objeto de una evidencia de reclamación presentada a tiempo o una evidencia de reclamación considerada como presentada a tiempo ante el Tribunal a tenor con el Código de Quiebras o cualquier orden del Tribunal, o de otra manera considerada como presentada a tiempo conforme a la ley aplicable, no será tratado como un acreedor con respecto a dicha Reclamación a los efectos de (a) recibir notificaciones sobre el Plan, y (b) votar sobre el Plan.

22. ***Información adicional***. Cualquier parte interesada que desee obtener información sobre los procedimientos de convocatoria o copias de la Declaración de Divulgación o del Plan, incluyendo sus traducciones al español, debe ponerse en contacto con el Agente de Votación, Prime Clerk LLC, por teléfono llamando al (844) 822-9231 (llamada gratuita para EE.UU. y Puerto Rico) o al (646) 486-7944 (para llamadas internacionales), de 10:00 a.m. a 7:00 p.m. (hora estándar del Atlántico) (disponible en español), o por correo electrónico a puertoricoinfo@primeclerk.com, o puede ver dichos documentos accediendo a https://cases.primeclerk.com/puertorico/ o al sitio web del Tribunal, https://www.prd.uscourts.gov/. Tenga en cuenta que se necesita una contraseña y un inicio de sesión para acceder a los documentos que figuran en el sitio web del Tribunal a través del sistema de Acceso Público a los Registros Electrónicos del Tribunal (PACER, por sus siglas en inglés) (http://www.pacer.psc.uscourts.gov).

23. ***Reglas de Quiebra 2002(c)(3) y 3016(c)).*** **De acuerdo con las Reglas de Quiebra 2002(c)(3) y 3016(c), a continuación se exponen las disposiciones de descargo, exculpación e interdicto contenidas en el Plan:**

**Sección 92.2– Exoneración y descargo de reclamaciones y causas de acción**:

(a) Salvo que se disponga expresamente en el Plan o en la Orden de Confirmación, todas las distribuciones y derechos otorgados en virtud del Plan serán, y se considerarán, a cambio de, y en completa satisfacción, liquidación, exoneración y descargo de, todas las Reclamaciones o Causas de Acción contra las Partes Exoneradas que surgieron, en todo o en parte, antes de la Fecha de Vigencia, en relación con los Casos de Título III, los Deudores o los Deudores Reorganizados o cualquiera de sus respectivos Activos, bienes o intereses de cualquier naturaleza, incluidos los intereses devengados por dichas Reclamaciones en o a partir de la Fecha de Petición, e independientemente de que se hayan distribuido o retenido bienes a tenor con el Plan a causa de dichas Reclamaciones o Causas de Acción. En la Fecha de Vigencia, los Deudores y los Deudores Reorganizados se considerarán exonerados y eximidos de toda y cualquier Reclamación, Causas de Acción y cualquier otra deuda emergente, en su totalidad o en parte, antes de la Fecha de Vigencia (lo que incluye antes de la Fecha de Petición), y todas las Reclamaciones del tipo especificado en las secciones 502(g), 502(h) o 502(i) del Código de Quiebras, y la Sección 407 de PROMESA, ya sea o no (a) una evidencia de reclamación basada en la cual se presente o se considere que se ha presentado dicha Reclamación en virtud de la sección 501 del Código de Quiebras, (b) que se permita dicha Reclamación conforme a la sección 502 del Código de Quiebras y a la Sección 407 de PROMESA (o que se resuelva de otro modo), o (c) que el tenedor de una Reclamación basada en una deuda tal haya votado para aceptar el Plan. Para disipar cualquier duda, nada de lo contenido aquí ni en la Orden de confirmación librará, eximirá ni prescribirá ninguna reclamación o causa de acción contra la AEP derivada de, o relacionada con, los bonos emitidos por la AEP, incluyendo, entre otros, los emitidos con seguros monolínea pertinentes, y la AEP no exime de ninguna reclamación ni causa de acción contra cualquier Entidad no deudora. Las reclamaciones y causas de acción contra la AEP derivadas de, o relacionadas con, los bonos emitidos por la AEP, y las exenciones contra la AEP y sus activos, se dirigirán al caso del Título III de la AEP, incluyendo, entre otros, cualquier plan de ajuste pertinente.

(b) Salvo que se disponga expresamente en el Plan o en la Orden de Confirmación, todas las Entidades estarán impedidas de hacer valer todas y cada una de las Reclamaciones contra los Deudores y Deudores Reorganizados, y cada uno de sus respectivos Activos, bienes y derechos, remedios, Reclamaciones o Causas de Acción o responsabilidades de cualquier naturaleza, relacionadas con los Casos del Título III, los Deudores o los Deudores Reorganizados o cualquiera de sus respectivos Activos y bienes, incluyendo cualquier interés acumulado sobre dichas Reclamaciones desde y después de la Fecha de Petición, e independientemente de que se hayan distribuido o retenido bienes a tenor del Plan por cuenta de dichas Reclamaciones u otras obligaciones, demandas, sentencias, daños y perjuicios, deudas, derechos, remedios, causas de acción o responsabilidades. De acuerdo con lo anterior, salvo que se disponga expresamente en el Plan o en la Orden de Confirmación, la Orden de Confirmación constituirá una determinación judicial, a la Fecha de Vigencia, de la exoneración y descargo de todas esas Reclamaciones, Causas de Acción o deuda de o contra los Deudores y los Deudores Reorganizados a tenor con las secciones 524 y 944 del Código de Quiebras, aplicable al Caso de Título III a tenor con la Sección 301 de PROMESA, y dicha exoneración anulará y extinguirá cualquier sentencia obtenida contra los Deudores o Deudores Reorganizados y sus respectivos Activos, y bienes en cualquier momento, en la medida en que dicha sentencia esté relacionada con una Reclamación, deuda o responsabilidad que sea objeto de dicha exoneración. A la Fecha de Vigencia, y como contraprestación por el valor proporcionado en virtud del Plan, se considera que cada tenedor de una Reclamación de cualquier Clase en virtud de este Plan libera, renuncia y exonera para siempre, y liberará, renunciará y exonerará para siempre a, los Deudores y a los Deudores Reorganizados, y a sus respectivos Activos y bienes, y a todas esas Reclamaciones.

(c) No obstante cualquier otra disposición de esta Sección 92.2, de conformidad con las disposiciones del Acuerdo de Apoyo al Plan GO/AEP, se considerará que cada uno de los Acreedores del Acuerdo de Apoyo al Plan (AAP) GO/AEP y sus respectivas Personas Vinculadas, únicamente en su calidad de Acreedores de los Deudores, (i) han renunciado a y pactado no demandar o de otro modo intentar recuperar daños y perjuicios o buscar cualquier otro tipo de reparación contra cualquiera de los Exonerados del Gobierno basadas en, que se deriven de o estén relacionadas con las Reclamaciones Exoneradas del Gobierno o cualquiera de las Reclamaciones o Causas de Acción afirmadas o que podrían haber sido afirmadas, incluyendo, entre otros, en las Acciones de Recuperación (Clawback) y las Mociones de Levantamiento de la Paralización, y (ii) no ayudarán directa o indirectamente a ninguna persona a realizar ninguna acción con respecto a las Reclamaciones Exoneradas del Gobierno que esté prohibida por la presente Cláusula 92.2.

(d) Limitación de la SEC. No obstante nada de lo contenido en sentido contrario o en la Orden de confirmación, ninguna disposición tendrá como consecuencia (i) impedir que la SEC haga valer sus potestades en materia de políticas o reglamentos; ni (ii) impedir. limitar, perjudicar ni retrasar que la SEC inicie o continúe reclamaciones, pleitos, procedimientos o investigaciones contra personas físicas o jurídicas no deudoras en ningún foro.

(e) Limitación de los Estados Unidos. Limitación de la SEC. No obstante nada de lo contenido en sentido contrario o en la Orden de confirmación, ninguna disposición tendrá como consecuencia (i) impedir que los Estados Unidos o cualquiera de sus agencias, departamentos o agentes, o eximir de alguna manera que los Deudores o los Deudores reorganizados, según sea el caso, cumplan las leyes y requisitos federales o territoriales que implementen programas federalmente autorizados o delegados para la protección de la salud, la seguridad y el entorno de personas de dicho territorio, (ii) amplíe el ámbito de cualquier exoneración, exención o recurso a los cuales los Deudores o los Deudores reorganizados tengan derecho de conformidad con el Título III, ni (iii) eximan, descarguen, impida o prohíban de alguna manera (A) cualquier responsabilidad de los Deudores o los Deudores reorganizados ante los Estados Unidos derivados de, y posteriores a, la Fecha de Entrada en vigencia, (B) cualquier responsabilidad de cara a los Estados Unidos que no sea una Reclamación, (C) cualquier defensa afirmativa o cualquier derecho de compensación o recobro de los Estados Unidos, de los Deudores o de los Deudores reorganizados, según proceda, reservándose expresamente dichos derechos de compensación y recobro de las citadas partes, (D) la continuidad de la validez de las obligaciones de los Estados Unidos, de los Deudores o de los Deudores reorganizados, según proceda, en virtud de cualquier subsidio o acuerdo de asistencia cooperativa de los Estados Unidos, (E) las obligaciones de los Deudores o de los Deudores reorganizados derivadas de políticas, leyes o reglamentos federales, incluyendo, entre otros, leyes relativas al medio ambiente, la salud o la seguridad pública, o leyes territoriales que implementen dichas disposiciones legales federales, incluyendo, entre otros, obligaciones de cumplimiento normativo, requisitos de decretos de consentimiento o de órdenes judiciales, y obligaciones de pagar las correspondientes penalizaciones administrativas, civiles y de otra índole, (F) cualquier responsabilidad en materia de medio ambiente u obligación para con los Estados Unidos que los Deudores, los Deudores reorganizados, sus sucesores o cualquier otra persona física o jurídica puedan tener como propietarios o explotadores de bienes raíces que se hubiesen producido durante el período a partir de la Fecha de Entrada en vigencia, incluyendo, entre otros, obligaciones de cumplimiento normativo, requisitos de decretos de consentimiento u órdenes judiciales y obligaciones de pagar las correspondientes penalizaciones administrativas, civiles y de otra índole, y (G) cualquier responsabilidad de cara a los Estados Unidos por parte de cualquier no deudor. Sin que ello suponga una limitación a la generalidad de lo antedicho, nada de lo contenido aquí ni en la Orden de confirmación podrá considerarse (i) una determinación de la obligación tributaria de cualquier entidad, incluyendo, entre otros, los Deudores y los Deudores reorganizados, (ii) vinculante para el IRS con respecto a las obligaciones tributarias federales, situación fiscal u obligaciones de declaración y retención de impuestos de cualquier entidad, incluyendo, entre otros, los Deudores y los Deudores reorganizados, (iii) una exención, satisfacción, excepción ni prohibición de cualquier recaudación reclamada por el IRS contra cualquier entidad que no sean los Deudores y los Deudores reorganizados, y (iv) otorgar ninguna exención a ninguna Entidad que el Tribunal tenga prohibido por la Ley de Sentencias Declaratorias, 28 U.S.C. § 2201(a) o la Ley contra Medidas Cautelares aplicables a impuestos, 26 U.S.C. § 7421(a).

(f) Actuaciones de las aseguradoras. No obstante cualquier disposición en sentido contrario contenida aquí o en la Orden de confirmación, incluyendo, entre otros, las Secciones 92.2, 92.3 y 92.11 del Plan, y salvo que esté excluido por lo estipulado en PROMESA, nada de lo contenido en el Plan, la Orden de confirmación u oro documento relacionado con el Plan incluido en el Suplemento del Plan, tiene por objeto ni podrá interpretarse como un intento de perjudicar, alterar, modificar, disminuir, prohibir, impedir, restringir, limitar, eximir, reducir, eliminar o limitar los derechos de demandados y demandantes, incluyendo, entre otros, las partes de las Actuaciones de las aseguradoras, de hacer valer sus respectivos derechos, reclamaciones, causas de acción y defensa.

**Sección 92.3 – Interdicto sobre las Reclamaciones**: Salvo que se disponga expresamente lo contrario en el Plan, en la Orden de Confirmación o en cualquier otra Orden Definitiva del Tribunal del Título III que pueda ser aplicable, todas las Entidades que hayan tenido, tengan o puedan tener Reclamaciones o cualquier otra deuda o responsabilidad que se exonere o renuncie a tenor con la Sección 92.2 del presente o que hayan tenido, tengan o puedan tener Reclamaciones o cualquier otra deuda o responsabilidad que se exonere o renuncie a tenor con la Sección 92.2 del presente tienen permanentemente prohibido, en o a partir de la Fecha de Vigencia, (a) comenzar o continuar, directa o indirectamente, de cualquier manera, cualquier acción u otro procedimiento (incluyendo, entre otros, cualquier procedimiento judicial, arbitral, administrativo u otro) de cualquier índole sobre cualquier Reclamación u otra deuda o responsabilidad que se exonere a tenor con el Plan contra cualquiera de las Partes Exoneradas o cualquiera de sus respectivos activos o bienes, (b) la ejecución, el embargo, el cobro o la recuperación por cualquier forma o medio de cualquier sentencia, laudo, decreto u orden contra cualquiera de las Partes Exoneradas o cualquiera de sus respectivos activos o bienes por cuenta de cualquier Reclamación u otra deuda o responsabilidad que se exonere a tenor con el Plan, (c) crear, perfeccionar o aplicar cualquier gravamen de cualquier tipo contra cualquiera de las Partes Exoneradas o cualquiera de sus respectivos activos o bienes por cuenta de cualquier Reclamación u otra deuda o responsabilidad que se exonere en conformidad con el Plan; y (d) salvo en la medida en que se disponga, permita o preserve en las secciones 553, 555, 556, 559 o 560 del Código de Quiebras o conforme al derecho de recuperación del derecho consuetudinario, hacer valer cualquier derecho de compensación, subrogación o recuperación de cualquier tipo contra cualquier obligación debida de cualquiera de las Partes Exoneradas o cualquiera de sus respectivos activos o bienes, con respecto a cualquier Reclamación y otra deuda o responsabilidad que se exonere en conformidad con el Plan. Este interdicto se extenderá a todos los sucesores y cesionarios de las Partes Exoneradas y sus respectivos activos y bienes.

**Sección 92.5 – Exoneraciones de los Deudores y Deudores Reorganizados**: Salvo que se disponga expresamente lo contrario en el Plan o en la Orden de Confirmación, en la Fecha de Vigencia, y por una contraprestación válida y susceptible de apreciación pecuniaria, cada uno de los Deudores y los Deudores Reorganizados, el Agente Pagador y cada una de las Personas Relacionadas de los Deudores y los Deudores Reorganizados, se considerará que ha, y por la presente lo hace de manera irrevocable e incondicional, plenamente, definitivamente y a perpetuidad, renunciado, exonerado, absuelto y relevado a las Partes Exoneradas de toda y cualquier Reclamación o Causas de Acción que los Deudores, los Deudores Reorganizados y el Agente Pagador, o cualquiera de ellos, o cualquiera que reclame a través de ellos, en su nombre o para su propio beneficio, tengan o pudieran tener o reclamaran tener, ahora o en el futuro, contra cualquier Parte Exonerada que sean Reclamaciones Exoneradas o que de otro modo se basen en, se relacionen con, o surjan de o en conexión con, en su totalidad o en parte, cualquier acto, omisión, transacción, evento u otra circunstancia relacionada con los Casos de Título III, los Deudores que tengan lugar o existan en o antes de la Fecha de Vigencia, y/o cualquier Reclamación, acto, hecho, transacción, ocurrencia, declaración u omisión en relación con ello, o que podría haber sido alegada, incluyendo, entre otros, cualquier Reclamación, demanda, derecho, responsabilidad, o causa de acción para la indemnización, contribución u otro fundamento, según la ley escrita o el derecho consuetudinario, por daños y perjuicios, costos u honorarios.

**Sección 92.6 – Interdictos relacionados con descargos**: A la Fecha de Vigencia, todas las Entidades que tengan, hayan tenido o puedan tener una Reclamación Exonerada que es tal en conformidad con la Sección 92.5 del Plan, están, y estarán, permanentemente, para siempre y completamente suspendidas, restringidas, prohibidas, vetadas e inhabilitadas para llevar a cabo cualquiera de las siguientes acciones, ya sea directa o indirectamente, de forma derivada o de otra manera, a causa o en base al objeto de dichas Reclamaciones Exoneradas: (i) iniciar, realizar o continuar de cualquier manera, ya sea directa o indirecta, cualquier juicio, acción u otro procedimiento (lo que incluye, entre otros, cualquier procedimiento judicial, arbitral, administrativo o de otro tipo) en cualquier foro; (ii) aplicar, embargar (lo que incluye, entre otros, cualquier embargo previo a la sentencia), cobrar o intentar de cualquier manera recobrar cualquier sentencia, laudo, decreto u otra orden; (iii) crear, perfeccionar o de cualquier manera aplicar en cualquier cuestión, directa o indirectamente, cualquier Gravamen; (iv) compensar, buscar reembolsos o contribuciones de o subrogación contra, o recuperar de cualquier otra manera, directa o indirecta, cualquier monto contra cualquier pasivo u obligación adeudados a cualquier Entidad exonerada conforme a la Sección 92.5 del presente; e (v) iniciar y continuar de cualquier manera y en cualquier lugar, cualquier procedimiento judicial, de arbitraje o administrativo en cualquier foro, que no cumpla o no sea compatible con las disposiciones del Plan o de la Orden de Confirmación. Para evitar dudas, las siguientes estipulaciones se extinguirán con el registro de la Orden de Confirmación: la Cuarta Estipulación Enmendada entre el Estado Libre Asociado de Puerto Rico y la Autoridad de Carreteras y Transportación de Puerto Rico con respecto a la Suspensión de la Prescripción y Orden de Consentimiento [Caso Núm. 173283-LTS, ECF Núm. 15854], y sus enmiendas; y la Cuarta Estipulación Enmendada y Orden de Consentimiento entre los Deudores del Título III (salvo COFINA) y la Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico actuando en nombre de las entidades gubernamentales enumeradas en el Apéndice "B" en relación con la Suspensión de la Prescripción [Caso Núm. 17-3283-LTS, ECF Núm. 17394, y sus enmiendas.

**Sección 92.7 – Exculpación**:

(a) **Partes del Gobierno:** La Junta de Supervisión, AAFAF, los Deudores y cada una de las respectivas Personas Relacionadas, actuando exclusivamente en su capacidad como tales en cualquier momento hasta la Fecha de Vigencia inclusive, no tendrán ni incurrirán en responsabilidad legal alguna ante cualquier Entidad por actos u omisiones en relación con los Casos de Título III, la formulación, preparación, difusión, implementación, confirmación o aprobación del Plan o de cualquier transacción o acuerdo contenido en estos, la Declaración de Divulgación, o cualquier contrato, instrumento, publicación u otro acuerdo o documento previsto o contemplado en relación con el perfeccionamiento de las transacciones establecidas en el Plan; disponiéndose, sin embargo, que las disposiciones que anteceden a esta Sección 89.7 no afectarán las responsabilidades de cualquier Entidad que de otro modo hubieren resultado de dicho acto u omisión en la medida en que se determine en una Orden Definitiva que dicho acto u omisión constituyó fraude intencional o conducta dolosa. Ninguna de las disposiciones anteriores de esta Sección 89.7(a) menoscabará el derecho de ninguna de las Partes del Gobierno, ni de los funcionarios y directivos de las Partes del Gobierno que cumplan funciones en cualquier momento hasta la Fecha de Vigencia, inclusive, ni de cada uno de sus profesionales respectivos de recurrir al asesoramiento de un abogado como defensa respecto de sus deberes y responsabilidades en virtud del Plan.

(b) **Acreedores del AAP:** Cada uno de los Acreedores del AAP, exclusivamente en su calidad de partes del Acuerdo de Apoyo al Plan de GO/AEP y/o del Acuerdo de Apoyo al Plan de la ACT/ADCC y un Acreedor y/o aseguradora, según proceda, desde la Fecha de Petición y hasta la Fecha de Vigencia, inclusive, y cada una de sus respectivas Personas Relacionadas, no tendrán ni incurrirán en responsabilidad legal alguna ante cualquier Entidad por actos u omisiones en relación con los Casos de Título III, la mediación, negociación, formulación, preparación, difusión, implementación, confirmación o aprobación del Plan o de cualquier transacción o acuerdo contenido en estos, la Declaración de Divulgación, el Acuerdo de Apoyo al Plan de GO/AEP, el Acuerdo de Apoyo al Plan de la ACT/ADCC, los Documentos Definitivos o cualquier contrato, instrumento, publicación u otro acuerdo o documento previsto o contemplado en relación con el perfeccionamiento de las transacciones establecidas en el Plan; disponiéndose, sin embargo, que las disposiciones que anteceden a esta Sección 92.7(b) no afectarán las responsabilidades legales de cualquier Entidad que de otro modo hubieren resultado de dicho acto u omisión en la medida en que se determine en una Orden Definitiva que dicho acto u omisión constituyó fraude intencional o conducta dolosa.

(c) **Comité de Retirados:** Cada uno de los miembros del Comité de Retirados, exclusivamente en su calidad de miembro del Comité de Retirados y como Acreedor, según corresponda, desde la Fecha de Petición hasta la Fecha de Vigencia, inclusive, y cada una de las Personas Relacionadas del Comité de Retirados no tendrán ni incurrirán en responsabilidad legal alguna ante cualquier Entidad por actos u omisiones en relación con los Casos de Título III, la formulación, preparación, difusión, implementación, confirmación o aprobación del Plan o de cualquier compromiso o acuerdo contenido en estos, la Declaración de Divulgación, el Acuerdo de Apoyo del Plan del Comité de Retirados,o cualquier contrato, instrumento, publicación u otro acuerdo o documento previsto o contemplado en relación con el perfeccionamiento de las transacciones establecidas en el Plan y en el Acuerdo de Apoyo del Plan del Comité de Retirados; disponiéndose, sin embargo, que las disposiciones que anteceden a esta Sección 92.7(c) no afectarán la responsabilidad legal de cualquier Entidad que de otro modo habría resultado de dicho acto u omisión en la medida en que se determine en una Orden Definitiva que dicho acto u omisión constituyó fraude intencional o conducta dolosa.

(d) **Comité de Acreedores:** cada uno de los miembros del Comité de Acreedores, exclusivamente en su calidad de miembro del Comité de Acreedores, desde la Fecha de Petición hasta la Fecha de Vigencia, inclusive, y cada una de las Personas Relacionadas del Comité de Acreedores no tendrán ni incurrirán en responsabilidad legal alguna ante cualquier Entidad por actos u omisiones en relación con los Casos de Título III, la formulación, preparación, difusión, implementación, confirmación o aprobación del Plan o de cualquier compromiso o acuerdo contenido en estos, la Declaración de Divulgación, o cualquier contrato, instrumento, publicación u otro acuerdo o documento previsto o contemplado en relación con el perfeccionamiento de las transacciones establecidas en el Plan; disponiéndose, sin embargo, que las disposiciones que anteceden a esta Sección 92.7(d) no afectarán la responsabilidad legal de cualquier Entidad que de otro modo hubiere resultado de dicho acto u omisión en la medida en que se determine en una Orden Definitiva que dicho acto u omisión constituyó fraude intencional o conducta dolosa.

(e) **AFSCME:** Cada una de las partes de AFSCME exclusivamente en su calidad de parte del Acuerdo de Apoyo al Plan de la AFSCME y Acreedor, según corresponda, desde la Fecha de Petición hasta la Fecha de Vigencia, inclusive, y cada una de sus respectivas Personas Relacionadas no tendrán ni incurrirán en responsabilidad legal alguna ante cualquier Entidad por actos u omisiones en relación con los Casos de Título III, la formulación, preparación, difusión, implementación, confirmación o aprobación del Plan o de cualquier compromiso o acuerdo contenido en estos, la Declaración de Divulgación, el Acuerdo de Apoyo al Plan de AFSCME, o cualquier contrato, instrumento, publicación u otro acuerdo o documento previsto o contemplado en relación con el perfeccionamiento de las transacciones establecidas en el Plan y en el Acuerdo de Apoyo al Plan de AFSCME; disponiéndose, sin embargo, que las disposiciones que anteceden a esta Sección 89.7(e) no afectarán la responsabilidad legal de cualquier Entidad que de otro modo hubiere resultado de dicho acto u omisión en la medida en que se determine en una Orden Definitiva que dicho acto u omisión constituyó fraude intencional o conducta dolosa.

(f) **Aseguradoras Monolínea:** Ambac, Assured, FGIC, National, Syncora y sus respectivas Personas Relacionadas, no tendrán ni incurrirán en responsabilidad legal alguna ante ninguna Entidad por actos u omisiones que sean compatibles con el Plan en relación con la formulación, preparación, difusión, implementación, aceptación, confirmación o aprobación del Plan, lo que incluye, entre otros, el tratamiento de las Reclamaciones de Bonos Asegurados de Ambac, las Reclamaciones de Bonos Asegurados de Assured, las Reclamaciones de Bonos Asegurados de FGIC, las Reclamaciones de Bonos Asegurados de National o las Reclamaciones de Bonos Asegurados de Syncora, los procedimientos de votación, los procedimientos de elección y cualquier descargo de obligaciones en virtud de las Pólizas de Seguro de Ambac, las Pólizas de Seguro de Assured, las Pólizas de Seguro de FGIC, las Pólizas de Seguro de National o las Pólizas de Seguro de Syncora aplicables: disponiéndose, sin embargo, que no obstante cualquier disposición en contrario en el presente, los términos y las disposiciones del Plan no relevarán ni exculparán, ni se entenderá que relevan o exculpan, con respecto a cualquier beneficiario de Bonos Asegurados de Ambac, Bonos Asegurados de Assured, Bonos Asegurados de FGIC, Bonos Asegurados de National o Bonos Asegurados de Syncora cualquier obligación de pago en virtud de la Póliza de Seguro de Ambac, la Póliza de Seguro de Assured, la Póliza de Seguro de FGIC, la Póliza de Seguro de National o la Póliza de Seguro de Syncora aplicables de acuerdo con sus términos únicamente en la medida en que dicho tenedor no reciba el Tratamiento de Ambac, el Tratamiento de Assured, el Tratamiento de FGIC, el Tratamiento de National o el Tratamiento de Syncora, según corresponda (o cualquier reclamación que Ambac, Assured, FGIC National o Syncora puedan tener en contra de un beneficiario de los respectivos bonos asegurados de Ambac, de Assured, de FGIC, de National o de Syncora con respecto a las Pólizas de Seguro de Ambac, Assured, FGIC, National o Syncora, según proceda).

**Sección 92.8 – Litigio Relacionado con las Designaciones**: No obstante cualquier disposición en contrario en el presente, en el caso de que se dicte una Orden Definitiva en relación con el Litigio Relacionado con las Designaciones o el Litigio de Uniformidad con posterioridad a la emisión de la Orden de Confirmación, como contraprestación de la distribuciones efectuadas, que se efectuarán, o que se considerarán efectuadas de conformidad con los términos y disposiciones del Plan y los documentos e instrumentos relacionados con este, todos los Acreedores o las demás Entidades que reciban, o se considere que han recibido, distribuciones en conformidad con el Plan o como resultado del Plan, consienten y aceptan que dicha Orden Definitiva no revertirá, afectará ni modificará de otro modo las transacciones contempladas en el Plan y en la Orden de Confirmación, lo que incluye, entre otros, los descargos, exculpaciones e interdictos previstos en el Artículo XCII del Plan.

**Sección 92.9 – Orden de prohibición:** Dentro de los límites que se estipulan en el Plan, todas y cada una de las Entidades quedan permanentemente inhabilitadas, prohibidas y restringidas de instituir, procesar, tramitar o litigar de cualquier manera todas y cada una de las Reclamaciones, demandas, derechos, responsabilidades o causas de acción de cualquier tipo, carácter o naturaleza, según el sistema de derecho escrito o consuetudinario, conocidas o desconocidas, directas o derivadas, afirmadas o no, contra cualquiera de las Partes Exoneradas, basadas en, relacionadas con, o que surjan de o en conexión con cualquiera de las Reclamaciones Exoneradas, la confirmación y perfeccionamiento del Plan, la negociación y perfeccionamiento del Acuerdo de Apoyo al Plan GO/AEP, o cualquier reclamación, acto, hecho, transacción, ocurrencia, declaración u omisión en relación con, o alegada o que podría haber sido alegada en los Casos de Título III, lo que incluye, entre otros, cualquier reclamación, demanda, derecho, responsabilidad, o causa de acción para la indemnización, contribución u otro fundamento de este tipo, según el sistema de derecho escrito o consuetudinario, por daños y perjuicios, costos u honorarios incurridos que surjan directa o indirectamente de los Casos de Título III o que estén relacionados con ellos de otra manera, ya sea directa o indirectamente por cualquier Persona en beneficio directo o indirecto de cualquier Parte Exonerada que surja de o esté relacionado con las reclamaciones, actos, hechos, transacciones, ocurrencias, declaraciones u omisiones que son, podrían haber sido o pueden ser alegados en las acciones relacionadas o cualquier otra acción iniciada o que pueda ser iniciada por, a través de, en nombre de, o en beneficio de cualquiera de las Partes Exoneradas (ya sea que deriven de la ley federal, estatal o extranjera e independientemente de dónde se afirmen).

**Sección 92.11 – Interdicto complementario:** No obstante cualquier disposición en contrario en el presente, salvo dentro de los límites que se estipulan en el Plan, todas las Entidades, incluidas las Entidades que actúan en su propio nombre, que actualmente tienen o afirman, han tenido o afirmado, o pueden tener o afirmar cualquier Reclamación Exonerada en contra de cualquiera de las Partes Exoneradas basada en, atribuible a, que surja de o relacionada con los Casos del Título III o cualquier Reclamación contra los Deudores, cuando quiera y dondequiera que surja o se afirme, ya sea en los EE. UU. o en cualquier otra parte del mundo, por contrato o extracontractual, basada en garantía, ley o cualquier otra teoría del derecho escrito o consuetudinario o de otra índole, estará y se considerará que está permanentemente paralizada, restringida y prohibida de iniciar cualquier acción contra cualquiera de las Partes Exoneradas con el fin de cobrar, recuperar o recibir, directa o indirectamente, cualquier pago o recuperación con respecto a cualquier Reclamación Exonerada emergente con anterioridad a la Fecha de Vigencia (incluso con anterioridad a la Fecha de la Petición), incluyendo, entre otros:

(a) Iniciar o continuar de cualquier manera acciones u otros procedimientos de cualquier clase con respecto a dichas Reclamaciones Exoneradas contra cualquiera de las Partes Exoneradas o los activos o los bienes de cualquier Parte Exonerada;

(b) Aplicar, embargar, cobrar o recobrar, de cualquier manera y por cualquier medio, sentencias, laudos, decretos u órdenes en contra de cualquiera de las Partes Exoneradas o los activos o los bienes de estas, con relación a dichas Reclamaciones Exoneradas;

(c) Crear, perfeccionar o ejecutar un Gravamen de cualquier tipo contra cualquiera de las Partes Exoneradas o los activos o bienes de cualquiera de las Partes Exoneradas con respecto a dicha Reclamación Exonerada;

(d) Salvo que se disponga expresamente en el Plan o en la Orden de Confirmación, hacer valer, implementar o efectuar cualquier compensación, derecho de subrogación, indemnización, contribución o recuperación de cualquier tipo contra cualquier obligación exigible a cualquiera de las Partes Exoneradas o contra los activos o bienes de cualquiera de las Partes Exoneradas con respecto a dicha Reclamación Exonerada; y

(e) Tomar cualquier medida, de cualquier manera, en cualquier lugar, que no se ajuste o cumpla con las disposiciones del Plan o la Orden de Confirmación; disponiéndose, sin embargo, que el cumplimiento de los Deudores con los requisitos formales de la Regla de Quiebras 3016 no constituirá una admisión de que el Plan contempla cualquier interdicto en contra de una conducta que no esté de otro modo prohibida por el Código de Quiebras.

Fecha: 2 de agosto de 2021, San Juan, Puerto Rico

Atentamente, /f/ Martin J. Bienenstock, Martin J. Bienenstock (*pro hac vice*), Brian S. Rosen (*pro hac vice*), **PROSKAUER ROSE LLP,** Eleven Times Square, Nueva York, NY 10036, *Abogados de la Junta de Supervisión y Administración Financiera como representantes de los Deudores* -y- /f/ Hermann D. Bauer, Hermann D. Bauer, USDC (Tribunal de Distrito de los Estados Unidos) Núm. 215205, **O'NEILL & BORGES LLC,** 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918-1813, *Coabogados de la Junta de Supervisión y Administración Financiera en representación de los Deudores*

[1] Los Deudores en estos Casos del Título III, junto con el número de caso de Título III respectivo de cada Deudor y los últimos cuatro (4) dígitos del número de identificación fiscal federal de cada Deudor, según corresponda, son (i) el Estado Libre Asociado (ELA) de Puerto Rico (Caso de Quiebra Núm. 17-BK-3283- LTS) (Últimos cuatro dígitos del Número de identificación fiscal federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante ("COFINA") de Puerto Rico (Núm. de Caso de Quiebra 17-BK-3284-LTS) (Últimos cuatro dígitos del Número federal del contribuyente: 8474); (iii) la Autoridad de Carreteras y Transportación ("ACT") de Puerto Rico (Núm. de Caso de Quiebra 17-BK-3567-LTS) (Últimos cuatro dígitos del Número federal del contribuyente: 3808); (iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("SRE") (Núm. de Caso de Quiebra 17-BK-3566-LTS) (Últimos cuatro dígitos del Número federal del contribuyente: 9686); (v) la Autoridad de Energía Eléctrica ("AEE") de Puerto Rico (Núm. de Caso de Quiebra 17- BK-4780-LTS) (Últimos cuatro dígitos del Número federal del contribuyente: 3747); y (vi) la Autoridad de Edificios Públicos ("AEP") de Puerto Rico (Núm. de Caso de Quiebra 19-BK-5523-LTS) (Últimos cuatro dígitos del Número federal del contribuyente: 3801) (Los números de caso de Título III figuran como números de Caso de Quiebra debido a limitaciones del software).

[2] Todos los términos en mayúsculas que se utilizan pero que no se definen de otro modo tendrán el significado que se les atribuye en el Plan.

[3] Todas las fechas y procedimientos estipulados en esta notificación están sujetos a modificación como consecuencia de una nueva orden judicial.

[4] Para evitar cualquier duda, dado que los titulares de Reclamaciones de las Clases de Bonos deben enviar su voto y/o elección a través de la Plataforma Automatizada de Oferta de Presentación de DTC, la Fecha de Registro de la Votación no será de aplicación a las Clases de Bonos, y los titulares de los valores correspondientes en el momento de la emisión serán elegibles para votar y/o realizar una elección.

# Exhibit D

***El Diario NY***

**<u>(September 1, 2021)</u>**



EL CAMPEON DE LOS HISPANOS

# EL DIARIO

**LA PRENSA**                    WWW.ELDIARIONY.COM

an impreMedia company

**Affidavit of Publication State of New York County of New York, ss:**
**The undersigned, <u>Esperanza Ruiz,</u> is an Account Executive of**
**EL DIARIO/LA PRENSA** a company of Impremedia, located at
15 Metro Tech Center, 7th Floor, Brooklyn, NY 11201

This is a daily newspaper published in <u>**New York State.**</u> The 2 page legal
notice of <u>**The Commonwealth of Puerto Rico**</u> was published in said
newspaper as set forth below or in the annexed exhibit.

This newspaper has been
designated by the Clerk of New York County for this purpose.

**Said Notice was published on:**

**Wednesday, September 01, 2021**
**Wednesday, September 15, 2021**
**Wednesday, September 29, 2021**

**Subscribed and sworn to before me this**                    *Esperanza Ruiz*
                                                            Esperanza Ruiz
day <u>30</u> of <u>September</u> 2021          Account Executive

**Notary Public, New York County, N.Y.**

Jenny Alexandra Vera
Notary Public, State of New York
No. 01VE6346942
Qualified in Queens County
Commission Expires August 22, 20__24
New York
Queens

15 Metro Tech Center, 7th Fl. Brooklyn, NY 11201   Phone: ( 212) 807-4763   Fax: ( 212) 807-4617

## Aviso Público (página 1 de 2)

**ANTE EL TRIBUNAL DE DISTRITO DE ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO**

En el caso:

LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,

como representante de

EL ESTADO LIBRE ASOCIADO DE PUERTO RICO, EL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y LA AUTORIDAD DE EDIFICIOS PÚBLICOS DE PUERTO RICO,

Deudores.[1]

Título III de PROMESA

Núm. 17 BK 3283-LTS

(Con administración conjunta)

**NOTIFICACIÓN DE (I) LA APROBACIÓN DE LA DECLARACIÓN DE DIVULGACIÓN, (II) EL ESTABLECIMIENTO DE LAS FECHAS DE REGISTRO, (III) LA VISTA DE CONFIRMACIÓN DEL PLAN DE AJUSTE Y LOS PROCEDIMIENTOS DE OBJECIÓN A LA CONFIRMACIÓN DEL PLAN DE AJUSTE, (IV) LOS PROCEDIMIENTOS Y LA FECHA LÍMITE PARA VOTAR SOBRE EL PLAN DE AJUSTE Y LA REALIZACIÓN DE DETERMINADAS ELECCIONES EN VIRTUD DE DICHO VOTO**

**FECHA LÍMITE DE VOTACIÓN Y ELECCIÓN: 5:00 p.m. (AST) del 4 de octubre de 2021**
**FECHA LÍMITE DE OBJECIONES: 5:00 p.m. (AST) del 19 de octubre de 2021**
**VISTA DE CONFIRMACIÓN: 8 al 10, 12, 15 al 18, y 22-23 de noviembre de 2021 a las 09:30 a.m. (AST)**

Si tiene alguna pregunta sobre esta notificación, comuníquese con Prime Clerk LLC por teléfono llamando al (844) 822-9231 (gratuito para Estados Unidos y Puerto Rico) o al (646) 486-7944 (para llamadas internacionales), de 10:00 a.m. a 7:00 p.m. (hora estándar del Atlántico) (disponible en español), o por correo electrónico enviando un mensaje a puertoricoinfo@primeclerk.com.

**TENGA EN CUENTA LO SIGUIENTE:**

1. **Aprobación de la Declaración de Divulgación.** Mediante orden de fecha 2 de agosto de 2021 [ECF Núm. 17639] (la "Orden de Declaración de Divulgación"), el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico (el "Tribunal") aprobó la adecuación de la información contenida en la *Declaración de Divulgación para el Séptimo Plan de Ajuste Conjunto Enmendado de Título III del Estado Libre Asociado de Puerto Rico, y otros*, de fecha 30 de julio de 2021 (con sus posibles modificaciones o enmiendas, incluyendo todos los anexos y apéndices a esta, la "Declaración de Divulgación") presentada por la Junta de Supervisión y Administración Financiera en nombre del Deudor, y autorizó a los Deudores a convocar a la votación con respecto a la aceptación o rechazo del *Séptimo Plan de Ajuste Conjunto Enmendado de Título III del Estado Libre Asociado de Puerto Rico, y otros*, de fecha 30 de julio de 2021 (con sus posibles modificaciones o enmiendas, incluyendo todos los anexos y apéndices a este, el "Plan").[2]

Podrá solicitar una copia impresa del Plan y de la Declaración de Divulgación, incluyendo traducciones al español de ambos documentos, poniéndose en contacto con el Agente de Votación, Prime Clerk LLC:

**Por teléfono (10:00 a.m. hasta 7:00 p.m. (AST)) (disponible atención en español):**
**(844) 822-9231 (llamada gratuita en EE.UU. y Puerto Rico)**
**(646) 486-7944 (llamadas internacionales)**
**Correo electrónico: puertoricoinfo@primeclerk.com**

Alternativamente, podrá consultar las copias electrónicas de la Declaración de Divulgación y del Plan visitando https://cases.primeclerk.com/puertorico/

2. De acuerdo con la Orden de Declaración de Divulgación, los Deudores enviarán por correo los materiales necesarios para votar el Plan o hacer elecciones sobre las distribuciones en virtud de este (el "Paquete de Convocatoria") a los Tenedores de Reclamaciones de las siguientes Clases (colectivamente, las "Clases con Derecho al Voto"):

| | Clase |
|---|---|
| Reclamaciones de Bonos Vintage de la AEP | Clase 1 |
| Reclamaciones de Bonos Vintage de la AEP (Assured) | Clase 2 |
| Reclamaciones de Bonos Vintage de la AEP (National) | Clase 3 |
| Reclamaciones de Bonos Vintage de la AEP (Ambac) | Clase 4 |
| Reclamaciones de Bonos Vintage de la AEP (FGIC) | Clase 5 |
| Reclamaciones de Bonos Vintage de la AEP (Syncora) | Clase 6 |
| Reclamaciones de Bonos Vintage Minoristas de la AEP | Clase 7 |
| Reclamaciones de Bonos 2011 de la AEP | Clase 8 |
| Reclamaciones de Bonos 2011 Minoristas de la AEP | Clase 9 |
| Reclamaciones de Bonos 2012 de la AEP | Clase 10 |
| Reclamaciones de Bonos 2012 Minoristas de la AEP | Clase 11 |
| Reclamaciones Garantizadas de la AEP/DRA | Clase 12 |
| Reclamaciones Generales no Garantizadas de la AEP | Clase 13 |
| Reclamaciones no Garantizadas de la AEP/DRA | Clase 14 |
| Reclamaciones de Bonos Vintage del ELA | Clase 15 |
| Reclamaciones de Bonos Vintage Minoristas del ELA | Clase 16 |
| Reclamaciones de Bonos Vintage del ELA (Assured) | Clase 17 |
| Reclamaciones de Bonos Vintage del ELA (National) | Clase 18 |
| Reclamaciones de Bonos Vintage del ELA (Ambac) | Clase 19 |
| Reclamaciones de Bonos Vintage del ELA (FGIC) | Clase 20 |
| Reclamaciones de Bonos Vintage del ELA (Syncora) | Clase 21 |
| Reclamaciones de Bonos Vintage Garantizados del ELA | Clase 22 |
| Reclamaciones de Bonos Vintage Garantizados del ELA (Assured) | Clase 23 |
| Reclamaciones de Bonos Vintage Garantizados del ELA (Assured) | Clase 24 |
| Reclamaciones de Bonos Vintage Garantizados del ELA (National) | Clase 25 |
| Reclamaciones de Bonos Vintage Garantizados del ELA (Ambac) | Clase 26 |
| Reclamaciones de Bonos Vintage Garantizados del ELA (FGIC) | Clase 27 |
| Reclamaciones de Bonos Vintage Garantizados del ELA (Syncora) | Clase 28 |
| Reclamaciones de Bonos 2011 del ELA | Clase 29 |
| Reclamaciones de Bonos 2011 Minoristas del ELA | Clase 30 |
| Reclamaciones de Bonos 2011 del ELA (Assured) | Clase 31 |
| Reclamaciones de Bonos 2011 del ELA (Assured) | Clase 32 |
| Reclamaciones Garantizadas 2011 del ELA | Clase 33 |
| Reclamaciones de Bonos Serie D/E/PIB 2011 del ELA | Clase 34 |
| Reclamaciones de Bonos Serie D/E/PIB 2011 del ELA | Clase 35 |
| Reclamaciones de Bonos Serie D/E/PIB 2011 Minoristas del ELA | Clase 36 |
| Reclamaciones de Bonos Serie D/E/PIB 2011 Minoristas del ELA | Clase 37 |
| Reclamaciones de Bonos 2012 del ELA | Clase 38 |
| Reclamaciones de Bonos 2012 del ELA | Clase 39 |
| Reclamaciones de Bonos 2012 Minoristas del ELA | Clase 40 |
| Reclamaciones de Bonos 2012 Minoristas del ELA | Clase 41 |
| Reclamaciones de Bonos 2012 del ELA (Assured) | Clase 42 |
| Reclamaciones de Bonos Garantizados 2012 del ELA | Clase 43 |
| Reclamaciones de Bonos 2014 del ELA | Clase 44 |
| Reclamaciones de Bonos 2014 del ELA (Assured) | Clase 45 |
| Reclamaciones de Bonos Garantizados 2014 del ELA | Clase 46 |
| Reclamaciones de Bonos 2014 del ELA | Clase 47 |
| Reclamaciones de Jubilado Participantes del SRE por Encima del Umbral | Clase 51D |
| Reclamaciones de Jubilado Participantes del SRJ por Debajo del Umbral | Clase 51B |
| Reclamaciones de Jubilado Participantes del SRJ por Encima del Umbral | Clase 51E |
| Reclamaciones de Jubilado Participantes del SRM por Encima del Umbral | Clase 51F |
| Reclamaciones de Participantes Activos del SRE | Clase 51G |
| Reclamaciones de Participantes Activos del SRJ | Clase 51H |
| Reclamaciones de Participantes Activos del SRM | Clase 51I |
| Reclamaciones de Participantes de Nóminas de VTP por Encima del Umbral | Clase 51L |
| Reclamaciones de AFSCME | Clase 52 |
| Reclamaciones de productores lácteos | Clase 53 |
| Reclamaciones de ELA Vintage | Clase 54 |
| Reclamaciones del Centro Médico | Clase 56 |
| Reclamaciones Sin Garantía del ELA | Clase 58 |
| Reclamaciones del ELA/ACT | Clase 59 |
| Reclamaciones del ELA/Centro de Convenciones | Clase 60 |
| Reclamaciones del ELA/Impuesto al Ron de la AFI | Clase 61 |
| Reclamaciones del ELA/AMA | Clase 62 |
| Reclamaciones de Bonos del SRE | Clase 65 |
| Reclamaciones Generales Sin Garantía del SRE | Clase 66 |
| Reclamaciones Federales | Clase 69 |

3. **Vista de confirmación.** Se celebrará una vista para considerar la confirmación del Plan (la "Vista de Confirmación") ante la Honorable Laura Taylor Swain, en una vista telefónica a través de CourtSolutions los días **8 – 10, 12, 15 – 18 y 22 – 23 de noviembre a las 9:30 a.m. (hora estándar del Atlántico).**

---

4. La Vista de Confirmación puede ser continuada periódicamente por el Tribunal o la Junta de Supervisión, sin notificación adicional o a través de aplazamientos anunciados en audiencia pública o como se indica en cualquier notificación de los asuntos que se consideran en la vista presentada ante el Tribunal, y el Plan puede ser modificado, si es necesario, antes, durante o como resultado de la Vista de Confirmación, de acuerdo con las disposiciones de modificación del Plan y la Regla Local 3016-2, sin notificación adicional a las partes interesadas.

5. **Depósito de confirmación del Plan.** La información relativa a la confirmación del Plan está disponible en línea en el Depósito de Confirmación del Plan en titleiiiplandataroom.com.

6. **Fecha límite de objeción de confirmación.** El Tribunal ha establecido el **19 de octubre de 2021 a las 5:00 p.m. (hora estándar del Atlántico)** (la "Fecha Límite de Objeción a la Confirmación") como fecha límite para presentar objeciones o réplicas a la confirmación del Plan propuesto.

7. **Objeciones y réplicas a la confirmación.** Las objeciones y réplicas a la confirmación del Plan deberán:

a. Estar redactadas por escrito, en inglés, y firmadas;

b. Indicar el nombre, el domicilio y la naturaleza de la Reclamación de la parte que se opone o responde;

c. Exponer en detalle el fundamento y la naturaleza de cualquier objeción o réplica y, cuando corresponda, la razón(es) propuesta que debe insertarse en el Plan con el fin de resolver cualquier objeción o réplica;

d. Presentarse electrónicamente ante el Tribunal en el registro *En referencia al Estado Libre Asociado de Puerto Rico*, Caso núm. 17 BK 3283-LTS, a través del sistema de registro de casos del Tribunal en formato de documento portátil (con función de búsqueda, **como más tardar el 19 de octubre de 2021 las 5:00 p.m. (hora estándar del Atlántico):**

i. Si no es usted abogado registrado como usuario del sistema de registro de casos del Tribunal, podrá enviar por correo postal su objeción a la Oficina de Secretaría del Tribunal, a:
Tribunal de Distrito de EE.UU., Oficina de Secretaría
Avenida Carlos Chardón 150, Suite 150
San Juan, Puerto Rico 00918-1767
que deberá recibirse como más tardar el 19 de octubre de 2021 las 5:00 p.m. (hora estándar del Atlántico).

e. Notificarse a la Oficina del Fideicomisario de Estados Unidos para el Distrito de Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (ref. En el caso: el Estado Libre Asociado de Puerto Rico) de manera que se reciba en o antes de la Fecha Límite de Objeción a la Confirmación Final.

8. **Participación en la indagatoria de confirmación.** Si desea participar en la indagatoria relativa a la confirmación del Plan deberá presentar una notificación de sus intenciones de participar en la indagatoria (una "Notificación de indagatoria"), un formulario que encontrará en https://cases.primeclerk.com/puertorico/. Si presenta su Notificación de indagatoria como más tardar el **15 de agosto de 2021**, es posible que se le permita el acceso a documentos del Depósito del Plan donde se guardan información y documentos relativos al Plan, y podrá asimismo notificar sus propias solicitudes indagatorias. Si presenta su Notificación indagatoria después del **15 de agosto de 2021**, antes de las **19 de agosto de 2021 (o en esta última fecha)**, es posible que se le permita el acceso a documentos del Depósito del Plan. Tenga en cuenta que el acceso a la información en el Depósito del Plan podría quedar sujeto al cumplimiento de los requisitos de acceso de los Deudores.

9. Deberá presentar la Notificación de indagatoria en el formato estipulado por el sitio web del Caso del Título III, a saber:

a. Estar por escrito, en inglés, e ir firmada;

b. Indicar su nombre, domicilio, naturaleza de su Reclamación y número de Reclamación;

c. Indicar sus intenciones de participar en la indagatoria relativa a la confirmación del Plan; y

d. Presentarse electrónicamente al Tribunal como más tardar en OMECF Notificación de intenciones de participar en la indagatoria de la Confirmación del Plan del Estado Libre Asociado, en *En referencia al Estado Libre Asociado de Puerto Rico*, Caso núm. 17 BK 3283-LTS, a través del sistema de registro de casos del Tribunal como más tardar en la fecha de plazo final correspondiente.

i. Si no está usted representado por un abogado, podrá optar por enviar la Notificación de indagatoria por correo postal a la Oficina de Secretaría del Tribunal, en:
Tribunal de Distrito de EE.UU., Oficina de Secretaría
Avenida Carlos Chardón 150, Suite 150
San Juan, Puerto Rico 00918-1767
que deberá recibirse como más tardar en la fecha de plazo pertinente.

10. **Para poder participar en la indagatoria relacionada con la confirmación del Plan, deberá presentar la Notificación de indagatoria en plazo.** No obstante, si no presentara la Notificación de indagatoria en plazo, ello no será óbice para que presente una objeción a la confirmación del Plan como más tardar en el Plazo de objeción de la Confirmación, aunque no podrá ver los documentos del Depósito del Plan ni tampoco participar en la indagatoria.

11. **Calendario y fechas límite de indagatoria.** El Tribunal ha establecido el siguiente calendario y fechas límite, que serán aplicables a los Deudores y a otras partes interesadas que hayan presentado puntualmente una Notificación de indagatoria y tengan derecho a participar en una indagatoria[3]:

### Resumen de determinadas fechas límite

| | |
|---|---|
| **3 de agosto de 2021** | Fecha final para que los Deudores presenten una lista preliminar de testigos de hechos, y temas sobre los cuales dichas personas testificarán (la "Lista preliminar de testigos de hechos de los Deudores"). |
| **6 de agosto de 2021** | Fecha final para que los Deudores presenten un resumen inicial explicando qué es lo que los Deudores pretenden demostrar en la confirmación. |
| **6 de agosto de 2021** | Fecha inicial para que todas las partes presenten sus solicitudes iniciales de presentación de documentos no depositadas (las "Solicitudes iniciales de presentación"). Los acreedores y las partes interesadas podrán presentar las Solicitudes iniciales de presentación solamente tras cursar una Notificación de intenciones de participar en la indagatoria (tal como se define a continuación). Las respuestas y objeciones a dichas Solicitudes iniciales de presentación se cursarán en un plazo de siete (7) días desde haber cursado dichas Solicitudes. |
| **15 de agosto de 2021** | Fecha final para que los acreedores y partes interesadas presenten una "Notificación de intenciones de participar en la indagatoria", también denominada "Notificación de indagatoria". Solamente las partes que presenten puntualmente una Notificación de intenciones de participar en la indagatoria podrán participar en la indagatoria, aunque hacerlo no será óbice para que una parte objete la confirmación del Plan. |
| **6 de septiembre de 2021** | Plazo final para que los Acreedores elegibles presenten una lista preliminar de testigos de hechos, y temas sobre los cuales dichas personas testificarán (una "Lista preliminar de testigos de hechos de los Acreedores elegibles"). |
| **13 de septiembre de 2021** | Plazo final para que todas las partes presenten las declaraciones iniciales de peritos ("Declaraciones iniciales de peritos"). |
| **13 de septiembre de 2021** | Fecha límite para que todas las partes presenten las notificaciones oficiales de declaración, los temas a declarar y los horarios solicitados para ello ("Notificaciones iniciales de declaración") (todas las partes tiene un tiempo limitado a siete (7) horas para las declaraciones). Se admitirán posteriores notificaciones siempre y cuando la indagatoria concluya en el plazo admitido. |
| **30 de septiembre de 2021** | Fecha límite para que todas las partes presenten las mociones *"Daubert"* y las mociones *"in limine"* |
| **1 de octubre de 2021** | Plazo final para que todas las partes presenten un máximo de quince (15) interrogatorios ("Interrogatorios"), incluyendo subpartes. Las respuestas y objeciones a dichos interrogatorios se cursarán antes de que transcurran diez (10) días desde el momento de presentación de los citados interrogatorios. |
| **4 de octubre de 2021** | Plazo final para que todas las partes presenten las declaraciones de refutación de peritos ("Declaraciones de refutación de peritos"). |
| **4 de octubre de 2021** | Plazo final para que todas las partes presenten solicitudes de seguimiento de presentación de documentos ("Solicitudes de seguimiento de presentación"); colectivamente, con las Solicitudes de presentación iniciales, las "Solicitudes de presentación"). |
| **8 de octubre de 2021** | Plazo final para que todas las partes presenten los informes de refutación de peritos ("Informes de refutación de peritos"). |
| **11 de octubre de 2021** | Plazo final para que los Deudores presenten una propuesta inicial de orden en apoyo de la confirmación del Plan (la "Propuesta inicial de orden de confirmación"). |
| **11 de octubre de 2021** | Plazo final para que las partes presenten solicitudes de admisión, limitadas a la autenticación de documentos ("Informes de admisión"). |
| **15 de octubre de 2021** | Plazo final para que todas las partes presenten las declaraciones de refutación de hechos ("Declaraciones de refutación de hechos"). |
| **15 de octubre de 2021** | Fecha límite para que todas las partes presenten las declaraciones de refutación de expertos ("Declaraciones de refutación de expertos"). |
| **18 de octubre de 2021** | Conclusión de la indagatoria de peritos (la "Fecha límite de indagatoria de peritos"). |

| | |
|---|---|
| **19 de octubre de 2021** | Fecha límite para que los Acreedores elegibles presenten sus objeciones a la confirmación del Plan ("Objeciones"). |
| **19 de octubre de 2021** | Fecha límite de presentación de la Notificación de intenciones de participar en la indagatoria o de la Notificación de indagatoria de los Acreedores elegibles que solamente desean acceder a los documentos del Depósito del Plan. |
| **22 de octubre de 2021** | Fecha límite para que los Acreedores elegibles presenten objeciones a la Propuesta inicial de orden de confirmación. |
| **22 de octubre de 2021** | Fecha límite para que todas las partes presenten las listas de testigos, las listas de pruebas y las designaciones de declaraciones definitivas. |
| **25 de octubre de 2021** | Fecha límite para que todas las partes presenten sus oposiciones a las mociones *"Daubert"* y las mociones *"in limine"*. |
| **25 de octubre de 2021** | Fecha límite para que todas las partes presenten las declaraciones de testigos que se utilizarán en la Vista de confirmación ("Declaraciones de testigos"). |
| **27 de octubre de 2021** | Fecha límite para que los Deudores presenten sus propuestas de conclusiones iniciales de hecho y de derecho en apoyo a la confirmación del Plan (las "Conclusiones iniciales de hecho y de derecho"). |
| **30 de octubre de 2021** | Fecha límite para que los Deudores presenten sus respuestas en apoyo a las Propuestas de orden de confirmación y Respuestas a las objeciones de confirmación del Plan. |
| **1 de noviembre de 2021** | Vista virtual de las mociones *"in limine"*. |
| **8 de noviembre de 2021** | Inicio de la Vista de confirmación. |

12. **Fecha de registro de votación.** La fecha de registro de la votación es el **13 de julio de 2021** (la "Fecha de Registro de Votación"), que es la fecha para determinar cuáles son los tenedores de Reclamaciones en las Clases con Derecho al Voto (colectivamente, los "Bonos", y la Clase 52 que tienen derecho a votar sobre el Plan. Por lo tanto, solo los acreedores de una Clase con derecho al voto sobre el Plan y que tengan Reclamaciones contra los Deudores (excepto en las Clases de Bonos, la Clase 51 y la Clase 52 a los Tenedores de una Reclamación, a fecha del 13 de julio de 2021, salvo que se prorrogue dicha fecha (la "Fecha Límite de Votación"). No estará obligado a votar sobre Plan en distribuciones de conformidad con los términos y condiciones del Plan, si la confirma el Tribunal y siempre y cuando sea usted titular de una Reclamación permitida.

13. **Fecha límite de votación.** La fecha límite para votar el Plan es el **4 de octubre de 2021, a las 5:00 p.m. (hora estándar del Atlántico)**, salvo que se prorrogue dicha fecha (la "Fecha Límite de Votación"). No estará obligado a votar sobre Plan recibir distribuciones de conformidad con los términos y condiciones del Plan, si la confirma el Tribunal y siempre y cuando sea usted titular de una Reclamación permitida.

14. Si ha recibido un Paquete de Convocatoria, que incluye una Papeleta o una Notificación, y tiene intención de votar sobre el Plan, deberá: (a) seguir cuidadosamente las instrucciones; (b) completar toda la información requerida en la Papeleta (según sea el caso); y (c) (i) firmar y devolver su Papeleta completada de acuerdo con lo que se estipula en detalle en las instrucciones de votación incluidas en el Paquete de Convocatoria, de forma que su papeleta sea efectivamente recibida por el agente de convocatoria de los Deudores, Prime Clerk LLC ("Agente de Votación") en o antes de la Fecha Límite de Votación, o (ii) si las instrucciones a su corredor o persona designada (cada uno de ellos, una "Persona Designada") para que embargue efectivamente sus bonos a través del Programa Automatizado de Oferta de Presentación ("ATOP") en The Depository Trust Company ("DTC") de acuerdo con lo descrito de votar para aceptar o rechazar el Plan en o antes de la Fecha Límite de Votación. El incumplimiento de estas instrucciones puede hacer que su voto sea descalificado.

15. **Fecha Límite de Elección.** La fecha límite para que los tenedores de Reclamaciones de Bonos elegibles que tengan derecho a elegir la forma de distribución según el Plan realicen dicha elección es el **4 de octubre de 2021, a las 5:00 p.m. (hora estándar del Atlántico)**, salvo que ésta se prorrogue (la "Fecha Límite de Elección"). Si ha recibido una Notificación con la opción de hacer una elección, deber: (a) seguir cuidadosamente las instrucciones; y (b) entregar toda la información requerida de acuerdo con lo establecido en las instrucciones de elección de manera que sea recibido por su Persona Designada con tiempo suficiente para que su Persona Designada pueda ejecutar efectivamente su elección a través de ATOP de DTC en o antes de la Fecha Límite de Elección.

16. **Partes interesadas sin derecho al voto.** Se considera que los acreedores de las siguientes Clases rechazan el Plan y no tienen derecho al voto:

- Clase 63 (Reclamaciones por Asignaciones del ELA), y
- Clase 64 (Reclamaciones Subordinadas del ELA 510(b)).

17. Se considera que los acreedores de las siguientes Clases aceptan el Plan y no tienen derecho al voto, aunque recibirán las distribuciones conformidad con los términos y condiciones del Plan, si este es confirmado por el Tribunal:

- Clase 51A (Reclamaciones de Jubilados Participantes del SRE por Debajo del Umbral)
- Clase 51C (Reclamaciones de Jubilados Participantes del SRJ por Debajo del Umbral)
- Clase 51J (Reclamaciones de Participantes del Sistema 2000)
- Clase 51K (Reclamaciones de Participantes de Nóminas de VTP por Debajo del Umbral)
- Clase 55 (Reclamaciones de Incentivos Energéticos),
- Clase 57 (Reclamaciones de Créditos Contributivos),
- Clase 67 (Reclamaciones Gracia-Gracia), y
- Clase 68 (Reclamaciones de Convenciones).

18. Si una Reclamación figura en la lista de acreedores de los Deudores [Caso Núm. 17-3283, ECF Núm. 1215, 1316, 2582, 10708] como contingente, no liquidada o impugnada y no ha presentado una evidencia de reclamación (ii antes de la fecha límite para la presentación de evidencias de reclamación establecida por el Tribunal o de la Fecha de Registro de Votación (según sea el caso), lo que ocurra primero; o (ii) se considere presentada a tiempo por una orden del Tribunal antes de la Fecha Límite de Votación, dicha Reclamación no tendrá derecho a votación para aceptar o rechazar el Plan. Las evidencias de reclamación presentadas por $0.00 o las Reclamaciones que han sido expurgadas por orden del Tribunal tampoco tienen derecho al voto.

19. Si usted pertenece a las Clases 63 o 64, o ha presentado oportunamente una evidencia de reclamación y no está de acuerdo con la clasificación de los Deudores, la objeción o la solicitud de estimación de su Reclamación o cree que deberá tener derecho a votar sobre el Plan, debe notificar a los Deudores o el Fideicomisario Designado de Estados Unidos, consultar su reclamación en el registro del Tribunal (o causar la devolución al Tribunal (con copia al Despacho de la Juez) una moción (una "Moción de la Regla 3018(a)") para obtener una orden al amparo de la Regla 3018 de las Reglas Federales de Procedimiento de Quiebra (las "Reglas de Quiebra") que permita la forma en la que se contabilizará su voto por un monto diferente a una Clase diferente a los efectos de votar para aceptar o rechazar el Plan. Todas las Mociones de la Regla 3018(a) deberán presentarse en o antes del día y hora señalados como la fecha límite para la presentación de las objeciones a la confirmación del Plan. La notificación de una objeción o solicitud de estimación, si la hubiere, en cuanto a dicha Reclamación. De acuerdo con la Regla de Quiebra 3018(a), en lo que respecta a cualquier acreedor que presente una Moción conforme a la Regla 3018(a), la Papeleta de dicho acreedor no se contabilizará, salvo que el Tribunal ordene lo contrario antes de la Fecha Límite de Votación (**4 de octubre de 2021 a las 5:00 p.m. (hora estándar del Atlántico)**). Los acreedores deben ponerse en contacto con el Agente de Votación (por correo de primera clase o por mensajería nocturna, a Puerto Rico Ballot Processing, C/O Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165; (ii) por teléfono llamando al (844) 822-9231 (llamada gratuita para EE.UU. y Puerto Rico o al (646) 486-7944 (para llamadas internacionales), de 10:00 a.m. a 7:00 p.m. (hora estándar del Atlántico) (disponible en español), o (iii) o por correo electrónico a puertoricoinfo@primeclerk.com, para que solicite una Papeleta adecuada para cualquier Reclamación para la que se haya presentado oportunamente una evidencia de reclamación y se haya concedido una Moción conforme a la Regla 3018(a). Las Mociones de la Regla 3018(a) que no se hayan planteado debidamente en o antes del plazo establecido en el presente no tendrán en cuenta.

20. Si desea que su Reclamación sea admitida provisionalmente a efectos de votación de conformidad con la Regla de Quiebras 3018(a), en https://cases.primeclerk.com/puertorico/ encontrará un formulario de la Regla 3018(a) con instrucciones para rellenar y presentar la moción.

21. **Partes que no están tratadas como Acreedores.** Cualquier tenedor de una Reclamación que (i) esté programada en la Lista de Acreedores a $0.00 y que no sea objeto de una evidencia de Reclamación presentada a tiempo o de una evidencia de Reclamación que se considere presentada a tiempo ante el Tribunal o (ii) no sea objeto de una evidencia de Reclamación presentada a tiempo ante el Tribunal o cuyo evidencia de Reclamación presentada a tiempo ante el Tribunal, o cuya Reclamación sea objeto de una objeción no resuelta antes de la Fecha Límite de Votación (según sea el caso), no se considera acreedor a efectos de votar sobre el Plan y no tendrá derecho a votar para aceptar o rechazar el Plan, salvo que una evidencia de reclamación presentada a tiempo o evidencia de Reclamación presentada a tiempo, o de una orden de Quiebra o conforme a la Regla admitida, o de otra manera considerada como presentada a tiempo conforme a la ley aplicable, no será tratada como un acreedor con derecho a voto respecto a dicha Reclamación a los efectos de (a) recibir notificaciones sobre el Plan, y (b) votar sobre el Plan.

*(continúa en la página siguiente)*

971-101484-1

## Aviso Público (página 2 de 2)

*(continúa de la página anterior)*

22. *Información adicional.* Cualquier parte interesada que desee obtener información sobre los procedimientos de convocatoria o copias de la Declaración de Divulgación o el Plan, incluyendo sus traducciones al español, debe ponerse en contacto con el Agente de Votación, Prime Clerk LLC, por teléfono llamando al (844) 822-9231 (llamada gratuita para EE.UU. y Puerto Rico) o al (646) 486-7944 (para llamadas internacionales), de 10:00 a.m. a 7:00 p.m. (hora estándar del Atlántico) (disponible en español), o por correo electrónico a puertoricoinfo@primeclerk.com, o puede ver dichos documentos accediendo a https://cases.primeclerk.com/puertorico/ o al sitio web del Tribunal, https://www.prd. uscourts.gov/. Tenga en cuenta que se necesita una contraseña y un inicio de sesión para acceder a los documentos que figuran en el sitio web del Tribunal a través del sistema de Acceso Público a los Registros Electrónicos del Tribunal (PACER, por sus siglas en inglés) (http://www.pacer.psc.uscourts. gov).

23. *Reglas de Quiebra 2002(c)(3) y 3016(c).* De acuerdo con las Reglas de Quiebra 2002(c) (3) y 3016(c), a continuación se exponen las disposiciones de descargo, exculpación e interdicto contenidas en el Plan:

**Sección 92.2– Exoneración y descargo de reclamaciones y causas de acción:**

(a) Salvo que se disponga expresamente en el Plan o en la Orden de Confirmación, todas las distribuciones y derechos otorgados en virtud del Plan serán, y se considerarán, a cambio de, y en completa satisfacción, liquidación, exoneración y descargo de, todas las Reclamaciones o Causas de Acción contra las Partes Exoneradas que surgieran, en todo o en parte, antes de la Fecha de Vigencia, en relación con los Casos de Título III, los Deudores o los Deudores Reorganizados o cualquiera de sus respectivos Activos, bienes o intereses de cualquier naturaleza, incluidos los intereses devengados por dichas Reclamaciones en o a partir de la Fecha de Petición, e independientemente de que se hayan distribuido o retenido bienes a tenor con el Plan a causa de dichas Reclamaciones o Causas de Acción. En la Fecha de Vigencia, los Deudores y los Deudores Reorganizados se considerarán exonerados y eximidos de toda y cualquier Reclamación, Causas de Acción y cualquier otra deuda emergente, en su totalidad o en parte, antes de la Fecha de Vigencia (lo que incluye antes de la Fecha de Petición), y todas las Reclamaciones del tipo especificado en las secciones 502(g), 502(h) o 502(i) del Código de Quiebras, y la Sección 407 de PROMESA, ya sea o no (a) una evidencia de reclamación basada en la cuál se presente o considere que se ha presentado dicha Reclamación en virtud de la sección 501 del Código de Quiebras, (b) que se permita dicha Reclamación conforme a la sección 502 del Código de Quiebras y la Sección 407 de PROMESA (o que se resuelva de otro modo), o (c) que el tenedor de una Reclamación basada en una deuda tal haya votado para aceptar el Plan. Para disipar cualquier duda, nada de lo contenido aquí ni en la Orden de confirmación librará, eximirá ni prescribirá ninguna reclamación o causa de acción contra la AEP derivada de, o relacionada con, los bonos emitidos por la AEP, incluyendo, entre otros, los emitidos con seguros monolínea pertinentes, y la AEP no exime de ninguna reclamación ni causa de acción contra cualquier Entidad no deudora. Las reclamaciones y causas de acción contra la AEP derivadas de, o relacionadas con, los bonos emitidos por la AEP y las exenciones contra la AEP y sus activos, se dirigirán al caso del Título III de la AEP, incluyendo, entre otros, cualquier plan de ajuste pertinente.

(b) Salvo que se disponga expresamente en el Plan o en la Orden de Confirmación, todas las Entidades estarán impedidas de hacer valer todas y cada una de las Reclamaciones contra los Deudores y Deudores Reorganizados, y cada uno de sus respectivos Activos, bienes y derechos, remedios, Reclamaciones o Causas de Acción o responsabilidades de cualquier naturaleza, relacionadas con los Casos del Título III, los Deudores o los Deudores Reorganizados o cualquiera de sus respectivos Activos y bienes, incluyendo cualquier interés acumulado sobre dichas Reclamaciones desde y después de la Fecha de Petición, e independientemente de que se hayan distribuido o retenido bienes a tenor del Plan por cuenta de dichas Reclamaciones u otras obligaciones, demandas, sentencias, daños y perjuicios, deudas, derechos, remedios, causas de acción o responsabilidades. De acuerdo con lo anterior, salvo que se disponga expresamente en el Plan o en la Orden de Confirmación, la Orden de Confirmación constituirá una determinación judicial, a la Fecha de Vigencia, de la exoneración y descargo de todas esas Reclamaciones, Causas de Acción o deuda de o contra los Deudores y los Deudores Reorganizados a tenor con las secciones 524 y 944 del Código de Quiebras, aplicable al Caso de Título III a tenor con la Sección 301 de PROMESA, y dicha exoneración anulará y extinguirá cualquier sentencia obtenida contra los Deudores o Deudores Reorganizados y sus respectivos Activos y bienes, o bienes en cualquier momento, en la medida en que dicha sentencia esté relacionada con una Reclamación, deuda o responsabilidad que sea objeto de dicha exoneración. A la Fecha de Vigencia, y como contraprestación por el valor proporcionado en virtud del Plan, se considera que cada tenedor de una Reclamación de cualquier Clase en virtud de este Plan, renuncia y renunciará para siempre, y liberará y exonerará para siempre a, los Deudores y a los Deudores Reorganizados, y a sus respectivos Activos y bienes, y a todas esas Reclamaciones.

(c) No obstante cualquier otra disposición de esta Sección 92.2, de conformidad con las disposiciones del Acuerdo de Apoyo al Plan GO/AEP, se considerará que cada uno de los Acreedores del Acuerdo de Apoyo al Plan (AAP) GO/AEP y sus respectivas Personas Vinculadas, únicamente en su calidad de Acreedores de los Deudores, (i) han renunciado y pactado no demandar o de otro modo intentar recuperar daños y perjuicios o buscar cualquier otro tipo de reparación contra cualquiera de los Exonerados del Gobierno basadas en, que se deriven de o estén relacionadas con las Reclamaciones Exoneradas del Gobierno o cualquiera de las Reclamaciones o Causas de Acción afirmadas o que podrían haber sido afirmadas, incluyendo, entre otras, en las Acciones de Recuperación (Clawback) y las Mociones de Levantamiento de la Paralización, y (ii) no ayudarán directa o indirectamente a ninguna persona a realizar ninguna acción con respecto a las Reclamaciones Exoneradas del Gobierno que estén prohibida por la presente Cláusula 92.2.

(d) Limitación de la SEC. No obstante nada de lo contenido en sentido contrario o en la Orden de confirmación, ninguna disposición tendrá como consecuencia (i) impedir que la SEC haga valer sus potestades en materia de políticas o reglamentos; ni (ii) impedir, perjudicar ni retrasar que la SEC inicie o continúe reclamaciones, pleitos, procedimientos o investigaciones contra personas físicas o jurídicas no deudoras en ningún foro.

(e) Limitación de los Estados Unidos. Limitación de la SEC. No obstante nada de lo contenido en sentido contrario o en la Orden de confirmación, ninguna disposición tendrá como consecuencia (i) impedir que los Estados Unidos o cualquiera de sus agencias, departamentos o agentes, o eximir de alguna manera que los Deudores o los Deudores reorganizados, según sea el caso, cumplan las leyes y requisitos federales o territoriales que implementen programas federalmente autorizados o delegados para la protección de la salud, la seguridad y el entorno de personas de dichos territorios; (ii) impedir el arbitrio de cualquier exoneración, exención o recurso a los cuales los Deudores o los Deudores reorganizados tuvieran derecho de conformidad con el Título III; ni (iii) eximan, descarguen, impidan o prohíban de alguna manera (A) cualquier responsabilidad de los Deudores o los Deudores reorganizados ante los Estados Unidos derivadas de, y posteriores a, la Fecha de Entrada en vigencia, (B) cualquier responsabilidad de cara a los Estados Unidos que no sea una Reclamación, (C) cualquier defensa afirmativa o cualquier derecho de compensación o recobro de los Estados Unidos, de los Deudores o de los Deudores reorganizados, según proceda, que no sea de compensación y recobro de las citadas partes, (D) la continuidad de la validez de las obligaciones de los Estados Unidos, de los Deudores o de los Deudores reorganizados, según proceda, en virtud de cualquier subsidio o acuerdo de asistencia cooperativa de los Estados Unidos, (E) las obligaciones de los Deudores o de los Deudores reorganizados derivadas de políticas, leyes o reglamentos federales, incluyendo, entre otros, leyes relacionadas al medioambiente, la salud y la seguridad, o leyes territoriales que implementen dichas disposiciones legales federales, incluyendo, entre otros, obligaciones de cumplimiento normativo, requisitos de decretos de consentimiento o de órdenes judiciales, y obligaciones de pagar las correspondientes multas civiles por violaciones de cualquier índole, (F) cualquier responsabilidad en materia de medio ambiente u obligación para con los Estados Unidos que los Deudores, los Deudores reorganizados, sus sucesores o cualquier otra persona física o jurídica pueden tener como propietarios o explotadores de bienes raíces que se hubieren producido durante el período a partir de la Fecha de Entrada en vigencia, incluyendo, entre otros, obligaciones de cumplimiento normativo, requisitos de decretos de consentimiento u órdenes judiciales y obligaciones de pagar las correspondientes penalizaciones administrativas, civiles y de otra índole, y (G) cualquier responsabilidad de cara a los Estados Unidos por parte de cualquier no deudor. Sin que ello suponga una limitación a la generalidad de lo antedicho, nada de lo contenido aquí ni en la Orden de confirmación podrá considerarse (i) una determinación de la obligación tributaria de cualquier entidad, incluyendo, entre otros, los Deudores y los Deudores reorganizados, (ii) vinculante para el IRS con respecto a las obligaciones tributarias federales, situación fiscal u obligaciones de declaración y retención de impuestos de cualquier entidad, incluyendo, entre otros, los Deudores y los Deudores reorganizados, (iii) una exención, satisfacción, excepción ni prohibición de cualquier reclamación reclamada por el IRS contra cualquier entidad que no sean los Deudores y los Deudores reorganizados, y (iv) otorgar ninguna exención a ninguna Entidad que el Tribunal tenga prohibido de acuerdo con la Sección 106(a), 28 U.S.C. § 2201(a) o la Ley contra Medidas Cautelares aplicables a impuestos, 26 U.S.C. § 7421(a).

(f) Actuaciones de las aseguradoras. No obstante cualquier disposición en sentido contrario contenida aquí o en la Orden de confirmación, incluyendo, entre otros, las Secciones 92.2, 92.3 y 92.11 del Plan, y salvo que esté excluido por lo estipulado en PROMESA, nada de lo contenido en el Plan, la Orden de confirmación u otro documento relacionado con el Plan incluido en el Suplemento del Plan, tiene por objeto ni podrá interpretarse como un intento de perjudicar, alterar, modificar, disminuir, prohibir, impedir, restringir, limitar, eximir, reducir, eliminar o limitar los derechos de demandados y demandantes, incluyendo, entre otros, las partes de las Actuaciones de las aseguradoras, de hacer valer sus respectivos

derechos, reclamaciones, causas de acción y defensa.

**Sección 92.3 – Interdicto sobre las Reclamaciones:** Salvo que se disponga expresamente lo contrario en el Plan, en la Orden de Confirmación o en cualquier otra Orden Definitiva del Tribunal del Título III que pueda ser aplicable, todas las Entidades que hayan tenido, tengan o puedan tener Reclamaciones o cualquier otra deuda o responsabilidad que se exonere o renuncie a tenor con la Sección 92.2 del presente o que hayan tenido, tengan o puedan tener Reclamaciones o cualquier otra deuda o responsabilidad que se exonere o renuncie a tenor con la Sección 92.2 del presente tienen permanentemente prohibido, en o a partir de la Fecha de Vigencia, (a) comenzar o continuar, directa o indirectamente, de cualquier manera, cualquier acción u otro procedimiento (incluyendo, entre otros, cualquier procedimiento judicial, arbitral, administrativo u otro) de cualquier índole sobre cualquier Reclamación u otra deuda o responsabilidad que sea exonerada a tenor con el Plan contra cualquiera de las Partes Exoneradas o cualquiera de sus respectivos activos o bienes, (b) la ejecución, el embargo, el cobro o la recuperación por cualquier forma o medio de cualquier sentencia, laudo, decreto u orden contra cualquiera de las Partes Exoneradas o cualquiera de sus respectivos activos o bienes por cuenta de cualquier Reclamación u otra deuda o responsabilidad que se exonere en conformidad con el Plan; y (d) salvo en la medida en que se disponga, permita o preserve en las secciones 553, 555, 556, 559 o 560 del Código de Quiebras o conforme al derecho de recuperación del derecho consuetudinario, hacer valer cualquier derecho de compensación, subrogación o recuperación de cualquier tipo contra cualquier obligación debida de cualquiera de las Partes Exoneradas o cualquiera de sus respectivos activos o bienes, con respecto a cualquier Reclamación y otra deuda o responsabilidad que se exonere en conformidad con el Plan. Este interdicto se extenderá a todos los sucesores y cesionarios de las Partes Exoneradas y sus respectivos activos y bienes.

**Sección 92.5 – Exoneraciones de los Deudores y Deudores Reorganizados:** Salvo que se disponga expresamente lo contrario en el Plan o en la Orden de Confirmación, en la Fecha de Vigencia, y por una contraprestación válida y susceptible de apreciación pecuniaria, cada uno de los Deudores y los Deudores Reorganizados, el Agente Pagador y cada una de las Personas Relacionadas de los Deudores y los Deudores Reorganizados, se considerará que ha, y por la presente lo hace de manera irrevocable e incondicional, plenamente, definitivamente y a perpetuidad renunciado, exonerado, absuelto y relevado a las Partes Exoneradas de toda y cualquier Reclamación o Causas de Acción que los Deudores, los Deudores Reorganizados y el Agente Pagador, o cualquiera de ellos, o cualquiera que reclame a través de ellos, en su nombre o para su propio beneficio, tengan o pudieran tener o reclamarse tener, ahora o en el futuro, contra cualquier Parte Exonerada que sean Reclamaciones Exoneradas o que de otro modo se basen en, se relacionen con, o surjan de o en conexión con, en su totalidad o en parte, cualquier acto, omisión, transacción, evento u otra circunstancia relacionada con los Casos de Título III, los Deudores que tengan lugar o existan en o antes de la Fecha de Vigencia, y/o cualquier Reclamación, acto, hecho, transacción, ocurrencia, declaración u omisión en relación con ello, o que podría haber sido alegada, incluyendo, entre otros, cualquier Reclamación, demanda, derecho, responsabilidad, o causa de acción para la indemnización, contribución u otro fundamento, según la ley escrita o el derecho consuetudinario, por daños y perjuicios, costas o honorarios.

**Sección 92.6 – Interdictos relacionados con descargos:** A la Fecha de Vigencia, todas las Entidades que tengan, hayan tenido o puedan tener una Reclamación Exonerada que es tal en conformidad con la Sección 92.5 del Plan, están, y estarán, permanentemente, para siempre y completamente suspendidas, restringidas, prohibidas, vetadas e inhabilitadas para llevar a cabo cualquiera de las siguientes acciones, ya sea directa o indirectamente, de forma derivada o de otra manera, a causa o en base al objeto de dichas Reclamaciones Exoneradas: (i) iniciar, realizar o continuar de cualquier manera, ya sea directa o indirecta, cualquier juicio, acción u otro procedimiento (lo que incluye, entre otros, cualquier procedimiento judicial, arbitral, administrativo o de otro tipo) en cualquier foro; (ii) aplicar, embargar (lo que incluye, entre otros, cualquier embargo preventivo) o de cualquier manera hacer cumplir cualquier laudo, sentencia o decreto; (iii) crear, perfeccionar o de cualquier manera hacer cumplir cualquier gravamen, sentencia, laudo, decreto u otra orden; (iv) ejercer cualquier derecho de compensación, subrogación o recuperación contra cualquier obligación adeudada a cualquier persona o entidad exonerada en conexión con, en su totalidad o en parte, cualquier Reclamación Exonerada, o con cualquier Reclamación de Título III, los Deudores que tengan lugar o existan en o antes de la Fecha de Vigencia, y/o cualquier Reclamación, acto, hecho, transacción, ocurrencia, declaración u omisión en relación con ello, o que podría haber sido alegada, incluyendo, entre otros, cualquier Reclamación, demanda, derecho, responsabilidad, o causa de acción para la indemnización, contribución u otro fundamento, según la ley escrita o el derecho consuetudinario, por daños y perjuicios, costas o honorarios; y (v) iniciar o continuar cualquier acción de cualquier tipo, en cualquier manera, en cualquier lugar, que no cumpla o no sea compatible con las disposiciones del Plan o de la Orden de Confirmación. Para evitar dudas, las siguientes estipulaciones se enfocarán con el registro de la Orden de Confirmación: la Cuarta Estipulación Enmendada entre el Estado Libre Asociado de Puerto Rico y la Autoridad de Carreteras y Transportación de Puerto Rico con respecto a la Suspensión de la Prescripción y Orden de Consentimiento [Caso Núm. 173283-LTS, ECF Núm. 15854], y sus enmiendas; y la Cuarta Estipulación Enmendada y Orden de Consentimiento entre los Deudores del Título III (salvo COFINA) y la Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico actuando en nombre de las entidades gubernamentales enumeradas en el Apéndice "B" en relación con la Suspensión de la Prescripción [Caso Núm. 173283-LTS, ECF Núm. 17394, y sus enmiendas.

**Sección 92.7 – Exculpación:**

(a) **Partes del Gobierno:** La Junta de Supervisión, AAFAF, los Deudores y cada una de las respectivas Personas Relacionadas, actuando exclusivamente en su capacidad como tal, no tendrán ni incurrirán en responsabilidad legal alguna ante cualquier Entidad por cualquier acción u omisión, en relación con los Casos de Título III, la formulación, preparación, difusión, implementación, confirmación o aprobación del Plan o de cualquier transacción o acuerdo contenido en estos, la Declaración de Divulgación, o cualquier contrato, instrumento, publicación u otro acuerdo o documento creado o contemplado en relación con el perfeccionamiento de las transacciones establecidas en el Plan; disponiéndose, sin embargo, que las disposiciones que anteceden a esta Sección 89.7 no afectarán su deber o responsabilidad de cualquier modo hubieren resultado de dicho acto u omisión en la medida en que se determine en una Orden Definitiva que dicho acto u omisión constituyó fraude intencional o conducta dolosa. Ninguna de las disposiciones que anteceden a esta Sección 89.7(a) menoscabará el derecho de ninguna de las Partes del Gobierno, ni de los funcionarios y directivos de las Partes del Gobierno que cumplan funciones en cualquier momento hasta la Fecha de Vigencia, inclusive, ni de cada uno de sus profesionales respectivos de recurrir al asesoramiento de un abogado como defensa respecto a sus responsabilidades en virtud del Plan.

(b) **Acreedores del AAP:** Cada uno de los Acreedores del AAP, exclusivamente en su calidad de partes del Acuerdo de Apoyo al Plan GO/AEP y/o del Acuerdo de Apoyo al Plan de la ACT/ADCC y un Acreedor y/o aseguradora, según corresponda, desde la Fecha de Petición hasta la Fecha de Vigencia, inclusive y cada uno de sus respectivas Personas Relacionadas, no tendrán ni incurrirán en responsabilidad legal alguna ante cualquier Entidad por actos u omisiones en relación con los Casos de Título III, la formulación, negociación, preparación, difusión, implementación, confirmación o aprobación del Plan o de cualquier transacción o acuerdo contenido en estos, la Declaración de Divulgación, el Acuerdo de Apoyo al Plan de la ACT/ADCC, los Documentos Definitivos y cualquier contrato, instrumento, publicación u otro acuerdo o documento creado o contemplado en relación con el perfeccionamiento de las transacciones establecidas en el Plan y en el Acuerdo de Apoyo al Plan del Gobierno; disponiéndose, sin embargo, que las disposiciones que anteceden a esta Sección 89.7(b) no afectarán su deber o responsabilidad de cualquier modo que de dicho acto u omisión en la medida en que se determine en una Orden Definitiva que dicho acto u omisión constituyó fraude intencional o conducta dolosa.

(c) **Comité de Retirados:** Cada uno de los miembros del Comité de Retirados, exclusivamente en su calidad de miembro del Comité de Retirados y como Acreedor, según corresponda, desde la Fecha de Petición hasta la Fecha de Vigencia, inclusive, y cada uno de las Personas Relacionadas del Comité de Retirados no tendrán ni incurrirán en responsabilidad legal alguna ante cualquier Entidad por actos u omisiones en relación con los Casos de Título III, la formulación, preparación, difusión, implementación, confirmación o aprobación del Plan o de cualquier compromiso o acuerdo contenido en estos, la Declaración de Divulgación, el Acuerdo de Apoyo del Plan del Comité de Retirados o cualquier contrato, instrumento, publicación u otro acuerdo o documento previsto o contemplado en relación con el perfeccionamiento de las transacciones establecidas en el Plan y en el Acuerdo de Apoyo del Plan del Comité de Retirados; disponiéndose, sin embargo, que las disposiciones que anteceden a esta Sección 92.7(b) no afectarán la responsabilidad legal de cualquier Entidad que se derive de dicho acto u omisión en la medida en que se determine en una Orden Definitiva que dicho acto u omisión constituyó fraude intencional o conducta dolosa.

(d) **Comité de Acreedores:** cada uno de los miembros del Comité de Acreedores, exclusivamente en su calidad de miembro del Comité de Acreedores, desde la Fecha de Petición hasta la Fecha de Vigencia, inclusive, y cada una de las Personas Relacionadas del Comité de Acreedores no tendrán ni incurrirán en responsabilidad legal alguna ante cualquier Entidad por actos u omisiones en relación con los Casos de Título III, la formulación, preparación, difusión, implementación, confirmación o aprobación del Plan o de cualquier compromiso o acuerdo contenido en estos, la Declaración de Divulgación, o cualquier contrato, instrumento, publicación u otro documento previsto o contemplado en relación con el perfeccionamiento de las transacciones establecidas en el Plan; disponiéndose, sin embargo, que las disposiciones que anteceden a esta Sección 92.7(d) no afectarán la responsabilidad legal de cualquier Entidad que se derive de dicho acto u omisión en la medida en que se determine en una Orden Definitiva que dicho acto u omisión constituyó fraude intencional o conducta dolosa.

(e) **AFSCME:** Cada uno de las partes de AFSCME exclusivamente en su calidad de parte del Acuerdo

de Apoyo al Plan de la AFSCME y Acreedor, según corresponda, desde la Fecha de Petición hasta la Fecha de Vigencia, inclusive, y cada una de sus respectivas Personas Relacionadas no tendrán ni incurrirán en responsabilidad legal alguna ante cualquier Entidad por actos u omisiones en relación con los Casos de Título III, la formulación, preparación, difusión, implementación, confirmación o aprobación del Plan o de cualquier compromiso o acuerdo contenido en estos, la Declaración de Divulgación, el Acuerdo de Apoyo al Plan de AFSCME, o cualquier contrato, instrumento, publicación u otro documento previsto o contemplado en relación con el perfeccionamiento de las transacciones establecidas en el Plan y en el Acuerdo de Apoyo al Plan de AFSCME; disponiéndose, sin embargo, que las disposiciones que anteceden a esta Sección 89.7(e) no afectarán la responsabilidad legal de cualquier Entidad que de otro modo hubiere resultado de dicho acto u omisión en la medida en que se determine en una Orden Definitiva que dicho acto u omisión constituyó fraude intencional o conducta dolosa.

(f) **Aseguradoras Monolínea:** Ambac, Assured, FGIC, National, Syncora y sus respectivas Personas Relacionadas, no tendrán ni incurrirán en responsabilidad legal alguna ante ninguna Entidad por actos u omisiones que sean compatibles con el Plan en relación con la formulación, preparación, difusión, implementación, aceptación, confirmación o aprobación del Plan, lo que incluye, entre otros, el tratamiento de las Reclamaciones de Bonos Asegurados de Ambac, las Reclamaciones de Bonos Asegurados de Assured, las Reclamaciones de Bonos Asegurados de FGIC, las Reclamaciones de Bonos Asegurados de National o las Reclamaciones de Bonos Asegurados de Syncora, los procedimientos de votación, los procedimientos de elección y cualquier descargo de obligaciones en virtud de las Pólizas de Seguro de Ambac, las Pólizas de Seguro de FGIC, las Pólizas de Seguro de National, las Pólizas de Seguro de Syncora aplicables (disponiéndose, sin embargo, que no obstante cualquier disposición en contrario en el presente, los términos y las disposiciones del Plan no relevarán ni exculparán, ni se entenderá que relevan o exculpan, con respecto a cualquier Asegurado de Ambac, Asegurado de Assured, Bonos Asegurados de FGIC, Bonos Asegurados de National o Bonos Asegurados de Syncora cualquier obligación de pago en virtud de la Póliza de Seguro de Ambac, la Póliza de Seguro de Assured, la Póliza de Seguro de FGIC, la Póliza de Seguro de National o la Póliza de Seguro de Syncora aplicable de acuerdo con sus términos únicamente en la medida en que dicho tenedor no reciba el tratamiento, el Interés o el Tratamiento de National, el Tratamiento de Assured, el Tratamiento de FGIC, el Tratamiento de National, el Tratamiento de Ambac, Assured, FGIC National o Syncora puedan tener en contra de un beneficiario de los respectivos bonos asegurados de Ambac, de Assured, de FGIC, de National o de Syncora con respecto a las Pólizas de Seguro de Ambac, Assured, FGIC, National o Syncora, según corresponda).

**Sección 92.8 – Litigio Relacionado con las Designaciones:** No obstante cualquier disposición en sentido contrario en el presente, en el caso de que se dicte una Orden Definitiva en relación con el Litigio Relacionado con las Designaciones o el Litigio de Uniformidad con posterioridad a la emisión de la Orden de Confirmación, como consecuencia de las distribuciones efectuadas, de ser aplicable, o en las disposiciones consideradas en el presente en relación con una disposición del Plan o los documentos e instrumentos relacionados con este, todos los Acreedores o las demás Entidades que reciban, o se considere que han recibido, distribuciones en conformidad con el Plan o como resultado del Plan, consienten y aceptan que dicha Orden Definitiva no revertirá, alterará ni modificará de otro modo las transacciones contempladas en el Plan y en la Orden de Confirmación, lo que incluye, entre otros, los descargos, exculpaciones e interdictos previstos en el Artículo XIX del Plan.

**Sección 92.9 – Orden de prohibición:** Dentro de los límites que se estipulan en el Plan, todas y cada una de las Entidades quedan permanentemente inhabilitadas, prohibidas e restringidas de instituir, procesar, tramitar o litigar de cualquier manera todas y cada una de las Reclamaciones, demandas, derechos, responsabilidades o causas de acción de cualquier tipo, carácter o naturaleza, según el sistema de derecho escrito o consuetudinario, conocidos o desconocidos, directos o derivados, afirmados o no, contra cualquiera de las Partes Exoneradas, basadas en, relacionadas con, o que surjan de o en conexión con cualquiera de las Reclamaciones Exoneradas, la confirmación y perfeccionamiento del Plan, la negociación y perfeccionamiento del Acuerdo de Apoyo al Plan GO/AEP, o cualquier reclamación, acto, hecho, transacción, ocurrencia, declaración u omisión en relación con, o alegada o que pudiere haber sido alegada en los Casos de Título III, lo que incluye, entre otros, cualquier reclamación, demanda, derecho, responsabilidad, o causa de acción para la indemnización, contribución u otro fundamento, ya sea según el derecho escrito o el consuetudinario, por daños y perjuicios, costas y honorarios según el derecho escrito o el derecho consuetudinario, contra cualquiera de las Partes Exoneradas o cualquier bien o interés de la misma, de sus respectivos profesionales o asesores de dichas Partes, de sus respectivas sucesoras y cesionarias o cualquier otra persona a nombre de las mismas o que actúe de forma concertada, directa o indirecta, con cualquiera de ellas. El presente interdicto se extenderá a todos los sucesores y cesionarios de las Partes Exoneradas (y sus respectivos activos y bienes) y a la medida en que una Reclamación Exonerada se asemeje a lo estipulado en la Sección 92.5 del Plan y a través de, en nombre de, en el beneficio de cualquiera de las Partes Exoneradas (ya sea que derive de la Reclamación, en todo o en parte, de la Fecha de Petición a la Fecha de Vigencia, inclusive).

**Sección 92.11 – Interdicto complementario:** No obstante cualquier disposición en contrario en el presente, salvo dentro de los límites que se estipulan en el Plan, todas las Entidades, incluidas las Entidades que actúan en su propio nombre, que actualmente tienen o afirman, han tenido o afirman, o pueden tener o afirmar cualquier Reclamación Exonerada contra cualquiera de las Partes Exoneradas basadas en, atribuibles a, que surjan de o en relación con cualquiera de las Reclamaciones Exoneradas, cualquier otra teoría del derecho escrito o consuetudinario u otra de cualquier manera o en cualquier medida, estarán permanentemente inhabilitadas, restringidas y prohibidas de iniciar o proseguir contra cualquiera de las Partes Exoneradas o cualquiera de ellas y contra cualquier reclamación u otra deuda o responsabilidad que sea exonerada conforme a la Fecha de Vigencia (inclusio con anterioridad a la Fecha de la Petición), inclusive, de cualquier manera y en cualquier lugar, ya sea de forma directa o indirecta, derivada o de otro tipo, cualquier reclamación, demanda, derecho, responsabilidad, o causa de acción para la indemnización, contribución u otro fundamento, que surja de la Reclamación Exonerada, según la ley escrita o el derecho consuetudinario, por daños y perjuicios, costas y honorarios, en contra de cualquier Parte Exonerada o cualquier bien o interés respecto a dichas Reclamaciones Exoneradas contra cualquiera de las Partes Exoneradas con respecto a los cuales el interdicto complementario se extiende e incluye:

(a) Iniciar o continuar de cualquier manera acciones u otros procedimientos de cualquier clase con respecto a dichas Reclamaciones Exoneradas contra cualquiera de las Partes Exoneradas o los bienes de cualquier Parte Exonerada;

(b) Aplicar, embargar, cobrar o recobrar, de cualquier manera y por cualquier medio, sentencias, laudos, decretos u órdenes en contra de cualquiera de las Partes Exoneradas o de cualquiera de los bienes de estas, con respecto a dichas Reclamaciones Exoneradas;

(c) Crear, perfeccionar o ejecutar un Gravamen de cualquier tipo contra cualquiera de las Partes Exoneradas o los bienes de cualquiera de las Partes Exoneradas con respecto a dichas Reclamaciones Exoneradas;

(d) Salvo que se disponga expresamente en el Plan o en la Orden de Confirmación, hacer valer, ejecutar o efectuar cualquier compensación, derecho de subrogación, indemnización, contribución o recuperación de cualquier tipo contra cualquier obligación adeudada a cualquier Parte Exonerada o los bienes de cualquiera de las Partes Exoneradas con respecto a dichas Reclamaciones Exoneradas;

(e) Tomar cualquier medida, de cualquier manera, en cualquier lugar, que no cumpla o no sea compatible con las disposiciones del Plan, los documentos del Plan o la Orden de Confirmación; disponiéndose, sin embargo, que cada tenedor de una Reclamación Exonerada cuya disputa ha sido resuelta de conformidad con los procedimientos de resolución de disputas contemplados en el Plan podrá hacer cumplir la resolución de dicha disputa de conformidad con el Plan.

Fecha: 2 de agosto de 2021, San Juan, Puerto Rico

Atentamente, */s/ Martin J. Bienenstock* Martin J. Bienenstock (*pro hac vice*), Brian S. Rosen (*pro hac vice*), **PROSKAUER ROSE LLP**, Eleven Times Square, Nueva York, NY 10036, Abogados de la Junta de Supervisión y Administración Financiera como representantes de los Deudores -y- */S/ Hermann D. Bauer* Hermann D. Bauer, USDC Tribunal del Distrito de Puerto Rico 255312, **O'NEILL & BORGES LLC**, 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918-1813, *Co-abogados de la Junta de Supervisión y Administración Financiera en representación de los Deudores*

[1] Los Deudores en estos Casos de Título III, junto con el número de caso de Título III respectivo de cada Deudor y los últimos cuatro (4) dígitos del número de identificación fiscal federal de cada Deudor, según corresponda, son (i) el Estado Libre Asociado (El) de Puerto Rico (Caso Núm. 17-BK-3283-LTS) (últimos cuatro dígitos del Número de Identificación fiscal federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante ("COFINA") de Puerto Rico (Núm. de Caso de Quiebra 17-BK-3284-LTS) (últimos cuatro dígitos del Número federal del contribuyente: 8474); (iii) la Autoridad de Carreteras y Transportación ("ACT") de Puerto Rico (Núm. de Caso de Quiebra 17-BK-3567-LTS) (últimos cuatro dígitos del Número federal del contribuyente: 3808); (iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("SRE") (Núm. de Caso de Quiebra 17-BK-3566-LTS) (últimos cuatro dígitos del Número federal del contribuyente: 9686); (v) la Autoridad de Energía Eléctrica ("AEE") de Puerto Rico (Núm. de Caso de Quiebra 17-BK-4780-LTS) (últimos cuatro dígitos del Número federal del contribuyente: 3747); y (vi) la Autoridad de Edificios Públicos ("AEP") de Puerto Rico (Núm. de Caso de Quiebra 19-BK-5523-LTS) (últimos cuatro dígitos del Número federal del contribuyente: 3801) (Los números de caso de Título III figuran como números de caso de Quiebra debido a limitaciones del software).

[2] Todos los términos en mayúscula que se utilizan pero que no se definen de otro modo en el presente, tendrán el significado que se les atribuye en el Plan. Todas las fechas y plazos mencionados en esta notificación están sujetos a modificación como consecuencia de una nueva orden judicial.

[3] Para evitar cualquier duda, dado que los Estatutos de Reclamaciones de las Clases establecen... continúa en dicha Sección del Plan.

971-101486-1

# Exhibit E

### *El Nuevo Dia*

### **(September 1, 2021)**

**ANTE EL TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO**

**LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, como representante de EL ESTADO LIBRE ASOCIADO DE PUERTO RICO, EL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y LA AUTORIDAD DE EDIFICIOS PÚBLICOS DE PUERTO RICO**

**Título III de PROMESA, 17 BK 3283-LTS (Con administración conjunta)**

**NOTIFICACION DE (I) LA APROBACIÓN DE LA DECLARACIÓN DE DIVULGACIÓN, (II) EL ESTABLECIMIENTO DE LAS FECHAS DE REGISTRO…..**

# AFIDAVIT

Yo, Juan C. Jiménez Doblado, habiendo prestado el debido juramento declaro:

Que soy Representante del periódico "EL NUEVO DÍA" que se publica en Guaynabo, P.R.; que en las ediciones de este periódico correspondientes a los días:

**1 DE SEPTIEMBRE DE 2021**

se dio publicidad al anuncio  expedido por

**JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO**

en el caso arriba mencionado y copia del cual se une al presente afidávit para que forme parte del mismo.

Guaynabo, P.R. _SEP 3 0 2021_ 20__.

Afidávit No. _18,884_ del Registro.

Jurado y reconocido ante mi por Juan C. Jiménez Doblado, vecino de San Juan, mayor de edad, soltero, Representante del periódico "EL NUEVO DÍA", a quien doy fe de conocer personalmente,

Guaynabo, P.R. _SEP 3 0 2021_ 20__.

NOTARIO



**ANTE EL TRIBUNAL DE DISTRITO DE ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO**

En el caso:
LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,
como representante de
EL ESTADO LIBRE ASOCIADO DE PUERTO RICO, EL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y LA AUTORIDAD DE EDIFICIOS PÚBLICOS DE PUERTO RICO,
Deudores.[1]

Título III de PROMESA
Núm. 17 BK 3283-LTS
(Con administración conjunta)

**NOTIFICACIÓN DE (I) LA APROBACIÓN DE LA DECLARACIÓN DE DIVULGACIÓN, (II) EL ESTABLECIMIENTO DE LAS FECHAS DE REGISTRO, (III) LA VISTA DE CONFIRMACIÓN DEL PLAN DE AJUSTE Y LOS PROCEDIMIENTOS DE OBJECIÓN A LA CONFIRMACIÓN DEL PLAN DE AJUSTE, (IV) LOS PROCEDIMIENTOS Y LA FECHA LÍMITE PARA VOTAR SOBRE EL PLAN DE AJUSTE Y LA REALIZACIÓN DE DETERMINADAS ELECCIONES EN VIRTUD DE DICHO VOTO**

**FECHA LÍMITE DE VOTACIÓN Y ELECCIÓN: 5:00 p.m. (AST) del 4 de octubre de 2021**
**FECHA LÍMITE DE OBJECIONES: 5:00 p.m. (AST) del 19 de octubre de 2021**
**VISTA DE CONFIRMACIÓN: 8 al 10, 12, 15 al 18, y 22-23 de noviembre de 2021 a las 09:30 a.m. (AST)**
**Si tiene alguna pregunta sobre esta notificación, comuníquese con Prime Clerk LLC por teléfono llamando al (844) 822-9231 (gratuito para Estados Unidos y Puerto Rico) o al (646) 486-7944 (para llamadas internacionales), de 10:00 a.m. a 7:00 p.m. (hora estándar del Atlántico) (disponible en español), o por correo electrónico enviando un mensaje a puertoricoinfo@primeclerk.com.**

**TENGA EN CUENTA LO SIGUIENTE:**

1. ***Aprobación de la Declaración de Divulgación.*** Mediante orden de fecha 2 de agosto de 2021 [ECF Núm. 17639] (la "Orden de Declaración de Divulgación"), el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico (el "Tribunal") aprobó la adecuación de la información contenida en la *Declaración de Divulgación para el Séptimo Plan de Ajuste Conjunto Enmendado de Título III del Estado Libre Asociado de Puerto Rico, y otros*, de fecha 30 de julio de 2021 (con sus posibles modificaciones o enmiendas, incluyendo todos los anexos y apéndices a esta, la "Declaración de Divulgación"), presentada por la Junta de Supervisión y Administración Financiera en nombre del Deudor, y autorizó a los Deudores a convocar a la votación con respecto a la aceptación o rechazo del *Séptimo Plan de Ajuste Conjunto Enmendado de Título III del Estado Libre Asociado de Puerto Rico, y otros*, de fecha 30 de julio de 2021 (con sus posibles modificaciones o enmiendas, incluyendo todos los anexos y apéndices a este, el "Plan")[2].

**Podrá solicitar una copia impresa del Plan y de la Declaración de Divulgación, incluyendo traducciones al español de ambos documentos, poniéndose en contacto con el Agente de Votación, Prime Clerk LLC:**
**Por teléfono (10:00 a.m. hasta 7:00 p.m. (AST)) (disponible atención en español):**
**(844) 822-9231 (llamada gratuita en EE.UU. y Puerto Rico**
**(646) 486-7944 (llamadas internacionales)**
**Correo electrónico: puertoricoinfo@primeclerk.com**
Alternativamente, podrá consultar las copias electrónicas de la Declaración de Divulgación y del Plan visitando https://cases.primeclerk.com/puertorico/

2. De acuerdo con la Orden de Declaración de Divulgación, los Deudores enviarán por correo los materiales necesarios para votar el Plan o hacer elecciones sobre las distribuciones en virtud de este (el "Paquete de Convocatoria") a los tenedores de Reclamaciones de las siguientes Clases (colectivamente, las "Clases con Derecho al Voto"):

| | Clase |
|---|---|
| Reclamaciones de Bonos Vintage de la AEP | Clase 1 |
| Reclamaciones de Bonos Vintage de la AEP (Assured) | Clase 2 |
| Reclamaciones de Bonos Vintage de la AEP (National) | Clase 3 |
| Reclamaciones de Bonos Vintage de la AEP (Ambac) | Clase 4 |
| Reclamaciones de Bonos Vintage de la AEP (FGIC) | Clase 5 |
| Reclamaciones de Bonos Vintage de la AEP (Syncora) | Clase 6 |
| Reclamaciones de Bonos Vintage Minoristas de la AEP | Clase 7 |
| Reclamaciones de Bonos 2011 de la AEP | Clase 8 |
| Reclamaciones de Bonos 2011 Minoristas de la AEP | Clase 9 |
| Reclamaciones de Bonos 2012 de la AEP | Clase 10 |
| Reclamaciones de Bonos 2012 Minoristas de la AEP | Clase 11 |
| Reclamaciones Garantizadas de la AEP/DRA | Clase 12 |
| Reclamaciones Generales no Garantizadas de la AEP | Clase 13 |
| Reclamaciones no Garantizadas de la AEP/DRA | Clase 14 |
| Reclamaciones de Bonos Vintage del ELA | Clase 15 |
| Reclamaciones de Bonos Vintage Minoristas del ELA | Clase 16 |
| Reclamaciones de Bonos Vintage del ELA (Assured) | Clase 17 |
| Reclamaciones de Bonos Vintage del ELA (National) | Clase 18 |
| Reclamaciones de Bonos Vintage del ELA (Ambac) | Clase 19 |
| Reclamaciones de Bonos Vintage del ELA (FGIC) | Clase 20 |
| Reclamaciones de Bonos Vintage del ELA (Syncora) | Clase 21 |
| Reclamaciones de Bonos Vintage Garantizados del ELA | Clase 23 |
| Reclamaciones de Bonos Vintage Garantizados del ELA (Assured) | Clase 24 |
| Reclamaciones de Bonos Vintage Garantizados del ELA (National) | Clase 25 |
| Reclamaciones de Bonos Vintage Garantizados del ELA (Ambac) | Clase 26 |
| Reclamaciones de Bonos Vintage Garantizados del ELA (FGIC) | Clase 27 |
| Reclamaciones de Bonos Vintage Garantizados del ELA (Syncora) | Clase 28 |
| Reclamaciones de Bonos 2011 del ELA | Clase 30 |
| Reclamaciones de Bonos 2011 Minoristas del ELA | Clase 31 |
| Reclamaciones de Bonos 2011 del ELA (Assured) | Clase 32 |
| Reclamaciones de Bonos Garantizados 2011 del ELA | Clase 34 |
| Reclamaciones de Bonos Serie D/E/PIB 2011 del ELA | Clase 36 |
| Reclamaciones de Bonos Serie D/E/PIB 2011 del ELA (Assured) | Clase 37 |
| Reclamaciones de Bonos Serie D/E/PIB 2011 Minoristas del ELA | Clase 38 |
| Reclamaciones de Bonos 2012 del ELA | Clase 40 |
| Reclamaciones de Bonos 2012 Minoristas del ELA | Clase 41 |
| Reclamaciones de Bonos 2012 del ELA (Assured) | Clase 42 |
| Reclamaciones de Bonos Garantizados 2012 del ELA | Clase 44 |
| Reclamaciones de Bonos 2014 del ELA | Clase 46 |
| Reclamaciones de Bonos 2014 Minoristas del ELA | Clase 47 |
| Reclamaciones de Bonos Garantizados 2014 del ELA | Clase 49 |
| Reclamaciones de Jubilados Participantes del SRE por Encima del Umbral | Clase 51D |
| Reclamaciones de Jubilados Participantes del SRJ por Debajo del Umbral | Clase 51B |
| Reclamaciones de Jubilados Participantes del SRJ por Encima del Umbral | Clase 51E |
| Reclamaciones de Jubilados Participantes del SRM por Encima del Umbral) | Clase 51F |
| Reclamaciones de Participantes Activos del SRE | Clase 51G |
| Reclamaciones de Participantes Activos del SRJ | Clase 51H |
| Reclamaciones de Participantes Activos del SRM | Clase 51I |
| Reclamaciones de Participantes de Nóminas de VTP por Encima del Umbral | Clase 51L |
| Reclamaciones de AFSCME | Clase 52 |
| Reclamaciones de productores lácteos | Clase 53 |
| Reclamaciones de dominio eminente | Clase 54 |
| Reclamaciones del Centro Médico | Clase 56 |
| Reclamaciones Generales Sin Garantía del ELA | Clase 58 |
| Reclamaciones del ELA/ACT | Clase 59 |
| Reclamaciones del ELA/Centro de Convenciones | Clase 60 |
| Reclamaciones del ELA/Impuesto al Ron de la AFI | Clase 61 |
| Reclamaciones del ELA/AMA | Clase 62 |
| Reclamaciones de Bonos del SRE | Clase 65 |
| Reclamaciones Generales Sin Garantía del SRE | Clase 66 |
| Reclamaciones Federales | Clase 69 |

3. ***Vista de confirmación.*** Se celebrará una vista para considerar la confirmación del Plan (la "Vista de Confirmación") ante la Honorable Laura Taylor Swain, en una vista telefónica a través de CourtSolutions los días **8 – 10, 12, 15 – 18 y 22 – 23 de noviembre a las 9:30 a.m. (hora estándar del Atlántico)**.

4. La Vista de Confirmación puede ser continuada periódicamente por el Tribunal o la Junta de Supervisión, sin notificación adicional o a través de aplazamientos anunciados en audiencia pública o como se indica en cualquier notificación de los asuntos que se considerarán en la vista presentada ante el Tribunal, y el Plan puede ser modificado, si es necesario, antes, durante o como resultado de la Vista de Confirmación, de acuerdo con las disposiciones de modificación del Plan y la Regla Local 3016-2, sin notificación adicional a las partes interesadas.

5. ***Depósito de confirmación del Plan.*** La información relativa a la confirmación del Plan está disponible en línea en el Depósito de Confirmación del Plan en titleiiiplandataroom.com.

6. ***Fecha límite de objeción de la confirmación.*** El Tribunal ha establecido el **19 de octubre de 2021 a las 5:00 p.m. (hora estándar del Atlántico)** (la "Fecha Límite de Objeción a la Confirmación") como fecha límite para presentar objeciones o réplicas a la confirmación del Plan propuesto.

7. ***Objeciones y réplicas a la confirmación.*** Las objeciones y réplicas a la confirmación del Plan deben:

a. Estar redactadas por escrito, en inglés, y firmadas;
b. Indicar el nombre, el domicilio y la naturaleza de la Reclamación de la parte que se opone o responde;
c. Exponer en detalle el fundamento y la naturaleza de cualquier objeción o réplica y, cuando corresponda, la redacción propuesta que debe insertarse en el Plan con el fin de resolver cualquier objeción o réplica;
d. Presentarse electrónicamente ante el Tribunal en el registro *En referencia al Estado Libre Asociado de Puerto Rico*, Caso núm. 17 BK 3283-LTS, a través del sistema de registro de casos del Tribunal en formato de documento portátil con función de búsqueda, **como más tardar el 19 de octubre de 2021 las 5:00 p.m. (hora estándar del Atlántico).**
   i. Si no es usted abogado registrado como usuario del sistema de registro de casos del Tribunal, podrá enviar por correo postal su objeción a la Oficina de Secretaría del Tribunal, a:
   Tribunal de Distrito de EE.UU., Oficina de Secretaría
   Avenida Carlos Chardón 150, Suite 150
   San Juan, Puerto Rico 00918-1767
   que deberá recibirse como más tardar **el 19 de octubre de 2021 las 5:00 p.m. (hora estándar del Atlántico)**.
e. Notificarse a la Oficina del Fideicomisario de Estados Unidos para el Distrito de Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (ref: En el caso: el Estado Libre Asociado de Puerto Rico) de manera que se reciba en o antes de la Fecha Límite de Objeción a la Confirmación Final.

8. ***Participación en la Indagatoria de confirmación.*** Si desea participar en la indagatoria relativa a la confirmación del Plan deberá presentar una notificación de sus intenciones de participar en la indagatoria (una "Notificación de indagatoria"), un formulario que encontrará en https://cases.primeclerk.com/puertorico/. Si presenta su Notificación de indagatoria como más tardar el **15 de agosto de 2021**, es posible que se le permita el acceso a documentos del Depósito del Plan donde se guardan información y documentos relativos al Plan, y podrá asimismo notificar sus propias solicitudes indagatorias. Si presenta su Notificación indagatoria después del **15 de agosto de 2021**, pero antes del **19 de agosto de 2021 (o en esta última fecha)**, es posible que se le permita el acceso a documentos del Depósito del Plan. Tenga en cuenta que el acceso a la información en el Depósito del Plan podría quedar sujeto al cumplimiento de los requisitos de acceso de los Deudores.

9. Deberá presentar la Notificación de indagatoria en el formato estipulado por el sitio web del Caso del Título III, a saber:

a. Estar por escrito, en inglés, e ir firmada;
b. Indicar su nombre, domicilio, naturaleza de su Reclamación y número de Reclamación;
c. Indicar sus intenciones de participar en la indagatoria relativa a la confirmación del Plan; y
d. Presentarla electrónicamente al Tribunal, en el registro CM/ECF Notificación de intenciones de participar en la indagatoria de la Confirmación del Plan del Estado Libre Asociado, en *En referencia al Estado Libre Asociado de Puerto Rico*, Caso núm. 17 BK 3283-LTS, a través del sistema de registro de casos del Tribunal como más tardar en la fecha de plazo final correspondiente.
   i. Si no está usted representado por un abogado, podrá optar por enviar la Notificación de indagatoria por correo postal a la Oficina de Secretaría del Tribunal, en:
   Tribunal de Distrito de EE.UU., Oficina de Secretaría
   Avenida Carlos Chardón 150, Suite 150
   San Juan, Puerto Rico 00918-1767
   que deberá recibirse como más tardar en la fecha de plazo pertinente.

10. **Para poder participar en la indagatoria relacionada con la confirmación del Plan, deberá presentar la Notificación de indagatoria en plazo.** No obstante, si no presentase la Notificación de indagatoria en plazo, ello no será óbice para que presente una objeción a la confirmación del Plan como más tardar en el Plazo de objeción de la Confirmación, aunque no podrá ver los documentos del Depósito del Plan ni tampoco participar en la indagatoria.

11. ***Calendario y fechas límite de indagatoria.*** El Tribunal ha establecido el siguiente calendario y fechas límite, que serán aplicables a los Deudores y a otras partes interesadas que hayan presentado puntualmente una Notificación de indagatoria y tengan derecho a participar en la indagatoria[3].

| Resumen de determinadas fechas límite | |
|---|---|
| **3 de agosto de 2021** | Fecha final para que los Deudores presenten una lista preliminar de testigos de hechos, y temas sobre los cuales dichas personas testificarán (la "Lista preliminar de testigos de hechos de los Deudores"). |
| | Fecha final para que los Deudores presenten un resumen inicial explicando qué es lo que los Deudores pretenden demostrar en la confirmación. |
| **6 de agosto de 2021** | Fecha inicial para que todas las partes presenten sus solicitudes iniciales de presentación de documentos no depositados (las "Solicitudes iniciales de presentación". Los acreedores y las partes interesadas podrán presentar las Solicitudes iniciales de presentación solamente tras cursar una Notificación de intenciones de participar en la indagatoria (tal como se define a continuación). Las respuestas y objeciones a dichas Solicitudes iniciales de presentación se cursarán en un plazo de siete (7) días desde haber cursado dichas Solicitudes. |
| **15 de agosto de 2021** | Fecha final para que los acreedores y partes interesadas presenten una "Notificación de intenciones de participar en la indagatoria", también denominada "Notificación de indagatoria". Solamente las partes que presenten puntualmente una Notificación de intenciones de participar en la indagatoria podrán participar en la indagatoria, aunque hacerlo no será óbice para que una parte objete la confirmación del Plan. |
| **6 de septiembre de 2021** | Plazo final para que los Acreedores elegibles presenten una lista preliminar de testigos de hechos, y temas sobre los cuales dichas personas testificarán (una "Lista preliminar de testigos de hechos de los Acreedores elegibles"). |
| | Plazo final para que todas las partes presenten las declaraciones iniciales de peritos ("Declaraciones iniciales de peritos"). |
| **13 de septiembre de 2021** | Plazo final para que todas las partes presenten las declaraciones iniciales de peritos ("Declaraciones iniciales de peritos"). |
| | Fecha límite para que todas las partes presenten las notificaciones oficiales de declaración, los temas a declarar y los horarios solicitados para ello ("Notificaciones iniciales de declaración") (todas las partes tiene un tiempo limitado a siete (7) horas para las declaraciones). Se admitirán posteriores notificaciones siempre y cuando la indagatoria concluya en el plazo admitido. |
| **30 se septiembre de 2021** | Fecha límite para que todas las partes presenten las mociones "*Daubert*" y las mociones "*in limine*". |
| **1 de octubre de 2021** | Plazo final para que todas las partes presente un máximo de quince (15) interrogatorios ("Interrogatorios"), incluyendo subpartes. Las respuestas y objeciones a dichos Interrogatorios se cursarán antes de que transcurran diez (10) días desde el momento de presentación de los citados Interrogatorios. |
| **4 de octubre de 2021** | Plazo final para que todas las partes presenten las declaraciones de refutación de peritos ("Declaraciones de refutación de peritos"). |
| | Plazo final para que todas las partes presenten solicitudes de seguimiento de presentación de documentos ("Solicitudes de seguimiento de presentación" y, colectivamente, con las Solicitudes de presentación iniciales, las "Solicitudes de presentación"). |
| **8 de octubre de 2021** | Plazo final para que todas las partes presenten los informes de refutación de peritos ("Informes de refutación de peritos"). |
| | Plazo final para que los Deudores presenten una propuesta inicial de orden en apoyo de la confirmación del Plan (la "Propuesta inicial de orden de confirmación"). |
| **11 de octubre de 2021** | Plazo final para que las partes presenten solicitudes de admisión, limitadas a la autenticación de documentos ("Informes de admisión"). |
| | Conclusión de la indagatoria de hechos (la "Fecha límite de indagatoria de hechos"). |
| **15 de octubre de 2021** | Fecha límite para que todas las partes presenten las declaraciones de refutación de expertos ("Declaraciones de refutación de expertos"). |
| **18 de octubre de 2021** | Conclusión de la indagatoria de peritos (la "Fecha límite de indagatoria de peritos"). |
| **19 de octubre de 2021** | Fecha límite para que los Acreedores elegibles presenten sus objeciones a la confirmación del Plan ("Objeciones"). |
| | Fecha límite de presentación de la Notificación de intenciones de participar en la indagatoria o de la Notificación de indagatoria de los Acreedores elegibles que solamente deseen acceder a los documentos del Depósito del Plan. |
| **22 de octubre de 2021** | Fecha límite para que los Acreedores elegibles presenten objeciones a la Propuesta inicial de orden de confirmación. |
| | Fecha límite para que todas las partes presenten las listas de testigos, las listas de pruebas y las designaciones de declaraciones definitivas. |
| | Fecha límite para que todas las partes presenten sus oposiciones a las mociones "*Daubert*" y las mociones "*in limine*". |
| **25 de octubre de 2021** | Fecha límite para que todas las partes presenten las declaraciones de testigos que se utilizarán en la Vista de confirmación ("Declaraciones de testigos"). |
| | Fecha límite para que los Deudores presenten sus propuestas de conclusiones iniciales de hecho y de derecho en apoyo a la confirmación del Plan (las "Conclusiones iniciales de hecho y de derecho"). |
| **27 de octubre de 2021** | Fecha límite para que los Deudores presenten sus respuestas en apoyo a las Propuestas de orden de confirmación y Respuestas a las objeciones de confirmación del Plan. |
| **30 de octubre de 2021** | Fecha límite para que las partes presenten sus contradesignaciones, objeciones a las declaraciones designadas u objeciones a las listas de pruebas. |
| **1 de noviembre de 2021** | Vista virtual de las mociones "*in limine*". |
| **8 de noviembre de 2021** | Inicio de la Vista de confirmación. |

12. ***Fecha de registro de votación.*** La fecha de registro de la votación es el **13 de julio de 2021** (la "Fecha de Registro de Votación"), que es la fecha para determinar cuáles son los tenedores de Reclamaciones en las Clases con Derecho al Voto (excepto las Clases de Bonos[4], la Clase 51 y la Clase 52) que tienen derecho a votar sobre el Plan. Por lo tanto, solo los acreedores de una Clase con derecho al voto sobre el Plan y que tengan Reclamaciones contra los Deudores (excepto en las Clases de Bonos, la Clase 51 y la Clase 52) en la Fecha de Registro de Votación tienen derecho a votar sobre el Plan.

13. ***Fecha límite de votación.*** La fecha límite para votar el Plan es el **4 de octubre de 2021, a las 5:00 p.m. (hora estándar del Atlántico)**, salvo que se prorrogue dicha fecha (la "Fecha Límite de Votación"). ***No estará obligado a votar sobre el Plan para recibir distribuciones de conformidad con los términos y condiciones del Plan, si lo confirma el Tribunal y siempre y cuando sea usted titular de una Reclamación permitida.***

14. Si ha recibido un Paquete de Convocatoria, que incluye una Papeleta o una Notificación, y tiene intención de votar sobre el Plan, ***debe***: (a) seguir cuidadosamente las instrucciones; (b) completar ***toda*** la información requerida en la Papeleta (según sea el caso); y (c) (i) firmar y devolver su Papeleta completada de acuerdo con lo que se estipula en detalle en las instrucciones de votación incluidas en el Paquete de Convocatoria, de forma que su papeleta sea ***efectivamente recibida*** por el agente de convocatoria de los Deudores, Prime Clerk (el "Agente de Votación") en o antes de la Fecha Límite de Votación, o (ii) o dar instrucciones a su corredor o persona designada (cada uno de ellos, una "Persona Designada") para que entregue electrónicamente sus bonos a través del Programa Automatizado de Oferta de Presentación ("ATOP") en The Depository Trust Company ("DTC") de acuerdo con su deseo de votar para aceptar o rechazar el Plan en o antes de la Fecha Límite de Votación. ***El incumplimiento de estas instrucciones puede hacer que su voto sea descalificado.***

15. ***Fecha Límite de Elección***. La fecha límite para que los tenedores de Reclamaciones de Bonos elegibles que tengan derecho a elegir la forma de distribución según el Plan realicen dicha elección es el **4 de octubre de 2021, a las 5:00 p.m. (hora estándar del Atlántico)**, salvo que esta fecha se prorrogue (la "Fecha Límite de Elección"). Si ha recibido una Notificación con la opción de hacer una elección, ***debe***: (a) seguir cuidadosamente las instrucciones; y (b) entregar ***toda*** la información requerida de acuerdo con lo establecido en las instrucciones de elección de manera que sea recibida por su Persona Designada con tiempo suficiente para que su Persona Designada pueda ***ejecutar efectivamente*** su elección a través de ATOP de DTC en o antes de la Fecha Límite de Elección.

16. ***Partes interesadas sin derecho al voto.*** Se considera que los acreedores de las siguientes Clases rechazan el Plan y no tienen derecho al voto:

- Clase 63 (Reclamaciones por Asignaciones del ELA), y
- Clase 64 (Reclamaciones Subordinadas del ELA 510(b)).

17. Se considera que los acreedores de las siguientes Clases aceptan el Plan y no tienen derecho al voto, aunque recibirán las distribuciones de conformidad con los términos y condiciones del Plan, si este es confirmado por el Tribunal:

- Clase 51A (Reclamaciones de Jubilados Participantes del SRE por Debajo del Umbral)
- Clase 51C (Reclamaciones de Jubilados Participantes del SRM por Debajo del Umbral)
- Clase 51J (Reclamaciones de Participantes del Sistema 2000)
- Clase 51K (Reclamaciones de Participantes de Nóminas de VTP por Debajo del Umbral)
- Clase 55 (Reclamaciones de Incentivos Energéticos),
- Clase 57 (Reclamaciones de Créditos Contributivos),
- Clase 67 (Reclamaciones Gracia-Gracia), y
- Clase 68 (Reclamaciones de Conveniencia)

18. Si una Reclamación figura en la lista de acreedores de los Deudores [Caso Núm. 17-3283, ECF Núm. 1215, 1316, 2582, 10708] como contingente, no liquidada o impugnada y no se ha presentado una evidencia de reclamación (i) antes de la fecha límite para la presentación de evidencias de reclamación establecida por el Tribunal o de la Fecha de Registro de Votación (según sea el caso), lo que ocurra primero; o (ii) se considere presentada a tiempo por una orden del Tribunal antes de la Fecha Límite de Votación, dicha Reclamación no tendrá derecho a votación para aceptar o rechazar el Plan. Las evidencias de reclamación presentadas por $0.00 o las Reclamaciones que hayan sido impugnadas por orden del Tribunal tampoco tienen derecho al voto.

19. Si usted pertenece a las Clases 63 o 64, o ha presentado oportunamente una evidencia de reclamación y no está de acuerdo con la clasificación de los Deudores, la objeción o la solicitud de estimación de su Reclamación y cree que debería tener derecho a votar sobre el Plan, debe notificar a los Deudores y al Fideicomisario de Estados Unidos (puede consultar su dirección en el párrafo 7(e) precedente) y presentar ante el Tribunal (con copia al Despacho de la Juez) una moción (una "Moción de la Regla 3018(a)") para obtener una orden a tenor con la Regla 3018 de las Reglas Federales de Procedimiento de Quiebra (las "Reglas de Quiebra") que permita de forma temporal su Reclamación por un monto diferente o una Clase diferente a los efectos de votar para aceptar o rechazar el Plan. Todas las Mociones de la Regla 3018(a) deben presentarse en o antes del décimo (10º) día después de una de las siguientes fechas, la que ocurra último: (i) la notificación de esta Vista de Confirmación y (ii) la notificación de una objeción o solicitud de estimación, si la hubiera, en cuanto a dicha Reclamación. De acuerdo con la Regla de Quiebra 3018(a), en lo que respecta a cualquier acreedor que presente una Moción conforme a la Regla 3018(a), la Papeleta de dicho acreedor no se contabilizará, salvo que el Tribunal ordene lo contrario antes de la Fecha Límite de Votación (**4 de octubre de 2021 a las 5:00 p.m. (hora estándar del Atlántico)**). Los acreedores pueden ponerse en contacto con el Agente de Votación (i) por correo de primera clase o por mensajería nocturna, a Puerto Rico Ballot Processing, C/O Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, (ii) por teléfono llamando al (844) 822-9231 (llamada gratuita para EE.UU. y Puerto Rico) o al (646) 486-7944 (para llamadas internacionales), de 10:00 a.m. a 7:00 p.m. (hora estándar del Atlántico) (disponible en español), o (iii) o por correo electrónico a puertoricoinfo@primeclerk.com, para recibir una Papeleta adecuada para cualquier Reclamación para la que se haya presentado oportunamente una evidencia de reclamación y se haya concedido una Moción conforme a la Regla 3018(a). Las Mociones de la Regla 3018(a) que no se hayan presentado a tiempo y en la forma establecida en el presente no serán tenidas en cuenta.

20. Si desea que su Reclamación sea admitida provisionalmente a efectos de votación de conformidad con la Regla de Quiebras 3018(a), en https://cases.primeclerk.com/puertorico/ encontrará un formulario de la Regla 3018(a) con instrucciones para rellenar y presentar la moción.

21. ***Partes que no serán tratadas como Acreedores***. Cualquier tenedor de una Reclamación que (i) esté programado en la Lista de Acreedores a $0.00 y que no sea objeto de una evidencia de Reclamación presentada a tiempo o de una evidencia de Reclamación que se considere presentada a tiempo ante el Tribunal a tenor con el Código de Quiebras o con cualquier orden del Tribunal, o que se considere presentada a tiempo según la ley aplicable, o (ii) no está programado y no es objeto de una evidencia de reclamación presentada a tiempo o una evidencia de reclamación considerada como presentada a tiempo ante el Tribunal a tenor con el Código de Quiebras o cualquier orden del Tribunal, o de otra manera considerada como presentada a tiempo conforme a la ley aplicable, no será tratado como un acreedor con respecto a dicha Reclamación a los efectos de (a) recibir notificaciones sobre el Plan, y (b) votar sobre el Plan.

*(continúa en la página siguiente)*

*(continúa de la página anterior)*

**22. Información adicional.** Cualquier parte interesada que desee obtener información sobre los procedimientos de convocatoria o copias de la Declaración de Divulgación o del Plan, incluyendo sus traducciones al español, debe ponerse en contacto con el Agente de Votación, Prime Clerk LLC, por teléfono llamando al (844) 822-9231 (llamada gratuita para EE.UU. y Puerto Rico) o al (646) 486-7944 (para llamadas internacionales), de 10:00 a.m. a 7:00 p.m. (hora estándar del Atlántico) (disponible en español), o por correo electrónico a puertoricoinfo@primeclerk.com, o puede ver dichos documentos accediendo a https://cases.primeclerk.com/puertorico/ o al sitio web del Tribunal, https://www.prd.uscourts.gov/. Tenga en cuenta que se necesita una contraseña y un inicio de sesión para acceder a los documentos que figuran en el sitio web del Tribunal a través del sistema de Acceso Público a los Registros Electrónicos del Tribunal (PACER, por sus siglas en inglés) (http://www.pacer.psc.uscourts.gov).

**23. Reglas de Quiebra 2002(c)(3) y 3016(c).** De acuerdo con las Reglas de Quiebra 2002(c)(3) y 3016(c), a continuación se exponen las disposiciones de descargo, exculpación e interdicto contenidas en el Plan:

**Sección 92.2– Exoneración y descargo de reclamaciones y causas de acción:**

(a) Salvo que se disponga expresamente en el Plan o en la Orden de Confirmación, todas las distribuciones y derechos otorgados en virtud del Plan serán, y se considerarán, a cambio de, y en completa satisfacción, liquidación, exoneración y descargo de, todas las Reclamaciones o Causas de Acción contra las Partes Exoneradas que surgieron, en todo o en parte, antes de la Fecha de Vigencia, en relación con los Casos de Título III, los Deudores o los Deudores Reorganizados o cualquiera de sus respectivos Activos, bienes o intereses de cualquier naturaleza, incluidos los intereses devengados por dichas Reclamaciones en o a partir de la Fecha de Petición, e independientemente de que se haya distribuido o retenido bienes a tenor con el Plan a causa de dichas Reclamaciones o Causas de Acción. En la Fecha de Vigencia, los Deudores y los Deudores Reorganizados se considerarán exonerados y eximidos de toda y cualquier Reclamación, Causas de Acción y cualquier otra deuda emergente, en su totalidad o en parte, antes de la Fecha de Vigencia (lo que incluye antes de la Fecha de Petición), y todas las Reclamaciones del tipo especificado en las secciones 502(g), 502(h) o 502(i) del Código de Quiebras, y la Sección 407 de PROMESA, ya sea o no (i) una prueba de reclamación basada en la cual se reclamación basada en la cual se puede haber presentado dicha Reclamación en virtud de la sección 501 del Código de Quiebras, (b) que se permita dicha Reclamación contra la sección 502 del Código de Quiebras y la Sección 407 de PROMESA (o que se resuelva de otro modo), o (c) que el tenedor de una Reclamación basada en una deuda tal haya votado para aceptar el Plan. Para disipar cualquier duda, nada de lo contenido aquí ni en la Orden de confirmación librará, eximirá ni prescribirá ninguna reclamación o causa de acción contra la AEP derivada de, o relacionada con, los bonos emitidos por la AEP, incluyendo, entre otros, los emitidos con seguros monolínea pertinentes, y la AEP no evitó de ninguna reclamación ni causa de acción contra cualquier Entidad no deudora. Las reclamaciones y causas de acción contra la AEP derivadas de, o relacionadas con, los bonos emitidos por la AEP, y las exenciones contra la AEP y sus activos, se dirigirán al caso del Título III de la AEP, incluyendo, entre otros, cualquier plan de ajuste pertinente.

(b) Salvo que se disponga expresamente en el Plan o en la Orden de Confirmación, todas las Entidades estarán impedidas de hacer valer todas y cada una de las Reclamaciones contra los Deudores y Deudores Reorganizados, y cada uno de sus respectivos Activos, bienes y derechos, remedios, Reclamaciones o Causas de Acción o responsabilidades de cualquier naturaleza, relacionadas con los Casos del Título III, los Deudores o los Deudores Reorganizados o cualquiera de sus respectivos Activos y bienes, incluyendo cualquier interés acumulado sobre dichas Reclamaciones desde o después de la Fecha de Petición, e independientemente de que se hayan distribuido o retenido bienes a tenor del Plan por cuenta de dichas Reclamaciones u otras obligaciones, demandas, sentencias, daños o perjuicios, deudas, derechos, remedios, causas de acción o responsabilidades. De acuerdo con lo anterior, salvo que se disponga expresamente en el Plan o en la Orden de Confirmación, la Orden de Confirmación constituirá una determinación judicial, a la Fecha de Vigencia, de la exoneración y descargo de todas esas Reclamaciones, Causas de Acción o deuda de o contra los Deudores y los Deudores Reorganizados a tenor con las secciones 524 y 944 del Código de Quiebras, aplicable al Caso de Título III a tenor con la Sección 301 de PROMESA, y dicha exoneración anulará y extinguirá cualquier sentencia obtenida contra los Deudores o Deudores Reorganizados y sus respectivos Activos y bienes en cualquier momento, en la medida en que dicha sentencia esté relacionada con una Reclamación, deuda o responsabilidad que sea objeto de dicha exoneración. A la Fecha de Vigencia, y como contraprestación en o en el valor proporcionado en virtud del Plan, se considera que cada tenedor de una Reclamación, renuncia y novenará para siempre a, los Deudores y a los Deudores Reorganizados, y a sus respectivos Activos y bienes, a toda esas Reclamaciones.

(c) No obstante cualquier otra disposición de la Sección 92.2, de conformidad con las disposiciones del Acuerdo de Apoyo al Plan GO/AEP, se considerará que cada uno de los Acreedores del Acuerdo de Apoyo al Plan (AAP) GO/AEP y sus respectivas Personas Vinculadas, únicamente en su calidad de Acreedores de los Deudores, (i) han renunciado y pactado no demandar o de otro modo intentar recuperar daños y perjuicios o buscar cualquier otro tipo de reparación contra cualquiera de los Exonerados del Gobierno basadas en, que se deriven de o estén relacionadas con las Reclamaciones Exoneradas del Gobierno o cualquiera de las Reclamaciones o Causas de Acción afirmadas o que podrían haber sido afirmadas, incluyendo, entre otros, en las Acciones de Recuperación (Clawback) y las Mociones de Levantamiento de la Paralización y (ii) no ayudarán directa o indirectamente a ninguna persona a realizar ninguna acción con respecto a las Reclamaciones Exoneradas del Gobierno que esté prohibida por la presente Cláusula 92.2.

(d) Limitación de la SEC. No obstante nada de lo contenido en esta Orden de confirmación, ninguna disposición tendrá como consecuencia (i) impeder que la SEC haga valer sus potestades en materia de políticas o reglamentos; ni (ii) impedir, limitar, perjudicar ni retrasar que la SEC inicie o continúe reclamaciones, pleitos, procedimientos o investigaciones contra personas físicas o jurídicas no deudoras en ningún foro.

(e) Limitación de los Estados Unidos. Limitación de la SEC. No obstante nada de lo contenido en esta orden de confirmación o en la Orden de confirmación, ninguna disposición tendrá como consecuencia (i) impedir que los Estados Unidos o cualquiera de sus agencias, departamentos o agentes, o eximir de cualquier manera que los Deudores o los Deudores reorganizados, según sea el caso, cumplan las leyes y requisitos federales o territoriales que implementen programas federalmente autorizados o delegados para la protección de la salud, la seguridad y el medio ambiente o de personas de dicho territorio, (ii) amplíe el alcance de ninguna exoneración, exención o recurso a los cuales los Deudores o los Deudores reorganizados tengan derecho de conformidad con el Título III, ni (iii) eximir, descargar, impedir o prohibir de alguna manera (A) cualquier responsabilidad de los Deudores o los Deudores reorganizados ante los Estados Unidos y posteriores a la Fecha de Entrada en vigencia, (B) cualquier responsabilidad de cara a los Estados Unidos que no sea una Reclamación, (C) cualquier defensa afirmativa o cualquier derecho de compensación o recobro de los Estados Unidos, de los Deudores o de los Deudores reorganizados, según proceda, reservándose expresamente dichos derechos de compensación y recobro de los Estados Unidos; o (D) continuidad de la validez de las obligaciones de los Estados Unidos, de los Deudores o de los Deudores reorganizados, según proceda, en virtud de cualquier subsidio o acuerdo de asistencia cooperativa de los Estados Unidos, (E) las obligaciones de los Deudores o de los Deudores reorganizados derivadas de las políticas, leyes o reglamentos federales, incluyendo, entre otros, leyes relativas al medio ambiente, la salud o la seguridad pública, o leyes territoriales que implementen dichas disposiciones legales federales, incluyendo, entre otros, obligaciones de cumplimiento normativo, requisitos de obligaciones de permisos o de órdenes judiciales y obligaciones de pagar las correspondientes penalizaciones administrativas, civiles y de otra índole, (F) cualquier responsabilidad en materia de medio ambiente o obligación para con los Estados Unidos que los Deudores, los Deudores reorganizados, sus sucesores o cualquier otra persona física o jurídica puedan tener como propietario o explotador de bienes raíces que se hubieren producido durante el período a partir de la Fecha de Entrada en vigencia, incluyendo, entre otros, obligaciones de cumplimiento normativo, requisitos de derechos de consentimiento u órdenes judiciales y obligaciones de pagar las correspondientes penalizaciones administrativas, civiles y de otra índole, (G) cualquier responsabilidad de cara a los Estados Unidos que no sea una Reclamación, incluyendo, entre otros, obligaciones de cumplimiento, requisitos de derechos de consentimiento u órdenes judiciales y obligaciones de pagar las correspondientes penalizaciones administrativas, civiles y de otra índole, (I) cualquier derecho de los Estados Unidos reorganizados, (J) vinculante para el IRS con respecto a las obligaciones limitadas a la capacidad de los Deudores de reducir los intereses de recuperación u órdenes judiciales y obligaciones de pagar las correspondientes penalizaciones administrativas, civiles y otras, incluyendo, entre otros, obligaciones de cumplimiento normativo, requisitos de derechos de consentimiento u órdenes judiciales y obligaciones de pagar las correspondientes penalizaciones administrativas, civiles y de otra índole, (I) cualquier responsabilidad en materia de medio ambiente, incluyendo, entre otros, las limitadas a la capacidad de los Deudores y los Deudores reorganizados, (ii) vinculante para el IRS con respecto a las obligaciones limitadas a la capacidad de los Deudores de reducir los atributos tributarios, incluyendo la contención aquí en la Orden de confirmación en el sentido de que los Deudores y los Deudores reorganizados, (iii) una exención, satisfacción, exoneración o prohibición de cualquier recaudación reclamada por el IRS contra cualquier entidad que no sean los Deudores o los Deudores reorganizados, y (iv) otorgar ninguna exención a ninguna Entidad que el Tribunal tenga prohibido por la Ley de Sentencias Declaratorias, 28 U.S.C. § 2201(a) o la Ley contra Medidas Cautelares aplicables a impuestos, 26 U.S.C. § 7421(a).

(f) Actuaciones de las aseguradoras. No obstante cualquier disposición en sentido contrario contenida aquí o en la Orden de confirmación, incluyendo, entre otros, las Secciones 92.2, 92.3 y 92.11 del Plan, y salvo que esté excluido por lo estipulado en PROMESA, nada de lo contenido en el Plan, la Orden de confirmación u oro documento relacionado con el Plan incluido en el Suplemento del Plan, tiene por objeto ni podrá interpretarse como un intento de perjudicar, alterar, modificar, disminuir, prohibir, impedir, restringir, limitar, eximir, reducir, eliminar o limitar los derechos de demandados y demandantes, incluyendo, entre otros, las partes de las Actuaciones de las aseguradoras, de hacer valer sus respectivos derechos, reclamaciones, causas de acción y defensa.

**Sección 92.3 – Interdicto sobre las Reclamaciones:** Salvo que se disponga expresamente lo contrario en el Plan, en la Orden de Confirmación o en cualquier otra Orden Definitiva del Tribunal del Título III

que pueda ser aplicable, todas las Entidades que hayan tenido, tengan o puedan tener Reclamaciones o cualquier otra deuda o responsabilidad que se exonere o renuncie a tenor con la Sección 92.2 del presente o que hayan tenido, tengan o puedan tener Reclamaciones o cualquier otra deuda o responsabilidad que se exonere o renuncie a tenor con la Sección 92.2 del presente tienen permanentemente prohibido, en o a partir de la Fecha de Vigencia, (a) comenzar o continuar, directa o indirectamente, de cualquier manera, cualquier acción u otro procedimiento (incluyendo, entre otros, cualquier procedimiento judicial, arbitral, administrativo u otro) de cualquier índole sobre cualquier Reclamación u otra deuda o responsabilidad que se exonere a tenor con el Plan contra cualquiera de las Partes Exoneradas o cualquiera de sus respectivos activos o bienes, (b) la ejecución, el embargo, el cobro o la recuperación por cualquier forma o medio de cualquier sentencia, laudo, decreto u orden contra cualquiera de las Partes Exoneradas o cualquiera de sus respectivos activos o bienes por cuenta de cualquier Reclamación u otra deuda o responsabilidad que se exonere a tenor con el Plan, (c) crear, perfeccionar o aplicar cualquier gravamen de cualquier tipo contra cualquiera de las Partes Exoneradas o cualquiera de sus respectivos activos o bienes por cuenta de cualquier Reclamación u otra deuda o responsabilidad que se exonere en conformidad con el Plan; y (d) salvo en la medida en que se disponga, permita o preserve en las secciones 553, 555, 556, 559 o 560 del Código de Quiebras o conforme al derecho de recuperación del derecho consuetudinario, hacer valer cualquier derecho de compensación, subrogación o recuperación de cualquier tipo contra cualquier obligación debida de cualquiera de las Partes Exoneradas o cualquiera de sus respectivos activos o bienes, con respecto a cualquier Reclamación y otra deuda o responsabilidad que se exonere en conformidad con el Plan. Este interdicto se extenderá a todos los sucesores y cesionarios de las Partes Exoneradas y sus respectivos activos y bienes.

**Sección 92.5 – Exoneraciones de los Deudores y Deudores Reorganizados:** Salvo que se disponga expresamente lo contrario en el Plan o en la Orden de Confirmación, en la Fecha de Vigencia, y por una contraprestación válida y suficiente de apreciación pecuniaria, cada uno de los Deudores y los Deudores Reorganizados, el Agente Pagador y cada una de las Personas Relacionadas de los Deudores y los Deudores Reorganizados, se considerará que ha, y se presentirá haber de manera irrevocable e incondicional, plenamente, definitivamente y a perpetuidad, renunciado, exonerado, absuelto y relevado a las Partes Exoneradas de toda y cualquier Reclamación o Causas de Acción que los Deudores, los Deudores Reorganizados y el Agente Pagador, o cualquiera de ellos, o cualquiera que reclame a través de ellos, en su nombre o para su propio beneficio, tengan o pudieran tener o reclamaran tener, ahora o en el futuro, contra cualquier Parte Exonerada que sean Reclamaciones Exoneradas o que de otro modo se basen en, se relacionen con, o surjan de o en conexión con, en su totalidad o en parte, cualquier acto, omisión, transacción, evento u otra circunstancia relacionada con los Casos de Título III, los Deudores que tengan lugar o existan en o antes de la Fecha de Vigencia, y/o cualquier Reclamación, acto, hecho, transacción, ocurrencia, declaración u omisión en relación con ello, o que podría haber sido alegada, incluyendo, entre otros, cualquier Reclamación, demanda, responsabilidad relacionada con los Casos de Título III, los Deudores que tengan lugar o existan en o antes de la Fecha de Vigencia, y/o cualquier Reclamación, acto, hecho, transacción, ocurrencia, declaración u omisión en relación con ello, o que podría haber sido alegada, contribución u otro fundamento, según la ley escrita o el derecho consuetudinario, por daños y perjuicios, costes u honorarios.

**Sección 92.6 – Interdictos relacionados con descargos:** A la Fecha de Vigencia, todas las Entidades que tengan, hayan tenido o puedan tener una Reclamación Exonerada que es tal en conformidad con la Sección 92.5 del Plan, están, y estarán, permanentemente, para siempre y completamente suspendidas, restringidas, prohibidas, vetadas e inhabilitadas para llevar a cabo cualquiera de las siguientes acciones, ya sea directa o indirectamente, de forma derivada o de otra manera, a causa o en base al objeto de dichas Reclamaciones Exoneradas: (i) iniciar, realizar o continuar de cualquier manera, ya sea directa o indirecta, cualquier juicio, acción u otro procedimiento (lo que incluye, entre otros, cualquier procedimiento judicial, arbitral, administrativo u otro tipo) en cualquier foro; (ii) aplicar, embargar o cobrar o, de cualquier otra forma, recuperar por cualquier manera, medio o procedimiento, directa o indirectamente, cualquier sentencia, laudo, decreto u otra orden; (iii) crear, perfeccionar o aplicar de cualquier manera, directa o indirecta, cualquier gravamen o aseguramiento; (iv) hacer valer de cualquier manera cualquier compensación, derecho de subrogación o recuperación de cualquier tipo; y (v) iniciar o continuar de cualquier manera, ante cualquier foro, cualquier acción u otro procedimiento de cualquier índole que sea incompatible o esté en contradicción con las disposiciones de este Plan o de la Orden de Confirmación. No obstante lo anterior, las disposiciones de esta Sección 92.6 no afectarán las responsabilidades de cualquiera de las Partes Exoneradas que, en conformidad con el Plan o la Orden de Confirmación, no sean descargadas, liberadas, tratadas o exoneradas de otro modo a tenor con el Plan. Este interdicto se extenderá a todos los sucesores y cesionarios de las Partes Exoneradas y sus respectivos activos y bienes.

**Sección 92.7 – Exculpación:**

(a) **Partes del Gobierno:** La Junta de Supervisión, AAFAF, los Deudores y cada una de las respectivas Personas Relacionadas, actuando exclusivamente en su capacidad como tales en cualquier momento hasta la Fecha de Vigencia inclusive, no tendrán ni incurrirán en responsabilidad legal alguna ante cualquier Entidad por actos u omisiones en relación con los Casos de Título III, la formulación, preparación, difusión, implementación, confirmación o aprobación del Plan o de cualquier transacción o acuerdo contemplado en estos, la Declaración de Divulgación, o cualquier contrato, instrumento, publicación u otro acuerdo o documento previsto o contemplado en relación con el perfeccionamiento de las transacciones establecidas en el Plan; disponiéndose, sin embargo, que las disposiciones que anteceden a esta Sección 89.7 no afectarán las responsabilidades de cualquier Entidad que de otro modo hubieran resultado de dicho acto u omisión en la medida en que se determine en una Orden Definitiva que dicho acto u omisión constituyó fraude intencional o conducta dolosa. Ninguna de las disposiciones anteriores de esta Sección 89.7(a) menoscabará el derecho de ninguna de las Partes del Gobierno, ni de los funcionarios y directivos de las Partes del Gobierno, que cumplen funciones en cualquier momento hasta la Fecha de Vigencia inclusive, de basarse en el asesoramiento de un abogado con respecto a sus deberes y responsabilidades en virtud del Plan.

(b) **Acreedores del AAP:** Cada uno de los Acreedores del AAP, exclusivamente en su calidad de parte del Acuerdo de Apoyo al Plan de GO/AEP y/o del Acuerdo de Apoyo al Plan de la ACT/ADCC y un Acreedor y/o aseguradora, según sea el caso, desde la Fecha de Petición hasta la Fecha de Vigencia, inclusive, y cada una de sus respectivas Personas Relacionadas, no tendrán ni incurrirán en responsabilidad legal alguna ante cualquier Entidad por actos u omisiones en relación con los Casos de Título III, la mediación, negociación, formulación, preparación, difusión, implementación, confirmación o aprobación del Plan o de cualquier transacción o acuerdo contemplado en, la Declaración de Divulgación, el Acuerdo de Apoyo al Plan de GO/AEP, el Acuerdo de Apoyo al Plan de la ACT/ADCC, los Documentos Definitivos o cualquier contrato, instrumento, publicación u otro acuerdo o documento previsto o contemplado en relación con el perfeccionamiento de las transacciones establecidas en el Plan; disponiéndose, sin embargo, que las disposiciones que anteceden no afectarán las responsabilidades de cualquier Entidad que de otro modo hubieran resultado de dichos actos u omisiones en la medida en que se determine en una Orden Definitiva que dicho acto u omisión constituyó fraude intencional o conducta dolosa.

(c) **Comité de Retirados:** Cada uno de los miembros del Comité de Retirados, exclusivamente en su calidad de miembro del Comité de Retirados y como Acreedor, según corresponda, desde la Fecha de Petición hasta la Fecha de Vigencia, inclusive, y cada una de las Personas Relacionadas del Comité de Retirados no tendrán ni incurrirán en responsabilidad legal alguna ante cualquier Entidad por actos u omisiones en relación con los Casos de Título III, la mediación, negociación, formulación, preparación, difusión, implementación, confirmación o aprobación del Plan o de cualquier transacción o acuerdo contemplado en este, la Declaración de Divulgación, o cualquier contrato, instrumento, publicación u otro acuerdo o documento previsto o contemplado en relación con el perfeccionamiento de las transacciones establecidas en el Plan; disponiéndose, sin embargo, que las disposiciones que anteceden no afectarán las responsabilidades de cualquier Entidad que de otro modo hubieran resultado de dichos actos u omisiones en la medida en que se determine en una Orden Definitiva que dicho acto u omisión constituyó fraude intencional o conducta dolosa.

(d) **Comité de Acreedores:** cada uno de los miembros del Comité de Acreedores, exclusivamente en su calidad de miembro del Comité de Acreedores, desde la Fecha de Petición hasta la Fecha de Vigencia, inclusive, y cada una de las Personas Relacionadas del Comité de Acreedores no tendrán ni incurrirán en responsabilidad legal alguna ante cualquier Entidad por actos u omisiones en relación con los Casos de Título III, la formulación, preparación, difusión, implementación, confirmación o aprobación del Plan o de cualquier transacción o acuerdo contemplado en este, la Declaración de Divulgación, o cualquier contrato, instrumento, publicación u otro acuerdo o documento previsto o contemplado en relación con el perfeccionamiento de las transacciones establecidas en el Plan; disponiéndose, sin embargo, que las disposiciones que anteceden a esta Sección 92.7(d) no afectarán la responsabilidad legal de cualquier Entidad que de otro modo hubiera resultado de dicho acto u omisión en la medida en que se determine en una Orden Definitiva que dicho acto u omisión constituyó fraude intencional o conducta dolosa.

(e) **AFSCME:** Cada uno de las partes de AFSCME exclusivamente en su calidad de parte del Acuerdo de Apoyo al Plan de AFSCME y Acreedor, según corresponda, desde la Fecha de Petición hasta la Fecha de Vigencia, inclusive, y cada una de sus respectivas Personas Relacionadas no tendrán ni incurrirán en responsabilidad legal alguna ante cualquier Entidad por actos u omisiones en relación con los Casos de Título III, la formulación, preparación, difusión, implementación, confirmación o aprobación del Plan o de cualquier compromiso o acuerdo contemplado en estos, la Declaración de Divulgación, el Acuerdo de Apoyo

al Plan de AFSCME, o cualquier contrato, instrumento, publicación u otro acuerdo o documento previsto o contemplado en relación con el perfeccionamiento de las transacciones establecidas en el Plan y en el Acuerdo de Apoyo al Plan de AFSCME; disponiéndose, sin embargo, que las disposiciones que anteceden a esta Sección 89.7(e) no afectarán la responsabilidad legal de cualquier Entidad que de otro modo hubiere resultado de dicho acto u omisión en la medida en que se determine en una Orden Definitiva que dicho acto u omisión constituyó fraude intencional o conducta dolosa.

(f) **Aseguradoras Monolínea:** Ambac, Assured, FGIC, National, Syncora y sus respectivas Personas Relacionadas, no tendrán ni incurrirán en responsabilidad legal alguna ante ninguna Entidad por actos u omisiones que sean compatibles con el Plan en relación con la formulación, preparación, difusión, implementación, aceptación, confirmación o aprobación del Plan, lo que incluye, entre otros, el tratamiento de las Reclamaciones de Bonos Asegurados de Ambac, las Reclamaciones de Bonos Asegurados de FGIC, las Reclamaciones de Bonos Asegurados de National o las Reclamaciones de Bonos Asegurados de Ambac, los procedimientos de votación, los procedimientos de elección y cualquier descargo de obligaciones en virtud de las Pólizas de Seguro de Ambac, las Pólizas de Seguro de Assured, las Pólizas de Seguro de FGIC, las Pólizas de Seguro de National o las Pólizas de Seguro de Syncora aplicables; disponiéndose, sin embargo, que no obstante cualquier disposición en contrario en el presente, los términos y las disposiciones del Plan no relevarán ni exculparán, ni se entenderá que relevan o exculpan a cualquier beneficiario de Bonos Asegurados de Ambac, Bonos Asegurados de Assured, Bonos Asegurados de FGIC, Bonos Asegurados de National o Bonos Asegurados de Syncora de cualquier obligación de pago en virtud de la Póliza de Seguro de Ambac, la Póliza de Seguro de Assured, la Póliza de Seguro de FGIC, la Póliza de Seguro de National o la Póliza de Seguro de Syncora aplicable de acuerdo con sus términos únicamente en la medida en que dicho tenedor no reciba el Tratamiento de Ambac, el Tratamiento de Assured, el Tratamiento de FGIC, el Tratamiento de National o el Tratamiento de Syncora, según corresponda (o cualquier pólizas relacionadas con Ambac, Assured, FGIC National o Syncora) según proceda.

**Sección 92.8 – Litigio Relacionado con las Designaciones:** No obstante cualquier disposición en contrario en el presente, en el caso de que se dicte una Orden Definitiva en relación con el Litigio Relacionado con las Designaciones o el Litigio de Uniformidad con posterioridad a la emisión de la Orden de Confirmación, como consecuencia de la cual la Junta de Supervisión se vea obligada a, o se considere que ha considerado efectuar, la conformidad con los términos y disposiciones del Plan y los documentos e instrumentos relacionados con este, todos los Acreedores o las demás Entidades que reciban, o se considere que han recibido, distribuciones en conformidad con el Plan o como resultado del Plan, estarán obligados a devolver dichas distribuciones que reciban de acuerdo con el Plan; no obstante, ninguna Entidad estará obligada a devolver cualquier distribución en la medida en que dicha devolución esté prohibida por la ley federal, estatal o territorial aplicable o independientemente de dónde se afirmen).

**Sección 92.10 – Orden de prohibición:** Dentro de los límites que se estipulan en el Plan, todas y cada una de las Entidades que pueden presentar, solicitar, continuar, procesar, tramitar o litigar de cualquier manera toda y cada una de las Reclamaciones, demandas, derechos, responsabilidades o causas de acción de cualquier tipo, carácter o naturaleza, según el sistema de derecho escrito o consuetudinario, conocidas o desconocidas, directas o derivadas, declaratorias o no, contra cualquiera de las Partes Exoneradas, basadas, relacionadas con o que surjan de o en conexión con cualquiera de las Reclamaciones Exoneradas, la confirmación o perfeccionamiento del Acuerdo de Apoyo al Plan GO/AEP o cualquier reclamación, acto, hecho, transacción, ocurrencia, declaración u omisión en relación con ellos, se basen o puedan haber sido alegada en los Casos de Título III, lo que incluye, entre otros, cualquier reclamación, demanda, responsabilidad, obligación, deuda, costo, desembolso, interés, daños y perjuicios, contribución, indemnización u otros recursos de cualquier tipo que puedan hacer valer los acreedores u otras entidades ahora o en el futuro.

**Sección 92.11 – Interdicto complementario.** No obstante cualquier disposición en contrario en el presente, salvo dentro de los límites que se estipulan en el Plan, todas las Entidades, incluidas las Entidades que actúan en su propio nombre, que actualmente tienen o afirman, han tenido o afirmaron, o pueden tener o afirmar cualquier Reclamación Exonerada en contra de cualquiera de las Partes Exoneradas basada, relacionada con o que surja de o en conexión con cualquier reclamación, acto, hecho, transacción, ocurrencia, declaración u omisión en relación con cualquier reclamación, acto, hecho, transacción, ocurrencia, declaración u omisión (todas las anteriores Reclamaciones, colectivamente "Reclamaciones Exoneradas del Litigio"), se verá permanentemente restringida, vetada e inhibida de hacer valer, continuar, procesar o litigar de cualquier manera en cualquiera de los foros, según sea el caso, con respecto a una o más de tales Reclamaciones Exoneradas del Litigio directa o indirectamente, cualquier reclamación o Causa de Acción de cualquier índole que cualquiera de dichas Entidades tuvo, tiene o pueda tener contra cualquiera de las Partes Exoneradas con respecto a dichas Reclamaciones Exoneradas del Litigio.

**Fecha de la Emisión:** 26 de agosto de 2021, San Juan, Puerto Rico

Atentamente, */f/ Martin J. Bienenstock*, Martin J. Bienenstock (*pro hac vice*), Brian S. Rosen (*pro hac vice*), **PROSKAUER ROSE LLP**, Eleven Times Square, Nueva York, NY 10036, *Abogados de la Junta de Supervisión y Administración Financiera como representante de los Deudores* – */f/ Hermann D. Bauer*, Hermann D. Bauer, USDC (Tribunal de Distrito de los Estados Unidos) Núm. 215205, **O'NEILL & BORGES LLC**, 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918-1813, *Coabogados de la Junta de Supervisión y Administración Financiera como representante de los Deudores*

# Exhibit F

*El Vocero de Puerto Rico*

**(September 1, 2021)**



# AFIDAVIT

## Aviso Público

**NOTIFICACIÓN DE (I) LA APROBACIÓN DE DIVULGACIÓN, (II) EL ESTABLECIMIENTO DE LA FECHAS DE REGISTRO, (III) LA VISTA DE CONFIRMACIÓN DEL PLAN DE AJUSTE Y LOS PROCEDIMIENTOS DE OBJECIÓN A LA CONFIRMACIÓN DEL PLAN DE AJUSTE, (IV) LOS PROCEDIMIENTOS Y LA FECHA LÍMITE PARA VOTAR SOBRE EL PLAN DE AJUSTE Y LA REALIZACIÓN DE DETERMINADAS ELECCIONES <u>EN VIRTUD DE DICHO VOTO</u>**

---

### Título III de PROMESA
### Núm. 17 BK 3283-LTS

Yo, Noemí Merced Morales habiendo prestado el juramento debido, declaro lo siguiente: Que soy facturadora de Publi-Inversiones para el periódico El Vocero de Puerto Rico el cual se pública en San Juan Puerto Rico y que en las ediciones de este mismo diario correspondientes a los siguientes días:

---

### 1 de Septiembre de 2021

---

Se dio publicidad al aviso expedido por: **Peticionario: <u>Commonwealth of Puerto Rico.</u>**

Sobre el asunto arriba mencionado, y copia del cual se une al presente affidavit para que forme parte del mismo.

San Juan, Puerto Rico, a _____

SEP - 3 2021

_____
Noemí Merced Morales
Departamento de Finanzas

Affidavit Núm. _____ del Registro

Jurado y reconocido ante mí por Noemí Merced Morales, mayor de edad, casada, vecina de San Juan y facturadora del Departamento de Facturación de Publi Inversiones para el periódico El Vocero de Puerto Rico, de esta vecindad, a quien doy fe de conocer personalmente.

San Juan, Puerto Rico, a _____



SEP - 3 2021

_____
NOTARIO PÚBLICO

**Aviso Público (página 1 de 2)**

14

EL VOCERO DE PUERTO RICO > MIÉRCOLES, 1 DE SEPTIEMBRE DE 2021 >

ANTE EL TRIBUNAL DE DISTRITO DE ESTADOS UNIDOS  PARA EL DISTRITO DE PUERTO RICO

En el caso:
LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,
como representante de
EL ESTADO LIBRE ASOCIADO DE PUERTO RICO, EL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y LA AUTORIDAD DE EDIFICIOS PÚBLICOS DE PUERTO RICO,
Deudores.[1]

Título III de PROMESA
Núm. 17 BK 3283-LTS
(Con administración conjunta)

**NOTIFICACIÓN DE (I) LA APROBACIÓN DE LA DECLARACIÓN DE DIVULGACIÓN, (II) EL ESTABLECIMIENTO DE LAS FECHAS DE REGISTRO, (III) LA VISTA DE CONFIRMACIÓN DEL PLAN DE AJUSTE Y LA FECHA LÍMITE PARA OBJECIÓN A LA CONFIRMACIÓN DEL PLAN DE AJUSTE, (IV) LOS PROCEDIMIENTOS Y LA FECHA LÍMITE PARA VOTAR SOBRE EL PLAN DE AJUSTE Y LA REALIZACIÓN DE DETERMINADAS ELECCIONES EN VIRTUD DE DICHO VOTO**

| | |
|---|---|
| **FECHA LÍMITE DE VOTACIÓN Y ELECCIÓN: 5:00 p.m. (AST) del 4 de octubre de 2021** | |
| **FECHA LÍMITE DE OBJECIONES: 5:00 p.m. (AST) del 19 de octubre de 2021** | |
| **VISTA DE CONFIRMACIÓN: 8 al 10, 12, 15 al 18, y 22-23 de noviembre de 2021 a las 09:30 a.m. (AST)** | |

**TENGA EN CUENTA LO SIGUIENTE:**

1. *Aprobación de la Declaración de Divulgación.* Mediante orden de fecha 2 de agosto de 2021 [ECF Núm. 17639] (la "Orden de Declaración de Divulgación"), el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico (el "Tribunal") aprobó la adecuación de la información contenida en la *Declaración de Divulgación para el Séptimo Plan de Ajuste Conjunto Enmendado de Título III del Estado Libre Asociado de Puerto Rico, y otros*, de fecha 30 de julio de 2021 (con sus posibles modificaciones o enmiendas, incluyendo todos los anexos y apéndices a esta, la "Declaración de Divulgación"), presentada por la Junta de Supervisión y Administración Financiera en nombre del Deudor, y autorizó a los Deudores a comenzar a recoger la aceptación o rechazo del *Séptimo Plan de Ajuste Conjunto Enmendado de Título III del Estado Libre Asociado de Puerto Rico, y otros*, de fecha 30 de julio de 2021 (con sus posibles modificaciones o enmiendas, incluyendo todos los anexos y apéndices a este, el "Plan")[2].

Podrá solicitar una copia impresa del Plan y de la Declaración de Divulgación, incluyendo traducciones al español de ambos documentos, poniéndose en contacto con el Agente de Votación, Prime Clerk LLC:
Por teléfono (10:00 a.m. hasta 7:00 p.m. (AST)) (disponible atención en español):
(844) 822-9231 (llamada gratuita en EE.UU. y Puerto Rico)
(646) 486-7944 (llamadas internacionales)
Correo electrónico: puertoricoinfo@primeclerk.com
Alternativamente, podrá consultar las copias electrónicas de la Declaración de Divulgación y del Plan visitando https://cases.primeclerk.com/puertorico/

2. De acuerdo con la Orden de Declaración de Divulgación, los Deudores enviarán por correo los materiales necesarios para votar el Plan o hacer elecciones sobre las distribuciones en virtud de este (el "Paquete de Convocatoria") a los tenedores de Reclamaciones de las siguientes Clases (colectivamente, las "Clases con Derecho al Voto"):

| | Clase |
|---|---|
| Reclamaciones de Bonos Vintage de la AEP | Clase 1 |
| Reclamaciones de Bonos Vintage de la AEP (Assured) | Clase 2 |
| Reclamaciones de Bonos Vintage de la AEP (National) | Clase 3 |
| Reclamaciones de Bonos Vintage de la AEP (Ambac) | Clase 4 |
| Reclamaciones de Bonos Vintage de la AEP (Syncora) | Clase 5 |
| Reclamaciones de Bonos Vintage de la AEP (FGIC) | Clase 6 |
| Reclamaciones de Bonos Vintage Minoristas de la AEP | Clase 7 |
| Reclamaciones de Bonos 2011 de la AEP | Clase 8 |
| Reclamaciones de Bonos 2011 Minoristas de la AEP | Clase 9 |
| Reclamaciones de Bonos 2012 de la AEP | Clase 10 |
| Reclamaciones de Bonos 2012 Minoristas de la AEP | Clase 11 |
| Reclamaciones Garantizadas de la AEP/DRA | Clase 12 |
| Reclamaciones Generales de Garantía de la AEP | Clase 13 |
| Reclamaciones de Garantizadas de la AEP/DRA | Clase 14 |
| Reclamaciones de Bonos Vintage del ELA | Clase 15 |
| Reclamaciones de Bonos Vintage Minoristas del ELA | Clase 16 |
| Reclamaciones de Bonos Vintage del ELA (Assured) | Clase 17 |
| Reclamaciones de Bonos Vintage del ELA (National) | Clase 18 |
| Reclamaciones de Bonos Vintage del ELA (Ambac) | Clase 19 |
| Reclamaciones de Bonos Vintage del ELA (FGIC) | Clase 20 |
| Reclamaciones de Bonos Vintage del ELA (Syncora) | Clase 21 |
| Reclamaciones de Bonos Vintage Garantizados del ELA | Clase 22 |
| Reclamaciones de Bonos Vintage Garantizados del ELA (Assured) | Clase 23 |
| Reclamaciones de Bonos Vintage Garantizados del ELA (National) | Clase 24 |
| Reclamaciones de Bonos Vintage Garantizados del ELA (Ambac) | Clase 25 |
| Reclamaciones de Bonos Vintage Garantizados del ELA (FGIC) | Clase 26 |
| Reclamaciones de Bonos Vintage Garantizados del ELA (Syncora) | Clase 27 |
| Reclamaciones de Bonos 2011 del ELA | Clase 30 |
| Reclamaciones de Bonos 2011 Minoristas del ELA | Clase 33 |
| Reclamaciones de Bonos 2011 del ELA (Assured) | Clase 34 |
| Reclamaciones de Bonos Serie D/E/PIB 2011 del ELA | Clase 36 |
| Reclamaciones de Bonos Serie D/E/PIB 2011 del ELA (Assured) | Clase 38 |
| Reclamaciones de Bonos Serie D/E/PIB 2011 Minoristas del ELA | Clase 39 |
| Reclamaciones de Bonos 2012 del ELA | Clase 40 |
| Reclamaciones de Bonos 2012 Minoristas del ELA | Clase 41 |
| Reclamaciones de Bonos 2012 del ELA (Assured) | Clase 42 |
| Reclamaciones Garantizadas 2012 del ELA | Clase 44 |
| Reclamaciones de Bonos 2014 del ELA | Clase 45 |
| Reclamaciones de Bonos 2014 Minoristas del ELA | Clase 46 |
| Reclamaciones de Bonos 2014 del ELA (Assured) | Clase 47 |
| Reclamaciones Generales de Garantía del ELA | Clase 48 |
| Reclamaciones de AFSCME | Clase 50 |
| Reclamaciones de productores lácteos | Clase 53 |
| Reclamaciones de dominio eminente | Clase 54 |
| Reclamaciones del Centro Médico | Clase 56 |
| Reclamaciones Generales Sin Garantía del ELA | Clase 58 |
| Reclamaciones de ELA/ACT | Clase 63 |
| Reclamaciones de ELA/Centro de Convenciones | Clase 64 |
| Reclamaciones de ELA/Impuesto al Ron de la AFI | Clase 65 |
| Reclamaciones de Bonos del SRE | Clase 66 |
| Reclamaciones Generales Sin Garantía del SRE | Clase 68 |
| Reclamaciones Federales | Clase 69 |

3. *Vista de confirmación.* Se celebrará una vista para considerar la confirmación del Plan (la "Vista de Confirmación") ante la Honorable Laura Taylor Swain, en una vista telefónica a través de CourtSolutions los días **8 – 10, 12, 15 – 18 y 22 – 23 de noviembre a las 9:30 a.m. (hora estándar del Atlántico)**.

4. La Vista de Confirmación puede ser continuada periódicamente por el Tribunal o la Junta de Supervisión, sin notificación adicional o a través de aplazamientos anunciados en audiencia pública o como se indica en cualquier notificación de los asuntos que se considerarán en la vista reprogramada.

---

ante el Tribunal, y el Plan puede ser modificado, si es necesario, antes, durante o después de la Vista de Confirmación, de acuerdo con las disposiciones de modificación del Plan y la Regla Local 3016-2, sin notificación adicional a las partes interesadas.

5. *Depósito de confirmación del Plan.* La información relativa a la confirmación del Plan está disponible en línea en el Depósito de Confirmación del Plan en titleiiiplandataroom.com.

6. *Fecha límite de objeción de la confirmación.* El Tribunal ha establecido el **19 de octubre de 2021 a las 5:00 p.m. (hora estándar del Atlántico)** (la "Fecha Límite de Objeción a la Confirmación") como fecha límite para presentar objeciones o réplicas a la confirmación del Plan propuesto.

7. *Objeciones y réplicas a la confirmación.* Las objeciones y réplicas a la confirmación del Plan deben:
   a. Estar redactadas por escrito, en inglés, y firmadas;
   b. Indicar el nombre, el domicilio y la naturaleza de la Reclamación de la parte que se opone o responde;
   c. Exponer en detalle el fundamento y la naturaleza de cualquier objeción o réplica y, cuando corresponda, la referencia apropiada que debe insertarse en el Plan con el fin de resolver cualquier objeción o réplica;
   d. Presentarse electrónicamente ante el Tribunal en *In referencia al Estado Libre Asociado de Puerto Rico*, Caso núm. 17 BK 3283-LTS, a través del sistema de registro de casos del Tribunal en formato de documento portátil con función de búsqueda, **como más tardar el 19 de octubre de 2021 a las 5:00 p.m. (hora estándar del Atlántico)**.
   i. Si no es usted abogado registrado como usuario del sistema de registro de casos del Tribunal, podrá enviar por correo postal su objeción a la Oficina de Secretaría del Tribunal, a:
   Tribunal de Distrito de EE.UU., Oficina de Secretaría
   Avenida Carlos Chardón 150, Suite 150
   San Juan, Puerto Rico 00918-1767
   que deberá recibirse como más tardar el **19 de octubre de 2021 a las 5:00 p.m. (hora estándar del Atlántico)**.
   e. Notificarse a la Oficina del Fideicomisario de Estados Unidos para el Distrito de Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (ref: En el caso: el Estado Libre Asociado de Puerto Rico) de manera que se reciba en o antes de la Fecha Límite de Objeción a la Confirmación Final.

8. *Participación en la Indagatoria de confirmación.* Si desea participar en la indagatoria relativa a la confirmación del Plan deberá presentar una notificación de sus intenciones de participar en la indagatoria (una "Notificación de indagatoria"), un formulario que encontrará en https://cases.primeclerk.com/puertorico/. Si presenta su Notificación de indagatoria como más tardar el **15 de agosto de 2021**, es posible que se le permita el acceso a documentos del Depósito del Plan donde se guardan información y documentos relativos al Plan, y podrá asimismo notificar sus propias solicitudes indagatorias. Si presenta su Notificación indagatoria después del **15 de agosto de 2021**, pero antes del **19 de agosto de 2021 a las última fecha**, es posible que se le permita el acceso a documentos del Depósito del Plan. Tenga en cuenta que el acceso a la información en el Depósito del Plan podría quedar sujeto al cumplimiento de los requisitos de acceso de los Deudores.
   9. Deberá presentar la Notificación de indagatoria en el formato estipulado por el sitio web del Caso del Título III, a saber:
   a. Estar por escrito, en inglés, e ir firmada;
   b. Indicar su nombre, domicilio, naturaleza de su Reclamación y número de Reclamación;
   c. Indicar sus intenciones de participar en la indagatoria relativa a la confirmación del Plan; y
   d. Presentarla electrónicamente en el registro CM/ECF Notificación de intenciones de participar en la indagatoria de la Confirmación del Plan del Estado Libre Asociado, en *En referencia al Estado Libre Asociado de Puerto Rico*, Caso núm. 17 BK 3283-LTS, a través del sistema de registro de casos del Tribunal como más tardar en la fecha de plazo fijar correspondiente.
   i. Si no está usted representado por un abogado, podrá optar por enviar la Notificación de indagatoria por correo postal a la Oficina de Secretaría del Tribunal, a:
   Tribunal de Distrito de EE.UU., Oficina de Secretaría
   Avenida Carlos Chardón 150, Suite 150
   San Juan, Puerto Rico 00918-1767
   que deberá recibirse como más tardar en la fecha de plazo pertinente.

10. **Para poder participar en la indagatoria relacionada con la confirmación del Plan, deberá presentar la Notificación de indagatoria en plazo.** No obstante, si no presentase la Notificación de indagatoria en plazo, ello no será óbice para que presente una objeción a la confirmación del Plan como más tardar en el Plazo de Objeción a la Confirmación, aunque no podrá ver los documentos del Depósito del Plan ni tampoco participar en la indagatoria.

11 *Calendario y fechas límite de indagatoria.* El Tribunal ha establecido el siguiente calendario y fechas límite, que serán aplicables a los Deudores y a otras partes interesadas que hayan presentado puntualmente una Notificación de indagatoria y tengan derecho a participar en la indagatoria[3].

| | Resumen de determinadas fechas límite |
|---|---|
| 5 de agosto de 2021 | Fecha final para que los Deudores presenten una lista preliminar de testigos de hechos, y temas sobre los cuales dichas personas testificarán (la "Lista preliminar de testigos de hechos de los Deudores"). |
| 6 de agosto de 2021 | Fecha final para que los Deudores presenten un resumen inicial explicando qué es lo que los Deudores pretenden demostrar en la confirmación. |
| 15 de agosto de 2021 | Fecha inicial para que todas las partes presenten notificaciones relativas de presentación de documentos no depositados das "Solicitudes iniciales de presentación". Los acreedores y las partes interesadas podrán presentar las Solicitudes iniciales de presentación solamente tras cursar una Notificación de intenciones de participar en la indagatoria (tal como se define a continuación). Las respuestas y objeciones a dichas Solicitudes iniciales de presentación se cursarán en un plazo de siete (7) días desde haber cursado dichas Solicitudes. |
| 15 de agosto de 2021 | Fecha final para que los acreedores y partes interesadas presenten una "Notificación de intenciones de participar en la indagatoria", también denominada "Notificación de indagatoria". Solamente las partes que presenten puntualmente una Notificación de intenciones de participar en la indagatoria podrán participar en la indagatoria, aunque hacerlo no será óbice para que una parte objete la confirmación del Plan. |
| 6 de septiembre de 2021 | Plazo final para que los Acreedores elegibles presenten una lista preliminar de testigos de hechos, y temas sobre los cuales dichas personas testificarán (una "Lista preliminar de testigos de hechos de los Acreedores elegibles"). |
| 13 de septiembre de 2021 | Plazo final para que todas las partes presenten las declaraciones iniciales de peritos ("Declaraciones iniciales de peritos"). |
| 30 de septiembre de 2021 | Fecha límite para que todas las partes presenten las notificaciones iniciales de declaración, los temas a declarar y toda información relacionada con ella ("Notificaciones iniciales de declaración") (todas las partes tienen un límite limitado a siete (7) horas para las declaraciones). Se admitirán copiaciones de declaración incluyendo conclusyn en el plazo admitido. |
| 1 de octubre de 2021 | Fecha límite para que todas las partes presenten un máximo de quince (15) interrogatorios ("Interrogatorios"), incluyendo subpartes. Las respuestas y objeciones a dichos Interrogatorios se cursarán antes de que transcurran diez (10) días desde el momento de haberse presentado los citados Interrogatorios. |
| 4 de octubre de 2021 | Plazo final para que todas las partes presenten sus declaraciones de refutación de peritos ("Declaraciones de refutación de peritos"). Plazo final para que todas las partes presenten solicitudes de seguimiento de presentación de documentos ("Solicitudes de seguimiento de presentación") y, colectivamente, con las Solicitudes de presentación iniciales, las "Solicitudes de presentación". |
| 11 de octubre de 2021 | Plazo final para que las partes presenten una propuesta inicial de orden de confirmación de la conferencia ("Informes de admisión"). Plazo final para que las partes presenten solicitudes de admisión, limitadas a la autenticación de documentos ("Informes de admisión"). |
| 15 de octubre de 2021 | Conclusión de la indagatoria de hechos ("Fecha límite de indagatoria de hechos"). |
| 15 de octubre de 2021 | Plazo final para que todas las partes presenten solicitudes de refutación de expertos ("Declaraciones de refutación de expertos"). |
| 18 de octubre de 2021 | Conclusión de la indagatoria de peritos ("Fecha límite de indagatoria de peritos"). |

---

| 19 de octubre de 2021 | Fecha límite para que los Acreedores elegibles presenten sus objeciones a la confirmación del Plan ("Objeciones"). |
|---|---|
| 19 de octubre de 2021 | Fecha límite de presentación de la Notificación de intenciones de participar en la indagatoria o de la Notificación de intenciones de los Acreedores elegibles que solamente deseen acceder a los documentos del Depósito del Plan. |
| 22 de octubre de 2021 | Fecha límite para que los Acreedores elegibles presenten objeciones a la Propuesta inicial de orden de confirmación. |
| 22 de octubre de 2021 | Fecha límite para que todas las partes presenten las listas de testigos, las listas de pruebas y las designaciones de declaraciones definitivas. |
| 25 de octubre de 2021 | Fecha límite para que las partes presenten sus oposiciones a las designaciones de declaraciones ("Declaraciones de testigos"). |
| 25 de octubre de 2021 | Fecha límite para que todas las partes presenten declaraciones de testigos que se utilizarán en la Vista de confirmación ("Declaraciones de testigos"). |
| 27 de octubre de 2021 | Fecha límite para que los Deudores presenten sus propuestas de conclusiones iniciales de hecho y de derecho en apoyo a la confirmación del Plan ("Conclusiones iniciales de hecho y de derecho"). |
| 27 de octubre de 2021 | Fecha límite para que los Deudores presenten sus respuestas en apoyo a su Propuesta de orden de confirmación y Respuestas a las objeciones de confirmación del Plan. |
| 30 de octubre de 2021 | Fecha límite para que las partes presenten sus contradeclaraciones, objeciones a las declaraciones designadas u objeciones a las listas de pruebas. |
| 1 de noviembre de 2021 | Vista virtual de las mociones "*in límine*". |
| 6 de noviembre de 2021 | Inicio de la Vista de confirmación. |

12. *Fecha de registro de votación.* La fecha de registro de la votación es el **13 de julio de 2021** (la "Fecha de Registro de Votación"), que es la fecha para determinar cuáles son los tenedores de Reclamaciones en las Clases con Derecho al Voto (excepto las Clases de Bonos[4], la Clase 51 y la Clase 52) que tienen derecho a votar sobre el Plan, y todos los acreedores de una Clase con derecho a voto sobre el Plan o que tengan Reclamaciones contra los Deudores (excepto en las Clases de Bonos, la Clase 51 y la Clase 52) en la Fecha de Registro de Votación tienen derecho a votar el Plan.

13. *Fecha límite de votación.* La fecha límite para votar el **4 de octubre de 2021, a las 5:00 p.m. (hora estándar del Atlántico)**, salvo que se prorrogue dicha fecha (la "Fecha Límite de Votación"). **No estará obligado a votar sobre el Plan para recibir distribuciones de conformidad con los términos y condiciones del Plan, si lo confirma el Tribunal y siempre y cuando sea usted titular de una Reclamación Asignada.**

14. Si ha recibido un Paquete de Convocatoria, que incluye una Papeleta o una Notificación, y tiene intención de votar sobre el Plan, debe (i) seguir cuidadosamente las instrucciones; (ii) completar la información requerida de acuerdo con los que se indique en cada caso; y (iii) formar y devolver su Papeleta completada de acuerdo con lo que se estipule en debido término y de manera que se reciba en el paquete de convocatoria de los Deudores, Prime Clerk (el "Agente de Votación") en o antes de la Fecha Límite de Votación, o (ii) dar instrucciones a su corredor o persona designada (cada uno de ellos, una "Persona Designada") para que entregue electrónicamente sus bonos a través del Programa Automatizado de Oferta de Presentación ("ATOP") en The Depository Trust Company ("DTC") de acuerdo con su deseo de votar para aceptar o rechazar el Plan en o antes de la Fecha Límite de Votación. **El incumplimiento de estas instrucciones puede hacer que su voto sea descalificado.**

15. *Fecha Límite de Elección.* La fecha límite para que los tenedores de Reclamaciones de Bonos elegibles que tengan derecho a elegir la forma de distribución según el Plan realicen dicha elección es el **4 de octubre de 2021, a las 5:00 p.m. (hora estándar del Atlántico)**, salvo que esta fecha se prorrogue (la "Fecha Límite de Elección"). Si ha recibido una Notificación con la opción de hacer una elección, **debe** (a) seguir cuidadosamente las instrucciones; y (b) entregar **toda** la información requerida de acuerdo con lo establecido en las instrucciones de elección de manera que sea recibida por su Persona Designada con tiempo suficiente para que su Persona Designada pueda *efectivamente* recibirla a través de ATOP de DTC en o antes de la Fecha Límite de Elección.

16. *Partes interesadas sin derecho al voto.* Se considera que los acreedores de las siguientes Clases rechazan el Plan y no tienen derecho al voto:
   • Clase 63 (Reclamaciones por Asignaciones del ELA), y
   • Clase 64 (Reclamaciones Subordinadas del ELA 510(b)).
17. Se considera que los acreedores de las siguientes Clases aceptan el Plan y no tienen derecho al voto, aunque recibirán las distribuciones de conformidad con los términos y condiciones del Plan, si este es confirmado por el Tribunal:
   • Clase 51A (Reclamaciones de Jubilados Participantes del SRE por Debajo del Umbral)
   • Clase 51C (Reclamaciones de Jubilados Participantes del SRM por Debajo del Umbral)
   • Clase 51J (Reclamaciones de Participantes del Sistema 2000)
   • Clase 52 (Reclamaciones de Participantes de Nóminas de VTP por Debajo del Umbral)
   • Clase 55 (Reclamaciones de Convenios)
   • Clase 57 (Reclamaciones de Créditos Contributivos),
   • Clase 67 (Reclamaciones Gracia-Gracia), y
   • Clase 59 (Reclamaciones de Conveniencia)
18. Si una Reclamación figura en la lista de acreedores de los Deudores [Caso Núm. 17-3283, ECF Núm. 1215, 1316, 2582, 10708) como contingente, no liquidada o impugnada y no se ha presentado una evidencia de reclamación (i) antes de la fecha límite para la presentación de evidencias de reclamación establecida por el Tribunal o de la Fecha de Registro de Votación según sea el caso), lo que ocurra primero; (ii) entregada en tiempo ante la Corte en las fechas de la Fecha Límite de Votación, dicha Reclamación no tendrá derecho a votar para aceptar o rechazar el Plan. Las evidencias de reclamación presentadas por $0.00 o las Reclamaciones que hayan sido impugnadas por orden del Tribunal tampoco tienen derecho al voto.

19. Si usted pertenece a las Clases 63 ó 64, o ha presentado oportunamente una evidencia de reclamación y no ha ejercido que dicha Reclamación se ha clasificado en la Clase de Asignación, está incluida en el estimación de su Reclamación y otras por votar sobre el Plan, debe notificar a los Deudores y al Fideicomisario de Estados Unidos (puede consultar la dirección en el párrafo 7(e) precedente) y presentar ante el Tribunal (con copia al Depósito de la Confirmación del Plan) una moción (una "Moción de la Regla 3018(a)") para obtener una orden a tenor con la Regla 3018 de las Reglas Federales de Procedimiento de Quiebras (las "Reglas de Quiebra") que permita de forma temporal su Reclamación por un monto diferente o una Clase diferente a los efectos de votar para aceptar o rechazar el Plan. Las Mociones de la Regla 3018(a) deben presentarse en o antes del décimo (10º) día después de una de las siguientes fechas, la que ocurra primero: (i) la notificación de esta Vista de Confirmación y (ii) la notificación de una objeción o solicitud de estimación; si la hubiere, en cuanto a dicha Reclamación. De acuerdo con la Regla de Quiebra 3018(a), en lo que respecta a cualquier acreedor que presente una Moción conforme a la Regla 3018(a), la Papeleta de dicho acreedor no se contabilizará, salvo en lo que respecta a la Fecha Límite de Votación de 4 de octubre de 2021 a las 5:00 p.m. (hora estándar del Atlántico). Los acreedores podrán ponerse en contacto con el Agente de Votación (i) por correo de primera clase nocturna o nocturna, a Puerto Rico Ballot Processing, C/O Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165; (ii) por teléfono llamando al (844) 822-9231 (llamada gratuita para EE.UU. y Puerto Rico) o al (646) 486-7944 (para llamadas internacionales, de 10:00 a.m. a 7:00 p.m. (hora estándar del Atlántico) (disponible en español), o (iii) por correo electrónico a puertoricoinfo@primeclerk.com, para recibir una Papeleta adecuada para cualquier Reclamación para la que se haya concedido una Moción de la Regla 3018(a), y para recuperar una Moción conforme a la Regla 3018(a). Las Mociones de la Regla 3018(a) que no se hayan presentado y tiempo y en la forma establecida en el presente no serán tenidas en cuenta.

20. Si desea que su Reclamación sea admitida provisionalmente a efectos de votación de acuerdo con la Regla de Quiebra 3018(a), en ningún caso admitida la Reclamación a efectos de votación conforme a la Regla 3018(a) sin que se haya presentado a tiempo y en la forma establecida en el presente no serán tenidas en cuenta.

21. *Partes que no serán tratadas como Acreedores.* Cualquier tenedor de una Reclamación que (i) esté propuesto en la Lista de Acreedores a $0.00 y que no sea objeto de una evidencia de Reclamación presentada a tiempo o de una evidencia de Reclamación que se considere presentada a tiempo y tribunal a tenor con el Código de Quiebras o cualquier orden del Tribunal, o que se considere objetado a un tiempo según la ley aplicable, o (ii) no tenga alguna evidencia de Reclamación oportunamente considerada como presentada a tiempo conforme a la ley aplicable como presentada a tiempo en el Tribunal, a tenor con el Código de Quiebras o cualquier orden del Tribunal, o de otra manera considerada como presentada a tiempo conforme a la ley aplicable, no será tratado como acreedor con respecto a dicha Reclamación a los efectos de votación y distribución y no recibirá notificaciones sobre el Plan, y/o votar sobre el Plan.

(continúa en la página siguiente)

*(continúa de la página anterior)*

**22. Información adicional** Cualquier parte interesada que desee obtener información sobre los procedimientos de concursatorio o copias de la Declaración de Divulgación o del Plan, incluyendo sus traducciones al español, debe ponerse en contacto con el Agente de Votación, Prime Clerk LLC, por teléfono llamando al (844) 822-9231 (llamada gratuita para EE.UU. y Puerto Rico) o al (646) 486-7944 (para llamadas internacionales), de 10:00 a.m. a 7:00 p.m. (hora estándar del Atlántico) (disponible en español), o por correo electrónico a puertoricoinfo@primeclerk.com, o puede ver dichos documentos accediendo a https://cases.primeclerk.com/puertorico/ o al sitio web del Tribunal, https://www.prd.uscourts.gov/. Tenga en cuenta que se necesita una contraseña y un inicio de sesión para acceder a los documentos que figuran en el sitio web del Tribunal a través del sistema de Acceso Público a los Registros Electrónicos del Tribunal (PACER, por sus siglas en inglés) (http://www.pacer.psc.uscourts.gov).

**23. Reglas de Quiebra 2002(c)(3) y 3016(c).** En cumplimiento con las Reglas de Quiebra 2002(c) (3) y 3016(c), a continuación se exponen las disposiciones de descargo, exculpación e interdicto contenidas en el Plan:

**Sección 92.2 – Exoneración y descargo de reclamaciones y causas de acción:**

(a) Salvo que se disponga expresamente en el Plan o en la Orden de Confirmación, todas las distribuciones y derechos otorgados en virtud del Plan serán, y se considerarán, a cambio de, y en completa satisfacción, liquidación, exoneración y descargo de, todas las Reclamaciones o Causas de Acción contra las Partes Exoneradas que surgieron, en todo o en parte, antes de la Fecha de Vigencia, en relación con los Casos de Título III, los Deudores o los Deudores Reorganizados o cualquiera de sus respectivos Activos, bienes o intereses de cualquier naturaleza, incluidos los intereses devengados por dichas Reclamaciones en o a partir de la Fecha de Petición, e independientemente de que se hayan distribuido o retenido bienes a tenor con el Plan a causa de dichas Reclamaciones o Causas de Acción. En la Fecha de Vigencia, los Deudores y los Deudores Reorganizados se considerarán exonerados y eximidos de toda y cualquier Reclamación, Causas de Acción y cualquier otra deuda emergente, en su totalidad o en parte, antes de la Fecha de Vigencia (lo que incluye antes de la Fecha de Petición), y todas las Reclamaciones del tipo especificado en las secciones 502(g), 502(h) o 502(i) del Código de Quiebras, y la Sección 407 de PROMESA, ya sea o no (a) una evidencia de reclamación basada en tal cual se presente o se considere, o la reclamación se haya presentado (o se considere presentada) de conformidad con el artículo la sección 501 del Código de Quiebras, (b) que se permita dicha Reclamación conforme a la sección 502 del Código de Quiebras y la Sección 407 de PROMESA (o que se resuelva de otro modo), o (c) que el tenedor de una Reclamación basada en una deuda tal haya votado para aceptar el Plan. Para disipar cualquier duda, nada de lo contenido aquí ni en la Orden de Confirmación librará, eximirá ni prescribirá ninguna reclamación o causa de acción contra la AEP derivada de, o relacionada con, los bonos emitidos por la AEP, incluyendo, entre otros, los emitidos con seguros monolínea pertinentes, y la AEP no exime de ninguna reclamación ni causa de acción contra cualquier Entidad no deudora. Las reclamaciones o causas de acción contra la AEP derivadas de, o relacionadas con, los bonos emitidos por la AEP, y las exenciones contra la AEP y sus activos, se otorgarán al caso del Título III de la AEP, incluyendo, entre otros, cualquier plan de ajuste pertinente.

(b) Salvo que se disponga expresamente en el Plan o en la Orden de Confirmación, todas las Entidades estarán impedidas de hacer valer todas y cada una de las Reclamaciones contra los Deudores y Deudores Reorganizados, y cada uno de sus respectivos Activos, bienes y derechos, remedios, Reclamaciones o Causas de Acción o responsabilidades de cualquier naturaleza, relacionadas con los Casos del Título III, los Deudores o los Deudores Reorganizados o cualquiera de sus respectivos Activos y bienes, incluyendo cualquier interés acumulado sobre dichas Reclamaciones desde y después de la Fecha de Petición, e independientemente de que se hayan distribuido o retenido bienes a tenor del Plan por cuenta de dichas Reclamaciones u otras obligaciones, demandas, sentencias, daños y perjuicios, deudas, derechos, remedios, causas de acción o responsabilidades. De acuerdo con lo anterior, salvo que se disponga expresamente en el Plan o en la Orden de Confirmación, la Orden de Confirmación constituirá una determinación judicial, a la Fecha de Vigencia, de la exoneración y descargo de todas esas Reclamaciones, Causas de Acción o deuda de o contra los Deudores y los Deudores Reorganizados a tenor de las secciones 524 y 944 del Código de Quiebras, aplicable al Caso de Título III a tenor con la Sección 301 de PROMESA, y dicha exoneración anulará y extinguirá cualquier sentencia obtenida contra los Deudores o Deudores Reorganizados sus respectivos Activos, y bienes en cualquier momento, en la medida en que dicha sentencia esté relacionada con una Reclamación descargada, renunciada o responsabilidad que sea objeto de dicha exoneración. A la Fecha de Vigencia, y como contraprestación por el valor proporcionado en virtud del Plan, se considera que cada tenedor de una Reclamación de cualquier Clase en virtud de este Plan libera, renuncia y exonera para siempre, y liberará, renunciará y exonerará para siempre a, los Deudores y a los Deudores Reorganizados y sus respectivos Activos y bienes, y a todas esas Reclamaciones.

(c) No obstante cualquier otra disposición de esta Sección 92.2, de conformidad con las disposiciones del Acuerdo de Apoyo al Plan GO/AEP, se considerará que cada uno de los Acreedores del Acuerdo de Apoyo al Plan (AAP) GO/AEP y sus respectivas Personas Vinculadas, en cualquier carácter y en calidad de tenedores de los Deudores, (i) han renunciado a y pactado no demandar o de otro modo intentar recuperar daños o perjuicios o buscar cualquier otro tipo de reparación contra cualquiera de los Exonerados del Gobierno basándose en, que se deriven de o estén relacionadas con las Reclamaciones Exoneradas del Gobierno o cualquiera de las Reclamaciones o Causas de Acción afirmadas o que puedan haber sido afirmadas, incluyendo, entre otros, en los Acciones de Recuperación (Clawback) y las Mociones de Levantamiento de la Paralización, y (ii) ayudarán directa o indirectamente a ninguna persona o entidad a realizar o instar ninguna acción con respecto a las Reclamaciones Exoneradas del Gobierno que esté prohibida por la presente cláusula 92.2.

(d) Limitación de la SEC. No obstante nada de lo contenido en contrario en la Orden de confirmación, ninguna disposición tendrá como consecuencia (i) impedir que los Estados Unidos o cualquiera de sus agencias, departamentos o agentes, o eximir de alguna manera que los Deudores o los Deudores reorganizados, según sea el caso, cumplan las leyes y requisitos federales o territoriales que implementen programas federales o territoriales autorizados o delegados para la protección de la salud, la seguridad y el entorno de personas de dicho territorio, (ii) ampliar el ámbito de cualquier exoneración, exención o causa de las Deudores o los Deudores reorganizados tengan derecho de conformidad con el Título III, ni (iii) eximir, descargar, impedir o prohibir cualquier responsabilidad de los Deudores o los Deudores reorganizados bajo las leyes federales o territoriales ambientales, incluyendo, entre otros, de Recuperación (Clawback) y las Mociones de Levantamiento de la Paralización, y (iv) ayudarán directa o indirectamente a ninguna persona a realizar o instar ninguna acción con respecto a las Reclamaciones Exoneradas del Gobierno que esté prohibida por la presente Cláusula 92.2.

(d) Limitación de la SEC. No obstante nada de lo contenido en contrario en la Orden de confirmación, ninguna disposición tendrá como consecuencia (i) impedir que la SEC haya valer sus derechos, facultades, procedimientos o investigaciones contra personas físicas o jurídicas no deudoras en ningún foro.

(e) Limitación de los Estados Unidos. Limitación de la SEC. No obstante nada de lo contenido en sentido contrario o en la Orden de confirmación, ninguna disposición tendrá como consecuencia (i) impedir que los Estados Unidos o cualquiera de sus agencias, departamentos o agentes, o eximir de alguna manera que los Deudores o los Deudores reorganizados, según sea el caso, cumplan las leyes y requisitos federales o territoriales que implementen programas federalmente autorizados o delegados para la protección de la salud, la seguridad y el entorno de personas de dicho territorio, (ii) ampliar el ámbito de cualquier exoneración, exención o causa de las Deudores o los Deudores reorganizados tengan derecho de conformidad con el Título III, ni (iii) eximir, descargar, impedir o prohibir cualquier responsabilidad de los Estados Unidos que no se haya hecho valer de las obligaciones de los Estados Unidos, los Deudores o los Deudores reorganizados, según proceda, en virtud de cualquier acuerdo de asistencia cooperativa de los Estados Unidos, (E) las obligaciones de los Deudores o de los Deudores reorganizados derivadas de políticas, leyes y reglamentos federales, incluyendo, entre otros, leyes relativas al medio ambiente, la salud o la seguridad pública, o leyes territoriales que implementen dichas disposiciones legales federales, incluyendo, entre otras, obligaciones de cumplimiento normativo, requisitos de derechos de consentimiento o de órdenes judiciales, y obligaciones de pagar las correspondientes penalizaciones administrativas, civiles y de otra índole, (F) cualquier responsabilidad en materia de medio ambiente u obligación para con los Estados Unidos que los Deudores, los Deudores reorganizados, sus sucesores o cualquier otra persona física o jurídica puedan tener como propietarios o explotadores de bienes raíces que se hubiesen producido durante el período a partir de la Fecha de Entrada en vigencia, incluyendo, entre otros, obligaciones de cumplimiento normativo, requisitos de derechos de consentimiento o órdenes judiciales y obligaciones de pagar las correspondientes penalizaciones administrativas, civiles y de otra índole, y (G) cualquier responsabilidad de cara a los Estados Unidos por parte de cualquier no deudor. Sin embargo, nada de lo contenido en la presente supondrá el arbitrio, nada de lo contenido aquí ni en la Orden de confirmación podrá considerarse (i) una determinación de la obligación tributaria de cualquier entidad, incluyendo, entre otros, los Deudores y los Deudores reorganizados, (ii) vinculante para el IRS con respecto a cualquier cuestión relativa a la responsabilidad tributaria, o (iii) que altere las obligaciones de declaración o retención de impuestos de cualquier entidad, incluyendo, entre otros, los Deudores y los Deudores reorganizados, (iii) una exención, satisfacción, exoneración ni prohibición de cualquier reclamación reclamada por el IRS contra cualquier entidad que no sean los Deudores y los Deudores reorganizados, y (iv) otorgar ninguna exención a ninguna Entidad que el Tribunal tenga prohibido por la Ley de Sentencias Declaratorias, 28 U.S.C. § 2201(a) o la Ley contra Medidas Cautelares aplicables a impuestos, 26 U.S.C. § 7421(a).

(f) Actuaciones de las aseguradoras. No obstante cualquier disposición en sentido contrario contenida aquí o en la Orden de confirmación, incluyendo, entre otros, las Secciones 92.2, 92.3 y 92.11 del Plan, y salvo que esté excluido por lo estipulado en PROMESA, nada de lo contenido en el Plan, la Orden de confirmación u otro documento relacionado con el Plan (incluido en el Suplemento del Plan, tiene por objeto ni podrá interpretarse como un intento de perjudicar, alterar, modificar, eliminar, prohibir, impedir, restringir, limitar, eximir, reducir, eliminar o limitar las derechos de demandas y demandadas, incluyendo, entre otros, las partes de las Aduanas de las aseguradoras, de hacer valer sus respectivos derechos, reclamaciones, causas de acción y defensa.

---

**Sección 92.3 – Interdicto sobre las Reclamaciones:** Salvo que se disponga expresamente lo contrario en el Plan, en la Orden de Confirmación o en cualquier otra Orden Definitiva del Tribunal del Título III que pueda ser aplicable, todas las Entidades que hayan tenido, tengan o puedan tener Reclamaciones o cualquier otra deuda o responsabilidad que se exonere o renuncie a tenor con la Sección 92.2 del presente o que hayan tenido, tengan o puedan tener Reclamaciones o cualquier otra deuda o responsabilidad que se exonere o renuncie a tenor con la Sección 92.2 del presente tienen permanentemente prohibido, en o a partir de la Fecha de Vigencia, (a) comenzar o continuar, directa o indirectamente, de cualquier manera, cualquier acción u otro procedimiento (incluyendo, entre otros, cualquier procedimiento judicial, arbitral, administrativo u otro de cualquier índole sobre cualquier Reclamación u otra deuda o responsabilidad que se exonere a tenor con el Plan contra cualquiera de las Partes Exoneradas o cualquiera de sus respectivos activos o bienes, (b) la ejecución, el embargo, el cobro o la recuperación por cualquier forma o medio de cualquier sentencia, laudo, decreto u orden contra cualquiera de las Partes Exoneradas o cualquiera de sus respectivos activos o bienes por cuenta de cualquier Reclamación u otra deuda o responsabilidad que se exonere a tenor con el Plan, (c) crear, perfeccionar o aplicar cualquier gravamen de cualquier tipo contra cualquiera de las Partes Exoneradas o cualquiera de sus respectivos bienes en relación con dicha Reclamación u otra deuda o responsabilidad que se exonere en virtud del Plan, (d) la compensación de cualquier tipo de cualquier deuda adeudada por cualquiera de las Partes Exoneradas o cualquiera de sus respectivos activos o bienes de cualquier obligación debida a cualquiera de las Partes Exoneradas a tenor de cualquier Reclamación u otra deuda o responsabilidad que se exonere en virtud del Plan, a menos que dicho tenedor haya presentado, de conformidad con la sección 553, 555, 556, 559 o 560 del Código de Quiebras o confirme el derecho de recuperación del derecho consuetudinario, hacer valer cualquier derecho de compensación, subrogación o recuperación de cualquier tipo contra cualquier obligación debida de cualquiera de las Partes Exoneradas o cualquiera de sus respectivos activos o bienes, con respecto a cualquier Reclamación u otra deuda o responsabilidad que se exonere en conformidad con el Plan. Este interdicto se extenderá a todos los sucesores y cesionarios de las Partes Exoneradas y sus respectivos activos y bienes.

**Sección 92.5 – Exoneraciones de los Deudores y Deudores Reorganizados:** Salvo que se disponga expresamente lo contrario en el Plan o en la Orden de Confirmación, en la Fecha de Vigencia, y por una contraprestación válida y suficiente de aplicación pecuniaria, cada uno de los Deudores y los Deudores Reorganizados, el Agente Pagador y cada una de las Personas Relacionadas de los Deudores y los Deudores Reorganizados, se considerará que ha, y por la presente lo hace de manera irrevocable e incondicional, plenamente, definitivamente y a perpetuidad, renunciado, exonerado, absuelto y relevado a las Partes Exoneradas de toda y cualquier Reclamación o Causas de Acción que los Deudores, los Deudores Reorganizados y el Agente Pagador, o cualquiera de ellos, o cualquiera que reclame a través de ellos, en su nombre o para su propio beneficio, tenga o pudieran tener o reclamaran tener, ahora o en el futuro, contra cualquier Parte Exonerada que sean Reclamaciones Exoneradas o que de otro modo sean basan en, se relacionen con, o surjan de, en conexión con, en su totalidad o en parte, cualquier acción u omisión, transacción, evento u otra circunstancia relacionada con los Casos de Título III, los Deudores que tengan lugar o existan antes de la Fecha de Vigencia, incluyendo, en cualquier Reclamación, acto, hecho, transacción, ocurrencia, declaración u omisión en relación con ello, o que podría haber sido alegada, incluyendo, entre otros, cualquier Reclamación, demanda, derecho, responsabilidad, causa de acción para la indemnización, contribución u otro fundamento, según la ley encita o el derecho consuetudinario, por daños y perjuicios, costas y honorarios.

**Sección 92.6 – Interdictos relacionados con descargos:** A la Fecha de Vigencia, todas las Entidades que tengan, hayan tenido o puedan tener una Reclamación Exonerada que es tal en conformidad con la Sección 92.5 del Plan, están, y estarán, permanentemente, para siempre y completamente suspendidas, restringidas, prohibidas, vetadas e inhabilitadas para llevar a cabo cualquiera de las siguientes acciones, ya sea directa o indirectamente, de forma derivada o de otra manera, a causa o en base al objeto de dichas Reclamaciones Exoneradas: (i) iniciar, realizar o continuar de cualquier manera, y sea directa o indirecta, cualquier juicio, acción u otro procedimiento (incluyendo, entre otros, cualquier procedimiento judicial, arbitral, administrativo u otro de cualquier índole o de otro tipo) en cualquier foro; (ii) aplicar, embargar (o que incluye, entre otros, cualquier embargo previo a la sentencia), cobrar o intentar de cualquier manera recuperar cualquier sentencia, laudo, decreto u otra orden; (iii) crear, perfeccionar o de cualquier manera aplicar o hacer valer cualquier gravamen o cualquier otra carga; directa o indirectamente, cualquier Gravamen; (iv) compensar, buscar reembolso o contribución de, o subrogación contra, o recuperar de cualquier manera, directa o indirecta, cualquier monto contra cualquier activo u obligación adeudada a cualquier Entidad exonerada conforme a la Sección 92.5 del presente; o (v) iniciar o continuar de cualquier manera y en cualquier lugar, cualquier procedimiento judicial y/o administrativo en cualquier foro, que no cumpla o no sea consistente con las disposiciones del Plan o de la Orden de Confirmación. Para evitar dudas, las siguientes estipulaciones se extinguen con el ejercicio de la Orden de Confirmación: la Cuarta Estipulación Enmendada entre el Estado Libre Asociado de Puerto Rico y la Autoridad de Carreteras y Transportación de Puerto Rico con respecto a la Prescripción y Orden de Consentimiento [Caso Núm. 17-3283-LTS, ECF Núm. 15854], y según se enmendó; y la Cuarta Estipulación Enmendada y Orden de Consentimiento entre los Deudores del Título III (salvo COFINA) y la Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico actuando en nombre de las entidades gubernamentales enumeradas en el Apéndice "B" en relación con la Suspensión de la Prescripción [Caso Núm. 17-3283-LTS, ECF Núm. 17394, y sus enmiendas.

**Sección 92.7 – Exculpación:**

(a) Partes del Gobierno – La Junta de Supervisión, AAFAF, los Deudores y cada una de sus respectivas Personas Relacionadas, actuando exclusivamente en su condición de funcionarios, no tendrán ni incurrirán en ninguna responsabilidad legal alguna ante cualquier Entidad por actos u omisiones en relación con los Casos de Título III, la formulación, negociación, difusión, implementación, confirmación o aprobación del Plan o de cualquier transacción o acuerdo contemplado en este, o la Declaración de Divulgación, el Acuerdo de Apoyo al Plan GO/AEP, el Plan de la ACT/ADCC, y un Acuerdo relacionado, el documento, contrato, instrumento, liberación o acuerdo contemplado en conexión con la implementación de cualquiera de los anteriores o cualquier Documento Definitivo o cualquier acto realizado u omitido de conformidad con el Título III, el Acuerdo de Apoyo al Plan GO/AEP o la Declaración de Divulgación. Sin embargo, el alcance de esta exculpación está sujeto a, y limitado por, las disposiciones de la Sección 89.7 no afectarán las responsabilidades de cualquier Parte, disponiéndose, sin embargo, que las disposiciones de esta Sección 89.7 no afectarán las responsabilidades de cualquier Parte por acciones u otros procedimientos de cualquier naturaleza que, mediante una Orden Definitiva, que dicho acto u omisión constituyó fraude intencional o conducta dolosa.

(b) Aplicar, embargar, cobrar o recobrar, de cualquier manera y cualquier medio, de cualquier índole o de otro tipo) en cualquier foro; (ii) aplicar, embargar, cobrar o intentar de cualquier manera recuperar de forma directa o indirecta cualquier medio, de cualquier sentencia, laudo, decreto u orden contra cualquiera de las Partes Exoneradas o cualquiera de sus respectivos activos o bienes por cuenta de cualquier Reclamación u otra deuda o responsabilidad que se exonere a tenor con el Plan.

(b) Acreedores del AAP: Cada uno de los Acreedores del AAP, exclusivamente en su calidad de partes del Acuerdo de Apoyo al Plan de GO/AEP y/o del Acuerdo de Apoyo al Plan de la ACT/ADCC y un Acreedor y/o aseguradora, según proceda, desde la Fecha de Petición y hasta la Fecha de Vigencia, inclusive, y cada una de sus respectivas Personas Relacionadas, no tendrán ni incurrirán en responsabilidad legal alguna ante cualquier Entidad por actos u omisiones en relación con los Casos de Título III, la formulación, negociación, difusión, implementación, confirmación o aprobación del Plan o de cualquier transacción o acuerdo contemplado en este, o la Declaración de Divulgación, el Acuerdo de Apoyo al Plan de GO/AEP, los Documentos Definitivos o cualquier contrato, instrumento, liberación u otro acuerdo o documento previsto o contemplado en relación con perfeccionamiento de las transacciones establecidas en el Plan; disponiéndose, sin embargo, que la exoneración contemplada por este antecede a esta Sección 92.7(b) no afectarán las responsabilidades legales de cualquier Entidad que de otro modo hubiesen resultado de dicho acto u omisión en la medida en que se determine en una Orden Definitiva que dicho acto u omisión constituyó fraude intencional o conducta dolosa.

(c) Comité de Retirados: Cada uno de los miembros del Comité de Retirados, exclusivamente en su calidad de miembro del Comité de Retirados y como Acreedor, según corresponda, desde la Fecha de Petición hasta la Fecha de Vigencia, inclusive, y cada una de sus Personas Relacionadas del Comité de Retirados no tendrán ni incurrirán responsabilidad legal alguna ante cualquier Entidad por actos u omisiones en relación con los Casos de Título III, la formulación, preparación, difusión, implementación, confirmación o aprobación del Plan o de cualquier transacción o acuerdo contemplado en este, o la Declaración de Divulgación, el Acuerdo de Apoyo del Plan del Comité de Retirados o cualquier contrato, instrumento, publicación u otro acuerdo o documento previsto o contemplado en relación con el perfeccionamiento de las transacciones establecidas en el Plan y en el Acuerdo de Apoyo del Plan del Comité de Retirados; disponiéndose, sin embargo, que las disposiciones que anteceden a esta Sección 92.7(c) no afectarán la responsabilidad legal de cualquier Entidad que de otro modo habría resultado de dicho acto u omisión en la medida en que se determine en una Orden Definitiva que dicho acto u omisión constituyó fraude intencional o conducta dolosa.

(d) Comité de Acreedores: cada uno de los miembros del Comité de Acreedores, exclusivamente en su calidad de miembro del Comité de Acreedores, desde la Fecha de Petición hasta la Fecha de Vigencia, inclusive, y cada una de las Personas Relacionadas del Comité de Acreedores no tendrán ni incurrirán responsabilidad legal alguna ante cualquier Entidad por actos u omisiones en relación con los Casos de Título III, la formulación, preparación, difusión, confirmación o aprobación del Plan o de cualquier transacción o acuerdo contemplado en este, la Declaración de Divulgación, o cualquier contrato, instrumento, publicación u otro acuerdo o documento previsto o contemplado en relación con el perfeccionamiento de las transacciones establecidas en el Plan; disponiéndose, sin embargo, que las disposiciones que antecede a esta Sección 92.7(d) no afectarán la responsabilidad legal de cualquier Entidad que de otro modo hubiese resultado de dicho acto u omisión en la medida en que se determine en una Orden Definitiva que dicho acto u omisión constituyó fraude intencional o conducta dolosa.

(e) AFSCME: Cada uno de las partes del AFSCME exclusivamente en su calidad de parte del Acuerdo de Apoyo del Plan de la AFSCME y como Acreedor, según corresponda, desde la Fecha de Petición hasta la Fecha de Vigencia, inclusive, y cada una de sus respectivas Personas Relacionadas de la AFSCME no tendrán ni incurrirán responsabilidad legal alguna ante cualquier Entidad por actos u omisiones

---

**...** en relación con los Casos de Título III, la formulación, preparación, difusión, implementación, confirmación o aprobación del Plan o de cualquier compromiso o acuerdo contenido en este, la Declaración de Divulgación, el Acuerdo de Apoyo al Plan de AFSCME, o cualquier contrato, instrumento, publicación u otro acuerdo o documento contemplado o contenido en relación con el perfeccionamiento de las transacciones establecidas en el Plan y en el Acuerdo de Apoyo al Plan de la AFSCME; disponiéndose, sin embargo, que las disposiciones que anteceden a esta Sección 92.7(e) no afectarán la responsabilidad legal de cualquier Entidad que de otro modo habría resultado de dicho acto u omisión en la medida en que se determine en una Orden Definitiva que dicho acto u omisión constituyó fraude intencional o conducta dolosa.

**(f) Aseguradoras Monolínea:** Ambac, Assured, FGIC, National, Syncora y sus respectivas Personas Relacionadas, no tendrán ni incurrirán en responsabilidad legal alguna ante ninguna Entidad por actos u omisiones que se basen en o se relacionen con la formulación, preparación, difusión, implementación, aceptación, confirmación o aprobación del Plan, lo que incluye, entre otros, el tratamiento de las Reclamaciones de Bonos Asegurados de Ambac, las Reclamaciones de Bonos Asegurados de Assured, las Reclamaciones de Bonos Asegurados de FGIC, las Reclamaciones de Bonos Asegurados de National, las Reclamaciones de Bonos Asegurados de Syncora, los procedimientos de votación, la propuesta de obligaciones en virtud de las Pólizas de Seguro de Ambac, las Pólizas de Seguro de Assured, las Pólizas de Seguro de FGIC, las Pólizas de Seguro de National o las Pólizas de Seguro de Syncora aplicables; disponiéndose, sin embargo, que no obstante cualquier disposición en contrario en el presente, los términos y las disposiciones del Plan no relevarán ni exculparán, ni se entenderá que relevan o exculpan, con respecto a cualquier Reclamación de Bonos Asegurados de Ambac, Bonos Asegurados de Assured, Bonos Asegurados de FGIC, Bonos Asegurados de National o Bonos Asegurados de Syncora cualquier obligación de pago en virtud de la Póliza de Seguro de Ambac, la Póliza de Seguro de Assured, la Póliza de Seguro de FGIC, la Póliza de Seguro de National o la Póliza de Seguro de Syncora aplicables de acuerdo con sus términos únicamente en la medida en que dicho tenedor no reciba el Tratamiento de Ambac, el Tratamiento de Assured, el Tratamiento de FGIC, el Tratamiento de National o el Tratamiento de Syncora, según corresponda (o cualquier reclamación que Ambac, Assured, FGIC National o Syncora tuvieran derecho a recibir en base a o en beneficio de los respectivos Bonos asegurados de Ambac, de Assured, de FGIC, de National o de Syncora respecto a las Pólizas de Seguro de Ambac, Assured, FGIC, National o Syncora, según proceda).

**Sección 92.8 – Litigio Relacionado con las Designaciones:** No obstante cualquier disposición en contrario en el presente, en el caso de una Orden Definitiva en relación con el Litigio Relacionado con las Designaciones o el Litigio de Uniformidad con posterioridad a la emisión la Orden de Confirmación, como contraprestación de la distribuciones efectuadas que se efectuarán, o que se consideraron efectuadas en conformidad con los términos y disposiciones del Plan a los documentos e instrumentos relacionados con él, todas las Entidades o cualquiera de las Entidades que tuvieran, tengan o puedan tener una Reclamación vinculada con el Litigio relacionado con las Designaciones o el Litigio de uniformidad, tiene, y se considerará que ha, y por este medio, definitivamente e incondicionalmente, renuncian, eximen y exoneran por siempre para cualquiera de las Partes Exoneradas de y contra toda y cada una de dichas Reclamaciones y Causas de Acción vinculadas con el Litigio Relacionado con las Designaciones o el Litigio de Uniformidad, que se incluyen, entre otros, a cualquier reclamación que surja o pueda surgir, conforme o en conexión con cualquiera de las Reclamaciones Exoneradas, la contribución o perfeccionamiento del Plan, las negociaciones y apuntalamiento del Acuerdo de Apoyo al Plan GO/AEP o cualquier reclamación, acto, hecho, transacción ocurrencia, declaración u omisión relacionada con ello, de tal manera que se hubiese alegado o podría haber sido alegada en cualquier momento, ya sea directa o indirectamente, de forma derivada o de otra manera, ya sea directa o indirectamente por cualquier Parte Exonerada que surja de o se vincule con las reclamaciones, actos, hechos, transacciones, ocurrencias, declaraciones u omisiones que son, podrían haber sido o pueden ser alegados en los acciones relacionadas con cualquier otra reclamación vinculada al objeto sea directa, ya sea directa e indirecta y que pueda reclamarse en dichas Entidades o en beneficio de las Partes Exoneradas (ya sea que se derive de la ley federal, estatal o extranjera e independientemente de donde se afirme).

**Sección 92.11 – Interdicto complementario:** No obstante cualquier disposición en contrario en el presente, salvo dentro de los límites que se estipulan en el Plan, todas y cada una de las Entidades quedan permanentemente inhabilitadas, prohibidas y restringidas de institución, o iniciar, o litigar de cualquier manera todas y cada una de las Reclamaciones, demandas, derechos, responsabilidades o causas de acción de cualquier tipo, carácter o naturaleza, ya sea en el sistema de derecho escrito o en el consuetudinario, conocidos o desconocidos, directos o derivados, afirmados o no, contra cualquiera de las Partes Exoneradas, basadas en, relacionadas con, que surjan de o en conexión con cualquiera de las Reclamaciones Exoneradas, la confirmación o el perfeccionamiento del Plan, la negociación y perfeccionamiento del Acuerdo de Apoyo al Plan GO/AEP, o cualquier reclamación, acto, hecho, transacción, ocurrencia, declaración u omisión en relación con, o alegada o que pudiera haber sido alegada en los Casos de Título III, lo que incluye, entre otros, cualquier reclamación, demanda, derecho, responsabilidad o causa de acción para la indemnización, contribución u otro fundamento de este tipo, según el sistema de derecho escrito o consuetudinario, por daños, costas y honorarios, ya sea directa o indirectamente de forma derivada o de otra manera, que surja de o se relacione con las reclamaciones, actos, hechos, transacciones, ocurrencias, declaraciones u omisiones que son, podrían haber sido o pueden ser alegados, de conformidad con una Orden Definitiva, se determine que dichos actos u omisiones constituyeron fraude intencional o conducta dolosa.

---

**Fecha:** 2 de agosto de 2021, San Juan, Puerto Rico

Atentamente, /f/ Martin J. Bienenstock, Martin J. Bienenstock (pro hac vice); Brian S. Rosen (pro hac vice); **PROSKAUER ROSE LLP**, Eleven Times Square, Nueva York, NY 10036, *Abogados de la Junta de Supervisión y Administración Financiera como representante de los Deudores –* /f/ Hermann D. Bauer, Hermann D. Bauer, USDC Núm. 215205, **O'NEILL & BORGES LLC**, 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918-1813, *Coabogados de la Junta de Supervisión y Administración Financiera como representante de los Deudores*

[1] Los Deudores en estos Casos del Título III, junto con el número de caso del Título III respectivo de cada Deudor y los últimos cuatro (4) dígitos del número de identificación fiscal federal de cada Deudor, según corresponda, son (i) el Estado Libre Asociado (ELA) de Puerto Rico (Caso de Quiebra Núm. 17-BK-3283-LTS) (Últimos cuatro dígitos del número de identificación fiscal federal: 3481)); (ii) la Corporación del Fondo de Interés Apremiante ("COFINA") de Puerto Rico (Núm. de Caso de Quiebra 17-BK-3284-LTS) (Últimos cuatro dígitos del Número de identificación fiscal federal: 8474); (iii) la Autoridad de Carreteras y Transportación ("ACT") de Puerto Rico (Núm. de Caso de Quiebra 17-BK-3567-LTS) (Últimos cuatro dígitos del Número de identificación fiscal federal: 3808); (iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("SRE") (Núm. de Caso de Quiebra 17-BK-3566-LTS) (Últimos cuatro dígitos del Número federal del contribuyente: 9686); (v) la Autoridad de Energía Eléctrica ("AEE") de Puerto Rico (Núm. de Caso de Quiebra 17-BK-4780-LTS) (Últimos cuatro dígitos del Número federal del contribuyente: 3747); y (vi) la Autoridad de Edificios Públicos ("AEP") de Puerto Rico (Núm. de Caso de Quiebra 19-BK-5523-LTS) (Últimos cuatro dígitos del Número federal del contribuyente: 3801) (Los números de caso del Título III figuran como números de Caso de Quiebra debido a limitaciones del software).

[2] Los términos en mayúsculas que se utilizan pero no se definen en este aviso tendrán el significado que se les atribuye en el Plan.

[3] Todas las fechas y procedimientos estipulados en esta notificación están sujetos a modificación como resultado de una nueva orden judicial.

[4] Para evitar cualquier duda, dado que los titulares de Reclamaciones de Clase de Bonos deben enviar su voto y su elección a través de la plataforma Automatizada del Proceso de Presentación de Distribuciones de DTC (la Ballot o Plataforma ATOP), no podrán enviar su voto y su elección a través del software.

# Exhibit G

### *Primera Hora*

### (September 1, 2021)

**ANTE EL TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO**

**LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, como representante de EL ESTADO LIBRE ASOCIADO DE PUERTO RICO, EL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y LA AUTORIDAD DE EDIFICIOS PÚBLICOS DE PUERTO RICO**

**Título III de PROMESA, 17 BK 3283-LTS (Con administración conjunta)**

**NOTIFICACION DE (I) LA APROBACIÓN DE LA DECLARACIÓN DE DIVULGACIÓN, (II) EL ESTABLECIMIENTO DE LAS FECHAS DE REGISTRO…..**

# AFIDAVIT

Yo, Juan C. Jiménez Doblado, habiendo prestado el debido juramento declaro:

Que soy Representante del periódico "PRIMERA HORA" que se publica en Guaynabo, P.R.; que en las ediciones de este periódico correspondientes a los días:

**1 DE SEPTIEMBRE DE 2021**

se dio publicidad al anuncio  expedido por

**JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO**

en el caso arriba mencionado y copia del cual se une al presente afidávit para que forme parte del mismo.

Guaynabo, P.R. _SEP 3 0 2021_ 20__.

Afidávit No. ____18,883____ del Registro.

Jurado y reconocido ante mi por Juan C. Jiménez Doblado, vecino de San Juan, mayor de edad, soltero, Representante del periódico "PRIMERA HORA", a quien doy fe de conocer personalmente,

Guaynabo, P.R. _SEP 3 0 2021_ 20__.

NOTARIO





**26**

**PRIMERA HORA** Miércoles, 1 de septiembre de 2021

**Aviso Público (página 1 de 2)**

**ANTE EL TRIBUNAL DE DISTRITO DE ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO**

En el caso:

LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,

como representante de

EL ESTADO LIBRE ASOCIADO DE PUERTO RICO, EL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y LA AUTORIDAD DE EDIFICIOS PÚBLICOS DE PUERTO RICO,

Deudores.[1]

Título III de PROMESA
Núm. 17 BK 3283-LTS
(Con administración conjunta)

**NOTIFICACIÓN DE (I) LA APROBACIÓN DE LA DECLARACIÓN DE DIVULGACIÓN, (II) EL ESTABLECIMIENTO DE LAS FECHAS DE REGISTRO, (III) LA VISTA DE CONFIRMACIÓN DEL PLAN DE AJUSTE Y LOS PROCEDIMIENTOS DE OBJECIÓN A LA CONFIRMACIÓN DEL PLAN DE AJUSTE, (IV) LOS PROCEDIMIENTOS Y LA FECHA LÍMITE PARA VOTAR SOBRE EL PLAN DE AJUSTE Y LA REALIZACIÓN DE DETERMINADAS ELECCIONES EN VIRTUD DE DICHO VOTO**

**FECHA LÍMITE DE VOTACIÓN Y ELECCIÓN: 5:00 p.m. (AST) del 4 de octubre de 2021**
**FECHA LÍMITE DE OBJECIONES: 5:00 p.m. (AST) del 19 de octubre de 2021**
**VISTA DE CONFIRMACIÓN: 8 al 10, 12, 15 al 18, y 22-23 de noviembre de 2021 a las 09:30 a.m. (AST)**
**Si tiene alguna pregunta sobre este notificación, comuníquese con Prime Clerk LLC por teléfono llamando al (844) 822-9231 (gratuito para Estados Unidos y Puerto Rico) o al (646) 486-7944 (para llamadas internacionales), de 10:00 a.m. a 7:00 p.m. (hora estándar del Atlántico) (disponible en español), o por correo electrónico enviando un mensaje a puertoricoinfo@primeclerk.com.**

**TENGA EN CUENTA LO SIGUIENTE:**

1. *Aprobación de la Declaración de Divulgación.* Mediante orden de fecha 2 de agosto de 2021 [ECF Núm. 17639] (la "Orden de Declaración de Divulgación"), el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico (el "Tribunal") aprobó la adecuación de la información contenida en la *Declaración de Divulgación para el Séptimo Plan de Ajuste Conjunto Enmendado de Título III del Estado Libre Asociado de Puerto Rico, y otros*, de fecha 30 de julio de 2021 (con sus posibles modificaciones o enmiendas, incluyendo todos los anexos y apéndices a ésta, la "Declaración de Divulgación"), presentada por la Junta de Supervisión y Administración Financiera en nombre del Deudor, y autorizó a los Deudores a convocar a la votación con respecto a la aceptación o rechazo del *Séptimo Plan de Ajuste Conjunto Enmendado de Título III del Estado Libre Asociado de Puerto Rico, y otros*, de fecha 30 de julio de 2021 (con sus posibles modificaciones o enmiendas, incluyendo todos los anexos y apéndices a este, el "Plan").[2]

Podrá solicitar una copia impresa del Plan y de la Declaración de Divulgación, incluyendo traducciones al español de ambos documentos, poniéndose en contacto con el Agente de Votación, Prime Clerk LLC:

Por teléfono (10:00 a.m. hasta 7:00 p.m. (AST)) (disponible atención en español):
(844) 822-9231 (llamada gratuita en EE.UU. y Puerto Rico)
(646) 486-7944 (llamadas internacionales)
Correo electrónico: puertoricoinfo@primeclerk.com
Alternativamente, podrá consultar las copias electrónicas de la Declaración de Divulgación y del Plan visitando https://cases.primeclerk.com/puertorico/

2. De acuerdo con la Orden de Declaración de Divulgación, los Deudores enviarán por correo los materiales necesarios para votar el Plan o hacer elecciones sobre las distribuciones en virtud de este (el "Paquete de Convocatoria") a los siguientes tenedores de Reclamaciones de las siguientes Clases (colectivamente, las "Clases con Derecho al Voto"):

| Reclamaciones | Clase |
|---|---|
| Reclamaciones de Bonos Vintage de la AEP | Clase 1 |
| Reclamaciones de Bonos Vintage de la AEP (Assured) | Clase 2 |
| Reclamaciones de Bonos Vintage de la AEP (National) | Clase 3 |
| Reclamaciones de Bonos Vintage de la AEP (Syncora) | Clase 4 |
| Reclamaciones de Bonos Vintage de la AEP (Ambac) | Clase 5 |
| Reclamaciones de Bonos Vintage de la AEP (Syncora) | Clase 6 |
| Reclamaciones de Bonos Vintage Minoristas de la AEP | Clase 7 |
| Reclamaciones de Bonos 2011 de la AEP | Clase 8 |
| Reclamaciones de Bonos 2011 Minoristas de la AEP | Clase 9 |
| Reclamaciones de Bonos 2012 de la AEP | Clase 10 |
| Reclamaciones de Bonos 2012 Minoristas de la AEP | Clase 11 |
| Reclamaciones Garantizadas de la AEP/ORA | Clase 12 |
| Reclamaciones Generales no Garantizadas de la AEP | Clase 13 |
| Reclamaciones no Garantizadas de la AEP/ORA | Clase 14 |
| Reclamaciones de Bonos Vintage del ELA | Clase 15 |
| Reclamaciones de Bonos Vintage Minoristas del ELA | Clase 16 |
| Reclamaciones de Bonos Vintage del ELA (Assured) | Clase 17 |
| Reclamaciones de Bonos Vintage del ELA (National) | Clase 18 |
| Reclamaciones de Bonos Vintage del ELA (Ambac) | Clase 19 |
| Reclamaciones de Bonos Vintage del ELA (FGIC) | Clase 20 |
| Reclamaciones de Bonos Vintage del ELA (Syncora) | Clase 21 |
| Reclamaciones de Bonos Vintage Minoristas del ELA | Clase 22 |
| Reclamaciones de Bonos Vintage Garantizados del ELA (Assured) | Clase 23 |
| Reclamaciones de Bonos Vintage Garantizados del ELA (National) | Clase 24 |
| Reclamaciones de Bonos Vintage Garantizados del ELA (National) | Clase 25 |
| Reclamaciones de Bonos Vintage Garantizados del ELA (Ambac) | Clase 26 |
| Reclamaciones de Bonos Vintage Garantizados del ELA (FGIC) | Clase 27 |
| Reclamaciones de Bonos Vintage Garantizados del ELA (Syncora) | Clase 28 |
| Reclamaciones de Bonos 2011 del ELA | Clase 29 |
| Reclamaciones de Bonos 2011 Minoristas del ELA | Clase 30 |
| Reclamaciones de Bonos 2011 del ELA (Assured) | Clase 31 |
| Reclamaciones de Bonos Garantizados 2011 del ELA | Clase 34 |
| Reclamaciones de Bonos Serie D/E/PIB 2011 del ELA (Assured) | Clase 35 |
| Reclamaciones de Bonos Serie D/E/PIB 2011 del ELA (Assured) | Clase 37 |
| Reclamaciones de Bonos Serie D/E/PIB 2011 Minoristas del ELA | Clase 38 |
| Reclamaciones de Bonos 2012 del ELA | Clase 39 |
| Reclamaciones de Bonos 2012 Minoristas del ELA | Clase 42 |
| Reclamaciones de Bonos Garantizados 2012 del ELA | Clase 44 |
| Reclamaciones de Bonos 2014 del ELA | Clase 46 |
| Reclamaciones de Bonos 2014 Minoristas del ELA | Clase 47 |
| Reclamaciones de Bonos Garantizados 2014 del ELA | Clase 49 |
| Reclamaciones de Jubilados Participantes del SRE por Debajo del Umbral | Clase 51D |
| Reclamaciones de Jubilados Participantes del SRJ por Debajo del Umbral | Clase 51B |
| Reclamaciones de Jubilados Participantes del SRE por Encima del Umbral | Clase 51E |
| Reclamaciones de Jubilados Participantes del SRJ por Encima del Umbral | Clase 51F |
| Reclamaciones de Participantes Activos del SRE | Clase 51H |
| Reclamaciones de Participantes Activos del SRJ | Clase 51H |
| Reclamaciones de Participantes Activos del SRM | Clase 51I |
| Reclamaciones de Participantes de Nóminas de VTP por Encima del Umbral | Clase 51L |
| Reclamaciones de Participantes Activos del SRM | Clase 51L |
| Reclamaciones de AFSCME | Clase 52 |
| Reclamaciones de productores lácteos | Clase 53 |
| Reclamaciones de dominio eminente | Clase 54 |
| Reclamaciones del Centro Médico | Clase 56 |
| Reclamaciones Generales Sin Garantía del ELA | Clase 58 |
| Reclamaciones de ELA/ACT | Clase 60 |
| Reclamaciones de ELA/Centro de Convenciones | Clase 61 |
| Reclamaciones de ELA/Impuesto al Ron de la AFI | Clase 62 |
| Reclamaciones de ELA/MBA | Clase 63 |
| Reclamaciones de ELA/Impuesto de la Reclamación | Clase 64 |
| Reclamaciones Generales Sin Garantía del SRE | Clase 65 |
| Reclamaciones Federales | Clase 66 |

3. *Vista de confirmación.* Se celebrará una vista para considerar la confirmación del Plan (la "Vista de Confirmación") ante la Honorable Laura Taylor Swain, en una vista telefónica a través de CourtSolutions los días **8 – 10, 12, 15 – 18 y 22 – 23 de noviembre a las 9:30 a.m. (hora estándar del Atlántico)**.

4. La Vista de Confirmación puede ser continuada periódicamente por el Tribunal o la Junta de Supervisión, sin notificación adicional o a través de aplazamientos anunciados en audiencia pública o como se indica en cualquier notificación de los asuntos que se consideraran en la vista presentada ante el Tribunal, y el Plan puede ser modificado, si es necesario, antes, durante o como resultado de la Vista de Confirmación, de acuerdo con las disposiciones de modificación del Plan y la Regla Local 3016-2, sin notificación adicional a las partes interesadas.

5. *Depósito de confirmación del Plan.* La información relativa a la confirmación del Plan está disponible en línea en el Depósito de Confirmación del Plan en titleiiiplandataroom.com.

6. *Fecha límite de objeción de la confirmación.* El Tribunal ha establecido el **19 de octubre de 2021 a las 5:00 p.m. (hora estándar del Atlántico)** (la "Fecha Límite de Objeción a la Confirmación") como fecha límite para presentar objeciones o réplicas a la confirmación del Plan propuesto.

7. *Objeciones y réplicas a la confirmación.* Las objeciones y réplicas a la confirmación del Plan deben:
   a. Estar redactadas por escrito, en inglés, y firmadas;
   b. Indicar el nombre, el domicilio y la naturaleza de la Reclamación de la parte que se opone o responde;
   c. Exponer en detalle el fundamento y la naturaleza de cualquier objeción o réplica y, cuando corresponda, la declaración propuesta que debe insertarse en el Plan con el fin de resolver cualquier objeción o réplica;
   d. Presentarse electrónicamente ante el Tribunal en el registro *En referencia al Estado Libre Asociado de Puerto Rico*, Caso núm. 17 BK 3283-LTS, a través del sistema de registro de casos del Tribunal en formato de documento portátil con función de búsqueda, **como más tardar el 19 de octubre de 2021 las 5:00 p.m. (hora estándar del Atlántico).**
      i.  Si no es usted abogado registrado como usuario del sistema de registro de casos del Tribunal, podrá enviar por correo postal su objeción a la Oficina de Secretaría del Tribunal, a:
         Tribunal de Distrito de EE.UU., Oficina de Secretaría
         Avenida Carlos Chardón 150, Suite 150
         San Juan, Puerto Rico 00918-1767
         que deberá recibirse como más tardar el **19 de octubre de 2021 a las 5:00 p.m. (hora estándar del Atlántico).**
   e. Notificarse a la Oficina del Fideicomisario de Estados Unidos para el Distrito de Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (ref: En el caso) el Estado Libre Asociado de Puerto Rico) de manera que se reciba en o antes de la Fecha Límite de Objeción a la Confirmación Final.

8. *Participación en la confirmación.* Si desea participar en la audiencia relativa a la confirmación del Plan deberá presentar una notificación de las intenciones de participar en la indagatoria (una "Notificación de indagatoria"), un formulario que encontrará en https://cases.primeclerk.com/puertorico/. Si presenta su Notificación de indagatoria como más tardar el **15 de agosto de 2021**, es posible que se le permita el acceso a documentos del Depósito del Plan donde se guardan información o documentos relativos al Plan, y podrá asimismo notificar sus propias solicitudes indagatorias. Si presenta su Notificación indagatoria después del **15 de agosto de 2021** y antes del **19 de agosto de 2021 (o en esta última fecha)**, es posible que se le permita el acceso a documentos del Depósito del Plan. Tenga en cuenta que el acceso a la información en el Depósito del Plan podrá quedar sujeto al cumplimiento de los requisitos de acceso de los Deudores.

9. Deberá presentar la Notificación indagatoria en formato estipulado por el sitio web del Caso del Título III, a saber:
   a. Estar por escrito, en inglés, e ir firmada;
   b. Indicar su nombre, domicilio, naturaleza de su Reclamación y número de Reclamación;
   c. Indicar sus intenciones de participar en la indagatoria relativa a la confirmación del Plan; y
   d. Presentarla electrónicamente al Tribunal, en el registro CM/ECF. Notificación de intenciones de participar en la indagatoria de la Confirmación del Plan del Estado Libre Asociado, en *En referencia al Estado Libre Asociado de Puerto Rico*, Caso núm. 17 BK 3283-LTS, a través del sistema de registro de casos del Tribunal como más tardar en la fecha de plazo pertinente.
      i.  Si no está usted representado por un abogado, podrá optar por enviar la Notificación indagatoria a:
         Tribunal de Distrito de EE.UU., Oficina de Secretaría
         Avenida Carlos Chardón 150, Suite 150
         San Juan, Puerto Rico 00918-1767
         que deberá recibirse como más tardar en la fecha de plazo pertinente.

10. **Para poder participar en la indagatoria relacionada con la confirmación del Plan, deberá presentar la Notificación de indagatoria en la plazo.** No obstante, si no presentase la Notificación indagatoria en plazo, ello no será óbice para que presente una objeción a la confirmación del Plan como más tardar en el Plazo de objeción de la Confirmación, aunque no podrá ver los documentos del Depósito del Plan ni tampoco participar en la indagatoria.

11. *Calendario y fechas límite de indagatoria.* El Tribunal ha establecido el siguiente calendario y fechas límite, que serán aplicables a los Deudores y a otras partes interesadas que hayan presentado puntualmente una Notificación de indagatoria y tengan derecho a participar en la indagatoria[3].

**Resumen de determinadas fechas límite**

| 3 de agosto de 2021 | Fecha final para que los deudores presenten una lista preliminar de testigos de hechos, y temas sobre los cuales dichas personas testificarán (la "Lista preliminar de testigos de hechos de los Deudores"). |
|---|---|
| | Fecha final para que los deudores presenten un resumen inicial explicando qué es lo que los Deudores pretenden demostrar en la confirmación. |
| 6 de agosto de 2021 | Fecha inicial para que todas las partes presenten sus solicitudes iniciales de presentación de documentos no depositados (las "Solicitudes iniciales de presentación"). Los acreedores y las partes interesadas podrán presentar las Solicitudes iniciales de presentación solamente tras cursar una Notificación de intenciones de participar en la indagatoria (tal como se define a continuación). Las respuestas y objeciones a dichas Solicitudes iniciales de presentación se cursarán en un plazo de siete (7) días desde haber cursado dichas Solicitudes. |
| 15 de agosto de 2021 | Fecha final para que los acreedores y partes interesadas presenten una "Notificación de intenciones de participar en la indagatoria". También denominada "Notificación de indagatoria". Solamente las partes que presenten puntualmente una Notificación de intenciones de participar en la indagatoria podrán participar en la indagatoria, aunque hacerlo no será óbice para que una parte objete la confirmación del Plan. |
| 6 de septiembre de 2021 | Plazo final para que los Acreedores elegibles presenten una lista preliminar de testigos de hechos, y temas sobre los cuales dichas personas testificarán (una "Lista preliminar de testigos de hechos de los Acreedores elegibles"). |
| | Plazo final para que todas las partes presenten las declaraciones iniciales de peritos ("Declaraciones iniciales de peritos"). |
| 13 de septiembre de 2021 | Plazo final para que todas las partes presenten las notificaciones oficiales de declaración, los temas a declarar y los horarios solicitados para ello ("Notificaciones iniciales de declaración") (todas las partes tienen un tiempo limitado a siete (7) horas para las declaraciones). Se admitirán notificaciones siempre y cuando la indagatoria concluya en el plazo admitido. |
| 30 de septiembre de 2021 | Plazo final para la presentación de objeciones de indagatoria (las "Declaraciones de refutación de peritos"). |
| 1 de octubre de 2021 | Plazo final para que todas las partes presenten un máximo de quince (15) interrogatorios ("Interrogatorios"), incluyendo subpartes. Las respuestas y objeciones a dichos interrogatorios se cursarán antes de que transcurran diez (10) días desde el momento de presentación de las citadas Interrogaciones. |
| 4 de octubre de 2021 | Plazo final para que todas las partes presenten las declaraciones de refutación de peritos ("Declaraciones de refutación de peritos"). |
| 8 de octubre de 2021 | Plazo final para que todas las partes presenten solicitudes de seguimiento de presentación de documentos ("Solicitudes de seguimiento de presentación") y colectivamente, con las Solicitudes de presentación iniciales, las "Solicitudes de presentación"). |
| | Plazo final para que todas las partes presenten los informes de refutación de peritos ("Informes de refutación de peritos"). |
| | Plazo final para que los Deudores presenten una propuesta inicial de orden en apoyo de la confirmación del Plan (la "Propuesta inicial de orden de Confirmación"). |
| 11 de octubre de 2021 | Plazo final para que las partes presenten objeción de admisión, relativa a la autenticación de documentos ("Informes de admisión"). |
| | Conclusión de la indagatoria de hechos (la "Fecha límite de indagatoria de hechos"). |
| 15 de octubre de 2021 | Fecha límite para que todas las partes presenten las declaraciones de refutación de peritos ("Declaraciones de refutación de peritos"). |
| 18 de octubre de 2021 | Conclusión de la indagatoria de peritos (la "Fecha límite de indagatoria de peritos"). |

| 19 de octubre de 2021 | Fecha límite para que los Acreedores elegibles presenten sus objeciones a la confirmación del Plan ("Objeciones"). |
|---|---|
| | Fecha límite de presentación de la Notificación de intenciones de participar en la indagatoria o de la Notificación de indagatoria de los Acreedores elegibles que solamente deseen acceder a los documentos del Depósito del Plan. |
| 22 de octubre de 2021 | Fecha límite para que los Acreedores elegibles presenten una Propuesta inicial de orden de confirmación. |
| | Fecha límite para que todas las partes presenten las listas de testigos, las listas de pruebas y las designaciones de declaraciones definitivas. |
| | Fecha límite para que todas las partes presenten sus oposiciones a las mociones "Daubert" y las mociones "in limine". |
| 25 de octubre de 2021 | Fecha límite para que todas las partes presenten las declaraciones de testigos que se utilizarán en la Vista de confirmación ("Declaraciones de testigos"). |
| | Fecha límite para que los Deudores presenten sus propuestas de conclusiones iniciales de hecho y de derecho en apoyo a la confirmación del Plan (las "Conclusiones iniciales de hecho y de derecho"). |
| 27 de octubre de 2021 | Fecha límite para que los Deudores presenten sus respuestas en apoyo a las Propuestas de orden de confirmación y Respuestas a las objeciones de confirmación del Plan. |
| 30 de octubre de 2021 | Fecha límite para que las partes presenten sus contradesignaciones, objeciones a las declaraciones designadas u objeciones a las listas de pruebas. |
| 4 de noviembre de 2021 | Vista virtual de las mociones " in limine". |
| 8 de noviembre de 2021 | Inicio de la Vista de confirmación. |

12. *Fecha de registro de votación.* La fecha de registro de la votación es el **13 de julio de 2021** (la "Fecha de Registro de Votación"), que es la fecha para determinar cuáles son los tenedores de Reclamaciones en las Clases con Derecho al Voto (excepto la Clase 51) que tendrán derecho a votar sobre el Plan. Por lo tanto, solo los acreedores de una Clase con derecho al voto sobre el Plan y que tengan Reclamaciones contra los Deudores (excepto en las Clases de Bonos, la Clase 51 y la Clase 52) en la Fecha de Registro de Votación tienen derecho a votar sobre el Plan.

13. *Fecha límite de votación.* La fecha límite de votación es el **4 de octubre de 2021, a las 5:00 p.m. (hora estándar del Atlántico)**, salvo que se prorrogue dicha fecha (la "Fecha Límite de Votación"). *No estará obligado a votar sobre el Plan para recibir distribuciones de conformidad con los términos y condiciones del Plan, si lo confirma el Tribunal y siempre y cuando sea usted titular de una Reclamación permitida.*

14. Si ha recibido un Paquete de Convocatoria, que incluye una Papeleta o una Notificación, y tiene intención de votar sobre el Plan, deber (a) seguir cuidadosamente las instrucciones; (b) completar toda la información requerida en la Papeleta (según sea el caso); y (c) firmar y devolver su Papeleta completada de acuerdo con lo que se estipule en detalle en las instrucciones de votación incluidas en el Paquete de Convocatoria, de forma que su papeleta sea efectivamente recibida por el agente de convocatoria de los Deudores, Prime Clerk (el "Agente de Votación") en o antes de la Fecha Límite de Votación, o (d) dar instrucciones a su corredor o persona designada (cada uno de estos, una "Persona Designada") para que entregue electrónicamente sus bonos a través del Programa Automatizado de Oferta de Presentación ("ATOP") en The Depository Trust Company ("DTC") de acuerdo con su deseo de votar para aceptar o rechazar el Plan en o antes de la Fecha Límite de Votación. *El incumplimiento de estas instrucciones podrá hacer que su voto sea descalificado.*

15. *Fecha Límite de Elección.* La fecha límite para que los tenedores de Reclamaciones de Bonos elegibles que tengan derecho a elegir la forma de distribución según el Plan realicen dicha elección es el **4 de octubre de 2021, a las 5:00 p.m. (hora estándar del Atlántico)**, salvo que esta fecha se prorrogue (la "Fecha Límite de Elección"). Si ha recibido una Notificación con la opción de hacer una elección, deber (a) seguir cuidadosamente las instrucciones; y (b) entregar toda la información requerida de acuerdo con lo establecido en las instrucciones de manera que sus resultados por su Persona Designada en los términos y condiciones de elección de la Notificación de elección y/o por su Persona Designada pueda aceptar efectivamente su elección a través del ATOP de DTC en o antes de la Fecha Límite de Elección.

16. *Partes interesadas sin derecho al voto.* Si considera que los acreedores de las siguientes Clases rechazan el Plan y no tienen derecho al voto:
   • Clase 63 (Reclamaciones por Asignaciones del ELA), y
   • Clase 64 (Reclamaciones Subordinadas del ELA 510(b)).
17. Se considera que los acreedores de las siguientes Clases aceptan el Plan y no tienen derecho al voto, aunque recibirán las distribuciones de conformidad con los términos y condiciones del Plan, si éste es confirmado por el Tribunal:
   • Clase 51A (Reclamaciones de Jubilados Participantes del SRE por Debajo del Umbral)
   • Clase 51C (Reclamaciones de Jubilados Participantes del SRM por Debajo del Umbral)
   • Clase 51J (Reclamaciones de Participantes del Sistema 2000)
   • Clase 51K (Reclamaciones de Participantes de Nóminas de VTP por Debajo del Umbral)
   • Clase 55 (Reclamaciones de Incentivos Energéticos),
   • Clase 57 (Reclamaciones de Créditos Contributivos),
   • Clase 67 (Reclamaciones Gracia-Gracia), y
   • Clase 68 (Reclamaciones de Convenencia).

18. Si una Reclamación figura en la lista de acreedores de los Deudores [Caso Núm. 17-3283, ECF Núm. 1215, 1316, 2582, 10708] como contingente, no liquidada o impugnada y no ha presentado una evidencia de reclamación (i) antes de la fecha límite para la presentación de evidencias de reclamación establecida por el Tribunal o de la Fecha de Registro de Votación (la que sea anterior) lo que ocurra primero; o (ii) se considera presentada a tiempo por una orden del Tribunal antes de la Fecha Límite de Votación, dicha Reclamación no tendrá derecho a rechazar el Plan. Las evidencias de reclamación presentadas por $0.00 o las Reclamaciones que hayan sido impugnadas por orden del Tribunal tampoco tienen derecho al voto.

19. Si usted pertenece a las Clases 63 o 64, o ha prestado oportunamente una evidencia de reclamación y/o no está de acuerdo con la clasificación de los Deudores, la objeción o la solicitud de estimación de su Reclamación y cree que debería tener derecho a votar sobre el Plan, debe notificar a los Deudores y al Fideicomisario de Estados Unidos (puede consultar la dirección en el párrafo 7(e) precedente) y presentar ante el Tribunal (con copia al Despacho de la Jueza) una moción de la Regla 3018(a)[4] para obtener una orden con arreglo a la Regla Federal de Procedimiento de Quiebra (las "Reglas de Quiebra") que permita de forma temporal su Reclamación por un monto diferente o una Clase diferente a los efectos de votar para aceptar o rechazar el Plan. Todas las Mociones de la Regla 3018(a) deben presentarse en o antes del décimo (10º) día después de una de las siguientes fechas, la que ocurra última: (i) la notificación de esta Vista de notificación adicional del Plan, o (ii) la notificación a una parte de la objeción o solicitud de estimación de su Reclamación, en cuanto a dicha Reclamación. De acuerdo con la Regla de Quiebra 3018(a), en lo que respecta a cualquier acreedor que presente una Moción conforme a la Regla 3018(a), la Papeleta de dicho acreedor no se contabilizará, salvo que el Tribunal ordene lo contrario antes de la Fecha Límite de Votación el **4 de octubre a las 5:00 p.m. (hora estándar del Atlántico)**. Los acreedores pueden ponerse en contacto con el Agente de Votación (i) por correo, por primera clase o por mensajería nocturna a Puerto Rico Ballot Processing, C/O Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, (ii) por teléfono llamando al (844) 822-9231 (llamada gratuita para EE.UU. y Puerto Rico) o al (646) 486-7944 (para llamadas internacionales), de 10:00 a.m. a 7:00 p.m. (hora estándar del Atlántico) (disponible en español), o (iii) por correo electrónico a puertoricoinfo@primeclerk.com, para recibir una Papeleta anticipada para cualquier Reclamación para la que se haya presentado una Moción de la Regla 3018(a). Las Mociones de la Regla 3018(a) que no se hayan presentado a tiempo y en la forma establecida en este precepto no serán tenidas en cuenta.

20. Si desea que su Reclamación sea admitida provisionalmente a efectos de votación de conformidad con la Regla de Quiebra 3018(a), en https://cases.primeclerk.com/puertorico/ encontrará un formulario de Moción de la Regla 3018(a) con instrucciones para rellenar y presentar la moción.

21. *Partes que no serán Enviadas como Acreedores.* Cualquier tenedor de una Reclamación que (i) esté programado en la Lista de Acreedores a $0.00 y que no sea objeto de una evidencia de Reclamación presentada a tiempo o de una evidencia de Reclamación que se considere presentada a tiempo ante el Tribunal o con el Código de Quiebras o como cualquier orden conforme pertinente a tiempo según la ley aplicable, no está programado a un monto diferente o en una Clase distinta que la considerada, no tendrá derecho a votar sobre el Plan a menos que se presente debidamente una Moción de la Regla 3018(a) y votar sobre el Plan.

*(continúa en la página siguiente)*

**PRIMERA HORA   Miércoles, 1 de septiembre de 2021   27**

*(continúa de la página anterior)*

**22. Información adicional.** Cualquier parte interesada que desee obtener información sobre los procedimientos de convocatoria o copias de la Declaración de Divulgación o del Plan, incluyendo sus traducciones al español, debe ponerse en contacto con el Agente de Votación, Prime Clerk LLC, por teléfono llamando al (844) 822-9231 (llamada gratuita dentro de EE.UU. y Puerto Rico o al (646) 794-7944 (para llamadas internacionales), de 10:00 a.m. a 7:00 p.m. (hora estándar del Atlántico) (disponible en español), o por correo electrónico a puertoricoinfo@primeclerk.com, o puede ver dichos documentos accediendo a https://cases.primeclerk.com/puertorico/ o al sitio web del Tribunal, https://www.prd.uscourts.gov/. Tenga en cuenta que se necesita una contraseña y un inicio de sesión para acceder a los documentos que figuran en el sitio web del Tribunal a través del sistema de Acceso Público a los Registros Electrónicos del Tribunal (PACER, por sus siglas en inglés) (http://www.pacer.psc.uscourts.gov).

**23. Reglas de Quiebra 2002(c)(3) y 3016(c).** De acuerdo con las Reglas de Quiebra 2002(c)(3) y 3016(c), a continuación se exponen las disposiciones de descargo, exculpación e interdicto contenidas en el Plan:

**Sección 92.2– Exoneración y descargo de reclamaciones y causas de acción.**

(a) Salvo que se disponga expresamente en el Plan o en la Orden de Confirmación, todas las distribuciones y derechos otorgados en virtud del Plan serán, y se considerarán, a cambio de, y en completa satisfacción, liquidación, exoneración y descargo de, todas las Reclamaciones o Causas de Acción contra las Partes Exoneradas que surgieron, en todo o en parte, antes de la Fecha de Vigencia, en relación con los Casos de Título III, los Deudores o los Deudores Reorganizados o cualquiera de sus respectivos Activos, bienes o intereses de cualquier naturaleza, incluidos los intereses devengados por dichas Reclamaciones en o a partir de la Fecha de Petición, e independientemente de que se hayan distribuido o retenido bienes a tenor con el Plan a causa de dichas Reclamaciones o Causas de Acción. En la Fecha de Vigencia, los Deudores y los Deudores Reorganizados se considerarán exonerados y eximidos de toda y cualquier Reclamación, Causas de Acción y cualquier otra deuda emergente, en su totalidad o en parte, antes de la Fecha de Vigencia (lo que incluye antes de la Fecha de Petición), y todas las Reclamaciones del tipo especificado en las secciones 502(g), 502(h) o 502(i) del Código de Quiebras, y la Sección 407 de PROMESA, ya sea o no (a) una evidencia de reclamación basada en la cual se presente o se considere que se ha presentado dicha Reclamación en virtud de la sección 501 del Código de Quiebras, (b) que se permita dicha Reclamación conforme a la sección 502 del Código de Quiebras y la Sección 407 de PROMESA (o que se resuelva de otro modo), o (c) que el tenedor de una Reclamación basada en una deuda tal haya votado para aceptar el Plan. Para disipar cualquier duda, nada de lo contenido aquí ni en la Orden de confirmación librará, eximirá ni prescribirá ninguna reclamación o causa de acción contra la AEP derivada de, o relacionada con, los bonos emitidos por la AEP, incluyendo, entre otros, los emitidos con segunos monolínea pertinentes, y la AEP no exime de ninguna reclamación ni causa de acción contra cualquier Entidad no deudora. Las reclamaciones y causas de acción contra la AEP derivadas de, o relacionadas con, los bonos emitidos por la AEP, y las exenciones contra la AEP y sus activos, se dirigirán al caso del Título III de la AEP, incluyendo, entre otros, cualquier plan de ajuste pertinente.

(b) Salvo que se disponga expresamente en el Plan o en la Orden de Confirmación, todas las Entidades estarán impedidas de hacer valer todas y cada una de las Reclamaciones contra los Deudores y Deudores Reorganizados, y cada uno de sus respectivos Activos, bienes y derechos, remedios, Reclamaciones o Causas de Acción o responsabilidades de cualquier naturaleza, relacionadas con los Casos del Título III, los Deudores o los Deudores Reorganizados o cualquiera de sus respectivos Activos o bienes, incluyendo cualquier interés acumulado sobre dichas Reclamaciones desde y después de la Fecha de Petición, e independientemente de que se hayan distribuido o retenido bienes a tenor del Plan por cuenta de dichas Reclamaciones u otras obligaciones, demandas, sentencias, daños y perjuicios, deudas, derechos, remedios, causas de acción o responsabilidades. De acuerdo con lo anterior, salvo que se disponga expresamente en el Plan o en la Orden de Confirmación, la Orden de Confirmación constituirá una orden judicial, a la Fecha de Vigencia, de la exoneración y descargo de todas esas Reclamaciones, Causas de Acción o deuda contra los Deudores y los Deudores Reorganizados a tenor con las secciones 524 y 944 del Código de Quiebras, aplicable al Caso de Título III a tenor con la Sección 301 de PROMESA, y dicha exoneración anulará y extinguirá cualquier sentencia obtenida contra los Deudores o Deudores Reorganizados y sus respectivos Activos, y bienes en cualquier momento, en la medida en que dicha sentencia esté relacionada con una Reclamación, deuda o responsabilidad que sea objeto de dicha exoneración. A la Fecha de Vigencia, y como contraprestación por el valor proporcionado en virtud del Plan, se considera que cada tenedor de una Reclamación de cualquier Clase en virtud de este Plan libera, renuncia y exonera para siempre a, los Deudores y a los Deudores Reorganizados, y a sus respectivos Activos y bienes, y a todas esas Reclamaciones,

(c) No obstante cualquier otra disposición de esta Sección 92.2, de conformidad con las disposiciones del Acuerdo de Apoyo al Plan GO/AEP, se considerará que cada uno de los Acreedores del Acuerdo de Apoyo al Plan (AAP) GO/AEP y sus respectivas Personas Vinculadas, únicamente en su calidad de Acreedores de los Deudores, (i) han renunciado y pactado no demandar o de otro modo intentar recuperar daños y perjuicios o buscar cualquier otro tipo de reparación contra cualquiera de los Exonerados del Gobierno, basados en, que se deriven de o estén relacionados con las Reclamaciones Exoneradas del Gobierno o cualquiera de las Reclamaciones o Causas de Acción afirmadas o que podrían haber sido afirmadas, incluyendo, entre otros, en las Acciones de Recuperación (Clawback) y las Mociones de Levantamiento de la Paralización; y (ii) no ayudarán directa o indirectamente a ninguna persona a realizar ninguna acción con respecto a las Reclamaciones Exoneradas del Gobierno que esté prohibida por la presente Cláusula 92.2.

(d) Limitación de la SEC. No obstante nada contenido en sentido contrario o en la Orden de confirmación, ninguna disposición tendrá como consecuencia (i) impedir que los Estados Unidos o cualquiera de sus agencias, departamentos o agentes, o eximir de alguna manera que los Deudores o los Deudores reorganizados, según sea el caso, cumplan las leyes y requisitos federales o territoriales que implementen programas federalmente autorizados o delegados para la protección de la salud, la seguridad y el entorno de personas de dicho territorio, (ii) anular el derecho de cualquier exoneración, exención o recurso a las cuales los Deudores o los Deudores reorganizados tengan derecho de conformidad con el Título III, (iii) eximan, descarguen, impidan o prohíban de alguna manera (A) cualquier responsabilidad de los Deudores o los Deudores reorganizados ante los Estados Unidos derivada de, y posteriores a, la Fecha de Entrada en vigencia, (B) cualquier responsabilidad de los Deudores o los Deudores reorganizados que no sea una Reclamación, (C) cualquier defensa afirmativa o cualquier derecho de compensación o recobro de los Estados Unidos, de los Deudores o de los Deudores reorganizados, según proceda, reservándose expresamente dichos derechos de compensación o recobro de las citadas partes, (D) continuidad de la validez de las obligaciones de los Estados Unidos, de los Deudores o de los Deudores reorganizados, según proceda, en virtud de cualquier subsidio o acuerdo de asistencia cooperativa de los Estados Unidos, (E) las obligaciones de los Deudores o de los Deudores reorganizados derivadas de políticas, leyes y reglamentos federales, incluyendo, entre otros, leyes relativas al medio ambiente, la salud y la seguridad pública, o leyes territoriales que implementen dichas disposiciones legales federales, incluyendo, entre otros, obligaciones de cumplimiento normativo, requisitos de información y de órdenes judiciales, y obligaciones de pagar las correspondientes penalizaciones administrativas, civiles y de otra índole, (F) cualquier responsabilidad en materia de medio ambiente u obligación para con los Estados Unidos que los Deudores, los Deudores reorganizados, sus sucesores o cualquier otra persona física o jurídica puedan tener como propietarios o explotadores de bienes raíces que se hubieren producido durante el período a partir de la Fecha de entrada en vigencia, incluyendo, entre otros, obligaciones de cumplimiento normativo, requisitos de decretos de consentimiento u órdenes judiciales y obligaciones de pagar las correspondientes penalizaciones administrativas, civiles y de otra índole, (G) cualquier responsabilidad de cara a los Estados Unidos por parte de cualquier no deudor. Sin que ello suponga una limitación a la generalidad de lo antedicho, nada de lo contenido aquí ni en la Orden de confirmación podrá considerarse (i) una determinación de la obligación tributaria de cualquier Entidad, incluyendo, entre otros, los Deudores y los Deudores reorganizados, (ii) vinculante para el IRS con respecto a las obligaciones tributarias o a cualquier cuestión de cálculo, exención, exposición o prohibición de cualquier recaudación reclamada por el IRS contra cualquier entidad que no sean los Deudores y los Deudores reorganizados, y (iii) otorgar ninguna exención a ninguna Entidad que el Tribunal tenga prohibido por la Ley de Sentencias Declaratorias, 28 U.S.C. § 2201(a) o la Ley contra Medidas Cautelares aplicables a impuestos, 26 U.S.C. § 7421(a).

(f) Aclaraciones de las aseguradoras. No obstante cualquier disposición en sentido contrario contenida aquí o en la Orden de confirmación, incluyendo, entre otros, las Secciones 92.2, 92.3 y 92.11 del Plan, y salvo que esté excluido por lo estipulado en PROMESA, nada de lo contenido en el Plan, la Orden de confirmación u oro documento relacionado con el Plan incluido en el Suplemento del Plan, tiene por objeto ni podrá interpretarse como un intento de perjudicar, alterar, modificar, disminuir, prohibir, impedir, restringir, limitar, eximir, reducir, eliminar o limitar los derechos de demandadas y demandadas, incluyendo, entre otros, las partes de las Actuaciones de las aseguradoras, de hacer valer sus respectivos derechos, reclamaciones, causas de acción y defensa.

**Sección 92.3 – Interdicto sobre las Reclamaciones:** Salvo que se disponga expresamente lo contrario en el Plan, en la Orden de Confirmación o en cualquier otra Orden Definitiva del Tribunal del Título III

que pueda ser aplicable, todas las Entidades que hayan tenido, tengan o puedan tener Reclamaciones o cualquier otra deuda o responsabilidad que se exonere o renuncie a tenor con la Sección 92.2 del presente o que hayan tenido, tengan o puedan tener Reclamaciones o cualquier otra deuda o responsabilidad que se exonere o renuncie a tenor con la Sección 92.2 del presente tienen permanentemente prohibido, en o a partir de la Fecha de Vigencia, (a) comenzar o continuar, directa o indirectamente, de cualquier manera, cualquier acción u otro procedimiento (incluyendo, entre otros, cualquier procedimiento judicial, arbitral, administrativo u otro) de cualquier índole sobre cualquier Reclamación u otra deuda o responsabilidad que se exonere a tenor con el Plan contra cualquiera de las Partes Exoneradas o cualquiera de sus respectivos activos o bienes, (b) la ejecución, el embargo, el cobro o la recuperación por cualquier forma o medio de cualquier sentencia, laudo, decreto u orden contra las Partes Exoneradas o cualquiera de sus respectivos activos o bienes por cuenta de cualquier Reclamación u otra deuda o responsabilidad que se exonere a tenor con el Plan, (c) crear, perfeccionar o aplicar cualquier gravamen de cualquier tipo contra cualquiera de las Partes Exoneradas o cualquiera de sus respectivos activos o bienes por cuenta de cualquier Reclamación u otra deuda o responsabilidad que se exonere en conformidad con el Plan; y (d) salvo en la medida en que se disponga, permita o preserve en las secciones 553, 555, 556, 559 o 560 del Código de Quiebras o conforme al derecho de recuperación del derecho consuetudinario, hacer valer cualquier derecho de compensación, subrogación o recuperación de cualquier tipo contra cualquier obligación debida de cualquiera de las Partes Exoneradas o cualquiera de sus respectivos activos o bienes, con respecto a cualquier Reclamación u otra deuda o responsabilidad que se exonere en conformidad con el Plan. Este interdicto se extenderá a los sucesores y cesionarios de las Partes Exoneradas y a sus respectivos activos y bienes.

**Sección 92.5 – Exoneraciones de los Deudores y Deudores Reorganizados:** Salvo que se disponga expresamente lo contrario en el Plan o en la Orden de Confirmación, en la Fecha de Vigencia, y por una contraprestación válida y susceptible de apreciación pecuniaria, cada uno de los Deudores y los Deudores Reorganizados, el Agente Pagador y cada una de las Personas Relacionadas de los Deudores y los Deudores Reorganizados, se considerará que ha, y por la presente lo hace de manera irrevocable e incondicional, plenamente, definitivamente y a perpetuidad, renunciado, exonerado, absuelto y relevado a las Partes Exoneradas de toda y cualquier Reclamación o Causas de Acción que los Deudores, los Deudores Reorganizados y el Agente Pagador, o cualquiera de ellos, o cualquiera que reclame a través de ellos, en su nombre o para su propio beneficio, tengan o pudieran tener o reclamaran tener, ahora o en el futuro, contra cualquier Parte Exonerada que sean Reclamaciones Exoneradas o que de otro modo se basen en, se relacionen con, o surjan de o en conexión con, en su totalidad o en parte, cualquier acto, omisión, transacción, evento u otra circunstancia relacionada con los Casos de Título III, los Deudores que tengan lugar o existan en o antes de la Fecha de Vigencia, y/o cualquier Reclamación, acto, hecho, transacción, ocurrencia, declaración u omisión en relación con ello, o que podría haber sido alegada, incluyendo, entre otras, cualquier Reclamación, demanda, derecho, responsabilidad, o causa de acción para la indemnización, contribución u otro fundamento, según la ley escrita o el derecho consuetudinario, por daños y perjuicios, costos u honorarios.

**Sección 92.6 – Interdictos relacionados con descargos:** A la Fecha de Vigencia, todas las Entidades que tengan, hayan tenido o puedan tener una Reclamación Exonerada que es tal en conformidad con la Sección 92.5 del Plan, están, y estarán, permanentemente, para siempre y completamente suspendidas, restringidas, prohibidas, vetadas e inhabilitadas para llevar a cabo cualquiera de las siguientes acciones, ya sea directa o indirectamente, de forma derivada o de otra manera, a causa o en base al objeto de dichas Reclamaciones Exoneradas: (i) iniciar, realizar o continuar de cualquier manera, ya sea directa o indirecta, cualquier juicio, acción u otro procedimiento (lo que incluye, entre otros, cualquier procedimiento judicial, arbitral, administrativo u otro tipo) en contra de cualquier fuero; (ii) aplicar, embargar (lo que incluye, entre otros, cualquier embargo previo o la sentencia), cobrar o intentar de cualquier otra manera recobrar cualquier sentencia, laudo, decreto u otra orden; (iii) crear, perfeccionar o de cualquier manera hacer cumplir cualquier gravamen, contención, dirección o indirectamente, cualquier Gravamen; (iv) compensar, buscar reembolsos o contribuciones de cualquiera de, o de otra forma recuperar, de cualquier manera, directa o indirecta, cualquier monto contra cualquier obligación debida a cualquier Parte Exonerada; (v) iniciar o continuar de cualquier manera, en cualquier lugar, cualquier acción que no sea conforme o compatible con las disposiciones del Plan o de la Orden de Confirmación. Para evitar dudas, las siguientes estipulaciones se entregan con respecto al registro de la Orden de Confirmación: la Cuarta Estipulación Enmendada entre el Estado Libre Asociado de Puerto Rico y la Autoridad de Carreteras y Transportación de Puerto Rico con respecto a la Suspensión de la Prescripción [Caso Núm. 17-3283-LTS, ECF Núm. 11838-1, (17-3283-LTS, ECF Núm. 15854], y sus enmiendas; y la Cuarta Estipulación Enmendada y Orden de Consentimiento entre los Deudores del Título III (salvo COFINA) y la Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico con respecto a la Suspensión de la Prescripción y Orden de Consentimiento [Caso Núm. 17-3283-LTS, ECF Núm. 15854], y sus enmiendas; y la Cuarta Estipulación Enmendada y Orden de Consentimiento entre los Deudores del Título III (salvo COFINA) y la Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico adicionalmente a la Suspensión de la Prescripción y la Orden de Consentimiento [Caso Núm. 17-3283-LTS, ECF Núm. 17394, y sus enmiendas.

**Sección 92.7 – Exculpación:**

(a) Partes del Gobierno: La Junta de Supervisión, AAFAF, los Deudores y cada una de las respectivas Personas Relacionadas, actuando exclusivamente en su capacidad como tales en cualquier momento hasta la Fecha de Vigencia inclusive, no rendirán ni incurrirán en responsabilidad legal alguna ante cualquier Entidad por actos u omisiones en relación con los Casos de Título III, la formulación, preparación, difusión, implementación, confirmación o aprobación del Plan, o de cualquier transacción o acuerdo contemplado en estos, la Declaración de Divulgación, o cualquier contrato, instrumento, publicación u otro acuerdo o documento previsto o contemplado en relación con el perfeccionamiento de las transacciones establecidas en el Plan; disponiéndose, sin embargo, que las disposiciones que anteceden a esta Sección 89.7 no afectarán las responsabilidades de cualquier Entidad que de otro modo hubiere resultado de dicho acto u omisión en la medida en que se determine en una Orden Definitiva que dicho acto u omisión constituyó fraude intencional o conducta dolosa. Ninguna de las disposiciones anteriores de esta Sección 89.7(a) menoscabará el derecho de ninguna de las Partes del Gobierno, ni de los funcionarios y directivos de las Partes del Gobierno que cumplan funciones hasta la Fecha de Vigencia, inclusive, ni de cada uno de sus profesionales respectivos de invocar el asesoramiento de un abogado como defensa frente a cualquiera de sus responsabilidades en virtud del Plan.

(b) Acreedores del AAP: Cada uno de los Acreedores del AAP, exclusivamente en su calidad de partes del Acuerdo de Apoyo al Plan GO/AEP y/o del Acuerdo de Apoyo al Plan de la ACT/ADCC y un Acreedor y/o aseguradora, según proceda, desde la Fecha de Petición y hasta la Fecha de Vigencia, inclusive, y cada una de sus respectivas Personas Relacionadas, no tendrán ni incurrirán en responsabilidad legal alguna ante cualquier persona en relación con los Casos de Título III, la mediación, negociación, formulación, preparación, difusión, implementación, confirmación o aprobación del Plan o de cualquier transacción o acuerdo contenido en estos, la Declaración de Divulgación, el Acuerdo de Apoyo al Plan de la ACT/ADCC, los Documentos Definitivos o cualquier contrato, instrumento, publicación u otro acuerdo o documento previsto o contemplado en relación con el perfeccionamiento de las transacciones establecidas en el Plan; disponiéndose, sin embargo, que las disposiciones que anteceden a esta Sección 92.7(b) no afectarán las responsabilidades legales de cada uno de los Acreedores del AAP que, de otro modo, hubiera resultado de dicho acto u omisión en la medida en que se determine en una Orden Definitiva que dicho acto u omisión constituyó fraude intencional o conducta dolosa.

(c) Comité de Refritados: Cada uno de los miembros del Comité de Refritados, exclusivamente en su calidad de miembro del Comité de Refritados y como Acreedor, según corresponda, desde la Fecha de Petición hasta la Fecha de Vigencia, inclusive, y cada una de las Personas Relacionadas del Comité de Refritados no tendrán ni incurrirán en responsabilidad legal alguna ante cualquier Entidad por actos u omisiones en relación con los Casos de Título III, la formulación, preparación, difusión, implementación, confirmación o aprobación del Plan o de cualquier transacción o acuerdo contenido en estos, la Declaración de Divulgación, el Acuerdo de Apoyo al Plan del Comité de Refritados, o cualquier contrato, instrumento, publicación u otro acuerdo o documento previsto o contemplado en relación con el perfeccionamiento de las transacciones establecidas en el Plan; disponiéndose, sin embargo, que las disposiciones que anteceden a esta Sección 92.7(c) no afectarán la responsabilidad legal de cada uno de los miembros del Comité de Refritados que, de otro modo, hubieran resultado de dicho acto u omisión en la medida en que se determine en una Orden Definitiva que dicho acto u omisión constituyó fraude intencional o conducta dolosa.

(d) Comité de Acreedores: cada uno de los miembros del Comité de Acreedores, exclusivamente en su calidad de miembro del Comité de Acreedores, desde la Fecha de Petición hasta la Fecha de Vigencia, inclusive, y cada una de las Personas Relacionadas del Comité de Acreedores, no tendrán ni incurrirán en responsabilidad legal alguna ante cualquier Entidad por actos u omisiones en relación con los Casos de Título III, la formulación, preparación, difusión, implementación, confirmación o aprobación del Plan o de cualquier compromiso o acuerdo contenido en estos, la Declaración de Divulgación, o cualquier contrato, instrumento, publicación u otro acuerdo o documento previsto o contemplado en relación con el perfeccionamiento de las transacciones establecidas en el Plan; disponiéndose, sin embargo, que las disposiciones que anteceden a esta Sección 92.7(d) no afectarán la responsabilidad legal de cada uno de los miembros del Comité de Acreedores que de otro modo hubiera resultado de dicho acto u omisión en la medida en que se determine en una Orden Definitiva que dicho acto u omisión constituyó fraude intencional o conducta dolosa.

el Plan de AFSCME, o cualquier contrato, instrumento, publicación u otro acuerdo o documento previsto o contemplado en relación con el perfeccionamiento de las transacciones establecidas en el Plan y en el Acuerdo de Apoyo al Plan de AFSCME; disponiéndose, sin embargo, que las disposiciones que anteceden a esta Sección 89.7(e) no afectarán la responsabilidad legal de cualquier Entidad que de otro modo hubiere resultado de dicho acto u omisión en la medida en que se determine en una Orden Definitiva que dicho acto u omisión constituyó fraude intencional o conducta dolosa.

(f) Aseguradoras Monolínea: Ambac, Assured, FGIC, National, Syncora y sus respectivas Personas Relacionadas, no tendrán ni incurrirán en responsabilidad legal alguna ante ninguna Entidad por actos u omisiones que sean compatibles con el Plan en relación con la formulación, preparación, difusión, implementación, aceptación, confirmación o consumación del Plan, en lo que incluye, entre otros, el tratamiento de las Reclamaciones de Bonos Asegurados de Ambac, las Reclamaciones de Bonos Asegurados de FGIC, las Reclamaciones de Bonos Asegurados de National o las Reclamaciones de Bonos Asegurados de Syncora, los procedimientos de votación, los procedimientos de elección y cualquier descargo de obligaciones en virtud de las Pólizas de Seguro de Ambac, las Pólizas de Seguro de Assured, las Pólizas de Seguro de National o las Pólizas de Seguro de Syncora aplicables; disponiéndose, sin embargo, que las disposiciones que anteceden no afectarán a la responsabilidad de cualquier Entidad que de otro modo hubiere resultado de dicho acto u omisión en la medida en que se determine en una Orden Definitiva que dicho acto u omisión constituyó fraude intencional o conducta dolosa. Para evitar dudas, nada en esta Sección impedirá el ejercicio de los derechos de cualquiera de las Aseguradoras Monolínea de conformidad con sus respectivas Pólizas de Seguro de Ambac, las Pólizas de Seguro de Assured, las Pólizas de Seguro de National o las Pólizas de Seguro de Syncora aplicables.

Para evitar dudas, con respecto a las Aseguradoras Monolínea, solamente los actos o las omisiones de dicha Aseguradora Monolínea están cubiertos por las disposiciones de exculpación de esta Sección 92.7 y ninguna otra Aseguradora Monolínea recibe el beneficio de la exculpación de conformidad con esta Sección 92.7 con respecto a las Reclamaciones de Bonos Asegurados de Ambac, las Reclamaciones de Bonos Asegurados de FGIC, Reclamaciones de Bonos Asegurados de National, o las Reclamaciones de Bonos Asegurados de Syncora (según corresponda) de cualquier otra Aseguradora Monolínea, ni se considerará que una Aseguradora Monolínea está exculpando a ninguna otra Aseguradora Monolínea. Para evitar dudas, con respecto al Tratamiento de Bonos Asegurados de Ambac, el Tratamiento de Bonos Asegurados de FGIC, el Tratamiento de Bonos Asegurados de National o el Tratamiento de Syncora, según corresponda o cualquier reclamación que Ambac, Assured, FGIC, National o Syncora pueda tener en contra de un beneficiario de los respectivos bonos asegurados de Ambac, FGIC, National o Syncora con respecto a las Pólizas de Seguro de Ambac, Assured, FGIC, National o Syncora (según proceda).

**Sección 92.8 – Litigio Relacionado con las Designaciones:** No obstante cualquier disposición en contrario en el presente, en el caso de que se dicte una Orden Definitiva en relación con el Litigio Relacionado con las Designaciones o el Litigio de Uniformidad concerniente a la Orden de Confirmación, como contraprestación de la distribución efectuada, que se efectuará, o que se considerará efectuada de conformidad con los términos y disposiciones del Plan y los documentos e instrumentos relacionados con este, todos los Acreedores o los demás Entidades que reciban o que retengan algún descargo o distribución en virtud de este Plan, se considerará que han concedido y otorgado, de manera definitiva y absoluta, que esta Orden Definitiva no revertirá, afectará ni modificará de otro modo las transacciones contempladas en el Plan y en la Orden de Confirmación, y que ninguno de estos descargos, distribuciones, exoneraciones o interdictos previstos en el Artículo XCII del Plan.

**Sección 92.9 – Orden de prohibición:** Dentro de los límites que se estipulan en el Plan, todas y cada una de las Entidades que permanentemente inhabilitadas, prohibidas y restringidas de instruir, procesar, tramitar o litigar de cualquier manera toda y cada una de las Reclamaciones, demandas, derechos, responsabilidades o causas de acción de cualquier tipo, caducar o naturaleza, según el sistema de derecho escrito o consuetudinario, conocidas o desconocidas, directas o derivadas, afirmadas o no, contra cualquiera de las Partes Exoneradas, basadas en, relacionadas con, o que surjan de o en conexión con cualquiera de las Reclamaciones Exoneradas, o (iii) la renegociación y el perfeccionamiento del Acuerdo de Apoyo al Plan GO/AEP, o cualquier reclamación, acto, hecho, transacción, ocurrencia, declaración u omisión en relación con ello, o alegada o que podría haber sido alegada por cualquier persona de acción para la indemnización, contribución u otro fundamento de este, según el sistema de derecho escrito o consuetudinario, por daños y perjuicios, costos u honorarios incurridos indirectamente de los Casos de Título III, o que estén relacionados con o que se deriven de ella de otra manera, ya sea directa o indirectamente por cualquier Persona o Entidad derivada o indirecta de cualquier Parte Exonerada en virtud de cualquier reclamación de restitución, acto, hechos, transacción, ocurrencia, declaraciones, u omisiones que hayan sido o pudieron haber sido realizada en o con base a cualquier Reclamación de estas, o que se deriven de la ley federal o estatal y cualquier entidad relacionada con cualquier Entidad o Persona distribución de recuperación de conformidad con el Plan de Ajuste.

**Sección 92.11 – Interdicto complementario.** No obstante cualquier disposición en contrario en el presente, salvo dentro de los límites que se estipulan en el Plan, todas las Entidades, incluidas las Entidades que actúan en su propio nombre, que actualmente tienen o afirman, tuvieron o afirmaron, o pueden tener o afirmar cualquier Reclamación Exonerada en contra de cualquiera de las Partes Exoneradas basada en, atribuible a, que surja de o relacionada con cualquier Reclamación Exonerada, o de otra forma relacionada con los Casos de Título III o cualquier Reclamación Exonerada contra cualquier persona distinta de las Partes Exoneradas, incluyendo, entre otros:

(a) Iniciar o continuar de cualquier manera acciones u otros procedimientos de cualquier tipo con respecto a dicha Reclamación Exonerada contra cualquiera de las Partes Exoneradas o de los activos o bienes de cualquier Parte Exonerada o los bienes de cualquiera de las Partes Exoneradas;

(b) Aplicar, embargar, cobrar o recobrar, de cualquier manera y por cualquier medio, sentencias, laudos, decretos u órdenes en contra de cualquiera de las Partes Exoneradas o los activos o bienes de cualquiera de las Partes Exoneradas con respecto a dicha Reclamación Exonerada;

(c) Crear, perfeccionar o ejecutar un Gravamen de cualquier tipo contra cualquiera de las Partes Exoneradas o los activos o bienes de cualquiera de las Partes Exoneradas con respecto a dicha Reclamación Exonerada;

(d) Salvo que se disponga expresamente en el Plan o en la Orden de Confirmación, hacer valer, implementar o efectuar cualquier compensación, derecho de subrogación, indemnización, contribución o recuperación de cualquier tipo contra cualquier obligación exigible a cualquiera de las Partes Exoneradas o contra los activos o bienes de cualquiera de las Partes Exoneradas con respecto a dicha Reclamación Exonerada;

(e) Tomar cualquier medida de cualquier manera, en cualquier lugar, que no se ajuste o cumpla con las disposiciones del Plan o la Orden de Confirmación; disponiéndose, sin embargo, que el cumplimiento de los Deudores con los requisitos formales de la Regla de Quiebras 3016 no constituirá una admisión por el Plan de que el Plan contempla cualquier interdicto en contra de una conducta que no esté de otro modo prohibido por el Código de Quiebras.

Fecha: 2 de agosto de 2021, San Juan, Puerto Rico

Atentamente, /f/ Martin J. Bienenstock. Martin J. Bienenstock (pro hac vice), Brian S. Rosen (pro hac vice), PROSKAUER ROSE LLP, Eleven Times Square, Nueva York, NY 10036, Abogados de la Junta de Supervisión y Administración Financiera como representante de los Deudores – /f/ Hermann D. Bauer, Hermann D. Bauer, USDC (Tribunal de Distrito de los Estados Unidos) Núm. 215205, O'NEILL & BORGES LLC, 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918-1813, Coabogados de la Junta de Supervisión y Administración Financiera en representación de los Deudores

[1]   Los Deudores en estos Casos del Título III, junto con el número de caso de Título III respectivo de cada Deudor y los últimos cuatro (4) dígitos del número de identificación fiscal federal de cada Deudor, según corresponda, son (i) el Estado Libre Asociado de Puerto Rico (Caso de Quiebra Núm. 17-BK-3283-(LTS) (Últimos cuatro dígitos del Número de identificación fiscal federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante ("COFINA") de Puerto Rico (Núm. de Caso de Quiebra 17-BK-3284-(LTS) (Últimos cuatro dígitos del Número federal de contribuyente: 8474); (iii) la Autoridad de Carreteras y Transportación ("ACT") de Puerto Rico (Núm. de Caso de Quiebra 17-BK-3567-LTS) (Últimos cuatro dígitos del Número federal del contribuyente: 3808); (iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("SRE") (Núm. de Caso de Quiebra 17-BK-3566-LTS) (Últimos cuatro dígitos del Número federal de contribuyente: 9686); (v) la Autoridad de Energía Eléctrica ("AEP") de Puerto Rico (Núm. de Caso de Quiebra 17- BK-4780-LTS) (Últimos cuatro dígitos del Número federal del contribuyente: 3747); y (vi) la Autoridad de Edificios Públicos ("AEP") de Puerto Rico (Núm. de Caso de Quiebra 19-BK-5523-LTS) (Últimos cuatro dígitos del Número federal del contribuyente: 3801) (Los números de caso de Título III figuran como números de caso de Quiebra debido a limitaciones del software).

[2]   Todos los términos en mayúsculas utilizados pero que no se definen de otro modo tendrán el significado que se les atribuye en el Plan.

[3]   Todas las fechas y procedimientos estipulados en este notificación están sujetos a modificación conforme consecuencia de una nueva orden judicial.

[4]   Para evitar cualquier duda, dado que los titulares de Reclamaciones de las Clases de Bonos deben enviar su voto y/o elección a través de la Plataforma Automatizada de Oferta de Presentación de OTC, la Fecha de Registro de la Votación no se aplicará a las Reclamaciones de Clases de Bonos. Los titulares de los votos corresponderán con el momento de emisión seleccionado mediante esta y medios de votación en cualquier fecha.

# Exhibit H

*Caribbean Business*

**(September 2, 2021)**

**Latin Media House**

PO BOX 11472
San Juan, PR 00922-1472

# AFFIDAVIT OF PUBLICATION

In the city of San Juan, Puerto Rico, on October 5, 2021, Heiko Faass representing Latin Media House, LLC., hereby certify that in our newspaper of Caribbean Business for the edition dated September 2, 16 and 30 of the present year, was published:

**"NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT, (II) ESTABLISHMENT OF RECORD DATES, (III) HEARING ON CONFIRMATION OF THE PLAN OF ADJUSTMENT AND PROCEDURES FOR OBJECTION TO CONFIRMATION OF THE PLAN OF ADJUSTMENT, (IV) PROCEDURES AND DEADLINE FOR VOTING ON THE PLAN OF ADJUSTMENT AND MAKING CERTAIN ELECTIONS THEREUNDER"**

Signed: _____

Heiko Faass
**CEO & Editor in Chief**

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

In re:

THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,

as representative of

THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,

Debtors.[1]

PROMESA
Title III
No. 17 BK 3283-LTS
(Jointly Administered)

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT, (II) ESTABLISHMENT OF RECORD DATES, (III) HEARING ON CONFIRMATION OF THE PLAN OF ADJUSTMENT AND PROCEDURES FOR OBJECTION TO CONFIRMATION OF THE PLAN OF ADJUSTMENT, (IV) PROCEDURES AND DEADLINE FOR VOTING ON THE PLAN OF ADJUSTMENT AND MAKING CERTAIN ELECTIONS THEREUNDER**

**VOTING AND ELECTION DEADLINE: 5:00 p.m. (AST) on October 4, 2021**

**OBJECTION DEADLINE: 5:00 p.m. (AST) on October 19, 2021**

**CONFIRMATION HEARING: November 8 – 10, 12, 15 – 18, and 22 - 23, 2021 at 9:30 a.m. (AST)**

If you have any questions regarding this notice, please contact Prime Clerk LLC by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@primeclerk.com.

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. *Approval of Disclosure Statement.* By order, dated August 2, 2021 [ECF No. 17639] (the "Disclosure Statement Order"), the United States District Court for the District of Puerto Rico (the "Court") approved the adequacy of the information contained in the *Disclosure Statement for the Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, dated July 30, 2021 (as the same may be amended or modified, including all exhibits and attachments thereto, the "Disclosure Statement"), filed by the Financial Oversight and Management Board on behalf of the Debtors, and authorized the Debtors to solicit votes with respect to the acceptance or rejection of the *Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, dated July 30, 2021 (as the same may be amended or modified, including all exhibits and supplements thereto, the "Plan").[2]

**You may obtain a hard copy of the Plan and Disclosure Statement, including Spanish translations thereof, by contacting the Balloting Agent, Prime Clerk LLC:**
Telephone (10:00 a.m. to 7:00 p.m. (AST)) (Spanish available):
(844) 822-9231 (toll free for U.S. and Puerto Rico)
(646) 486-7944 (for international callers)
Email: puertoricoinfo@primeclerk.com

Alternatively, electronic copies of the Disclosure Statement and Plan are available by visiting https://cases.primeclerk.com/puertorico/.

2. Pursuant to the Disclosure Statement Order, the Debtors will mail materials needed for voting on the Plan or making elections on distributions thereunder (the "Solicitation Package") to holders of Claims in the following Classes (collectively, the "Voting Classes"):

| Class | | Class |
|---|---|---|
| Vintage PBA Bond Claims | Class 1 | 2011 CW Guarantee Bond Claims | Class 34 |
| Vintage PBA Bond Claims (Assured) | Class 2 | 2011 CW Series D/E/PIB Bond Claims | Class 35 |
| Vintage PBA Bond Claims (National) | Class 3 | 2011 CW Series D/E/PIB Bond Claims (Assured) | Class 36 |
| Vintage PBA Bond Claims (Ambac) | Class 4 | Retail 2011 CW Series D/E/PIB Bond Claims | Class 38 |
| Vintage PBA Bond Claims (FGIC) | Class 5 | 2012 CW Bond Claims | Class 40 |
| Vintage PBA Bond Claims (Syncora) | Class 6 | Retail 2012 CW Bond Claims | Class 41 |
| Retail Vintage PBA Bond Claims | Class 7 | 2012 CW Bond Claims (Assured) | Class 42 |
| 2011 PBA Bond Claims | Class 8 | 2012 CW Bond Claims (National) | Class 44 |
| Retail 2011 PBA Bond Claims | Class 9 | 2014 CW Bond Claims | Class 46 |
| 2012 PBA Bond Claims | Class 10 | 2014 CW Bond Claims (Assured) | Class 47 |
| Retail 2012 PBA Bond Claims | Class 11 | 2014 CW Guarantee Bond Claims | Class 49 |
| PBA/DRA Secured Claims | Class 12 | Retired JRS Participant Below-Threshold Claims | Class 51B |
| PBA General Unsecured Claims | Class 13 | | |
| PBA/DRA Unsecured Claims | Class 14 | Retired ERS Participant Above-Threshold Claims | Class 51D |
| Vintage CW Bond Claims | Class 15 | | |
| Retail Vintage CW Bond Claims | Class 16 | Retired JRS Participant Above-Threshold Claims | Class 51E |
| Vintage CW Bond Claims (Assured) | Class 17 | | |
| Vintage CW Bond Claims (National) | Class 18 | Retired TRS Participant Below-Threshold Claims | Class 51F |
| Vintage CW Bond Claims (Ambac) | Class 19 | | |
| Vintage CW Bond Claims (FGIC) | Class 20 | Active ERS Participant Claims | Class 51G |
| Vintage CW Bond Claims (Syncora) | Class 21 | Active JRS Participant Claims | Class 51H |
| Vintage CW Guarantee Bond Claims | Class 23 | Active TRS Participant Claims | Class 51I |
| | | VTP Payroll Participant Above-Threshold Claims | Class 51L |
| Vintage CW Guarantee Bond Claims (Assured) | Class 24 | | |
| Vintage CW Guarantee Bond Claims (National) | Class 25 | AFSCME Claims | Class 52 |
| | | Dairy Producer Claims | Class 53 |
| Vintage CW Guarantee Bond Claims (Ambac) | Class 26 | Eminent Domain Claims | Class 54 |
| | | Med Center Claims | Class 56 |
| | | CW General Unsecured Claims | Class 58 |
| Vintage CW Guarantee Bond Claims (FGIC) | Class 27 | CW/HTA Claims | Class 59 |
| | | CW/Convention Center Claims | Class 60 |
| Vintage CW Guarantee Bond Claims (Syncora) | Class 28 | CW/PRIFA Rum Tax Claims | Class 61 |
| | | CW/MBA Claims | Class 62 |
| 2011 CW Bond Claims | Class 30 | ERS Bond Claims | Class 65 |
| Retail 2011 CW Bond Claims | Class 31 | ERS General Unsecured Claims | Class 66 |
| 2011 CW Bond Claims (Assured) | Class 32 | Federal Claims | Class 69 |

3. *Confirmation Hearing.* A hearing to consider confirmation of the Plan (the "Confirmation Hearing") will be held before The Honorable Laura Taylor Swain, via telephonic hearing through CourtSolutions on November 8 – 10, 12, 15 – 18, and 22 - 23, 2021 at 9:30 a.m. (Atlantic Standard Time).

4. The Confirmation Hearing may be continued from time to time by the Court or the Oversight Board, without further notice or through adjournments announced in open court or as indicated in any notice of agenda of matters scheduled for hearing filed with the Court, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, in accordance with the modification provisions of the Plan and Local Rule 3016-2, without further notice to interested parties.

5. *Plan Confirmation Depository.* Documents relating to confirmation of the Plan is available online in the Plan Confirmation Depository at titleiiiadatataroom.com.

6. *Confirmation Objection Deadline.* The Court has established 5:00 p.m. (Atlantic Standard Time) on October 19, 2021 (the "Confirmation Objection Deadline") as the deadline to file objections or responses to confirmation of the proposed Plan.

7. *Objections and Responses to Confirmation.* Objections and responses to confirmation of the Plan must:

a. Be in writing, in English, and signed;

b. State the name, address, and nature of the Claim of the objecting or responding party;

c. State with particularity the basis and nature of any objection or response and include, where

appropriate, proposed language to be inserted in the Plan to resolve any such objection or response;

d. Be filed electronically with the Court on the docket of *In re Commonwealth of Puerto Rico*, Case No. 17 BK 3283-LTS, through the Court's case filing system in searchable portable document format **on or before October 19, 2021 at 5:00 p.m. (Atlantic Standard Time)**.

i. If you are not an attorney who is a registered user of the Court's case filing system, you may instead mail your objection to the Court's Clerk's office at:
United States District Court, Clerk's Office
150 Ave. Carlos Chardon Ste. 150,
San Juan, P.R. 00918-1767
so as to be received on or before October 19, 2021 at 5:00 p.m. (Atlantic Standard Time); and

e. Be served upon the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: In re: Commonwealth of Puerto Rico) so as to be received on or before the final Confirmation Objection Deadline.

8. *Participation in Confirmation Discovery.* If you wish to participate in discovery in connection with confirmation of the Plan, you must file a notice of your intention to participate in discovery (a "Discovery Notice"), a form of which is available at https://cases.primeclerk.com/puertorico/. If you file your Discovery Notice on or before **August 15, 2021**, you may be granted access to documents in the Plan Depository, where information and documents concerning the Plan are kept, and will also be able to serve your own discovery requests. If you file your Discovery Notice **after August 15, 2021, but on or before October 19, 2021**, you may be granted access to documents in the Plan Depository. Please note that access to the information in the Plan Depository may require complying with the Debtors' access requirements.

9. You must submit the Discovery Notice in the form provided on the Title III Case website above, which must:

a. Be in writing, in English, and be signed;

b. State your name, address, the nature of your Claim, and your Claim number;

c. State your intention to participate in discovery in connection with confirmation of the Plan; and

d. Be filed electronically with the Court on the docket using the CM/ECF docket event Notice of Intent to Participate in Discovery for Commonwealth Plan Confirmation, in *In re Commonwealth of Puerto Rico*, Case No. 17 BK 3283-LTS, through the Court's case filing system on or before the applicable deadline.

i. If you are not represented by counsel, you may instead mail your Discovery Notice to the Court's Clerk's office at:
United States District Court, Clerk's Office
150 Ave. Carlos Chardon Ste. 150
San Juan, P.R. 00918-1767
so as to be received on or before the applicable deadline.

10. **You must timely file a Discovery Notice to participate in discovery in connection with confirmation of the Plan.** Failure to timely file a Discovery Notice, however, will not preclude you from filing an objection to confirmation of the Plan on or before the Confirmation Objection Deadline, but will preclude you from being able to view documents in the Plan Depository, and from taking discovery.

11. *Discovery Timetable and Deadlines.* The Court has established the following discovery dates and deadlines, which are applicable to the Debtors and to other parties in interest who have timely filed a Discovery Notice and are eligible to participate in discovery:[3]

## Summary of Certain Deadlines

| | |
|---|---|
| August 3, 2021 | Deadline for the Debtors to file a preliminary fact witness list and topics about which each witness will testify ("Debtors' Preliminary Fact Witness List").<br>Deadline for the Debtors to file an opening summary brief explaining what the Debtors expect to prove at confirmation. |
| August 6, 2021 | Opening date for all parties to serve requests for production of non-depository documents ("Initial Production Requests"). Creditors and parties in interest may serve Initial Production Requests only following their filing of a Notice of Intent to Participate in Discovery (as defined below). Responses and objections to such Initial Production Requests shall be served within seven (7) days of service of such Requests. |
| August 15, 2021 | Deadline for Eligible Creditors and parties in interest to file a "Notice of Intent to Participate in Discovery," also known as a "Discovery Notice." Only parties who file a timely Notice of Intent to Participate in Discovery can propound discovery, but failure to do so does not preclude a party from objecting to confirmation of the Plan. |
| September 6, 2021 | Deadline for Eligible Creditors to file a preliminary fact witness list and topics about which each witness is expected to testify (an "Eligible Creditor's Preliminary Fact Witness List").<br>Deadline for all parties to serve opening expert disclosures ("Opening Expert Disclosures"). |
| September 13, 2021 | Deadline for all parties to serve opening expert reports ("Opening Expert Reports").<br>Deadline for all parties to serve initial notices of deposition, topics and requested times for depositions ("Initial Notices of Deposition") (all parties are limited to seven (7)-hour time limit for depositions). Subsequent notices are allowed provided discovery is completed within time allowed. |
| September 30, 2021 | Deadline for all parties to file *Daubert* motions and motions *in limine.* |
| October 1, 2021 | Deadline for all parties to serve up to fifteen (15) interrogatories ("Interrogatories"), including subparts. Responses and objections to such Interrogatories shall be served within ten (10) days of service of such Interrogatories. |
| October 4, 2021 | Deadline for all parties to serve rebuttal expert disclosures ("Rebuttal Expert Disclosures").<br>Deadline for all parties to file any follow-up requests for production ("Follow-Up Production Requests," and collectively with Initial Production Requests, "Production Requests"). |
| October 8, 2021 | Deadline for all parties to file rebuttal expert reports ("Rebuttal Expert Reports").<br>Deadline for the Debtors to file an initial proposed order in support of confirmation of the Plan (the "Initial Proposed Confirmation Order"). |
| October 11, 2021 | Deadline for all parties to serve requests for admission, limited to authentication of documents ("Admission Requests").<br>Completion of fact discovery (the "Fact Discovery Deadline"). |
| October 15, 2021 | Deadline for all parties to file oppositions to *Daubert* motions and motions *in limine.* |
| October 18, 2021 | Completion of expert discovery (the "Expert Discovery Deadline"). |
| October 19, 2021 | Deadline for Eligible Creditors to file objections to confirmation of the Plan ("Objections").<br>Deadline to file Notice of Intent to Participate in Discovery or Discovery Notice for Eligible Creditors who solely want access to documents in the Plan Depository. |
| October 22, 2021 | Deadline for Eligible Creditors to file objections to the Initial Proposed Confirmation Order.<br>Deadline for all parties to file finalized witness lists, exhibit lists and deposition designations.<br>Deadline for all parties to file replies to *Daubert* motions and motions *in limine.* |
| October 25, 2021 | Deadline for all parties to file witness declarations to be used at the Confirmation Hearing ("Witness Declarations").<br>Deadline for Debtors to file initial proposed findings of fact and conclusions of law in support of confirmation of the Plan (the "Initial Findings of Fact and Conclusions of Law"). |
| October 27, 2021 | Deadline for Debtors to file Replies in Support of the Proposed Confirmation Order, and for Debtors to file Replies to Objections to Confirmation of the Plan. |
| October 30, 2021 | Deadline for all parties to serve counter-designations, objections to deposition designations, or objections to exhibit lists. |
| November 1, 2021 | Virtual hearing on motions *in limine.* |
| November 8, 2021 | Start of Confirmation Hearing. |

12. *Voting Record Date.* The voting record date is July 13, 2021 (the "Voting Record Date"), which is the date for determining which holders of Claims in Voting Classes (except Bond Classes,[4] Class 51, and Class 52) are entitled to vote on the Plan. Therefore, only those creditors in a Class entitled to vote on the Plan and holding Claims against the Debtors (except in the Bond Classes, Class 51, and Class 52) as of the Voting Record Date are entitled to vote on the Plan.

13. *Voting Deadline.* The deadline for voting on the Plan is on **October 4, 2021, at 5:00 p.m. (Atlantic Standard Time)**, unless such time is extended (the "Voting Deadline"). *You are not required to vote on the Plan to receive distributions pursuant to the terms of the Plan, if confirmed by the Court, and provided you hold an Allowed Claim.*

14. If you received a Solicitation Package, including a Ballot or Notice and intend to vote on the Plan, you *must*: (a) follow the instructions carefully; (b) complete *all* of the required information on the Ballot (as applicable); and (c) either (i) execute and return your completed Ballot according to and as set forth in detail in the voting instructions included in the Solicitation Package so that your Ballot is *actually received* by the Debtors' solicitation agent, Prime Clerk (the "Balloting Agent") on or before the Voting Deadline, or (ii) instruct your broker or nominee (each, a "Nominee") to electronically deliver your bonds via the Automated Tender Offer Program ("ATOP") at The Depository Trust Company ("DTC") in accordance with your desire to vote to accept or reject the Plan on or before the Voting Deadline. *Failure to follow such instructions may disqualify your vote.*

15. *Election Deadline.* The deadline for holders of eligible Bond Claims that have the right to make an election of the form of distributions under the Plan to make such election is on **October 4, 2021, at 5:00 p.m. (Atlantic Standard Time)**, unless such time is extended (the "Election Deadline"). If you received a Notice with an option to make an election, you *must*: (a) follow the instructions carefully; and (b) deliver *all* the required information according to and as set forth in detail in the election instructions so that it is received by your Nominee in sufficient time for your Nominee to *actually effectuate* your election through DTC's ATOP on or before the Election Deadline.

16. *Parties in Interest Not Entitled to Vote.* Creditors in the following Classes are deemed to reject the Plan and not entitled to vote:

• Class 63 (CW Appropriations Claims), and
• Class 64 (CW 510(b) Subordinated Claims).

17. Creditors in the following Classes are deemed to accept the Plan and not entitled to vote, but will receive distributions pursuant to the terms of the Plan, if confirmed by the Court:

• Class 51A (Retired ERS Participant Below-Threshold Claims),
• Class 51C (Retired TRS Participant Below-Threshold Claims),
• Class 51J (System 2000 Participant Below-Threshold Claims),
• Class 51K (VTP Payroll Participant Below-Threshold Claims),
• Class 55 (Energy Incentive Claims),
• Class 57 (Tax Credit Claims),
• Class 67 (Gracia-Gracia Claims), and
• Class 68 (Convenience Claims).

18. If a Claim is listed in the Debtors' list of creditors [Case No. 17-3283, ECF Nos. 1215, 1316, 2582, 10708] as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the earlier of the applicable bar date for the filing of proofs of claim established by the Court or the Voting Record Date (as applicable) or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, such Claim shall not be entitled to vote to accept or reject the Plan. Proofs of claim filed for $0.00 or Claims that have been expunged by order of the Court are also not entitled to vote.

19. If you are in Classes 63 or 64, or have timely filed a proof of claim and disagree with the Debtors' classification of, objection to, or request for estimation of your Claim and believe you should be entitled to vote on the Plan, you must serve the Debtors and the U.S. Trustee (address listed in paragraph 7(e) above) and file with the Court (with a copy to Chambers) a motion (a "Rule 3018(a) Motion") for an order pursuant to Rule 3018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") temporarily allowing your Claim in a different amount or in a different Class for purposes of voting to accept or reject the Plan. All Rule 3018(a) Motions must be filed on or before the tenth (10th) day after the later of (i) service of this Confirmation Hearing Notice and (ii) service of notice of an objection or request for estimation, if any, as to such Claim. In accordance with Bankruptcy Rule 3018(a), as to any to any creditor filing a Rule 3018(a) Motion, such creditor's Ballot will not be counted except as may be otherwise ordered by the Court prior to the Voting Deadline (**October 4, 2021 at 5:00 p.m. (Atlantic Standard Time)**). Creditors may contact the Balloting Agent (i) via first class mail or via overnight courier at Puerto Rico Ballot Processing, C/O Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, (ii) by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or (iii) by email at puertoricoinfo@primeclerk.com, to receive an appropriate Ballot for any Claim for which a proof of claim has been timely filed and a Rule 3018(a) Motion has been granted. Rule 3018(a) Motions that are not timely filed and served in the manner set forth herein shall not be considered.

20. If you wish to have your Claim temporarily allowed for voting purposes pursuant to Bankruptcy Rule 3018(a), a form of Rule 3018(a) motion together with instructions for filing and serving the motion is available at https://cases.primeclerk.com/puertorico/.

21. *Parties Who Will Not Be Treated as Creditors.* Any holder of a Claim that (i) is scheduled in the List of Creditors at $0.00 and is not the subject of a timely filed proof of Claim or a proof of claim deemed timely filed with the Court pursuant to either the Bankruptcy Code or any order of the Court, or otherwise deemed timely filed under applicable law, or (ii) is not scheduled and is not the subject of a timely filed proof of claim or a proof of claim deemed timely filed with the Court pursuant to either the Bankruptcy Code or any order of the Court, or otherwise deemed timely filed under applicable law, shall not be treated as a creditor with respect to such Claim for purposes of (a) receiving notices regarding the Plan, and (b) voting on the Plan.

22. *Additional Information.* Any party in interest wishing to obtain information about the solicitation procedures or copies of the Disclosure Statement or the Plan, including Spanish translations thereof, should contact the Balloting Agent, Prime Clerk LLC, by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@primeclerk.com, or may visit www.prd.uscourts.gov/ website (a filing fee is required for the Bankruptcy Code or any order of the Court, or otherwise deemed timely filed under applicable law, shall not be treated as a creditor with respect to such Claim for purposes of (a) receiving notices regarding the Plan and (b) voting on the Plan.

23. *Bankruptcy Rules 2002(c)(3) and 3016(c).* In accordance with Bankruptcy Rules 2002(c)(3) and 3016(c), set forth below are the release, exculpation, and injunction provisions contained in the Plan:

*continues on next page* ▶

► continued from the previous page

**Section 92.2 – Discharge and Release of Claims and Causes of Action:**

(a) Except as expressly provided in the Plan or the Confirmation Order, all distributions and rights afforded under the Plan shall be, and shall be deemed to be, in exchange for, and in complete satisfaction, settlement, discharge and release of, all Claims or Causes of Action against the Released Parties that arose, in whole or in part, prior to the Effective Date, relating to the Title III Cases, the Debtors or Reorganized Debtors or any of their respective Assets, property, or interests of any nature whatsoever, including any interest accrued on such Claims from and after the Petition Date, and regardless of whether any property will have been distributed or retained pursuant to the Plan on account of such Claims or Causes of Action. Upon the Effective Date, the Debtors and Reorganized Debtors shall be deemed discharged and released from any and all Claims or Causes of Action and any other debts that arose, in whole or in part, prior to the Effective Date (including prior to the Petition Date), and Claims of the kind specified in sections 502(g), 502(h) or 502(i) of the Bankruptcy Code and PROMESA Section 407, whether or not (a) a proof of claim based upon such Claim is filed or deemed filed under section 501 of the Bankruptcy Code, (b) such Claim is allowed under section 502 of the Bankruptcy Code and PROMESA Section 407 (or is otherwise resolved), or (c) the holder of a Claim based upon such debt voted to accept the Plan. For the avoidance of doubt, nothing contained herein or in the Confirmation Order shall release, discharge or enjoin any claims or causes of action against PREPA arising from or related to PREPA-issued bonds, including, without limitation, Monoline-issued insurance pertaining thereto, and PREPA is not releasing any claims or causes of action against any non-Debtor Entity. Claims and causes of action against PREPA arising from or related to PREPA-issued bonds, and releases against PREPA and its assets shall be addressed in PREPA's Title III case, including, without limitation, any plan of adjustment therein.

(b) Except as expressly provided in the Plan or the Confirmation Order, all Entities shall be precluded from asserting any and all Claims against the Debtors and Reorganized Debtors, and each of their respective Assets, property and rights, remedies, Claims or Causes of Action or liabilities of any nature whatsoever, relating to the Title III Cases, the Debtors or Reorganized Debtors or any of their respective Assets and property, including any interest accrued on such Claims from and after the Petition Date, and regardless of whether any property will have been distributed or retained pursuant to the Plan on account of such Claims or Causes of Action, or obligations, suits, judgments, damages, debts, rights, remedies, causes of action or liabilities. In accordance with the foregoing, except as expressly provided in the Plan or the Confirmation Order, the Confirmation Order shall constitute a judicial determination, as of the Effective Date, of the discharge and release of all such Claims, Causes of Action or debt of or against the Debtors and the Reorganized Debtors pursuant to sections 524 and 944 of the Bankruptcy Code, applicable to the Title III Cases pursuant to Section 301 of PROMESA, and such discharge shall void and extinguish any judgment obtained against the Debtors or Reorganized Debtors and their respective Assets, and property at any time, to the extent such judgment is related to a discharged Claim, debt or liability. As of the Effective Date, and in consideration for the value provided under the Plan, each holder of a Claim in any Class under this Plan shall be hereby is deemed to release and forever waive and discharge as against the Debtors and Reorganized Debtors, and their respective Assets and property and all such Claims.

(c) Notwithstanding any other provisions of this Section 92.2, in accordance with the provisions of the GO/PBA Plan Support Agreement, each of the GO/PBA PSA Creditors and their respective Related Persons, solely in their capacity as Creditors of the Debtors, shall (i) be deemed to have released and covenanted not to sue or otherwise pursue or seek to recover damages or to seek any other type of relief against any of the Government Releasees based upon, arising from or relating to the Government Released Claims or any of the Claims or Causes of Action asserted or which could have been asserted, including, without limitation, in the Clawback Actions and the Lift Stay Motions, and (ii) not directly or indirectly aid any person in taking any action to recover against the Government Released Claims that is prohibited by this Section 92.2.

(d) **Limitation.** Notwithstanding anything contained herein or in the Confirmation Order to the contrary, no provision shall (i) preclude the SEC from enforcing its police or regulatory powers, or (ii) enjoin, limit, impair or delay the SEC from commencing or continuing any claims, causes of action, proceedings or investigations against any non-debtor person or non-debtor entity in any forum.

(e) **United States Limitation.** Notwithstanding anything contained herein or in the Confirmation Order to the contrary, no provision shall (i) impair the United States, its agencies, departments, or agents, or in any manner relieve the Debtors or the Reorganized Debtors, as the case may be, from compliance with federal laws or territorial laws and requirements implementing a federally authorized or federally delegated program protecting the health, safety, and environment of persons in such territory, (ii) expand the scope of any discharge, release, or injunction to which the Debtors or the Reorganized Debtors are entitled under Title III, and (iii) discharge, release, enjoin, or otherwise bar (A) any liability of the Debtors or the Reorganized Debtors to the United States arising from and after the Effective Date, (B) any liability to the United States that is not a Claim, (C) any affirmative defense or any right of setoff or recoupment of the United States, the Debtors or the Reorganized Debtors, as the case may be, and such rights of setoff and recoupment of such parties are expressly preserved, (D) the continued validity of the obligations of the United States, the Debtors or the Reorganized Debtors, as the case may be, under any United States grant or cooperative assistance agreement, (E) the Debtors' or the Reorganized Debtors' obligations arising under federal police or regulatory laws, including, but not limited to, laws relating to the environment, public health or safety, or territorial laws implementing such federal legal provisions, including, but not limited to, compliance obligations, requirements under consent decrees or judicial orders, and obligations to pay associated administrative, civil, or other penalties, and (F) any liability to the United States on the part of any non-debtor. Without limiting the foregoing, nothing contained herein or in the Confirmation Order shall be deemed (i) to determine the tax liability of any Entity, including, but not limited to, the Debtors and the Reorganized Debtors, (ii) to be binding on the IRS with regard to the federal tax liabilities, tax status, or tax filing and withholding obligations of any entity, including, but not limited to, the Debtors and the Reorganized Debtors, (iii) to release, satisfy, discharge, or enjoin the collection of any claim of the IRS against any Entity other than the Debtors and the Reorganized Debtors, and (iv) to grant any relief to any Entity that the Court is prohibited from granting the Declaratory Judgment Act, 28 U.S.C. § 2201(a), or the Tax Anti-Injunction Act, 26 U.S.C. § 7421(a).

(f) **Underwriter Actions.** Notwithstanding anything contained herein or in the Confirmation Order to the contrary, including, without limitation, Sections 92.2, 92.3 and 92.11 of the Plan, except as may be precluded pursuant to the provisions of PROMESA, nothing in the Plan, the Confirmation Order or any Plan-related document set forth in the Plan Supplement is intended, nor shall it be construed, to impair, alter, modify, diminish, prohibit, bar, restrain, enjoin, release, reduce, eliminate or limit the rights of the plaintiffs and defendants, including, without limitation, the parties to the Underwriter Actions, from asserting their respective rights, claims, causes of action or defenses in the Underwriter Actions, including, but not limited to, any Claims, defenses, Causes of Action, and rights of setoff or recoupment (to the extent available).

**Section 92.3 – Injunction on Claims:** Except as otherwise expressly provided in the Plan, Confirmation Order or such other Final Order of the Title III Court that may be applicable, all Entities who have held, hold or may hold Claims or any other debt or liability that is discharged or released pursuant to Section 92.2 hereof or who have held, hold or may hold Claims or any other debt or liability that is discharged or released pursuant to Section 92.2 hereof are permanently enjoined, from and after the Effective Date, from (a) commencing or continuing, directly or indirectly, in any manner, any action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) of any kind on any such Claim or other debt or liability that is discharged pursuant to the Plan against any of the Released Parties or any of their respective assets or property, (b) enforcing, attaching, collecting or recovering by any manner or means of any judgment, award, decree or order against any of the Released Parties or any of their respective assets or property, (c) creating, perfecting, or enforcing any encumbrance of any kind against any of the Released Parties or any of their respective

assets or property on account of any Claim or other debt or liability that is discharged pursuant to the Plan, and (d) except to the extent provided, permitted or preserved by sections 553, 555, 556, 559, or 560 of the Bankruptcy Code or pursuant to the common law right of recoupment, asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from any of the Released Parties or any of their respective assets or property, with respect to any such Claim or other debt or liability that is discharged pursuant to the Plan. Such injunction shall extend to all successors and assigns of the Released Parties and their respective assets and property.

**Section 92.5 – Releases by the Debtors and Reorganized Debtors:** Except as otherwise expressly provided in the Plan or the Confirmation Order, on the Effective Date, and for good and valuable consideration, each of the Debtors and Reorganized Debtors, the Disbursing Agent and each of the Debtors' and Reorganized Debtors' Related Persons shall be deemed to have and hereby does irrevocably and unconditionally, fully, finally and forever waive, release, acquit, and discharge the Released Parties from any and all Claims or Causes of Action that the Debtors, Reorganized Debtors, and the Disbursing Agent, or any of them, or anyone claiming through them, on their behalf or for their benefit, have or may have or claim to have, now or in the future, against any Released Party that are Released Claims or otherwise are based upon, relate to, or arise out of or in connection with, in whole or in part, any act, omission, transaction, event or other circumstance relating to the Title III Cases or the Debtors taking place or existing on or prior to the Effective Date, and/or any Claim, act, fact, transaction, occurrence, statement, or omission in connection therewith or alleged or that could have been alleged, including, without limitation, any such Claim, demand, right, liability, or cause of action for indemnification, contribution, or any other basis in law or equity for damages, costs or fees.

**Section 92.6 – Injunction Related to Releases:** As of the Effective Date, all Entities that hold, have held, or may hold a Released Claim that is released pursuant to Section 92.5 of the Plan, are, and shall be, permanently, forever and completely stayed, restrained, prohibited, barred and enjoined from taking any of the following actions, whether directly or indirectly, derivatively or otherwise, on account of or based on the subject matter of such discharged Released Claims: (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) in any forum; (ii) enforcing, attaching (including, without limitation any prejudgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order; (iii) creating, perfecting or in any way enforcing in any manner, directly or indirectly, any Lien; (iv) setting off, seeking reimbursement or contributions from, or subrogation against, or otherwise recouping in any manner, directly or indirectly, any amount against any liability or obligation owed to any Entity released under Section 92.5 hereof; and (v) commencing or continuing in any manner, in any place or any judicial, arbitration or administrative proceeding in any forum, that does not comply with or is inconsistent with the provisions of the Plan or the Confirmation Order. For the avoidance of doubt, the following stipulations will terminate upon the entry of the Confirmation Order: the Fourth Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority Regarding the Tolling of Statute of Limitations and Consent Order [Case No. 17-3283-LTS, ECF No. 15854], as amended; and the Fourth Amended Stipulation and Consent Order Between Title III Debtors (Other Than COFINA) and the Puerto Rico Fiscal Agency and Financial Advisory Authority on Behalf of the Governmental Entities Listed on Appendix "B" Regarding the Tolling of Statute of Limitations [Case NO. 17-3283-LTS, ECF No. 17394], as amended.

**Section 92.7 – Exculpation:**

(a) **Government Parties:** The Oversight Board, AAFAF, the Debtors, and each of their respective Related Persons, solely acting in its capacity as such at any time up to and including the Effective Date, shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Cases, the formulation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan; provided, however, that the foregoing provisions of this Section 89.7 shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct. Nothing in the foregoing provisions of this Section 89.7(a) shall prejudice the right of any of the Government Parties, and the Government Parties' officers and directors serving at any time up to and including the Effective Date, and each of their respective professionals to assert reliance upon advice of counsel as a defense with respect to their duties and responsibilities under the Plan.

(b) **PSA Creditors:** Each of the PSA Creditors solely in its capacity as a party to the GO/PBA Plan Support Agreement and/or the HTA/CCDA Plan Support Agreement and a Creditor and/or insurer, as applicable, from the Petition Date up to and including the Effective Date and each of their respective Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Cases, mediation, the negotiation, formation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, the GO/PBA Plan Support Agreement, the HTA/CCDA Plan Support Agreement, the Definitive Documents, or any other contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan; provided, however, that the foregoing provisions of this Section 92.7(b) shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct.

(c) **Retiree Committee:** Each of the members of the Retiree Committee, solely in its capacity as a member of the Retiree Committee and a Creditor, as applicable, from the Petition Date up to and including the Effective Date and each of the Retiree Committee's Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Cases, the formation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, the Retiree Committee Plan Support Agreement, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan and the Retiree Committee Plan Support Agreement; provided, however, that the foregoing provisions of this Section 92.7(c) shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct.

(d) **Creditors' Committee:** Each of the members of the Creditors' Committee, solely in its capacity as a member of the Creditors' Committee, and the Creditors' Committee, from the Petition Date up to and including the Effective Date and each of the Creditors' Committee's Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Cases, the formation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan; provided, however, that the foregoing provisions of this Section 92.7(d) shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct.

(e) **AFSCME:** Each of AFSCME solely in its capacity as a party to the AFSCME Plan Support Agreement and a Creditor, as applicable, from the Petition Date up to and including the Effective Date and each of their respective Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Cases, the formation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, the AFSCME Plan Support Agreement, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with

the consummation of the transaction set forth in the Plan and the AFSCME Plan Support Agreement; provided, however, that the foregoing provisions of this Section 89.7(e) shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct.

(f) **Monoline Insurers:** Ambac, Assured, FGIC, National, Syncora, and their Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken consistent with the Plan or in connection with the formulation, preparation, dissemination, implementation, acceptance, confirmation or approval of the Plan, including, without limitation, in connection with the treatment of Ambac Insured Bond Claims, Assured Insured Bond Claims, FGIC Insured Bond Claims, National Insured Bond Claims, or Syncora Insured Bond Claims, the voting procedures, the election procedures, and any release of obligations under the applicable Ambac Insurance Policies, Assured Insurance Policies, FGIC Insurance Policies, National Insurance Policies, or Syncora Insurance Policies; provided, however, that notwithstanding anything contained herein to the contrary, the terms and provisions of the Plan shall not, and shall not be construed to, release or exculpate, with respect to any beneficial holder of Ambac Insured Bonds, Assured Insured Bonds, FGIC Insured Bonds, National Insured Bonds, or Syncora Insured Bonds any payment obligation under the applicable Ambac Insurance Policy, Assured Insurance Policy, FGIC Insurance Policy, National Insurance Policy, or Syncora Insurance Policy in accordance with its terms solely to the extent of any failure of such holder to receive the Ambac Treatment, Assured Treatment, FGIC Treatment, National Treatment, or Syncora Treatment, as applicable (or any claims that Ambac, Assured, FGIC, National, or Syncora may have against a beneficial holder of respective insured bonds with respect to Ambac's, Assured's, FGIC's, National's or Syncora's applicable obligations under the Ambac Insurance Policies, Assured Insurance Policies, National Insurance Policies, or Syncora Insurance Policies, as applicable).

**Section 92.8 – Appointments Related Litigation:** Notwithstanding anything contained herein to the contrary, in the event that a Final Order is entered in connection with the Appointments Related Litigation or the Uniformity Litigation subsequent to entry of the Confirmation Order, in consideration of the distributions made, to be made, or deemed to be made in accordance with the terms and provisions of the Plan and documents and instruments related hereto, all Creditors or such other Entities receiving, or deemed to have received, distributions pursuant to or as a result of the Plan, consent and agree that such Final Order shall not in any way or manner reverse, affect or otherwise modify the transactions contemplated in the Plan and the Confirmation Order, including, without limitation, the releases, exculpations and injunctions provided pursuant to Article XCII of the Plan.

**Section 92.9 – Bar Order:** To the extent permitted in the Plan, each and every Entity is permanently enjoined, barred and restrained from instituting, prosecuting, pursuing or litigating in any manner any and all Claims, demands, rights, liabilities, or causes of action of any and every kind, character or nature whatsoever, in law or in equity, known or unknown, direct or derivative, whether asserted or unasserted, against any of the Released Parties, based upon, related to, or arising out of or in connection with any of the Released Claims, confirmation and consummation of the Plan, the negotiation and consummation of the GO/PBA Plan Support Agreement, or any claim, act, fact, transaction, occurrence, statement or omission in connection with or alleged or that could have been alleged in the Title III Cases, including, without limitation, any such claim, demand, right, liability or cause of action for indemnification, contribution, or any other basis in law or equity for damages, costs or fees incurred arising directly or indirectly from or otherwise relating to the Title III Cases, directly or indirectly by any Person for the direct or indirect benefit of any Released Party arising from or related to the claims, acts, facts, transactions, occurrences, statements or omissions that are, could have been or may be alleged in the related actions or any other action brought or that might be brought by, through, on behalf of, or for the benefit of any of the Released Parties (whether arising under federal, state or foreign law, and regardless of where asserted).

**Section 92.11 – Supplemental Injunction:** Notwithstanding anything contained herein to the contrary, except to the limited extent provided in the Plan, all Entities, including Entities acting on their behalf, who currently hold or assert, have held or asserted, or may hold or assert, any Released Claims against any of the Released Parties based upon, attributable to, arising out of or relating to the Title III Cases or any Claim against the Debtors, whenever and wherever arising or asserted, whether in the United States or anywhere else in the world, whether sounding in tort, contract, warranty, statute, or any other theory of law, equity or otherwise, shall be, and shall be deemed to be, permanently stayed, restrained and enjoined from taking any action against any of the Released Parties for the purpose of directly or indirectly collecting, recovering or receiving any payment or recovery with respect to any Released Claims arising prior to the Effective Date (including prior to the Petition Date), including, but not limited to:

(a) Commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Released Claim against any of the Released Parties or the assets or property of any Released Party;

(b) Enforcing, attaching, collecting or recovering, by any manner or means, any judgment, award, decree or order against any of the Released Parties or the assets or property of any Released Party with respect to any such Released Claim;

(c) Creating, perfecting or enforcing any Lien of any kind against any of the Released Parties or the assets or property of any Released Party with respect to any such Released Claim;

(d) Except as otherwise expressly provided in the Plan or the Confirmation Order, asserting, implementing or effectuating any setoff, right of subrogation, indemnity, contribution or recoupment of any kind against any obligation due to any of the Released Parties or against the property of any Released Party with respect to any such Released Claim; and

(e) Taking any act, in any manner, in any place whatsoever, that does not conform to, or comply with, the provisions of the Plan or the Confirmation Order; provided, however, that the Debtors' compliance with the formal requirements of Bankruptcy Rule 3016 shall not constitute an admission that the Plan provides for any injunction against conduct not otherwise enjoined under the Bankruptcy Code.

Dated: August 2, 2021, San Juan, Puerto Rico

Respectfully submitted, /s/ Martin J. Bienenstock ___, Martin J. Bienenstock (pro hac vice), Brian S. Rosen (pro hac vice), **PROSKAUER ROSE LLP**, Eleven Times Square, New York, NY 10036, Attorneys for the Financial Oversight and Management Board as representative for the Debtors -and- /s/ Hermann D. Bauer ___, Hermann D. Bauer, USDC No. 215205, **O'NEILL & BORGES LLC**, 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918-1813, Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] All capitalized terms used but not otherwise defined shall have the meanings given to such terms in the Plan.

[3] All of the dates and procedures set forth in this notice are subject to change by further Court order.

[4] For the avoidance of doubt, because holders of Claims in the Bond Classes must submit their vote and/or election through DTC's Automated Tender Offer Platform, the Voting Record Date shall not apply to the Bond Classes, and the holder of the applicable security at the time of tender shall be eligible to cast a vote and/or make an election.

# Exhibit I

*The New York Times*

**(September 15, 2021)**



**620 8TH AVENUE · NEW YORK, NY 10018**

# PROOF OF PUBLICATION

Sep-29,   **20**21

I, Edgar Noblesala, in my capacity as a Principal Clerk of the Publisher of *The New York Times* a daily newspaper of general circulation printed and published in the City, County and State of New York, hereby certify that the advertisement annexed hereto was published in the editions of *The New York Times* on the following date or dates, to wit on

Sep 1, 2021, NYT & Natl, pg B3, -- Sep 15, 2021, NYT & Natl, pg B3

Sep 29, 2021, NYT & Natl, pg B3

Sworn to me this 29th day
of September, 2021

*Ellen Herb*

Notary Public

Ellen Herb
Notary Public, State of New York
No. 01HE6163785
Qualified in New York County
Commission Expires April 2, 2023

## FINANCE / VIRUS FALLOUT

# Warren Tells the Fed It's Time to Break Up Wells Fargo

**By EMILY FLITTER**

Senator Elizabeth Warren says Wells Fargo has run out of time to fix the many internal problems that have harmed its customers.

In a letter to the Federal Reserve chair, Jerome H. Powell, on Monday, Ms. Warren asked the Fed to force the financial giant to break off its core banking activities, like offering checking and savings accounts and loans, from its other financial services.

Divorcing Wall Street-centric work — which can include managing investment funds and providing financial market sales and trading services — from the bank would ensure that Wells Fargo's everyday customers did not continue to suffer, Ms. Warren wrote. The Fed could accomplish this, she explained, by revoking Wells Fargo's financial holding company license — essentially making it impossible for the company to operate any nonbanking businesses.

"Continuing to allow this giant bank with a broken culture to conduct business in its current form poses substantial risks to consumers and the financial system," she wrote.

It's the first time that Ms. Warren, a Massachusetts Democrat, has made such a request to a regulator. Mr. Powell is unlikely to follow the suggestion, at least in the near future: Wells Fargo would



Senator Elizabeth Warren said Wells Fargo's troubles have hurt customers.

PHILIP KEITH FOR THE NEW YORK TIMES

somehow have to quickly shed dozens of nonbank subsidiaries, which would certainly undermine the bank's financial health.

But Ms. Warren's request for such aggressive action hinted at the desire among progressives for a stronger regulatory hand from the Fed. And it comes as President Biden is considering whether he will reappoint Mr. Powell when his term ends early next year.

A Fed spokesman confirmed that the central bank had received the letter.

A Wells Fargo spokeswoman responded to a request for comment by emailing journalists a list of steps the bank had taken since 2019 to change its management structure. The list included replacing top managers, splitting businesses into new groups with separate oversight, creating a "sales practices oversight" protocol and spending up restitution to customers it harmed.

Wells Fargo has spent years trying to right its standing with regulators and lawmakers after a cascade of disclosures of misconduct by the bank against its customers. It admitted to opening accounts in their names without their knowledge, forcing them to buy unnecessary insurance and charging them unwarranted mortgage fees.

The bank's statement also pointed out that Wells Fargo had fulfilled two requirements for improvement that regulators had placed on it. One, from 2015, forced it to improve its anti-money-laundering oversight. The other, from 2016, required it to end harmful sales practices.

The idea of revoking the bank's financial holding company license was first proposed two years ago by Jeremy Kress, an assistant professor of business law at the University of Michigan's Ross School of Business. He argued in an academic paper that, since the Fed requires institutions seeking such a license to have a high regulatory rating — a 1 or 2 out of 5 on a scale

that federal regulators use to assess whether a bank is well managed — any bank whose rating subsequently sinks lower should lose it.

In her letter, Ms. Warren pointed to a report from early 2018 revealing that Wells Fargo's regulatory rating, normally kept secret, had fallen below the level at which the bank could be considered "well managed." She added that it was "inconceivable" that Wells Fargo could have recently improved its rating given its continuing problems.

Last week, federal regulators announced another set of fines

and restrictions on the bank, stemming from its inappropriate handling of some of its home loan customers' portfolios. The Office of the Comptroller of the Currency found that Wells Fargo's management of its mortgage accounts had been so sloppy that it might have improperly foreclosed on some borrowers' homes. The regulator fined the bank $250 million, ordered it to halt some foreclosures in progress and gave it five months to get its management systems on track.

Ms. Warren's suggestion would be a much more significant penalty and would involve significant challenges, said Jaret Seiberg, an analyst for Cowen Washington Research Group.

"The banking system has evolved considerably since Congress allowed investment banks and commercial banks to get together 25 years ago," Mr. Seiberg said. "These operations are now interwoven, and it's not as simple as saying, 'You have to sell half the bank.' Breaking up is hard to do?"

But immediately revoking the bank's license is not Mr. Powell's only option.

In an interview on Tuesday, Professor Kress said Mr. Powell could direct Fed officials to issue a new rule setting a limit — two or three years, for example — on the length of time a company could operate with a low management rating and maintain its license.

"It could set a precedent that this is a tool that the Fed can use to hold banks accountable for financial misconduct," Mr. Kress said.

The Fed has already taken drastic measures to try to force Wells Fargo to improve. Since early 2018, the bank has been operating under an asset cap, which the Fed vowed to keep in place until the bank could prove it had overhauled its risk-management procedures and established better protections for its customers. But Ms. Warren said the bank was distracted from that goal, citing reports that Wells Fargo was trying to expand activities like putting together corporate mergers and other investment banking services.

The bank should be forced to give up those Wall Street pursuits "to ensure that its leaders focus all of their attention on fixing the bank's numerous, chronic risk-management deficiencies," she wrote.

Ms. Warren sent a separate letter on Monday to the chairman of Wells Fargo's board of directors. It asked for details about how the board is overseeing the bank's cleanup efforts and why it is paying its chief executive, Charles W. Scharf, so well — he received more than $20 million in the 2020 fiscal year — even as the bank's problems endure.

---

## Job Vacancies In Britain Top One Million, A Record High

**By ESHE NELSON**

Job vacancies in Britain climbed to a record in August, rising above one million for the first time, as the labor market continued its uneven recovery, according to data released Tuesday by the Office for National Statistics.

As Britain has emerged from lockdowns, the demand for workers has soared. Every sector is seeking more workers, with restaurants, bars, hotels, and other accommodation and food businesses trying to hire the most over the summer.

It has helped push the unemployment rate down, to 4.6 percent, and has shrunk the number of people who are out of the work force.

Nearly a quarter of a million people were added to company payrolls in August, returning this part of the labor market (which doesn't include the self-employed) to its prepandemic size, the statistics office said. But not every region had fully recovered. The number of employees was still down in London, in southeast England and in Scotland. And some of the workers on payroll were still receiving wage subsidies from the government's furlough program.

The soaring vacancy rate has highlighted mismatches in the labor market. Even as people return to work, lots of businesses report they are struggling to hire. The workers they are looking for have either moved into different industries or don't have the right training or experience. Growth in the manufacturing sector has been hampered by the challenge of filling open positions. And businesses across Britain are running low on supplies because there are too few truck drivers.

Analysts predict that some of the gains in the labor market will be reversed when the furlough program ends this month and employers can no longer rely on the government to top up staff wages up to 80 percent for the hours they don't work. At the end of July, there were 484,000 employers with 1.6 million workers still on furlough. Layoffs are expected.

"With the furlough scheme ending in little over two weeks' time, we should expect a fresh rise in unemployment this autumn, particularly among staff that aren't able to return to their previous jobs," Nye Cominetti, an economist at the Resolution Foundation, a think tank studying living standards, wrote in a note.

Samuel Tombs, an economist at Pantheon Macroeconomics, said the end of the furlough program would increase unemployment and underemployment, as people can't find as much work as they would like.

"About 60 percent of staff on furlough are attached to small businesses employing fewer than 20 people, who are unlikely to have the financial strength to reemploy them for all their pre-Covid hours," Mr. Tombs wrote in a note to clients. Businesses with high vacancies are different from the ones using the furlough program, so people will need to retrain before they return to employment, he added.

---

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

In re:
THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,
as representative of
THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,
Debtors.

PROMESA
Title III
No. 17 BK 3283-LTS
(Jointly Administered)

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT, (II) ESTABLISHMENT OF RECORD DATES, (III) HEARING ON CONFIRMATION OF THE PLAN OF ADJUSTMENT AND PROCEDURES FOR OBJECTION TO CONFIRMATION OF THE PLAN OF ADJUSTMENT, (IV) PROCEDURES AND DEADLINE FOR VOTING ON THE PLAN OF ADJUSTMENT AND MAKING CERTAIN ELECTIONS THEREUNDER**

*(Remaining legal notice text set in fine print across multiple columns.)*

## Exhibit J

### *Bond Buyer*

### **(September 15, 2021)**

**Copy  Of
Advertisement
Of**

**Certificate of Publication**

Yohanna  Beato, is the Billing Coordinator of the
BOND  BUYER, a daily newspaper printed and published at One State
Street Plaza, in the City of New York, County of New York, State of
New York; and the notice, of which the annexed is a printed copy, was
regularly published in said BOND BUYER on September 1st, 15th, & 29th
2021.

X      *Yohanna Beato*

*Billing Coordinator*
*September 29th 2021*

**Legal Notice (Page 1 of 3)**

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

In re:

THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,

as representative of

THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,

Debtors.[1]

PROMESA
Title III
No. 17 BK 3283-LTS
(Jointly Administered)

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT, (II) ESTABLISHMENT OF RECORD DATES, (III) HEARING ON CONFIRMATION OF THE PLAN OF ADJUSTMENT AND PROCEDURES FOR OBJECTION TO CONFIRMATION OF THE PLAN OF ADJUSTMENT, (IV) PROCEDURES AND DEADLINE FOR VOTING ON THE PLAN OF ADJUSTMENT AND MAKING CERTAIN ELECTIONS THEREUNDER**

**VOTING AND ELECTION DEADLINE: 5:00 p.m. (AST) on October 4, 2021**
**OBJECTION DEADLINE: 5:00 p.m. (AST) on October 19, 2021**
**CONFIRMATION HEARING: November 8 – 10, 12, 15 – 18, and 22 - 23, 2021 at 9:30 a.m. (AST)**

If you have any questions regarding this notice, please contact Prime Clerk LLC by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@primeclerk.com.

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. *Approval of Disclosure Statement.* By order, dated August 2, 2021 [ECF No. 17639] (the "Disclosure Statement Order"), the United States District Court for the District of Puerto Rico (the "Court") approved the adequacy of the information contained in the *Disclosure Statement for the Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, dated July 30, 2021 (as the same may be amended or modified, including all exhibits and attachments thereto, the "Disclosure Statement"), filed by the Financial Oversight and Management Board on behalf of the Debtors, and authorized the Debtors to solicit votes with respect to the acceptance or rejection of the *Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, dated July 30, 2021 (as the same may be amended or modified, including all exhibits and supplements thereto, the "Plan").[2]

**You may obtain a hard copy of the Plan and Disclosure Statement, including Spanish translations thereof, by contacting the Balloting Agent, Prime Clerk LLC:**
Telephone (10:00 a.m. to 7:00 p.m. (AST)) (Spanish available):
(844) 822-9231 (toll free for U.S. and Puerto Rico)
(646) 486-7944 (for international callers)
Email: puertoricoinfo@primeclerk.com
Alternatively, electronic copies of the Disclosure Statement and Plan are available by visiting https://cases.primeclerk.com/puertorico/.

2. Pursuant to the Disclosure Statement Order, the Debtors will mail materials needed for voting on the Plan or making elections on distributions thereunder (the "Solicitation Package") to holders Claims in the following classes (collectively, the "Voting Classes"):

| | Class | | Class |
|---|---|---|---|
| Vintage PBA Bond Claims (Assured) | Class 1 | 2011 CW Guarantee Bond Claims | Class 35 |
| Vintage PBA Bond Claims (Assured) | Class 2 | 2011 CW Series D/E/PIB Bond Claims | Class 36 |
| Vintage PBA Bond Claims (National) | Class 3 | 2011 CW Series D/E/PIB Bond Claims (Assured) | Class 37 |
| Vintage PBA Bond Claims (Ambac) | Class 4 | Retail 2011 CW Series D/E/PIB Bond Claims | Class 38 |
| Vintage PBA Bond Claims (FGIC) | Class 5 | 2012 CW Bond Claims | Class 40 |
| Vintage PBA Bond Claims (Syncora) | Class 6 | Retail 2012 CW Bond Claims | Class 41 |
| Retail Vintage PBA Bond Claims | Class 7 | 2012 CW Bond Claims (Assured) | Class 42 |
| 2011 PBA Bond Claims | Class 8 | | |
| Retail 2011 PBA Bond Claims | Class 9 | 2012 CW Guarantee Bond Claims | Class 43 |
| 2012 PBA Bond Claims | Class 10 | | |
| Retail 2012 PBA Bond Claims | Class 11 | 2014 CW Bond Claims | Class 46 |
| PBA/DRA Secured Claims | Class 12 | Retail 2014 CW Bond Claims | Class 47 |
| PBA General Unsecured Claims | Class 13 | 2014 CW Guarantee Bond Claims | Class 49 |
| PBA/DRA Unsecured Claims | Class 14 | | |
| Vintage CW Bond Claims | Class 15 | Retired ERS Participant Below-Threshold Claims | Class 51B |
| Retail Vintage CW Bond Claims | Class 16 | | |
| Vintage CW Bond Claims (Assured) | Class 17 | Retired ERS Participant Above-Threshold Claims | Class 51D |
| Vintage CW Bond Claims (National) | Class 18 | Retired IRS Participant Above-Threshold Claims | Class 51F |
| Vintage CW Bond Claims (Ambac) | Class 19 | Retired TRS Participant Above-Threshold Claims | Class 51F |
| Vintage CW Bond Claims (FGIC) | Class 20 | Active ERS Participant Claims | Class 51G |
| Vintage CW Bond Claims (Syncora) | Class 21 | Active JRS Participant Claims | Class 51H |
| Vintage CW Guarantee Bond Claims | Class 23 | Active TRS Participant Claims | Class 51I |
| Vintage CW Guarantee Bond Claims (Assured) | Class 24 | TRS Payroll Participant Above-Threshold Claims | Class 51J |
| | | AFSCME Claims | Class 52 |
| Vintage CW Guarantee Bond Claims (National) | Class 25 | Dairy Producer Claims | Class 53 |
| | | Eminent Domain Claims | Class 54 |
| Vintage CW Guarantee Bond Claims (Ambac) | Class 26 | Med Center Claims | Class 56 |
| | | CW General Unsecured Claims | Class 58 |
| Vintage CW Guarantee Bond Claims (FGIC) | Class 27 | CW/HTA Claims | Class 59 |
| | | CW/Convention Center Claims | Class 60 |
| Vintage CW Guarantee Bond Claims (Syncora) | Class 28 | CW/PRIFA Rum Tax Claims | Class 61 |
| | | CW/MBA Claims | Class 62 |
| 2011 CW Bond Claims | Class 30 | ERS General Unsecured Claims | Class 65 |
| Retail 2011 CW Bond Claims | Class 31 | ERS General Unsecured Claims | Class 66 |
| 2011 CW Bond Claims (Assured) | Class 32 | Federal Claims | Class 67 |

3. *Confirmation Hearing.* A hearing to consider confirmation of the Plan (the "Confirmation Hearing") will be held before The Honorable Laura Taylor Swain, via telephonic hearing through CourtSolutions on **November 8 – 10, 12, 15 – 18, and 22-23, 2021 at 9:30 a.m. (Atlantic Standard Time)**.

4. The Confirmation Hearing may be continued from time to time by the Court or the Oversight Board, without further notice or through adjournments announced in open court or as indicated in any notice of agenda of matters scheduled for hearing filed with the Court, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, in accordance with the modification provisions of the Plan and Local Rule 3016-2, without further notice to interested parties.

5. *Plan Confirmation Depository.* Information relating to confirmation of the Plan is available online in the Plan Confirmation Depository at title@plandataroom.com.

6. *Confirmation Objection Deadline.* The Court has established **5:00 p.m. (Atlantic Standard Time) on October 19, 2021** (the "Confirmation Objection Deadline") as the deadline to file objections or responses to confirmation of the proposed Plan.

7. *Objections and Responses to Confirmation.* Objections and responses to confirmation of the Plan must:
   a. be in writing, in English, and signed;
   b. State the name, address, and nature of the Claim of the objecting or responding party;
   c. State with particularity the basis and nature of any objection or response and include, where appropriate, proposed language to be inserted in the Plan to resolve any such objection or response;
   d. Be filed electronically with the Court on the docket of *In re Commonwealth of Puerto Rico*, Case No. 17 BK 3283-LTS, through the Court's case filing system in accordance with General Order and the Court's procedures for filing in the Title III cases, and **on or before October 19, 2021 at 5:00 p.m. (Atlantic Standard Time)**; and
   i. If you are not an attorney who is a registered user of the Court's case filing system, you may instead mail your objection to the Court's Clerk's office at:
   United States District Court, Clerk's Office
   150 Ave. Carlos Chardon Ste. 150,
   San Juan, P.R. 00918-1767
   so as to be received **on or before October 19, 2021 at 5:00 p.m. (Atlantic Standard Time)**; and
   e. Be served upon the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: In re: Commonwealth of Puerto Rico) so as to be received on or before the Final Confirmation Objection Deadline.

8. *Participation in Confirmation Discovery.* If you wish to participate in discovery in connection with confirmation of the Plan, you must file a notice of your intention to participate in discovery (a "Discovery Notice"), a form of which is available at https://cases.primeclerk.com/puertorico/. If you file your Discovery Notice on or before **August 15, 2021**, you may be granted access to documents in the Plan Depository, where information and documents concerning the Plan are kept, and will also be able to serve your own discovery requests. If you file your Discovery Notice **after August 15, 2021, but on or before October 19, 2021**, you may be granted access to documents in the Plan Depository. Please note that access to the information in the Plan Depository may also require complying with the Debtors' access requirements.

9. You must submit the Discovery Notice in the form provided on the Title III Case website above, which must:
   a. Be in writing, in English, and signed;
   b. State your name, address, the nature of your Claim, and your Claim number;
   c. State your intention to participate in discovery in connection with confirmation of the Plan; and
   d. Be filed electronically with the Court on the docket using the CM/ECF docket event Notice of Intent to Participate in Discovery for Commonwealth Plan Confirmation, in *In re Commonwealth of Puerto Rico*, Case No. 17 BK 3283-LTS, through the Court's case filing system on or before the applicable deadline.
   i. If you are not represented by counsel, you may instead mail your Discovery Notice to the Court's Clerk's office at:
   United States District Court, Clerk's Office
   150 Ave. Carlos Chardon Ste. 150
   San Juan, P.R. 00918-1767
   so as to be received on or before the applicable deadline.

10. **You must timely file a Discovery Notice to participate in discovery in connection with confirmation of the Plan.** Failure to timely file a Discovery Notice, however, will not preclude you from filing an objection to confirmation of the Plan on or before the Confirmation Objection Deadline, but will preclude you from being able to view documents in the Plan Depository, and from taking discovery.

11. *Discovery Timetable and Deadlines.* The Court has established the following discovery dates and deadlines, which are applicable to the Debtors and to other parties in interest who have timely filed a Discovery Notice and are eligible to participate in discovery:[3]

**Summary of Certain Deadlines**

| | |
|---|---|
| August 3, 2021 | Deadline for the Debtors to file a preliminary fact witness list and topics about which each witness will testify ("Debtors' Preliminary Fact Witness List").<br>Deadline for the Debtors to file an opening summary brief explaining what the Debtors expect to prove at confirmation. |
| August 6, 2021 | Opening date for all parties to serve initial requests for production of non-depository documents ("Initial Production Requests"). Creditors and parties in interest may serve Initial Production Requests only following their filing of a Notice of Intent to Participate in Discovery (as defined below). Responses and objections to such Initial Production Requests shall be served within seven (7) days of service of such Requests. |
| August 15, 2021 | Deadline for Eligible Creditors and parties in interest to file a "Notice of Intent to Participate in Discovery," also known as a "Discovery Notice." Only parties who file a timely Notice of Intent to Participate in Discovery can propound discovery, but failure to do so does not preclude a party from objecting to confirmation of the Plan. |
| September 6, 2021 | Deadline for Eligible Creditors to file a preliminary fact witness list and topics about which each witness is expected to testify (an "Eligible Creditor's Preliminary Fact Witness List"). |
| | Deadline for all parties to serve opening expert disclosures ("Opening Expert Disclosures"). |
| September 13, 2021 | Deadline for all parties to serve opening expert reports ("Opening Expert Reports"). |
| | Deadline for all parties to serve initial notices of deposition, topics and requested times for depositions ("Initial Notices of Deposition") (all parties are limited to seven (7)-hour time limit for depositions). Subsequent notices are allowed provided discovery is completed within time allowed. |
| September 30, 2021 | Deadline for all parties to file *Daubert* motions and motions *in limine*. |
| October 1, 2021 | Deadline for all parties to serve up to fifteen (15) interrogatories ("Interrogatories"), including subparts. Responses and objections to such Interrogatories shall be served within ten (10) days of service of such Interrogatories. |
| October 4, 2021 | Deadline for all parties to serve rebuttal expert disclosures ("Rebuttal Expert Disclosures").<br>Deadline for all parties to file any follow-up requests for production ("Follow-Up Production Requests," and collectively with Initial Production Requests, "Production Requests"). |
| October 8, 2021 | Deadline for all parties to file rebuttal expert reports ("Rebuttal Expert Reports").<br>Deadline for the Debtors to file an initial proposed order in support of confirmation of the Plan (the "Initial Proposed Confirmation Order"). |
| October 11, 2021 | Deadline for all parties to serve requests for admission, limited to authentication of documents ("Admission Requests").<br>Completion of fact discovery (the "Fact Discovery Deadline"). |
| October 15, 2021 | Deadline for all parties to file oppositions to *Daubert* motions and motions *in limine*. |
| October 18, 2021 | Completion of expert discovery (the "Expert Discovery Deadline"). |
| October 19, 2021 | Deadline for Eligible Creditors to file objections to confirmation of the Plan ("Objections").<br>Deadline to file Notice of Intent to Participate in Discovery or Discovery Notice for Eligible Creditors who solely want access to documents in the Plan Depository. |
| October 22, 2021 | Deadline for Eligible Creditors to file objections to the Initial Proposed Confirmation Order.<br>Deadline for all parties to file finalized witness lists, exhibit lists and deposition designations.<br>Deadline for all parties to file replies to *Daubert* motions and motions *in limine*. |
| October 25, 2021 | Deadline for all parties to file witness declarations to be used at the Confirmation Hearing ("Witness Declarations").<br>Deadline for Debtors to file initial proposed findings of fact and conclusions of law in support of confirmation of the Plan (the "Initial Findings of Fact and Conclusions of Law"). |
| October 27, 2021 | Deadline for Debtors to file Replies in Support of the Proposed Confirmation Order, and for Debtors to file Replies to Objections to confirmation of the Plan. |
| October 30, 2021 | Deadline for all parties to serve counter-designations, objections to deposition designations, or objections to exhibit lists. |
| November 1, 2021 | Virtual hearing on motions *in limine*. |
| November 8, 2021 | Start of Confirmation Hearing. |

12. *Voting Record Date.* The Court has established June is **July 13, 2021** (the "Voting Record Date"), which is the date for determining which holders of Claims in Voting Classes (except Bond Classes,[4] Class 51, and Class 52) are entitled to vote on the Plan. Therefore, only those creditors in a Class entitled to vote on the Plan and holding Claims against the Debtors (except in the Bond Classes, Class 51, and Class 52) as of the Voting Record Date are entitled to vote on the Plan.

13. *Voting Deadline.* The deadline for voting on the Plan is on **October 4, 2021, at 5:00 p.m. (Atlantic Standard Time)**, unless such time is extended (the "Voting Deadline"). *You are not required to vote on the Plan to receive distributions pursuant to the terms of the Plan, if confirmed by the Court, and provided you hold an Allowed Claim.*

14. If you received a Solicitation Package, including a Ballot or Notice and intend to vote on the Plan, you *must*: (a) follow the instructions carefully; (b) complete *all* of the required information on the Ballot (as applicable); and (c) either (i) execute and return your completed Ballot according to and as set forth in detail in the voting instructions included in the Solicitation Package so that your Ballot is *actually received* by the Debtors' solicitation agent, Prime Clerk (the "Balloting Agent") on or before the Voting Deadline, or (ii) instruct your broker or nominee (each, a "Nominee") to electronically deliver your bonds via the Automated Tender Offer Program ("ATOP") at The Depository Trust Company ("DTC") in accordance with your desire to vote to accept or reject the Plan on or before the Voting Deadline. *Failure to follow such instructions may disqualify your vote.*

15. *Election Deadline.* The deadline for holders of eligible Bond Claims that have the right to make an election of the form of distributions under the Plan to make such election is on **October 4, 2021, at 5:00 p.m. (Atlantic Standard Time)**, unless such time is extended (the "Election Deadline"). If you received a Notice with an option to make an election, you *must*: (a) follow the instructions carefully; and (b) deliver *all* of the required information according to and as set forth in detail in the election instructions so that it is received by your Nominee in sufficient time for your Nominee to *actually effectuate* your election through DTC's ATOP on or before the Election Deadline.

*continues on the next page ►*

► continued from the previous page

16. **Parties Not Entitled to Vote.** Creditors in the following Classes are deemed to reject the Plan and not entitled to vote:
- Class 63 (CW Appropriations Claims), and
- Class 64 (CW 510(b) Subordinated Claims).

17. Creditors in the following Classes are deemed to accept the Plan and not entitled to vote, but will receive distributions pursuant to the terms of the Plan, if confirmed by the Court:
- Class 51A (Retired ERS Participant Below-Threshold Claims),
- Class 51C (Retired ERS Participant Below-Threshold Claims),
- Class 51J (System 2000 Participant Below-Threshold Claims),
- Class 51K (VTP Payroll Participant Below-Threshold Claims),
- Class 55 (Energy Incentive Claims),
- Class 57 (Tax Credit Claims),
- Class 67 (Gracia-Gracia Claims), and
- Class 68 (Convenience Claims).

18. If a Claim is listed on the Debtors' list of creditors [Case No. 17-3283, ECF Nos. 1215, 1316, 2582, 10708] as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the earlier of the applicable bar date for the filing of proofs of claim established by the Court or the Voting Record Date (as applicable); or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, such Claim shall not be entitled to vote to accept or reject the Plan. Proofs of claim filed for $0.00 or Claims that have been expunged by order of the Court are also not entitled to vote.

19. If you are in Classes 63 or 64, or have timely filed a proof of claim and disagree with the Debtors' classification of, objection to, or request for estimation of your Claim and believe you should be entitled to vote on the Plan, you must serve the Debtors and the U.S. Trustee (address listed in paragraph 7(e) above) and file with the Court (with a copy to Chambers) a motion (a "Rule 3018(a) Motion") for an order pursuant to Rule 3018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") temporarily allowing your Claim in a different amount or in a different Class for purposes of voting to accept or reject the Plan. All Rule 3018(a) Motions must be filed on or before the tenth (10th) day after the later of (i) service of this Confirmation Hearing Notice and (ii) service of notice of an objection or request for estimation, if any, as to such Claim. In accordance with Bankruptcy Rule 3018(a), as to any creditor filing a Rule 3018(a) Motion, such creditor's Ballot will not be counted except as may be otherwise ordered by the Court prior to the Voting Deadline (**October 4, 2021 at 5:00 p.m. (Atlantic Standard Time)**). Creditors may contact the Balloting Agent (i) via first class mail or via overnight courier, at Puerto Rico Ballot Processing, C/O Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, (ii) by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or (iii) by email at puertoricoinfo@primeclerk.com, to receive an appropriate Ballot for any Claim for which a proof of claim has been timely filed and a Rule 3018(a) Motion has been granted. Rule 3018(a) Motions that are not timely filed and served in the manner set forth herein shall not be considered.

20. If you wish to have your Claim temporarily allowed for voting purposes pursuant to Bankruptcy Rule 3018(a), a form of Rule 3018(a) motion together with instructions for filing and serving the motion is available at https://cases.primeclerk.com/puertorico/.

21. **Parties Who Will Not Be Treated as Creditors.** Any holder of a Claim that (i) is scheduled in the List of Creditors at $0.00 and is not the subject of a timely filed proof of Claim or a proof of claim deemed timely filed with the Court pursuant to either the Bankruptcy Code or any order of the Court, or otherwise deemed timely filed under applicable law, or (ii) is not scheduled and is not the subject of a timely filed proof of claim or a proof of claim deemed timely filed with the Court pursuant to either the Bankruptcy Code or any order of the Court, or otherwise deemed timely filed under applicable law, shall not be treated as a creditor with respect to such Claim for purposes of (a) receiving notices regarding the Plan, and (b) voting on the Plan.

22. **Additional Information.** Any party in interest wishing to obtain information about the solicitation procedures or copies of the Disclosure Statement or the Plan, including Spanish translations thereof, should contact the Balloting Agent, Prime Clerk LLC, by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@primeclerk.com, or may view such documents by accessing either https://cases.primeclerk.com/puertorico/ or the Court's website, https://www.prd.uscourts.gov/. Please note that a Public Access to Court Electronic Records ("PACER") (http://www.pacer.psc.uscourts.gov) password and login are needed to access documents on the Court's website.

23. **Bankruptcy Rules 2002(c)(3) and 3016(c).** In accordance with Bankruptcy Rules 2002(c)(3) and 3016(c), set forth below are the release, exculpation, and injunction provisions contained in the Plan:

**Section 92.2 – Discharge and Release of Claims and Causes of Action:**

(a) Except as expressly provided in the Plan or the Confirmation Order, all distributions and rights afforded under the Plan shall be, and shall be deemed to be, in exchange for, and in complete satisfaction, settlement, discharge and release of, all Claims or Causes of Action against the Released Parties that arose, in whole or in part, prior to the Effective Date, relating to the Title III Cases, the Debtors or Reorganized Debtors or any of their respective Assets, property, or interests of any nature whatsoever, including any interest accrued on such Claims from and after the Petition Date, and regardless of whether any property will have been distributed or retained pursuant to the Plan on account of such Claims or Causes of Action. Upon the Effective Date, the Debtors and Reorganized Debtors shall be deemed discharged and released from any and all Claims, Causes of Action and any other debts that arose, in whole or in part, prior to the Effective Date (including prior to the Petition Date), and Claims of the kind specified in sections 502(g), 502(h) or 502(i) of the Bankruptcy Code and PROMESA Section 407, whether or not (a) a proof of claim based upon such Claim is filed or deemed filed under section 501 of the Bankruptcy Code, (b) such Claim is allowed under section 502 of the Bankruptcy Code and PROMESA Section 407 (or is otherwise resolved), or (c) the holder of a Claim based upon such debt voted to accept the Plan. For the avoidance of doubt, nothing contained herein or in the Confirmation Order shall release, discharge or enjoin any claims or causes of action against PREPA arising from or related to PREPA-issued bonds, including, without limitation, Monoline-issued insurance pertaining thereto, and PREPA is not releasing any claims or causes of action against any non-Debtor Entity. Claims and causes of action against PREPA arising from or related to PREPA-issued bonds, and

releases against PREPA and its assets shall be addressed in PREPA's Title III case, including, without limitation, any plan of adjustment therein.

(b) Except as expressly provided in the Plan or the Confirmation Order, all Entities shall be precluded from asserting any and all Claims against the Debtors and Reorganized Debtors, and each of their respective Assets, property and rights, remedies, Claims or Causes of Action or liabilities of any nature whatsoever, relating to the Title III Cases, the Debtors or Reorganized Debtors or any of their respective Assets and property, including any interest accrued on such Claims from and after the Petition Date, and regardless of whether any property will have been distributed or retained pursuant to the Plan on account of such Claims or other obligations, suits, judgments, damages, debts, rights, remedies, causes of action or liabilities. In accordance with the foregoing, except as expressly provided in the Plan or the Confirmation Order, the Confirmation Order shall constitute a judicial determination, as of the Effective Date, of the discharge and release of all such Claims, Causes of Action or debt of or against the Debtors and the Reorganized Debtors pursuant to sections 524 and 944 of the Bankruptcy Code, applicable to the Title III Case pursuant to Section 301 of PROMESA, and such discharge shall void and extinguish any judgment obtained against the Debtors or Reorganized Debtors and their respective Assets, and property at any time, to the extent such judgment is related to a discharged Claim, debt or liability. As of the Effective Date, and in consideration for the value provided under the Plan, each holder of a Claim in any Class under this Plan shall be and hereby is deemed to release and forever waive and discharge as against the Debtors and Reorganized Debtors, and their respective Assets and property and all such Claims.

(c) Notwithstanding any other provisions of this Section 92.2, in accordance with the provisions of the GO/PBA Plan Support Agreement, each of the GO/PBA PSA Creditors and their respective Related Persons, solely in their capacity as Creditors of the Debtors, shall (i) be deemed to have released and covenanted not to sue or otherwise pursue or seek to recover damages or to seek any other type of relief against any of the Government Releasees based upon, arising from or relating to the Government Released Claims or any of the Claims or Causes of Action asserted or which could have been asserted, including, without limitation, in the Clawback Actions and the Lift Stay Motions, and (ii) not directly or indirectly ask any person in taking any action with respect to the Government Released Claims that is prohibited by this Section 92.2.

(d) Limitation. Notwithstanding anything contained herein or in the Confirmation Order to the contrary, no provision shall (i) preclude the SEC from enforcing its police or regulatory powers, or (ii) enjoin, limit, impair or delay the SEC from commencing or continuing any claims, causes of action, proceedings or investigations against any non-debtor person or non-debtor entity in any forum.

(e) United States Limitation. Notwithstanding anything contained herein or in the Confirmation Order to the contrary, no provision shall (i) impair the United States, its agencies, departments, or agents, or in any manner relieve the Debtors or the Reorganized Debtors, as the case may be, from compliance with federal laws or territorial laws and requirements implementing a federally authorized or federally delegated program protecting the health, safety, and environment of persons in such territory, (ii) expand the scope of any discharge, release, or injunction to which the Debtors or the Reorganized Debtors are entitled under Title III, and (iii) discharge, release, enjoin, or otherwise bar (A) any liability of the Debtors or the Reorganized Debtors to the United States arising from and after the Effective Date, (B) any liability to the United States that is not a Claim, (C) any affirmative defense or any right of setoff or recoupment of the United States, the Debtors or the Reorganized Debtors, as the case may be, and such rights of setoff and recoupment of such parties are expressly preserved, (D) the continued validity of the obligations of the United States, the Debtors or the Reorganized Debtors, as the case may be, under any United States grant or cooperative assistance agreement, (E) the Debtors' or the Reorganized Debtors' obligations arising under federal police or regulatory laws, including, but not limited to, laws relating to the environment, public health or safety, or territorial laws implementing such federal legal provisions, including, but not limited to, compliance obligations, requirements under consent decrees or judicial orders, and obligations to pay associated administrative, civil, or other penalties, and (F) any liability to the United States on the part of any non-debtor. Without limiting the foregoing, nothing contained herein or in the Confirmation Order shall be deemed (i) to determine the tax liability of any Entity, including, but not limited to, the Debtors and the Reorganized Debtors, (ii) to be binding on the IRS with regard to the federal tax liabilities, tax status, or tax filing and withholding obligations of any entity, including, but not limited to, the Debtors and the Reorganized Debtors, (iii) to release, satisfy, discharge, or enjoin the collection of any claim of the IRS against any Entity other than the Debtors and the Reorganized Debtors, and (iv) to grant any relief to any Entity that the Court is prohibited from granting the Declaratory Judgment Act, 28 U.S.C. § 2201(a), or the Tax Anti-Injunction Act, 26 U.S.C. § 7421(a).

(f) Underwriter Actions. Notwithstanding anything contained herein or in the Confirmation Order to the contrary, including, without limitation, Sections 92.2, 92.3 and 92.11 of the Plan, except as may be precluded pursuant to the provisions of PROMESA, nothing in the Plan, the Confirmation Order or any Plan-related document set forth in the Plan Supplement is intended, nor shall it be construed, to impair, alter, modify, diminish, prohibit, bar, restrain, enjoin, release, reduce, eliminate or limit the rights of the plaintiffs and defendants, including, without limitation, the parties to the Underwriter Actions, from asserting their respective rights, claims, causes of action or defenses in the Underwriter Actions, including, but not limited to, any Claims, defenses, Causes of Action, and rights of setoff or recoupment (to the extent available).

**Section 92.3 – Injunction on Claims:** Except as otherwise expressly provided in the Plan, the Confirmation Order or such other Final Order of the Title III Court that may be applicable, all Entities who have held, hold or may hold Claims or any other debt or liability that is discharged or released pursuant to Section 92.2 hereof or who have held, hold or may hold Claims or any other debt or liability that is discharged or released pursuant to Section 92.2 hereof are permanently enjoined, from and after the Effective Date, from (a) commencing or continuing, directly or indirectly, in any manner, any action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) of any kind on any such Claim or other debt or liability that is discharged pursuant to the Plan against any of the Released Parties or any of their respective assets or property, (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order against any of the Released Parties or any of their respective assets or property on account of any Claim or other debt or liability that is discharged pursuant to the Plan, (c) creating, perfecting, or enforcing any encumbrance of any kind against any of the Released Parties or any of their respective assets or property on account of any Claim or other debt or liability that is discharged pursuant to the Plan, and (d) except to the extent provided, permitted or preserved by

sections 553, 555, 556, 559, or 560 of the Bankruptcy Code or pursuant to the common law right of recoupment, asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from any of the Released Parties or any of their respective assets or property, with respect to any such Claim or other debt or liability that is discharged pursuant to the Plan. Such injunction shall extend to all successors and assigns of the Released Parties and their respective assets and property.

**Section 92.5 – Releases by the Debtors and Reorganized Debtors:** Except as otherwise expressly provided in the Plan or the Confirmation Order, on the Effective Date, and for good and valuable consideration, each of the Debtors and Reorganized Debtors, the Disbursing Agent and each of the Debtors' and Reorganized Debtors' Related Persons shall be deemed to have and hereby does irrevocably and unconditionally, fully, finally and forever waive, release, acquit, and discharge the Released Parties from any and all Claims or Causes of Action that the Debtors, Reorganized Debtors, and the Disbursing Agent, or any of them, or anyone claiming through them, on their behalf or for their benefit, have or may have or claim to have, now or in the future, against any Released Party that are Released Claims or otherwise are based upon, relate to, or arise out of or in connection with, in whole or in part, any act, omission, transaction, event or other circumstance relating to the Title III Cases or the Debtors taking place or existing on or prior to the Effective Date, and/or any Claim, act, fact, transaction, occurrence, statement, or omission in connection therewith or alleged or that could have been alleged, including, without limitation, any such Claim, demand, right, liability, or cause of action for indemnification, contribution, or any other basis in law or equity for damages, costs or fees.

**Section 92.6 – Injunction Related to Releases:** As of the Effective Date, all Entities that hold, have held, or may hold a Released Claim that is released pursuant to Section 92.5 of the Plan, are, and shall be, permanently, forever and completely stayed, restrained, prohibited, barred and enjoined from taking any of the following actions, whether directly or indirectly, derivatively or otherwise, on account of or based on the subject matter of such discharged Released Claims: (i) commencing, conducing or continuing in any manner, directly or indirectly, any suit, action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) in any forum; (ii) enforcing, attaching (including, without limitation any prejudgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order; (iii) creating, perfecting or in any way enforcing in any matter, directly or indirectly, any Lien; (iv) setting off, seeking reimbursement or contributions from, or subrogation against, or otherwise recouping in any manner, directly or indirectly, any amount against any liability or obligation owed to any Entity released under Section 92.5 hereof; and (v) commencing or continuing in any manner, in any place or any judicial, arbitration or administrative proceeding in any forum, that does not comply with or is inconsistent with the provisions of the Plan or the Confirmation Order. For the avoidance of doubt, the following stipulations will terminate upon the entry of the Confirmation Order: the Fourth Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority Regarding the Tolling of Statute of Limitations and Consent Order [Case No. 173283-LTS, ECF No. 15854], as amended; and the Fourth Amended Stipulation and Consent Order Between Title III Debtors (Other Than COFINA) and the Puerto Rico Fiscal Agency and Financial Advisory Authority Acting on Behalf of the Governmental Entities Listed on Appendix "B" Regarding the Tolling of Statute of Limitations [Case NO. 17-3283-LTS, ECF No. 17394], as amended.

**Section 92.7 – Exculpation:**

(a) Government Parties: The Oversight Board, AAFAF, the Debtors, and each of their respective Related Persons, solely acting in its capacity as such at any time up to and including the Effective Date, shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Cases, the formulation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan; provided, however, that the foregoing provisions of this Section 89.7 shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct. Nothing in the foregoing provisions of this Section 89.7(a) shall prejudice the right of any of the Government Parties, and the Government Parties' officers and directors serving at any time up to and including the Effective Date, and each of their respective professionals to assert reliance upon advice of counsel as a defense with respect to their duties and responsibilities under the Plan.

(b) PSA Creditors: Each of the PSA Creditors solely in its capacity as a party to the GO/PBA Plan Support Agreement and/or the HTA/CCDA Plan Support Agreement and a Creditor and/or insurer, as applicable, from the Petition Date up to and including the Effective Date and each of their respective Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Cases, mediation, the negotiation, formation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, the GO/PBA Plan Support Agreement, the HTA/CCDA Plan Support Agreement, the Definitive Documents, or any other contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan; provided, however, that the foregoing provisions of this Section 92.7(b) shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct.

(c) Retiree Committee: Each of the members of the Retiree Committee, solely in its capacity as a member of the Retiree Committee and a Creditor, as applicable, from the Petition Date up to and including the Effective Date and each of the Retiree Committee's Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Cases, the formation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, the Retiree Committee Plan Support Agreement, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan and the Retiree Committee Plan Support Agreement; provided, however, that the foregoing provisions of this Section 92.7(c) shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct.

continues on the next page ►

**Legal Notice** (Page 3 of 3)

▶ *continued from the previous page*

(d) *Creditors' Committee:* Each of the members of the Creditors' Committee, solely in its capacity as a member of the Creditors' Committee, and the Creditors' Committee, from the Petition Date up to and including the Effective Date and each of the Creditors' Committee's Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Cases, the formation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan; *provided, however,* that the foregoing provisions of this Section 92.7(d) shall not affect the liability of any Entity that would otherwise result from any such act or omission to the extent such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct.

(e) *AFSCME:* Each of AFSCME solely in its capacity as a party to the AFSCME Plan Support Agreement and a Creditor, as applicable, from the Petition Date up to and including the Effective Date and each of their respective Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Cases, the formation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, the AFSCME Plan Support Agreement, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transaction set forth in the Plan and the AFSCME Plan Support Agreement; *provided, however,* that, the foregoing provisions of this Section 89.7(e) shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct.

(f) *Monoline Insurers:* Ambac, Assured, FGIC, National, Syncora, and their Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken consistent with the Plan or in connection with the formulation, preparation, dissemination, implementation, acceptance, confirmation or approval of the Plan, including, without limitation, in connection with the treatment of Ambac Insured Bond Claims, Assured Insured Bond Claims, FGIC Insured Bond Claims, National Insured Bond Claims, or Syncora Insured Bond Claims, the voting procedures, the election procedures, and any release of obligations under the applicable Ambac Insurance Policies, Assured Insurance Policies, FGIC Insurance Policies, National Insurance Policies, or Syncora Insurance Policies; *provided, however,* that, notwithstanding anything contained herein to the contrary, the terms and provisions of the Plan shall not, and shall not be construed to, release or exculpate, with respect to any beneficial holder of Ambac Insured Bonds, Assured Insured Bonds, FGIC Insured Bonds, National Insured Bonds, or Syncora Insured Bonds any payment obligation under the applicable Ambac Insurance Policy, Assured Insurance Policy, FGIC Insurance Policy, National Insurance Policy, or Syncora Insurance Policy in accordance with its terms solely to the extent of any failure of such holder to receive the Ambac Treatment, Assured Treatment, FGIC Treatment, National Treatment, or Syncora Treatment, as applicable (or any claims that Ambac, Assured, FGIC, National, or Syncora may have against a beneficial holder of respective insured bonds with respect to Ambac's, Assured's, FGIC's, National's or Syncora's applicable obligations under the Ambac Insurance Policies, Assured Insurance Policies, National Insurance Policies, or Syncora Insurance Policies, as applicable).

**Section 92.8 — Appointments Related Litigation:** Notwithstanding anything contained herein to the contrary, in the event that a Final Order is entered in connection with the Appointments Related Litigation or the Uniformity Litigation subsequent to entry of the Confirmation Order, in consideration of the distributions made, to be made, or deemed to be made in accordance with the terms and provisions of the Plan and documents and instruments related hereto, all Creditors or such other Entities receiving, or deemed to have received, distributions pursuant to or as a result of the Plan, consent and agree that such Final Order shall not in any way or manner reverse, affect or otherwise modify the transactions contemplated in the Plan and the Confirmation Order, including, without limitation, the releases, exculpations and injunctions provided pursuant to Article XCII of the Plan.

**Section 92.9 – Bar Order:** To the limited extent provided in the Plan, each and every Entity is permanently enjoined, barred and restrained from instituting, prosecuting, pursuing or litigating in any manner any and all Claims, demands, rights, liabilities, or causes of action of any and every kind, character or nature whatsoever, in law or in equity, known or unknown, direct or derivative, whether asserted or unasserted, against any of the Released Parties, based upon, related to, or arising out of or in connection with any of the Released Claims, confirmation and consummation of the Plan, the negotiation and consummation of the GO/PBA Plan Support Agreement, or any claim, act, fact, transaction, occurrence, statement or omission in connection with or arising out of that could have been alleged in the Title III Cases, including, without limitation, any such claim, demand, right, liability or cause of action for indemnification, contribution, or any other basis in law or equity for damages, costs or fees incurred arising directly or indirectly from or otherwise relating to the Title III Cases, either directly or indirectly by any Person for the direct or indirect benefit of any Released Party arising from or related to the claims, acts, facts, transactions, occurrences, statements or omissions that are, could have been or may be alleged in the related actions or any other action brought or that might be brought by, through, on behalf of, or for the benefit of any of the Released Parties (whether arising under federal, state or foreign law, and regardless of where asserted).

**Section 92.11 – Supplemental Injunction:** Notwithstanding anything contained herein to the contrary, except to the limited extent provided in the Plan, all Entities, including Entities acting on their behalf, who currently hold or assert, have held or asserted, or may hold or assert, any Released Claims against any of the Released Parties based upon, attributable to, arising out of or relating to the Title III Cases or any Claim against the Debtors, whenever and wherever arising or asserted, whether in the United States or anywhere else in the world, whether sounding in tort, contract, warranty, statute, or any other theory of law, equity or otherwise, shall be, and shall be deemed to be, permanently stayed, restrained and enjoined from taking any action against any of the Released Parties for the purpose of directly or indirectly collecting, recovering or receiving any payment or recovery with respect to any Released Claims arising prior to the Effective Date (including prior to the Petition Date), including, but not limited to:

(a) Commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Released Claim against any of the Released Parties or the assets or property of any such Released Party;

(b) Enforcing, attaching, collecting or recovering, by any manner or means, any judgment, award, decree or order against any of the Released Parties or the assets or property of any Released Party with respect to any such Released Claim;

(c) Creating, perfecting or enforcing any Lien of any kind against any of the Released Parties or the assets or property of any Released Party with respect to any such Released Claim;

(d) Except as otherwise expressly provided in the Plan or the Confirmation Order, asserting, implementing or effectuating any setoff, right of subrogation, indemnity, contribution or recoupment of any kind against any obligation due to any of the Released Parties or against the property of any Released Party with respect to any such Released Claim; and

(e) Taking any act, in any manner, in any place whatsoever, that does not conform to, or comply with, the provisions of the Plan or the Confirmation Order, *provided, however,* that the Debtors' compliance with the formal requirements of Bankruptcy Rule 3016 shall not constitute an admission that the Plan provides for any injunction against conduct not otherwise enjoined under the Bankruptcy Code.

Dated: August 2, 2021, San Juan, Puerto Rico

Respectfully submitted, */s/ Martin J. Bienenstock* ___, Martin J. Bienenstock (*pro hac vice*), Brian S. Rosen (*pro hac vice*), **PROSKAUER ROSE LLP,** Eleven Times Square, New York, NY 10036, *Attorneys for the Financial Oversight and Management Board as representative for the Debtors* –and– */s/ Hermann D. Bauer* ___, Hermann D. Bauer, USDC No. 215205, **O'NEILL & BORGES LLC,** 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918-1813, *Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] All capitalized terms used but not otherwise defined shall have the meanings given to such terms in the Plan.

[3] All of the dates and procedures set forth in this notice are subject to change by further Court order.

[4] For the avoidance of doubt, because holders of Claims in the Bond Classes must submit their vote and/or election through DTC's Automated Tender Offer Platform, the Voting Record Date shall not apply to the Bond Classes, and the holder of the applicable security at the time of tender shall be eligible to cast a vote and/or make an election.

# Request for Proposals Advertisement

### STATE OF WASHINGTON
### REQUEST FOR PROPOSALS - MUNICIPAL ADVISORY SERVICES

The state of Washington (State) acting through the Office of the State Treasurer (OST), seeks Proposals from qualified firms to serve as municipal advisor(s) to the State in connection with the management of the State's debt and other financial obligations. Advisory services may include transaction-specific, ongoing, and special project advisory services.

The full RFP can be obtained at https://www.tre.wa.gov/about-us/doing-business/. Responses are due by 5:00 PM PT on October 22, 2021.



**Municipal finance firms look for new business opportunities in *The Bond Buyer* including the opportunity to be on your next bond deal team. To advertise your RFP, contact**

**Wei-Ke (Victor) Kuo at** 1-212-803-8612 or at wei-ke.kuo@arizent.com.