# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## THE DRA PARTIES'
## MOTION SUBMITTING WITNESS DECLARATIONS

**To the Honorable United States District Court Judge Laura Taylor Swain:**

AmeriNational Community Services, LLC (the "**Servicer**"), as servicer for the GDB Debt Recovery Authority (the "**DRA**"), and Cantor-Katz Collateral Monitor LLC, a Delaware limited liability company (the "**Collateral Monitor**" and, together with the Servicer, collectively, the "**DRA Parties**"), which serves as the collateral monitor for Wilmington Trust, N.A. in connection with bonds the DRA issued, and respectfully submit their witness declarations for the Confirmation Hearing in accordance with paragraphs 3 of the *Amended Order Establishing Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith*, Dkt. No. 18394 ("**Amended Confirmation Procedures Order**") and paragraph 6 of

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801).

1

the *Order Regarding Procedures for Hearing on Confirmation of Plan of Adjustment*, Dkt. No. 18502 ("**Trial Procedures Order**," and together with the Amended Confirmation Procedures Order, the "**Orders**").[2]

1. Pursuant to the Orders, the DRA Parties submitted their witness list, exhibit list, and deposition designations subject to objections and reservations noted therein and in the informative motion that accompanied them on Friday, October 22, 2021. *See* Dkt. No. 18675.

2. This case is "the largest proceeding to restructure debt in the history of the American municipal bond market." *Assured Guar. Corp. v. Fin. Oversight & Mgmt. Bd. for P.R. (In re Fin. Oversight & Mgmt. Bd. for P.R.)*, 872 F.3d 57, 64 (1st Cir. 2017). It was commenced nearly four and a half years ago, on May 9, 2017. Dkt. No. 1. Discovery with respect to Plan confirmation began 80 days ago and required (subject only to exceptions provided by the Court) discovery to be completed in 49 business days. *See* Amended Confirmation Procedures Order ¶ 3. The DRA Parties objected and reserved all rights regarding the Amended Confirmation Procedures Order because it is unfair and limits their due process rights. The DRA Parties continue to maintain their objections and reservations. *See* Dkt. No. 18675.

3. Additionally, the Orders limit direct testimony to declaration. *Id.* ¶¶ 3, 21; Trial Procedures Order ¶ 5. This may prevent the DRA Parties from proffering direct testimony for witnesses it does not control, including for matters as simple as the authentication of documents, which the FOMB and AAFAF, among other parties, have unreasonably refused to authenticate.[3]

4. Further, the DRA Parties are submitting their witness declarations with all other parties-in-interest and without sufficient time to review those declarations, including the

---

[2] Unless otherwise indicated, all docket references herein refer to the docket of Case No. 17-BK-3283 (LTS).
[3] Counsel for the FOMB has stated that the DRA Parties may not call affirmative witnesses unless the DRA Parties have a declaration for that witness, even where the DRA Parties do not control the witness.

2

declarations the FOMB will file in connection with its case-in-chief. *See* Amended Confirmation Procedures Order ¶ 3. The DRA Parties submitted these direct-testimony declarations that they believe they may present and rely upon during their case at trial as determined without the benefit of any of these indications of how other parties-in-interest will approach trial.

5. These simultaneous submissions unfairly prejudice the DRA Parties because the DRA Parties have had no opportunity to take into account these simultaneous submissions in selecting direct witnesses and providing their declarations, and because demonstrating that the Plan satisfies each and every element required for confirmation under PROMESA § 314(b) is the FOMB's affirmative burden in this case to prove, and not the DRA Parties' burden to disprove. 48 U.S.C. § 2174(b).

6. Further, the DRA Parties do not know whether the Court may hear any issues that impact the DRA Parties that also go beyond the issues raised in the *Objection of the DRA Parties to the Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico*, Dkt. No. 18590.

7. In this circumstance, the DRA Parties may need additional or different witnesses or declarations than those listed in this submission in order to be heard on its rights and provide an adequate record to the Court. The DRA Parties expressly reserve their right to identify additional witnesses and declarations based on any developments or unanticipated issues that may arise before and/or during the confirmation hearing. The DRA Parties reserve the right to supplement their witness declarations after consideration of the witness and exhibit lists filed by the other parties in this proceeding. Moreover, the DRA Parties reserve the right to present some, and not necessarily all, of the witness declarations identified in this motion.

8. In any event, the DRA Parties respectfully submit the following witness declarations pursuant to the Orders: (i) *Declaration of Stephen Spencer under Penalty of Perjury Pursuant to 28 U.S.C. § 1746* attached hereto as **Exhibit A**; (ii) *Declaration of Lizette Martinez under Penalty of Perjury Pursuant to 28 U.S.C. § 1746* attached hereto as **Exhibit B**; (iii) *Unsworn Declaration of Douglas J. Brickley under Penalty of Perjury Pursuant to 28 U.S.C. § 1746* attached hereto as **Exhibit C**; and (iv) *Declaration of David Prager under Penalty of Perjury Pursuant to 28 U.S.C. § 1746* attached hereto as **Exhibit D**.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 25th day of October, 2021.

**CERTIFICATE OF SERVICE**: In accordance with Fed. R. Bankr. P. 9014(b), Fed. R. Bankr. P. 7004(b), and the Court's *Fifteenth Amended Notice, Case Management and Administrative Procedures Order* (Dkt. No. 17127-1) (the "CMP Order"), we hereby certify that a true and exact copy of the foregoing was sent by electronic mail upon all the parties listed in the Master Service List and by U.S. mail upon all the Standard Parties listed in the CMP Order.

*[Remainder of Page Intentionally Left Blank]*

| | |
|---|---|
| **MCCONNELL VALDÉS LLC**<br><br>270 Muñoz Rivera Avenue, Suite 7<br>Hato Rey, Puerto Rico 00918<br>P.O. Box 364225<br>San Juan, PR 00936-4225<br>Tel:   787-250-5632<br>Fax:   787-759-9225<br><br>By:   */s/ Arturo J. García-Solá*<br>Arturo J. García-Solá<br>(USDC No. 201903)<br>E-mail: ajg@mcvpr.com<br><br>*/s/ Alejandro J. Cepeda-Díaz*<br>Alejandro J. Cepeda-Díaz<br>(USDC No. 222110)<br>E-mail: ajc@mcvpr.com<br><br>*/s/ Nayuan Zouairabani*<br>Nayuan Zouairabani<br>(USDC No. 226411)<br>E-mail: nzt@mcvpr.com<br><br>**Attorneys for Ameri*N*ational Community Services, LLC, as Servicer for the GDB Debt Recovery Authority** | **C. CONDE & ASSOC. LAW OFFICES**<br><br>By:   */s/ Carmen D. Conde Torres*<br>Carmen D. Conde Torres<br>(USDC No. 207312)<br><br>*/s/ Luisa S. Valle Castro*<br>Luisa S. Valle Castro<br>(USDC No. 215611)<br><br>254 San José Street<br>Suite 5<br>San Juan, PR 00901-1523<br>Tel:   787-729-2900<br>Fax:   787-729-2203<br>E-mail: condecarmen@condelaw.com<br><br>-and-<br><br>**SCHULTE ROTH & ZABEL LLP**<br><br>By:   */s/ Douglas S. Mintz*<br>Douglas S. Mintz (admitted *pro hac vice*)<br>Noah N. Gillespie (admitted *pro hac vice*)<br>901 Fifteenth Street, NW, Suite 800<br>Washington, DC 20005<br>Tel:   202-729-7470<br>Fax:   202-730-4520<br>E-mail: douglas.mintz@srz.com<br>          noah.gillespie@srz.com<br><br>-and-<br><br>Douglas Koff (admitted *pro hac vice*)<br>Taleah Jennings (admitted *pro hac vice*)<br>Abbey Walsh (admitted *pro hac vice*)<br>Peter J. Amend (admitted *pro hac vice*)<br>919 Third Avenue<br>New York, NY 10022<br>Tel:   212-756-2000<br>Fax:   212-593-5955<br><br>E-mail:   douglas.koff@srz.com<br>            taleah.jennings@srz.com<br>            abbey.walsh@srz.com<br>            peter.amend@srz.com<br><br>**Attorneys for Cantor-Katz Collateral Monitor LLC, as Collateral Monitor for the GDB Debt Recovery Authority** |

5