**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

**UNOPPOSED URGENT MOTION OF THE DRA PARTIES REQUESTING MODIFICATION OF THE TRIAL PROCEDURES ORDER FOR AUTHORIZATION TO UPLOAD CONFIRMATION HEARING EXHIBITS TO THE PLAN DEPOSITORY IN LIEU OF FILING SUCH EXHIBITS ON THE DOCKET**

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19-BK-5233 (LTS)) (Last Four Digits of Federal Tax ID: 3801).

**To The Honorable United States District Judge Laura Taylor Swain**:

**COME NOW** AmeriNational Community Services, LLC (the "Servicer"), as servicer for the GDB Debt Recovery Authority (the "DRA"), and Cantor-Katz Collateral Monitor LLC, a Delaware limited liability company (the "Collateral Monitor," and together with the Servicer, collectively, the "DRA Parties"), which serves as the collateral monitor for Wilmington Trust, N.A. in connection with the new bonds that the DRA issued pursuant to the *Government Development Bank for Puerto Rico Debt Restructuring Act*, Act No. 109-2017, as amended by Act No. 147-2018, and the approved Qualifying Modification for the Government Development Bank for Puerto Rico (the "GDB")[2] under Title VI of the *Puerto Rico Oversight, Management and Economic Stability Act* ("PROMESA"), by and through the undersigned legal counsel, and respectfully submit this urgent motion (the "Urgent Motion") requesting entry of an order modifying ¶ 5 of the *Order Regarding Procedures for Hearing on Confirmation of Plan of Adjustment* [ECF No. 18502] ("Trial Procedures Order") and granting leave for the DRA Parties, as well as any other party with more than 20 confirmation hearing exhibits, to upload the confirmation hearing exhibits to the Plan Depository in lieu of filing the exhibits on the ECF docket.

## JURISDICTION AND VENUE

1. The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA. Venue is proper pursuant to PROMESA § 307(a).

2. The statutory basis for the relief requested herein is Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9018, made applicable to these proceedings by PROMESA

[2] *See* ECF No. 270 of Civil Case No. 18- 01561 (LTS) (Nov. 7, 2018).

§§ 301(a) and 310, and Local Rule 9018-1 of the Local Bankruptcy Rules for the District of Puerto Rico (the "Local Rules").

**BASIS FOR RELIEF REQUESTED**

3. On October 22, 2021, the DRA Parties filed *The DRA Parties' Confirmation Hearing Witness List, Exhibit List and Deposition Designations* [ECF No. 18675] (the "DRA Exhibit List"), which identified 439 exhibits (the "DRA Exhibits") for potential use at the Confirmation Hearing. Many of the DRA Exhibits constitute "Confidential Information" as defined in the Confirmation Protective Order [ECF No. 16681-2] (the "Confirmation Protective Order"), as amended by the *Amended Order Establishing Procedures and Deadlines Concerning Objection to Confirmation and Discovery in Connection Therewith* [ECF No. 18394] ("Confidential Information"). Substantially all of the DRA Exhibits are either publicly available or, because of their confidential nature, have already been made available to parties who signed onto the Confirmation Protective Order through the Plan Depository (as defined therein) during the course of discovery.

4. The Trial Procedures Order envisions that all parties file an informative motion no later than Wednesday, October 27, 2021 at 1:00 p.m. A.S.T. attaching three exhibits, each of which will set forth, respectively, (A) the attorneys who will participate in the pretrial conference, the confirmation hearing, or both; (B) the witnesses the party intends to call at the confirmation hearing, and (C) the exhibits the party intends to use at the confirmation hearing. Trial Procedures Order ¶ 5. The DRA Parties do not seek modification of these aspects of the Orders. However, the Trial Procedures Order directs all parties to file on the docket each of the party's confirmation hearing exhibits. *Id.*

5. Because of the number of exhibits that will need to be filed on the docket pursuant to the Trial Procedures Orders, the number of confidential exhibits, and due to ECF's limitations,

the DRA Parties estimate that the filing of the exhibits alone will take at least 8 hours, if not more (and that is assuming that no technical hiccups were to occur during the filing and that no other unforeseen event were to occur outside the DRA Parties' control). Further, consistent with the Confirmation Protective Order, any confidential exhibits would be filed under seal. Confirmation Protective Order ¶ 6. Moreover, the process of filing them under seal will be cumbersome and take dozens of attorney hours.

6. Even assuming that filing hundreds of exhibits is technically feasible on ECF, due to the circumstances outlined herein, such process is incredibly burdensome, it will hamper and burden the ECF docket, and will fail in its essential purpose of ensuring that the Court and parties-in-interest receive copies of the exhibits the DRA Parties identified. It is likely that many other parties will face a similar challenge, hampering the ability of all the parties-in-interest who intend to participate in the confirmation hearing from understanding the exhibits other parties have selected.

7. The DRA Parties respectfully request that ¶ 5 of the Trial Procedures Order be modified so that, instead of filing the confirmation exhibits on the docket, any party with more than 20 confirmation hearing exhibits may instead send their confirmation exhibits in searchable PDF format to counsel for the FOMB to make available through the Plan Depository. This will allow all parties-in-interest who have executed the Confirmation Protective Order (which should include everyone who filed a Notice of Intent to Participate in Discovery) to readily obtain a complete set of legible, searchable exhibits while maintaining the integrity and efficiency of the ECF docket in this case. It will also relieve the Court and the parties the burden of dealing with hundreds of pages of confidential exhibits and the filing under seal of such exhibits.

8. For the avoidance of doubt, all other format requirements set forth in the Trial Procedures Order, including with respect to file format, word-searchability, and labeling, would still apply in full force and effect.

9. Prior to filing this Urgent Motion, counsel for the DRA Parties reached out to counsel for the FOMB who did not take a position on the Urgent Motion and did not oppose the same.

## CONCLUSION

**WHEREFORE**, the DRA Parties respectfully request that the Court amend ¶ 5 of the Trial Procedures Order, and seek the entry of an Order, substantially in the form attached hereto as **Exhibit A**, authorizing parties with more than 20 confirmation hearing exhibits to upload the same to the Plan Depository by October 27, 2021, at 1:00 p.m. AST, in lieu of filing such exhibits on the public ECF docket, and granting such relief as the Court deems just and proper under the circumstances.

## CERTIFICATION

Pursuant to Local Rule 9013-1 and paragraph I.H of the *Fifteenth Amended Case Management Procedures Order* [ECF No. 17127-1], the DRA Parties certify that they: (a) have carefully examined the matter and have concluded that there is a true need for urgent relief because the deadline to file the DRA Exhibits is October 27, 2021, at 1:00 pm AST; (b) have not created the urgency through lack of due diligence on their part; (c) made a bona fide effort to resolve the matter without a hearing; (d) made reasonable, good-faith communications in an attempt to resolve or narrow the issues being brought to the Court; and (e) conferred with counsel for the FOMB who did not take a position on the Urgent Motion and did not oppose the same.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 25th day of October, 2021.

**MCCONNELL VALDÉS LLC**

270 Muñoz Rivera Avenue, Suite 7
Hato Rey, Puerto Rico 00918
P.O. Box 364225
San Juan, PR 00936-4225
Tel: 787-250-5632
Fax: 787-759-9225

By: */s/ Arturo J. García-Solá*
Arturo J. García-Solá
(USDC No. 201903)
E-mail: ajg@mcvpr.com

*/s/ Alejandro J. Cepeda-Díaz*
Alejandro J. Cepeda-Díaz
(USDC No. 222110)
E-mail: ajc@mcvpr.com

*/s/ Nayuan Zouairabani*
Nayuan Zouairabani
(USDC No. 226411)
E-mail: nzt@mcvpr.com

***Attorneys for AmeriNational Community Services, LLC, as Servicer for the GDB Debt Recovery Authority***

**C. CONDE & ASSOC. LAW OFFICES**

By: */s/ Carmen D. Conde Torres*
Carmen D. Conde Torres
(USDC No. 207312)

*/s/ Luisa S. Valle Castro*
Luisa S. Valle Castro
(USDC No. 215611)

254 San José Street
Suite 5
San Juan, PR 00901-1523
Tel: 787-729-2900
Fax: 787-729-2203
E-mail: condecarmen@condelaw.com

-and-

**SCHULTE ROTH & ZABEL LLP**

By: */s/ Douglas S. Mintz*
Douglas S. Mintz (admitted *pro hac vice*)
Noah N. Gillespie (admitted *pro hac vice*)
901 Fifteenth Street, NW, Suite 800
Washington, DC 20005
Tel: 202-729-7470
Fax: 202-730-4520
E-mail: douglas.mintz@srz.com
noah.gillespie@srz.com

-and-

Douglas Koff (admitted *pro hac vice*)
Taleah Jennings (admitted *pro hac vice*)
Abbey Walsh (admitted *pro hac vice*)
Peter J. Amend (admitted *pro hac vice*)
919 Third Avenue
New York, NY 10022
Tel: 212-756-2000
Fax: 212-593-5955

E-mail: douglas.koff@srz.com
taleah.jennings@srz.com
abbey.walsh@srz.com
peter.amend@srz.com

***Attorneys for Cantor-Katz Collateral Monitor LLC, as Collateral Monitor for the GDB Debt Recovery Authority***

**CERTIFICATE OF SERVICE**

I hereby certify that, in accordance with Fed. R. Bankr. P. 9014(b), Fed. R. Bankr. P. 7004(b), and the Court's *Fifteenth Amended Notice, Case Management and Administrative Procedures Order* (Dkt. No. 17127-1) (the "CMP Order"), a true and exact copy of the foregoing was sent by electronic mail upon all the parties listed in the Master Service List and by U.S. mail upon all the Standard Parties listed in the CMP Order.

*/s/ Nayuan Zouairabani*
Nayuan Zouairabani

# EXHIBIT A

**Proposed Order**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

**[PROPOSED] ORDER GRANTING UNOPPOSED URGENT MOTION OF THE DRA PARTIES REQUESTING MODIFICATION OF THE TRIAL PROCEDURES ORDER FOR AUTHORIZATION TO UPLOAD CONFIRMATION HEARING EXHIBITS TO THE PLAN DEPOSITORY IN LIEU OF FILING SUCH EXHIBITS ON THE DOCKET**

Upon the urgent motion of the DRA Parties dated October 25, 2021 (the "Urgent Motion"),[2] pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, and Bankruptcy Rule 9018, made applicable to this proceeding by section 301(a) of the Puerto Rico Opportunity Management and Economic Stability Act of 2016 ("PROMESA"), 48 U.S.C. § 2161(a); and the Court having jurisdiction over this matter under 28 U.S.C. 1331, and under section 306(a)-(b) of PROMESA, 48 U.S.C. §2166(a)-(b); and venue being proper under section 307(a) of PROMESA, 48 U.S.C. § 2167(a); and due and proper notice of the Motion having been provided, and it

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19-BK-5233 (LTS)) (Last Four Digits of Federal Tax ID: 3801).

[2] Capitalized terms not defined in this Order shall have the meanings ascribed to them in the Motion.

appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED that:

1. The Motion is GRANTED as set forth herein.

2. Paragraph 5 of the Trial Procedures Order is amended to read as follows (changes in **red**):

**Remote Witness Testimony and Exhibits**. Rule 43(a) of the Federal Rules of Civil Procedure, made applicable by Rule 9017 of the Federal Rules of Bankruptcy Procedure,provides that for "good cause in compelling circumstances" a witness may be permitted to testifyby contemporaneous transmission from a location other than the courtroom. Having found that good cause and compelling circumstances exist here due to the COVID-19 pandemic, any witness called to testify at the Confirmation Hearing shall testify by contemporaneous transmission from a different location than the Court (the "Remote Witnesses").

All Remote Witnesses shall be sworn in over Zoom, and such testimony will havethe same effect and be binding upon the Remote Witness in the same manner as if such Remote Witness was sworn in by the Court in person in open court at the courthouse. The Party intending to examine the Remote Witness must have identified the Remote Witness on the Party's witness list by October 22, 2021, and included the person's name on the Witness Cover Sheet attached to the Party's Pretrial Informative Motion. Direct testimony will be by declaration

previously provided pursuant to the procedures prescribed for that purpose, and cross-examination and redirect examination, if any, shall be via Zoom as set forth herein. Exhibits related to direct examination must be filed by October 27, 2021 with the required Exhibit Cover Sheet attached to the Party's Pretrial Informative Motion. Parties who intend to use more than twenty (20) exhibits shall remit copies of the same to counsel for the Oversight Board by **October 27, 2021 at 1:00 P.M. (Atlantic Standard Time)** for upload into the Plan Depository in lieu of filing on the ECF docket. Said Parties are directed to note on their Exhibit Cover Sheet attached to the Party's Pretrial Informative Motion that the full set of the exhibits identified therein is being made available through the Plan Depository. All exhibits filed or remitted to the Oversight Board for upload into the Plan Depository in lieu of filing must be in searchable PDF format.

Unless directed otherwise, a Remote Witness can appear at counsel's office, or aRemote Witness can appear by a separate location. Counsel and a Remote Witness are not permitted to share the same computer device if a Remote Witness appears at counsel's office. Note that placing two devices in close proximity may result in feedback and/or audio malfunctions, so headsets must be used if both counsel and the Remote Witness are in the same room. If there is an error or malfunction with Zoom, the testimony will proceed by dial-in by using the telephone number provided in the Zoom dial-in invitation or another number to be provided by the Court if that dial-in number also does not function properly. The Party intendingto examine the Remote Witness must make arrangements with the original proponent of the Remote Witness for availability of the Remote

Witness and the original proponent will be responsible for (a) providing a certified interpreter if the Remote Witness will not testify in English,[4] and (b) emailing SwainDPRCorresp@nysd.uscourts.gov by **3:00 p.m. (Atlantic Standard Time)** the day before the Remote Witness is scheduled to testify with the following information: the (1) name of the Remote Witness, (2) the name of the interpreter, if any, (3) email address of the Remote Witness, (4) email address of the interpreter, if any, and (5) whetherthe Remote Witness will share a computer device with counsel.

Additionally, the Party intending to examine the Remote Witness is responsible for supplying all previously-disclosed exhibits from all Parties to be used during the Remote Witness' testimony to the Remote Witness in hard copy, or where a hard copy is unfeasible, withan electronic version, by no later than the day before the Remote Witness is scheduled to testify. To the extent that counsel in good faith finds it necessary to use exhibits not previously disclosed, they must be provided to opposing counsel for objection by reliable means and to the witness and the Court by reliable means, which may be electronic, prior to tender of the exhibit. Any additional exhibits admitted under such circumstances must be filed on the ECF system (with a Supplemental Exhibit Cover Sheet) by **10:00 p.m. (Atlantic Standard Time) on the daythe exhibit is used to examine the Remote Witness.** No person other than counsel for the Partyoffering or representing the Remote Witness may be present in the room from which the Remote Witness will testify, with the exception of any person providing technical assistance and/or interpretation to the Remote Witness. While the Remote

    Witness is testifying, the Remote Witness must not have in the room from which the Remote Witness will testify any documents except the Remote Witness' declaration submitted as direct testimony (with exhibits, if any) and all exhibits from all Parties that will have been provided as set forth herein. When called to testify, a Remote Witness must be situated in such a manner as to be able to view the video screen and be seen by the Court. Remote Witnesses testifying via Zoom shall utilize the Zoomlink only during the time they are testifying and shall disconnect from the Zoom proceeding (using the "Leave Meeting" Zoom feature) upon the conclusion of the Remote Witness' testimony, unless the Court authorizes otherwise.

3. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: October __, 2021

______________________________
HONORABLE LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE