# Exhibit 4

(To the October 26, 2021 Declaration of Margaret A. Dale)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                     Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

**RESPONSES AND OBJECTIONS OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO TO NOTICE OF DEPOSITION OF <u>THE DRA PARTIES' PURSUANT TO RULE 30(b)(6)</u>**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK- 3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523 (LTS)) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Pursuant to Rule 26 and Rule 30 of the Federal Rules of Civil Procedure, made applicable to this proceeding by section 310 of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), the Local Rules for the United States Bankruptcy Court for the District of Puerto Rico, the Local Rules for the United States District Court for the District of Puerto Rico, and this Court's chambers practices and case management orders (collectively, the "Governing Rules"), and the Court's *Order Establishing Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* (the "Confirmation Procedures Order") [ECF No. 17640], the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") hereby responds and objects to the *DRA Parties' Notice of Deposition of the Financial Oversight and Management Board for Puerto Rico Pursuant to Fed. R. Civ. P. 30(b)(6)* (the "Deposition Notice," and each individual deposition topic a "Topic"), dated September 13, 2021, served by the DRA Parties.[2]

## PRELIMINARY STATEMENT

The Oversight Board's responses and objections (the "Responses and Objections") to the Deposition Notice are made without prejudice to the Oversight Board's right to amend or supplement its responses herein if necessary at a later date. The Oversight Board has made reasonable efforts to respond to the Deposition Notice, to the extent it has not objected thereto, as the Oversight Board understands and interprets the Deposition Notice. If the DRA Parties subsequently assert an interpretation of the Deposition Notice that differs from that of the Oversight Board, the Oversight Board reserves the right to supplement its Responses. By making

---

[2] "DRA Parties" refers to AmeriNational Community Services, LLC, as servicer for the GDB Debt Recovery Authority, and Cantor-Katz Collateral Monitor LLC, a Delaware limited liability company.

the Responses below, the Oversight Board does not waive and expressly reserves its rights to make additional objections.

## GENERAL OBJECTSIONS

1. The Oversight Board objects to the Deposition Notice, and to each and every Topic, as unduly burdensome to the extent they seek information that is neither relevant nor proportionate to the issues presented concerning the confirmability of the Plan[3] that will be addressed at the Confirmation Hearing.[4]

2. The Oversight Board objects to the Deposition Notice, and to each and every Topic, as unduly burdensome because: (i) they seek information beyond the scope of appropriate discovery in connection with confirmation of the Plan; or (ii) the burden or expense of the proposed discovery outweighs the likely benefit, considering the needs of the case.

3. The Oversight Board objects to the Deposition Notice, and to each and every Topic, to the extent they purport to impose burdens inconsistent with, not otherwise authorized by, or exceeding those required by the Governing Rules. In responding to this Deposition Notice, and unless otherwise noted, the Oversight Board will construe all words in accordance with their ordinary English meaning, as informed by the Governing Rules. The Oversight Board will construe and respond to the Deposition Notice in a manner consistent with its obligations under the Governing Rules and the Confirmation Procedures Order, and not otherwise.

4. The Oversight Board objects to the Deposition Notice, and to each and every Topic, to the extent they expressly or impliedly seek information protected from disclosure by the

---

[3] "Plan" refers to the *Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 17627], as it may be amended from time to time.

[4] "Confirmation Hearing" refers to the hearing to consider confirmability of the Plan, which is currently scheduled to begin on November 8, 2021. Confirmation Procedures Order, at 4.

attorney-client privilege, the attorney work-product doctrine, the executive privilege, the deliberative process privilege, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board intends to and does assert any and all such privileges with respect to all such information. Nothing in these Responses and Objections is intended as, nor shall in any way be deemed, a waiver of any of these privileges, doctrines, or immunities. Information protected by these privileges, doctrines, or immunities is not subject to disclosure, and will not be provided.

5. The Oversight Board objects to the Deposition Notice, and to each and every Topic, to the extent that it lacks the "reasonable particularity" required by Rule 30(b)(6) of the Federal Rules of Civil Procedure, so as to make it impossible to identify the limits of the inquiry, and to make the topics so overbroad as to be impossible to address by deposition testimony.

6. The Oversight Board objects to the Deposition Notice, and to each and every Topic, as unduly burdensome to the extent they request the Oversight Board provide testimony on topics that are beyond its knowledge.

7. The Oversight Board objects to each Definition and Topic to the extent they seek information that is confidential or proprietary in nature, or otherwise constitutes protected commercial, strategic, financial or competitively sensitive or trade secret information, including but not limited to information or models created by the Oversight Board's current or former financial advisors.

8. The Oversight Board objects to the Deposition Notice, and to each and every Topic, to the extent they (i) imply the existence of facts or circumstances that do not or did not exist, or (ii) state or assume legal or factual conclusions. By providing these Responses, the Oversight Board does not admit any factual or legal premise in the Deposition Notice.

9. The Oversight Board objects to the Deposition Notice, and to each and every Topic, as unduly burdensome to the extent that it is cumulative or duplicative of other discovery requests. The Oversight Board further objects to the Deposition Notice in its entirety, and to each and every Topic, to the extent that the DRA Parties may obtain the information sought through less burdensome means.

10. The Oversight Board objects to the Deposition Notice, and to each and every Topic, to the extent they are not limited to "critical contested issues" so that "resources are not wasted." *See* Hearing Tr. on Confirmation Procedures Order at 15, 93 (July 14, 2021).

11. To the extent any term defined or used in the Deposition Notice is used in responding to the Deposition Notice, it is not accepted or conceded that any such term or definition is appropriate, descriptive, or accurate.

12. The Oversight Board objects to the definition of the term "Person" because it includes individuals and entities without regard to their connection or relevance to confirmation of the Plan. In responding to the Deposition Notice, the Oversight Board will construe "Person" to mean employees, officers, directors, and known agents reasonably likely to possess information relevant to said subjects.

13. The Oversight Board objects to the definition of the term "FOMB" because it includes individuals and entities without regard to their present connection to the Oversight Board and without regard to their connection or relevance to confirmation of the Plan. In responding to the Deposition Notice, the Oversight Board will construe "FOMB" to mean the Oversight Board and its employees, officers, directors, and known agents reasonably likely to possess information relevant to said subjects.

14. The Oversight Board objects to the definition of the term "Commonwealth" because it includes individuals and entities without regard to their connection or relevance to confirmation of the Plan. In responding to the Deposition Notice, the Oversight Board will construe "Commonwealth" to mean the Commonwealth of Puerto Rico and its instrumentalities, its present and former officials, directors, employees, and known agents reasonably likely to possess information relevant to said subjects.

15. The Oversight Board objects to the definition of the term "HTA" because it includes individuals and entities without regard to their connection or relevance to confirmation of the Plan. In responding to the Deposition Notice, the Oversight Board will construe "HTA" to mean the Puerto Rico Highways and Transportation Authority and its present and former officials, directors, employees, and known agents reasonably likely to possess information relevant to said subjects.

16. The Oversight Board objects to the definition of the terms "Document" and "Documents" to the extent they purport to impose duties on the Oversight Board that differ from or exceed those imposed by the Governing Rules. In particular, the Oversight Board objects to producing "text messages, instant messages, computer records, diaries, calendars, statistics, . . . telegrams, . . . checks, statements, receipts, returns, . . . pamphlets, books, prospectuses, interoffice communications, telephone calls, meetings, communications, printed matter, invoices, worksheets, . . . written materials of every kind and nature whatsoever, . . . all tapes, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures, and graphical or aural records or representations of any kind and nature whatsoever, along with any electronic, mechanical, or electric recordings or representations of every kind and nature whatsoever," which would be unduly burdensome and not proportionate to the needs of the case.

17. The Oversight Board objects to the Deposition Notice, and to each and every Topic, to the extent they seek testimony regarding "Clawback," "Act 30-31 Incremental Revenues," "First Moratorium Act," and/or "Second Moratorium Act" because funds held by the Commonwealth are fungible.

18. The above General Objections are incorporated into each of the following specific Responses.

[*Remainder of page intentionally left blank*]

## SPECIFIC RESPONSES AND OBJECTSIONS TO DEPOSITION TOPICS

### DEPOSITION TOPIC NO. 1:

Whether or not a valid Clawback was implemented by the Commonwealth under article VI, sections 7 through 9 of the Puerto Rico Constitution for each year from FY2016 to the present, including any efforts undertaken by FOMB to determine the validity of any Clawback.

### RESPONSE TO DEPOSITION TOPIC NO. 1:

The Oversight Board objects to this Topic on the grounds that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan, and accordingly, having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case. Specifically, evidence regarding the Topic would be of no consequence in this proceeding because the retention provisions of Section 8 of Article VI of the Commonwealth Constitution have been satisfied and, in any event, the referenced provisions have been preempted by PROMESA. In addition, the Oversight Board objects to this Topic because it seeks to elicit legal conclusions from a lay witness. The Topic is also vague and ambiguous insofar as it utilizes the terms "valid" and "validity" without defining such terms. Additionally, the Oversight Board objects to this Topic because it calls for testimony relating to time periods that predate the formation of the Oversight Board in September 2016. The Oversight Board further objects to this Topic to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board also objects to this Topic because it is unreasonably cumulative and duplicative of other discovery requests served by the DRA Parties.

In light of the General Objections identified in paragraphs 1, 2, 3, 4, 6, 7, 8, 9, 10, 13, 14, and 17, and the specific objections above, the Oversight Board does not intend to proffer a witness to testify regarding this Topic.

### DEPOSITION TOPIC NO. 2:

Whether or not the Commonwealth had a balanced budget for each fiscal year from FY2016 to the present, including any efforts undertaken by FOMB to determine whether or not the Commonwealth had a balanced budget for each of those fiscal years funding that the Oversight Board considers to be adequate for the Commonwealth's pension systems.

### RESPONSE TO DEPOSITION TOPIC NO. 2:

The Oversight Board objects to this Topic on the grounds that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan, and accordingly, having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case. The Commonwealth's budgets for the referenced years allocate revenues and are publicly available and speak for themselves. Testimony regarding such publicly available documents would be of no consequence in this proceeding. The Topic is also vague and ambiguous as phrased, insofar as it utilizes the terms "balanced budget" and "adequate" without defining such terms. The Oversight Board also objects to this Topic because it calls for testimony relating to time periods that predate the formation of the Oversight Board in September 2016. The Oversight Board was not involved with the formation or certification of Commonwealth budgets until FY2018. The Oversight Board further objects to this Topic to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board also objects to this Topic because it is unreasonably cumulative and duplicative of other discovery requests served by the DRA Parties.

9

Notwithstanding the General Objections identified in paragraphs 1, 2, 3, 4, 6, 7, 8, 9, 10, 13, and 14, and the specific objections above, the Oversight Board will proffer a witness to testify regarding this Topic.

### DEPOSITION TOPIC NO. 3:

Whether or not the available revenues of the Commonwealth were insufficient to meet the appropriations for each fiscal year from FY2016 to the present, including any efforts undertaken by FOMB to determine whether available revenues of the Commonwealth were insufficient.

### RESPONSE TO DEPOSITION TOPIC NO. 3:

The Oversight Board objects to this Topic on the grounds that it is vague and ambiguous as phrased. To the extent the Oversight Board can discern what appears to be intended through this Topic, it does not seek information proportional or relevant to the analysis of the confirmability of the Plan, and accordingly, having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case. The Commonwealth's budgets for the referenced years allocate revenues and are publicly available and speak for themselves. Testimony regarding such publicly available documents would be of no consequence in this proceeding. The Oversight Board also objects to this Topic because it calls for testimony relating to time periods that predate the formation of the Oversight Board in September 2016. The Oversight Board further objects to this Topic to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board also objects to this Topic because it is unreasonably cumulative and duplicative of other discovery requests served by the DRA Parties.

Notwithstanding the General Objections identified in paragraphs 1, 2, 3, 4, 6, 7, 8, 9, 10, 13, and 14, and the specific objections above, the Oversight Board will proffer a witness to testify regarding this Topic.

### DEPOSITION TOPIC NO. 4:

Whether or not any revenues of the Commonwealth were diverted, retained, reallocated, or redirected in order for there to be sufficient available revenue to meet the appropriations made for each fiscal year from FY2016 to the present, including any efforts undertaken by FOMB to evaluate the amounts of revenues to divert, retain, reallocate, or redirect.

### RESPONSE TO DEPOSITION TOPIC NO. 4:

The Oversight Board objects to this Topic on the grounds that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan, and accordingly, having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case. The Commonwealth's budgets for the referenced years allocate revenues and are publicly available and speak for themselves. Testimony regarding such publicly available documents would be of no consequence in this proceeding. The Oversight Board also objects to this Topic because it calls for testimony relating to time periods that predate the formation of the Oversight Board in September 2016. The Oversight Board further objects to this Topic to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board also objects to this Topic because it is unreasonably cumulative and duplicative of other discovery requests served by the DRA Parties.

Notwithstanding the General Objections identified in paragraphs 1, 2, 3, 4, 6, 7, 8, 9, 10, 13, and 14, and the specific objections above, the Oversight Board will proffer a witness to testify regarding this Topic.

**DEPOSITION TOPIC NO. 5:**

The amounts of Clawback funds disbursed for uses other than the payment of General Obligation Debt for each fiscal year from FY2016 to the present, including any efforts undertaken by FOMB to evaluate the amounts of Clawback funds to disburse for uses other than the payment of General Obligation Debt.

**RESPONSE TO DEPOSITION TOPIC NO. 5:**

The Oversight Board objects to this Topic on the grounds that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan, and accordingly, having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case. The Commonwealth's budgets for the referenced years allocate revenues and are publicly available and speak for themselves. As those budgets reveal, no funds were used to pay General Obligation Debt. As for the Topic's reference to use of specific funds, money is fungible. Testimony regarding such publicly available documents would be of no consequence in this proceeding. Furthermore, this Topic ignores the filing of the Commonwealth's Title III petition, after which no Commonwealth monies were used for payment of General Obligation Debt. This Topic accordingly relies on a false premise and testimony regarding this Topic would be counterfactual. The Oversight Board further objects to this Topic because it is vague and ambiguous as phrased. The Oversight Board also objects to this Topic because it calls for testimony relating to time periods that predate the formation of the Oversight Board in September 2016. The Oversight Board further objects to this Topic to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board also objects to this Topic because it is unreasonably cumulative and duplicative of other discovery requests served by the DRA Parties.

In light of the General Objections identified in paragraphs 1, 2, 3, 4, 6, 7, 8, 9, 10, 13, 14, and 17, and the specific objections above, the Oversight Board does not intend to proffer a witness to testify regarding this Topic.

### DEPOSITION TOPIC NO. 6:

Whether or not the Acts 30 &31 Incremental Revenues or any other revenues of or due to HTA were diverted, retained, reallocated, or redirected for each fiscal year from FY2016 to the present, including any efforts undertaken by FOMB to evaluate whether to divert, retain, reallocate, or redirect the Acts 30 &31 Incremental Revenues or other revenues of or due to HTA.

### RESPONSE TO DEPOSITION TOPIC NO. 6:

The Oversight Board objects to this Topic on the grounds that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan, and accordingly, having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case. The Commonwealth's budgets for the referenced years allocate revenues and are publicly available and speak for themselves. As for the Topic's reference to use of specific funds, money is fungible. Testimony regarding such publicly available documents would be of no consequence in this proceeding. Furthermore, this Topic ignores the filing of the Commonwealth's Title III petition, after which no Commonwealth monies were used for payment of General Obligation Debt. This Topic accordingly relies on a false premise and testimony regarding this Topic would be counterfactual. The Oversight Board further objects to this Topic because it is vague and ambiguous as phrased. The Oversight Board also objects to this Topic because it calls for testimony relating to time periods that predate the formation of the Oversight Board in September 2016. Furthermore, the Oversight Board objects to this Topic to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting

information from disclosure. The Oversight Board also objects to this Topic because it is unreasonably cumulative and duplicative of other discovery requests served by the DRA Parties.

In light of the General Objections identified in paragraphs 1, 2, 3, 4, 6, 7, 8, 9, 10, 13, 14, and 17, and the specific objections above, the Oversight Board does not intend to proffer a witness to testify regarding this Topic.

[*Remainder of Page Intentionally Left Blank*]

Dated: October 3, 2021
San Juan, Puerto Rico

Respectfully submitted,

/s/Margaret A. Dale
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
Margaret A. Dale (*pro hac vice*)
Julia D. Alonzo (*pro hac vice*)
Laura Stafford (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board, as representative for the Debtors*

/s/ Hermann D. Bauer

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board, as representative for the Debtors*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I caused copies of the foregoing document to be served on the following counsel of record.

Arturo J. García Solá
USDC No. 201903
Alejandro J. Cepeda-Díaz
USC No. 222110
Nayuan Zouairabani
USC No. 226411
**MCCONNELL VALDÉS LLC**
270 Muñoz Rivera Avenue, Suite 7
Hato Rey, Puerto Rico 00918
P.O. Box 364225
San Juan, PR 00936-4225
Tel: 787-250-5632
Fax: 787-759-9225

*Attorneys for AmeriNational Community Services, LLC, as Servicer for the GDB Debt Recovery Authority*

Carmen D. Conde Torres
USDC No. 207312
Luisa S. Valle Castro
USDC No. 215611
**C. CONDE & ASSOC. LAW OFFICES**
254 San José Street, Suite 5
San Juan, PR 00901-1523
Tel: 787-729-2900
Fax: 787-729-2203
E-mail: condecarmen@condelaw.com

Douglas S. Mintz
**SCHULTE ROTH & ZABEL LLP**
901 Fifteenth St., NW, Suite800
Washington, D.C. 20005
Tel: (202) 729-7470
Fax: (202) 730-4520
Email: douglas.mintz@srz.com

Douglas Koff
Abbey Walsh
Peter J. Amend
**SCHULTE ROTH & ZABEL LLP**
919 Third Avenue

2

    New York, NY 10022
    Tel: (212) 756-2000
    Fax: 212-593-5955
    Email: douglas.koff@srz.com
    Abbey.walsh@srz.com
    Peter.amend@srz.com

    ***Attorneys for Cantor-Katz Collateral Monitor LLC, as Collateral Monitor for the GDB Debt Recovery Authority***

                                                           /s/ *Margaret A. Dale*
                                                           Margaret A. Dale