# Exhibit 11

## (To the October 26, 2021 Declaration of Margaret A. Dale)

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Puerto Rico [▾]

| | |
|---|---|
| In re: The Financial Oversight and Management Board for Puerto Rico, as representative of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority, <br><br> Debtor | ) ) ) ) ) ) <br><br> Civil Action No.   17-03283-LTS |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                   Ernst & Young LLP

_____

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:              See Attachment A.

| Place: <br> Via Zoom Videoconference | Date and Time: <br> 10/20/2021 9:30 am  AST |
|---|---|

The deposition will be recorded by this method:   Video and audio recording and stenographic means

❑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   10/15/2021

| *CLERK OF COURT* | | OR | |
|---|---|---|---|
| _____ | | | *[signature]* |
| *Signature of Clerk or Deputy Clerk* | | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
AmeriNational Community Services, LLC              , who issues or requests this subpoena, are:
Alejandro J. Cepeda, McConnell Valdés LLC, P.O. Box 364225, San Juan, PR 00936
ajc@mcvpr.com, 787.250.5637

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 17-03283-LTS

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

□ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

□ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*

               Debtor.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

## ATTACHMENT A
## TO AMERINATIONAL COMMUNITY SERVICES LLC'S
## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION
## PURSUANT TO RULE 30(b)(6) ADDRESSSED TO ERNST & YOUNG LLP

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK- 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

PLEASE TAKE NOTICE THAT pursuant to Rule 26 and Rule 30(b)(6) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rules 7026 and 7030 of the Federal Rules of Bankruptcy Procedure, AmeriNational Community Services, LLC (the "**Servicer**"), as servicer for the GDB Debt Recovery Authority (the "**DRA**"), will take the deposition of Ernst &Young LLP ("**EY**") pursuant to Rule 30(b)(6), through individuals designated to testify regarding the topics of examination attached hereto.

The deposition will take place on October 20, 2021, beginning at 9:30 a.m. Atlantic Standard Time, by Zoom videoconference. The deposition will be taken upon oral examination before an official authorized by law to administer oaths and will be recorded stenographically and by videotape (sound and visual).

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure and Rule 7030 of the Federal Rules of Bankruptcy Procedure, and in accordance with the Urgent Joint Motion Regarding Rule 30(b)(6) Deposition of Financial Oversight and Management Board for Puerto Rico, EY must designate one or more officers, directors, or other persons who consent to testify on its behalf with respect to what is known or reasonably available to EY, as relates to work performed by EY for the FOMB, concerning each of the topics of examination set forth in the attached **Exhibit A**.  Pursuant to the Urgent Joint Motion Regarding Rule 30(b)(6) Deposition of Financial Oversight and Management Board for Puerto Rico, the FOMB shall adopt all testimony provided by EY as the testimony of the FOMB for purposes of Rule 30(b)(6) and shall be responsible for preparing the witness for the deposition in accordance with Rule 30(b)(6). [2]

---

[2] See generally, Urgent Joint Motion Regarding Rule 30(b)(6) Deposition of Financial Oversight and Management Board for Puerto Rico, attached hereto as **Exhibit B**.

2

Dated: October 15, 2021
      In San Juan, Puerto Rico.

**MCCONNELL VALDÉS LLC**

270 Muñoz Rivera Avenue, Suite 7
Hato Rey, Puerto Rico 00918
P.O. Box 364225
San Juan, PR 00936-4225
Tel:    787-250-5632
Fax:   787-759-9225

By:    */s/ Arturo J. García-Solá*
Arturo J. García-Solá
(USDC No. 201903)
E-mail: ajg@mcvpr.com

*/s/ Alejandro J. Cepeda-Diaz*
Alejandro J. Cepeda-Diaz
(USDC No. 222110)
E-mail: ajc@mcvpr.com

*/s/ Nayuan Zouairabani*
Nayuan Zouairabani
(USDC No. 226411)
E-mail: nzt@mcvpr.com

***Attorneys for AmeriNational Community Services,
LLC, as Servicer for the GDB Debt Recovery
Authority***

## EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

1.      Each reference to a corporation, partnership, joint venture, unincorporated association, government agency, or other fictitious person shall be deemed to include each and all of its subsidiaries, affiliates, predecessors, and successors, and with respect to each of such entities, its officers, directors, shareholders, employees, partners, limited partners, representatives, agents, accountants, attorneys, trustee, and any other person who acted on its behalf.

2.      Each reference to a natural person shall be deemed to include that person's agents, attorneys, and any other Person who acted on that person's behalf.

3.      Each Topic shall be construed independently and not with reference to any other Topic for the purpose of limitation or exclusion.

4.      The use of any definition for the purposes of this notice shall not be deemed to constitute an agreement or acknowledgment on the part of the Servicer or the DRA that such definition is accurate, meaningful, or appropriate for any other purpose in this Action.

5.      In construing the requests, the singular includes the plural and vice versa, except as the context may otherwise require; any request propounded in the present tense shall also be read as if propounded in the past tense and vice versa; and any reference to any gender includes the other gender.

6.      All capitalized terms used herein should be given their most expansive and inclusive interpretation unless otherwise expressly limited.

7.      "**Acts 30 and 31**" mean, collectively, Act No. 30-2013 of June 25, 2013, and Act No. 31-2013 of June 25, 2013, as they may have been amended or otherwise modified.

8.      "**Act 30 & 31 Incremental Revenues**" means the following incremental revenues implemented by Acts 30 and 31 and allocated to HTA, which are (i) the revenues in excess of $15 for each vehicle or trailer license issued; (ii) the revenues in excess of $120 million per fiscal year from the Petroleum Products Excise Taxes; and (iii) $20 million per fiscal year from the excise tax on cigarettes.  The term "Acts 30 &31 Incremental Revenues" does not include the portion of taxes that are included in Acts 30 and 31 and existed before the passage of Acts 30 and 31.

9.      "**Commonwealth**" means the Commonwealth of  Puerto Rico and its instrumentalities, its present and former officers, directors, employees, representatives, agents, members, accountants, attorneys, trustees, and any other Person or entity who acted on its behalf.

10.      "**Clawback**" means any decision, act, or determination by the Commonwealth concerning the diversion, retention, reallocation, or redirection of public funds resulting, at least in part, from the purported invocation of article VI section 8 of the Puerto Rico Constitution, including but not limited to: pursuant to Executive Order 2015-46; the First Moratorium Act; the Second Moratorium Act; or any executive order or legislative act under, amending, or modifying the foregoing.

11.      "**Documents**" or "**documents**" is used in the broadest sense possible under Federal Rule 34 and as interpreted by the courts, and includes without limitation any and all writings and recorded materials, of any kind, that are or have been in Your possession, custody or control, whether originals or copies. Such writings include, but are not limited to: e-mails, electronically stored information, and drafts of documents, as well as any and all originals (and copies of originals that are not identical to the originals by reason of any notation made on such copies or otherwise), copies of originals where originals are not available for production, and drafts of any or all of the following: correspondence, memoranda, notes, electronic mail, text

messages, instant messages, computer records, diaries, calendars, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, inter- office communications, telephone calls, meetings, communications, printed matter, invoices, worksheets, transcripts, and written materials of every kind and nature whatsoever, and all tapes, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures, and graphical or aural records or representations of any kind and nature whatsoever, along with any electronic, mechanical or electric recordings or representations of every kind and nature whatsoever.

12.     "**EY**" means Ernst & Young LLP, including its present and former officers, directors, shareholders, employees, partners, subsidiaries, representatives, affiliates, agents, members, accountants, attorneys, trustees, and any other Person or entity who acted on their behalf.

13.     "**First Moratorium Act**" means Act 21-2016 of April 6, 2016, as it may have been amended or otherwise modified.

14.     "**FOMB**" means the Financial Oversight and Management Board for Puerto Rico created pursuant to PROMESA, including its present and former officers, directors, shareholders, employees, partners, subsidiaries, representatives, affiliates, agents, members, accountants, attorneys, trustees, and any other Person or entity who acted on their behalf.

15.     "**General Obligation Debt**" means the bonds and other debt instruments the Commonwealth issues, backed by the priority provision of article VI section 8 of the Puerto Rico Constitution.

16.     "**HTA**" means the Puerto Rico Highways and Transportation Authority (in Spanish, *la Autoridad de Carreteras y Transportación de Puerto Rico*), a public corporation

created pursuant to Act No. 74 of June 23, 1965, as amended, including its present and former officers, directors, shareholders, employees, partners, subsidiaries, representatives, affiliates, agents, members, accountants, attorneys, trustees, and any other Person or entity who acted on their behalf.

17.    "**Person**" means a natural person or any corporation, partnership, association, joint venture, firm, trust, or other business enterprise or legal entity, and includes both the singular and the plural.

18.    "**Petroleum Products Excise Taxes**" means excise taxes imposed by Internal revenue Code for a New Puerto Rico, Act No. 1-2011, as amended, collected, and paid on crude oil, and partially finished and finished oil by-products and any other hydrocarbon mixture.

19.    "**Second Moratorium Act**" means Act 5-2017 of January 29, 2017, as it may have been amended or otherwise modified.

## TOPICS FOR EXAMINATION

1.    Whether or not a valid Clawback was implemented by the Commonwealth under article VI, sections 7 through 9 of the Puerto Rico Constitution for each year from FY2016 to the present, including any efforts undertaken by FOMB to determine the validity of any Clawback.

2.    Whether or not the Commonwealth had a balanced budget for each fiscal year from FY2016 to the present, including any efforts undertaken by FOMB to determine whether or not the Commonwealth had a balanced budget for each of those fiscal years.

3.    Whether or not the available revenues of the Commonwealth were insufficient to meet the appropriations for each fiscal year from FY2016 to the present, including any efforts undertaken by FOMB to determine whether available revenues of the

Commonwealth were insufficient.

4. Whether or not any revenues of the Commonwealth were diverted, retained, reallocated, or redirected in order for there to be sufficient available revenue to meet the appropriations made for each fiscal year from FY2016 to the present, including any efforts undertaken by FOMB to evaluate the amounts of revenues to divert, retain, reallocate, or redirect.

5. The amounts of Clawback funds disbursed for uses other than the payment of General Obligation Debt for each fiscal year from FY2016 to the present, including any efforts undertaken by FOMB to evaluate the amounts of Clawback funds to disburse for uses other than the payment of General Obligation Debt.

6. Whether or not the Acts 30 &31 Incremental Revenues or any other revenues of or due to HTA were diverted, retained, reallocated, or redirected for each fiscal year from FY2016 to the present, including any efforts undertaken by FOMB to evaluate whether to divert, retain, reallocate, or redirect the Acts 30 &31 Incremental Revenues or other revenues of or due to HTA.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

**Exhibit B**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>     Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

**URGENT JOINT MOTION REGARDING RULE 30(b)(6) DEPOSITION OF**
**FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO**

**To The Honorable United States District Judge Laura Taylor Swain:**

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"),

as sole Title III representative of debtors the Commonwealth of Puerto Rico (the

"Commonwealth"), the Employees Retirement System of the Government of the Commonwealth

of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA," and collectively

with the Commonwealth and ERS, the "Debtors") pursuant to section 315(b) of the *Puerto Rico*

*Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] AmeriNational Community

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number
and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are
the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits
of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA")
(Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto
Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS)
(Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government
of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last
Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA")
(Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi)
Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last
Four Digits of Federal Tax ID: 3801).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

Services, LLC (the "Servicer"), as servicer for the GDB Debt Recovery Authority (the "DRA"),

and Cantor-Katz Collateral Monitor LLC, which serves as the collateral monitor for Wilmington

Trust, N.A. in connection with the bonds issued by the DRA[3] (the "Collateral Monitor," and

together with the Servicer, collectively, the "DRA Parties," and jointly with the Oversight Board,

the "Parties"), by and through the undersigned legal counsel, respectfully jointly submit this urgent

motion (the "Motion") requesting entry of an order granting leave for the DRA Parties to take a

deposition of the Oversight Board pursuant to Federal Rule of Civil Procedure 30(b)(6) on October

20, 2021, following the close of discovery as set forth in the *Amended Order Establishing

Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection

Therewith* [ECF No. 18394] (the "Amended Confirmation Procedures Order").

## JURISDICTION AND VENUE

1.      The United States District Court for the District of Puerto Rico (the "Court") has

subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA.  Venue is

proper pursuant to PROMESA § 307(a).

2.      The statutory basis for the relief requested herein is Section 105(a) of the

Bankruptcy Code and Bankruptcy Rule 9018, made applicable to these proceedings by PROMESA

§§ 301(a) and 310, and Local Rule 9018-1 of the Local Bankruptcy Rules for the District of Puerto

Rico (the "Local Rules").

---

[3] The DRA bonds were issued pursuant to the *Government Development Bank for Puerto Rico
Debt Restructuring Act*, Act No. 109-2017, as amended by Act No. 147-2018.

## **BACKGROUND**

3.        On August 2, 2021, the Court entered its *Order Establishing Procedures and*

*Deadlines Concerning Objection to Confirmation and Discovery in Connection Therewith* [Dkt.

No. 17640] (the "Confirmation Procedures Order"),[4] which provides for, among other things,

discovery and depositions related to the *Seventh Amended Title III Joint Plan of Adjustment of the*

*Commonwealth of Puerto Rico, et al.* [Dkt. No. 17627] (as may be amended, modified, or

supplemented, the "Plan").

4.        On September 13, 2021, the DRA Parties served notice of a Rule 30(b)(6)

deposition of the Oversight Board (the "Deposition Notice").

5.        On October 3, 2021, the Oversight Board served responses and objections to the

Deposition Notice (the "Responses and Objections"), in which the Oversight Board objected to

the Topic Nos. 1, 5, and 6 of the Deposition Notice in their entirety.

6.        On October 3, 2021, the Oversight Board asserted that a certain individual (the "EY

Representative") employed by Ernst & Young Global Limited ("Ernst & Young") would be best

situated to answer questions related to Topics 2 through 6 as set forth in the Deposition Notice,

but that Ernst & Young required that the DRA Parties serve a subpoena on Ernst & Young for a

Rule 30(b)96) deposition and the Oversight Board would then adopt the EY Representative's

testimony as that of the Oversight Board for purposes of Rule 30(b)(6) and in satisfaction of the

Deposition Notice.

---

[4] The Confirmation Procedures Order was subsequently amended on October 5, 2021. *See*
Amended Confirmation Procedures Order.

7.     On October 5, 2021, the Oversight Board withdrew its objections to Topic Nos. 5 and 6 of the Deposition Notice, while maintaining its objection with respect to Topic No. 1 of the Deposition Notice.

8.     The DRA Parties and Oversight Board met and conferred on multiple occasions regarding the Deposition Notice, whether the DRA Parties would serve a subpoena on Ernst & Young, and, if so, when the EY Representative would be deposed.  On October 9, 2021, counsel for the Oversight Board told counsel for the DRA Parties that, if the DRA Parties would serve a subpoena for a Rule 30(b)(6) deposition on Ernst & Young, the EY Representative would be available for deposition on October 15 or 18, 2021.  Counsel for the DRA Parties rejected both of those dates, and requested holding the deposition on October 20 or 22, 2021.  On October 11, 2021, counsel for the Oversight Board agreed to hold the deposition on October 20, 2021, and to jointly submit the instant Motion to the Court.  However, on October 12, 2021, in a final attempt to avoid taking a Rule 30(b)(6) deposition after the close of the discovery period, counsel for the Oversight Board suggested the DRA Parties depose the EY Representative on Sunday, October 17, 2021.  Counsel for the DRA Parties rejected this date, and maintained that the deposition needed to take place on October 20, 2021.

## RELIEF REQUESTED

9.     The Parties respectfully request that the Court enter an order, as set forth in the attached **Exhibit A**, authorizing the DRA Parties to take a deposition of the Oversight Board pursuant to Federal Rule of Civil Procedure 30(b)(6) on October 20, 2021, following the close of discovery on October 18, 2021, as set forth in the Amended Confirmation Procedures Order.

## BASIS FOR RELIEF REQUESTED

10.     The DRA Parties have agreed to serve a subpoena on Ernst & Young in connection with the Rule 30(b)(6) deposition of the Oversight Board (the "Subpoena"), but only if each of the provisions herein are agreed to in writing by the Parties.

11.     Specifically, the Parties agree that the Subpoena will include identical Topics 1 through 6 as set forth in the Deposition Notice, and will not include any additional topics for examination.

12.     Additionally, the Parties agree that the EY Representative will sit for the Rule 30(b)(6) deposition on October 20, 2021, and the DRA Parties shall not use the date of this deposition as a basis to seek leave to extend any other deadlines set forth in the Amended Confirmation Procedures Order, including, but not limited to, seeking leave to extend the Objection Deadline or to supplement any Objections filed on or before the Objection Deadline with testimony or other information disclosed at the deposition of the EY Representative.

13.     Moreover, the Oversight Board agrees that it will adopt all testimony provided by the EY Representative in respect of the Rule 30(b)(6) topics listed in the Deposition Notice as testimony of the Oversight Board for purposes of Rule 30(b)(6).

14.     The Oversight Board further agrees that the DRA Parties' service of the Subpoena on Ernst & Young shall have no effect on the Oversight Board's adoption of the EY Representative's testimony as that of the Oversight Board for purposes of Rule 30(b)(6), including, but not limited to, the Oversight Board's agreement to be fully bound by the EY Representative's testimony as set forth by Rule 30(b)(6).

15.     Additionally, the Oversight Board agrees that it shall be responsible for preparing the EY Representative for the deposition in accordance with Rule 30(b)(6), including, but not

limited to, with respect to each of the topics set forth in the Deposition Notice except for Topic
No. 1.

16.     The deposition of the EY Representative will be defended by counsel from Ernst &
Young.  Notwithstanding the foregoing, counsel for the Oversight Board may attend the deposition
and object to the DRA Parties' questions in order to protect the Oversight Board's issues regarding
privilege issues, matters relating to PROMESA section 106(e), and, if not made by counsel for
Ernst & Young, objections to form.

17.     The Parties do not waive any rights other than those specifically identified above.

## CERTIFICATION

18.     Pursuant to Local Rule 9013-1 and paragraph I.H of the Fifteenth Amended Case
Management Procedures [ECF No. 17127-1], the DRA Parties certify that they:  (a) have carefully
examined the matter and have concluded that there is a true need for urgent relief because of
unavoidable scheduling conflicts; (b) have not created the urgency through lack of due diligence
on their part; (c) made a bona fide effort to resolve the matter without a hearing; (d) made
reasonable, good-faith communications with in an attempt to resolve or narrow the issues being
brought to the Court; and (e) conferred with the Oversight Board and AAFAF, who do not oppose
the relief requested herein.

## CONCLUSION

**WHEREFORE**, the Parties respectfully request that this Motion be GRANTED, and that
the Court issue an order substantially in the form attached hereto as **Exhibit A**, authorizing the
DRA Parties to depose the EY Representative in connection with the Deposition Notice served on
the Oversight Board pursuant to Federal Rule of Civil Procedure 30(b)(6) on October 20, 2021,
and granting such relief as the Court deems just and proper under the circumstances.

Dated: October 13, 2021
      San Juan, Puerto Rico

                          /s/  Hermann D. Bauer

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944


/s/ Margaret A. Dale

Martin J. Bienenstock
Brian S. Rosen
Margaret A. Dale
Julia D. Alonzo
Admitted *Pro Hac Vice*
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900


Michael A. Firestein
Lary Alan Rappaport
Admitted *Pro Hac Vice*
2029 Century Park East
Suite 2400
Los Angeles, CA 90067-3010
Tel: (310) 557-2900
Fax: (310) 557-2193
Email: mfirestein@proskauer.com
           lrappaport@proskauer.com


*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

**MCCONNELL VALDÉS LLC**

270 Muñoz Rivera Avenue, Suite 7
Hato Rey, Puerto Rico 00918
PO Box 364225
San Juan, Puerto Rico 00936-4225
Telephone: 787-250-5632
Facsimile: 787-759-9225

By: */s/Arturo J. García-Solá*
Arturo J. García-Solá
USDC No. 201903
Email: ajg@mcvpr.com

By: */s/Alejandro J. Cepeda-Diaz*
Alejandro J. Cepeda-Diaz
USDC No. 222110
Email: ajc@mcvpr.com

By: */s/Nayuan Zouairabani*
Nayuan Zouairabani
USDC No. 226411
Email: nzt@mcvpr.com

*Attorneys for AmeriNational Community Services, LLC as servicer for the GDB Debt Recovery Authority*

**C. CONDE & ASSOC. LAW OFFICES**

By: */s/ Carmen D. Conde Torres*
Carmen D. Conde Torres
(USDC No. 207312)
*/s/ Luisa S. Valle Castro*
Luisa S. Valle Castro
(USDC No. 215611
254 San José Street, Suite 5
San Juan, PR 00901-1523
Tel. 787-729-2900
Fax. 787-729-2203
E-Mail: condecarmen@condelaw.com

**SCHULTE ROTH & ZABEL LLP**

By: */s/ Douglas S. Mintz*
Douglas S. Mintz (admitted *pro hac vice*)
901 Fifteenth Street, NW, Suite 800
Washington, D.C. 20005
Telephone: (202) 729-7470
Facsimile: (202) 730-4520
E-mail:  dmintz@orrick.com

-and-

Douglas Koff (admitted pro hac vice)
Abbey Walsh (admitted pro hac vice)
Peter J. Amend (admitted pro hac vice)
919 Third Avenue
New York, N.Y. 10022
Tel:  212-756-2000
Fax:  212-593-5955
E-mail:  douglas.koff@srz.com
     abbey.walsh@srz.com
     peter.amend@srz.com

*Attorneys for Cantor-Katz Collateral Monitor LLC, as Collateral Monitor for GDB Debt Recovery Authority*

8

### CERTIFICATE OF SERVICE

I hereby certify that, on October 13, 2021, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants in this case.

*/s/ Hermann D. Bauer*
Hermann D. Bauer

**Exhibit A**

**Proposed Order**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>     Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

**ORDER GRANTING URGENT JOINT MOTION REGARDING RULE 30(b)(6)**
**DEPOSITION OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR**
**PUERTO RICO**

Upon consideration of the *Urgent Joint Motion Regarding Rule 30(b)(6) Deposition of Financial Oversight and Management Board for Puerto Rico*, dated October 13, 2021 (the "Motion"),[2] filed by the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of debtors the Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA," and collectively with the Commonwealth and ERS, the "Debtors") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA")[3], AmeriNational Community Services, LLC (the "Servicer"), as servicer for the GDB Debt Recovery Authority (the "DRA"), and Cantor-Katz Collateral Monitor LLC, which serves as the collateral monitor for Wilmington Trust, N.A. in connection with the new bonds issued by the DRA[4] (the "Collateral Monitor," and together with the Servicer, collectively, the "DRA Parties"); and the Court having jurisdiction over this matter under 28 U.S.C. § 1331, and under section 306(a)-(b) of PROMESA, 48 U.S.C. § 2166(a)-(b); and venue being proper under section 307(a) of PROMESA, 48 U.S.C. § 2167(a); and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED** that the Motion and the agreements embodied therein are approved and granted in full;

**ORDERED** that the DRA Parties shall be authorized to take a deposition of the EY Representative in connection with the Deposition Notice served on the Oversight Board pursuant to Federal Rule of Civil Procedure 30(b)(6) on October 20, 2021, following the close of discovery as set forth in the Amended Confirmation Procedures Order;

---

[3] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[4] The DRA bonds were issued pursuant to the *Government Development Bank for Puerto Rico Debt Restructuring Act*, Act No. 109-2017, as amended by Act No. 147-2018.

**ORDERED** that the DRA Parties shall be precluded from seeking leave to extend any
deadlines set forth in the Amended Confirmation Procedures Order based on the timing of the
deposition of the EY Representative, including, but not limited to, seeking leave to extend the
Objection Deadline or to supplement any Objections filed on or before the Objection Deadline
with testimony or other information disclosed at the deposition of the EY Representative.

**ORDERED** that this Court shall retain jurisdiction with respect to all matters relating to
the interpretation and implementation of this Order.

**SO ORDERED.**

Dated: _____, 2021

_____
Honorable Laura Taylor Swain
United States District Court Judge