UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO,
*et al.*,

    Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS
(Jointly Administered)

## AAFAF'S RESPONSES AND OBJECTIONS TO INTERROGATORIES OF INDIVIDUAL BONDHOLDER (PETER C. HEIN) – SET 1

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

person or a business, proprietorship, firm, partnership, corporation, association, organization, or other entity and their officers and employees reasonably likely to possess information relevant to the Plan of Adjustment.

15. AAFAF objects to the definition of the terms "You," "Your," "you," and "your" as overbroad because they encompass individuals and entities without regard to their connection or relevance to the Plan of Adjustment. In responding to the Requests, AAFAF will construe "You," "Your," "you," and "your" to mean AAFAF and its officers and employees reasonably likely to possess information relevant to the Plan of Adjustment.

16. AAFAF objects to Additional Instruction No. 1, Additional Instruction No. 2, Additional Instruction No. 3, Additional Instruction No. 4, and Additional Instruction No. 6 to the extent that they require procedures that are inconsistent with, not authorized by, or exceed those required by the Governing Rules. AAFAF further objects to providing a privilege log unless necessary to substantiate a claim of privilege, consistent with the Governing Rules. AAFAF expressly reserves the right to provide a categorical privilege log.

17. AAFAF objects to Additional Instruction No. 5 because the stated time period of "July 1, 2016 through the date of your response" is overbroad and unduly burdensome.

18. The above General Objections are incorporated into each of the following specific Objections and Responses.

## SPECIFIC OBJECTIONS AND RESPONSES

<u>**INTERROGATORY 1**</u>:

State whether any individual bondholders whose size of holdings fall or fell within the threshold to qualify as Retail Investors under the Plan were offered the opportunity to receive the 1.5% consummation fee and, if so, identify when and how that offer was made to such individual bondholders and produce all Documents that reflect or relate to such offer.

EXHIBIT LL 000212

**RESPONSE TO INTERROGATORY 1:**

In addition to its General Objections, incorporated herein by this reference, AAFAF objects to this Interrogatory as overbroad, unduly burdensome, and not relevant to the parties' claims or objections in connection with the Plan of Adjustment. AAFAF further objects to this Interrogatory to the extent it seeks information not in AAFAF's possession, custody, or control. AAFAF further objects to this Interrogatory because it is better directed to the Oversight Board.

**INTERROGATORY 2:**

State (i) whether individual bondholders whose size of holdings fall or fell within the threshold to qualify as Retail Investors under the Plan and who wish to receive the 1.5% consummation fee could in the past receive such 1.5% fee, or can do so at this time, without agreeing to the releases, including the releases of non-debtors, that appear in the PSA and in the plan, and (ii) whether individual bondholders whose size of holdings fall or fell within the threshold to qualify as Retail Investors under the Plan and who wish to receive the 1.321% restriction fee could in the past receive such fee, or can do so at this time, without agreeing to the releases, including the releases of non-debtors, that appear in the PSA and in the plan, and, if so, explain how a bondholder who does not wish to agree to the releases, including the releases of non-debtors, that appear in the PSA and in the plan could or can receive the 1.5% consummation fee and/or the 1.321% restriction fee.

**RESPONSE TO INTERROGATORY 2:**

In addition to its General Objections, incorporated herein by this reference, AAFAF objects to this Interrogatory as overbroad, unduly burdensome, and not relevant to the parties' claims or objections in connection with the Plan of Adjustment. AAFAF further objects to this Interrogatory to the extent it seeks information not in AAFAF's possession, custody, or control. AAFAF further objects to this Interrogatory because it is better directed to the Oversight Board.

**INTERROGATORY 3:**

Identify each individual bondholder whose size of holdings fall or fell within the threshold to qualify as a Retail Investor and who participated in the negotiation of the plan or of the treatment of GO and/or PBA bondholders under the plan, whether in the course of mediation or otherwise, including by name, affiliations with firms or entities, address, email, phone number, and whether the individual qualifies or qualified as a Retail Investor as defined in the Plan, and identify the claim number or other information that would show the nature and

7

EXHIBIT LL 000213

magnitude of all claims such individual bondholder and any firm or entity the individual is affiliated with may have in these Title III cases.

**RESPONSE TO INTERROGATORY 3:**

In addition to its General Objections, AAFAF objects to this Interrogatory as overbroad, unduly burdensome, and not relevant to the parties' claims or objections in connection with the Plan of Adjustment. AAFAF further objects to this Interrogatory to the extent it seeks information not in AAFAF's possession, custody, or control. AAFAF further objects to this Interrogatory because it is better directed to the Oversight Board.

**INTERROGATORY 4:**

Is there any agreement with any person, or other prohibition or restraint imposed by any person, that prohibits You from producing in discovery in these proceedings a copy of (i) any of the Documents requested in Peter Hein's Requests for Production – Set 1, Request No. 9, or Peter Hein's Requests for Production – Set 2, Request Nos. 50 and 51; or (ii) any Communication with, to or from the IRS from July 1, 2016 to present. If so, identify and describe such agreement or prohibition or restraint, and produce copies of any such agreement or prohibition or restraint.

**RESPONSE TO INTERROGATORY 4:**

In addition to its General Objections, AAFAF objects to this Interrogatory as overbroad, unduly burdensome, and not relevant to the parties' claims or objections in connection with the Plan of Adjustment. AAFAF is willing to meet and confer with Mr. Hein regarding this Interrogatory.

**INTERROGATORY 5:**

State whether any person who is not an employee, officer, attorney for, or agent of, FOMB, AAFAF, Commonwealth or the IRS has been sent or provided one or more copies, in any form, of any Document requested in Peter Hein's Requests for Production – Set 1, Request No. 9, or Peter Hein's Requests for Production – Set 2, Request Nos. 50 and 51. If so, identify who, what Documents they have been sent or provided and when they were provided those Documents.

**RESPONSE TO INTERROGATORY 5:**

In addition to its General Objections, AAFAF objects to this Interrogatory to the extent it seeks information protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. AAFAF further objects to this Interrogatory as overbroad, unduly burdensome, and not relevant to the parties' claims or objections in connection with the Plan of Adjustment.

**INTERROGATORY 6:**

State (i) the amount of the 1.03% of Property Tax billed, and (ii) the amount of the 1.03% of Property Tax collected, for each fiscal year from July 1, 2016 through June 30, 2021 by or for Commonwealth.

**RESPONSE TO INTERROGATORY 6:**

In addition to its General Objections, incorporated herein by this reference, AAFAF objects to this Interrogatory as duplicative of Request #1 and #2 of *Requests for Production of Individual Bondholder (Peter C. Hein) – Set 1*. AAFAF further objects to this Interrogatory to the extent it seeks information that is public or otherwise already available to Mr. Hein. AAFAF further objects to this Request as overbroad, unduly burdensome, and not relevant to the parties' claims or objections in connection with the Plan of Adjustment.

Subject to and without waiving the foregoing general and specific objections, AAFAF responds as follows:

AAFAF, under Federal Rule of Civil Procedure 33(d), directs Mr. Hein to the documents bates stamped AAFAF_CONF_0008624.[2]

---

[2] The cited document depicts among other things the amount of the 1.03% of Property Tax billed and the amount of the 1.03% property tax collected for FY16-FY20. As noted in AAFAF's correspondence dated September 24, 2021, this figure shows, per fiscal year, the amounts collected that were billed in that same fiscal year. The monthly balance of the bank account holding the 1.03% property tax is reflected in the Summary of Bank Account Balances

9

EXHIBIT LL    000215

**RESPONSE TO INTERROGATORY 8:**

In addition to its General Objections, incorporated herein by this reference, AAFAF objects to this Interrogatory as overbroad, unduly burdensome, and not relevant to the parties' claims or objections in connection with the Plan of Adjustment. AAFAF further objects to this Interrogatory to the extent it seeks information not in AAFAF's possession, custody, or control. AAFAF further objects to this Interrogatory because it is better directed to the Oversight Board.

**INTERROGATORY 9:**

State the amount or estimated amount of Bond Claims held by Initial GO/PBA PSA Restriction Fee Creditors, as of the date of your response.

**RESPONSE TO INTERROGATORY 9:**

In addition to its General Objections, incorporated herein by this reference, AAFAF objects to this Interrogatory as overbroad, unduly burdensome, and not relevant to the parties' claims or objections in connection with the Plan of Adjustment. AAFAF further objects to this Interrogatory to the extent it seeks information not in AAFAF's possession, custody, or control. AAFAF further objects to this Interrogatory because it is better directed to the Oversight Board. AAFAF further objects to this Interrogatory because the amounts or estimated amounts of Bond Claims are provided in the publicly available proofs of claims, as well as in an EMMA filing dated June 25, 2021.[4]

**INTERROGATORY 10:**

Explain in detail why attendance reports for the months of November 2020 through July 2021 are not available, including whether a decision was made to stop producing such reports and, if so, by who and why.

---

[4] https://emma.msrb.org/P31428726-P31110213-P31520907.pdf.

11

EXHIBIT LL                                                                                           000216

**RESPONSE TO INTERROGATORY 10:**

In addition to its General Objections, incorporated herein by this reference, AAFAF objects to this Interrogatory to the extent it seeks information protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. AAFAF further objects to this Interrogatory as overbroad, unduly burdensome, and not relevant to the parties' claims or objections in connection with the Plan of Adjustment.

**INTERROGATORY 11:**

State the amount of (i) Christmas and (ii) other bonuses paid by Commonwealth to public employees for each fiscal year July 1, 2016 through June 30, 2021.

**RESPONSE TO INTERROGATORY 11:**

In addition to its General Objections, incorporated herein by this reference, AAFAF objects to this Interrogatory as duplicative of Request #23 and #24 of *Requests for Production of Individual Bondholder (Peter C. Hein) – Set 1*. AAFAF further objects to this Interrogatory to the extent it seeks information that is public or otherwise already available to Mr. Hein. AAFAF further objects to the term "other bonuses" as vague, ambiguous, and overbroad. AAFAF further objects to this Request as overbroad, unduly burdensome, and not relevant to the parties' claims or objections in connection with the Plan of Adjustment.

Subject to and without waiving the foregoing general and specific objections, AAFAF responds as follows:

AAFAF, under Federal Rule of Civil Procedure 33(d), directs Mr. Hein to the documents bates stamped AAFAF_CONF_0008454 (depicting Christmas Bonuses paid by the Commonwealth as reflected by the RHUM payroll system, FY16-21) and

12

EXHIBIT LL                    000217

AAFAF_CONF_0009236 (depicting PRIFAS extract of data for Summer Bonus and Medication Bonus paid by the Commonwealth to pensioners, FY16-21).

**INTERROGATORY 12:**

State the amount of, and describe the costs incurred or anticipated to be incurred by Commonwealth for, payments to or for the benefit of PREPA employees, and/or former PREPA employees, absorbed by or who transferred their employment to Commonwealth, its agencies and its instrumentalities.

**RESPONSE TO INTERROGATORY 12:**

In addition to its General Objections, incorporated herein by this reference, AAFAF objects to this Interrogatory to the extent it seeks information protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. AAFAF further objects to this Interrogatory to the extent it requires AAFAF to "describe the costs," rather than stating their amounts. This Interrogatory has already described the costs for which information is sought. AAFAF further objects to this Request as overbroad, unduly burdensome, and not relevant to the parties' claims or objections in connection with the Plan of Adjustment.

Subject to and without waiving the foregoing general and specific objections, AAFAF responds as follows:

AAFAF, under Federal Rule of Civil Procedure 33(d), will produce final, non-privileged, responsive document(s)—which AAFAF is currently creating in the ordinary course of business, and which are not yet completed—when they are completed in the ordinary course of business.

Case:17-03283-LTS Doc#:18760-24 Filed:10/26/21 Entered:10/26/21 17:06:26 Desc
Exhibit Hein OO Page Page 8 of 603

13

EXHIBIT LL                              000218

| | |
|---|---|
| Dated: September 27, 2021<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>O'MELVENY & MYERS LLP<br><br>/s/ *Peter Friedman*<br><br>John J. Rapisardi<br>(Admitted *Pro Hac Vice*)<br>7 Times Square<br>New York, NY 10036<br>Tel: (212) 326-2000<br>Fax: (212) 326-2061<br>Email: jrapisardi@omm.com<br><br>Peter Friedman<br>(Admitted *Pro Hac Vice*)<br>1625 Eye Street, NW<br>Washington, DC 20006<br>Tel: (202) 383-5300<br>Fax: (202) 383-5414<br>Email: pfriedman@omm.com<br><br>Elizabeth L. McKeen<br>(Admitted *Pro Hac Vice*)<br>Ashley M. Pavel<br>(Admitted *Pro Hac Vice*)<br>610 Newport Center Drive, 17th Floor<br>Newport Beach, CA 92660<br>Tel: +1-949-823-6900<br>Fax: +1-949-823-6994<br>Email: emckeen@omm.com<br>apavel@omm.com<br><br>*Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority* |