UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>    Commonwealth.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

**RESPONSES AND OBJECTIONS OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS SOLE TITLE III REPRESENTATIVE OF THE COMMONWEALTH, TO INTERROGATORIES OF <u>INDIVIDUAL BONDHOLDER (PETER C. HEIN) - SET 1</u>**

Pursuant to Rule 26 and Rule 33 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure and section 310 of the *Puerto Rico Oversight, Management and Economic Stability Act* ("<u>PROMESA</u>"), the Local Rules of the United States Bankruptcy Court for the District of Puerto Rico, the Local Rules of the United States District Court for the District of Puerto Rico, and/or this Court's chambers practices and case management orders (collectively, the "<u>Governing Rules</u>"); and the Court's *Order Establishing Deadlines Concerning Objections to Confirmation and*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

privilege log unless necessary to substantiate a claim of privilege, consistent with the Governing Rules. The Commonwealth expressly reserves the right to provide a categorical privilege log.

17. The Commonwealth objects to the Interrogatories because the Interrogatories, including subparts, exceed the fifteen (15) interrogatories permitted pursuant to the Confirmation Procedures Order.

18. The above General Objections are incorporated into each of the following specific Responses.

### SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

State whether any individual bondholders whose size of holdings fall or fell within the threshold to qualify as Retail Investors under the Plan were offered the opportunity to receive the 1.5% consummation fee and, if so, identify when and how that offer was made to such individual bondholders and produce all Documents that reflect or relate to such offer.

### RESPONSE TO INTERROGATORY NO. 1:

The Commonwealth objects to this Interrogatory on the grounds that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan. The Commonwealth further objects to this Interrogatory because discovery regarding "any individual bondholders" and "all Documents" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with the Confirmation Hearing, and not proportional to the needs of the case. In addition, the Commonwealth objects to this Request on the grounds that it seeks information that may be protected by the mediation privilege, the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 1, 2, 3, 4, 5, 6, 8, 9, 12, 14, 15, and 16, and the specific objections above, the Commonwealth will not respond to this Interrogatory.

### INTERROGATORY NO. 2:

State (i) whether individual bondholders whose size of holdings fall or fell within the threshold to qualify as Retail Investors under the Plan and who wish to receive the 1.5% consummation fee could in the past receive such 1.5% fee, or can do so at this time, without agreeing to the releases, including the releases of non-debtors, that appear in the PSA and in the plan, and (ii) whether individual bondholders whose size of holdings fall or fell within the threshold to qualify as Retail Investors under the Plan and who wish to receive the 1.321% restriction fee could in the past receive such fee, or can do so at this time, without agreeing to the releases, including the releases of non-debtors, that appear in the PSA and in the plan, and, if so, explain how a bondholder who does not wish to agree to the releases, including the releases of non-Commonwealth, that appear in the PSA and in the plan could or can receive the 1.5% consummation fee and/or the 1.321% restriction fee.

### RESPONSE TO INTERROGATORY NO. 2:

The Commonwealth objects to this Interrogatory on the grounds that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan. The Commonwealth further objects to this Interrogatory because discovery regarding "any individual bondholders" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with the Confirmation Hearing, and not proportional to the needs of the case. The Commonwealth further objects to this Interrogatory because the Plan identifies the creditors who may receive fees and under what circumstances. Questions regarding what might have happened in the past and/or what a hypothetical Retail Investor would want in order to receive fees are not relevant, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with the Confirmation Hearing, and not proportional to the needs of the case In addition, the Commonwealth objects to this Request on the grounds that it seeks information that may be protected by the mediation privilege, the attorney-client privilege, the attorney work

8

product doctrine, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 1, 2, 3, 4, 5, 6, 8, 9, 12, 14, 15, and 16, and the specific objections above, the Commonwealth will not respond to this Interrogatory.

### INTERROGATORY NO. 3:

Identify each individual bondholder whose size of holdings fall or fell within the threshold to qualify as a Retail Investor and who participated in the negotiation of the plan or of the treatment of GO and/or PBA bondholders under the plan, whether in the course of mediation or otherwise, including by name, affiliations with firms or entities, address, email, phone number, and whether the individual qualifies or qualified as a Retail Investor as defined in the Plan, and identify the claim number or other information that would show the nature and magnitude of all claims such individual bondholder and any firm or entity the individual is affiliated with may have in these Title III cases.

### RESPONSE TO INTERROGATORY NO. 3:

The Commonwealth objects to this Interrogatory on the grounds that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan. The Commonwealth further objects to this Interrogatory because discovery regarding "each individual bondholder" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with the Confirmation Hearing, and not proportional to the needs of the case. In addition, the Commonwealth objects to this Request on the grounds that it seeks information that may be protected by the mediation privilege, the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 1, 2, 3, 4, 5, 6, 8, 9, 14, 15, and 16, and the specific objections above, the Commonwealth will not respond to this Interrogatory.

9

**INTERROGATORY NO. 4:**

Is there any agreement with any person, or other prohibition or restraint imposed by any person, that prohibits You from producing in discovery in these proceedings a copy of (i) any of the Documents requested in Peter Hein's Requests for Production - Set 1, Request No. 9, or Peter Hein's Requests for Production - Set 2, Request Nos. 50 and 51; or (ii) any Communication with, to or from the IRS from July 1, 2016 to present. If so, identify and describe such agreement or prohibition or restraint, and produce copies of any such agreement or prohibition or restraint.

**RESPONSE TO INTERROGATORY NO. 4:**

The Commonwealth objects to this Interrogatory on the grounds that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan. The Commonwealth further objects to this Interrogatory because discovery regarding (i) "any agreement with any person" and (ii) "any Communication with, to or from the IRS from July 1, 2016 to present," is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with the Confirmation Hearing, and not proportional to the needs of the case. The Commonwealth also objects to this Interrogatory because it is vague and ambiguous insofar as it requests information regarding "any . . . prohibition or restraint," without defining such terms.

In light of the General Objections identified in paragraphs 1, 2, 3, 4, 6, 8, 9, 11, 12, 13, 14, 15, and 16, and the specific objections above, the Commonwealth will not respond to this Interrogatory.

**INTERROGATORY NO. 5:**

State whether any person who is **not** an employee, officer, attorney for, or agent of, FOMB, AAFAF, Commonwealth or the IRS has been sent or provided one or more copies, in any form, of any Document requested in Peter Hein's Requests for Production - Set 1, Request No. 9, or Peter Hein's Requests for Production - Set 2, Request Nos. 50 and 51. If so, identify who, what Documents they have been sent or provided and when they were provided those Documents.

### RESPONSE TO INTERROGATORY NO. 5:

The Commonwealth objects to this Interrogatory on the grounds that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan. The Commonwealth further objects to this Interrogatory because discovery regarding "whether any person who is **not** an employee, officer, attorney for, or agent of, FOMB, AAFAF, Commonwealth or the IRS has been sent or provided one or more copies, in any form, of any Document requested in Peter Hein's Requests for Production - Set 1, Request No. 9, or Peter Hein's Requests for Production - Set 2, Request Nos. 50 and 51" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with the Confirmation Hearing, and not proportional to the needs of the case. In addition, the Commonwealth objects to this Request on the grounds that it seeks information that is protected by the mediation privilege, the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 1, 2, 3, 4, 6, 8, 9, 12, 14, 15, and 16, and the specific objections above, the Commonwealth will not respond to this Interrogatory.

### INTERROGATORY NO. 6:

State (i) the amount of the 1.03% of Property Tax billed, and (ii) the amount of the 1.03% of Property Tax collected, for each fiscal year from July 1, 2016 through June 30, 2021 by or for Commonwealth.

### RESPONSE TO INTERROGATORY NO. 6:

The Commonwealth objects to this Interrogatory on the grounds that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan. The Commonwealth also objects to this Interrogatory as duplicative of Request Nos. 1 and 2 of the *Requests for Production of Individual Bondholder (Peter C. Hein) – Set 1* (the "First RFPs"). The

Subject to the General Objections identified in paragraphs 1, 2, 3, 4, 6, 8, 9, 14, 15, and 16, and the specific objections above, the Commonwealth directs Mr. Hein to the document Bates stamped DS-065360 located in the Plan Depository in the folder labeled "Information Disclosed to Official Committee of Unsecured Creditors in Connection with Disclosure Statement Discovery Requests."

### INTERROGATORY NO. 10:

Explain in detail why attendance reports for the months of November 2020 through July 2021 are not available, including whether a decision was made to stop producing such reports and, if so, by who and why.

### RESPONSE TO INTERROGATORY NO. 10:

The Commonwealth objects to this Interrogatory on the grounds that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan. In addition, the Commonwealth objects to this Request on the grounds that it seeks information that is protected by the mediation privilege, the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 1, 2, 3, 4, 6, 8, 9, 14, 15, and 16, and the specific objections above, the Commonwealth will not respond to this Interrogatory.

### INTERROGATORY NO. 11:

State the amount of (i) Christmas and (ii) other bonuses paid by Commonwealth to public employees for each fiscal year July 1, 2016 through June 30, 2021.

### RESPONSE TO INTERROGATORY NO. 11:

The Commonwealth objects to this Interrogatory on the grounds that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan. The Commonwealth further objects to this Interrogatory as duplicative of Request Nos. 23 and 24 of

14

Dated: September 27, 2021
San Juan, Puerto Rico

Respectfully submitted,

*/s Margaret A. Dale*

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
Margaret A. Dale (*pro hac vice*)
Julia D. Alonzo (*pro hac vice*)
Laura Stafford (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board, as representative for the Commonwealth*

*/s/ Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board, as representative for the Commonwealth*