# Debtors' Ex. 22

Debtors' Ex. 22

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                     Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK-3283-LTS<br><br>(Jointly Administered) |

**AMENDED AND RESTATED STIPULATION (A) ALLOWING PRIFA BANS GUARANTEE CLAIM, (B) AUTHORIZING ESCROW OF PRIFA FUNDS AND (C) DIRECTING THE DISMISSAL OF LITIGATION WITH PREJUDICE**

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), on behalf of itself and as representative of the Commonwealth of Puerto Rico (the "Commonwealth") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] the Puerto Rico Infrastructure Financing Authority ("PRIFA"), by and through the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), Silver Point Capital, L.P., in its capacity as Owner Representative pursuant to the Noteholder Agreement (as defined below) ("Silver Point"), and MacKay Shields LLC, solely in its capacity as investment manager on behalf of one or more of its clients and accounts, and not

---

[1]  The Debtors in the jointly-administered Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

[2]  PROMESA is codified at 48 U.S.C. §§ 2101–2241.

in its individual capacity ("MacKay", and collectively with Silver Point, the "PRIFA BANs Bondholders", and, together with the Commonwealth and PRIFA, the "Parties") hereby enter into this stipulation (the "Amended Stipulation") and agree as follows:

**RECITALS**

A.     On or about March 1, 2015, PRIFA issued a series of bond anticipation notes designated as Puerto Rico Infrastructure Financing Authority, Dedicated Tax Fund Revenue Bond Anticipation Notes, Series 2015 (collectively, the "PRIFA BANs"), in the aggregate original principal amount of Two Hundred Forty-Five Million Nine Hundred Fifty-Five Thousand Dollars ($245,955,000.00), pursuant to Act No. 1 of 2015 of the Legislature of Puerto Rico, as amended, Act No. 44 of the Legislature of Puerto Rico, approved June 21, 1988, as amended, Resolution No. 15-06 adopted by PRIFA on February 27, 2015, and that certain Trust Agreement, dated as of March 1, 2015, (the "Trust Agreement"), between PRIFA and The Bank of New York Mellon, as trustee (the "Trustee"), relating to the PRIFA BANs, and that certain Noteholder Agreement (the "Noteholder Agreement"), dated March 1, 2015, between PRIFA and RBC Municipal Products, LLC.

B.     The PRIFA BANs are payable from, and asserted by the PRIFA BANs Bondholders and the Trustee to be secured by, a pledge of certain assets and revenues of PRIFA, which include (i) a $6.25 per barrel petroleum products tax on non-diesel products, (ii) any funds received by PRIFA pursuant to the terms of that certain Financial Assistance Agreement, dated as of March 1, 2015, between PRIFA and the Puerto Rico Highways and Transportation Authority, and (iii) any additional revenues pledged to PRIFA in accordance with the Trust Agreement, including any amounts received from the Commonwealth in accordance with its guarantee of payment of the PRIFA BANs.

ny-2069231 v6

C.      Payment of the PRIFA BANs is guaranteed by the Commonwealth and the good faith, credit and taxing power of the Commonwealth is pledged to the payment of the principal and interest of the PRIFA BANs.

D.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a) in the United States District Court for the District of Puerto Rico (the "Court"), commencing a case under Title III thereof (the "Commonwealth Title III Case").

E.      Pursuant to PROMESA section 315(b), the Oversight Board is the representative of the Commonwealth as the debtor in the Commonwealth Title III Case.

F.      On June 28, 2018, predecessors in interest to certain of the PRIFA BANs Bondholders filed proofs of claim, Claim Nos. 88593, 99448, 112113, 115645, 125736 and 138631, in the Commonwealth Title III Case with respect to liabilities allegedly associated with PRIFA BANs, in the aggregate amount of not less than $66,326,633.72 (the "Bondholders PRIFA/CW Claim").

G.      On May 24, 2018, the Trustee filed a proof of claim, Claim No. 19814, in the Commonwealth Title III Case with respect to liabilities allegedly associated with PRIFA BANs (the "Trustee PRIFA/CW Claim" and, together with the Bondholders PRIFA/CW Claim, the "CW BANs Claims").

H.      On April 1, 2019, predecessors in interest to certain of the PRIFA BANs Bondholders filed a complaint, styled Puerto Rico BAN (VL) LLC, et al. v. United States of America, Case No. 19-482C (Fed. Cl. Filed Apr. 1, 2019), currently pending in the United States Court of Federal Claims, seeking a declaratory judgment against the United States of America

3

and just compensation for the alleged unconstitutional taking of such PRIFA BANs

Bondholders' property by the Oversight Board (the "Takings Litigation").

     I.      On May 1, 2019, the Special Claims Committee of the Oversight Board (the

"SCC"), together with the Statutory Committee of Unsecured Creditors appointed in the

Commonwealth Title III Case (the "Creditors' Committee"), filed a complaint, styled The

Special Claims Committee of the Financial Oversight and Management Board, et al. v. The Bank

of New York Mellon, et al., Adv. Pro. No. 19-00269, currently pending in the Court, with respect

to, among other things, the PRIFA BANs, payments made with respect to the PRIFA BANs and

the validity and scope of any liens and security interests asserted by the Trustee and holders of

PRIFA BANs (the "Declaratory Judgment Litigation").

     J.      On May 2, 2019, the Oversight Board, the SCC and the Creditors' Committee

filed the complaints styled (i) The Financial Oversight and Management Board, et al. v. Ada R.

Valdivieso, et al., Adv. Pro. No. 19-00295, and (ii) The Special Claims Committee of the

Financial Oversight and Management Board, et al. v. Alan Friedman, et al., Adv. Pro. No. 19-

00296, each currently pending in the Court, seeking declaratory relief with respect to the

Commonwealth's guarantee of the PRIFA BANs and the avoidance of liens, if any, securing

such guarantee obligation (collectively, the "Lien Avoidance Litigation").

     K.      On January 8, 2020, the Creditors' Committee filed that certain Official

Committee of Unsecured Creditors' Omnibus Objection on Constitutional Debt Limit Grounds

to (I) Claim of Government Development Bank for Puerto Rico [Claim Number 29485] Based

on Certain Commonwealth-Issued Notes and on Commonwealth Guaranty of Certain Bonds

Issued by Port of Americas Authority, (II) Claim of ScotiaBank de Puerto Rico [Claim Number

47658] Based on Full Faith and Credit Note Issued by Puerto Rico General Services

ny-2069231 v6

Administration, and (III) Claims Filed or Asserted Against Commonwealth Based on
Commonwealth Guaranty of Certain Notes Issued by Puerto Rico Infrastructure Authority, dated
January 8, 2020 [ECF No. 9735], objecting to the proofs of claim asserted against the
Commonwealth in respect of the Commonwealth's guarantee of payment of the PRIFA BANs
(the "UCC Objection", and together with the Declaratory Judgment Litigation and the Lien
Avoidance Litigation, the "Title III BANs Litigation").

L.      On September 27, 2019, the Commonwealth filed that certain *Title III Joint Plan
of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 8765].

M.      On September 27, 2019, the Oversight Board issued a restructuring certification
pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the
Puerto Rico Public Buildings Authority ("PBA") pursuant to PROMESA section 304(a) in the
Court, commencing a case under Title III thereof.

N.      In addition to the Bondholders PRIFA/CW Claims, the PRIFA BANs
Bondholders hold and have asserted claims against the Commonwealth and/or PBA with respect
to other indebtedness.

O.      On February 9, 2020, the Oversight Board entered into that certain Plan Support
Agreement with, among others, holders of claims against the Commonwealth and PBA,
including the PRIFA BANs Bondholders, with respect to the terms and conditions for a plan of
adjustment for, among other Title III debtors, the Commonwealth and PBA, and setting forth the
proposed treatment for claims, including, without limitation, the CW BANs Claims.

P.      On February 28, 2020, the Oversight Board, on behalf of the Commonwealth,
PBA, and the Employees Retirement System of the Government of the Commonwealth of Puerto

ny-2069231 v6

Rico filed an amended plan of adjustment (the "Amended Plan") and corresponding disclosure statement (the "2020 Disclosure Statement").

Q.      On March 10, 2020, the Oversight Board, the Commonwealth, AAFAF, and Puerto Rico Ban (VL) LLC, Puerto Rico Ban (CI) LLC, Puerto Rico Ban (CIII) LLC, Puerto Rico Ban (CE) LLC, Puerto Rico Ban (IV) LLC, and Puerto Rico Ban (V) LLC entered into a stipulation (the "Initial Stipulation") [ECF No. 12189, Exhibit B], providing for, among other things, the resolution of the Takings Litigation, and the Title III BANs Litigation and the allowance of the Trustee PRIFA/CW Claim.

R.      On March 24, 2020, the Commonwealth filed a motion pursuant to Bankruptcy Rule 9019 seeking approval of the Initial Stipulation (the "Motion") [ECF No. 12189].

S.      Due to the onset of the COVID-19 pandemic and its effects on the people and the economy of the Commonwealth, the Oversight Board, on behalf of the Commonwealth, ERS, and PBA determined to adjourn prosecution of the 2020 Disclosure Statement and the Amended Plan.

T.      By agreement, consideration of the Motion has been adjourned from time to time, and is currently *sine die*.

U.      In January 2021, Puerto Rico Ban (VL) LLC, Puerto Rico Ban (CI) LLC, Puerto Rico Ban (CIII) LLC, Puerto Rico Ban (CE) LLC, Puerto Rico Ban (IV) LLC, and Puerto Rico Ban (V) LLC sold their holdings in PRIFA BANs to certain funds managed by Silver Point and Silver Point was named as Owner Representative in accordance with the Noteholder Agreement.

V.      On February 22, 2021, the Oversight Board entered into that certain Plan Support Agreement (the "2021 PSA"), with, among others, Silver Point with respect to the terms and conditions for a plan of adjustment for, among other Title III debtors, the Commonwealth, and

PBA, and setting forth the proposed treatment for claims, including, without limitation, the CW BANs Claims.

W.      In connection with the 2021 PSA, the Parties have determined to amend and restate the Initial Stipulation and the agreements set forth therein in accordance with the terms and provisions set forth herein.

X.      As set forth in the 2021 PSA, on or before March 8, 2021, the Oversight Board has agreed to file a Second Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al. (the "Second Amended Plan").

**NOW, THEREFORE,** in consideration of the foregoing, the Parties hereby agree as follows:

1.      On or about March 8, 2021, the Commonwealth, by and through the Oversight Board as its Title III representative, shall file a notice in the Commonwealth Title III Case withdrawing consideration of the Motion, without prejudice.

2.      On or prior to twenty (20) business days following the execution of the 2021 PSA, PRIFA shall deposit Twelve Million Six Hundred Fifty-Seven Thousand, Five Hundred and Eight Dollars and Eighty-One Cents ($12,657,508.81), in cash, into a segregated interest-bearing escrow account (the "Escrow Account"), held by a third-party escrow agent, for the payment of principal and accrued and unpaid interest on the PRIFA BANs, subject to and in accordance with the terms of this Amended Stipulation.

3.      The agreement governing the Escrow Account (the terms of which shall be reasonably acceptable to the Oversight Board, PRIFA, AAFAF and Silver Point) shall provide that, upon the occurrence of the effective date of the Second Amended Plan (the "Effective Date"), the funds held in the Escrow Account shall be released to the Trustee, for the benefit of

ny-2069231 v6

the holders of the PRIFA BANs, in payment of principal and accrued and unpaid interest with respect to the PRIFA BANs, in full and complete satisfaction of PRIFA's obligations pursuant to the PRIFA BANs, the Trust Agreement, the Financial Assistance Agreement and all other documents, agreements and instruments related thereto, including, without limitation, any claims and causes of action arising from or related to Section 8 of Article VI of the Constitution of the Government of Puerto Rico, 3 L.P.R.A §1914, and Commonwealth of Puerto Rico Administrative Bulletin Nos. OE-2015-46, OE-2016-27 and OE-2016-30, and the PRIFA BANs Bondholders shall take any and all necessary action as may be reasonably requested by the Oversight Board, the Commonwealth or PRIFA to cause the Trustee to release any and all liens and security interests granted, or alleged to have been granted, with respect to the PRIFA BANs, including, without limitation, the Trust Agreement and the Financial Assistance Agreement; provided, however, that, notwithstanding the foregoing, in the event that (i) the Court denies confirmation of the Second Amended Plan, (ii) prior to the Effective Date, the Confirmation Order (as defined in the Second Amended Plan) is vacated pursuant to a Final Order (as defined in the Second Amended Plan), (iii) the 2021 PSA is terminated solely as to Silver Point, (iv) the 2021 PSA is terminated as to all parties, or (v) this Amended Stipulation is terminated pursuant to the terms hereof, then, in each case, the funds held in the Escrow Account shall be released and returned promptly to PRIFA; and provided, further, to the extent the Trustee is unable to accept the funds held in the Escrow Account on the Effective Date in full and complete satisfaction of the PRIFA BANs and all related claims as set forth above, (a) the Parties shall use their reasonable best efforts to cause the distribution of the funds in the Escrow Account as contemplated herein and (b) the Government Parties shall have the right to terminate this

ny-2069231 v6

Amended Stipulation and the funds held in the Escrow Account shall be released and returned

promptly to PRIFA.

4.      The Second Amended Plan shall provide that, upon the Effective Date:

    a.  The Takings Litigation shall be deemed dismissed, with prejudice, and the
PRIFA BANs Bondholders shall take any and all necessary action, including,
without limitation, filing such motions, stipulations or other pleadings in the
United States Court of Federal Claims to effectuate such dismissal, of the
Takings Litigation, with prejudice, and to release the defendants therein of all
claims and causes of action with respect thereto; and

    b.  The Title III BANs Litigation, solely with respect to (1) the PRIFA BANs,
(2) payments made with respect to the PRIFA BANs, (3) the validity and
scope of any liens and security interests asserted by holders of PRIFA BANs
and the Trustee, and (4) the Commonwealth's guarantee of the PRIFA BANs
and solely with respect to (i) the Trustee and (ii) holders of PRIFA BANs that
have voted to accept the Second Amended Plan, shall be deemed dismissed
and/or denied, with prejudice, and the Oversight Board and the SCC shall take
any and all necessary action as may be reasonably requested by the Trustee or
such accepting holders of PRIFA BANs, including, without limitation, filing
such notices, stipulations or other pleadings in the Court, to effectuate such
dismissal and/or denial of the Title III BANs Litigation, with prejudice.

5.      On the Effective Date, in full and complete satisfaction of the Commonwealth's

obligations pursuant to the PRIFA BANs, (a)(i) the Trustee PRIFA/CW Claim shall be deemed

an Allowed CW Guarantee Bond Claim (as defined in the Second Amended Plan) in the

aggregate amount of Eighty-Three Million Five Hundred Eighty-Nine Thousand One Hundred

One Dollars and Sixty-Seven Cents ($83,589,101.67) (the "Allowed Claim") and (ii) the

Commonwealth shall make distributions to the Trustee with respect to the Allowed Claim in

accordance with the terms and provisions of the Second Amended Plan; and (b) subject to receipt

by the Trustee of the distributions set forth in decretal paragraph 3 hereof in accordance with the

terms thereof, the Bondholders PRIFA/CW Claim shall be deemed disallowed and expunged

from the claims registry of the Commonwealth Title III Case; provided, however, that, to the

9

extent Silver Point or the PRIFA BANs Bondholders, as the case may be, have not defaulted on their obligations pursuant to the 2021 PSA and this Amended Stipulation, in connection with the solicitation of acceptances and rejections to the Second Amended Plan, the Trustee PRIFA/CW Claim shall be deemed temporarily allowed solely for voting purposes in the amount of the Allowed Claim.

6.      From and after the date hereof, the PRIFA BANs Bondholders shall (a) vote to accept the Second Amended Plan, or direct the Trustee to vote and support the Second Amended Plan, in accordance with the terms and conditions of the 2021 PSA, (b) take any and all actions consistent with the terms and conditions of the 2021 PSA.

7.      In the event that PRIFA commences a case under Title III of PROMESA prior to its deposit of funds into the Escrow Account in accordance the provisions of decretal paragraphs 2 and 3 hereof, within thirty (30) days of the commencement thereof, PRIFA shall file and prosecute in good faith a motion with the Court to assume this Amended Stipulation.

8.      This Amended Stipulation shall terminate, and thereafter shall be null and void and deemed of no further force and effect upon the occurrence of one of the following events: (a) the 2021 PSA is terminated as to all parties, (b) Silver Point's termination of the 2021 PSA solely with respect to Silver Point in accordance with the terms and conditions of the 2021 PSA, (c) in Silver Point's sole discretion upon the Oversight Board or PRIFA's breach of any of the terms or provisions of this Amended Stipulation, or (d) in the Oversight Board's or AAFAF's sole discretion upon Silver Point's breach of any of the terms or provisions of the 2021 PSA or this Amended Stipulation.

9.      The parties hereto represent and warrant that they are duly authorized to enter into and be bound by this Amended Stipulation.

10

10.     The Court shall have jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Amended Stipulation.

11.     This Amended Stipulation may be executed in multiple counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which will be deemed an original, but all of which together will constitute one instrument.

12.     Upon execution of this Amended Stipulation, the Initial Stipulation shall be amended and superseded and of no further force or effect.

Dated: February 22, 2021

FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR
PUERTO RICO

By: _Brian Rosen_
Brian S. Rosen
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and
Management Board as representative for the
Commonwealth*

11

ny-2069231 v6

**THE COMMONWEALTH OF PUERTO RICO**

By: Financial Oversight and Management
Board for Puerto Rico, as representative of
the Commonwealth of Puerto Rico

By: _____
Brian S. Rosen
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and
Management Board as representative for the
Commonwealth*

12

THE PUERTO RICO FISCAL AGENCY
AND      FINANCIAL      ADVISORY
AUTHORITY, ON BEHALF OF THE
PUERTO   RICO   INFRASTRUCTURE
FINANCING AUTHORITY


By: _____

Name:  Julian Bayne Hernández

Title:  Deputy Executive Director

**SILVER POINT CAPITAL L.P.,** as
Owner Representative and as Investment
Manager on behalf of certain affiliated funds


By: _____
Name:   Stacey Hatch
Title:   Authorized Signatory

DocuSign Envelope ID: FCC3252E-72DE-4672-B289-976AA5C8E8B3

**MACKAY SHIELDS LLC,** solely in its
capacity as investment manager on behalf of
one or more of its clients and accounts, and
not in its individual capacity

By: _John Loffredo_
Name: John Loffredo
Title: Executive Managing Director

ny-2069231 v5