# Debtors' Ex. 27

Debtors' Ex. 27

## *13 L.P.R.A. § 10421*

Current through all acts translated by the Translation Office of the Puerto Rico Government through the 2011 Legislative Session and various acts from 2012 to the present. Appendices III (Rules of Civil Procedure) and IV (Rules of Evidence) of Title 32 have been replaced by Appendices V (Rules of Civil Procedure) and VI (Rules of Evidence) of Title 32 by Order of the Supreme Court dated Sept. 4, 2009, but the official translations are not yet available. Also, the official translations of Appendices XII through XXII of Title 3, which encompass various reorganization plans of the Puerto Rico Government and promulgated in 2010 through 2012, have not yet been received. For all missing translations, please consult the Spanish version

*Laws of Puerto Rico Annotated  >  TITLE THIRTEEN Taxation and Finance (Subts. 1 — 17)  > Subtitle 15 Puerto Rico Industrial Incentives Generally (Pts. I — III)  >  PART III. Other Tax Incentives (Chs. 941 — 984)  >  Chapter 942. Green Energy Incentives Act of Puerto Rico (Subchs. I — III)  >  Subchapter I. Preliminary Provisions (§ 10421)*

## § 10421. Definitions

For the purposes of this chapter, the following terms and phrases shall have the meaning stated hereinbelow, except where the context clearly indicates otherwise, and the terms importing the singular number shall be deemed to include the plural and vice versa:

**(1) Eligible activity.—**  Means:

**(a)**  Any business engaged in the production and sale, at a commercial level, of green energy for consumption in Puerto Rico, whether as the owner and direct operator of the production unit or as owner of a production unit operated by another person, in which case, both the owner and the operator shall be deemed to be businesses engaged in an eligible activity for the purposes of this chapter.

**(b)**  Green energy producer, as defined in this section, for consumption in Puerto Rico, provided that this is his/her main business.

**(c)**  Assembly of green energy generation equipment, including the installation of such equipment at the facilities of the green energy user to be produced by such equipment.

**(d)**  Property engaged in the generation of green energy.

**(2) Administration.—**  Means the Energy Affairs Administration created in §  10671 of this title, and attached to the Department of Economic Development and Commerce of Puerto Rico, as successor of the Puerto Rico Office of Energy ("Office of Energy"), attached to the Office of the Governor, created by virtue of Act No. 128 of June 29, 1977, subsequently transferred to the Department of Consumers Affairs and, through the Reorganization Plan No. 1 of December 9, 1993, to the Department of Natural Resources.

**(3) Environmental and social attributes.—**  For the purposes of this chapter, means all RECs qualities and characteristics that are inseparable and represent benefits to nature, the environment, and society that are produced from the energy generated by sustainable renewable energy or alternative renewable energy, but excluding energy attributes, as

defined; for the purposes of this chapter, environmental and social attributes include without limitation, reducing environmental pollutants such as carbon dioxide and other gas emissions which may cause the greenhouse effect.

**(4) Energy attributes.—** For the purposes of this chapter, means electric power benefit production (measured in megawatts-hour (MWh) unit or fractions) from a sustainable renewable energy source or alternative renewable energy source, and includes the use or consumption of electricity and the network's stability, its production capacity, and its contributions to Puerto Rico's electric power system.

**(5) Authority.—** Means the Puerto Rico Electric Power Authority.

**(6) Renewable biomass.—** Means any organic or biological material derived from organisms that have the potential to generate electricity, such as wood, waste, and alcohol-derived fuels; and includes natural biomass, which is produced naturally without human intervention; residual biomass, which is a byproduct or residue generated in agricultural, forest, and cattle activities, as well as solid residue from the food and agriculture industry and the wood-processing industry; for the purposes of this chapter it also includes any biomass similar in nature to those described, as designated by the Administration.

**(7) Renewable Energy Certificate or REC.—** Means a personal property that constitutes a tradable and negotiable asset or commodity that may be purchased, sold, assigned, and transferred between persons for any lawful purpose, which is equal to one (1) megawatt-hour of electricity generated from a sustainable renewable energy source or alternative renewable energy source (issued and registered pursuant to this chapter) and represents all environmental and social attributes, as defined in this chapter.

**(8) Internal Revenue Code of Puerto Rico.—** Means the Puerto Rico Internal Revenue Code of 1994, Act No. 120 of October 31, 1994, or any other subsequent law substituting it.

**(9) Evaluating Committee.—** Means the committee created in § 10428 of this title.

**(10) Participating cooperative.—** Means a cooperative described in §§ 1361 et seq. of Title 7, with which the Administration has entered into a participation agreement for the purposes of § 10429(a)(1) of this title.

**(11) Installation cost.—** Means the production unit acquisition, construction, and installation costs, and the costs associated with the engineering design needed to commence operations or functioning of such production unit.

**(12) Green Energy Production Tax Exemption Decree.—** Means any of the following: "exemption decree", "tax exemption", or merely "exemption", "decree", or "grant", which may be used indistinctively, as advisable, in order to illustrate what the text provides.

**(13) Developer.—** Means any natural or juridical person engaged in real property project development.

**(14) Municipal solid waste.—** Means nonhazardous solid waste generated in single or multi-family dwellings, camping or recreational areas, offices, industries, businesses, and similar establishments as a result of the use thereof during the basic activities of human beings and animals, specifically including trash, garbage, and human waste, and any other waste similar in nature, as designated by the Puerto Rico Solid Waste Authority.

**(15) Director.—** Means the Director of the Exemption Office.

**(16) Director of Development.—**  Means the Executive Director of the Industrial Development Company.

**(17) Executive Director.—**  Means the Executive Director of the Energy Affairs Administration.

**(18) Owner.—**  Means a person who is the titleholder of a production unit or, if not the legal titleholder thereof, if such person owns the production unit, or if the legal title was assigned to another person as part of a financing lease or sale and lease back.

**(19) Alternative renewable energy.—**  Means energy derived from the following sources:

    **(a)**  Conversion of municipal solid waste;

    **(b)**  landfill gas combustion;

    **(c)**  anaerobic digestion;

    **(d)**  fuel cells, and

    **(e)**  any other energy that the Administration may define in the future through regulations as alternative renewable energy.

**(20) Sustainable renewable energy.—**  Means energy derived from the following sources:

    **(a)**  Solar energy.

    **(b)**  Wind energy.

    **(c)**  Geothermal energy.

    **(d)**  Renewable biomass combustion.

    **(e)**  Renewable biomass gas combustion.

    **(f)**  Combustion of biofuel derived solely from renewable biomass.

    **(g)**  Qualified hydropower.

    **(h)**  Marine and hydrokinetic renewable energy, as that term is defined in Section 632 of the "Energy Independence and Security Act of 2007", Pub. L. 110-140, 42 U.S.C. § _17211_.

    **(i)**  Ocean thermal energy.

    **(j)**  Any other clean or renewable energy that the Administration may define in the future, through regulations or order, as renewable energy.

**(21) Green energy.—**  The term "green energy" includes both terms "sustainable renewable energy" and "alternative renewable energy".

**(22) Green Energy Fund.—**  Means the Green Energy Fund of Puerto Rico, as established in Subchapter II of this chapter.

**(23) Sustainable renewable energy source.—**  Means any electricity source that produces electric power through the use of sustainable renewable energy, as such term is defined in this chapter.

**(24) Alternative renewable energy source.—**  Means any electricity source that produces electric power through the use of alternative renewable energy, as such term is defined in this chapter.

**(25) Force majeure.—**  Means any unforeseeable or unavoidable event, including exceptional events caused by nature such as: earthquakes, floods, hurricanes, (e.g. "acts of God") and those events resulting from human actions such as riots, strikes, and wars, among others.

**(26) Corporations or Partnership controlled group.—**  Shall have the same meaning as provided in Section 1028 of the Puerto Rico Internal Revenue Code.

**(27) Green Energy Income ("GEI").—**  Means income earned or derived from the following sources:

**(a)**  The net income generated from the operation of an eligible activity by an exempt business that holds a decree granted by this chapter, which income is computed according to the Internal Revenue Code of Puerto Rico, adjusted by the special deductions provided by this chapter, including the income generated from the sale of RECs, as well as the income generated from the operation of such exempt business when taking an option under §  10436(b) of this title.

**(b)**  The income earned as a dividend or benefit by a corporation or partnership having stock or shareholding stakes in the exempt business making the distribution; provided that such income may be attributable to the GEI earned by such exempt business.

**(c)**  The net income generated by the exempt business that holds a decree granted by this chapter on account of a business interruption insurance policy; provided, that the employment level of the exempt business resulting from the action that originated the collection of such income is not reduced.

**(d)**  The net income generated from the sale of intangible assets and any other right to receive income related to activities or intangible assets related to the eligible activity and owned by the exempt business that holds a decree under this chapter.

**(28) Financial institution.—**  Means a person or an entity described in Section 1024(f)(4) of the Puerto Rico Internal Revenue Code.

**(29) Industrial or Tax Incentives Acts.—**  Means §§  10641 et seq. of this title, §§  10101 et seq. of this title, §§  6001 et seq. of Title 23, §§  1301 et seq. of Title 12, or any other previous or subsequent analogous act granting economic, tax or any other type of benefits for the production of green energy.

**(30) Exempt business.—**  Means a business engaged in an eligible activity, as defined in this chapter, established or to be established in Puerto Rico by a natural or juridical person, or a combination thereof, that may be organized under a common trade name and that has been granted one or several tax exemption decrees under this chapter.

**(31) Exempt predecessor business.—**  Means any of the following:

**(a)**  Any business which has or had any exemption under this chapter or any industrial or tax incentive act to engage in an eligible activity substantially similar to the one specified in the decree of a successor business; and which twenty-five percent (25%) of its issued and outstanding shares or proprietary interest is or was owned by the successor business or by any shareholder or owner of the successor business holding twenty-five percent (25%) or more of its shares or other proprietary interest of the successor business. This last requirement shall not apply in the case of predecessor businesses under § 10437(a)(4) of this title. For the purpose of this definition:

**(1)**  Holding of shares or any proprietary interest shall be determined in accordance with the rules concerning the holding of corporate stock or shareholding stakes under Subtitle A of the Internal Revenue Code of Puerto Rico.

**(2)**  Should any of the shareholders or owners of a successor business affected by such rules be able to prove, to the satisfaction of the Secretary of the Treasury, that the capital invested or to be invested in the successor business does not derive directly or indirectly from their spouses, straight-line ancestors or descendants, or siblings, but rather, that it derives from their own estate, such rules shall not apply.

**(32) Successor business.—**  Means any business that obtains a decree under this chapter for the production of green energy for consumption in Puerto Rico, whose activity is substantially similar to the one specified in the decree of the predecessor business, including a decree or grant under industrial or tax incentives laws, as established in this chapter.

**(33) Exemption Office.—**  Means the Industrial Tax Exemption Office.

**(34) Operator.—**  Means any person who controls, operates, or manages a production unit, sustainable renewable energy source or alternative renewable energy source.

**(35) Person.—**  Means any individual, partnership, enterprise, association, corporation, public corporation or entity whether or not under the jurisdiction of the Commission or the Administration.

**(36) Sustainable renewable energy producer.—**  Means any operator of a sustainable renewable energy source that generates and sells electricity at commercial level.

**(37) Alternative renewable energy producer.—**  Means the operator of an alternative renewable energy source that generates and sells electricity at commercial level.

**(38) Property devoted to the production of green energy.—**  Means any:

**(a)**  Real property, including lands and improvements or parts thereof, as well as any addition equal to not less than twenty-five percent (25%) of the area of the main facility devoted to the operations of an exempt business, and that is available, used, or owned by an exempt business that holds a decree granted under this chapter, in its development, organization, construction, establishment, or operation.

**(b)**  Group of machinery or equipment necessary for an exempt business that holds a decree granted under this chapter to engage in the activity that qualifies it for the granting of a tax exemption, which machinery or equipment is owned, installed or in any wise used under a contract by such exempt business.

For the purposes of this chapter, the term "property devoted to green energy production" shall not include the so-called financing leases.

**(39) Intangible property.—**  Means any patent, invention, formula, process, design, pattern, know-how, copyright, trade secret, literary, musical or artistic composition, trademark, factory seal, trade name, brand name, franchise, license, contract, method, program, system, procedures, capital gain, campaign, survey, trial, projection, estimates, customer list, technical data, or any other similar property.

**(40) Large-scale green energy project.—**  Means any project for the production of electric power through the use of green energy with capacity greater than one (1) megawatt (MW).

13 L.P.R.A. § 10421

**(41) Medium-scale green energy project.—**  Means any project for the production of electric power through the use of green energy with capacity greater than one hundred (100) kilowatt, and up to one (1) megawatt (MW).

**(42) Small-scale green energy project.—**  Means any project for the production of electric power through the use of green energy whose capacity is of up to one hundred (100) kilowatt (kW).

**(43) Substation.—**  Means a facility where the energy produced by wind turbines is converted to the voltage necessary in order to be connected to electric power transmission or distribution lines.

**(44) Secretary of Development.—**  Means the Secretary of the Department of Economic Development and Commerce of Puerto Rico.

**(45) Secretary of the Treasury.—**  Means the Secretary of the Department of the Treasury of Puerto Rico.

**(46) Green energy technology.—**  Means energy production technology, as provided in subsections (19) and (20) of this section.

**(47) Production unit.—**  Means a plant, machinery, or group of machinery and equipment installed in one or more locations, but which constitutes an integrated green energy project with capacity to produce green energy, including supplementary equipment and structures, such as those related to the distribution of energy produced or to the administrative operations of an exempt business, or green energy project, even when it conducts some of its operations outside of the facilities of such unit. The group of machinery and equipment, and supplementary facilities established in different locations shall be determined to constitute an integrated green energy project taking into account factors such as potential clients for the purchase of energy to be produced, financing agreements, operating efficiencies, managerial control and supervision of capital and human resources, and risk control, among others.

## History

—July 19, 2010, No. 83, §  1.4.

Annotations

## Notes

**HISTORY**

**Purpose.**

Section 1.2 of Act July 19, 2010, No. 83, provides:

"It is hereby declared as the public policy of the Government of Puerto Rico to achieve the diversification of energy sources and energy technology infrastructure by reducing our dependency on energy sources derived from fossil fuels such as petroleum; reducing and stabilizing our energy costs; controlling electricity

price volatility in Puerto Rico; reducing the flight of capital caused by the import of fossil fuels; preserving and improving our environment, natural resources and quality of life; promoting the conservation of energy and social well-being through various mechanisms such as setting and achieving goals within a mandatory timetable, and economic and tax incentives to stimulate the generation of electric power through sustainable renewable and alternative renewable energy sources.

"In order to comply with the purposes of this public policy, a special fund denominated the 'Green Energy Fund of Puerto Rico' shall be created to incentivize the establishment and development of sustainable renewable and alternative renewable energy projects in Puerto Rico. Furthermore, other tax benefits shall be granted to eligible activities by means of decree."

**Text references.**

The Puerto Rico Internal Revenue Code, mentioned in this section, was repealed by Act Jan. 31, 2011, No. 1, § 6100.01. Present similar provisions, see §§ 30011 et seq. of this title.

**Codification.**

As approved, subsection (31) has only one clause.

**Effectiveness.**

Section 3.6 of Act July 19, 2010, No. 83, provides: "This Act [this chapter] shall take effect immediately after its approval. Incentives and exemption applications under this Act shall be received until December 31, 2020. The tax impositions under this Act shall be in effect for the term during in which tax exemption grants awarded under this Act are in effect."

**Statement of motives.**

July 19, 2010, No. 83.

**Title.**

Section 1.1 of Act July 19, 2010, No. 83, provides: "This Act [this chapter] shall be known as the 'Green Energy Incentives Act of Puerto Rico'."

**Separability.**

Section 3.4 of Act July 19, 2010, No. 83, provides: "If any part, paragraph or section of this Act [this chapter] were to be ruled invalid, null or unconstitutional by a Court with jurisdiction, the ruling to such effect shall only affect such part, paragraph or section ruled invalid, null or unconstitutional. The headings of the chapters or sections of this Act are only included for reference or convenience purposes and do not constitute any part of this Act."

**Construction.**

Section 1.3 of Act July 19, 2010, No. 83, provides: "The provisions of this Act [this chapter] shall be construed liberally, in order to make the granting of the incentives provided under this Act feasible for eligible projects."

Laws of Puerto Rico Annotated

13 L.P.R.A. § 10421

Copyright © 2020 LAWS OF PUERTO RICO ANNOTATED, Copyright
1955-2014 by the Secretary of State of Puerto Rico and LEXISNEXIS of Puerto Rico, Inc. All rights reserved.

**End of Document**

## *13 L.P.R.A. § 10422*

Current through all acts translated by the Translation Office of the Puerto Rico Government through the 2011 Legislative Session and various acts from 2012 to the present. Appendices III (Rules of Civil Procedure) and IV (Rules of Evidence) of Title 32 have been replaced by Appendices V (Rules of Civil Procedure) and VI (Rules of Evidence) of Title 32 by Order of the Supreme Court dated Sept. 4, 2009, but the official translations are not yet available. Also, the official translations of Appendices XII through XXII of Title 3, which encompass various reorganization plans of the Puerto Rico Government and promulgated in 2010 through 2012, have not yet been received. For all missing translations, please consult the Spanish version

*Laws of Puerto Rico Annotated  >  TITLE THIRTEEN Taxation and Finance (Subts. 1 — 17)  > Subtitle 15 Puerto Rico Industrial Incentives Generally (Pts. I — III)  >  PART III. Other Tax Incentives (Chs. 941 — 984)  >  Chapter 942. Green Energy Incentives Act of Puerto Rico (Subchs. I — III)  >  Subchapter II. Green Energy Investment Incentives (§§ 10422 — 10442)*

## § 10422. Green Energy Fund of Puerto Rico—Purpose

For the purpose of promoting the generation of green energy markets and the development of mechanisms to incentivize the establishment, organization, and operation of green energy production units in Puerto Rico at commercial level, and to stimulate the development of sustainable energy systems that further energy use savings and efficiency, a special fund denominated the Green Energy Fund of Puerto Rico is hereby established pursuant to the short, medium, and long-term objectives of this chapter.

## History

—July 19, 2010, No. 83, § 2.1.

Laws of Puerto Rico Annotated
Copyright © 2020 LAWS OF PUERTO RICO ANNOTATED, Copyright
1955-2014 by the Secretary of State of Puerto Rico and LEXISNEXIS of Puerto Rico, Inc. All rights reserved.

**End of Document**

## *13 L.P.R.A. § 10423*

Current through all acts translated by the Translation Office of the Puerto Rico Government through the 2011 Legislative Session and various acts from 2012 to the present. Appendices III (Rules of Civil Procedure) and IV (Rules of Evidence) of Title 32 have been replaced by Appendices V (Rules of Civil Procedure) and VI (Rules of Evidence) of Title 32 by Order of the Supreme Court dated Sept. 4, 2009, but the official translations are not yet available. Also, the official translations of Appendices XII through XXII of Title 3, which encompass various reorganization plans of the Puerto Rico Government and promulgated in 2010 through 2012, have not yet been received. For all missing translations, please consult the Spanish version

*Laws of Puerto Rico Annotated  >  TITLE THIRTEEN Taxation and Finance (Subts. 1 — 17)  >  Subtitle 15 Puerto Rico Industrial Incentives Generally (Pts. I — III)  >  PART III. Other Tax Incentives (Chs. 941 — 984)  >  Chapter 942. Green Energy Incentives Act of Puerto Rico (Subchs. I — III)  >  Subchapter II. Green Energy Investment Incentives (§§ 10422 — 10442)*

## § 10423. Green Energy Fund of Puerto Rico—Creation; special deposit

**(a)**  A special fund is hereby created and established to be denominated the Green Energy Fund of Puerto Rico, separate from the General Fund of the Government of Puerto Rico. The Department of the Treasury shall establish said fund as a special fund, separate from other government funds, as provided hereinbelow:

**(1)**  Starting on Fiscal Year 2011-2012, the first collections from excise taxes on account of motor vehicles and motorcycles collected pursuant to Section 2011 of the Puerto Rico Internal Revenue Code shall be covered, when the Department of the Treasury receives them, into a special fund to be maintained by and in favor of the Green Energy Fund, designated as the "Green Energy Fund of Puerto Rico", and shall be used by the Green Energy Fund for the purposes set forth in this chapter up to the maximum amount of:

Fiscal Year Amount

2011-2012.....................$20,000,000

2012-2013.....................$20,000,000

2013-2014.....................$25,000,000

2014-2015..................... $30,000,000

2015-2016.....................$35,000,000

2016-2020.....................$40,000,000

In the event that the collections of such excise taxes are insufficient to cover the amounts herein appropriated, there shall be no debt, obligation, commitment whatsoever with public entities or third parties due to the partial or total omission of sufficient resources to cover the same. Provided, That for Fiscal Year 2014-2015, the sum of four million, five hundred thousand dollars ($4,500,000) of the balance available in this Fund as of the date of the approval of this act shall be transferred to the "Legal Liability Fund". Provided, further, That for

Fiscal Year 2015-2016, the sum of five million dollars ($5,000,000) in account number 1320000-274-081-2011, or in any other created for the same purposes in the Department of the Treasury's accounting system shall be transferred from this Fund to the "2015-2016 Legal Liability Fund". Provided, further, That for Fiscal Year 2016-2017, the sum of two million dollars ($2,000,000) in account number 1320000-274-081-2011 of the Department of the Treasury's accounting system shall be transferred from this Fund to the "Special Education Students Service and Therapy Fund", created by Act No. 73-2014. Provided, further, That for Fiscal Year 2016-2017, the sum of five million dollars ($5,000,000) shall be transferred from said account 1320000-274-081-2011 from the resources that continue to be covered into same, or any other account created for the same purposes in the Department of the Treasury's accounting system to the "Elections Support Fund".

**(2)** The Green Energy Fund is hereby empowered to set aside a portion of said funds in one or more subaccounts and to pledge such funds or part thereof to one or more subaccounts, subject to the provisions of Section 8 of Article VI of the Constitution of the Commonwealth of Puerto Rico, in order to comply with the obligations assumed pursuant to the provisions of this chapter that are consistent with the public interests established herein.

**(3)** If at the closing of any fiscal year, the Evaluating Committee, after taking into account the long-term contractual obligations authorized pursuant to this chapter, determines that there is a surplus or remainder of funds, they shall be transferred to the Secretary of the Treasury to be deposited in the General Fund. The existence of a surplus shall be ratified by the Green Energy Fund to the Secretary of the Treasury and the Office of Management and Budget for the latter to determine whether the transfer shall be made or the corresponding deposit, pursuant to subsection (a) of this section, shall be reduced in proportion with the notified surplus.

**(b)** The public interest sought by the activities of the Administration and the Green Energy Fund shall include the following:

**(1)** The development, use, and accessibility increase of green energy sources in Puerto Rico;

**(2)** the protection of the environment and the wellbeing of the health of the people of Puerto Rico through the prevention, mitigation, reduction, and relief of adverse effects;

**(3)** the distribution of the benefits obtained from the increase in diversity of fuel and electricity supplies for consumers in Puerto Rico;

**(4)** the promotion of higher investments from the public and/or private sector in, and promote competitive advantages for green energy, as well as enterprises, institutions, and projects related thereto in Puerto Rico, and

**(5)** the promotion of entrepreneurial activities in these enterprises, institutions, and projects.

**(6)** To guarantee that the commercial activity and the economic development of Puerto Rico is promoted and furthered.

**(c)** To further these public purposes and interests, the Administration shall grant by means of disbursements from the Green Energy Fund, incentives, contracts, loans, investment instruments, or energy production credits, provide financial aid, and take any other action, in any manner or under the terms and conditions it determines, in accordance with the criteria and procedures that the Administration may deem appropriate pursuant to the public policy set forth in this chapter, and consistent with sound business practices, including but not limited to the following:

**(1)** Promote the growth of the green energy producer industry.

(2)  Promote of the use of green energy by energy consumers in Puerto Rico.

(3)  Provide the public with training, preparation, and education in connection with green energy.

(4)  Develop products and marketing.

(5)  Demonstrations and pilot projects, and other activities designed to increase the use of and accessibility to green energy sources by and for consumers in Puerto Rico.

(6)  Provide financing in order to support the development and implementation of green energy technologies at all levels, including but not limited to marketing activities.

(7)  Preserve and maximize energy resources.

In the evaluation, analysis, consideration, award, renegotiation, and revision of any incentives or benefits granted by the Green Energy Fund, the Administration and its Executive Director shall be required to adopt, oversee, and ensure compliance with the Governing Principles set forth in § 10438(a) of this title. The Executive Director shall be the sole official responsible for verifying and ensuring that exempt businesses meet the eligibility requirements provided in the Green Energy Fund.

(d)  The Administration shall recommend, develop, and implement programs, projects, and initiatives in one or more of the manners provided in subsection (c) of this section. For each program, project, or initiative, the Administration may establish the necessary regulation for its implementation and administration. The regulation shall be adopted and amended from time to time, whenever necessary, to tend to the public purposes and interests of this subchapter, pursuant to the public policy of this chapter. The Administration shall be empowered to resort to or use the wide array of resources, expertise, and participation of all the agencies and instrumentalities of the Government of Puerto Rico, to the extent necessary, for the design and the implementation of programs, projects, or initiatives pursuant to this section. Prior to, and pending the approval of the regulation provided in this subsection, the only programs authorized to receive disbursements from the Puerto Rico Green Energy Fund shall be those described in § 10429 of this title.

(e)  Prior to the establishment of any program, project, or initiative in addition to the provisions of § 10429 of this title requiring the disbursement of money from the Green Energy Fund, the Administration shall submit a proposal to the Secretary of Development and the Evaluating Committee, which shall certify that such program, project or initiative is consistent with the public policy and the economic development of Puerto Rico.

(f)  As of the fiscal year ending on June 30, 2011, the Administration shall file an annual report with the Governor and the Legislature stating the disbursements and investments of the Green Energy Fund during the previous fiscal year and the Fund's compliance with the requirements and the provisions of this section, as well as any other recommendation to improve the capacity of the Administration and the fund to comply with the requirements and provisions of this section.

# History

—July 19, 2010, No. 83, §  2.2; July 1, 2014, No. 77, § 5; July 1, 2014, No. 78, § 3; July 2, 2015, No. 105, § 24; Nov. 17, 2015, No. 187, § 93; July 22, 2016, No. 81, § 7.

Annotations

# Notes

**HISTORY**

**Text references.**

The Puerto Rico Internal Revenue Code, mentioned in this section, was repealed by Act Jan. 31, 2011, No. 1, § 6100.01. Present similar provisions, see §§ 30011 et seq. of this title.

**Amendments**

**—2016.**

Subsection (a)(1): Act 2016, in the second paragraph added the fourth and fifth sentences.

**—2015.**

Subsection (b): Act Nov. 17, 2015, No. 187 added clause (6).

Subsection (c): Act Nov. 17, 2015, No. 187 added the second paragraph.

Subsection (a)(1): Act July 2, 2015, No. 105 added the third sentence of the second paragraph.

**—2014.**

Subsection (a): Act July 1, 2014, No. 78 amended clause (1) generally.

Subsection (a)(1): Act July 1, 2014, No. 77 added the reference to the Puerto Rico Internal Revenue Code of 2011 and amended the table generally.

**Separability.**

Section 17  of Act July 22, 2016, No. 81, provides: "If any clause, paragraph,  subparagraph, article, provision, section, subsection, or part of  this Act [which amended this section] were held to be unconstitutional  by a Court with jurisdiction, said holding to such effect shall not  affect, impair, or invalidate the remaining provisions of this Act.  The effect of such holding shall be limited to the clause, paragraph, subparagraph article, provision, section, subsection, or part thereof  held to be unconstitutional."

Section 29 of Act July 2, 2015, No. 105, provides: "If any clause, paragraph, subparagraph, article, provision, section or part of this Act [which amended this section] were held to be unconstitutional by a court with jurisdiction, said holding shall not affect, impair or invalidate the remaining provisions of this Act. The effect of said holding shall be limited to the clause, paragraph, subparagraph, article, provision, section or part thereof thus held to be unconstitutional."

Section 115 of Act Nov. 17, 2015, No. 187, provides: "If any section, subsection, paragraph, subparagraph or part, of this Act were held to be null or unconstitutional by any Court with jurisdiction, the remaining provisions of this Act shall remain in full force and effect."

13 L.P.R.A. § 10423

Section 36 of Act July 1, 2014, No. 77, provides: "If any section, subsection, paragraph, subpagraph, clause, subclause, or part of this Act [which amended this section] were held to be null or unconstitutional, the holding to such effect shall not affect, impair, or invalidate the remaining provisions thereof."

**Effectiveness.**

Section 116  of Act Nov. 17, 2015, No. 187, provides: "This Act shall take  effect immediately after its approval; however, the provisions of  Sections 69 through 80 shall become effective January 1, 2016, and the provisions of Sections 97 through 101, shall be effective for  transactions carried out after September 1, 2015."

Section 23  of Act July 1, 2014, No. 78, provides: "If any clause, paragraph,  subparagraph, article, provision, section or part of this Act were  held to be unconstitutional by a court with jurisdiction, said holding  shall not affect, impair or invalidate the remaining provisions of  this Act. The effect of said holding shall be limited to the clause,  paragraph, subparagraph, article, provision, section or part thereof  thus held to be unconstitutional."

**Statement of motives.**

July 1, 2014, No. 77.

July 1, 2014, No. 78.

July 2, 2015, No. 105.

Nov. 17, 2015, No. 187.

July 22, 2016,  No. 81.

Laws of Puerto Rico Annotated
Copyright © 2020 LAWS OF PUERTO RICO ANNOTATED, Copyright
1955-2014 by the Secretary of State of Puerto Rico and LEXISNEXIS of Puerto Rico, Inc. All rights reserved.

End of Document

## *13 L.P.R.A. § 10424*

Current through all acts translated by the Translation Office of the Puerto Rico Government through the 2011 Legislative Session and various acts from 2012 to the present. Appendices III (Rules of Civil Procedure) and IV (Rules of Evidence) of Title 32 have been replaced by Appendices V (Rules of Civil Procedure) and VI (Rules of Evidence) of Title 32 by Order of the Supreme Court dated Sept. 4, 2009, but the official translations are not yet available. Also, the official translations of Appendices XII through XXII of Title 3, which encompass various reorganization plans of the Puerto Rico Government and promulgated in 2010 through 2012, have not yet been received. For all missing translations, please consult the Spanish version

*Laws of Puerto Rico Annotated  >  TITLE THIRTEEN Taxation and Finance (Subts. 1 — 17)  > Subtitle 15 Puerto Rico Industrial Incentives Generally (Pts. I — III)  >  PART III. Other Tax Incentives (Chs. 941 — 984)  >  Chapter 942. Green Energy Incentives Act of Puerto Rico (Subchs. I — III)  >  Subchapter II. Green Energy Investment Incentives (§§ 10422 — 10442)*

## § 10424. Collection mechanism

**(a)**  In addition to the Special Deposit set forth in §  10423(a) of this title, the Green Energy Fund shall be authorized to request and receive any state or federal funds available for the purposes for which it was created, and may receive funds from donations by private nongovernmental entities engaged in development, promotion, and other purposes related to green energy production, in full compliance with the Ethics in Government Act, §§  1854 et seq. of Title 3. The definition of "private nongovernmental entity" shall be provided by the Administration through regulations.

**(b)**  RECs processing costs or the fines and penalties imposed by the Administration, as authorized under this chapter, shall also be deposited into the Green Energy Fund.

## History

—July 19, 2010, No. 83, §  2.3.

Laws of Puerto Rico Annotated
Copyright © 2020 LAWS OF PUERTO RICO ANNOTATED, Copyright
1955-2014 by the Secretary of State of Puerto Rico and LEXISNEXIS of Puerto Rico, Inc. All rights reserved.

End of Document

## *13 L.P.R.A. § 10425*

Current through all acts translated by the Translation Office of the Puerto Rico Government through the 2011 Legislative Session and various acts from 2012 to the present. Appendices III (Rules of Civil Procedure) and IV (Rules of Evidence) of Title 32 have been replaced by Appendices V (Rules of Civil Procedure) and VI (Rules of Evidence) of Title 32 by Order of the Supreme Court dated Sept. 4, 2009, but the official translations are not yet available. Also, the official translations of Appendices XII through XXII of Title 3, which encompass various reorganization plans of the Puerto Rico Government and promulgated in 2010 through 2012, have not yet been received. For all missing translations, please consult the Spanish version

*Laws of Puerto Rico Annotated  >  TITLE THIRTEEN Taxation and Finance (Subts. 1 — 17)  > Subtitle 15 Puerto Rico Industrial Incentives Generally (Pts. I — III)  >  PART III. Other Tax Incentives (Chs. 941 — 984)  >  Chapter 942. Green Energy Incentives Act of Puerto Rico (Subchs. I — III)  >  Subchapter II. Green Energy Investment Incentives (§§ 10422 — 10442)*

## § 10425. RECs characteristics and acquisition by the Green Energy Fund

**(a)**  The Green Energy Fund may acquire, sell, and otherwise lawfully transfer or use the RECs for any present or future public purpose of commercial, financial, or industrial nature under any state, federal, or international law, as an acquired commodity that can be disposed of.

**(b)**  The RECs to be issued annually pursuant to this chapter shall indicate the total megawatt-hours (MWh) of energy generated from a renewable sustainable or alternative sustainable energy source, the year in which such energy was generated, and the source that generated it. The ownership of each REC issued shall be held by the energy source that generated the electricity until the ownership of each REC is sold, assigned, or otherwise lawfully transferred.

**(c)**  For tax purposes, the purchase, sale, assignment or transfer of RECs shall have the following effects:

**(1) Tax base.—**  The tax base for each REC for a business engaged in green energy production that generates RECs from its operations in Puerto Rico shall be equal to the RECs issue and processing costs, pursuant to §  10426 of this title. The basis of the RECs shall not include production costs of the green energy generated in the operation related to such RECs.

**(2) Regular income.—**  Any income or proceeds derived by a business engaged in the production of green energy from the sale of RECs originating from its operations in Puerto Rico shall be treated as a regular income derived from such operation in Puerto Rico, and as a green energy income for the purposes of this chapter, except that said income or proceed shall be exempt from licenses and other municipal taxes.

**(3) Capital gain.—**  RECs shall be excluded from the definition of capital assets, as provided in Section 1121 of the Internal Revenue Code. However:

**(A)**  They shall be treated as capital gain, and the corresponding provisions of the Internal Revenue Code of Puerto Rico shall apply, regarding the disposal of a capital asset,

13 L.P.R.A. § 10425

including the applicable tax rate, basis, and holding period of the RECs, among others, the proceeds derived from the sale of a REC by a person who acquired such REC by purchasing it and subsequently disposed of it in exchange for cash or property.

**(B)**  The income derived from the disposal of a REC by a person who acquired such REC by purchasing it and subsequently disposed of the same shall be exempt from licenses and other municipal taxes.

**(C)**  Any person engaged in the trade or business of purchasing and reselling RECs shall be excluded from this treatment.

**(4) Retirement and cancellation of RECs.—**  Any person who, in conducting such trade or business, to comply with the requirements of the renewable portfolio standard, acquires RECs by means of purchase, assignment or transfer in order to promote green energy sources development, may deduct from his/her regular income the cost of acquisition of the REC or the basis acquired in the assignment or transfer thereof. This deduction shall not be available until the REC is retired or cancelled.

**(5) Income from source within Puerto Rico.—**  The proceeds of the sale or disposal of a REC outside of Puerto Rico, generated in the operation of a green energy project located in Puerto Rico performed by individuals who are not residents of Puerto Rico or by a foreign entity not engaged in a trade or business in Puerto Rico shall not be deemed to be income from sources in Puerto Rico.

**(6)**  RECs shall be exempt from municipal or state property taxes.

# History

—July 19, 2010, No. 83, §  2.4.

Annotations

# Notes

**HISTORY**

**Text references.**

The Puerto Rico Internal Revenue Code, mentioned in this section, was repealed by Act Jan. 31, 2011, No. 1, §  6100.01. Present similar provisions, see §§  30011 et seq. of this title.

**Codification.**

Paragraphs (i)—(iii) of subsection (c)(3) were redesignated as (A)—(C) pursuant to L.P.R.A. style.

Laws of Puerto Rico Annotated
Copyright © 2020 LAWS OF PUERTO RICO ANNOTATED, Copyright
1955-2014 by the Secretary of State of Puerto Rico and LEXISNEXIS of Puerto Rico, Inc. All rights reserved.

13 L.P.R.A. § 10425

**End of Document**

## *13 L.P.R.A. § 10426*

Current through all acts translated by the Translation Office of the Puerto Rico Government through the 2011 Legislative Session and various acts from 2012 to the present. Appendices III (Rules of Civil Procedure) and IV (Rules of Evidence) of Title 32 have been replaced by Appendices V (Rules of Civil Procedure) and VI (Rules of Evidence) of Title 32 by Order of the Supreme Court dated Sept. 4, 2009, but the official translations are not yet available. Also, the official translations of Appendices XII through XXII of Title 3, which encompass various reorganization plans of the Puerto Rico Government and promulgated in 2010 through 2012, have not yet been received. For all missing translations, please consult the Spanish version

*Laws of Puerto Rico Annotated  >  TITLE THIRTEEN Taxation and Finance (Subts. 1 — 17)  > Subtitle 15 Puerto Rico Industrial Incentives Generally (Pts. I — III)  >  PART III. Other Tax Incentives (Chs. 941 — 984)  >  Chapter 942. Green Energy Incentives Act of Puerto Rico (Subchs. I — III)  >  Subchapter II. Green Energy Investment Incentives (§§ 10422 — 10442)*

## § 10426. RECs processing by the Administration

The Administration may establish, for each processed REC, a reasonable processing fee to be paid by the owner of the REC. The processing fee may be including the value of each processed REC. Any income earned by means of the processing fees imposed shall be used to take the proper and necessary actions that ensure the attainment of the purposes and objectives of this chapter.

## History

—July 19, 2010, No. 83, §  2.5.

Laws of Puerto Rico Annotated
Copyright © 2020 LAWS OF PUERTO RICO ANNOTATED, Copyright
1955-2014 by the Secretary of State of Puerto Rico and LEXISNEXIS of Puerto Rico, Inc. All rights reserved.

End of Document

## *13 L.P.R.A. § 10427*

Current through all acts translated by the Translation Office of the Puerto Rico Government through the 2011 Legislative Session and various acts from 2012 to the present. Appendices III (Rules of Civil Procedure) and IV (Rules of Evidence) of Title 32 have been replaced by Appendices V (Rules of Civil Procedure) and VI (Rules of Evidence) of Title 32 by Order of the Supreme Court dated Sept. 4, 2009, but the official translations are not yet available. Also, the official translations of Appendices XII through XXII of Title 3, which encompass various reorganization plans of the Puerto Rico Government and promulgated in 2010 through 2012, have not yet been received. For all missing translations, please consult the Spanish version

*Laws of Puerto Rico Annotated  >  TITLE THIRTEEN Taxation and Finance (Subts. 1 — 17)  >  Subtitle 15 Puerto Rico Industrial Incentives Generally (Pts. I — III)  >  PART III. Other Tax Incentives (Chs. 941 — 984)  >  Chapter 942. Green Energy Incentives Act of Puerto Rico (Subchs. I — III)  >  Subchapter II. Green Energy Investment Incentives (§§ 10422 — 10442)*

## § 10427. Puerto Rico Green Energy Fund Administration

**(a)**  The Administration is hereby empowered to administer the Green Energy Fund of Puerto Rico, which shall oversee the development and implementation of green energy sources initiatives, projects, and programs, as established in this chapter.

**(b)**  The Administration shall be charged with the administration of the funds available for each fiscal year to administer and grant the incentives set forth in §  10429 of this title, subject to the supervision of the Evaluating Committee created in §  10428 of this title.

**(c)**  The Administration shall be empowered to disclose, market, negotiate, purchase, sell, or otherwise lawfully transfer or assign the ownership of the acquired RECs.

## History

—July 19, 2010, No. 83, §  2.6.

Laws of Puerto Rico Annotated
Copyright © 2020 LAWS OF PUERTO RICO ANNOTATED, Copyright
1955-2014 by the Secretary of State of Puerto Rico and LEXISNEXIS of Puerto Rico, Inc. All rights reserved.

**End of Document**

## *13 L.P.R.A. § 10428*

Current through all acts translated by the Translation Office of the Puerto Rico Government through the 2011 Legislative Session and various acts from 2012 to the present. Appendices III (Rules of Civil Procedure) and IV (Rules of Evidence) of Title 32 have been replaced by Appendices V (Rules of Civil Procedure) and VI (Rules of Evidence) of Title 32 by Order of the Supreme Court dated Sept. 4, 2009, but the official translations are not yet available. Also, the official translations of Appendices XII through XXII of Title 3, which encompass various reorganization plans of the Puerto Rico Government and promulgated in 2010 through 2012, have not yet been received. For all missing translations, please consult the Spanish version

*Laws of Puerto Rico Annotated  >  TITLE THIRTEEN Taxation and Finance (Subts. 1 — 17)  >  Subtitle 15 Puerto Rico Industrial Incentives Generally (Pts. I — III)  >  PART III. Other Tax Incentives (Chs. 941 — 984)  >  Chapter 942. Green Energy Incentives Act of Puerto Rico (Subchs. I — III)  >  Subchapter II. Green Energy Investment Incentives (§§ 10422 — 10442)*

## § 10428. Evaluating Committee

**(a)**   The operation of the Green Energy Fund shall be under the supervision of an Evaluating Committee composed of three (3) ex officio members, to wit: the Secretary of Development, the President of the Government Development Bank, and the Secretary of the Treasury, or their respective proxies.

**(b)**   The Evaluating Committee shall be chaired by the Secretary of Development.

**(c)**   The Evaluating Committee shall determine the internal procedures and shall assemble periodically or as necessary to comply with the purposes of this chapter.

**(d)**   The functions of the Evaluating Committee shall be the following, among others:

**(1)**   To receive and review periodic reports of the Administration on the incentives granted to small-scale green energy projects, under §  10429(a)(1) of this title.

**(2)**   To certify the quarterly competitive adjudication process under §  10429(a)(2)(A) of this title, including medium-scale green energy projects selected on each competitive adjudication for the purpose of the incentives provided in §  10429(a)(2) of this title.

**(3)**   To approve any disbursement of five hundred thousand dollars ($500,000) or more from the Green Energy Fund.

**(4)**   To receive and review periodic reports of the Administration on the operations of the Green Energy Fund, including but not limited to, the income and disbursements thereof, amounts earmarked for future disbursements; administrative expenses; green energy projects and programs established or in process; future projections and strategic plan to achieve the goals and objectives of this chapter.

## History

13 L.P.R.A. § 10428

—July 19, 2010, No. 83, §  2.7.


Laws of Puerto Rico Annotated

Copyright © 2020 LAWS OF PUERTO RICO ANNOTATED, Copyright

1955-2014 by the Secretary of State of Puerto Rico and LEXISNEXIS of Puerto Rico, Inc. All rights reserved.

---

**End of Document**

### *13 L.P.R.A. § 10429*

Current through all acts translated by the Translation Office of the Puerto Rico Government through the 2011 Legislative Session and various acts from 2012 to the present. Appendices III (Rules of Civil Procedure) and IV (Rules of Evidence) of Title 32 have been replaced by Appendices V (Rules of Civil Procedure) and VI (Rules of Evidence) of Title 32 by Order of the Supreme Court dated Sept. 4, 2009, but the official translations are not yet available. Also, the official translations of Appendices XII through XXII of Title 3, which encompass various reorganization plans of the Puerto Rico Government and promulgated in 2010 through 2012, have not yet been received. For all missing translations, please consult the Spanish version

*Laws of Puerto Rico Annotated  >  TITLE THIRTEEN Taxation and Finance (Subts. 1 — 17)  > Subtitle 15 Puerto Rico Industrial Incentives Generally (Pts. I — III)  >  PART III. Other Tax Incentives (Chs. 941 — 984)  >  Chapter 942. Green Energy Incentives Act of Puerto Rico (Subchs. I — III)  >  Subchapter II. Green Energy Investment Incentives (§§ 10422 — 10442)*

## § 10429. Green Energy Investment Reimbursement Program

(a)  As of the effective date of this act, the following incentives shall be granted to the owners of production units engaged in green energy production and sale based on the production unit capacity and pursuant to the following:

(1) **First level.—**  Small-scale green energy projects:

(A)  An incentive shall be granted to small-scale green energy project production units equal to the amount resulting from multiplying:

(i)  The reference cost per watt of the technology used by the production unit; by

(ii)  the installed capacity of the concerned production unit; by

(iii)  the percentage of the partial reimbursement determined by the Administration for the technology used by such production unit; Provided, however, That under no circumstances the total amount of the incentive shall exceed sixty percent (60%) of the installation cost of the production unit.

(B)  The Administration shall periodically publish, at least once every fiscal year, the green energy production technologies eligible to participate in the incentive program, the partial reimbursement percentage established for each of those technologies, as well as the reference cost for each technology, such reference cost shall be determined by the Administration based on the objective criteria to be established through regulations.

(C)  The incentives granted under paragraph (A) of this clause shall be disbursed from the Green Energy Fund, and be limited to the funds budgeted by the Administration for such purposes for the corresponding fiscal year.

(D)  The Administration shall exclusively retain the power to evaluate and approve the applications for incentives filed by the owners of small-scale green energy project production units under this clause which power may be exercised with specialized

advisers. The Administration is hereby empowered to authorize participating financial institutions and cooperatives to receive and process applications for incentives under this clause, as well as to disburse the incentives granted pursuant thereto, subject to such conditions and requirements established by the Administration through regulation.

**(E)**  The members of a controlled group of corporations, as such term is defined in § 10421 of this title, may receive incentives under this clause for just one small-scale green energy project per controlled group per fiscal year of the Government of Puerto Rico.

**(2) Second level.—**  Medium-scale green energy projects:

**(A)**  An incentive shall be granted to medium-scale green energy project production units equal to the amount resulting from multiplying: (i) the percentage of the partial reimbursement determined by the Administration for the technology used by such production unit; by (ii) the installation cost of the production unit; Provided, however, That under no circumstances the total amount of the incentive shall exceed fifty percent (50%) of the installation cost of the production unit. Such incentive shall be determined according to the following procedure:

**(i)**  The incentives granted under this clause shall be adjudicated quarterly, that is, four times a year, as determined by the Administration.

**(ii)**  The Administration shall publish quarterly, at least thirty days prior to the commencement of each quarter, the green energy production technologies eligible to participate in the incentive program, the percentage of the partial reimbursement established for such quarter for each one of said technologies, as well as the funds available for incentives on such quarter for each technology.

**(iii)**  The incentives provided under this clause shall be granted by means of competitive adjudication, as established through regulations, from among the projects submitted. This competitive adjudication process shall be exempt from the applicability of the provisions of §§  2101 et seq. of Title 3, known as the "Uniform Administrative Procedure Act of Puerto Rico". For such purposes, the adjudication notice shall include the terms for its review.

**(iv)**  The proposing owner of a medium-scale green energy project shall submit a proposal to the Administration, not later than the fifth day of the first month of the applicable quarter.

**(v)**  The Administration shall adjudicate incentives taking into account that the proposals are consistent with the applicable specifications; the terms of delivery; the ability of the proponent to enter into and comply with the contract; the economic responsibility of the proponent, his/her reputation and integrity; the quality and the type of equipment; the energy production cost; the incentives or benefits received by the proponent from other sources; the available funds for each technology; and any other conditions that the Administration may deem reasonable.

**(vi)**  Not later than forty (40) days after the due date of the term to submit the proposals, the Administration shall notify its determination through certified mail to the proponents whose projects were denied. Any competitive adjudication shall be carried out before the next quarter begins. The Administration shall notify the proponents not selected on the reasons why the incentives were not granted.

13 L.P.R.A. § 10429

**(vii)** The proponents whose projects were denied shall have ten (10) days as of the day of notice to request reconsideration. The filing of a request for reconsideration shall be a jurisdictional requirement to request judicial review.

**(viii)** The Administration shall issue a final notice of denial not later than fifteen (15) days as of the date of filing of the request for reconsideration.

**(ix)** If the Administration denies, accepts or takes no action within fifteen (15) days as of the filing of the reconsideration, the term to request judicial review shall start to count once again as of the day of notice of such determination or as of the expiration of the fifteen (15) days to consider it, as the case may be.

**(x)** The proponents who receive an adverse final notice may request judicial review by the filing a request for judicial review with the Court of Appeals within a jurisdictional term of ten (10) days as of the adverse final notice. Consistent with the interest of maintaining an efficient process within the Administration, in accordance with the competitive adjudication process provided in this chapter, the mere filing of a request for judicial review with the Court of Appeals shall not automatically stay the processes before the Administration, but rather such stay remedy must be requested through a motion and justified by complying with all the requirements for an order in aid of jurisdiction. Any order issued by the Court of Appeals to stay the procedures before the Administration must be issued within a five (5) -day term as of the request, and any order issued within such five (5) -day term may only affect or apply in a limited manner to the amount being challenged, thus the Administration may grant the incentives to the other selected projects up to the total amount available after deducting the sum of the incentives applicable to the project or projects under judicial review. If the Court of Appeals does not issue a stay order within five (5) days as of the filing of the motion requesting such remedy, the Administration shall carry out the competitive adjudication as if no request for judicial review was filed. However, if the Court of Appeals issues a stay order within the five (5) -day term as of the filing of the request for judicial review was filed, then, the Administration shall grant the incentives of the other selected projects without delay, deducting the sum of the incentives applicable to the project or projects under judicial review. No other judicial review procedure or request may be initiated or filed in addition to the one provided for in this chapter or with terms and procedures other than those herein established.

**(B)** The document of adjudication of the partial reimbursement of each medium-scale green energy project shall establish the terms and conditions that the Administration may deem necessary or convenient, including, but not limited to, the term granted by the Administration for the construction and installation of the project, which term shall not exceed two (2) years. The Administration may, upon sworn petition by the proponent, extend such term in the event of *force majeure* or other circumstances that the Administration may deem meritorious; Provided, That in these cases, the Administration may require the posting of a bond to guarantee the completion of the project.

**(C)** The incentives granted under paragraph (A) of this clause shall be disbursed from the Green Energy Fund, and be limited to the funds budgeted by the Administration for such purposes available for the corresponding fiscal year.

**(D)** The Administration shall be charged with the administration of the available funds as well as the disbursement of the incentives granted under paragraph (A) of this clause.

**(E)**  The proponents of projects classified under this production level may submit incentive proposals for more than one project per controlled group per quarter of the Government of Puerto Rico. However, regardless of the number of projects submitted by the members of a controlled group or by developers, the aggregate of all the proposals submitted by the members of a controlled group or developers for such quarter of the Government of Puerto Rico, shall be deemed to be one single project for the purpose of determining that such project is a medium-scale project.

**(F)**  The competitive adjudication process and the criteria to evaluate and select the projects to be granted the incentives provided under paragraph (A) of this clause shall be subject to the provisions of this chapter or the regulations promulgated by the Administration.

**(G)**  The Administration may reject any proposal submitted when, in its judgment deems that, among other factors:

    **(i)**  The proponent or his/her contractors lack the knowledge, the necessary experience or financial or technical capacity necessary to carry out the project;

    **(ii)**  the nature or quality of the equipment or the proposed green energy technology does not meet the requirements stated by the Administration;

    **(iii)**  the proposed green energy technology has not been certified by the Administration;

    **(iv)**  the quoted prices exceed the reference cost, or

    **(v)**  the project would not benefit the public interest.

**(H)**  Proponents who apply for the incentives provided under paragraph (A) of this clause shall declare, under penalty of perjury, whether the green energy project, object of the proposal, is covered by one or more industrial or tax incentive laws, other tax incentives received by it, and the law or laws granting such incentives, when submitting the proposal to apply for the benefits provided under paragraph (A) of this clause. Noncompliance with this requirement shall be sufficient cause to deny the requested incentives.

**(b) Large-scale Green Energy Projects Incentive Program.—**  The Administration is hereby directed to establish a Green Energy Incentive Program, in collaboration with the Authority. Such program shall be established in accordance with this chapter and have the purpose of granting incentives to large-scale green energy project owners. Under this program, the Administration shall also establish a mechanism to develop a market to trade RECs related to large-scale green energy projects, which shall include, but not be limited to, the purchase and sale of RECs. The Administration shall adopt the regulations, orders, and guidelines needed to establish this program, including, but not limited to, the contracting mechanisms to be employed by production unit owners. The Authority shall cooperate with the Administration in developing and implementing this program.

**(c)**  In order to determine the level of production applicable to one specific fiscal year or quarter of the Government of Puerto Rico for the purpose of the incentives available under subsection (a) of this section:

    **(1)**  All the members of a controlled group of corporations as defined in §  10421 of this title, shall be deemed to be, in the aggregate, one single producer, and

    **(2)**  all proposals and projects submitted during a fiscal year or quarter of the Government of Puerto Rico by the members of a controlled group of corporations or by developers shall be

deemed to be one single project for such specific fiscal year or quarter of the Government of Puerto Rico.

**(d)** In the case of businesses engaged in green energy production or green energy producers operating under any industrial or tax incentive law:

**(1)** If, after June 30, 2011, they claim any special credit or deductions conferred by such industrial or tax incentive acts with respect to an investment in a production unit, including the credit described in § 10645(d) of this title, they shall be unable to avail themselves of the incentives granted under this section, including those available under the green energy incentive program, during the term of their decree or grant under the industrial or tax incentive acts, including the extensions to such decree or grant, and

**(2)** such businesses that are not described in clause (1) of this subsection, and which apply for the incentives provided in this section, may not claim the special credits or deductions conferred by such industrial tax incentive laws, including businesses described in § 10645(d) of this title, with respect to the production unit object of the incentives under this chapter, including those available under the Green Energy Incentive Program. Businesses engaged in green energy production shall choose between the incentive provided in this section or the credits granted under the applicable industrial and tax incentive laws, since they may not avail themselves of both benefits with respect to a specific production unit.

**(e) Collection of debts against granted incentives.—** The Department of the Treasury may collect on the incentive granted to any business engaged in green energy production or any green energy producer at any of the levels described in this section, any debt that such person may have with the Department of the Treasury except for debts that have been challenged or are under review.

**(f)** The Administration shall establish the fees and charges to be collected on account of the processing of the incentives established in this section, which shall be deposited into a Special Fund created to such effects by the Secretary of the Treasury with the purpose of defraying the regular operating expenses of the Administration, therefore, any surplus at the end of the fiscal year shall be transferred to the General Fund of the Treasury of Puerto Rico, upon previous notice to the Office of Management and Budget of the Government of Puerto Rico.

**(g)** The Green Energy Fund shall be the owner of the environment and social attributes of the projects that have been granted incentives under clauses (1) and (2) of subsection (a) of this section, whether an REC or not; Provided, That if a green energy producer has been granted incentives under subsection (a)(2) of this section with respect to any production unit, such producer shall be bound to transfer to the Green Energy Fund of Puerto Rico, free of charge, any REC in connection with such production unit.

## History

—July 19, 2010, No. 83, § 2.8.

Annotations

## Notes

**HISTORY**

**Text references.**

The reference to "this act" in the introductory paragraph is to Act July 19, 2010, No. 83, which constitutes this chapter.

Laws of Puerto Rico Annotated

Copyright © 2020 LAWS OF PUERTO RICO ANNOTATED, Copyright

1955-2014 by the Secretary of State of Puerto Rico and LEXISNEXIS of Puerto Rico, Inc. All rights reserved.

**End of Document**

## *13 L.P.R.A. § 10430*

Current through all acts translated by the Translation Office of the Puerto Rico Government through the 2011 Legislative Session and various acts from 2012 to the present. Appendices III (Rules of Civil Procedure) and IV (Rules of Evidence) of Title 32 have been replaced by Appendices V (Rules of Civil Procedure) and VI (Rules of Evidence) of Title 32 by Order of the Supreme Court dated Sept. 4, 2009, but the official translations are not yet available. Also, the official translations of Appendices XII through XXII of Title 3, which encompass various reorganization plans of the Puerto Rico Government and promulgated in 2010 through 2012, have not yet been received. For all missing translations, please consult the Spanish version

*Laws of Puerto Rico Annotated  >  TITLE THIRTEEN Taxation and Finance (Subts. 1 — 17)  >  Subtitle 15 Puerto Rico Industrial Incentives Generally (Pts. I — III)  >  PART III. Other Tax Incentives (Chs. 941 — 984)  >  Chapter 942. Green Energy Incentives Act of Puerto Rico (Subchs. I — III)  >  Subchapter II. Green Energy Investment Incentives (§§ 10422 — 10442)*

## § 10430. Tax rate

**(a) Fixed income tax rate.—**  Exempt businesses that hold a decree granted under this chapter, shall be subject to a four percent (4%) fixed rate on their GEI for the entire corresponding exemption period as provided in this section, from the date of commencement of operations as determined under § 10436 of this title, in lieu of any other income tax, if any, levied by the Internal Revenue Code of Puerto Rico or any other law.

**(b) Royalties and license fees.—**  Notwithstanding the provisions of the Internal Revenue Code of Puerto Rico, in the case of payments made by an exempt business that holds a decree under this chapter to corporations, partnerships, or persons non-residents and not engaged in a trade or business in Puerto Rico, on account of the use or use privilege in Puerto Rico of intangible property associated with the exempt operation pursuant to this chapter, and provided that such payments are deemed to be completely from sources within Puerto Rico, the following rules shall be observed:

**(1) Tax on corporations, foreign partnerships or persons non-residents and not engaged in a trade or business in Puerto Rico; tax imposition.—**  A twelve percent (12%) tax shall be imposed, collected, and paid for each taxable year in lieu of the tax levied on Sections 1221 and 1231 of the Puerto Rico Internal Revenue Code on the amount of such payments received or implicitly received by any foreign corporation or partnership not engaged in a trade or business in Puerto Rico, originating exclusively from sources within Puerto Rico.

**(2) Withholding at the source of the tax in the case of foreign corporations or partnerships not engaged in trade or business in Puerto Rico.—**  Any exempt business that has the obligation of making payments to non-residents on account of use in Puerto Rico of intangible property in connection with the exempt operation under this chapter, shall deduct and withhold at the source a tax equal to such tax imposed in clause (1) of this subsection.

**(c) Distributions, sale or exchange of shares or stock.—**

**(1)**  Stockholders or partners of a corporation or partnership holding a decree granted under this chapter, shall be exempt from income taxes on distributions of dividends or profits of the GEI of the business. In the case of exempt businesses other than not domestic corporations or partnerships, the distributions of dividends or profits from the income earned by the business originating from sources outside of Puerto Rico, according to the Internal Revenue Code of Puerto Rico, shall also be exempt from income tax on the distributions of dividends or profits, when they are distributed among the shareholders or partners that are non-residents of Puerto Rico or domestic corporations or partnerships.

GEI subsequent distributions carried out by any corporation or partnership shall also be exempt from any taxation.

**(2)**  Profits on the sale, exchange, or other disposition of corporate stock or partnership interest that are or have been exempt businesses; shares in joint ventures and similar entities constituted by several corporations, partnerships, individuals or combination thereof; that are or have been exempt businesses, and corporate stock or partnership interests that in some way own the entities described above, shall be subject to the provisions of clause (4) of this subsection when said sale, exchange or other arrangement, and any subsequent distribution of said profits, whether as dividends or distributions upon liquidation, shall be exempt from any additional taxation.

**(3) Designation of exempt distributions.—**  The distribution of dividends or profits made by an exempt business that holds a decree granted under this chapter, even after the expiration of its tax exemption decree, shall be deemed to be made from its GEI, if upon its distribution date it does not exceed the undistributed balance of its accrued GEI, unless said exempt business chooses, at the time of its statement, to distribute the dividends or profits wholly or partially, from other gains or profits. The amount, year of accrual and nature of the distribution of the GEI shall be that designated by said exempt business through a notice sent jointly with the payment thereof to the stockholders or partners and to the Secretary of the Treasury, through an informative statement, not later than the 28th of February following the distribution year.

In the case of corporations or partnerships which, on the date they commence operations as exempt businesses have obtained profits or gains, the distributions of dividends or profits made as of said date shall be deemed to be made from the undistributed balance of said profits or gains, but once this balance is exhausted as a result of said distributions, the provisions of the preceding paragraph shall apply.

**(4) Sale or exchange of stock or assets.—**

**(A) During the exemption period.—**  Profits from the sale or exchange of stock or partnership interest, or of substantially all the assets of an exempt business made during its exemption period and that would have been subject to the payment of income taxes under the Internal Revenue Code of Puerto Rico shall be subject to a four percent (4%)-tax on the amount of the profits, if any, in lieu of any other tax levied by said Code. Any losses through the sale or exchange of said stock or assets shall be recognized in accordance with the provisions of the Internal Revenue Code of Puerto Rico.

**(B) After the exemption period termination date.—**  In the event that said sale or exchange is made after the termination date of the exemption, the profits shall be subject to the tax provided in paragraph (A) above, but only up to the value of the stock or partnership interest, or of substantially all book assets of the corporation or partnership as of the termination date of the exemption period, after subtracting by the amount of the

exempt distributions received on the same stock or partnership interest after said date, minus the base of said stock or partnership interest, or substantially all the assets. Any remainder of the profits or any loss, if any, shall be recognized according to the provisions of the Internal Revenue Code of Puerto Rico in effect on the date of the sale or exchange.

**(C) Exempt exchanges.—**  Any exchanges of stock or partnership interest not resulting in taxable events due to their being exempt corporate reorganizations, shall be treated according to the provisions of the Internal Revenue Code of Puerto Rico in effect on the date of the sale or exchange.

**(D) Determination of the dase in the sale or exchange.—**  The base of the stock, interests, or assets of exempt business under this chapter, in the sale or exchange, shall be determined pursuant to the applicable provisions of the Internal Revenue Code of Puerto Rico in effect at the time of the sale or exchange, after adding the amount of GEI accrued under this chapter.

**(E)**  For the purpose of this clause, the term "substantially all the assets" shall mean any asset of the exempt business that constitute not less than eighty percent (80%) of the book value of the exempt business at the time of the sale.

**(F)**  The Secretary of the Treasury shall establish regulations as necessary to enforce the provisions of this clause.

**(5) Liquidation.—**

**(A) General rule.—**  No income tax shall be levied on or collected from the transferor or transferee with regard to the total liquidation of an exempt business which has obtained a decree under this chapter, on or before the expiration date of the decree, provided the following requirements are met:

**(i)**  All property distributed in liquidation was received by the transferee in accordance with a liquidation plan on or before the expiration date of the decree, and

**(ii)**  the distribution upon liquidation by the transferor, whether in a lump sum or in installments, was made by the transferor in cancellation or in full redemption of its entire capital stock.

**(B)**  The basis of the transferee in the property received in liquidation shall be equal to the adjusted basis of the exempt business in said property immediately before the liquidation. Furthermore, and for the purposes of this section, any corporation or partnership holding shares in a partnership that is an exempt business shall, in turn, be deemed to be an exempt business.

**(C) Liquidation of transferors with revoked decrees.—**  If the decree of a transferor is revoked before its expiration, in accordance with the provisions of §  10438(f)(1) of this title with respect to the permissible revocations, the surplus GEI accrued on the date the revocation becomes effective may be transferred to the transferee at any later time, subject to the provisions in paragraph (A) of this clause. In the case of mandatory revocation under §  10438(f)(2) of this title, the accrued surplus shall be taxable as in accordance with the Internal Revenue Code.

**(D) Liquidations after the expiration of the decree.—**  After the decree of the transferor has expired, the latter may transfer to the transferee the GEI surplus accrued during the effectiveness of the decree, subject to the provisions of paragraph (A) of this clause.

**(E) Liquidation of transferors with exempt and nonexempt activities.—**  In case the transferor carries out exempt and nonexempt activities, it may transfer to the transferee the GEI surplus accrued under this chapter and the property engaged in the eligible activity under this chapter as part of its total liquidation, subject to the provisions of paragraph (A) of this clause. The accrued surplus other than the GEI and the property that is not engaged in the eligible activity shall be distributed according to the provisions of the Internal Revenue Code of Puerto Rico.

**(d) Tax payment.—**  Absent a provision to the contrary, the taxes withheld or payable shall be withheld and paid as provided by the Internal Revenue Code of Puerto Rico for payment of general income tax and withholdings.

# History

—July 19, 2010, No. 83, § 2.9.

Annotations

# Notes

**HISTORY**

**Text references.**

The Puerto Rico Internal Revenue Code, mentioned in this section, was repealed by Act Jan. 31, 2011, No. 1, § 6100.01. Present similar provisions, see §§ 30011 et seq. of this title.

**Codification.**

As approved, this subsection does not contain a subsection (d), therefore subsection (e) was redesignated as (d) pursuant to L.P.R.A. style.

Laws of Puerto Rico Annotated
Copyright © 2020 LAWS OF PUERTO RICO ANNOTATED, Copyright
1955-2014 by the Secretary of State of Puerto Rico and LEXISNEXIS of Puerto Rico, Inc. All rights reserved.

**End of Document**

## *13 L.P.R.A. § 10431*

Current through all acts translated by the Translation Office of the Puerto Rico Government through the 2011 Legislative Session and various acts from 2012 to the present. Appendices III (Rules of Civil Procedure) and IV (Rules of Evidence) of Title 32 have been replaced by Appendices V (Rules of Civil Procedure) and VI (Rules of Evidence) of Title 32 by Order of the Supreme Court dated Sept. 4, 2009, but the official translations are not yet available. Also, the official translations of Appendices XII through XXII of Title 3, which encompass various reorganization plans of the Puerto Rico Government and promulgated in 2010 through 2012, have not yet been received. For all missing translations, please consult the Spanish version

*Laws of Puerto Rico Annotated  >  TITLE THIRTEEN Taxation and Finance (Subts. 1 — 17)  > Subtitle 15 Puerto Rico Industrial Incentives Generally (Pts. I — III)  >  PART III. Other Tax Incentives (Chs. 941 — 984)  >  Chapter 942. Green Energy Incentives Act of Puerto Rico (Subchs. I — III)  >  Subchapter II. Green Energy Investment Incentives (§§ 10422 — 10442)*

# § 10431. Special deductions

**(a) Deductions and carry-over of net operating losses.—**

**(1) Deduction for current losses in activities not covered by an exemption decree.—**  If an exempt business that holds a decree granted under this chapter incurs a net operating loss other than that of the operation which has been declared exempt under this chapter, computed without the deduction benefit provided in subsection (b) of this section, such loss may only be used against income not covered under an exemption decree and shall be governed by the provisions of the Internal Revenue Code of Puerto Rico; Provided, however, That the share in losses of special partnerships that own or operate tourist businesses that are exempt under §§  6001 et seq. of Title 23, or any analogous subsequent act, may be used against the income covered by a tax exemption decree issued under this chapter.

**(2) Deduction for current losses incurred in the operation of an exempt business.—**  If an exempt business that holds a decree granted under this chapter incurs a net loss in the operation declared as exempt under this chapter, computed without the benefit of the special deductions provided in subsection (b) of this section, said loss may be deducted from the GEI of the operation that incurred the loss.

**(3) Deduction for carried-over losses from previous years.—**  A deduction for carry-over of losses incurred in previous years, shall be granted as provided below:

**(A)**  The excess of those losses that are deductible under clause (2) of this subsection may be carried over against the GEI of subsequent taxable years. Said losses shall be carried over in the order they were incurred.

**(B)**  Any net loss incurred in a year in which the option of §  10436(b) of this title is in effect, may be carried over solely against the GEI earned by the exempt business under the decree whereby the option of §  10436(b) of this title was exercised. Said losses shall be carried over in the order they were incurred.

13 L.P.R.A. § 10431

**(C)** Once the income tax exemption period has expired for the purpose of income taxes the net losses incurred in the operation declared as exempt under this chapter, as well as any amount in excess of the deductions allowed under subsection (b) of this section, which the exempt business is carrying over as of the expiration date of said period, may be deducted from any taxable income in Puerto Rico subject to the limitations provided in Subtitle A of the Internal Revenue Code of Puerto Rico. Said losses shall be deemed to be incurred for the last taxable year in which the exempt business that holds a decree under this chapter enjoyed income tax exemption under the decree.

**(D)** The total amount of the net operating loss to be carried over shall be computed pursuant to the provisions of Section 1124 of the Puerto Rico Internal Revenue Code.

**(b) Special deduction for investments in buildings, structures, machinery and equipment.—**

**(1)** Any exempt business that holds a decree granted under this chapter shall be given the option of deducting, for the year in which they were incurred, its total expenses incurred after the effective date of this act, for the purchase, acquisition or construction of buildings, structures, machinery and equipment, in lieu of any capitalization of expenses required by the Internal Revenue Code of Puerto Rico, provided, that these buildings, structures, machinery and equipment:

**(A)** Have not been depreciated or previously used by any other business or person in Puerto Rico, and

**(B)** are being used in the activity for which the benefits provided under this chapter were granted.

**(2)** The deduction provided under this subsection shall not be granted in addition to any other deduction provided by law, but shall merely be an acceleration of the deduction of the expenses described above. Provided That in the case of machinery and equipment previously used outside of Puerto Rico, but that has not been previously depreciated or used in Puerto Rico, the investment in said machinery and equipment shall qualify for the special deduction provided in this subsection (a) only if as of the date of the acquisition thereof by the exempt business, said machinery and equipment still have at least fifty percent (50%) of their useful life, as determined pursuant to the Internal Revenue Code of Puerto Rico.

**(3)** The exempt business that holds a decree granted under this chapter, may deduct all expenses incurred after the effective date of this act in remodeling or repairing buildings, structures, machinery and equipment, in the taxable year they are incurred, in lieu of any capitalization of expenses required by the Internal Revenue Code of Puerto Rico, whether said buildings, structures, machinery and equipment have been acquired or built before or after the effective date of this act, and whether they have or have not been depreciated or used by another business or person prior to being acquired by the exempt business that holds a decree granted under this chapter.

**(4)** The amount of the eligible investment described in clauses (1) and (3) of this subsection for the special deduction provided in this subsection, in excess of the GEI of the exempt business during the investment year, may be claimed as a deduction in subsequent tax years until said excess is exhausted.

**(5)** The special deduction provided in this subsection, may also be claimed by the exempt business in any year it chooses to select the flexible tax exemption benefit provided in § 10436(b) of this title.

13 L.P.R.A. § 10431

## History

—July 19, 2010, No. 83, § 2.10.

Annotations

## Notes

**HISTORY**

**Text references.**

The references to "this act" in subsection (b) are to Act July 19, 2010, No. 83, which constitutes this chapter.

The Puerto Rico Internal Revenue Code, mentioned in this section, was repealed by Act Jan. 31, 2011, No. 1, § 6100.01. Present similar provisions, see §§ 30011 et seq. of this title.

Laws of Puerto Rico Annotated
Copyright © 2020 LAWS OF PUERTO RICO ANNOTATED, Copyright
1955-2014 by the Secretary of State of Puerto Rico and LEXISNEXIS of Puerto Rico, Inc. All rights reserved.

**End of Document**

## *13 L.P.R.A. § 10432*

Current through all acts translated by the Translation Office of the Puerto Rico Government through the 2011 Legislative Session and various acts from 2012 to the present. Appendices III (Rules of Civil Procedure) and IV (Rules of Evidence) of Title 32 have been replaced by Appendices V (Rules of Civil Procedure) and VI (Rules of Evidence) of Title 32 by Order of the Supreme Court dated Sept. 4, 2009, but the official translations are not yet available. Also, the official translations of Appendices XII through XXII of Title 3, which encompass various reorganization plans of the Puerto Rico Government and promulgated in 2010 through 2012, have not yet been received. For all missing translations, please consult the Spanish version

*Laws of Puerto Rico Annotated  >  TITLE THIRTEEN Taxation and Finance (Subts. 1 — 17)  > Subtitle 15 Puerto Rico Industrial Incentives Generally (Pts. I — III)  >  PART III. Other Tax Incentives (Chs. 941 — 984)  >  Chapter 942. Green Energy Incentives Act of Puerto Rico (Subchs. I — III)  >  Subchapter II. Green Energy Investment Incentives (§§ 10422 — 10442)*

## § 10432. Credits

**(a) Credit for the purchase of products manufactured in Puerto Rico.—**

**(1)**  If an exempt business purchases products manufactured in Puerto Rico, including components and accessories, it shall be entitled to a credit against the GEI provided in this chapter, equal to twenty-five percent (25%) of the purchase of said products during the taxable year in which said credit is granted up to a maximum of fifty percent (50%) of said tax. This credit shall be granted solely for the purchase of products that have been manufactured by businesses unrelated to the exempt business.

**(2)**  In the event that the exempt business that holds a decree granted under this chapter purchases or uses products transformed into commercial articles made from recycled materials or with raw materials from material recycled or recovered or reconditioned by exempt businesses which have been granted a tax exemption decree under §  10642(d)(1)(I) of this title, or other analogous provisions of preceding or subsequent laws, the credit granted in clause (1) of this subsection shall be equal to thirty-five percent (35%) of the total purchases of said products or the amount paid for the use thereof, as the case may be, during the taxable year for which the credit is claimed, up to a maximum of fifty percent (50%) of the tax against which such credit is claimed, as provided in clause (1) of this subsection. This credit shall only be granted for the purchase of products that have been manufactured by businesses not related to such exempt business.

**(3)**  The credit provided in this subsection shall be nontransferable, except in the case of an exempt reorganization. The amount of the credit not used by the exempt business in a taxable year may be carried over to subsequent taxable years until said credit is exhausted. The credit shall not generate a refund.

**(b) Credit for job creation.—**

**(1)**  Any exempt business commencing operations after the effective date of this act shall be granted a credit for each job created during its first year of operations. The amount of this

13 L.P.R.A. § 10432

credit shall depend on the zone of industrial development where the operations of said exempt business is located, as provided below:

Area  Credit

Vieques and Culebra  $ 5,000

Low Industrial Development Zone  $ 2,500

Intermediate Industrial Development Zone  $ 1,000

High Industrial Development Zone  $ 0

**(2)**  Whenever an exempt business that holds a decree granted under this chapter establishes operations in more than one zone, the amount of the credit shall correspond to the location of the operations where the job that originated the credit was created.

**(3)**  For the purposes of this clause, the job of the said exempt business shall consist of the number of individuals residents of Puerto Rico that work as permanent regular full-time employees in the exempt business, but it shall not include individuals such as independent consultants or contractors. In order to be granted this credit it shall be required that the average job of the exempt business for each of the three (3) consecutive years following the year in which such credit was granted be equal or greater than the number of jobs generated by the credit. The Secretary of the Treasury shall establish through regulations the applicable proportional recovery mechanism, based on the period elapsed and the levels of employment kept, in the event that such exempt business has failed to comply with the requirement of the employment level.

**(4)**  The exempt business shall only claim the credit provided in this clause against the tax on its GEI provided in §  10430(a) of this title. Such credit may not be sold, assigned or transferred nor generate a refund to the exempt business. However, the credit provided in this clause, that is not used during the first year of operations may be carried over by a period which shall not exceed four (4) years as of the first taxable year in which the exempt business earned net income.

**(5)**  For the purposes of this credit, the classification of the industrial development zones shall be those determined by the Secretary of Development in consultation with the Director of Development, the Chairperson of the Planning Board, and the Secretary of the Treasury, as provided in §  10651 of this title.

**(6)**  The reclassification of a municipality or geographic area from one zone to another shall not affect the exemption of the exempt business already established in this municipality or region. However, a business that has requested a tax exemption decree to establish itself in a specific municipality or region, but is not yet established, or that had the exemptions before the date in which such municipality or area has been reclassified from one zone to another that, as a consequence of such change in designation qualifies for lesser incentives than those it would have under the previous classification, shall be entitled to current exemption incentives, prior to the reclassification if it is established there within one (1) year as of the date in which the area was reclassified. For the purposes of this chapter, the date of the first training or production payroll shall be deemed to be the date of establishment of the business.

**(c) Green energy source research and development investment credit.—**

**(1)**  Any exempt business that holds a decree granted under this chapter may claim a research and development investment credit equal to fifty percent (50%) of the special eligible investment made in Puerto Rico after the effectiveness of this act by such exempt business or

any affiliate entity thereof. Such credit may be applied to the tax on its GEI provided in § 10430(a) of this title.

**(2)**  For the purpose of the credit provided in this subsection, the term "special eligible investment" means the amount of cash used by the exempt business or any entity affiliated to such exempt business in research and development activities directly related to green energy production, including expenses related to operations, infrastructure or intellectual property directly incurred or used in such research and development activities. The term special eligible investment shall include any investment of the exempt business made with the cash originating from a loan secured by the exempt business itself or its assets, or any entity affiliated to the exempt business or its assets. The Secretary of the Treasury, in consultation with the Administration shall establish through regulation the costs that shall qualify as special eligible investment.

**(3) Use of the tax credit.—**  The tax credit granted under this subsection may be used in two (2) or more installments: up to fifty percent (50%) of said credit may be used in the year in which the eligible investment is made and the balance of said credit may be used in the subsequent years until such credit is exhausted. This credit shall not generate refunds.

**(4) Assignment of special eligible investment credit.—**

**(A)**  The special eligible investment provided under this clause may be assigned, sold, or otherwise transferred by the exempt business to any other person, whether in whole or in part, and shall be governed by the provisions of clauses (1) and (3) of this subsection, except that if the assignor is not an exempt business it may use the credit against the income tax levied in Subtitle A of the Internal Revenue Code of Puerto Rico.

**(B)**  The money or the value of the received property in exchange for the investment credit shall be exempt from taxation under Subtitle A of the Internal Revenue Code of Puerto Rico, and under the Municipal Licenses Act, up to an amount equal to the amount of the investment credit so assigned.

**(C)**  Buyers of investment tax credits shall be exempt from taxation under Subtitle A of the Internal Revenue Code of Puerto Rico for the difference between the amount paid to acquire such credits and the value thereof, and such buyers shall not be subject to the provisions of Chapter 1 of Subtitle F of the Internal Revenue Code of Puerto Rico.

**(5) Adjustment basis.—**  The basis of any asset for which the credit provided in this subsection is claimed shall be reduced from the amount of the claimed credit.

**(6)**  The exempt business may not claim this credit with respect to the portion of the eligible investment for which it uses or has used the deduction set forth in §  10433(b) of this title.

**(d) Technology transfer investment credit.—**

Any exempt business that holds a decree granted under this chapter, may take a credit only against the fixed tax on the GEI provided in subsection (a) of this section, equal to twelve percent (12%) of the payments made to corporations, partnerships, or nonresidents persons on account of the use or right to use in Puerto Rico of intangible property in its exempt operations; provided, that the income on account of such payments derives from sources in Puerto Rico.

The tax credit established in this subsection shall be nontransferable, but may be carried over until it is exhausted. However, such carry-over shall never exceed the eight (8) taxable year-period counted as of the closing of the taxable year in which the credit was originated. This

carry-over shall never result in a tax lesser than that provided in subsection (e) of this section. This credit shall not be refundable.

**(e) Credit application and minimum tax.—** The application for the tax credits established in this section shall be subject to the following rules:

**(1) Tentative tax.—** The exempt business shall initially compute its tax liability pursuant to the applicable fixed income tax rate pursuant to § 10430(a) of this title.

**(2) Credit application.—** The total of the addition of the tax credits granted in this section, subject to the limitations applicable to each, claimed by the exempt business shall be reduced to the tax obligation computed in clause (1) of this subsection.

**(3) Minimum tax.—** The tax determined on its GEI, computed after applying the credits pursuant to clause (2) of this subsection, shall never be less than the amount which when added to the amounts deposited under § 10430(b) of this title with respect to the taxable year, results in:

**(A)** The fixed income rate provided in § 10430(a) of this title that may apply to the exempt business multiplied by the GEI of the exempt business.

**(B)** In the case of an exempt business which at least fifty percent (50%) is directly owned by individuals residents of Puerto Rico, three percent (3%) of the GEI of the exempt business.

**(4)** The exempt business that holds a decree granted under this chapter shall pay whichever is greater between clause (2) and clause (3) of this subsection.

## History

—July 19, 2010, No. 83, § 2.11.

Annotations

## Notes

**HISTORY**

**Text references.**

The references to "this act" in subsections (b)(1) and (c)(1) are to Act July 19, 2010, No. 83, which constitutes this chapter.

The Puerto Rico Internal Revenue Code, mentioned in this section, was repealed by Act Jan. 31, 2011, No. 1, § 6100.01. Present similar provisions, see §§ 30011 et seq. of this title.

Laws of Puerto Rico Annotated
Copyright © 2020 LAWS OF PUERTO RICO ANNOTATED, Copyright
1955-2014 by the Secretary of State of Puerto Rico and LEXISNEXIS of Puerto Rico, Inc. All rights reserved.

13 L.P.R.A. § 10432

**End of Document**

## *13 L.P.R.A. § 10433*

Current through all acts translated by the Translation Office of the Puerto Rico Government through the 2011 Legislative Session and various acts from 2012 to the present. Appendices III (Rules of Civil Procedure) and IV (Rules of Evidence) of Title 32 have been replaced by Appendices V (Rules of Civil Procedure) and VI (Rules of Evidence) of Title 32 by Order of the Supreme Court dated Sept. 4, 2009, but the official translations are not yet available. Also, the official translations of Appendices XII through XXII of Title 3, which encompass various reorganization plans of the Puerto Rico Government and promulgated in 2010 through 2012, have not yet been received. For all missing translations, please consult the Spanish version

*Laws of Puerto Rico Annotated  >  TITLE THIRTEEN Taxation and Finance (Subts. 1 — 17)  > Subtitle 15 Puerto Rico Industrial Incentives Generally (Pts. I — III)  >  PART III. Other Tax Incentives (Chs. 941 — 984)  >  Chapter 942. Green Energy Incentives Act of Puerto Rico (Subchs. I — III)  >  Subchapter II. Green Energy Investment Incentives (§§ 10422 — 10442)*

## § 10433. Real and personal property tax

**(a) In general.—**  The real and personal property of an exempt business used in the development, organization, construction, establishment or operation of the activity covered under the decree shall have a ninety percent (90%)-exemption on municipal and state real and personal property taxes during the exemption period established in §  10436 of this title.

**(b) Period.—**  The real property of an exempt business, that holds a decree granted under this chapter, shall be fully exempt during the period authorized on the decree to carry out the construction or establishment of such exempt business and during the first fiscal year of the Government in which the exempt business would have been subject to property taxes for being operating as of January 1st prior to the commencement of such fiscal year except for the exception herein provided. Likewise, the real property of such exempt business that is directly related to any expansion of the exempt business shall be fully exempt from property taxes during the period authorized on the decree to perform the expansion. Once the total exemption period established in this subsection expires, the partial exemption provided in this section shall take effect.

**(c) Assessment.—**  The real and personal tax shall be assessed, levied, notified, and administered as provided in §§  5001 et seq. of Title 21, ("Municipal Property Tax Act") and the Internal Revenue Code of Puerto Rico.

## History

—July 19, 2010, No. 83, §  2.12.

Laws of Puerto Rico Annotated
Copyright © 2020 LAWS OF PUERTO RICO ANNOTATED, Copyright
1955-2014 by the Secretary of State of Puerto Rico and LEXISNEXIS of Puerto Rico, Inc. All rights reserved.

13 L.P.R.A. § 10433

**End of Document**

## *13 L.P.R.A. § 10434*

Current through all acts translated by the Translation Office of the Puerto Rico Government through the 2011 Legislative Session and various acts from 2012 to the present. Appendices III (Rules of Civil Procedure) and IV (Rules of Evidence) of Title 32 have been replaced by Appendices V (Rules of Civil Procedure) and VI (Rules of Evidence) of Title 32 by Order of the Supreme Court dated Sept. 4, 2009, but the official translations are not yet available. Also, the official translations of Appendices XII through XXII of Title 3, which encompass various reorganization plans of the Puerto Rico Government and promulgated in 2010 through 2012, have not yet been received. For all missing translations, please consult the Spanish version

*Laws of Puerto Rico Annotated  >  TITLE THIRTEEN Taxation and Finance (Subts. 1 — 17)  > Subtitle 15 Puerto Rico Industrial Incentives Generally (Pts. I — III)  >  PART III. Other Tax Incentives (Chs. 941 — 984)  >  Chapter 942. Green Energy Incentives Act of Puerto Rico (Subchs. I — III)  >  Subchapter II. Green Energy Investment Incentives (§§ 10422 — 10442)*

## § 10434. Municipal licenses and other municipal taxes

**(a)**  Any exempt business that holds a decree granted under this chapter, shall have a sixty percent (60%) exemption on municipal licenses, excises and other municipal taxes levied by any municipal ordinance during the terms provided in this chapter.

**(b)**  The taxable portion under subsection (a) of this section shall be, during the term of the decree, subject to the tax rate in effect as of the date on which the decree was executed, regardless of any subsequent amendment made to the decree to cover the operations of the exempt business on one or various municipalities.

**(c)**  The exempt business that holds a decree granted under this chapter, shall have full exemption on municipal taxes and licenses applicable to the volume of business of such exempt business during the semester of the fiscal year of the Government in which the exempt business started operations in any municipality, pursuant to the provisions of the "Municipal Licenses Act of 1974", as amended. Furthermore, the exempt business shall be fully exempt from municipal taxes and licenses on the volume of business attributable to such municipality during the two (2) semesters of the fiscal year or fiscal years of the Government following the semester in which it started operations.

**(d)**  Any exempt business and its contractors, and subcontractors shall be fully exempt from any tax, assessment, fee, license, excise, rate or tariff imposed by municipal ordinance on the construction of works to be used by such exempt business within a municipality, it being understood that such taxes do not include the municipal license imposed on the volume of business of the contractor or subcontractor of the exempt business, during the term authorized under the tax exemption decree.

## History

—July 19, 2010, No. 83, §  2.13.

13 L.P.R.A. § 10434

Laws of Puerto Rico Annotated

Copyright © 2020 LAWS OF PUERTO RICO ANNOTATED, Copyright
1955-2014 by the Secretary of State of Puerto Rico and LEXISNEXIS of Puerto Rico, Inc. All rights reserved.

**End of Document**

## *13 L.P.R.A. § 10435*

Current through all acts translated by the Translation Office of the Puerto Rico Government through the 2011 Legislative Session and various acts from 2012 to the present. Appendices III (Rules of Civil Procedure) and IV (Rules of Evidence) of Title 32 have been replaced by Appendices V (Rules of Civil Procedure) and VI (Rules of Evidence) of Title 32 by Order of the Supreme Court dated Sept. 4, 2009, but the official translations are not yet available. Also, the official translations of Appendices XII through XXII of Title 3, which encompass various reorganization plans of the Puerto Rico Government and promulgated in 2010 through 2012, have not yet been received. For all missing translations, please consult the Spanish version

*Laws of Puerto Rico Annotated  >  TITLE THIRTEEN Taxation and Finance (Subts. 1 — 17)  > Subtitle 15 Puerto Rico Industrial Incentives Generally (Pts. I — III)  >  PART III. Other Tax Incentives (Chs. 941 — 984)  >  Chapter 942. Green Energy Incentives Act of Puerto Rico (Subchs. I — III)  >  Subchapter II. Green Energy Investment Incentives (§§ 10422 — 10442)*

## § 10435. State excise and sales and use tax

(a)  In addition to any other exemption from excise taxes or the sales and use tax granted under Subtitles B and BB, respectively, of the Internal Revenue Code of Puerto Rico, the following articles introduced or acquired directly or indirectly by a business holding a decree grated under this chapter shall be fully exempt from said taxes during the exemption period set forth in this chapter:

(1)  Any raw material to be used in Puerto Rico in the production of green energy, for the purposes of this subsection and the applicable provisions of Subtitles B and BB, respectively, of the Internal Revenue Code of Puerto Rico, the term "raw material" shall include:

(A)  Any product in its natural form derived from agriculture or extractive industries, and

(B)  any byproduct, residual product or semi-manufactured or finished product.

(2)  The machinery, equipment and accessories thereof used exclusively and permanently in the transport of raw material within the circuit of the exempt business, the machinery, equipment, and accessories used to produce green energy or that the exempt business is bound to acquire to comply with a federal or state law or regulation for the operations of the eligible activity.

Notwithstanding the foregoing, the exemption shall not cover machinery, devices, equipment or vehicles used, in whole or in part, in the administrative or commercial phase of the exempt business, except in cases where at least ninety percent (90%) thereof is also used in the production of green energy, in which case, the same shall be deemed to be used exclusively to carry out the eligible activity.

(3)  Any machinery and equipment that must be used by an exempt business to comply with environmental safety and health requirements shall be fully exempt from the state excise taxes as well as from the sales and use tax.

(4)  Chemical materials used by an exempt business for wastewater treatment.

**(5)** Energy efficient equipment duly certified by the Administration.

**(6)** Electric power substations.

**(b) Exemptions.—** The following use and consumption articles used by the exempt business that holds a decree granted under this chapter, regardless of their area or location or their use, shall not be deemed to be raw material, machinery, or equipment for purposes of subsection (a) of this section:

**(1)** Any construction materials or precast structure;

**(2)** any electrical material and water pipes attached to the structures;

**(3)** lubricants, grease, wax, and paint not related to the energy production process;

**(4)** street and parking area lighting, and

**(5)** treatment plants.

## History

—July 19, 2010, No. 83, § 2.14.

Annotations

## Notes

**HISTORY**

**Text references.**

The Puerto Rico Internal Revenue Code, mentioned in this section, was repealed by Act Jan. 31, 2011, No. 1, § 6100.01. Present similar provisions, see §§ 30011 et seq. of this title.

Laws of Puerto Rico Annotated
Copyright © 2020 LAWS OF PUERTO RICO ANNOTATED, Copyright
1955-2014 by the Secretary of State of Puerto Rico and LEXISNEXIS of Puerto Rico, Inc. All rights reserved.

**End of Document**

### *13 L.P.R.A. § 10436*

Current through all acts translated by the Translation Office of the Puerto Rico Government through the 2011 Legislative Session and various acts from 2012 to the present. Appendices III (Rules of Civil Procedure) and IV (Rules of Evidence) of Title 32 have been replaced by Appendices V (Rules of Civil Procedure) and VI (Rules of Evidence) of Title 32 by Order of the Supreme Court dated Sept. 4, 2009, but the official translations are not yet available. Also, the official translations of Appendices XII through XXII of Title 3, which encompass various reorganization plans of the Puerto Rico Government and promulgated in 2010 through 2012, have not yet been received. For all missing translations, please consult the Spanish version

*Laws of Puerto Rico Annotated  >  TITLE THIRTEEN Taxation and Finance (Subts. 1 — 17)  >  Subtitle 15 Puerto Rico Industrial Incentives Generally (Pts. I — III)  >  PART III. Other Tax Incentives (Chs. 941 — 984)  >  Chapter 942. Green Energy Incentives Act of Puerto Rico (Subchs. I — III)  >  Subchapter II. Green Energy Investment Incentives (§§ 10422 — 10442)*

## § 10436. Tax exemption periods

(a) **Exemption.—**  An exempt business that holds a decree granted under this chapter shall enjoy tax exemption for twenty-five (25) years.

(b) **Flexible tax exemption.—**  Exempt businesses shall have the option of choosing the specific taxable years to be covered under their decrees with regard to GEI, provided that they notify the Secretary of the Treasury, the Director of Development, and the Executive Director not later than the date provided by law to file their income tax returns for said taxable year, including the extensions granted for said purpose. Once the exempt business opts for this benefit, the exemption period corresponding thereto shall be extended at the will of said exempt business for the number of taxable years it did not enjoy said benefit under the exemption decree.

(c) **Provisions that apply to tax exemption on businesses with property devoted to the production of green energy.—**

(1)  The period during which a property devoted the production of renewable energy belong to any political subdivision, agency or instrumentality of the Government, shall not be deducted from the periods mentioned in subsection (a) of this section provided that in such cases the property shall be deemed, for the purposes of this chapter, as if it had not been previously devoted the production of green energy.

(2)  When the exempt business is a property devoted to the production of green energy, the period to which reference is made in subsection (a) of this section shall not cover those periods in which the property devoted the production of green energy is on the market to be leased to an exempt business, or is vacant, or is leased to a nonexempt business, except as provided below. Said period shall be computed on the basis of the total period during which the property was at the disposal of an exempt business; provided, that the total number of years is not greater than that provided under said subsection (a) of this section, and the exempt business that qualifies as devoted the production of green energy notifies the Secretary of the Treasury, the Director of Development, and the Executive Director, in writing,

of the date on which the property is leased to an exempt business for the first time, and the date on which the property is vacated and is again occupied by another exempt business.

In the event that the exemption of the exempt business that holds a decree as property devoted to the production of green energy should expire while it is being used under a lease by an exempt business, the property devoted to the production of green energy in use by the exempt business shall enjoy a fifty percent (50%) exemption on property taxes while the exempt business continues to use said property under a lease.

**(3)**  When the exempt business is a property devoted to the production of green energy, the periods mentioned in subsection (a) of this section shall continue their normal course even when the exemption decree of the exempt business using said property as a result of the conclusion of its normal period or by revocation of its decree, elapses before the exemption period of the property devoted to the production of green energy, unless it is established in the case of revocation, that at the time said property was made available to the exempt business, the owners thereof had knowledge of the facts that later caused it to be revoked.

**(d) Establishment of operations in other municipalities.—**  An exempt business may establish operations or additional facilities as part of the operations covered under an exemption decree in effect, in the same municipality where the main office is located or in any other municipality of Puerto Rico, without the need to apply for a new exemption decree or amend the decree in effect, provided that it notifies the Exemption Office within thirty (30) days as of the commencement of the operations or additional facility. By virtue of said notice, the unit, operations or additional facility shall be included in the exemption decree and the same shall enjoy the exemptions and benefits provided under this chapter for the remainder of the term of the exemption decree in effect.

**(e) Interruption of the exemption period.—**  In the event that an exempt business has ceased operations and later wishes to resume operations, the time during which no operations were conducted shall not be deducted from the corresponding exemption period, and the exempt business may enjoy the remaining exemption period while the tax exemption decree is in effect; provided, that the Secretary of Development, in consultation with the Administration, determines that the ceasing of operations was justified and that reopening said exempt business shall be for the best social and economic interests of Puerto Rico.

**(f) Setting of the date for commencing operations and the exemption periods.—**

**(1)**  The exempt business that holds a decree granted under this chapter may choose the date to commence operations for the purposes of this chapter by filing a sworn statement with the Exemption Office, with a copy to the Secretary of the Treasury stating the unconditional acceptance of the grant approved for the exempt business under this chapter. The date of the commencement of operations for purposes of this chapter may be the date of the first training or production payroll of the exempt business or any date within a period of two (2) years after the date of the first payroll.

**(2)**  The exempt business may postpone the application of the fixed rate provided in this chapter for a period which shall not be greater than two (2) years from the date of commencement of operations fixed under clause (1) of this subsection. During the postponement period, said exempt business shall be subject to the applicable tax rate under Subtitle A of the Internal Revenue Code of Puerto Rico.

**(3)**  The partial tax exemption period provided in this chapter on real or personal property shall commence on the first day of the fiscal year of the Government of Puerto Rico following the

last fiscal year in which the exempt business was fully exempt pursuant to the provisions of this chapter. The partial exemption for said fiscal year shall correspond to the tax on the property owned by the exempt business on the 1st of January which precedes the beginning of said fiscal year.

**(4)** The partial exemption period provided in this chapter for the purpose of exemption from municipal licenses and municipal taxes shall commence on the first day of the first semester of the fiscal year of the Government of Puerto Rico following the expiration of the full-exemption period provided in said subsection. Provided, That in the case of exempt businesses that have been operating before applying for the benefits of this chapter, the date of commencement of operations for the purposes of municipal licenses shall be the first day of the semester following the date of filing of the tax exemption application.

**(5)** In the case of exempt businesses that hold a decree granted under this chapter or any tax or industrial incentive laws which have been operating before applying for the benefits of this chapter, the date of commencement of operations for the purposes of the fixed rate provided in § 10430 of this title shall be the date of filing an application with the Exemption Office, but the commencement date may be postponed for a term of not more than two (2) years from said date.

**(6)** An exempt business shall commence operations within one (1) year as of the execution of the decree, which term may be extended at the request of such business for just cause, but no extension shall be granted to extend the date of commencement of operations for a term of not more than five (5) years as of the approval of the decree.

## History

—July 19, 2010, No. 83, § 2.15.

Annotations

## Notes

**HISTORY**

**Text references.**

The Puerto Rico Internal Revenue Code, mentioned in this section, was repealed by Act Jan. 31, 2011, No. 1, § 6100.01. Present similar provisions, see §§ 30011 et seq. of this title.

Laws of Puerto Rico Annotated
Copyright © 2020 LAWS OF PUERTO RICO ANNOTATED, Copyright
1955-2014 by the Secretary of State of Puerto Rico and LEXISNEXIS of Puerto Rico, Inc. All rights reserved.

**End of Document**

## *13 L.P.R.A. § 10437*

Current through all acts translated by the Translation Office of the Puerto Rico Government through the 2011 Legislative Session and various acts from 2012 to the present. Appendices III (Rules of Civil Procedure) and IV (Rules of Evidence) of Title 32 have been replaced by Appendices V (Rules of Civil Procedure) and VI (Rules of Evidence) of Title 32 by Order of the Supreme Court dated Sept. 4, 2009, but the official translations are not yet available. Also, the official translations of Appendices XII through XXII of Title 3, which encompass various reorganization plans of the Puerto Rico Government and promulgated in 2010 through 2012, have not yet been received. For all missing translations, please consult the Spanish version

*Laws of Puerto Rico Annotated  >  TITLE THIRTEEN Taxation and Finance (Subts. 1 — 17)  > Subtitle 15 Puerto Rico Industrial Incentives Generally (Pts. I — III)  >  PART III. Other Tax Incentives (Chs. 941 — 984)  >  Chapter 942. Green Energy Incentives Act of Puerto Rico (Subchs. I — III)  >  Subchapter II. Green Energy Investment Incentives (§§ 10422 — 10442)*

## § 10437. Successor business

(a) **General rule.—**  A successor business may avail itself of the provisions of this chapter, provided that:

(1)  The exempt predecessor business has not ceased operations for more than six (6) consecutive months before the filing of the exemption application of the successor business, or during the exemption period of the successor business, unless this is due to a *force majeure*.

(2)  The exempt predecessor business maintains its annual average number of jobs for the three (3) taxable years that end with the closing of its taxable year prior to the filing of the exemption application of the successor business, or the applicable part of said period while the decree of the successor business granted is in effect, unless, due to *force majeure*, said average cannot be maintained.

(3)  The number of jobs of the successor business after its first year of operations is greater than twenty-five percent (25%) of the average annual number of jobs of the predecessor business referred to in clause (2) above.

(4)  The successor business does not use the physical facilities, including land, buildings, machinery, equipment, inventory, supplies, trademarks, patents, and marketing outlets, having a value of fifty thousand dollars ($50,000) or more and which have been previously used by the exempt predecessor business. The foregoing shall not apply to additions to property devoted to the production of green energy, even when said additions constitute physical facilities with a value of fifty thousand dollars ($50,000) or more and which are being or have been used by the main unit or exempt predecessor business. The above notwithstanding, the Secretary of Development may determine, after recommendation of the agencies issuing tax exemption reports, that the use of the physical facilities or the acquisition of any facility of an exempt predecessor business that is or was in operation shall be for the best economic and social interests of Puerto Rico, in view of the nature of said facilities, the

13 L.P.R.A. § 10437

number of jobs, the amount of the payroll, the investment, the location of the project, or other factors that in his/her judgment merit said determination.

**(b) Exceptions.—** Notwithstanding the provisions of subsection (a) of this section, the conditions of the same shall be deemed to be complied with, when:

**(1)** The successor business assigns to the exempt predecessor business such a portion of its annual number of jobs as may be necessary so that the annual number of jobs of the exempt predecessor business is maintained at or is equal to the annual number of jobs that said exempt predecessor business must maintain. The assignment provided herein shall not be covered by the decree of the successor business, but it shall enjoy the benefits provided under this chapter, if any, with respect to the portion so assigned which the exempt predecessor business would have enjoyed thereon, as if such a portion had been its own annual production. If the exemption period of the exempt predecessor business has expired, the successor business shall pay the corresponding taxes on such a portion of its annual production assigned to the exempt predecessor business.

**(2)** The successor business declares as not covered by its decree, for property tax purposes, such a portion of its facilities as may be necessary so that the investment in physical facilities of the exempt predecessor business is maintained at or is equal to the total investment in physical facilities at the closing of the taxable year of such an exempt predecessor business prior to the filing of the exemption application of the successor business, minus depreciation thereon and minus any decrease in the investment in physical facilities that may have occurred as of the date the provisions of this clause are applied as a result of an authorization to use the same under subsection (a)(4) of this section. In those cases in which the tax exemption period of the exempt predecessor business has not expired, the successor business shall enjoy the benefits provided by this chapter which the exempt predecessor business would have enjoyed with respect to the portion of its investment in said physical facilities that for the purposes of this clause it declares as not covered by its decree, if the said facilities had been used in producing its GEI.

**(3)** The Secretary of Development determines, after recommendation of the agencies issuing tax exemption reports, that the operation of the successor business is for the best economic and social interests of Puerto Rico, in view of the nature of the physical facilities, the number of jobs, the amount of the payroll, the investment, the location of the project or any other factors that in his/her judgment merit said determination, including the economic situation undergone by a particular exempt business, and waives its full or partial compliance with the provisions of subsection (a) of this section, with authority to condition the operations as may be convenient and necessary for the benefit of the best interests of Puerto Rico.

## History

—July 19, 2010, No. 83, §  2.16.

Laws of Puerto Rico Annotated
Copyright © 2020 LAWS OF PUERTO RICO ANNOTATED, Copyright
1955-2014 by the Secretary of State of Puerto Rico and LEXISNEXIS of Puerto Rico, Inc. All rights reserved.

End of Document

### *13 L.P.R.A. § 10438*

Current through all acts translated by the Translation Office of the Puerto Rico Government through the 2011 Legislative Session and various acts from 2012 to the present. Appendices III (Rules of Civil Procedure) and IV (Rules of Evidence) of Title 32 have been replaced by Appendices V (Rules of Civil Procedure) and VI (Rules of Evidence) of Title 32 by Order of the Supreme Court dated Sept. 4, 2009, but the official translations are not yet available. Also, the official translations of Appendices XII through XXII of Title 3, which encompass various reorganization plans of the Puerto Rico Government and promulgated in 2010 through 2012, have not yet been received. For all missing translations, please consult the Spanish version

*Laws of Puerto Rico Annotated  >  TITLE THIRTEEN Taxation and Finance (Subts. 1 — 17)  > Subtitle 15 Puerto Rico Industrial Incentives Generally (Pts. I — III)  >  PART III. Other Tax Incentives (Chs. 941 — 984)  >  Chapter 942. Green Energy Incentives Act of Puerto Rico (Subchs. I — III)  >  Subchapter II. Green Energy Investment Incentives (§§ 10422 — 10442)*

## § 10438. Governing Principles; duties of the Director; Certificate of Compliance; and other procedures

**(a) Governing principles for the granting of incentives.—**  In the evaluation, analysis, consideration, award, renegotiation, and revision of any incentives or benefits granted under this chapter, the Department of Economic Development and Commerce, the Industrial Tax Exemption Office, and the Director thereof shall be required to oversee and ensure compliance with the governing principles stated below:

**(1) Jobs.—**  The incentivized activity and the exempt business shall promote the creation of new jobs.

**(2) Sound integration.—**  The conceptual design and planning of the incentivized activity and the exempt business shall be carried out, first of all, taking into account environmental, geographical, and physical aspects, as well as the materials and goods that are abundantly available in the site where it is to be developed.

**(3) Commitment to the economic activity.—**  The incentivized activity and the exempt business shall acquire raw materials and products manufactured in Puerto Rico for the construction, maintenance, renovation or extension of the physical facilities thereof. If the purchase of said products cannot be financially justified when taking into account criteria such as the quality, quantity, price, or availability of these products in Puerto Rico, the Director may issue a certificate attesting to such fact.

**(4) Commitment to agriculture.—**  The incentivized activity and the exempt business shall not affect and/or mitigate any adverse effect that the operation thereof in land of high agricultural significance may have. The Director shall evaluate the particularities of each case and may issue a certificate attesting to such fact.

**(5) Transfer of knowledge.—**  The incentivized activity and the exempt business shall acquire services from professionals or enterprises with a presence in Puerto Rico.

However, if this is not possible due to criteria such as availability, experience, specificity or skill, or any other valid reason recognized by the Director, the exempt business may acquire such services through an intermediary with a presence in Puerto Rico, which shall contract directly with the service provider chosen by the exempt business, in order to receive the requested services.

The term "services" shall mean, but the list below shall not be construed as limiting the Director to include others by regulations, as the contracting of jobs related to:

**(A)**  Surveying, production construction plan, as well as engineering and architectural designs, and related services;

**(B)**  construction and all that pertains to this sector;

**(C)**  financial, environmental, technological, scientific, management, marketing, human resources, information technology, and auditing consulting services;

**(D)**  advertising, public relations, commercial art, and graphic design services; and

**(E)**  security or facility maintenance.

**(6) Financial commitment.—**  The incentivized activity and the exempt business shall submit proof that they use the services of, and that they deposit a significant amount of the income derived from their economic activity in, banking and/or cooperative institutions with a presence in Puerto Rico. If the financial activity cannot be financially justified when taking into account criteria such as the availability or accessibility of these institutions in Puerto Rico, the Director may issue a certificate attesting to such fact.

The Director of the Industrial Tax Exemption Office shall be the sole official responsible for verifying and ensuring that the incentivized activity and the exempt business meet the eligibility requirements established in this section and all other provisions of this chapter, except for the provisions of the Green Energy Fund.

If the exempt business partially meets the requirements established in this section, the Director shall be required to establish a formula that allows for the quantification of the aforementioned factors, and for the subtraction of the requirement that has not been met from the total percentage of the specific credit, in order to obtain the exact percentage of the benefit in question.

The governing principles set forth in this section shall apply to every incentivized activity or exempt business that applies for any of the benefits granted under this chapter as of December 1st, 2015. However, the provisions of this section shall not apply to any request for renegotiation and/or conversion of a decree, as authorized in Section 6 of this Act made by any exempt business that has not been signed and completed prior to the aforementioned date.

**(b) Duties of the Director, Certificate of Compliance.—**  In the evaluation, analysis, consideration, award, renegotiation, and revision of any incentives or benefits granted by this chapter, the Department of Economic Development and Commerce, the Industrial Tax Exemption Office, and the Director thereof shall be required to oversee and ensure that the governing principles provided in subsection (a) of this section, as well as the remaining provisions of this chapter are complied with.

The Director shall be responsible for verifying and ensuring that the exempt businesses meet the requirements established in this chapter, particularly those set forth in subsection (a) of this section. If the exempt business fails to meet one or more of the requirements established

in subsection (a) of this section due to criteria such as quality, quantity, price, or availability in Puerto Rico, among other factors that, in the judgment of the Director, hinder, impair, or prevent the successful operation of the incentivized activity within reasonable parameters, the Director may issue a certificate attesting to such fact, exempting the exempt business, in whole or in part, from meeting the requirement in question.

If the exempt business fails to fully meet the requirements of subsection (a) of this section, and fails to qualify for any of the exceptions to such provision, the Director shall be responsible for establishing a formula that allows for the quantification of the factors set forth in said section, and for the subtraction of the requirement that has not been met from the total percentage of the specific benefit or incentive granted by this chapter, in order to obtain the exact percentage of the benefit or incentive in question.

The Director shall be required and responsible for preparing a Certificate of Compliance every two years, once the exempt business validates, in the judgment of said official, that it has met the requirements set forth in subsection (a) of this section and complied with the other provisions of this chapter. Every two years, the Director shall verify the information submitted by exempt businesses annually so that the Certificate of Compliance is issued not later than the last day of the third (3rd) month after the close of the taxable year of the applicant.

Upon the filing of an application for a Certificate of Compliance with the Industrial Tax Exemption Office, the Director shall collect the fees for the processing thereof, which shall be payable by certified check, money order, or cashier's check to the Secretary of the Treasury. The Secretary of Economic Development shall prescribe by regulations the application processing fees. Provided, That said regulations shall be revised every three (3) years after its approval.

The Certificate of Compliance shall include, in turn, the following information regarding the exempt business: the name of the business, the cadastre number of the property or properties connected to the business; the merchant registration number; the account connected to the business as required in the Puerto Rico Internal Revenue Code; the employer identification number; and the information required by §§ 1411 et seq. of Title 23, better known as the "Fiscal Information and Permit Control Act".

The Certificate of Compliance shall be issued by the Executive Director through the Interagency Validation Portal for the Granting of Incentives for the Economic Development of Puerto Rico to the agencies, public corporations, and municipalities responsible for granting the benefits or incentives under this chapter. However, during the period in which the Portal is still not operating, it shall be the duty of the Director to issue a Certificate of Compliance to the agencies, public corporations, and municipalities responsible for granting benefits or incentives under this chapter following the ordinary process. The filing of the Certificate of Compliance by the exempt business shall be an essential requirement for the agency, public corporation, or municipality to grant the benefit or incentive provided for in this chapter.

Actions taken by the Secretary of the Department of the Treasury, the Executive Director of the Municipal Revenues Collection Center (CRIM, Spanish acronym), or any other government official or body, or public corporation concerned, in connection with the qualification process for the granting of the benefits or incentives under this chapter shall be limited to the taxation aspects of the granting of the benefit or incentive in question, upon the issuance of a valid Certificate of Compliance, as provided by this section. The Director shall be responsible, first and foremost, for overseeing eligibility under any and all provisions of this chapter. However, the Secretary of the Department of the Treasury, the Executive Director of

13 L.P.R.A. § 10438

the Municipal Revenues Collection Center (CRIM), or any other government official or body, or public corporation concerned, in connection with any of the benefits or incentives granted under this chapter may contact the applicant and the Director should further information be needed to validate the data on the Certificate of Compliance, and shall notify and request the applicant to supply such information in order to rectify the situation. The Secretary of the Department of the Treasury or the Executive Director of the Municipal Revenues Collection Center (CRIM) may deny any tax incentives or benefits requested if, in their judgment, the information requested has not been supplied. Moreover, the provisions of this chapter shall not preclude, in any manner, the power conferred to the Secretary of the Treasury under § 33202 of this title, known as the "Puerto Rico Internal Revenue Code of 2011"; and, if necessary, the power to revoke any incentives previously granted by virtue of a Certificate of Compliance, in accordance with the corresponding act; or the power to refer the case to the pertinent agency or public corporation for the corresponding action.

**(c) Regular procedure.—**

**(1) Tax exemption application.—** Any person who has established or proposes to establish in Puerto Rico an exempt business may file an application for the incentives under this chapter with the Secretary of Development, upon filing the corresponding application duly sworn before the Exemption Office.

At the time of filing, the Director shall collect the corresponding processing fees, which shall be paid by certified check, bank or postal money order to the order of the Secretary of the Treasury.

The Secretary of Development shall establish through regulation the processing fees to be collected. Provided, That said regulation shall be revised every three (3) years after its approval.

The fees in effect under §§ 10641 et seq. of this title, shall remain in effect until the approval of the first regulation under this provision.

**(2) Interagency consideration of applications.—**

**(A)** Once an application under this chapter is received by the Exemption Office, the Director thereof shall send, within five (5) days counted as of the filing date of the application, a copy of such application to the Secretary of the Treasury and the Director of Development in order for the latter, in consultation with the Executive Director, to file an eligibility report and issue a recommendation on the activity to be carried out and other facts in connection with the application. When evaluating the application, the Secretary of the Treasury shall verify compliance by the shareholders or business partners of the applying business with their tax responsibilities under the Internal Revenue Code of Puerto Rico. Such verification shall not be necessary in the case of shareholders not residents of Puerto Rico or public corporations. Failure to comply with said tax responsibility shall be grounds for Secretary of the Treasury not to endorse the exemption application of the applying business.

**(B)** Once the Director of Development files the eligibility report and issues his/her recommendations, he/she shall send a copy of the decree project, within five (5) business days after having received the necessary documents to process the case, to the concerned agencies, including the concerned municipality and the Municipal Revenues Collection Center (CRIM, Spanish acronym), for their evaluation and recommendations. Any unfavorable recommendations in connection with the decree project shall include the reasons therefore.

13 L.P.R.A. § 10438

The agencies and municipalities consulted by the Director shall have thirty (30) days to file their report or recommendations in connection with the decree project referred to them. In the event that the recommendation of the agency or municipality be favorable, or the same is not received by the Exemption Office during the abovementioned thirty (30) day term, such decree project shall be deemed to have obtained a favorable recommendation and the Secretary of Development may take the corresponding action regarding such application.

In the event that the municipality raises any objection with respect to the decreed project referred to it, the Exemption Office shall consider such objection, as necessary, and the Exemption Office shall notify the parties and corresponding agencies on the administrative action or review of the decree project deemed pertinent. Once the controversy under consideration is settled, the Director shall make the determination that he/she deems appropriate and submit the case to the Secretary of Development for final consideration.

**(C)** In the case of amendments to grants awarded pursuant to this chapter, the period for the agencies and municipalities concerned to submit a report or opinion before the Director shall be twenty (20) days.

**(D)** Once the reports are received, or the term to submit such report elapses, the Director shall submit the decree project and his/her recommendation to the consideration of the Secretary of Development within the following five (5) days.

**(E)** The Director may rest on the recommendations submitted by those agencies and municipalities issuing such reports and opinions and may request them to support the same.

**(F)** The Secretary of Development shall issue a final determination, in writing, within a term not to exceed five (5) days as of the date the project of decree was submitted to his/her consideration.

**(G)** The Secretary of Development may delegate unto the Director those functions that, in his/her discretion, are convenient to expedite the administration of this chapter, except for the function of approving or denying original tax exemptions to be granted under this chapter.

**(3) Additional provisions.—**

**(A)** The Exemption Office may require tax exemption decree applicants who submit the necessary sworn statements to establish the stated, required or appropriate facts to determine whether the operations or proposed operations of the applicant qualify under the provisions of this chapter.

**(B)** The Director may hold any public or administrative hearings as necessary to comply with the duties and obligations imposed under this chapter. In addition, he/she may require tax exemption decree applicants to furnish any proof that may support the tax exemption requested.

The Director or the Special Examiner of the Exemption Office designated by the Director, with the approval of the Secretary of Development, may receive the proof presented in connection with any decree application and shall be empowered to summon witnesses and take statements with respect to the alleged facts or otherwise related to the requested decree, take oaths to any person making a statement before

him/her and submit a report to the Secretary of Development in connection with the proof presented, together with his/her recommendations on the case.

**(C)**  Any person that commits or attempts to commit, by him/herself or on behalf of someone else, any misrepresentation or deceitful representation in connection with any tax exemption application, grant or any violation of the provisions regarding predecessor or successor businesses shall be found guilty of a third degree felony, and upon conviction, shall be punished pursuant to the penalty provided for such kind of offense in the Puerto Rico Penal Code, as amended.

Provided further that, in these cases, the exemption decree shall be revoked retroactively and the grantee or its shareholders shall become liable for all taxes that were fully or partially exonerated under this chapter.

**(D)**  The fees, charges, and penalties prescribed under subsection (a)(1) of this section shall be covered into a Special Account created to such purposes in the Department of the Treasury, in order to defray the regular operating expenses of the Exemption Office. Before resorting to the funds deposited in the Special Account, the Exemption Office shall submit every year, for the approval of the Government's Office of Management and Budget, an expense budget chargeable to the Special Account funds. The resources of the Special Account designated to defray the regular operating expenses of the Exemption Office may be complemented with fund appropriations from the General Fund of Puerto Rico, as necessary.

**(E)**  The Exemption Office shall establish any systems necessary to facilitate the electronic filing and transmittal of exemption applications and documents in connection therewith, in order to expedite interagency evaluation of the exemption applications and the procedures in general.

**(d) Extensions.—**

**(1)**  Any exempt business that holds a decree granted under this chapter may request to the Secretary of Development, before the expiration of its decree, tax extension of the decree in effect if such business shows that it shall continue carrying out the eligible activity.

**(2)**  The decree's extension shall not exceed ten (10) additional years to those granted in the original decree.

**(3)**  The exempt business to which a decree extension is granted under this chapter shall be subject to a ten percent (10%) fixed rate on its GEI during the extension period, in lieu of the tax provided in §  10430(a) of this title, or any other income tax, if any, levied under the Internal Revenue Code of Puerto Rico or any other law.

**(4)**  During the extension period, the exempt business shall enjoy a fifty percent (50%) exemption from municipal and state taxes on real and personal property used in developing, organizing, building, establishing or operating the eligible activity covered under the decree, in lieu of the exemption provided under §  10433(a) of this title.

**(5)**  During the extension period, the exempt business shall enjoy a fifty percent (50%)-exemption from municipal licenses, excises, and other taxes imposed by any municipal ordinance, in lieu of the exemption provided under §  10434(a) of this title.

**(6)**  The extension granted under this subsection may not be reapplied for upon the expiration of the extended term set forth under clause (2) of this subsection.

**(e) Renegotiations and conversions.—**

13 L.P.R.A. § 10438

**(1) Renegotiation of decrees in effect.—**

**(A)**  Any exempt business that holds a decree granted under this chapter may request the Secretary of Development to consider renegotiating its decree in effect if it shows that it shall make a substantial investment in, or a substantial renovation of its existing operations, which represents not less than twenty-five percent (25%) of the initial investment for which the original decree to be renegotiated was granted. If said exempt business shows to the satisfaction of the Secretary of Development that it is unable to meet the abovementioned investment increase requirement, it shall submit the necessary evidence to the Exemption Office. The Secretary of Development, with prior favorable recommendation of the Secretary of the Treasury, the Director of Development, and the Executive Director, and with the previous recommendation of the agencies issuing tax exemption reports, may, only in his/her discretion, consider such renegotiation taking into account any other factor or circumstance which reasonably shows that the renegotiation of the decree shall benefit the social and economic interest of Puerto Rico.

**(B)**  The terms granted under a decree renegotiated in accordance with this clause shall not exceed an additional fifteen (15) years to those granted under the original decree.

**(C)**  For purposes of this section, the terms "substantial investment" and "substantial renovation" shall have the meaning determined by the Executive Director through regulations.

**(D)**  For purposes of this section, the investment of the exempt business in its existing operations shall be computed according to the book value of the property devoted to the eligible activity, computed with the depreciation benefit admissible under the straight-line method, taking into account the useful life of said property determined according to Subtitle A of the Internal Revenue Code of Puerto Rico, in lieu of any other accelerated depreciation allowed by law.

**(E)**  If the renegotiation requested is granted, the Secretary of Development, with the previous recommendation of the agencies issuing tax exemption reports, shall take into account the location, the investment, the decree's remainder period, the tax incentives already enjoyed, and its financial capacity, in order for the exempt business to obtain an additional exemption period under a renegotiated decree with tax incentives adjusted under this chapter.

**(F)**  The Secretary of Development shall establish the terms and conditions deemed necessary and convenient for the best interests of Puerto Rico within the term provided herein, and may, at his/her discretion, with the previous recommendation of the agencies issuing tax exemption reports, impose special requirements, limit the exemption period and percentage, limit the taxes to be exempt, and require and provide any other necessary term or condition to achieve the purpose of developing green energy sources proposed by this chapter.

**(G)**  When the exempt business interested in renegotiating its decree fails to comply with the investment increase requirement provided in paragraph (A) of this clause, the Secretary of Development may, with the previous favorable recommendation of the Secretary of the Treasury, the Director of Development, and the Executive Director, and the agencies issuing tax exemption reports, impose a fixed seven percent (7%) tax rate on the GEI.

**(H)**  If the Secretary of Development, upon previous consultation with the Secretary of the Treasury, the Director of Development and the Executive Director, and the agencies issuing tax exemption reports, determines that a renegotiation would be in harmony with the public policy, the tax rate for the decree shall be four percent (4%).

**(I)**  All other terms, conditions, and incentives contained in this chapter, which do not contravene with the provisions of this subsection, shall apply to the exempt businesses covered thereunder.

**(J)**  After the renegotiation of the decree, the exempt business may apply for an exemption as provided in subsection (b) of this section.

**(2) Conversion of exempt business under industrial or tax incentive laws.—**  An exempt business that has obtained a decree under industrial or tax incentive laws and is engaged in an eligible activity may opt to avail itself of the provisions of this chapter, subject to the limits set forth hereinbelow, provided that it shows compliance with all the applicable legal provisions.

**(A)**  The decree of any business exempt under industrial or tax incentive laws, which opts to avail itself of the benefits of this chapter, shall be adjusted in order for the benefits under §§ 10430—10436 of this title to be granted.

**(B)**  In order to determine the term of the decree converted under this chapter, the period during which the business has enjoyed exemption under the decree or grant under industrial or tax incentive laws shall be subtracted from the term provided in § 10436 of this title.

**(C)**  The exempt business that converts its decree under the provisions of this subsection, which on the conversion date had been operating under industrial or tax incentive laws, may distribute the income earned before the effective date of the conversion on any subsequent period, in accordance with the tax treatment set forth in the law under which such income was earned.

**(D)**  An exempt business that avails itself of the provisions of this subsection shall pay taxes in full in connection with its income, in accordance with the tax treatment set forth in the law under which such income was earned.

**(E)**  The benefits under this subsection may be applied for within twelve (12) months as of the effective date of this act, and the effectiveness of its provisions may be established as of the first day of the taxable year in which the same are applied for, but never before the effective date of this act, and until the first day of the following taxable year, at the option of the exempt business.

**(F)**  All other terms, conditions, and incentives contained in this chapter, which do not contravene with the provisions of this subsection, shall apply to the exempt businesses covered thereunder.

**(f) Denial of application.—**

**(1) Denial if not for the benefit of Puerto Rico.—**  The Secretary of Development may deny any application if he/she determines that the same is not in the best economic and social interests of Puerto Rico, after considering the nature of the physical facilities, number of jobs, the amount of the payroll, and the investment, the location of the project, the environmental impact thereof, or other factors, that in his/her judgment merit such determination, as well as the recommendations of the agencies issuing tax exemption reports.

The applicant may, after having been notified of the denial, request reconsideration to the Secretary of Development within sixty (60) days after receipt of the notice, stating the facts and arguments in connection with its application, which it believes to be pertinent, including the benefit for Puerto Rico, that it believes shall render such request for reconsideration meritorious.

In the event that the application is reconsidered, the Secretary of Development may accept any proposed project or eligible activity offered for the benefit of Puerto Rico and may require and provide any other term or condition that is in the best interest of Puerto Rico and the purposes of this chapter.

**(2) Denial for conflict with the public interest.—** The Secretary of Development may deny any application when he/she determines, based on the facts submitted for his/her consideration and after the applicant has been afforded the opportunity to make a thorough presentation the issue in dispute, that the application is in conflict with the public interest of Puerto Rico for any of the following reasons:

**(A)** That the applying exempt business has not been organized as a permanent bona fide business, or in light of the moral or financial reputation of the people constituting the same, the plans and methods to obtain financing for the eligible activity, the nature or intended use for the eligible activity or any other factor that may indicate that there is a reasonable possibility that granting of the exemption shall be detrimental to the economic and social interest of Puerto Rico, or

**(B)** any other reasons for conflict with Puerto Rico's public interest.

**(g) Transfer of exempt business.—**

**(1) General rule.—** The transfer of a tax exemption grant or the stock, property or other interest on property of an exempt business that holds a decree granted under this chapter must be previously approved by the Director. If the same is carried out without previous approval, the exemption grant shall be rendered null as of the date the transfer occurred, except in those cases listed in clause (2) of this subsection. The above notwithstanding, the Director may retroactively approve any transfer made without his/her approval when in his/her judgment the circumstances of the case so justify, taking into consideration the best interests of Puerto Rico and the purposes of this chapter.

**(2) Exceptions.—** The following transfers shall be authorized without the need of previous consent:

**(A)** The transfer of the assets of a decedent to his/her estate or the transfer by bequest or inheritance.

**(B)** The transfer under the provisions of this chapter.

**(C)** The transfer of stock or any interest in a partnership when such a transfer does not directly or indirectly result in a change in the ownership or control of an exempt business that holds a decree under this chapter.

**(D)** The transfer of stock of a corporation that owns or operates an exempt business that holds a decree granted under this chapter, when the same occurs after the Director has determined that any transfer of the stock of said corporation shall be allowed without his/her prior approval.

**(E)**  The pledge, mortgage or other security with purpose of securing a bona fide debt. Any transfer of control, title or interest by virtue of said contract shall be subject to the provisions of subsection (a) of this section.

**(F)**  The transfer by law, court order or by a bankruptcy judge to a receiver or trustee. Any subsequent transfer to a third party other than the same debtor or former bankrupt shall be subject to the provisions of subsection (a) of this section.

**(G)**  The transfer of all assets of an exempt business that holds a decree issued under this chapter to an affiliate business. For the purposes of this paragraph, affiliate businesses are those whose shareholders or partners hold eighty percent (80%) or more of the exempt business common stock or voting shares issued and outstanding.

**(3) Notice.—**  Any transfer included in the exceptions of subsection (2) of this section shall be notified to the Director by the exempt business that holds a decree under this chapter, with a copy to the Director of Development, the Executive Director, and Secretary of the Treasury within thirty (30) days of the transfer, except those included under clause (2)(D) of this subsection that do not convert the stockholder into a holder of ten percent (10%) or more of the outstanding corporate capital, and those included under clause (2)(G) of this subsection, which shall be notified by the exempt business to the Director, with a copy to the Secretary of the Treasury, prior to the transfer.

**(h) Procedure for permissive and mandatory revocations.—**

**(1) Permissive revocation.—**

**(A)**  When the grantee fails to comply with any of the obligations imposed by this chapter or its regulations or by the terms of the exemption decree.

**(B)**  When the grantee fails to commence or to complete the construction of the facilities needed for the eligible activity, or fails to commence eligible activity within the period fixed for such purposes in the decree.

**(C)**  When the grantee suspends its operations for more than thirty (30) days without the authorization of the Secretary of Development. The Secretary of Development shall authorize such suspensions for periods greater than thirty (30) days when they occur as a result of extraordinary causes.

**(D)**  When the grantee fails to comply with its tax responsibility under the Internal Revenue Code of Puerto Rico and other tax laws of Puerto Rico.

**(2) Mandatory revocation.—**  The Secretary of Development shall revoke any decree granted under this chapter if it was obtained by false or fraudulent representations concerning the nature of the eligible activity to be carried out in Puerto Rico, or the use that has been given or shall be given to property devoted to the eligible activity, or any other facts or circumstances which wholly or partially motivated the granting of the decree.

An additional cause for revocation under this clause arises when a person commits or attempts to commit, by him/herself or on behalf of any other person, a violation of the provisions regarding successor businesses or exempt predecessor businesses.

In the event of such a revocation, all net income computed, previously reported as GEI, whether or not distributed, as well as any distribution thereof, shall be subject to the taxes levied by the Internal Revenue Code of Puerto Rico. In addition, the taxpayer shall be deemed to have filed a false or fraudulent tax return with intent of evading the payment of taxes, and shall, therefore, be subject to the penal provisions of the Internal Revenue

Code of Puerto Rico. The tax due in such cases, as well as any other taxes theretofore exempt and unpaid, shall become due and payable from the date when such taxes would have become due and would have been payable had it not been for the decree, and shall be levied and collected in accordance with the provisions of the Internal Revenue Code of Puerto Rico.

**(3) Procedure.—**  In the event of the revocation of a decree granted under this chapter, the grantee shall have the opportunity to appear and be heard before the Director or any Special Examiner of the Exemption Office designated to such purposes, who shall report his/her conclusions and recommendations to the Secretary of Development, with previous recommendation of the agencies issuing tax exemption reports.

# History

—July 19, 2010, No. 83, §  2.17; Nov. 17, 2015, No. 187, § 94; Dec. 28, 2016, No. 208, § 25.

Annotations

# Notes

**HISTORY**

**Text references.**

The references to "this act" in subsection (e)(2)(E) are to Act July 19, 2010, No. 83, which constitutes this chapter.

The Puerto Rico Internal Revenue Code, mentioned in this section, was repealed by Act Jan. 31, 2011, No. 1, §  6100.01. Present similar provisions, see §§  30011 et seq. of this title.

**Amendments**

**—2016.**

Subsection   (b): Act 2016 amended the fourth paragraph generally and added a  new  fifth paragraph, redesignating the remaining paragraphs.

**—2015.**

Act 2015 added new subsections (a) and (b), redesignating the remaining subsections.

**Effectiveness.**

Section 40 of Act Dec. 28, 2016, No. 208, provides: "This Act [which amended this section] shall take effect immediately after its approval; however, its effectiveness shall be retroactive to November 17, 2015."

Section  116  of Act Nov. 17, 2015, No. 187, provides: "This Act shall take  effect immediately after its approval; however, the provisions of  Sections 69 through 80 shall become effective January 1, 2016, and

13 L.P.R.A. § 10438

the provisions of Sections 97 through 101, shall be effective for transactions carried out after September 1, 2015."

**Statement of motives.**

Nov. 17, 2015, No. 187.

Dec. 28, 2016, No. 208.

**Separability.**

Section 39 of Act Dec. 28, 2016, No. 208, provides: "If any section, subsection, paragraph, subparagraph, clause and item or part, were held to be null or unconstitutional by a Court with jurisdiction, the holding to such effect shall not affect, impair or invalidate the remaining provisions and parts of this Act [which amended this section]."

Section 115 of Act Nov. 17, 2015, No. 187, provides: "If any section, subsection, paragraph, subparagraph or part, of this Act were held to be null or unconstitutional by any Court with jurisdiction, the remaining provisions of this Act shall remain in full force and effect."

Laws of Puerto Rico Annotated
Copyright © 2020 LAWS OF PUERTO RICO ANNOTATED, Copyright
1955-2014 by the Secretary of State of Puerto Rico and LEXISNEXIS of Puerto Rico, Inc. All rights reserved.

End of Document

## *13 L.P.R.A. § 10439*

Current through all acts translated by the Translation Office of the Puerto Rico Government through the 2011 Legislative Session and various acts from 2012 to the present. Appendices III (Rules of Civil Procedure) and IV (Rules of Evidence) of Title 32 have been replaced by Appendices V (Rules of Civil Procedure) and VI (Rules of Evidence) of Title 32 by Order of the Supreme Court dated Sept. 4, 2009, but the official translations are not yet available. Also, the official translations of Appendices XII through XXII of Title 3, which encompass various reorganization plans of the Puerto Rico Government and promulgated in 2010 through 2012, have not yet been received. For all missing translations, please consult the Spanish version

*Laws of Puerto Rico Annotated  >  TITLE THIRTEEN Taxation and Finance (Subts. 1 — 17)  > Subtitle 15 Puerto Rico Industrial Incentives Generally (Pts. I — III)  >  PART III. Other Tax Incentives (Chs. 941 — 984)  >  Chapter 942. Green Energy Incentives Act of Puerto Rico (Subchs. I — III)  >  Subchapter II. Green Energy Investment Incentives (§§ 10422 — 10442)*

## § 10439. Nature of grants

**(a) In general.—**  The tax exemption decree granted under this chapter shall be deemed to be in the nature of a contract between the grantee, its shareholders, partners or owners, and the Government of Puerto Rico, and shall be deemed to be the governing law between the parties. Said contract shall be construed liberally in harmony with the purpose of this chapter of promoting the protection of our environment and the socioeconomic development of Puerto Rico by establishing green energy sources. The Secretary of Economic Development and Commerce shall exercise discretion to include in the name or on behalf of the Government of Puerto Rico those terms, conditions and exemptions that are consistent with the purposes of this chapter and that shall promote such objectives, taking into consideration the nature of the petition or action requested, as well as the related facts and circumstances that may apply to each particular case.

**(b) Obligation to comply with the representation made in the application.—**  All exempt businesses shall conduct their substantially exempt operations as represented in the application, except when these have been changed under amendments authorized by the Secretary of Development as requested by the grantee, pursuant to the provisions of this chapter.

**(c) Administrative decisions; finality.—**

**(1)**  All decisions and determinations of the Secretary of Development under this chapter as to the granting of the decree and the contents thereof shall be final and no judicial or administrative review or any other recourse shall proceed, unless otherwise specifically provided; Provided, That once a decree is granted under this chapter, no agency, public instrumentality, political subdivision, public corporation or municipality, whether autonomous or not, of the Government of Puerto Rico, other than the Secretary of Economic Development and Commerce or the Governor, may challenge the legality of such decree or of any provisions thereof.

**(2)**  Any grantee adversely affected or harmed by any action taken by the Secretary of Development to revoke and/or cancel an exemption decree pursuant to §  10438(f)(2) of this

13 L.P.R.A. § 10439

title, shall be entitled to a judicial review by filing an appeal for review with the Puerto Rico Circuit Court of Appeals within thirty (30) days from the final decision or adjudication of the Secretary of Development. During the process of the judicial review, the Secretary of Development is hereby authorized to postpone the effective date of any action taken by him/her when, in his/her judgment justice so requires, under those conditions required and to the extent necessary to prevent irreparable harm. When said postponement is requested and denied, the court before which the review is requested through a certiorari, including the Supreme Court of Puerto Rico, may decree any procedure necessary and appropriate to postpone the effective date of any action taken by the Secretary of Development, to preserve the status or rights of the parties until the conclusion of the review proceedings, after posting bond in favor of the Secretary of the Treasury for the amount of the unpaid taxes to date, plus interest and penalties, plus interest computed for the period of one (1) year at the prevailing legal rate.

**(3)** Any ruling or judgment of the Circuit Court of Appeals of Puerto Rico shall be subject to review by the Supreme Court of Puerto Rico by means of a certiorari requested by any of the parties as provided by law.

## History

—July 19, 2010, No. 83, §  2.18.

Laws of Puerto Rico Annotated
Copyright © 2020 LAWS OF PUERTO RICO ANNOTATED, Copyright
1955-2014 by the Secretary of State of Puerto Rico and LEXISNEXIS of Puerto Rico, Inc. All rights reserved.

**End of Document**

## *13 L.P.R.A. § 10440*

Current through all acts translated by the Translation Office of the Puerto Rico Government through the 2011 Legislative Session and various acts from 2012 to the present. Appendices III (Rules of Civil Procedure) and IV (Rules of Evidence) of Title 32 have been replaced by Appendices V (Rules of Civil Procedure) and VI (Rules of Evidence) of Title 32 by Order of the Supreme Court dated Sept. 4, 2009, but the official translations are not yet available. Also, the official translations of Appendices XII through XXII of Title 3, which encompass various reorganization plans of the Puerto Rico Government and promulgated in 2010 through 2012, have not yet been received. For all missing translations, please consult the Spanish version

*Laws of Puerto Rico Annotated  >  TITLE THIRTEEN Taxation and Finance (Subts. 1 — 17)  > Subtitle 15 Puerto Rico Industrial Incentives Generally (Pts. I — III)  >  PART III. Other Tax Incentives (Chs. 941 — 984)  >  Chapter 942. Green Energy Incentives Act of Puerto Rico (Subchs. I — III)  >  Subchapter II. Green Energy Investment Incentives (§§ 10422 — 10442)*

## § 10440. Periodic reports to the Governor and the Legislature

**(a) In general.—**   Notwithstanding any other report required by law, the Secretary of Development, in consultation with the Secretary of the Treasury, the Director, the Director of Development, the Executive Director, and the Planning Board shall render a yearly report to the Governor and the Legislature on the economic and fiscal impact of this subchapter. Said report shall be filed within one hundred and eighty (180) days following the closing of each fiscal year.

**(b) Required information.—**   The Secretary of Development shall request the information below to Government agencies, the municipalities or exempt businesses, as applicable, in order to draft the report required under subsection (a) of this section:

**(1)** The number of exemption applications submitted and approved;

**(2)** the total investment in machinery and equipment, number of jobs and projected payroll by the exempt businesses;

**(3)** description of any additional incentive received by the exempt businesses, whether from local or municipal Government funds;

**(4)** taxes paid by the exempt businesses on account of income, royalties and other, and the use of incentives such as tax credits and special deductions;

**(5)** payment of municipal taxes;

**(6)** comparison between the liabilities incurred by exempt businesses with respect to their employment level and other conditions set forth under the decree, and

**(7)** any other matters needed to inform the Governor and the Legislature as to the scope and effects of implementing this chapter.

**(c) Additional information.—**   These reports shall include an evaluation of the factors related to the development of green energy sources of Puerto Rico, such as the government processing of

permits, licenses, authorizations, grants and any other similar matters, the availability of property for the eligible activity, and the availability of skilled manpower.

**(d) Report by the Secretary of Treasury.—**  Notwithstanding any other report required by law, the Secretary of the Treasury shall likewise render a yearly report to the Legislature indicating the manner in which the exempt businesses have fulfilled their tax obligations, including a comparison with the previous year and a projection of said conduct for the next three (3) years following the year to which the report corresponds. Said report shall be filed within one hundred and eighty (180) days following the closing of each fiscal year.

The Department of the Treasury, together with the Industrial Development Company and the Administration, shall establish the necessary questionnaires and regulations to attain the purposes of this section.

**(e) Cooperation among agencies.—**  The Government agencies and the municipalities shall furnish the information provided in this section to the Secretary of Development and the Secretary of the Treasury. The Secretary of Development may establish through regulations the manner and procedures as necessary to ensure the exchange of information required in this section.

## History

—July 19, 2010, No. 83, §  2.19.

Laws of Puerto Rico Annotated
Copyright © 2020 LAWS OF PUERTO RICO ANNOTATED, Copyright
1955-2014 by the Secretary of State of Puerto Rico and LEXISNEXIS of Puerto Rico, Inc. All rights reserved.

**End of Document**

## *13 L.P.R.A. § 10441*

Current through all acts translated by the Translation Office of the Puerto Rico Government through the 2011 Legislative Session and various acts from 2012 to the present. Appendices III (Rules of Civil Procedure) and IV (Rules of Evidence) of Title 32 have been replaced by Appendices V (Rules of Civil Procedure) and VI (Rules of Evidence) of Title 32 by Order of the Supreme Court dated Sept. 4, 2009, but the official translations are not yet available. Also, the official translations of Appendices XII through XXII of Title 3, which encompass various reorganization plans of the Puerto Rico Government and promulgated in 2010 through 2012, have not yet been received. For all missing translations, please consult the Spanish version

*Laws of Puerto Rico Annotated  >  TITLE THIRTEEN Taxation and Finance (Subts. 1 — 17)  > Subtitle 15 Puerto Rico Industrial Incentives Generally (Pts. I — III)  >  PART III. Other Tax Incentives (Chs. 941 — 984)  >  Chapter 942. Green Energy Incentives Act of Puerto Rico (Subchs. I — III)  >  Subchapter II. Green Energy Investment Incentives (§§ 10422 — 10442)*

## § 10441. Decrees granted under industrial or tax incentive laws

**(a)**  In the case of businesses engaged in eligible activities, as defined in §  10421 of this title, no new exemption decree applications shall be received under §  10642 (d)(1)(E) of this title, with respect to a property devoted to the production of green energy, as defined in this chapter, §§ 10642(d)(1)(H) and 10642(d)(1)(M) of this title, as of the effective date of this act. After the effective date of this act, notwithstanding the provisions of the abovementioned sections of Act No. 73 of May 28, 2008, as amended, any decree application in connection with any eligible activity shall be governed by the provisions of this chapter. However, any decree granted under §§ 10641 et seq. of this title, or similar preceding laws, shall remain in effect as to their particular provisions or may be converted or renegotiated under this chapter. New decree applications submitted before the effective date of this act in connection with eligible activities that have not been granted as of the effective date of this act, may be processed under this chapter at the option of the applicant.

**(b)**  Any natural or juridical person who carries out or proposes to carry out an eligible activity, may apply for a decree in accordance with this chapter, regardless of the expected green energy production capacity.

**(c)**  As a provisional measure, any person who has applied for an exemption decree under § 10642(d)(1)(H) of this title, on or before the effective date of this act, may assign, sell or transfer any credit granted before July 1, 2011, pursuant to §  10645(d)(3)(B) of this title and the regulations thereunder, and the provisions of subsections (c) and (f) of §  10646 of this title shall apply. For the purposes of such provisions:

**(1)**  The term "investor" shall be replaced with "exempt business".

**(2)**  The term "credit for industrial investment" shall be replaced with "eligible investment credit under §  10645(d) of this title".

**(3)**  Reference to §  10646(b)(2) of this title, shall be understood to be made to § 10645(d)(3)(B) of this title.

13 L.P.R.A. § 10441

**(4)** The term "eligible investment" according to §  10645(d)(2) of this title, shall include an investment made with cash from a loan secured by the exempt business or the assets thereof.

# History

—July 19, 2010, No. 83, §  2.20.

Annotations

# Notes

**HISTORY**

**Text references.**

The references to "this act" are to Act July 19, 2010, No. 83, which constitutes this chapter.

Laws of Puerto Rico Annotated
Copyright © 2020 LAWS OF PUERTO RICO ANNOTATED, Copyright
1955-2014 by the Secretary of State of Puerto Rico and LEXISNEXIS of Puerto Rico, Inc. All rights reserved.

End of Document

## *13 L.P.R.A. § 10442*

Current through all acts translated by the Translation Office of the Puerto Rico Government through the 2011 Legislative Session and various acts from 2012 to the present. Appendices III (Rules of Civil Procedure) and IV (Rules of Evidence) of Title 32 have been replaced by Appendices V (Rules of Civil Procedure) and VI (Rules of Evidence) of Title 32 by Order of the Supreme Court dated Sept. 4, 2009, but the official translations are not yet available. Also, the official translations of Appendices XII through XXII of Title 3, which encompass various reorganization plans of the Puerto Rico Government and promulgated in 2010 through 2012, have not yet been received. For all missing translations, please consult the Spanish version

*Laws of Puerto Rico Annotated  >  TITLE THIRTEEN Taxation and Finance (Subts. 1 — 17)  > Subtitle 15 Puerto Rico Industrial Incentives Generally (Pts. I — III)  >  PART III. Other Tax Incentives (Chs. 941 — 984)  >  Chapter 942. Green Energy Incentives Act of Puerto Rico (Subchs. I — III)  >  Subchapter II. Green Energy Investment Incentives (§§ 10422 — 10442)*

## § 10442. Application of the Internal Revenue Code of Puerto Rico

The Internal Revenue Code of Puerto Rico shall apply supplementally to this chapter, insofar as the provisions thereof do not contravene with its provisions.

## History

—July 19, 2010, No. 83, § 2.21.

Annotations

## Notes

### HISTORY

**Text references.**

The Puerto Rico Internal Revenue Code, mentioned in this section, was repealed by Act Jan. 31, 2011, No. 1, § 6100.01. Present similar provisions, see §§ 30011 et seq. of this title.

Laws of Puerto Rico Annotated
Copyright © 2020 LAWS OF PUERTO RICO ANNOTATED, Copyright
1955-2014 by the Secretary of State of Puerto Rico and LEXISNEXIS of Puerto Rico, Inc. All rights reserved.

13 L.P.R.A. § 10442

*End of Document*

## *13 L.P.R.A. § 10443*

Current through all acts translated by the Translation Office of the Puerto Rico Government through the 2011 Legislative Session and various acts from 2012 to the present. Appendices III (Rules of Civil Procedure) and IV (Rules of Evidence) of Title 32 have been replaced by Appendices V (Rules of Civil Procedure) and VI (Rules of Evidence) of Title 32 by Order of the Supreme Court dated Sept. 4, 2009, but the official translations are not yet available. Also, the official translations of Appendices XII through XXII of Title 3, which encompass various reorganization plans of the Puerto Rico Government and promulgated in 2010 through 2012, have not yet been received. For all missing translations, please consult the Spanish version

*Laws of Puerto Rico Annotated  >  TITLE THIRTEEN Taxation and Finance (Subts. 1 — 17)  > Subtitle 15 Puerto Rico Industrial Incentives Generally (Pts. I — III)  >  PART III. Other Tax Incentives (Chs. 941 — 984)  >  Chapter 942. Green Energy Incentives Act of Puerto Rico (Subchs. I — III)  >  Subchapter III. General Provisions (§§ 10443 — 10446)*

## § 10443. Penalties for false information

Any person who knowingly furnishes, supplies or sends false or incorrect information in any document, report, application, statement, and/or certification required under this chapter with the intent to commit fraud, shall incur in a fourth degree felony, and upon conviction, he/she may be punished with imprisonment for a minimum term of six (6) months or a maximum term of five (5) years, in addition to the imposition of a ten thousand dollar ($10,000) fine for each infringement.

## History

—July 19, 2010, No. 83, §  3.1.

Laws of Puerto Rico Annotated
Copyright © 2020 LAWS OF PUERTO RICO ANNOTATED, Copyright
1955-2014 by the Secretary of State of Puerto Rico and LEXISNEXIS of Puerto Rico, Inc. All rights reserved.

End of Document

## *13 L.P.R.A. § 10444*

Current through all acts translated by the Translation Office of the Puerto Rico Government through the 2011 Legislative Session and various acts from 2012 to the present. Appendices III (Rules of Civil Procedure) and IV (Rules of Evidence) of Title 32 have been replaced by Appendices V (Rules of Civil Procedure) and VI (Rules of Evidence) of Title 32 by Order of the Supreme Court dated Sept. 4, 2009, but the official translations are not yet available. Also, the official translations of Appendices XII through XXII of Title 3, which encompass various reorganization plans of the Puerto Rico Government and promulgated in 2010 through 2012, have not yet been received. For all missing translations, please consult the Spanish version

*Laws of Puerto Rico Annotated  >  TITLE THIRTEEN Taxation and Finance (Subts. 1 — 17)  >  Subtitle 15 Puerto Rico Industrial Incentives Generally (Pts. I — III)  >  PART III. Other Tax Incentives (Chs. 941 — 984)  >  Chapter 942. Green Energy Incentives Act of Puerto Rico (Subchs. I — III)  >  Subchapter III. General Provisions (§§ 10443 — 10446)*

## § 10444. Conflicts

No person, including but not limited to any local or municipal government agency or corporation, may issue or impose, whether by regulation, agreement, contract, order or resolution, an endorsement, permit or similar transaction requirement, zoning, qualification, ordinance, or any other legal or discretionary mechanism, any requirement, impairment or condition that has or may have the effect of thwarting the requirements, objectives or spirit of this chapter. Such requirements, impairments or conditions shall be deemed to be null unless the same are expressly and justifiably directed to protect human health and safety and are approved by the Evaluating Committee, or are expressly authorized in this chapter or a subsequent legislation. Notwithstanding the foregoing, none of the provisions of this chapter shall impair the powers conferred to the Authority under § 196(*l*) of Title 22, and the powers conferred to the Authority under such subsection shall apply to any cost associated with the purchase of sustainable renewable energy and alternative renewable energy, the purchase of RECs (including its environmental and social attributes) related to such energy, and including any other costs associated with the compliance of this chapter.

In the event of a conflict between the provisions of this chapter and those of any other law or regulation, whether these were approved before or after the enactment of this chapter, the provisions of this chapter shall prevail with respect to all the issues addressed therein.

## History

—July 19, 2010, No. 83, § 3.2.

Laws of Puerto Rico Annotated
Copyright © 2020 LAWS OF PUERTO RICO ANNOTATED, Copyright
1955-2014 by the Secretary of State of Puerto Rico and LEXISNEXIS of Puerto Rico, Inc. All rights reserved.

13 L.P.R.A. § 10444

**End of Document**

## *13 L.P.R.A. § 10445*

Current through all acts translated by the Translation Office of the Puerto Rico Government through the 2011 Legislative Session and various acts from 2012 to the present. Appendices III (Rules of Civil Procedure) and IV (Rules of Evidence) of Title 32 have been replaced by Appendices V (Rules of Civil Procedure) and VI (Rules of Evidence) of Title 32 by Order of the Supreme Court dated Sept. 4, 2009, but the official translations are not yet available. Also, the official translations of Appendices XII through XXII of Title 3, which encompass various reorganization plans of the Puerto Rico Government and promulgated in 2010 through 2012, have not yet been received. For all missing translations, please consult the Spanish version

*Laws of Puerto Rico Annotated  >  TITLE THIRTEEN Taxation and Finance (Subts. 1 — 17)  >  Subtitle 15 Puerto Rico Industrial Incentives Generally (Pts. I — III)  >  PART III. Other Tax Incentives (Chs. 941 — 984)  >  Chapter 942. Green Energy Incentives Act of Puerto Rico (Subchs. I — III)  >  Subchapter III. General Provisions (§§ 10443 — 10446)*

## § 10445. Regulations under this chapter

(a) **Regulations under §§  10430—10441 of this title.—**  The Secretary of Development shall draft, in consultation with the Secretary of the Treasury, the Executive Director of the Puerto Rico Industrial Development Company and the Executive Director, those regulations that may be necessary to enforce the provisions of §§  10430—10441 of this title in accordance with the purposes thereof.

(b) **Regulations under §  10432 of this title.—**  The Secretary of the Treasury shall adopt regulations, in consultation with the Secretary of Development, the Director of Development, and the Executive Director, with respect to the granting, assignment or sale of the tax credits under § 10432 of this title.

(c)  Except as otherwise provided, the adoption of regulations promulgated pursuant to the provisions of this chapter, shall be subject to the provisions of §§  2101 et seq. of Title 3, known as the "Uniform Administrative Procedure Act of Puerto Rico".

(d)  The absence of any of the regulations contemplated under this chapter shall not impair the application thereof.

## History

—July 19, 2010, No. 83, §  3.3.

Laws of Puerto Rico Annotated
Copyright © 2020 LAWS OF PUERTO RICO ANNOTATED, Copyright
1955-2014 by the Secretary of State of Puerto Rico and LEXISNEXIS of Puerto Rico, Inc. All rights reserved.

## *13 L.P.R.A. § 10446*

Current through all acts translated by the Translation Office of the Puerto Rico Government through the 2011 Legislative Session and various acts from 2012 to the present. Appendices III (Rules of Civil Procedure) and IV (Rules of Evidence) of Title 32 have been replaced by Appendices V (Rules of Civil Procedure) and VI (Rules of Evidence) of Title 32 by Order of the Supreme Court dated Sept. 4, 2009, but the official translations are not yet available. Also, the official translations of Appendices XII through XXII of Title 3, which encompass various reorganization plans of the Puerto Rico Government and promulgated in 2010 through 2012, have not yet been received. For all missing translations, please consult the Spanish version

*Laws of Puerto Rico Annotated  >  TITLE THIRTEEN Taxation and Finance (Subts. 1 — 17)  > Subtitle 15 Puerto Rico Industrial Incentives Generally (Pts. I — III)  >  PART III. Other Tax Incentives (Chs. 941 — 984)  >  Chapter 942. Green Energy Incentives Act of Puerto Rico (Subchs. I — III)  >  Subchapter III. General Provisions (§§ 10443 — 10446)*

## § 10446. Terms used

Any term importing the singular number shall be deemed to include the plural. Likewise, when the use so justifies, the masculine shall be deemed to include the feminine or vice versa.

## History

—July 19, 2010, No. 83, §  3.5.

Laws of Puerto Rico Annotated
Copyright © 2020 LAWS OF PUERTO RICO ANNOTATED, Copyright
1955-2014 by the Secretary of State of Puerto Rico and LEXISNEXIS of Puerto Rico, Inc. All rights reserved.

**End of Document**