# Debtors' Ex. 33

Debtors' Ex. 33

*18va ASAMBLEA   6TA SESION
LEGISLATIVA   EXTRORDINARIA
Res. Conj. Núm.   85
(Aprobada en 18 de kov de 2020)*

**(R. C. de la C. 773)**

# RESOLUCIÓN CONJUNTA

Para autorizar al Secretario de Hacienda de Puerto Rico, a nombre del Gobierno de Puerto
Rico, a adelantar fondos mediante préstamos u otro tipo de adelantos a agencias del
gobierno central, corporaciones públicas, instrumentalidades y municipios en
anticipación del recibo de fondos bajo programas de FEMA, conforme a aquellos
términos, condiciones y garantías autorizadas por esta Resolución Conjunta;
establecer los requisitos, términos y condiciones de dichos adelantos; y para otros
fines relacionados.

*RESUÉLVESE POR LA ASAMBLEA LEGISLATIVA DE PUERTO RICO:*

Sección 1.-Se autoriza al Secretario de Hacienda de Puerto Rico (en adelante, el
Secretario), a nombre del Gobierno de Puerto Rico (el Gobierno), a establecer un fondo
rotatorio segregado (el Fondo Rotatorio) para otorgar préstamos, líneas de crédito, o
adelantos (en adelante, los Adelantos de Recuperación) a agencias del gobierno central,
corporaciones públicas, instrumentalidades y municipios del Estado Libre Asociado de
Puerto Rico (cada uno, un Prestatario), conforme a aquellos términos, condiciones y
requisitos que puedan establecerse en las guías o reglamentos emitidos por el Secretario
y/o la Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico (AAFAF), en
coordinación con la Oficina Central de Recuperación, Reconstrucción y Resiliencia
(COR3) y aprobados por la Junta de Supervisión Fiscal (la Junta) para la implementación
del programa aquí autorizado (las Guías del Programa).  El Fondo Rotatorio y la
autorización para otorgar Adelantos de Recuperación expirarán el 30 de junio de 2025. El
Fondo Rotatorio se financiará con setecientos cincuenta millones de dólares
($750,000,000.00), provenientes de fondos no obligados del Gobierno depositados en la
Cuenta Única de Tesorería (el TSA, por sus siglas en inglés), sobrantes de años anteriores,
y/o balances no utilizados. Para mantener la transparencia, a partir de la aprobación de
esta Resolución Conjunta, dichos fondos se depositarán en una cuenta de banco
segregada. Sólo se podrán retirar los fondos del Fondo Rotatorio para Adelantos de
Recuperación y gastos administrativos elegibles para reembolso federal, conforme a los
términos y condiciones de esta Resolución Conjunta.  Dichos fondos serán considerados
asignaciones presupuestarias para los propósitos y limitaciones establecidas en esta
Resolución Conjunta. A partir de la expiración del Fondo Rotatorio, todos los fondos que
allí queden y cualesquiera reembolsos recibidos posteriormente con relación a Adelantos
de Recuperación serán depositados en el TSA. Los términos y condiciones de los
Adelantos de Recuperación y cualesquiera enmiendas a los mismos deberán ser
aprobados por la AAFAF y por la Junta conforme a las leyes y políticas aplicables.

Sección 2.-Se autoriza a los Prestatarios a recibir Adelantos de Recuperación y a otorgar cualquier contrato de préstamo o cualquier otro documento de préstamo con relación a dichos Adelantos de Recuperación (los Documentos de Adelanto de Recuperación) conforme a los términos acordados entre el Prestatario y el Secretario, y sujeto a aquellas aprobaciones que puedan ser requeridas bajo leyes aplicables. Los Adelantos de Recuperación deberán ser repagados al Gobierno y depositados en el Fondo Rotatorio inmediatamente luego de recibir los fondos correspondientes de desembolsos de FEMA para los proyectos de obras permanentes relacionados (ya sean fondos de FEMA recibidos por los Prestatarios, o fondos que el Estado Libre Asociado reciba de FEMA a nombre de los Prestatarios), según aplicables al proyecto financiado con el Adelanto de Recuperación correspondiente y conforme a los términos de los Documentos de Adelanto de Recuperación. La AAFAF será la entidad responsable de administrar los Adelantos de Recuperación a nombre del Departamento de Hacienda conforme a las Guías del Programa.

Sección 3.-Los Adelantos de Recuperación solo serán desembolsados una vez los fondos del proyecto estén obligados por FEMA. Otras restricciones en el uso y desembolso de fondos incluirán, pero no se limitarán a:

(a)     Los Adelantos de Recuperación solo estarán disponibles para adelantar fondos para proyectos de Obras Permanentes (Categorías C a G) bajo los programas de Asistencia Pública y Subvenciones para la Mitigación de Peligros (Public Assistance and Hazard Mitigation Grant Programs) de FEMA, hasta la cantidad aprobada, incluyendo la porción federal y local. En cuanto a la porción local de los fondos, este estará sujeto a lo que se disponga en las Guías del Programa conforme a los requerimientos del Programa de Recuperación de Desastres del Programa de Subvenciones en Bloque para el Desarrollo Comunitario (CDBG-DR, por sus siglas en inglés) u otro programa aplicable.

(b)     Los fondos bajo un Adelanto de Recuperación no podrán ser utilizados para obras Categoría A (remoción de escombros) o Categoría B (medidas de protección de emergencia), proyectos de recuperación relacionados con CDBG-DR, exceso de costos, o cualesquiera otros usos no autorizados en las Guías del Programa.

(c)     Otras restricciones y requisitos establecidos en las Guías del Programa.

La AAFAF y el Departamento de Hacienda proveerán reportes mensuales a la Junta con relación a: (i) la operación del programa, (ii) el estado de los proyectos financiados con Adelantos de Recuperación, (iii) los balances pendientes de los Adelantos de Recuperación y (iv) el estado de los reembolsos de FEMA con relación al proyecto.

Sección 4.-Sin perjuicio de cualquier ley de Puerto Rico aplicable, ningún acreedor del Gobierno o sus corporaciones públicas podrá obtener o mantener una garantía mobiliaria, gravamen, u otro interés en, o derecho a ejecutar, o derecho a reclamar cualesquiera remedios contra: (a) los Adelantos de Recuperación, (b) cualquier derecho a recibir los Adelantos de Recuperación, (c) cualquier cuenta en la cual se depositen los Adelantos de Recuperación, (d) los fondos recibidos de parte de FEMA o cualquier derecho a recibir dichos fondos, (e) el derecho del Estado Libre Asociado al repago de los Adelantos de Recuperación, o (f) el Fondo Rotatorio. Ningún acreedor del Gobierno o de sus corporaciones públicas tendrá derecho a interferir de manera alguna con el Fondo Rotatorio, el uso de los Adelantos de Recuperación o el repago de dichos fondos al Estado Libre Asociado.

Sección 5.-Gobernanza y controles. Además del requisito de que el proyecto sea un proyecto totalmente obligado por FEMA a la satisfacción del Departamento de Hacienda, la AAFAF y la Junta, a menos que se disponga lo contrario en las Guías del Programa, la siguiente información deberá ser presentada por el Prestatario, y revisada, y aprobada a la satisfacción del Departamento de Hacienda, la AAFAF y la Junta antes de proceder con el adelanto de los fondos:

(a) Una solicitud de Adelanto de Recuperación que incluya una descripción del proyecto y un presupuesto detallado del proyecto junto con una cronología de gastos. La solicitud debe describir claramente la necesidad para el adelanto de fondos. La solicitud debe también indicar claramente cualquier otro adelanto de fondos que el Prestatario haya recibido con relación al proyecto.

(b) Un contrato del programa que incluya disposiciones para el monitoreo y repago de cualesquiera Adelantos de Recuperación por el Prestatario por gastos inelegibles para reembolso por FEMA, al igual que la habilidad del Departamento de Hacienda para cancelar los adelantos y remedios específicos para el repago por incumplimiento con las condiciones del adelanto.

(c) La persona contacto específica del Prestatario que manejará y reportará el contrato de financiamiento.

(d) De cambiar el alcance del proyecto, el Prestatario tendrá que notificar al Gobierno y también comenzar el proceso de obtener cualquier aprobación requerida. El Prestatario deberá entonces notificar inmediatamente al Gobierno de cualquier aprobación o el rechazo.

(e) Con relación a cada solicitud, la AAFAF podrá llevar a cabo y presentar:

(1)     Una evaluación de riesgo del Prestatario incluyendo sus estados financieros auditados y estados financieros no auditados más recientes, registro de experiencia previa con subvenciones/desempeño y, según sea aplicable, una revisión de auditorías únicas (single audits); y

(2)     Un plan de monitoreo al Prestatario durante el periodo del Adelanto de Recuperación por la Junta y la COR3. Este plan de monitoreo deberá considerar la revisión de la contratación realizada por el Solicitante junto con la documentación que respalda los costos incurridos para mitigar el riesgo de los costos inelegibles.

(f)     Informes Continuos – A menos que se disponga lo contrario en las Guías del Programa, una vez se haya aprobado la solicitud, cada Prestatario deberá presentar reportes mensuales a la AAFAF y a la Junta con la siguiente información:

(1)     Una actualización general del estado del proyecto (trabajo completado y trabajo pendiente), costos estimados requeridos para completar el proyecto, reportes de flujo de efectivo y cronologías actualizadas. El mismo nivel de detalle deberá ser provisto en los reportes mensuales de progreso, según provisto en la solicitud original;

(2)     Con cada reporte mensual de progreso, el Prestatario deberá certificar que los fondos de Adelantos de Recuperación fueron utilizados para los propósitos descritos en la solicitud original y también confirmar que no se han tomado prestados fondos adicionales con relación al proyecto.

(3)     Listado de solicitudes de reembolso (RFR, por sus siglas en inglés) sometidas y el estatus de cada una de las solicitudes.

Sección 6.-Incumplimiento con el Repago.  Si el Prestatario no cumple con las disposiciones aquí establecidas o en los Documentos de Adelanto de Recuperación, el Departamento de Hacienda restringirá el adelanto de los fondos de Adelanto de Recuperación al Prestatario. Si FEMA se niega a hacer o no cumple con algún pago con relación a algún proyecto aprobado que luego se utilizaría para reembolsar el Adelanto de Recuperación, el Prestatario deberá repagar el adelanto dentro de treinta (30) días de dicha negación o incumplimiento con el pago, a menos que el Secretario extienda el Adelanto de Recuperación con la aprobación de la Junta y de la AAFAF. Las Guías del Programa deben establecer un proceso para solicitar una extensión y los parámetros de

su aprobación. Si el Prestatario incumple con el repago, se podrán llevar a cabo las siguientes acciones correctivas:

(a) Si una agencia del gobierno central es el Prestatario, la Oficina de Gerencia y Presupuesto, en coordinación con el Departamento de Hacienda, deberán retener de cualesquiera de las asignaciones presupuestarias de dicha agencia las cantidades necesarias para repagar cualquier Adelanto de Recuperación pendiente de pago, cuando la AAFAF determine que esta retención es necesaria para asegurar el cumplimiento con esta obligación por las entidades concernidas.

(b) Si un municipio es el Prestatario, el Centro de Recaudación de Ingresos Municipales (CRIM) deberá remitir al Departamento de Hacienda dentro de siete (7) días luego del recibo de la solicitud escrita de la AAFAF, cualesquiera Adelantos de Recuperación propiedad del municipio, provenientes del balance no comprometido de las contribuciones sobre la propiedad, las porciones no desembolsadas de cualesquiera transferencias del Estado Libre Asociado al municipio, e ingresos sobrantes (no comprometidos) que los municipios tienen derecho a recibir conforme a la Ley 107-2020, según enmendada, conocida como el "Código Municipal de Puerto Rico." A partir de la vigencia de esta Ley, se creará automática y permanentemente un gravamen sobre dicho balance no comprometido a favor del Departamento de Hacienda para el cobro de los Adelantos de Recuperación adeudados, sin la necesidad de ningún otro acto, posesión, o control de dicho balance, sujeto al gravamen establecido en la Ley 106-2017, según enmendada, sobre dichos fondos. Ningún exceso de los fondos en el Fondo de Redención de la Deuda Pública Municipal será distribuido a un municipio hasta que cualesquiera cantidades adeudadas por el municipio bajo los Adelantos de Recuperación hayan sido repagadas.

(c) Si una corporación pública o instrumentalidad es un Prestatario, la Oficina de Gerencia y Presupuesto, en coordinación con el Departamento de Hacienda, deberán retener de cualesquiera asignaciones presupuestarias a dicha entidad, y/o el Secretario deberá retener cualesquiera cantidades adeudadas por el Estado Libre Asociado a dicha entidad, las cantidades que sean necesarias para repagar cualesquiera Adelantos de Recuperación, cuando AAFAF determine que dicha retención es necesaria para asegurar el cumplimiento con esta obligación por las entidades concernidas.

Sección 7.-La emisión y aprobación de las Guías del Programa estarán sujetas a los requisitos aquí establecidos y, por lo tanto, no estarán sujetos a la Ley 38-2017, según enmendada, conocida como la "Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico".

6

Sección 8.-Esta Resolución Conjunta será adoptada en los dos idiomas oficiales de Puerto Rico, inglés y español. Si al interpretar o aplicar esta Resolución Conjunta surge un conflicto entre el texto en inglés y el texto en español, el texto en inglés prevalecerá.

Sección 9.-Esta Resolución Conjunta entrará en vigor inmediatamente luego de su aprobación.

Part II – English version of the Joint Resolution.

BE IT RESOLVED BY THE LEGISLATIVE ASSEMBLY OF PUERTO RICO:

Section 1.-To authorize the Secretary of the Treasury of Puerto Rico (hereinafter, the Secretary), on behalf of the Government of Puerto Rico (Government), to establish a segregated revolving fund (the Revolving Fund) to provide or extend loans, credit facilities, or advances (hereinafter, Recovery Advances) to central government agencies, public corporations, instrumentalities, and municipalities of the Commonwealth of Puerto Rico (each, a Borrower), pursuant to such terms, conditions and requirements as may be established in the guidelines or regulations issued by the Secretary and/or the Puerto Rico Fiscal Agency and Financial Advisory Authority (AAFAF), in coordination with the Central Office for Recovery, Reconstruction and Resilience (COR3)  and approved by the Financial Oversight and Management Board of Puerto Rico (Oversight Board) for the implementation of the program authorized herein (the Program Guidelines). The Revolving Fund and the authorization to make Recovery Advances shall expire on June 30, 2025.  The Revolving Fund will be funded with seven hundred and fifty million dollars ($750,000,000.00), which will come from non-obligated funds of the Government in the Treasury Single Account, prior years surpluses, and/or unused balances.  To maintain transparency, upon enactment of this Joint Resolution, such funds shall be deposited in a segregated bank account.  Access to draws on the funds in the Revolving Fund will be limited to Recovery Advances and administrative expenses eligible for federal reimbursement, pursuant to the terms and conditions of this Joint Resolution.  Such funds will also be considered a budget appropriation for the purposes and limitations established in this Joint Resolution.  Upon expiration of the Revolving Fund, all funds remaining therein and any repayments subsequently received by the Secretary on account Recovery Advances shall be deposited in the Treasury Single Account. The terms and conditions of the Recovery Advances and any amendments thereof must be approved by AAFAF and by the Oversight Board pursuant to applicable laws and policies.

Section 2.-To authorize Borrowers to receive Recovery Advances and to enter into any credit agreement or any other loan document in respect of such Recovery Advances (the "Recovery Advance Documents") pursuant to such terms agreed to by the Borrower and the Secretary, and subject to such approvals as may be required under applicable law.  The Recovery Advances shall be repaid to the Government and deposited into the Revolving Fund immediately upon receipt of the corresponding funds from FEMA disbursements for the associated permanent work project (either from funds received by Borrowers from FEMA, or funds that the Commonwealth receives from FEMA on behalf of the Borrowers), applicable to the project financed with the corresponding Recovery Advance, pursuant to the terms of the Recovery Advance Documents. AAFAF will be responsible for administering the Recovery Advances on behalf of Treasury pursuant to the Program Guidelines.

Section 3.-The Recovery Advances will only be disbursed once there is a fully obligated project by FEMA. Other restrictions on the use and disbursement of funds shall include, but not be limited to:

(a)    Recovery Advances will only be available to be used to advance funds for Permanent Work (Categories C through G) projects under FEMA's Public Assistance and Hazard Mitigation Grant programs, up to the approved amount, including the federal and local cost share. As for the local portion of the funds, it will be subject to the Program Guidelines in accordance with the requirements of the Community Development Block Grant Disaster Recovery Program (CDBG-DR) or another applicable program.

(b)    No funds under a Recovery Advance will be used for Category A (debris removal) or Category B (emergency protective measures) work, CDBG-DR related recovery projects, cost overruns, or any other uses not authorized in the Program Guidelines.

(c)    Such other restrictions and requirements established in the Program Guidelines.

AAFAF and Treasury shall provide monthly reports to the Oversight Board regarding (i) the operation of the program, (ii) the status of the projects financed with Recovery Advances, (iii) the outstanding balances of the Recovery Advances and (iv) the status of FEMA reimbursements in connection with the project.

Section 4.-Notwithstanding any applicable Puerto Rico law, no creditor of the Government or its public corporations shall obtain or hold a security interest, lien, encumbrance, other interest in, or right to foreclose upon, or have the right to seek any remedies against (a) the Recovery Advances, (b) any right to receive Recovery Advances, (c) any account into which Recovery Advances are deposited, (d) the funds received from FEMA or any right to receive such funds, (e) the Commonwealth's right to repayment of Recovery Advances, or (f) the Revolving Fund. No creditor of the Government of Puerto Rico or its public corporations shall have any right in any way to interfere with the Revolving Fund, the use of Recovery Advances or the repayment of such funds to the Commonwealth.

Section 5.-Governance and controls. In addition to the requirement for a fully obligated FEMA project to the satisfaction of Treasury, AAFAF, and the Oversight Board, unless otherwise provided in the Program Guidelines, the following information must be submitted by the Borrower, reviewed, and approved to the satisfaction of Treasury, AAFAF, and the Oversight Board prior to funds being advanced:

(a)      A Recovery Advance application package including the project description, detailed project budget along with spending timeline. The package must clearly outline the need for advance funding.  The application must also clearly indicate any other advance funding which the Borrower has received in connection with the project.

(b)      A program agreement that includes provisions for Borrower monitoring and repayment of any Recovery Advances for expenses that are ineligible for FEMA reimbursement, as well as the ability of the Treasury to cancel the advance and specific remedies for the repayment for non-performance of advance conditions.

(c)      The specific point of contact of the Borrower who will manage and report against the funding agreement.

(d)      Should any scope of the project change, the Borrower must notify the Government and also begin the process of obtaining any required approvals.  The Borrower must then immediately notify the Government any such approval or rejection.

(e)      In connection with each application, AAFAF may perform and submit:

    (1)      A risk assessment of the Borrower including the most recent audited financial statements and most recent unaudited financial statements, record of prior grant experience/performance and, where applicable, a review of single audits;

    (2)      A plan for Borrower monitoring throughout Recovery Advance period by the Oversight Board and COR3. This monitoring must consider the review of procurement conducted by the Applicant along with documentation supporting costs incurred to mitigate the risk of ineligible costs.

(f)      Ongoing Reporting – Unless otherwise provided in the Program Guidelines, once an application has been approved, each Borrower must submit a monthly progress report to AAFAF and the Oversight Board with the following information:

    (1)      An overall project status update (work completed versus still pending), estimated cost required to complete the project, cash flow reporting and updated timelines.  The same level of

detail must be provided in the monthly progress reports as provided in the original application;

(2)    With each monthly progress report, the Borrower must certify that the Recovery Advance funding was used for the purposes outlined in the original application and also confirm that no additional funds have been borrowed in connection with the project.

(3)    A list of the request for reimbursement (RFR) submitted and the status of each request.

Section 6.-Failure to Repay. Should the Borrower fail to comply with the provisions herein or in the Recovery Advance Documents, Treasury shall restrict further advancement of Recovery Advance funds to the Borrower. Should FEMA deny or otherwise fail to make a payment on an approved project which would then be used to reimburse a Recovery Advance, the Borrower shall repay the advance within 30 days of such denial or failure to pay, unless otherwise extended by the Secretary with the approval of the Oversight Board and AAFAF. The Program Guidelines should establish a process to request an extension and the parameters of its approval. Should the Borrower fail to repay, the following corrective measures may be taken:

(a)    If a central government agency is the Borrower, the Office of Management and Budget, in coordination with Treasury, must withhold from any of the appropriations to such agency the necessary amounts to repay any outstanding Recovery Advances, when AAFAF determines that this withholding is necessary to ensure compliance with this obligation by the concerned entities.

(b)    If a municipality is the Borrower, the Municipal Revenue Collection Center (CRIM, in Spanish) must remit to Treasury, within the seven (7) days following the written request from AAFAF, any Recovery Advances owed by the municipality, from the unencumbered balance of the property taxes, undisbursed portions of any Commonwealth transfers due to the municipality, and remaining (unencumbered) revenues that the municipalities have the right to receive pursuant to Act 107-2020, as amended, known as the "Puerto Rico Municipal Code."   Upon the effectiveness of this Law, a lien over said unencumbered balance shall automatically and permanently be created in favor of the Treasury for the collection of Recovery Advances owed, without the need for any other act, possession or control thereof, subject to the lien established pursuant to Act 106-2017, as amended, over such funds. No excess from funds in the

Municipal Public Debt Redemption Fund will be distributed to a municipality until any amounts due and payable by the municipality under any Revolving Advances have been repaid.

(c)     If a public corporation or instrumentality is the Borrower, the Office of Management and Budget, in coordination with Treasury, shall withhold from any appropriations to such entity, and/or the Secretary shall retain from any amounts owed by the Commonwealth to such entity, the necessary amounts to repay any outstanding Recovery Advances, when AAFAF determines that this withholding is necessary to ensure compliance with this obligation by the concerned entities.

Section 7.-The issuance and approval of the Program Guidelines shall be subject to the requirements established herein and, therefore, shall not be subject to Act 38-2017, as amended, known as the "Government of Puerto Rico Uniform Administrative Procedure Act".

Section 8.-This Joint Resolution shall be adopted in the two official languages of Puerto Rico, in Spanish and English. If when interpreting or applying this Joint Resolution a conflict between the text in English and the text in Spanish shall occur, the text in English shall prevail.

Section 9.–This Joint Resolution shall take effect immediately upon enactment.