# Debtors' Ex. 109

this reason for fiscal years 1952-53, 1953-54 and 1954-55 an amount lower than that which corresponded to it for the fiscal year 1951-52, provided the reduction is due to changes in the factors considered in making the aforesaid distribution; and provided, further, that such sums as may be required to complete said amount to those municipalities which would be due a sum less than that which corresponded to them for fiscal year 1951-52, should the formula herein before expressed be applied, shall be supplied from the General Fund of the Commonwealth Treasury."

Article 2. The sums of money necessary to carry out the purposes of this Act are hereby appropriated from any funds in the Commonwealth Treasury not otherwise appropriated.

Article 3. This Act shall take effect immediately upon being passed, but its effects shall be made retroactive to July 1, 1954.

*Passed October 15, 1954.*

(S. B. 455)

[No. 12]
[Passed October 19, 1954]

AN ACT

Issuing provisions for establishing, maintaining, and administering a Retirement System for the Judiciary of the Commonwealth of Puerto Rico; issuing provisions for pensions and other benefits for the judges of the Supreme Court, the Superior Court, and the District Court; providing for the financing of the said system; repealing Acts No. 143 of May 1, 1950, and No. 30 of April 23, 1945, as amended; and for other purposes.

*Be it enacted by the Legislature of Puerto Rico:*

Article 1. System Created

A Retirement System for the Judiciary of the Commonwealth of Puerto Rico, to be administered pursuant to the provisions of this Act, is hereby created, with the purpose of establishing an efficient and economically sound means of providing pensions and other benefits by setting up a system under which the judges of the Commonwealth of Puerto Rico

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*11/OCTOBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

accumulate reserves for their old age, disability, separation from the service, or death. The system so created shall be known as the Puerto Rico Judiciary Retirement System.

Article 2. *Definitions*

Unless the context clearly requires a different meaning, the following words and phrases as used in this Act shall have the following meanings:

"System" shall mean the Commonwealth of Puerto Rico Judiciary Retirement System created by this Act.

"Board" shall mean the Board of Trustees of the Employees' Retirement System of the Commonwealth of Puerto Rico and its Instrumentalities.

"Administrator" shall mean the Administrator of the Employees' Retirement System of the Commonwealth of Puerto Rico and its Instrumentalities.

"Government" shall mean the Commonwealth of Puerto Rico.

"Judge" shall mean any person holding a position as Justice of the Supreme Court, or the Superior Court, or the District Court of the Commonwealth of Puerto Rico.

"Participant" shall mean any judge who is a member of this System, as specified in Article 3 of this Act.

"Service" shall mean service rendered, starting with the first day on which a person is appointed as a judge or first enters into the service of any agency, department, or division of the Government of Puerto Rico, regardless of whether or not that date precedes or follows the date on which this Act takes effect, and ending on the date of separation from service. All intervening periods during which the participant was not in government service due to resignation, separation, or the expiration of the elective or appointment term, shall be excluded, and no credit shall be given for same. No credit shall be given for any service rendered to the government in any capacity except that of judge, unless: (1) the participant served as a judge for the last eight years preceding his resignation or retirement; and, (2) the participant returns any contributions that may have been reimbursed to him as of and subsequent to the effective date of this Act by any other retirement system under which he has served, including the interest which the said contributions would have earned at the rate prescribed by said system

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*11/OCTOBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
 *By Targem Translations Inc.*

up to the date of reimbursement. Any fraction of a month of service shall be considered as one full month of service; however, no more than one month of service shall be credited for all service rendered during any calendar month.

"Salary" shall mean the annual compensation received by a judge for service as such.

"Pension" shall mean a series of monthly payments during the lifetime of the pensioner, payable at the end of each calendar month. The first pension payment shall be made for the fraction of a month that runs until the end of the first month, and the last payment shall be made for the fraction of a month that runs until the death of the pensioner.

"Pensioner" shall mean any person who is receiving a pension from the System.

"Beneficiary" shall mean each and every person so designated by a participant or pensioner in the last written order duly acknowledged and filed with the Administrator. Should such designation be lacking, or if the person so designated does not survive the participant or pensioner, the legal heirs of the participant or pensioner shall be considered as the beneficiaries.

"Actuarial tables" shall mean the "Combined Annuity and Mortality Tables" for men (during the first five years of the operation of the System), and, thereafter, the tables and standards adopted by the Board of Trustees based on the experience of the System and in accordance with the recommendations of the actuary.

"Interest" shall mean 2½ % percent annually, compounded annually, or any such other rate as may subsequently be prescribed by the Board, based on the experience of the System.

"Fiscal year" shall mean the period beginning on July 1 of any year and ending on June 30 of the following year.

"Operative date of the System"—July 1st, 1954.

Article 3. *Membership*

Every person who holds a position as a judge as of the System's applicability date and every person who holds a position as judge beginning on or after the System's applicability date, shall be subject to the provisions of this Act.

Participation in the Retirement System shall continue throughout the entire time that a judge is in active service or receiving a retirement pension. Participation shall

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*11/OCTOBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

also continue throughout any period during which a judge serves in the United States Armed Forces while the United States is at war or in a state of emergency declared by the President or the Congress, provided that this officer returns to government service as a judge within 90 days following an honorable discharge and pays contributions into the System corresponding to the time spent in the Armed Forces, along with the corresponding interest. Such contribution shall be based on the salary that the individual was receiving on the date of entry into the Armed Forces.

Article 4. *Retirement Pension*

Any participant who ceases to serve as a judge for any reason other than removal involving moral turpitude shall be entitled to a retirement pension which shall start on the date specified in the written retirement application, subject to the following provisions:

(a) In no case shall payment of the pension start on a date prior to the date of separation from service, nor shall it be made retroactive to any date earlier than 30 days of the date of the pension application filing.

(b) That the participant shall have reached 60 years of age or more and shall have at least ten years of creditable service.

(c) That, as of the date set to begin receiving a retirement pension, the participant shall not be receiving nor entitled to receive any salary or compensation from the government for services rendered in any capacity.

All participants whose separation occurs prior to reaching the age of 60 and who have at least ten years of creditable service and have neither applied for nor received refunds from their accumulated contributions, shall be entitled to a deferred retirement pension. Such participants shall receive a deferred retirement pension which shall begin at the time they reach the age of 60, or, if they so choose, on any date subsequent thereto if they have completed ten or more years and less than 22 years of service.

For participants who have 22 years or more of service before reaching the age of 60 and request and are granted a pension, said pension shall be calculated set forth below, save that it shall be reduced to a sum which,

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*11/OCTOBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
 *By Targem Translations Inc.*

for the age of said participant on the date of his retirement, represents the actuarial equivalent of a pension payable to the participant upon reaching the age of 60.

Participants' retirement pension shall be equal to 25 percent of the average salary during the last five years of creditable service, plus 25/72 of one percent of said average salary during the last five years for each month of creditable service in excess of ten years of service. In no case shall the retirement pension exceed 75 percent of the average salary for the last five years.

Separation from the service shall be compulsory for every participant who reaches the age of seventy (70). If a participant reaches the mandatory retirement age without having the ten years of service required to receive a retirement pension, he is entitled to a refund of the contributions accumulated, including the interest thereon, or, in lieu thereof, a proportional retirement pension. This pension shall be equal to the proportion which the number of years of service credited to the participant bears to the ten years of service required by law in order to receive a pension.

In the event that a pensioner returns to government service in any capacity, his retirement payments shall be suspended for the duration of such service. At the termination thereof, his pension payments shall be resumed at the same rate the pensioner was receiving before his return to service.

Article 5. *Reversionary Annuities*

Upon reaching the minimum retirement age, a participant may elect to receive a retirement pension lower than that to which he is entitled on the basis of the total accumulated service credit up to that date and to provide an annuity for his widow with the remainder of his equity as actuarially determined upon his demise. Under this option, the sum of the pensions payable to the participant and to his widow shall be equal to the actuarial equivalent of the retirement pension to which the participant was entitled before electing such option. This option shall be inoperative if the participant dies within the year following the date on which he made such decision.

The annuity provided for the widow shall be paid upon the death of the participant. Whenever a reversionary annuity is provided, no death benefit shall be paid. If the option chosen was to provide a reversionary annuity and the death of the wife

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*11/OCTOBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
 *By Targem Translations Inc.*

occurs before the participant has retired, said option shall be automatically terminated. If remarrying, the participant may file a new reversionary annuity, but same must be filed before the date of his retirement. The reduced retirement annuity which the participant may have elected for himself after providing a reversionary annuity may not be changed in any way if the wife dies after the participant has retired. If the participant dies within 30 days from the date of his retirement and he has not provided for a reversionary annuity, he shall be considered as having died in active service and the regular death benefits provided by law shall be paid.

No reversionary annuity resulting from the exercise of this privilege shall amount to less than $120 a year, nor shall the amount of said annuity exceed the amount of the reduced annuity payable to the participant in accordance with his option.

Article 6. Disability Pension

Any participant who has at least ten years of creditable service and who becomes totally and permanently disabled for service before reaching the age of 60 while holding a position as judge, and who by reason of such condition is incapacitated for the proper discharge of his duties as judge, shall be entitled to a disability pension.

For the purposes of determining whether or not a participant is totally and permanently disabled, he shall be required to:

(a) file a formal application for a disability pension with the System Administrator, using the form prescribed by the said Administrator. Said application must be accompanied by a certificate issued by two physicians duly authorized to practice in their profession, showing that the participant is unable to properly perform the duties of his office and that such disability may be permanent; and (b) submit to a medical examination performed by one or more physicians designated by the Administrator showing, as the physician shall certify, that the participant is totally and permanently incapacitated for service.

The disability pension shall be equal to 75 percent of the annuity to which the participant would have been entitled had he been retired by reason of age, and it shall be payable as long as the disability lasts. The pension shall be subject to offset

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*11/OCTOBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

by any amounts to which the participant is eligible and receives from the State Insurance Fund under the provisions of the Workmen's Compensation Act. Any amount due the participant from said State Insurance Fund pursuant to the provisions of the Workmen's Compensation Act shall be paid by said Fund to the System created by this Act. The payment of such amounts by the State Insurance Fund shall release said Insurance Fund from any obligation contracted with respect to the participant by reason of compensation and under the provisions of the Workmen's Compensation Act; and said payments shall have the same legal validity as if they had been made directly to the participant. The Administrator is hereby authorized to arrange with the State Insurance Fund to receive the said payments.

In the event that a participant who is receiving a disability pension engaged in gainful occupations or gainful employment and his income from such source, together with his disability annuity, exceeds the salary rate he was receiving as of the date of his retirement, the disability pension shall be reduced so that the pension plus his income from the new work or employment is not in excess of the salary he was receiving as of the date of his retirement.

Article 7. *Refunds*

Upon separation from service and upon request, any participant not entitled to a pension for either retirement or disability shall receive a refund of his contributions to the System, including interest.

Every participant receiving a refund shall thereby forfeit and be deemed to have waived all rights and all service credit acquired in the System. Should such person subsequently be reemployed in the Judiciary of Puerto Rico and again become a participant in the System and make contributions for at least three years, he shall then be entitled to make return of all sums theretofore received as refunds, together with the interest which said sums would have earned at the regular rate during the period of his separation from the service. Upon such restoration, the participant shall again receive credit for the period of creditable service which he forfeited upon withdrawal from the service.

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*11/OCTOBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

Article 8. *Death Benefits*

Upon the death of a participant while in active service, the beneficiaries designated by him, or his heirs in the event that he has made no such designations, shall be entitled to: (1) a refund of the contributions made by the participant to the System, including interest; (2) a death benefit equal to the annual salary he was earning at the date of his death.

Upon the death of a participant receiving either a retirement or a disability annuity and provided such participant has not elected to leave a reversionary annuity, a payment shall be made equal to the surplus, if any, of the participant's accumulated contributions as of the date of his death, including interest on the total amount of all retirement or disability annuity payments made. These benefits shall be paid in one single amount and shall be paid to the beneficiary or beneficiaries designated by the pensioner, or to his heirs if there is no such designation.

Article 9. *Administration*

The System created by this Act shall be considered as a trust which is separate and distinct from any government entity and shall be maintained exclusively for the purpose of providing retirement or disability pensions and other benefits to participants, pensioners, and beneficiaries.

The Board of Trustees of the Employees' Retirement System of the Commonwealth of Puerto Rico, described in Section 15 of Act No. 447, passed on May 15, 1951, shall be the Board of Trustees of the Puerto Rico Judiciary Retirement System, which shall be responsible for carrying out the provisions of this Act and establishing the norms which are to govern the administration of this System.

The Director of Personnel of the Commonwealth of Puerto Rico shall be the Administrator of the Puerto Rico Judiciary Retirement System and shall administer this System pursuant to the provisions of this Act.

The Board shall approve and have such regulations promulgated as the Administrator may from time to time prepare for the administration of the System, pursuant to this Act. The Board shall formulate such norms as it deems necessary for the proper operation of the System. It shall hold regular meetings at least once every three months and any

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*11/OCTOBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

special meetings it deems necessary, which may be held on the same day and at the same time as those held by the same Board of Trustees for dealing with matters relating to the Employees' Retirement System of the Commonwealth of Puerto Rico.

The Board shall keep complete minutes of all its proceedings, shall approve the investment of accumulated reserves by the System pursuant to the recommendations of the Administrator, and shall consider and take action on all proposed changes in or amendments to the provisions of this Act. The Board shall also require the Administrator to prepare an annual report setting forth the System's operating results and the financial condition thereof at the end of each fiscal year.

The provisions of Articles 16, 17, 18 and 19, of Act No. 447 of May 15, 1951, creating the Employees' Retirement System of the Commonwealth of Puerto Rico, as heretofore or hereafter amended, shall govern the administration and operation of the Puerto Rico Judiciary Retirement System. The Board of Trustees is hereby vested with the same authority to direct the affairs of this System as it was vested with by said Act No. 447 to direct the affairs of the Employees' Retirement System of the Commonwealth of Puerto Rico. Pursuant to the provisions of this Act, the Administrator shall direct and supervise all of the System's technical and administrative activities and shall have the same duties and obligations in the administration and operation of this System as imposed by the provisions of said Act No. 447. Other such officials of the Commonwealth of Puerto Rico designated by said Act No. 447 shall exercise their respective duties and functions in the System's operations in the same manner as they exercise them in the aforementioned Employees' Retirement System of the Commonwealth of Puerto Rico.

Article 10. *Finances*

Each participant's contribution to the Retirement System shall be 7½ percent of his salary as of the System's applicability date or as of the date of becoming a judge if appointed subsequently thereto. The participant shall continue making said contribution as long as he is in active service, regardless of whether or not he has a

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*11/OCTOBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

accumulated enough credits to ensure the maximum retirement pension provided by law.

The Government shall contribute to the System such amounts as are necessary to meet the System's maintenance and administration costs, together with the contributions of the participants, interest on investments, and any other income deriving to the System.

Article 11. *Members of the Employees' Retirement System of the Commonwealth of Puerto Rico*

On July 1, 1954, all judges who are members of the Employees' Retirement System of the Commonwealth of Puerto Rico shall cease as such and automatically become participants in this System, with all the rights and subject to all the conditions and obligations that membership in same entails. The contributions made by such participants to the Employees' Retirement System of the Commonwealth of Puerto Rico, including interest up to such date, shall be transferred to the System created by this Act and credited to the respective participants' accounts for the use and purposes set forth in the provisions of this Act. The Administrator is hereby authorized to accept the said funds.

Article 12. *Vested, Rights; Statutory Intent*

In virtue of his contributions to the System, each participant shall have a vested right to the reimbursement and the death benefits provided by this Act. By virtue of this vested right, it shall be deemed that each participant consents and agrees to having his contributions to the System created herein deducted from his salary. These contributions shall be made in the form of deductions from the employee's salary; the Secretary of the Treasury of Puerto Rico or any paymaster of an employer is hereby authorized to make the said deductions.

Payment to the participant of his salary less the deduction, together with his vested right to reimbursement, shall constitute a total and complete discharge of any and all claims for service rendered during the period covered by said payment.

If any article, sentence, clause, or phrase of this Act is declared null or unconstitutional, such finding shall in no manner affect the other articles, sentences, clauses, or phrases of this Act, which shall remain in full force and effect as

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*11/OCTOBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

though the section, sentence, clause, or phrase so declared null or unconstitutional were not a part of this Act.

Article 13. *Exemptions*

The right to a retirement pension, disability pension, death benefit, refund, or any other benefit under the provisions of this Act, under any denomination, is a personal right of the recipient thereof, and the assignment or transfer of said benefits or refunds, or of any part thereof, shall be null and void, except as provided by this Act. No such annuity, benefit, or refund may be claimed for the payment of debts contracted by the persons receiving same, except as otherwise provided herein. However, such amounts, including interest, as have been credited to a member of the System through contributions made in the form of salary deductions, may be assigned by the participant to provide security for any loan made by him from any fund, association, or other agency created by the Government for the purpose of making loans to its employees. The Secretary of the Treasury of Puerto Rico may, through the pertinent judicial proceeding, withhold or attach such amounts for the repayment of any loan made by any such agency only in the event that the participant has permanently left government service without having made proper arrangements for repayment of the loan to said agency's satisfaction.

Article 14. *Repeal*

All laws or parts of laws in conflict herewith are hereby repealed. Act No. 143, of May 1, 1950, as amended, and Act No. 30, passed on April 23, 1945, as subsequently amended, are hereby specifically repealed; *Provided*, That the benefits and annuities already granted thereunder shall continue in force after the effective date of this Act, so as to protect the vested rights of members of the Judiciary pensioned under said Acts.

Article 15. *Appropriation*

The appropriations carried in the Operating Budget of the Commonwealth of Puerto Rico for paying annuities granted

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*11/OCTOBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

prior to the effective date of this Act to members of the Judiciary who may become a part of the System created by this Act, or to their beneficiaries, shall be covered into the fund of the Judiciary Retirement System of the Commonwealth of Puerto Rico. The System shall administer said annuities.

In case there are no funds in the System to meet the obligations thereof, payments shall be made chargeable to the general funds of the Treasury of Puerto Rico, and the Secretary of the Treasury shall pay to the System the said sums as certified by the Administrator.

Article 16. *Title*

This Act shall be known by the short title of "Judiciary Retirement Act".

Article 17. *Effective Date*

This Act shall take effect immediately upon being passed, but its effects are made retroactive to July 1, 1954.

*Passed October 19, 1954.*

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*11/OCTOBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*



**TRANSLATOR'S CERTIFICATE OF TRANSLATION**

Translation from: Spanish (Puerto Rico) into English (US)

TARGEM Translations Inc.

I, Andreea I. Boscor, ATA-certified Spanish-English #525556, acting as translator at TARGEM Translations Inc., a NEW YORK City corporation, with its principal office at 185 Clymer Street, Brooklyn, NY, 11211, USA, certify that:

the English translated document is a true and accurate translation of the original Spanish and has been translated to the best of my knowledge.

Original Document Name: **Act 12 approved 10.19.1954**

Signed this 11th day of October 2021

_____

Andreea I. Boscor

