# Debtors' Ex. 118

DATE DOWNLOADED: Mon Oct 25 17:54:10 2021
SOURCE: Content Downloaded from HeinOnline

Citations:

Bluebook 21st ed.
1976 3 .

ALWD 6th ed.
, , 1976 3 .

Chicago 17th ed.
"," Puerto Rico - 7th Legislature of the Commonwealth, 4th Regular Session; 10th - 13th Special Sessions - Acts & Resolutions : 3-648

AGLC 4th ed.
" Puerto Rico - 7th Legislature of the Commonwealth, 4th Regular Session; 10th - 13th Special Sessions - Acts & Resolutions 3.

OSCOLA 4th ed.
" 1976 3

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and Conditions of the license agreement available at https://heinonline.org/HOL/License
-- The search text of this PDF is generated from uncorrected OCR text.

e:17-03283-LTS Doc#:18806-1 Filed:10/27/21 Entered:10/27/21 03:43:27 D
Debtors Ex. 118 Page 3 of 7

has obviously erred in the evaluation of the test, and/or has committed errors of law in resolving the case.

The applicant must first petition the Board for a reconsideration of its adverse resolution within a term of ten (10) days after notice thereof by the Board. Once reconsidered, if the decision is adverse, the applicant may appeal to the Superior Court within a term of fifteen (15) days after notification of the resolution."

Section 2.—

Section 4 of Act No. 41 of June 28, 1970,[8] is hereby repealed.

Section 3.—This act shall take effect immediately after its approval.

*Approved May 30, 1976.*

---

**Labor—Discharge Without Just Cause; Compensation**

(S.B. 1112)

[No. 80]

[*Approved May 30, 1976*]

AN ACT

To provide that every employee in commerce, industry or any other business or place of employment where he works for compensation of any kind under contract without a fixed time who is discharged from his employment without good cause shall be entitled to receive from his employer, in addition to the amount of the salary earned, a one-month salary compensation and an additional progressive indemnity equivalent to a one-week salary for each year of service; and to repeal Act No. 50 of April 20, 1949.

STATEMENT OF MOTIVES

The protection offered by the present legislation to workmen who are discharged from their employment is inadequate and ineffective, especially because of the restricted remedy it offers to an employee who may be the victim of an unjustified discharge.

[8] 20 L.P.R.A. § 256.

It is high time that the right of the Puerto Rican worker to the tenure of his employment be protected more effectively by the enactment of a law which affords more just remedies commensurate with the damages caused by an unjustified discharge and at the same time discourages the incidence of this sort of discharge.

The purpose of this act is to guarantee that employees discharged without good cause be entitled to receive from their employer a one-month salary compensation plus an additional progressive indemnity equivalent to at least a one-week salary for each year of service.

Excluded from the scope of this act are cases of displacement due to technological or reorganization changes; or of partial or full stoppage of operations of the establishment where they work, or due to an immediate or foreseeable reduction in the volume of business or profits that renders it necessary or advisable to reduce the personnel in order to keep the establishment running; or by reason of any other action of the employer leading exclusively to a more efficient administration of the establishment.

*Be it enacted by the Legislature of Puerto Rico:*

Section 1.—

Every employee in commerce, industry or any other business or place of employment designated hereinafter as the establishment, in which he works for compensation of any kind, under contract without a fixed time, who is discharged from his employment without good cause shall be entitled to receive from his employer, in addition to the salary he may have earned:

(a) the salary corresponding to one month as indemnity;

(b) an additional progressive indemnity equivalent to one week for each year of service.

The years of service shall be determined on the basis of all the accumulated preceding periods of work which the employee has worked for the employer prior to his discharge, but excluding those which by reason of a previous discharge or severance, have been compensated or have been the object of a judicial adjudication.

Section 2.—

Good cause for the discharge of an employee of an establishment shall be understood to be:

(a) That the worker indulges in a pattern of improper or disorderly conduct.

e:17-03283-LTS Doc#:18806-1 Filed:10/27/21 Entered:10/27/21 03:43:27 D
Debtors Ex. 118 Page 5 of 7

(b) The attitude of the employee of not performing his work in an efficient manner or of doing it belatedly and negligently or in violation of the standards of quality of the product produced or handled by the establishment.

(c) Repeated violations by the employee of the reasonable rules and regulations established for the operation of the establishment, provided a written copy thereof has been timely furnished to the employee.

(d) Full, temporary or partial closing of the operations of the establishment.

(e) Technological or reorganization changes as well as changes of style, design or nature of the product made or handled by the establishment and in the services rendered to the public.

(f) Reductions in employment made necessary by a reduction in the volume of production, sales or profits, anticipated or prevalent at the time of the discharge.

A discharge made by mere whim or fancy of the employer or without cause related to the proper and normal operation of the establishment shall not be considered as a discharge for good cause.

Section 3.—

In any case where employees are discharged for the reasons indicated in subdivisions (d), (e) and (f) of the preceding section, it shall be the duty of the employer to retain with preference in the job those employees of greater seniority provided there are positions vacant or filled by employees of less seniority in the employment within their occupational classification which may be held by them, it being understood that preference shall be given to the employees discharged in the event that within the six months following their lay-off the employer needs to employ a person in like or similar work to that which said employees were doing at the time of their discharge and within their occupational classification, following also the seniority order in the reinstatement, except, and in both situations, in those cases in which there is a clear and conclusive difference in favor of the efficiency or capacity of the workers compared, in which case the capacity shall prevail.

Section 4.—

The compensation established in Section 1 shall be paid on the basis of the highest rate of salary earned by the employee during the three years immediately preceding his discharge.

Section 5.—

For the purposes of this act, discharge shall be understood to be, besides the employee's lay off, his suspension indefinitely or for a term over three months, except in the case of employees of seasonal industries or businesses or the resignation of the employee caused by the actions of the employer directed to induce or compel him to resign, such as imposing or trying to impose on him more onerous working conditions, reducing his salary, lowering his category or submitting him to derogatory criticisms or humiliations by deed or word.

Section 6.—

In the case of transfer of a going business, if the new acquirer continues to use the services of the employees who were working with the former owner, such employees shall be credited with the time they have worked in the basis under former owners. In the event that the new acquirer chooses not to continue with the services of all or any of the employees and hence does not become their employer, the former employer shall be liable for the compensation provided herein, and the purchaser shall retain the corresponding amount from the selling price stipulated with respect to the business. In case he discharges them without good cause after the transfer, the new owner shall be liable for any benefit which may accrue under this act to the employee laid-off, there being established also a lien on the business sold, to answer for the amount of the claim.

Section 7.—

The one-month salary compensation and the progressive indemnity for discharge without good cause provided in Section 1 of this act shall be computed on the basis of the highest number of regular working hours of the employee during any period of thirty consecutive calendar days within the year immediately preceding the discharge.

Section 8.—

In every action instituted by an employee claiming the benefits provided herein, the employer is bound to plead in his answer to the complaint the facts that gave rise to the discharge and to prove that it was justified in order to be exempted from compliance with the provisions of Section 1 of this act.

(a) In every suit based on this act, the court shall hold a confer-

ence prior to the trial at least 30 days after the complaint is answered. At the end of this conference, if in its opinion there are sufficient reasons, beyond the circumstances of conflicting allegations, to believe that the discharge was without good cause, the court shall enter an order directing the employer defendant to deposit in the office of the Secretary of the Court, within a nonextendible term of fifteen (15) days, an amount equivalent to the total compensation to which the employee may be entitled, and also an amount for attorney's fees which shall never be less than fifteen (15) per cent of the total of the compensation, or one hundred (100) dollars, whichever is greater. The defendant employer may post an adequate bond to cover these amounts. Said amounts or said bond shall be returned to the employer if final and unappealable judgment is rendered in his favor. At any stage of the proceedings in which, at the request of a party, the Court determines that there is serious risk that the employer lacks sufficient property to satisfy the judgment that may be entered in due time in the case, the Court may require the aforesaid deposit or the corresponding bond.

Section 9.—

The rights granted hereunder shall prescribe after the lapse of three (3) years from the effective date of the discharge.

Section 10.—

Act No. 50 of April 20, 1949,[9] is hereby repealed without prejudice to the workmen affected to bring any action which may have arisen thereunder at the time this act takes effect.

Section 11.—This act shall take effect immediately after its approval.

*Approved May 30, 1976.*

---

[9] 29 L.P.R.A. §§ 183–185.