# Debtors' Ex. 119



Exhibit
0001
10/15/2021
Douglas J. Brickley

September 1, 2021

AmeriNational Community Services, LLC
c/o Arturo Garcia
McConnell Valdés LLC
270 Muñoz Rivera Ave.
San Juan, Puerto Rico 00918

**Re: Commonwealth of Puerto Rico Plan Confirmation Proceedings, including DRA Parties' Administrative Expense claim against the Commonwealth**

Dear Mr. Garcia:

This letter (the "Agreement") sets forth the basis of The Claro Group, LLC's ("Claro") engagement by McConnell Valdés LLC ("Counsel") on behalf of AmeriNational Community Services, LLC, as Servicer for the GDB Debt Recovery Authority ("Client"). It is understood that Claro is being retained at and under the direction of Counsel in connection with the matter identified above and as more described herein.

A. <u>Scope of the Engagement ("Engagement") and Claro Services</u>

Counsel is retaining Claro so that its employee(s) and/or affiliate(s) ("Expert")[1] will provide Counsel with expert witness consulting and related support services ("Services") in connection with the above-referenced matter ("Matter"). Expert understands that counsel is interested in obtaining Expert's objective and independent analysis in connection with this Matter. The Services which Counsel anticipates Expert may be asked to provide include analysis of client data, preparation of an expert report for submission to opposing counsel, providing deposition testimony as Client's expert witness (including preparation for Expert's deposition), and providing trial testimony (including preparation for Expert's trial testimony). Should Expert require backup support in order to efficiently handle tasks required by this Engagement, Expert will use the internal resources of Claro. It is understood that prior to the submission of any statement describing the nature of any opinions of Expert in this Matter (e.g., answers to interrogatories); Expert will be provided with the opportunity to review such statement for accuracy.

---

[1] The Claro employee(s) and / or affiliate(s) that ultimately submit expert report(s) and / or testify will be determined at a later date and will be mutually agreed upon between Claro and Client.



Unless otherwise directed by Counsel, Claro will report to Counsel verbally from time to time, and at Counsel's direction, on the progress of the work and preliminary findings. After reporting verbally, and only when expressly requested by Counsel, Expert will provide a written report, and will make available for inspection the original of all work papers and other documents prepared or reviewed by Expert pursuant to this engagement. In the course of Claro's retention, Counsel may call upon Expert not only to report verbally on the progress of Expert's work, but also to provide information, participate in meetings, review materials, and undertake other tasks for Counsel as attorneys of record for Client.

The individual members of the Claro team will be selected from Claro's resources to provide the range and level of expertise necessary to achieve the project objectives. Douglas Brickley and Michael Gardner will be your principal contacts for the duration of the Engagement. If necessary, Claro may employ subconsultants to assist it with this Engagement.

The work undertaken by Expert and Claro in connection with this Matter is being done for and under the direction of Counsel and, shall accordingly, be considered privileged under all applicable privileges. Claro shall not disclose any confidential or privileged information to any third party; provided, however, that Claro may disclose confidential or privileged information (a) to Claro's managing directors, employees, affiliates, subcontractors, vendors or agents who provide services in connection with this engagement, (b) with Client's or Counsel's consent, or (c) when legally required to do so. Both parties agree that confidential and proprietary information will not be construed to include information that is available from public sources or sources not subject to obligations of confidentiality to Counsel. Client and Counsel shall not disclose Claro's work product to any third party or use Claro's work product for any purpose other than (i) as expressly stated in this Agreement or (ii) its internal use, without first obtaining Claro's prior written consent.

Counsel acknowledges that to the extent testimony is required in this Matter, it may be necessary for Expert and Claro to object to requests by third parties to obtain information concerning material personal to Expert, proprietary to Claro or that may be related to client matters unrelated to this engagement. These objections may be necessary due to, among other things, existing confidentiality agreements or protective orders. Expert and Claro will use their best efforts to protect Counsel's and Client's interests consistent with the need to protect Expert's and Claro's personal and proprietary information, and to comply with Expert's and Claro's confidentiality obligations.

B. <u>Fee Agreement</u>

Client shall compensate Claro for Services provided, which shall include Claro's fees, Claro backup support hourly fees, computer charges and reimbursable costs and expenses. Claro's fees range from $265 to $650 per hour. Hourly rates may change in the future. Client shall pay a retainer of $20,000 in advance of Claro's performance of any services under this Agreement. Claro will hold the retainer until it renders its final invoice, at which time it will

apply the retainer to any outstanding balance due. Any portion of the retainer not so applied at the conclusion of the work will be returned to Counsel or Client as directed by Counsel.

Any estimate of anticipated fees for Services that may be provided to Counsel or Client prior to or during the course of the work is Claro's best estimate of the effort that will be required to complete the Services based on the information available to Claro at the time. Under no circumstances shall it be deemed a maximum fee or a fixed price.

In addition to the hourly professional fees, Client shall also pay all reasonable out-of-pocket disbursements, costs and expenses incurred by Claro and its subconsultants in connection with the Services described herein (e.g., airfare, hotel, car rental, copying of documents, telephone calls, postage and shipping, etc.). Airfare shall be booked in coach class for travel originating and ending in North America and business class for international travel. Claro agrees to present a reasonably itemized statement of such expenses, and shall provide copies of original invoice or other documentation upon request.

Claro will invoice Client directly for all professional fees and expenses on a monthly basis and will provide sufficient detail identifying expenses incurred. In some circumstances, bills may be sent more frequently. Claro's billing statements shall be paid within thirty (30) days of the date of such billing statement. Client agrees that they will review Claro's statement upon receipt and will advise Claro of any objection to or dispute with the statement within 30 days of receipt. In the event Client disputes part of Claro's bill, the undisputed part shall be paid by Client within 30 days of receipt. Without liability, Claro reserves the right to withhold delivery of services, reports or data (written or oral) if the account on this engagement is overdue beyond 30 days. A late payment charge of 1% per month (or the maximum rate permitted by law, whichever is less) may be charged by Claro to any amounts more than 30 days past due. Claro shall be entitled to recover its attorneys' fees and costs incurred in enforcing this Agreement.

In connection with Claro's work on this Engagement, Claro's Services may include providing evidence and discovery management ("EDM") services, including the identification, collection, filtering, processing and hosting of electronically stored information. Fees for such EDM services are based on factors which can include hours incurred in project management, units of ESI processed including documents, files, pages, gigabytes, and authorized users with access to the document and data repository systems, which fees will be discussed with Client in advance of Claro performing such services.

C. Miscellaneous Matters

Claro is engaged by many other companies and individuals on a variety of matters. Claro's determination of conflicts is based on the substance of the work to be performed on an engagement as opposed to the parties involved. It is possible that some of Claro's past, present or future clients will have disputes with and other matters relating to Client and



Counsel during the course of and subsequent to this engagement.  As a condition of this engagement, Client and Counsel agree that Claro may be engaged by parties with interests that are adverse to and may not be consistent with the interests of Client or Counsel. Claro reserves the right to accept engagements with other parties consistent with internal, prior practices, and will not be required to advise Client or Counsel of such engagements in the future. If appropriate, Claro will institute procedures to protect the confidentiality of information provided by Client and Counsel on this engagement.

Under no circumstances shall either Counsel, Client or Claro be liable for, or make a claim against each other for, any loss or damage resulting from loss of use, loss of profits or revenues, loss of business opportunity, cost of capital, loss of goodwill, claims of customers, cost of purchased or replacement products, additional production expenses or like items of loss or damage.

Except in instances of Claro's willful or intentional misconduct, Client agrees to indemnify, hold harmless and defend Claro and its authorized subconsultants, directors, partners, principals and employees from and against any and all liabilities, losses, claims, damages, suits, actions, judgments, costs, charges, legal fees and other expenses of whatsoever nature or character arising out of or related to Services or any use by or on behalf of Client of a deliverable item to be provided by Claro hereunder, and Client will reimburse Claro for all reasonable documented expenses (including reasonable attorneys' fees) incurred by Claro in connection with any such action or claim. Client's indemnity obligations hereunder shall be reduced to the extent of Claro's negligence or willful misconduct in connection with the incident or series of incidents giving rise to Client's indemnification obligation hereunder.

The maximum liability of Claro and its subconsultants to the Counsel or Client relating to Claro Services rendered under this Agreement (regardless of the form of action, whether sounding in contract, tort or otherwise) shall be limited to the total compensation received by Claro.

In the event Claro, including subconsultants, are requested pursuant to subpoena or other legal process to produce any documents or to provide testimony relating to engagements for Client in judicial or administrative proceedings to which Claro are not a party, Client shall reimburse Claro at standard billing rates for all professional time and expenses, including reasonable attorneys' fees, incurred in preparing for and responding to requests for documents and providing testimony.

This Agreement does not give either party any ownership or other rights to, or interest in, the other party's confidential information, trade name, trademarks, intellectual property or other proprietary information or materials in existence prior to the execution of this Agreement. Original materials submitted by Claro as part of the process of creating the



Services, including but not limited to ideas, concepts, techniques, know-how, formulae, inventions, software programs, data, and any structural and organizational aspects of the Services which are of general utility, are and will remain the exclusive property of Claro. Claro shall have the right to develop products similar to the Deliverables or other work product furnished under this Agreement, so long as it does not contain any of Client's proprietary information.

Within 30 days after the conclusion of this Engagement, Client or Counsel may request that Claro (a) return all documents or copies of documents that Client or Counsel provided to Claro or Expert or (b) destroy such materials; provided, that in either case, Claro may retain an archival copy for recordkeeping or quality assurance purposes and Claro will make no unauthorized use of such copies. If neither Client nor Counsel timely requests one of these options for disposition of materials, Claro may elect either option.

Should any dispute arise concerning any aspect of this Agreement, the Parties shall each select a senior executive or administrative officer to represent the respective Parties in a good faith effort to resolve any such dispute. If such dispute is not resolved within thirty (30) days or such longer period as the Parties may agree in writing, the Parties agree to submit any dispute, claim or controversy arising out of or relating to this Agreement, including the determination of the scope or applicability of this agreement to arbitrate, to binding arbitration before a mutually agreeable arbitrator with the Judicial Arbitration and Mediation Service ("JAMS") located in Chicago, IL. The arbitration shall be administered by JAMS in accord with JAMS' Streamlined Arbitration Rules and Procedures ("Arbitration Rules"). If the Parties cannot agree upon a single arbitrator within 30 days of the initial request for arbitration by a Party (or such additional period that may be mutually agreed in writing between the Parties), JAMS shall designate an arbitrator under the Arbitration Rules. Such arbitration shall be confidential, shall be convened exclusively in Chicago, Illinois and shall proceed in accordance with the Arbitration Rules except as otherwise expressly provided herein. The prevailing party shall be entitled to reasonable attorneys' fees and costs incurred in enforcing this Agreement through arbitration or otherwise and reasonable attorneys' fees and costs incurred in appealing or enforcing any judgment entered by the arbitrator in any court having jurisdiction. The parties shall not be liable to each other for any consequential, incidental, special or punitive damages. Either party may seek to enforce any written agreement reached by the Parties during mediation, or to confirm and enforce any final award entered in arbitration, in any court of competent jurisdiction.

Client, Counsel or Claro may terminate this engagement upon seven (7) days written notice. Upon termination, Client shall pay to Claro any unreimbursed professional fees and out-of-pocket expenses.

If the foregoing accurately sets forth your understanding of, and agreement to the terms of our retention, please execute the original of this Agreement in the spaces indicated below and return it to the undersigned.

Very truly yours,
The Claro Group, LLC

Douglas J. Brickley
Managing Director

UNDERSTOOD AND AGREED:


McConnell Valdes LLC, on behalf of AmeriNational Community Services, LLC

By: _____

Title: Managing Director

Date: September 1, 2021


AmeriNational Community Services, LLC, as Servicer for the GDB Debt Recovery Authority

By: _____

Title: Counsel

Date: September 1, 2021