# Debtors' Ex. 121

**Debtors' Ex. 121**

**Exhibit
0004**
10/15/2021
Douglas J. Brickley

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>        Debtors.[1] | PROMESA<br>Title III<br><br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>        Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3566-LTS |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>        Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 19 BK 5523-LTS |

**AMENDED NOTICE OF VIDEOTAPED DEPOSITION OF DOUGLAS J. BRICKLEY**

---

[1]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); (v) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, made applicable here by Rules 7026 and 7030 of the Federal Rules of Bankruptcy Procedure pursuant to section 310 of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA")[2], and the *Joint Informative Motion to Notify Schedule of Upcoming Depositions and Procedures for Attendance of the Same* [ECF No. 18367],[3] and *Stipulation* [ECF No. 18367-1] (the "Remote Deposition Protocols"), the Financial Oversight and Management Board for Puerto Rico, as sole Title III representative for the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority, will take the deposition upon oral examination of Douglas J. Brickley ("Mr. Brickley"), Claro Group LLC, 711 Louisiana Street, Suite 2100, Houston, Texas 77002, at 9:30 a.m. Atlantic Standard Time on October 15, 2021.

The deposition will be conducted remotely, by remote means, through telephone and videoconference, before the Remote Deposition Vendor, Veritext, as authorized by Federal Rule of Civil Procedure 30(b)(4) and the Remote Deposition Protocols.  The testimony will be recorded by video recording, using the procedures set forth in the Remote Deposition Protocols, and will continue from day to day, excepting Sundays and holidays, until completed.

Mr. Brickley will be examined regarding the subject matters set forth in (i) the disclosure for Mr. Brickley contained in *The DRA Parties' Opening Expert Disclosures* [ECF No. 18042] filed September 6, 2021, and (ii) the *Preliminary Expert Report of Douglas J. Brickley* dated September 13, 2021.

---

[2] PROMESA has been codified at 48 U.S.C. § 2101-2241.

[3] All ECF numbers refer to Case No. 17 BK 3283-LTS unless otherwise stated.

PLEASE TAKE FURTHER NOTICE that a subpoena duces tecum will be served on Mr.

Brickley requiring him to produce the documents listed in Attachment A to the subpoena duces

tecum, a true and correct copy of which is attached and marked as Exhibit 1, on October 12, 2021,

in advance of the deposition.

Dated: October 4, 2021

**PROSKAUER ROSE, LLP**

*/s/ Margaret A. Dale*

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
Margaret A. Dale (*pro hac vice)*
Julia D. Alonzo (*pro hac vice)*
Laura Stafford (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and*
*Management Board, as representative for the*
*Debtors*

*/s/ Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial*
*Oversight and Management Board, as*
*representative for the Debtors*

## CERTIFICATE OF SERVICE

I hereby certify that, on this date, I caused copies of the foregoing document to be served

on the following counsel of record for the DRA Parties.

**MCCONNELL VALDÉS LLC**
270 Muñoz Rivera Avenue, Suite 7
Hato Rey, Puerto Rico 00918
P.O. Box 364225
San Juan, PR 00936-4225
Tel: 787-250-5632
Fax: 787-759-9225
Arturo J. García-Solá
(USDC No. 201903)
E-mail: ajg@mcvpr.com
Alejandro J. Cepeda-Díaz
(USDC No. 222110)
E-mail: ajc@mcvpr.com
Nayuan Zouairabani
(USDC No. 226411)
E-mail: nzt@mcvpr.com

*Attorneys for AmeriNational Community
Services, LLC, as Servicer for the GDB Debt
Recovery Authority*

**C. CONDE & ASSOC. LAW OFFICES**
Carmen D. Conde Torres
(USDC No. 207312)
Luisa S. Valle Castro
(USDC No. 215611)
254 San José Street, Suite 5
San Juan, PR 00901-1523
Tel: 787-729-2900
Fax: 787-729-2203
E-mail: condecarmen@condelaw.com

*Attorneys for Cantor-Katz Collateral Monitor
LLC, as Collateral Monitor for the GDB Debt
Recovery Authority*

- 4 -

**SCHULTE ROTH & ZABEL LLP**
Douglas S. Mintz (admitted *pro hac vice*)
Noah N. Gillespie (admitted *pro hac vice*)
901 Fifteenth Street, NW, Suite 800
Washington, DC 20005
Tel: 202-729-7470
Fax: 202-730-4520
E-mail: douglas.mintz@srz.com
noah.gillespie@srz.com
-and-
Douglas Koff (admitted *pro hac vice*)
Abbey Walsh (admitted *pro hac vice*)
Peter J. Amend (admitted *pro hac vice*)
919 Third Avenue
New York, NY 10022
Tel: 212-756-2000
Fax: 212-593-5955
E-mail: douglas.koff@srz.com
abbey.walsh@srz.com
peter.amend@srz.com

*Attorneys for Cantor-Katz Collateral Monitor*
*LLC, as Collateral Monitor for the GDB Debt*
*Recovery Authority*


 Date: October 4, 2021                     /s/ *Julia D. Alonzo*
                                               Julia D. Alonzo

**Exhibit 1**

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Puerto Rico

| | |
|---|---|
| In re: The Financial Oversight and Management Board for Puerto Rico, as representative of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority | )<br>)<br>)  Civil Action No.   17-03283-LTS<br>)<br>)<br>) |
| *Defendant* | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                               DOUGLAS BRICKLEY

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Proskauer Rose LLP<br>11 Times Square<br>New York, NY 10036-8299 | Date and Time:<br><br>10/12/2021 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     10/04/2021

| *CLERK OF COURT* | OR | *Margaret A. Dale* |
|---|---|---|
| _____<br>*Signature of Clerk or Deputy Clerk* | | _____<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Financial Oversight and Management Board for Puerto Rico                    , who issues or requests this subpoena, are:

Margaret A Dale I Proskauer Rose LLP I 11 Times Square, New York, NY, 10036 I mdale@proskauer.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 17-03283-LTS

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

**DEFINITIONS AND INSTRUCTIONS**

The following terms shall have the meanings set forth below whenever used in any request:

1.      The terms "all," "any," and "each" shall be construed as all, any, and/or each as necessary to bring within the scope of the discovery request all responses that otherwise could be construed to be outside of its scope.

2.      The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.      The use of the singular form of any word shall include the plural and vice versa.

4.      "Claro" means The Claro Group, LLC and its owners, shareholders, principals, officers, directors, attorneys, agents, employees, representatives, and other Persons acting on its behalf.

5.       "Commonwealth" means the Commonwealth of Puerto Rico, including all its agencies, instrumentalities, and subdivisions, as well as its principals, officers, directors, attorneys, agents, employees, representatives, and other Persons acting on its behalf.

6.      "Communication" or "Communications" means any oral, written or electronic transmission of information, including without limitation, meetings, discussions, conversations, telephone calls, e-mail messages, memoranda, letters, analyst reports, telecopies, telefaxes, telexes, conferences, seminars, messages, notes, video tapes, photographs, microfilm, microfiche, magnetic disks, or other media of any kind.

7.      "Concerning" means comprising, consisting of, referring to, reflecting, regarding, supporting, evidencing, relating to, prepared in connection with, used in preparation for, or being

1

in any way legally, logically, or factually concerned with the matter or Document described, referred, to or discussed.

8.      "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including electronic or computerized data compilations.  The term "Document" shall also include Electronically Stored Information ("ESI") within the meaning of the Federal Rules of Civil Procedure.

9.      "DRA Parties" means AmeriNational Community Services, LLC, as servicer for the GDB Debt Recovery Authority, and Cantor-Katz Collateral Monitor LLC, as well as their principals, officers, directors, attorneys, agents, employees, representatives, and other Persons acting on its behalf, including, but not limited to, McConnell Valdez LLC.

10.     "Engagement" means the engagement of Claro by McConnell Valdez LLC described at pages 2-3 of the Expert Report and pursuant to which the Expert Report was prepared and You formed Your opinions and conclusions.

11.     "Expert Report" refers to the "Preliminary Expert Report of Douglas J. Brickley" dated September 13, 2021, and any amendments, supplements or updates thereto.

12.     "HTA" means the Puerto Rico Highways and Transportation Authority, as well as its principals, officers, directors, attorneys, agents, employees, representatives, and other Persons acting on its behalf.

13.     "Including" means including, but not limited to, the referenced subject.

14.     "Person" means any individual or legal organization or entity.

15.     "Relating to", "relate to", "related to", "referred to", "refer to", "reference", and "referring to" means analyzing, addressing, concerning, consisting of, regarding, referring to, refuting, discussing, describing, evidencing, constituting, comprising, containing, setting forth,

2

showing, disclosing, explaining, summarizing, memorializing, reflecting, commenting on, or otherwise having any logical or factual connection to the subject matter of the Document .

16.     "Title III Case" means the Title III case *In re: The Financial Oversight and Management Board for Puerto Rico, as representative of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority*, No. 17-03283-LTS, pending before the Honorable Laura Taylor Swain in the United States District Court for the District of Puerto Rico.

17.     "You" or "Your" means Douglas J. Brickley and any other Person purporting to act on his behalf.

## DOCUMENT REQUESTS

1.     All Documents considered or relied upon by You or Claro to prepare the Expert Report or form the opinions stated therein.

2.     All Documents You consider to be part of Your or Claro's file for the Engagement.

3.     Documents evidencing the facts and data considered by You or Claro in preparing the Expert Report or forming the opinions stated therein.

4.     All Communications, and any Documents relating to any such Communications, between You or Claro and the DRA Parties that:

   a.   Relate to Claro's or Your compensation for the Engagement;

   b.   Identify facts or data that the DRA Parties provided to You or Claro that were considered in forming the opinions and conclusions expressed in the Expert Report; and

3

    c.    Identify any assumptions that the DRA Parties provided to You or Claro relied on in forming the opinions and conclusions expressed in the Expert Report.

5.    All Communications, and any Documents relating to any such Communications, relating to the Commonwealth or HTA between (a) You, Claro or any Person acting at Your or Claro's direction, on the one part, and (b) any official of the Commonwealth or its instrumentalities, including HTA, including any agent, staff member, or other designee of such official, on the other part.

6.    Any exhibits or demonstratives that will be used to summarize or support the Expert Report, the opinions and conclusions contained therein, or any other testimony or analysis offered by You or Claro in connection with the Engagement or the Title III Case.

7.    Your curriculum vitae, or other Documents sufficient to evidence Your qualifications to offer expert testimony in the Title III Case.

8.    A list of publications You authored in the last ten years.

9.    Copies of all publications You authored, or to which You have contributed, in the last ten years.

10.    A list of all cases in which, during the previous four years, You testified as an expert at trial or by deposition or declaration.

11.    Copies of any expert testimony (including but not limited to affidavits, declarations, and transcripts of live testimony) offered by You in any case or proceeding before any court or regulatory body that involved a government entity's budget and the use, claw back or transfer of funds pursuant to statutory or constitutional provisions.

4

12.     Copies of all expert reports offered by You in any case or proceeding before any court or regulatory body that involved a government entity's budget and the use, claw back or transfer of funds pursuant to statutory or constitutional provisions.

13.     A list of Your consulting engagements.

14.     The engagement letter or other similar agreement governing Your or  Claro's services and compensation in the Engagement.

15.     Time records for Your and Claro's services performed in the Engagement.

16.     Your billing records for Your and Claro's services performed in the Engagement.

17.     Documents sufficient to evidence the total compensation You or Claro have received to date for services performed in the Engagement.