# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>     Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

## AAFAF'S RESPONSES AND OBJECTIONS TO THE DRA PARTIES' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure made applicable to this adversary proceeding by Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure pursuant to Section 310 of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), in its own capacity, as successor to the Government Development Bank for Puerto Rico ("GDB") as fiscal agent, and as representative pursuant to Act 2-2017 of the Commonwealth of Puerto Rico ("Commonwealth"), the Puerto Rico Treasury Department ("Treasury"), and the Puerto Rico Highways and Transportation Authority ("HTA"), hereby responds and objects (the "Responses and Objections") to *The DRA Parties' First Request for Production of Documents to the Financial Oversight and Management Board for Puerto Rico and the Puerto Rico Fiscal Agency and Financial Advisory Authority* (the "Requests," and each a "Request"), which was served by the DRA Parties[2] on August 6, 2021, in connection with the Procedures Orders.[3]

## PRELIMINARY STATEMENT

These Responses and Objections, and any subsequent document productions, are based and will be based only upon the information that is currently available to and specifically known to AAFAF as of the date hereof. AAFAF reserves the right to amend or supplement these Responses and Objections at any time in light of future investigation, research, or analysis, and also expressly reserves the right to rely on, at any time, including in any other proceeding, subsequently discovered information, or information omitted from these Responses and Objections as a result of mistake, error, or inadvertence. AAFAF has made reasonable efforts to respond to the Requests,

---

[2] "DRA Parties" has the meaning ascribed in the Requests.
[3] "Procedures Orders" are the *Order Establishing Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* (ECF No. 17640), and the *Order (I) Approving Disclosure Statement, (II) Fixing Voting Record Date, (III) Approving Confirmation Hearing Notice and Confirmation Schedule, (IV) Approving Solicitation Packages and Distribution Procedures, (V) Approving Forms Of Ballots, and Voting And Election Procedures, (VI) Approving Notice of Non-Voting Status, (VII) Fixing Voting, Election, and Confirmation Deadlines, and (VIII) Approving Vote Tabulation Procedures* (ECF No. 17639).

DRA Ex. 420

to the extent they have not been objected to, as AAFAF understands and interprets the Requests. If the DRA Parties subsequently assert a meritorious interpretation of the Requests that differs from AAFAF's interpretation, AAFAF reserves the right to supplement these Reponses and Objections.

## GENERAL OBJECTIONS

1.      AAFAF objects to the Requests, and to each and every Request, to the extent they seek information that is not relevant to the parties' claims or objections in connection with the *Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (ECF No. 17627), filed on July 30, 2021, including, without limitation, the exhibits and schedules thereto, as the same is amended, supplemented, or modified from time to time in accordance with the provisions of PROMESA and the Bankruptcy Code ("Plan of Adjustment").

2.      AAFAF objects to the Requests, and to each and every Request, to the extent they are not limited to "critical contested issues" so that "resources are not wasted." *See* Hearing Tr. on Procedures Orders at 15, 93 (July 14, 2021).

3.      AAFAF objects to the Requests, and to each and every Request, to the extent they purport to impose burdens inconsistent with, not otherwise authorized by, or exceeding those required by the Federal Rules of Civil Procedure as incorporated into the Federal Rules of Bankruptcy Procedure, the local rules for the United States Bankruptcy Court for the District of Puerto Rico, the Court's chambers practices and case management orders, or the Procedures Orders ("Governing Rules").  AAFAF will construe and respond to the Requests in a manner consistent with its obligations under the Governing Rules, and not otherwise.

4.      AAFAF objects to the Requests, and to each and every Request, to the extent they seek documents or information not in AAFAF's possession, custody, or control.  Subject to the other general and specific objections set forth herein, AAFAF will use reasonable diligence to

DRA Ex. 420

obtain responsive documents in its possession, custody, or control if it agrees to produce them based on an examination of those files reasonably expected to yield responsive documents. Documents produced by AAFAF in response to specific Requests should not be construed as a representation that every document in AAFAF's possession, custody, or control has been examined.

5.       AAFAF objects to the Requests, and to each and every Request, to the extent they seek materials already provided to the DRA Parties in connection with any contested matter, adversary proceeding, or Rule 2004 proceeding that has taken place in the above-captioned Title III proceeding, including the *Motion of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, National Public Finance Guarantee Corporation, and Financial Guaranty Insurance Company for Relief from the Automatic Stay, or, in the Alternative, Adequate Protection* (Case No. 17-03567, ECF No. 673) (the "HTA Lift Stay Motion"), and the *Financial Oversight & Management Board for Puerto Rico v. Ambac Assurance Corporation et al..* (Case No. 20-00005) (the "HTA Adversary Proceeding").  The DRA Parties have already received much of the discovery requested in connection with the HTA Lift Stay Motion and HTA Adversary Proceeding.

6.       AAFAF objects to the Requests, and to each and every Request, to the extent they place an unreasonable burden on AAFAF, including without limitation by seeking documents and information equally or more readily available from public sources or otherwise already available to the DRA Parties.

7.       AAFAF objects to the Requests, and to each and every Request, to the extent they require the search of archives, backup files, or any information not readily accessible, including but not limited to any audio, video, electronic recordings, telephone records, calendar entries, text

DRA Ex. 420

messages, or similar forms of electronic messaging, which would be unduly burdensome and not proportional to the needs of the case.

8.      AAFAF objects to the Requests, and to each and every Request, to the extent they expressly or impliedly seek documents or information protected from disclosure by the Attorney-Client Privilege, the Attorney Work-Product Doctrine, the Executive Privilege, the Deliberative Process Privilege, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  Nothing in these Responses and Objections is intended as, nor shall in any way be deemed, a waiver of any of these privileges, doctrines, or immunities.  Documents and information protected by these privileges, doctrines, or immunities are not subject to disclosure, and AAFAF will not provide them.  AAFAF intend to and do assert any and all such privileges with respect to all such documents and information.  The inadvertent production of any such protected document or other item shall not constitute a waiver of any privilege or protection or any other ground for objection to discovery with respect to the information contained therein, nor shall such inadvertent production waive AAFAF's right to object to the use of any such document or the information contained therein in connection with this proceeding or any subsequent proceeding.  Upon notification that such disclosure was inadvertent, the document(s)/item(s) and any copies thereof shall be returned or destroyed immediately.

9.      AAFAF objects to the Requests, and to each and every Request, to the extent they (i) imply the existence of facts or circumstances that do not or did not exist, or (ii) state or assume legal or factual conclusions.  By providing these Responses and Objections, AAFAF does not admit any factual or legal premise in the Requests.

DRA Ex. 420

10.     To the extent any term defined or used in the Requests is used in responding to the Requests, it is not accepted or conceded that any such term or definition is appropriate, descriptive, or accurate.

11.     AAFAF objects to the Requests, and to each and every Request, as unduly burdensome to the extent they are cumulative or duplicative of other discovery requests.

12.     AAFAF objects to the definition of "Act 30-31 Revenues" to the extent it is inconsistent with the terms of Act 30-2013 and Act 31-2013, and to the extent it asserts a legal conclusion.

13.     AAFAF objects to the definition of the terms "AAFAF," "You," and "Your" as overbroad because they encompass individuals and entities without regard to their connection or relevance to the Plan of Adjustment.  In responding to the Requests, AAFAF will construe "AAFAF" to mean AAFAF and its officers and employees reasonably likely to possess information relevant to the Plan of Adjustment.

14.     AAFAF objects to the definition of the term "Clawback" as overbroad insofar as it encompasses Commonwealth acts "concerning" the diversion, retention, reallocation, or redirection of public funds under article VI section 8 of the Puerto Rico Constitution.  AAFAF will construe the term "concerning" to refer only to Commonwealth official actions that actually diverted, retained, reallocated, or redirected public funds under article VI section 8 of the Puerto Rico Constitution.

15.     AAFAF further objects to the definition of the term "Clawback" as overbroad insofar as it encompasses revenues in which the DRA Parties have no interest.

16.     AAFAF objects to the definition of the term "Commonwealth" to the extent it includes public corporations that are legally independent from the Commonwealth under Puerto

6

DRA Ex. 420

Rico law.  AAFAF further objects to the definition of the term "Commonwealth" because it encompasses individuals and entities without regard to their connection or relevance to the Plan of Adjustment.  In responding to the Requests, AAFAF will construe "Commonwealth" to mean the Commonwealth and its officers and employees reasonably likely to possess information relevant to the Plan of Adjustment.

17.     AAFAF objects to the definition of the terms "Document" and "documents" to the extent they impose burdens inconsistent with, not otherwise authorized by, or exceeding those required by the Governing Rules.

18.     AAFAF objects to the definition of the term "ERS" as overbroad because it encompasses individuals and entities without regard to their connection or relevance to the Plan of Adjustment.  In responding to the Requests, AAFAF will construe "ERS" to mean ERS and its officers and employees reasonably likely to possess information relevant to the Plan of Adjustment.

19.     AAFAF objects to the definition of "Flow of Funds" or "Flow" as overbroad to the extent they concern monies other than the Act 30-31 Revenues.  AAFAF further objects to the definition to the extent that they presume cash proceeds are deposited into a "Fund" or other accounting designation.  AAFAF will construe "Flow of Funds" and "Flow" to encompass bank accounts in the Treasury's accounting system holding Act 30-31 Revenues.

20.     AAFAF objects to the definition of the term "FOMB" as overbroad because it encompasses individuals and entities without regard to their connection or relevance to the Plan of Adjustment.  In responding to the Requests, AAFAF will construe "FOMB" to mean FOMB and its officers and employees reasonably likely to possess information relevant to the Plan of Adjustment.

DRA Ex. 420

21.     AAFAF objects to the definition of the term "GDB" as overbroad because it encompasses individuals and entities without regard to their connection or relevance to this proceeding.  AAFAF further objects to the definition of GDB to the extent it includes the GDB Public Entity Trust, which is a legally separate entity from GDB.  AAFAF will construe the term "GDB" to include former employees of GDB and employees of AAFAF, as successor to GDB as fiscal agent, who are reasonably likely to possess information relevant to this proceeding.

22.     AAFAF objects to the definition of the term "HTA" as overbroad because it encompasses individuals and entities without regard to their connection or relevance to the Plan of Adjustment.  In responding to the Requests, AAFAF will construe "HTA" to mean HTA and its officers and employees reasonably likely to possess information relevant to the Plan of Adjustment.

23.     AAFAF objects to the definition of "HTA Loans" to the extent it is inconsistent with the terms of the underlying loan agreements and promissory notes, and to the extent it asserts a legal conclusion.

24.     AAFAF objects to the definition of the terms "identify" and "identification" to the extent they impose burdens inconsistent with, not otherwise authorized by, or exceeding those required by the Governing Rules.

25.     AAFAF objects to the definition of the term "PBA" as overbroad because it encompasses individuals and entities without regard to their connection or relevance to the Plan of Adjustment.  In responding to the Requests, AAFAF will construe "PBA" to mean PBA and its officers and employees reasonably likely to possess information relevant to the Plan of Adjustment.

DRA Ex. 420

26.     AAFAF objects to the definition of the term "Signatories" on the ground that the phrase "otherwise manifested their consent" is vague and ambiguous.  AAFAF will construe the term "Signatories" to mean "any and all Persons, individuals, entities, corporations, agencies, instrumentalities, or representatives thereof, who have signed a Document as a party, or on behalf of a party."

27.     AAFAF objects to the definition of the term "Treasury" as overbroad because it encompasses individuals and entities without regard to their connection or relevance to the Plan of Adjustment.  In responding to the Requests, AAFAF will construe "Treasury" to mean Treasury and its employees reasonably likely to possess information relevant to this proceeding.

28.     AAFAF objects to each and every Instruction to the extent that they require procedures that are inconsistent with, not authorized by, or exceed those required by the Governing Rules.

29.     AAFAF objects to Instruction No. 1 to the extent it calls for AAFAF to "produce all responsive documents within seven (7) days" because the Procedures Orders do not require production within seven days.  Under the Governing Rules, AAFAF may specify a "reasonable time" by which to produce documents before the fact discovery deadline on October 4, 2021.  *See* FRCP 34(b)(2)(B); ECF No. 17640, ¶ 12.  AAFAF will meet and confer with the DRA Parties regarding a reasonable time for production.

30.     AAFAF objects to Instruction No. 2 and Instruction No. 3 to the extent they call for the production of documents not within its possession, custody, or control, and to the extent they impose burdens inconsistent with, not otherwise authorized by, or exceeding those required by the Governing Rules.

DRA Ex. 420

31.     AAFAF objects to Instruction No. 4 and Instruction No. 5 to the extent they require AAFAF to interpret the Requests in a way other than the most reasonable interpretation, and to the extent they impose burdens inconsistent with, not otherwise authorized by, or exceeding those required by the Governing Rules.

32.     AAFAF objects to Instruction No. 7 to the extent it encompasses informal translations that AAFAF and its attorneys may generate in connection with reviewing Documents. AAFAF will limit Instruction No. 7 to translations existing in AAFAF's centralized files.

33.     AAFAF objects to Instruction No. 8 to the extent it requires production of drafts.

34.     AAFAF objects to Instruction No. 12, which seeks to require AAFAF to produce documents even if "a document has or will be produced by another party to these or related proceedings," on the ground that this instruction exceeds what is permitted by the Governing Rules.  AAFAF is not required to produce documents that have already been produced and reserves the right to direct the DRA Parties to documents produced or that will be produced by other parties.

35.     AAFAF objects to Instruction No. 13 because it purports to impose burdens that differ from or exceed those imposed by the Governing Rules.  AAFAF objects to providing a privilege log unless necessary to substantiate a claim of privilege, consistent with the Governing Rules.  AAFAF expressly reserves the right to provide a categorical privilege log.

36.     AAFAF objects to Instruction No. 14 and Instruction No. 16 to the extent they impose burdens inconsistent with, not otherwise authorized by, or exceeding those required by the Governing Rules.

37.     AAFAF objects to Instruction No. 18 and Instruction No. 19 as inconsistent with the Governing Rules.  To ensure that discovery is centralized and available to all parties, any documents AAFAF agrees to produce AAFAF will provide to the Oversight Board in the first

10

DRA Ex. 420

instance, and AAFAF understands that the Oversight Board will then make the documents available on the Plan Depository.

38.     AAFAF objects to Instruction No. 22 because the time period of January 1, 2012 to the present is overbroad.

39.     AAFAF objects to each and every Request to the extent it seeks confidential, proprietary, or non-public information.   AAFAF will only produce documents subject to a protective order, to be agreed upon by the parties.

40.     AAFAF objects to the Requests, and to each and every Request, to the extent they seek documents regarding "Clawback funds" and "Act 30-31 Revenues," because funds held by the Commonwealth are fungible.

41.     The above General Objections are incorporated into each of the following specific Objections and Responses.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST FOR PRODUCTION NO. 1:**

Documents sufficient to identify, on a monthly basis from July 2013 to the present, the amounts of Act 30-31 Revenues collected by the Commonwealth or Treasury.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

In addition to its General Objections, incorporated herein by this reference, AAFAF objects to this Request on the ground that the time period of "July 2013 to the present," and the request for information "on a monthly basis," are overbroad and unduly burdensome.   AAFAF further objects to this Request on the ground that it seeks documents that are already available to the DRA Parties or that are publicly available.   Production of additional information would be disproportionate to the needs of the DRA Parties in this matter.

Subject to and without waiving the foregoing general and specific objections, AAFAF

11

DRA Ex. 420

responds as follows:

AAFAF directs the DRA Parties to the following materials:

- Bank account statements for Banco Popular Accounts -5191,[4] and -9458,[5] and

---

[4] CW_STAY0001356 - CW_STAY0005993, CW_STAY0010571-CW_STAY0010854, CW_STAY0010855-CW_STAY0011178, CW_STAY0011179-CW_STAY0011534, CW_STAY0011535-CW_STAY0011866, CW_STAY0011869-CW_STAY0012204, CW_STAY0012205-CW_STAY0012588, CW_STAY0012589-CW_STAY0012944, CW_STAY0012945-CW_STAY0013252, CW_STAY0013253-CW_STAY0013584, CW_STAY0013585-CW_STAY0013932, CW_STAY0013933-CW_STAY0014196, CW_STAY0014199-CW_STAY0014518, CW_STAY0014519-CW_STAY0014774, CW_STAY0014778-CW_STAY0015093 CW_STAY0015095-CW_STAY0015438, CW_STAY0015441-CW_STAY0015784, CW_STAY0015867-CW_STAY0016202, HTA_STAY0028995-HTA_STAY0029330, CW_STAY0016429-CW_STAY0016772, CW_STAY0016911-CW_STAY0017210, CW_STAY0017315-CW_STAY0017670, CW_STAY0017791-CW_STAY0018118, CW_STAY0018239-CW_STAY0018562, CW_STAY0018675-CW_STAY0018966, CW_STAY0019071-CW_STAY0019386, CW_STAY0019501-CW_STAY0019792, CW_STAY0019897-CW_STAY0020188, CW_STAY0020297-CW_STAY0020632, CW_STAY0020767-CW_STAY0021058 CW_STAY0021229-CW_STAY0021556, CW_STAY0021695-CW_STAY0022014, CW_STAY0022205-CW_STAY0022464, CW_STAY0022566-CW_STAY0022873, CW_STAY0022990-CW_STAY0023137, CW_STAY0023226-CW_STAY0023329, CW_STAY0023416-CW_STAY0023579, CW_STAY0023688-CW_STAY0023891, CW_STAY0023996-CW_STAY0024219, CW_STAY0024326-CW_STAY0024533, CW_STAY0024638-CW_STAY0024865, CW_STAY0024976-CW_STAY0025215, CW_STAY0025319-CW_STAY0025550, CW_STAY0025666-CW_STAY0025885, CW_STAY0026007-CW_STAY0026190 CW_STAY0026302-CW_STAY0026505, CW_STAY0026627-CW_STAY0026806, CW_STAY0026918-CW_STAY0027121, CW_STAY0027241-CW_STAY0027416, CW_STAY0027521-CW_STAY0027700, CW_STAY0027815-CW_STAY0027990, CW_STAY0028099-CW_STAY0028278, CW_STAY0028391-CW_STAY0028594, CW_STAY0028736-CW_STAY0028959, CW_STAY0029077-CW_STAY0029296, CW_STAY0029440-CW_STAY0029655, CW_STAY0029781-CW_STAY0030008, CW_STAY0030129-CW_STAY0030344, CW_STAY0030455-CW_STAY0030658, CW_STAY0030781-CW_STAY0031004, CW_STAY0031131-CW_STAY0031314, CW_STAY0031415-CW_STAY0031606, CW_STAY0031727-CW_STAY0031886, CW_STAY0031983-CW_STAY0032170.

[5] CW_STAY000022 - CW_STAY000149, CW_STAY0006906 - CW_STAY0009481, CW_STAY0015439-CW_STAY0015439, CW_STAY0015785-CW_STAY0015864, CW_STAY0016203-CW_STAY0016314, CW_STAY0016315-CW_STAY0016426, CW_STAY0016773-CW_STAY0016908, CW_STAY0017211-CW_STAY0017312, CW_STAY0017671-CW_STAY0017788, CW_STAY0018119-CW_STAY0018236, CW_STAY0018563-CW_STAY0018672, CW_STAY0019067-CW_STAY0019068, CW_STAY0019387-CW_STAY0019498, CW_STAY0019793-CW_STAY0019894, CW_STAY0020189-CW_STAY0020294, CW_STAY0020633-CW_STAY0020764, CW_STAY0021059-CW_STAY0021114, CW_STAY0021115-CW_STAY0021226, CW_STAY0021557-CW_STAY0021692, CW_STAY0022015-CW_STAY0022134, CW_STAY0022135-CW_STAY0022202, CW_STAY0022465-CW_STAY0022560, CW_STAY0022874-CW_STAY0022987, CW_STAY0023138-CW_STAY0023223, CW_STAY0023330-CW_STAY0023413, CW_STAY0023580-CW_STAY0023685, CW_STAY0023892-CW_STAY0023993, CW_STAY0024220-CW_STAY0024323, CW_STAY0024534-CW_STAY0024635, CW_STAY0024866-CW_STAY0024973, CW_STAY0025216-CW_STAY0025317, CW_STAY0025551-CW_STAY0025664,CW_STAY0025886-CW_STAY0026005, CW_STAY0026191-CW_STAY0026300, CW_STAY0026506-CW_STAY0026625, CW_STAY0026807-CW_STAY0026916, CW_STAY0027122-CW_STAY0027239, CW_STAY0027417 CW_STAY0027518, CW_STAY0027701-CW_STAY0027812, CW_STAY0027991- CW_STAY0028096, CW_STAY0028279-CW_STAY0028388, CW_STAY0028595-CW_STAY0028734, CW_STAY0028960-CW_STAY0029075, CW_STAY0029297-CW_STAY0029438, CW_STAY0029656-CW_STAY0029779, CW_STAY0030009-CW_STAY0030126, CW_STAY0030345-CW_STAY0030452, CW_STAY0030659-CW_STAY0030778, CW_STAY0031005-CW_STAY0031128, CW_STAY0031315-CW_STAY0031412,

GDB Account -0006,[6] produced in connection with the HTA Lift Stay Motion and HTA Adversary Proceeding.

- Vouchers and transfer orders (and similar materials), produced in connection with the HTA Lift Stay Motion and HTA Adversary Proceeding.[7]

- Exports from PRIFAS showing Fund 278 and Fund 793 transfers, produced in connection with the HTA Lift Stay Motion and HTA Adversary Proceeding.[8]

- Treasury Single Account reports, available on AAFAF's website.[9]

- Budget to Actual reporting, available on AAFAF's website.[10]

- General fund revenue reporting,[11] crude oil revenue reporting,[12] and motor vehicle collections reporting,[13] available on Treasury's website.

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to identify, on a monthly basis from July 2013 to the present, the amounts of Act 30-31 Revenues received by the GDB in payment of HTA Loans.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

In addition to its General Objections, incorporated herein by this reference, AAFAF objects

---

CW_STAY0031607-CW_STAY0031724, CW_STAY0031887 CW_STAY0031980, CW_STAY0032171 CW_STAY0032268.

[6] CW_STAY0005994 - CW_STAY0006905; CW_STAY0032269 - CW_STAY0033984, CW_STAY0043712 - CW_STAY0047979.

[7] HTA_STAY0000454 - HTA_STAY0000653, HTA_STAY0001027 - HTA_STAY0001034, HTA_STAY0007985, HTA_STAY0008374, HTA_STAY0011977 - HTA_STAY0012042, HTA_STAY0029582 - HTA_STAY0030010, HTA_STAY0030016 - HTA_STAY0030024 HTA_STAY0051048 - HTA_STAY0052438, HTA_STAY0050803 - HTA_STAY0051047, HTA_STAY0052303 - HTA_STAY0052948 - HTA_STAY0053033, HTA_STAY0055565, HTA_STAY0055605 - HTA_STAY0056078, HTA_STAY0056780 -HTA_STAY057322; CW_STAY0000995 - CW_STAY0001003.

[8] CW_STAY0048544 - CW_STAY0048546, CW_STAY0048568, CW_STAY0049478, CW_STAY0049730 - CW_STAY0049748.

[9] https://aafaf.pr.gov/financial-documents/treasury-single-account/.

[10] https://aafaf.pr.gov/financial-documents/government-of-puerto-rico-budget-to-actual-report-2a-1-4/.

[11] http://www.hacienda.gobierno.pr/inversionistas/estadisticas-y-recaudos-statistics-and-revenues/ingresos-netos-al-fondo-general-general-fund-net-revenues.

[12] http://www.hacienda.gobierno.pr/inversionistas/estadisticas-y-recaudos-statistics-and-revenues/ingresos-de-petroleo-crudo-y-productos-derivados-crude-oil-and-derived-products-revenues.

[13] http://www.hacienda.gobierno.pr/recaudos-de-arbitrios-y-unidades-de-vehiculos-de-motor-por-precio-contributivo.

DRA Ex. 420

to this Request on the ground that the time period of "July 2013 to the present," and the request for information "on a monthly basis," are overbroad and unduly burdensome.  AAFAF further objects to this Request on the ground that it seeks documents that are already available to the DRA Parties or that are publicly available.   Production of additional information would be disproportionate to the needs of the DRA Parties in this matter.  AAFAF further objects to this Request because, as of the date of the Qualifying Modification, GDB no longer holds the HTA Loans.  AAFAF objects to this Request on the ground that it seeks a legal conclusion.  AAFAF further objects to this Request to the extent that it seeks documents about monies that have been commingled.

Subject to and without waiving the foregoing general and specific objections, AAFAF responds as follows:

AAFAF directs the DRA Parties to the following materials:

- Bank account statements for GDB Accounts -0006,[14] -4276,[15] and -0208,[16] and Oriental Accounts -9874[17] and -2489,[18] produced in connection with the HTA Lift Stay Motion and HTA Adversary Proceeding.

- Vouchers and transfer orders (and similar materials), produced in connection with the HTA Lift Stay Motion and HTA Adversary Proceeding.[19]

---

[14] CW_STAY0005994 - CW_STAY0006905; CW_STAY0032269 - CW_STAY0033984, CW_STAY0043712 - CW_STAY0047979.
[15] HTA_STAY0012476 - HTA_STAY0012487; HTA_STAY0011917 - HTA_STAY0011966, HTA_STAY0050779 - HTA_STAY0050802, HTA_STAY0052618
[16] HTA_STAY0013057 - HTA_STAY0013169, HTA_STAY0050614 - HTA_STAY0050754.
[17] HTA_STAY0012043 - HTA_STAY0013449; HTA_STAY0023757, HTA_STAY0025874 - HTA_STAY0026659; HTA_STAY0028918 – HTA_STAY 0028953, HTA_STAY0030022 - HTA_STAY0030024, HTA_STAY0049975 – HTA_STAY0050082; HTA_STAY0052618.
[18] HTA_STAY0046975 - HTA_STAY0047130, HTA_STAY0049927 - HTA_STAY0050082, HTA_STAY0052524 - HTA_STAY0052947, HTA_STAY0054056 - HTA_STAY0054563
[19] HTA_STAY0000454 - HTA_STAY0000653, HTA_STAY0001027 - HTA_STAY0001034, HTA_STAY0007985, HTA_STAY0008374, HTA_STAY0011977 - HTA_STAY0012042, HTA_STAY0029582 - HTA_STAY0030010, HTA_STAY0030016 - HTA_STAY0030024 HTA_STAY0051048 - HTA_STAY0052438, HTA_STAY0050803 - HTA_STAY0051047, HTA_STAY0052303, HTA_STAY0052948 - HTA_STAY0053033,

DRA Ex. 420

- Exports from PRIFAS showing Fund 278 and Fund 793 transfers, produced in connection with the HTA Lift Stay Motion and HTA Adversary Proceeding.[20]

- Treasury Single Account reports, available on AAFAF's website.[21]

- The Commonwealth's and HTA's Budget to Actual reporting, available on AAFAF's website.[22]

AAFAF will conduct a reasonable search in centralized locations for documents sufficient to show the amounts of collections of Act 30-31 revenues provided to GDB in payment of the HTA Loans from January 2014 to the date of the Qualifying Modification.

## REQUEST FOR PRODUCTION NO. 3:

Documents that show or tend to show the impact (or lack of impact) of PROMESA on Commonwealth law governing a creditor's security or other pledge rights, with respect to the Act 30-31 Revenues and the priority and payment of obligations owed to any such creditor by an entity subject to a proceeding under PROMESA, including but not limited to: the First Moratorium Act and executive orders issued thereunder; Acts 30 and 31; and the appropriation, allocation, Flow of Funds, or use of revenues due to HTA generally.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

In addition to its General Objections, incorporated herein by this reference, AAFAF objects to this Request because it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. AAFAF further objects to this Request on the ground that it is vague and ambiguous. AAFAF further objects to this Request on the grounds that it seeks information regarding a legal

---

HTA_STAY0055565, HTA_STAY0055605 - HTA_STAY0056078, HTA_STAY0056780 -HTA_STAY057322; CW_STAY0000995 - CW_STAY0001003.

[20] CW_STAY0048544 - CW_STAY0048546, CW_STAY0048568, CW_STAY0049478, CW_STAY0049730 – CW_STAY0049748.

[21] https://aafaf.pr.gov/financial-documents/treasury-single-account/.

[22] https://aafaf.pr.gov/financial-documents/government-of-puerto-rico-budget-to-actual-report-2a-1-4/; https://aafaf.pr.gov/financial-documents/hta-quarterly-budget-to-actual-report/.

DRA Ex. 420

conclusion.

**REQUEST FOR PRODUCTION NO. 4:**

All drafts and comments to the Treasury Circular CC 1300-15-16, including but not limited to those concerning the order of priorities for the disbursement of Clawback funds.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

In addition to its General Objections, incorporated herein by this reference, AAFAF objects to this Request to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  AAFAF also objects to this Request on the ground it requests "[a]ll" documents, which is overbroad and unduly burdensome, rather than documents sufficient to show the requested information.  AAFAF also objects to this Request to the extent it seeks information about monies that are not Act 30-31 Revenues.  AAFAF further objects to this Request on the ground "drafts" and "comments" to Treasury Circular CC 1300-15-16 are not relevant to the parties' claims and objections in connection with the Plan of Adjustment, as drafts and comments to the circular letter would not be operative or binding.

**REQUEST FOR PRODUCTION NO. 5:**

HTA's budgets from FY2013 to the present, including but not limited to all draft and proposed budgets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

In addition to its General Objections, incorporated herein by this reference, AAFAF objects to this Request to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  AAFAF also objects to this Request to the extent that it seeks

DRA Ex. 420

information already available to the DRA Parties.  AAFAF further objects to this Request on the ground "drafts" and "proposed" budgets are not relevant to the parties' claims and objections in connection with the Plan of Adjustment, as drafts and proposed budgets would not be operative or binding.

Subject to and without waiving the foregoing general and specific objections, AAFAF responds as follows:

AAFAF directs the DRA Parties to the following materials:

- HTA's certified budgets for FY18, FY19, FY20, FY21, and FY22, available on the Oversight Board's website.[23]

- HTA's proposed budgets for FY18,[24] FY19,[25] FY20,[26] FY21,[27] and FY22,[28] available on the Commonwealth's website.

- HTA's budgets for FY13,[29] FY14,[30] FY15,[31] FY16,[32] and FY17,[33] available on the Commonwealth's website

- HTA financial statements for 2014 – 2019, available on AAFAF's website.[34]

---

[23] https://oversightboard.pr.gov/budgets-2/.
[24] https://presupuesto.pr.gov/PresupuestoRecomendado2017-2018/PresupuestosAgencias/Autoridad%20de%20Carreteras%20y%20Transportacion.pdf.
[25] https://presupuesto.pr.gov/presupuestoRecomendado2018-2019/PresupuestosAgencias/Autoridad%20de%20Carreteras%20y%20Transportacion.htm.
[26] https://presupuesto.pr.gov/Recomendado2019-2020/PresupuestosAgencias/AUTORIDAD%20DE%20CARRETERAS%20Y%20TRANSPORTACI%C3%93N.htm.
[27] https://presupuesto.pr.gov/PresupuestoAprobado2020-2021/PresupuestosAgencias/Autoridad%20de%20Carreteras%20y%20Transportaci%C3%B3n.htm.
[28] https://presupuesto.pr.gov/presupuestoPropuesto2021-2022/Presupuestos_Agencias_pdf/Autoridad%20de%20Carreteras%20y%20Transportaci%C3%B3n.pdf.
[29] https://presupuesto.pr.gov/presupuesto_aprobado_2012-2013/PresupuestoRecomendado2013/179.htm.
[30] https://presupuesto.pr.gov/Presupuesto2013-2014/PresupuestosAgencias/066.htm.
[31] https://presupuesto.pr.gov/PresupuestoAprobado2014-2015/PresupuestosAgencias/066.htm.
[32] https://presupuesto.pr.gov/PresupuestoAprobado2015-2016/PresupuestosAgencias/066.htm.
[33]
[34] https://aafaf.pr.gov/relations-articles/puerto-rico-highways-and-transportation-authority-hta/.

DRA Ex. 420

**REQUEST FOR PRODUCTION NO. 6:**

Financial statements for HTA from FY2013 to the present, including but not limited to all working drafts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

In addition to its General Objections, incorporated herein by this reference, AAFAF objects to this Request to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. AAFAF also objects to this Request to the extent that it seeks information already available to the DRA Parties. AAFAF further objects to this Request on the ground that "working drafts" are not relevant to the parties' claims and objections in connection with the Plan of Adjustment, as working drafts would not be operative or binding.

Subject to and without waiving the foregoing general and specific objections, AAFAF responds as follows:

AAFAF directs the DRA Parties to the financial statements for HTA from FY13,[35] FY14,[36] FY15,[37] FY16,[38] FY17,[39] FY18,[40] and FY19.[41] The financial statements for HTA for FY20 and FY21 have not yet issued.

**REQUEST FOR PRODUCTION NO. 7:**

All documents concerning whether or not the Commonwealth had a balanced budget for each fiscal year from FY2016 to the present, including but not limited to any analyses, discussion, or examination of this issue.

---

[35] https://emma.msrb.org/ER936205-ER731503-ER1133034.pdf.
[36] https://emma.msrb.org/ER936205-ER731503-ER1133034.pdf.
[37] https://emma.msrb.org/ER1089683-ER852839-ER1253458.pdf.
[38] https://emma.msrb.org/ES1151680-ES900655-ES1301891.pdf.
[39] https://emma.msrb.org/ES1262185-ES987976-ES1389330.pdf.
[40] https://emma.msrb.org/ER1217970-ER953532-ER1354539.pdf.
[41] https://emma.msrb.org/P11577055.pdf.

DRA Ex. 420

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

In addition to its General Objections, incorporated herein by this reference, AAFAF objects to this Request to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. AAFAF also objects to this Request on the ground it requests "[a]ll" documents, which is overbroad and unduly burdensome, rather than documents sufficient to show the requested information. AAFAF also objects to this Request to the extent that it seeks information already available to the DRA Parties. AAFAF further objects to this Request on the ground that documents "concerning" or containing "analyses, discussion, or examination" of whether or not the Commonwealth had a balanced budget is overbroad and not relevant to the parties' claims or defenses.

Subject to and without waiving the foregoing general and specific objections, AAFAF responds as follows:

AAFAF directs the DRA Parties to publicly available materials detailing the Commonwealth's budget, revenues, and expenses, including:

- Budget and Fiscal Plan materials available on the Commonwealth's,[42] AAFAF's,[43] and the Oversight Board's[44] websites.

- Commonwealth financial statements for FY16,[45] FY17,[46] and FY18.[47]

---

[42] https://presupuesto.pr.gov/PresupuestoPropuesto2021-2022/Pages/default.aspx;
https://presupuesto.pr.gov/Pages/PRESUPUESTOSANTERIORES.aspx.
[43] https://aafaf.pr.gov/financial-documents/fiscal-plans/; https://aafaf.pr.gov/financial-documents/budgets/.
[44] https://oversightboard.pr.gov/.
[45] http://www.hacienda.gobierno.pr/sites/default/files/commonwealth_of_puertorico_2016_audited_fs_5-3-2019_0.pdf.
[46] http://www.hacienda.gobierno.pr/sites/default/files/ff_115399i-1a_commonwealthofpuertorico_fs.pdf.
[47] https://www.aafaf.pr.gov/wp-content/uploads/Commonwealth-PR-2018-Audited-Fin-Stmt.pdf.

19

- Treasury Single Account reporting, Bank Account Balance reporting, Budget to Actual reporting,[48] and Treasury's financial reporting.[49]

- Treasury's general fund revenue reporting.[50]

## REQUEST FOR PRODUCTION NO. 8:

All documents concerning any analyses, discussion, or examination for each fiscal year from FY2016 to the present, of whether or not the available revenues of the Commonwealth were insufficient to meet the appropriations made for that fiscal year.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

In addition to its General Objections, incorporated herein by this reference, AAFAF objects to this Request to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. AAFAF also objects to this Request on the ground it requests "[a]ll" documents, which is overbroad and unduly burdensome, rather than documents sufficient to show the requested information. AAFAF also objects to this Request to the extent that it seeks information already available to the DRA Parties. AAFAF further objects to this Request on the ground that documents "concerning" or containing "analyses, discussion, or examination" of "whether or not the available revenues of the Commonwealth were insufficient to meet the appropriations made for that fiscal year" is vague, overbroad and not relevant to the parties' claims or defenses.

Subject to and without waiving the foregoing general and specific objections, AAFAF responds as follows:

---

[48] https://aafaf.pr.gov/financial-documents/.
[49] http://www.hacienda.gobierno.pr/inversionistas-investors.
[50] http://www.hacienda.gobierno.pr/inversionistas/estadisticas-y-recaudos-statistics-and-revenues/ingresos-netos-al-fondo-general-general-fund-net-revenues.

DRA Ex. 420

AAFAF directs the DRA Parties to publicly available materials detailing the Commonwealth's budget, revenues, and expenses, including:

- Budget and Fiscal Plan materials available on the Commonwealth's,[51] AAFAF's,[52] and the Oversight Board's[53] websites.

- Commonwealth financial statements for FY16,[54] FY17,[55] and FY18.[56]

- Treasury Single Account reporting, Bank Account Balance reporting, Budget to Actual reporting,[57] and Treasury financial reporting.[58]

- Treasury's general fund revenue reporting.[59]

**REQUEST FOR PRODUCTION NO. 9:**

All documents concerning any analyses, discussion, or examination, for each fiscal year from FY2016 to the present, evaluating the amounts to retain in order for there to be sufficient available revenue to meet the appropriations made for that fiscal year.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

In addition to its General Objections, incorporated herein by this reference, AAFAF objects to this Request to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. AAFAF also objects to this Request on the ground it requests "[a]ll"

---

[51] https://presupuesto.pr.gov/PresupuestoPropuesto2021-2022/Pages/default.aspx;
https://presupuesto.pr.gov/Pages/PRESUPUESTOSANTERIORES.aspx.
[52] https://aafaf.pr.gov/financial-documents/fiscal-plans/; https://aafaf.pr.gov/financial-documents/budgets/.
[53] https://oversightboard.pr.gov/.
[54] http://www.hacienda.gobierno.pr/sites/default/files/commonwealth_of_puertorico_2016_audited_fs_5-3-2019_0.pdf.
[55] http://www.hacienda.gobierno.pr/sites/default/files/ff_115399i-1a_commonwealthofpuertorico_fs.pdf.
[56] https://www.aafaf.pr.gov/wp-content/uploads/Commonwealth-PR-2018-Audited-Fin-Stmt.pdf.
[57] https://aafaf.pr.gov/financial-documents/.
[58] http://www.hacienda.gobierno.pr/inversionistas-investors.
[59] http://www.hacienda.gobierno.pr/inversionistas/estadisticas-y-recaudos-statistics-and-revenues/ingresos-netos-al-fondo-general-general-fund-net-revenues.

documents, which is overbroad and unduly burdensome, rather than documents sufficient to show the requested information. AAFAF also objects to this Request to the extent that it seeks information already available to the DRA Parties. AAFAF further objects to this Request on the ground that documents "concerning" or containing "analyses, discussion, or examination" of "the amounts to retain in order for there to be sufficient available revenue to meet the appropriations made for that fiscal year" is vague, overbroad and not relevant to the parties' claims or defenses.

Subject to and without waiving the foregoing general and specific objections, AAFAF responds as follows:

AAFAF directs the DRA Parties to publicly available materials detailing the Commonwealth's budget, revenues, and expenses, including:

- Budget and Fiscal Plan materials available on the Commonwealth's,[60] AAFAF's,[61] and the Oversight Board's[62] websites.

- Commonwealth financial statements FY16,[63] FY17,[64] and FY18.[65]

- Treasury Single Account reporting, Bank Account Balance reporting, Budget to Actual reporting,[66] and Treasury financial reporting.[67]

- Treasury's general fund revenue reporting.[68]

---

[60] https://presupuesto.pr.gov/PresupuestoPropuesto2021-2022/Pages/default.aspx;
https://presupuesto.pr.gov/Pages/PRESUPUESTOSANTERIORES.aspx.
[61] https://aafaf.pr.gov/financial-documents/fiscal-plans/; https://aafaf.pr.gov/financial-documents/budgets/.
[62] https://oversightboard.pr.gov/.
[63] http://www.hacienda.gobierno.pr/sites/default/files/commonwealth_of_puertorico_2016_audited_fs_5-3-2019_0.pdf.
[64] http://www.hacienda.gobierno.pr/sites/default/files/ff_115399i-1a_commonwealthofpuertorico_fs.pdf.
[65] https://www.aafaf.pr.gov/wp-content/uploads/Commonwealth-PR-2018-Audited-Fin-Stmt.pdf.
[66] https://aafaf.pr.gov/financial-documents/.
[67] http://www.hacienda.gobierno.pr/inversionistas-investors.
[68] http://www.hacienda.gobierno.pr/inversionistas/estadisticas-y-recaudos-statistics-and-revenues/ingresos-netos-al-fondo-general-general-fund-net-revenues.

DRA Ex. 420

**REQUEST FOR PRODUCTION NO. 10:**

Documents sufficient to identify, for each fiscal year from FY2016 to the present, the amounts retained, diverted, or collected from HTA under the Clawback, and documents sufficient to identify where such amounts were taken from and where such amounts were transferred to.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

In addition to its General Objections, incorporated herein by this reference, AAFAF objects to this Request to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. AAFAF also objects to this Request to the extent it seeks information about monies that are not Act 30-31 Revenues. AAFAF further objects to this Request on the ground that it seeks documents that are already available to the DRA Parties or that are publicly available. Production of additional information would be disproportionate to the needs of the DRA Parties in this matter. AAFAF also objects to this Request on the grounds it is vague and ambiguous insofar as it seeks discovery regarding "where such amounts were taken from and where such amounts were transferred to" without defining those terms.

Subject to and without waiving the foregoing general and specific objections, AAFAF responds as follows:

AAFAF directs the DRA Parties to the following materials:

- Bank account statements for GDB Accounts -0006[69] and -6048,[70] and Banco

---

[69] CW_STAY0005994 - CW_STAY0006905; CW_STAY0032269 - CW_STAY0033984, CW_STAY0043712 - CW_STAY0047979.
[70] CW_STAY0010544 - CW_STAY0010547, CW_STAY0034114.

23

DRA Ex. 420

Popular Accounts -9857[71] and -9458,[72] produced in connection with the HTA Lift Stay Motion and HTA Adversary Proceeding.

- Vouchers and transfer orders (and similar materials), produced in connection with the HTA Lift Stay Motion and HTA Adversary Proceeding.[73]

---

[71] CW_STAY0015094; CW_STAY0015440; CW_STAY0015865 - CW_STAY0015866; CW_STAY0016427 - CW_STAY0016428; CW_STAY0016909 - CW_STAY0016910; CW_STAY0017313 - CW_STAY0017314; CW_STAY0017789 - CW_STAY0017790; CW_STAY0018237 - CW_STAY0018238; CW_STAY0018673 - CW_STAY0018674; CW_STAY0019069 - CW_STAY0019070; CW_STAY0019499 - CW_STAY0019500; CW_STAY0019895 - CW_STAY0019896; CW_STAY0020295 - CW_STAY0020296; CW_STAY0020765 - CW_STAY0020766; CW_STAY0021227 - CW_STAY0021228; CW_STAY0021693 - CW_STAY0021694; CW_STAY0022203 - CW_STAY0022204; CW_STAY0022564 - CW_STAY0022565; CW_STAY0022988 - CW_STAY0022989; CW_STAY0023224 - CW_STAY0023225; CW_STAY0023414 - CW_STAY0023415; CW_STAY0023686 - CW_STAY0023687; CW_STAY0023994 - CW_STAY0023995; CW_STAY0024324 - CW_STAY0024325; CW_STAY0024636 - CW_STAY0024637; CW_STAY0024974 - CW_STAY0024975; CW_STAY0025318; CW_STAY0025665; CW_STAY0026006; CW_STAY0026301; CW_STAY0026626; CW_STAY0026917; CW_STAY0027240; CW_STAY0027519 - CW_STAY0027520; CW_STAY0027813 - CW_STAY0027814; CW_STAY0028097 - CW_STAY0028098; CW_STAY0028389 - CW_STAY0028390; CW_STAY0028735; CW_STAY0029076; CW_STAY0029439; CW_STAY0029780; CW_STAY0030127 - CW_STAY0030128; CW_STAY0030453 - CW_STAY0030454; CW_STAY0030779 - CW_STAY0030780; CW_STAY0031129 - CW_STAY0031130; CW_STAY0031413 - CW_STAY0031414; CW_STAY0031725 - CW_STAY0031726; CW_STAY0031981 - CW_STAY0031982.

[72] CW_STAY000022 - CW_STAY000149, CW_STAY0006906 - CW_STAY0009481, CW_STAY0015439- CW_STAY0015439, CW_STAY0015785-CW_STAY0015864, CW_STAY0016203-CW_STAY0016314, CW_STAY0016315-CW_STAY0016426, CW_STAY0016773-CW_STAY0016908, CW_STAY0017211- CW_STAY0017312, CW_STAY0017671-CW_STAY0017788, CW_STAY0018119- CW_STAY0018236, CW_STAY0018563-CW_STAY0018672, CW_STAY0018967-CW_STAY0019068, CW_STAY0019387- CW_STAY0019498, CW_STAY0019793-CW_STAY0019894, CW_STAY0020189-CW_STAY0020294, CW_STAY0020633-CW_STAY0020764, CW_STAY0021059-CW_STAY0021114, CW_STAY0021115- CW_STAY0021226, CW_STAY0021557-CW_STAY0021692, CW_STAY0022015-CW_STAY0022134, CW_STAY0022135-CW_STAY0022202, CW_STAY0022465-CW_STAY0022560, CW_STAY0022874- CW_STAY0022987, CW_STAY0023138-CW_STAY0023223, CW_STAY0023330-CW_STAY0023413, CW_STAY0023580-CW_STAY0023685, CW_STAY0023892-CW_STAY0023993, CW_STAY0024220- CW_STAY0024323, CW_STAY0024534-CW_STAY0024635, CW_STAY0024866-CW_STAY0024973, CW_STAY0025216-CW_STAY0025317, CW_STAY0025551-CW_STAY0025664,CW_STAY0025886- CW_STAY0026005, CW_STAY0026191-CW_STAY0026300, CW_STAY0026506-CW_STAY0026625, CW_STAY0026807-CW_STAY0026916, CW_STAY0027122-CW_STAY0027239, CW_STAY0027417 CW_STAY0027518, CW_STAY0027701-CW_STAY0027812, CW_STAY0027991- CW_STAY0028096, CW_STAY0028279-CW_STAY0028388, CW_STAY0028595-CW_STAY0028734, CW_STAY0028960- CW_STAY0029075, CW_STAY0029297-CW_STAY0029438, CW_STAY0029656-CW_STAY0029779, CW_STAY0030009-CW_STAY0030126, CW_STAY0030345-CW_STAY0030452, CW_STAY0030659- CW_STAY0030778, CW_STAY0031005-CW_STAY0031128, CW_STAY0031315-CW_STAY0031412, CW_STAY0031607-CW_STAY0031724, CW_STAY0031887 CW_STAY0031980, CW_STAY0032171 CW_STAY0032268.

[73] HTA_STAY0000454 - HTA_STAY0000653, HTA_STAY0001027 - HTA_STAY0001034, HTA_STAY0007985, HTA_STAY0008374, HTA_STAY0011977 - HTA_STAY0012042, HTA_STAY0029582 - HTA_STAY0030010, HTA_STAY0030016 - HTA_STAY0030024 HTA_STAY0051048 - HTA_STAY0052438, HTA_STAY0050803 - HTA_STAY0051047, HTA_STAY0052303, HTA_STAY0052948 - HTA_STAY0053033, HTA_STAY0055565, HTA_STAY0055605 - HTA_STAY0056078, HTA_STAY0056780 -HTA_STAY057322; CW_STAY0000995 - CW_STAY0001003.

24

- Moratoria schedules detailing retention of funds under the Clawback, produced in connection with the HTA Lift Stay Motion and HTA Adversary Proceeding.[74]

- Treasury Single Account reports, available on AAFAF's website.[75]

- Budget to Actual reporting, available on AAFAF's website.[76]

- General fund revenue reporting,[77] crude oil revenue reporting,[78] and motor vehicle collections reporting,[79] available on Treasury's website.

## REQUEST FOR PRODUCTION NO. 11:

Documents sufficient to identify, for each fiscal year from FY2016 to the present, the amounts of Clawback funds the Government Entities used for the payment of General Obligation Debt and where such amounts were taken from.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

AAFAF objects to this Request on the ground that it seeks documents already available to the DRA Parties. AAFAF also objects to this Request to the extent it seeks information about monies that are not Act 30-31 Revenues. AAFAF also objects to this Request on the grounds it is vague and ambiguous because it uses the term "Government Entities" without defining that term. Further, AAFAF objects to this Request on the grounds it is vague and ambiguous insofar as it seeks discovery regarding "where such amounts were taken from."

Subject to and without waiving the foregoing general and specific objections, AAFAF responds as follows:

The Commonwealth has made one payment of General Obligation Debt using

---

[74] HTA_STAY0000001 - HTA_STAY0000015, CW_STAY0049269.

[75] https://aafaf.pr.gov/financial-documents/treasury-single-account/.

[76] https://aafaf.pr.gov/financial-documents/government-of-puerto-rico-budget-to-actual-report-2a-1-4/.

[77] http://www.hacienda.gobierno.pr/inversionistas/estadisticas-y-recaudos-statistics-and-revenues/ingresos-netos-al-fondo-general-general-fund-net-revenues.

[78] http://www.hacienda.gobierno.pr/inversionistas/estadisticas-y-recaudos-statistics-and-revenues/ingresos-de-petroleo-crudo-y-productos-derivados-crude-oil-and-derived-products-revenues.

[79] http://www.hacienda.gobierno.pr/recaudos-de-arbitrios-y-unidades-de-vehiculos-de-motor-por-precio-contributivo.

DRA Ex. 420

$163,940,875.30 worth of Clawback funds from the Clawback Account (GDB Account No. -6048), in January 2016. CW_STAY0010544.[80] It is public knowledge that no payments have been made to General Obligation Debt since January 2016. AAFAF further directs the DRA Parties to the following materials:

- Bank account statements for GDB Accounts -0006[81] and -6048,[82] produced in connection with the HTA Lift Stay Motion and HTA Adversary Proceeding.

- Transfer orders directing transfer of monies to GDB Account -6048, produced in connection with the HTA Lift Stay Motion and HTA Adversary Proceeding.[83]

**REQUEST FOR PRODUCTION NO. 12:**

Documents sufficient to identify, for each fiscal year from FY2016 to the present, the amounts of Clawback funds the Government Entities disbursed for uses other than the payment of General Obligation Debt, as well as documents sufficient to identify each such other uses and where such amounts were taken from.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

AAFAF objects to this Request on the ground that it seeks documents already available to the DRA Parties. AAFAF further objects to this Request because Clawback funds are commingled in the TSA. AAFAF also objects to this Request to the extent it seeks information about monies that are not Act 30-31 Revenues. AAFAF further objects to this Request on the ground that it seeks documents that are already available to the DRA Parties or that are publicly available. Production of additional information would be disproportionate to the needs of the DRA Parties in this matter. AAFAF also objects to the phrase "disbursed for uses other than the payment of

---

[80] These funds were transferred to the TSA (GDB Account No. -0006). A payment was then made from the TSA for General Obligation Debt in the amount of $328,745,861.80. CW_STAY0006752.
[81] CW_STAY0005994 - CW_STAY0006905; CW_STAY0032269 - CW_STAY0033984, CW_STAY0043712 - CW_STAY0047979.
[82] CW_STAY0010544 - CW_STAY0010547, CW_STAY0034114.
[83] CW_STAY0000995 - CW_STAY0001003; HTA_STAY0000603, HTA_STAY0001027 - HTA_STAY0001034.

DRA Ex. 420

General Obligation Debt" as vague and ambiguous. AAFAF also objects to the extent this Request requires AAFAF to make a legal conclusion. AAFAF also objects to this Request on the grounds it is vague and ambiguous because it uses the term "Government Entities" without defining that term. Further, AAFAF objects to this Request on the grounds it is vague and ambiguous insofar as it seeks discovery regarding "where such amounts were taken from."

Subject to and without waiving the foregoing general and specific objections, AAFAF responds as follows:

AAFAF directs the DRA Parties to the Commonwealth's certified Fiscal Plans and Budgets, available on the Oversight Board's website.[84]

**REQUEST FOR PRODUCTION NO. 13:**

All documents concerning what qualifies as Essential Services, including but not limited to memoranda, policies, procedures, and guidelines.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

In addition to its General Objections, incorporated herein by this reference, AAFAF objects to this Request because it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. AAFAF also objects to this Request on the ground it requests "[a]ll" documents, which is overbroad and unduly burdensome, rather than documents sufficient to show the requested information. AAFAF further objects to this Request to the extent it seeks documents more appropriately sought from the Oversight Board. The Oversight Board, and not AAFAF, is charged by PROMESA with certifying fiscal plans providing for essential services.

In addition, AAFAF objects to this Request because the Disclosure Statement and the Plan

---

[84] https://oversightboard.pr.gov/.

DRA Ex. 420

of Adjustment do not define "essential services," for the reasons explained by the Disclosure

Statement (Disclosure Statement at 195-97). AAFAF further objects to this Request because the

elected Government prepares draft Fiscal Plans and Budgets with the goal of striving to adequately

fund public services to the best of its ability, given the resources available. AAFAF, however,

does not concede that the funding levels reflected in the certified Fiscal Plans and Budgets are

sufficient to adequately fund the Government consistent with the policy goals of the elected

Government that are vital to ensuring a durable, prosperous economy for the benefit of the people

of Puerto Rico.

Subject to and without waiving the foregoing general and specific objections, AAFAF

responds as follows:

AAFAF directs the DRA Parties to the Commonwealth's certified Fiscal Plans and

Budgets, available on the Oversight Board's website.[85]

**REQUEST FOR PRODUCTION NO. 14:**

Documents sufficient to identify, on a monthly basis from November 2015 to the present, the nature and amounts of expenditures for Essential Services by the Commonwealth and by HTA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

In addition to its General Objections, incorporated herein by this reference, AAFAF objects

to this Request because it seeks documents protected by the Attorney-Client Privilege, Attorney

Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest

Privilege, or any other applicable privileges, doctrines, or immunities protecting information from

disclosure. AAFAF further objects to this Request to the extent it seeks documents more

appropriately sought from the Oversight Board. The Oversight Board, and not AAFAF, is charged

by PROMESA with certifying fiscal plans providing for essential services.

---

[85] https://oversightboard.pr.gov/.

DRA Ex. 420

In addition, AAFAF objects to this Request because the Disclosure Statement and the Plan

of Adjustment do not define "essential services," for the reasons explained by the Disclosure

Statement (Disclosure Statement at 195-97). AAFAF further objects to this Request because the

elected Government prepares draft Fiscal Plans and Budgets with the goal of striving to adequately

fund public services to the best of its ability, given the resources available. AAFAF, however,

does not concede that the funding levels reflected in the certified Fiscal Plans and Budgets are

sufficient to adequately fund the Government consistent with the policy goals of the elected

Government that are vital to ensuring a durable, prosperous economy for the benefit of the people

of Puerto Rico.

Subject to and without waiving the foregoing general and specific objections, AAFAF

responds as follows:

AAFAF directs the DRA Parties to the Commonwealth's certified Fiscal Plans and

Budgets, available on the Oversight Board's website.[86]

**REQUEST FOR PRODUCTION NO. 15:**

All documents concerning the criteria, requirements, and conditions for identifying or
selecting which revenues would be subject to the Clawback, including but not limited to revenues
due to HTA and the Act 30-31 Revenues, including but not limited to memoranda, policies,
procedures, and guidelines.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

In addition to its General Objections, incorporated herein by this reference, AAFAF objects

to this Request because it seeks documents protected by the Attorney-Client Privilege, Attorney

Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest

Privilege, or any other applicable privileges, doctrines, or immunities protecting information from

disclosure. AAFAF also objects to this Request on the ground it requests "[a]ll" documents, which

---

[86] https://oversightboard.pr.gov/.

DRA Ex. 420

is overbroad and unduly burdensome, rather than documents sufficient to show the requested information.  AAFAF also objects to this Request to the extent that it seeks documents already available to the DRA Parties.  AAFAF further objects to this Request on the ground that it is overbroad and not relevant to the parties' claims or objections in connection with the Plan of Adjustment.  AAFAF also objects to this Request to the extent it seeks information about monies that are not Act 30-31 Revenues.

**REQUEST FOR PRODUCTION NO. 16:**

All documents concerning the treatment, use, classification, and financial recording of Clawback funds, including but not limited to all documents concerning the execution, implementation of, and compliance with Executive Orders 2015-46, 2016-30, and 2016-31, and including but not limited to memoranda, policies, procedures, and guidelines.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

In addition to its General Objections, incorporated herein by this reference, AAFAF objects to this Request because it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  AAFAF also objects to this Request on the ground it requests "[a]ll" documents, which is overbroad and unduly burdensome, rather than documents sufficient to show the requested information.  AAFAF also objects to this Request to the extent it seeks information about monies that are not Act 30-31 Revenues.  AAFAF also objects to this Request to the extent that it seeks documents already available to the DRA Parties.  AAFAF also objects to this Request as vague and ambiguous because it seeks discovery regarding "the treatment, use, classification, and financial recording" of certain funds without defining those terms.

Subject to and without waiving the foregoing general and specific objections, AAFAF responds as follows:

DRA Ex. 420

AAFAF directs the DRA Parties to the following materials:

- Commonwealth financial statements for FY16,[87] FY17,[88] and FY18.[89]

- Treasury Single Account reporting, Bank Account Balance reporting, Budget to Actual reporting,[90] and Treasury financial reporting.[91]

- Exports from PRIFAS showing Fund 278 and Fund 793 transfers, produced in connection with the HTA Lift Stay Motion and HTA Adversary Proceeding.[92]

- PRIFAS Manuals, produced in connection with the HTA Lift Stay Motion and HTA Adversary Proceeding.[93]

- Productions of the following auditors: BDO,[94] RSM,[95] E&Y,[96] and KPMG,[97] produced in connection with the HTA Adversary Proceeding and PRIFA Adversary Proceeding.

**REQUEST FOR PRODUCTION NO. 17:**

Documents sufficient to identify, on a monthly basis, from FY2013 to the present, any Act 30-31 Revenues that were transferred to HTA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

In addition to its General Objections, incorporated herein by this reference, AAFAF objects

to this Request to the extent it seeks documents protected by the Attorney-Client Privilege,

---

[87] http://www.hacienda.gobierno.pr/sites/default/files/commonwealth_of_puertorico_2016_audited_fs_5-3-2019_0.pdf.
[88] http://www.hacienda.gobierno.pr/sites/default/files/ff_115399i-1a_commonwealthofpuertorico_fs.pdf.
[89] https://www.aafaf.pr.gov/wp-content/uploads/Commonwealth-PR-2018-Audited-Fin-Stmt.pdf.
[90] https://aafaf.pr.gov/financial-documents/.
[91] http://www.hacienda.gobierno.pr/inversionistas-investors.
[92] CW_STAY0048544 - CW_STAY0048546, CW_STAY0048568, CW_STAY0049478, CW_STAY0049730 - CW_STAY0049748.
[93] CW_STAY0048305 - CW_STAY0048543.
[94] BDO PR_00001 – BDO PR_002707.
[95] 3P_RSM_0000001 – 3P_RSM_0001106.
[96] EY-PRHTA-00000001 – EY-PRHTA-00000128.
[97] KPMG-CPR-0000001 – KPMG-CPR-0001626.

DRA Ex. 420

Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

AAFAF further objects to this Request on the ground that the time period of "FY2013 to the present," and the request for information "on a monthly basis," are overbroad and unduly burdensome. AAFAF further objects to this Request on the ground that it seeks documents that are already available to the DRA Parties or that are publicly available. Production of additional information would be disproportionate to the needs of the DRA Parties in this matter.

Subject to and without waiving the foregoing general and specific objections, AAFAF responds as follows:

AAFAF directs the DRA Parties to the following materials:

- Bank account statements for GDB Accounts -0006,[98] -4276,[99] and -0208,[100] and Oriental Accounts -9874[101] and -2489,[102] produced in connection with the HTA Lift Stay Motion and HTA Adversary Proceeding.

- Vouchers and transfer orders (and similar materials), produced in connection with the HTA Lift Stay Motion and HTA Adversary Proceeding.[103]

---

[98] CW_STAY0005994 - CW_STAY0006905; CW_STAY0032269 - CW_STAY0033984, CW_STAY0043712 - CW_STAY0047979.
[99] HTA_STAY0012476 - HTA_STAY0012487; HTA_STAY0011917 - HTA_STAY0011966, HTA_STAY0050779 - HTA_STAY0050802, HTA_STAY0052618
[100] HTA_STAY0013057 - HTA_STAY0013169, HTA_STAY0050614 - HTA_STAY0050754.
[101] HTA_STAY0012043 - HTA_STAY0013449; HTA_STAY0023757, HTA_STAY0025874 - HTA_STAY0026659; HTA_STAY0028918 – HTA STAY 0028953, HTA_STAY0030022 - HTA_STAY0030024, HTA_STAY0049975 – HTA_STAY0050082; HTA_STAY0052618.
[102] HTA_STAY0046975 - HTA_STAY0047130, HTA_STAY0049927 - HTA_STAY0050082, HTA_STAY0052524 - HTA_STAY0052947, HTA_STAY0054056 - HTA_STAY0054563
[103] HTA_STAY0000454 - HTA_STAY0000653, HTA_STAY0001027 - HTA_STAY0001034, HTA_STAY0007985, HTA_STAY0008374, HTA_STAY0011977 - HTA_STAY0012042, HTA_STAY0029582 - HTA_STAY0030010, HTA_STAY0030016 - HTA_STAY0030024 HTA_STAY0051048 - HTA_STAY0052438, HTA_STAY0050803 - HTA_STAY0051047, HTA_STAY0052303 - HTA_STAY0052948 - HTA_STAY0053033, HTA_STAY0055565, HTA_STAY0055605 - HTA_STAY0056078, HTA_STAY0056780 -HTA_STAY057322; CW_STAY0000995 - CW_STAY0001003.

DRA Ex. 420

- Exports from PRIFAS showing Fund 278 and Fund 793 transfers, including transfers to HTA, produced in connection with the HTA Lift Stay Motion and HTA Adversary Proceeding.[104]

- Treasury Single Account reports, available on AAFAF's website.[105]

- The Commonwealth's and HTA's Budget to Actual reporting, available on AAFAF's website.[106]

## REQUEST FOR PRODUCTION NO. 18:

Documents sufficient to identify, on a monthly basis, from FY2013 to the present, the nature and extent of HTA's use of any Act 30-31 Revenues that were transferred to HTA.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

In addition to its General Objections, incorporated herein by this reference, AAFAF objects to this Request to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

AAFAF further objects to this Request on the ground that the time period of "FY2013 to the present," and the request for information "on a monthly basis," are overbroad and unduly burdensome. AAFAF further objects to this Request on the ground that it seeks documents that are already available to the DRA Parties or that are publicly available. Production of additional information would be disproportionate to the needs of the DRA Parties in this matter. AAFAF further objects to this Request on the ground that documents regarding "HTA's use of any Act 30-

---

[104] HTA_STAY0046975 - HTA_STAY0047130, HTA_STAY0049927 – HTA_STAY0050082, HTA_STAY0052524 - HTA_STAY0052947, HTA_STAY0054056 - HTA_STAY0054563
[105] https://aafaf.pr.gov/financial-documents/treasury-single-account/.
[106] https://aafaf.pr.gov/financial-documents/government-of-puerto-rico-budget-to-actual-report-2a-1-4/; https://aafaf.pr.gov/financial-documents/hta-quarterly-budget-to-actual-report/.

DRA Ex. 420

31 Revenues that were transferred to HTA" are not relevant to the parties' claims or objections in connection with the Plan of Adjustment.

Subject to and without waiving the foregoing general and specific objections, AAFAF responds as follows:

AAFAF directs the DRA Parties to the following materials:

- Bank account statements for GDB Accounts -0006,[107] -4276,[108] and -0208,[109] and Oriental Accounts -9874[110] and -2489,[111] produced in connection with the HTA Lift Stay Motion and HTA Adversary Proceeding.

- Vouchers and transfer orders (and similar materials), produced in connection with the HTA Lift Stay Motion and HTA Adversary Proceeding.[112]

- Exports from PRIFAS showing Fund 278 and Fund 793 transfers, including transfers to HTA, produced in connection with the HTA Lift Stay Motion and HTA Adversary Proceeding.[113]

- Treasury Single Account reports, available on AAFAF's website.[114]

---

[107] CW_STAY0005994 - CW_STAY0006905; CW_STAY0032269 - CW_STAY0033984, CW_STAY0043712 - CW_STAY0047979.
[108] HTA_STAY0012476 - HTA_STAY0012487; HTA_STAY0011917 - HTA_STAY0011966, HTA_STAY0050779 - HTA_STAY0050802, HTA_STAY0052618
[109] HTA_STAY0013057 - HTA_STAY0013169, HTA_STAY0050614 - HTA_STAY0050754.
[110] HTA_STAY0012043 - HTA_STAY0013449; HTA_STAY0023757, HTA_STAY0025874 - HTA_STAY0026659; HTA_STAY0028918 – HTA STAY 0028953, HTA_STAY0030022 - HTA_STAY0030024, HTA_STAY0049975 – HTA_STAY0050082; HTA_STAY0052618.
[111] HTA_STAY0046975 - HTA_STAY0047130, HTA_STAY0049927 - HTA_STAY0050082, HTA_STAY0052524 - HTA_STAY0052947, HTA_STAY0054056 - HTA_STAY0054563
[112] HTA_STAY0000454 - HTA_STAY0000653, HTA_STAY0001027 - HTA_STAY0001034, HTA_STAY0007985, HTA_STAY0008374, HTA_STAY0011977 - HTA_STAY0012042, HTA_STAY0029582 - HTA_STAY0030010, HTA_STAY0030016 - HTA_STAY0030024 HTA_STAY0051048 - HTA_STAY0052438, HTA_STAY0050803 - HTA_STAY0051047, HTA_STAY0052303, HTA_STAY0052948 - HTA_STAY0053033, HTA_STAY0055565, HTA_STAY0055605 - HTA_STAY0056078, HTA_STAY0056780 -HTA_STAY057322; CW_STAY0000995 - CW_STAY0001003.
[113] HTA_STAY0046975 - HTA_STAY0047130, HTA_STAY0049927 - HTA_STAY0050082, HTA_STAY0052524 - HTA_STAY0052947, HTA_STAY0054056 - HTA_STAY0054563
[114] https://aafaf.pr.gov/financial-documents/treasury-single-account/.

- The Commonwealth's and HTA's Budget to Actual reporting, available on

  AAFAF's website.[115]

**REQUEST FOR PRODUCTION NO. 19:**

All documents concerning the treatment, use, classification, and financial recording of revenue identified as "transit fines" (in Spanish, multas de tránsito), for example, in HTA_STAY0051890 and HTA_STAY0051893.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

In addition to its General Objections, incorporated herein by this reference, AAFAF objects

to this Request to the extent it seeks documents protected by the Attorney-Client Privilege,

Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common

Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting

information from disclosure.  AAFAF also objects to this Request on the ground it requests "[a]ll"

documents, which is overbroad and unduly burdensome, rather than documents sufficient to show

the requested information.  AAFAF further objects to this Request on the ground that it seeks

documents already available to the DRA Parties.  AAFAF further objects to this Request on the

ground that it seeks information about monies that are not Act 30-31 Revenues.  AAFAF further

objects to this Request because documents concerning "multas de tránsito" are not relevant to the

parties' claims or objections in connection with the Plan of Adjustment.

**REQUEST FOR PRODUCTION NO. 20:**

All documents concerning the accounts at the financial institutions listed on the attached Exhibit A, including but not limited to bank account statements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

In addition to its General Objections, incorporated herein by this reference, AAFAF objects

---

[115] https://aafaf.pr.gov/financial-documents/government-of-puerto-rico-budget-to-actual-report-2a-1-4/;
https://aafaf.pr.gov/financial-documents/hta-quarterly-budget-to-actual-report/.

DRA Ex. 420

to this Request to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. AAFAF also objects to this Request on the ground it requests "[a]ll" documents, which is overbroad and unduly burdensome, rather than documents sufficient to show the requested information. AAFAF further objects to this Request on the ground that it seeks documents already available to the DRA Parties. AAFAF further objects to this Request on the ground that it seeks information about monies that are not Act 30-31 Revenues. AAFAF further objects to this Request on the ground that documents "concerning" financial institution accounts are overbroad and not relevant to the parties' claims or objections in connection with the Plan of Adjustment. AAFAF objects to this Request on the grounds that it seeks a legal conclusion. AAFAF further objects to this Request to the extent that it seeks documents about monies that have been commingled.

AAFAF further objects to Exhibit A's requests for bank statements that "mention or concern 'PRIFA 15,' 'PRIFAPRHTA 15,' 'PRIFA REV BND 2015A,' 'PRIFA BAN 2015 DTF,' 'PRIFA,' or 'other similar designations'"; "[b]ank account summaries"; "[i]ndex of all general ledger account numbers for cash, cash equivalent and investments accounts used by HTA"; documents relating to bank statements "receiving or sending funds" from certain BNY Mellon bank accounts; documents related to "BNY Mellon" and "non-BNY Mellon" bank accounts "used to make principal or interest payments on HTA loans, bonds, notes, etc.," ""Fund 278 accreditation reports"; "[a]ll voucher information supporting the withdrawals detailed on the Fund 278 accreditation reports"; and "[a]ll voucher information supporting withdrawals" as vague, ambiguous, overbroad, unduly burdensome, and not relevant to the parties' claims or objections

36

DRA Ex. 420

in connection with the Plan of Adjustment.

AAFAF further objects to Exhibit A's request for "Documents sufficient to show the Flow of Funds, including the ultimate use for amounts identified as 'Loan Payment' in GDB account 251-0427-6 statements" on the ground that this request is vague, ambiguous, and unintelligible.

Subject to and without waiving the foregoing general and specific objections, AAFAF responds as follows:

AAFAF will produce bank account statements from January 2014 to the date of the Qualifying Modification (or for the time period within that range requested in Exhibit A, whichever is narrower) that are reasonably available for the bank accounts listed in Exhibit A, rows 1-12, excluding bank accounts that do not hold Act 30-31 Revenues.  AAFAF will not reproduce documents that have already been produced to the DRA Parties in connection with the HTA Lift Stay Motion and HTA Adversary Proceeding.  These include bank account statements produced for Oriental -2489,[116] Oriental -9874,[117] GDB -0208,[118] GDB -4276,[119] GDB 3466.[120]

**REQUEST FOR PRODUCTION NO. 21:**

All documents, laws, and statutes, other than Act No. 33-1942 and PROMESA, on which the FOMB bases or expects to issue the corresponding bonds or securities contemplated in the Plan in the absence of the approval of any new legislation by the Puerto Rico Legislature.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

AAFAF objects to this Request because AAFAF does not have responsive, non-privileged documents in its possession, custody, or control that are non-duplicative of documents in the

---

[116] HTA_STAY0046975 - HTA_STAY0047130, HTA_STAY0049927 - HTA_STAY0050082, HTA_STAY0052524 - HTA_STAY0052947, HTA_STAY0054056 - HTA_STAY0054563.
[117] HTA_STAY0012043 - HTA_STAY0013449; HTA_STAY0023757, HTA_STAY0025874 - HTA_STAY0026659; HTA_STAY0028918 – HTA STAY 0028953, HTA_STAY0030022 - HTA_STAY0030024, HTA_STAY0049975 – HTA_STAY0050082; HTA_STAY0052618.
[118] HTA_STAY0013057 - HTA_STAY0013169, HTA_STAY0050614 - HTA_STAY0050754.
[119] HTA_STAY0012476 - HTA_STAY0012487; HTA_STAY0011917 - HTA_STAY0011966, HTA_STAY0050779 - HTA_STAY0050802, HTA_STAY0052618.
[120] HTA_STAY0011713 - HTA_STAY0011744, HTA_STAY0050755 - HTA_STAY0050778.

DRA Ex. 420

possession of the Oversight Board.  AAFAF therefore directs the DRA Parties to the Oversight Board with regard to this Request.

**REQUEST FOR PRODUCTION NO. 22:**

All documents related to the underlying cash flow projections used to develop the recoveries and assumptions in the best interest test analyses, including but not limited to drafts, models, calculations, work papers, and underlying data.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

AAFAF objects to this Request because AAFAF does not have responsive, non-privileged documents in its possession, custody, or control that are non-duplicative of documents in the possession of the Oversight Board.  AAFAF therefore directs the DRA Parties to the Oversight Board with regard to this Request.

**REQUEST FOR PRODUCTION NO. 23:**

Documents, models, or work papers sufficient to show the financial models underlying the recovery conclusions in the best interest test analyses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

AAFAF objects to this Request because AAFAF does not have responsive, non-privileged documents in its possession, custody, or control that are non-duplicative of documents in the possession of the Oversight Board.  AAFAF therefore directs the DRA Parties to the Oversight Board with regard to this Request.

**REQUEST FOR PRODUCTION NO. 24:**

Documents, models, or work papers sufficient to show the alleged total value of all of the Debtors' assets, and identify the value of each asset of any of the Debtors valued at $1 million or more.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

In addition to its General Objections, incorporated herein by this reference, AAFAF objects to this Request to the extent it seeks documents protected by the Attorney-Client Privilege,

DRA Ex. 420

Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. AAFAF further objects to this Request to the extent that it seeks documents more appropriately sought from the Oversight Board. AAFAF further objects to the term "assets" as vague, ambiguous, and overbroad. *See* ECF No. 16759, at 9 (Dein, J.) (parties seeking discovery must justify defining "assets" to extend beyond real property). AAFAF will construe the term assets to refer to real property assets. AAFAF further objects to this Request on the grounds that "models" or "work papers" regarding the Debtors' assets are not relevant to the DRA Parties' assessment of the confirmability of the Plan of Adjustment.

Subject to and without waiving the foregoing general and specific objections, AAFAF responds as follows:

AAFAF directs the DRA Parties to the Plan Depository, which contains AAFAF's production in response to *Ambac Assurance Corporation's Motion for Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Assets*, ECF No. 9022. AAFAF further directs the DRA Parties to the following property inventories, which are publicly available.

- Commonwealth's official inventory of real property assets: (https://www2.pr.gov/propiedadesinmuebles/Pages/default.aspx).

- Comptroller's Contract Registry (https://consultacontratos.ocpr.gov.pr).

- Property Registry (https://karibe.ridpr.pr.gov/client/#login).

- CRIM's Digital Cadastre (https://catastro.crimpr.net/cdprpc/).

39

**REQUEST FOR PRODUCTION NO. 25:**

Documents, models, or work papers sufficient to show that the recoveries provided under the Plan constitute the maximum amount of distributable value that the Debtors can provide to each of their creditors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

AAFAF objects to this Request because AAFAF does not have responsive, non-privileged documents in its possession, custody, or control that are non-duplicative of documents in the possession of the Oversight Board. AAFAF therefore directs the DRA Parties to the Oversight Board with regard to this Request.

**REQUEST FOR PRODUCTION NO. 26:**

Documents sufficient to show the current value of the Treasury Building and the Former PRDOJ Building.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

AAFAF objects to this Request because the term "current value" is vague and ambiguous. AAFAF will construe the term "current value" to refer to the most recent information regarding the value of the Treasury Building and the Former PRDOJ Building readily available to AAFAF.

Subject to and without waiving the foregoing general and specific objections, AAFAF responds as follows:

AAFAF directs the DRA Parties to the following materials available on the Plan Depository. ASSETS_2004_0001147, ASSETS_2004_0003215 - ASSETS_2004_0003238. AAFAF further directs the DRA Parties to the following property inventories, which are publicly available.

- Commonwealth's official inventory of real property assets: (https://www2.pr.gov/propiedadesinmuebles/Pages/default.aspx).

- Real Property Registry (https://karibe.ridpr.pr.gov/client/#login).

40

- CRIM Property Registry (https://catastro.crimpr.net/cdprpc/).

AAFAF will further conduct a reasonable search of materials in centralized locations for non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 27:**

All documents regarding any consideration of, intent, or attempts to sell the Treasury Building or the Former PRDOJ Building from 2006 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

In addition to its General Objections, incorporated herein by this reference, AAFAF objects to this Request to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. AAFAF also objects to this Request on the ground it requests "[a]ll" documents, which is overbroad and unduly burdensome, rather than documents sufficient to show the requested information. AAFAF further objects to this Request on the ground that documents regarding the "consideration of, intent, or attempts to sell the Treasury Building or the Former PRDOJ Building" are not relevant to the parties' claims or objections in connection with the Plan of Adjustment.

Subject to and without waiving the foregoing general and specific objections, AAFAF responds as follows:

AAFAF will conduct a reasonable search of materials in centralized locations for non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 28:**

All documents related to or between the FOMB and Signatories to HTA/CCDA Related PSA (as defined in the Plan) or any other party, discussing:

41

DRA Ex. 420

a. structuring the Plan's treatment and mechanics for the payment of CW/HTA Claims (as defined in the Plan);

b. the structure of the CVI Payment Reserve (as defined in the Plan);

c. the $264 million interim distribution made from HTA to holders of 1968 HTA Bonds and 1998 HTA Senior Bonds in order to pay-down principal; and

d. the GDB Loan Priority Determination (as defined in the Plan) and the priority dispute between holders of HTA Bonds and the DRA Bonds.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

AAFAF objects to this Request because AAFAF does not have responsive, non-privileged documents in its possession, custody, or control that are non-duplicative of documents in the possession of the Oversight Board.

**REQUEST FOR PRODUCTION NO. 29:**

All documents concerning the negotiation, drafting, or entering into the HTA Loan Documents, including but not limited to sections 1.2 and 3.2 of the Security Agreement and any language purporting to subordinate the obligations arising under the HTA loan agreements to the HTA Bonds, the priority of GDB's liens on the Act 30-31 Revenues, and the existence, identity, or absence of any third-party beneficiary to the Security Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

In addition to its General Objections, incorporated herein by this reference, AAFAF objects to this Request to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  AAFAF also objects to this Request on the ground it requests "All" documents, which is overbroad and unduly burdensome, rather than documents sufficient to show the requested information.  AAFAF further objects to this Request on the ground that documents "concerning the negotiation, drafting, or entering into the HTA Loan Documents" are not relevant to the parties' claims or objections in connection with the Plan of Adjustment.

DRA Ex. 420

Dated: August 13, 2021
      San Juan, Puerto Rico

Respectfully submitted,

**O'MELVENY & MYERS LLP**

*/s/ Elizabeth L. McKeen*

John J. Rapisardi
(Admitted *Pro Hac Vice*)
7 Times Square
New York, NY 10036
Tel: (212) 326-2000
Fax: (212) 326-2061
Email: jrapisardi@omm.com

Peter Friedman
(Admitted *Pro Hac Vice*)
1625 Eye Street, NW
Washington, DC 20006
Tel: (202) 383-5300
Fax: (202) 383-5414
Email: pfriedman@omm.com

Elizabeth L. McKeen
(Admitted *Pro Hac Vice*)
Ashley M. Pavel
(Admitted *Pro Hac Vice*)
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Tel: +1-949-823-6900
Fax: +1-949-823-6994
Email: emckeen@omm.com
      apavel@omm.com

*Attorneys for the Puerto Rico Fiscal Agency
and Financial Advisory Authority*

DRA Ex. 420

## CERTIFICATE OF SERVICE

I hereby certify on August 13, 2021, I caused service on the person(s) listed below by

electronic transmission of the document titled:

**AAFAF'S RESPONSES AND OBJECTIONS TO THE DRA PARTIES' FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS**

**MCCONNELL VALDÉS LLC**
270 Muñoz Rivera Avenue, Suite 7
Hato Rey, Puerto Rico 00918
P.O. Box 364225
San Juan, PR 00936-4225
Tel: 787-250-5632
Fax: 787-759-9225

Arturo J. García-Solá
E-mail: ajg@mcvpr.com
Alejandro J. Cepeda-Diaz
E-mail: ajc@mcvpr.com
Nayuan Zouairabani
E-mail: nzt@mcvpr.com

*Attorneys for AmeriNational Community
Services, LLC, as Servicer for the GDB Debt
Recovery Authority*

**SCHULTE ROTH & ZABEL LLP**
Douglas S. Mintz
901 Fifteenth Street, NW, Suite 800
Washington, DC 20005
Tel: 202-729-7470
Fax: 202-730-4520
E-mail: douglas.mintz@srz.com

Douglas Koff
919 Third Avenue
New York, NY 10022
Tel: 212-756-2000
Fax: 212-593-5955
E-mail: douglas.koff@srz.com

*Attorneys for Cantor-Katz Collateral Monitor
LLC, as Collateral Monitor for the GDB Debt
Recovery Authority*

Brian S. Rosen
Margaret A. Dale
Julia D. Alonzo
Jeffrey W. Levitan
Lary Alan Rappaport
Laura Stafford
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and
Management Board, as representative for
the Debtors*

Hermann D. Bauer
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*Co-Attorneys for the Financial
Oversight and Management Board, as
representative for the Debtors*

Dated this 13th day of August, 2021.


*/s/ Joseph L. Roth*
Joseph L. Roth

DRA Ex. 420