## LOAN AGREEMENT

This **LOAN AGREEMENT**, dated as of <u>March 19th</u>, 2008 by and between **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** (the "Authority" or the "Borrower") and **GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO** (the "Bank" or the "Lender"),

## W I T N E S S E T H

**WHEREAS**, the Authority is performing certain improvements to its facilities, which are included in its Construction Improvement Program for fiscal year 2008 (the "Program");

**WHEREAS**, the Authority needs an interim financing to continue the acquisition, construction, equipping, installation and development of the certain additional improvements to the Authority's facilities included in the Program;

**WHEREAS**, the Bank is willing to provide such interim financing in an amount not to exceed **ONE HUNDRED FORTY MILLION DOLLARS** ($140,000,000.00) in accordance with the terms and conditions herein below set forth; and

**WHEREAS**, the Lender has determined to finance the loan to the Borrower with the proceeds of the next bond issue to be made by the Authority;

**NOW, THEREFORE**, in consideration of the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. Subject to the terms and conditions contained herein, the Lender hereby agrees to provide the Borrower from time to time a non-revolving line of credit in an aggregate principal amount not to exceed **ONE HUNDRED FORTY MILLION DOLLARS** ($140,000,000) for the purpose of financing costs incurred or to be incurred in the acquisition, construction, equipping, installation and development of additional improvements to the Authority's facilities included in the Program, chargeable to the capital account of the Authority and included in the Program (the "Line of Credit"). Proceeds of the Loan will be used to pay such costs or to reimburse the Authority's Construction Fund, created and established under Resolution No. 68-18, adopted by the Authority on June 13, 1968, as amended, (the "1968 Resolution"), or the Authority's Construction Fund created and established under Resolution 98-06 adopted by the Authority on February 26, 1998, as amended, (the "1998 Resolution) (collectively, "the Resolutions"), for the payment of such costs. The Line of Credit shall be evidenced by a Note for the principal amount of **ONE HUNDRED FORTY MILLION DOLLARS**

Document 23544

AAFAF_CONF_0003639

($140,000,000), subscribed on this same date by the Borrower and payable to the order of the Lender.

2. The Borrower may borrow the Loan in one or more drawings ("Drawings") only for the eligible purposes or concepts approved by the Resolution 8804 from the Bank's Board of Directors as adopted on February 20, 2008. The Borrower shall request each Drawing by written notice to the Lender, with at least three days notice prior to the Drawing, signed by the Borrower's Executive Director or any officer authorized by the Executive Director including a description of the projects to be financed. The Lender shall fund the requested Drawing on the date requested in such notice (which must be a Banking Day). Notice of Drawing from the Borrower, once received by the Lender, shall be irrevocable. For the purposes of this Agreement, "Banking Day" means a day on which commercial banks are open for business in San Juan, Puerto Rico.

3. The principal amount of the Line of Credit shall mature and be due and payable on June 30, 2009. The Borrower hereby agrees to repay the outstanding aggregate principal amount of the Loan at the principal office of the Lender in San Juan, Puerto Rico, from proceeds of bonds to be issued by the Authority pursuant to the provisions of respective sections of the Resolutions. The maturity of the Loan shall only be extended by written consent of the President of the Bank, but in no event will the maturity of the Loan be extended beyond June 30, 2011. Each Drawing shall bear interest daily from the date such Drawing is made until its repayment at a variable rate of interest, which rate may be revised monthly, per annum equal to the Lender's cost of funding for tax-exempt or taxable variable rate loan transactions or the cost of any other obligations or source of funds used to fund the Loan. For purposes of the preceding sentence, the cost of funding shall mean the applicable cost of any source of funds used to fund the Loan, plus in either case, a required margin cost. Initially, this required margin cost will be equal to 150 basis points. The required margin cost may be revised from time to time by the Lender to such an extent that when added to the applicable cost of funds, the interest rate so determined and applicable to the Loan will provide for a total coverage of what the Lender determines to be its "all-inclusive" funding costs.

Interest shall be payable monthly in arrears not later than the tenth (10th) Banking Day (as defined herein) following receipt from the Bank of the statement referred to in the next sentence of this paragraph, from any available moneys of the Authority. Not later than the fifth (5th) Banking Day of each month the Bank shall furnish to the Authority a written statement showing the amount of interest due and payable by the Authority on the Line of Credit for the preceding month. The Line of Credit may be prepaid at any time by the Authority without penalty or premium. The Line of Credit shall be junior and subordinate to outstanding bonds

Document 23544

AAFAF_CONF_0003640

of the Authority and shall be subject to certain other terms and conditions, all as contained in this Loan Agreement.

4.  Payment of principal and interest on the Line of Credit shall be made in any coin or currency of the United States of America, which at the time of payment shall be legal tender for the payment of public and private debts.

5.  The Borrower covenants that it will acquire, construct, equip, install and develop the additional improvements to the Authority's facilities, the cost of which is being financed or refinanced from the Line of Credit in accordance with law and all requirements of all governmental authorities having jurisdiction in respect thereof, and that it will complete such construction with all expedition practicable and that such buildings, structures, other facilities and improvements to be constructed will be constructed in accordance with plans and specifications which shall have been prepared by an architectural or engineering firm or corporation having a favorable repute for skill and experience in such work; provided, however, that the Borrower may use its own staff of engineers and architects for the preparation of any such plan or specifications.



6.  No amendment or waiver of any provisions of this Agreement or consent to any departure by the Borrower herefrom shall be effective unless the same shall be in writing and signed by the Lender and then such waiver or consent shall be effective only in the specific instance and for the specific purpose for which given.

7.  Any notices which may be given to either party hereunder shall be in writing, and if addressed to the Lender, sent to the offices of the Lender located at Roberto Sánchez Vilella f/k/a Minillas Government Center, de Diego Avenue, San Juan, Puerto Rico, 00940, Attention: Mr. Luis Alfaro, or to such other address or person as the Lender may hereafter notify the Borrower in writing, and if addressed to the Borrower, sent to the address of the Borrower:  Puerto Rico Highway and Transportation Authority, Roberto Sánchez Vilella f/k/a Minillas Government Center, de Diego Avenue, San Juan, Puerto Rico, 00940, Attention: Ing. Luis M. Trinidad Garay, or such other address or person as the Borrower may hereafter notify the Lender in writing.  Any such notice, if delivered personally or by telex, telegram or facsimile transmission, shall be effective on the date when given, and if sent by mail, shall be effective three (3) Banking Days after posting.

8.  The Borrower shall from time to time, upon request by the Lender, promptly provide the Lender with such information as to its finances and operations as the Lender shall reasonably request.

9.  If there is no disbursement activity on the Line of Credit for a period of six months after its approval by the Bank, the Line of Credit will be canceled by the Lender.

Document 23544

AAFAF_CONF_0003641

10. The Borrower waives the requirements of demand, presentment, protest, notice of dishonor, and, in general, any other legal formality.

11. If the Borrower defaults in making any payment when due under this Agreement, the Lender may declare the Loan to be immediately due and payable. In case of recourse to the courts by the Lender in order to collect the whole or any portion of the principal or interest due, the Borrower agrees to pay a liquidated sum equal to 10% of the amount of the Loan to cover expenses of such proceedings, court costs, disbursements and attorney's fees, which amount will become immediately due and payable upon the filing of such judicial proceedings.

12. This Agreement shall be binding upon and inure to the benefit of the Borrower and the Lender and their respective successors and assigns. The Lender may assign to any other financial institution all or any part of, or any interest in, the Lender's rights hereunder and in the Loan, and to the extent of such assignment such assignee shall have the same rights against the Borrower hereunder as does the Lender. The Borrower may not assign any of its rights nor delegate any of its obligations hereunder without the Lender's prior written consent. This Agreement shall be governed by, and the rights and obligations of the parties hereunder shall be construed in accordance with the laws of the Commonwealth of Puerto Rico.

13. This Agreement shall constitute a declaration of official intent of the Lender and the Borrower pursuant to Treasury Regulation Section 1.150-2.

IN WITNESS THEREOF, the Borrower and the Lender have caused this Agreement to be executed and delivered by their respective officers thereunto duly authorized, as of the date first above written.

PUERTO RICO HIGHWAY AND
TRANSPORTATION AUTHORITY

By: _____
Luis M. Trinidad Garay
Executive Director

Document 23544

GOVERNMENT DEVELOPMENT BANK
FOR PUERTO RICO

By _____

Camille Toro Torruella
Acting Executive Vice President

Affidavit No. ⁻110⁻

Recognized and subscribed before me by Luis M. Trinidad Garay, as Executive Director of the Puerto Rico Highway and Transportation Authority, of legal age, married and resident of, San Juan, Puerto Rico, and by Camille Toro Torruella, as Acting Executive Vice President of the Government Development Bank for Puerto Rico, of legal age, married and a resident in San Juan, Puerto Rico, personally known to me.

In San Juan, Puerto Rico, on March 19, 2008.

_____
Notary Public

Document 23544

## FIRST AMENDMENT TO LOAN AGREEMENT

This **FIRST AMENDMENT TO LOAN AGREEMENT**, dated October _30_, 2009 by and between the **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** (the "Authority" or the "Borrower") and the **GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO** (the "Bank" or the "Lender"),

## W I T N E S S E T H

**WHEREAS**, on March 19, 2008 the Authority and the Bank executed a Loan Agreement (the "Loan Agreement"), and corresponding promissory note, for the principal non revolving amount of ONE HUNDRED FORTY **MILLION DOLLARS** ($140,000,000) (the "Loan"), to provide interim financing for the Authority's Construction Improvements Program;

**WHEREAS**, under the Loan Agreement the principal amount of the Loan became due and payable on June 30, 2009, and the Authority was unable to make the required payment;

**WHEREAS**, the Authority has requested that the Bank grant it an extension of the term to pay the principal amount that became due on June 30, 2009;

**WHEREAS**, Resolution 8804 issued by the Board of Directors of the Bank on February 20, 2008, authorized the President of the Bank to extend the maturity of the Loan up to June 30, 2011. In addition, Resolution 9188 issued by the Board of Directors of the Bank on August 19, 2009, granted the President, or his designee, authority to modify the terms and conditions of financing agreements with the various government agencies;

**NOW, THEREFORE**, in consideration of the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, subject to the terms and conditions contained herein, the parties hereto agree as follows:




1. The first paragraph of numbered Paragraph 3 of the Loan Agreement is amended to read as follow:

   "The principal amount of the Loan shall mature and be due and payable on September 30, 2010. The Lender's President is hereby authorized to extend the maturity date of the loan from time to time, if necessary, but in no event will the maturity date of the Loan be extended beyond June 30, 2011. The Borrower hereby agrees to repay the outstanding aggregate principal amount of the loan at the principal office of the Lender in San Juan, Puerto Rico. Said principal amount shall be payable from the proceeds of bonds to be

25460

issued by the Borrower, or from any other available resources of the Authority. The outstanding principal amount of the Loan shall bear interest daily until its repayment at the rate of interest which the President of the Bank or the duly authorized Executive Vice President of the Bank determines, a their full discretion depending on the interest rate market."

2. To effect the foregoing amendment to the Loan Agreement, a First Allonge to Promissory Note is executed by the Authority, on this same date.

3. The Authority shall pay the Bank a renewal fee corresponding to .00125 of the $140,000,000 principal amount due, which amounts to $175,000.

4. The parties agree that this First Amendment to Loan Agreement does not constitute a novation of the obligations set forth in the Loan Agreement, and that all provisions of the Loan Agreement, not inconsistent with this First Amendment to Loan Agreement, shall remain in full force and effect.

**IN WITNESS WHEREOF**, the Borrower and the Lender have caused this First Amendment to Loan Agreement to be executed and delivered by their respective officers thereunto duly authorized, in San Juan, Puerto Rico.

**GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO**

By: _____
      Fernando L. Batlle Hernaíz
      Executive Vice President

**PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY**

By: _____
      Rubén A. Hernández Gregorat
      Executive Director

Testimony No. 233

Recognized and subscribed before me by Rubén A. Hernández Gregorat as Executive Director of the Puerto Rico Highway and Transportation Authority, of legal age, married and resident of Guaynabo, Puerto Rico, and Fernando L. Batlle Hernaíz, as Executive Vice President for Financing and Treasury at the Government Development Bank for Puerto Rico, of legal age, married and resident of San Juan, Puerto Rico, both personally known to me.

In San Juan, Puerto Rico, on October 30, 2009.

_____
Notary Public

Document 25460

AAFAF_CONF_0003533

## SECOND AMENDMENT TO LOAN AGREEMENT

This **SECOND AMENDMENT TO LOAN AGREEMENT**, dated October 8ᵗʰ, 2010 by and between the **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** (the "Authority" or the "Borrower") and the **GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO** (the "Bank" or the "Lender"),

## W I T N E S S E T H

**WHEREAS**, on March 19, 2008 the Authority and the Bank executed a Loan Agreement (the "Loan Agreement"), and corresponding promissory note, for the principal non revolving amount of **ONE HUNDRED FORTY MILLION DOLLARS** ($140,000,000) (the "Loan"), to provide interim financing for the Authority's Construction Improvements Program;

**WHEREAS**, on October 9, 2009 the Authority and the Bank executed a First Amendment to Loan Agreement to extend the maturity date of the loan until September 30, 2010;

**WHEREAS**, the Authority has requested that the Bank grant it an extension of the term to pay the principal amount that become due on September 30, 2010;

**WHEREAS**, Resolution 8804 issued by the Board of Directors of the Bank on February 20, 2008, authorized the President of the Bank to extend the maturity of the Loan up to June 30, 2011. In addition, Resolution CE-2010-41 issued by the Executive Committee of the Board of Directors of the Bank on August 18, 2010 granted the President, or his designee, authority to apply a financial services fee;

**NOW, THEREFORE**, in consideration of the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, subject to the terms and conditions contained herein, the parties hereto agree as follows:



1.  The Paragraph 3 of the Loan Agreement is amended to read as follow:

    "The principal amount of the Loan shall mature and be due and payable on June 30, 2011. The Lender's President is hereby authorized to extend the maturity date of the loan from time to time, if necessary, but in no event will the maturity date of the Loan be extended beyond June 30, 2011. The Borrower hereby agrees to repay the outstanding aggregate principal amount of the loan at the principal office of the Lender in San Juan, Puerto Rico. Said principal amount shall be payable from the proceeds of bonds to be

26576

AAFAF_CONF_0003554

issued by the Borrower, or from any other available resources of the Authority. Each Drawing shall bear interest daily from the date such Drawing is made until its repayment at a variable rate of interest, which may be revised quarterly, equal to Prime Rate plus 150 basis points, as determined from time to time in good faith by the Lender, or, upon written notice to the Borrower, at a variable rate of interest per annum, which interest rate may be revised periodically, equal to the Lender's cost of funding for variable rate loan transactions or the cost of any other obligations or source of funds used to fund the Loan. For purposes of this Loan Agreement, such interest rate shall not exceed twelve (12) percent and shall not be less than six (6) percent. The President of the Bank or the duly authorized Executive Vice President of the Bank may modify the interest rate at anytime at their full discretion, depending on the interest rate market.

Interest shall be payable monthly in arrears not later than the tenth (10th) Banking Day (as defined herein) following receipt from the Bank of the statement referred to in the next sentence of this paragraph, from any available moneys of the Authority.  Not later than the fifth (5th) Banking Day of each month the Bank shall furnish to the Authority a written statement showing the amount of interest due and payable by the Authority on the Line of Credit for the preceding month.  The Line of Credit may be prepaid at any time by the Authority without penalty or premium.  The Line of Credit shall be junior and subordinate to outstanding bonds of the Authority and shall be subject to certain other terms and conditions, all as contained in this Loan Agreement."



2. To effect the foregoing amendment to the Loan Agreement, a Second Allonge to Promissory Note is executed by the Authority, on this same date.

3. If the line of credit comes due and payable, the Borrower hereby agrees to pay a default interest rate on the principal outstanding amount calculated on the basis of Prime Rate plus four (4) percent.

4. The Borrower will pay a financial services fee equal to $53,333.33 on or prior the closing date.

5. The parties agree that this Second Amendment to Loan Agreement does not constitute a novation of the obligations set forth in the Loan Agreement, and that all provisions of the Loan Agreement, not inconsistent with this Second Amendment to Loan Agreement, shall remain in full force and effect.

Document 26576

AAFAF_CONF_0003555

**IN WITNESS WHEREOF**, the Borrower and the Lender have caused this Second Amendment to Loan Agreement to be executed and delivered by their respective officers thereunto duly authorized, in San Juan, Puerto Rico.

**GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO**

By: _____
    Fernando L. Batlle Hernaíz
    Executive Vice President

**PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY**

By: _____
    Rubén A. Hernández Gregorat
    Secretary of Transportation and
    Public Works and Executive Director

Affidavit No. -275-

Recognized and subscribed before me by Rubén A. Hernández Gregorat as Secretary of Transportation and Public Works and Executive Director of the Puerto Rico Highway and Transportation Authority, of legal age, married and resident of Guaynabo, Puerto Rico, and Fernando L. Batlle Hernaíz, as Executive Vice President for Financing and Treasury at the Government Development Bank for Puerto Rico, of legal age, married and resident of San Juan, Puerto Rico, both personally known to me.

In San Juan, Puerto Rico, on October _8th_, 2010.



_____
                        Notary Public

Document 26576

## THIRD AMENDMENT TO LOAN AGREEMENT

This **THIRD AMENDMENT TO LOAN AGREEMENT**, dated May 19, 2011 by and between the **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** (the "Authority" or the "Borrower") and the **GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO** (the "Bank" or the "Lender"),

### W I T N E S S E T H

**WHEREAS**, on March 19, 2008 the Authority and the Bank executed a Loan Agreement (the "Loan Agreement"), and corresponding promissory note, for the principal non revolving amount of **ONE HUNDRED FORTY MILLION DOLLARS** ($140,000,000), to provide interim financing for the Authority's Construction Improvements Program for Fiscal Year 2008;

**WHEREAS**, on October 30, 2009 the Authority and the Bank executed a First Amendment to Loan Agreement to extend the maturity date of the Loan to September 30, 2010;

**WHEREAS**, on October 8, 2010 the Authority and the Bank executed a Second Amendment to Loan Agreement to extend the maturity date of the Loan to June 30, 2011;

**WHEREAS**, by December 31, 2010 accrued interest on the financing had amounted to $12, 200,000.

**WHEREAS**, the Authority has requested that the Bank further extend the maturity date of the financing to June 30, 2012;

**WHEREAS**, Resolution 9420-B issued by the Board of Directors of the Bank on January 26, 2011, authorized the Bank to extend the maturity date of the financing up to August 31, 2012, subject to certain conditions.

**WHEREAS**, pursuant to Resolution 2011-21, issued by the Secretary of the Puerto Rico Department of Transportation and Public Works on April 12, 2011, as amended by Resolution 2011-28 issued by the Secretary of the Puerto Rico Department of Transportation and Public Works on May 13, 2011, the Authority has been authorized to agree to the extension of the maturity date of the Loan, and to the conditions required by the Bank;

**NOW, THEREFORE**, in consideration of the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, subject to the terms and conditions contained herein, the parties hereto agree as follows:

27051

1. The first paragraph of numbered Paragraph 3 of the Loan Agreement, as amended, is amended to read as follows:

   "The principal amount of the Loan shall mature and be due and payable on August 31, 2012. The Borrower hereby agrees to repay the outstanding aggregate principal amount of the Loan at the principal office of the Lender in San Juan, Puerto Rico. Said principal amount shall be payable from the proceeds of bonds to be issued by the Borrower, or from any other available resources of the Authority. Each Drawing shall bear interest daily from the date such Drawing is made until its repayment at a variable rate of interest, which may be revised quarterly, equal to Prime Rate plus 150 basis points, as determined from time to time in good faith by the Lender, or, upon written notice to the Borrower, at a variable rate of interest per annum, which interest rate may be revised periodically, equal to the Lender's cost of funding for variable rate loan transactions or the cost of any other obligations or source of funds used to fund the Loan. For purposes of this Loan Agreement, such interest rate shall not exceed twelve (12) percent and shall not be less than six (6) percent. The President of the Bank or the duly authorized Executive Vice President of the Bank may modify the interest rate at anytime at their full discretion, depending on the interest rate market."

2. To effect the foregoing amendment to the Loan Agreement, as amended, a Third Allonge to Promissory Note is executed by the Authority, on this same date.

3. If Borrower does not pay the principal amount of the Loan when it becomes due and payable, Borrower shall pay the Bank a default interest rate on any such outstanding principal amount equivalent to 200 basis points over the otherwise applicable interest rate.

4. The Borrower will pay a financial services fee equal to $56,000.00 on or prior the closing date.

5. If Borrower does not pay the principal amount of the Loan when it becomes due and payable, or does not pay interest when due, Lender may, at its sole option, without notice to Borrower and to the fullest extent allowed by law, set off and apply any other available moneys (including deposits of any kind) of the Borrower against any such unpaid principal amount or unpaid accrued interest.



6. The parties agree that this Third Amendment to Loan Agreement does not constitute a novation of the obligations set forth in the Loan Agreement, as amended, and that all provisions of the Loan Agreement, as amended, not inconsistent with this Third Amendment to Loan Agreement, shall remain in full force and effect.

### [ SIGNATURE PAGE FOLLOWS]





**IN WITNESS WHEREOF,** the Borrower and the Lender have caused this Third Amendment to Loan Agreement to be executed and delivered by their respective officers thereunto duly authorized, in San Juan, Puerto Rico.

**GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO**

By: _____
José R. Otero Freiría
Executive Vice President

**PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY**

By: _____
Rubén A. Hernández Gregorat
Secretary of Transportation and Public Works and Executive Director of the Puerto Rico Highway and Transportation Authority

Testimony No. 583

Recognized and subscribed before me by Rubén A. Hernández Gregorat, as Secretary of Transportation and Public Works and Executive Director of the Puerto Rico Highway and Transportation Authority, of legal age, married and resident of Guaynabo, Puerto Rico, personally known to me.

In San Juan, Puerto Rico, on May 19, 2011.

_____
Notary Public

Testimony No. 282

Recognized and subscribed before me by José R. Otero Freiría, of legal age, married, and resident of Dorado, Puerto Rico, as Executive Vice President of Financing and Treasury, personally known to me.

In San Juan, Puerto Rico, on May 19, 2011.

_____
Notary Public

### FOURTH AMENDMENT TO LOAN AGREEMENT

This **FOURTH AMENDMENT TO LOAN AGREEMENT,** dated as of July 6, 2012 by and between the **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** (the "Authority" or the "Borrower"), acting through its Secretary, Rubén A. Hernández Gregorat, and the **GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO** (the "Bank" or the "Lender"), acting through its Executive Vice President and Director of Financing, José Otero Freiría.

### WITNESSETH

**WHEREAS,** on March 19, 2008 the Authority and the Bank executed a Loan Agreement (the "Loan Agreement"), and corresponding Promissory Note, for the principal non revolving amount of **ONE HUNDRED FORTY MILLION DOLLARS** ($140,000,000), to provide interim financing for the Authority's Construction Improvements Program for Fiscal Year 2008 ("Loan");

**WHEREAS,** on October 30, 2009 the Authority and the Bank executed a First Amendment to Loan Agreement to extend the maturity date of the Loan to September 30, 2010;

**WHEREAS,** on October 8, 2010 the Authority and the Bank executed a Second Amendment to Loan Agreement to extend the maturity date of the Loan to June 30, 2011;

**WHEREAS,** on May 19, 2011 the Authority and the Bank executed a Third Amendment to Loan Agreement to, among other things, extend the maturity date of the Loan to August 31, 2012;

**WHEREAS,** pursuant to the terms of Resolution 9720 adopted by the Board of Directors of the Lender on February 22, 2012, the Lender approved the extension of the maturity date of the Loan up to January 31, 2013, and the increase of the maximum amount of the Loan by **ELEVEN MILLION TWO HUNDRED THIRTY ONE THOUSAND SEVEN HUNDRED FIFTY SIX DOLLARS AND EIGHTY THREE CENTS ($11,231,756.83),** subject to certain terms and conditions;

**WHEREAS,** the aforementioned increase in the principal aggregate amount of the Loan has been approved to cover the capitalization of accrued interests up to and including January 31, 2013 ($11,179,474.28) and the corresponding financial advisory fees ($52,282.55);

**WHEREAS,** pursuant to Resolution Number 2012-31 issued by the Secretary of the Puerto Rico Department of Transportation and Public Works, the Borrower

28568

AAFAF_CONF_0003573

-2-

accepted the conditions required by the Lender to extend the maturity date of the Loan Agreement and increase the maximum amount permitted to be outstanding under the Loan Agreement, subject to certain conditions;

**NOW, THEREFORE**, in consideration of the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, subject to the terms and conditions contained herein, the parties hereto agree as follows:

1. Paragraph 1 of the Loan Agreement is hereby amended by deleting said Paragraph 1 in its entirety and replacing it with the following:

   "Subject to the terms and conditions contained herein, the Lender hereby agrees to provide the Borrower from time to time a non-revolving line of credit in an aggregate principal amount not to exceed **ONE HUNDRED FIFTY ONE MILLION TWO HUNDRED THIRTY ONE THOUSAND SEVEN HUNDRED FIFTY SIX DOLLARS WITH EIGHTY THREE CENTS ($151,231,756.83)** for the purpose of financing costs incurred or to be incurred in the acquisition, construction, equipping, installation and development of additional improvements to the Authority's facilities included in the Program, chargeable to the capital account of the Authority and included in the Program, as well as capitalized interests accrued up to and including January 31, 2013 ($11,179,474.28) plus financing fees ($52,282.55) (the "Line of Credit"). Proceeds of the Loan will be used to pay such costs or to reimburse the Authority's Construction Fund, created and established under Resolution No. 68-18, adopted by the Authority on June 13, 1968, as amended, (the "1968 resolution"), or the Authority's Construction Fund created and established under Resolution 98-06 adopted by the Authority on February 26, 1998, as amended, (the "1998 Resolution) (collectively, "the Resolutions"), for the payment of such costs. The Line of Credit shall be evidenced by a Note for the principal amount of **ONE HUNDRED FIFTY ONE MILLION TWO HUNDRED THIRTY ONE THOUSAND SEVEN HUNDRED FIFTY SIX DOLLARS WITH EIGHTY THREE CENTS ($151,231,756.83)** subscribed on this same date by the Borrower and payable to the order of the Lender."

2. Paragraph 2 of the Loan Agreement is hereby amended by deleting said Paragraph 2 in its entirety and replacing it with the following:

   "The Borrower may borrow the Loan in one or more drawings ("Drawings") only for the purposes above mentioned. The Borrower shall request each Drawing by written notice to the Lender, with at

28568

AAFAF_CONF_0003574

-3-

least three (3) Banking Days notice prior to the Drawing, signed by the Borrower's Executive Director or any officer authorized by the Executive Director. Borrower shall use the Notice of Drawing Form included as Exhibit I to request each Drawing. Notice of Drawing from the Borrower, once received by the Lender, shall be irrevocable. For the purposes of this Loan Agreement, "Banking Day" means a day on which commercial banks are open for business in San Juan, Puerto Rico."

3. Prior to any disbursement from the Loan, Borrower will provide Lender a duly executed Notice of Drawing, as established in Paragraph 2 of the Loan Agreement, as amended herein, and made part of this Agreement as *Exhibit I*. This *Exhibit I* substitutes the Notice of Drawing Form attached as *Exhibit I* of the Loan Agreement.

4. Paragraph 3 of the Loan Agreement is hereby amended by deleting said Paragraph 3 in its entirety and replacing it with the following:

"The principal amount of the Loan shall mature and be due and payable on January 31, 2013. The Borrower hereby agrees to repay the outstanding aggregate principal amount of the Loan at the principal office of the Lender in San Juan, Puerto Rico. Said principal amount shall be payable from the proceeds of bonds to be issued by the Borrower, or from any other available resources of the Authority. Each Drawing shall bear interest daily from the date such Drawing is made until its repayment at a variable rate of interest, which may be revised quarterly, equal to Prime Rate plus 150 basis points, as determined from time to time in good faith by the Lender, or, upon written notice to the Borrower, at a variable rate of interest per annum, which interest rate may be revised periodically, equal to the Lender's cost of funding for variable rate loan transactions or the cost of any other obligations or source of funds used to fund the Loan. For purposes of this Loan Agreement, such interest rate shall not exceed twelve (12) percent and shall not be less than six (6) percent. Interests shall be payable at maturity. The President of the Bank or the duly authorized Executive Vice President of the Bank may modify the interest rate at anytime at their full discretion, depending on the interest rate market.

The Line of Credit may be prepaid at any time by the Authority without penalty or premium. The Line of Credit shall be junior and subordinate to outstanding bonds of the Authority and shall be subject to certain other terms and conditions, all as contained in this Loan Agreement."

28568

AAFAF_CONF_0003575

-4-

5.  The parties furthermore agree that the Lender reserves the right to request additional information needed prior to processing any disbursements from the Loan, including, but not limited to, copies of invoices.

6.  Borrower acknowledges that no additional funds shall be drawn from the Loan unless the same has been incremented or reactivated in the future through an authorizing resolution approved by the Board of Directors or the Executive Committee of the Board of Directors of the Lender.

7.  On the date hereof, the Borrower issues and executes a document titled Fourth Allonge to Promissory Note, which has been attached to the Promissory Note, as an integral part of this Agreement, with the purposes of incorporating to said Promissory Note the agreements and amendments herein contained.

8.  The Borrower covenants and agrees to pay to the Lender for this transaction a financial advisory fee of Fifty Two Thousand Two Hundred Eighty Two Dollars and Fifty-Five Cents ($52,282.55).

9.  The parties agree that this Agreement does not constitute a novation of the obligations set forth in the Loan Agreement, as amended, and that all provisions of the Loan Agreement, as amended, not inconsistent with this Agreement, shall remain in full force and effect.



10. This Agreement may be executed in any number of counterparts and by different parties hereto in separate counterparts, each of which when so executed and delivered shall be deemed to be an original and all of which taken together shall constitute but one and the same agreement.

11. In the event that any provision of this Agreement is declared to be void or unenforceable, the remainder of this Agreement shall not be affected thereby and shall remain in full force and effect to the extent feasible in the absence of the void and unenforceable declaration.

**[Signature Page Follows]**

28568

AAFAF_CONF_0003576

-5-

IN WITNESS WHEREOF, the Borrower and the Lender have caused this Fourth Amendment to Loan Agreement to be executed and delivered by their respective officers thereunto duly authorized, in San Juan, Puerto Rico.

GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO

PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY

_____

José R. Otero-Freiría
Executive Vice President and Director of
   Financing

_____

Rubén A. Hernández Gregorat
Secretary of Transportation and
   Public Works and Executive
Director of the Puerto Rico
   Highway and Transportation
   Authority

Testimony No. 385

Recognized and subscribed before me by Rubén A. Hernández Gregorat, as Secretary of Transportation and Public Works and Executive Director of the Puerto Rico Highway and Transportation Authority, of legal age, married, executive and resident of Guaynabo, Puerto Rico, personally known to me.   In San Juan, Puerto Rico, on July 6, 2012.

_____
Notary Public

Testimony No. 391

Recognized and subscribed before me by José R. Otero Freiría, as Executive Vice President of Financing Area, of legal age, married, executive and resident of Dorado, Puerto Rico, personally known to me.   In San Juan, Puerto Rico, on July 9, 2012.

_____
Notary Public

28568

AAFAF_CONF_0003577

## FIFTH AMENDMENT TO LOAN AGREEMENT

This **FIFTH AMENDMENT TO LOAN AGREEMENT**, dated as of February 14, 2013 by and between the **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** (the "Authority" or the "Borrower"), acting through the ~~Secretary~~ of the Puerto Rico ~~Department of Transportation and Public Works, Miguel A. Torres Díaz~~, and the **GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO** (the "Bank" or the "Lender"), acting through its Executive Vice President and Director of Financing, Ian Figueroa.

[handwritten: Executive Director — Highway and Transportation Authority — Javier E. Ramos Hernández]

### WITNESSETH

**WHEREAS**, on March 19, 2008 the Authority and the Bank executed a Loan Agreement (the "Loan Agreement"), and corresponding Promissory Note, for the principal non revolving amount of **ONE HUNDRED FORTY MILLION DOLLARS ($140,000,000)**, to provide interim financing for the Authority's Construction Improvements Program for Fiscal Year 2008 ("Loan");

**WHEREAS**, on October 30, 2009 the Authority and the Bank executed a First Amendment to Loan Agreement to extend the maturity date of the Loan to September 30, 2010;

**WHEREAS**, on October 8, 2010 the Authority and the Bank executed a Second Amendment to Loan Agreement to extend the maturity date of the Loan to June 30, 2011;

**WHEREAS**, on May 19, 2011 the Authority and the Bank executed a Third Amendment to Loan Agreement to, among other things, extend the maturity date of the Loan to August 31, 2012;

**WHEREAS**, a Fourth Amendment to Loan Agreement was executed by the Authority on July 6, 2012 and by the Bank on July 9, 2012 in order to extend the maturity date to January 31, 2013 and to increase the maximum amount of the Loan by **ELEVEN MILLION TWO HUNDRED THIRTY ONE THOUSAND SEVEN HUNDRED FIFTY SIX DOLLARS AND EIGHTY THREE CENTS ($11,231,756.83)**, subject to certain terms and conditions;

**WHEREAS**, pursuant to the terms of Resolution 9945 adopted by the Board of Directors of the Bank on January 17, 2013, the Bank approved the extension of the maturity date of the Loan to January 31, 2014; and

**WHEREAS**, pursuant to Resolution Number 2013-12 issued by Miguel A. Torres Díaz, Secretary of the Puerto Rico Department of Transportation and Public

29253 v.2

AAFAF_CONF_0003589

-2-

Works on January 31, 2013, the Borrower accepted the conditions required by the Lender to extend the maturity date of the Loan Agreement, subject to certain conditions.

**NOW, THEREFORE,** in consideration of the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, subject to the terms and conditions contained herein, the parties hereto agree as follows:

1. The first sentence of Paragraph 3 of the Loan Agreement is amended to read as follows:

   "The principal amount of the Loan shall mature and be due and payable on January 31, 2014."

2. Borrower acknowledges that no additional funds shall be drawn from the Loan unless the same has been incremented or reactivated in the future through an authorizing resolution approved by the Board of Directors or the Executive Committee of the Board of Directors of the Lender.

3. On the date hereof, the Borrower issues and executes a document titled Fifth Allonge to Promissory Note, which has been attached to the Promissory Note, as an integral part of this Agreement, with the purposes of incorporating to said Promissory Note the agreements and amendments herein contained.

4. The Borrower covenants and agrees to pay to the Lender for this transaction a financial advisory fee of Fifty Seven Thousand Seventy Seven Dollars and Twenty Five Cents ($57,077.25).

5. The parties agree that this Agreement does not constitute a novation of the obligations set forth in the Loan Agreement, as amended, and that all provisions of the Loan Agreement, as amended, not inconsistent with this Agreement, shall remain in full force and effect.

6. This Agreement may be executed in any number of counterparts and by different parties hereto in separate counterparts, each of which when so executed and delivered shall be deemed to be an original and all of which taken together shall constitute but one and the same agreement.

7. In the event that any provision of this Agreement is declared to be void of unenforceable, the remainder of this Agreement shall not be affected thereby and shall remain in full force and effect to the extent feasible in the absence of the void and unenforceable declaration.

29253 v.2

AAFAF_CONF_0003590

-3-

**IN WITNESS WHEREOF,** the Borrower and the Lender have caused this Fifth Amendment to Loan Agreement to be executed and delivered by their respective officers thereunto duly authorized, in San Juan, Puerto Rico.

**GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO**

**PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY**

Ian Figueroa
Executive Vice President and Director of
  Financing

Javier E. Ramos Hernández
Executive Director

Testimony No. 450

Recognized and subscribed before me by Javier E. Ramos Hernández, as Executive Director of the Puerto Rico Highway and Transportation Authority, of legal age, married, executive and resident of Bayamón, Puerto Rico, personally known to me.

In San Juan, Puerto Rico, on February 14, 2013.

Notary Public

Testimony No. 451

Recognized and subscribed before me by Ian Figueroa, as Executive Vice President and Director of Financing of the Government Development Bank for Puerto Rico, of legal age, married, executive and resident of San Juan, Puerto Rico, personally known to me.

In San Juan, Puerto Rico, on February 14, 2013.

Notary Public

29253 v.2

AAFAF_CONF_0003591

## SIXTH AMENDMENT TO LOAN AGREEMENT

This **SIXTH AMENDMENT TO LOAN AGREEMENT** (the "Sixth Amendment") is executed by and between the **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** (the "Authority" or the "Borrower"), acting through its Executive Director Javier E. Ramos Hernández and the **GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO** (the "Bank" or the "Lender"), acting through its Fiscal Agent, Jorge A. Clivillés.

## W I T N E S S E T H

**WHEREAS**, on March 19, 2008 the Authority and the Bank executed a Loan Agreement (the "Loan Agreement"), and corresponding Promissory Note, for the principal non revolving amount of **ONE HUNDRED FORTY MILLION DOLLARS ($140,000,000)**, to provide interim financing for the Authority's Construction Improvements Program for Fiscal Year 2008 ("Loan");

**WHEREAS**, on October 30, 2009 the Authority and the Bank executed a First Amendment to Loan Agreement to extend the maturity date of the Loan to September 30, 2010;

**WHEREAS**, on October 8, 2010 the Authority and the Bank executed a Second Amendment to Loan Agreement to extend the maturity date of the Loan to June 30, 2011;

**WHEREAS**, on May 19, 2011 the Authority and the Bank executed a Third Amendment to Loan Agreement to, among other things, extend the maturity date of the Loan to August 31, 2012;

**WHEREAS**, a Fourth Amendment to Loan Agreement was executed by the Authority on July 6, 2012 and by the Bank on July 9, 2012 in order to extend the maturity date to January 31, 2013 and to increase the maximum amount of the Loan by **ELEVEN MILLION TWO HUNDRED THIRTY ONE THOUSAND SEVEN HUNDRED FIFTY SIX DOLLARS AND EIGHTY THREE CENTS ($11,231,756.83)**, subject to certain terms and conditions;

**WHEREAS**, a Fifth Amendment to Loan Agreement was executed by the Authority and the Bank on February 14, 2013 to extend the maturity date to January 31, 2014;

30204

AAFAF_CONF_0003601

**WHEREAS**, pursuant to the terms of Resolution Number 10197 adopted by the Board of Directors of the Bank on November 201, 2013, the Bank approved the extension of the maturity date of the Loan to January 31, 2015;

**WHEREAS**, pursuant to Resolution Number 2014-04 issued by Miguel A. Torres Díaz, Secretary of the Puerto Rico Department of Transportation and Public Works on January 30, 2014, the Borrower accepted the conditions required by the Lender to extend the maturity date of the Loan; and

**NOW, THEREFORE**, in consideration of the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, subject to the terms and conditions contained herein, the parties hereto agree as follows:

1. The first sentence of Paragraph 3 of the Loan Agreement, as amended, is amended to read as follows:

   "The principal amount of the Loan shall mature and be due and payable on January 31, 2015."

2. In connection with this Sixth Amendment, the Borrower issues and executes a Sixth Allonge to Promissory Note, which has been attached to the Promissory Note, as an integral part of this Sixth Amendment, with the purposes of incorporating into said Promissory Note the agreements and amendments herein contained.

3. The Borrower covenants and agrees to pay to the Lender for this transaction a financial advisory fee of 57,077.23.

4. The parties agree that this Sixth Amendment does not constitute a novation of the obligations set forth in the Loan Agreement, as amended, and that all provisions of the Loan Agreement, as amended, not inconsistent with this Sixth Amendment, shall remain in full force and effect.

5. In the event that any provision of this Sixth Amendment is declared void or unenforceable, the remainder of this Sixth Amendment shall not be affected thereby and shall remain in full force and effect to the extent feasible in the absence of the void and unenforceable declaration.

6. Pursuant to Resolution 10197, adopted by the Board of Directors of the Bank on November 20, 2013, this Second Amendment to Loan Agreement is intended as a declaration of intent under U.S. Treasury Department Regulation Section 1.150-2.

29253 v.2

AAFAF_CONF_0003602

**IN WITNESS WHEREOF,** the Borrower and the Lender have caused this Sixth Amendment to be executed and delivered by their respective officers thereunto duly authorized, in San Juan, Puerto Rico, on the date or dates set forth below.

**GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO**

_____
Jorge A. Clivillés
Fiscal Agent

**PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY**

_____
Javier E. Ramos Hernández
Executive Director

Testimony No. 782 —

Recognized and subscribed before me by Javier E. Ramos Hernández, as Executive Director of the Puerto Rico Highway and Transportation Authority, of legal age, married, executive and resident of Bayamón, Puerto Rico, personally known to me.

In San Juan, Puerto Rico, on February 4, 2014.

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

_____
Notary Public

Testimony No. 789 —

Recognized and subscribed before me by Jorge A. Clivillés, as Fiscal Agent of the Government Development Bank for Puerto Rico, of legal age, married, executive and resident of San Juan, Puerto Rico, personally known to me.

In San Juan, Puerto Rico, on February 4, 2014.

_____
Notary Public

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

29253 v.2

## SEVENTH AMENDMENT TO LOAN AGREEMENT

This **SEVENTH AMENDMENT TO LOAN AGREEMENT** (the "Seventh Amendment"), dated as of May 20, 2015 by and between the **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** (the "Authority" or the "Borrower"), acting through its Executive Director, Carmen A. Villar-Prados, and the **GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO** (the "Bank" or the "Lender"), acting through its Executive Vice President and Fiscal Agent, Jorge A. Clivillés-Díaz.

### W I T N E S S E T H

**WHEREAS**, on March 19, 2008 the Authority and the Bank executed a Loan Agreement (the "Loan Agreement"), and corresponding Promissory Note, for the principal non revolving amount of **ONE HUNDRED FORTY MILLION DOLLARS ($140,000,000)**, to provide interim financing for the Authority's Construction Improvements Program for Fiscal Year 2008 ("Loan");

**WHEREAS**, on October 30, 2009 the Authority and the Bank executed a First Amendment to Loan Agreement to extend the maturity date of the Loan to September 30, 2010;

**WHEREAS**, on October 8, 2010 the Authority and the Bank executed a Second Amendment to Loan Agreement to extend the maturity date of the Loan to June 30, 2011;

**WHEREAS**, on May 19, 2011 the Authority and the Bank executed a Third Amendment to Loan Agreement to, among other things, extend the maturity date of the Loan to August 31, 2012;

**WHEREAS**, a Fourth Amendment to Loan Agreement was executed by the Authority on July 6, 2012 and by the Bank on July 9, 2012 in order to extend the maturity date to January 31, 2013 and to increase the maximum amount of the Loan by **ELEVEN MILLION TWO HUNDRED THIRTY ONE THOUSAND SEVEN HUNDRED FIFTY SIX DOLLARS AND EIGHTY THREE CENTS ($11,231,756.83)**, subject to certain terms and conditions;

**WHEREAS**, a Fifth Amendment to Loan Agreement was executed by the Authority and the Bank on February 14, 2013 to extend the maturity date to January 31, 2014;

**WHEREAS**, a Sixth Amendment to Loan Agreement was executed by the Authority and the Bank on February 4, 2014 to extend the maturity date to January 31, 2015;



31276

**WHEREAS,** pursuant to the terms of Resolution 10554 adopted by the Board of Directors of the Bank on December 17, 2014, the Bank approved the extension of the maturity date of the Loan to January 31, 2016; and

**WHEREAS,** pursuant to Resolution Number 2015-07 adopted by the Board of Directors of the Authority on January 15, 2015, the Authority accepted the conditions required by the Lender to extend the maturity date of the Loan.

**NOW, THEREFORE**, in consideration of the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, subject to the terms and conditions contained herein, the parties hereto agree as follows:

1. The first sentence of Paragraph 3 of the Loan Agreement, as amended, is amended to read as follows:

> "The principal amount of the Loan shall mature and be due and payable on January 31, 2016."

2. The Loan Agreement, as amended, is further amended to include as an additional source of repayment, the revenues allocated by Act No. 30 and Act No. 31 of June 25, 2013, pledged and granted in favor of the Bank pursuant to that certain Assignment and Security Agreement between the Authority and the Bank dated as of August 28, 2013.

3. The Executive Director of the Authority and the Secretary of the Department of Transportation and Public Works shall make a presentation to Lender's Board of Directors about the Authority's finances and the progress in the implementation of their medium and long term plans to take care of the fiscal situation of the Authority in an expeditious and effective manner, further to the new income already enacted. This presentation shall take place prior to the disbursement by the Bank of any amount, if there are still Loan funds available for disbursement.

4. In connection with this Seventh Amendment, the Borrower issues and executes a Seventh Allonge to Promissory Note, which has been attached to the Promissory Note, as an integral part of this Seventh Amendment, with the purposes of incorporating into said Promissory Note the agreements and amendments herein contained.

5. The Borrower covenants and agrees to pay to the Lender for this transaction a financial advisory fee of Fifty-Seven Thousand Seventy-Seven Dollars with Twenty-Five Cents ($57,077.25).

6. The parties agree that this Seventh Amendment does not constitute a novation of the obligations set forth in the Loan Agreement, as amended, and that all provisions of

31276

the Loan Agreement, as amended, not inconsistent with this Seventh Amendment, shall remain in full force and effect.

7. The President, the Executive Vice President of Financing or any Executive Vice President of the Bank, are authorized to direct the resources and revenues of the Authority allocated under Act No. 30 and Act No. 31 of June 25, 2013, for the repayment of existing loans and any other amounts that the Bank charges regarding the outstanding obligations of the Authority.

8. In the event that any provision of this Seventh Amendment is declared to be void or unenforceable, the remainder of this Seventh Amendment shall not be affected thereby and shall remain in full force and effect to the extent feasible in the absence of the void and unenforceable declaration.

9. This Seventh Amendment may be executed in any number of counterparts and by different parties hereto in separate counterparts, each of which when so executed and delivered shall be deemed to be an original and all of which taken together shall constitute but one and the same agreement.

10. Pursuant to Resolution 10554, adopted by the Board of Directors of the Bank on December 17, 2014, this Seventh Amendment to Loan Agreement is intended as a declaration of intent under U.S. Treasury Department Regulation Section 1.150-2.

## [SIGNATURES AS FOLLOWS]

31276

**IN WITNESS WHEREOF,** the Borrower and the Lender have caused this Seventh Amendment to be executed and delivered by their respective officers thereunto duly authorized, in San Juan, Puerto Rico.

| | |
|---|---|
| **GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO** | **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** |

_____          _____
Jorge A. Clivillés-Díaz                              Carmen A. Villar-Prados
Executive Vice President                          Executive Director
and Fiscal Agent

Testimony No. -484-

Recognized and subscribed before me by Carmen A. Villar-Prados, as Executive Director of the Puerto Rico Highway and Transportation Authority, of legal age, married, engineer and resident of Guaynabo, Puerto Rico, and by Jorge A. Clivillés Díaz, as Executive Vice President and Fiscal Agent of the Government Development Bank for Puerto Rico, of legal age, married, executive and resident of San Juan, Puerto Rico, both personally known to me.

In San Juan, Puerto Rico, on May 20, 2015.

_____
Notary Public

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

31276