# LOAN AGREEMENT

This **LOAN AGREEMENT**, dated as of October *30*, 2009 by and between the **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** (the "Authority" or the "Borrower") and the **GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO** (the "Bank" or the "Lender"),

## WITNESSETH

**WHEREAS**, the Authority accepted an offer from certain holders of the Authority's $400,000,000 Subordinated Transportation Revenue Refunding Bonds (Series 2008A) (the "Bonds");

**WHEREAS**, Banco Popular de Puerto Rico, one of the holders of the Bonds, confirmed its decision not to extend the maturity on $100,000,000 aggregate principal amount of Bonds held by it, requiring payment in full of such Bonds prior to effecting the extension;

**WHEREAS**, the Authority had no financial resources to repay this portion of the Bonds, which were to become due on August 29, 2009;

**WHEREAS**, failure to prepay the Bonds would represent a default on the terms and conditions of the Bonds;

**WHEREAS**, the Authority proposed to repay this interim financing with the proceeds of the next bond issue to be made by the Authority; and

**WHEREAS**, on August 28, 2009, the Bank provided such financing in the amount of $100,000,000 and received Note No. 001, titled United States of America, Commonwealth of Puerto Rico, Puerto Rico Highways and Transportation Authority, for the same amount, payable to the order of the Bank on demand, as authorized by Resolution EC-2009-05 adopted by the Executive Committee of the Board of Directors of the Bank on August 28, 2009, subject to conditions set forth in Resolution EC-209-05.

**NOW, THEREFORE**, in consideration of the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. Subject to the terms and conditions contained herein, the Lender hereby provides the Borrower a non-revolving line of credit in an aggregate principal of **ONE HUNDRED MILLION DOLLARS ($100,000,000)** (the "Loan") for the




Document 25381

AAFAF_CONF_0004249

purpose of paying $100,000,000 aggregate principal amount of Banco Popular de Puerto Rico's portion of the Authority's $400,000,000 Subordinated Transportation Revenue Refunding Bonds (Series 2008A).

2. The principal amount of the Loan shall mature and be due and payable on August 30, 2011. Said principal amount shall be payable solely from proceeds of bonds to be issued by the Authority pursuant to the provisions of the respective sections of the Resolutions or from any available moneys of the Authority. The President of the Bank is hereby authorized to extend further, if necessary, the maturity date of the Loan from time to time, but in no event will the maturity of the Loan be extended beyond August 30, 2013. The Loan shall bear interest from the date of disbursement, August 28, 2009, until paid in full at the rate of prime e plus 150 basis points per annum, or the rate determined by the President of the Bank or his designee, depending on the interest rate market. Interest shall be payable monthly in arrears not later than the tenth Banking Day following receipt from the Bank of the statement referred to in the next sentence of this paragraph, from any available moneys of the Authority. Each month the Bank shall furnish to the Authority a written statement showing the amount of interest due and payable by the Authority on the Loan for the preceding month. For the purposes of this Agreement, "Banking Day" means a day on which commercial banks are open for business in San Juan, Puerto Rico. The Authority may prepay the Loan at any time without penalty or premium. The Loan shall be junior and subordinate to outstanding bonds of the Authority and shall be subject to certain other terms and conditions, to be included in the Loan Agreement.

3. The Loan shall be evidenced by a Promissory Note for the principal amount of **ONE HUNDRED MILLION DOLLARS ($100,000,000),** subscribed on this same date by the Borrower and payable to the order of the Lender, which will replace the Demand Note executed by Borrower on August 28, 2009.

4. If there is no disbursement activity on this Loan for a period of six months after its approval by the Board of Director of the Bank, the loan shall be cancelled automatically.

5. This Resolution is intended to be a declaration of official intent under U.S. Treasury Department Regulation Section 1.150-2.

6. The President, the Executive Vice President, any Senior Vice President, or any Vice President of the Bank are hereby authorized to take all actions necessary of them to carry out the provisions of this Loan Agreement, and to include other terms and conditions necessary to protect the Bank's interest.




Document 25381

AAFAF_CONF_0004250

7. Payment of principal and interest on the Line of Credit shall be made in any coin or currency of the United States of America, which at the time of payment shall be legal tender for the payment of public and private debts.

8. No amendment or waiver of any provisions of this Agreement or consent to any departure by the Borrower herefrom shall be effective unless the same shall be in writing and signed by the Lender and then such waiver or consent shall be effective only in the specific instance and for the specific purpose for which given.

9. Any notices which may be given to either party hereunder shall be in writing, and if addressed to the Lender, sent to the offices of the Lender located at Roberto Sánchez Vilella f/k/a Minillas Government Center, de Diego Avenue, San Juan, Puerto Rico, 00940, Attention: Mr. Fernándo Batlle Hernaiz, or to such other address or person as the Lender may hereafter notify the Borrower in writing, and if addressed to the Borrower, sent to the address of the Borrower: Puerto Rico Highway and Transportation Authority, Roberto Sánchez Vilella f/k/a Minillas Government Center, de Diego Avenue, San Juan, Puerto Rico, 00940, Attention: Ruben A. Hernández Gregorat, or such other address or person as the Borrower may hereafter notify the Lender in writing. Any such notice, if delivered personally or by facsimile transmission, shall be effective on the date when given, and if sent by mail, shall be effective three (3) Banking Days after posting.

10. The Borrower shall from time to time, upon request by the Lender, promptly provide the Lender with such information as to its finances and operations as the Lender shall reasonably request.



11. The Borrower waives the requirements of demand, presentment, protest, notice of dishonor, and, in general, any other legal formality.

12. If the Borrower defaults in making any payment when due under this Agreement, the Lender may declare the Loan to be immediately due and payable. In case of recourse to the courts by the Lender in order to collect the whole or any portion of the principal or interest due, the Borrower agrees to pay a liquidated sum equal to 10% of the amount of the Loan to cover expenses of such proceedings, court costs, disbursements and attorney's fees, which amount will become immediately due and payable upon the filing of such judicial proceedings.

13. This Agreement shall be binding upon and inure to the benefit of the Borrower and the Lender and their respective successors and assigns. The Lender may assign to any other financial institution all or any part of or any

Document 25381

AAFAF_CONF_0004251

interest in, the Lender's rights hereunder and in the Loan, and to the extent of such assignment such assignee shall have the same rights against the Borrower hereunder as does the Lender. The Borrower may not assign any of its rights nor delegate any of its obligations hereunder without the Lender's prior written consent. This Agreement shall be governed by, and the rights and obligations of the parties hereunder shall be construed in accordance with the laws of the Commonwealth of Puerto Rico.

**IN WITNESS THEREOF**, the Borrower and the Lender have caused this Agreement to be executed and delivered by their respective officers thereunto duly authorized, as of the date first above written.

| | |
|---|---|
| **GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO** | **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** |
| By: _____ | By: _____ |
| Fernando Batlle Hernaiz<br>Executive Vice President | Rubén A. Hernández Gregorat<br>Executive Director |

Testimony No. _334_

Recognized and subscribed before me by Rubén A. Hernández Gregorat as Executive Director of the Puerto Rico Highway and Transportation Authority, of legal age, married and resident of Guaynabo, Puerto Rico, and Fernando L. Batlle Hernaíz, as Executive Vice President for Financing and Treasury at the Government Development Bank for Puerto Rico, of legal age, married and resident of San Juan, Puerto Rico, both personally known to me.

In San Juan, Puerto Rico, on October 30, 2009.

_____
Notary Public

Document 25381

AAFAF_CONF_0004252

## FIRST AMENDMENT TO LOAN AGREEMENT

This **FIRST AMENDMENT TO LOAN AGREEMENT**, dated December 21, 2009 by and between the **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** (the "Authority" or the "Borrower") and the **GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO** (the "Bank" or the "Lender").

### W I T N E S S E T H

**WHEREAS**, on October 30, 2009 the Authority and the Bank executed a Loan Agreement (the "Loan Agreement"), and corresponding promissory note, for the principal non revolving amount of **ONE HUNDRED MILLION DOLLARS** ($100,000,000) (the "Loan"), for the purpose of paying $100,000,000 aggregate principal amount of Banco Popular de Puerto Rico's portion of the Authority's $400,000,000 Subordinated Transportation Revenue Refunding Bonds (Series 2008A);

**WHEREAS**, there are $300,000,000 Subordinated Transportation Revenue Refunding Bonds (Series 2008A) that mature and become payable to Citigroup Global Markets, Inc. and Banco Bilbao Viscaya Argentaria on December 21, 2009 (the "Series 2008A Bonds");

**WHEREAS**, the Authority presently has no financial resources to repay these Bonds;

**WHEREAS**, failure to repay the Series 2008 A Bonds would represent a default on the terms and conditions of the Bonds;

**WHEREAS**, the Authority expects to repay this interim financing with the proceeds of a future bond issue to be made by the Authority after taking all the necessary steps to improve its current financial condition; and

**WHEREAS**, the Board of Directors of the Bank on December 16, 2009, authorized the President of the Bank to increase to $300,000,000 to the existing $100,000,000 line of credit to the Authority for the purpose of refinancing the outstanding balance of the Series 2008A Bonds;




**NOW, THEREFORE**, in consideration of the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, subject to the terms and conditions contained herein, the parties hereto agree as follows:

1. The Paragraph 1 of the Loan Agreement is amended to read as follows:

AAFAF_CONF_0004194

"Subject to the terms and conditions contained herein, the Lender hereby provides the Borrower a non-revolving line of credit in an aggregate principal of **FOUR HUNDRED MILLION DOLLARS** ($400,000,000) (the "Loan") for the purpose of refinacing $400,000,000 aggregate principal amount of the Authority's $400,000,000 Subordinated Transportation Revenue Refunding Bonds (Series 2008A)."

2. To effect the foregoing amendment to the Loan Agreement, a First Allonge to Promissory Note is executed by the Authority, on this same date.

3. The parties agree that this First Amendment to Loan Agreement does not constitute a novation of the obligations set forth in the Loan Agreement, and that all provisions of the Loan Agreement, not inconsistent with this First Amendment to Loan Agreement, shall remain in full force and effect.

4. This agreement is intended to be a declaration of official intent under U.S. Treasury Department Regulation Section 1.150-2.

**[Signature Page Follows]**



**IN WITNESS WHEREOF,** the Borrower and the Lender have caused this First Amendment to Loan Agreement to be executed and delivered by their respective officers thereunto duly authorized, in San Juan, Puerto Rico.

GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO

PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY

By: _____
Fernando L. Batlle
Executive Vice President

By: _____
Rubén A. Hernández Gregorat
Executive Director


Affidavit No. 1747

Acknowledged and subscribed before me by Rubén A. Hernández Gregorat as Executive Director of the Puerto Rico Highway and Transportation Authority, of legal age, married and resident of Guaynabo, Puerto Rico, of legal age, married and resident of Guaynabo, Puerto Rico, both personally known to me.

In San Juan, Puerto Rico, on December 21, 2009.

_____
Notary Public

Affidavit No. 464

Acknowledged and subscribed before me by Fernando L. Batlle Hernaiz, as Executive Vice President for Financing and Treasury of Government Development Bank for Puerto Rico, of legal age, married and resident of Guaynabo, Puerto Rico, both personally known to me.

In San Juan, Puerto Rico, on December 21, 2009.

_____
Notary Public

AAFAF_CONF_0004196

## SECOND AMENDMENT TO LOAN AGREEMENT

This **SECOND AMENDMENT TO LOAN AGREEMENT**, dated September 2, 2011 by and between the **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** (the "Authority" or the "Borrower") and the **GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO** (the "Bank" or the "Lender").

### W I T N E S S E T H

**WHEREAS**, on October 30, 2009 the Authority and the Bank executed a Loan Agreement (the "Original Loan Agreement"), and corresponding Promissory Note, for the principal non revolving amount of **ONE HUNDRED MILLION DOLLARS** ($100,000,000) (the "Loan"), for the purpose of paying $100,000,000 aggregate principal amount of Banco Popular de Puerto Rico's portion of the Authority's $400,000,000 Subordinated Transportation Revenue Refunding Bonds (Series 2008A); and

**WHEREAS**, on December 21, 2009, the parties executed a First Amendment to the Loan Agreement to increase the line of credit to $400,000,000 to refinance the outstanding balance of the Series 2008A Bonds (the Original Loan Agreement, as amended by First Amendment to Loan Agreement, dated December 21, 2009, and collectively the "Loan Agreement"). A First Amendment to Promissory Note (Allonge) was also executed on December 21, 2009;

**WHEREAS**, the Authority has requested this second amendment to the Loan Agreement to extend the maturity date and to increase the amount of the Loan to cover accrued interests until its maturity and the financial services fee payable to the Lender;

**WHEREAS**, pursuant to Resolution 9518, adopted by the Board of Directors of the Bank on June 15, 2011, the Bank has authorized a Second Amendment to the Loan Agreement to increase the Loan by the sum of $77,624,333.50 for a total amount not to exceed $477,624,333.50 to cover accrued interest until maturity, and the amount corresponding to financial service fee, and also, the extension of the maturity date, subject to certain terms and conditions;

**WHEREAS**, pursuant to Resolution 2011-51, issued by the Secretary of the Puerto Rico Department of Transportation and Public Works on September 1, 2011, the Authority has been authorized to agree to the terms and conditions established by the Bank;

**NOW, THEREFORE**, in consideration of the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

27597

AAFAF_CONF_0004204

1.     The Loan Agreement is amended to increase the principal amount of the Loan by $77,624,333.50 for a total amount not to exceed $477,624,333.50, for the sole purpose of cover accrued interests on the Loan until its maturity calculated in a sum of $77,425,529.93; and the financial services fee payable to the Lender in an amount equal to $198,803.57.

2.     The principal amount of the Loan, as amended, and any unpaid interest shall mature and be due and payable on January 31, 2013.

3.     If Authority does not pay the principal amount of the Loan when it becomes due and payable, the Authority shall pay the Bank a default interest rate on any such outstanding principal amount equivalent to 200 basis points over the otherwise applicable interest rate.

4.     If Authority does not pay the principal amount of the Loan when it becomes due and payable, or does not pay interest when due, Lender may, at its sole option, without notice to Authority and to the fullest extent allowed by law, set off and apply any other available moneys (including deposits of any kind) of the Authority against any such unpaid principal amount or unpaid accrued interest.

5.     Prior to any disbursement from the Loan, Authority will provide Lender a duly executed Notice of Drawing, as established in Section 3 of the Loan Agreement, and made part of this Agreement as Exhibit A. This Exhibit A substitutes the form to request Advances attached as Exhibit B of Loan Agreement.

The Authority agrees to provide any additional information required by Lender, including but not limited to, invoices, statements, receipts, reports, bills, among other documents.



6.     To effect the foregoing Second Amendment to the Loan Agreement, as amended, a Second Allonge to Promissory Note is executed by the Authority, on this same date.

7.     All other terms and conditions of the Loan Agreement, as amended, shall remain unaltered and in full force and effect.  The parties agree that this Second Amendment to Loan Agreement does not constitute a novation of the obligations set forth in the Loan Agreement, and its related Promissory Note, both as amended, and that all provisions not inconsistent with this Second Amendment to Loan Agreement, shall remain unchanged, binding and in full force and effect. Unless otherwise specified, all acronyms or capitalized words referenced herein shall have the meaning set forth in the Loan Agreement.

8. In the event that any provision of this Second Amendment to Loan Agreement shall be held to be invalid in any circumstance, such invalidity shall not affect any other provisions or circumstances.

**IN WITNESS WHEREOF**, the Borrower and the Lender have caused this Second Amendment to Loan Agreement to be executed and delivered by their respective officers thereunto duly authorized, in San Juan, Puerto Rico.

**GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO**

By: _____
José R. Otero Freiría
Executive Vice President

**PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY**

By: _____
Rubén A. Hernández Gregorat
Secretary of Transportation and
Public Works and Executive
Director of the Puerto Rico
Highway and Transportation
Authority

Affidavit No. ⁻374⁻

Acknowledged and subscribed before me by Rubén A. Hernández Gregorat as Secretary of Transportation and Public Works and Executive Director of the Puerto Rico Highway and Transportation Authority, of legal age, married and resident of Guaynabo, Puerto Rico, of legal age, married and resident of Guaynabo, Puerto Rico and by José R. Otero Freiría, as Executive Vice President for Financing of the Government Development Bank for Puerto Rico, of legal age, married and resident of Dorado, Puerto Rico, both personally known to me.

In San Juan, Puerto Rico, on September 2, 2011.



_____
Notary Public

AAFAF_CONF_0004206

## THIRD AMENDMENT TO LOAN AGREEMENT

This **THIRD AMENDMENT TO LOAN AGREEMENT**, dated February 14, 2013 by and between the **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** (the "Authority" or the "Borrower") and the **GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO** (the "Bank" or the "Lender").

### W I T N E S S E T H



**WHEREAS**, on October 30, 2009 the Authority and the Bank executed a Loan Agreement (the "Original Loan Agreement"), and corresponding Promissory Note, for the principal non revolving amount of **ONE HUNDRED MILLION DOLLARS** ($100,000,000) (the "Loan"), for the purpose of paying $100,000,000 aggregate principal amount of Banco Popular de Puerto Rico's portion of the Authority's $400,000,000 Subordinated Transportation Revenue Refunding Bonds (Series 2008A);

**WHEREAS**, on December 21, 2009, the parties executed a First Amendment to the Loan Agreement to increase the line of credit to $400,000,000 to refinance the outstanding balance of the Series 2008A Bonds (the "First Amendment to Loan Agreement"). A First Allonge to Promissory Note was also executed on December 21, 2009;

**WHEREAS**, on September 2, 2011 the parties executed a Second Amendment to the Loan Agreement to increase the Loan by the sum of $77,624,333.50 for a total amount not to exceed $477,624,333.50 to cover accrued interest until maturity, and the amount corresponding to financial service fee, and also, to extend the maturity date to January 31, 2013 (the "Second Amendment to Loan Agreement") (the Original Loan Agreement, as amended by the First Amendment to Loan Agreement and the Second Amendment to Loan Agreement, are collectively hereinafter referred to as the "Loan Agreement"). A Second Allonge to Promissory Note was also executed on September 2, 2011;

**WHEREAS**, the Authority has requested this third amendment to the Loan Agreement to extend the maturity date;

**WHEREAS**, pursuant to Resolution 9948, adopted by the Board of Directors of the Bank on January 17, 2013, the Bank has authorized a Third Amendment to Loan Agreement in order to extend the maturity date to January 31, 2014, subject to certain terms and conditions; and

**WHEREAS**, pursuant to Resolution Number 2013-16, issued by Miguel A. Torres Díaz, Secretary of the Puerto Rico Department of Transportation and Public Works on

29255 v.2

AAFAF_CONF_0004215

January 31, 2013, the Authority has been authorized to agree to the terms and conditions established by the Bank.

**NOW, THEREFORE**, in consideration of the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1.  The principal amount of the Loan, as amended, and any unpaid interest shall mature and be due and payable on January 31, 2014.

2.  Borrower acknowledges that no additional funds shall be drawn from the Loan unless the same has been incremented or reactivated in the future through an authorizing resolution approved by the Board of Directors or the Executive Committee of the Board of Directors of the Lender.

3.  To effect this Third Amendment to Loan Agreement, a Third Allonge to Promissory Note is executed by the Authority, on this same date.

4.  The Borrower covenants and agrees to pay to the Lender for this transaction a financial advisory fee of One Hundred Sixty Five Thousand Eight Hundred Seventy Four Dollars and Seventy Eight Cents ($165,874.78).

5.  All other terms and conditions of the Loan Agreement, as amended, shall remain unaltered and in full force and effect.  The parties agree that this Third Amendment to Loan Agreement does not constitute a novation of the obligations set forth in the Loan Agreement, and its related Promissory Note, both as amended, and that all provisions not inconsistent with this Third Amendment to Loan Agreement, shall remain unchanged, binding and in full force and effect. Unless otherwise specified, all acronyms or capitalized words referenced herein shall have the meaning set forth in the Loan Agreement.

6.  In the event that any provision of this Third Amendment to Loan Agreement is declared to be void of unenforceable, the remainder of this Third Amendment to Loan Agreement shall not be affected thereby and shall remain in full force and effect to the extent feasible in the absence of the void and unenforceable declaration.

7.  This Third Amendment to Loan Agreement may be executed in any number of counterparts and by different parties hereto in separate counterparts, each of which when so executed and delivered shall be deemed to be an original and all of which taken together shall constitute but one and the same agreement.

**[SIGNATURE PAGE FOLLOWS]**



2

29255 v.2

AAFAF_CONF_0004216

**IN WITNESS WHEREOF**, the Borrower and the Lender have caused this Third Amendment to Loan Agreement to be executed and delivered by their respective officers thereunto duly authorized, in San Juan, Puerto Rico.

**GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO**

**PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY**

By: _____

By: _____

Ian Figueroa
Executive Vice President and
Director of Financing

Javier E. Ramos Hernández
Executive Director

Testimony No. _459_

Recognized and subscribed before me by Javier E. Ramos Hernández, as Executive Director of the Puerto Rico Highway and Transportation Authority, of legal age, married, executive and resident of Bayamón, Puerto Rico, personally known to me.

In San Juan, Puerto Rico, on February _14_, 2013.

_____
Notary Public

Testimony No. _460_

Recognized and subscribed before me by Ian Figueroa, as Executive Vice President and Director of Financing of the Government Development Bank for Puerto Rico, of legal age, married, executive and resident of San Juan, Puerto Rico, personally known to me.

In San Juan, Puerto Rico, on February _14_, 2013.

_____
Notary Public

3

29255 v.2

AAFAF_CONF_0004217

## FOURTH AMENDMENT TO LOAN AGREEMENT

This **FOURTH AMENDMENT TO LOAN AGREEMENT**, by and between the **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** (the "Authority" or the "Borrower") and the **GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO** (the "Bank" or the "Lender").

### W I T N E S S E T H

**WHEREAS,** on October 30, 2009 the Authority and the Bank executed a Loan Agreement (the "Original Loan Agreement"), and corresponding Promissory Note, for the principal non revolving amount of **ONE HUNDRED MILLION DOLLARS** ($100,000,000) (the "Loan"), for the purpose of paying $100,000,000 aggregate principal amount of Banco Popular de Puerto Rico's portion of the Authority's $400,000,000 Subordinated Transportation Revenue Refunding Bonds (Series 2008A);

**WHEREAS,** on December 21, 2009, the parties executed a First Amendment to the Loan Agreement to increase the line of credit to $400,000,000 to refinance the outstanding balance of the Series 2008A Bonds (the "First Amendment to Loan Agreement"). A First Allonge to Promissory Note was also executed on December 21, 2009;

**WHEREAS,** on September 2, 2011 the parties executed a Second Amendment to Loan Agreement to increase the Loan by the sum of $77,624,333.50 for a total amount not to exceed $477,624,333.50 to cover accrued interest until maturity and the amount corresponding to financial services fee, as well as to extend the maturity date of the Loan to January 31, 2013,

**WHEREAS,** on February 14, 2013 the parties executed a Third Amendment to Loan Agreement to extend the maturity date of the Loan (the Original Loan Agreement, as amended, by the First Amendment to Loan Agreement, the Second Amendment to Loan Agreement, and the Third Amendment to Loan Agreement, are collectively hereinafter referred to as the "Loan Agreement").

**WHEREAS,** the Authority has again requested amending the Loan Agreement to extend the maturity date of the Loan;

**WHEREAS,** pursuant to Resolution Number 10197, adopted by the Board of Directors of the Bank on November 20, 2013, the Bank authorized a Fourth Amendment to Loan Agreement , subject to certain terms and conditions; and

**WHEREAS,** pursuant to Resolution Number 2014-04, issued by Miguel A. Torres Díaz, Secretary of the Puerto Rico Department of Transportation and Public

30254

AAFAF_CONF_0004227

Works on January 30, 2014, the Authority has been authorized to agree to the terms and conditions established by the Bank.

**NOW, THEREFORE**, in consideration of the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1.   The principal amount of the Loan, as amended, and any unpaid interest shall mature and be due and payable on January 31, 2015.

2.   To effect this Fourth Amendment to Loan Agreement, a Fourth Allonge to Promissory Note is executed by the Authority, on this same date.

3.   The Borrower covenants and agrees to pay to the Lender for this transaction a financial advisory fee of One Hundred Sixty Seven Thousand Eight Hundred Seventy Four Dollars and Seventy Eight Cents ($167,874.78).

4.   All other terms and conditions of the Loan Agreement, as amended, shall remain unaltered and in full force and effect.   The parties agree that this Third Amendment to Loan Agreement does not constitute a novation of the obligations set forth in the Loan Agreement, and its related Promissory Note, both as amended, and that all provisions not inconsistent with this Fourth Amendment to Loan Agreement, shall remain unchanged, binding and in full force and effect. Unless otherwise specified, all acronyms or capitalized words referenced herein shall have the meaning set forth in the Loan Agreement.

5.   In the event that any provision of this Fourth Amendment to Loan Agreement is declared to be void of unenforceable, the remainder of this Fourth Amendment to Loan Agreement shall not be affected thereby and shall remain in full force and effect to the extent feasible in the absence of the void and unenforceable declaration.

6.   Pursuant to Resolution 10197, adopted by the Board of Directors of the Bank on November 20, 2013, this Fourth Amendment to Loan Agreement is intended as a declaration of intent under U.S. Treasury Department Regulation Section 1.150-2.

**[SIGNATURE PAGE FOLLOWS]**

29255 v.2

2

AAFAF_CONF_0004228

**IN WITNESS WHEREOF**, the Borrower and the Lender have caused this Fourth Amendment to Loan Agreement to be executed and delivered by their respective officers thereunto duly authorized, in San Juan, Puerto Rico.

**GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO**

By: _____

Jorge A. Clivillés Díaz
Fiscal Agent

**PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY**

By: _____

Javier E. Ramos Hernández
Executive Director

Testimony No. 774

Recognized and subscribed before me by Javier E. Ramos Hernández, as Executive Director of the Puerto Rico Highway and Transportation Authority, of legal age, married, executive and resident of Bayamón, Puerto Rico, personally known to me.

In San Juan, Puerto Rico, on February, 4, 2014.

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

_____
Notary Public

Testimony No. 786 digo, 785 m en

Recognized and subscribed before me by Jorge A. Clivillés Díaz as Fiscal Agent of the Government Development Bank for Puerto Rico, of legal age, married, executive and resident of San Juan, Puerto Rico, personally known to me.

In San Juan, Puerto Rico, on February, 4, 2014.

_____
Notary Public

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

29255 v.2

3

AAFAF_CONF_0004229

## FIFTH AMENDMENT TO LOAN AGREEMENT

This **FIFTH AMENDMENT TO LOAN AGREEMENT**, dated as of May 20, 2015, is entered into by and between the **PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY** (the "Authority" or the "Borrower"), a public corporation of the Commonwealth of Puerto Rico created by Act 74 of June 23, 1965, as amended, represented herein by its Executive Director, Carmen A. Villar Prados, of legal age, married and resident of Guaynabo, Puerto Rico, and the **GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO** (the "Bank" or the "Lender"), a public corporation of the Commonwealth of Puerto Rico created by Act 17 of September 23, 1948, as amended, represented herein by its Executive Vice President and Fiscal Agent, Jorge A. Clivillés Díaz, of legal age, married and resident of San Juan, Puerto Rico.

## WITNESSETH

WHEREAS, on October 30, 2009, the Authority and the Bank executed a Loan Agreement (the "Original Loan Agreement"), and corresponding Promissory Note, for the principal non revolving amount of **ONE HUNDRED MILLION DOLLARS ($100,000,000)** (the "Loan"), for the purpose of paying $100,000,000 aggregate principal amount of Banco Popular de Puerto Rico's portion of the Authority's $400,000,000 Subordinated Transportation Revenue Refunding Bonds (Series 2008A);

WHEREAS, on December 21, 2009, the parties executed a First Amendment to the Loan Agreement (the "First Amendment to Loan Agreement") and a First Allonge to Promissory Note to increase the line of credit to $400,000,000 to refinance the outstanding balance of the Series 2008A Bonds;

WHEREAS, on September 2, 2011, the parties executed a Second Amendment to Loan Agreement (the "Second Amendment to Loan Agreement") and a Second Allonge to Promissory Note to increase the Loan by an additional $77,624,333.50, for a total amount not to exceed $477,624,333.50, in order to cover accrued interest until maturity and the amount corresponding to financial services fee, as well as to extend the maturity date of the Loan to January 31, 2013;

WHEREAS, on February 14, 2013, the parties executed a Third Amendment to Loan Agreement (the "Third Amendment to Loan Agreement") and a Third Allonge to Promissory Note to extend the maturity date of the Loan to January 31, 2014;

WHEREAS, on February 4, 2014, the parties executed a Fourth Amendment to Loan Agreement (the "Fourth Amendment to Loan Agreement") (the Original Loan Agreement, as amended by the First Amendment to Loan Agreement, the Second Amendment to Loan Agreement, the Third Amendment to Loan Agreement, and the Fourth Amendment to Loan Agreement are collectively hereinafter referred to as the

31283

DS-046553

**IN WITNESS WHEREOF**, the Borrower and the Lender have caused this Fifth Amendment to Loan Agreement to be executed and delivered by their respective officers thereunto duly authorized, in San Juan, Puerto Rico.

**GOVERNMENT DEVELOPMENT BANK**
**FOR PUERTO RICO**

**PUERTO RICO HIGHWAY AND**
**TRANSPORTATION AUTHORITY**

By: _____
Jorge A. Clivillés Díaz
Executive Vice President
and Fiscal Agent

By: _____
Carmen A. Villar Prados
Executive Director

Testimony No. 741

Recognized and subscribed before me by Jorge A. Clivillés Díaz, as Executive Vice President and Fiscal Agent of the Government Development Bank for Puerto Rico, of legal age, married and resident of San Juan, Puerto Rico, and by Carmen A. Villar Prados, as Executive Director of the Puerto Rico Highways and Transportation Authority, of legal age, married, and resident of Guaynabo, Puerto Rico, both whom are personally known to me.

In San Juan, Puerto Rico, on May 20, 2015.

_____
Notary Public

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

31283

4

DS-046554

"Loan Agreement") and a Fourth Allonge to Promissory Note to extend the maturity date of the Loan to January 31, 2015;

**WHEREAS**, as of December 31, 2014, the Loan had an outstanding principal balance of $400,000,000.00, and accrued interests for the amount of $75,850,162.52;

**WHEREAS**, the management of the Bank has recommended to amend the Loan Agreement with the purpose of further extending the maturity date of the Loan, among other terms and conditions;

**WHEREAS**, pursuant to Resolution Number 10554, adopted by the Board of Directors of the Bank on December 17, 2014 (the "Resolution 10554"), the Bank authorized to extend the maturity date of the Loan to January 31, 2016, subject to certain terms and conditions; and

**WHEREAS**, pursuant to Resolution Number 2015-07, adopted by the Board of Directors of the Authority on January 15, 2015, the Authority has accepted the terms and conditions required by the Bank to extend the maturity date of the Loan as set forth in Resolution 10554.

**NOW, THEREFORE**, in consideration of the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. The principal amount of the Loan, as amended, and any unpaid interest shall mature and be due and payable on January 31, 2016.

2. The Loan Agreement, as amended, is further amended to include as an additional source of repayment the revenues allocated by Act No. 30 and Act No. 31 of June 25, 2013, pledged and granted in favor of the Bank pursuant to that certain Assignment and Security Agreement between the Authority and the Bank dated as of August 28, 2013.

3. Pursuant to this Fifth Amendment to Loan Agreement, a Fifth Allonge to Promissory Note is executed by the Authority on this date.

4. The Borrower covenants and agrees to pay to the Lender for this transaction a financial advisory fee of **One Hundred Sixty Five Thousand Eight Hundred Seventy Four Dollars and Seventy Eight Cents ($165,874.78).**

5. The Executive Director of the Authority and the Secretary of the Department of Transportation and Public Works shall make a presentation to the Lender's Board of Directors regarding the Authority's finances and the progress in the implementation of their medium and long term plans to expeditiously and effectively address the fiscal



2

31283

situation of the Authority, in addition to the new revenues that have been already enacted. This presentation shall take place prior to the disbursement by the Bank of any funds, if there are still Loan funds available for disbursement.

6.   The President, the Executive Vice President of Financing or any Executive Vice President of the Bank, are authorized to direct the resources and revenues of the Authority allocated under Act No. 30 and Act No. 31 of June 25, 2013 for the repayment of existing loans and any other amounts that the Bank charges regarding the outstanding obligations of the Authority.

7.   All other terms and conditions of the Loan Agreement, as amended, shall remain unaltered and in full force and effect. The parties agree that this Fifth Amendment to Loan Agreement does not constitute a novation of the obligations set forth in the Loan Agreement and its related Promissory Note, both as amended, and that all provisions not inconsistent with this Fifth Amendment to Loan Agreement, shall remain unchanged, binding and in full force and effect. Unless otherwise specified, all acronyms or capitalized words referenced herein shall have the meaning set forth in the Loan Agreement.

8.   In the event that any provision of this Fifth Amendment to Loan Agreement is declared to be void of unenforceable, the remainder of this Fifth Amendment to Loan Agreement shall not be affected thereby and shall remain in full force and effect to the extent feasible in the absence of the void and unenforceable declaration.

6.   Pursuant to Resolution 10554, this Fifth Amendment to Loan Agreement is intended as a declaration of intent under U.S. Treasury Department Regulation Section 1.150-2.


**[SIGNATURES ON THE NEXT PAGE]**



31283

3

### FIFTH ALLONGE TO PROMISSORY NOTE

**$477,624,333.50**                                   **Maturity Date:  January 31, 2016**

The Promissory Note executed on October 30, 2009 by Rubén A. Hernández Gregorat as Executive Director of Puerto Rico Highways and Transportation Authority (the "Authority"), initially for the amount of $100,000,000, before notary public Meraris Ambert Cabrera, affidavit number 338, as amended by (i) First Allonge to Promissory Note executed on December 21, 2009 by Rubén A. Hernández Gregorat, before notary public Ivette M. Cancel Orsini, affidavit number 1748, as amended by (ii) Second Allonge to Promissory Note executed on September 2, 2011 by Rubén A. Hernández Gregorat, before notary public Zoraya Betancourt Calzada, affidavit number 395, as amended by (iii) Third Allonge to Promissory Note executed on February 14, 2013 by Javier E. Ramos Hernández as Executive Director of the Auhtority, before notary public Belén Fornaris Alfaro, affidavit number 458, as amended by (iv) Forth Allonge to Promissory Note executed on February 4, 2014 by Javier E. Ramos Hernández, before notary public María de Lourdes Rodríguez, affidavit number 775, is hereby further amended to extend the maturity date of the Loan to January 31, 2016.

This Fifth Allonge to Promissory Note is executed in connection with the Fifth Amendment to Loan Agreement between the Puerto Rico Highways and Transportation Authority and the Government Development Bank for Puerto Rico executed on this same date.  All other provisions of the referenced Promissory Note, as amended, not inconsistent with this Fifth Allonge to Promissory Note, shall remain unaltered and in full force and effect.

**IN WITNESS WHEREOF,** the Puerto Rico Highways and Transportation Authority has caused this Fifth Amendment to Promissory Note to be signed by its Executive Director in San Juan, Puerto Rico, on May 20, 2015.

PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY

By: _____

Carmen A. Villar Prados
Executive Director

Testimony No. 740

Recognized and subscribed before me by Carmen A. Villar Prados, as Executive Director of the Puerto Rico Highways and Transportation Authority, of legal age, married and resident of Guaynabo, Puerto Rico, personally known to me.

In San Juan, Puerto Rico, on May 20, 2015.

_____
Notary Public

EXENTO DEL PAGO DE ARANCEL
47 DE 4 DE JUNIO DE 1982

31283

DS-046557