## LOAN AGREEMENT

This **LOAN AGREEMENT**, dated as of July 13, 2010 by and between the **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** (the "Authority" or the "Borrower") and the **GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO** (the "Bank" or the "Lender"),

### WITNESSETH

**WHEREAS**, the Authority needs an interim financing to fund payments due under two separate settlement agreements to resolve the disputes under certain ongoing litigation which respect to the construction of Tren Urbano's infrastructure, operation, and maintenance;

**WHEREAS**, the Bank is willing to provide such interim financing in an amount not to exceed **SIXTY THREE MILLION DOLLARS** ($63,000,000) in accordance with the terms and conditions herein below set forth; and

**WHEREAS**, the Authority proposed to repay this interim financing with the proceeds of a future bond issue to be made by the Authority after taking all necessary steps to improve its current financial condition or with other available funds of the Authority;

**NOW, THEREFORE**, in consideration to the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. Subject to the terms and conditions contained herein, the Lender hereby agrees to provide the Borrower a non-revolving line of credit in an aggregate principal amount not to exceed **SIXTY THREE MILLION DOLLARS** ($63,000,000) for the exclusive purpose of providing the Authority with funds to pay the settlement amounts due to Siemens Transportation Partnership Puerto Rico, S.E., Alternate Concepts Inc., and Juan Requena & Associates, (collectively "Consortium"), and Acciona Infraestructura S.A., Redondo Entrecanales S. E., Necso Redondo S.E. and Iglesias Vázquez & Associates Ingeniero PSC, (collectively "Acciona"), pursuant to final settlement agreements, as approved by the President or the Executive Vice President of Financing and Treasury of the Bank and related to the construction of Tren Urbano's



26198 v.3

AAFAF_CONF_0002972

infrastructure, operation, and maintenance ("Loan"). The line of credit shall be evidenced by a Promissory Note for the principal amount of **SIXTY THREE MILLION DOLLARS** ($63,000,000), subscribed on this same date by the Borrower and payable to the order of the Lender.

2. The Borrower will request the funds in one or more drawings ("Drawings") only for the purpose above mentioned and as approved by Resolution 9296 duly adopted by the Bank's Board of Directors on May 19, 2010. The Borrower shall request each Drawing by written notice to the Lender and signed by any authorized officer of the Borrower with at least three (3) Banking Days before such Drawing. Borrower shall use the Notice of Drawing Form included as Exhibit I to request each Drawing. Notice of Drawing from the Borrower, once received by the Lender, shall be irrevocable. For the purposes of this Loan Agreement, "Banking Day" means a day on which commercial banks are open for business in San Juan, Puerto Rico.

3. The drawings will be as follows subject to changes agreed between the parties:

| Amount | Date | Group |
|---|---|---|
| $10,000,000 | July 15, 2010 | Consortium |
| 5,000,000 | Sept. 15, 2010 | |
| 18,000,000 | July 15, 2011 | |
| 19,000,000 | July 15, 2012 | |
| 10,000,000 Or 6,000,000 5,000,000 | July 15, 2010 Or July 15, 2010 July 15, 2011 | Acciona |

4. The principal amount of the Loan shall mature and be due and payable on August 30, 2012. The Lender's President is hereby authorized to extend the maturity date of the Loan from time to time, if necessary, but in no event will the maturity date of the Loan be extended beyond August 30, 2013. The Borrower hereby agrees to repay the outstanding aggregate principal amount of the Loan at the principal office of the Lender in San Juan, Puerto Rico. Said principal amount shall be payable from any available moneys of the Authority.

26198 v.3

AAFAF_CONF_0002973

Each Drawing shall bear interest daily from the date such Drawing is made until its repayment at a variable rate of interest per annum equal to Prime Rate plus 150 basis points, as determined from time to time in good faith by the Lender, or, upon written notice to the Borrower, at a variable rate of interest per annum, which interest rate may be revised periodically, equal to the Lender's cost of funding for variable rate loan transactions or the cost of any other obligations or source of funds used to fund the Loan. For purposes of this Loan Agreement, such interest rate shall not exceed twelve (12) percent and shall not be less than six (6) percent. Interest shall be calculated on the basis of a 360-day year of twelve 30-day months. Interest for any period of less than one calendar month shall be calculated on the basis of the actual number of days elapsed during that month. Interest shall be payable monthly in arrears not later than the tenth Banking Day following receipt from the Lender of the statement referred to in the next sentence of this paragraph, from any available moneys of the Authority. Each month the Bank shall furnish to the Authority a written statement showing the amount of interest due and payable by the Authority on the Loan for the preceding month.

The Authority may prepay the Loan at any time without premium or penalty. The Loan shall be junior and subordinate to outstanding bonds of the Borrower.

The President of the Bank or the duly authorized Executive Vice President of the Bank may modify the interest rate at anytime at their full discretion, depending on the interest rate market.

5. The Bank agreed to execute a guaranty of payment in favor of Siemens Transportation Partnership Puerto Rico, S.E., for the punctual payments of all amounts required to be paid by the Authority to the Consortium as set forth in Section 2 and 4 of the Settlement Agreement dated as of May 28, 2010, a copy of which is attached hereto as Exhibit II (the "Settlement Agreement").

6. If the Authority fails, neglects or refuses to timely or fully satisfy its payments obligations with Consortium, as expressly provided by the terms and conditions of the Settlement Agreement and as abovementioned, the Bank shall immediately satisfy such payment obligation as agreed in the Guaranty Agreement, dated as of June 25, 2010 (the "Guaranty Agreement"). In that case, the Authority shall be subject to the terms and conditions of the Reimbursement Agreement dated as of July 13, 2010 (the "Reimbursement

26198 v.3

Agreement"). A copy of both mentioned agreements are attached hereto as Exhibit III.

7. If the line of credit comes due and payable, the Borrower hereby agrees to pay a default interest rate on the principal outstanding amount calculated on the basis of Prime Rate plus four (4) percent.

8. This Agreement will be subject to a renewal fee. In that case, the Borrower agrees to pay a renewal fee equal to 1/16 of the 1% of the total amount of the Loan.

9. Payment of principal of and interest on the Loan shall be made in any coin or currency of the United States of America, which at the time of payment shall be legal tender for the payment of public and private debts.

10. The Borrower waives the requirements of demand, presentment, protest, notice of dishonor, and, in general, any other legal formality.

11. If the Borrower defaults in making any payment when due under this Loan Agreement, the Lender may declare the Loan to be immediately due and payable. In case of recourse to the courts by the Lender in order to collect the whole or any portion of the principal or interest due, the Borrower agrees to pay a liquidated sum equal to 10% of the amount of the Loan to cover expenses of such proceedings, court costs, disbursements and attorney's fees, which amount will become immediately due and payable upon the filing of such judicial proceedings.

12. The Borrower shall from time to time, upon reasonable request by the Lender, promptly provide the Lender with such information as to its finances, operations or any report or information related to the settlement agreements.




13. The Authority releases and hold harmless the Bank from any and all claims, demands, actions, liabilities and causes of actions of every kind and character, whether asserted or unasserted, whether known or unknown, suspected or unsuspected, in law or equity, which the Authority had, now have, or hereinafter can, shall, or may have arising out of or relating to responsibilities, obligations or any matter or event related to the Settlement Agreement and all other agreements between the Authority and Consortium or Acciona. Notwithstanding the before mentioned, nothing set forth in this

26198 v.3

AAFAF_CONF_0002975

release shall be construed to limit the obligations and rights of the Bank under this Loan Agreement or the Reimbursement Agreement in connection with the Guaranty Agreement.

14. No amendment or waiver of any provisions of this Loan Agreement, or consent to any departure herefrom by the Borrower shall be effective unless the same shall be in writing and signed by the Lender and then such waiver or consent shall be effective only in the specific instance and for the specific purpose for which given.

15. Any notices which may be given to either party hereunder shall be in writing, and if addressed to the Lender, sent to the offices of the Lender located at Roberto Sanchez Vilella Government Center, De Diego Avenue, San Juan, Puerto Rico 00940, Attn: Executive Vice President of Financing, or to such other address or person as the Lender may hereafter notify the Borrower in writing; and if addressed to the Borrower, sent to the offices of the Borrower, located at Roberto Sánchez Vilella Government Center, South Building, San Juan, Puerto Rico 00940, Attn: Executive Director, or to such other address or person as the Borrower may hereafter notify the Lender in writing. Any such notice, if delivered personally, by facsimile or electronic mail, shall be effective three Banking Days after posting.

16. This Loan Agreement is intended to be a declaration of official intent under U.S. Treasury Department Regulation Section 1.150-2.



17. This Loan Agreement shall be binding upon and inure to the benefit of the Borrower and the Lender and their respective successors and assigns. The Lender may assign to any other financial institution all or any part of or any interest in, the Lender's rights hereunder and in the Loan, and to the extent of such assignment such assignee shall have the same rights against the Borrower hereunder as does the Lender. The Borrower may not assign any of its rights nor delegate any of its obligations hereunder without the Lender's prior written consent. This Loan Agreement shall be governed by, and the rights and obligations of the parties hereunder shall be construed in accordance with the laws of the Commonwealth of Puerto Rico.

26198 v.3

AAFAF_CONF_0002976

**IN WITNESS WHEREOF**, the Borrower and the Lender have caused this Loan Agreement to be executed and delivered by their respective officers thereunto duly authorized, in San Juan, Puerto Rico.

**GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO**

By: _____
Fernando L. Batlle Hernaíz
Executive Vice President

**PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY**

By: _____
Rubén A. Hernández Gregorat
Secretary of Transportation and
    Public Works
Executive Director PRHTA

Affidavit No.: -259-

Recognized and subscribed before me by Rubén A. Hernández Gregorat as Secretary of Transportation and Public Works and Executive Director of the Puerto Rico Highway and Transportation Authority, of legal age, married and resident of Guaynabo, Puerto Rico, and Fernando L. Batlle Hernaíz, as Executive Vice President of the Government Development Bank for Puerto Rico, of legal age, married and resident of San Juan, Puerto Rico, both personally known to me.

In San Juan, Puerto Rico, on July 13, 2010.



_____
Notary Public

26198 v.3

AAFAF_CONF_0002977

## FIRST AMENDMENT TO LOAN AGREEMENT

This **FIRST AMENDMENT TO LOAN AGREEMENT** ("Agreement"), dated as of July 6, 2012 by and between the **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** (the "Borrower"), acting through its Secretary, Rubén A. Hernández Gregorat, and the **GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO** (the "Lender"), acting through its Executive Vice President and Director of Financing, José Otero Freiría.

All capitalized terms used but not defined herein shall have the meaning given to such terms in the Loan Agreement described hereafter.

### WITNESSETH

**WHEREAS**, on July 13, 2010 the Borrower and the Lender executed a Loan Agreement (the "Loan Agreement") for the principal non revolving amount of **SIXTY THREE MILLION DOLLARS ($63,000,000)**, in order to provide interim financing to fund payments due under two separate settlement agreements to resolve the disputes under certain ongoing litigation with respect to the construction of Tren Urbano's infrastructure, operation, and maintenance (the "Loan");

**WHEREAS**, the Loan was evidenced by a Promissory Note payable to the Borrower on August 30, 2012, issued on the same date as the Loan Agreement, for the amount of **SIXTY THREE MILLION DOLLARS ($63,000,000)** (the "Promissory Note");

**WHEREAS**, pursuant to the terms of Resolution 9726 adopted by the Board of Directors of the Lender on February 22, 2012, the Lender approved the extension of the maturity date of the Loan up to January 31, 2013, and the increase of the maximum amount of the Loan by **FOUR MILLION ONE HUNDRED NINETEEN THOUSAND FIVE HUNDRED NINETY FOUR DOLLARS AND FORTY CENTS ($4,119,594.40)**, subject to certain terms and conditions;

**WHEREAS**, the aforementioned increase in the principal aggregate amount of the Loan has been approved to cover the capitalization of accrued interests up to and including January 31, 2013 ($4,092,334.60) and the corresponding financial advisory fees ($27,259.80);

**WHEREAS**, pursuant to Resolution Number 2012-29 issued by the Secretary of the Puerto Rico Department of Transportation and Public Works, the Borrower accepted the conditions required by the Lender to extend the maturity date of the Loan Agreement and increase the maximum amount permitted to be outstanding under the Loan Agreement, subject to certain conditions;

28559

AAFAF_CONF_0003108

NOW, THEREFORE, in consideration to the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1.  Paragraph 1 of the Loan Agreement is hereby amended by deleting said Paragraph 1 in its entirety and replacing it with the following:

    "Subject to the terms and conditions contained herein, the Lender hereby agrees to provide the Borrower a non-revolving line of credit in an aggregate principal amount not to exceed SIXTY SEVEN MILLION ONE HUNDRED NINETEEN THOUSAND FIVE HUNDRED NINETY FOUR DOLLARS AND FORTY CENTS ($67,119,594.40) for the exclusive purpose of providing the Authority with funds to pay the settlement amounts due to Siemens Transportation Partnership Puerto Rico, S.E., Alternate Concepts Inc., and Juan Requena & Associates, (collectively "Consortium"), and Acciona Infraestructura S.A., Redondo Entrecanales S. E., Necso Redondo S.E. and Iglesias Vázquez & Associates Ingeniero PSC, (collectively "Acciona"), pursuant to final settlement agreements, as approved by the President or the Executive Vice President of Financing and Treasury of the Bank and related to the construction of Tren Urbano's infrastructure, operation, and maintenance, including capitalized interests accrued up to and including January 31, 2013 ($4,092,334.60) plus financing fees ($27,259.80) ("Loan"). The line of credit shall be evidenced by a Promissory Note for the principal amount of SIXTY SEVEN MILLION ONE HUNDRED NINETEEN THOUSAND FIVE HUNDRED NINETY FOUR DOLLARS AND FORTY CENTS ($67,119,594.40), subscribed on this same date by the Borrower and payable to the order of the Lender."

2.  Paragraph 2 of the Loan Agreement is hereby amended by deleting said Paragraph 2 in its entirety and replacing it with the following:

    "The Borrower will request the funds in one or more drawings ("Drawings") only for the purposes above mentioned. The Borrower shall request each Drawing by written notice to the Lender and signed by any authorized officer of the Borrower with at least three (3) Banking Days before such Drawing. Borrower shall use the Notice of Drawing Form included as Exhibit I to request each Drawing. Notice of Drawing from the Borrower, once received by the Lender, shall be irrevocable. For the purposes of this Loan Agreement, "Banking Day" means a day on which commercial banks are open for business in San Juan, Puerto Rico."

28559

AAFAF_CONF_0003109

3. Prior to any disbursement from the Loan, Borrower will provide Lender a duly executed Notice of Drawing, as established in Paragraph 2 of the Loan Agreement, as amended herein, and made part of this Agreement as *Exhibit I*. This *Exhibit I* substitutes the Notice of Drawing Form attached as *Exhibit I* of the Loan Agreement.

4. Paragraph 4 of the Loan Agreement is hereby amended by deleting said Paragraph 4 in its entirety and replacing it with the following:

   "The principal amount of the Loan shall mature and be due and payable on January 31, 2013. The Lender's President is hereby authorized to extend the maturity date of the Loan from time to time, if necessary, but in no event will the maturity date of the Loan be extended beyond August 30, 2013. The Borrower hereby agrees to repay the outstanding aggregate principal amount of the Loan at the principal office of the Lender in San Juan, Puerto Rico. Said principal amount shall be payable from any available moneys of the Authority.

   Each Drawing shall bear interest daily from the date such Drawing is made until repayment at a variable rate of interest per annum equal to Prime Rate plus 150 basis points, as determined from time to time in good faith by the Lender, or, upon written notice to the Borrower, at a variable rate of interest per annum, which interest rate may be revised periodically, equal to the Lender's cost of funding for variable rate loan transactions or the cost of any other obligations or source of funds used to fund the Loan. For purposes of this Loan Agreement, such interest rate shall not exceed twelve (12) percent and shall not be less than six percent (6%). Interest shall be calculated on the basis of a 360-day year of twelve 30-day months. Interest for any period of less than one calendar month shall be calculated on the basis of the actual number of days elapsed during that month. Interests shall be payable at maturity.

   The Authority may prepay the Loan at any time without premium or penalty. The Loan shall be junior and subordinate to outstanding bonds of the Borrower.

   The President of the Bank or the duly authorized Executive Vice President of the Bank may modify the interest rate at any time at their full discretion, depending on the interest rate market."

5. If the Borrower fails to pay the principal amount of the Loan when it becomes due and payable, or does not pay interest when due, the Lender may, at its sole option, without notice to Borrower and to the fullest extent allowed by law, set off and

28559

AAFAF_CONF_0003110

4

apply against the Loan any other available moneys (including deposits of any kind) of the Borrower held by the Lender against any such unpaid principal amount or unpaid accrued interest..

6. The parties furthermore agree that the Lender reserves the right to request additional information needed prior to processing any disbursements from the Loan, including, but not limited to, copies of invoices.

7. On the date hereof, the Borrower issues and executes a document titled First Amendment to Promissory Note (Allonge), which has been attached to the Promissory Note, as an integral part of this Agreement, with the purposes of incorporating to said Promissory Note the agreements and amendments herein contained.

8. The Borrower covenants and agrees to pay to the Lender for this transaction a financial advisory fee of Twenty Seven Thousand Two Hundred Fifty Nine Dollars and Eighty Cents ($27,259.80).

9. The parties agree that this Agreement does not constitute a novation of the obligations set forth in the Loan Agreement and that all provisions of the Loan Agreement, not inconsistent with this Agreement, shall remain in full force and effect, including but not limited to, the terms and obligations of the Borrower as set forth in the Reimbursement Agreement and the Guaranty Agreement.



10. This Agreement may be executed in any number of counterparts and by different parties hereto in separate counterparts, each of which when so executed and delivered shall be deemed to be an original and all of which taken together shall constitute but one and the same agreement.

11. In the event that any provision of this Agreement is declared to be void of unenforceable, the remainder of this Agreement shall not be affected thereby and shall remain in full force and effect to the extent feasible in the absence of the void and unenforceable declaration.

**[Signature Page Follows]**

28559

AAFAF_CONF_0003111

5

**IN WITNESS WHEREOF,** the Borrower and the Lender have caused this First Amendment to Loan Agreement to be executed and delivered by their respective officers thereunto duly authorized, in San Juan, Puerto Rico.

**GOVERNMENT DEVELOPMENT**          **PUERTO RICO HIGHWAY AND**
**BANK FOR PUERTO RICO**            **TRANSPORTATION AUTHORITY**

_____           _____
José R. Otero Freiría               Rubén A. Hernández Gregorat
Executive Vice President and        Secretary of Transportation and Public Works
Director of Financing               Executive Director PRHTA

Affidavit No. 387

Recognized and subscribed before me by Rubén A. Hernández Gregorat, as Secretary of Transportation and Public Works and Executive Director of the Puerto Rico Highway and Transportation Authority, of legal age, married, executive and resident of Guaynabo, Puerto Rico, personally known to me. In San Juan, Puerto Rico, on July 6, 2012.

_____
Notary Public

Affidavit No. 390

Recognized and subscribed before me by José R. Otero Freiría, as Executive Vice President of Financing Area, of legal age, married, executive and resident of Dorado, Puerto Rico, personally known to me. In San Juan, Puerto Rico, on July 9, 2012.

_____
Notary Public

28559

### SECOND AMENDMENT TO LOAN AGREEMENT

This **SECOND AMENDMENT TO LOAN AGREEMENT** ("Second Amendment"), dated as of May _6_, 2013 by and between the **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** (the "Borrower"), acting through its Executive Director, Javier E. Ramos Hernández, and the **GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO** (the "Lender"), acting through its Executive Vice President and Director of Financing, Ian J. Figueroa Toro.

All capitalized terms used but not defined herein shall have the meaning given to such terms in the Loan Agreement described hereafter.

### W I T N E S S E T H

**WHEREAS**, on July 13, 2010 the Borrower and the Lender executed a Loan Agreement (the "Loan Agreement") for the principal non revolving amount of **SIXTY THREE MILLION DOLLARS ($63,000,000)**, in order to provide interim financing to fund payments due under two separate settlement agreements to resolve the disputes under certain ongoing litigation with respect to the construction of Tren Urbano's infrastructure, operation, and maintenance (the "Loan");



**WHEREAS**, a First Amendment to Loan Agreement was executed by the Authority on July 6, 2012 and by the Bank on July 9, 2012, together with its corresponding First Amendment to Promissory Note, to extend the maturity date up to January 31, 2013 and to increase the maximum amount of the Loan by **FOUR MILLION ONE HUNDRED NINETEEN THOUSAND FIVE HUNDRED NINETY FOUR DOLLARS AND FORTY CENTS ($4,119,594.40)**, to a maximum amount not to exceed **SIXTY SEVEN MILLION ONE HUNDRED NINETEEN THOUSAND FIVE HUNDRED NINETY FOUR DOLLARS AND FORTY CENTS ($67,119,594.40)** subject to certain terms and conditions pursuant to the terms of Resolution 9726 adopted by the Lender's Board of Directors on February 22, 2012;

**WHEREAS**, pursuant to the terms of Resolution 9952 adopted by the Lender's Board of Directors on January 17, 2013, the Lender approved the extension of the maturity date of the Loan up to January 31, 2014, subject to certain terms and conditions;

**WHEREAS**, pursuant to Resolution Number 2013-11 issued by Miguel A. Torres Díaz, Secretary of the Puerto Rico Department of Transportation and Public Works on January 31, 2013, the Borrower accepted the conditions required by the Lender to extend the maturity date of the Loan Agreement, subject to certain conditions;

AAFAF_CONF_0003124

2

**NOW, THEREFORE**, in consideration to the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1.  The first sentence of Paragraph 4 of the Loan Agreement is hereby amended to read as follows:

    "The principal amount of the Loan shall mature and be due and payable on January 31, 2014."

2.  On the date hereof, the Borrower issues and executes a document titled Second Amendment to Promissory Note (Allonge), which has been attached to the Promissory Note, as an integral part of this Second Amendment, with the purposes of incorporating to said Promissory Note the agreements and amendments herein contained.



3.  The Borrower covenants and agrees to pay to the Lender for this transaction a financial advisory fee of Twenty Six Thousand Eight Hundred Forty Seven Dollars and Eighty Four Cents ($26,847.84).

4.  The parties agree that this Second Amendment does not constitute a novation of the obligations set forth in the Loan Agreement, as amended, and that all provisions of the Loan Agreement, as amended, not inconsistent with this Second Amendment, shall remain in full force and effect, including but not limited to, the terms and obligations of the Borrower as set forth in the Reimbursement Agreement and the Guaranty Agreement.

5.  This Second Amendment may be executed in any number of counterparts and by different parties hereto in separate counterparts, each of which when so executed and delivered shall be deemed to be an original and all of which taken together shall constitute but one and the same agreement.

6.  In the event that any provision of this Second Amendment is declared to be void of unenforceable, the remainder of this Second Amendment shall not be affected thereby and shall remain in full force and effect to the extent feasible in the absence of the void and unenforceable declaration.

**[Signature Page Follows]**

29402

3

**IN WITNESS WHEREOF**, the Borrower and the Lender have caused this Second Amendment to Loan Agreement to be executed and delivered by their respective officers thereunto duly authorized, in San Juan, Puerto Rico.

**GOVERNMENT DEVELOPMENT**
**BANK FOR PUERTO RICO**

Ian J. Figueroa Toro
Executive Vice President and
 Director of Financing

**PUERTO RICO HIGHWAY AND**
**TRANSPORTATION AUTHORITY**

Javier E. Ramos Hernández
Executive Director

Affidavit No. _499_

Recognized and subscribed before me by Javier E. Ramos Hernández, as Executive Director of Puerto Rico Highway and Transportation Authority, of legal age, married, engineer and resident of Bayamón, Puerto Rico, who is personally known to me.

In San Juan, Puerto Rico, on May ___6___, 2013.

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

_____
Notary Public

Affidavit No. _500_

Recognized and subscribed before me by Ian J. Figueroa Toro, as Executive Vice President and Director of Financing, of legal age, married, executive and resident of Dorado, Puerto Rico, personally known to me.
San Juan

In San Juan, Puerto Rico, on May ___6___, 2013.

_____
Notary Public

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

29402

AAFAF_CONF_0003126

## THIRD AMENDMENT TO LOAN AGREEMENT

This **THIRD AMENDMENT TO LOAN AGREEMENT** (the "Third Amendment"), dated as of January 31, 2014 by and between the **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** (the "Authority" or the "Borrower") and the **GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO** (the "Bank" or the "Lender").

All capitalized terms used but not defined herein shall have the meaning given to such terms in the Loan Agreement described hereafter.

### W I T N E S S E T H



**WHEREAS**, on July 13, 2010 the Borrower and the Lender executed a Loan Agreement (the "Loan Agreement") for the principal non revolving amount of **SIXTY THREE MILLION DOLLARS ($63,000,000)**, in order to provide interim financing to fund payments due under two separate settlement agreements to resolve the disputes under certain ongoing litigation with respect to the construction of Tren Urbano's infrastructure, operation, and maintenance (the "Loan");

**WHEREAS**, a First Amendment to Loan Agreement was executed by the Authority on July 6, 2012 and by the Bank on July 9, 2012, together with its corresponding First Amendment to Promissory Note (Allonge), to extend the maturity date up to January 31, 2013 and to increase the maximum amount of the Loan by **FOUR MILLION ONE HUNDRED NINETEEN THOUSAND FIVE HUNDRED NINETY FOUR DOLLARS AND FORTY CENTS ($4,119,594.40)**, to a maximum amount not to exceed **SIXTY SEVEN MILLION ONE HUNDRED NINETEEN THOUSAND FIVE HUNDRED NINETY FOUR DOLLARS AND FORTY CENTS ($67,119,594.40)** subject to certain terms and conditions pursuant to the terms of Resolution 9726 adopted by the Lender's Board of Directors on February 22, 2012;

**WHEREAS**, a Second Amendment to Loan Agreement was executed by the Authority and the Bank on May 6, 2013, together with its corresponding Second Amendment to Promissory Note (Allonge), to extend the maturity date up to January 31, 2013 subject to certain terms and conditions pursuant to the terms of Resolution 9952 adopted by the Lender's Board of Directors on January 17, 2014;

**WHEREAS**, by October 31, 2013, the Loan had an outstanding principal balance of $ 62,027,259.80, and accrued interests for the amount of $ 4,972,806.82;

**WHEREAS**, the Authority has requested, and the management of the Bank has recommended, to amend de Loan Agreement with the purpose of extending the maturity date:

30274

AAFAF_CONF_0003136

**WHEREAS**, on November 20, 2013, the Board of Directors of the Bank adopted Resolution 10197, authorizing to extend the maturity date of the Loan up to January 31, 2015, subject to certain terms and conditions;

**WHEREAS**, pursuant to Resolution Number 2014-04, adopted by the Secretary of Transportation and Public Works on January 30, 2014, the Authority accepted the terms and conditions established by the Bank as set forth in above referenced Resolution 10197.

**NOW, THEREFORE**, in consideration to the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. The first sentence of Paragraph 4 of the Loan Agreement is hereby amended to read as follows:

   "The principal amount of the Loan shall mature and be due and payable on January 31, 2015."

2. On the date hereof, the Borrower issues and executes a document titled Third Amendment to Promissory Note (Allonge), which has been attached to the Promissory Note, as an integral part of this Third Amendment, with the purposes of incorporating to said Promissory Note the agreements and amendments herein contained.

3. The Borrower covenants and agrees to pay to the Lender for this transaction a financial advisory fee of Twenty Six Thousand Eight Hundred Forty Seven Dollars and Eighty Four Cents ($26,847.84).

4. The parties agree that this Third Amendment does not constitute a novation of the obligations set forth in the Loan Agreement, as amended, and that all provisions of the Loan Agreement, as amended, not inconsistent with this Third Amendment, shall remain in full force and effect, including but not limited to, the terms and obligations of the Borrower as set forth in the Reimbursement Agreement and the Guaranty Agreement.

5. This Third Amendment may be executed in any number of counterparts and by different parties hereto in separate counterparts, each of which when so executed and delivered shall be deemed to be an original and all of which taken together shall constitute but one and the same agreement.

AAFAF_CONF_0003137

6. In the event that any provision of this Third Amendment is declared to be void of unenforceable, the remainder of this Third Amendment shall not be affected thereby and shall remain in full force and effect to the extent feasible in the absence of the void and unenforceable declaration.

7. The President, the Executive Vice President of Financing or any Executive Vice President of the Bank, are authorized to negotiate any other term or condition necessary in order to safeguard the best interests of the Bank.

8. Pursuant to Resolution 10197, adopted by the Board of Directors of the Bank on November 20, 2013, this Third Amendment is intended as a declaration of intent under U.S. Treasury Department Regulation Section 1.150-2.

**[Signature Page Follows]**

AAFAF_CONF_0003138

**IN WITNESS WHEREOF,** the Borrower and the Lender have caused this Third Amendment to Loan Agreement to be executed and delivered by their respective officers thereunto duly authorized, in San Juan, Puerto Rico.

GOVERNMENT DEVELOPMENT
BANK FOR PUERTO RICO

PUERTO RICO HIGHWAY AND
TRANSPORTATION AUTHORITY

_____

_____

Jorge A. Clivillés Díaz
Fiscal Agent

Javier E. Ramos Hernández
Executive Director

Affidavit No. 582

Recognized and subscribed before me by Javier E. Ramos Hernández, as Executive Director of Puerto Rico Highway and Transportation Authority, of legal age, married, engineer and resident of Bayamón, Puerto Rico, who is personally known to me.

In San Juan, Puerto Rico, on January 31, 2014.

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

_____
Notary Public

Affidavit No. 583

Recognized and subscribed before me by Jorge A. Clivillés Díaz as Fiscal Agent of the Government Development Bank for Puerto Rico, of legal age, married and resident of San Juan, Puerto Rico, who is personally known to me.

In San Juan, Puerto Rico, on January 31, 2014.

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

_____
Notary Public

AAFAF_CONF_0003139

## FOURTH AMENDMENT TO LOAN AGREEMENT

This **FOURTH AMENDMENT TO LOAN AGREEMENT** (the "Fourth Amendment"), dated as of May ~~20~~, 2015 by and between the **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** (the "Authority" or the "Borrower") and the **GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO** (the "Bank" or the "Lender").

All capitalized terms used but not defined herein shall have the meaning given to such terms in the Loan Agreement described hereafter.

### W I T N E S S E T H

**WHEREAS,** on July 13, 2010 the Borrower and the Lender executed a Loan Agreement (the "Loan Agreement") for the principal non revolving amount of **SIXTY THREE MILLION DOLLARS ($63,000,000)**, in order to provide interim financing to fund payments due under two separate settlement agreements to resolve the disputes under certain ongoing litigation with respect to the construction of Tren Urbano's infrastructure, operation, and maintenance (the "Loan");

**WHEREAS,** a First Amendment to Loan Agreement was executed by the Authority on July 6, 2012 and by the Bank on July 9, 2012, together with its corresponding First Amendment to Promissory Note (Allonge), to extend the maturity date up to January 31, 2013 and to increase the maximum amount of the Loan by **FOUR MILLION ONE HUNDRED NINETEEN THOUSAND FIVE HUNDRED NINETY FOUR DOLLARS AND FORTY CENTS ($4,119,594.40)**, to a maximum amount not to exceed **SIXTY SEVEN MILLION ONE HUNDRED NINETEEN THOUSAND FIVE HUNDRED NINETY FOUR DOLLARS AND FORTY CENTS ($67,119,594.40)** subject to certain terms and conditions pursuant to the terms of Resolution 9726 adopted by the Lender's Board of Directors on February 22, 2012;

**WHEREAS,** a Second Amendment to Loan Agreement was executed by the Authority and the Bank on May 6, 2013, together with its corresponding Second Amendment to Promissory Note (Allonge), to extend the maturity date up to January 31, 2014 subject to certain terms and conditions pursuant to the terms of Resolution 9952 adopted by the Lender's Board of Directors on January 17, 2014;

**WHEREAS,** a Third Amendment to Loan Agreement was executed by the Authority and the Bank on January 31, 2014, together with its corresponding Third Amendment to Promissory Note (Allonge), to extend the maturity date up to January 31, 2015 subject to certain terms and conditions pursuant to the terms of Resolution 10197 adopted by the Lender's Board of Directors on November 20, 2013;

2

WHEREAS, by December 31, 2014, the Loan had an outstanding principal balance of $ 62,027,259.80, and accrued interests for the amount of $9,314,715.02;

WHEREAS, the management of the Bank has recommended to further amend the Loan Agreement, as amended, with the purpose of extending the maturity date;

WHEREAS, on December 17, 2014, the Board of Directors of the Bank adopted Resolution 10554, authorizing to extend the maturity date of the Loan up to January 31, 2016, subject to certain terms and conditions; and

WHEREAS, pursuant to Resolution Number 2015-07, adopted by the Board of Directors of the Authority on January 15, 2015, the Authority accepted the terms and conditions established by the Bank as set forth in above referenced Resolution 10554.

NOW, THEREFORE, in consideration to the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. The parties agree to extend the maturity date of the Loan and include as an additional source of repayment the revenues of the Authority allocated under Act No. 30 and Act No. 31 of June 25, 2013. Therefore, the first paragraph of numbered Paragraph 4 of the Loan Agreement, as amended, is hereby amended to read as follows:

   "The principal amount of the Loan shall mature and be due and payable on January 31, 2016.   The Borrower hereby agrees to repay the outstanding aggregate principal amount of the Loan at the principal office of the Lender in San Juan, Puerto Rico.   Said principal amount shall be payable from any available moneys of the Authority, including the revenues allocated by Act No. 30 and Act No. 31 of June 25, 2013, pledged and granted in favor of the Bank pursuant to that certain Assignment and Security Agreement between the Authority and the Bank dated as of August 28, 2013."

2. The Executive Director of the Authority and the Secretary of the Department of Transportation and Public Works shall make a presentation to Lender's Board of Directors regarding the Authority's finances and the progress in the implementation of their medium and long term plans to expeditiously and effectively address the fiscal situation of the Authority, in addition to the new revenues that have been already enacted. This presentation shall take place prior to the disbursement by the Bank of any amount under the Loan Agreement, as amended, if there are still Loan funds available for disbursement.

31270

DS-057195

3

3. On the date hereof, the Borrower issues and executes a document titled Fourth Amendment to Promissory Note (Allonge), which has been attached to the Promissory Note, as an integral part of this Fourth Amendment, with the purposes of incorporating to said Promissory Note the agreements and amendments herein contained.

4. The Borrower covenants and agrees to pay to the Lender for this transaction a financial advisory fee of Twenty Six Thousand Eight Hundred Forty Seven Dollars and Eighty Four Cents ($26,847.84).

5. The parties agree that this Fourth Amendment does not constitute a novation of the obligations set forth in the Loan Agreement, as amended, and that all provisions of the Loan Agreement, as amended, not inconsistent with this Fourth Amendment, shall remain in full force and effect, including but not limited to, the terms and obligations of the Borrower as set forth in the Reimbursement Agreement and the Guaranty Agreement.

6. In the event that any provision of this Fourth Amendment is declared to be void of unenforceable, the remainder of this Fourth Amendment shall not be affected thereby and shall remain in full force and effect to the extent feasible in the absence of the void and unenforceable declaration.

7. The President, the Executive Vice President of Financing or any Executive Vice President of the Bank, are authorized to direct the resources and revenues of the Authority allocated under Act No. 30 and Act No. 31 of June 25, 2013 for the repayment of existing loans and any other amounts that the Bank charges regarding the outstanding obligations of the Authority.

8. Pursuant to Resolution 10554, adopted by the Board of Directors of the Bank on December 17, 2014, this Fourth Amendment is intended as a declaration of intent under U.S. Treasury Department Regulation Section 1.150-2.

**[Signature Page Follows]**



31270

DS-057196

4

**IN WITNESS WHEREOF,** the Borrower and the Lender have caused this Fourth Amendment to Loan Agreement to be executed and delivered by their respective officers thereunto duly authorized, in San Juan, Puerto Rico.

**GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO**

**PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY**

Jorge A. Clivillés Díaz
Executive Vice President and
 Fiscal Agent

Carmen A. Villar-Prados
Executive Director

Affidavit No. 727

Recognized and subscribed before me by Carmen A. Villar-Prados, as Executive Director of Puerto Rico Highway and Transportation Authority, of legal age, married, engineer and resident of Guaynabo, Puerto Rico and by Jorge A. Clivillés Díaz as Executive Vice President and Fiscal Agent of the Government Development Bank for Puerto Rico, of legal age, married, executive and resident of San Juan, Puerto Rico, both personally known to me.

In San Juan, Puerto Rico, on May 20, 2015.

Notary Public

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

31270