## CONTRATO DE PRÉSTAMO

DE LA PRIMERA PARTE: El **BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO**, una institución bancaria organizada y existente a tenor con la Ley Núm. 17, aprobada el 23 de septiembre de 1948, según enmendada, (el "BANCO"), representado en este acto por su Vicepresidente Ejecutivo de Financiamiento, José R. Otero Freiría, mayor de edad, casado y vecino de Dorado, Puerto Rico.

DE LA SEGUNDA PARTE: La **AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO**, una entidad jurídica, creada en virtud de la Ley Núm. 74 de 23 de junio de 1965, (la "AUTORIDAD"),   según enmendada, representada en este acto por Rubén A. Hernández Gregorat,  Director Ejecutivo de la Autoridad y Secretario del Departamento de Transportación y Obras Públicas, mayor de edad, casado, y vecino de Guaynabo, Puerto Rico, según autorizado por la Resolución Núm. 2011-66 de fecha 27 de octubre de 2011 emitida por el Departamento de Transportación y Obras Públicas de Puerto Rico.

### EXPONEN

POR CUÁNTO: La AUTORIDAD interesa obtener financiamiento  para sufragar la conversión al sistema autoexpreso en la PR 22 y PR 5 y para cubrir gastos operacionales.

POR CUÁNTO: El 21 de septiembre de 2011 la Junta de Directores del BANCO aprobó la Resolución Núm. 9624 para conceder a la AUTORIDAD una línea de crédito no rotativa por la suma máxima de SETENTA Y UN MILLONES CIENTO DIEZ Y NUEVE MIL QUINIENTOS OCHENTA Y NUEVE DÓLARES ($71,119,589) para los anteriores propósitos.



POR LO QUE, en consideración a los hechos afirmados anteriormente y a las representaciones, acuerdos y garantías que más adelante se exponen, las partes comparecientes acuerdan y convienen otorgar este Contrato de Préstamo.

## ARTÍCULO 1.

## PRÉSTAMO

**1.1   Línea de Crédito:**

Una vez se otorguen y suscriban los DOCUMENTOS LEGALES que se relacionan en el Artículo 4.1 de este CONTRATO DE PRÉSTAMO, el BANCO extenderá a la AUTORIDAD una LÍNEA DE CRÉDITO no rotatoria por la cantidad máxima de principal de SETENTA Y UN MILLONES CIENTO DIEZ Y NUEVE MIL QUINIENTOS OCHENTA Y NUEVE DÓLARES ($71,119,589), más intereses capitalizados.  De dicha suma de principal, la AUTORIDAD utilizará la suma de $11,397,243 para la conversión al sistema de Auto Expreso en la PR-22 y PR-5, y la suma de $59,722,346 para sufragar gastos operacionales del primer semestre del Año Fiscal 2012.

La LÍNEA DE CRÉDITO estará evidenciada por dos (2) PAGARÉS uno por la suma de por la suma $11,397,243 y otro por la suma de $59,722,346,  suscritos en la misma fecha que este CONTRATO DE PRÉSTAMO y pagaderos a la orden del BANCO.

**1.2   Tasa de Interés:**

La AUTORIDAD acuerda y conviene pagar intereses sobre el balance insoluto de la suma principal de la LÍNEA DE CRÉDITO, calculados sobre una base actual/360 días, a una tasa equivalente a la tasa *Prime Rate*  más 150 puntos base, la cual nunca será menor de 6%,  o la que el Presidente del BANCO o su representante autorizado determine, según el mercado de tasas de interés. Los intereses será capitalizados al



vencimiento Si en la fecha de vencimiento de la obligación de repago la AUTORIDAD no ha pagado el balance insoluto del principal, la AUTORIDAD pagará intereses sobre dicha suma computados a base de 200 puntos base sobre la tasa que le aplicaría bajo este CONTRATO DE PRÉSTAMO. La AUTORIDAD autoriza al BANCO y le confiere poder, sin que se requiera notificación alguna, para aplicar el derecho a compensación ("*set-off*") a las obligaciones que se originan en este CONTRATO DE PRÉSTAMO, realizando cualquier aplicación de pagos de cualquier suma de dinero perteneciente a la AUTORIDAD en poder del BANCO para el pago de la LÍNEA DE CRÉDITO e intereses acumulados, en caso de incumplimiento por la AUTORIDAD de sus obligaciones de pago bajo el CONTRATO DE PRÉSTAMO.

1.3   **Término y Fuente de Pago:**

El principal de la LÍNEA DE CRÉDITO más los intereses capitalizados será pagadera el 31 de agosto de 2013. La fuente de pagó será futuras emisiones de bonos y productos de futuras alianzas público privadas al igual que ingresos propios.

1.4   **Desembolsos:**

La AUTORIDAD deberá solicitar los desembolsos por escrito, con tres (3) días laborables de anticipación. La solicitud de desembolso incluirá un formulario de certificación (*notice of drawing*) igual al Anejo A de este Contrato, en el cual el Director Ejecutivo de la AUTORIDAD, o la persona que éste designe, certificará la necesidad de los fondos y la justificación para su uso. La AUTORIDAD deberá incluir, además, cualquier otra documentación que el BANCO a su entera discreción le solicite previo al desembolso, incluyendo, pero sin limitarse, a copias de facturas. Los desembolsos bajo este financiamiento están sujetos al cumplimiento de la  AUTORIDAD con el Área de

AAFAF_CONF_0003661

Agencia Fiscal para las condiciones estipuladas en el *Fiscal Oversight Agreement* (FOA) que la AUTORIDAD tenga vigente con el BANCO. La gerencia del BANCO asignará un auditor externo para verificar los gastos operacionales y autorizar los desembolsos, como condición para dichos desembolsos.

**ARTÍCULO 2.**

**ACUERDOS AFIRMATIVOS**

**2.1**   <u>**Otras Condiciones:**</u>

La AUTORIDAD conviene y acuerda:

(a) Proveerle al BANCO una certificación confirmando que los puestos cuyo personal renunció mediante la Ley Núm. 70 de 2 de julio de 2010, están y continúan congelados;

(b) Pagar al BANCO  la suma de $35,559.79 (1/20 de 1% de $71,119,589) por concepto de honorarios correspondientes a esta transacción, según la política vigente del BANCO, los cuales podrán ser incluidos como parte de este financiamiento, de ser necesario.

(c) Que los contratos por más de $10,000 sean aprobados por el Área de Agencia Fiscal del BANCO.

(d) Proveerle al BANCO la lista de contratos por tipo de servicios para ser revisada por el Área de Agencia Fiscal del BANCO.

Este CONTRATO DE PRÉSTAMO se otorga como una declaración oficial de intención bajo la regulación del Departamento del Tesoro de los Estados Unidos, Sección 1.150-2.

**2.1**   <u>**Causa de Incumplimiento:**</u>



La AUTORIDAD notificará al BANCO de cualquier condición, hecho o suceso que pueda constituir causa de incumplimiento o en virtud de cuya notificación o el mero transcurso del tiempo, o ambos, pueda constituir causa de incumplimiento, entregándole al BANCO una certificación suscrita por uno de sus oficiales, especificando la naturaleza de dicha causa, tiempo durante el cual ha existido, y qué curso de acción la AUTORIDAD se propone iniciar con relación a los mismos. Tal notificación deberá ser cursada al BANCO dentro de los diez (10) días siguientes a la ocurrencia del incumplimiento.

2.2    **Pago de Gestiones Extrajudiciales de Cobro, Honorarios, Gastos, etc.:**

A requerimiento del BANCO, la AUTORIDAD deberá rembolsar prontamente al BANCO el pago de las costas, gastos y honorarios de abogados incurridos por el BANCO en gestiones extrajudiciales de cobro de cualquier plazo en mora en relación con la LÍNEA DE CRÉDITO adeudada por la AUTORIDAD. La omisión de la AUTORIDAD de reembolsar dichas costas, gastos y honorarios de abogados constituirá causa de incumplimiento en la LÍNEA DE CRÉDITO.

Dichas costas, gastos y honorarios de abogados incurridos por el BANCO de conformidad con las disposiciones de este CONTRATO DE PRÉSTAMO serán reembolsados por la AUTORIDAD de inmediato al serle requeridos.

2.3    **Incumplimiento bajo los Documentos Legales:**

La AUTORIDAD conviene que cualquier incumplimiento de los términos del PAGARÉ y/o la carta de compromiso, será considerado simultáneamente incumplimiento con este CONTRATO DE PRÉSTAMO y viceversa, y de ocurrir el mismo el BANCO tendrá inmediatamente el derecho de ejecutar cualesquiera de los

derechos y privilegios que puedan conferir cualquiera de los DOCUMENTOS LEGALES.

2.4    **Autorización para Tomar Prestado:**

La AUTORIDAD ha tomado las medidas apropiadas y necesarias, oficiales o de otro tipo, para autorizar el otorgamiento y entrega de los DOCUMENTOS LEGALES sin limitación alguna.

**ARTÍCULO 3.**

**INCUMPLIMIENTOS**

3.1    **Causas de Incumplimiento:**

Cada una de las siguientes constituirá una causa de incumplimiento bajo los términos de este CONTRATO DE PRÉSTAMO:

3.1.1    si cualquier representación dada o extendida por la AUTORIDAD al BANCO en cualquiera de los trámites y DOCUMENTOS LEGALES, o si cualquier informe, garantía o certificado financiero o de otra índole provisto al BANCO en relación con este CONTRATO DE PRÉSTAMO resultare falso o engañoso;

3.1.2    la falta de pago de principal e intereses y sus penalidades, si alguna, de la LÍNEA DE CRÉDITO a su fecha de vencimiento de acuerdo con los términos de cualquiera de los DOCUMENTOS LEGALES;

3.1.3    el incumplimiento o violación por la AUTORIDAD de cualquiera de los términos, cláusulas y condiciones pactadas con el BANCO en los Artículos 1 y 2 de este CONTRATO DE PRÉSTAMO; o



3.1.4    la omisión por la AUTORIDAD de remediar o subsanar dentro de un plazo de treinta (30) días de su ocurrencia, sin notificación previa escrita por parte del BANCO, cualquier incumplimiento a los términos, cláusulas y condiciones de este CONTRATO DE PRÉSTAMO. Esto no aplica a los términos y condiciones relacionadas con las obligaciones de pago de la LÍNEA DE CRÉDITO, ya que la AUTORIDAD deberá cumplir estrictamente con dicho pago a su vencimiento.

3.2    **Remedios:**

Ante la ocurrencia de cualquiera de las causas de incumplimiento enumeradas en el Artículo 3.1 de este CONTRATO DE PRÉSTAMO, y si dicho incumplimiento no es subsanado o remediado según dispuesto, sin que sea necesario que medie notificación alguna del incumplimiento, a cuyos derechos la AUTORIDAD mediante el presente otorgamiento renuncia, el BANCO podrá:

3.2.1    proceder a reclamar el pago del balance insoluto de la LÍNEA DE CRÉDITO;

3.2.2    radicar un procedimiento judicial solicitando el cumplimiento específico de cualquier término, cláusula o condición de cualquiera de los DOCUMENTOS LEGALES, o un entredicho ("injunction") provisional o permanente para impedir que la AUTORIDAD viole cualquiera de dichos términos, cláusulas y condiciones; o

3.2.3    ejercitar cualquier otro remedio a que tenga derecho bajo las leyes del Estado Libre Asociado de Puerto Rico.





## ARTÍCULO 4.

### DISPOSICIONES MISCELÁNEAS

4.1   **Documentos Legales:**

Según utilizado en este CONTRATO DE PRÉSTAMO, el término DOCUMENTOS LEGALES significa:

1. PAGARÉ

2. CONTRATO DE PRÉSTAMO

4.2   **Renuncias, Alivios, Prórrogas, Tolerancias y Remedios Adicionales:**

Ninguna dilación o demora por parte del BANCO o de cualquier tenedor o dueño del PAGARÉ en el ejercicio de cualquier derecho, facultad o remedio que pueda tener conforme a los términos de cualquiera de los DOCUMENTOS LEGALES se considerará como una renuncia, limitación o disminución de los mismos, como tampoco el ejercicio parcial o exclusivo de cualquiera de los mismos será óbice para que subsiguientemente sean ejercitados en su totalidad, incluyendo, pero sin limitarse a ello, el derecho de compensación.  Los remedios a favor del BANCO dispuestos en los DOCUMENTOS LEGALES se considerarán adicionales a, y no excluyentes de, cualquier otro remedio contemplado en ley.  Para que todo alivio, prórroga o tolerancia extendida por el BANCO a la AUTORIDAD, o cualquier enmienda a este CONTRATO DE PRRÉSTAMO, sea efectiva, deberá constar por escrito suscrito por un oficial autorizado del BANCO, que especificará el alcance del alivio, prórroga, tolerancia o enmienda concedida.  Todo alivio, prórroga, tolerancia o enmienda concedida será válida  únicamente para la ocurrencia o eventualidad para la cual se concedió.

4.4   **Direcciones para Notificaciones, etc.:**



Toda notificación, reclamo, directriz o cualquier comunicación dispuesta por los DOCUMENTOS LEGALES constará por escrito y deberá ser entregada personalmente o enviada por fax o por correo, a las siguientes direcciones:

A LA  "**AUTORIDAD**":

Autoridad de Carreteras y Transportación
Departamento de Transportación y Obras Públicas
P.O. Box 42007
San Juan, Puerto Rico 00940-2007
(787) 721-8787

Atención:  Director Ejecutivo

AL "**BANCO**":

Banco Gubernamental de Fomento para Puerto Rico
P.O. Box 42001
San Juan, Puerto Rico  00940-2001
Fax:  (787) 721-1443

Atención:  Presidente

o a cualquier otra dirección que las partes señalen mediante notificación escrita cursada conforme a lo dispuesto en este Artículo.  Éstas se considerarán perfeccionadas una vez las mismas se depositen debidamente franqueadas en el correo y sean cursadas a las direcciones mencionadas.

4.5  **Sucesores y Causahabientes:**

Los pactos y cláusulas aquí contenidas obligarán y beneficiarán a las partes y a sus respectivos causahabientes, albaceas, administradores, sucesores y cesionarios.

4.6  **Renuncias por la AUTORIDAD a Presentación, Protesto, etc.:**

La AUTORIDAD renuncia a toda notificación de aceptación o demanda o requerimiento a la realización de cualquier condición precedente por parte del BANCO, y así mismo renuncia a los derechos de presentación, protesto, notificación de protesto,



AAFAF_CONF_0003667

requerimiento de pago, notificación de incumplimiento o falta de pago, relevo, compromiso, compensación, transacción, prórroga, renovación o extensión de cualquier derecho contractual o instrumento legal y, en general, a toda otra formalidad legal.

EN TESTIMONIO DE LO CUAL, las partes comparecientes otorgan este CONTRATO DE PRÉSTAMO, en San Juan, Puerto Rico, hoy _____ de octubre de 2011.

**BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO**

**AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO**

_____
Jose R. Otero Freiría
Vicepresidente Ejecutivo

_____
Rubén Hernández Gregorat
Director Ejecutivo
Secretario, Departamento de Transportación
y Obras Públicas de Puerto Rico

Testimonio *624*

Reconocido y suscrito ante mí por Rubén Hernández Gregorat, mayor de edad, casado, ejecutivo y vecino de San Juan, Puerto Rico, en su carácter de Director Ejecutivo de la Autoridad de Carreteras y Transportación de Puerto Rico, y Secretario del Departamento de Trasportación y Obras Publicas de Puerto Rico, a quien conozco personalmente.

En San Juan, Puerto Rico, a _27_ de octubre de 2011.

_____
Notario Público

Testimonio *306*

Reconocido y suscrito ante mí por Jose R. Otero Freiría, mayor de edad, casado, y vecino de Dorado, Puerto Rico, en su carácter de Vicepresidente Ejecutivo de Financiamiento del Banco Gubernamental de Fomento para Puerto Rico, a quien conozco personalmente.

En San Juan, Puerto Rico, a _27_ de octubre de 2011.

_____
Notario Público

## PRIMERA ENMIENDA A CONTRATO DE PRÉSTAMO

DE LA PRIMERA PARTE:  El **BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO**, una institución bancaria organizada y existente a tenor con la Ley Núm. 17, aprobada el 23 de septiembre de 1948, según enmendada, (el "BANCO"), representado en este acto por su Vicepresidente Ejecutivo de Financiamiento, José R. Otero Freiría, mayor de edad, casado y vecino de Dorado, Puerto Rico.

DE LA SEGUNDA PARTE:   La **AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO**, una entidad jurídica, creada en virtud de la Ley Núm. 74 de 23 de junio de 1965, (la "AUTORIDAD"), según enmendada, representada en este acto por Rubén A. Hernández Gregorat, Director Ejecutivo de la Autoridad y Secretario del Departamento de Transportación y Obras Públicas, mayor de edad, casado, y vecino de Guaynabo, Puerto Rico.

### EXPONEN

**POR CUANTO:**  El 27 de octubre de 2011, la AUTORIDAD y el BANCO otorgaron un Contrato de Préstamo para una línea de crédito no rotativa por SETENTA Y UN MILLÓN CIENTO DIEZ Y NUEVE MIL QUINIENTOS OCHENTA Y NUEVE DÓLARES ($71,119,589), más intereses capitalizados, para sufragar la conversión al sistema autoexpreso en la PR 22 y PR 5 y para cubrir gastos operacionales (el "Contrato de Préstamo Original"). En dicha fecha, la AUTORIDAD suscribió dos (2) PAGARÉS a favor del BANCO, uno por la suma de por la suma de

28157v4

AAFAF_CONF_0003712

$11,397,243 correspondiente a los fondos para sufragar la conversión al sistema autoexpreso en la PR 22 y PR 5  y otro por la suma de $59,722,346 correspondiente a los fondos para sufragar gastos operacionales del primer semestre del año fiscal 2012;

**POR CUANTO**,  la referida porción de $59,722,346 fue utilizada por la AUTORIDAD para gastos operacionales del primer semestre del año fiscal 2012, y los intereses acumulados al 31 de enero de 2012 se proyecta ascenderán a $587,980.35;

**POR CUANTO**, la fuente de repago de esta línea de crédito son futuras emisiones de bonos de la AUTORIDAD, y productos de futuras alianzas público privadas  al igual que ingresos propios;

**POR CUANTO**, al 31 de enero de 2012, esta línea de crédito poseía un balance de principal ascendente a $59,722,346  y los intereses acumulados al 31 de agosto de 2013 se proyecta ascenderán a $17,373,844.11;

**POR CUANTO**, la AUTORIDAD presenta la necesidad de un financiamiento interino para los meses de febrero a junio de 2012, por la suma de $109,177,741  para financiar gastos operacionales;

**POR CUANTO**, la AUTORIDAD presenta además la necesidad de un financiamiento por $17,424,485 para cubrir el pago de los cargos por asesoría financiera ($50,640.89) y la capitalización de los intereses al vencimiento ($17,373,844.11);

**POR CUANTO**, la gerencia del BANCO recomendó se enmiende esta línea de crédito con el propósito de incrementarla en la suma de $109,177,741 para financiar




28157v4

gastos operacionales; más un incremento de $17,424,485 para cubrir los cargos por asesoría financiera en la suma de $50,640.89 y la capitalización de los intereses que acumularía hasta el 31 de agosto de 2013, que ascenderían aproximadamente a $17,373,844.11. Todo lo anterior para un incremento total de $126,602,226, y aumento al monto total de la línea de crédito a un máximo de $197,721,815;

**POR CUANTO:** El 22 de febrero de 2012 la Junta de Directores del BANCO aprobó la Resolución Núm. 9719 para conceder a la AUTORIDAD un aumento de esta línea de crédito ascendiente a $126,602,226 para los anteriores propósitos, alcanzando la línea de crédito un máximo de $197,721,815, sujeto a los términos y condiciones allí dispuestos.

**POR CUANTO:** En Resolución Núm. 2012-10 de fecha 2 de marzo de 2012 emitida por la AUTORIDAD, ésta aceptó los términos y condiciones establecidos en la referida Resolución Núm. 9719 de la Junta de Directores del BANCO.

**POR LO QUE**, en consideración a los hechos afirmados anteriormente y a las representaciones, acuerdos y garantías que más adelante se exponen, las partes comparecientes acuerdan y convienen otorgar esta Primera Enmienda a Contrato de Préstamo, bajo los siguientes:

**TÉRMINOS Y CONDICIONES**

**PRIMERO:** Se enmienda el primer párrafo de la Sección 1.1 del Artículo 1 del Contrato de Préstamo para que disponga lo siguiente:

"1.1   Línea de Crédito:



AAFAF_CONF_0003714

28157v4

Una vez se otorguen y suscriban los DOCUMENTOS LEGALES que se relacionan en el Artículo 4.1 de este CONTRATO DE PRÉSTAMO, el BANCO extenderá a la AUTORIDAD una LÍNEA DE CRÉDITO no rotatoria por la cantidad máxima de principal de **CIENTO NOVENTA Y SIETE MILLONES SETECIENTOS VEINTE Y UN MIL OCHOCIENTOS QUINCE DÓLARES ($197,721,815).** De dicha suma de principal, la AUTORIDAD utilizará la suma de $11,397,243 para la conversión al sistema de Auto Expreso en la PR-22 y PR-5; la suma de $59,722,346 para sufragar gastos operacionales del primer semestre del año fiscal 2012; la suma de $17,424,485 para cubrir el pago de $50,640.89 por concepto de asesoría financiera y la capitalización de intereses al vencimiento que ascenderían a $17,373,844.11; y la suma de $109,177,741 para sufragar gastos operacionales del segundo semestre del año fiscal 2012 de la siguiente manera:

A.  $16,279,074 para apoyo operacional a la AMA durante el AF 2012

B.  $16,891,471 para cumplir con la sentencia relacionada al caso de <u>Redondo Construction Corp. v. PRHTA</u>, Caso Número 09-2299 (CCC) ante el Tribunal Federal de Distrito para el Distrito de Puerto Rico.

C.  $42,052,683.27 para saldar las cuentas por pagar según se desglosan a continuación:

28157v4

AAFAF_CONF_0003715

| Aging @ 31- enero-2012 | | |
|---|---|---|
| **Cuentas por Pagar** | | |
| ACI | $ | 17,532,109.00 |
| TRANSCORE | | 9,958,933.85 |
| FIRST TRANSIT | | 3,382,933.04 |
| GENESIS | | 1,456,878.14 |
| INSTRANST | | 228,463.15 |
| SKANSKA | | 1,100,000.00 |
| AAA | | 984,071.70 |
| PRTC | | 784,361.00 |
| DEVELOPMENT AND CONSTRUCTION LAW GROUP, LLC | | 750,000.00 |
| Bufete Toledo & Toledo | | 900,000.00 |
| Bufete Vazques Graciani | | 452,607.00 |
| JC BARRIER  SOLUTIONS CORP | | 264,105.96 |
| LEASEWAY OF PR | | 431,366.50 |
| MANGUAL'S OFFICE CLEANING SERVICE, INC. | | 644,487.16 |
| NEW STAR ADQUISITION | | 332,033.80 |
| TRIPLE-S SALUD | | 2,638,209.40 |
| XEROX CORP | | 212,123.57 |
| AEP | | |
| | $ | 42,052,683.27 |

D.   $33,954,512.73  para gastos operacionales".

**SEGUNDO:** Para evidenciar el referido aumento en monto del principal de la referida línea de crédito, en esta misma fecha la AUTORIDAD suscribe  enmiendas a cada uno de los dos PAGARÉS suscritos  el 27 de octubre de 2011 en relación al Contrato de Préstamo Original.  A tales efectos, en esta misma fecha la AUTORIDAD suscribe una Primera Enmienda a  Pagaré ("Allonge") para incrementar a $12,440,090.81 el monto del  PAGARÉ por  $11,397,243 (conversión al sistema de Auto Expreso en la PR-22 y PR-5), y una  Primera Enmienda a  Pagaré ("Allonge") para







28157v4

AAFAF_CONF_0003716

incrementar a $185,281,724.19 el monto del PAGARÉ por $59,722,346 (gastos operacionales del primer semestre del Año Fiscal 2012).

**TERCERO:** Para los desembolsos de las cuentas por pagar, la AUTORIDAD entregará, además del formulario de Petición de Desembolso (*Notice of Drawing*) dispuesto en el Anejo A del Contrato de Préstamo Original, el formulario de certificación que se hace formar parte de esta Primera Enmienda a Contrato de Préstamo como Anejo B, y se seguirá el siguiente procedimiento. La AUTORIDAD entregará al BANCO temprano en la mañana: (a) Petición de Desembolso *(Notice of Drawing),* (b) Certificación para los Desembolsos de las Cuentas por Pagar, y (c) copia del cheque preparado para el suplidor. El BANCO tramitará el desembolso e informará a la AUTORIDAD una vez los fondos estén disponibles en la cuenta. La AUTORIDAD le solicitará al suplidor que recoja su cheque en la AUTORIDAD y al entregar el cheque, la AUTORIDAD solicitará un acuse de recibo. La AUTORIDAD enviará inmediatamente copia electrónica del acuse de recibo al BANCO.

**CUARTO:** El Banco podrá contratar un consultor para evaluar la situación operacional y financiera de la AUTORIDAD según sea necesario.

**QUINTO:** El BANCO y la AUTORIDAD hacen constar expresamente que esta enmienda no constituye una novación de la obligación original. Todos los demás términos y condiciones de la Línea de Crédito, según evidenciados por el Contrato de Préstamo Original y correspondientes PAGARÉS, no inconsistentes con lo anterior, continuarán en pleno efecto y vigor.



28157v4


AAFAF_CONF_0003717

**EN TESTIMONIO DE LO CUAL**, las partes comparecientes otorgan esta Primera Enmienda a Contrato de Préstamo, en San Juan, Puerto Rico, hoy 5 de marzo de 2012.

**BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO**

_____
Jose R. Otero Freiría
Vicepresidente Ejecutivo
De Financiamiento

**AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN**

_____
Rubén Hernández Gregorat
Director Ejecutivo y
Secretario, Departamento de Transportación
y Obras Públicas de Puerto Rico

Testimonio Núm. 659

Reconocido y suscrito ante mí por Rubén Hernández Gregorat, mayor de edad, casado, ejecutivo y vecino de ~~San Juan~~, Puerto Rico, en su carácter de Director Ejecutivo de la Autoridad de Carreteras y Transportación de Puerto Rico, y Secretario del Departamento de Trasportación y Obras Publicas de Puerto Rico, a quien conozco personalmente.

En San Juan, Puerto Rico, a 5 de marzo de 2012.

_____
Notario Público

Testimonio Núm. 549

Reconocido y suscrito ante mí por Jose R. Otero Freiría, mayor de edad, casado, y vecino de Dorado, Puerto Rico, en su carácter de Vicepresidente Ejecutivo de Financiamiento del Banco Gubernamental de Fomento para Puerto Rico, a quien conozco personalmente.

En San Juan, Puerto Rico, a 2 de marzo de 2012.



_____
Notario Público

28157v4

## SEGUNDA ENMIENDA A CONTRATO DE PRÉSTAMO

**DE LA PRIMERA PARTE:** El **BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO**, una institución bancaria organizada y existente a tenor con la Ley Núm. 17, aprobada el 23 de septiembre de 1948, según enmendada, (el "BANCO"), representado en este acto por su Vicepresidente Ejecutivo de Financiamiento, José R. Otero Freiría, mayor de edad, casado y vecino de Dorado, Puerto Rico.

**DE LA SEGUNDA PARTE:** La **AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO,** una entidad jurídica, creada en virtud de la Ley Núm. 74 de 23 de junio de 1965, (la "AUTORIDAD"), según enmendada, representada en este acto por Rubén A. Hernández Gregorat, Director Ejecutivo de la Autoridad y Secretario del Departamento de Transportación y Obras Públicas, mayor de edad, casado, y vecino de Guaynabo, Puerto Rico.

### EXPONEN

**POR CUANTO:** El 27 de octubre de 2011, la AUTORIDAD y el BANCO otorgaron un Contrato de Préstamo para una línea de crédito no rotativa por SETENTA Y UN MILLÓN CIENTO DIEZ Y NUEVE MIL QUINIENTOS OCHENTA Y NUEVE DÓLARES ($71,119,589), más intereses capitalizados, para sufragar la conversión al sistema autoexpreso en la PR 22 y PR 5 y para cubrir gastos operacionales (el "Contrato de Préstamo Original").



1

AAFAF_CONF_0003684

**POR CUANTO**, el 5 de marzo de 2012, la AUTORIDAD y el BANCO suscribieron una Primera Enmienda a Contrato de Préstamo para incrementar por $126,602,226, el monto de la línea de crédito para un monto total máximo de $197,721,815.

**POR CUANTO**, la referida Primera Enmienda a Contrato de Préstamo dispuso que de dicho incremento la AUTORIDAD utilizaría la suma de $109,177,741 para financiar gastos operacionales correspondientes al segundo semestre del año fiscal 2011-2012. Se dispuso que de dicha suma de $109,177,741, la AUTORIDAD utilizaría la suma de $42,052,683.27 para saldar ciertas cuentas pendiente de pago a determinados suplidores por determinadas sumas.

**POR CUANTO:** la AUTORIDAD y el Banco estiman necesario suscribir esta Tercera Enmienda al Contrato de Préstamo para: [1] aclarar que las cuantías de cuentas pendiente de pago a suplidores identificadas en el inciso (C) de la sección 1.1 del Contrato de Préstamo Original, según enmendado en la Primera Enmienda a Contrato de Préstamo, son cuantías estimadas y que la cifra final de cada una de estas cuantías está en proceso de determinarse; y [2] disponer flexibilidad en el uso de la suma de $42,052,683.27 para los pagos de estas cuentas por la AUTORIDAD.

**POR LO QUE**, en consideración a los hechos afirmados anteriormente y a las representaciones, acuerdos y garantías que más adelante se exponen, las partes comparecientes acuerdan y convienen otorgar esta Tercera Enmienda a Contrato de Préstamo, bajo los siguientes:



AAFAF_CONF_0003685

## TÉRMINOS Y CONDICIONES

**PRIMERO:**  Se enmienda la primera oración del inciso (C) de la Sección 1.1 del Artículo 1 del Contrato de Préstamo Original, según enmendado, de forma que el referido inciso disponga lo siguiente:

(C)  $42,052,683.27 para saldar las cuentas por pagar a los suplidores que se desglosan a continuación, cuyas cuantías se estiman en la cifra que sigue el nombre de cada suplidor, las cuales la AUTORIDAD, con el consentimiento del BANCO, podrá aumentar o reducir por suplidor, según sea necesario una vez se determine o negocie la cifra final aplicable a cada suplidor, sin que la AUTORIDAD exceda el pago máximo de $42,052,683.27 autorizado para este propósito:



| Aging @ 31- enero-2012 | | |
|---|---|---:|
| **Cuentas por Pagar** | | |
| ACI | $ | 17,532,109.00 |
| TRANSCORE | | 9,958,933.85 |
| FIRST TRANSIT | | 3,382,933.04 |
| GENESIS | | 1,456,878.14 |
| INSTRANST | | 228,463.15 |
| SKANSKA | | 1,100,000.00 |
| AAA | | 984,071.70 |
| PRTC | | 784,361.00 |
| DEVELOPMENT AND CONSTRUCTION LAW GROUP, LLC | | 750,000.00 |
| Bufete Toledo & Toledo | | 900,000.00 |
| Bufete Vazques Graciani | | 452,607.00 |
| JC BARRIER  SOLUTIONS CORP | | 264,105.96 |
| LEASEWAY OF PR | | 431,366.50 |
| MANGUAL'S OFFICE CLEANING SERVICE, INC. | | 644,487.16 |
| NEW STAR ADQUISITION | | 332,033.80 |
| TRIPLE-S SALUD | | 2,638,209.40 |
| XEROX CORP | | 212,123.57 |
| AEP | | |
| | $ | 42,052,683.27 |

AAFAF_CONF_0003686

**SGUNDO**: El BANCO y la AUTORIDAD hacen constar expresamente que esta enmienda no constituye una novación de la obligación original. Todos los demás términos y condiciones de la Línea de  Crédito, según evidenciados por el Contrato de Préstamo Original, según enmendado en la Primera Enmienda a Contrato de Préstamo,  y correspondientes PAGARÉS, según enmendados, no inconsistentes con lo anterior, continuarán en pleno efecto y vigor.

<strong>[FIRMAS EN LA PÁGINA SIGUIENTE]</strong>



4

AAFAF_CONF_0003687

**EN TESTIMONIO DE LO CUAL**, las partes comparecientes otorgan esta

Segunda Enmienda a Contrato de Préstamo, en San Juan, Puerto Rico, hoy

___9___ de marzo de 2012.

**BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO**

_____
Jose R. Otero Freiría
Vicepresidente Ejecutivo

**AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN**

_____
Rubén Hernández Gregorat
Director Ejecutivo y Secretario,
Departamento de Transportación y
Obras Públicas de Puerto Rico

Testimonio Núm.- 550 -

Reconocido y suscrito ante mí por Rubén Hernández Gregorat, mayor de edad, casado, ejecutivo y vecino de San Juan, Puerto Rico, en su carácter de Director Ejecutivo de la Autoridad de Carreteras y Transportación de Puerto Rico, y Secretario del Departamento de Trasportación y Obras Publicas de Puerto Rico, a quien conozco personalmente.

En San Juan, Puerto Rico, a ___9___ de marzo de 2012.

_____
Notario Público

Testimonio Núm.- 551 -

Reconocido y suscrito ante mí por José R. Otero Freiría, mayor de edad, casado, y vecino de Dorado, Puerto Rico, en su carácter de Vicepresidente Ejecutivo de Financiamiento del Banco Gubernamental de Fomento para Puerto Rico, a quien conozco personalmente.

En San Juan, Puerto Rico, a ___9___ de marzo de 2012.



_____
Notario Público

AAFAF_CONF_0003688

## TERCERA ENMIENDA A CONTRATO DE PRÉSTAMO

DE LA PRIMERA PARTE: El **BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO**, una corporación pública del Estado Libre Asociado de Puerto Rico creada en virtud de la Ley Núm. 17 del 23 de septiembre de 1948, según enmendada (el "BANCO"), representado en este acto por su Vicepresidente Ejecutivo y Agente Fiscal, Jorge A. Clivillés Díaz, mayor de edad, casado y vecino de San Juan, Puerto Rico.

DE LA SEGUNDA PARTE: La **AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO**, una corporación pública del Estado Libre Asociado de Puerto Rico creada en virtud de la Ley Núm. 74 de 23 de junio de 1965, según enmendada (la "AUTORIDAD"), representada en este acto por Javier E. Ramos Hernández, Director Ejecutivo, mayor de edad, casado y vecino de Bayamón, Puerto Rico.

A menos que un término escrito en letras mayúsculas sea definido de otra forma en esta Tercera Enmienda a Contrato de Préstamo (en adelante, la "TERCERA ENMIENDA AL CONTRATO DE PRÉSTAMO"), el mismo tendrá el significado adscrito en el CONTRATO DE PRÉSTAMO según se define más adelante.

### EXPONEN

**POR CUANTO:** El 27 de octubre de 2011, la AUTORIDAD y el BANCO otorgaron un Contrato de Préstamo para una LÍNEA DE CRÉDITO no rotativa por $71,119,589, más intereses capitalizados, con el propósito de sufragar la conversión al

29858

AAFAF_CONF_0003693

sistema Auto Expreso en las carreteras PR-22 y PR-5 y para cubrir gastos operacionales del primer semestre del Año Fiscal 2012 (en adelante, el "CONTRATO DE PRÉSTAMO").

POR CUANTO: En la misma fecha del otorgamiento del CONTRATO DE PRÉSTAMO, la AUTORIDAD suscribió dos PAGARÉS a favor del BANCO, uno por la cantidad de $11,397,243 correspondiente a los fondos para sufragar la conversión al sistema Auto Expreso en la PR-22 y PR-5, y el otro por la cantidad de $59,722,346 correspondiente a los fondos para sufragar los gastos operacionales del primer semestre del año fiscal 2012.

POR CUANTO: El 5 de marzo de 2012, el BANCO y la AUTORIDAD suscribieron una Primera Enmienda a Contrato de Préstamo a los fines de incrementar la LÍNEA DE CRÉDITO por una cuantía adicional de $126,602,226 para financiar gastos operacionales, cubrir los cargos por asesoría financiera y la capitalización de intereses hasta el 31 de agosto de 2013. A tenor con dicho incremento, el monto total máximo de la LÍNEA DE CRÉDITO quedó aumentado a $197,721,815. En esa misma fecha, la AUTORIDAD suscribió una Primera Enmienda a Pagaré ("Allonge") para incrementar a $12,440,090.81 el monto del PAGARÉ por $11,397,243 (conversión al sistema de Auto Expreso en la PR-22 y PR-5), y una Primera Enmienda a Pagaré ("Allonge") para incrementar a $185,281,724.19 el monto del PAGARÉ por $59,722,346 (gastos operacionales del primer semestre del Año Fiscal 2012).

29858

AAFAF_CONF_0003694

**POR CUANTO**: El 9 de marzo de 2012, el BANCO y la AUTORIDAD otorgaron una Segunda Enmienda a Contrato de Préstamo con el propósito de establecer que las cuantías de las cuentas por pagar a los suplidores desglosados en el inciso (C) de la Sección 1.1 del CONTRATO DE PRÉSTAMO son estimadas y para dar flexibilidad en el uso de los fondos destinados al pago de dichas cuentas por pagar. Esta Segunda Enmienda a Contrato de Préstamo no conllevó modificación o enmienda alguna a los PAGARÉS.

**POR CUANTO**: La LÍNEA DE CRÉDITO tiene una vigencia hasta el 31 de agosto de 2013 y la fuente de repago de la misma son futuras emisiones de bonos y productos de futuras alianzas público privadas, al igual que ingresos propios de la AUTORIDAD.

**POR CUANTO:** Al 30 de junio de 2013, la LÍNEA DE CRÉDITO tiene un balance de principal ascendente a $171,301,740.88 e intereses acumulados por $11,274,053.04.

**POR CUANTO**: La gerencia del BANCO ha recomendado enmendar la LÍNEA DE CRÉDITO con el propósito de extender su vigencia hasta el 31 de agosto de 2014.

**POR CUANTO**: Mediante la Resolución Núm. 10102 adoptada en reunión celebrada el 17 de julio de 2013, la Junta de Directores del BANCO ha autorizado enmendar el CONTRATO DE PRÉSTAMO a los fines de extender la fecha de

29858

AAFAF_CONF_0003695

vencimiento de la obligación hasta el 31 de agosto de 2014, entre otros términos y condiciones.

**POR CUANTO**: La AUTORIDAD ha aceptado los términos y condiciones establecidos por el BANCO para la presente enmienda de conformidad con la Resolución Núm. 2013-36 emitida el 16 de agosto de 2013 por su Junta de Directores.

**POR LO QUE**, en consideración a los hechos afirmados anteriormente y a las representaciones, acuerdos y garantías que más adelante se exponen, las partes acuerdan y convienen otorgar esta TERCERA ENMIENDA A CONTRATO DE PRÉSTAMO, bajo los siguientes:

**TÉRMINOS Y CONDICIONES**

**PRIMERO:**  Se enmienda la primera oración de la Sección 1.3 del Artículo 1 del CONTRATO DE PRÉSTAMO para que disponga lo siguiente:

> "El principal de la LÍNEA DE CRÉDITO más los intereses capitalizados será pagadero el 31 de agosto de 2014."



**SEGUNDO**:  En esta misma fecha la AUTORIDAD suscribe enmiendas a cada uno de los dos PAGARÉS, según enmendados.  A tales efectos, en esta misma fecha la AUTORIDAD suscribe las respectivas Segunda Enmienda a Pagaré ("Allonge") correspondiente a cada PAGARÉ.  Cada ALLONGE se hará formar parte de los respectivos PAGARÉS suscritos por la AUTORIDAD, según enmendados, con el propósito de incorporar los acuerdos y enmiendas aquí consignadas.

29858

AAFAF_CONF_0003696

**TERCERO**: La AUTORIDAD reconoce, conviene y acepta pagar al BANCO honorarios por servicios de asesoría financiera igual a una veinticincoava (1/25) parte del uno por ciento (1%) hasta $100 millones y una treintava (1/30) parte del uno por ciento (1%) sobre $100 millones, para un total de Setenta y Dos Mil Quinientos Setenta y Tres Dólares Con Noventa y Cuatro ($72,573.94) correspondientes a esta transacción y según la política vigente del BANCO.

**CUARTO**: Esta TERCERA ENMIENDA AL CONTRATO DE PRÉSTAMO y los respectivos ALLONGES no constituyen una novación de las obligaciones de la AUTORIDAD bajo el CONTRATO DE PRÉSTAMO y PAGARÉ, según aquí enmendados. Todos los demás términos y condiciones del CONTRATO DE PRÉSTAMO y el PAGARÉ, según enmendados, que no contravengan lo aquí acordado, permanecerán inalterados y en pleno vigor.

**QUINTO**: Esta TERCERA ENMIENDA AL CONTRATO DE PRÉSTAMO se suscribe de conformidad con la Resolución 10102 adoptada por la Junta de Directores del BANCO el 17 de julio de 2013, la cual se aprobó como una Declaración de Intención bajo la Sección 1.150-2 de la Regulación del Departamento del Tesoro Federal (*U.S. Treasury Department Regulation Section 1.150-2*).

[FIRMAS EN LA SIGUIENTE PÁGINA]

29858

AAFAF_CONF_0003697

**EN TESTIMONIO DE LO CUAL,** las partes comparecientes otorgan esta Tercera Enmienda a Contrato de Préstamo, en San Juan, Puerto Rico, hoy 28 de agosto de 2013.

**BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO**

**AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN**

_____
Jorge A. Clivillés Díaz
Vicepresidente Ejecutivo
y Agente Fiscal

_____
Javier E. Ramos Hernández
Director Ejecutivo

Testimonio Núm. 872

Reconocido y suscrito ante mí por Javier E. Ramos Hernández, mayor de edad, casado y vecino de Bayamón, Puerto Rico, en su carácter como Director Ejecutivo de la Autoridad de Carreteras y Transportación de Puerto Rico, a quien conozco personalmente.

En San Juan, Puerto Rico, a 28 de agosto de 2013.

_____
Notaria Público

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

Testimonio Núm. 845

Reconocido y suscrito ante mí por Jorge A. Clivillés Díaz, mayor de edad, casado y vecino de San Juan, Puerto Rico, en su carácter de Vicepresidente Ejecutivo y Agente Fiscal del Banco Gubernamental de Fomento para Puerto Rico, a quien conozco personalmente.

En San Juan, Puerto Rico, a 28 de agosto de 2013.

_____
Notaria Público

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

29858

AAFAF_CONF_0003698

## CUARTA ENMIENDA A CONTRATO DE PRÉSTAMO

DE LA PRIMERA PARTE:  El **BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO**, una corporación pública del Estado Libre Asociado de Puerto Rico creada en virtud de la Ley Núm. 17 del 23 de septiembre de 1948, según enmendada (el "BANCO"), representado en este acto por su Vicepresidente Ejecutivo y Agente Fiscal, Jorge A. Clivillés Díaz, mayor de edad, casado, ejecutivo y vecino de San Juan, Puerto Rico.

DE LA SEGUNDA PARTE: La **AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO**, una corporación pública del Estado Libre Asociado de Puerto Rico creada en virtud de la Ley Núm. 74 de 23 de junio de 1965, según enmendada (la "AUTORIDAD"), representada en este acto por Javier E. Ramos Hernández, Director Ejecutivo, mayor de edad, casado, ingeniero y vecino de Bayamón, Puerto Rico.

A menos que un término escrito en letras mayúsculas sea definido de otra forma en esta Cuarta Enmienda a Contrato de Préstamo (en adelante, la "CUARTA ENMIENDA AL CONTRATO DE PRÉSTAMO"), el mismo tendrá el significado adscrito en el CONTRATO DE PRÉSTAMO según se define más adelante.

### EXPONEN

**POR CUANTO**:  El 27 de octubre de 2011, la AUTORIDAD y el BANCO otorgaron un Contrato de Préstamo para una LÍNEA DE CRÉDITO no rotativa por $71,119,589, más intereses capitalizados, con el propósito de sufragar la conversión al

30900

AAFAF_CONF_0003734

sistema Auto Expreso en las carreteras PR-22 y PR-5 y para cubrir gastos operacionales del primer semestre del Año Fiscal 2012 (en adelante, el "CONTRATO DE PRÉSTAMO").

**POR CUANTO**: En la misma fecha del otorgamiento del CONTRATO DE PRÉSTAMO, la AUTORIDAD suscribió dos Pagarés a favor del BANCO, uno por la cantidad de $11,397,243 correspondiente a los fondos para sufragar la conversión al sistema Auto Expreso en la PR-22 y PR-5, y el otro por la cantidad de $59,722,346 correspondiente a los fondos para sufragar los gastos operacionales del primer semestre del Año Fiscal 2012 (en adelante "PAGARÉ" y, conjuntamente, los ("PAGARÉS").

**POR CUANTO**: El 5 de marzo de 2012, el BANCO y la AUTORIDAD suscribieron una Primera Enmienda a Contrato de Préstamo a los fines de incrementar la LÍNEA DE CRÉDITO por una cuantía adicional de $126,602,226 para financiar gastos operacionales, cubrir los cargos por asesoría financiera y la capitalización de intereses hasta el 31 de agosto de 2013. A tenor con dicho incremento, el monto total máximo de la LÍNEA DE CRÉDITO quedó aumentado a $197,721,815. En esa misma fecha, la AUTORIDAD suscribió una Primera Enmienda a Pagaré ("Allonge") para incrementar a $12,440,090.81 el monto del PAGARÉ por $11,397,243 (conversión al sistema de Auto Expreso en la PR-22 y PR-5), y una Primera Enmienda a Pagaré ("Allonge") para incrementar a $185,281,724.19 el monto del PAGARÉ por $59,722,346 (gastos operacionales del primer semestre del Año Fiscal 2012).

30900

AAFAF_CONF_0003735

**POR CUANTO**: El 9 de marzo de 2012, el BANCO y la AUTORIDAD otorgaron una Segunda Enmienda a Contrato de Préstamo con el propósito de establecer que las cuantías de las cuentas por pagar a los suplidores desglosados en el inciso (C) de la Sección 1.1 del CONTRATO DE PRÉSTAMO son estimadas y para dar flexibilidad en el uso de los fondos destinados al pago de dichas cuentas por pagar. Esta Segunda Enmienda a Contrato de Préstamo no conllevó modificación o enmienda alguna a los PAGARÉS.

**POR CUANTO**: El 28 de agosto de 2013, el BANCO y la AUTORIDAD suscribieron una Tercera Enmienda a Contrato de Préstamo para extender su vigencia hasta el 31 de agosto de 2014. En esa misma fecha, la AUTORIDAD suscribió las respectivas Segunda Enmienda a Pagaré ("Allonge") a los PAGARÉS a fin de extender las fechas de vencimientos de los mismos de conformidad con lo anterior.

**POR CUANTO:** Al 31 de mayo de 2014, la LÍNEA DE CRÉDITO tenía un balance de principal ascendente a $171,604,829 e intereses acumulados por $20,846,634.

**POR CUANTO:** La LÍNEA DE CRÉDITO tiene fondos disponibles para desembolsar por las cantidades de $1,902,502.87 para los gastos operacionales del Año Fiscal 2012, y $6,840,638.86 para el financiamiento de la conversión al sistema Auto Expreso de las carreteras PR-22 y PR-5.

**POR CUANTO:** El 25 de junio de 2013, la Asamblea Legislativa del Estado Libre Asociado de Puerto Rico aprobó las Leyes 30 y 31-2013, las cuales incrementan

AAFAF_CONF_0003736

los ingresos de la AUTORIDAD para que pueda continuar con su programa de emisiones de bonos para el pago de las líneas de crédito con el BANCO.

**POR CUANTO:** La LÍNEA DE CRÉDITO tuvo una vigencia hasta el 31 de agosto de 2014, y la fuente de repago de la misma son futuras emisiones de bonos y productos de futuras alianzas público privadas, al igual que ingresos propios de la AUTORIDAD.

**POR CUANTO**: La gerencia del BANCO ha recomendado enmendar la LÍNEA DE CRÉDITO con el propósito de extender su vigencia hasta el 31 de agosto de 2015 y establecer el pago de intereses al vencimiento.

**POR CUANTO**: Mediante la Resolución Núm. 10368 adoptada en reunión celebrada el 27 de junio de 2014, la Junta de Directores del BANCO autorizó enmendar el CONTRATO DE PRÉSTAMO a los fines de extender la fecha de vencimiento de la obligación hasta el 31 de agosto de 2015, entre otros términos y condiciones.

**POR CUANTO**: La AUTORIDAD ha aceptado los términos y condiciones establecidos por el BANCO para la presente enmienda mediante la aprobación de la Resolución Núm. 2014-74 adoptada el 22 de septiembre de 2014 por la Junta de Directores de la AUTORIDAD.

**POR LO QUE**, en consideración a los hechos afirmados anteriormente y a las representaciones, acuerdos y garantías que más adelante se exponen, las partes acuerdan y convienen otorgar esta CUARTA ENMIENDA A CONTRATO DE PRÉSTAMO, bajo los siguientes:



30900

AAFAF_CONF_0003737

## TÉRMINOS Y CONDICIONES

**PRIMERO:**  Se enmienda la primera oración de la Sección 1.3 del Artículo 1 del CONTRATO DE PRÉSTAMO para que disponga lo siguiente:

> "El principal de la LÍNEA DE CRÉDITO más los intereses capitalizados serán pagaderos el 31 de agosto de 2015."

**SEGUNDO**:  En esta misma fecha, la AUTORIDAD suscribe las respectivas Tercera Enmienda a Pagaré ("ALLONGE") correspondientes a cada PAGARÉ, según enmendados.  Cada ALLONGE se hará formar parte de los respectivos PAGARÉS con el propósito de incorporar los acuerdos y enmiendas aquí consignadas.

**TERCERO**:  La AUTORIDAD reconoce, conviene y acepta pagar al BANCO honorarios por servicios de asesoría financiera igual a una veinticincoava (1/25) parte del uno por ciento (1%) hasta Cien Millones ($100,000,000) y una treintava (1/30) parte del uno por ciento (1%) sobre Cien Millones ($100,000,000), para un total de Setenta y Dos Mil Quinientos Setenta y Tres Dólares con Noventa y Cuatro ($72,573.94), correspondientes a esta transacción y según la política vigente del BANCO.

**CUARTO**:  Esta CUARTA ENMIENDA AL CONTRATO DE PRÉSTAMO y cada ALLONGE no constituyen una novación de las obligaciones de la AUTORIDAD bajo el CONTRATO DE PRÉSTAMO y PAGARÉS, según aquí enmendados. Todos los demás términos y condiciones del CONTRATO DE PRÉSTAMO y los PAGARÉS, según enmendados, que no contravengan lo aquí acordado, permanecerán inalterados y en pleno vigor.

30900

AAFAF_CONF_0003738

**EN TESTIMONIO DE LO CUAL,** las partes comparecientes otorgan esta Cuarta Enmienda a Contrato de Préstamo, en San Juan, Puerto Rico, hoy 9 de diciembre de 2014.

**BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO**

**AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN**

_____
Jorge A. Clivillés Díaz
Vicepresidente Ejecutivo
y Agente Fiscal

_____
Javier E. Ramos Hernández
Director Ejecutivo

Testimonio Núm. 1,011

Reconocido y suscrito ante mí por Javier E. Ramos Hernández, mayor de edad, casado, ingeniero y vecino de Bayamón, Puerto Rico, en su carácter como Director Ejecutivo de la Autoridad de Carreteras y Transportación de Puerto Rico, a quien conozco personalmente.

En San Juan, Puerto Rico, a 9 de diciembre de 2014.

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 19...

_____
Notario Público

Testimonio Núm. 1,012

Reconocido y suscrito ante mí por Jorge A. Clivillés Díaz, mayor de edad, casado, ejecutivo y vecino de San Juan, Puerto Rico, en su carácter de Vicepresidente Ejecutivo y Agente Fiscal del Banco Gubernamental de Fomento para Puerto Rico, a quien conozco personalmente.

En San Juan, Puerto Rico, a 9 de diciembre de 2014.

_____
Notario Público

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

Certified Translation

# LOAN AGREEMENT

THE FIRST PARTY: The **BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO,** a banking institution organized and existing under the provisions of Law No. 17 of September 23, 1948, as amended, represented in this act by its Executive Vice President and Fiscal Agent, José R. Otero Freiría, adult, married and a resident of Dorado, Puerto Rico.

THE SECOND PARTY: The **HIGHWAYS AND TRANSPORTATION AUTHORITY OF PUERTO RICO,** a legal entity, established pursuant to Law No. 74 of June 23, 1965, as amended, (the "AUTHORITY") represented in this act by Rubén A. Hernández Gregorat, Executive Director of the AUTHORITY and Secretary of the Department of Transportation and Public Works, adult, married, engineer and a resident of Guaynabo, Puerto Rico, as authorized by Resolution No. [hw:] *2011-66* dated October [hw:] *27*, 2011 issued by the Department of Transportation and Public Works of Puerto Rico.

## PREAMBLE

WHEREAS: The AUTHORITY is interested in obtaining financing to bear the cost of the [initials] onversion to the autoexpress system on the PR 22 and PR 5 and to cover operating expenses.

WHEREAS: On September 21, 2011, the Board of Directors of the BANK approved Resolution No. 9624 in order to grant to the AUTHORITY non-revolving credit line for the maximum amount of SEVENTY-ONE MILLION ONE HUNDRED NINETEEN THOUSAND FIVE HUNDRED EIGHTY-NINE DOLLARS ($71,119,589) for the purposes above.

[stamp:] MARIA DE LOURDES RODRIGUEZ Attorney-Notary

THEREFORE, in consideration of the facts confirmed above and the representations, agreements and guarantees that are set forth below, the parties that appear approve and agree to grant this LOAN AGREEMENT.

## ARTICLE 1.

### LOAN

1.1 **Credit Line**:

[stamp:] MARIA DE LOURDES RODRIGUEZ

Attorney-Notary

After the LEGAL DOCUMENTS referred to in Article 4.1 of                    and signed, the BANK shall extend to the AUTHORITY a non-rotating CREDIT LINE for the maximum amount of principal of SEVENTY-ONE MILLION ONE HUNDRED NINETEEN THOUSAND FIVE HUNDRED EIGHTY-NINE DOLLARS ($71,119,589), plus capitalized interest. Of that principal amount, the AUTHORITY shall use the sum of $11,397,243 for conversion to the Auto Expreso system on the PR-22 and PR-5, and the sum of $59,722,346 to bear the cost of operating expenses of the first six months of Fiscal Year 2012.

The CREDIT LINE shall be evidenced by two PROMISSORY NOTES one for the sum of $11,397,243 and the other for the sum of $59,722,346, signed on the same date that this LOAN AGREEMENT is signed and payable to the order of the BANK.

[initials]

1.2 **Interest Rate:**

The AUTHORITY approves and agrees to pay interest on the unpaid balance of principal of the CREDIT LINE calculated on and actual basis/360 days, a rate equivalent to the *Prime Rate* plus 150 basis points, which shall never be less than six percent (6%), or the interest rate that the President of the BANK or his designee determines, according to the market interest rate. The interest shall be capitalized upon

expiration. If on the expiration date of the repayment obligation the AUTHORITY has not paid the unpaid balance of the principal, the AUTHORITY shall pay interest on that sum computed based on 200 basis points over the rate that would apply under this LOAN AGREEMENT. The AUTHORITY authorizes the BANK and grants it authority without any requirement of notice, to apply the right to *set off* against the obligations that arise in this LOAN AGREEMENT, by making any application of payments of any sum of money that belongs to the AUTHORITY in the possession of the BANK for the payment of the LOAN AGREEMENT and accrued interest, in case of breach by the AUTHORITY of its payment obligations under the LOAN AGREEMENT.

|  | [stamp:] MARIA DE LOURDES RODRIGUEZ<br>Attorney-Notary |
|--|--|

1.3   **Term and Source of Payment:**

The principal of the CREDIT LINE shall be payable on August 31, 2013. The source of payment shall be future issuances of bonds and income from private-public alliances as well as from the income of the AUTHORITY.

1.4   **Disbursements**

[initials]

The AUTHORITY shall request disbursements in writing three business days in advance. The disbursement request shall include a certification form (*notice of drawing*) which is the same as Annex A of this Agreement, in which the Executive Director of the AUTHORITY, or the person that he designates, shall certify the need for the funds and the justification for their use. The AUTHORITY shall include, in addition, any other documentation that the BANK in its full discretion requests from it prior to the disbursement, including, but not limited to, copies of invoices. The disbursements under this financing are subject to compliance by the

AUTHORITY with the Fiscal Agency Area of the BANK for the conditions stipulated in the *Fiscal Oversight Agreement* (FOA) that the AUTHORITY may have in effect with the BANK. The management of the BANK shall assign an external auditor to verify the operating expenses and to authorize the disbursements, as a condition of such disbursements.

[stamp:] MARIA DE LOURDES RODRIGUEZ Attorney-Notary


## ARTICLE 2.

## AFFIRMATIVE AGREEMENTS

2.1     **Other Conditions:**

The AUTHORITY approves and agrees:

(a) to provide to the BANK a certification confirming that the positions whose personal resigned pursuant to Law No. 70 of July 2, 2010, are and continue to be frozen;

(b) to pay to the BANK the sum of $35,559.79 (1/20 of 1% of $71,119,589) for professional fees corresponding to this transaction, according to the policy in effect of the BANK, which may be included as part

[initials]

of this financing, if necessary.

(c) that contracts for more than $10,000 shall be approved by the Fiscal Agency Area of the BANK.

(d) to provide to the BANK the list of contracts by type of service to be reviewed by the Fiscal Agency Area of the BANK.

This LOAN AGREEMENT is granted as an official statement of intent under United States Treasury Department regulation, Section 1.150-2.

2.1 [sic]          **Ground of Breach:**

The AUTHORITY shall notify the BANK of any condition, fact or occurrence that may constitute a ground of breach or pursuant to the notification of which or the mere passage of time, or both, may constitute a ground of breach, by delivering to the BANK a certification signed by one of its officials, specifying the nature of such ground, the time during which it has existed, and what course of action the AUTHORITY proposes to initiate with respect to them. Such notification shall be sent to the BANK within ten (10) days after the occurrence of the breach.

2.2    **Payment for Extrajudicial Actions for Collection, Fees, Expenses, etc.:**

At the request of the BANK, the AUTHORITY shall promptly reimburse the BANK for the payment of costs, expenses and attorney's fees incurred by the BANK in extrajudicial collection actions of any late instalment in relation to the CREDIT LINE owed by the AUTHORITY. The failure by the AUTHORITY to reimburse such costs, expenses and attorney's fees shall constitute a ground of breach on the CREDIT LINE.

Such costs, expenses and attorney's fees incurred by the BANK in accordance with the provisions of this LOAN AGREEMENT shall be reimbursed by the AUTHORITY immediately upon request.

[initials]

2.3    **Breach under the Legal Documents:**

The AUTHORITY agrees that any breach of the terms of the PROMISSORY NOTE and/or the obligation letter shall be deemed at the same time to be a breach of this LOAN AGREEMENT and vice versa, and if it occurs, the BANK shall immediately have the right to enforce any of the

[stamp:] MARIA DE LOURDES RODRIGUEZ Attorney-Notary

that may be conferred by any of the LEGAL DOCUMENTS.

2.4    **Authorization to Take Collateral:**

The AUTHORITY has taken the appropriate and necessary measures, official or of another type, to authorize the issuance and delivery of the LEGAL DOCUMENTS without any limitation.

[stamp:] MARIA DE LOURDES RODRIGUEZ Attorney-Notary


## ARTICLE 3.

## BREACHES

3.1    **Grounds of Breach:**

Each of the following shall constitute a ground of breach under the terms of this LOAN AGREEMENT:

3.1.1    if any representation given or extended by the AUTHORITY to the BANK in any of the procedures and LEGAL DOCUMENTS or if any report, guarantee or financial certificate or any other type of document provided to the BANK in relation to this LOAN AGREEMENT is found to be false or misleading;

3.1.2    failure to pay principal and interest and their penalties, if any, of the CREDIT LINE on their due date in accordance with the terms of any of the LEGAL DOCUMENTS;

[initials]    3.1.3    breach or violation by the AUTHORITY of any of the terms, clauses and conditions agreed to with the BANK in the LEGAL DOCUMENTS; or

3.1.4    the failure by the AUTHORITY to remedy or cure within a time period of thirty (30) days from its occurrence, without prior written notice by the BANK, any breach of the terms, clauses and conditions of this LOAN AGREEMENT. This does not apply to the terms and conditions related to the obligations to pay the LOAN AGREEMENT, since the AUTHORITY shall strictly comply with such payment when it is due.

3.2    **Remedies:**

When any of the grounds of breach listed in Article 3.1 of this LOAN AGREEMENT occurs, and if such breach is not cured or remedied as provided, without any need to send any notice of breach, the rights to which the AUTHORITY hereby waives the granting, the BANK may:

3.2.1    proceed to claim the payment of the unpaid balance of the CREDIT LINE; or

[initials]    3.2.2    file a court proceeding requesting the specific performance of any term, clause or condition of any of the LEGAL DOCUMENTS, or a temporary or permanent injunction to prevent the AUTHORITY from violating any such terms, clauses or conditions; or

3.2.3    to enforce any other remedy to which it has a right under the laws of the Commonwealth of Puerto Rico.

[stamp:] MARIA DE LOURDES RODRIGUEZ Attorney-Notary

**ARTICLE 4.**

**MISCELLANEOUS PROVISIONS**

4.1     **Legal Documents:**

As used in this LOAN AGREEMENT, the term LEGAL DOCUMENTS means:

1. PROMISSORY NOTE

2. LOAN AGREEMENT

4.2     **Waivers, Relief, Extensions, Forbearance and Additional Remedies:**

No delay or late performance by the BANK or by any holder or owner of the PROMISSORY NOTE in the enforcement of any right, authority or remedy that it may have in accordance with the terms of any of the LEGAL DOCUMENTS shall be deemed to be a waiver, limitation or reduction of such rights, authorities or remedies, and the partial or exclusive enforcement of any of them shall not be an impediment for them to subsequently be fully enforced, including, but not limited to, the right to offset. Remedies in favor of the BANK provided in the LEGAL DOCUMENTS shall be deemed to be in addition to, any not to exclude, any other remedy set forth in law. For any relief, extension or forbearance extended by the BANK to the AUTHORITY, or any amendment to this LOAN AGREEMENT to be enforceable, it shall appear in writing signed by an authorized official of the BANK, which shall specifically state the scope of the relief, extension, forbearance or amendment granted. Any relief, extension, forbearance or amendment granted shall be valid only for the occurrence or potential occurrence for which it was granted.

[stamp:] MARIA DE LOURDES RODRIGUEZ Attorney-Notary

[initials]

4.4     **Addresses for Notices, etc.:**

Any notice, claim, directive or other communication provided by the LEGAL DOCUMENTS shall be recorded in writing and shall be delivered in person or sent by fax or mail to the following addresses:

TO THE "AUTHORITY":

Highways and Transportation Authority
Department of Transportation and Public Works
P.O. Box 42007

San Juan, Puerto Rico 00940-2007
(787) 721-8787

Attention: Executive Director     [stamp:] MARIA DE LOURDES RODRIGUEZ Attorney-Notary

TO THE "BANK":

Banco Gubernamental de Fomento para Puerto Rico
P.O. Box 42001
San Juan, Puerto Rico 00940-2001
Fax: (787) 721-1443

Attention: President

or to any other address that the parties indicate by written notice sent in accordance with the provisions in this Article. These shall be deemed to be perfected after they have been duly deposited postmarked in the mail and sent to the addresses stated.

4.5   **Successors and Beneficiaries:**

The agreements and clauses contained herein shall obligate and benefit the parties and their respective beneficiaries, executors, administrators, successors and assignees.

[initials]

4.6   **Waivers by the AUTHORITY of Presentation, Protest, etc.:**

The AUTHORITY waives any notice of acceptance or demand or requirement to meet any condition precedent by the BANK, as well as waiver of rights of presentation, protest, notice of protest, payment request,

notice of breach or failure to pay, release, compromise, set-off, settlement, extension, renewal or extension of any contractual right or legal instrument and, in general, any other legal formality.

**IN WITNESS WHEREOF**, the parties who appear grant this LOAN AGREEMENT, in San Juan, Puerto Rico, on October _____, 2011.

**BANCO GUBERNAMENTAL DE**                    **HIGHWAYS AND TRANSPORTATION**
**FOMENTO PARA PUERTO RICO**                  **AUTHORITY OF PUERTO RICO**


_____[signature]_____         _____[signature]_____
José R. Otero Freiría                         Rubén Hernández Gregorat
Executive Vice President                      Executive Director
                                              Secretary, Department of Transportation
                                               and Public Works of Puerto Rico

Statement [hw:] _624 ----_

Acknowledged and signed before me by Rubén Hernández Gregorat, adult, married, executive and resident of San Juan, Puerto Rico, in his capacity as Executive Director of the Highways and Transportation Authority of Puerto Rico, and Secretary of the Department of Transportation & Public Works of Puerto Rico, whom I know personally.

In San Juan, Puerto Rico, on October [hw:] _27_, 2011.
[stamp:] MARIA DE
LOURDES
RODRIGUEZ
ATTORNEY-NOTARY                                      _____[signature]_____
                                                      Public Notary

[initials]   ement [hw:] _306_

Acknowledged and signed before me by José R. Otero Freiría, adult, married, and resident of Dorado, Puerto Rico, in his capacity as Executive Vice President of Financing of the Banco Gubernamental de Fomento para Puerto Rico, whom I know personally.

In San Juan, Puerto Rico, on October [hw:] _27_, 2011.
[stamp:] BELEN
FORNARIS ALFARO
PUERTO RICO
ATTORNEY-NOTARY                                      _____[signature]_____
                                                      Public Notary

29282

## FIRST AMENDMENT TO LOAN AGREEMENT

THE FIRST PARTY: The **BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO,**
a banking institution organized and existing pursuant to Law No. 17, approved on September 23, 1948, as
amended (the "BANK"), represented in the act by José R. Otero Freiría, adult, married and resident of Dorado,
Puerto Rico.

**THE SECOND PARTY:** The **HIGHWAYS AND TRANSPORTATION AUTHORITY OF
PUERTO RICO**, a legal entity established pursuant to Law No. 74 of June 23, 1965, as amended (the
"AUTHORITY"), represented in this act by Rubén A. Hernández Gregorat, Executive Director of the Authority
and Secretary of the Department of Transportation & Public Works, adult, married, and a resident of Guaynabo,
Puerto Rico.

[initials]

[stamp:] MARIA DE LOURDES RODRIGUEZ Attorney-Notary

## PREAMBLE

**WHEREAS,** On October 27, 2011, the AUTHORITY and the BANK granted a Loan Agreement for a
non-revolving credit line for SEVENTY-ONE MILLION ONE HUNDRED NINETEEN THOUSAND FIVE
HUNDRED EIGHTY-NINE DOLLARS ($71,119,589), plus capitalized interest to bear the costs of the
conversion to the autoexpress system on the PR 22 and PR 5 and to cover operating expenses (the "Original
Loan Agreement"). On that date, the AUTHORITY signed two (2) PROMISSORY NOTES in favor of the
BANK, one for the sum of [sic]

28157v4

2

$11,397,243 corresponding to the funds to bear the cost of the conversion to the autoexpress system on the PR 22 and PR 5 and the other for the sum of $59,722,346 corresponding to the funds to bear the cost of operating expenses of the first six months of Fiscal Year 2012;

**WHEREAS,** the referenced portion of $59,722,346 was used by the AUTHORITY for operating expenses of the first six months of Fiscal Year 2012, and the accrued interest as of January 31, 2012 is projected to total $587,980.35;

**WHEREAS,** the source of repayment of this credit line are future issuances of bonds by the AUTHORITY, and income from future public private alliances as well as income of the AUTHORITY;

**WHEREAS,** on January 31, 2012, this credit line had a principal balance that totaled $59,722,346 and accrued interest as of August 31, 2013 is projected to total $17,373,844.11;

**WHEREAS,** the AUTHORITY requires interim financing for the months of February through June 2012, for the sum of $109,177,741 to finance operating expenses;

**WHEREAS,** the AUTHORITY in addition requires financing for $17,424,485 to cover the payment of fees for financial consulting services ($50,640.89) and the capitalization of interest upon expiration ($17,373,844.11);

**WHEREAS:** The management of the BANK has recommended to amend this credit line for the purpose of increasing it to the sum of $109,177,741 to finance

[stamp:] MARIA DE LOURDES RODRIGUEZ Attorney-Notary

28157v4

operating expenses; plus an increase of $17,424,485 to cover fees for financial consulting in the amount of $50,640.89 and the capitalization of the interest that would accrue until August 31, 2013, that would total approximately $17,373,844.11. All of the above for a total increase of $126,602,226, and increase to the total amount of the credit line to a maximum of $197,721,815;

**WHEREAS:** On February 22, 2012 the Board of Directors of the BANK has authorized by Resolution No. 9719 to grant to the AUTHORITY an increase of this credit line totaling $126,602,226 for the purposes above, the credit line reaching a maximum of $197,721,815, subject to the terms and conditions set forth herein.

**WHEREAS:** In Resolution No. 2012-10 dated March 2, 2012 issued by the AUTHORITY, the AUTHORITY accepted the terms and conditions set forth in the referenced Resolution No. 9719 of Board of Directors of the BANK.

**THEREFORE,** in consideration of the facts confirmed above, and of the representations, approvals and guarantees set forth below, the parties that appear approve and agree to grant this First Amendment to Loan Agreement, under the following:

## TERMS AND CONDITIONS

**FIRST:** The first sentence of Section 1.1 of Article 1 of the LOAN AGREEMENT is amended to provide as follows:

"1.1    Credit Line:

[stamp:] MARIA DE LOURDES RODRIGUEZ Attorney-Notary

28157v4

After the LEGAL DOCUMENTS listed in Article **4**.1 of this LOAN AGREEMENT are issued and signed, the BANK shall extend to the AUTHORITY a non-revolving CREDIT LINE for the maximum principal amount of **ONE HUNDRED NINETY-SEVEN MILLION SEEN HUNDRED TWENTY-ONE THOUSAND EIGHT HUNDRED FIFTEEN DOLLARS ($197,721,815).** Of this principal amount, the AUTHORITY shall use the sum of $11,397,243 for the conversion to the Auto Expreso system on the PR-22 and PR-5; the sum of $59,722,346 to bear the cost of operating expenses of the first six months of fiscal year 2012; the sum of $17,424,485 to cover the payment of $50,640.89 for financial consulting services and the capitalization of interest upon expiration that would total $17,373,844.11; and the sum of $109,177,741 to bear the cost of operating expenses of the second six months of fiscal year as follows:

A.     $16,279,074 for operational support to the AMA during FY 2012

B.     $16,891,471 to comply with the decision stated in the case of <u>Redondo Construction Corp. v. PRHTA</u>, Case Number 09-2299 (CCC) before the Federal District Court for the District of Puerto Rico.

[initials]

C.     $42,052,683.27 to balance the accounts payable as broken down below:

[stamp:] MARIA DE LOURDES RODRIGUEZ Attorney-Notary

28157v4

| Aging @ January 31, 2012 | | |
| --- | --- | --- |
| **Accounts Payable** | | |
| ACI | $ | 17,532,109.00 |
| TRANSCORE | | 9,958,933.85 |
| FIRST TRANSIT | | 3,382,933.04 |
| GENESIS | | 1,456,878.14 |
| INSTRANST | | 228,463.15 |
| SKANSKA | | 1,100,000.00 |
| AAA | | 984,071.70 |
| PRTC | | 784,361.00 |
| DEVELOPMENT AND CONSTRUCTION LAW GROUP, LLC | | 750,000.00 |
| Bufete Toledo & Toledo | | 900,000.00 |
| Bufete Vazques Graciani | | 452,607.00 |
| JC BARRIER SOLUTIONS CORP | | 264,105.96 |
| LEASEWAY OF PR | | 431,366.50 |
| MANGUAL'S OFFICE CLEANING SERVICE, INC. | | 644,487.16 |
| NEW STAR ADQUISITION | | 322,033.80 |
| TRIPLE-S SALUD | | 2,638,209.40 |
| XEROX CORP | | 212,123.57 |
| AEP | | |
| | $ | **42,052,683.27** |

D.      $33,954,512.73 for operating expenses".

[initials]      **SECOND:** To evidence the referenced increase in the principal amount of the referenced credit line, on this same date the AUTHORITY signs amendments to each of the two PROMISSORY NOTES signed on October 27, 2011 in relation to the Original Loan Agreement. For such purposes, on this same date the signs a First Amendment to the Promissory Note ("Allonge") to increase to $12,440,090.81 the amount of the PROMISSORY NOTE by $11,397,243 (conversion to the Auto Express system on the PR-22 and PR-5, and a First Amendment to the Promissory Note ("Allonge") to increase to $185,281,724.19 the amount of the PROMISSORY NOTE for

[stamp:] MARIA DE LOURDES RODRIGUEZ Attorney-Notary

28157v4

6

$59,722,346 (operational expenses of the first six months of Fiscal Year 2012).

**THIRD:** For accounts payable disbursements, the AUTHORITY shall deliver, in addition to the Disbursement Request form (Notice of Drawing) set forth in Annex A of the Original Loan Agreement, the certification form that is made to form a part of this First Amendment to Loan Agreement as Annex B, and the following procedure shall be follows. The AUTHORITY shall deliver to the BANK early in the morning: (a) Disbursement Request (Notice of Drawing), (b) Certification for Accounts Payable Disbursements, and (c) a copy of the check prepared for the supplier. The BANK shall process the disbursement and inform the AUTHORITY after the funds are available in the account. The AUTHORITY shall request that the supplier pick up its check at the AUTHORITY and upon delivering the check, the AUTHORITY shall request a receipt. The AUTHORITY shall immediately send an electronic copy of the receipt to the BANK.

**FOURTH:** The Bank may hire a consultant to evaluate the operational and financial situation of the AUTHORITY as necessary.

**FIFTH:** The BANK and the AUTHORITY expressly give notice that this amendment does not constitute a novation of the original obligation. All of the other terms and conditions of the Credit Line, as evidenced by the Original Loan Agreement and corresponding PROMISSORY NOTES, not inconsistent with the above, shall continue in full force and effect.

[initials]

[stamp:] MARIA DE LOURDES RODRIGUEZ Attorney-Notary

28157v4

7

**IN WITNESS WHEREOF**, the parties who appear grant this First Amendment to the Loan Agreement,

in San Juan, Puerto Rico, on this date March [hw:] *5*, 2012.


**BANCO GUBERNAMENTAL DE
FOMENTO PARA PUERTO RICO**

   [signature]

José R. Otero Freiría
Executive Vice President
Of Financing

**HIGHWAYS AND TRANSPORTATION
AUTHORITY**

   [signature]

Rubén Hernández Gregorat
Executive Director and
Secretary, Department of Transportation
and Public Works of Puerto Rico

Statement [hw:] *659----*

     Acknowledged and signed before me by Rubén Hernández Gregorat, adult, married, executive and resident of ~~San Juan~~ [hw:] *Guaynabo*, [initials] Puerto Rico, in his capacity as Executive Director of the Highways and Transportation Authority of Puerto Rico, and Secretary of the Department of Transportation and Public Works of Puerto Rico, whom I know personally.

     In San Juan, Puerto Rico, on March [hw:] *5*, 2012.

[stamp:] MARIA DE
LOURDES
RODRIGUEZ
ATTORNEY-NOTARY

                        [signature]

                        Public Notary


Statement [hw:] *549*

     Acknowledged and signed before me by José R. Otero Freiría, adult, married, and resident of Dorado, Puerto Rico, in his capacity of Executive Vice President of Financing of the Banco Gubernamental de Fomento para Puerto Rico, whom I know personally.

     In San Juan, Puerto Rico, on March [hw:] *2*, 2012.

[stamp:] MARGARITA
CINTRON SOLLA
ATTORNEY-NOTARY

                        [signature]

                        Public Notary

28157v4

## SECOND AMENDMENT TO LOAN AGREEMENT

**THE FIRST PARTY: The BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO,** a banking institution organized and existing pursuant to Law No. 17, approved on September 23, 1948, as amended (the "BANK"), represented in the act by José R. Otero Freiría, adult, married and a resident of Dorado, Puerto Rico.

**THE SECOND PARTY:** The **HIGHWAYS AND TRANSPORTATION AUTHORITY OF PUERTO RICO**, a legal entity, established pursuant to Law No. 74 of June 23, 1965, (the "AUTHORITY"), as amended, represented in this act by Rubén A. Hernández Gregorat, Executive Director of the Authority and Secretary of the Department of Transportation and Public Works, adult, married, and a resident of Guaynabo, Puerto Rico.

### PREAMBLE

**WHEREAS:** On October 27, 2011, the AUTHORITY and the BANK granted a Loan Agreement for a non-revolving credit line for SEVENTY-ONE MILLION ONE HUNDRED NINETEEN THOUSAND FIVE HUNDRED EIGHTY-NINE DOLLARS ($71,119,589), plus capitalized interest, to bear the cost of the conversion to the autoexpress system on the PR 22 and PR 5 and to cover operating expenses (the "Original Loan Agreement").

[initials]

1

**WHEREAS,** On March 5, 2012, the AUTHORITY and the BANK signed a First Amendment to loan agreement to increase by $126,602,226, the amount of the credit line for a total maximum amount of $197,721,815.

**WHEREAS,** the referenced First Amendment to Loan Agreement provided that from the said increase the AUTHORITY would use the sum of $109,177,741 to finance operating expenses corresponding to the second six months of fiscal year 2011-2012. It is provided that of the said sum $109,177,741, the AUTHORITY would use the sum of $42,052,683.27 to pay off certain accounts pending payment to specific suppliers for specific sums.

**WHEREAS:** the AUTHORITY and the Bank deem that it is necessary to sign this Third Amendment to the Loan Agreement to: [1] clarify that the amounts of accounts pending payment to suppliers identified in sub-paragraph (c) of section 1.1 of the Original Loan Agreement, as amended in the First Amendment to Loan Agreement, are estimated amounts and that the final figure of each of these amounts is being determined; and [2] provide flexibility in the use of the sum of $42,052,683.27 for the payments of these accounts by the AUTHORITY.

**THEREFORE,** in consideration of the facts confirmed above, and of the representations, approvals and

[initials] guarantees set forth below, the parties that appear approve and agree to grant this Third Amendment to Loan Agreement, under the following:

2

## TERMS AND CONDITIONS

**FIRST:** The first sentence of sub-paragraph (C) of Section 1.1 of Article 1 of the Original Loan Agreement, as amended, so that the referenced sub-paragraph provides as follows:

(C) $42,052,683.27 to pay off the accounts payable to suppliers that are broken down below, the amounts of which are estimated in the figure that follows the name of each supplier, which the AUTHORITY, with the consent of the BANK, may increase or reduce by supplier, as necessary after the final figure applicable to each supplier is determined, without the AUTHORITY exceeding the maximum payment of $42,052,683.27 authorized for this purpose:

[initials]

| Aging @ January 31, 2012 | | |
| --- | --- | --- |
| **Accounts Payable** | | |
| ACI | $ | 17,532,109.00 |
| TRANSCORE | | 9,958,933.85 |
| FIRST TRANSIT | | 3,382,933.04 |
| GENESIS | | 1,456,878.14 |
| INSTRANST | | 228,463.15 |
| SKANSKA | | 1,100,000.00 |
| AAA | | 984,071.70 |
| PRTC | | 784,361.00 |
| DEVELOPMENT AND CONSTRUCTION LAW GROUP, LLC | | 750,000.00 |
| Bufete Toledo & Toledo | | 900,000.00 |
| Bufete Vazques Graciani | | 452,607.00 |
| JC BARRIER SOLUTIONS CORP | | 264,105.96 |
| LEASEWAY OF PR | | 431,366.50 |
| MANGUAL'S OFFICE CLEANING SERVICE, INC. | | 644,487.16 |
| NEW STAR ADQUISITION | | 322,033.80 |
| TRIPLE-S SALUD | | 2,638,209.40 |
| XEROX CORP | | 212,123.57 |
| AEP | | |
| | $ | **42,052,683.27** |

3

**SECOND:** The BANK and the AUTHORITY expressly give notice that this amendment does not constitute a novation of the obligations of the original obligation. Any of the other terms and conditions of the Credit Line, as evidenced by the Original Loan Agreement, as amended in the First Amendment to Loan Agreement, and corresponding PROMISSORY NOTES, as amended, not inconsistent with the above, shall remain unchanged and in full effect.

**[SIGNATURES ON THE NEXT PAGE]**

[initials]

4

**IN WITNESS WHEREOF**, the parties who appear grant this Second Amendment to the Loan

Agreement, in San Juan, Puerto Rico, on March [hw:] *9*, 2012.


**BANCO GUBERNAMENTAL DE**          **HIGHWAYS AND TRANSPORTATION**
**FOMENTO PARA PUERTO RICO**        **AUTHORITY**

_____[signature]_____     _____[signature]_____
José R. Otero Freiría                Rubén Hernández Gregorat
Executive Vice President             Executive Director and Secretary,
                                     Department of Transportation and
                                     Public Works of Puerto Rico

Statement [hw:] *-550-*

Acknowledged and signed before me by Rubén Hernández Gregorat, adult, married, executive and resident of San Juan, Puerto Rico, in his capacity as Executive Director of the Highways and Transportation Authority of Puerto Rico, and Secretary of the Department of Transportation and Public Works of Puerto Rico, whom I know personally.

In San Juan, Puerto Rico, on March [hw:] *9*, 2012.
[stamp:]
MARGARITA
CINTRON SOLLA
ATTORNEY-                                  _____[signature]_____
NOTARY                                     Public Notary


Statement [hw:] *-551-*

Acknowledged and signed before me by José R. Otero Freiría, adult, married, and resident of Dorado, Puerto Rico, in his capacity of Executive Vice President of Financing of the Banco Gubernamental de Fomento para Puerto Rico, whom I know personally.

In San Juan, Puerto Rico, on March [hw:] *9*, 2012.
[stamp:]
MARGARITA
CINTRON SOLLA
ATTORNEY-                                  _____[signature]_____
NOTARY                                     Public Notary

### THIRD AMENDMENT TO LOAN AGREEMENT

THE FIRST PARTY: The **BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO,** a banking institution organized and existing pursuant to Law No. 17, approved on September 23, 1948, as amended (the "BANK"), represented in the act by its Executive Vice President and Fiscal Agent, Jorge A. Clivillés Díaz, adult, married and a resident of San Juan, Puerto Rico.

THE SECOND PARTY: The **HIGHWAYS AND TRANSPORTATION AUTHORITY OF PUERTO RICO**, a legal entity, established pursuant to Law No. 74 of June 23, 1965, (the "AUTHORITY"), as amended, represented in this act by Javier E. Ramos Hernández, Executive Director, married and a resident of Bayamón, Puerto Rico.

Unless a term written in capital letters is defined otherwise in this third Amendment to Loan Agreement [initials] ͡ einafter, the "THIRD AMENDMENT TO THE LOAN AGREEMENT"), it shall have the meaning given in the LOAN AGREEMENT as defined below.

### PREAMBLE

**WHEREAS:** On October 27, 2011, the AUTHORITY and the BANK granted a Loan Agreement for a non-revolving credit line for SEVENTY-ONE MILLION ONE HUNDRED NINETEEN THOUSAND FIVE HUNDRED EIGHTY-NINE DOLLARS ($71,119,589), plus capitalized interest, to bear the cost of the

29858

conversion to the Auto Express system on highways PR-22 and PR-5 and to cover operating expenses of the first six months of Fiscal Year 2012 (hereinafter, the LOAN AGREEMENT").

**WHEREAS:** On the same date of the granting of the LOAN AGREEMENT, the AUTHORITY signed two PROMISSORY NOTES in favor of the BANK, one for the amount of $11,397,243 corresponding to the funds to bear the cost of the conversion to the Auto Express system on the PR-22 and PR-5, and the other for the amount of $59,722,346 corresponding to the funds to bear the cost of operating expenses of the first six months of fiscal year 2012.

**WHEREAS:** On March 5, 2012, the BANK and the AUTHORITY signed a First Amendment to Loan Agreement to increase the CREDIT LINE by and additional amount of $126,602,226 to finance operating expenses, to cover fees for financial consulting services and the capitalization of interest until August 31, 2013. By that increase, the total maximum amount of the CREDIT LINE was increased to $197,721,815. On that same date, the AUTHORITY signed a First Amendment to Promissory Note ("Allonge") to increase to $12,440,090.81 the amount of the PROMISSORY NOTE by $11,397,243 (conversion to the Auto Express system on the PR-22 and PR-5), and a First Amendment to Promissory note ("Allonge") to increase to $185,281,724.19 the amount of the PROMISSORY NOTE by $59,722,346 (operating expenses of the first six months of Fiscal Year 2012).

[initials]

29858

**WHEREAS:** On March 9, 2012, the BANK and the AUTHORITY granted a Second Amendment to Loan Agreement for the purpose of establishing that the amounts of the accounts payable to suppliers listed in sub-paragraph (C) of Section 1.1 of the LOAN AGREEMENT are estimated and to give flexibility in the use of the funds intended for the payment of those accounts payable. This Second Amendment to Loan Agreement does not make any change or amendment to the PROMISSORY NOTES.

**WHEREAS:** The CREDIT LINE has effect until August 31, 2013 and the source of repayment of the CREDIT LINE are future issuances of bonds and income from future public private alliances as well as income of the AUTHORITY.

**WHEREAS:** On June 30, 2013, the CREDIT LINE has a principal balance totaling $171,301,740.88 and [initials] accrued interest for $11,274,053.04.

**WHEREAS:** The management of the BANK has recommended to amend the CREDIT LINE for the purpose of extending its effective date until August 31, 2014.

**WHEREAS:** By Resolution No. 10102 adopted at a meeting held on July 17, 2013, the Board of Directors of the BANK has authorized amendment of the LOAN AGREEMENT for purposes of extending the expiration

date of the obligation until August 31, 2014, among other terms and conditions.

**WHEREAS:** The AUTHORITY has accepted the terms and conditions established by the BANK for this amendment in accordance with Resolution No. 2013-36 issued on August 16, 2013 by its Board of Directors.

**THEREFORE,** in consideration of the facts confirmed above, and of the representations, approvals and guarantees set forth below, the parties that appear approve and agree to grant this THIRD AMENDMENT TO LOAN AGREEMENT, under the following:

**TERMS AND CONDITIONS**

**FIRST:** The first sentence of Section 1.3 of Article 1 of the LOAN AGREEMENT is amended to provide as follows:

"The principal of the CREDIT LINE plus the capitalized interest shall be payable on August 31, 2014 ."

[initials]    **SECOND:** On this same date the AUTHORITY signs amendments to each of the two PROMISSORY NOTES, as amended. For such purposes, on this same date, the AUTHORITY signs the respective Second Amendment to Promissory Note ("Allonge") corresponding to each PROMISSORY NOTE. Each ALLONGE shall be made a part of the respective PROMISSORY NOTES signed by the AUTHORITY, as amended, with the purpose of incorporating the agreements and amendments set forth herein.

29858

**THIRD:** The AUTHORITY acknowledges, agrees and accepts to pay to the BANK professional fees for financial consulting services equal to one twenty-fifth (1/25th) of one percent (1%) up to $100 million and one thirtieth (1/30th) of one percent (1%) over $100 million, for a total of Seventy-Two Thousand Five Hundred Seventy-Three Dollars and Ninety-Four ($72,573.94) corresponding to this transaction and according to the policy of the BANK in effect.

**FOURTH:** This THIRD AMENDMENT TO THE LOAN AGREEMENT and the respective ALLONGES do not constitute a novation of the obligations of the AUTHORITY under the LOAN AGREEMENT and PROMISSORY NOTE, as amended herein. Any of the other terms and conditions of the LOAN AGREEMENT and the PROMISSORY NOTE, as amended, that do not violate the agreement herein shall remain unchanged and in full effect.

**FIFTH:** This THIRD AMENDMENT TO THE LOAN AGREEMENT is signed in accordance with Resolution 10102 adopted by the Board of Directors of the BANK on July 17, 2013, which was approved as a Statement of Intent under *Section 1.150-2* of *U.S. Treasury Department Regulation Section 1.150-2.*

[initials]

[SIGNATURES ON NEXT PAGE]

29858

**IN WITNESS WHEREOF**, the parties who appear grant this Third Amendment to the Loan Agreement,

in San Juan, Puerto Rico, on August [hw:] *28*, 2013.


**BANCO GUBERNAMENTAL DE
FOMENTO PARA PUERTO RICO**

      [signature]
Jorge A. Clivillés Díaz
Executive Vice President
and Fiscal Agent

**HIGHWAYS AND TRANSPORTATION
AUTHORITY**

      [signature]
Javier E. Ramos Hernández
Executive Director


Statement [hw:] *872*

Acknowledged and signed before me by Javier E. Ramos Hernández , adult, married, and resident of Bayamón, Puerto Rico, in his capacity as Executive Director of the Highways and Transportation Authority of Puerto Rico, whom I know personally.

In San Juan, Puerto Rico, on August [hw:] *28*, 2013.

[stamp:]
MARGUILEAN
RIVERA AMILL
ATTORNEY-
NOTARY      EXEMPT FROM PAYMENT OF STAMP
          TAX LAW 47 OF JUNE 4, 1982

                       [signature]
                       Public Notary


Statement [hw:] *875*

Acknowledged and signed before me by Jorge A. Clivillés Díaz, adult, married and resident of San Juan, Puerto Rico, in his capacity of Executive Vice President and Fiscal Agent of the Banco Gubernamental de Fomento para Puerto Rico, whom I know personally.

In San Juan, Puerto Rico, on August [hw:] *28*, 2013.

[stamp:]
MARGUILEAN
RIVERA AMILL
ATTORNEY-
NOTARY      EXEMPT  FROM  PAYMENT  OF  STAMP
          TAX LAW 47 OF JUNE 4, 1982

                       [signature]
                       Public Notary

29858

### FOURTH AMENDMENT TO LOAN AGREEMENT

THE FIRST PARTY: The **BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO,** a banking institution organized and existing pursuant to Law No. 17, approved on September 23, 1948, as amended (the "BANK"), represented in the act by its Executive Vice President and Fiscal Agent, Jorge A. Clivillés Díaz, adult, married and a resident of San Juan, Puerto Rico.

THE SECOND PARTY: The **HIGHWAYS AND TRANSPORTATION AUTHORITY OF PUERTO RICO**, a legal entity, established pursuant to Law No. 74 of June 23, 1965, (the "AUTHORITY"), as amended, represented in this act by Javier E. Ramos Hernández, Executive Director, married, engineer and a resident of Bayamón, Puerto Rico.

Unless a term written in capital letters is defined otherwise in this third Amendment to Loan Agreement [initials] einafter, the "THIRD AMENDMENT TO THE LOAN AGREEMENT"), it shall have the meaning given in the LOAN AGREEMENT as defined below.

### PREAMBLE

**WHEREAS:** On October 27, 2011, the AUTHORITY and the BANK granted a Loan Agreement for a non-revolving credit line for SEVENTY-ONE MILLION ONE HUNDRED NINETEEN THOUSAND FIVE HUNDRED EIGHTY-NINE DOLLARS ($71,119,589), plus capitalized interest, to bear the cost of the

30900

conversion to the Auto Express system on highways PR-22 and PR-5 and to cover operating expenses of the first six months of Fiscal Year 2012 (hereinafter, the LOAN AGREEMENT").

**WHEREAS:** On the same date of the granting of the LOAN AGREEMENT, the AUTHORITY signed two PROMISSORY NOTES in favor of the BANK, one for the amount of $11,397,243 corresponding to the funds to bear the cost of the conversion to the Auto Express system on the PR-22 and PR-5, and the other for the amount of $59,722,346 corresponding to the funds to bear the cost of operating expenses of the first six months of fiscal year 2012 (hereinafter "PROMISSORY NOTE" and, jointly, the ("PROMISSORY NOTES").

**WHEREAS:** On March 5, 2012, the BANK and the AUTHORITY signed a First Amendment to Loan Agreement to increase the CREDIT LINE by and additional amount of $126,602,226 to finance operating expenses, to cover fees for financial consulting services and the capitalization of interest until August 31, 2013. By that increase, the total maximum amount of the CREDIT LINE was increased to $197,721,815. On that same date, the AUTHORITY signed a First Amendment to Promissory Note ("Allonge") to increase to $12,440,090.81 the amount of the PROMISSORY NOTE by $11,397,243 (conversion to the Auto Express system on the PR-22 and PR-5), and a First Amendment to Promissory note ("Allonge") to increase to $185,281,724.19 the amount of the PROMISSORY NOTE by $59,722,346 (operating expenses of the first six months of Fiscal Year 2012).

[initials]

30900

**WHEREAS:** On March 9, 2012, the BANK and the AUTHORITY granted a Second Amendment to Loan Agreement for the purpose of establishing that the amounts of the accounts payable to suppliers listed in sub-paragraph (C) of Section 1.1 of the LOAN AGREEMENT are estimated and to give flexibility in the use of the funds intended for the payment of those accounts payable. This Second Amendment to Loan Agreement does not make any change or amendment to the PROMISSORY NOTES.

**WHEREAS:** On August 28, 2013, the BANK & the AUTHORITY signed a Third Amendment to Loan Agreement to extend its term until August 31, 2014. On that same date, the AUTHORITY signed the respective Second Amendment to Promissory Note ("Allonge") to the PROMISSORY NOTES in order to extend the expiration dates of the PROMISSORY NOTES in accordance with the above.

**WHEREAS:** On May 31, 2014, the CREDIT LINE had a principal balance totaling $171,604,829 and

[initials]   crued interest of $20,846,634.

**WHEREAS:** The CREDIT LINE has funds available to disburse for the amounts of $1,902,502.87 for Fiscal Year 2012 operating expenses, and $6,840,638.86 for the financing of the conversion to the Auto Express system of highways PR-22 and PR-5.

**WHEREAS:** On June 25, 2013, the Legislative Assembly of the Commonwealth of Puerto Rico approved Laws 30 and 31-2013, which increase

30900

the income of the AUTHORITY so that it can continue with its program of issuance of bonds for the payment of the credit lines with the BANK.

**WHEREAS:** The CREDIT LINE had a term until August 31, 2014, and the source of repayment of the CREDIT LINE is future issuances of bonds and income from future public private alliances, as well as income of the AUTHORITY.

**WHEREAS:** The management of the BANK has recommended to amend the CREDIT LINE for the purpose of extending its effective date until August 31, 2015 and to establish the payment of interest upon expiration.

**WHEREAS:** By Resolution No. 10368 adopted at a meeting held on July 27, 2014, the Board of Directors [initials] ˋthe BANK has authorized amendment of the LOAN AGREEMENT for purposes of extending the expiration date of the obligation until August 31, 2015, among other terms and conditions.

**WHEREAS:** The AUTHORITY has accepted the terms and conditions established by the BANK for this amendment in accordance with Resolution No. 2014-74 adopted on September 22, 2014 by the Board of Directors of the AUTHORITY.

**THEREFORE,** in consideration of the facts confirmed above, and of the representations, approvals and guarantees set forth below, the parties approve and agree to grant this FOURTH AMENDMENT TO LOAN AGREEMENT, under the following:

## TERMS AND CONDITIONS

**FIRST:** The first sentence of Section 1.3 of Article 1 of the LOAN AGREEMENT is amended to provide as follows:

"The principal of the CREDIT LINE plus the capitalized interest shall be payable on August 31, 2015."

**SECOND:** On this same date the AUTHORITY signs the respective Third Amendment to Promissory Note ("ALLONGE") corresponding to each PROMISSORY NOTE, as amended. Each ALLONGE shall be made a part of the respective PROMISSORY NOTE for the purpose of incorporating the agreements and amendments set forth herein.

[initials]

**THIRD:** The AUTHORITY acknowledges, agrees and accepts to pay to the BANK professional fees for financial consulting services equal to one twenty-fifth (1/25th) of one percent (1%) up to One Hundred Million ($100,000,000) and one thirtieth (1/30th) of one percent (1%) over One Hundred Million ($100,000,000), for a total of Seventy-Two Thousand Five Hundred Seventy-Three Dollars and Ninety-Four ($72,573.94) corresponding to this transaction and according to the policy of the BANK in effect.

**FOURTH:** This FOURTH AMENDMENT TO THE LOAN AGREEMENT and each ALLONGE do not constitute a novation of the obligations of the AUTHORITY under the LOAN AGREEMENT and PROMISSORY NOTES, as amended herein. Any of the other terms and conditions of the LOAN AGREEMENT and the PROMISSORY NOTES, as amended, that do not violate the agreement herein shall remain unchanged and in full effect.

30900

7

**IN WITNESS WHEREOF**, the parties who appear grant this Fourth Amendment to the Loan Agreement, in San Juan, Puerto Rico, on December [hw:] *9*, 2014.


**BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO**

_____[signature]_____
Jorge A. Clivillés Díaz
Executive Vice President
and Fiscal Agent

**HIGHWAYS AND TRANSPORTATION AUTHORITY**

_____[signature]_____
Javier E. Ramos Hernández
Executive Director


[initials]    Statement [hw:] *1,011*

Acknowledged and signed before me by Javier E. Ramos Hernández, adult, married, and resident of Bayamón, Puerto Rico, in his capacity as Executive Director of the Highways and Transportation Authority of Puerto Rico, whom I know personally.

In San Juan, Puerto Rico, on December [hw:] *9*, 2013.

[stamp:]
MARGUILEAN
RIVERA AMILL
ATTORNEY-
NOTARY          EXEMPT FROM PAYMENT OF STAMP        _____[signature]_____
                TAX LAW 47 OF JUNE 4, 1982           Public Notary


Statement [hw:] *1,012*

Acknowledged and signed before me by Jorge A. Clivillés Díaz, adult, married and resident of San Juan, Puerto Rico, in his capacity of Executive Vice President and Fiscal Agent of the Banco Gubernamental de Fomento para Puerto Rico, whom I know personally.

In San Juan, Puerto Rico, on December [hw:] *9*, 2014.

[stamp:]
MARGUILEAN
RIVERA AMILL
ATTORNEY-
NOTARY          EXEMPT  FROM  PAYMENT  OF  STAMP      _____[signature]_____
                TAX LAW 47 OF JUNE 4, 1982           Public Notary


30930