## CONTRATO DE PRÉSTAMO

DE LA PRIMERA PARTE: El **BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO**, una institución bancaria organizada y existente a tenor con la Ley Núm. 17, aprobada el 23 de septiembre de 1948, según enmendada, (el "BANCO"), representado en este acto por su Vicepresidente Ejecutivo y Agente Fiscal, Juan M. Román, mayor de edad, casado, ejecutivo y vecino de Guaynabo, Puerto Rico.

DE LA SEGUNDA PARTE: La **AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO**, una entidad jurídica creada en virtud de la Ley Núm. 74 de 23 de junio de 1965, (la "AUTORIDAD"), según enmendada, representada en este acto por Rubén A. Hernández Gregorat,  Director Ejecutivo de la Autoridad y Secretario del Departamento de Transportación y Obras Públicas, mayor de edad, casado, ingeniero y vecino de Guaynabo, Puerto Rico.

### EXPONEN

**POR CUANTO:** La AUTORIDAD interesa obtener financiamiento para sufragar su Programa de Mejoras Capitales (PMC) correspondiente al primer semestre del Año Fiscal 2012. Esta petición formó parte de la solicitud de financiamiento que hizo la AUTORIDAD al BANCO en septiembre de 2011 para financiar su PMC, sufragar la conversión al Sistema Auto Expreso en la PR-22 y PR-5 y para cubrir ciertos gastos operacionales del primer semestre del Año Fiscal 2012.

**POR CUANTO:** A través de la Resolución 9624 de 21 de septiembre de 2011 (Resolución 9624), el BANCO autorizó la concesión de una línea de crédito por $71,119,589

Doc 27897

AAFAF_CONF_0003753

solamente para proveer los recursos necesarios para cubrir la conversión al Sistema Auto Expreso en la PR-22 y PR-5 y ciertos gastos operacionales del primer semestre del Año Fiscal 2012, evidenciado mediante Contrato de Préstamo y su respectivo Pagaré, suscrito por el BANCO y la AUTORIDAD el 27 de octubre de 2011. La aprobación del remanente del financiamiento que tiene el propósito de cubrir los costos del primer semestre del Año Fiscal 2012 del PMC, se condicionó a los resultados de la evaluación y validación del PMC, por parte de una firma de consultores externos especializados, según dispone la Resolución 9624.

POR CUANTO: El BANCO, a través de *PG Engineering Solutions, PSC,* firma de consultores externos, evaluó y validó el PMC para el primer semestre del Año Fiscal 2012, lo que permitió confirmar la necesidad del financiamiento por parte de la AUTORIDAD.

POR CUANTO: En virtud de lo anterior, el 16 de noviembre de 2011 la Junta de Directores del BANCO aprobó la Resolución Núm. 9655 (Resolución 9655) para conceder a la AUTORIDAD una línea de crédito no rotativa por la suma máxima de CUARENTA Y NUEVE MILLONES TRESCIENTOS VEINTICINCO MIL DÓLARES ($49,325,000) para financiar el PMC durante el primer semestre del Año Fiscal 2012.

POR CUANTO: La AUTORIDAD, mediante la Resolución 2011-70 adoptada por el Secretario de Transportación y Obras Públicas y Director Ejecutivo de la AUTORIDAD el 22 de noviembre de 2011, aceptó los términos y condiciones establecidos por el BANCO a través de la Resolución 9655, y autorizó la ejecución y otorgamiento de los documentos legales necesarios para evidenciar el financiamiento.

POR LO QUE, en consideración a los hechos afirmados anteriormente, los cuales las partes hacen constar son ciertos y aceptan como parte integrante de este CONTRATO

AAFAF_CONF_0003754

DE PRÉSTAMO, y a las representaciones, acuerdos y garantías que más adelante se exponen, las partes comparecientes, acuerdan y convienen otorgar este Contrato de Préstamo.

## ARTÍCULO 1.

### PRÉSTAMO

1.1   **Línea de Crédito:**

Una vez se otorguen y suscriban los DOCUMENTOS LEGALES que se relacionan en el Artículo 4.1 de este CONTRATO DE PRÉSTAMO, el BANCO extenderá a la AUTORIDAD una LÍNEA DE CRÉDITO no rotatoria por la cantidad máxima de principal de CUARENTA Y NUEVE MILLONES TRESCIENTOS VEINTICINCO MIL DÓLARES ($49,325,000), más intereses capitalizados.  La AUTORIDAD utilizará este total autorizado para financiar su Programa de Mejoras Capitales del primer semestre del Año Fiscal 2012.

La LÍNEA DE CRÉDITO estará evidenciada por un PAGARÉ por la misma cantidad autorizada a través de este CONTRATO DE PRÉSTAMO, suscrito en esta misma fecha y pagadero a la orden del BANCO.

Los fondos provenientes de la LÍNEA DE CRÉDITO se utilizarán para financiar determinados proyectos del PMC de la AUTORIDAD durante el primer semestre del Año Fiscal 2012. La AUTORIDAD se compromete y acuerda que cualquier modificación o enmienda al PMC, deberá ser previamente notificado por escrito al BANCO.

1.2   **Tasa de Interés:**

La AUTORIDAD acuerda y conviene que la LÍNEA DE CRÉDITO acumulará intereses diarios computados a base del balance vigente de principal en esta LÍNEA DE CRÉDITO, calculados sobre una base actual/360 días, de acuerdo con la tasa de interés preferencial fluctuante *Prime Rate*, según determinada por el BANCO, más un diferencial de ciento cincuenta (150) puntos base. La tasa de interés que aplicará a esta LÍNEA DE CRÉDITO no será menor de seis por ciento (6%). El BANCO podrá revisar de tiempo en tiempo la base, margen y periodicidad de la tasa de interés, según estime necesario y de acuerdo con el mercado de tasas de interés. La tasa de interés variará de acuerdo a como varíe la tasa de interés preferencial fluctuante *Prime Rate*.

Los intereses de la LÍNEA DE CRÉDITO serán pagaderos al vencimiento o en fecha anterior, si se saldara antes.

Si en la fecha de vencimiento de la obligación de repago la AUTORIDAD no ha pagado el balance insoluto del principal, la AUTORIDAD pagará intereses sobre dicha suma computados a base de doscientos (200) puntos base sobre la tasa que le aplicaría bajo este CONTRATO DE PRÉSTAMO.

1.3   **Término y Fuente de Pago:**

El principal de la LÍNEA DE CRÉDITO más los intereses capitalizados serán pagaderos el 31 de enero de 2013. La fuente de pago serán futuras emisiones de bonos y cualesquiera otros fondos disponibles de la AUTORIDAD.

1.4   **Desembolsos:**

La AUTORIDAD deberá solicitar los desembolsos por escrito, con tres (3) días laborables de anticipación. La solicitud de desembolso incluirá un formulario de

AAFAF_CONF_0003756

certificación (*notice of drawing*) similar al Anejo A de este Contrato, en el cual el Director Ejecutivo de la AUTORIDAD, o la persona que éste designe, certificará la necesidad de los fondos y la justificación para su uso.   La AUTORIDAD deberá incluir, además, cualquier otra documentación que el BANCO a su entera discreción le solicite previo al desembolso, incluyendo, pero sin limitarse, a copias de facturas.

Los desembolsos bajo este financiamiento están sujetos a la certificación que debe emitir Agencia Fiscal del BANCO sobre el cumplimiento de la AUTORIDAD con los términos y condiciones estipulados en el *Fiscal Oversight Agreement* (FOA) que la AUTORIDAD tenga vigente con el BANCO, así como con los términos y condiciones de cualquier otro contrato de préstamo vigente con el BANCO, o que no haya sido satisfecho en su totalidad. Igualmente, la AUTORIDAD reconoce y acepta que los desembolsos quedan condicionados al cumplimiento de la AUTORIDAD en la entrega o presentación de información o documentos requeridos por el BANCO, en relación con una emisión de bonos que se trabaja actualmente, de manera que no se atrase dicha transacción.



## ARTÍCULO 2.

### ACUERDOS AFIRMATIVOS

2.1   <u>**Otras Condiciones:**</u>

La AUTORIDAD conviene y acuerda:

(a)   Notificar al BANCO mediante certificación cualquier cambio en su Programa de Mejoras Capitales para el primer semestre del Año

Fiscal 2012 o cualquier acontecimiento que altere o modifique la lista de proyectos presentada al BANCO al solicitar el financiamiento;

(b)     Entregar trimestralmente un registro que incluya la lista de los proyectos bajo el PMC, los cambios o modificaciones en estos, desembolsos realizados y el balance disponible de fondos para cada proyecto;

(c)     Pagar al BANCO la suma de VEINTICUATRO MIL SEISCIENTOS SESENTA Y DOS DÓLARES CON CINCUENTA CENTAVOS ($24,662.50) (correspondiente al 1/20 del 1%), por concepto de honorarios por asesoría financiera correspondientes a esta transacción, según la política vigente del BANCO, los cuales podrán ser incluidos como parte de este financiamiento, de ser necesario.

(d)     Entregar oportunamente la solicitud de financiamiento del PMC para el segundo semestre del Año Fiscal 2012.

Este CONTRATO DE PRÉSTAMO se otorga como una declaración oficial de intención bajo la regulación del Departamento del Tesoro de los Estados Unidos, Sección 1.150-2.

El BANCO se reserva el derecho de solicitar a la AUTORIDAD cualquier información adicional que sea necesaria para emitir los desembolsos o para cualquier propósito relacionado con este CONTRATO DE PRÉSTAMO o PAGARÉ.

2.2     **Causa de Incumplimiento:**

El BANCO se reserva el derecho de cancelar la LÍNEA DE CRÉDITO por desviaciones de los propósitos de la LÍNEA DE CRÉDITO, del cumplimiento con el

AAFAF_CONF_0003758

*Financial Oversight Agreement* y demás requisitos que establece este CONTRATO DE PRÉSTAMO, o de los procedimientos de desembolso del BANCO.

La AUTORIDAD notificará al BANCO de cualquier condición, hecho o suceso que pueda constituir causa de incumplimiento o en virtud de cuya notificación o el mero transcurso del tiempo, o ambos, pueda constituir causa de incumplimiento, entregándole al BANCO una certificación suscrita por uno de sus oficiales, especificando la naturaleza de dicha causa, tiempo durante el cual ha existido, y qué curso de acción la AUTORIDAD se propone iniciar con relación a los mismos. Tal notificación deberá ser cursada al BANCO dentro de los diez (10) días siguientes a la ocurrencia del incumplimiento.

2.3    **Pago de Gestiones Extrajudiciales de Cobro, Honorarios, Gastos, etc.:**

A requerimiento del BANCO, la AUTORIDAD deberá rembolsar prontamente al BANCO el pago de las costas, gastos y honorarios de abogados incurridos por el BANCO en gestiones extrajudiciales de cobro de cualquier plazo en mora en relación con la LÍNEA DE CRÉDITO adeudada por la AUTORIDAD. La omisión de la AUTORIDAD de reembolsar dichas costas, gastos y honorarios de abogados constituirá causa de incumplimiento en la LÍNEA DE CRÉDITO.

Dichas costas, gastos y honorarios de abogados incurridos por el BANCO de conformidad con las disposiciones de este CONTRATO DE PRÉSTAMO serán reembolsados por la AUTORIDAD de inmediato al serle requeridos.

2.3    **Incumplimiento bajo los Documentos Legales:**

La AUTORIDAD conviene que cualquier incumplimiento de los términos del PAGARÉ y/o la carta de compromiso, será considerado simultáneamente

incumplimiento con este CONTRATO DE PRÉSTAMO y viceversa, y de ocurrir el mismo, el BANCO tendrá inmediatamente el derecho de ejecutar cualesquiera de los derechos y privilegios que puedan conferir cualquiera de los DOCUMENTOS LEGALES.

2.4 **Autorización para Tomar Prestado:**

La AUTORIDAD ha tomado las medidas apropiadas y necesarias, oficiales o de otro tipo, para autorizar el otorgamiento y entrega de los DOCUMENTOS LEGALES sin limitación alguna.

**ARTÍCULO 3.**

**INCUMPLIMIENTOS**

3.1 **Causas de Incumplimiento:**

Cada una de las siguientes constituirá una causa de incumplimiento bajo los términos de este CONTRATO DE PRÉSTAMO:



3.1.1 si cualquier representación dada o extendida por la AUTORIDAD al BANCO en cualquiera de los trámites y DOCUMENTOS LEGALES, o si cualquier informe, garantía o certificado financiero o de otra índole provisto al BANCO en relación con este CONTRATO DE PRÉSTAMO resultare falso o engañoso;

3.1.2 la falta de pago de principal e intereses y sus penalidades, si alguna, de la LÍNEA DE CRÉDITO a su fecha de vencimiento de acuerdo con los términos de cualquiera de los DOCUMENTOS LEGALES;

AAFAF_CONF_0003760

3.1.3   el incumplimiento o violación por la AUTORIDAD de cualquiera de los términos, cláusulas y condiciones pactadas con el BANCO en los Artículos 1 y 2 de este CONTRATO DE PRÉSTAMO; o

3.1.4   la omisión por la AUTORIDAD de remediar o subsanar dentro de un plazo de treinta (30) días de su ocurrencia, sin notificación previa escrita por parte del BANCO, cualquier incumplimiento a los términos, cláusulas y condiciones de este CONTRATO DE PRÉSTAMO. Esto no aplica a los términos y condiciones relacionadas con las obligaciones de pago de la LÍNEA DE CRÉDITO, ya que la AUTORIDAD deberá cumplir estrictamente con dicho pago a su vencimiento.

3.2   **Remedios:**



Ante la ocurrencia de cualquiera de las causas de incumplimiento enumeradas en el Artículo 3.1 de este CONTRATO DE PRÉSTAMO, y si dicho incumplimiento no es subsanado o remediado según dispuesto, sin que sea necesario que medie notificación alguna del incumplimiento, a cuyos derechos la AUTORIDAD mediante el presente otorgamiento renuncia, el BANCO podrá:

3.2.1   proceder a reclamar el pago del balance insoluto de la LÍNEA DE CRÉDITO;

3.2.2   radicar un procedimiento judicial solicitando el cumplimiento específico de cualquier término, cláusula o condición de cualquiera de los DOCUMENTOS LEGALES, o un entredicho ("injunction") provisional o permanente para impedir que la AUTORIDAD viole cualquiera de dichos términos, cláusulas y condiciones; o

AAFAF_CONF_0003761

3.2.3   ejercitar cualquier otro remedio a que tenga derecho bajo las leyes del Estado Libre Asociado de Puerto Rico.

La AUTORIDAD autoriza al BANCO y le confiere poder, sin que se requiera notificación alguna, para aplicar el derecho a compensación (*"set-off"*) a las obligaciones que se originan en este CONTRATO DE PRÉSTAMO, realizando cualquier aplicación de pagos de cualquier suma de dinero perteneciente a la AUTORIDAD en poder del BANCO para el pago de la LÍNEA DE CRÉDITO e intereses acumulados, en caso de incumplimiento por la AUTORIDAD de sus obligaciones de pago bajo el CONTRATO DE PRÉSTAMO.

## ARTÍCULO 4.

## DISPOSICIONES MISCELÁNEAS

4.1   **Documentos Legales:**

Según utilizado en este CONTRATO DE PRÉSTAMO, el término DOCUMENTOS LEGALES significa:

1. PAGARÉ

2. CONTRATO DE PRÉSTAMO



4.2   **Renuncias, Alivios, Prórrogas, Tolerancias y Remedios Adicionales:**

Ninguna dilación o demora por parte del BANCO o de cualquier tenedor o dueño del PAGARÉ en el ejercicio de cualquier derecho, facultad o remedio que pueda tener conforme a los términos de cualquiera de los DOCUMENTOS LEGALES se considerará como una renuncia, limitación o disminución de los mismos, como tampoco el ejercicio parcial o exclusivo de cualquiera de los mismos será óbice para que

AAFAF_CONF_0003762

subsiguientemente sean ejercitados en su totalidad, incluyendo, pero sin limitarse a ello, el derecho de compensación.  Los remedios a favor del BANCO dispuestos en los DOCUMENTOS LEGALES se considerarán adicionales a, y no excluyentes de, cualquier otro remedio contemplado en ley.  Para que todo alivio, prórroga o tolerancia extendida por el BANCO a la AUTORIDAD, o cualquier enmienda a este CONTRATO DE PRRÉSTAMO, sea efectiva, deberá constar por escrito suscrito por un oficial autorizado del BANCO, que especificará el alcance del alivio, prórroga, tolerancia o enmienda concedida.   Todo alivio, prórroga, tolerancia o enmienda concedida será válida únicamente para la ocurrencia o eventualidad para la cual se concedió.

4.4    **Direcciones para Notificaciones, etc.:**

Toda notificación, reclamo, directriz o cualquier comunicación dispuesta por los DOCUMENTOS LEGALES constará por escrito y deberá ser entregada personalmente o enviada por fax o por correo, a las siguientes direcciones:



A LA  **"AUTORIDAD"**:

Autoridad de Carreteras y Transportación
Departamento de Transportación y Obras Públicas
P.O. Box 42007
San Juan, Puerto Rico 00940-2007
(787) 721-8787

Atención:  Director Ejecutivo

AL **"BANCO"**:

Banco Gubernamental de Fomento para Puerto Rico
P.O. Box 42001
San Juan, Puerto Rico  00940-2001
Fax:  (787) 721-1443

Atención:  Presidente

AAFAF_CONF_0003763

o a cualquier otra dirección que las partes señalen mediante notificación escrita cursada conforme a lo dispuesto en este Artículo. Éstas se considerarán perfeccionadas una vez las mismas se depositen debidamente franqueadas en el correo y sean cursadas a las direcciones mencionadas.

4.5     **Sucesores y Causahabientes:**

Los pactos y cláusulas aquí contenidas obligarán y beneficiarán a las partes y a sus respectivos causahabientes, albaceas, administradores, sucesores y cesionarios.

4.6     **Renuncias por la AUTORIDAD a Presentación, Protesto, etc.:**

La AUTORIDAD renuncia a toda notificación de aceptación o demanda o requerimiento a la realización de cualquier condición precedente por parte del BANCO, y así mismo renuncia a los derechos de presentación, protesto, notificación de protesto, requerimiento de pago, notificación de incumplimiento o falta de pago, relevo, compromiso, compensación, transacción, prórroga, renovación o extensión de cualquier derecho contractual o instrumento legal y, en general, a toda otra formalidad legal.

[FIRMAS EN LA SIGUIENTE PÁGINA]

AAFAF_CONF_0003764

EN TESTIMONIO DE LO CUAL, las partes comparecientes otorgan este CONTRATO DE PRÉSTAMO, en San Juan, Puerto Rico, hoy _29_ de noviembre de 2011.

**BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO**

**AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO**

_____
Juan M. Román
Vicepresidente Ejecutivo
y Agente Fiscal

_____
Rubén A. Hernández Gregorat
Director Ejecutivo y
Secretario, Departamento de Transportación
y Obras Públicas de Puerto Rico

Testimonio _413_

Reconocido y suscrito ante mí por Rubén A. Hernández Gregorat, mayor de edad, casado, ejecutivo y vecino de San Juan, Puerto Rico, en su carácter de Director Ejecutivo de la Autoridad de Carreteras y Transportación de Puerto Rico, y Secretario del Departamento de Trasportación y Obras Publicas de Puerto Rico, a quien conozco personalmente.

En San Juan, Puerto Rico, a _29_ de noviembre de 2011.

_____
Notaria Pública

Testimonio _414_

Reconocido y suscrito ante mí por Juan M. Román, mayor de edad, casado y vecino de Guaynabo, Puerto Rico, en su carácter de Vicepresidente Ejecutivo y Agente Fiscal, del Banco Gubernamental de Fomento para Puerto Rico, a quien conozco personalmente.

En San Juan, Puerto Rico, a _29_ de noviembre de 2011.

_____
Notaria Pública

## PRIMERA ENMIENDA A CONTRATO DE PRÉSTAMO

### COMPARECEN

DE LA PRIMERA PARTE: El **BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO**, una institución bancaria organizada y existente a tenor con la Ley Núm. 17, aprobada el 23 de septiembre de 1948, según enmendada, (el "BANCO"), representado en este acto por José R. Otero Freiría, Vicepresidente Ejecutivo y Director de Financiamiento, mayor de edad, casado, ejecutivo y residente de Dorado, Puerto Rico.

DE LA SEGUNDA PARTE: La **AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO**, una entidad jurídica creada en virtud de la Ley Núm. 74 de 23 de junio de 1965, (la "AUTORIDAD"), según enmendada, representada en este acto por Rubén A. Hernández Gregorat, Director Ejecutivo de la Autoridad y Secretario del Departamento de Transportación y Obras Públicas, mayor de edad, casado, ingeniero y vecino de Guaynabo, Puerto Rico.

A menos que un término escrito en letras mayúsculas sea definido de otra forma en esta Primera Enmienda al Contrato de Préstamo ("Primera Enmienda"), el mismo tendrá el significado adscrito en el CONTRATO DE PRÉSTAMO según se define más adelante.



28175

AAFAF_CONF_0003781

## EXPONEN

**PRIMERO**: El 16 de noviembre de 2011, la Junta de Directores del BANCO aprobó la Resolución Núm. 9655 para conceder a la AUTORIDAD una línea de crédito para financiar el Programa de Mejoras Capitales ("PMC") durante el primer semestre del Año Fiscal 2012. De conformidad con lo anterior, el 29 de noviembre de 2011, la AUTORIDAD y el BANCO suscribieron un Contrato de Préstamo (el "CONTRATO DE PRÉSTAMO") mediante el cual se concedió a la AUTORIDAD una LÍNEA DE CRÉDITO no rotativa por la suma máxima de CUARENTA Y NUEVE MILLONES TRESCIENTOS VEINTICINCO MIL DÓLARES ($49,325,000). En la misma fecha de otorgamiento del CONTRATO DE PRÉSTAMO, la AUTORIDAD suscribió un PAGARÉ por la suma de $49,325,000 a la orden del BANCO y con vencimiento el 31 de enero de 2013.

**SEGUNDO**: La AUTORIDAD ha solicitado al BANCO un desembolso con cargo a la LÍNEA DE CRÉDITO por la cantidad de **Dos Millones Trescientos Veintisiete Mil Ochenta y Cuatro Dólares con Cuarenta y Seis Centavos ($2,327,084.46)** para el  pago de una deuda con el Municipio de Guaynabo relacionada al proyecto Puente Periferal Sur.

**TERCERO**: La Junta de Directores del BANCO ha autorizado enmendar el uso establecido en el CONTRATO DE PRÉSTAMO a los fines de reprogramar fondos de la LÍNEA DE CRÉDITO para el pago de la mencionada deuda de la AUTORIDAD con el

28175

AAFAF_CONF_0003782

Municipio de Guaynabo, según los términos y condiciones aprobados en la Resolución

Núm. CE2012-16 adoptada en reunión celebrada el 10 de febrero de 2012, y certificada

por la Secretaria de dicha Junta, la Lcda. Zulema E. Martínez Álvarez el 28 de febrero de

2012.

**POR LO QUE,** en consideración a los hechos afirmados anteriormente, y a las

representaciones, acuerdos y garantías que más adelante se exponen, las partes

comparecientes:

### ACUERDAN Y CONVIENEN

**PRIMERO:** Se enmienda la Sección 1.1 del Artículo 1 del CONTRATO DE

PRÉSTAMO para que lea como sigue:




"Una vez se otorguen y suscriban los DOCUMENTOS LEGALES que se relacionan en el Artículo 4.1 de este CONTRATO DE PRÉSTAMO, el BANCO extenderá a la AUTORIDAD una LÍNEA DE CRÉDITO no rotatoria por la cantidad máxima de principal de CUARENTA Y NUEVE MILLONES TRESCIENTOS VEINTICINCO MIL DÓLARES ($49,325,000), más intereses capitalizados. La AUTORIDAD utilizará este total autorizado para financiar su Programa de Mejoras Capitales del primer semestre del Año Fiscal 2012, así como también efectuar el pago de la deuda correspondiente al proyecto Puente Periferal Sur por la cantidad de $2,327,084.46 a favor del Municipio de Guaynabo.

La LÍNEA DE CRÉDITO está evidenciada por un PAGARÉ por la misma cantidad autorizada a través del CONTRATO DE PRÉSTAMO, suscrito en la misma fecha y pagadero a la orden del BANCO.

Los fondos provenientes de la LÍNEA DE CRÉDITO se utilizarán para financiar determinados proyectos del PMC de la AUTORIDAD durante el primer semestre del Año Fiscal 2012 y para el pago de la deuda a favor del Municipio de Guaynabo correspondiente al proyecto Puente Periferal Sur. La AUTORIDAD se compromete y acuerda que cualquier modificación o

28175

AAFAF_CONF_0003783

enmienda al PMC, deberá ser previamente notificado por escrito al BANCO."

**SEGUNDO**: Las partes hacen constar que la AUTORIDAD ha dado cumplimiento a las disposiciones establecidas en las Secciones 1.1 y 2.1 (a) del CONTRATO DE PRÉSTAMO mediante la notificación de la certificación requerida.

**TERCERO**: Todas las demás cláusulas y condiciones del  CONTRATO DE PRÉSTAMO y PAGARÉ permanecerán inalteradas.



**[PÁGINA DE FIRMAS A CONTINUACIÓN]**

28175

AAFAF_CONF_0003784

**EN TESTIMONIO DE LO CUAL**, las partes comparecientes otorgan esta

**PRIMERA ENMIENDA A CONTRATO DE PRÉSTAMO ENMENDADO Y**

**REITERADO**, en San Juan, Puerto Rico, a 28 de febrero de 2012.


**BANCO GUBERNAMENTAL DE**    **AUTORIDAD DE CARRETERAS Y**
**FOMENTO PARA PUERTO RICO**    **TRANSPORTACIÓN DE PUERTO RICO**


_____    _____
José R. Otero Freiría               Rubén A. Hernández Gregorat
Vicepresidente Ejecutivo          Director Ejecutivo y
y Director de Finanzas            Secretario, Departamento de Transportación
                                     y Obras Públicas de Puerto Rico


Testimonio 644

    Reconocido y suscrito ante mí por Rubén A. Hernández Gregorat, mayor de edad, casado, ejecutivo y vecino de San Juan, Puerto Rico, en su carácter de Director Ejecutivo de la Autoridad de Carreteras y Transportación de Puerto Rico, y Secretario del Departamento de Trasportación y Obras Públicas de Puerto Rico, a quien conozco personalmente.

    En San Juan, Puerto Rico, a 28 de febrero de 2012.


_____
Notaria Pública


Testimonio 645

    Reconocido y suscrito ante mí por José R. Otero Freiría, mayor de edad, casado y vecino de Dorado, Puerto Rico, en su carácter de Vicepresidente Ejecutivo y Director de Financiamiento, del Banco Gubernamental de Fomento para Puerto Rico, a quien conozco personalmente.

    En San Juan, Puerto Rico, a 28 de febrero de 2012.


_____
Notaria Pública

28175

AAFAF_CONF_0003785

**SEGUNDA ENMIENDA A CONTRATO DE PRÉSTAMO**

**COMPARECEN**

**DE LA PRIMERA PARTE: El BANCO GUBERNAMENTAL DE FOMENTO PARA**

**PUERTO RICO,** una institución bancaria organizada y existente a tenor con la Ley Núm. 17,

aprobada el 23 de septiembre de 1948, según enmendada, (el "BANCO"), representado en

este acto por José R. Otero Freiría, Vicepresidente Ejecutivo y Director de Financiamiento,

mayor de edad, casado, ejecutivo y residente de Dorado, Puerto Rico.

DE LA SEGUNDA PARTE: La **AUTORIDAD DE CARRETERAS Y**

**TRANSPORTACIÓN DE PUERTO RICO,** una entidad jurídica creada en virtud de la Ley

Núm. 74 de 23 de junio de 1965, (la "AUTORIDAD"), según enmendada, representada en

este acto por Rubén A. Hernández Gregorat, Director Ejecutivo de la Autoridad y Secretario

del Departamento de Transportación y Obras Públicas, mayor de edad, casado, ingeniero y

vecino de Guaynabo, Puerto Rico.

A menos que un término escrito en letras mayúsculas sea definido de otra forma en

esta Segunda Enmienda al Contrato de Préstamo ("Segunda Enmienda"), el mismo tendrá el

significado adscrito en el CONTRATO DE PRÉSTAMO según se define más adelante.

**EXPONEN**

PRIMERO: El 16 de noviembre de 2011, la Junta de Directores del BANCO aprobó la

Resolución Núm. 9655 para conceder a la AUTORIDAD una línea de crédito para financiar el

Programa de Mejoras Capitales ("PMC") durante el primer semestre del Año Fiscal 2012. De

conformidad con lo anterior, el 29 de noviembre de 2011, la AUTORIDAD y el BANCO

suscribieron un Contrato de Préstamo (el "CONTRATO DE PRÉSTAMO") mediante el cual

se concedió a la AUTORIDAD una LÍNEA DE CRÉDITO no rotativa por la suma máxima



AAFAF_CONF_0003793

de CUARENTA Y NUEVE MILLONES TRESCIENTOS VEINTICINCO MIL DÓLARES ($49,325,000). En la misma fecha de otorgamiento del CONTRATO DE PRÉSTAMO, la AUTORIDAD suscribió un PAGARÉ por la suma de $49,325,000 a la orden del BANCO y con vencimiento el 31 de enero de 2013.

**SEGUNDO:** El 28 de febrero de 2012, el BANCO y la AUTORIDAD suscribieron una Primer Enmienda a Contrato de Préstamo a los fines de autorizar un desembolso con cargo a la LÍNEA DE CRÉDITO por la cantidad de Dos Millones Trescientos Veintisiete Mil Ochenta y Cuatro Dólares con Cuarenta y Seis Centavos ($2,327,084.46) para el pago de una deuda con el Municipio de Guaynabo relacionada al proyecto Puente Periferal Sur.

**TERCERO:** El Comité Ejecutivo de la Junta de Directores del BANCO ha autorizado enmendar el uso establecido en el CONTRATO DE PRÉSTAMO a los fines de reprogramar los fondos de la LÍNEA DE CRÉDITO para el pago parcial de la reclamación relacionada con la construcción del Expreso Martínez Nadal de la AUTORIDAD con el Municipio de Guaynabo por Dos Millones Trescientos Setenta y Cuatro Mil Trescientos Veintiséis Dólares con Tres Centavos ($2,374,326.03), según los términos y condiciones aprobados en la Resolución Núm. CE2012-47 adoptada en reunión celebrada el 8 de junio de 2012, y certificada por la Secretaria de dicha Junta, la Lcda. Zulema E. Martínez Álvarez el 12 de junio de 2012.

**POR LO QUE,** en consideración a los hechos afirmados anteriormente, y a las representaciones, acuerdos y garantías que más adelante se exponen, las partes comparecientes:

AAFAF_CONF_0003794

EN TESTIMONIO DE LO CUAL, las partes comparecientes otorgan esta

SEGUNDA ENMIENDA A CONTRATO DE PRÉSTAMO, en San Juan, Puerto Rico, a

12 de junio de 2012.

BANCO GUBERNAMENTAL DE                 AUTORIDAD DE CARRETERAS Y
FOMENTO PARA PUERTO RICO               TRANSPORTACIÓN DE PUERTO RICO

_____        _____
José R. Otero Freiría                  Rubén A. Hernández Gregorat
Vicepresidente Ejecutivo               Director Ejecutivo y
y Director de Finanzas                 Secretario, Departamento de Transportación
                                       y Obras Públicas de Puerto Rico

Testimonio 1093

    Reconocido y suscrito ante mí por Rubén A. Hernández Gregorat, mayor de edad, casado, ejecutivo y vecino de San Juan, Puerto Rico, en su carácter de Director Ejecutivo de la Autoridad de Carreteras y Transportación de Puerto Rico, y Secretario del Departamento de Transportación y Obras Públicas de Puerto Rico, a quien conozco personalmente.

    En San Juan, Puerto Rico, a __12__ de junio de 2012.

_____
Notaria Pública

Testimonio 1094

    Reconocido y suscrito ante mí por José R. Otero Freiría, mayor de edad, casado, ejecutivo y vecino de Dorado, Puerto Rico, en su carácter de Vicepresidente Ejecutivo y Director de Financiamiento, del Banco Gubernamental de Fomento para Puerto Rico, a quien conozco personalmente.

    En San Juan, Puerto Rico, a __12__ de junio de 2012.

_____
Notaria Pública

AAFAF_CONF_0003795

## TERCERA ENMIENDA A CONTRATO DE PRÉSTAMO

### COMPARECEN

**DE LA PRIMERA PARTE:** El BANCO GUBERNAMENTAL DE FOMENTO **PARA PUERTO RICO**, una institución bancaria organizada y existente a tenor con la Ley Núm. 17, aprobada el 23 de septiembre de 1948, según enmendada, (el "BANCO"), representado en este acto por José R. Otero Freiría, Vicepresidente Ejecutivo y Director de Financiamiento, mayor de edad, casado, ejecutivo y residente de Dorado, Puerto Rico.

**DE LA SEGUNDA PARTE:** La **AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO**, una entidad jurídica creada en virtud de la Ley Núm. 74 de 23 de junio de 1965, (la "AUTORIDAD"), según enmendada, representada en este acto por Rubén A. Hernández Gregorat, Director Ejecutivo de la Autoridad y Secretario del Departamento de Transportación y Obras Públicas, mayor de edad, casado, ingeniero y vecino de Guaynabo, Puerto Rico.



A menos que un término escrito en letras mayúsculas sea definido de otra forma en esta Tercera Enmienda al Contrato de Préstamo ("Tercera Enmienda"), el mismo tendrá el significado adscrito en el CONTRATO DE PRÉSTAMO según se define más adelante.

### EXPONEN

**POR CUANTO:** El 16 de noviembre de 2011, la Junta de Directores del BANCO aprobó la Resolución Núm. 9655 para conceder a la AUTORIDAD una línea de crédito para financiar el Programa de Mejoras Capitales ("PMC") durante el primer semestre del Año Fiscal 2012. De conformidad con lo anterior, el 29 de noviembre de 2011, la AUTORIDAD y el BANCO suscribieron un Contrato de Préstamo (el "CONTRATO DE PRÉSTAMO") mediante el cual se concedió a la AUTORIDAD una LÍNEA DE CRÉDITO no rotativa por

AAFAF_CONF_0003801

la suma máxima de CUARENTA Y NUEVE MILLONES TRESCIENTOS VEINTICINCO MIL DÓLARES ($49,325,000). En la misma fecha de otorgamiento del CONTRATO DE PRÉSTAMO, la AUTORIDAD suscribió un PAGARÉ por la suma de $49,325,000 a la orden del BANCO y con vencimiento el 31 de enero de 2013.

POR CUANTO: El 28 de febrero de 2012, el BANCO y la AUTORIDAD suscribieron una Primer Enmienda a Contrato de Préstamo a los fines de autorizar un desembolso con cargo a la LÍNEA DE CRÉDITO por la cantidad de Dos Millones Trescientos Veintisiete Mil Ochenta y Cuatro Dólares con Cuarenta y Seis Centavos ($2,327,084.46) para el pago de una deuda con el Municipio de Guaynabo relacionada al proyecto Puente Periferal Sur.

POR CUANTO: El 12 de junio de 2012 las partes suscribieron una Segunda Enmienda a Contrato de Préstamo a los fines de reprogramar los fondos de la LÍNEA DE CRÉDITO para el pago parcial de la reclamación relacionada con la construcción del Expreso Martínez Nadal de la AUTORIDAD con el Municipio de Guaynabo por Dos Millones Trescientos Setenta y Cuatro Mil Trescientos Veintiséis Dólares con Tres Centavos ($2,374,326.03).

POR CUANTO: La Junta de Directores del BANCO ha autorizado un desembolso con cargo a la LÍNEA DE CRÉDITO para saldar la reclamación relacionada con la construcción del Expreso Martínez Nadal de la AUTORIDAD con el Municipio de Guaynabo por Dos Millones Trescientos Veintisiete Mil Ochenta y Cuatro Dólares con Cuarenta y Seis Centavos ($2,327,084.46), según los términos y condiciones aprobados en la Resolución Núm. 9800 adoptada en reunión celebrada el 20 de junio de 2012, y certificada por la Secretaria de dicha Junta, la Lcda. Zulema E. Martínez Álvarez el 3 de julio de 2012.

28744

AAFAF_CONF_0003802

3

**POR LO TANTO,** en consideración a los hechos afirmados anteriormente, y a las representaciones, acuerdos y garantías que más adelante se exponen, las partes comparecientes:

## ACUERDAN Y CONVIENEN

**PRIMERO:** Se enmienda la Sección 1.1 del Artículo 1 del CONTRATO DE PRÉSTAMO para que lea como sigue:

"Una vez se otorguen y suscriban los DOCUMENTOS LEGALES que se relacionan en el Artículo 4.1 de este CONTRATO DE PRÉSTAMO, el BANCO extenderá a la AUTORIDAD una LÍNEA DE CRÉDITO no rotatoria por la cantidad máxima de principal de CUARENTA Y NUEVE MILLONES TRESCIENTOS VEINTICINCO MIL DÓLARES ($49,325,000), más intereses capitalizados. La AUTORIDAD utilizará este total autorizado para financiar su Programa de Mejoras Capitales del primer semestre del Año Fiscal 2012, así como también efectuar el pago de la deuda correspondiente al proyecto Puente Periferal Sur por la cantidad de $2,327,084.46 y el pago de $4,701,410.49 correspondiente a la reclamación relacionada con la construcción del Expreso Martínez Nadal, ambos a favor del Municipio de Guaynabo.

La LÍNEA DE CRÉDITO está evidenciada por un PAGARÉ por la misma cantidad autorizada a través del CONTRATO DE PRÉSTAMO, suscrito en la misma fecha y pagadero a la orden del BANCO.

Los fondos provenientes de la LÍNEA DE CRÉDITO se utilizarán para financiar determinados proyectos del PMC de la AUTORIDAD durante el primer semestre del Año Fiscal 2012, para el pago de las deudas a favor del Municipio de Guaynabo correspondientes al proyecto Puente Periferal Sur y a la reclamación relacionada con el Expreso Martínez Nadal. La AUTORIDAD se compromete y acuerda que cualquier modificación o enmienda al PMC, deberá ser previamente notificado por escrito al BANCO."

**SEGUNDO:** Las partes hacen constar que la AUTORIDAD ha dado cumplimiento a las disposiciones establecidas en las Secciones 1.1 y 2.1 (a) del CONTRATO DE PRÉSTAMO mediante la notificación de la certificación requerida.

**TERCERO:** El BANCO y la AUTORIDAD hacen constar expresamente que esta enmienda no constituye una novación de la obligación original. Todos los demás términos y

28744

AAFAF_CONF_0003803

4

condiciones del CONTRATO DE PRÉSTAMO, según enmendado, y el PAGARÉ otorgados

el 29 de noviembre de 2011, no inconsistentes con esta Tercera Enmienda a Contrato de

Préstamo, continuarán en pleno efecto y vigor.

**CUARTO:** La AUTORIDAD se compromete a presentar, en un término de diez

(10) días posterior a la otorgación de esta Tercera Enmienda a Contrato de Préstamo, la

identificación y eliminación de proyectos del PMC para compensar el efecto del pago a

realizarse sin tener que aumentar el balance aprobado de la LÍNEA DE CRÉDITO.

**[Firmas Aparecen en la Próxima Página]**



28744

AAFAF_CONF_0003804

5

EN TESTIMONIO DE LO CUAL, las partes comparecientes otorgan esta

TERCERA ENMIENDA A CONTRATO DE PRÉSTAMO, en San Juan, Puerto Rico, a 6

de julio de 2012.

BANCO GUBERNAMENTAL DE
FOMENTO PARA PUERTO RICO

AUTORIDAD DE CARRETERAS Y
TRANSPORTACIÓN DE PUERTO RICO

_____

José R. Otero Freiría
Vicepresidente Ejecutivo
y Director de Finanzas

_____

Rubén A. Hernández Gregorat
Director Ejecutivo, y Secretario del
Departamento de Transportación
y Obras Públicas de Puerto Rico

Testimonio 388

    Reconocido y suscrito ante mí por Rubén A. Hernández Gregorat, mayor de edad, casado, ejecutivo y vecino de San Juan, Puerto Rico, en su carácter de Director Ejecutivo de la Autoridad de Carreteras y Transportación de Puerto Rico y Secretario del Departamento de Trasportación y Obras Publicas de Puerto Rico, a quien conozco personalmente.

    En San Juan, Puerto Rico, a 6 de julio de 2012.

Testimonio 389

Notario Público

    Reconocido y suscrito ante mí por José R. Otero Freiría, mayor de edad, casado, ejecutivo y vecino de Dorado, Puerto Rico, en su carácter de Vicepresidente Ejecutivo y Director de Financiamiento del Banco Gubernamental de Fomento para Puerto Rico, a quien conozco personalmente.

    En San Juan, Puerto Rico, a 7 de julio de 2012.

Notario Público

28744

AAFAF_CONF_0003805

## CUARTA ENMIENDA A CONTRATO DE PRÉSTAMO

### COMPARECEN

**DE LA PRIMERA PARTE:** El **BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO**, una institución bancaria organizada y existente a tenor con la Ley Núm. 17, aprobada el 23 de septiembre de 1948, según enmendada, (el "BANCO"), representado en este acto por Ian J. Figueroa Toro, Vicepresidente Ejecutivo y Director de Financiamiento, mayor de edad, casado, ejecutivo y residente de San Juan, Puerto Rico.

**DE LA SEGUNDA PARTE:** La **AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO,** una entidad jurídica creada en virtud de la Ley Núm. 74 de 23 de junio de 1965, según enmendada, (la "AUTORIDAD") representada en este acto por Javier E. Ramos Hernández, Director Ejecutivo de la AUTORIDAD, mayor de edad, casado, ingeniero y vecino de Bayamón, Puerto Rico.

A menos que un término escrito en letras mayúsculas sea definido de otra forma en esta CUARTA ENMIENDA AL CONTRATO DE PRÉSTAMO, el mismo tendrá el significado adscrito en el CONTRATO DE PRÉSTAMO según se define más adelante.

### EXPONEN

**POR CUANTO:** El 16 de noviembre de 2011, la Junta de Directores del BANCO aprobó la Resolución Núm. 9655 para conceder a la AUTORIDAD una línea de crédito para financiar el Programa de Mejoras Capitales ("PMC") durante el primer semestre del Año Fiscal 2012. De conformidad con lo anterior, el 29 de noviembre de 2011, la AUTORIDAD y el BANCO suscribieron un Contrato de Préstamo (el "CONTRATO DE PRÉSTAMO") mediante el cual se concedió a la AUTORIDAD una LÍNEA DE CRÉDITO no rotativa por la suma máxima de CUARENTA Y NUEVE MILLONES TRESCIENTOS VEINTICINCO

29240

AAFAF_CONF_0003814

MIL DÓLARES ($49,325,000). En la misma fecha de otorgamiento del CONTRATO DE PRÉSTAMO, la AUTORIDAD suscribió un PAGARÉ por la suma de $49,325,000 a la orden del BANCO y con vencimiento el 31 de enero de 2013.

**POR CUANTO**: El 28 de febrero de 2012, el BANCO y la AUTORIDAD suscribieron una Primera Enmienda a Contrato de Préstamo para autorizar un desembolso con cargo a la LÍNEA DE CRÉDITO por la cantidad de $2,327,084.46 para el pago de una deuda con el Municipio de Guaynabo relacionada al proyecto Puente Periferal Sur.

**POR CUANTO**: El 12 de junio de 2012 las partes suscribieron una Segunda Enmienda a Contrato de Préstamo a los fines de reprogramar los fondos de la LÍNEA DE CRÉDITO para el pago parcial de la reclamación relacionada con la construcción del Expreso Martínez Nadal de la AUTORIDAD con el Municipio de Guaynabo por una cantidad de $2,374,326.03.



**POR CUANTO**: La AUTORIDAD y el BANCO suscribieron una Tercera Enmienda a Contrato de Préstamo, efectiva al 9 de julio de 2012, para desembolsar con cargo a la LÍNEA DE CRÉDITO un monto de $2,327,084.46 para saldar la reclamación del Municipio de Guaynabo hacia la AUTORIDAD en relación con la construcción del Expreso Martínez Nadal.

**POR CUANTO**: Al 31 de diciembre de 2012, el balance de principal de la LÍNEA DE CRÉDITO asciende a $48,954,158.56 con intereses acumulados por la cantidad de $1,314,698.54.

29240

AAFAF_CONF_0003815

**POR CUANTO**:   La gerencia del BANCO ha recomendado enmendar la LÍNEA DE CRÉDITO con el propósito de extender el vencimiento y el repago de intereses acumulados hasta el 31 de enero de 2014.

**POR CUANTO**:  La Junta de Directores del BANCO ha autorizado mediante la Resolución Núm. 9955 adoptada en reunión celebrada el 17 de enero de 2013, enmendar el CONTRATO DE PRÉSTAMO a los fines de extender la fecha de vencimiento hasta el 31 de enero de 2014 y establecer el pago de honorarios por asesoría financiera, entre otros términos y condiciones.

**POR CUANTO**:  De conformidad con la Resolución Núm. 2013-08 emitida el 31 de enero de 2013 por Miguel A. Torres Días, Secretario del Departamento de Transportación y Obras Públicas del Puerto Rico, la AUTORIDAD ha aceptado los términos y condiciones establecidos por el BANCO para la presente enmienda.

**POR LO TANTO**, en consideración a los hechos afirmados anteriormente, y a las representaciones, acuerdos y garantías que más adelante se exponen, las partes comparecientes:

**ACUERDAN Y CONVIENEN**

**PRIMERO:**  Se enmienda la primera oración de la Sección 1.3 del Artículo 1 del CONTRATO DE PRÉSTAMO para que lea como sigue:

"El principal de la LÍNEA DE CRÉDITO más los intereses capitalizados serán pagaderos el 31 de enero de 2014."

**SEGUNDO**:  La AUTORIDAD reconoce, conviene y acepta pagar al BANCO honorarios por servicios de asesoría financiera igual a una veinticincoava (1/25)

29240

AAFAF_CONF_0003816

parte del uno por ciento (1%), para un total de Diecinueve Mil Setecientos Treinta Dólares ($19,730) correspondientes a esta transacción y según la política vigente del BANCO.

**CUARTO**: En esta misma fecha, la AUTORIDAD suscribe y otorga un documento titulado PRIMERA ENMIENDA A PAGARÉ ("ALLONGE"). Este ALLONGE se hará formar parte del PAGARÉ original suscrito por la AUTORIDAD, con el propósito de incorporar los acuerdos y enmiendas aquí consignadas.

**QUINTO**: Esta CUARTA ENMIENDA AL CONTRATO DE PRÉSTAMO y su ALLONGE no constituyen una novación de las obligaciones de la AUTORIDAD bajo el CONTRATO DE PRÉSTAMO y PAGARÉ, según aquí enmendados. Todos los demás términos y condiciones y del CONTRATO DE PRÉSTAMO y el PAGARÉ que no contravengan lo aquí acordado, permanecerán inalteradas y en pleno vigor.

**SEXTO**: Esta CUARTA ENMIENDA AL CONTRATO DE PRÉSTAMO se suscribe de conformidad con la Resolución 9955 adoptada por la Junta de Directores del BANCO el 17 de enero de 2013, la cual se aprobó como una declaración de intención bajo la Sección 1.150-2 de la regulación del Departamento del Tesoro Federal (*U.S. Treasury Department Regulation Section 1.150-2*).

**[FIRMAS A CONTINUACIÓN]**

29240

**EN TESTIMONIO DE LO CUAL**, las partes comparecientes otorgan esta

**PRIMERA ENMIENDA A CONTRATO DE PRÉSTAMO** en San Juan, Puerto Rico,

a __13__ de marzo de 2013.

**BANCO GUBERNAMENTAL DE**            **AUTORIDAD DE CARRETERAS Y**
**FOMENTO PARA PUERTO RICO**          **TRANSPORTACIÓN DE PUERTO RICO**


_____       _____
Ian J. Figueroa Toro                  Javier E. Ramos Hernández
Vicepresidente Ejecutivo              Director Ejecutivo
y Director de Finanzas

Testimonio 785

    Reconocido y suscrito ante mí por Javier E. Ramos Hernández, mayor de edad, casado, ingeniero y vecino de Bayamón, Puerto Rico, en su carácter como Director Ejecutivo de la Autoridad de Carreteras y Transportación de Puerto Rico, a quien conozco personalmente.

En Barranquitas, Puerto Rico, a __13__ de marzo de 2013.


_____
Notaria Público

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

Testimonio 787

    Reconocido y suscrito ante mí por Ian J. Figueroa Toro, mayor de edad, casado y vecino de San Juan, Puerto Rico, en su carácter de Vicepresidente Ejecutivo y Director de Financiamiento del Banco Gubernamental de Fomento para Puerto Rico, a quien conozco personalmente.

En San Juan, Puerto Rico, a __13__ de marzo de 2013.


_____
Notaria Público

29240

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

AAFAF_CONF_0003818

## QUINTA ENMIENDA A CONTRATO DE PRÉSTAMO

### COMPARECEN

**DE LA PRIMERA PARTE:** El **BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO,** una institución bancaria organizada y existente a tenor con la Ley Núm. 17, aprobada el 23 de septiembre de 1948, según enmendada, (el "BANCO"), representado en este acto por Jorge A. Clivillés Díaz, Agente Fiscal, mayor de edad, casado y residente de San Juan, Puerto Rico.

**DE LA SEGUNDA PARTE:** La **AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO,** una entidad jurídica creada en virtud de la Ley Núm. 74 de 23 de junio de 1965, según enmendada, (la "AUTORIDAD") representada en este acto por Javier E. Ramos Hernández, Director Ejecutivo de la AUTORIDAD, mayor de edad, casado, ingeniero y vecino de Bayamón, Puerto Rico.

A menos que un término escrito en letras mayúsculas sea definido de otra forma en esta QUINTA ENMIENDA A CONTRATO DE PRÉSTAMO, el mismo tendrá el significado adscrito en el CONTRATO DE PRÉSTAMO, según se define más adelante.

### EXPONEN

**POR CUANTO:** El 16 de noviembre de 2011, la Junta de Directores del BANCO aprobó la Resolución Núm. 9655 para conceder a la AUTORIDAD una línea de crédito para financiar el Programa de Mejoras Capitales ("PMC") durante el primer semestre del Año Fiscal 2012. De conformidad con lo anterior, el 29 de noviembre de 2011, la AUTORIDAD y el BANCO suscribieron un Contrato de Préstamo (el "CONTRATO DE PRÉSTAMO") mediante el cual se concedió a la AUTORIDAD una LÍNEA DE

30279

AAFAF_CONF_0003828

CRÉDITO no rotativa por la suma máxima de CUARENTA Y NUEVE MILLONES TRESCIENTOS VEINTICINCO MIL DÓLARES ($49,325,000). En la misma fecha de otorgamiento del CONTRATO DE PRÉSTAMO, la AUTORIDAD suscribió un PAGARÉ por la suma de $49,325,000 a la orden del BANCO y con vencimiento el 31 de enero de 2013.

POR CUANTO: El 28 de febrero de 2012, el BANCO y la AUTORIDAD suscribieron una Primera Enmienda a Contrato de Préstamo para autorizar un desembolso con cargo a la LÍNEA DE CRÉDITO por la cantidad de $2,327,084.46 para el pago de una deuda con el Municipio de Guaynabo relacionada al proyecto Puente Periferal Sur.

POR CUANTO: El 12 de junio de 2012 las partes suscribieron una Segunda Enmienda a Contrato de Préstamo a los fines de reprogramar los fondos de la LÍNEA DE CRÉDITO para el pago parcial de la reclamación relacionada con la construcción del Expreso Martínez Nadal de la AUTORIDAD con el Municipio de Guaynabo por una cantidad de $2,374,326.03.

POR CUANTO: La AUTORIDAD y el BANCO suscribieron una Tercera Enmienda a Contrato de Préstamo, efectiva al 9 de julio de 2012, para desembolsar con cargo a la LÍNEA DE CRÉDITO un monto de $2,327,084.46 para saldar la reclamación del Municipio de Guaynabo hacia la AUTORIDAD en relación con la construcción del Expreso Martínez Nadal.

30279

AAFAF_CONF_0003829

**POR CUANTO**:  El 13 de marzo de 2013, la AUTORIDAD y el BANCO suscribieron una Cuarta Enmienda a Contrato de Préstamo para extender el vencimiento y el repago de intereses acumulados hasta el 31 de enero de 2014.

**POR CUANTO**: Al 31 de octubre de 2013, el balance de principal de la LÍNEA DE CRÉDITO asciende a $49,325,000.00 con intereses acumulados por la cantidad de $3,806,291.42.

**POR CUANTO**:  La AUTORIDAD ha solicitado, y la gerencia del BANCO ha recomendado, enmendar la LÍNEA DE CRÉDITO con el propósito de extender el vencimiento de la misma hasta el 31 de enero de 2015.

**POR CUANTO**:  La Junta de Directores del BANCO ha autorizado mediante la Resolución Núm. 10197 adoptada en reunión celebrada el 20 de noviembre de 2013, enmendar el CONTRATO DE PRÉSTAMO a los fines de extender la fecha de vencimiento y el repago de intereses acumulados hasta el 31 de enero de 2015 y requerir el pago de honorarios por asesoría financiera, entre otros términos y condiciones.

**POR CUANTO**:  De conformidad con la Resolución Núm. 2014-04 emitida el 30 de enero de 2014 por la Junta de Directores de la AUTORIDAD, la AUTORIDAD ha aceptado los términos y condiciones establecidos por el BANCO para la presente enmienda.

**POR LO TANTO**, en consideración a los hechos afirmados anteriormente, y a las representaciones, acuerdos y garantías que más adelante se exponen, las partes comparecientes:

30279

AAFAF_CONF_0003830

## ACUERDAN Y CONVIENEN

**PRIMERO:** Se enmienda la primera oración de la Sección 1.3 del Artículo 1 del CONTRATO DE PRÉSTAMO, según enmendado, para que lea como sigue:

"El principal de la LÍNEA DE CRÉDITO más los intereses capitalizados serán pagaderos el 31 de enero de 2015."

**SEGUNDO:** La AUTORIDAD reconoce, conviene y acepta pagar al BANCO la cantidad de $19,730.00 por servicios de asesoría financiera correspondientes a esta transacción y según la política vigente del BANCO.

**TERCERO:** En esta misma fecha, la AUTORIDAD suscribe y otorga un documento titulado SEGUNDA ENMIENDA A PAGARÉ ("ALLONGE"). Este ALLONGE se hará formar parte del PAGARÉ original suscrito por la AUTORIDAD, con el propósito de incorporar los acuerdos y enmiendas aquí consignadas.

**CUARTO:** Esta QUINTA ENMIENDA A CONTRATO DE PRÉSTAMO y su ALLONGE no constituyen una novación de las obligaciones de la AUTORIDAD bajo el CONTRATO DE PRÉSTAMO y PAGARÉ, según enmendados. Todos los demás términos y condiciones y del CONTRATO DE PRÉSTAMO y el PAGARÉ que no contravengan lo aquí acordado, permanecerán inalteradas y en pleno vigor.

**QUINTO:** Esta QUINTA ENMIENDA A CONTRATO DE PRÉSTAMO se suscribe de conformidad con la Resolución 10197 adoptada por la Junta de Directores del BANCO el 20 de noviembre de 2013, la cual se aprobó como una declaración de intención bajo la Sección 1.150-2 de la regulación del Departamento del Tesoro Federal (*U.S. Treasury Department Regulation Section 1.150-2*).

## [FIRMAS EN LA SIGUIENTE PÁGINA]

30279

AAFAF_CONF_0003831

**EN TESTIMONIO DE LO CUAL**, las partes comparecientes otorgan esta

QUINTA ENMIENDA A CONTRATO DE PRÉSTAMO en San Juan, Puerto Rico, a

31 de enero de 2014.

| BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO | AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO |
|---|---|
| _____ | _____ |
| Jorge A. Clivillés Díaz<br>Agente Fiscal | Javier E. Ramos Hernández<br>Director Ejecutivo |

Testimonio 585

Reconocido y suscrito ante mí por Javier E. Ramos Hernández, mayor de edad, casado, ingeniero y vecino de Bayamón, Puerto Rico, en su carácter como Director Ejecutivo de la Autoridad de Carreteras y Transportación de Puerto Rico, a quien conozco personalmente.

En San Juan, Puerto Rico, a 31 de enero de 2014.

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

_____
Notario Público

Testimonio 586

Reconocido y suscrito ante mí por Jorge A. Clivillés Díaz, mayor de edad, casado y vecino de San Juan, Puerto Rico, en su carácter de Agente Fiscal del Banco Gubernamental de Fomento para Puerto Rico, a quien conozco personalmente.

En San Juan, Puerto Rico, a 31 de enero de 2014.

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

_____
Notario Público

30279

AAFAF_CONF_0003832

<u>SEXTA ENMIENDA A CONTRATO DE PRÉSTAMO</u>

**COMPARECEN**

**DE LA PRIMERA PARTE:** El **BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO,** una institución bancaria organizada y existente a tenor con la Ley Núm. 17, aprobada el 23 de septiembre de 1948, según enmendada, (el "BANCO"), representado en este acto por Jorge A. Clivillés Díaz, Vicepresidente Ejecutivo y Agente Fiscal del BANCO, mayor de edad, casado, ejecutivo y residente de San Juan, Puerto Rico.

**DE LA SEGUNDA PARTE:** La **AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO,** una entidad jurídica creada en virtud de la Ley Núm. 74 de 23 de junio de 1965, según enmendada, (la "AUTORIDAD") representada en este acto por Carmen A. Villar-Prados, Directora Ejecutiva de la AUTORIDAD, mayor de edad, casada, ingeniera y vecina de Guaynabo, Puerto Rico.

A menos que un término escrito en letras mayúsculas sea definido de otra forma en esta SEXTA ENMIENDA A CONTRATO DE PRÉSTAMO, el mismo tendrá el significado adscrito en el CONTRATO DE PRÉSTAMO, según se define más adelante.

**EXPONEN**

**POR CUANTO:** El 16 de noviembre de 2011, la Junta de Directores del BANCO aprobó la Resolución Núm. 9655 para conceder a la AUTORIDAD una línea de crédito para financiar el Programa de Mejoras Capitales ("PMC") durante el primer semestre del Año Fiscal 2012. De conformidad con lo anterior, el 29 de noviembre de 2011, la AUTORIDAD y el BANCO suscribieron un Contrato de Préstamo (el "CONTRATO DE PRÉSTAMO") mediante el cual se concedió a la AUTORIDAD una LÍNEA DE



DS-049487

2

CRÉDITO no rotativa por la suma máxima de CUARENTA Y NUEVE MILLONES TRESCIENTOS VEINTICINCO MIL DÓLARES ($49,325,000).  En la misma fecha de otorgamiento del CONTRATO DE PRÉSTAMO, la AUTORIDAD suscribió un PAGARÉ por la suma de $49,325,000 a la orden del BANCO y con vencimiento el 31 de enero de 2013.

POR CUANTO:  El 28 de febrero de 2012, el BANCO y la AUTORIDAD suscribieron una Primera Enmienda a Contrato de Préstamo para autorizar un desembolso con cargo a la LÍNEA DE CRÉDITO por la cantidad de $2,327,084.46 para el pago de una deuda con el Municipio de Guaynabo relacionada al proyecto Puente Periferal Sur.

POR CUANTO:  El 12 de junio de 2012 las partes suscribieron una Segunda Enmienda a Contrato de Préstamo a los fines de reprogramar los fondos de la LÍNEA DE CRÉDITO para el pago parcial de la reclamación relacionada con la construcción del Expreso Martínez Nadal de la AUTORIDAD con el Municipio de Guaynabo por una cantidad de $2,374,326.03.

POR CUANTO:  La AUTORIDAD y el BANCO suscribieron una Tercera Enmienda a Contrato de Préstamo, efectiva al 9 de julio de 2012, para desembolsar con cargo a la LÍNEA DE CRÉDITO un monto de $2,327,084.46 para saldar la reclamación del Municipio de Guaynabo hacia la AUTORIDAD en relación con la construcción del Expreso Martínez Nadal.

POR CUANTO:  El 13 de marzo de 2013, la AUTORIDAD y el BANCO suscribieron una Cuarta Enmienda a Contrato de Préstamo para extender el vencimiento y el repago de intereses acumulados hasta el 31 de enero de 2014.

31272

DS-049488

3

**POR CUANTO**: El 31 de enero de 2014, la AUTORIDAD y el BANCO suscribieron una Quinta Enmienda a Contrato de Préstamo para extender el vencimiento y el repago de intereses acumulados hasta el 31 de enero de 2015, sujeto a ciertos términos y condiciones.

**POR CUANTO**: Al 31 de diciembre de 2014, el balance de principal de la LÍNEA DE CRÉDITO asciende a $49,325,000.00 con intereses acumulados por la cantidad de $7,308,366.39.

**POR CUANTO**: La gerencia del BANCO ha recomendado enmendar el CONTRATO DE PRÉSTAMO, según enmendado, con el propósito de extender el vencimiento hasta el 31 de enero de 2016.

**POR CUANTO**: La Junta de Directores del BANCO ha autorizado mediante la Resolución Núm. 10554 adoptada en reunión celebrada el 17 de diciembre de 2014, enmendar el CONTRATO DE PRÉSTAMO a los fines de extender la fecha de vencimiento y el repago de los intereses acumulados hasta el 31 de enero de 2016 y requerir el pago de honorarios por asesoría financiera, entre otros términos y condiciones.

**POR CUANTO**: De conformidad con la Resolución Núm. 2015-07 emitida el 15 de enero de 2015 por la Junta de Directores de la AUTORIDAD, la AUTORIDAD ha aceptado los términos y condiciones establecidos por el BANCO para la presente enmienda.

**POR LO TANTO**, en consideración a los hechos afirmados anteriormente, y a las representaciones, acuerdos y garantías que más adelante se exponen, las partes comparecientes:

31272

DS-049489

4

## ACUERDAN Y CONVIENEN

**PRIMERO:** Las partes acuerdan extender la fecha de vencimiento de la LÍNEA DE CRÉDITO e incluir los ingresos asignados a la AUTORIDAD bajo las Leyes Número 30 y 31 del 25 de junio de 2013 como fuente de pago adicional de la obligación. Por consiguiente, se enmienda la Sección 1.3 del Artículo 1 del CONTRATO DE PRÉSTAMO, según enmendado, para que lea como sigue:

> "El principal de la LÍNEA DE CRÉDITO más los intereses capitalizados serán pagaderos el 31 de enero de 2016. La fuente de pago serán futuras emisiones de bonos y cualesquiera otros fondos disponibles de la AUTORIDAD, incluyendo los ingresos asignados bajo las Leyes Número 30 y 31 del 25 de junio de 2013, los cuales están cedidos y comprometidos a favor del BANCO mediante el *Assignment and Security Agreement* suscrito el 28 de agosto de 2013 entre el BANCO y la AUTORIDAD."

**SEGUNDO:** El Director Ejecutivo de la AUTORIDAD y el Secretario del Departamento de Transportación y Obras Públicas deberán efectuar una presentación a la Junta de Directores del BANCO sobre las finanzas de la AUTORIDAD y el progreso de la implementación de sus planes a mediano y largo plazo para atender de manera expedita y efectiva la situación fiscal de la AUTORIDAD, más allá de los nuevos ingresos ya legislados. Esta presentación deberá efectuarse previo a que el BANCO desembolse cualquier fondo disponible bajo la LÍNEA DE CRÉDITO.

**TERCERO:** En esta misma fecha, la AUTORIDAD suscribe y otorga un documento titulado TERCERA ENMIENDA A PAGARÉ ("ALLONGE"). Este ALLONGE se hará formar parte del PAGARÉ original suscrito por la AUTORIDAD, con el propósito de incorporar los acuerdos y enmiendas aquí consignadas.

**CUARTO:** La AUTORIDAD reconoce, conviene y acepta pagar al BANCO la cantidad de Diecinueve Mil Setecientos Treinta Dólares ($19,730.00) por servicios de

31272

asesoría financiera correspondientes a esta transacción y según la política vigente del BANCO.

**QUINTO:** Esta SEXTA ENMIENDA A CONTRATO DE PRÉSTAMO y su ALLONGE no constituyen una novación de las obligaciones de la AUTORIDAD bajo el CONTRATO DE PRÉSTAMO y PAGARÉ, según enmendados. Todos los demás términos y condiciones y del CONTRATO DE PRÉSTAMO y el PAGARÉ que no contravengan lo aquí acordado, permanecerán inalteradas y en pleno vigor.

**SEXTO:** El Presidente del BANCO, el Vicepresidente Ejecutivo de Financiamiento o cualquier otro vicepresidente ejecutivo, podrá canalizar los recursos e ingresos de la AUTORIDAD correspondientes a las Leyes 30 y 31 del 25 de junio de 2013 para el repago de los financiamientos vigentes y cualquiera otras cantidades que el BANCO cobre por concepto de obligaciones pendientes de la AUTORIDAD.

**SÉPTIMO:** Esta SEXTA ENMIENDA A CONTRATO DE PRÉSTAMO se suscribe de conformidad con la Resolución 10554 adoptada por la Junta de Directores del BANCO el 17 de diciembre de 2014, la cual se aprobó como una declaración de intención bajo la Sección 1.150-2 de la regulación del Departamento del Tesoro Federal (*U.S. Treasury Department Regulation Section 1.150-2*).

**[FIRMAS EN LA SIGUIENTE PÁGINA]**

31272

DS-049491

6

**EN TESTIMONIO DE LO CUAL,** las partes comparecientes otorgan esta

SEXTA ENMIENDA A CONTRATO DE PRÉSTAMO en San Juan, Puerto Rico, a *20*

de mayo de 2015.

**BANCO GUBERNAMENTAL DE**          **AUTORIDAD DE CARRETERAS Y**
**FOMENTO PARA PUERTO RICO**         **TRANSPORTACIÓN DE PUERTO RICO**

_____      _____
Jorge A. Clivillés Díaz                Carmen A. Villar-Prados
Vicepresidente Ejecutivo y             Directora Ejecutiva
  Agente Fiscal


Testimonio 733

Reconocido y suscrito ante mí por Carmen A. Villar-Prados mayor de edad, casada, ingeniera y vecina de Guaynabo, Puerto Rico, en su carácter como Directora Ejecutiva de la Autoridad de Carreteras y Transportación de Puerto Rico y por Jorge A. Clivillés Díaz, mayor de edad, casado, ejecutivo y vecino de San Juan, Puerto Rico, en su carácter de Vicepresidente Ejecutivo y Agente Fiscal del Banco Gubernamental de Fomento para Puerto Rico, a quienes conozco personalmente.

En San Juan, Puerto Rico, a *20* de mayo de 2015.

_____
Notario Público

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

31272

Certified Translation

# LOAN AGREEMENT

THE PARTY OF THE FIRST PART: **PUERTO RICO GOVERNMENT DEVELOPMENT BANK**, a banking institution organized and existing in accordance with Law No. 17, approved on September 23, 1948, as amended (the "BANK"), hereby represented by its Executive Vice President and Fiscal Agent, Juan M. Roman, of legal age, married, executive and resident of Guaynabo, Puerto Rico.

THE PARTY OF THE SECOND PART: **PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY**, a legal entity created by virtue of Law No. 74 of June 23, 1965 (the "AUTHORITY"), as amended, hereby represented by Ruben A. Hernandez Gregorat, Executive Director of the Authority and Secretary of the Department of Transportation and Public Works, of legal age, married, engineer and resident of Guaynabo, Puerto Rico.

[initials]

## THE PARTIES STATE

**WHEREAS:** The AUTHORITY is interested in obtaining financing to pay for its Capital Improvements Program (PMC) for the first half of fiscal year 2012. This request formed part of the financing application made by the AUTHORITY to the BANK in September 2011 to finance its PMC, pay for the conversion to the Highway System on PR-22 and PR-5 and to cover certain operational expenses for the first half of fiscal year 2012.

**WHEREAS**: Through Resolution 9624 of September 21, 2011 (Resolution 9624), the BANK authorized the concession of a line of credit for $71,119,589 only to provide the funds necessary to cover

Doc. 27897

the conversion to the Highway System on PR-22 and PR-5 and certain operational expenses for the first

half of fiscal year 2012, evidenced through the Loan Agreement and its respective Promissory Note,

subscribed by the BANK and the AUTHORITY on October 27, 2011. The approval of the remainder of

the financing, which is intended to cover the costs of the first half of fiscal year 2012 of the PMC, was

conditioned on the results of the evaluation and validation of the PMC by an outside specialized

consulting firm, as provided by Resolution 9624.

**WHEREAS**: The BANK, through *PG Engineering Solutions, PSC*, an outside consulting firm,

evaluated and validate the PMC for the first half of fiscal year 2012, which allowed for confirming the

need for the financing by the AUTHORITY.

[initials]

**WHEREAS**: By virtue of the foregoing, on November 16, 2011, the Board of Directors of the

BANK approved Resolution No. 9655 (Resolution 9655) to grant the AUTHORITY a non-rotating line of

credit for the maximum amount of FORTY-NINE MILLION, THREE HUNDRED TWENTY-FIVE

THOUSAND DOLLARS ($49,325,000) to finance the PMC during the first half of fiscal year 2012.

**WHEREAS**: The AUTHORITY, through Resolution 2011-70 adopted by the Secretary of

Transportation and Public Works and Executive Director of the AUTHORITY on November 22, 2011,

accepted the terms and conditions established by the BANK through Resolution 9655, and authorized the

execution and granting of the legal documents necessary to evidence the financing.

**THEREFORE**, in consideration of the facts affirmed above, which the parties state are true and

accept as an integral part of this LOAN AGREEMENT, and the representations, agreements and

guarantees presented hereinafter, the appearing parties agree to grant this Loan Agreement.

## ARTICLE 1.

## LOAN

1.1    **Line of Credit**:

Once the LEGAL DOCUMENTS listed in Article 4.1 of this LOAN AGREEMENT have been

granted and signed, the BANK shall issue the AUTHORITY a non-rotating LINE OF CREDIT for the

maximum principal amount of FORTY-NINE MILLION, THREE HUNDRED TWENTY-FIVE

THOUSAND DOLLARS ($49,325,000), plus capitalized interest. The AUTHORITY shall utilize this

authorized total to finance its Capital Improvements Program for the first half of fiscal year 2012.

[initials]    The LINE OF CREDIT shall be evidenced by a PROMISSORY NOTE for the same amount,

authorized through this LOAN AGREEMENT, subscribed on the same date and payable to the BANK.

The funds originating from the LINE OF CREDIT shall be utilized to finance certain PMC

projects of the AUTHORITY during the first half of fiscal year 2012. The AUTHORITY undertakes and

agrees that any modification or amendment to the PMC must be previously notified in writing to the

BANK.

1.2   **Interest Rate**:

The AUTHORITY agrees that the LINE OF CREDIT shall accrue daily interest computed based on the current principal balance of this LINE OF CREDIT, calculated on an actual/360 basis, according to the preferred floating *Prime Rate* interest rate, as determined by the BANK, plus a differential of one hundred fifty (150) basis points. The interest rate that shall apply to this LINE OF CREDIT shall not be less than six percent (6%). The BANK may periodically review the basis, margin and periodicity of the interest rate, as it deems necessary and according to the interest rate market. The interest rate shall vary according to the variation of the preferred floating *Prime Rate* interest rate.

The interest on the LINE OF CREDIT shall be payable at maturity or on a previous date, if it is paid off before.

[initials]

If on the maturity date of the repayment obligation, the AUTHORITY has not paid the outstanding principal balance, the AUTHORITY shall pay interest on said amount computed based on two hundred (200) basis points on the rate that would apply to it under this LOAN AGREEMENT.

1.3   **Term and Source of Payment**:

The principal of the LINE OF CREDIT plus capitalized interest shall be payable on January 31, 2013. The source of payment shall be future issuances of bonds and any other available funds of the AUTHORITY.

1.4   **Disbursements**:

The AUTHORITY must request the disbursements in writing, three (3) business days in advance. The disbursement request shall include a certification form (*notice of drawing*) similar to Annex A of this

Agreement, in which the Executive Director of the AUTHORITY, or the person he or she delegates, shall

certify the need for the funds and the justification for their use. The AUTHORITY must also include any

other documentation that the BANK, at its full discretion, requests from it prior to the disbursement,

including but not limited to copies of invoices.

The disbursements under this financing shall be subject to the certification that must be issued by

the Fiscal Agency of the BANK on the compliance by the AUTHORITY with the terms and conditions

stipulated in the *Fiscal Oversight Agreement* (FOA) that the AUTHORITY has in force with the BANK,

as well as with the terms and conditions of any other loan agreement in force with the BANK, or that has

not been satisfied in full. Likewise, the AUTHORITY acknowledges and accepts that the disbursements

shall be conditioned on the compliance by the AUTHORITY with the delivery or presentation of

information or documents required by the BANK, in relation to an issuance of bonds that is currently

worked on, so that said transaction is not delayed.

[initials]

## ARTICLE 2.

## AFFIRMATIVE AGREEMENTS

2.1     **<u>Other Conditions</u>:**

The AUTHORITY agrees:

(a)  To notify the BANK, through certification, of any change in its Capital Improvements Program

for the first half of fiscal year 2012 or any event that alters or modifies the list of projects

presented to the BANK during the financing request;

(b) Send, on a quarterly basis, a record that includes the list of projects under the PMC, the changes

or modifications to said projects, the disbursements made and the available balance of funds for

each project;

(c) Pay the BANK the sum of TWENTY-FOUR THOUSAND, SIX HUNDRED SIXTY-TWO

DOLLARS AND FIFTY CENTS ($24,662.50) (corresponding to 1/20 of 1%), as financial

advisory fees corresponding to this transaction, according to the policy in force at the BANK,

which may be included as part of this financing, if necessary.

(d) Promptly send the request for financing for the PMC for the second half of fiscal year 2012.

This LOAN AGREEMENT is granted as an official declaration of intent under the regulation of

the Department of Treasury of the United States, Section 1.150-2.

The BANK reserves the right to request from the AUTHORITY any additional information

necessary to issue the disbursements or for any purpose related to this LOAN AGREEMENT or

PROMISSORY NOTE.

2.2   **Grounds for Noncompliance**:

The BANK reserves the right to cancel the LINE OF CREDIT for deviations from the purposes

[initials]

of the LINE OF CREDIT, from compliance with the *Financial Oversight Agreement* and all other requirements established in this LOAN AGREEMENT, or from the disbursement procedures of the BANK.

The AUTHORITY shall notify the BANK of any condition, fact or event that may constitute grounds for noncompliance or by virtue of whose notification or the mere passage of time, or both, may constitute grounds for noncompliance, sending the BANK a certification signed by one of its officials, specifying the nature of said grounds, how long they have existed, and what course of action the AUTHORITY proposes to initiate with respect to the same. Said notification must be sent to the BANK within ten (10) days following the occurrence of the noncompliance.

2.3     **Payment of Extrajudicial Collection Procedures, Fees, Expenses, etc.**:

At the request of the BANK, the AUTHORITY must promptly reimburse the BANK for the payment of the costs, expenses and attorneys' fees incurred by the BANK in extrajudicial collection procedures of any period in arrears in relation to the LINE OF CREDIT owed by the AUTHORITY. The failure by the AUTHORITY to reimburse said costs, expenses and attorneys' fees shall constitute grounds for noncompliance with the LINE OF CREDIT.

Said costs, expenses and attorneys' fees incurred by the BANK in accordance with the provisions of this LOAN AGREEMENT shall be reimbursed by the AUTHORITY immediately upon being requested.

[initials]

2.3     **Noncompliance under the Legal Documents**:

The AUTHORITY agrees that any noncompliance with the terms of the PROMISSORY NOTE and/or letter of commitment shall be simultaneously considered a noncompliance with this LOAN

AGREEMENT and vice versa, and if the same occurs, the BANK shall immediately have the right to enforce any of the rights and privileges that may be conferred by any of the LEGAL DOCUMENTS.

2.4     **Authorization to Borrow**:

The AUTHORITY has taken the measures that are appropriate and necessary, official or unofficial, to authorize the granting and delivery of the LEGAL DOCUMENTS without any limitation.


## ARTICLE 3.

## NONCOMPLIANCE

3.1     **Grounds for Noncompliance**:

Each one of the following shall constitute grounds for noncompliance under the terms of this LOAN AGREEMENT:

3.1.1     if any representation given or issued by the AUTHORITY to the BANK in any of the procedures and LEGAL DOCUMENTS, or if any report, guarantee or financial or other type of certificate provided to the BANK in relation to this LOAN AGREEMENT is false or misleading;

3.1.2     the failure to pay the principal and interest and their penalties, if any, of the LINE OF CREDIT on its maturity date, according to the terms of any of the LEGAL DOCUMENTS;

[initials]

 3.1.3 noncompliance or violation by the AUTHORITY of any of the terms, clauses and conditions agreed to with the BANK under Articles 1 and 2 of this LOAN AGREEMENT; or

 3.1.4 the failure by the AUTHORITY to remediate or correct, within a period of thirty (30) days of its occurrence, without prior notification by the BANK, any noncompliance with the terms, clauses and conditions of this LOAN AGREEMENT. This does not apply to the terms and conditions related to the payment obligations of the LINE OF CREDIT, given that the AUTHORITY must strictly comply with said payment at its maturity.

3.2 **Remedies**:

 Based on the occurrence of any of the grounds for noncompliance listed in Article 3.1 of this LOAN AGREEMENT, and if said noncompliance is not corrected or remedied as established, without it being necessary to send any notification of the noncompliance, whose rights the AUTHORITY hereby waives through this granting, the BANK may:

 3.2.1 proceed to claim the payment of the outstanding balance of the LINE OF CREDIT;

 3.2.2 file a legal proceeding requesting specific compliance with any term, clause or condition of any of the LEGAL DOCUMENTS, or a temporary or permanent injunction to prevent the AUTHORITY from violating any of said terms, clauses and conditions; or

[initials]

3.2.3     exercise any other remedy to which it is entitled under the laws of the Free Associated

State of Puerto Rico.

The AUTHORITY authorizes the BANK and confers it the power, without the requirement of

any notification, to apply the right to offset the obligations that arise from this LOAN AGREEMENT,

making any application of payments of any sum of money belonging to the AUTHORITY in the

possession of the BANK for the payment of the LINE OF CREDIT and accumulated interest, in the event

of noncompliance by the AUTHORITY with its payment obligations under the LOAN AGREEMENT.


## ARTICLE 4.

## MISCELLANEOUS PROVISIONS

4.1    **Legal Documents**:

As utilized in this LOAN AGREEMENT, the term LEGAL DOCUMENTS refers to:

1.   PROMISSORY NOTE

2.   LOAN AGREEMENT

4.2    **Waivers, Reliefs, Extensions, Tolerances and Additional Remedies**:

No delay by the BANK or any holder or owner of the PROMISSORY NOTE in the exercise of

any right, faculty or remedy that may be in accordance with the terms of any of the LEGAL

DOCUMENTS shall be considered a waiver, limitation or reduction of the same, nor shall the partial or

[initials]   exclusive exercise of any of the same be an obstacle for them to subsequently be exercised in full,

including but not limited to the offset right. The remedies in favor of the BANK established in the

LEGAL DOCUMENTS shall be considered additional to, and not exclusive of, any other remedy

established by law. For any relief, extension or tolerance issued by the BANK to the AUTHORITY, or

any amendment to this LOAN AGREEMENT to be effective, it must be signed in writing by an

authorized official of the BANK, and it must specify the scope of the relief, extension, tolerance or

amendment granted. Any relief, extension, tolerance or amendment granted shall be valid only for the

occurrence or eventuality for which it was granted.

4.4     **Addresses for Notifications, etc.**:

Any notification, claim, directive or any other communication established by the LEGAL

DOCUMENTS shall be issued in writing and shall be delivered personally or sent via fax or mail, to the

following addresses:

TO THE "**AUTHORITY**":

Highways and Transportation Authority
Department of Transportation and Public Works
P.O. Box 42007
San Juan, Puerto Rico 00940-2007
(787) 721-8787

Attention: Executive Director

TO THE "**BANK**":

[initials]

Puerto Rico Government Development Bank
P.O. Box 42001
San Juan, Puerto Rico 00940-2001
Fax: (787) 721-1443

Attention: President

or to any other address that the parties indicate through a written notification sent in accordance with this Article. These shall be considered consummated once duly stamped and deposited in the mail and sent to the mentioned addresses.

4.5    **Successors and Assignees**:

The pacts and clauses contained herein shall obligate and benefit the parties and their respective assignees, executors, administrators, successors and transferees.

4.6    **Waivers by the AUTHORITY of Presentation, Protest, etc.**:

The AUTHORITY waives any notification of acceptance or demand or request for the fulfillment of any prior condition by the BANK, and also waives the rights of presentation, protest, notification of protest, payment request, notification of noncompliance or non-payment, relief, commitment, offset, transaction, extension, renewal or extension of any contractual right or legal instrument and, in general, any other legal formality.

[initials]

[SIGNATURES ON THE FOLLOWING PAGE]

IN WITNESS WHEREOF, the appearing parties grant this LOAN AGREEMENT, in San Juan, Puerto

Rico, today, November [hw:] _29_, 2011.


**PUERTO RICO GOVERNMENT**
**DEVELOPMENT BANK**

[signature]
Juan M. Roman
Executive Vice President
and Fiscal Agent

**PUERTO RICO HIGHWAYS**
**AND TRANSPORTATION AUTHORITY**

[signature]
Ruben A. Hernandez Gregorat
Executive Director and
Secretary, Department of Transportation
and Public Works of Puerto Rico

Certified Copy [hw:] _413_

Acknowledged and signed before me by Ruben A. Hernandez Gregorat, of legal age, married, executive and resident of ~~San Juan~~ [hw:] [ILLEGIBLE], Puerto Rico, in his capacity as Executive Director of the Highways and Transportation Authority of Puerto Rico, and Secretary of the Department of Transportation and Public Works of Puerto Rico, whom I know personally.

In San Juan, Puerto Rico, on November [hw:] _29_, 2011.

[stamp:] Zoraya Betancourt Calzada
    [emblem]
    Attorney - Notary

[signature]
Notary Public

Certified Copy [hw:] _414_

Acknowledged and signed before me by Juan M. Roman, of legal age, married and resident of Guaynabo, Puerto Rico, in his capacity as Executive Vice President and Fiscal Agent of the Puerto Rico Government Development Bank, whom I know personally.

In San Juan, Puerto Rico, on November [hw:] _29_, 2011.

[stamp:] Zoraya Betancourt Calzada
    [emblem]
    Attorney - Notary

[signature]
Notary Public

**FIRST AMENDMENT TO THE LOAN AGREEMENT**

**BETWEEN**

THE PARTY OF THE FIRST PART: **PUERTO RICO GOVERNMENT DEVELOPMENT**

**BANK**, a banking institution organized and existing in accordance with Law No. 17, approved on

September 23, 1948, as amended (the "BANK"), hereby represented by Jose R. Otero Freiria, its

Executive Vice President and Financing Director, of legal age, married, executive and resident of Dorado,

Puerto Rico.

THE PARTY OF THE SECOND PART: **PUERTO RICO HIGHWAYS AND**

**TRANSPORTATION AUTHORITY**, a legal entity created by virtue of Law No. 74 of June 23, 1965

(the "AUTHORITY"), as amended, hereby represented by Ruben A. Hernandez Gregorat, Executive

Director of the Authority and Secretary of the Department of Transportation and Public Works, of legal

age, married, engineer and resident of Guaynabo, Puerto Rico.

[initials]

        Unless a term written in capital letters is defined otherwise in this First Amendment to the Loan

Agreement ("First Amendment"), it shall have the meaning assigned in the LOAN AGREEMENT, as

defined hereinafter.

28175

**THE PARTIES STATE**

     **FIRST**: On November 16, 2011, the Board of Directors of the BANK approved Resolution No. 9655 to grant the AUTHORITY a line of credit to finance the Capital Improvements Program ("PMC") during the first half of fiscal year 2012. In accordance with the foregoing, on November 29, 2011, the AUTHORITY and the BANK signed a Loan Agreement (the "LOAN AGREEMENT") through which the AUTHORITY was granted a non-rotating LINE OF CREDIT for the maximum amount of FORTY-NINE MILLION, THREE HUNDRED TWENTY-FIVE THOUSAND DOLLARS ($49,325,000). On the same date as the granting of the LOAN AGREEMENT, the AUTHORITY subscribed a PROMISSORY NOTE for the amount of $49,325,000, payable to the BANK and maturing on January 31, 2013.

     **SECOND**: The AUTHORITY has asked the BANK for a disbursement from the LINE OF CREDIT for the amount of **two million, three hundred twenty-seven thousand, eighty-four dollars and forty-six cents ($2,327,084.46)** for the payment of a debt with the Municipality of Guaynabo related to the South Peripheral Bridge project.

     **THIRD**: The Board of Directors of the BANK has authorized amending the established use in the LOAN AGREEMENT for the purpose of reprogramming funds of the LINE OF CREDIT for the payment of the mentioned debt of the AUTHORITY with the Municipality of Guaynabo, according to the

[initials]

28175

terms and conditions approved in Resolution No. CE2012-16 adopted in a meeting held on February 10, 2012 and certified by the Secretary of said Board, Ms. Zulema E. Martinez Alvarez, on February 28, 2012.

**THEREFORE**, in consideration of the facts affirmed above, and the representations, agreements and guarantees presented hereinafter, the appearing parties:

## AGREE

**FIRST**: Section 1.1 of Article 1 of the LOAN AGREEMENT is amended to read as follows:

"Once the LEGAL DOCUMENTS listed in Article 4.1 of this LOAN AGREEMENT have been granted and signed, the BANK shall issue the AUTHORITY a non-rotating LINE OF CREDIT for the maximum principal amount of FORTY-NINE MILLION, THREE HUNDRED TWENTY-FIVE THOUSAND DOLLARS ($49,325,000), plus capitalized interest. The AUTHORITY shall utilize this authorized total to finance its Capital Improvements Program for the first half of fiscal year 2012, as well as to make the payment on the debt corresponding to the South Peripheral Bridge project for the amount of $2,327,084.46 in favor of the Municipality of Guaynabo.

The LINE OF CREDIT is evidenced by a PROMISSORY NOTE for the same amount authorized through the LOAN AGREEMENT, subscribed on the same date and payable to the BANK.

[initials]

The funds originating from the LINE OF CREDIT shall be utilized to finance certain PMC projects of the AUTHORITY during the first half of fiscal year 2012 and for the payment of the debt in favor of the Municipality of Guaynabo corresponding to the South Peripheral Bridge project. The AUTHORITY undertakes and agrees that any modification or amendment to the

28175

PMC must be previously notified in writing to the BANK."

**SECOND**: The parties state that the AUTHORITY has complied with the provisions established in Sections 1.1 and 2.1 (a) of the LOAN AGREEMENT through the notification of the required certification.

**THIRD**: All other clauses and conditions of the LOAN AGREEMENT and PROMISSORY NOTE shall remain unchanged.

**[SIGNATURE PAGE IN CONTINUATION]**

[initials]

28175

**IN WITNESS WHEREOF,** the appearing parties grant this **FIRST AMENDMENT TO THE LOAN AGREEMENT AMENDED AND REPEATED,** in San Juan, Puerto Rico, on February [hw:] *28*, 2012.

**PUERTO RICO GOVERNMENT DEVELOPMENT BANK**

[signature]
Jose R. Otero Freiria
Executive Vice President
and Finance Director

**PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY**

[signature]
Ruben A. Hernandez Gregorat
Executive Director and
Secretary, Department of Transportation
and Public Works of Puerto Rico

Certified Copy [hw:] *644*

Acknowledged and signed before me by Ruben A. Hernandez Gregorat, of legal age, married, executive and resident of ~~San Juan~~ [hw:] [ILLEGIBLE], Puerto Rico, in his capacity as Executive Director of the Highways and Transportation Authority of Puerto Rico, and Secretary of the Department of Transportation and Public Works of Puerto Rico, whom I know personally.

In San Juan, Puerto Rico, on February [hw:] *28*, 2012.

[stamp:] MARGUILEAN RIVERA AMILL
        [emblem]                          [signature]
        ATTORNEY-NOTARY                   Notary Public

Certified Copy [hw:] *645*

Acknowledged and signed before me by Jose R. Otero Freiria, of legal age, married and resident of Dorado, Puerto Rico, in his capacity as Executive Vice President and Financing Director of the Puerto Rico Government Development Bank, whom I know personally.

In San Juan, Puerto Rico, on February [hw:] *28*, 2012.

[stamp:] MARGUILEAN RIVERA AMILL
        [emblem]                          [signature]
        ATTORNEY-NOTARY                   Notary Public

28175

## SECOND AMENDMENT TO THE LOAN AGREEMENT

## BETWEEN

### THE PARTY OF THE FIRST PART: PUERTO RICO GOVERNMENT

**DEVELOPMENT BANK**, a banking institution organized and existing in accordance with Law No. 17,

approved on September 23, 1948, as amended (the "BANK"), hereby represented by Jose R. Otero

Freiria, its Executive Vice President and Financing Director, of legal age, married, executive and resident

of Dorado, Puerto Rico.

### THE PARTY OF THE SECOND PART: PUERTO RICO HIGHWAYS AND

**TRANSPORTATION AUTHORITY**, a legal entity created by virtue of Law No. 74 of June 23, 1965

(the "AUTHORITY"), as amended, hereby represented by Ruben A. Hernandez Gregorat, Executive

Director of the Authority and Secretary of the Department of Transportation and Public Works, of legal

age, married, engineer and resident of Guaynabo, Puerto Rico.

Unless a term written in capital letters is defined otherwise in this Second Amendment to the

Loan Agreement ("Second Amendment"), it shall have the meaning assigned in the LOAN

AGREEMENT, as defined hereinafter.

### THE PARTIES STATE

[initials]

**FIRST**: On November 16, 2011, the Board of Directors of the BANK approved Resolution No.

9655 to grant the AUTHORITY a line of credit to finance the Capital Improvements Program ("PMC")

during the first half of fiscal year 2012. In accordance with the foregoing, on November 29, 2011, the

AUTHORITY and the BANK signed a Loan Agreement (the "LOAN AGREEMENT") through which

the AUTHORITY was granted a non-rotating LINE OF CREDIT for the maximum amount of FORTY-

NINE MILLION, THREE HUNDRED TWENTY-FIVE THOUSAND DOLLARS ($49,325,000). On the

same date as the granting of the LOAN AGREEMENT, the AUTHORITY subscribed a PROMISSORY

NOTE for the amount of $49,325,000, payable to the BANK and maturing on January 31, 2013.

    **SECOND**: On February 28, 2012, the BANK and the AUTHORITY signed a First Amendment

to the Loan Agreement for the purpose of authorizing a disbursement from the LINE OF CREDIT for the

amount of two million, three hundred twenty-seven thousand, eighty-four dollars and forty-six cents

($2,327,084.46), for the payment of a debt with the Municipality of Guaynabo related to the South

Peripheral Bridge project.

    **THIRD**: The Executive Committee of the Board of Directors of the BANK has authorized

amending the use established in the LOAN AGREEMENT for the purpose of reprogramming the funds of

the LINE OF CREDIT for the partial payment of the claim related to the construction of the Martinez

Nadal Highway of the AUTHORITY with the Municipality of Guaynabo for two million, three hundred

seventy-four thousand, three hundred twenty-six dollars and three cents ($2,374,326.03), according to the

terms and conditions approved in Resolution No. CE2012-47 adopted in the meeting held on June 8, 2012

and certified by the Secretary of said Board, Ms. Zulema E. Martinez Alvarez on June 12, 2012.

    **THEREFORE**, in consideration of the facts affirmed above, and the representations, agreements

and guarantees presented hereinafter, the appearing parties:

[initials]

**IN WITNESS WHEREOF,** the appearing parties grant this **SECOND AMENDMENT TO THE**

**LOAN AGREEMENT**, in San Juan, Puerto Rico, on June [hw:] _12_, 2012.

| PUERTO RICO GOVERNMENT<br>DEVELOPMENT BANK | PUERTO RICO HIGHWAYS<br>AND TRANSPORTATION AUTHORITY |
|---|---|
| [signature]<br>Jose R. Otero Freiria<br>Executive Vice President<br>and Finance Director | [signature]<br>Ruben A. Hernandez Gregorat<br>Executive Director and<br>Secretary, Department of Transportation<br>and Public Works of Puerto Rico |

Certified Copy [hw:] _693_

Acknowledged and signed before me by Ruben A. Hernandez Gregorat, of legal age, married, executive and resident of ~~San Juan~~ [hw:] [ILLEGIBLE], Puerto Rico, in his capacity as Executive Director of the Highways and Transportation Authority of Puerto Rico, and Secretary of the Department of Transportation and Public Works of Puerto Rico, whom I know personally.

In San Juan, Puerto Rico, on June [hw:] _12_, 2012.

[stamp:] MARGUILEAN RIVERA AMILL
       [emblem]
       ATTORNEY-NOTARY          [signature]
                                         Notary Public

Certified Copy [hw:] _694_

Acknowledged and signed before me by Jose R. Otero Freiria, of legal age, married and resident of Dorado, Puerto Rico, in his capacity as Executive Vice President and Financing Director of the Puerto Rico Government Development Bank, whom I know personally.

In San Juan, Puerto Rico, on June [hw:] _12_, 2012.

[stamp:] MARGUILEAN RIVERA AMILL
       [emblem]
       ATTORNEY-NOTARY          [signature]
                                         Notary Public

# THIRD AMENDMENT TO THE LOAN AGREEMENT

## BETWEEN

## THE PARTY OF THE FIRST PART: PUERTO RICO GOVERNMENT

**DEVELOPMENT BANK**, a banking institution organized and existing in accordance with Law No. 17, approved on September 23, 1948, as amended (the "BANK"), hereby represented by Jose R. Otero Freiria, its Executive Vice President and Financing Director, of legal age, married, executive and resident of Dorado, Puerto Rico.

## THE PARTY OF THE SECOND PART: PUERTO RICO HIGHWAYS AND

**TRANSPORTATION AUTHORITY**, a legal entity created by virtue of Law No. 74 of June 23, 1965 (the "AUTHORITY"), as amended, hereby represented by Ruben A. Hernandez Gregorat, Executive Director of the Authority and Secretary of the Department of Transportation and Public Works, of legal age, married, engineer and resident of Guaynabo, Puerto Rico.

Unless a term written in capital letters is defined otherwise in this Third Amendment to the Loan Agreement ("Third Amendment"), it shall have the meaning assigned in the LOAN AGREEMENT, as defined hereinafter.

## THE PARTIES STATE

[initials]

**WHEREAS**: On November 16, 2011, the Board of Directors of the BANK approved Resolution No. 9655 to grant the AUTHORITY a line of credit to finance the Capital Improvements Program ("PMC") during the first half of fiscal year 2012. In accordance with the foregoing, on November 29, 2011, the AUTHORITY and the BANK signed a Loan Agreement (the "LOAN AGREEMENT") through which the AUTHORITY was granted a non-rotating LINE OF CREDIT for the maximum amount of

2

FORTY-NINE MILLION, THREE HUNDRED TWENTY-FIVE THOUSAND DOLLARS ($49,325,000). On the same date as the granting of the LOAN AGREEMENT, the AUTHORITY subscribed a PROMISSORY NOTE for the amount of $49,325,000, payable to the BANK and maturing on January 31, 2013.

**WHEREAS**: On February 28, 2012, the BANK and the AUTHORITY signed a First Amendment to the Loan Agreement for the purpose of authorizing a disbursement from the LINE OF CREDIT for the amount of two million, three hundred twenty-seven thousand, eighty-four dollars and forty-six cents ($2,327,084.46), for the payment of a debt with the Municipality of Guaynabo related to the South Peripheral Bridge project.

**WHEREAS**: On June 12, 2012, the parties signed a Second Amendment to the Loan Agreement for the purpose of reprogramming the funds of the LINE OF CREDIT for the partial payment of the claim related to the construction of the Martinez Nadal Highway of the AUTHORITY with the Municipality of Guaynabo for two million, three hundred seventy-four thousand, three hundred twenty-six dollars and three cents ($2,374,326.03).

[initials]

**WHEREAS**: The Board of Directors of the BANK has authorized a disbursement from the LINE OF CREDIT to settle the claim related to the construction of the Martinez Nadal Highway of the AUTHORITY with the Municipality of Guaynabo for two million, three hundred twenty-seven thousand, eighty-four dollars and forty-six cents ($2,327,084.46), according to the terms and conditions approved in Resolution No. 9800 adopted at the meeting held on June 20, 2012 and certified by the Secretary of said Board, Ms. Zulema E. Martinez Alvarez on July 3, 2012.

28744

3

**THEREFORE**, in consideration of the facts affirmed above, and the representations, agreements and guarantees presented hereinafter, the appearing parties:

**AGREE**

**FIRST**: Section 1.1 of Article 1 of the LOAN AGREEMENT is amended to read as follows:

"Once the LEGAL DOCUMENTS listed in Article 4.1 of this LOAN AGREEMENT have been granted and signed, the BANK shall issue the AUTHORITY a non-rotating LINE OF CREDIT for the maximum principal amount of FORTY-NINE MILLION, THREE HUNDRED TWENTY-FIVE THOUSAND DOLLARS ($49,325,000), plus capitalized interest. The AUTHORITY shall utilize this authorized total to finance its Capital Improvements Program for the first half of fiscal year 2012, as well as to make the payment on the debt corresponding to the South Peripheral Bridge project for the amount of $2,327,084.46 and the payment of $4,701,410.49 corresponding to the claim related to the construction of the Martinez Nadal Highway, both in favor of the Municipality of Guaynabo.

The LINE OF CREDIT is evidenced by a PROMISSORY NOTE for the same amount authorized through the LOAN AGREEMENT, subscribed on the same date and payable to the BANK.

The funds originating from the LINE OF CREDIT shall be utilized to finance certain PMC projects of the AUTHORITY during the first half of fiscal year 2012, for the payment of the debts in favor of the Municipality of Guaynabo corresponding to the South Peripheral Bridge project and for the claim related to the Martinez Nadal Highway. The AUTHORITY undertakes and agrees that any modification or amendment to the PMC must be previously notified in writing to the BANK."

[initials]

**SECOND**: The parties state that the AUTHORITY has complied with the provisions established in Sections 1.1 and 2.1 (a) of the LOAN AGREEMENT through the notification of the required certification.

**THIRD**: The BANK and the AUTHORITY expressly state that this amendment does not constitute a novation of the original obligation. All other terms and conditions of the LOAN

28744

4

AGREEMENT, as amended, and the PROMISSORY NOTE granted on November 29, 2011, not

inconsistent with this Third Amendment to the Loan Agreement, shall remain in full force and effect.

**FOURTH**: The AUTHORITY undertakes to present, within ten (10) days following the granting

of this Third Amendment to the Loan Agreement, the identification and elimination of PMC projects to

offset the effect of the payment to be made without having to increase the approved balance of the LINE

OF CREDIT.

**[Signatures Appear on the Next Page]**

[initials]

28744

5

**IN WITNESS WHEREOF,** the appearing parties grant this **THIRD AMENDMENT TO THE LOAN AGREEMENT**, in San Juan, Puerto Rico, on July 6, 2012.

| | |
|---|---|
| **PUERTO RICO GOVERNMENT DEVELOPMENT BANK** | **PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY** |

[signature]                                                     [signature]
Jose R. Otero Freiria                                    Ruben A. Hernandez Gregorat
Executive Vice President                            Executive Director and
and Finance Director                                   Secretary, Department of Transportation
                                                                     and Public Works of Puerto Rico

Certified Copy [hw:] _388_

    Acknowledged and signed before me by Ruben A. Hernandez Gregorat, of legal age, married, executive and resident of ~~San Juan~~ [hw:] [ILLEGIBLE], Puerto Rico, in his capacity as Executive Director of the Highways and Transportation Authority of Puerto Rico, and Secretary of the Department of Transportation and Public Works of Puerto Rico, whom I know personally.

    In San Juan, Puerto Rico, on July 6, 2012

       [stamp:] BELEN FORNARIS ALFANO
           [emblem]                                     [signature]
           PUERTO RICO                            Notary Public
           ATTORNEY-NOTARY
       [stamp:] EXEMPT FROM PAYMENT OF DUTY
           LAW 47 OF JUNE 4, 1982

Certified Copy [hw:] _389_

    Acknowledged and signed before me by Jose R. Otero Freiria, of legal age, married and resident of Dorado, Puerto Rico, in his capacity as Executive Vice President and Financing Director of the Puerto Rico Government Development Bank, whom I know personally.

    In San Juan, Puerto Rico, on July [hw:] _9_, 2012.

       [stamp:] BELEN FORNARIS ALFANO
           [emblem]                                     [signature]
           PUERTO RICO                            Notary Public
           ATTORNEY-NOTARY
       [stamp:] EXEMPT FROM PAYMENT OF DUTY
           LAW 47 OF JUNE 4, 1982

28744

**FOURTH AMENDMENT TO THE LOAN AGREEMENT**

**BETWEEN**

**THE PARTY OF THE FIRST PART: PUERTO RICO GOVERNMENT**

**DEVELOPMENT BANK**, a banking institution organized and existing in accordance with Law No. 17, approved on September 23, 1948, as amended (the "BANK"), hereby represented by Ian J. Figueroa Toro, Executive Vice President and Financing Director, of legal age, married, executive and resident of San Juan, Puerto Rico.

**THE PARTY OF THE SECOND PART: PUERTO RICO HIGHWAYS AND**

**TRANSPORTATION AUTHORITY**, a legal entity created by virtue of Law No. 74 of June 23, 1965 (the "AUTHORITY"), as amended, hereby represented by Javier E. Ramos Hernandez, Executive Director of the Authority, of legal age, married, engineer and resident of Bayamon, Puerto Rico.

Unless a term written in capital letters is defined otherwise in this FOURTH AMENDMENT TO THE LOAN AGREEMENT, it shall have the meaning assigned in the LOAN AGREEMENT, as defined hereinafter.

[initials]

**THE PARTIES STATE**

**WHEREAS**: On November 16, 2011, the Board of Directors of the BANK approved Resolution No. 9655 to grant the AUTHORITY a line of credit to finance the Capital Improvements Program ("PMC") during the first half of fiscal year 2012. In accordance with the foregoing, on November 29, 2011, the AUTHORITY and the BANK signed a Loan Agreement (the "LOAN AGREEMENT") through which the AUTHORITY was granted a non-rotating LINE OF CREDIT for the maximum amount of

29240

FORTY-NINE MILLION, THREE HUNDRED TWENTY-FIVE THOUSAND DOLLARS ($49,325,000). On the same date as the granting of the LOAN AGREEMENT, the AUTHORITY subscribed a PROMISSORY NOTE for the amount of $49,325,000, payable to the BANK and maturing on January 31, 2013.

**WHEREAS**: On February 28, 2012, the BANK and the AUTHORITY signed a First Amendment to the Loan Agreement for the purpose of authorizing a disbursement from the LINE OF CREDIT for the amount of $2,327,084.46 for the payment of a debt with the Municipality of Guaynabo related to the South Peripheral Bridge project.

**WHEREAS**: On June 12, 2012, the parties signed a Second Amendment to the Loan Agreement for the purpose of reprogramming the funds of the LINE OF CREDIT for the partial payment of the claim related to the construction of the Martinez Nadal Highway of the AUTHORITY with the Municipality of Guaynabo for the amount of $2,374,326.03.

[initials]

**WHEREAS**: The AUTHORITY and the BANK signed a Third Amendment to the Loan Agreement, effective July 9, 2012, to disburse from the LINE OF CREDIT an amount of $2,327,084.46 to settle the claim of the Municipality of Guaynabo against the AUTHORITY in relation to the construction of the Martinez Nadal Highway.

**WHEREAS**: As of December 31, 2012, the principal balance of the LINE OF CREDIT was $48,954,158.56, with interest accrued in the amount of $1,314,698.54.

29240

**WHEREAS**: The management of the BANK has recommended amending the LINE OF CREDIT for the purpose of extending the maturity and repayment of accrued interest until January 31, 2014.

**WHEREAS**: The Board of Directors of the BANK has authorized, through Resolution No. 9955 adopted at the meeting held on January 17, 2013, amending the LOAN AGREEMENT for the purpose of extending the maturity date until January 31, 2014 and establishment the payment of fees for financial advisory services, among other terms and conditions.

**WHEREAS**: In accordance with Resolution No. 2013-08 issued on January 31, 2013 by Miguel A. Torres Dias, Secretary of the Department of Transportation and Public Works of Puerto Rico, the AUTHORITY has accepted the terms and conditions established by the BANK for this amendment.

**THEREFORE**, in consideration of the facts affirmed above, and the representations, agreements and guarantees presented hereinafter, the appearing parties:

[initials]

<b>AGREE</b>

**FIRST**: To amend Section 1.3 of Article 1 of the LOAN AGREEMENT to read as follows:

"The principal of the LINE OF CREDIT plus capitalized interest shall be payable on January 31, 2014."

**SECOND**: the AUTHORITY acknowledges, agrees and accepts to pay the BANK fees for financial advisory services equal to one twenty-fifth  (1/25) of one percent (1%), for a total of nineteen

29240

thousand, seven hundred and thirty dollars ($19,730), corresponding to this transaction and according to the policy in force at the BANK.

      **FOURTH**: On this same date, the AUTHORITY signs and grants a document entitled FIRST AMENDMENT TO THE PROMISSORY NOTE ("ALLONGE"). This ALLONGE shall form part of the original PROMISSORY NOTE subscribed by the AUTHORITY, for the purpose of incorporating the agreements and amendments indicated herein.

[initials]

      **FIFTH**: This FOURTH AMENDMENT TO THE LOAN AGREEMENT and its ALLONGE do not constitute a novation of the obligations of the AUTHORITY under the LOAN AGREEMENT and PROMISSORY NOTE, as amended here. All other terms and conditions of the LOAN AGREEMENT and the PROMISSORY NOTE that do not contradict the provisions here shall remain unchanged and in full force.

      **SIXTH**: This FOURTH AMENDMENT TO THE LOAN AGREEMENT is signed in accordance with Resolution 9955 adopted by the Board of Directors of the BANK on January 17, 2013, which was approved as a declaration of intent under *U.S. Treasury Department Regulation Section 1.150-2*.

**[SIGNATURES IN CONTINUATION]**

29240

**IN WITNESS WHEREOF,** the appearing parties grant this **FIRST [sic] AMENDMENT TO THE**

**LOAN AGREEMENT,** in San Juan, Puerto Rico, on March [hw:] *13*, 2013.

| | |
|---|---|
| **PUERTO RICO GOVERNMENT DEVELOPMENT BANK** | **PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY** |
| [signature] | [signature] |
| Ian J. Figueroa Toro | Javier E. Ramos Hernandez |
| Executive Vice President | Executive Director |
| and Finance Director | |

Certified Copy [hw:] *785*

      Acknowledged and signed before me by Javier E. Ramos Hernandez, of legal age, married, engineer and resident of Bayamon, Puerto Rico, in his capacity as Executive Director of the Highways and Transportation Authority of Puerto Rico, whom I know personally.

      In San Juan, Puerto Rico, on March [hw:] *13*, 2013.

      [stamp:] MARGUILEAN RIVERA AMILL
            [emblem]                  [signature]
            ATTORNEY-NOTARY      Notary Public

      [stamp:] EXEMPT FROM PAYMENT OF DUTY
            LAW 47 OF JUNE 4, 1982

Certified Copy [hw:] *787*

      Acknowledged and signed before me by Ian J. Figueroa Toro, of legal age, married and resident of San Juan, Puerto Rico, in his capacity as Executive Vice President and Financing Director of the Puerto Rico Government Development Bank, whom I know personally.

      In San Juan, Puerto Rico, on March [hw:] *13*, 2013.

      [stamp:] MARGUILEAN RIVERA AMILL
            [emblem]                  [signature]
            ATTORNEY-NOTARY      Notary Public

      [stamp:] EXEMPT FROM PAYMENT OF DUTY
            LAW 47 OF JUNE 4, 1982

29240

**FIFTH AMENDMENT TO THE LOAN AGREEMENT**

**BETWEEN**

**THE PARTY OF THE FIRST PART: PUERTO RICO GOVERNMENT**

**DEVELOPMENT BANK**, a banking institution organized and existing in accordance with Law No. 17, approved on September 23, 1948, as amended (the "BANK"), hereby represented by Jorge A. Clivilles Diaz, Fiscal Agent, of legal age, married, executive and resident of San Juan, Puerto Rico.

**THE PARTY OF THE SECOND PART: PUERTO RICO HIGHWAYS AND**

**TRANSPORTATION AUTHORITY**, a legal entity created by virtue of Law No. 74 of June 23, 1965 (the "AUTHORITY"), as amended, hereby represented by Javier E. Ramos Hernandez, Executive Director of the AUTHORITY, of legal age, married, engineer and resident of Bayamon, Puerto Rico.

Unless a term written in capital letters is defined otherwise in this FOURTH AMENDMENT TO THE LOAN AGREEMENT, it shall have the meaning assigned in the LOAN AGREEMENT, as defined hereinafter.

[initials]

**THE PARTIES STATE**

**WHEREAS**: On November 16, 2011, the Board of Directors of the BANK approved Resolution No. 9655 to grant the AUTHORITY a line of credit to finance the Capital Improvements Program ("PMC") during the first half of fiscal year 2012. In accordance with the foregoing, on November 29, 2011, the AUTHORITY and the BANK signed a Loan Agreement (the "LOAN AGREEMENT") through which the AUTHORITY was granted a non-rotating LINE OF CREDIT for the maximum amount of

30279

2

FORTY-NINE MILLION, THREE HUNDRED TWENTY-FIVE THOUSAND DOLLARS ($49,325,000). On the same date as the granting of the LOAN AGREEMENT, the AUTHORITY subscribed a PROMISSORY NOTE for the amount of $49,325,000, payable to the BANK and maturing on January 31, 2013.

      **WHEREAS**: On February 28, 2012, the BANK and the AUTHORITY signed a First Amendment to the Loan Agreement for the purpose of authorizing a disbursement from the LINE OF CREDIT for the amount of $2,327,084.46 for the payment of a debt with the Municipality of Guaynabo related to the South Peripheral Bridge project.

      **WHEREAS**: On June 12, 2012, the parties signed a Second Amendment to the Loan Agreement for the purpose of reprogramming the funds of the LINE OF CREDIT for the partial payment of the claim related to the construction of the Martinez Nadal Highway of the AUTHORITY with the Municipality of Guaynabo for the amount of $2,374,326.03.

      **WHEREAS**: The AUTHORITY and the BANK signed a Third Amendment to the Loan Agreement, effective July 9, 2012, to disburse from the LINE OF CREDIT an amount of $2,327,084.46 to settle the claim of the Municipality of Guaynabo against the AUTHORITY in relation to the construction of the Martinez Nadal Highway.

[initials]

30279

3

**WHEREAS**: On March 13, 2013, the AUTHORITY and the BANK signed a Fourth Amendment to the Loan Agreement to extend the maturity and repayment of accrued interest until January 31, 2014.

**WHEREAS**: As of October 31, 2013, the principal balance of the LINE OF CREDIT was $49,325,000.00, with accrued interest in the amount of $3,806,291.42.

**WHEREAS:** The AUTHORITY has requested, and the management of the BANK has recommended, amending the LINE OF CREDIT for the purpose of extending its maturity until January 31, 2015.

**WHEREAS**: The Board of Directors of the BANK has authorized, through Resolution No. 10197 adopted at the meeting held on November 20, 2013, amending the LOAN AGREEMENT for the purpose of extending the maturity date and repayment of accrued interest until January 31, 2015 and requiring the payment of fees for financial advisory services, among other terms and conditions.

[initials]     **WHEREAS**: In accordance with Resolution No. 2014-04 issued on January 30, 2014 by the Board of Directors of the AUTHORITY, the AUTHORITY has accepted the terms and conditions established by the BANK for this amendment.

**THEREFORE**, in consideration of the facts affirmed above, and the representations, agreements and guarantees presented hereinafter, the appearing parties:

30279

4

## AGREE

**FIRST**: To amend the first sentence of Section 1.3 of Article 1 of the LOAN AGREEMENT, as amended, to read as follows:

"The principal of the LINE OF CREDIT plus capitalized interest shall be payable on January 31, 2015."

**SECOND**: The AUTHORITY acknowledges, agrees and accepts to pay the BANK the amount of $19,730.00 for financial advisory services corresponding to this transaction and according to the policy in force at the BANK.

**THIRD**: On this same date, the AUTHORITY signs and grants a document entitled SECOND AMENDMENT TO THE PROMISSORY NOTE ("ALLONGE"). This ALLONGE shall form part of the original PROMISSORY NOTE subscribed by the AUTHORITY, for the purpose of incorporating the agreements and amendments indicated herein.

[initials]

**FOURTH**: This FIFTH AMENDMENT TO THE LOAN AGREEMENT and its ALLONGE do not constitute a novation of the obligations of the AUTHORITY under the LOAN AGREEMENT and PROMISSORY NOTE, as amended. All other terms and conditions of the LOAN AGREEMENT and the PROMISSORY NOTE that do not contradict the provisions here shall remain unchanged and in full force.

**FIFTH**: This FIFTH AMENDMENT TO THE LOAN AGREEMENT is signed in accordance with Resolution 10197 adopted by the Board of Directors of the BANK on November 20, 2013, which was approved as a declaration of intent under *U.S. Treasury Department Regulation Section 1.150-2.*

### [SIGNATURES ON THE NEXT PAGE]

30279

5

**IN WITNESS WHEREOF,** the appearing parties grant this FIFTH AMENDMENT TO THE LOAN

AGREEMENT, in San Juan, Puerto Rico, on January [hw:] _31_, 2014.

**PUERTO RICO GOVERNMENT**     **PUERTO RICO HIGHWAYS**
**DEVELOPMENT BANK**     **AND TRANSPORTATION AUTHORITY**

[signature]     [signature]
Jorge A. Clivilles Diaz     Javier E. Ramos Hernandez
Fiscal Agent     Executive Director

Certified Copy [hw:] _585_

    Acknowledged and signed before me by Javier E. Ramos Hernandez, of legal age, married, engineer and resident of Bayamon, Puerto Rico, in his capacity as Executive Director of the Highways and Transportation Authority of Puerto Rico, whom I know personally.

    In San Juan, Puerto Rico, on January [hw:] _31_, 2013.

    [stamp:] BELEN FORNARIS ALFARO
        [emblem]     [signature]
        PUERTO RICO     Notary Public
        ATTORNEY-NOTARY

    [stamp:] EXEMPT FROM PAYMENT OF DUTY
        LAW 47 OF JUNE 4, 1982

Certified Copy [hw:] _586_

    Acknowledged and signed before me by Jorge A. Clivilles Diaz, of legal age, married and resident of San Juan, Puerto Rico, in his capacity as Fiscal Agent of the Puerto Rico Government Development Bank, whom I know personally.

    In San Juan, Puerto Rico, on January [hw:] _31_, 2013.

    [stamp:] BELEN FORNARIS ALFARO
        [emblem]     [signature]
        PUERTO RICO     Notary Public
        ATTORNEY-NOTARY

    [stamp:] EXEMPT FROM PAYMENT OF DUTY
        LAW 47 OF JUNE 4, 1982

30279

## SIXTH AMENDMENT TO THE LOAN AGREEMENT

### BETWEEN

### THE PARTY OF THE FIRST PART: PUERTO RICO GOVERNMENT

**DEVELOPMENT BANK**, a banking institution organized and existing in accordance with Law No. 17, approved on September 23, 1948, as amended (the "BANK"), hereby represented by Jorge A. Clivilles Diaz, Executive Vice President and Fiscal Agent, of legal age, married, executive and resident of San Juan, Puerto Rico.

### THE PARTY OF THE SECOND PART: PUERTO RICO HIGHWAYS AND

**TRANSPORTATION AUTHORITY**, a legal entity created by virtue of Law No. 74 of June 23, 1965 (the "AUTHORITY"), as amended, hereby represented by Carmen A. Villar-Prados, Executive Director of the AUTHORITY, of legal age, married, engineer and resident of Guaynabo, Puerto Rico.

Unless a term written in capital letters is defined otherwise in this SIXTH AMENDMENT TO THE LOAN AGREEMENT, it shall have the meaning assigned in the LOAN AGREEMENT, as defined hereinafter.

[initials]

### THE PARTIES STATE

**WHEREAS**: On November 16, 2011, the Board of Directors of the BANK approved Resolution No. 9655 to grant the AUTHORITY a line of credit to finance the Capital Improvements Program ("PMC") during the first half of fiscal year 2012. In accordance with the foregoing, on November 29, 2011, the AUTHORITY and the BANK signed a Loan Agreement (the "LOAN AGREEMENT") through which the AUTHORITY was granted a non-rotating LINE OF CREDIT for the maximum amount of

30279

2

FORTY-NINE MILLION, THREE HUNDRED TWENTY-FIVE THOUSAND DOLLARS

($49,325,000). On the same date as the granting of the LOAN AGREEMENT, the AUTHORITY

subscribed a PROMISSORY NOTE for the amount of $49,325,000, payable to the BANK and maturing

on January 31, 2013.

     **WHEREAS**: On February 28, 2012, the BANK and the AUTHORITY signed a First

Amendment to the Loan Agreement for the purpose of authorizing a disbursement from the LINE OF

CREDIT for the amount of $2,327,084.46 for the payment of a debt with the Municipality of Guaynabo

related to the South Peripheral Bridge project.

     **WHEREAS**: On June 12, 2012, the parties signed a Second Amendment to the Loan Agreement

for the purpose of reprogramming the funds of the LINE OF CREDIT for the partial payment of the claim

related to the construction of the Martinez Nadal Highway of the AUTHORITY with the Municipality of

Guaynabo for the amount of $2,374,326.03.

[initials]

     **WHEREAS**: The AUTHORITY and the BANK signed a Third Amendment to the Loan

Agreement, effective July 9, 2012, to disburse from the LINE OF CREDIT an amount of $2,327,084.46

to settle the claim of the Municipality of Guaynabo against the AUTHORITY in relation to the

construction of the Martinez Nadal Highway.

     **WHEREAS**: On March 13, 2013, the AUTHORITY and the BANK signed a Fourth Amendment

to the Loan Agreement to extend the maturity and repayment of accrued interest until January 31, 2014.

31272

3

**WHEREAS**: On January 31, 2014, the AUTHORITY and the BANK signed a Fifth Amendment to the Loan Agreement to extend the maturity and repayment of accrued interest until January 31, 2015, subject to certain terms and conditions.

**WHEREAS**: As of December 31, 2014, the principal balance of the LINE OF CREDIT was $49,325,000.00, with accrued interest for the amount of $7,308,366.99.

**WHEREAS**: The management of the BANK has recommended amending the LOAN AGREEMENT, as amended, for the purpose of extending the maturity until January 31, 2016.

**WHEREAS**: The Board of Directors of the BANK has authorized, through Resolution No. 10554 adopted at the meeting held on December 17, 2014, amending the LOAN AGREEMENT for the purpose of extending the maturity date and repayment of accrued interest until January 31, 2016 and requiring the payment of fees for financial advisory services, among other terms and conditions.

**WHEREAS**: In accordance with Resolution No. 2015-07 issued on January 15, 2015 by the Board of Directors of the AUTHORITY, the AUTHORITY has accepted the terms and conditions established by the BANK for this amendment.

[initials]

**THEREFORE**, in consideration of the facts affirmed above, and the representations, agreements and guarantees presented hereinafter, the appearing parties:

31272

4

# AGREE

**FIRST**: The parties agree to extend the maturity date of the LINE OF CREDIT and to include the income assigned to the AUTHORITY under Laws No. 30 and 31 of June 25, 2013 as an additional source of payment of the obligation. Consequently, Section 1.3 of Article 1 of the LOAN AGREEMENT, as amended, is amended to read as follows:

> "The principal of the LINE OF CREDIT plus capitalized interest shall be payable on January 31, 2016. The source of payment shall be future issuances of bonds and any other funds available to the AUTHORITY, including the income assigned under Laws No. 30 and 31 of June 25, 2013, which are assigned and committed in favor of the BANK through the Assignment and Security Agreement signed on August 28, 2013 between the BANK and the AUTHORITY."

**SECOND**: The Executive Director of the AUTHORITY and the Secretary of the Department of Transportation and Public Works must make a presentation to the Board of Directors of the BANK on the finances of the AUTHORITY and the progress of the implementation of its medium and long-term plans to address, quickly and effectively, the fiscal situation of the AUTHORITY, as well as the new income already legislated. This presentation must be made prior to the BANK disbursing any funds available under the LINE OF CREDIT.

[initials]

**THIRD**: On this same date, the AUTHORITY signs and grants a document entitled THIRD AMENDMENT TO THE PROMISSORY NOTE ("ALLONGE"). This ALLONGE shall form part of the original PROMISSORY NOTE subscribed by the AUTHORITY, for the purpose of incorporating the agreements and amendments indicated herein.

**FOURTH**: The AUTHORITY acknowledges, agrees and accepts to pay the BANK the amount of nineteen thousand, seven hundred thirty dollars ($19,730.00) for financial advisory services

31272

5

corresponding to this transaction and according to the policy in force at the BANK.

**FIFTH**: This SIXTH AMENDMENT TO THE LOAN AGREEMENT and its ALLONGE do not constitute a novation of the obligations of the AUTHORITY under the LOAN AGREEMENT and PROMISSORY NOTE, as amended. All other terms and conditions of the LOAN AGREEMENT and the PROMISSORY NOTE that do not contradict the provisions here shall remain unchanged and in full force.

**SIXTH**: The President of the BANK, the Executive Vice President of Financing or any other executive vice President, may channel the funds and income of the AUTHORITY corresponding to Laws 30 and 31 of June 25, 2013 for the repayment of the current financing and any other sums that the BANK charges for pending obligations of the AUTHORITY.

**SEVENTH**: This SIXTH AMENDMENT TO THE LOAN AGREEMENT is signed in accordance with Resolution 10554 adopted by the Board of Directors of the BANK on December 17, 2014, which was approved as a declaration of intent under *U.S. Treasury Department Regulation Section 1.150-2.*

**[SIGNATURES ON THE NEXT PAGE]**

[initials]

31272

6

**IN WITNESS WHEREOF,** the appearing parties grant this FIFTH AMENDMENT TO THE LOAN

AGREEMENT, in San Juan, Puerto Rico, on May [hw:] _20_, 2015.

**PUERTO RICO GOVERNMENT**              **PUERTO RICO HIGHWAYS**
**DEVELOPMENT BANK**                    **AND TRANSPORTATION AUTHORITY**

[signature]                             [signature]
Jorge A. Clivilles Diaz                 Carmen A. Villar-Prados
Executive Vice President and            Executive Director
Fiscal Agent


Certified Copy [hw:] _733_

     Acknowledged and signed before me by Carmen A. Villar-Prados, of legal age, married, engineer and resident of Guaynabo, Puerto Rico, in her capacity as Executive Director of the Highways and Transportation Authority of Puerto Rico, and by Jorge A. Clivilles Diaz, of legal age, married, executive and resident of San Juan, Puerto Rico, in his capacity as Executive Vice President and Fiscal Agent of the Puerto Rico Government Development Bank, both of whom I know personally.

     In San Juan, Puerto Rico, on May [hw:] _20_, 2015.

     [stamp:] BELEN FORNARIS ALFARO
         [emblem]                              [signature]
         PUERTO RICO                          Notary Public
         ATTORNEY-NOTARY

     [stamp:] EXEMPT FROM PAYMENT OF DUTY
         LAW 47 OF JUNE 4, 1982

31272



**DATE OF TRANSLATION:**     23-Aug-21
**ELECTRONIC FILE NAME:**     November 29, 2011 Agreement

**SOURCE LANGUAGE:**     Spanish
**TARGET LANGUAGE:**     English
**TRANSPERFECT JOB ID:**     US1061278

TransPerfect is globally certified under the standards ISO 9001:2015 and ISO 17100:2015. This Translation Certificate confirms the included documents have been completed in conformance with the Quality Management System documented in its ISO process maps and are, to the best knowledge and belief of all TransPerfect employees engaged on the project, full and accurate translations of the source material.

TCert v. 2.0