## CONTRATO DE PRÉSTAMO

DE LA PRIMERA PARTE:  El **BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO**, una institución bancaria organizada y existente a tenor con la Ley Núm. 17-1948, según enmendada, (el "BANCO"), representado en este acto por su Vicepresidente Ejecutivo de Financiamiento, José R. Otero Freiría, mayor de edad, casado y vecino de Dorado, Puerto Rico.

DE LA SEGUNDA PARTE:  La **AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO,** una entidad jurídica, creada en virtud de la Ley Núm. 74-1965, (la "AUTORIDAD"),  según enmendada, representada en este acto por Rubén A. Hernández Gregorat, Director Ejecutivo de la Autoridad y Secretario del Departamento de Transportación y Obras Públicas, mayor de edad, casado, y vecino de Guaynabo, Puerto Rico, según autorizado por la Resolución Núm. 2012-40 de fecha 6 de Septiembre de 2012 ~~octubre de 2011~~ emitida por el Secretario de Transportación y Obras Públicas de Puerto Rico.

## EXPONEN

POR CUÁNTO: La AUTORIDAD solicitó una línea de crédito por hasta un máximo de $33,276,272 para continuar sus proyectos de mejoras capitales durante el primer semestre del Año Fiscal 2013.

**POR CUÁNTO:** El 15 de agosto de 2012 la Junta de Directores del BANCO aprobó la Resolución Núm. 9853 para conceder a la AUTORIDAD una línea de crédito no rotatoria por la cantidad de principal máxima de TREINTA Y TRES MILLONES NOVECIENTOS SESENTA MIL DÓLARES ($33,960,000), la cual incluye las suma de TREINTA Y TRES MILLONES DOSCIENTOS SETENTA Y SEIS MIL DOSCIENTOS

AAFAF_CONF_0003892

SETENTA Y DOS DÓLARES ($33,276,272) que la AUTORIDAD utilizará para continuar sus proyectos de mejoras capitales durante el primer semestre del Año Fiscal 2013, más SEISCIENTOS OCHENTA Y TRES MIL SETECIENTOS VEINTE Y OCHO DÓLARES ($683,728) que la AUTORIDAD utilizará para cubrir los cargos por asesoría financiera y la capitalización de intereses al vencimiento.

POR LO QUE, en consideración a los hechos afirmados anteriormente y a las representaciones, acuerdos y garantías que más adelante se exponen, las partes comparecientes acuerdan y convienen otorgar este Contrato de Préstamo.

## ARTÍCULO 1.

### PRÉSTAMO

**1.1    Línea de Crédito:**

Una vez se otorguen y suscriban los DOCUMENTOS LEGALES que se relacionan en el Artículo 4.1 de este CONTRATO DE PRÉSTAMO, el BANCO extenderá a la AUTORIDAD una LÍNEA DE CRÉDITO no rotatoria por la cantidad de principal máxima de  TREINTA Y TRES MILLONES NOVECIENTOS SESENTA MIL DÓLARES ($33,960,000), la cual incluye las suma de TREINTA Y TRES MILLONES DOSCIENTOS SETENTA Y SEIS MIL DOSCIENTOS SETENTA Y DOS DÓLARES ($33,276,272) que la AUTORIDAD utilizará para continuar sus proyectos de mejoras capitales durante el primer semestre del Año Fiscal 2013, más SEISCIENTOS OCHENTA Y TRES MIL SETECIENTOS VEINTE Y OCHO DÓLARES ($683,728) que la AUTORIDAD utilizará para cubrir los cargos por asesoría financiera y la capitalización de intereses al vencimiento.

AAFAF_CONF_0003893

La LÍNEA DE CRÉDITO estará evidenciada por un (1) PAGARÉ por la suma de $33,960,000 suscrito por la AUTORIDAD en la misma fecha que suscriba este CONTRATO DE PRÉSTAMO y pagadero a la orden del BANCO.

### 1.2 Tasa de Interés:

La AUTORIDAD acuerda y conviene pagar intereses sobre el balance insoluto de principal de la Línea de Crédito, calculados sobre una base actual/360 días, a una tasa equivalente a la tasa *Prime Rate* más 150 puntos base, la cual nunca será menor de 6%, o la que el Presidente del BANCO o su representante autorizado determine, según el mercado de tasas de interés. Los intereses serán capitalizados al vencimiento. Si en la fecha de vencimiento de la obligación de repago la AUTORIDAD no ha pagado el balance insoluto del principal, la AUTORIDAD pagará intereses sobre dicha suma computados a base de 200 puntos base sobre la tasa que le aplicaría bajo este CONTRATO DE PRÉSTAMO. La AUTORIDAD autoriza al BANCO y le confiere poder, sin que se requiera notificación alguna, para aplicar el derecho a compensación ("*set-off*") a las obligaciones que se originan en este CONTRATO DE PRÉSTAMO, realizando cualquier aplicación de pagos de cualquier suma de dinero perteneciente a la AUTORIDAD en poder del BANCO para el pago de la LÍNEA DE CRÉDITO e intereses acumulados, en caso de incumplimiento por la AUTORIDAD de sus obligaciones de pago bajo el CONTRATO DE PRÉSTAMO.

### 1.3 Término y Fuente de Pago:

La LÍNEA DE CRÉDITO será pagadera el 31 de enero de 2013. La fuente de pago será futuras emisiones de bonos y productos de futuras alianzas público privadas al igual que ingresos propios.

28910 v3

AAFAF_CONF_0003894

### 1.4 **Desembolsos:**

La AUTORIDAD deberá solicitar los desembolsos por escrito, con tres (3) días laborables de anticipación. La solicitud de desembolso incluirá un formulario de certificación (*notice of drawing*) igual al Anejo A de este Contrato, en el cual el Director Ejecutivo de la AUTORIDAD, o la persona que éste designe, certificará la necesidad de los fondos y la justificación para su uso. La AUTORIDAD deberá incluir, además, cualquier otra documentación que el BANCO a su entera discreción le solicite previo al desembolso, incluyendo, pero sin limitarse, a copias de facturas. Los desembolsos bajo este financiamiento están sujetos al cumplimiento de la AUTORIDAD con el Área de Agencia Fiscal para las condiciones estipuladas en el *Fiscal Oversight Agreement* (FOA) que la AUTORIDAD tenga vigente con el BANCO. La gerencia del BANCO asignará un auditor externo para verificar los gastos operacionales y autorizar los desembolsos, como condición para dichos desembolsos.

### 1.5 **Cargos por Asesoría Financiera:**

La AUTORIDAD acuerda y conviene pagar al BANCO los cargos por asesoría financiera que el BANCO disponga, según la política vigente del BANCO.



## ARTÍCULO 2.

## ACUERDOS AFIRMATIVOS

### 2.1 **Otras Condiciones:**

Este CONTRATO DE PRÉSTAMO se otorga como una declaración oficial de intención bajo la regulación del Departamento del Tesoro de los Estados Unidos, Sección 1.150-2.

28910 v3

## 2.2   Causa de Incumplimiento:

La AUTORIDAD notificará al BANCO de cualquier condición, hecho o suceso que pueda constituir causa de incumplimiento o en virtud de cuya notificación o el mero transcurso del tiempo, o ambos, pueda constituir causa de incumplimiento, entregándole al BANCO una certificación suscrita por uno de sus oficiales, especificando la naturaleza de dicha causa, tiempo durante el cual ha existido, y qué curso de acción la AUTORIDAD se propone iniciar con relación a los mismos. Tal notificación deberá ser cursada al BANCO dentro de los diez (10) días siguientes a la ocurrencia del incumplimiento.

## 2.3   Pago de Gestiones Extrajudiciales de Cobro, Honorarios, Gastos, etc.:

A requerimiento del BANCO, la AUTORIDAD deberá rembolsar prontamente al BANCO el pago de las costas, gastos y honorarios de abogados incurridos por el BANCO en gestiones extrajudiciales de cobro de cualquier plazo en mora en relación con la LÍNEA DE CRÉDITO adeudada por la AUTORIDAD. La omisión de la AUTORIDAD de reembolsar dichas costas, gastos y honorarios de abogados constituirá causa de incumplimiento en la LÍNEA DE CRÉDITO.

Dichas costas, gastos y honorarios de abogados incurridos por el BANCO de conformidad con las disposiciones de este CONTRATO DE PRÉSTAMO, serán reembolsados por la AUTORIDAD de inmediato al serle requeridos.

## 2.4   Incumplimiento bajo los Documentos Legales:

La AUTORIDAD conviene que cualquier incumplimiento de los términos del PAGARÉ y/o la carta de compromiso, será considerado simultáneamente incumplimiento con este CONTRATO DE PRÉSTAMO y viceversa, y de ocurrir el



28910 v3

AAFAF_CONF_0003896

mismo el BANCO tendrá inmediatamente el derecho de ejecutar cualesquiera de los derechos y privilegios que puedan conferir cualquiera de los DOCUMENTOS LEGALES.

2.5 **Autorización para Tomar Prestado:**

La AUTORIDAD ha tomado las medidas apropiadas y necesarias, oficiales o de otro tipo, para autorizar el otorgamiento y entrega de los DOCUMENTOS LEGALES sin limitación alguna.

**ARTÍCULO 3.**

**INCUMPLIMIENTOS**

3.1 Causas de Incumplimiento:

Cada una de las siguientes constituirá una causa de incumplimiento bajo los términos de este CONTRATO DE PRÉSTAMO:

3.1.1 si cualquier representación dada o extendida por la AUTORIDAD al BANCO en cualquiera de los trámites y DOCUMENTOS LEGALES, o si cualquier informe, garantía o certificado financiero o de otra índole provisto al BANCO en relación con este CONTRATO DE PRÉSTAMO resultare falso o engañoso;

3.1.2 la falta de pago de principal e intereses y sus penalidades, si alguna, de la LÍNEA DE CRÉDITO a su fecha de vencimiento de acuerdo con los términos de cualquiera de los DOCUMENTOS LEGALES;

3.1.3 el incumplimiento o violación por la AUTORIDAD de cualquiera de los términos, cláusulas y condiciones pactadas con el BANCO en los Artículos 1 y 2 de este CONTRATO DE PRÉSTAMO; o

28910 v3

AAFAF_CONF_0003897

3.1.4    la omisión por la AUTORIDAD de remediar o subsanar dentro de un plazo de treinta (30) días de su ocurrencia, sin notificación previa escrita por parte del BANCO, cualquier incumplimiento a los términos, cláusulas y condiciones de este CONTRATO DE PRÉSTAMO. Esto no aplica a los términos y condiciones relacionadas con las obligaciones de pago de la LÍNEA DE CRÉDITO, ya que la AUTORIDAD deberá cumplir estrictamente con dicho pago a su vencimiento.

3.2    **Remedios:**

Ante la ocurrencia de cualquiera de las causas de incumplimiento enumeradas en el Artículo 3.1 de este CONTRATO DE PRÉSTAMO, y si dicho incumplimiento no es subsanado o remediado según dispuesto, sin que sea necesario que medie notificación alguna del incumplimiento, a cuyos derechos la AUTORIDAD mediante el presente otorgamiento renuncia, el BANCO podrá:

3.2.1    proceder a reclamar el pago del balance insoluto de la LÍNEA DE CRÉDITO;

3.2.2    radicar un procedimiento judicial solicitando el cumplimiento específico de cualquier término, cláusula o condición de cualquiera de los DOCUMENTOS LEGALES, o un entredicho ("injunction") provisional o permanente para impedir que la AUTORIDAD viole cualquiera de dichos términos, cláusulas y condiciones; o

3.2.3    ejercitar cualquier otro remedio a que tenga derecho bajo las leyes del Estado Libre Asociado de Puerto Rico.



## ARTÍCULO 4.

## DISPOSICIONES MISCELÁNEAS

4.1   **Documentos Legales:**

Según utilizado en este CONTRATO DE PRÉSTAMO, el término DOCUMENTOS LEGALES significa:

1. PAGARÉ

2. CONTRATO DE PRÉSTAMO

4.2   **Renuncias, Alivios, Prórrogas, Tolerancias y Remedios Adicionales:**

Ninguna dilación o demora por parte del BANCO o de cualquier tenedor o dueño del PAGARÉ en el ejercicio de cualquier derecho, facultad o remedio que pueda tener conforme a los términos de cualquiera de los DOCUMENTOS LEGALES se considerará como una renuncia, limitación o disminución de los mismos, como tampoco el ejercicio parcial o exclusivo de cualquiera de los mismos será óbice para que subsiguientemente sean ejercitados en su totalidad, incluyendo, pero sin limitarse a ello, el derecho de compensación.   Los remedios a favor del BANCO dispuestos en los DOCUMENTOS LEGALES se considerarán adicionales a, y no excluyentes de, cualquier otro remedio contemplado en ley.   Para que todo alivio, prórroga o tolerancia extendida por el BANCO a la AUTORIDAD, o cualquier enmienda a este CONTRATO DE PRRÉSTAMO, sea efectiva, deberá constar por escrito suscrito por un oficial autorizado del BANCO, que especificará el alcance del alivio, prórroga, tolerancia o enmienda concedida.   Todo alivio, prórroga, tolerancia o enmienda concedida será válida únicamente para la ocurrencia o eventualidad para la cual se concedió.



28910 v3

AAFAF_CONF_0003899

### 4.3    Direcciones para Notificaciones, etc.:

Toda notificación, reclamo, directriz o cualquier comunicación dispuesta por los DOCUMENTOS LEGALES constará por escrito y deberá ser entregada personalmente o enviada por fax o por correo, a las siguientes direcciones:

A LA  **"AUTORIDAD"**:

Autoridad de Carreteras y Transportación
Departamento de Transportación y Obras Públicas
P.O. Box 42007
San Juan, Puerto Rico 00940-2007
(787) 721-8787

Atención:  Director Ejecutivo

AL **"BANCO"**:

Banco Gubernamental de Fomento para Puerto Rico
P.O. Box 42001
San Juan, Puerto Rico  00940-2001
Fax:  (787) 721-1443

Atención:  Presidente

o a cualquier otra dirección que las partes señalen mediante notificación escrita cursada conforme a lo dispuesto en este Artículo.  Éstas se considerarán perfeccionadas una vez las mismas se depositen debidamente franqueadas en el correo y sean cursadas a las direcciones mencionadas.

### 4.4    Sucesores y Causahabientes:



Los pactos y cláusulas aquí contenidas obligarán y beneficiarán a las partes y a sus respectivos causahabientes, albaceas, administradores, sucesores y cesionarios.

### 4.5    Renuncias por la AUTORIDAD a Presentación, Protesto, etc.:

La AUTORIDAD renuncia a toda notificación de aceptación o demanda o requerimiento a la realización de cualquier condición precedente por parte del BANCO,

28910 v3

AAFAF_CONF_0003900

y así mismo renuncia a los derechos de presentación, protesto, notificación de protesto, requerimiento de pago, notificación de incumplimiento o falta de pago, relevo, compromiso, compensación, transacción, prórroga, renovación o extensión de cualquier derecho contractual o instrumento legal y, en general, a toda otra formalidad legal.

EN TESTIMONIO DE LO CUAL, las partes comparecientes otorgan este CONTRATO DE PRÉSTAMO, en San Juan, Puerto Rico, hoy _12_ de septiembre de 2012.

**BANCO GUBERNAMENTAL DE
FOMENTO PARA PUERTO RICO**

_____
Jose R. Otero Freiría
Vicepresidente Ejecutivo

**AUTORIDAD DE CARRETERAS Y
TRANSPORTACIÓN DE PUERTO RICO**

_____
Rubén Hernández Gregorat
Director Ejecutivo
Secretario, Departamento de Transportación
  y Obras Públicas de Puerto Rico

Testimonio _702A_ —

Reconocido y suscrito ante mí por Rubén Hernández Gregorat, mayor de edad, casado, ejecutivo y vecino de San Juan, Puerto Rico, en su carácter de Director Ejecutivo de la Autoridad de Carreteras y Transportación de Puerto Rico, y Secretario del Departamento de Trasportación y Obras Publicas de Puerto Rico, a quien conozco personalmente. _Se aclara que el compareciente es residente de Guaynabo, Puerto Rico._

En San Juan, Puerto Rico, a _6_ de septiembre de 2012.

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

_María del Lourdes Rodríguez_
Notario Público

Testimonio _704_ —

Reconocido y suscrito ante mí por Jose R. Otero Freiría, mayor de edad, casado, y vecino de Dorado, Puerto Rico, en su carácter de Vicepresidente Ejecutivo de Financiamiento del Banco Gubernamental de Fomento para Puerto Rico, a quien conozco personalmente.

En San Juan, Puerto Rico, a _12_ de septiembre de 2012.

_María de Lourdes Rody_
Notario Público

28910 v3

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

AAFAF_CONF_0003901

## PRIMERA ENMIENDA A CONTRATO DE PRÉSTAMO

### COMPARECEN

**DE LA PRIMERA PARTE:** El **BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO**, una institución bancaria organizada y existente a tenor con la Ley Núm. 17, aprobada el 23 de septiembre de 1948, según enmendada, (el "BANCO"), representado en este acto por Ian J. Figueroa Toro, Vicepresidente Ejecutivo y Director de Financiamiento, mayor de edad, casado, ejecutivo y residente de San Juan, Puerto Rico.

**DE LA SEGUNDA PARTE:** La **AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO,** una entidad jurídica creada en virtud de la Ley Núm. 74 de 23 de junio de 1965, según enmendada, (la "AUTORIDAD") representada en este acto por Javier E. Ramos Hernández, Director Ejecutivo de la AUTORIDAD, mayor de edad, casado, ingeniero y vecino de Bayamón, Puerto Rico.



A menos que un término escrito en letras mayúsculas sea definido de otra forma en esta PRIMERA ENMIENDA AL CONTRATO DE PRÉSTAMO, el mismo tendrá el significado adscrito en el CONTRATO DE PRÉSTAMO según se define más adelante.

### EXPONEN

**POR CUANTO**: El 15 de agosto de 2012, la Junta de Directores del BANCO aprobó la Resolución Núm. 9853 para conceder a la AUTORIDAD una línea de crédito no rotatoria por la cantidad máxima de TREINTA Y TRES MILLONES NOVECIENTOS SESENTA MIL DÓLARES ($33,960,000) para continuar sus proyectos de mejoras capitales durante el primer semestre del Año Fiscal 2013, así como cubrir los cargos por asesoría financiera y la capitalización de intereses al vencimiento.

29244

AAFAF_CONF_0003847

**POR CUANTO**: De conformidad con lo anterior, la AUTORIDAD y el BANCO suscribieron un Contrato de Préstamo (el "CONTRATO DE PRÉSTAMO"), efectivo al 12 de septiembre de 2012, mediante el cual se concedió a la AUTORIDAD una LÍNEA DE CRÉDITO no rotativa por la suma máxima de TREINTA Y TRES MILLONES NOVECIENTOS SESENTA MIL DÓLARES ($33,960,000), la cual incluyó $33,276,272 para continuar con los proyectos de mejoras capitales durante el primer semestre del Año Fiscal 2013 y $683,728 para cubrir los cargos por asesoría financiera y la capitalización de intereses al vencimiento. En la misma fecha de otorgamiento del CONTRATO DE PRÉSTAMO, la AUTORIDAD suscribió un PAGARÉ por la suma de TREINTA Y TRES MILLONES NOVECIENTOS SESENTA MIL DÓLARES ($33,960,000) a la orden del BANCO y con vencimiento el 31 de enero de 2013.

**POR CUANTO**: Al 31 de diciembre de 2012, el balance de principal de la LÍNEA DE CRÉDITO asciende a $1,136,317.65 con intereses acumulados por la cantidad de $1,466.32.

**POR CUANTO**: La gerencia del BANCO ha recomendado enmendar la LÍNEA DE CRÉDITO con el propósito de extender el vencimiento y el repago de intereses acumulados hasta el 31 de enero de 2014.

**POR CUANTO**: La Junta de Directores del BANCO ha autorizado mediante la Resolución Núm. 9957 adoptada en reunión celebrada el 17 de enero de 2013, enmendar el CONTRATO DE PRÉSTAMO a los fines de extender la fecha de vencimiento hasta el 31 de enero de 2014 y establecer el pago de honorarios por asesoría financiera, entre otros términos y condiciones.

29244

**POR CUANTO**:  De conformidad con la Resolución Núm. 2013-10 emitida el 31 de enero de 2013 por Miguel A. Torres Días, Secretario del Departamento de Transportación y Obras Públicas del Puerto Rico, la AUTORIDAD ha aceptado los términos y condiciones establecidos por el BANCO para la presente enmienda.

**POR LO TANTO,** en consideración a los hechos afirmados anteriormente, y a las representaciones, acuerdos y garantías que más adelante se exponen, las partes comparecientes:

**ACUERDAN Y CONVIENEN**

**PRIMERO:**  Se enmienda la primera oración de la Sección 1.3 del Artículo 1 del CONTRATO DE PRÉSTAMO para que lea como sigue:

> "La LÍNEA DE CRÉDITO más los intereses capitalizados serán pagaderos el 31 de enero de 2014."



**SEGUNDO**:  La AUTORIDAD reconoce, conviene y acepta pagar al BANCO honorarios por servicios de asesoría financiera igual a una veinticincoava (1/25) parte del uno por ciento (1%), para un total de Trece Mil Quinientos Ochenta y Cuatro Dólares ($13,584) correspondientes a esta transacción y según la política vigente del BANCO.

**TERCERO**: En esta misma fecha, la AUTORIDAD suscribe y otorga un documento titulado PRIMERA ENMIENDA A PAGARÉ ("ALLONGE").   Este ALLONGE se hará formar parte del PAGARÉ original suscrito por la AUTORIDAD, con el propósito de incorporar los acuerdos y enmiendas aquí consignadas.

29244

AAFAF_CONF_0003849

**CUARTO**: Esta PRIMERA ENMIENDA AL CONTRATO DE PRÉSTAMO y su ALLONGE no constituyen una novación de las obligaciones de la AUTORIDAD bajo el CONTRATO DE PRÉSTAMO y PAGARÉ, según aquí enmendados. Todos los demás términos y condiciones y del CONTRATO DE PRÉSTAMO y el PAGARÉ que no contravengan lo aquí acordado, permanecerán inalteradas y en pleno vigor.

**QUINTO**: Esta PRIMERA ENMIENDA AL CONTRATO DE PRÉSTAMO se suscribe de conformidad con la Resolución 9957 adoptada por la Junta de Directores del BANCO el 17 de enero de 2013, la cual se aprobó como una declaración de intención bajo la Sección 1.150-2 de la regulación del Departamento del Tesoro Federal (*U.S. Treasury Department Regulation Section 1.150-2*).

**[FIRMAS A CONTINUACIÓN]**

29244

AAFAF_CONF_0003850

**EN TESTIMONIO DE LO CUAL**, las partes comparecientes otorgan esta

**PRIMERA ENMIENDA A CONTRATO DE PRÉSTAMO** en San Juan, Puerto Rico,

a 13 de marzo de 2013.

| BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO | AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO |
|---|---|

Ian J. Figueroa Toro
Vicepresidente Ejecutivo
y Director de Finanzas

Javier E. Ramos Hernández
Director Ejecutivo

Testimonio 782

Reconocido y suscrito ante mí por Javier E. Ramos Hernández, mayor de edad, casado, ingeniero y vecino de Bayamón, Puerto Rico, en su carácter como Director Ejecutivo de la Autoridad de Carreteras y Transportación de Puerto Rico, a quien conozco personalmente.

En San Juan, Puerto Rico, a 13 de marzo de 2013.

Notaria Público

Testimonio 784

Reconocido y suscrito ante mí por Ian J. Figueroa Toro, mayor de edad, casado y vecino de San Juan, Puerto Rico, en su carácter de Vicepresidente Ejecutivo y Director de Financiamiento del Banco Gubernamental de Fomento para Puerto Rico, a quien conozco personalmente.

En San Juan, Puerto Rico, a 13 de marzo de 2013.

Notaria Público

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

29244

AAFAF_CONF_0003851

**EN TESTIMONIO DE LO CUAL**, las partes comparecientes otorgan esta

**PRIMERA ENMIENDA A CONTRATO DE PRÉSTAMO** en San Juan, Puerto Rico,

a __13__ de marzo de 2013.

**BANCO GUBERNAMENTAL DE**
**FOMENTO PARA PUERTO RICO**

Ian J. Figueroa Toro
Vicepresidente Ejecutivo
y Director de Finanzas

**AUTORIDAD DE CARRETERAS Y**
**TRANSPORTACIÓN DE PUERTO RICO**

Javier E. Ramos Hernández
Director Ejecutivo

Testimonio 782

    Reconocido y suscrito ante mí por Javier E. Ramos Hernández, mayor de edad, casado, ingeniero y vecino de Bayamón, Puerto Rico, en su carácter como Director Ejecutivo de la Autoridad de Carreteras y Transportación de Puerto Rico, a quien conozco personalmente.

    En San Juan, Puerto Rico, a __13__ de marzo de 2013.

Notaria Público

Testimonio 784

    Reconocido y suscrito ante mí por Ian J. Figueroa Toro, mayor de edad, casado y vecino de San Juan, Puerto Rico, en su carácter de Vicepresidente Ejecutivo y Director de Financiamiento del Banco Gubernamental de Fomento para Puerto Rico, a quien conozco personalmente.

    En San Juan, Puerto Rico, a __13__ de marzo de 2013.

Notaria Público

29244

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

AAFAF_CONF_003852

## SEGUNDA ENMIENDA A CONTRATO DE PRÉSTAMO

### COMPARECEN

**DE LA PRIMERA PARTE**: El **BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO**, una institución bancaria organizada y existente a tenor con la Ley Núm. 17, aprobada el 23 de septiembre de 1948, según enmendada (el "BANCO"), representado en este acto por José Pagán Beauchamp, Presidente Interino, mayor de edad, casado y residente de Guaynabo, Puerto Rico.

**DE LA SEGUNDA PARTE**: La **AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO**, una entidad jurídica creada en virtud de la Ley Núm. 74 de 23 de junio de 1965, según enmendada (la "AUTORIDAD"), representada en este acto por Javier E. Ramos Hernández, Director Ejecutivo, mayor de edad, casado y vecino de Bayamón, Puerto Rico.

A menos que un término escrito en letras mayúsculas sea definido de otra forma en esta Segunda Enmienda a Contrato de Préstamo (la "SEGUNDA ENMIENDA AL CONTRATO DE PRÉSTAMO"), el mismo tendrá el significado adscrito en el CONTRATO DE PRÉSTAMO según se define más adelante.

### EXPONEN

**POR CUANTO**: El 15 de agosto de 2012, la Junta de Directores del BANCO aprobó la Resolución Núm. 9853 para conceder a la AUTORIDAD una línea de crédito no rotatoria por la cantidad máxima de TREINTA Y TRES MILLONES NOVECIENTOS SESENTA MIL DÓLARES ($33,960,000) para continuar sus proyectos de mejoras

29780

AAFAF_CONF_0003862

capitales durante el primer semestre del Año Fiscal 2013, así como cubrir los cargos por asesoría financiera y la capitalización de intereses al vencimiento.

POR CUANTO: De conformidad con lo anterior, la AUTORIDAD y el BANCO suscribieron un Contrato de Préstamo (el "CONTRATO DE PRÉSTAMO"), efectivo al 12 de septiembre de 2012, mediante el cual se concedió a la AUTORIDAD una LÍNEA DE CRÉDITO no rotativa por la suma máxima de $33,960,000, la cual incluyó $33,276,272 para continuar con los proyectos de mejoras capitales durante el primer semestre del Año Fiscal 2013 y $683,728 para cubrir los cargos por asesoría financiera y la capitalización de intereses al vencimiento. En la misma fecha de otorgamiento del CONTRATO DE PRÉSTAMO, la AUTORIDAD suscribió un PAGARÉ por la suma de $33,960,000 a la orden del BANCO y con vencimiento el 31 de enero de 2013.

POR CUANTO: El 13 de marzo de 2013, el BANCO y la AUTORIDAD suscribieron una Primera Enmienda a Contrato de Préstamo a los fines de extender el vencimiento y el repago de intereses acumulados hasta el 31 de enero de 2014. En esa misma fecha, la AUTORIDAD suscribió una Primera Enmienda a Pagaré ("Allonge") para incorporar dichas enmiendas.

POR CUANTO: Durante el mes de diciembre de 2012, la AUTORIDAD y *Société Générale* efectuaron dos transacciones que generaron la cantidad de $23,423,637.50, la cual tiene que ser utilizada para cubrir costos de proyectos de mejoras capitales de la AUTORIDAD.

POR CUANTO: En vista de lo anterior, la gerencia del BANCO ha recomendado reducir el financiamiento provisto a la AUTORIDAD por una cantidad

29780

AAFAF_CONF_0003863

de $23,423,637.50 y enmendar la LÍNEA DE CRÉDITO con el propósito de establecer

que la cantidad máxima autorizada para la misma sea de $10,536,362.50.

**POR CUANTO**: Al 10 de junio de 2013, el balance de principal de la

LÍNEA DE CRÉDITO asciende a $4,459,780.91 con intereses acumulados por la

cantidad de $59,207.99.

**POR CUANTO**: La Junta de Directores del BANCO ha autorizado mediante

la Resolución Núm. 10077 adoptada en reunión celebrada el 19 de junio de 2013,

enmendar el CONTRATO DE PRÉSTAMO a los fines de reducir la cantidad máxima

autorizada para la LÍNEA DE CRÉDITO y establecer que la cantidad máxima

autorizada bajo la misma será de $10,536,362.50, entre otros términos y condiciones.

**POR CUANTO**: De conformidad con la Resolución Núm. 2013-35 emitida el

16 de agosto de 2013 por la Junta de Directores de la AUTORIDAD, la AUTORIDAD

ha aceptado los términos y condiciones establecidos por el BANCO para la presente

enmienda.

**POR LO TANTO**, en consideración a los hechos afirmados anteriormente, y a

las representaciones, acuerdos y garantías que más adelante se exponen, las partes

comparecientes:

### ACUERDAN Y CONVIENEN

**PRIMERO**: Se enmienda la Sección 1.1 del Artículo 1 del CONTRATO DE

PRÉSTAMO para que disponga como sigue:

> "Una vez se otorguen y suscriban los DOCUMENTOS LEGALES que se
> relacionan en el Artículo 4.1 de este CONTRATO DE PRÉSTAMO, el
> BANCO extenderá a la AUTORIDAD una LÍNEA DE CRÉDITO no

29780

AAFAF_CONF_0003864

**EN TESTIMONIO DE LO CUAL,** las partes comparecientes otorgan esta **SEGUNDA ENMIENDA A CONTRATO DE PRÉSTAMO** en San Juan, Puerto Rico, a _10_ de septiembre de 2013.

**BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO**

**AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO**

José Pagán Beauchamp
Presidente Interino

Javier E. Ramos Hernández
Director Ejecutivo

Testimonio _881_

Reconocido y suscrito ante mí por Javier E. Ramos Hernández, mayor de edad, casado y vecino de Bayamón, Puerto Rico, en su carácter como Director Ejecutivo de la Autoridad de Carreteras y Transportación de Puerto Rico, a quien conozco personalmente. En San Juan, Puerto Rico, a _10_ de septiembre de 2013.

Notaria Público

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

Testimonio _883_

Reconocido y suscrito ante mí por José Pagán Beauchamp, mayor de edad, casado y vecino de Guaynabo, Puerto Rico, en su carácter de Presidente Interino del Banco Gubernamental de Fomento para Puerto Rico, a quien conozco personalmente. En San Juan, Puerto Rico, a _10_ de septiembre de 2013.

Notaria Público

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

29780

AAFAF_CONF_0003865

## TERCERA ENMIENDA A CONTRATO DE PRÉSTAMO

### COMPARECEN

**DE LA PRIMERA PARTE:** El **BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO,** una institución bancaria organizada y existente a tenor con la Ley Núm. 17, aprobada el 23 de septiembre de 1948, según enmendada (el "BANCO"), representado en este acto por Jorge A. Clivillés Díaz, Vicepresidente Ejecutivo y Agente Fiscal, mayor de edad, casado y residente de San Juan, Puerto Rico.

**DE LA SEGUNDA PARTE:** La **AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO,** una entidad jurídica creada en virtud de la Ley Núm. 74 de 23 de junio de 1965, según enmendada (la "AUTORIDAD"), representada en este acto por Javier E. Ramos Hernández, Director Ejecutivo, mayor de edad, casado y vecino de Bayamón, Puerto Rico.

A menos que un término escrito en letras mayúsculas sea definido de otra forma en esta Tercera Enmienda a Contrato de Préstamo (la "TERCERA ENMIENDA AL CONTRATO DE PRÉSTAMO"), el mismo tendrá el significado adscrito en el CONTRATO DE PRÉSTAMO, según enmendado y definido más adelante.

### EXPONEN

**POR CUANTO:** El 15 de agosto de 2012, la Junta de Directores del BANCO aprobó la Resolución Núm. 9853 para conceder a la AUTORIDAD una línea de crédito no rotatoria por la cantidad máxima de $33,960,000 para continuar sus proyectos de mejoras capitales durante el primer semestre del Año Fiscal 2013, así como cubrir los cargos por asesoría financiera y la capitalización de intereses al vencimiento.

30198

AAFAF_CONF_0003874

2

**POR CUANTO**: De conformidad con lo anterior, la AUTORIDAD y el BANCO suscribieron un Contrato de Préstamo (el "CONTRATO DE PRÉSTAMO"), efectivo al 12 de septiembre de 2012, mediante el cual se concedió a la AUTORIDAD una LÍNEA DE CRÉDITO no rotativa por la suma máxima de $33,960,000, la cual incluyó $33,276,272 para continuar con los proyectos de mejoras capitales durante el primer semestre del Año Fiscal 2013 y $683,728 para cubrir los cargos por asesoría financiera y la capitalización de intereses al vencimiento.  En la misma fecha de otorgamiento del CONTRATO DE PRÉSTAMO, la AUTORIDAD suscribió un PAGARÉ por la suma de $33,960,000 a la orden del BANCO y con vencimiento el 31 de enero de 2013.

**POR CUANTO**: El 13 de marzo de 2013, el BANCO y la AUTORIDAD suscribieron una Primera Enmienda a Contrato de Préstamo a los fines de extender el vencimiento y el repago de intereses acumulados hasta el 31 de enero de 2014.  En esa misma fecha, la AUTORIDAD suscribió una Primera Enmienda a Pagaré ("Allonge") para incorporar dichas enmiendas.

**POR CUANTO**:  Durante el mes de diciembre de 2012, la AUTORIDAD y *Société Générale* efectuaron dos transacciones que generaron la cantidad de $23,423,637.50 a utilizarse sólo para cubrir costos de proyectos de mejoras capitales de la AUTORIDAD.

**POR CUANTO**: En vista de lo anterior, el 10 de septiembre de 2013, el BANCO y la AUTORIDAD suscribieron una Segunda Enmienda a Contrato de Préstamo para reducir el financiamiento provisto a la AUTORIDAD por una cantidad de $23,423,637.50 y enmendar la LÍNEA DE CRÉDITO con el propósito de

30198

AAFAF_CONF_0003875

3

establecer la cantidad máxima autorizada en $10,536,362.50. En esa misma fecha, la AUTORIDAD suscribió una Segunda Enmienda a Pagaré ("Allonge") para incorporar dichas enmiendas.

**POR CUANTO**: Al 31 de octubre de 2013, el balance de principal de la LÍNEA DE CRÉDITO asciende a $7,898,217.35 con intereses acumulados por la cantidad de $213,557.40.

**POR CUANTO**: La AUTORIDAD ha solicitado, y la gerencia del BANCO ha recomendado, enmendar la LÍNEA DE CRÉDITO con el propósito de extender el vencimiento de la misma hasta el 31 de enero de 2015.

**POR CUANTO**: La Junta de Directores del BANCO ha autorizado mediante la Resolución Núm. 10197 adoptada en reunión celebrada el 20 de noviembre de 2013, enmendar el CONTRATO DE PRÉSTAMO a los fines de extender la fecha de vencimiento hasta el 31 de enero de 2015 y requerir el pago de honorarios por asesoría financiera, entre otros términos y condiciones.

**POR CUANTO**: De conformidad con la Resolución Núm. 2014-04 emitida el 30 de enero de 2014 por la Junta de Directores de la AUTORIDAD, la AUTORIDAD ha aceptado los términos y condiciones establecidos por el BANCO para la presente enmienda.

**POR LO TANTO**, en consideración a los hechos afirmados anteriormente, y a las representaciones, acuerdos y garantías que más adelante se exponen, las partes comparecientes:

30198

AAFAF_CONF_0003876

4

## ACUERDAN Y CONVIENEN

**PRIMERO:** Se enmienda la primera oración de la Sección 1.3 del Artículo 1 del CONTRATO DE PRÉSTAMO, según enmendado, para que lea como sigue:

"La LÍNEA DE CRÉDITO más los intereses capitalizados serán pagaderos el 31 de enero de 2015."

**SEGUNDO:** La AUTORIDAD reconoce, conviene y acepta pagar al BANCO honorarios por servicios de asesoría financiera igual a una veinticincoava (1/25) parte del uno por ciento (1%), para un total de Cuatro Mil Doscientos Catorce Dólares con Cincuenta y Cinco Centavos ($4,214.55) correspondientes a esta transacción y según la política vigente del BANCO.

**TERCERO**: En esta misma fecha, la AUTORIDAD suscribe y otorga un documento titulado TERCERA ENMIENDA A PAGARÉ ("ALLONGE"). Este ALLONGE se hará formar parte del PAGARÉ original suscrito por la AUTORIDAD, según enmendado, con el propósito de incorporar los acuerdos y enmiendas aquí consignadas.

**CUARTO**: Esta TERCERA ENMIENDA AL CONTRATO DE PRÉSTAMO y su ALLONGE no constituyen una novación de las obligaciones de la AUTORIDAD bajo el CONTRATO DE PRÉSTAMO y PAGARÉ, según enmendados. Todos los demás términos y condiciones del  CONTRATO DE PRÉSTAMO y el PAGARÉ, según enmendados, que no contravengan lo aquí acordado, permanecerán inalteradas y en pleno vigor.

30198

AAFAF_CONF_0003877

5

**QUINTO**: Esta TERCERA ENMIENDA AL CONTRATO DE PRÉSTAMO se suscribe de conformidad con la Resolución 10197 adoptada por la Junta de Directores del BANCO el 20 de noviembre de 2013, la cual se aprobó como una declaración de intención bajo la Sección 1.150-2 de la regulación del Departamento del Tesoro Federal (*U.S. Treasury Department Regulation Section 1.150-2*).

**[FIRMAS EN LA SIGUIENTE PÁGINA]**

30198

AAFAF_CONF_0003878

6

**EN TESTIMONIO DE LO CUAL**, las partes comparecientes otorgan esta

**TERCERA ENMIENDA A CONTRATO DE PRÉSTAMO** en San Juan, Puerto Rico,

a _31_ de enero de 2014.

**BANCO GUBERNAMENTAL DE**          **AUTORIDAD DE CARRETERAS Y**
**FOMENTO PARA PUERTO RICO**        **TRANSPORTACIÓN DE PUERTO RICO**

_____          _____
Jorge A. Clivillés Díaz                    Javier E. Ramos Hernández
Vicepresidente Ejecutivo                   Director Ejecutivo
y Agente Fiscal

Testimonio **907**

Reconocido y suscrito ante mí por Javier E. Ramos Hernández, mayor de edad, casado y vecino de Bayamón, Puerto Rico, en su carácter como Director Ejecutivo de la Autoridad de Carreteras y Transportación de Puerto Rico, a quien conozco personalmente. En San Juan, Puerto Rico, a _31_ de enero de 2014.

_____
Notaria Público

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

Testimonio **909**

Reconocido y suscrito ante mí por Jorge A. Clivillés Díaz, mayor de edad, casado y vecino de San Juan, Puerto Rico, en su carácter de Vicepresidente Ejecutivo y Agente Fiscal del Banco Gubernamental de Fomento para Puerto Rico, a quien conozco personalmente. En San Juan, Puerto Rico, a _31_ de enero de 2014.

_____
Notaria Público

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

30198

AAFAF_CONF_0003879

## CUARTA ENMIENDA A CONTRATO DE PRÉSTAMO

### COMPARECEN

**DE LA PRIMERA PARTE:** El **BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO,** una corporación pública e instrumentalidad del Estado Libre Asociado de Puerto Rico creada en virtud de la Ley Núm. 17, aprobada el 23 de septiembre de 1948, según enmendada (el "BANCO"), representado en este acto por Jorge A. Clivillés Díaz, Vicepresidente Ejecutivo y Agente Fiscal, mayor de edad, casado y residente de San Juan, Puerto Rico.

**DE LA SEGUNDA PARTE:** La **AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO,** una corporación pública e instrumentalidad del Estado Libre Asociado de Puerto Rico creada en virtud de la Ley Núm. 74 de 23 de junio de 1965, según enmendada (la "AUTORIDAD"), representada en este acto por Carmen A. Villar Prados, Directora Ejecutiva, mayor de edad, casada y vecina de Guaynabo, Puerto Rico.

A menos que un término escrito en letras mayúsculas sea definido de otra forma en esta Cuarta Enmienda a Contrato de Préstamo (la "CUARTA ENMIENDA AL CONTRATO DE PRÉSTAMO"), el mismo tendrá el significado adscrito en el CONTRATO DE PRÉSTAMO, según enmendado y definido más adelante.

### EXPONEN

**POR CUANTO:** El 15 de agosto de 2012, la Junta de Directores del BANCO aprobó la Resolución Núm. 9853 para conceder a la AUTORIDAD una línea de crédito no rotatoria por la cantidad máxima de $33,960,000 para continuar sus proyectos de

31267

DS-017859

2

mejoras capitales durante el primer semestre del Año Fiscal 2013, así como cubrir los cargos por asesoría financiera y la capitalización de intereses al vencimiento.

POR CUANTO: De conformidad con lo anterior, la AUTORIDAD y el BANCO suscribieron un Contrato de Préstamo (el "CONTRATO DE PRÉSTAMO"), efectivo al 12 de septiembre de 2012, concediendo a la AUTORIDAD una LÍNEA DE CRÉDITO no rotativa por la suma máxima de $33,960,000, la cual incluyó $33,276,272 para continuar con los proyectos de mejoras capitales durante el primer semestre del Año Fiscal 2013 y $683,728 para cubrir los cargos por asesoría financiera y la capitalización de intereses al vencimiento. En la misma fecha de otorgamiento del CONTRATO DE PRÉSTAMO, la AUTORIDAD suscribió un PAGARÉ por la suma de $33,960,000 a la orden del BANCO y con vencimiento el 31 de enero de 2013.

POR CUANTO: El 13 de marzo de 2013, el BANCO y la AUTORIDAD suscribieron una Primera Enmienda a Contrato de Préstamo a los fines de extender el vencimiento y el repago de intereses acumulados hasta el 31 de enero de 2014. En esa misma fecha, la AUTORIDAD suscribió una Primera Enmienda a Pagaré ("Allonge") para incorporar dichas enmiendas.

POR CUANTO: Durante el mes de diciembre de 2012, la AUTORIDAD y Société Générale efectuaron dos transacciones que generaron la cantidad de $23,423,637.50 a utilizarse sólo para cubrir costos de proyectos de mejoras capitales de la AUTORIDAD.

POR CUANTO: En vista de lo anterior, el 10 de septiembre de 2013, el BANCO y la AUTORIDAD suscribieron una Segunda Enmienda a Contrato de

31267

DS-017860

3

Préstamo para reducir el financiamiento provisto a la AUTORIDAD por una cantidad de $23,423,637.50 y enmendar la LÍNEA DE CRÉDITO con el propósito de establecer la cantidad máxima autorizada en $10,536,362.50. En esa misma fecha, la AUTORIDAD suscribió una Segunda Enmienda a Pagaré ("Allonge") para incorporar dichas enmiendas.

POR CUANTO: El 31 de enero de 2014, el BANCO y la AUTORIDAD suscribieron una Tercera Enmienda a Contrato de Préstamo a los fines de extender el vencimiento y el repago de intereses acumulados hasta el 31 de enero de 2015. En esa misma fecha, la AUTORIDAD suscribió una Tercera Enmienda a Pagaré ("Allonge") para incorporar dichas enmiendas.

POR CUANTO: Al 31 de diciembre de 2014, el balance de principal de la LÍNEA DE CRÉDITO asciende a $9,869,606.01 con intereses acumulados por la cantidad de $891,861.66.

POR CUANTO: La gerencia del BANCO ha recomendado enmendar la LÍNEA DE CRÉDITO con el propósito de extender el vencimiento de la misma hasta el 31 de enero de 2016.

POR CUANTO: La Junta de Directores del BANCO ha autorizado mediante la Resolución Núm. 10554 adoptada en reunión celebrada el 17 de diciembre de 2014 (la "Resolución 10554"), enmendar el CONTRATO DE PRÉSTAMO a los fines de extender la fecha de vencimiento hasta el 31 de enero de 2016 y requerir el pago de honorarios por asesoría financiera, entre otros términos y condiciones.

31267

DS-017861

4

**POR CUANTO**: De conformidad con la Resolución Núm. 2015-07 adoptada el 15 de enero de 2015 por la Junta de Directores de la AUTORIDAD, la AUTORIDAD ha aceptado los términos y condiciones establecidos por el BANCO para la presente enmienda.

**POR LO TANTO,** en consideración a los hechos afirmados anteriormente, y a las representaciones, acuerdos y garantías que más adelante se exponen, las partes comparecientes:

### ACUERDAN Y CONVIENEN

**PRIMERO:** Las partes acuerdan extender la fecha de vencimiento de la LÍNEA DE CRÉDITO e incluir los ingresos asignados a la AUTORIDAD bajo las Leyes Leyes Número 30 y 31 del 25 de junio de 2013 como fuente de pago adicional de la obligación. Por consiguiente, se enmienda la Sección 1.3 del Artículo 1 del CONTRATO DE PRÉSTAMO, según enmendado, para que lea como sigue:

"La LÍNEA DE CRÉDITO más los intereses capitalizados serán pagaderos el 31 de enero de 2016. La fuente de pago será futuras emisiones de bonos y productos de futuras alianzas público privadas al igual que ingresos propios, incluyendo los ingresos asignados bajo las Leyes Número 30 y 31 del 25 de junio de 2013, los cuales están cedidos y comprometidos a favor del BANCO mediante el *Assignment and Security Agreement* suscrito el 28 de agosto de 2013 entre el BANCO y la AUTORIDAD."

**SEGUNDO:** La AUTORIDAD reconoce, conviene y acepta pagar al BANCO honorarios por servicios de asesoría financiera igual a una veinticincoava (1/25) parte del uno por ciento (1%), para un total de **Cuatro Mil Doscientos Catorce**



31267

DS-017862

5

Dólares con Cincuenta y Cinco Centavos (**$4,214.55**) correspondientes a esta transacción y según la política vigente del BANCO.

**TERCERO**: En esta misma fecha, la AUTORIDAD suscribe y otorga un documento titulado CUARTA ENMIENDA A PAGARÉ ("ALLONGE"). Este ALLONGE se hará formar parte del PAGARÉ original suscrito por la AUTORIDAD, según enmendado, con el propósito de incorporar los acuerdos y enmiendas aquí consignadas.

**CUARTO**: Esta CUARTA ENMIENDA AL CONTRATO DE PRÉSTAMO y su ALLONGE no constituyen una novación de las obligaciones de la AUTORIDAD bajo el CONTRATO DE PRÉSTAMO y PAGARÉ, según enmendados. Todos los demás términos y condiciones del CONTRATO DE PRÉSTAMO y el PAGARÉ, según enmendados, que no contravengan lo aquí acordado, permanecerán inalteradas y en pleno vigor.

**QUINTO**: El Presidente del BANCO, el Vicepresidente Ejecutivo de Financiamiento o cualquier otro vicepresidente ejecutivo, está autorizado a canalizar los recursos e ingresos de la AUTORIDAD correspondientes a las Leyes 30 y 31 del 25 de junio de 2013 para el repago de los financiamientos vigentes y cualquiera otras cantidades que el BANCO cobre por concepto de obligaciones pendientes de la AUTORIDAD.

**SEXTO**: El Director Ejecutivo de la AUTORIDAD y el Secretario del Departamento de Transportación y Obras Públicas deberán efectuar una presentación a la Junta de Directores del BANCO sobre las finanzas de la AUTORIDAD y el progreso

31267

DS-017863

6

de la implementación de sus planes a mediano y largo plazo para atender de manera expedita y efectiva la situación fiscal de la AUTORIDAD, más allá de los nuevos ingresos ya legislados. Esta presentación se llevará a cabo previo a cualquier desembolso por parte del BANCO si aún quedan fondos disponibles bajo la LÍNEA DE CRÉDITO.

SÉPTIMO: Esta CUARTA ENMIENDA AL CONTRATO DE PRÉSTAMO se suscribe de conformidad con la Resolución 10554, la cual se aprobó como una declaración de intención bajo la Sección 1.150-2 de la regulación del Departamento del Tesoro Federal (*U.S. Treasury Department Regulation Section 1.150-2*).

**[FIRMAS EN LA SIGUIENTE PÁGINA]**

31267

DS-017864

EN TESTIMONIO DE LO CUAL, las partes comparecientes otorgan esta

**CUARTA ENMIENDA A CONTRATO DE PRÉSTAMO** en San Juan, Puerto Rico, a

20 de mayo de 2015.

**BANCO GUBERNAMENTAL DE**
**FOMENTO PARA PUERTO RICO**

**AUTORIDAD DE CARRETERAS Y**
**TRANSPORTACIÓN DE PUERTO RICO**

Jorge A. Clivillés Díaz
Vicepresidente Ejecutivo
y Agente Fiscal

Carmen A. Villar Prados
Directora Ejecutiva

Testimonio 739

    Reconocido y suscrito ante mí por Jorge A. Clivillés Díaz, mayor de edad, casado y vecino de San Juan, Puerto Rico, en su carácter de Vicepresidente Ejecutivo y Agente Fiscal del Banco Gubernamental de Fomento para Puerto Rico, y por Carmen A. Villar Prados, mayor de edad, casada y vecina de Guaynabo, Puerto Rico, en su carácter de Directora Ejecutiva de la Autoridad de Carreteras y Transportación de Puerto Rico, a quienes conozco personalmente.

    En San Juan, Puerto Rico, a 20 de mayo de 2015.

Notaria Público

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

31267

DS-017865

Certified Translation

[stamp:] MARIA DE
LOURDES RODRIGUEZ
ATTORNEY – NOTARY

## LOAN AGREEMENT

THE FIRST PARTY: **THE BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO**

**RICO,** a banking institution organized and existing in accordance with Law No. 17-1948, as amended

(the "BANK") represented in this instrument by its Executive Vice President of Financing, José R. Otero

Freiría, adult, married and a resident of Dorado, Puerto Rico.

THE SECOND PARTY: The **HIGHWAYS AND TRANSPORTATION AUTHORITY OF**

**PUERTO RICO,** a legal entity, established pursuant to Law No. 74-1965, (the "AUTHORITY"), as

amended, represented in this instrument by Rubén A. Hernández Gregorat, Executive Director of the

Authority and Secretary of the Department of Transportation and Public Works, adult, married, and a

resident of Guaynabo, Puerto Rico, as authorized by Resolution No. [hw:] _2012-40_ [initials] dated on the

[hw:] _6th_ of [initials] [hw:] _September 2012_ ~~October 2011~~ issued by the Secretary of Transportation and

Public Works of Puerto Rico.

[stamp:] MARIA DE
LOURDES RODRIGUEZ
ATTORNEY – NOTARY

[initials]

### PREAMBLE

**WHEREAS:** The AUTHORITY requested a credit line for up to a maximum of $33,276,

[illegible] in order to continue its capital improvements projects during the first six months of Fiscal Year

2013.

**WHEREAS:** On August 15, 2012, the Board of Directors of the BANK approved Resolution No.

9853 in order to grant to the AUTHORITY non-revolving credit line for the maximum principal amount

of THIRTY-THREE MILLION NINE HUNDRED SIXTY THOUSAND DOLLARS ($33,960,000),

which includes the sum of THIRTY-THREE MILLION TWO HUNDRED SEVENTY-SIX THOUSAND

TWO HUNDRED

SEVENTY-TWO DOLLARS ($33,276,272) which the AUTHORITY shall use to continue its capital improvements projects during the first six months of Fiscal Year 2013, plus SIX HUNDRED EIGHTY-THREE THOUSAND SEVEN HUNDRED TWENTY-EIGHT DOLLARS ($683,728) which the AUTHORITY shall use to cover fees for financial consulting services and the capitalization of interests upon expiration.

**THEREFORE,** in consideration of the facts confirmed above and the representations, agreements and guarantees that are set forth below, the parties that appear approve and agree to grant this Loan Agreement.

[stamp:] MARIA DE LOURDES RODRIGUEZ      [stamp:] MARIA DE LOURDES RODRIGUEZ
ATTORNEY – NOTARY                       ATTORNEY – NOTARY

## ARTICLE 1.

## LOAN

1.1    **Credit Line**:

After the LEGAL DOCUMENTS referred to in Article 4.1 of this LOAN AGREEMENT are issued

[initials]

and signed, the BANK shall extend to the AUTHORITY a non-rotating CREDIT LINE for the maximum amount of principal of THIRTY-THREE MILLION NINE HUNDRED SIXTY THOUSAND DOLLARS ($33,960,000), which includes the sum of THIRTY-THREE MILLION TWO HUNDRED SEVENTY-SIX THOUSAND TWO HUNDRED SEVENTY-TWO DOLLARS ($33,276,272) which the AUTHORITY shall use to continue its capital improvements projects during the first six months of Fiscal Year 2013, plus SIX HUNDRED EIGHTY-THREE THOUSAND SEVEN HUNDRED TWENTY-EIGHT DOLLARS ($638,728) which the AUTHORITY shall use to cover fees for financial consulting services and the capitalization of interest upon expiration.

28910 v3

The CREDIT LINE shall be evidenced by one (1) PROMISSORY NOTE for the sum of $33,960,000 signed by the AUTHORITY on the same date that this LOAN AGREEMENT is signed and payable to the order of the BANK.

> [stamp:] MARIA DE LOURDES RODRIGUEZ
> ATTORNEY – NOTARY

**1.2**    **Interest Rate:**

The AUTHORITY approves and agrees to pay interest on the unpaid balance of principal of the Credit Line, calculated on an actual basis/360 days, at a rate equivalent to the *Prime Rate* plus 150 basis points, which shall never be less than 6%, or the rate that the President of the BANK or his authorized representative determines, according to the market interest rate. The interest shall be capitalized upon expiration. If on the expiration date of the repayment obligation the AUTHORITY has not paid the unpaid balance of the principal, the AUTHORITY shall pay interest on that sum computed based on 200 basis points over the rate that would apply under this LOAN AGREEMENT. The AUTHORITY authorizes the BANK and grants it authority without requiring any notice, to apply the right to *set off* the obligations that arise under this LOAN AGREEMENT, making any application of payments of any sum of money that belongs to the AUTHORITY in possession of the BANK for the payment of the LOAN AGREEMENT and accumulated interest in the event that the AUTHORITY breaches its payment obligations under the LOAN AGREEMENT.

[initials]

> [stamp:] MARIA DE LOURDES RODRIGUEZ
> ATTORNEY – NOTARY

**1.3**    **Term and Source of Payment:**

The LOAN AGREEMENT shall be payable on January 31, 2013. The source of payment shall be future issuances of bonds and income from future private-public alliances as well as own income.

28910 v3

1.4    **Disbursements:**

The AUTHORITY shall request disbursements in writing three (3) business days in advance. The disbursement request shall include a certification form (*notice of drawing*) equal to Annex A of this Agreement, in which the Executive Director of the AUTHORITY, or the person that he designates, certifies the necessity of the funds and the justification for their use. The AUTHORITY shall include, in addition, any other documentation that the BANK in its full discretion requests from it prior to the disbursement, including, but not limited to, copies of invoices. The disbursements under this financing are subject to compliance by the AUTHORITY with the Fiscal Agency Area for the conditions stipulated in the *Fiscal Oversight Agreement* (FOA) that the AUTHORITY has in effect with the BANK. The BANK management shall assign an external auditor to verify the operational expenses and to authorize the disbursements, as a condition for such disbursements.

1.5    **Financial Consultancy Fees:**

The AUTHORITY approves and agrees to pay the BANK fees for financial consultancy that the BANK

[initials]    provides, according to the BANK's policy in effect.

[stamp:] MARIA DE LOURDES RODRIGUEZ
ATTORNEY – NOTARY

**ARTICLE 2.**

**AFFIRMATIVE AGREEMENTS**

2.1    **Other Conditions:**

This LOAN AGREEMENT is granted as an official statement of intent under the regulation of the Department of the Treasury of the United States, Section 1.150.2.

[stamp:] MARIA DE LOURDES RODRIGUEZ
ATTORNEY – NOTARY

28910 v3

2.2.   **Ground of Breach:**

The AUTHORITY shall notify the BANK of any condition, fact or occurrence that may constitute a ground of breach or that pursuant to its notice or the mere passage of time, or both, may constitute a ground of breach by delivering to the BANK a certification signed by one of its officials, specify stating the nature of such ground, the time during which it has existed, and what course of action the AUTHORITY proposes to initiate with respect to them. Such notice shall be sent to the BANK within ten (10) days after the breach occurs.

[stamp:] MARIA DE LOURDES RODRIGUEZ<br>ATTORNEY – NOTARY

2.3   **Payment of Costs for Extrajudicial Collections, Professional Fees, Expenses, etc.:**

At the BANK's request, the AUTHORITY shall promptly reimburse the BANK for the payment of costs, expenses and attorney's fees incurred by the BANK in extrajudicial collections of any time period in delay in relation with the LOAN AGREEMENT owed by the AUTHORITY. The failure by the AUTHORITY to reimburse such costs, expenses and attorney's fees shall constitute a ground of breach on the LOAN AGREEMENT.

Such costs, expenses and attorney's fees incurred by the BANK in accordance with the provisions [initials] his LOAN AGREEMENT shall be reimbursed by the AUTHORITY immediately upon request.

[stamp:] MARIA DE LOURDES RODRIGUEZ<br>ATTORNEY – NOTARY

2.4   **Breach under the Legal Documents:**

The AUTHORITY agrees that any breach of the terms of the PROMISSORY NOTE and/or obligation letter shall be deemed at the same time to be a breach of this LOAN AGREEMENT and vice versa, and when it occurs

28910 v3

the BANK shall immediately have the right to enforce any of the rights and privileges that any of the LEGAL

DOCUMENTS may confer.

2.5 **Authorization to Take Collateral:**

The AUTHORITY has taken the appropriate and necessary measures, official or of another type, to

authorize the issuance and delivery of the LEGAL DOCUMENTS without any limitation.

[stamp:] MARIA DE LOURDES RODRIGUEZ          [stamp:] MARIA DE LOURDES RODRIGUEZ
ATTORNEY – NOTARY                                         ATTORNEY – NOTARY

**ARTICLE 3.**

**BREACHES**

3.1 **Grounds of Breach:**

Each of the following shall constitute a ground of breach under the terms of this LOAN

AGREEMENT:

3.1.1    if any representation given or extended by the AUTHORITY to the BANK in any of the

procedures and LEGAL DOCUMENTS or if any report, guarantee or financial certificate

or any other type of document provided to the BANK in relation to this LOAN

AGREEMENT is found to be false or misleading;

[initials]

3.1.2    failure to pay principal and interest and their penalties, if any, of the LOAN AGREEMENT

on their due date in accordance with the terms of any of the LEGAL DOCUMENTS;

3.1.3    breach or violation by the AUTHORITY of any of the terms, clauses and conditions agreed

to with the BANK in Articles 1 and 2 of this LOAN AGREEMENT; or

28910 v3

3.1.4    the failure by the AUTHORITY to remedy or cure within a time period of thirty (30) days
from its occurrence, without prior written notice by the BANK, any breach of the terms,
clauses and conditions of this LOAN AGREEMENT. This does not apply to the terms and
conditions related to the obligations to pay the LOAN AGREEMENT, since the
AUTHORITY shall strictly comply with such payment when it is due.

[stamp:] MARIA DE LOURDES RODRIGUEZ
ATTORNEY – NOTARY

3.2    **Remedies:**

When any of the grounds of breach listed in Article 3.1 of this LOAN AGREEMENT occurs, and
if such breach is not cured or remedied as provided, without any need to send any notice of breach, the
rights to which the AUTHORITY hereby waives the granting, the BANK may:

3.2.1    proceed to claim the payment of the unpaid balance of the CREDIT LINE;

3.2.2    file a court proceeding requesting the specific performance of any term, clause or condition
of any of the LEGAL DOCUMENTS, or a temporary or permanent injunction to prevent
the AUTHORITY from violating any such terms, clauses or conditions; or

[initials]

3.2.3    to enforce any other remedy to which it has a right under the laws of the Commonwealth
of Puerto Rico.

[stamp:] MARIA DE LOURDES RODRIGUEZ
ATTORNEY – NOTARY

28910 v3

[stamp:] MARIA DE LOURDES RODRIGUEZ
ATTORNEY – NOTARY

## ARTICLE 4.

## MISCELLANEOUS PROVISIONS

4.1    **Legal Documents:**

[stamp:] MARIA DE LOURDES RODRIGUEZ
ATTORNEY – NOTARY

As used in this LOAN AGREEMENT, the term LEGAL DOCUMENTS means:

     1. PROMISSORY NOTE

     2. LOAN AGREEMENT

4.2    **Waivers, Relief, Extensions, Forbearance and Additional Remedies:**

No delay or late performance by the BANK or by any holder or owner of the PROMISSORY NOTE in the enforcement of any right, authority or remedy that it may have in accordance with the terms of any of the LEGAL DOCUMENTS shall be deemed to be a waiver, limitation or reduction of such rights, authorities or remedies, and the partial or exclusive enforcement of any of them shall not be an impediment for them to subsequently be fully enforced, including, but not limited to, the right to offset. Remedies in favor of the BANK provided in the LEGAL DOCUMENTS shall be deemed to be in addition to, any not to exclude, any other remedy set forth in law. For any relief, extension or forbearance extended by the BANK to the AUTHORITY, or any amendment to this LOAN AGREEMENT to be enforceable, it shall appear in writing signed by an authorized official of the BANK, which shall specifically state the scope of the relief, extension, forbearance or amendment granted. Any relief, extension, forbearance or amendment granted shall be valid only for the occurrence or potential occurrence for which it was granted.

[initials]

28910 v3

**4.3**     **Addresses for Notices, etc.:**

Any notice, claim, directive or other communication provided by the LEGAL DOCUMENTS shall be

recorded in writing and shall be delivered in person or sent by fax or mail to the following addresses:

> [stamp:] MARIA DE LOURDES RODRIGUEZ
> ATTORNEY – NOTARY
> [stamp:] MARIA DE LOURDES RODRIGUEZ
> ATTORNEY – NOTARY

TO THE "**AUTHORITY**":

Highways and Transportation Authority
Department of Transportation and Public Works
P.O. Box 42007
San Juan, Puerto Rico 00940-2007
(787) 721-8787

Attention: Executive Director

TO THE "**BANK**":

Banco Gubernamental de Fomento para Puerto Rico
P.O. Box 42001
San Juan, Puerto Rico 00940-2001
Fax: (787) 721-1443

Attention: President

or to any other address that the parties indicate by written notice sent in accordance with the provisions in

this Article. These shall be deemed to be perfected after they have been duly deposited postmarked in the

mail and sent to the addresses stated.

[initials]

**4.4**     **Successors and Beneficiaries:**

The agreements and clauses contained herein shall obligate and benefit the parties and their

respective beneficiaries, executors, administrators, successors and assignees.

**4.5**     **Waivers by the AUTHORITY of Presentation, Protest, etc.:**

The AUTHORITY waives any notice of acceptance or demand or requirement to meet any

condition precedent by the BANK,

28910 v3

as well as waiver of rights of presentation, protest, notice of protest, payment request, notice of breach or failure to pay, release, compromise, set-off, settlement, extension, renewal or extension of any contractual right or legal instrument and, in general, any other legal formality.

IN WITNESS WHEREOF, the parties who appear grant this LOAN AGREEMENT, in San Juan, Puerto Rico, on this date September [hw:] *12*, 2012.

**BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO**

**HIGHWAYS AND TRANSPORTATION AUTHORITY OF PUERTO RICO**

_____[signature]_____

José R. Otero Freiría
Executive Vice President

_____[signature]_____

Rubén Hernández Gregorat
Executive Director
Secretary, Department of Transportation
  and Public Works of Puerto Rico

Statement [hw:] *702A --*

Acknowledged and signed before me by Rubén Hernández Gregorat, adult, married, executive and resident of San Juan, Puerto Rico, in his capacity of Executive Director of the Highways and Transportation Authority of Puerto Rico, whom I know personally. [hw:] *It is clarified that the party who appears is a resident of Guaynabo, Puerto Rico.* [initials]

In San Juan, Puerto Rico, on September [hw:] *6*, 2012.

[stamp:] MARIA DE
LOURDES
RODRIGUEZ
ATTORNEY-NOTARY

EXEMPT FROM PAYMENT OF STAMP TAX
LAW 47 OF JUNE 4, 1982

_____[signature]_____
Public Notary

[initials]
stamp:] MARIA DE
LOURDES
RODRIGUEZ
ATTORNEY-NOTARY

Statement [hw:] *704 --*

Acknowledged and signed before me by José R. Otero Freiría, adult, married and resident of Dorado, Puerto Rico in his capacity of Executive Vice President of Financing Banco Gubernamental de Fomento para Puerto Rico, whom I know personally.

In San Juan, Puerto Rico, on September [hw:] *12*, 2012.

[stamp:] MARIA DE
LOURDES
RODRIGUEZ
ATTORNEY-NOTARY

_____[signature]_____
Public Notary

28910 v3

EXEMPT FROM PAYMENT OF
STAMP TAX
LAW 47 OF JUNE 4, 1982

# FIRST AMENDMENT TO LOAN AGREEMENT

## APPEAR

**THE FIRST PARTY:** The **BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO,** a banking institution organized and existing pursuant to Law No. 17, approved on September 23, 1948, as amended (the "BANK"), represented in the act by Ian J. Figueroa Toro, Executive Vice President and Director of Financing, adult, married and resident of San Juan, Puerto Rico.

**THE SECOND PARTY:** The **HIGHWAYS AND TRANSPORTATION AUTHORITY OF PUERTO RICO**, a legal entity established pursuant to Law No. 74 of June 23, 1965, as amended (the "AUTHORITY"), represented in this act by Javier E. Ramos Hernández, Executive Director of the AUTHORITY, adult, married, engineer and a resident of Bayamón, Puerto Rico.

Unless any term written in capital letters is defined otherwise in this FIRST AMENDMENT TO THE LOAN AGREEMENT, it shall have the meaning given in the LOAN AGREEMENT, as defined below.

[initials]

## PREAMBLE

**WHEREAS:** On August 15, 2012, the Board of Directors of the BANK approved Resolution No. 9853 to grant to the AUTHORITY a non-revolving line of credit for the maximum amount of THIRTY-THREE MILLION NINE HUNDRED SIXTY THOUSAND DOLLARS ($33,960,000), to continue its capital improvements projects during the first six months of Fiscal Year 2013, as well as to cover fees for financial consulting services and the capitalization of interest upon expiration.

29244

**WHEREAS:** In accordance with the above, the AUTHORITY and the BANK signed a Loan Agreement (the "LOAN AGREEMENT"), effective on September 12, 2012, granting to the AUTHORITY a non-revolving CREDIT LINE for the maximum amount of $33,960,000, which included $33,276,272 to continue with capital improvement projects during the first six months of Fiscal Year 2013 and $683,728 to cover the payment of fees for financial consulting services and the capitalization of interest upon expiration. On the same date of the granting of the LOAN AGREEMENT, the AUTHORITY signed a PROMISSORY NOTE for the sum of THIRTY-THREE MILLION NINE HUNDRED SIXTY THOUSAND DOLLARS ($33,960,000) to the order of the BANK and with expiration on January 31, 2013.

**WHEREAS:** On December 31, 2012, the balance of the principal of the CREDIT LINE totals $1,136,317.65 with accrued interest for the amount of $1,466.32.

[initials]

**WHEREAS:** The management of the BANK has recommended, to amend the CREDIT LINE for the purpose of extending the expiration and repayment of accrued interest until January 31, 2014.

**WHEREAS:** The Board of Directors of the BANK has authorized by Resolution No. 9957 adopted at a meeting held on January 17, 2013, to amend the LOAN AGREEMENT for purposes of extending the expiration date until January 31, 2014 and to establish the payment of professional fees for financial consulting services, among other terms and conditions.

29244

**WHEREAS:** In accordance with Resolution No. 2013-10 issued on January 31, 2013 by Miguel A. Torres Días, Secretary of the Department of Transportation and Public Works of Puerto Rico, the AUTHORITY accepted the terms and conditions set forth by the BANK for this amendment.

**THEREFORE,** in consideration of the facts confirmed above, and of the representations, approvals and guarantees set forth below, the parties that appear:

**APPROVE AND AGREE**

**FIRST:** The first sentence of Section 1.3 of Article 1 of the LOAN AGREEMENT is amended to read as follows:

"The CREDIT LINE plus capitalized interest shall be payable on January 31, 2014."

**SECOND:** The AUTHORITY acknowledges, accepts and agrees to pay the BANK professional fees for financial consultancy services equal to one twenty-fifth (1/25) of one percent (1%), for a total of Thirteen Thousand Five Hundred Eighty-Four Dollars ($13,584) corresponding to this transaction and according to the policy of the BANK in effect.

[initials]

**THIRD:** On this same date, the AUTHORITY signs and issues a document entitled FIRST AMENDMENT TO THE PROMISSORY NOTE ("ALLONGE"). This ALLONGE shall be made to form a part of the original PROMISSORY NOTE signed by the AUTHORITY, as amended, for the purpose of incorporating the agreements and amendments set forth herein.

29244

**FOURTH:** This FIRST AMENDMENT TO THE LOAN AGREEMENT and its ALLONGE do not constitute a novation of the obligations of the AUTHORITY under the LOAN AGREEMENT and PROMISSORY NOTE, as amended. Any of the other terms and conditions of the LOAN AGREEMENT and the PROMISSORY NOTE, as amended, that do not violate the provisions herein shall remain unchanged and in full effect.

**FIFTH:** This FIRST AMENDMENT TO THE LOAN AGREEMENT is signed in accordance with Resolution 9957 adopted by the Board of Directors of the BANK on January 17, 2013, which was approved as a statement of intent under Section 1.150-2 *of U.S. Treasury Department Regulation Section 1.150-2.*

**[SIGNATURES ON THE NEXT PAGE]**

[initials]

29244

**IN WITNESS WHEREOF**, the parties who appear grant this **FIRST AMENDMENT TO THE LOAN AGREEMENT**, in San Juan, Puerto Rico, on March [hw:] _13_, 2013.

**BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO**

     [signature]
_____
Ian J. Figueroa Toro
Executive Vice President
and Director of Finances

**HIGHWAYS AND TRANSPORTATION AUTHORITY OF PUERTO RICO**

     [signature]
_____
Javier E. Ramos Hernández
Executive Director

Statement [hw:] _782_

     Acknowledged and signed before me by Javier E. Ramos Hernández, adult, married, engineer and resident of Bayamón, Puerto Rico, in his capacity as Executive Director of the Highways and Transportation Authority of Puerto Rico, whom I know personally.

     In San Juan, Puerto Rico, on March [hw:] _13_, 2013.

[stamp:]
MARGUILEÁN
RIVERA AMILL
ATTORNEY-NOTARY

EXEMPT FROM PAYMENT OF STAMP TAX
LAW 47 OF JUNE 4, 1982

     [signature]
_____
Public Notary

Statement [hw:] _784_

     Acknowledged and signed before me by Ian J. Figueroa Toro, adult, married and resident of San Juan, Puerto Rico, in his capacity as Executive Vice President and Fiscal Agent of the Banco Gubernamental de Fomento para Puerto Rico, whom I know personally.

     In San Juan, Puerto Rico, on March [hw:] _13_, 2013.

[stamp:]
MARGUILEÁN
RIVERA AMILL
ATTORNEY-NOTARY

EXEMPT FROM PAYMENT OF STAMP TAX
LAW 47 OF JUNE 4, 1982

     [signature]
_____
Public Notary

29244

# SECOND AMENDMENT TO LOAN AGREEMENT

## APPEAR

**THE FIRST PARTY:** The **BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO,** a banking institution organized and existing pursuant to Law No. 17, approved on September 23, 1948, as amended (the "BANK"), represented in the act by José Pagán Beauchamp, Interim President, adult, married and resident of Guaynabo, Puerto Rico.

**THE SECOND PARTY:** The **HIGHWAYS AND TRANSPORTATION AUTHORITY OF PUERTO RICO**, a public corporation and instrumentality of the Commonwealth of Puerto Rico established pursuant to Law No. 74 of June 23, 1965, as amended (the "AUTHORITY"), represented in this act by Javier E. Ramos Hernández, Executive Director, adult, married and a resident of Bayamón, Puerto Rico.

Unless any term written in capital letters is defined otherwise in this First Amendment to the Loan Agreement (the "SECOND AMENDMENT TO THE LOAN AGREEMENT"), it shall have the meaning given in the LOAN AGREEMENT, as defined below.

## PREAMBLE

**WHEREAS:** On August 15, 2012, the Board of Directors of the BANK approved Resolution No. 9853 to grant to the AUTHORITY a non-revolving line of credit for up to a maximum amount of THIRTY-THREE MILLION NINE HUNDRED SIXTY THOUSAND DOLLARS ($33,960,000), to continue its capital

[initials]

29780

improvements projects during the first six months of Fiscal Year 2013, as well as to cover fees for financial consulting services and the capitalization of interest upon expiration.

**WHEREAS:** In accordance with the above, the AUTHORITY and the BANK signed a Loan Agreement (the "LOAN AGREEMENT"), effective on September 12, 2012, granting to the AUTHORITY a non-revolving CREDIT LINE for the maximum amount of $33,960,000, which included $33,276,272 to continue with the capital improvements projects during the first six months of Fiscal Year 2013 and $683,728 to cover fees for financial consulting services and the capitalization of interest upon expiration. On the same date of the granting of the LOAN AGREEMENT, the AUTHORITY signed a PROMISSORY NOTE for the sum of $33,960,000 to the order of the BANK and with expiration on January 31, 2013.

**WHEREAS:** On March 13, 2013, the BANK and the AUTHORITY signed a First Amendment to loan agreement for purposes of extending the expiration until January 31, 2014. On that same date, the AUTHORITY signed a First Amendment to Promissory Note ("Allonge") to incorporate the amendments.

**WHEREAS:** During the month of December 2012, the AUTHORITY and *Société Générale* made two

[initials] transactions that generated the amount of $23,423,637.50, which must be used to cover costs of capital improvement projects of the AUTHORITY.

**WHEREAS:** In view of the above, the management of the BANK has recommended, to amend the financing provided to the AUTHORITY for an amount

29780

of $23,423,637.50 and to amend the CREDIT LINE for the purpose of establishing that the maximum authorized

amount for the CREDIT LINE shall be $10,536,362.50.

**WHEREAS:** As of June 10, 2013, the principal balance of the CREDIT LINE totals $4,459,780.91 with

accrued interest for the amount of $59,207.99.

**WHEREAS:** The Board of Directors of the BANK has authorized by Resolution No. 10077 adopted at

a meeting held on June 19, 2013, to amend the LOAN AGREEMENT for purposes of reducing the maximum

authorized amount for the CREDIT LINE and to establish that the maximum authorized amount under the

CREDIT LINE shall be $10,536,362.50, among other terms and conditions.

**WHEREAS:** In accordance with Resolution No. 2013-35 issued on August 16, 2013 by the Board of

[initials]

Directors of the AUTHORITY, the AUTHORITY accepted the terms and conditions set forth by the BANK for

this amendment.

**THEREFORE,** in consideration of the facts confirmed above, and of the representations, approvals and

guarantees set forth below, the parties that appear:

**APPROVE AND AGREE**

**FIRST:** Section 1.1 of Article 1 of the LOAN AGREEMENT, as amended, is amended to read as

follows:

"After the LEGAL DOCUMENTS listed in Article 4.1 of this LOAN AGREEMENT are issued
and signed, the BANK shall extend to the AUTHORITY a non-revolving CREDIT LINE

29780

for the maximum principal amount of TEN MILLION FIVE HUNDRED THIRTY-SIX THOUSAND THREE HUNDRED SIXTY-TWO DOLLARS AND FIFTY CENTS ($10,536,362.50), which includes the sums of NINE MILLION EIGHT HUNDRED SIXTY-NINE THOUSAND SIX HUNDRED SIX DOLLARS AND ONE CENT ($9,869,606.01) which the AUTHORITY shall use to continue its capital improvement projects during the first six months of Fiscal Year 2013, plus SIX HUNDRED SIXTY-SIX THOUSAND SEVEN HUNDRED FIFTY-SIX DOLLARS AND FORTY-NINE CENTS ($666,756.49) which the AUTHORITY shall use to cover fees for financial consulting services and the capitalization of interest upon expiration.

The CREDIT LINE shall be evidenced by a PROMISSORY NOTE for the amount of TEN MILLION FIVE HUNDRED THIRTY-SIX THOUSAND THREE HUNDRED SIXTY-TWO DOLLARS AND FIFTY CENTS ($10,536,362.50) signed by the AUTHORITY on the same date that it signs this LOAN AGREEMENT and payable to the order of the BANK."

**SECOND:** On this same date, the AUTHORITY signs and issues a document entitled SECOND [initials]   MENDMENT TO THE PROMISSORY NOTE ("ALLONGE"). This ALLONGE shall be made to form a part of the original PROMISSORY NOTE signed by the AUTHORITY, as amended, for the purpose of incorporating the agreements and amendments set forth herein.

**THIRD:** This SECOND AMENDMENT TO THE LOAN AGREEMENT and its ALLONGE do not constitute a novation of the obligations of the AUTHORITY under the LOAN AGREEMENT and PROMISSORY NOTE, as amended. Any of the other terms and conditions of the LOAN AGREEMENT and the PROMISSORY NOTE, as amended, that do not violate the provisions herein shall remain unchanged and in full effect.

**[SIGNATURES ON THE NEXT PAGE]**

29780

**IN WITNESS WHEREOF**, the parties who appear grant this **SECOND AMENDMENT TO THE**

**LOAN AGREEMENT**, in San Juan, Puerto Rico, on September [hw:] *10*, 2013.

| | |
|---|---|
| **BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO** | **HIGHWAYS AND TRANSPORTATION AUTHORITY OF PUERTO RICO** |

_____[signature]_____             _____[signature]_____
José Pagán Beauchamp                    Javier E. Ramos Hernández
Interim President                       Executive Director

Statement [hw:] *881*

    Acknowledged and signed before me by Javier E. Ramos Hernández, adult, married, engineer and resident of Bayamón, Puerto Rico, in his capacity as Executive Director of the Highways and Transportation Authority of Puerto Rico, whom I know personally. In San Juan, Puerto Rico, on September [hw:] *10*, 2013.

[stamp:]
MARGUILEAN
RIVERA AMILL          EXEMPT FROM PAYMENT OF STAMP TAX
ATTORNEY-NOTARY        LAW 47 OF JUNE 4, 1982            _____[signature]_____
                                                        Public Notary

Statement [hw:] *883*

    Acknowledged and signed before me by José Pagán Beauchamp, adult, married, engineer and resident of Guaynabo, Puerto Rico, in his capacity as Interim President of the Banco Gubernamental de Fomento para Puerto Rico, whom I know personally. In San Juan, Puerto Rico, on September [hw:] *10*, 2013.

[stamp:]
MARGUILEAN
RIVERA AMILL          EXEMPT FROM PAYMENT OF STAMP TAX
ATTORNEY-NOTARY        LAW 47 OF JUNE 4, 1982            _____[signature]_____
                                                        Public Notary

29780

## THIRD AMENDMENT TO LOAN AGREEMENT

### APPEAR

**THE FIRST PARTY: THE BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO,** a public corporation and instrumentality of the Commonwealth of Puerto Rico established pursuant to Law No. 17, approved on September 23, 1948, as amended (the "BANK"), represented in the act by Jorge A. Clivillés Díaz, Executive Vice President and Fiscal Agent, adult, married and resident of San Juan, Puerto Rico.

**THE SECOND PARTY: The HIGHWAYS AND TRANSPORTATION AUTHORITY OF PUERTO RICO**, a public corporation and instrumentality of the Commonwealth of Puerto Rico established pursuant to Law No. 74 of June 23, 1965, as amended (the "AUTHORITY"), represented in this act by Javier E. Ramos Hernández, Executive Director, adult, married and a resident of Bayamón, Puerto Rico.

[initials]

Unless any term written in capital letters is defined otherwise in this Third Amendment to the Loan Agreement (the "THIRD AMENDMENT TO THE LOAN AGREEMENT"), it shall have the meaning given in the LOAN AGREEMENT, as amended and defined below.

### PREAMBLE

**WHEREAS:** On August 15, 2012, the Board of Directors of the BANK approved Resolution No. 9853 to grant to the AUTHORITY a non-revolving line of credit for the maximum amount of $33,960,000 to continue its capital improvements projects during the first six months of Fiscal Year 2013, as well as to cover the fees for financial consulting services and the capitalization of interest upon expiration.

30198

**WHEREAS:** In accordance with the above, the AUTHORITY and the BANK signed a Loan Agreement (the "LOAN AGREEMENT"), effective on September 12, 2012, granting to the AUTHORITY a non-revolving CREDIT LINE for the maximum sum of $33,960,000, which included $33,276,272 to continue with the capital improvements projects during the first six months of Fiscal Year 2013 and $683,728 to cover fees for financial consultancy and the capitalization of interest upon expiration. On the same date of the granting of the LOAN AGREEMENT, the AUTHORITY signed a PROMISSORY NOTE for the sum of $33,960,000 to the order of the BANK and with expiration on January 31, 2013.

**WHEREAS:** On March 13, 2013, the BANK and the AUTHORITY signed a First Amendment to the Loan Agreement in order to extend the expiration and repayment of accumulated interest until January 31, 2014. On that same date, the AUTHORITY signed a First Amendment to the Promissory Note ("Allonge") in order to incorporate the said amendments.

[initials]

**WHEREAS:** During the month of December 2012, the AUTHORITY and Société Générale made two transactions that generated the amount of $23,423,637.50 to be used only to cover costs of capital improvements projects of the AUTHORITY.

**WHEREAS:** In view of the above, on September 10, 2013, the BANK and the AUTHORITY signed a Second Amendment to the Loan Agreement in order to reduce the financing provided to the AUTHORITY for an amount of $23,423,637.50 and to amend the CREDIT LINE for the purpose of

30198

establishing the maximum authorized amount at $10,536,362.50. On that same date, the AUTHORITY signed a Second Amendment to the Promissory Note ("Allonge") in order to incorporate the said amendments.

**WHEREAS:** As of October 31, 2013, the principal balance of the CREDIT LINE totals $7,898,217.35 with accrued interest for the amount of $213,557.40.

**WHEREAS:** The AUTHORITY has requested, and the BANK's management has recommended to amend the CREDIT LINE for the purpose of extending the expiration of the CREDIT LINE until January 31, 2015.

**WHEREAS:** The Board of Directors of the BANK has authorized by Resolution No. 10197 adopted at a meeting held on November 20, 2013 to amend the LOAN AGREEMENT for purposes of extending the expiration date until January 31, 2015 and to request the payment of professional fees for financial consultancy, among other terms and conditions.

[initials]

**WHEREAS:** In accordance with Resolution No. 2014-04 issued on January 30,2014 by the Board of Directors of the AUTHORITY, the AUTHORITY accepted the terms and conditions set forth by the BANK for this amendment.

**THEREFORE,** in consideration of the facts confirmed above, and of the representations, approvals and guarantees set forth below, the parties that appear:

30198

4

**APPROVE AND AGREE**

**FIRST:** Section 1.3 of Article 1 of the LOAN AGREEMENT, as amended, is amended to read as follows:

"The CREDIT LINE plus capitalized interest shall be payable on January 31, 2015."

**SECOND:** The AUTHORITY acknowledges, accepts and agrees to pay the BANK professional fees for financial consultancy services equal to one twenty-fifth (1/25) of one percent (1%), for a total of Four Thousand Two Hundred Fourteen Dollars and Fifty-Five Cents ($4,214.55) corresponding to this transaction and in accordance with the policy of the BANK in effect.

**THIRD:** On this same date, the AUTHORITY signs and issues a document entitled FOURTH [initials] MENDMENT TO THE PROMISSORY NOTE ("ALLONGE"). This ALLONGE shall be made to form a part of the original PROMISSORY NOTE signed by the AUTHORITY, as amended, for the purpose of incorporating the agreements and amendments set forth herein.

**FOURTH:** This THIRD AMENDMENT TO THE LOAN AGREEMENT and its ALLONGE do not constitute a novation of the obligations of the AUTHORITY under the LOAN AGREEMENT and PROMISSORY NOTE, as amended. Any of the other terms and conditions of the LOAN AGREEMENT and the PROMISSORY NOTE, as amended, that do not violate the provisions herein shall remain unchanged and in full effect.

30198

**FIFTH:** This THIRD AMENDMENT TO THE LOAN AGREEMENT is signed in accordance with Resolution 10197 adopted by the Board of Directors of the BANK on November 20, 2013, which was approved as a statement of intent under *U.S. Treasury Department Regulation Section 1.150-2*.

**[SIGNATURES ON THE NEXT PAGE]**

[initials]

30198

**IN WITNESS WHEREOF**, the parties who appear grant this **THIRD AMENDMENT TO THE**

**LOAN AGREEMENT**, in San Juan, Puerto Rico, on January [hw:] *31*, 2014.


| BANCO GUBERNAMENTAL DE | HIGHWAYS AND TRANSPORTATION |
| FOMENTO PARA PUERTO RICO | AUTHORITY OF PUERTO RICO |

_____[signature]_____                    _____[signature]_____

Jorge A. Clivillés Díaz                         Javier E. Ramos Hernández
Executive Vice President                        Executive Director
and Fiscal Agent

Statement [hw:] *907*

    Acknowledged and signed before me by Javier E. Ramos Hernández, adult, married, and resident of Bayamón, Puerto Rico, in his capacity as Executive Director of the Highways and Transportation Authority of Puerto Rico, whom I know personally. In San Juan, Puerto Rico, on January [hw:] *31*, 2014.

[stamp:]
MARGUILEAN
RIVERA AMILL                 EXEMPT FROM PAYMENT OF STAMP TAX
ATTORNEY-NOTARY              LAW 47 OF JUNE 4, 1982              _____[signature]_____
                                                                Public Notary

Statement [hw:] *909*

    Acknowledged and signed before me by Jorge A. Clivillés Díaz, adult, married, resident of San Juan, Puerto Rico, in his capacity as Executive Vice President and Fiscal Agent of the Banco Gubernamental de Fomento para Puerto Rico, whom I know personally. In San Juan, Puerto Rico, on January [hw:] *31*, 2014.

[stamp:]
MARGUILEAN
RIVERA AMILL                 EXEMPT FROM PAYMENT OF STAMP TAX
ATTORNEY-NOTARY              LAW 47 OF JUNE 4, 1982              _____[signature]_____
                                                                Public Notary

30198

## FOURTH AMENDMENT TO LOAN AGREEMENT

### APPEAR

**THE FIRST PARTY: THE BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO,** a public corporation and instrumentality of the Commonwealth of Puerto Rico established pursuant to Law No. 17, approved on September 23, 1948, as amended (the "BANK"), represented in the act by Jorge A. Clivillés Díaz, Executive Vice President and Fiscal Agent, adult, married and resident of San Juan, Puerto Rico.

**THE SECOND PARTY: The HIGHWAYS AND TRANSPORTATION AUTHORITY OF PUERTO RICO**, a public corporation and instrumentality of the Commonwealth of Puerto Rico established pursuant to Law No. 74 of June 23, 1965, as amended (the "AUTHORITY"), represented in this act by Carmen A. Villar Prados, Executive Director, adult, married and a resident of Guaynabo, Puerto Rico.

Unless any term written in capital letters is defined otherwise in this Fourth Amendment to the Loan Agreement (the "FOURTH AMENDMENT TO THE LOAN AGREEMENT"), it shall have the meaning given in the LOAN AGREEMENT, as amended and defined below.

### PREAMBLE

**WHEREAS:** On August 15, 2012, the Board of Directors of the BANK approved Resolution No. 9853 to grant to the AUTHORITY a non-revolving line of credit for the maximum amount of $33,960,000 to continue its capital improvements projects

[initials]

31267

during the first six months of Fiscal Year 2013, as well as to cover fees for financial consultancy and capitalization of interest upon expiration.

WHEREAS: In accordance with the above, the AUTHORITY and the BANK signed a Loan Agreement (the "LOAN AGREEMENT"), effective on September 12, 2012, granting to the AUTHORITY a non-revolving CREDIT LINE for the maximum sum of $33,960,000, which included $33,276,272 to continue with the capital improvements projects during the first six months of Fiscal Year 2013 and $683,728 to cover fees for financial consultancy and the capitalization of interest upon expiration. On the same date of the granting of the LOAN AGREEMENT, the AUTHORITY signed a PROMISSORY NOTE for the sum of $33,960,000 to the order of the BANK and with expiration on January 31, 2013.

WHEREAS: On March 13, 2013, the BANK and the AUTHORITY signed a First Amendment to the Loan Agreement in order to extend the expiration and repayment of accumulated interest until January 31, 2014. On that same date, the AUTHORITY signed a First Amendment to the Promissory Note ("Allonge") in order to incorporate the said amendments.

WHEREAS: During the month of December 2012, the AUTHORITY and Société Générale made two transactions that generated the amount of $23,423,637.50 to be used only to cover costs of capital improvements projects of the AUTHORITY.

WHEREAS: In view of the above, on September 10, 2013, the BANK and the AUTHORITY signed a Second Amendment to the Loan Agreement

[initials]

31267

in order to reduce the financing provided to the AUTHORITY for an amount of $23,423,637 and to amend the CREDIT LINE for the purpose of establishing the maximum authorized amount at $10,536,362.50. On that same date, the AUTHORITY signed a Second Amendment to the Promissory Note ("Allonge") in order to incorporate the said amendments.

**WHEREAS:** On January 31, 2014, the BANK and the AUTHORITY signed a Third Amendment to the Loan Agreement in order to extend the due date and repayment of accrued interest until January 31, 2015. On that same date, the AUTHORITY signed a Third Amendment to the Promissory Note ("Allonge") to incorporate the said amendments.

**WHEREAS:** On December 31, 2014, the principal balance of the CREDIT LINE totals $9,869,606.01 with accrued interest for the amount of $891,861.66.

**WHEREAS:** The BANK's management has recommended to amend the CREDIT LINE for the purpose of extending the expiration of the CREDIT LINE until January 31, 2016.

**WHEREAS:** The Board of Directors of the BANK has authorized by Resolution No. 10554 adopted at a meeting held on December 17, 2014 ("Resolution 10554"), to amend the LOAN AGREEMENT for purposes of extending the expiration date until January 31, 2016 and to request the payment of professional fees for financial consultancy, among other terms and conditions.

[initials]

31267

**WHEREAS:** In accordance with Resolution No. 2015-07 adopted on January 15, 2015 by the Board of Directors of the AUTHORITY, the AUTHORITY accepted the terms and conditions set forth by the BANK for this amendment.

**THEREFORE,** in consideration of the facts confirmed above, and of the representations, approvals and guarantees set forth below, the parties that appear:

## APPROVE AND AGREE

**FIRST:** The parties agree to extend the expiration date of the CREDIT LINE and to include the income assigned to the AUTHORITY under Laws [sic] Number 30 and 31 of June 15, 2013 as a source of additional payment of the obligation. As a consequence, Section 1.3 of Article 1 of the LOAN AGREEMENT, as amended, is amended to read as follows:

> "The CREDIT LINE plus capitalized interest shall be payable on January 31, 2016. The source of payment shall be future issuances of bonds and income from future private-public alliances as well as own income, including income assigned under Laws Number 30 and 31 of June 25, 2013, which are assigned and obligated in favor of the BANK by the Assignment and Security Agreement signed on August 28, 2013 between the BANK and the AUTHORITY."

**SECOND:** The AUTHORITY acknowledges, accepts and agrees to pay the BANK professional fees for financial consultancy services equal to one twenty-fifth (1/25) of one percent (1%), for a total of **Four Thousand Two Hundred Fourteen**

[initials]

31267

**Dollars and Fifty-Five Cents ($4,214.55)** corresponding to this transaction and in accordance with the policy of the BANK in effect.

      **THIRD:** On this same date, the AUTHORITY signs and issues a document entitled FOURTH AMENDMENT TO THE PROMISSORY NOTE ("ALLONGE"). This ALLONGE shall be made to form a part of the original PROMISSORY NOTE signed by the AUTHORITY, as amended, for the purpose of incorporating the agreements and amendments set forth herein.

      **FOURTH:** This FOURTH AMENDMENT TO THE LOAN AGREEMENT and its ALLONGE do not constitute a novation of the obligations of the AUTHORITY under the LOAN AGREEMENT and PROMISSORY NOTE, as amended. Any of the other terms and conditions of the LOAN AGREEMENT and the PROMISSORY NOTE, as amended, that do not violate the provisions herein shall remain unchanged and in full effect.

      **FIFTH:** The President of the BANK, the Executive Vice President of Financing and any other executive vice president, is authorized to channel the funds and income of the AUTHORITY corresponding to Laws 30 and 31 of June 25, 2013 for the repayment of the current financing and any other amounts that the BANK collects for pending obligations of the AUTHORITY.

      **SIXTH:** The Executive Director of the AUTHORITY and the Secretary of the Department of Transportation and Public Works shall make a presentation to the Board of Directors of the BANK on the finances of the AUTHORITY and the progress

31267

[initials]

of the implementation of its medium and long-term plans to quickly and effectively manage the fiscal situation of the AUTHORITY, in addition to the new income previously legislated. This presentation shall be carried out prior to any disbursement by the BANK if any funds still remain available under the CREDIT LINE.

**SEVENTH:** This FOURTH AMENDMENT TO THE LOAN AGREEMENT is signed in accordance with Resolution 10554, which was approved as a statement of intent under *U.S. Treasury Department Regulation Section 1.150-2.*

**[SIGNATURES ON THE NEXT PAGE]**

31267

[initials]

**IN WITNESS WHEREOF**, the parties who appear grant this **FOURTH AMENDMENT TO
THE LOAN AGREEMENT**, in San Juan, Puerto Rico, on May [hw:] _20_, 2015.

| **BANCO GUBERNAMENTAL DE<br>FOMENTO PARA PUERTO RICO** | **HIGHWAYS AND TRANSPORTATION<br>AUTHORITY OF PUERTO RICO** |
|---|---|
| _____[signature]_____ | _____[signature]_____ |
| Jorge A. Clivillés Díaz | Carmen A. Villar Prados |
| Executive Vice President | Executive Director |
| and Fiscal Agent | |

Statement [hw:] _739_

Acknowledged and signed before me by Jorge A. Clivillés Díaz, adult, married, and resident of San Juan, Puerto Rico, in his capacity as Executive Vice President and Fiscal Agent of the Banco Gubernamental de Fomento para Puerto Rico, and by Carmen A. Villar Prados, adult, married and resident of Guaynabo, Puerto Rico, in her capacity as Executive Director of the Highways and Transportation Authority of Puerto Rico, whom I know personally.

In San Juan, Puerto Rico, on May [hw:] _20_, 2015.

[stamp:] BELEN
FARNARIS ALFARO
PUERTO RICO
ATTORNEY-NOTARY

EXEMPT FROM PAYMENT OF STAMP TAX
LAW 47 OF JUNE 4, 1982

_____[signature]_____
Public Notary

31267



**DATE OF TRANSLATION:**   23-Aug-21
**ELECTRONIC FILE NAME:**   September 12, 2012 Agreement

**SOURCE LANGUAGE:**   Spanish
**TARGET LANGUAGE:**   English
**TRANSPERFECT JOB ID:**   US1061278

TransPerfect is globally certified under the standards ISO 9001:2015 and ISO 17100:2015. This Translation Certificate confirms the included documents have been completed in conformance with the Quality Management System documented in its ISO process maps and are, to the best knowledge and belief of all TransPerfect employees engaged on the project, full and accurate translations of the source material.

TCert v. 2.0