# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## THE DRA PARTIES'
## PRETRIAL INFORMATIVE MOTION

**To the Honorable United States District Court Judge Laura Taylor Swain:**

AmeriNational Community Services, LLC (the "**Servicer**"), as servicer for the GDB Debt Recovery Authority (the "**DRA**"), and Cantor-Katz Collateral Monitor LLC, a Delaware limited liability company (the "**Collateral Monitor**" and, together with the Servicer, collectively, the "**DRA Parties**"), which serves as the collateral monitor for Wilmington Trust, N.A. in connection with bonds the DRA issued, respectfully submit their Pretrial Informative Motion for the Confirmation Hearing in accordance with paragraphs 4(a), 5, and 6 of the *Order Regarding Procedures for Hearing on Confirmation of Plan of Adjustment*, Dkt. No. 18502 ("**Trial Procedures Order**").[2]

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801).

[2] Unless otherwise indicated, all docket references herein refer to the docket of Case No. 17-BK-3283 (LTS).

1.       Pursuant to the Trial Procedures Order and the *Amended Order Establishing Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith*, Dkt. No. 18394 ("**Amended Confirmation Procedures Order**," and together with the Trial Procedures Order, the "**Orders**"), the DRA Parties submitted their witness list, exhibit list, and deposition designations subject to objections and reservations noted therein and in the informative motion that accompanied them on Friday, October 22, 2021. Dkt. No. 18675.

2.       This case is "the largest proceeding to restructure debt in the history of the American municipal bond market." *Assured Guar. Corp. v. Fin. Oversight & Mgmt. Bd. for P.R. (In re Fin. Oversight & Mgmt. Bd. for P.R.)*, 872 F.3d 57, 64 (1st Cir. 2017). It was commenced nearly four and a half years ago, on May 9, 2017. Dkt. No. 1. Discovery with respect to Plan confirmation began 82 days ago and the Court required (subject only to exceptions provided by the Court) the parties to complete discovery in 49 business days. *See* Amended Confirmation Procedures Order ¶ 3. The DRA Parties objected and reserved all rights regarding the Amended Confirmation Procedures Order because it is unfair and limits their due process rights. The DRA Parties continue to maintain their objections and reservations.

3.       The DRA Parties identify several key concerns—but do not waive any of their other procedural objections. First, the Orders require the DRA Parties to file this Pretrial Informative Motion at this time identifying the witnesses and exhibits the DRA Parties may call upon at trial. It is impossible to submit comprehensive lists at this time. The FOMB submitted the declarations for its direct witnesses on Monday, October 25, 2021, after the DRA Parties were required to submit their witness list, exhibit list, and deposition designations. *See id.* Additionally, the Orders limit direct testimony to declaration. *Id.* ¶¶ 3, 21; Trial Procedures Order ¶ 5. This may prevent the DRA Parties from proffering direct testimony for witnesses it does not control, including for

2

matters as simple as the authentication of documents, which the FOMB and AAFAF, among other parties, have unreasonably refused to authenticate.[3]

4. The Court's schedule has not permitted the DRA Parties to thoroughly evaluate the declarations before the time for this filing. Further, the DRA Parties are submitting this Pretrial Informative Motion concurrently with all other parties-in-interest. *See* Amended Confirmation Procedures Order ¶ 3. The DRA Parties' witness and exhibit lists identified the witnesses and exhibits that the DRA Parties believe they may examine, introduce, or rely upon during their case at trial, as determined without the benefit of any of these indications of how other parties-in-interest will approach trial.

5. These simultaneous submissions unfairly prejudice the DRA Parties because the DRA Parties have had no opportunity to take into account other parties' simultaneous submissions in selecting witnesses, exhibits, and deposition designations, and because demonstrating that the Plan satisfies each and every element required for confirmation under PROMESA § 314(b) is the FOMB's affirmative burden in this case to prove, and not the DRA Parties' burden to disprove. 48 U.S.C. § 2174(b).

6. Further, the DRA Parties do not know whether the Court may hear any issues that impact the DRA Parties beyond the issues raised in the *Objection of the DRA Parties to the Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico*, Dkt. No. 18590, or the *Draft Findings of Fact and Conclusions of Law in Connection with Confirmation of the Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico et al.*, Dkt. No. 18739.

---

[3] Counsel for the FOMB has stated that the DRA Parties may not call affirmative witnesses unless the DRA Parties have a declaration for that witness, even where the DRA Parties do not control the witness.

3

7. In this circumstance, the DRA Parties may need additional or different witnesses or exhibits than those listed in this submission to be heard on their rights and provide an adequate record to the Court. The DRA Parties expressly reserve their right to identify additional witnesses and exhibits based on any developments or unanticipated issues that may arise before and/or during the confirmation hearing. The DRA Parties also reserve the right to introduce or rely upon any exhibit identified on any other party's exhibit list. The DRA Parties reserve the right to supplement the witness and exhibit lists after further consideration of the witness and exhibit lists filed by the other parties in this proceeding. Moreover, the DRA Parties reserve the right to present some, and not necessarily all, of the witnesses and exhibits included in these lists.

8. Notwithstanding the above, pursuant to the Orders, the DRA Parties submit this Pretrial Informative Motion subject to the objections and reservations contained at Dkt. No. 18675. Accordingly, the DRA Parties respectfully submit the following with regards to the November 1, 2021 Pretrial Conference and the upcoming Confirmation Hearing:

    a. Parties for which they intend to appear: the DRA Parties;

    b. Names and email addresses of the attorneys who will appear:

        i. On behalf of the Servicer from McConnell Valdés, LLC:

            1. Arturo J. García-Solá (ajg@mcvpr.com); and/or

            2. Alejandro J. Cepeda (ajc@mcvpr.com); and/or

            3. Lizzie M. Portela (lpf@mcvpr.com); and/or

            4. Nayuan Zouairabani (nzt@mcvpr.com).

        ii. On behalf of the Collateral Monitor from Schulte Roth & Zabel LLP:

            1. Douglas Mintz (douglas.mintz@srz.com); and/or

4

      2. Douglas Koff (douglas.koff@srz.com); and/or

      3. Taleah Jennings (taleah.jennings@srz.com); and/or

      4. Kristine Manoukian (kristine.manoukian@srz.com); and/or

      5. Peter Amend (peter.amend@srz.com); and/or

      6. Abbey Walsh (abbey.walsh@srz.com); and/or

      7. Noah N. Gillespie (noah.gillespie@srz.com); and/or

      8. Elizabeth V. Curran (elizabeth.curran@srz.com); and/or

      9. Thomas Mott (thomas.mott@srz.com).

   iii. On behalf of Collateral Monitor from C. Conde & Assoc. Law Offices:

      1. Carmen Conde Torres (condecarmen@condelaw.com); and/or

      2. Luisa Valle Castro (ls.valle@condelaw.com).

c. The DRA Parties wish to present opening arguments in opposition to confirmation of the Plan;

d. The DRA Parties believe that disputed factual issues exist and the DRA Parties intend to cross-examine declarants and present re-direct and possible rebuttal testimony at the Confirmation Hearing, including but not limited to the following, in addition to and without waiving any topic or reservation listed at Dkt. No. 18675 or Exhibit B attached hereto:

   i. **Remote Witness:** Natalie Jaresko

      1. **Factual Issue(s):** Any and all topics and matters which this witness intends to testify at the Pretrial Conference and/or

5

       the Confirmation hearing, including those that were identified at *Debtors' Amended List of Witnesses to be Offered in Support of Confirmation of Plan of Adjustment* [Dkt. No. 18094] (the "FOMB Amended Witness List") and/or *Debtors' Final List of Witnesses to be Offered in Support of Confirmation of Plan of Adjustment* [Dkt. No. 18683] (the "FOMB Final Witness List," and jointly with the FOMB Amended Witness List, the "FOMB Witness List").

2. **Subject Matter of the Testimony**: (i) the Plan's compliance with several provisions of PROMESA, the Bankruptcy Code, and applicable law, (ii) the settlements contained in the Plan, the releases, injunctions, and exculpations contained in the Plan, (iii) the Commonwealth statutes allegedly preempted by PROMESA, (iv) the best interests test, (v) as well as any other issues raised in her declaration or any re-direct or rebuttal testimony, among other matters.

3. **Time requested for such examination:** At least 4 hours.

ii. **Remote Witness:** David A. Skeel, Jr.

1. **Factual Issue(s):** Any and all topics and matters which this witness intends to testify at the Pretrial Conference and/or the Confirmation hearing, including those that were identified in the FOMB Witness List.

6

2. **Subject Matter of the Testimony:** (i) the settlements contained in the Plan, (ii) the Plan's compliance with certain provisions of PROMESA, (iii) as well as any other issues raised in his declaration or any re-direct or rebuttal testimony, among other matters.

3. **Time requested for such examination:** At least 2 hours.

iii. **Remote Witness:** Steve Zelin

1. **Factual Issue(s):** Any and all topics and matters which this witness intends to testify at the Pretrial Conference and/or the Confirmation hearing, including those that were identified in the FOMB Witness List and *Debtors' Opening Expert Reports and Disclosures* [Dkt. No. 18097] (the "FOMB Expert Disclosures").

2. **Subject Matter of the Testimony:** the restriction and consummation fees and costs incurred in connection with the various settlements, (ii) the debt payments proposed to be made pursuant to the Plan the feasibility of the Plan, (iii) the terms and structure of the Clawback CVIs, (iv) the releases, injunctions, and exculpation provided in the Plan, (v) the negotiation of the settlements, (vi) as well as any other issues raised in his declaration or any re-direct or rebuttal testimony, among other matters.

3. **Time requested for such examination:** At least 2 hours.

7

    iv. **Remote Witness:** Ojas Shah

        1. **Factual Issue(s):** Any and all topics and matters which this witness intends to testify at the Pretrial Conference and/or the Confirmation hearing, including those that were identified in the FOMB Witness List and the FOMB Expert Disclosures.

        2. **Subject Matter of the Testimony:** (i) McKinsey's *Analysis of Creditor Recoveries should the Title III Case be Dismissed for Creditors of the Commonwealth of Puerto Rico* incorporated in his declaration, (ii) as well as any other issues raised in his declaration or any re-direct or rebuttal testimony, among other matters.

        3. **Time requested for such examination:** At least 2½ hours.

    v. **Remote Witness:** Gaurav Malhotra

        1. **Factual Issue(s):** Any and all topics and matters which this witness intends to testify at the Pretrial Conference and/or the Confirmation hearing, including those that were identified in the FOMB Witness List and the FOMB Expert Disclosures.

        2. **Subject Matter of the Testimony:** (i) the Plan's supposed feasibility, (ii) the Plan's consistency with the 2021 certified fiscal plan for the Commonwealth, (iii) the financial impact of allegedly preempted statutes under PROMESA, (iv) as

well as any other issues raised in his declaration or any re-direct or rebuttal testimony, among other matters.

3. **Time requested for such examination:** At least 2 hours.

vi. **Remote Witness:** Adam Chepenik

1. **Factual Issue(s):** Any and all topics and matters which this witness intends to testify at the Pretrial Conference and/or the Confirmation hearing, including those that were identified in the FOMB Witness List and the FOMB Expert Disclosures.

2. **Subject Matter of the Testimony:** (i) the Commonwealth's policies, procedures, and uses related to cash, (ii) the Plan's cash balance analysis and assumptions, including but not limited to the emergency reserve, (iii) the FOMB's identification of cash accounts held by the Commonwealth and certain instrumentalities and the amount of funds held therein, including but not limited to which cash is unrestricted or restricted, (iv) as well as any other issues raised in his declaration or any re-direct or rebuttal testimony, among other matters.

3. **Time requested for such examination:** At least 2 hours.

vii. **Remote Witness:** Marti P. Murray

1. **Factual Issue(s):** Any and all topics and matters which this witness intends to testify at the Pretrial Conference and/or

9

the Confirmation hearing, including those that were identified in the FOMB Witness List and the FOMB Expert Disclosures.

2. **Subject Matter of the Testimony:** the contents of the *Expert Report of Marti P. Murray* dated September 13, 2021 [Dkt. No. 18097-1], which includes, but is not limited to, (i) the Plan's inconsistency with the 2021 certified Commonwealth fiscal plan, (ii) the up-front cash requirements of the Plan, (iii) the debt sustainability of the Plan, (iv) the settlements contained in the Plan, (v) the additional value available to creditors beyond what the Plan provides, (vi) as well as any other issues raised in her expert report or declaration or any re-direct or rebuttal testimony, among other matters.

3. **Time requested for such examination:** At least 2 hours.

viii. **Remote Witness:** Dr. Andrew Wolfe

1. **Factual Issue(s):** Any and all topics and matters which this witness intends to testify at the Pretrial Conference and/or the Confirmation hearing, including those that were identified in the FOMB Witness List and the FOMB Expert Disclosures.

2. **Subject Matter of the Testimony:** the contents of the *Expert Report of Andrew Wolfe (Corrected)* dated

10

September 13, 2021 [Dkt. No. 18151-1], which includes, but is not limited to, (i) feasibility of the Plan, (ii) actions that can be taken by the Government of Puerto Rico which, if implemented, would produce sufficient resources to allow for the repayment of the Commonwealth's restructured post-confirmation debt service as provided for in the Plan, (iii) the additional value available to creditors beyond what the Plan provides, (iv) as well as any other issues raised in his expert report or declaration or any re-direct or rebuttal testimony, among other matters.

3. **Time requested for such examination:** At least 1 hour.

ix. **Remote Witness:** Timothy Ahlberg

1. **Factual Issue(s):** Any and all topics and matters which this witness intends to testify at the Pretrial Conference and/or the Confirmation hearing, including those that were identified in the *Monolines' Preliminary Fact Witness List and Reservation of Rights for Plan Confirmation Discovery* [Dkt. No. 18045].

2. **Subject Matter of the Testimony:** (i) the Commonwealth's flow of funds and the various operative agreements and governing documents, (ii) as well as any other issues raised in his declaration or any re-direct or rebuttal testimony, among other matters.

11

3. **Time requested for such examination:** At least 30 minutes.

x. **Remote Witness:** Lizette Martínez

1. **Factual Issue(s):** The extent to which Act 30-31 Incremental Revenues were transferred by the Commonwealth to HTA or were retained, the matter of her expert report and declaration, and any other issues that arise before or during the Confirmation Hearing on which she has knowledge or her expertise may be beneficial to the Court.

2. **Subject Matter of the Testimony:** (i) the subject matter set forth in her expert report and declaration, (ii) any and all subject matter appropriate for re-direct or possible rebuttal, among other matters.

3. **Time requested for such examination:** The time necessary for re-direct and possible rebuttal will depend on developments before and during the Confirmation Hearing.

xi. **Remote Witness:** David W. Prager

1. **Factual Issue(s):** Whether the Plan is in the best interests of creditors considering the non-bankruptcy laws and Constitution of Puerto Rico, among other matters.

2. **Subject Matter of the Testimony:** (i) the subject matter set forth in his expert report and declaration, (ii) any and all subject matter appropriate for re-direct or possible rebuttal, among other matters.

    3. **Time requested for such examination:** The time necessary for re-direct and possible rebuttal will depend on developments before and during the Confirmation Hearing.

xii. **Remote Witness:** Stephen Spencer

    1. **Factual Issue(s):** The dollar amount and nature of (1) the DRA's prepetition Claim on account of the GDB-HTA Loans and (2) the CW/HTA Claim in Sections 2.2(a), 63.1, and 63.2, and any other relevant section of the Plan, among other matters.

    2. **Subject Matter of the Testimony:** (i) the subject matter set forth in his declaration, (ii) any and all subject matter appropriate for re-direct or possible rebuttal, among other matters.

    3. **Time requested for such examination:** The time necessary for re-direct and possible rebuttal will depend on developments before and during the Confirmation Hearing.

xiii. **Remote Witness:** Douglas J. Brickley

    1. **Factual Issue(s):** Whether the Commonwealth's retention of the Act 30-31 Incremental Revenues satisfied the requirements of article VI section 8 of the Puerto Rico Constitution.

    2. **Subject Matter of the Testimony:** (i) the subject matter set forth in his expert report and declaration, (ii) any and all

subject matter appropriate for re-direct or possible rebuttal, among other matters.

3. **Time requested for such examination:** The time necessary for re-direct and possible rebuttal will depend on developments before and during the Confirmation Hearing.

xiv. **Remote Witness:** Document custodians to be determined

1. **Factual Issue(s):** The authenticity and admissibility of exhibits challenged by other parties.

2. **Subject Matter of the Testimony:** (i) the authentication and foundation for any or all of the exhibits the DRA Parties seek to introduce, identify, or rely upon before, at, or subsequent to the Confirmation Hearing, (ii) as well as any other issues raised in any applicable declaration or any re-direct or rebuttal testimony, among other matters.

3. **Time requested for such examination:** The time necessary for direct, cross, re-direct, or possible rebuttal will depend on developments before and during the Confirmation Hearing.

xv. **Remote Witness:** Rebuttal witnesses to be determined

1. **Factual Issue(s):** Disputed assertions made by other parties before or during the Confirmation Hearing.

2. **Subject Matter of the Testimony:** (i) any and all subject matters pertinent to disputed issues, (ii) as well as any other

        issues raised in any applicable declaration or any re-direct or rebuttal testimony, among other matters.

        3. **Time requested for such examination:** The time necessary for re-direct and possible rebuttal will depend on developments before and during the Confirmation Hearing.

    xvi. The DRA Parties reserve the right to call or cross-examine any witnesses on any other party's preliminary, amended, or final witness list. The DRA Parties also reserve the right to re-cross any witness following re-direct. Nothing herein should be taken as accepting that any of the potential witnesses listed herein is qualified to testify in any respect or that any party has the right to call such a witness at trial; and the DRA Parties expressly reserve the right to object to any such testimony.

9. Further, as directed by the Orders, this Pretrial Informative Motion attaches three completed forms:

    a. Attached hereto as **Exhibit A** is the completed Party Appearance Sheet for the DRA Parties, listing the counsel who may appear for the Final Pretrial Conference, the Confirmation Hearing, or both;

    b. Attached hereto as **Exhibit B** is the completed Party Witness Cover Sheet for the DRA Parties, listing the witnesses and scope of testimony consistent with the DRA Parties' witness list filed on Friday, October 22, 2021, and subject to the objections and reservations stated in connection with the witness list;

15

    c. Attached hereto as **Exhibit C** is the completed Party Exhibit Cover Sheet for the DRA Parties, listing the 439 exhibits identified in the DRA Parties' exhibit list filed on Friday, October 22, 2021, and subject to the objections and reservations stated in connection with the exhibit list. As provided for in the Court's order dated October 26, 2021, Dkt. No. 18749, the DRA Parties have filed these exhibits on the docket separately in several tranches at Dkt. Nos. 18769 – 18784, 18786 – 18790, 18792 – 18793, 18795 – 18796, 18798 – 18799, 18801, 18804, and 18808 – 18810.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 27th day of October, 2021.

**CERTIFICATE OF SERVICE**: In accordance with Fed. R. Bankr. P. 9014(b), Fed. R. Bankr. P. 7004(b), and the Court's *Fifteenth Amended Notice, Case Management and Administrative Procedures Order* (Dkt. No. 17127-1) (the "CMP Order"), we hereby certify that a true and exact copy of the foregoing was sent by electronic mail upon all the parties listed in the Master Service List and by U.S. mail upon all the Standard Parties listed in the CMP Order.

*[Remainder of page intentionally left in blank]*

<div style="columns:2">

**MCCONNELL VALDÉS LLC**

270 Muñoz Rivera Avenue, Suite 7
Hato Rey, Puerto Rico 00918
P.O. Box 364225
San Juan, PR 00936-4225
Tel:   787-250-5632
Fax:   787-759-9225

By:   */s/ Arturo J. García-Solá*
Arturo J. García-Solá
(USDC No. 201903)
E-mail: ajg@mcvpr.com

*/s/ Alejandro J. Cepeda-Díaz*
Alejandro J. Cepeda-Díaz
(USDC No. 222110)
E-mail: ajc@mcvpr.com

*/s/ Nayuan Zouairabani*
Nayuan Zouairabani
(USDC No. 226411)
E-mail: nzt@mcvpr.com

***Attorneys for AmeriNational Community Services, LLC, as Servicer for the GDB Debt Recovery Authority***

**C. CONDE & ASSOC. LAW OFFICES**

By:   */s/ Carmen D. Conde Torres*
Carmen D. Conde Torres
(USDC No. 207312)

*/s/  Luisa S. Valle Castro*
Luisa S. Valle Castro
(USDC No. 215611)

254 San José Street
Suite 5
San Juan, PR 00901-1523
Tel:   787-729-2900
Fax:   787-729-2203
E-mail: condecarmen@condelaw.com

-and-

**SCHULTE ROTH & ZABEL LLP**

By:   */s/ Douglas S. Mintz*
Douglas S. Mintz (admitted *pro hac vice*)
Noah N. Gillespie (admitted *pro hac vice*)
901 Fifteenth Street, NW, Suite 800
Washington, DC 20005
Tel:   202-729-7470
Fax:   202-730-4520
E-mail: douglas.mintz@srz.com
         noah.gillespie@srz.com

-and-

Douglas Koff (admitted *pro hac vice*)
Taleah Jennings (admitted *pro hac vice*)
Abbey Walsh (admitted *pro hac vice*)
Peter J. Amend (admitted *pro hac vice*)
919 Third Avenue
New York, NY 10022
Tel:   212-756-2000
Fax:   212-593-5955

E-mail:   douglas.koff@srz.com
          taleah.jennings@srz.com
          abbey.walsh@srz.com
          peter.amend@srz.com

***Attorneys for Cantor-Katz Collateral Monitor LLC, as Collateral Monitor for the GDB Debt Recovery Authority***

</div>

17