# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

```
-------------------------------------------------------------X
                                                             :
In re:                                                       :
                                                             :
THE FINANCIAL OVERSIGHT AND                                  :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                            :   Title III
                                                             :
         as representative of                                :   Case No. 17-BK-3283 (LTS)
                                                             :
THE COMMONWEALTH OF PUERTO RICO et al.,                      :   (Jointly Administered)
                                                             :
         Debtors.¹                                           :
                                                             :
-------------------------------------------------------------X
```

**THE DRA PARTIES' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR URGENT MOTION TO COMPEL COMPLIANCE WITH ORDER GRANTING URGENT JOINT MOTION REGARDING RULE 30(B)(6) DEPOSITION OF THE <u>FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO</u>**

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801).

## TABLE OF CONTENTS

**Page**

**PRELIMINARY STATEMENT** ...................................................................................................1

**ARGUMENT**................................................................................................................................3

    A.    The FOMB Admits That It Failed to Prepare The EY Representative In Accordance with the Order....................................................................................3

    B.    The FOMB's Denial of its Agreement Regarding the Rule 30(b)(6) Deposition Is Disingenuous and Belied by the Record. ...............................5

    C.    The FOMB's Efforts To Minimize Their Tactics Fail................................7

    D.    The Subject Matter of Mr. Chepenik's Conversations with Counsel During Deposition Breaks Are Not Privileged. ...........................................8

    E.    The DRA Parties Are Seeking the FOMB's Compliance With the Order, Not the Resolution of a Discovery Dispute......................................9

**CONCLUSION** ............................................................................................................................9

i

AmeriNational Community Services, LLC (the "Servicer"), as servicer for the GDB Debt Recovery Authority (the "DRA"), and Cantor-Katz Collateral Monitor LLC, a Delaware limited liability company (the "Collateral Monitor" and, together with the Servicer, collectively, the "DRA Parties") respectfully submit this Reply Memorandum of Law (the "Reply") in support of their Urgent Motion[1] for an order finding the FOMB violated the Order and compelling the FOMB to comply with the Order by either (i) producing Ms. Natalie Jaresko or an equally appropriate Rule 30(b)(6) designee of the FOMB for a Rule 30(b)(6) deposition of the FOMB, with such deposition to occur on or before October 29, 2021, or (ii) adequately preparing the EY Representative for a Rule 30(b)(6) deposition of the FOMB, with such deposition to occur on or before October 29, 2021.

## PRELIMINARY STATEMENT

1. The FOMB accuses the DRA Parties of attempting to "recast" the parties' agreements. The Joint Motion, which contains the following provisions, sets the record straight:

   a) "The DRA Parties have agreed to serve a subpoena on Ernst & Young in connection **with the Rule 30(b)(6) deposition of the Oversight Board**, but only if each of the provisions herein are agreed to in writing by the Parties." Joint Motion ¶ 10 (emphasis added).

   b) "[T]he Oversight Board agrees that it will adopt all testimony provided by the EY Representative in respect of the Rule 30(b)(6) topics listed in the Deposition Notice as testimony of the Oversight Board for purposes of Rule 30(b)(6)." *Id.* ¶ 13.

   c) "The Oversight Board agrees that it **shall be responsible for preparing the EY Representative for the deposition in accordance with Rule 30(b)(6)**, including, but not limited to, with respect to each of the topics set forth in the Deposition Notice except for Topic No. 1." *Id.* ¶ 15 (emphasis added).

2. Despite the Court expressly "adopt[ing]" these agreements in the Order (Order ¶ 2), the FOMB has flagrantly violated each of them, leaving the DRA Parties with no choice but to

---

[1] All capitalized terms not otherwise defined have the same definitions as provided for in the Urgent Motion [ECF No. 18667].

1

bring this Urgent Motion on the eve of the Confirmation Hearing. As such, this is no mere "discovery dispute," as the FOMB disingenuously states. Specifically, the DRA Parties filed the Urgent Motion to obtain the FOMB's compliance with the Order that adopted the parties' agreements regarding the Rule 30(b)(6) deposition of the FOMB.

3. In response, the FOMB submitted a brief [ECF No. 18745] (the "Opposition" or "Opp.") totaling 25 pages (10 pages longer than permitted under Local Rule 7(d), made applicable to these proceedings pursuant to Section 2(c) of the Second Amended Standing Order, and without seeking and obtaining leave to file a motion in excess of 15 pages), accompanied by a declaration attaching 12 exhibits. Throughout the Opposition, the FOMB repeatedly asserts that the EY Representative was **_not_** the FOMB's Rule 30(b)(6) designee. Based on this unfounded position, the FOMB argues it was under no obligation to prepare the EY Representative to testify as the witness put forward to satisfy the Notice. This argument is premised on the FOMB's assertion that it merely agreed, gratuitously, to help EY's counsel prepare the EY Representative to testify as to EY's knowledge. As the DRA Parties established in the Urgent Motion, the parties' negotiations, along with the Joint Motion and the Order — and common sense — confirm otherwise. *See* Urgent Motion ¶¶ 4, 11, 17; Joint Motion ¶¶ 10, 13, 15; Order ¶ 2.

4. In an attempt to minimize its contemptuous disregard for the Order and the parties' agreements, the FOMB also self-servingly argues that the DRA Parties have nothing to gain from a Rule 30(b)(6) deposition of the FOMB and that the Urgent Motion purportedly presents a "discovery dispute" that should have been presented to the Court differently. Its arguments are not founded in truth or logic. For the reasons set forth in the Urgent Motion, the Court should find the FOMB in contempt and direct it to comply with the Order or be subject to the alternative relief requested by the DRA Parties.

**ARGUMENT**

    A.    **The FOMB Admits That It Failed to Prepare The EY Representative In Accordance with the Order.**

5.    As set forth in the Urgent Motion, the parties jointly informed the Court, that, ***the EY Subpoena was to be issued "in connection with the Rule 30(b)(6) deposition of the [FOMB]"*** and that ***the FOMB would be "responsible for preparing the EY Representative for the deposition in accordance with Rule 30(b)(6)."*** (Joint Motion at ¶¶ 10 and 15 (emphasis added).) The FOMB does not dispute that it failed to prepare the EY Representative to provide deposition testimony regarding the 30(b)(6) topics. Instead, the FOMB asserts that it was not obligated to do anything more than help EY's counsel "prepare the EY Representative to testify ***as to EY's knowledge*** relating to work EY performed for the [FOMB]." Opp. ¶ 39 (emphasis added). The FOMB's argument directly contradicts the plain language of the Joint Motion and the ensuing Order.

6.    The FOMB's argument also defies logic. According to the FOMB, the DRA Parties dropped their demand for FOMB to comply with the outstanding Notice (an issue about which the DRA Parties were prepared to take to the Court, *see* Urgent Motion ¶ 16), worked with the FOMB to call upon the Court's resources by submitting the Joint Motion to the Court, only to get counsel for the FOMB to help EY's counsel prepare the EY Representative to testify about EY's knowledge. To set the record straight: ***at no point during the parties' negotiations leading up to the Joint Motion did counsel for the FOMB ever suggest that the EY Representative's testimony would be limited to EY's knowledge*** — nor would the DRA Parties have ever agreed to that in lieu of 30(b)(6) deposition testimony of the FOMB, to which the DRA Parties were entitled.

7.    Further, as demonstrated throughout the EY Representative's deposition, EY's knowledge of the deposition topics was extremely limited, which appears to have been the

3

FOMB's intention from the outset. Indeed, as the EY Representative testified, although he was in frequent contact with the FOMB (including with Ms. Jaresko the day before his testimony), spent several weeks preparing for the deposition, and FOMB's counsel participated in his preparation, he ***never*** discussed the substance of the Rule 30(b)(6) topics with a single member of the Oversight Board and the FOMB's counsel ***never*** provided him with any information relating to the topics. Joint Motion ¶¶ 20-25; *see also* Jennings Decl. Ex. 2, Chepenik Official Tr., at 197:4-14, 198:2-16, 202:6-17, 205:20-25, 206:1-5, 209:21-25, 210:1-4, 213:20-25, 214:2-23, 214:25, 215:1-8.[2]

8. The FOMB abashedly tries to explain away in a footnote the parties' agreement adopted in the Order that the EY Subpoena was issued "***in connection with the Rule 30(b)(6) deposition of the [FOMB]***" by stating that the parties' agreement in that regard merely refers to the fact that the EY Subpoena and the Notice issued to the FOMB have "overlapping topics." Opp. ¶ 39, n.9. The truth, of which the FOMB's counsel is fully aware, is that the ***only*** reason the DRA Parties issued a subpoena to EY (a representative of which the FOMB indicated would provide testimony pursuant to the Notice issued to the FOMB) was because the FOMB's counsel represented to the DRA Parties' counsel that EY required it as a matter of process (*i.e.*, that it was a mere "piece of paper"). At no point in time did the DRA Parties indicate, or suggest, that they were walking away from the Notice issued to the FOMB. Certainly, had the FOMB's counsel actually believed that, they would have made it explicitly clear — particularly where counsel for

---

[2] *See also id.* at 31:14-24 (Mr. Chepenik did not review the HTA fiscal plan in preparation for the deposition); *id*. at 42:8-14 (Mr. Chepenik has not spoken with an HTA official in the last four years); *id*. at 64:3-6 (Mr. Chepenik did not review the engagement contracts between EY and the FOMB in preparation for the declaration); *id*. at 72:20-73:8 (Mr. Chepenik did not know which accounts received Act 30-31 revenues); *id*. at 114:12-115:3 (Mr. Chepenik did not have knowledge concerning the use of Act 30-31 revenues and did not know if they were operating revenues); *id*. at 116:24-117:8 (Mr. Chepenik did not know who the Act 30-31 revenues benefit); *id*. at 120:3-9 (Mr. Chepenik did not know what taxes are referred to in Act 30 and Act 31); *id*. at 144:19-145:1 (Mr. Chepenik did not know if the Commonwealth budget needs to be balanced); *id*. at 160:12-15 (Mr. Chepenik had not reviewed the Puerto Rico Constitution); *id*. at 163:19-164:4 (Mr. Chepenik did not know the meaning of the term "Clawback" when initially asked).

4

the DRA Parties, at all times, stood ready to take the issue to Court absent the FOMB's agreement to fulfil its obligations pursuant to the Notice, of which the FOMB's counsel was fully aware.

      **B.    The FOMB's Denial of its Agreement Regarding the <u>Rule 30(b)(6) Deposition Is Disingenuous and Belied by the Record.</u>**

      9.    As the factual timeline set forth in the Urgent Motion makes crystal clear, the FOMB agreed to arrange for the EY Representative to provide testimony for the FOMB to satisfy the FOMB's obligations pursuant the Notice. Urgent Motion ¶¶ 4, 8-18. Yet, in 16 paragraphs of the 57-paragraph Opposition, the FOMB denies this, stating repeatedly, that the EY Representative was not the FOMB's Rule 30(b)(6) designee. *See* Opp. ¶¶ 3-4, 6-7, 25, 27-29, 31, 36-42. In doing so, the FOMB glazes over the parties' negotiations regarding the FOMB's Rule 30(b)(6) deposition. Opp. ¶ 24 (vaguely referencing six days of negotiations purportedly concerning "a potential subpoena to EY"). There are three critical details of those discussions notably missing from the FOMB's Opposition.

      10.    *First*, as set forth in the Urgent Motion, the DRA Parties and the FOMB participated in a videoconference meet and confer on October 6, 2021 to discuss whether, to satisfy FOMB's obligations under the Notice, the FOMB would need to produce Ms. Jaresko or could designate an EY Representative, to whom the FOMB indicated the DRA Parties would need to issue a subpoena. Urgent Motion ¶ 16. The DRA Parties had previously expressed doubts as to whether a subpoena to EY for that purpose should be required, and indicated during the October 6 meet and confer that they would instead go to the Court to compel the FOMB's compliance with the Notice. *Id.* ¶¶ 10-12, 16. Counsel for the FOMB, visible during the video conference, waved her hands in the air and stated that the ***only*** difference between what the FOMB was proposing (*i.e.*, an EY Representative who, according to the FOMB, would require a subpoena pursuant to EY's internal processes) and what the DRA Parties were seeking (*i.e.*, the participation of a member of

5

the FOMB) was "a piece of paper," in reference to a subpoena to EY. *Id.* ¶¶ 4, 16; Declaration of Taleah E. Jennings ("Jennings Decl.") ¶¶ 2-3. In response, counsel for the DRA Parties requested that counsel for the FOMB confirm that, if the DRA Parties agreed to issue the requested subpoena to EY, that the EY Representative would be testifying just as if they were from the FOMB. Counsel for the FOMB confirmed that to be the case, stating that, in her experience, parties designate 30(b)(6) witnesses associated with other entities "all of the time," and agreed — on video, in front of several attorneys for various parties — that the FOMB would still be responsible for preparing the EY Representative and that the FOMB would be bound by that individual's testimony. Jennings Decl. ¶ 4.

11. *Second*, immediately after the meet and confer, counsel for the DRA Parties and the FOMB had a follow-up telephone call, during which counsel for the FOMB acknowledged that requiring that EY be subpoenaed was "strange," but that she understood that EY required it "because of something to do with their audit roles." *Id.* ¶ 5.

12. *Third*, the following day, counsel for the DRA Parties asked the FOMB's counsel, by e-mail, to provide "<u>the name of the FOMB's 30b6 designee from EY, and his or her availability</u>." *See* Jennings Decl. Ex. 1 (e-mail chain between T. Jennings and M. Dale, dated October 7, 2021) at 2 (emphasis added). Counsel for the FOMB responded that she was "talking with EY re the best person" and indicated that she would speak to EY's counsel the next day to get availability. *Id.* at 1. Later that day, counsel for the FOMB stated that she would inform the DRA Parties whom **the FOMB** (and not EY) was considering, and noted that it would not be Gaurav Malhotra, an employee of EY who had already been deposed. *Id.*

13. The parties' discussions culminated into the Joint Motion, containing the parties' agreements, which the Order adopted. Joint Motion ¶¶ 10-17; Order ¶ 2. The FOMB admits, as

6

it must, that the Order provides that the FOMB agreed to prepare the EY Representative "in accordance with Rule 30(b)(6)." Joint Motion ¶ 15; Order ¶ 2. It is wholly disingenuous for the FOMB to now argue that its agreement in that regard was gratuitous and only required it to assist EY's counsel in preparing the EY Representative to testify about EY's knowledge. Obviously, had the DRA Parties been seeking a Rule 30(b)(6) deposition limited to EY's knowledge, they would have simply subpoenaed EY, as they would not have needed the FOMB's cooperation for such a deposition. As the FOMB acknowledges, the DRA Parties included on the original version of the subpoena to EY detail regarding the parties' agreement, *i.e.*, that the EY Representative was the FOMB's 30(b)(6) designee. Opp. ¶¶ 28-30. That reference was removed only because EY asked it to be removed, with counsel for EY noting that **EY** was only obligated to fulfil its own subpoena obligations and that any agreement with the FOMB (*e.g.*, to prepare the EY Representative for the 30(b)(6) deposition) was between the DRA Parties and the FOMB. *See* FOMB Ex. 10 at 4. The DRA Parties did not dispute that, and expected the FOMB to act in accordance with their agreement (and the Courts' Order).

        C.      **The FOMB's Efforts To Minimize Their Tactics Fail.**

14. In an attempt to argue "no harm, no foul," the FOMB asserts that its prior public filings are an adequate alternative to a Rule 30(b)(6) deposition of the FOMB. Opp. ¶¶ 7, 14-19. However, a party should not be prevented from live Rule 30(b)(6) testimony merely because the proposed topics or information derived therefrom are purportedly similar to documents that are otherwise available. *See In re Porsche Automobile Holding SE*, 2019 U.S. Dist. LEXIS 194103, *33, 37 (D. Mass. Nov. 6, 2019) (rejecting argument that Rule 30(b)(6) deposition would be duplicative and cumulative of document requests because party was entitled to live testimony). Live testimony can provide crucial interpretations to documents and is particularly useful in disputes concerning complex legal issues. *See id.* ("while information may have already been

7

Case:17-03283-LTS Doc#:18838 Filed:10/27/21 Entered:10/27/21 11:58:46 Desc: Main
Document Page 10 of 13

provided by . . . document production, a live witness may still be useful to testify as to the interpretation of the papers," especially when there are "multiple, complex matters" at issue). The DRA Parties have the right to explore the details contained in the FOMB's public filings with a witness who has been adequately prepared to provide the FOMB's testimony regarding the same.[3]

15. The FOMB also argues that the topics in the Notice do not seek factual information, that the DRA Parties already know the FOMB's position on each topic, and that the FOMB has no factual information to provide.[4] Even assuming, *arguendo*, all of that were true, it is beyond the scope of the instant motion. The DRA Parties are seeking the FOMB's compliance with the Order, which required it to prepare an individual from EY to provide testimony regarding the topics set forth in the Notice in connection with the "Rule 30(b)(6) deposition of the [FOMB]" (Joint Motion ¶ 10), as the parties had agreed. Now is not the appropriate time to object to the topics or deny knowledge through counsel. The DRA Parties are entitled to the discovery they sought pursuant to the Notice issued on September 13, 2021 (well within the discovery time period) and that the Court has already ordered the FOMB to provide.

### D. The Subject Matter of Mr. Chepenik's Conversations with Counsel During Deposition Breaks Are Not Privileged.

16. As established in the Urgent Motion, Mr. Chepenik was improperly instructed not to answer questions regarding the subject matter of his conversations with counsel during deposition break. *See* Urgent Motion ¶¶ 34-38. In response, the FOMB attempts to make a

---

[3] The FOMB's suggestion the DRA Parties' expert, Douglas Brickley, would not find the FOMB's Rule 30(b)(6) testimony useful (Opp. ¶ 46) misses the mark. To the contrary, as Mr. Brickley stated in his report, information relating to several of the 30(b)(6) topics had "not been provided to date and would be useful and/or necessary to complete the Report." Preliminary Expert Report of Douglas Brickley, FOMB Ex. 2, at 9.

[4] If the FOMB truly has no factual information to provide in response to the Notice, then it has all but conceded that the Clawback is in violation of the Constitution of Puerto Rico, since it cannot identify any factual support for the requirements for such Clawback being met. If that is the case, the DRA Parties are entitled to obtain testimony from the FOMB confirming that.

8

strawman out of the DRA Parties' position, citing to everything except the actual question posed by the DRA Parties' counsel regarding the witness' discussions with counsel during the breaks: "[w]hat was the ***subject*** of [the] discussions?" Jennings Decl. Ex. 2 at 190:9-10 (emphasis added). The DRA Parties are entitled to an answer to this question. *See, e.g.*, *Burke v. Messerli & Kramer, P.A.*, 2010 WL 2520615, at *3 (D. Minn. June 15, 2010) (deposition questions that "ask whether discussion regarding various subjects were had, whether legal services were render[ed], and whether documents were shown to the client are not protected by attorney-client privilege").

### E. The DRA Parties Are Seeking the FOMB's Compliance With the Order, Not the Resolution of a Discovery Dispute

17. The FOMB's direct violations of this Court's Order constitute more than a mere discovery dispute, both justifying and necessitating the Urgent Motion. *See Freiria Trading Co. v. Maizoro S.A. de C.V.*, 187 F.R.D. 47, 49 (D.P.R. 1999) ("The Court finds that the issues presented in Defendant's motion are not simply discovery disputes, but rather involve the direct violation of a Court Order. Thus, Defense counsel acted properly in bringing the matters to the Court's attention without first conferring with Plaintiff's attorneys.") The FOMB's argument that the DRA Parties' requested relief should be denied because it was not presented to the Court as a discovery dispute is baseless and should be summarily rejected.

### CONCLUSION

For the reasons set forth above and in the Urgent Motion, the DRA Parties respectfully request that the Court grant the Urgent Motion and enter an order requiring the FOMB to comply with the Order or be subject to the alternative relief requested by the DRA Parties.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, today October 27, 2021.

| | |
|---|---|
| **MCCONNELL VALDÉS LLC** | **C. CONDE & ASSOC. LAW OFFICES** |

270 Muñoz Rivera Avenue, Suite 7
Hato Rey, Puerto Rico 00918
P.O. Box 364225
San Juan, PR 00936-4225
Tel: 787-250-5632
Fax: 787-759-9225

By: */s/ Arturo J. García-Solá*
Arturo J. García-Solá
(USDC No. 201903)
E-mail: ajg@mcvpr.com

*/s/ Alejandro J. Cepeda-Díaz*
Alejandro J. Cepeda-Díaz
(USDC No. 222110)
E-mail: ajc@mcvpr.com

*/s/ Nayuan Zouairabani*
Nayuan Zouairabani
(USDC No. 226411)
E-mail: nzt@mcvpr.com

***Attorneys for AmeriNational Community Services, LLC, as Servicer for the GDB Debt Recovery Authority***

By: */s/ Carmen D. Conde Torres*
Carmen D. Conde Torres
(USDC No. 207312)

*/s/ Luisa S. Valle Castro*
Luisa S. Valle Castro
(USDC No. 215611)

254 San José Street, Suite 5
San Juan, PR 00901-1523
Tel: 787-729-2900
E-mail: condecarmen@condelaw.com

-and-

**SCHULTE ROTH & ZABEL LLP**

By: */s/ Douglas S. Mintz*
Douglas S. Mintz (admitted *pro hac vice*)
Noah N. Gillespie (admitted *pro hac vice*)
901 Fifteenth Street, NW, Suite 800
Washington, DC 20005
Tel: 202-729-7470
E-mail: douglas.mintz@srz.com
noah.gillespie@srz.com

-and-

By: */s/ Douglas I. Koff*
Douglas I. Koff (admitted *pro hac vice*)
Taleah E. Jennings (admitted *pro hac vice*)
Thomas L. Mott (admitted *pro hac vice*)
919 Third Avenue
New York, NY 10022
Tel: 212-756-2000
E-mail: douglas.koff@srz.com
taleah.jennings@srz.com
thomas.mott@srz.com

***Attorneys for Cantor-Katz Collateral Monitor LLC, as Collateral Monitor for the GDB Debt Recovery Authority***

10

**CERTIFICATE OF SERVICE**

I hereby certify that, on October 27, 2021, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants in this case.

        */s/ Carmen D. Conde Torres*
        Carmen D. Conde Torres