# U.S. BANK
# EXHIBIT R

Puerto Rico Public Buildings

Authority Resolution No. 468

Adopted June 22, 1995

(1)

Puerto Rico Public Buildings Authority
$562,850,000 Government Facilities Revenue Refunding Bonds, Series M
$329,415,000 Government Facilities Revenue Bonds, Series N
$3,025,000 Government Facilities Revenue Bonds, Series O
Guaranteed by the Commonwealth of Puerto Rico

### CERTIFICATE AS TO 1995 BOND RESOLUTION

I, MARTA ELISA GONZALEZ, Secretary of the Puerto Rico Public Buildings Authority (the "Authority"), DO HEREBY CERTIFY that attached hereto is a true, correct, and complete copy of Resolution No. 468 adopted by the Board of Directors of the Authority on June 22, 1995 (the "1995 Bond Resolution"), providing for the issuance by the Authority of its government facilities revenue bonds.

I FURTHER CERTIFY, that the attached Resolution is in full force and effect as of the date hereof and has not in any way been annulled, rescinded, revoked, modified or supplemented, except as supplemented by the respective series resolution for each series of bonds issued under the 1995 Bond Resolution.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the official seal of the Authority as of the 20th day of December, 2007.

_____
Secretary
Puerto Rico Public Buildings Authority

(SEAL)

PUERTO RICO PUBLIC BUILDINGS AUTHORITY

---

Resolution No. 468

Adopted June 22, 1995

---

Authorizing and Securing

GOVERNMENT FACILITIES REVENUE BONDS
GUARANTEED BY THE COMMONWEALTH OF PUERTO RICO

NY1 5038675v1

# TABLE OF CONTENTS

PREAMBLE

Act. No. 56 .................................................................................................................1

Powers of Authority .....................................................................................................1

Resolution No. 77 ........................................................................................................2

Resolution No. 77 not exclusive .................................................................................2

Resolution No. 158 ......................................................................................................2

Resolution No. 158 not exclusive ...............................................................................2

Good faith and credit of Commonwealth pledged to payment of rentals ...............2

Act No. 17 ....................................................................................................................3

## ARTICLE I

### DEFINITIONS

Section 101.   Meanings of Words and Terms ....................................................... 3

Section 102.   Gender ............................................................................................ 10

## ARTICLE II

### AUTHORIZATION, FORM. ISSUANCE, DELIVERY AND REGISTRATION OF BONDS

Section 201.   Limitation on Issuance of Bonds ................................................. 11

Section 202.   Certain Details of Bonds .............................................................. 11

Section 203.   Execution of Bonds ...................................................................... 12

Section 204.   Form of Bonds .............................................................................. 12

Section 205.   Exchanges and Registration of Transfers of Bonds .................... 17

Section 206.   Persons Declared Owners ............................................................. 18

Section 207.   Initial Issue of Government Facilities Revenue Bonds, Series A ............. 18

Section 208.   Issuance of Additional Bonds for Initial Facilities and Bonds for
               Additional Facilities Improvements and Uncompleted Facilities ............ 21

Section 209.   Issuance of Refunding Bonds ....................................................... 23

Section 210.   Temporary Bonds .......................................................................... 28

Section 211.   Mutilated, Destroyed, or Lost Bonds ........................................... 28

## ARTICLE III

### REDEMPTION OF BONDS

Section 301.   Redemption of Bonds ................................................................... 29

Section 302.   Redemption Notice ....................................................................... 29

Section 303.   Effect of Calling for Redemption ................................................. 29

Section 304.   Cancellation of Bonds Redeemed ................................................ 30

Section 305.   Bonds Redeemed in Part .............................................................. 30

NYI 5038675v1

# ARTICLE IV

## CONSTRUCTION FUND

Section 401.   Construction Fund.................................................................................. 30
Section 402.   Payments from Construction Fund ........................................................ 31
Section 403.   Items of Cost ......................................................................................... 31
Section 404.   Conditions of Payments from Construction Fund .................................. 32

# ARTICLE V

## REVENUES AND FUNDS

Section 501.   Reserved.................................................................................................. 32
Section 502.   Sinking Fund .......................................................................................... 32
Section 503.   Application of Moneys in Bond Service Account.................................... 33
Section 504.   Application of Moneys in Redemption Account ...................................... 33
Section 505.   Reserved.................................................................................................. 34
Section 506.   Pledge of Moneys in Bond Service Account and Redemption
               Account.................................................................................................. 34
Section 507.   Moneys Set Aside for Principal and Interest Held in Trust..................... 35
Section 508.   Cancellation of Bonds and Coupons upon Payment................................ 35

# ARTICLE VI

## DEPOSITARIES OF MONEYS, SECURITY FOR DEPOSITS AND INVESTMENT OF FUNDS

Section 601.   Security for Deposits............................................................................... 35
Section 602.   Investment of Moneys............................................................................. 36

# ARTICLE VII

## PARTICULAR COVENANTS AND PROVISIONS

Section 701.   Covenant to Require Lessees to Pay Sufficient Rentals ........................... 36
Section 702.   Covenant as to No Adverse Amendments of Lease Agreements ............. 37
Section 703.   Covenant as to Prompt Payment.............................................................. 37
Section 704.   Construction and Maintenance of Authority Facilities............................ 37
Section 705.   Covenant Against Creation of Lien or Charge ........................................ 38
Section 706.   Insurance of Authority Facilities ............................................................ 38
Section 707.   Covenant as to Ownership of Land.......................................................... 39
Section 708.   Restrictions on Transfer of Authority Facilities ..................................... 39
Section 709.   Lease Agreements to Provide that Obligation of Lessee to Pay
               Rentals is Absolute and Unconditional.................................................... 40
Section 710.   Lease Agreements to Contain Covenant Against Assignment and
               Restrictions on Subleasing...................................................................... 40

(ii)

Section 711.   Covenant as to Use of Debt Service Rentals and Insurance
               Proceeds ........................................................................................ 41
Section 712.   Accurate Records and Accounts ................................................. 41

# ARTICLE VIII

## CONCERNING THE FISCAL AGENT

Section 801.   Appointment of Fiscal Agent; Acceptance of Duties ................................ 42
Section 802.   Limitations on Responsibilities of Fiscal Agent........................................ 42
Section 803.   Fiscal Accent Not Liable for Failure of Authority to Act......................... 43
Section 804.   Notice of Default to Secretary of Treasury................................................ 43
Section 805.   Semi-Annual Statements from Fiscal Agent.............................................. 43
Section 806.   Fiscal Agent Protected in Relying on Certain Documents ....................... 44
Section 807.   Qualification of Fiscal Agent..................................................................... 44
Section 808.   Resignation or Removal of Fiscal Agent; Appointment of
               Successor Fiscal Agent ............................................................................. 44
Section 809.   Vesting of Rights in Successor Fiscal Agent............................................. 45
Section 810.   Fiscal Agent Protected in Relying on Certificates of Executive
               Director ...................................................................................................... 46
Section 811.   Fiscal Agent Protected in Relying on Written Advice of Counsel ........... 46
Section 812.   Fiscal Agent Need Not Investigate ........................................................... 46
Section 813.   Agents or Attorneys of Fiscal Agent ........................................................ 46
Section 814.   Fiscal Agent May Hold Bonds................................................................... 46
Section 815.   Compensation and Reimbursement ........................................................... 46

# ARTICLE IX

## SUPPLEMENTAL RESOLUTIONS

Section 901.   Supplemental Resolutions Without Consent of Bondholders.................... 47
Section 902.   Supplemental Resolutions with Consent of Bondholders......................... 47
Section 903.   Supplemental Resolution Thereafter Part of Resolution .......................... 49
Section 904.   Consent of Fiscal Accent to Certain Supplemental Resolutions .............. 49

# ARTICLE X

## DEFEASANCE

Section 1001. Defeasance ................................................................................................ 49

# ARTICLE XI

## MISCELLANEOUS PROVISIONS

Section 1101. Authority May Finance Facilities by Obligations Not Secured by
               Resolution .................................................................................................. 51
Section 1102. Successorship of Authority........................................................................ 51

(iii)

NY1 5038675v1

Section 1103.  Manner of Giving Notice ................................................................... 51
Section 1104.  Authority, Fiscal Agent, Paying Agents, Bond Registrar and
               Bondholders Alone Have Rights Under Resolution ................................. 51
Section 1105.  Effect of Partial Invalidity ............................................................... 52
Section 1106.  Effect of Covenants ......................................................................... 52
Section 1107.  Duties of Officers and Agents of Authority ........................................ 52
Section 1108.  Repeal of Inconsistent Resolutions .................................................. 52
Section 1109.  Determining Redemption Price, etc. of Capital Appreciation and
               Capital Appreciation and Income Bonds ............................................... 52
Section 1110.  Execution of Instruments by Bondholders and Proof of Ownership
               of Bonds ................................................................................................ 53
Section 1111.  Effectiveness of Resolution .............................................................. 53

(iv)

## RESOLUTION NO. 468

### A RESOLUTION AUTHORIZING THE ISSUANCE OF
### GOVERNMENT FACILITIES REVENUE BONDS
### OF PUERTO RICO PUBLIC BUILDINGS AUTHORITY

WHEREAS, Act No. 56 of the Legislature of Puerto Rico, approved June 19, 1958, as amended (hereinafter sometimes called the "Enabling Act"), created Public Buildings Authority (hereinafter sometimes called the "Authority") as a body corporate and politic constituting an instrumentality of the Commonwealth of Puerto Rico (hereinafter sometimes called the "Commonwealth") exercising public and essential governmental functions; and

WHEREAS, by virtue of the Enabling Act the Authority has, among others, the duties and powers

(i)　　to make or cause to be prepared plans and designs of buildings for schools, health and social welfare facilities, offices, quarters, courts, warehouses, shops and any other physical facilities related to governmental services in those localities and in such manner as the Authority may deem necessary and desirable so as to provide facilities for schools, health and social welfare facilities, offices, quarters, courts, warehouses, shops and other physical facilities of the Commonwealth, any department, agency, instrumentality or municipality, and to acquire, lease, construct, equip, repair, finance and operate such facilities, and to lease or otherwise contract with the Commonwealth or any department, agency, instrumentality or municipality thereof for the use of space in such facilities,

(ii)　　to have perpetual existence as a corporation,

(iii)　　to sue and be sued, complain and defend in all courts of justice and administrative bodies,

(iv)　　to make contracts and to execute all instruments necessary or convenient for the exercise of any of its powers,

(v)　　to acquire any kind of property and rights therein in any lawful manner, including, without limitation, the acquisition by purchase, either by agreement or through the exercise of the power of eminent domain, lease, bequest, legacy or gift, and to possess, keep, lease, use and operate any undertaking or parts thereof,

(vi)　　to prepare, or cause to be prepared, plans, projects and cost estimates for the construction, reconstruction, extension, improvements, enlargement or repair of any property or undertaking, or any part or parts thereof, and from time to time to modify such plans, projects and estimates,

(vii)　　to acquire, to hold and possess and use at any time, as stated in paragraph (v) above, any real or personal or mixed property, whether corporeal or incorporeal or any interest therein, considered necessary or convenient to carry out the purposes of the

Authority, and to assign or lease the same in whole or in part, as lessor, or to exchange any property thus acquired or any interest therein,

(viii) to borrow money, make and issue bonds of the Authority for any of its corporate purposes, and to secure payment of its bonds and of any and all other obligations by pledge on all or any of its properties, revenues and incomes,

(ix) to make and issue bonds for the purpose of funding, refunding, purchasing, paying, or discharging any of its outstanding subrogated or issued bonds or obligations; or any bonds or obligations the principal and interest of which are payable in whole or in part from its revenues,

(x) to contract with any Commonwealth department, agency or official, or with any private person or entity with regard to the administration of any properties or facilities of the Authority, and in accordance with such terms and conditions as it may deem convenient, and

(xi) to do all acts and perform all covenants, agreements, contracts or transactions necessary or convenient to carry out the powers granted to it by the Enabling Act or by any other act of the Legislature of Puerto Rico, or by an act of the Congress of the United States; and

WHEREAS, on November 16, 1970 the Authority adopted Resolution No. 77 authorizing the issuance of revenue bonds for the purpose of providing funds for paying the cost of office buildings, quarters, courts, warehouses, shops and related facilities for lease to departments, agencies, instrumentalities or municipalities of the Commonwealth; and

WHEREAS, said Resolution No. 77 states that nothing contained therein express or implied shall be construed as preventing the Authority from financing any facilities authorized by the Enabling Act by the issuance of bonds or other obligations which are not secured under the provisions of said Resolution No. 77; and

WHEREAS, on February 14, 1978 the Authority adopted Resolution No. 158 authorizing issuance of bonds for the purpose of providing funds for paying the cost of school and related facilities for lease to the Department of Education of the Commonwealth (the "Department of Education") and of health and related facilities for lease to the Department of Health of the Commonwealth (the "Department of Health"); and

WHEREAS, said Resolution No. 158 states that nothing contained therein express or implied shall be construed as preventing the Authority from financing any facilities by the issuance of bonds or other obligations which are not secured under the provisions of said Resolution No. 158; and

WHEREAS, the Enabling Act provides that the good faith and credit of the Commonwealth of Puerto Rico are pledged for the payment of the rentals under any lease agreement executed pursuant to said Act with any department of the Commonwealth and for the making of advances to the Authority of any unpaid portion of rentals payable to the Authority by any agency or instrumentality of the Commonwealth under any such lease agreement; and

2

WHEREAS, by Act No. 17, approved April 11, 1968, as amended, the Legislature of Puerto Rico provided for the guaranty by the Commonwealth of Puerto Rico of the payment of the principal of and the interest on not exceeding $1,500,000,000 aggregate principal amount of bonds issued by the Authority for any of its authorized purposes to the extent that the revenues and other moneys of the Authority pledged to the payment of such principal and interest are not sufficient for the payment of such principal and interest when they fall due, the bonds covered by such guaranty to be those specified by the Authority and containing a statement of such guaranty; now, therefore,

BE IT RESOLVED by Puerto Rico Public Buildings Authority:

## ARTICLE I

## DEFINITIONS

Section 101.   Meanings of Words and Terms.   In addition to words and terms elsewhere defined in this Resolution, the following words and terms as used in this Resolution shall have the following meanings, unless some other meaning is plainly intended:

The term "Accreted Value" shall mean, with respect to any Capital Appreciation Bond or Capital Appreciation and Income Bond, an amount equal to the principal amount of such bond on the date of original issuance plus the interest accrued on such bond from the date of original issuance to the date of computation or the Interest Commencement Date, as the case may be, compounded on the dates and at the rate provided for in the resolution authorizing the issuance of such bond.

The term "Additional Facilities" shall mean any government facilities (including, but not limited to, fixed and moveable equipment and furnishings), other than the Initial Facilities, financed by the Authority under the provisions of this Resolution.

The term "Amortization Requirements" with respect to the term bonds issued under the provisions of Sections 207, 208 and 209 of this Resolution, shall mean the respective amounts which are required in each fiscal year to provide for retirement by purchase or redemption from time to time under the provisions of this Resolution of all of such bonds by their stated maturity as fixed in the resolution providing for the issuance of such bonds.

The term "Appreciated Value" shall mean, with respect to any capital Appreciation and Income Bond, (i) to and including the Interest Commencement Date, the Accreted Value and (ii) after the Interest Commencement Date, the Accreted Value on the Interest Commencement Date.

The term "Authority Facilities" shall mean the Initial Facilities and any Additional Facilities and Improvements and any Refinanced Authority Facilities.

The word "bonds" shall mean the bonds issued by the Authority, under the provisions of this Resolution.

3

NY1 5038675v1

The term "Capital Appreciation Bonds" shall mean any bonds as to which interest is compounded periodically on the dates designated in the resolution authorizing said bonds and payable in an amount equal to the then current Accreted Value only at the maturity, earlier redemption or other payment date therefor, all as so designated in such resolution, and which may be either serial bonds or term bonds.

The term "Capital Appreciation and Income Bonds" shall mean any bonds the interest on which is not paid prior to the Interest Commencement Date specified in the resolution authorizing such bonds and is compounded periodically on the dates designated in such resolution prior to such Interest Commencement Date, and which may be either serial bonds or term bonds.

The word "Comptroller" shall mean the Comptroller of the Authority for the time being, or if there is no Comptroller, then the Treasurer of the Authority for the time being, or if there is no Comptroller or Treasurer, then any person designated by the Authority to perform the functions of the Comptroller.

The term "Construction Fund" shall mean the special fund created under Section 401 of this Resolution.

The term "corporate trust office" shall mean the principal office of the Fiscal Agent in the City and State of New York, at which, at any particular time, its corporate trust business shall be administered, except that with respect to presentation of bonds for payment or for registration of transfer and exchange, and the location of the bond registration books, such term shall mean the office or agency of the Fiscal Agent in said City at which, at any particular time, its corporate agency business shall be conducted.

The word "cost" or "costs", as applied to the Authority Facilities, shall embrace, without intending thereby to limit or restrict any proper definition of such word, the cost of acquisition or construction and all obligations and expenses and all items of cost which are referred to in Section 403 of this Resolution.

The term "crossover refunding bonds" shall mean refunding bonds issued under the provisions of Section 209 hereof which are payable until a date designated in the resolution authorizing their issuance from the investment of the proceeds thereof and payable after such date on a parity with the bonds from moneys in the Sinking Fund and any other available moneys.

The term "Debt Service Rentals" shall mean the rentals required to be paid by the lessees of the government facilities under Lease Agreements on account of the principal of (including the Amortization Requirements for term bonds and the premiums, if any, for the redemption of bonds) and interest on all bonds.

The term "Executive Director" shall mean the Executive Director or the Deputy Executive Director of the Authority for the time being) or if there is no Executive Director or Deputy Executive Director, then any person designated by the Authority to perform the functions of the Executive Director.

4

The term "Fiscal Agent" shall mean the Fiscal Agent for the time being, whether original or successor, appointed under Article VIII of this Resolution.

The term "fiscal year" shall mean the period commencing on the first day of July of any year and ending on the last day of June of the following year.

The term "government facilities" shall mean any offices, quarters, courts, warehouses, shops and any other physical facilities related to governmental services, buildings for schools, health facilities and such other facilities as the Authority may hereafter be authorized to design, acquire, lease, construct, equip, repair, finance and operate under the Enabling Act as it may hereafter be amended.

The term "Government Obligations" shall mean (i) direct obligations of, or obligations the principal of and the interest on which are unconditionally guaranteed by, the United States Government, (ii) obligations (including participation certificates) issued or guaranteed by an agency of the United States of America or person controlled or supervised by and acting as an instrumentality of the United States of America pursuant to authority granted by the Congress, including but not limited to those of the Federal Home Loan Mortgage Corporation, Federal Home Loan Banks, the Farm Credit System, Federal National Mortgage Association and the Student Loan Marketing Association, (iii) municipal obligations, the payment of the principal of and interest and redemption premium, if any, on which are irrevocably secured by obligations described in clause (i) or (ii) above or (iv) below and which obligations are not subject to redemption prior to the date on which the principal of the obligations is to be used and have been deposited in an escrow account which is irrevocably pledged to the payment of the principal of and interest and redemption premium, if any, on such municipal obligations and which municipal obligations are rated in the highest category (without regard to any gradations within such category) by both Moody's Investors Service, Inc. or any successors thereto and Standard & Poor's Rating Group or any successors thereto, and (iv) evidences of ownership of proportionate interests in future interest or principal payments on obligations specified in clauses (i), (ii) and (iii) of this definition held by a national banking association or bank (including the Fiscal Agent) or a trust company as custodian, under which the owner of said interests is the real party in interest and has the right to proceed directly and individually against the obligor on the underlying obligations described above, and which underlying obligations are not available to satisfy any claim of the custodian or any person claiming through the custodian or to whom the custodian may be obligated.

The term "health facilities" shall mean the facilities included in the definition of that term as contained in Act No. 101 of the Legislature of Puerto Rico, approved June 26, 1965, as amended, and related facilities.

The word "Improvements" shall mean any extension, enlargement or improvement of any of the Authority Facilities (including, but not limited to, fixed and moveable equipment and furnishings) financed under the provisions of this Resolution.

The term "Initial Facilities" shall mean the government facilities designated as the Initial Facilities (including, but not limited to, fixed and moveable equipment and furnishings) in

NY1 5038675v1

a resolution of the Authority adopted prior to the issuance of the bonds under the provisions of Section 207 of this Resolution.

The term "Interest Commencement Date" shall mean, with respect to any particular Capital Appreciation and Income Bonds, the date specified in the resolution providing for the issuance of such bonds, after which interest accruing on such bonds shall be payable on a periodic basis prior to maturity, with the first such payment date being the interest payment date immediately succeeding such Interest Commencement Date.

The term "Investment Obligations" shall mean

    (i)    Government Obligations,

    (ii)    obligations of any state or territory of the United States of America which are rated, on the date of investment therein, in one of the three highest rating categories (without regard to any gradations within such categories) by both Moody's Investors Service, Inc. or any successors thereto and Standard & Poor's Ratings Group or any successors thereto,

    (iii)    bankers' acceptances, certificates of deposit or time deposits of any bank or national banking association (including the Fiscal Agent), any trust company or any savings and loan association (including any investment in pools of such bankers' acceptances, certificates of deposit or time deposits), which to the extent that such obligations are not insured by the Federal Deposit Insurance Corporation, are either (A) issued by a bank, national banking association, trust company or savings and loan association having a combined capital and surplus aggregating at least $50,000,000 or (B) collateralized at all times by such securities as are described in clauses (i) or (ii) above, having a market value at least equal to the principal amount of such bankers' acceptances, certificates of deposit or time deposits (or portion thereof not so insured); provided that the Fiscal Agent has a perfected first security interest in the collateral and that such collateral is held free and clear of claims by third parties,

    (iv)    any repurchase, reverse repurchase or investment agreement with any bank or trust company organized under the laws of any state of the United States or the Commonwealth of Puerto Rico or any national banking association (including the Fiscal Agent), insurance company, or government bond dealer reporting to, trading with, and recognized as a primary dealer by the Federal Reserve Bank of New York and a member of the Security Investors Protection Corporation, which agreement is secured by any one or more of the securities described in clauses (i) or (ii) above, in which securities the Fiscal Agent has a perfected first security interest and that such securities are held free and clear of claims by third parties, or, if not so secured, meets the rating requirements set forth in clause (vii) below.

    (v)    participating shares in a mutual fund or investment pool for local government investment; provided that the investments of such mutual fund or

6

investment pool are rated in one of the three highest rating categories (without regard to any gradations within such categories) by both Moody's Investors Service, Inc. or any successors thereto, and Standard & Poor's Ratings Group or any successors thereto,

(vi)     shares of stock in a corporation rated in the highest rating category by Moody's Investors Service, Inc. or any successors thereto and Standard & Poor's Ratings Group or any successors thereto (without regard to any gradations within such category) and (a) is a regulated investment company within the meaning of Section 851(a) of the Internal Revenue Code of 1986, as amended, and meets the requirements of Section 852 (a) of said Code for the calendar year; (b) invests all of its assets in Government Obligations or in Investment Obligations described in clause (ii) above; and (c) has at least 98% of (I) its gross income derived from interest on, or gain from the sale of or other disposition of, such obligations or (II) the weighted average of its assets is represented by investments in such obligations or (2) money market accounts of the Fiscal Agent or any state or federally chartered bank, banking association, trust company or subsidiary trust company that is rated or whose parent state bank is rated in the highest short-term rating category or in one of the two highest long-term rating categories by Moody's Investors Service, Inc. or any successors thereto and Standard & Poor's Ratings Group or any successors thereto (without regard to any gradations within such category), and

(vii)     any other investment obligations which are rated, which are issued by issuers which are rated, or which are backed by letters of credit or lines of credit the provider of which is rated, on the date of investment therein, in one of the three highest rating categories (without regard to any gradations within such categories) by both Moody's Investors Service, Inc. or any successors thereto and Standard & Poor's Ratings Group or any successors thereto, or which are collateralized by Investment Obligations.

The term "Lease Agreements" shall mean the lease agreements entered into by the Authority with the lessees for the rental of Authority Facilities.

The word "lessee" shall mean the lessee of any Authority Facility.

The term "outstanding debt of the Authority" shall mean the obligations of the Authority at the time outstanding under Resolution No. 77, adopted by the Authority on November 16, 1970, as amended, or under Resolution No. 158, adopted by the Authority on February 14, 1978, as amended.

The term "predecessor bonds" of any particular bond shall mean every previous bond evidencing all or a portion of the same debt as that evidenced by such particular bond; and, for purposes of this definition, any bond authenticated and delivered under Section 213 of this Resolution in lieu of a lost, destroyed or mutilated bond shall be deemed to evidence the same debt as the lost, destroyed or mutilated bond.

7

The term "Principal and Interest Requirements" for any fiscal year, as applied to the bonds of any series under this Resolution, shall mean the sum of:

(a)    the amount required to pay the interest on all outstanding bonds of such series which is payable after July 31 of such fiscal year and on or before July 31 in the following fiscal year;

(b)    the amount required to pay the principal of all outstanding serial bonds of such series which is payable after July 31 in such fiscal year and on or before July 31 in the following fiscal year; and

(c)    the Amortization Requirement for the term bonds of such series for such fiscal year.

The following rules shall apply in determining the amount of the Principal and Interest Requirements for any period:

(i)    in the case of Capital Appreciation Bonds, the Accreted Value becoming due at maturity or by virtue of an Amortization Requirement shall be included when due and payable as part of the principal or Amortization Requirements in accordance with the above provisions;

(ii)    in the case of Capital Appreciation and Income Bonds, the Appreciated Value becoming due at maturity or by virtue of an Amortization Requirement shall be included when due and payable as part of the principal or Amortization Requirements in accordance with the above provisions;

(iii)    the interest rate on bonds issued with a variable, adjustable, convertible or similar rate of interest shall be the average rate of interest on such bonds for the preceding twelve months or such shorter period that such bonds shall have been outstanding, or if such bonds had not been outstanding prior to the date of calculation, the rate of interest on such bonds on the date of calculation;

(iv)    in the case of the bonds which by their terms may be tendered at the option of the holder thereof for payment prior to maturity, the tender date or dates shall be ignored if the tender price for such bonds is payable from a letter of credit or insurance policy or similar credit or liquidity facility and the stated dates for Amortization Requirements and principal payments shall be used; provided, however, that if on the date of calculation the issuer of the letter of credit or insurance policy or similar credit or liquidity facility has advanced funds thereunder and such amount has not been repaid, Principal and Interest Requirements shall include the repayment obligations thereof in accordance with the principal repayment schedule and interest rate or rates specified in (or specified in the agreement authorizing the issuance of) the letter of credit or insurance policy or similar credit or liquidity facility;

(v)    in the case of bonds the maturity of which may be extended by and at the option of the holder thereof or the Authority, the bonds shall be deemed to mature on the

8

later of the stated maturity date and the date to which such stated maturity date has been extended; and

(vi)     in the case of bonds (A) which are expected to be repaid from the proceeds of bonds or other indebtedness or (B) on which interest is payable periodically and for which twenty-five percent (25%) or more of the principal amount matures during any one year and for which no Amortization Requirements have been established, the debt service requirements of the bonds may be excluded and in lieu thereof the bonds shall be treated, for purposes of the computation of Principal and Interest Requirements, as debt securities having a comparable federal tax status as such bonds, maturing in substantially equal annual payments of principal and interest over a period of not more than thirty (30) years from the date of issuance thereof, bearing interest at a fixed rate per annum equal to the average interest rate per annum for such debt securities issued on the date of issuance of the bonds and issued by issuers having a credit rating, by Moody's Investors Service, Inc. or any successors thereto or Standard & Poor's Ratings Group or any successors thereto, comparable to that of the Authority, as shown by a certificate of an underwriting or investment banking firm experienced in marketing such securities.

Notwithstanding the foregoing, if the Authority has notified the Fiscal Agent that a SWAP agreement is in effect in respect of such bonds, then for all purposes of the above paragraphs, except for the purpose determining the required deposits to the Sinking Fund pursuant to Section 502 hereof, the interest rate on such bonds shall be the SWAP rate under such SWAP agreement; and if such SWAP rate is a variable rate, the interest rate on such bonds (except for the purpose specified above in this sentence) shall be the average SWAP rate for the preceding twelve months or such shorter period that the SWAP agreement has been in effect, or if such SWAP agreement had not been in effect prior to the date of calculation, the SWAP rate on the date of calculation.

The term "Record Date" shall mean the 15th day of the calendar month next preceding an interest payment date or such other date as may be designated for any bonds in a resolution adopted by the Authority prior to the issuance of such bonds.

The term "Refinanced Authority Facilities" shall mean any Authority Facilities as defined in Resolution No. 77 of the Authority, adopted November 16, 1970, as amended, or in Resolution No. 158 of the Authority, adopted February 14, 1978, as amended, all or a portion of the cost of which has been refinanced by the issuance of bonds under Section 209 of this Resolution.

The term "this Resolution" shall mean this Resolution No. 468, passed and adopted on June 22, 1995, together with all resolutions supplemental hereto duly passed and adopted as herein permitted.

The term "Responsible Officer" or "Responsible Officers", when used with respect to the Fiscal Agent, shall mean the chairman of the board of directors, any vice chairman of the board of directors, the chairman of the executive committee, the vice chairman of the executive committee, the president, any vice president, the secretary, the treasurer, any trust officer, any assistant vice president, any assistant secretary, any assistant treasurer, any assistant

trust officer, or any other officer or assistant officer of the Fiscal Agent customarily performing functions similar to those performed by the persons who at the time shall be such officers, respectively, or to whom any corporate trust matter is referred because of his knowledge of and familiarity with the particular subject.

The word "Secretary" shall mean the Secretary or any Assistant Secretary of the Authority or any lessee for the time being, or if there is no Secretary or Assistant Secretary, then any person designated by the Authority or any lessee to perform the functions of the Secretary.

The term "serial bonds" shall mean the bonds of a series designated as serial bonds in the resolution authorizing such bonds.

The term "Sinking Fund" shall mean the special fund created under Section 502 of this Resolution, and the terms "Bond Service Account", "Redemption Account" and "Reserve Account" shall mean the respective separate accounts created in the Sinking Fund pursuant to said Section 502.

The term "SWAP agreement" shall mean an agreement between the Authority and a SWAP party whereby the SWAP party agrees to pay to the Authority amounts calculated on the basis of all or a portion of the interest on bonds issued hereunder with a variable, adjustable, convertible or similar rate of interest at or prior to the times such interest is due and payable in consideration of the Authority's payment to the SWAP party of amounts set forth in the SWAP agreement.

The term "SWAP Party" shall mean a person who is party to a SWAP agreement and whose senior obligations are rated at the time of the execution and delivery of such SWAP agreement in one of the three highest rating categories (without regard to any gradations within such categories) by (i) Standard & Poor's Ratings Group or any successors thereto and (ii) Moody's Investors Service, Inc. or any successors thereto.

The term "SWAP rate" shall mean the fixed or variable rate per annum applicable to a stated principal amount of bonds issued hereunder after giving effect to the fixed or variable rate of interest covered by the SWAP agreement to which such SWAP rate relates.

The term "term bonds" shall mean the bonds of a series designated term bonds by the resolution authorizing such bonds.

Section 102. Gender. Words of the masculine gender shall be deemed and construed to include correlative words of the feminine and neuter genders. Unless the context shall otherwise indicate, the words "bond", "owner", "holder" and "person" shall include the plural as well as the singular number, the word "person" shall include any individual, firm, corporation, partnership, joint venture, association, joint-stock company, trust, unincorporated organization or government or any agency or political subdivision thereof, and the word "holder" or "bondholder" when used herein with respect to bonds issued hereunder shall mean the registered owner of bonds at the time issued and outstanding hereunder.

10

## ARTICLE II

## AUTHORIZATION, FORM. ISSUANCE, DELIVERY AND REGISTRATION OF BONDS

Section 201.   Limitation on Issuance of Bonds.  No bonds may be issued under the provisions of this Resolution except in accordance with the provisions of this Article. All the covenants, agreements and provisions of this Resolution shall be for the benefit and security of all and singular the present and future holders of the bonds so issued, without preference, priority or distinction as to lien or otherwise, except as otherwise hereinafter provided, of any one bond over any other bond by reason of priority in the issue, sale or negotiation thereof or otherwise.

Section 202.   Certain Details of Bonds.   The definitive bonds of each series issued under the provisions of this Resolution shall be issuable as registered bonds without coupons, shall be in such denominations, shall be numbered, shall be dated, shall be stated to mature, shall bear interest, if any, payable on such date or dates, and shall be made subject to the right of prior redemption, all as provided in the resolution or resolutions authorizing the issuance of such series of bonds; except that (i) Capital Appreciation Bonds shall bear interest as described under the defined term Accreted Value, payable only at maturity or upon redemption, and (ii) Capital Appreciation and Income Bonds, prior to the Interest Commencement Date, shall bear interest as described under the defined term Appreciated Value, payable only on the interest payment date immediately following the Interest Commencement Date and each interest payment date thereafter and at maturity or earlier redemption thereof. The maturities of the serial bonds and the maturity or maturities and Amortization Requirements of the term bonds of each series shall be fixed by the Authority in conformity with the provisions for the payment of rentals under the Lease Agreement or Lease Agreements covering the Authority Facilities to be financed or refinanced by the bonds of such series so as to assure that the principal of and interest on the bonds of such series, as the same become due, can be paid from the required rental payments under such Lease Agreements.

Each bond shall bear interest from the interest payment date next preceding the date on which it is authenticated, unless authenticated on an interest payment date, in which case it shall bear interest from such interest payment date, or unless authenticated prior to the first interest payment date, in which case it shall bear interest from its date; provided, however, that if at the time of authentication of any bond interest is in default, such bond shall bear interest from the date to which interest shall have been paid.

The principal of and the redemption premium, if any, and the interest on the bonds shall be payable in any coin or currency of the United States of America which, at the respective dates of payment thereof, is legal tender for the payment of public and private debts (or such other coin or currency as provided for in the resolution authorizing the issuance of the particular Series of bonds). Payment of interest on any interest payment date shall be made to the person whose name appears on the bond registration books of the Authority hereinafter provided for as the registered owner thereof (or of one or more predecessor bonds) on the Record Date, such interest to be paid by check mailed to such registered owner at his address as it appears on such registration books or by wire transfer, if so provided in the resolution authorizing such

11

bonds. The principal of any bond shall be payable upon presentation and surrender thereof at the principal corporate trust office of the Fiscal Agent.

Section 203.    Execution of Bonds.    The bonds shall bear the facsimile signatures of the Executive Director and the Secretary of the Authority, and a facsimile of the official seal of the Authority shall be imprinted on all the bonds. In case any officer a facsimile of whose signature shall appear on any bonds shall cease to be such officer before the delivery of such bonds, such facsimile shall nevertheless be valid and sufficient for all purposes the same as if he had remained in office until such delivery, and also any bond may bear the facsimile signature of such persons as at the actual time of the execution of such bond shall be the proper officers to sign such bond although at the date of such bond such persons may not have been such officers.

Only such of the bonds as shall have endorsed thereon a certificate of authentication substantially in the form hereinbelow set forth, duly executed by the Fiscal Agent, shall be entitled to any benefit or security under this Resolution. No bond shall be valid or become obligatory for any purpose unless and until such certificate of authentication shall have been duly executed by the Fiscal Agent, and such certificate of the Fiscal Agent upon any such bond shall be conclusive evidence that such bond has been duly authenticated and delivered under this Resolution. The Fiscal Agent's certificate of authentication on any bond shall be deemed to have been duly executed if signed by an authorized officer of the Fiscal Agent, but it shall not be necessary that the same officer sign the certificate of authentication on all of the bonds that may be issued hereunder at any one time.

Section 204.    Form of Bonds.    The bonds and the certificate of authentication to be endorsed thereon shall be substantially in the following forms, with such variations, omissions and insertions as are required or permitted by this Resolution:

12

**[FORM OF BONDS]**

No. R-_____                                                              $ _____

## UNITED STATES OF AMERICA
## COMMONWEALTH OF PUERTO RICO

### PUBLIC BUILDINGS AUTHORITY

### GOVERNMENT FACILITIES REVENUE BOND,
### SERIES _____

#### GUARANTEED BY THE COMMONWEALTH OF PUERTO RICO

| Interest Rate | Maturity Date | CUSIP No. |

Registered Owner:

Principal Amount:        _____ Dollars

      Public Buildings Authority (herein sometimes called the "Authority"), a body corporate and politic constituting an instrumentality of the Commonwealth of Puerto Rico, for value received, hereby promises to pay, solely from the special fund provided therefor as hereinafter set forth, to the Registered Owner mentioned above, or registered assigns or legal representative, on the Maturity Date set forth above (or earlier as hereinafter referred to), upon the presentation and surrender hereof at the principal corporate trust office of State Street Bank and Trust Company, N.A., Fiscal Agent, in the City and State of New York, the Principal Amount set forth above and premium, if any, in any coin or currency of the United States of America which, at the date of payment thereof, is legal tender for the payment of public and private debts, and to pay, solely from said special fund, to the person in whose name this bond (or one or more predecessor bonds, as defined in the Resolution hereinafter mentioned) is registered at the close of business on the June 15 or December 15 next preceding an interest payment date, by check mailed to such person at his address as it appears on the registration books of the Authority, interest on said Principal Amount from the date hereof or from the January 1 or July 1 next preceding the date of authentication hereof to which interest shall have been paid, unless such date of authentication is a January 1 or July 1 to which interest shall have been paid, in which case from such date, semiannually on January 1 and July 1 in each year, commencing _____ 1, _____, in like coin or currency at the Interest Rate per annum set forth above until payment of said Principal Amount.

      This bond is one of a duly authorized series of bonds of the Authority designated "Public Buildings Authority Government Facilities Revenue Bonds, Series _____, Guaranteed by the Commonwealth of Puerto Rico", issued under and pursuant to Resolution No. 468, duly adopted by the Authority on June 22, 1995 (said Resolution No. 468, as the same may be supplemented as therein permitted, being herein called the "Resolution"), to which Resolution reference is hereby made for the provisions, among others, with respect to the custody and

13

application of the proceeds of bonds issued under the Resolution, the creation and disposition of revenues, the fund charged with and pledged to the payment of the interest on and the principal of such bonds, the nature and extent of the security, the terms and conditions on which bonds of each series are or may be issued thereunder, the rights, duties and obligations of the Authority and of the Fiscal Agent under the Resolution and the rights of the holders of the bonds, and, by the acceptance of this bond, the holder hereof assents to all of the provisions of the Resolution.

      The bonds of this series aggregate _____ Dollars ($_____) in principal amount and consist of $_____, bonds maturing in annual installments on July 1 in each of the years _____ to _____, inclusive (herein called the "serial bonds"), and $_____ bonds maturing on July 1, (herein called the "term bonds"), [all of like date] and are issued for the purpose of providing funds for [here insert purpose]. The Resolution provides for the issuance, from time to time, under the conditions, limitations and restrictions therein set forth, of additional bonds to provide funds for paying the cost of acquiring or constructing government facilities and improvements of government facilities and refunding any bonds issued by the Authority under the provisions of the Resolution, Resolution No. 77, adopted by the Authority on November 16, 1970, as amended, and Resolution No. 158, adopted by the Authority on February 14, 1978, as amended.

      This bond is issued and the Resolution was adopted under and pursuant to the Puerto Rican Federal Relations Act and the Constitution and laws of the Commonwealth of Puerto Rico, particularly Act No. 56 of the Legislature of Puerto Rico, approved June 19, 1958, as amended, and under and pursuant to resolutions duly adopted by the Authority. The Resolution provides for the creation of a special fund designated "Puerto Rico Public Buildings Authority Government Facilities Revenue Bonds Sinking Fund" (hereinafter called the "Sinking Fund"), which special fund is pledged to and charged with the payment of the principal of and the redemption premium, if any, and the interest on all bonds issued under the provisions of the Resolution, and also provides for the deposit to the credit of said special fund of a sufficient amount of the rentals received by the Authority from the leasing of government facilities financed or refinanced by the Authority under the provisions of the Resolution to pay such principal, redemption premium and interest as the same shall become due. Said Act No. 56, as amended, provides that the good faith and credit of the "Commonwealth of Puerto Rico are pledged for the payment of the rentals under any lease agreement executed pursuant to said Act with any department of the Commonwealth and to the making of advances to the Authority of any unpaid portion of rentals payable to the Authority by any agency or instrumentality of the Commonwealth under such lease agreement.

      The bonds of the series of which this is one have been specified by the Authority to be covered by the guaranty of the Commonwealth of Puerto Rico under Act No. 17 of the Legislature of Puerto Rico, approved April 11, 1968, as amended, and the Commonwealth of Puerto Rico is accordingly obligated to pay the principal of such bonds and the interest thereon to the extent that the revenues and other moneys of the Authority pledged to the payment of such principal and interest are not sufficient for that purpose.

      Modifications or alterations of the Resolution or of any resolution supplemental thereto may be made by the Authority only to the extent and in the circumstances permitted by the Resolution.

14

The bonds of this series at the time outstanding may be redeemed prior to their respective maturities, at the option of the Authority, from any moneys that may be made available for such purpose (other than moneys deposited in the Sinking Fund in respect of an Amortization Requirement) either (a) in whole on any date not earlier than July 1, ____, or (b) in part, as determined by the Authority, on any date not earlier than July 1, ____, at the principal amount of the bonds to be redeemed, together with the interest accrued thereon to the date fixed for redemption plus a premium of ____% of such principal amount if redeemed on or prior to June 30, ____, ____% if redeemed thereafter and on or prior to June 30, ____, ____% if redeemed thereafter and on or prior to June 30, ____, ___% if redeemed thereafter and on or prior to June 30, ____, and without premium if redeemed thereafter; provided, however, that the term bonds shall be subject to redemption in part on July 1, ____ and on July 1 in each year thereafter, in the principal amount equal to the Amortization Requirements therefor for the fiscal year immediately preceding such July 1, as defined in the Resolution (less the principal amount of any such bonds retired by purchase), from moneys in the Sinking Fund deposited in respect of an Amortization Requirement at par plus accrued interest without premium.

Any such redemption, either in whole or in part, shall be made upon at least thirty (30) days' prior notice by mail as provided in the Resolution, and shall be made in the manner and under the terms and conditions provided in the Resolution. Bonds or portions thereof which have been duly called for redemption, or with respect to which irrevocable instructions to call for redemption at the earliest redemption date have been given to the Fiscal Agent, notice having been given as provided in the Resolution, shall become and be due and payable at the redemption price provided for redemption of such bonds or such portions thereof on the date designated for redemption, and if sufficient moneys, or Government obligations (as defined in the Resolution), for payment of the redemption price are being held by the Fiscal Agent as provided in the Resolution, interest on such bonds or such portions thereof so called for redemption shall cease to accrue from and after the redemption date, and the owners thereof shall have no rights in respect of such bonds or such portions thereof so called for redemption except to receive payment of the redemption price thereof so held by the Fiscal Agent and the accrued interest, if any, and, in the manner provided in the Resolution, to receive bonds for any unredeemed portion thereof.

The bonds of the series of which this is one are issuable only as registered bonds without coupons, in denominations of $ _____ and any multiple thereof. At the principal corporate trust office of the Fiscal Agent in the manner and subject to the limitations, conditions and restrictions provided in the Resolution, and upon payment of any taxes, fees or other governmental charges provided in the Resolution, bonds may be exchanged for an equal aggregate principal amount of bonds of the same series and maturity, of authorized denominations and bearing interest at the same rate.

The transfer of this bond is registrable and this bond may be exchanged by the registered owner hereof in person or by his attorney or legal representative at the office of the Fiscal Agent but only in the manner and subject to the limitations and conditions provided in the Resolution and upon surrender and cancellation of this bond. Upon any such registration of transfer the Authority shall execute and the Fiscal Agent shall authenticate and deliver in exchange for this bond a new bond or bonds, registered in the name of the transferee, of authorized denominations, in aggregate principal amount equal to the principal amount of this

15

bond, of the same series and maturity and bearing interest at the same rate. No fee or service charge shall be made to any bondholder for any such exchange or registration of transfer, but the Authority or the Fiscal Agent may make a reasonable fee or service charge to such bondholder for every such exchange or registration sufficient to reimburse it for any tax, fee or other governmental charge required to be paid with respect to such exchange or registration of transfer.

Subject to the provisions for registration contained in the Resolution, nothing contained in this bond or in the Resolution shall affect or impair the negotiability of this bond. As declared by said Act No. 56, as amended, this bond shall be negotiable in accordance with the meaning and for all intents and purposes of the negotiable instruments law of Puerto Rico.

This bond is issued with the intent that the laws of the Commonwealth of Puerto Rico shall govern its construction.

This bond shall not be valid or become obligatory for any purpose or be entitled to any benefit under the Resolution until this bond shall have been authenticated by the execution by the Fiscal Agent of the certificate of authentication endorsed hereon.

All acts, conditions and things required by the Puerto Rican Federal Relations Act and the Constitution and laws of the Commonwealth of Puerto Rico and the resolutions of the Authority to happen, exist and be performed precedent to and in the issuance of this bond have happened, exist and have been performed as so required.

IN WITNESS WHEREOF, Public Buildings Authority has caused this bond to be signed with the facsimile signatures of its Executive Director and its Secretary, and a facsimile of the official seal of the Authority to be imprinted hereon, all as of the ___ day of _____, ____.

PUBLIC BUILDINGS AUTHORITY

By _____

Executive Director

_____

Secretary

(SEAL)

16

## CERTIFICATE OF AUTHENTICATION

This is one of the bonds of the series designated therein and issued under the provisions of the Resolution mentioned therein.

_____
_____,
Authorized Signatory

Date of authentication: _____

## [FORM OF ASSIGNMENT]

FOR VALUE RECEIVED, the undersigned hereby sells, assigns and transfers unto _____
[Please Print or Typewrite Name and Address of Transferee] the within bond, and all rights thereunder, and hereby irrevocably constitutes and appoints _____ attorney to register the transfer of the within bond on the books kept for registration thereof, with full power of substitution in the premises.

NOTICE: The signature to this assignment must correspond with the name as it appears upon the face of the within bond in every particular, without alteration or enlargement or any change whatever.

Guaranteed* by: _____

*Signatures must be guaranteed by a commercial bank or trust company having an office or correspondent in New York, New York, by a firm having membership on the New York Stock Exchange or by any other entity acceptable to the Fiscal Agent.

Section 205.   Exchanges and Registration of Transfers of Bonds.  Bonds, upon surrender thereof at the principal corporate trust office of the Fiscal Agent, together with an assignment duly executed by the registered owner or his attorney or legal representative in such form as shall be satisfactory to the Fiscal Agent, may, at the option of the registered owner thereof, be exchanged for an equal aggregate principal amount of bonds of the same series and maturity, of any denomination or denominations authorized by this Resolution, and bearing interest at the same rate.

The Authority shall cause books for the registration of, and for the registration of transfer of, the bonds as provided in this Resolution to be kept by the Fiscal Agent. The transfer of any bond may be registered only upon surrender thereof at the principal corporate trust office of the Fiscal Agent, together with an assignment duly executed by the registered owner or his attorney or legal representative in such form as shall be satisfactory to the Fiscal Agent, such registration of transfer to be made on such books. Upon such registration of transfer, the Authority shall execute and the Fiscal Agent shall authenticate and deliver in exchange for such bond a new bond or bonds registered in the name of the transferee, of any denomination or

17

denominations authorized by this Resolution, in an aggregate principal amount equal to the principal amount of such bond, of the same series and maturity and bearing interest at the same rate. In all cases in which the transfer of bonds shall be registered or bonds shall be exchanged hereunder, the Authority shall execute and the Fiscal Agent shall authenticate and deliver at the earliest practicable time bonds in accordance with the provisions of this Resolution. All bonds surrendered in connection with any such registration of transfer or exchange shall forthwith be cancelled by the Fiscal Agent. No fee or service charge shall be made to any bondholder for the privilege of registration of transfer and exchange hereinabove granted, but any bondholder requesting any such registration of transfer or exchange shall pay any tax, fee or other governmental charge required to be paid with respect thereto. The Fiscal Agent shall not be required to register the transfer of any bond during the period of fifteen (15) days next proceeding the date of first giving notice of redemption of such bond or any portion thereof or after such bond or any portion thereof has been selected for redemption.

Section 206.   Persons Declared Owners.   As to any bond, the person in whose name the same shall be registered shall be deemed and regarded as the absolute owner thereof for all purposes, and payment of or on account of the principal of any such bond shall be made only to or upon the order of the registered owner thereof or his legal representative. All such payments shall be valid and effectual to satisfy and discharge the liability upon such bond to the extent of the sum or sums so paid.

Any owner of any bond is hereby granted power to transfer absolute title thereto by assignment thereof to a bona fide purchaser for value (present or antecedent) without notice of prior defenses or equities or claims of ownership enforceable against his assignor or any person in the chain of title and before the maturity of such bond. Every prior owner of any bond shall be deemed to have waived and renounced all of his equities or rights therein in favor of every such bona fide purchaser, and every such bona fide purchaser shall acquire absolute title thereto and to all rights represented thereby.

Section 207.   Initial Issue of Government Facilities Revenue Bonds, Series A. There shall be initially issued under and secured by this Resolution bonds of the Authority in the aggregate principal amount of Two Hundred Twenty-Four Million Seven Hundred Ninety-Six Thousand Nine Hundred Eighty-Six Dollars and 90/100 ($224,796,986.90) for the purpose of providing funds for paying all or any part of the cost of the Initial Facilities, or for paying any notes or other obligations issued by the Authority to finance temporarily such cost. Said bonds shall be designated "Public Buildings Authority Government Facilities Revenue Bonds, Series A, Guaranteed by the Commonwealth of Puerto Rico" and shall be numbered from RA-1 upwards. $218,405,000 aggregate principal amount of said Series A Bonds (the "Current Interest Bonds") shall be issuable as registered bonds without coupons in denominations of $5,000 and any multiple thereof, shall be dated as of the 15th day of June, 1995, shall bear interest from their date until their payment at a rate or rates not exceeding the maximum rate then permitted by law and shall be stated to mature as follows:

$111,285,000 principal amount of said Current Interest Bonds shall be serial bonds and shall be stated to mature on the 1st day of July in the following years and in the following amounts, respectively:

18

| Year of Maturity | Principal Amount | Year of Maturity | Principal Amount |
|---|---|---|---|
| 1996 | $1,210,000 | 2008 | $5,730,000 |
| 1997 | 3,705,000 | 2009 | 6,090,000 |
| 1998 | 3,860,000 | 2010 | 6,470,000 |
| 1999 | 4,035,000 | 2011 | 6,875,000 |
| 2000 | 4,210,000 | 2012 | 7,305,000 |
| 2001 | 4,395,000 | 2013 | 7,760,000 |
| 2002 | 4,595,000 | 2014 | 8,245,000 |
| 2003 | 4,805,000 | 2015 | 8,760,000 |
| 2004 | 5,030,000 | 2022 | 12,835,000 |
| 2005 | 5,370,000 | | |

$64,115,000 principal amount of said Current Interest Bonds shall be term bonds maturing on the 1st day of July, 2021 and $43,005,000 principal amount of said Current Interest Bonds shall be term bonds maturing on the 1st day of July, 2025.

$6,391,986.90 aggregate principal amount of said Series A Bonds (the "Capital Appreciation Bonds") shall be dated the date of delivery thereof and shall be issuable as registered bonds without coupons in denominations of $5,000 maturity amount and any multiple thereof.

The Capital Appreciation Bonds shall be serial bonds consisting of $3,295,093.80 bonds maturing on July 1, 2006 and $3,096,893.10 bonds maturing on July 1, 2007.

Each of said bonds shall be executed substantially in the form and manner hereinabove set forth and deposited with the Fiscal Agent for authentication and delivery, but before said bonds shall be delivered by the Fiscal Agent there shall be filed with the Fiscal Agent the following:

(a)  a copy, certified by the Secretary, of the resolution of the Authority designating the Initial Facilities, specifying the dates, denominations, numbers and any Amortization Requirements for said bonds, and fixing, subject to the provisions of Article III of this Resolution, the times and prices at which said bonds are to be redeemable;

(b)  a copy, certified by the Secretary, of the resolution of the Authority (which may be part of the resolution described in clause (a) above) awarding the bonds, specifying the interest rate of each of said bonds and directing the delivery of said bonds to or upon the order of the purchasers mentioned therein upon payment of the purchase price therein set forth, and the accrued interest, if any, on said bonds;

(c)  copies, certified by the Secretary, of the Lease Agreements for the Initial Facilities to the extent such Lease Agreements are in existence on the date such bonds are delivered, as executed and delivered by the respective parties thereto, accompanied by a certificate, signed by the Executive Director, stating that on the basis of the Lease Agreements entered into and which are expected to be entered into by the Authority for

19

such Initial Facilities, the Debt Service Rentals thereunder, as calculated by the Authority, will be sufficient and timely to pay the principal of and interest on said bonds; and

(d)     an opinion of counsel for the Authority to the effect that (i) the Lease Agreements referred to in clause (c) of this Section have been duly authorized, executed and delivered by the Authority and constitute legal, valid and binding agreements in accordance with their terms, (ii) all authorizations, approvals and consents (governmental or otherwise) necessary for or in connection with the execution, delivery and performance of such Lease Agreements by the Authority have been duly obtained and are in full force and effect, (iii) this Resolution and the resolutions referred to in clauses (a) and (b) of this Section have been duly authorized, passed and adopted, (iv) the issuance of said bonds has been duly authorized and (v) all conditions precedent to the delivery of said bonds have been fulfilled.

When the above mentioned documents shall have been filed with the Fiscal Agent and when said bonds shall have been executed and authenticated as required by this Resolution, the Fiscal Agent shall deliver said bonds to or upon the order of the purchasers mentioned in the resolution mentioned in clause (b) of this Section but only upon payment to the Fiscal Agent of the purchase price of said bonds and the accrued interest, if any. The Fiscal Agent shall be entitled to rely upon the resolutions mentioned in clauses (a) and (b) of this Section as to all matters stated therein.

Simultaneously with the delivery of said bonds the Fiscal Agent shall apply the proceeds (including accrued interest and any premium) of said bonds as follows:

(1)     Such sum as may be required for the purpose shall be transferred to Government Development Bank for Puerto Rico to be held for application to the payment of such principal amount of outstanding notes or other obligations, designated by the Executive Director, theretofore issued by the Authority to finance temporarily the cost of the Initial Facilities, including any unpaid interest thereon.

(2)     The amount paid as accrued interest on said bonds shall be deposited to the credit of the Bond Service Account.

(3)     Such sum as shall be specified by the Executive Director in a certificate filed with the Fiscal Agent shall be deposited with Government Development Bank for Puerto Rico for payment of expenses incident to the financing and the fees and expenses of the Fiscal Agent for its services under Article II of this Resolution, including its services in connection with the acceptance of the trusts hereby created. Any balance of the sum so deposited which shall remain after the payment of such expenses and fees, shall be deposited to the credit of the Bond Service Account as capitalized interest. In the event that the sum so deposited is not sufficient to pay all of such expenses and fees, the Authority shall pay the balance of the amounts required for such purpose from funds paid to the Authority by the lessees, for or on account of administrative expenses of the Authority.

(4)    Such sum, if any, as is specified by the Executive Director in a certificate filed with the Fiscal Agent shall be deposited to the credit of the Construction Fund as capitalized interest.

(5)    The balance, if any, of said proceeds shall be paid to the Authority for deposit to the credit of the Construction Fund.

The bonds authorized to be issued by this Section are hereby specified to be covered by the guaranty of the Commonwealth of Puerto Rico under Act No. 17, approved April 11, 1968, as, amended.

Section 208.    Issuance of Additional Bonds for Initial Facilities and Bonds for Additional Facilities Improvements and Uncompleted Facilities.  In addition to the bonds issued under the provisions of Section 207 of this Article, bonds of the Authority may be issued under and secured by this Resolution, subject to the conditions hereinafter provided in this Section, at any time or times for the purpose of providing funds for paying all or any part of any remaining cost to the Authority of the Initial Facilities or for paying all or any part of the cost to the Authority of any Additional Facilities or any Improvements or of any uncompleted part of the Initial Facilities or Additional Facilities or Improvements (the "uncompleted Facilities") or for paying any notes or other obligations issued by the Authority, or repaying any advances made from any source, to finance temporarily such costs; provided, however, that no such bonds shall be issued hereunder unless under the then existing law such bonds may be specified by the Authority to be covered by the guaranty of the Commonwealth of Puerto Rico under Act No. 17, approved April 11, 1968, as heretofore or hereafter amended, and the Authority so specifies such bonds by resolution.

Before any bonds shall be issued under the provisions of this Section, the Authority shall adopt a resolution authorizing the issuance of such bonds, fixing the amount and the details thereof, including the dates, denominations, numbers and the Amortization Requirements for any term bonds, describing in brief and general terms the Initial Facilities or Additional Facilities or Improvements or uncompleted Facilities to be acquired or constructed and the estimated dates on which such Initial Facilities or Additional Facilities or Improvements or uncompleted Facilities will be acquired or completed, and specifying such bonds to be covered by the guaranty of the Commonwealth of Puerto Rico under said Act No. 17, as amended. The bonds of each series issued under the provisions of this Section shall be designated "Public Buildings Authority Government Facilities Revenue Bonds, Series _____, Guaranteed by the Commonwealth of Puerto Rico" (inserting an identifying series letter), shall be dated, shall be in such denomination, shall be numbered, shall bear interest until their payment at any rate or rates not exceeding the maximum rate then permitted by law, and shall be stated to mature not later than the last year in which Debt Service Rentals are required to be paid under the Lease Agreements, as amended or supplemented, covering or expected to cover the Initial Facilities or Additional Facilities or Improvements or uncompleted Facilities for the financing (in whole or in part) of which such bonds are to be issued, all as may be provided in the resolution or resolutions authorizing the issuance of such bonds. Such bonds may be made redeemable at such times and prices (subject to the provisions of Article III of this Resolution) as may be provided by resolution adopted by the Authority prior to the issuance of such bonds.

21

Such bonds shall be executed substantially in the form and manner hereinabove set forth, with such changes as may be necessary or appropriate to conform to the provisions of the resolution or resolutions authorizing the issuance of such bonds, and shall be deposited with the Fiscal Agent for authentication and delivery, but before such bonds shall be delivered by the Fiscal Agent there shall be filed with the Fiscal Agent the following:

(a)  copies, certified by the Secretary, of the resolutions mentioned above in this Section;

(b)  a copy, certified by the Secretary, of the resolution of the Authority (which may be part of the resolution described in clause (a) above) awarding such bonds, specifying the interest rate of each of such bonds and directing the delivery of such bonds to or upon the order of the purchasers mentioned therein upon payment of the purchase price therein set forth and the accrued interest, if any, on such bonds;

(c)  (i) copies, certified by the Secretary, of the Lease Agreements then in existence, and any amendments and supplements thereto, for all or a portion of such Initial Facilities or Additional Facilities or for all or a portion of the uncompleted Facilities or the Authority Facilities for which such Improvements are to be constructed, as executed and delivered by the respective parties thereto, accompanied by (ii) a certificate, signed by the Executive Director, stating that (A) on the basis of the Lease Agreements and any amendments and supplements thereto, as executed and delivered or as expected to be executed and delivered by the respective parties thereto, the Debt Service Rentals thereunder, as calculated by the Authority, will be sufficient and timely to pay the principal of and the redemption premium, if any, and interest on such bonds and all other bonds then outstanding hereunder; and

(d)  an opinion of counsel for the Authority to the effect that (i) the Lease Agreements, as amended or supplemented, referred to in clause (c) of this Section which are then in existence have been duly authorized, executed and delivered by the Authority and constitute legal, valid and binding agreements in accordance with their terms, (ii) all authorizations, approvals and consents (governmental or otherwise) necessary for or in connection with the execution, delivery and performance of such Lease Agreements by the Authority have been duly obtained and are in full force and effect, (iii) the resolutions referred to above in this Section have been duly authorized, passed and adopted, (iv) the issuance of such bonds has been duly authorized and (v) all conditions precedent to the delivery of such bonds have been fulfilled.

When the above mentioned documents shall have been filed with the Fiscal Agent and when such bonds shall have been executed and authenticated as required by this Resolution, the Fiscal Agent shall deliver such bonds to or upon the order of the purchasers mentioned in the resolution mentioned in clause (b) of this Section but only upon payment to the Fiscal Agent of the purchase price of such bonds and the accrued interest, if any. The Fiscal Agent shall be entitled to rely upon the resolutions mentioned in clauses (a) and (b) of this Section as to all matters stated therein.

22

Simultaneously with the delivery of such bonds the Fiscal Agent shall apply the proceeds (including accrued interest and any premium) of such bonds as follows:

(1)    Such sum as may be required for the purpose shall be applied to the payment of such principal amount of outstanding notes or other obligations theretofore issued by the Authority or advances made to finance temporarily the cost of such Initial Facilities or Additional Facilities or Improvements or any completed Facilities, including any unpaid interest thereon, as is provided in the resolution of the Authority authorizing the issuance of such bonds.

(2)    The amount paid as accrued interest on such bonds shall be deposited to the credit of the Bond Service Account.

(3)    Such sum as shall be specified by the Executive Director in a certificate filed with the Fiscal Agent shall be deposited with Government Development Bank for Puerto Rico for payment of expenses incident to the financing, including the fees and expenses of the Fiscal Agent for its services under Article II of this Resolution. Any balance of the sum so deposited which shall remain after the payment of such expenses shall be deposited to the credit of the Bond Service Account or, if directed by the Executive Director, to the credit of the Construction Fund. In the event that the sum so deposited is not sufficient to pay all of such expenses and fees, the Authority shall pay the balance of the amounts required for such purpose from any moneys in the Construction Fund or from funds paid to the Authority by the lessees for or on account of administrative expenses of the Authority.

(4)    The balance, if any, of said proceeds shall be paid to the Authority for deposit to the credit of the Construction Fund.

Section 209.    Issuance of Refunding Bonds.  Refunding bonds of the Authority may be issued under and secured by this Resolution, subject to the conditions hereinafter provided in this Section, at any time or times, for the purpose of providing funds for refunding at or prior to their maturity or maturities all or any part of (i) the outstanding bonds of any one or more series, or (ii) the outstanding debt of the Authority incurred to finance Authority Facilities as defined in Resolution No. 77 of the Authority, adopted November 16, 1970, as amended, or in Resolution No. 158 of the Authority, adopted February 14, 1978, as amended, including in either case the payment of any redemption premium thereon and interest to accrue thereon to the date or dates fixed for redemption or maturity date or dates occurring prior thereto; provided, however, that no such refunding bonds shall be issued hereunder unless under the then existing law such refunding bonds may be specified by the Authority to be covered by the guaranty of the Commonwealth of Puerto Rico under Act No. 17, approved April 11, 1968, as heretofore or hereafter amended, and the Authority so specifies such refunding bonds by resolution.

Before any refunding bonds shall be issued under the provisions of this Section, the Authority shall adopt a resolution authorizing the issuance of such refunding bonds, fixing the amount and the details thereof, including the dates, denominations, numbers and the Amortization Requirements for any term bonds, describing the bonds to be refunded, and specifying such refunding bonds to be covered by the guaranty of the Commonwealth of Puerto

23

Rico under said Act No. 17, as amended. Such refunding bonds shall be designated, shall be dated, shall be in such denomination, shall be numbered, shall bear interest until their payment at any rate or rates not exceeding the maximum rate then permitted by law, and shall be stated to mature not later than the last year in which Debt Service Rentals are required to be paid under the Lease Agreements, as amended or supplemented, covering or expected to cover the Authority Facilities financed (in whole or in part) by the bonds being refunded or outstanding debt of the Authority being refunded, all as may be provided by the resolution or resolutions authorizing the issuance of such refunding bonds. Such refunding bonds may be made redeemable at such times and prices (subject to the provisions of Article III of this Resolution) as may be provided by resolution adopted by the Authority prior to the issuance of such refunding bonds.

Such refunding bonds shall be executed substantially in the form and manner hereinabove set forth, with such changes as may be necessary or appropriate to conform to the provisions of the resolution or resolutions authorizing the issuance of such refunding bonds, and shall be deposited with the Fiscal Agent for authentication and delivery, but before such refunding bonds shall be delivered by the Fiscal Agent there shall be filed with the Fiscal Agent the following:

(a)     copies, certified by the Secretary, of the resolutions mentioned above in this Section;

(b)     a copy, certified by the Secretary, of the resolution of the Authority awarding such refunding bonds (which may be part of the resolution described in clause (a) above), specifying the interest rate of each of such refunding bonds and directing the delivery of such refunding bonds to or upon the order of the purchasers mentioned therein upon payment of the purchase price therein set forth and the accrued interest, if any, on such refunding bonds;

(c)     (i) copies, certified by the Secretary, of the Lease Agreements then in existence, and any amendments and supplements thereto, for all or a portion of the Authority Facilities financed by the bonds or outstanding debt of the Authority being refunded, as executed and delivered by the respective parties thereto, accompanied by (ii) a certificate, signed by the Executive Director, stating that (A) on the basis of the Lease Agreements and such amendments and supplements thereto, as executed and delivered or as expected to be executed and delivered by the respective parties thereto, the Debt Service Rentals thereunder, as calculated by the Authority, will be sufficient and timely to pay the principal of and the redemption premium, if any, and interest on such refunding bonds and all other bonds or outstanding debt of the Authority which shall have been issued to finance any part of such Authority Facilities and which shall be outstanding (or not deemed paid) after the issuance of such refunding bonds, and (B) on the basis of all Lease Agreements and amendments and supplements thereto, as executed and delivered or as expected to be executed and delivered by the respective parties thereto, the Debt Service Rentals, as calculated by the Authority, will be sufficient and timely to pay the principal of and the redemption premium, if any, and interest on such refunding bonds and all other bonds or debt of the Authority which shall have been issued to finance any part of the Authority Facilities and which shall be outstanding after the issuance of such refunding bonds;

24

(d)      an opinion of counsel for the Authority to the effect that (i) the Lease Agreements, as amended or supplemented, referred to in clause (c) of this Section have been duly authorized, executed and delivered by the Authority and constitute legal, valid and binding agreements in accordance with their terms, (ii) all authorizations, approvals and consents (governmental or otherwise) necessary for or in connection with the execution, delivery and performance by the Authority of such Lease Agreements have been duly obtained and are in full force and effect, (iii) the resolutions referred to above in this Section have been duly authorized, passed and adopted, (iv) the issuance of such refunding bonds has been duly authorized and (v) all conditions precedent to the delivery of such refunding bonds have been fulfilled;

(e)      in case such refunding bonds are to be issued for the purpose of refunding bonds of any Series prior to their stated maturity or maturities, such documents as shall be required by the Fiscal Agent to show that provision has been duly made in accordance with the provisions of this Resolution for the payment of the principal of and the redemption premium, if any, and the interest on all of the bonds to be refunded to and including the respective redemption or maturity dates thereof; and

(f)      in case such refunding bonds are to be issued for the purpose of refunding all or part of the outstanding debt of the Authority prior to their stated maturity or maturities, such documents as shall be required by the Fiscal Agent to show that provision has been made in accordance with the provisions of the instruments under which such debt to be refunded was issued for the payment of the principal of and the redemption premium, if any, and the interest on all such debt to be refunded to and including the respective redemption or maturity dates thereof.

When the documents mentioned above shall have been filed with the Fiscal Agent and when such refunding bonds shall have been executed and authenticated as required by this Resolution, the Fiscal Agent shall deliver such refunding bonds to or upon the order of the purchasers mentioned in the resolution mentioned in clause (b) of this Section but only upon payment to the Fiscal Agent of the purchase price of such refunding bonds and the accrued interest, if any. The Fiscal Agent shall be entitled to rely upon the resolutions mentioned in clauses (a) and (b) of this Section as to all matters stated therein. The Fiscal Agent shall not deliver such refunding bonds unless the proceeds (excluding accrued interest but including any premium) of such refunding bonds, together with any other moneys available for such purpose and the principal of and the interest on the investment of such proceeds or any such moneys, as shown in a report of an independent firm of nationally recognized accountants, shall be not less than an amount sufficient to pay the principal of and the redemption premium, if any, on the bonds or outstanding debt of the Authority to be refunded and the interest which will accrue thereon to the redemption or maturity date or dates occurring prior thereto.

Simultaneously with the delivery of such refunding bonds, the Fiscal Agent shall, upon the written direction of the Executive Director specifying the amount to be withdrawn from each Account, withdraw from (i) the Bond Service Account an amount not in excess of the amount deposited to the credit of such Account under the provisions of Section 502 of this Resolution on account of the interest which is payable on the bonds to be refunded on the next interest payment date and on account of the next maturing installment of principal of the bonds

25

to be refunded, and (ii) the Redemption Account an amount not in excess of the amount deposited to the credit of such Account under the provisions of Section 502 of this Resolution on account of the current Amortization Requirement for the bonds to be refunded less any amount applied to the retirement of the bonds of the series of the bonds to be refunded pursuant to the provisions of Section 504 of this Resolution.

Any amount so withdrawn, the proceeds (excluding accrued interest but including any premium) of such refunding bonds and any other moneys which have been made available to the Fiscal Agent for such purpose shall be held by the Fiscal Agent in a special redemption fund appropriately designated for the sole and exclusive purpose of paying the principal of and redemption premium, if any, and interest on the securities to be refunded; provided, however, that such portion of the proceeds of such refunding bonds as shall be specified by the Executive Director in a certificate filed with the Fiscal Agent shall be deposited with Government Development Bank for Puerto Rico for payment of expenses incident to the financing, including the fees and expenses of the Fiscal Agent for its services under Article II of this Resolution. Moneys held for the credit of such special redemption fund shall, as nearly as may be practicable and reasonable, be invested and reinvested by the Fiscal Agent at the direction of the Authority in Government Obligations, which shall mature, or which shall be subject to redemption at the option of the holder thereof not later than the respective dates when the moneys held for the credit of such special redemption fund will be required for the purposes intended. Any balance of the sum so deposited with Government Development Bank for Puerto Rico which shall remain after the payment of such expenses and fees shall be deposited to the credit of the Bond Service Account. In the event that the sum so deposited is not sufficient to pay all of such expenses, the Authority shall pay the balance of the amounts required for such purpose from funds paid to the Authority by the lessees for or on account of administrative expenses of the Authority.

The amount paid as accrued interest on such refunding bonds shall be deposited to the credit to the Bond Service Account.

Crossover refunding bonds may be issued under and secured by this Resolution, subject to the conditions hereinabove provided in this Section for the issuance of refunding bonds and for the same purposes as such refunding bonds; provided, however:

(A)     no such crossover refunding bonds shall be issued hereunder unless under the then existing law such crossover refunding bonds to be outstanding on the crossover date hereinafter mentioned may be specified by the Authority to be covered by the guaranty of the Commonwealth of Puerto Rico under said Act No. 17, as amended, and the Authority so specifies such crossover refunding bonds by resolution;

(B)     the resolution authorizing the issuance of such crossover refunding bonds shall also fix the date (the "crossover date") on which the bonds to be refunded shall be paid or redeemed and shall specify such crossover refunding bonds to be covered by the guaranty of the Commonwealth of Puerto Rico under said Act No. 17, as amended, on the crossover date;

(C)     the certificate of the Executive Director of the Authority mentioned in clause (c) above shall refer only to the principal of and the redemption premium, if any,

26

and interest on such crossover refunding bonds and other bonds which shall be outstanding after the crossover date;

(D) there shall be delivered to the Fiscal Agent such documents as shall be required by the Fiscal Agent to show that the moneys and investments in the special redemption fund (hereinafter referred to) will be sufficient to pay when due (i) all principal and interest on such crossover refunding bonds maturing on and prior to the crossover date and (ii) the principal or redemption price (including any applicable premium) on the crossover date on the bonds to be refunded; and

(E) the proceeds of such crossover refunding bonds (including accrued interest and any premium) and any other moneys provided by the Authority for such purpose shall be applied by the Fiscal Agent as follows:

(i) Such amount of the proceeds and of any other moneys which have been made available to the Fiscal Agent for such purpose, as is specified by the Executive Director of the Authority in a certificate filed with the Fiscal Agent shall be held by the Fiscal Agent in a special redemption fund appropriately designated for the sole and exclusive purpose of paying the principal of and interest on such crossover refunding bonds maturing on and prior to the crossover date and paying the principal of and redemption premium, if any, and interest on the bonds to be refunded on the crossover date; provided, however, that such portion of the proceeds of such crossover refunding bonds as shall be specified by the Executive Director in a certificate filed with the Fiscal Agent shall be deposited with Government Development Bank for Puerto Rico for payment of expenses incident to the financing, including the fees and expenses of the Fiscal Agent for its services under Article II of this Resolution. Any balance of the sum so deposited with Government Development Bank for Puerto Rico which shall remain after the payment of such expenses and fees shall be deposited to the credit of the Bond Service Account. In the event that the sum so deposited is not sufficient to pay all of such expenses, the Authority shall pay the balance of the amounts required for such purpose from funds paid to the Authority by the lessees for or on account of administrative expenses of the Authority. Moneys held for the credit of such special redemption fund shall, as nearly as may be practicable and reasonable, be invested and reinvested by the Fiscal Agent in Government Obligations, which shall mature, or which shall be subject to redemption at the option of the holder thereof not later than the respective dates when the moneys held for the credit of such special redemption fund will be required for the purposes intended. Prior to crossover date, income derived from the investment of moneys held to the credit of such special redemption fund, shall be credited to such fund and applied to the payment of the maturing principal of and interest on such crossover refunding bonds, and thereafter such income and other moneys held to the credit of such special redemption fund shall be applied to the payment of the bonds to be refunded. The Fiscal Agent shall not be liable or responsible for any loss in any such redemption fund resulting from any such investment made in good faith and without gross negligence. Any balance of the funds which shall remain in said special redemption fund after the payment in full of the principal of and redemption premium, if any, and the interest on such bonds to be refunded shall be deposited to the credit of the Bond Service Account.

27

Prior to the crossover date the provisions of Sections 401, 502, 503, 504, 505, 506 and 701 shall not apply to such crossover refunding bonds.

Section 210. Temporary Bonds. Until the definitive bonds of any series are ready for delivery, there may be executed, and upon request of the Executive Director the Fiscal Agent shall authenticate and deliver, in lieu of definitive bonds and subject to the same limitations and conditions except as to identifying numbers, temporary printed, engraved, lithographed or typewritten bonds in such denominations as the Authority shall determine, substantially of the tenor hereinabove set forth, and with appropriate omissions, insertions and variations as may be required. The Authority shall cause the definitive bonds to be prepared and to be executed and delivered to the Fiscal Agent without unreasonable delay, and the Fiscal Agent, upon presentation to it of any temporary bond, shall cancel the same and authenticate and deliver, in exchange therefor, at its principal corporate trust office, without charge to the holder, a definitive bond or bonds of the same series and in the same aggregate principal amount, maturing on the same date and bearing interest at the same rate as the temporary bond surrendered. Until so exchanged, the temporary bonds shall in all respective entitled to the same benefits of this Resolution as the definitive bonds to be issued and authenticated hereunder. Interest on such temporary bonds, when payable, if the definitive bonds shall not be ready for exchange, shall be paid on presentation of such temporary bonds and notation of such payment shall be endorsed thereon.

Section 211. Mutilated, Destroyed, or Lost Bonds. In case any bond issued hereunder shall become mutilated or be destroyed or lost, then, in the absence of notice to the Authority or the Fiscal Agent that such lost bond has been acquired by a bona fide purchaser, the Authority shall cause to be executed, and the Fiscal Agent shall authenticate and deliver, a new bond of like date, maturity and tenor in exchange and substitution for and upon the cancellation of such mutilated bond or in lieu of and in substitution for such bond destroyed or lost, upon the holder's paying the reasonable expenses and charges of the Authority and the Fiscal Agent, and any governmental charge, in connection therewith and, in the case of a bond destroyed or lost, his filing with the Fiscal Agent evidence satisfactory to it and to the Authority that such bond was destroyed or lost, and of his ownership thereof, and furnishing the Authority and the Fiscal Agent with indemnity satisfactory to them. Every substitute bond issued pursuant to the provisions of this Section shall constitute an original additional contractual obligation of the Authority, whether or not the destroyed or lost bond shall be found at any time, or be enforceable by anyone, and shall be entitled to all the benefits of this Resolution equally and proportionately with any and all other bonds duly issued under this Resolution to the same extent as the bonds in substitution for which such bonds were issued.

In case any mutilated, destroyed or lost bond has become or is about to become due and payable, the Authority in its discretion, instead of issuing a new bond, may pay such bond.

28

# ARTICLE III

## REDEMPTION OF BONDS

Section 301.  Redemption of Bonds.  The bonds of each series at the time outstanding shall be made subject to redemption, either in whole or in part and at such times and prices, as may be provided by resolution adopted by the Authority prior to the issuance of such bonds.

If less than all of the bonds of any one maturity of a series shall be called for redemption, the particular bonds or portions of bonds to be redeemed shall be selected by the Fiscal Agent by such method as it shall deem fair and appropriate; provided, however, that the portion of any bond of any series to be redeemed shall be in the principal amount equal to the lowest denomination authorized for such series or some multiple thereof, and that, in selecting bonds for redemption, the Fiscal Agent shall treat each bond as representing that number of bonds which is obtained by dividing the principal amount of such bond by the amount of such lowest authorized denomination.

Section 302.  Redemption Notice.  At least thirty (30) days before the redemption date, the Fiscal Agent shall cause a notice of any such redemption, either in whole or in part, signed in the name of the Authority by the Fiscal Agent, to be mailed, first-class, postage prepaid, to all owners of bonds to be redeemed at their addresses as they appear on the registration books herein above provided. Each such notice shall set forth (1) the date fixed for redemption, (2) the place or places at which payment will be made, (3) the redemption price to be paid, (4) if less than all the bonds of a series then outstanding shall be called for redemption, the particular maturities and numbers of such bonds being called, and (5) that on such date fixed for redemption the redemption price will become due and payable upon each bond called for redemption and that interest thereon shall cease to accrue from and after said date and shall otherwise comply with the Securities Exchange Act of 1934 Release No. 34-23856, dated December 3, 1986 (the "Redemption Release"), as long as the Redemption Release shall be in effect. In addition, the Fiscal Agent shall cause a copy of the above notice of redemption to be sent to the persons specified in Sections B and D of the Redemption Release at least two business days before notice is given in accordance with the preceding sentence. In case any bond is to be redeemed in part only, the notice of redemption which relates to such bond shall state also the portion of the principal amount to be redeemed and that on or after the redemption date, upon surrender of such bond, a new bond or bonds, of the same series and maturity, bearing interest at the same rate and in principal amount equal to the unredeemed portion of such bond will be issued. Failure to comply with the requirements of the Redemption Release shall not affect the validity of the proceedings for the redemption of any bonds, and failure to mail such notice to any holder or any defect in any notice so mailed shall not affect the validity of the proceedings for the redemption of the bonds of any other holders.

Section 303.  Effect of Calling for Redemption.  On the date so designated for redemption, notice having been given in the manner and under the conditions hereinabove provided, the bonds or portions of bonds so called for redemption shall become and be due and payable at the redemption price provided for redemption of such bonds or portions of bonds on such date, and, if sufficient moneys, or Government Obligations, the principal of and the interest

29

on which when due will provide sufficient moneys, for payment of the redemption price are held in separate accounts by the Fiscal Agent in trust for the holders of the bonds or portions thereof to be redeemed, as provided in this Resolution, then on and after such date (unless there shall be a default in the payment of the principal and premium, if any, plus accrued interest, if any) interest on the bonds or portions thereof so called for redemption shall cease to accrue and the owners of such bonds or portions thereof shall have no rights in respect thereof except to receive payment of the redemption price thereof and accrued interest, if any, and, to the extent provided in Section 306 hereof, to receive bonds for any unredeemed portions of bonds.

Section 304.   Cancellation of Bonds Redeemed.   In the event that sufficient moneys, or Government Obligations the principal of and the interest on which when due will provide sufficient moneys, are held in separate accounts by the Fiscal Agent in trust for the payment of (i) the principal of and any redemption premium and interest to accrue to the redemption date on all bonds or portions of bonds of any series which have been duly called for redemption under the provisions of this Article or with respect to which irrevocable instructions to call for redemption have been given to the Fiscal Agent in form satisfactory to it, and (ii) the principal of all serial bonds, if any, of such series which mature prior to the earliest redemption date of the bonds of such series subject to redemption, and the interest to accrue on such serial bonds to the maturity date or dates thereof, such bonds or portions thereof so called or to be called for redemption and any such serial bonds shall not thereafter be deemed to be outstanding under the provisions of this Resolution and shall cease to be entitled to any lien, benefit or security under this Resolution, other than the right to receive payment from such moneys.

Section 305.   Bonds Redeemed in Part.   In case part but not all of an outstanding bond shall be selected for redemption, the registered owner thereof or his attorney or legal representative shall present and surrender such bond to the Fiscal Agent for payment of the principal amount thereof so called for redemption, and the Authority shall execute and the Fiscal Agent shall authenticate and deliver to or upon the order of such registered owner or his legal representative, without charge therefor, for the unredeemed portion of the principal amount of the bond so surrendered, a new bond or bonds of the same series and maturity, bearing interest at the same rate and of any denomination or denominations authorized by this Resolution.

## ARTICLE IV

## CONSTRUCTION FUND

Section 401.   Construction Fund.   A special fund is hereby created by the Authority and designated "Puerto Rico Public Buildings Authority Government Facilities Construction Fund" (herein sometimes called the "Construction Fund") to the credit of which such deposits from the proceeds of bonds shall be made as are required by the provisions of Sections 207 and 208 of this Resolution. There may also be deposited to the credit of the Construction Fund any moneys received from any other source for paying the cost of Authority Facilities.

The moneys in the Construction Fund shall be held by the Authority in trust and, subject to the provisions of Section 404 of this Article, shall be applied to the payment of the cost of the Authority Facilities for which such bonds were issued and, except for any moneys in

30

separate accounts in the Construction Fund received from the United States Government or any agency thereof or from the Commonwealth of Puerto Rico or any agency thereof, pending such application, shall be subject to a lien and charge in favor of the holders of the bonds issued and outstanding under this Resolution and for the further security of such holders until paid out or transferred as herein provided.

Section 402.    Payments from Construction Fund.  Except as in this Resolution otherwise provided, payment of the cost of the Authority Facilities shall be made from the Construction Fund as herein provided. Moneys in the Construction Fund shall be disbursed by check signed by the Treasurer of the Authority or by any officer or employee of the Authority designated by resolution of the Authority.

Section 403.    Items of Cost.  For the purposes of this Resolution, the cost of any Authority Facilities shall embrace the cost of acquisition or construction and equipping and all other items of cost incident to such acquisition and construction and equipping and the financing thereof, and shall include, without intending thereby to limit or restrict any proper definition of such cost under the provisions of law, the Lease Agreements or this Resolution, the following:

(a)    obligations incurred for labor and materials and to contractors, builders, mechanics and materialmen in connection with the construction and equipping of such Authority Facilities;

(b)    the cost of acquiring by purchase, if such purchase shall be deemed expedient, and the amount of any award or final judgment in or any settlement or compromise of any proceeding to acquire by condemnation, such property, lands, rights, rights of way, franchises, easements and other interests in land constituting a part of, or as may be deemed necessary or convenient for the construction of, such Authority Facilities, options and partial payments thereon, the cost of filling, draining or improving any lands so acquired, and the amount of any damages incident to or consequent upon the construction of such Authority Facilities;

(c)    the fees and expenses of the Fiscal Agent for its services under this Resolution, including its services in connection with the acceptance of the trusts hereby created, legal expenses and fees, fees and expenses of consultants, financing charges, costs of preparing' and issuing the bonds, taxes or other municipal or governmental charges lawfully levied or assessed during construction upon such Authority Facilities, and premiums on insurance in connection with such Authority Facilities during construction;

(d)    fees and expenses of architects or engineers for making studies, surveys and testing, for preparing plans and specifications and supervising construction, as well as for the performance of all other duties of architects or engineers in relation to the construction and equipping of such Authority Facilities and auditing fees and expenses during the construction of such Authority Facilities;

31

(e)     expenses of administration properly chargeable to such Authority Facilities and all other items of expense not elsewhere in this Section specified, incident to the acquisition or construction and equipping of such Authority Facilities;

(f)     interest on the bonds issued to finance such Authority Facilities for such period as the Authority may determine; and

(g)     any obligation or expense heretofore or hereafter incurred by the Authority and any amounts heretofore or hereafter advanced by the Commonwealth of Puerto Rico or any agency thereof or by the United States Government or any agency thereof, or by any other source, for any of the foregoing purposes.

Section 404.   Conditions of Payments from Construction Fund.  When from time to time the construction of the last of the Authority Facilities and Improvements theretofore financed by the Authority shall have been completed, any balance in the Construction Fund not reserved by the Authority for the payment of any remaining part of the cost of such Authority Facilities or other government facilities, may be withdrawn by the Authority and deposited, at the option of the Authority, to the credit of the Redemption Account or the Bond Service Account.

## ARTICLE V

## REVENUES AND FUNDS

Section 501.   Reserved.

Section 502.   Sinking Fund.  A special fund is hereby created and designated "Puerto Rico Public Buildings Authority Government Facilities Revenue Bonds Sinking Fund" (herein sometimes called the "Sinking Fund"). There are hereby created in the Sinking Fund three separate accounts designated "Bond Service Account" and "Redemption Account", respectively. The moneys in said Accounts shall be held in trust by the Fiscal Agent and applied as hereinafter provided with regard to each such Account and, pending such application, shall be subject to a lien and charge in favor of the holders of the bonds issued and outstanding under this Resolution and for the further security of such holders until paid out or transferred as herein provided.

The Authority covenants that all Debt Service Rentals received from the leasing of Authority Facilities will be collected by the Authority and immediately deposited with the Fiscal Agent to the credit of the following Accounts in the following order:

(i)     to the credit of the Bond Service Account, such amount thereof as may be required to make the amount then to the credit of the Bond Service Account equal to the amount of interest then due and payable and the interest which will accrue up to the next interest payment date on all bonds of each series then outstanding and the principal of all serial bonds, if any, which will become due and payable within the next ensuing twelve months;

32

(ii) to the credit of the Redemption Account, such amount of the balance remaining after making the deposit under clause (i) above as may be required to make the amounts so deposited in the then current fiscal year equal to the Amortization Requirement, if any, for such fiscal year for the term bonds of each series then outstanding, plus the premium, if any, which would be payable on a like principal amount of bonds if such principal amount of bonds should be redeemed on the next redemption date from moneys in the Sinking Fund; and

(iii) the balance, if any, remaining after making the deposits under clauses (i) and (ii) above shall be deposited to the credit of the Bond Service Account.

If the amount deposited in any fiscal year to the credit of either of the Accounts mentioned in clauses (i) and (ii) above shall be less than the required amount, the requirements therefor shall nevertheless be cumulative and the amount of any deficiency in any fiscal year shall be added to the amounts otherwise required to be deposited to the credit of said Accounts in each fiscal year thereafter until such time as such deficiency shall have been made up.

The Authority further covenants that, notwithstanding any contrary provision in any Lease Agreement or any contrary designation or instruction from any lessee, all rentals received by the Authority pursuant to any Lease Agreement shall be deemed to be Debt Service Rentals to the extent of the amounts then due and payable as Debt Service Rentals under such Lease Agreement, and that such Debt Service Rentals shall be immediately deposited with the Fiscal Agent in accordance with the applicable provisions of this Section.

Section 503. Application of Moneys in Bond Service Account. The Fiscal Agent shall, from time to time, withdraw from the Bond Service Account and (1) remit to each registered owner of bonds the amount required for paying interest upon such bonds as such interest becomes due and (2) set aside in trust an amount equal to the amount of, and for the sole and exclusive purpose of paying, the principal of all bonds as such principal becomes due.

Section 504. Application of Moneys in Redemption Account. Moneys held for the credit of the Redemption Account shall be applied to the retirement of bonds issued under the provisions of this Resolution as follows:

(a) Subject to the provisions of paragraph (c) of this Section, the Fiscal Agent shall endeavor to purchase bonds secured hereby and then outstanding, whether or not such bonds shall then be subject to redemption, at the most advantageous price obtainable with reasonable diligence, having regard to interest rate and price, such price not to exceed the principal of such bonds plus the amount of the premium, if any, which would be payable on the next redemption date to the holders of such bonds if such bonds should be called for redemption on such date from moneys in the Sinking Fund. The Fiscal Agent shall pay the interest accrued on such bonds to the date of delivery thereof from any moneys in the Bond Service Account and the purchase price from the Redemption Account but no such purchase shall be contracted for within the period of forty-five (45) days next preceding any interest payment date on which such bonds are subject to call for redemption under the provisions of this Resolution.

33

(b)     Subject to the provisions of paragraph (c) of this Section, the Fiscal Agent shall call for redemption on each date on which bonds are subject to redemption from moneys which are in the Sinking Fund on the forty-fifth day prior to such redemption date such amount of bonds then subject to redemption as, with the redemption premium, if any, will exhaust the Redemption Account as nearly as may be; provided, however, that not less than Fifty Thousand Dollars ($50,000) principal amount of bonds shall be called for redemption at any one time. Such redemption shall be made in accordance with the provisions of Article III of this Resolution. Not less than thirty (30) days before the redemption date the Fiscal Agent shall withdraw from the Bond Service Account and from the Redemption Account and set aside in separate accounts the respective amounts required for paying the principal of and redemption premium, if any, and interest on the bonds so called for redemption.

(c)     Moneys in the Redemption Account shall be applied by the Fiscal Agent in each fiscal year to the purchase or redemption of bonds of each series then outstanding in the following order:

*first*, the term bonds of each such series to the extent of the Amortization Requirement, if any, for such fiscal year for the term bonds of each such series then outstanding, plus the applicable premium, if any, and, if the amount available in such fiscal year shall not be equal thereto, then in proportion to the Amortization Requirement, if any, for such fiscal year for the term bonds of each such series then outstanding, plus the applicable premium, if any;

*second*, any balance then remaining shall be applied to the purchase of any bonds then outstanding whether or not such bonds shall then be subject to redemption, in accordance with the provisions of paragraph (a) of this Section;

*third*, any balance then remaining shall be applied to the redemption of term bonds of each such series in proportion to the Amortization Requirements, if any, for such fiscal year for the term bonds of each such series then outstanding, plus the applicable premium, if any; and

*fourth*, after the retirement of all term bonds, any balance still remaining shall be applied to the retirement of the serial bonds of each series in proportion to the aggregate principal amount of the serial bonds of each such series originally issued under the provisions of this Resolution.

The Authority shall pay from any available moneys all expenses in connection with any such purchase or redemption.

Section 505.   Reserved.

Section 506.   Pledge of Moneys in Bond Service Account and Redemption Account. Subject to the terms and conditions set forth in this Resolution, moneys held for the credit of the Bond Service Account and the Redemption Account shall be held in trust and disbursed by the Fiscal Agent for (a) the payment of the interest upon the bonds issued hereunder as such interest falls due or (b) the payment of the principal of such bonds at their respective

34

maturities or (c) the payment of the purchase or redemption price of such bonds before maturity, and such moneys are hereby pledged to and charged with the payments mentioned in this Section.

Section 507.  Moneys Set Aside for Principal and Interest Held in Trust.  All moneys which the Fiscal Agent shall have withdrawn from the Sinking Fund or shall have received from any other source and which shall have been set aside for the purpose of paying any of the bonds hereby secured, either at the maturity thereof or upon call for redemption, shall be held in trust for the respective holders of such bonds. But any moneys which shall be so set aside or deposited by the Fiscal Agent and which shall remain unclaimed by the holders of such bonds for the period of two (2) years after the date on which such bonds shall have become due and payable shall upon request in writing be paid to the Authority or to such officer, board or body as may then be entitled by law to receive the same, and thereafter the holders of such bonds shall look only to the Authority or to such officer, board or body, as the case be, for payment and then only to the extent of the amounts so received without any interest thereon, and the Fiscal Agent shall have no further responsibility with respect to such moneys.

Section 508.  Cancellation of Bonds and Coupons upon Payment.  All bonds paid, redeemed or purchased, either at or before maturity shall be cancelled upon the payment, redemption or purchase of such bonds. All cancelled bonds shall be destroyed by the Fiscal Agent which shall execute a certificate of destruction in duplicate describing the bonds so destroyed, and one executed certificate shall be filed with the Secretary and the other executed certificate shall be retained by the Fiscal Agent.

## ARTICLE VI

## DEPOSITARIES OF MONEYS, SECURITY FOR DEPOSITS AND INVESTMENT OF FUNDS

Section 601.  Security for Deposits.  All moneys deposited with the Fiscal Agent under the provisions of this Resolution shall be held in trust and applied only in accordance with the provisions of this Resolution, and shall not be subject to lien, charge or attachment by any creditor of the Authority other than the liens and charges created by or pursuant to this Resolution in favor of the holders of the bonds issued and outstanding under this Resolution.

All moneys deposited with the Fiscal Agent hereunder shall be continuously secured, for the benefit of the Authority and holders of the bonds, either (a) by lodging with a bank or trust company approved by the Authority as custodian, or, if then permitted by law, by setting aside under control of the trust department of the bank holding such deposit, as collateral security, Investment Obligations eligible as security for the deposit of trust funds under regulations of the Comptroller of the Currency of the United States of America or applicable Commonwealth of Puerto Rico or state law or regulations, having a market value (exclusive of accrued interest) not less than the amount of such deposit, or (b) if the furnishing of security as provided in clause (a) above is not permitted by applicable law, in such other manner as may then be required or permitted by applicable Commonwealth of Puerto Rico, state or federal laws or regulations regarding the security for, or granting a preference in the case of, the deposit of trust funds; provided, however, that it shall not be necessary for the Fiscal Agent to give security

35

for any moneys which shall be represented by obligations purchased under the provisions of this Article as an investment of such moneys.

All moneys deposited with the Fiscal Agent shall be credited to the particular fund or account to which such moneys belong.

Section 602.   Investment of Moneys.   Moneys held for the credit of the Bond Service Account and the Redemption Account shall, as nearly as may be practicable, be continuously invested and reinvested by the Fiscal Agent at the direction of the Authority in Investment Obligations which shall mature, or which shall be subject to redemption at the option of the holder thereof, not later than the respective dates when the moneys held for the credit of each such Account will be required for the purposes intended.

Moneys held for the credit of the Construction Fund shall, as nearly as may be practicable, be continuously invested and reinvested by the Authority in Investment Obligations which shall mature, or which shall be subject to redemption at the option of the holder thereof, not later than the respective dates when the moneys held for the credit of the Construction Fund will be required for the purposes intended.

Any Investment Obligations so purchased as an investment of moneys in any such Fund or Account shall be deemed at all times to be a part of such Fund or Account. The interest accruing thereon and any profit realized from such investment shall be credited to the Bond Service Account and any loss resulting from such investment shall be charged against the Bond Service Account; except for the Construction Fund, in which case any such interest and profit shall be credited to, and any such loss shall be charged against, the Construction Fund. The Fiscal Agent and the Authority shall sell at the best price reasonably obtainable or present for payment or redemption any Investment Obligations so purchased whenever it shall be necessary so to do in order to provide moneys to meet any payment or transfer from any such Fund or Account, and the Fiscal Agent may, in making such sales or presentations, deal with itself to the same extent as it could if it were not the Fiscal Agent. Neither the Fiscal Agent nor the Authority or any officer or agent of either thereof shall be liable or responsible for any loss in any such Fund or Account resulting from any such investment made in good faith and without gross negligence.

## ARTICLE VII

## PARTICULAR COVENANTS AND PROVISIONS

Section 701.   Covenant to Require Lessees to Pay Sufficient Rentals.   The Authority covenants that all Lease Agreements which it enters into for the leasing of any Authority Facilities will, subject to the provisions of Section 702 of this Resolution require the lessee or lessees of such Facilities to pay rentals which in the aggregate will be sufficient to provide the sums needed from time to time to

(a)   pay an amount equal to the interest on all bonds issued by the Authority in connection with such Authority Facilities as the same shall fall due except any interest which is to be paid from bond proceeds,

36

(b)    pay an amount equal to the principal of all serial bonds issued in connection with such Authority Facilities to the stated maturities thereof, and

(c)    provide funds equal to the Amortization Requirements for all term bonds issued in connection with such Authority Facilities in the years and in the amounts as are fixed by the Authority in the resolution authorizing the issuance of such bonds and to pay any premium for the retirement of the respective principal amounts of such term bonds in such years.

The Authority covenants that if any lessee of any Authority Facilities fails to pay any rentals at the times and in the amounts required by any Lease Agreement covering such Authority Facilities, the Executive Director shall promptly file a notice of such failure with the Secretary of the Treasury of the Commonwealth and request the Secretary of the Treasury to pay such rentals or the unpaid portion thereof as required by the Enabling Act. Concurrently with the filing thereof as hereinabove provided, copies of such notice and request shall be sent by the Executive Director to the Fiscal Agent and to Government Development Bank for Puerto Rico.

Section 702.    Covenant as to No Adverse Amendments of Lease Agreements. The Authority covenants that it will not agree to any amendment, modification or termination of any Lease Agreements of any Authority Facilities (or exercise any right it may have to rescind the lease of any lessee of space in any Authority Facilities) which in any respect would reduce the amounts of the rental payments provided for therein below the required amounts referred to in Section 7.01 of this Article or which would postpone the times of making such rental payments or which would otherwise materially and adversely affect the security of the holders of the bonds issued pursuant to this Resolution. The Authority further covenants that none of the Authority Facilities or any space therein will be leased to any tenant other than a department, agency, municipality or instrumentality of the Commonwealth of Puerto Rico unless authorized under law and unless the Authority obtains an opinion of nationally recognized bond counsel that such lease will not cause interest on any bonds to be includible in gross income of the registered owners thereof for federal income tax purposes (other than bonds for which such interest is intended to be includible in gross income for such purposes).

Section 703.    Covenant as to Prompt Payment. The Authority Covenants that it will promptly pay the principal of and the interest on every bond issued under the provisions of this Resolution at the places, on the dates and in the manner provided herein and in said bonds and any premium required for the retirement of said bonds, according to the true intent and meaning hereof and thereof. Except as in this Resolution otherwise provided, the principal, interest and premium are payable solely from the Debt Service Rentals and from funds provided by the Commonwealth of Puerto Rico in compliance with its guaranty of payment of said bonds under Act No. 17 of the Legislature of Puerto Rico, approved April 11, 1968, as amended, which Debt Service Rentals and funds are hereby pledged to the payment thereof in the manner and to the extent specified in this Resolution.

Section 704.    Construction and Maintenance of Authority Facilities.   The Authority represents that it has constructed or has caused to be constructed, or covenants that it will forthwith proceed with all expedition practicable to construct or caused to be constructed, the Initial Facilities in conformity with law and all requirements of all governmental authorities

37

having jurisdiction thereover. The Authority further covenants that, in the event that bonds shall be issued under the provisions of Section 208 of this Resolution, it will forthwith proceed to acquire or construct or caused to be acquired or constructed the Initial Facilities or Additional Facilities or Improvements or uncompleted Facilities for which the bonds of each series shall be issued in conformity with law and all requirements of all governmental authorities having jurisdiction thereover, and that it will complete such acquisition or construction with all expedition practicable.

The Authority further covenants that it will at all times maintain or cause to be maintained the Authority Facilities in good repair and in sound operating condition and will make or cause to be made all necessary repairs, renewals and replacements, and that it will comply with all valid acts, rules, regulations, orders and directions of any legislative, executive, administrative or judicial body applicable to the Authority Facilities.

Section 705.   Covenant Against Creation of Lien or Charge.   The Authority covenants that except as permitted by Section 7.08 hereof it will not create or suffer to be created any lien or charge (other than the liens and charges created by or pursuant to this Resolution) upon the Authority Facilities or any part thereof or upon the Debt Service Rentals or the Debt Service Reserve Rentals therefrom and that it will pay or cause to be discharged, or will make adequate provision to satisfy and discharge, within sixty (60) days after the same shall accrue, all lawful claims and demands for labor, materials, supplies or other objects which, if unpaid, might by law become a lien upon any Authority Facilities or any part thereof or upon such Rentals; provided, however, that nothing in this Section contained shall require the Authority to pay or cause to be discharged, or make provision for, any such lien or charge so long as the validity thereof shall be contested in good faith by appropriate legal proceedings.

Section 706.   Insurance of Authority Facilities.   The Authority covenants that it will at all times carry or cause to be carried in a responsible insurance company or companies qualified to assume the risks thereof, to the extent that it is reasonably able to obtain such insurance:

(i)   all risk insurance covering all Authority Facilities and equipment, including fire insurance and hurricane and earthquake insurance, in an amount not less than the full insurable value of such Authority Facilities and equipment; and

(ii)   such comprehensive public liability insurance on the Authority Facilities as the Authority shall determine is necessary to protect it against loss on account of liability for injury or damage to persons or property resulting from the ownership or operation of such Authority Facilities.

The Authority may self-insure or permit self-insurance against public liability and property damage and other risks not enumerated herein in accordance with and as permitted by law and up to such levels as may be recommended in writing by an independent insurance consultant having a favorable reputation for skill and experience in such work, who is qualified to survey risks and to recommend insurance coverage for public entities engaged in operating facilities similar to the Authority Facilities.

38

The proceeds of all insurance referred to in clause (i) of this Section shall be promptly deposited with the Authority in a special account to be applied to the repair, replacement or reconstruction of the damaged or destroyed property or deposited in the Redemption Account, at the option of the Authority.

Section 707.   Covenant as to Ownership of Land.  The Authority covenants that none of the Authority Facilities will be constructed on lands other than lands good and marketable title to which is owned or can be acquired by the Authority in fee simple or over which the Authority shall have acquired or can acquire easements or rights sufficient to enable the Authority to lease such Authority Facilities to the lessee, as contemplated hereby for the use for which the lease is intended.

Section 708.   Restrictions on Transfer of Authority Facilities.   The Authority covenants and agrees that it will not sell, transfer or otherwise dispose of or encumber any Authority Facilities, unless all of the following conditions precedent shall have been met:

(a)   the Authority determines by resolution that notwithstanding such sale, transfer, disposition or encumbrance, rentals in the aggregate under each Lease Agreement will be sufficient to provide the sums required under Section 7.01, or, in the case of a sale, transfer or disposition (but not an encumbrance) the Authority will receive as the price for any such sale, transfer, disposition, together with any other available moneys, the total amount of the Debt Service Rentals which would otherwise have been payable by the lessees of such Authority Facilities during the remaining periods of the Lease Agreements entered into by the Authority and such lessees for the leasing of such Authority Facilities plus such additional amounts as will be necessary to pay the fees and expenses of the Fiscal Agent and all other expenses in connection with the application of the proceeds of such sale, transfer or disposition to the payment of the principal of and interest on outstanding bonds issued by the Authority under this Resolution including any redemption premiums. The net proceeds derived by the Authority from the sale, transfer or disposition (but not encumbrance) of any such Authority Facilities shall be deposited with the Fiscal Agent to the credit of the Redemption Account;

(b)   all authorizations, approvals and consents (governmental or otherwise) required for or in connection with such sale, transfer, disposition or encumbrance shall have been duly obtained prior thereto or simultaneously therewith; and

(c)   the Authority obtains an opinion of nationally recognized bond counsel that such sale, transfer, disposition or encumbrance will not cause interest on any bonds to be includible in the gross income of the registered owners thereof for federal income tax purposes (other than bonds for which such interest is intended to be includable in gross income for such purposes).

The Authority may also from time to time sell, transfer or otherwise dispose of or encumber any machinery, fixtures, apparatus, equipment or other movable property required by the Authority in connection with the Authority Facilities or any materials used in connection therewith, if the Authority shall determine that such articles are no longer needed or are no longer useful in connection with the construction or operation or maintenance of the Authority

39

Facilities and the proceeds of any such sale, transfer or disposition (but not encumbrance) shall be applied to the replacement of the property so sold or disposed of or at the option of the Authority shall be deposited to the credit of the Redemption Account.

Section 709. Lease Agreements to Provide that Obligation of Lessee to Pay Rentals is Absolute and Unconditional. The Authority covenants and agrees that each Lease Agreement will provide that the obligation of the lessee to pay rentals for the full term of such Lease Agreement at the times and in the amounts specified or referred to in such Lease Agreement shall be absolute and unconditional and shall continue whether or not the Authority Facilities or any part thereof covered by such Lease Agreement shall be completed or shall be occupied by the Lessee, or be sold, transferred or otherwise disposed of, or be damaged or destroyed from any cause whatsoever or otherwise become unusable by the lessee for any period of time and regardless of any other cause of any nature, including, but not limited to, any default by the Authority under such Lease Agreement.

Section 710. Lease Agreements to Contain Covenant Against Assignment and Restrictions on Subleasing. The Authority covenants and agrees that each Lease Agreement will provide that such Lease Agreement may not be assigned or otherwise transferred in whole or in part by the Authority or by the lessee thereunder (unless the conditions set forth under Section 7.02 hereof for a termination of such Lease Agreement have been met), and will provide that all or any part of the Authority Facilities covered by such Lease Agreement may be subleased as a whole or in part by such lessee if, and only if, the following conditions precedent shall have been met.

(a)    the sublessee under the sublease shall be a department, agency or instrumentality of the Commonwealth unless the Authority shall have obtained an opinion of nationally recognized bond counsel that the sublease will not cause interest on any bonds to be includable in gross income of the registered owners thereof for federal income tax purposes (other than bonds for which such interest is intended to be includable in gross income for such purposes);

(b)    simultaneously with the execution and delivery of the sublease, such lessee shall execute and deliver to the Authority an instrument in writing acknowledging, confirming and agreeing that such lessee shall continue to remain liable for the payment of all rentals under such Lease Agreement and for the performance and observance of all other obligations and agreements on its part provided in such Lease Agreement to be performed and observed by such lessee;

(c)    the sublease shall retain for such lessee such rights and interests as will permit it to perform and observe all of its obligations and agreements under such Lease Agreement;

(d)    prior to or simultaneously with the execution and delivery of the sublease, there shall have been delivered to the Authority and such lessee:

(i)    if the sublessee is a department of the Commonwealth, a certificate, signed by the Secretary or an Assistant Secretary of such department,

40

stating that, on the basis of budgeted appropriations for the sublessee for the fiscal year in which the sublease is to become effective, the sublessee has or will have available funds sufficient to pay timely in accordance with the provisions of the sublease all rentals which are or will be due and payable under the sublease during such fiscal year; or

(ii) if the sublessee is an agency or instrumentality of the Commonwealth, a certificate, signed by the chief executive officer of the sublessee, stating that on the basis of budgeted appropriations and/or estimated revenues for the sublessee for the fiscal year in which the sublease is to become effective, the sublessee has or will have available funds sufficient to pay timely in accordance with the provisions of the sublease all rentals which are or will be due and payable under the sublease during such fiscal year; and

(e) all authorizations, approvals and consents (governmental or otherwise) required for or in connection with the execution, delivery and performance of the sublease shall have been duly obtained prior to or simultaneously with the execution and delivery of the sublease.

Section 711. <u>Covenant as to Use of Debt Service Rentals and Insurance Proceeds</u>. The Authority covenants and agrees that none of the Debt Service Rentals or the proceeds of insurance on any of the Authority Facilities will be used for any purpose other than as provided in this Resolution and no contract or contracts will be entered into or any action taken by which the rights of the Fiscal Agent or of the bondholders might be impaired or diminished. The Authority further covenants that it will fulfill all of the obligations imposed upon it by any of the Lease Agreements.

The Authority covenants that it will, from time to time, execute and deliver such further instruments and take such further action as may be required to carry out the purposes of this Resolution.

Section 712. <u>Accurate Records and Accounts</u>. The Authority covenants that it will keep accurate records and accounts of all items of cost and of all expenditures relating to the operations and properties of the Authority and of all revenues therefrom and the application of such revenues and that it will keep accurate records and accounts of all assets, liabilities and capital of the Authority. Such records and accounts shall be open to the inspection of all interested persons.

The Authority further covenants that in the first month of each fiscal year it will cause an audit to be made of its books and accounts by an independent firm of certified public accountants of suitable experience and responsibility to be chosen by the Authority. Within a reasonable time thereafter, but not later than one hundred fifty (150) days after the beginning of such fiscal year, reports of each such audit shall be filed with the Fiscal Agent and copies of such reports, and any additional reports referred to below, shall be mailed by the Secretary to each bondholder who shall have filed his name and address with the Secretary for such purpose. Each such audit report shall set forth in respect of the preceding fiscal year, in reasonable detail and to the extent practicable, information relating to the Authority Facilities and other government

facilities which are financed by notes issued by the Authority and are expected to become Authority Facilities in the future. Each such audit report shall set forth in respect of the preceding fiscal year:

      (a)     a statement of all rentals derived by the Authority from the Authority Facilities under the Lease Agreements, including rentals billed, collected and receivable, and the disposition of such rentals,

      (b)     the deposits or transfers to the credit of and all withdrawals from each special fund and account created under the provisions of this Resolution,

      (c)     the details of all bonds outstanding, paid, purchased and redeemed, and

      (d)     the amounts on deposit with the Fiscal Agent and the Authority at the end of the preceding fiscal year to the credit of each such fund or account and the security held therefor, and showing the details of the investments thereof.

Such reports shall also set forth the findings of such certified public accountants as to whether the moneys received by the Authority under this Resolution have been applied in accordance with the provisions of this Resolution. Such audit reports shall be open to the inspection of all interested persons.

The Authority further covenants that it will cause any additional reports or audits relating to the Authority Facilities to be made as may be required by law.

## ARTICLE VIII

## CONCERNING THE FISCAL AGENT

Section 801.   Appointment of Fiscal Agent; Acceptance of Duties.   State Street Bank and Trust Company, N.A., in the City and State of New York, is hereby appointed as Fiscal Agent under this Resolution. Prior to the issuance of bonds under the provisions of this Resolution, the Authority shall obtain from a duly authorized officer of said bank a written acceptance of the duties, obligations and trusts imposed upon said bank by this Resolution. Said bank shall have only such duties and obligations as are expressly specified by this Resolution and no other duties or obligations of said bank shall be implied by, or read into, this Resolution.

Section 802.   Limitations on Responsibilities of Fiscal Agent.   The Fiscal Agent shall not have any responsibility in respect of the validity of the bonds or the due execution or issuance thereof or in respect of the terms contained in any leases made by the Authority. The Fiscal Agent shall not be under any obligation, except as otherwise herein expressly required, to see that any duties herein imposed upon the Authority or on any party other than itself, or any covenants herein contained on the part of any party other than itself to be performed, shall be done or performed, and the Fiscal Agent shall not be under any obligation for failure to see that any such duties or covenants are so done or performed. In acting under this Resolution the Fiscal Agent is acting as the agent of the Authority only and shall have no fiduciary obligation to the holders of the bonds other than holding in trust the funds deposited with the Fiscal Agent for the benefit of such holders.

42

Section 803.   <u>Fiscal Accent Not Liable for Failure of Authority to Act</u>.   The Fiscal Agent shall not be liable or responsible because of the failure of the Authority or any of its employees or agents to make any collections or deposits or to perform any act herein required of them. The Fiscal Agent shall not be responsible for the application of any of the proceeds of the sale of the bonds or for any other moneys deposited with it which are paid out, withdrawn or transferred in accordance with the provisions of this Resolution. The Fiscal Agent shall not be under any obligation to effect or maintain insurance or to renew any policies of insurance, or to report, or make or file claims or proof of loss for, any loss or damage insured against or which may occur. The immunities and exemptions from liability of the Fiscal Agent hereunder shall extend to its directors, officers, employees and agents.

Section 804.   <u>Notice of Default to Secretary of Treasury</u>.   In the event that on the second business day prior to the date on which a payment of interest, principal, or premium, if any, is due on any bond there is not an amount sufficient in such account or fund as the Fiscal Agent may draw upon for the payment on such due date of such interest, principal, or premium, or the Authority shall default in the due and punctual making of any deposit required by Section 502 of this Resolution, the Fiscal Agent shall promptly give written notice of such insufficiency or default, as the case may be, to the Authority, the Secretary of the Treasury of the Commonwealth and Government Development Bank for Puerto Rico. In the event that the Authority shall default in the due and punctual performance of any of the other covenants, conditions, agreements and provisions contained in the bonds or in this Resolution on the part of the Authority to be performed and a Responsible Officer of the Fiscal Agent shall have received written notice from the Authority or any bondholder of such default, the Fiscal Agent shall promptly give written notice of such default to the Authority, and if such default shall continue for thirty (30) days after the giving of such written notice to the Authority, the Fiscal Agent shall promptly give written notice of such default to the Secretary of the Treasury of the Commonwealth and Government Development Bank for Puerto Rico.

Section 805.   <u>Semi-Annual Statements from Fiscal Agent</u>.   It shall be the duty of the Fiscal Agent on or before the 15th day of January and July of each year to file with the Authority, the Secretary of the Treasury of the Commonwealth and Government Development Bank for Puerto Rico a statement setting forth in respect of the six months' period ended on the last day of the next preceding December or June, as the case may be:

(a)   the amount deposited with it and the amount withdrawn or transferred by it on account of each fund and account held by it under the provisions of this Resolution,

(b)   the amount on deposit with it at the end of each such six months' period to the credit of each such fund and account,

(c)   a brief description of all deposits and obligations held by it as an investment of moneys in each such fund and account, and

(d)   the amount, if any, applied to the purchase or redemption of bonds under the provisions of Section 5.04 of this Resolution and a description of the bonds so purchased or redeemed.

43

Section 806.   Fiscal Agent Protected in Relying on Certain Documents.   The Fiscal Agent shall be protected and shall incur no liability in acting or proceeding, or in not acting or not proceeding, in good faith, and in accordance with the terms of this Resolution, upon any resolution, order, notice, request, consent, waiver, certificate, statement, affidavit, requisition, bond or other document which it shall in good faith believe to be genuine and to have been adopted or signed by the proper board or person or to have been prepared and furnished pursuant to any of the provisions of this Resolution, or upon the written opinion of any attorney (who may be counsel for the Authority), engineer, consultant or accountant believed by it to be qualified in relation to the subject matter.

Section 807.   Qualification of Fiscal Agent.   There shall at all times be a Fiscal Agent hereunder which shall be a corporation organized and doing business under the laws of the United States of America, the Commonwealth of Puerto Rico or any state, authorized under such laws to exercise corporate trust powers, having a combined capital and surplus of at least $100,000,000 (or whose obligations hereunder are guaranteed by a bank or trust company duly authorized to exercise corporate trust powers and subject to examination by federal or state authority, of good standing, and having at the time of the appointment of such Fiscal Agent, a combined capital and surplus of at least such amount), subject to supervision or examination by federal, Commonwealth of Puerto Rico or state authority, and having its principal corporate trust office in the Commonwealth of Puerto Rico or in one of the states of the United States of America. If such corporation publishes reports of condition at least annually, pursuant to law or to the requirements of the aforesaid supervising or examining authority, then for the purposes of this Section, the combined capital and surplus and the reported deposits of such corporation shall be deemed to be its combined capital and surplus and reported deposits, respectively, as set forth in its most recent report of condition so published. If at any time the Fiscal Agent shall cease to be eligible in accordance with the provisions of this Section, it shall resign immediately in the manner and with the effect specified in Section 8.08 hereof.

Section 808.   Resignation or Removal of Fiscal Agent; Appointment of Successor Fiscal Agent.  (a)  No resignation or removal of the Fiscal Agent and no appointment of a successor Fiscal Agent pursuant to this Article shall become effective until the acceptance of appointment by the successor Fiscal Agent under Section 8.09 hereof.

(b)     The Fiscal Agent may resign at any time by giving written notice thereof to the Authority.  If an instrument of acceptance by a successor Fiscal Agent shall not have been delivered to the Fiscal Agent within thirty (30) days after the giving of such notice of resignation, the retiring Fiscal Agent may petition any court of competent jurisdiction for the appointment of a successor Fiscal Agent.

(c)     The Fiscal Agent may be removed at any time by demand of the holders of a majority in principal amount of the bonds then outstanding, signed in person by such holders or by their attorneys, legal representatives or agents and delivered to the Fiscal Agent, the Authority and the Government Development Bank for Puerto Rico (such demand to be effective only when received by the Fiscal Agent, the Authority and Government Development Bank for Puerto Rico).

(d)     If at any time:

44

> (i)     the Fiscal Agent shall cease to be eligible under Section 8.07 hereof and shall fail to resign after written request therefor by the Authority or by any bondholder who shall have been a bona fide bondholder for at least six months, or

> (ii)     the Fiscal Agent shall become incapable of acting or shall be adjudged a bankrupt or insolvent or a receiver of the Fiscal Agent or of its property shall be appointed or any public officer shall take charge or control of the Fiscal Agent or of its property or affairs for the purpose of rehabilitation, conservation or liquidation.

then, in any such case, (i) the Authority may remove the Fiscal Agent, or (ii) any bondholder who has been a bona fide bondholder for at least six months may, on behalf of himself and all others similarly situated, petition any court of competent jurisdiction for the removal of the Fiscal Agent and the appointment of a successor Fiscal Agent.

> (e)     If the Fiscal Agent shall resign, be removed or become incapable of acting, or if a vacancy shall occur in the office of Fiscal Agent for any cause, the Authority shall promptly appoint a successor Fiscal Agent.

> (f)     If, within one year after any resignation, removal or incapability, or the occurrence of any vacancy, a successor Fiscal Agent shall be appointed by the Authority, the holders of a majority in principal amount of the bonds then outstanding by an instrument or concurrent instruments in writing delivered to the Authority and Government Development Bank for Puerto Rico and the retiring Fiscal Agent, shall appoint a successor Fiscal Agent, the successor Fiscal Agent so appointed shall, forthwith upon its acceptance of such appointment, become the successor Fiscal Agent and supersede the successor Fiscal Agent appointed by the Authority. If no successor Fiscal Agent shall have been so appointed by the Authority or the bondholders and accepted appointment in the manner hereinafter provided, any bondholder who has been a bona fide holder of a bond for at least six months may, on behalf of himself and all others similarly situated, petition any court of competent jurisdiction for the appointment of a successor Fiscal Agent.

> (g)     The Authority shall give written notice by first-class mail, postage prepaid, of each resignation and each removal of the Fiscal Agent and each appointment of a successor Fiscal Agent to all bondholders. Each notice shall include the name and address of the principal corporate trust office of the successor Fiscal Agent.

> Section 809.  Vesting of Rights in Successor Fiscal Agent.  Every successor Fiscal Agent appointed hereunder shall execute, acknowledge and deliver to its predecessor, and also to the Authority, an instrument in writing accepting such appointment hereunder, and thereupon such successor Fiscal Agent without any further act, shall become fully vested with all the rights, immunities, powers and trusts, and subject to all the duties and obligations, of its predecessor; but such predecessor shall, nevertheless, on the written request of its successor or of the Authority and upon payment of the expenses, charges and other disbursements of such predecessor which are available pursuant to the provisions of Section 8.15 hereof, execute and

deliver an instrument transferring to such successor Fiscal Agent all the rights, immunities, powers and trusts of such predecessor hereunder; and every predecessor Fiscal Agent shall deliver all property and moneys held by it hereunder to its successor. Should any instrument in writing from the Authority be required by any successor Fiscal Agent for more fully and certainly vesting in such Fiscal Agent the rights, immunities, powers and trusts hereby vested or intended to be vested in the predecessor Fiscal Agent, any such instrument in writing shall and will, on request, be executed, acknowledged and delivered by the Authority.

Notwithstanding any of the foregoing provisions of this Article, any bank or trust company having power to perform the duties and execute the trusts of this Resolution and otherwise qualified to act as Fiscal Agent hereunder with or into which the bank or trust company acting as Fiscal Agent may be converted, merged or consolidated, or to which the corporate trust business assets as a whole or substantially as a whole of such bank or trust company may be sold, shall be deemed the successor of the Fiscal Agent.

Section 810.   Fiscal Agent Protected in Relying on Certificates of Executive Director.   Whenever the Fiscal Agent shall deem it desirable that a matter be proved or established, prior to taking, suffering or omitting any action hereunder, the Fiscal Agent (unless other evidence be herein specifically prescribed) may, in the absence of bad faith on its part, rely upon an order, notice, request, certificate, statement, affidavit or other document signed by the Executive Director.

Section 811.   Fiscal Agent Protected in Relying on Written Advice of Counsel. The Fiscal Agent may consult with counsel (who may be counsel for the Authority) and the written advice of such counsel shall be full and complete authorization and protection in respect of any action taken, suffered or omitted by it hereunder in good faith and in reliance thereon.

Section 812.   Fiscal Agent Need Not Investigate.  The Fiscal Agent shall not be bound to make any investigation into the facts or matters stated in any resolution, certificate, statement, instrument, opinion, report, notice, request, direction, consent, order, bond, coupon or other paper or document.

Section 813.   Agents or Attorneys of Fiscal Agent.   The Fiscal Agent may execute any of the trusts or powers hereunder or perform any duties hereunder either directly or by or through agents or attorneys, and the Fiscal Agent shall not be responsible for any misconduct or negligence on the part of any agent or attorney appointed with due care by it hereunder.

Section 814.   Fiscal Agent May Hold Bonds.  The Fiscal Agent and any officer, director or employee thereof may become the owner or pledgee of bonds issued under this Resolution and may otherwise deal with the Authority with the same rights it would have were it not such Fiscal Agent.

Section 815.   Compensation and Reimbursement.   The Authority agrees to indemnify the Fiscal Agent for, and to hold it harmless against, any loss, liability or expense (including the costs and expenses of defending against any claim of liability) incurred without negligence or bad faith by the Fiscal Agent and arising out of or in connection with its acting as

46

Fiscal Agent hereunder. The Fiscal Agent shall be entitled to the compensation to be agreed upon with the Authority for all services rendered by it, and the Authority agrees promptly to pay such compensation and to reimburse the Fiscal Agent for the reasonable out-of-pocket expenses (including reasonable counsel fees) incurred by it in connection with the services rendered by the Fiscal Agent hereunder, except any such expense as may be attributable to its negligence or bad faith. Any payments required to be made by the Authority pursuant to this Section shall be paid as provided in Section 2.07, 2.08 or 2.09 or from other available moneys. The obligation of the Authority under this Section shall survive payment of the bonds issued under this Resolution, the repeal or cancellation of this Resolution pursuant to Article X and the resignation or removal of the Fiscal Agent.

## ARTICLE IX

## SUPPLEMENTAL RESOLUTIONS

Section 901. Supplemental Resolutions Without Consent of Bondholders. Without the consent of any bondholders, the Authority may, from time to time and at any time, adopt such resolutions supplemental hereto as shall not be inconsistent with the terms and provisions hereof (which supplemental resolutions shall thereafter form a part hereof)

(a)     to cure any ambiguity or formal defect or omission or to correct any inconsistent provisions or errors in this Resolution, provided such action shall not adversely affect the interests of the bondholders, or

(b)     to grant to or confer upon the bondholders any additional rights, remedies, powers, authority or security that may lawfully be granted to or conferred upon the bondholders, or

(c)     to add to the conditions, limitations and restrictions on the issuance of bonds under the provisions of this Resolution other conditions, limitations and restrictions thereafter to be observed, or

(d)     to add to the covenants and agreements of the Authority in this Resolution other covenants and agreements thereafter to be observed by the Authority or to surrender any right or power herein reserved to or conferred upon the Authority.

Within thirty (30) days after the adoption of any supplemental resolution for any of the purposes of this Section, the Fiscal Agent shall at the request of the Authority cause a notice of the adoption of such supplemental resolution to be mailed, first class, postage prepaid, to all bondholders at their addresses as they appear on the registration books and to Government Development Bank for Puerto Rico. Such notice shall briefly set forth the nature of the supplemental resolution and shall state that copies thereof are on file at the office of the Fiscal Agent for inspection by all bondholders. The Fiscal Agent shall not, however, be subject to any liability to any bondholders by reason of its failure to cause the notice required by this Section to be mailed and any such failure shall not affect the validity of such supplemental resolution.

Section 902. Supplemental Resolutions with Consent of Bondholders. Subject to the terms and provisions contained in this Section, and not otherwise, the holders of not less.

47

than a majority in aggregate principal amount of the bonds then outstanding shall have the right, from time to time, anything contained in this Resolution to the contrary notwithstanding, to consent to and approve the adoption of such resolution or resolutions supplemental hereto as shall be deemed necessary or desirable by the Authority for the purpose of modifying, altering, amending, adding to or rescinding, in any particular, any of the terms or provisions contained in this Resolution; provided, however, that nothing herein contained shall permit, or be construed as permitting (a) an extension of the maturity of the principal of or the interest on any bond issued hereunder, or (b) a reduction in the principal amount of any bond or the redemption premium or the rate of interest thereon, or (c) the creation of a lien upon or a pledge of Debt Service Rentals other than the liens and pledges created by or pursuant to this Resolution, or (d) a preference or priority of any bond or bonds over any other bond or bonds, or (e) a reduction in the aggregate principal amount of the bonds required for consent to such supplemental resolution. Nothing herein contained, however, shall be construed as making necessary the approval by bondholders of the adoption of any supplemental resolution as authorized in Section 9.01 of this Article.

If at any time the Authority shall determine that it is necessary or desirable to adopt any supplemental resolution for any of the purposes of this Section, the Fiscal Agent at the expense and request of the Authority shall cause notice of the proposed adoption of such supplemental resolution to be mailed, first-class, postage prepaid, to all bondholders and to Government Development Bank for Puerto Rico. Such notice shall briefly set forth the nature of the proposed supplemental resolution and shall state that copies thereof are on file at the office of the Fiscal Agent for inspection by all bondholders. The Fiscal Agent shall not, however, be subject to any liability to any bondholders by reason of its failure to cause the notice required by this Section to be mailed, and any such failure shall not affect the validity of such supplemental resolution when consented to and approved as provided in this Section.

Whenever, at any time within one year after the date of the mailing of such notice, the Authority shall obtain an instrument or instruments in writing purporting to be executed by the holders of not less than a majority in aggregate principal amount of the bonds then outstanding, which instrument or instruments shall refer to the proposed supplemental resolution described in such notice and shall specifically consent to and approve the adoption thereof in substantially the form of the copy thereof referred to in such notice, and the Authority shall deliver to the Fiscal Agent a certificate signed by the Executive Director that the holders of such required percentage of bonds have filed such consents, and thereupon, but not otherwise, the Authority may adopt such supplemental resolution in substantially such form, without liability or responsibility to any holder of any bond, whether or not such holder shall have consented thereto.

If the holders of not less than a majority in aggregate principal amount of the bonds outstanding at the time of the adoption of such supplemental resolution shall have consented to and approved the adoption thereof as herein provided, no holder of any bond shall have any right to object to the adoption of such supplemental resolution, or to object to any of the terms and provisions contained therein or the operation thereof, or in any manner to question the propriety of the adoption thereof, or to enjoin or restrain the Authority from adopting the same or from taking any action pursuant to the provisions thereof and such consent shall be binding on the holder giving such consent and upon any subsequent holder, whether or not he has notice thereof.

NY1 5038675v1

Section 903. Supplemental Resolution Thereafter Part of Resolution. Upon the adoption of any supplemental resolution pursuant to the provisions of this Article, this Resolution shall be and be deemed to be modified and amended in accordance therewith, and the respective rights, duties and obligations under this Resolution of the Authority, the Fiscal Agent and all holders of bonds then outstanding shall thereafter be determined, exercised and enforced in all respects under the provisions of this Resolution as so modified and amended.

Any supplemental resolution adopted in accordance with the provisions of this Article shall thereafter form a part of this Resolution, and all of the terms and conditions contained in any such supplemental resolution as to any provision authorized to be contained therein shall be and shall be deemed to be part of the terms and conditions of this Resolution for any and all purposes. In case of the adoption and approval of any supplemental resolution, express reference may be made thereto in the text of any bonds issued thereafter, if deemed necessary or desirable by the Authority.

Section 904. Consent of Fiscal Accent to Certain Supplemental Resolutions. No supplemental resolution pursuant to this Article changing, amending or modifying the rights or obligations of the Fiscal Agent may be adopted by the Authority without the written consent of the Fiscal Agent. The Fiscal Agent shall have no liability, duty, responsibility or obligation with respect to whether any supplemental resolution is authorized or permitted by this Resolution or whether any necessary consent of the holders of bonds has been obtained, or in any other respect whatsoever.

## ARTICLE X

## DEFEASANCE

Section 1001. Defeasance. If there is paid or caused to be paid to the holders of all of the bonds secured hereby the principal of and interest on which is and shall thereafter become due and payable thereon, together with all other sums payable hereunder by the Authority, then and in that case the rights, title and interest of the holders hereunder shall cease, terminate and become void, and such bonds shall cease to be entitled to any lien, benefit or security under this Resolution. In such event, the Authority shall repeal and cancel this Resolution and the Fiscal Agent shall transfer and assign to the Authority all property then held by the Fiscal Agent, shall execute such documents as may be reasonably required by the Authority to evidence such transfer and assignment and shall turn over to the Authority any surplus in the Sinking Fund and the balances remaining in any other fund or accounts, other than moneys held for the payment or redemption of bonds. If the Authority shall pay or cause to be paid to the holders of less than all of the outstanding bonds the principal of and interest on which is and shall thereafter become due and payable upon such bonds, such bonds, or portions thereof, shall cease to be entitled to any lien, benefit or security under this Resolution.

Any outstanding bond, or any portion thereof in the principal amount of $5,000 or any multiple thereof, shall be deemed to have been paid within the meaning and with the effect expressed in this Section 10.01 when the whole amount of the principal of and interest on such bond shall have been paid or when (a) in case such bond or portion thereof has been selected for redemption in accordance with Section 3.01 hereof prior to its maturity, the Authority shall have

49

given to the Fiscal Agent irrevocable instructions to give in accordance with the provisions of Section 3.02 hereof notice of redemption of such bond, or portion thereof, (b) whether or not such bond, or portion thereof, has been selected for redemption, there shall be on deposit with the Fiscal Agent, moneys, or Government Obligations which shall not contain provisions permitting the redemption thereof other than at the option of the holder the principal of and the interest on which when due, and without any reinvestment thereof, will provide moneys which shall be, sufficient to pay when due the principal of and premium, if any, and interest due and to become due on such bond or portion thereof on or prior to the redemption date or maturity date thereof, as the case may be, and (c) in the event such bond does not mature and is not to be redeemed within the next succeeding 60 days, the Authority shall have given the Fiscal Agent irrevocable instructions to give notice, as soon as practicable in the same manner as a notice of redemption is given pursuant to Section 3.02 hereof, to the holder of such bond, or portion thereof, stating that the deposit of moneys or Government Obligations required by clause (b) of this paragraph has been made with the Fiscal Agent and that such bond, or portion thereof, is deemed to have been paid in accordance with this Section and stating such maturity or redemption date upon which moneys are to be available for the payment of the principal of and premium, if any, and interest on such bond or such portion. If payment of less than all of the bonds of the same series and maturity is to be provided for in the manner and with the effect expressed in this Section, the Fiscal Agent shall select such bonds, or portions thereof, in the manner specified in Section 3.01 hereof for selection for redemption of less than all of the bonds in the principal amounts designated by the Authority.

The moneys and Government obligations deposited with the Fiscal Agent pursuant to this Section and all payments of principal or interest on any such obligations shall not be withdrawn or used for any purpose other than, and shall be held in trust for, the payment of the principal of and premium, if any, and interest on said bonds, or portions thereof, deemed to have been paid in accordance with this Section, or portions thereof.

For purposes of determining whether bonds of the type referred to in clause (iii) of the definition of Principal and Interest Requirements in Section 1.01 hereof shall be deemed to have been paid prior to the maturity or redemption date thereof, as the case may be, the interest to come due on such bonds on or prior to the maturity date or redemption date thereof, as the case may be, shall be calculated at the maximum rate permitted by the terms thereof.

Bonds of the type referred to in clause (iv) or (v) of the definition of Principal and Interest Requirements in Section 101 hereof, shall be deemed to have been paid only if there shall have been deposited with the Fiscal Agent moneys or Government Obligations in an amount which shall be sufficient to pay when due the maximum amount of principal of and premium, if any, and interest on such bonds which would become payable to the holders of such bonds upon the exercise of any options or extensions of maturity; provided, however, that if at the time a deposit is made with the Fiscal Agent, the options or maturity extensions originally exercisable are no longer exercisable, such bonds shall not be considered to be bonds of the type referred to in clauses (iv) or (v) of the definition of Principal and Interest Requirements in said Section 1.01 for purposes of this Section.

NY1 5038675v1

# ARTICLE XI

## MISCELLANEOUS PROVISIONS

Section 1101. Authority May Finance Facilities by Obligations Not Secured by Resolution. Nothing in this Resolution expressed or implied shall be construed as preventing the Authority from financing any facilities by the issuance of bonds or other obligations which are not secured under the provisions of this Resolution.

Section 1102. Successorship of Authority. All of the covenants, stipulations, obligations and agreements contained in this Resolution shall be deemed to be covenants, stipulations, obligations and agreements of the Authority to the full extent authorized or permitted by law, and all such covenants, stipulations, obligations and agreements shall be binding upon the successor or successors thereof from time to time, and upon any officer, board, commission, authority, agency or instrumentality to whom or to which any power or duty affecting such covenants, stipulations, obligations and agreements shall be transferred by or in accordance with law.

Section 1103. Manner of Giving Notice. Any notice, demand, direction, request or other instrument authorized or required by this Resolution to be given to or filed with the Authority or the Fiscal Agent shall be deemed to have been sufficiently given or filed for all purposes of this Resolution:

> to the Authority, if in writing and sent by registered mail, postage prepaid, return receipt requested, to the Authority addressed to the Executive Director, Puerto Rico Public Buildings Authority, Minillas Government Center, North Tower, San Juan, Puerto Rico 00940, with a copy to the Government Development Bank for Puerto Rico, Minillas Government Center, San Juan, Puerto Rico 00940, Attn: President;

> to the Fiscal Agent, if in writing given to the Fiscal Agent at 61 Broadway, 15th Floor, New York, New York 10006, Attn: Corporate Trust Department, or at any other address as it may designate in writing, or to any successor Fiscal Agent, if in writing given to it at its corporate trust office.

All documents received by the Fiscal Agent under the provisions of this Resolution and not required to be redelivered shall be retained in its possession, subject at all reasonable times to the inspection of the Authority, any bondholder and the agents and representatives thereof.

Section 1104. Authority, Fiscal Agent, Paying Agents, Bond Registrar and Bondholders Alone Have Rights Under Resolution. Except as herein otherwise expressly provided, nothing in this Resolution expressed or implied is intended or shall be construed to confer upon any person, other than the Authority, the Fiscal Agent and the holders of the bonds issued under and secured by this Resolution, any right, remedy or claim, legal or equitable, under or by reason of this Resolution or any provision hereof, this Resolution and all its provisions

51

being intended to be and being for the sole and exclusive benefit of the Authority, the Fiscal Agent and the holders from time to time of the bonds issued hereunder.

Section 1105. Effect of Partial Invalidity.   In case any one or more of the provisions of this Resolution or of the bonds issued hereunder shall for any reason be held to be illegal or invalid, such illegality or invalidity shall not affect any other provision of this Resolution or of said bonds, but this Resolution and said bonds shall be construed and enforced as if such illegal or invalid provision had not been contained therein. In case any covenant, stipulation, obligation or agreement of the Authority contained in the bonds or in this Resolution shall for any reason be held to be in violation of law, then such covenant, stipulation, obligation or agreement shall be deemed to be the covenant, stipulation, obligation or agreement of the Authority to the full extent permitted by law.

Section 1106. Effect of Covenants.   No covenant, stipulation, obligation or agreement contained herein or in the bonds shall be deemed to be a covenant, stipulation, obligation or agreement of any present or future member of the Authority or any agent, officer or employee of the Authority in his individual capacity, and neither the members of said Authority nor any official executing the bonds shall be liable personally on the bonds or be subject to any personal liability or accountability by reason of the issuance thereof. This Resolution is adopted with the intent that the laws of the Commonwealth of Puerto Rico shall govern its construction.

Section 1107. Duties of Officers and Agents of Authority.   The officers and agents of the Authority are hereby authorized and directed to do all the acts and things required of them by the bonds and this Resolution for the full, punctual and complete performance of all of the terms, covenants, provisions, obligations and agreements contained in the bonds and this Resolution.

Section 1108. Repeal of Inconsistent Resolutions.   All resolutions and parts thereof which are in conflict or inconsistent with any provisions of this Resolution are hereby repealed and declared to be inapplicable to the provisions of this Resolution.

Section 1109. Determining Redemption Price, etc. of Capital Appreciation and Capital Appreciation and Income Bonds.   (a)  For the purposes of (i) receiving payment of the redemption price if a Capital Appreciation Bond is redeemed prior to maturity or (ii) computing the amount of bonds held by the owner of a Capital Appreciation Bond in giving to the Authority or the Fiscal Agent any notice, consent, request or demand pursuant to this Resolution for any purpose whatsoever, the principal amount of a Capital Appreciation Bond shall be deemed to be its Accreted Value.

(b)   For the purposes of (i) receiving payment of the redemption price if a Capital Appreciation and Income Bond is redeemed prior to maturity or (ii) computing the amount of bonds held by the owner of a Capital Appreciation and Income Bond in giving to the Authority or the Fiscal Agent any notice, consent, request or demand pursuant to this Resolution for any purpose whatsoever, the principal amount of a Capital Appreciation and Income Bond shall be deemed to be its Appreciated Value.

NYI 5038675v1

Section 1110. <u>Execution of Instruments by Bondholders and Proof of Ownership of Bonds.</u>  (a)  Any request, direction, consent or other instrument in writing required or permitted by this Resolution to be signed or executed by the holders of the bonds may be in any number of concurrent instruments of similar tenor and may be signed or executed by such holders or their attorneys or legal representatives. Proof of the execution of any such instrument and of the ownership of bonds shall be sufficient for any purpose of this Resolution and shall be conclusive in favor of the Fiscal Agent with regard to any action taken by it under such instrument if made in the following manner:

(1)  The fact and date of the execution by any person of any such instrument may be provided by the verification of any officer in any jurisdiction who, by the laws thereof, has power to take affidavits within such jurisdiction, to the effect that such instrument was subscribed and sworn to before him, or by an affidavit of a witness to such execution. Where such execution is by a person other than an individual, such verification or affidavit shall also constitute sufficient proof of the authority of the signer.

(2)  The ownership of bonds shall be provided by the registration books kept under the provisions of Section 2.05 hereof.

Nothing contained in this Section shall be construed as limiting the Fiscal Agent to such proof, it being intended that the Fiscal Agent may accept any other evidence of the matters herein stated which may be sufficient.

(b)  If the Authority shall solicit from the holders any request, direction, consent or other instrument in writing required or permitted by this Resolution to be signed or executed by the holders of the bonds, the Authority may, at its option, fix in advance a record date for the determination of bonds entitled to give such request, direction, consent or other instrument, but the Authority shall have no obligation to do so. If such a record date is so fixed, such request, direction, consent or other instrument may be given before or after such record date, but only the holders of record at the close of business on such record date shall be deemed to be holders for the purposes of determining whether holders of the requisite proportion of bonds have authorized or agreed or consented to such request, direction, consent or other instrument, and for that purpose the bonds shall be computed as of such record date; provided that no such consent by the holders on such record date shall be deemed effective unless it shall become effective pursuant to the provisions of this Resolution not later than six months after the record date.

(c)  Any request or consent of the holder of any bond shall bind every future holder of the same bond or any bond issued in place thereof in respect of anything done by the Fiscal Agent in pursuant of such request or consent.

Section 1111. <u>Effectiveness of Resolution.</u>  The provisions of this Resolution shall become effective immediately upon its passage.

53