# U.S. BANK

# EXHIBIT T

Proof of Claim filed by U.S. Bank as

PBA Bonds Fiscal Agent

Dated June 27, 2018

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO / TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

| Fill in this information to identify the case (Select only one Debtor per claim form). / Llene esta información para identificar el caso (seleccione sólo un deudor por formulario de reclamación). | | |
|---|---|---|
| ■ **Commonwealth of Puerto Rico**<br>**El Estado Libre Asociado de Puerto Rico** | Case No. 17-bk-03283 | Petition Date:<br>May 3, 2017 |
| ❑ Puerto Rico Sales Tax Financing Corporation (COFINA)<br>La Corporación del Fondo de Interés Apremiante de Puerto Rico | Case No. 17-bk-03284 | Petition Date:<br>May 5, 2017 |
| ❑ Puerto Rico Highways and Transportation Authority<br>La Autoridad de Carreteras y Transportación de Puerto Rico | Case No. 17-bk-03567 | Petition Date:<br>May 21, 2017 |
| ❑ Employees Retirement System of the Government of the<br>Commonwealth of Puerto Rico<br>El Sistema de Retiro de los Empleados del Gobierno del Estado<br>Libre Asociado de Puerto Rico | Case No. 17-bk-03566 | Petition Date:<br>May 21, 2017 |
| ❑ Puerto Rico Electric Power Authority<br>La Autoridad de Energía Eléctrica de Puerto Rico | Case No. 17-bk-04780 | Petition Date:<br>July 2, 2017 |

RECEIVED
JUN 27 2018
PRIME CLERK LLC



Debtor [DebtorName] has listed your claim in their Creditor List in Schedule [CreditorList] as a [CUD] claim in an $[ScheduleAmount] amount. You must timely file a proof of claim or be forever barred from participating or sharing in any distribution or being treated as a claim for purposes of voting or distribution.

El deudor [DebtorName] ha listado su reclamación en la lista de acreedores en el Schedule [CreditorList] como un reclamo [CUD] por un monto de $ [ScheduleAmount]. Debe presentar una prueba de reclamación oportunamente o se le prohíba por siempre participar o compartir en cualquier distribución o ser tratado como un reclamo para fines de votación o distribución.

Modified Official Form 410 / Formulario Oficial 410 Modificado

# Proof of Claim / Evidencia de reclamación

04/16

**Read the instructions before filling out this form.** This form is for making a claim for payment in a Title III case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy or subject to confidentiality on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

**Lea las instrucciones antes de completer este formulario.** Este formulario está diseñado para realizar una reclamación de pago en un caso en virtud del Título III. No utilice este formulario para solicitar el pago de un gasto administrativo que no sea una reclamación que reúna los requisitos para ser tratada como prioridad administrativa conforme al Título 11 § 503(b) (9) del U.S.C. Ese tipo de solicitud debe realizarse de conformidad con el Título 11 § 503 del U.S.C.

**Quienes presenten la documentatión deben omitir o editar** información que reúna los requisitos para ser tratada con privacidad o confidencialidad en este formulario o en cualquier otro documento adjunto. Adjunte copias editadas de cualquier otro documento que respalde la reclamación, tales como pagarés, órdenes de compra, facturas, balances detallados de cuentas en funcionamiento, contratos, resoluciones judiciales, hipotecas y acuerdos de garantías. **No adjunte documentos originales,** ya que es posible que los documentos adjuntos se destruyan luego de analizarlos. En caso de que los documentos no estén disponibles, explique los motivos en un anexo.

**Fill in all the information about the claim as of the Petition Date.**

**Complete toda la información acerca de la reclamación a la fecha en la que se presentó el caso.**

☑ Date Stamped Copy Returned
☐ No Self-Addressed Stamped Envelope
☐ No Copy Provided

| Part 1 / Parte 1 | Identify the Claim / Identificar la relcamación |
|---|---|

| 1. | Who is the current creditor?<br><br>¿Quién es el acreedor actual? | **U.S. Bank Trust National Association and U.S. Bank National Association, as Fiscal Agent for the Puerto Rico Public Buildings Authority ("PBA") Bonds**<br>Name of the current creditor (the person or entity to be paid for this claim)<br>Nombre al acreedor actual (la persona o la entidad a la que se le pagará la reclamción)<br><br>Other names the creditor used with the debtor<br>Otros nombres que el acreedor usó con el deudor _____ |

**Claim Number: 62833**

| | | |
|---|---|---|
| 2. | **Has this claim been acquired from someone else?**<br><br>**¿Esta reclamación se ha adquirido de otra persona?** | ■ No / No<br>❑ Yes.  From whom?<br>SÍ.  ¿De quién? _____ |

| | | | |
|---|---|---|---|
| 3. | **Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)<br><br>**¿A dónde deberían enviarse las notificaciones al acreedor?**<br><br>Norma federal del procedimiento de quiebra (FRBP por sus siglas en inglés) 2002(g | **Where should notices to the creditor be sent?**<br>**¿A dónde deberían enviarse las notificaciones al acreedor?**<br><br>**Hogan Lovells US LLP, Attn: Robin Keller**<br>Name / Nombre<br><br>**875 Third Avenue**<br>Number / Número     Street / Calle<br><br>**New York, New York 10022**<br>City / Ciudad      State / Estado    ZIP Code / Código postal<br><br>**(212) 909-0640**<br>Contact phone / Teléfono de contacto<br><br>**Robin.Keller@hoganlovells.com**<br>Contact email / Correo electrónico de contacto | **Where should payments to the creditor be sent?** (if different)<br>**¿A dónde deberían enviarse los pagos al acreedor?** (En caso de que sea diferente)<br><br>**U.S. Bank Trust National Association, Attn: Laura Moran**<br>Name / Nombre<br><br>**1 Federal Street**<br>Number / Número     Street / Calle<br><br>**Boston, MA 02110**<br>City / Ciudad     State / Estado     ZIP Code / Código postal<br><br>**(617) 603-6429**<br>Contact phone / Teléfono de contacto<br><br>**Laura.Moran@usbank.com**<br>Contact email / Correo electrónico de contacto |

| | | |
|---|---|---|
| 4. | **Does this claim amend one already filed?**<br><br>**¿Esta reclamación es una enmienda de otra presentada anteriormente?** | ❑No / No<br>■Yes.  Claim number on court claims registry (if known)<br>SÍ.  Número de reclamación en el registro de reclamaciones judiciales (en caso de saberlo) **Claim No. 13351**<br>Filed on / Presentada el **May 18, 2018** _____ (MM /DD/YYYY) / (DD/MM/AAAA) |

| | | |
|---|---|---|
| 5. | **Do you know if anyone else has filed a proof of claim for this claim?**<br><br>**¿Sabe si alguien más presentó una evidencia de reclamación para esta reclamación?** | ■ No / No<br>❑ Yes.  Who made the earlier filing?<br>SÍ.  ¿Quién hizo la reclamación anterior? _____ |

| Part 2 / Parte 2: | **Give Information About the Claim as of the Petition Date**<br>**Complete toda la información acerca de la reclamación desde la fecha en la que se presentó el caso.** |
|---|---|

| | | |
|---|---|---|
| 6. | **Do you have a claim against a specific agency or department of the Commonwealth of Puerto Rico?**<br><br>**¿Tiene una reclamación en contra de algún organismo o departamento específico del Estado Libre Asociado de Puerto Rico?** | ■ No / No<br>❑ Yes.  Identify the agency or department and contact name. (A list of Commonwealth of Puerto Rico agencies and departments is available at: https://cases.primeclerk.com/puertorico/.)<br>SÍ. Identifique el organismo o departamento y nombre del representante. (Una lista de agencias y departamentos del Estado Libre Asociado de Puerto Rico está disponible en: https://cases.primeclerk.com/puertorico/).<br><br>_____ |

| | | |
|---|---|---|
| 7. | **Do you supply goods and / or services to the government?**<br><br>**¿Proporciona bienes y / o servicios al gobierno?** | ■ No / No<br>❑ Yes.  Provide the additional information set forth below / SÍ. Proporcionar la información adicional establecida a continuación:<br><br>Vendor / Contract Number | Número de proveedor / contrato: _____<br><br>List any amounts due after the Petition Date (listed above) but before June 30, 2017:<br>Anote la cantidad que se le debe después de la fecha que se presentó el caso (mencionados anteriormente), pero antes del 30 de junio de 2017 $ _____ |

| 8. | How much is the claim?<br><br>¿Cuál es el importe de la reclamación? | $4,164,626,259.40 in aggregate principal and interest due as of the Petition Date on the PBA Bonds described in the attached Rider (the "Bonds") which are guaranteed by the Commonwealth of Puerto Rico, plus all other accrued and unpaid interest, fees, costs and other contingent unliquidated amounts due under the documents governing the Bonds. See attached Rider to Proof of Claim. | Does this amount include interest or other charges?<br>¿Este importe incluye intereses u otros cargos?<br>☐ No / No<br>■ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).<br>Sí. Adjunte un balance con intereses detallados, honorarios, gastos u otros cargos exigidos por la Norma de Quiebras 3001(c)(2)(A). |
|---|---|---|---|
| 9. | What is the basis of the claim?<br><br>¿Cuál es el fundamento de la reclamación? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Por ejemplo: Venta de bienes, préstamo de dinero, arrendamiento, prestación de servicios, lesiones personales u homicidio culposo, o tarjetas de crédito. Adjunte copias editadas de cualquier documento que respalde la reclamación conforme a lo exigido por la Norma de Quiebras 3001(c). Limite la divulgación de información que reúne los requisitos para ser tratada con privacidad, tal como información sobre atención médica.<br><br><u>Guarantee of money loaned and payment of leases. See attached Rider to Proof of Claim.</u> | |
| 10. | Is all or part of the claim secured?<br><br>¿La reclamación está garantizada de manera total o parcial? | ☐ No / No<br>■ Yes. The claim is secured by a lien on property. <u>See attached Rider to Proof of Claim.</u><br><br>Sí. La reclamación está garantizada por un derecho de retención sobre un bien.<br><br>**Nature of property / Naturaleza del bien:**<br>☐ Motor vehicle / Vehículos<br><br>☐ Other. Describe:<br>Otro. Describir: _____<br><br>**Basis for perfection / Fundamento de la realización de pasos adicionales:** _____<br>_____<br><br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>Adjunte copias editadas de documentos, si los hubiere, que demuestre la realización de pasos adicionales para hacer valer un derecho de garantía (por ejemplo, una hipoteca, un derecho de retención, un certificado de propiedad, una declaración de financiamiento u otro documento que demuestre que se ha presentado o registrado un derecho de retención.)<br><br>**Value of property / Valor del bien:**   $_____<br><br>**Amount of the claim that is secured /**<br>**Importe de la reclamación que está garantizado:** $_____<br><br>**Amount of the claim that is unsecured /**<br>**Importe de la reclamación que no está garantizado:** $_____<br>(The sum of the secured and unsecured amounts should match the amount in line 7.)<br>(La suma del importe garantizado y no garantizado debe coincidir con el importe de la línea 7.)<br><br>**Amount necessary to cure any default as of the Petition Date /**<br>**Importe necesario para compensar toda cesación de pago a la fecha que se presentó el caso:** $_____<br>_____<br><br>**Annual Interest Rate** (on the Petition Date)<br>_**Tasa de interés anual** (cuando se presentó el caso) _____%<br>☐ Fixed / Fija<br>☐ Variable / Variable | |
| 11. | Is this claim based on a lease?<br><br>¿Esta reclamación está basada en un arrendamiento? | ☐ No / No<br>■ Yes. Amount necessary to cure any default as of the Petition Date. <u>See attached Rider to Proof of Claim.</u><br>Sí. Importe necesario para compensar toda cesación de pago a partir de la que se presentó el caso $ _____ | |

| 12. | Is this claim subject to a right of setoff?<br><br>¿La reclamación está sujeta a un derecho de compensación? | ■ No / No<br>☐ Yes.  Identify the property /<br>SI. Identifique el bien: _____ | |
|---|---|---|---|
| 13. | Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?<br><br>¿La reclamación, total o parcial, cumple los requisitos para ser tratada como prioridad administrativa conforme al Título 11 § 503(b)(9) del U.S.C.? | ■ No / No<br>☐ Yes.  Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the Petition Date in these Title III case(s), in which the goods have been sold to the debtor in the ordinary course of such debtor's business. Attach documentation supporting such claim.<br><br>SI. Indique el importe de la reclamación que surge del valor de cualquier bien recibido por el deudor dentro de los 20 días anteriores a la fecha de inicio en estos casos del Título III, en el que los bienes se han vendido al deudor en el transcurso normal de los negocios del deudor. Adjunte la documentación que respalda dicha reclamación. | $_____ |

## Part 3 / Parte 3:

### Sign Below / Firmar a continuación

The person completing this proof of claim must sign and date it.
FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

La persona que complete esta evidencia de reclamación debe firmar e indicar la fecha.
FRBP 9011(b).

Si presenta esta reclamación de manera electrónica, la FRBP 5005(a)(2) autoriza al tribunal a establecer normas locales para especificar qué se considera una firma.

Check the appropriate box / Marque la casilla correspondiente:

☐ I am the creditor. / Soy el acreedor.
■ I am the creditor's attorney or authorized agent. / Soy el abogado o agente autorizado del acreedor.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004. / Soy el síndico, el deudor o su agente autorizado. Norma de quiebra 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005. / Soy el garante, fiador, endosante u otro codeudor. Norma de quiebra 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

Comprendo que una firma autorizada en esta *Evidencia de reclamación* se considera como un reconocimiento de que al calcular el importe de la reclamación, el acreedor le proporcionó al deudor crédito para todo pago recibido para saldar la deuda

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

He leído la información en esta *Evidencia de reclamación* y tengo motivos razonables para suponer que la información es verdadera y correcta.

I declare under penalty of perjury that the foregoing is true and correct. / Declaro bajo pena de perjurio que lo que antecede es verdadero y correcto.

Executed on date / Ejecutado el 06/26/2018 (MM/DD/YYYY) / (DD/MM/AAAA)

Signature / Firma Laura Moran

Print the name of the person who is completing and signing this claim / Escriba en letra de imprenta el nombre de la persona que completa y firma esta reclamación:

Name  Laura Moran
First name / Primer nombre    Middle name / Segundo nombre    Last name / Apellido

Title / Cargo  Vice President

Company / Compañía  U.S. Bank Trust National Association and U.S. Bank National Association, as Fiscal Agent
Identify the corporate servicer as the company if the authorized agent is a servicer.
Identifique al recaudador corporativo como la compañía si el agente autorizado es un recaudador.

Address / Dirección  1 Federal Street
Number / Número    Street / Calle

Boston    MA 02110
City / Ciudad    State / Estado    ZIP Code / Código postal

Contact phone / Teléfono de contacto (617) 603-6429    Email / Correo electrónico Laura.moran@usbank.com

*In re* **The Financial Oversight and Management Board for Puerto Rico, as Representative of The Commonwealth of Puerto Rico,** *et al.*[1]
**17 BK 3283-LTS**

RIDER TO AMENDED BOND DEBT MASTER PROOF OF CLAIM FILED BY U.S. BANK TRUST NATIONAL ASSOCIATION AND U.S. BANK NATIONAL ASSOCIATION, AS FISCAL AGENT FOR THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY BONDS, AGAINST THE COMMONWEALTH OF PUERTO RICO 17 BK 3283-LTS

## I.   **INTRODUCTION AND BASIS FOR CLAIM**

1.     U.S. Bank Trust National Association and U.S. Bank National Association, as

Fiscal Agents for various series of Bonds more fully described below (collectively, "**U.S. Bank**" or

the "**Fiscal Agent**"), file this amended Bond Debt Master Proof of Claim[2] against The

Commonwealth of Puerto Rico (the "**Commonwealth**"), solely in U.S. Bank's capacity as Fiscal

Agent, and not individually, for certain Puerto Rico Public Buildings Authority ("**PBA**") Bonds

listed in further detail on Schedule 1 attached hereto (collectively, the "**Bonds**").[3] This Rider, as

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]     This Bond Debt Master Proof of Claim, as amended, is being submitted on behalf of all series of Bonds collectively for administrative convenience only and should not be construed in any way to determine, or otherwise affect or justify any determination as to, the classification of claims related to Bonds of different series.

[3]     **U.S. Bank National Association serves as Fiscal Agent for the following PBA Bonds:** Series 2002 C: 745235G62, 745235G70, 745235G88, 745235G96, 745235H38, 745235H46, Series 2002 D: 745235D24, 745235VX6, 745235D32, 745235D40, 745235VY4, 745235VZ1, Series 2002 F: 745235RV5, 745235RW3, 745235RX1, 745235RY9, 745235RZ6, 745235SA0, 745235SB8, 745235SC6, Series 2002 G: 745235SW2, 745235SX0, Series 2004 K: 745235L82, Series 1993 L: 745235GJ4, Series 2009 P: 745235K75, 745235K83, 745235K91, 745235L25, 745235L33, 745235L41, 745235L58, 745235L66, 745235L74, Series 2009 Q: 745235L90, 745235M24, 745235M32, 745235M40, Series 2011 R: 745235M57, 745235M81, 745235M73, 745235M65, Series 2011 S: 745235M99, 745235N23, 745235N31, 745235N49, 745235N56, 745235N64, 745235N72, 745235N80, 745235N98, 745235P21, 745235P39, 745235P47, 745235P54, 745235P88, 745235P62, 745235P70, Series 2011 T: 745235Q20, Series 2012 U: 745235R52, 745235R60, 745235R78, 745235S69, 745235R86, 745235R94, 745235S28, 745235S36, 745235S44, 745235R37.   **U.S. Bank Trust National Association serves as Fiscal Agent for the following PBA Bonds:** Series 2002 H: 745235TH4, 745235TG6, 745235TJ0, 745235TK7, 745235TL5, Series 2004 I: 745235D57, 745235D65, 745235VR9, Series 2007 M1: 745235ZK0, 745235ZL8, 745235ZM6, 745235ZN4, 745235ZP9, 745235ZQ7, 745235ZR5, 745235ZS3,

amended, is incorporated into the amended Bond Debt Master Proof of Claim in its entirety as if fully set forth therein. This amended Bond Debt Master Proof of Claim amends Claim No. 13351 filed by the Fiscal Agent on May 18, 2018, with revised language contained in footnote 5 of this Rider.

2.      On May 3, 2017 (the "**Petition Date**"), the Commonwealth, by and through the Financial Oversight and Management Board for Puerto Rico (the "**Board**"), as the Commonwealth's representative pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("**PROMESA**"),[4] filed a petition with the United States District Court for the District of Puerto Rico (the "**Court**") under Title III of PROMESA. The case is pending before the Honorable Laura Taylor Swain and is jointly administered under Case No. 17 BK 03283 (collectively, the "**Title III Cases**").

3.      *PBA Bonds.* The Bonds were issued under PBA Bond Resolution No. 468, adopted June 22, 1995 (collectively, with all supplements, subsequent resolutions and amendments thereto, the "**1995 Resolution**"), and PBA Bond Resolution No. 77, adopted on November 16, 1970 (collectively, with all supplements, subsequent resolutions and amendments thereto, "**Resolution 77**", and collectively, with the 1995 Resolution, the "**Resolutions**").

4.      In addition to the Resolutions, there are other documents, instruments, leases, certificates or other writings executed or delivered in connection with the Resolutions and the issuance of the Bonds that support this Bond Debt Master Proof of Claim (the "**Supplemental Documents**", together with the Resolution, the Bonds and the Commonwealth Guaranty (as defined below) the "**Bond Documents**"). All of the Bond Documents are in the possession of

---

745235ZT1, Series 2007 M2: 745235B67, 745235B75, Series 2007 M3: 745235J93, 745235K26, 745235K34, 745235K42, 745235K59, 745235K67, Series 2007 N: 745235ZX2, 745235ZY0, 745235ZZ7, 745235A27, 745235A35, 745235A43, 745235A50, 745235A68, 745235A76, 745235A84, 745235A92, 745235B26, 745235B34, 745235B42.
[4]      PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

the Debtors, but can be provided to the Debtors upon request. The Bond Documents are expressly incorporated into this Bond Debt Master Proof of Claim by reference. The Bond Documents are voluminous and, pursuant to the terms of the Bar Date Order, the Fiscal Agent is not required to file the Bond Documents with this Bond Debt Master Proof of Claim. A non-exclusive list of material Bond Documents is attached hereto as Schedule 2.

5.      Pursuant to the terms of the Bond Documents, and pursuant to the terms of (i) Puerto Rico Act No. 56 of June 19, 1958, as amended from time to time pursuant to other Acts of the Puerto Rico Legislature and as codified under Chapter 21 of Title 22 of the Laws of Puerto Rico Annotated (as amended from time to time) (the "**1958 Enabling Act**"), and (ii) Puerto Rico Act No. 17, approved April 11, 1968 (as amended from time to time, the "**1968 Enabling Act**", and together with the 1958 Enabling Act, the "**Enabling Act**"), the Bonds are secured by, and payable from, a pledge of the rentals of real property leased by PBA to departments, agencies, instrumentalities and municipalities of the Commonwealth, among others (collectively, the "**PBA Leases**"). See, e.g., 1958 Enabling Act, Art. 15, 22 L.P.R.A § 916; 1995 Resolution, §§ 101, 502, 703; Resolution 77, § 703.

6.      ***Commonwealth Guaranty.***  Additionally, as generally outlined in the Offering Statements for the Bonds and as set forth in the Resolutions and Bond Documents, the good faith and credit of the Commonwealth is pledged to guarantee the payment of the rentals under any lease agreement executed pursuant to the Enabling Act with any department, agency or instrumentality of the Commonwealth, and to the making of advances to PBA of any unpaid portion of the rentals payable to PBA by any agency or instrumentality of the Commonwealth under any such lease agreement (the "**Commonwealth Lease Guaranty**"). The Bonds are further backed by a guaranty by the Commonwealth pursuant to the Enabling Act, which

3

guaranty constitutes a general obligation of the Commonwealth, which pledged its full faith, credit and taxing power to draw from any funds available in the Treasury as may be necessary to cover any deficiency in the amount required for PBA's payment of the obligations due on the Bonds, including, without limitation, the obligation to pay principal, interest, premiums and amounts required to maintain reserve accounts in respect of the Bonds[5] (as amended from time to time, the "**Commonwealth Bond Guaranty**,"[6] and together with the Commonwealth Lease Guaranty, the "**Commonwealth Guaranty**").[7] See Act 17, approved April 11-1968, as amended from time to time, codified as 22 L.P.R.A. § 907a.[8]

7.      The principal amount outstanding on the Bonds as of the Petition Date was $4,004,359,063.84, plus interest, which amounts are further described in detail on Schedule 1 hereto.  PBA has not made any regularly scheduled principal, interest, redemption or other payments due on the Bonds since July 2016, except (i) the Federal Subsidy Payments (as defined

---

[5]      It has been asserted by bondholders in pleadings filed with this Court (see General Obligation Bondholder Complaint, Dkt. No. 1 in Adv. No. 17-00189) that the guaranty by the Commonwealth represents a priority lien on all "available resources" of the Commonwealth.  The Fiscal Agent asserts such priority lien to the extent that a court finally determines this to be the case. It has also been asserted by the same bondholders that a statutory lien exists in favor of, among others, the holders of PBA bonds in (a) the proceeds of certain taxes and fees that, although conditionally earmarked for payment of certain obligations of Commonwealth instrumentalities (the "clawback bonds"), are required by Puerto Rico law to be "clawed back" solely for the purpose of paying public debt (including PBA bonds) when other available resources are insufficient to do so (see e.g., 3 L.P.R.A. § 1914; 9 L.P.R.A. §§ 2021, 5681; 13 L.P.R.A. §§ 2271v, 31751(a)(1)(C), 31751(a)(4)(C)) and (b) certain proceeds of property taxes that Commonwealth law requires to be levied and collected for the benefit of public debt (including PBA bonds) and segregated in a trust for the sole purpose of paying public debt (including PBA bonds). See 21 L.P.R.A. §§ 5002-5005.  The Fiscal Agent asserts such statutory and priority lien to the extent that a court with appropriate jurisdiction finally determines these asserted liens to be valid and enforceable.

[6]      The Commonwealth Bond Guaranty is a general obligation of the Commonwealth with priority as public debt over all disbursements and other government expenditures in the event that available resources are insufficient to meet appropriations, as set forth in the Puerto Rico Constitution.  P.R. Const. art. VI, § 8.

[7]      Thus, the Commonwealth is liable under two distinct contractual and statutory obligations for payment of the Bonds.  In the first instance, recovery could be sought with respect to unpaid principal and interest obligations under the Commonwealth Bond Guaranty.  However, to extent that any obligations owed by the Commonwealth to the PBA Bondholders are not satisfied under the Commonwealth Bond Guaranty, claims may be asserted under the Commonwealth Lease Guaranty, as triggered by the same events that trigger the Commonwealth Bond Guaranty, to the extent required to make available to PBA the funds required to make principal and interest payments to the PBA Bondholders.

[8]      "The Government of Puerto Rico hereby guarantees the payment of the principal of and interest on outstanding bonds at any given time, for a total principal amount that shall not exceed four billion seven hundred twenty-one million dollars ($4,721,000,000), issued from time to time by the Public Buildings Authority for any of its purposes authorized by §§ 901 et seq. of this title." 22 L.P.R.A. § 907a.

below), and (ii) to the extent payments have been made out of funds held by the Fiscal Agent in trust for those purposes.

8.      The majority of each interest payment on Bonds issued under (i) Supplemental Resolution No. 1596, Adopted August 10, 2011 Authorizing the Issuance of Government Facilities Revenue Bonds, Series R (**"Resolution No. 1596"**, and the Bonds issued thereunder, the **"Series R Bonds"**), and (ii) Supplemental Resolution No. 1618, Adopted December 19, 2011 Authorizing the Issuance of Government Facilities Revenue Bonds, Series T (**"Resolution No. 1618"**, and the Bonds issued thereunder, the **"Series T Bonds"**) are subsidized by the federal government through direct cash payments (the **"Federal Subsidy Payments"**).  These subsidies are obtained by filing Form 8038-CP each quarter with the Internal Revenue Service.  The Series R Bonds and the Series T Bonds are "Qualified and Special Tax Credit Bonds," a category of bonds issued under section 54A of the Internal Revenue Code of 1986 (as amended) that includes two forms of school bonds (Qualified School Construction Bonds and Qualified Zone Academy Bonds) (collectively, the **"54A Bonds"**).  The issuance of 54A Bonds provides either: (i) a tax credit to investors that hold such bond on one or more of the quarterly credit allowance dates—or, (ii) a direct cash payment to subsidize the interest payments on such bonds (as is the case with the Series R Bonds and the Series T Bonds).

9.      *Bond Insurers.*  Certain series of the Bonds are insured by Ambac Assurance Corporation, Financial Guaranty Insurance Company, Assured Guaranty Municipal Corp., and National Public Finance Guarantee Corporation (collectively, the **"Bond Insurers"**).  The insured Bond series are noted on Schedule 1 attached hereto.  The Bond Insurers have been making principal and interest payments due on the relevant insured Bonds from time to time due to PBA's failure to fund debt service since July 2016.  The Bond Insurers made $17,942,820.27

in payments prior to the Petition Date and $40,655,691.48 in payments following the Petition Date. These payments are detailed on Schedule 1.

10.    Any amounts paid by the Bond Insurers to the Fiscal Agent have been applied, with the knowledge and consent of PBA, by the Fiscal Agent in accordance with applicable insurance policies and the applicable Bond Documents and do not reduce the Commonwealth's guaranty obligations to pay all principal and interest owed on the insured Bonds or otherwise reduce the amount owing under this Bond Debt Master Proof of Claim. This Bond Debt Master Proof of Claim includes the principal and interest owing on insured Bonds as of the Petition Date without regard to whether a bond insurer has paid amounts that were owed by PBA. The Fiscal Agent understands that certain of these insurers intend to file their own proofs of claim against the Commonwealth with respect to their rights under applicable insurance agreements and other documents. Any statements or positions of such insurers in their respective proofs of claim are made independent of the Fiscal Agent and shall not be attributable upon the Fiscal Agent.

11.    *Amount of Claim.* The Fiscal Agent asserts this claim against the Commonwealth in its Title III Case on account of the Commonwealth Guaranty for (a) all outstanding amounts related to the Bonds under the Resolutions, whether contingent or non-contingent, due or owing, currently or in the future, including, but not limited to, principal, interest, premiums, default interest, charges, fees, expenses, disbursements, indemnifications and any other claim of any kind arising under the Bond Documents to the extent ultimately determined by a court or as a matter of applicable law; (b) without limitation to the foregoing claims, all outstanding prepetition rental payments and all other prepetition amounts due to PBA under, or in connection with, the PBA Leases; (c) without limitation to the foregoing, all administrative priority claims for all outstanding post-petition rental payments and other post-

6

petition amounts due under, or in connection with, the PBA Leases (11 U.S.C. §§ 365(d)(3),

503(b)(7) and 507(a)(2), each as incorporated by PROMESA § 301(a)) (the "**Administrative**

**Priority Rent Claim**")); and (d) without limitation to the foregoing, any claim, including any

secured or unsecured claim, for any PBA Lease that is (i) rejected by the Commonwealth

pursuant to 11 U.S.C. § 365 as incorporated by PROMESA § 301(a)] ("**Section 365**") or (ii)

deemed to be a secured financing or otherwise recharacterized as something other than a lease in

any way in connection with the Title III Cases or for any other reason.

|  | **Petition Date Claims** |  |  |
|---|---|---|---|
| 1 | Outstanding Principal as of Petition Date* | $4,004,359,063.84 |  |
| 2 | Outstanding Interest as of Petition Date* | $160,267,195.56 |  |
|  | *Insurance Payments Made Pre-Petition on Certain Bonds total $17,942,820.27 – See Schedule 1 attached |  |  |
|  | **Total** | $4,164,626,259.40 |  |
|  |  |  |  |
|  | **Post-Petition Insurance Payments Made** |  |  |
| 3 | Post-Petition Insurance Payments Made on Certain Bonds | $40,655,691.48 |  |
|  |  |  |  |
|  | **Fiscal Agent Fees** |  |  |
| 4 | Fiscal Agent Unpaid Fees Costs as of March 1, 2018 | $428,781.18 |  |
|  |  |  |  |

12. The Fiscal Agent also asserts contingent, unliquidated amounts for interest

payable in the future, interest accrued and accruing in the future as to past due principal and

interest, fees and costs and indemnity claims of the Fiscal Agent to be incurred in the future

under the Bond Documents, and contingent and/or unliquidated amounts for all damages arising

from the breach of covenants by PBA or the Commonwealth (including, without limitation,

breaches of the "Covenant not to Alter Rights of Bondholders" contained in Section 9 of the

1958 Enabling Act) and diversion of collateral or other funds pledged to the Bondholders/Fiscal

Agent under the Bond Documents (including, without limitation, claims arising under U.S. Const. art. I, § 10, cl. 1 and under the Fifth Amendment of the United States Constitution).

13.     ***Bar Date Order.***     On February 15, 2018, the Court entered the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [Dkt. No. 2521] (the **"Bar Date Order"**).     The Bar Date Order specifically authorizes the Fiscal Agent to file a Bond Debt Master Proof of Claim (as such term is defined in the Bar Date Order) for the Bonds. The Fiscal Agent files this Bond Debt Master Proof of Claim pursuant to the Bar Date Order and does not assume any duties, obligations, or liabilities not required by the Bond Documents or applicable law.

14.     The Fiscal Agent reserves all rights and claims it may have as a matter of law or equity against any of the Debtors in the Title III Cases, or any other public or private entities in Puerto Rico, notwithstanding the filing of this Bond Debt Master Proof of Claim against the Commonwealth.

15.     As of the Petition Date, no part of the claims described herein have been paid, except to the extent payments were made by Bond Insurers, who have subrogated to, and been assigned, the rights of the Bondholders they have paid against PBA and/or the Commonwealth based on the Commonwealth Guaranty.

16.     No judgment has been rendered on the claims described herein.

17.     The Fiscal Agent expressly asserts and does not waive any set-off or recoupment rights it may possess.

## II.   CLASSIFICATION AND AMOUNT OF CLAIM

18.    The Fiscal Agent, on behalf of itself and the Bondholders, has claims against the Commonwealth for all amounts due and payable under the Bond Documents. These amounts are detailed further on Schedule 1 attached hereto.

### (1)   Liquidated Claims Under the Bond Documents

19.    As of the Petition Date, the Commonwealth, by virtue of its statutory and contractual guaranty, is obligated under the Bond Documents for amounts including the following:

(a)    Unpaid Aggregate Principal: The aggregate outstanding principal balance of the Bonds in the amount of $4,004,359,063.84 pursuant to the terms of the Bond Documents;

(b)    Unpaid Interest Due: In accordance with the provisions of the Bond Documents outstanding interest due and owing as of the Petition Date is $160,267,195.56.

(c)    Claims of the Fiscal Agent for reimbursement of fees and expenses: Pursuant to the terms of the Bond Documents (Section 815 of the 1995 Resolution) the Fiscal Agent is entitled to compensation for all services rendered by it and reimbursement of all out-of-pocket expenses, including reasonable counsel fees (the "**Fiscal Agent Fees and Expenses**"), whether arising prior to or after the Petition Date. As of the date of filing this Bond Debt Master Proof of Claim the Fiscal Agent has unpaid fees of $428,781.18 relating to services rendered on account of the Bonds through March 1, 2018. Any amounts paid on account of the Fiscal Agent Fees and Expenses by PBA will be credited to the amount claimed.

### (2)   Unliquidated and Contingent Claims

20.    In addition to the foregoing liquidated amounts, the Fiscal Agent asserts claims against the Commonwealth for the benefit of all the Bondholders, for certain unliquidated

amounts described as follows.   With regard to any unliquidated claim which cannot be reasonably calculated at this time, neither the Fiscal Agent nor the Bondholders waive their rights by not stating a specific amount at this time.

(a)     Interest (UNLIQUIDATED): The Fiscal Agent hereby claims any applicable default interest and other amounts of interest accruing on any overdue principal (and premium) and on any overdue installments of interest on the Bonds, as provided for in the Bond Documents and in the Bonds or applicable law, prior to, from and after the Petition Date to the date of payment of such principal (and premium), installment(s) of interest and any default interest due, at the rates set forth in the Bond Documents or applicable law, if any, to the extent permitted by law;

(b)     Fiscal Agent Fees and Expenses (UNLIQUIDATED):  Any other Fiscal Agent Fees and Expenses accrued and unpaid now or in the future relating to the Fiscal Agent's performance of its duties with respect to the Bonds, including without limitation the reasonable fees and expenses of outside counsel.

(c)     Other charges (UNLIQUIDATED): Any and all other charges, make-whole amounts, penalties, premiums, and advances that may be due or become due under the Bond Documents (whether under applicable law or principles of equity), which amounts may presently be unliquidated or contingent, but may become fixed and liquidated in the future.

(d)     This proof of claim also seeks recovery of any and all other amounts owed on account of any and all claims the Fiscal Agent has or may have relating to the outstanding Bond obligations, whether known or unknown, against the Commonwealth and all those purporting to act on the Commonwealth's behalf, whether presently asserted or to be asserted, including without limitation claims for or based upon the breach or violation of the Bond

10

Documents, lease agreements or other contractual obligations relating to the underlying collateral, any other covenants or other contractual obligations contained therein or in the Enabling Act, or claims arising from the improper diversion of PBA's revenues or any other property securing the payment of the Bonds under the Bond Documents, as a matter of relevant Puerto Rico law, state law or federal law, including without limitation constructive trust, fraudulent conveyance or fraudulent transfer, failure to fulfill contractual and fiduciary obligations and duties, breach of implied covenants of good faith and fair dealing, or other legal or equitable claim.

21.   This Bond Debt Master Proof of Claim serves, and is intended to serve, as notice of a claim for any amount due or to become due under the Bond Documents, whether or not summarized or identified specifically in this Bond Debt Master Proof of Claim, and all interested parties are on notice of and advised to examine the provisions of the Bond Documents.

## III.   RESERVATION OF RIGHTS AND CLAIMS

22.   The filing of this Bond Debt Master Proof of Claim is specifically made without any election of rights and remedies, and the Fiscal Agent, on behalf of itself and each of the Bondholders, hereby reserves all rights, remedies and claims against the Commonwealth, the other Debtors, PBA, and/or against any other person or entity, which the Fiscal Agent or the Bondholders may have, in addition to the filing and pursuit of this Bond Debt Master Proof of Claim, including, but not limited to, the right to assert a charge, security interest, trust, property or other claim or remedy in law, equity or otherwise and howsoever arising.  This Bond Debt Master Proof of Claim is not intended to be, and shall not be construed as, a waiver of any past, present or future defaults under the Bond Documents, or a waiver or limitation of any claims or interests of the Fiscal Agent or any of the Bondholders thereunder against any person, entity, or

11

property, or a waiver of any rights, defenses, or remedies the Fiscal Agent or any of the Bondholders may have, including, without limitation, a right to a jury trial on any issue. The Fiscal Agent does not waive, and expressly reserves, all rights and remedies at law or in equity that U.S. Bank, individually or as the Fiscal Agent, has or may have against the Debtors, PBA, or any other person or entity, including, without limitation, rights against the Bondholders or the Bond Insurers.

23.     The Fiscal Agent hereby demands that, to the extent required by the applicable Bond Documents, any distributions made by the Commonwealth with respect to the Bonds must be made, in the first instance, to the Fiscal Agent for further distribution to Bondholders in accordance with the Bond Documents.   To the extent that the Bar Date Order permits Bondholders or Bond Insurers to file their own proofs of claim relating to their Bonds, the Fiscal Agent reserves all rights under the Bond Documents and applicable law with respect to all such claims including, without limitation, duplicative claims.

24.     To the extent the Fiscal Agent recovers under this claim or any separate claim that it might assert, in order to prevent diminution of the full claims asserted herein on behalf of the Bondholders, this claim shall be deemed to incorporate such separate claim(s).

25.     In filing this Bond Debt Master Proof of Claim, neither the Fiscal Agent nor any of the Bondholders submit to the jurisdiction of the Court for any purpose other than with respect to the allowance of this claim for any and all amounts due under the Bond Documents as otherwise specified herein, and does not consent to the jurisdiction of the Court to adjudicate any other matter relating to the Bond Documents or the rights and remedies of the Fiscal Agent and/or the Bondholders.

26.     This Bond Debt Master Proof of Claim shall not be deemed a consent by the Fiscal Agent or the Bondholders to having any matters relating to any disputed claims heard by the Court; nor shall the Fiscal Agent's submission of this Bond Debt Master Proof of Claim waive any of the Fiscal Agent or the Bondholders' rights to challenge the jurisdiction of the Court, or waive any other rights, claims, actions, defenses, set-offs or recoupments (whether contingent, unliquidated or otherwise) to which the Fiscal Agent or the Bondholders may be entitled under the Bond Documents, in law or equity, all of which are expressly reserved. This Bond Debt Master Proof of Claim shall not be deemed a waiver or release of the Fiscal Agent's or the Bondholders' right to trial by jury in the Court or in any other court in any proceeding as to any and all matters so triable herein, nor shall it be construed as a consent by such parties to a jury trial in the Court or in any other court in any proceeding as to any and all matters so triable herein.

27.     The Fiscal Agent reserves the right to further amend, clarify,  supplement or withdraw this Bond Debt Master Proof of Claim at any time and in any respect, including, without limitation, as necessary or appropriate to amend, quantify or correct amounts, to add or amend categories of payments or liabilities, to change the priority of the claims set forth herein, to provide additional detail regarding the claims set forth herein, or to fix the amount of any contingent or unliquidated claim, or to file additional proofs of claim at any time and including, without limitation, the right to amend this Bond Debt Master Proof of Claim to, *inter alia*, include with further specificity any and all additional Fiscal Agent Fees and Expenses, including the fees of its counsel and agents, incurred by the Fiscal Agent subsequent to the Petition Date.

28.     Nothing contained in this Bond Debt Master Proof of Claim shall be construed as limiting the Fiscal Agent's or the Bondholders' rights, remedies and interests under the Bond

13

Documents. To the extent there is a conflict between anything contained in this Bond Debt Master Proof of Claim and the Bond Documents, the terms and conditions of the Bond Documents shall govern and such documents are incorporated herein by reference.

29.     The addresses to which all notices and other communications should be sent with respect to this Bond Debt Master Proof of Claim are as follows:

Hogan Lovells US LLP
875 Third Avenue
New York, NY 10022
Attn: Robin Keller
robin.keller@hoganlovells.com

With a copy to:
U.S. Bank Trust National Association
1 Federal St.
Boston, MA 02110
Attn: Laura L. Moran
laura.moran@usbank.com

[*Remainder of Page Intentionally Left Blank*]

Schedule 1

| | Outstanding Principal Due as of May 3, 2017 (not including any insurance payments) | Outstanding and Accrued Interest Due as of May 3, 2017 (including accruals through May 3, 2017, not including any insurance payments) | Insurance Payments Prior to May 3, 2017 | Insurance Payments After May 3, 2017 | Approximate Date of Insurance Payments | Principal /Interest Payment | Bond Insurer |
|---|---|---|---|---|---|---|---|
| **PBA Bonds, Outstanding P&I Amounts, Insurance Payments (Petition Date: May 3, 2017)** | | | | | | | |
| Series C | $ 37,674,859.12 | $ 1,815,331.71 | | | | | |
| | | | | | | | |
| Series D (Insured) | $ 142,550,000.00 | $ 6,400,523.60 | $ 616,122.50 | | 1/1/2017 | Interest | AMBAC |
| | | | | $ 616,122.50 | 7/1/2017 | Interest | AMBAC |
| | | | | $ 616,122.50 | 1/1/2018 | Interest | AMBAC |
| | | | | | | | |
| Series F | $ 122,130,000.00 | $ 5,396,619.38 | | | | | |
| | | | | | | | |
| Series G | $ 30,505,000.00 | $ 1,239,469.90 | | | | | |
| | | | | | | | |
| Series 2002H (Insured) | $ 53,552,751.55 | $ 2,022,415.96 | | | | | |
| | | | $ 9,864,197.77 | | 1-Jul-16 | Principal | AMBAC |
| | | | | $ 1,138,087.50 | 1-Jan-17 | Interest | AMBAC |
| | | | | $18,890,000.00 | 1-Jul-17 | Principal | AMBAC |
| | | | | $ 1,138,087.50 | 1-Jul-17 | Interest | AMBAC |
| | | | | $ 618,212.50 | 1-Jan-18 | Interest | AMBAC |
| | | | | $ 186,044.10 | 1-Jan-18 | Accretion | FGIC |
| Series I | $ 527,840,000.00 | $ 22,911,986.77 | | | | | |
| | | | | | | | |
| Series K (Insured) | $ 50,000,000.00 | $ 2,209,375.00 | | | | | |
| | | | $ 1,312,500.00 | | 1-Jan-17 | Interest | FSA/Assured |

| | Outstanding Principal Due as of May 3, 2017 (not including any insurance payments) | | Outstanding and Accrued Interest Due as of May 3, 2017 (including accruals through May 3, 2017, not including any insurance payments) | | Insurance Payments Prior to May 3, 2017 | Insurance Payments After May 3, 2017 | Approximate Date of Insurance Payments | Principal /Interest Payment | Bond Insurer |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | $ 1,312,500.00 | 1-Jul-17 | Interest | FSA/Assured |
| | | | | | | $ 1,312,500.00 | 1-Jan-18 | Interest | FSA/Assured |
| | | | | | | | | | |
| Series 1993L | $ | 37,315,000.00 | $ | 1,727,373.54 | | $ 1,031,763.37 | 1-Jul-17 | Principal | AMBAC |
| | | | | | | $ 146,251.51 | 1-Jan-18 | Interest | AMBAC |
| Series M1 | $ | 176,375,964.10 | $ | 9,113,592.28 | | | | | |
| | | | | | | | | | |
| Series M2 (Insured) | $ | 129,225,000.00 | $ | 6,127,701.56 | | | | | |
| | | | | | $ 1,650,000.00 | | 1-Jan-17 | Interest | AMBAC |
| | | | | | | $ 1,650,000.00 | 1-Jul-17 | Interest | AMBAC |
| | | | | | | $ 3,000,000.00 | 1-Jan-18 | Interest | AMBAC |
| | | | | | | | | | |
| Series M3 (Insured) | $ | 150,000,000.00 | $ | 7,575,000.00 | | | | | |
| | | | | | | | | | |
| | | | | | $ 4,500,000.00 | | 1-Jan-17 | Interest | MBIA/National |
| | | | | | | $ 4,500,000.00 | 1-Jul-17 | Interest | MBIA/National |
| | | | | | | $ 4,500,000.00 | 1-Jan-18 | Interest | MBIA/National |
| Series N | $ | 305,832,143.38 | $ | 13,358,228.46 | | | | | |
| | | | | | | | | | |
| Series P | $ | 330,935,000.00 | $ | 18,350,721.56 | | | | | |
| | | | | | | | | | |
| Series Q | $ | 152,540,000.00 | $ | 7,150,305.52 | | | | | |
| | | | | | | | | | |
| Series R | $ | 756,449,000.00 | $ | 13,050,865.79 | | | | | |

| | Outstanding Principal Due as of May 3, 2017 (not including any insurance payments) | Outstanding and Accrued Interest Due as of May 3, 2017 (including accruals through May 3, 2017, not including any insurance payments) | Insurance Payments Prior to May 3, 2017 | Insurance Payments After May 3, 2017 | Approximate Date of Insurance Payments | Principal /Interest Payment | Bond Insurer |
|---|---|---|---|---|---|---|---|
| Series S | $          303,945,000.00 | $          14,850,745.42 | | | | | |
| | | | | | | | |
| Series T | $          120,777,000.00 | $          1,583,569.42 | | | | | |
| | | | | | | | |
| Series U | $          576,712,345.69 | $          25,383,369.69 | | | | | |
| | | | | | | | |
| Totals | $       4,004,359,063.84 | $        160,267,195.56 | $17,942,820.27 | $40,655,691.48 | | | |
| Total P&I as of Petition Date | $       4,164,626,259.40 | | | | | | |
| Outstanding Fiscal Agent Fees as of March 1, 2018 | $          428,781.00 | | | | | | |

17

## Schedule 2

**Summary of Bond Documents**

Below is a non-exclusive summary of the material documents relating to the Bonds. The Fiscal Agent reserves the right to amend and supplement this list and include other relevant documents relating to the Bonds. These documents can be provided to the Debtors upon request.

1. **LEGISLATION**
   A. The Enabling Act (as defined in this rider), including without limitation:
      a. Act 17-1968, as amended, codified as 22 L.P.R.A. § 907a; and
      b. Act No. 56 of the Legislature of Puerto Rico, approved July 19, 1958, as amended, codified under Chapter 21 of Title 22 of the Laws of Puerto Rico Annotated (as amended from time to time).

2. **SERIES C & D**:
   A. Resolution No. 468 by Puerto Rico Buildings Authority, Adopted June 22, 1995, Authorizing and Securing Government Facilities Revenue Bonds Guaranteed by the Commonwealth of Puerto Rico.
   B. Resolution No. 855, Adopted January 11, 2002 Authorizing the Issuance of Government Facilities Revenue Refunding Bonds, Series C; Government Facilities Revenue Bonds, Series D.
   C. Official Statement, Puerto Rico Buildings Authority - $185,290,000 Government Facilities Revenue Refunding Bonds, Series C; $553,733,794.90 Government Facilities Revenue Bonds Series D, Guaranteed by the Commonwealth of Puerto Rico. GDB Resolution No. EC-1473, dated January 11, 2002.

3. **SERIES F, G & H**:
   A. Resolution No. 468 by Puerto Rico Buildings Authority, Adopted June 22, 1995, Authorizing and Securing Government Facilities Revenue Bonds Guaranteed by the Commonwealth of Puerto Rico.
   B. Resolution No. 899, Adopted October 10, 2002, Authorizing the Issuance of Government Facilities Revenue Refunding Bonds, Series F; Government Facilities Revenue Bonds, Series G, Government Facilities Revenue Refunding Bonds, Series H (Forward Delivery).
   C. Official Statement for $466,162,418.10 Puerto Rico Public Buildings Authority $131,445,000 .Government Facilities Revenue Refunding Bonds, Series F $62,000,000 Government Facilities Revenue Bonds, Series G $272,717,418.10 Government Facilities Revenue Refunding Bonds, Series H (Forward Delivery), Guaranteed by the Commonwealth of Puerto Rico. GDB Resolution No. EC-1489, dated October 10, 2002.
   D. Supplement to the Official Statement $272,717,418.10 Puerto Rico Public Buildings Authority Government Facilities Revenue Refunding Bonds, Series H (Forward Delivery), dated March 21, 2003.

4. **SERIES I, K**:

   A. Resolution No. 468 by Puerto Rico Buildings Authority, Adopted June 22, 1995, as supplemented on June 10, 2004, Authorizing and Securing Government Facilities Revenue Bonds Guaranteed by the Commonwealth of Puerto Rico.

   B. Official Statement for $1,167,965,000 Puerto Rico Public Buildings Authority $832,385,000 Government Facilities Revenue Bonds, Series I $335,580,000 Government Facilities Revenue Refunding Bonds, Series J Guaranteed by the Commonwealth of Puerto Rico GDB Resolution No. EC-1524, dated May 12, 2004.

   C. Resolution No. 1000, Adopted on May 12, 2004, , Authorizing the Issuance of Government Facilities Revenue Refunding Bonds, Series I; Government Facilities Revenue Bonds, Series J, Government Facilities Revenue Refunding Bonds

   D. Resolution No. 1001, Adopted on May 27, 2004, , Authorizing the Issuance of Government Facilities Revenue Refunding Bonds, Series K and Government Facilities Revenue Bonds, Series L, Guaranteed by the Commonwealth of Puerto Rico.

   E. GDB Resolution No. EC-1525 approving the details of $347,065,000 Puerto Rico Public Buildings Authority Government Facilities Revenue Refunding Bonds, Series K and $6,795,000 Puerto Rico Public Buildings Authority Government Facilities Revenue Refunding Bonds, Series L, guaranteed by the Commonwealth of Puerto Rico.

5. **SERIES L, M & N**:

   A. Resolution No. 77, Adopted November 16, 1970 As supplemented by Resolution No. 192, Adopted April 5, 1979, Resolution No. 340, Adopted December 30, 1985, Resolution No. 397, Adopted July 20, 1989, as adopted, confirmed and approved by Resolution No. 401, Adopted October 6, 1989 and by Resolution No. 412, Adopted May 9, 1990, Authorizing and Securing Revenue Bonds Guaranteed by The Commonwealth of Puerto Rico.

   B. Resolution Nos. 445, 446 and 447, dated June 3, 1993, authorizing the issuance of the Government Facilities Revenue Refunding Bonds, Series L and Government Facilities Revenue Bonds, Series M.

   C. GDB Resolution No. EC-1525 approving the details of $347,065,000 Puerto Rico Public Buildings Authority Government Facilities Revenue Refunding Bonds, Series K and $6,795,000 Puerto Rico Public Buildings Authority Government Facilities Revenue Refunding Bonds, Series L, guaranteed by the Commonwealth of Puerto Rico.

   D. Official Statement for $713,480.00 Puerto Rico Buildings Authority Consisting of $128,895,000 Revenue Refunding Bonds, Series L and $584,585,000 Public Education and Health Facilities Refunding Bonds, Series M, dated June 1, 1993.

E. Resolution No. 468 by Puerto Rico Buildings Authority, Adopted June 22, 1995, Authorizing and Securing Government Facilities Revenue Bonds Guaranteed by the Commonwealth of Puerto Rico.

F. Resolution No. 1280, Adopted December 6, 2007, Authorizing the Issuance of Government Facilities Revenue Refunding Bonds, Series M, Government Facilities Revenue Bonds, Series N, Government Facilities Revenue Bonds, Series 0, Guaranteed by the Commonwealth of Puerto Rico.

G. Official Statement, Puerto Rico Buildings Authority- $562,850,000 aggregate principal amount of Government Facilities Revenue Refunding Bonds, Series M, Guaranteed by the Commonwealth of Puerto Rico, $329,415,000 aggregate principal amount of Government Facilities Revenue Bonds, Series N, Guaranteed by the Commonwealth of Puerto Rico and $3,025,000 aggregate principal amount of Government Facilities Revenue Bonds, Series O, Guaranteed by the Commonwealth of Puerto Rico.  GDB Resolution No. 8746, dated December 7, 2007, as supplemented December 21, 2007.

6. **SERIES P & Q**:

A. Resolution No. 468 by Puerto Rico Buildings Authority, Adopted June 22, 1995, Authorizing and Securing Government Facilities Revenue Bonds Guaranteed by the Commonwealth of Puerto Rico, as supplemented.

B. Resolution No. 1387, Adopted June 26, 2009 Authorizing the Issuance of Government Facilities Revenue Refunding Bonds, Series P Guaranteed by the Commonwealth of Puerto Rico.

C. Official Statement for $330,935,000 Puerto Rico Public Buildings Authority Government Facilities Revenue Refunding Bonds, Series P Guaranteed by the Commonwealth of Puerto Rico. GDB Resolution CE-2009-01, dated June 26, 2009.

D. Puerto Rico Public Buildings Authority Resolution No.1408, Adopted October 16, 2009 Authorizing the Issuance of Government Facilities Revenue Refunding Bonds, Series Q Guaranteed by the Commonwealth of Puerto Rico.

E. GDB Resolution EC-2009-13 approving the details of Puerto Rico Public Building Authority, $152,540,000 Government Facilities Revenue Funding Bonds, Series Q, Guaranteed by the Commonwealth of Puerto Rico, dated October 16, 2009.

7. **SERIES R**:

A. Resolution No. 468 by Puerto Rico Buildings Authority, Adopted June 22, 1995, Authorizing and Securing Government Facilities Revenue Bonds Guaranteed by the Commonwealth of Puerto Rico, as supplemented.

B. Resolution No. 1596, Adopted August 10, 2011 Authorizing the Issuance of Government Facilities Revenue Bonds, Series R (Qualified School Construction Bonds - Issuer Subsidy) Guaranteed by the Commonwealth of Puerto Rico.

C. Official Statement for $ 756,449,000 Puerto Rico Buildings Authority Government Facilities Revenue Bonds, Series R (Qualified School Construction Bonds - Issuer

Subsidy) Guaranteed by the Commonwealth of Puerto Rico.  GDB Resolution EC-2011-69, dated August 10, 2011.

8. **SERIES S:**
   A. Resolution No. 468 by Puerto Rico Buildings Authority, Adopted June 22, 1995, Authorizing and Securing Government Facilities Revenue Bonds Guaranteed by the Commonwealth of Puerto Rico.
   B. Puerto Rico Public Buildings Authority Resolution No.1595,  Adopted August 10, 2011 Authorizing the Issuance of Government Facilities Revenue Bonds, Series S Guaranteed by the Commonwealth of Puerto Rico, dated August 10, 2011.
   C. Official Statement for $303,945,000 Puerto Rico Public Buildings Authority Government Facilities Revenue Bonds, Series S Guaranteed by the Commonwealth of Puerto Rico.  GDB Resolution EC-2011-70 dated August 10, 2011.

9. **SERIES T:**
   A. Resolution No. 468 by Puerto Rico Buildings Authority, Adopted June 22, 1995, Authorizing and Securing Government Facilities Revenue Bonds Guaranteed by the Commonwealth of Puerto Rico.
   B. Resolution No. 1618, Adopted December 19, 2011 Authorizing the Issuance of Government Facilities Revenue Bonds, Series T (Qualified Zone Academy Bonds - Direct Payment) Guaranteed by the Commonwealth of Puerto Rico.
   C. Official Statement Public Buildings Authority Government Facilities Revenue Bonds, Series T (Qualified Zone Academy Bonds - Direct Payment) Guaranteed by the Commonwealth of Puerto Rico.  GDB Resolution EC-2011-103, dated December 19, 2011.

10. **SERIES U:**
   A. Resolution No. 468 by Puerto Rico Buildings Authority, Adopted June 22, 1995, Authorizing and Securing Government Facilities Revenue Bonds Guaranteed by the Commonwealth of Puerto Rico, as supplemented.
   B. Resolution No. 1633, Adopted June 8, 2012 Authorizing the Issuance of Government Facilities Revenue Refunding Bonds, Series U Guaranteed by the Commonwealth of Puerto Rico.
   C. Official Statement $582,345,000 Puerto Rico Public Buildings Authority Government Facilities Revenue Refunding Bonds, Series U Guaranteed by the Commonwealth of Puerto Rico. GDB Resolution EC-2012-46, dated June 8, 2012.

# Prime Clerk

## **Brooklyn**

### CLAIM/BALLOT HAND DELIVERY
### CONFIRMATION SHEET

DATE RECEIVED: _6/27/18_

CASE: _Puerto Rico_

NO. OF CLAIMS: _2_

NO. OF BALLOTS: _____

COPIES: _____

RECEIVED BY: _KR_