# U.S. BANK

# EXHIBIT U

Proof of Claim filed by U.S. Bank as

PBA Bonds Fiscal Agent

dated July 29, 2020

RECEIVED

[ ] Date Stamped Copy Returned
[X] No Self-Addressed Stamped Envelope
~~[ ] No Copy Provided~~

JUL 29 2020

PRIME CLERK LLC

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO / TRIBUNAL DE DISTRITO DE LOS ESTADOS
UNIDOS PARA EL DISTRITO DE PUERTO RICO

**Fill in this information to identify the case (Select only one Debtor per claim form). / Llene esta información para identificar el caso (seleccione sólo un deudor por formulario de reclamación).**

| | | | |
|---|---|---|---|
| [ ] | Commonwealth of Puerto Rico / El Estado Libre Asociado de Puerto Rico | Case No. 17-bk-03283 | Petition Date: May 3, 2017 |
| [ ] | Puerto Rico Sales Tax Financing Corporation (COFINA) La Corporación del Fondo de Interés Apremiante de Puerto Rico | Case No. 17-bk-03284 | Petition Date: May 5, 2017 |
| [ ] | Puerto Rico Highways and Transportation Authority / La Autoridad de Carreteras y Transportación de Puerto Rico | Case No. 17-bk-03567 | Petition Date: May 21, 2017 |
| [ ] | Employees Retirement System of the Government of the Commonwealth of Puerto Rico / El Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico | Case No. 17-bk-03566 | Petition Date: May 21, 2017 |
| [ ] | Puerto Rico Electric Power Authority / La Autoridad de Energía Eléctrica de Puerto Rico | Case No. 17-bk-04780 | Petition Date: July 2, 2017 |
| [X] | Puerto Rico Public Building Authority / El Autoridad de Edificios Públicos de Puerto Rico | Case No. 19-bk-05523 | Petition Date: Sept 27, 2019 |

## Modified Official Form 410 / Formulario Oficial 410 Modificado
# Proof of Claim / Evidencia de reclamación

04/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a Title III case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy or subject to confidentiality on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

**Lea las instrucciones antes de completar este formulario. Este formulario está diseñado para realizar una reclamación de pago en un caso en virtud del Título III. No utilice este formulario para solicitar el pago de un gasto administrativo que no sea una reclamación que reúna los requisitos para ser tratada como prioridad administrativa conforme al Título 11 § 503(b) (9) del U.S.C. Ese tipo de solicitud debe realizarse de conformidad con el Título 11 § 503 del U.S.C.**

**Quienes presenten la documentation deben omitir o editar** information que reúna los requisitos para ser tratada con privacidad o confidencialidad en este formulario o en cualquier otro documento adjunto. Adjunte copias editadas de cualquier otro documento que respalde la reclamación, tales como pagarés, órdenes de compra, facturas, balances detallados de cuentas en funcionamiento, contratos, resoluciones judiciales, hipotecas y acuerdos de garantías. **No adjunte documentos originales,** ya que es posible que los documentos adjuntos se destruyan luego de analizarlos. En caso de que los documentos no esén disponibles, explique los motivos en un anexo.

**Fill in all the information about the claim as of the Petition Date.**

**Complete toda la información acerca de la reclamación a la fecha en la que se presentó el caso.**

170328380100216

| Part 1 / Parte 1 | Identify the Claim / Identificar la reclamación |
|---|---|
| **1. Who is the current creditor?**<br><br>**¿Quién es al acreedor actual?** | **U.S. Bank Trust National Assciation and U.S. Bank National Association, as Fiscal Agent for the Puerto Rico Public Buildings Authority ("PBA") Bonds**<br>Name of the current creditor (the person or entity to be paid for this claim)<br>Nombre al acreedor actual (la persona o la entidad a la que se pagariá la reclamación)<br><br>Other names the creditor used with the debtor<br>Otros nombres que al acreedor usó con el deudor _____ |

**Claim Number: 174834**

| 2. Has this claim been acquired from someone else?<br><br>¿Esta reclamación se ha adquirido de otra persona? | ☒ No / No<br>☐ Yes. From whom?<br>Si. ¿De quién _____ | |
|---|---|---|
| 3. Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)<br><br>¿A dónde deberían enviarse las notificaciones al acreedor?<br><br>Noma federal del procedimiento de quiebra (FRBP, por sus siglas en inglés) 2002(g) | `Where should notices to the creditor be sent?<br>¿A dónde deberían enviarse las notificaciones al acreedor?<br><br>Hogan Lovells US LLP, Attn: Ronald Silverman<br>Name / Nombre<br><br>390 Madison Avenue<br>Number / Número   Street / Calle<br><br>New York, New York 10017<br>City / Ciudad       State / Estado  ZIP Code / Código postal<br><br>(212) 918-3880<br>Contact phone / Teléfono de contacto<br><br>Ronald.Silverman@hoganlovells.com<br>Contact email / Correo electrónico de contacto | Where should payments to the creditor be sent? (if different)<br>¿A dónde deberían enviarse los pagos al acreedor? (En caso de que sea diferente)<br><br>U.S. Bank Trust National Association, Attn: Laura Moran<br>Name / Nombre<br><br>1 Federal Street<br>Number / Número   Street / Calle<br><br>Boston, MA 02110<br>City / Ciudad       State / Estado  ZIP Code / Código postal<br><br>(617) 603-6429<br>Contact phone / Teléfono de contacto<br><br>Laura.Moran@usbank.com<br>Contact email / Correo electrónico de contacto |
| 4. Does this claim amend one already filed?<br><br>¿Esta reclamación es una enmienda de otra presentada anteriormente? | ☒ No / No<br>☐ Yes. Claim number on court claims registry (if known)<br>Si. Número de reclamaciones judicales (en caso de saberlo)_____<br>Filed on / Presentada el_____ (MM/DD/YYYY) / (DD/MM/AAAA) | |
| 5. Do you know if anyone else has filed a proof of claim for this claim?<br><br>¿Sabe si alguien más present una evidencia de reclamación para esta reclamación? | ☒ No / No<br>☐ Yes. Who made earlier filing?<br>Si. ¿Quién hizo la reclamación anterior? ` _____ | |
| Part 2 / Parte 2: | Give Information About the Claim as of the Petition Date<br><br>Complete toda la información acerca de la reclamación desde la fecha en la que present el caso. | |
| 6. Do you have a claim against a specific agency or department of the | ☒ No / No | |

| | |
|---|---|
| **Commonwealth of Puerto Rico?**<br><br>¿Tiene una reclamación en contra de algún organismo o departamento específico del Estado Libre Asociado de Puerto Rico? | ☐ Yes.  Identify  the agency or department and contact name.  (A list of Commonwealth of Puerto Rico agencies and departments is available at : https://cases.primeclerk.com/puertorico/.)<br>Si Identifique el organismo o departamento y nombre del representante. (Una lista de agencias y departamentos del Estado Libre Asociado de Puerto Rico está disponible en: https://cases.primeclerk.com/puertorico/)<br><br>_____ |
| **7.  Do you supply goods and / or services to the government?**<br><br>¿Proporciona bienes y / o servicios al gobierno? | ☒ No / No<br>☐ Yes.  Provide the additional information set forth below / Si. Proporcionar la información adicional establecida a continuación:<br><br>Vendor / Contract Number | Número de proveedor / contrato: _____<br><br>List any amounts due after the Petition Date (listed above) but before June 30, 2017:<br>Anote la cantidad que se le debe después de la fecha que se presentó el caso (mencionados anteriormente), pero antes del 30 de junio de 2017 $_____ |
| **8.  How much is the claim?**<br><br>¿Cuál es el fundamento de la reclamación? | <u>**$4,669,324,978.42 in aggregate principal and interest due as of the Petition Date on the PBA Bonds described in the attached Rider (the "Bonds"), which are guaranteed by the Commonwealth of Puerto Rico, plus all other accrued and unpaid interest, fees, costs and other contingent unliquidated amounts due under the documents governing the Bonds. See attached Rider to Proof of Claim.**</u>     **Does this amount include interest or other charges?**<br>¿Este importe incluye intereses u otros cargos?<br><br>☐ No / No<br>☒ Yes.  Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001 (c)(2)(A).<br><br>Si Adjunte un balance con intereses detallados, honorarios, gastos u otros cargos exigidos por la Norma de Quiebras 3001(c)(2)(A). |
| **9. What is the basis of the claim?**<br><br>¿Cuál es el fundamento de la reclamación? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Por ejemplo: Venta de bienes, préstamo de dinero, arrendamiento, prestación de servicios, lesiones personales u homicidio culposo, o tarjetas de crédito. Adjunte copias editadas de cualquier documento que respalde la reclamación conforme a lo exigido por la Norma de Quiebras 3001(c). Limite la divulgación de información que reúne los requisitos para ser tratada con privacidad, tal como información sobre atención médica.<br><br><u>**Obligor on Bonds issued under the Resolution and its amendments. See attached Rider to Proof of Claim.**</u> |
| **10.  Is all or part of the claim secured?**<br><br>¿La reclamación está garantizada de manera total o parcial? | ☐ No / No<br>☒ Yes.  The claim is secured by a lien on property. **See attached Rider to Proof of Claim.**<br>Si.  La reclamación está garantizada por un derecho de retención sobre un bien.<br><br>        **Nature of property / Naturaleza del bien:**<br>        ☐ motor vehicle / Vehiculos<br><br>        ☐ Other. Describe:<br>        Otro Describir: _____<br><br>        **Basis for perfection / Fundamento de la realización de pasos adicionales:**_____<br>        _____<br><br>        Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a |

mortgage. lien certificate of title. financing statement. or other document that shows the lien has been filed or recorded.)

Adjunte copias editadas de documentos. si los hubiere. que demuestre la realización de pasos adicionales para hacer valer un derecho de garantía (por ejemplo. una hipoteca. un derecho de retención. un certificado de propiedad. una declaración de financiamiento u otro documento que demuestre que se ha presentado o registrado un derecho de retención.

Value of property / Valor del bien       $_____

Amount of the claim that is secured /
Importe de la reclamación que esta garantizado: $_____

Amount of the claim that is unsecured /
Importe de la reclamación que no esta garantizado: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)
(La suma del importe garantizado y no garantizado debe coincidir con el importe de la linea 7.)

Amount necessary to cure any default as of the Petition Date /
Importe necesario para compensar toda cesación de pago a la fecha que se presentó el caso : $_____

Annual Interest Rate (on the Petition Date)
Tasa de interés anual (cuando se presentó el caso)_____%
☐ Fixed / Fija
☐ Variable / Variable

| | |
|---|---|
| **11. Is this claim based on a lease?**<br><br>¿Esta reclamación está basada en un arrendamiento? | ☒ No / No<br>☐ Yes. Amount necessary to cure any default as of the Petition Date.<br>   Si Importe necesario para compensar toda cesación de pago a partir de la que se present el caso $_____ |
| **12. Is this claim subject to a right of setoff?**<br><br>¿Esta reclamación está sujeta a un derecho de compensación? | ☒ No / No<br>☐ Yes Identify the property /<br>   Si Identifique el bien. _____ |
| **13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)**<br><br>¿La reclamación, total o parcial, cumple los requisitos para ser tratada como prioridad administrativa conforme al Titulo 11 § 503(b)(9) del U.S.C.?** | ☒ No / No<br>☐ Yes Indicate the amount of your claim arising from the value of any goods received $_____<br>   by the debtor within 20 days before the Petition Date in these Title III case(s), in which the goods have been sold to the debtor in the ordinary course of such debtor's business. Attach documentation supporting such claim<br><br>   Si Indique el importe de la reclamación que surge del valor de cualquier bien recibido por el deudor dentro de los 20 dias anteriores a la fecha de inicio en estos casos del Titulo III, en el que los bienes se han vendido al deudor en el transcurso normal de los negocios del deudor. Adjunte la documentación que respalda dicha reclamación |
| **Part 3 / Parte 3:** | **Sign Below / Firmar a continuación** |
| The person completing this proof of claim must sign and date it. | *Check the appropriate box / Marque la casilla correspondiente*<br><br>☒ I am the creditor / Soy el acreedor.<br>☐ I am the creditor's attorney or authorized agent. / Soy el abogado o agente autorizado del acreedor<br>☐ I am the trustee. or the debtor. or their authorized agent. Bankruptcy Rule 3004 / Soy el sindico. el deudor o su agente autorizado<br>   Norma de quiebra 3004. |

| | |
|---|---|
| **FRBP 9011(b)**<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>**La persona que complete esta evidencia de reclamación debe firmar e indicar la fecha.**<br>**FRBP 9011(b)**<br><br>Si presenta esta reclamación de manera electrónica, la FRBP 5005(a)(2) autoriza al tribunal a establecer normas locales para especificar qué se considera una firma. | ☐   I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005. / Soy el garante, fiador, endosante u otro codeudor Norma de quiebra 3005.<br><br>I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.<br><br>Comprendo que una firma autorizada en esta *Evidencia de reclamación* se considera como un reconocimiento de que al calcular el importe de la reclamación, el acreedor le proporcionó al deudor crédito para todo pago recibido para saldar la deuda<br><br>I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.<br><br>He leído la información en esta *Evidencia de reclamación* y tengo motivos razonables para suponer que la información es verdadera y correcta.<br><br>I declare under penalty of perjury that the foregoing is true and correct. / Declaro bajo pena de perjurio que lo que antecede es verdadero y correcto.<br><br>Executed on date / Ejecutado el <u>07-29-2020</u> (MM/DD/YYYY) / (DD/MM/AAAA)<br><br>Signature / Firma _____<br><br>**Print the name of the person who is completing and signing this claim / Escriba en letra de imprenta el nombre de la persona que completa y firma esta reclamación:**<br><br>Name   <u>Michelle Mena-Rosado</u><br>            First Name / Primer nombre        Middle Name / Segundo nombre              Last name / Apellido<br><br>Title / Cargo   <u>Vice President</u><br><br>Company / Compañía <u>U.S. Bank Trust National Association and U.S. Bank National Association, as Fiscal Agent</u><br>                Identify the corporate servicer as the company if the authorized agent is a servicer.<br>                Identifique al recaudador corporativo como la compañía si el agente autorizado es un recaudador.<br><br>Address / Dirección      <u>1 Federal Street</u><br>                          Number / Número                          Street / Calle<br><br>                          <u>Boston</u                          <u>MA 02110</u><br>                          City / Ciudad                          State / Estado ZIP Code / Código postal<br><br>Contact phone / Teléfono de contacto <u>(617) 603-6429</u> _____<br><br>Email / Correo electrónico <u>laura.moran@usbank.com</u> _____ |

## *In re* **The Financial Oversight and Management Board for Puerto Rico, as Representative of The Commonwealth of Puerto Rico,** *et al.¹*
## **19 BK 05523-LTS**

RIDER TO BOND DEBT MASTER PROOF OF CLAIM FILED BY U.S. BANK TRUST NATIONAL ASSOCIATION AND U.S. BANK NATIONAL ASSOCIATION, AS FISCAL AGENTS FOR THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY BONDS,

## A. **INTRODUCTION AND BASIS FOR CLAIM**

1.　　U.S. Bank Trust National Association and U.S. Bank National Association, as

Fiscal Agents for various series of Bonds more fully described below (collectively, "**U.S.**

**Bank**" or the "**Fiscal Agents**"), file this Bond Debt Proof of Claim² against The Puerto Rico

Public Buildings Authority ("**PBA**"), for certain PBA Bonds listed in further detail on

Schedule 1 attached hereto (collectively, the "**Bonds**").3 This Rider is incorporated into the

Bond Debt Proof of Claim in its entirety as if fully set forth therein.

---

1　　The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA) (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

2　　This Bond Debt Master Proof of Claim is being submitted on behalf of all series of Bonds collectively for administrative convenience only and should not be construed in any way to determine, or otherwise affect or justify any determination as to, the classification of claims related to Bonds of different series.

3　　**U.S. Bank National Association serves as Fiscal Agent for the following PBA Bonds:** Series 2002 C: 745235G62, 745235G70, 745235G88, 745235G96, 745235H20, 745235H38, 745235H46, Series 2002 D: 745235D24, 745235VX6, 745235D32, 745235D40, 745235VY4, 745235VZ1, Series 2002 F: 745235RV5, 745235RW3, 745235RX1, 745235RY9, 745235RZ6, 745235SA0, 745235SB8, 745235SC6, Series 2002 G: 745235SW2, 745235SX0, Series 2004 K: 745235L82, Series 1993 L: 745235GJ4, Series 2009 P: 745235K75, 745235K83, 745235K91, 745235L25, 745235L33, 745235L41, 745235L58, 745235L66, 745235L74, Series 2009 Q: 745235L90, 745235M24, 745235M32, 745235M40, Series 2011 R̃: 745235M57, 745235M81, 745235M73, 745235M65, Series 2011 S: 745235M99, 745235N23, 745235N31, 745235N49, 745235N56, 745235N64, 745235N72, 745235N80, 745235N98, 745235P21, 745235P39, 745235P47, 745235P54, 745235P88, 745235P62, 745235P70, Series 2011 T: 745235Q20, Series 2012 U: 745235R52, 745235R60, 745235R78, 745235S69, 745235R86, 745235R94, 745235S28, 745235S36, 745235S44, 745235R37. **U.S. Bank Trust National Association serves as Fiscal Agent for the following PBA Bonds**: Series 2002 H: 745235TH4, 745235TG6, 745235TJ0, 745235TK7, 745235TL5, Series 2004 I: 745235D57, 745235D65, 745235VR9, Series 2007 M1:

2. On May 3, 2017, the Commonwealth, by and through the Financial Oversight and Management Board for Puerto Rico (the "**Board**"), as the Commonwealth's representative pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("**PROMESA**"),[4] filed a petition with the United States District Court for the District of Puerto Rico (the "**Court**") under Title III of PROMESA. The case is pending before the Honorable Laura Taylor Swain and is jointly administered under Case No. 17 BK 03283 (collectively, the "**Title III Cases**").

3. On June 26, 2018, the Fiscal Agents filed an Amended Master Bond Debt Proof of Claim against the Commonwealth based on the Commonwealth's guarantees of the bond debt and the payment of underlying leases securing that debt, as more fully described below, which was docketed as Claim No. 62833 (the "**Commonwealth Proof of Claim**"). No determination has been rendered by the court as to the validity or amount of the Commonwealth Proof of Claim.

4. On September 27, 2019 (the "**Petition Date**"), the Board filed a voluntary petition for relief for PBA pursuant to PROMESA section 304(a), commencing a case under title III thereof. The case is pending before the Honorable Laura Taylor Swain and is administered under Case No. 19 BK 05523.

5. On February 28, 2020, the Board filed an Amended Plan of Adjustment (the "**Plan**") which contains a proposal currently supported by holders of a majority of aggregate principal amount of PBA Bonds outstanding to resolve disputes and litigation pertaining to the

---

745235ZK0, 745235ZL8, 745235ZM6, 745235ZN4, 745235ZP9, 745235ZQ7, 745235ZR5, 745235ZS3, 745235ZT1, Series 2007 M2: 745235B67, 745235B75, Series 2007 M3: 745235J93, 745235K26, 745235K34, 745235K42, 745235K59, 745235K67, Series 2007 N: 745235ZX2, 745235ZY0, 745235ZZ7, 745235A27, 745235A35, 745235A43, 745235A50, 745235A68, 745235A76, 745235A84, 745235A92, 745235B26, 745235B34, 745235B42.

4 PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

Commonwealth Proof of Claim by allowing the Claim in the amount, and on the terms described in the Plan.

6.    ***Bar Date Order.*** On March 11, 2020, the Court entered an initial *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [Dkt. No. 55 in Case No. 19-5523]. On June 11, 2020, the Court entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [Dkt. No. 88 in Case No. 19-5523] (the "**Bar Date Order**"), setting July 29, 2020 as the extended deadline to file Proofs of Claim.

7.    The Bar Date Order provides for the Fiscal Agents to file a Master Bond Debt Proof of Claim on behalf of all outstanding issues of bonds originated by PBA. The Fiscal Agents file this Bond Debt Proof of Claim pursuant to the Bar Date Order and do not assume any duties, obligations, or liabilities not required by the Bar Date Order, the Bond Documents (defined below) or applicable law.

8.    ***PBA Bonds.*** The Bonds were issued under PBA Bond Resolution No. 468, adopted June 22, 1995 (collectively, with all supplements, subsequent resolutions and amendments thereto, the "**1995 Resolution**"), and PBA Bond Resolution No. 77, adopted on November 16, 1970 (collectively, with all supplements, subsequent resolutions and amendments thereto, "**Resolution 77**", and collectively, with the 1995 Resolution, the "**Resolutions**").

9.    In addition to the Resolutions, there are other documents, instruments, leases, certificates or other writings executed or delivered in connection with the Resolutions and the issuance of the Bonds that support this Bond Debt Proof of Claim (the "**Supplemental Documents**", together with the Resolution, the Bonds and the Commonwealth Guaranty (as defined below, the "**Bond Documents**"). All of the Bond Documents are in the possession of

3

the Debtors, but can be provided to the Debtors upon request. The Bond Documents are expressly incorporated into this Bond Debt Proof of Claim by reference. The Bond Documents are voluminous and, pursuant to the terms of the Bar Date Order, U.S. Bank is not required to file the Bond Documents with this Bond Debt Proof of Claim. A non-exclusive list of material Bond Documents is attached hereto as Schedule 2.

10.     Pursuant to the terms of the Bond Documents, and pursuant to the terms of (i) Puerto Rico Act No. 56 of June 19, 1958, as amended from time to time pursuant to other Acts of the Puerto Rico Legislature and as codified under Chapter 21 of Title 22 of the Laws of Puerto Rico Annotated (as amended from time to time) (the "**1958 Enabling Act**"), and (ii) Puerto Rico Act No. 17, approved April 11, 1968 (as amended from time to time, the "**1968 Enabling Act**", and together with the 1958 Enabling Act, the "**Enabling Act**"), the Bonds are secured by a first priority, perfected, and continuing lien on, and payable from, a pledge of the rental payments of facilities financed or refinanced by the Bonds, owned by PBA, and leased by PBA to departments, agencies, instrumentalities and municipalities of the Commonwealth, among others (collectively, the "**PBA Leases**"). See, e.g., 1958 Enabling Act, Art. 15, 22 L.P.R.A § 916; 1995 Resolution, §§ 101, 502, 703; Resolution 77, § 703.

11.     *Commonwealth Guarantees.* Additionally, as generally outlined in the Offering Statements for the Bonds and as set forth in the Resolutions and Bond Documents, the good faith and credit of the Commonwealth is pledged to guarantee the (i) payment of the rentals under any lease agreement executed pursuant to the Enabling Act with any department, agency or instrumentality of the Commonwealth, and (ii)  payment to PBA of any unpaid portion of the rentals payable to PBA by any agency or instrumentality of the Commonwealth under any such lease agreement (together, the "**Commonwealth Lease Guaranty**"). The Bonds are further

4

backed by a guaranty by the Commonwealth pursuant to the Enabling Act, which guaranty constitutes a general obligation of the Commonwealth, which, pursuant to the Puerto Rico Constitution, pledged its full faith, credit and taxing power to draw from any funds available in the Treasury as may be necessary to cover any deficiency in the amount required for PBA's payment of the obligations due on the Bonds, including, without limitation, the obligation to pay principal, interest, premiums and amounts required to maintain reserve accounts in respect of the Bonds5 (as amended from time to time, the "**Commonwealth Bond Guaranty**," and together with the Commonwealth Lease Guaranty, the "**Commonwealth Guarantees**"). See Act 17, approved April 11-1968, as amended from time to time, codified as 22 L.P.R.A. § 907a.6 The Commonwealth Bond Guaranty is an unconditional guarantee of payment; accordingly, the amount that may be recovered from PBA on account of the Bonds shall not reduce the Commonwealth's obligations under the Commonwealth Bond Guaranty unless and until all claims on account of the Bonds are paid in full.

12. The principal amount outstanding on the Bonds as of the Petition Date was $4,004,359,063.59, plus interest, which amounts are further described in detail on Schedule 1 hereto. PBA has not made any regularly scheduled principal, interest, redemption or other

---

5 The Commonwealth Proof of Claim is incorporated by reference herein, including the following allegations:

It has been asserted by bondholders in pleadings filed with this Court (see General Obligation Bondholder Complaint, Dkt. No. 1 in Adv. No. 17-00189) that the guaranty by the Commonwealth represents a priority lien on all "available resources" of the Commonwealth. It has also been asserted by the same bondholders that a statutory lien exists in favor of, among others, the holders of PBA bonds in (a) the proceeds of certain taxes and fees that, although conditionally earmarked for payment of certain obligations of Commonwealth instrumentalities (the "clawback bonds"), are required by Puerto Rico law to be "clawed back" solely for the purpose of paying public debt (including PBA bonds) when other available resources are insufficient to do so (*see e.g.*, 3 L.P.R.A. § 1914; 9 L.P.R.A. §§ 2021, 5681; 13 L.P.R.A. §§ 2271v, 31751(a)(1)(C), 31751(a)(4)(C)) and (b) certain proceeds of property taxes that Commonwealth law requires to be levied and collected for the benefit of public debt (including PBA bonds) and segregated in a trust for the sole purpose of paying public debt (including PBA bonds). *See* 21 L.P.R.A. §§ 5002-5005. The Fiscal Agents assert such statutory and priority liens to the extent that a court with appropriate jurisdiction finally determines these asserted liens to be valid and enforceable.

6 "The Government of Puerto Rico hereby guarantees the payment of the principal of and interest on outstanding bonds at any given time, for a total principal amount that shall not exceed four billion seven hundred

payments due on the Bonds since July 2016, except (i) the Federal Subsidy Payments (as defined below), and (ii) to the extent payments have been made out of funds held by the Fiscal Agents in trust for those purposes.

13.    The majority of each interest payment on Bonds issued under (i) Supplemental Resolution No. 1596, Adopted August 10, 2011 Authorizing the Issuance of Government Facilities Revenue Bonds, Series R ("**Resolution No. 1596**", and the Bonds issued thereunder, the "**Series R Bonds**"), and (ii) Supplemental Resolution No. 1618, Adopted December 19, 2011 Authorizing the Issuance of Government Facilities Revenue Bonds, Series T ("**Resolution No. 1618**", and the Bonds issued thereunder, the "**Series T Bonds**") are subsidized by the federal government through direct cash payments (the "**Federal Subsidy Payments**"). These subsidies are obtained by filing Form 8038-CP each quarter with the Internal Revenue Service. The Series R Bonds and the Series T Bonds are "Qualified and Special Tax Credit Bonds," a category of bonds issued under section 54A of the Internal Revenue Code of 1986 (as amended) that includes two forms of school bonds (Qualified School Construction Bonds and Qualified Zone Academy Bonds) (collectively, the "**54A Bonds**"). The issuance of 54A Bonds provides either: (i) a tax credit to investors that hold such bonds on one or more of the quarterly credit allowance dates, or (ii) a direct cash payment to subsidize the interest payments on such bonds (as is the case with the Series R Bonds and the Series T Bonds).[7]

14.    ***Bond Insurers.*** Certain series of the Bonds are insured by Ambac Assurance Corporation, Financial Guaranty Insurance Company, Assured Guaranty Municipal Corp., and National Public Finance Guarantee Corporation (collectively, the "**Bond Insurers**"). The

---

twenty-one million dollars ($4,721,000,000), issued from time to time by the Public Buildings Authority for any of its purposes authorized by §§ 901 et seq. of this title." 22 L.P.R.A. § 907a.

[7] All Federal Subsidy payments made have been credited for purposes of this claim amount. No Federal Subsidy Payments have been made by the Internal Revenue Service since the second quarter of 2018.

insured Bond series are noted on Schedule 1 attached hereto. The Bond Insurers allege that all failures by PBA to comply with its obligations under the Bond Insurers' applicable insurance agreements constitute breaches of the insurance agreements and give rise to claims against PBA, which they are separately asserting. The Bond Insurers have been making principal and interest payments due on the relevant insured Bonds from time to time due to PBA's failure to fund debt service since July 2016. The Bond Insurers made $104,092,792.92 in payments prior to the Petition Date and $21,482,245.00 in payments following the Petition Date. These payments are detailed on Schedule 1.

15. Any amounts paid by the Bond Insurers to U.S. Bank have been applied, with the knowledge and consent of PBA, by U.S. Bank in accordance with applicable insurance policies and the applicable Bond Documents and do not reduce the obligation of PBA to make payments on the Bonds, or the Commonwealth's guaranty obligations to pay all principal and interest owed on the insured Bonds or otherwise reduce the amount owing under this Bond Debt Proof of Claim. This Bond Debt Proof of Claim includes the principal and interest owing on insured Bonds as of the Petition Date, as well as uninsured Bonds, without regard to whether a bond insurer has paid amounts that were owed by PBA. U.S. Bank understands that certain of these insurers intend to file their own proofs of claim against PBA with respect to their rights under applicable insurance agreements and other documents. Any statements or positions of such insurers in their respective proofs of claim are made independent of the Fiscal Agents and shall not be attributable to the Fiscal Agents.

16. *Amount of Claim.* The Fiscal Agents assert this claim against PBA for (a) all outstanding amounts related to the Bonds under the Resolutions, whether contingent or non-contingent, due or owing currently or in the future, including, but not limited to, principal,

7

interest, premiums, default interest, charges, fees, expenses, disbursements, indemnifications and any other claim of any kind arising under the Bond Documents to the extent ultimately determined by a court or as a matter of applicable law; (b) without limitation to the foregoing claims, all outstanding prepetition rental payments and all other prepetition amounts due to PBA under, or in connection with, the PBA Leases; (c) without limitation to the foregoing, all administrative priority claims for all outstanding post-petition rental payments and other post-petition amounts due under, or in connection with, the PBA Leases (11 U.S.C. §§ 365(d)(3), 503(b)(7) and 507(a)(2), each as incorporated by PROMESA § 301(a)), including as set forth in the *Order Resolving the Motion of the PBA Funds for the Payment of Rent* [Case No. 17-3283-LTS, Dkt. No. 2716] (the "**Administrative Priority Rent Claim**")); and (d) without limitation to the foregoing, any claim, including any secured or unsecured claim, for any PBA Lease that is (i) rejected by the Commonwealth pursuant to 11 U.S.C. § 365 as incorporated by PROMESA § 301(a)] ("**Section 365**") or (ii) deemed to be a secured financing or otherwise recharacterized as something other than a lease in any way in connection with the Title III Cases or for any other reason.

|   | **Petition Date Claims** |                    |
|---|--------------------------|--------------------|
| 1 | Outstanding Principal as of Petition Date | $4,004,359,063.59 |
| 2 | Outstanding Interest as of Petition Date | $664,965,914.83 |
|   |                          |                    |
|   | **Total**                | $4,669,324,978.42 |
|   |                          |                    |
|   |                          |                    |
|   |                          |                    |
|   | **Fiscal Agents Fees**   |                    |
| 3 | Fiscal Agents Unpaid Fees and Costs | TBD |
|   |                          |                    |

17.    The Fiscal Agents also assert contingent, unliquidated amounts for interest payable in the future, interest accrued and accruing in the future as to past due principal and interest, fees and costs and indemnity claims of the Fiscal Agents to be incurred in the future under the Bond Documents, and contingent and/or unliquidated amounts for all damages arising from the breach of covenants by PBA or the Commonwealth (including, without limitation, breaches of the "Covenant not to Alter Rights of Bondholders" contained in Section 9 of the 1958 Enabling Act) and diversion of collateral or other funds pledged to the Bondholders/Fiscal Agents under the Bond Documents (including, without limitation, claims arising under U.S. Const. art. I, § 10, cl. 1 and under the Fifth Amendment of the United States Constitution).

18.    The Fiscal Agents reserve all rights and claims they may have as a matter of law or equity against PBA, or any of the other Debtors in the Title III Cases, or any other public or private entities in Puerto Rico, notwithstanding the filing of this Bond Debt Proof of Claim.

19.    As of the Petition Date, no part of the claims described herein have been paid by PBA and/or the Commonwealth. Certain payments were made by Bond Insurers, who have subrogated to, and have been assigned, the rights of the Bondholders on account of such payments. For the avoidance of doubt, nothing herein shall, or is intended to, limit any rights of the Bond Insures with respect to any obligations on account of the Bonds, the Commonwealth Guaranty, the Bond Documents, and any applicable insurance policy or related documents (s).

20.    No judgment has been rendered on the claims described herein.

21.    The Fiscal Agents expressly assert and do not waive any set-off or recoupment rights they may possess.

## B.    CLASSIFICATION AND AMOUNT OF CLAIM

9

22. U.S. Bank, on behalf of itself as Fiscal Agents and the Bondholders, has claims against PBA for all amounts due and payable under the Bond Documents. These amounts are detailed further on Schedule 1 attached hereto.

**Liquidated Claims Under the Bond Documents**

23. As of the Petition Date, PBA is obligated under the Bond Documents for amounts including the following:

(a)     Unpaid Aggregate Principal: The aggregate outstanding principal balance of the Bonds in the amount of $4,004,359,063.59 pursuant to the terms of the Bond Documents;

(b)     Unpaid Interest Due: In accordance with the provisions of the Bond Documents outstanding interest due and owing as of the Petition Date is $664,965,914.83. 8/

(c)     Claims of the Fiscal Agents for reimbursement of fees and expenses: Pursuant to the terms of the Bond Documents (Section 815 of the 1995 Resolution) the Fiscal Agents are entitled to compensation for all outstanding and future incurred fees and costs of the Fiscal Agent including annual administrative charges and extraordinary administration costs as well as fees and costs of attorneys or other advisors to the Fiscal Agent (the "**Fiscal Agents Fees and Expenses**"), whether arising prior to or after the Petition Date. Any amounts paid on account of the Fiscal Agents Fees and Expenses by PBA will be credited to the amount claimed. The Fiscal Agents are indemnified against any clawback or recoupment of fees and assert an ongoing administrative expense claim for any such amounts owed.

**Unliquidated and Contingent Claims**

---

8       In the even that any interest payment received in connection with any Bonds prior to the date hereof, including any Federal Subsidy Payment, is required to be returned for any reason in whole or in part pursuant to an order of a court of competent jurisdiction, the claims herein for interest on such Bonds shall be increased by the amount of any interest payments thereon ordered to be returned.

10

24.    In addition to the foregoing liquidated amounts, the Fiscal Agents assert claims

against PBA for the benefit of all the Bondholders, for certain unliquidated amounts described as

follows. With regard to any unliquidated claim which cannot be reasonably calculated at this

time, neither the Fiscal Agents nor the Bondholders waive their rights by not stating a specific

amount.

(a) Interest (UNLIQUIDATED): The Fiscal Agents hereby claim any applicable default

interest and other amounts of interest accruing on any overdue principal (and premium) and on

any overdue installments of interest on the Bonds, as provided for in the Bond Documents and in

the Bonds or applicable law, prior to, from and after the Petition Date to the date of payment of

such principal (and premium), installment(s) of interest and any default interest due, at the rates

set forth in the Bond Documents or applicable law, if any, to the extent permitted by law.

(b) Fiscal Agents Fees and Expenses and Indemnity Rights (UNLIQUIDATED): Any

other Fiscal Agents Fees and Expenses accrued and unpaid now or in the future relating to the

Fiscal Agents' performance of their duties with respect to the Bonds, including without

limitation the reasonable fees and expenses of outside counsel, and any indemnification amounts

due under the Resolutions or as a matter of applicable law.

(c) Other charges (UNLIQUIDATED): Any and all other charges, make-whole amounts,

penalties, premiums, and advances that may be due or become due under the Bond Documents

(whether under applicable law or principles of equity), which amounts may presently be

unliquidated or contingent, but may become fixed and liquidated in the future.

(d)        This proof of claim also seeks recovery of any and all other amounts owed

on account of any and all claims the Fiscal Agents have or may have relating to the outstanding

Bond obligations, whether known or unknown, against PBA and all those purporting to act on

11

PBA's behalf, whether presently asserted or to be asserted, including without limitation claims for or based upon the breach or violation of the Bond Documents, lease agreements or other contractual obligations relating to the underlying collateral, any other covenants or other contractual obligations contained therein or in the Enabling Act, including without limitation failure of PBA to defend the validity, priority and amount due on the Bonds, or claims arising from the improper diversion of PBA's revenues or any other property securing the payment of the Bonds under the Bond Documents, as a matter of relevant Puerto Rico law, state law or federal law, including without limitation constructive trust, fraudulent conveyance or fraudulent transfer, failure to fulfill contractual and fiduciary obligations and duties, breach of implied covenants of good faith and fair dealing, or other legal or equitable claim.

25.     This Bond Debt Proof of Claim serves, and is intended to serve, as notice of a claim for any amount due or to become due under the Bond Documents, whether or not summarized or identified specifically in this Bond Debt Proof of Claim, and all interested parties are on notice of and advised to examine the provisions of the Bond Documents.

## C.     RESERVATION OF RIGHTS AND CLAIMS

26.     The filing of this Bond Debt Proof of Claim is specifically made without any election of rights and remedies, and the Fiscal Agents, on behalf of themselves and each of the Bondholders, hereby reserve all rights, remedies and claims against PBA, the Commonwealth, the other Debtors, and/or against any other person or entity, which the Fiscal Agents or the Bondholders may have, in addition to the filing and pursuit of this Bond Debt Proof of Claim, including, but not limited to, the right to assert a charge, security interest, trust, property or other claim or remedy in law, equity or otherwise and howsoever arising. This Bond Debt Proof of Claim is not intended to be, and shall not be construed as, a waiver of any past, present or future

12

defaults under the Bond Documents, or a waiver or limitation of any claims or interests of the
Fiscal Agents or any of the Bondholders against any person, entity, or property, or a waiver of
any rights, defenses, or remedies the Fiscal Agents or any of the Bondholders may have,
including, without limitation, a right to a jury trial on any issue. The Fiscal Agents do not waive,
and expressly reserve, all rights and remedies at law or in equity that they have in their individual
capacities or on behalf of any Bondholders, if any, against the Debtors, PBA, or any other person
or entity, including, without limitation, rights against the Bondholders or the Bond Insurers.

27.     The Fiscal Agents hereby demand that, to the extent required by the applicable
Bond Documents, any distributions made by PBA with respect to the Bonds must be made, in the
first instance, to the appropriate Fiscal Agents for further distribution to Bondholders in
accordance with the Bond Documents.    To the extent that the Bar Date Order permits
Bondholders or Bond Insurers to file their own proofs of claim relating to their Bonds, the Fiscal
Agents reserve all rights under the Bond Documents and applicable law with respect to all such
claims including, without limitation, duplicative claims.

28.     To the extent the Fiscal Agents recover under this claim or any separate claim that
they might assert, in order to prevent diminution of the full claims asserted herein on behalf of
the Bondholders, this claim shall be deemed to incorporate such separate claim(s); provided,
however, that any recovery on account of the Commonwealth Guarantees shall not reduce the
validity, priority or amount of this Bond Debt Proof of Claims unless and until this Bond Debt
Proof of Claim has been paid in full.

29.     In filing this Bond Debt Proof of Claim, neither the Fiscal Agents nor any of the
Bondholders submit to the jurisdiction of the Court for any purpose other than with respect to the
allowance of this claim for any and all amounts due under the Bond Documents as otherwise

13

specified herein, and they do not consent to the jurisdiction of the Court to adjudicate any other matter relating to the Bond Documents or the rights and remedies of the Fiscal Agents and/or the Bondholders.

30. This Bond Debt Proof of Claim shall not be deemed a consent by the Fiscal Agents or the Bondholders to having any matters relating to any disputed claims heard by the Court; nor shall the Fiscal Agents' submission of this Bond Debt Proof of Claim waive any of the rights of the Fiscal Agents or the Bondholders to challenge the jurisdiction of the Court, or waive any other rights, claims, actions, defenses, set-offs or recoupments (whether contingent, unliquidated or otherwise) to which the Fiscal Agents or the Bondholders may be entitled under the Bond Documents, in law or equity, all of which are expressly reserved. This Bond Debt Proof of Claim shall not be deemed a waiver or release of the Fiscal Agents' or the Bondholders' right to trial by jury in the Court or in any other court in any proceeding as to any and all matters so triable herein, nor shall it be construed as a consent by such parties to a jury trial in the Court or in any other court in any proceeding as to any and all matters so triable herein.

31. The Fiscal Agents reserve the right to further amend, clarify, supplement or withdraw this Bond Debt Proof of Claim at any time and in any respect, including, without limitation, as necessary or appropriate to amend, quantify or correct amounts, to add or amend categories of payments or liabilities, to change the priority of the claims set forth herein, to provide additional detail regarding the claims set forth herein, to assert additional claims based upon the facts set forth herein, or to fix the amount of any contingent or unliquidated claim, or to file additional proofs of claim at any time and including, without limitation, the right to amend this Bond Debt Proof of Claim to, *inter alia*, include with further specificity any and all

14

additional Fiscal Agents Fees and Expenses, including the fees of their counsel and agents, incurred by the Fiscal Agents subsequent to the Petition Date, and any indemnification costs.

32.     Nothing contained in this Bond Debt Proof of Claim shall be construed as limiting the Fiscal Agents' or the Bondholders' rights, remedies and interests under the Bond Documents, including but not limited to the right to assert additional claims based upon the Bond Documents or the facts set forth herein. To the extent there is a conflict between anything contained in this Bond Debt Proof of Claim and the Bond Documents, the terms and conditions of the Bond Documents shall govern and such documents are incorporated herein by reference.

33.     The addresses to which all notices and other communications should be sent with respect to this Bond Debt Proof of Claim are as follows:

Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
Attn: Ronald Silverman
ronald.silverman@hoganlovells.com


With a copy to:
U.S. Bank Trust National Association
1 Federal St.
Boston, MA 02110
Attn: Laura L. Moran

Laura.moran@usbank.com

*[Remainder of Page Intentionally Left Blank]*

15

## Schedule 1

| | Outstanding Principal Due as of September 27, 2019 (not including any insurance payments) | Outstanding and Accrued Interest Due as of September 27, 2019 (including accruals through September 27, 2019, not including any insurance payments) | Insurance Payments Prior to September 27, 2019 | Insurance Payments After September 27, 2019 | Approximate Date of Insurance Payments | Principal /Interest Payment | Bond Insurer |
|---|---|---|---|---|---|---|---|
| PBA Bonds, Outstanding P&I Amounts, Insurance Payments (Petition Date: September 27, 2019) | | | | | | | |
| Series C | $ 37,674,859.12 | $ 6,985,731.92 | | | | | |
| | | | | | | | |
| Series D (Insured) | $ 142,550,000.00 | $ 24,630,397.76 | $ 102,687.08 | | 1-Jul-16 | Interest | AMBAC |
| | | | $ 616,122.50 | | 1-Jan-17 | Interest | AMBAC |
| | | | $ 616,122.50 | | 1-Jul-17 | Interest | AMBAC |
| | | | $ 616,122.50 | | 1-Jan-18 | Interest | AMBAC |
| | | | $ 616,122.50 | | 1-Jul-18 | Interest | AMBAC |
| | | | $ 616,122.50 | | 1-Jan-19 | Interest | AMBAC |
| | | | $ 616,122.50 | | 1-Jul-19 | Interest | AMBAC |
| | | | | $ 616,122.50 | 1-Jan-20 | Interest | AMBAC |
| | | | | $ 616,122.50 | 1-Jul-20 | Interest | AMBAC |
| | | | | | | | |
| Series F | $ 122,130,000.00 | $ 20,767,188.75 | | | | | |
| | | | | | | | |
| Series G | $ 30,505,000.00 | $ 4,769,709.24 | | | | | |
| | | | | | | | |
| Series 2002H (Insured) | $ 53,552,751.30 | $ 9,539,827.61 | | | | | |
| | | | $ 1,138,087.50 | | 1-Jan-17 | Interest | AMBAC |
| | | | $18,890,000.00 | | 1-Jul-17 | Principal | AMBAC |
| | | | $ 1,138,087.50 | | 1-Jul-17 | Interest | AMBAC |
| | | | $ 618,212.50 | | 1-Jan-18 | Interest | AMBAC |

| Series | Outstanding Principal Due as of September 27, 2019 (not including any insurance payments) | Outstanding and Accrued Interest Due as of September 27, 2019 (including accruals through September 27, 2019, not including any insurance payments) | Insurance Payments Prior to September 27, 2019 | Insurance Payments After September 27, 2019 | Approximate Date of Insurance Payments | Principal /Interest Payment | Bond Insurer |
|---|---|---|---|---|---|---|---|
| | | | $ 186,044.10 | | 1-Jan-18 | Accretion | FGIC |
| | | | $ 618,212.50 | | 1-Jul-18 | Interest | AMBAC |
| | | | $ 70,537.50 | | 1-Jan-19 | Interest | AMBAC |
| | | | $ 70,537.50 | | 1-Jul-19 | Interest | AMBAC |
| | | | | | | | |
| Series I | $ 527,840,000.00 | $ 88,169,559.65 | | | | | |
| | | | | | | | |
| Series K (Insured) | $ 50,000,000.00 | $ 8,502,083.33 | | | | | |
| | | | $ 1,312,500.00 | | 1-Jan-17 | Interest | FSA/Assured |
| | | | $ 1,312,500.00 | | 1-Jul-17 | Interest | FSA/Assured |
| | | | $ 1,312,500.00 | | 1-Jan-18 | Interest | FSA/Assured |
| | | | $ 1,312,500.00 | | 1-Jul-18 | Interest | FSA/Assured |
| | | | $ 1,312,500.00 | | 1-Jan-19 | Interest | FSA/Assured |
| | | | $ 1,312,500.00 | | 1-Jul-19 | Interest | FSA/Assured |
| | | | | $ 1,312,500.00 | 1-Jan-20 | Interest | FSA/Assured |
| | | | | $ 1,312,500.00 | 1-Jul-20 | Interest | FSA/Assured |
| | | | | | | | |
| Series 1993L 9/ | $ 37,315,000.00 | $ 6,288,336.39 | | | | | |
| | | | | | | | |
| Series M1 | $ 176,375,964.10 | $ 35,070,787.47 | | | | | |
| | | | | | | | |
| Series M2 (Insured) | $ 129,225,000.00 | $ 20,384,215.63 | | | | | |
| | | | $ 1,650,000.00 | | 1-Jan-17 | Interest | AMBAC |

9/    There may be secondary market insurance claims for this bond filed by AMBAC.

| | Outstanding Principal Due as of September | Outstanding and Accrued Interest Due as | Insurance Payments | Insurance Payments After | Approximate Date of | Principal /Interest | Bond Insurer |
|---|---|---|---|---|---|---|---|
| | | | $ 1,650,000.00 | | 1-Jul-17 | Interest | AMBAC |
| | | | $ 3,000,000.00 | | 1-Jan-18 | Interest | AMBAC |
| | | | $ 3,000,000.00 | | 1-Jul-18 | Interest | AMBAC |
| | | | $ 3,000,000.00 | | 1-Jan-19 | Interest | AMBAC |
| | | | $ 3,000,000.00 | | 1-Jul-19 | Interest | AMBAC |
| | | | | $ 3,000,000.00 | 1-Jan-20 | Interest | AMBAC |
| | | | | $ 3,000,000.00 | 1-Jul-20 | Interest | AMBAC |
| Series M3 (Insured) | $ 150,000,000.00 | $ 29,150,000.00 | | | | | |
| | | | $ 4,500,000.00 | | 1-Jan-17 | Interest | MBIA/National |
| | | | $ 4,500,000.00 | | 1-Jul-17 | Interest | MBIA/National |
| | | | $ 4,500,000.00 | | 1-Jan-18 | Interest | MBIA/National |
| | | | $ 4,500,000.00 | | 1-Jul-18 | Interest | MBIA/National |
| | | | $ 4,500,000.00 | | 1-Jan-19 | Interest | MBIA/National |
| | | | $ 4,500,000.00 | | 1-Jul-19 | Interest | MBIA/National |
| | | | | $ 4,500,000.00 | 1-Jan-20 | Interest | MBIA/National |
| | | | | $ 4,500,000.00 | 1-Jul-20 | Interest | MBIA/National |
| Series N | $ 305,832,143.38 | $ 51,404,931.96 | | | | | |
| Series P | $ 330,935,000.00 | $ 70,616,968.13 | | | | | |
| Series Q | $ 152,540,000.00 | $ 27,515,697.15 | | | | | |
| Series R | $ 756,449,000.00 | $ 138,670,982.42 | | | | | |
| | | $ 46,010,206.71 | | | | IRS Subsidy Payment | |

| | 27, 2019 (not including any insurance payments) | of September 27, 2019 (including accruals through September 27, 2019, not including any insurance payments) | Prior to September 27, 2019 | September 27, 2019 | Insurance Payments | Payment | |
|---|---|---|---|---|---|---|---|
| Series S | $ 303,945,000.00 | $ 57,148,413.06 | | | | | |
| | | | | | | | |
| Series T | $ 120,777,000.00 | $ 21,906,263.87 | | | | | |
| | | | | | | | |
| | | $ 8,224,870.66 | | | | IRS Subsidy Payment | |
| Series U | $ 576,712,345.69 | $ 97,679,897.87 | | | | | |
| | | | | | | | |
| Totals | $ 4,004,359,063.59 | $ 664,965,914.83 | $104,092,792.92 | $18,857,245.00 | | | |
| Total P&I as of Petition Date | $ 4,669,324,978.42 | | | | | | |
| Outstanding Fiscal Agent Fees | TBD | | | | | | |

**Schedule 2**

**Summary of Bond Documents**

**1.**

**Below is a non-exclusive summary of the material documents relating to the Bonds. The Fiscal Agents reserve the right to amend and supplement this list and include other relevant documents relating to the Bonds. These documents can be provided to the Debtors upon request.**

1. **LEGISLATION**
   A. The Enabling Act (as defined in this rider), including without limitation:
      a. Act 17-1968, as amended, codified as 22 L.P.R.A. § 907a; and
      b. Act No. 56 of the Legislature of Puerto Rico, approved July 19, 1958, as amended, codified under Chapter 21 of Title 22 of the Laws of Puerto Rico Annotated (as amended from time to time).

2. **SERIES C & D**:
   A. Resolution No. 468 by Puerto Rico Buildings Authority, Adopted June 22, 1995, Authorizing and Securing Government Facilities Revenue Bonds Guaranteed by the Commonwealth of Puerto Rico.
   B. Resolution No. 855, Adopted January 11, 2002 Authorizing the Issuance of Government Facilities Revenue Refunding Bonds, Series C; Government Facilities Revenue Bonds, Series D.
   C. Official Statement, Puerto Rico Buildings Authority - $185,290,000 Government Facilities Revenue Refunding Bonds, Series C; $553,733,794.90 Government Facilities Revenue Bonds Series D, Guaranteed by the Commonwealth of Puerto Rico. GDB Resolution No. EC-1473, dated January 11, 2002.

3. **SERIES F, G & H**:
   A. Resolution No. 468 by Puerto Rico Buildings Authority, Adopted June 22, 1995, Authorizing and Securing Government Facilities Revenue Bonds Guaranteed by the Commonwealth of Puerto Rico.
   B. Resolution No. 899, Adopted October 10, 2002, Authorizing the Issuance of Government Facilities Revenue Refunding Bonds, Series F; Government Facilities Revenue Bonds, Series G, Government Facilities Revenue Refunding Bonds, Series H (Forward Delivery).
   C. Official Statement for $466,162,418.10 Puerto Rico Public Buildings Authority $131,445,000 .Government Facilities Revenue Refunding Bonds, Series F $62,000,000 Government Facilities Revenue Bonds, Series G $272,717,418.10 Government Facilities Revenue Refunding Bonds, Series H (Forward Delivery), Guaranteed by the Commonwealth of Puerto Rico. GDB Resolution No. EC-1489, dated October 10, 2002.
   D. Supplement to the Official Statement $272,717,418.10 Puerto Rico Public Buildings Authority Government Facilities Revenue Refunding Bonds, Series H (Forward Delivery), dated March 21, 2003.

4. **SERIES I, K**:

   A. Resolution No. 468 by Puerto Rico Buildings Authority, Adopted June 22, 1995, as supplemented on June 10, 2004, Authorizing and Securing Government Facilities Revenue Bonds Guaranteed by the Commonwealth of Puerto Rico.

   B. Official Statement for $1,167,965,000 Puerto Rico Public Buildings Authority $832,385,000 Government Facilities Revenue Bonds, Series I $335,580,000 Government Facilities Revenue Refunding Bonds, Series J Guaranteed by the Commonwealth of Puerto Rico GDB Resolution No. EC-1524, dated May 12, 2004.

   C. Resolution No. 1000, Adopted on May 12, 2004, , Authorizing the Issuance of Government Facilities Revenue Refunding Bonds, Series I; Government Facilities Revenue Bonds, Series J, Government Facilities Revenue Refunding Bonds

   D. Resolution No. 1001, Adopted on May 27, 2004, , Authorizing the Issuance of Government Facilities Revenue Refunding Bonds, Series K and Government Facilities Revenue Bonds, Series L, Guaranteed by the Commonwealth of Puerto Rico.

   E. GDB Resolution No. EC-1525 approving the details of $347,065,000 Puerto Rico Public Buildings Authority Government Facilities Revenue Refunding Bonds, Series K and $6,795,000 Puerto Rico Public Buildings Authority Government Facilities Revenue Refunding Bonds, Series L, guaranteed by the Commonwealth of Puerto Rico.

5. **SERIES L, M & N**:

   A. Resolution No. 77, Adopted November 16, 1970 As supplemented by Resolution No. 192, Adopted April 5, 1979, Resolution No. 340, Adopted December 30, 1985, Resolution No. 397, Adopted July 20, 1989, as adopted, confirmed and approved by Resolution No. 401, Adopted October 6, 1989 and by Resolution No. 412, Adopted May 9, 1990, Authorizing and Securing Revenue Bonds Guaranteed by The Commonwealth of Puerto Rico.

   B. Resolution Nos. 445, 446 and 447, dated June 3, 1993, authorizing the issuance of the Government Facilities Revenue Refunding Bonds, Series L and Government Facilities Revenue Bonds, Series M.

   C. GDB Resolution No. EC-1525 approving the details of $347,065,000 Puerto Rico Public Buildings Authority Government Facilities Revenue Refunding Bonds, Series K and $6,795,000 Puerto Rico Public Buildings Authority Government Facilities Revenue Refunding Bonds, Series L, guaranteed by the Commonwealth of Puerto Rico.

   D. Official Statement for $713,480.00 Puerto Rico Buildings Authority Consisting of $128,895,000 Revenue Refunding Bonds, Series L and $584,585,000 Public Education and Health Facilities Refunding Bonds, Series M, dated June 1, 1993.

23

E. Resolution No. 468 by Puerto Rico Buildings Authority, Adopted June 22, 1995, Authorizing and Securing Government Facilities Revenue Bonds Guaranteed by the Commonwealth of Puerto Rico.

F. Resolution No. 1280, Adopted December 6, 2007, Authorizing the Issuance of Government Facilities Revenue Refunding Bonds, Series M, Government Facilities Revenue Bonds, Series N, Government Facilities Revenue Bonds, Series 0, Guaranteed by the Commonwealth of Puerto Rico.

G. Official Statement, Puerto Rico Buildings Authority- $562,850,000 aggregate principal amount of Government Facilities Revenue Refunding Bonds, Series M, Guaranteed by the Commonwealth of Puerto Rico, $329,415,000 aggregate principal amount of Government Facilities Revenue Bonds, Series N, Guaranteed by the Commonwealth of Puerto Rico and $3,025,000 aggregate principal amount of Government Facilities Revenue Bonds, Series O, Guaranteed by the Commonwealth of Puerto Rico.  GDB Resolution No. 8746, dated December 7, 2007, as supplemented December 21, 2007.

6. **SERIES P & Q**:

A. Resolution No. 468 by Puerto Rico Buildings Authority, Adopted June 22, 1995, Authorizing and Securing Government Facilities Revenue Bonds Guaranteed by the Commonwealth of Puerto Rico, as supplemented.

B. Resolution No. 1387, Adopted June 26, 2009 Authorizing the Issuance of Government Facilities Revenue Refunding Bonds, Series P Guaranteed by the Commonwealth of Puerto Rico.

C. Official Statement for $330,935,000 Puerto Rico Public Buildings Authority Government Facilities Revenue Refunding Bonds, Series P Guaranteed by the Commonwealth of Puerto Rico. GDB Resolution CE-2009-01, dated June 26, 2009.

D. Puerto Rico Public Buildings Authority Resolution No.1408, Adopted October 16, 2009 Authorizing the Issuance of Government Facilities Revenue Refunding Bonds, Series Q Guaranteed by the Commonwealth of Puerto Rico.

E. GDB Resolution EC-2009-13 approving the details of Puerto Rico Public Building Authority, $152,540,000 Government Facilities Revenue Funding Bonds, Series Q, Guaranteed by the Commonwealth of Puerto Rico, dated October 16, 2009.

7. **SERIES R**:

A. Resolution No. 468 by Puerto Rico Buildings Authority, Adopted June 22, 1995, Authorizing and Securing Government Facilities Revenue Bonds Guaranteed by the Commonwealth of Puerto Rico, as supplemented.

B. Resolution No. 1596, Adopted August 10, 2011 Authorizing the Issuance of Government Facilities Revenue Bonds, Series R (Qualified School Construction Bonds - Issuer Subsidy) Guaranteed by the Commonwealth of Puerto Rico.

C. Official Statement for $ 756,449,000 Puerto Rico Buildings Authority Government Facilities Revenue Bonds, Series R (Qualified School Construction Bonds - Issuer

24

Subsidy) Guaranteed by the Commonwealth of Puerto Rico. GDB Resolution EC-2011-69, dated August 10, 2011.

8. **SERIES S**:
   A. Resolution No. 468 by Puerto Rico Buildings Authority, Adopted June 22, 1995, Authorizing and Securing Government Facilities Revenue Bonds Guaranteed by the Commonwealth of Puerto Rico.
   B. Puerto Rico Public Buildings Authority Resolution No.1595, Adopted August 10, 2011 Authorizing the Issuance of Government Facilities Revenue Bonds, Series S Guaranteed by the Commonwealth of Puerto Rico, dated August 10, 2011.
   C. Official Statement for $303,945,000 Puerto Rico Public Buildings Authority Government Facilities Revenue Bonds, Series S Guaranteed by the Commonwealth of Puerto Rico. GDB Resolution EC-2011-70 dated August 10, 2011.

9. **SERIES T**:
   A. Resolution No. 468 by Puerto Rico Buildings Authority, Adopted June 22, 1995, Authorizing and Securing Government Facilities Revenue Bonds Guaranteed by the Commonwealth of Puerto Rico.
   B. Resolution No. 1618, Adopted December 19, 2011 Authorizing the Issuance of Government Facilities Revenue Bonds, Series T (Qualified Zone Academy Bonds - Direct Payment) Guaranteed by the Commonwealth of Puerto Rico.
   C. Official Statement Public Buildings Authority Government Facilities Revenue Bonds, Series T (Qualified Zone Academy Bonds - Direct Payment) Guaranteed by the Commonwealth of Puerto Rico. GDB Resolution EC-2011-103, dated December 19, 2011.

10. **SERIES U**:
    A. Resolution No. 468 by Puerto Rico Buildings Authority, Adopted June 22, 1995, Authorizing and Securing Government Facilities Revenue Bonds Guaranteed by the Commonwealth of Puerto Rico, as supplemented.
    B. Resolution No. 1633, Adopted June 8, 2012 Authorizing the Issuance of Government Facilities Revenue Refunding Bonds, Series U Guaranteed by the Commonwealth of Puerto Rico.
    C. Official Statement $582,345,000 Puerto Rico Public Buildings Authority Government Facilities Revenue Refunding Bonds, Series U Guaranteed by the Commonwealth of Puerto Rico. GDB Resolution EC-2012-46, dated June 8, 2012.

11. **PBA Leases**:
    D. PBA is in possession of the PBA Leases, including all amendments thereto, most of which are not publicly available.

**FedEx Express** — *International Air Waybill*

Origin Copy

**1 From**

Date: 7/30/2020

Sender's FedEx Account Number

Sender's Name: Johann Hunoz   Phone

Company: City Towers

Address: 250 Ponce de Leon Ave,

Address: Suite 503

City: Hato Rey   State/Province: PR

Country:   ZIP/Postal Code: 00918

Email Address

Internal Billing Reference: 1845-0002   74 # of Claims

**2 To**

28 ☐ Residential Delivery

Recipient's Name:   Phone 2122574169

Company: PRIME CLERK

Address

Address: 850 3RD AVE STE 412   Dept/Floor

City: BROOKLYN   State/Province: NY

Country: US   ZIP/Postal Code: 11232

Email Address

Recipient's Tax ID Number for Customs Purposes

**3 Shipment Information**

Total Packages (Shipper's Load and Count/SLAC): [blank]   Total Weight: 2   lbs. ☒ / kg   DIM: [blank]   in.  cm

| Commodity Description | Harmonized Code | Country of Manufacture | Value for Customs |
|---|---|---|---|
| Doc's | | USA | NCV |

Has EEI been filed in AES?
☐ No EEI required, value $2,500 or less per Sch. B Number; no license required (NLR); not subject to ITAR.
☐ No EEI required; enter exemption number.
☐ Yes – Enter AES proof of filing citation.
For U.S. Export Only Check One

Total Declared Value for Carriage: NCV
Total Value for Customs (Specify Currency): NCV

FedEx Tracking Number: 8135 9267 1131   0402   Form ID No.

**4 Express Package Service**
NOTE: Service order has changed. Please select carefully.
06 ☐ FedEx Intl. First   01 ☒ FedEx Intl. Priority   03 ☐ FedEx Intl. Economy

**5 Packaging**
06 ☐ FedEx Envelope   02 ☐ FedEx Pak   03 ☐ FedEx Box   04 ☐ FedEx Tube
15 ☐ FedEx 10kg Box   25 ☐ FedEx 25kg Box   01 ☐ Other

**6 Special Handling and Delivery Signature Options**   Fees may apply
01 ☐ HOLD at FedEx Location   05 ☐ SATURDAY Delivery
10 ☐ Direct Signature   31 ☐ Indirect Signature
34 ☐

RECEIVED   JUL 31 2020   PRIME CLERK

**7 Payment**
Bill transportation charges to:
1 ☐ Sender   2 ☒ Recipient   3 ☐ Third Party   4 ☐ Credit Card   5 ☐ Cash/Check/Cheque

FedEx Acct. No.: 9095-8996-7

Bill duties and taxes to:
1 ☐ Sender   2 ☐ Recipient   3 ☐ Third Party   5 ☐ Cash/Check/Cheque

**8 Required Signature**
Use of this Air Waybill constitutes your agreement to the Conditions of Contract on the back of this Air Waybill...

Sender's Signature: Johann Muñoz

Received above shipment in good order and condition...

Recipient's Signature

662

| Origin Station ID | Country Code/Destination Station ID | URSA Routing | Handling Limits |
|---|---|---|---|
| SIG | FBT   X 1FBT | | Total Volume (cm) |

Received At:   Reg. Stop   On-Call Stop   Drop Box   World Service Center   Station   Forms Attached ☐ CI ☐ CO

Base Charge: 100.50   Declared Val. Chrg   Disc.   DDA/ OPA   Credit Card Auth.

FedEx Use:   Exch.   Total Chgs   7/22   180   Est. Courier Exp. #   Date

PART 158405 • Rev. Date 9/13 • ©1994–2013 FedEx • PRINTED IN U.S.A. RNDA • Non-Negotiable International Air Waybill