# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-03283 (LTS)<br><br>(Jointly Administered)<br><br>**Re: ECF No. 18502** |

### THE OFFICIAL COMMITTEE OF RETIRED EMPLOYEES' PRETRIAL INFORMATIVE MOTION REGARDING PARTICIPATION AT CONFIRMATION HEARING

To the Honorable United States District Judge Laura Taylor Swain:

In connection with the Court's October 14, 2021 Order [Dkt. 18502], the Official Committee of Retired Employees (the "**Retiree Committee**"), hereby files this Pretrial Informative Motion regarding the Retiree Committee's participation at the confirmation hearing of the Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico [Dkt. 17627] as may be amended (the "**Plan**") and states:

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

1. Robert Gordon (rgordon@jenner.com) and Catherine Steege (csteege@jenner.com) from Jenner & Block LLP will appear and present argument on behalf of the Retiree Committee. The Retiree Committee wishes to present opening argument in support of the Plan and anticipates that it will also present closing argument and address any issues that arise during the confirmation hearing.

2. The Retiree Committee anticipates calling Dr. Simon Johnson as a witness to present testimony in support of the Plan of Adjustment consistent with the testimony set forth in his Declaration and Expert Report [Dkt. 18716 and 18822]; namely, that:

   (a) Any cut to the pensions of the government employees would have a negative impact on the Puerto Rican economy.

   (b) The proposed cuts of up to 8.5% above the threshold of $1,500 per month are less damaging than the cuts originally put forward by the FOMB.

   (c) Any cuts that are deeper than the proposed cuts could significantly worsen the risks facing the economy over the medium term.

   (d) Cutting pensions further could destabilize economic prospects and jeopardize Puerto Rico's future access to credit markets.

   (e) The Plan of Adjustment's proposed treatment of pensioners relative to bondholders is justified based on current and likely future economic circumstances.

Professor Johnson's testimony is relevant to address (i) the treatment of pensions under the Plan of Adjustment, (ii) the economic basis for the treatment provided to pensions under the Plan of Adjustment, (iii) the fairness of the settlement with the retirees, (iv) Peter Hein's objection at page 14-15, and 30 of his Objection to confirmation of the Plan of Adjustment (Dkt. 18579) and the

DRA Parties' Objection to confirmation of the Plan of Adjustment with respect to the best interests test (Dkt. 18590), and (v) to demonstrate that no reductions should be made to pensions, as agreed to by the Financial Oversight and Management Board and the government, assuming a no-pension cut amended Plan is submitted to the Court.

3. The Retiree Committee estimates that if there is cross-examination of Professor Johnson, his testimony would last for approximately one hour.

4. The Retiree Committee may cross-examine David W. Prager, proffered expert witness of the DRA Parties [Dkt. 18675 at 4.] Mr. Prager is being offered by the DRA Parties to support their position that the Plan fails the best interests of creditors test. To do so, Mr. Prager creates what he terms an "Alternative Enforcement" scenario where "creditors enforce available remedies under the non-bankruptcy laws and constitution of the Commonwealth." Mr. Prager concludes that "tens of billions of dollars of future value would be available to creditors under a non-bankruptcy enforcement." In his analysis, Mr. Prager makes certain adjustments and assumptions regarding how retiree pension claims are treated under the Plan, such as: (i) "[p]ension and other union settlements contemplated by the [Fiscal Plan] could be implemented outside of a plan of adjustment and are assumed to continue…"; (ii) "any alternative pension reform (or lack thereof), would simply result in a reallocation of value to retiree creditors from other creditors, with net neutral effect on overall value available"; and (iii) that "in an Alternative Enforcement, the value contributed to the Pension Reserve Trust would be available for creditor distribution."

5. The Retiree Committee would cross-examine Mr. Prager on the analysis in his report concerning the best interests of creditors test with respect to how his analysis handles the treatment of retiree pension obligations and the Pension Reserve. Such cross-examination would focus on the underlying factual bases for the conclusions noted above and any others regarding the

3

treatment of retiree pension benefits under Mr. Prager's proffered Alternative Enforcement. The Retiree Committee requests 1 hour for Mr. Prager's cross-examination.

6. The Retiree Committee reserves the right to cross-examine the witnesses of any party opposing confirmation who dispute the treatment of pensions under the Plan of Adjustment.

7. Attached hereto as Exhibit A is the Retiree Committee's Party Appearance Sheet.

8. Attached hereto as Exhibit B is the Retiree Committee's Witness Cover Sheet.

9. Attached hereto as Exhibit C is the Retiree Committee's Exhibit Cover Sheet.

Dated: October 27, 2021

| JENNER & BLOCK LLP | BENNAZAR, GARCÍA & MILIÁN, C.S.P. |
|---|---|
| By: | By: |
| */s/ Robert Gordon* | */s/ A.J. Bennazar-Zequeira* |
| Robert Gordon (admitted *pro hac vice*)<br>Richard Levin (admitted *pro hac vice*)<br>919 Third Ave<br>New York, NY 10022-3908<br>rgordon@jenner.com<br>rlevin@jenner.com<br>212-891-1600 (telephone)<br>212-891-1699 (facsimile) | A.J. Bennazar-Zequeira<br>Héctor M. Mayol Kauffmann<br>Francisco del Castillo Orozco<br>Edificio Union Plaza, 1701<br>Avenida Ponce de León #416<br>Hato Rey, San Juan<br>Puerto Rico 00918<br>ajb@bennazar.org<br>hector.mayol@bennazar.org |
| Catherine Steege (admitted *pro hac vice*)<br>Melissa Root (admitted *pro hac vice*)<br>Landon Raiford (admitted *pro hac vice*)<br>353 N. Clark Street<br>Chicago, IL 60654<br>csteege@jenner.com<br>mroot@jenner.com<br>lraiford@jenner.com<br>312-222-9350 (telephone) | francisco.delcastillo@bennazar.org<br>787-754-9191 (telephone)<br>787-764-3101 (facsimile)<br><br>*Counsel for The Official Committee of Retired Employees of Puerto Rico* |