# Exhibit A

# Preempted Statutes

## GO Bond and GO Loan Statutes

| Statute | Summary |
|---|---|
| **Act 33 approved December 7, 1942**<br><br>13 L.P.R.A. § 35-43 | Act 33-1942, among other things, (i) authorizes the Secretary of the Treasury to refinance general obligation bonds; (ii) requires the approval of the Government of Puerto Rico to issue new debt; and (iii) pledges the good faith and taxing power of the Commonwealth of Puerto Rico for payment of bonds or certificates of indebtedness. To the extent Act 33-1942 authorizes refinancing of general obligation bonds, and is not inconsistent with Title II or PROMESA or the Plan, it is not preempted. Otherwise, provisions requiring approval of the government or impose payment obligations and appropriations outside of any Oversight Board-certified budget or fiscal plan, would give bonds priority not otherwise provided for in the Plan, would require payment in full of prepetition obligations, or would issue debt without Oversight Board approval are preempted. |
| **Act 2 approved October 10, 1985**<br><br>13 L.P.R.A. § 141-141m | Act 2-1985, among other things, (i) authorizes the Secretary of the Treasury to issue certain bonds; (ii) directs the Secretary of the Treasury to pay the principal and interest on such bonds through a continuing appropriation; and (iii) pledges the good faith, credit, and taxing power of the Commonwealth of Puerto Rico for payment of the bonds. Such provisions are preempted to the extent they would impose payment obligations and appropriations outside of any Oversight Board-certified budget or fiscal plan, would give bonds priority not otherwise provided for in the Plan, would require payment in full of prepetition obligations, or would issue debt without Oversight Board approval. |
| **Act 1 approved June 26, 1987, as amended**<br><br>13 L.P.R.A. § 63-63h | Act 1-1987, among other things, authorizes the Secretary of the Treasury to issue certain notes, and requires that certain taxes or revenues be paid to a special fund for payment in full of such notes. To the extent not provided for in the Plan or an Oversight Board-approved budget or fiscal plan, such provisions are preempted. Such provisions are further preempted to the extent they would require payment in full of prepetition obligations or would issue debt without Oversight Board approval. |
| **Act 47 approved June 30, 2013** | Act 47-2013, among other things, (i) authorizes the Secretary of Treasury to issue certain bonds and notes; (ii) directs the Secretary of the Treasury to pay the principal and interest on any such bonds or notes through a continuing appropriation; and (iii) pledges the good faith, credit, and taxing power of the Commonwealth of Puerto Rico for payment of the bonds and notes. Such provisions are preempted to the extent they would impose payment obligations and appropriations outside of any Oversight Board-certified budget or fiscal plan, would give bonds priority not otherwise provided for in the Plan, would require payment in full of prepetition obligations, or would issue debt without |

| Statute | Summary |
|---|---|
| | Oversight Board approval. |
| **Act 242 approved December 13, 2011** | Act 242-2011, among other things, (i) authorizes the Secretary of Treasury to issue certain bonds and notes; (ii) directs the Secretary of the Treasury to pay the principal and interest on any such bonds or notes through a continuing appropriation; and (iii) pledges the good faith, credit, and taxing power of the Commonwealth of Puerto Rico for payment of the bonds and notes. Such provisions are preempted to the extent they would impose payment obligations and appropriations outside of any Oversight Board-certified budget or fiscal plan, would give bonds priority not otherwise provided for in the Plan, would require payment in full of prepetition obligations, or would issue debt without Oversight Board approval. |
| **Act 45 approved June 30, 2013** <br><br> **7 L.P.R.A. § 607g** | Act 45-2013 includes, among other things, appropriations from the Puerto Rico Fiscal Reconstruction Fund for various purposes. The appropriations are to be funded, at least in part, by a loan backed by Puerto Rico bonds and notes. The Act pledges the good faith, credit and taxing power of Puerto Rico to payment of the bonds, notes, and other debt issued under the Act. It directs the Secretary of the Treasury to pay the bonds notes, or other debt in full through continuing appropriations.<br><br>Such provisions are preempted to the extent they would impose payment obligations and appropriations outside of any Oversight Board-certified budget or fiscal plan, would give bonds and notes priority not otherwise provided for in the Plan, or would require payment in full of prepetition obligations. |
| **Act 34 approved March 4, 2014** | Act 34-2014, among other things, (i) authorizes the Secretary of Treasury to issue certain bonds and notes; (ii) directs the Secretary of the Treasury to pay the principal and interest on any such bonds or notes through a continuing appropriation; and (iii) pledges the good faith, credit, and taxing power of the Commonwealth of Puerto Rico for payment of the bonds and notes. Such provisions are preempted to the extent they would impose payment obligations and appropriations outside of any Oversight Board-certified budget or fiscal plan, would give bonds priority not otherwise provided for in the Plan, would require payment in full of prepetition obligations, or would issue debt without Oversight Board approval. |
| **Act 79 approved June 1, 2011** | Act 79-2011, among other things, (i) authorizes the Secretary of Treasury to issue certain bonds and notes; (ii) directs the Secretary of the Treasury to pay the principal and interest on any such bonds or notes through a continuing appropriation; and (iii) pledges the good faith, credit, and taxing power of the Commonwealth of Puerto Rico for payment of the bonds and notes. Such |

2

| Statute | Summary |
|---|---|
|  | provisions are preempted to the extent they would impose payment obligations and appropriations outside of any Oversight Board-certified budget or fiscal plan, would give bonds priority not otherwise provided for in the Plan, would require payment in full of prepetition obligations, or would issue debt without Oversight Board approval. |
| **Act 243 approved August 9, 2008** | Act 243-2008, among other things, (i) authorizes the Secretary of Treasury to issue certain bonds and notes; (ii) directs the Secretary of the Treasury to pay the principal and interest on any such bonds or notes through a continuing appropriation; and (iii) pledges the good faith, credit, and taxing power of the Commonwealth of Puerto Rico for payment of the bonds and notes. Such provisions are preempted to the extent they would impose payment obligations and appropriations outside of any Oversight Board-certified budget or fiscal plan, would give bonds priority not otherwise provided for in the Plan, would require payment in full of prepetition obligations, or would issue debt without Oversight Board approval. |
| **Act 74 approved July 23, 2007, as amended** | Act 74-2007, among other things, (i) authorizes the Secretary of Treasury to issue certain bonds and notes; (ii) directs the Secretary of the Treasury to pay the principal and interest on any such bonds or notes through a continuing appropriation; and (iii) pledges the good faith, credit, and taxing power of the Commonwealth of Puerto Rico for payment of the bonds and notes. Such provisions are preempted to the extent they would impose payment obligations and appropriations outside of any Oversight Board-certified budget or fiscal plan, would give bonds priority not otherwise provided for in the Plan, would require payment in full of prepetition obligations, or would issue debt without Oversight Board approval. |
| **Act 43 approved August 1, 2005, as amended** | Act 43-2005, among other things, (i) authorizes the Secretary of Treasury to issue certain bonds and notes; (ii) directs the Secretary of the Treasury to pay the principal and interest on any such bonds or notes through a continuing appropriation; and (iii) pledges the good faith, credit, and taxing power of the Commonwealth of Puerto Rico for payment of the bonds and notes. Such provisions are preempted to the extent they would impose payment obligations and appropriations outside of any Oversight Board-certified budget or fiscal plan, would give bonds priority not otherwise provided for in the Plan, would require payment in full of prepetition obligations, or would issue debt without Oversight Board approval. |
| **Act 216 approved August 19, 2004** | Act 216-2004, among other things, (i) authorizes the Secretary of Treasury to issue certain bonds and notes; (ii) directs the Secretary of the Treasury to pay the principal and interest on any such bonds or notes through a continuing appropriation; and (iii) pledges the good faith, credit, and taxing power of the Commonwealth of Puerto Rico for payment of the bonds and notes. Such provisions are preempted to the extent they would impose payment obligations |

| Statute | Summary |
|---|---|
|  | and appropriations outside of any Oversight Board-certified budget or fiscal plan, would give bonds priority not otherwise provided for in the Plan, would require payment in full of prepetition obligations, or would issue debt without Oversight Board approval. |
| **Act 100 approved July 12, 2002, as amended** | Act 100-2002, among other things, (i) authorizes the Secretary of Treasury to issue certain bonds and notes; (ii) directs the Secretary of the Treasury to pay the principal and interest on any such bonds or notes through a continuing appropriation; and (iii) pledges the good faith, credit, and taxing power of the Commonwealth of Puerto Rico for payment of the bonds and notes. Such provisions are preempted to the extent they would impose payment obligations and appropriations outside of any Oversight Board-certified budget or fiscal plan, would give bonds priority not otherwise provided for in the Plan, would require payment in full of prepetition obligations, or would issue debt without Oversight Board approval. |
| **Act 161 approved July 5, 2003** | Act 161-2003, among other things, (i) authorizes the Secretary of Treasury to issue certain bonds and notes; (ii) directs the Secretary of the Treasury to pay the principal and interest on any such bonds or notes through a continuing appropriation; and (iii) pledges the good faith, credit, and taxing power of the Commonwealth of Puerto Rico for payment of the bonds and notes. Such provisions are preempted to the extent they would impose payment obligations and appropriations outside of any Oversight Board-certified budget or fiscal plan, would give bonds priority not otherwise provided for in the Plan, would require payment in full of prepetition obligations, or would issue debt without Oversight Board approval. |
| **Act 149 approved August 9, 2002, as amended** | Act 149-2002, among other things, (i) authorizes the Secretary of the Treasury to issue certain bonds; (ii) requires certain contributions be paid to a special fund for payment in full of such bonds; and (iii) directs the Office of the Management and Budget to set aside and consign funds to the special fund for payment of such bonds. To the extent not provided for in the Plan or an Oversight Board-approved budget or fiscal plan, such provisions are preempted. Such provisions are further preempted to the extent they would require payment in full of prepetition obligations or would issue debt without Oversight Board approval. |
| **Joint Resolution No. 57 approved July 12, 1993** | Joint Resolution No. 57-1993 authorizes the Secretary of the Treasury to issue bonds pursuant to Act No. 2 of October 10, 1985, as amended. To the extent the Joint Resolution authorizes the issuance of debt without Oversight Board approval, it is preempted. |

| Statute | Summary |
|---|---|
| **Act 54 approved July 6, 2001** | Act 54-2001, among other things, (i) authorizes the Secretary of Treasury to issue certain bonds and notes; (ii) directs the Secretary of the Treasury to pay the principal and interest on any such bonds or notes through a continuing appropriation; and (iii) pledges the good faith, credit, and taxing power of the Commonwealth of Puerto Rico for payment of the bonds and notes. Such provisions are preempted to the extent they would impose payment obligations and appropriations outside of any Oversight Board-certified budget or fiscal plan, would give bonds priority not otherwise provided for in the Plan, would require payment in full of prepetition obligations, or would issue debt without Oversight Board approval. |
| **Act 118 approved July 13, 2000** | Act 118-2000, among other things, (i) authorizes the Secretary of Treasury to issue certain bonds and notes; (ii) directs the Secretary of the Treasury to pay the principal and interest on any such bonds or notes through a continuing appropriation; and (iii) pledges the good faith, credit, and taxing power of the Commonwealth of Puerto Rico for payment of the bonds and notes. Such provisions are preempted to the extent they would impose payment obligations and appropriations outside of any Oversight Board-certified budget or fiscal plan, would give bonds priority not otherwise provided for in the Plan, would require payment in full of prepetition obligations, or would issue debt without Oversight Board approval. |
| **Act 153 approved July 16, 1999** | Act 153-1999, among other things, (i) authorizes the Secretary of Treasury to issue certain bonds and notes; (ii) directs the Secretary of the Treasury to pay the principal and interest on any such bonds or notes through a continuing appropriation; and (iii) pledges the good faith, credit, and taxing power of the Commonwealth of Puerto Rico for payment of the bonds and notes. Such provisions are preempted to the extent they would impose payment obligations and appropriations outside of any Oversight Board-certified budget or fiscal plan, would give bonds priority not otherwise provided for in the Plan, would require payment in full of prepetition obligations, or would issue debt without Oversight Board approval. |
| **Act 219 approved August 9, 1998** | Act 219-1998, among other things, (i) authorizes the Secretary of Treasury to issue certain bonds and notes; (ii) directs the Secretary of the Treasury to pay the principal and interest on any such bonds or notes through a continuing appropriation; and (iii) pledges the good faith, credit, and taxing power of the Commonwealth of Puerto Rico for payment of the bonds and notes. Such provisions are preempted to the extent they would impose payment obligations and appropriations outside of any Oversight Board-certified budget or fiscal plan, would give bonds priority not otherwise provided for in the Plan, would require payment in full of prepetition obligations, or would issue debt without Oversight Board approval. |

| Statute | Summary |
|---|---|
| **Act 81 approved August 14, 1997** | Act 81-1997, among other things, (i) authorizes the Secretary of Treasury to issue certain bonds and notes; (ii) directs the Secretary of the Treasury to pay the principal and interest on any such bonds or notes through a continuing appropriation; and (iii) pledges the good faith, credit, and taxing power of the Commonwealth of Puerto Rico for payment of the bonds and notes. Such provisions are preempted to the extent they would impose payment obligations and appropriations outside of any Oversight Board-certified budget or fiscal plan, would give bonds priority not otherwise provided for in the Plan, would require payment in full of prepetition obligations, or would issue debt without Oversight Board approval. |
| **Act 119 approved August 9, 1995** | Act 119-1995, among other things, (i) authorizes the Secretary of Treasury to issue certain bonds and notes; (ii) directs the Secretary of the Treasury to pay the principal and interest on any such bonds or notes through a continuing appropriation; and (iii) pledges the good faith, credit, and taxing power of the Commonwealth of Puerto Rico for payment of the bonds and notes. Such provisions are preempted to the extent they would impose payment obligations and appropriations outside of any Oversight Board-certified budget or fiscal plan, would give bonds priority not otherwise provided for in the Plan, would require payment in full of prepetition obligations, or would issue debt without Oversight Board approval. |
| **Act 46 approved July 28, 1994** | Act 46-1994, among other things, (i) authorizes the Secretary of Treasury to issue certain bonds and notes; (ii) directs the Secretary of the Treasury to pay the principal and interest on any such bonds or notes through a continuing appropriation; and (iii) pledges the good faith, credit, and taxing power of the Commonwealth of Puerto Rico for payment of the bonds and notes. Such provisions are preempted to the extent they would impose payment obligations and appropriations outside of any Oversight Board-certified budget or fiscal plan, would give bonds priority not otherwise provided for in the Plan, would require payment in full of prepetition obligations, or would issue debt without Oversight Board approval. |
| **Act 39 approved May 13, 1976, as amended** | Act 39-1976, among other things, provides for the continuing monthly transfer of certain funds for the payment of certain bonds and promissory notes issued by the Commonwealth of Puerto Rico. The Act provides the funds so transferred are to be kept in trust for the purpose of paying bonds and notes. Such provisions are preempted to the extent they would impose payment obligations outside of any Oversight Board-certified budget or fiscal plan, or would require payment in full of prepetition obligations. |
| **Act 83 approved August 30, 1991** | Act 83-1991, among other things, provides for certain tax proceeds and appropriations for payment of the Commonwealth's general obligation bonds or notes. Such provisions are preempted to the extent they would impose payment |

6

| Statute | Summary |
|---|---|
| **21 L.P.R.A. § 5001-5013** | obligations outside of any Oversight Board-certified budget or fiscal plan, or would require payment in full of prepetition obligations. |
| **Joint Resolution No. 99-2013 approved December 9, 2013** | Joint Resolution No. 99-2013, among other things, (i) authorizes the General Services Administration to take money on loan; (ii) establishes the method of repayment for the loan; and (iii) pledges the good faith, credit, and taxing power of the Commonwealth of Puerto Rico for payment of the loan. Such provisions are preempted to the extent they would impose payment obligations and appropriations outside of any Oversight Board-certified budget or fiscal plan, would give loans priority not otherwise provided for in the Plan, would require payment in full of prepetition obligations, or would issue debt without Oversight Board approval. |
| **Act 242 approved December 13, 2011** | Act 242-2011, among other things, (i) authorizes the Secretary of Treasury to issue certain bonds and notes; (ii) directs the Secretary of the Treasury to pay the principal and interest on any such bonds or notes through a continuing appropriation; and (iii) pledges the good faith, credit, and taxing power of the Commonwealth of Puerto Rico for payment of the bonds and notes. Such provisions are preempted to the extent they would impose payment obligations and appropriations outside of any Oversight Board-certified budget or fiscal plan, would give bonds and notes priority not otherwise provided for in the Plan, would require payment in full of prepetition obligations, or would issue debt without Oversight Board approval. |
| **Joint Resolution No. 104 approved December 13, 2013** | Joint Resolution No. 104-2013, among other things, authorizes the Office of the Superintendent of the Capitol to take money on loan and establishes the method of repayment for the loan to be through annual budgetary allocations from the General Fund. Such provisions are preempted to the extent they would impose payment obligations and appropriations outside of any Oversight Board-certified budget or fiscal plan, would give loans priority not otherwise provided for in the Plan, would require payment in full of prepetition obligations, or would issue debt without Oversight Board approval. |
| **Joint Resolution No. 96 approved November 27, 2013** | Joint Resolution No. 96-2013, among other things, (i) allocates funds from the Public Improvements Fund; (ii) authorizes remaining funds to be distributed according to a Joint Resolution; and (iii) authorizes the Government Development Bank for Puerto Rico to advance the Secretary of the Treasury a loan to address work determined by the Governor. Such provisions are preempted to the extent they would impose payment obligations and appropriations outside of any Oversight Board-certified budget or fiscal plan, would give loans priority not otherwise provided for in the Plan, would require payment in full of prepetition obligations, or would issue debt without Oversight |

| Statute | Summary |
|---|---|
| | Board approval. |
| **Act 17 approved April 11, 1968** | Act 17-1968, among other things, (i) authorizes the Public Buildings Authority to issue certain bonds; (ii) directs the Secretary of the Treasury to pay the principal and interest on any such bonds through a continuing appropriation; and (iii) pledges the good faith and credit of the Commonwealth of Puerto Rico for payment of the bonds. Such provisions are preempted to the extent they would impose payment obligations and appropriations outside of any Oversight Board-certified budget or fiscal plan, would give bonds priority not otherwise provided for in the Plan, would require payment in full of prepetition obligations, or would issue debt without Oversight Board approval. |
| **Act 409 approved September 22, 2004** | Act 409-2004, among other things, provides that the Commonwealth of Puerto Rico guarantees the payment of principal and interest on outstanding bonds that are issued by the Port of Americas Authority, and directs the Secretary of the Treasury to make payments of principal and interest on bonds issued by the Port of Americas Authority whenever the Port of Americas Authority lacks the funds to make such payments. Such provisions are preempted to the extent they would impose payment obligations and appropriations outside of any Oversight Board-certified budget or fiscal plan, would give bonds priority not otherwise provided for in the Plan, would require payment in full of prepetition obligations, or would issue debt without Oversight Board approval. |
| **Act 1 approved January 1, 2015** | Act 1-2015, among other things, (i) allows PRIFA to assume or repay certain debts of HTA; (ii) creates the Infrastructure Financing Authority Special Economic Assistance Fund; (iii) authorizes PRIFA to issue bonds to finance the assumed debts of HTA; (iv) provides guarantees for the payment of the bonds issued under the act; (v) authorizes the Secretary of the Treasury to pay outstanding obligations from the bonds as necessary; and (vi) pledges the full faith and credit and the taxing power of the Commonwealth of Puerto Rico to guarantee the repayment of the bonds or notes to be paid from the Infrastructure Financing Authority Special Economic Assistance Fund. Such provisions are preempted to the extent they would impose payment obligations and appropriations outside of any Oversight Board-certified budget or fiscal plan, would give bonds priority not otherwise provided for in the Plan, would require payment in full of prepetition obligations, or would issue debt without Oversight Board approval. |
| **Act 45 approved July 28, 1994** | Act 45-1994, among other things, (i) guarantees the payment of principal and interest on outstanding and future bonds issued by the Aqueducts and Sewers Authority of Puerto Rico; (ii) directs the Secretary of the Treasury to cosign or advance funds to cover payments on bonds guaranteed under the Act; and (iii) |

| Statute | Summary |
|---|---|
| | pledges the good faith and credit of the Commonwealth of Puerto Rico for payment of the bonds. Such provisions are preempted to the extent they would impose payment obligations and appropriations outside of any Oversight Board-certified budget or fiscal plan, would give bonds priority not otherwise provided for in the Plan, would require payment in full of prepetition obligations, or would issue debt without Oversight Board approval. |

**Statutes Appropriating Commonwealth Revenues**

| Statute | Brief Description |
|---|---|
| **Act 9, approved August 12, 1982, codified in part at 9 L.P.R.A. § 2021** | Act 9-1982, among other things, appropriates certain revenues to HTA, which HTA may pledge to the repayment of principal and interest on bonds and other obligations of HTA. Such appropriation provisions are preempted to the extent they would impose payment obligations outside of any Oversight Board-certified budget or fiscal plan, or would require payment in full of prepetition obligations. |
| **Act 43 approved June 21, 1971; 13 L.P.R.A. § 31751(a)(1)** | 13 L.P.R.A. § 31751(a)(1), among other things, appropriates certain revenues to HTA, which HTA may pledge to the repayment of principal and interest on bonds and other obligations of HTA. Such appropriation provisions are preempted to the extent they would impose payment obligations outside of any Oversight Board-certified budget or fiscal plan, or would require payment in full of prepetition obligations. |
| **13 L.P.R.A. § 31751(a)(3)** | 13 L.P.R.A. § 31751(a)(3), among other things, appropriates certain revenues to HTA, which HTA may pledge to the repayment of principal and interest on bonds and other obligations of HTA. Such appropriation provisions are preempted to the extent they would impose payment obligations outside of any Oversight Board-certified budget or fiscal plan, or would require payment in full of prepetition obligations |
| **Act 44 approved June 21, 1988, as amended; 3 L.P.R.A. § 1914** | Act 44-1988, as amended and including 3 L.P.R.A. § 1914, among other things, appropriates certain revenues to PRIFA. This appropriation provision is preempted to the extent it imposes payment obligations outside of any Oversight Board-certified budget or fiscal plan, or requires payment in full of prepetition obligations. |
| **Act 1 approved January 1, 2015; 13 L.P.R.A. § 31751a(a)** | Act 1-2015 (including 13 L.P.R.A. § 31751a(a)), among other things, appropriates certain excise tax revenue to PRIFA and HTA. Such appropriation provisions are preempted to the extent they impose payment obligations outside of any Oversight Board-certified budget or fiscal plan, or requires payment in full of prepetition obligations. |
| **13 L.P.R.A. § 31751(a)(4)** | 13 L.P.R.A. § 31751(a)(4), among other things, appropriates certain revenues to the MBA, which the MBA may pledge to the repayment of principal and interest on bonds and other obligations of the MBA. Such appropriation provisions are preempted to the extent they would impose payment obligations outside of any Oversight Board-certified budget or fiscal plan, or would require payment in full of prepetition obligations. |

| **Statute** | **Brief Description** |
|---|---|
| **13 L.P.R.A. § 31751(a)(5)** | 13 L.P.R.A. § 31751(a)(5), among other things, appropriates certain revenues to PRITA for its corporate powers and purposes. Such appropriation provisions are preempted to the extent they would impose payment obligations outside of any Oversight Board-certified budget or fiscal plan, or would require payment in full of prepetition obligations. |
| **13 L.P.R.A. § 2271v(a)** | 13 L.P.R.A. § 2271(v)(a), among other things, appropriates certain excise tax (room occupancy taxes) revenue to CCDA, which CCDA may pledge to the repayment of principal and interest on bonds and other obligations of HTA. Such appropriation provisions are preempted to the extent they would impose payment obligations outside of any Oversight Board-certified budget or fiscal plan, or would require payment in full of prepetition obligations. |
| **Act 147 enacted June 18, 1980, as amended, 23 L.P.R.A. § 104** | Act 147-1980 (as amended in 23 L.P.R.A. § 104), among other things, establishes the priorities of payment for "when the available funds for a specific fiscal year are not sufficient to cover the appropriations approved for that year." In addition, beginning in fiscal year 2003-04, the statute appropriates certain funds to the Judicial Branch.<br><br>Such provisions are preempted to the extent they would impose payment obligations and appropriations outside of any Oversight Board-certified budget or fiscal plan. |
| **18 L.P.R.A. § 621-1** | 18 L.P.R.A § 621-1 appropriates certain funds to the University of Puerto Rico. Such appropriation provisions are preempted to the extent they would impose payment obligations outside of any Oversight Board-certified budget or fiscal plan, or would require payment in full of prepetition obligations. |
| **Act 83 approved August 30, 1991, as amended, 21 L.P.R.A. §§ 5002, 5004, 5006, 5815.[1]** | Act 83-1991 as amended would, among other things, require the Commonwealth to compensate municipalities for certain uncollected property taxes, and would appropriate certain Commonwealth funds to municipalities. Such provisions are preempted to the extent they would impose payment obligations and appropriations outside of any Oversight Board-certified budget or fiscal plan, or would require payment in full of prepetition obligations. |
| **Act 221 approved May 15, 1948, as amended, 15 L.P.R.A. § 74(d)** | 15 L.P.R.A. §74(d), among other things, requires income from slot machines be covered into a special fund in the Tourism Company. This provision is preempted to the extent it imposes payment obligations and appropriations outside of any Oversight Board-certified budget or fiscal plan, would give bonds priority not otherwise provided for in the Plan, or would require payment in full of prepetition |

---

[1] In addition to the bases for preemption outlined above, this statute is also preempted to the extent it authorizes payment of general obligation debt, which is inconsistent with the certified Fiscal Plan.

| Statute | Brief Description |
|---|---|
| | obligations. |
| **Act 18 approved January 24, 2014, codified in part at 21 L.P.R.A. §§ 6741, 6742** | Under 21 L.P.R.A. § 6741 certain sales and use taxes, are to be deposited into a special fund known as the Municipal Administration Fund ("MAF") and the fund is to be maintained by the GDB. 21 L.P.R.A. § 6742 establishes provides the manner in which funds held by MAF will be distributed to municipalities. Such provisions are preempted to the extent they would impose payment obligations and appropriations outside of any Oversight Board-certified budget or fiscal plan, or would require payment in full of prepetition obligations. |
| **Act 214 approved August 18, 2004, as Amended and in relevant part, 23 L.P.R.A. § 695d** | In relevant part, Act 214, as amended in 23 L.P.R.A. § 695d, provides for Commonwealth funds to be appropriated to the Puerto Rico Science, Technology, and Research Trust Fund and then allocated to the Special Economic Development Fund. Such provisions are preempted to the extent they would impose payment obligations and appropriations outside of any Oversight Board-certified budget or fiscal plan, or would require payment in full of prepetition obligations. |
| **12 L.P.R.A. §8105** | 12 L.P.R.A. § 8105 provides, in part, that certain revenues allocated to the Proper Scrap Tire Management Fund be appropriated to various accounts. Such provisions are preempted to the extent they would impose payment obligations and appropriations outside of any Oversight Board-certified budget or fiscal plan, or would require payment in full of prepetition obligations. |
| **Act 41 approved July 22, 2011, as codified in part at 3 L.P.R.A. § 1023** | In relevant part, Act 41-2011, as codified in 3 L.P.R.A. § 1023, provides that the Legislative Assembly shall appropriate funds necessary for the acquisition of equipment as required to outfit and operate the Historical Archive of the Legislative Assembly of Puerto Rico. Such an appropriation provision is preempted to the extent it would impose payment obligations and appropriations outside of any Oversight Board-certified budget or fiscal plan. |
| **Act 1 approved January 31, 2011, as amended and codified in part at 13 L.P.R.A. § 33231(l)** | 13 L.P.R.A. § 33231(l) directs the Secretary of Treasury to set aside certain excise taxes the Commonwealth receives from the United States Government and provides how certain of these funds should be allocated. These provisions are preempted to the extent they would impose payment obligations and appropriations outside of any Oversight Board-certified budget or fiscal plan, or would require payment in full of prepetition obligations. |
| **9 L.P.R.A. § 5681** | L.P.R.A. § 5681, among other things, appropriates certain revenues to HTA, which HTA may pledge to the repayment of principal and interest on bonds and other obligations of HTA. Such appropriation provisions are preempted to the extent they would impose payment obligations outside of any Oversight Board- |

12

| **Statute** | **Brief Description** |
|---|---|
| | certified budget or fiscal plan, or would require payment in full of prepetition obligations. |
| **Act 15 approved February 28, 2017** | Act 15-2017, among other things, provides that certain funds will be appropriated to the Office of the Inspector General of Puerto Rico. Such appropriation provisions are preempted to the extent they would impose payment obligations outside of any Oversight Board-certified budget or fiscal plan. |

**TRS and JRS Statutes**

| Statute | Brief Description |
|---|---|
| **Act 106[2] approved August 23, 2017**<br><br>**3 L.P.R.A. § 9531-9590** | Act 106-2017 applies to the Retirement System for Employees of the Government of Puerto Rico and the Teachers' Retirement System. Among other things, the act provides that the General Fund of Puerto Rico is required to assume the total payment of pension benefits. Such provisions are preempted to the extent they would impose payment obligations outside of any Oversight Board-certified budget or fiscal plan, or would require payment in full of prepetition obligations. Further, maintaining such a program would prevent Puerto Rico from being able to achieve fiscal responsibility and access to capital markets. |
| **Act 160 approved December 24, 2013**<br><br>**18 L.P.R.A. § 393-399d** | Act 160-2013 creates a new teachers' retirement system ("TRS"), and repeals Act 91-2004. Among other things, the act provides a framework to determine payments into and from the retirement system. The act indicates that the retirement system will receive additional Commonwealth funds to make up a deficit in the system. Such provisions are preempted to the extent they would impose payment obligations outside of any Oversight Board-certified budget or fiscal plan, or would require payment in full of prepetition obligations. Further, maintaining such a program would prevent Puerto Rico from being able to achieve fiscal responsibility and access to capital markets. |
| **Act 91 of March 24, 2004**<br><br>**Repealed: 18 L.P.R.A. § 391-392w** | Act 91-2004, the prior act governing the TRS, required (among other things) the Commonwealth to contribute funds to the retirement system for each teacher employed by the Commonwealth. Such provisions are preempted to the extent they would impose payment obligations outside of any Oversight Board-certified budget or fiscal plan, or would require payment in full of prepetition obligations. |
| **Act 12 approved October 19, 1954**<br><br>**4 L.P.R.A. § 233-246** | Act 12-1954 creates a retirement system for the Commonwealth's judiciary ("JRS"). The act, in relevant part, provides the structure of the retirement system and the amount of funds the Commonwealth is required to contribute as well as the purpose for those Commonwealth contributions. Such provisions are preempted to the extent they would impose payment obligations outside of any Oversight Board-certified budget or fiscal plan, or would require payment in full of prepetition obligations. Further, maintaining such a program would prevent Puerto Rico from being able to achieve fiscal responsibility and access to capital markets. |
| **Act 7-2021** | Act 7-2021, among other things, purports to (i) dictate the treatment of Commonwealth bond debt; (ii) modify Commonwealth debt to retirees; and (iii) calls on the Commonwealth government to reject any plan of adjustment that further reduces pensions or requires budget cuts or cost increases for public services. Such provisions are preempted to the extent they would impose payment obligations or modify Commonwealth debt, or would require payment in full of prepetition obligations, without Oversight Board approval. Further, Act 7-2021 |

---

[2] Act 106 is partially preempted, solely to the extent it is inconsistent with PROMESA, the certified Fiscal Plan, and the Plan.

| Statute | Brief Description |
|---|---|
| | would frustrate the collaborative process PROMESA envisioned between the Commonwealth government and the Oversight Board, and would prevent Puerto Rico from achieving fiscal responsibility and access to capital markets. |
| **Act 162 approved on December 24, 2013** | Act 162-2013 amends the retirement system for the Commonwealth's judiciary and creates a new defined benefit and defined contribution Hybrid Program applicable to future Commonwealth judges. The act, among other things, amends pension calculations, amends the contribution amount of system participants, establishes contribution accounts for the Hybrid Program of the Commonwealth's new JRS, and amends summer and Christmas bonus provisions. Such provisions are preempted to the extent they would impose payment obligations outside of any Oversight Board-certified budget or fiscal plan, or would require payment in full of prepetition obligations. Further, maintaining such a program would prevent Puerto Rico from being able to achieve fiscal responsibility and access to capital markets. |

### Statute Relating to Issuance of New Securities

| Statute | Brief Description |
|---|---|
| Act 42 approved on September 16, 2021 | Act 42-2021 purports to repeal or amend various statutes authorizing the issuance of debt in certain circumstances. To the extent the law would require approval of the Commonwealth government for refinancing or other issuance of new debt under the Plan, or would give bonds priority not otherwise provided for in the Plan, such provisions are preempted. |