**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>              as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>              Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**MONOLINES' REPLY TO UNDERWRITER DEFENDANTS' OBJECTION TO PLAN AND PROPOSED CONFIRMATION ORDER**

Ambac Assurance Corporation ("Ambac") and Financial Guaranty Insurance Company ("FGIC," together with Ambac, the "Monolines") hereby submit this reply ("Reply") to the *Joint Objection of the Underwriter Defendants to the Plan and Proposed Confirmation Order* (the "Underwriter Defendants' Objection" or "Obj.") (ECF No. 18587), and respectfully state as follows:

1. The Underwriter Defendants' Objection to the *Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (ECF No. 17627) (the "Plan" or "POA")

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

and the proposed confirmation order (the "Proposed Confirmation Order")[2] is meritless. The Underwriter Defendants object to the Plan, alleging (erroneously) that it fails to preserve their purported rights with respect to the "Potential Future Underwriter Actions." (*See* Obj. ¶ 5.) That is demonstrably not the case. Indeed, the Plan definition of "Underwriter Actions" expressly includes "any action brought in the future in any state, federal or Commonwealth court, agency or tribunal against any of the" Underwriter Defendants. (*See* POA § 1.495.) But the Plan's definition is appropriately limited to future actions brought by the plaintiffs in the pending Underwriter Actions and involving the "claims or [causes] of action asserted" in such actions. (*See id.*) In contrast, the language that the Underwriter Defendants are proposing would extend the protection afforded to them by the Plan to *any* future actions against them relating to "any debt or bonds underwritten for or on behalf of any Debtor, any Affiliate of any Debtor, or any Government Entity." (Obj. Ex. B.) This extreme expansion of the Plan's reach is entirely unwarranted.

2. While the Underwriter Defendants' objection to the Proposed Confirmation Order advances the seemingly narrow (and erroneous) assertion that it contains an improper third-party release, their proposed revisions are sweeping and would eliminate *any* Plan release whatsoever, including, effectively, the Debtors' discharge, by allowing the Underwriter Defendants to potentially seize Commonwealth property post-emergence. (*See* Obj. Ex. C.) There is no basis for the Underwriter Defendants' claims against the Commonwealth to be preserved in this manner.

3. Specifically, the Underwriter Defendants ask this Court to delete entirely subparts (i) and (ii) of paragraph 49(f) of the Proposed Confirmation Order—eliminating the language discharging and releasing the Underwriter Defendants' potential claims and causes of action

---

[2] The Proposed Confirmation Order is appended as Exhibit A to the *Notice of Filing of Proposed Order and Judgment Confirming Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, Et Al.* (ECF No. 18447).

against, *inter alia*, **the Debtor and the Reorganized Debtors**. In place of that discharge, the Underwriter Defendants would have the Proposed Confirmation Order affirmatively state that the Underwriter Defendants' purported "Underwriter Defensive Rights may be used to (i) offset, set-off, recoup, allocate or apportion fault, liability, or damages." (*See* Obj. Ex. C.) While the Underwriter Defendants' proposed language includes a statement that their so-called "Defensive Rights" cannot be used to "obtain any *affirmative* monetary recovery from" the Commonwealth, the proposed language leaves the Underwriter Defendants free to obtain property of the Commonwealth through the back door. Because the Underwriter Defendants' proposal would eliminate any release of claims against the Commonwealth, and expressly preserve their purported rights to "offset, set-off, [or] recoup" funds, the Underwriter Defendants could seize Commonwealth property held in bank or brokerage accounts at the Underwriter Defendants so long as the seized property is used as an "offset" or "set off" to amounts the Underwriter Defendants claim they are owed on account of the Debtors' pre-petition contractual indemnity obligations.

4. This proposal is unworkable and baseless. The Commonwealth is entitled to a complete discharge and a clean slate. *See generally In re Kirby*, 599 B.R. 427, 439-40 (B.A.P. 1st Cir. 2019) (observing that the discharge injunction furthers the purpose of the Code in granting debtors a "fresh start"). Preserving for the Underwriter Defendants a unique right of "offset" or "set-off" would have the exact same result as a claim for "affirmative monetary recovery" would. The Board quite properly rejected this proposal.

5. To the extent that the Underwriter Defendants' goal is merely to preserve actual defenses available to them in the Underwriter Actions, the language in Paragraph 49(f) of the Proposed Confirmation Order does this. The Proposed Confirmation Order explicitly provides

that the release does **not** "limit the rights of the plaintiffs and defendants, including, without limitation, the parties to the Underwriter Actions, from asserting their respective rights, claims, causes of action *and defenses* in the Underwriter Actions." (*See* Proposed Confirmation Order ¶ 49(f) (emphasis added).) Nothing more is needed to protect any legitimate interest the Underwriter Defendants have in being able to assert actual defenses available to them in litigation.

6. The Underwriter Defendants' contention that the Proposed Confirmation Order includes improper "non-consensual third-party releases" is equally meritless. (*See* Obj. ¶¶ 4, 16 18, 27-43.) Subpart (i) expressly releases only claims "against the Debtors or the Reorganized Debtors," not any third parties. Subpart (ii) bars claims against "the Debtors, the Reorganized Debtors, PREPA, HTA, or any other party in the Underwriter Actions . . . for indemnification, contribution, reimbursement, set off or similar theories of recovery." This also does not release any viable claims the Underwriter Defendants have against third parties. The Debtors, the Reorganized Debtors, and their affiliates are parties whose debts are properly discharged in these proceedings. And while "any other party to the Underwriter Actions" is also included in this release, the Underwriter Defendants have made no showing, nor have they even suggested, that they have *any* claims "for indemnification, contribution, reimbursement, [or] set off" against any party to the Underwriter Actions *other than* the Debtors. This language thus merely provides additional protection to the Debtors, ensuring that there is no room for the Underwriter Defendants to work around their release and discharge.

7. Even if the Court were to analyze the limited release of certain claims against "any other party to the Underwriter Actions" in subpart (ii) of Paragraph 49(f) as a "third-party" release, such release is entirely appropriate and permissible under applicable law. "In bankruptcy cases, a court may enjoin a creditor from suing a third party, provided the injunction plays an important

part in the debtor's reorganization plan." *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 293 (2d Cir. 1992). Paragraph 49(f) plays such an important role in the Plan, reflecting a component of the compromise between the Commonwealth (and its instrumentalities) and revenue bond creditors. As part of the settlement between the Monolines and the Commonwealth, both sides agreed to a mutual release and discharge of any claims or liability—including any claims or liability that could be asserted indirectly, for example, by the Underwriter Defendants attempting to sue the Monolines on account of the Commonwealth's conduct or somehow assert a "contribution" claim against the Monolines. This is the kind of liability that the Monolines and the Board have agreed to settle, release, and discharge; allowing the Underwriter Defendants to do an "end run" around this release would nullify the settlement.

8. The situation here is not meaningfully different from any situation where a plaintiff settles with one defendant, but not with all. The Monolines remain free to pursue their claims against the Underwriter Defendants. To the extent that the Monolines obtain a monetary judgment for which the Underwriter Defendants are jointly and severally liable, then the Monolines are entitled to collect that judgment. The Underwriter Defendants cannot require the Commonwealth to indemnify them, as their contractual right to indemnity is nothing more than an unsecured, pre-petition claim that will be properly discharged under the Plan. That an indemnitor might go bankrupt, rendering the indemnity worthless, is a risk that any indemnitee, such as an underwriter, takes.

9. For these reasons, the language that the Board proposed in both the Plan and Paragraph 49(f) of the Proposed Confirmation Order should be adopted, and the Underwriter Defendants' Objection should be overruled in its entirety.

Dated: October 27, 2021
San Juan, Puerto Rico

**FERRAIUOLI LLC**

By: /s/ *Roberto Cámara-Fuertes*
Roberto Cámara-Fuertes (USDC-PR No. 219002)
Sonia Colón (USDC-PR No. 213809)
221 Ponce de León Avenue, 5th Floor
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: rcamara@ferraiuoli.com
scolon@ferraiuoli.com

**MILBANK LLP**

By: /s/ *Atara Miller*
Dennis F. Dunne (admitted *pro hac vice*)
Atara Miller (admitted *pro hac vice*)
Grant R. Mainland (admitted *pro hac vice*)
John J. Hughes, III (admitted *pro hac vice*)
Jonathan Ohring (admitted *pro hac vice*)
55 Hudson Yards
New York, NY 10001
Telephone: (212) 530-5000
Facsimile: (212) 530-5219
Email: ddunne@milbank.com
amiller@milbank.com
gmainland@milbank.com
jhughes2@milbank.com
johring@milbank.com

***Attorneys for Ambac Assurance Corporation***

**REXACH & PICÓ, CSP**

By: /s/ *María E. Picó*
María E. Picó
(USDC-PR No. 123214)
802 Ave. Fernández Juncos
San Juan, PR 00907-4315
Telephone: (787) 723-8520
Facsimile: (787) 724-7844
Email: mpico@rexachpico.com

**BUTLER SNOW LLP**

By: /s/ *Martin A. Sosland*
Martin A. Sosland (admitted *pro hac vice*)
2911 Turtle Creek Blvd., Suite 1400
Dallas, TX 75219
Telephone: (469) 680-5502
Facsimile: (469) 680-5501
Email: martin.sosland@butlersnow.com

James E. Bailey III (admitted *pro hac vice*)
Adam M. Langley (admitted *pro hac vice*)
6075 Poplar Ave., Suite 500
Memphis, TN 38119
Telephone: (901) 680-7200
Facsimile: (901) 680-7201
Email: jeb.bailey@butlersnow.com
adam.langley@butlersnow.com

***Attorneys for Financial Guaranty Insurance Company***

**CERTIFICATE OF SERVICE**

I hereby certify that on this same date a true and exact copy of this notice was filed with the Clerk of Court using the CM/ECF system, which will notify a copy to counsel of record.

/s/ *Roberto Cámara-Fuertes*
Roberto Cámara-Fuertes (USDC-PR No. 219002)
221 Ponce de León Avenue, 5th Floor
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: rcamara@ferraiuoli.com