# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-03283 (LTS)<br><br>(Jointly Administered) |

## NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION'S
## REPLY TO THE UNDERWRITER DEFENDANTS' OBJECTION TO PLAN AND
## PROPOSED CONFIRMATION ORDER  (ECF NO. 18587)

National Public Finance Guarantee Corporation ("National") hereby submits this reply

("Reply") to the *Joint Objection of the Underwriter Defendants to the Plan and Proposed*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Confirmation Order* (ECF No. 18587) (the "Underwriter Defendants' Objection"),[2] and respectfully states as follows:

1. The Underwriter Defendants' Objection to the *Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico et al.* (ECF No. 17627) (the "Plan") and the proposed confirmation order (the "Proposed Confirmation Order")[3] should be overruled in its entirety. The Underwriter Defendants in the Underwriter Defendants' Objection purport to seek only to preserve so-called "Defensive Rights," with a specific focus on preserving their ability to assert "set off and recoupment rights." *See, e.g.*, Underwriter Defendants' Objection ¶ 18. In reality, the proposed changes to the Proposed Confirmation Order (*see* Underwriter Defendants' Objection Ex. C) seek to create broad rights where none otherwise would exist.

2. Specifically, the Underwriter Defendants propose to strike subsection (i) of paragraph 49(f),[4] a change that if adopted would prevent the Debtors, the Reorganized Debtors, or National from asserting that the claims of the Underwriter Defendants are barred or discharged pursuant to the Bar Date Orders.

3. The Underwriter Defendants also propose to strike subsection (ii), which disallows "in accordance with the terms and provisions of the Plan and Confirmation Order[,]" as "against the Debtors, the Reorganized Debtors, PREPA, HTA, or any other party in the

---

[2] Unless otherwise indicated, references to ECF numbers in this Joinder refer to the docket in Case No. 17-3283-LTS. Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Underwriter Defendants' Objection or the Plan, as applicable.

[3] The Proposed Confirmation Order is annexed as Exhibit A to the *Notice of Filing of Proposed Order and Judgment Confirming Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, Et Al.* (ECF No. 18447).

[4] Subsection (i), in relevant part, prohibits any party to the Underwriter Actions from asserting "against the Debtors or the Reorganized Debtors any Claim or Cause of Action that otherwise is barred or discharged pursuant to the Bar Date Orders, the Plan, and/or Confirmation Order."

Underwriter Actions[,] any Claims or counterclaims for indemnification, contribution, reimbursement, set-off or similar theories of recovery." In its stead, the Underwriter Defendants propose language that could allow them to assert any and all affirmative claims and causes of action, including discharged claims, against "the parties to the Underwriter Action" to allocate liability or damages or to seek judgment reduction.[5] If the change were adopted, it would seem that the Underwriter Defendants could implead the Debtors, the Reorganized Debtors, PREPA, and HTA into the Underwriter Actions, which would become parties to the Underwriter Action and become vulnerable to actions for indemnification, contribution, and the like, irrespective of any Bar Date Orders, claim disallowance, or other defense contemplated by the Plan, Confirmation Order, or Plan-related document.

4. The reasoning underlying the proposed changes is obvious: Nearly all of the Underwriter Defendants that are party to the National Action inexcusably failed to file proofs of claims in these Title III Cases;[6] nevertheless, all of the Underwriter Defendants apparently plan to assert contingent, unsecured reimbursement or contribution claims that are subject to disallowance on multiple grounds. *See* 11 U.S.C. § 502(e)(1)(B). For example, the purported (but unasserted) indemnity claims arose prior to the Title III, yet the Underwriter Defendants, with few

---

[5] Specifically, the Underwriter Defendants propose to insert language that provides: "The Underwriter Defensive Rights may be used to (i) offset, set-off, recoup, allocate or apportion fault, liability or damages, or seek judgment reduction or otherwise defend against any claim asserted in the Underwriter Actions against the parties to the Underwriter Actions and (ii) shall in no case be used to seek or obtain any affirmative monetary recovery from Debtors, the Reorganized Debtors, PREPA, and HTA."

[6] The only Underwriter Defendant that filed a relevant proof of claim prior to the Bar Date was Santander Securities LLC. *See* Plaintiff's Motion for Remand and Memorandum in Support Thereof at pp. 9–10, National Public Finance Guarantee Corporation v. UBS Financial Services, Inc., et al., No. 19-00422-LTS (D.P.R. Oct. 09, 2019), ECF No. 31 ("Only one Defendant—Santander—filed any potentially relevant proofs of claim for indemnification, on three of the sixteen bond issuances in dispute. While other Defendants and their affiliates filed certain other proofs of claim before the bar date, none relates to the bonds at issue here.").

exceptions, failed to file timely proofs of claims in this or any other Title III case.[7] Nor is there any excuse for the delay in failing to file proofs of claims in respect of contribution claims in connection with lawsuits filed years ago.[8] Indeed, the Underwriter Defendants have been well aware for years that (i) their failure to file proofs of claim before the Bar Date on account of their purported indemnification claims could bar such claims[9] and, (ii) proofs of claim on account of their purported contribution claims should have been filed, at the latest, when they were first sued by National.[10] Yet, almost three years later, not one attempt has been made to file proofs of claim. While this surely is neglect, it is certainly not excusable.

---

[7] *See, e.g., In re Hemingway Transp., Inc.,* 954 F.2d 1, 9 (1st Cir. 1992) ("Given the great breadth of the term 'claim' as defined under the Bankruptcy Code, we conclude that Woburn held a prepetition claim against Hemingway at the time of the chapter 11 petition in 1982, albeit a right to payment contingent on a future occurrence reasonably within the contemplation of the parties as evidenced by the terms of the indemnification agreement. That the claim remained contingent, unliquidated and unmatured at the time of the filing of the chapter 11 petition is immaterial to Woburn's obligation to file a timely proof of claim under the Bankruptcy Code."); *In re Manville Forest Products Corp.*, 209 F.3d 125, 129 (2d Cir. 2000) ("Under contract law, a right to payment based on a written indemnification contract arises at the time the indemnification agreement is executed . . . We also agree with the bankruptcy and district courts that Olin's claims arose pre-petition. Here, the relationship between the parties was created upon the signing of the indemnity agreements in 1967 and 1974."); *Allstate Ins. Co. v. Credit Suisse Sec. (USA) LLC,* 2011 WL 4965150, at *5 (S.D.N.Y. 2011) ("An indemnification right 'arises at the time the indemnification agreement is executed,' and it constitutes a claim under the Bankruptcy Code even if the act giving rise to indemnification has not yet occurred."); *Sealink Funding Ltd. V. Bear Stearns & Co, Inc.*, 2012 WL 4794450, at *3 (S.D.N.Y. 2012).

[8] *See, e.g., In re Nat'l Steel Corp.*, 316 B.R. 510, 519 (Bankr. N.D. Ill. 2004) (denying a motion for leave to file a late claim because the movant "sat on its hands and did nothing," while aware of its potential indemnification and contribution claim and "the delay between its learning of the potential liability and its filing of the instant motion, five months, is still disproportionate to similar cases.").

[9] Defendants' Opposition to Plaintiff's Motion for Remand at p. 17, National Public Finance Guarantee Corporation v. UBS Financial Services, Inc., et al., No. 19-00422-LTS (D.P.R. Nov. 08, 2019), ECF No. 38 ("To be sure, the Debtors could assert that the indemnification claims of those Underwriters who did not file proofs of claim before the deadline in the PROMESA cases are barred.").

[10] *Id.* at p. 19 ("Moreover, National concedes [] that contribution claims need not be filed at least until the party seeking contribution is actually sued.").

5. This Court should reject the Underwriter Defendants' sharp tactics, which would burden the Debtors, the Reorganized Debtors, PREPA, and HTA with post-confirmation litigation that cannot possibly be contemplated by the Confirmation Order. The Debtors and related Government Parties should not be pulled into litigation or otherwise subjected to lawsuits in the guise of so-called "Defensive Rights."

6. In addition to the arguments herein, National hereby joins in the arguments set forth in *Monolines' Reply to Underwriter Defendants' Objection to Plan and Proposed Confirmation Order* (ECF No. 18871) (the "Ambac/FGIC Reply").

7. National reserves all rights with respect to the issues raised in this Reply, the Ambac/FGIC Reply, and the Underwriter Defendants' Objection, including the right to be heard at any hearing on this Reply, the Ambac/FGIC Reply, or the Underwriter Defendants' Objection.

[*Remainder of page intentionally left blank*]

**RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico, October 27, 2021.

**WE HEREBY CERTIFY** that on this same date a true and exact copy of this limited joinder was filed with the Clerk of Court using the CM/ECF system, which will notify a copy to counsel of record. Also, copy of this document will be notified via electronic mail to all case participants.

Dated: October 27, 2021
  San Juan, Puerto Rico

| | |
|---|---|
| **ADSUAR MUÑIZ GOYCO SEDA & PÉREZ-OCHOA, P.S.C.** | **WEIL, GOTSHAL & MANGES LLP** |
| By: */s/ Eric Pérez-Ochoa*<br>Eric Pérez-Ochoa<br>USDC-PR No. 206,314<br>Email: epo@amgprlaw.com<br><br>*/s/ Luis A. Oliver-Fraticelli*<br>Luis A. Oliver-Fraticelli<br>USDC-PR No. 209,204<br>Email: loliver@amgprlaw.com<br><br>PO BOX 70294<br>San Juan, PR 00936<br>Telephone: (787) 756-9000<br>Facsimile: (787) 756-9010<br><br>*Attorneys for National Public Finance Guarantee Corp.* | By: */s/ Robert Berezin*<br>Jonathan Polkes\*<br>Gregory Silbert\*<br>Robert Berezin\*<br>Kelly DiBlasi\*<br>Gabriel A. Morgan\*<br>767 Fifth Avenue<br>New York, NY 10153<br>Tel.: (212) 310-8000<br>Fax: (212) 310-8007<br>Email: jonathan.polkes@weil.com<br>  gregory.silbert@weil.com<br>  robert.berezin@weil.com<br>  kelly.diblasi@weil.com<br>  gabriel.morgan@weil.com<br><br>\*Admitted *pro hac vice*<br><br>*Attorneys for National Public Finance Guarantee Corp.* |