Tricentésima Sexagésima Séptima Objeción Global
Anexo A - Reclamos a ser reclasificados

| | NOMBRE | N.º DE RECLAMACIÓN | ALEGADOS DEUDOR | ESTADO DE PRIORIDAD | IMPORTE | CORREGIDOS DEUDOR | ESTADO DE PRIORIDAD | IMPORTE |
|---|---|---|---|---|---|---|---|---|
| 74 | LEBRON FLORES, AMANLYS<br>URB. VILLA ANA CALLE ROBERTO MOJICA D-15<br>JUNCOS, PR 00777 | 24607 | Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico | No Garantizada | Indeterminado* | El Estado Libre Asociado de Puerto Rico | No Garantizada | Indeterminado* |

Base para: La evidencia de reclamo y la documentación de respaldo invocan obligaciones asociadas con litigios en curso derivados de la relación de empleo del demandante con el Estado Libre Asociado y/o una de sus agencias. En consecuencia, toda obligación debe invocarse contra el Estado Libre Asociado, no contra el ERS. Asimismo, la Evidencia de reclamo también invoca obligaciones asociadas con un litigio en curso, cuyo resultado puede derivar en obligaciones adicionales de pensión adeudadas al demandante. Sin embargo, de acuerdo con la Ley 106, el Estado Libre Asociado, y no el ERS, es responsable del pago de las pensiones.

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 75 | LEBRON PAGAN, BETTY<br>URB HACIENDA<br>AT25 CALLE 42<br>GUAYAMA, PR 00784 | 24177 | Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico | 503(b)(9) | $31,000.00* | El Estado Libre Asociado de Puerto Rico | 503(b)(9) | $31,000.00* |

Base para: La Evidencia de reclamo y la documentación de respaldo invocan obligaciones asociadas con una pensión por discapacidad. Sin embargo, de acuerdo con la Ley 106, el Estado Libre Asociado, y no el ERS, es responsable del pago de las pensiones por discapacidad.

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 76 | LEBRON RODRIGUEZ, TERESA<br>CO PEDRO G SANCHEZ CRUZ<br>PO BOX 372290<br>CAYEY, PR 00737-2290 | 7502 | Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico | No Garantizada | Indeterminado* | El Estado Libre Asociado de Puerto Rico | No Garantizada | Indeterminado* |

Base para: La Evidencia de reclamo y la documentación de respaldo invocan obligaciones asociadas con una pensión por discapacidad. Sin embargo, de acuerdo con la Ley 106, el Estado Libre Asociado, y no el ERS, es responsable del pago de las pensiones por discapacidad.

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 77 | LEON TEXEIRA, LUDGERIA<br>3 VILLA FRANCES<br>JUANA DIAZ, PR 00795 | 6767 | Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico | No Garantizada | Indeterminado* | El Estado Libre Asociado de Puerto Rico | No Garantizada | Indeterminado* |

Base para: La Evidencia de reclamo y la documentación de respaldo invocan obligaciones asociadas con una pensión por discapacidad. Sin embargo, de acuerdo con la Ley 106, el Estado Libre Asociado, y no el ERS, es responsable del pago de las pensiones por discapacidad.

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 78 | LOPEZ BAEZ, SONIA N<br>HC-01 BOX 4305<br>JUANA DIAZ, PR 00795-9703 | 9987 | Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico | No Garantizada | $8,889.75* | El Estado Libre Asociado de Puerto Rico | No Garantizada | $8,889.75* |

Base para: Asimismo, la Evidencia de reclamo también invoca obligaciones asociadas con un litigio en curso, cuyo resultado puede derivar en obligaciones adicionales de pensión adeudadas al demandante. Sin embargo, de acuerdo con la Ley 106, el Estado Libre Asociado, y no el ERS, es responsable del pago de las pensiones.

* Indica que la reclamación contiene montos por liquidar o indeterminados

# GOVERNMENT OF PUERTO RICO

## DEPARTAMENTO DE SALUD - REGISTRO DEMOGRAFICO
(DEPARTMENT OF HEALTH - DEMOGRAPHIC REGISTRY)

### CERTIFICACION DE MATRIMONIO
(CERTIFICATION OF MARRIAGE)

NUMERO: A156-7854

**NUMERO DE CERTIFICADO (CERTIFICATE NUMBER)**

**NOMBRE DEL CONTRAYENTE A (NAME)**
WALTER RODRIGUEZ CORDERO

**FECHA NACIMIENTO (BIRTHDATE)**: 13 DIC 1970  **EDAD (AGE)**: 26

**LUGAR NACIMIENTO (BIRTHPLACE)**: PONCE, PUERTO RICO

**NOMBRE DEL PADRE (FATHER'S NAME)**: CARLOS MANUEL RODRIGUEZ
**NOMBRE DE LA MADRE (MOTHER'S NAME)**: DAMARIS CORDERO

**NOMBRE DEL CONTRAYENTE B (NAME)**
SONIA NOEMI LOPEZ BAEZ

**FECHA NACIMIENTO (BIRTHDATE)**: 27 ABR 1974  **EDAD (AGE)**: 23

**LUGAR NACIMIENTO (BIRTHPLACE)**: PONCE, PUERTO RICO

**NOMBRE DEL PADRE (FATHER'S NAME)**: ARMANDO LOPEZ
**NOMBRE DE LA MADRE (MOTHER'S NAME)**: NOEMI BAEZ

**LUGAR DE CELEBRACION (CELEBRATION PLACE)**: VILLALBA, PUERTO RICO

**FECHAS (DATES): CELEBRACION (CELEBRATION)**: 21 JUN 1997
**INSCRIPCION (REGISTRATION)**: 24 JUN 1997

**CELEBRANTE (OFFICIANT)**: CURA (PRIEST)
**NOMBRE DEL CELEBRANTE (OFFICIANT NAME)**: JAVIER GONZALEZ ROSADO

**FECHA EXPEDICION (DATE ISSUED)**: 19 OCT 2021

**DIVORCIO (DIVORCED)**
**LUGAR (PLACE)**: PONCE, PUERTO RICO
**FECHA (DATE)**: 14 MAY 2010

ESTE ES UN ABSTRACTO DEL CERTIFICADO DE MATRIMONIO OFICIALMENTE INSCRITO EN EL REGISTRO DEMOGRAFICO DE PUERTO RICO BAJO LA AUTORIDAD CONFERIDA POR LA LEY 24 DEL 22 DE ABRIL DE 1931.

THIS IS AN ABSTRACT OF THE RECORDS FILED IN THE DEMOGRAPHIC REGISTRY OF PUERTO RICO ISSUED UNDER THE AUTHORITY OF LAW 24, APRIL 22, 1931.

SECRETARIO DE SALUD (SECRETARY OF HEALTH)

DIRECTOR REGISTRO DEMOGRAFICO (STATE REGISTRAR)

ADVERTENCIA/WARNING: No es válido sin la presencia de la Marca de Agua
Not valid without seen Watermark
Cualquier alteración o borradura cancela esta Certificación
Void if altered or Erased

NO ES VALIDO SI SE ALTERA

Sello — DEPARTAMENTO REGISTRO DEMOGRAFICO DISTRITO 03 — VILLALBA 10/19/2021
11U21-00424516
Sello de Rentas Internas
80595-2021-1019-81485002

Rev. 06/2017

PAG. 01

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA DE PONCE

LOPEZ BAEZ, SONIA Y RODRIGUEZ CORDERO, WALTER        CASO:J DI2010-0477
            DEMANDANTE                                SALON:0302
                VS.
EX PARTE                                              DIVORCIOS
            DEMANDADO                                    CONSENTIMIENTO MUTUO
                                                         CAUSAL/DELITO

NOTIFICACION DE SENTENCIA

EL SECRETARIO QUE SUSCRIBE NOTIFICA A USTED QUE ESTE TRIBUNAL HA DICTADO SENTENCIA EN EL CASO DE EPIGRAFE CON FECHA 14 DE MAYO DE 2010 , QUE HA SIDO DEBIDAMENTE REGISTRADA Y ARCHIVADA EN LOS AUTOS DE ESTE CASO, DONDE PODRA USTED ENTERARSE DETALLADAMENTE DE LOS TERMINOS DE LA MISMA.

Y, SIENDO O REPRESENTANDO USTED LA PARTE PERJUDICADA POR LA SENTENCIA, DE LA CUAL PUEDE ESTABLECERSE RECURSO DE APELACION, DIRIJO A USTED ESTA NOTIFICACION, HABIENDO ARCHIVADO EN LOS AUTOS DE ESTE CASO COPIA DE ELLA CON FECHA DE 21 DE MAYO DE 2010 .

D DE LA FAMILIA
ASUME                           PO BOX 497
MERCEDITA PR                    00715-0497

LOPEZ BAEZ, SONIA
HC 01 BOX 4305                  JUANA DIAZ PR
                                00795

REGISTRO DEMOGRAFICO
FERNANDEZ JUNCOS STATION        PO BOX 11854  dcert.nat.
SAN JUAN PR                     00910

RODRIGUEZ CORDERO, WALTER
PO BOX 800115                   COTO LAUREL PR
                                00780

PONCE, PUERTO RICO, A 21 DE MAYO DE 2010

                        EVELYN CASASNOVAS MALDONADO
                        ----------------------------------------
                                    SECRETARIO
                POR: GLENDALIZ QUIÑONES ALMODOVAR
                        ----------------------------------------
                                SECRETARIO AUXILIAR

O.A.T 704 NOTIFICACION DE SENTENCIA
TELETRIBUNALES (787)759-1888/ISLA, LIBRE DE COSTO(787)1-877-759-1888

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE PONCE

| | |
|---|---|
| Sonia López Báez<br>Walter Rodríguez Cordero<br><br>Peticionarios<br>Ex- Parte | CIVIL NÚM. JDI2010-0477<br><br>SOBRE: **DIVORCIO**<br>**CONSENTIMIENTO MUTUO** |

## Sentencia

A la vista del caso de epígrafe comparecieron los peticionarios **Sonia López Báez** y **Walter Rodríguez Cordero**, ambos por derecho propio.

Previa juramentación de los testigos, el Honorable Tribunal examinó a ambos peticionarios y se convenció de que la decisión de solicitar conjuntamente la disolución del vínculo matrimonial existente entre ellos no es producto de la irreflexión o coacción. A su vez, se convenció de que las estipulaciones de las partes se realizaron libre y voluntariamente, quedando el caso sometido para dictamen.

A base de un análisis de la prueba desfilada, y de conformidad con las disposiciones de los Artículos 96 y 97 del Código Civil de Puerto Rico, 1930, según enmendado, 31 L.P.R.A. Secciones 321 y 331, y de la orden dictada por el Honorable Tribunal Supremo de Puerto Rico en el caso Figueroa Ferrer vs. ELA (107 D.P.R. 250), el Tribunal declara **HA LUGAR** la petición de divorcio por consentimiento mutuo y en su consecuencia decreta roto y disuelto el vínculo matrimonial existente entre los peticionarios.

Al momento de la vista de divorcio, la peticionaria, **Sonia López Báez**, no se encontraba embarazada y ambos peticionarios **Sonia López Báez** y **Walter Rodríguez Cordero**, han sido residentes de Puerto Rico por más de un año con anterioridad a su petición y esta sentencia y tienen como dirección residencial: Hacienda Concordia calle Margarita 205 Santa Isabel, Puerto Rico 00757 ella y Llanos del Sur Calle 11 las Rosas Q 34, Coto Laurel Puerto Rico 00780 él.

Para liquidar la Sociedad Legal de Bienes Gananciales existente entre ellos, las partes suscribieron unas estipulaciones a las cuales éste Tribunal imparte su aprobación y las hace formar parte de la Sentencia para disponer como sigue:

1. Que los peticionarios, **Sonia López** y **Walter Rodríguez**, son mayores de edad, casados entre sí, empleado él y pensionada ella y vecinos de Santa Isabel y Ponce, Puerto Rico respectivamente.

2. Que las partes contrajeron matrimonio el día 21 de junio de 1997, en Villalba, Puerto Rico, se acompaña el Certificado de Matrimonio como anejo de la petición.

3. Que durante el matrimonio los peticionarios procrearon dos hijos Kevin Jadiel Rodríguez López de 11 años y Jadieliz Naomi Rodríguez López de 5 años en Ponce, Puerto Rico. Se acompañan los Certificados de Nacimiento en esta petición como anejo.

4. Que los peticionarios solicitan la disolución de su matrimonio por consentimiento mutuo, sin exponer públicamente las razones para ello y que, además, solicitaron de este Honorable Tribunal que dispensara del acto de reconciliación entre las partes.

5. Que los peticionarios han llegado libre y voluntariamente a los siguientes acuerdos y/ o estipulaciones:

1.3. **Pensión entre cónyuges:** Ambos peticionarios manifiestan que no tienen necesidad de solicitar pensión alimentaria para beneficio personal entre estos ya que tienen medios suficientes para su sustento personal.

1.4. **Liquidación de Bienes y Deudas Gananciales**: Los peticionarios tienen a bien distribuir los siguientes bienes y obligaciones que contrajeron durante el régimen de sociedad de bienes gananciales que prevaleció en su matrimonio:

3.1.1. **Bienes Muebles**: Los peticionarios adquirieron durante el matrimonio los bienes muebles abajo indicados, cuya distribución se pacta como sigue:

3.1.1.1. **Vehículos de Motor**: Durante el matrimonio se adquirió el siguiente vehículo de motor que se adjudica como se indica a continuación:

3.1.1.1.1. La peticionaria mantendrá la posesión exclusiva del vehículo de motor marca Mitsubishi Outlander del año 2003, cediendo gratuitamente el peticionario cualquier participación o derecho sobre este bienes mueble.

3.1.1.1.2. El peticionario mantendrá la posesión exclusiva del vehículo de motor marca Nissan Pathfinder del año 1994, cediendo gratuitamente la peticionaria cualquier participación o derecho sobre este bien mueble.

3.1.1.2. **Mobiliario**: Los bienes muebles o enseres del hogar que forman parte del caudal ganancial adquirido durante el matrimonio serán de la entera posesión de la peticionaria.

3.1.1.3. **Planes de Retiro:** El peticionario en la Asociación de Empleados del ELA tiene acumulados entre ahorros y dividendos del total de **$7,950.98** de los cuales la mitad de lo aportado a la fecha de la radicación de esta petición será considerada un crédito a favor de la peticionaria entiéndase **$3,975.49**, en cuanto al monto acumulado en el Sistema de Retiro del Estado Libre Asociado de Puerto Rico tiene el peticionario acumulados en ahorros el total de **$17,779.50** de los cuales la mitad de lo aportado a la fecha de la radicación de esta petición será considerada un crédito a favor de la peticionaria entiéndase **$8,889.75**; ambos créditos han de ser provisto a la peticionaria a la fecha de retiro del peticionario como empleado público.

3.1.1.4. Los peticionarios alegan que los bienes muebles adquiridos durante el matrimonio fueron adjudicados entre las partes con arreglo a lo antes mencionado y que de surgir algún otro bien que no haya sido nombrado en esta petición, éste será del entero uso y disfrute del cónyuge que lo posea.

3.1.2. **Bienes Inmuebles**: Los peticionarios adquirieron durante el matrimonio la siguiente propiedad que han de mantener bajo una comunidad de bienes:

La propiedad descrita en el Registro de la Propiedad, como:

--- *"Urbana: Solar marcado con el número doscientos cinco (205) del plano de inscripción del Proyecto de Urbanización Hacienda El Porvenir, también conocida como Hacienda Concordia, radicando en el Barrio Felicia dos (2), sector Paso Seco de Santa Isabel, Puerto Rico, con una cabida de quinientos cuarenta y nueve punto noventa y dos (549.92) metros, equivalentes a cero punto uno cuatro cero cero (0.1400) cuerdas. En el lindes por el Norte, veintiocho punto setenta y siete (28.77) metros con la calle Margarita y el solar número doscientos cuatro (204); por el Sur, en dieciocho punto cero uno (18.01) metros con el solar doscientos dieciocho (218); por el Este, en veinticinco punto cero cero (25.00) metros con el solar doscientos seis (206); por el Oeste, en treinta y uno punto ochenta (31.80) metros con la Carretera Estatal de Puerto Rico número ciento cincuenta y tres (153).--------*
*Enclavada una edificación de una planta construida en concreto y bloques de hormigón para fines residenciales. -------------------------------------*

*--- Servidumbres: este solar está afecto a una servidumbre telefónica de uno punto cincuenta y dos (1.52) metros de ancho en su colindancia Norte.---------*

*--- La propiedad antes descrita es segregación de la finca número 5,869 que consta escrita al folio 278 del tomo 151 de Santa Isabel, Registro de la Propiedad de Guayama. -----------------------------------------------------------*

3.1.3. **Deudas**: Los peticionarios han de distribuir las deudas adquiridas durante su matrimonio de la siguiente manera:

   3.1.3.1. Préstamo personal de Prestamas por la cantidad de $16,130.44 que será adjudicado al peticionario.

   3.1.3.2. Préstamo personal de Asociación de Empleados del ELA (AEELA) por la cantidad de $5,106.26 será adjudicado al peticionario.

   3.1.3.3. Préstamo personal del Sr. Armando López Rivera y la Sra. Noemí Báez Lespier por la suma de $ $ 21,083.17 que ha sido desglosada en carta de deuda firmada por los acreedores antes mencionados, será adjudicado a la peticionaria.

   3.1.3.4. Los peticionarios de buena fe aseguran que las únicas deudas conocidas por ellos son las informadas en esta petición y que de surgir alguna otra deuda referente a algún bien será a cargo de quien disfrute del uso del objeto de la deuda, en ausencia de disfrute del objeto de la deuda serán divididas en partes iguales.

3.1.4. Los peticionarios han sido advertidos de que las adjudicaciones de las deudas gananciales no tendrán efecto ante los acreedores a menos que estos consientan en relevar de toda responsabilidad al otro peticionario. Mientras los acreedores no hagan tal relevo, la obligación será exigible a ambos peticionarios sin perjuicio de las reclamaciones que estos puedan hacerse entre sí.

3.1.5. Los peticionarios acuerdan, además, que de surgir en el futuro deudas gananciales, no relacionadas anteriormente, contraídas durante el matrimonio por cualquiera de los cónyuges, la misma será de la exclusiva responsabilidad del cónyuge que la haya contraído relevando al otro de toda responsabilidad.

### 3.2. CUSTODIA Y PATRIA POTESTAD:

Que la custodia de los menores será de la peticionaria y la patria potestad será compartida.

### 3.3. RELACIONES PATERNO FILIALES:

Los menores permanecerá con la peticionaria, padre tendrá relaciones Paterno Filiales los fines de semana alternos. No obstante podrán acordar las partes algún otro arreglo que sea en beneficio de los menores y para el gozo y regocijo familiar. Durante las vacaciones de los padres entiéndase papa o mama, el menor podrá viajar con cualquiera de ellos siempre que se obtenga autorización del otro o de un Tribunal competente. En cuanto a las vacaciones de verano el padre disfrutara de la compañía de los menores del 15 al 31 de julio y en relación a las vacaciones de Navidad el padre disfrutara de la compañía de los menores del 24 al 31 de diciembre y la madre del 1 al 8 de enero, este arreglo será alternado todos los años disfrutando los papa o mama de las fechas que disfruto el padre contrario.

### 3.4. PENSION ALIMENTARIA:

Existe una determinación de las partes pensión alimentaria para los menores por la suma $721.00 mensuales ya ha sido fijada por ASUME.

**Esta Sentencia será final y firme una vez transcurra el término prescrito por las Reglas de Procedimiento Civil.**

**REGISTRESE Y NOTIFIQUESE.**

DADA en Ponce, Puerto Rico a 14 de mayo de 2010

**JUEZ SUPERIOR**
**TRIBUNAL DE PRIMERA INSTANCIA**
Hector J. Vázquez Santiesteban



18-AS398944
#5.00

