**UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO**

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*

Debtors.[1]

-------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

## SUPPLEMENTAL CERTIFICATE OF SERVICE

     I, Hunter Neal, depose and say that I am employed by Prime Clerk LLC ("***Prime Clerk***"), the solicitation, notice, and claims agent for the Debtors in the above-captioned cases under Title III of the Puerto Rico Oversight, Management, and Economic Stability Act (PROMESA).

     On October 21, 2021, at my direction and under my supervision, employees of Prime Clerk caused the following documents to be served via First Class Mail on the parties identified on the service list attached hereto as **Exhibit A**:

- Notice of (I) Approval of Disclosure Statement, (II) Establishment of Record Dates, (III) Hearing on Confirmation of the Plan of Adjustment and Procedures for Objection to Confirmation of the Plan of Adjustment, (IV) Procedures and Deadline for Voting on the Plan of Adjustment and Making Certain Elections Thereunder, a copy of which is attached hereto as **Exhibit B,** (the *"Confirmation Hearing Notice"*)

- Notice of Entry of Order Establishing Preliminary Confirmation Submission and Discovery Procedures, and Directing Notice to Creditors of the Same, a copy of which is attached hereto as **Exhibit C**, (the "***Final Confirmation Discovery Notice***")

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

- Order Establishing Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith [Docket No. 17640]

On October 21, 2021, at my direction and under my supervision, employees of Prime Clerk caused the Confirmation Hearing Notice and the following documents to be served via First Class Mail on Carlos D. Alicea Lugo (MMLID: 2316299), at an address that is being redacted on the interest of privacy:

- Notificación a Poseedores de Reclamaciones No Votantes Clase 51A (Reclamaciones de Retirados del SRE por Debajo del Umbral) – Se Considera Que Aceptan, a copy of which is attached hereto as **Exhibit D** (the "***Class 51A NV Notice (ES)***")

- Entienda el Impacto en Su Pensión del Acuerdo Propuesto por el Comité Oficial de Retirados, a copy of which is attached hereto as **Exhibit E** (the "***Retiree Committee Info Guide (ES)***")

On October 21, 2021, at my direction and under my supervision, employees of Prime Clerk caused the Confirmation Hearing Notice and the following documents to be served via First Class Mail on Luis R. Algarin Vazquez (MMLID: 1255284), at an address that is being redacted on the interest of privacy:

- Notificación de (I) la Aprobación de la Declaración de Divulgación, (II) el Establecimiento de las Fechas de Registro, (III) la Vista de Confirmación del Plan de Ajuste y los Procedimientos de Objeción a la Confirmación del Plan de Ajuste, (IV) los Procedimientos y la Fecha Límite Para Votar Sobre el Plan de Ajuste y la Realización de Determinadas Elecciones en Virtud de Dicho Voto, a copy of which is attached hereto as **Exhibit F** (the **"***Confirmation Hearing Notice (ES)***"**)

- Notice of Non-Voting Status (Claims Subject to Administrative Claims Reconciliation), a copy of which is attached hereto as **Exhibit G** (the "***Non-Voting Notice Admin Recon***")

- Notificación de Estatus de No-Votante (Reclamaciones Sujetas a Reconciliación Administrativa de Reclamaciones), a copy of which is attached hereto as **Exhibit H** (the "***Non-Voting Notice Admin Recon (ES)***")

On October 21, 2021, at my direction and under my supervision, employees of Prime Clerk caused the Confirmation Hearing Notice, Confirmation Hearing Notice (ES) and the following documents to be served via First Class Mail on Amauri Mulero Rodriguez (MMLID: 2043865), at an address that is being redacted on the interest of privacy:

- Notice of Non-Voting Status (Disputed Claims), a copy of which is attached hereto as **Exhibit I** (the "***Non-Voting Notice Disputed***")

- Notificación de Estatus de No-Votante (Reclamaciones en Disputa), a copy of which is attached hereto as **Exhibit J** (the "***Non-Voting Notice Disputed (ES)***")

2

On October 21, 2021, at my direction and under my supervision, employees of Prime Clerk caused the Confirmation Hearing Notice, Confirmation Hearing Notice (ES), Non-Voting Notice Admin Recon, Non-Voting Notice Admin Recon (ES), Non-Voting Notice Disputed and the Non-Voting Notice Disputed (ES) to be served via First Class Mail on Cruz Ortiz Ramos (MMLID: 2168015), at an address that is being redacted on the interest of privacy:

On October 21, 2021, at my direction and under my supervision, employees of Prime Clerk caused the Final Confirmation Discovery Notice to be served via First Class Mail on the parties identified on the service list attached hereto as **Exhibit K**:

Dated: October 26, 2021

/s/ Hunter Neal
Hunter Neal

State of New York
County of New York

Subscribed and sworn (or affirmed) to me on October 26, 2021, by Hunter Neal, proved to me on the bases of satisfactory evidence to be the person who executed this affidavit.

/s/ Liz Santodomingo
Notary Public, State of New York
No. 01SA6301250
Qualified in New York County
Commission Expires April 14, 2022

SRF 57416

**<u>Exhibit A</u>**

Exhibit A

Supplemental Service List

Served via First Class Mail

| MMLID | NAME | ADDRESS | CITY | STATE | POSTAL CODE |
|---|---|---|---|---|---|
| 2396723 | ADA I DOMINGUEZ COSME | ADDRESS ON FILE | | | |
| 2305611 | AIDA L ESPADA RIVERA | ADDRESS ON FILE | | | |
| 14577 | ALICEA HERNANDEZ, JOSE A. | ADDRESS ON FILE | | | |
| 609246 | ANDRES REYES BURGOS INC | PO BOX 192294 | SAN JUAN | PR | 00919-2294 |
| 610023 | ANGEL GUASH GORDON | ADDRESS ON FILE | | | |
| 2351705 | BERGOLLO FERNANDEZ,ELBA L | ADDRESS ON FILE | | | |
| 122596 | CYNTHIA SANTIAGO QUILES | ADDRESS ON FILE | | | |
| 2364882 | DIAZ SANTOS,TOMAS;.; | ADDRESS ON FILE | | | |
| 208047 | GREGORY AYALA, EDIL | ADDRESS ON FILE | | | |
| 208438 | GROSSKOPF OTERO, KAREN | ADDRESS ON FILE | | | |
| 213057 | HART, JOHN | ADDRESS ON FILE | | | |
| 213390 | HEALTH FITNESS CORP | 400 N FIELD DR | LAKE FOREST | IL | 60045-4809 |
| 225591 | HUMANA INSURANCE CO. | 8430 W BRYN MAWR AVE STE 300 | CHICAGO | IL | 60631-3445 |
| 844850 | INTER-TYRE CORP | 10 CALLE LAS ROSAS APT 1204 | BAYAMON | PR | 00961-7025 |
| 2374900 | ISMAEL LEON TORRES | ADDRESS ON FILE | | | |
| 2337994 | IVAN SERRANO RIVERA;.; | ADDRESS ON FILE | | | |
| 247375 | JOSE E. LLINAS MESSEGUER | ADDRESS ON FILE | | | |
| 1236426 | JOSE L SOLANO CARABALLO | ADDRESS ON FILE | | | |
| 2466042 | JOSE RIVERA ACEVEDO | ADDRESS ON FILE | | | |
| 688844 | JTA LIBERTAD BAJO PALABRA | PO BOX 192294 | SAN JUAN | PR | 00919-2294 |
| 258523 | KESSLER SPORTS MEDICINE CENTER | 800 E CYPRESS CREEK RD STE 304 | FT LAUDERDALE | FL | 33334-3522 |
| 2456838 | LEFTY RIVERA BORIA | ADDRESS ON FILE | | | |
| 697927 | LINDA LEDRAY | ADDRESS ON FILE | | | |
| 1719434 | LOPEZ MEDINA, ESTHER R. | ADDRESS ON FILE | | | |
| 1994025 | LOPEZ MERCADO, MIRIAM | ADDRESS ON FILE | | | |
| 2203123 | LOPEZ, JOHN | ADDRESS ON FILE | | | |
| 800552 | MARCANO ROSA, HELEN | ADDRESS ON FILE | | | |
| 1355533 | MARIA DEL VALLE GONZALEZ | ADDRESS ON FILE | | | |
| 1118475 | MIGUEL BOQUE DALMAU | ADDRESS ON FILE | | | |
| 352147 | MUNOZ HERNANDEZ, GILBERTO | ADDRESS ON FILE | | | |
| 360623 | NESTOR O. FELICIANO MEDINA | ADDRESS ON FILE | | | |
| 382517 | ORTIZ REYES, ABNEL | ADDRESS ON FILE | | | |
| 2419395 | PARDO VELEZ,NANCY | ADDRESS ON FILE | | | |
| 425512 | RAMOS COLL, RAMON | ADDRESS ON FILE | | | |

## Exhibit A

Supplemental Service List
Served via First Class Mail

| MMLID | NAME | ADDRESS | CITY | STATE | POSTAL CODE |
|-------|------|---------|------|-------|-------------|
| 445547 | RIVERA DIAZ, ARIANA K | ADDRESS ON FILE | | | |
| 2018357 | RIVERA GARCIA, EVELYN | ADDRESS ON FILE | | | |
| 477901 | RODRIGUEZ RIOS, MARITZA | ADDRESS ON FILE | | | |
| 2382863 | ROSA J WAGNER CASADO | ADDRESS ON FILE | | | |
| 822795 | SANTIAGO GONZALEZ, NEIMAR | ADDRESS ON FILE | | | |
| 2391265 | SATURNINA CABRERA CRUZ | ADDRESS ON FILE | | | |
| 525698 | SATURNINO, GARCIA | ADDRESS ON FILE | | | |
| 753106 | SECURITY METRICS INC | 1275 W 1600 N | OREM | UT | 84057 |
| 529989 | SERRANO RODRIGUEZ, CESAR N. | ADDRESS ON FILE | | | |
| 1440535 | SHUZMAN, WILLIAM | ADDRESS ON FILE | | | |
| 2162827 | STONEHILL INSTITUTIONAL PARTNERS LP | ADDRESS ON FILE | | | |
| 545838 | THE EAR NOSE & THROAT SURGERY | 2915 LINDALE AVE | ORLANDO | FL | 32814-6768 |
| 570064 | VAZQUEZ DE JESUS, HECTOR | ADDRESS ON FILE | | | |
| 2557970 | WILFREDO MORET MORALES | ADDRESS ON FILE | | | |
| 595989 | YARITZI TROCHE PABON | ADDRESS ON FILE | | | |
| 769279 | YORELI RODRIGUEZ MALDONADO | ADDRESS ON FILE | | | |

**<u>Exhibit B</u>**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>                       Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT, (II) ESTABLISHMENT OF RECORD DATES, (III) HEARING ON CONFIRMATION OF THE PLAN OF ADJUSTMENT AND PROCEDURES FOR OBJECTION TO CONFIRMATION OF THE PLAN OF ADJUSTMENT, (IV) PROCEDURES AND DEADLINE FOR VOTING ON THE PLAN OF ADJUSTMENT AND MAKING CERTAIN ELECTIONS THEREUNDER**

---

**VOTING AND ELECTION DEADLINE: 5:00 p.m. (AST) on October 4, 2021**

**OBJECTION DEADLINE: 5:00 p.m. (AST) on October 19, 2021**

**CONFIRMATION HEARING: November 8 – 10, 12, 15 – 18, and 22 - 23, 2021 at 9:30 a.m. (AST)**

If you have any questions regarding this notice, please contact Prime Clerk LLC by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@primeclerk.com.

---

[1]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      *Approval of Disclosure Statement.*   By order, dated August 2, 2021 [ECF No. 17639] (the "Disclosure Statement Order"), the United States District Court for the District of Puerto Rico (the "Court") approved the adequacy of the information contained in the *Disclosure Statement for the Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, dated July 30, 2021 (as the same may be amended or modified, including all exhibits and attachments thereto, the "Disclosure Statement"), filed by the Financial Oversight and Management Board on behalf of the Debtors, and authorized the Debtors to solicit votes with respect to the acceptance or rejection of the *Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, dated July 30, 2021 (as the same may be amended or modified, including all exhibits and supplements thereto, the "Plan").[2]

---

**You may obtain a hard copy of the Plan and Disclosure Statement, including Spanish translations thereof, by contacting the Balloting Agent, Prime Clerk LLC:**

**Telephone (10:00 a.m. to 7:00 p.m. (AST)) (Spanish available):**
        **(844) 822-9231 (toll free for U.S. and Puerto Rico)**
        **(646) 486-7944 (for international callers)**

**Email: puertoricoinfo@primeclerk.com**

Alternatively, electronic copies of the Disclosure Statement and Plan are available by visiting https://cases.primeclerk.com/puertorico/.

---

2.      Pursuant to the Disclosure Statement Order, the Debtors will mail materials needed for voting on the Plan or making elections on distributions thereunder (the "Solicitation Package") to holders Claims in the following Classes (collectively, the "Voting Classes"):

|                                      | Class   |
| ------------------------------------ | ------- |
| Vintage PBA Bond Claims              | Class 1 |
| Vintage PBA Bond Claims (Assured)    | Class 2 |

---

[2] All capitalized terms used but not otherwise defined shall have the meanings given to such terms in the Plan.

| | Class |
|---|---|
| Vintage PBA Bond Claims (National) | Class 3 |
| Vintage PBA Bond Claims (Ambac) | Class 4 |
| Vintage PBA Bond Claims (FGIC) | Class 5 |
| Vintage PBA Bond Claims (Syncora) | Class 6 |
| Retail Vintage PBA Bond Claims | Class 7 |
| 2011 PBA Bond Claims | Class 8 |
| Retail 2011 PBA Bond Claims | Class 9 |
| 2012 PBA Bond Claims | Class 10 |
| Retail 2012 PBA Bond Claims | Class 11 |
| PBA/DRA Secured Claims | Class 12 |
| PBA General Unsecured Claims | Class 13 |
| PBA/DRA Unsecured Claims | Class 14 |
| Vintage CW Bond Claims | Class 15 |
| Retail Vintage CW Bond Claims | Class 16 |
| Vintage CW Bond Claims (Assured) | Class 17 |
| Vintage CW Bond Claims (National) | Class 18 |
| Vintage CW Bond Claims (Ambac) | Class 19 |
| Vintage CW Bond Claims (FGIC) | Class 20 |
| Vintage CW Bond Claims (Syncora) | Class 21 |
| Vintage CW Guarantee Bond Claims | Class 23 |
| Vintage CW Guarantee Bond Claims (Assured) | Class 24 |
| Vintage CW Guarantee Bond Claims (National) | Class 25 |
| Vintage CW Guarantee Bond Claims (Ambac) | Class 26 |
| Vintage CW Guarantee Bond Claims (FGIC) | Class 27 |
| Vintage CW Guarantee Bond Claims (Syncora) | Class 28 |
| 2011 CW Bond Claims | Class 30 |
| Retail 2011 CW Bond Claims | Class 31 |
| 2011 CW Bond Claims (Assured) | Class 32 |
| 2011 CW Guarantee Bond Claims | Class 34 |
| 2011 CW Series D/E/PIB Bond Claims | Class 36 |
| 2011 CW Series D/E/PIB Bond Claims (Assured) | Class 37 |
| Retail 2011 CW Series D/E/PIB Bond Claims | Class 38 |
| 2012 CW Bond Claims | Class 40 |
| Retail 2012 CW Bond Claims | Class 41 |
| 2012 CW Bond Claims (Assured) | Class 42 |
| 2012 CW Guarantee Bond Claims | Class 44 |
| 2014 CW Bond Claims | Class 46 |
| Retail 2014 CW Bond Claims | Class 47 |
| 2014 CW Guarantee Bond Claims | Class 49 |

|  | Class |
|---|---|
| Retired JRS Participant Below-Threshold Claims | Class 51B |
| Retired ERS Participant Above-Threshold Claims | Class 51D |
| Retired JRS Participant Above-Threshold Claims | Class 51E |
| Retired TRS Participant Above-Threshold Claims | Class 51F |
| Active ERS Participant Claims | Class 51G |
| Active JRS Participant Claims | Class 51H |
| Active TRS Participant Claims | Class 51I |
| VTP Payroll Participant Above-Threshold Claims | Class 51L |
| AFSCME Claims | Class 52 |
| Dairy Producer Claims | Class 53 |
| Eminent Domain Claims | Class 54 |
| Med Center Claims | Class 56 |
| CW General Unsecured Claims | Class 58 |
| CW/HTA Claims | Class 59 |
| CW/Convention Center Claims | Class 60 |
| CW/PRIFA Rum Tax Claims | Class 61 |
| CW/MBA Claims | Class 62 |
| ERS Bond Claims | Class 65 |
| ERS General Unsecured Claims | Class 66 |
| Federal Claims | Class 69 |

3.      ***Confirmation Hearing.***   A hearing to consider confirmation of the Plan (the "Confirmation Hearing") will be held before The Honorable Laura Taylor Swain, in via telephonic hearing through CourtSolutions on **November 8 – 10, 12, 15 – 18, and 22 - 23, 2021 at 9:30 a.m. (Atlantic Standard Time)**.

4.      The Confirmation Hearing may be continued from time to time by the Court or the Oversight Board, without further notice or through adjournments announced in open court or as indicated in any notice of agenda of matters scheduled for hearing filed with the Court, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, in accordance with the modification provisions of the Plan and Local Rule 3016-2, without further notice to interested parties.

5. **Plan Confirmation Depository**. Information relating to confirmation of the Plan is available online in the Plan Confirmation Depository at titleiiiplandataroom.com.

6. **Confirmation Objection Deadline.** The Court has established **5:00 p.m. (Atlantic Standard Time) on October 19, 2021** (the "Confirmation Objection Deadline") as the deadline to file objections or responses to confirmation of the proposed Plan.

7. **Objections and Responses to Confirmation.** Objections and responses to confirmation of the Plan must:

   a. Be in writing, in English, and signed;

   b. State the name, address, and nature of the Claim of the objecting or responding party;

   c. State with particularity the basis and nature of any objection or response and include, where appropriate, proposed language to be inserted in the Plan to resolve any such objection or response;

   d. Be filed electronically with the Court on the docket of *In re Commonwealth of Puerto Rico*, Case No. 17 BK 3283-LTS, through the Court's case filing system in searchable portable document format **on or before October 19, 2021 at 5:00 p.m. (Atlantic Standard Time)**.

      i. If you are not an attorney who is a registered user of the Court's case filing system, you may instead mail your objection to the Court's Clerk's office at:

         United States District Court, Clerk's Office
         150 Ave. Carlos Chardon Ste. 150,
         San Juan, P.R. 00918-1767

         so as to be received **on or before October 19, 2021 at 5:00 p.m. (Atlantic Standard Time)**, and

   e. Be served upon the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: In re: Commonwealth of Puerto Rico) so as to be received on or before the Final Confirmation Objection Deadline.

8. **Participation in Confirmation Discovery**. If you wish to participate in discovery in connection with confirmation of the Plan, you must file a notice of your intention to participate

in discovery (a "Discovery Notice"), a form of which is available at https://cases.primeclerk.com/puertorico/. If you file your Discovery Notice on or before **August 15, 2021**, you may be granted access to documents in the Plan Depository, where information and documents concerning the Plan are kept, and will also be able to serve your own discovery requests. If you file your Discovery Notice **after August 15, 2021, but on or before October 19, 2021**, you may be granted access to documents in the Plan Depository. Please note that access to the information in the Plan Depository may also require complying with the Debtors' access requirements.

9.       You must submit the Discovery Notice in the form provided on the Title III Case website above, which must:

      a. Be in writing, in English, and be signed;

      b. State your name, address, the nature of your Claim, and your Claim number;

      c. State your intention to participate in discovery in connection with confirmation of the Plan; and

      d. Be filed electronically with the Court on the docket using the CM/ECF docket event Notice of Intent to Participate in Discovery for Commonwealth Plan Confirmation, in *In re Commonwealth of Puerto Rico,* Case No. 17 BK 3283-LTS, through the Court's case filing system on or before the applicable deadline.

            i. If you are <u>not</u> represented by counsel, you may instead mail your Discovery Notice to the Court's Clerk's office at:

               United States District Court, Clerk's Office
               150 Ave. Carlos Chardon Ste. 150
               San Juan, P.R. 00918-1767

               so as to be received on or before the applicable deadline.

10.       **You must timely file a Discovery Notice to participate in discovery in connection with confirmation of the Plan**. Failure to timely file a Discovery Notice, however, will <u>not</u> preclude you from filing an objection to confirmation of the Plan on or before the

Confirmation Objection Deadline, but will preclude you from being able to view documents in the Plan Depository, and from taking discovery.

11.     ***Discovery Timetable and Deadlines***.   The Court has established the following discovery dates and deadlines, which are applicable to the Debtors and to other parties in interest who have timely filed a Discovery Notice and are eligible to participate in discovery:[3]

| Summary of Certain Deadlines | |
| --- | --- |
| **August 3, 2021** | Deadline for the Debtors to file a preliminary fact witness list and topics about which each witness will testify ("Debtors' Preliminary Fact Witness List"). |
| | Deadline for the Debtors to file an opening summary brief explaining what the Debtors expect to prove at confirmation. |
| **August 6, 2021** | Opening date for all parties to serve initial requests for production of non-depository documents ("Initial Production Requests"). Creditors and parties in interest may serve Initial Production Requests only following their filing of a Notice of Intent to Participate in Discovery (as defined below). Responses and objections to such Initial Production Requests shall be served within seven (7) days of service of such Requests. |
| **August 15, 2021** | Deadline for Eligible Creditors and parties in interest to file a "Notice of Intent to Participate in Discovery," also known as a "Discovery Notice." Only parties who file a timely Notice of Intent to Participate in Discovery can propound discovery, but failure to do so does not preclude a party from objecting to confirmation of the Plan. |
| **September 6, 2021** | Deadline for Eligible Creditors to file a preliminary fact witness list and topics about which each witness is expected to testify (an "Eligible Creditor's Preliminary Fact Witness List"). |
| | Deadline for all parties to serve opening expert disclosures ("Opening Expert Disclosures"). |
| **September 13, 2021** | Deadline for all parties to serve opening expert reports ("Opening Expert Reports"). |
| | Deadline for all parties to serve initial notices of deposition, topics and requested times for depositions ("Initial Notices of Deposition") (all parties are limited to seven (7)-hour time limit for depositions). Subsequent notices are allowed provided discovery is completed within time allowed. |
| **September 30, 2021** | Deadline for all parties to file *Daubert* motions and motions *in limine*. |
| **October 1, 2021** | Deadline for all parties to serve up to fifteen (15) interrogatories ("Interrogatories"), including subparts. Responses and objections to such Interrogatories shall be served within ten (10) days of service of such Interrogatories. |

---

[3]   All of the dates and procedures set forth in this notice are subject to change by further Court order.

| Summary of Certain Deadlines | |
|---|---|
| **October 4, 2021** | Deadline for all parties to serve rebuttal expert disclosures ("Rebuttal Expert Disclosures"). |
| | Deadline for all parties to file any follow-up requests for production ("Follow-Up Production Requests," and collectively with Initial Production Requests, "Production Requests"). |
| **October 8, 2021** | Deadline for all parties to file rebuttal expert reports ("Rebuttal Expert Reports"). |
| | Deadline for the Debtors to file an initial proposed order in support of confirmation of the Plan (the "Initial Proposed Confirmation Order"). |
| **October 11, 2021** | Deadline for all parties to serve requests for admission, limited to authentication of documents ("Admission Requests"). |
| | Completion of fact discovery (the "Fact Discovery Deadline"). |
| **October 15, 2021** | Deadline for all parties to file oppositions to *Daubert* motions and motions *in limine*. |
| **October 18, 2021** | Completion of expert discovery (the "Expert Discovery Deadline"). |
| **October 19, 2021** | Deadline for Eligible Creditors to file objections to confirmation of the Plan ("Objections"). |
| | Deadline to file Notice of Intent to Participate in Discovery or Discovery Notice for Eligible Creditors who solely want access to documents in the Plan Depository. |
| **October 22, 2021** | Deadline for Eligible Creditors to file objections to the Initial Proposed Confirmation Order. |
| | Deadline for all parties to file finalized witness lists, exhibit lists and deposition designations. |
| | Deadline for all parties to file replies to *Daubert* motions and motions *in limine*. |
| **October 25, 2021** | Deadline for all parties to file witness declarations to be used at the Confirmation Hearing ("Witness Declarations"). |
| | Deadline for Debtors to file initial proposed findings of fact and conclusions of law in support of confirmation of the Plan (the "Initial Findings of Fact and Conclusions of Law"). |
| **October 27, 2021** | Deadline for Debtors to file Replies in Support of the Proposed Confirmation Order, and for Debtors to file Replies to Objections to Confirmation of the Plan. |
| **October 30, 2021** | Deadline for all parties to serve counter-designations, objections to deposition designations, or objections to exhibit lists. |
| **November 1, 2021** | Virtual hearing on motions *in limine*. |
| **November 8, 2021** | Start of Confirmation Hearing. |

12.     ***Voting Record Date.*** The voting record date is **July 13, 2021** (the "Voting Record Date"), which is the date for determining which holders of Claims in Voting Classes (except Bond Classes,[4] Class 51, and Class 52) are entitled to vote on the Plan. Therefore, only those creditors in a Class entitled to vote on the Plan and holding Claims against the Debtors (except in the Bond Classes, Class 51, and Class 52) as of the Voting Record Date are entitled to vote on the Plan.

13.     ***Voting Deadline.*** The deadline for voting on the Plan is on **October 4, 2021, at 5:00 p.m. (Atlantic Standard Time)**, unless such time is extended (the "Voting Deadline"). ***You are not required to vote on the Plan to receive distributions pursuant to the terms of the Plan, if confirmed by the Court, and provided you hold an Allowed Claim***.

14.     If you received a Solicitation Package, including a Ballot or Notice and intend to vote on the Plan, you ***must***: (a) follow the instructions carefully; (b) complete ***all*** of the required information on the Ballot (as applicable); and (c) either (i) execute and return your completed Ballot according to and as set forth in detail in the voting instructions included in the Solicitation Package so that your Ballot is ***actually received*** by the Debtors' solicitation agent, Prime Clerk (the "Balloting Agent") on or before the Voting Deadline, or (ii) instruct your broker or nominee (each, a "Nominee") to electronically deliver your bonds via the Automated Tender Offer Program ("ATOP") at The Depository Trust Company ("DTC") in accordance with your desire to vote to accept or reject the Plan on or before the Voting Deadline. ***Failure to follow such instructions may disqualify your vote.***

15.     ***Election Deadline***. The deadline for holders of eligible Bond Claims that have the right to make an election of the form of distributions under the Plan to make such election is on

---

[4]   For the avoidance of doubt, because holders of Claims in the Bond Classes must submit their vote and/or election through DTC's Automated Tender Offer Platform, the Voting Record Date shall not apply to the Bond Classes, and the holder of the applicable security at the time of tender shall be eligible to cast a vote and/or make an election.

**October 4, 2021, at 5:00 p.m. (Atlantic Standard Time)**, unless such time is extended (the "Election Deadline"). If you received a Notice with an option to make an election, you **must**: (a) follow the instructions carefully; and (b) deliver **all** of the required information according to and as set forth in detail in the election instructions so that it is received by your Nominee in sufficient time for your Nominee to **actually effectuate** your election through DTC's ATOP on or before the Election Deadline.

16.      ***Parties in Interest Not Entitled to Vote.***   Creditors in the following Classes are deemed to reject the Plan and not entitled to vote:

- Class 63 (CW Appropriations Claims), and

- Class 64 (CW 510(b) Subordinated Claims).

17.      Creditors in the following Classes are deemed to accept the Plan and not entitled to vote, but will receive distributions pursuant to the terms of the Plan, if confirmed by the Court:

- Class 51A (Retired ERS Participant Below-Threshold Claims),

- Class 51C (Retired TRS Participant Below-Threshold Claims),

- Class 51J (System 2000 Participant Claims),

- Class 51K (VTP Payroll Participant Below-Threshold Claims),

- Class 55 (Energy Incentive Claims),

- Class 57 (Tax Credit Claims),

- Class 67 (Gracia-Gracia Claims), and

- Class 68 (Convenience Claims).

18.      If a Claim is listed on the Debtors' list of creditors [Case No. 17-3283, ECF Nos. 1215, 1316, 2582, 10708] as contingent, unliquidated, or disputed and a proof of claim was not (i)

10

filed by the earlier of the applicable bar date for the filing of proofs of claim established by the Court or the Voting Record Date (as applicable); or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, such Claim shall not be entitled to vote to accept or reject the Plan. Proofs of claim filed for $0.00 or Claims that have been expunged by order of the Court are also not entitled to vote.

19.     If you are in Classes 63 or 64, or have timely filed a proof of claim and disagree with the Debtors' classification of, objection to, or request for estimation of your Claim and believe you should be entitled to vote on the Plan, you must serve the Debtors and the U.S. Trustee (address listed in paragraph 7(e) above) and file with the Court (with a copy to Chambers) a motion (a "Rule 3018(a) Motion") for an order pursuant to Rule 3018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") temporarily allowing your Claim in a different amount or in a different Class for purposes of voting to accept or reject the Plan. All Rule 3018(a) Motions must be filed on or before the tenth (10th) day after the later of (i) service of this Confirmation Hearing Notice and (ii) service of notice of an objection or request for estimation, if any, as to such Claim. In accordance with Bankruptcy Rule 3018(a), as to any to any creditor filing a Rule 3018(a) Motion, such creditor's Ballot will not be counted except as may be otherwise ordered by the Court prior to the Voting Deadline (**October 4, 2021 at 5:00 p.m. (Atlantic Standard Time)**). Creditors may contact the Balloting Agent (i) via first class mail or via overnight courier, at Puerto Rico Ballot Processing, C/O Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, (ii) by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or (iii) by email at puertoricoinfo@primeclerk.com, to receive an appropriate Ballot for any Claim for which a proof of claim has been timely filed and a Rule 3018(a) Motion

has been granted.  Rule 3018(a) Motions that are not timely filed and served in the manner set forth herein shall not be considered.

20.     If you wish to have your Claim temporarily allowed for voting purposes pursuant to Bankruptcy Rule 3018(a), a form of Rule 3018(a) motion together with instructions for filing and serving the motion is available at https://cases.primeclerk.com/puertorico/.

21.     ***Parties Who Will Not Be Treated as Creditors***.  Any holder of a Claim that (i) is scheduled in the List of Creditors at $0.00 and is not the subject of a timely filed proof of Claim or a proof of claim deemed timely filed with the Court pursuant to either the Bankruptcy Code or any order of the Court, or otherwise deemed timely filed under applicable law, or (ii) is not scheduled and is not the subject of a timely filed proof of claim or a proof of claim deemed timely filed with the Court pursuant to either the Bankruptcy Code or any order of the Court, or otherwise deemed timely filed under applicable law, shall not be treated as a creditor with respect to such Claim for purposes of (a) receiving notices regarding the Plan, and (b) voting on the Plan.

22.     ***Additional Information***.  Any party in interest wishing to obtain information about the solicitation procedures or copies of the Disclosure Statement or the Plan, including Spanish translations thereof, should contact the Balloting Agent, Prime Clerk LLC, by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@primeclerk.com, or may view such documents by accessing either https://cases.primeclerk.com/puertorico/ or the Court's website, https://www.prd.uscourts.gov/. Please note that a Public Access to Court Electronic Records ("PACER") (http://www.pacer.psc.uscourts.gov) password and login are needed to access documents on the Court's website.

23.    *Bankruptcy Rules 2002(c)(3) and 3016(c)).*  In accordance with Bankruptcy Rules 2002(c)(3) and 3016(c), set forth below are the release, exculpation, and injunction provisions contained in the Plan:

**Section 92.2 – Discharge and Release of Claims and Causes of Action:**

(a)    Except as expressly provided in the Plan or the Confirmation Order, all distributions and rights afforded under the Plan shall be, and shall be deemed to be, in exchange for, and in complete satisfaction, settlement, discharge and release of, all Claims or Causes of Action against the Released Parties that arose, in whole or in part, prior to the Effective Date, relating to the Title III Cases, the Debtors or Reorganized Debtors or any of their respective Assets, property, or interests of any nature whatsoever, including any interest accrued on such Claims from and after the Petition Date, and regardless of whether any property will have been distributed or retained pursuant to the Plan on account of such Claims or Causes of Action. Upon the Effective Date, the Debtors and Reorganized Debtors shall be deemed discharged and released from any and all Claims, Causes of Action and any other debts that arose, in whole or in part, prior to the Effective Date (including prior to the Petition Date), and Claims of the kind specified in sections 502(g), 502(h) or 502(i) of the Bankruptcy Code and PROMESA Section 407, whether or not (a) a proof of claim based upon such Claim is filed or deemed filed under section 501 of the Bankruptcy Code, (b) such Claim is allowed under section 502 of the Bankruptcy Code and PROMESA Section 407 (or is otherwise resolved), or (c) the holder of a Claim based upon such debt voted to accept the Plan. For the avoidance of doubt, nothing contained herein or in the Confirmation Order shall release, discharge or enjoin any claims or causes of action against PREPA arising from or related to PREPA-issued bonds, including, without limitation, Monoline-issued insurance pertaining thereto, and PREPA is not releasing any claims or causes of action against any non-Debtor Entity. Claims and causes of action against PREPA arising from or related to PREPA-issued bonds, and releases against PREPA and its assets shall be addressed in PREPA's Title III case, including, without limitation, any plan of adjustment therein.

(b)    Except as expressly provided in the Plan or the Confirmation Order, all Entities shall be precluded from asserting any and all Claims against the Debtors and Reorganized Debtors, and each of their respective Assets, property and rights, remedies, Claims or Causes of Action or liabilities of any nature whatsoever, relating to the Title III Cases, the Debtors or Reorganized Debtors or any of their respective Assets and property, including any interest accrued on such Claims from and after the Petition Date, and regardless of whether any property will have been distributed or retained pursuant to the Plan on account of such Claims or other obligations, suits, judgments, damages, debts, rights, remedies, causes of action or liabilities. In accordance with the foregoing, except as expressly provided in the Plan or the Confirmation Order, the Confirmation Order shall constitute a judicial determination, as of the Effective Date, of the discharge and release of all such Claims, Causes of Action or debt of or against the Debtors and the Reorganized Debtors pursuant to sections 524 and 944 of the Bankruptcy Code, applicable to the Title III Case pursuant to Section 301 of PROMESA, and such discharge shall void and extinguish any judgment obtained against the Debtors or Reorganized Debtors and their respective Assets, and property at any time, to the extent such

13

judgment is related to a discharged Claim, debt or liability. As of the Effective Date, and in consideration for the value provided under the Plan, each holder of a Claim in any Class under this Plan shall be and hereby is deemed to release and forever waive and discharge as against the Debtors and Reorganized Debtors, and their respective Assets and property and all such Claims.

(c)     Notwithstanding any other provisions of this Section 92.2, in accordance with the provisions of the GO/PBA Plan Support Agreement, each of the GO/PBA PSA Creditors and their respective Related Persons, solely in their capacity as Creditors of the Debtors, shall (i) be deemed to have released and covenanted not to sue or otherwise pursue or seek to recover damages or to seek any other type of relief against any of the Government Releasees based upon, arising from or relating to the Government Released Claims or any of the Claims or Causes of Action asserted or which could have been asserted, including, without limitation, in the Clawback Actions and the Lift Stay Motions, and (ii) not directly or indirectly aid any person in taking any action with respect to the Government Released Claims that is prohibited by this Section 92.2.

(d)     SEC Limitation.   Notwithstanding anything contained herein or in the Confirmation Order to the contrary, no provision shall (i) preclude the SEC from enforcing its police or regulatory powers, or (ii) enjoin, limit, impair or delay the SEC from commencing or continuing any claims, causes of action, proceedings or investigations against any non-debtor person or non-debtor entity in any forum.

(e)     United States Limitation.   Notwithstanding anything contained herein or in the Confirmation Order to the contrary, no provision shall (i) impair the United States, its agencies, departments, or agents, or in any manner relieve the Debtors or the Reorganized Debtors, as the case may be, from compliance with federal laws or territorial laws and requirements implementing a federally authorized or federally delegated program protecting the health, safety, and environment of persons in such territory, (ii) expand the scope of any discharge, release, or injunction to which the Debtors or the Reorganized Debtors are entitled under Title III, and (iii) discharge, release, enjoin, or otherwise bar (A) any liability of the Debtors or the Reorganized Debtors to the United States arising from and after the Effective Date, (B) any liability to the United States that is not a Claim, (C) any affirmative defense or any right of setoff or recoupment of the United States, the Debtors or the Reorganized Debtors, as the case may be, and such rights of setoff and recoupment of such parties are expressly preserved, (D) the continued validity of the obligations of the United States, the Debtors or the Reorganized Debtors, as the case may be, under any United States grant or cooperative assistance agreement, (E) the Debtors' or the Reorganized Debtors' obligations arising under federal police or regulatory laws, including, but not limited to, laws relating to the environment, public health or safety, or territorial laws implementing such federal legal provisions, including, but not limited to, compliance obligations, requirements under consent decrees or judicial orders, and obligations to pay associated administrative, civil, or other penalties, and (F) any liability to the United States on the part of any non-debtor. Without limiting the foregoing, nothing contained herein or in the Confirmation Order shall be deemed (i) to determine the tax liability of any Entity, including, but not limited to, the Debtors and the Reorganized Debtors, (ii) to be binding on the IRS with regard to the federal tax liabilities, tax status, or tax filing and withholding obligations of any entity, including, but not limited to, the Debtors and the Reorganized Debtors, (iii) to release, satisfy, discharge, or enjoin the collection of any claim of the IRS against any

14

Entity other than the Debtors and the Reorganized Debtors, and (iv) to grant any relief to any Entity that the Court is prohibited from granting the Declaratory Judgment Act, 28 U.S.C. § 2201(a), or the Tax Anti-Injunction Act, 26 U.S.C. § 7421(a).

(f)   Underwriter Actions. Notwithstanding anything contained herein or in the Confirmation Order to the contrary, including, without limitation, Sections 92.2, 92.3 and 92.11 of the Plan, except as may be precluded pursuant to the provisions of PROMESA, nothing in the Plan, the Confirmation Order or any Plan-related document set forth in the Plan Supplement is intended, nor shall it be construed, to impair, alter, modify, diminish, prohibit, bar, restrain, enjoin, release, reduce, eliminate or limit the rights of the plaintiffs and defendants, including, without limitation, the parties to the Underwriter Actions, from asserting their respective rights, claims, causes of action or defenses in the Underwriter Actions, including, but not limited to, any Claims, defenses, Causes of Action, and rights of setoff or recoupment (to the extent available).

**Section 92.3 – Injunction on Claims**:

Except as otherwise expressly provided in the Plan, the Confirmation Order or such other Final Order of the Title III Court that may be applicable, all Entities who have held, hold or may hold Claims or any other debt or liability that is discharged or released pursuant to Section 92.2 hereof or who have held, hold or may hold Claims or any other debt or liability that is discharged or released pursuant to Section 92.2 hereof are permanently enjoined, from and after the Effective Date, from (a) commencing or continuing, directly or indirectly, in any manner, any action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) of any kind on any such Claim or other debt or liability that is discharged pursuant to the Plan against any of the Released Parties or any of their respective assets or property, (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order against any of the Released Parties or any of their respective assets or property on account of any Claim or other debt or liability that is discharged pursuant to the Plan, (c) creating, perfecting, or enforcing any encumbrance of any kind against any of the Released Parties or any of their respective assets or property on account of any Claim or other debt or liability that is discharged pursuant to the Plan, and (d) except to the extent provided, permitted or preserved by sections 553, 555, 556, 559, or 560 of the Bankruptcy Code or pursuant to the common law right of recoupment, asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from any of the Released Parties or any of their respective assets or property, with respect to any such Claim or other debt or liability that is discharged pursuant to the Plan. Such injunction shall extend to all successors and assigns of the Released Parties and their respective assets and property.

**Section 92.5 – Releases by the Debtors and Reorganized Debtors**:

Except as otherwise expressly provided in the Plan or the Confirmation Order, on the Effective Date, and for good and valuable consideration, each of the Debtors and Reorganized Debtors, the Disbursing Agent and each of the Debtors' and Reorganized Debtors' Related Persons shall be deemed to have and hereby does irrevocably and unconditionally, fully, finally and forever waive, release, acquit, and discharge the Released Parties from any and all Claims or Causes of Action that the Debtors, Reorganized Debtors, and the Disbursing Agent, or any of them, or anyone claiming through them, on their behalf or for their benefit, have or may have or

claim to have, now or in the future, against any Released Party that are Released Claims or otherwise are based upon, relate to, or arise out of or in connection with, in whole or in part, any act, omission, transaction, event or other circumstance relating to the Title III Cases or the Debtors taking place or existing on or prior to the Effective Date, and/or any Claim, act, fact, transaction, occurrence, statement, or omission in connection therewith or alleged or that could have been alleged, including, without limitation, any such Claim, demand, right, liability, or cause of action for indemnification, contribution, or any other basis in law or equity for damages, costs or fees.

**Section 92.6 – Injunction Related to Releases**:

As of the Effective Date, all Entities that hold, have held, or may hold a Released Claim that is released pursuant to Section 92.5 of the Plan, are, and shall be, permanently, forever and completely stayed, restrained, prohibited, barred and enjoined from taking any of the following actions, whether directly or indirectly, derivatively or otherwise, on account of or based on the subject matter of such discharged Released Claims: (i) commencing, conducing or continuing in any manner, directly or indirectly, any suit, action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) in any forum; (ii) enforcing, attaching (including, without limitation any prejudgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order; (iii) creating, perfecting or in any way enforcing in any matter, directly or indirectly, any Lien; (iv) setting off, seeking reimbursement or contributions from, or subrogation against, or otherwise recouping in any manner, directly or indirectly, any amount against any liability or obligation owed to any Entity released under Section 92.5 hereof; and (v) commencing or continuing in any manner, in any place or any judicial, arbitration or administrative proceeding in any forum, that does not comply with or is inconsistent with the provisions of the Plan or the Confirmation Order. For the avoidance of doubt, the following stipulations will terminate upon the entry of the Confirmation Order: the Fourth Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transpiration Authority Regarding the Tolling of Statute of Limitations and Consent Order [Case No. 173283-LTS, ECF No. 15854], as amended; and the Fourth Amended Stipulation and Consent Order Between Title III Debtors (Other Than COFINA) and the Puerto Rico Fiscal Agency and Financial Advisory Authority Acting on Behalf of the Governmental Entities Listed on Appendix "B" Regarding the Tolling of Statute of Limitations [Case NO. 17-3283-LTS, ECF No. 17394], as amended.

**Section 92.7 – Exculpation**:

(a)      Government Parties: The Oversight Board, AAFAF, the Debtors, and each of their respective Related Persons, solely acting in its capacity as such at any time up to and including the Effective Date, shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Cases, the formulation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan; provided, however, that the foregoing provisions of this Section 89.7 shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have

constituted intentional fraud or willful misconduct. Nothing in the foregoing provisions of this Section 89.7(a) shall prejudice the right of any of the Government Parties, and the Government Parties' officers and directors serving at any time up to and including the Effective Date, and each of their respective professionals to assert reliance upon advice of counsel as a defense with respect to their duties and responsibilities under the Plan.

(b)    PSA Creditors:  Each of the PSA Creditors solely in its capacity as a party to the GO/PBA Plan Support Agreement and/or the HTA/CCDA Plan Support Agreement and a Creditor and/or insurer, as applicable, from the Petition Date up to and including the Effective Date and each of their respective Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Cases, mediation, the negotiation, formation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, the GO/PBA Plan Support Agreement, the HTA/CCDA Plan Support Agreement, the Definitive Documents, or any other contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan; provided, however, that the foregoing provisions of this Section 92.7(b) shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct.

(c)    Retiree Committee:  Each of the members of the Retiree Committee, solely in its capacity as a member of the Retiree Committee and a Creditor, as applicable, from the Petition Date up to and including the Effective Date and each of the Retiree Committee's Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Cases, the formation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, the Retiree Committee Plan Support Agreement, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan and the Retiree Committee Plan Support Agreement; provided, however, that, the foregoing provisions of this Section 92.7(c) shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct.

(d)    Creditors' Committee:  Each of the members of the Creditors' Committee, solely in its capacity as a member of the Creditors' Committee, and the Creditors' Committee, from the Petition Date up to and including the Effective Date and each of the Creditors' Committee's Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Cases, the formation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan; provided, however, that the foregoing provisions of this Section 92.7(d) shall not affect the liability of any Entity that would otherwise result from any such act or omission to the extent such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct.

17

(e)      AFSCME:  Each of AFSCME solely  in its capacity as a party to the AFSCME Plan Support  Agreement and a Creditor, as applicable,  from the Petition  Date up to and including  the Effective Date and each of their respective Related Persons shall not have or incur any liability  to any Entity  for any act taken or omitted  to be taken in connection with the Title III Cases, the formation,  preparation,  dissemination,  implementation,  confirmation  or approval of the Plan or any compromises or settlements contained  therein, the Disclosure Statement, the AFSCME Plan Support  Agreement, or any contract, instrument, release or other agreement or document  provided for or contemplated  in connection  with the consummation  of the transaction set forth in the Plan and the AFSCME Plan Support  Agreement; provided, however, that, the foregoing  provisions  of this Section 89.7(e) shall not affect the liability  of any Entity  that otherwise  would result from any such act or omission  to the extent that such act or omission  is determined  in a Final Order to have constituted  intentional  fraud or willful misconduct.

(f)      Monoline  Insurers:  Ambac, Assured, FGIC, National, Syncora, and their Related Persons shall not have or incur any liability  to any Entity  for any act taken or omitted  to be taken consistent  with the Plan or in connection  with the formulation,  preparation, dissemination,  implementation,  acceptance, confirmation  or approval of the Plan, including, without  limitation,  in connection  with the treatment of Ambac Insured Bond Claims,  Assured Insured Bond Claims,  FGIC Insured Bond Claims,  National Insured Bond Claims,  or Syncora Insured Bond Claims,  the voting  procedures,  the election procedures,  and any release of obligations  under the applicable  Ambac Insurance Policies,  Assured Insurance Policies,  FGIC Insurance Policies,  National Insurance Policies,  or Syncora Insurance Policies: provided, however, that, notwithstanding  anything  contained  herein to the contrary, the terms and provisions  of the Plan shall not, and shall not be construed to, release or exculpate, with respect to any beneficial  holder of Ambac Insured Bonds, Assured Insured Bonds, FGIC Insured Bonds, National Insured Bonds, or Syncora Insured Bonds any payment obligation  under the applicable Ambac Insurance Policy,  Assured Insurance Policy,  FGIC Insurance Policy,  National Insurance Policy,  or Syncora Insurance Policy in accordance with its terms solely  to the extent of any failure of such holder to receive the Ambac Treatment, Assured Treatment, FGIC Treatment, National Treatment, or Syncora Treatment, as applicable  (or any claims that Ambac, Assured, FGIC, National, or Syncora may have against a beneficial  holder of respective insured bonds with respect to Ambac's, Assured's, FGIC's, National's or Syncora's applicable  obligations under the Ambac Insurance Policies,  Assured Insurance Policies,  National Insurance Policies, or Syncora Insurance Policies,  as applicable).

**Section 92.8 – Appointments Related Litigation**:

Notwithstanding  anything  contained  herein to the contrary, in the event that a Final Order is entered in connection  with the Appointments  Related Litigation  or the Uniformity  Litigation subsequent to entry of the Confirmation  Order, in consideration  of the distributions  made, to be made, or deemed to be made in accordance with the terms and provisions  of the Plan and documents and instruments  related hereto, all Creditors or such other Entities  receiving,  or deemed to have received, distributions  pursuant to or as a result of the Plan, consent and agree that such Final Order shall not in any way or manner reverse, affect or otherwise  modify the transactions contemplated  in the Plan and the Confirmation  Order, including,  without  limitation, the releases, exculpations  and injunctions  provided  pursuant to Article XCII of the Plan.

**Section 92.9 – Bar Order:**

To the limited extent provided in the Plan, each and every Entity is permanently enjoined, barred and restrained from instituting, prosecuting, pursuing or litigating in any manner any and all Claims, demands, rights, liabilities, or causes of action of any and every kind, character or nature whatsoever, in law or in equity, known or unknown, direct or derivative, whether asserted or unasserted, against any of the Released Parties, based upon, related to, or arising out of or in connection with any of the Released Claims, confirmation and consummation of the Plan, the negotiation and consummation of the GO/PBA Plan Support Agreement, or any claim, act, fact, transaction, occurrence, statement or omission in connection with or alleged or that could have been alleged in the Title III Cases, including, without limitation, any such claim, demand, right, liability or cause of action for indemnification, contribution, or any other basis in law or equity for damages, costs or fees incurred arising directly or indirectly from or otherwise relating to the Title III Cases, either directly or indirectly by any Person for the direct or indirect benefit of any Released Party arising from or related to the claims, acts, facts, transactions, occurrences, statements or omissions that are, could have been or may be alleged in the related actions or any other action brought or that might be brought by, through, on behalf of, or for the benefit of any of the Released Parties (whether arising under federal, state or foreign law, and regardless of where asserted).

**Section 92.11 – Supplemental Injunction**:

Notwithstanding anything contained herein to the contrary, except to the limited extent provided in the Plan, all Entities, including Entities acting on their behalf, who currently hold or assert, have held or asserted, or may hold or assert, any Released Claims against any of the Released Parties based upon, attributable to, arising out of or relating to the Title III Cases or any Claim against the Debtors, whenever and wherever arising or asserted, whether in the United States or anywhere else in the world, whether sounding in tort, contract, warranty, statute, or any other theory of law, equity or otherwise, shall be, and shall be deemed to be, permanently stayed, restrained and enjoined from taking any action against any of the Released Parties for the purpose of directly or indirectly collecting, recovering or receiving any payment or recovery with respect to any Released Claims arising prior to the Effective Date (including prior to the Petition Date), including, but not limited to:

(a)     Commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Released Claim against any of the Released Parties or the assets or property of any Released Party;

(b)     Enforcing, attaching, collecting or recovering, by any manner or means, any judgment, award, decree or order against any of the Released Parties or the assets or property of any Released Party with respect to any such Released Claim;

(c)     Creating, perfecting or enforcing any Lien of any kind against any of the Released Parties or the assets or property of any Released Party with respect to any such Released Claim;

(d)     Except as otherwise expressly provided in the Plan or the Confirmation Order, asserting, implementing or effectuating any setoff, right of subrogation, indemnity, contribution or recoupment of any kind against any obligation due to any of the Released Parties or against the property of any Released Party with respect to any such Released Claim; and

(e)     Taking any act, in any manner, in any place whatsoever, that does not conform to, or comply with, the provisions of the Plan or the Confirmation Order, provided, however, that the Debtors' compliance with the formal requirements of Bankruptcy Rule 3016 shall not constitute an admission that the Plan provides for any injunction against conduct not otherwise enjoined under the Bankruptcy Code.

Dated: August 2, 2021
     San Juan, Puerto Rico

Respectfully submitted,

*/s/ Martin J. Bienenstock*

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

*/s/ Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

## Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, THE<br>EMPLOYEES RETIREMENT SYSTEM OF THE<br>GOVERNMENT OF THE COMMONWEALTH OF<br>PUERTO RICO, AND THE PUERTO RICO PUBLIC<br>BUILDINGS AUTHORITY,<br><br>                                  Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**NOTICE OF ENTRY OF ORDER ESTABLISHING PRELIMINARY
CONFIRMATION SUBMISSION AND DISCOVERY PROCEDURES,
AND DIRECTING NOTICE TO CREDITORS OF THE SAME**

**THE COURT HAS DETERMINED THAT DISCOVERY IN CONNECTION WITH THE
CONFIRMATION HEARINGS ON THE DEBTORS' PROPOSED PLAN OF
ADJUSTMENT SHOULD BEGIN PROMPTLY, BEFORE COMPLETION OF THE
HEARING ON THE DEBTORS' MOTION FOR APPROVAL OF THE PROPOSED
DISCLOSURE STATEMENT REGARDING THE PROPOSED PLAN OF
ADJUSTMENT. THE DATES AND DEADLINES SET FORTH HEREIN MAY BE
ADJUSTED IF THE DISCLOSURE STATEMENT IS APPROVED AFTER JULY 30,
2021, AND ARE SUBJECT TO FURTHER REVISIONS BY COURT ORDER. THIS IS
NOT A SOLICITATION OF VOTES ON THE PROPOSED PLAN. YOU SHOULD
REVIEW THIS NOTICE.**

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

> If you have any questions regarding this notice, please contact Prime Clerk LLC by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@primeclerk.com.

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.     The Financial Oversight and Management Board has filed, on behalf of the Debtors, the *Fifth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, dated July 12, 2021 [ECF No. 17306] (as the same may be amended or modified, including all exhibits and supplements thereto, the "Plan").

2.     ***Status of Disclosure Statement Approval.***   The Court is presently considering objections to the *Disclosure Statement for the Fifth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (Docket Entry No. 17308 in Case No. 17-3283, and as the same may be amended or modified, the "Disclosure Statement") filed by the Debtors, that describes the Plan proposed for confirmation.  A further hearing to consider the sufficiency of the Disclosure Statement is scheduled for July 27, 2021.  The Debtors have proposed that final hearings on confirmation of the Plan take place in November 2021.  To facilitate the possibility of consideration of confirmation of the Plan in 2021, the Court has determined that discovery regarding confirmation issues must commence promptly and that it is appropriate to establish the preliminary procedures for confirmation submissions and discovery that are set forth in this Notice. The Court has entered an *Order Establishing Preliminary Confirmation Submission and Discovery Procedures, and Directing Notice to Creditors of the Same,* which requires the Debtors to distribute this Notice.  The Court's Order is filed at Docket Entry No. 17431 in Case No. 17-3283. The Order establishes the following schedule for discovery and confirmation-related submissions.

3.     ***Deadline to File Notice of Intent to Participate in Discovery***.  If you wish to
participate in discovery in connection with confirmation of the Plan, you must file a notice of your
intention to participate in discovery (a "Discovery Notice"), and in the manner set forth in
<u>Attachment 1</u>.  If you file your Discovery Notice on or before August 15, 2021, you may be granted
access to documents in the Plan Depository, where information and documents concerning the
Plan are kept, <u>see</u> Paragraph 8 below, and will also be able to serve your own discovery requests.
If you file your Discovery Notice after August 15, 2021, but on or before October 19, 2021, you
may be granted access to documents in the Plan Depository.  Please note that access to the
information in the Plan Depository may also require complying with the Debtors' access
requirements.

4.     You must submit the Discovery Notice in the form set forth in <u>Attachment 1</u>, which
must:

a.     Be in writing, in English, and be signed;

b.     State your name, address, the nature of your Claim, and your Claim number;

c.     State your intention to participate in discovery in connection with
confirmation of the Plan; and

d.     Be filed electronically with the Court on the docket using the CM/ECF
docket event Notice of Intent to Participate in Discovery for
Commonwealth Plan Confirmation, in *In re Commonwealth of Puerto Rico,*
Case No. 17 BK 3283-LTS, through the Court's case filing system on or
before the applicable deadline.

i.     If you are <u>not</u> represented by counsel, you may instead mail your

Discovery Notice to the Court's Clerk's office at:
United States District Court, Clerk's Office
150 Ave. Carlos Chardon Ste. 150
San Juan, P.R. 00918-1767

so as to be received on or before the applicable deadline.

5.      **You must timely file a Discovery Notice to participate in discovery in connection with confirmation of the Plan**.  Failure to timely file a Discovery Notice, however, will <u>not</u> preclude you from filing an objection to confirmation of the Plan on or before the confirmation Objection Deadline (as defined below), but will preclude you from being able to view documents in the Plan Depository, and from taking discovery.

6.      *Discovery Timetable and Deadlines*.  The Court has established the following discovery dates and deadlines, which are applicable to the Debtors and to other parties in interest who have timely filed a Discovery Notice and are eligible to participate in discovery:[2]

| Summary of Certain Deadlines | |
|---|---|
| **August 3, 2021** | Deadline for Debtors to file Preliminary Fact Witness List |
| | Deadline for Debtors to file Opening Summary Brief |
| **August 6, 2021** | Opening date to serve Requests for Production of Documents (All Parties) |
| **August 15, 2021** | Deadline for Creditors to file Notice of Intent to Participate in Discovery in order to be eligible to access the Plan Depository and serve discovery requests |
| **September 6, 2021** | Deadline for Creditors to file Preliminary Fact Witness List |
| | Deadline to file Opening Expert Disclosures (All Parties) |
| **September 13, 2021** | Deadline to file Opening Expert Reports (All Parties) |
| **October 1, 2021** | Deadline to file Interrogatories (All Parties) |
| | Deadline to file Follow-Up Production Requests (All Parties) |
| **October 4, 2021** | Deadline to file Rebuttal Expert Disclosures (All Parties) |
| **October 8, 2021** | Deadline to file Rebuttal Expert Reports (All Parties) |
| | Deadline for Debtors to file Initial Proposed Confirmation Order |
| **October 11, 2021** | Deadline to file Admission Requests (All Parties) |
| | Close of Fact Discovery |

---

[2]      All of the dates and procedures set forth in this notice are subject to change by further Court order.

| Summary of Certain Deadlines | |
|---|---|
| October 18, 2021 | Close of Expert Discovery |
| October 19, 2021 | Deadline for Creditors to file Objections to Confirmation of the Plan |
| | Deadline for Creditors to file Notice of Intent to Participate in Discovery in order to access the Plan Depository |
| October 22, 2021 | Deadline for Creditors to file Objections to Debtors' Initial Proposed Confirmation Order |
| | Deadline to file Finalized Witness Lists, Exhibit Lists and Deposition Designations (All Parties) |
| October 25, 2021 | Deadline for Debtors to file Replies to Objections to Confirmation of the Plan |
| | Deadline to file Witness Declarations to be used at the Confirmation Hearing (All Parties) |
| | Deadline for Debtors to file Initial Proposed Findings of Fact and Conclusions of Law in Support of Confirmation of the Plan |
| October 27, 2021 | Deadline for Debtors to file Replies in Support of Proposed Confirmation Order |
| November 8, 2021 | Start of Confirmation Hearing |

7.      The dates and deadlines set forth herein may be adjusted if the Disclosure Statement is approved after July 30, 2021, and under such other circumstances as may be determined by the Court.  You will receive notices with additional information regarding further proceedings in connection with confirmation of the Plan after the Court makes its determination regarding the Disclosure Statement.

8.      ***Plan Confirmation Depository***.    Information  and  documents  relating  to confirmation  of  the  Plan  are  available  online  in  the  Plan  Confirmation  Depository  at titleiiiplandataroom.com.

9.      ***Additional Information***.  Any party in interest wishing to obtain copies of the Plan, including Spanish translations thereof, should contact Prime Clerk LLC, by telephone at (844)

822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers),

available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at

puertoricoinfo@primeclerk.com, or may view such documents by accessing either

https://cases.primeclerk.com/puertorico/ or the Court's website, https://www.prd.uscourts.gov/.

Please note that a Public Access to Court Electronic Records ("PACER")

(http://www.pacer.psc.uscourts.gov) password and login are needed to access documents on the

Court's website.

Dated: July 20, 2021
     San Juan, Puerto Rico

Respectfully submitted,

*/s/ Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
Margaret A. Dale (*pro hac vice*)
Julia D. Alonzo (*pro hac vice*)
Laura Stafford (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036

*Attorneys for the Financial Oversight and
Management Board as representative for the
Debtors*

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813

*Co-Attorneys for the Financial Oversight and
Management Board as representative for the
Debtors*

# <u>ATTACHMENT 1</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

-------------------------------------------------------------------

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO
et al.,

                    Debtors.[3]

-------------------------------------------------------------------

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

**NOTICE OF INTENT TO PARTICIPATE IN DISCOVERY FOR
CONFIRMATION OF COMMONWEALTH PLAN OF ADJUSTMENT**

**If this Notice is filed on or before August 15, 2021, you may be granted access to
documents in the Plan Depository, where information and documents concerning the Plan
are kept, and you will also be able to serve your own discovery requests. If you file this Notice
after August 15, 2021, but on or before October 19, 2021, you may be granted access to
documents in the Plan Depository, but you will not be able to serve your own discovery
requests. Please note that access to the information in the Plan Depository may also require
complying with the Debtors' access requirements. If this Notice is filed after October 19,
2021, you will not be permitted to participate in discovery. If you do not file this Notice, you
will still be able to vote on the Plan, if you are otherwise qualified to vote.**

        The party identified below (the "Participant") hereby advises the Debtors that it
intends to participate in discovery in connection with confirmation of the Debtors' proposed Plan.

---

[3]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last
four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth
of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal
Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-
BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation
Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808);
(iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS")
(Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico
Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal
Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-
5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case
numbers due to software limitations).

Participant must provide all of the information below **in English**:

1.      Participant's contact information, including email address, and that of its counsel,
         if any:

Participant's Name: _____

Participant's Address: _____

Participant's Email Address: _____

Name of Counsel: _____

Address of Counsel: _____

Email Address of Counsel: _____

2.      Participant's Claim number and the nature of Participant's Claim:

Claim Number: _____

Nature of Claim: _____

By: _____
    Signature

    _____
    Print Name

    _____
    Title (if Participant is not an individual)

    _____
    Date

**Instructions for Filing Notice of Participation**:  If you are represented by counsel, this Notice must be filed electronically with the Court on the docket using the CM/ECF docket event Notice of Intent to Participate in Discovery for Commonwealth Plan Confirmation, in *In re Commonwealth of Puerto Rico,* Case No. 17 BK 3283-LTS, through the Court's case filing system on or before the applicable deadline.  If you are <u>not</u> represented by counsel, you may instead mail this Notice to the Court's Clerk's Office at:  United States District Court, Clerk's Office, 150 Ave. Carlos Chardon Ste. 150, San Juan, P.R. 00918-1767.

**<u>Exhibit D</u>**

**EN EL TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
DISTRITO DE PUERTO RICO**

| | |
|---|---|
| In re:<br><br>JUNTA DE SUPERVISIÓN FISCAL Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO<br><br>en representación de<br><br>EL ESTADO LIBRE ASOCIADO DE PUERTO RICO, et al., del deudor | PROMESA<br>TÍTULO III<br>No. 17 BK 3283-LTS<br>(Administrados conjuntamente) |

## NOTIFICACIÓN A POSEEDORES DE RECLAMACIONES NO VOTANTES CLASE 51A (RECLAMACIONES DE RETIRADOS DEL SRE POR DEBAJO DEL UMBRAL) – SE CONSIDERA QUE ACEPTAN

FAVOR DE TOMAR CONOCIMIENTO QUE, el 2 de agosto, 2021, el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico autorizó a la Junta de Supervisión Fiscal de Puerto Rico (JSF), como representante del Estado Libre Asociado de Puerto Rico, a solicitar el voto de los acreedores del para aceptar o rechazar el Séptimo Plan de Ajuste Conjunto Enmendado bajo Título III ffechado el 30 de julio, 2021 (Plan) del deudor.

**BAJO LOS TÉRMINOS DEL PLAN SUS BENEFICIOS DE RETIRO ESTÁN COMPLETAMENTE PROTEGIDOS DE LOS RECORTES. POR LO TANTO, CONFORME A LA SECCIÓN 1126(F) DEL CÓDIGO DE QUIEBRAS, (I) SE CONSIDERA QUE USTED ACEPTA EL PLAN, Y (II) NO TIENE QUE VOTAR SOBRE EL PLAN.**

**SI TIENE PREGUNTAS SOBRE EL ESTATUS DE SU RECLAMACIÓN O DESEA SOLICITAR UNA COPIA DEL PLAN Y/O LA DECLARACIÓN DE INFORMACIÓN QUE LE ACOMPAÑA, FAVOR DE CONTACTAR AL AGENTE DE VOTACIÓN DEL DEUDOR PRIME CLERK LLC, POR: (I) CORREO "FIRST CLASS" O SERVICIO DE CORREO EXPEDITO: PUERTO RICO BALLOT PROCESSING, C/O PRIME CLERK LLC, ONE GRAND CENTRAL PLACE, 60 E. 42ND STREET, SUITE 1440, NEW YORK, NY 10165; (II) TELÉFONO: (844) 822-9231 (LIBRE DE CARGOS EN LOS ESTADOS UNIDOS Y PUERTO RICO) O (646) 486-7944 (PARA LLAMADAS INTERNACIONALES), DISPONIBLES ENTRE 10:00 A.M. A 7:00 P.M. (HORA DEL ATLÁNTICO) (SERVICIO EN ESPAÑOL DISPONIBLE); O (III) CORREO ELECTRÓNICO: PUERTORICOINFO@PRIMECLERK.COM.**

Fechado: 2 de agosto, 2021
San Juan, Puerto Rico

| | |
|---|---|
| /s/ _Martin J. Bienenstock_ | /s/ _Hermann D. Bauer_ |
| Martin J. Bienenstock *(pro hac vice)*<br>Brian S. Rosen *(pro hac vice)*<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036 | Hermann D. Bauer<br>USDC No. 215205<br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813 |

*Abogados de la Junta de Supervisión Fiscal en representación del Deudor*

[1] Los Deudores en estos casos de Título III, junto a al número que corresponde al caso de Título III de cada Deudor y los últimos cuatro (4) dígitos del número de identificación de contribuyente federal, según apliquen, son (i) Gobierno del Estado Libre Asociado de Puerto Rico (Caso de quiebra número 17-BK-3283-LTS) (Últimos cuatro (4) dígitos del número de identificación de contribuyente federal: 3481); (ii) Corporación del Fondo de Interés Apremiante de Puerto Rico (COFINA) (Caso de quiebra número 17-BK-3284-LTS) (Últimos cuatro (4) dígitos del número de identificación de contribuyente federal: 8474); (iii) Autoridad de Carreteras y Transportación de Puerto Rico (Caso de quiebra número 17-BK-3567-LTS) (Últimos cuatro (4) dígitos del número de identificación de contribuyente federal: 3808); (iv) Sistema de Retiro de Empleados del Gobierno de Puerto Rico (Caso de quiebra número 17-BK-3566-LTS (Últimos cuatro (4) dígitos del número de identificación de contribuyente federal: 9686); (v) Autoridad de Energía Eléctrica (Caso de quiebra número 17-BK-4780-LTS) (Últimos cuatro (4) dígitos del número de identificación de contribuyente federal: 3747); y (vi) Autoridad de Edificios Públicos (Caso de quiebra número 19-BK-5523-LTS) (Últimos cuatro (4) dígitos del número de identificación de contribuyente federal: 3801) (Los números de los casos de Título III aparecen como números de casos de quiebra debido a limitaciones de programación).

**Exhibit E**



**COR**

**Entienda el impacto en su pensión del Acuerdo propuesto por el Comité Oficial de Retirados**

**? ¿MI PENSIÓN ESTÁ PROTEGIDA?**

SI SU PENSIÓN Y BENEFICIOS ACTUALES SON DE

# $1,500 AL MES O MENOS*

## USTED ESTÁ PROTEGIDO

**DE LOS RECORTES A LAS PENSIONES.**

## DE NO SER ASÍ,

**SU PENSIÓN Y BENEFICIOS MENSUALES EXPERIMENTARÁN**

## UNA REDUCCIÓN NO MAYOR DE 8.5%.

Para conocer más sobre el impacto del Acuerdo del COR en su pensión y beneficios mensuales, consulte la Calculadora de Pensiones disponible en porturetiro.com.

 **A VOTAR**

Para obtener más información, visite la página web del COR: **porturetiro.com**

*Su beneficio mensual total incluye su pensión base mensual, 1/12 del Bono de Navidad (si lo recibe), 1/12 de su Bono de Verano (si lo recibe) y un 1/12 de su Bono de Medicinas (si lo recibe). Su beneficio mensual total no incluye la aportación mensual para el plan médico y los beneficios de Seguro Social.

El Comité Oficial de Retirados provee este documento con el propósito de informar solamente y no tiene la intención de solicitar votos sobre ningún Plan de Ajuste que haya sido presentado o esté por presentarse en nombre del Gobierno de Puerto Rico. El Acuerdo entre el Comité de Retirados y la Junta de Supervisión Fiscal que se describe arriba está sujeto a la votación y confirmación del Plan de Ajuste.

# BENEFICIOS DEL ACUERDO DEL COR

 **EL ACUERDO DEL COR PROTEGE A MÁS RETIRADOS.**

| | |
|---|---|
| **Protege a más retirados** | 73% de todos los retirados están protegidos de los recortes – más de 120,000 retirados están protegidos |
| **Aumenta el umbral de las pensiones sujetas a recortes** | El umbral aumentó a $1,500/mes de $600/mes que era la propuesta original de la JSF |
| **Reduce el recorte máximo a las pensiones** | El recorte máximo se redujo a 8.5% comparado con 25% que era la propuesta original de la JSF |

 **EL ACUERDO DEL COR ASEGURA QUE LOS BENEFICIOS DE SEGURO SOCIAL Y DE PLAN MÉDICO ESTÉN PROTEGIDOS.**

| | |
|---|---|
| **Conserva la aportación al Plan Médico** | A diferencia de la propuesta de la JSF, mantiene la aportación mensual al Plan Médico, lo que representa un beneficio de $100/mes para quienes lo reciben (139,000 personas) |
| **Evita recortes adicionales por Seguro Social** | Asegura que el Seguro Social no entra en la fórmula para calcular los recortes |

 **EL ACUERDO DEL COR PROVEE MÁS TIEMPO PARA QUE LOS RETIRADOS SE PREPAREN, PROTECCIÓN PARA EL FUTURO Y POSIBILIDAD DE RECUPERAR BENEFICIOS SI LA ECONOMÍA MEJORA.**

| | |
|---|---|
| **Retrasa la fecha de efectividad** | Los recortes serán efectivos el 1 de julio de 2022, o 6 meses después de que se confirme un Plan de Ajuste, lo que ocurra más tarde |
| **Asegura cumplimiento del gobierno** | El Acuerdo será parte de una sentencia del Tribunal federal que irá por encima de leyes locales, y así proteger las pensiones de cualquier incumplimiento de parte del gobierno y de leyes futuras que puedan reducir los beneficios de los pensionados. |
| **Crea un Fondo de Reserva de Pensiones** | Establece un fondo de reserva de pensiones para proveer seguridad a los pagos de pensiones futuros en caso de que el gobierno vuelva a quedarse sin dinero para pagar las pensiones |
| **Establece un Mecanismo de Restauración de Beneficios** | Permite que el gobierno restaure los beneficios a los retirados afectados, si la economía tiene un desempeño por encima de las proyecciones del Plan Fiscal o si el gobierno identifica los fondos en su presupuesto anual |

 **A VOTAR** Para obtener más información, visite la página web del COR: **porturetiro.com**

**<u>Exhibit F</u>**

## ANTE EL TRIBUNAL DE DISTRITO DE ESTADOS UNIDOS
## PARA EL DISTRITO DE PUERTO RICO

En el caso:

LA JUNTA DE SUPERVISIÓN Y
ADMINISTRACIÓN FINANCIERA PARA PUERTO
RICO,

     como representante de

EL ESTADO LIBRE ASOCIADO DE PUERTO RICO,
EL SISTEMA DE RETIRO DE LOS EMPLEADOS
DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO
DE PUERTO RICO Y LA AUTORIDAD DE
EDIFICIOS PÚBLICOS DE PUERTO RICO,

                          Deudores.[1]

Título III de PROMESA

Núm. 17 BK 3283-LTS

(Con administración conjunta)

## NOTIFICACIÓN DE (I) LA APROBACIÓN DE LA DECLARACIÓN DE DIVULGACIÓN, (II) EL ESTABLECIMIENTO DE LAS FECHAS DE REGISTRO, (III) LA VISTA DE CONFIRMACIÓN DEL PLAN DE AJUSTE Y LOS PROCEDIMIENTOS DE OBJECIÓN A LA CONFIRMACIÓN DEL PLAN DE AJUSTE, (IV) LOS PROCEDIMIENTOS Y LA FECHA LÍMITE PARA VOTAR SOBRE EL <u>PLAN DE AJUSTE Y LA REALIZACIÓN DE DETERMINADAS ELECCIONES EN VIRTUD DE DICHO VOTO</u>

**FECHA LÍMITE DE VOTACIÓN Y ELECCIÓN: <u>5:00 p.m. (AST) del 4 de octubre de 2021</u>**

**FECHA LÍMITE DE OBJECIONES: <u>5:00 p.m. (AST) del 19 de octubre de 2021</u>**

**VISTA DE CONFIRMACIÓN: <u>8 al 10, 12, 15 al 18, y 22-23 de noviembre de 2021 a las 09:30 a.m. (AST)</u>**

---

[1]   Los Deudores en estos Casos del Título III, junto con el número de caso de Título III respectivo de cada Deudor y los últimos cuatro (4) dígitos del número de identificación fiscal federal de cada Deudor, según corresponda, son (i) el Estado Libre Asociado (<u>ELA</u>) de Puerto Rico (Caso de Quiebra Núm. 17-BK-3283- LTS) (Últimos cuatro dígitos del Número de identificación fiscal federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante ("<u>COFINA</u>") de Puerto Rico (Núm. de Caso de Quiebra 17-BK-3284-LTS) (Últimos cuatro dígitos del Número federal del contribuyente: 8474); (iii) la Autoridad de Carreteras y Transportación ("<u>ACT</u>") de Puerto Rico (Núm. de Caso de Quiebra 17-BK-3567-LTS) (Últimos cuatro dígitos del Número federal del contribuyente: 3808); (iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("<u>SRE</u>") (Núm. de Caso de Quiebra 17-BK-3566-LTS) (Últimos cuatro dígitos del Número federal del contribuyente: 9686); (v) la Autoridad de Energía Eléctrica ("<u>AEE</u>") de Puerto Rico (Núm. de Caso de Quiebra 17- BK-4780-LTS) (Últimos cuatro dígitos del Número federal del contribuyente: 3747); y (vi) la Autoridad de Edificios Públicos ("<u>AEP</u>") de Puerto Rico (Núm. de Caso de Quiebra 19-BK-5523-LTS) (Últimos cuatro dígitos del Número federal del contribuyente: 3801) (Los números de caso de Título III figuran como números de Caso de Quiebra debido a limitaciones del software).

> **Si tiene alguna pregunta sobre esta notificación, comuníquese con Prime Clerk LLC por teléfono llamando al (844) 822-9231 (gratuito para Estados Unidos y Puerto Rico) o al (646) 486-7944 (para llamadas internacionales), de 10:00 a.m. a 7:00 p.m. (hora estándar del Atlántico) (disponible en español), o por correo electrónico enviando un mensaje a puertoricoinfo@primeclerk.com.**

## TENGA EN CUENTA LO SIGUIENTE:

1.      *Aprobación de la Declaración de Divulgación.*  Mediante orden de fecha 2 de agosto de 2021 [ECF Núm. 17639] (la "Orden de Declaración de Divulgación"), el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico (el "Tribunal") aprobó la adecuación de la información contenida en la *Declaración de Divulgación para el Séptimo Plan de Ajuste Conjunto Enmendado de Título III del Estado Libre Asociado de Puerto Rico, y otros*, de fecha 30 de julio de 2021 (con sus posibles modificaciones o enmiendas, incluyendo todos los anexos y apéndices a esta, la "Declaración de Divulgación"), presentada por la Junta de Supervisión y Administración Financiera en nombre del Deudor, y autorizó a los Deudores a convocar a la votación con respecto a la aceptación o rechazo del *Séptimo Plan de Ajuste Conjunto Enmendado de Título III del Estado Libre Asociado de Puerto Rico, y otros*, de fecha 30 de julio de 2021 (con sus posibles modificaciones o enmiendas, incluyendo todos los anexos y apéndices a este, el "Plan")[2].

> **Podrá solicitar una copia impresa del Plan y de la Declaración de Divulgación, incluyendo traducciones al español de ambos documentos, poniéndose en contacto con el Agente de Votación, Prime Clerk LLC:**
>
> **Por teléfono (10:00 a.m. hasta 7:00 p.m. (AST)) (disponible atención en español):**
> **(844) 822-9231 (llamada gratuita en EE.UU. y Puerto Rico**
> **(646) 486-7944 (llamadas internacionales)**
>
> **Correo electrónico: puertoricoinfo@primeclerk.com**
>
> Alternativamente, podrá consultar las copias electrónicas de la Declaración de Divulgación y del Plan visitando https://cases.primeclerk.com/puertorico/

---

[2] Todos los términos en mayúsculas que se utilizan pero que no se definen de otro modo tendrán el significado que se les atribuye en el Plan.

2

2.      De acuerdo con la Orden de Declaración de Divulgación, los Deudores enviarán

por correo los materiales necesarios para votar el Plan o hacer elecciones sobre las distribuciones

en virtud de este (el "Paquete de Convocatoria") a los tenedores de Reclamaciones de las

siguientes Clases (colectivamente, las "Clases con Derecho al Voto"):

|  | Clase |
|---|---|
| Reclamaciones de Bonos Vintage de la AEP | Clase 1 |
| Reclamaciones de Bonos Vintage de la AEP (Assured) | Clase 2 |
| Reclamaciones de Bonos Vintage de la AEP (National) | Clase 3 |
| Reclamaciones de Bonos Vintage de la AEP (Ambac) | Clase 4 |
| Reclamaciones de Bonos Vintage de la AEP (FGIC) | Clase 5 |
| Reclamaciones de Bonos Vintage de la AEP (Syncora) | Clase 6 |
| Reclamaciones de Bonos Vintage Minoristas de la AEP | Clase 7 |
| Reclamaciones de Bonos 2011 de la AEP | Clase 8 |
| Reclamaciones de Bonos 2011 Minoristas de la AEP | Clase 9 |
| Reclamaciones de Bonos 2012 de la AEP | Clase 10 |
| Reclamaciones de Bonos 2012 Minoristas de la AEP | Clase 11 |
| Reclamaciones Garantizadas de la AEP/DRA | Clase 12 |
| Reclamaciones Generales no Garantizadas de la AEP | Clase 13 |
| Reclamaciones no Garantizadas de la AEP/DRA | Clase 14 |
| Reclamaciones de Bonos Vintage del ELA | Clase 15 |
| Reclamaciones de Bonos Vintage Minoristas del ELA | Clase 16 |
| Reclamaciones de Bonos Vintage del ELA (Assured) | Clase 17 |
| Reclamaciones de Bonos Vintage del ELA (National) | Clase 18 |
| Reclamaciones de Bonos Vintage del ELA (Ambac) | Clase 19 |
| Reclamaciones de Bonos Vintage del ELA (FGIC) | Clase 20 |
| Reclamaciones de Bonos Vintage del ELA (Syncora) | Clase 21 |
| Reclamaciones de Bonos Vintage Garantizados del ELA | Clase 23 |
| Reclamaciones de Bonos Vintage Garantizados del ELA (Assured) | Clase 24 |
| Reclamaciones de Bonos Vintage Garantizados del ELA (National) | Clase 25 |
| Reclamaciones de Bonos Vintage Garantizados del ELA (Ambac) | Clase 26 |
| Reclamaciones de Bonos Vintage Garantizados del ELA (FGIC) | Clase 27 |
| Reclamaciones de Bonos Vintage Garantizados del ELA (Syncora) | Clase 28 |
| Reclamaciones de Bonos 2011 del ELA | Clase 30 |
| Reclamaciones de Bonos 2011 Minoristas del ELA | Clase 31 |
| Reclamaciones de Bonos 2011 del ELA (Assured) | Clase 32 |
| Reclamaciones de Bonos Garantizados 2011 del ELA | Clase 34 |
| Reclamaciones de Bonos Serie D/E/PIB 2011 del ELA | Clase 36 |

3

| | Clase |
|---|---|
| Reclamaciones de Bonos Serie D/E/PIB 2011 del ELA (Assured) | Clase 37 |
| Reclamaciones de Bonos Serie D/E/PIB 2011 Minoristas del ELA | Clase 38 |
| Reclamaciones de Bonos 2012 del ELA | Clase 40 |
| Reclamaciones de Bonos 2012 Minoristas del ELA | Clase 41 |
| Reclamaciones de Bonos 2012 del ELA (Assured) | Clase 42 |
| Reclamaciones de Bonos Garantizados 2012 del ELA | Clase 44 |
| Reclamaciones de Bonos 2014 del ELA | Clase 46 |
| Reclamaciones de Bonos 2014 Minoristas del ELA | Clase 47 |
| Reclamaciones de Bonos Garantizados 2014 del ELA | Clase 49 |
| Reclamaciones de Jubilados Participantes del SRE por Encima del Umbral | Clase 51D |
| Reclamaciones de Jubilados Participantes del SRJ por Debajo del Umbral | Clase 51B |
| Reclamaciones de Jubilados Participantes del SRJ por Encima del Umbral | Clase 51E |
| Reclamaciones de Jubilados Participantes del SRM por Encima del Umbral) | Clase 51F |
| Reclamaciones de Participantes Activos del SRE | Clase 51G |
| Reclamaciones de Participantes Activos del SRJ | Clase 51H |
| Reclamaciones de Participantes Activos del SRM | Clase 51I |
| Reclamaciones de Participantes de Nóminas de VTP por Encima del Umbral | Clase 51L |
| Reclamaciones de AFSCME | Clase 52 |
| Reclamaciones de productores lácteos | Clase 53 |
| Reclamaciones de dominio eminente | Clase 54 |
| Reclamaciones del Centro Médico | Clase 56 |
| Reclamaciones Generales Sin Garantía del ELA | Clase 58 |
| Reclamaciones del ELA/ACT | Clase 59 |
| Reclamaciones del ELA/Centro de Convenciones | Clase 60 |
| Reclamaciones del ELA/Impuesto al Ron de la AFI | Clase 61 |
| Reclamaciones del ELA/AMA | Clase 62 |
| Reclamaciones de Bonos del SRE | Clase 65 |
| Reclamaciones Generales Sin Garantía del SRE | Clase 66 |
| Reclamaciones Federales | Clase 69 |

3.      ***Vista de confirmación.***   Se celebrará una vista para considerar la confirmación

del Plan (la "<u>Vista de Confirmación</u>") ante la Honorable Laura Taylor Swain, en una vista

4

telefónica a través de CourtSolutions los días **8 – 10, 12, 15 – 18 y 22 – 23 de noviembre a las 9:30 a.m. (hora estándar del Atlántico)**.

4.     La Vista de Confirmación puede ser continuada periódicamente por el Tribunal o la Junta de Supervisión, sin notificación adicional o a través de aplazamientos anunciados en audiencia pública o como se indica en cualquier notificación de los asuntos que se considerarán en la vista presentada ante el Tribunal, y el Plan puede ser modificado, si es necesario, antes, durante o como resultado de la Vista de Confirmación, de acuerdo con las disposiciones de modificación del Plan y la Regla Local 3016-2, sin notificación adicional a las partes interesadas.

5.     *Depósito de confirmación del Plan*.  La información relativa a la confirmación del Plan está disponible en línea en el Depósito de Confirmación del Plan en titleiiiplandataroom.com.

6.     *Fecha límite de objeción de la confirmación.* El Tribunal ha establecido el **19 de octubre de 2021 a las 5:00 p.m. (hora estándar del Atlántico)** (la "Fecha Límite de Objeción a la Confirmación") como fecha límite para presentar objeciones o réplicas a la confirmación del Plan propuesto.

7.     *Objeciones y réplicas a la confirmación.*   Las objeciones y réplicas a la confirmación del Plan deben:

a.  Estar redactadas por escrito, en inglés, y firmadas;

b.  Indicar el nombre, el domicilio y la naturaleza de la Reclamación de la parte que se opone o responde;

c.  Exponer en detalle el fundamento y la naturaleza de cualquier objeción o réplica y, cuando corresponda, la redacción propuesta que debe insertarse en el Plan con el fin de resolver cualquier objeción o réplica;

d.  Presentarse electrónicamente ante el Tribunal en el registro *En referencia al Estado Libre Asociado de Puerto Rico*, Caso núm. 17 BK 3283-LTS, a través del sistema de registro de casos del Tribunal en formato de documento portátil

5

con función de búsqueda, **como más tardar el 19 de octubre de 2021 las 5:00 p.m. (hora estándar del Atlántico).**

    i.    Si no es usted abogado registrado como usuario del sistema de registro de casos del Tribunal, podrá enviar por correo postal su objeción a la Oficina de Secretaría del Tribunal, a:

Tribunal de Distrito de EE.UU., Oficina de Secretaría
Avenida Carlos Chardón 150, Suite 150
San Juan, Puerto Rico 00918-1767

que deberá recibirse como más tardar **el 19 de octubre de 2021 las 5:00 p.m. (hora estándar del Atlántico)**.

e.   Notificarse a la Oficina del Fideicomisario de Estados Unidos para el Distrito de Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (ref: En el caso: el Estado Libre Asociado de Puerto Rico) de manera que se reciba en o antes de la Fecha Límite de Objeción a la Confirmación Final.

8. ***Participación en la Indagatoria de confirmación***. Si desea participar en la indagatoria relativa a la confirmación del Plan deberá presentar una notificación de sus intenciones de participar en la indagatoria (una "Notificación de indagatoria"), un formulario que encontrará en https://cases.primeclerk.com/puertorico/. Si presenta su Notificación de indagatoria como más tardar el **15 de agosto de 2021**, es posible que se le permita el acceso a documentos del Depósito del Plan donde se guardan información y documentos relativos al Plan, y podrá asimismo notificar sus propias solicitudes indagatorias. Si presenta su Notificación indagatoria después del **15 de agosto de 2021**, pero antes del **19 de agosto de 2021 (o en esta última fecha)**, es posible que se le permita el acceso a documentos del Depósito del Plan. Tenga en cuenta que el acceso a la información en el Depósito del Plan podría quedar sujeto al cumplimiento de los requisitos de acceso de los Deudores.

9. Deberá presentar la Notificación de indagatoria en el formato estipulado por el sitio web del Caso del Título III, a saber:

    a. Estar por escrito, en inglés, e ir firmada;

    b. Indicar su nombre, domicilio, naturaleza de su Reclamación y número de Reclamación;

    c. Indicar sus intenciones de participar en la indagatoria relativa a la confirmación del Plan; y

    d. Presentarla electrónicamente al Tribunal, en el registro CM/ECF Notificación de intenciones de participar en la indagatoria de la Confirmación del Plan del Estado Libre Asociado, en *En referencia al Estado Libre Asociado de Puerto Rico*, Caso núm. 17 BK 3283-LTS, a través del sistema de registro de casos del Tribunal como más tardar en la fecha de plazo final correspondiente.

        i. Si no está usted representado por un abogado, podrá optar por enviar la Notificación de indagatoria por correo postal a la Oficina de Secretaría del Tribunal, en:
        Tribunal de Distrito de EE.UU., Oficina de Secretaría
        Avenida Carlos Chardón 150, Suite 150
        San Juan, Puerto Rico 00918-1767

    que deberá recibirse como más tardar en la fecha de plazo pertinente.

10. **Para poder participar en la indagatoria relacionada con la confirmación del Plan, deberá presentar la Notificación de indagatoria en plazo**. No obstante, si no presentase la Notificación de indagatoria en plazo, ello no será óbice para que presente una objeción a la confirmación del Plan como más tardar en el Plazo de objeción de la Confirmación, aunque no podrá ver los documentos del Depósito del Plan ni tampoco participar en la indagatoria.

11. *Calendario y fechas límite de indagatoria*. El Tribunal ha establecido el siguiente calendario y fechas límite, que serán aplicables a los Deudores y a otras partes interesadas que hayan presentado puntualmente una Notificación de indagatoria y tengan

derecho a participar en la indagatoria[3].

| Resumen de determinadas fechas límite | |
|---|---|
| **3 de agosto de 2021** | Fecha final para que los Deudores presenten una lista preliminar de testigos de hechos, y temas sobre los cuales dichas personas testificarán (la "<u>Lista preliminar de testigos de hechos de los Deudores</u>"). |
| | Fecha final para que los Deudores presenten un resumen inicial explicando qué es lo que los Deudores pretenden demostrar en la confirmación. |
| **6 de agosto de 2021** | Fecha inicial para que todas las partes presenten sus solicitudes iniciales de presentación de documentos no depositados (las "<u>Solicitudes iniciales de presentación</u>". Los acreedores y las partes interesadas podrán presentar las Solicitudes iniciales de presentación solamente tras cursar una Notificación de intenciones de participar en la indagatoria (tal como se define a continuación). Las respuestas y objeciones a dichas Solicitudes iniciales de presentación se cursarán en un plazo de siete (7) días desde haber cursado dichas Solicitudes. |
| **15 de agosto de 2021** | Fecha final para que los acreedores y partes interesadas presenten una "<u>Notificación de intenciones de participar en la indagatoria</u>", también denominada "<u>Notificación de indagatoria</u>". Solamente las partes que presenten puntualmente una Notificación de intenciones de participar en la indagatoria podrán participar en la indagatoria, aunque hacerlo no será óbice para que una parte objete la confirmación del Plan. |
| **6 de septiembre de 2021** | Plazo final para que los Acreedores elegibles presenten una lista preliminar de testigos de hechos, y temas sobre los cuales dichas personas testificarán (una "<u>Lista preliminar de testigos de hechos de los Acreedores elegibles</u>"). |
| | Plazo final para que todas las partes presenten las declaraciones iniciales de peritos ("<u>Declaraciones iniciales de peritos</u>"). |
| **13 de septiembre de 2021** | Plazo final para que todas las partes presenten las declaraciones iniciales de peritos ("<u>Declaraciones iniciales de peritos</u>"). |
| | Fecha límite para que todas las partes presenten las notificaciones oficiales de declaración, los temas a declarar y los horarios solicitados para ello ("<u>Notificaciones iniciales de declaración</u>") (todas las partes tiene un tiempo limitado a siete (7) horas para las declaraciones). Se admitirán posteriores notificaciones siempre y cuando la indagatoria concluya en el plazo admitido. |
| **30 se septiembre de 2021** | Fecha límite para que todas las partes presenten las mociones "*Daubert*" y las mociones "*in limine*". |

---

[3]    Todas las fechas y procedimientos estipulados en esta notificación están sujetos a modificación como consecuencia de una nueva orden judicial.

| 1 de octubre de 2021 | Plazo final para que todas las partes presente un máximo de quince (15) interrogatorios ("<u>Interrogatorios</u>"), incluyendo subpartes. Las respuestas y objeciones a dichos Interrogatorios se cursarán antes de que transcurran diez (10) días desde el momento de presentación de los citados Interrogatorios. |
|---|---|
| 4 de octubre de 2021 | Plazo final para que todas las partes presenten las declaraciones de refutación de peritos ("<u>Declaraciones de refutación de peritos</u>"). |
| | Plazo final para que todas las partes presenten solicitudes de seguimiento de presentación de documentos ("<u>Solicitudes de seguimiento de presentación</u>" y, colectivamente, con las Solicitudes de presentación iniciales, las "<u>Solicitudes de presentación</u>"). |
| 8 de octubre de 2021 | Plazo final para que todas las partes presenten los informes de refutación de peritos ("<u>Informes de refutación de peritos</u>"). |
| | Plazo final para que los Deudores presenten una propuesta inicial de orden en apoyo de la confirmación del Plan (la "<u>Propuesta inicial de orden de confirmación</u>"). |
| 11 de octubre de 2021 | Plazo final para que las partes presenten solicitudes de admisión, limitadas a la autenticación de documentos ("<u>Informes de admisión</u>"). |
| | Conclusión de la indagatoria de hechos (la "<u>Fecha límite de indagatoria de hechos</u>"). |
| 15 de octubre de 2021 | Fecha límite para que todas las partes presenten las declaraciones de refutación de expertos ("<u>Declaraciones de refutación de expertos</u>"). |
| 18 de octubre de 2021 | Conclusión de la indagatoria de peritos (la "<u>Fecha límite de indagatoria de peritos</u>"). |
| 19 de octubre de 2021 | Fecha límite para que los Acreedores elegibles presenten sus objeciones a la confirmación del Plan ("<u>Objeciones</u>"). |
| | Fecha límite de presentación de la Notificación de intenciones de participar en la indagatoria o de la Notificación de indagatoria de los Acreedores elegibles que solamente deseen acceder a los documentos del Depósito del Plan. |
| 22 de octubre de 2021 | Fecha límite para que los Acreedores elegibles presenten objeciones a la Propuesta inicial de orden de confirmación. |
| | Fecha límite para que todas las partes presenten las listas de testigos, las listas de pruebas y las designaciones de declaraciones definitivas. |
| | Fecha límite para que todas las partes presenten sus oposiciones a las mociones "*Daubert*" y las mociones "*in limine*". |
| 25 de octubre de 2021 | Fecha límite para que todas las partes presenten las declaraciones de testigos que se utilizarán en la Vista de confirmación ("<u>Declaraciones de testigos</u>"). |
| | Fecha límite para que los Deudores presenten sus propuestas de conclusiones iniciales de hecho y de derecho en apoyo a la confirmación del Plan (las "<u>Conclusiones iniciales de</u> |

| | hecho y de derecho"). |
|---|---|
| **27 de octubre de 2021** | Fecha límite para que los Deudores presenten sus respuestas en apoyo a las Propuestas de orden de confirmación y Respuestas a las objeciones de confirmación del Plan. |
| **30 de octubre de 2021** | Fecha límite para que las partes presenten sus contradesignaciones, objeciones a las declaraciones designadas u objeciones a las listas de pruebas. |
| **1 de noviembre de 2021** | Vista virtual de las mociones "*in limine*". |
| **8 de noviembre de 2021** | Inicio de la Vista de confirmación. |

12.     *Fecha de registro de votación.* La fecha de registro de la votación es el **13 de julio de 2021** (la "Fecha de Registro de Votación"), que es la fecha para determinar cuáles son los tenedores de Reclamaciones en las Clases con Derecho al Voto (excepto las Clases de Bonos[4], la Clase 51 y la Clase 52) que tienen derecho a votar sobre el Plan.  Por lo tanto, solo los acreedores de una Clase con derecho al voto sobre el Plan y que tengan Reclamaciones contra los Deudores (excepto en las Clases de Bonos, la Clase 51 y la Clase 52) en la Fecha de Registro de Votación tienen derecho a votar sobre el Plan.

13.     *Fecha límite de votación.*  La fecha límite para votar el Plan es el **4 de octubre de 2021, a las 5:00 p.m. (hora estándar del Atlántico)**, salvo que se prorrogue dicha fecha (la "Fecha Límite de Votación"). ***No estará obligado a votar sobre el Plan para recibir distribuciones de conformidad con los términos y condiciones del Plan, si lo confirma el Tribunal y siempre y cuando sea usted titular de una Reclamación permitida.***

14.     Si ha recibido un Paquete de Convocatoria, que incluye una Papeleta o una Notificación, y tiene intención de votar sobre el Plan, **debe**: (a) seguir cuidadosamente las

---

[4]     Para evitar cualquier duda, dado que los titulares de Reclamaciones de las Clases de Bonos deben enviar su voto y/o elección a través de la Plataforma Automatizada de Oferta de Presentación de DTC, la Fecha de Registro de la Votación no será de aplicación a las Clases de Bonos, y los titulares de los valores correspondientes en el momento de la emisión serán elegibles para votar y/o realizar una elección.

instrucciones; (b) completar *toda* la información requerida en la Papeleta (según sea el caso); y (c) (i) firmar y devolver su Papeleta completada de acuerdo con lo que se estipula en detalle en las instrucciones de votación incluidas en el Paquete de Convocatoria, de forma que su papeleta sea *efectivamente recibida* por el agente de convocatoria de los Deudores, Prime Clerk (el "Agente de Votación") en o antes de la Fecha Límite de Votación, o (ii) o dar instrucciones a su corredor o persona designada (cada uno de ellos, una "Persona Designada") para que entregue electrónicamente sus bonos a través del Programa Automatizado de Oferta de Presentación ("ATOP") en The Depository Trust Company ("DTC") de acuerdo con su deseo de votar para aceptar o rechazar el Plan en o antes de la Fecha Límite de Votación. *El incumplimiento de estas instrucciones puede hacer que su voto sea descalificado.*

15. *Fecha Límite de Elección*. La fecha límite para que los tenedores de Reclamaciones de Bonos elegibles que tengan derecho a elegir la forma de distribución según el Plan realicen dicha elección es el **4 de octubre de 2021, a las 5:00 p.m. (hora estándar del Atlántico)**, salvo que esta fecha se prorrogue (la "Fecha Límite de Elección"). Si ha recibido una Notificación con la opción de hacer una elección, *debe*: (a) seguir cuidadosamente las instrucciones; y (b) entregar *toda* la información requerida de acuerdo con lo establecido en las instrucciones de elección de manera que sea recibida por su Persona Designada con tiempo suficiente para que su Persona Designada pueda *ejecutar efectivamente* su elección a través de ATOP de DTC en o antes de la Fecha Límite de Elección.

16. *Partes interesadas sin derecho al voto.* Se considera que los acreedores de las siguientes Clases rechazan el Plan y no tienen derecho al voto:

- Clase 63 (Reclamaciones por Asignaciones del ELA), y

- Clase 64 (Reclamaciones Subordinadas del ELA 510(b)).

17.     Se considera que los acreedores de las siguientes Clases aceptan el Plan y no tienen derecho al voto, aunque recibirán las distribuciones de conformidad con los términos y condiciones del Plan, si este es confirmado por el Tribunal:

- **Clase** 51A (Reclamaciones de Jubilados Participantes del SRE por Debajo del Umbral)

- Clase 51C (Reclamaciones de Jubilados Participantes del SRM por Debajo del Umbral)

- Clase 51J (Reclamaciones de Participantes del Sistema 2000)

- Clase 51K (Reclamaciones de Participantes de Nóminas de VTP por Debajo del Umbral)

- Clase 55 (Reclamaciones de Incentivos Energéticos),

- Clase 57 (Reclamaciones de Créditos Contributivos),

- Clase 67 (Reclamaciones Gracia-Gracia), y

- Clase 68 (Reclamaciones de Conveniencia)

18.     Si una Reclamación figura en la lista de acreedores de los Deudores [Caso Núm. 17-3283, ECF Núm. 1215, 1316, 2582, 10708] como contingente, no liquidada o impugnada y no se ha presentado una evidencia de reclamación (i) antes de la fecha límite para la presentación de evidencias de reclamación establecida por el Tribunal o de la Fecha de Registro de Votación (según sea el caso), lo que ocurra primero; o (ii) se considere presentada a tiempo por una orden del Tribunal antes de la Fecha Límite de Votación, dicha Reclamación no tendrá derecho a votación para aceptar o rechazar el Plan.  Las evidencias de reclamación presentadas por $0.00 o las Reclamaciones que hayan sido impugnadas por orden del Tribunal tampoco tienen derecho al voto.

19.     Si usted pertenece a las Clases 63 o 64, o ha presentado oportunamente una evidencia de reclamación y no está de acuerdo con la clasificación de los Deudores, la objeción o la solicitud de estimación de su Reclamación y cree que debería tener derecho a votar sobre el Plan, debe notificar a los Deudores y al Fideicomisario de Estados Unidos (puede consultar su dirección en el párrafo 7(e) precedente) y presentar ante el Tribunal (con copia al Despacho de la Juez) una moción (una "Moción de la Regla 3018(a)") para obtener una orden a tenor con la Regla 3018 de las Reglas Federales de Procedimiento de Quiebra (las "Reglas de Quiebra") que permita de forma temporal su Reclamación por un monto diferente o una Clase diferente a los efectos de votar para aceptar o rechazar el Plan. Todas las Mociones de la Regla 3018(a) deben presentarse en o antes del décimo (10º) día después de una de las siguientes fechas, la que ocurra último: (i) la notificación de esta Vista de Confirmación y (ii) la notificación de una objeción o solicitud de estimación, si la hubiera, en cuanto a dicha Reclamación. De acuerdo con la Regla de Quiebra 3018(a), en lo que respecta a cualquier acreedor que presente una Moción conforme a la Regla 3018(a), la Papeleta de dicho acreedor no se contabilizará, salvo que el Tribunal ordene lo contrario antes de la Fecha Límite de Votación (**4 de octubre de 2021 a las 5:00 p.m. (hora estándar del Atlántico**)). Los acreedores pueden ponerse en contacto con el Agente de Votación (i) por correo de primera clase o por mensajería nocturna, a Puerto Rico Ballot Processing, C/O Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, (ii) por teléfono llamando al (844) 822-9231 (llamada gratuita para EE.UU. y Puerto Rico) o al (646) 486-7944 (para llamadas internacionales), de 10:00 a.m. a 7:00 p.m. (hora estándar del Atlántico) (disponible en español), o (iii) o por correo electrónico a puertoricoinfo@primeclerk.com, para recibir una Papeleta adecuada para cualquier Reclamación para la que se haya presentado oportunamente una evidencia de reclamación y se haya concedido

una Moción conforme a la Regla 3018(a).  Las Mociones de la Regla 3018(a) que no se hayan presentado a tiempo y en la forma establecida en el presente no serán tenidas en cuenta.

20.     Si desea que su Reclamación sea admitida provisionalmente a efectos de votación de conformidad con la Regla de Quiebras 3018(a), en https://cases.primeclerk.com/puertorico/ encontrará un formulario de la Regla 3018(a) con instrucciones para rellenar y presentar la moción.

21.     ***Partes que no serán tratadas como Acreedores***.   Cualquier tenedor de una Reclamación que (i) esté programado en la Lista de Acreedores a $0.00 y que no sea objeto de una evidencia de Reclamación presentada a tiempo o de una evidencia de Reclamación que se considere presentada a tiempo ante el Tribunal a tenor con el Código de Quiebras o con cualquier orden del Tribunal, o que se considere presentada a tiempo según la ley aplicable, o (ii) no está programado y no es objeto de una evidencia de reclamación presentada a tiempo o una evidencia de reclamación considerada como presentada a tiempo ante el Tribunal a tenor con el Código de Quiebras o cualquier orden del Tribunal, o de otra manera considerada como presentada a tiempo conforme a la ley aplicable, no será tratado como un acreedor con respecto a dicha Reclamación a los efectos de (a) recibir notificaciones sobre el Plan, y (b) votar sobre el Plan.

22.     ***Información adicional***.   Cualquier parte interesada que desee obtener información sobre los procedimientos de convocatoria o copias de la Declaración de Divulgación o del Plan, incluyendo sus traducciones al español, debe ponerse en contacto con el Agente de Votación, Prime Clerk LLC, por teléfono llamando al (844) 822-9231 (llamada gratuita para EE.UU. y Puerto Rico) o al (646) 486-7944 (para llamadas internacionales), de 10:00 a.m. a 7:00 p.m. (hora estándar del Atlántico) (disponible en español), o por correo electrónico a puertoricoinfo@primeclerk.com,   o   puede   ver   dichos   documentos   accediendo   a

14

https://cases.primeclerk.com/puertorico/ o al sitio web del Tribunal,
https://www.prd.uscourts.gov/.  Tenga en cuenta que se necesita una contraseña y un inicio de
sesión para acceder a los documentos que figuran en el sitio web del Tribunal a través del
sistema de Acceso Público a los Registros Electrónicos del Tribunal (PACER, por sus siglas en
inglés) (http://www.pacer.psc.uscourts.gov).

23.  *Reglas de Quiebra 2002(c)(3) y 3016(c)).*  **De acuerdo con las Reglas de
Quiebra 2002(c)(3) y 3016(c), a continuación se exponen las disposiciones de descargo,
exculpación e interdicto contenidas en el Plan:**

**Sección 92.2– Exoneración y descargo de reclamaciones y causas de acción**:

(a)  Salvo que se disponga expresamente en el Plan o en la Orden de
Confirmación, todas las distribuciones y derechos otorgados en virtud del Plan serán, y se
considerarán, a cambio de, y en completa satisfacción, liquidación, exoneración y descargo de,
todas las Reclamaciones o Causas de Acción contra las Partes Exoneradas que surgieron, en todo
o en parte, antes de la Fecha de Vigencia, en relación con los Casos de Título III, los Deudores o
los Deudores Reorganizados o cualquiera de sus respectivos Activos, bienes o intereses de
cualquier naturaleza, incluidos los intereses devengados por dichas Reclamaciones en o a partir
de la Fecha de Petición, e independientemente de que se hayan distribuido o retenido bienes a
tenor con el Plan a causa de dichas Reclamaciones o Causas de Acción.  En la Fecha de
Vigencia, los Deudores y los Deudores Reorganizados se considerarán exonerados y eximidos de
toda y cualquier Reclamación, Causas de Acción y cualquier otra deuda emergente, en su
totalidad o en parte, antes de la Fecha de Vigencia (lo que incluye antes de la Fecha de Petición),
y todas las Reclamaciones del tipo especificado en las secciones 502(g), 502(h) o 502(i) del
Código de Quiebras, y la Sección 407 de PROMESA, ya sea o no (a) una evidencia de
reclamación basada en la cual se presente o se considere que se ha presentado dicha Reclamación
en virtud de la sección 501 del Código de Quiebras, (b) que se permita dicha Reclamación
conforme a la sección 502 del Código de Quiebras y a la Sección 407 de PROMESA (o que se
resuelva de otro modo), o (c) que el tenedor de una Reclamación basada en una deuda tal haya
votado para aceptar el Plan. Para disipar cualquier duda, nada de lo contenido aquí ni en la Orden
de confirmación librará, eximirá ni prescribirá ninguna reclamación o causa de acción contra la
AEP derivada de, o relacionada con, los bonos emitidos por la AEP, incluyendo, entre otros, los
emitidos con seguros monolínea pertinentes, y la AEP no exime de ninguna reclamación ni causa
de acción contra cualquier Entidad no deudora. Las reclamaciones y causas de acción contra la
AEP derivadas de, o relacionadas con, los bonos emitidos por la AEP, y las exenciones contra la
AEP y sus activos, se dirigirán al caso del Título III de la AEP, incluyendo, entre otros, cualquier
plan de ajuste pertinente.

(b)  Salvo que se disponga expresamente en el Plan o en la Orden de
Confirmación, todas las Entidades estarán impedidas de hacer valer todas y cada una de las

Reclamaciones contra los Deudores y Deudores Reorganizados, y cada uno de sus respectivos Activos, bienes y derechos, remedios, Reclamaciones o Causas de Acción o responsabilidades de cualquier naturaleza, relacionadas con los Casos del Título III, los Deudores o los Deudores Reorganizados o cualquiera de sus respectivos Activos y bienes, incluyendo cualquier interés acumulado sobre dichas Reclamaciones desde y después de la Fecha de Petición, e independientemente de que se hayan distribuido o retenido bienes a tenor del Plan por cuenta de dichas Reclamaciones u otras obligaciones, demandas, sentencias, daños y perjuicios, deudas, derechos, remedios, causas de acción o responsabilidades. De acuerdo con lo anterior, salvo que se disponga expresamente en el Plan o en la Orden de Confirmación, la Orden de Confirmación constituirá una determinación judicial, a la Fecha de Vigencia, de la exoneración y descargo de todas esas Reclamaciones, Causas de Acción o deuda de o contra los Deudores y los Deudores Reorganizados a tenor con las secciones 524 y 944 del Código de Quiebras, aplicable al Caso de Título III a tenor con la Sección 301 de PROMESA, y dicha exoneración anulará y extinguirá cualquier sentencia obtenida contra los Deudores o Deudores Reorganizados y sus respectivos Activos, y bienes en cualquier momento, en la medida en que dicha sentencia esté relacionada con una Reclamación, deuda o responsabilidad que sea objeto de dicha exoneración. A la Fecha de Vigencia, y como contraprestación por el valor proporcionado en virtud del Plan, se considera que cada tenedor de una Reclamación de cualquier Clase en virtud de este Plan libera, renuncia y exonera para siempre, y liberará, renunciará y exonerará para siempre, a los Deudores y a los Deudores Reorganizados, y a sus respectivos Activos y bienes, y a todas esas Reclamaciones.

(c)      No obstante cualquier otra disposición de esta Sección 92.2, de conformidad con las disposiciones del Acuerdo de Apoyo al Plan GO/AEP, se considerará que cada uno de los Acreedores del Acuerdo de Apoyo al Plan (AAP) GO/AEP y sus respectivas Personas Vinculadas, únicamente en su calidad de Acreedores de los Deudores, (i) han renunciado a y pactado no demandar o de otro modo intentar recuperar daños y perjuicios o buscar cualquier otro tipo de reparación contra cualquiera de los Exonerados del Gobierno basadas en, que se deriven de o estén relacionadas con las Reclamaciones Exoneradas del Gobierno o cualquiera de las Reclamaciones o Causas de Acción afirmadas o que podrían haber sido afirmadas, incluyendo, entre otros, en las Acciones de Recuperación (Clawback) y las Mociones de Levantamiento de la Paralización, y (ii) no ayudarán directa o indirectamente a ninguna persona a realizar ninguna acción con respecto a las Reclamaciones Exoneradas del Gobierno que esté prohibida por la presente Cláusula 92.2.

(d)      Limitación de la SEC. No obstante nada de lo contenido en sentido contrario o en la Orden de confirmación, ninguna disposición tendrá como consecuencia (i) impedir que la SEC haga valer sus potestades en materia de políticas o reglamentos; ni (ii) impedir. limitar, perjudicar ni retrasar que la SEC inicie o continúe reclamaciones, pleitos, procedimientos o investigaciones contra personas físicas o jurídicas no deudoras en ningún foro.

(e)      Limitación de los Estados Unidos. Limitación de la SEC. No obstante nada de lo contenido en sentido contrario o en la Orden de confirmación, ninguna disposición tendrá como consecuencia (i) impedir que los Estados Unidos o cualquiera de sus agencias, departamentos o agentes, o eximir de alguna manera que los Deudores o los Deudores reorganizados, según sea el caso, cumplan las leyes y requisitos federales o territoriales que implementen programas federalmente autorizados o delegados para la protección de la salud, la seguridad y el entorno de personas de dicho territorio, (ii) amplíe el ámbito de cualquier exoneración, exención o recurso a los cuales los Deudores o los Deudores reorganizados tengan

16

derecho de conformidad con el Título III, ni (iii) eximan, descarguen, impida o prohíban de alguna manera (A) cualquier responsabilidad de los Deudores o los Deudores reorganizados ante los Estados Unidos derivados de, y posteriores a, la Fecha de Entrada en vigencia, (B) cualquier responsabilidad de cara a los Estados Unidos que no sea una Reclamación, (C) cualquier defensa afirmativa o cualquier derecho de compensación o recobro de los Estados Unidos, de los Deudores o de los Deudores reorganizados, según proceda, reservándose expresamente dichos derechos de compensación y recobro de las citadas partes, (D) la continuidad de la validez de las obligaciones de los Estados Unidos, de los Deudores o de los Deudores reorganizados, según proceda, en virtud de cualquier subsidio o acuerdo de asistencia cooperativa de los Estados Unidos, (E) las obligaciones de los Deudores o de los Deudores reorganizados derivadas de políticas, leyes o reglamentos federales, incluyendo, entre otros, leyes relativas al medio ambiente, la salud o la seguridad pública, o leyes territoriales que implementen dichas disposiciones legales federales, incluyendo, entre otros, obligaciones de cumplimiento normativo, requisitos de decretos de consentimiento o de órdenes judiciales, y obligaciones de pagar las correspondientes penalizaciones administrativas, civiles y de otra índole, (F) cualquier responsabilidad en materia de medio ambiente u obligación para con los Estados Unidos que los Deudores, los Deudores reorganizados, sus sucesores o cualquier otra persona física o jurídica puedan tener como propietarios o explotadores de bienes raíces que se hubiesen producido durante el período a partir de la Fecha de Entrada en vigencia, incluyendo, entre otros, obligaciones de cumplimiento normativo, requisitos de decretos de consentimiento u órdenes judiciales y obligaciones de pagar las correspondientes penalizaciones administrativas, civiles y de otra índole, y (G) cualquier responsabilidad de cara a los Estados Unidos por parte de cualquier no deudor. Sin que ello suponga una limitación a la generalidad de lo antedicho, nada de lo contenido aquí ni en la Orden de confirmación podrá considerarse (i) una determinación de la obligación tributaria de cualquier entidad, incluyendo, entre otros, los Deudores y los Deudores reorganizados, (ii) vinculante para el IRS con respecto a las obligaciones tributarias federales, situación fiscal u obligaciones de declaración y retención de impuestos de cualquier entidad, incluyendo, entre otros, los Deudores y los Deudores reorganizados, (iii) una exención, satisfacción, excepción ni prohibición de cualquier recaudación reclamada por el IRS contra cualquier entidad que no sean  los Deudores y los Deudores reorganizados, y (iv) otorgar ninguna exención a ninguna Entidad que el Tribunal tenga prohibido por la Ley de Sentencias Declaratorias, 28 U.S.C. § 2201(a) o la Ley contra Medidas Cautelares aplicables a impuestos, 26 U.S.C. § 7421(a).

(f)     Actuaciones de las aseguradoras. No obstante cualquier disposición en sentido contrario contenida aquí o en la Orden de confirmación, incluyendo, entre otros, las Secciones 92.2, 92.3 y 92.11 del Plan, y salvo que esté excluido por lo estipulado en PROMESA, nada de lo contenido en el Plan, la Orden de confirmación u oro documento relacionado con el Plan incluido en el Suplemento del Plan, tiene por objeto ni podrá interpretarse como un intento de perjudicar, alterar, modificar, disminuir, prohibir, impedir, restringir, limitar, eximir, reducir, eliminar o limitar los derechos de demandados y demandantes, incluyendo, entre otros, las partes de las Actuaciones de las aseguradoras, de hacer valer sus respectivos derechos, reclamaciones, causas de acción y defensa.

**Sección 92.3 – Interdicto sobre las Reclamaciones**:

Salvo que se disponga expresamente lo contrario en el Plan, en la Orden de Confirmación o en cualquier otra Orden Definitiva del Tribunal del Título III que pueda ser aplicable, todas las Entidades que hayan tenido, tengan o puedan tener Reclamaciones o cualquier otra deuda o responsabilidad que se exonere o renuncie a tenor con la Sección 92.2 del presente o que hayan tenido, tengan o puedan tener Reclamaciones o cualquier otra deuda o responsabilidad que se exonere o renuncie a tenor con la Sección 92.2 del presente tienen permanentemente prohibido, en o a partir de la Fecha de Vigencia, (a) comenzar o continuar, directa o indirectamente, de cualquier manera, cualquier acción u otro procedimiento (incluyendo, entre otros, cualquier procedimiento judicial, arbitral, administrativo u otro) de cualquier índole sobre cualquier Reclamación u otra deuda o responsabilidad que se exonere a tenor con el Plan contra cualquiera de las Partes Exoneradas o cualquiera de sus respectivos activos o bienes, (b) la ejecución, el embargo, el cobro o la recuperación por cualquier forma o medio de cualquier sentencia, laudo, decreto u orden contra cualquiera de las Partes Exoneradas o cualquiera de sus respectivos activos o bienes por cuenta de cualquier Reclamación u otra deuda o responsabilidad que se exonere a tenor con el Plan, (c) crear, perfeccionar o aplicar cualquier gravamen de cualquier tipo contra cualquiera de las Partes Exoneradas o cualquiera de sus respectivos activos o bienes por cuenta de cualquier Reclamación u otra deuda o responsabilidad que se exonere en conformidad con el Plan; y (d) salvo en la medida en que se disponga, permita o preserve en las secciones 553, 555, 556, 559 o 560 del Código de Quiebras o conforme al derecho de recuperación del derecho consuetudinario, hacer valer cualquier derecho de compensación, subrogación o recuperación de cualquier tipo contra cualquier obligación debida de cualquiera de las Partes Exoneradas o cualquiera de sus respectivos activos o bienes, con respecto a cualquier Reclamación y otra deuda o responsabilidad que se exonere en conformidad con el Plan. Este interdicto se extenderá a todos los sucesores y cesionarios de las Partes Exoneradas y sus respectivos activos y bienes.

**Sección 92.5 – Exoneraciones de los Deudores y Deudores Reorganizados**:

Salvo que se disponga expresamente lo contrario en el Plan o en la Orden de Confirmación, en la Fecha de Vigencia, y por una contraprestación válida y susceptible de apreciación pecuniaria, cada uno de los Deudores y los Deudores Reorganizados, el Agente Pagador y cada una de las Personas Relacionadas de los Deudores y los Deudores Reorganizados, se considerará que ha, y por la presente lo hace de manera irrevocable e incondicional, plenamente, definitivamente y a perpetuidad, renunciado, exonerado, absuelto y relevado a las Partes Exoneradas de toda y cualquier Reclamación o Causas de Acción que los Deudores, los Deudores Reorganizados y el Agente Pagador, o cualquiera de ellos, o cualquiera que reclame a través de ellos, en su nombre o para su propio beneficio, tengan o pudieran tener o reclamaran tener, ahora o en el futuro, contra cualquier Parte Exonerada que sean Reclamaciones Exoneradas o que de otro modo se basen en, se relacionen con, o surjan de o en conexión con, en su totalidad o en parte, cualquier acto, omisión, transacción, evento u otra circunstancia relacionada con los Casos de Título III, los Deudores que tengan lugar o existan en o antes de la Fecha de Vigencia, y/o cualquier Reclamación, acto, hecho, transacción, ocurrencia, declaración u omisión en relación con ello, o que podría haber sido alegada, incluyendo, entre otros, cualquier Reclamación, demanda, derecho, responsabilidad, o causa de acción para la indemnización, contribución u otro fundamento, según la ley escrita o el derecho consuetudinario, por daños y perjuicios, costos u honorarios.

**Sección 92.6 – Interdictos relacionados con descargos**:

A la Fecha de Vigencia, todas las Entidades que tengan, hayan tenido o puedan tener una Reclamación Exonerada que es tal en conformidad con la Sección 92.5 del Plan, están, y estarán, permanentemente, para siempre y completamente suspendidas, restringidas, prohibidas, vetadas e inhabilitadas para llevar a cabo cualquiera de las siguientes acciones, ya sea directa o indirectamente, de forma derivada o de otra manera, a causa o en base al objeto de dichas Reclamaciones Exoneradas: (i) iniciar, realizar o continuar de cualquier manera, ya sea directa o indirecta, cualquier juicio, acción u otro procedimiento (lo que incluye, entre otros, cualquier procedimiento judicial, arbitral, administrativo o de otro tipo) en cualquier foro; (ii) aplicar, embargar (lo que incluye, entre otros, cualquier embargo previo a la sentencia), cobrar o intentar de cualquier manera recobrar cualquier sentencia, laudo, decreto u otra orden; (iii) crear, perfeccionar o de cualquier manera aplicar en cualquier cuestión, directa o indirectamente, cualquier Gravamen; (iv) compensar, buscar reembolsos o contribuciones de o subrogación contra, o recuperar de cualquier otra manera, directa o indirecta, cualquier monto contra cualquier pasivo u obligación adeudados a cualquier Entidad exonerada conforme a la Sección 92.5 del presente; e (v) iniciar y continuar de cualquier manera y en cualquier lugar, cualquier procedimiento judicial, de arbitraje o administrativo en cualquier foro, que no cumpla o no sea compatible con las disposiciones del Plan o de la Orden de Confirmación. Para evitar dudas, las siguientes estipulaciones se extinguirán con el registro de la Orden de Confirmación: la Cuarta Estipulación Enmendada entre el Estado Libre Asociado de Puerto Rico y la Autoridad de Carreteras y Transportación de Puerto Rico con respecto a la Suspensión de la Prescripción y Orden de Consentimiento [Caso Núm. 173283-LTS, ECF Núm. 15854], y sus enmiendas; y la Cuarta Estipulación Enmendada y Orden de Consentimiento entre los Deudores del Título III (salvo COFINA) y la Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico actuando en nombre de las entidades gubernamentales enumeradas en el Apéndice "B" en relación con la Suspensión de la Prescripción [Caso Núm. 17-3283-LTS, ECF Núm. 17394, y sus enmiendas.

**Sección 92.7 – Exculpación**:

(a) **Partes del Gobierno:** La Junta de Supervisión, AAFAF, los Deudores y cada una de las respectivas Personas Relacionadas, actuando exclusivamente en su capacidad como tales en cualquier momento hasta la Fecha de Vigencia inclusive, no tendrán ni incurrirán en responsabilidad legal alguna ante cualquier Entidad por actos u omisiones en relación con los Casos de Título III, la formulación, preparación, difusión, implementación, confirmación o aprobación del Plan o de cualquier transacción o acuerdo contenido en estos, la Declaración de Divulgación, o cualquier contrato, instrumento, publicación u otro acuerdo o documento previsto o contemplado en relación con el perfeccionamiento de las transacciones establecidas en el Plan; disponiéndose, sin embargo, que las disposiciones que anteceden a esta Sección 89.7 no afectarán las responsabilidades de cualquier Entidad que de otro modo hubieren resultado de dicho acto u omisión en la medida en que se determine en una Orden Definitiva que dicho acto u omisión constituyó fraude intencional o conducta dolosa. Ninguna de las disposiciones anteriores de esta Sección 89.7(a) menoscabará el derecho de ninguna de las Partes del Gobierno, ni de los funcionarios y directivos de las Partes del Gobierno que cumplan funciones en cualquier momento hasta la Fecha de Vigencia, inclusive, ni de cada uno de sus profesionales

respectivos de recurrir al asesoramiento de un abogado como defensa respecto de sus deberes y responsabilidades en virtud del Plan.

(b) **Acreedores del AAP:** Cada uno de los Acreedores del AAP, exclusivamente en su calidad de partes del Acuerdo de Apoyo al Plan de GO/AEP y/o del Acuerdo de Apoyo al Plan de la ACT/ADCC y un Acreedor y/o aseguradora, según proceda, desde la Fecha de Petición y hasta la Fecha de Vigencia, inclusive, y cada una de sus respectivas Personas Relacionadas, no tendrán ni incurrirán en responsabilidad legal alguna ante cualquier Entidad por actos u omisiones en relación con los Casos de Título III, la mediación, negociación, formulación, preparación, difusión, implementación, confirmación o aprobación del Plan o de cualquier transacción o acuerdo contenido en estos, la Declaración de Divulgación, el Acuerdo de Apoyo al Plan de GO/AEP, el Acuerdo de Apoyo al Plan de la ACT/ADCC, los Documentos Definitivos o cualquier contrato, instrumento, publicación u otro acuerdo o documento previsto o contemplado en relación con el perfeccionamiento de las transacciones establecidas en el Plan; disponiéndose, sin embargo, que las disposiciones que anteceden a esta Sección 92.7(b) no afectarán las responsabilidades legales de cualquier Entidad que de otro modo hubieren resultado de dicho acto u omisión en la medida en que se determine en una Orden Definitiva que dicho acto u omisión constituyó fraude intencional o conducta dolosa.

(c) **Comité de Retirados:** Cada uno de los miembros del Comité de Retirados, exclusivamente en su calidad de miembro del Comité de Retirados y como Acreedor, según corresponda, desde la Fecha de Petición hasta la Fecha De Vigencia, inclusive, y cada una de las Personas Relacionadas del Comité de Retirados no tendrán ni incurrirán en responsabilidad legal alguna ante cualquier Entidad por actos u omisiones en relación con los Casos de Título III, la formulación, preparación, difusión, implementación, confirmación o aprobación del Plan o de cualquier compromiso o acuerdo contenido en estos, la Declaración de Divulgación, el Acuerdo de Apoyo del Plan del Comité de Retirados,o cualquier contrato, instrumento, publicación u otro acuerdo o documento previsto o contemplado en relación con el perfeccionamiento de las transacciones establecidas en el Plan y en el Acuerdo de Apoyo del Plan del Comité de Retirados; disponiéndose, sin embargo, que las disposiciones que anteceden a esta Sección 92.7(c) no afectarán la responsabilidad legal de cualquier Entidad que de otro modo habría resultado de dicho acto u omisión en la medida en que se determine en una Orden Definitiva que dicho acto u omisión constituyó fraude intencional o conducta dolosa.

(d) **Comité de Acreedores**: cada uno de los miembros del Comité de Acreedores, exclusivamente en su calidad de miembro del Comité de Acreedores, desde la Fecha de Petición hasta la Fecha de Vigencia, inclusive, y cada una de las Personas Relacionadas del Comité de Acreedores no tendrán ni incurrirán en responsabilidad legal alguna ante cualquier Entidad por actos u omisiones en relación con los Casos de Título III, la formulación, preparación, difusión, implementación, confirmación o aprobación del Plan o de cualquier compromiso o acuerdo contenido en estos, la Declaración de Divulgación, o cualquier contrato, instrumento, publicación u otro acuerdo o documento previsto o contemplado en relación con el perfeccionamiento de las transacciones establecidas en el Plan; disponiéndose, sin embargo, que las disposiciones que anteceden a esta Sección 92.7(d) no afectarán la responsabilidad legal de cualquier Entidad que de otro modo hubiere resultado de dicho acto u omisión en la medida en que se determine en una Orden Definitiva que dicho acto u omisión constituyó fraude intencional o conducta dolosa.

(e) **AFSCME:** Cada una de las partes de AFSCME exclusivamente en su calidad de parte del Acuerdo de Apoyo al Plan de la AFSCME y Acreedor, según corresponda, desde la Fecha de Petición hasta la Fecha de Vigencia, inclusive, y cada una de sus respectivas Personas Relacionadas no tendrán ni incurrirán en responsabilidad legal alguna ante cualquier Entidad por actos u omisiones en relación con los Casos de Título III, la formulación, preparación, difusión, implementación, confirmación o aprobación del Plan o de cualquier compromiso o acuerdo contenido en estos, la Declaración de Divulgación, el Acuerdo de Apoyo al Plan de AFSCME, o cualquier contrato, instrumento, publicación u otro acuerdo o documento previsto o contemplado en relación con el perfeccionamiento de las transacciones establecidas en el Plan y en el Acuerdo de Apoyo al Plan de AFSCME; disponiéndose, sin embargo, que las disposiciones que anteceden a esta Sección 89.7(e) no afectarán la responsabilidad legal de cualquier Entidad que de otro modo hubiere resultado de dicho acto u omisión en la medida en que se determine en una Orden Definitiva que dicho acto u omisión constituyó fraude intencional o conducta dolosa.

(f) **Aseguradoras Monolínea:** Ambac, Assured, FGIC, National, Syncora y sus respectivas Personas Relacionadas, no tendrán ni incurrirán en responsabilidad legal alguna ante ninguna Entidad por actos u omisiones que sean compatibles con el Plan en relación con la formulación, preparación, difusión, implementación, aceptación, confirmación o aprobación del Plan, lo que incluye, entre otros, el tratamiento de las Reclamaciones de Bonos Asegurados de Ambac, las Reclamaciones de Bonos Asegurados de Assured, las Reclamaciones de Bonos Asegurados de FGIC, las Reclamaciones de Bonos Asegurados de National o las Reclamaciones de Bonos Asegurados de Syncora, los procedimientos de votación, los procedimientos de elección y cualquier descargo de obligaciones en virtud de las Pólizas de Seguro de Ambac, las Pólizas de Seguro de Assured, las Pólizas de Seguro de FGIC, las Pólizas de Seguro de National o las Pólizas de Seguro de Syncora aplicables: disponiéndose, sin embargo, que no obstante cualquier disposición en contrario en el presente, los términos y las disposiciones del Plan no relevarán ni exculparán, ni se entenderá que relevan o exculpan, con respecto a cualquier beneficiario de Bonos Asegurados de Ambac, Bonos Asegurados de Assured, Bonos Asegurados de FGIC, Bonos Asegurados de National o Bonos Asegurados de Syncora cualquier obligación de pago en virtud de la Póliza de Seguro de Ambac, la Póliza de Seguro de Assured, la Póliza de Seguro de FGIC, la Póliza de Seguro de National o la Póliza de Seguro de Syncora aplicables de acuerdo con sus términos únicamente en la medida en que dicho tenedor no reciba el Tratamiento de Ambac, el Tratamiento de Assured, el Tratamiento de FGIC, el Tratamiento de National o el Tratamiento de Syncora, según corresponda (o cualquier reclamación que Ambac, Assured, FGIC National o Syncora puedan tener en contra de un beneficiario de los respectivos bonos asegurados de Ambac, de Assured, de FGIC, de National o de Syncora con respecto a las Pólizas de Seguro de Ambac, Assured, FGIC, National o Syncora, según proceda).

### Sección 92.8 – Litigio Relacionado con las Designaciones:

No obstante cualquier disposición en contrario en el presente, en el caso de que se dicte una Orden Definitiva en relación con el Litigio Relacionado con las Designaciones o el Litigio de Uniformidad con posterioridad a la emisión de la Orden de Confirmación, como contraprestación de la distribuciones efectuadas, que se efectuarán, o que se considerarán efectuadas de conformidad con los términos y disposiciones del Plan y los documentos e instrumentos relacionados con este, todos los Acreedores o las demás Entidades que reciban, o se

considere que han recibido, distribuciones en conformidad con el Plan o como resultado del Plan, consienten y aceptan que dicha Orden Definitiva no revertirá, afectará ni modificará de otro modo las transacciones contempladas en el Plan y en la Orden de Confirmación, lo que incluye, entre otros, los descargos, exculpaciones e interdictos previstos en el Artículo XCII del Plan.

### Sección 92.9 – Orden de prohibición:

Dentro de los límites que se estipulan en el Plan, todas y cada una de las Entidades quedan permanentemente inhabilitadas, prohibidas y restringidas de instituir, procesar, tramitar o litigar de cualquier manera todas y cada una de las Reclamaciones, demandas, derechos, responsabilidades o causas de acción de cualquier tipo, carácter o naturaleza, según el sistema de derecho escrito o consuetudinario, conocidas o desconocidas, directas o derivadas, afirmadas o no, contra cualquiera de las Partes Exoneradas, basadas en, relacionadas con, o que surjan de o en conexión con cualquiera de las Reclamaciones Exoneradas, la confirmación y perfeccionamiento del Plan, la negociación y perfeccionamiento del Acuerdo de Apoyo al Plan GO/AEP, o cualquier reclamación, acto, hecho, transacción, ocurrencia, declaración u omisión en relación con, o alegada o que podría haber sido alegada en los Casos de Título III, lo que incluye, entre otros, cualquier reclamación, demanda, derecho, responsabilidad, o causa de acción para la indemnización, contribución u otro fundamento de este tipo, según el sistema de derecho escrito o consuetudinario, por daños y perjuicios, costos u honorarios incurridos que surjan directa o indirectamente de los Casos de Título III o que estén relacionados con ellos de otra manera, ya sea directa o indirectamente por cualquier Persona en beneficio directo o indirecto de cualquier Parte Exonerada que surja de o esté relacionado con las reclamaciones, actos, hechos, transacciones, ocurrencias, declaraciones u omisiones que son, podrían haber sido o pueden ser alegados en las acciones relacionadas o cualquier otra acción iniciada o que pueda ser iniciada por, a través de, en nombre de, o en beneficio de cualquiera de las Partes Exoneradas (ya sea que deriven de la ley federal, estatal o extranjera e independientemente de dónde se afirmen).

### Sección 92.11 – Interdicto complementario:

No obstante cualquier disposición en contrario en el presente, salvo dentro de los límites que se estipulan en el Plan, todas las Entidades, incluidas las Entidades que actúan en su propio nombre, que actualmente tienen o afirman, han tenido o afirmado, o pueden tener o afirmar cualquier Reclamación Exonerada en contra de cualquiera de las Partes Exoneradas basada en, atribuible a, que surja de o relacionada con los Casos del Título III o cualquier Reclamación contra los Deudores, cuando quiera y dondequiera que surja o se afirme, ya sea en los EE. UU. o en cualquier otra parte del mundo, por contrato o extracontractual, basada en garantía, ley o cualquier otra teoría del derecho escrito o consuetudinario o de otra índole, estará y se considerará que está permanentemente paralizada, restringida y prohibida de iniciar cualquier acción contra cualquiera de las Partes Exoneradas con el fin de cobrar, recuperar o recibir, directa o indirectamente, cualquier pago o recuperación con respecto a cualquier Reclamación Exonerada emergente con anterioridad a la Fecha de Vigencia (incluso con anterioridad a la Fecha de la Petición), incluyendo, entre otros:

(a) Iniciar o continuar de cualquier manera acciones u otros procedimientos de cualquier clase con respecto a dichas Reclamaciones Exoneradas contra cualquiera de las Partes Exoneradas o los activos o los bienes de cualquier Parte Exonerada;

(b) Aplicar, embargar, cobrar o recobrar, de cualquier manera y por cualquier medio, sentencias, laudos, decretos u órdenes en contra de cualquiera de las Partes Exoneradas o los activos o los bienes de estas, con relación a dichas Reclamaciones Exoneradas;

(c) Crear, perfeccionar o ejecutar un Gravamen de cualquier tipo contra cualquiera de las Partes Exoneradas o los activos o bienes de cualquiera de las Partes Exoneradas con respecto a dicha Reclamación Exonerada;

(d) Salvo que se disponga expresamente en el Plan o en la Orden de Confirmación, hacer valer, implementar o efectuar cualquier compensación, derecho de subrogación, indemnización, contribución o recuperación de cualquier tipo contra cualquier obligación exigible a cualquiera de las Partes Exoneradas o contra los activos o bienes de cualquiera de las Partes Exoneradas con respecto a dicha Reclamación Exonerada; y

(e) Tomar cualquier medida, de cualquier manera, en cualquier lugar, que no se ajuste o cumpla con las disposiciones del Plan o la Orden de Confirmación; disponiéndose, sin embargo, que el cumplimiento de los Deudores con los requisitos formales de la Regla de Quiebras 3016 no constituirá una admisión de que el Plan contempla cualquier interdicto en contra de una conducta que no esté de otro modo prohibida por el Código de Quiebras.

Fecha: 2 de agosto de 2021
      San Juan, Puerto Rico

Atentamente,

*/f/ Martin J. Bienenstock*

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036

*Abogados de la Junta de Supervisión y Administración Financiera como representantes de los Deudores*

*/f/ Hermann D. Bauer*

Hermann D. Bauer
USDC (Tribunal de Distrito de los Estados Unidos) Núm. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813

*Coabogados de la Junta de Supervisión y Administración Financiera en representación de los Deudores*

**Exhibit G**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, THE<br>EMPLOYEES RETIREMENT SYSTEM OF THE<br>GOVERNMENT OF THE COMMONWEALTH OF<br>PUERTO RICO, AND THE PUERTO RICO PUBLIC<br>BUILDINGS AUTHORITY,<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### NOTICE OF NON-VOTING STATUS
### (CLAIMS SUBJECT TO ADMINISTRATIVE CLAIMS RECONCILIATION)

> You are receiving this Notice because you hold a Claim that was transferred to administrative claims reconciliation pursuant to the *Order (A) Authorizing Administrative Reconciliation of Claims, (B) Approving Additional Form of Notice, and (C) Granting Related Relief* [ECF No. 12274] (the "ACR Order").
>
> You should read this Notice carefully and discuss it with your attorney.  If you do not have an attorney, you may wish to consult one.

PLEASE TAKE NOTICE THAT on August 2, 2021, the United States District Court for

the District of Puerto Rico approved the *Disclosure Statement for the Seventh Amended Title III*

*Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, dated July 30, 2021 (as the

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

same may be amended or modified, including all exhibits and attachments thereto, the "Disclosure Statement") [ECF No. 17628], filed by the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of the Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA"), pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA")[2] (the Oversight Board, in its capacity as representative of the Commonwealth, ERS, and PBA, is referred to as the "Debtors"), for use in soliciting acceptances or rejections of the *Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, dated July 30, 2021 (as the same may be amended or modified, the "Plan") [ECF No. 17627], from the holders of impaired Claims who are (or may be) entitled to receive distributions under the Plan.  You are not required to vote on the Plan to receive distributions pursuant to the terms of the Plan, if confirmed by the Court.

**YOU ARE <u>NOT</u> ENTITLED TO VOTE YOUR CLAIM TO ACCEPT OR REJECT THE PLAN, UNLESS YOUR CLAIM HAS BEEN ALLOWED PURSUANT TO AN ORDER OF THE COURT ON OR BEFORE OCTOBER 4, 2021.** You may seek to challenge the allowance or disallowance of your Claim for voting purposes by filing a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing your Claim (a "Rule 3018(a) Motion"). In accordance with Bankruptcy Rule 3018(a), as to any to any creditor filing a Rule 3018(a) Motion, such creditor's Ballot will not be counted except as may be otherwise ordered by the Court prior to the Voting Deadline (**October 4, 2021 at 5:00 p.m. (Atlantic Standard Time)**).  A form of Rule 3018(a) Motion is available at https://cases.primeclerk.com/puertorico/.

---

[2]   PROMESA is codified at 48 U.S.C. §§ 2101-2241.

*Procedures for Filing a Rule 3018(a) Motion*. A motion pursuant to Bankruptcy Rule 3018(a) must:

    a.  Be in writing, in English, and signed;

    b.  State your name and address;

    c.  State with particularity the basis and nature of your Claim and the reasons why the Court should temporarily allow your Claim for voting purposes;

    d.  Except as set forth in (i) below, be filed electronically with the Court on the docket of *In re Commonwealth of Puerto Rico*, Case No. 17 BK 3283-LTS, through the Court's case filing system in searchable portable document format **on or before September 9, 2021 at 5:00 p.m. (Atlantic Standard Time)**.

        i.  If you are <u>not</u> an attorney who is a registered user of the Court's case filing system, you may instead mail your objection to the Court's Clerk's office at:

           United States District Court, Clerk's Office
           150 Ave. Carlos Chardon Ste. 150,
           San Juan, P.R. 00918-1767

        so as to be received **on or before September 9, 2021 at 5:00 p.m. (Atlantic Standard Time)**.

        \*    \*    \*    \*    \*

*Confirmation Hearing.*  A hearing to consider confirmation of the Plan (the "<u>Confirmation Hearing</u>") will be held before The Honorable Laura Taylor Swain, United States District Court for the District of Puerto Rico, via telephonic hearing through CourtSolutions on **November 8-10, 12, 15-18, and 22-23, 2021 at 9:30 a.m. (Atlantic Standard Time)**.

*Confirmation Objection Deadline.*  The Court has established **5:00 p.m. (Atlantic Standard Time) on October 19, 2021** (the "<u>Confirmation Objection Deadline</u>") as the deadline to file objections or responses to confirmation of the proposed Plan.

*Plan Confirmation Depository*.  Information relating to confirmation of the Plan is available online in the Plan Confirmation Depository at <u>titleiiiplandataroom.com</u>.

3

***Procedures for Filing Objections and Responses to Confirmation***. Objections and responses to confirmation of the Plan must:

    a.   Be in writing, in English, and signed;

    b.   State the name, address, and nature of the Claim of the objecting or responding party;

    c.   State with particularity the basis and nature of any objection or response and include, where appropriate, proposed language to be inserted in the Plan to resolve any such objection or response;

    d.   Be filed electronically with the Court on the docket of *In re Commonwealth of Puerto Rico*, Case No. 17 BK 3283-LTS, through the Court's case filing system in searchable portable document format **on or before October 19, 2021 at 5:00 p.m. (Atlantic Standard Time)**.

        i.   If you are <u>not</u> an attorney who is a registered user of the Court's case filing system, you may instead mail your objection to the Court's Clerk's office at:

           United States District Court, Clerk's Office
           150 Ave. Carlos Chardon Ste. 150,
           San Juan, P.R. 00918-1767

           so as to be received **on or before October 19, 2021 at 5:00 p.m. (Atlantic Standard Time)**, and

    e.   be served upon the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: In re: Commonwealth of Puerto Rico) so as to be received on or before the Final Confirmation Objection Deadline.

**IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIM(S) OR WANT TO REQUEST A COPY OF THE PLAN AND/OR DISCLOSURE STATEMENT, PLEASE CONTACT THE DEBTORS' BALLOTING AGENT, PRIME CLERK LLC, BY (I) FIRST CLASS MAIL OR OVERNIGHT COURIER AT PUERTO RICO BALLOT PROCESSING, C/O PRIME CLERK LLC, ONE GRAND CENTRAL PLACE, 60 E. 42ND STREET, SUITE 1440, NEW YORK, NY 10165; (II) TELEPHONE AT (844) 822-9231 (TOLL FREE FOR U.S. AND PUERTO RICO) OR (646) 486-7944 (FOR INTERNATIONAL CALLERS), AVAILABLE 10:00 A.M. TO 7:00 P.M. (ATLANTIC STANDARD TIME) (SPANISH AVAILABLE), OR (III) EMAIL AT PUERTORICOINFO@PRIMECLERK.COM.**

Dated: August 30, 2021
San Juan, Puerto Rico

/s/ Martin J. Bienenstock

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

/s/ Hermann D. Bauer

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

**Exhibit H**

## ANTE EL TRIBUNAL DE DISTRITO DE ESTADOS UNIDOS
## PARA EL DISTRITO DE PUERTO RICO

En el caso:

LA JUNTA DE SUPERVISIÓN Y
ADMINISTRACIÓN FINANCIERA PARA PUERTO
RICO,

      como representante de

EL ESTADO LIBRE ASOCIADO DE PUERTO RICO,
EL SISTEMA DE RETIRO DE LOS EMPLEADOS
DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO
DE PUERTO RICO Y LA AUTORIDAD DE
EDIFICIOS PÚBLICOS DE PUERTO RICO,

      Deudores.[1]

Título III de PROMESA

Núm. 17 BK 3283-LTS

(Con administración conjunta)

## NOTIFICACIÓN DE ESTATUS DE NO-VOTANTE
## (RECLAMACIONES SUJETAS A RECONCILIACIÓN ADMINISTRATIVA DE RECLAMACIONES)

Está recibiendo esta Notificación porque ha presentado una Reclamación que fue transferida a una instancia de conciliación de reclamaciones administrativa a tenor de una *Orden* que *(A) Autoriza la Conciliación Administrativa de Reclamaciones, (B) Aprueba una Forma Adicional de Notificación, y (C) Otorga el Remedio Apropiado* [ECF Núm. 12274] (la "Orden ACR").

Lea detenidamente esta Notificación y háblela con su abogado. Si no tiene abogado sería recomendable que consulte a alguno.

---

[1]   Los Deudores en estos Casos del Título III, junto con el número de caso de Título III respectivo de cada Deudor y los últimos cuatro (4) dígitos del número de identificación fiscal federal de cada Deudor, según corresponda, son (i) el Estado Libre Asociado (ELA) de Puerto Rico (Caso de Quiebra Núm. 17-BK-3283- LTS) (Últimos cuatro dígitos del Número de identificación fiscal federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante ("COFINA") de Puerto Rico (Núm. de Caso de Quiebra 17-BK-3284-LTS) (Últimos cuatro dígitos del Número federal del contribuyente: 8474); (iii) la Autoridad de Carreteras y Transportación ("ACT") de Puerto Rico (Núm. de Caso de Quiebra 17-BK-3567-LTS) (Últimos cuatro dígitos del Número federal del contribuyente: 3808); (iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("SRE") (Núm. de Caso de Quiebra 17-BK-3566-LTS) (Últimos cuatro dígitos del Número federal del contribuyente: 9686); (v) la Autoridad de Energía Eléctrica ("AEE") de Puerto Rico (Núm. de Caso de Quiebra 17-BK-4780-LTS) (Últimos cuatro dígitos del Número federal del contribuyente: 3747); y (vi) la Autoridad de Edificios Públicos ("AEP") de Puerto Rico (Núm. de Caso de Quiebra 19-BK-5523-LTS) (Últimos cuatro dígitos del Número federal del contribuyente: 3801) (Los números de caso de Título III figuran como números de Caso de Quiebra debido a limitaciones del software).

NOTIFÍQUESE QUE el 2 de agosto de 2021, el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico aprobó la *Declaración de Divulgación del Séptimo Plan de Ajuste Conjunto Enmendado de Título III del Estado Libre Asociado de Puerto Rico, y otros*, de fecha 30 de julio de 2021 (con sus posibles modificaciones o enmiendas, incluyendo todos los anexos y apéndices a esta, la "Declaración de Divulgación") [ECF Núm. 17628], presentada por la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como representante del Estado Libre Asociado de Puerto Rico (el "Estado Libre Asociado" o el "ELA"), el Sistema de Retiro de los Empleados del Gobierno de Puerto Rico ("SRE"), y la Autoridad de Edificios Públicos de Puerto Rico ("AEP"), a tenor con la sección 315(b) de la *Ley de Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA")[2] (se hace referencia a la Junta de Supervisión, en su carácter de representante del ELA, el SRE y la AEP como los "Deudores"), para convocar al voto de aceptación o rechazo del *Séptimo Plan de Ajuste Conjunto Enmendado de Título III del Estado Libre Asociado de Puerto Rico, y otros*, de fecha 30 de julio de 2021 (con sus posibles modificaciones o enmiendas, el "Plan") [ECF Núm. 17627], los tenedores de Reclamaciones afectadas que tienen (o pueden tener) derecho a recibir distribuciones conforme al Plan. No se le requiere que vote con respecto al Plan para recibir distribuciones de conformidad con los términos del mismo, si es confirmado por el Tribunal.

**NO ESTÁ FACULTADO PARA VOTAR POR LA ACEPTACIÓN O RECHAZO DEL PLAN A MENOS QUE SE RECLAMACIÓN HAYA SIDO ADMITIDA HASTA EL 4 DE OCTUBRE DE 2021.** Podrá optar por objetar la admisión o no admisión de su Reclamación a efectos de votación presentando una moción solicitando una orden a tenor de la Regla de Quiebras 3018(a), para que se admita temporalmente su Reclamación (una "Moción de la Regla

---

[2] PROMESA está codificada en el Título 48, artículos 2101-2241 del Código de los Estados Unidos (U.S.C.).

3018(a)"). De conformidad con dicha regla, al reclamante que la presente no se le contabilizará su papeleta a menos que lo permita temporalmente una orden dictada por el Tribunal antes de la Fecha Límite de Votación (**4 de octubre de 2021 a las 5:00 p.m. (Hora estándar del Atlántico)**. El formulario de la Moción de la Regla 3018(a) puede obtenerse en https://cases.primeclerk.com/puertorico/.

*Procedimiento para la presentación de una Moción de la Regla 3018(a)*. Una moción conforme a la Regla de Quiebras 3018(a) deberá:

    a. Presentarse por escrito, en inglés, y firmarse;

    b. Indicar su nombre y dirección;

    c. Exponer en detalle el fundamento y la naturaleza de su Reclamación y los motivos por los cuales el Tribunal debería admitirla temporalmente a efectos de votación;

    d. Con las excepciones previstas en el subapartado (i) siguiente, presentarse electrónicamente ante el Tribunal en el registro En referencia al Estado Libre Asociado de Puerto Rico, Caso núm. 17 BK 3283-LTS, a través del sistema de registro de casos del Tribunal en formato de documento portátil con función de búsqueda, **como más tardar el 9 de septiembre de 2021 las 5:00 p.m. (hora estándar del Atlántico)**.

        (i) Si no es usted abogado registrado como usuario del sistema de registro de casos del Tribunal, podrá enviar por correo postal su objeción a la Oficina de Secretaría del Tribunal, a:

            Tribunal de Distrito de EE.UU., Oficina de Secretaría
            Avenida Carlos Chardón 150, Suite 150
            San Juan, Puerto Rico 00918-1767

        que deberá recibirse como más tardar **el 9 de septiembre de 2021 las 5:00 p.m. (hora estándar del Atlántico)**.

        \*     \*     \*     \*     \*

*Vista de confirmación.* Se celebrará una vista para considerar la confirmación del Plan (la "Vista de Confirmación") ante la Honorable Laura Taylor Swain, en una vista telefónica a

través de CourtSolutions los días **8 – 10, 12, 15 – 18 y 22 – 23 de noviembre a las 9:30 a.m. (hora estándar del Atlántico)**

*Fecha Límite de objeción a la Confirmación.* El Tribunal ha establecido el **19 de octubre de 2021 a las 5:00 p.m. (hora estándar del Atlántico)** (la "Fecha Límite de Objeción a la Confirmación") como fecha límite para presentar objeciones o réplicas a la confirmación del Plan propuesto.

*Depósito de confirmación del Plan*. La información relativa a la confirmación del Plan está disponible en línea en el Depósito de Confirmación del Plan en titleiiiplandataroom.com.

*Procedimientos para presentar Objeciones y Respuestas a la Confirmación*. Las objeciones y réplicas a la confirmación del Plan deben:

    a. Estar redactadas por escrito, en inglés, y firmadas;

    b. Indicar el nombre, el domicilio y la naturaleza de la Reclamación de la parte que se opone o responde;

    c. Exponer en detalle el fundamento y la naturaleza de cualquier objeción o réplica y, cuando corresponda, la redacción propuesta que debe insertarse en el Plan con el fin de resolver cualquier objeción o réplica;

    d. Presentarse electrónicamente ante el Tribunal en el registro *En referencia al Estado Libre Asociado de Puerto Rico*, Caso núm. 17 BK 3283-LTS, a través del sistema de registro de casos del Tribunal en formato de documento portátil con función de búsqueda, **como más tardar el 19 de octubre de 2021 las 5:00 p.m. (hora estándar del Atlántico).**

        i. Si no es usted abogado registrado como usuario del sistema de registro de casos del Tribunal, podrá enviar por correo postal su objeción a la Oficina de Secretaría del Tribunal, a:

        Tribunal de Distrito de EE.UU., Oficina de Secretaría
        Avenida Carlos Chardón 150, Suite 150
        San Juan, Puerto Rico 00918-1767

        que deberá recibirse como más tardar **el 19 de octubre de 2021 las 5:00 p.m. (hora estándar del Atlántico)**.

e.  Notificarse a la Oficina del Fideicomisario de Estados Unidos para el Distrito de Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (ref: En el caso: el Estado Libre Asociado de Puerto Rico) de manera que se reciba en o antes de la Fecha Límite de Objeción a la Confirmación Final.

**SI TIENE ALGUNA PREGUNTA SOBRE EL ESTADO DE SU RECLAMO O DESEA SOLICITAR UNA COPIA DEL PLAN Y / O LA DECLARACIÓN DE DIVULGACIÓN ADJUNTA, COMUNÍQUESE CON EL AGENTE DE VOTACIÓN DEL DEUDOR, PRIME CLERK LLC, POR PROCESAMIENTO DE PAPELETAS DE PUERTO RICO, C / O PRIME CLERK LLC, ONE GRAND CENTRAL PLACE, 60 E. 42ND STREET, SUITE 1440, NUEVA YORK, NY 10165; (II) TELÉFONO AL (844) 822-9231 (LLAMADA GRATUITA PARA EE. UU. Y PUERTO RICO) O (646) 486-7944 (PARA LLAMADAS INTERNACIONALES), DISPONIBLE 10:00 A.M. HASTA LAS 7:00 P.M. (HORA ESTÁNDAR DEL ATLÁNTICO) (ESPAÑOL DISPONIBLE), O (III) CORREO ELECTRÓNICO A PUERTORICOINFO@PRIMECLERK.COM.**

Fecha: 30 de agosto de 2021
San Juan, Puerto Rico

*/f/ Martin J. Bienenstock*

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036

*Abogados de la Junta de Supervisión y Administración Financiera como representantes de los Deudores*

*/f/ Hermann D. Bauer*

Hermann D. Bauer
USDC (Tribunal de Distrito de los Estados Unidos)
Núm. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813

*Coabogados de la Junta de Supervisión y Administración Financiera en representación de los Deudores*

**Exhibit I**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>                Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## NOTICE OF NON-VOTING STATUS
## (DISPUTED CLAIMS)

You are receiving this Notice because you hold a Claim that is subject to an objection.

You should read this Notice carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult one.

PLEASE TAKE NOTICE THAT on August 2, 2021, the United States District Court for the District of Puerto Rico approved the *Disclosure Statement for the Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, dated July 30, 2021 (as the same may be amended or modified, including all exhibits and attachments thereto, the "Disclosure Statement") [ECF No. 17628], filed by the Financial Oversight and Management Board for Puerto

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Rico (the "Oversight Board"), as representative of the Commonwealth of Puerto Rico (the

"Commonwealth"), the Employees Retirement System of the Government of the Commonwealth

of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA"), pursuant to

section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act*

("PROMESA")[2] (the Oversight Board, in its capacity as representative of the Commonwealth,

ERS, and PBA, is referred to as the "Debtors"), for use in soliciting acceptances or rejections of

the *Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et

al.*, dated July 30, 2021 (as the same may be amended or modified, the "Plan") [ECF No. 17627],

from the holders of impaired Claims who are (or may be) entitled to receive distributions under

the Plan.  You are not required to vote on the Plan to receive distributions pursuant to the terms of

the Plan, if confirmed by the Court.

**YOU ARE NOT ENTITLED TO VOTE YOUR CLAIM TO ACCEPT OR REJECT
THE PLAN, UNLESS YOUR CLAIM HAS BEEN ALLOWED PURSUANT TO AN
ORDER OF THE COURT ON OR BEFORE OCTOBER 4, 2021.** You may seek to challenge

the allowance or disallowance of your Claim for voting purposes by filing a motion for an order

pursuant to Bankruptcy Rule 3018(a) temporarily allowing your Claim (a "Rule 3018(a) Motion").

In accordance with Bankruptcy Rule 3018(a), as to any to any creditor filing a Rule 3018(a)

Motion, such creditor's Ballot will not be counted except as may be otherwise ordered by the Court

prior to the Voting Deadline (**October 4, 2021 at 5:00 p.m. (Atlantic Standard Time)**).  A form

of Rule 3018(a) Motion is available at https://cases.primeclerk.com/puertorico/.

*Procedures for Filing a Rule 3018(a) Motion*.  A motion pursuant to Bankruptcy Rule

3018(a) must:

---

[2]   PROMESA is codified at 48 U.S.C. §§ 2101-2241.

a. Be in writing, in English, and signed;

b. State your name and address;

c. State with particularity the basis and nature of your Claim and the reasons why the Court should temporarily allow your Claim for voting purposes;

d. Except as set forth in (i) below, be filed electronically with the Court on the docket of *In re Commonwealth of Puerto Rico*, Case No. 17 BK 3283-LTS, through the Court's case filing system in searchable portable document format **on or before September 9, 2021 at 5:00 p.m. (Atlantic Standard Time)**.

> i. If you are <u>not</u> an attorney who is a registered user of the Court's case filing system, you may instead mail your objection to the Court's Clerk's office at:
>
> United States District Court, Clerk's Office
> 150 Ave. Carlos Chardon Ste. 150,
> San Juan, P.R. 00918-1767
>
> so as to be received **on or before September 9, 2021 at 5:00 p.m. (Atlantic Standard Time)**.

\*     \*     \*     \*     \*

**Confirmation Hearing.**  A hearing to consider confirmation of the Plan (the "<u>Confirmation Hearing</u>") will be held before The Honorable Laura Taylor Swain, United States District Court for the District of Puerto Rico, via telephonic hearing through CourtSolutions on **November 8-10, 12, 15-18, and 22-23, 2021 at 9:30 a.m. (Atlantic Standard Time)**.

**Confirmation Objection Deadline.**  The Court has established **5:00 p.m. (Atlantic Standard Time) on October 19, 2021** (the "<u>Confirmation Objection Deadline</u>") as the deadline to file objections or responses to confirmation of the proposed Plan.

**Plan Confirmation Depository**.  Information relating to confirmation of the Plan is available online in the Plan Confirmation Depository at titleiiiplandataroom.com.

**Procedures for Filing Objections and Responses to Confirmation**. Objections and responses to confirmation of the Plan must:

a. Be in writing, in English, and signed;

b. State the name, address, and nature of the Claim of the objecting or responding party;

c. State with particularity the basis and nature of any objection or response and include, where appropriate, proposed language to be inserted in the Plan to resolve any such objection or response;

d. Be filed electronically with the Court on the docket of *In re Commonwealth of Puerto Rico*, Case No. 17 BK 3283-LTS, through the Court's case filing system in searchable portable document format **on or before October 19, 2021 at 5:00 p.m. (Atlantic Standard Time)**.

        i. If you are <u>not</u> an attorney who is a registered user of the Court's case filing system, you may instead mail your objection to the Court's Clerk's office at:

           United States District Court, Clerk's Office
           150 Ave. Carlos Chardon Ste. 150,
           San Juan, P.R. 00918-1767

        so as to be received **on or before October 19, 2021 at 5:00 p.m. (Atlantic Standard Time)**, and

e. be served upon the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: In re: Commonwealth of Puerto Rico) so as to be received on or before the Final Confirmation Objection Deadline.

      **IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIM(S) OR WANT TO REQUEST A COPY OF THE PLAN AND/OR DISCLOSURE STATEMENT, PLEASE CONTACT THE DEBTORS' BALLOTING AGENT, PRIME CLERK LLC, BY (I) FIRST CLASS MAIL OR OVERNIGHT COURIER AT PUERTO RICO BALLOT PROCESSING, C/O PRIME CLERK LLC, ONE GRAND CENTRAL PLACE, 60 E. 42ND STREET, SUITE 1440, NEW YORK, NY 10165; (II) TELEPHONE AT (844) 822-9231 (TOLL FREE FOR U.S. AND PUERTO RICO) OR (646) 486-7944 (FOR INTERNATIONAL CALLERS), AVAILABLE 10:00 A.M. TO 7:00 P.M. (ATLANTIC STANDARD TIME) (SPANISH AVAILABLE), OR (III) EMAIL AT PUERTORICOINFO@PRIMECLERK.COM.**

Dated: August 30, 2021
San Juan, Puerto Rico

/s/ Martin J. Bienenstock

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036

*Attorneys for the Financial Oversight and
Management Board as representative for the
Debtors*

/s/ Hermann D. Bauer

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813

*Co-Attorneys for the Financial Oversight and
Management Board as representative for the
Debtors*

5

**<u>Exhibit J</u>**

## ANTE EL TRIBUNAL DE DISTRITO DE ESTADOS UNIDOS
## PARA EL DISTRITO DE PUERTO RICO

En el caso:

LA JUNTA DE SUPERVISIÓN Y
ADMINISTRACIÓN FINANCIERA PARA PUERTO
RICO,

     como representante de

EL ESTADO LIBRE ASOCIADO DE PUERTO RICO,
EL SISTEMA DE RETIRO DE LOS EMPLEADOS
DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO
DE PUERTO RICO Y LA AUTORIDAD DE
EDIFICIOS PÚBLICOS DE PUERTO RICO,

     Deudores.[1]

Título III de PROMESA

Núm. 17 BK 3283-LTS

(Con administración conjunta)

## NOTIFICACIÓN DE ESTATUS DE NO-VOTANTE
## (RECLAMACIONES EN DISPUTA)

Está recibiendo esta Notificación porque ha presentado una Reclamación que fue sujeta a objeción.

Lea detenidamente esta Notificación y háblela con su abogado. Si no tiene abogado sería recomendable que consulte a alguno.

NOTIFÍQUESE QUE el 2 de agosto de 2021, el Tribunal de Distrito de los Estados Unidos

para el Distrito de Puerto Rico aprobó la *Declaración de Divulgación del Séptimo Plan de Ajuste*

*Conjunto Enmendado de Título III del Estado Libre Asociado de Puerto Rico, y otros*, de fecha 30

---

[1]  Los Deudores en estos Casos del Título III, junto con el número de caso de Título III respectivo de cada Deudor y los últimos cuatro (4) dígitos del número de identificación fiscal federal de cada Deudor, según corresponda, son (i) el Estado Libre Asociado (ELA) de Puerto Rico (Caso de Quiebra Núm. 17-BK-3283- LTS) (Últimos cuatro dígitos del Número de identificación fiscal federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante ("COFINA") de Puerto Rico (Núm. de Caso de Quiebra 17-BK-3284-LTS) (Últimos cuatro dígitos del Número federal del contribuyente: 8474); (iii) la Autoridad de Carreteras y Transportación ("ACT") de Puerto Rico (Núm. de Caso de Quiebra 17-BK-3567-LTS) (Últimos cuatro dígitos del Número federal del contribuyente: 3808); (iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("SRE") (Núm. de Caso de Quiebra 17-BK-3566-LTS) (Últimos cuatro dígitos del Número federal del contribuyente: 9686); (v) la Autoridad de Energía Eléctrica ("AEE") de Puerto Rico (Núm. de Caso de Quiebra 17-BK-4780-LTS) (Últimos cuatro dígitos del Número federal del contribuyente: 3747); y (vi) la Autoridad de Edificios Públicos ("AEP") de Puerto Rico (Núm. de Caso de Quiebra 19-BK-5523-LTS) (Últimos cuatro dígitos del Número federal del contribuyente: 3801) (Los números de caso de Título III figuran como números de Caso de Quiebra debido a limitaciones del software).

de julio de 2021 (con sus posibles modificaciones o enmiendas, incluyendo todos los anexos y apéndices a esta, la "Declaración de Divulgación") [ECF Núm. 17628], presentada por la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como representante del Estado Libre Asociado de Puerto Rico (el "Estado Libre Asociado" o el "ELA"), el Sistema de Retiro de los Empleados del Gobierno de Puerto Rico ("SRE"), y la Autoridad de Edificios Públicos de Puerto Rico ("AEP"), a tenor con la sección 315(b) de la *Ley de Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA")[2] (se hace referencia a la Junta de Supervisión, en su carácter de representante del ELA, el SRE y la AEP como los "Deudores"), para convocar al voto de aceptación o rechazo del *Séptimo Plan de Ajuste Conjunto Enmendado de Título III del Estado Libre Asociado de Puerto Rico, y otros*, de fecha 30 de julio de 2021 (con sus posibles modificaciones o enmiendas, el "Plan") [ECF Núm. 17627],  los tenedores de Reclamaciones afectadas que tienen (o pueden tener) derecho a recibir distribuciones conforme al Plan. No se le requiere que vote con respecto al Plan para recibir distribuciones de conformidad con los términos del mismo, si es confirmado por el Tribunal.

**NO ESTÁ FACULTADO PARA VOTAR POR LA ACEPTACIÓN O RECHAZO DEL PLAN A MENOS QUE SE RECLAMACIÓN HAYA SIDO ADMITIDA HASTA EL 4 DE OCTUBRE DE 2021.** Podrá optar por objetar la admisión o no admisión de su Reclamación a efectos de votación presentando una moción solicitando una orden a tenor de la Regla de Quiebras 3018(a), para que se admita temporalmente su Reclamación (una "Moción de la Regla 3018(a)"). De conformidad con dicha regla, al reclamante que la presente no se le contabilizará su papeleta a menos que lo permita temporalmente una orden dictada por el Tribunal antes de la Fecha Límite de Votación (**4 de octubre de 2021 a las 5:00 p.m. (Hora estándar del Atlántico)**. El

---

[2]   PROMESA está codificada en el Título 48, artículos 2101-2241 del Código de los Estados Unidos (U.S.C.).

formulario de la Moción de la Regla 3018(a) puede obtenerse en https://cases.primeclerk.com/puertorico/.

*__Procedimiento para la presentación de una Moción de la Regla 3018(a)__*. Una moción conforme a la Regla de Quiebras 3018(a) deberá:

a. Presentarse por escrito, en inglés, y firmarse;

b. Indicar su nombre y dirección;

c. Exponer en detalle el fundamento y la naturaleza de su Reclamación y los motivos por los cuales el Tribunal debería admitirla temporalmente a efectos de votación;

d. Con las excepciones previstas en el subapartado (i) siguiente, presentarse electrónicamente ante el Tribunal en el registro En referencia al Estado Libre Asociado de Puerto Rico, Caso núm. 17 BK 3283-LTS, a través del sistema de registro de casos del Tribunal en formato de documento portátil con función de búsqueda, **como más tardar el 9 de septiembre de 2021 las 5:00 p.m. (hora estándar del Atlántico)**.

(i) Si no es usted abogado registrado como usuario del sistema de registro de casos del Tribunal, podrá enviar por correo postal su objeción a la Oficina de Secretaría del Tribunal, a:

Tribunal de Distrito de EE.UU., Oficina de Secretaría
Avenida Carlos Chardón 150, Suite 150
San Juan, Puerto Rico 00918-1767

que deberá recibirse como más tardar **el 9 de septiembre de 2021 las 5:00 p.m. (hora estándar del Atlántico)**.

\*      \*      \*      \*      \*

*__Vista de confirmación__*.  Se celebrará una vista para considerar la confirmación del Plan (la "Vista de Confirmación") ante la Honorable Laura Taylor Swain, en una vista telefónica a través de CourtSolutions los días **8 – 10, 12, 15 – 18 y 22 – 23 de noviembre a las 9:30 a.m. (hora estándar del Atlántico)**

*__Fecha Límite de objeción a la Confirmación__*. El Tribunal ha establecido el **19 de octubre de 2021 a las 5:00 p.m. (hora estándar del Atlántico)** (la "Fecha Límite de Objeción a

la Confirmación") como fecha límite para presentar objeciones o réplicas a la confirmación del Plan propuesto.

**Depósito de confirmación del Plan**. La información relativa a la confirmación del Plan está disponible en línea en el Depósito de Confirmación del Plan en titleiiiplandataroom.com.

**Procedimientos para presentar Objeciones y Respuestas a la Confirmación**. Las objeciones y réplicas a la confirmación del Plan deben:

a. Estar redactadas por escrito, en inglés, y firmadas;

b. Indicar el nombre, el domicilio y la naturaleza de la Reclamación de la parte que se opone o responde;

c. Exponer en detalle el fundamento y la naturaleza de cualquier objeción o réplica y, cuando corresponda, la redacción propuesta que debe insertarse en el Plan con el fin de resolver cualquier objeción o réplica;

d. Presentarse electrónicamente ante el Tribunal en el registro *En referencia al Estado Libre Asociado de Puerto Rico*, Caso núm. 17 BK 3283-LTS, a través del sistema de registro de casos del Tribunal en formato de documento portátil con función de búsqueda, **como más tardar el 19 de octubre de 2021 las 5:00 p.m. (hora estándar del Atlántico).**

   i. Si no es usted abogado registrado como usuario del sistema de registro de casos del Tribunal, podrá enviar por correo postal su objeción a la Oficina de Secretaría del Tribunal, a:

   Tribunal de Distrito de EE.UU., Oficina de Secretaría
   Avenida Carlos Chardón 150, Suite 150
   San Juan, Puerto Rico 00918-1767

   que deberá recibirse como más tardar **el 19 de octubre de 2021 las 5:00 p.m. (hora estándar del Atlántico)**.

e. Notificarse a la Oficina del Fideicomisario de Estados Unidos para el Distrito de Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (ref: En el caso: el Estado Libre Asociado de Puerto Rico) de manera que se reciba en o antes de la Fecha Límite de Objeción a la Confirmación Final.

**SI TIENE ALGUNA PREGUNTA SOBRE EL ESTADO DE SU RECLAMO O DESEA SOLICITAR UNA COPIA DEL PLAN Y / O LA DECLARACIÓN DE DIVULGACIÓN ADJUNTA, COMUNÍQUESE CON EL AGENTE DE VOTACIÓN DEL DEUDOR, PRIME CLERK LLC, POR PROCESAMIENTO DE PAPELETAS DE**

**PUERTO RICO, C / O PRIME CLERK LLC, ONE GRAND CENTRAL PLACE, 60 E. 42ND STREET, SUITE 1440, NUEVA YORK, NY 10165; (II) TELÉFONO AL (844) 822-9231 (LLAMADA GRATUITA PARA EE. UU. Y PUERTO RICO) O (646) 486-7944 (PARA LLAMADAS INTERNACIONALES), DISPONIBLE 10:00 A.M. HASTA LAS 7:00 P.M. (HORA ESTÁNDAR DEL ATLÁNTICO) (ESPAÑOL DISPONIBLE), O (III) CORREO ELECTRÓNICO A PUERTORICOINFO@PRIMECLERK.COM.**

Fecha: 30 de agosto de 2021
San Juan, Puerto Rico

*/f/ Martin J. Bienenstock*

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036

*Abogados de la Junta de Supervisión y Administración Financiera como representantes de los Deudores*

*/f/ Hermann D. Bauer*

Hermann D. Bauer
USDC (Tribunal de Distrito de los Estados Unidos)
Núm. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813

*Coabogados de la Junta de Supervisión y Administración Financiera en representación de los Deudores*

**<u>Exhibit K</u>**

## Exhibit K

Supplemental Service List

Served via First Class Mail

| MMLID | NAME | ADDRESS |
|---|---|---|
| 1419392 | CRUZ VAZQUEZ, EPIFANIA | ADDRESS ON FILE |
| 313437 | MARTINEZ TORRES, LAVINIA | ADDRESS ON FILE |