UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,
as representative of
THE COMMONWEALTH OF PUERTO RICO, et al.,
Debtors[1]

PROMESA
TITLE III
Case No. 17-BK-3283
(LTS)

(related to Dockets No. 18496, 18478, 18378, 18437, 18282, 18239 and 18277 - 17134)

## MOTION FOR PARTIAL RECONSIDERATION OF THE ORDER ENTERED ON OCTOBER 14, 2021 REQUESTING RELIEF REGARDING THE VOTING PROCESSES AND TO REMEDY ERRORS IN THE SOLICITATION PACKAGES AND REQUESTING, ALTERNATIVE REMEDIES

**To the Honorable United States District Court Judge Laura Taylor Swain:**

**NOW COMES** the group wage creditors, as active or former government employees, in the litigation captioned: (1) Nilda Agosto Maldonado et als v Family Department et als case no. K PE 2005-0608, (728 claimants) (2) Carmen Socorro Cruz Hernandez et als. Case No. K AC 1991-0665 (334 claimants) (3) Juan Perez Colon et al. v. Puerto Rico Department of Transportation & Public Works, Case No. KAC1990- 0487 (the "Perez Colon, Master Claim No. 30851") (324 Claimants); (4) Jeanette Abrams Diaz

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566- LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

1

et al. v. Department of Transportation & Public Works, Case No. KAC-2005-5021 (the "Abrams Diaz Master Claim No. 50221" (1,084 Claimants);(5) in the consolidated judgment entered by the CFI Aguadilla, dated April 22, 2016 in case of Norberto Tomassini and Ivan Ayala, Case No. A MI 2003-0243 and A PE 2005-0049 (86 claimants); (6) Madeline Acevedo-Camacho v Family Department, ARV and NAJ, Case No. 2016-05-1340 (Master Claim No. 32044),( 2,818 claimants); (7) Francisco Beltran Cintron et al. v. Puerto Rico Department of Family Affairs, ( Case No. KAC-2009-0809/ CASP No. 2021-05-0345 (the "Beltran Cintron, amended Master Claim No. 179140")(4,493 Claimants ); (8) Abraham Gimenez et al. v. Puerto Rico Department of Transportation & Public Works, Case No. KAC-2013- 1019 I CASP No. 2021- 05-0346 (the "Abraham Gimenez, amended Master Claims no.179141 ")(1,046 claimants ); (9) Alejo Cruz Santos et al. v. Puerto Rico Department of Transportation & Public Works, Case No. RET-2002-06-1493 (the "Cruz Santos, Master Claim No. 29642")( 262 Claimants) ;(10) Delfina Lopez Rosario et al. v. Puerto Rico Police Department, Case No. 2001-10-372 (the "Lopez Rosario, Master Claims no. 15708")( 1,345 Claimants); (11) Prudencio Acevedo Arocho et al. v. Puerto Rico Department of Treasury, Case No. KAC-2005-5022 (the "Acevedo Arocho, Master Claims no. 51013") (1,379 claimants); **through** the undersigned attorney and respectfully states and prays:

### PRELIMINARY STATEMENT

1. On October 14, 2021, this Honorable Court denied in its entirety the appearing group wage creditors Motion Requesting Relief Regarding the Voting Processes and to remedy Errors in the Solicitation Packages and Alternative Remedies and for an order to extend Voting Deadline for Group Wage Claimants Included in Class 58 for 21 Days.

(Docket Entry No, 18437, the "Objection).

2. Because, as clearly stablished from footnote no. 2, of the Order (Docket Entry No. 18496), this Honorable Court did not considered that the Movants' effectively file their Reply Motion on October 12, 2021, were was provided the legal and factual basis for invalidating the FOMB's unilateral determinations, as to; (a) temporary allowance of group wage claims at a value of $1.00 for the purposes of voting and /or in the alternative, to consider the Creditors Motion under Fed. R. Bankr. P. 3018,(a) for the Purpose of Estimation of Creditors' claims for voting purpose, (b). the improper method of solicitation of votes and (c), the discriminatory treatment and/or arbitrary exclusion of Group wage claims that are pending final resolutions at the Commonwealth Appeal Board (CASP), from the ACR procedures.[2] Movants respectfully submits that, if reconsideration of the Order is not granted, will constitute a travesty of justice, for the following reasons:

ARGUMENT

**FIRST. With respect the denial for the modification of the temporary allowance of claims that have been valued by the FOMB's at $1.00 Movant's reiterates** the arguments included in the October 12, 2021 Reply Motion and submits the issue for resolution to the Honorable Court, pursuant to said reply.

Particularly, because as previously discussed, is a set principle that a proof of claim executed and filed in accordance with the Federal Rules of Bankruptcy Procedure constitutes prima facie evidence of the validity and amount of the claim. See Fed. R. Bankr. P. 3001(f); see also **In re Jones,** Case No. 09-18024-FJB (Bankr. D. Mass. Mar. 15, 2011); **In re Casey** Case No. 08-11285-JNF (Bankr. D. Mass. Feb. 19, 2009); Juniper

---

[2] See Dockets No. 18478

Dev. Group v. Kahn (In re Hemingway Transp., Inc.), 993 F.2d 915, 925 (1st Cir.1993) and *First RepublicBank,* 1990 Bankr. LEXIS 2840 at *5;

Also, because Movants stablished, in the context of Rule 3018 (a), that the FOMB, as objecting party, did not put forth some evidence to overcome the prima facie validity of the group claims here at issue[3]. See First RepublicBank, 1990 Bankr. LEXIS 2040 at *5 and Hemingway Transport, 993 F.2d at 92

Therefore, this Court cannot allow a Title III debtor to self- determine the value of the claims for purpose of voting and without submitting this Court reasonable evidence to justify the basis for its determination. This, for all practical purposes will allow the debtor, as plan proponent to arbitrarily control the voting process by disenfranchising large creditors' by simple modifying the creditor's claim value.

**SECOND:** In regards to the determination of denying Movant's petition for an order mandating the transfer of the six pending group claims to the administrative reconciliation procedures (ACR) because Movants have not submitted a basis for requiring the Oversight Board to disclose whether the group wage claims may be transferred into the ACR, Movants submits firstly, that this Honorable Court overlook , that in the present case the Debtor's presented on October 8, 2019, a Motion for Entry of an Order (A) Authorizing Administrative Reconciliation of Certain Claims. This request, would allow the Commonwealth, ERS, HTA, PREPA, and PBA, through the Oversight Board, and/or the Title III Court to establish a process for the Title III Court to permit certain types of claims which are

---

[3] In the assessment of the underlying issue, is critical to bring again to the Courts consideration that the FOMB's determination to change the claim's value, is even more arbitrary, when considers the important point that five of the group claims have final judgments in favor of appearing creditors and therefore, the claims value are easily verifiable. see Exhibit 1 and Exhibit 2 – B of Urgent Motion (Docket 18378) and Dockets No. 18282, 18239 and 18277 - 17134)

administrative in nature—including tax refund claims, union grievance claims, **public employee claims**, and pension claims—to be resolved by the Commonwealth's existing administrative processes.[4]

In addition, because this Honorable Court, in order to determine the merits of the present request for reconsideration, must also consider that **in the present case there is no controversy as to that the group claims, are administrative in nature, since the appearing government employees and former employees are requesting payment of wages and salaries illegally withheld, due to debtor's violations of state and federal minimum wage laws.**

Also, this Court must consider the undisputed fact, included in the Disclosure Statement, that as of July 13, 2021, all outstanding claims, which the Debtors currently understand are eligible for ACR, have been transferred into the ACR Procedures.[5]

However and to the extent ACR order and pertinent dispositions of the Disclosure statement contemplates the FOMB's continue identifying additional claims eligible for transfer to ACR, and mandates transferring such claims to the ACR Procedures at plans approval, by excluding group claimants from the ACR process, by a procedure that "is an arbitrary and unreasonable and so inconsistent with established modes of administering justice, it amounts to a denial of due process." Ownbey v. Morgan, 256 U.S. 94, 103, 41 S.Ct. 433, 435, 65 L.Ed. 837 (1921).

Specifically, because, although the FOMB delegated duties to determine which claims should be transferred to the ACR Procedure, is broad, it is not without limits. The

---

[4] See ACR Order, at Docket No. 12274]. Also see Article LXXXII, Procedures for treatment of Disputed Claims and Claims subject to ACR Procedures, at sec 82.1, Objections to Claims (pags 172 -173 and compare with sec 82.7 Claims Subject to ACR procedure at pags 174-175 of the proposed Disclosure Statement and section V. Overview of the Debtors' Title III Case, (C) . Claims Process and Bar Date . at page 289 -290 that provides for Administrative Claims Reconciliation

[5] See seventh Administrative Claims Reconciliation Status Notice, Docket 18363

APA supplies one such limit. In an effort to ensure rational decision-making, the APA prohibits an agency from making decisions that are " arbitrary, capricious, [or] an abuse of discretion." 5 U. S. C. § 706(2) (A).

To the extend FOMB officials, as representatives of the Commonwealth, are permitted to act in an unrestrained way, they offend due process. Yick Wo v. Hopkins, 118 U.S. 356, 6 S. Ct. 1064, 30 L.Ed. 220 (1886).

Furthermore, absent of an explanation as to the reasons of why the FOMB have not transferred the group wage claims to the ACR process, and in view of the fact that under section 82.7 of the Disclosure Statement (Docket 17516 ) provides at page 175, that to the extent not already transferred in accordance with the terms and conditions of the ACR order, the Debtors or Reorganized Debtors, as the case may be, shall transfer Claims in accordance with the terms and conditions of the ACR Order, and upon transfer, all such claims shall (a) be reconciled pursuant to the applicable regulatory and administrative procedures of the Debtors and Reorganized Debtors, as the case may be, (b), be paid in full in the ordinary course of business, is clear that this Court can only assume that the FOMB's failure to present a proper justification, for not transferring pending group wage claims to the ACR procedure, is arbitrary and constitutes an abuse of discretion or otherwise, not in accordance with the ACR Order. See. Cf. Kunz v. New York, 340 U.S. 290, 293, 71 S.Ct. 312, 95 L.Ed. 280 (1951).

Therefore, Movants disagree with this Court interpretation for not requiring the Oversight Board to disclose, whether group claims may be transferred into the ACR

procedure, since said position ignores the important point that the APA provides for judicial review of both the FOMB procedure and substance.[6]

Also because the FOMB's at paragraph 18 of the opposition, provides a clear example of an arbitrary and capricious position, since ignores the important point that the employees group claims, are of administrative nature and limited the answer to the irrelevant argument that "to the extend Movants object the Plans' classification of their claims, will address such classification in their confirmation and reply brief."

Not only said response leaves claimants substantially unprotected, because there is no certainty that claimants will be transferred to the ACR procedure, as mandated by the ACR Order, but also because the FOMB response, violates the fair balance, since does nor articulate a "meaningful standard against which to judge the FOMB exercise of discretion" Heckler v Chaney, 470 U.S. 821 at 839, 105 S, Ct. 1649 (1985).

Consequently, to the extend FOMB officials, as representatives of the Commonwealth, are permitted to act in an unrestrained way to exclude group wage claims from the ACR process and to prevent debtors from abusing the Code's equitable remedies, Movants may seek relief from the Title III Court, as they have established that the FOMB determination to exclude the group claims from the ACR procedure, offend due process and the concept of fairness and constitutes an abuse of discretion. Yick WO v. Hopkins, 118 U.S. 356, 6 S. Ct. 1064, 30 L.Ed. 220 (1886).

A contrary approach would render the court's review of the matters committed to the FOMB's determinations meaningless. Particularly, because it is rudimentary administrative law that discretion as to the substance of the ultimate decision does not

---

[6] See 5 U.S.C. sec 706(2) (A) (prohibiting both actions that are arbitrary " or "capricious" and actions "otherwise not in accordance with law").

confer discretion to ignore the required procedures of decision-making. With no rational explanation, as to why FOMB has choose not to transfer the Group claims to the ACR process, in view that the nature of the claims presented by the group creditors, is critical this Honorable Court grands the present Motion for Reconsideration, and issue an Order mandating the transfer to the ACR process the group claims of the cases of Madeline Acevedo-Camacho et als; Francisco Beltran Cintron et al.; Abraham Gimenez et al. ; Alejo Cruz Santos et al.; Delfina Lopez Rosario et al.and Prudencio Acevedo Arocho et al to guarantee the group claimants substantive rights, and prevent arbitrary decision-making. See McLane Co. v. Equal Employment Opportunity Commission, 581 U.S. 842 (2017).

## CONCLUSION

For the foregoing reasons, Movants have demonstrated that cause exist to reconsider the October 14, 2021 Order (a) to invalidate FOMB unilateral determination to assign $1.00 value to group wage Claimants, Particularly, due to the fact that the FOMB did not produced substantial evidence in opposition to the groups proof of claims, nor complied with the requirements of Rule 3018 (a), to request this Court determine the temporary allowance of identified claims for purpose of voting and (b) review the FOMB exclusion of pending wage group claims from the ACR procedure, because said determination is arbitrary and contrary to the ACR Order standards set out to guide the transfer of claims. Also, because the concern here is that the objected determination, appears that is being used as a coercive mechanism to "block" or hold the administrative resolution of the group claims, because of their significant claims value. Therefore, this Court must ensure group creditors are afforded the procedure and substantive safeguards to facilitate completion of plan negotiations and bankruptcy process.

**I HEREBY CERTIFY,** in accordance with Fed. R. Bankr. P. 9014(b), Fed. R. Bankr. P. 7004(b), and the Court's Fifteen Amended Notice, Case Management and Administrative Procedures Order [ECF 15894-1] (the "CMP Order"), that we electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all CM/ECF participants in this case. I further certify that, on this same date, I served the foregoing upon all the Standard Parties as identified and defined in the Court's CMP Order, as well as upon all of the parties identified in the Master Service List maintained at https://cases.primeclerk.com/puertorico/.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 28 th day of October 2021.

**ATTORNEY FOR THE GROUP WAGE CREDITORS**

By: */s/* **IVONNE GONZALEZ-MORALES**
IVONNE GONZALEZ-MORALES
USDC NUM: 202701
PO BOX 9021828
SAN JUAN, PR 00902-1828
Tel. (787) 410-0119
E-mail: ivonnegm@prw.net