Hearing Date: December 15, 2021, at 9:30 AM (Atlantic Standard Time)
Response Deadline: November 29, 2021, at 4:00 PM (Atlantic Standard Time)

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                      Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth, HTA, and ERS, and PBA.** |

### THREE HUNDRED NINETY-SEVENTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND PUERTO RICO PUBLIC BUILDINGS AUTHORITY TO LATE-FILED CLAIMS

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Highways

and Transportation Authority ("HTA"), the Employees Retirement System of the Government of

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority

("PBA," and together with the Commonwealth, HTA, and ERS, the "Debtors"), by and through

the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole

Title III representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and*

*Economic Stability Act* ("PROMESA"),[2] file this three hundred three hundred ninety-seventh

omnibus objection (the "Three Hundred Ninety-Seventh Omnibus Objection") to the proofs to

claim listed on **Exhibit A** hereto, for failure to comply with the terms of the Bar Orders, as defined

below, and in support of the Three Hundred Ninety-Seventh Omnibus Objection, respectfully

represent as follows:

## JURISDICTION

1.      The United States District Court for the District of Puerto Rico has subject matter

jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section

306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A.      The Bar Date Orders**

3.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant

to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the

Commonwealth of Puerto Rico (the "Commonwealth") pursuant to PROMESA section 304(a),

commencing a case under Title III thereof (the "Commonwealth Title III Case"). On May 5, 2017,

the Oversight Board issued a restructuring certification pursuant to PROMESA section 104(j) and

206. On May 21, 2017, the Oversight Board issued restructuring certifications pursuant to

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

PROMESA sections 104(j) and 206 and filed voluntary petitions for relief for HTA and ERS

pursuant to PROMESA section 304(a), commencing a case under Title III thereof (respectively,

the "HTA Title III Case" and the "ERS Title III Case").

4.       On September 27, 2019, the Oversight Board issued a restructuring certification

pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for PBA,

pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "PBA Title

III Case," and together with the Commonwealth Title III Case, the HTA Title III Case, and the

ERS Title III Case, the "Title III Cases").  On June 29, 2017 and October 9, 2019, the Court entered

orders granting the joint administration of the Title III Cases for procedural purposes only.  ECF

No. 537, ECF No. 8829.[3]

5.       On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing*

*Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of*

*Notice Thereof* [ECF No. 2255] (the "Bar Date Motion").  By the *Order (A) Establishing Deadlines*

*and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice*

*Thereof* [ECF No. 2521] (the "Initial Commonwealth, HTA, and ERS Bar Date Order"), the Court

granted the relief requested in the Bar Date Motion and established deadlines and procedures for

filing proofs of claim in the Title III Cases.  Upon the informative motion of certain creditors, and

the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for*

*Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160]

(together with the Initial Bar Date Order, the "Commonwealth, HTA, and ERS Bar Date Orders")

---

[3] Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17 BK
   3283-LTS.

extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time) (the "Commonwealth, HTA, and ERS Bar Date").

6.      On February 11, 2020, PBA filed its *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 36 in 19-BK-5523-LTS] (the "PBA Bar Date Motion").  Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 55 in 19-BK-5523-LTS] (the "Initial PBA Bar Date Order"), the Court granted the relief requested in the PBA Bar Date Motion and established deadlines and procedures for filing proofs of claim in the PBA Title III Case.  In light of the public health emergency created by the spread of COVID-19, the Court subsequently extended this deadline to and including July 29, 2020 at 4:00 p.m. (Atlantic Time) (the "PBA Bar Date," and together with the Commonwealth, HTA, and ERS Bar Date, the "Bar Dates"), by the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 13403] (together with the PBA Initial Bar Date Order, the "PBA Bar Date Orders," and together with the Commonwealth, ERS, and HTA Bar Date Orders, the "Bar Date Orders").

**B.      Proofs of Claim, Omnibus Objection Procedures, and Claim Objections**

7.      To date, approximately 180,483 proofs of claim have been filed against the Debtors and logged by Prime Clerk, LLC.  Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

8.      Of the proofs of claim filed, approximately 117,954 have been filed in relation to, or reclassified to be asserted against, the Commonwealth.  Approximately 2,276 proofs of claim have been filed in relation to, or reclassified to be asserted against, HTA.  Approximately 52,526 proofs of claim have been filed in relation to, or reclassified to be asserted against, ERS.

Additionally, approximately 404 proofs of claim have been filed in relation to PBA. In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable, being duplicative of other proofs of claim, or failing to provide information necessary for the Debtors to determine whether the claim is valid. In addition, numerous of these claims were filed after the applicable Bar Date.

9.      In order to efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion"). The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018. *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures"). On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures. *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

10.      In the continued interest of resolving any unnecessary proofs of claim in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, and to approve additional forms of notice. *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection*

5

*Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional*

*Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091]. On June 14, 2019, the Court

granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures,*

*(B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice,*

*and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection

Procedures").

11.     Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus

Objection Procedures, to date the Court has held over 16 hearings and entered orders on over 310

omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Authority

("COFINA"), HTA, the Puerto Rico Electric Power Authority ("PREPA"), PBA, and/or

ERS. Based upon rulings and orders of the Court to date, approximately 101,019 claims asserting

$43.59 trillion in liability against the Commonwealth, COFINA, HTA, PREPA, PBA, and ERS

have been disallowed and will be expunged from the claims registry in the Title III proceedings

upon entry of final orders.

12.     This Three Hundred Ninety-Seventh Omnibus Objection is filed in accordance with

the Court's Amended Omnibus Objection Procedures.

**OBJECTIONS TO PROOFS OF CLAIM**

13.     The Amended Omnibus Objection Procedures allow the Debtors to file an omnibus

objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy

Procedure 3007(d)(1)-(7), as well as on other substantive bases set forth in the Amended Omnibus

Objection Procedures.

14.     The Three Hundred Ninety-Seventh Omnibus Objection seeks to disallow, in

accordance with Federal Rule of Bankruptcy Procedure 3007(d)(4) and the Amended Omnibus

Objection Procedures, claims that were not timely filed.

15.     As set forth in **Exhibit A** hereto, the claims identified in the column titled "Claims

to Be Disallowed" (each a "Claim to Be Disallowed," and collectively, the "Claims to Be

Disallowed") were filed after the applicable Bar Date and should therefore be disallowed and

expunged.

16.     Both the Initial Commonwealth, HTA, and ERS Bar Date Order and the Initial PBA

Bar Date Order provide in relevant part:

> [A]ny creditor who fails to file a proof of claim on or before the applicable Bar
> Date . . . *shall be forever barred, estopped, and enjoined from asserting such
> claim against [the Debtors] or thereafter filing a proof of claim thereto in
> [these] Title III Case[s]* (unless otherwise ordered by the Court), and [the
> Debtors] and [their] property shall be forever discharged from any and all
> indebtedness or liability with respect to such claim.

Initial Bar Date Order ¶ 15 (emphasis added).[4]

17.     Each of the Claims to Be Disallowed was filed after the applicable Bar Date.

Accordingly, pursuant to the terms of the Bar Date Orders, each of the holders of the Claims to Be

Disallowed are barred from filing a claim against the Debtors, and the Debtors are discharged from

any and all liabilities to such claimants.  Failure to disallow the Claims to Be Disallowed would

prejudice the holders of claims who complied with the Bar Date Orders and timely filed their

claims by potentially reducing the ultimate distribution to the holders of such claims.

18.     Accordingly, the Debtors request that the Claims to Be Disallowed be disallowed

in their entirety.

19.     In support of the foregoing, the Debtors rely on the *Declaration of Jay Herriman

in Support of the Three Hundred Ninety-Seventh Omnibus Objection (Substantive) of the

Commonwealth of Puerto Rico, Puerto Rico Highways and Transportation Authority*, *Employees*

---

[4] The orders extending the applicable bar dates merely extended those dates, and did not otherwise alter the
Initial Commonwealth, HTA and ERS Bar Date Order or the PBA Bar Date Order.

*Retirement System of the Government of the Commonwealth of Puerto Rico, and Puerto Rico*

*Public Buildings Authority to Late-Filed Claims*, dated October 29, 2021, attached hereto as

**Exhibit B**.

## NOTICE

20.     In accordance with the Omnibus Objection Procedures and the Court's Notice

Order, the Debtors have provided notice of this Three Hundred Ninety-Seventh Omnibus

Objection to (a) the individual creditors subject to this Three Hundred Ninety-Seventh Omnibus

Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Fifteenth*

*Amended Case Management Procedures* [ECF No. 17127-1]), which is available on the Debtors'

case website at https://cases.primeclerk.com/puertorico.  A copy of the notice for this Three

Hundred Ninety-Seventh Omnibus Objection is attached hereto as Exhibit C.  Spanish translations

of the Three Hundred Ninety-Seventh Omnibus Objection and all of the exhibits attached hereto

are being filed with this objection and will be served on the parties.  The Debtors submit that, in

light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

21.     No prior request for the relief sought in this Three Hundred Ninety-Seventh

Omnibus Objection has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

8

WHEREFORE the Debtors respectfully request entry of an order, substantially in the form

of the Proposed Order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2)

granting the Debtors such other and further relief as is just.


Dated: October 29, 2021
      San Juan, Puerto Rico

Respectfully submitted,


/s/ *Herman D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García-Benítez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944


/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial
Oversight and Management Board
for Puerto Rico, as representative for
the Commonwealth of Puerto Rico,
the Puerto Rico Highways and
Transportation Authority, the
Employees Retirement System of the
Government of the Commonwealth of
Puerto Rico, and the Puerto Rico
Public Buildings Authority*

9

**Fecha de la vista: 15 de diciembre de 2021, a las 9:30 a.m. (AST)**
**Fecha límite para responder: 29 de noviembre de 2021, a las 4:00 p.m. (AST)**

> **REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

## TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
## PARA EL DISTRITO DE PUERTO RICO

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>    como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*.,<br><br>                    Deudores.[1] | PROMESA<br>Título III<br><br>Núm. 17 BK 3283-LTS<br><br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con el ELA, la ACT, el SRE y la AEP.** |

## TRICENTÉSIMA NONAGÉSIMA SÉPTIMA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO DEL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y DE LA AUTORIDAD DE EDIFICIOS PÚBLICOS DE PUERTO RICO A RECLAMACIONES RADICADAS TARDÍAMENTE

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático).

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor Swain:

El Estado Libre Asociado de Puerto Rico (el "ELA"), la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT"), el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") y la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, la ACT y el SRE, los "Deudores"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como el único representante de Título III conforme a la sección 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radican esta tricentésima nonagésima séptima objeción global (la "Tricentésima nonagésima séptima objeción global") a las evidencias de reclamaciones que aparecen en el **Anexo A** del presente documento, por no cumplir con los términos de las Órdenes de Fecha Límite, según se define a continuación, y en apoyo de la Tricentésima nonagésima séptima objeción global manifiestan respetuosamente lo siguiente:

## JURISDICCIÓN

1.      El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme a la sección 306(a) de PROMESA.

2.      La sede judicial de este distrito es la competente conforme a la sección 307(a) de PROMESA.

## ANTECEDENTES

**A.      Órdenes de Fecha Límite**

---

[2]  PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101-2241.

3.      El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el Estado Libre Asociado de Puerto Rico (el "ELA") conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III del ELA"). El 5 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206. El 21 de mayo de 201, la Junta de Supervisión emitió certificaciones de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó peticiones voluntarias de remedio para la ACT y el SRE conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (respectivamente, el "Caso de Título III de la ACT" y el "Caso de Título III del SRE").

4.      El 27 de septiembre de 2019, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para la AEP conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III de la AEP", y junto con el Caso de Título III del ELA", el Caso de Título III de la ACT y el Caso de Título III del SRE, los "Casos de Título III"). El 29 de junio de 2017 y el 9 de octubre de 2019, el Tribunal dictó órdenes por las que concedió la administración conjunta de los Casos de Título III únicamente con fines procesales. ECF núm. 537, ECF núm. 8829.[3]

5.      El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF núm. 2255] (la "Moción de Fecha Límite"). Por la *Orden que*

---

[3] Salvo disposición en contrario contenida en el presente documento, las citas ECF harán referencia a documentos radicados en el marco del Caso de Quiebra Núm. 17 BK 3283-LTS.

*A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF núm. 2521] (la "Orden Inicial de Fecha Límite del ELA, de la ACT y del SRE"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco de los Casos de Título III. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF núm. 3160] (conjuntamente con la Orden Inicial de Fecha Límite, las "Órdenes de Fecha Límite del ELA, de la ACT y del SRE"), extendiendo dichas fechas límite hasta el 29 de junio de 2018, a las 04:00 p.m. (AST) (la "Fecha Límite del ELA, de la ACT y del SRE").

6.     El 11 de febrero de 2020, la AEP radicó su *Moción de una orden que A) fije fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF núm. 36 en 19-BK-5523-LTS] (la "Moción de Fecha Límite de la AEP"). Conforme a la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF núm. 55 en 19-BK-5523-LTS] (la "Orden Inicial de Fecha Límite de la AEP"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite de la AEP y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco del Caso de Título III de la AEP. En vista de la emergencia de salud pública causada por la propagación del COVID-19, el Tribunal extendió posteriormente esta fecha límite hasta el 29 de julio de 2020 (inclusive) a las 4:00 p.m. (AST) (la "Fecha Límite de la AEP", y junto con la Fecha Límite del ELA, la ACT y el SRE, las "Fechas Límite"), mediante la *Orden que A) extendió fechas límite para radicar evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF núm. 13403] (junto con

4

la Orden Inicial de Fecha Límite de la AEP, las "Órdenes de Fecha Límite de la AEP", y junto con

las Órdenes de Fecha Límite del ELA, del SRE y de la ACT, las "Órdenes de Fecha Límite").

**B. Evidencias de reclamaciones, procedimientos relativos a objeciones globales y objeciones a reclamaciones**

7. Hasta la fecha, se han radicado aproximadamente 180,483 evidencias de reclamaciones contra los Deudores, que han sido registradas por Prime Clerk, LLC. Dichas evidencias de reclamaciones ascienden a un total aproximado de $43.6 billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados reclamados.

8. De las evidencias de reclamaciones radicadas, aproximadamente 117,954 han sido radicadas en relación con el ELA, o reclasificadas como radicadas contra el ELA. Aproximadamente 2,276 evidencias de reclamaciones han sido radicadas en relación con la ACT, o reclasificadas como radicadas contra la ACT. Aproximadamente 52,526 evidencias de reclamaciones han sido radicadas en relación con el SRE, o reclasificadas como radicadas contra el SRE. Además, aproximadamente 404 evidencias de reclamaciones han sido radicadas en relación con la AEP. De conformidad con las condiciones de las Órdenes de Fecha Límite, muchas de estas reclamaciones no deberían haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por la que los Deudores sean responsables, estar duplicadas en relación con otras evidencias de reclamaciones o no aportar la información necesaria para que los Deudores determinen si la reclamación es válida. Además, muchas de dichas reclamaciones fueron radicadas luego de la Fecha Límite aplicable.

9. Para resolver eficazmente el mayor número posible de las evidencias de reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a*

*objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) conceda el remedio relacionado* [ECF núm. 4052] (la "Moción de Procedimientos Globales"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden que A) aprueba procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado* [ECF núm. 4230]; *Procedimientos relativos a Objeciones Globales* [ECF núm. 4230-1] (conjuntamente, los "Procedimientos Iniciales relativos a Objeciones Globales"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [ECF núm. 4381] (la "Orden de Notificación").

10.     En aras del interés constante por resolver eficazmente cualesquiera evidencias de reclamaciones innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de vista en relación con una Orden que A) apruebe Procedimientos Enmendados relativos a Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF núm. 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden que A) aprueba Procedimientos Enmendados relativos a Objeciones Globales, B)*

6

*exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas*

*de notificación adicionales y D) concede el remedio relacionado* [ECF núm. 7440] (los

"Procedimientos Enmendados relativos a Objeciones Globales").

11.    Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los

Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal ha celebrado hasta la

fecha más de 16 vistas y ha dictado órdenes sobre más de 310 objeciones globales radicadas por

el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la ACT, la

Autoridad de Energía Eléctrica de Puerto Rico (la "AEE"), la AEP y/o el SRE. Sobre la base de

las resoluciones y órdenes del Tribunal dictadas hasta la fecha, aproximadamente 101,019

reclamaciones que reivindicaban $43.59 billones en responsabilidad contra el ELA, COFINA, la

ACT, la AEE, la AEP y el SRE fueron rechazadas y serán retiradas del registro de reclamaciones

en el marco de los procedimientos radicados conforme al Título III una vez dictadas las órdenes

finales.

12.    Esta Tricentésima nonagésima séptima objeción global se radica de conformidad

con los Procedimientos Enmendados relativos a Objeciones Globales del Tribunal.

### OBJECIONES A EVIDENCIAS DE RECLAMACIONES

13.    Los Procedimientos Enmendados relativos a Objeciones Globales permiten a los

Deudores radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las

bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de

Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas

establecidas en los Procedimientos Enmendados relativos a Objeciones Globales.

14.    La Tricentésima nonagésima séptima objeción global pretende que se rechacen

reclamaciones que han sido radicadas tardíamente, de conformidad con la regla 3007(d)(4) de las

Reglas Federales del Procedimiento de Quiebra o los Procedimientos Enmendados relativos a Objeciones Globales.

15.    Según se expone en el **Anexo A** del presente documento, las reclamaciones identificadas en el columna titulada "Reclamaciones que han de ser rechazadas" (cada una denominada una "<u>Reclamación que ha de ser rechazada</u>" y conjuntamente, las "<u>Reclamaciones que han de ser rechazadas</u>") fueron radicadas luego de la Fecha Límite aplicable, por lo que deben ser rechazadas y suprimidas.

16.    Tanto la Orden Inicial de Fecha Límite del ELA, de la ACT y del SRE como la Orden Inicial de Fecha Límite de la AEP disponen en la parte pertinente:

> [C]ualquier acreedor que no radique una evidencia de reclamación a más tardar en la Fecha Límite aplicable. . . *ya no podrá nunca más alegar dicha reclamación contra [los Deudores], ni podrá posteriormente radicar ninguna evidencia de reclamación relacionada con la misma en el marco de [estos(s)] Caso(s)* de Título III (salvo que el Tribunal disponga otra cosa), y tanto [los Deudores] como [sus] bienes quedarán para siempre liberados de cualquier endeudamiento o responsabilidad en relación con tal reclamación.

Orden Inicial de Fecha Límite, ¶ 15 (el resaltado es nuestro).[4]

17.    Cada una de las Reclamaciones que han de ser rechazadas fue radicada luego de la Fecha Límite aplicable. En consecuencia, conforme a los términos de las Órdenes de Fecha Límite, cada uno de los titulares de las Reclamaciones que han de ser rechazadas tiene prohibido radicar una reclamación contra los Deudores, y los Deudores quedan liberados de cualquier tipo de responsabilidad frente a dichos reclamantes. Si las Reclamaciones que han de ser rechazadas no son rechazadas, ello perjudicaría a los titulares de reclamaciones que sí cumplieron con los

---

[4] Las órdenes que extendieron las fechas límites aplicables meramente extendieron esas fechas, y no alteraron de alguna otra manera la Orden Inicial de Fecha Límite del ELA, de la ACT y del SRE y la Orden de Fecha Límite de la AEP.

requisitos de las Órdenes de Fecha Límite y radicaron sus reclamaciones en los plazos establecidos, al reducir potencialmente la distribución final para los titulares de tales reclamaciones.

18.    Por lo tanto, los Deudores solicitan que las Reclamaciones que han de ser rechazadas se rechacen en su totalidad.

19.    En apoyo de lo anterior, los Deudores invocan la *Declaración de Jay Herriman en apoyo de la Tricentésima nonagésima séptima objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico, de la Autoridad de Carreteras y Transportación de Puerto Rico, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y de la Autoridad de Edificios Públicos de Puerto Rico a Reclamaciones radicadas tardíamente*, de fecha 29 de octubre de 2021, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

20.    De conformidad con los Procedimientos relativos a Objeciones Globales y la Orden de Notificación del Tribunal, los Deudores han notificado la presente Tricentésima nonagésima séptima objeción global a) a los acreedores individuales objeto de esta Tricentésima nonagésima séptima objeción global, b) al U.S. Trustee, y c) a la Lista maestra de notificaciones (según se define en los *Procedimientos de administración de casos enmendados núm. 15* [ECF núm. 17127-1]), disponibles en el sitio web de casos de los Deudores, en https://cases.primeclerk.com/puertorico. Una copia de la notificación relativa a esta Tricentésima nonagésima séptima objeción global se adjunta al presente como Anexo C. Las traducciones al español de la Tricentésima nonagésima séptima objeción global y de la totalidad de los anexos adjuntos al presente se están radicando con la presente objeción y se trasladarán a las partes. Los Deudores sostienen que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

## AUSENCIA DE SOLICITUDES PREVIAS

21.     No se ha radicado ninguna solicitud de remedio previa a la presente Tricentésima

nonagésima séptima objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.


[*El resto de la página se deja en blanco intencionadamente.*]

POR LO QUE los Deudores solicitan respetuosamente que se dicte una orden, esencialmente en la forma de la Orden Propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda a los Deudores cualesquiera otros remedios que se consideren justos.

Fecha: 29 de octubre de 2021
     San Juan (Puerto Rico)

Respetuosamente sometida,

[*Firma en la versión en inglés*]
Hermann D. Bauer
USDC núm. 215205
Carla García-Benítez
USDC núm. 203708
Gabriel A. Miranda
USDC núm. 306704
**O'NEILL & BORGES LLC**
250 Avenida Muñoz Rivera, local 800
San Juan, PR 00918-1813
Tel.: (787) 764-8181
Fax: (787) 753-8944

[*Firma en la versión en inglés*]
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel.: (212) 969-3000
Fax: (212) 969-2900

*Abogados de la Junta de Supervisión y Administración Financiera para Puerto Rico, como representante del Estado Libre Asociado de Puerto Rico, de la Autoridad de Carreteras y Transportación de Puerto Rico, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y de la Autoridad de Edificios Públicos de Puerto Rico.*

11