UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO
et al.,

    Debtors.[1]

---------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

### SECOND AMENDED ORDER REGARDING PROCEDURES FOR HEARING ON CONFIRMATION OF PLAN OF ADJUSTMENT

The Court will receive evidence and hear argument in connection with the request of the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") for approval of the *Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (Docket Entry No. 17627, as may be supplemented or amended, the "Plan of Adjustment") beginning at **9:30 a.m. (Atlantic Standard Time) (8:30 a.m. Eastern Standard Time)** on **November 8, 2021** (the "Confirmation Hearing"). The Confirmation Hearing will

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

continue as necessary at **9:30 a.m. (Atlantic Standard Time)**[2] **on November 9-10, 12, 15-18, and 22-23, 2021**. The Court will hold a final pretrial conference and hearing on motions <u>in limine</u> on **November 1, 2021, at 9:30 a.m. (Atlantic Standard Time)** (the "Pretrial Conference" and, together with the Confirmation Hearing, the "Hearing"). In light of the ongoing COVID-19 public health crisis, the Court will conduct the Hearing virtually using videoconferencing and telephonic platforms as set forth herein. The Hearing shall be governed by the following procedures.

    1. **Videoconferencing via Zoom**. The Court will conduct the Hearing using the audio and video features of the Zoom platform as a virtual courtroom. An invitation to register will be sent by the Court to Hearing participants who have filed a timely objection to or statement on confirmation of the Plan of Adjustment and registered their appearance by filing a Pretrial Informative Motion in accordance with paragraph 4(a) below. Parties must respond to the invitation to register for Zoom access. Approved parties will receive the link and additional login information to join the virtual proceeding. Any person who seeks to participate by Zoom must participate in appropriate pre-hearing testing of Zoom as may be required by the Court's IT personnel. To optimize performance of the Zoom platform and in the interest of avoiding excessive billing of fees, the Oversight Board and the Puerto Rico Fiscal Agency and Financial Advisory Authority shall each be limited to four attorneys appearing in the Zoom session at any given time, and each other Party (as defined in paragraph 4(a) below) will be limited to two attorneys appearing at any given time (provided that up to four attorneys may appear when that

---

[2]     Attendees are advised that, due to the end of Daylight Savings Time on November 7, 2021, there will be a one-hour difference between Atlantic Time and Eastern Time. Thus, each session of the Confirmation Hearing will begin at **8:30 a.m. Eastern Standard Time.**

Party is examining or defending a witness).[3] The Court will circulate the Zoom link to persons properly registered to participate by Zoom prior to each day of the Hearing. **Only persons who are identified in properly submitted Zoom registration documents, including a Party Appearance Sheet, will be permitted to appear at the Hearing**. The Court reserves the right to take objections and support statements that do not involve the presentation of documentary evidence or testimony on submission. Recording and retransmission of the proceedings by any means are prohibited.

2. **Listen-Only Access to the Hearing**. Members of the public, press, and attorneys may **listen to but not view or participate in** the Hearing by dialing (877) 336-4441 (international callers should dial (409) 207-6985), and, when prompted, entering the access code (2140522) and security code (7229) for listen-only access to the Pretrial Conference, and security code (6335) for listen-only access to the Confirmation Hearing. This telephonic access line will be in listen-only mode at all times. Recording and further broadcasting of the proceedings by any means remain prohibited.

3. **Live Video Feed of the Hearing**. Members of the public and press who wish to **view but not participate in** the Hearing through a live video feed may do so in person at the United States District Court for the District of Puerto Rico, 150 Carlos Chardón Street, Federal Building, San Juan, Puerto Rico 00918-1767 or the United States District Court for the Southern District of New York, 500 Pearl St., New York, New York 10007. The spaces in which the live video feed of the Hearing will be provided will comply with applicable COVID-19 capacity restrictions. Members of the public may gain admittance to the live video feed at either

---

[3] While each Party may register more than the maximum number of attorneys who intend to participate over the course of the Hearing, no more than the maximum number of attorneys may appear in a Zoom session at any time.

courthouse by registering in advance on the United States District Court for the District of Puerto Rico's website (https://www.prd.uscourts.gov/promesa/promesa-confirmation-hearing-public-registration). Due to space limitations, approval to view the live video feed will be on a first-come first-served basis. Members of the press should contact presscredentials@prd.uscourts.gov (San Juan) or 212-805-0513 (New York) regarding viewing facilities and space availability. Entry into either courthouse will require compliance with the relevant COVID-19 protocols.

4. **Registration to Participate in the Pretrial Conference and/or the Confirmation Hearing via Zoom**.

a. <u>Parties-in-interest represented by counsel</u>. Counsel for any party-in-interest that has filed a timely objection to or statement on confirmation of the Plan of Adjustment (each, a "Party") and wishes to participate at the Confirmation Hearing and/or the Pretrial Conference must register an appearance by filing a Pretrial Informative Motion, no later than **October 27, 2021 at 1:00 p.m. (Atlantic Standard Time)**, identifying (a) the Party for which they intend to appear, (b) the name(s) and email address(es) of the attorney(s) who will appear, (c) whether the Party wishes to present opening argument in support of or in opposition to confirmation of the Plan of Adjustment, and (d) if the Party contends there is a disputed material factual issue and wishes to cross-examine any declarant or to present live rebuttal testimony at the Confirmation Hearing. If the Party wishes to cross-examine any declarant or present testimony the Party will also identify in the Pretrial Informative Motion (1) the Remote Witness(es) (as defined in paragraph 5 below), (2) the factual issue(s) to which the proposed cross-examination or testimony relates, (3) the subject matter of the testimony and its relevance to the factual issue(s), and (4) the time requested for such examination or testimony. In addition, counsel for each Party **must** complete the attached Party Appearance Sheet, Witness Cover Sheet, and Exhibit Cover

Sheet, annexed hereto as Exhibit A, Exhibit B, and Exhibit C. Each sheet must be attached as an exhibit to a Party's Pretrial Informative Motion.

b. <u>Parties not represented by counsel</u>. Any individual Party who wishes to participate in the Confirmation Hearing and/or Pretrial Conference must file a Pretrial Informative Motion with the Party Appearance Sheet, Witness Cover Sheet, and Exhibit Cover Sheet as set forth in paragraph 4(a). A Party who simply wishes to make a short statement to the Court in connection with the Confirmation Hearing may apply for an opportunity to do so in accordance with paragraph 7.

c. <u>Party Appearance Sheet</u>. Registrants for the Pretrial Conference and the Confirmation Hearing will be sent separate invitations based upon the Party's selection on the Party Appearance Sheet. Thus, a Party's selection on the Party Appearance Sheet determines whether they will be registered for the Pretrial Conference, the Confirmation Hearing, or both.

d. <u>Registration Issues</u>. If a Party has filed a Pretrial Informative Motion (including a Party Appearance Sheet, Witness Cover Sheet, and Exhibit Cover Sheet) and has not received an invitation to register within 24 hours of the Hearing, counsel and/or pro se party may seek technical assistance by emailing promesaregistration@prd.uscourts.gov.

5. **Remote Witness Testimony and Exhibits**. Rule 43(a) of the Federal Rules of Civil Procedure, made applicable by Rule 9017 of the Federal Rules of Bankruptcy Procedure, provides that for "good cause in compelling circumstances" a witness may be permitted to testify by contemporaneous transmission from a location other than the courtroom. Having found that good cause and compelling circumstances exist here due to the COVID-19 pandemic, any witness called to testify at the Confirmation Hearing shall testify by contemporaneous transmission from a different location than the Court (the "Remote Witnesses").

All Remote Witnesses shall be sworn in over Zoom, and such testimony will have the same effect and be binding upon the Remote Witness in the same manner as if such Remote Witness was sworn in by the Court in person in open court at the courthouse. The Party intending to examine the Remote Witness must have identified the Remote Witness on the Party's witness list by October 22, 2021, and included the person's name on the Witness Cover Sheet attached to the Party's Pretrial Informative Motion. Direct testimony will be by declaration previously provided pursuant to the procedures prescribed for that purpose, and cross-examination and redirect examination, if any, shall be via Zoom as set forth herein. Exhibits related to direct examination must be filed by October 27, 2021 with the required Exhibit Cover Sheet attached to the Party's Pretrial Informative Motion. All exhibits filed must be in searchable PDF format.

Unless directed otherwise, a Remote Witness can appear at counsel's office, or a Remote Witness can appear by a separate location. Counsel and a Remote Witness are not permitted to share the same computer device if a Remote Witness appears at counsel's office. Note that placing two devices in close proximity may result in feedback and/or audio malfunctions, so headsets must be used if both counsel and the Remote Witness are in the same room. If there is an error or malfunction with Zoom, the testimony will proceed by dial-in by using the telephone number provided in the Zoom dial-in invitation or another number to be provided by the Court if that dial-in number also does not function properly. The Party intending to examine the Remote Witness must make arrangements with the original proponent of the Remote Witness for availability of the Remote Witness and the original proponent will be responsible for (a) providing a certified interpreter if the Remote Witness will not testify in

English,[4] and (b) emailing SwainDPRCorresp@nysd.uscourts.gov at least two business days in advance of the anticipated date that the Remote Witness is anticipated to testify with the following information: the (1) name of the Remote Witness, (2) the name of the interpreter, if any, (3) email address of the Remote Witness, (4) email address of the interpreter, if any, and (5) whether the Remote Witness will share a computer device with counsel.

Additionally, the Party intending to examine the Remote Witness is responsible for supplying all previously-disclosed exhibits from all Parties to be used during the Remote Witness' testimony to the Remote Witness in hard copy, or where a hard copy is unfeasible, with an electronic version, by no later than the day before the Remote Witness is scheduled to testify. To the extent that counsel in good faith finds it necessary to use exhibits not previously disclosed, they must be provided to opposing counsel for objection by reliable means and to the witness and the Court by reliable means, which may be electronic, prior to tender of the exhibit. Any additional exhibits admitted under such circumstances must be filed on the ECF system (with a Supplemental Exhibit Cover Sheet) by **10:00 p.m. (Atlantic Standard Time) on the day the exhibit is used to examine the Remote Witness.** No person other than counsel for the Party offering or representing the Remote Witness may be present in the room from which the Remote Witness will testify, with the exception of any person providing technical assistance and/or interpretation to the Remote Witness. While the Remote Witness is testifying, the Remote Witness must not have in the room from which the Remote Witness will testify any documents except the Remote Witness' declaration submitted as direct testimony (with exhibits, if any) and all exhibits from all Parties that will have been provided as set forth herein. When called to

---

[4] Information regarding interpreter services can be found on the website for the United States District Court for the District of Puerto Rico https://www.prd.uscourts.gov/interpreter-services.

testify, a Remote Witness must be situated in such a manner as to be able to view the video screen and be seen by the Court. Remote Witnesses testifying via Zoom shall utilize the Zoom link only during the time they are testifying and shall disconnect from the Zoom proceeding (using the "Leave Meeting" Zoom feature) upon the conclusion of the Remote Witness' testimony, unless the Court authorizes otherwise.

6. **Deadlines Concerning Cross-Examination and Submission of Exhibits**. The Court will review all declarations that have been submitted in support of or opposition to confirmation of the Plan of Adjustment in advance of the Hearing. The deadline for all Parties to file witness declarations to be used at the Confirmation Hearing is **October 25, 2021**. All such declarations are deemed submitted as direct testimony. Any proponent of or timely objector to confirmation of the Plan of Adjustment who wishes to proffer additional exhibits relating to cross-examination or rebuttal must clearly identify which exhibits and/or witnesses are being proffered in connection with cross-examination or rebuttal testimony in the Party's Pretrial Informative Motion with accompanying Party Appearance Sheet, Witness Cover Sheet, and Exhibit Cover Sheet no later than **October 27, 2021 at 1:00 p.m. (Atlantic Standard Time)** as set forth in paragraph 4(a).

Parties must meet and confer in advance of the Hearing to use their best efforts to agree on the admissibility of the proposed exhibits into evidence. By no later than **October 29, 2021, at 2:00 p.m. (Atlantic Standard Time)**, the Parties shall, through the Oversight Board's counsel, provide to **each** of the courthouses identified in paragraph 3, (a) hard copies of one or more binders of exhibits whose admissibility into evidence for purposes of the Confirmation Hearing is agreed, (b) a hard copy binder of proposed exhibits whose admissibility into evidence is not agreed, and (c) copies of all Remote Witness direct testimony declarations.

7. **Notice of Order of Appearances for Oral Argument and Witness Examination**. Parties must incorporate their presentation of oral argument concerning legal issues into their opening and closing arguments. The Court will allocate a total of six hours for opening arguments (split evenly between proponents and opponents of the Plan of Adjustment) beginning on November 8, 2021. Counsel who intend to present opening arguments must jointly file an informative motion by **November 4, 2021, at 2:00 p.m. (Atlantic Standard Time)** identifying (a) the Parties (including any persons appearing pro se) who intend to appear and speak, (b) the names of the attorneys who intend to speak on behalf of each Party, (c) the order in which the Parties will present argument, and (d) time allocations for each speaker for the appearances on November 8, 2021.

The Court expects that the entirety of **November 9, 2021**, will be devoted to hearing statements concerning the Plan of Adjustment by members of the public, to be selected by lottery, who will appear in person at the Clemente Ruiz Nazario United States Courthouse in San Juan, Puerto Rico at appointed times. Further information concerning procedures for members of the public to apply to address the Court on November 9, 2021, will be the subject of a future order.

For each day of the Confirmation Hearing on which one or more Remote Witnesses will testify, the Oversight Board must submit, by **2:00 p.m. (Atlantic Standard Time)** the preceding day, (i) the names of any Remote Witness(es) that will be cross-examined, (ii) the names and anticipated order of the Parties who will cross-examine the Remote Witness(es), and (iii) the name(s) of any Party who anticipates conducting redirect examination of the Remote Witness(es). The Oversight Board's submission should also include, on the day preceding the day on which the introduction of any designated portion(s) of a deposition into evidence is anticipated, (iv) a chart summarizing any remaining disputes concerning the relevant

deposition designations and/or counter-designations, and (v) a copy of the relevant deposition transcript or citation to the docket entry containing such transcript. The Oversight Board's submission should also include, on the day preceding the anticipated introduction of evidence or testimony whose admissibility is disputed, a summary of the parties' respective positions on the issue of admissibility.

8. **Closing Arguments**. One day prior to the expected commencement of closing arguments by **8:00 a.m. (Atlantic Standard Time)**, the parties who wish to make closing arguments must meet and confer and file a joint informative motion proposing an allocation of time for argument and identifying the anticipated speaker(s) for each Party. Arguments must not be repetitive of each other.

9. **Courtroom Formalities**. All persons granted remote access to the proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of this prohibition may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. The formalities of a courtroom must be observed. When appearing by Zoom, each counsel or pro se party must be situated in such a manner as to be able to view the video screen and be seen by the Court. Each Party is strongly encouraged to utilize a headset to optimize audio quality and reduce background noise. Each Party's camera must be turned on when addressing the Court or examining a Remote Witness. No Party is permitted to join the Zoom proceeding by phone. Those appearing by Zoom may be removed from the virtual courtroom if they do not comply with this Order.

During the Hearing, individuals who are registered to participate via Zoom are directed to observe the following rules:

a. The following naming conventions must be used by Zoom participants for admission to the Zoom virtual courtroom.[5] For example:

   i. Attorney participants: [Party Represented (abbreviations may be used)] / [Last Name of Attorney, First Name of Attorney] / [Law Firm/Government Office].

      a. PARTY A / Doe, John / ABC Law Firm, or

      b. XYZ Agency/ Doe, Jane / Office of the ABC Government

   ii. Pro se participants: Pro se / [Last Name, First Name].

      a. For example: Pro se / Doe, Jane

   iii. Remote Witnesses: Witness / [Last Name, First Name].

      a. For example, Witness / Doe, John (PhD)

b. Identify yourself if asked to do so.

c. Identify yourself by name each time you speak.

d. Mute yourself when you are not speaking to eliminate background noise.

e. Turn off your video unless you are speaking or otherwise directly involved in the argument or examination, unless the Court directs otherwise.

SO ORDERED.

Dated: November 2, 2021

      /s/ Laura Taylor Swain
      LAURA TAYLOR SWAIN
      United States District Judge

---

[5] Parties must change their Zoom Screen Name **before** entering the waiting room.