**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**RESPONSE OF GOVERNMENT PARTIES TO THE COURT'S ORDER
GRANTING MOTION TO SEAL FOR LIMITED DURATION AND FOR
<u>SUPPLEMENTAL BRIEFING</u>**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("<u>PBA</u>") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**To the Honorable United States District Court Judge Laura Taylor Swain:**

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA," and together with the Commonwealth and ERS, the "Debtors"), pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF," and together with the Oversight Board, the "Government Parties"), respectfully submit this brief in support of the continued sealing of certain exhibits that were filed in connection with the *DRA Parties' Confirmation Hearing Amended Exhibit List* [ECF No. 18768] (the "DRA Amended Exhibit List") and the hearing for confirmation of the *Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 17627] (as it may be amended, modified or supplemented, the "Plan") by AmeriNational Community Services, LLC (the "Servicer"), as servicer for the GDB Debt Recovery Authority (the "DRA"), and Cantor-Katz Collateral Monitor LLC, a Delaware limited liability company (the "Collateral Monitor," and, together with the Servicer, the "DRA Parties").

## INTRODUCTION

1. On October 5, 2021, the Court issued the *Amended Order Establishing Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* [ECF No. 18394] (the "Confirmation Procedures Order"). The Confirmation Procedures Order established procedures and deadlines concerning discovery in connection with confirmation of the

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

Plan and modified and extended the provisions of the Protective Order[3] to apply to the confirmation proceedings. Confirmation Procedures Order, ¶ 6.

2. The Protective Order provides that documents produced and uploaded to the Plan Depository which the Debtors consider in good faith to contain personal, proprietary, or otherwise confidential information that would have a detrimental effect on the Debtors or third parties if it were publicly disclosed may be deemed confidential. Protective Order, ¶ 1.b.

3. The Protective Order restricts the disclosure of documents designated "Confidential" to (i) any mediator or court (or their representatives) taking part in the administration or adjudication of the Plan or Plan Support Agreements; (ii) persons who are the authors, addressees, or recipients of documents containing Confidential Information if they have previously had lawful access to those documents; (iii) professional court reporters and their staff; and (iv) any Eligible Creditor's agents or representatives, including in house and outside counsel, professional personnel (including but not limited to IT staff), testifying or consulting experts, anticipated or actual witnesses testifying in connection with the Plan or Plan Support Agreements, and translators or other outside litigation support vendors. Protective Order, ¶ 4.

4. On October 27, 2021, the DRA Parties filed their Amended Exhibit List.[4] Because certain exhibits contained "Confidential Material" or "Confidential Information" as defined in (i) the *Stipulation and Protective Order* [ECF No. 12912] (the "Monolines Lift Stay Protective

---

[3] "Protective Order" refers to the protective order approved by the Court as Exhibit 2 to the DS Scheduling Order [ECF No. 16681], as modified by paragraph 6 of the Confirmation Procedures Order. Capitalized terms used but not defined herein shall have the meanings ascribed to them in the *Order Regarding Procedures for Hearing on Confirmation of Plan of Adjustment* [ECF No. 18502] (the "Confirmation Hearing Procedures Order").

[4] The DRA Parties filed their Amended Exhibit List at ECF No. 18768, and further motions submitting the DRA Parties' exhibits at ECF Nos. 18769-18784, 18786-18790, 18792-18793, 18795-18796, 18798-18799, 18801, 18804, and 18808-18810 (collectively, the "DRA Confirmation Exhibits").

2

Order"), as amended in the *Stipulation and Amended Protective Order* [Case No. 20-0005, ECF No. 76] (the "Revenue Bond Protective Order"); (ii) the *Confidentiality Agreement and Order in Connection with (a) Ambac Assurance Corporation's Motion for Entry of Order Authorizing Discovery under Bankruptcy Rule 2004 Concerning Commonwealth Assets [ECF No. 9022] and (b) Ambac Assurance Corporation's Motion for Entry of Order Authorizing Discovery under Bankruptcy Rule 2004 Concerning Commonwealth Cash Restriction Analysis [ECF No. 9023]* [ECF No. 12920] (the "Rule 2004 Protective Order"); and/or (iii) the Protective Order, the DRA Parties filed *The DRA Parties' Urgent Motion to File Certain of the DRA Confirmation Hearing Exhibits Under Seal* (the "DRA Motion to Seal").

5.  On October 27, 2021, the Court issued the *Order Granting Motion to Seal for Limited Duration and for Supplemental Briefing* [ECF No. 18862] (the "Sealing Order"), temporarily granting the DRA Motion to Seal, permitting the DRA Parties to file under seal versions of the DRA Confirmation Exhibits 253-413 with personally identifying information pursuant to Federal Rule of Bankruptcy Procedure 9037 redacted, and directing that any party may submit a brief justifying the continued sealing of some or all of these exhibits or redaction of information in the exhibits.

6.  The Government Parties submit this brief to justify the continued sealing of DRA Confirmation Exhibits 269, 274-277, 283-285, 287, 298-309, 325-339, 346-411, and 412-413.[5]

---

[5] The Government Parties do not object to public filing of the remaining DRA Confirmation Exhibits (with redactions under Rule 9037 as needed as already directed by the Court (Sealing Order at 2)). DRA Confirmation Exhibit 258 is described in the DRA Parties' exhibit list as "Email Chain Re: HTA – Bank Account dated March 31, 2019 Ambac_Cash_2004_002 0022578." (ECF No. 18836-3.) The document Bates stamped Ambac_Cash_2004_002 0022578, however, is an Oriental March 31, 2019 bank account statement, not an email chain. The Government Parties do not object to public filing of the Oriental March 31, 2019 bank account statement Bates stamped Ambac_Cash_2004_002 0022578 with Rule 9037 redactions.

3

## ARGUMENT

7. Although there is a general presumption of public access to court records, 11 U.S.C. § 107 provides that information in public filings can be protected in limited circumstances, including where necessary to "protect an entity with respect to a trade secret or confidential research, development, or commercial information[.]" 11 U.S.C. § 107 (2010).

8. Additionally, Fed. R. Civ. P. 26(c)(1)(G) provides courts authority to enter a protective order sealing "confidential . . . commercial information." A party seeking a protective order sealing documents must demonstrate good cause, which requires a "particularized factual showing of the harm that would be sustained" if the documents were not sealed. *Dunkin Donuts Franchised Restaurants, LLC v. Agawam Donuts, Inc.*, 2008 WL 427290 at *1 (D. Mass. Feb. 13, 2008). "Commercial information" has been defined as "information which would cause an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). Commercial information need not rise to the level of a trade secret to qualify for protection under section 107(b), *id.* at 28, and its protections extend beyond the debtor to protect any entity with respect to commercial information. *See In re Borders Grp., Inc.*, 462 B.R. 42, 48 (S.D.N.Y. 2011); *In re Windstream Holdings Inc.*, 614 B.R. 441, 455 (S.D.N.Y. 2020). Similarly, Federal Rule of Bankruptcy Procedure 9037, which requires redaction of specified personally identifying information in documents filed in cases subject to the Federal Rules of Bankruptcy Procedure, Fed. R. Bankr. P. 9037(a), permits the court for cause to require redaction of additional confidential information, *id.* 9037(d). Courts may also require the sealing of documents whose exposure may hinder government operations. *See Al Otro Lado, Inc. v. Wolf*, No. 17-cv-2366, 2020 WL 2097598, at *4 (S.D. Cal. May 1, 2020) (finding good cause to seal documents that while not protected by the

4

deliberative process privilege nevertheless contained confidential and sensitive government information that could harm the operations of the government entity if disclosed).

A. **The Government Parties Request DRA Confirmation Exhibits 412 and 413 Remain Sealed**

9. Both the Fiscal Plan Model and the Best Interests Model contain sensitive, non-public financial data regarding the Debtors' finances and operations, including detailed breakdowns of payroll expenses, agency expenses, and revenue and expense projections. For example, the Fiscal Plan Model includes granular forecasts of per capita Medicaid costs by sub-population. Public disclosure of these estimates could negatively impact the Government's effectiveness in negotiating contracts with managed care organizations because those parties would have detailed insights into internal Government assumptions about what those services should cost. Courts have regularly permitted parties to file documents relating to just such negotiations under seal, particularly where the disclosure of the information in any way puts the party at a competitive disadvantage. *See Abbott v. Lockheed Martin Corp.*, No. 06-cv-0701-MJR, 2009 WL 1973545, at *2 (S.D. Ill. July 8, 2009) (holding there was good cause to file exhibits containing information relating to an ongoing bidding process under seal because public disclosure would cause competitive harm to the parties); *Wis. Alumni Research Found. v. Apple, Inc.*, No. 14-cv-062-WMC, 2015 WL 6453837, at *2 (W.D. Wis. Oct. 26, 2015) (sealing movant's manufacturing agreements with third party companies because release of the information would "provide a competitive advantage" to movant's counterparts in future negotiations); *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, No. 07-cv-2014 (SWK), 2008 WL 199537, at *7 (S.D.N.Y. Jan. 22, 2008) (sealing documents that reveal party's negotiating strategies where their release would harm the party in future transactions); *FTC v. Qualcomm Inc.*, No. 17-cv-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (granting motion to seal because

5

information would harm third parties' "competitive standing" by "divulg[ing] terms of confidential contracts, contract negotiations, or trade secrets").

10. In addition, both Models can be manipulated to project revenues and expenses based on different assumptions and inputs. Sophisticated investors may be able to utilize the Models to evaluate under which circumstances it would be advantageous to invest in bonds issued by the Commonwealth or its instrumentalities. It would be contrary to the Oversight Board's purpose, which is to provide a method for Puerto Rico to achieve access to the capital markets (PROMESA § 101(a)), to permit the public disclosure of a document that would materially benefit sophisticated investors at the expense of individual market participants. Accordingly, unlike the publicly available financial data this Court previously held was insufficient to constitute "confidential . . . commercial information" pursuant to section 107(b)(1) in *In re Financial Oversight and Management Board for Puerto Rico*, 406 F. Supp. 3d. 180, 186-87 (D.P.R. 2019), the detailed, granular breakdown of revenues and expenses contained in DRA Confirmation Exhibits 412 and 413 are not publicly available, and would cause harm if disclosed. *See also Pittston Co v. United States*, 368 F.3d 385, 406 (4th Cir. 2004) (affirming decision to seal certain "confidential, proprietary, commercial or financial data" produced under a protective order). The Court should maintain their confidentiality and allow the Models to remain under seal.

### B. The Government Parties Do Not Object to Public Filing of DRA Confirmation Exhibits 274-277, 283-285, 287, 298-309, 325-339, 346-411 With Additional Redactions of Employee Non-Work Contact Information and Employee Ink Signatures

11. The Government Parties do not object to public filing of DRA Confirmation Exhibits 274-277, 283-285, 287, 298-309, 325-339, 346-411 provided that, in addition to the Rule 9037 redactions the Court has already required (Sealing Order at 2), the DRA Parties redact

employee non-work contact information and employee ink signatures that appear in produced financial documents, including vouchers, transfer orders, and banking documents.

12. The Protective Order provides confidentiality protection over all documents in the Plan Depository "that the Debtors consider in good faith to contain personal, proprietary, or otherwise confidential information that would have a detrimental effect on the Debtors or other third parties if it was publicly disclosed." Protective Order at 1.[6] In this highly publicized Title III proceeding, the widespread dissemination of these financial documents, together with employee non-work contact information or employee wet-ink signatures, poses a risk of fraud or identity theft warranting confidential treatment. The Court has previously permitted such redactions for similar produced financial documents. *See* Order at 4-5, ECF No. 13351 (ordering redaction of employee non-work contact information and employee signatures); Order at 3-5, ECF No. 13629 (rejecting the monolines' request to de-designate employee ink signatures despite the monolines' arguments that such signatures were elsewhere public and that redaction was burdensome). Moreover, as AAFAF explained in its prior briefing on this issue (ECF No. 13561), courts have recognized that an individual's signature is unique information that, if placed into the wrong hands, could lead to the theft of the individual's identity.[7] The fact that the filing party may experience

---

[6] The protective order under which the documents were produced similarly permits producing parties to protect materials the producing party considers in good faith "to contain … personal information (not to include names) of a proprietary nature that is not known to, or has not generally been made available to, the public or other information the disclosure of which, in the good-faith judgment of the Producing Party, would be detrimental to the conduct of the Producing Party's business or official functions." Revenue Bond Protective Order at 7.

[7] *See Korte v. Dollar Tree Stores, Inc.*, 2013 WL 2604472, at *16 (E.D. Cal. June 11, 2013) (permitting protection of signatures, as "sealing or redaction is obviously warranted" given that the public exposure would "increase[] individuals' risk of identity theft," and the information "has no relevance to the outcome of this lawsuit"); *United States v. Reyes-Romero*, 327 F. Supp. 3d 855, 870 n.3 (W.D. Pa. 2018) (redacting government employees' signatures from forms appended to the court's opinion, noting that "the publication of complete signatures could pose an identity theft issue to those involved" and that "[t]he appearance of those signatures is not germane to the

7

administrative burden in filing confidential produced documents is not a reason to de-designate confidentiality. *Pittston Co. v. United States*, 2002 WL 32158052, at *3 (E.D. Va. Oct. 2, 2002), *aff'd*, 368 F.3d 385 (4th Cir. 2004). The public, moreover, has no interest in seeing employee non-work contact information or employee ink signatures, where, as here, the employees' identities are made public and their personal information is not material to the case.[8]

### C. The Government Parties Do Not Object to Public Filing of DRA Confirmation Exhibit 269 With Additional Redactions of Partial Social Security Numbers

13. DRA Exhibit 269, column P, contains partial social security numbers. While this Court has already ordered redaction under Rule 9037 (Sealing Order at 2), which requires redaction of all but the last four digits of social security numbers, the Government Parties request that the Court order redaction of the complete social security numbers. Under the Protective Order and Revenue Bond Protective Order, the Government Parties have a good faith belief that redaction of complete social security numbers in financial documents is needed to prevent fraud or identity theft. The partial social security numbers are presented together with other identifying information, the combination of which may put individuals at risk for identity theft,

---

issues here"); *United States v. Gatto*, 2019 WL 4194569, at *8 n.64 (S.D.N.Y. Sept. 3, 2019) (finding redaction of signatures to be "routine and non-controversial," given that "the identity of the signor is disclosed" and "this is not the type of information" that the public would be interested in).

[8] *See Gatto*, 2019 WL 4194569, at *8 n.64 (permitting redaction of signatures "where the identity of the signor is disclosed"); *Hulstein v. Drug Enf't Admin.*, 671 F.3d 690, 696 (8th Cir. 2012) ("A citizen's right to be informed about their Government's actions is not fostered by disclosure of information about private citizens that reveals little or nothing about an agency's own conduct."). The public has no interest in seeing an employee's personal information that is immaterial to the merits of the case. *See Korte*, 2013 WL 2604472, at *16; *Gatto*, 2019 WL 4194569, at *8 n.64; *Reyes-Romero*, 327 F. Supp. 3d at 870; *Boggs v. United States*, 143 Fed. Cl. 508, 520 (2019).

8

notwithstanding the truncation of the social security numbers.[9] Given the social security numbers have no relevance whatsoever to plan confirmation issues, and there is no public interest whatsoever in their dissemination, the Government Parties request that the Court order full redaction of all partial social security numbers in this exhibit. *Hulstein v. Drug Enf't Admin.*, 671 F.3d 690, 696 (8th Cir. 2012) (noting that where no public interest in redacted information is presented the information should remain confidential); *United States v. Reyes-Romero*, 327 F. Supp. 3d at 870 n.3 (W.D. Pa. 2018) (redacting personal information where publication could pose a risk of identity theft and the information "is not germane to the issues here"); *Boggs v. United States*, 143 Fed. Cl. at 520 (holding that "because no comparable public interest exists" in knowing a plaintiff's personal information, "generalized harm … suffices to permit … redact[ion] [of] that information from any public filings").

## CONCLUSION

14. For the reasons set forth above, the Government Parties respectfully request that the Court permit the continued sealing of DRA Confirmation Exhibits 412-413, require the DRA Parties to publicly file DRA Confirmation Exhibits 274-277, 283-285, 287, 298-309, 325-339, 346-411 with redactions under Rule 9037 as well as redactions of employee non-work contact information and employee ink signatures, and require the DRA Parties to publicly file DRA Confirmation Exhibit 269 with redactions under Rule 9037 as well as redactions of complete social security numbers.

---

[9] *See The Importance of Protecting the Last Four Digits of Your Social Security Number* (Sept. 19, 2018), https://www.jdsupra.com/legalnews/the-importance-of-protecting-the-last-87286/.

9

Dated: November 2, 2021
      San Juan, Puerto Rico

/s/ *Peter Friedman*

John J. Rapisardi
(Admitted *Pro Hac Vice*)
**O'MELVENY & MYERS LLP**
7 Times Square
New York, New York 10036
Tel: (212) 326-2000
Fax: (212) 326-2061

Peter Friedman
(Admitted *Pro Hac Vice*)
1625 Eye Street, NW
Washington, D.C. 20006
Tel: (202) 383-5300
Fax: (202) 383-5414

Elizabeth L. McKeen
Ashley M. Pavel
610 Newport Center Drive
17th Floor
Newport Beach, California 92660
Tel: (949) 823-6900
Fax: (949) 823-6994

*Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority*

s/ *Luis C. Marini-Biaggi*
Luis C. Marini-Biaggi
USDC No. 222301
Carolina Velaz-Rivero
USDC No. 300913
**MARINI PIETRANTONI MUÑIZ LLC**
250 Ponce de León Ave.
Suite 900
San Juan, Puerto Rico 00918
Tel: (787) 705-2173
Fax: (787) 936-7494

*Co-attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority*

Respectfully submitted,

/s/ *Martin J. Bienenstock*

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
Margaret A. Dale (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

/s/ *Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

10

## CERTIFICATE OF SERVICE

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

/s/ *Hermann D. Bauer*
Hermann D. Bauer