UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

   as representative of

THE COMMONWEALTH OF PUERTO RICO
et al.,

   Debtors.[1]

-------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

ORDER CONCERNING MOTION FOR PARTIAL RECONSIDERATION OF THE ORDER ENTERED
ON OCTOBER 14, 2021 REQUESTING RELIEF REGARDING THE VOTING PROCESSES AND TO
REMEDY ERRORS IN THE SOLICITATION PACKAGES AND REQUESTING, ALTERNATIVE REMEDIES

     The Court has received and reviewed the *Motion for Partial Reconsideration of the Order Entered on October 14, 2021 Requesting Relief Regarding the Voting Processes and to Remedy Errors in the Solicitation Packages and Requesting, Alternative Remedies* (Docket Entry No. 18890, the "Reconsideration Motion") filed by certain active or former government employees (the "Movants"). Movants request reconsideration of the Court's order dated October 14, 2021 (Docket Entry No. 18496, the "October 14 Order"), which denied Movants' *Urgent Motion Requesting Relief Regarding the Voting Processes and to Remedy Errors in the Solicitation Packages and Alternative Remedies and for an Order to Extend Voting Deadline for Group Wage Claimants Included in Class 58 for 21 Days* (Docket Entry No. 18378, the "Extension Motion"), on the basis that the October 14 Order mistakenly stated that Movants had not filed a reply in support of the Extension Motion. The Reconsideration Motion also argues that the Oversight Board's failure to provide certain information to the Movants concerning the

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

administrative reconciliation procedures process is "arbitrary and capricious" and in violation of the Administrative Procedure Act. (Reconsideration Mot. at 4-8.)

The Court has reviewed the *Reply to Objection of FOMB to Urgent Motion Requesting Relief Regarding the Voting Processes and to Remedy Errors in the Solicitation Packages and Alternative Remedies and for an Order to Extend Voting Deadline for Group Wage Claimants Included in Class 58 for 21 Days and until October 25, 2021* (Docket Entry No. 18478, the "Reply") and the Reconsideration Motion, and the arguments therein do not warrant any change in the conclusions set forth in the Court's October 14 Order.

In particular, with respect to Movants' objection to the overall timing of the solicitation process and to the temporary allowance of certain claims at $1.00 for voting purposes, all parties in interest had an opportunity to be heard on those issues in connection with the Oversight Board's motion requesting approval of the disclosure statement and solicitation and voting procedures (Docket Entry No. 16756, the "Disclosure Statement Motion"). Additionally, the order approving the Disclosure Statement Motion included procedures for creditors to request temporary allowance of their claims for purposes of voting to accept or reject the proposed plan of adjustment. (See Docket Entry No. 16756 ¶¶ 39-40.)

To the extent that Movants contend that the solicitation and voting process has been carried out in a manner that is inconsistent with the Court's orders or with applicable law, the Court can address such issues if Movants or other parties in interest have raised them in connection with a timely objection to the Plan. Movants have not demonstrated cause to further modify the schedule approved by the Court three months ago, nor to reschedule the confirmation hearing scheduled to begin on November 8, 2021.

Finally, the argumentation in the Reconsideration Motion concerning the applicability of the Administrative Procedure Act (Reconsideration Mot. at 4-8) was not raised in the Extension Motion and therefore is not a proper basis for reconsideration. See Venegas-Hernandez v. Sonolux Records, 370 F.3d 183, 189-90 (1st Cir. 2004) ("[P]arties cannot use Rule 59(e) motions to raise new arguments that could have been made before judgment issued[.]").

Accordingly, the Reconsideration Motion is denied. This Order resolves Docket Entry No. 18890 in Case No. 17-3283.

SO ORDERED.

Dated: November 3, 2021            /s/ Laura Taylor Swain
           LAURA TAYLOR SWAIN
           United States District Judge