UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,
as representative of

THE COMMONWEALTH OF PUERTO RICO, et al.,

Debtors[1]

PROMESA
TITLE III
Case No. 17-BK-3283

(LTS)

[PROPOSED] ORDER GRANTING THE GROUP WAGE CREDITORS MOTION IN THE LITIGATION CAPTIONED NILDA AGOSTO MALDONADO ET ALS, FOR ALLOWANCE AND INMEDIATE PAYMENT OF PRE PETITION BACK PAY JUDGMENT AS ADMINISTRATIVE EXPENSE PRIORITY AND ACCRUED POST PETITION WAGES, PURSUANT TO § 503(b) (1) (A) (i) AND (ii) AND §507 (a)(2) OF THE BANKRUTCY CODE

Upon consideration of the Urgent Motion for Allowance and immediate payment of Administrative Expense pursuant to section 503 (b) (1) (A) (i) (ii) and 507(a) (2) of the Bankruptcy Code (the "Motion") (Docket 18277) filed by employees and former employees included in the litigation caption Nilda Agosto Maldonado et als v Family Department et als, case no. K PE 2005-0608 and the Court having found it has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA; and it

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566- LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

1

appearing that venue in this district is proper pursuant to section 307(a) of PROMESA; and the Court having found that the appearing creditors provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required; and the Court having reviewed the Motion and upon the record herein, after due deliberation thereon, the Court having found for the reasons set forth in the Motion, that good and sufficient cause exists for the granting of the relief as set forth herein, **THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Pursuant to sections 503 (b) (1) (A) (i) and (ii) and 507(a) (2) of the Bankruptcy Code, made applicable in these Title III cases, pursuant to section 301(a) of PROMESA, upon entry of this Order, the Creditor's shall have an allowed administrative expense claim as follows: (a) regarding the "ADFAN" active employee's identified in Exhibit 3 of "the Motion", the payment of the accrued "post – petition Allowed Administrative Claim" in the Commonwealth Title III case, as individually determined, for the total amount of $ 148,498.00 (The "Administrative Expense post-petition Claim") and (b) in regards the accrued pre-petition back pay by the individual claimants from the Family Department and its administrations (Secretariado, ADFAN, ADSEF, ACUDEN and ASUME and the ARV) the Debtor Family Department and its administrations, and the Vocational Rehabilitation Administration,(ARV) in these Title III case, shall pay claimants the corresponding individual pre-petition back pay, in accordance to the schedule included as Exhibit 4, collectively in the amount of $34,243,964.57

3. The Creditor's Allowed Administrative Claim shall be treated and entitled to payment in full in cash pursuant to the terms governing the payment of all administrative expense claims under the Seventh Amended Plan or any other plan of adjustment confirmed in these Title III case, or as otherwise required by applicable law.

4. Notwithstanding any applicability of any Bankruptcy Rule to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5. To the extent required, the Commonwealth and the FOMB, as the Commonwealth's representative in these Title III cases, are authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this Order in accordance with the Motion and without further order of this Court.

6. The Court shall retain exclusive jurisdiction to hear and determine any and all disputes related to or arising from the implementation, interpretation, and enforcement of this Order.

7. This Order resolves Docket Entry No. 18277 in Case No. 17-3283

Dated: _____          _____
                                                                              LAURA TAYLOR SWAIN
                                                                              United States District Judge