# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| ASOCIACIÓN DE MAESTROS PUERTO RICO and ASOCIACIÓN DE MAESTROS DE PUERTO RICO-LOCAL SINDICAL,<br><br>    Movants,<br><br>v.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Respondent. | Re: ECF No. 19031 |

## OBJECTION OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD TO AMPR'S PRETRIAL INFORMATIVE MOTION

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Court Judge Laura Taylor Swain:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Public Buildings Authority ("PBA"), and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," and, together with the Commonwealth and PBA, the "Debtors") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submits this objection (this "Objection") to the untimely *Pretrial Informative Motion* [ECF No. 19031] (the "AMPR Informative Motion") filed by the Asociación de Maestros Puerto Rico and the Asociación de Maestros de Puerto Rico-Local Sindical (collectively, "AMPR"). In support of this Objection, the Oversight Board respectfully states as follows:

## Objection

1. On October 14, 2021, this Court entered the *Order Regarding Procedures for Hearing on Confirmation of Plan of Adjustment* [ECF No. 18502] (the "Procedures Order"),[3] setting forth clear procedures and deadlines for participation in the upcoming Confirmation Hearing. Specifically, pursuant to paragraph 4(a) of the Procedures Order, parties wishing to participate in the Confirmation Hearing "must register an appearance by filing a Pretrial Informative Motion, no later than **October 27, 2021 at 1:00 p.m. (Atlantic Standard Time)**." Procedures Order ¶ 4(a) (emphasis in original). In those Pretrial Informative Motions, parties were required to identify, among other things, "(c) whether the Party wishes to present opening

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

[3] Capitalized terms used but not defined herein shall have the meanings given to them in the Procedures Order.

2

argument in support of or in opposition to confirmation of the Plan of Adjustment, and (d) if the Party contends there is a disputed material factual issue and wishes to cross-examine any declarant." *Id*. Further, parties wishing to cross-examine any declarant or present testimony were required to "identify in the Pretrial Informative Motion (1) the [Witness(es)], (2) the factual issue(s) to which the proposed cross-examination or testimony relates, (3) the subject matter of the testimony and its relevance to the factual issue(s), and (4) the time requested for such examination or testimony." *Id*.

2. AMPR did not file a Pretrial Informative Motion by the October 27 deadline, request an extension of that deadline, or otherwise indicate at the time its intent to participate in the Confirmation Hearing, much less to cross-examine any witness or present argument or its own witnesses. Instead, for the first time, on November 2, 2021, counsel to AMPR informed counsel to the Oversight Board that AMPR wants to participate in opening argument and cross-examine certain Oversight Board witnesses. Counsel to the Oversight Board responded by email that "[p]arties who wish to argue and cross examine witnesses were required to file an informative motion by last Wednesday," attaching a copy of the Procedures Order. Then, on November 3, 2021, a full week after the October 27 deadline and just a few days before the commencement of the Confirmation Hearing, AMPR filed the AMPR Informative Motion.[4]

3. The AMPR Informative Motion does not provide any of the information required by this Court's Procedures Order. It does not identify the witnesses AMPR wishes to cross-examine, the subject matter of the testimony or factual issues to which it relates, or the time requested for cross-examination. *See* Procedures Order ¶ 4(a). Instead, it merely states "AMPR

---

[4] The signature block and certificate of service contained in the AMPR Informative Motion are dated October 26, 2021. Whatever the reason that date appears, the Motion was not filed until November 3.

3

wishes to reserve its right to cross-examine any declarant at the Confirmation Hearing." AMPR Informative Motion ¶ 4. Likewise, the Witness Cover Sheet attached as Exhibit B to the AMPR Informative Motion, which pursuant to the Procedures Order must list any witnesses a party intends to examine (*see* Procedures Order ¶ 5), lists no witnesses. Further, the AMPR Informative Motion does not contain any justification for AMPR's failure to meet the October 27 deadline or provide any reason why it should be excused, retroactively, from complying with that deadline. Rather, AMPR merely requests that the Court accept it despite the fact that it was untimely filed.

4. The AMPR Informative Motion, if granted, would not allow the Oversight Board to appropriately prepare its witnesses for cross-examination, as it lacks the information related to cross-examination required by the Procedures Order. The week-late filing of the AMPR Informative Motion, if granted, would also prejudice the Oversight Board and its counsel and witnesses, who are already occupied with addressing issues raised by other parties who ***timely*** filed their Pretrial Informative Motions.

5. AMPR may argue recent events, including the passage of Act 53-2021 and the *Urgent Motion of the Financial Oversight and Management Board for Puerto Rico for Order (I) Approving Form of Notice of Rulings the Oversight Board Requests at Confirmation Hearing Regarding Act 53-2021 and (II) Scheduling Objection Deadline* [ECF No. 19002], justify the belated submission of the AMPR Informative Motion. Such an argument would be unavailing because the provisions of Act 53-2021 pursuant to which there will be no pension cuts ***help*** AMPR's members. Thus, none could credibly claim prejudice as a result. Moreover, in light of the *Order (I) Approving Form of Notice of Rulings the Oversight Board Requests at Confirmation Hearing Regarding Act 53-2021 and (II) Scheduling Objection Deadline* [ECF No. 19017], AMPR will have whatever opportunity it needs to pursue any interest in being heard with respect to Act

53-2021. However, AMPR is not entitled to use this process as an after the fact justification to submit the AMPR Informative Motion a week late, seeking to present opening argument and to cross-examine unidentified witnesses on undisclosed topics throughout the Confirmation Hearing.

6. Accordingly, the Oversight Board respectfully requests the Court deny the AMPR Informative Motion in its entirety.

**WHEREFORE**, the Oversight Board respectfully requests the Court take notice of the foregoing and deny the requests set forth in the AMPR Informative Motion.

| | |
|---|---|
| Dated: November 4, 2021<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>/s/ Martin J. Bienenstock<br>Martin J. Bienenstock<br>Brian. S. Rosen<br>(Admission *Pro Hac Vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br><br>*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*<br><br>/s/ Hermann D. Bauer<br>Hermann D. Bauer<br>USDC No. 215205<br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel: (787) 764-8181<br>Fax: (787) 753-8944<br><br>*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors* |