UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,

as representative of

THE COMMONWEALTH OF PUERTO RICO et al.,

Debtors.[1]

------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

ORDER CONCERNING THE ASOCIACIÓN DE MAESTROS DE PUERTO RICO AND ASOCIACIÓN DE MAESTROS DE PUERTO RICO-LOCAL SINDICAL'S MOTION FOR LEAVE TO REQUEST SUBSTITUTION OF ATTACHMENT FILED IN ERROR

The Court has received and reviewed the *Asociación de Maestros de Puerto Rico and Asociación de Maestros de Puerto Rico-Local Sindical's Motion for Leave to Request Substitution of Attachment Filed in Error at Docket No. 18757 for Attachment Filed at Docket No. 19031 AMPR's Pretrial Informative Motion of October 26, 2021* (Docket Entry No. 19038

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

in Case No. 17-3283, the "Motion")[2] filed by the Asociación de Maestros de Puerto Rico and Asociación de Maestros de Puerto Rico-Local Sindical ("AMPR"), and the *Objection of Financial Oversight and Management Board to AMPR's Pretrial Informative Motion* (Docket Entry No. 19073, the "Opposition"), filed by the Financial Oversight and Management Board (the "Oversight Board"). Through the Motion, AMPR seeks leave to participate in the Confirmation Hearing[3] through a contemporaneously filed Pretrial Informative Motion. (Docket Entry No. 19031, the "Pretrial Informative Motion").

On October 26, 2021, AMPR filed a document with the docket text "Motion Submitting Pretrial Informative Motion Re: 18502 Order." (Docket Entry No. 18757, the "Original Filing"). AMPR alleges the file uploaded in the Original Filing was intended to be a Pretrial Informative Motion; however, the document filed to the docket is an *Objection of Asociación de Maestros de Puerto Rico and Asociación de Maestros de Puerto Rico-Local Sindical to Confirmation of the Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et. al.* (Mot. ¶ 1). The Oversight Board objects to AMPR's participation in the Confirmation Hearing because AMPR's Pretrial Informative Motion is untimely, and requests that the Court deny the relief requested in the Motion. (Obj. ¶ 6).

The Pretrial Informative Motion does not comply with the *Second Amended Order Regarding Procedures for Hearing on Confirmation of Plan of Adjustment* (Docket Entry No. 19012, the "Procedures Order"), insofar as AMPR provided insufficient disclosures to

---

[2] All docket entry numbers referenced herein pertain to Case No. 17-3283, unless specified otherwise

[3] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

warrant entitlement to cross-examination of a witness at the Confirmation Hearing. The Procedures Order requires a party intending to cross-examine a witness to disclose "(1) the [Remote Witness(es)], (2) the factual issue(s) to which the proposed cross-examination or testimony relates, (3) the subject matter of the testimony and its relevance to the factual issue(s), and (4) the time requested for such examination or testimony." In this regard, the Pretrial Informative Motion does not comply with the Procedures Order and its general reference to reservation of a right to cross-examine witnesses is, to the extent it is meant to suggest that AMPR seek to cross-examine witnesses, prejudicial to the Oversight Board and potentially other parties. The Pretrial Informative Motion was also, as the Oversight Board noted, filed untimely, but the Court concludes that a small allocation of oral argument time for AMPR, which has filed an objection to the plan, is warranted. Accordingly, it is hereby ORDERED that:

1. AMPR is granted limited participation in the Confirmation Hearing insofar as counsel to AMPR may only provide opening and closing argument.

2. The Court amends the Procedures Order to allocate an additional 20 minutes for opening arguments (split evenly between proponents and opponents of the Plan of Adjustment). Thus, AMPR is granted a maximum of 10 minutes to present opening argument and the proponents of the Plan are granted an additional 10 minutes to present argument.

3. The Oversight Board is directed to file promptly an amended *Joint Informative Motion Regarding Participation in Opening Statements* that takes into account the additional time allocations and reflects the order in which counsel will argue.

4. This Order resolves Docket Entry No.19038 in Case No. 17-3283.

SO ORDERED.

Dated: November 5, 2021

   /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge