# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | No. 17 BK 3283-LTS |
| As representative of | (Jointly Administered) |
| THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEE'S RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY, | |
| Debtors. | |

**REPLY TO "OMNIBUS REPLY OF THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEE'S RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY TO OBJECTIONS TO SEVENTH AMENDED TITLE III JOINT PLAN OF ADJUSTMENT" (DKT. 18,874)**

Dated:   November 5, 2021

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ....................................................................................ii-iv

**I.  SUMMARY OF THE ARGUMENT** ............................................................1

**II.  DISCUSSION**.................................................................................... 1-8

    **A.  There is no difference between types of "taking" claims and none of them can be discharged**……………………………………....…...1-3

    **B.  Taking claimants have a constitutionally protected right to just compensation while Sec. 1983 claimants do not**………………………..4-5

    C. The cases cited and relied upon by the FOMB are not applicable or simply incorrectly interpreted………………………………………...5-8

**III.  CONCLUSION**…………………………………………………………...8

# TABLE OF AUTHORITIES

**United States Supreme Court**

Americredit Fin. Servs. v. Nichols (In re Nichols), 440 F.3d 850, 854 (6th Cir. 2006)……………………………………………………………………….5-6

Bank of N.Y. v. Treco (In re Treco), 240 F.3d 148 (2d Cir. 2001)………………..5

First English Evangelical Lutheran Church of Glendale v. County of Los Angeles, 482 U.S. 304 (1987).................................................................................. 6, 7, & 8

Knick v. Township of Scott, 139 S.Ct. 2162 (2019) ................................... 5, 7, & 8

Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555 (1935)........................7

Palazzolo v. Rhode Island, 533 U.S. 606 (2001).......................................................2

San Diego Gas & Elec. Co. v. San Diego, 450 U. S. 621, 654, 657, 101 S. Ct. 1287, 67 L. Ed. 2d 551)……………………………………………………………7

Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank, 473 U.S. 172 (1985).7

**United States Constitution**

Fifth Amendment; Takings Clause of the Constitution of the United States..1, 3, 4, 5, 6, & 8

**United States Circuit Court of Appeals for the First Circuit**

Fideicomiso de la Tierra del Caño Martín Peña v. Fortuño, 604 F.3d 7 (1st Cir. 2010) ........................................................................................................1

Tenoco Oil Co., Inc. v. Department of Consumer Affairs, 876 F.2d 1013 (1st Cir. 1989) ........................................................................................................1

**Federal Laws**

11 U.S.C. § 523............................................................................................................3

11 U.S.C. §1983……………………………………………………….…..4, 5, & 6

Title III of PROMESA 48 U.S.C. §§ 2164............................................................3

**Other Federal Case Law**

In re Ashe, 712 F.2d 864 (3d Cir. 1983)……………………………………….…5

In re City of Detroit, 524 B.R. 147 (E.D. MI. 2014) ......................................... 2 & 4

In re Stockton, 909 F.3d 1256 (9th Cir. 2018)…………...…………………...6-7

**TO THE HONORABLE COURT:**

**COMES NOW** creditor Suiza Dairy Corp. ("Suiza"), through the undersigned counsel and most respectfully states, alleges and prays as follows:

## II.   SUMMARY OF THE ARGUMENT

In its Omnibus Reply, the FOMB attempts to defend the untenable proposition that the Plan can discharge claims based on the Fifth Amendment of the U.S. Constitution, specifically the taking of Suiza's property by the Commonwealth, through one of Instrumentalities. Said contention is ludicrous on its face. Taken to an extreme, this would allow a government entity to take, for public use, whatever private property it desired and then file for bankruptcy protection and discharge all the obligations and right its finances at the expense of the property of its citizens.

To support its contention, the FOMB raises a slew of different and sometimes contradictory arguments and citations. We shall address them separately herein.

## III.   DISCUSSION

### A.   There is no difference between types of "taking" claims and none of them can be discharged:

The Takings Clause of the Fifth Amendment mandates that "private property [shall not] be taken for public use, without just compensation."[1] This amendment is applicable to the Commonwealth of Puerto Rico.[2] There is no controversy in that

---

[1] U.S. Const. amend. V.
[2] *See* Tenoco Oil Co., Inc. v. Department of Consumer Affairs, 876 F.2d 1013, 1017 n. 9 (1st Cir. 1989). *See also* J. Torruella concurring opinion in Fideicomiso de la Tierra del Caño Martín Peña v. Fortuño, 604 F.3d 7, 20 n. 11 (1st Cir. 2010).

1

regard, and the FOMB does not contest this. But the FOMB would have the Court believe that there are different types of takings that maybe treated differently.

Nowhere in any case cited by the FOMB is there a distinction between different types of government takings, *to wit* between: (i) classic taking claim (takes the property and deposits funds), (ii) deficiency takings claim (deposits insufficient funds), (iii) inverse condemnation claim (taking property without any payment or impairs the use of a property) or (iv) a regulatory taking claim (a regulation that impairs the property rights of a citizen). In fact, the Detroit Court ruled "*[a]lthough [the taking] claims differ in their procedural postures, the distinction is irrelevant here as both suits seek just compensation.*"[3]

While it is clear that a taking has occurred when the government takes private land for its own use, the Supreme Court has recognized that other government actions which affect the use of private property constitute a taking.[4] These limitations imposed upon private property are known as "regulatory takings".[5]

Notwithstanding, under the FOMB's rational, only those who received some prior compensation for their property (a classic taking) will be fully compensated under the plan.[6] If the Commonwealth did not deposit enough funds in the Court of First Instance to provide "just compensation" (deficiency taking claims) or simply

---

[3] In re City of Detroit, 524 B.R. 147, 267 (E.D. MI. 2014)
[4] Palazzolo v. Rhode Island, 533 U.S. 606, 617 (2001).
[5] Id.
[6] "It is only claims for additional money payment that are being adjusted in the Plan" (See, Dkt. 18,874, at p. 43).

2

did not provide compensation (as is the case of reverse condemnation actions and regulatory takings), then the claims can somehow be discharged. The FOMB does not provide a rationale for this, except to state that these claims are "unsecured". (See, Dkt.18,874, at p. 46). Even if the claims are simply unsecured, and they are not, they are still constitutionally protected by the Fifth Amendment.[7]

The FOMB incorrectly asserts that "[i]t is only claims for additional money payment that are being adjusted in the Plan." (What we characterize as deficiency taking claims.) This is incorrect. The Plan is also affecting reverse condemnation claims[8] and regulatory taking claims[9] that are in process or that have final judgments.

The FOMB attempts to whitewash this fact by stating that those claims are somehow dischargeable simply because they are "unsecured". But the fact that a claim is unsecured does not make it dischargeable by itself. To the contrary, the Bankruptcy Code exempts nineteen types of *unsecured* debts from discharge.[10] PROMESA itself exempts from discharge several types of unsecured claims.[11]

The FOMB's contention that just because a claim is unsecured it can be discharged is incorrect on its face. A claim that requires compensation under the U.S. Constitution may not be discharged, be it classified as unsecured or not.

---

[7] The takings claims provide a ***right to compensation***.
[8] See Objection by Finca Matilde, at Dkt.18566 (17-03286); See Objection by Demetrio Amador, Inc. (and others), at Dkt.18582 (17-03286); Objection by Sucn. Frank Torres Ortiz (and others), at Dkt.18565; Objection by Lorty-Ta Ltd (and others), at Dkt.18564.
[9] Objection by Suiza Dairy, Inc., at Dkt.18593 (17-03286).
[10] 11 U.S.C. §523.
[11] 48 USC 2164.

3

**B. Taking claimants have a constitutionally protected right to just compensation while Sec. 1983 claimants do not:**

The only right that consists of compensation under the U.S. Constitution is in the Fifth Amendment. This was clearly established and explained by the Court in In re City of Detroit.[12] The FOMB attempts to cast doubt on the rulings of the Court in Detroit by asserting that it ruled that "all claims arising from the Due Process Clause of the Fourteenth Amendment" were dischargeable, while holding that the takings claims were non-dischargeable "*[w]ithout explanation*". This is incorrect, at best. The Detroit Court was clear in ruling that "*a §1983 claim for damages **is statutory***".[13] It also held that the Supreme Court in "*Monell recognized **that §1983, not the Constitution**, provides the right to compensation against municipalities*" for other types of constitutional violations.[14] On the other hand, the Detroit Court clearly explains that the "*Supreme Court has consistently held that bankruptcy laws are subject to the prohibition against governmental taking of private property without just compensation.*"[15] The Court then concluded that "*all that matters under the Fifth Amendment is that the owner of private property must be justly compensated if that property was taken for public use, whenever and however that*

---

[12] In re City of Detroit, *supra*.
[13] In re City of Detroit, *supra* at 264. [Emphasis added].
[14] Id, at 264. [Emphasis added].
[15] Id, at 268.

4

*taking occurred*"[16] and if "*confirmed, this plan would deny that just compensation.*"[17]

The FOMB claims that the Fifth Amendment right to just compensation against states is somehow inferior, because the Fifth Amendment applies to states through the Due Process Clause of the Fourteenth Amendment. Although it is true that the Fifth Amendment applies to the states through the Due Process language of the Fourteenth Amendment, once activated, the Fifth Amendment still requires just compensation. Not one case cited by the FOMB supports the idea that the Fifth Amendment protection against the states is less effective than against the U.S.A.

In sum, there is no **_constitutional_** right to compensation for the violation of other constitutional rights. Compensation stems from §1983, a statute that may be impaired by bankruptcy. On the other hand, the Constitution specifically requires just compensation for government takings under the Fifth Amendment.

### C.   The cases cited and relied upon by the FOMB are not applicable or simply incorrectly interpreted:

The FOMB cites several cases in an attempt to support its contentions. Two are simply inapplicable.[18] Americredit, 440 F.3d 850, 854 (6th Cir. 2006), is not only distinguishable, but clearly holds that "*[t]he power of the bankruptcy laws,*

---

[16] It should be noted that, as explained herein-below, this exactly what the Supreme Court recently ruled in Knick v. Township of Scott, *supra.*
[17] Id, at 268.
[18] Bank of N.Y. v. Treco (In re Treco), 240 F.3d 148 (2d Cir. 2001) (Specifically refused to address the issue at hand and is thus, at best, *dicta*.); In re Ashe, 712 F.2d 864 (3d Cir. 1983) (Deals with whether a judicial lien is property for purposes of the Fifth Amendment, and is thus not applicable either.)

5

*however, is subject to the Fifth Amendment's prohibition against taking property without just compensation."*[19] Thus, Amiricredit support our contentions, not the FOMB's. Id.

The FOMB then cites a series of cases holding §1983 claims are dischargeable and incorrectly concludes that takings claims are dischargeable also.[20] In truth, monetary claims under §1983 stem from a statute while takings claims are based in the constitutional requirement for just compensation.[21] See also, *supra,* p. 4-6.

The FOMB relies heavily on the case of In re City of Stockton, 909 F.3d 1256 (9th Cir. 2018). The problem is that Stockton rulings on the matter at hand are (i) *dicta* - the case was dismissed on equitable mootness grounds[22], (ii) it is clearly distinguishable, and (iii) is partially overruled by Knick. Let us examine.

In Stockton, the majority concluded that Cobb had requested the confirmation be overturned and the case dismissed. But the Plan had been consummated, Cobb did not seek stay of the proceedings and reversing the confirmation would harm innocent third parties. The Court also held that Cobb did not state in its proof of claim that his claim was under the Fifth Amendment and did not object to the Disclosure Statement. Suiza is not requesting dismissal, but that its claim be

---

[19] Americredit Fin. Servs. v. Nichols (In re Nichols), 440 F.3d 850, 854 (6th Cir. 2006).
[20] See, Dkt.18,874, at p. 45-46.
[21] First English Evangelical Lutheran Church v. County of Los Angeles, 482 U.S. 304, 315 (1987) ("[T]he [Supreme] Court has frequently repeated the view that, in the event of a taking, the compensation remedy is required by the Constitution.").
[22] Id, at 1256 ("[W]e dismiss his appeal as equitably moot.").

6

declared non-dischargeable. Suiza also objected to the DS and clearly stated that its claim arose from the U.S. Constitution. Thus, Stockton, is clearly distinguishable.

In Stockton, the Court ruled that Cobb's "inverse condemnation claim remain(s) unadjudicated and unproven", that he had "a very steep hill to climb in his action for greater compensation in the California courts"[23] and had relinquished any property interest. On the other hand, Suiza has a firm and final judgment granting just compensation. Stockton also relied on the old and overruled theory that a federal takings claim was not ripe until it is denied by the State. In Knick, the Supreme Court specifically overturned said theory and stated that "once there is a taking, compensation must be awarded."[24] Stockton also has a strong dissent that is in line with the rulings in Detroit and our own arguments. Id, at 1269.

Finally, the FOMB clearly misinterprets Knick v. Township of Scott, supra. The FOMB seems to understand that the Detroit is not good law because it was based partly on the cases overruled by Knick.[25] The problem is that Knick overruled those cases in-as-much as they required that a plaintiff extinguish state-side remedies ***prior*** to having a taking's claim under the U.S. Constitution.[26] Said rulings actually

---

[23] Id, at 1261.
[24] Knick v. Township of Scott, *supra*, 2172 (*quoting*, First English Evangelical Lutheran Church of Glendale v. County of Los Angeles, *supra* and San Diego Gas & Elec. Co. v. San Diego, 450 U. S. 621, 654, 657, 101 S. Ct. 1287, 67 L. Ed. 2d 551).
[25] Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank, 473 U.S. 172 (1985) and Louisville Joint Stock Land Bank, 295 U.S. 555 (1935).
[26] Knick v. Township of Scott, 2170 ("Contrary to Williamson County, a property owner has a claim for a violation of the Takings Clause as soon as a government takes his property for public use without paying for it… Williamson County had a different view of how the Takings Clause works. According to Williamson County, a taking does not give rise to a federal constitutional right to just compensation at that time, but instead gives a right to a state law procedure that will eventually

7

strengthen the Detroit ruling and our own contentions. Knick clearly states that "*because of the **self-executing character** of the Takings Clause with respect to compensation, a property owner has a **constitutional claim for just compensation at the time of the taking**.*"[27]

## IV. CONCLUSION

The FOMB has no real basis to support its argument that takings claims constitutionally protected by the Fifth Amendment are dischargeable. As Knick explained, "*a **property owner acquires an irrevocable right to just compensation** immediately upon a taking*."[28] The FOMB simply does not want to accept that the Supreme Court has consistently and vehemently stated that "*in the event of a taking, the **compensation remedy is required by the Constitution***."[29] [Emphasis added] "*[O]nce there is a taking, **compensation must be awarded***." [30] [Emphasis added]

**WHEREFORE**, Suiza most respectfully prays that the court DENY confirmation of the Seventh Plan of Adjustment, absent an amendment to the same classifying Suiza's claim as a non-dischargeable claim subject to a 100% distribution under the Plan, and surviving these proceedings.

---

result in just compensation. As the Court put it, if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the [Takings] Clause until it has used the procedure and been denied just compensation.")
[27] Id, (*citing*, First English Evangelical Lutheran Church of Glendale v. County of Los Angeles, *supra*.) *[Emphasis added]*
[28] Id, (*citing*, First English Evangelical Lutheran Church of Glendale v. County of Los Angeles, *supra*) *[Emphasis added]*
[29] First English Evangelical Lutheran Church of Glendale v. County of Los Angeles, *supra*, 316.
[30] Knick v. Township of Scott, *supra*, 2172 (*quoting*, First English Evangelical Lutheran Church of Glendale v. County of Los Angeles, *supra* and San Diego Gas & Elec. Co. v. San Diego, 450 U. S. 621, 654, 657, 101 S. Ct. 1287, 67 L. Ed. 2d 551 (1981)).

8

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that this motion was electronically filed with the Court using the CM/ECF system which will notify the filing by electronic means to all parties of record.

By: /s/ *Rafael A. Gonzalez Valiente*
USDC NO. 225209
*Counsel for Suiza Dairy*

**Godreau & Gonzalez Law, LLC**
PO Box 9024176
San Juan, PR 00902-4176
Telephone: 787-726-0077
*rgv@g-glawpr.com*