# Debtors' Ex. 141
# (Part 1 of 4)

# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*

        Debtors.[1]

------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

## AFFIDAVIT OF PUBLICATION AND RADIO ADVERTISEMENTS

I, Christina Pullo, declare and state as follows:

1.     I am a Managing Director, Head of Corporate Actions at Prime Clerk LLC
("***Prime Clerk***"), the Solicitation, Notice, and Claims Agent for the Debtors in the above-captioned
cases under Title III of the Puerto Rico Oversight, Management, and Economic Stability Act
(PROMESA).

*[Remainder of Page Intentionally Left Blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4)
digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico
(Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax
Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID:
8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS)
(Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the
Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax
ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last
Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case
No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy
Case numbers due to software limitations).

2. This Affidavit of Publication includes verification that the *Notice of (I) Approval of Disclosure Statement, (II) Establishment of Record Dates, (III) Hearing on Confirmation of the Plan of Adjustment and Procedures for Objection to Confirmation of the Plan of Adjustment, (IV) Procedures and Deadline for Voting on the Plan of Adjustment and Making Certain Elections Thereunder* (the "**Notice of Confirmation Hearing**") was published on September 1, 2021 in the National Edition of *The New York Times* and in *Bond Buyer* as described (respectively) on **Exhibit A** and **Exhibit B** attached hereto.

3. This Affidavit of Publication includes verification that the *Notificación de (I) la Aprobación de la Declaración de Divulgación, (II) el Establecimiento de las Fechas de Registro, (III) la Vista de Confirmación del Plan de Ajuste y los Procedimientos de Objeción a la Confirmación del Plan de Ajuste, (IV) los Procedimientos y la Fecha Límite para Votar Sobre el Plan de Ajuste y la Realización de Determinadas Elecciones en Virtud de Dicho Voto* (the "**Notice of Confirmation Hearing (ES)**") was published on September 1, 2021 in *El Nuevo Herald*; *El Diario NY*; *El Nuevo Dia*; *El Vocero de Puerto Rico*; and *Primera Hora* as described (respectively) on **Exhibit C** through **Exhibit G** attached hereto.

4. This Affidavit of Publication includes verification that the Notice of Confirmation Hearing was published on September 2, 2021 in *Caribbean Business* as described on **Exhibit H** attached hereto.

5. This Affidavit of Publication includes verification that the *Notice of Confirmation Hearing* was published on September 15, 2021 in the National Edition of *The New York Times* and in *Bond Buyer* as described (respectively) on **Exhibit I** and **Exhibit J** attached hereto.

6.      This Affidavit of Publication includes verification that the Notice of Confirmation Hearing (ES) was published on September 15, 2021 in *El Nuevo Herald*; *El Diario NY*; *El Nuevo Dia*; *El Vocero de Puerto Rico*; and *Primera Hora* as described (respectively) on **Exhibit K** through **Exhibit O** attached hereto.

7.      This Affidavit of Publication includes verification that the Notice of Confirmation Hearing was published on September 16, 2021 in *Caribbean Business* as described on **Exhibit P** attached hereto.

8.      This Affidavit of Publication includes verification that the Notice of Confirmation Hearing was published on September 29, 2021 in the National Edition of *The New York Times* and in *Bond Buyer* as described (respectively) on **Exhibit Q** and **Exhibit R** attached hereto.

9.      This Affidavit of Publication includes verification that the Notice of Confirmation Hearing (ES) was published on September 29, 2021 in *El Nuevo Herald*; *El Diario NY*; *El Nuevo Dia*; *El Vocero de Puerto Rico*; and *Primera Hora* as described (respectively) on **Exhibit S** through **Exhibit W** attached hereto.

10.      This Affidavit of Publication includes verification that the Notice of Confirmation Hearing was published on September 30, 2021 in *Caribbean Business* as described on **Exhibit X** attached hereto.

11.     Further, Prime Clerk received confirmation that a total of seventy-two (72) sixty-second (60-second) radio advertisements aired during the periods from (i) August 29, 2021 up to and including September 4, 2021; (ii) September 12, 2021 up to and including September 18, 2021; and (iii) September 26, 2021 up to and including October 2, 2021, on (a) WMEG FM (contemporary hit radio) in Spanish and (b) WKAQ AM (Spanish language talk radio) in Spanish, informing listeners of (i) the approval of the Disclosure Statement[2] and the scheduling of the Confirmation Hearing, (ii) the date by which Confirmation Objections must be filed and served, (iii) the Voting Deadline and the Election Deadline, and (iv) an information hotline to receive certain additional information.

*[Remainder of Page Intentionally Left Blank / Signature Page to Follow]*

---

[2]     Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Plan, Disclosure Statement Order, or Notice of Confirmation Hearing.

12.     I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct and that, if called as a witness, I could and would competently testify thereto.

Dated: October 22, 2021

                                        _/s/Christina Pullo_
                                        Christina Pullo

State of New York
County of New York

Subscribed and sworn (or affirmed) to me on October 22, 2021, by Christina Pullo, proved to me on the basis of satisfactory evidence to be the person who executed this affidavit.

_/s/ Liz Santodomingo_
Notary Public, State of New York
No. 01SA6301250
Qualified in New York County
Commission Expires April 14, 2022

# Exhibit A

*The New York Times*

**(September 1, 2021)**



620 8TH AVENUE · NEW YORK, NY 10018

# PROOF OF PUBLICATION

Sep-29,  **20**21

I, Edgar Noblesala, in my capacity as a Principal Clerk of the Publisher of *The New York Times* a daily newspaper of general circulation printed and published in the City, County and State of New York, hereby certify that the advertisement annexed hereto was published in the editions of *The New York Times* on the following date or dates, to wit on

Sep 1, 2021, NYT & Natl, pg B3, -- Sep 15, 2021, NYT & Natl, pg B3

Sep 29, 2021, NYT & Natl, pg B3

Sworn to me this 29th day
of September, 2021

*Ellen Herb*

Notary Public

Ellen Herb
Notary Public, State of New York
No. 01HE6163785
Qualified in New York County
Commission Expires April 2, 2023

MEDIA

# Sony Announces Departure of Richards as Executive Producer of 'Jeopardy!'

FROM FIRST BUSINESS PAGE

quit the hosting job on Aug. 20, days after a report by The Ringer revealed offensive and sexist comments he had made on a podcast several years ago, the latest in a series of scandals that tarred his brief tenure.

Top executives at Sony had initially signaled support for Mr. Richards to stay on as executive producer even after he stepped down as host. But they eventually came to believe his continued presence would be untenable, according to a person with knowledge of the matter, who requested anonymity to describe sensitive internal discussions.

Crew members confronted Mr. Richards on Aug. 19 in an emotional meeting, where they expressed dismay at his past behavior and said it had imperiled the show's reputation. An all-hands call last week that included Mr. Richards left some staff members demoralized. Some "Jeopardy!" fans also said they were confused as to why Mr. Richards was being allowed to stay on behind the scenes.

A final decision was made over the weekend, the person said.

Mr. Richards is in contact with the powerful Hollywood lawyer Bryan Freedman about negotiating his exit from Sony, according to a person familiar with the discussions. Mr. Freedman also represented the former NBC News anchor Megyn Kelly and Chris Harrison, the former host of "The Bachelor," after their own abrupt ousters.

Mr. Richards taped one week's worth of "Jeopardy!" episodes in a single day of filming before Sony announced that he had ceded the hosting job. (Those episodes are still set to air the week of Sept. 13.) The sitcom star Mayim Bialik is expected to remain as the host of "Jeopardy!" prime-time specials, but Sony has said it would resume the search for a replacement for Mr. Trebek's weeknight slot. Ms. Bialik will be the first guest host of the regular program in place of Mr. Richards.

The competition to replace Mr. Trebek, who died in 2020 after serving as the show's host for 37 years, captivated "Jeopardy!" fans and featured a parade of potential successors including the former contestant Ken Jennings and the actor LeVar Burton.

But it was Mr. Richards who won out, despite having virtually no name recognition among viewers and the fact that, as the show's executive producer, he had overseen elements of the replacement process. Old lawsuits also resurfaced from Mr. Richards's last job running "The Price Is Right" that included accusations of sexist behavior.

"Jeopardy!" first aired in 1964 and became a beloved TV institution that still draws millions of weekly viewers. The furor surrounding Mr. Richards pierced the show's above-the-fray reputation, long cultivated by the understated Mr. Trebek, and subjected it to intense debates about diversity, privilege and behavior in the modern workplace.

JEOPARDY!

CAROL KAELSON, VIA REUTERS

Mike Richards is exiting "Jeopardy!" less than two weeks after he stepped down as host to replace Alex Trebek.

Sony's leadership was also facing scrutiny for the mess. "Jeopardy!" had been a reliable jewel in the studio's television portfolio, quietly earning tens of millions of dollars in annual revenue. But its messy succession drama roiled fans and raised questions about why Sony had not discovered Mr. Richards's past offensive behavior before naming him as the new host.

The report in The Ringer revealed offensive comments Mr. Richards made on a podcast, including a 2013 episode where Mr. Richards called his female co-host a "booth slut" because she once worked as a model at a consumer show in Las Vegas. He described women who wear one-piece swimsuits as looking "really frumpy and overweight" and referred to stereotypes about Jews and large noses, prompting outrage from the Anti-Defamation League.

Mr. Richards, in a memo to the "Jeopardy!" staff on Aug. 20 announcing he would step down as host, wrote that "it pains me that these past incidents and comments have cast such a shadow on 'Jeopardy!' as we look to start a new chapter."

He closed the memo by writing, "I know I have a lot of work to do to regain your trust and confidence."

One prominent former contestant, James Holzhauer, who first appeared on "Jeopardy!" in 2019, seemed to rejoice on social media at the news of Mr. Richards's exit, suggesting that he might not have even watched the show if Mr. Richards had remained involved.

Andy Saunders, who runs the website The Jeopardy! Fan, said on Tuesday that he was relieved and hopeful that peace might be restored at the game show.

"Its reputation has taken a bit of a hit over the past few weeks," he said in an interview. "I'm really looking forward to being able to move on from this. And I'm hopeful that the show has learned from what's happened."

It's playtime.

Try the Crossword, the Mini, Spelling Bee and more from anywhere.
nytimes.com/games

The New York Times Games

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

In re:
THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,
as representative of
THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,
Debtors.[1]

PROMESA
Title III
No. 17 BK 3283-LTS
(Jointly Administered)

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT, (II) ESTABLISHMENT OF RECORD DATES, (III) HEARING ON CONFIRMATION OF THE PLAN OF ADJUSTMENT AND PROCEDURES FOR OBJECTION TO CONFIRMATION OF THE PLAN OF ADJUSTMENT, (IV) PROCEDURES AND DEADLINE FOR VOTING ON THE PLAN OF ADJUSTMENT AND MAKING CERTAIN ELECTIONS THEREUNDER**

**VOTING AND ELECTION DEADLINE: 5:00 p.m. (AST) on October 4, 2021**
**OBJECTION DEADLINE: 5:00 p.m. (AST) on October 19, 2021**
**CONFIRMATION HEARING: November 8 – 10, 12, 15 – 18, and 22 - 23, 2021 at 9:30 a.m. (AST)**
If you have any questions regarding this notice, please contact Prime Clerk LLC by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@primeclerk.com.

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. ***Approval of Disclosure Statement.*** By order, dated August 2, 2021 [ECF No. 17639] (the "Disclosure Statement Order"), the United States District Court for the District of Puerto Rico (the "Court") approved the adequacy of the information contained in the *Disclosure Statement for the Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, dated July 30, 2021 (as the same may be amended or modified, including all exhibits and attachments thereto, the "Disclosure Statement"), filed by the Financial Oversight and Management Board on behalf of the Debtors, and authorized the Debtors to solicit votes with respect to the acceptance or rejection of the *Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, dated July 30, 2021 (as the same may be amended or modified, including all exhibits and supplements thereto, the "Plan").[2]

**You may obtain a hard copy of the Plan and Disclosure Statement, including Spanish translations thereof, by contacting the Balloting Agent, Prime Clerk LLC:**
**Telephone (10:00 a.m. to 7:00 p.m. (AST)) (Spanish available):**
**(844) 822-9231 (toll free for U.S. and Puerto Rico)**
**(646) 486-7944 (for international callers)**
**Email: puertoricoinfo@primeclerk.com**
Alternatively, electronic copies of the Disclosure Statement and Plan are available by visiting https://cases.primeclerk.com/puertorico/.

2. Pursuant to the Disclosure Statement Order, the Debtors will mail materials needed for voting on the Plan or making elections on distributions thereunder (the "Solicitation Package") to holders Claims in the following Classes (collectively, the "Voting Classes"):

| | Class | | Class |
|---|---|---|---|
| Vintage PBA Bond Claims | Class 1 | 2011 CW Guarantee Bond Claims | Class 34 |
| Vintage PBA Bond Claims (Assured) | Class 2 | 2011 CW Series D/E/PIB Bond Claims | Class 36 |
| Vintage PBA Bond Claims (National) | Class 3 | 2011 CW Series D/E/PIB Bond Claims (Assured) | Class 37 |
| Vintage PBA Bond Claims (Ambac) | Class 4 | Retail 2011 CW Series D/E/PIB Bond Claims | Class 38 |
| Vintage PBA Bond Claims (FGIC) | Class 5 | 2012 CW Bond Claims | Class 40 |
| Vintage PBA Bond Claims (Syncora) | Class 6 | Retail 2012 CW Bond Claims | Class 41 |
| Retail Vintage PBA Bond Claims | Class 7 | 2012 CW Bond Claims (Assured) | Class 42 |
| 2011 PBA Bond Claims | Class 8 | 2012 CW Guarantee Bond Claims | Class 44 |
| Retail 2011 PBA Bond Claims | Class 9 | 2014 CW Bond Claims | Class 46 |
| 2012 PBA Bond Claims | Class 10 | Retail 2014 CW Bond Claims | Class 47 |
| Retail 2012 PBA Bond Claims | Class 11 | 2014 CW Guarantee Bond Claims | Class 49 |
| PBA/DRA Secured Claims | Class 12 | Retired JRS Participant Below-Threshold Claims | Class 51B |
| PBA General Unsecured Claims | Class 13 | Retired ERS Participant Above-Threshold Claims | Class 51D |
| PBA/DRA Unsecured Claims | Class 14 | Retired JRS Participant Above-Threshold Claims | Class 51E |
| Vintage CW Bond Claims | Class 15 | Retired TRS Participant Above-Threshold Claims | Class 51F |
| Retail Vintage CW Bond Claims | Class 16 | Active ERS Participant Claims | Class 51G |
| Vintage CW Bond Claims (Assured) | Class 17 | Active JRS Participant Claims | Class 51H |
| Vintage CW Bond Claims (National) | Class 18 | Active TRS Participant Claims | Class 51I |
| Vintage CW Bond Claims (Ambac) | Class 19 | VTP Payroll Participant Above-Threshold Claims | Class 51L |
| Vintage CW Bond Claims (FGIC) | Class 20 | AFSCME Claims | Class 52 |
| Vintage CW Bond Claims (Syncora) | Class 21 | Dairy Producer Claims | Class 53 |
| Vintage CW Guarantee Bond Claims | Class 23 | Eminent Domain Claims | Class 54 |
| Vintage CW Guarantee Bond Claims (Assured) | Class 24 | Med Center Claims | Class 56 |
| Vintage CW Guarantee Bond Claims (National) | Class 25 | CW General Unsecured Claims | Class 58 |
| Vintage CW Guarantee Bond Claims (Ambac) | Class 26 | CW/HTA Claims | Class 59 |
| Vintage CW Guarantee Bond Claims (FGIC) | Class 27 | CW/Convention Center Claims | Class 60 |
| Vintage CW Guarantee Bond Claims (Syncora) | Class 28 | CW/PRIFA Rum Tax Claims | Class 61 |
| 2011 CW Bond Claims | Class 30 | CW/MBA Claims | Class 62 |
| Retail 2011 CW Bond Claims | Class 31 | ERS Bond Claims | Class 65 |
| 2011 CW Bond Claims (Assured) | Class 32 | ERS General Unsecured Claims | Class 66 |
| | | Federal Claims | Class 69 |

3. ***Confirmation Hearing.*** A hearing to consider confirmation of the Plan (the "Confirmation Hearing") will be held before The Honorable Laura Taylor Swain, via telephonic hearing through CourtSolutions on **November 8 – 10, 12, 15 – 18, and 22 - 23, 2021 at 9:30 a.m. (Atlantic Standard Time)**.

4. The Confirmation Hearing may be continued from time to time by the Court or the Oversight Board, without further notice or through adjournments announced in open court or as indicated in any notice of agenda of matters scheduled for hearing filed with the Court, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, in accordance with the modification provisions of the Plan and Local Rule 3016-2, without further notice to interested parties.

5. ***Plan Confirmation Depository***. Information relating to confirmation of the Plan is available online in the Plan Confirmation Depository at titleiiiplandataroom.com.

6. ***Confirmation Objection Deadline.*** The Court has established **5:00 p.m. (Atlantic Standard Time) on October 19, 2021** (the "Confirmation Objection Deadline") as the deadline to file objections or responses to confirmation of the proposed Plan.

7. ***Objections and Responses to Confirmation.*** Objections and responses to confirmation of the Plan must:

a. Be in writing, in English, and signed;

b. State the name, address, and nature of the Claim of the objecting or responding party;

c. State with particularity the basis and nature of any objection or response and include, where appropriate, proposed language to be inserted in the Plan to resolve any such objection or response;

d. Be filed electronically with the Court on the docket of *In re Commonwealth of Puerto Rico*, Case No. 17 BK 3283-LTS, through the Court's case filing system in searchable portable document format **on or before October 19, 2021 at 5:00 p.m. (Atlantic Standard Time)**.

i. If you are not an attorney who is a registered user of the Court's case filing system, you may instead mail your objection to the Court's Clerk's office at:

United States District Court, Clerk's Office
150 Ave. Carlos Chardon Ste. 150,
San Juan, P.R. 00918-1767

so as to be received **on or before October 19, 2021 at 5:00 p.m. (Atlantic Standard Time)**, and

e. Be served upon the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: In re: Commonwealth of Puerto Rico) so as to be received on or before the Final Confirmation Objection Deadline.

8. ***Participation in Confirmation Discovery***. If you wish to participate in discovery in connection with confirmation of the Plan, you must file a notice of your intention to participate in discovery (a "Discovery Notice"), a form of which is available at https://cases.primeclerk.com/puertorico/. If you file your Discovery Notice on or before **August 15, 2021**, you may be granted access to documents in the Plan Depository, where information and documents concerning the Plan are kept, and will also be able to serve your own discovery requests. If you file your Discovery Notice **after August 15, 2021, but on or before October 19, 2021**, you may be granted access to documents in the Plan Depository. Please note that access to the information in the Plan Depository may also require complying with the Debtors' access requirements.

9. You must submit the Discovery Notice in the form provided on the Title III Case website above, which must:

a. Be in writing, in English, and be signed;

b. State your name, address, the nature of your Claim, and your Claim number;

c. State your intention to participate in discovery in connection with confirmation of the Plan; and

d. Be filed electronically with the Court on the docket using the CM/ECF docket event Notice of Intent to Participate in Discovery for Commonwealth Plan Confirmation, in *In re Commonwealth of Puerto Rico,* Case No. 17 BK 3283-LTS, through the Court's case filing system on or before the applicable deadline.

i. If you are not represented by counsel, you may instead mail your Discovery Notice to the Court's Clerk's office at:

United States District Court, Clerk's Office
150 Ave. Carlos Chardon Ste. 150
San Juan, P.R. 00918-1767

so as to be received on or before the applicable deadline.

10. **You must timely file a Discovery Notice to participate in discovery in connection with confirmation of the Plan**. Failure to timely file a Discovery Notice, however, will not preclude you from filing an objection to confirmation of the Plan on or before the Confirmation Objection Deadline, but will preclude you from being able to view documents in the Plan Depository, and from taking discovery.

11. ***Discovery Timetable and Deadlines***. The Court has established the following discovery dates and deadlines, which are applicable to the Debtors and to other parties in interest who have timely filed a Discovery Notice and are eligible to participate in discovery:[3]

**Summary of Certain Deadlines**

| | |
|---|---|
| **August 3, 2021** | Deadline for the Debtors to file a preliminary fact witness list and topics about which each witness will testify ("Debtors' Preliminary Fact Witness List"). Deadline for the Debtors to file an opening summary brief explaining what the Debtors expect to prove at confirmation. |
| **August 6, 2021** | Opening date for all parties to serve initial requests for production of non-depository documents ("Initial Production Requests"). Creditors and parties in interest may serve Initial Production Requests only following their filing of a Notice of Intent to Participate in Discovery (as defined below). Responses and objections to such Initial Production Requests shall be served within seven (7) days of service of such Requests. |
| **August 15, 2021** | Deadline for Eligible Creditors and parties in interest to file a "Notice of Intent to Participate in Discovery," also known as a "Discovery Notice." Only parties who file a timely Notice of Intent to Participate in Discovery can propound discovery, but failure to do so does not preclude a party from objecting to confirmation of the Plan. |
| **September 6, 2021** | Deadline for Eligible Creditors to file a preliminary fact witness list and topics about which each witness is expected to testify (an "Eligible Creditor's Preliminary Fact Witness List"). Deadline for all parties to serve opening expert disclosures ("Opening Expert Disclosures"). |
| **September 13, 2021** | Deadline for all parties to serve opening expert reports ("Opening Expert Reports"). Deadline for all parties to serve initial notices of deposition, topics and requested times for depositions ("Initial Notices of Deposition") (all parties are limited to seven (7)-hour time limit for depositions). Subsequent notices are allowed provided discovery is completed within time allowed. |
| **September 30, 2021** | Deadline for all parties to file *Daubert* motions and motions *in limine*. |
| **October 1, 2021** | Deadline for all parties to serve up to fifteen (15) interrogatories ("Interrogatories"), including subparts. Responses and objections to such Interrogatories shall be served within ten (10) days of service of such Interrogatories. |
| **October 4, 2021** | Deadline for all parties to serve rebuttal expert disclosures ("Rebuttal Expert Disclosures"). Deadline for all parties to file any follow-up requests for production ("Follow-Up Production Requests," and collectively with Initial Production Requests, "Production Requests"). |
| **October 8, 2021** | Deadline for all parties to file rebuttal expert reports ("Rebuttal Expert Reports"). Deadline for the Debtors to file an initial proposed order in support of confirmation of the Plan (the "Initial Proposed Confirmation Order"). |
| **October 11, 2021** | Deadline for all parties to serve requests for admission, limited to authentication of documents ("Admission Requests"). Completion of fact discovery (the "Fact Discovery Deadline"). |
| **October 15, 2021** | Deadline for all parties to file oppositions to *Daubert* motions and motions *in limine*. |
| **October 18, 2021** | Completion of expert discovery (the "Expert Discovery Deadline"). |
| **October 19, 2021** | Deadline for Eligible Creditors to file objections to confirmation of the Plan ("Objections"). Deadline to file Notice of Intent to Participate in Discovery or Discovery Notice for Eligible Creditors who solely want access to documents in the Plan Depository. |
| **October 22, 2021** | Deadline for Eligible Creditors to file objections to the Initial Proposed Confirmation Order. Deadline for all parties to file finalized witness lists, exhibit lists and deposition designations. Deadline for all parties to file replies to *Daubert* motions and motions *in limine*. |
| **October 25, 2021** | Deadline for all parties to file witness declarations to be used at the Confirmation Hearing ("Witness Declarations"). Deadline for Debtors to file initial proposed findings of fact and conclusions of law in support of confirmation of the Plan (the "Initial Findings of Fact and Conclusions of Law"). |
| **October 27, 2021** | Deadline for Debtors to file Replies in Support of the Proposed Confirmation Order, and for Debtors to file Replies to Objections to Confirmation of the Plan. |
| **October 30, 2021** | Deadline for all parties to serve counter-designations, objections to deposition designations, or objections to exhibit lists. |
| **November 1, 2021** | Virtual hearing on motions *in limine*. |
| **November 8, 2021** | Start of Confirmation Hearing. |

12. ***Voting Record Date.*** The voting record date is **July 13, 2021** (the "Voting Record Date"), which is the date for determining which holders of Claims in Voting Classes (except Bond Classes,[4] Class 51, and Class 52) are entitled to vote on the Plan. Therefore, only those creditors in a Class entitled to vote on the Plan and holding Claims against the Debtors (except in the Bond Classes, Class 51, and Class 52) as of the Voting Record Date are entitled to vote on the Plan.

13. ***Voting Deadline.*** The deadline for voting on the Plan is on **October 4, 2021, at 5:00 p.m. (Atlantic Standard Time)**, unless such time is extended (the "Voting Deadline"). ***You are not required to vote on the Plan to receive distributions pursuant to the terms of the Plan, if confirmed by the Court, and provided you hold an Allowed Claim.***

14. If you received a Solicitation Package, including a Ballot or Notice and intend to vote on the Plan, you ***must***: (a) follow the instructions carefully; (b) complete ***all*** of the required information on the Ballot (as applicable); and (c) either (i) execute and return your completed Ballot according to and as set forth in detail in the voting instructions included in the Solicitation Package so that your Ballot is ***actually received*** by the Debtors' solicitation agent, Prime Clerk (the "Balloting Agent") on or before the Voting Deadline, or (ii) instruct your broker or nominee (each, a "Nominee") to electronically deliver your bonds via the Automated Tender Offer Program ("ATOP") at The Depository Trust Company ("DTC") in accordance with your desire to vote to accept or reject the Plan on or before the Voting Deadline. ***Failure to follow such instructions may disqualify your vote.***

15. ***Election Deadline.*** The deadline for holders of eligible Bond Claims that have the right to make an election of the form of distributions under the Plan to make such election is on **October 4, 2021, at 5:00 p.m. (Atlantic Standard Time)**, unless such time is extended (the "Election Deadline"). If you received a Notice with an option to make an election, you ***must***: (a) follow the instructions carefully; and (b) deliver ***all*** of the required information according to and as set forth in detail in the election instructions so that it is received by your Nominee in sufficient time for your Nominee to ***actually effectuate*** your election through DTC's ATOP on or before the Election Deadline.

16. ***Parties in Interest Not Entitled to Vote.*** Creditors in the following Classes are deemed to reject the Plan and not entitled to vote:

- Class 63 (CW Appropriations Claims), and
- Class 64 (CW 510(b) Subordinated Claims).

17. Creditors in the following Classes are deemed to accept the Plan and not entitled to vote, but will receive distributions pursuant to the terms of the Plan, if confirmed by the Court:

- Class 51A (Retired ERS Participant Below-Threshold Claims),
- Class 51C (Retired TRS Participant Below-Threshold Claims),
- Class 51J (System 2000 Participant Claims),
- Class 51K (VTP Payroll Participant Below-Threshold Claims),
- Class 55 (Energy Incentive Claims),
- Class 57 (Tax Credit Claims),
- Class 67 (Gracia-Gracia Claims), and
- Class 68 (Convenience Claims).

18. If a Claim is listed on the Debtors' list of creditors [Case No. 17-3283, ECF Nos. 1215, 1316, 2582, 10708] as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the earlier of the applicable bar date for the filing of proofs of claim established by the Court or the Voting Record Date (as applicable); or (ii) deemed timely filed by an order of the Court prior to the Voting Record Date, such Claim shall not be entitled to vote to accept or reject the Plan. Proofs of claim filed for $0.00 or Claims that have been expunged by order of the Court are also not entitled to vote.

19. If you are in Classes 63 or 64, or have timely filed a proof of claim and disagree with the Debtors' classification of, objection to, or request for estimation of your Claim and believe you should be entitled to vote on the Plan, you must serve the Debtors and the U.S. Trustee (address listed in paragraph 7(e) above) and file with the Court (with a copy to Chambers) a motion (a "Rule 3018(a) Motion") for an order pursuant to Rule 3018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") temporarily allowing your Claim in a different amount or in a different Class for purposes of voting to accept or reject the Plan. All Rule 3018(a) Motions must be filed on or before the tenth (10th) day after the later of (i) service of this Confirmation Hearing Notice and (ii) service of notice of an objection or request for estimation, if any, as to such Claim. In accordance with Bankruptcy Rule 3018(a), as to any creditor filing a Rule 3018(a) Motion, such creditor's Ballot will not be counted except as may be otherwise ordered by the Court prior to the Voting Deadline (**October 4, 2021 at 5:00 p.m. (Atlantic Standard Time)**). Creditors may contact the Balloting Agent (i) via first class mail or via overnight courier, at Puerto Rico Ballot Processing, C/O Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, (ii) by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or (iii) by email at puertoricoinfo@primeclerk.com, to receive an appropriate Ballot for any Claim for which a proof of claim has been timely filed and a Rule 3018(a) Motion has been granted. Rule 3018(a) Motions that are not timely filed and served in the manner set forth herein shall not be considered.

20. If you wish to have your Claim temporarily allowed for voting purposes pursuant to Bankruptcy Rule 3018(a), a form of Rule 3018(a) motion together with instructions for filing and serving the motion is available at https://cases.primeclerk.com/puertorico/.

21. ***Parties Who Will Not Be Treated as Creditors.*** Any holder of a Claim that (i) is scheduled in the List of Creditors at $0.00 and is not the subject of a timely filed proof of Claim or a proof of claim deemed timely filed with the Court pursuant to either the Bankruptcy Code or any order of the Court, or otherwise deemed timely filed under applicable law, or (ii) is not scheduled and is not the subject of a timely filed proof of claim or a proof of claim deemed timely filed with the Court pursuant to either the Bankruptcy Code or any order of the Court, or otherwise deemed timely filed under applicable law, shall not be treated as a creditor with respect to such Claim for purposes of (a) receiving notices regarding the Plan, and (b) voting on the Plan.

22. ***Additional Information.*** Any party in interest wishing to obtain information about the solicitation procedures or copies of the Disclosure Statement or the Plan, including Spanish translations thereof, should contact the Balloting Agent, Prime Clerk LLC, by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@primeclerk.com, or may view such documents by accessing either https://cases.primeclerk.com/puertorico/ or the Court's website, https://www.prd.uscourts.gov/. Please note that a Public Access to Court Electronic Records ("PACER") (http://www.pacer.psc.uscourts.gov) password and login are needed to access documents on the Court's website.

23. ***Bankruptcy Rules 2002(c)(3) and 3016(c)).*** **In accordance with Bankruptcy Rules 2002(c)(3) and 3016(c), set forth below are the release, exculpation, and injunction provisions contained in the Plan:**

**Section 92.2 – Discharge and Release of Claims and Causes of Action**:

(a) Except as expressly provided in the Plan or the Confirmation Order, all distributions and rights afforded under the Plan shall be, and shall be deemed to be, in exchange for, and in complete satisfaction, settlement, discharge and release of, all Claims or Causes of Action against the Released Parties that arose, in whole or in part, prior to the Effective Date, relating to the Title III Cases, the Debtors or Reorganized Debtors or any of their respective Assets, property, or interests of any nature whatsoever, including any interest accrued on such Claims from and after the Petition Date, and regardless of whether any property will have been distributed or retained pursuant to the Plan on account of such Claims or Causes of Action. Upon the Effective Date, the Debtors and Reorganized Debtors shall be deemed discharged and released from any and all Claims, Causes of Action and any other debts that arose, in whole or in part, prior to the Effective Date (including prior to the Petition Date), and Claims of the kind specified in sections 502(g), 502(h) or 502(i) of the Bankruptcy Code and PROMESA Section 407, whether or not (a) a proof of claim based upon such Claim is filed or deemed filed under section 501 of the Bankruptcy Code, (b) such Claim is allowed under section 502 of the Bankruptcy Code and PROMESA Section 407 (or is otherwise resolved), or (c) the holder of a Claim based upon such debt voted to accept the Plan. For the avoidance of doubt, nothing contained herein or in the Confirmation Order shall release, discharge or enjoin any claims or causes of action against PREPA arising from or related to PREPA-issued bonds, including, without limitation, Monoline-issued insurance pertaining thereto, and PREPA is not releasing any claims or causes of action against any non-Debtor Entity. Claims and causes of action against PREPA arising from or related to PREPA-issued bonds, and releases against PREPA and its assets shall be addressed in PREPA's Title III case, including, without limitation, any plan of adjustment therein.

(b) Except as expressly provided in the Plan or the Confirmation Order, all Entities shall be precluded from asserting any and all Claims against the Debtors and Reorganized Debtors, and each of their respective Assets, property and rights, remedies, Claims or Causes of Action or liabilities of any nature whatsoever, relating to the Title III Cases, the Debtors or Reorganized Debtors or any of their respective Assets and property, including any interest accrued on such Claims from and after the Petition Date, and regardless of whether any property will have been distributed or retained pursuant to the Plan on account of such Claims or other obligations, suits, judgments, damages, debts, rights, remedies, causes of action or liabilities. In accordance with the foregoing, except as expressly provided in the Plan or the Confirmation Order, the Confirmation Order shall constitute a judicial determination, as of the Effective Date, of the discharge and release of all such Claims, Causes of Action or debt of or against the Debtors and the Reorganized Debtors pursuant to sections 524 and 944 of the Bankruptcy Code, applicable to the Title III Case pursuant to Section 301 of PROMESA, and such discharge shall void and extinguish any judgment obtained against the Debtors or Reorganized Debtors and their respective Assets, and property at any time, to the extent such judgment is related to a discharged Claim, debt or liability. As of the Effective Date, and in consideration for the value provided under the Plan, each holder of a Claim in any Class under this Plan shall be and hereby is deemed to release and forever waive and discharge as against the Debtors and Reorganized Debtors, and their respective Assets and property and all such Claims.

(c) Notwithstanding any other provisions of this Section 92.2, in accordance with the provisions of the GO/PBA Plan Support Agreement, each of the GO/PBA PSA Creditors and their respective Related Persons, solely in their capacity as Creditors of the Debtors, shall (i) be deemed to have released and covenanted not to sue or otherwise pursue or seek to recover damages or to seek any other type of relief against any of the Government Releasees based upon, arising from or relating to the Government Released Claims or any of the Claims or Causes of Action asserted or which could have been asserted, including, without limitation, in the Clawback Actions and the Lift Stay Motions, and (ii) not directly or indirectly aid any person in taking any action with respect to the Government Released Claims that is prohibited by this Section 92.2.

(d) Limitation. Notwithstanding anything contained herein or in the Confirmation Order to the contrary, no provision shall (i) preclude the SEC from enforcing its police or regulatory powers, or (ii) enjoin, limit, impair or delay the SEC from commencing or continuing any claims, causes of action, proceedings or investigations against any non-debtor person or non-debtor entity in any forum.

(e) United States Limitation. Notwithstanding anything contained herein or in the Confirmation Order to the contrary, no provision shall (i) impair the United States, its agencies, departments, or agents, or in any manner relieve the Debtors or the Reorganized Debtors, as the case may be, from compliance with federal laws or territorial laws and requirements implementing a federally authorized or federally delegated program protecting the health, safety, and environment of persons in such territory, (ii) expand the scope of any discharge, release, or injunction to which the Debtors or the Reorganized Debtors are entitled under Title III, and (iii) discharge, release, enjoin, or otherwise bar (A) any liability of the Debtors or the Reorganized Debtors to the United States arising from and after the Effective Date, (B) any liability to the United States that is not a Claim, (C) any affirmative defense or any right of setoff or recoupment of the United States, the Debtors or the Reorganized Debtors, as the case may be, and such rights of setoff and recoupment of such parties are expressly preserved, (D) the continued validity of the obligations of the United States, the Debtors or the Reorganized Debtors, as the case may be, under any United States grant or cooperative assistance agreement, (E) the Debtors' or the Reorganized Debtors' obligations arising under federal police or regulatory laws, including, but not limited to, laws relating to the environment, public health or safety, or territorial laws implementing such federal legal provisions, including, but not limited to, compliance obligations, requirements under consent decrees or judicial orders, and obligations to pay associated administrative, civil, or other penalties, and (F) any liability to the United States on the part of any non-debtor. Without limiting the foregoing, nothing contained herein or in the Confirmation Order shall be deemed (i) to determine the tax liability of any Entity, including, but not limited to, the Debtors and the Reorganized Debtors, (ii) to be binding on the IRS with regard to the federal tax liabilities, tax status, or tax filing and withholding obligations of any entity, including, but not limited to, the Debtors and the Reorganized Debtors, (iii) to release, satisfy, discharge, or enjoin the collection of any claim of the IRS against any Entity other than the Debtors and the Reorganized Debtors, and (iv) to grant any relief to any Entity that the Court is prohibited from granting the Declaratory Judgment Act, 28 U.S.C. § 2201(a), or the Tax Anti-Injunction Act, 26 U.S.C. § 7421(a).

(f) Underwriter Actions. Notwithstanding anything contained herein or in the Confirmation Order to the contrary, including, without limitation, Sections 92.2, 92.3 and 92.11 of the Plan, except as may be precluded pursuant to the provisions of PROMESA, nothing in the Plan, the Confirmation Order or any Plan-related document set forth in the Plan Supplement is intended, nor shall it be construed, to impair, alter, modify, diminish, prohibit, bar, restrain, enjoin, release, reduce, eliminate or limit the rights of the plaintiffs and defendants, including, without limitation, the parties to the Underwriter Actions, from asserting their respective rights, claims, causes of action or defenses in the Underwriter Actions, including, but not limited to, any Claims, defenses, Causes of Action, and rights of setoff or recoupment (to the extent available).

**Section 92.3 – Injunction on Claims:** Except as otherwise expressly provided in the Plan, the Confirmation Order or such other Final Order of the Title III Court that may be applicable, all Entities who have held, hold or may hold Claims or any other debt or liability that is discharged or released pursuant to Section 92.2 hereof or who have held, hold or may hold Claims or any other debt or liability that is discharged or released pursuant to Section 92.2 hereof are permanently enjoined, from and after the Effective Date, from (a) commencing or continuing, directly or indirectly, in any manner, any action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) of any kind on any such Claim or other debt or liability that is discharged pursuant to the Plan against any of the Released Parties or any of their respective assets or property, (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order against any of the Released Parties or any of their respective assets or property on account of any Claim or other debt or liability that is discharged pursuant to the Plan, (c) creating, perfecting, or enforcing any encumbrance of any kind against any of the Released Parties or any of their respective assets or property on account of any Claim or other debt or liability that is discharged pursuant to the Plan, and (d) except to the extent provided, permitted or preserved by sections 553, 555, 556, 559, or 560 of the Bankruptcy Code or pursuant to the common law right of recoupment, asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from any of the Released Parties or any of their respective assets or property, with respect to any such Claim or other debt or liability that is discharged pursuant to the Plan. Such injunction shall extend to all successors and assigns of the Released Parties and their respective assets and property.

**Section 92.5 – Releases by the Debtors and Reorganized Debtors:** Except as otherwise expressly provided in the Plan or the Confirmation Order, on the Effective Date, and for good and valuable consideration, each of the Debtors and Reorganized Debtors, the Disbursing Agent and each of the Debtors' and Reorganized Debtors' Related Persons shall be deemed to have and hereby does irrevocably and unconditionally, fully, finally and forever waive, release, acquit, and discharge the Released Parties from any and all Claims or Causes of Action that the Debtors, Reorganized Debtors, and the Disbursing Agent, or any of them, or anyone claiming through them, on their behalf or for their benefit, have or may have or claim to have, now or in the future, against any Released Party that are Released Claims or otherwise are based upon, relate to, or arise out of or in connection with, in whole or in part, any act, omission, transaction, event or other circumstance relating to the Title III Cases or the Debtors taking place or existing on or prior to the Effective Date, and/or any Claim, act, fact, transaction, occurrence, statement, or omission in connection therewith or alleged or that could have been alleged, including, without limitation, any such Claim, demand, right, liability, or cause of action for indemnification, contribution, or any other basis in law or equity for damages, costs or fees.

**Section 92.6 – Injunction Related to Releases:** As of the Effective Date, all Entities that hold, have held, or may hold a Released Claim that is released pursuant to Section 92.5 of the Plan, are, and shall be, permanently, forever and completely stayed, restrained, prohibited, barred and enjoined from taking any of the following actions, whether directly or indirectly, derivatively or otherwise, on account of or based on the subject matter of such discharged Released Claims: (i) commencing, conducing or continuing in any manner, directly or indirectly, any suit, action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) in any forum; (ii) enforcing, attaching (including, without limitation any prejudgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order; (iii) creating, perfecting or in any way enforcing in any matter, directly or indirectly, any Lien; (iv) setting off, seeking reimbursement or contributions from, or subrogation against, or otherwise recouping in any manner, directly or indirectly, any amount against any liability or obligation owed to any Entity released under Section 92.5 hereof; and (v) commencing or continuing in any manner, in any place or any judicial, arbitration or administrative proceeding in any forum, that does not comply with or is inconsistent with the provisions of the Plan or the Confirmation Order. For the avoidance of doubt, the following stipulations will terminate upon the entry of the Confirmation Order: the Fourth Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transpiration Authority Regarding the Tolling of Statute of Limitations and Consent Order [Case No. 173283-LTS, ECF No. 15854], as amended; and the Fourth Amended Stipulation and Consent Order Between Title III Debtors (Other Than COFINA) and the Puerto Rico Fiscal Agency and Financial Advisory Authority Acting on Behalf of the Governmental Entities Listed on Appendix "B" Regarding the Tolling of Statute of Limitations [Case NO. 17-3283-LTS, ECF No. 17394], as amended.

**Section 92.7 – Exculpation**:

(a) Government Parties: The Oversight Board, AAFAF, the Debtors, and each of their respective Related Persons, solely acting in its capacity as such at any time up to and including the Effective Date, shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Cases, the formulation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan; provided, however, that the foregoing provisions of this Section 89.7 shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct. Nothing in the foregoing provisions of this Section 89.7(a) shall prejudice the right of any of the Government Parties, and the Government Parties' officers and directors serving at any time up to and including the Effective Date, and each of their respective professionals to assert reliance upon advice of counsel as a defense with respect to their duties and responsibilities under the Plan.

(b) PSA Creditors: Each of the PSA Creditors solely in its capacity as a party to the GO/PBA Plan Support Agreement and/or the HTA/CCDA Plan Support Agreement and a Creditor and/or insurer, as applicable, from the Petition Date up to and including the Effective Date and each of their respective Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Cases, mediation, the negotiation, formation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, the GO/PBA Plan Support Agreement, the HTA/CCDA Plan Support Agreement, the Definitive Documents, or any other contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan; provided, however, that the foregoing provisions of this Section 92.7(b) shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct.

(c) Retiree Committee: Each of the members of the Retiree Committee, solely in its capacity as a member of the Retiree Committee and a Creditor, as applicable, from the Petition Date up to and including the Effective Date and each of the Retiree Committee's Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Cases, the formation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, the Retiree Committee Plan Support Agreement, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan and the Retiree Committee Plan Support Agreement; provided, however, that, the foregoing provisions of this Section 92.7(c) shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct.

(d) Creditors' Committee: Each of the members of the Creditors' Committee, solely in its capacity as a member of the Creditors' Committee, and the Creditors' Committee, from the Petition Date up to and including the Effective Date and each of the Creditors' Committee's Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Cases, the formation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan; provided, however, that the foregoing provisions of this Section 92.7(d) shall not affect the liability of any Entity that would otherwise result from any such act or omission to the extent such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct.

(e) AFSCME: Each of AFSCME solely in its capacity as a party to the AFSCME Plan Support Agreement and a Creditor, as applicable, from the Petition Date up to and including the Effective Date and each of their respective Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Cases, the formation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, the AFSCME Plan Support Agreement, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transaction set forth in the Plan and the AFSCME Plan Support Agreement; provided, however, that, the foregoing provisions of this Section 89.7(e) shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct.

(f) Monoline Insurers: Ambac, Assured, FGIC, National, Syncora, and their Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken consistent with the Plan or in connection with the formulation, preparation, dissemination, implementation, acceptance, confirmation or approval of the Plan, including, without limitation, in connection with the treatment of Ambac Insured Bond Claims, Assured Insured Bond Claims, FGIC Insured Bond Claims, National Insured Bond Claims, or Syncora Insured Bond Claims, the voting procedures, the election procedures, and any release of obligations under the applicable Ambac Insurance Policies, Assured Insurance Policies, FGIC Insurance Policies, National Insurance Policies, or Syncora Insurance Policies: provided, however, that, notwithstanding anything contained herein to the contrary, the terms and provisions of the Plan shall not, and shall not be construed to, release or exculpate, with respect to any beneficial holder of Ambac Insured Bonds, Assured Insured Bonds, FGIC Insured Bonds, National Insured Bonds, or Syncora Insured Bonds any payment obligation under the applicable Ambac Insurance Policy, Assured Insurance Policy, FGIC Insurance Policy, National Insurance Policy, or Syncora Insurance Policy in accordance with its terms solely to the extent of any failure of such holder to receive the Ambac Treatment, Assured Treatment, FGIC Treatment, National Treatment, or Syncora Treatment, as applicable (or any claims that Ambac, Assured, FGIC, National, or Syncora may have against a beneficial holder of respective insured bonds with respect to Ambac's, Assured's, FGIC's, National's or Syncora's applicable obligations under the Ambac Insurance Policies, Assured Insurance Policies, National Insurance Policies, or Syncora Insurance Policies, as applicable).

**Section 92.8 – Appointments Related Litigation:** Notwithstanding anything contained herein to the contrary, in the event that a Final Order is entered in connection with the Appointments Related Litigation or the Uniformity Litigation subsequent to entry of the Confirmation Order, in consideration of the distributions made, to be made, or deemed to be made in accordance with the terms and provisions of the Plan and documents and instruments related hereto, all Creditors or such other Entities receiving, or deemed to have received, distributions pursuant to or as a result of the Plan, consent and agree that such Final Order shall not in any way or manner reverse, affect or otherwise modify the transactions contemplated in the Plan and the Confirmation Order, including, without limitation, the releases, exculpations and injunctions provided pursuant to Article XCII of the Plan.

**Section 92.9 – Bar Order:** To the limited extent provided in the Plan, each and every Entity is permanently enjoined, barred and restrained from instituting, prosecuting, pursuing or litigating in any manner any and all Claims, demands, rights, liabilities, or causes of action of any and every kind, character or nature whatsoever, in law or in equity, known or unknown, direct or derivative, whether asserted or unasserted, against any of the Released Parties, based upon, related to, or arising out of or in connection with any of the Released Claims, confirmation and consummation of the Plan, the negotiation and consummation of the GO/PBA Plan Support Agreement, or any claim, act, fact, transaction, occurrence, statement or omission in connection with or alleged or that could have been alleged in the Title III Cases, including, without limitation, any such claim, demand, right, liability or cause of action for indemnification, contribution, or any other basis in law or equity for damages, costs or fees incurred arising directly or indirectly from or otherwise relating to the Title III Cases, either directly or indirectly by any Person for the direct or indirect benefit of any Released Party arising from or related to the claims, acts, facts, transactions, occurrences, statements or omissions that are, could have been or may be alleged in the related actions or any other action brought or that might be brought by, through, on behalf of, or for the benefit of any of the Released Parties (whether arising under federal, state or foreign law, and regardless of where asserted).

**Section 92.11 – Supplemental Injunction:** Notwithstanding anything contained herein to the contrary, except to the limited extent provided in the Plan, all Entities, including Entities acting on their behalf, who currently hold or assert, have held or asserted, or may hold or assert, any Released Claims against any of the Released Parties based upon, attributable to, arising out of or relating to the Title III Cases or any Claim against the Debtors, whenever and wherever arising or asserted, whether in the United States or anywhere else in the world, whether sounding in tort, contract, warranty, statute, or any other theory of law, equity or otherwise, shall be, and shall be deemed to be, permanently stayed, restrained and enjoined from taking any action against any of the Released Parties for the purpose of directly or indirectly collecting, recovering or receiving any payment or recovery with respect to any Released Claims arising prior to the Effective Date (including prior to the Petition Date), including, but not limited to:

(a) Commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Released Claim against any of the Released Parties or the assets or property of any Released Party;

(b) Enforcing, attaching, collecting or recovering, by any manner or means, any judgment, award, decree or order against any of the Released Parties or the assets or property of any Released Party with respect to any such Released Claim;

(c) Creating, perfecting or enforcing any Lien of any kind against any of the Released Parties or the assets or property of any Released Party with respect to any such Released Claim;

(d) Except as otherwise expressly provided in the Plan or the Confirmation Order, asserting, implementing or effectuating any setoff, right of subrogation, indemnity, contribution or recoupment of any kind against any obligation due to any of the Released Parties or against the property of any Released Party with respect to any such Released Claim; and

(e) Taking any act, in any manner, in any place whatsoever, that does not conform to, or comply with, the provisions of the Plan or the Confirmation Order, provided, however, that the Debtors' compliance with the formal requirements of Bankruptcy Rule 3016 shall not constitute an admission that the Plan provides for any injunction against conduct not otherwise enjoined under the Bankruptcy Code.

Dated: August 2, 2021, San Juan, Puerto Rico

Respectfully submitted, */s/ Martin J. Bienenstock* , Martin J. Bienenstock (*pro hac vice*), Brian S. Rosen (*pro hac vice*), **PROSKAUER ROSE LLP,** Eleven Times Square, New York, NY 10036, *Attorneys for the Financial Oversight and Management Board as representative for the Debtors* -and- */s/ Hermann D. Bauer* , Hermann D. Bauer, USDC No. 215205, **O'NEILL & BORGES LLC,** 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918-1813, *Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] All capitalized terms used but not otherwise defined shall have the meanings given to such terms in the Plan.

[3] All of the dates and procedures set forth in this notice are subject to change by further Court order.

[4] For the avoidance of doubt, because holders of Claims in the Bond Classes must submit their vote and/or election through DTC's Automated Tender Offer Platform, the Voting Record Date shall not apply to the Bond Classes, and the holder of the applicable security at the time of tender shall be eligible to cast a vote and/or make an election.

# Exhibit B

*Bond Buyer*

**(September 1, 2021)**

**Copy Of Advertisement Of**

## Certificate of Publication

Yohanna Beato, is the Billing Coordinator of the
BOND BUYER, a daily newspaper printed and published at One State
Street Plaza, in the City of New York, County of New York, State of
New York; and the notice, of which the annexed is a printed copy, was
regularly published in said BOND BUYER on September 1st, 15th, & 29th
2021.

*Yohanna Beato*

X

*Billing Coordinator*
*September 29th 2021*

# Legal Notices

**Legal Notice (Page 1 of 3)**

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

In re:

THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,

as representative of

THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,

Debtors.[1]

PROMESA
Title III
No. 17 BK 3283-LTS
(Jointly Administered)

## NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT, (II) ESTABLISHMENT OF RECORD DATES, (III) HEARING ON CONFIRMATION OF THE PLAN OF ADJUSTMENT AND PROCEDURES FOR OBJECTION TO CONFIRMATION OF THE PLAN OF ADJUSTMENT, (IV) PROCEDURES AND DEADLINE FOR VOTING ON THE PLAN OF ADJUSTMENT AND MAKING CERTAIN ELECTIONS THEREUNDER

**VOTING AND ELECTION DEADLINE: 5:00 p.m. (AST) on October 4, 2021**
**OBJECTION DEADLINE: 5:00 p.m. (AST) on October 19, 2021**
**CONFIRMATION HEARING: November 8 – 10, 12, 15 – 18, and 22 - 23, 2021 at 9:30 a.m. (AST)**

If you have any questions regarding this notice, please contact Prime Clerk LLC by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@primeclerk.com.

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. *Approval of Disclosure Statement.* By order, dated August 2, 2021 [ECF No. 17639] (the "Disclosure Statement Order"), the United States District Court for the District of Puerto Rico (the "Court") approved the adequacy of the information contained in the *Disclosure Statement for the Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, dated July 30, 2021 (as the same may be amended or modified, including all exhibits and attachments thereto, the "Disclosure Statement"), filed by the Financial Oversight and Management Board on behalf of the Debtors, and authorized the Debtors to solicit votes with respect to the acceptance or rejection of the *Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, dated July 30, 2021 (as the same may be amended or modified, including all exhibits and supplements thereto, the "Plan").[2]

**You may obtain a hard copy of the Plan and Disclosure Statement, including Spanish translations thereof, by contacting the Balloting Agent, Prime Clerk LLC:**
Telephone (10:00 a.m. to 7:00 p.m. (AST)) (Spanish available):
(844) 822-9231 (toll free for U.S. and Puerto Rico)
(646) 486-7944 (for international callers)
Email: puertoricoinfo@primeclerk.com

Alternatively, electronic copies of the Disclosure Statement and Plan are available by visiting https://cases.primeclerk.com/puertorico/.

2. Pursuant to the Disclosure Statement Order, the Debtors will mail materials needed for voting on the Plan or making elections on distributions thereunder (the "Solicitation Package") to holders Claims in the following Classes (collectively, the "Voting Classes"):

| | Class | | Class |
|---|---|---|---|
| Vintage PBA Bond Claims (Assured) | Class 1 | 2011 CW Guarantee Bond Claims | Class 2 |
| Vintage PBA Bond Claims (Assured) | Class 2 | 2011 CW Series D/E/PIB Bond Claims | Class 36 |
| Vintage PBA Bond Claims (National) | Class 3 | 2011 CW Series D/E/PIB Bond Claims | Class 37 |
| Vintage PBA Bond Claims (Ambac) | Class 4 | Retail 2011 CW Series D/E/PIB Bond Claims | Class 38 |
| Vintage PBA Bond Claims (FGIC) | Class 5 | 2012 CW Bond Claims | Class 40 |
| Vintage PBA Bond Claims (Syncora) | Class 6 | Retail 2012 CW Bond Claims | Class 41 |
| Retail Vintage PBA Bond Claims | Class 7 | 2012 CW Bond Claims (Assured) | Class 42 |
| 2011 PBA Bond Claims | Class 8 | 2012 CW Guarantee Bond Claims | Class 44 |
| Retail 2011 PBA Bond Claims | Class 9 | 2014 CW Bond Claims | Class 46 |
| 2012 PBA Bond Claims | Class 10 | Retail 2014 CW Bond Claims | Class 47 |
| Retail 2012 PBA Bond Claims | Class 11 | 2014 CW Guarantee Bond Claims | Class 49 |
| PBA/DRA Secured Claims | Class 12 | Retired ERS Participant Below-Threshold Claims | Class 51A |
| PBA General Unsecured Claims | Class 13 | Retired ERS Participant Below-Threshold Claims | Class 51B |
| PBA/DRA Unsecured Claims | Class 14 | Retired ERS Participant Above-Threshold Claims | Class 51D |
| Vintage CW Bond Claims | Class 15 | Retired ERS Participant Above-Threshold Claims | Class 51E |
| Retail Vintage CW Bond Claims | Class 16 | Active ERS Participant Above-Threshold Claims | Class 51F |
| Vintage CW Bond Claims (Assured) | Class 17 | Retired TRS Participant Above-Threshold Claims | Class 51G |
| Vintage CW Bond Claims (National) | Class 18 | Active ERS Participant Claims | Class 51H |
| Vintage CW Bond Claims (Ambac) | Class 19 | Active TRS Participant Claims | Class 51I |
| Vintage CW Bond Claims (FGIC) | Class 20 | TRS Payroll Participant Above-Threshold Claims | Class 51J |
| Vintage CW Bond Claims (Syncora) | Class 21 | AFSCME Claims | Class 52 |
| Vintage CW Guarantee Bond Claims | Class 23 | Dairy Producers Claims | Class 53 |
| Vintage CW Guarantee Bond Claims (Assured) | Class 24 | Eminent Domain Claims | Class 54 |
| Vintage CW Guarantee Bond Claims (National) | Class 25 | Med Center Claims | Class 56 |
| Vintage CW Guarantee Bond Claims (Ambac) | Class 26 | CW General Unsecured Claims | Class 58 |
| Vintage CW Guarantee Bond Claims (FGIC) | Class 27 | CW/HTA Claims | Class 59 |
| Vintage CW Guarantee Bond Claims (Syncora) | Class 28 | CW/Convention Center Claims | Class 60 |
| | | CW/PRIFA Rum Tax Claims | Class 61 |
| 2011 CW Bond Claims | Class 30 | CW/MBA Claims | Class 62 |
| Retail 2011 CW Bond Claims | Class 31 | ERS General Unsecured Claims | Class 65 |
| 2011 CW Bond Claims (Assured) | Class 32 | Federal Claims | Class 66 |

---

3. *Confirmation Hearing.* A hearing to consider confirmation of the Plan (the "Confirmation Hearing") will be held before The Honorable Laura Taylor Swain, via telephonic hearing through CourtSolutions on **November 8 – 10, 12, 15 – 18, and 22 - 23, 2021 at 9:30 a.m. (Atlantic Standard Time)**.

4. The Confirmation Hearing may be continued from time to time by the Court or the Oversight Board, without further notice or through adjournments announced in open court or as indicated in any notice of agenda of matters scheduled for hearing filed with the Court, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, in accordance with the modification provisions of the Plan and Local Rule 3016-2, without further notice to interested parties.

5. *Plan Confirmation Depository.* Information relating to confirmation of the Plan is available online in the Plan Confirmation Depository at title@planDataroom.com.

6. *Confirmation Objection Deadline.* The Court has established **5:00 p.m. (Atlanic Standard Time) on October 19, 2021** (the "Confirmation Objection Deadline") as the deadline to file objections or responses to confirmation of the proposed Plan.

7. *Objections and Responses to Confirmation.* Objections and responses to confirmation of the Plan must:
   a. be in writing, in English, and signed;
   b. State the name, address, and nature of the Claim of the objecting or responding party;
   c. State with particularity the basis and nature of any objection or response and include, where appropriate, proposed language to be inserted in the Plan to resolve any such objection or response;
   d. Be filed electronically with the Court on the docket of *In re Commonwealth of Puerto Rico*, Case No. 17 BK 3283-LTS, through the Court's case filing system in searchable portable document format on **or before October 19, 2021 at 5:00 p.m. (Atlantic Standard Time)**.
      i. If you are not an attorney who is a registered user of the Court's case filing system, you may instead mail your objection to the Court's Clerk's office at:
         United States District Court, Clerk's Office
         150 Ave. Carlos Chardon Ste. 150,
         San Juan, P.R. 00918-1767
      so as to be received **on or before October 19, 2021 at 5:00 p.m. (Atlantic Standard Time)**; and
   e. Be served upon the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: In re: Commonwealth of Puerto Rico) so as to be received on or before the Final Confirmation Objection Deadline.

8. *Participation in Confirmation Discovery.* If you wish to participate in discovery in connection with confirmation of the Plan, you must file a notice of your intention to participate in discovery (a "Discovery Notice"), a form of which is available at https://cases.primeclerk.com/puertorico/. If you file your Discovery Notice on or before **August 15, 2021**, you may be granted access to documents in the Plan Depository, where information and documents concerning the Plan are kept, and will also be able to serve your own discovery requests. If you file your Discovery Notice **after August 15, 2021, but on or before October 19, 2021**, you may be granted access to documents in the Plan Depository. Please note that access to the information in the Plan Depository may also require complying with the Debtors' access requirements.

9. You must submit the Discovery Notice in the form provided on the Title III Case website above, which must:
   a. Be in writing, in English, and be signed;
   b. State your name, address, the nature of your Claim, and your Claim number;
   c. State your intention to participate in discovery in connection with confirmation of the Plan; and
   d. Be filed electronically with the Court on the docket using the CM/ECF docket event Notice of Intent to Participate in Discovery for Commonwealth Plan Confirmation, in *In re Commonwealth of Puerto Rico*, Case No. 17 BK 3283-LTS, through the Court's case filing system on or before the applicable deadline.
      i. If you are not represented by counsel, you may instead mail your Discovery Notice to the Court's Clerk's office at:
         United States District Court, Clerk's Office
         150 Ave. Carlos Chardon Ste. 150
         San Juan, P.R. 00918-1767
      so as to be received on or before the applicable deadline.

10. **You must timely file a Discovery Notice to participate in discovery in connection with confirmation of the Plan.** Failure to timely file a Discovery Notice, however, will not preclude you from filing an objection to confirmation of the Plan on or before the Confirmation Objection Deadline, but will preclude you from being able to view documents in the Plan Depository, and from taking discovery.

11. *Discovery Timetable and Deadlines.* The Court has established the following discovery dates and deadlines, which are applicable to the Debtors and to other parties in interest who have timely filed a Discovery Notice and are eligible to participate in discovery:[3]

### Summary of Certain Deadlines

| | |
|---|---|
| **August 3, 2021** | Deadline for the Debtors to file a preliminary fact witness list and topics about which each witness is expected to testify ("Debtors' Preliminary Fact Witness List"). |
| | Deadline for the Debtors to file an opening summary brief explaining what the Debtors expect to prove at confirmation. |
| **August 6, 2021** | Opening date for all parties to serve initial requests for production of non-depository documents ("Initial Production Requests"). Creditors and parties in interest may serve Initial Production Requests only following their filing of a Notice of Intent to Participate in Discovery (as defined below). Responses and objections to such Initial Production Requests shall be served within seven (7) days of service of such Requests. |
| **August 15, 2021** | Deadline for Eligible Creditors and parties in interest to file a "Notice of Intent to Participate in Discovery," also known as a "Discovery Notice." Only parties who file a timely Notice of Intent to Participate in Discovery can propound discovery, but failure to do so does not preclude a party from objecting to confirmation of the Plan. |

---

| **September 6, 2021** | Deadline for Eligible Creditors to file a preliminary fact witness list and topics about which each witness is expected to testify (an "Eligible Creditor's Preliminary Fact Witness List"). |
|---|---|
| | Deadline for all parties to serve opening expert disclosures ("Opening Expert Disclosures"). |
| **September 13, 2021** | Deadline for all parties to serve opening expert reports ("Opening Expert Reports"). |
| **September 13, 2021** | Deadline for all parties to serve initial notices of deposition, topics and requested times for depositions ("Initial Notices of Deposition") (all parties are limited to seven (7)-hour time limit for depositions). Subsequent notices are allowed provided discovery is completed within time allowed. |
| **September 30, 2021** | Deadline for all parties to file *Daubert* motions and motions *in limine*. |
| **October 1, 2021** | Deadline for all parties to serve up to fifteen (15) interrogatories ("Interrogatories"), including subparts. Responses and objections to such Interrogatories shall be served within ten (10) days of service of such Interrogatories. |
| **October 4, 2021** | Deadline for all parties to serve rebuttal expert disclosures ("Rebuttal Expert Disclosures"). |
| | Deadline for all parties to file any follow-up requests for production ("Follow-Up Production Requests," and collectively with Initial Production Requests, "Production Requests"). |
| **October 8, 2021** | Deadline for all parties to file rebuttal expert reports ("Rebuttal Expert Reports"). |
| | Deadline for the Debtors to file an initial proposed order in support of confirmation of the Plan (the "Initial Proposed Confirmation Order"). |
| **October 11, 2021** | Deadline for all parties to serve requests for admission, limited to authentication of documents ("Admission Requests"). |
| | Completion of fact discovery (the "Fact Discovery Deadline"). |
| **October 15, 2021** | Deadline for all parties to file oppositions to *Daubert* motions and motions *in limine*. |
| **October 18, 2021** | Completion of expert discovery (the "Expert Discovery Deadline"). |
| **October 19, 2021** | Deadline for Eligible Creditors to file objections to confirmation of the Plan (the "Objections"). |
| | Deadline to file Notice of Intent to Participate in Discovery or Discovery Notice for Eligible Creditors who solely want access to documents in the Plan Depository. |
| **October 22, 2021** | Deadline for Eligible Creditors to file objections to the Initial Proposed Confirmation Order. |
| | Deadline for all parties to file finalized witness lists, exhibit lists and deposition designations. |
| | Deadline for all parties to file replies to *Daubert* motions and motions *in limine*. |
| **October 25, 2021** | Deadline for all parties to file witness declarations to be used at the Confirmation Hearing ("Witness Declarations"). |
| | Deadline for Debtors to file initial proposed findings of fact and conclusions of law in support of confirmation of the Plan (the "Initial Findings of Fact and Conclusions of Law"). |
| **October 27, 2021** | Deadline for Debtors to file Replies in Support of the Proposed Confirmation Order, and for Debtors to file Replies to Objections to confirmation of the Plan. |
| **October 30, 2021** | Deadline for all parties to serve counter-designations, objections to deposition designations, or objections to exhibit lists. |
| **November 1, 2021** | Virtual hearing on motions *in limine*. |
| **November 8, 2021** | Start of Confirmation Hearing. |

12. *Voting Record Date.* The Court has established June 1 is **July 13, 2021** (the "Voting Record Date"), as the date for determining which holders of Claims in Voting Classes (except Bond Classes,[4] Class 51, and Class 52) are entitled to vote on the Plan. Therefore, only those creditors in a Class entitled to vote on the Plan and holding Claims against the Debtors (except in the Bond Classes, Class 51, and Class 52) as of the Voting Record Date are entitled to vote on the Plan.

13. *Voting Deadline.* The deadline for voting on the Plan is on **October 4, 2021, at 5:00 p.m. (Atlantic Standard Time)**, unless such time is extended (the "Voting Deadline"). *You are not required to vote on the Plan to receive distributions pursuant to the terms of the Plan, if confirmed by the Court, and provided you hold an Allowed Claim.*

14. If you received a Solicitation Package, including a Ballot or Notice and intend to vote on the Plan, you **must**: (a) follow the instructions carefully; (b) complete *all* of the required information on the Ballot (as applicable); and (c) either (i) execute and return your completed Ballot according to and as set forth in detail in the voting instructions included in the Solicitation Package so that your Ballot is *actually received* by the Debtors' solicitation agent, Prime Clerk (the "Balloting Agent") on or before the Voting Deadline, or (ii) instruct your broker or nominee (each, a "Nominee") to electronically deliver your bonds via the Automated Tender Offer Program ("ATOP") at The Depository Trust Company ("DTC") in accordance with your desire to vote to accept or reject the Plan on or before the Voting Deadline. *Failure to follow such instructions may disqualify your vote.*

15. *Election Deadline.* The deadline for holders of eligible Bond Claims that have the right to make an election of the form of distributions under the Plan to make such election is on **October 4, 2021, at 5:00 p.m. (Atlantic Standard Time)**, unless such time is extended (the "Election Deadline"). If you received a Notice with an option to make an election, you *must*: (a) follow the instructions carefully; and (b) deliver *all* of the required information according to and as set forth in detail in the election instructions so that it is received by your Nominee in sufficient time for your Nominee to *actually effectuate* your election through DTC's ATOP on or before the Election Deadline.

continues on the next page►

**Legal Notice (Page 2 of 3)**

► continued from the previous page

16. **Parties in Interest Not Entitled to Vote.** Creditors in the following Classes are deemed to reject the Plan and not entitled to vote:
- Class 63 (CW Appropriations Claims), and
- Class 64 (CW 510(b) Subordinated Claims).

17. Creditors in the following Classes are deemed to accept the Plan and not entitled to vote, but will receive distributions pursuant to the terms of the Plan, if confirmed by the Court:
- Class 51A (Retired ERS Participant Below-Threshold Claims),
- Class 51C (Retired TRS Participant Below-Threshold Claims),
- Class 51J (System 2000 Participant Below-Threshold Claims),
- Class 51K (VTP Payroll Participant Below-Threshold Claims),
- Class 55 (Energy Incentive Claims),
- Class 57 (Tax Credit Claims),
- Class 67 (Gracia-Gracia Claims), and
- Class 68 (Convenience Claims).

18. If a Claim is listed on the Debtors' list of creditors [Case No. 17-3283, ECF Nos. 1215, 1316, 2582, 10708] as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the earlier of the applicable bar date for the filing of proofs of claim established by the Court or the Voting Record Date (as applicable); or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, such Claim shall not be entitled to vote to accept or reject the Plan. Proofs of claim filed for $0.00 or Claims that have been expunged by order of the Court are also not entitled to vote.

19. If you are in Classes 63 or 64, or have timely filed a proof of claim and disagree with the Debtors' classification of, objection to, or request for estimation of your Claim and believe you should be entitled to vote on the Plan, you must serve the Debtors and the U.S. Trustee (address listed in paragraph 7(e) above) and file with the Court (with a copy to Chambers) a motion (a "Rule 3018(a) Motion") for an order pursuant to Rule 3018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") temporarily allowing your Claim in a different amount or in a different Class for purposes of voting to accept or reject the Plan. All Rule 3018(a) Motions must be filed on or before the tenth (10th) day after the later of (i) service of this Confirmation Hearing Notice and (ii) service of notice of an objection or request for estimation, if any, as to such Claim. In accordance with Bankruptcy Rule 3018(a), as to any to any creditor filing a Rule 3018(a) Motion, such creditor's Ballot will not be counted except as may be otherwise ordered by the Court prior to the Voting Deadline (**October 4, 2021 at 5:00 p.m. (Atlantic Standard Time)**). Creditors may contact the Balloting Agent (i) via first class mail or via overnight courier, at Puerto Rico Ballot Processing, C/O Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, (ii) by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available); or (iii) by email at puertoricoinfo@primeclerk.com, to receive an appropriate Ballot for any Claim for which a proof of claim has been timely filed and a Rule 3018(a) Motion has been granted. Rule 3018(a) Motions that are not timely filed and served in the manner set forth herein shall not be considered.

20. If you wish to have your Claim temporarily allowed for voting purposes pursuant to Bankruptcy Rule 3018(a), a form of Rule 3018(a) motion together with instructions for filing and serving the motion is available at https://cases.primeclerk.com/puertorico/.

21. **Parties Who Will Not Be Treated as Creditors.** Any holder of a Claim that (i) is scheduled in the List of Creditors at $0.00 and is not the subject of a timely filed proof of Claim or a proof of claim deemed timely filed with the Court pursuant to either the Bankruptcy Code or any order of the Court, or otherwise deemed timely filed under applicable law, or (ii) is not scheduled and is not the subject of a timely filed proof of claim or a proof of claim deemed timely filed with the Court pursuant to either the Bankruptcy Code or any order of the Court, or otherwise deemed timely filed under applicable law, shall not be treated as a creditor with respect to such Claim for purposes of (a) receiving notices regarding the Plan, and (b) voting on the Plan.

22. **Additional Information.** Any party in interest wishing to obtain information about the solicitation procedures or copies of the Disclosure Statement or the Plan, including Spanish translations thereof, should contact the Balloting Agent, Prime Clerk LLC, by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available); or by email at puertoricoinfo@primeclerk.com, or may scan web documents by accessing either https://cases.primeclerk.com/puertorico/ or the Court's website, https://www.prd.uscourts.gov/. Please note that a Public Access to Court Electronic Records ("PACER") (http://www.pacer.psc.uscourts.gov) password and login are needed to access documents on the Court's website.

23. **Bankruptcy Rules 2002(c)(3) and 3016(c).** In accordance with Bankruptcy Rules 2002(c)(3) and 3016(c), set forth below are the release, exculpation, and injunction provisions contained in the Plan:

**Section 92.2 – Discharge and Release of Claims and Causes of Action:**

(a) Except as expressly provided in the Plan or the Confirmation Order, all distributions and rights afforded under the Plan shall be, and shall be deemed to be, in exchange for, and in complete satisfaction, settlement, discharge and release of, all Claims or Causes of Action against the Released Parties that arose, in whole or in part, prior to the Effective Date, relating to the Title III Cases, the Debtors or Reorganized Debtors or any of their respective Assets, property, or interests of any nature whatsoever, including any interest accrued on such Claims from and after the Petition Date, and regardless of whether any property will have been distributed or retained pursuant to the Plan on account of such Claims or Causes of Action. Upon the Effective Date, the Debtors and Reorganized Debtors shall be deemed discharged and released from any and all Claims, Causes of Action and any other debts that arose, in whole or in part, prior to the Effective Date (including prior to the Petition Date), and Claims of the kind specified in sections 502(g), 502(h) or 502(i) of the Bankruptcy Code and PROMESA Section 407, whether or not (a) a proof of claim based upon such Claim is filed or deemed filed under section 501 of the Bankruptcy Code, (b) such Claim is allowed under section 502 of the Bankruptcy Code and PROMESA Section 407 (or is otherwise resolved), or (c) the holder of a Claim based upon such debt voted to accept the Plan. For the avoidance of doubt, nothing contained herein or in the Confirmation Order shall release, discharge or enjoin any claims or causes of action against PREPA arising from or related to PREPA-issued bonds, including, without limitation, Monoline-issued insurance pertaining thereto, and PREPA is not releasing any claims or causes of action against any non-Debtor Entity. Claims and causes of action against PREPA arising from or related to PREPA-issued bonds, and

releases against PREPA and its assets shall be addressed in PREPA's Title III case, including, without limitation, any plan of adjustment therein.

(b) Except as expressly provided in the Plan or the Confirmation Order, all Entities shall be precluded from asserting any and all Claims against the Debtors and Reorganized Debtors, and each of their respective Assets, property and rights, remedies, Claims or Causes of Action or liabilities of any nature whatsoever, relating to the Title III Cases, the Debtors or Reorganized Debtors or any of their respective Assets and property, including any interest accrued on such Claims from and after the Petition Date, and regardless of whether any property will have been distributed or retained pursuant to the Plan on account of such Claims or other obligations, suits, judgments, damages, debts, rights, remedies, causes of action or liabilities. In accordance with the foregoing, except as expressly provided in the Plan or the Confirmation Order, the Confirmation Order shall constitute a judicial determination, as of the Effective Date, of the discharge and release of all such Claims, Causes of Action or debt of or against the Debtors and the Reorganized Debtors pursuant to sections 524 and 944 of the Bankruptcy Code, applicable to the Title III Case pursuant to Section 301 of PROMESA, and such discharge shall void and extinguish any judgment obtained against the Debtors or Reorganized Debtors and their respective Assets, and property at any time, to the extent such judgment is related to a discharged Claim, debt or liability. As of the Effective Date, and in consideration for the value provided under the Plan, each holder of a Claim in any Class under this Plan shall be and hereby is deemed to release and forever waive and discharge as against the Debtors and Reorganized Debtors, and their respective Assets and property and all such Claims.

(c) Notwithstanding any other provisions of this Section 92.2, in accordance with the provisions of the GO/PBA Plan Support Agreement, each of the GO/PBA PSA Creditors and their respective Related Persons, solely in their capacity as Creditors of the Debtors, shall (i) be deemed to have released and covenanted not to sue or otherwise pursue or seek to recover damages or to seek any other type of relief against any of the Government Releasees based upon, arising from or relating to the Government Released Claims or any of the Claims or Causes of Action asserted or which could have been asserted, including, without limitation, in the Clawback Actions and the Lift Stay Motions, and (ii) not directly or indirectly aid any person in taking any action with respect to the Government Released Claims that is prohibited by this Section 92.2.

(d) Limitation. Notwithstanding anything contained herein or in the Confirmation Order to the contrary, no provision shall (i) preclude the SEC from enforcing its police or regulatory powers, or (ii) enjoin, limit, impair or delay the SEC from commencing or continuing any claims, causes of action, proceedings or investigations against any non-debtor person or non-debtor entity in any forum.

(e) United States Limitation. Notwithstanding anything contained herein or in the Confirmation Order to the contrary, no provision shall (i) impair the United States, its agencies, departments, or agents, or in any manner relieve the Debtors or the Reorganized Debtors, as the case may be, from compliance with federal laws or territorial laws and requirements implementing a federally authorized or federally delegated program protecting the health, safety and environment of persons in such territory, (ii) expand the scope of any discharge, release, or injunction to which the Debtors or the Reorganized Debtors are entitled under Title III, and (iii) discharge, release, enjoin, or otherwise bar (A) any liability of the Debtors or the Reorganized Debtors to the United States arising from and after the Effective Date, (B) any liability to the United States that is not a Claim, (C) any affirmative defense or any right of setoff or recoupment of the United States, the Debtors or the Reorganized Debtors, as the case may be, and such rights of setoff and recoupment of such parties are expressly preserved, (D) the continued validity of the obligations of the United States, the Debtors or the Reorganized Debtors, as the case may be, under any United States grant or cooperative assistance agreement, (E) the Debtors' or the Reorganized Debtors' obligations arising under federal police or regulatory laws, including, but not limited to, laws relating to the environment, public health or safety, or territorial laws implementing such federal legal provisions, including, but not limited to, compliance obligations, requirements under consent decrees or judicial orders, and obligations to pay associated administrative, civil, or other penalties, and (F) any liability to the United States on the part of any non-debtor. Without limiting the foregoing, nothing contained herein or in the Confirmation Order shall be deemed (i) to determine the tax liability of any Entity, including, but not limited to, the Debtors and the Reorganized Debtors, (ii) to be binding on the IRS with regard to the federal tax liabilities, tax status, or tax filing and withholding obligations of any entity, including, but not limited to, the Debtors and the Reorganized Debtors, (iii) to release, satisfy, discharge, or enjoin the collection of any claim of the IRS against any Entity other than the Debtors and the Reorganized Debtors, and (iv) to grant any relief to any Entity that the Court is prohibited from granting the Declaratory Judgment Act, 28 U.S.C. § 2201(a), or the Tax Anti-Injunction Act, 26 U.S.C. § 7421(a).

(f) Underwriter Actions. Notwithstanding anything contained herein or in the Confirmation Order to the contrary, including, without limitation, Sections 92.2, 92.3 and 92.11 of the Plan, except as may be precluded pursuant to the provisions of PROMESA, nothing in the Plan, the Confirmation Order or any Plan-related document set forth in the Plan Supplement is intended, nor shall it be construed, to impair, alter, modify, diminish, prohibit, bar, restrain, enjoin, release, reduce, eliminate or limit the rights of the plaintiffs and defendants, including, without limitation, the parties to the Underwriter Actions, from asserting their respective rights, claims, causes of action or defenses in the Underwriter Actions, including, but not limited to, any Claims, defenses, Causes of Action, and rights of setoff or recoupment (to the extent available).

**Section 92.3 – Injunction on Claims:** Except as otherwise expressly provided in the Plan, the Confirmation Order or such other Final Order of the Title III Court that may be applicable, all Entities who have held, hold or may hold Claims or any other debt or liability that is discharged or released pursuant to Section 92.2 hereof or who have held, hold or may hold Claims or any other debt or liability that is discharged or released pursuant to Section 92.2 hereof are permanently enjoined, from and after the Effective Date, from (a) commencing or continuing, directly or indirectly, in any manner, any action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) of any kind on any such Claim or other debt or liability that is discharged pursuant to the Plan against any of the Released Parties or any of their respective assets or property, (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order against any of the Released Parties or any of their respective assets or property on account of any Claim or other debt or liability that is discharged pursuant to the Plan, (c) creating, perfecting, or enforcing any encumbrance of any kind against any of the Released Parties or any of their respective assets or property on account of any Claim or other debt or liability that is discharged pursuant to the Plan, and (d) except to the extent provided, permitted or preserved by

sections 553, 555, 556, 559, or 560 of the Bankruptcy Code or pursuant to the common law right of recoupment, asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from any of the Released Parties or any of their respective assets or property, with respect to any such Claim or other debt or liability that is discharged pursuant to the Plan. Such injunction shall extend to all successors and assigns of the Released Parties and their respective assets and property.

**Section 92.5 – Releases by the Debtors and Reorganized Debtors:** Except as otherwise expressly provided in the Plan or the Confirmation Order, on the Effective Date, and for good and valuable consideration, each of the Debtors and Reorganized Debtors, the Disbursing Agent and each of the Debtors' and Reorganized Debtors' Related Persons shall be deemed to have and hereby does irrevocably and unconditionally, fully, finally and forever waive, release, acquit, and discharge the Released Parties from any and all Claims or Causes of Action that the Debtors, Reorganized Debtors, and the Disbursing Agent, or any of them, or anyone claiming through them, on their behalf or for their benefit, have or may have or claim to have, now or in the future, against any Released Party that are Released Claims or otherwise are based upon, relate to, or arise out of or in connection with, in whole or in part, any act, omission, transaction, event or other circumstance relating to the Title III Cases or the Debtors taking place or existing on or prior to the Effective Date, and/or any Claim, act, fact, transaction, occurrence, statement, or omission in connection therewith or alleged or that could have been alleged, including, without limitation, any such Claim, demand, right, liability, or cause of action for indemnification, contribution, or any other basis in law or equity for damages, costs or fees.

**Section 92.6 – Injunction Related to Releases:** As of the Effective Date, all Entities that hold, have held, or may hold a Released Claim that is released pursuant to Section 92.5 of the Plan, are, and shall be, permanently, forever and completely stayed, restrained, prohibited, barred and enjoined from taking any of the following actions, whether directly or indirectly, derivatively or otherwise, on account of or based on the subject matter of such discharged Released Claims: (i) commencing, conducing or continuing in any manner, directly or indirectly, any suit, action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) in any forum; (ii) enforcing, attaching (including, without limitation any prejudgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order; (iii) creating, perfecting or in any way enforcing in any matter, directly or indirectly, any Lien; (iv) setting off, seeking reimbursement or contributions from, or subrogation against, or otherwise recouping in any manner, directly or indirectly, any amount against any liability or obligation owed to any Entity released under Section 92.5 hereof; and (v) commencing or continuing in any manner, in any place or any judicial, arbitration or administrative proceeding in any forum, that does not comply with or is inconsistent with the provisions of the Plan or the Confirmation Order. For the avoidance of doubt, the following stipulations will terminate upon the entry of the Confirmation Order: the Fourth Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority Regarding the Tolling of Statute of Limitations and Consent Order [Case No. 173283-LTS, ECF No. 15854], as amended; and the Fourth Amended Stipulation and Consent Order Between Title III Debtors (Other Than COFINA) and the Puerto Rico Fiscal Agency and Financial Advisory Authority Acting on Behalf of the Governmental Entities Listed on Appendix "B" Regarding the Tolling of Statute of Limitations [Case NO. 17-3283-LTS, ECF No. 17394], as amended.

**Section 92.7 – Exculpation:**

(a) Government Parties: The Oversight Board, AAFAF, the Debtors, and each of their respective Related Persons, solely acting in its capacity as such at any time up to and including the Effective Date, shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Cases, the formulation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan; provided, however, that the foregoing provisions of this Section 89.7 shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct. Nothing in the foregoing provisions of this Section 89.7(a) shall prejudice the right of any of the Government Parties, and the Government Parties' officers and directors serving at any time up to and including the Effective Date, and each of their respective professionals to assert reliance upon advice of counsel as a defense with respect to their duties and responsibilities under the Plan.

(b) PSA Creditors: Each of the PSA Creditors solely in its capacity as a party to the GO/PBA Plan Support Agreement and/or the HTA/CCDA Plan Support Agreement and a Creditor and/or insurer, as applicable, from the Petition Date up to and including the Effective Date and each of their respective Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Cases, mediation, the negotiation, formation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, the GO/PBA Plan Support Agreement, the HTA/CCDA Plan Support Agreement, the Definitive Documents, or any other contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan; provided, however, that the foregoing provisions of this Section 92.7(b) shall not affect any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct.

(c) Retiree Committee: Each of the members of the Retiree Committee, solely in its capacity as a member of the Retiree Committee and a Creditor, as applicable, from the Petition Date up to and including the Effective Date and each of the Retiree Committee's Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Cases, the formation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, the Retiree Committee Plan Support Agreement, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan and the foregoing provisions of this Section 92.7(c) shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct.

continues on the next page ►

**Legal Notice (Page 3 of 3)**

▶ continued from the previous page

(d) Creditors' Committee: Each of the members of the Creditors' Committee, solely in its capacity as a member of the Creditors' Committee, and the Creditors' Committee, from the Petition Date up to and including the Effective Date and each of the Creditors' Committee's Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Cases, the formation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan; provided, however, that the foregoing provisions of this Section 92.7(d) shall not affect the liability of any Entity that would otherwise result from any such act or omission to the extent such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct.

(e) AFSCME: Each of AFSCME solely in its capacity as a party to the AFSCME Plan Support Agreement and a Creditor, as applicable, from the Petition Date up to and including the Effective Date and each of their respective Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Cases, the formation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, the AFSCME Plan Support Agreement, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transaction set forth in the Plan and the AFSCME Plan Support Agreement; provided, however, that, the foregoing provisions of this Section 89.7(e) shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct.

(f) Monoline Insurers: Ambac, Assured, FGIC, National, Syncora, and their Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken consistent with the Plan or in connection with the formulation, preparation, dissemination, implementation, acceptance, confirmation or approval of the Plan, including, without limitation, in connection with the treatment of Ambac Insured Bond Claims, Assured Insured Bond Claims, FGIC Insured Bond Claims, National Insured Bond Claims, or Syncora Insured Bond Claims, the voting procedures, the election procedures, and any release of obligations under the applicable Ambac Insurance Policies, Assured Insurance Policies, FGIC Insurance Policies, National Insurance Policies, or Syncora Insurance Policies; provided, however, that, notwithstanding anything contained herein to the contrary, the terms and provisions of the Plan shall not, and shall not be construed to, release or exculpate, with respect to any beneficial holder of Ambac Insured Bonds, Assured Insured Bonds, FGIC Insured Bonds, National Insured Bonds, or Syncora Insured Bonds any payment obligation under the applicable Ambac Insurance Policy, Assured Insurance Policy, FGIC Insurance Policy, National Insurance Policy, or Syncora Insurance Policy in accordance with its terms solely to the extent of any failure of such holder to receive the Ambac Treatment, Assured Treatment, FGIC Treatment, National Treatment, or Syncora Treatment, as applicable (or any claims that Ambac, Assured, FGIC, National, or Syncora may have against a beneficial holder of respective insured bonds with respect to Ambac's, Assured's, FGIC's, National's or Syncora's applicable obligations under the Ambac Insurance Policies, Assured Insurance Policies, National Insurance Policies, or Syncora Insurance Policies, as applicable).

**Section 92.8 — Appointments Related Litigation:** Notwithstanding anything contained herein to the contrary, in the event that a Final Order is entered in connection with the Appointments Related Litigation or the Uniformity Litigation subsequent to entry of the Confirmation Order, in consideration of the distributions made, to be made, or deemed to be made in accordance with the terms and provisions of the Plan and documents and instruments related hereto, all Creditors or such other Entities receiving, or deemed to have received, distributions pursuant to or as a result of the Plan, consent and agree that such Final Order shall not in any way or manner reverse, affect or otherwise modify the transactions contemplated in the Plan and the Confirmation Order, including, without limitation, the releases, exculpations and injunctions provided pursuant to Article XCII of the Plan.

**Section 92.9 — Bar Order:** To the limited extent provided in the Plan, each and every Entity is permanently enjoined, barred and restrained from instituting, prosecuting, pursuing or litigating in any manner any and all Claims, demands, rights, liabilities, or causes of action of any and every kind, character or nature whatsoever, in law or in equity, known or unknown, direct or derivative, whether asserted or unasserted, against any of the Released Parties, based upon, related to, or arising out of or in connection with any of the Released Claims, confirmation and consummation of the Plan, the negotiation and consummation of the GO/PBA Plan Support Agreement, or any claim, act, fact, transaction, occurrence, statement or omission in connection with or alleged or that could have been alleged in the Title III Cases, including, without limitation, any such claim, demand, right, liability or cause of action for indemnification, contribution, or any other basis in law or equity for damages, costs or fees incurred arising directly or indirectly from or otherwise relating to the Title III Cases, either directly or indirectly by any Person for the direct or indirect benefit of any Released Party arising from or related to the claims, acts, facts, transactions, occurrences, statements or omissions that are, could have been or may be alleged in the related actions or any other action brought or that might be brought by, through, on behalf of, or for the benefit of any of the Released Parties (whether arising under federal, state or foreign law, and regardless of where asserted).

**Section 92.11 — Supplemental Injunction:** Notwithstanding anything contained herein to the contrary, except to the limited extent provided in the Plan, all Entities, including Entities acting on their behalf, who currently hold or assert, have held or asserted, or may hold or assert, any Released Claims against any of the Released Parties based upon, attributable to, arising out of or relating to the Title III Cases or any Claim against the Debtors, whenever and wherever arising or asserted, whether in the United States or anywhere else in the world, whether sounding in tort, contract, warranty, statute, or any other theory of law, equity or otherwise, shall be, and shall be deemed to be, permanently stayed, restrained and enjoined from taking any action against any of the Released Parties for the purpose of directly or indirectly collecting, recovering or receiving any payment or recovery with respect to any Released Claims arising prior to the Effective Date (including prior to the Petition Date), including, but not limited to:

(a) Commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Released Claim against any of the Released Parties or the assets or property of any Released Party;

(b) Enforcing, attaching, collecting or recovering, by any manner or means, any judgment, award, decree or order against any of the Released Parties or the assets or property of any Released Party with respect to any such Released Claim;

(c) Creating, perfecting or enforcing any Lien of any kind against any of the Released Parties or the assets or property of any Released Party with respect to any such Released Claim;

(d) Except as otherwise expressly provided in the Plan or the Confirmation Order, asserting, implementing or effectuating any setoff, right of subrogation, indemnity, contribution or recoupment of any kind against any obligation due to any of the Released Parties or against the property of any Released Party with respect to any such Released Claim; and

(e) Taking any act, in any manner, in any place whatsoever, that does not conform to, or comply with, the provisions of the Plan or the Confirmation Order, provided, however, that the Debtors' compliance with the formal requirements of Bankruptcy Rule 3016 shall not constitute an admission that the Plan provides for any injunction against conduct not otherwise enjoined under the Bankruptcy Code.

Dated: August 2, 2021, San Juan, Puerto Rico

Respectfully submitted, /s/ Martin J. Bienenstock , Martin J. Bienenstock (pro hac vice), Brian S. Rosen (pro hac vice), **PROSKAUER ROSE LLP,** Eleven Times Square, New York, NY 10036, Attorneys for the Financial Oversight and Management Board as representative for the Debtors –and– /s/ Hermann D. Bauer , Hermann D. Bauer, USDC No. 215205, **O'NEILL & BORGES LLC,** 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918-1813, Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors

† The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

‡ All capitalized terms used but not otherwise defined shall have the meanings given to such terms in the Plan.

¹ All of the dates and procedures set forth in this notice are subject to change by further Court order.

² For the avoidance of doubt, because holders of Claims in the Bond Classes must submit their vote and/or election through DTC's Automated Tender Offer Platform, the Voting Record Date shall not apply to the Bond Classes, and the holder of the applicable security at the time of tender shall be eligible to cast a vote and/or make an election.

# Requests for Proposals Advertisement

## STATE OF NEW JERSEY
### DEPARTMENT OF THE TREASURY

**REQUEST FOR PROPOSALS – DUE: SEPTEMBER 13, 2021**

The New Jersey Department of the Treasury, Office of Public Finance is soliciting proposals from firms to act as an Independent Valuation Service Provider to the Department. A Request for Proposals may be obtained from: http://www.state.nj.us/treasury/public_finance/

---

## REQUEST FOR PROPOSALS
## TO PROVIDE MUNICIPAL AND SWAP ADVISORY SERVICES

The Metropolitan Transportation Authority (MTA) on behalf of itself and its subsidiaries and affiliates including the Triborough Bridge and Tunnel Authority (TBTA) is soliciting responses from qualified firms to provide municipal advisory services and/or derivative advisory services.

To obtain information about and register for this solicitation, a prospective Bidder **must** contact Mr. Adam Ellsworth of the Government Sourcing Group (GSG) by telephone at (203) 434-3918 or by email to aellsworr@mtabsc.org. Upon registration, GSG will facilitate access to **RFP#15692**, documents and provide instructions for responding to the E-Procurement RFP. It is anticipated that the documents will be available on or about September 1, 2021.

All questions should be directed to Alex Botkhin, of the MTA Procurement Department via email at abotkhin@mtabsc.org, or by telephone at (646) 376-0715, by 4:00 p.m. (ET) September 10, 2021. Any questions concerning this RFP will be responded to in writing to all parties that have requested the RFP package.

**Proposals are due by 4:00 p.m. (ET) on Friday, September 24, 2021.**

**Metropolitan Transportation Authority**



**To assemble your bond deal team, select from among the best firms in the municipal finance industry with a Request for Proposals in *The Bond Buyer*.**

Contact Wei-Ke (Victor) Kuo at
1-212-803-8612 or at wei-ke.kuo@arizent.com.

# Exhibit C

*El Nuevo Herald*

**(September 1, 2021)**



Affidavit

State of Florida September 29, 2020

County of Monroe, Dade and Broward

I Matthew Weisberg Being Duly Sworn on oath say he is and during all times herein stated has been the publisher's designated agent of the publication known as El Nuevo Herald has full knowledge of the facts herein stated as follows:

The run of paper advertisement (ROP) in the Main section A of El Nuevo Herald for LA Junta DE Supervoision Y Admistracion Financiera PARA Puerto Rico Case # 17 BK 3283-LTS was distributed to Publishers full circulations (El Nuevo Herald) On the Following dates

1st day of September 2021, El Nuevo Herald Main Section A page 7A

15th day of September 2021, El Nuevo Herald Main Section A page 13A

29th day of September 2021, El Nuevo Herald Main Section A page 9A

By: Matthew Weisberg

Signature _____ Matthew Weisberg _____    9/29/2021
F47CA2F63422432...

Subscribed this 29th day of September 2021

**ANTE EL TRIBUNAL DE DISTRITO DE ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO**

En el caso:
LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,

como representante de
EL ESTADO LIBRE ASOCIADO DE PUERTO RICO, EL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y LA AUTORIDAD DE EDIFICIOS PÚBLICOS DE PUERTO RICO,

Deudores.

Título III de PROMESA
Núm. 17 BK 3283-LTS
(Con administración conjunta)

**NOTIFICACIÓN DE (I) LA APROBACIÓN DE LA DECLARACIÓN DE DIVULGACIÓN, (II) EL ESTABLECIMIENTO DE LAS FECHAS DE REGISTRO, (III) LA VOTA DE CONFIRMACIÓN DEL PLAN DE AJUSTE Y LOS PROCEDIMIENTOS DE OBJECIÓN A LA CONFIRMACIÓN DEL PLAN DE AJUSTE, (IV) LOS PROCEDIMIENTOS Y LA FECHA LÍMITE PARA VOTAR SOBRE EL PLAN DE AJUSTE Y LA REALIZACIÓN DE DETERMINACIONES EN VIRTUD DE DICHO VOTO**

**FECHA LÍMITE DE VOTACIÓN Y ELECCIÓN: 5:00 p.m. (AST) del 4 de octubre de 2021**
**FECHA LÍMITE DE OBJECIONES: 5:00 p.m. (AST) del 19 de octubre de 2021**
**VISTA DE CONFIRMACIÓN: 8 al 10, 12, 15 al 18, 22, 23 y 25 de noviembre de 2021 a las 09:30 a.m. (AST)**

Se tiene alguna pregunta sobre esta notificación, comuníquese con Prime Clerk LLC por teléfono llamando al (844) 822-9231 (gratuito para llamadas dentro de Puerto Rico) o al (646) 486-7944 (para llamadas internacionales), de 10:00 a.m. a 7:00 p.m. (hora estándar del Atlántico) (disponible en español), o por correo electrónico enviando un mensaje a puertoricoinfo@primeclerk.com.

TENGA EN CUENTA LO SIGUIENTE:

1. *Aprobación de la Declaración de Divulgación.* Mediante orden de fecha 2 de agosto de 2021 [ECF Núm. 17639] (la "Orden de Declaración de Divulgación"), el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico (el "Tribunal") aprobó la adecuación de la información contenida en la *Declaración de Divulgación para el Séptimo Plan de Ajuste Conjunto Enmendado de Título III del Estado Libre Asociado de Puerto Rico, y otros*, de fecha 30 de julio de 2021 (con sus posibles modificaciones o enmiendas, incluyendo todos los anexos y apéndices a esta, la "Declaración de Divulgación"), presentada por la Junta de Supervisión y Administración Financiera en nombre del Deudor, y autorizó a los Deudores a comenzar a la solicitud con respecto a la aceptación o rechazo del *Séptimo Plan de Ajuste Conjunto Enmendado de Título III del Estado Libre Asociado de Puerto Rico, y otros*, de fecha 30 de julio de 2021 (con sus posibles modificaciones o enmiendas, incluyendo todos los anexos y apéndices a este, el "Plan")[*].

**Podrá solicitar una copia impresa del Plan y de la Declaración de Divulgación, incluyendo traducciones al español de ambos documentos, poniéndose en contacto con el Agente de Votación, Prime Clerk LLC**

**Por teléfono (10:00 a.m. hasta 7:00 p.m. (AST)) (disponible atención en español):**
**(844) 822-9231 (llamada gratuita en EE.UU. y Puerto Rico)**
**(646) 486-7944 (llamadas internacionales)**
**Por correo electrónico: puertoricoinfo@primeclerk.com**

Alternativamente, podrá consultar las copias electrónicas de la Declaración de Divulgación y del Plan visitando https://cases.primeclerk.com/puertorico/

2. De acuerdo con la Orden de Declaración de Divulgación, los Deudores enviarán por correo los materiales necesarios para votar el Plan o hacer elecciones sobre las distribuciones en virtud de este (el "Paquete de Convocatoria") a los tenedores o Reclamaciones en las siguientes Clases (colectivamente, las "Clases con Derecho al Voto"):

| | Clase |
|---|---|
| Reclamaciones de Bonos Vintage de la AEP | Clase 1 |
| Reclamaciones de Bonos Vintage de la AEP (Assured) | Clase 2 |
| Reclamaciones de Bonos Vintage de la AEP (National) | Clase 3 |
| Reclamaciones de Bonos Vintage de la AEP (Syncora) | Clase 4 |
| Reclamaciones de Bonos de la AEP (FGIC) | Clase 5 |
| Reclamaciones de Bonos Vintage de la AEP | Clase 6 |
| Reclamaciones de Bonos Minoristas de la AEP | Clase 7 |
| Reclamaciones de Bonos de la AEP | Clase 8 |
| Reclamaciones de Bonos 2011 de la AEP | Clase 9 |
| Reclamaciones de Bonos 2012 de la AEP | Clase 10 |
| Reclamaciones de Bonos 2012 Minoristas de la AEP | Clase 11 |
| Reclamaciones Generales de la AEP/ORA | Clase 12 |
| Reclamaciones Generales no Garantizadas de la AEP | Clase 13 |
| Reclamaciones Vintage de la ELA | Clase 14 |
| Reclamaciones de Bonos Minoristas del ELA (Assured) | Clase 15 |
| Reclamaciones de Bonos Minoristas del ELA (National) | Clase 16 |
| Reclamaciones de Bonos del ELA | Clase 17 |
| Reclamaciones de Bonos 2011 del ELA | Clase 18 |
| Reclamaciones de Bonos 2011 del ELA (Assured) | Clase 19 |
| Reclamaciones de Bonos Serie D/E/PB 2011 del ELA | Clase 20 |
| Reclamaciones de Bonos Serie D/E/PB 2011 del ELA (Assured) | Clase 21 |
| Reclamaciones de Bonos 2012 del ELA (Syncora) | Clase 22 |
| Reclamaciones de Bonos Garantizados del ELA (Assured) | Clase 23 |
| Reclamaciones de Bonos Garantizados del ELA (National) | Clase 24 |
| Reclamaciones de Bonos Garantizados del ELA (FGIC) | Clase 25 |
| Reclamaciones de Bonos Garantizados del ELA (Syncora) | Clase 26 |
| Reclamaciones 2011 del ELA | Clase 27 |
| Reclamaciones de Bonos 2011 Minoristas del ELA | Clase 28 |
| Reclamaciones de Bonos 2012 del ELA | Clase 29 |
| Reclamaciones de Bonos 2012 Minoristas del ELA | Clase 30 |
| Reclamaciones de Bonos 2012 del ELA (Assured) | Clase 31 |
| Reclamaciones de Bonos Garantizados 2012 del ELA | Clase 32 |
| Reclamaciones de Bonos 2014 del ELA | Clase 33 |
| Reclamaciones de Bonos 2014 Minoristas del ELA | Clase 34 |
| Reclamaciones Garantizadas 2014 del ELA | Clase 35 |
| Reclamaciones de Bonos 2011 del ELA (Assured) | Clase 36 |
| Reclamaciones de Bonos Serie D/E/PB 2011 Minoristas del ELA | Clase 37 |
| Reclamaciones de Bonos Serie D/E/PB 2011 Minoristas del ELA | Clase 38 |
| Reclamaciones de Bonos del ELA | Clase 39 |
| Reclamaciones Garantizadas del ELA (Assured) | Clase 40 |
| Reclamaciones de Bonos del ELA | Clase 41 |
| Reclamaciones de Participantes del SRM | Clase 42 |
| Reclamaciones de Participantes Activos del SRM | Clase 43 |
| Reclamaciones de Participantes Inactivos del SRM | Clase 44 |
| Reclamaciones de Participantes del SRM | Clase 45 |
| Reclamaciones de Participantes del SRM | Clase 46 |
| Reclamaciones de participantes del AFSCME | Clase 47 |
| Reclamaciones de los Bonistas del Umbral | Clase 48 |
| Reclamaciones de productores lácteos | Clase 49 |
| Reclamaciones de ELA/AFICT | Clase 50 |
| Reclamaciones de Empleados Gubernamentales | Clase 51 |
| Reclamaciones Generales del ELA/ACT | Clase 52 |
| Reclamaciones de Convenciones | Clase 53 |
| Reclamaciones de Bonos de la AFI | Clase 54 |
| Reclamaciones de EL/ACT | Clase 55 |
| Reclamaciones de ELA | Clase 56 |
| Reclamaciones de ELA/Impuesto al Ron de la AFI | Clase 57 |
| Reclamaciones de Bonos de la AFI | Clase 58 |
| Reclamaciones Generales de la AFI | Clase 59 |
| Reclamaciones del SRM de Convenciones | Clase 60 |
| Reclamaciones del ELA | Clase 61 |

3. *Vista de confirmación.* Se celebrará una vista para considerar la confirmación del Plan (la "Vista de Confirmación") ante la Honorable Laura Taylor Swain, en una vista telefónica a través de CourtSolutions los días **8 — 10, 12, 15 — 18 y 22 — 23 de noviembre y los 9:30 a.m. (hora estándar del Atlántico)**.

[The remaining text consists of extensive multi-column legal notice content detailing dates, procedures, objection processes, voting instructions, and related provisions, including a detailed calendar of deadlines with corresponding descriptions. The density and resolution of the text preclude complete reliable transcription of each paragraph.]

# Exhibit D

*El Diario NY*

**(September 1, 2021)**



**EL CAMPEON DE LOS HISPANOS**

# EL DIARIO

**LA PRENSA**  WWW.ELDIARIONY.COM

an impreMedia company

**Affidavit of Publication State of New York County of New York, ss:
The undersigned, <u>Esperanza Ruiz,</u> is an Account Executive of
EL DIARIO/LA PRENSA a company of Impremedia, located at
15 Metro Tech Center, 7th Floor, Brooklyn, NY 11201**

This is a daily newspaper published in **<u>New York State.</u>** The 2 page legal
notice of **<u>The Commonwealth of Puerto Rico</u>** was published in said
newspaper as set forth below or in the annexed exhibit.

This newspaper has been
designated by the Clerk of New York County for this purpose.

**Said Notice was published on:**

**Wednesday, September 01, 2021
Wednesday, September 15, 2021
Wednesday, September 29, 2021**

**Subscribed and sworn to before me this**

*Esperanza Ruiz*
Esperanza Ruiz
Account Executive

**day 30 of September 2021**

**Notary Public, New York County, N.Y.**

Jenny Alexandra Vera
Notary Public, State of New York
No. 01VE6346942
Qualified in Queens County
Commission Expires August 22, 20 24
New York
Queens

15 Metro Tech Center, 7th Fl. Brooklyn, NY 11201   Phone: ( 212) 807-4763   Fax: ( 212) 807-4617

**6 | El Diario NY** MIÉRCOLES 1 SEPTIEMBRE 2021

## Aviso Público (página 1 de 2)

**ANTE EL TRIBUNAL DE DISTRITO DE ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO**

En el caso:
LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,
como representante de
EL ESTADO LIBRE ASOCIADO DE PUERTO RICO, EL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y LA AUTORIDAD DE EDIFICIOS PÚBLICOS DE PUERTO RICO,
Deudores.[1]

Título III de PROMESA
Núm. 17 BK 3283-LTS
(Con administración conjunta)

**NOTIFICACIÓN DE (I) LA APROBACIÓN DE LA DECLARACIÓN DE DIVULGACIÓN, EL ESTABLECIMIENTO DE LAS FECHAS DE REGISTRO, (III) LA VISTA DE CONFIRMACIÓN DEL PLAN DE AJUSTE Y LOS PROCEDIMIENTOS DE OBJECIÓN A LA CONFIRMACIÓN DEL PLAN DE AJUSTE, (IV) LOS PROCEDIMIENTOS Y LA FECHA LÍMITE PARA VOTAR SOBRE EL PLAN DE AJUSTE Y LA REALIZACIÓN DE DETERMINADAS ELECCIONES EN VIRTUD DE DICHO VOTO**

**FECHA LÍMITE DE VOTACIÓN Y ELECCIÓN: 5:00 p.m. (AST) del 4 de octubre de 2021**
**FECHA LÍMITE DE OBJECIONES: 5:00 p.m. (AST) del 19 de octubre de 2021**
**VISTA DE CONFIRMACIÓN: 8 al 10, 12, 15 al 18, y 22-23 de noviembre de 2021 a las 09:30 a.m. (AST)**

Si tiene alguna pregunta sobre esta notificación, comuníquese con Prime Clerk LLC por teléfono llamando al (844) 822-9231 (gratuito para Estados Unidos y Puerto Rico) o al (646) 486-7944 (para llamadas internacionales), de 10:00 a.m. a 7:00 p.m. (hora estándar del Atlántico) (disponible en español), o por correo electrónico enviando un mensaje a puertoricoinfo@primeclerk.com.

**TENGA EN CUENTA LO SIGUIENTE:**

1. **Aprobación de la Declaración de Divulgación.** Mediante orden de fecha 2 de agosto de 2021 [ECF Núm. 17639] (la "Orden de Declaración de Divulgación"), el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico (el "Tribunal") aprobó la adecuación de la información contenida en la *Declaración de Divulgación para el Séptimo Plan de Ajuste Conjunto Enmendado de Título III del Estado Libre Asociado de Puerto Rico, y otros*, de fecha 30 de julio de 2021 (con sus posibles modificaciones o enmiendas, incluyendo todos los anexos y apéndices a esta, la "Declaración de Divulgación"), presentada por la Junta de Supervisión y Administración Financiera en nombre del Deudor, y autorizó a los Deudores a convocar a la votación con respecto a la aceptación o rechazo del *Séptimo Plan de Ajuste Conjunto Enmendado de Título III del Estado Libre Asociado de Puerto Rico, y otros*, de fecha 30 de julio de 2021 (con sus posibles modificaciones o enmiendas, incluyendo todos los anexos y apéndices a este, el "Plan").[2]

Podrá solicitar una copia impresa del Plan y de la Declaración de Divulgación, incluyendo traducciones al español de ambos documentos, poniéndose en contacto con el Agente de Votación, Prime Clerk LLC:

Por teléfono (10:00 a.m. hasta 7:00 p.m. (AST)) (disponible atención en español):
(844) 822-9231 (llamada gratuita en EE.UU. y Puerto Rico)
(646) 486-7944 (llamadas internacionales)
Correo electrónico: puertoricoinfo@primeclerk.com

Alternativamente, podrá consultar las copias electrónicas de la Declaración de Divulgación y del Plan visitando https://cases.primeclerk.com/puertorico/

2. De acuerdo con la Orden de Declaración de Divulgación, los Deudores enviarán por correo los materiales necesarios para votar el Plan o hacer elecciones sobre las distribuciones en virtud de este (el "Paquete de Convocatoria") a los Tenedores de Reclamaciones de las siguientes Clases (colectivamente, las "Clases con Derecho al Voto"):

| | Clase |
|---|---|
| Reclamaciones de Bonos Vintage de la AEP | Clase 1 |
| Reclamaciones de Bonos Vintage de la AEP (Assured) | Clase 2 |
| Reclamaciones de Bonos Vintage de la AEP (National) | Clase 3 |
| Reclamaciones de Bonos Vintage de la AEP (Ambac) | Clase 4 |
| Reclamaciones de Bonos Vintage de la AEP (FGIC) | Clase 5 |
| Reclamaciones de Bonos Vintage de la AEP (Syncora) | Clase 6 |
| Reclamaciones de Bonos Vintage Minoristas de la AEP | Clase 7 |
| Reclamaciones de Bonos 2011 de la AEP | Clase 8 |
| Reclamaciones de Bonos 2011 Minoristas de la AEP | Clase 9 |
| Reclamaciones de Bonos 2012 de la AEP | Clase 10 |
| Reclamaciones de Bonos 2012 Minoristas de la AEP | Clase 11 |
| Reclamaciones Garantizadas de la AEP/DRA | Clase 12 |
| Reclamaciones Generales no Garantizadas de la AEP | Clase 13 |
| Reclamaciones no Garantizadas de la AEP/DRA | Clase 14 |
| Reclamaciones de Bonos Vintage del ELA | Clase 15 |
| Reclamaciones de Bonos Vintage Minoristas del ELA | Clase 16 |
| Reclamaciones de Bonos Vintage del ELA (Assured) | Clase 17 |
| Reclamaciones de Bonos Vintage del ELA (National) | Clase 18 |
| Reclamaciones de Bonos Vintage del ELA (Ambac) | Clase 19 |
| Reclamaciones de Bonos Vintage del ELA (FGIC) | Clase 20 |
| Reclamaciones de Bonos Vintage del ELA (Syncora) | Clase 21 |
| Reclamaciones de Bonos Vintage Garantizados del ELA | Clase 22 |
| Reclamaciones de Bonos Vintage Garantizados del ELA (Assured) | Clase 23 |
| Reclamaciones de Bonos Vintage Garantizados del ELA (National) | Clase 24 |
| Reclamaciones de Bonos Vintage Garantizados del ELA (Ambac) | Clase 25 |
| Reclamaciones de Bonos Vintage Garantizados del ELA (FGIC) | Clase 26 |
| Reclamaciones de Bonos Vintage Garantizados del ELA (Syncora) | Clase 27 |
| Reclamaciones de Bonos 2011 del ELA | Clase 28 |
| Reclamaciones de Bonos 2011 Minoristas del ELA | Clase 30 |
| Reclamaciones de Bonos 2011 del ELA (Assured) | Clase 31 |
| Reclamaciones de Bonos 2011 del ELA (Assured) | Clase 32 |
| Reclamaciones Garantizadas 2011 del ELA | Clase 34 |
| Reclamaciones de Bonos Serie D/PE/PB 2011 del ELA | Clase 35 |
| Reclamaciones de Bonos Serie D/PE/PB 2011 del ELA (Assured) | Clase 37 |
| Reclamaciones de Bonos Serie D/PE/PB 2011 Minoristas del ELA | Clase 38 |
| Reclamaciones de Bonos 2012 del ELA | Clase 40 |
| Reclamaciones de Bonos 2012 Minoristas del ELA | Clase 41 |
| Reclamaciones de Bonos 2012 del ELA (Assured) | Clase 42 |
| Reclamaciones de Bonos Garantizados 2012 del ELA | Clase 44 |
| Reclamaciones de Bonos 2014 del ELA | Clase 46 |
| Reclamaciones de Bonos 2014 del ELA (Assured) | Clase 47 |
| Reclamaciones Garantizadas 2014 del ELA | Clase 49 |
| Reclamaciones de Jubilados Participantes del SRE en Encima del Umbral | Clase 51D |
| Reclamaciones de Participantes del SRJ por Debajo del Umbral | Clase 51B |
| Reclamaciones de Participantes del SRJ por Encima del Umbral | Clase 51E |
| Reclamaciones de Jubilados Participantes del SRM por Encima del Umbral | Clase 51F |
| Reclamaciones de Participantes Activos del SRJ | Clase 51G |
| Reclamaciones de Participantes Activos del SRJ | Clase 51H |
| Reclamaciones de Participantes Activos del SRM | Clase 51I |
| Reclamaciones de Participantes Activos del SRM | Clase 51J |
| Reclamaciones de Participantes de Nóminas de VTP por Encima del Umbral | Clase 52 |
| Reclamaciones de AFSCME | Clase 53 |
| Reclamaciones de productores lácteos | Clase 54 |
| Reclamaciones del Centro Médico | Clase 56 |
| Reclamaciones Sin Garantía del ELA | Clase 58 |
| Reclamaciones del ELA/ACT | Clase 59 |
| Reclamaciones del ELA/Centro de Convenciones | Clase 60 |
| Reclamaciones del ELA/Impuesto al Ron de la AFI | Clase 61 |
| Reclamaciones del ELA/AMA | Clase 62 |
| Reclamaciones de Bonos del SRE | Clase 65 |
| Reclamaciones Generales Sin Garantía del SRE | Clase 66 |
| Reclamaciones Federales | Clase 69 |

3. **Vista de confirmación.** Se celebrará una vista para considerar la confirmación del Plan (la "Vista de Confirmación") ante la Honorable Laura Taylor Swain, en una vista telefónica a través de CourtSolutions los días **8 – 10, 12, 15 – 18 y 22 – 23 de noviembre a las 9:30 a.m. (hora estándar del Atlántico)**.

971-101484-1

4. La Vista de Confirmación puede ser continuada periódicamente ante el Tribunal o la Junta de Supervisión, sin notificación adicional o a través de aplazamientos anunciados en audiencia pública o como se indica en cualquier notificación de los asuntos que se consideraron en la vista presentada ante el Tribunal, y el Plan puede ser modificado, si es necesario, antes, durante o como resultado de la Vista de Confirmación, de acuerdo con las disposiciones de modificación del Plan y la Regla Local 3016-2, sin notificación adicional a las partes interesadas.

5. **Depósito de confirmación del Plan.** La información relativa a la confirmación del Plan está disponible en línea en el Depósito de Confirmación del Plan en titleiiiplandataroom.com.

6. **Fecha límite de objeción de confirmación.** El Tribunal ha establecido el **19 de octubre de 2021 a las 5:00 p.m. (hora estándar del Atlántico)** (la "Fecha Límite de Objeción a la Confirmación") como fecha límite para presentar objeciones o réplicas a la confirmación del Plan propuesto.

7. **Objeciones y réplicas a la confirmación.** Las objeciones y réplicas a la confirmación del Plan deben:

a. Estar redactadas por escrito, en inglés, y firmadas;

b. Exponer el nombre del objetor, y la identidad y naturaleza de la Reclamación de la parte que se responde;

c. Exponer en detalle el fundamento y la naturaleza de cualquier objeción o réplica y, cuando corresponda, la relación propuesta que debe insertarse en el Plan con el fin de resolver cualquier objeción o réplica;

d. Presentarse electrónicamente en el Tribunal en el registro *En referencia al Estado Libre Asociado de Puerto Rico*, Caso núm. 17 BK 3283-LTS, a través del sistema de registro de casos del Tribunal en formato de documento portátil con función de búsqueda, **como más tardar el 19 de octubre de 2021 las 5:00 p.m. (hora estándar del Atlántico)**.

i. Si no es usted abogado registrado como usuario del sistema de registro de casos del Tribunal, podrá enviar por correo postal su objeción a la Oficina de Secretaría del Tribunal, a:
Tribunal de Distrito de EE.UU., Oficina de Secretaría
Avenida Carlos Chardón 150, Suite 150
San Juan, Puerto Rico 00918-1767
que deberá recibirse como más tardar en la fecha de plazo pertinente.

e. Notificarse a la Oficina del Fideicomisario de Estados Unidos en el Distrito de Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (ref. En el caso: el Estado Libre Asociado de Puerto Rico) de manera que se reciba en o antes de la Fecha Límite de Objeción a la Confirmación Final.

8. **Participación en la indagatoria de confirmación.** Si desea participar en la indagatoria relativa a la confirmación del Plan deberá presentar una notificación de sus intenciones de participar en la indagatoria (una "Notificación de indagatoria"), un formulario que encontrará en https://cases. primeclerk.com/puertorico/. Si presenta su Notificación de indagatoria como más tardar el **15 de agosto de 2021**, no podrá ser se le permita el acceso a documentos del Depósito del Plan donde se guardan información y documentos relativos al Plan, y podrá asimismo notificar sus propias solicitudes indagatorias. Si presenta su Notificación indagatoria después del **15 de agosto de 2021**, pero antes del **19 de agosto de 2021 (o en esta última fecha)**, es posible que se le permita el acceso a documentos del Depósito del Plan. Tenga en cuenta que el acceso a la información en el Depósito del Plan podría quedar sujeto al cumplimiento de los requisitos de acceso de los Deudores.

9. Deberá presentar la Notificación de indagatoria en el formato estipulado por el sitio web del Caso del Título III, a saber:

a. Estar por escrito, en inglés, e y firmada;

b. Indicar su nombre, domicilio, naturaleza de su Reclamación y número de Reclamación;

c. Indicar sus intenciones de participar en la indagatoria relativa a la confirmación del Plan; y

d. Presentarse electrónicamente al Tribunal, con el registro CM/ECF Notificación de intenciones de participar en la indagatoria de la Confirmación del Plan del Estado Libre Asociado, en *En referencia al Estado Libre Asociado de Puerto Rico*, Caso núm. 17 BK 3283-LTS, a través del sistema de registro de casos del Tribunal como más tardar en la fecha de plazo final correspondiente.

i. Si no está usted representado por un abogado, podrá enviar por enviar la Notificación de indagatoria por correo postal a la Oficina de Secretaría del Tribunal, a:
Tribunal de Distrito de EE.UU., Oficina de Secretaría
Avenida Carlos Chardón 150, Suite 150
San Juan, Puerto Rico 00918-1767
que deberá recibirse como más tardar en la fecha de plazo pertinente.

10. **Para poder participar en la indagatoria relacionada con la confirmación del Plan, deberá presentar la Notificación de indagatoria** a tiempo. No obstante, si no presenta la Notificación de indagatoria en plazo, ello no será óbice para que presente una objeción a la confirmación del Plan como más tardar en el Plazo de objeción de la Confirmación, aunque no podrá ver los documentos del Depósito del Plan ni tampoco participar en la indagatoria.

11. **Calendario y fechas límite de indagatoria.** El Tribunal ha establecido el siguiente calendario y fechas límite, que serán aplicables a los Deudores y a otras partes interesadas que hayan presentado puntualmente una Notificación de indagatoria y tengan derecho a participar en la indagatoria[3]:

**Resumen de determinadas fechas límite**

| | |
|---|---|
| 3 de agosto de 2021 | Fecha final para que los Deudores presenten una lista preliminar de testigos de hechos, y temas sobre los cuales dichas personas testificarán (la "Lista preliminar de testigos de hechos de los Deudores"). |
| 6 de agosto de 2021 | Fecha final para que los Deudores presenten un resumen inicial explicando qué es lo que los Deudores pretenden demostrar en la confirmación. |
| | Fecha final para que las partes presenten sus solicitudes iniciales de presentación de documentos no depositados (las "Solicitudes iniciales de presentación"). Los acreedores y las partes interesadas podrán presentar las Solicitudes iniciales de presentación solamente tras cursar una Notificación de intenciones de participar en la indagatoria (tal como se define a continuación). Las respuestas y objeciones a dichas Solicitudes iniciales de presentación se cursarán en un plazo de siete (7) días desde haber cursado dichas Solicitudes. |
| 15 de agosto de 2021 | Fecha final para que los acreedores y partes interesadas presenten una "Notificación de intenciones de participar en la indagatoria", también denominada "Notificación de indagatoria". Solamente las partes que presenten puntualmente una Notificación de intenciones de participar en la indagatoria podrán participar en la indagatoria, aunque hacerlo no será óbice para que una parte objete la confirmación del Plan. |
| 6 de septiembre de 2021 | Plazo final para que los Acreedores elegibles presenten una lista preliminar de testigos de hechos, y temas sobre los cuales dichas personas testificarán (la "Lista preliminar de testigos de hechos de los Acreedores elegibles"). |
| | Plazo final para que todas las partes presenten las declaraciones iniciales de peritos (las "Declaraciones iniciales de peritos"). |
| 13 de septiembre de 2021 | Fecha límite para que todas las partes presenten las notificaciones oficiales de declaración, los temas a declarar y los horarios solicitados para ello ("Notificaciones iniciales de declaración") (todas las partes tiene un tiempo limitado a siete (7) horas para las declaraciones). Se admitirán posteriores notificaciones siempre y cuando la indagatoria concluya en el plazo admitido. |
| 30 de septiembre de 2021 | Fecha límite para que todas las partes presenten las mociones "Daubert" y las mociones "in limine". |
| 1 de octubre de 2021 | Plazo final para que todas las partes presenten un máximo de quince (15) interrogatorios ("Interrogatorios"), incluyendo subpartes. Las respuestas y objeciones a dichos Interrogatorios se cursarán antes de que transcurran diez (10) días desde el momento de presentación de los citados Interrogatorios. |
| 4 de octubre de 2021 | Fecha final para que todas las partes presenten las declaraciones de refutación de peritos ("Declaraciones de refutación de peritos"). |
| 8 de octubre de 2021 | Plazo final para que todas las partes presenten las solicitudes de seguimiento de presentación de documento ("Solicitudes de seguimiento y presentación"); colectivamente, con las Solicitudes de presentación iniciales, las "Solicitudes de presentación"). |
| 8 de octubre de 2021 | Plazo final para que todas las partes presenten los informes de refutación de peritos ("Informes de refutación de peritos"). |
| | Plazo final para que los Deudores presenten una propuesta inicial de orden en apoyo de la confirmación del Plan (la "Propuesta inicial de orden de confirmación"). |
| 11 de octubre de 2021 | Plazo final para que las partes presenten solicitudes de admisión, limitadas a la autenticación de documentos ("Informes de admisión"). |
| 15 de octubre de 2021 | Fecha límite para que todas las partes presenten las declaraciones de refutación de expertos ("Declaraciones de refutación de expertos"). |
| 18 de octubre de 2021 | Conclusión de la indagatoria de peritos (la "Fecha límite de indagatoria de peritos"). |

| | |
|---|---|
| 19 de octubre de 2021 | Fecha límite para que los Acreedores elegibles presenten sus objeciones a la confirmación del Plan ("Objeciones"). |
| | Fecha límite de presentación de la Notificación de intenciones de participar en la indagatoria o de la Notificación de indagatoria de los Acreedores elegibles que solamente deseen acceder a los documentos del Depósito del Plan. |
| 22 de octubre de 2021 | Fecha límite para que los Acreedores elegibles presenten objeciones a la Propuesta inicial de orden de confirmación. |
| | Fecha límite para que todas las partes presenten las listas de testigos, las listas de pruebas y las designaciones de declaraciones definitivas. |
| | Fecha límite para que todas las partes presenten sus oposiciones a las mociones "Daubert" y las mociones "in limine". |
| 25 de octubre de 2021 | Fecha límite para que todas las partes presenten las declaraciones de testigos que se utilizarán en la Vista de confirmación ("Declaraciones de testigos"). |
| | Fecha límite para que los Deudores presenten sus propuestas de conclusiones iniciales de hecho y de derecho en apoyo a la confirmación del Plan (las "Conclusiones iniciales de hecho y de derecho"). |
| 27 de octubre de 2021 | Fecha límite para que los Deudores presenten sus respuestas en apoyo a las Propuestas de orden de confirmación y Respuestas a las objeciones de confirmación del Plan. |
| 30 de octubre de 2021 | Fecha límite para que las partes presenten sus contradeclaraciones, objeciones a las declaraciones designadas y objeciones a las listas de pruebas. |
| 1 de noviembre de 2021 | Vista virtual de las mociones "in limine". |
| 8 de noviembre de 2021 | Inicio de la Vista de confirmación. |

12. **Fecha de registro de votación.** La fecha de registro de la votación es el **13 de julio de 2021** (la "Fecha de Registro de Votación"), que es la fecha para determinar cuáles son los tenedores de Reclamaciones en las Clases con Derecho al Voto (excepto las Clases de Bonos)[4], la Clase 51 y la Clase 52) que tienen derecho a votar sobre el Plan. Por lo tanto, solo los acreedores de una Clase con derecho al voto sobre el Plan que tengan Reclamaciones contra los Deudores (excepto en las Clases de Bonos, la Clase 51 y la Clase 52) en la Fecha de Registro de Votación tienen derecho a votar sobre el Plan.

13. **Fecha límite de votación.** La fecha límite para votar el Plan es el **4 de octubre de 2021, a las 5:00 p.m. (hora estándar del Atlántico)**, salvo que se prorrogue dicha fecha (la "Fecha Límite de Votación"). **No estará obligado a votar sobre el Plan ni a confirmar el Plan sobre la confirmación del con los términos y condiciones del Plan, si el confirma el Tribunal y siempre y cuando sea titular de una Reclamación permitida.**

14. Si ha recibido un Paquete de Convocatoria, que incluye una Papeleta o una Notificación, y tiene intención de votar sobre el Plan, **deber** (a) seguir cuidadosamente las instrucciones; (b) completar toda la información requerida en la Papeleta (según sea el caso); y (c) (i) firmar y devolver su Papeleta completada de acuerdo con lo que se estipula en detalle en las instrucciones de votación incluidas en el Paquete de Convocatoria, de forma que su papeleta sea **efectivamente recibida** por el agente de convocatoria de los Deudores, Prime Clerk LLC (el "Agente de Votación") en o antes de la Fecha Límite de Votación, o (ii) si instrucciones a su corredor o persona designada (cada uno de ellos, una "Persona Designada") para que entregue electrónicamente sus bonos a través del Programa Automatizado de Oferta de Presentación ("ATOP") en The Depository Trust Company ("DTC") de acuerdo con lo descrito se votar para aceptar o rechazar el Plan en o antes de la Fecha Límite de Votación. **El incumplimiento de estas instrucciones puede hacer que su voto sea descalificado.**

15. **Fecha Límite de Elección.** La fecha límite para que los tenedores de Reclamaciones de Bonos elegibles que tengan derecho a elegir la forma de distribución según el Plan realicen dicha elección es **el 4 de octubre de 2021, a las 5:00 p.m. (hora estándar del Atlántico)**, salvo que esta fecha se prorrogue (la "Fecha Límite de Elección"). Si la notificación con la opción de hacer una elección, **deber** (a) seguir cuidadosamente las instrucciones; y (b) entregar **toda** la información requerida de acuerdo con lo establecido en las instrucciones de elección de manera que sea recibida por su Persona Designada con tiempo suficiente para que su Persona Designada pueda ejecutar efectivamente su elección a través de ATOP de DTC en o antes de la Fecha Límite de Elección.

16. **Partes interesadas sin derecho al voto.** Se considera que los acreedores de las siguientes Clases rechazan el Plan y no tienen derecho al voto:
- Clase 63 (Reclamaciones por Asignaciones del ELA), y
- Clase 64 (Reclamaciones Subordinadas del ELA 510(b)).

17. Se considera que los acreedores de las siguientes Clases aceptan el Plan y no tienen derecho al voto, aunque recibirán las distribuciones de conformidad con los términos y condiciones del Plan, si este es confirmado por el Tribunal:
- Clase 51A (Reclamaciones de Jubilados Participantes del SRE por Debajo del Umbral)
- Clase 51C (Reclamaciones de Jubilados Participantes del SRJ por Debajo del Umbral)
- Clase 51I (Reclamaciones de Participantes del Sistema 2000)
- Clase 51K (Reclamaciones de Participantes de Nóminas de VTP por Debajo del Umbral)
- Clase 55 (Reclamaciones de Incentivos Energéticos)
- Clase 57 (Reclamaciones de Créditos Contributivos),
- Clase 67 (Reclamaciones de Gracia-Gracia), y
- Clase 68 (Reclamaciones de Convenience).

18. Si una Reclamación figura en la lista del Depósito de los Deudores [Caso Núm. 17-3283, ECF Núm. 1215, 1316, 2582, 10708] como contingente, no liquidada o impugnada y no ha presentado una evidencia de reclamación (o antes de la fecha límite para la presentación de evidencias de reclamación establecida por el Tribunal o de la Fecha de Registro de Votación (según sea el caso), lo que ocurra primero; o si se consideró presentada a tiempo, por una orden del Tribunal antes de la Fecha Límite de Votación, dicha Reclamación no tendrá derecho a votación, aunque se proponga votar a rechazar para aceptar o rechazar el Plan. Las evidencias de reclamación presentadas por los Deudores en las Reclamaciones que hayan sido impugnadas por orden del Tribunal tampoco tienen derecho al voto.

19. Si usted pertenece a las Clases 63 o 64, o ha presentado oportunamente una evidencia de reclamación y no está de acuerdo con la clasificación de los Deudores, la objeción o la solicitud de estimación de su Reclamación o cree que deberá tener derecho a votar sobre el Plan, debe notificar a los Deudores y al Fideicomisario de Estados Unidos (puede consultar su dirección en el numeral 7(e) precedente) y presentar ante el Tribunal (con copia al Despacho de la Juez) una moción (una "Moción de la Regla 3018(a)") para obtener una orden en virtud de la Regla 3018 de las Reglas Federales de Procedimiento de Quiebra (las "Reglas de Quiebra") para permitir la votación temporal por un monto diferente a una Clase diferente a los efectos de votar para aceptar o rechazar el Plan. Todas las Mociones de la Regla 3018(a) deben presentarse antes del décimo (10º) día después de una de las siguientes fechas, la que ocurra última: (i) la notificación de una Vista de Confirmación y (ii) la notificación de una objeción o solicitud de estimación, si la hubiere, en cuanto a dicha Reclamación. De acuerdo con la Regla de Quiebra 3018(a), en lo que respecta a cualquier acreedor que presente una Moción conforme a la Regla 3018(a), la Papeleta de dicho acreedor no se contabilizará, salvo que el Tribunal disponga lo contrario antes de la Fecha Límite de Votación de conformidad **4 de octubre de 2021 a las 5:00 p.m. (hora estándar del Atlántico)**. Los acreedores pueden ponerse en contacto con el Agente de Votación, Prime Clerk LLC, por teléfono (10:00 a.m. – 7:00 p.m. (hora estándar del Atlántico) (disponible en español), o (ii) o por correo electrónico a puertoricoinfo@primeclerk.com, una Papeleta adecuada para cualquier Reclamación para la que se haya presentado oportunamente una evidencia de reclamación y se haya concedido una Moción de conformidad a la Regla 3018(a) respecto a la forma estimada con la que se cuenta en la fecha establecida en la Fecha Límite de Votación de conformidad con la Regla 3018(a) que se haya concedido a tiempo y en la forma establecida en el Tribunal, tendrá derecho a votar en dichos términos.

20. Si desea que su Reclamación sea admitida provisionalmente a efectos de votación de conformidad con la Regla de Quiebra 3018(a), visite https://cases.primeclerk.com/puertorico/ encontrará un formulario de la Regla 3018(a) con instrucciones para rellenar y presentar la solicitud.

21. **Partes que no serán tratadas como Acreedores.** Conforme a dicha Reclamación que (i) esté programada en la lista de Acreedores o que no sea objeto de una evidencia de Reclamación presentada a tiempo en o antes de la Fecha de Registro de Reclamación que no sea objeto de una evidencia de Reclamación presentada a tiempo o de una evidencia de Reclamación que se considere admitida que (i) esté pendiente objeción o solicitud de admisión que no haya sido resuelta por una orden del Tribunal, o que (ii) que sea objeto de una solicitud de admisión o de una resolución que no haya sido resuelta por una orden del Tribunal, o bien, una evidencia de reclamación considerada presentada a tiempo en virtud de una orden del Tribunal en o antes de la Fecha de Registro de Reclamación, no será tratada como Acreedor a efectos de votación a menos que se establezca una excepción dicha Reclamación a los efectos de la votación, o se reciba una orden del Tribunal o bien de otra forma. Por lo tanto, dicha Reclamación no tendrá derecho a votar sobre el Plan y la Papeleta de dicho tenedor no se tendrá como no recibida.

*(continúa en la página siguiente)*

Case 21-30923-LTS Doc#18608-8 Filed 01/23/25 Entered 01/23/25 01:47:53 Desc Main
Debtors Exhibit 1 (Part 2) Page 21 of 45

MIÉRCOLES 1 SEPTIEMBRE 2021 **El Diario NY** | 7

## Aviso Público (página 2 de 2)

### *(continúa de la página anterior)*

22. **Información adicional.** Cualquier parte interesada que desee obtener información sobre los procedimientos de convocatoria o copias de la Declaración de Divulgación o del Plan, incluyendo sus traducciones al español, debe ponerse en contacto con el Agente de Votación, Prime Clerk LLC, por teléfono llamando al (844) 822-9231 (llamada gratuita para EE.UU. y Puerto Rico) o al (646) 486-7944 (para llamadas internacionales), de 10:00 a.m. a 7:00 p.m. (hora estándar del Atlántico) (disponible en español), o por correo electrónico a puertoricoinfo@primeclerk.com, o puede ver dichos documentos accediendo a https://cases.primeclerk.com/puertorico/ o al sitio web del Tribunal, https://www.prd.uscourts.gov/. Tenga en cuenta que se necesita una contraseña y un inicio de sesión para acceder a los documentos que figuran en el sitio web del Tribunal a través del sistema de Acceso Público a los Registros Electrónicos del Tribunal (PACER, por sus siglas en inglés) (http://www.pacer.psc.uscourts.gov).

23. **Reglas de Quiebra 2002(c)(3) y 3016(c)). De acuerdo con las Reglas de Quiebra 2002(c) (3) y 3016(c), a continuación se exponen las disposiciones de descargo, exculpación e interdicto contenidas en el Plan:**

**Sección 92.2– Exoneración y descargo de reclamaciones y causas de acción:**

(a) Salvo que se disponga expresamente en el Plan o en la Orden de Confirmación, todas las distribuciones y derechos otorgados en virtud del Plan serán, y se considerarán, a cambio de, y en completa satisfacción, liquidación, exoneración y descargo de, todas las Reclamaciones o Causas de Acción contra las Partes Exoneradas que surgieron, en todo o en parte, antes de la Fecha de Vigencia, en relación con los Casos de Título III, los Deudores o los Deudores Reorganizados o cualquiera de sus respectivos Activos, bienes o intereses de cualquier naturaleza, incluidos los intereses devengados por dichas Reclamaciones en o a partir de la Fecha de Petición, e independientemente de que se hayan distribuido o retenido bienes a tenor con el Plan a causa de dichas Reclamaciones o Causas de Acción. En la Fecha de Vigencia, los Deudores y los Deudores Reorganizados se considerarán exonerados y eximidos de toda y cualquier Reclamación, Causas de Acción y cualquier otra deuda emergente, en su totalidad o en parte, antes de la Fecha de Vigencia (o que incluye antes de la Fecha de Petición), y todas las Reclamaciones del tipo especificado en las secciones 502(g), 502(h) o 502(i) del Código de Quiebras, y la Sección 407 de PROMESA, ya sea o no (a) una evidencia de reclamación basada en la cual se presente o considere que se ha presentado dicha Reclamación en virtud de la Sección 501 del Código de Quiebras, (b) que se permita dicha Reclamación conforme a la sección 502 del Código de Quiebras y la Sección 407 de PROMESA (o que se resuelva de otro modo), o (c) que el tenedor de una Reclamación basada en una deuda tal haya votado para aceptar el Plan. Para disipar cualquier duda, nada de lo contenido aquí ni en la Orden de confirmación librará, eximirá ni prescribirá ninguna reclamación o causa de acción contra la AEP derivada de, o relacionada con, los bonos emitidos por la AEP, incluyendo, entre otros, los emitidos con segundos monolinea pertinentes, y la AEP no exime de ninguna reclamación ni causa de acción contra cualquier Entidad no deudora. Las reclamaciones y causas de acción contra la AEP derivadas de, o relacionadas con, los bonos emitidos por la AEP y las exenciones contra la AEP y sus activos, se dirigirán al caso del Título III de la AEP, incluyendo, entre otros, cualquier plan de ajuste pertinente.

(b) Salvo que se disponga expresamente en el Plan o en la Orden de Confirmación, todas las Entidades estarán impedidas de hacer valer todas y cada una de las Reclamaciones contra los Deudores y Deudores Reorganizados, y cada uno de sus respectivos Activos, bienes y derechos, remedios, Reclamaciones o Causas de Acción o responsabilidades de cualquier naturaleza, relacionadas con los Casos del Título III, los Deudores o los Deudores Reorganizados o cualquiera de sus respectivos Activos y bienes, incluyendo cualquier interés acumulado sobre dichas Reclamaciones desde y después de la Fecha de Petición, e independientemente de que se hayan distribuido o retenido bienes a tenor del Plan por cuenta de dichas Reclamaciones u otras obligaciones, demandas, sentencias, daños y perjuicios, deudas, derechos, remedios, causas de acción o responsabilidades. De acuerdo con lo anterior, salvo que se disponga expresamente en el Plan o en la Orden de Confirmación, la Orden de Confirmación constituirá una determinación judicial, a la Fecha de Vigencia, de la exoneración y descargo de todas esas Reclamaciones, Causas de Acción o deuda de o contra los Deudores y los Deudores Reorganizados a tenor con las secciones 524 y 944 del Código de Quiebras, aplicable en Casos de Título III a tenor con la Sección 301 de PROMESA, y dicha exoneración anulará y extinguirá cualquier sentencia obtenida contra los Deudores o Deudores Reorganizados y sus respectivos Activos y bienes en cualquier momento, en la medida en que dicha sentencia esté relacionada con una Reclamación, deuda o responsabilidad que sea objeto de dicha exoneración. A la Fecha de Vigencia, y como contraprestación por el valor proporcionado en virtud del Plan, se considera que cada tenedor de una Reclamación de cualquier Clase en virtud de este Plan libera, renuncia y exonera para siempre, y libremente y exonerará para siempre a, los Deudores y a los Deudores Reorganizados, y a sus respectivos Activos y bienes, y a todas esas Reclamaciones.

(c) No obstante cualquier otra disposición de esta Sección 92.2, de conformidad con las disposiciones del Acuerdo de Apoyo al Plan GO/AEP, se considerará que cada uno de los Acreedores del Acuerdo de Apoyo al Plan (AAP) GO/AEP y sus respectivas Personas Vinculadas, únicamente en su calidad de Acreedores de los Deudores, (i) han renunciado y pactado no demandar o de otro modo intentar recuperar daños y perjuicios o buscar cualquier otro tipo de reparación contra cualquiera de las Exoneradas del Gobierno basadas en, que se deriven de o estén relacionadas con las Reclamaciones Exoneradas del Gobierno o cualquiera de las Reclamaciones o Causas de Acción afirmadas o que podrían haber sido afirmadas, incluyendo, entre otros, en las Acciones de Recuperación (Clawback) y las Mociones de Levantamiento de la Paralización, y (ii) no ayudarán directa o indirectamente a ninguna persona a realizar ninguna acción con respecto a las Reclamaciones Exoneradas del Gobierno que esté prohibida por la presente Cláusula 92.2.

(d) Limitación de la SEC. No obstante nada de lo contenido en sentido contrario o en la Orden de confirmación, ninguna disposición tendrá como consecuencia (i) impedir que la SEC haga valer sus potestades en materia de políticas o reglamentos; ni (ii) impedir, limitar, perjudicar ni retrasar que la SEC inicie o continúe reclamaciones, pleitos, procedimientos o investigaciones contra personas físicas o jurídicas no deudoras en ningún foro.

(e) Limitación de los Estados Unidos. Limitación de la SEC. No obstante nada de lo contenido en sentido contrario o en la Orden de confirmación, ninguna disposición tendrá como consecuencia (i) impedir que los Estados Unidos o cualquiera de sus agencias, departamentos o agentes, de ni alguna manera que los Deudores o los Deudores reorganizados, según sea el caso, cumplan las leyes y requisitos federales o territoriales que implementen programas federalmente autorizados o delegados para la protección de la salud, la seguridad y el entorno de personas de dicho territorio; (ii) amplíe el ámbito de cualquier exoneración, exención o recurso a los cuales los Deudores o los Deudores reorganizados tengan derecho de conformidad con el Título III, ni (iii) eximan, descarguen, impidan o prohíban de alguna manera (A) cualquier responsabilidad de los Deudores o los Deudores reorganizados ante los Estados Unidos derivados de, y posteriores a, la Fecha de Entrada en vigencia; (B) cualquier responsabilidad de cara a los Estados Unidos que no sea una Reclamación, (C) cualquier defensa afirmativa o cualquier derecho de compensación o recobro de los Estados Unidos, de los Deudores o de los Deudores reorganizados, según proceda, reservándose expresamente dichos derechos de compensación y recobro de las citadas partes, (D) la continuidad de la validez de las obligaciones de los Estados Unidos, de los Deudores o de los Deudores reorganizados, según proceda, en virtud de cualquier subsidio o acuerdo de asistencia cooperativa de los Estados Unidos, (E) las obligaciones de los Deudores o de los Deudores reorganizados derivadas de políticas, leyes o reglamentos federales, incluyendo, entre otros, leyes relativas al medio ambiente, la salud y la seguridad pública, o leyes territoriales que implementen dichas disposiciones legales federales, incluyendo, entre otros, obligaciones de cumplimiento normativo, requisitos de decretos de consentimiento o de órdenes judiciales, y obligaciones de pagar las correspondientes penalizaciones administrativas, civiles y de otra índole, (F) cualquier responsabilidad en materia de medio ambiente u obligación para con los Estados Unidos que los Deudores, los Deudores reorganizados, sus sucesores o cualquier otra persona física o jurídica puedan tener como propietarios o explotadores de bienes raíces que se hubieren producido durante el período a partir de la Fecha de Entrada en vigencia, incluyendo, entre otros, obligaciones de cumplimiento normativo, requisitos de decretos de consentimiento u órdenes judiciales y obligaciones de pagar las correspondientes penalizaciones administrativas, civiles y de otra índole, y (G) cualquier responsabilidad de cara a los Estados Unidos por parte de cualquier no deudor. Sin que ello suponga una limitación a la generalidad de lo antedicho, nada de lo contenido aquí ni en la Orden de confirmación podrá considerarse (i) una determinación de la obligación tributaria de cualquier entidad, incluyendo, entre otros, los Deudores y los Deudores reorganizados, (ii) vinculante para el IRS en lo tocante a las obligaciones tributarias federales, situación fiscal u obligaciones de declaración y retención de impuestos de cualquier entidad, incluyendo, entre otros, los Deudores y los Deudores reorganizados, (iii) una exención, satisfacción, excepción ni prohibición de cualquier recaudación reclamada por el IRS contra cualquier entidad que no sean los Deudores y los Deudores reorganizados, y (iv) otorgar ninguna exención a ninguna Entidad que el Tribunal tenga prohibido por la Ley de Sentencias Declaratorias, 28 U.S.C. § 2201(a) o la Ley contra Medidas Cautelares aplicables a impuestos, 26 U.S.C. § 7421(a).

(f) Actuaciones de las aseguradoras. No obstante cualquier disposición en sentido contrario contenida aquí o en la Orden de confirmación, incluyendo, entre otros, las Secciones 92.2, 92.3 y 92.11 del Plan, y salvo que esté excluido por lo estipulado en PROMESA, nada de lo contenido en el Plan, la Orden de confirmación u oro documento relacionado con el Plan incluido en el Suplemento del Plan, tiene por objeto ni podrá interpretarse como un intento de perjudicar, alterar, modificar, disminuir, prohibir, impedir, restringir, limitar, eximir, reducir, eliminar o limitar los derechos de demandados y demandantes, incluyendo, entre otros, las partes de las Actuaciones de las aseguradoras, de hacer valer sus respectivos derechos, reclamaciones, causas de acción y defensa.

**Sección 92.3 – Interdicto sobre las Reclamaciones:** Salvo que se disponga expresamente lo contrario en el Plan, en la Orden de Confirmación o en cualquier otra Orden Definitiva del Tribunal del Título III que pueda ser aplicable, todas las Entidades que hayan tenido, tengan o puedan tener Reclamaciones o cualquier otra deuda o responsabilidad que se exonere o renuncie a tenor con la Sección 92.2 del presente o que hayan tenido, tengan o puedan tener Reclamaciones o cualquier otra deuda o responsabilidad que se exonere o renuncie a tenor con la Sección 92.2 del presente tienen permanentemente prohibido, en o a partir de la Fecha de Vigencia, (a) comenzar o continuar, directa o indirectamente, de cualquier manera, cualquier acción u otro procedimiento (incluyendo, entre otros, cualquier procedimiento judicial, arbitral, administrativo u otro) de cualquier índole sobre cualquier Reclamación u otra deuda o responsabilidad que sea exonerado a tenor con el Plan contra cualquiera de las Partes Exoneradas o cualquiera de sus respectivos activos o bienes, (b) la ejecución, el embargo, el cobro o la recuperación por cualquier forma o medio de cualquier sentencia, laudo, decreto u orden contra cualquiera de las Partes Exoneradas o cualquiera de sus respectivos activos o bienes por cuenta de cualquier Reclamación u otra deuda o responsabilidad que se exonere a tenor con el Plan, (c) crear, perfeccionar o aplicar cualquier gravamen de cualquier tipo contra cualquiera de las Partes Exoneradas o cualquiera de sus respectivos activos o bienes por cuenta de cualquier Reclamación u otra deuda o responsabilidad que se exonere en conformidad con el Plan; y (d) salvo en la medida en que se disponga, permita o preserve en las secciones 553, 555, 556, 559 o 560 del Código de Quiebras o conforme al derecho de recuperación del derecho consuetudinario, hacer valer cualquier derecho de compensación, subrogación o recuperación de cualquier tipo contra cualquier obligación debida de cualquiera de las Partes Exoneradas o cualquiera de sus respectivos activos o bienes, con respecto a cualquier Reclamación u otra deuda o responsabilidad que se exonere en conformidad con el Plan. Este interdicto se extenderá a todos los sucesores y cesionarios de las Partes Exoneradas y sus respectivos activos y bienes.

**Sección 92.5 – Exoneraciones de los Deudores y Deudores Reorganizados:** Salvo que se disponga expresamente lo contrario en el Plan o en la Orden de Confirmación, en la Fecha de Vigencia, y por una contraprestación válida y susceptible de apreciación pecuniaria, cada uno de los Deudores y los Deudores Reorganizados, el Agente Pagador y cada una de las Personas Relacionadas de los Deudores y los Deudores Reorganizados, se considerará que ha, y por la presente lo hace de manera irrevocable e incondicional, plenamente, definitivamente, y a perpetuidad renunciado, exonerado, absuelto y relevado a las Partes Exoneradas de toda y cualquier Reclamación o Causas de Acción que los Deudores, los Deudores Reorganizados y el Agente Pagador, o cualquiera de ellos, o cualquiera que reclame a través de ellos, en su nombre o para su propio beneficio, tengan o pudieran tener o reclamar, tener, ahora o en el futuro, contra cualquier Parte Exonerada que sean Reclamaciones Exoneradas o que de otro modo se basen en, se relacionen con, o surjan de, en conexión con, en su totalidad o en parte, cualquier acto, omisión, transacción, evento u otra circunstancia relacionada con los Casos de Título III, los Deudores que tengan lugar o existan en o antes de la Fecha de Vigencia, y/o cualquier Reclamación, acto, hecho, transacción, ocurrencia, declaración u omisión en relación con ello, o que podría haber sido alegada, incluyendo, entre otros, cualquier Reclamación, demanda, derecho, responsabilidad, o causa de acción para la indemnización, contribución u otro fundamento, según la ley escrita o el derecho consuetudinario, por daños y perjuicios, costos o honorarios.

**Sección 92.6 – Interdictos relacionados con descargos:** A la Fecha de Vigencia, todas las Entidades que tengan, hayan tenido o puedan tener una Reclamación Exonerada que es tal en conformidad con la Sección 92.5 del Plan, están, y estarán, permanentemente, para siempre y completamente suspendidas, restringidas, prohibidas, vetadas e inhabilitadas para llevar a cabo cualquiera de las siguientes acciones, ya sea directa o indirectamente, de forma derivada o de otra manera, a causa o en base al objeto de dichas Reclamaciones Exoneradas: (i) iniciar, realizar o continuar de cualquier manera, ya sea directa o indirecta, cualquier juicio, acción u otro procedimiento (de cualquier tipo, entre otros, cualquier procedimiento judicial, arbitral, administrativo u de otro tipo) en cualquier foro; (ii) aplicar, embargar (lo que incluye, entre otros, cualquier embargo previo a una sentencia), cobrar o retener de cualquier manera cualquier sentencia, laudo, decreto u otra orden; (iii) crear, perfeccionar o hacer cumplir de cualquier manera cualquier cuestión, directa o indirectamente, cualquier Gravamen; (iv) afirmar, establecer, revocar o recuperar de cualquier manera, directa o indirecta, cualquier monto contra cualquier obligación o Participación adeudada a cualquier Entidad exonerada o conforme a la Sección 92.5 del presente; y (v) iniciar o continuar de cualquier manera o en cualquier lugar cualquier procedimiento judicial, de arbitraje o administrativo en cualquier foro, que no cumpla ni sea compatible con las disposiciones del Plan o de la Orden de Confirmación. Para evitar dudas, las siguientes estipulaciones se enumeran con arreglo a la Orden de Confirmación: la Cuarta Estipulación Enmendada entre el Estado Libre Asociado de Puerto Rico y la Autoridad de Carreteras y Transportación de Puerto Rico con respecto a la Suspensión de la Prescripción y Orden de Consentimiento (Caso Núm. 17-3283-LTS, ECF Núm. 15854), y sus enmiendas; y la Cuarta Estipulación Enmendada y Orden de Consentimiento entre los Deudores del Título III (salvo COFINA) y la Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico actuando en nombre de las entidades gubernamentales enumeradas en el Apéndice "B" en relación con la Suspensión de la Prescripción [Caso Núm. 17-3283-LTS, ECF Núm. 17394, y sus enmiendas.

**Sección 92.7 – Exculpación:**

(a) **Partes del Gobierno:** La Junta de Supervisión, AAFAF, los Deudores y cada una de las respectivas Personas Relacionadas, actuando exclusivamente en su capacidad como tales en cualquier momento hasta la Fecha de Vigencia inclusive, no tendrán ni incurrirán en responsabilidad legal alguna ante cualquier Entidad por actos u omisiones en relación con los Casos de Título III, la formulación, preparación, difusión, implementación, confirmación o aprobación del Plan o de cualquier transacción o acuerdo contenido en estos, la Declaración de Divulgación, o cualquier contrato, instrumento, publicación u otro acuerdo o documento previsto o contemplado en relación con el perfeccionamiento de las transacciones establecidas en el Plan; disponiéndose, sin embargo, que las disposiciones que anteceden a esta Sección 89.7 no declararán las responsabilidades de cualquier Entidad que de otro modo hubieran resultado de dicho acto u omisión en la medida en que se determine en una Orden Definitiva que dicho acto u omisión constituyó fraude, negligencia grave o conducta dolosa. Ninguna de las disposiciones anteriores de la presente Sección 92.7(a) menoscabará el derecho de ninguna de las Partes del Gobierno, de conformidad con la ley y los fundamentos o doctrina de inmunidad soberana, calificada o de otra índole. Ninguna de las disposiciones del Plan o de la Orden de Confirmación incluye una renuncia o limitación de cualquier protección disponible en virtud de dichas leyes y fundamentos o doctrinas de inmunidad soberana, calificada o de otra índole, ni constituye el consentimiento de las Partes del Gobierno a ser demandadas.

(b) **Acreedores del AAP:** Cada uno de los Acreedores del AAP, exclusivamente en su calidad de partes del Acuerdo de Apoyo al Plan de GO/AEP y/o del Acuerdo de Apoyo al Plan de la ACT/ACCC y un Acreedor y/o asegurador, según proceda, desde la Fecha de Petición y hasta la Fecha de Vigencia, inclusive y cada una de sus respectivas Personas Relacionadas, no tendrán ni incurrirán en responsabilidad legal alguna ante cualquier Entidad por actos u omisiones en relación con los Casos de Título III, la mediación, negociación, formulación, preparación, difusión, implementación, confirmación o aprobación del Plan o de cualquier transacción o acuerdo contenido en estos, la Declaración de Divulgación, el Acuerdo de Apoyo al Plan de GO/AEP, el Acuerdo de Apoyo al Plan de la ACT/ADCC, los Documentos Definitivos o cualquier contrato, instrumento, publicación u otro acuerdo o documento previsto o contemplado en relación con el perfeccionamiento de las transacciones establecidas en el Plan; disponiéndose, sin embargo, que las disposiciones que anteceden a esta Sección 92.7(b) no afectarán las responsabilidades legales de cualquier Entidad que de otro modo hubieren resultado de dicho acto u omisión en la medida en que se determine en una Orden Definitiva que dicho acto u omisión constituyó fraude intencional o conducta dolosa.

(c) **Comité de Retirados:** Cada uno de los miembros del Comité de Retirados, exclusivamente en su calidad de miembro del Comité de Retirados y como Acreedor, desde la Fecha de Petición hasta la Fecha de Vigencia, inclusive, y cada una de las Personas Relacionadas del Comité de Retirados no tendrán ni incurrirán en responsabilidad legal alguna ante cualquier Entidad por actos u omisiones en relación con los Casos de Título III, la formulación, preparación, difusión, implementación, confirmación o aprobación del Plan o de cualquier compromiso o acuerdo contenido en este, la Declaración de Divulgación, cualquier contrato, instrumento, publicación u otro acuerdo o documento previsto o contemplado en relación con el perfeccionamiento de las transacciones establecidas en el Plan y en el Acuerdo de Apoyo al Plan del Comité de Retirados; disponiéndose, sin embargo, que las disposiciones que anteceden a esta Sección 92.7(c) no declararán la responsabilidad legal de cualquier Entidad que de otro modo hubiera resultado de dicho acto u omisión en la medida en que se determine en una Orden Definitiva que dicho acto u omisión constituyó fraude intencional o conducta dolosa.

(d) **Comité de Acreedores:** Cada uno de los miembros del Comité de Acreedores, exclusivamente en su calidad de miembro del Comité de Acreedores, desde la Fecha de Petición hasta la Fecha de Vigencia, inclusive, y cada una de las Personas Relacionadas del Comité de Acreedores no tendrán ni incurrirán en responsabilidad legal alguna ante cualquier persona o entidad por actos u omisiones en relación con los Casos de Título III, la formulación, preparación, difusión, implementación, confirmación o aprobación del Plan o de cualquier compromiso o acuerdo contenido en estos, la Declaración de Divulgación, o cualquier contrato, instrumento, publicación u otro acuerdo o documento previsto o contemplado en relación con el perfeccionamiento de las transacciones establecidas en el Plan; disponiéndose, sin embargo, que las disposiciones que anteceden a esta Sección 92.7(d) no afectarán la responsabilidad legal de cualquier Entidad que de otro modo hubiera resultado de dicho acto u omisión en la medida en que se determine en una Orden Definitiva que dicho acto u omisión constituyó fraude intencional o conducta dolosa.

(e) **AFSCME:** Cada una de las partes de AFSCME exclusivamente en su calidad de partes del Acuerdo

de Apoyo al Plan de la AFSCME y Acreedor, según corresponda, desde la Fecha de Petición hasta la Fecha de Vigencia, inclusive, y cada una de sus respectivas Personas Relacionadas no tendrán ni incurrirán en responsabilidad legal alguna ante cualquier Entidad por actos u omisiones en relación con los Casos de Título III, la formulación, preparación, difusión, implementación, confirmación o aprobación del Plan o de cualquier compromiso o acuerdo contenido en estos, la Declaración de Divulgación, el Acuerdo de Apoyo al Plan de AFSCME, o cualquier contrato, instrumento, publicación u otro acuerdo o documento previsto o contemplado en relación con el perfeccionamiento de las transacciones establecidas en el Plan y en el Acuerdo de Apoyo al Plan de AFSCME; disponiéndose, sin embargo, que las disposiciones que anteceden a esta Sección 89.7(e) no declararán la responsabilidad legal de cualquier Entidad que de otro modo hubiere resultado de dicho acto u omisión en la medida en que se determine en una Orden Definitiva que dicho acto u omisión constituyó fraude intencional o conducta dolosa.

(f) **Aseguradoras Monolinea:** Ambac, Assured, FGIC, National, Syncora y sus respectivas Personas Relacionadas, no tendrán ni incurrirán en responsabilidad legal alguna ante ninguna Entidad por actos u omisiones que sean compatibles con el Plan en relación con la formulación, preparación, difusión, implementación, aceptación, confirmación o aprobación del Plan, lo que incluye, entre otros, el tratamiento de las Reclamaciones de Bonos Asegurados de Ambac, las Reclamaciones de Bonos Asegurados de Assured, las Reclamaciones de Bonos Asegurados de FGIC, las Reclamaciones de Bonos Asegurados de National o las Reclamaciones de Bonos Asegurados de Syncora, los procedimientos de votación, los procedimientos de elección y cualquier descargo de obligaciones en virtud de las Pólizas de Seguro de Ambac, las Pólizas de Seguro de Assured, las Pólizas de Seguro de FGIC, las Pólizas de Seguro de National o las Pólizas de Seguro de Syncora aplicables; disponiéndose, sin embargo, que no obstante cualquier disposición en contrario en el presente, los términos y las condiciones aplicables de cada una de las respectivas Pólizas de Seguro de Ambac, las Pólizas de Seguro de Assured, las Pólizas de Seguro de FGIC, las Pólizas de Seguro de National o las Pólizas de Seguro de Syncora cualquier obligación de pago en virtud de la Póliza de Seguro de Ambac, la Póliza de Seguro de Assured, la Póliza de Seguro de FGIC, la Póliza de Seguro de National o la Póliza de Seguro de Syncora aplicables de acuerdo con sus términos únicamente en la medida en que dicho tenedor no reciba el Tratamiento de Ambac, el Tratamiento de Assured, el Tratamiento de la Reclamación de Bonos Asegurados de Ambac, Assured, FGIC National o Syncora puedan tener en contra o en beneficiario de los respectivos bonos asegurados de Ambac, de Assured, de FGIC, de National o de Syncora con respecto a las Pólizas de Seguro de Ambac, Assured, FGIC, National o Syncora, según proceda.

**Sección 92.8 – Litigio Relacionado con las Designaciones:** No obstante cualquier disposición en contrario en el presente, en el caso de que se dicte una Orden Definitiva en relación con el Litigio Relacionado con las Designaciones o el Litigio de Uniformidad con anterioridad a la emisión de la Orden de Confirmación, como contraprestación de los derechos efectuados, que se considera considerarán efectuados, se considerarán efectuados, se considerará de conformidad con lo establecido en la presente. La Orden de Confirmación disponga que cualquier disputa o que los términos y disposiciones del Plan y los documentos e instrumentos relacionados con este, todos los Acreedores o las demás Entidades que reciban, o que considere que han recibido, distribuciones en conformidad con el Plan o como resultado del Plan, consienten y aceptan que dicha Orden Definitiva no revertirá, afectará ni modificará de otro modo las transacciones contempladas en el Plan y en la Orden de Confirmación, lo que incluye, entre otros, los descargos, exculpaciones e interdictos previstos en el Artículo XIX del Plan.

**Sección 92.9 – Orden de prohibición.** Dentro de los límites que se estipulan en el Plan, todas y cada una de las Entidades que se encuentren permanentemente inhabilitadas, prohibidas y restringidas de instituir, procesar, tramitar o litigar de cualquier manera todas y cada una de las Reclamaciones, demandas, derechos, responsabilidades o causas de acción de cualquier tipo, carácter y naturaleza, según el sistema de derecho escrito o consuetudinario, conocidas o desconocidas, directas o derivadas, afirmadas o no, contra cualquiera de las Partes Exoneradas, basadas en, relacionadas con, o que surjan de o en conexión con cualquiera de las Reclamaciones Exoneradas, la confirmación y el perfeccionamiento del Plan, la negociación y perfeccionamiento del Acuerdo de Apoyo al Plan GO/AEP, o cualquier reclamación, acto, hecho, transacción, ocurrencia, declaración u omisión en relación con, o alegada o que podría haber sido alegada en los Casos de Título III, lo que incluye, entre otros, cualquier reclamación, demanda, derecho, responsabilidad, o causa de acción para la indemnización, contribución u otro fundamento de los mismos, según el sistema de derecho escrito o consuetudinario, por daños y perjuicios, costos u honorarios incurridos que surjan directa o indirectamente de los Casos de Título III o que estén relacionados con ellos de cualquier manera o asociados a la confirmación y perfeccionamiento del Plan y/o el Acuerdo de Apoyo al Plan GO/AEP o conforme a cualquier contrato, instrumento, publicación u otro acuerdo o documento creado o aplicado en relación con ellos, todas las cuales renuncian así y liberan. Ninguna reclamación, transacción, ocurrencia, declaración u omisión que sean alegadas o que podrían haber sido alegadas en las acciones relacionadas con cualquiera de los actos iniciadas o que puedan ser iniciadas por cualquier persona o entidad, ya sea directa o indirectamente, a través de, en nombre de o en beneficio de cualquiera de las Partes Exoneradas, contra cualquiera de las Partes Exoneradas.

**Sección 92.11 – Interdicto complementario.** No obstante cualquier disposición en sentido contrario en el presente, salvo dentro de los límites que se estipulan en el Plan, todas las Entidades, incluidas las Entidades que actúan en su propio nombre o que actualmente tienen o pueden, en cualquier momento, hacer valer cualquier Reclamación Exonerada en contra de cualquiera de las Partes Exoneradas basadas en, atribuida a, que surja o esté relacionada con cualquier Reclamación Exonerada contra los Deudores, cuando quiera y dondequiera que surja o se afirme, ya sea en los EE. UU. o en cualquier otra parte del mundo, por contrato o extracontractual, basada en garantía, ley o cualquier otra teoría del derecho escrito o consuetudinario o de otra índole, está por la presente permanente y para siempre inhabilitada, restringida y prohibida de iniciar, tramitar o continuar de cualquier manera directa o indirecta cualquier demanda, acción u otro procedimiento (incluidos, entre otros, cualquier procedimiento judicial, arbitral, administrativo u otro) y de la Ley, lo que incluye, entre otros, cualquier reclamación, demanda, derecho, responsabilidad, o causa de acción para la indemnización, contribución u otro fundamento de este tipo, según el sistema de derecho escrito o consuetudinario, por daños y perjuicios, costos u honorarios incurridos que surjan directa o indirectamente de los Casos de Título III o que estén relacionados con ellos de cualquier manera o asociados a la confirmación y perfeccionamiento del Plan y/o el Acuerdo de Apoyo al Plan GO/AEP, conforme a cualquier contrato, instrumento, publicación u otro acuerdo o documento creado o aplicado en relación con ellos, contra cualquiera de las Partes Exoneradas o los activos o bienes de cualquiera de las Partes Exoneradas.

Fecha: 2 de agosto de 2021, San Juan, Puerto Rico

Atentamente, /f/ Martin J. Bienenstock, Martin J. Bienenstock (*pro hac vice*), Brian S. Rosen (*pro hac vice*), **PROSKAUER ROSE LLP**, Eleven Times Square, Nueva York, NY 10036, Abogado de la Junta de Supervisión y Administración Financiera como representantes de los Deudores - y - /f/ Hermann D. Bauer, Hermann D. Bauer, USDC-PR, Núm. 215205, **O'NEILL & BORGES LLC**, 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918-1813, Coabogados de la Junta de Supervisión y Administración Financiera como representantes de los Deudores

Los Deudores en estos Casos de Título III, junto con el número de caso de Título III respectivo de cada Deudor y los últimos cuatro (4) dígitos del número de identificación fiscal federal de cada Deudor, según corresponda, son (i) el Estado Libre Asociado (Núm. de Caso de Título III 17-BK-3283-LTS) (Últimos cuatro dígitos del Número federal de contribuyente 3481); (ii) la Corporación del Fondo de Interés Apremiante ("COFINA") de Puerto Rico (Núm. de Caso de Quiebra 17-BK-3284-LTS) (Últimos cuatro dígitos del Número federal del contribuyente: 8474); (iii) la Autoridad de Carreteras y Transportación ("ACT") de Puerto Rico (Núm. de Caso de Quiebra 17-BK-3567-LTS) (Últimos cuatro dígitos del Número federal del contribuyente: 3808); (iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("SRE") (Núm. de Caso de Quiebra 17-BK-3566-LTS) (Últimos cuatro dígitos del Número federal del contribuyente: 9686); (v) la Autoridad de Energía Eléctrica ("AEE") de Puerto Rico (Núm. de Caso de Quiebra 17- BK-4780-LTS) (Últimos cuatro dígitos del Número federal del contribuyente: 3747); y (vi) la Autoridad de Edificios Públicos ("AEP") de Puerto Rico (Núm. de Caso de Quiebra 19-BK-5523-LTS) (Últimos cuatro dígitos del Número federal del contribuyente: 3801) (Los números de caso de Título III figuran como números de caso de Quiebra debido a limitaciones del software).

Todas las referencias a "secciones" en el presente Aviso se refieren a secciones del Plan, a menos que se especifique lo contrario.

Todas las fechas y procedimientos indicados en esta Notificación están sujetos a modificación como consecuencia de una nueva orden judicial.

Para evitar cualquier duda, dado que los titulares de Reclamaciones de Título III reciben ciertas distribuciones en virtud del Plan, el documento está disponible en la Plataforma de Votación en https://cases.primeclerk.com/puertorico/.

971-101486-1

**Exhibit E**

*El Nuevo Dia*

**(September 1, 2021)**

ANTE EL TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL
DISTRITO DE PUERTO RICO

**LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, como
representante de EL ESTADO LIBRE ASOCIADO DE PUERTO RICO, EL SISTEMA DE RETIRO DE
LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y LA
AUTORIDAD DE EDIFICIOS PÚBLICOS DE PUERTO RICO**

**Título III de PROMESA, 17 BK 3283-LTS (Con administración conjunta)**

**NOTIFICACION DE (I) LA APROBACIÓN DE LA DECLARACIÓN DE DIVULGACIÓN, (II) EL
ESTABLECIMIENTO DE LAS FECHAS DE REGISTRO.....**

# AFIDAVIT

Yo, Juan C. Jiménez Doblado, habiendo prestado el debido juramento declaro:

Que soy Representante del periódico "EL NUEVO DÍA" que se publica en Guaynabo, P.R.; que en las ediciones de este periódico correspondientes a los días:

**1 DE SEPTIEMBRE DE 2021**

se dio publicidad al anuncio expedido por

**JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO**

en el caso arriba mencionado y copia del cual se une al presente afidávit para que forme parte del mismo.

Guaynabo, P.R. SEP 3 0 2021 20__ .

Afidávit No. _18,884_ del Registro.

Jurado y reconocido ante mi por Juan C. Jiménez Doblado, vecino de San Juan, mayor de edad, soltero, Representante del periódico "EL NUEVO DÍA", a quien doy fe de conocer personalmente,

Guaynabo, P.R. SEP 3 0 2021 20__ .

NOTARIO

EL NUEVO DÍA Miércoles, 1 de septiembre de 2021 30

**ANTE EL TRIBUNAL DE DISTRITO DE ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO**

En el caso:
LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,
como representante de
EL ESTADO LIBRE ASOCIADO DE PUERTO RICO, EL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y LA AUTORIDAD DE EDIFICIOS PÚBLICOS DE PUERTO RICO,
Deudores.[1]

Título III de PROMESA
Núm. 17 BK 3283-LTS
(Con administración conjunta)

**NOTIFICACIÓN DE (I) LA APROBACIÓN DE LA DECLARACIÓN DE DIVULGACIÓN, (II) EL ESTABLECIMIENTO DE LAS FECHAS DE REGISTRO, (III) LA VISTA DE CONFIRMACIÓN DEL PLAN DE AJUSTE Y LOS PROCEDIMIENTOS DE OBJECIÓN A LA CONFIRMACIÓN DEL PLAN DE AJUSTE, (IV) LOS PROCEDIMIENTOS Y LA FECHA LÍMITE PARA VOTAR SOBRE EL PLAN DE AJUSTE Y LA REALIZACIÓN DE DETERMINADAS ELECCIONES EN VIRTUD DE DICHO VOTO**

**FECHA LÍMITE DE VOTACIÓN Y EJECUCIÓN:** 5:00 p.m. (AST) del 4 de octubre de 2021
**FECHA LÍMITE DE OBJECIONES:** 5:00 p.m. (AST) del 19 de octubre de 2021
**VISTA DE CONFIRMACIÓN:** 8 al 10, 12, 15 al 18, y 22-23 de noviembre de 2021 a las 09:30 a.m. (AST)

Si tiene alguna pregunta sobre esta notificación, comuníquese con Prime Clerk LLC por teléfono llamando al (844) 822-9231 (gratuito para Estados Unidos y Puerto Rico) o al (646) 486-7944 (para llamadas internacionales), de 10:00 a.m. a 7:00 p.m. (hora estándar del Atlántico) (disponible en español), o por correo electrónico enviando un mensaje a puertoricoinfo@primeclerk.com.

**TENGA EN CUENTA LO SIGUIENTE:**

1. *Aprobación de la Declaración de Divulgación.* Mediante orden de fecha 2 de agosto de 2021 [ECF Núm. 17639] (la "Orden de Declaración de Divulgación"), el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico (el "Tribunal") aprobó la información contenida en la *Declaración de Divulgación para el Séptimo Plan de Ajuste Conjunto Enmendado de Título III del Estado Libre Asociado de Puerto Rico, y otros*, de fecha 30 de julio de 2021 (con sus posibles modificaciones o enmiendas, incluyendo todos los anexos y apéndices a esta, la "Declaración de Divulgación"), presentada por la Junta de Supervisión y Administración Financiera en nombre del Deudor, y autorizó a los Deudores a convocar a la votación con respecto a la aceptación o rechazo del *Séptimo Plan de Ajuste Conjunto Enmendado de Título III del Estado Libre Asociado de Puerto Rico, y otros*, de fecha 30 de julio de 2021 (con sus posibles modificaciones o enmiendas, incluyendo todos los anexos y apéndices a este, el "Plan").[1]

Podrá solicitar una copia impresa del Plan y de la Declaración de Divulgación, incluyendo traducciones al español de ambos documentos, poniéndose en contacto con el Agente de Votación, Prime Clerk LLC:
Por teléfono (10:00 a.m. hasta 7:00 p.m. (AST)) (disponible atención en español):
  (844) 822-9231 (llamada gratuita en EE.UU. y Puerto Rico)
  (646) 486-7944 (llamadas internacionales)
Correo electrónico: puertoricoinfo@primeclerk.com
Alternativamente, podrá consultar las copias electrónicas de la Declaración de Divulgación y del Plan visitando https://cases.primeclerk.com/puertorico.

2. De acuerdo con la Orden de Declaración de Divulgación, los Deudores enviarán por correo los materiales necesarios para votar el Plan o hacer elecciones sobre las distribuciones en virtud de este (el "Paquete de Convocatoria") a los tenedores de Reclamaciones de las siguientes Clases (colectivamente, las "Clases con Derecho al Voto"):

| | Clase |
|---|---|
| Reclamaciones de Bonos Vintage de la AEP | Clase 1 |
| Reclamaciones de Bonos Vintage de la AEP (Assured) | Clase 2 |
| Reclamaciones de Bonos Vintage de la AEP (National) | Clase 3 |
| Reclamaciones de Bonos Vintage de la AEP (Syncora) | Clase 4 |
| Reclamaciones de Bonos Vintage de la AEP (FGIC) | Clase 5 |
| Reclamaciones de Bonos Vintage de la AEP (Syncora) | Clase 6 |
| Reclamaciones de Bonos Vintage Minoristas de la AEP | Clase 7 |
| Reclamaciones de Bonos 2011 de la AEP | Clase 8 |
| Reclamaciones de Bonos 2011 Minoristas de la AEP | Clase 9 |
| Reclamaciones de Bonos 2012 de la AEP | Clase 10 |
| Reclamaciones de Bonos 2012 Minoristas de la AEP | Clase 11 |
| Reclamaciones Garantizadas de la AEP/DRA | Clase 12 |
| Reclamaciones Generales no Garantizadas de la AEP | Clase 13 |
| Reclamaciones no Garantizadas de la AEP/DRA | Clase 14 |
| Reclamaciones de Bonos Vintage Minoristas de la AEP | Clase 15 |
| Reclamaciones de Bonos Vintage del ELA (Assured) | Clase 16 |
| Reclamaciones de Bonos Vintage del ELA (National) | Clase 17 |
| Reclamaciones de Bonos Vintage del ELA (Ambac) | Clase 18 |
| Reclamaciones de Bonos Vintage del ELA (FGIC) | Clase 19 |
| Reclamaciones de Bonos Vintage del ELA (Syncora) | Clase 20 |
| Reclamaciones de Bonos Vintage del ELA | Clase 21 |
| Reclamaciones de Bonos Vintage Garantizados del ELA | Clase 23 |
| Reclamaciones de Bonos Vintage Garantizados del ELA (Assured) | Clase 24 |
| Reclamaciones de Bonos Vintage Garantizados del ELA (National) | Clase 25 |
| Reclamaciones de Bonos Vintage Garantizados del ELA (Ambac) | Clase 26 |
| Reclamaciones de Bonos Vintage Garantizados del ELA (FGIC) | Clase 27 |
| Reclamaciones de Bonos Vintage Garantizados del ELA (Syncora) | Clase 29 |
| Reclamaciones de Bonos 2011 del ELA | Clase 30 |
| Reclamaciones de Bonos 2011 del ELA (Assured) | Clase 31 |
| Reclamaciones de Bonos 2011 del ELA (Assured) | Clase 32 |
| Reclamaciones de Bonos Garantizados 2011 del ELA | Clase 34 |
| Reclamaciones de Bonos Serie D/E/PIB 2011 del ELA | Clase 35 |
| Reclamaciones de Bonos Serie D/E/PIB 2011 del ELA (Assured) | Clase 37 |
| Reclamaciones de Bonos Serie D/E/PIB 2011 Minoristas del ELA | Clase 38 |
| Reclamaciones de Bonos 2012 del ELA | Clase 40 |
| Reclamaciones de Bonos 2012 Minoristas del ELA | Clase 41 |
| Reclamaciones de Bonos 2012 del ELA (Assured) | Clase 42 |
| Reclamaciones de Bonos Garantizados 2012 del ELA | Clase 44 |
| Reclamaciones de Bonos 2014 del ELA | Clase 46 |
| Reclamaciones de Bonos 2014 Minoristas del ELA | Clase 47 |
| Reclamaciones de Bonos Garantizados 2014 del ELA | Clase 49 |
| Reclamaciones de Jubilados Participantes del SRE por Encima del Umbral | Clase 51D |
| Reclamaciones de Jubilados Participantes del SRJ por Debajo del Umbral | Clase 51B |
| Reclamaciones de Jubilados Participantes del SRJ por Encima del Umbral | Clase 51E |
| Reclamaciones de Jubilados Participantes del SRE por Encima del Umbral | Clase 51F |
| Reclamaciones de Participantes Activos del SRE | Clase 51H |
| Reclamaciones de Participantes Activos del SRJ | Clase 51H |
| Reclamaciones de Participantes Activos del SRJ | Clase 51H |
| Reclamaciones de Participantes de Nóminas de VTP por Encima del Umbral | Clase 51L |
| Reclamaciones de AFSCME | Clase 52 |
| Reclamaciones de productores lácteos | Clase 53 |
| Reclamaciones de dominio eminente | Clase 54 |
| Reclamaciones del Centro Médico | Clase 56 |
| Reclamaciones Generales Sin Garantía del ELA | Clase 58 |
| Reclamaciones de ELA/ACT | Clase 59 |
| Reclamaciones de ELA/Centro de Convenciones | Clase 60 |
| Reclamaciones de ELA/Impuesto al Ron de la AFI | Clase 61 |
| Reclamaciones de ELA/AMA | Clase 62 |
| Reclamaciones de Bonos SRE | Clase 65 |
| Reclamaciones Garantizadas del SRE | Clase 66 |
| Reclamaciones Federales | Clase 68 |

3. *Vista de confirmación.* Se celebrará una vista para considerar la confirmación del Plan (la "Vista de Confirmación") ante la Honorable Laura Taylor Swain, en una vista telefónica a través de CourtSolutions los días 8 – 10, 12, 15 – 18 y 22 – 23 de noviembre a las 9:30 a.m. (hora estándar del Atlántico)

4. Una vista de Confirmación puede ser continuada periódicamente por el Tribunal o la Junta de Supervisión, sin notificación adicional o a través de aplazamientos anunciados en audiencia pública o como se indica en cualquier notificación de los asuntos que se consideraran en la vista presentada ante el Tribunal, y el Plan puede ser modificado, si es necesario, antes, durante o como resultado de la Vista de Confirmación, de acuerdo con las disposiciones de modificación del Plan y la Regla Local 3016-2, sin notificación adicional a las partes interesadas.

5. *Depósito de confirmación del Plan.* La información relativa a la confirmación del Plan puede depositarse en línea en el Depósito de Confirmación del Plan en title@landstarcom.com.

6. *Fecha límite de objeción de la confirmación.* El Tribunal ha establecido el **19 de octubre de 2021 a las 5:00 p.m. (hora estándar del Atlántico)** (la "Fecha Límite de Objeción a la Confirmación") como fecha límite para presentar objeciones o réplicas a la confirmación del Plan propuesto.

7. *Objeciones y réplicas a la confirmación.* Las objeciones y réplicas a la confirmación del Plan deben:
   a. Estar redactadas por escrito, en inglés, y firmadas;
   b. Indicar el nombre, el domicilio y la naturaleza de la Reclamación de la parte que se oponen o responde;
   c. Exponer en detalle el fundamento y la naturaleza de cualquier objeción o réplica y, cuando corresponda, la redacción propuesta que debe insertarse en el Plan con el fin de resolver cualquier objeción o réplica; y
   d. Presentarse electrónicamente ante el Tribunal en el registro *En referencia al Estado Libre Asociado de Puerto Rico*, Caso núm. 17 BK 3283-LTS, a través del sistema de registro de casos del Tribunal en formato de documento portátil con función de búsqueda, **como más tardar el 19 de octubre de 2021 las 5:00 p.m. (hora estándar del Atlántico).**
   i. Si no es usted abogado registrado como usuario del sistema de registro de casos del Tribunal, podrá enviar por correo postal su objeción a la Oficina de Secretaría del Tribunal a:
      Tribunal de Distrito de EE.UU., Oficina de Secretaría
      Avenida Carlos Chardón 150, Suite 150
      San Juan, Puerto Rico 00918-1767
      que deberá recibirse como más tardar el **19 de octubre de 2021 a las 5:00 p.m. (hora estándar del Atlántico).**
   e. Notificarse a la Oficina del Fideicomisario de Estados Unidos para el Distrito de Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (ref. En el caso: el Estado Libre Asociado de Puerto Rico) de manera que se reciba en o antes de la Fecha Límite de Objeción a la Confirmación Final.

8. *Participación en la confirmación.* Si desea participar en la audiencia relativa a la confirmación del Plan deberá presentar una notificación de sus intenciones de participar en la indagatoria (una "Notificación de indagatoria"), un formulario que encontrará en https://cases.primeclerk.com/puertorico/. Si presenta su Notificación de indagatoria como más tardar el **15 de agosto de 2021**, es posible que se le permita el acceso a documentos del Depósito del Plan donde se guardan información y documentos relativos al Plan, y podrá asimismo notificar sus propias solicitudes indagatorias. Si presenta su Notificación indagatoria después del **15 de agosto de 2021**, pero antes del **19 de agosto de 2021 (o en esta última fecha)**, es posible que se le permita el acceso a documentos del Depósito del Plan. Tenga en cuenta que el acceso a la información en el Depósito del Plan podría quedar sujeto al cumplimiento de los requisitos de acceso de los Deudores.

9. Deberá presentar la Notificación de indagatoria en el formato estipulado por el sitio web del Caso del Título III, a saber:
   a. Estar por escrito, en inglés, e ir firmada;
   b. Indicar su nombre, domicilio, naturaleza de su Reclamación y número de Reclamación;
   c. Indicar sus intenciones de participar en la indagatoria relativa a la confirmación del Plan; y
   d. Presentarse electrónicamente al Tribunal, en el registro CM/ECF Notificación de intenciones de participar en la indagatoria de la Confirmación del Plan del Estado Libre Asociado, en *En referencia al Estado Libre Asociado de Puerto Rico*, Caso núm. 17 BK 3283-LTS, a través del sistema de registro de casos del Tribunal como más tardar en la fecha de plazo final correspondiente.
   i. Si no está usted representado por un abogado, podrá optar por enviar la Notificación de indagatoria por correo postal a la Oficina de Secretaría del Tribunal, en:
      Tribunal de Distrito de EE.UU., Oficina de Secretaría
      Avenida Carlos Chardón 150, Suite 150
      San Juan, Puerto Rico 00918-1767
      que deberá recibirse como más tardar en la fecha de plazo pertinente.

10. **Para poder participar en la indagatoria relacionada con la confirmación del Plan, deberá presentar la Notificación de indagatoria en plazo.** No obstante, si no presentase la Notificación de indagatoria en plazo, ello no será óbice para que usted se oponga a la confirmación del Plan como más tardar en el Plazo de objeción de la Confirmación, aunque no podrá ver los documentos del Depósito del Plan ni tampoco participar en la indagatoria relacionada con el Plan.

11. *Calendario y fechas límite de indagatoria.* El Tribunal ha establecido el siguiente calendario y fechas límite, que serán aplicables a los Deudores y a otras partes interesadas que hayan presentado puntualmente una Notificación de indagatoria y tengan derecho a participar en la indagatoria[1]:

| Resumen de determinadas fechas |  |
|---|---|
| **3 de agosto de 2021** | Fecha final para que los deudores presenten una lista preliminar de testigos de hechos, y temas sobre los cuales dichas personas testificarán (la "Lista preliminar de testigos de hechos de los Deudores"). |
| | Fecha final para que los Deudores presenten un resumen inicial explicando qué es lo que los Deudores pretenden demostrar en la confirmación. |
| **6 de agosto de 2021** | Fecha inicial para que todas las partes presenten sus solicitudes iniciales de presentación de documentos no depositados (las "Solicitudes iniciales de presentación"). Los acreedores y las partes interesadas podrán presentar las Solicitudes iniciales de presentación solamente tras cursar una Notificación de intenciones de participar en la indagatoria (tal como se define a continuación), salvo respuestas y objeciones a dichas Solicitudes iniciales de presentación se cursarán en un plazo de siete (7) días desde haber cursado dichas Solicitudes. |
| **15 de agosto de 2021** | Fecha final para que los acreedores y partes interesadas presenten una "Notificación de intenciones de participar en la indagatoria", también denominada "Notificación de indagatoria". Solamente las partes que presenten puntualmente una Notificación de intenciones de participar en la indagatoria podrán participar en la indagatoria, aunque tuercen no será óbice para que una parte objete la confirmación del Plan. |
| **6 de septiembre de 2021** | Plazo final para que los Acreedores elegibles presenten una lista preliminar de testigos de hechos, y temas sobre los cuales dichas personas testificarán (una "Lista preliminar de testigos de hechos de los Acreedores elegibles"). |
| | Plazo final para que todas las partes presenten las declaraciones iniciales de peritos ("Declaraciones iniciales de peritos"). |
| **13 de septiembre de 2021** | Plazo final para que todas las partes presenten las declaraciones iniciales de peritos ("Declaraciones iniciales de peritos"). |
| | Fecha límite para que todas las partes presenten las notificaciones oficiales de declaración, los temas a declarar y los horarios solicitados para ello ("Notificaciones iniciales de declaración") (todas las partes tienen un tiempo limitado a siete (7) horas para las declaraciones). Se admitirán notificaciones siempre y cuando la indagatoria concluya en el plazo admitido. |
| **30 de septiembre de 2021** | Fecha límite para que todas las partes presenten las mociones "Daubert" y las mociones "in limine". |
| **1 de octubre de 2021** | Plazo final para que todas las partes presenten un máximo de quince (15) interrogatorios ("Interrogatorios"), incluyendo subpartes. Las respuestas y objeciones a dichos Interrogatorios se cursarán antes de que transcurran diez (10) días desde el momento de presentación de los citados Interrogatorios. |
| **4 de octubre de 2021** | Plazo final para que todas las partes presenten las declaraciones de refutación de peritos ("Declaraciones de refutación de peritos"). |
| | Plazo final para que todas las partes presenten solicitudes de seguimiento de presentación de documentos ("Solicitudes de seguimiento de presentación") y, colectivamente, con las Solicitudes de presentación iniciales, las "Solicitudes de presentación"). |
| **8 de octubre de 2021** | Plazo final para que todas las partes presenten los informes de refutación de peritos ("Informes de refutación de peritos"). |
| | Plazo final para que los Deudores presenten una propuesta inicial de orden en apoyo de la confirmación del Plan (la "Propuesta inicial de orden de confirmación"). |
| **11 de octubre de 2021** | Plazo final para que las partes presenten solicitudes de admisión, limitadas a la autenticación de documentos ("Informes de admisión"). |
| | Conclusión de la indagatoria de hechos (la "Fecha límite de indagatoria de hechos") |
| **15 de octubre de 2021** | Fecha límite para que todas las partes presenten las declaraciones de refutación de expertos ("Declaraciones de refutación de expertos"). |
| **18 de octubre de 2021** | Conclusión de la indagatoria de peritos (la "Fecha límite de indagatoria de peritos") |

| | |
|---|---|
| **19 de octubre de 2021** | Fecha límite para que los Acreedores elegibles presenten sus objeciones a la confirmación del Plan ("Objeciones"). |
| | Fecha límite de presentación de la Notificación de intenciones de participar en la indagatoria o de la Notificación de indagatoria de los Acreedores elegibles que solamente desean acceder a los documentos del Depósito del Plan. |
| **22 de octubre de 2021** | Fecha límite para que los Acreedores elegibles presenten objeciones a la Propuesta inicial de orden de confirmación. |
| | Fecha límite para que todas las partes presenten las listas de testigos, las listas de pruebas y las designaciones de declaraciones definitivas. |
| **25 de octubre de 2021** | Fecha límite para que todas las partes presenten sus oposiciones a las mociones "Daubert" y las mociones "in limine". |
| | Fecha límite para que todas las partes presenten las declaraciones de testigos que se utilizarán en la Vista de confirmación ("Declaraciones de testigos"). |
| | Fecha límite para que los Deudores presenten sus propuestas de conclusiones iniciales de hecho y de derecho en apoyo a la confirmación del Plan (las "Conclusiones iniciales de hecho y de derecho"). |
| **27 de octubre de 2021** | Fecha límite para que los Deudores presenten sus respuestas en apoyo a la propuesta de orden de confirmación y Respuestas a las objeciones de confirmación del Plan. |
| **30 de octubre de 2021** | Fecha límite para que las partes presenten sus contradesignaciones, objeciones a las declaraciones designadas u objeciones a las listas de pruebas. |
| **1 de noviembre de 2021** | Vista virtual de las mociones "in limine". |
| **8 de noviembre de 2021** | Inicio de la Vista de confirmación. |

12. *Fecha de registro de votación.* La fecha de registro de la votación es el **13 de julio de 2021** (la "Fecha de Registro de Votación"), que es la fecha para determinar cuáles son los tenedores de Reclamaciones de las Clases con Derecho al Voto (excepto las Clases de Bonos[1], la Clase 51 y la Clase 52) que tienen derecho a votar sobre el Plan. Por lo tanto, solo los acreedores de una Clase con derecho al voto sobre el Plan que tengan Reclamaciones contra los Deudores (excepto en las Clases de Bonos, la Clase 51 y la Clase 52) en la Fecha de Registro de Votación tienen derecho a votar sobre el Plan.

13. *Fecha límite de votación.* La fecha límite para votar el Plan es el **4 de octubre de 2021, a las 5:00 p.m. (hora estándar del Atlántico)**, salvo que se prorrogue dicha fecha (la "Fecha Límite de Votación"). No estará obligado a votar sobre el Plan para recibir distribuciones de conformidad con los términos y condiciones del Plan, si confirma el Tribunal y siempre y cuando sea usted titular de una Reclamación permitida.

14. Si ha recibido un Paquete de Convocatoria, que incluye una Papeleta o una Notificación, y tiene intención de votar sobre el Plan, deber (a) seguir cuidadosamente las instrucciones; (b) completar *toda* la información requerida en la Papeleta (según sea el caso); y (c) (i) firmar y devolver su Papeleta completada, de acuerdo con lo que se estipula en detalle en las instrucciones de votación incluidas en el Paquete de Convocatoria, de forma que su papeleta sea *efectivamente recibida* por el agente de convocatoria de los Deudores, Prime Clerk (el "Agente de Votación") en o antes de la Fecha Límite de Votación, o (ii) si dar instrucciones a su corredor u persona designada (cada uno de ellos, una "Persona Designada") para que entregue electrónicamente su voto a través del Programa Automatizado de Oferta de Presentación ("ATOP") en The Depository Trust Company ("DTC") de acuerdo con su deseo de votar para aceptar o rechazar el Plan en o antes de la Fecha Límite de Votación. *El incumplimiento de estas instrucciones puede hacer que su voto sea descalificado.*

15. *Fecha Límite de Votación.* La fecha límite para que los tenedores de Reclamaciones de Bonos elegibles que tengan derecho a elegir la forma de distribución según el Plan realicen dicha elección es el **4 de octubre de 2021, a las 5:00 p.m. (hora estándar del Atlántico)**, salvo que esta fecha se prorrogue (la "Fecha Límite de Elección"). Si ha recibido una Notificación con la opción de hacer una elección, deber (a) seguir cuidadosamente las instrucciones; y (b) entregar *toda* la información requerida de acuerdo con lo establecido en las instrucciones de elección de manera que su elección (según sea el caso) sea *efectivamente recibida* por el agente de convocatoria de los Deudores, Prime Clerk (el "Agente de Votación") en o antes de la Fecha Límite de Votación, dicha Reclamación no tendrá derecho a participar y rechazar el Plan. Las evidencias de reclamación por $0.00 o las Reclamaciones que hayan sido impugnadas por orden del Tribunal tampoco tienen derecho al voto.

17. Se considera que los acreedores de las siguientes Clases aceptan el Plan y no tienen derecho al voto, aunque recibirán las distribuciones de conformidad con los términos y condiciones del Plan, si esto es confirmado por el Tribunal:
   • Clase 51A (Reclamaciones de Jubilados Participantes del SRE por Debajo del Umbral)
   • Clase 51C (Reclamaciones de Jubilados Participantes del SRM por Debajo del Umbral)
   • Clase 51J (Reclamaciones de Participantes del Sistema 2000)
   • Clase 51K (Reclamaciones de Nóminas de Retiro de VTP por Debajo del Umbral)
   • Clase 55 (Reclamaciones de Incentivos Energéticos)
   • Clase 57 (Reclamaciones de Créditos Contributivos)
   • Clase 67 (Reclamaciones Gracia-Gracia), y
   • Clase 68 (Reclamaciones de Convenencia)

18. Si una Reclamación figura en la lista de acreedores del Deudores [Caso Núm. 17-3283, ECF Núm. 1215, 1316, 2582, 10708] como contingente, no liquidada o impugnada y no se ha presentado una evidencia de reclamación (i) antes de la fecha límite para la presentación de evidencias de reclamación establecida por el Tribunal o de la Fecha de Registro de Votación (según sea el caso), lo que ocurra primero; o (ii) se considere presentada a tiempo por una orden del Tribunal antes de la fecha límite de Votación, dicha Reclamación no tendrá derecho a rechazar el Plan. Las evidencias de reclamación por $0.00 o las Reclamaciones que hayan sido impugnadas por orden del Tribunal tampoco tienen derecho al voto.

19. Si usted pertenece a las Clases 63 o 64, o ha presentado oportunamente una evidencia de reclamación y no está de acuerdo con la clasificación de sus Reclamaciones, le objeción o la solicitud de estimación de su Reclamación, y crea que debe tener derecho a votar sobre el Plan, debe notificar a los Deudores y al Fideicomisario de Estados Unidos (consultar al parrafo 7(e) precedente) y presentar ante el Tribunal (con copia al Despacho de la Juez) una moción (según la Regla 3018(a)) para solicitar que se le permita votar sobre el Plan conforme a la Regla 3018(a) de las Reglas de Procedimiento de Quiebra (las "Regla de Quiebra") que permita de forma temporal su Reclamación por un monto diferente a la Clase diferente a la efectos de votar para aceptar o rechazar el Plan. Todas las Mociones de la Regla 3018(a) deben presentarse en o antes del décimo (10º) día después de la fecha límite de Votación. Debe notificarse de la Regla 3018(a) y la Reclamación será susceptible de una objeción o solicitud de estimación, si la hubiera, en cuanto a dicha Reclamación. De acuerdo con la Regla 3018(a), la Papeleta de dicho acreedor no se contabilizará, salvo que el Tribunal la ordene conforme a la Regla 3018(a), la Papeleta de Votación el **4 de octubre de 2021 a las 5:00 p.m. (hora estándar del Atlántico).** Las preguntas pueden ponerse en contacto con el Agente de Votación (i) por correo; de primera clase por mensajería nocturna o a través de: Puerto Rico Ballot Processing, C/O Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, (ii) por teléfono llamando al (844) 822-9231 (llamada gratuita para EE.UU. y Puerto Rico) o al (646) 486-7944 (para llamadas internacionales), de 10:00 a.m. a 7:00 p.m. (hora estándar del Atlántico) (disponible en español), o (iii) por correo electrónico a puertoricoinfo@primeclerk.com, para recibir una Papeleta adecuada para cualquier Reclamación para la que se haya presentado oportunamente una evidencia de reclamación y se haya concedido una Moción conforme a la Regla 3018(a). Las Mociones de la Regla 3018(a) que no se hayan presentado a tiempo y en la forma establecida no contaran tiempo en ser tenidas en cuenta.

20. Si desea que su Reclamación sea admitida provisionalmente a efectos de votación de conformidad con la Regla de Quiebra 3018(a), en https://cases.primeclerk.com/puertorico/ encontrará un formulario de la Regla 3018(a) con instrucciones para rellenar y presentar la moción.

21. *Partes que no serán tratadas como Acreedores.* Cualquier tenedor de una Reclamación que (i) esté programado en la Lista de Acreedores a $0.00 y no se oponga de una evidencia de Reclamación presentada a tiempo o una evidencia de Reclamación que se considere presentada a tiempo ante el Tribunal o una orden del Tribunal, o que se considere presentada a tiempo según lo haya indicado el Tribunal; o (ii) esté programado y no existe una evidencia de reclamación presentada a tiempo o una evidencia de Reclamación considerada como presentada a tiempo por el Tribunal o una orden del Tribunal, o se considere presentada a tiempo según Reclamación a los efectos de recibir notificaciones sobre el Plan, y (b) no tendrá derecho a votar sobre el Plan.

(continúa en la página siguiente)

*(continúa de la página anterior)*

**22. Información adicional.** Cualquier parte interesada que desee obtener información sobre los procedimientos de convocatoria o copias de la Declaración de Divulgación o del Plan, incluyendo sus traducciones al español, debe ponerse en contacto con el Agente de Votación, Prime Clerk LLC, por teléfono llamando al (844) 822-9231 (llamada gratuita para EE.UU. y Puerto Rico) o al (646) 486-7944 (para llamadas internacionales), de 10:00 a.m. a 7:00 p.m. (hora estándar del Atlántico) (disponible en español), o por correo electrónico a puertoricoinfo@primeclerk.com, o puede ver dichos documentos accediendo a https://cases.primeclerk.com/puertorico/ o al sitio web del Tribunal, https://www.prd.uscourts.gov/. Tenga en cuenta que se necesita una contraseña y un inicio de sesión para acceder a los documentos que figuran en el sitio web del Tribunal a través del sistema de Acceso Público a los Registros Electrónicos del Tribunal (PACER, por sus siglas en inglés) (http://www.pacer.psc.uscourts.gov).

**23. Reglas de Quiebra 2002(c)(3) y 3016(c).** De acuerdo con las Reglas de Quiebra 2002(c)(3) y 3016(c), a continuación se exponen las disposiciones de descargo, exculpación e interdicto contenidas en el Plan:

**Sección 92.2– Exoneración y descargo de reclamaciones y causas de acción:**

(a) Salvo que se disponga expresamente en el Plan o en la Orden de Confirmación, todas las distribuciones y derechos otorgados en virtud del Plan serán, y se considerarán, a cambio de, y en completa satisfacción, liquidación, exoneración y descargo de, todas las Reclamaciones o Causas de Acción contra las Partes Exoneradas que surgieron, en todo o en parte, antes de la Fecha de Vigencia, en relación con los Casos de Título III, los Deudores o los Deudores Reorganizados o cualquiera de sus respectivos Activos, bienes o intereses de cualquier naturaleza, incluidos los intereses devengados por dichas Reclamaciones en o a partir de la Fecha de Petición, e independientemente de que se hayan distribuido o retenido bienes a tenor con el Plan a causa de dichas Reclamaciones o Causas de Acción. En la Fecha de Vigencia, los Deudores y los Deudores Reorganizados se considerarán exonerados y eximidos de toda y cualquier Reclamación, Causas de Acción o cualquier otra deuda emergente, en su totalidad o en parte, antes de la Fecha de Vigencia (lo que incluye antes de la Fecha de Petición), y todas las Reclamaciones del tipo especificado en las secciones 502(g), 502(h) o 502(i) del Código de Quiebras, y la Sección 407 de PROMESA, ya sea o no (a) una evidencia de reclamación basada en la cual se presente una Reclamación contra el Deudor, (b) que se haya presentado dicha Reclamación conforme a la Sección 502 del Código de Quiebras y la Sección 407 de PROMESA (o que se resuelva de otro modo), o (c) que el tenedor de una Reclamación basada en una deuda haya votado para aceptar el Plan. Para disipar cualquier duda, nada de lo contenido aquí ni en la Orden de confirmación librará, eximirá ni prescribirá ninguna reclamación o causa de acción contra la AEP derivada de, o relacionada con, los bonos emitidos por la AEP, incluyendo, entre otros, los emitidos con seguro monolínea pertinentes, y la AEP no exime de ninguna reclamación ni causa de acción contra cualquier Entidad no deudora. Las reclamaciones y causas de acción contra la AEP derivadas de, o relacionadas con, los bonos emitidos por la AEP, y las exenciones contra la AEP y sus respectivos descargos, se dirigirán al caso del Título III de la AEP, incluyendo, entre otros, cualquier plan de ajuste pertinente.

(b) Salvo que se disponga expresamente en el Plan o en la Orden de Confirmación, todas las Entidades estarán impedidas de hacer valer todas y cada una de las Reclamaciones contra los Deudores y Deudores Reorganizados, y cada uno de sus respectivos Activos, bienes y derechos, remedios, Reclamaciones o Causas de Acción o responsabilidades de cualquier naturaleza, relacionadas con los Casos del Título III, los Deudores o los Deudores Reorganizados o cualquiera de sus respectivos Activos y bienes, incluyendo cualquier interés acumulado sobre dichas Reclamaciones desde y después de la Fecha de Petición, e independientemente de que se hayan distribuido o retenido bienes a tenor del Plan por cuenta de dichas Reclamaciones u otras obligaciones, demandas, sentencias, daños y perjuicios, deudas, derechos, causas de acción o responsabilidades. De acuerdo con lo anterior, salvo que se disponga expresamente en el Plan o en la Orden de Confirmación, la Orden de Confirmación constituirá una determinación judicial, a la Fecha de Vigencia, de la exoneración y descargo de todas esas Reclamaciones, Causas de Acción o deuda o contra los Deudores y los Deudores Reorganizados a tenor con las secciones 524 y 944 del Código de Quiebras, aplicable al Caso de Título III a tenor con la Sección 301 de PROMESA, y dicha exoneración anulará y extinguirá cualquier sentencia obtenida contra los Deudores o Deudores Reorganizados y sus respectivos Activos y bienes en cualquier momento, en la medida en que dicha sentencia esté relacionada con una Reclamación, deuda o responsabilidad que sea objeto de dicha exoneración. A la Fecha de Vigencia, y como contraprestación en el valor proporcionado en virtud del Plan, se considera que cada tenedor de una Reclamación o causa de acción contra cualquiera de los Deudores, ha concedido, liberará, renunciará y exonerará para siempre a, los Deudores y a los Deudores Reorganizados, y a sus respectivos Activos y bienes, de todas las Reclamaciones.

(c) No obstante cualquier otra disposición del Acuerdo de Apoyo al Plan GO/AEP, se considerará que cada uno de los Acreedores del Acuerdo de Apoyo al Plan (AAP) GO/AEP y sus respectivas Personas Vinculadas, únicamente en su calidad de Acreedores de los Deudores, (i) han renunciado a y pactado no demandar o de otro modo intentar recuperar daños y perjuicios o buscar cualquier otro tipo de reparación contra cualquiera de los Exonerados del Gobierno basadas en, que se deriven de o estén relacionadas con las Reclamaciones Exoneradas del Gobierno o cualquiera de las Reclamaciones o Causas de Acción afirmadas o que podrían haber sido afirmadas, incluyendo, entre otros, en los Acreedores de Reclamación (Litigios) y la Moción de Levantamiento de la Paralización; y (ii) no ayudarán directa o indirectamente a ninguna persona a realizar ninguna acción con respecto a las Reclamaciones Exoneradas del Gobierno que esté prohibida por la presente Cláusula 92.2.

(d) Limitación de la SEC. No obstante nada de lo contenido en este párrafo, la protección establecida por este Acuerdo de Apoyo al Plan (AAP) GO/AEP se considerará que cada uno de los Acreedores del Acuerdo de Apoyo al Plan (AAP) GO/AEP y sus respectivas Personas Vinculadas, no impide ni será interpretado como impedir que los Deudores, (i) han renunciado y pactado no demandar o de otro modo intentar recuperar daños y perjuicios o buscar cualquier otro tipo de reparación contra cualquiera de las Reclamaciones o Causas de Acción afirmadas o que podrían haber sido afirmadas, incluyendo, entre otros, en las demandas, por la SEC o cualquier otra agencia gubernamental federal para hacer cumplir su poder regulatorio o de policía; (ii) afirmar, defender, desconocer, impugnar o iniciar una reclamación o causa de acción en cualquier proceso de interpretación contra la SEC inicie o continúe reclamaciones, pleitos, procedimientos o investigaciones contra personas físicas o jurídicas no deudoras en ningún foro.

(e) Limitación de los Estados Unidos. Limitación de la SEC. No obstante nada de lo contenido en este contrato o en la Orden de confirmación, ninguna disposición tendrá como consecuencia (i) impedir que los Estados Unidos o cualquiera de sus agencias, departamentos o agentes, hagan valer cualquier reclamación contra los Deudores o los Deudores reorganizados, según sea el caso, cumplan las leyes y requisitos federales o territoriales que implementen programas federalmente autorizados o delegados para la protección de la salud, la seguridad y el entorno de personas de dichos territorios; (ii) amplíe el ámbito de exoneración, exención o recurso a los cuales los Deudores o los Deudores reorganizados tengan derecho de conformidad con el Título III, ni (iii) eximan, descarguen, impidan o limiten cualquier responsabilidad de los Deudores o los Deudores reorganizados ante los Estados Unidos y posteriores a, la Fecha de Entrada en vigencia, (b) cualquier responsabilidad de cara a los Estados Unidos que no sea una Reclamación, (C) cualquier defensa afirmativa o cualquier derecho de compensación o recobro de los Estados Unidos, de los Deudores o de los Deudores reorganizados, según proceda, reservándose expresamente dichos derechos de compensación y recobro de los Estados Unidos, (D) la continuidad de la validez de las obligaciones de los Estados Unidos, de los Deudores o de los Deudores reorganizados, según proceda, en virtud de cualquier subsidio o acuerdo de asistencia cooperativa de los Estados Unidos, (E) las obligaciones de los Deudores o de los Deudores reorganizados derivadas de políticas, leyes o reglamentos federales, incluyendo, entre otros, leyes relativas al medio ambiente, la salud o la seguridad pública, o leyes territoriales que implementen programas federalmente autorizados o delegados, incluyendo, entre otros, obligaciones de cumplimiento normativo, requisitos de decretos de consentimiento o de órdenes judiciales, y obligaciones de pagar las correspondientes penalizaciones administrativas, civiles y de otra índole; (F) cualquier responsabilidad en materia de medio ambiente u obligación para con los Estados Unidos que los Deudores, los Deudores reorganizados, sus sucesores o cualquier otra persona física o jurídica puedan tener como propietarios o explotadores de bienes raíces que se hubieren producido durante el período a partir de la Fecha de Entrada en vigencia, incluyendo, entre otros, obligaciones de cumplimiento normativo, requisitos de decretos de consentimiento u órdenes judiciales y obligaciones de pagar las correspondientes penalizaciones administrativas, civiles y de otra índole; (G) cualquier responsabilidad de cara a los Estados Unidos por parte de cualquier deudor. Sin que ello suponga una limitación a la generalidad de lo anterior, nada de lo contenido aquí ni en la Orden de confirmación podrá considerarse (i) una determinación de la obligación tributaria de cualquier entidad, incluyendo, entre otros, los Deudores y los Deudores reorganizados, (ii) vinculante para el IRS con respecto a las obligaciones tributarias federales, situación fiscal o obligaciones de declaración o retención de impuestos de cualquier entidad, incluyendo, entre otros, los Deudores y los Deudores reorganizados, (iii) una exención, satisfacción, exención o prohibición de cualquier recaudación reclamada por el IRS contra cualquier entidad que no sean los Deudores y los Deudores reorganizados, y no otorgar ninguna exención a ninguna Entidad que el Tribunal tenga prohibido por la Ley de Sentencia Declaratoria, 28 U.S.C. § 2201(a) o la Ley contra Medidas Cautelares aplicables a impuestos, 26 U.S.C. § 7421(a).

(f) Actuaciones de las aseguradoras. No obstante cualquier disposición en sentido contrario contenida aquí o en la Orden de confirmación, incluyendo, entre otros, las Secciones 92.2, 92.3 y 92.11 del Plan, y salvo que esté excluido por lo estipulado en PROMESA, nada de lo contenido en el Plan, la Orden de confirmación u oro documento relacionado con el Plan incluido en el Suplemento del Plan, tiene por objeto ni podrá interpretarse como un intento de perjudicar, alterar, modificar, disminuir, prohibir, impedir, restringir, limitar, eximir, reducir, eliminar o limitar los derechos de demandantes y demandados, incluyendo, entre otros, las partes de las Actuaciones de las aseguradoras, de hacer valer sus respectivos derechos, reclamaciones, causas de acción y defensa.

**Sección 92.3 – Interdicto sobre las Reclamaciones:** Salvo que se disponga expresamente lo contrario en el Plan, en la Orden de Confirmación o en cualquier otra Orden Definitiva del Tribunal del Título III

que pueda ser aplicable, todas las Entidades que hayan tenido, tengan o puedan tener Reclamaciones o cualquier otra deuda o responsabilidad que se exonere o renuncie a tenor con la Sección 92.2 del presente o que hayan tenido, tengan o puedan tener Reclamaciones o cualquier otra deuda o responsabilidad que se exonere o renuncie a tenor con la Sección 92.2 del presente tienen permanentemente prohibido, en o a partir de la Fecha de Vigencia, (a) comenzar o continuar, directa o indirectamente, de cualquier manera, cualquier acción u otro procedimiento (incluyendo, entre otros, cualquier procedimiento judicial, arbitral, administrativo u otro) de cualquier índole sobre cualquier Reclamación u otra deuda o responsabilidad que se exonere a tenor con el Plan contra cualquiera de las Partes Exoneradas o cualquiera de sus respectivos activos o bienes, (b) la ejecución, el embargo, el cobro o la recuperación por cualquier forma o medio de cualquier sentencia, laudo, decreto u orden contra cualquiera de las Partes Exoneradas o cualquiera de sus respectivos activos o bienes por cuenta de cualquier Reclamación u otra deuda o responsabilidad que se exonere a tenor con el Plan, (c) crear, perfeccionar o aplicar cualquier gravamen de cualquier tipo contra cualquiera de las Partes Exoneradas o cualquiera de sus respectivos activos o bienes por cuenta de cualquier Reclamación u otra deuda o responsabilidad que se exonere a tenor con el Plan; y (d) salvo en la medida en que se disponga, permita o preserve en las secciones 553, 555, 556, 559 o 560 del Código de Quiebras o conforme al derecho de recuperación del derecho consuetudinario, hacer valer cualquier derecho de compensación, subrogación o recuperación de cualquier tipo contra cualquier obligación debida de cualquiera de las Partes Exoneradas o cualquiera de sus respectivos activos o bienes, con respecto a cualquier Reclamación y otra deuda o responsabilidad que se exonere en conformidad con el Plan. Este interdicto se extenderá a todos los sucesores y cesionarios de las Partes Exoneradas y sus respectivos activos y bienes.

**Sección 92.5 – Exoneraciones de los Deudores y Deudores Reorganizados:** Salvo que se disponga expresamente lo contrario en el Plan o la Orden de Confirmación, en la Fecha de Vigencia, y por una contraprestación válida y suscriptible de apreciación pecuniaria, cada uno de los Deudores y los Deudores Reorganizados, el Agente Pagador y cada una de las Personas Relacionadas de los Deudores y los Deudores Reorganizados, se considerará que ha, y por la presente lo hace de manera irrevocable e incondicional, plenamente, definitivamente y a perpetuidad, renunciado, exonerado, absuelto y relevado a las Partes Exoneradas de toda y cualquier Reclamación o Causas de Acción que los Deudores, los Deudores Reorganizados y el Agente Pagador, o cualquiera de ellos, o cualquiera que reclame a través de ellos, en su nombre o para su propio beneficio, tengan o pudieran tener o reclamaran tener, ahora o en el futuro, contra cualquier Parte Exonerada que sean Reclamaciones Exoneradas o que de otro modo se basen en, se relacionen con, o surjan de o en conexión con, en su totalidad o en parte, cualquier acto, omisión, transacción, evento u otra circunstancia relacionada con los Casos de Título III, los Deudores que tengan lugar o existan en o antes de la Fecha de Vigencia, y/o cualquier Reclamación, acto, hecho, transacción, ocurrencia, declaración u omisión en relación con ello, o que podría haber sido alegada, incluyendo, entre otros, cualquier acto u omisión, transacción, evento u otra circunstancia relacionada con los Casos de Título III, los Deudores que tengan lugar o existan en o antes de la Fecha de Vigencia, y/o cualquier Reclamación, acto, hecho, transacción, ocurrencia, declaración u omisión en relación con ello, o que podría haber sido alegada, incluyendo, entre otros, cualquier acto u omisión, transacción, evento u otra circunstancia relacionada con la negociación, formulación, preparación, divulgación, solicitud, ejecución, administración, implementación, confirmación o consumación del Plan (incluyendo el Suplemento del Plan y los documentos relacionados con el mismo), o cualquiera de los contratos, instrumentos, publicación u otro acuerdo o documento creado o contemplado en relación con el Plan y cualquier acto u omisión relacionada; siempre que la anterior exoneración no exonerará a ninguna Entidad de cualquier Causa de Acción o responsabilidad que se determine en una Orden Definitiva que dicho acto u omisión de dicha Entidad constituye fraude intencional, mala conducta intencional o negligencia grave; además, siempre que nada de lo contenido en el presente eximirá a Ambac, Assured, FGIC, National o Syncora de sus obligaciones en virtud del Tratamiento de las Reclamaciones de los Bonos Asegurados de Ambac, el Tratamiento de las Reclamaciones de los Bonos Asegurados de Assured, el Tratamiento de las Reclamaciones de los Bonos Asegurados de FGIC, las Reclamaciones de los Bonos Asegurados de National o las Reclamaciones de los Bonos Asegurados de Syncora, los procedimientos de votación, los procedimientos de elección y cualquier descargo de obligaciones en virtud de las Pólizas de Seguro de Ambac, las Pólizas de Seguro de Assured, las Pólizas de Seguro de FGIC, las Pólizas de Seguro de National o las Pólizas de Seguro de Syncora aplicables; disponiéndose, sin embargo, que no obstante cualquier otra disposición en contrario en el presente, los términos y las disposiciones del Plan no relevarán ni exculparán, ni se entiende que relevan o exculpan, ninguna Reclamación, causa de acción, con respecto a cualquier beneficiario de Bonos Asegurados de Ambac, Bonos Asegurados de Assured, Bonos Asegurados de FGIC, Bonos Asegurados de National o Bonos Asegurados de Syncora o cualquier obligación de pago en virtud de la Póliza de Seguro de Ambac, la Póliza de Seguro de Assured, la Póliza de Seguro de FGIC, la Póliza de Seguro de National o la Póliza de Seguro de Syncora aplicables de acuerdo con sus términos únicamente en la medida en que dicho tenedor no reciba el Tratamiento de Reclamaciones de Bonos Asegurados de Syncora, los procedimientos de votación, los procedimientos de elección y cualquier descargo de obligaciones en virtud de las Pólizas de Seguro de Ambac, Assured, FGIC National o Syncora, según corresponda o cualquier reclamación que Ambac, Assured, FGIC, National o Syncora pueda tener en contra o en beneficio de los respectivos bonos asegurados de Ambac, de Assured, de FGIC, de National o de Syncora con respecto a las Pólizas de Seguro de Ambac, Assured, FGIC, National o Syncora, según proceda).

**Sección 92.6 – Litigio Relacionado con las Designaciones:** No obstante cualquier disposición en contrario en el presente, en el caso de que se dicte una Orden Definitiva con relación a un Litigio Relacionado con las Designaciones o el Litigio de Uniformidad con posterioridad a la emisión de la Orden de Confirmación, como contraprestación de la distribuciones efectuadas, que se efectuarán, o que se considerarán efectuadas de conformidad con los términos y disposiciones del Plan, y los documentos o instrumentos relacionados con este, todos los Acreedores o las demás Entidades que reciban, o se considere que han recibido, distribuciones en conformidad con el Plan o como resultado del Plan, consienten y aceptan que dicha Orden Definitiva no revertirá, afectará ni influye, entre otros, los descargos, exculpaciones e interdictos previstos en el Artículo XCII del Plan.

**Sección 92.9 – Orden de prohibición:** Dentro de los límites que se estipulan en el Plan, todas y cada una de las Entidades quedan permanentemente inhabilitadas, prohibidas y restringidas de instituir, procesar, tramitar o litigar de cualquier manera todas y cada una de las Reclamaciones, demandas, derechos, responsabilidades o causas de acción de cualquier tipo, carácter o naturaleza, según el sistema de derecho escrito o consuetudinario, conocidas o desconocidas, directas o derivadas, afirmadas o que, contra cualquiera de las Partes Exoneradas, basadas en, relacionadas con, o que surjan de o en conexión con cualquiera de las Reclamaciones Exoneradas, y que no constituirán en absoluto nada de lo contrario perfeccionamiento del Acuerdo de Apoyo al Plan GO/AEP o cualquier reclamación, acto, hecho, transacción, ocurrencia, declaración u omisión en relación con ello, o alegada o que podría haber sido alegada en los Casos de Título III, lo que incluye, entre otros, cualquier reclamación, demanda, derecho o indemnización de cualquier tipo de daños e intereses que sean de naturaleza contractual o extracontractual, basados en la negociación, y/o perfeccionamiento del Acuerdo de Apoyo al Plan GO/AEP o cualquier reclamación, acto, hecho, transacción, ocurrencia, declaración u omisión en relación con ello, o alegada o que podría haber sido alegada en los Casos de Título III, lo que incluye, entre otros, cualquier reclamación, demanda, derecho o indemnización de cualquier tipo de daños e intereses que sean de naturaleza contractual o extracontractual, basados en la negociación, formulación, preparación, divulgación, solicitud, ejecución, administración, implementación, confirmación o consumación del Plan (incluyendo el Suplemento del Plan y los documentos relacionados con el mismo), o cualquiera de los contratos, instrumentos, publicación u otro acuerdo o documento creado o contemplado en relación con el Plan o cualquier acto u omisión relacionada, que no constituirán en absoluto indicen o indemnicen por cualquier Persona en o la ley federal, estatal o de derecho consuetudinario, conocidas o desconocidas, directas o indirectas o derivadas, previstas o imprevistas, existentes o que puedan surgir en el futuro, en derecho, en equidad o de otro modo, que dicha Entidad tenga, tuviera o pudiera alegar que tiene, o que en cualquier momento del pasado, presente o futuro podría haber tenido contra cualquiera de las Partes Exoneradas, basadas o relacionadas de cualquier manera con cualquier acto u omisión, transacción, evento u otro suceso u otra ocurrencia que tenga lugar o exista antes de, en o después de la Fecha de Vigencia.

**Sección 92.11 – Interdicto complementario.** No obstante cualquier disposición en contrario en el presente, salvo dentro de los límites que se estipulan en el Plan, todas las Entidades, incluidas las Entidades que actúan en su propio nombre, que actualmente tienen o afirman, han tenido o afirmado, o pueden tener o afirmar cualquier Reclamación Exonerada contra cualquiera de las Partes Exoneradas, quedan permanentemente paralizadas, restringidas y prohibidas, directa o indirectamente, de hacer valer cualquier Reclamación Exonerada contra cualquiera de las Partes Exoneradas o sus bienes, basándose para ello en cualquier alegación de que alguna otra Entidad tiene la obligación de indemnizar, contribuir, subrogar, reembolsar, o realizar cualquier otro pago, directo o indirecto, a cualquiera de las Partes Exoneradas, a través de cualquier teoría de la ley, entre otras, los límites de conformidad con cualquier contrato, instrumento, carta, deben, garantía, pacto u obligación, subordinación o pólizas de seguro establecido, estatutario, extracontractual o, de otro modo.

(a) Iniciar o continuar de cualquier manera acciones u otros procedimientos de cualquier clase (incluyendo, entre otros, cualquier procedimiento judicial, arbitral, administrativo u otro tipo de procedimiento) contra cualquiera de las Partes Exoneradas o sus bienes por cuenta de tales Reclamaciones Exoneradas;

(b) Aplicar, embargar, cobrar o recuperar por cualquier medio o manera cualquier sentencia, laudo, decreto u orden contra cualquiera de las Partes Exoneradas o sus bienes por cuenta de tales Reclamaciones Exoneradas;

(c) Crear, perfeccionar o ejecutar cualquier Gravamen de cualquier tipo contra cualquiera de las Partes Exoneradas o sus activos o bienes por cuenta de tales Reclamaciones Exoneradas;

(d) Salvo que se disponga expresamente en el Plan o en la Orden de Confirmación, hacer valer, implementar o efectuar cualquier compensación, derecho de subrogación, indemnización, contribución o recuperación de cualquier tipo contra cualquier obligación debida a cualquiera de las Partes Exoneradas o contra los activos o bienes de cualquiera de las Partes Exoneradas con respecto a dicha Reclamación Exonerada; y

(e) Tomar cualquier medida, de cualquier manera, en cualquier lugar, que no se ajuste o cumpla con las disposiciones del Plan o la Orden de Confirmación; disponiéndose, sin embargo, que el cumplimiento de los términos de la Confirmación no constituirá una prohibición de que cualquier demandante en un litigio permanente de este tipo siga y realice sus obligaciones bajo la presente orden de conformidad con el Código de Quiebras.

Fecha: 2 de agosto de 2021, San Juan, Puerto Rico

Atentamente, /f/ Martin J. Bienenstock, Martin J. Bienenstock (pro hac vice), Brian S. Rosen (pro hac vice), **PROSKAUER ROSE LLP**, Eleven Times Square, Nueva York, NY 10036, Abogados de la Junta de Supervisión y Administración Financiera como representante de los Deudores -y- /f/ Hermann D. Bauer, Hermann D. Bauer, USDC (Número de Distrito de los Estados Unidos) Núm. 215205, **O'NEILL & BORGES LLC**, 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918-1813, Coabogados de la Junta de Supervisión y Administración Financiera como representante de los Deudores.

Los Deudores en estos Casos del Título III, junto con el número de caso de Título III de cada uno de los Deudores y los últimos cuatro (4) dígitos del número de identificación fiscal federal de cada Deudor, según corresponda, son (i) el Estado Libre Asociado de Puerto Rico (Caso de Quiebra Núm. 17-BK-3283-LTS) (Últimos cuatro dígitos del Número de Identificación Fiscal Federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante ("COFINA") de Puerto Rico (Núm. de Caso de Quiebra 17-BK-3284-LTS) (Últimos cuatro dígitos del Número Federal de contribuyente: 8474); (iii) la Autoridad de Carreteras y Transportación ("ACT") de Puerto Rico (Núm. de Caso de Quiebra 17-BK-3567-LTS) (Últimos cuatro dígitos del Número federal del contribuyente: 3808); (iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("SRE") (Núm. de Caso de Quiebra 17-BK-3566-LTS) (Últimos cuatro dígitos del Número de Identificación Fiscal ("AEE") de Puerto Rico (Núm. de Caso de Quiebra 17-BK-4780-LTS) (Últimos cuatro dígitos del Número federal del contribuyente: 3747); y (vi) la Autoridad de Edificios Públicos ("AEP") de Puerto Rico (Núm. de Caso de Quiebra 19-BK-5523-LTS) (Últimos cuatro dígitos del Número federal del contribuyente: 3801) (Los números de caso de Título III figuran como números de Caso de Quiebra debido a limitaciones del software).

Todos los términos en mayúsculas que se utilizan pero que no se definen de otro modo tendrán el significado que se les atribuye en el Plan.

Todas las fechas y procedimientos estipulados en esta Notificación están sujetos a modificación según lo autorizado por la orden de convocatoria. Para hacer valer sus derechos con respecto a las Clases de Bonos deben enviar su voto u otorgar un derecho al voto de conformidad con la Plataforma de la Presentación de OTC. Es responsabilidad de los titulares de bonos que sean titulares beneficiosos a través de intermediarios revisar los plazos aplicables y los procedimientos establecidos por los agentes y/o realizar la correspondiente instrucción a fin de garantizar su derecho de elección y/o realizar la respectiva confirmación de su elección.

# Exhibit F

*El Vocero de Puerto Rico*

**(September 1, 2021)**



# AFIDAVIT

## Aviso Público

**NOTIFICACIÓN DE (I) LA APROBACIÓN DE DIVULGACIÓN, (II) EL ESTABLECIMIENTO DE LA FECHAS DE REGISTRO, (III) LA VISTA DE CONFIRMACIÓN DEL PLAN DE AJUSTE Y LOS PROCEDIMIENTOS DE OBJECIÓN A LA CONFIRMACIÓN DEL PLAN DE AJUSTE, (IV) LOS PROCEDIMIENTOS Y LA FECHA LÍMITE PARA VOTAR SOBRE EL PLAN DE AJUSTE Y LA REALIZACIÓN DE DETERMINADAS ELECCIONES EN VIRTUD DE DICHO VOTO**

---

**Título III de PROMESA**
**Núm. 17 BK 3283-LTS**

---

Yo, Noemí Merced Morales habiendo prestado el juramento debido, declaro lo siguiente: Que soy facturadora de Publi-Inversiones para el periódico El Vocero de Puerto Rico el cual se pública en San Juan Puerto Rico y que en las ediciones de este mismo diario correspondientes a los siguientes días:

---

**1 de Septiembre de 2021**

---

Se dio publicidad al aviso expedido por: **Peticionario: Commonwealth of Puerto Rico.**

Sobre el asunto arriba mencionado, y copia del cual se une al presente affidavit para que forme parte del mismo.

San Juan, Puerto Rico, a _____     SEP - 3 2021

_____
Noemí Merced Morales
Departamento de Finanzas

Affidavit Núm. _____ del Registro

Jurado y reconocido ante mí por Noemí Merced Morales, mayor de edad, casada, vecina de San Juan y facturadora del Departamento de Facturación de Publi Inversiones para el periódico El Vocero de Puerto Rico, de esta vecindad, a quien doy fe de conocer personalmente.

San Juan, Puerto Rico, a _____     SEP - 3 2021



_____
NOTARIO PÚBLICO

Case:17-03283-LTS Doc#:18680 Filed:10/21/21 Entered:10/21/21 23:53 Desc:Main
Debtors Exhibit 1 ht (Part 2) of 4 Page 28 of 45
Aviso Público (página 1 de 2)

EL VOCERO DE PUERTO RICO > MIÉRCOLES, 1 DE SEPTIEMBRE DE 2021 >
14

**ANTE EL TRIBUNAL DE DISTRITO DE ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO**

En el caso:
LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,

como representante de
EL ESTADO LIBRE ASOCIADO DE PUERTO RICO, EL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y LA AUTORIDAD DE EDIFICIOS PÚBLICOS DE PUERTO RICO,

Deudores.[1]

Título III de PROMESA
Núm. 17 BK 3283-LTS
(Con administración conjunta)

**NOTIFICACIÓN DE (I) LA APROBACIÓN DE LA DECLARACIÓN DE DIVULGACIÓN, (II) EL ESTABLECIMIENTO DE LAS FECHAS DE REGISTRO, (III) LA VISTA DE CONFIRMACIÓN DEL PLAN DE AJUSTE Y EL PROCEDIMIENTO DE OBJECIÓN A LA CONFIRMACIÓN DEL PLAN DE AJUSTE, (IV) LOS PROCEDIMIENTOS Y LA FECHA LÍMITE PARA VOTAR SOBRE EL PLAN DE AJUSTE Y LA REALIZACIÓN DE DETERMINADAS ELECCIONES EN VIRTUD DE DICHO VOTO**

**FECHA LÍMITE DE VOTACIÓN Y ELECCIÓN: 5:00 p.m. (AST) del 4 de octubre de 2021**
**FECHA LÍMITE DE OBJECIONES: 5:00 p.m. (AST) del 19 de octubre de 2021**
**VISTA DE CONFIRMACIÓN: 8 al 10, 12, 15 al 18, y 22-23 de noviembre de 2021 a las 09:30 a.m. (AST)**

Si tiene alguna pregunta sobre esta notificación, comuníquese con Prime Clerk LLC por teléfono llamando al (844) 822-9231 (gratuito para Estados Unidos y Puerto Rico) al (646) 486-7944 (para llamadas internacionales), de 10:00 a.m. a 7:00 p.m. (hora estándar del Atlántico) (disponible en español), o por correo electrónico enviando un mensaje a puertoricoinfo@primeclerk.com.

**TENGA EN CUENTA LO SIGUIENTE:**

1. *Aprobación de la Declaración de Divulgación.* Mediante orden de fecha 2 de agosto de 2021 [ECF Núm. 17639] (la "Orden de Declaración de Divulgación"), el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico (el "Tribunal") aprobó la adecuación de la información contenida en la *Declaración de Divulgación para el Séptimo Plan de Ajuste Conjunto Enmendado de Título III del Estado Libre Asociado de Puerto Rico, y otros*, de fecha 30 de julio de 2021 (con sus posibles modificaciones o enmiendas, incluyendo todos los anexos y apéndices a esta, la "Declaración de Divulgación"), presentada por la Junta de Supervisión y Administración Financiera en nombre del Deudor, y autorizó a los Deudores a solicitar respecto a la aceptación o rechazo del *Séptimo Plan de Ajuste Conjunto Enmendado de Título III del Estado Libre Asociado de Puerto Rico, y otros*, de fecha 30 de julio de 2021 (con sus posibles modificaciones o enmiendas, incluyendo todos los anexos y apéndices a este, el "Plan").[2]

Podrá solicitar una copia impresa del Plan y de la Declaración de Divulgación, incluyendo traducciones al español de ambos documentos, poniéndose en contacto con el Agente de Votación, Prime Clerk LLC:
Por teléfono (10:00 a.m. hasta 7:00 p.m. (AST)) (disponible atención en español):
   (844) 822-9231 (llamada gratuita en EE.UU. y Puerto Rico
   (646) 486-7944 (llamadas internacionales)
Correo electrónico: puertoricoinfo@primeclerk.com
Alternativamente, puede consultar las copias electrónicas de la Declaración de Divulgación y del Plan visitando https://cases.primeclerk.com/puertorico/

2. De acuerdo con la Orden de Declaración de Divulgación, los Deudores enviarán por correo los materiales necesarios para votar el Plan o hacer elecciones sobre las distribuciones en virtud de este (el "Paquete de Convocatoria") a los tenedores de Reclamaciones de las siguientes Clases (colectivamente, las "Clases con Derecho al Voto"):

| Clase |
|---|
| Reclamaciones de Bonos Vintage de la AEP | Clase 1 |
| Reclamaciones de Bonos Vintage de la AEP (Assured) | Clase 2 |
| Reclamaciones de Bonos Vintage de la AEP (National) | Clase 3 |
| Reclamaciones de Bonos Vintage de la AEP (Ambac) | Clase 4 |
| Reclamaciones de Bonos Vintage de la AEP (Syncora) | Clase 5 |
| Reclamaciones de Bonos Vintage de la AEP (FGIC) | Clase 6 |
| Reclamaciones de Bonos Vintage Minoristas de la AEP | Clase 7 |
| Reclamaciones de Bonos 2011 de la AEP | Clase 8 |
| Reclamaciones de Bonos 2011 Minoristas de la AEP | Clase 9 |
| Reclamaciones de Bonos 2012 de la AEP | Clase 10 |
| Reclamaciones de Bonos 2012 Minoristas de la AEP | Clase 11 |
| Reclamaciones Garantizadas de la AEP/DRA | Clase 12 |
| Reclamaciones Generales de Garantizadas de la AEP | Clase 13 |
| Reclamaciones de Garantizadas de la AEP/DRA | Clase 14 |
| Reclamaciones de Bonos Vintage del ELA | Clase 15 |
| Reclamaciones de Bonos Vintage Minoristas del ELA | Clase 16 |
| Reclamaciones de Bonos Vintage del ELA (Assured) | Clase 17 |
| Reclamaciones de Bonos Vintage del ELA (National) | Clase 18 |
| Reclamaciones de Bonos Vintage del ELA (Ambac) | Clase 19 |
| Reclamaciones de Bonos Vintage del ELA (FGIC) | Clase 20 |
| Reclamaciones de Bonos Vintage del ELA (Syncora) | Clase 21 |
| Reclamaciones Vintage Garantizadas del ELA | Clase 22 |
| Reclamaciones Vintage Garantizadas del ELA (Assured) | Clase 23 |
| Reclamaciones Vintage Garantizadas del ELA (National) | Clase 24 |
| Reclamaciones Vintage Garantizadas del ELA (Ambac) | Clase 25 |
| Reclamaciones Vintage Garantizadas del ELA (FGIC) | Clase 26 |
| Reclamaciones Vintage Garantizadas del ELA (Syncora) | Clase 27 |
| Reclamaciones de Bonos 2011 del ELA | Clase 33 |
| Reclamaciones de Bonos 2011 del ELA (Assured) | Clase 34 |
| Reclamaciones de Bonos Serie D/E/PIB 2011 del ELA | Clase 35 |
| Reclamaciones de Bonos Serie D/E/PIB 2011 del ELA (Assured) | Clase 36 |
| Reclamaciones de Bonos Serie D/E/PIB 2011 Minoristas del ELA | Clase 37 |
| Reclamaciones de Bonos 2012 del ELA | Clase 40 |
| Reclamaciones de Bonos 2012 Minoristas del ELA | Clase 41 |
| Reclamaciones de Bonos 2012 (Assured) | Clase 42 |
| Reclamaciones Garantizadas 2012 del ELA | Clase 43 |
| Reclamaciones de Bonos 2014 del ELA | Clase 45 |
| Reclamaciones de Bonos 2014 Minoristas del ELA | Clase 47 |
| Reclamaciones de Jubilados Participantes del SRE por Encima del Umbral | Clase 51A |
| Reclamaciones de Jubilados Participantes del SRJ por Debajo del Umbral | Clase 51B |
| Reclamaciones de Jubilados Participantes del SRJ por Encima del Umbral | Clase 51E |
| Reclamaciones de Jubilados Participantes del SRM por Encima del Umbral | Clase 51F |
| Reclamaciones de Participantes Activos del SRE | Clase 51G |
| Reclamaciones de Participantes del SRM | Clase 51H |
| Reclamaciones de Participantes de Nóminas de VTP por Encima del Umbral | Clase 51L |
| Reclamaciones de AFSCME | Clase 52 |
| Reclamaciones de productores lácteos | Clase 53 |
| Reclamaciones de dominio eminente | Clase 56 |
| Reclamaciones del Centro Médico | Clase 56 |
| Reclamaciones Generales Sin Garantía del ELA | Clase 58 |
| Reclamaciones ELA/ACT | Clase 61 |
| Reclamaciones del ELA/Centro de Convenciones | Clase 62 |
| Reclamaciones del ELA/Impuesto al Ron de la AFI | Clase 64 |
| Reclamaciones de Bonos del SRE | Clase 65 |
| Reclamaciones Generales Sin Garantía del SRE | Clase 66 |
| Reclamaciones Federales | Clase 69 |

3. *Vista de confirmación.* Se celebrará una vista para considerar la confirmación del Plan (la "Vista de Confirmación") ante la Honorable Laura Taylor Swain, en una vista telefónica a través de CourtSolutions los días 8 – 10, 12, 15 – 18 y 22 – 23 de noviembre a las 9:30 a.m. (hora estándar del Atlántico).

4. La Vista de Confirmación puede ser continuada periódicamente por el Tribunal o la Junta de Supervisión, sin notificación adicional o a través de aplazamientos anunciados en audiencia pública o como se indica en cualquier notificación de los asuntos que se considerarán en la Vista de Confirmación

---

ante el Tribunal, y el Plan puede ser modificado, si es necesario, antes, durante o después de la Vista de Confirmación, de acuerdo con las disposiciones de modificación del Plan y la Regla Local 3016-2, sin notificación adicional para una Persona con derecho al voto.

5. *Depósito de confirmación del Plan.* La información relativa a la confirmación del Plan está disponible en línea en el Depósito de Confirmación del Plan en titleiiiplandataroom.com.

6. *Fecha límite de objeción de la confirmación.* El Tribunal ha establecido el **19 de octubre de 2021 a las 5:00 p.m. (hora estándar del Atlántico)** (la "Fecha Límite de Objeción a la Confirmación") como fecha límite para presentar objeciones y réplicas a la confirmación del Plan propuesto.

7. *Objeciones y réplicas a la confirmación.* Las objeciones y réplicas a la confirmación del Plan deben:
   a. Estar redactadas por escrito, en inglés, y firmadas;
   b. indicar el nombre, la identidad y la naturaleza de la Reclamación de la parte que se opone o responde;
   c. Exponer en detalle el fundamento y la naturaleza de cualquier objeción o réplica y, cuando corresponda, identificar con propiedad la Disposición del Plan con el fin de resolver cualquier objeción o réplica;
   d. Presentarse electrónicamente ante el Tribunal en *In referencia al Estado Libre Asociado de Puerto Rico*, Caso núm. 17 BK 3283-LTS, mediante el sistema de registro del Tribunal en formato de documento portátil con función de búsqueda, **como más tardar el 19 de octubre de 2021 las 5:00 p.m. (hora estándar del Atlántico).**
      i. Si no es usted abogado registrado como usuario del sistema de registro de casos del Tribunal, podrá enviar por correo su objeción a la Oficina de Secretaría del Tribunal a:
         Tribunal de Distrito de EE.UU., Oficina de Secretaría
         Avenida Carlos Chardón 150, Suite 150
         San Juan, Puerto Rico 00918-1767
      que deberá recibirse como más tardar el **19 de octubre de 2021 las 5:00 p.m. (hora estándar del Atlántico).**
   e. Notificarse a la Oficina del Fideicomisario de Estados Unidos para el Distrito de Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (ref: En el caso: el Estado Libre Asociado de Puerto Rico) de manera que se reciba en o antes de la Fecha Límite de Objeción a la Confirmación Final.

8. *Participación en la Indagatoria de confirmación.* Si desea participar en la indagatoria relativa a la confirmación del Plan deberá presentar una notificación de sus intenciones de participar en la indagatoria (una "Notificación de indagatoria"), un formulario que encontrará en https://cases.primeclerk.com/puertorico/. Si presenta su Notificación de indagatoria a más tardar el **19 de agosto de 2021**, es posible que se le permita el acceso a documentos del Depósito del Plan donde se guardan información y documentos relativos al Plan, y podrá asimismo notificar sus propias solicitudes indagatorias. Si presenta su Notificación de indagatoria después del **19 de agosto de 2021**, pero antes del **19 de agosto de 2021 a las últimia fecha**, es posible que se le permita el acceso a documentos del Depósito del Plan. Tenga en cuenta que el acceso a la información en el Depósito del Plan podría quedar sujeto al cumplimiento de los requisitos de acceso de los Deudores.

9. Deberá presentar la Notificación de indagatoria en formato estipulado por el sitio web del Caso del Título III, a saber:
   a. Estar por escrito, en inglés, e firmada;
   b. Indicar su nombre, domicilio, naturaleza de su Reclamación y número de Reclamación;
   c. indicar sus intenciones de participar en la indagatoria relativa a la confirmación del Plan; y
   d. Presentarla electrónicamente al Tribunal, en el registro CM/ECF Notificación de intenciones de participar en la indagatoria de la Confirmación del Plan del Estado Libre Asociado, en *En referencia al Estado Libre Asociado de Puerto Rico*, Caso núm. 17 BK 3283-LTS, a través del sistema de registro de casos del Tribunal como más tardar en la fecha de plazo final correspondiente.
      i. Si no está usted representado por un abogado, podrá enviar por enviar la Notificación de indagatoria por correo postal a la Oficina de Secretaría del Tribunal, en:
         Tribunal de Distrito de EE.UU., Oficina de Secretaría
         Avenida Carlos Chardón 150, Suite 150
         San Juan, Puerto Rico 00918-1767
      que deberá recibirse como más tardar en la fecha de plazo pertinente.

10. **Para poder participar en la indagatoria relacionada con la confirmación del Plan, deberá presentar la Notificación de indagatoria en plazo.** No obstante, si no presenta la Notificación de indagatoria en plazo, ello no será óbice para que presente una objeción a la confirmación del Plan como más tardar en el Plazo de Objeción de la Confirmación, aunque no podrá ver los documentos del Depósito del Plan ni tampoco participar en la indagatoria.

11. *Calendario y fechas límite de indagatoria.* El Tribunal ha establecido el siguiente calendario y fechas límite, que serán aplicables a los Deudores y a otras partes interesadas que hayan presentado puntualmente una Notificación de indagatoria y tengan derecho a participar en la indagatoria:[3]

| | Resumen de determinadas fechas límite |
|---|---|
| 15 de agosto de 2021 | Fecha final para que los Deudores presenten una lista preliminar de testigos de hechos, y temas sobre los cuales dichas personas testificarán (la "Lista preliminar de testigos de hechos de los Deudores"). |
| | Fecha final para que los Deudores presenten un resumen inicial explicando qué es lo que los Deudores pretenden demostrar en la confirmación. |
| 6 de agosto de 2021 | Fecha inicial para que todas las partes presenten solicitudes de admisibilidad de presentación de documentos no depositados das "Solicitudes iniciales de presentación". Los acreedores y las partes interesadas deberán presentar Solicitudes iniciales de presentación solamente tras cursar una Notificación de intenciones de participar en la indagatoria (tal como se define a continuación). Las respuestas y objeciones a dichas Solicitudes iniciales de presentación se cursarán en un plazo de siete (7) días desde haber cursado dichas Solicitudes. |
| 15 de agosto de 2021 | Fecha final para que los acreedores y partes interesadas presenten una "Notificación de intenciones de participar en la indagatoria", también denominada "Notificación de indagatoria". Solamente las partes que presenten puntualmente una Notificación de indagatoria podrán participar en la indagatoria de confirmación, aunque hacerlo no será óbice para una parte objete la confirmación del Plan. |
| 6 de septiembre de 2021 | Plazo final para que los Acreedores elegibles presenten una lista preliminar de testigos de hechos, y temas sobre los cuales dichas personas testificarán (una "Lista preliminar de testigos de hechos de los Acreedores elegibles"). |
| | Plazo final para que todas las partes presenten las declaraciones iniciales de peritos ("Declaraciones iniciales de peritos"). |
| 13 de septiembre de 2021 | Plazo final para que todas las partes presenten las declaraciones iniciales de peritos ("Declaraciones iniciales de peritos"). |
| | Fecha límite para que todas las partes presenten las notificaciones oficiales de declaración, los temas a declarar y los materiales solicitados (las "Notificaciones iniciales de declaración") (todas las partes tienen un tiempo limitado a siete (7) horas para las declaraciones). Se admitirán declaraciones individuales con preguntas concisas en el plazo admitido. |
| 30 de septiembre de 2021 | Fecha límite para que todas las partes presenten los mociones "Daubert" y las mociones "in limine". |
| 1 de octubre de 2021 | Plazo límite para que todas las partes presenten un máximo de quince (15) interrogatorios ("Interrogatorios"), incluyendo subpartes. Las respuestas y objeciones a dichos Interrogatorios se cursarán antes de que transcurran diez (10) días desde el momento de presentación de los dichos Interrogatorios. |
| 4 de octubre de 2021 | Plazo final para que todas las partes presenten las declaraciones de refutación de peritos ("Declaraciones de refutación de peritos"). |
| | Plazo final para que todas las partes presenten solicitudes de seguimiento de presentación ("Solicitudes de seguimiento de presentación") y, colectivamente, con las Solicitudes de presentación iniciales, las "Solicitudes de presentación"). |
| 11 de octubre de 2021 | Plazo final para que los Deudores presenten una propuesta inicial de orden en apoyo de la confirmación del Plan (la "Propuesta inicial de orden de confirmación"). |
| 15 de octubre de 2021 | Plazo final para que todas las partes presenten las declaraciones de refutación de hechos ("Declaraciones de refutación de hechos"). |
| | Conclusión de la indagatoria de los testigos de hechos ("Fecha límite de indagatoria de hechos"). |
| 15 de octubre de 2021 | Fecha límite para que todas las partes presenten declaraciones de refutación de expertos ("Declaraciones de refutación de expertos"). |
| 18 de octubre de 2021 | Conclusión de la indagatoria de peritos de la "Fecha límite de indagatoria de peritos"). |
| 19 de octubre de 2021 | Fecha límite para que los Acreedores elegibles presenten sus objeciones a la confirmación del Plan ("Objeciones"). |
| | Fecha límite de presentación de la Notificación de intenciones de participar en la indagatoria o de la Notificación de intenciones de participar elegibles que solamente deseen acceder a los documentos del Depósito del Plan. |
| 19 de octubre de 2021 | Fecha límite para que los Acreedores elegibles presenten objeciones a la Propuesta inicial de orden de confirmación. |
| | Fecha límite para que todas las partes presenten las listas de testigos, las listas de pruebas y las designaciones de declaraciones definitivas. |
| 25 de octubre de 2021 | Fecha límite para que todas las partes presenten sus oposiciones a las designaciones de declaraciones ("Designaciones de testigos"). |
| | Fecha límite para que todas las partes presenten las contraposiciones de testigos que se utilizarán en la Vista de confirmación ("Declaraciones de testigos"). |
| | Fecha límite para que los Deudores presenten sus propuestas de conclusiones iniciales de hecho y de derecho en apoyo a la confirmación del Plan ("Conclusiones iniciales de hecho y de derecho"). |
| 27 de octubre de 2021 | Fecha límite para que los Deudores presenten sus respuestas en apoyo a su Propuestas de orden de confirmación y Respuestas a las objeciones de confirmación del Plan. |
| 30 de octubre de 2021 | Fecha límite para que las partes presenten sus contradesignaciones, objeciones a las declaraciones designadas u objeciones a las listas de pruebas. |
| 1 de noviembre de 2021 | Vista virtual de las mociones "in limine". |
| 4 de noviembre de 2021 | Inicio de la Vista de confirmación. |

12. *Fecha de registro de votación.* La fecha de registro de la votación es el **13 de julio de 2021** (la "Fecha de Registro de Votación"), que es la fecha para determinar cuáles son los tenedores de Reclamaciones en las Clases con Derecho a Voto (excepto las Clases de Bonos[4], la Clase 51 y la Clase 52) que tienen derecho a votar sobre el Plan. Por lo tanto, los titulares de una Clase con derecho al voto en el Plan y que tengan Reclamaciones contra los Deudores en una de las Clases de Bonos, la Clase 51 y la Clase 52) en la Fecha de Registro de Votación tienen derecho a votar sobre el Plan.

13. *Fecha límite de votación.* La fecha límite para votar el **4 de octubre de 2021, a las 5:00 p.m. (hora estándar del Atlántico)**, salvo que se prorrogue dicha fecha (la "Fecha Límite de Votación"). *No estará obligado a votar sobre el Plan para recibir distribuciones de conformidad con los términos y condiciones del Plan, si lo confirma el Tribunal y siempre y cuando sea usted titular de una Reclamación bajo el Plan.*

14. Si la recibido un Paquete de Convocatoria, que incluye una Papeleta o una Notificación, y tiene intención de votar sobre el Plan, deber (a) seguir cuidadosamente las instrucciones; (b) completar la información requerida en la Papeleta (según sea el caso); y (c) (i) firmar y devolver su Papeleta completada de acuerdo con lo que se estipula en detalle en las instrucciones de votación incluidas en el Paquete de Convocatoria, de forma que su papeleta sea **efectivamente recibida** por el agente de convocatoria de los Deudores, Prime Clerk (el "Agente de Votación") en o antes de la Fecha Límite de Votación, o (ii) si dar instrucciones a su corredor o persona designada (cada uno de ellos, una "Persona Designada") para que entregue electrónicamente sus bonos a través del Programa Automatizado de Oferta de Presentación ("ATOP") en The Depository Trust Company ("DTC") de acuerdo con su deseo de votar para aceptar o rechazar el Plan en o antes de la Fecha Límite de Votación. *El incumplimiento de estas instrucciones puede hacer que su voto sea descalificado.*

15. *Fecha Límite de Elección.* La fecha límite para los tenedores de Reclamaciones de Bonos elegibles que tengan derecho a elegir la forma de distribución que el Plan realicen dicha elección es el **4 de octubre de 2021, a las 5:00 p.m. (hora estándar del Atlántico)**, salvo que esta fecha se prorrogue (la "Fecha Límite de Elección"). Si ha recibido una Notificación con la opción de hacer una elección, deber (a) seguir cuidadosamente las instrucciones; y (b) entregar toda la información requerida de acuerdo con lo establecido en las instrucciones de elección de manera que sea recibida por su Persona Designada con tiempo suficiente para que su Persona Designada pueda actuar *efectivamente* su elección a través de ATOP de DTC en o antes de la Fecha Límite de Elección.

16. *Partes interesadas sin derecho al voto.* Se considera que los acreedores de las siguientes Clases rechazan el Plan y no tienen derecho al voto:
   • Clase 63 (Reclamaciones por Asignaciones del ELA), y
   • Clase 45 (Reclamaciones Subordinadas del ELA 51018).

17. Se considera que los acreedores de las siguientes Clases aceptan el Plan y no tienen derecho al voto, aunque recibirán las distribuciones de conformidad con los términos y condiciones del Plan, si éste es confirmado por el Tribunal:
   • Clase 51A (Reclamaciones de Jubilados Participantes del SRE por Debajo del Umbral)
   • Clase 51C (Reclamaciones de Jubilados Participantes del SRM por Debajo del Umbral)
   • Clase 51I (Reclamaciones de Participantes del Sistema 2000)
   • Clase 51J (Reclamaciones de Participantes de Nóminas de VTP por Debajo del Umbral)
   • Clase 55 (Reclamaciones de Convenios Federales),
   • Clase 57 (Reclamaciones de Créditos Contributivos),
   • Clase 67 (Reclamaciones Gracia-Gracia), y
   • Clase 68 (Reclamaciones de Conveniencia)

18. Si una Reclamación figura en la lista de acreedores de los Deudores [Caso Núm. 17-3283, ECF Núm. 1215, 1316, 2582, 10708] como contingente, no liquidada o impugnada y no se ha presentado una evidencia de reclamación (i) antes de la fecha límite para la presentación de evidencias de reclamación establecida por el Tribunal o de la Fecha de Registro de Votación (según sea el caso), lo que ocurra primero; o (ii) se considere presentada a tiempo por una orden de la Fecha Límite de la Fecha Límite de Votación, dicha Reclamación no tendrá derecho a votar para aceptar o rechazar el Plan. Las evidencias de reclamación presentadas por \$0.00 o las Reclamaciones que hayan sido impugnadas por orden del Tribunal tampoco tienen derecho al voto.

19. Si usted pertenece a las Clases 63 ó 64, o ha presentado oportunamente una evidencia de reclamación y no está de acuerdo con la clasificación de los Deudores, la objeción a la solicitud de estimación o su Reclamación con la clasificación de los Deudores, la objeción o la estimación de su Reclamación y desea presentar su voto sobre el Plan, debe notificar a las Deudores y al Fideicomisario de Estados Unidos (según lo dispuesto en el párrafo 7(e)) precedente) y presentar una Moción (con copia al Despacho de la Jueza) una moción (una "Moción de la Regla 3018(a)") para obtener una orden a tenor con la Regla 3018 de las Reglas de Procedimiento de Quiebra (las "Reglas de Quiebra") que permita de forma temporal su Reclamación por un monto diferente a una Clase diferente a los efectos de votar para aceptar o rechazar el Plan. Todas las Mociones de la Regla 3018(a) deben presentarse en o antes del décimo (10°) día después de la Fecha Límite de Votación. Toda Reclamación que sea objeto de una Moción de la Regla 3018(a) conforme a la Regla 3018(a) que no haya desestimada o determinada antes de la Fecha Límite de Votación se contará a efectos de votar según la cantidad y clasificación establecida para la Reclamación en la Moción de la Regla 3018(a), salvo que el Tribunal, que ocurra primero: (i) la notificación de la Regla 3018(a), o (ii) notificación de la Regla 3018(a) ordene lo contrario con respecto a dicha Reclamación.

20. Si desea que su Reclamación sea admitida provisionalmente a efectos de votación de conformidad con la Regla de Quiebras 3018(a), en https://cases.primeclerk.com/puertorico/ encontrará un formulario de la Regla 3018(a) con instrucciones para rellenar y presentar la moción.

21. *Partes que no serán tratadas como Acreedores.* Cualquier tenedor de una Reclamación que (i) esté programado en la Lista de Acreedores a \$0.00 y que no sea objeto de una evidencia de Reclamación presentada a tiempo o de una evidencia de Reclamación que se considere presentada a tiempo en virtud del Código de Quiebras o cuando un o cualquier orden del Tribunal o que se considere presentada a tiempo según la aplicable, o (ii) no está programada o impugnada y no sea objeto de una evidencia de reclamación considerada presentada a tiempo conforme a la ley aplicable, no será tratado como un acreedor con derecho a voto con respecto a dicha Reclamación a efectos de votación, a los efectos de la votación, y (b) votar sobre el Plan.

*(continúa en la página siguiente)*

Case:17-03283-LTS Doc#:18808 Filed:10/23/25 Entered:10/23/25 07:43:23 Desc:Main
Debtors Exhibit 1-1 (Part 29) of 29 Page 29 of 45

Aviso Público **(página 2 de 2)**

15

*(continúa de la página anterior)*

**22.** *Información adicional* Cualquier parte interesada que desee obtener información sobre los procedimientos de concursatoria o copias de la Declaración de Divulgación o del Plan, incluyendo sus traducciones al español, debe ponerse en contacto con el Agente de Votación, Prime Clerk LLC, por teléfono llamando al (844) 822-9231 (llamada gratuita para EE.UU. y Puerto Rico) o al (646) 486-7944 (para llamadas internacionales), del 10:00 a.m. a 7:00 p.m. (hora estándar del Atlántico) (disponible en español), o por correo electrónico a puertoricoinfo@primeclerk.com, o puede ver dichos documentos accediendo a https://cases.primeclerk.com/puertorico/ o al sitio web del Tribunal, https://www.prd.uscourts.gov/. Tenga en cuenta que se necesita una contraseña y un inicio de sesión para acceder a los documentos que figuran en el sitio web del Tribunal a través del sistema de Acceso Público a los Registros Electrónicos del Tribunal (PACER, por sus siglas en inglés) (http://www.pacer.psc.uscourts.gov).

**23.** *Reglas de Quiebra 2002(c)(3) y 3016(c).* De acuerdo con las Reglas de Quiebra 2002(c)(3) y 3016(c), a continuación se exponen las disposiciones de descargo, exculpación e interdicto contenidas en el Plan:

**Sección 92.2— Exoneración y descargo de reclamaciones y causas de acción:**
(a) Salvo que se disponga expresamente en el Plan o en la Orden de Confirmación, todas las distribuciones y derechos otorgados en virtud del Plan serán, y se considerarán, a cambio de, y en completa satisfacción, liquidación, exoneración y descargo de, todas las Reclamaciones o Causas de Acción contra las Partes Exoneradas que surgieron, en todo o en parte, antes de la Fecha de Vigencia, en relación con los Casos de Título III, los Deudores o los Deudores Reorganizados o cualquiera de sus respectivos Activos, bienes o intereses de cualquier naturaleza, incluidos los intereses devengados por dichas Reclamaciones en o a partir de la Fecha de Petición, e independientemente de que se hayan distribuido o retenido bienes a tenor con el Plan a causa de dichas Reclamaciones o Causas de Acción. En la Fecha de Vigencia, los Deudores y los Deudores Reorganizados se considerarán exonerados y eximidos de toda y cualquier Reclamación, Causas de Acción y cualquier otra deuda emergente, en su totalidad o en parte, antes de la Fecha de Vigencia (lo que incluye antes de la Fecha de Petición), y todas las Reclamaciones del tipo especificado en las secciones 502(g), 502(h) o 502(i) del Código de Quiebras, y la Sección 407 de PROMESA, ya sea o no (a) una evidencia de reclamación basada en la cual se presente o se considere que ha presentado dicha Reclamación en virtud de la sección 501 del Código de Quiebras, (b) que se permita dicha Reclamación conforme a la sección 502 del Código de Quiebras y la Sección 407 de PROMESA (o que se resuelva de otro modo), o (c) que el tenedor de una Reclamación basada en una deuda tal haya votado para aceptar el Plan. Para disipar cualquier duda, nada de lo contenido aquí ni en la Orden de Confirmación libera, eximirá ni prescribirá ninguna reclamación o causa de acción contra la AEP derivada de, o relacionada con, los bonos emitidos por la AEP, incluyendo entre otros, los emitidos con seguros monolínea pertinentes, y la AEP no exime de ninguna reclamación ni causa de acción contra cualquier Entidad no deudora. Las Reclamaciones o causas de acción contra la AEP derivadas de, o relacionadas con, los bonos emitidos por la AEP, y las exenciones contra la AEP y sus activos, se otorgarán al caso del Título III de la AEP, incluyendo, entre otros, cualquier plan de ajuste pertinente.

(b) Salvo que se disponga expresamente en el Plan o en la Orden de Confirmación, todas las Entidades estarán impedidas de hacer valer todas y cada una de las Reclamaciones contra los Deudores y Deudores Reorganizados, y cada uno de sus respectivos Activos, bienes y derechos, remedios, Reclamaciones o Causas de Acción o responsabilidades de cualquier naturaleza, relacionadas con los Casos del Título III, los Deudores o los Deudores Reorganizados o cualquiera de sus respectivos Activos y bienes, incluyendo cualquier interés acumulado sobre dichas Reclamaciones desde y después de la Fecha de Petición, e independientemente de que se hayan distribuido o retenido bienes a tenor del Plan por cuenta de dichas Reclamaciones u otras obligaciones, demandas, sentencias, daños y perjuicios, deudas, derechos, remedios, causas de acción o responsabilidades. De acuerdo con lo anterior, salvo que se disponga expresamente en el Plan o en la Orden de Confirmación, la Orden de Confirmación constituirá una determinación judicial, a la Fecha de Vigencia, de la exoneración y descargo de todas esas Reclamaciones, Causas de Acción o deuda de o contra los Deudores y los Deudores Reorganizados a tenor con las secciones 524 y 944 del Código de Quiebras, aplicable al Caso de Título III a tenor con la Sección 301 de PROMESA, y dicha exoneración anulará y extinguirá cualquier sentencia obtenida contra los Deudores o Deudores Reorganizados y sus respectivos Activos, y bienes en cualquier momento, en la medida en que dicha sentencia esté relacionada con una Reclamación que se extinga o responsabilidad que sea objeto de dicha exoneración. A la Fecha de Vigencia, y como contraprestación por el valor proporcionado en virtud del Plan, se considera que cada tenedor de una Reclamación de cualquier Clase en virtud de este Plan libera, renuncia y exonera para siempre y, liberará, renunciará y exonerará para siempre a, los Deudores y a los Deudores Reorganizados y sus respectivos Activos y bienes, y a todas esas Reclamaciones.

(c) No obstante cualquier otra disposición de esta Sección 92.2, de conformidad con las disposiciones del Acuerdo de Apoyo al Plan GO/AEP, se considerará que cada uno de los Acreedores del Acuerdo de Apoyo al Plan GO/AEP y sus respectivas Personas Vinculadas, únicamente en su calidad de Acreedores de los Deudores, (i) han renunciado y y pactado no demandar o de otro modo intentar recuperar daños y perjuicios o buscar cualquier otro tipo de reparación contra cualquiera de los Exonerados del Gobierno basadas en, que se deriven de o estén relacionadas con las Reclamaciones Exoneradas del Gobierno o cualquiera de las Reclamaciones o Causas de Acción afirmadas o que podrían haber sido afirmadas, incluyendo, entre otros, en los Avisos de Recuperación (Clawback) y las Mociones de Levantamiento de la Paralización, y (ii) no ayudarán directa o indirectamente a ninguna persona a realizar ninguna acción con respecto a las Reclamaciones Exoneradas del Gobierno que esté prohibida por la presente Cláusula 92.2.

(d) Limitación de la SEC. No obstante nada de lo contenido en contrario en la Orden de confirmación, ninguna disposición tendrá como consecuencia (i) impedir que la SEC haga cumplir su autoridad reguladora, o (ii) impedir que la SEC, de conformidad con sus poderes reglamentarios, según proceda en virtud de la legislación aplicable, tome medidas contra cualquier Persona que no sea los Deudores o los Deudores reorganizados, según sea el caso.

(e) Limitación de los Estados Unidos. Limitación de la SEC. No obstante nada de lo contenido en sentido contrario o en la Orden de confirmación, ninguna disposición tendrá como consecuencia (i) impedir que los Estados Unidos o cualquiera de sus agencias, departamentos o agentes, o eximir de alguna manera que los Deudores o los Deudores reorganizados, según sea el caso, cumplan las leyes y requisitos federales o territoriales que implementan programas federalmente autorizados o delegados para la protección de la salud, la seguridad y el entorno de personas de dicho territorio, (ii) amplíe el ámbito de cualquier exoneración, exención o renuncia que los Deudores o los Deudores reorganizados tengan derecho de conformidad con el Título III, ni (iii) eximan, descarguen, impida o prohíban de alguna manera (A) cualquier responsabilidad de los Deudores o los Deudores reorganizados ante los Estados Unidos derivados de o en virtud de la Fecha de Entrada en vigor, (B) cualquier responsabilidad de cara a los Estados Unidos que no sea una Reclamación, (C) cualquier defensa relacionada con dicha responsabilidad, (D) cualquier asunto que deba determinarse en un tribunal de los Estados Unidos, o (E) cualquier acción judicial o procedimiento contencioso de los Estados Unidos relacionado con la misma.

**Sección 92.3 – Interdicto sobre las Reclamaciones:** Salvo que se disponga expresamente lo contrario en el Plan, en la Orden de Confirmación o en cualquier otra Orden Definitiva del Tribunal del Título III que pueda ser aplicable, todas las Entidades que hayan tenido, tengan o puedan tener Reclamaciones o cualquier otra deuda u obligación que se exonere o renuncie a tenor con la Sección 92.2 del presente o que hayan tenido, tengan o puedan tener Reclamaciones o cualquier otra deuda u obligación que se exonere o renuncie a tenor con la Sección 92.2 del presente tienen permanentemente prohibido, en o a partir de la Fecha de Vigencia, (a) comenzar o continuar, directa o indirectamente, de cualquier manera, cualquier acción u otro procedimiento (incluyendo, entre otros, cualquier procedimiento judicial, arbitral, administrativo u otro) de cualquier índole sobre cualquier Reclamación u otra deuda o responsabilidad que se exonere a tenor con el Plan contra cualquiera de las Partes Exoneradas o cualquiera de sus respectivos activos o bienes, (b) la ejecución, el embargo, el cobro o la recuperación por cualquier forma o medio de cualquier sentencia, laudo, decreto u orden contra cualquiera de las Partes Exoneradas o cualquiera de sus respectivos activos o bienes por cuenta de cualquier Reclamación u otra deuda o responsabilidad que se exonere a tenor con el Plan, (c) crear, perfeccionar o aplicar cualquier gravamen de cualquier tipo contra cualquiera de las Partes Exoneradas o cualquiera de sus respectivos activos o bienes por cuenta de cualquier Reclamación u otra deuda o responsabilidad que se exonere en conformidad con el Plan, (d) reclamar de cualquier manera que se dispongan, permita o presente en las secciones 553, 555, 556, 559 o 560 del Código de Quiebras o confirme el derecho de recuperación del derecho consuetudinario, hacer valer cualquier derecho de compensación, subrogación o recuperación de cualquier tipo contra cualquier obligación debida de cualquiera de las Partes Exoneradas o cualquiera de sus respectivos activos o bienes, con respecto a cualquier Reclamación u otra deuda o responsabilidad que se exonere en conformidad con el Plan. Este interdicto se extenderá a todos los sucesores y cesionarios de las Partes Exoneradas y sus respectivos activos y bienes.

**Sección 92.5 – Exoneraciones de los Deudores y Deudores Reorganizados:** Salvo que se disponga expresamente lo contrario en el Plan o en la Orden de Confirmación, en la Fecha de Vigencia, y por una contraprestación válida y susceptible de apreciación pecuniaria, cada uno de los Deudores y los Deudores Reorganizados, el Agente Pagador y cada una de las Personas Relacionadas de los Deudores y los Deudores Reorganizados, se considerará que ha, y por la presente lo hace de manera irrevocable e incondicional, plenamente, definitivamente y a perpetuidad, renunciado, exonerado, absuelto y relevado a las Partes Exoneradas de toda y cualquier Reclamación o Causas de Acción que los Deudores, los Deudores Reorganizados y el Agente Pagador, o cualquiera de ellos, o cualquiera que reclame a través de ellos, en su nombre o para su propio beneficio, tengan o pudieran tener o reclamaran tener, ahora o en el futuro, contra cualquier Parte Exonerada que sean Reclamaciones Exoneradas o que de otro modo se basan en, se relacionan con, o surjan de o en conexión con, en su totalidad o en parte, cualquier acto, omisión, transacción, evento u otra circunstancia relacionada con los Casos de Título III, los Deudores que tengan lugar o existen en o antes de la Fecha de Vigencia, (y) cualquier Reclamación, acto, hecho, transacción, ocurrencia, declaración u omisión en relación con ello, o que podría haber sido alegada, incluyendo, entre otros, cualquier Reclamación, demanda, derecho, responsabilidad, o causa de acción para la indemnización, contribución u otro fundamento, según la ley directa o el derecho consuetudinario, por daños y perjuicios, costos u honorarios.

**Sección 92.6 – Interdictos relacionados con Descargos.** A la Fecha de Vigencia, todas las Entidades que tengan, hayan tenido o puedan tener una Reclamación Exonerada que es tal en conformidad con la Sección 92.5 del Plan, están, y estarán, permanentemente, para siempre y completamente suspendidas, restringidas, prohibidas, vedada e inhabilitadas para llevar a cabo cualquiera de las siguientes acciones, ya sea directa o indirectamente, de forma derivada o de otra manera, a causa o en base al objeto de dichas Reclamaciones Exoneradas: (i) iniciar, realizar o continuar de cualquier manera, ya sea directa o indirecta, cualquier juicio, acción u otro procedimiento (lo que incluye, entre otros, cualquier procedimiento judicial, arbitral, administrativo o de otro tipo) en cualquier foro; (ii) aplicar, embargar (lo que incluye, entre otros, cualquier embargo previo a la sentencia), cobrar o intentar de cualquier manera recobrar cualquier sentencia, laudo, decreto u otra orden; (iii) crear, perfeccionar o de cualquier manera aplicar cualquier caución, directa o indirectamente, cualquier Gravamen; (iv) compensar, buscar reembolsos o contribuciones de o subrogación contra, o recuperar de cualquier otra manera, directa o indirecta, cualquier monto contra cualquier pasivo u obligación adeudados a cualquier Entidad exonerada conforme a la Sección 92.5 del presente; e (v) iniciar y continuar de cualquier manera y en cualquier lugar, cualquier procedimiento judicial, de arbitraje o administrativo en cualquier foro, que no cumpla o no sea compatible con las disposiciones del Plan o de la Orden de Confirmación. Para evitar dudas, las siguientes estipulaciones se extinguirán con el registro de la Orden de Confirmación: la Cuarta Estipulación Enmendada entre el Estado Libre Asociado de Puerto Rico y la Autoridad de Carreteras y Transportación de Puerto Rico (núm. 17383-LTS, ECF Núm. 15854), y sus enmiendas; y la Cuarta Estipulación Enmendada y Orden de Consentimiento entre los Deudores del Título III (salvo COFINA) y la Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico actuando en nombre de las entidades gubernamentales enmendada en el Apéndice "B" en relación con la Suspensión de la Prescripción (Caso Núm. 17-3283-LTS, ECF Núm. 17394, y sus enmiendas.

**Sección 92.7 – Exculpación:**
(a) **Partes del Gobierno:** La Junta de Supervisión, AAFAF, los Deudores y cada una de sus respectivas Personas Relacionadas, actuando exclusivamente en su capacidad como tales en cualquier momento hasta la Fecha de Vigencia inclusive, no tendrán ni incurrirán en responsabilidad legal alguna ante cualquier Entidad por actos u omisiones en relación con los Casos de Título III, la formulación, preparación, difusión, implementación, confirmación o aprobación del Plan o de cualquier transacción o acuerdo contenido en estos, la Declaración de Divulgación, el Acuerdo de Apoyo al Plan GO o el Acuerdo de Apoyo al Plan de la ACT/ADCC, los Documentos Definitivos o cualquier contrato, instrumento, publicación u otro acuerdo o documento previsto o contemplado en relación con el perfeccionamiento de las transacciones establecidas en el Plan; disponiéndose, sin embargo, que las disposiciones que anteceden a esta Sección 92.7(c) no afectarán la responsabilidad legal de cualquier Entidad que de otro modo habría resultado de dicho acto u omisión en la medida en que se determine en una Orden Definitiva que dicho acto u omisión constituyó fraude intencional o conducta dolosa.

(b) **Acreedores del AAP:** Cada uno de los Acreedores del AAP, exclusivamente en su calidad de partes del Acuerdo de Apoyo al Plan de GO/AEP y/o del Acuerdo de Apoyo al Plan de la ACT/ADCC y un Acreedor y/o aseguradora, según proceda, desde la Fecha de Petición y hasta la Fecha de Vigencia, inclusive, y cada una de sus respectivas Personas Relacionadas, no tendrá ni incurrirá en responsabilidad legal alguna ante cualquier Entidad por actos u omisiones en relación con los Casos de Título III, la mediación, negociación, formulación, preparación, difusión, implementación, confirmación o aprobación del Plan o de cualquier transacción o acuerdo contenido en estos, la Declaración de Divulgación, el Acuerdo de Apoyo al Plan de GO/AEP, el Acuerdo de Apoyo al Plan de la ACT/ADCC, los Documentos Definitivos o cualquier contrato, instrumento, publicación u otro acuerdo o documento previsto o contemplado en relación con el perfeccionamiento de las transacciones establecidas en el Plan; disponiéndose, sin embargo, que las disposiciones que anteceden a esta Sección 92.7(c) no afectarán la responsabilidad legal de cualquier Entidad que de otro modo habría resultado de dicho acto u omisión en la medida en que se determine en una Orden Definitiva que dicho acto u omisión constituyó fraude intencional o conducta dolosa.

(c) **Comité de Retirados:** Cada uno de los miembros del Comité de Retirados, exclusivamente en su calidad de miembro del Comité de Retirados y como Acreedor, según corresponda, desde la Fecha de Petición hasta la Fecha de Vigencia, inclusive, y cada una de las Personas Relacionadas del Comité de Retirados no tendrán ni incurrirán en responsabilidad legal alguna ante cualquier Entidad por actos u omisiones en relación con los Casos de Título III, la formulación, preparación, difusión, implementación, confirmación o aprobación del Plan o de cualquier compromiso o acuerdo contenido en estos, la Declaración de Divulgación, el Acuerdo de Apoyo del Plan del Comité de Retirados y cualquier contrato, instrumento, publicación u otro acuerdo o documento contemplado en relación con el perfeccionamiento de las transacciones establecidas en el Plan y en el Acuerdo de Apoyo del Plan del Comité de Retirados; disponiéndose, sin embargo, que las disposiciones que anteceden a esta Sección 92.7(c) no afectarán la responsabilidad legal de cualquier Entidad que de otro modo habría resultado de dicho acto u omisión en la medida en que se determine en una Orden Definitiva que dicho acto u omisión constituyó fraude intencional o conducta dolosa.

(d) **Comité de Acreedores:** cada uno de los miembros del Comité de Acreedores, exclusivamente en su calidad de miembro del Comité de Acreedores, desde la Fecha de Petición hasta la Fecha de Vigencia, inclusive, y cada una de las Personas Relacionadas del Comité de Acreedores, no tendrán ni incurrirán en responsabilidad legal alguna ante cualquier Entidad por actos u omisiones en relación con los Casos de Título III, la formulación, preparación, difusión, implementación, confirmación o aprobación del Plan o de cualquier transacción o acuerdo contenido en estos, la Declaración de Divulgación, o cualquier contrato, instrumento, publicación u otro documento contemplado en relación con el perfeccionamiento de las transacciones establecidas en el Plan; disponiéndose, sin embargo, que las disposiciones que anteceden a esta Sección 92.7(c) no afectarán la responsabilidad legal de cualquier Entidad que de otro modo habría resultado de dicho acto u omisión en la medida en que se determine en una Orden Definitiva que dicho acto u omisión constituyó fraude intencional o conducta dolosa.

(e) **AFSCME:** Cada uno de las partes de AFSCME exclusivamente en su calidad de parte del Acuerdo de Apoyo al Plan de AFSCME y un Acreedor, según corresponda, desde la Fecha de Petición hasta la Fecha de Vigencia, inclusive, y cada una de sus respectivas Personas Relacionadas, no tendrán ni incurrirán en responsabilidad legal alguna por actos u omisiones

en relación con los Casos de Título III, la formulación, preparación, difusión, implementación, confirmación o aprobación del Plan o de cualquier compromiso o acuerdo contenido en estos, la Declaración de Divulgación, el Acuerdo de Apoyo al Plan de AFSCME, o cualquier contrato, instrumento, publicación u otro acuerdo o documento previsto o contemplado en relación con el perfeccionamiento de las transacciones establecidas en el Plan y en el Acuerdo de Apoyo al Plan de AFSCME; disponiéndose, sin embargo, que las disposiciones que anteceden a esta Sección 89.7(e) no afectarán la responsabilidad legal de cualquier Entidad que de otro modo habría resultado de dicho acto u omisión en la medida en que se determine en una Orden Definitiva que dicho acto u omisión constituyó fraude intencional o conducta dolosa.

(f) **Aseguradoras Monolínea:** Ambac, Assured, FGIC, National, Syncora y sus respectivas Personas Relacionadas, no tendrán ni incurrirán en responsabilidad legal alguna ante ninguna Entidad por actos u omisiones que sean compatibles con el Plan en relación con la formulación, preparación, difusión, implementación, aceptación, confirmación o aprobación del Plan, lo que incluye, entre otros, el tratamiento de las Reclamaciones de Bonos Asegurados de Ambac, las Reclamaciones de Bonos Asegurados de Assured, las Reclamaciones de Bonos Asegurados de FGIC, las Reclamaciones de Bonos Asegurados de National o las Reclamaciones de Bonos Asegurados de Syncora, los procedimientos de elección y cualquier descargo de obligaciones en virtud de las Pólizas de Seguro de Ambac, las Pólizas de Seguro de Assured, las Pólizas de Seguro de FGIC, las Pólizas de Seguro de National o las Pólizas de Seguro de Syncora aplicables; disponiéndose, sin embargo, que no obstante cualquier disposición en contrario en el presente, los términos y las disposiciones del Plan no relevarán ni exculparán, ni se entenderá que relevan o exculpan, con respecto a cualquier Reclamación de Bonos Asegurados de Ambac, Bonos Asegurados de Assured, Bonos Asegurados de FGIC, Bonos Asegurados de National o Bonos Asegurados de Syncora cualquier obligación de pago en virtud de la Póliza de Seguro de Ambac, la Póliza de Seguro de Assured, la Póliza de Seguro de FGIC, la Póliza de Seguro de National o la Póliza de Seguro de Syncora aplicable de acuerdo con sus términos únicamente en la medida en que dicho tenedor no recibe el Tratamiento de Ambac, el Tratamiento de Assured, el Tratamiento de FGIC, el Tratamiento de National o el Tratamiento de Syncora, según corresponda (o cualquier reclamación que Ambac, Assured, FGIC National o Syncora puedan tener en contra de los beneficiarios de los respectivos bonos asegurados de Ambac, de Assured, de FGIC, de National o de Syncora respecto a las Pólizas de Seguro de Ambac, Assured, FGIC, National o Syncora, según proceda).

**Sección 92.8 – Litigio Relacionado con las Designaciones:** No obstante cualquier disposición en contrario en el presente, en el caso de que se dicte una Orden Definitiva en relación con el Litigio Relacionado con las Designaciones o el Litigio de Uniformidad con posterioridad a la emisión de la Orden de Confirmación, como contraprestación de las distribuciones efectuadas, que se efectuarán, en virtud del presente, a la Fecha de Vigencia, todos los tenedores de las respectivas Reclamaciones o bonos relacionados con esos Bonos Asegurados en las Entidades que reciban, o se considere que han recibido, distribuciones en conformidad con el Plan o como resultado del Plan, convienen haber recibido una Orden Definitiva no revertible, afectará ni modificará de otro modo las transacciones contempladas en el Plan o en la Orden de Confirmación, lo que incluye, entre otros, los descargos, exculpaciones e interdictos previstos en el Artículo XCII del Plan.

**Sección 92.9 – Orden de prohibición:** Desde los límites que se estipulan en el Plan, todas y cada una de las Entidades quedan permanentemente inhabilitadas, prohibidas y restringidas de instituir, procesar, tramitar o litigar de cualquier manera todas y cada una de las Reclamaciones, demandas, derechos, responsabilidades o causas de acción de cualquier tipo, carácter o naturaleza, conocidos o desconocidos, que se deriven o estén relacionados con transacciones, directas o derivadas, afirmadas o no, contra cualquiera de las Partes Exoneradas, basadas en, relacionadas con, que surjan de en conexión con cualquiera de las Reclamaciones Exoneradas de conformidad con el Plan, la exculpación previstos en el Plan y por el Acuerdo y/o perfeccionamiento del Acuerdo de Apoyo al Plan GO/AEP, o cualquier reclamación, acto, hecho, transacción, ocurrencia, declaración u omisión en relación con, o alegada a causa de los Casos de Título III, lo que incluye, entre otros, cualquier reclamación, demanda, derecho, responsabilidad, o causa de acción para la indemnización, contribución u otro fundamento, según la ley directa o el derecho escrito o jurisprudencial, o basada en cualquier reclamación por los daños y perjuicios, costos u honorarios, que surjan como resultado o emergente de cualquier ley, estatuto, reglamento o código, ordenanza, declaraciones comunes o documento de cualquier índole, bien sea que se derive de la ley natural, contractual, representación, garantía o de otro tipo, incluidas las indemnizaciones basadas en cualquier ley, estatuto o reglamento, contrato u otro documento. Asimismo, desde los límites que se estipulan en el Plan, todas y cada una de las Entidades tiene prohibido, por la presente, interferir de otra forma con la implementación o consumación del Plan, según corresponda, lo que incluye, entre otros, el cumplimiento y/o perfeccionamiento del Acuerdo de Apoyo al Plan GO/AEP, o cualquier reclamación, acto, hecho, transacción, ocurrencia, declaración u omisión en relación con, alegada a causa de los Casos de Título III, lo que incluye, entre otros, cualquier reclamación, demanda, derecho, responsabilidad, o causa de acción para la indemnización, contribución u otro fundamento, según la ley directa o el derecho escrito o jurisprudencial, o cualquier reclamación por los daños y perjuicios, costos u honorarios.

**Sección 92.11 – Interdicto complementario.** No obstante cualquier disposición en contrario en el presente, salvo dentro de los límites que se estipulan en el Plan, todas las Entidades que tengan, hayan tenido o puedan tener una Reclamación, demanda, derecho, responsabilidad o causa de acción contra cualquiera de las Partes Exoneradas que sea liberada, exonerada, exculpada, afirmada o liberada en conformidad con el Plan, quedan permanentemente y para siempre inhabilitadas, restringidas e interdictas de comenzar o continuar de cualquier manera, directa o indirectamente, cualquier acción u otro procedimiento (incluyendo, entre otros, cualquier procedimiento judicial, arbitral, administrativo u otro) en todas y cada una de dichas Entidades, bien sea por derecho propio o de forma derivada o por cuenta o en beneficio de cualquiera de las Partes Exoneradas, basadas en o relacionadas con reclamaciones, acto, hecho, transacciones, ocurrencias, declaraciones u omisiones que son, podrían haber sido o pueden ser afirmadas por dichas entidades en contra de cualquiera de las Partes Exoneradas que sea objeto de una Orden Definitiva...

Fecha: 2 de agosto de 2021, San Juan, Puerto Rico

*Hermann Bauer*, *Martín J. Bienenstock*, Martin A. Bienenstock (*pro hac vice*), **PROSKAUER ROSE LLP**, Eleven Times Square, Nueva York, NY 10036, *Abogados de la Junta de Supervisión y Administración Financiera como representante de los Deudores — /f/ Hermann D. Bauer*, Hermann D. Bauer, USDC-PR No. 215205, **O'NEILL & BORGES LLC**, 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918-1813, *Coabogados de la Junta de Supervisión y Administración Financiera en representación de los Deudores*

[1] Los Deudores en estos Casos del Título III, junto con el número de caso de Título III respectivo de cada Deudor y los últimos cuatro (4) dígitos del número de identificación fiscal federal de cada Deudor, según corresponda, son (i) el Estado Libre Asociado (ELA) de Puerto Rico (Caso de Quiebra Núm. 17-BK-3283-LTS) (últimos cuatro dígitos del Número de Identificación fiscal federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante ("COFINA") de Puerto Rico (Núm. de Caso de Quiebra 17-BK-3284-LTS) (últimos cuatro dígitos del Número federal del contribuyente: 8474); (iii) la Autoridad de Carreteras y Transportación ("ACT") de Puerto Rico (Núm. de Caso de Quiebra 17-BK-3567-LTS) (últimos cuatro dígitos del Número federal de identificación fiscal: 3808); (iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("SRE") (Núm. de Caso de Quiebra 17-BK-3566-LTS) (Últimos cuatro dígitos del Número federal del contribuyente: 9686); (v) la Autoridad de Energía Eléctrica ("AEE") de Puerto Rico (Núm. de Caso de Quiebra 17-BK-4780-LTS) (últimos cuatro dígitos del Número federal del contribuyente: 3747); y (vi) la Autoridad de Edificios Públicos ("AEP") de Puerto Rico (Núm. de Caso de Quiebra 19-BK-5523-LTS) (últimos cuatro dígitos del Número federal del contribuyente: 3801) (los números de caso del Título III figuran como números de Caso de Quiebra debido a limitaciones del software). [2] Todos los términos en mayúsculas que se utilizan pero no se definen en este aviso tendrán el significado que se les atribuye en el Plan o en la Orden de confirmación, según corresponda. [3] Todas las techas y procedimientos estipuladas en esta notificación estarán sujetos a modificación como consecuencia de una nueva orden judicial. [4] Para disipar cualquier duda, dado que los titulares de Reclamaciones o de Bonos reciben un voto y/o elección a través de la plataforma Automatizada de Clases de Bonos por medio de DTC, la Fecha de Registro de la Votación no regirá respecto de dichos titulares de Reclamaciones o de Bonos; los titulares de dichas correspondientes en el momento de la fecha de Registro de la Votación y/o elección correspondientes en el momento de la emisión serán elegibles para votar y/o realizar una elección.

# Exhibit G

*Primera Hora*

**(September 1, 2021)**

**ANTE EL TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO**

**LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, como representante de EL ESTADO LIBRE ASOCIADO DE PUERTO RICO, EL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y LA AUTORIDAD DE EDIFICIOS PÚBLICOS DE PUERTO RICO**

**Título III de PROMESA, 17 BK 3283-LTS (Con administración conjunta)**

**NOTIFICACION DE (I) LA APROBACIÓN DE LA DECLARACIÓN DE DIVULGACIÓN, (II) EL ESTABLECIMIENTO DE LAS FECHAS DE REGISTRO…..**

# AFIDAVIT

Yo, Juan C. Jiménez Doblado, habiendo prestado el debido juramento declaro:

Que soy Representante del periódico "PRIMERA HORA" que se publica en Guaynabo, P.R.; que en las ediciones de este periódico correspondientes a los días:

**1 DE SEPTIEMBRE DE 2021**

se dio publicidad al anuncio  expedido por

**JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO**

en el caso arriba mencionado y copia del cual se une al presente afidávit para que forme parte del mismo.

Guaynabo, P.R. ___SEP 3 0 2021___ 20__.

Afidávit No. ___18,883___ del Registro.

Jurado y reconocido ante mi por Juan C. Jiménez Doblado, vecino de San Juan, mayor de edad, soltero, Representante del periódico "PRIMERA HORA", a quien doy fe de conocer personalmente,

Guaynabo, P.R. ___SEP 3 0 2021___ 20__.

_____
NOTARIO





**Aviso Público (página 1 de 2)**

**ANTE EL TRIBUNAL DE DISTRITO DE ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO**

En el caso:

LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,

como representante de

EL ESTADO LIBRE ASOCIADO DE PUERTO RICO, EL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y LA AUTORIDAD DE EDIFICIOS PÚBLICOS DE PUERTO RICO,

Deudores.¹

Título III de PROMESA

Núm. 17 BK 3283-LTS

(Con administración conjunta)

**NOTIFICACIÓN DE (I) LA APROBACIÓN DE LA DECLARACIÓN DE DIVULGACIÓN, (II) EL ESTABLECIMIENTO DE LAS FECHAS DE REGISTRO, (III) LA VISTA DE CONFIRMACIÓN DEL PLAN DE AJUSTE Y LOS PROCEDIMIENTOS DE OBJECIÓN A LA CONFIRMACIÓN DEL PLAN DE AJUSTE, (IV) LOS PROCEDIMIENTOS Y LA FECHA LÍMITE PARA VOTAR SOBRE EL PLAN DE AJUSTE Y LA REALIZACIÓN DE DETERMINADAS ELECCIONES EN VIRTUD DE DICHO VOTO**

**FECHA LÍMITE DE VOTACIÓN Y ELECCIÓN: 5:00 p.m. (AST) del 4 de octubre de 2021**
**FECHA LÍMITE DE OBJECIONES: 5:00 p.m. (AST) del 19 de octubre de 2021**
**VISTA DE CONFIRMACIÓN: 8 al 10, 12, 15 al 18, y 22-23 de noviembre de 2021 a las 09:30 a.m. (AST)**
Si tiene alguna pregunta sobre este notificación, comuníquese con Prime Clerk LLC por teléfono llamando al (844) 822-9231 (gratuito para Estados Unidos y Puerto Rico) o al (646) 486-7944 (para llamadas internacionales), de 10:00 a.m. a 7:00 p.m. (hora estándar del Atlántico) (disponible en español), o por correo electrónico enviando un mensaje a puertoricoinfo@primeclerk.com.

**TENGA EN CUENTA LO SIGUIENTE:**

1. *Aprobación de la Declaración de Divulgación.* Mediante orden de fecha 2 de agosto de 2021 [ECF Núm. 17639] (la "Orden de Declaración de Divulgación"), el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico (el "Tribunal") aprobó la adecuación de la información contenida en la *Declaración de Divulgación para el Séptimo Plan de Ajuste Conjunto Enmendado de Título III del Estado Libre Asociado de Puerto Rico, y otros*, de fecha 30 de julio de 2021 (con sus posibles modificaciones o enmiendas, incluyendo todos los anexos y apéndices a esta, la "Declaración de Divulgación"), presentada por la Junta de Supervisión y Administración Financiera en nombre del Deudor, y autorizó a los Deudores a convocar a la votación con respecto a la aceptación o rechazo del *Séptimo Plan de Ajuste Conjunto Enmendado de Título III del Estado Libre Asociado de Puerto Rico, y otros*, de fecha 30 de julio de 2021 (con sus posibles modificaciones o enmiendas, incluyendo todos los anexos y apéndices a este, el "Plan")².

Podrá solicitar una copia impresa del Plan y de la Declaración de Divulgación, incluyendo traducciones al español de ambos documentos, poniéndose en contacto con el Agente de Votación, Prime Clerk LLC:
Por teléfono (10:00 a.m. hasta 7:00 p.m. (EST)) (disponible atención en español):
(844) 822-9231 (llamada gratuita en EE.UU.) y Puerto Rico
(646) 486-7944 (llamadas internacionales)
Correo electrónico: puertoricoinfo@primeclerk.com
Alternativamente, podrá consultar las copias electrónicas de la Declaración de Divulgación y del Plan visitando https://cases.primeclerk.com/puertorico/.

2. De acuerdo con la Orden de Declaración de Divulgación, los Deudores enviarán por correo los materiales necesarios para votar el Plan a hacer elecciones sobre las distribuciones en virtud de este (el "Paquete de Convocatoria") a las Tenedores de Reclamaciones de las siguientes Clases (colectivamente, las "Clases con Derecho al Voto"):

| Reclamaciones | Clase |
|---|---|
| Reclamaciones de Bonos Vintage de la AEP | Clase 1 |
| Reclamaciones de Bonos Vintage de la AEP (Assured) | Clase 2 |
| Reclamaciones de Bonos Vintage de la AEP (National) | Clase 3 |
| Reclamaciones de Bonos Vintage de la AEP (Syncora) | Clase 4 |
| Reclamaciones de Bonos Vintage de la AEP (Ambac) | Clase 5 |
| Reclamaciones de Bonos Vintage de la AEP (Syncora) | Clase 6 |
| Reclamaciones de Bonos Vintage Minoristas de la AEP | Clase 7 |
| Reclamaciones de Bonos 2011 de la AEP | Clase 8 |
| Reclamaciones de Bonos 2011 Minoristas de la AEP | Clase 9 |
| Reclamaciones de Bonos Vintage de la AEP | Clase 10 |
| Reclamaciones de Bonos 2012 Minoristas de la AEP | Clase 11 |
| Reclamaciones Garantizadas de la AEP/DRA | Clase 12 |
| Reclamaciones Generales no Garantizadas de la AEP | Clase 13 |
| Reclamaciones no Garantizadas de la AEP/DRA | Clase 14 |
| Reclamaciones de Bonos Vintage del ELA | Clase 15 |
| Reclamaciones de Bonos Vintage Minoristas del ELA | Clase 16 |
| Reclamaciones de Bonos Vintage del ELA (Assured) | Clase 17 |
| Reclamaciones de Bonos Vintage del ELA (National) | Clase 18 |
| Reclamaciones de Bonos Vintage del ELA (Ambac) | Clase 19 |
| Reclamaciones de Bonos Vintage del ELA (FGIC) | Clase 20 |
| Reclamaciones de Bonos Vintage del ELA (Syncora) | Clase 21 |
| Reclamaciones de Bonos Vintage Minoristas del ELA | Clase 22 |
| Reclamaciones de Bonos Vintage Garantizados del ELA (Assured) | Clase 23 |
| Reclamaciones de Bonos Vintage Garantizados del ELA (Assured) | Clase 24 |
| Reclamaciones de Bonos Vintage Garantizados del ELA (National) | Clase 25 |
| Reclamaciones de Bonos Vintage Garantizados del ELA (Ambac) | Clase 26 |
| Reclamaciones de Bonos Vintage Garantizados del ELA (FGIC) | Clase 27 |
| Reclamaciones de Bonos Vintage Garantizados del ELA (Syncora) | Clase 28 |
| Reclamaciones de Bonos 2011 del ELA | Clase 29 |
| Reclamaciones de Bonos 2011 Minoristas del ELA | Clase 30 |
| Reclamaciones de Bonos 2011 del ELA (Assured) | Clase 34 |
| Reclamaciones de Bonos Garantizados 2011 del ELA | Clase 35 |
| Reclamaciones de Bonos Serie D/E/PIB 2011 del ELA | Clase 36 |
| Reclamaciones de Bonos Serie D/E/PIB 2011 del ELA (Assured) | Clase 37 |
| Reclamaciones de Bonos Serie D/E/PIB 2011 Minoristas del ELA | Clase 38 |
| Reclamaciones de Bonos 2012 del ELA | Clase 40 |
| Reclamaciones de Bonos 2012 Minoristas del ELA | Clase 41 |
| Reclamaciones de Bonos 2012 del ELA (Assured) | Clase 42 |
| Reclamaciones de Bonos Garantizados 2012 del ELA | Clase 43 |
| Reclamaciones de Bonos 2014 del ELA | Clase 44 |
| Reclamaciones de Bonos 2014 Minoristas del ELA | Clase 47 |
| Reclamaciones de Bonos Vintage del ELA | Clase 48 |
| Reclamaciones de Jubilados Participantes del SRE por Encima del Umbral | Clase 51D |
| Reclamaciones de Jubilados Participantes del SRJ por Debajo del Umbral | Clase 51B |
| Reclamaciones de Jubilados Participantes del SRE | Clase 51E |
| Reclamaciones de Jubilados Participantes del SRM por Encima del Umbral | Clase 51F |
| Reclamaciones de Participantes Activos del SRE | Clase 51H |
| Reclamaciones de Participantes Activos del SRM | Clase 51H |
| Reclamaciones de Participantes Activos del SRM | Clase 51K |
| Reclamaciones de Participantes de Nóminas de VTP por Encima del Umbral | Clase 51L |
| Reclamaciones de AFSCME | Clase 52 |
| Reclamaciones de productores lácteos | Clase 53 |
| Reclamaciones en sistema eminente | Clase 54 |
| Reclamaciones del Centro Médico | Clase 56 |
| Reclamaciones Generales Sin Garantía del ELA | Clase 58 |
| Reclamaciones de ELA/ACT | Clase 59 |
| Reclamaciones de ELA/Centro de Convenciones | Clase 60 |
| Reclamaciones de ELA/Impuesto al Ron de la AFI | Clase 61 |
| Reclamaciones de ELA/MBA | Clase 62 |
| Reclamaciones de Bonos del SRE | Clase 63 |
| Reclamaciones Sin Garantía del SRE | Clase 65 |
| Reclamaciones Federales | Clase 66 |

3. *Vista de confirmación.* Se celebrará una vista para considerar la confirmación del Plan (la "Vista de Confirmación") ante la Honorable Laura Taylor Swain, en una vista telefónica a través de CourtSolutions los días **8 – 10, 12, 15 – 18 y 22 – 23 de noviembre a las 9:30 a.m. (hora estándar del Atlántico)**.

4. La Vista de Confirmación puede ser continuada periódicamente por el Tribunal o la Junta de Supervisión, sin notificación adicional o a través de aplazamientos anunciados en audiencia pública o como se indica en cualquier notificación de los asuntos que se considerarán en la vista presentada ante el Tribunal, y el Plan puede ser modificado, si es necesario, antes, durante o como resultado de la Vista de Confirmación, de acuerdo con las disposiciones de modificación del Plan y la Regla Local 3016-2, sin notificación adicional a las partes interesadas.

5. *Depósito de confirmación del Plan.* La información relativa a la confirmación del Plan será posible en línea en el Depósito de Confirmación del Plan en titlelliplandataroom.com.

6. *Fecha límite de objeción de la confirmación.* El Tribunal ha establecido el **19 de octubre de 2021 a las 5:00 p.m. (hora estándar del Atlántico)** (la "Fecha Límite de Objeción a la Confirmación") como fecha límite para presentar objeciones o réplicas a la confirmación del Plan propuesto.

7. *Objeciones y réplicas a la confirmación.* Las objeciones y réplicas a la confirmación del Plan deben:
   a. Estar redactadas por escrito, en inglés, y firmadas;
   b. Indicar el nombre, el domicilio y la naturaleza de la Reclamación de la parte que se opone o responde;
   c. Exponer en detalle el fundamento y la naturaleza de cualquier objeción o réplica y, cuando corresponda, incluir la dirección específica referente en el Plan con el fin de resolver cualquier objeción o réplica;
   d. Presentarse electrónicamente ante el Tribunal en el registro *En referencia al Estado Libre Asociado de Puerto Rico*, Caso núm. 17 BK 3283-LTS, a través del sistema de registro de casos del Tribunal en formato de documento portátil con función de búsqueda, **como más tardar el 19 de octubre de 2021 las 5:00 p.m. (hora estándar del Atlántico)**.
      i. Si no es usted abogado registrado como usuario del sistema de registro de casos del Tribunal, podrá enviar por correo la objeción a la Oficina de Secretaría del Tribunal a:
      Tribunal de Distrito de EE.UU., Oficina de Secretaría
      Avenida Carlos Chardón 150, Suite 150
      San Juan, Puerto Rico 00918-1767
      de manera que el Tribunal la reciba en la fecha plazo pertinente.
   e. Notificarse a la Oficina del Fideicomisario de Estados Unidos para el Distrito de Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (ref: En el caso: el Estado Libre Asociado de Puerto Rico) de manera que se reciba en o antes de la Fecha Límite de Objeción a la Confirmación final.

8. *Participación en la Vista de confirmación.* Si desea participar en la indagatoria relativa a la confirmación del Plan deberá presentar una notificación de sus intenciones de participar en la indagatoria (una "Notificación de indagatoria"), un formulario que encontrará en https://cases.primeclerk.com/puertorico/. Si presenta su Notificación de indagatoria como más tardar el **15 de agosto de 2021**, es posible que se le permita el acceso a documentos del Depósito del Plan donde se guardan información y documentos relativos al Plan, y podrá acceder a otros beneficios judiciales adicionales. Si presenta su Notificación indagatoria después del **15 de agosto de 2021**, pero antes de la **Fecha Límite de objeción (en esta última fecha)**, es posible que se le permita el acceso a documentos del Depósito del Plan. Tenga en cuenta que el acceso a la información en el Depósito del Plan podría quedar sujeto al cumplimiento de los requisitos de acceso de los Deudores.

9. Deberá presentar la Notificación indagatoria en formato estipulado por el sitio web del Caso del Título III, a saber:
   a. Estar por escrito, en inglés, e ir firmada;
   b. Indicar su nombre, domicilio, naturaleza de su Reclamación y número de Reclamación;
   c. Indicar sus intenciones de participar en la indagatoria relativa a la confirmación del Plan; y
   d. Presentarla electrónicamente al Tribunal, en el registro CM/ECF Notificación de intenciones de participar en la indagatoria de la Confirmación del Plan del Estado Libre Asociado, en *En referencia al Estado Libre Asociado de Puerto Rico*, Caso núm. 17 BK 3283-LTS, a través del sistema de registro de casos del Tribunal como más tardar en la fecha de plazo final correspondiente.
      i. Si no está usted representado por un abogado, podrá optar por enviar la Notificación de indagatoria por correo postal a la Oficina de Secretaría del Tribunal, en:
      Tribunal de Distrito de EE.UU., Oficina de Secretaría
      Avenida Carlos Chardón 150, Suite 150
      San Juan, Puerto Rico 00918-1767
      que deberá recibirse como más tardar en la fecha de plazo pertinente.

10. **Para poder participar en la indagatoria relacionada con la confirmación del Plan, deberá presentar la Notificación de indagatoria en plazo.** No obstante, si no presentase la Notificación de indagatoria en plazo, ello no será óbice para que presente una objeción a la confirmación del Plan como más tardar en el Plazo de objeción de la Confirmación, aunque no podrá ver los documentos del Depósito del Plan ni tampoco participar en la indagatoria.

11. *Calendario y fechas límite de indagatoria.* El Tribunal ha establecido el siguiente calendario y fechas límite, que serán aplicables a los Deudores y a otras partes interesadas que hayan presentado puntualmente Notificación de indagatoria y tengan derecho a participar en la indagatoria¹:

| Resumen de determinadas fechas límite | |
|---|---|
| 3 de agosto de 2021 | Fecha final para que los Deudores presenten una lista preliminar de testigos de hechos, y temas sobre los cuales dichas personas testificarán (la "Lista preliminar de testigos de hechos de los Deudores"). Fecha final para que los Deudores presenten un resumen inicial explicando qué es lo que los Deudores pretenden demostrar en la confirmación. |
| 6 de agosto de 2021 | Fecha inicial para que todas las partes presenten sus solicitudes iniciales de presentación de documentos no depositados (las "Solicitudes iniciales de presentación"). Los acreedores y las partes interesadas podrán presentar las Solicitudes iniciales de presentación solamente tras cursar una Notificación de intenciones de participar en la indagatoria (tal como se define a continuación). Las respuestas y objeciones a dichas Solicitudes iniciales de presentación se cursarán en un plazo de siete (7) días desde haber cursado dichas Solicitudes. |
| 15 de agosto de 2021 | Fecha final para que los acreedores y partes interesadas presenten una "Notificación de intenciones de participar en la indagatoria", también denominada "Notificación de indagatoria". Solamente las partes que presenten puntualmente una Notificación de intenciones de participar en la indagatoria podrán participar en la indagatoria, aunque haciendo no será óbice para que una parte objete la confirmación del Plan. |
| 6 de septiembre de 2021 | Plazo final para que los Acreedores elegibles presenten una lista preliminar de testigos de hechos, y temas sobre los cuales dichas personas testificarán (una "Lista preliminar de testigos de hechos de los Acreedores elegibles"). Plazo final para que todas las partes presenten las declaraciones iniciales de peritos ("Declaraciones iniciales de peritos"). |
| 13 de septiembre de 2021 | Plazo final para que todas las partes presenten las declaraciones iniciales de peritos ("Declaraciones iniciales de peritos"). Fecha límite para que todas las partes presenten las notificaciones oficiales de declaración, los temas a declarar y los horarios solicitados para ello ("Notificaciones iniciales de declaración") (todas las partes tiene un tiempo limitado a siete (7) horas para las declaraciones). Se admitirán notificaciones siempre y cuando la indagatoria concluya en el plazo admitido. |
| 30 de septiembre de 2021 | Fecha límite para que todas las partes presenten la moción "Daubert" y las mociones "in límine". |
| 1 de octubre de 2021 | Plazo final para que todas las partes presenten un máximo de quince (15) interrogatorios ("Interrogatorios"), incluyendo subpartes. Las respuestas y objeciones a dichos interrogatorios se cursarán antes de que transcurran diez (10) días desde el momento de presentación de la citada Interrogatorios. |
| 4 de octubre de 2021 | Plazo final para que todas las partes presenten las declaraciones de refutación de peritos ("Declaraciones de refutación de peritos"). Plazo final para que todas las partes presenten solicitudes de seguimiento de presentación de documentos ("Solicitudes de seguimiento de presentación") y colectivamente, con las Solicitudes iniciales de presentación, las "Solicitudes de presentación"). |
| 8 de octubre de 2021 | Plazo final para que todas las partes presenten los informes de refutación de peritos ("Informes de refutación de peritos"). Plazo final para que los Deudores presenten una propuesta inicial de orden en apoyo de la confirmación del Plan (la "Propuesta inicial de orden de Confirmación"). |
| 11 de octubre de 2021 | Plazo final para que las partes presenten declaración de admisión, limítrofe a la autenticación de documentos ("Informes de admisión"). Conclusión de la indagatoria de hechos (la "Fecha límite de indagatoria de hechos"). |
| 15 de octubre de 2021 | Fecha límite para que todas las partes concluyan las declaraciones de refutación de peritos. |
| 18 de octubre de 2021 | Conclusión de la indagatoria de peritos (la "Fecha límite de indagatoria de peritos"). |
| 19 de octubre de 2021 | Fecha límite para que los Acreedores elegibles presenten sus objeciones a la confirmación del Plan ("Objeciones"). Fecha límite de presentación de la Notificación de intenciones de participar en la indagatoria o de la Notificación de indagatoria de los acreedores elegibles que solamente deseen acceder a los documentos del Depósito del Plan. |
| 22 de octubre de 2021 | Fecha límite para que los Acreedores elegibles presenten una Propuesta inicial de orden de confirmación. |
| | Fecha límite para que todas las partes presenten las listas de testigos, las listas de pruebas y las designaciones de declaraciones definitivas. |
| | Fecha límite para que todas las partes presenten sus oposiciones a las mociones "Daubert" y las mociones "in límine". |
| 25 de octubre de 2021 | Fecha límite para que todas las partes presenten las declaraciones de testigos que se utilizarán en la Vista de confirmación ("Declaraciones de testigos"). Fecha límite para que los Deudores presenten sus propuestas de conclusiones iniciales de hecho y de derecho en apoyo a la confirmación del Plan (las "Conclusiones iniciales de hecho y de derecho"). |
| 27 de octubre de 2021 | Fecha límite para que los Deudores presenten sus respuestas en apoyo a la confirmación del Plan y Respuestas a las objeciones de confirmación del Plan. |
| 30 de octubre de 2021 | Fecha límite para que las partes presenten sus contradesignaciones, objeciones a las declaraciones designadas u objeciones a las listas de prueba. |
| 8 de noviembre de 2021 | Vista virtual de las mociones " in límine". |
| 8 de noviembre de 2021 | Inicio de la Vista de confirmación. |

12. *Fecha registro de votación.* La fecha de registro de la votación es el **13 de julio de 2021** (la "Fecha de Registro de Votación"), que es la fecha para determinar cuáles son los tenedores de Reclamaciones en las Clases con Derecho al Voto (excepto las Clases 51 y 52) que tienen derecho a emitir un voto para aceptar o rechazar el Plan. Por lo tanto, solo los acreedores de una Clase con derecho al voto sobre el Plan y que tengan Reclamaciones contra los Deudores (excepto en las Clases de Bonos, la Clase 51 y la Clase 52) en la Fecha de Registro de Votación tienen derecho a votar sobre el Plan.

13. *Fecha límite de votación.* La fecha límite para votar el **4 de octubre de 2021, a las 5:00 p.m. (hora estándar del Atlántico)**, salvo que se prorrogue dicha fecha (la "Fecha Límite de Votación"). *No estará obligado a votar sobre el Plan para recibir distribuciones de conformidad con el Plan de ajuste. No obstante, solo si confirma el Tribunal y siempre y cuando sea usted titular de una Reclamación permitida.*

14. Si ha recibido un Paquete de Convocatoria, que incluye una Papeleta o una Notificación, y tiene intención de votar sobre el Plan, deber cuál cuidadosamente las instrucciones. (Si completase **toda** la información requerida en la Papeleta (según sea el caso) y (i) firmar y devolver la Papeleta completa de acuerdo con lo que se estipula en detalle en las instrucciones de votación incluidas en el Paquete de Convocatoria, de forma que su papeleta sea *efectivamente recibida* por el agente de convocatoria de los Deudores, Prime Clerk (el "Agente de Votación") en o antes de la Fecha Límite de Votación, o (ii) dar instrucciones a su corredor o persona designada (cada uno de ellos, una "Persona Designada") para que entregue electrónicamente sus bonos a través del Programa Automatizado de Oferta de Presentación ("ATOP") en The Depository Trust Company ("DTC") de acuerdo con su deseo de votar para aceptar o rechazar el Plan en o antes de la Fecha Límite de Votación. *El incumplimiento de estas instrucciones podría hacer que su voto sea descalificado.*

15. *Fecha Límite de Votación.* La fecha límite para que los tenedores de Reclamaciones de Bonos elegibles que tengan derecho a elegir la forma de distribución según el Plan realicen dicha elección es el **4 de octubre de 2021, a las 5:00 p.m. (hora estándar del Atlántico)**, salvo que esta fecha se prorrogue (la "Fecha Límite de Elección"). Si ha recibido una Notificación con la opción de hacer una elección, **debe** (a) seguir cuidadosamente las instrucciones; y (b) entregar **toda** la información requerida de acuerdo con lo establecido en las instrucciones en cuanto a las elección de manera que sea recibida por la Persona Designada con tiempo suficiente para que su Persona Designada pueda **efectuar efectivamente** su elección a través de ATOP de DTC en o antes de la Fecha Límite de Elección.

16. *Partes interesadas sin derecho de voto.* Si considera que no tiene derecho a votar ni tampoco tiene derecho al voto:
   • Clase 63 (Reclamaciones por Asignaciones del ELA); y
   • Clase 64 (Reclamaciones Subordinadas del ELA 510(b)).

17. Se considera que los acreedores de las siguientes Clases aceptan el Plan y no tienen derecho al voto, aunque recibirán las distribuciones de conformidad con los términos y condiciones del Plan, si este se confirmado por el Tribunal:
   • Clase 51A (Reclamaciones de Jubilados Participantes del SRE por Debajo del Umbral)
   • Clase 51C (Reclamaciones de Jubilados Participantes del SRM por Debajo del Umbral)
   • Clase 51G (Reclamaciones de Participantes del Sistema 2000)
   • Clase 51K (Reclamaciones de Participantes de Nóminas de VTP por Debajo del Umbral)
   • Clase 55 (Reclamaciones de Incentivos Energéticos)
   • Clase 57 (Reclamaciones de Créditos Contributivos)
   • Clase 67 (Reclamaciones Gracia-Gracia), y
   • Clase 68 (Reclamaciones de Convenios)

18. Si una Reclamación figura en la lista de acreedores de los Deudores [Caso Núm. 17-3283, ECF Núm. 1215, 1316, 2582, 10708] como contingente, no liquidada o impugnada y no se ha presentado una evidencia de reclamación (i) antes de la fecha límite de presentación de evidencias de reclamación establecida por el Tribunal o de la Fecha de Registro de Votación (según sea el caso), lo que ocurra primero; o (ii) se considera presentada a tiempo por una orden del Tribunal antes de la Fecha Límite de Votación, dicha Reclamación no tendrá derecho a votar para aceptar o rechazar el Plan. Las evidencias de reclamación presentadas por \$0.00 o las Reclamaciones que hayan sido impugnadas por orden del Tribunal tampoco tienen derecho al voto.

19. Si usted pertenece a las Clases 63 o 64, o ha presentado oportunamente una evidencia de reclamación y no está de acuerdo con la clasificación de los Deudores, la objeción o la solicitud de estimación de su Reclamación y cree que debería tener derecho a votar sobre el Plan, debe notificar a los Deudores y al Fideicomisario de Estados Unidos (puede consultar su dirección en el párrafo 7(e) precedente) y presentar ante el Tribunal (con copia al Despacho de la Juez conforme a la Regla 3018(a)¹) para obtener una orden con arreglo a la Regla de Quiebra Federal 3018(a) ("Moción de la Regla 3018(a)") para obtener una orden conforme a lo establecido en la Regla 3018(a)¹ de las Reglas Federales de Procedimiento de Quiebra (las "Reglas de Quiebra") que permita de forma temporal su Reclamación con el único objeto de votar para aceptar o rechazar el Plan. Toda las Mociones de la Regla 3018(a) deben presentarse en o antes del décimo (10º) día después de una de las siguientes fechas, la que ocurra última: (i) la notificación de esta Vista de solicitud de notificación, y en su caso (ii) la notificación de una objeción con arreglo a la Regla 3018(a), la Papeleta de dicho acreedor se contabilizará, salvo que el Tribunal ordene lo contrario antes de la Fecha Límite de Votación el **4 de octubre de 2021 a las 5:00 p.m. (hora estándar del Atlántico)**. Los acreedores pueden ponerse en contacto con el Agente de Votación (puede consultar su dirección en la Regla 3018(a), la Papeleta de dicho acreedor no será contabilizada, salvo que el Tribunal ordene lo contrario antes de la Fecha Límite de Votación el **4 de octubre a las 5:00 p.m. (hora estándar del Atlántico)**. Los acreedores pueden ponerse en contacto con el Agente de Votación (i) por correo de primera clase o por mensajería nocturna a: Puerto Rico Ballot Processing, C/O Prime Clerk LLC, One Grand Central Place, 60 East 42ª Street, Suite 1440, New York, NY 10165, (ii) por teléfono llamando al (844) 822-9231 (llamada gratuita para EE.UU. y Puerto Rico) o al (646) 486-7944 (para llamadas internacionales), de 10:00 a.m. a 7:00 p.m. (hora estándar del Atlántico) (disponible en español), o (iii) o por correo electrónico a puertoricoinfo@primeclerk.com, para recibir una Papeleta adecuada para cualquier Reclamación para la que se haya presentado una Moción de la Regla 3018(a). Las Mociones de la Regla 3018(a) que no se hayan presentado a tiempo y en la forma establecida en el presente no serán tenidas en cuenta.

20. Si desea que su Reclamación sea admitida provisionalmente a efectos de votación de conformidad con la Regla de Quiebra 3018(a), en https://cases.primeclerk.com/puertorico/ encontrará un formulario de la Regla 3018(a) con instrucciones para rellenar y presentar la moción.

21. *Partes que no serán tratadas como Acreedores.* Cualquier tenedor de una Reclamación que (i) esté programada en la Lista de Acreedores a \$0.00 y que no sea objeto de una evidencia de Reclamación presentada a tiempo o una evidencia de Reclamación que se considere presentada a tiempo ante el Tribunal y que cuente con el Código de Quiebras o con cualquier orden del Tribunal antes de la Fecha de Registro de Votación (según sea el caso); o (ii) esté programada y no es objeto de una evidencia de reclamación presentada a tiempo o una evidencia de reclamación que se considere presentada a tiempo ante el Tribunal o (iii) sea objeto de una objeción o una moción de estimación pendiente a partir de la Fecha de Registro de Votación (según sea el caso), no será tratado como un acreedor con respecto a dicha Reclamación a los efectos de (a) recibir una notificación respecto del Plan y (b) votar sobre el Plan.

*(continúa en la página siguiente)*

*(continúa de la página anterior)*

22. ***Información adicional***. Cualquier parte interesada que desee obtener información sobre los procedimientos de convocatoria o copias de la Declaración de Divulgación o del Plan, incluyendo sus traducciones al español, debe ponerse en contacto con el Agente de Votación, Prime Clerk LLC, por teléfono llamando al (844) 822-9231 (llamada gratuita para EE.UU. y Puerto Rico) o al (646) 486-7944 (para llamadas internacionales), de 10:00 a.m. a 7:00 p.m. (hora estándar del Atlántico) (disponible en español), o por correo electrónico a puertoricoinfo@primeclerk.com, o puede ver dichos documentos accediendo a https://cases.primeclerk.com/puertorico/ o al sitio web del Tribunal, https://www.prd.uscourts.gov/. Tenga en cuenta que se necesita una contraseña y un inicio de sesión para acceder a los documentos que figuran en el sitio web del Tribunal a través del sistema de Acceso Público a los Registros Electrónicos del Tribunal (PACER, por sus siglas en inglés) (http://www.pacer.psc.uscourts.gov).

23. ***Reglas de Quiebra 2002(c)(3) y 3016(c)).* De acuerdo con las Reglas de Quiebra 2002(c)(3) y 3016(c), a continuación se exponen las disposiciones de descargo, exculpación e interdicto contenidas en el Plan:**

**Sección 92.2– Exoneración y descargo de reclamaciones y causas de acción**:

(a) Salvo que se disponga expresamente en el Plan o en la Orden de Confirmación, todas las distribuciones y derechos otorgados en virtud del Plan serán, y se considerarán, a cambio de, y en completa satisfacción, liquidación, exoneración y descargo de, todas las Reclamaciones o Causas de Acción contra las Partes Exoneradas que surgieron, en todo o en parte, antes de la Fecha de Vigencia, en relación con los Casos de Título III, los Deudores o los Deudores Reorganizados o cualquiera de sus respectivos Activos, bienes o intereses de cualquier naturaleza, incluidos los intereses devengados por dichas Reclamaciones en o a partir de la Fecha de Petición, e independientemente de que se hayan distribuido o retenido bienes a tenor con el Plan a causa de dichas Reclamaciones o Causas de Acción. En la Fecha de Vigencia, los Deudores y los Deudores Reorganizados se considerarán exonerados y eximidos de toda y cualquier Reclamación, Causas de Acción y cualquier otra deuda emergente, en su totalidad o en parte, antes de la Fecha de Vigencia (lo que incluye antes de la Fecha de Petición), y todas las Reclamaciones del tipo especificado en las secciones 502(g), 502(h) o 502(i) del Código de Quiebras, y la Sección 407 de PROMESA, ya sea o no (a) una evidencia de reclamación basada en la cual se presente o se considere que se ha presentado dicha Reclamación en virtud de la sección 501 del Código de Quiebras, (b) que se permita dicha Reclamación conforme a la sección 502 del Código de Quiebras y a la Sección 407 de PROMESA (o que se resuelva de otro modo), o (c) que el tenedor de una Reclamación basada en una deuda tal haya votado para aceptar el Plan. Para disipar cualquier duda, nada de lo contenido aquí ni en la Orden de confirmación librará, eximirá ni prescribirá ninguna reclamación o causa de acción contra la AEP derivada de, o relacionada con, los bonos emitidos por la AEP, incluyendo, entre otros, los emitidos con seguros monolínea pertinentes, y la AEP no exime de ninguna reclamación ni causa de acción contra cualquier Entidad no deudora. Las reclamaciones y causas de acción contra la AEP derivadas de, o relacionadas con, los bonos emitidos por la AEP, y las exenciones contra la AEP y sus activos, se dirigirán al caso del Título III de la AEP, incluyendo, entre otros, cualquier plan de ajuste pertinente.

(b) Salvo que se disponga expresamente en el Plan o en la Orden de Confirmación, todas las Entidades estarán impedidas de hacer valer todas y cada una de las Reclamaciones contra los Deudores y Deudores Reorganizados, y cada uno de sus respectivos Activos, bienes y derechos, remedios, Reclamaciones o Causas de Acción o responsabilidades de cualquier naturaleza, relacionadas con los Casos del Título III, los Deudores o los Deudores Reorganizados o cualquiera de sus respectivos Activos y bienes, incluyendo cualquier interés acumulado sobre dichas Reclamaciones desde y después de la Fecha de Petición, e independientemente de que se hayan distribuido o retenido bienes a tenor del Plan por cuenta de dichas Reclamaciones u otras obligaciones, demandas, sentencias, daños y perjuicios, deudas, derechos, remedios, causas de acción o responsabilidades. De acuerdo con lo anterior, salvo que se disponga expresamente en el Plan o en la Orden de Confirmación, la Orden de Confirmación constituirá una determinación judicial, a la Fecha de Vigencia, de la exoneración y descargo de todas esas Reclamaciones, Causas de Acción o deuda de o contra los Deudores y los Deudores Reorganizados a tenor con las secciones 524 y 944 del Código de Quiebras, aplicable al Caso de Título III a tenor con la Sección 301 de PROMESA, y dicha exoneración anulará y extinguirá cualquier sentencia obtenida contra los Deudores o Deudores Reorganizados y sus respectivos Activos, y bienes en cualquier momento, en la medida en que dicha sentencia esté relacionada con una Reclamación, deuda o responsabilidad que sea objeto de dicha exoneración. A la Fecha de Vigencia, y como contraprestación por el valor proporcionado en virtud del Plan, se considera que cada tenedor de una Reclamación de cualquier Clase en virtud de este Plan libera, renuncia y exonera para siempre, y liberará, renunciará y exonerará para siempre a, los Deudores y a los Deudores Reorganizados, y a sus respectivos Activos y bienes, y a todas esas Reclamaciones.

(c) No obstante cualquier otra disposición de esta Sección 92.2, de conformidad con las disposiciones del Acuerdo de Apoyo al Plan GO/AEP, se considerará que cada uno de los Acreedores del Acuerdo de Apoyo al Plan (AAP) GO/AEP y sus respectivas Personas Vinculadas, únicamente en su calidad de Acreedores de los Deudores, (i) han renunciado a y pactado no demandar o de otro modo intentar recuperar daños y perjuicios o buscar cualquier otro tipo de reparación contra cualquiera de los Exonerados del Gobierno basadas en, que se deriven de o estén relacionadas con las Reclamaciones Exoneradas del Gobierno o cualquiera de las Reclamaciones o Causas de Acción afirmadas o que podrían haber sido afirmadas, incluyendo, entre otros, en las Acciones de Recuperación (Clawback) y las Mociones de Levantamiento de la Paralización, y (ii) no ayudarán directa o indirectamente a ninguna persona a realizar ninguna acción con respecto a las Reclamaciones Exoneradas del Gobierno que esté prohibida por la presente Cláusula 92.2.

(d) Limitación de la SEC. No obstante nada de lo contenido en sentido contrario o en la Orden de confirmación, ninguna disposición tendrá como consecuencia (i) impedir que la SEC haga valer sus potestades en materia de políticas o reglamentos; ni (ii) impedir. limitar, perjudicar ni retrasar que la SEC inicie o continúe reclamaciones, pleitos, procedimientos o investigaciones contra personas físicas o jurídicas no deudoras en ningún foro.

(e) Limitación de los Estados Unidos. Limitación de la SEC. No obstante nada de lo contenido en sentido contrario o en la Orden de confirmación, ninguna disposición tendrá como consecuencia (i) impedir que los Estados Unidos o cualquiera de sus agencias, departamentos o agentes, o eximir de alguna manera que los Deudores o los Deudores reorganizados, según sea el caso, cumplan las leyes y requisitos federales o territoriales que implementen programas federalmente autorizados o delegados para la protección de la salud, la seguridad y el entorno de personas de dicho territorio, (ii) amplíe el ámbito de cualquier exoneración, exención o recurso a los cuales los Deudores o los Deudores reorganizados tengan derecho de conformidad con el Título III, ni (iii) eximan, descarguen, impida o prohíban de alguna manera (A) cualquier responsabilidad de los Deudores o los Deudores reorganizados ante los Estados Unidos derivados de, y posteriores a, la Fecha de Entrada en vigencia, (B) cualquier responsabilidad de cara a los Estados Unidos que no sea una Reclamación, (C) cualquier defensa afirmativa o cualquier derecho de compensación o recobro de los Estados Unidos, de los Deudores o de los Deudores reorganizados, según proceda, reservándose expresamente dichos derechos de compensación y recobro de las citadas partes, (D) la continuidad de la validez de las obligaciones de los Estados Unidos, de los Deudores o de los Deudores reorganizados, según proceda, en virtud de cualquier subsidio o acuerdo de asistencia cooperativa de los Estados Unidos, (E) las obligaciones de los Deudores o de los Deudores reorganizados derivadas de políticas, leyes o reglamentos federales, incluyendo, entre otros, leyes relativas al medio ambiente, la salud o la seguridad pública, o leyes territoriales que implementen dichas disposiciones legales federales, incluyendo, entre otros, obligaciones de cumplimiento normativo, requisitos de decretos de consentimiento o de órdenes judiciales y obligaciones de pagar las correspondientes penalizaciones administrativas, civiles y de otra índole, (F) cualquier responsabilidad en materia de medio ambiente u obligación para con los Estados Unidos que los Deudores, los Deudores reorganizados, sus sucesores o cualquier otra persona física o jurídica puedan tener como propietarios o explotadores de bienes raíces que se hubiesen producido durante el período a partir de la Fecha de Entrada en vigencia, incluyendo, entre otros, obligaciones de cumplimiento normativo, requisitos de decretos de consentimiento u órdenes judiciales y obligaciones de pagar las correspondientes penalizaciones administrativas, civiles y de otra índole, y (G) cualquier responsabilidad de cara a los Estados Unidos por parte de cualquier no deudor. Sin que ello suponga una limitación a la generalidad de lo antedicho, nada de lo contenido aquí ni en la Orden de confirmación podrá considerarse (i) una determinación de la obligación tributaria de cualquier entidad, incluyendo, entre otros, los Deudores y los Deudores reorganizados, (ii) vinculante para el IRS con respecto a las obligaciones tributarias federales, situación fiscal u obligaciones de declaración y retención de impuestos de cualquier entidad, incluyendo, entre otros, los Deudores y los Deudores reorganizados, (iii) una exención, satisfacción, excepción ni prohibición de cualquier recaudación reclamada por el IRS contra cualquier entidad que no sean los Deudores y los Deudores reorganizados, y (iv) otorgar ninguna a ninguna Entidad que el Tribunal tenga prohibido por la Ley de Sentencias Declaratorias, 28 U.S.C. § 2201(a) o la Ley contra Medidas Cautelares aplicables a impuestos, 26 U.S.C. § 7421(a).

(f) Actuaciones de las aseguradoras. No obstante cualquier disposición en sentido contrario contenida aquí o en la Orden de confirmación, incluyendo, entre otras, las Secciones 92.2, 92.3 y 92.11 del Plan, y salvo que esté excluido por lo estipulado en PROMESA, nada de lo contenido en el Plan, la Orden de confirmación u oro documento relacionado con el Plan incluido en el Suplemento del Plan, tiene por objeto ni podrá interpretarse como un intento de perjudicar, alterar, modificar, disminuir, prohibir, impedir, restringir, limitar, eximir, reducir, eliminar o limitar los derechos de demandados y demandantes, incluyendo, entre otros, las partes de las Actuaciones de las aseguradoras, de hacer valer sus respectivos derechos, reclamaciones, causas de acción y defensa.

**Sección 92.3 – Interdicto sobre las Reclamaciones**: Salvo que se disponga expresamente lo contrario en el Plan, en la Orden de Confirmación o en cualquier otra Orden Definitiva del Tribunal del Título III que pueda ser aplicable, todas las Entidades que hayan tenido, tengan o puedan tener Reclamaciones o cualquier otra deuda o responsabilidad que se exonere o renuncie a tenor con la Sección 92.2 del presente o que hayan tenido, tengan o puedan tener Reclamaciones o cualquier otra deuda o responsabilidad que se exonere o renuncie a tenor con la Sección 92.2 del presente tienen permanentemente prohibido, en o a partir de la Fecha de Vigencia, (a) comenzar o continuar, directa o indirectamente, de cualquier manera, cualquier acción u otro procedimiento (incluyendo, entre otros, cualquier procedimiento judicial, arbitral, administrativo u otro) de cualquier índole sobre cualquier Reclamación u otra deuda o responsabilidad que se exonere a tenor con el Plan contra cualquiera de las Partes Exoneradas o cualquiera de sus respectivos activos o bienes, (b) la ejecución, el embargo, el cobro o la recuperación por cualquier forma o medio de cualquier sentencia, laudo, decreto u orden contra cualquiera de las Partes Exoneradas o cualquiera de sus respectivos activos o bienes por cuenta de cualquier Reclamación u otra deuda o responsabilidad que se exonere a tenor con el Plan, (c) crear, perfeccionar o aplicar cualquier gravamen de cualquier tipo contra cualquiera de las Partes Exoneradas o cualquiera de sus respectivos activos o bienes por cuenta de cualquier Reclamación u otra deuda o responsabilidad que se exonere en conformidad con el Plan; y (d) salvo en la medida en que se disponga, permita o preserve en las secciones 553, 555, 556, 559 o 560 del Código de Quiebras o conforme al derecho de recuperación del derecho consuetudinario, hacer valer cualquier derecho de compensación, subrogación o recuperación de cualquier tipo contra cualquier obligación debida de cualquiera de las Partes Exoneradas o cualquiera de sus respectivos activos o bienes, con respecto a cualquier Reclamación y otra deuda o responsabilidad que se exonere en conformidad con el Plan. Este interdicto se extenderá a todos los sucesores y cesionarios de las Partes Exoneradas y sus respectivos activos y bienes.

**Sección 92.5 – Exoneraciones de los Deudores y Deudores Reorganizados**: Salvo que se disponga expresamente lo contrario en el Plan o en la Orden de Confirmación, en la Fecha de Vigencia, y por una contraprestación válida y susceptible de apreciación pecuniaria, cada uno de los Deudores y los Deudores Reorganizados, el Agente Pagador y cada una de las Personas Relacionadas de los Deudores y los Deudores Reorganizados, se considerará que ha, y por la presente lo hace de manera irrevocable e incondicional, plenamente, definitivamente y a perpetuidad, renunciado, exonerado, absuelto y relevado a las Partes Exoneradas de toda y cualquier Reclamación o Causas de Acción que los Deudores, los Deudores Reorganizados y el Agente Pagador, o cualquiera de ellos, o cualquiera que reclame a través de ellos, en su nombre o para su propio beneficio, tengan o pudieran tener o reclamaran tener, ahora o en el futuro, contra cualquier Parte Exonerada que sean Reclamaciones Exoneradas o que de otro modo se basen en, se relacionen con, o surjan de o en conexión con, en su totalidad o en parte, cualquier acto, omisión, transacción, evento u otra circunstancia relacionada con los Casos de Título III, los Deudores que tengan lugar o existan en o antes de la Fecha de Vigencia, y/o cualquier Reclamación, acto, hecho, transacción, ocurrencia, declaración u omisión en relación con ello, o que podría haber sido alegada, incluyendo, entre otros, cualquier Reclamación, demanda, derecho, responsabilidad, o causa de acción para la indemnización, contribución u otro fundamento, según la ley escrita o el derecho consuetudinario, por daños y perjuicios, costos u honorarios.

**Sección 92.6 – Interdictos relacionados con descargos**: A la Fecha de Vigencia, todas las Entidades que tengan, hayan tenido o puedan tener una Reclamación Exonerada que es tal en conformidad con la Sección 92.5 del Plan, están, y estarán, permanentemente, para siempre y completamente suspendidas, restringidas, prohibidas, vetadas e inhabilitadas para llevar a cabo cualquiera de las siguientes acciones, ya sea directa o indirectamente, de forma derivada o de otra manera, a causa o en base al objeto de dichas Reclamaciones Exoneradas: (i) iniciar, realizar o continuar de cualquier manera, ya sea directa o indirecta, cualquier juicio, acción u otro procedimiento (lo que incluye, entre otros, cualquier procedimiento judicial, arbitral, administrativo o de otro tipo) en cualquier foro; (ii) aplicar, embargar (lo que incluye, entre otros, cualquier embargo previo a la sentencia), cobrar o intentar de cualquier manera recobrar cualquier sentencia, laudo, decreto u otra orden; (iii) crear, perfeccionar o de cualquier manera aplicar en cualquier cuestión, directa o indirectamente, cualquier Gravamen; (iv) compensar, buscar reembolsos o contribuciones de o subrogación contra, o recuperar de cualquier otra manera, directa o indirecta, cualquier monto contra cualquier pasivo u obligación adeudados a cualquier Entidad exonerada conforme a la Sección 92.5 del presente; e (v) iniciar y continuar de cualquier manera y en cualquier lugar, cualquier procedimiento judicial, de arbitraje o administrativo en cualquier foro, que no cumpla o no sea compatible con las disposiciones del Plan o de la Orden de Confirmación. Para evitar dudas, las siguientes estipulaciones se extinguirán con el registro de la Orden de Confirmación: la Cuarta Estipulación Enmendada entre el Estado Libre Asociado de Puerto Rico y la Autoridad de Carreteras y Transportación de Puerto Rico con respecto a la Suspensión de la Prescripción y Orden de Consentimiento [Caso Núm. 173283-LTS, ECF Núm. 15854], y sus enmiendas; y la Cuarta Estipulación Enmendada y Orden de Consentimiento entre los Deudores del Título III (salvo COFINA) y la Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico actuando en nombre de las entidades gubernamentales enumeradas en el Apéndice "B" en relación con la Suspensión de la Prescripción [Caso Núm. 17-3283-LTS, ECF Núm. 17394, y sus enmiendas.

**Sección 92.7 – Exculpación**:

(a) **Partes del Gobierno:** La Junta de Supervisión, AAFAF, los Deudores y cada una de las respectivas Personas Relacionadas, actuando exclusivamente en su capacidad como tales en cualquier momento hasta la Fecha de Vigencia inclusive, no tendrán ni incurrirán en responsabilidad legal alguna ante cualquier Entidad por actos u omisiones en relación con los Casos de Título III, la formulación, preparación, difusión, implementación, confirmación o aprobación del Plan o de cualquier transacción o acuerdo contenido en estos, la Declaración de Divulgación, o cualquier contrato, instrumento, publicación u otro acuerdo o documento previsto o contemplado en relación con el perfeccionamiento de las transacciones establecidas en el Plan; disponiéndose, sin embargo, que las disposiciones que anteceden a esta Sección 89.7 no afectarán las responsabilidades de cualquier Entidad que de otro modo hubieren resultado de dicho acto u omisión en la medida en que se determine en una Orden Definitiva que dicho acto u omisión constituyó fraude intencional o conducta dolosa. Ninguna de las disposiciones anteriores de esta Sección 89.7(a) menoscabará el derecho de ninguna de las Partes del Gobierno, ni de los funcionarios y directivos de las Partes del Gobierno que cumplan funciones en cualquier momento hasta la Fecha de Vigencia, inclusive, ni de cada uno de sus profesionales respectivos de recurrir al asesoramiento de un abogado como defensa respecto de sus deberes y responsabilidades en virtud del Plan.

(b) **Acreedores del AAP:** Cada uno de los Acreedores del AAP, exclusivamente en su calidad de partes del Acuerdo de Apoyo al Plan de GO/AEP y/o del Acuerdo de Apoyo al Plan de la ACT/ADCC y un Acreedor y/o aseguradora, según proceda, desde la Fecha de Petición y hasta la Fecha de Vigencia, inclusive, y cada una de sus respectivas Personas Relacionadas, no tendrán ni incurrirán en responsabilidad legal alguna ante cualquier Entidad por actos u omisiones en relación con los Casos de Título III, la mediación, negociación, formulación, preparación, difusión, implementación, confirmación o aprobación del Plan o de cualquier transacción o acuerdo contenido en estos, la Declaración de Divulgación, el Acuerdo de Apoyo al Plan de GO/AEP, el Acuerdo de Apoyo al Plan de la ACT/ADCC, los Documentos Definitivos o cualquier contrato, instrumento, publicación u otro acuerdo o documento previsto o contemplado en relación con el perfeccionamiento de las transacciones establecidas en el Plan; disponiéndose, sin embargo, que las disposiciones que anteceden a esta Sección 92.7(b) no afectarán las responsabilidades legales de cualquier Entidad que de otro modo hubieren resultado de dicho acto u omisión en la medida en que se determine en una Orden Definitiva que dicho acto u omisión constituyó fraude intencional o conducta dolosa.

(c) **Comité de Retirados:** Cada uno de los miembros del Comité de Retirados, exclusivamente en su calidad de miembro del Comité de Retirados y como Acreedor, según corresponda, desde la Fecha de Petición hasta la Fecha de Vigencia, inclusive, y cada una de las Personas Relacionadas del Comité de Retirados no tendrán ni incurrirán en responsabilidad legal alguna ante cualquier Entidad por actos u omisiones en relación con los Casos de Título III, la formulación, preparación, difusión, implementación, confirmación o aprobación del Plan o de cualquier compromiso o acuerdo contenido en estos, la Declaración de Divulgación, el Acuerdo de Apoyo del Plan del Comité de Retirados,o cualquier contrato, instrumento, publicación u otro acuerdo o documento previsto o contemplado en relación con el perfeccionamiento de las transacciones establecidas en el Plan y en el Acuerdo de Apoyo del Plan del Comité de Retirados; disponiéndose, sin embargo, que las disposiciones que anteceden a esta Sección 92.7(c) no afectarán la responsabilidad legal de cualquier Entidad que de otro modo habría resultado de dicho acto u omisión en la medida en que se determine en una Orden Definitiva que dicho acto u omisión constituyó fraude intencional o conducta dolosa.

(d) **Comité de Acreedores:** cada uno de los miembros del Comité de Acreedores, exclusivamente en su calidad de miembro del Comité de Acreedores, desde la Fecha de Petición hasta la Fecha de Vigencia, inclusive, y cada una de las Personas Relacionadas del Comité de Acreedores no tendrán ni incurrirán en responsabilidad legal alguna ante cualquier Entidad por actos u omisiones en relación con los Casos de Título III, la formulación, preparación, difusión, implementación, confirmación o aprobación del Plan o de cualquier compromiso o acuerdo contenido en estos, la Declaración de Divulgación, o cualquier contrato, instrumento, publicación u otro acuerdo o documento previsto o contemplado en relación con el perfeccionamiento de las transacciones establecidas en el Plan; disponiéndose, sin embargo, que las disposiciones que anteceden a esta Sección 92.7(d) no afectarán la responsabilidad legal de cualquier Entidad que de otro modo hubiere resultado de dicho acto u omisión en la medida en que se determine en una Orden Definitiva que dicho acto u omisión constituyó fraude intencional o conducta dolosa.

(e) **AFSCME:** Cada una de las partes de AFSCME exclusivamente en su calidad de parte del Acuerdo de Apoyo al Plan de la AFSCME y Acreedor, según corresponda, desde la Fecha de Petición hasta la Fecha de Vigencia, inclusive, y cada una de sus respectivas Personas Relacionadas no tendrán ni incurrirán en responsabilidad legal alguna ante cualquier Entidad por actos u omisiones en relación con los Casos de Título III, la formulación, preparación, difusión, implementación, confirmación o aprobación del Plan o de cualquier compromiso o acuerdo contenido en estos, la Declaración de Divulgación, el Acuerdo de Apoyo al Plan de AFSCME, o cualquier contrato, instrumento, publicación u otro acuerdo o documento previsto o contemplado en relación con el perfeccionamiento de las transacciones establecidas en el Plan y en el Acuerdo de Apoyo al Plan de AFSCME; disponiéndose, sin embargo, que las disposiciones que anteceden a esta Sección 89.7(e) no afectarán la responsabilidad legal de cualquier Entidad que de otro modo hubiere resultado de dicho acto u omisión en la medida en que se determine en una Orden Definitiva que dicho acto u omisión constituyó fraude intencional o conducta dolosa.

(f) **Aseguradoras Monolínea:** Ambac, Assured, FGIC, National, Syncora y sus respectivas Personas Relacionadas, no tendrán ni incurrirán en responsabilidad legal alguna ante ninguna Entidad por actos u omisiones que sean compatibles con el Plan en relación con la formulación, preparación, difusión, implementación, aceptación, confirmación o aprobación del Plan, lo que incluye, entre otros, el tratamiento de las Reclamaciones de Bonos Asegurados de Ambac, las Reclamaciones de Bonos Asegurados de Assured, las Reclamaciones de Bonos Asegurados de FGIC, las Reclamaciones de Bonos Asegurados de National o las Reclamaciones de Bonos Asegurados de Syncora, los procedimientos de votación, los procedimientos de elección y cualquier descargo de obligaciones en virtud de las Pólizas de Seguro de Ambac, las Pólizas de Seguro de Assured, las Pólizas de Seguro de FGIC, las Pólizas de Seguro de National o las Pólizas de Seguro de Syncora aplicables: disponiéndose, sin embargo, que no obstante cualquier disposición en contrario en el presente, los términos y las disposiciones del Plan no relevarán ni exculparán, ni se entenderá que relevan o exculpan, con respecto a cualquier beneficiario de Bonos Asegurados de Ambac, Bonos Asegurados de Assured, Bonos Asegurados de FGIC, Bonos Asegurados de National o Bonos Asegurados de Syncora cualquier obligación de pago en virtud de la Póliza de Seguro de Ambac, la Póliza de Seguro de Assured, la Póliza de Seguro de FGIC, la Póliza de Seguro de National o la Póliza de Seguro de Syncora aplicables de acuerdo con sus términos únicamente en la medida en que dicho tenedor no reciba el Tratamiento de Ambac, el Tratamiento de Assured, el Tratamiento de FGIC, el Tratamiento de National o el Tratamiento de Syncora, según corresponda (o cualquier reclamación que Ambac, Assured, FGIC National o Syncora puedan tener en contra de un beneficiario de los respectivos bonos asegurados de Ambac, de Assured, de FGIC, de National o de Syncora con respecto a las Pólizas de Seguro de Ambac, Assured, FGIC, National o Syncora, según proceda).

**Sección 92.8 – Litigio Relacionado con las Designaciones**: No obstante cualquier disposición en contrario en el presente, en el caso de que se dicte una Orden Definitiva en relación con el Litigio Relacionado con las Designaciones o el Litigio de Uniformidad con posterioridad a la emisión de la Orden de Confirmación, como contraprestación de la distribuciones efectuadas, que se efectuarán, o que se considerarán efectuadas de conformidad con los términos y disposiciones del Plan y los documentos e instrumentos relacionados con este, todos los Acreedores o las demás Entidades que reciban, o se considere que han recibido, distribuciones en conformidad con el Plan o como resultado del Plan, consienten y aceptan que dicha Orden Definitiva no revertirá, afectará ni modificará de otro modo las transacciones contempladas en el Plan y en la Orden de Confirmación, lo que incluye, entre otros, los descargos, exculpaciones e interdictos previstos en el Artículo XCII del Plan.

**Sección 92.9 – Orden de prohibición:** Dentro de los límites que se estipulan en el Plan, todas y cada una de las Entidades quedan permanentemente inhabilitadas, prohibidas y restringidas de instituir, procesar, tramitar o litigar de cualquier manera todas y cada una de las Reclamaciones, demandas, derechos, responsabilidades o causas de acción de cualquier tipo, carácter o naturaleza, según el sistema de derecho escrito o consuetudinario, conocidas o desconocidas, directas o derivadas, afirmadas o no, contra cualquiera de las Partes Exoneradas, basadas en, relacionadas con, o que surjan de o en conexión con cualquiera de las Reclamaciones Exoneradas, la confirmación y perfeccionamiento del Plan, la negociación y perfeccionamiento del Acuerdo de Apoyo al Plan GO/AEP, o cualquier reclamación, acto, hecho, transacción, ocurrencia, declaración u omisión en relación con, o alegada o que podría haber sido alegada en los Casos de Título III, lo que incluye, entre otros, cualquier reclamación, demanda, derecho, responsabilidad, o causa de acción para la indemnización, contribución u otro fundamento de este tipo, según el sistema de derecho escrito o consuetudinario, por daños y perjuicios, costos u honorarios incurridos que surjan directa o indirectamente de los Casos de Título III o que estén relacionados con ellos de otra manera, ya sea directa o indirectamente por cualquier Persona en beneficio directo o indirecto de cualquier Parte Exonerada que surja de o esté relacionado con las reclamaciones, actos, hechos, transacciones, ocurrencias, declaraciones u omisiones que son, podrían haber sido o pueden ser alegados en las acciones relacionadas o cualquier otra acción iniciada o que pueda ser iniciada por, a través de, en nombre de, o en beneficio de cualquiera de las Partes Exoneradas (ya sea que deriven de la ley federal, estatal o extranjera e independientemente de dónde se afirmen).

**Sección 92.11 – Interdicto complementario:** No obstante cualquier disposición en contrario en el presente, salvo dentro de los límites que se estipulan en el Plan, todas las Entidades, incluidas las Entidades que actúan en su propio nombre, que actualmente tienen o afirman, han tenido o afirmado, o pueden tener o afirmar cualquier Reclamación Exonerada en contra de cualquiera de las Partes Exoneradas basada en, atribuible a, que surja de o relacionada con los Casos del Título III o cualquier Reclamación contra los Deudores, cuando quiera y dondequiera que surja o se afirme, ya sea en los EE. UU. o en cualquier otra parte del mundo, por contrato o extracontractual, basada en garantía, ley o cualquier otra teoría del derecho escrito o consuetudinario o de otra índole, estará y se considerará que está permanentemente paralizada, restringida y prohibida de iniciar cualquier acción contra cualquiera de las Partes Exoneradas con el fin de cobrar, recuperar o recibir, directa o indirectamente, cualquier pago o recuperación con respecto a cualquier Reclamación Exonerada emergente con anterioridad a la Fecha de Vigencia (incluso con anterioridad a la Fecha de la Petición), incluyendo, entre otros:

(a) Iniciar o continuar de cualquier manera acciones u otros procedimientos de cualquier clase con respecto a dichas Reclamaciones Exoneradas contra cualquiera de las Partes Exoneradas o los activos o los bienes de cualquier Parte Exonerada;

(b) Aplicar, embargar, cobrar o recobrar, de cualquier manera y por cualquier medio, sentencias, laudos, decretos u órdenes en contra de cualquiera de las Partes Exoneradas o los activos o los bienes de estas, con relación a dichas Reclamaciones Exoneradas;

(c) Crear, perfeccionar o ejecutar un Gravamen de cualquier tipo contra cualquiera de las Partes Exoneradas o los activos o bienes de cualquiera de las Partes Exoneradas con respecto a dicha Reclamación Exonerada;

(d) Salvo que se disponga expresamente en el Plan o en la Orden de Confirmación, hacer valer, implementar o efectuar cualquier compensación, derecho de subrogación, indemnización, contribución o recuperación de cualquier tipo contra cualquier obligación exigible a cualquiera de las Partes Exoneradas o contra los activos o bienes de cualquiera de las Partes Exoneradas con respecto a dicha Reclamación Exonerada; y

(e) Tomar cualquier medida, de cualquier manera, en cualquier lugar, que no se ajuste o cumpla con las disposiciones del Plan o la Orden de Confirmación; disponiéndose, sin embargo, que el cumplimiento de los Deudores con los requisitos formales de la Regla de Quiebras 3016 no constituirá una admisión de que el Plan contempla cualquier interdicto en contra de una conducta que no esté de otro modo prohibida por el Código de Quiebras.

Fecha: 2 de agosto de 2021, San Juan, Puerto Rico

Atentamente, */f/ Martin J. Bienenstock,* Martin J. Bienenstock (*pro hac vice*), Brian S. Rosen (*pro hac vice*), **PROSKAUER ROSE LLP,** Eleven Times Square, Nueva York, NY 10036, *Abogados de la Junta de Supervisión y Administración Financiera como representantes de los Deudores* -y- */f/ Hermann D. Bauer,* Hermann D. Bauer, USDC (Tribunal de Distrito de los Estados Unidos) Núm. 215205, **O'NEILL & BORGES LLC,** 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918-1813, *Coabogados de la Junta de Supervisión y Administración Financiera en representación de los Deudores*

[1] Los Deudores en estos Casos del Título III, junto con el número de caso de Título III respectivo de cada Deudor y los últimos cuatro (4) dígitos del número de identificación fiscal federal de cada Deudor, según corresponda, son (i) el Estado Libre Asociado (ELA) de Puerto Rico (Caso de Quiebra Núm. 17-BK-3283- LTS) (Últimos cuatro dígitos del Número de identificación fiscal federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante ("COFINA") de Puerto Rico (Núm. de Caso de Quiebra 17-BK-3284-LTS) (Últimos cuatro dígitos del Número federal del contribuyente: 8474); (iii) la Autoridad de Carreteras y Transportación ("ACT") de Puerto Rico (Núm. de Caso de Quiebra 17-BK-3567-LTS) (Últimos cuatro dígitos del Número federal del contribuyente: 3808); (iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("SRE") (Núm. de Caso de Quiebra 17-BK-3566-LTS) (Últimos cuatro dígitos del Número federal del contribuyente: 9686); (v) la Autoridad de Energía Eléctrica ("AEE") de Puerto Rico (Núm. de Caso de Quiebra 17- BK-4780-LTS) (Últimos cuatro dígitos del Número federal del contribuyente: 3747); y (vi) la Autoridad de Edificios Públicos ("AEP") de Puerto Rico (Núm. de Caso de Quiebra 19-BK-5523-LTS) (Últimos cuatro dígitos del Número federal del contribuyente: 3801) (Los números de caso de Título III figuran como números de Caso de Quiebra debido a limitaciones del software).

[2] Todos los términos en mayúsculas que se utilizan pero que no se definen de otro modo tendrán el significado que se les atribuye en el Plan.

[3] Todas las fechas y procedimientos estipulados en esta notificación están sujetos a modificación como consecuencia de una nueva orden judicial.

[4] Para evitar cualquier duda, dado que los titulares de Reclamaciones de las Clases de Bonos deben enviar su voto y/o elección a través de la Plataforma Automatizada de Oferta de Presentación de DTC, la Fecha de Registro de la Votación no será de aplicación a las Clases de Bonos, y los titulares de los valores correspondientes en el momento de la emisión serán elegibles para votar y/o realizar una elección.

# Exhibit H

*Caribbean Business*

**(September 2, 2021)**

**Latin Media House**

PO BOX 11472
San Juan, PR 00922-1472

# AFFIDAVIT OF PUBLICATION

In the city of San Juan, Puerto Rico, on October 5, 2021, Heiko Faass representing Latin Media House, LLC., hereby certify that in our newspaper of Caribbean Business for the edition dated September 2, 16 and 30 of the present year, was published:

**"NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT, (II) ESTABLISHMENT OF RECORD DATES, (III) HEARING ON CONFIRMATION OF THE PLAN OF ADJUSTMENT AND PROCEDURES FOR OBJECTION TO CONFIRMATION OF THE PLAN OF ADJUSTMENT, (IV) PROCEDURES AND DEADLINE FOR VOTING ON THE PLAN OF ADJUSTMENT AND MAKING CERTAIN ELECTIONS THEREUNDER"**

Signed: _____

Heiko Faass
**CEO & Editor in Chief**

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

In re:

THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,

as representative of

THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,

Debtors.[1]

PROMESA
Title III
No. 17 BK 3283-LTS
(Jointly Administered)

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT, (II) ESTABLISHMENT OF RECORD DATES, (III) HEARING ON CONFIRMATION OF THE PLAN OF ADJUSTMENT AND PROCEDURES FOR OBJECTION TO CONFIRMATION OF THE PLAN OF ADJUSTMENT, (IV) PROCEDURES AND DEADLINE FOR VOTING ON THE PLAN OF ADJUSTMENT AND MAKING CERTAIN ELECTIONS THEREUNDER**

**VOTING AND ELECTION DEADLINE: 5:00 p.m. (AST) on October 4, 2021**

**OBJECTION DEADLINE: 5:00 p.m. (AST) on October 19, 2021**

**CONFIRMATION HEARING: November 8 – 10, 12, 15 – 18, and 22 - 23, 2021 at 9:30 a.m. (AST)**

If you have any questions regarding this notice, please contact Prime Clerk LLC by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@primeclerk.com.

PLEASE TAKE NOTICE OF THE FOLLOWING:

1. *Approval of Disclosure Statement.* By order, dated August 2, 2021 [ECF No. 17639] (the "Disclosure Statement Order"), the United States District Court for the District of Puerto Rico (the "Court") approved the adequacy of the information contained in the *Disclosure Statement for the Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, dated July 30, 2021 (as the same may be amended or modified, including all exhibits and attachments thereto, the "Disclosure Statement"), filed by the Financial Oversight and Management Board on behalf of the Debtors, and authorized the Debtors to solicit votes with respect to the acceptance or rejection of the *Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, dated July 30, 2021 (as the same may be amended or modified, including all exhibits and supplements thereto, the "Plan").[2]

You may obtain a hard copy of the Plan and Disclosure Statement, including Spanish translations thereof, by contacting the Balloting Agent, Prime Clerk LLC:
Telephone (10:00 a.m. to 7:00 p.m. (AST)) (Spanish available):
(844) 822-9231 (toll free for U.S. and Puerto Rico)
(646) 486-7944 (for international callers)
Email: puertoricoinfo@primeclerk.com
Alternatively, electronic copies of the Disclosure Statement and Plan are available by visiting https://cases.primeclerk.com/puertorico/.

2. Pursuant to the Disclosure Statement Order, the Debtors will mail materials needed for voting on the Plan or making elections on distributions thereunder (the "Solicitation Package") to holders Claims in the following Classes (collectively, the "Voting Classes"):

| Class | | | Class |
|---|---|---|---|
| Vintage PBA Bond Claims | Class 1 | 2011 CW Guarantee Bond Claims | Class 34 |
| Vintage PBA Bond Claims (Assured) | Class 2 | 2011 CW Series D/E/PIB Bond Claims | Class 35 |
| Vintage PBA Bond Claims (National) | Class 3 | 2011 CW Series D/E/PIB Bond Claims (Assured) | Class 36 |
| Vintage PBA Bond Claims (Ambac) | Class 4 | Retail 2011 CW Series D/E/PIB Bond Claims | Class 37 |
| Vintage PBA Bond Claims (FGIC) | Class 5 | 2012 CW Bond Claims | Class 38 |
| Vintage PBA Bond Claims (Syncora) | Class 6 | Retail 2012 CW Bond Claims | Class 40 |
| Retail Vintage PBA Bond Claims | Class 7 | 2012 CW Bond Claims (Assured) | Class 41 |
| 2011 PBA Bond Claims | Class 8 | 2012 CW Guarantee Bond Claims | Class 42 |
| Retail 2011 PBA Bond Claims | Class 9 | 2014 CW Bond Claims | Class 44 |
| 2012 PBA Bond Claims | Class 10 | 2014 CW Bond Claims (Assured) | Class 46 |
| Retail 2012 PBA Bond Claims | Class 11 | 2014 CW Guarantee Bond Claims | Class 47 |
| PBA/DRA Secured Claims | Class 12 | 2014 CW Guarantee Bond Claims | Class 49 |
| PBA General Unsecured Claims | Class 13 | Retired JRS Participant Below-Threshold Claims | Class 51B |
| PBA/DRA Unsecured Claims | Class 14 | Retired ERS Participant Above-Threshold Claims | Class 51D |
| Vintage CW Bond Claims | Class 15 | | |
| Retail Vintage CW Bond Claims | Class 16 | Retired JRS Participant Above-Threshold Claims | Class 51E |
| Vintage CW Bond Claims (Assured) | Class 17 | | |
| Vintage CW Bond Claims (National) | Class 18 | Retired TRS Participant Below-Threshold Claims | Class 51F |
| Vintage CW Bond Claims (Ambac) | Class 19 | | |
| Vintage CW Bond Claims (FGIC) | Class 20 | Active ERS Participant Claims | Class 51G |
| Vintage CW Bond Claims (Syncora) | Class 21 | Active JRS Participant Claims | Class 51H |
| Vintage CW Guarantee Bond Claims | Class 23 | Active TRS Participant Claims | Class 51I |
| | | VTP Payroll Participant Above-Threshold Claims | Class 51L |
| Vintage CW Guarantee Bond Claims (Assured) | Class 24 | AFSCME Claims | Class 52 |
| Vintage CW Guarantee Bond Claims (National) | Class 25 | Dairy Producer Claims | Class 53 |
| | | Eminent Domain Claims | Class 54 |
| Vintage CW Guarantee Bond Claims (Ambac) | Class 26 | Med Center Claims | Class 56 |
| | | CW General Unsecured Claims | Class 58 |
| Vintage CW Guarantee Bond Claims (FGIC) | Class 27 | CW/HTA Claims | Class 59 |
| | | CW/Convention Center Claims | Class 60 |
| Vintage CW Guarantee Bond Claims (Syncora) | Class 28 | CW/PRIFA Rum Tax Claims | Class 61 |
| | | CW/MBA Claims | Class 62 |
| 2011 CW Bond Claims | Class 30 | ERS Bond Claims | Class 65 |
| Retail 2011 CW Bond Claims | Class 31 | ERS General Unsecured Claims | Class 66 |
| 2011 CW Bond Claims (Assured) | Class 32 | Federal Claims | Class 69 |

3. *Confirmation Hearing.* A hearing to consider confirmation of the Plan (the "Confirmation Hearing") will be held before The Honorable Laura Taylor Swain, via telephonic hearing through CourtSolutions on November 8 – 10, 12, 15 – 18, and 22 - 23, 2021 at 9:30 a.m. (Atlantic Standard Time).

4. The Confirmation Hearing may be continued from time to time by the Court or the Oversight Board, without further notice or through adjournments announced in open court or as indicated in any notice of agenda of matters scheduled for hearing filed with the Court, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, in accordance with the modification provisions of the Plan and Local Rule 3016-2, without further notice to interested parties.

5. *Plan Confirmation Depository.* Information relating to confirmation of the Plan is available online in the Plan Confirmation Depository at titleiiiadatatrom.com.

6. *Confirmation Objection Deadline.* The Court has established 5:00 p.m. (Atlantic Standard Time) on October 19, 2021 (the "Confirmation Objection Deadline") as the deadline to file objections or responses to confirmation of the proposed Plan.

7. *Objections and Responses to Confirmation.* Objections and responses to confirmation of the Plan must:

a. Be in writing, in English, and signed;

b. State the name, address, and nature of the Claim of the objecting or responding party;

c. State with particularity the basis and nature of any objection or response and include, where

appropriate, proposed language to be inserted in the Plan to resolve any such objection or response;

d. Be filed electronically with the Court on the docket of *In re Commonwealth of Puerto Rico*, Case No. 17 BK 3283-LTS, through the Court's case filing system in searchable portable document format **on or before October 19, 2021 at 5:00 p.m. (Atlantic Standard Time)**.

i. If you are not an attorney who is a registered user of the Court's case filing system, you may instead mail your objection to the Court's Clerk's office at:
United States District Court, Clerk's Office
150 Ave. Carlos Chardon Ste. 150,
San Juan, P.R. 00918-1767
so as to be received **on or before October 19, 2021 at 5:00 p.m. (Atlantic Standard Time)**; and

e. Be served upon the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (*In re: Commonwealth of Puerto Rico*) so as to be received on or before the final Confirmation Objection Deadline.

8. *Participation in Confirmation Discovery.* If you wish to participate in discovery in connection with confirmation of the Plan, you must file a notice of your intention to participate in discovery (a "Discovery Notice"), a form of which is available at https://cases.primeclerk.com/puertorico/. If you file your Discovery Notice on or before **August 15, 2021**, you may be granted access to documents in the Plan Depository, where information and documents concerning the Plan are kept, and will also be able to serve your own discovery requests. If you file your Discovery Notice **after August 15, 2021, but on or before October 19, 2021**, you may be granted access to documents in the Plan Depository. Please note that access to the information in the Plan Depository may require complying with the Debtors' access requirements.

9. You must submit the Discovery Notice in the form provided on the Title III Case website above, which must:

a. Be in writing, in English, and be signed;

b. State your name, address, the nature of your Claim, and your Claim number;

c. State your intention to participate in discovery in connection with confirmation of the Plan; and

d. Be filed electronically with the Court on the docket using the CM/ECF docket event Notice of Intent to Participate in Discovery for Commonwealth Plan Confirmation, in *In re Commonwealth of Puerto Rico*, Case No. 17 BK 3283-LTS, through the Court's case filing system on or before the applicable deadline.

i. If you are not represented by counsel, you may instead mail your Discovery Notice to the Court's Clerk's office at:
United States District Court, Clerk's Office
150 Ave. Carlos Chardon Ste. 150
San Juan, P.R. 00918-1767
so as to be received on or before the applicable deadline.

10. **You must timely file a Discovery Notice to participate in discovery in connection with confirmation of the Plan.** Failure to timely file a Discovery Notice, however, will not preclude you from filing an objection to confirmation of the Plan on or before the Confirmation Objection Deadline, but will preclude you from being able to view documents in the Plan Depository, and from taking discovery.

11. *Discovery Timetable and Deadlines.* The Court has established the following discovery dates and deadlines, which are applicable to the Debtors and to other parties in interest who have timely filed a Discovery Notice and are eligible to participate in discovery:

**Summary of Certain Deadlines**

| | |
|---|---|
| August 3, 2021 | Deadline for the Debtors to file a preliminary fact witness list and topics about which each witness will testify ("Debtors' Preliminary Fact Witness List").<br>Deadline for the Debtors to file an opening summary brief explaining what the Debtors expect to prove at confirmation. |
| August 6, 2021 | Opening date for all parties to serve initial requests for production of non-depository documents ("Initial Production Requests"). Creditors and parties in interest may serve Initial Production Requests only following their filing of a Notice of Intent to Participate in Discovery (as defined below). Responses and objections to such Initial Production Requests shall be served within seven (7) days of service of such Requests. |
| August 15, 2021 | Deadline for Eligible Creditors and parties in interest to file a "Notice of Intent to Participate in Discovery," also known as a "Discovery Notice." Only parties who file a timely Notice of Intent to Participate in Discovery can propound discovery, but failure to do so does not preclude a party from objecting to confirmation of the Plan. |
| September 6, 2021 | Deadline for Eligible Creditors to file a preliminary fact witness list and topics about which each witness is expected to testify (an "Eligible Creditor's Preliminary Fact Witness List")<br>Deadline for all parties to serve opening expert disclosures ("Opening Expert Disclosures"). |
| September 13, 2021 | Deadline for all parties to serve opening expert reports ("Opening Expert Reports").<br>Deadline for all parties to serve initial notices of deposition, topics and requested times for depositions ("Initial Notices of Deposition") (all parties are limited to seven (7)-hour time limit for depositions). Subsequent notices are allowed provided discovery is completed within time allowed. |
| September 30, 2021 | Deadline for all parties to file *Daubert* motions and motions *in limine*. |
| October 1, 2021 | Deadline for all parties to serve up to fifteen (15) interrogatories ("Interrogatories"), including subparts. Responses and objections to such Interrogatories shall be served within ten (10) days of service of such Interrogatories. |
| October 4, 2021 | Deadline for all parties to serve rebuttal expert disclosures ("Rebuttal Expert Disclosures").<br>Deadline for all parties to file any follow-up requests for production ("Follow-Up Production Requests," and collectively with Initial Production Requests, "Production Requests"). |
| October 8, 2021 | Deadline for all parties to file rebuttal expert reports ("Rebuttal Expert Reports").<br>Deadline for the Debtors to file an initial proposed order in support of confirmation of the Plan (the "Initial Proposed Confirmation Order"). |
| October 11, 2021 | Deadline for all parties to serve requests for admission, limited to authentication of documents ("Admission Requests").<br>Completion of fact discovery (the "Fact Discovery Deadline"). |
| October 15, 2021 | Deadline for all parties to file oppositions to *Daubert* motions and motions *in limine*. |
| October 18, 2021 | Completion of expert discovery (the "Expert Discovery Deadline"). |
| October 19, 2021 | Deadline for Eligible Creditors to file objections to confirmation or Discovery Objections ("Objections").<br>Deadline to file Notice of Intent to Participate in Discovery or Discovery Notice for Eligible Creditors who solely want access to documents in the Plan Depository. |
| October 22, 2021 | Deadline for Eligible Creditors to file objections to the Initial Proposed Confirmation Order.<br>Deadline for all parties to file finalized witness lists, exhibit lists and deposition designations.<br>Deadline for all parties to file replies to *Daubert* motions and motions *in limine*. |
| October 25, 2021 | Deadline for all parties to file witness declarations to be used at the Confirmation Hearing ("Witness Declarations").<br>Deadline for Debtors to file initial proposed findings of fact and conclusions of law in support of confirmation of the Plan (the "Initial Findings of Fact and Conclusions of Law"). |
| October 27, 2021 | Deadline for Debtors to file Replies in Support of the Proposed Confirmation Order, and for Debtors to file Replies to Objections to Confirmation of the Plan. |
| October 30, 2021 | Deadline for all parties to serve counter-designations, objections to deposition designations, or objections to exhibit lists. |
| November 1, 2021 | Virtual hearing on motions *in limine*. |
| November 8, 2021 | Start of Confirmation Hearing. |

12. *Voting Record Date.* The voting record date is July 13, 2021 (the "Voting Record Date"), which is the date for determining which holders of Claims in Voting Classes (except Bond Classes,[2] Class 51, and Class 52) are entitled to vote on the Plan. Therefore, only those creditors in a Class entitled to vote on the Plan and holding Claims against the Debtors (except in the Bond Classes, Class 51, and Class 52) as of the Voting Record Date are entitled to vote on the Plan.

13. *Voting Deadline.* The deadline for voting on the Plan is on October 4, 2021, at 5:00 p.m. (Atlantic Standard Time), unless such time is extended (the "Voting Deadline"). *You are not required to vote on the Plan to receive distributions pursuant to the terms of the Plan, if confirmed by the Court, and provided you hold an Allowed Claim.*

14. If you received a Solicitation Package, including a Ballot or Notice and intend to vote on the Plan, you *must*: (a) follow the instructions carefully; (b) complete *all* of the required information on the Ballot (as applicable); and (c) either (i) execute and return your completed Ballot according to and as set forth in detail in the voting instructions included in the Solicitation Package so that your Ballot is *actually received* by the Debtors' solicitation agent, Prime Clerk (the "Balloting Agent") on or before the Voting Deadline, or (ii) instruct your broker or nominee (each, a "Nominee") to electronically deliver your bonds via the Automated Tender Offer Program ("ATOP") at The Depository Trust Company ("DTC") in accordance with your desire to vote to accept or reject the Plan on or before the Voting Deadline. *Failure to follow such instructions may disqualify your vote.*

15. *Election Deadline.* For the holders of eligible Bond Claims that have the right to make an election of the form of distributions under the Plan to make such election on October 4, 2021, at 5:00 p.m. (Atlantic Standard Time), unless such time is extended (the "Election Deadline"). If you received a Notice with an option to make an election, you *must*: (a) follow the instructions carefully; and (b) deliver *all* the required information according to and as set forth in detail in the election instructions so that it is received by your Nominee in sufficient time for your Nominee to *actually effectuate* your election through DTC's ATOP on or before the Election Deadline.

16. *Parties in Interest Not Entitled to Vote.* Creditors in the following Classes are deemed to reject the Plan and not entitled to vote:
• Class 63 (CW Appropriations Claims), and
• Class 64 (CW 510(b) Subordinated Claims).

17. Creditors in the following Classes are deemed to accept the Plan and not entitled to vote, will receive distributions pursuant to the terms of the Plan, if confirmed by the Court:
• Class 51A (Retired ERS Participant Below-Threshold Claims),
• Class 51C (Retired TRS Participant Below-Threshold Claims),
• Class 51J (System 2000 Participant Below-Threshold Claims),
• Class 51K (VTP Payroll Participant Below-Threshold Claims),
• Class 55 (Energy Incentive Claims),
• Class 57 (Tax Credit Claims),
• Class 67 (Gracia-Gracia Claims), and
• Class 68 (Convenience Claims).

18. If a Claim is listed in the Debtors' list of creditors [Case No. 17-3283, ECF Nos. 1215, 1316, 2582, 10708] as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the earlier of the applicable bar date for the filing of proofs of claim established by the Court or the Voting Record Date (as applicable) or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, such Claim shall not be entitled to vote to accept or reject the Plan. Proofs of claim filed for $0.00 or Claims that have been scheduled in the amount of $0.00 are not entitled to vote.

19. If you are in Classes 63 or 64, or have timely filed a proof of claim and disagree with the Debtors' classification of, objection to, or request for estimation of your Claim and believe you should be entitled to vote on the Plan, you must serve the Debtors and the U.S. Trustee (address listed in paragraph 7(e) above) and file with the Court (with a copy to Chambers) a motion (a "Rule 3018(a) Motion") for an order pursuant to Rule 3018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") temporarily allowing your Claim in a different amount or in a different Class for purposes of voting to accept or reject the Plan. All Rule 3018(a) Motions must be filed on or before the tenth (10th) day after the later of (i) service of this Confirmation Hearing Notice and (ii) service of notice of an objection or request for estimation, if any, as to such Claim. In accordance with Bankruptcy Rule 3018(a), as to any to any creditor filing a Rule 3018(a) Motion, such creditor's Ballot will not be counted except as may be otherwise ordered by the Court prior to the Voting Deadline (October 4, 2021 at 5:00 p.m. (Atlantic Standard Time)). Creditors may contact the Balloting Agent (i) via first class mail or via overnight courier, at Puerto Rico Ballot Processing, C/O Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, (ii) by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or (iii) by email at puertoricoinfo@primeclerk.com. to receive an appropriate Ballot for any Claim for which a proof of claim has been timely filed and a Rule 3018(a) Motion has been granted. Rule 3018(a) Motions that are not timely filed and served in the manner set forth herein shall not be considered.

20. If you wish to have your Claim temporarily allowed for voting purposes pursuant to Bankruptcy Rule 3018(a), a form of Rule 3018(a) motion together with instructions for filing and serving the motion is available at https://cases.primeclerk.com/puertorico/.

21. *Parties Who Will Not Be Treated as Creditors.* Any holder of a Claim that (i) is scheduled in the List of Creditors at $0.00 and is not the subject of a timely filed proof of Claim or a proof of claim deemed timely filed with the Court pursuant to either the Bankruptcy Code or any order of the Court, or otherwise deemed timely filed under applicable law, or (ii) is not scheduled and is not the subject of a timely filed proof of claim or a proof of claim deemed timely filed with the Court pursuant to either the Bankruptcy Code or any order of the Court, or otherwise deemed timely filed under applicable law, shall not be treated as a creditor with respect to such Claim for purposes of (a) receiving notices regarding the Plan, and (b) voting on the Plan.

22. *Additional Information.* Any party in interest wishing to obtain information about the solicitation procedures or copies of the Disclosure Statement or the Plan, including Spanish translations thereof, should contact the Balloting Agent, Prime Clerk LLC, by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@primeclerk.com, or may visit the website maintained by the Balloting Agent, https://cases.primeclerk.com/puertorico/ or the Court's website, https://www.prd.uscourts.gov/. Please note that a Public Access to Court Electronic Records ("PACER") (http://www.pacer.psc.uscourts.gov) password and login are needed to access documents on the Court's website.

23. *Bankruptcy Rules 2002(c)(3) and 3016(c).* In accordance with Bankruptcy Rules 2002(c)(3) and 3016(c), set forth below are the release, exculpation, and injunction provisions contained in the Plan:

*continues on next page►*

► *continued from the previous page*

**Section 92.2 – Discharge and Release of Claims and Causes of Action**:

(a) Except as expressly provided in the Plan or the Confirmation Order, all distributions and rights afforded under the Plan shall be, and shall be deemed to be, in exchange for, and in complete satisfaction, settlement, discharge and release of, all Claims or Causes of Action against the Released Parties that arose, in whole or in part, prior to the Effective Date, relating to the Title III Cases, the Debtors or Reorganized Debtors or any of their respective Assets, property, or interests of any nature whatsoever, including any interest accrued on such Claims from and after the Petition Date, and regardless of whether any property will have been distributed or retained pursuant to the Plan on account of such Claims or Causes of Action. Upon the Effective Date, the Debtors and Reorganized Debtors shall be deemed discharged and released from any and all Claims, Causes of Action and any other debts that arose, in whole or in part, prior to the Effective Date (including prior to the Petition Date), and Claims of the kind specified in sections 502(g), 502(h) or 502(i) of the Bankruptcy Code and PROMESA Section 407, whether or not (a) a proof of claim based upon such Claim is filed or deemed filed under section 501 of the Bankruptcy Code, (b) such Claim is allowed under section 502 of the Bankruptcy Code and PROMESA Section 407 (or is otherwise resolved), or (c) the holder of a Claim based upon such debt voted to accept the Plan. For the avoidance of doubt, nothing contained herein or in the Confirmation Order shall release, discharge or enjoin any claims or causes of action against PREPA arising from or related to PREPA-issued bonds, including, without limitation, Monoline-issued insurance pertaining thereto, and PREPA is not releasing any claims or causes of action against any non-Debtor Entity. Claims and causes of action against PREPA arising from or related to PREPA-issued bonds, and releases against PREPA and its assets shall be addressed in PREPA's Title III case, including, without limitation, any plan of adjustment therein.

(b) Except as expressly provided in the Plan or the Confirmation Order, all Entities shall be precluded from asserting any and all Claims against the Debtors and Reorganized Debtors, and each of their respective Assets, property and rights, remedies, Claims or Causes of Action or liabilities of any nature whatsoever, relating to the Title III Cases, the Debtors or Reorganized Debtors or any of their respective Assets and property, including any interest accrued on such Claims from and after the Petition Date, and regardless of whether any property will have been distributed or retained pursuant to the Plan on account of such Claims or other obligations, suits, judgments, damages, debts, rights, remedies, causes of action or liabilities. In accordance with the foregoing, except as expressly provided in the Plan or the Confirmation Order, the Confirmation Order shall constitute a judicial determination, as of the Effective Date, of the discharge and release of all such Claims, Causes of Action or debt of or against the Debtors and the Reorganized Debtors pursuant to sections 524 and 944 of the Bankruptcy Code, applicable to the Title III Cases pursuant to Section 301 of PROMESA, and such discharge shall void and extinguish any judgment obtained against the Debtors or Reorganized Debtors and their respective Assets, and property at any time, to the extent such judgment is related to a discharged Claim, debt or liability. As of the Effective Date, and in consideration for the value provided under the Plan, each holder of a Claim in any Class under this Plan shall be hereby is deemed to release and forever waive and discharge as against the Debtors and Reorganized Debtors, and their respective Assets and property and all such Claims.

(c) Notwithstanding any other provisions of this Section 92.2, in accordance with the provisions of the GO/PBA Plan Support Agreement, each of the GO/PBA PSA Creditors and their respective Related Persons, solely in their capacity as Creditors of the Debtors, shall (i) be deemed to have released and covenanted not to sue or otherwise pursue or seek to recover damages or to seek any other type of relief against any of the Government Releasees based upon, arising from or relating to the Government Released Claims or any of the Claims or Causes of Action asserted or which could have been asserted, including, without limitation, in the Clawback Actions and the Lift Stay Motions, and (ii) not directly or indirectly aid any person in taking any action that is inconsistent with the Government Released Claims that is prohibited by this Section 92.2.

(d) **Limitation**. Notwithstanding anything contained herein or in the Confirmation Order to the contrary, no provision shall (i) preclude the SEC from enforcing its police or regulatory powers, or (ii) enjoin, limit, impair or delay the SEC from commencing or continuing any claims, causes of action, proceedings or investigations against any non-debtor person or non-debtor entity in any forum.

(e) **United States Limitation**. Notwithstanding anything contained herein or in the Confirmation Order to the contrary, no provision shall (i) impair the United States, its agencies, departments, or agents, or in any manner relieve the Debtors or the Reorganized Debtors, as the case may be, from compliance with federal laws or territorial laws and requirements implementing a federally authorized or federally delegated program protecting the health, safety, and environment of persons in such territory, (ii) expand the scope of any discharge, release, or injunction to which the Debtors or the Reorganized Debtors are entitled under Title III, and (iii) discharge, release, enjoin, or otherwise bar (A) any liability of the Debtors or the Reorganized Debtors to the United States arising from and after the Effective Date, (B) any liability to the United States that is not a Claim, (C) any affirmative defense or any right of setoff or recoupment of the United States, the Debtors or the Reorganized Debtors, as the case may be, and such rights of setoff and recoupment of such parties are expressly preserved, (D) the continued validity of the obligations of the United States, the Debtors or the Reorganized Debtors, as the case may be, under any United States grant or cooperative assistance agreement, (E) the Debtors' or the Reorganized Debtors' obligations arising under federal police or regulatory laws, including, but not limited to, laws relating to the environment, public health or safety, or territorial laws implementing such federal legal provisions, including, but not limited to, compliance obligations, requirements under consent decrees or judicial orders, and obligations to pay associated administrative, civil, or other penalties, and (F) any liability to the United States on the part of any non-debtor. Without limiting the foregoing, nothing contained herein or in the Confirmation Order shall be deemed (i) to determine the tax liability of any Entity, including, but not limited to, the Debtors and the Reorganized Debtors, (ii) to be binding on the IRS with respect to the federal tax liabilities, tax status, or tax filing and withholding obligations of any entity, including, but not limited to, the Debtors and the Reorganized Debtors, (iii) to waive, satisfy, discharge, or enjoin the collection of any claim of the IRS against any Entity other than the Debtors and the Reorganized Debtors, and (iv) to grant any relief to any Entity that the Court is prohibited from granting the Declaratory Judgment Act, 28 U.S.C. § 2201(a), or the Tax Anti-Injunction Act, 26 U.S.C. § 7421(a).

(f) **Underwriter Actions**. Notwithstanding anything contained herein or in the Confirmation Order to the contrary, including, without limitation, Sections 92.2, 92.3 and 92.11 of the Plan, except as may be precluded pursuant to the provisions of PROMESA, nothing in the Plan, the Confirmation Order or any Plan-related document set forth in the Plan Supplement is intended, nor shall it be construed, to impair, alter, modify, diminish, prohibit, bar, restrain, enjoin, release, reduce, eliminate or limit the rights of the plaintiffs and defendants, including, without limitation, the parties to the Underwriter Actions, from asserting their respective rights, claims, causes of action or defenses in the Underwriter Actions, including, but not limited to, any Claims, defenses, Causes of Action, and rights of setoff or recoupment (to the extent available).

**Section 92.3 – Injunction on Claims**: Except as otherwise expressly provided in the Plan, Confirmation Order or such other Final Order of the Title III Court that may be applicable, all Entities who have held, hold or may hold Claims or any other debt or liability that is discharged or released pursuant to Section 92.2 hereof or who have held, hold or may hold Claims or any other debt or liability that is discharged or released pursuant to Section 92.2 hereof are permanently enjoined, from and after the Effective Date, from (a) commencing or continuing, directly or indirectly, in any manner, any action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) of any kind on any such Claim or other debt or liability that is discharged pursuant to the Plan against any of the Released Parties or any of their respective assets or property, (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order against any of the Released Parties or any of their respective assets or property, (c) creating, perfecting, or enforcing any encumbrance of any kind against any of the Released Parties or any of their respective

assets or property on account of any Claim or other debt or liability that is discharged pursuant to the Plan, and (d) except to the extent provided, permitted or preserved by sections 553, 555, 556, 559, or 560 of the Bankruptcy Code or pursuant to the common law right of recoupment, asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from any of the Released Parties or any of their respective assets or property, with respect to any such Claim or other debt or liability that is discharged pursuant to the Plan. Such injunction shall extend to all successors and assigns of the Released Parties and their respective assets and property.

**Section 92.5 – Releases by the Debtors and Reorganized Debtors**: Except as otherwise expressly provided in the Plan or the Confirmation Order, on the Effective Date, and for good and valuable consideration, each of the Debtors and Reorganized Debtors, the Disbursing Agent and each of the Debtors' and Reorganized Debtors' Related Persons shall be deemed to have and hereby does irrevocably and unconditionally, fully, finally and forever waive, release, acquit, and discharge the Released Parties from any and all Claims or Causes of Action that the Debtors, Reorganized Debtors, and the Disbursing Agent, or any of them, or anyone claiming through them, on their behalf or for their benefit, have or may have or claim to have, now or in the future, against any Released Party that are Released Claims or otherwise are based upon, relate to, or arise out of or in connection with, in whole or in part, any act, omission, transaction, event or other circumstance relating to the Title III Cases or the Debtors taking place or existing on or prior to the Effective Date, and/or any Claim, act, fact, transaction, occurrence, statement, or omission in connection therewith or alleged or that could have been alleged, including, without limitation, any such Claim, demand, right, liability, or cause of action for indemnification, contribution, or any other basis in law or equity for damages, costs or fees.

**Section 92.6 – Injunction Related to Releases**: As of the Effective Date, all Entities that hold, have held, or may hold a Released Claim that is released pursuant to Section 92.5 of the Plan, are, and shall be, permanently, forever and completely stayed, restrained, prohibited, barred and enjoined from taking any of the following actions, whether directly or indirectly, derivatively or otherwise, on account of or based on the subject matter of such discharged Released Claims: (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) in any forum; (ii) enforcing, attaching (including, without limitation any prejudgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order; (iii) creating, perfecting or in any way enforcing in any manner, directly or indirectly, any Lien; (iv) setting off, seeking reimbursement or contributions from, or subrogation against, or otherwise recouping in any manner, directly or indirectly, any amount against any liability or obligation owed to any Entity released under Section 92.5 hereof; and (v) commencing or continuing in any manner, in any place or any judicial, arbitration or administrative proceeding in any forum, that does not comply with or is inconsistent with the provisions of the Plan or the Confirmation Order. For the avoidance of doubt, the following stipulations will terminate upon the entry of the Confirmation Order: the Fourth Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority Regarding the Tolling of Statute of Limitations and Consent Order [Case No. 173283-LTS, ECF No. 15854], as amended; and the Fourth Amended Stipulation and Consent Order Between Title III Debtors (Other Than COFINA) and the Puerto Rico Fiscal Agency and Financial Advisory Authority on Behalf of the Governmental Entities Listed on Appendix "B" Regarding the Tolling of Statute of Limitations [Case NO. 17-3283-LTS, ECF No. 17394], as amended.

**Section 92.7 – Exculpation**:

(a) **Government Parties**: The Oversight Board, AAFAF, the Debtors, and each of their respective Related Persons, solely acting in its capacity as such at any time up to and including the Effective Date, shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Cases, the formulation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan; provided, however, that the foregoing provisions of this Section 89.7 shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct. Nothing in the foregoing provisions of this Section 89.7(a) shall prejudice the right of any of the Government Parties, and the Government Parties' officers and directors serving at any time up to and including the Effective Date, and each of their respective professionals to assert reliance upon advice of counsel as a defense with respect to their duties and responsibilities under the Plan.

(b) **PSA Creditors**: Each of the PSA Creditors solely in its capacity as a party to the GO/PBA Plan Support Agreement and/or the HTA/CCDA Plan Support Agreement and a Creditor and/or insurer, as applicable, from the Petition Date up to and including the Effective Date and each of their respective Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Cases, mediation, the negotiation, formation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, the GO/PBA Plan Support Agreement, the HTA/CCDA Plan Support Agreement, the Definitive Documents, or any other contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan; provided, however, that the foregoing provisions of this Section 92.7(b) shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct.

(c) **Retiree Committee**: Each of the members of the Retiree Committee, solely in its capacity as a member of the Retiree Committee and a Creditor, as applicable, from the Petition Date up to and including the Effective Date and each of the Retiree Committee's Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Cases, the formation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, the Retiree Committee Plan Support Agreement, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan and the Retiree Committee Plan Support Agreement; provided, however, that the foregoing provisions of this Section 92.7(c) shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct.

(d) **Creditors' Committee**: Each of the members of the Creditors' Committee, solely in its capacity as a member of the Creditors' Committee, and the Creditors' Committee, from the Petition Date up to and including the Effective Date and each of the Creditors' Committee's Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Cases, the formation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan; provided, however, that the foregoing provisions of this Section 92.7(d) shall not affect the liability of any Entity that would otherwise result from any such act or omission to the extent such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct.

(e) **AFSCME**: Each of AFSCME solely in its capacity as a party to the AFSCME Plan Support Agreement and a Creditor, as applicable, from the Petition Date up to and including the Effective Date and each of their respective Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Cases, the formation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, the AFSCME Plan Support Agreement, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with

the consummation of the transaction set forth in the Plan and the AFSCME Plan Support Agreement; provided, however, that the foregoing provisions of this Section 89.7(e) shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct.

(f) **Monoline Insurers**: Ambac, Assured, FGIC, National, Syncora, and their Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken consistent with the Plan or in connection with the formulation, preparation, dissemination, implementation, acceptance, confirmation or approval of the Plan, including, without limitation, in connection with the treatment of Ambac Insured Bond Claims, Assured Insured Bond Claims, FGIC Insured Bond Claims, National Insured Bond Claims, or Syncora Insured Bond Claims, the voting procedures, the election procedures, and any release of obligations under the applicable Ambac Insurance Policies, Assured Insurance Policies, FGIC Insurance Policies, National Insurance Policies, or Syncora Insurance Policies; provided, however, that, notwithstanding anything contained herein to the contrary, the terms and provisions of the Plan shall not, and shall not be construed to, release or exculpate, with respect to any beneficial holder of Ambac Insured Bonds, Assured Insured Bonds, FGIC Insured Bonds, National Insured Bonds, or Syncora Insured Bonds any payment obligation under the applicable Ambac Insurance Policy, Assured Insurance Policy, FGIC Insurance Policy, National Insurance Policy, or Syncora Insurance Policy in accordance with its terms solely to the extent of any failure of such holder to receive the Ambac Treatment, Assured Treatment, FGIC Treatment, National Treatment, or Syncora Treatment, as applicable (or any claims that Ambac, Assured, FGIC, National, or Syncora may have against a beneficial holder of respective insured bonds with respect to Ambac's, Assured's, FGIC's, National's or Syncora's applicable obligations under the Ambac Insurance Policies, Assured Insurance Policies, FGIC Insurance Policies, National Insurance Policies, or Syncora Insurance Policies, as applicable).

**Section 92.8 – Appointments Related Litigation**: Notwithstanding anything contained herein to the contrary, in the event that a Final Order is entered in connection with the Appointments Related Litigation or the Uniformity Litigation subsequent to entry of the Confirmation Order, in consideration of the distributions made, to be made, or deemed to be made in accordance with the terms and provisions of the Plan and documents and instruments related hereto, all Creditors or such other Entities receiving, or deemed to have received, distributions pursuant to or as a result of the Plan, consent and agree that such Final Order shall not in any way or manner reverse, affect or otherwise modify the transactions contemplated in the Plan and the Confirmation Order, including, without limitation, the releases, exculpations and injunctions provided pursuant to Article XCII of the Plan.

**Section 92.9 – Bar Order**: To the limited extent provided in the Plan, each and every Entity is permanently enjoined, barred and restrained from instituting, prosecuting, pursuing or litigating in any manner any and all Claims, demands, rights, liabilities, or causes of action of any and every kind, character or nature whatsoever, in law or in equity, known or unknown, direct or derivative, whether asserted or unasserted, against any of the Released Parties, based upon, related to, or arising out of or in connection with any of the Released Claims, confirmation and consummation of the Plan, the negotiation and consummation of the GO/PBA Plan Support Agreement, or any claim, act, fact, transaction, occurrence, statement or omission in connection with or alleged or that could have been alleged in the Title III Cases, including, without limitation, any such claim, demand, right, liability or cause of action for indemnification, contribution, or any other basis in law or equity for damages, costs or fees incurred arising directly or indirectly from or otherwise relating to the Title III Cases, either directly or indirectly by any Person for the direct or indirect benefit of any Released Party arising from or related to the claims, acts, facts, transactions, occurrences, statements or omissions that are, could have been or may be alleged in the related actions or any other action brought or that might be brought by, through, on behalf of, or for the benefit of any of the Released Parties (whether arising under federal, state or foreign law, and regardless of where asserted).

**Section 92.11 – Supplemental Injunction**: Notwithstanding anything contained herein to the contrary, except to the limited extent provided in the Plan, all Entities, including Entities acting on their behalf, who currently hold or assert, have held or asserted, or may hold or assert, any Released Claims against any of the Released Parties based upon, attributable to, arising out of or relating to the Title III Cases or any Claim against the Debtors, whenever and wherever arising or asserted, whether in the United States or anywhere else in the world, whether sounding in tort, contract, warranty, statute, or any other theory of law, equity or otherwise, shall be, and shall be deemed to be, permanently stayed, restrained and enjoined from taking any action against any of the Released Parties for the purpose of directly or indirectly collecting, recovering or receiving any payment or recovery with respect to any Released Claims arising prior to the Effective Date (including prior to the Petition Date), including, but not limited to:

(a) Commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Released Claim against any of the Released Parties or the assets or property of any Released Party;

(b) Enforcing, attaching, collecting or recovering, by any manner or means, any judgment, award, decree or order against any of the Released Parties or the assets or property of any Released Party with respect to any such Released Claim;

(c) Creating, perfecting or enforcing any Lien of any kind against any of the Released Parties or the assets or property of any Released Party with respect to any such Released Claim;

(d) Except as otherwise expressly provided in the Plan or the Confirmation Order, asserting, implementing or effectuating any setoff, right of subrogation, indemnity, contribution or recoupment of any kind against any obligation due to any of the Released Parties or against the property of any Released Party with respect to any such Released Claim; and

(e) Taking any act, in any manner, in any place whatsoever, that does not conform to, or comply with, the provisions of the Plan or the Confirmation Order; provided, however, that the Debtors' compliance with the formal requirements of Bankruptcy Rule 3016 shall not constitute an admission that the Plan provides for any injunction against conduct not otherwise enjoined under the Bankruptcy Code.

Dated: August 2, 2021, San Juan, Puerto Rico

Respectfully submitted, /s/ Martin J. Bienenstock ___, Martin J. Bienenstock (pro hac vice), Brian S. Rosen (pro hac vice), **PROSKAUER ROSE LLP**, Eleven Times Square, New York, NY 10036, Attorneys for the Financial Oversight and Management Board as representative for the Debtors -and- /s/ Hermann D. Bauer ___, Hermann D. Bauer, USDC No. 215205, **O'NEILL & BORGES LLC**, 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918-1813, Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] All capitalized terms used but not otherwise defined shall have the meanings given to such terms in the Plan.

[3] All of the dates and procedures set forth in this notice are subject to change by further Court order.

[4] For the avoidance of doubt, because holders of Claims in the Bond Classes must submit their vote and/or election through DTC's Automated Tender Offer Platform, the Voting Record Date shall not apply to the Bond Classes, and the holder of the applicable security at the time of tender shall be eligible to cast a vote and/or make an election.

# Exhibit I

*The New York Times*

**(September 15, 2021)**



620 8TH AVENUE · NEW YORK, NY 10018

# PROOF OF PUBLICATION

_____ Sep-29, **20** 21

I, Edgar Noblesala, in my capacity as a Principal Clerk of the Publisher of *The New York Times* a daily newspaper of general circulation printed and published in the City, County and State of New York, hereby certify that the advertisement annexed hereto was published in the editions of *The New York Times* on the following date or dates, to wit on

Sep 1, 2021, NYT & Natl, pg B3, -- Sep 15, 2021, NYT & Natl, pg B3

Sep 29, 2021, NYT & Natl, pg B3

Sworn to me this 29th day
of September, 2021

_____
Notary Public

Ellen Herb
Notary Public, State of New York
No. 01HE6163785
Qualified in New York County
Commission Expires April 2, 2023

FINANCE | VIRUS FALLOUT

# Warren Tells the Fed It's Time to Break Up Wells Fargo

By EMILY FLITTER

Senator Elizabeth Warren says Wells Fargo has run out of time to fix the many internal problems that have harmed its customers.

In a letter to the Federal Reserve chair, Jerome H. Powell, on Monday, Ms. Warren asked the Fed to force the financial giant to break off its core banking activities, like offering checking and savings accounts and loans, from its other financial services.

Divorcing Wall Street-centric work — which can include managing investment funds and providing financial market sales and trading services — from the bank would ensure that Wells Fargo's everyday customers did not continue to suffer, Ms. Warren wrote. The Fed could accomplish this, she explained, by revoking Wells Fargo's financial holding company license — essentially making it impossible for the company to operate any nonbanking businesses.

"Continuing to allow this giant bank with a broken culture to conduct business in its current form poses substantial risks to consumers and the financial system," she wrote.

It's the first time that Ms. Warren, a Massachusetts Democrat, has made such a request to a regulator. Mr. Powell is unlikely to follow the suggestion, at least in the near future: Wells Fargo would somehow have to quickly shed dozens of nonbank subsidiaries, which would certainly undermine the bank's financial health.

But Ms. Warren's request for such aggressive action hinted at the desire among progressives for a stronger regulatory hand from the Fed. And it comes as President Biden is considering whether he will reappoint Mr. Powell when his term ends early next year.

A Fed spokesman confirmed that the central bank had received the letter.

A Wells Fargo spokeswoman responded to a request for comment by emailing journalists a list of steps the bank had taken since 2019 to change its management structure. The list included replacing top managers, splitting businesses into new groups with separate oversight, creating a "sales practices oversight" protocol and speeding up restitution to customers it harmed.

Wells Fargo has spent years trying to right its standing with regulators and lawmakers after a cascade of disclosures of misconduct by the bank against its customers. It admitted to opening accounts in their names without their knowledge, forcing them to buy unnecessary insurance and charging them unwarranted mortgage fees.

The bank's statement also pointed out that Wells Fargo had

PHILIP KEITH FOR THE NEW YORK TIMES

Senator Elizabeth Warren said Wells Fargo's troubles have hurt customers.

fulfilled two requirements for improvement that regulators had placed on it. One, from 2015, forced it to improve its anti-money-laundering oversight. The other, from 2016, required it to end harmful sales practices.

The idea of revoking the bank's financial holding company license was first proposed two years ago by Jeremy Kress, an assistant professor of business law at the University of Michigan's Ross School of Business. He argued in an academic paper that, since the Fed requires institutions seeking such a license to have a high regulatory rating — a 1 or 2 out of 5 on a scale that federal regulators use to assess whether a bank is well managed — any bank whose rating subsequently sinks lower should lose it.

In her letter, Ms. Warren pointed to a report from early 2018 revealing that Wells Fargo's regulatory rating, normally kept secret, had fallen below the level at which the bank could be considered "well managed." She added that it was "inconceivable" that Wells Fargo could have recently improved its rating given its continuing problems.

Last week, federal regulators announced another set of fines and restrictions on the bank, stemming from its inappropriate handling of some of its home loan customers' portfolios. The Office of the Comptroller of the Currency found that Wells Fargo's management of its mortgage accounts had been so sloppy that it might have improperly foreclosed on some borrowers' homes. The regulator fined the bank $250 million, ordered it to halt some foreclosures in progress and gave it five months to get its management systems on track.

Ms. Warren's suggestion would be a much more significant penalty and would involve significant challenges, said Jaret Seiberg, an analyst for Cowen Washington Research Group.

"The banking system has evolved considerably since Congress allowed investment banks and commercial banks to get together 25 years ago," Mr. Seiberg said. "These operations are now interwoven, and it's not as simple as saying, 'You have to sell half the bank.' Breaking up is hard to do."

But immediately revoking the bank's license is not Mr. Powell's only option.

In an interview on Tuesday, Professor Kress said Mr. Powell could direct Fed officials to issue a new rule setting a limit — two or three years, for example — on the length of time a company could operate with a low management rating and maintain its license.

"It could set a precedent that this is a tool that the Fed can use to hold banks accountable for financial misconduct," Mr. Kress said.

The Fed has already taken drastic measures to try to force Wells Fargo to improve. Since early 2018, the bank has been operating under an asset cap, which the Fed vowed to keep in place until the bank could prove it had overhauled its risk-management procedures and established better protections for its customers. But Ms. Warren said the bank was distracted from that goal, citing reports that Wells Fargo was trying to expand activities like putting together corporate mergers and other investment banking services.

The bank should be forced to give up those Wall Street pursuits "to ensure that its leaders focus all of their attention on fixing the bank's numerous, chronic risk-management deficiencies," she wrote.

Ms. Warren sent a separate letter on Monday to the chairman of Wells Fargo's board of directors. It asked for details about how the board is overseeing the bank's cleanup efforts and why it is paying its chief executive, Charles W. Scharf, so well — he received more than $20 million in the 2020 fiscal year — even as the bank's problems endure.

# Job Vacancies In Britain Top One Million, A Record High

By ESHE NELSON

Job vacancies in Britain climbed to a record in August, rising above one million for the first time, as the labor market continued its uneven recovery, according to data released Tuesday by the Office for National Statistics.

As Britain has emerged from lockdowns, the demand for workers has soared. Every sector is seeking more workers, with restaurants, bars, hotels, and other accommodation and food businesses trying to hire the most over the summer.

It has helped push the unemployment rate down, to 4.6 percent, and has shrunk the number of people who are out of the work force.

Nearly a quarter of a million people were added to company payrolls in August, returning this part of the labor market (which doesn't include the self-employed) to its prepandemic size, the statistics office said. But not every region had fully recovered. The number of employees was still down in London, in southeast England and in Scotland. And some of the workers on payroll were still receiving wage subsidies from the government's furlough program.

The soaring vacancy rate has highlighted mismatches in the labor market. Even as people return to work, lots of businesses report they are struggling to hire. The workers they are looking for have either moved into different industries or left the country. And job seekers don't have the right training or experience. Growth in the manufacturing sector has been hampered by the challenge of filling open positions. And businesses across Britain are running low on supplies because there are too few truck drivers.

Analysts predict that some of the gains in the labor market will be reversed when the furlough program ends this month and employers can no longer rely on the government to top up staff wages up to 80 percent for the hours they don't work. At the end of July, there were 484,000 employers with 1.6 million workers still on furlough. Layoffs are expected.

"With the furlough scheme ending in little over two weeks' time, we should expect a fresh rise in unemployment this autumn, particularly among furloughed staff that aren't able to return to their previous jobs," Nye Cominetti, an economist at the Resolution Foundation, a think tank studying living standards, wrote in a note.

Samuel Tombs, an economist at Pantheon Macroeconomics, said the end of the furlough program would increase unemployment and underemployment, as people can't find as much work as they would like.

"About 60 percent of staff on furlough are attached to small businesses employing fewer than 20 people, who are unlikely to have the financial strength to re-employ them for all their pre-Covid hours," Mr. Tombs wrote in a note to clients. Businesses with high vacancies are different from the ones using the furlough program, so people will need to retrain before they return to employment, he added.

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as representative of THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY, Debtors.[1] | PROMESA Title III No. 17 BK 3283-LTS (Jointly Administered) |

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT, (II) ESTABLISHMENT OF RECORD DATES, (III) HEARING ON CONFIRMATION OF THE PLAN OF ADJUSTMENT AND PROCEDURES FOR OBJECTION TO CONFIRMATION OF THE PLAN OF ADJUSTMENT, (IV) PROCEDURES AND DEADLINE FOR VOTING ON THE PLAN OF ADJUSTMENT AND MAKING CERTAIN ELECTIONS THEREUNDER**

**VOTING AND ELECTION DEADLINE: 5:00 p.m. (AST) on October 4, 2021**
**OBJECTION DEADLINE: 5:00 p.m. (AST) on October 19, 2021**
**CONFIRMATION HEARING: November 8 – 10, 12, 15 – 18, and 22 - 23, 2021 at 9:30 a.m. (AST)**
If you have any questions regarding this notice, please contact Prime Clerk LLC by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@primeclerk.com.

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. ***Approval of Disclosure Statement.*** By order, dated August 2, 2021 [ECF No. 17639] (the "Disclosure Statement Order"), the United States District Court for the District of Puerto Rico (the "Court") approved the adequacy of the information contained in the *Disclosure Statement for the Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, dated July 30, 2021 (as the same may be amended or modified, including all exhibits and attachments thereto, the "Disclosure Statement"), filed by the Financial Oversight and Management Board on behalf of the Debtors, and authorized the Debtors to solicit votes with respect to the acceptance or rejection of the *Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, dated July 30, 2021 (as the same may be amended or modified, including all exhibits and supplements thereto, the "Plan").[2]

**You may obtain a hard copy of the Plan and Disclosure Statement, including Spanish translations thereof, by contacting the Balloting Agent, Prime Clerk LLC:**
**Telephone (10:00 a.m. to 7:00 p.m. (AST)) (Spanish available):**
**(844) 822-9231 (toll free for U.S. and Puerto Rico)**
**(646) 486-7944 (for international callers)**
**Email: puertoricoinfo@primeclerk.com**
Alternatively, electronic copies of the Disclosure Statement and Plan are available by visiting https://cases.primeclerk.com/puertorico/.

2. Pursuant to the Disclosure Statement Order, the Debtors will mail materials needed for voting on the Plan or making elections on distributions thereunder (the "Solicitation Package") to holders Claims in the following Classes (collectively, the "Voting Classes"):

| | Class | | Class |
|---|---|---|---|
| Vintage PBA Bond Claims | Class 1 | 2011 CW Guarantee Bond Claims | Class 34 |
| Vintage PBA Bond Claims (Assured) | Class 2 | 2011 CW Series D/E/PIB Bond Claims | Class 36 |
| Vintage PBA Bond Claims (National) | Class 3 | 2011 CW Series D/E/PIB Bond Claims (Assured) | Class 37 |
| Vintage PBA Bond Claims (Ambac) | Class 4 | Retail 2011 CW Series D/E/PIB Bond Claims | Class 38 |
| Vintage PBA Bond Claims (FGIC) | Class 5 | 2012 CW Bond Claims | Class 40 |
| Vintage PBA Bond Claims (Syncora) | Class 6 | Retail 2012 CW Bond Claims | Class 41 |
| Retail Vintage PBA Bond Claims | Class 7 | 2012 CW Bond Claims (Assured) | Class 42 |
| 2011 PBA Bond Claims | Class 8 | 2012 CW Guarantee Bond Claims | Class 44 |
| Retail 2011 PBA Bond Claims | Class 9 | 2014 CW Bond Claims | Class 46 |
| 2012 PBA Bond Claims | Class 10 | Retail 2014 CW Bond Claims | Class 47 |
| Retail 2012 PBA Bond Claims | Class 11 | 2014 CW Guarantee Bond Claims | Class 49 |
| PBA/DRA Secured Claims | Class 12 | Retired JRS Participant Below-Threshold Claims | Class 51B |
| PBA General Unsecured Claims | Class 13 | Retired ERS Participant Above-Threshold Claims | Class 51D |
| PBA/DRA Unsecured Claims | Class 14 | Retired JRS Participant Above-Threshold Claims | Class 51E |
| Vintage CW Bond Claims | Class 15 | Retired TRS Participant Above-Threshold Claims | Class 51F |
| Retail Vintage CW Bond Claims | Class 16 | Active ERS Participant Claims | Class 51G |
| Vintage CW Bond Claims (Assured) | Class 17 | Active JRS Participant Claims | Class 51H |
| Vintage CW Bond Claims (National) | Class 18 | Active TRS Participant Claims | Class 51I |
| Vintage CW Bond Claims (Ambac) | Class 19 | VTP Payroll Participant Above-Threshold Claims | Class 51L |
| Vintage CW Bond Claims (FGIC) | Class 20 | AFSCME Claims | Class 52 |
| Vintage CW Bond Claims (Syncora) | Class 21 | Dairy Producer Claims | Class 53 |
| Vintage CW Guarantee Bond Claims | Class 23 | Eminent Domain Claims | Class 54 |
| Vintage CW Guarantee Bond Claims (Assured) | Class 24 | Med Center Claims | Class 56 |
| Vintage CW Guarantee Bond Claims (National) | Class 25 | CW General Unsecured Claims | Class 58 |
| Vintage CW Guarantee Bond Claims (Ambac) | Class 26 | CW/HTA Claims | Class 59 |
| Vintage CW Guarantee Bond Claims (FGIC) | Class 27 | CW/Convention Center Claims | Class 60 |
| Vintage CW Guarantee Bond Claims (Syncora) | Class 28 | CW/PRIFA Rum Tax Claims | Class 61 |
| 2011 CW Bond Claims | Class 30 | CW/MBA Claims | Class 62 |
| Retail 2011 CW Bond Claims | Class 31 | ERS Bond Claims | Class 65 |
| 2011 CW Bond Claims (Assured) | Class 32 | ERS General Unsecured Claims | Class 66 |
| | | Federal Claims | Class 69 |

3. ***Confirmation Hearing.*** A hearing to consider confirmation of the Plan (the "Confirmation Hearing") will be held before The Honorable Laura Taylor Swain, via telephonic hearing through CourtSolutions on **November 8 – 10, 12, 15 – 18, and 22 - 23, 2021 at 9:30 a.m. (Atlantic Standard Time)**.

4. The Confirmation Hearing may be continued from time to time by the Court or the Oversight Board, without further notice or through adjournments announced in open court or as indicated in any notice of agenda of matters scheduled for hearing filed with the Court, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, in accordance with the modification provisions of the Plan and Local Rule 3016-2, without further notice to interested parties.

5. ***Plan Confirmation Depository.*** Information relating to confirmation of the Plan is available online in the Plan Confirmation Depository at titleiiiplandataroom.com.

6. ***Confirmation Objection Deadline.*** The Court has established **5:00 p.m. (Atlantic Standard Time) on October 19, 2021** (the "Confirmation Objection Deadline") as the deadline to file objections or responses to confirmation of the proposed Plan.

7. ***Objections and Responses to Confirmation.*** Objections and responses to confirmation of the Plan must:

a. Be in writing, in English, and signed;

b. State the name, address, and nature of the Claim of the objecting or responding party;

c. State with particularity the basis and nature of any objection or response and include, where appropriate, proposed language to be inserted in the Plan to resolve any such objection or response;

d. Be filed electronically with the Court on the docket of *In re Commonwealth of Puerto Rico*, Case No. 17 BK 3283-LTS, through the Court's case filing system in searchable portable document format **on or before October 19, 2021 at 5:00 p.m. (Atlantic Standard Time)**.

i. If you are not an attorney who is a registered user of the Court's case filing system, you may instead mail your objection to the Court's Clerk's office at:
United States District Court, Clerk's Office
150 Ave. Carlos Chardon Ste. 150,
San Juan, P.R. 00918-1767
so as to be received **on or before October 19, 2021 at 5:00 p.m. (Atlantic Standard Time)**, and

e. Be served upon the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: In re: Commonwealth of Puerto Rico) so as to be received on or before the Final Confirmation Objection Deadline.

8. ***Participation in Confirmation Discovery.*** If you wish to participate in discovery in connection with confirmation of the Plan, you must file a notice of your intention to participate in discovery (a "Discovery Notice"), a form of which is available at https://cases.primeclerk.com/puertorico/. If you file your Discovery Notice on or before **August 15, 2021**, you may be granted access to documents in the Plan Depository, where information and documents concerning the Plan are kept, and will also be able to serve your own discovery requests. If you file your Discovery Notice **after August 15, 2021, but on or before October 19, 2021**, you may be granted access to documents in the Plan Depository. Please note that access to the information in the Plan Depository may also require complying with the Debtors' access requirements.

9. You must submit the Discovery Notice in the form provided on the Title III Case website above, which must:

a. Be in writing, in English, and be signed;

b. State your name, address, the nature of your Claim, and your Claim number;

c. State your intention to participate in discovery in connection with confirmation of the Plan; and

d. Be filed electronically with the Court on the docket using the CM/ECF docket event Notice of Intent to Participate in Discovery for Commonwealth Plan Confirmation, in *In re Commonwealth of Puerto Rico*, Case No. 17 BK 3283-LTS, through the Court's case filing system on or before the applicable deadline.

i. If you are not represented by counsel, you may instead mail your Discovery Notice to the Court's Clerk's office at:
United States District Court, Clerk's Office
150 Ave. Carlos Chardon Ste. 150
San Juan, P.R. 00918-1767
so as to be received on or before the applicable deadline.

10. **You must timely file a Discovery Notice to participate in discovery in connection with confirmation of the Plan.** Failure to timely file a Discovery Notice, however, will not preclude you from filing an objection to confirmation of the Plan on or before the Confirmation Objection Deadline, but will preclude you from being able to view documents in the Plan Depository, and from taking discovery.

11. ***Discovery Timetable and Deadlines.*** The Court has established the following discovery dates and deadlines, which are applicable to the Debtors and to other parties in interest who have timely filed a Discovery Notice and are eligible to participate in discovery:[3]

**Summary of Certain Deadlines**

| | |
|---|---|
| August 3, 2021 | Deadline for the Debtors to file a preliminary fact witness list and topics about which each witness will testify ("Debtors' Preliminary Fact Witness List"). Deadline for the Debtors to file an opening summary brief explaining what the Debtors expect to prove at confirmation. |
| August 6, 2021 | Opening date for all parties to serve initial requests for production of non-depository documents ("Initial Production Requests"). Creditors and parties in interest may serve Initial Production Requests only following their filing of a Notice of Intent to Participate in Discovery (as defined below). Responses and objections to such Initial Production Requests shall be served within seven (7) days of service of such Requests. |
| August 15, 2021 | Deadline for Eligible Creditors and parties in interest to file a "Notice of Intent to Participate in Discovery," also known as a "Discovery Notice." Only parties who file a timely Notice of Intent to Participate in Discovery can propound discovery, but failure to do so does not preclude a party from objecting to confirmation of the Plan. |
| September 6, 2021 | Deadline for Eligible Creditors to file a preliminary fact witness list and topics about which each witness is expected to testify (an "Eligible Creditor's Preliminary Fact Witness List"). Deadline for all parties to serve opening expert disclosures ("Opening Expert Disclosures"). |
| September 13, 2021 | Deadline for all parties to serve opening expert reports ("Opening Expert Reports"). Deadline for all parties to serve initial notices of deposition, topics and requested times for depositions ("Initial Notices of Deposition") (all parties are limited to seven (7)-hour time limit for depositions). Subsequent notices are allowed provided discovery is completed within time allowed. |
| September 30, 2021 | Deadline for all parties to file *Daubert* motions and motions *in limine*. |
| October 1, 2021 | Deadline for all parties to serve up to fifteen (15) interrogatories ("Interrogatories"), including subparts. Responses and objections to such Interrogatories shall be served within ten (10) days of service of such Interrogatories. |
| October 4, 2021 | Deadline for all parties to serve rebuttal expert disclosures ("Rebuttal Expert Disclosures"). Deadline for all parties to file any follow-up requests for production ("Follow-Up Production Requests," and collectively with Initial Production Requests, "Production Requests"). |
| October 8, 2021 | Deadline for all parties to file rebuttal expert reports ("Rebuttal Expert Reports"). Deadline for the Debtors to file an initial proposed order in support of confirmation of the Plan (the "Initial Proposed Confirmation Order"). |
| October 11, 2021 | Deadline for all parties to serve requests for admission, limited to authentication of documents ("Admission Requests"). Completion of fact discovery (the "Fact Discovery Deadline"). |
| October 15, 2021 | Deadline for all parties to file oppositions to *Daubert* motions and motions *in limine*. |
| October 18, 2021 | Completion of expert discovery (the "Expert Discovery Deadline"). |
| October 19, 2021 | Deadline for Eligible Creditors to file objections to confirmation of the Plan ("Objections"). Deadline to file Notice of Intent to Participate in Discovery or Discovery Notice for Eligible Creditors who solely want access to documents in the Plan Depository. |
| October 22, 2021 | Deadline for Eligible Creditors to file objections to the Initial Proposed Confirmation Order. Deadline for all parties to file finalized witness lists, exhibit lists and deposition designations. Deadline for all parties to file replies to *Daubert* motions and motions *in limine*. |
| October 25, 2021 | Deadline for all parties to file witness declarations to be used at the Confirmation Hearing ("Witness Declarations"). Deadline for Debtors to file initial proposed findings of fact and conclusions of law in support of confirmation of the Plan (the "Initial Findings of Fact and Conclusions of Law"). |
| October 27, 2021 | Deadline for Debtors to file Replies in Support of the Proposed Confirmation Order, and for Debtors to file Replies to Objections to Confirmation of the Plan. |
| October 30, 2021 | Deadline for all parties to serve counter-designations, objections to deposition designations, or objections to exhibit lists. |
| November 1, 2021 | Virtual hearing on motions *in limine*. |
| November 8, 2021 | Start of Confirmation Hearing. |

12. ***Voting Record Date.*** The voting record date is **July 13, 2021** (the "Voting Record Date"), which is the date for determining which holders of Claims in Voting Classes (except Bond Classes,[4] Class 51, and Class 52) are entitled to vote on the Plan. Therefore, only those creditors in a Class entitled to vote on the Plan and holding Claims against the Debtors (except in the Bond Classes, Class 51, and Class 52) as of the Voting Record Date are entitled to vote on the Plan.

13. ***Voting Deadline.*** The deadline for voting on the Plan is on **October 4, 2021, at 5:00 p.m. (Atlantic Standard Time)**, unless such time is extended (the "Voting Deadline"). ***You are not required to vote on the Plan to receive distributions pursuant to the terms of the Plan, if confirmed by the Court, and provided you hold an Allowed Claim.***

14. If you received a Solicitation Package, including a Ballot or Notice and intend to vote on the Plan, you *must*: (a) follow the instructions carefully; (b) complete *all* of the required information on the Ballot (as applicable); and (c) either (i) execute and return your completed Ballot according to and as set forth in detail in the voting instructions included in the Solicitation Package so that your Ballot is *actually received* by the Debtors' solicitation agent, Prime Clerk (the "Balloting Agent") on or before the Voting Deadline, or (ii) instruct your broker or nominee (each, a "Nominee") to electronically deliver your bonds via the Automated Tender Offer Program ("ATOP") at The Depository Trust Company ("DTC") in accordance with your desire to vote to accept or reject the Plan on or before the Voting Deadline. ***Failure to follow such instructions may disqualify your vote.***

15. ***Election Deadline.*** The deadline for holders of eligible Bond Claims that have the right to make an election of the form of distributions under the Plan to make such election is on **October 4, 2021, at 5:00 p.m. (Atlantic Standard Time)**, unless such time is extended (the "Election Deadline"). If you received a Notice with an option to make an election, you ***must***: (a) follow the instructions carefully; and (b) deliver ***all*** of the required information according to and as set forth in detail in the election instructions so that it is received by your Nominee in sufficient time for your Nominee to ***actually effectuate*** your election through DTC's ATOP on or before the Election Deadline.

16. ***Parties in Interest Not Entitled to Vote.*** Creditors in the following Classes are deemed to reject the Plan and not entitled to vote:
- Class 63 (CW Appropriations Claims), and
- Class 64 (CW 510(b) Subordinated Claims).

17. Creditors in the following Classes are deemed to accept the Plan and not entitled to vote, but will receive distributions pursuant to the terms of the Plan, if confirmed by the Court:
- Class 51A (Retired ERS Participant Below-Threshold Claims),
- Class 51C (Retired TRS Participant Below-Threshold Claims),
- Class 51J (System 2000 Participant Claims),
- Class 51K (VTP Payroll Participant Below-Threshold Claims),
- Class 55 (Energy Incentive Claims),
- Class 57 (Tax Credit Claims),
- Class 67 (Gracia-Gracia Claims), and
- Class 68 (Convenience Claims).

18. If a Claim is listed on the Debtors' list of creditors [Case No. 17-3283, ECF Nos. 1215, 1316, 2582, 10708] as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the earlier of the applicable bar date for the filing of proofs of claim established by the Court or the Voting Record Date (as applicable); or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, such Claim shall not be entitled to vote to accept or reject the Plan. Proofs of claim filed for $0.00 or Claims that have been expunged by order of the Court are also not entitled to vote.

19. If you are in Classes 63 or 64, or have timely filed a proof of claim and disagree with the Debtors' classification of, objection to, or request for estimation of your Claim and believe you should be entitled to vote on the Plan, you must serve the Debtors and the U.S. Trustee (address listed in paragraph 7(e) above) and file with the Court (with a copy to Chambers) a motion (a "Rule 3018(a) Motion") for an order pursuant to Rule 3018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") temporarily allowing your Claim in a different amount or in a different Class for purposes of voting to accept or reject the Plan. All Rule 3018(a) Motions must be filed on or before the tenth (10th) day after the later of (i) service of this Confirmation Hearing Notice and (ii) service of notice of an objection or request for estimation, if any, as to such Claim. In accordance with Bankruptcy Rule 3018(a), as to any to any creditor filing a Rule 3018(a) Motion, such creditor's Ballot will not be counted except as may be otherwise ordered by the Court prior to the Voting Deadline (**October 4, 2021 at 5:00 p.m. (Atlantic Standard Time)**). Creditors may contact the Balloting Agent (i) via first class mail or via overnight courier, at Puerto Rico Ballot Processing, C/O Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, (ii) by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or (iii) by email at puertoricoinfo@primeclerk.com, to receive an appropriate Ballot for any Claim for which a proof of claim has been timely filed and a Rule 3018(a) Motion has been granted. Rule 3018(a) Motions that are not timely filed and served in the manner set forth herein shall not be considered.

20. If you wish to have your Claim temporarily allowed for voting purposes pursuant to Bankruptcy Rule 3018(a), a form of Rule 3018(a) motion together with instructions for filing and serving the motion is available at https://cases.primeclerk.com/puertorico/.

21. ***Parties Who Will Not Be Treated as Creditors***. Any holder of a Claim that (i) is scheduled in the List of Creditors at $0.00 and is not the subject of a timely filed proof of Claim or a proof of claim deemed timely filed with the Court pursuant to either the Bankruptcy Code or any order of the Court, or otherwise deemed timely filed under applicable law, or (ii) is not scheduled and is not the subject of a timely filed proof of claim or a proof of claim deemed timely filed with the Court pursuant to either the Bankruptcy Code or any order of the Court, or otherwise deemed timely filed under applicable law, shall not be treated as a creditor with respect to such Claim for purposes of (a) receiving notices regarding the Plan, and (b) voting on the Plan.

22. ***Additional Information***. Any party in interest wishing to obtain information about the solicitation procedures or copies of the Disclosure Statement or the Plan, including Spanish translations thereof, should contact the Balloting Agent, Prime Clerk LLC, by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@primeclerk.com, or may view such documents by accessing either https://cases.primeclerk.com/puertorico/ or the Court's website, https://www.prd.uscourts.gov/. Please note that a Public Access to Court Electronic Records ("PACER") (http://www.pacer.psc.uscourts.gov) password and login are needed to access documents on the Court's website.

23. ***Bankruptcy Rules 2002(c)(3) and 3016(c)*. In accordance with Bankruptcy Rules 2002(c)(3) and 3016(c), set forth below are the release, exculpation, and injunction provisions contained in the Plan:**

**Section 92.2 – Discharge and Release of Claims and Causes of Action**:

(a) Except as expressly provided in the Plan or the Confirmation Order, all distributions and rights afforded under the Plan shall be, and shall be deemed to be, in exchange for, and in complete satisfaction, settlement, discharge and release of, all Claims or Causes of Action against the Released Parties that arose, in whole or in part, prior to the Effective Date, relating to the Title III Cases, the Debtors or Reorganized Debtors or any of their respective Assets, property, or interests of any nature whatsoever, including any interest accrued on such Claims from and after the Petition Date, and regardless of whether any property will have been distributed or retained pursuant to the Plan on account of such Claims or Causes of Action. Upon the Effective Date, the Debtors and Reorganized Debtors shall be deemed discharged and released from any and all Claims, Causes of Action and any other debts that arose, in whole or in part, prior to the Effective Date (including prior to the Petition Date), and Claims of the kind specified in sections 502(g), 502(h) or 502(i) of the Bankruptcy Code and PROMESA Section 407, whether or not (a) a proof of claim based upon such Claim is filed or deemed filed under section 501 of the Bankruptcy Code, (b) such Claim is allowed under section 502 of the Bankruptcy Code and PROMESA Section 407 (or is otherwise resolved), or (c) the holder of a Claim based upon such debt voted to accept the Plan. For the avoidance of doubt, nothing contained herein or in the Confirmation Order shall release, discharge or enjoin any claims or causes of action against PREPA arising from or related to PREPA-issued bonds, including, without limitation, Monoline-issued insurance pertaining thereto, and PREPA is not releasing any claims or causes of action against any non-Debtor Entity. Claims and causes of action against PREPA arising from or related to PREPA-issued bonds, and releases against PREPA and its assets shall be addressed in PREPA's Title III case, including, without limitation, any plan of adjustment therein.

(b) Except as expressly provided in the Plan or the Confirmation Order, all Entities shall be precluded from asserting any and all Claims against the Debtors and Reorganized Debtors, and each of their respective Assets, property and rights, remedies, Claims or Causes of Action or liabilities of any nature whatsoever, relating to the Title III Cases, the Debtors or Reorganized Debtors or any of their respective Assets and property, including any interest accrued on such Claims from and after the Petition Date, and regardless of whether any property will have been distributed or retained pursuant to the Plan on account of such Claims or other obligations, suits, judgments, damages, debts, rights, remedies, causes of action or liabilities. In accordance with the foregoing, except as expressly provided in the Plan or the Confirmation Order, the Confirmation Order shall constitute a judicial determination, as of the Effective Date, of the discharge and release of all such Claims, Causes of Action or debt of or against the Debtors and the Reorganized Debtors pursuant to sections 524 and 944 of the Bankruptcy Code, applicable to the Title III Case pursuant to Section 301 of PROMESA, and such discharge shall void and extinguish any judgment obtained against the Debtors or Reorganized Debtors and their respective Assets, and property at any time, to the extent such judgment is related to a discharged Claim, debt or liability. As of the Effective Date, and in consideration for the value provided under the Plan, each holder of a Claim in any Class under this Plan shall be and hereby is deemed to release and forever waive and discharge as against the Debtors and Reorganized Debtors, and their respective Assets and property and all such Claims.

(c) Notwithstanding any other provisions of this Section 92.2, in accordance with the provisions of the GO/PBA Plan Support Agreement, each of the GO/PBA PSA Creditors and their respective Related Persons, solely in their capacity as Creditors of the Debtors, shall (i) be deemed to have released and covenanted not to sue or otherwise pursue or seek to recover damages or to seek any other type of relief against any of the Government Releasees based upon, arising from or relating to the Government Released Claims or any of the Claims or Causes of Action asserted or which could have been asserted, including, without limitation, in the Clawback Actions and the Lift Stay Motions, and (ii) not directly or indirectly aid any person in taking any action with respect to the Government Released Claims that is prohibited by this Section 92.2.

(d) Limitation. Notwithstanding anything contained herein or in the Confirmation Order to the contrary, no provision shall (i) preclude the SEC from enforcing its police or regulatory powers, or (ii) enjoin, limit, impair or delay the SEC from commencing or continuing any claims, causes of action, proceedings or investigations against any non-debtor person or non-debtor entity in any forum.

(e) United States Limitation. Notwithstanding anything contained herein or in the Confirmation Order to the contrary, no provision shall (i) impair the United States, its agencies, departments, or agents, or in any manner relieve the Debtors or the Reorganized Debtors, as the case may be, from compliance with federal laws or territorial laws and requirements implementing a federally authorized or federally delegated program protecting the health, safety, and environment of persons in such territory, (ii) expand the scope of any discharge, release, or injunction to which the Debtors or the Reorganized Debtors are entitled under Title III, and (iii) discharge, release, enjoin, or otherwise bar (A) any liability of the Debtors or the Reorganized Debtors to the United States arising from and after the Effective Date, (B) any liability to the United States that is not a Claim, (C) any affirmative defense or any right of setoff or recoupment of the United States, the Debtors or the Reorganized Debtors, as the case may be, and such rights of setoff and recoupment of such parties are expressly preserved, (D) the continued validity of the obligations of the United States, the Debtors or the Reorganized Debtors, as the case may be, under any United States grant or cooperative assistance agreement, (E) the Debtors' or the Reorganized Debtors' obligations arising under federal police or regulatory laws, including, but not limited to, laws relating to the environment, public health or safety, or territorial laws implementing such federal legal provisions, including, but not limited to, compliance obligations, requirements under consent decrees or judicial orders, and obligations to pay associated administrative, civil, or other penalties, and (F) any liability to the United States on the part of any non-debtor. Without limiting the foregoing, nothing contained herein or in the Confirmation Order shall be deemed (i) to determine the tax liability of any Entity, including, but not limited to, the Debtors and the Reorganized Debtors, (ii) to be binding on the IRS with regard to the federal tax liabilities, tax status, or tax filing and withholding obligations of any entity, including, but not limited to, the Debtors and the Reorganized Debtors, (iii) to release, satisfy, discharge, or enjoin the collection of any claim of the IRS against any Entity other than the Debtors and the Reorganized Debtors, and (iv) to grant any relief to any Entity that the Court is prohibited from granting the Declaratory Judgment Act, 28 U.S.C. § 2201(a), or the Tax Anti-Injunction Act, 26 U.S.C. § 7421(a).

(f) Underwriter Actions. Notwithstanding anything contained herein or in the Confirmation Order to the contrary, including, without limitation, Sections 92.2, 92.3 and 92.11 of the Plan, except as may be precluded pursuant to the provisions of PROMESA, nothing in the Plan, the Confirmation Order or any Plan-related document set forth in the Plan Supplement is intended, nor shall it be construed, to impair, alter, modify, diminish, prohibit, bar, restrain, enjoin, release, reduce, eliminate or limit the rights of the plaintiffs and defendants, including, without limitation, the parties to the Underwriter Actions, from asserting their respective rights, claims, causes of action or defenses in the Underwriter Actions, including, but not limited to, any Claims, defenses, Causes of Action, and rights of setoff or recoupment (to the extent available).

**Section 92.3 – Injunction on Claims:** Except as otherwise expressly provided in the Plan, the Confirmation Order or such other Final Order of the Title III Court that may be applicable, all Entities who have held, hold or may hold Claims or any other debt or liability that is discharged or released pursuant to Section 92.2 hereof or who have held, hold or may hold Claims or any other debt or liability that is discharged or released pursuant to Section 92.2 hereof are permanently enjoined, from and after the Effective Date, from (a) commencing or continuing, directly or indirectly, in any manner, any action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) of any kind on any such Claim or other debt or liability that is discharged pursuant to the Plan against any of the Released Parties or any of their respective assets or property, (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order against any of the Released Parties or any of their respective assets or property on account of any Claim or other debt or liability that is discharged pursuant to the Plan, (c) creating, perfecting, or enforcing any encumbrance of any kind against any of the Released Parties or any of their respective assets or property on account of any Claim or other debt or liability that is discharged pursuant to the Plan, and (d) except to the extent provided, permitted or preserved by sections 553, 555, 556, 559, or 560 of the Bankruptcy Code or pursuant to the common law right of recoupment, asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from any of the Released Parties or any of their respective assets or property, with respect to any such Claim or other debt or liability that is discharged pursuant to the Plan. Such injunction shall extend to all successors and assigns of the Released Parties and their respective assets and property.

**Section 92.5 – Releases by the Debtors and Reorganized Debtors:** Except as otherwise expressly provided in the Plan or the Confirmation Order, on the Effective Date, and for good and valuable consideration, each of the Debtors and Reorganized Debtors, the Disbursing Agent and each of the Debtors' and Reorganized Debtors' Related Persons shall be deemed to have and hereby does irrevocably and unconditionally, fully, finally and forever waive, release, acquit, and discharge the Released Parties from any and all Claims or Causes of Action that the Debtors, Reorganized Debtors, and the Disbursing Agent, or any of them, or anyone claiming through them, on their behalf or for their benefit, have or may have or claim to have, now or in the future, against any Released Party that are Released Claims or otherwise are based upon, relate to, or arise out of or in connection with, in whole or in part, any act, omission, transaction, event or other circumstance relating to the Title III Cases or the Debtors taking place or existing on or prior to the Effective Date, and/or any Claim, act, fact, transaction, occurrence, statement, or omission in connection therewith or alleged or that could have been alleged, including, without limitation, any such Claim, demand, right, liability, or cause of action for indemnification, contribution, or any other basis in law or equity for damages, costs or fees.

**Section 92.6 – Injunction Related to Releases:** As of the Effective Date, all Entities that hold, have held, or may hold a Released Claim that is released pursuant to Section 92.5 of the Plan, are, and shall be, permanently, forever and completely stayed, restrained, prohibited, barred and enjoined from taking any of the following actions, whether directly or indirectly, derivatively or otherwise, on account of or based on the subject matter of such discharged Released Claims: (i) commencing, conducing or continuing in any manner, directly or indirectly, any suit, action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) in any forum; (ii) enforcing, attaching (including, without limitation any prejudgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order; (iii) creating, perfecting or in any way enforcing in any matter, directly or indirectly, any Lien; (iv) setting off, seeking reimbursement or contributions from, or subrogation against, or otherwise recouping in any manner, directly or indirectly, any amount against any liability or obligation owed to any Entity released under Section 92.5 hereof; and (v) commencing or continuing in any manner, in any place or any judicial, arbitration or administrative proceeding in any forum, that does not comply with or is inconsistent with the provisions of the Plan or the Confirmation Order. For the avoidance of doubt, the following stipulations will terminate upon the entry of the Confirmation Order: the Fourth Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transpiration Authority Regarding the Tolling of Statute of Limitations and Consent Order [Case No. 173283-LTS, ECF No. 15854], as amended; and the Fourth Amended Stipulation and Consent Order Between Title III Debtors (Other Than COFINA) and the Puerto Rico Fiscal Agency and Financial Advisory Authority Acting on Behalf of the Governmental Entities Listed on Appendix "B" Regarding the Tolling of Statute of Limitations [Case NO. 17-3283-LTS, ECF No. 17394], as amended.

**Section 92.7 – Exculpation**:

(a) Government Parties: The Oversight Board, AAFAF, the Debtors, and each of their respective Related Persons, solely acting in its capacity as such at any time up to and including the Effective Date, shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Cases, the formulation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan; provided, however, that the foregoing provisions of this Section 89.7 shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct. Nothing in the foregoing provisions of this Section 89.7(a) shall prejudice the right of any of the Government Parties, and the Government Parties' officers and directors serving at any time up to and including the Effective Date, and each of their respective professionals to assert reliance upon advice of counsel as a defense with respect to their duties and responsibilities under the Plan.

(b) PSA Creditors: Each of the PSA Creditors solely in its capacity as a party to the GO/PBA Plan Support Agreement and/or the HTA/CCDA Plan Support Agreement and a Creditor and/or insurer, as applicable, from the Petition Date up to and including the Effective Date and each of their respective Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Cases, mediation, the negotiation, formation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, the GO/PBA Plan Support Agreement, the HTA/CCDA Plan Support Agreement, the Definitive Documents, or any other contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan; provided, however, that the foregoing provisions of this Section 92.7(b) shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct.

(c) Retiree Committee: Each of the members of the Retiree Committee, solely in its capacity as a member of the Retiree Committee and a Creditor, as applicable, from the Petition Date up to and including the Effective Date and each of the Retiree Committee's Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Cases, the formation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, the Retiree Committee Plan Support Agreement, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan and the Retiree Committee Plan Support Agreement; provided, however, that, the foregoing provisions of this Section 92.7(c) shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct.

(d) Creditors' Committee: Each of the members of the Creditors' Committee, solely in its capacity as a member of the Creditors' Committee, and the Creditors' Committee, from the Petition Date up to and including the Effective Date and each of the Creditors' Committee's Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Cases, the formation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan; provided, however, that the foregoing provisions of this Section 92.7(d) shall not affect the liability of any Entity that would otherwise result from any such act or omission to the extent such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct.

(e) AFSCME: Each of AFSCME solely in its capacity as a party to the AFSCME Plan Support Agreement and a Creditor, as applicable, from the Petition Date up to and including the Effective Date and each of their respective Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Cases, the formation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, the AFSCME Plan Support Agreement, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transaction set forth in the Plan and the AFSCME Plan Support Agreement; provided, however, that, the foregoing provisions of this Section 89.7(e) shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct.

(f) Monoline Insurers: Ambac, Assured, FGIC, National, Syncora, and their Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken consistent with the Plan or in connection with the formulation, preparation, dissemination, implementation, acceptance, confirmation or approval of the Plan, including, without limitation, in connection with the treatment of Ambac Insured Bond Claims, Assured Insured Bond Claims, FGIC Insured Bond Claims, National Insured Bond Claims, or Syncora Insured Bond Claims, the voting procedures, the election procedures, and any release of obligations under the applicable Ambac Insurance Policies, Assured Insurance Policies, FGIC Insurance Policies, National Insurance Policies, or Syncora Insurance Policies: provided, however, that, notwithstanding anything contained herein to the contrary, the terms and provisions of the Plan shall not, and shall not be construed to, release or exculpate, with respect to any beneficial holder of Ambac Insured Bonds, Assured Insured Bonds, FGIC Insured Bonds, National Insured Bonds, or Syncora Insured Bonds any payment obligation under the applicable Ambac Insurance Policy, Assured Insurance Policy, FGIC Insurance Policy, National Insurance Policy, or Syncora Insurance Policy in accordance with its terms solely to the extent of any failure of such holder to receive the Ambac Treatment, Assured Treatment, FGIC Treatment, National Treatment, or Syncora Treatment, as applicable (or any claims that Ambac, Assured, FGIC, National, or Syncora may have against a beneficial holder of respective insured bonds with respect to Ambac's, Assured's, FGIC's, National's or Syncora's applicable obligations under the Ambac Insurance Policies, Assured Insurance Policies, National Insurance Policies, or Syncora Insurance Policies, as applicable).

**Section 92.8 – Appointments Related Litigation:** Notwithstanding anything contained herein to the contrary, in the event that a Final Order is entered in connection with the Appointments Related Litigation or the Uniformity Litigation subsequent to entry of the Confirmation Order, in consideration of the distributions made, to be made, or deemed to be made in accordance with the terms and provisions of the Plan and documents and instruments related hereto, all Creditors or such other Entities receiving, or deemed to have received, distributions pursuant to or as a result of the Plan, consent and agree that such Final Order shall not in any way or manner reverse, affect or otherwise modify the transactions contemplated in the Plan and the Confirmation Order, including, without limitation, the releases, exculpations and injunctions provided pursuant to Article XCII of the Plan.

**Section 92.9 – Bar Order:** To the limited extent provided in the Plan, each and every Entity is permanently enjoined, barred and restrained from instituting, prosecuting, pursuing or litigating in any manner any and all Claims, demands, rights, liabilities, or causes of action of any and every kind, character or nature whatsoever, in law or in equity, known or unknown, direct or derivative, whether asserted or unasserted, against any of the Released Parties, based upon, related to, or arising out of or in connection with any of the Released Claims, confirmation and consummation of the Plan, the negotiation and consummation of the GO/PBA Plan Support Agreement, or any claim, act, fact, transaction, occurrence, statement or omission in connection with or alleged or that could have been alleged in the Title III Cases, including, without limitation, any such claim, demand, right, liability or cause of action for indemnification, contribution, or any other basis in law or equity for damages, costs or fees incurred arising directly or indirectly from or otherwise relating to the Title III Cases, either directly or indirectly by any Person for the direct or indirect benefit of any Released Party arising from or related to the claims, acts, facts, transactions, occurrences, statements or omissions that are, could have been or may be alleged in the related actions or any other action brought or that might be brought by, through, on behalf of, or for the benefit of any of the Released Parties (whether arising under federal, state or foreign law, and regardless of where asserted).

**Section 92.11 – Supplemental Injunction:** Notwithstanding anything contained herein to the contrary, except to the limited extent provided in the Plan, all Entities, including Entities acting on their behalf, who currently hold or assert, have held or asserted, or may hold or assert, any Released Claims against any of the Released Parties based upon, attributable to, arising out of or relating to the Title III Cases or any Claim against the Debtors, whenever and wherever arising or asserted, whether in the United States or anywhere else in the world, whether sounding in tort, contract, warranty, statute, or any other theory of law, equity or otherwise, shall be, and shall be deemed to be, permanently stayed, restrained and enjoined from taking any action against any of the Released Parties for the purpose of directly or indirectly collecting, recovering or receiving any payment or recovery with respect to any Released Claims arising prior to the Effective Date (including prior to the Petition Date), including, but not limited to:

(a) Commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Released Claim against any of the Released Parties or the assets or property of any Released Party;

(b) Enforcing, attaching, collecting or recovering, by any manner or means, any judgment, award, decree or order against any of the Released Parties or the assets or property of any Released Party with respect to any such Released Claim;

(c) Creating, perfecting or enforcing any Lien of any kind against any of the Released Parties or the assets or property of any Released Party with respect to any such Released Claim;

(d) Except as otherwise expressly provided in the Plan or the Confirmation Order, asserting, implementing or effectuating any setoff, right of subrogation, indemnity, contribution or recoupment of any kind against any obligation due to any of the Released Parties or against the property of any Released Party with respect to any such Released Claim; and

(e) Taking any act, in any manner, in any place whatsoever, that does not conform to, or comply with, the provisions of the Plan or the Confirmation Order, provided, however, that the Debtors' compliance with the formal requirements of Bankruptcy Rule 3016 shall not constitute an admission that the Plan provides for any injunction against conduct not otherwise enjoined under the Bankruptcy Code.

Dated: August 2, 2021, San Juan, Puerto Rico

Respectfully submitted, /s/ Martin J. Bienenstock, Martin J. Bienenstock (*pro hac vice*), Brian S. Rosen (*pro hac vice*), **PROSKAUER ROSE LLP,** Eleven Times Square, New York, NY 10036, *Attorneys for the Financial Oversight and Management Board as representative for the Debtors* -and- /s/ Hermann D. Bauer, Hermann D. Bauer, USDC No. 215205, **O'NEILL & BORGES LLC,** 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918-1813, *Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] All capitalized terms used but not otherwise defined shall have the meanings given to such terms in the Plan.

[3] All of the dates and procedures set forth in this notice are subject to change by further Court order.

[4] For the avoidance of doubt, because holders of Claims in the Bond Classes must submit their vote and/or election through DTC's Automated Tender Offer Platform, the Voting Record Date shall not apply to the Bond Classes, and the holder of the applicable security at the time of tender shall be eligible to cast a vote and/or make an election.

# Exhibit J

*Bond Buyer*

## (September 15, 2021)

## Copy Of Advertisement Of

## Certificate of Publication

Yohanna Beato, is the Billing Coordinator of the BOND BUYER, a daily newspaper printed and published at One State Street Plaza, in the City of New York, County of New York, State of New York; and the notice, of which the annexed is a printed copy, was regularly published in said BOND BUYER on September 1st, 15th, & 29th 2021.

X *Yohanna Beato*

*Billing Coordinator*

*September 29th 2021*

**Legal Notice (Page 1 of 3)**

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

In re:

THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,

as representative of

THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,

Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS
(Jointly Administered)

### NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT, (II) ESTABLISHMENT OF RECORD DATES, (III) HEARING ON CONFIRMATION OF THE PLAN OF ADJUSTMENT AND PROCEDURES FOR OBJECTION TO CONFIRMATION OF THE PLAN OF ADJUSTMENT, (IV) PROCEDURES AND DEADLINE FOR VOTING ON THE PLAN OF ADJUSTMENT AND MAKING CERTAIN ELECTIONS THEREUNDER

**VOTING AND ELECTION DEADLINE: 5:00 p.m. (AST) on October 4, 2021**
**OBJECTION DEADLINE: 5:00 p.m. (AST) on October 19, 2021**
**CONFIRMATION HEARING: November 8 – 10, 12, 15 – 18, and 22 - 23, 2021 at 9:30 a.m. (AST)**

If you have any questions regarding this notice, please contact Prime Clerk LLC by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@primeclerk.com.

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. *Approval of Disclosure Statement.* By order, dated August 2, 2021 [ECF No. 17639] (the "Disclosure Statement Order"), the United States District Court for the District of Puerto Rico (the "Court") approved the adequacy of the information contained in the *Disclosure Statement for the Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, dated July 30, 2021 (as the same may be amended or modified, including all exhibits and attachments thereto, the "Disclosure Statement"), filed by the Financial Oversight and Management Board on behalf of the Debtors, and authorized the Debtors to solicit votes with respect to the acceptance or rejection of the *Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, dated July 30, 2021 (as the same may be amended or modified, including all exhibits and supplements thereto, the "Plan").[2]

**You may obtain a hard copy of the Plan and Disclosure Statement, including Spanish translations thereof, by contacting the Balloting Agent, Prime Clerk LLC:**

Telephone: (844) 822-9231 (toll free for U.S. and Puerto Rico) (Spanish available):
(844) 822-9231 (toll free for U.S. and Puerto Rico)
(646) 486-7944 (for international callers)
Email: puertoricoinfo@primeclerk.com

Alternatively, electronic copies of the Disclosure Statement and Plan are available by visiting https://cases.primeclerk.com/puertorico/.

2. Pursuant to the Disclosure Statement Order, the Debtors will mail materials needed for voting on the Plan or making elections on distributions thereunder (the "Solicitation Package") to holders Claims in the following Classes (collectively, the "Voting Classes"):

| Class | | Class | |
|---|---|---|---|
| Vintage PBA Bond Claims | Class 1 | 2011 CW Guarantee Bond Claims | Class 34 |
| Vintage PBA Bond Claims (Assured) | Class 2 | 2011 CW Series D/E/PIB Bond Claims | Class 36 |
| Vintage PBA Bond Claims (National) | Class 3 | 2011 CW Series D/E/PIB Bond Claims (Assured) | Class 37 |
| Vintage PBA Bond Claims (Ambac) | Class 4 | Retail 2011 CW Series D/E/PIB Bond Claims | Class 43 |
| Vintage PBA Bond Claims (FGIC) | Class 5 | 2012 CW Bond Claims | Class 40 |
| Vintage PBA Bond Claims (Syncora) | Class 6 | Retail 2012 CW Bond Claims | Class 42 |
| Retail Vintage PBA Bond Claims | Class 7 | 2012 CW Bond Claims (Assured) | Class 42 |
| 2011 PBA Bond Claims | Class 8 | 2012 CW Guarantee Bond Claims | Class 45 |
| Retail 2011 PBA Bond Claims | Class 9 | 2014 CW Bond Claims | Class 46 |
| 2012 PBA Bond Claims | Class 10 | Retail 2014 CW Bond Claims | Class 47 |
| Retail 2012 PBA Bond Claims | Class 11 | 2014 CW Guarantee Bond Claims | Class 49 |
| PBA/DRA Secured Claims | Class 12 | Retired JRS Participant Below-Threshold Claims | Class 51B |
| PBA General Unsecured Claims | Class 13 | Retired ERS Participant Below-Threshold Claims | Class 51B |
| PBA/DRA Unsecured Claims | Class 14 | Retired ERS Participant Above-Threshold Claims | Class 51D |
| Vintage CW Bond Claims | Class 15 | Retired TRS Participant Above-Threshold Claims | Class 51E |
| Retail Vintage CW Bond Claims | Class 16 | Retired TRS Participant Above-Threshold Claims | Class 51F |
| Vintage CW Bond Claims (Assured) | Class 17 | Active ERS Participant Claims | Class 51G |
| Vintage CW Bond Claims (National) | Class 18 | | Class 51H |
| Vintage CW Bond Claims (Ambac) | Class 19 | Active JRS Participant Claims | Class 51H |
| Vintage CW Bond Claims (FGIC) | Class 20 | Active TRS Participant Claims | Class 51I |
| Vintage CW Bond Claims (Syncora) | Class 21 | TRS Payroll Participant Above-Threshold Claims | Class 51J |
| Vintage CW Guarantee Bond Claims | Class 23 | AFSCME Claims | Class 52 |
| Vintage CW Guarantee Bond Claims (Assured) | Class 24 | Dairy Producers Claims | Class 53 |
| Vintage CW Guarantee Bond Claims (National) | Class 25 | Eminent Domain Claims | Class 54 |
| Vintage CW Guarantee Bond Claims (Ambac) | Class 26 | Med Center Claims | Class 56 |
| Vintage CW Guarantee Bond Claims (FGIC) | Class 27 | CW General Unsecured Claims | Class 58 |
| Vintage CW Guarantee Bond Claims (Syncora) | Class 28 | CW/HTA Claims | Class 59 |
| | | CW/Convention Center Claims | Class 60 |
| | | CW/PRIFA Rum Tax Claims | Class 61 |
| | | CW/MBA Claims | Class 62 |
| 2011 CW Bond Claims | Class 30 | ERS General Unsecured Claims | Class 65 |
| Retail 2011 CW Bond Claims | Class 31 | ERS General Unsecured Claims | Class 66 |
| 2011 CW Bond Claims (Assured) | Class 32 | Federal Claims | Class 67 |

3. *Confirmation Hearing.* A hearing to consider confirmation of the Plan (the "Confirmation Hearing") will be held before The Honorable Laura Taylor Swain, via telephonic hearing through CourtSolutions on **November 8 – 10, 12, 15 – 18, and 22 - 23, 2021 at 9:30 a.m. (Atlantic Standard Time)**.

4. The Confirmation Hearing may be continued from time to time by the Court or the Oversight Board, without further notice or through adjournments announced in open court or as indicated in any notice of agenda of matters scheduled for hearing filed with the Court, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, in accordance with the modification provisions of the Plan and Local Rule 3016-2, without further notice to interested parties.

5. *Plan Confirmation Depository.* Information relating to confirmation of the Plan is available online in the Plan Confirmation Depository at title@plandataroom.com.

6. *Confirmation Objection Deadline.* The Court has established **5:00 p.m. (Atlantic Standard Time) on October 19, 2021** (the "Confirmation Objection Deadline") as the deadline to file objections or responses to confirmation of the proposed Plan.

7. *Objections and Responses to Confirmation.* Objections and responses to confirmation of the Plan must:

a. be in writing, in English, and signed;
b. State the name, address, and nature of the Claim of the objecting or responding party;
c. State with particularity the basis and nature of any objection or response and include, where appropriate, proposed language to be inserted in the Plan to resolve any such objection or response;
d. Be filed electronically with the Court on the docket of *In re Commonwealth of Puerto Rico*, Case No. 17 BK 3283-LTS, through the Court's case filing system in searchable portable document format **on or before October 19, 2021 at 5:00 p.m. (Atlantic Standard Time)**.

i. If you are not an attorney who is a registered user of the Court's case filing system, you may instead mail your objection to the Court's Clerk's office at:
United States District Court, Clerk's Office
150 Ave. Carlos Chardon Ste. 150,
San Juan, P.R. 00918-1767

so as to be received **on or before October 19, 2021 at 5:00 p.m. (Atlantic Standard Time)**; and

e. Be served upon the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: In re: Commonwealth of Puerto Rico) so as to be received on or before the Final Confirmation Objection Deadline.

8. *Participation in Confirmation Discovery.* If you wish to participate in discovery in connection with confirmation of the Plan, you must file a notice of your intention to participate in discovery (a "Discovery Notice"), a form of which is available at https://cases.primeclerk.com/puertorico/. If you file your Discovery Notice **after August 15, 2021, but on or before October 19, 2021**, you may be granted access to documents in the Plan Depository, where information and documents concerning the Plan are kept, and will also be able to serve your own discovery requests. If you file your Discovery Notice **after August 15, 2021, but on or before October 19, 2021**, you may be granted access to documents in the Plan Depository. Please note that access to the information in the Plan Depository may also require complying with the Debtors' access requirements.

9. You must submit the Discovery Notice in the form provided on the Title III Case website above, which must:

a. Be in writing, in English, and be signed;
b. State your name, address, the nature of your Claim, and your Claim number;
c. State your intention to participate in discovery in connection with confirmation of the Plan; and
d. Be filed electronically with the Court on the docket using the CM/ECF docket event Notice of Intent to Participate in Discovery for Commonwealth Plan Confirmation, in *In re Commonwealth of Puerto Rico*, Case No. 17 BK 3283-LTS, through the Court's case filing system on or before the applicable deadline.

i. If you are not represented by counsel, you may instead mail your Discovery Notice to the Court's Clerk's office at:
United States District Court, Clerk's Office
150 Ave. Carlos Chardon Ste. 150
San Juan, P.R. 00918-1767

so as to be received on or before the applicable deadline.

10. **You must timely file a Discovery Notice to participate in discovery in connection with confirmation of the Plan.** Failure to timely file a Discovery Notice, however, will not preclude you from filing an objection to confirmation of the Plan on or before the Confirmation Objection Deadline, but will preclude you from being able to view documents in the Plan Depository, and from taking discovery.

11. *Discovery Timetable and Deadlines.* The Court has established the following discovery dates and deadlines, which are applicable to the Debtors and to other parties in interest who have timely filed a Discovery Notice and are eligible to participate in discovery:[3]

### Summary of Certain Deadlines

| | |
|---|---|
| **August 3, 2021** | Deadline for the Debtors to file a preliminary fact witness list and topics about which each witness will testify ("Debtors' Preliminary Fact Witness List"). |
| | Deadline for the Debtors to file an opening summary brief explaining what the Debtors expect to prove at confirmation. |
| **August 6, 2021** | Opening date for all parties to serve initial requests for production of non-depository documents ("Initial Production Requests"). Creditors and parties in interest may serve Initial Production Requests only following their filing of a Notice of Intent to Participate in Discovery (as defined below). Responses and objections to such Initial Production Requests shall be served within seven (7) days of service of such Requests. |
| **August 15, 2021** | Deadline for Eligible Creditors and parties in interest to file a "Notice of Intent to Participate in Discovery," also known as a "Discovery Notice." Only parties who file a timely Notice of Intent to Participate in Discovery can propound discovery, but failure to do so does not preclude a party from objecting to confirmation of the Plan. |

| | |
|---|---|
| **September 6, 2021** | Deadline for Eligible Creditors to file a preliminary fact witness list and topics about which each witness is expected to testify (an "Eligible Creditors Preliminary Fact Witness List"). |
| | Deadline for all parties to serve opening expert disclosures ("Opening Expert Disclosures"). |
| **September 13, 2021** | Deadline for all parties to serve opening expert reports ("Opening Expert Reports"). |
| | Deadline for all parties to serve initial notices of deposition, topics and requested times for depositions ("Initial Notices of Deposition") (all parties are limited to seven (7)-hour time limit for depositions). Subsequent notices are allowed provided discovery is completed within time allowed. |
| **September 30, 2021** | Deadline for all parties to file *Daubert* motions and motions in *limine*. |
| **October 1, 2021** | Deadline for all parties to serve up to fifteen (15) interrogatories ("Interrogatories"), including subparts. Responses and objections to such Interrogatories shall be served within ten (10) days of service of such Interrogatories. |
| **October 4, 2021** | Deadline for all parties to serve rebuttal expert disclosures ("Rebuttal Expert Disclosures"). |
| | Deadline for all parties to file any follow-up requests for production ("Follow-Up Production Requests," and collectively with Initial Production Requests, "Production Requests"). |
| **October 8, 2021** | Deadline for all parties to file rebuttal expert reports ("Rebuttal Expert Reports"). |
| | Deadline for the Debtors to file an initial proposed order in support of confirmation of the Plan (the "Initial Proposed Confirmation Order"). |
| **October 11, 2021** | Deadline for all parties to serve requests for admission, limited to authentication of documents ("Admission Requests"). |
| | Completion of fact discovery (the "Fact Discovery Deadline"). |
| **October 15, 2021** | Deadline for all parties to file oppositions to *Daubert* motions and motions in *limine*. |
| **October 18, 2021** | Completion of expert discovery (the "Expert Discovery Deadline"). |
| **October 19, 2021** | Deadline for Eligible Creditors to file objections to confirmation of the Plan (the "Objections"). |
| | Deadline to file Notice of Intent to Participate in Discovery or Discovery Notice for Eligible Creditors who solely want access to documents in the Plan Depository. |
| **October 22, 2021** | Deadline for Eligible Creditors to file objections to the Initial Proposed Confirmation Order. |
| | Deadline for all parties to file finalized witness lists, exhibit lists and deposition designations. |
| | Deadline for all parties to file replies to *Daubert* motions and motions in *limine*. |
| **October 25, 2021** | Deadline for all parties to file witness declarations to be used at the Confirmation Hearing ("Witness Declarations"). |
| | Deadline for Debtors to file initial proposed findings of fact and conclusions of law in support of confirmation of the Plan (the "Initial Findings of Fact and Conclusions of Law"). |
| **October 27, 2021** | Deadline for Debtors to file Replies in Support of the Proposed Confirmation Order, and for Debtors to file Replies to Objections to confirmation of the Plan. |
| **October 30, 2021** | Deadline for all parties to serve counter-designations, objections to deposition designations, or objections to exhibit lists. |
| **November 1, 2021** | Virtual hearing on motions in *limine*. |
| **November 8, 2021** | Start of Confirmation Hearing. |

12. *Voting Record Date.* The voting record date is **July 13, 2021** (the "Voting Record Date"), which is the date for determining which holders of Claims in Voting Classes (except Bond Classes,[4] Class 51, and Class 52) are entitled to vote on the Plan. Therefore, only those creditors in a Class entitled to vote on the Plan and holding Claims against the Debtors (except in the Bond Classes, Class 51, and Class 52) as of the Voting Record Date are entitled to vote on the Plan.

13. *Voting Deadline.* The deadline for voting on the Plan is **on October 4, 2021, at 5:00 p.m. (Atlantic Standard Time)**, unless such time is extended (the "Voting Deadline"). *You are not required to vote on the Plan to receive distributions pursuant to the terms of the Plan, if confirmed by the Court, and provided you hold an Allowed Claim.*

14. If you received a Solicitation Package, including a Ballot or Notice and intend to vote on the Plan, you *must*: (a) follow the instructions carefully; (b) complete *all* of the required information on the Ballot (as applicable); and (c) either (i) execute and return your completed Ballot according so and as set forth in detail in the voting instructions included in the Solicitation Package so that your Ballot is *actually received* by the Debtors' solicitation agent, Prime Clerk (the "Balloting Agent") on or before the Voting Deadline, or (ii) instruct your broker or nominee (each, a "Nominee") to electronically deliver your bonds via the Automated Tender Offer Program ("ATOP") at The Depository Trust Company ("DTC") in accordance with your desire to vote to accept or reject the Plan on or before the Voting Deadline. *Failure to follow such instructions may disqualify your vote.*

15. *Election Deadline.* The deadline for holders of eligible Bond Claims that have the right to make an election of the form of distributions under the Plan to make such election is on **October 4, 2021, at 5:00 p.m. (Atlantic Standard Time)**, unless such time is extended (the "Election Deadline"). If you received a Notice with an option to make an election, you *must*: (a) follow the instructions carefully; and (b) deliver *all* of the required information according so and as set forth in detail in the election instructions so that it is received by your Nominee in sufficient time for your Nominee to *actually effectuate* your election through DTC's ATOP on or before the Election Deadline.

continues on the next page▶

**Legal Notice (Page 2 of 3)**

▶ *continued from the previous page*

16. **Parties not Entitled to Vote.** Creditors in the following Classes are deemed to reject the Plan and not entitled to vote:

- Class 63 (CW Appropriations Claims), and
- Class 64 (CW 510(b) Subordinated Claims).

17. Creditors in the following Classes are deemed to accept the Plan and not entitled to vote, but will receive distributions pursuant to the terms of the Plan, if confirmed by the Court:

- Class 51A (Retired ERS Participant Below-Threshold Claims),
- Class 51C (Retired TRS Participant Below-Threshold Claims),
- Class 51J (System 2000 Participant Below-Threshold Claims),
- Class 51K (VTP Payroll Participant Below-Threshold Claims),
- Class 55 (Energy Incentive Claims),
- Class 57 (Tax Credit Claims),
- Class 67 (Gracia-Gracia Claims), and
- Class 68 (Convenience Claims).

18. If a Claim is listed on the Debtors' list of creditors [Case No. 17-3283, ECF Nos. 1215, 1316, 2582, 10708] as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the earlier of the applicable bar date for the filing of proofs of claim established by the Court or the Voting Record Date (as applicable); or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, such Claim shall not be entitled to vote to accept or reject the Plan. Proofs of claim filed for $0.00 or Claims that have been expunged by order of the Court are also not entitled to vote.

19. If you are in Classes 63 or 64, or have timely filed a proof of claim and disagree with the Debtors' classification of, objection to, or request for estimation of your Claim and believe you should be entitled to vote on the Plan, you must serve the Debtors and the U.S. Trustee (address listed in paragraph 7(e) above) and file with the Court (with a copy to Chambers) a motion (a "Rule 3018(a) Motion") for an order pursuant to Rule 3018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") temporarily allowing your Claim in a different amount or in a different Class for purposes of voting to accept or reject the Plan. All Rule 3018(a) Motions must be filed on or before the tenth (10th) day after the later of (i) service of this Confirmation Hearing Notice and (ii) service of notice of an objection or request for estimation, if any, as to such Claim. In accordance with Bankruptcy Rule 3018(a), as to any creditor filing a Rule 3018(a) Motion, such creditor's Ballot will not be counted except as may be otherwise ordered by the Court prior to the Voting Deadline (**October 4, 2021 at 5:00 p.m. (Atlantic Standard Time)**). Creditors may contact the Balloting Agent (i) via first class mail or via overnight courier, at Puerto Rico Ballot Processing, C/O Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, (ii) by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or (iii) by email at puertoricoinfo@primeclerk.com, to receive an appropriate Ballot for any Claim for which a proof of claim has been timely filed and a Rule 3018(a) Motion has been granted. Rule 3018(a) Motions that are not timely filed and served in the manner set forth herein shall not be considered.

20. If you wish to have your Claim temporarily allowed for voting purposes pursuant to Bankruptcy Rule 3018(a), a form of Rule 3018(a) motion together with instructions for filing and serving the motion is available at https://cases.primeclerk.com/puertorico/.

21. **Parties Who Will Not be Treated as Creditors.** Any holder of a Claim that (i) is scheduled in the List of Creditors at $0.00 and is not the subject of a timely filed proof of Claim or a proof of claim deemed timely filed with the Court pursuant to either the Bankruptcy Code or any order of the Court, or otherwise deemed timely filed under applicable law, or (ii) is not scheduled and is not the subject of a timely filed proof of claim or a proof of claim deemed timely filed with the Court pursuant to either the Bankruptcy Code or any order of the Court, or otherwise deemed timely filed under applicable law, shall not be treated as a creditor with respect to such Claim for purposes of (a) receiving notices regarding the Plan, and (b) voting on the Plan.

22. **Additional Information.** Any party in interest wishing to obtain information about the solicitation procedures or copies of the Disclosure Statement or the Plan, including Spanish translations thereof, should contact the Balloting Agent, Prime Clerk LLC, by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@primeclerk.com, or may view such documents by accessing either https://cases.primeclerk.com/puertorico/ or the Court's website, https://www.prd.uscourts.gov/. Please note that a Public Access to Court Electronic Records ("PACER") (http://www.pacer.psc.uscourts.gov) password and login are needed to access documents on the Court's website.

23. **Bankruptcy Rules 2002(c)(3) and 3016(c).** In accordance with Bankruptcy Rules 2002(c)(3) and 3016(c), set forth below are the release, exculpation, and injunction provisions contained in the Plan.

**Section 92.2 – Discharge and Release of Claims and Causes of Action:**

(a) Except as expressly provided in the Plan or the Confirmation Order, all distributions and rights afforded under the Plan shall be, and shall be deemed to be, in exchange for, and in complete satisfaction, settlement, discharge and release of, all Claims or Causes of Action against the Released Parties that arose, in whole or in part, prior to the Effective Date, relating to the Title III Cases, the Debtors or Reorganized Debtors or any of their respective Assets, property, or interests of any nature whatsoever, including any interest accrued on such Claims from and after the Petition Date, and regardless of whether any property will have been distributed or retained pursuant to the Plan on account of such Claims or Causes of Action. Upon the Effective Date, the Debtors and Reorganized Debtors shall be deemed discharged and released from any and all Claims, Causes of Action and any other debts that arose, in whole or in part, prior to the Effective Date (including prior to the Petition Date), and Claims of the kind specified in sections 502(g), 502(h) or 502(i) of the Bankruptcy Code and PROMESA Section 407, whether or not (a) a proof of claim based upon such Claim is filed or deemed filed under section 501 of the Bankruptcy Code, (b) such Claim is allowed under section 502 of the Bankruptcy Code and PROMESA Section 407 (or is otherwise resolved), or (c) the holder of a Claim based upon such debt voted to accept the Plan. For the avoidance of doubt, nothing contained herein or in the Confirmation Order shall release, discharge or enjoin any claims or causes of action against PREPA arising from or related to PREPA-issued bonds, including, without limitation, Monoline-issued insurance pertaining thereto, and PREPA is not releasing any claims or causes of action against any non-Debtor Entity. Claims and causes of action against PREPA arising from or related to PREPA-issued bonds, and

releases against PREPA and its assets shall be addressed in PREPA's Title III case, including, without limitation, any plan of adjustment therein.

(b) Except as expressly provided in the Plan or the Confirmation Order, all Entities shall be precluded from asserting any and all Claims against the Debtors and Reorganized Debtors, and each of their respective Assets, property and rights, remedies, Claims or Causes of Action or liabilities of any nature whatsoever, relating to the Title III Cases, the Debtors or Reorganized Debtors or any of their respective Assets and property, including any interest accrued on such Claims from and after the Petition Date, and regardless of whether any property will have been distributed or retained pursuant to the Plan on account of such Claims or other obligations, suits, judgments, damages, debts, rights, remedies, causes of action or liabilities. In accordance with the foregoing, except as expressly provided in the Plan or the Confirmation Order, the Confirmation Order shall constitute a judicial determination, as of the Effective Date, of the discharge and release of all such Claims, Causes of Action or debt of or against the Debtors and the Reorganized Debtors pursuant to sections 524 and 944 of the Bankruptcy Code, applicable to the Title III Case pursuant to Section 301 of PROMESA, and such discharge shall void and extinguish any judgment obtained against the Debtors or Reorganized Debtors and their respective Assets, and property at any time, to the extent such judgment is related to a discharged Claim, debt or liability. As of the Effective Date, and in consideration for the value provided under the Plan, each holder of a Claim in any Class under this Plan shall be and hereby is deemed to release and forever waive and discharge as against the Debtors and Reorganized Debtors, and their respective Assets and property and all such Claims.

(c) Notwithstanding any other provisions of this Section 92.2, in accordance with the provisions of the GO/PBA Plan Support Agreement, each of the GO/PBA PSA Creditors and their respective Related Persons, solely in their capacity as Creditors of the Debtors, shall (i) be deemed to have released and covenanted not to sue or otherwise pursue or seek to recover damages or to seek any other type of relief against any of the Government Releasees based upon, arising from or relating to the Government Released Claims or any of the Claims or Causes of Action asserted or which could have been asserted, including, without limitation, in the Clawback Actions and the Lift Stay Motions, and (ii) not directly or indirectly aid any person in taking any action with respect to the Government Released Claims that is prohibited by this Section 92.2.

(d) Limitation. Notwithstanding anything contained herein or in the Confirmation Order to the contrary, no provision shall (i) preclude the SEC from enforcing its police or regulatory powers, or (ii) enjoin, limit, impair or delay the SEC from commencing or continuing any claims, causes of action, proceedings or investigations against any non-debtor person or non-debtor entity in any forum.

(e) United States Limitation. Notwithstanding anything contained herein or in the Confirmation Order to the contrary, no provision shall (i) impair the United States, its agencies, departments, or agents, or in any manner relieve the Debtors or the Reorganized Debtors, as the case may be, from compliance with federal laws or territorial laws and requirements implementing a federally authorized or federally delegated program protecting the health, safety and environment of persons in such territory, (ii) expand the scope of any discharge, release, or injunction to which the Debtors or the Reorganized Debtors are entitled under Title III, and (iii) discharge, release, enjoin, or otherwise bar (A) any liability of the Debtors or the Reorganized Debtors to the United States arising from and after the Effective Date, (B) any liability to the United States that is not a Claim, (C) any affirmative defense or any right of setoff or recoupment of the United States, the Debtors or the Reorganized Debtors, as the case may be, and such rights of setoff and recoupment of such parties are expressly preserved, (D) the continued validity of the obligations of the United States, the Debtors or the Reorganized Debtors, as the case may be, under any United States grant or cooperative assistance agreement, (E) the Debtors' or the Reorganized Debtors' obligations arising under federal police or regulatory laws, including, but not limited to, laws relating to the environment, public health or safety, or territorial laws implementing such federal legal provisions, including, but not limited to, compliance obligations, requirements under consent decrees or judicial orders, and obligations to pay associated administrative, civil, or other penalties, and (F) any liability to the United States on the part of any non-debtor. Without limiting the foregoing, nothing contained herein or in the Confirmation Order shall be deemed (i) to determine the tax liability of any Entity, including, but not limited to, the Debtors and the Reorganized Debtors, (ii) to be binding on the IRS with regard to the federal tax liabilities, tax status, or tax filing and withholding obligations of any entity, including, but not limited to, the Debtors and the Reorganized Debtors, (iii) to release, satisfy, discharge, or enjoin the collection of any claim of the IRS against any Entity other than the Debtors and the Reorganized Debtors, and (iv) to grant any relief to any Entity that the Court is prohibited from granting the Declaratory Judgment Act, 28 U.S.C. § 2201(a), or the Tax Anti-Injunction Act, 26 U.S.C. § 7421(a).

(f) Underwriter Actions. Notwithstanding anything contained herein or in the Confirmation Order to the contrary, including, without limitation, Sections 92.2, 92.3 and 92.11 of the Plan, except as may be precluded pursuant to the provisions of PROMESA, nothing in the Plan, the Confirmation Order or any Plan-related document set forth in the Plan Supplement is intended, nor shall it be construed, to impair, alter, modify, diminish, prohibit, bar, restrain, enjoin, release, reduce, eliminate or limit the rights of the plaintiffs and defendants, including, without limitation, the parties to the Underwriter Actions, from asserting their respective rights, claims, causes of action or defenses in the Underwriter Actions, including, but not limited to, any Claims, defenses, Causes of Action, and rights of setoff or recoupment (to the extent available).

**Section 92.3 – Injunction on Claims:** Except as otherwise expressly provided in the Plan, the Confirmation Order or such other Final Order of the Title III Court that may be applicable, all Entities who have held, hold or may hold Claims or any other debt or liability that is discharged or released pursuant to Section 92.2 hereof or who have held, hold or may hold Claims or any other debt or liability that is discharged or released pursuant to Section 92.2 hereof are permanently enjoined, from and after the Effective Date, from (a) commencing or continuing, directly or indirectly, in any manner, any action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) of any kind on any such Claim or other debt or liability that is discharged pursuant to the Plan against any of the Released Parties or any of their respective assets or property, (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order against any of the Released Parties or any of their respective assets or property on account of any Claim or other debt or liability that is discharged pursuant to the Plan, (c) creating, perfecting, or enforcing any encumbrance of any kind against any of the Released Parties or any of their respective assets or property on account of any Claim or other debt or liability that is discharged pursuant to the Plan, and (d) except to the extent provided, permitted or preserved by

sections 553, 555, 556, 559, or 560 of the Bankruptcy Code or pursuant to the common law right of recoupment, asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from any of the Released Parties or any of their respective assets or property, with respect to any such Claim or other debt or liability that is discharged pursuant to the Plan. Such injunction shall extend to all successors and assigns of the Released Parties and their respective assets and property.

**Section 92.5 – Releases by the Debtors and Reorganized Debtors:** Except as otherwise expressly provided in the Plan or the Confirmation Order, on the Effective Date, and for good and valuable consideration, each of the Debtors and Reorganized Debtors, the Disbursing Agent and each of the Debtors' and Reorganized Debtors' Related Persons shall be deemed to have and hereby does irrevocably and unconditionally, fully, finally and forever waive, release, acquit, and discharge the Released Parties from any and all Claims or Causes of Action that the Debtors, Reorganized Debtors, and the Disbursing Agent, or any of them, or anyone claiming through them, on their behalf or for their benefit, have or may have or claim to have, now or in the future, against any Released Party that are Released Claims or otherwise are based upon, relate to, or arise out of or in connection with, in whole or in part, any act, omission, transaction, event or other circumstance relating to the Title III Cases or the Debtors taking place or existing on or prior to the Effective Date, and/or any Claim, act, fact, transaction, occurrence, statement, or omission in connection therewith or alleged or that could have been alleged, including, without limitation, any such Claim, demand, right, liability, or cause of action for indemnification, contribution, or any other basis in law or equity for damages, costs or fees.

**Section 92.6 – Injunction Related to Releases:** As of the Effective Date, all Entities that hold, have held, or may hold a Released Claim that is released pursuant to Section 92.5 of the Plan, are, and shall be, permanently, forever and completely stayed, restrained, prohibited, barred and enjoined from taking any of the following actions, whether directly or indirectly, derivatively or otherwise, on account of or based on the subject matter of such discharged Released Claims: (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) in any forum; (ii) enforcing, attaching (including, without limitation any prejudgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order; (iii) creating, perfecting or in any way enforcing in any matter, directly or indirectly, any Lien; (iv) setting off, seeking reimbursement or contributions from, or subrogation against, or otherwise recouping in any manner, directly or indirectly, any amount against any liability or obligation owed to any Entity released under Section 92.5 hereof; and (v) commencing or continuing in any manner, in any place or any judicial, arbitration or administrative proceeding in any forum, that does not comply with or is inconsistent with the provisions of the Plan or the Confirmation Order. For the avoidance of doubt, the following stipulations will terminate upon the entry of the Confirmation Order: the Fourth Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority Regarding the Tolling of Statute of Limitations and Consent Order [Case No. 17-3283-LTS, ECF No. 15854], as amended; and the Fourth Amended Stipulation and Consent Order Between Title III Debtors (Other Than COFINA) and the Puerto Rico Fiscal Agency and Financial Advisory Authority Acting on Behalf of the Governmental Entities Listed on Appendix "B" Regarding the Tolling of Statute of Limitations [Case No. 17-3283-LTS, ECF No. 17394], as amended.

**Section 92.7 – Exculpation:**

(a) Government Parties: The Oversight Board, AAFAF, the Debtors, and each of their respective Related Persons, solely acting in its capacity as such at any time up to and including the Effective Date, shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Cases, the formulation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan; provided, however, that the foregoing provisions of this Section 89.7 shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct. Nothing in the foregoing provisions of this Section 89.7(a) shall prejudice the right of any of the Government Parties, and the Government Parties' officers and directors serving at any time up to and including the Effective Date, and each of their respective professionals to assert reliance upon advice of counsel as a defense with respect to their duties and responsibilities under the Plan.

(b) PSA Creditors: Each of the PSA Creditors solely in its capacity as a party to the GO/PBA Plan Support Agreement and/or the HTA/CCDA Plan Support Agreement and a Creditor and/or insurer, as applicable, from the Petition Date up to and including the Effective Date and each of their respective Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Cases, the negotiation, the negotiation, formation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, the GO/PBA Plan Support Agreement, the HTA/CCDA Plan Support Agreement, the Definitive Documents, or any other contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan; provided, however, that the foregoing provisions of this Section 92.7(b) shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct.

(c) Retiree Committee: Each of the members of the Retiree Committee, solely in its capacity as a member of the Retiree Committee and a Creditor, as applicable, from the Petition Date up to and including the Effective Date and each of the Retiree Committee's Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Cases, the formation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, the Retiree Committee Plan Support Agreement, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan and the Retiree Committee Plan Support Agreement; provided, however, that the foregoing provisions of this Section 92.7(c) shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct.

continues on the next page ▶

# Legal Notices

**14**

Wednesday, September 15, 2021
The Bond Buyer

**Legal Notice (Page 3 of 3)**

▶ *continued from the previous page*

(d) *Creditors' Committee:* Each of the members of the Creditors' Committee, solely in its capacity as a member of the Creditors' Committee, and the Creditors' Committee, from the Petition Date up to and including the Effective Date and each of the Creditors' Committee's Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Cases, the formation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan; *provided, however,* that the foregoing provisions of this Section 92.7(d) shall not affect the liability of any Entity that would otherwise result from any such act or omission to the extent such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct.

(e) *AFSCME:* Each of AFSCME solely in its capacity as a party to the AFSCME Plan Support Agreement and a Creditor, as applicable, from the Petition Date up to and including the Effective Date and each of their respective Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Cases, the formation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, the AFSCME Plan Support Agreement, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transaction set forth in the Plan and the AFSCME Plan Support Agreement; *provided, however,* that, the foregoing provisions of this Section 89.7(e) shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct.

(f) *Monoline Insurers:* Ambac, Assured, FGIC, National, Syncora, and their Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken consistent with the Plan or in connection with the formulation, preparation, dissemination, implementation, acceptance, confirmation or approval of the Plan, including, without limitation, in connection with the treatment of Ambac Insured Bond Claims, Assured Insured Bond Claims, FGIC Insured Bond Claims, National Insured Bond Claims, or Syncora Insured Bond Claims, the voting procedures, the election procedures, and any release of obligations under the applicable Ambac Insurance Policies, Assured Insurance Policies, FGIC Insurance Policies, National Insurance Policies, or Syncora Insurance Policies: *provided, however,* that, notwithstanding anything contained herein to the contrary, the terms and provisions of the Plan shall not, and shall not be construed to, release or exculpate, with respect to any beneficial holder of Ambac Insured Bonds, Assured Insured Bonds, FGIC Insured Bonds, National Insured Bonds, or Syncora Insured Bonds any payment obligation under the applicable Ambac Insurance Policy, Assured Insurance Policy, FGIC Insurance Policy, National Insurance Policy, or Syncora Insurance Policy in accordance with its terms solely to the extent of any failure of such holder to receive the Ambac Treatment, Assured Treatment, FGIC Treatment, National Treatment, or Syncora Treatment, as applicable (or any claims that Ambac, Assured, FGIC, National, or Syncora may have against a beneficial holder of respective insured bonds with respect to Ambac's, Assured's, FGIC's, National's or Syncora's applicable obligations under the Ambac Insurance Policies, Assured Insurance Policies, National Insurance Policies, or Syncora Insurance Policies, as applicable).

**Section 92.8 — Appointments Related Litigation:** Notwithstanding anything contained herein to the contrary, in the event that a Final Order is entered in connection with the Appointments Related Litigation or the Uniformity Litigation subsequent to entry of the Confirmation Order, in consideration of the distributions made, to be made, or deemed to be made in accordance with the terms and provisions of the Plan and documents and instruments related hereto, all Creditors or such other Entities receiving, or deemed to have received, distributions pursuant to or as a result of the Plan, consent and agree that such Final Order shall not in any way or manner reverse, affect or otherwise modify the transactions contemplated in the Plan and the Confirmation Order, including, without limitation, the releases, exculpations and injunctions provided pursuant to Article XCII of the Plan.

**Section 92.9 — Bar Order:** To the limited extent provided in the Plan, each and every Entity is permanently enjoined, barred and restrained from instituting, prosecuting, pursuing or litigating in any manner any and all Claims, demands, rights, liabilities, or causes of action of any and every kind, character or nature whatsoever, in law or in equity, known or unknown, direct or derivative, whether asserted or unasserted, against any of the Released Parties, based upon, related to, or arising out of or in connection with any of the Released Claims, confirmation and consummation of the Plan, the negotiation and consummation of the GO/PBA Plan Support Agreement, or any claim, act, fact, transaction, occurrence, statement or omission in connection with or alleged or that could have been alleged in the Title III Cases, including, without limitation, any such claim, demand, right, liability or cause of action for indemnification, contribution, or any other basis in law or equity for damages, costs or fees incurred arising directly or indirectly from or otherwise relating to the Title III Cases, either directly or indirectly by any Person for the direct or indirect benefit of any Released Party arising from or related to the claims, acts, facts, transactions, occurrences, statements or omissions that are, could have been or may be alleged in the related actions or any other action brought or that might be brought by, through, on behalf of, or for the benefit of any of the Released Parties (whether arising under federal, state or foreign law, and regardless of where asserted).

**Section 92.11 — Supplemental Injunction:** Notwithstanding anything contained herein to the contrary, except to the limited extent provided in the Plan, all Entities, including Entities acting on their behalf, who currently hold or assert, have held or asserted, or may hold or assert, any Released Claims against any of the Released Parties based upon, attributable to, arising out of or relating to the Title III Cases or any Claim against the Debtors, whenever and wherever arising or asserted, whether in the United States or anywhere else in the world, whether sounding in tort, contract, warranty, statute, or any other theory of law, equity or otherwise, shall be, and shall be deemed to be, permanently stayed, enjoined and restrained from taking any action against any of the Released Parties for the purpose of directly or indirectly collecting, recovering or receiving any payment or recovery with respect to any Released Claims arising prior to the Effective Date (including prior to the Petition Date), including, but not limited to:

(a) Commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Released Claim against any of the Released Parties or the assets or property of any Released Party;

(b) Enforcing, attaching, collecting or recovering, by any manner or means, any judgment, award, decree or order against any of the Released Parties or the assets or property of any Released Party with respect to any such Released Claim;

(c) Creating, perfecting or enforcing any Lien of any kind against any of the Released Parties or the assets or property of any Released Party with respect to any such Released Claim;

(d) Except as otherwise expressly provided in the Plan or the Confirmation Order, asserting, implementing or effectuating any setoff, right of subrogation, indemnity, contribution or recoupment of any kind against any obligation due to any of the Released Parties or against the property of any Released Party with respect to any such Released Claim; and

(e) Taking any act, in any manner, in any place whatsoever, that does not conform to, or comply with, the provisions of the Plan or the Confirmation Order, *provided, however,* that the Debtors' compliance with the formal requirements of Bankruptcy Rule 3016 shall not constitute an admission that the Plan provides for any injunction against conduct not otherwise enjoined under the Bankruptcy Code.

Dated: August 2, 2021, San Juan, Puerto Rico

Respectfully submitted, */s/ Martin J. Bienenstock* ___, Martin J. Bienenstock (*pro hac vice*), Brian S. Rosen (*pro hac vice*), **PROSKAUER ROSE LLP,** Eleven Times Square, New York, NY 10036, *Attorneys for the Financial Oversight and Management Board as representative for the Debtors* –and– */s/ Hermann D. Bauer* ___, Hermann D. Bauer, USDC No. 215205, **O'NEILL & BORGES LLC,** 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918-1813, *Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

¹ The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

² All capitalized terms used but not otherwise defined shall have the meanings given to such terms in the Plan.

³ All of the dates and procedures set forth in this notice are subject to change by further Court order.

⁴ For the avoidance of doubt, because holders of Claims in the Bond Classes must submit their vote and/or election through DTC's Automated Tender Offer Platform, the Voting Record Date shall not apply to the Bond Classes, and the holder of the applicable security at the time of tender shall be eligible to cast a vote and/or make an election.

# Request for Proposals Advertisement

### STATE OF WASHINGTON
### REQUEST FOR PROPOSALS - MUNICIPAL ADVISORY SERVICES

The state of Washington (State) acting through the Office of the State Treasurer (OST), seeks Proposals from qualified firms to serve as municipal advisor(s) to the State in connection with the management of the State's debt and other financial obligations. Advisory services may include transaction-specific, ongoing, and special project advisory services.

The full RFP can be obtained at https://www.tre.wa.gov/about-us/doing-business/. Responses are due by 5:00 PM PT on October 22, 2021.



**Municipal finance firms look for new business opportunities in *The Bond Buyer* including the opportunity to be on your next bond deal team. To advertise your RFP, contact**

**Wei-Ke (Victor) Kuo** at 1-212-803-8612 or at wei-ke.kuo@arizent.com.