UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

**NOTICE OF WITHDRAWAL OF THE GOVERNOR OF PUERTO RICO AND THE PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY'S LIMITED OBJECTION TO (I) THE SEVENTH AMENDED TITLE III JOINT PLAN OF ADJUSTMENT OF THE COMMONWEALTH OF PUERTO RICO, ET AL.; AND (II) THE PROPOSED ORDER AND JUDGMENT CONFIRMING THE PLAN**

To the Honorable United States District Judge Laura Taylor Swain:

Governor Pedro R. Pierluisi and the Puerto Rico Fiscal Agency and Financial Advisory Authority, ("AAFAF," and collectively with the Governor, the "Government"), through undersigned counsel, hereby withdraw their *Limited Objection to (I) the Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.; and (II) the Proposed Order and Judgment Confirming the Plan* (the "Objection") [ECF No. 18742], and state as follows:

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 847), (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747), and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523 (LTS)) (Last Four Digits of Federal Tax ID: 3801).

1. For nearly five years, the Government has advocated strongly on behalf of the people of Puerto Rico's interests while working closely with the Oversight Board[2] and its advisors to reach a successful restructuring of Puerto Rico's debt. As the Court is aware, Puerto Rico's debt restructuring began with the successful implementation of the GDB's Title VI consensual debt modification—where its debt obligations were reduced from approximately $5 billion to $3 billion—followed by the confirmation and implementation of the COFINA Title III plan of adjustment—in which COFINA's debt obligations were reduced from approximately $18 billion to $12 billion. The Court now has before it the next and perhaps most important chapter in the most complex restructuring in U.S. history with the confirmation of the Commonwealth, ERS, and PBA's Plan. In addition to the claims against the Debtors being reduced under the Plan for these Title III Cases from approximately $34 billion[3] to $7.4 billion in new debt, there are many other beneficial aspects, such as: substantial cuts to Puerto Rico's funded debt obligations, preservation of accrued public pension benefits, funding of future pension reserves, restoration of employee retirement accounts, and resolution of a massive amount of litigation. With this Plan, (i) resolution of these Title III Cases is within reach in large part due to the Court's steadfast patience, leadership, and guidance; and (ii) the path is paved for the successful completion of the remaining Title III cases.

2. The Government filed its Objection to the *Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al*. (the "Prior Plan") [ECF No. 17627] prior to the enactment of the "Act to End Puerto Rico's Bankruptcy" ("Act 53-2021"). The Objection made two main points: the Prior Plan (i) could not be confirmed without the requisite legislation

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the *Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al*. [ECF No. 19053] (the "Plan").
[3] Includes bond claims as well as other claims resolved in the Plan, such as general unsecured claims.

2

contemplated by PROMESA to emerge from Title III; and (ii) unnecessarily called for cuts to retirement pension benefit obligations through a "Monthly Benefit Modification."

3. On October 14, 2021, the Oversight Board declared its willingness to eliminate the Prior Plan's Monthly Benefit Modification, so long as the Government enacted legislation acceptable to the Oversight Board that authorizes the issuance of the New GO Bonds and CVIs. The Puerto Rico Legislature then took steps towards enacting such legislation, but the Oversight Board expressed disagreements with the language needed to effectuate the Oversight Board's proposed plan of adjustment.

4. On October 25, 2021, the Court held an emergency status conference to address the impediments to the Title III exit legislation's enactment. In an effective effort to overcome the legislative logjam, the Court ordered the parties to meet and confer and prohibited the Oversight Board from withdrawing the Prior Plan until the Hon. Barbara Houser submitted a mediation report addressing her good faith beliefs on the plan of adjustment's confirmation timetable.

5. On October 26, 2021, the Puerto Rico Legislature passed, and Governor Pierluisi signed into law, Act 53-2021—paving the way for the Court to consider the Plan that is predicated upon legislation necessary for the Plan's confirmation. That evening, Governor Pierluisi transmitted Act 53-2021 to the Oversight Board.

6. On October 28, 2021, the Oversight Board announced that: (i) it carefully reviewed Act 53-2021, (ii) Act 53-2021 is acceptable to the Oversight Board, and (iii) it is willing to move forward with the confirmation process with appropriate adjustments to the proposed Confirmation Order. That same day, the Hon. Barbara Houser filed her mediation report confirming that "(a) all parties in interest with whom members of the Mediation Team have communicated since the Status

3

Conference have engaged in good faith best efforts, and (b) the Mediation Team reasonably believes that the Confirmation Hearing can be expected to move forward as currently scheduled."[4]

7. This Court has consistently encouraged the Government and the Oversight Board to work cooperatively within PROMESA's power sharing framework, thereby minimizing delay and litigation costs and allowing for Puerto Rico's expeditious emergence from the largest and most complex municipal restructuring in U.S. history. In response to the Oversight Board's announcement indicating its willingness to eliminate the pension cuts as contemplated under the Plan's prior iteration and to allow for additional monies to be included in the Fiscal Plan, the Government enacted Act 53-2021, which authorizes the Plan transactions in a way that is not only fiscally sustainable and treats creditors fairly, but also respects important Government public policy priorities.

8. Act 53-2021 constitutes an unequivocal authorization for the issuance of the New GO Bonds and the CVIs, as required by PROMESA section 314(b)(5), subject only to the Oversight Board's removing the Plan's Monthly Benefit Modification from the Plan and no Restructuring Transaction[5] providing for cuts to public employees' accumulated pension benefits. Importantly, the Act does not address potential pension freezes or the elimination of cost-of-living adjustments ("COLAs"); whether such provisions are lawful is an issue the Court must decide in the coming days within the context of the objections filed by the teachers' and judges' unions, respectively.[6] The Government believes both unions should be duly heard by the Court with respect to the issues raised in their objections.

---

[4] *Statement of the Mediation Team Concerning Plan of Adjustment Confirmation Hearing* [ECF No. 18885].

[5] Defined in Act 53-2021 as "each of the transactions contemplated by, or in furtherance of, the Plan or a Qualifying Modification, including, without limitation, the issuance of the GO Bonds, the CVIs, and any trust related thereto and the cancellation and extinguishment of the Existing Claims pursuant to the Plan or a Qualifying Modification, as applicable."

[6] *See Legal Brief of the "Asociacion de Jubilados De la Judicatura de Puerto Rico" ("AJJPR") and Hon. Hector Urgell Cuebas, Former Judge of the Puerto Rico Court of Appeals and Participant of the Judicial Retirement System*

4

9. The current Plan properly and validly implements Act 53-2021. In that regard, the Oversight Board's Executive Director's supplemental declaration in respect of Plan confirmation confirms her belief that eliminating the Monthly Benefit Modification from the Plan is consistent with the Fiscal Plan.[7] Among other things, the Plan:

- Reduces the Commonwealth's overall debt and other claims from ~$34 billion to ~$7.4 billion;

- Creates a pension reserve trust to pay for future pension obligations; and

- Provides crucial funding for Puerto Rico's pension obligations—including reimbursing System 2000 contributions plus interest—and necessary government services.

10. The Government applauds the Monthly Benefit Modification's elimination once and for all in both the Plan and Fiscal Plan. This is one of the Government's highest public policy priorities. The Oversight Board's removal of the Monthly Benefit Modification is both lawful under PROMESA, and an accepted, sound municipal bankruptcy principle. As the First Circuit noted in the PROMESA context, "courts in municipal bankruptcies have engaged in somewhat free-form equitable balancing, explicitly allowing municipalities to consider all sorts of policy considerations in devising plans of adjustment."[8] For example, the City of Stockton's chapter 9 case left pension obligations intact—despite objections from a major creditor whose claims were substantially impaired—due, in part, to the *Stockton* plan of adjustment's substantial indirect

---

*In Support of Motion to Submit Objections to the Modification to the Judicial Retirement System Proposed by FOMB's Plan of Adjustment and Disclosure Statement* [ECF No. 18549]; *Objection of Asociacion de Maestros de Puerto Rico and Asociacion de Maestros de Puerto Rico-Localo Sindical to Confirmation of the Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et. al.* [ECF No. 18585].

[7] *See generally Supplemental Declaration of Natalie Jaresko in Respect of Confirmation of Eighth Amended Title III Joint Plan of Adjustment for the Commonwealth of Puerto Rico, et al.* [ECF No. 19058]. The Government's withdrawal of its Objection is premised on the Oversight Board's certification that the Plan, which eliminates the Monthly Benefit Modification, is consistent with the Fiscal Plan. The Government expects the Fiscal Plan to be amended at the appropriate time to eliminate the existing Monthly Benefit Modification.

[8] *In re Fin. Oversight and Mgt. Bd. for Puerto Rico*, 987 F.3d 173, 182 (1st Cir. 2021), *cert. denied sub nom. Elliott v. Fin. Oversight Bd.*, 20-1400, 2021 WL 4507657 (U.S. Oct. 4, 2021) (citing Aurelia Chaudhury *et al.*, *Junk Cities: Resolving Insolvency Crises in Overlapping Municipalities*, 107 Calif. L. Rev. 459, 517 (2019)).

5

impact on pensions.[9] Here, the Oversight Board's declaration in support of confirmation admits that since the filing of the Title III Cases, some pension plan participants "saw the value of their benefits reduced as compared with what they would have earned through an entire career with the Commonwealth based on benefit formulas previously in place."[10] Such reduction is being affirmed through pensioners' current Plan treatment. These are the exact considerations the *Stockton* Court took into account.[11] As in *Stockton*, any assertion that retirees are not affected by the Plan incorrectly suggests that Puerto Rico's retirees are not sharing the pain.[12] Thus, the Government supports the Monthly Benefit Modification's elimination from the Plan and Fiscal Plan.

11. Due to all of the aforementioned reasons, the Government (i) believes that the Plan should be confirmed, and (ii) will abide by the Court's ultimate decision with respect to all Plan issues.

## **RESERVATION OF RIGHTS**

12. While the Government supports the Plan as an important step towards concluding these Title III Cases, it reserves its rights as to certain provisions of the Plan and Confirmation Order that were added or amended on November 3, 2021. The Government is evaluating the impact and necessity of these modifications, and is in a dialogue with the Oversight Board regarding the same. The Government will update the Court no later than this Wednesday, November 10, 2021, as to whether it has any remaining objection to the Plan following these discussions. Notwithstanding these provisions, the Government will strive to resolve its differences with the Oversight Board and work collaboratively to implement the Plan.

---

[9] *In re City of Stockton, Cal.*, 542 B.R. 261, 267–69, 279 (9th Cir. BAP 2015).
[10] *See Declaration of Sheva R. Levy in Respect of Confirmation of Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 18737] at ¶ 28.
[11] *City of Stockton*, 542 B.R. at 279.
[12] *Id.*

6

## **CONCLUSION**

13. Notwithstanding the Objection's withdrawal, the Government believes the Puerto Rico's teachers' and judges' legal arguments on the pension freezes and COLA elimination merit fulsome consideration. As previously indicated, the Government will abide by the rule of law with respect to this Court's decision on these issues.

14. In light of all of the foregoing, the Government hereby withdraws its Objection subject to the above described reservation of rights.

[*Remainder of this page intentionally left blank.*]

Dated: November 6, 2021
San Juan, Puerto Rico

Respectfully submitted,

| **O'MELVENY & MYERS LLP** | **MARINI PIETRANTONI MUÑIZ LLC** |
|---|---|
| */s/ John J. Rapisardi* | */s/ Luis C. Marini-Biaggi* |
| John J. Rapisardi | Luis C. Marini-Biaggi |
| Maria J. DiConza | USDC No. 222301 |
| Matthew P. Kremer | Carolina Velaz-Rivero |
| (Admitted *Pro Hac Vice*) | USDC No. 300913 |
| 7 Times Square | 250 Ponce de León Ave., Suite 900 |
| New York, NY 10036 | San Juan, Puerto Rico 00918 |
| Telephone: (212) 326-2000 | Tel: (787) 705-2171 |
| Facsimile: (212) 326-2061 | Fax: (787) 936-7494 |
| Email: jrapisardi@omm.com | |
| mdiconza@omm.com | *Attorneys for the Hon. Pedro R. Pierluisi and* |
| mkremer@omm.com | *the Puerto Rico Fiscal Agency and Financial* |
| | *Advisory Authority* |

-and-

Peter Friedman
(Admitted *Pro Hac Vice*)
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
Email: pfriedman@omm.com

*Attorneys for the Hon. Pedro R. Pierluisi and the Puerto Rico Fiscal Agency and Financial Advisory Authority*