UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO
et al.,

    Debtors.[1]

------------------------------------------------------------------------x

PROMESA
Title III

No. 17-BK-3283-LTS
(Jointly Administered)

ORDER CONCERNING THE OVERSIGHT BOARD'S
OBJECTIONS TO DECLARATIONS OF MARK ELLIOTT OFFERED BY PETER C. HEIN

        This matter is before the Court on the objection of the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") to certain exhibits offered by Peter C. Hein in connection with the Confirmation Hearing. Mr. Hein has proffered the testimony of Mark Elliott through two declarations, Exhibit JJ (Docket Entry No. 18760-19) and Exhibit AAA (Docket Entry No. 18761-03, and together with Exhibit JJ, "the Exhibits"). In the Exhibits, Mr. Elliott purports to provide an illustrative example of the difficulties faced by certain investors with respect to the election and voting process. The Oversight Board has objected to portions of Mr. Elliott's declarations on numerous grounds, including relevance, unfair prejudice, lack of foundation for the witness's personal knowledge, improper expert opinion, and hearsay.

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

The Court heard oral argument on the Oversight Board's objections at the November 1, 2021 pretrial conference. At that hearing, the Court requested that the Oversight Board supplement its oral arguments by filing an informative motion highlighting and annotating the Exhibits to identify the statements to which it objected (the "Challenged Statements") and the grounds for each objection. On November 2, 2021, the Oversight Board filed its informative motion. (See Docket Entry No. 19007.) Mr. Hein responded to the Oversight Board's informative motion on November 4, 2021. (See Docket Entry No. 19064.)

The Court has carefully considered the oral arguments raised at the pretrial conference and the parties' informative motions. In assessing the Challenged Statements, the Court has adopted the numbering applied by Mr. Hein in his informative motion,[2] and makes the following rulings on each objection:

1. Overruled – While arguably irrelevant, the statement puts Mr. Elliott's declaration in context and in this bench trial the Court will give the statement its proper weight.

2. Sustained – Mr. Elliott is describing the expressions of representatives of Charles Schwab, Merrill Lynch, and Interactive Brokers without proper foundation as to the basis for these conclusions and is providing their statements as improper hearsay.

3. Sustained – Mr. Elliott is not an expert witness, and this statement therefore crosses into improper opinion testimony. It is also not supported by sufficient foundation.

4. Sustained – This statement is hearsay, and there is insufficient foundation concerning to whom Mr. Elliott spoke.

5. Overruled – Mr. Elliott's statements concerning his interactions with PrimeClerk are proffered based on his own experience calling the provided number.

6. Sustained – Mr. Elliott has not provided sufficient foundation for his statement as to what Charles Schwab is requiring of all of its clients. Further, the statement is hearsay.

7. Sustained – Same as above.

8. Overruled – This statement is arguably prejudicial, but the Oversight Board has not met its burden of demonstrating that exclusion is proper under Federal

---

[2] Mr. Hein identified each Challenged Statement in the Exhibits highlighted by the Oversight Board with a number from 1 to 32.

Rule of Evidence 403. In this bench trial, the Court will give the statement its appropriate weight.

9. Sustained – Here, Mr. Elliott is again describing Charles Schwab's procedures without proper foundation, and the statement is hearsay.

10. Sustained – Mr. Elliott has not provided sufficient foundation for his statements concerning what Charles Schwab is requiring of its clients. Further, the statement is also hearsay.

11. Sustained – Mr. Elliott has not provided foundation for his statements concerning what Charles Schwab is requiring of its clients, and the statement makes improper arguments concerning fees that would be paid to such clients. Further, his report of Charles Schwab's requirements is hearsay.

12. Sustained – Mr. Elliott has not provided any information on his personal involvement with the voting process for insured bonds and therefore his description of this process is not proper.

13. Overruled – This statement describing investor materials is arguably prejudicial, however, the Oversight Board has not met its burden to show that exclusion is proper here. In this bench trial, the Court will give the statement its appropriate weight.

14. Sustained – Mr. Elliott has not provided any information to support his conclusion that investors know that they should not introduce foreign media into their computers. He has not provided any personal experience to support this and, as Mr. Hein asserted at the pretrial conference, Mr. Elliott is not being offered as an expert on such matters.

15. Sustained – Same as above.

16. Overruled – Mr. Elliott's characterization of the written information sent to clients is arguably prejudicial, but the Oversight Board has not met its burden of demonstrating that exclusion is proper under Federal Rule of Evidence 403. The Court will give the statement its appropriate weight.

17. Overruled – Same as above.

18. Sustained – Mr. Elliott has not provided sufficient foundation to support that he has personal knowledge of what all investors were able to do or understand about the provided written materials.

19. Sustained – The reference to COFINA's confirmation constitutes improper opinion testimony. Mr. Elliott's opinion here concerning the parties who "won" and "lost" in that process is not sufficiently supported by information concerning his own experience, and he is not an expert witness qualified to provide such an opinion.

20. Sustained – Mr. Elliott has provided no facts to support his knowledge of whether and why brokers are overwhelmed or are experiencing shortages in connection with the pandemic.

21. Sustained – Mr. Elliott did not provide sufficient information concerning his personal knowledge to make this statement anything more than speculative.

22. Overruled – Mr. Elliott's statement concerning how many of his clients he was able to help make elections is relevant to the voting process, and as a straightforward statement of who he was able to assist, is not prejudicial to the Oversight Board.

23. Sustained – Here, Mr. Elliott is improperly testifying as to how other small investors feel about the process and their results.

24. Sustained – Mr. Elliott has not been tendered as an expert witness and his assertions as to what options should be made available to other investors is not proper testimony from this fact witness.

25. Sustained – This is an improper opinion because Mr. Elliott was not involved in the negotiations concerning confirmation and he does not have personal knowledge of the process.

26. Sustained – Mr. Elliott has not provided sufficient foundation for his statements concerning IRS tax deadlines and the impact the pandemic has had on IRS backups.

27. Sustained – Mr. Elliott's report of what Charles Schwab representatives told him is hearsay.

28. Sustained – This statement's summary of Charles Schwab's process for small investors is similarly hearsay.

29. Overruled – Mr. Elliott's own experience trying to contact PrimeClerk is based on his personal knowledge and is relevant to the voting process. It is not unfairly prejudicial.

30. Overruled – This statement concerning the process for investors with multiple CUSIPs appears to be based on Mr. Elliott's own experience.

31. Overruled – Same as above.

32. Sustained – This is improper opinion testimony from this fact witness.

SO ORDERED.

Dated: November 8, 2021

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge