UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD OF PUERTO RICO<br><br>*As representative of*<br>THE COMMONWEALTH OF PUERTO RICO, ET ALS.<br><br>*Debtors* | PROMESA<br><br>TITLE III<br><br><br>No. 17 BK 3283-LTS |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

TO THE HONORABLE COURT:

**COMES NOW** plaintiff, Alex Vargas Segarra, his wife Betsie Seda Collado through their undersigned counsel and very respectfully STATES and PRAYS:

### FACTS

1. On May 3, 2017, Debtor by its representative and pursuant to section 315 of the Puerto Rico Oversight, Management, and Economic Stability Act (hereinafter "PROMESA"), the Financial Oversight and Management Board for Puerto Rico filed a voluntary petition in the United States District Court for the District of Puerto Rico under Title III of PROMESA seeking relief from creditors.

2. Creditor, Alex Vargas (hereinafter "the Estate"), in 2008 filed the present case before the CASP (Comisión Apelativa del Sistema de Administración de Recursos Humanos del Servicio Público), also know as CASARH. Under Case Number 2008-10-0403. The First Instant Court decided to remand the case to CASARH to exhaust all administrative remedies. Due to the CASARH's inaction, plaintiff filed a complaint and injunctive relief for his reinstatement with bac-pay benefits against the Puerto Rico State Police case in the Puerto Rico Court of First

Instance in Mayaguez against Debtors, Alex F. Vargas Segarra, et. als. v. Commonwealth of Puerto Rico, Civil Case Number ISCI2017-01070. (See Exhibit A). The Debtor has filed a motion at the state court requesting the automatic stay of the proceedings pursuant to sections 362(a) and 922(a) of the Bankruptcy Code, as incorporated by reference under section 301(a) of PROMESA.

## APPLICABLE LAW

3. Section 362(d)(1) of the Bankruptcy Code (11 U.S.C. §362(d)(1)) reads as follows: (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -- (1) for cause, including the lack of adequate protection of an interest in property of such party in interest ...

4. The Constitution of the Commonwealth of Puerto Rico, P.R. Const. Art. II, § 7, provides that: The right to life, liberty and the enjoyment of property is recognized as a fundamental right of man. The death penalty shall not exist. No person shall be deprived of his liberty or property without due process of law. (Emphasis added).

5. The Fourteenth Amendment of the United States Constitution provides that "nor shall any State deprive any person of life, liberty, or property, without due process of law." (Emphasis added). U.S. Const. amend. XIV. The limitations of the Fifth Amendment also apply, through the Due Process Clause of the Fourteenth Amendment, to takings by state governments.

6. The Supreme Court of the United States has addressed the takings issue in the context of bankruptcy on several occasions, holding each time that the bankruptcy power is limited by the Fifth Amendment. See United States v. Security Indus. Bank, 459 US. 70, 75, 78 (19821; Wright v. Vinton Branch of Mtn. Trust Bank, 300 Us. 440, 456-58 (1937); Louisville Joint Stock Land Bank v. Radford, 295 US. 555, 589 (1935). The protections afforded by the Fifth

Amendment are not abrogated by the Bankruptcy Code. The legislative history of the Bankruptcy Code indicates that the drafters of the Bankruptcy Code considered the Fifth Amendment to be a limitation upon the impairment of property rights in bankruptcy, and current bankruptcy law gives great deference to property rights. Julia Patterson Forrester, Bankruptcy Takings, 51 Fla. L. Rev. 851, 863 (Dec. 1999).

7. The Supreme Court has stated that a Takings Clause violation is defined by two elements: (1) the public taking of private property, and (2) the subsequent denial of just compensation for the (taking. See Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank, 473 Us. 172, 195 n.13, 105 S. Ct. 3108, 87 L. Ed. 2d 126 (1985).

8. Back pay and reinstatement rights must be considered as a taking by the government of creditor's wages without compensation. Section 944(c)(1) of the Bankruptcy Code provides that "the debtor is not discharged under subsection (b) of this section for any debt- (1) excepted from discharge by the plan or order confirming the plan." 11. U.S.C. § 944.

## DISCUSSION OF THE FACTS TO THE APPLICABLE LAW

9. In the case at hand, Mr. Vargas submits that the automatic stay should be modified to allow him to continue with the state court proceedings in order to obtain a determination of just compensation for the taking by debtor of his employment rights through discriminatory measures and omissions. In In re Charlesbank Laundry, 755 F.2d 200, 202 (lst Cir. 1985), further supports the granting of administrative expense priority. In that decision, the First Circuit reasoned that "administrative expense priority for attorney's fees accruing post-petition was warranted under Reading's fairness rationale because the claimants' lives were "adversely affected" by the debtor's continued operation in violation of the pre-petition injunction. Back pay accruing post-petition should be entitled to administrative priority because the lives of the

victims of the discrimination were adversely affected by the debtor's continued failure to offer reinstatement."

10. In In re City of Detroit, supra at 270, the Court stated that courts should avoid "interpreting [a statue] in a manner that would render it clearly unconstitutional ... if there is another reasonable interpretation available" citing Edmond v. United States, 520 Us. 651, 658, 117 S. Ct. 1573, 137 LEd. 2d 917 (1997).

11. If the automatic stay is not lifted and creditor, Mr. Vargas, is deprived of its right to a just compensation and reinstatement of his employment, the two elements of a violation of the Taking Clause obligation as stated by the Supreme Court in Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank, supra · namely (i) the public taking of private property, and (ii) the subsequent denial of just compensation for that taking, would be satisfied.

12. As stated "Absolving the employer of its obligation to issue back pay accruing post-petition as an administrative expense undermines the anti-discrimination laws. It does so by providing employers an incentive not to reinstate discrimination victims, but rather to usurp discriminates to the ranks of the general unsecured creditors who may ultimately obtain only a small fraction of the value of their claims." This thereby guts Title VII's goal of eliminating discrimination in the workplace through voluntary compliance.

13. If this Honorable Court decides, as the Court did in In re City of Detroit, supra, to order the nondischargeability of the Taking Clause claims in the confirmation order to avoid any unconstitutionality issue, it is imperative that the stay be lifted in order for creditor, Mr. Alex Vargas, to obtain a determination of just compensation in the state court case. Creditor, Mr. Vargas then would be able to file a proof of claim with the correct amount owed and seek reinstatement of his employment. Debtor's plan should provide for payment of such claim in order to propose a confirmable plan and avoid any unconstitutionality issue.

**WHEREFORE**, it is respectfully prayed that creditor, the Estate, be granted relief from the automatic stay pursuant to 11 U.S.C. §362(d)(1) as to the Debtor, and to the Estate, to continue the proceedings at the state court civil case number ISCI2017-01070 in order to establish an amount of just compensation, and authorization to continue proceedings from reinstatement before CASARH, with such other and further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

I hereby certify that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Office of the United States Trustee and to the attorneys of record.

**RESPECTFULLY SUBMITTED.**

In Ponce, Puerto Rico, this November 9th, 2021.

*/s/ Juan C Bigas Valedon*
JUAN C BIGAS VALEDON
USDC- PR 215404
PO BOX 7011
PONCE PR 00732-7011
TEL. / FAX: (787) 259-1000
E-mail: jcbigas@yahoo.com