ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE MAYAGUEZ

| | |
|---|---|
| ALEX F. VARGAS SEGARRA y su esposa BETSIE SEDA COLLADO, y la SOCIEDAD LEGAL DE BIENES GANANCIALES compuesta por ambos<br>Demandantes<br><br>VS.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO; POLICIA DE PUERTO RICO y el SUPERINTENDENTE DE LA POLICIA, en su carácter oficial<br>Demandados | Civil Número:<br>ISCI201701070<br>(307)<br><br>SOBRE:<br><br>INJUCTION PRELIMINAR Y PERMANENTE Y DAÑOS Y PERJUICIOS |

**DEMANDA**

AL HONORABLE TRIBUNAL:

Comparece la parte demandante por conducto de su representación legal quien suscribe y muy respetuosamente EXPONEN, ALEGAN Y SOLICITAN:

**I. Las Partes**

1. Los demandantes Alex F. Vargas Segarra y Betsie Seda Collado son mayores de edad, casados entre sí, propietarios, con dirección residencial y postal en la Urb. Paseo Las Colinas #932, Mayaguez, PR 00680

2. La parte demandada está compuesta por el Estado Libre Asociado de Puerto Rico, Policia de Puerto Rico y Superintendente de la Policia, en su carácter oficial; con dirección física: Ave. Franklin D. Roosevelt 601, Cuartel General, Hato Rey, Puerto Rico; dirección postal: PO Box 70166, San Juan, PR 00936-8166.

**II. Los Hechos**

3. El compareciente demandante Alex Vargas Segarra trabajó en la Policia de Puerto Rico desde Marzo de 2001 hasta Julio de 2004. (Se acompaña copia de Carta Certificada y Reconocimientos de la Policia de Puerto Rico y se marca como **Anejo 1**)

4. Luego de un examen visual médico para el año 2000, el demandante fue juramentado como Policía el 15 de marzo de 2001 laborando por espacio de tres años y tres meses con Placa #30729.

1

5. El demandante solicitó reingreso a la Policia de Puerto Rico en Agosto de 2006. (Se acompaña copia de carta y se marca como **Anejo 2**)

6. Durante el mes de mayo de 2008 la parte demandante se sometió a un examen médico ofrecido por la parte demandada siendo requisito para reingresar a la Policia de Puerto Rico. (Se acompaña copia de carta y exámen médico y se marca como **Anejo 3**)

7. Habiendo cumplido la parte demandante con los requisitos médicos establecidos por la agencia, no había sido notificado con problemas ni condición alguna para su reingreso a la Policía, continuando con la entrevista de la Trabajadora Social y la del Psicólogo escrita y luego en persona.

8. Estando pendiente para nombramiento y el examen de dopaje, el demandante recibió de la Policia de Puerto Rico una carta del 3 de julio de 2008 donde le notifica que el examen fisico al cual fue sometido fue desfavorable. (Se acompaña copia de carta y se marca como **Anejo 4**)

9. El 4 de septiembre de 2008 se recibió la comunicación de la Oficina del Superintendente de la Policia de Puerto Rico donde se informaba que la Oficina de Servicios Médicos determinó reafirmarse en la decisión tomada. (Se acompaña copia de carta y se marca como **Anejo 5**)

10. Luego de unos trámites administrativos y habiendole notificado al demandante que cualificaba en todos los aspectos sobre el reingreso, se le informó que lo estaban rechazando por condición visual.

11. La parte demandada tomó una determinación en base a un ingreso y la policia nunca consideró en su determinación que se trataba de un reingreso a la Policia de Puerto Rico, y que la condición visual de la parte demandante era una que existía al momento de ingresar a la Policia. La determinación de la condición impuesta para evitar el reingreso a la Policia fue una selectiva y sin fundamento convirtiéndose en una discriminatoria, ya que en el Cuerpo de la Policia han sido admitidos personas con problemas visuales que pueden ser correctivos con espejuelos u operación.

2

12. La parte demandante recurrió a la Comisión Apelativa, Sistema de Recursos Humanos del Servicio Público por entender que la decisión era injusta, ya que para el año 2000 realizó todas las gestiones de ingreso a la Policía de Puerto Rico y en aquella ocasión se admitió en base a un examen visual médico que se le administró con espejuelos y sin espejuelos, habiendo tenido un diagnóstico visual de miopía el cual podía ser corregido con espejuelos o cirugía.

13. Con fecha 5 de octubre de 2008 el demandante acudió ante la Comisión Apelativa al Sistema de Recursos Humanos del Servicio Público, habiendosele aceptado la reclamacion bajo el numero de caso 2008-10-0403 y estando estos pendiente ante dicha Comisión sin que la misma haya señalado vista ni tomado acción alguna en relación con todo el procedimiento que se ha llevado ante ese Honorable Cuerpo. (Se acompaña copia de carta y se marca como **Anejo 6**)

14. Obviando el procedimiento ante la Comisión es uno que atenta contra los derechos fundamentales del demandante y de nada serviría el continuar con el procedimiento ante dicha Comisión.

15. La Comisión ha tenido ante sí el caso que se radicara ante esa instrumentalidad desde el 2008, año de la radicación hasta este momento sin haber continuado con los procedimientos ni emitido determinación de ninguna naturaleza en cuanto a la solución del problema que se radicara ante esa instrumentalidad, por lo que este Honorable Tribunal tiene jurisdicción sobre la materia por la cual se está radicando la presente acción.

16. La Policia de Puerto Rico ha incumplido la orden emitida por la Comisión. (Se acompaña copia de la Orden y se marca como **Anejo 7**)

17. Es de importancia hacer notar que el demandante, el 12 de julio de 2013, sometió ante la Policia de Puerto Rico una petición en la cual solicitaba además de la reinstalación y pago de los sueldos dejados de percibir, incluyendo bonos, vacaciones, enfermedad, retiro, AELA, medicaid, gastos y honorarios de abogado; lo que ha estado en

3

todo momento ante la consideración de la Comisión de Servicios Público. (Se acompaña copia de carta y se marca como **Anejo 8**)

18. Desde el 2014 se le ha estado solicitando a la Comisión señale vista, lo que no ha acontecido. (Se acompaña copia de carta y exámen médico y se marca como **Anejo 9**)

19. La última comparecencia del demandante ante la Comisión fue mediante una moción titulada "Moción Urgente", no habiendo este actuado sobre la misma ni sobre la "Moción en Auxilio de Jurisdicción" que se radicara el 4 de febrero de 2016. (Se acompaña copia de mociones y se marcan como **Anejo 10 y Anejo 11**)

### III. El Derecho Aplicable

20. La Sec. 1 del Art. II de la Constitución de Puerto Rico, 1 L.P.R.A. Sec. 1, prohibe categóricamente la existencia de discrimen por motivo de raza, color, sexo, nacimiento, origen o condición social.

21. En el ámbito obrero patronal, estos principios fueron recogidos en la Ley núm. 100 de 30 de junio de 1959, según enmendada, 29 L.P.R.A. Sec. 146 et seq., que prohíbe el discrimen en el empleo por razón de edad, raza, color, sexo, origen social e ideas políticas o religiosas.

22. En ningún momento el demandante solicitó ingreso a la Policía sino reingresó con fundamento en su nombramiento a que se ha hecho referencia y no fue tratado como tal ya que la acción tomada fue en base de un ingreso, habiéndose discriminado contra el demandante por el mero hecho de determinar que no tenía requerimiento de la condición visual cuya situación era la misma que al momento cuando ingresó originalmente a la Policía.

23. La Constitución de Puerto Rico tambien le garantiza al trabajador el estar protegido "contra riesgos para su salud o integridad personal en su trabajo o empleo." Véase el Articulo 2, Sección 16.

4

## IV. Otras consideraciones jurídicas aplicables a esta Demanda

### A. La doctrina de agotar remedios administrativos

24. La doctrina de agotamiento de remedios administrativos es una norma de auto limitación judicial. Sus objetivos son asegurar una mayor eficacia y rapidez en los procedimientos administrativos, mantener un adecuado balance y distribución de poder y tareas entre el poder judicial y las agencias administrativas y evitar una intervención judicial "innecesaria y a destiempo". Véase, entre otros, Vélez Ramírez v. Romero Barceló, 112 DPR 716 (1982)); Guadalupe v. Saldaña, Pres., U.P.R., 133 DPR 42 (1993).

25. Ahora bien, tanto la jurisprudencia como la Ley núm. 170 del 12 de agosto de 1988, según enmendada, mejor conocida como la "Ley de Procedimiento Administrativo Uniforme" (LPAU), 3 LPRA 2001, et seq., han reconocido varias excepciones a la doctrina de agotamiento de remedios administrativos. Existen varias circunstancias que justifican el que un litigante obvie el agotar los remedios administrativos y acuda directamente al foro judicial. Entre esas circunstancias se encuentran: (1) que lo presentado sea una cuestión de derecho y no requiera el ejercicio de discreción administrativa; (2) que haya una violación a los derechos civiles ; (3) que el remedio administrativo sea inútil e inadecuado; (4) que exista peligro de daño inminente; o (5) que haya una clara ausencia de jurisdicción del foro administrativo. Véase, Acevedo Ramos v. Municipio de Aguadilla, 153 DPR 788 (2001)

26. La sección 4.3 de la LPAU dispone que el Tribunal podrá relevar a un peticionario de tener que agotar alguno o todos los remedios administrativos provistos en el caso de que dicho remedio sea inadecuado, o cuando el requerir su agotamiento resultare en un daño irreparable al promovente y en el balance de intereses no se justifica agotar dichos remedios, o cuando se alegue la violación sustancial de derechos constitucionales, o cuando sea inútil agotar los remedios administrativos por la dilación excesiva en los procedimientos, o cuando sea un caso claro de falta de jurisdicción de la agencia, o cuando sea un asunto extrictamente de derecho y es innecesaria la pericia administrativa.

5

27. En este caso existe una violación de un derecho constitucional del Sr. Vargas Segarra.

### B. El Remedio de Injunction

28. El Injunction es el remedio más eficaz que puede utilizarse para vindicar los diversos derechos fundamentales protegidos por nuestra Constitución. Gracia Ortiz v. Policia de Puerto Rico, 140 DPR 247 (1969); Noriega v. Gobernador, 122 DPR 650, 681, (1983).

29. Los motivos o casos que pueden dar paso a la concesión de un Injunction se desprenden del Articulo 677 del Código de Enjuiciamiento Civil (32 LPRA 3523) y de la doctrina jurisprudencial urgente. Véase, entre otros, Municipio de Ponce v. Gobernador, 136 DPR 776 (1994); PR Telephone Company v. Tribunal Superior, 103 DPR 200 (1975).

30. El Injunction es un remedio extraordinario que sólo puede "utilizarse cuando el procedimiento ordinario no provea un remedio rápido, adecuado, y eficaz, para corrección de un agravfio de patente intensidad al derecho del individuo que reclame urgente reparación." Otero Martínez v. Gobernador, 106 DPR 552, 556 (1997).

31. No hay duda de que el procedimiento que se ha seguido por los demandados en este caso atenta contra un derecho fundamental del Sr. Vargas Segarra y está causando daños irreparables a este.

32. El demandante recurrió a CASARH por entender que la decisión era injusta, ya que para el año 2000 realizó todas las gestiones de ingreso a la Policía de Puerto Rico y en aquella ocasión se admitió en base a un examen visual médico que se le administró con espejuelos y sin espejuelos, habiendo tenido un diagnóstico visual de miopía el cual podía ser corregido con espejuelos o cirugía.

### V. Primera Causa de Acción

33. Se acogen y se hacen formar parte integral de esta causa de acción los hechos incluidos en la Parte II y en los anejos incluidos en la Demanda. Véase la Regla 8.3 de las de Procedimiento Civil en la Demanda.

## VI. Segunda Causa de Acción

34. Se acogen y se hacen formar parte integral de esta causa de acción los hechos incluidos en la Parte II, en los anejos y en la Primera Causa de Acción.

35. Como consecuencia de los actos u omisiones antes mencionados el co-demandante Alex Vargas Segarra ha sufrido graves angustias, daños físicos, económicos y emocionales que se estiman razonablemente en la cantidad de cien mil dólares ($100,000.00).

36. Como consecuencia de los actos u omisiones antes mencionados los co-demandantes Betsie Seda Collado y la Sociedad de Bienes Gananciales han sufrido graves angustias, daños físicos y emocionales que las acciones de la parte demandada le han ocasionado que se estiman razonablemente en la cantidad de cincuenta mil dólares ($50,000.00).

**POR TODO LO CUAL**, se solicita muy respetuosamente a este Honorable Tribunal que declare ha lugar la presente demanda y en consecuencia:

(i) Expida una orden de injunction preliminar y una orden de injunction permanente contra los co-demandados ordenándole la reinstalación del co-demandante Alex Vargas Segarra al Cuerpo de la Policia de Puerto Rico con los rangos que le corresponde por haber estado el tiempo fuera del servicio de la Policia.

(ii) Ordene la celebración de una vista en la fecha hábil más cercana.

(iii) Ordene a los co-demandados compensar a la parte demandante al pago de los salarios dejados de devengar, las graves angustias, daños físicos y emocionales ocasionados por la acción de los demandados al demandante en la cantidad de $100,000.00 y a la co-demandante y la Sociedad Legal de Gananciales la cantiadad de $50,000.00.

(iv) Emita cualquier otra providencia que vindique los derechos constitucionales de la parte demandante.

7

**RESPETUOSAMENTE SOMETIDO**

En Mayagüez, Puerto Rico, a 27 de *nov.* de 2017.

LCDO. JOSE CLEMENTE GONZÁLEZ ORTIZ
Rúa TSPR 9251
P. O. Box 1887
Mayagüez, PR 00681
Teléfono / Fax: (787) 265-7568
jcgonzálezlaw@gmail.com




Sello

5120
11/27/2017
$90.00
Sello de Rentas Internas
00029-2017-1127-40328013

**JURAMENTO**

Nosotros Alex F. Vargas Segarra y Betsie Seda Collado, ambos mayores de edad, casados entre sí, propietarios y vecinos de Mayaguez, Puerto Rico; declaro bajo juramento declaramos:

Que nuestros nombres y circunstancias personales son las antes expresadas.

Que somos los demandantes en el caso de epígrafe y hemos redactado la demanda conforme a nuestro mejor criterio, constándonos los mismos de propio y personal conocimiento.

En Mayagüez, Puerto Rico a _____ de NOV 2 8 2017 de 2017

**AFFIDAVIT NÚMERO:** _____

Jurado y suscrito ante mi por por Alex F. Vargas Segarra y Betsie Seda Collado de las circunstancias personales antes expresadas, a quienes he identificado mediante presentación de Lic # 2568226 y Lic # 2571152 la que tiene foto y firma, la que presenta voluntariamente.

En Mayagüez, Puerto Rico a 28 de noviembre de 2017

Lic. Norma G. Santana Irizarry
Secretaria Regional II

**NOTARIO PÚBLICO**

Ramona Barbot Pérez
Secretaria Auxiliar I