UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

    Debtors.[1]

---------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

**INFORMATIVE MOTION OF FINANCIAL
OVERSIGHT AND MANAGEMENT BOARD REGARDING CONFIRMATION
HEARING AND NOVEMBER 10, 2021 WITNESS EXAMINATION**

To the Honorable United States District Judge Laura Taylor Swain:

Pursuant to the Court's *Second Amended Order Regarding Procedures for Hearing on Confirmation of Plan of Adjustment* [Case No. 17-3283, ECF No. 19012-1] (the "Confirmation Hearing Procedures Order")[2], the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of the Commonwealth of Puerto Rico (the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms used but not defined herein shall have the meanings given them in the Confirmation Hearing Procedures Order.

"Commonwealth"), the Puerto Rico Public Buildings Authority ("PBA"), and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the Commonwealth and PBA, the "Debtors") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[3] respectfully states as follows:

I. **Remote Witnesses Examination**

1. At the November 10, 2021 session of the hearing for confirmation (the "Confirmation Hearing") of the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [Case No. 17-BK-3283-LTS, ECF No. 19114] (as it may be amended, modified or supplemented, the "Plan"), the Oversight Board intends to call the following Remote Witnesses in support of the Plan, listed in the order in which the Remote Witness will be called:

    a. Natalie A. Jaresko

        i. Cross-Examination:

            1. **Peter C. Hein (*pro se*)** (Mr. Hein has requested 20 minutes for cross-examination)

        ii. Redirect Examination:

            1. **Oversight Board**

    b. David A. Skeel

        i. Cross-Examination: As of October 27, 2021 at 1:00 p.m. (AST), the deadline to file pretrial informative motions set forth in the Confirmation

---

[3] PROMESA has been codified at 48 U.S.C. §§ 2101–2241.

       Hearing Procedures Order, no party in interest identified Mr. Skeel as a witness for cross-examination. Further, the Oversight Board is unaware of any party in interest indicating in writing after October 27 a request to cross-examine Mr. Skeel. Accordingly, Mr. Skeel will not be cross-examined, but will be available in the event the Court has any questions.

  c. Steve Zelin

     i. Cross-Examination:

        1. **Peter C. Hein (*pro se*)** (Mr. Hein has requested 30 minutes for cross-examination)

     ii. Redirect Examination:

        1. **Oversight Board**

  d. Ojas Shah

     i. Cross-Examination:

        1. **Peter C. Hein (*pro se*)** (Mr. Hein has requested 30 minutes for cross-examination)

     ii. Redirect Examination:

        1. **Oversight Board**

  e. Sheva Levy

     i. Cross-Examination:

        1. **Peter C. Hein (*pro se*)** (Mr. Hein has requested 20 minutes for cross-examination)

     ii. Redirect Examination:

        1. **Oversight Board**

  f. Gaurav Malhotra

    i. <u>Cross-Examination</u>:

      1. **Peter C. Hein (*pro se*)** (Mr. Hein has requested 20 minutes for cross-examination)

    ii. <u>Redirect Examination</u>:

      1. **Oversight Board**

II. **Deposition Designations**

  2. The Oversight Board does not anticipate any designated portion(s) of depositions will be introduced into evidence on November 10, 2021.

III. **Disputed Evidence or Testimony**

  3. Mr. Hein has objected to certain aspects of the testimony of Ms. Jaresko, Mr. Skeel, and Mr. Zelin. Pursuant to Paragraph 7 of the Confirmation Hearing Procedures Order, below is a summary of the Parties' respective positions:

   a. **Peter C. Hein (*pro se*)**: Mr. Hein objects to Ms. Jaresko's, Mr. Skeel's, and Mr. Zelin's testimony "characterizing the settlement discussions and process" relating to the various plan support agreements "as to which a mediation privilege is claimed and as to which discovery was refused." *See Second Amended Pretrial Informative Motion – November 1, 2021 Pretrial Conference and November 8, 2021 Confirmation Hearing* [ECF No. 18861], at 4–6. Further, with respect to Ms. Jaresko, Mr. Hein objects to her "testifying to evaluations of legal claims as beyond her expertise." *Id.* at 5.

   b. **Oversight Board**: Mr. Hein's general subject matter objections do not make specific reference to any particular paragraph or sentence(s) in any of the referenced declarations. Such general form objections are improper and make it difficult to

4

respond. However, Ms. Jaresko's, Mr. Skeel's, and Mr. Zelin's testimony regarding the various plan settlement agreements merely disclose (i) general mediation processes (including pursuant to the protocols directed by the mediation team) and (ii) settlement positions or proposals made public either through the actual plan support agreements or other public disclosures. Further, such testimony relates only to whether the settlements incorporated into the plan were reached in good faith between the parties and were reasonable. Such testimony does not relate to or impart information regarding the substance of the mediation. In fact, the witnesses specifically avoid mention of any particular issue or position discussed during mediation. With respect to Mr. Hein's additional general objection to Ms. Jaresko's testimony concerning the "evaluations of legal claims," Ms. Jaresko recites only the general well-known, public nature of disputed issues, which informed her business judgment in determining whether the settlements are reasonable. Nowhere in her testimony does she purport to evaluate legal claims in any other respect. Mr. Hein's general objections should be overruled.

4. Mr. Hein has not objected to any aspects of the declarations of Mr. Shah, Ms. Levy, or Mr. Malhotra.

5. The parties, including the Oversight Board and Mr. Hein, reached agreement regarding the admissibility of exhibits to be offered by the Oversight Board at confirmation, subject to the reservation of rights read into the record at the pre-trial conference on November 1, 2021, and memorialized in the *Informative Motion of Financial Oversight and Management Board Submitting October 27, 2021 Letter to the Court* [ECF No. 18988] (the "Reservation of Rights"). As of this date, Mr. Hein has not lodged or raised objections to any specific exhibit beyond what

5

is set forth in the Reservation of Rights. For the sake of efficient introduction of documentary evidence at confirmation, the Oversight Board intends to offer its exhibits into evidence on November 10, 2021, before calling Ms. Jaresko as the next witness in order, and to the extent Mr. Hein raises any objection, pursuant to the Reservation of Rights (which as noted, has not yet been asserted to any particular exhibit), the Oversight Board reserves its right to respond. In addition, and as a result of the recent filing of the Plan, the Oversight Board identified certain limited additional exhibits, Debtors' Exhibit Nos. 135, 136, 137, 143, 144, and 146, in the *Notice of Submission of Debtors' Second Amended Final Exhibit List in Connection with Confirmation Hearing* [ECF No. 19105] (the "Second Amended Exhibit List"), the *Notice of Submission of Debtors' Third Amended Final Exhibit List in Connection With Confirmation Hearing* [ECF No. 19119] (the "Third Amended Exhibit List"), and the *Notice of Submission of Fourth Amended Final Exhibit List in Connection With Confirmation Hearing* [ECF No. 19139] (the "Fourth Amended Exhibit List") it intends to seek to admit into evidence.[4] The Oversight Board also advised Mr. Hein of these additional exhibits by email. Copies of those exhibits were filed on the public docket at the following ECF numbers:

| **Exhibit Number** | **ECF Number** |
|---|---|
| Debtors' Ex. 135 | 19106-2 |
| Debtors' Ex. 136 | 19106-3 |
| Debtors' Ex. 137 | 19106-4 |

---

[4] The Second Amended Exhibit List and the Third Amended Exhibit List also identified Debtors' Exhibit Nos. 134, 138, 139, 140, 141, 142, and 145. Debtors' Exhibit No. 134 was submitted for identification only, and will not be admitted into evidence. Debtors' Exhibit Nos. 138, 139, 140, 141, 142, and 145 were admitted into evidence on November 8, 2021. *See Minutes of Proceedings Before U.S. District Judge Laura Taylor Swain*, dated November 8, 2021 [ECF No. 19130].

| Exhibit Number | ECF Number |
|---|---|
| Debtors' Ex. 143 | 19119-1 |
| Debtors' Ex. 144 | 19119-2 |

6. The Oversight Board will advise the Court if Mr. Hein has any objection to such limited additional exhibits, and if permitted by the Court, the Oversight Board will seek to admit these additional exhibits on November 10, 2021 as well.

[*Remainder of page intentionally left blank*]

**WHEREFORE**, the Oversight Board respectfully requests that the Court take notice of the foregoing.

Dated: November 9, 2021
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Michael A. Firestein*
Michael A. Firestein
(Admission *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
2029 Century Park East
Suite 2400
Los Angeles, CA 90067
Tel: (310) 557-2900
Fax: (310) 557-2193

Martin J. Bienenstock
Brian S. Rosen
Margaret A. Dale
Julia D. Alonzo
Laura Stafford
(Admission *pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

*/s/ Hermann D. Bauer-Álvarez*
Hermann D. Bauer-Álvarez
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

/s/ *Hermann D. Bauer*
Hermann D. Bauer