# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

-------------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO,
*et al.*,

    Debtors.[1]

-------------------------------------------------------------------x

PROMESA
Title III

Case No. 17 BK 3283-LTS

(Jointly Administered)

### OBJECTION OF INTERNATIONAL UNION, UAW
### AND SERVICE EMPLOYEES INTERNATIONAL UNION
### TO SECOND REVISED CONFIRMATION ORDER

International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW) ("UAW") and Service Employees International Union ("SEIU") object as follows to the November 7, 2021 *Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [Docket Entry #19,118, at Exhibit A] ("Second Revised Confirmation Order") proposed by the Financial Oversight and Management Board for Puerto Rico ("Oversight Board"). In particular, UAW and

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

9759448.9

SEIU object to the "Maintenance of Pension System" ("MPS") provision in paragraph 62 of the Second Revised Confirmation Order, to the extent that the MPS would restrict the Government of the Commonwealth of Puerto Rico ("Commonwealth") over the next decade from increasing defined benefit ("DB") pension payments for participants in the Commonwealth's Employees Retirement System ("ERS") via means other than cost-of-living adjustments ("COLA's").[2]

1. In their objections to the July 30, 2021 *Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* ("7th Amended POA") [Docket Entry #17,627] and to the October 8, 2021 *Order and Judgment Confirming Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* ("Confirmation Order") [Docket Entry #18,447], UAW and SEIU reserved the right to file further objections in light of any subsequent modifications to those documents. *See* October 15, 2021 *Objection of Service Employees International Union to Plan of Adjustment and Proposed Confirmation Order* ("SEIU Objection") [Docket Entry #18,511], at ¶27; October 19, 2021 *Objection of International Union, UAW to Plan of Adjustment and Proposed Confirmation Order* ("UAW Objection") [Docket #18,558], at ¶8. Because the Oversight Board added the MPS to its proposed confirmation order after UAW and SEIU filed their original objections, this new objection is consistent with that reservation of rights.[3]

---

[2] SEIU is a member of the Official Committee of Unsecured Creditors ("Committee"). SEIU submits this objection in its individual capacity and not in its capacity as a Committee member, nor in any way on behalf of the Committee.

[3] Note that this filing does not constitute an objection to the Act 53-related rulings sought by the Oversight Board in its Nov. 1, 2021 *Urgent Motion of the Financial Oversight and Management Board for Puerto Rico for Order (I) Approving Form of Notice of Rulings the Oversight Board Requests at Confirmation Hearing Regarding Act 53-2021 and (II) Scheduling Objection Deadline* [Docket #19,002]. While neither UAW nor SEIU are presently planning to file a response to the pending Act 53 Urgent Motion by the November 12 deadline set by the Court, each reserves all rights regarding Act 53 and any interpretational issues regarding the same.

2

## BACKGROUND

2. UAW and SEIU are labor unions whose memberships include thousands of employees of the Commonwealth or its instrumentalities.[4] The memberships of UAW and SEIU include ERS participants.

3. Individuals whose participation in ERS began before January 1, 2000 participate in DB programs established by Act 447 of 1951 and Act 1 of 1990. *See July 30, 2021 Disclosure Statement for the Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* ("Disclosure Statement") [Docket Entry #17,628], at 81 & Exhibit J, at iv, vii, 1, 7, 46. Under ERS's DB program, a formula defines the benefit payable, using the individual's years of service and compensation levels. *See id.*, Exhibit J, at 7. As a result of Puerto Rico's pre-PROMESA Act 3-2013, COLA's for ERS participants were eliminated long ago. *See* Oct. 25, 2021 *Declaration of Sheva R. Levy in Respect of Confirmation of Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [Docket #18,737], at ¶34; *see also Supplemental Declaration of Gaurav Malhotra of Ernst & Young LLP in Respect of Confirmation of Eighth Amended Title III Joint Plan of Adjustment for the Commonwealth of Puerto Rico, et al.* [Docket #19057], at ¶19.

---

[4] UAW has over 400,000 active members in North America. The approximately 5,000 UAW members employed by the Commonwealth or its instrumentalities belong to eight local UAW chapters. The two largest are UAW Local 2396, which represents school cafeteria workers, and UAW Local 2373, which represents employees of the Commonwealth's Treasury Department. A significant portion of UAW's members have earned and accrued DB pension benefits through and under ERS.

SEIU represents approximately two million service workers throughout North America. SEIU members employed by the Commonwealth belong to one of two SEIU local chapters: SEIU Local 1996/Sindicato Puertoriqueno de Trabajadores y Trabajadoras and SEIU Local 1199/Union General de Trabajadores. Approximately 18,000 SEIU members are employed by the Commonwealth or its instrumentalities. A significant portion of SEIU's members have earned and accrued DB pension benefits through and under ERS.

3

4. The 7th Amended POA, filed July 30, 2021, contained a Monthly Benefit Modification ("MBM") that would have reduced payments to ERS pension creditors whose monthly benefit exceeded $1,500. *See* 7th Amended POA, at §1.337. The plan put ERS participants into three classes: Class 51A for ERS retirees below the MBM threshold, Class 51D for ERS retirees above the MBM threshold, and Class 51G for ERS participants still employed by the Commonwealth. *See id.* §§55.1, 55.4, 55.7. In its treatment of ERS participants, the 7th Amended POA said nothing about a broad restriction on the Commonwealth in any way increasing DB payments in the future. Nor did the Disclosure Statement.

5. Nor did the next iteration of the plan of adjustment, the November 3, 2021 *Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* ("8th Amended POA") [Docket #19,053]. The 8th Amended POA provided in relevant part that ERS participants "shall be entitled to receive … his or her benefits without adjustment for any Monthly Benefit Modification, but subject to the elimination of any cost of living adjustments from and after the Effective Date." 8th Amended POA at §§55.1(a), 55.4(a), 55.7(a). The 8th Amended POA thus provided a floor for ERS participants, eliminating the MBM pension cuts and guaranteeing that ERS participants would receive no less than what they were currently entitled to receive under Puerto Rico law. However, except for the ban on COLA's, the 8th Amended POA set no restrictions on any other future increases to the DB pension payments to ERS participants.[5]

---

[5] The "Preemption" provisions in §§55.1(b), 55.4(b) and 55.7(b) of the 8th Amended POA did not restrict future increases to DB pension payments for ERS participants. Those "Preemption" provisions stated that PROMESA preempted Commonwealth law "to the extent inconsistent with" the plan's treatment of ERS participants. Existing or future legislation used to implement future increases in DB pension payments would not be "inconsistent with" the 8th Amended POA's treatment of ERS participants. As noted above, that treatment, set forth in §§55.1(a), 55.4(a) and 55.7(a), did not restrict future DB benefit increases, other than from COLA's.

4

6. The most recent iteration of the plan, filed on the eve of the November 8 confirmation hearing, made no further change to the treatment of ERS participants. *See* Nov. 7, 2021 *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* ("Modified 8th Amended POA") [Docket #19,114], at §§55.1(a), 55.4(a), 55.7(a).

7. Objections to the 7th Amended POA were due October 19, 2021. *See* Aug. 2, 2021 *Order Establishing Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* [Docket #17,640], at 4. The Court set no schedule giving parties-in-interest a deadline to object to the November 3, 2021 8th Amended POA or the November 7, 2021 Modified 8th Amended POA.

8. On October 8, 2021, the Oversight Board filed its proposed *Order and Judgment Confirming Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* ("Confirmation Order") [Docket Entry #18,447 at Exhibit A]. The Confirmation Order did not contain the MPS nor say anything about a restriction on the Commonwealth increasing DB payments in the future.

9. Objections to the Confirmation Order were due October 22, 2021. *See Notice of Filing of Proposed Order and Judgment Confirming Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [Docket #18,447], at 3.[6]

10. The MPS first appeared in the November 3, 2021 *Order and Judgment Confirming Eight Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* ("Revised Confirmation Order") [Docket Entry #19,061 at Exhibit A], at ¶62. A

---

[6] UAW and SEIU timely filed certain objections to the October 8, 2021 Confirmation Order. *See* SEIU Objection, Docket #18,511; UAW Objection, Docket #18,558 (UAW Objection). Those objections remain pending as of this filing.

revised version of the MPS appeared in the Second Revised Confirmation Order, which the Oversight Board filed on the eve of the November 8 start of the confirmation hearing. *See* Second Revised Confirmation Order at ¶62.

11. The MPS in the Second Revised Confirmation Order provides, in relevant part, that

> [b]efore the tenth (10th) anniversary of the Effective Date, the Government of the Commonwealth of Puerto Rico, including, without limitation, by any Entity or Person acting for or on behalf thereof, shall not (a) *implement existing legislation or enact new legislation to create or increase any defined benefit pension payment or obligation* to current or future retirees from or related to any defined benefit plans over the benefits provided by the Plan, regardless of funding source, or (b) undo (in whole or in part) the Plan's eliminations of defined benefit plans accruals and cost of living adjustments for government employees.

Second Revised Confirmation Order at ¶62 (emphasis added).

12. The MPS in the Second Revised Confirmation Order contains two provisos. The first proviso ("First Proviso") allows the Commonwealth, after the Oversight Board has been terminated, to seek judicial relief from the MPS upon satisfying six criteria:

> [t]he Governor and Legislature, subsequent to termination of the Oversight Board, may apply to the Title III Court for relief from this provision upon showing (i) the need therefor, (ii) the affordability of the requested changes, (iii) the reasons why the requested changes will not create a risk of the financial distress caused by the Commonwealth's prior defined benefit plans that ended up creating nearly $55 billion of unfunded pension obligations, (iv) the means of funding the requested changes and reasons why there is little risk of such funding not being carried out, (v) the reasons why the requested changes will not create a material risk of defaults on any of the then outstanding obligations pursuant to the Plan, and (vi) the reasons why the defined contribution plans are insufficient and defined benefit plans are both prudent and required.

*Id*. The second proviso in the MPS forbids the Oversight Board from further reducing pension benefits. *See id*.

6

13. The Court set no schedule giving parties-in-interest a deadline to object to the Revised Confirmation Order or the Second Revised Confirmation Order.

## ARGUMENT

**The MPS's Restriction on Future DB Pension Increases for ERS Participants Impermissibly Modifies their Treatment under the Plan of Adjustment**

14. UAW and SEIU object for several reasons to the MPS's broad restriction on future DB pension increases for ERS participants. First, we object because the restriction impermissibly adds a material term to the plan of adjustment's treatment of ERS participants. As noted above, the Modified 8th Amended POA's treatment of ERS participants sets a floor, guaranteeing that they will receive no less than what they are currently entitled to receive. But, except for the ban on COLA's, the Modified 8th Amended POA sets no other restrictions on future increases to the pensions of ERS participants. Indeed, by forbidding only one specific type of future benefit increase -- COLA's -- the plan implies that it does not forbid other types, such as, for example, improvements in the DB benefit formula.

15. An order confirming a plan of adjustment may effectuate the terms of the plan, but not materially modify the plan's treatment of creditors. Indeed, PROMESA Section 314 subjects a plan's treatment of creditors, as well as its other terms, to a series of tests that the plan must satisfy to be confirmed. *See* 48 U.S.C. §2174(b) (listing seven criteria for plan confirmation). Confirmation orders are not subject to the same tests. To insert provisions in a confirmation order that materially modify the terms of a plan of adjustment would allow those provisions to escape Section 314 review.

16. Because the MPS's restriction on future DB pension increases for ERS participants makes a material modification to the treatment of ERS participants in the Modified 8th Amended POA, the Court should strike it.

7

**PROMESA Nowhere Authorizes the MPS's Restriction on**
**<u>Future Increases in the DB Benefits of ERS Participants</u>**

17. UAW and SEIU also object because PROMESA does not authorize the Court to include in a confirmation order a restriction on the Commonwealth implementing existing legislation, or enacting new legislation, to increase the DB benefits.

18. When it enacted PROMESA, Congress crafted certain mechanisms that a Title III court could use to bar a territorial government from implementing existing legislation. Apart from those specific mechanisms, Congress gave courts no power to restrain a government's implementation of existing law.

19. None of the specific mechanisms in PROMESA apply here. For example, PROMESA Section 108 allows the Court to bar implementation of a statute if the Oversight Board brings an action challenging the statute and presents substantial evidence that the statute "would impair or defeat the purposes" of PROMESA. 48 U.S.C. §2128(a)(2); *Fin. Oversight & Mgmt. Bd. for Puerto Rico*, 511 F.Supp.3d 90, 120 (D.P.R. 2020); *Fin. Oversight & Mgmt. Bd. for Puerto Rico,* 616 B.R. 238, 253 (D.P.R. 2020). The Oversight Board has brought no Section 108 action in support of the MPS restriction in the Second Revised Confirmation Order nor made any required Section 108 showing.

20. PROMESA Section 204(a) allows a Title III court to block implementation of a rule or regulation if the territorial government fails to comply with the procedures in that section and if such judicial action is needed to ensure that the rule or regulation would not "adversely affect the territorial government's compliance with the Fiscal Plan." 48 U.S.C. §2144(a)(5). PROMESA Section 204(c) allows a Title III court to block implementation of legislation that reprograms funds unless the Oversight Board certifies that the

8

reprogramming would "not be inconsistent with the Fiscal Plan and Budget." *Id*. §2144(c)(2). The Oversight Board has made no attempt to employ these two provisions to justify the MPS.

21. Accordingly, PROMESA provides no basis for the Second Revised Confirmation Order to restrict the Commonwealth from implementing any existing legislation that might be used to implement an increase in the DB benefits of ERS participants at some point in the future.

22. Nor does anything in PROMESA authorize the Court to issue an order that prospectively restricts the Commonwealth from enacting future legislation to increase the DB benefits of ERS participants. PROMESA Section 4 provides that PROMESA's provisions "shall prevail over any general or specific provisions of territory law, State law, or regulation that is inconsistent with" PROMESA. 48 U.S.C. §2103. That preemption provision, however, can have no bearing here since it applies to existing legislation, not laws yet to be enacted.

23. The restriction in the MPS that UAW and SEIU challenge should thus be stricken for the additional reason that PROMESA nowhere authorizes it.

**Inclusion of the MPS in the Second Revised Confirmation Order
Violates the Due Process Rights of ERS Participants
<u>Since They Had No Opportunity to Object to It</u>**

24. We next object to the MPS restriction because inclusion of the MPS in the Second Revised Confirmation Order -- well after the objection deadline passed, and on the eve of the confirmation hearing -- runs roughshod over the due process rights of ERS participants. The proposed decade-long restriction on increases to their DB benefits constitutes a term materially adverse to ERS participants, who in its absence might in the future enjoy a boost in their modest pensions. For example, if Puerto Rico's economic circumstances brighten following the post-reorganization debt reduction, the Commonwealth might want to improve the straitened

9

circumstances of its ERS retirees by, for example, changing the formula for calculating DB benefits. The MPS restriction would pose an obstacle to such an improvement.

25. Because the MPS materially affects them, ERS participants should have been given notice of it and a chance to object to it. They were not. ERS participants received notice of the July 30, 2021 7th Amended POA and were given a chance to object to that filing by the October 19, 2021 deadline. But they received no notice of, and no chance to object to, the currently proposed MPS restriction on increases in DB benefits, which was first filed on November 7, 2021.

26. By imposing a materially adverse term on ERS participants without affording them notice and a right to object, inclusion of the MPS in the Second Revised Confirmation Order violates their due process rights.

27. The instant filing does not cure that due process violation, since UAW and SEIU do not represent or speak for all ERS participants. In these proceedings, neither union represents ERS retirees. Moreover, UAW and SEIU represent but a subset of ERS participants currently employed by the Commonwealth and its instrumentalities. ERS participants not represented in these proceedings by UAW or SEIU -- a group including many thousands of retirees and actives -- may have compelling arguments opposing the MPS restriction in addition to those articulated here, but they have been denied the chance to voice them to the Court.

28. Nor does the MPS's First Proviso mitigate the due process violation. The MPS is materially adverse to ERS participants even if it allows for the possibility that the Court might, under certain circumstances, grant the Commonwealth judicial relief from the restriction on future DB benefit increases.

29. In any event, a chance for judicial relief under the First Proviso may never arrive. The First Proviso only allows for judicial relief after the Oversight Board disbands. The conditions specified in PROMESA Section 209 for the Oversight Board's termination, *see* 48 U.S.C. §2149, may not coalesce during the ten-year duration of the MPS restriction. If they do not, that would extinguish any chance for judicial relief. If the Oversight Board terminates late in the decade, that would narrow the window for possible judicial relief.

30. Moreover, the five criteria for judicial relief set forth in the First Proviso lack any precision, employing vague terms like "need," "risk," and "little risk." By eschewing any quantitative metrics for determining eligibility for relief, the Oversight Board made the prospects for such relief entirely uncertain.

## **CONCLUSION AND RESERVATION OF RIGHTS**

31. For the foregoing reasons, the Court should strike the MPS from the Second Revised Confirmation Order to the extent that it restricts the Commonwealth in the future from implementing existing legislation, or enacting new legislation, to increase the DB benefits of ERS participants, other than via COLA's.

32. UAW and SEIU reserve all rights in connection with this filing, including the right to supplement or modify it in light of any subsequent modifications to the proposed plan of adjustment or confirmation order.

November 11, 2021

**COHEN, WEISS AND SIMON LLP**

By: /s/ *Peter D. DeChiara*
Richard M. Seltzer *(pro hac vice)*
Peter D. DeChiara (*pro hac vice*)
Marie B. Hahn *(pro hac vice)*
rseltzer@cwsny.com
pdechiara@cwsny.com
mhahn@cwsny.com
900 Third Avenue, Suite 2100
New York, NY 10022-4869
(212) 563-4100

**MONSERRATE SIMONET & GIERBOLINI**
/s/ *Miguel Simonet Sierra*
Miguel Simonet Sierra
USDC # 210101
101 San Patricio Ave., Suite 1120
Guaynabo, PR 00968
Tel.: (787) 620-5300

*Counsel to International Union, UAW*

12

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11th day of November 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF System, which will notify all counsel of record and caused to be mailed or emailed a copy, as provided in both the Court-approved Case Management Procedures.

/s/ *Marie B. Hahn*
Marie B. Hahn