## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Commonwealth.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

### RESPONSES AND OBJECTIONS OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS SOLE TITLE III REPRESENTATIVE OF THE COMMONWEALTH, TO INTERROGATORIES OF INDIVIDUAL BONDHOLDER (PETER C. HEIN) - SET 1

Pursuant to Rule 26 and Rule 33 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure and section 310 of the *Puerto Rico Oversight, Management and Economic Stability Act* ("PROMESA"), the Local Rules of the United States Bankruptcy Court for the District of Puerto Rico, the Local Rules of the United States District Court for the District of Puerto Rico, and/or this Court's chambers practices and case management orders (collectively, the "Governing Rules"); and the Court's *Order Establishing Deadlines Concerning Objections to Confirmation and*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Discovery in Connection Therewith* (the "Confirmation Procedures Order") [ECF No. 17640], the Financial Oversight and Management Board for Puerto Rico ("Oversight Board"), as sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor") pursuant to PROMESA section 315(b), hereby responds and objects to the *Interrogatories of Individual Bondholder (Peter C. Hein) – Set 1* (the "Interrogatories," and each an "Interrogatory"), dated September 17, 2021, and served by Peter C. Hein ("Mr. Hein").

## PRELIMINARY STATEMENT

The Commonwealth's responses and objections (the "Responses") to the Interrogatories are made without prejudice to the Commonwealth's right to amend or supplement its responses herein if necessary at a later date. The Commonwealth has made reasonable efforts to respond to the Interrogatories, to the extent it has not objected thereto, as the Commonwealth understands and interprets the Interrogatories. If Mr. Hein subsequently asserts an interpretation of the Interrogatories that differs from that of the Commonwealth, the Commonwealth reserves the right to supplement its Responses. By making the Responses below, the Commonwealth does not waive and expressly reserves its right to make additional objections.

## GENERAL OBJECTIONS

1. The Commonwealth objects to the Interrogatories, and to each and every Interrogatory, as unduly burdensome to the extent they seek information that is neither relevant nor proportional to Mr. Hein's assessment of the confirmability of the Plan,[2] the only issue before the Court in connection with the Confirmation Hearing.[3]

---

[2] "Plan" refers to the *Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 17627], as it may be amended from time to time.

[3] "Confirmation Hearing" refers to the hearing to consider confirmability of the Commonwealth's plan of adjustment scheduled to begin on November 8, 2021. Confirmation Procedures Order, at 4.

2

2. The Commonwealth objects to the Interrogatories, and to each and every Interrogatory, as unduly burdensome because: (i) they seek information beyond the scope of appropriate discovery in connection with the Plan; and/or (ii) the burden or expense of the proposed discovery outweighs the likely benefit, considering the needs of the case.

3. The Commonwealth objects to the Interrogatories, and to each and every Interrogatory, to the extent they seek information not within the possession, custody, or control of the Commonwealth. The Commonwealth further objects to the Interrogatories to the extent they call for information publicly available, unreasonably cumulative or duplicative, or obtainable from another source more convenient, less burdensome, or less expensive.

4. The Commonwealth objects to the Interrogatories, and to each and every Interrogatory, to the extent they purport to impose burdens inconsistent with, not otherwise authorized by, or exceeding those required by the Governing Rules. In responding to these Interrogatories, and unless otherwise noted, the Commonwealth will construe all words in accordance with their ordinary English meaning, as informed by the Governing Rules. The Commonwealth will construe and respond to the Interrogatories in a manner consistent with its obligations under the Governing Rules and the Confirmation Procedures Order, and not otherwise.

5. The Commonwealth objects to the Interrogatories, and to each and every Interrogatory, to the extent they expressly or impliedly seek information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive privilege, the deliberative process privilege, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Commonwealth intends to and does assert any and all such privileges with respect to all such information. Nothing in these Responses is intended as, nor shall in any way be deemed, a waiver

of any of these privileges, doctrines, or immunities. Information protected by these privileges, doctrines, or immunities is not subject to disclosure, and will not be provided.

6. The Commonwealth objects to each Definition, Instruction and Interrogatory to the extent it seeks information that is confidential or proprietary in nature, or otherwise constitutes protected commercial, strategic, financial or competitively sensitive or trade secret information.

7. The Commonwealth objects to the Interrogatories, and to each and every Interrogatory, to the extent they (i) imply the existence of facts or circumstances that do not or did not exist, or (ii) state or assume legal or factual conclusions. By providing these Responses, the Commonwealth does not admit any factual or legal premise in the Interrogatories.

8. These Responses should not be construed as: (a) an admission as to the propriety of any Interrogatory; (b) an agreement as to erroneous assumptions or incorrect factual predicates contained in any Interrogatory; (c) an acknowledgement that documents or other items responsive to any Interrogatory exist; (d) a waiver of the General Objections or the objections asserted in response to specific Interrogatories; or (e) an admission as to the relevance or admissibility into evidence of any documents, item or information.

9. To the extent any term defined or used in the Interrogatories is used in responding to the Interrogatories, it is not accepted or conceded that any such term or definition is appropriate, descriptive, or accurate.

10. The Commonwealth objects to the definition of the terms "You," "Your," "you," and "your" as overbroad because they encompass individuals and entities without regard to their connection or relevance to confirmation of the Plan. In responding to the Interrogatories, the Commonwealth will construe "You," "Your," "you" and "your" to mean the Commonwealth and

its employees, officers, directors, and known agents reasonably likely to possess information relevant to said subjects.

11. The Commonwealth objects to the definition of the term "Person(s)" because it includes individuals and entities without regard to their connection or relevance to confirmation of the Plan. In responding to these Interrogatories, the Commonwealth will construe "Person(s)" to mean employees, officers, directors, and known agents reasonably likely to possess information relevant to said subjects.

12. The Commonwealth objects to the definition of the terms "Document," "Documents," "document" and "documents" to the extent they impose duties on the Commonwealth that differ from or exceed those imposed by the Governing Rules. The Commonwealth further objects to searching or producing "all written, electronically stored, printed, typed, photostatic, photographed, recorded, or otherwise reproduced communications or records of every kind and description, whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof, whether prepared by hand or by mechanical, electronic, magnetic, photographic, or other means, and including audio or video recordings of communications, occurrence, or events," "all preliminary versions, drafts or revisions," or "records of every kind and description, whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof, whether prepared by hand or by mechanical, electronic, magnetic, photographic, or other means, and including audio or video recordings of communications, occurrences or events," which would be unduly burdensome and not proportional to the needs of the case. To the extent the Commonwealth agrees to produce any documents in response to the Interrogatories, the Commonwealth will use reasonable diligence to conduct a

search proportional to the needs of the case to locate readily accessible documents in those files in which it reasonably expects to find responsive documents.

13. The Commonwealth objects to the definition of the terms "Communication(s)" or "communication(s)" to the extent they purport to impose burdens on the Commonwealth that differ from or exceed those imposed by the Governing Rules. The Commonwealth further objects to producing "any contact, oral or written, including electronic, whereby information of any nature is transmitted or transferred" and "a Person(s) seeing or hearing any information by any means and any Document memorializing or referring to the contact," which would be unduly burdensome and not proportional to the needs of the matter. The Commonwealth will use reasonable diligence to conduct a search proportional to the needs of the case to locate documents in those files in which it reasonably expects to find responsive documents.

14. The Commonwealth objects to the Interrogatories, and to each and every Interrogatory, to the extent they are not limited to "critical contested issues" so that "resources are not wasted." *See* Hearing Tr. on Procedures Orders at 15, 93 (July 14, 2021).

15. The Commonwealth objects to Additional Instruction No. 5 to the extent the time period of "July 1, 2016 through the date of your response to that Interrogatory," as incorporated into each Interrogatory, is overbroad, unduly burdensome, and not proportional to the needs of the case.

16. The Commonwealth objects to Additional Instruction No. 1, Additional Instruction No. 2, Additional Instruction No. 3, Additional Instruction No. 4, and Additional Instruction No. 6 to the extent that they require procedures that are inconsistent with, not authorized by, or exceed those required by the Governing Rules. The Commonwealth further objects to providing a

privilege log unless necessary to substantiate a claim of privilege, consistent with the Governing Rules. The Commonwealth expressly reserves the right to provide a categorical privilege log.

17. The Commonwealth objects to the Interrogatories because the Interrogatories, including subparts, exceed the fifteen (15) interrogatories permitted pursuant to the Confirmation Procedures Order.

18. The above General Objections are incorporated into each of the following specific Responses.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

State whether any individual bondholders whose size of holdings fall or fell within the threshold to qualify as Retail Investors under the Plan were offered the opportunity to receive the 1.5% consummation fee and, if so, identify when and how that offer was made to such individual bondholders and produce all Documents that reflect or relate to such offer.

### RESPONSE TO INTERROGATORY NO. 1:

The Commonwealth objects to this Interrogatory on the grounds that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan. The Commonwealth further objects to this Interrogatory because discovery regarding "any individual bondholders" and "all Documents" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with the Confirmation Hearing, and not proportional to the needs of the case. In addition, the Commonwealth objects to this Request on the grounds that it seeks information that may be protected by the mediation privilege, the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 1, 2, 3, 4, 5, 6, 8, 9, 12, 14, 15, and 16, and the specific objections above, the Commonwealth will not respond to this Interrogatory.

### INTERROGATORY NO. 2:

State (i) whether individual bondholders whose size of holdings fall or fell within the threshold to qualify as Retail Investors under the Plan and who wish to receive the 1.5% consummation fee could in the past receive such 1.5% fee, or can do so at this time, without agreeing to the releases, including the releases of non-debtors, that appear in the PSA and in the plan, and (ii) whether individual bondholders whose size of holdings fall or fell within the threshold to qualify as Retail Investors under the Plan and who wish to receive the 1.321% restriction fee could in the past receive such fee, or can do so at this time, without agreeing to the releases, including the releases of non-debtors, that appear in the PSA and in the plan, and, if so, explain how a bondholder who does not wish to agree to the releases, including the releases of non-Commonwealth, that appear in the PSA and in the plan could or can receive the 1.5% consummation fee and/or the 1.321% restriction fee.

### RESPONSE TO INTERROGATORY NO. 2:

The Commonwealth objects to this Interrogatory on the grounds that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan. The Commonwealth further objects to this Interrogatory because discovery regarding "any individual bondholders" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with the Confirmation Hearing, and not proportional to the needs of the case. The Commonwealth further objects to this Interrogatory because the Plan identifies the creditors who may receive fees and under what circumstances. Questions regarding what might have happened in the past and/or what a hypothetical Retail Investor would want in order to receive fees are not relevant, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with the Confirmation Hearing, and not proportional to the needs of the case In addition, the Commonwealth objects to this Request on the grounds that it seeks information that may be protected by the mediation privilege, the attorney-client privilege, the attorney work

product doctrine, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 1, 2, 3, 4, 5, 6, 8, 9, 12, 14, 15, and 16, and the specific objections above, the Commonwealth will not respond to this Interrogatory.

### INTERROGATORY NO. 3:

Identify each individual bondholder whose size of holdings fall or fell within the threshold to qualify as a Retail Investor and who participated in the negotiation of the plan or of the treatment of GO and/or PBA bondholders under the plan, whether in the course of mediation or otherwise, including by name, affiliations with firms or entities, address, email, phone number, and whether the individual qualifies or qualified as a Retail Investor as defined in the Plan, and identify the claim number or other information that would show the nature and magnitude of all claims such individual bondholder and any firm or entity the individual is affiliated with may have in these Title III cases.

### RESPONSE TO INTERROGATORY NO. 3:

The Commonwealth objects to this Interrogatory on the grounds that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan. The Commonwealth further objects to this Interrogatory because discovery regarding "each individual bondholder" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with the Confirmation Hearing, and not proportional to the needs of the case. In addition, the Commonwealth objects to this Request on the grounds that it seeks information that may be protected by the mediation privilege, the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 1, 2, 3, 4, 5, 6, 8, 9, 14, 15, and 16, and the specific objections above, the Commonwealth will not respond to this Interrogatory.

9

### INTERROGATORY NO. 4:

Is there any agreement with any person, or other prohibition or restraint imposed by any person, that prohibits You from producing in discovery in these proceedings a copy of (i) any of the Documents requested in Peter Hein's Requests for Production - Set 1, Request No. 9, or Peter Hein's Requests for Production - Set 2, Request Nos. 50 and 51; or (ii) any Communication with, to or from the IRS from July 1, 2016 to present. If so, identify and describe such agreement or prohibition or restraint, and produce copies of any such agreement or prohibition or restraint.

### RESPONSE TO INTERROGATORY NO. 4:

The Commonwealth objects to this Interrogatory on the grounds that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan. The Commonwealth further objects to this Interrogatory because discovery regarding (i) "any agreement with any person" and (ii) "any Communication with, to or from the IRS from July 1, 2016 to present," is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with the Confirmation Hearing, and not proportional to the needs of the case. The Commonwealth also objects to this Interrogatory because it is vague and ambiguous insofar as it requests information regarding "any . . . prohibition or restraint," without defining such terms.

In light of the General Objections identified in paragraphs 1, 2, 3, 4, 6, 8, 9, 11, 12, 13, 14, 15, and 16, and the specific objections above, the Commonwealth will not respond to this Interrogatory.

### INTERROGATORY NO. 5:

State whether any person who is **not** an employee, officer, attorney for, or agent of, FOMB, AAFAF, Commonwealth or the IRS has been sent or provided one or more copies, in any form, of any Document requested in Peter Hein's Requests for Production - Set 1, Request No. 9, or Peter Hein's Requests for Production - Set 2, Request Nos. 50 and 51. If so, identify who, what Documents they have been sent or provided and when they were provided those Documents.

**RESPONSE TO INTERROGATORY NO. 5:**

The Commonwealth objects to this Interrogatory on the grounds that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan. The Commonwealth further objects to this Interrogatory because discovery regarding "whether any person who is **not** an employee, officer, attorney for, or agent of, FOMB, AAFAF, Commonwealth or the IRS has been sent or provided one or more copies, in any form, of any Document requested in Peter Hein's Requests for Production - Set 1, Request No. 9, or Peter Hein's Requests for Production - Set 2, Request Nos. 50 and 51" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with the Confirmation Hearing, and not proportional to the needs of the case. In addition, the Commonwealth objects to this Request on the grounds that it seeks information that is protected by the mediation privilege, the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 1, 2, 3, 4, 6, 8, 9, 12, 14, 15, and 16, and the specific objections above, the Commonwealth will not respond to this Interrogatory.

**INTERROGATORY NO. 6:**

State (i) the amount of the 1.03% of Property Tax billed, and (ii) the amount of the 1.03% of Property Tax collected, for each fiscal year from July 1, 2016 through June 30, 2021 by or for Commonwealth.

**RESPONSE TO INTERROGATORY NO. 6:**

The Commonwealth objects to this Interrogatory on the grounds that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan. The Commonwealth also objects to this Interrogatory as duplicative of Request Nos. 1 and 2 of the *Requests for Production of Individual Bondholder (Peter C. Hein) – Set 1* (the "First RFPs"). The

Commonwealth further objects to this Interrogatory to the extent it seeks information that is public or otherwise already available to Mr. Hein.

Subject to the General Objections identified in paragraphs 1, 2, 3, 4, 6, 8, 9, 14, 15, and 16, and the specific objections above, the Commonwealth refers Mr. Hein to AAFAF's response to this Interrogatory.

### INTERROGATORY NO. 7:

State the amount of (i) PayGO expenditures by or for Commonwealth for pensions, and (ii) total expenditures by or for Commonwealth for pensions (if different), for each fiscal year from July 1, 2016 through June 30, 2021.

### RESPONSE TO INTERROGATORY NO. 7:

The Commonwealth objects to this Interrogatory on the grounds that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan. The Commonwealth also objects to this Interrogatory as duplicative of Request Nos. 36 and 37 of the First RFPs. The Commonwealth further objects to this Interrogatory to the extent it seeks information that is public or otherwise already available to Mr. Hein. The Commonwealth further objects to this Interrogatory to the extent it seeks information about pension expenses other than PayGo, as PayGo expenses are the pensions-related expenses that come from the Commonwealth's central government.

Subject to the General Objections identified in paragraphs 1, 2, 3, 4, 6, 8, 9, 14, 15, and 16, and the specific objections above, the Commonwealth refers Mr. Hein to AAFAF's response to this Interrogatory.

### INTERROGATORY NO. 8:

State the amount or estimated amount of Bond Claims held by Retail Investors in each of the eight Retail Investor classes, as of the date of your response.

**RESPONSE TO INTERROGATORY NO. 8:**

The Commonwealth objects to this Interrogatory on the grounds that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan. The Commonwealth also objects to this Interrogatory as duplicative of Request No. 6 of the First RFPs. Further, the Commonwealth objects to this Interrogatory because it seeks documents or information outside the Commonwealth's possession, custody or control. The Commonwealth does not have access to information regarding the identities of individual holders of bonds or the amount of their holdings. In part for that reason, solicitation of bondholders is being conducted through DTC's system and in coordination with trustees and fiscal agents for the various bond issuances, as applicable.

In light of the General Objections identified in paragraphs 1, 2, 3, 4, 6, 8, 9, 14, 15, and 16, and the specific objections above, the Commonwealth will not respond to this Interrogatory.

**INTERROGATORY NO. 9:**

State the amount or estimated amount of Bond Claims held by Initial GO/PBA PSA Restriction Fee Creditors, as of the date of your response.

**RESPONSE TO INTERROGATORY NO. 9:**

The Commonwealth objects to this Interrogatory on the grounds that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan. The Commonwealth also objects to this Interrogatory as duplicative of Request No. 7 of the First RFPs. The Commonwealth further objects to this Interrogatory because the amounts or estimated amounts of Bond Claims are provided in publicly available proofs of claims, as well as in an EMMA filing dated June 25, 2021.[4]

---

[4] https://emma.msrb.org/P31428726-P31110213-P31520907.pdf.

Subject to the General Objections identified in paragraphs 1, 2, 3, 4, 6, 8, 9, 14, 15, and 16, and the specific objections above, the Commonwealth directs Mr. Hein to the document Bates stamped DS-065360 located in the Plan Depository in the folder labeled "Information Disclosed to Official Committee of Unsecured Creditors in Connection with Disclosure Statement Discovery Requests."

### INTERROGATORY NO. 10:

Explain in detail why attendance reports for the months of November 2020 through July 2021 are not available, including whether a decision was made to stop producing such reports and, if so, by who and why.

### RESPONSE TO INTERROGATORY NO. 10:

The Commonwealth objects to this Interrogatory on the grounds that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan. In addition, the Commonwealth objects to this Request on the grounds that it seeks information that is protected by the mediation privilege, the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 1, 2, 3, 4, 6, 8, 9, 14, 15, and 16, and the specific objections above, the Commonwealth will not respond to this Interrogatory.

### INTERROGATORY NO. 11:

State the amount of (i) Christmas and (ii) other bonuses paid by Commonwealth to public employees for each fiscal year July 1, 2016 through June 30, 2021.

### RESPONSE TO INTERROGATORY NO. 11:

The Commonwealth objects to this Interrogatory on the grounds that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan. The Commonwealth further objects to this Interrogatory as duplicative of Request Nos. 23 and 24 of

the First RFPs. The Commonwealth further objects to this Interrogatory to the extent it seeks information that is public or otherwise already available to Mr. Hein.

Subject to the General Objections identified in paragraphs 1, 2, 3, 4, 6, 8, 9, 14, and 15, and the specific objections above, the Commonwealth refers Mr. Hein to AAFAF's response to this Interrogatory.

### INTERROGATORY NO. 12:

State the amount of, and describe the costs incurred or anticipated to be incurred by Commonwealth for, payments to or for the benefit of PREPA employees, and/or former PREPA employees, absorbed by or who transferred their employment to Commonwealth, its agencies and its instrumentalities.

### RESPONSE TO INTERROGATORY NO. 12:

The Commonwealth objects to this Interrogatory on the grounds that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan. The Commonwealth further objects to this Interrogatory because it is vague and ambiguous insofar as it requires the Commonwealth to "describe the costs," without defining such term. In addition, the Commonwealth objects to this Request on the grounds that it seeks information that is protected by the mediation privilege, the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the General Objections identified in paragraphs 1, 2, 3, 4, 6, 8, 9, 14, 15, and 16, and the specific objections above, the Commonwealth refers Mr. Hein to AAFAF's response to this Interrogatory.

Dated: September 27, 2021
San Juan, Puerto Rico

Respectfully submitted,

*/s Margaret A. Dale*

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
Margaret A. Dale (*pro hac vice)*
Julia D. Alonzo (*pro hac vice)*
Laura Stafford (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board, as representative for the Commonwealth*

*/s/ Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board, as representative for the Commonwealth*

## **CERTIFICATE OF SERVICE**

    I hereby certify that, on this same date, I caused copies of the foregoing document to be served on the following counsel of record.

Peter C. Hein
101 Central Park West, Apt. 14E
New York, NY 10023
Tel.: (917) 539 8487
petercheinsr@gmail.com

                                                                        */s/ Laura Stafford*
                                                                          Laura Stafford

Hein EX. MMMM

**VERIFICATION**

I am the Executive Director for the Financial Oversight and Management Board for Puerto Rico. I have read the foregoing *Responses and Objection of the Financial Oversight and Management Board for Puerto Rico to First Set of Interrogatories of Puerto Rico Fiscal Agency and Financial Advisory Authority in connection with Plan Confirmation* and know the contents thereof, and the same are true to the best of my knowledge, information and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on September __, 2021.

_____
Natalie A. Jaresko