UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO et al.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

ORDER DIRECTING SUPPLEMENTAL BRIEFING AND ORAL
ARGUMENT ON ISSUES PERTAINING TO THE CONFIRMATION HEARING

The Court commenced the hearing in connection with the request of the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") for approval of the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (Docket Entry No. 19117, as may be supplemented or amended, the "Plan") on November 8, 2021 (the "Confirmation Hearing"). In order that the parties have opportunities to

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

address further specific legal issues of concern to the Court, and to ensure that certain pleadings are filed at times and in forms helpful to the Court, it is hereby ORDERED that:

1. The Court will hear argument on the following legal issues on **Monday November 15, 2021**, beginning at **9:30 a.m. (Atlantic Standard Time)**, in accordance with the following time allocations:

    a. Argument will be heard on the issue of preemption for a total of **40 minutes,** split evenly between the Debtors and objectors to the Plan. The parties are directed to address the analytical basis and anticipated operation and scope of preemption arising from section 89.3 and Exhibit K of the Plan. The Oversight Board is also directed to address the representation in the Jaresko Declaration that "a comprehensive list of statutes, which the Oversight Board has identified as inconsistent with, and preempted by, PROMESA will be submitted in advance of the confirmation hearing."

    b. Argument will be heard on the issue of the deemed rejection of the Commonwealth's contractual obligations to accrue pension benefits for a total of **30 minutes**, split evenly between the Debtors and objectors to the Plan. The parties are directed to address the extent to which such rejection supports a rejection damages claim for the denial of future accruals and the implications of such a claim for feasibility.

    c. Argument will be heard on certain issues related to the Takings Clause of the U.S. Constitution for a total of **2 hours**, split evenly between the Debtors and objectors to the Plan. Specifically, the parties are directed to address the following issues:

        i. Whether and to what extent the exercise of discretion by the Court under 11 U.S.C. § 944(c)(1) to exempt some or all takings claims from discharge would render the Plan unfeasible.

        ii. Arguments concerning the meaning of "just compensation" in the context of bankruptcy law.

        iii. Arguments concerning the Oversight Board's proposed distinction between takings claims that are secured and those that are unsecured.

        iv. Whether the reduction of a Takings Clause claim to a judgment or a settlement agreement affects whether it is still subject to the Takings Clause.

        v. How the three factors identified in <u>Penn Central Transportation v. City of New York</u>, 438 U.S. 104, 124 (1978), apply to takings claims that are not per se takings claims.

    d. Argument will be heard on the issue of third-party release, exculpation, and injunction provisions for a total of **20 minutes**, split evenly between the Debtors and objectors to the Plan. The parties are directed to address any remaining objections concerning release, exculpation, and injunction provisions and/or to report concerning the resolution of such issues.

    e. Argument will be heard on solicitation issues for a total of **45 minutes**, split evenly between the Debtors and objectors to the Plan. Specifically, the parties shall address (i) whether the votes of Retail Investors were improperly solicited in violation of Section 1125(b) of the Bankruptcy Code and (ii) whether designation of any votes is required pursuant to Section 1126(e) of the Bankruptcy Code.

    f. Argument will be heard on the objection filed by the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW") and Service Employees International Union ("SEIU") (Docket Entry No. 19162 in Case No. 17-3283) in response to certain provisions contained in the Debtors' *Proposed Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (Docket Entry No. 19118 in Case No. 17-3283, at Exhibit A), for a total of **45 minutes**, split evenly between the Debtors, UAW, and SEIU.

2. The Oversight Board shall file a memorandum of law in support of the Oversight Board's request for rulings regarding Act 53-2021 by **Monday November 15, 2021**, at **11:59 p.m. (Atlantic Standard Time)**. The memorandum of law shall include responses to objections filed in opposition to the Debtors' *Notice of (I) Rulings the Oversight Board Requests at Confirmation Hearing Regarding Act 53-2021 and (II) Deadline for Objections* (Docket Entry No. 19002 in Case No. 17-3283).

3. The Oversight Board shall file an amended proposed order and judgment confirming the Plan (the "Revised Proposed Order") by **Friday November 12, 2021**, at **11:59 p.m. (Atlantic Standard Time)**. Parties shall file objections (if any) to the Revised Proposed Order by **Monday November 15, 2021**, at **12:00 p.m. (Atlantic Standard Time)**.

4. The Court will hear argument on the following legal issues on **Wednesday, November 17, 2021**, beginning at **9:30 a.m. (Atlantic Standard Time)**, in accordance with the following time allocations:

    a. Argument will be heard on the Oversight Board's request for rulings regarding Act 53-2021 for a total of **2 hours**, split evenly between the Debtors and objectors to the Plan.

    b. Argument will be heard on objections to the Revised Proposed Order for a total of **2 hours**, split evenly between the Debtors and objectors to the Plan.

5. The Oversight Board shall file amended proposed findings of fact and conclusions of law in connection with confirmation of the Plan no later than **48 hours following the conclusion of the Confirmation Hearing**.

6. With respect to the oral arguments, the parties shall meet and confer in advance regarding time allocations, and the Oversight Board shall file, by 2:00 p.m. on the day preceding the oral argument, an agenda identifying the anticipated speakers and their respective time allocations.

SO ORDERED.

Dated: November 12, 2021

                                                                                                                        /s/ Laura Taylor Swain
                                                                                                                       LAURA TAYLOR SWAIN
                                                                                                                       United States District Judge