UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------- x
:
In re: :
:
THE FINANCIAL OVERSIGHT AND : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO, : Title III
:
    as representative of : Case No. 17-BK-3283 (LTS)
:
THE COMMONWEALTH OF PUERTO RICO *et al.,* : (Jointly Administered)
:
    Debtors.[1] :
------------------------------------------------------------------------- x

**OBJECTION OF ASOCIACIÓN DE MAESTROS DE PUERTO RICO AND ASOCIACIÓN DE MAESTROS DE PUERTO RICO-LOCAL SINDICAL TO THE OVERSIGHT BOARD'S PROPOSED RULINGS AT CONFIRMATION HEARING REGARDING ACT 53-2021 (DOCKET NO. 19002).**

To the Honorable United States District Judge Laura Taylor Swain:

    Asociación de Maestros Puerto Rico and the Asociación de Maestros de Puerto Rico-Local Sindical (collectively, "AMPR"), by and through their undersigned counsel, hereby submit this objection (the "Objection") to the *Urgent Motion for Order Approving Form and Notice of Rulings the Oversight Board Request at Confirmation Hearing Regarding Act 53-2021* [Docket No. 19002] (the "Proposed Ruling"), filed by the Financial Oversight and Management Board for Puerto Rico

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474), and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747).

(the "Oversight Board") as representative of the Commonwealth of Puerto Rico (the "Commonwealth"), and in support thereof, respectfully state as follows:

## PRELIMINARY STATEMENT[2]

**"Teachers shape the knowledge of all members of our society.
They are the cornerstone of our educational system."[3]**

**"Our teachers, who with tremendous sacrifice and devotion share the bread of learning in the hope of building the Puerto Rico we all dream of, deserve more than being steamrolled by clearly unreasonable laws. The path to our socioeconomic progress cannot be paved at the expense of our teachers."[4]**

1. On October 26, 2021, the Governor of Puerto Rico signed into law Bill 1003-2021, which became Act 53-2021, after it had been adopted by both houses of the Puerto Rico legislature. Bill 1003-2021, was subject to multiple iterations, and its approval and language subject to even discussions by the relevant parties in an emergency hearing before this Honorable Court. Since the Oversight Board claimed that failure to pass such Bill authorizing the issuance of New GO Bonds and CVIs would require the withdrawal of the Plan of Adjustment.

2. Upon approval of Act 53-2021, the Oversight Board, filed the Urgent Motion requesting the following Proposed Ruling:

> **PLEASE TAKE FURTHER NOTICE THAT THE OVERSIGHT BOARD WILL SEEK RULINGS AT THE CONFIRMATION HEARING THAT THE DEBT AUTHORIZATION IN ACT 53-2021 IS CONDITIONED ONLY ON THE PLAN'S CANCELLATION OF THE MONTHLY BENEFIT MODIFICATION (AS DEFINED IN THE PLAN), AND DOES NOT REQUIRE CANCELLATION OF (I) THE ELIMINATION OF COST OF LIVING ADJUSTMENTS AND/OR (II) FREEZES OF ACCRUAL OF DEFINED BENEFITS**

---

[2] Capitalized terms used, but not defined, in the Preliminary Statement have the meanings given to them below. Capitalized terms used, but not defined, herein shall have the meanings ascribed to them in the Disclosure Statement or Plan, as applicable.

[3] *Asociación de Maestros de PR v. Sistema de Retiro para Maestros de PR*, 190 DPR 854 [Offic. Trans. at 1] (2014) (the "TRS Pension Decision").

[4] TRS Pension Decision, (J. Charneco, concurring), concurring opinion [Offic. Trans. at 1].

2

**UNDER THE TEACHERS' RETIREMENT SYSTEM OR THE JUDICIARY RETIREMENT SYSTEM FROM AND AFTER THE PLAN'S EFFECTIVE DATE.**

3. The Oversight Board's filing, responds to the clear and unambiguous following language in the Statement of Motives of Act 53-2021: *"(e) The Statement of Motives in Act 53-2021 includes a sentence providing the law: "includes zero cuts to pensions of current retirees and current accrued benefits of active public employees and a desire to promote the welfare of the people of Puerto Rico".* (See, Docket No. 19002 at P. 15 (Proposed Notice)).

4. Moreover, Article 605 of Act 53-2021 includes a sentence providing that "…*The continued effect of this act is contingent upon cero cuts to pensions*."

5. As the Oversight Board openly admits, if this Honorable Court were to interpret the language of the Statement of Motives of Act 53-2021, as conditioning the issuance of New GO Bonds and CIVs on the elimination of the proposed freeze of active public employees in the Plan of Adjustment, the Oversight Board, would be forced to amend such Plan of Adjustment, eliminate the so called "freeze" of TRS and JRS, which is an euphemism for a "cut" to continue to have the support of certain Plan Support Agreement parties.

6. Hence, the Oversight Board seeks a ruling from this Honorable Court to the effects that the language in the Statement of Motives of Act 53-2021, does not mean that Act 53-2021 require the elimination in the Plan of Adjustment of "*cuts to pensions of current accrued benefits of active public employees*" as a condition for the issuance of New GO Bonds and CIVs.

7. Interestingly, Act 53-2021, does not define the meaning of "*pensions*" and what it encompasses and what does not, nor Act 53-2021 define the meaning of "zero cuts". PROMESA does not define what constitutes a pension. Nor does the Bankruptcy Code. Hence, we refer to the applicable state law, which is Commonwealth law for the definition of pensions.

8. In the case of the Commonwealth teachers, their pension arises from Act 91-2004. In *Asociación de Maestros de PR v. Sistema de Retiro para Maestros de PR*, 190 DPR 854 [Offic. Trans. at 1] (2014) (the "TRS Pension Decision") the Supreme Court established that teachers' statutory right to their pension is a "*proprietary interest of contractual nature*". It also held that special laws that grant *"legislative gifts"* to teachers are not part of their statutory pension and therefore those *legislative gifts* are not afforded the constitutional protection against impairment of contracts.

9. Since the TRS Pension Decision declared unconstitutional those sections of Law 160-2014 that impaired teacher's right to their defined benefit pension, Law 91-2014 continues to provide the definition of a teacher's defined benefit retirement plan, their pension, despite Law 106-2017 codifying the teachers' rights to a Defined Benefit Pension Plan, in reliance upon the TRS Pension Decision, teachers' defined benefit pension rights, which are now obligations of the Commonwealth of Puerto Rico and not of TRS.

10. Article 2 (t) of Act 91-2014 establishes that a teacher's pension means "*significará aquella cantidad anual con que contribuye el Gobierno del Estado Libre Asociado de Puerto Rico para firmar la renta anual vitalicia a que tiene derecho el maestro en el momento de retirarse del servicio, de acuerdo con las disposiciones de esta Ley*.". Summarized into English, it means that a teacher's pension is a *"perpetual annual rent to which a teacher has a right upon retirement."*

11. Act 53-2021 is clear, zero cut to pensions. Is AMPR's position, that plain language means zero cuts or freezes to the current and future pension of *current accrued benefits of active public employees* like teachers, who's past, present and future accrual of defined benefits is by statutory definition their pension. See, Act 91-2004.

4

12. AMPR agrees that Act 53-2021 also expressly requires as a condition to the issuance of the New GO Bonds and CIVs that the Oversight Board amends the Plan of Adjustment to eliminate the Monthly Benefit Modification to current public employee retirees on Article 104. However, the requirement of the elimination of the Monthly Benefit Modification and the requirement of zero cuts to pensions, including teacher's right to continue to accrue under their pension, are not mutually exclusive under the plain text of Act 53-2021, as the Oversight Board argues.

13. The Oversight Board rationale in support for its proposed ruling, is also not persuasive and it stans miles away from the legislative history of Bill 1003, enacted into law as Act 53-2021.

14. The Supreme Court of Puerto Rico has consistently held that when interpreting a law, the Court must look to provide the interpretation more closely aligned with the true intent and desire of the legislature. *See*, Pablo v. Sierra Rodríguez, 137 D.P.R. ___ (1995); 95 JTS 11 (p. 609).

15. In conclusion, the proposed ruling that the Oversight Board seeks from this Honorable Court, is not in an abundance of caution. The Oversight Board is aware that Act 53-2021 plain language of *zero cuts to pensions* and the Statement of Motives language prohibiting *cuts to pensions of current accrued benefits of active public employees* create fatal inconsistencies between the requirements of Act 53-2021, the enabling legislation of the Plan of Adjustment and the Certified Fiscal Plan and Plan of Adjustment.

16. For the reasons stated above, AMPR respectfully request the Honorable Court to GRANT the present Objection and consequently DENY the Oversight Board's *Urgent Motion for Order Approving Form and Notice of Rulings the Oversight Board Request at Confirmation Hearing*

5

*Regarding Act 53-2021* [Docket No. 19002] with any other remedy that is appropriate under the law and equity.

**WHEREFORE**, AMPR respectfully requests that this Honorable Court deny the Proposed Ruling and grant AMPR such other and further relief as this Court deems just and proper.

Dated: November 12, 2021

*/s/ José Luis Barrios Ramos*
Jośe Luis Barrios-Ramos, ESQ.
USDC No. 223611
PRESTIGE LEGAL SERVICES, LLC
278 Ave. César González
San Juan, Puerto Rico 00918
Telephone: (787) 593-6641
jbarrios@prestigelegalpr.com

*Counsel to Asociacion de Maestros de Puerto Rico and Asociacion de Maestros de Puerto Rico -Local Sindical*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of November, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF System, which will notify all counsel of record of such filing to all CM/ECF participants in this case.

/s/ *José Luis Barrios Ramos*
José Luis Barrios Ramos