# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>                           Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

[*Caption continued on next page*]

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>    Movants,<br><br>      vs.<br><br>ASOCIACIÓN PUERTORRIQUEÑA DE LA JUDICATURA, INC., ASOCIACIÓN DE JUBILADOS DE LA JUDICATURA DE PUERTO RICO, HONORABLE HECTOR URGELL CUEBAS, FEDERACIÓN DE MAESTROS DE PUERTO RICO, INC., GRUPO MAGISTERIAL EDUCADORES(AS) POR LA DEMOCRACIA, UNIDAD, CAMBIO, MILITANCIA Y ORGANIZACIÓN SINDICAL, INC., UNIÓN NACIONAL DE EDUCADORES Y TRABAJADORES DE LA EDUCACIÓN, INC., ASOCIACIÓN DE MAESTROS PUERTO RICO, THE ASOCIACIÓN DE MAESTROS DE PUERTO RICO-LOCAL SINDICAL,<br><br>    Respondents. | Re: ECF Nos. 19161, 19175, 19180, 19181 |

**URGENT UNOPPOSED MOTION
OF THE COMMONWEALTH OF
PUERTO RICO, THE EMPLOYEES
RETIREMENT SYSTEM OF THE GOVERNMENT
OF THE COMMONWEALTH OF PUERTO RICO, AND
THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY FOR
LEAVE TO FILE OMNIBUS REPLY TO OBJECTIONS TO REQUESTED
RULINGS REGARDING ACT 53-2021 RELATING TO THE MODIFIED EIGHTH
AMENDED JOINT PLAN OF ADJUSTMENT OF NO MORE THAN 35 PAGES**

**To the Honorable United States District Court Judge Laura Taylor Swain:**

    The Financial Oversight and Management Board for Puerto Rico (the "Oversight

Board"), as the sole Title III representative of the Commonwealth of Puerto Rico (the

"Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA"), pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA")[1] (the Oversight Board, in its capacity as Title III representative of the Commonwealth, ERS, and PBA, is referred to as the "Debtors"), respectfully submits this urgent motion (the "Urgent Motion") requesting the entry of an order, substantially in the form annexed hereto as **Exhibit A** (the "Proposed Order"), granting the Oversight Board leave to exceed the fifteen (15) page limit set forth in the *Fifteenth Amended Notice, Case Management and Administrative Procedures* [Case No. 17-3283, ECF No. 17127-1] (the "Case Management Procedures") ¶ I.E and file one omnibus reply to objections to the rulings requested in respect of Act 53-2021, (the "Omnibus Reply"), as set forth in the *Notice of (I) Rulings the Oversight Board Requests At Confirmation Hearing Regarding Act 53-2021 and (II) Deadline for Objections* [ECF No. 19017-1] (the "Act 53 Notice") in connection with confirmation of the *Modified Eighth Amended Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 19114][2] (as amended, supplemented, or modified from time to time, the "Plan" or "Modified Eighth Amended Plan")[3] of no more than thirty five (35) pages (exclusive of the cover page, the table of contents, the table of authorities, the signature page, exhibits, and the certificate of service). In support of this Urgent Motion, the Oversight Board respectfully states as follows:

---

[1] PROMESA is codified at 48 U.S.C. §§ 2101–2241.
[2] All ECF No. references are to Case No. 17 BK 3283-LTS, unless otherwise indicated.
[3] Capitalized terms used but not defined herein have the meanings given to them in the Plan.

**Jurisdiction and Venue**

1. The Court has subject matter jurisdiction pursuant to PROMESA §§ 106(a) and 306(a)(2) because this proceeding arises under PROMESA Title III and arises in the Commonwealth's Title III case.

2. Venue is appropriate in this District under PROMESA §§ 106(a) and 307, and 28 U.S.C. § 1391.

**Relevant Procedural Background**

3. In connection with confirmation of the Plan, the Oversight Board is seeking rulings, described in further detail in the Omnibus Reply, that Act 53 is conditioned solely on removal of the Monthly Benefit Modification.

4. The Oversight Board undertook to provide notice to all affected parties by filing, on November 1, 2021, the *Urgent Motion of the Financial Oversight and Management Board for Puerto Rico for Order (I) Approving Form of Notice of Rulings the Oversight Board Requests at Confirmation Hearing Regarding Act 53-2021 and (II) Scheduling Objection Deadline* [ECF No. 19002], (the "Act 53 Notice") pursuant to which the Oversight Board requested Court approval of a notice of the requested rulings, procedures by which notice of the rulings would be given to parties in interest, and a deadline to object to such rulings.

5. On November 2, 2021, the Court entered an order [ECF No. 19017] (the "Act 53 Order") granting the Oversight Board's motion, approving the Act 53 Notice, establishing procedures and deadlines for service and publication of the Act 53 Notice, and scheduling a November 12, 2021 objection deadline with respect to the Oversight Board's requested rulings.

6. Four objections were filed in opposition to the rulings requested in respect of Act 53-2021. *See Objection of APJ to Plan Pursant [sic] to Court Order of November 2, 2021 at*

3

*Docket no. 19017* [ECF No. 19161] (the "APJ Objection"); *Objection of the "Asociación de Jubilados de la Judicatura de Puerto Rico"* ("AJJPR") *and Hon. Hector Urgell Cuebas, Former Judge of the Puerto Rico Court of Appeals and Participant of the Judicial Retirement System in Relation to Notice of (I) Rulings the Oversight Board Request at Confirmation Hearings Regarding act 53-2021 and (II) Deadline for Objection* [ECF No. 19175] (the "AJJPR Objection"); *Objection to Urgent Motion of the Financial Oversight and Management Board for Puerto Rico for Order (I) Approving Form of Notice of Rulings the Oversight Board Requests at Confirmation Hearing Regarding Act 53-2021 at Docket no. 19002 and Request to be Heard* [ECF No. 19180] (the "Teachers' Associations Objection"); and *Objection of Asociación De Maestros De Puerto Rico and Asociación De Maestros De Puerto Rico-local Sindical* (collectively, "AMPR") *to the Oversight Board's Proposed Rulings at Confirmation Hearing Regarding Act 53-2021 (Docket No. 19002)* [ECF No. 19181] (the "AMPR Objection"), collectively (the "Objectors").

**Relief Requested and Basis for Such Relief**

7. The Oversight Board respectfully requests leave to exceed the page limit for their Omnibus Reply to the objections to the rulings requested in respect of Act 53. The Oversight Board respectfully requests the Omnibus Reply be limited to no more than thirty five (35) pages, exclusive of the cover page, tables of contents and authorities, signature pages, exhibits, and certificate of service.

8. Paragraph I.E. of the Case Management Procedures provides that "[u]nless prior permission has been granted . . . memoranda of law in support of Replies are limited to fifteen (15) pages." Case Management Procedures I.E. For the reasons stated below, the Oversight Board, as Title III representative, respectfully requests leave to file one Omnibus Reply not to

4

exceed thirty-five (35) pages, (exclusive of the cover page, the table of contents, the table of authorities, the signature page, exhibits, and the certificate of service) in answer to all objections to the rulings requested in respect of Act 53-2021.

9. For purposes of efficiency, rather than separately file individual Replies to each objection on behalf of the Debtors (each of which would be subject to the 15-page limit in the Case Management Procedures), the Oversight Board intends to file a single Omnibus Reply of no more than thirty-five (35) pages.

10. Multiple objections have been filed against the rulings requested in respect of Act 53-2021. The issues that the Omnibus Reply will address are complex—including, for example, (i) the legislature's meaning in passing Act 53 and the statutory language and structure of Act 53; (ii) extrinsic evidence relating thereto; (iii) Puerto Rico law's treatment of the rights created by pension legislation and the Debtors' powers to modify contractual rights and obligations under a Plan; and (iv) other issues raised by each individual Objector.

11. The Oversight Board seeks to fairly and thoroughly address all issues raised by the Objectors to the rulings requested in respect of Act 53-2021. Additionally, in providing notice to all affected parties by filing the Act 53 Notice the Oversight Board, mindful of the Court's resources and the urgency of the request, did not draft or submit an affirmative motion in the first instance in support of the Act 53 Order. Thus the Board now argues in support of the Order for the first time while simultaneously seeking to adequately address all filed objections.

12. The requested relief would not prejudice the Objectors, all of which do not oppose this Urgent Motion.

13. No prior request for the relief sought in this Urgent Motion has been made to this or any other court.

## Certification of Compliance with Local Rule 9013-1 And
## The Fifteenth Amended Case Management Procedures

14. Pursuant to Section I.H. of the Case Management Procedures, undersigned counsel certifies it has engaged in reasonable, good-faith communications with counsel for the Objectors all of which do not oppose the relief sought. Moreover, in accordance with Local Bankruptcy Rule 9013-1(a)(2), undersigned counsel certifies counsel has carefully examined the matter and concluded there is a true need for expedited consideration of the Urgent Motion, and the Oversight Board has not created the urgency through lack of due diligence on its part. The undersigned further certifies the Oversight Board made a bona fide and good faith effort to resolve the matter without a hearing.

## Conclusion

WHEREFORE the Oversight Board respectfully requests the Court enter the Proposed Order attached as **Exhibit A**, granting the relief requested herein and all other relief as is just and proper.

*[Remainder of page left blank intentionally]*

Dated: November 15, 2021
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Martin J. Bienenstock*

Martin J. Bienenstock
Brian. S. Rosen
Jeffrey W. Levitan
Ehud Barak
Daniel S. Desatnik
(Admission *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

*/s/ Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

7

## **EXHIBIT A**

**Proposed Order**

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

[*Caption continued on next page*]

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>    Movants,<br><br>    vs.<br><br>ASOCIACIÓN PUERTORRIQUEÑA DE LA JUDICATURA, INC., ASOCIACIÓN DE JUBILADOS DE LA JUDICATURA DE PUERTO RICO, HONORABLE HECTOR URGELL CUEBAS, FEDERACIÓN DE MAESTROS DE PUERTO RICO, INC., GRUPO MAGISTERIAL EDUCADORES(AS) POR LA DEMOCRACIA, UNIDAD, CAMBIO, MILITANCIA Y ORGANIZACIÓN SINDICAL, INC., UNIÓN NACIONAL DE EDUCADORES Y TRABAJADORES DE LA EDUCACIÓN, INC., ASOCIACIÓN DE MAESTROS PUERTO RICO, THE ASOCIACIÓN DE MAESTROS DE PUERTO RICO-LOCAL SINDICAL,<br><br>    Respondents. | Re: ECF Nos. 19161, 19175, 19180, 19181 |

**[PROPOSED] ORDER GRANTING URGENT MOTION OF THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY FOR LEAVE TO FILE OMNIBUS REPLY TO OBJECTIONS TO REQUESTED RULINGS REGARDING ACT 53-2021 RELATING TO THE MODIFIED EIGHTH AMENDED JOINT PLAN OF <u>ADJUSTMENT OF NO MORE THAN 35 PAGES</u>**

    Upon consideration of the *Urgent Unopposed Motion of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority for Leave to File Omnibus Reply to Objections to Requested Rulings Regarding Act 53-2021 Relating to the Modified Eighth Amended Joint Plan*

2

*of Adjustment of No More Than 35 Pages* (the "Urgent Motion");[2] and the Court having found it has subject-matter jurisdiction over this matter pursuant to PROMESA section 306(a); and it appearing that venue in this district is proper pursuant to PROMESA section 307(a); and the Court having found that the Oversight Board provided adequate and appropriate notice of the Urgent Motion under the circumstances and that no other or further notice is required; and upon the record herein, after due deliberation thereon, the Court having found that good and sufficient cause exists for the granting of the relief as set forth herein,

**IT IS HEREBY ORDERED THAT:**

1. The Urgent Motion is **GRANTED** as set forth herein.

2. The Oversight Board may file an Omnibus Reply to objections to requested rulings regarding Act 53-2021 of no more than **thirty five (35) pages,** exclusive of the cover page, the table of contents, the table of authorities, the signature page, exhibits, and the certificate of service.

3. The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

**SO ORDERED**.

Dated: November [  ], 2021

                                                                             HONORABLE LAURA TAYLOR SWAIN
                                                                             United States District Judge

---

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Urgent Motion.

4

**CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

*/s/Hermann D. Bauer*
Hermann D. Bauer