IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of:<br><br>THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEE'S RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY<br><br>Debtors | PROMESA<br>Title III<br><br>Case No. 17-bk-3283 (LTS)<br><br>(Jointly Administered)[1] |

## QUALIFIED OBJECTION TO PROPOSED CONFIRMATION ORDER

TO THE HONORABLE COURT:

COMES NOW **Finca Matilde, Inc.** ("Finca Matilde"), a creditor in the captioned case, whom, through the undersigned legal counsel, very respectfully state, pray, and OBJECTS to the proposed *Order and Judgment Confirming Modified Eight Amended Title III Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (the "Proposed Order") filed and proposed by the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") at Docket No. 19188 at Exhibit A, for the reasons stated herein below.

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 35(787)66-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

1. On November 12, 2021, the Oversight Board filed the *Notice of Filing of Proposed order and Judgment Confirming Modified Eight Amended Title III Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [Docket No. 19188]. Finca Matilde objects to the language contained to the extent that such is premised on the event that the Court will deny all objections in their entirety. It does not contemplate the scenario where the that the Court can confirm the plan excepting certain debts from discharge pursuant to Section 944 of the Bankruptcy Code, as applicable pursuant to Section 301(a) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), 48 USC § 2161.

2. Since the filing of the first disclosure statement before this Honorable Court, Finca Matilde has alleged that its claim against the Commonwealth of Puerto Rico (the "Debtor") cannot be impaired or discharge pursuant to the Takings Clause of the Fifth Amendment of the Constitution of the United States. In fact, on October 19, 2021, the Debtor objected to the confirmation of the *Seventh Amended Joint Plan of Adjustment*, precisely, because it seeks to discharge Finca Matilde's claim [Docket No. 18566], objection which remains and is equally applicable to the Modified Eight Amended Plan.

3. While the Court may grant or overrule Finca Matilde's objection in its entirety, the Court may confirm the plan while determining that Takings Claims are not dischargeable pursuant to Section 944(c)(1) of the Bankruptcy Code. This was the case of In re: City of Detroit, 524 B.R. 147, 268 (Bankr. E.D. Mich. 2014). If the Court were to rule in the same manner as the Detroit court, then paragraph 49 of the Proposed Order should be amended.

4. While Finca Matilde acknowledges that the Proposed Order is not the confirmation order, Final Matilde objects to this issue so that failing to object to the proposed order is not construed as a waiver of any issue raised in Finca Matilde's

objection at Docket No. 18566. Moreover, Finca Matilde purports that – since the Oversight Board is not just the plan proponent, but also the legal entity that will certify the Debtor's subsequent Fiscal Plans, the only available remedy to address the legal controversy in Finca Matilde's objection to confirmation is payment in full through the Plan of Adjustment. Therefore, this qualified objection should be construed as a waiver of such position.

**WHEREFORE**, Finca Matilde request that this Honorable Court entertains the instant motion and that this qualified objection be noted.

**I HEREBY CERTIFY**, that on this same date I electronically filed the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system, which will send electronic notification to all participants. Pursuant to the Fourteenth Amended Notice, Case Management and Administrative Procedures, the instant motion was served via First Class Mail upon the (i) Office of the United States Trustee, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, P.R. 00901; (ii) Chambers of the Hon. Laura T. Swain; (iii) AAFAF and its counsel; (iv) the Oversight Board and its legal counsel, (v) Counsel for the Creditors Committee, (vi) Counsel for the Retiree Committee, the 20 largest creditors.

**RESPECTFULLY SUBMITED,**

In San Juan, Puerto Rico, this 15th day of November of 2021.

**ISABEL FULLANA-FRATICELLI & ASSOCS., P.S.C.**
The Hato Rey Center Bldg.
268 Ave. Ponce de León Ste. 1002
San Juan, Puerto Rico 00918
Telephone: (787) 250-7242
Facsimile: (787) 756-7800

/s/Isabel M. Fullana
USDCPR No. 126802
ifullana@gaflegal.com

/s/Eduardo J. Capdevila
USDCPR No. 302713
ecapdevila@gaflegal.com