**Hearing Date**: March 23, 2022 at 9:30 a.m. (ET) / 9:30 a.m. (AST)
**Objection Deadline**: December 6, 2021 at 3:00 p.m. (ET) / 4:00 p.m. (AST)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------ x
                                                     :
In re:                                               :
                                                     :
THE FINANCIAL OVERSIGHT AND                          :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                    :   Title III
                                                     :
        as representative of                         :   Case No. 17-BK-3283 (LTS)
                                                     :
THE COMMONWEALTH OF PUERTO RICO, *et al.*,           :   (Jointly Administered)
                                                     :
        Debtors.[1]                                  :
------------------------------------------------------------------------ x

## NOTICE OF HEARING ON THIRTEENTH INTERIM FEE APPLICATION OF PAUL HASTINGS LLP, AS COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM JUNE 1, 2021 THROUGH SEPTEMBER 30, 2021

**PLEASE TAKE NOTICE** that a hearing on the annexed *Thirteenth Interim Fee*

*Application of Paul Hastings LLP, as Counsel to Official Committee of Unsecured Creditors, for*

*Services Rendered and Reimbursement of Expenses for Period from June 1, 2021 through*

*September 30, 2021* (the "Application") filed by Paul Hastings LLP, pursuant to section

1103(a)(1) of the Bankruptcy Code, made applicable to these cases by section 301 of the Puerto

Rico Oversight, Management and Economic Stability Act of 2016 or "PROMESA," will be held

before the Honorable Laura Taylor Swain, United States District Judge, at the United States

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

District Court for the District of Puerto Rico, in Room 3, 150 Carlos Chardón Street, Federal Building, Office 150, San Juan, Puerto Rico 00918-1767 on **March 23, 2022 at 9:30 a.m. (ET) / 9:30 a.m. (AST)** (the "Hearing").

**PLEASE TAKE FURTHER NOTICE** that any responses or objections ("Objections") to the Application by any party other than the Fee Examiner shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the District of Puerto Rico, shall be filed with the Court (a) by attorneys practicing in the District Court, including attorneys admitted *pro hac vice*, electronically in accordance with rule 5 of the Local Rules for the District of Puerto Rico, and (b) by all other parties in interest, by submitting a hard copy via mail to the Clerk's Office, United States District Court, Room 150 Federal Building, San Juan, PR 00918-1767 or by hand delivery to the Clerk's Office, United States District Court, 150 Carlos Chardon Avenue, Room 150, San Juan, PR 00918, to the extent applicable, and shall be served in accordance with the *Second Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 3269] (the "Interim Compensation Order"), so as to be so filed and received by the Notice Parties (as defined in the Interim Compensation Order) no later than **December 6, 2021 at 3:00 p.m. (ET) / 4:00 p.m. (AST)** (the "Objection Deadline").

[*Remainder of page intentionally left blank.*]

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the Interim

Compensation Order, if no Objections are timely filed, and if the Fee Examiner issues the Fee

Examiner Report (as defined in the Interim Compensation Order) recommending approval of the

Application in full or in part, the Court may grant the Application without a hearing.

Dated:  November 15, 2021              */s/ Luc A. Despins*

PAUL HASTINGS LLP
Luc A. Despins, Esq. (Pro Hac Vice)
James R. Bliss, Esq. (Pro Hac Vice)
Nicholas A. Bassett, Esq. (Pro Hac Vice)
G. Alexander Bongartz, Esq. (Pro Hac Vice)
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured
Creditors*

- and -

*/s/ Juan J. Casillas Ayala*

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, PR 00919-5075
Tel.: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured
Creditors*

**Hearing Date**: March 23, 2022 at 9:30 a.m. (ET) / 9:30 a.m. (AST)
**Objection Deadline**: December 6, 2021 at 3:00 p.m. (ET) / 4:00 p.m. (AST)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------------- x
                  :

In re:                          :
                  :

THE FINANCIAL OVERSIGHT AND    :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,  :   Title III
                  :

       as representative of         :   Case No. 17-BK-3283 (LTS)
                  :

THE COMMONWEALTH OF PUERTO RICO, *et al.*,  :   (Jointly Administered)
                  :

       Debtors.[1]            :

---------------------------------------------------------------------- x

## THIRTEENTH INTERIM FEE APPLICATION OF PAUL HASTINGS LLP, AS COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR PERIOD <u>FROM JUNE 1, 2021 THROUGH SEPTEMBER 30, 2021</u>

## SUMMARY COVER SHEET

| | |
|---|---|
| Name of applicant: | Paul Hastings LLP ("<u>Paul Hastings</u>") |
| Authorized to provide professional services to: | Official Committee of Unsecured Creditors (the "<u>Committee</u>")[2] |
| Date of retention: | Order entered August 10, 2017, effective as of June 26, 2017 [Docket No. 999] |
| Period for which compensation and reimbursement are sought: | June 1, 2021 through and including September 30, 2021 (the "<u>Application Period</u>") |

---

[1]   The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "<u>Commonwealth</u>") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("<u>PBA</u>") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]   The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

| | |
|---|---|
| Amount of interim compensation sought as actual, reasonable, and necessary: | $1,950,268.00 / $1,406,399.98[3] |
| Amount of interim expense reimbursement sought as actual, reasonable, and necessary: | $63,942.15 |
| Are your fee or expense totals different from the sum of previously-served monthly statements for the Application Period? | No. |
| Total compensation approved by interim order to date: | $52,461,193.24 |
| Total expenses approved by interim order to date: | $2,291,279.48 |
| Total allowed compensation paid to date: | $52,461,193.24 |
| Total allowed expenses paid to date: | $2,291,279.48 |
| Blended rate in this Application for all attorneys: | (a) $1,111/hour; (b) $889/hour[5] |
| Blended rate in this Application for all timekeepers: | (a) $1,025/hour; (b) $820/hour[4] |
| Compensation sought in this Application already paid pursuant to a monthly compensation order but not yet allowed: | $1,051,051.21 |
| Expenses sought in this Application already paid pursuant to a monthly compensation order but not yet allowed: | $60,154.79 |
| The total time expended for fee application preparation during the Application Period: | Approximately 26.6 hours |
| The total compensation requested for fee application preparation during the Application Period: | Approximately $27,958.00 |

---

[3]   While Paul Hastings seeks allowance of all of its fees incurred during the Application Period, the firm only seeks payment, at this time, of fees in the amount of $1,406,399.98 (to the extent such amount has not been paid before the hearing scheduled on this Application), which is 80% of $1,757,999.97 (*i.e.*, Paul Hastings' fees of $1,950,268.00 minus a credit of $192,268.03 for fee reductions pursuant to the orders approving Paul Hastings' Eleventh Interim Fee Application). By the time of the hearing on this Application, this amount should have long been paid by the Debtors pursuant to the Interim Compensation Order (as defined below), and Paul Hastings reserves its rights to seek relief from the Court to the extent any outstanding fees and expenses that are due and payable are not paid on the terms set forth in the Interim Compensation Order.

[4]   The calculation of the blended hourly rates reflected in (a) does <u>not</u> take into account Paul Hastings' agreement to reduce its fees by an amount equal to 20% of its total case fees, with the precise fees to be waived to attain the 20% reduction to be designated by Paul Hastings (in its sole discretion) in connection with the final fee application process.  The impact of the 20% end of the case write-off on the blended hourly rates cannot be calculated at this time.  However, for illustrative purposes only, we have reflected in (b) the blended hourly rate after accounting for the 20% reduction for all attorneys and for all timekeepers.

| | |
|---|---|
| Number of professionals included in this Application: | 14 |
| If applicable, number of professionals in this Application not included in a staffing plan approved by the client: | Not applicable. |
| If applicable, difference between fees budgeted and compensation sought for the Application Period: | Not applicable. |
| Number of professionals billing fewer than 15 hours to the case during the Application Period: | 1 |
| Are any timekeeper's hourly rates higher than those approved or disclosed at retention?  If yes, calculate and disclose the total compensation sought in this Application using the rates originally disclosed in the retention application: | Yes.[5]  When calculated at the rates in effect during the initial fee period (June 26, 2017 through September 30, 2017), total fees for the Application Period would have been $1,522,403.00 (compared to $1,950,268.00 under the current rates).  The rate adjustments reflect not only Paul Hastings' across-the-board increases in its rate scale, but also step increases due to advancing seniority.  While $427,865.00 of Paul Hastings' fees for the Application Period are attributable to periodic changes in rates, $109,433.00 of this amount is attributable to step increases due to advancing seniority.[6]  Thus, only $318,432.00 of the fees in the Application Period are attributable to changes in the firm's rate scale since the date of retention. |

---

[5]   As is customary, and as permitted pursuant to paragraph 2 of Paul Hastings' retention order [Docket No. 999], every year Paul Hastings reviews its rate structure and, when appropriate, adjusts its hourly rates based upon (i) the advancing seniority of its professionals and paraprofessionals, (ii) the current market for legal services, (iii) the rates charged for comparable non-bankruptcy services, and (iv) the firm's analysis of the hourly rates being charged by professionals in other law firms. As a courtesy to the Committee, Paul Hastings voluntarily agreed to reduce the hourly rate of Luc A. Despins (from $1,360 to $1,280 per hour) and John F. Hilson (from $1,300 to $1,120 per hour) for the Application Period in the Puerto Rico matter (in each case, adjusted to reflect, on a *pro forma* basis, the 20% end-of-case reduction.

[6]   Under the U.S. Trustee's Appendix B Guidelines, rate increases "exclude step increases historically awarded by the firm in the ordinary course to attorneys throughout the firm due to advancing seniority and promotion."

## MONTHLY FEE REQUESTS TO DATE

| Date Submitted | Monthly Period Covered | Requested Fees (80%) | Requested Expenses (100%) | Fees Paid | Expenses Paid | 20% Fee Holdback |
|---|---|---|---|---|---|---|
| **First Interim Fee Period (June 26, 2017 through September 30, 2017)** | | | | | | |
| 8/25/17 | 6/26/17 - 7/31/17 | $2,612,026.60 | $128,519.42 | $2,612,026.20 | $128,519.42 | $653,006.65 |
| 10/20/17 | 8/1/17- 8/31/17 | $2,742,786.60 | ($35,965.44) | $2,742,786.60 | ($35,965.44) | $685,696.65 |
| 12/5/17 | 9/1/17 - 9/30/17 | $2,121,569.60 | $40,716.24 | $2,121,569.60 | $40,716.24 | $530,392.40 |
| **Total** | | **$7,476,382.80** | **$133,270.22** | **$7,476,382.40** | **$133,270.22** | **$1,869,095.70** |
| | | | | | | |
| **Second Interim Fee Period (October 1, 2017 through January 31, 2018)** | | | | | | |
| 12/23/17 | 10/1/17 - 10/31/17 | $915,475.60 | $14,567.93 | $915,475.60 | $14,567.90 | $228,868.90 |
| 1/5/18 | 11/1/17 - 11/30/17 | $1,445,414.80 | $27,705.47 | $1,445,414.80 | $27,705.47 | $361,353.70 |
| 1/12/18 | 12/1/17 - 12/31/17 | $1,467,883.60 | $22,557.50 | $1,467,883.60 | $22,557.50 | $366,970.90 |
| 3/16/18 | 1/1/18 - 1/31/18 | $1,824,040.20[7] | $30,631.53[8] | $1,822,932.20 | $17,909.03 | $455,733.05 |
| **Total** | | **$5,652,814.20** | **$95,462.43** | **$5,651,706.20** | **$82,739.90** | **$1,412,926.55** |
| | | | | | | |
| **Third Interim Fee Period (February 1, 2018 through May 31, 2018)** | | | | | | |
| 4/18/18 | 2/1/18 - 2/28/18 | $2,015,455.20 | $87,789.71 | $2,015,455.20 | $87,789.71 | $503,863.80 |
| 5/9/18 | 3/1/18 - 3/31/18 | $2,416,111.40 | $53,500.42 | $2,416,111.40 | $53,500.42 | $604,027.85 |
| 6/15/18 | 4/1/18 - 4/30/18 | $1,357,280.60 | $408,763.80 | $1,357,280.60 | $408,763.80 | $339,320.15 |
| 7/13/18 | 5/1/18 - 5/31/18 | $1,152,043.00 | $36,939.73 | $1,152,043.00 | $36,939.73 | $288,010.75 |
| **Total** | | **$6,940,890.20** | **$586,993.66** | **$6,940,890.20** | **$586,993.66** | **$1,735,222.55** |
| | | | | | | |
| **Fourth Interim Fee Period (June 1, 2018 through September 30, 2018)** | | | | | | |
| 9/6/18 | 6/1/18 - 6/30/18 | $983,056.20 | $45,319.10 | $983,056.20 | $45,319.10 | $245,764.05 |

---

[7]   This amount reflects a credit of $13,507.00 for fee reductions pursuant to the order approving Paul Hastings'
First Interim Fee Application.

[8]   This amount reflects a credit of $21,926.16 for expense reductions pursuant to the order approving Paul
Hastings' First Interim Fee Application.

| Date Submitted | Monthly Period Covered | Requested Fees (80%) | Requested Expenses (100%) | Fees Paid | Expenses Paid | 20% Fee Holdback |
|---|---|---|---|---|---|---|
| 10/8/18 | 7/1/18 - 7/31/18 | $1,061,831.60 | $77,376.40 | $1,061,831.60 | $77,376.40 | $265,457.90 |
| 11/2/18 | 8/1/18 - 8/31/18 | $1,288,866.00 | $39,833.17 | $1,288,866.00 | $39,833.17 | $322,216.50 |
| 11/15/18 | 9/1/18 - 9/30/18 | $1,302,462.40 | $39,196.98 | $1,302,462.40 | $39,196.98 | $325,615.60 |
| **Total** | | **$4,636,216.20** | **$201,725.65** | **$4,636,216.20** | **$201,725.65** | **$1,159,054.05** |
| | | | | | | |
| **Fifth Interim Fee Period (October 1, 2018 through January 31, 2019)** | | | | | | |
| 12/19/18 | 10/1/18 – 10/31/18 | $968,238.40 | $17,300.41 | $968,238.40 | $17,300.41 | $242,059.60 |
| 01/07/19 | 11/1/18 – 11/30/18 | $695,795.40 | $9,071.96 | $695,795.40 | $9,071.96 | $173,948.85 |
| 02/20/19 | 12/1/18 – 12/31/18 | $932,751.60 | $24,110.50 | $932,751.60 | $24,110.50 | $233,187.90 |
| 03/15/10 | 1/1/19 – 1/31/19 | $1,040,883.79[9] | $38,921.42[10] | $1,040,883.79 | $38,921.42 | $260,220.95 |
| **Total** | | **$3,637,669.19** | **$89,404.29** | **$3,637,669.19** | **$89,404.29** | **$909,417.30** |
| | | | | | | |
| **Sixth Interim Fee Period (February 1, 2019 through May 31, 2019)** | | | | | | |
| 06/13/19 | 2/1/19 – 2/28/19 | $1,098,711.60 | $30,746.31 | $1,098,711.60 | $30,746.31 | $274,677.90 |
| 06/13/19 | 3/1/19 – 3/31/19 | $1,453,006.40 | 25,745.44 | $1,453,006.40 | $25,745.44 | $363,251.60 |
| 07/03/19 | 4/1/19 – 4/30/19 | $1,852,132.00 | $64,731.53 | $1,852,132.00 | $64,731.53 | $463,033.00 |
| 07/15/19 | 5/1/19 – 5/31/19 | $2,143,294.80 | $61,317.34 | $2,143,294.80 | $61,317.34 | $535,823.70 |
| **Total** | | **$6,547,144.80** | **$182,540.62** | **$6,547,144.80** | **$182,312.69** | **$1,636,786.20** |
| | | | | | | |
| **Seventh Interim Fee Period (June 1, 2019 through September 30, 2019)** | | | | | | |
| 08/21/19 | 6/1/19 – 6/30/19 | $1,841,416.66[11] | $300,689.64 | $1,841,416.66 | $300,689.64 | $478,122.60 |

---

[9]   This amount reflects a credit of $158,129.01 for fee reductions pursuant to the order approving Paul Hastings' Third and Fourth Interim Fee Applications.

[10]   This amount reflects a credit of $6,033.82 for expense reductions pursuant to the order approving Paul Hastings' Third and Fourth Interim Fee Applications.

[11]   This amount reflects a credit of $88,842.17 for fee reductions pursuant to the order approving Paul Hastings' Fifth Interim Fee Application.

| Date Submitted | Monthly Period Covered | Requested Fees (80%) | Requested Expenses (100%) | Fees Paid | Expenses Paid | 20% Fee Holdback |
|---|---|---|---|---|---|---|
| 09/27/19 | 7/1/19 – 7/31/19 | $1,955,942.80 | $380,030.21 | $1,955,942.80 | $380,030.21 | $488,985.70 |
| 10/31/19 | 8/1/19 – 8/31/19 | $1,051,966.00 | $127,240.87 | $1,051,966.00 | $127,240.87 | $262,991.50 |
| 11/14/19 | 9/1/19 – 9/30/19 | $1,052,167.20 | $92,968.55[12] | $1,052,167.20 | $92,968.55 | $263,041.80 |
| **Total** | | **$5,901,492.71** | **$900,929.27** | **$5,901,492.66** | **$900,929.27** | **$1,493,141.60** |
| | | | | | | |
| **Eighth Interim Fee Period (October 1, 2019 through January 31, 2020)** | | | | | | |
| 12/19/20 | 10/1/19 – 10/31/19 | $1,911,593.40 | $113,178.50 | $1,911,593.40 | $113,178.50 | $477,898.35 |
| 01/09/20 | 11/1/19 – 11/30/19 | $830,350.40 | $68,843.54 | $830,350.40 | $68,843.54 | $207,587.60 |
| 02/28/20 | 12/1/19 – 12/31/19 | $811,470.37[13] | $54,148.03[14] | $811,470.37 | $54,148.0$3 | $202,867.59 |
| 03/13/20 | 1/1/20 – 1/31/20 | $961,055.40 | $44,734.48 | $961,055.40 | $44,734.48 | $240,263.85 |
| **Total** | | **$4,514,469.57** | **$280,904.55** | **$4,514,469.57** | **$280,904.55** | **$1,128,617.39** |
| | | | | | | |
| **Ninth Interim Fee Period (February 1, 2020 through May 31, 2020)** | | | | | | |
| 04/27/20 | 2/1/19 – 2/29/20 | $1,537,133.80 | $64,790.53 | $1,537,133.80 | $64,790.53 | $384,283.45 |
| 05/15/20 | 3/1/20 – 3/31/20 | $1,230,017.80 | $26,061.77 | $1,230,017.80 | $26,061.77 | $307,504.45 |
| 06/05/20 | 4/1/20 – 4/30/20 | $665,122.80 | $30,205.99 | $665,122.80 | $30,205.99 | $166,280.70 |
| 07/10/20 | 5/1/20 – 5/31/20 | $398,858.80 | $18,014.66 | $398,858.80 | $18,014.66 | $99,714.70 |
| **Total** | | **$3,831,133.20** | **$139,072.95** | **$3,831,133.20** | **$139,072.95** | **$957,783.30** |
| | | | | | | |
| **Tenth Interim Fee Period (June 1, 2020 through September 30, 2020)** | | | | | | |
| 08/6/20 | 6/1/20 – 6/30/20 | $331,160.82[15] | $8,379.46[16] | $331,160.82 | $8,379.46 | $82,790.20 |

---

[12]   This amount reflects a credit of $606.96 for expense reductions pursuant to the order approving Paul Hastings'
    Fifth Interim Fee Application.

[13]   This amount reflects a credit of $145,627.04 for fee reductions pursuant to the order approving Paul Hastings'
    Sixth Interim Fee Application.

[14]   This amount reflects a credit of $227.93 for expense reductions pursuant to the order approving Paul Hastings'
    Sixth Interim Fee Application.

| Date Submitted | Monthly Period Covered | Requested Fees (80%) | Requested Expenses (100%) | Fees Paid | Expenses Paid | 20% Fee Holdback |
|---|---|---|---|---|---|---|
| 09/14/20 | 7/1/20 – 7/31/20 | $487,330.80 | $66,532.00 | $487,330.80 | $66,532.00 | $121,832.70 |
| 10/10/20 | 8/1/20 – 8/31/20 | $516,247.20 | $34,799.52 | $516,247.20 | $34,799.52 | $129,061.80 |
| 11/2/20 | 9/1/20 – 9/30/20 | $499,875.60 | $39,927.12 | $499,875.60 | $39,927.12 | $124,968.90 |
| **Total** | | **$1,834,614.42** | **$149,638.10** | **$1,834,614.42** | **$149,638.10** | **$458,653.60** |
| | | | | | | |
| **Eleventh Interim Fee Period (October 1, 2020 through January 31, 2021)** | | | | | | |
| 12/12/20 | 10/1/20 – 10/31/20 | $579,022.80 | $9,489.60 | $579,022.80 | $9,489.60 | $144,755.40 |
| 01/8/21 | 11/1/20 – 11/30/20 | $290,754.00 | $22,036.54 | $290,754.00 | $22,036.54 | $72,688.50 |
| 02/12/21 | 12/1/20 – 12/31/20 | $417,523.60 | $14,383.76 | $417,523.60 | $14,383.76 | $104,380.90 |
| 03/11/21 | 1/1/21 – 1/31/21 | $202,174.00 | $14,267.47 | $202,174.00 | $14,267.47 | $50,543.50 |
| **Total** | | **$1,489,474.40** | **$60,177.37** | **$1,489,474.40** | **$60,177.37** | **$372,368.60** |
| | | | | | | |
| **Twelfth Interim Fee Period (February 1, 2021 through May 31, 2021)** | | | | | | |
| 4/9/21 | 2/1/21 – 2/28/21 | $216,458.14[17] | $24,926.47 | $216,458.14 | $24,926.47 | $54,114.53 |
| 5/7/21 | 3/1/21 – 3/31/21 | $152,465.24[18] | $8,252.75[19] | $152,465.24 | $8,252.75 | $38,116.31 |
| 6/25/21 | 4/1/21 - 4/30/21 | $619,255.60 | $35,459.58 | $619,255.58 | $35,459.58 | $154,813.90 |
| 7/9/21 | 5/1/21 – 5/31/21 | $352,375.60 | $9,950.81 | $352,375.59 | $9,950.81 | $88,092.90 |
| **Total** | | **$1,340,554.58** | **$78,589.61** | **$1,340,554.55** | **$78,589.61** | **$335,137.64** |

---

[15]   This amount reflects a credit of (a) $99,027.94 for fee reductions pursuant to the order approving Paul Hastings' Seventh Interim Fee Application and (b) $73,343.54 for fee reductions pursuant to the order approving Paul Hastings' Eighth Interim Fee Application.

[16]   This amount reflects a credit of (a) $548.31 for expense reductions pursuant to the order approving Paul Hastings' Seventh Interim Fee Application and (b) $99.18 for expense reductions pursuant to the order approving Paul Hastings' Eighth Interim Fee Application.

[17]   This amount reflects a credit of $78,764.83 for fee reductions pursuant to the order approving Paul Hastings' Ninth Interim Fee Application.

[18]   This amount reflects a credit of $162,080.45 for fee reductions pursuant to the order approving Paul Hastings' Tenth Interim Fee Application.

[19]   This amount reflects a credit of $170.77 for cost reductions pursuant to the order approving Paul Hastings' Tenth Interim Fee Application.

| Date Submitted | Monthly Period Covered | Requested Fees (80%) | Requested Expenses (100%) | Fees Paid | Expenses Paid | 20% Fee Holdback |
|---|---|---|---|---|---|---|
| | | | | | | |
| **Thirteenth Interim Fee Period (June 1, 2021 through September 30, 2021)** | | | | | | |
| 8/21/21 | 6/1/21 – 6/30/21 | $622,676.81[20] | $50,044.06 | $622,676.81 | $50,044.06 | $194,122.80 |
| 9/17/21 | 7/1/21 – 7/31/21 | $428,374.40 | $10,110.73 | $428,374.40 | $10,110.73 | $107,093.60 |
| 10/25/21 | 8/1/21 – 8/31/21 | $157,248.40 | $932.25 | -- | -- | $39,312.10 |
| 11/12/21 | 9/1/21 – 9/30/21 | $198,100.40 | $2,855.11 | -- | -- | $49,525.0 |
| **Total** | | **$1,406,399.98** | **$63,942.15** | **$1,051,051.21** | **$60,154.79** | **$390,053.60** |

---

[20] This amount reflects a credit of $192,268.03 for fee reductions pursuant to the order approving Paul Hastings' Eleventh Interim Fee Application

## PRIOR INTERIM FEE APPLICATIONS

| Date Filed [Docket No.] | Period Covered | Requested Fees | Requested Expenses | Order [Docket No.] | Fees Allowed and Paid | Expenses Allowed and Paid |
|---|---|---|---|---|---|---|
| 12/15/17 Docket No. 2040 | 6/26/17 - 9/30/17 | $9,345,478.50 | $133,270.22 | Docket No. 2685 | Allowed: $9,264,712.49 Paid: $7,476,382.40 Authorized to be paid: $7,465,577.20[21] | Allowed: $111,344.06 Paid: $133,270.22 Authorized to be paid: $111,344.06[22] |
| 3/19/18 Docket No. 2735 | 10/1/17 – 1/31/18 | $7,066,017.75 | $95,462.43 | Docket No. 3279 | Allowed: $6,960,689.25 Paid:  $5,651,706.20 Authorized to be paid: $5,651,706.20 | Allowed: $104,666.09[23] Paid: $82,739.90 Authorized to be paid:   $82,739.93 |
| 7/16/18 Docket No. 3568 | 2/1/18 – 5/31/18 | $8,676,112.75 | $586,993.66 | Docket No. 5654 | Allowed: $8,576,523.01 Paid:  $6,940,890.20 Authorized to be paid: $6,861,218.41[24] | Allowed: $583,256.46 Paid: $586,993.66 Authorized to be paid:   $583,256.46[25] |
| 11/16/18 Docket No. 4325 | 6/1/18 – 9/30/18 | $5,795,270.25 | $201,725.65 | Docket No. 5654 | Allowed: $5,736,730.98 Paid:  $4,636,216.20 Authorized to be paid: $4,589,384.78[26] | Allowed: $199,429.03 Paid: $201,725.65 Authorized to be paid: $199,429.03[27] |
| 4/18/2019 Docket No. 5822 | 10/1/18 – 1/31/19 | $4,705,215.50 | $95,438.11 | Docket No. 8189 | Allowed: $4,509,478.17 Paid: $3,637,669.19[28] Authorized to be paid: $3,566,595.46[29] | Allowed: $94,831.15 Paid: $89,404.29[30] Authorized to be paid: $88,797.33[31] |

---

[21]   Reflects fee reductions in the amount of 80% of $13,507.00 (or $10,806.40), which was credited against amounts payable under the January 2018 fee statement.

[22]   Reflects expense reductions in the amount of $21,926.16, which was credited against amounts payable under the January 2018 fee statement.

[23]   Prior to application of a $21,926.16 credit for expense reductions pursuant to order approving Paul Hastings' First Interim Fee Application.

[24]   Reflects fee reductions in the amount of 80% of $99,589.74 (or $79,671.79), which was credited against amounts payable under the January 2019 fee statement.

[25]   Reflects expense reductions in the amount of $3,737.20, which was credited against amounts payable under the January 2019 fee statement.

[26]   Reflects fee reductions in the amount of 80% of $58,539.27 (or $46,831.42), which was credited against amounts payable under the January 2019 fee statement.

[27]   Reflects expense reductions in the amount of $2,296.62, which was credited against amounts payable under the January 2019 fee statement.

| Date Filed [Docket No.] | Period Covered | Requested Fees | Requested Expenses | Order [Docket No.] | Fees Allowed and Paid | Expenses Allowed and Paid |
|---|---|---|---|---|---|---|
| 7/15/19 Docket No. 8004 | 2/1/19 – 5/31/19 | $8,183,931.00 | $182,540.62 | Docket No. 9687 | Allowed: $7,842,124.12<br>Paid: $6,547,144.80<br>Authorized to be paid: $6,430,643.17[32] | Allowed: $182,312.69<br>Paid: $182,312.69<br>Authorized to be paid: $182,084.76[33] |
| 11/15/19 Docket No. 9219 | 6/1/19 – 9/30/19 | $7,465,708.00 | $901,536.23 | Docket No. 12861 | Allowed: $7,135,691.63<br>Paid: $5,901,492.66[34]<br>Authorized to be paid: $5,733,012.71[35] | Allowed: $384,942.38<br>Paid: $900,929.27[36]<br>Authorized to be paid: $385,549.34[37] |

---

[28] After giving effect to credits for fee reductions in the aggregate amount of 80% of $158,129.01 (or $126,503.21) pursuant to the orders approving Paul Hastings' Third and Fourth Interim Fee Applications.

[29] Reflects fee reductions in the amount of 80% of $88,842.16 (or $71,073.73), which was credited against amounts payable under the June 2019 fee statement. Also, amount authorized to be paid is net of $126,503.21 in credits for fee reductions pursuant to the orders approving Paul Hastings' Third and Fourth Interim Fee Applications.

[30] After giving effect to credits for expense reductions in the aggregate amount of $6,033.82 pursuant to the orders approving Paul Hastings' Third and Fourth Interim Fee Applications.

[31] Reflects expense reductions in the amount of $606.96, which was credited against amounts payable under the September 2019 fee statement. Also, amount authorized to be paid is net of $6,033.82 in credits for expense reductions pursuant to the orders approving Paul Hastings' Third and Fourth Interim Fee Applications.

[32] Reflects fee reductions in the amount of 80% of $145,627.04 (or $116,501.63), which was credited against amounts payable under the December 2019 fee statement.

[33] Reflects expense reductions in the amount of $227.93, which was credited against amounts payable under the December 2019 fee statement.

[34] After giving effect to credits for fee reductions in the amount of $88,842.17 (or $71,073.74 after 20% reduction) pursuant to the order approving Paul Hastings' Fifth Interim Fee Application.

[35] Reflects (a) fee reductions in the amount of 80% of $99,027.94 (or $79,222.35), which will be credited against the amounts payable under the June 2020 fee statement and (b) deferral of fees in the amount of 80% of $111,572.00 (or $89,257.60), as agreed between Paul Hastings and the Fee Examiner. Also, amount authorized to be paid is net of $71,073.73 in credits for fee reductions pursuant to the order approving Paul Hastings' Fifth Interim Fee Application.

[36] After giving effect to credits for expense reductions in the amount of $606.96 pursuant to the order approving Paul Hastings' Fifth Interim Fee Application.

[37] Reflects (a) expense reductions in the amount of $548.31, which will be credited against amounts payable under the June 2020 fee statement and (b) deferral of expenses in the amount of $515,438.58, as agreed between Paul Hastings and the Fee Examiner. Also, amount authorized to be paid is net of $606.96 in credits for expense reductions pursuant to the order approving Paul Hastings' Fifth Interim Fee Application.

| Date Filed [Docket No.] | Period Covered | Requested Fees | Requested Expenses | Order [Docket No.] | Fees Allowed and Paid | Expenses Allowed and Paid |
|---|---|---|---|---|---|---|
| 3/16/20 Docket No. 12395 | 10/1/19 – 1/31/20 | $5,788,714.00 | $281,132.48 | Docket No. 13824 | Allowed: $5,641,450.42 Paid: $4,514,469.57[38] Authorized to be paid: $4,455,794.74[39] | Allowed: $281,132.48 Paid: $280,904.55[40] Authorized to be paid: $281,033.30[41] |
| 7/15/20 Docket No. 13682 | 2/1/20 – 5/31/20 | $4,788,916.50 | $139,072.95 | Docket No. 15355 | Allowed: $4,633,541.85 Paid: $3,831,133.20 Authorized to be paid: $3,768,121.34[42] | Allowed: $139,072.95 Paid: $139,072.95 Authorized to be paid: $139,072.95 |
| 11/16/20 Docket No. 15160 | 6/1/20 – 9/30/20 | $2,465,639.50 | $150,285.59 | Docket No. 16592 | Allowed: $2,270,277.60 Paid: $1,834,614.42 Authorized to be paid: $1,704,950.06[43] | Allowed: $150,114.82 Paid: $149,638.10 Authorized to be paid: $149,467.33[44] |
| 3/15/21 Docket No. 16067 | 10/1/20 – 1/31/21 | $1,861,843.00 | $60,177.37 | Docket No. 17646 | Allowed:$1,635,017.44 Paid: $1,489,474.40 Authorized to be paid: $1,335,659.98[45] | Allowed: $60,177.37 Paid: $60,177.37 Authorized to be paid: $60,177.37 |

[38]   After giving effect to credits for fee reductions in the amount of $145,627.04 (or $116,501.63 after 20% reduction) pursuant to the order approving Paul Hastings' Sixth Interim Fee Application.

[39]   Reflects fee reductions in the amount of 80% of $73,343.54 (or $58,674.83), which was credited against amounts payable under the June 2020 fee statement.  Also, amount authorized to be paid is net of $116,501.63 in credits for fee reductions pursuant to the order approving Paul Hastings' Sixth Interim Fee Application.

[40]   After giving effect to credits for expense reductions in the amount of $227.93 pursuant to the order approving Paul Hastings' Sixth Interim Fee Application.

[41]   Reflects expense reductions in the amount of $99.18, which was credited against amounts payable under the June 2020 fee statement.

[42]   Reflects fee reductions in the amount of 80% of $78,764.83 (or $63,011.86), which was credited against amounts payable under the February 2021 fee statement.

[43]   Reflects fee reductions in the amount of 80% of $162,080.45 (or $129,664.36), which was credited against amounts payable under the March 2021 fee statement.  Also, amount authorized to be paid is net of $172,371.48 in credits for fee reductions pursuant to the orders approving Paul Hastings' Seventh and Eighth Interim Fee Applications.

[44]   Reflects expense reductions in the amount of $170.77, which was credited against amounts payable under the March 2021 fee statement.  Also, amount authorized to be paid is net of $647.49 in credits for expense reductions pursuant to the orders approving Paul Hastings' Seventh and Eighth Interim Fee Applications.

[45]   Reflects fee reductions in the amount of 80% of $192,268.03 (or $153,814.42), which was credited against amounts payable under the June 2021 fee statement.

| Date Filed [Docket No.] | Period Covered | Requested Fees | Requested Expenses | Order [Docket No.] | Fees Allowed and Paid | Expenses Allowed and Paid |
|---|---|---|---|---|---|---|
| 7/15/21 Docket No. 17380 | 2/1/21 – 5/31/21 | $1,916,538.50 | $78,760.38 | N/A | Allowed: TBD | Allowed: TBD |

**Hearing Date**: March 23, 2022 at 9:30 a.m. (ET) / 9:30 a.m. (AST)
**Objection Deadline**: December 6, 2021 at 3:00 p.m. (ET) / 4:00 p.m. (AST)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

----------------------------------------------------------------------- x
                                                   :

In re:                                            :

                                           :

THE FINANCIAL OVERSIGHT AND       :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,   :   Title III

                                           :

          as representative of          :   Case No. 17-BK-3283 (LTS)

                                           :

THE COMMONWEALTH OF PUERTO RICO, *et al.*,   :   (Jointly Administered)

                                           :

          Debtors.[1]                         :

----------------------------------------------------------------------- x

# THIRTEENTH INTERIM APPLICATION OF PAUL HASTINGS LLP, COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM JUNE 1, 2021 THROUGH SEPTEMBER 30, 2021

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................ 1

BACKGROUND ................................................................................................ 8

COMPENSATION AND REIMBURSEMENT REQUEST ...................................... 16

SUMMARY OF SERVICES ............................................................................... 20

    I.     Official Committee of Unsecured Creditors of Commonwealth of Puerto Rico
        (Matter ID 00002) ........................................................................ 21

    II.    Communications with Creditors (Other Than Committee Members) (Matter ID
        00004) ........................................................................................ 25

    III.   PREPA (Matter ID 00006) ......................................................... 26

    IV.   ERS (Matter ID 00008) .............................................................. 27

    V.    Other Adversary Proceedings (Matter ID 00009) ...................... 27

    VI.   Mediation (Matter ID 00010) ..................................................... 27

    VII.  Creditors Committee Meetings (Matter ID 00012) ................... 28

ATTENDANCE AT HEARINGS .......................................................................... 28

REPORT ON MATTERS JOINTLY PURSUED BY OVERSIGHT BOARD AND
COMMITTEE .................................................................................................. 29

ACTUAL AND NECESSARY DISBURSEMENTS .................................................. 31

REQUESTED COMPENSATION SHOULD BE ALLOWED .................................... 32

CONCLUSION .................................................................................................. 35

## SUPPORTING DECLARATION, EXHIBITS, AND SCHEDULES

SUPPORTING DECLARATION OF LUC A. DESPINS

EXHIBIT A          CUSTOMARY AND COMPARABLE COMPENSATION
                   DISCLOSURES

EXHIBIT B          SUMMARY OF TIMEKEEPERS INCLUDED IN THIS APPLICATION

EXHIBIT C          BUDGETS AND STAFFING PLANS FOR APPLICATION PERIOD

  EXHIBIT C-1      BUDGETS

  EXHIBIT C-2      STAFFING PLANS

EXHIBIT D          SUMMARY OF COMPENSATION REQUESTED BY PROJECT
                   CATEGORY

  EXHIBIT D-1      SUMMARY OF COMPENSATION REQUESTED BY PROJECT
                   CATEGORY AS COMPARED TO BUDGET

                   FURTHER BREAKDOWN OF COMPENSATION REQUESTED BY
                   PROJECT CATEGORY AND BY MATTER

  EXHIBIT D-2      SUMMARY OF EXPENSE REIMBURSEMENT REQUESTED BY
                   CATEGORY

EXHIBIT E          BREAKDOWN OF COMPENSATION AND EXPENSE
                   REIMBURSEMENT REQUESTED BY DEBTOR AND BY WHETHER
                   SERVICES WERE RENDERED IN PUERTO RICO OR OUTSIDE
                   PUERTO RICO

SCHEDULE 1         LIST OF PROFESSIONALS BY MATTER

SCHEDULE 2         MONTHLY STATEMENTS COVERED IN APPLICATION

SCHEDULE 3         PROPOSED ORDER

To the Honorable United States District Judge Laura Taylor Swain:

Paul Hastings LLP ("Paul Hastings"), counsel to the Official Committee of Unsecured Creditors (the "Committee"),[1] for its thirteenth application (the "Application"), pursuant to sections 316 and 317 of the Puerto Rico Oversight, Management and Economic Stability Act of 2016 ("PROMESA"),[2] section 503(b) of Title 11, United States Code (the "Bankruptcy Code") as made applicable to these cases by section 301(a) of PROMESA, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules" or "Rules"), and Rule 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules"), for the interim allowance of compensation for professional services performed by Paul Hastings for the period from June 1, 2021 through and including September 30, 2021 (the "Application Period"), and for reimbursement of its actual and necessary expenses incurred during the Application Period, respectfully represents:

## PRELIMINARY STATEMENT

1. During the Application Period, Paul Hastings continued to handle numerous matters that were of critical importance to the interests of the Debtors and their creditors. Most importantly, during the Application Period, Paul Hastings led the Committee's efforts to obtain substantial improvements in the proposed treatment of general unsecured creditors in the Oversight Board's proposed plan of adjustment for the Commonwealth, *et al.* (as amended, the

---

[1]    Prior to August 25, 2017, the Committee was the official committee of unsecured creditors for the Commonwealth's Title III case only. On August 25, 2017, the U.S. Trustee expanded the Committee's role to also include the Title III cases of HTA, ERS, and PREPA.

[2]    References to PROMESA are references to 48 U.S.C. §§ 2101 *et seq.*

"Plan") and the disclosure statement with respect to same (as amended, the "Disclosure Statement").[3]

2.       During the first month and a half of the Application Period, corresponding to June and early July of 2021, Paul Hastings' work on Plan and Disclosure Statement issues proceeded on two parallel tracks—mediation and litigation.  At the same time as Paul Hastings let the Committee's litigation efforts in opposition of the prior version of the Plan (which would have provided a recovery percentage to general unsecured creditors in the low single digits), Paul Hastings represented the Committee in its mediation with the Oversight Board, resulting eventually in the successful negotiation of a letter agreement, July 12, 2021, between the Committee and Oversight Board resolving the Committee's objections to the Plan (the "Plan Settlement").  Prior to the Plan Settlement, however, Paul Hastings necessarily worked on the assumption that it would have to press its opposition to the Disclosure Statement at the July 13-14 Disclosure Statement hearing and prepared, among other things, the Committee's seventy-five (75) page objection to the Disclosure Statement and its sur-reply with respect to Bankruptcy Rule 3013 classification issues.

3.       Pursuant to the Plan Settlement, the Plan now provides, among other things, an aggregate consideration to or for the benefit of allowed CW General Unsecured Claims, allowed Eminent Domain Claims, and allowed Convenience Claims consisting of (a) cash in the amount of $575 million[4] and (b) the net recoveries from certain avoidance and recovery actions to be

---

[3]    Capitalized terms used but not defined herein have the meanings set forth in the Plan and the Disclosure Statement.

[4]    The $575 million cash consideration will be made available to fund (a) distributions to holders of allowed CW General Unsecured Claims and allowed Eminent Domain Claims, (b) up to $15 million to fund the Avoidance Action Trust (which will pursue avoidance actions and other recovery actions for the benefit of CW General Unsecured Claims and Eminent Domain Claims), (c) expenses for claims-related work by the Avoidance Action Trust Board, and (d) cash required to satisfy allowed Convenience Claims.

pursued by an avoidances actions trust (the "Avoidance Action Trust").[5]  This represents an **increase of approximately $414 million (or more than 250%) in the aggregate cash consideration** compared to earlier versions of the plans of adjustment (which provided an aggregate cash consideration of approximately $161 million).[6]  Based on the Oversight Board's estimates, and subject to certain assumptions and conditions, the aggregate cash consideration to be made available under the Plan represents an effective recovery rate of approximately 20%.[7]  Under the prior version of the Plan, the corresponding recovery percentage had been only 5.1%.  Although the Plan Settlement is necessarily a compromise, it ensures far better recoveries for general unsecured creditors than what had been offered under prior versions of the Plan, while avoiding high risk and high expense litigation in opposition to the Plan.

4.    Subsequent to the negotiation of the Plan Settlement, Paul Hastings continued to represent the Committee in connection with the Plan and Disclosure Statement.  Among other things, Paul Hastings continued to monitor Plan-related documents to ensure, among other things, compliance with the Plan Settlement.  Paul Hastings also prepared the Committee's letter explaining the Plan Settlement and the Committee's support for the Plan (the "Letter to Creditors") that would be circulated to general unsecured creditors.  In addition, Paul Hastings worked to formulate the trust agreement providing for the creation and governance of the Avoidance Actions Trust (the "Avoidance Actions Trust Agreement").  The Avoidance Actions

---

[5]    Eminent Domain Claims are also entitled to a distribution of monies on deposit with the Court of First Instance with respect to the condemned property.

[6]    Under the earlier versions of the Plan, the aggregate cash consideration made available to or for the benefit of holders of allowed CW General Unsecured Claims, allowed Eminent Domain Claims, and allowed Convenience Claims consisted of (a) $125 million in cash distributions, (b) the Committee's estimate of approximately $26 million in distributions to Convenience Claims, and (c) $10 million of funding for the Avoidance Action Trust.

[7]    The estimated recovery percentage does not account for (a) net recoveries of the Avoidance Action Trust and (b) in the case of Eminent Domain Claims, distribution of monies on deposit with the Court of First Instance with respect to the condemned property.

Trust Agreement was a high priority for the Committee given that the post-confirmation

prosecution of avoidance actions on behalf of general unsecured creditors was a key aspect of the

Plan Settlement, and Paul Hastings' work on the Avoidance Actions Trust Agreement would

continue after the end of the Application Period.

5.      All the while, Paul Hastings has continued to advise the Committee on all issues

bearing on the rights of unsecured creditors in these Title III cases and taken proactive steps to

protect their rights, including by:

> a.     reviewing information provided by the Oversight Board's
>        advisors regarding the ongoing claims reconciliation process;
>
> b.     working with other Committee advisors and counsel to the
>        Special Claims Committee of the Oversight Board to oversee
>        the prosecution and settlement of avoidance actions;
>
> c.     working with the Committee's local counsel, Casillas, Santiago
>        & Torres LLC, to prepare materials for and staff the
>        Committee's creditor information sessions in connection with
>        the Plan voting process;
>
> d.     reviewing the Oversight Board's reports regarding the
>        designation and status of claims in connection with the
>        alternative dispute resolution ("ADR") process and
>        administrative claims reconciliation ("ACR") process;
>
> e.     holding regular Committee meetings and communicating
>        regularly with Committee members regarding ongoing matters
>        in the Title III cases; and
>
> f.     monitoring hearings, pleadings filed, and orders entered in the
>        Title III cases and related adversary proceedings (including,
>        where appropriate, filing objections), and representing the
>        Committee in hearings before the Court.

6.      Paul Hastings has continued to perform these services in an economic, effective,

and efficient manner commensurate with the complexity and importance of the issues involved.

For example, the work performed by Paul Hastings was carefully assigned to appropriate

professionals or paraprofessionals according to the experience and level of expertise required for

each particular task.  Moreover, whenever possible, Paul Hastings sought to minimize the costs

of Paul Hastings' services to the Committee by utilizing talented junior attorneys and

paraprofessionals to handle the more routine aspects of the assignments and by delegating, to the

extent practicable, questions of Puerto Rico law to local counsel.

7.     In addition, a small core group of Paul Hastings attorneys was utilized for the vast

majority of the work in these Title III cases to minimize the costs of intra-Paul Hastings

communication and education about the cases.  Notably, unless additional attorneys had specific

reasons to attend, only two Paul Hastings attorneys telephonically attended the various hearings

held during the Application Period, thereby minimizing not only the time billed on these

hearings but also the cost of travel and lodging.  This is to be contrasted with other firms that

have several partners attending such hearings.

8.     Moreover, to the extent appropriate, Paul Hastings sought to work closely with

counsel to the Oversight Board, counsel to the Oversight Board's Special Claims Committee (the

"Special Claims Committee"), counsel to the Puerto Rico Fiscal Agency and Financial Advisory

Authority ("AAFAF"), and counsel for the official committee of retirees (the "Retiree

Committee") in order to eliminate unnecessary duplication and allocate tasks in an efficient

manner.  For example, with limited exceptions, the Committee did not become involved in

addressing stay relief requests and, instead, deferred these matters to representatives of the

Debtors.  In addition, to the extent appropriate, the Committee joined in the relief sought by

other parties (as opposed to incurring the cost of preparing its own standalone motions) or

concluded that no pleading was necessary at all.  The Committee has also continued to be very

judicious in determining in which adversary proceedings to intervene, despite the First Circuit's

ruling affirming the Committee's unconditional right to intervene in adversary proceedings.[8]

9.      Finally, we note that the blended attorney hourly rate ($889 after 20% reduction)

for the Application Period is not comparable to the average hourly rate of other professionals in

these Title III cases.  Importantly, the Firm's blended attorney hourly rate does not reflect the

numerous cost-saving measures that were put in place, including deferring a variety of matters to

the Committee's local counsel, Casillas, Santiago & Torres LLC ("CST"), and the Committee's

special litigation counsel, Genovese, Joblove & Battista, P.A. ("Genovese"), which have

significantly lower rates than Paul Hastings.  For example, Paul Hastings determined (with

Committee approval) that all garden-variety avoidance actions should be handled by CST.

Moreover, certain other adversary proceedings (such as the complaint against certain PREPA

fuel suppliers) are being handled by Genovese, even where Paul Hastings does not have a

conflict.  If it wasn't for these cost-saving measures, Paul Hastings would have used more junior

attorneys for these tasks, which would have materially reduced the blended attorney hourly rate

for the Application Period.  Furthermore, Paul Hastings submits that concentrating work in small

teams (that naturally involve more senior attorneys at higher rates) is more cost-efficient than

spreading work out across large teams with numerous junior attorneys (which would have the

effect of artificially lowering the blended hourly rate).  By comparison, on average, the Paul

Hastings core teams are half the size of other firms' core teams.

---

[8]     Paul Hastings has agreed to reduce its total fees by an amount equal to 20% of the firm's case fees (with the
precise fees to be waived to attain the 20% reduction to be designated by Paul Hastings (in its sole discretion) in
connection with the final fee application process).  For the avoidance of doubt, at this time, Paul Hastings seeks
allowance of $1,950,268.00 (*i.e.*, 100% of fees for services rendered during the Application Period), but
payment of fees in the amount of $1,406,399.98 (to the extent such amount has not been paid before the hearing
scheduled on this Application).

10.    In sum, Paul Hastings respectfully submits that the services for which it seeks
compensation in this Application were necessary for and beneficial to the Committee, the
Debtors, and their stakeholders and were rendered to protect, preserve, and maximize the value
for unsecured creditors during the pendency of these Title III cases.  The results obtained to date
have benefited not only the Committee but also the Debtors and their creditors.  Accordingly, in
light of the nature and complexity of these Title III cases, Paul Hastings' charges for professional
services performed and expenses incurred are reasonable under applicable standards.  For all
these reasons, Paul Hastings respectfully requests that the Court grant the Application and allow
interim compensation for professional services performed and reimbursement for expenses as
requested.

11.    This Application is consistent with the Interim Compensation Order (as defined
below), Local Rule 2016-1, and *Appendix B of the United States Trustee's Guidelines for
Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11
U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines").[9]  To the
extent necessary, Paul Hastings requests a waiver for cause shown of any requirements not met
by this Application.

12.    In accordance with the U.S. Trustee Guidelines, at the end of this Application are
the following Exhibits and Schedules:

- Exhibit A contains disclosures regarding "customary and comparable
  compensation."

- Exhibit B contains a summary of Paul Hastings' timekeepers included in this
  Application.

---

[9]    The Committee and Paul Hastings reserve all rights as to the relevance and substantive legal effect of the U.S.
Trustee Guidelines with respect to any application for compensation in these cases.

- <u>Exhibit C-1</u> contains the budgets for Paul Hastings' services during the Application Period.

- <u>Exhibit C-2</u> contains the staffing plans for Paul Hastings' services during the Application Period.

- <u>Exhibit D-1</u> contains (a) a summary of the compensation requested as compared to the compensation budgeted for the firm's services during the Application Period, and (b) a further breakdown of the compensation requested by project category and matter number.

- <u>Exhibit D-2</u> contains a summary of the expense reimbursements requested by category.  An itemized schedule of all such expenses is included in Paul Hastings' monthly statements.

- <u>Exhibit E</u> contains a breakdown of compensation and expense reimbursement requested by Debtor and by whether the services were rendered in Puerto Rico or outside Puerto Rico.

- <u>Schedule 1</u> contains a list of the professionals providing services during the Application Period by matter.

- <u>Schedule 2</u> includes the monthly fee statements covered in this Application.

- <u>Schedule 3</u> includes the proposed order approving this Application.

## **<u>BACKGROUND</u>**

13.     On May 3, 2017, the Oversight Board commenced a Title III case for the

Commonwealth of Puerto Rico by filing a voluntary petition for relief pursuant to section 304(a)

of PROMESA (the "<u>Commonwealth Title III Case</u>").  Thereafter, the Oversight Board

commenced a Title III case for each of COFINA, the Employees Retirement System of the

Government of the Commonwealth of Puerto Rico (the "<u>ERS Title III Case</u>"), the Puerto Rico

Highways and Transportation Authority (the "<u>HTA Title III Case</u>"), and the Puerto Rico Electric

Power Authority (the "<u>PREPA Title III Case</u>," and, together with the Commonwealth Title III

8

Case, the ERS Title III Case, and the HTA Title III Case, the "Title III Cases").[10]  By orders

dated June 29, 2017 [Docket No. 537] and October 6, 2017 [Docket No. 1417], the Court

approved the joint administration of the Title III Cases.

14.    On June 15, 2017, the Office of the United States Trustee for the District of

Puerto Rico (the "U.S. Trustee") filed a *Notice Appointing Creditors Committee for Unsecured

Creditors* [Docket No. 338].  On June 26, 2017, the Committee selected Paul Hastings as counsel

to the Committee.

15.    On July 10, 2017, the Committee filed an application to retain and employ Paul

Hastings as counsel, effective June 26, 2017 [Docket No. 610] (the "Retention Application").

By order of this Court entered August 10, 2017 [Docket No. 999] (the "Retention Order"),

incorporated herein by this reference, Paul Hastings' retention as counsel to the Committee was

approved effective as of June 26, 2017.

16.    On August 23, 2017, the Court entered the *Order Setting Procedures for Interim

Compensation and Reimbursement of Expenses of Professionals* (as amended, the "Interim

Compensation Order").[11]

17.    On August 25, 2017, the U.S. Trustee filed an *Amended Notice of Appointment of

Official Committee of Unsecured Creditors* [Docket No. 1171], which expanded the role of the

Committee to be the official committee for the HTA Title III Case, the ERS Title III Case, and

the PREPA Title III Case.  Paul Hastings' retention extends to the representation of the

Committee as the official committee for the HTA Title III Case, the ERS Title III Case, and the

PREPA Title III Case.  In particular, the Retention Order provided that "[t]he retention of Paul

---

[10]    Unless otherwise indicated, references to docket numbers shall be to the docket of the Commonwealth Title III
Case.

[11]    The Interim Compensation Order was most recently amended on June 6, 2018.

Hastings, as counsel to the Committee, shall be deemed to apply to the representation of the

Committee if ever enlarged to include unsecured creditors of other debtors, without the need to

obtain a modification of this Order."

18.     The Retention Order authorized Paul Hastings to be compensated on an hourly

basis and reimbursed for actual and necessary out-of-pocket expenses pursuant to sections 316

and 317 of PROMESA, the Bankruptcy Rules, the Local Rules, and such orders as the Court

may direct.[12]  The Retention Order further provides that "[p]ursuant to Bankruptcy Code

section 503(b)(1), made applicable by PROMESA section 301(a), the fees and expenses of Paul

Hastings under this Order shall be an administrative expense."  In addition, as provided in the

Retention Order, the Oversight Board has consented to the Debtors' payment of Paul Hastings'

allowed fees and expenses.

19.     Paul Hastings has agreed to reduce its fees by an amount equal to 20% of its total

case fees, with the precise fees to be waived to attain the 20% reduction to be designated by Paul

Hastings (in its sole discretion) in connection with the final fee application process.  For that

reason, at this time Paul Hastings seeks payment of only 80% of its fees incurred during the

Application Period, but allowance of 100% of such fees.  Paul Hastings agreed to this reduction

in reliance on the fact that the timing of the payment of Paul Hastings' fees and expenses would

be governed by Court orders which contained strict procedures and deadlines, and that such

order would be complied with.

20.     On October 6, 2017, the Court entered the *Order Pursuant to PROMESA*

*Sections 316 and 317 and Bankruptcy Code Section 105(a) Appointing a Fee Examiner and*

---

[12]    Paragraph 2 of the Retention Order provides, among other things, that "Paul Hastings will charge its regular
hourly rates in effected from time to time; as such rates may be increased periodically, annually or otherwise."

*Related Relief* [Docket No. 1416] (the "Fee Examiner Order"). The Court appointed Brady Williamson as the Fee Examiner in the Title III Cases.

21.     On December 15, 2017, Paul Hastings filed its first interim fee application with respect to the period from June 26, 2017 through September 30, 2017 [Docket No. 2040] (the "First Interim Fee Application"). In accordance with the Interim Compensation Order, Paul Hastings received a preliminary report from the Fee Examiner with respect to the First Interim Fee Application. Per the Fee Examiner's request, Paul Hastings agreed to certain adjustments in its requested fees and expenses.[13] On March 7, 2018, the Court approved the First Interim Fee Application, with the agreed-upon adjustments.

22.     On March 19, 2018, Paul Hastings filed its second interim fee application with respect to the period from October 1, 2017 through January 31, 2018 [Docket No. 2735] (the "Second Interim Fee Application"). In accordance with the Interim Compensation Order, Paul Hastings received a preliminary report from the Fee Examiner with respect to the Second Interim Fee Application. Per the Fee Examiner's request, Paul Hastings agreed to certain adjustments in its requested fees and expenses.[14] On June 8, 2018, the Court approved the Second Interim Fee Application, with the agreed-upon adjustments.

23.     On July 16, 2018, Paul Hastings filed its third interim fee application with respect to the period from February 1, 2018 through May 31, 2018 [Docket No. 3568] (the "Third

---

[13]    These agreed-upon adjustments consisted of (a) fee reductions in the amount of $67,259.01 to be included within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee application, (b) additional fee reductions in the amount of $13,507.00 (which amount was credited against Paul Hastings' January 2018 fee statement), and (c) expense reductions in the amount of $21,926.16 (which amount also was credited against Paul Hastings' January 2018 fee statement).

[14]    These agreed-upon adjustments consisted of (a) fee reductions in the amount of $103,943.50 to be included within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee application, (b) additional fee reductions in the amount of $1,385.00 (which amount was credited against Paul Hastings' January 2018 fee statement), and (c) expense reductions in the amount of $12,722.50 (which amount also was credited against Paul Hastings' January 2018 fee statement).

Interim Fee Application"). In accordance with the Interim Compensation Order, Paul Hastings received a preliminary report from the Fee Examiner with respect to the Third Interim Fee Application. Per the Fee Examiner's request, Paul Hastings agreed to certain adjustments in its requested fees and expenses.[15] On March 14, 2019, the Court approved the Third Interim Fee Application, with the agreed-upon adjustments.

24.     On November 16, 2018, Paul Hastings filed its fourth interim fee application with respect to the period from June 1, 2018 through September 30, 2018 [Docket No. 4325] (the "Fourth Interim Fee Application"). In accordance with the Interim Compensation Order, Paul Hastings received a preliminary report from the Fee Examiner with respect to the Fourth Interim Fee Application. Per the Fee Examiner's request, Paul Hastings agreed to certain adjustments in its requested fees and expenses.[16] On March 14, 2019, the Court approved the Fourth Interim Fee Application, with the agreed-upon adjustments.

25.     On March 18, 2019, Paul Hastings filed its fifth interim fee application with respect to the period from October 1, 2018 through January 31, 2019 [Docket No. 5822] (the "Fifth Interim Fee Application"). In accordance with the Interim Compensation Order, Paul Hastings received a preliminary report from the Fee Examiner with respect to the Fifth Interim Fee Application. Per the Fee Examiner's request, Paul Hastings agreed to certain adjustments in

---

[15]   These agreed-upon adjustments consisted of (a) fee reductions in the amount of $125,338.14 to be included within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee application, (b) additional fee reductions in the amount of $99,589.74 (which amount was credited against Paul Hastings' January 2019 fee statement), and (c) expense reductions in the amount of $3,737.20 (which amount also was credited against Paul Hastings' January 2019 fee statement).

[16]   These agreed-upon adjustments consisted of (a) fee reductions in the amount of $69,137.26 to be included within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee application, (b) additional fee reductions in the amount of $58,539.27 (which amount was credited against Paul Hastings' January 2019 fee statement), and (c) expense reductions in the amount of $2,296.62 (which amount also was credited against Paul Hastings' January 2019 fee statement).

its requested fees and expenses.[17]  On July 23, 2019, the Court approved the Fifth Interim Fee
Application, with the agreed-upon adjustments.

26.     On July 15, 2019, Paul Hastings filed its sixth interim fee application with respect
to the period from February 1, 2019 through May 31, 2019 [Docket No. 8004] (the "Sixth
Interim Fee Application").  In accordance with the Interim Compensation Order, Paul Hastings
received a preliminary report from the Fee Examiner with respect to the Sixth Interim Fee
Application.  Per the Fee Examiner's request, Paul Hastings agreed to certain adjustments in its
requested fees and expenses.[18]  On January 2, 2020, the Court approved the Sixth Interim Fee
Application, with the agreed-upon adjustments.

27.     On November 15, 2019, Paul Hastings filed its seventh interim fee application
with respect to the period from June 1, 2019 through September 30, 2019 [Docket No. 9219] (the
"Seventh Interim Fee Application").  In accordance with the Interim Compensation Order, Paul
Hastings received a preliminary report from the Fee Examiner with respect to the Seventh
Interim Fee Application.  Per the Fee Examiner's request, Paul Hastings agreed to certain
adjustments in its requested fees and expenses.[19]  On April 17, 2020, the Court approved the
Seventh Interim Fee Application, with the agreed-upon adjustments.

---

[17]   These agreed-upon adjustments consisted of (a) fee reductions in the amount of $106,895.16 to be included
within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee
application, (b) additional fee reductions in the amount of $88,842.17 (which amount was credited against Paul
Hastings' June 2019 fee statement), and (c) expense reductions in the amount of $606.96 (which amount also
was credited against Paul Hastings' September 2019 fee statement).

[18]   These agreed-upon adjustments consisted of (a) fee reductions in the amount of $196,179.84 to be included
within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee
application, (b) additional fee reductions in the amount of $145,627.04 (which amount was credited against Paul
Hastings' December 2019 fee statement), and (c) expense reductions in the amount of $227.93 (which amount
also was credited against Paul Hastings' December 2019 fee statement).

[19]   These agreed-upon adjustments consisted of (a) fee reductions in the amount of $119,416.43 to be included
within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee
application, (b) additional fee reductions in the amount of $99,027.94 (which amount was credited against Paul
Hastings' June 2020 fee statement), and (c) expense reductions in the amount of $548.31 (which amount also

28.     On March 16, 2020, Paul Hastings filed its eighth interim fee application with respect to the period from October 1, 2019 through January 31, 2020 [Docket No. 12395] (the "Eighth Interim Fee Application").  In accordance with the Interim Compensation Order, Paul Hastings received a preliminary report from the Fee Examiner with respect to the Eighth Interim Fee Application.  Per the Fee Examiner's request, Paul Hastings agreed to certain adjustments in its requested fees and expenses.[20]  On July 24, 2020, the Court approved the Eighth Interim Fee Application, with the agreed-upon adjustments.

29.     On July 15, 2020, Paul Hastings filed its ninth interim fee application with respect to the period from February 1, 2020 through May 31, 2020 [Docket No. 13682] (the "Ninth Interim Fee Application").  In accordance with the Interim Compensation Order, Paul Hastings received a preliminary report from the Fee Examiner with respect to the Ninth Interim Fee Application.  Per the Fee Examiner's request, Paul Hastings agreed to certain adjustments in its requested fees and expenses.[21]  On December 7, 2020, the Court approved the Ninth Interim Fee Application, with the agreed-upon adjustments.

30.     On November 16, 2020, Paul Hastings filed its tenth interim fee application with respect to the period from June 1, 2020 through September 30, 2020 [Docket No. 15160] (the

---

will be credited against Paul Hastings' June 2020 fee statement).  In addition, Paul Hastings and the fee examiner agreed to provisionally defer (a) $111,572.00 in Paul Hastings' fees related to the expert report prepared by London Economics International, LLC ("LEI") and (b) $515,438.58 in expenses related to the expert report prepared by LEI.

[20]   These agreed-upon adjustments consisted of (a) fee reductions in the amount of $73,920.04 to be included within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee application, (b) additional fee reductions in the amount of $73,343.54 (which amount was credited against Paul Hastings' June 2020 fee statement), and (c) expense reductions in the amount of $99.18 (which amount also was credited against Paul Hastings' June 2020 fee statement).

[21]   These agreed-upon adjustments consisted of (a) fee reductions in the amount of $76,609.82 to be included within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee application, (b) additional fee reductions in the amount of $78,764.83 (which amount were credited against Paul Hastings' February 2021 fee statement).

"Tenth Interim Fee Application").  In accordance with the Interim Compensation Order, Paul

Hastings received a preliminary report from the Fee Examiner with respect to the Tenth Interim

Fee Application.  Per the Fee Examiner's request, Paul Hastings agreed to certain adjustments in

its requested fees and expenses.[22]  On April 27, 2021, the Court approved the Tenth Interim Fee

Application, with the agreed-upon adjustments.

31.     On March 15, 2021, Paul Hastings filed its eleventh interim fee application with

respect to the period from October 1, 2020 through January 31, 2021 [Docket No. 16067] (the

"Eleventh Interim Fee Application").  In accordance with the Interim Compensation Order, Paul

Hastings received a preliminary report from the Fee Examiner with respect to the Eleventh

Interim Fee Application.  Per the Fee Examiner's request, Paul Hastings agreed to certain

adjustments in its requested fees and expenses.[23]  On August 3, 2021, the Court approved the

Eleventh Interim Fee Application, with the agreed-upon adjustments.

32.     On July 15, 2021, Paul Hastings filed its twelfth interim fee application with

respect to the period from February 1, 2021 through May 31, 2021 [Docket No. 17380] (the

"Twelfth Interim Fee Application").  In accordance with the Interim Compensation Order, Paul

Hastings received a preliminary report from the Fee Examiner with respect to the Twelfth

---

[22]   These agreed-upon adjustments consisted of (a) fee reductions in the amount of $33,281.45 to be included
within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee
application, (b) additional fee reductions in the amount of $162,080.45 (which amount was credited against Paul
Hastings' March 2021 fee statement), and (c) expense reductions in the amount of $170.77 (which amount also
was credited against Paul Hastings' March 2021 fee statement).

[23]   These agreed-upon adjustments consisted of (a) fee reductions in the amount of $34,557.53 to be included
within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee
application and (b) additional fee reductions in the amount of $192,268.03 (which amount was credited against
Paul Hastings' June 2021 fee statement).

Interim Fee Application.  Per the Fee Examiner's request, Paul Hastings agreed to certain

adjustments in its requested fees and expenses.[24]

## COMPENSATION AND REIMBURSEMENT REQUEST

33.     By this Application, Paul Hastings seeks allowance of compensation for

professional services rendered to the Committee during the Application Period in the aggregate

amount of $1,950,268.00[25] and expense reimbursements in the aggregate amount of $63,942.15.

These amounts are allocated among the Commonwealth Title III Case, the HTA Title III Case,

the ERS Title III Case, and the PREPA Title III Case, as follows:

| Application Period | Fees | Expenses | Total |
|---|---|---|---|
| Commonwealth Title III Case | $1,922,926.00 | $63,505.64 | $1,986,431.64 |
| HTA Title III Case | $540.00 | $0.00 | $540.00 |
| ERS Title III Case | $4,963.50 | $436.51 | $5,400.01 |
| PREPA Title III Case | $21,838.50 | $0.00 | $21,838.50 |
| **Total** | **$1,950,268.00** | **$63,942.15** | **$2,014,210.15** |

34.     The Committee has approved the amounts requested by Paul Hastings for services

performed and expenses incurred in each of the monthly statements submitted to, among others,

the Oversight Board, AAFAF, the Fee Examiner, and the U.S. Trustee during the Application

Period.  All services for which compensation is requested herein were performed for or on behalf

---

[24]   These agreed-upon adjustments consisted of (a) fee reductions in the amount of $18,011.28 to be included
within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee
application, (b) additional fee reductions in the amount of $36,526.28 (which amount will be credited against
Paul Hastings' next fee statement) and (c) expense reductions in the amount of $200.00 (which amount also will
be credited against Paul Hastings' next fee statement).

[25]   As noted, Paul Hastings has agreed to reduce its fees by an amount equal to 20% of its total case fees, with the
precise fees to be waived to attain the 20% reduction to be designated by Paul Hastings (in its sole discretion) in
connection with the final fee application process.  Accordingly, the firm only seeks payment, at this time, of
fees in the amount of $1,406,399.98 (to the extent such amount has not been paid before the hearing scheduled
on this Application), which is 80% of $1,757,999.97 (i.e., Paul Hastings' fees of $1,950,268.00 minus a credit
of $192,268.03 for fee reductions pursuant to the orders approving Paul Hastings' Eleventh Interim Fee
Application

of the Committee.  Moreover, as detailed on Exhibit D hereto, the aggregate amount of fees

incurred by Paul Hastings during the Application Period was well below the fees budgeted.

35.     To date, Paul Hastings has received payments totaling $1,111,206.00 for services

rendered during the Application Period, which amount consists of (a) $1,051,051.21

(representing 80% of the fees for services invoiced during the period from June 1, 2021 through

July 31, 2021) and (b) $60,154.79 (representing 100% of expenses invoiced for the same period).

As of the date of this Application, the amount of $359,136.16 remains unpaid, which amount

consists of (a) $355,348.80 (representing 80% of the fees for services invoiced during the period

from August 1, 2021 through September 30, 2021) and (b) $3,787.36 (representing 100% of

expenses invoiced for the same period).[26]

36.     Other than payments made in accordance with the Interim Compensation Order,

Paul Hastings has received no payment and no promises of payment from any source for services

rendered during the Application Period.  By this Application, Paul Hastings requests allowance

of all fees and expenses incurred for services rendered during the Application Period.  At this

time, however, Paul Hastings seeks payment of only (a) 80% of the fees for services invoiced

during the Application Period and (b) 100% of expenses invoiced during the Application Period.

37.     In addition, as a courtesy to the Committee and based on circumstances unique to

the Title III Cases, during the Application Period Paul Hastings voluntarily waived fees totaling

$18,270.00.  The time billed by these timekeepers was reasonable, and Paul Hastings reserves

the right to seek allowance and payment of these fees based on the facts and circumstances of

these cases, including, without limitation, if objections are interposed to the allowance or

---

[26]   The deadline to object to Paul Hastings' August 2021 fee statement expired on November 4, 2021, without
objections.  The deadline to object to Paul Hastings' September 2021 fee statement expires on November 22,
2021.  As of the filing of this Application, no objections have been received with respect to the September 2021
fee statement.

payment of Paul Hastings' fees and expenses.  Additionally, Paul Hastings did not increase the

hourly rates of timekeepers working on the Puerto Rico matter as of June 1, 2021 and, instead,

maintained the pre-June 1, 2021 rates for the Application Period (even though hourly rates

increased on a firm-wide basis as of June 1, 2021).  This translates into an additional $34,550.00

in fees that Paul Hastings voluntarily agreed to forgo.  Paul Hastings also voluntarily waived

expenses totaling $2,199.11 as a courtesy to the Committee during the Application Period.  For

details regarding the waived fees and expenses, please see the Declaration of Luc A. Despins

filed concurrently herewith.

38.     There is no agreement or understanding between Paul Hastings and any other

person other than the attorneys, employees, and staff of Paul Hastings, for the sharing of

compensation to be received for services rendered in these cases.

39.     Paul Hastings maintains computerized records, in the form of monthly statements,

of the time spent by all Paul Hastings' attorneys and paraprofessionals in connection with its

representation of the Committee.  The monthly statements are in the same form regularly used by

Paul Hastings to bill its clients for services rendered and include the date that the services were

rendered, a detailed, contemporaneous narrative description of the services provided, the amount

of time spent for each service, and the designation of the professional who performed the service.

40.     The fees charged by Paul Hastings in the Title III Cases are billed in accordance

with its existing billing rates and procedures in effect during the Application Period with certain

exceptions.  As a courtesy to the Committee and based on circumstances unique to the Title III

Cases, Paul Hastings agreed to continue to charge reduced rates for the services of the following

attorneys during the Application Period (in each case, adjusted to reflect, on a *pro forma* basis,

the 20% end-of-case reduction):

| Attorney | Standard 2021 Rate (adjusted to reflect 20% end-of-case reduction)[27] | Reduced 2021 Rate (adjusted to reflect 20% end-of-case reduction) |
|---|---|---|
| Luc A. Despins | $1,360 | $1,280 |
| John F. Hilson | $1,300 | $1,120 |

Subject to the foregoing exceptions, the rates Paul Hastings charges for the services rendered by its professionals and paraprofessionals in the Title III Cases are comparable to the rates Paul Hastings charges for professional and paraprofessional services rendered in comparable nonbankruptcy related matters. Moreover, when Paul Hastings' restructuring professionals and paraprofessionals work on nonbankruptcy matters, the firm generally charges their standard rate. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable nonbankruptcy cases in a competitive national legal market.

41.    Paul Hastings' rates are set at a level designed to fairly compensate Paul Hastings for the work of its attorneys and paraprofessionals to cover fixed and routine overhead expenses. Paul Hastings operates in a complicated national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance and reputation, the nature of the work involved, and other factors. Accordingly, Paul Hastings set its rates for attorneys and paraprofessionals both in the restructuring group and other practice groups within the firm by reference to market information and market adjustments by firms considered to be industry peers. Based on this and reviews of contemporaneous time records and fee applications filed in other cases, Paul Hastings endeavors to set the hourly rates for its attorneys and paraprofessionals at levels comparable to those of its principal competitor firms.

---

[27]    For purposes of this table, the Standard 2021 Rate is the pre-June 1, 2021 rate, i.e., prior to the firm-wide rate increase on June 1, 2021. As noted above, Paul Hastings did _not_ implement that rate increase in these Title III Cases.

42.     Paul Hastings' professional services during the Application Period required an aggregate expenditure of 1902.40 recorded hours by Paul Hastings' attorneys and paraprofessionals, broken down as follows: partners (349.90 hours), counsel (391.30 hours), associates (950.90 hours), and paraprofessionals (210.30 hours).  During the Application Period, Paul Hastings' billing rates for attorneys rendering services in this matter ranged from $547.50 to $1,600 per hour (before the application of any fee reductions).

43.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Application Period, but were not processed before the preparation of this Application, or Paul Hastings has for any other reason not sought compensation or reimbursement with respect to such services or expenses, Paul Hastings reserves the right to request additional compensation for such services, and reimbursement of such expenses, in a supplemental or future application.

## SUMMARY OF SERVICES

44.     During the Application Period, Paul Hastings assisted and advised the Committee on a regular basis regarding legal matters relating to the restructuring of the Debtors, including related adversary proceedings, and all other matters arising in the performance of the Committee's duties.  In addition, Paul Hastings has prepared various motions, applications, orders, and other pleadings submitted to the Court for consideration, and has performed the necessary professional services that are described below and in the monthly statements attached hereto as Schedule 2.[28]  For ease of reference and transparency purposes, Paul Hastings created

---

[28]   The description of services in this Application is limited to those matters in which Paul Hastings provided five (5) or more hours of service during the Application Period.

several matter numbers for its representation of the Committee.  The matter numbers are divided

by Debtor and/or large tasks the Committee undertook, as follows:

| Matter ID | Matter Name |
|---|---|
| 00002 | Official Committee of Unsecured Creditors |
| 00004 | Communications with Creditors (other than Committee Members) |
| 00006 | PREPA |
| 00008 | ERS |
| 00009 | Other Adversary Proceedings |
| 00010 | Mediation |
| 00012 | Creditors' Committee Meetings |

I.   **Official Committee of Unsecured Creditors of Commonwealth of Puerto Rico (Matter ID 00002)**

(a)   <u>Case Administration (Task Code B110)</u>
Fees:   $15,509.50          Total Hours:   30.50

45.       During the Application Period, Paul Hastings continued to advise the Committee

on general case administration.  In order to efficiently track deadlines, organize documents, and

manage work streams, Paul Hastings maintained a global task list and case calendar.  Further,

Paul Hastings coordinated internally and with the Committee's financial advisor, Zolfo Cooper

LLP ("<u>Zolfo Cooper</u>") regarding Committee communications, case strategy, and work streams.

Paul Hastings also communicated with certain Committee members and others in connection

with the administration of the Title III Cases.

46.       Furthermore, Paul Hastings undertook a variety of other tasks related to case

administration, such as handling administrative matters in connection with the filing and service

of pleadings.

(b)    Pleadings Review (Task Code B113)
       Fees:   $22,035.50         Total Hours:   46.80

47.    During the Application Period, Paul Hastings continued to review and prepare

summaries of pleadings filed and orders entered in the Title III Cases for internal review and

review by the Committee.

(c)    Meetings of and Communications with Creditors (Task Code B150)
       Fees:   $255,609.50        Total Hours:   302.80

48.    During the Application Period, Paul Hastings continued to prepare reports and

summaries to keep the Committee apprised of relevant developments in the Title III Cases and

related adversary proceedings.[29]

(d)    Court Hearings (Task Code B155)
       Fees:   $82,419.50         Total Hours:   67.20

49.    During the Application Period, Paul Hastings attended, (a) the June 16, 2021

omnibus hearing, at which hearing Paul Hastings observed the proceedings but did not address

the Court, (b) the July 13-14, 2021 Disclosure Statement hearing, at which hearing Paul Hastings

addressed the Court regarding the Plan Settlement, the Letter to Creditors, and certain issues

related to voting procedures, (c) the July 29, 2021 continued Disclosure Statement hearing, at

which hearing Paul Hastings observed the proceedings but did not address the Court, and (d) the

August 4, 2021, omnibus hearing, at which hearing Paul Hastings addressed the motion filed by

Peter Hein requesting appointment of an official committee of retail bondholders.

50.    In preparation for these hearings, Paul Hastings also reviewed relevant issues

raised in the parties' pleadings, prepared materials for the hearings, and filed the requisite

---

[29]    Meetings and calls with the Committee were recorded separately under Matter ID 00012 (Creditors' Committee
Meetings).

informative motions to be heard.  In addition, Paul Hastings observed the Oversight Board's

public meeting on September 17, 2021.[30]

     (e)    <u>Fee/Employment Applications (Paul Hastings) (Task Code B160)</u>
            Fees:   $101,220.00       Total Hours:   113.80

     51.     During the Application Period, Paul Hastings prepared, among other things, four

monthly fee statements for services provided during the months of April 2021 through July 2021,

the Twelfth Interim Fee Application, and portions of this Application and its August 2021

monthly fee statement.  In addition, Paul Hastings continued to identify possible connections

between the firm and parties in interest in the Title III Cases and prepared portions of a

supplemental declaration of Luc A. Despins regarding the firm's retention as Committee counsel.

Paul Hastings also reviewed reports and correspondence from the Fee Examiner and engaged in

discussions with the Fee Examiner and his counsel to address questions regarding Paul Hastings'

interim fee applications.

     (f)    <u>Fee/Employment Applications for Other Professionals (Task Code B165)</u>
            Fees: $ 15,705.00       Total Hours: 32.60

     52.     During the Application Period, Paul Hastings assisted the Committee's other

professionals, including the Committee financial advisor, Zolfo Cooper, and the Committee's

communications advisor, Kroma Advertising, Inc. ("<u>Kroma</u>"), with their fee applications.  Paul

Hastings also handled other matters related to the employment of professionals, including

updating the parties in interest list.

---

[30]   Monitoring of Oversight Board public meeting in July 1, 2021 was recorded separately under Task Code B150
     (Meetings of and Communications with Creditors).

      (g)    <u>Other Contested Matters (Task Code B190)</u>
           Fees:  $7,703.00         Total Hours:  6.90

53.      During the Application Period, Paul Hastings prepared the Committee's joinder to the Oversight Board's objection to the motion of Peter Hein seeking the appointment of an official committee of retail bondholders.

      (h)    <u>Claims Administration and Objections (Task Code B310)</u>
           Fees:  $98,187.50       Total Hours:  94.40

54.      During the Application Period, Paul Hastings continued to review and track claim objections filed by the Oversight Board (as well as responses thereto).  In that regard, Paul Hastings also reviewed the Oversight Board's filings related to the designation of claims for the ADR process and the ACR process, as well as the administrative expense claims filed by certain creditors during the Application Period.

55.      In addition, Paul Hastings undertook a number of other tasks related to the resolution of claims against the Commonwealth.  In particular, Paul Hastings developed the Committee's strategy in response to Ambac Assurance Corporation's objection to the proof of claim filed by the Retiree Committee and prepared the Committee's statement in response to Ambac's scheduling motion with respect thereto.  Paul Hastings also continued to represent the Committee in connection with the Revenue Bond Litigation (prior to be being stayed) during the Application Period, participating in discovery related to same.

      (i)    <u>Plan and Disclosure Statement (including Business Plan) (Task Code B320)</u>
           Fees: $806,323.50      Total Hours:  788.30

56.      During the Application Period and prior to the Committee's entry in to the Plan Settlement on July 12, 2021, Paul Hastings led the Committee's litigation effort in opposition to the prior version of the Plan and Disclosure Statement—an effort that had to continue parallel with ongoing Plan mediation given the uncertainty as to whether a settlement could be reached.

That litigation required a significant investment of time given the high stakes for the Committee and its constituency, as the Oversight Board sought confirmation of a Plan that, at that time, provided only minimal recoveries to general unsecured creditors.

57.     Accordingly, in June and early July 2021, Paul Hastings analyzed Plan-related documents, researched and analyzed legal issues related to the confirmation process, handled discovery matters, and prepared several important pleadings in opposition to the prior version of the Plan.  These pleadings included the Committee's seventy-five (75) page objection to the Disclosure Statement as well as the Committee's sur-reply with respect to Bankruptcy Rule 3013 issues and a reply in support of its motion for Disclosure Statement discovery.

58.     After the Committee's entry into the Plan Settlement, Paul Hastings continued to represent the Committee in connection with Plan and Disclosure Statement matters, reviewing these documents as they were amended over the course of the Application Period to ensure compliance with the terms of the Plan Settlement and addressing issues arising during the solicitation process.  One area of particular focus for Paul Hastings was its work regarding the Avoidance Actions Trust Agreement and issues related to the prosecution of avoidance actions and oversight of the claims reconciliation process post-confirmation.  In addition, Paul Hastings prepared the Committee's Letter to Creditors and its informative motion regarding same.

## II.   Communications with Creditors (Other Than Committee Members) (Matter ID 00004)

(a)    General Creditor Inquiries (Task Code B112)
Fees: $6,183.00                    Total Hours: 5.60

59.     During the application period, Paul Hastings addressed the inquiries of creditors who sought information from the Committee regarding the Plan solicitation and voting process.

    (b)    <u>Meetings of and Communications with Creditors (Task Code B150)</u>
         Fees: $38,436.00     Total Hours: 34.10

60.    During the application period, Paul Hastings drafted communications to creditors regarding recent case events, worked to update the Committee's website, and collaborated with other Committee professionals on creditor outreach issues.  This work was crucial to keeping unsecured creditors aware of recent developments, including the Plan Settlement.

61.    In addition, Paul Hastings worked closely with CST to prepare materials related to the Committee's creditor information sessions, events staffed by CST and Paul Hastings and designed to provide general unsecured creditors with information regarding the Plan voting process.  The Committee held these information sessions in person and online in late September and early October 2021.

    (c)    <u>Non-Working Travel (Task Code B195)</u>
         Fees: $8,103.00      Total Hours: 14.80

62.    One Paul Hastings professional travelled to and from Puerto Rico to attend the Committee's in person creditor information sessions in San Juan.

## III.    PREPA (Matter ID 00006)

    (a)    <u>Claims Administration and Objections (Task Code B310)</u>
         Fees:   $10,067.00     Total Hours: 8.90

63.    During the Application Period, Paul Hastings communicated with local counsel CST regarding CST's review of the PREPA claims pool, reviewed CST's reports regarding same, and discussed PREPA claims issues with counsel to the Oversight Board.

    (b)    <u>Restructuring (Task Code B420)</u>
         Fees:   $4,698.50     Total Hours: 5.30

64.    During the Application Period, Paul Hastings continued to represent the Committee in connection with the PREPA restructuring support agreement, including by preparing the Committee's response to the PREPA status report filed in July 2021.

26

## IV.    ERS (Matter ID 00008)

(a)    Claims Administration and Objections (Task Code B310)
Fees:   $4,963.50          Total Hours:   5.80

65.    In early July 2021, Paul Hastings analyzed certain issues with respect to the

potential subordination of underwriter claims against ERS.

## V.    Other Adversary Proceedings (Matter ID 00009)[31]

(a)    General Litigation (Task Code B191)
Fees:   $119,227.50        Total Hours:   90.90

66.     During the Application Period, Paul Hastings continued to oversee the

Committee's approach to the prosecution of avoidance actions and the potential settlement of

certain such actions.  As part of this effort, Paul Hastings worked closely with the Committee's

other advisors (as well as counsel to the Special Claims Committee of the Oversight Board) to

analyze avoidance action issues, comment on and revise certain pleadings, participate in

settlement discussions, review proposed settlement recommendations, and advise the Committee

regarding same.

## VI.    Mediation (Matter ID 00010)[32]

(a)    Plan and Disclosure Statement (Including Business Plan) (Task Code B320)
Fees: $ 222,300.50         Total Hours:  150.90

67.    During the Application Period, Paul Hastings led the Committee's efforts to reach

a negotiated settlement of Plan issues, particularly with respect to improving the Plan's proposed

treatment of general unsecured creditors.  Paul Hastings devoted significant time to analyzing

---

[31]   To the extent practicable, Paul Hastings tracked work in respect of PREPA-related adversary proceedings under
Matter ID 00006, HTA-related adversary proceedings under Matter ID 00007, and ERS-related adversary
proceedings under Matter ID 00008.

[32]   Due to mediation confidentiality restrictions, Paul Hastings cannot publicly disclose the substance of the issues
addressed in mediation. Moreover, at the request of the mediation team, Paul Hastings has redacted all
references to specific mediation issues in its monthly fee statements attached to this Application.  Paul Hastings
will submit unredacted versions of such statements for the Court's review, if the Court so requests.  The Fee
Examiner has received unredacted versions of such statements.

materials related to the Plan and Disclosure Statement, attending mediation sessions, and

preparing the Committee's presentations and proposals related to same.  In this regard, Paul

Hastings communicated with the mediation counterparties, the lead mediator, and the

Committee.

68.    Paul Hasting' mediation efforts resulted in the successful negotiation of the Plan

Settlement, which significantly improved recoveries for general unsecured creditors while

avoiding the risks (and expense) of Plan litigation.

## VII.    Creditors Committee Meetings (Matter ID 00012)

(a)    <u>Meetings of and Communications with Creditors (Task Code B150)</u>
Fees:    $118,339.50        Total Hours:    92.20

69.    During the Application Period, Paul Hastings continued to hold regular telephonic

conferences with the Committee to provide the Committee with updates on the progress of the

Title III Cases as well as to discuss case strategy and next steps.  In preparation for these

telephonic conferences, Paul Hastings (a) reviewed relevant pleadings filed in the Title III Cases

and related adversary proceedings, (b) prepared presentations for these meetings, and (c)

prepared proposed agenda letters for the Committee's consideration.

## <u>ATTENDANCE AT HEARINGS</u>

70.    In accordance with the presumptions set forth in the *Order on Fee Examiner's*

*Motion* to *Impose Presumptive Standards and Timeliness Requirements for Professional Fee*

*Applications* [Docket No. 3932] (the "<u>Presumptive Standards Order</u>"), Paul Hastings provides

the following summary regarding the attendance of Paul Hastings professionals at Court

hearings:[33]

- <u>June 16, 2021</u>:  The June 16, 2021 omnibus hearing, which was held remotely, was attended telephonically by Mr. Despins and Mr. Bongartz.

- <u>July 13-14, 2021</u>:  The July 13-14, 2021 disclosure statement hearing, which was held remotely, was attended telephonically by Mr. Despins (speaking role) and Mr. Bongartz on both days.  In addition, Mr. Maza attended the hearing telephonically on both days, which Paul Hastings submits was reasonable given that Mr. Maza was heavily involved in Paul Hastings' work related to disclosure statement issues.

- <u>July 29, 2021</u>:  The July 29, 2021 continued disclosure statement hearing, which was held remotely, was attended telephonically by Mr. Despins and Mr. Bongartz.  In addition, Mr. Maza attended the hearing telephonically, which Paul Hastings submits was reasonable given that Mr. Maza was heavily involved in Paul Hastings' work related to disclosure statement issues.

- <u>August 4, 2021</u>:  The August 4, 2021 omnibus hearing, which was held remotely, was attended telephonically by Mr. Despins (speaking role) and Mr. Bongartz.  In addition, Mr. Maza attended part of the hearing telephonically, which Paul Hastings submits was reasonable given that Mr. Maza was heavily involved in Paul Hastings' analysis of bondholder issues.

## REPORT ON MATTERS JOINTLY PURSUED BY OVERSIGHT BOARD AND COMMITTEE

71.    As requested by the Fee Examiner, we set forth below the status of the various

proceedings and motions jointly commenced by the Oversight Board or its Special Claims

Committee, on the one hand, and the Committee, on the other hand, pursuant to stipulations for

the joint prosecution of causes of action or claims objections.

- <u>GO Bond Claim Objections</u>: Pursuant to the Court's stay order dated March 10, 2020 [Docket No. 12189] (the "<u>Final Stay Order</u>"), the GO Bond Claim Objections remains stayed pending the Court's decision regarding confirmation of the Plan.

---

[33]    Among other things, the Presumptive Standards Order provides that "[f]or attendance at hearings in which a professional anticipates a speaking role, fees and expenses incurred for attendance by timekeepers other than those with meaningful speaking roles (plus one additional timekeeper per speaker) are not compensable."

- <u>Adversary Proceeding Against Underwriters, etc.</u>: Genovese, the Committee's special litigation counsel, represents the Committee with respect to the adversary proceeding against various underwriters and other parties involved in the issuance of Commonwealth bonds [Adv. Proc. No. 19-280]. Paul Hastings has no involvement in this adversary proceeding. Moreover, pursuant to the Final Stay Order, the underwriter litigation is stayed pending the Court's decision regarding confirmation of the Plan.

- <u>Garden-Variety Avoidance Actions</u>: CST, the Committee's local counsel, represents the Committee with respect to the "garden-variety" avoidance actions [Adv. Proc. Nos. 19-041 to 19-279, and Adv. Proc. Nos. 19-347 to 19-354]. Paul Hastings' involvement in these avoidance actions is limited to reviewing and commenting on draft forms of pleadings or "case management" pleadings, and providing high-level oversight and direction with respect to these adversary proceedings.[34]

- <u>Other Stayed Co-Plaintiff Adversary Proceedings</u>: Pursuant to the Final Stay Order, the following co-plaintiff adversary proceedings are stayed pending the Court's decision regarding confirmation of the Plan:

  - Eight adversary proceedings seeking to recover fraudulent transfers made on account of GO bonds that were not validly issued [Adv. Proc. No. 19-281, Adv. Proc. No. 19-282, Adv. Proc. No. 19-283, Adv. Proc. No. 19-284, Adv. Proc. No. 19-285, Adv. Proc. No. 19-286, Adv. Proc. No. 19-287, and Adv. Proc. No. 19-288]; and

  - Seven adversary proceedings challenging liens asserted by certain holders of GO bonds [Adv. Proc. No. 19-291, Adv. Proc. No. 19-292, Adv. Proc. No. 19-293, Adv. Proc. No. 19-294, Adv. Proc. No. 19-295, Adv. Proc. No. 19-296, and Adv. Proc. No. 19-297].

  - Four adversary proceedings challenging liens asserted by certain holders of HTA bonds [Adv. Proc. No. 19-362, Adv. Proc. No. 19-363, Adv. Proc. No. 19-364, and Adv. Proc. No. 19-365].

- <u>ERS-Related Co-Plaintiff Adversary Proceedings</u>: Pursuant to the Court's stay order dated April 12, 2021 [Docket No. 16385] (the "<u>ERS Stay Order</u>"), the following co-plaintiff adversary proceedings are stayed pending the Court's decision regarding confirmation of the Plan:

---

[34] We also note that, on July 12, 2019, the Court approved certain procedures establishing a framework for streamlined execution of settlement agreements and procedures and guidelines for resolving the avoidance actions through a voluntary mediation process.

- o Six adversary proceeding related to ERS bond issues [Adv. Proc. No. 19-356, Adv. Proc. No. 19-357, Adv. Proc. No. 19-359, Adv. Proc. No. 19-361, Adv. Proc. No. 19-366, and Adv. Proc. No. 19-367].

- • <u>Currently Stayed HTA Revenue Bond Co-Plaintiff Adversary Proceeding</u>: Pursuant to the Court's *Final Case Management Order for Revenue Bonds* [Docket No. 12186], Adv. Proc. No. 20-007 is currently stayed.

72.     The sub-budgets and staffing plans with respect to the jointly pursued matters described above are included as part of <u>Exhibit C-1</u> and <u>Exhibit C-2</u> hereto, respectively.  As shown on <u>Exhibit D-1</u>, actual hours incurred on the above matters were well below budget.

## **ACTUAL AND NECESSARY DISBURSEMENTS**

73.     As set forth in <u>Exhibit D-2</u> hereto, Paul Hastings disbursed $63,942.15 as expenses incurred in providing professional services during the Application Period.  This amount includes $25,847.66 in expenses payable to Trustpoint International, LLC, which provided e-discovery services, including maintaining a database of discovery documents that were critical to Paul Hastings' discovery tasks in connection with the litigation related to the PREPA RSA Motion.

74.     Paul Hastings also disbursed additional amounts in connection with other minor expenses such as the translation of documents and the use of CourtSolutions.

75.     Further, because Paul Hastings believes that online legal research (e.g., LEXIS and WESTLAW) is far more cost-efficient than manual research using hard-bound volumes, Paul Hastings encourages computerized legal research even though it is not a profit center for Paul Hastings.

76.     The time constraints imposed by the circumstances of the matters handled by Paul Hastings during the Application Period required its attorneys and other employees, at times, to devote substantial time during the evenings and on weekends to perform legal services on behalf

of the Committee.  These extraordinary services were essential to meet deadlines, timely respond

to inquiries on a daily basis, and satisfy the Committee's needs and demands.  Attorneys and

other Paul Hastings employees who worked late in the evenings or on weekends were

reimbursed for their reasonable meal and transportation costs in accordance with the Local Rules

and firm policy.  Paul Hastings' regular practice is not to include components for those charges

in overhead when establishing billing rates, but rather to charge its clients for these and all other

out-of-pocket disbursements incurred during the regular course of the provision of legal services.

77.     Further, Paul Hastings believes the rates for charges incurred are the market rates

that the majority of law firms charge clients for such services.  In addition, Paul Hastings

believes that such charges are in accordance with the American Bar Association's

("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995,

regarding billing for disbursements and other charges.

## REQUESTED COMPENSATION SHOULD BE ALLOWED

78.     Section 316 of PROMESA provides for the compensation of professionals.

Specifically, section 316 provides that a court may award a professional employed by a

committee under section 1103 of the Bankruptcy Code "reasonable compensation for actual,

necessary services rendered . . . and reimbursement for actual, necessary expenses."  PROMESA

§ 316(a).  Section 316 also sets forth the criteria for the award of such compensation and

reimbursement:

> (a)     In determining the amount of reasonable compensation to be awarded
> to a professional person, the court shall consider the nature, the extent,
> and the value of such services, taking into account all relevant factors,
> including:
>
> (i)     the time spent on such services;
>
> (ii)    the rates charged for such services;

      (iii)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this chapter;

      (iv)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

      (v)     with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the restructuring field; and

      (vi)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title or title 11, United States Code.

79.     PROMESA § 316(c).  Further, section 317 of PROMESA provides that "a committee . . . may apply to the court not more than once every 120 days . . . for such compensation for services rendered . . . ."

80.     In the instant case, Paul Hastings respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, believed to be necessary for and beneficial to the Committee, the Debtors, and their stakeholders and were rendered to protect, preserve, and maximize value for unsecured creditors during the pendency of the Title III Cases.  The services rendered to the Committee were performed in an economic, effective, and efficient manner commensurate with the complexity and importance of the issues involved.  The results obtained to date have benefited not only the Committee but also the Debtors, their stakeholders, and other interested parties.  Accordingly, the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Committee, the Debtors, and all parties in interest.

81.     The work conducted was carefully assigned to appropriate professionals or paraprofessionals according to the experience and level of expertise required for each particular

task.  Whenever possible, Paul Hastings sought to minimize the costs of Paul Hastings' services

to the Committee by utilizing talented junior attorneys and paraprofessionals to handle the more

routine aspects of the assignments.  A small group of the same Paul Hastings attorneys was

utilized for the vast majority of the work in order to minimize the costs of intra-Paul Hastings

communication and education about the Title III Cases.  As demonstrated by this Application,

Paul Hastings spent its time economically and without unnecessary duplication.  Accordingly,

approval of the compensation sought herein is warranted.

## **NOTICE**

82.     In accordance with the Interim Compensation Order, Paul Hastings will provide

notice of this Application to (i) the attorneys for the Oversight Board, Proskauer Rose LLP and

O'Neill & Borges LLC; (ii) the attorneys for the Puerto Rico Fiscal Agency and Financial

Advisory Authority, O'Melveny & Myers LLP and Marini Pietrantoni Muñiz LLC; (iii) the

Office of the United States Trustee for the District of Puerto Rico; (iv) the attorneys for the

Official Committee of Retired Employees, Jenner & Block LLP and Bennazar, García & Milián,

C.S.P.; (v) the Puerto Rico Department of Treasury; (vi) the Fee Examiner, Brady Williamson;

and (vii) counsel to the Fee Examiner, Godfrey & Kahn, S.C. and EDGE Legal Strategies, PSC.

In addition, the notice of hearing with respect to this Application will be served on all parties that

have filed a notice of appearance in the Title III Cases.

*[Remainder of page intentionally left blank.]*

## **CONCLUSION**

WHEREFORE, Paul Hastings respectfully requests entry of an order, substantially in the

form attached hereto as Schedule 3, (i) allowing interim compensation for professional services

rendered during the Application Period in the amount of $1,950,268.00, representing 100% of

the fees billed during the Application Period, and reimbursement of $63,942.15, representing

100% of the actual and necessary expenses incurred during the Application Period,

(ii) authorizing and directing the Debtors' payment of the difference between (a) the sum of 80%

of the fees allowed (after taking into account any credits) and 100% of the expenses allowed and

(b) the amounts previously paid by the Debtors pursuant to the Interim Compensation Order, (iii)

allowing such compensation and payment for professional services rendered and reimbursement

of actual and necessary expenses incurred be without prejudice to Paul Hastings' right to seek

such further compensation and/or payment for the full value of services performed and expenses

incurred, and (iv) granting Paul Hastings such other and further relief as is just.

Dated: November 15, 2021

              */DRAFT/*

              PAUL HASTINGS LLP
              Luc A. Despins, Esq. (Pro Hac Vice)
              James R. Bliss, Esq. (Pro Hac Vice)
              Nicholas A. Bassett, Esq. (Pro Hac Vice)
              G. Alexander Bongartz, Esq. (Pro Hac Vice)
              200 Park Avenue
              New York, New York 10166
              Telephone:  (212) 318-6000
              lucdespins@paulhastings.com
              jamesbliss@paulhastings.com
              nicholasbassett@paulhastings.com
              alexbongartz@paulhastings.com

              *Counsel to the Official Committee of Unsecured
              Creditors*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

```
----------------------------------------------------------------------- x
                                          :
In re:                                    :
                                          :
THE FINANCIAL OVERSIGHT AND               :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,         :   Title III
                                          :
        as representative of              :   Case No. 17-BK-3283 (LTS)
                                          :
THE COMMONWEALTH OF PUERTO RICO, et al.,  :   (Jointly Administered)
                                          :
        Debtors.¹                         :
----------------------------------------------------------------------- x
```

## DECLARATION OF LUC A. DESPINS IN SUPPORT OF THIRTEENTH INTERIM FEE APPLICATION OF PAUL HASTINGS LLP, AS COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM JUNE 1, 2021 <u>THROUGH SEPTEMBER 30, 2021</u>

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), I, Luc A. Despins, declare that the following is true to the best of my knowledge, information, and belief:

1.     I am an attorney admitted and in good standing to practice in the State of New York.  I am a partner with the law firm of Paul Hastings LLP ("<u>Paul Hastings</u>"), located at, among other offices worldwide, 200 Park Avenue, New York, New York 10166, and am duly authorized to make this Declaration on behalf of Paul Hastings.  I make this Declaration in

---

[1]   The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "<u>Commonwealth</u>") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("<u>PBA</u>") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

support of the *Thirteenth Interim Application of Paul Hastings LLP, Counsel to Official Committee of Unsecured Creditors, for Services Rendered and Reimbursement of Expenses for the Period from June 1, 2021 through September 30, 2021* (the "Application").[2]

2.      The facts set forth in this Declaration are based upon my personal knowledge, discussions with other Paul Hastings attorneys, and the firm's client/matter records that were reviewed by me or other Paul Hastings attorneys acting under my supervision and direction.

3.      I hereby certify that I have read the Application and, to the best of my knowledge, information, and belief, formed after reasonable inquiry, (a) the compensation and reimbursement of expenses sought in the Application conform with the Bankruptcy Code, the Bankruptcy Rules, the U.S. Trustee Guidelines, and the Local Rules, and (b) the compensation and reimbursement of expenses are billed at rates no less favorable to the Debtors than those customarily employed by Paul Hastings generally.

4.      Paul Hastings provides the following response to the request for information set forth in the U.S. Trustee Guidelines:

Question:       Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees, or terms for services pertaining to this engagement that were provided during the Application Period?

Response:       Yes.  As a courtesy to the Committee and based on circumstances unique to the Title III Cases, during the Application Period Paul Hastings agreed to the following voluntary fee reductions and expense write-offs:

(i)      For services rendered during the Application Period, Paul Hastings reduced the rates charged for the following attorneys:

---

[2]     Capitalized terms used but not defined herein have the meanings set forth in the Application.

| Attorney | Standard 2021 Rate (adjusted to reflect 20% end-of-case reduction) | Reduced 2021 Rate (adjusted to reflect 20% end-of-case reduction) |
|---|---|---|
| Luc A. Despins | $1,360 | $1,280 |
| John F. Hilson | $1,300 | $1,120 |

The foregoing reduced rates translated into $18,270.00 in waived fees.

(ii) Additionally, Paul Hastings did not increase the hourly rates of timekeepers working on the Puerto Rico matter as of June 1, 2021 and, instead, maintained the pre-June 1, 2021 rates for the Application Period (even though hourly rates increased on a firm-wide basis as of June 1, 2021). This translates into an additional $34,550.00 in waived fees.

In addition, Paul Hastings waived expenses totaling $2,199.11, as follows:

(i) The firm waived all charges with respect to late-work, in-office meals (even though the Fee Examiner guidelines permit in-office meal charges of up to $20.00 per meal). At a $20.00 cap per meal, this translates into a total write-off of $0.00;

(ii) The firm capped car service charges at $100.00 resulting in a write-off of $35.11; and

(iii) To comply with Local Rule 2016-1(b)(1), the firm reduced color photocopy charges by 50% from 50 cents per page to 25 cents per page (even though the Fee Examiner's guidelines permit color photocopy charges of 50 cents per page), resulting in a write-off of $2,164.00.

The aggregate amount of the foregoing reductions/write-offs is $55,019.11.

Question: If the fees sought in this application as compared to the fees budgeted for the Application Period are higher by 10% or more, did you discuss the reasons for the variation with the client?

Response: Not applicable.

Question: Have any of the professionals included in this application varied their hourly rate based on the geographic location of the bankruptcy case?

Response: No.

Question: Does the application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited

3

to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.)  If so, please quantify by hours and fees.

Response:     The Application does not include time for preparing, reviewing, or revising time records.  However, in the interest of full disclosure, the Application includes approximately 8.3 hours and associated fees of approximately $11,205.00 related to preparing, reviewing, and revising Paul Hastings' fee statements, including related summary tables, correspondence with notice parties, and ensuring time entries are properly categorized by matter number and task code.  On average, less than 2.1 hours were spent on each of the four monthly fee statements prepared during the Application Period.

Question:     Does this application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

Response:     No.

Question:     If the application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation consistent with ABA Formal Ethics Opinion 11-458?

Response:     As is customary, Paul Hastings adjusts its hourly rates periodically based upon (i) the advancing seniority of its professionals and paraprofessionals, (ii) the current market for legal services, (iii) the rates charged for comparable non-bankruptcy services, and (iv) the firm's analysis of the hourly rates being charged by professionals in other law firms.  During the Title III Cases, with the Committee's approval, Paul Hastings adjusted its hourly rates in accordance with the Retention Order, the Retention Application, and the supporting *Declaration of Mark Richard* [Docket No. 610-3].  The Retention Order provides that Paul Hastings will charge its regular hourly rates in effect from time to time, as such rates may be increased periodically, annually or otherwise.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 15th day of November 2021

 */s/ Luc A. Despins*                                  
Luc A. Despins

4