SRF 57751

**TRIBUNAL DE DISTRITO DE ESTADOS UNIDOS
DISTRITO DE PUERTO RICO**

| | |
|---|---|
| En el caso:<br><br>LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>como representante de<br><br>EL ESTADO LIBRE ASOCIADO DE PUERTO RICO, EL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y LA AUTORIDAD DE EDIFICIOS PÚBLICOS DE PUERTO RICO,<br><br>Deudores.[1] | Título III de PROMESA<br><br>Núm. 17 BK 3283-LTS<br><br>(Con administración conjunta) |

**NOTIFICACIÓN DE (I) DECISIONES SOLICITADAS POR LA JUNTA DE SUPERVISIÓN EN LA VISTA DE CONFIRMACIÓN CON RESPECTO A LA LEY 53-2021 Y (II) FECHA LÍMITE PARA LA PRESENTACIÓN DE OBJECIONES**

**NOTIFÍQUESE** que, el 30 de julio de 2021, La Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como representante exclusivo para el Título III del Estado Libre Asociado de Puerto Rico (el "Estado Libre Asociado"), el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("SRE"), y la Autoridad de Edificios Públicos de Puerto Rico ("AEP", y, junto con el Estado Libre Asociado y el SRE, los "Deudores") de conformidad con la Sección 315(b) de la *Ley de Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radicó el *Séptimo Plan de Ajuste Enmendado de Título III del Estado Libre Asociado de Puerto Rico, y otros*. [ECF Núm. 17627] (con sus enmiendas, complementos o modificaciones periódicas, el "Plan").[3]

---

[1] Los Deudores en estos Casos del Título III, junto con el número de caso de Título III respectivo de cada Deudor y los últimos cuatro (4) dígitos del número de identificación fiscal federal de cada Deudor, según corresponda, son (i) el Estado Libre Asociado (ELA) de Puerto Rico (Caso de Quiebra Núm. 17-BK-3283- LTS) (Últimos cuatro dígitos del Número de identificación fiscal federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17-BK-3284-LTS) (Últimos cuatro dígitos del Número de identificación fiscal federal: 8474); (iii) la Autoridad de Carreteras y Transportación ("ACT") de Puerto Rico (Caso de Quiebra Núm. 17-BK-3567-LTS) (Últimos cuatro dígitos del Número de identificación fiscal federal: 3808); (iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("SRE") (Caso de Quiebra Núm. 17-BK-3566-LTS) (Últimos cuatro dígitos del Número de identificación fiscal federal: 9686); (iii) la Autoridad de Energía Eléctrica de Puerto Rico ("AEE") (Caso de Quiebra Núm. 17- BK-4780-LTS) (Últimos cuatro dígitos del Número de identificación fiscal federal: 3747); y (vi) la Autoridad de Edificios Públicos de Puerto Rico ("AEP") de Puerto Rico (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos del Número de identificación fiscal federal: 3801) (Los números de caso de Título III figuran como números de Caso de Quiebra debido a limitaciones del software).

[2] PROMESA se encuentra codificada en 48 U.S.C. §§ 2102–2241.

[3] Los términos en mayúscula que se usan pero que no se definen en el presente tendrán los significados que se les atribuyen en el Plan.

Anejos 1

NOTIFÍQUESE ASIMISMO que se celebrará una vista para examinar la confirmación del Plan (la "Vista de confirmación") ante la Honorable Juez Laura Taylor Swain, Juez de Distrito de Estados Unidos, mediante comunicación de video y telefónica, el **8–10, 12, 15–18, y el 22–23 de noviembre de 2021 a las 9:30 a.m. (hora del Atlántico)**, en caso de que la Vista de Confirmación no concluya con anterioridad.

NOTIFÍQUESE ASIMISMO que el 26 de octubre de 2021, el Gobernador del Estado Libre Asociado de Puerto Rico promulgó la Ley 53-2021. **NOTIFÍQUESE ASIMISMO QUE LA JUNTA DE SUPERVISIÓN SOLICITARÁ EN LA VISTA DE CONFIRMACIÓN QUE SE EMITA UNA DECISIÓN PARA QUE LA AUTORIZACIÓN DE ENDEUDAMIENTO DE LA LEY 53-2021 TENGA COMO ÚNICA CONDICIÓN LA CANCELACIÓN EN EL PLAN DE LA MODIFICACIÓN DE LOS BENEFICIOS MENSUALES (TAL COMO SE DEFINEN EN EL PLAN), Y NO REQUIERA LA CANCELACIÓN DE (I) LA ELIMINACIÓN DE LOS AJUSTES POR EL COSTO DE VIDA Y/O (II) LOS CONGELAMIENTOS DEL DEVENGO DE BENEFICIOS DEFINIDOS CONFORME AL SISTEMA DE RETIRO DE MAESTROS O EL SISTEMA DE RETIRO DEL PODER JUDICIAL A PARTIR DE LA FECHA DE ENTRADA EN VIGOR DEL PLAN, INCLUSIVE.**

NOTIFÍQUESE ASIMISMO que los fundamentos para la solicitud de las decisiones antes mencionadas por la Junta de Supervisión son los siguientes: (a) la Sección 104 de la Ley 53-2021, en la parte pertinente, dice "los empleados, se dispone por el presente lo siguiente: "la Asamblea Legislativa autoriza la emisión de los Bonos de Obligaciones Generales y CVI sujeto a la radicación por parte de la Junta de Supervisión de un Plan enmendado para su confirmación por parte del Tribunal de Título III que elimina la Modificación del Beneficio Mensual..."; (b) la Sección 605 de la Ley 53-2021, en su parte pertinente, dispone: "... La vigencia de esta Ley tiene como condición la radicación por parte de la Junta de Supervisión de un Plan enmendado para su confirmación por parte del Tribunal de Título III que elimina la Modificación del Beneficio Mensual tal como se define en el Plan..."; (c) el Artículo 102(qq) de la Ley 53-2021 hace referencia a una definición de la Modificación del Beneficio Mensual, pero el Artículo 102 no se refiere en sus definiciones ni define ninguno de los (i) beneficios definidos, (ii) ajustes por el costo de vida, o (iii) congelamientos; (d) Una búsqueda en la traducción al inglés de la Ley 53-2021 no ha detectado ninguna mención a las frases o palabras "beneficio definido", "costo de vida" o "congelamiento"; (e) la Declaración de Motivos de la Ley 53-2021 incluye una frase que dispone que la ley "incluye cero recortes a las pensiones de los actuales retirados y los beneficios devengados actuales de empleados públicos en actividad y un deseo de promover el bienestar del pueblo de Puerto Rico". Ante la referencia a cero recortes para los retirados actuales y los "beneficios devengados actuales de empleados públicos en actividad", la Junta de Supervisión considera que la ley protege muy cuidadosamente los niveles actuales de pensiones, pero no los niveles subsiguientes que se ven recortados por el congelamiento de los beneficios definidos; (f) El congelamiento de beneficios definidos ahorra miles de millones de dólares durante el plan fiscal certificado y es improbable que la Legislatura requiera la eliminación de tales grandes ahorros sin mencionarlo específicamente. Por analogía, la Corte Suprema de Estados Unidos ha observado que el Congreso "no oculta elefantes en cuevas de ratones", (*Whitman c. Am. Trucking Ass'ns*, 531 U.S. 457, 458 (2001). Creemos que el requisito de la eliminación del devengo de beneficios definidos sin mencionarlos específicamente sería como ocultar un elefante en una cueva de ratones; (g) la Ley 53-2021 incluye una oración en el Artículo 605 que dispone "la continuación de la vigencia de esta ley dependerá de cero recortes en las pensiones". Por todas las razones que anteceden, la Junta de Supervisión sostiene que el único significado posible de "cero recortes a las pensiones" es la eliminación de la Modificación de Beneficios Mensuales, y no significa que el congelamiento de beneficios definidos ni la cancelación de los ajustes en el costo de vida deban ser eliminados.

NOTIFÍQUESE ASIMISMO que el 1 de noviembre de 2021, la Junta de Supervisión radicó la *Moción Urgente de la Junta de Supervisión y Administración Financiera para Puerto Rico para una Orden*

2

Anejos 2

que (I) apruebe la forma de Notificación de Decisiones solicitadas por la Junta de Supervisión en la Vista de Confirmación con respecto a la Ley 53-2021 y (II) establezca la Fecha Límite para Presentación de Objeciones [ECF Núm. 19002] (la "Moción"), que procura obtener la aprobación del Tribunal para ciertos procedimientos y fechas límite en relación con las decisiones solicitadas por la Junta de Supervisión que se describen anteriormente. Se adjunta una copia de la Ley 53-2021 a la Moción como Anexo B. El 2 de noviembre de 2021, el Tribunal radicó una orden que concede la Moción [ECF Núm. 19017] (la "Orden").

NOTIFÍQUESE ASIMISMO que, de conformidad con la Orden, cualquier objeción o respuesta a las decisiones solicitadas por la Junta de Supervisión deberán (i) estar por escrito y firmadas; (ii) estipular el nombre, la dirección, si la persona que presenta las objeciones es un empleado actual o ex empleado o retirado del Gobierno, o si tiene alguna otra capacidad legal para presentar su objeción; (iii) formular claramente los fundamentos de la objeción; (iv) radicarse ante el Tribunal, junto con las pruebas de los servicios prestados y notificarse a las siguientes partes de manera tal que se reciba a más tardar en la Fecha Límite para la presentación de objeciones, **12 de noviembre de 2021, a las 5:00 p.m. (hora del Atlántico)**: (a) los abogados de la Junta de Supervisión, Proskauer Rose LLP, Eleven Times Square, Nueva York, NY 10036, Atn: Martin J. Bienenstock y Brian S. Rosen, y (b) los abogados de AAFAF, O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, Nueva York, NY 10036, Atn: John J. Rapisardi, Peter Friedman, y Maria J. DiConza.

NOTIFÍQUESE ASIMISMO que la fecha límite para la radicación de respuestas en respaldo de las decisiones solicitadas por la Junta de Supervisión es el **15 de noviembre de 2021**.

NOTIFÍQUESE ASIMISMO que las copias del Plan y todos los demás documentos radicados en estos casos de Título III pueden obtenerse visitando el sitio web del caso mantenido por Prime Clerk LLC, https://cases.primeclerk.com/puertorico; enviando una solicitud a Prime Clerk LLC, llamando al (844) 822-9231 (llamada gratuita en EE.UU. y Puerto Rico) o al (646) 486-7944 (para llamadas internacionales), de 10:00 a.m. a 7:00 p.m. (hora del Atlántico) (puede solicitarse hablar con alguien en español), o enviando un mensaje a puertoricoinfo@primeclerk.com, o, mediante el pago de un arancel, en el sitio web del Tribunal, https://www.prd.uscourts.gov. Se necesita tener un nombre de usuario y contraseña de PACER para acceder a los documentos en el sitio web del Tribunal y estos pueden obtenerse a través del Centro de Servicios de PACER en www.pacer.psc.uscourts.gov.

Fecha: 2 de noviembre 2021
San Juan, Puerto Rico

Atentamente,

/s/ Hermann D. Bauer

Hermann D. Bauer
USDC Núm. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764- 8181
Fax: (787) 753- 8944

*Coabogados de la Junta de Supervisión y Administración Financiera en representación de los Deudores*

/s/ Martin J. Bienenstock

Martin J. Bienenstock
Brian S. Rosen
(Admisión *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969- 2900

*Abogados de la Junta de Supervisión y Administración Financiera como representante de los Deudores*

3

Anejos 3

Prime Clerk LLC
Grand Central Station
PO Box 4850
New York, NY 10163-4850

FIRST CLASS MAIL
U.S. POSTAGE
PAID
Toppan Merrill

**LEGAL NOTICE ENCLOSED. DIRECT TO ATTENTION OF ADDRESSEE OR PRESIDENT/ GENERAL COUNSEL.**

PR 1845 SRF 57751 PACKID: 21028 MMLID: 23513145 SVC: 51C
FELICIANO ROSADO,MAIRA I
SECTOR EL MANI
154 CALLE ELENA SEGARRA
MAYAGUEZ PR 00682

00682@6123 C018

Anejos 4