## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

--------------------------------------------------------------- x

*In re*

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et. al.*
       Debtors.[1]

--------------------------------------------------------------- x

HON. WANDA VÁZQUEZ GARCED (in her official
capacity), and THE PUERTO RICO FISCAL
AGENCY AND FINANCIAL ADVISORY
AUTHORITY,

           Plaintiffs/Counterclaim-
           Defendants,

v.

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,
           Defendant/Counterclaim-
           Plaintiff.

--------------------------------------------------------------- x

PROMESA

Title III

No. 17 BK 3283-LTS

(Jointly Administered)

PROMESA

Title III

Adv. Proc. No. 20-00083-LTS
**This Application shall be filed in
the lead Case No. 17 BK 3283-
LTS.**

## SUMMARY SHEET TO THE SECOND INTERIM APPLICATION OF THE BRATTLE GROUP, INC. FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS ECONOMIC CONSULTANT TO PROSKAUER ROSE LLP, AS LEGAL COUNSEL TO AND ON BEHALF OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVES OF THE DEBTORS, FOR THE THIRTEENTH INTERIM FEE PERIOD FROM JUNE 1, 2021-SEPTEMBER 30, 2021.

---

[1]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

| Name of Applicant: | The Brattle Group, Inc. ("Brattle") |
|---|---|
| Retained to Provide Professional Services to: | Proskauer Rose LLP ("Proskauer"), as legal counsel to and on behalf of The Financial Oversight and Management Board for Puerto Rico, Representative of the Debtors Pursuant to PROMESA § 315(b) |
| Retention Date: | March 25, 2019[2] |
| Fee Period for Which Compensation and Reimbursement is Sought: | June 1, 2021 through September 30, 2021 (the "Compensation Period") |
| Amount of Fees Sought: | **$ 1,372.50** |
| Amount of Expense Reimbursement Sought: | **$ 0** |
| Total Fees and Expenses Sought for Compensation Period: | **$ 1,372.50** |
| Compensation Sought in this Application Already Paid[3] Pursuant to Monthly Compensation Statements But Not Yet Allowed | **$ 0** |
| Expenses Sought in this Application Already Paid Pursuant to Monthly Compensation Statements But Not Yet Allowed | **$ 0** |

This is a(n) __ Monthly _X_ Interim __Final Fee Application

This is the second interim fee application filed by Brattle in this Debtors' Title III Case for this adversary proceeding.

---

[2] Proskauer originally retained Brattle on March 25, 2019 to provide general litigation support, and specifically retained Brattle in this particular adversary proceeding on October 10, 2020.

[3] Compensation paid includes applicable 29% income tax withholding and 1.5% government contribution.

## **SCHEDULE 1**

**Summary of Professional Services and Expenses Rendered *by Task***
**for the Compensation Period June 1, 2021 through September 30, 2021**

| TASK | HOURS | FEES[4] |
|------|-------|---------|
| C6- Healthcare Acts | 2.40 | $1,525.00 |
| Subtotal | | $1,525.00 |
| Less 10% of Fees (performed *pro bono*) | | *($152.50)* |
| Total Fees Charged to Oversight Board | | $1,372.50 |

---

[4]   10% of the Fees noted in this chart reflect services performed *pro bono*. The reduction in the amount of the Fees charged
to Oversight Board is reflected in the line titled 'Total Fees Charged to Oversight Board.'

## SCHEDULE 2

**Summary of Professional Services Rendered *by Timekeeper***
**for the Period June 1, 2021 through September 30, 2021**

| NAME OF PROFESSIONAL | POSITION | HOURLY RATE | TOTAL HOURS (in this application) | FEES[5] |
|---|---|---|---|---|
| Steven Herscovici | Principal | $625 | 1.40 | $875.00 |
| Mark Sarro | Principal | $650 | 1.00 | $650.00 |
| Subtotal | | | | $1,525.00 |
| Less 10% of Fees (performed *pro bono*) | | | | *($152.50)* |
| **Total Fees Charged to Oversight Board** | | | | **$1,372.50** |

---

[5]   10% of the Fees noted in this chart are being performed *pro bono*. The reduction in the amount of the Fees charged to Oversight Board is reflected in the line titled 'Total Fees Charged to Oversight Board.'

## SCHEDULE 3

**Summary of Actual and Necessary Expenses Incurred
for the Period June 1, 2021 through September 30, 2021**

**No reimbursable expenses were incurred during the Compensation Period.**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

-------------------------------------------------------------- x

*In re*

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

   as representative of

THE COMMONWEALTH OF PUERTO RICO, *et. al.*
     Debtors.[6]

-------------------------------------------------------------- x

HON. WANDA VÁZQUEZ GARCED (in her official
capacity), and THE PUERTO RICO FISCAL
AGENCY AND FINANCIAL ADVISORY
AUTHORITY,

            Plaintiffs/Counterclaim-
            Defendants,

v.

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,
            Defendant/Counterclaim-
            Plaintiff.

-------------------------------------------------------------- x

PROMESA

Title III

No. 17 BK 3283-LTS

(Jointly Administered)

PROMESA

Title III

Adv. Proc. No. 20-00083-LTS
**This Application shall be filed in
the lead Case No. 17 BK 3283-
LTS.**

**SECOND INTERIM APPLICATION OF THE BRATTLE GROUP, INC.
FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES
INCURRED AS ECONOMIC CONSULTANT TO PROSKAUER ROSE LLP, AS LEGAL COUNSEL
TO AND ON BEHALF OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR
PUERTO RICO, AS REPRESENTATIVES OF THE DEBTORS, FOR THE <u>THIRTEENTH INTERIM
FEE PERIOD FROM PERIOD JUNE 1, 2021-SEPTEMBER 30, 2021.</u>**

---

[6]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4)
digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico
(Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax
Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID:
8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS)
(Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the
Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID:
9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four
Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-
BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case
numbers due to software limitations).

This is the second Interim Application of The Brattle Group, Inc. ("Brattle"), in Adv. Proc. No. 17 BK 3283-LTS ("Healthcare Acts Case")[7] covering the period  from June 1, 2021, through September 30, 2021 ("Compensation Period"), seeking allowance of compensation for professional services rendered to Proskauer Rose LLP ("Proskauer") to facilitate the effective representation by Proskauer as legal counsel to The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") (collectively, the "Debtors") pursuant to the *Puerto Rico Oversight, Management, and Economic Stability Act,* codified in 48 U.S.C. §§ 2101-2241 ("PROMESA"), in the amount of $1,372.50.

Brattle's application is submitted pursuant to PROMESA sections 316 and 317, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") applicable pursuant to PROMESA section 310, and Rule 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules"), and in accordance with this Court's and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases issued by the Executive Office for the United States Trustee, 28 CFR Part 58, Appendix A (the "Guidelines"), and in accordance with this Court's Second Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Case No. 17 BK 3283-LTS, Dkt. No. 3269] (the "Interim Compensation Order").

In support of the Application, Brattle respectfully states:

### Jurisdiction

1.     The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this Application pursuant to PROMESA section 306(a).

2.     Venue is proper in this district pursuant to PROMESA section 307(a).

3.     The statutory bases for the relief requested herein are PROMESA sections 316 and 317.

---

[7] This Interim Fee Application solely pertains to fees and expenses incurred with respect to the Healthcare Acts Case and does not address fees or expenses incurred with respect to any other services performed for Proskauer.

## General Background

4.      On June 30, 2016, the Oversight Board was established under PROMESA section 101(b).  On August 31, 2016, President Obama appointed the Oversight Board's seven voting members.

5.      Pursuant to PROMESA section 315, "[t]he Oversight Board in a case under this subchapter is the representative of the debtor" and "may take any action necessary on behalf of the debtor to prosecute the case of the debtor, including filing a petition under § [304] of [PROMESA] . . . or otherwise generally submitting filings in relation to the case with the court." PROMESA § 315(a), (b).

6.      On September 30, 2016, the Oversight Board designated the Debtor as a "covered entity" under PROMESA section 101(d).

7.      On November 25, 2016, the Oversight Board retained Proskauer as legal counsel in connection with matters relating to and arising out of implementation of the provisions of PROMESA.  Those matters include advising and representing the Oversight Board concerning the performance of its duties and activities pursuant to PROMESA, the restructuring or adjustment of the obligations of the Debtors, and litigation arising out of any of those matters (collectively, the "Relevant Matters").

8.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth in the District Court pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Debtor's Title III Case").

9.      Further Background information regarding the Debtor and the commencement of the Debtor's Title III Case is contained in the *Notice of Filing of Statement of Oversight Board in connection with PROMESA Title III Petition* [ECF No. 1, Case No. 17 BK 3283-LTS], attached to the Commonwealth of Puerto Rico's Title III petition.

**Brattle's Retention and Fee Statements During the Compensation Period**

10.     Proskauer originally retained Brattle, an international economic consulting firm, pursuant to an Independent Contractor Services Agreement effective March 25, 2019 (the "Agreement"), in support of its litigation preparation on the Relevant Matters for the Oversight Board.  Proskauer specifically retained Brattle to facilitate the effective representation by Proskauer of the Debtors in the Healthcare Acts Case on September 9, 2020 under Project Assignment #5 of the Agreement, and then again on October 10, 2020 under Project Assignment #6 of the Agreement. Project Assignment #6 is attached hereto as Exhibit C.

11.     The Agreement provides that:

a.  Proskauer's client, the Oversight Board, is solely responsible for Brattle's fees and expenses, and will compensate Brattle in accordance with the terms of the Agreement;

b.  Brattle will charge on a time and materials basis, based on the hourly billing rates in effect at the time services are performed, with all fees and expenses payable under the Agreement to be paid through the applicable PROMESA Title III proceeding; and

c.  For this project assignment, in view of the uniqueness of the engagement and the anticipated scope of services to be performed, Brattle will perform 10% of the work for Proskauer on a *pro bono* basis.

12.     In October 2021, Brattle caused its fourth monthly fee statement[8] ("Monthly Fee Statement") to be served on the notice parties.  Copies of Brattle's Monthly Fee Statement is attached hereto as Exhibit B.  In accordance with the Interim Compensation Order, Brattle has requested an aggregate payment of $1,235.25 (representing payment of ninety percent (90%) of

---

[8]   During the Compensation Period, Brattle performed services in connection with the Healthcare Acts Case in June and July of 2021.

the compensation sought for professional fees), and as of the date of this Application Brattle has not received payment for services rendered during the Compensation Period.[9]

13.    Prior to the submission of this Application, Brattle has made only one previous request for the allowance of interim compensation for professional services rendered and reimbursement of expenses incurred in the Healthcare Acts Case (in its first Interim Fee Application for the Eleventh Interim Fee Period covering services from October 1, 2020 to January 31, 2021).

**Summary of Professional Services Rendered
By Brattle during the Compensation Period**

14.    Brattle's services to Proskauer, as legal counsel to the Oversight Board as representative of the Debtors in the Healthcare Acts Case, were reasonable, necessary, appropriate, and beneficial when rendered, facilitated the effective representation by Proskauer of its obligations as legal counsel to the Oversight Board as representative of the Debtors in the Healthcare Acts Case, and were in the best interests of the Oversight Board and the Debtors' creditors, the Commonwealth's residents, and other stakeholders.  Brattle performed its professional services in an expedient and efficient manner.  Compensation for the foregoing services as requested is commensurate with the complexity, importance, and time-sensitive nature of the issues and tasks involved.

15.    To provide an orderly and meaningful summary of the services rendered by Brattle, Brattle established, in accordance with the Guidelines, a separate task code for the services.  During the Compensation Period, Brattle expended 2.40 hours assisting Proskauer on matters relating to the Healthcare Acts Case.  Details of Brattle's work during this Compensation Period in furtherance of these tasks for Proskauer are included in the Monthly Fee Statement, and summarized as follows:

---

[9] Compensation paid includes applicable 29% income tax withholding and 1.5% government contribution.

- Healthcare Acts.
    - (Fees: $1,525.00[10]; Hours: 2.40)
        - Brattle performed tasks necessary to assist Proskauer, as legal counsel to the Oversight Board, in rendering legal advice to the Oversight Board on matters relevant to Healthcare Acts Policy.

### Actual and Necessary Expenses of Brattle

16.     Brattle did not incur any reimbursable expenses during the Compensation Period.

### Compensation Paid and its Source

17.     All services for which Brattle seeks compensation were performed on behalf of and at the direction of Proskauer, as legal counsel to the Oversight Board, representative of the Debtors in their Title III Cases to facilitate Proskauer's effective representation of the Debtors. In connection with the request covered by this Application, Brattle has received no payment and has received no promises of payment for services rendered, or to be rendered, from any source other than the Debtors.  There is no agreement or understanding between Brattle and any other person for the sharing of compensation received for services rendered to Proskauer in the Debtors' Title III cases.

18.     PROMESA sections 316 and 317 provide for interim compensation of professionals and govern this Court's award of such compensation.  PROMESA section 316 provides that a court may award a professional employed for the benefit of the Debtor or the Oversight Board under PROMESA "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses."  PROMESA § 316(a). PROMESA section 316 also sets forth the criteria for awarding compensation and reimbursement:

---

[10] Fees noted are before *pro bono* discount.

In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –

> (1)  the time spent on such services;
>
> (2)  the rates charged for such services;
>
> (3) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this chapter;
>
> (4) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (5) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field;
>
> and
>
> (6) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this subchapter or title 11.

PROMESA § 316(c).

19.    Brattle respectfully submits that the professional services rendered and the expenses incurred during the Compensation Period were necessary for and beneficial to Proskauer's effective representation of the Oversight Board on behalf of the Debtors and therefore were necessary for and beneficial to the maximization of value for all stakeholders and ultimately to the orderly administration of the Debtor's Title III Cases.  The services required experienced professionals with specialized expertise to timely and thoroughly respond to Proskauer's requests. During the Compensation Period, Brattle worked efficiently, under time constraints, to respond to Proskauer's needs.

20.    The rates of the Brattle personnel performing the services during the fee period are the rates Brattle charged for professional services rendered by them in comparable bankruptcy and non-bankruptcy matters in 2019, and are reasonable given the customary rates

charged by comparably skilled practitioners in comparable bankruptcy and non-bankruptcy cases in a competitive national market in 2021.

21.     The fees for which allowance is requested reflect that Brattle has performed 10% of the services on a *pro bono* basis.

22.     Brattle submits that allowance of the fees and expenses requested herein is reasonable and warranted in light of the nature, extent and value of Brattle's services to the Proskauer, as legal counsel to the Oversight Board, as representative of the Debtor in the Healthcare Acts Case.  Proskauer has reviewed and approved this Application.

## No Previous Request

23.     No previous request for the relief sought herein has been made by Brattle to this or any other court.

## Reservations

24.     To the extent time or disbursement charges for services rendered or expenses incurred relate to the Compensation Period but were not processed prior to the preparation of this Application, or Brattle has for any other reason not yet sought compensation or reimbursement of expenses herein with respect to any services rendered or expenses incurred during the Compensation Period, Brattle reserves the right to request compensation for such services and reimbursement of such expenses in a future application.

## Notice

25.     Pursuant to the Interim Compensation Order, notice of this Application has been or will be filed in the Healthcare Acts Case and the jointly-administered Commonwealth of Puerto Rico's Title III Case and served by email on:

(a) attorneys for the Oversight Board, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036, Attn: Martin J. Bienenstock, Esq. (mbienenstock@proskauer.com) and Ehud Barak, Esq. (ebarak@proskauer.com), and Proskauer Rose LLP, 70 West Madison Street, Chicago, IL 60602, Attn: Paul V. Possinger, Esq. (ppossinger@proskauer.com);

(b) attorneys for the Oversight Board, O'Neill & Borges LLC, 250 Muñoz RiveraAve., Suite 800, San Juan, PR 00918, Attn:Hermann D. Bauer, Esq. (hermann.bauer@oneillborges.com);

(c) attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, New York, NY 10036, Attn: John J. Rapisardi, Esq. (jrapisardi@omm.com), and Diana M. Perez, Esq. (dperez@omm.com);

(d) attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, Marini Pietrantoni Muñiz LLC, MCS Plaza, Suite 500, 255 Ponce de León Ave, San Juan, PR 00917, Attn: Luis C. Marini-Biaggi, Esq. (lmarini@mpmlawpr.com) and Carolina Velaz-Rivero Esq. (cvelaz@mpmlawpr.com);

(e) the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: In re: Commonwealth of Puerto Rico);

(f) attorneys for the Official Committee of Unsecured Creditors, Paul Hastings LLP, 200 Park Ave., New York, NY 10166, Attn: Luc. A Despins, Esq. (lucdespins@paulhastings.com);

(g) attorneys for the Official Committee of Unsecured Creditors, Casillas, Santiago & Torres LLC, El Caribe Office Building, 53 Palmeras Street, Ste. 1601, San Juan, PR 00901, Attn: Juan J. Casillas Ayala, Esq. (jcasillas@cstlawpr.com) and Alberto J.E. Añeses Negrón, Esq. (aaneses@cstlawpr.com);

(h) attorneys for the Official Committee of Retired Employees, Jenner & Block LLP, 919 Third Ave., New York, NY 10022, Attn: Robert Gordon, Esq. (rgordon@jenner.com) and Richard Levin, Esq. (rlevin@jenner.com), and Jenner & Block LLP, 353 N. Clark Street, Chicago, IL 60654, Attn: Catherine Steege, Esq. (csteege@jenner.com) and Melissa Root, Esq. (mroot@jenner.com);

(i) attorneys for the Official Committee of Retired Employees, Bennazar, García & Milián, C.S.P., Edificio Union Plaza, PH-A, 416 Ave. Ponce de León, Hato Rey, PR 00918, Attn: A.J. Bennazar-Zequeira, Esq. (ajb@bennazar.org);

(j) the Puerto Rico Department of Treasury, PO Box 9024140, San Juan, PR 00902-4140, Attn: Reylam Guerra Goderich, Deputy Assistant of Central Accounting (Reylam.Guerra@hacienda.pr.gov); Omar E. Rodríguez Pérez, CPA, Assistant Secretary of Central Accounting (Rodriguez.Omar@hacienda.pr.gov); Angel L. Pantoja Rodríguez, Deputy Assistant Secretary of Internal Revenue and Tax Policy (angel.pantoja@hacienda.pr.gov); Francisco Parés Alicea, Assistant Secretary of Internal Revenue and Tax Policy (francisco.pares@hacienda.pr.gov); and Francisco Peña Montañez, CPA, Assistant Secretary of the Treasury (Francisco.Pena@hacienda.pr.gov);

(k) attorneys for the Fee Examiner, EDGE Legal Strategies, PSC, 252 Ponce de León Avenue, Citibank Tower, 12th Floor, San Juan, PR 00918, Attn: Eyck O. Lugo (elugo@edgelegalpr.com); and

(l) attorneys for the Fee Examiner, Godfrey & Kahn, S.C., One East Main Street, Suite 500, Madison, WI 53703, Attn: Katherine Stadler (KStadler@gklaw.com).

Brattle submits that, in light of the foregoing, no other or further notice need be provided.

26.     The certification required by Local Rule 2016-1(a)(4) and Rule 2016 is attached hereto as Exhibit A.

CONCLUSION

WHEREFORE The Brattle Group, Inc. respectfully requests that the Court enter an order:

a.       allowing interim compensation for professional services rendered during the Compensation Period in the amount of $1,372.50 (which includes the 10% professional compensation holdback amount);

b.       directing the Debtors to pay promptly to Brattle the difference between (i) the amount of interim compensation for professional services rendered, and reimbursement of expenses incurred during the Compensation Period allowed hereunder, and (ii) the amounts for such compensation and expenses previously paid to Brattle, consistent with the provisions of the Interim Compensation Order; and

c.       granting Brattle such other and further relief as is just and proper.


Dated:        November 15, 2021          Respectfully Submitted,
              Boston, MA

                                         *Barbara Levine*
                                         Barbara Levine, General Counsel
                                         THE BRATTLE GROUP, INC.
                                         Independent Contractor to Proskauer Rose LLP,
                                         legal counsel to the Financial Oversight and
                                         Management Board, as representative of the
                                         Debtors

                                         One Beacon Street, Suite 2600
                                         Boston, MA 02108
                                         Tel: 617-864-7900
                                         Fax: 617-507-0063
                                         Email: barbara.levine@brattle.com

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

-------------------------------------------------------------- x

*In re*

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et. al.*
        Debtors.[11]

-------------------------------------------------------------- x

HON. WANDA VÁZQUEZ GARCED (in her official
capacity), and THE PUERTO RICO FISCAL
AGENCY AND FINANCIAL ADVISORY
AUTHORITY,

           Plaintiffs/Counterclaim-
           Defendants,

v.

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,
           Defendant/Counterclaim-
           Plaintiff.

-------------------------------------------------------------- 

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

PROMESA
Title III

Adv. Proc. No. 20-00083-LTS
**This Application shall be filed in
the lead Case No. 17 BK 3283-
LTS.**

**CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS FOR
PROFESSIONALS IN RESPECT OF APPLICATION OF THE BRATTLE GROUP, INC. AS
ECONOMIC CONSULTANT TO PROSKAUER ROSE LLP, AS LEGAL COUNSEL TO AND ON
BEHALF OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO <u>RICO</u>
<u>FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES</u>**

---

[11]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

I, Barbara Levine, hereby certify that:

1.      I am employed by The Brattle Group, Inc. ("Brattle") as its General Counsel, and

have been designated by Brattle in respect of compliance with the *United States Trustee*

*Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed*

*under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* issued by the Executive Office for

the United States Trustee, 28 CFR Part 58, Appendix A (the "Guidelines") and Local Rule 2016-1.

2.      I submit this certification in support of Brattle's second interim fee application,

covering the period June 1, 2021 through September 30, 2021.

3.      Pursuant to the Guidelines and Local Rule 2016-1, I certify that:

(a)      I have read the Application;

(b)      To the best of my knowledge, information and belief formed after
reasonable inquiry, the fees and expenses sought in the Application
fall within the Guidelines;

(c)      The fees sought in the Application are billed at rates that were
customarily employed by Brattle and generally accepted in 2019 by
Brattle's clients, and that fall, to the best of my knowledge,
information, and belief formed after reasonable inquiry, within the
Guidelines;

(d)      The fees sought in the Application reflect Brattle's agreement with
Proskauer Rose LLP to perform 10% of the services on a *pro bono*
basis; and

(e)     No expenses were incurred during the period reflected in the Application.

4.     I certify that Brattle has previously provided a monthly fee statement of Brattle's fees and expenses for the period June 1, 2021 through September 30, 2021 by causing the same to be served and filed in accordance with the Interim Compensation Order (as defined in the Application).

I certify under the pains and penalties of perjury that the foregoing is true and correct.

DATED:     NOVEMBER 15, 2021
           BOSTON, MA

_Barbara Levine_

Barbara Levine, General Counsel
THE BRATTLE GROUP, INC.
Independent Contractor to Proskauer Rose LLP,
legal counsel to the Financial Oversight and
Management Board, as representative of the
Debtors

One Beacon Street, Suite 2600
Boston, MA 02108
Tel: 617-864-7900
Fax: 617-507-0063
Email: barbara.levine@brattle.com

**EXHIBIT B**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------- x

*In re*

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

   as representative of

THE COMMONWEALTH OF PUERTO RICO, *et. al.*
     Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

---------------------------------------------------------------- x

HON. WANDA VÁZQUEZ GARCED (in her official
capacity), and THE PUERTO RICO FISCAL
AGENCY AND FINANCIAL ADVISORY
AUTHORITY,

         Plaintiffs/Counterclaim-
         Defendants,

v.

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,
         Defendant/Counterclaim-
         Plaintiff.

PROMESA
Title III

Adv. Proc. No. 20-00083-LTS
**This Application shall be filed in
the lead Case No. 17 BK 3283-
LTS.**

---------------------------------------------------------------- 

## COVER SHEET TO THE FOURTH MONTHLY FEE STATEMENT OF THE BRATTLE GROUP, INC. FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS ECONOMIC CONSULTANT TO PROSKAUER ROSE LLP, AS LEGAL COUNSEL TO AND ON BEHALF OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, FOR THE PERIOD JUNE 1, 2021-JULY 31, 2021

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

| Name of Applicant: | The Brattle Group, Inc. ("Brattle") |
|---|---|
| Retained to Provide Professional Services to: | Proskauer Rose LLP, ("Proskauer") as legal counsel to and on behalf of The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"). |
| Retention Date: | March 25, 2019[2] |
| Period for Which Compensation is Sought: | June 1, 2021 through July 31, 2021 (the "Fee Period") |
| Amount of Fees Sought (90% of Invoiced Amount): | **$1,235.25** |
| Amount of Expense Reimbursement Sought: | **$0** |
| Total Fees and Expenses Sought for Compensation Period: | **$1,235.25** |

This is a(n) _X_ Monthly ___Interim __Final Fee Application

This is Brattle's fourth monthly fee statement in Adv. Proc. No. 20-00083-LTS (the "Healthcare Acts Proceeding")[3] ("Brattle's Fourth Monthly Fee Statement in the Healthcare Acts Proceeding"), served pursuant to the Second Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the "Second Amended Order"). Brattle seeks:

   a.   Payment of compensation in the amount of $1,235.25 (90% of $1,372.50 of fees on account of reasonable and necessary professional services rendered to Proskauer to facilitate the effective representation by Proskauer of its obligations as legal counsel to Oversight Board as representative of the Debtor in the Healthcare Acts Proceeding).

---

[2] Proskauer originally retained Brattle on March 25, 2019 to provide general litigation support, and specifically retained Brattle in this particular adversary proceeding on September 9, 2020, and continued via an assignment effective October 10, 2020.

[3] This fee statement solely pertains to fees and expenses incurred with respect to the Healthcare Acts Proceeding and does not address fees or expenses incurred with respect to other services performed for Proskauer in its general representation of the Oversight Board.

At the end of Brattle's Fourth Monthly Fee Statement in the Healthcare Acts Proceeding are the following summaries:

a.  Schedule 1 – Summary schedule showing professional fees by task;

b.  Schedule 2 – Summary schedule showing the professionals who performed the services, the numbers of hours spent, the respective professional's billing rate, and the total fees for such services;

c.  Schedule 3 – Summary schedule noting no expenses were incurred in connection with the provision of the services; and

d.  Schedule 4 – An itemized time record, organized chronologically, for which compensation is sought which includes: 1) the date each service was rendered; 2) the professionals who performed the services; 3) a description of the services rendered; and 4) the time spent performing the services in increments of tenths of an hour.

//

//

//

//

//

<u>Certifications</u>

I certify that no employee of the Oversight Board is a party to or has any interest in the gains or benefits derived from the contract that is the basis of this invoice. The only consideration for providing services under the contract is the payment agreed upon with the authorized representatives of Proskauer and the Oversight Board. The amount of this invoice is reasonable. The services were rendered and the corresponding payment has not been made. The total amount shown on this fee statement is true and correct. To the best of my knowledge, Brattle does not have any debts owed to the Government of Puerto Rico or its instrumentalities.

Dated:      October 29, 2021
            Boston, MA


Barbara Levine, General Counsel
THE BRATTLE GROUP, INC.
Independent Contractor to Proskauer Rose LLP,
legal counsel to the Financial Oversight and
Management Board, as representative of the
Debtors

One Beacon Street, Suite 2600
Boston, MA 02108
Tel: 617-864-7900
Fax: 617-507-0063
Email: barbara.levine@brattle.com

**Principal Certification**

I hereby authorize the submission of this Monthly Fee Statement.


/s/Hadassa Waxman
Hadassa Waxman, Partner
Proskauer Rose LLP
Counsel to the Financial Oversight and Management Board for Puerto Rico

Pursuant to the Interim Compensation Order, Brattle has caused notice of this Monthly

Fee Statement to be provided to:

(a) the Financial Oversight and Management Board, 40 Washington Square South, Office 314A, New York, NY 10012, Attn: Professor Arthur J. Gonzalez, Oversight Board Member;

(b) attorneys for the Financial Oversight and Management Board as representative of The Commonwealth of Puerto Rico, O'Neill & Borges LLC, 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918-1813, Attn: Hermann D. Bauer, Esq. (hermann.bauer@oneillborges.com);

(c) attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, New York, NY 10036, Attn: John J. Rapisardi, Esq. (jrapisardi@omm.com), and Diana M. Perez, Esq. (dperez@omm.com);

(d) attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, Marini Pietrantoni Muniz LLC, MCS Plaza, Suite 500, 255 Ponce de León Ave., San Juan P.R. 00917, Attn.: Luis C. Marini-Biaggi, Esq., (lmarini@mpmlawpr.com) and Carolina Velaz-Rivero Esq. (cvelaz@mpmlawpr.com);

(e) the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: In re: Commonwealth of Puerto Rico);

(f) attorneys for the Official Committee of Unsecured Creditors, Paul Hastings LLP, 200 Park Ave., New York, NY 10166, Attn: Luc A. Despins, Esq. (lucdespins@paulhastings.com);

(g) attorneys for the Official Committee of Unsecured Creditors, Casillas, Santiago & Torres LLC, El Caribe Office Building, 53 Palmeras Street, Ste. 1601, San Juan, PR 00901, Attn: Juan J. Casillas Ayala, Esq. (jcasillas@cstlawpr.com) and Alberto J.E. Añeses Negrón, Esq. (aaneses@cstlawpr.com);

(h) attorneys for the Official Committee of Retired Employees, Jenner & Block LLP, 919 Third Ave., New York, NY 10022, Attn: Robert Gordon, Esq. (rgordon@jenner.com) and Richard Levin, Esq. (rlevin@jenner.com); and Jenner & Block LLP, 353 N. Clark Street, Chicago, IL 60654, Attn: Catherine Steege, Esq. (csteege@jenner.com) and Melissa Root, Esq. (mroot@jenner.com);

(i) attorneys for the Official Committee of Retired Employees, Bennazar, García & Milián, C.S.P., Edificio Union Plaza, PH-A, 416 Ave. Ponce de León, Hato Rey, PR 00918, Attn: A.J. Bennazar- Zequeira, Esq. (ajb@bennazar.org);

(j) the Puerto Rico Department of Treasury, PO Box 9024140, San Juan, PR 00902-4140, Attn: Reylam Guerra Goderich, Deputy Assistant of Central Accounting (Reylam.Guerra@hacienda.pr.gov); Omar E. Rodríguez Pérez, CPA, Assistant Secretary of Central Accounting (Rodriguez.Omar@hacienda.pr.gov); Angel L. Pantoja Rodríguez, Deputy Assistant Secretary of Internal Revenue and Tax Policy (angel.pantoja@hacienda.pr.gov); Francisco Parés Alicea, Assistant Secretary of Internal Revenue and Tax Policy (francisco.pares@hacienda.pr.gov); and Francisco Peña Montañez, CPA, Assistant Secretary of the Treasury (Francisco.Pena@hacienda.pr.gov);

(k) attorneys for the Fee Examiner, EDGE Legal Strategies, PSC, 252 Ponce de León Avenue, Citibank Tower, 12th Floor, San Juan, PR 00918, Attn: Eyck O. Lugo (elugo@edgelegalpr.com); and

(l) attorneys for the Fee Examiner, Godfrey & Kahn, S.C., One East Main Street, Suite 500, Madison, WI 53703, Attn: Katherine Stadler (KStadler@gklaw.com).

### SCHEDULE 1

**Summary of Professional Services and Expenses Rendered *by Task*
for the Period June 1, 2021 through July 31, 2021**

| TASK | HOURS | FEES[4] |
|---|---|---|
| C6- Healthcare Acts | 2.40 | $1,525.00 |
| Subtotal | | $1,525.00 |
| Less 10% of Fees (performed *pro bono*) | | *($152.50)* |
| **Total Fees Charged to Oversight Board** | | **$1,372.50** |
| | | |

---

[4]   10% of the Fees noted in this chart reflect services performed *pro bono*. The reduction in the amount of the Fees charged to Oversight Board is reflected in the line titled 'Total Fees Charged to Oversight Board.'

## SCHEDULE 2

**Summary of Professional Services Rendered *by Timekeeper*
for the Period June 1, 2021 through July 31, 2021**

| NAME OF PROFESSIONAL | POSITION | HOURLY RATE | TOTAL HOURS (in this application) | FEES[5] |
|---|---|---|---|---|
| Steven Herscovici | Principal | $625 | 1.40 | $875.00 |
| Mark Sarro | Principal | $650 | 1.00 | $650.00 |
| Subtotal | | | | $1,525.00 |
| Less 10% of Fees (performed *pro bono*) | | | | (*$152.50*) |
| **Total Fees Charged to Oversight Board** | | | | **$1,372.50** |

---

[5]   10% of the Fees noted in this chart are being performed *pro bono*. The reduction in the amount of the Fees charged to Oversight Board is reflected in the line titled 'Total Fees Charged to Oversight Board.'

## **SCHEDULE 3**

**No Expenses Incurred
for the Period June 1, 2021 through July 31, 2021**

## **SCHEDULE 4**

**Itemized time record, organized chronologically, for which compensation is sought**

| Location | Task Code | Date | Week Ending | Timekeeper | Position/Title | Hourly Rate | Billed Hours | Billed Fees | Fee Statement description |
|---|---|---|---|---|---|---|---|---|---|
| Outside PR | C6 - Healthcare Acts | 20210610 | 11-Jun-21 | Sarro, Mark | Principal | $ 650 | 0.5 | $ 325.00 | Reviewed material relevant to Healthcare Acts. |
| Outside PR | C6 - Healthcare Acts | 20210611 | 11-Jun-21 | Sarro, Mark | Principal | $ 650 | 0.5 | $ 325.00 | Reviewed material relevant to Healthcare Acts. |
| Outside PR | C6 - Healthcare Acts | 20210617 | 18-Jun-21 | Herscovici, Steven | Principal | $ 625 | 0.6 | $ 375.00 | Meeting with S. McGowan (Proskauer), P. Ellis (expert), and EY representatives regarding materials relevant to Healthcare Acts. |
| Outside PR | C6 - Healthcare Acts | 20210708 | 9-Jul-21 | Herscovici, Steven | Principal | $ 625 | 0.2 | $ 125.00 | Meeting with P. Ellis (expert), S. McGowen and C. Rogoff (Proskauer) regarding materials relevant to Healthcare Acts. |
| Outside PR | C6 - Healthcare Acts | 20210722 | 23-Jul-21 | Herscovici, Steven | Principal | $ 625 | 0.2 | $ 125.00 | Reviewed material relevant to Healthcare Acts. |
| Outside PR | C6 - Healthcare Acts | 20210729 | 30-Jul-21 | Herscovici, Steven | Principal | $ 625 | 0.4 | $ 250.00 | Reviewed material relevant to Healthcare Acts. |

EXHIBIT C

**EXHIBIT A**

**PROJECT ASSIGNMENT #6**
**UNDER INDEPENDENT CONTRACTOR SERVICES AGREEMENT**
**THE BRATTLE GROUP, INC.**
**TITLE III**
**EFFECTIVE DATE:  OCTOBER 10, 2020**

**PROJECT:**

The scope of work under this Project Assignment #5 shall be to perform a range of services relating to adversary proceedings in connection with the economic and budgetary effects of two recent laws governing health care in Puerto Rico, Acts No. 82 and 138 of 2019 (the "Services"). Initially, the Services will involve a qualitative assessment of whether each Act may worsen the Commonwealth's fiscal situation by increasing health care costs. This initial Work may be followed by quantitative analysis and/or expert testimony. The Work may include, but may not be limited to, consulting services, litigation support at the direction of outside testifying experts, and the provision of expert testimony by Brattle experts.

**SCHEDULE OF WORK:**

The work commenced or will commence on the date of Project Assignment #6 and shall continue until the earlier of: (i) the completion of the Services, (ii) December 31, 2021, subject to the renegotiation of the terms by the Contractor, Proskauer, and the Board, and (iii) termination in accordance with the related Independent Contractor Services Agreement dated as of March 25, 2019.

With respect to any provision of the Independent Contractor Services Agreement requiring approval or consent of Proskauer, the Board, or an Authorized Person, in writing or otherwise, the approval or consent of Proskauer, the Board, or any designee thereof shall be sufficient.

No provision restricting disclosure or use or ownership of information shall in any way abrogate the rights and obligations under the attorney-client privilege, the duty of confidentiality, or the attorney work-product doctrine.

**FEES AND REIMBUSRSMENT:**

A. Hourly Rates:  Contractor charges on a time-and-materials basis based on the hourly billing rates listed in *Exhibit E* hereto.

B. In view of the uniqueness of the engagement, and the anticipated scope of the Services, Contractor has agreed to perform 10% of the Work on the Services and Relevant Matters on a pro bono basis.

C.  Maximum amount chargeable by this Contractor on this Project Assignment is **$50,000** plus valid reimbursed expenses, unless changed in a writing signed by the Executive Director of the Board.

D.  Reimbursement of expenses shall be in accordance with the Board's Expense Reimbursement Policy attached as Appendix D hereto.

E.  Contractor acknowledges and agrees that all fees and expenses payable hereunder will be paid through the PROMESA Title III proceeding filed on behalf of the Commonwealth that is pending in the United States District Court for the District of Puerto Rico, No. 17 BK3283-LTS, or through the appropriate PROMESA Title III proceeding of the applicable covered territorial instrumentality.  Contractor has familiarized itself with the currently applicable processes and guidelines relevant to submitting monthly statements and interim fee applications for payment of fees and expenses through the applicable Title III proceeding, including the Court's orders addressing the procedures for interim compensation and reimbursement of expenses of professionals.  Contractor acknowledges and agrees to be paid pursuant to such processes and guidelines.  Contractor acknowledges that the Board will have no obligation to pay Contractor's fees and disbursements other than through the applicable Title III processes for submission and review of fee applications.


IN WITNESS WHEREOF, the parties have executed this Project Assignment as of the date first written above.

PROSKAUER ROSE LLP                              THE BRATTLE GROUP, INC.

By: _Hadassa Waxman_                            By: _Barbara Levine_

Name:  Hadassa Waxman                           Name:  Barbara Levine

Title:  Partner                                 Title:  General Counsel

Address:  Eleven Times Square                   Address:  One Beacon Street, Suite 2600
          New York, NY 10036                              Boston, MA 02108

2