**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO,
*et al.*,

    Debtors.[1]

---------------------------------------------------------------x

PROMESA
Title III

Case No. 17 BK 3283-LTS

(Jointly Administered)

**LIMITED RESPONSE OF INTERNATIONAL UNION, UAW
AND SERVICE EMPLOYEES INTERNATIONAL UNION
TO OVERSIGHT BOARD'S OMNIBUS REPLY RE ACT 53**

International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW) ("UAW") and Service Employees International Union ("SEIU") submit this limited response to the November 15, 2021 *Omnibus Reply of the Commonwealth of Puerto Rico et al. to Objections to Requested Rulings Regarding Act 53-2021 Relating to the Modified Eight Amended Joint Plan of Adjustment* ("Omnibus Reply") [Docket Entry #19,249] filed by the Financial Oversight and Management Board for Puerto Rico ("Oversight Board").[2]

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] SEIU is a member of the Official Committee of Unsecured Creditors ("Committee"). SEIU submits this filing in its individual capacity and not in its capacity as a Committee member, nor in any way on behalf of the Committee.

The Omnibus Reply requests that the Court approve, as one of the Act 53 "Requested Rulings," paragraph 62 of the November 12, 2021 *Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [Docket #19,188, at Exhibit A] ("Proposed Confirmation Order"). *See* Omnibus Reply, at ¶33 (listing paragraph 62 among the "Requested Rulings").

As UAW and SEIU explained in the November 11, 2021 *Objection of International Union, UAW and Service Employees International Union to Second Revised Confirmation Order* [Docket #19,162], paragraph 62 includes language which would restrict the Commonwealth from implementing existing legislation, or enacting new legislation, to increase any defined benefit ("DB") pension payment or obligation for participants in the Employees Retirement System ("ERS"). UAW and SEIU have objected to the inclusion of such a restriction in the Proposed Confirmation Order (except as to increases via cost-of-living adjustments ("COLA's")). UAW and SEIU explained the reasons for their objection both in their November 11 filing and during the November 15 oral argument. The Oversight Board filed its Omnibus Reply following the November 15 oral argument.

The Oversight Board's request in their Omnibus Reply for approval of paragraph 62 would necessarily include approval of paragraph 62's restriction on increases, other than via COLA's, in DB pension payments for ERS participants. Thus, under the guise of its requested rulings on Act 53, the Oversight Board seeks to defeat the UAW and SEIU objection. The Court should not allow this.

In its November 2, 2021 *Order (I) Approving Form of Notice of Rulings the Oversight Board Requests at Confirmation Hearing Regarding Act 53-2021 and (II) Scheduling Objection Deadline* ("Order") [Docket #19, 017], the Court gave notice of precisely what rulings

2

the Oversight Board was seeking -- and was permitted to seek -- in connection with Act 53. The Order made clear that the Oversight Board was only seeking to nail down what conditions Act 53 placed on the issuance of new Commonwealth debt. In all caps and bold, the Notice approved by the Order, [Docket Entry #19017-1 at 2], stated that the Oversight Board was seeking rulings that the issuance of the new debt in Act 53

> **IS CONDITIONED ONLY ON THE PLAN'S CANCELLATION OF THE MONTHLY BENEFIT MODIFICATION (AS DEFINED IN THE PLAN), AND DOES NOT REQUIRE CANCELLATION OF (I) THE ELIMINATION OF COST OF LIVING ADJUSTMENTS AND/OR (II) FREEZES OF ACCRUAL OF DEFINED BENEFITS UNDER THE TEACHERS' RETIREMENT SYSTEM OR THE JUDICIARY RETIREMENT SYSTEM FROM AND AFTER THE PLAN'S EFFECTIVE DATE.**

The Order did *not* authorize the Oversight Board to seek, through its Act 53 Urgent Motion, a restriction on future increases to DB benefits for ERS participants other than via COLA's. Nor did the Order give notice to interested parties, including ERS participants, that the Oversight Board would seek such a restriction.[3]

Because the Order did not authorize the Oversight Board, through its Act 53 Urgent Motion, to request a ruling that would restrict the Commonwealth from increasing DB pension payments for ERS participants other than via COLA's, the Court should, if it grants the Oversight Board's requested rulings, make clear that the requested rulings do not include such a restriction.

---

[3] In fact, most ERS participants likely never even saw the Court's approved Notice, since, unlike with TRS and JRS participants, the Order did not require mail or other equivalent service to ERS participants.

UAW and SEIU reserve all rights in connection with this filing, including the right to supplement or modify it in light of any subsequent modifications to the proposed plan of adjustment or confirmation order.

November 16, 2021

**COHEN, WEISS AND SIMON LLP**

By: <u>*/s/ Peter D. DeChiara*</u>
Richard M. Seltzer *(pro hac vice)*
Peter D. DeChiara (*pro hac vice*)
Marie B. Hahn *(pro hac vice)*
rseltzer@cwsny.com
pdechiara@cwsny.com
mhahn@cwsny.com
900 Third Avenue, Suite 2100
New York, NY 10022-4869
(212) 563-4100

**MONSERRATE SIMONET & GIERBOLINI**
<u>/s/ *Miguel Simonet Sierra*</u>
Miguel Simonet Sierra
USDC # 210101
101 San Patricio Ave., Suite 1120
Guaynabo, PR 00968
Tel.: (787) 620-5300

*Counsel to International Union, UAW and Service Employees International Union*

5

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of November 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF System, which will notify all counsel of record.

/s/ *Marie B. Hahn*
Marie B. Hahn