# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>   Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### RESPONSE OF INITIAL PSA CREDITORS TO ORDER REGARDING ACKNOWLEDGEMENT OF CONSTITUTIONAL CHALLENGES, NOTICE OF POTENTIAL PARTICIPATION, AND MOTION FOR ENLARGEMENT OF TIME BY THE UNITED STATES OF AMERICA

To the Honorable United States District Judge Laura Taylor Swain:

The Initial PSA Creditors[2] respectfully submit this response to the *Order Regarding Acknowledgement of Constitutional Challenges, Notices of Potential Participation, and Motion*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801).

[2] The Initial PSA Creditors include the Ad Hoc Group of Constitutional Debtholders (the "Constitutional Debt Group"), Ad Hoc Group of General Obligation Bondholders (the "GO Group"), Lawful Constitutional Debt Coalition (the "LCDC"), and QTCB Noteholder Group (the "QTCB Group"). The members of the Constitutional Debt Group and their respective holdings are set forth in the *Twelfth Supplemental Verified Statement of the Ad Hoc Group of Constitutional Debtholders Pursuant to Federal Rule of Bankruptcy Procedure 2019* (ECF No. 18491). The members of the GO Group and their respective holdings are set forth in the *Thirteenth Supplemental Verified Statement of the Ad Hoc Group of General Obligation Bondholders Pursuant to Bankruptcy Rule 2019* (ECF No. 17397). The members of the LCDC and their respective holdings are set forth in the *Thirteenth Supplemental Verified Statement of the Lawful Constitutional Debt Coalition Pursuant to Federal Rule of Bankruptcy Procedure 2019* (ECF No. 19128). The members of the QTCB Group and their respective holdings are set forth in the *Eleventh Supplemental Verified Statement of the QTCB Noteholder Group Pursuant Bankruptcy Rule 2019* (ECF No. 19145). The Initial

*for Enlargement of Time By the United States of America* (ECF No. 19283 in Case No. 17-3283) (the "Order"), and respectfully state as follows:

### STATEMENT

1. Yesterday, the Court entered an Order in response to the *Acknowledgement of Constitutional Challenges, Notice of Potential Participation, and Motion for Enlargement of Time by the United States of America* (ECF No. 19282) (the "Motion"), requiring any responses to be filed promptly. The Motion seeks to enlarge the time for the United States to respond to three Court Orders titled *Order Regarding Notice of Constitutional Challenge to a Statute* (ECF Nos. 18489, 18620, and 19016) certifying to the Attorney General of the United States various challenges to the constitutionality of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. § 2101 *et seq.*, as well as title 11 of the United States Code ("Bankruptcy Code").

2. Pursuant to Federal Rule of Civil Procedure 5.1, and Federal Rule of Bankruptcy Procedure 9005.1, the United States has a right to intervene in any proceeding in which the constitutionality of a federal statute is challenged within sixty days after (i) the filing of a notice of a constitutional challenge or (ii) the Court's certification of the challenge, whichever is earlier, unless the Court sets a later date. Fed. R. Civ. P. 5.1(c). Before that period expires, the Court "may reject the constitutional challenge, but may not enter a final judgment holding the statute unconstitutional." *Id.*

3. By operation of Rule 5.1, the earliest, current deadline for the United States to determine whether it will defend the constitutionality of PROMESA and the Bankruptcy Code in

---

PSA Creditors are parties to that certain amended and restated plan support agreement, dated July 12, 2021 (the "PSA"), with the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative, among others, of the Commonwealth of Puerto Rico (the "Commonwealth") in its Title III case. The Initial PSA Creditors do not assume any fiduciary or other duties to each other or to any other entity or individual.

this case is December 13, 2021. *Order Regarding Notice of Constitutional Challenge to Statute* (ECF No. 18489). By its Motion, the United States requests an enlargement of time until January 31, 2022, to notify the Court and the parties whether the United States will defend the constitutionality of PROMESA and the Bankruptcy Code and, if the United States decides to do so, it has advised the Court that it will file its brief in support of the statutes' constitutionality within thirty days thereafter.

4. The three challengers to PROMESA's constitutionality are PFC Properties, Inc. (ECF No. 18486), an eminent domain claimant, Finca Matilde, Inc. (ECF No. 18570), an eminent domain claimant, and Peter Hein (ECF No. 18900), a retail holder of general obligation ("GO") and PBA bonds. Each challenger contends that it has an interest in property and that confirmation of the *Modified Eighth Amended Title III Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (ECF No. 19184) (the "Plan"), pursuant to PROMESA and the Bankruptcy Code, would deprive each of its interest in property without just compensation in violation of the Fifth Amendment to the U.S. Constitution.

5. The enlargement of time requested by the United States comes as the Court and the parties are concluding a lengthy confirmation hearing, with closing arguments scheduled for November 22, 2021. The scheduling of the confirmation hearing of the Plan was consistent with deadlines in the PSA (as well as other plan support agreements that the Oversight Board entered into with other creditors). In particular, the PSA contains a deadline of December 15, 2021 by which the Plan must be consummated or the Initial PSA Creditors may terminate the PSA, with the Government Parties (as defined in the PSA) provided the right to extend such date to the latest of January 31, 2022. Respectfully, while the Initial PSA Creditors do not oppose some flexibility, they submit that any enlargement of time granted to the United States should be cognizant of the

3

timing for consummation of the Plan as agreed by the Government Parties and the Initial PSA Creditors. The terms of the PSA are the product of hard-fought lengthy negotiations with the parties carefully deliberating over each term, including the outside date. To allow any delays beyond the agreed upon deadline could unnecessarily jeopardize the Plan and with it, Puerto Rico's exit from bankruptcy on the terms negotiated.

6. **Retail Bondholder Claim.** Given the nature of Mr. Hein's purported "takings" claim, it must be adjudicated in connection with confirmation of the Plan. Mr. Hein contends that his GO and PBA bonds are secured obligations. However, the Oversight Board and other parties disputed this contention and, in the end, the issue was part of the global settlement reflected in the PSA and the Plan that allowed the GO and PBA bond claims in full but specified the amounts of consideration necessary to satisfy such claims. Each GO and PBA bondholder class voted overwhelmingly in favor of the Plan and the treatments embodied in the Plan, which includes the settlement of the secured status of GO and PBA bonds.

7. Under Bankruptcy Code section 944, incorporated into PROMESA by section 301(a), the Plan, including its proposed treatment to discharge all claims, is binding on all creditors irrespective of whether the creditor himself "has accepted the plan." 11 U.S.C. § 944(a)(3); *see also In re County of Orange*, 219 B.R. 543, 558 (Bankr. C.D. Cal. 1997) ("[T]he important principal of chapter 9 embodied in section 944(a) is that once a plan has been accepted by the requisite majorities, all creditors are bound by the plan."). Accordingly, if the Court confirms the Plan, the consideration provided for his GO and PBA bonds (under any and all theories of recovery) is binding on Mr. Hein, including with respect to any constitutional claims that Mr. Hein alleges he has. In this respect, we note that Mr. Hein submitted no evidence regarding the specifics of loss or loss causation relevant to any takings claim, its amount, or why his claim should be

4

classified separately from the claims of all other GO and PBA bondholders who are bound by the class votes, or why PROMESA and the Bankruptcy Code should create an exception for his treatment. Indeed, Mr. Hein's so-called "constitutional claims" are garden variety disputes of a dissenting creditor within an accepting class.[3]

8. Accordingly, the Initial PSA Creditors respectfully request that the Court adjudicate Mr. Hein's constitutional claims in connection with the Court's consideration of confirmation of the Plan.[4] Should the United States choose to weigh in on the constitutionality of PROMESA and the Bankruptcy Code as applied to Mr. Hein's "takings" claim, it may do so in a timely manner that does not jeopardize or unduly delay the Plan.

9. **Eminent Domain Claims.** With respect to the two eminent domain claims, the Initial PSA Creditors submit that the Court can—if necessary—address the purported takings claims independent of confirmation and consummation of the Plan. As noted, Rule 5.1 of the Federal Rules of Civil Procedure provides that the Court may uphold the constitutionality of a challenged statute before the end of its 60-day period but may not declare the statute unconstitutional before the end of the period. The Oversight Board has already acknowledged that excepting eminent domain claims, such as the PFC Properties and Finca Matilde claims, would not render the plan unfeasible. *See* Tr. 11/15/21 at 52:14-16 ("By itself, the Oversight Board does not believe that [making eminent domain claims non-dischargable] would cause the Oversight Board to withdraw the Plan on feasibility grounds."). The Oversight Board has also noted that the

---

[3] Paragraph 4 of the proposed Confirmation Order is merely a restatement of the binding effect of confirmation pursuant to the statute 11 U.S.C. § 944(a)(3), which tracks section 1141 of the Plan and was briefed in paragraphs 165 and 297 of the Oversight Board's brief in support of confirmation of the Plan. *See* ECF No. 18869.

[4] Moreover, unlike the eminent domain claims discussed below, declaring Mr. Hein's claim as non-dischargeable could render the Plan not feasible. *See* Tr. 11/15/21 at 52:17-22 ("If, however, Mr. Hein's takings claims for his bonds were allowed and deemed nondischargeable, but on the assumption that ruling would apply to all similar bonds, the system would be hit with billions of dollars in additional debt obligations, and the Plan would no longer be feasible.").

5

amount of such claims would aggregate to approximately $400 million and that the Commonwealth would be able to pay such claims under the current fiscal plan. *Id.* at 52:9-13 ("In terms of just the numbers, the eminent domain claims approximate 400 million dollars, and could be paid by reducing amounts that would otherwise go into the pension trust, other reserve accounts, and elsewhere."). Accordingly, the Court has the authority to provisionally except from the discharge and reserve for the eminent domain claims in a similar manner in which disputed claims are treated in chapter 11 plans so as not to delay confirmation of the Plan—a reserve can be established in any order confirming the Plan in a sufficient amount and the issue of dischargeability vs. constitutionality can be litigated after the effective date of the Plan. This method of proceeding would allow the United States to have its requested time to weigh in on the constitutionality of PROMESA and the Bankruptcy Code without delaying consummation of the Plan.

Dated: November 18, 2021
      New York, NY

**G. CARLO-ALTIERI LAW OFFICES, LLC**

By: */s/* Gerardo A. Carlo
Gerardo A. Carlo
USDC PR No. 112009
Telephone: (787) 247-6680
gacarlo@carlo-altierilaw.com

254 San Jose St., Third Floor
San Juan, Puerto Rico 00901
Telephone: (787) 247-6680
Facsimile: (787) 919-0527

**MORRISON & FOERSTER LLP**

By: */s/* Gary S. Lee
James M. Peck (admitted *pro hac vice*)
Gary S. Lee (admitted *pro hac vice*)
James A. Newton (admitted *pro hac vice*)
Andrew R. Kissner (admitted *pro hac vice*)
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
jpeck@mofo.com
glee@mofo.com
jnewton@mofo.com
akissner@mofo.com

*Counsel for the Ad Hoc Group of Constitutional Debtholders*

| | |
|---|---|
| **REICHARD & ESCALERA** | **QUINN EMANUEL URQUHART & SULLIVAN, LLP** |
| | **Susheel Kirpalani** (*pro hac vice*) |
| | susheelkirpalani@quinnemanuel.com |
| **By :** */s/* Rafael Escalera | |
| **Rafael Escalera** | **Daniel Salinas** |
| USDC No. 122609 | USDC-PR 224006 |
| escalera@reichardescalera.com | danielsalinas@quinnemanuel.com |
| **Sylvia M. Arizmendi** | **Eric Kay** (*pro hac vice*) |
| USDC-PR 210714 | erickay@quinnemanuel.com |
| arizmendis@reichardescalera.com | |
| **Carlos R. Rivera-Ortiz** | **Zachary Russell** (*pro hac vice*) |
| USDC-PR 303409 | zacharyrussell@quinnemanuel.com |
| riverac@reichardescalera.com | |
| | 51 Madison Avenue, 22nd Floor |
| 255 Ponce de León Avenue | New York, New York 10010-1603 |
| MCS Plaza, 10th Floor | Telephone: (212) 849-7000 |
| San Juan, Puerto Rico 00917-1913 | |
| Telephone: (787) 777-8888 | |

*Co-Counsel for the Lawful Constitutional Debt Coalition*

| | |
|---|---|
| **JIMÉNEZ, GRAFFAM & LAUSELL** | **WILLKIE FARR & GALLAGHER LLP** |
| /s/ J. Ramón Rivera Morales | /s/ Mark T. Stancil |
| J. Ramón Rivera Morales | Mark T. Stancil (admitted *pro hac vice*) |
| USDC-PR Bar No. 200701 | 1875 K Street, N.W. |
| Andrés F. Picó Ramírez | Washington, DC 20006 |
| USDC-PR Bar No. 302114 | Telephone: (202) 303-1133 |
| P.O. Box 366104 | Facsimile: (202) 303-2133 |
| San Juan, PR 00936 | Email: mstancil@willkie.com |
| Telephone: (787) 767-1030 | |
| Facsimile: (787) 751-4068 | |
| Email: rrivera@jgl.com | |

*Co-Counsel for the Ad Hoc Group of General Obligation Bondholders*

| | |
|---|---|
| **MORGAN, LEWIS & BOCKIUS LLP**<br><br>*/s/* Kurt A. Mayr_____<br>Kurt A. Mayr (admitted *pro hac vice*)<br>David L. Lawton (admitted *pro hac vice*)<br>David K. Shim (admitted *pro hac vice*)<br>One State Street<br>Hartford, CT 06103-3178<br>Tel. (860) 240-2700<br>Fax: (860) 240-2701<br>kurt.mayr@morganlewis.com<br>david.lawton@morganlewis.com<br>david.shim@morganlewis.com<br><br>Sabin Willett (admitted *pro hac vice*)<br>One Federal Street<br>Boston, MA 02110-1726<br>Tel: (617) 951-8775<br>sabin.willett@morganlewis.com | **CORREA-ACEVEDO & ABESADA LAW OFFICES, PSC**<br><br>Sergio Criado<br>USDC-PR No. 226307<br>Roberto Abesada-Agüet<br>USDC-PR No. 216706<br>Centro Internacional de Mercadeo, Torre II<br># 90 Carr. 165, Suite 407<br>Guaynabo, P.R. 00968<br>Tel. (787) 273-8300<br>Fax (787) 273-8379<br>ra@calopsc.com<br>scriado@calopsc.com |

*Co-Counsel for the QTCB Noteholder Group*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for the parties of record.

/s/ *Carlos R. Rivera-Ortiz*
USDC-PR 303409