UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO et al.,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

ORDER CLARIFYING THE EFFECT OF PRIOR STAY ORDER

Upon the *Motion Informing the Court* (Docket Entry No. 18028 in Case No. 17-3283, the "Motion"), filed by Hiram Pérez-Soto ("Movant"), the *Response to Motion Informing the Court* (Docket Entry No. 18149, the "Response"), filed by the Commonwealth of Puerto Rico, the *Motion Informing the Court* (Docket Entry No. 18248, the "Reply"), filed by the Movant, and the *Motion to Inform the Court* (Docket Entry No. 19291), filed by the Movant; and the Court having found it has subject matter jurisdiction of this matter pursuant to PROMESA section 306; and it appearing that venue in this district is proper pursuant to PROMESA section

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

307; and in light of the representations made by the Movant and the Commonwealth of Puerto Rico in the Response and Reply indicating a consensual resolution of the Motion; and after due deliberation thereon, it is hereby ORDERED that:

1. The litigation stay imposed by the Court's *Memorandum Order Granting in Part and Denying in Part Hiram Pérez-Soto's Motion for Relief from Automatic Stag (Docket Entry No. 7776)* dated August 22, 2019. (Docket Entry No. 8521, the "Lift Stay Order") and the *Joint Stipulation Modifying the Automatic Stay Between the Commonwealth of Puerto Rico and Hiram Perez Soto* endorsed by the Court on November 4, 2019 (Docket Entry No. 9097, the "Joint Stipulation") in the matters <u>Pérez-Soto v. Oronoz, et al.</u>, 19-CV-1266 (CCC) and <u>Hiram Pérez Soto v. Ramírez Nazario, et al.</u>, 19-CV-1774 (JAG), is modified as follows:

    a. The Title III Stay[2] is hereby modified solely to the limited extent necessary to (i) allow the Appeal to proceed to final judgment before the First Circuit, and (ii) allow Movant to pursue execution and enforcement of any non-monetary relief that does not entail the disbursement of funds belonging to the Commonwealth or any other Title III Debtor for the implementation, enforcement, and/or execution of such non-monetary relief; provided, however, the Title III Stay shall continue to apply in all other respects to the Appeal, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages or any other relief that entails the disbursement of funds by the Commonwealth or any other Title III Debtor, and provisional remedies against the Commonwealth or any other Title III Debtor.

    b. Notwithstanding the foregoing, payment by the Commonwealth or another Title III Debtor of any de minimis incidental costs associated with the implementation, enforcement, and/or execution of non-monetary relief shall not be considered "the disbursement of funds" for purposes of this Stipulation. Should Movant seek the implementation, enforcement, and/or execution of the non-monetary relief that the Commonwealth believes would require a disbursement of funds of the Commonwealth or another Title III Debtor, the Commonwealth shall serve promptly upon Movant written notice (a "Notice") identifying the non-monetary relief and providing a brief summary of its position. The Notice shall include a certification that the Commonwealth believes in good faith that implementation, enforcement, and/or execution of the non-monetary relief in question will in fact require the disbursement of funds belonging to the Commonwealth or any other Title III Debtor. In the event that the Commonwealth sends Movant a Notice, the parties hereto agree to confer in good faith to seek to resolve the issue and, failing a consensual resolution, Movant reserves the right to file a motion for further relief from

---

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Response.

    the automatic stay in accordance with the Lift Stay Protocol. The Commonwealth reserves all rights and defenses with regards to such motion, if and when filed.

2.  This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this order.

3.  This Order resolves Docket Entry Nos. 18028 and 19291 in Case No. 17-3283.

SO ORDERED.

Dated: November 19, 2021

                   /s/ Laura Taylor Swain
                   LAURA TAYLOR SWAIN
                   United States District Judge