## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | PROMESA Title III |
| The Financial Oversight and Management Board for Puerto Rico, | No. 17 BK 3283 (LTS) |
| As representative of | (Jointly Administered) |
| The Commonwealth of Puerto Rico, et. al. | |
| Debtors | |

## OBJECTION  TO THE COMMONWEALTH OF PUERTO RICO SEVENTH AMENDED TITLE III JOINT PLAN OF ADJUSTMENT" (DKT. 18,874)

### TO THE HONORABLE COURT:

Comes Now Jorge Rafael Eduardo Collazo Quinones ("Collazo"), through its undersigned counsel, and respectfully responds to the three hundred eighty-eighth omnibus objection (substantive) of the Commonwealth of Puerto Rico to claims filed by Collazo (the "Objection"), as follows:

1.      The FOMB attempts to defend the untenable proposition that the Plan can discharge claims based on the Fifth Amendment of the U.S. Constitution, specifically the taking of Collazo's property by the Commonwealth, through one of Instrumentalities. Said contention is ludicrous on its face. Taken to an extreme, this would allow a government entity to take, for public use, whatever private property it desired and then file for bankruptcy protection and discharge all the obligations and right its finances at the expense of the property of its citizens. To support its contention, the FOMB raises a slew of different and sometimes contradictory arguments and citations. We shall address them separately herein.

2.      Debtor want to use a privet property that belong to Collazo without proper indemnification, against the Taking Clause of the Fifth Amendment of the US Constitution.

### There is no difference between types of "taking" claims and none of them can be discharged:

3.      The Takings Clause of the Fifth Amendment mandates that "private property [shall not] be taken for public use, without just compensation. [2]

4.      This amendment is applicable to the Commonwealth of Puerto Rico.[3] There is no controversy in that regard, and the FOMB does not contest this. But the FOMB would have the Court believe that there are different types of takings that maybe treated differently.

5.      Nowhere in any case cited by the FOMB is there a distinction between different types of government takings, *to wit* between: (i) classic taking claim (takes the property and deposits funds), (ii) deficiency takings claim (deposits insufficient funds), (iii) inverse condemnation claim (taking property without any payment or impairs the use of a property) or (iv) a regulatory taking claim (a regulation that impairs the property rights of a citizen). In fact, the Detroit Court ruled "*[a]lthough [the taking] claims differ in their procedural postures, the distinction is irrelevant here as both suits seek just compensation.*"[4]

---

[2] U.S. Const. amend. V.

[3] *See* Tenoco Oil Co., Inc. v. Department of Consumer Affairs, 876 F.2d 1013, 1017 n. 9 (1st Cir. 1989). *See also* J. Torruella concurring opinion in Fideicomiso de la Tierra del Caño Martín Peña v. Fortuño, 604 F.3d 7, 20 n. 11 (1st Cir. 2010).

[4] In re City of Detroit, 524 B.R. 147, 267 (E.D. MI. 2014)

6.      While it is clear that a taking has occurred when the government takes private land for its own use, the Supreme Court has recognized that other government actions which affect the use of private property constitute a taking.[5] These limitations imposed upon private property are known as "regulatory takings".[6] Notwithstanding, under the FOMB's rational, only those who received some prior compensation for their property (a classic taking) will be fully compensated under the plan.[7] If the Commonwealth did not deposit enough funds in the Court of First Instance to provide "just compensation" (deficiency taking claims) or simply did not provide compensation (as is the case of reverse condemnation actions and regulatory takings), then the claims can somehow be discharged. The FOMB does not provide a rationale for this, except to state that these claims are "unsecured". (See, Dkt.18,874, at p. 46). Even if the claims are simply unsecured, and they are not, they are still constitutionally protected by the Fifth Amendment.[8]

7.      The FOMB incorrectly asserts that "[i]t is only claims for additional money payment that are being adjusted in the Plan." (What we characterize as deficiency taking claims.) This is incorrect. The Plan is also affecting reverse condemnation claims[9] and regulatory taking claims[10] that are in process or that have final judgments. The FOMB attempts to whitewash this fact by stating that those claims are somehow dischargeable simply because they are "unsecured". But the fact that a claim is unsecured does not make it dischargeable by itself. To the contrary, the Bankruptcy Code exempts nineteen types of *unsecured* debts from discharge.[11] PROMESA it exempts from discharge several types of unsecured claims.[12]

---

[5] Palazzolo v. Rhode Island, 533 U.S. 606, 617 (2001).
[6] Id.
[7] "It is only claims for additional money payment that are being adjusted in the Plan" (See, Dkt. 18,874, at p. 43).
[8] The takings claims provide a *right to compensation*.
[9] See Objection by Finca Matilde, at Dkt.18566 (17-03286); See Objection by Demetrio Amador, Inc. (and others), at Dkt.18582 (17-03286); Objection by Sucn. Frank Torres Ortiz (and others), at Dkt.18565; Objection by Lorty-Ta Ltd (and others), at Dkt.18564.
[10] Objection by Suiza Dairy, Inc., at Dkt.18593 (17-03286).
[11] 11 U.S.C. §523.
[12] 48 USC 2164.

9

The FOMB's contention that just because a claim is unsecured it can be discharged is incorrect on its face. A claim that requires compensation under the U.S. Constitution may not be discharged, be it classified as unsecured or not.

**WHEREFORE**, it is respectfully requested that the propose plan do not  be confirm, with any further remedy that could be deem by law.

**CERTIFICATE OF SERVICE**: I hereby certify that on this date, I electronically filed the foregoing motion with the Clerk of the Court using the EM/ECF system, which will send a notification to all attorneys of record.

San Juan, Puerto Rico, this 19th day of November, 2021

**s/CARLOS FERNANDEZ-NADAL**
**USDC-PR 209208**
818  Hostos Ave. Ste. B
 Ponce. PR 00716
Tel.787-848-4612
Fax: 787-395-7906
E-mail carlosfernandez@cfnlw.com

9