UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | PROMESA Title III |
| The Financial Oversight and Management Board for Puerto Rico, | No. 17 BK 3283 (LTS) |
| As representative of | (Jointly Administered) |
| The Commonwealth of Puerto Rico, et. al. | |
| Debtors[1] | |

**RESPONSE TO THE OMNIBUS OBJECTION OF THE COMMONWEALTH OF PUERTO RICO TO CLAIMS FILED BY CREDITOR**

**TO THE HONORABLE COURT:**

Comes Now Jorge Rafael Eduardo Collazo Quinones ("Collazo"), through its undersigned counsel, and respectfully responds to the three hundred eighty-eighth omnibus objection (substantive) of the Commonwealth of Puerto Rico to claims filed by Collazo (the "Objection"), as follows:

## I. INTRODUCTION

1. On May 3, 2017 and May 21, 2017, the Financial Oversight and Management Board for

---

[1] The Debtors in the Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Puerto Rico (the "Oversight Board") respectively issued restructuring certifications pursuant to section 315(b) of the Puerto Rico Oversight, Management and Economic Stability Act ("PROMESA"), for the filing of voluntary petitions for relief on behalf of the Commonwealth of Puerto Rico (the

"Commonwealth") and the Employees Retirement System of the Commonwealth of Puerto Rico ("ERS") and together with the Commonwealth (the "Debtors"), pursuant to PROMESA section 304(a), commencing cases for the Debtors under Title III of PROMESA, as to which on June 29, 2017, the Court entered an order granting their joint administration for procedural purposes only (**ECF No. 1537**).

2. On May 18, 2018 the Appearing party file his proof of claim under the number 167769 with all the proper and sustaining documents.

3. Debtor file an Omnibus Objection to this claim, was notify properly and timely, before the expiration of the bar date as per ORDER of this Court.

4. The above mention claim was not amendment neither was duplicated.

5. Debtors contend that Collazo claims should be disallow.

6. Debtor want to use a privet property that belong to Collazo without proper indemnification, against the Taking Clause of the Fifth Amendment of the US Constitution.

## There is no difference between types of "taking" claims and none of them can be discharged:

7. The Takings Clause of the Fifth Amendment mandates that "private property [shall not] be taken for public use, without just compensation."[1] This amendment is applicable to the Commonwealth of Puerto Rico.[3] There is no controversy in that regard, and the FOMB does not contest this. But the FOMB would have the Court believe that there are different types of takings that maybe treated differently.

Nowhere in any case cited by the FOMB is there a distinction between different types of government takings, *to wit* between: (i) classic taking claim (takes the property and deposits funds), (ii) deficiency takings claim (deposits insufficient funds), (iii) inverse condemnation claim (taking property without any payment or impairs the use of a property) or (iv) a regulatory taking claim (a regulation that

---

[2] U.S. Const. amend. V.
[3] *See* Tenoco Oil Co., Inc. v. Department of Consumer Affairs, 876 F.2d 1013, 1017 n. 9 (1st Cir. 1989). *See also* J. Torruella concurring opinion in Fideicomiso de la Tierra del Caño Martín Peña v. Fortuño, 604 F.3d 7, 20 n. 11 (1st Cir. 2010).

8

impairs the property rights of a citizen). In fact, the Detroit Court ruled "*[a]lthough [the taking] claims differ in their procedural postures, the distinction is irrelevant here as both suits seek just compensation.*"[4]

While it is clear that a taking has occurred when the government takes private land for its own use, the Supreme Court has recognized that other government actions which affect the use of private property constitute a taking.[5] These limitations imposed upon private property are known as "regulatory takings".[6] Notwithstanding, under the FOMB's rational, only those who received some prior compensation for their property (a classic taking) will be fully compensated under the plan.6 If the Commonwealth did not deposit enough funds in the Court of First Instance to provide "just compensation" (deficiency taking claims) or simply did not provide compensation (as is the case of reverse condemnation actions and regulatory takings), then the claims can somehow be discharged. The FOMB does not provide a rationale for this, except to state that these claims are "unsecured". (See, Dkt.18,874, at p. 46). Even if the claims are simply unsecured, and they are ot, they are still constitutionally protected by the Fifth Amendment.7

**WHEREFORE**, it is respectfully requested that proofs of claim number 167679 be granted in the amount of $2,200,000.00 with any further remedy that could be deem by law.

---

[4] In re City of Detroit, 524 B.R. 147, 267 (E.D. MI. 2014)
[5] Palazzolo v. Rhode Island, 533 U.S. 606, 617 (2001).
[6] Id.34edfcde

8

**CERTIFICATE OF SERVICE**: I hereby certify that on this date, I electronically filed the foregoing motion with the Clerk of the Court using the EM/ECF system, which will send a notification to all attorneys of record.

San Juan, Puerto Rico, this 19th day of November, 2021

<u>s/CARLOS FERNANDEZ-NADAL</u>
**USDC-PR 209208**
818 Hostos Ave. Ste. B
Ponce. PR 00716
Tel.787-848-4612
Fax: 787-395-7906
E-mail carlosfernandez@cfnlw.com

9