IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br>　　　　　　　　　　Debtors.[1] | PROMESA Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**ECF Nos. 19282, 19283, 19300, 19301 and 19302** |

# REPLY OF UNITED STATES OF AMERICA IN SUPPORT OF MOTION FOR ENLARGEMENT OF TIME

The United States hereby files this reply in support of its *Acknowledgement of Constitutional Challenges, Notice of Potential Participation, and Motion for Enlargement of Time* (ECF No. 19282) (the "Motion") and in accordance with the Court's *Order Regarding Acknowledgement of Constitutional Challenges, Notice of Potential Participation, and Motion for Enlargement of Time by the United States of America* (ECF No. 19283) (the "Order").

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284) (Last Four Digits Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686).  (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).  (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

The Oversight Board and the Initial PSA Creditors filed responses that oppose the enlargement of time requested in the Motion (ECF Nos. 19300 and 19301).[2] Neither presents an argument that the United States has failed to demonstrate cause justifying the requested enlargement.

Based upon its review of the docket in this case, the United States has identified seven, separate creditors who have filed objections to the Oversight Board's *Modified Eighth Amended Title III Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (ECF No. 19184) (the "Plan") that raise challenges to the constitutionality of either PROMESA or the Bankruptcy Code. They are as follows:

- Sucesión Pastor Mandry Mercado (ECF Nos. 17998);
- PFZ Properties, Inc. (ECF No. 18418);
- Arthur Samodovitz (ECF No. 18433);
- Finca Matilde, Inc. (ECF No. 18566);
- Peter C. Hein (ECF No. 18575);
- Suiza Dairy Corp. (ECF No. 18593); and
- the Credit Unions (ECF No. 18594) (collectively, the "Objections").

A violation of the Takings Clause is the most frequently cited constitutional challenge in the Objections, but in aggregate, the Objections appear to pose six, distinct constitutional challenges to either PROMESA or the Bankruptcy Code. Both the number of creditors posing challenges and the challenges themselves necessitate sufficient time for the United States to consider each and

---

[2] Cooperativa de Ahorro y Crédito Abraham Rosa, Cooperativa de Ahorro y Crédito de Ciales, Cooperativa de Ahorro y Crédito de Rincón, Cooperativa de Ahorro y Crédito Vega Alta, Cooperativa de Ahorro y Crédito Dr. Manuel Zeno Gandía, and Cooperativa de Ahorro y Crédito de Juana Díaz (the "Credit Unions") filed a *Motion in Compliance with Order Regarding Acknowledgement of Constitutional Challenges, Notice of Potential Participation, and Motion for Enlargement of Time by the United States of America* (ECF No. 19302) (the "Motion in Compliance") stating that the Credit Unions do not oppose the United States' requested enlargement of time but expressly reserving their right to respond to the United States' determination of whether to defend the constitutionality of PROMESA and the Bankruptcy Code. *Mot. in Compliance* at ¶¶ 5 and 6.

decide whether to defend against those challenges and if so, present its views to the Court. And as stated in the Motion, the Solicitor General determines, in consultation with involved agencies, whether to defend, 28 C.F.R. § 0.21; a determination made in conjunction with the Solicitor General's other required duties, 28 C.F.R. § 0.20. The requested enlargement is forty-nine days from December 13, 2021, to January 31, 2021. The United States submits that is a reasonable request given not only the number of challenges but the complexity of the Plan as well.

The Oversight Board contends no enlargement is warranted because, in its estimation, the Court will reject the challenges. ECF No. 19301 at ¶¶ 2-6 (predicting the Court will not rule PROMESA unconstitutional because, even if a takings did occur, the objectors have a right to just compensation against the United States under the Tucker Act) and 7 (asserting Mr. Hein's challenges are insufficiently developed to warrant an enlargement of time to consider them).[3] That contention does not address, however, whether the United States has shown cause for an enlargement but rather, whether the challenges are meritorious – the very question on which the United States has a statutory right to be heard. 28 U.S.C. § 2403(a); *see Oklahoma ex rel. Edmonson v. Pope*, 516 F.3d 1214, 1216 (10th Cir. 2008) ("The certification requirement protects the public interest by ensuring that the Executive Branch can make its views on the constitutionality of federal statutes heard."). As discussed above, the United States submits that it has shown cause for the requested enlargement.

The Oversight Board and the Initial PSA Creditors also assert that granting the enlargement would unduly delay, or even jeopardize, the Plan and the Debtors' reorganization. ECF No. 19301 at ¶ 8; ECF No. 19300 at ¶¶ 5 (noting deadlines in plan support agreements) and 8. The United States acknowledges the Court's and the parties' tremendous time and effort to bring this

---

[3] The Initial PSA Creditors make a similar argument with respect to Mr. Hein's claims (ECF No. 19300 at ¶¶ 7-8).

extraordinarily complex case to a potential resolution. The United States has requested, however, an enlargement of forty-nine days; this case has been pending for 1,661 days. Given that, this modest enlargement will not cause undue delay or jeopardize the Debtors' reorganization. Indeed, the United States respectfully submits that granting the enlargement will permit reasoned consideration of the challenges thereby upholding the requirement of section 2403(a) to permit the United States to be heard and adding further legitimacy to whatever decision the Court makes with respect to confirmation.

      For all the foregoing reasons and those cited in the Motion, the United States respectfully requests that the Court grant the requested enlargement of time.

This 19th day of November 2021.

Respectfully submitted,

BRIAN BOYNTON
Acting Assistant Attorney General

W. STEPHEN MULDROW
United States Attorney

/s/ Matthew J. Troy
RUTH A. HARVEY
MICHAEL J. QUINN
MATTHEW J. TROY
USDC-PR # G02707
Attorneys, Civil Division
U.S. Department of Justice
P.O. Box 875
Ben Franklin Station
Washington, D.C. 20044
(202) 514-9038 (o)
(202) 307-0494 (f)
matthew.troy@usdoj.gov

*Attorneys for the United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of November 2021, I caused a true and correct copy of the foregoing *Reply of United States of America in Support of Motion for Enlargement of Time* to be filed with the Clerk of the Court using the CM/ECF system which will generate electronic notification to all CM/ECF participants in these cases.

<u>/s/ Matthew J. Troy</u>
Matthew J. Troy