# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-03283 (LTS)<br><br>(Jointly Administered)<br><br>**Re: ECF No. 19173, 19306** |

## JOINDER OF RETIREE COMMITTEE TO RESPONSE OF OVERSIGHT BOARD TO INFORMATIVE MOTION OF GOVERNOR AND AAFAF REGARDING MODIFICATIONS TO PENSION RESERVE TRUST FUNDING MECHANISM

To the Honorable United States District Judge Laura Taylor Swain:

The Official Committee of Retired Employees of Puerto Rico (the "**Retiree Committee**") hereby joins the *Response of Oversight Board to Informative Motion of Governor and AAFAF Regarding Modifications to Pension Reserve Trust Funding Mechanism* [Dkt. 19306].

1. The Oversight Board's response gets the issue exactly right: having fought for the right to keep its promise to pensioners and pay all accrued pension benefits, the Government now

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

seeks to revert to a framework where those benefits are put at risk because adequate resources have not been allocated to fulfill the promise. This is unacceptable.

2. Section 201(b)(1)(C) of PROMESA, which is oft-cited by the Government, requires that a certified fiscal plan (and, ultimately, by extension under Section 314(b)(7), the Plan of Adjustment) "provide adequate funding" of pensions, not "provide hollow promises of adequate funding." Section 201(b)(1)(F) also requires that a certified fiscal plan (and, again, by extension, a Plan of Adjustment) "improve fiscal governance, accountability, and internal controls". And proper fiscal governance, discipline, and accountability is precisely what the Oversight Board's modified funding mechanism for the Pension Reserve Trust is intended to create.

3. The Government's track record on managing its pension systems is, to put it plainly, abysmal. And while the story behind that fact is long and complicated, an overarching theme is that the Government consistently made promises to the public but failed to take the steps necessary to ensure that the Government would have the resources to meet those promises. An adequately funded Pension Reserve Trust is therefore an absolute necessity to help ensure that the Government can and will meet its pension obligations under the Plan.

4. While the Government should be commended for achieving Plan modifications that eliminate any reduction in accrued retiree pension benefits, the Government cannot then complain when the Oversight Board takes reasonable steps to ensure those benefits actually will be paid as promised. To do otherwise—to promise the benefits but not plan appropriately for their cost— would be to retreat to the pre-PROMESA approach to pensions. But history shows that road leads to a hopelessly insolvent pension system that hurts the well-being of the very citizens the system is intended to protect. For this reason, and the additional reasons laid out by the Oversight Board,

no changes should be made to the Plan's proposed modified funding formula for the Pension Reserve Trust.

Dated: November 19, 2021

| JENNER & BLOCK LLP | BENNAZAR, GARCÍA & MILIÁN, C.S.P. |
|---|---|
| By: | By: |
| */s/ Robert Gordon* | */s/ A.J. Bennazar-Zequeira* |
| Robert Gordon (admitted *pro hac vice*) | A.J. Bennazar-Zequeira |
| Richard Levin (admitted *pro hac vice*) | Héctor M. Mayol Kauffmann |
| 919 Third Ave | Francisco del Castillo Orozco |
| New York, NY 10022-3908 | Edificio Union Plaza, |
| rgordon@jenner.com | 1701 Avenida Ponce de León #416 |
| rlevin@jenner.com | Hato Rey, San Juan |
| 212-891-1600 (telephone) | Puerto Rico 00918 |
| 212-891-1699 (facsimile) | ajb@bennazar.org |
|  | hector.mayol@bennazar.org |
| Catherine Steege (admitted *pro hac vice*) | francisco.delcastillo@bennazar.org |
| Melissa Root (admitted *pro hac vice*) | 787-754-9191 (telephone) |
| Landon Raiford (admitted *pro hac vice*) | 787-764-3101 (facsimile) |
| 353 N. Clark Street |  |
| Chicago, IL 60654 | *Counsel for The Official Committee of Retired Employees of Puerto Rico* |
| csteege@jenner.com |  |
| mroot@jenner.com |  |
| lraiford@jenner.com |  |
| 312-222-9350 (telephone) |  |

3