# EXHIBIT M



# FINANCIAL OVERSIGHT & MANAGEMENT BOARD
## FOR PUERTO RICO

David A. Skeel, Jr.
Chair

Members
Andrew G. Biggs
Arthur J. González
Antonio L. Medina
John E. Nixon
Justin M. Peterson
Betty A. Rosa

Natalie A. Jaresko
Executive Director

**BY ELECTRONIC MAIL**

November 16, 2021

The Honorable Pedro Pierluisi
Governor of Puerto Rico

The Honorable José Luis Dalmau
President of the Senate of Puerto Rico

The Honorable Rafael Hernández
Speaker of the House of Representatives of Puerto Rico

**Re: Senate Joint Resolution 171**

Dear Governor Pierluisi, President Dalmau, and Speaker Hernández:

We write concerning Senate Joint Resolution 171 ("SJR 171" or the "Joint Resolution"). We understand the Joint Resolution has been approved by the Legislature and, if Governor Pierluisi signs it, it will become law.

The Joint Resolution requires the implementation of the first stage of the Incentivized Retirement Program created under Act 80-2020 ("Act 80"), even though implementation of Act 80 has been suspended by agreement because (i) the Act is significantly inconsistent with the certified Fiscal Plan and (ii) the Act impairs or defeats the purposes of PROMESA, as determined by the Oversight Board. For those reasons, on November 20, 2020, at a public meeting of the Oversight Board, the Oversight Board directed the Governor and AAFAF not to implement Act 80 until an agreement is reached with the Oversight Board concerning Act 80. At that meeting, the Oversight Board was prepared to authorize litigation in the Title III Court against the Governor and AAFAF to prevent the implementation of Act 80 (as well as Acts 81 and 82) and to nullify the law. In response, AAFAF confirmed at the November 20, 2020 public Board meeting that it would not implement Act 80 until an agreement is reached with the Oversight Board concerning the Act. This agreement was memorialized in the Oversight Board's November 23, 2020 letter to AAFAF.

Subsequently, the Oversight Board and Commonwealth Government have engaged in extensive discussions for the last year to determine if an economically responsible path toward

Governor Pierluisi, President Dalmau, Speaker Hernández
November 16, 2021
Page 2 of 3

implementation of Act 80 is possible, consistent with the Fiscal Plan. While AAFAF has sought to identify sufficient savings to cover AAFAF's estimates of the additional costs, its proposals to date fail to do so.

On April 1, 2021, AAFAF sent a letter to the Oversight Board detailing the specific agencies and municipalities AAFAF had concluded would generate savings by implementing Act 80. On June 7 and 8, 2021, the Government and the Oversight Board met to discuss the Government's analysis. Following those meetings, the Oversight Board sent a letter to the Government dated June 22, 2021 and reiterated that "it does not consent to the implementation of Act 80 at this time." However, the Oversight Board's letter also acknowledged the possibility of limited implementation of Act 80, provided that certain conditions and restrictions are met, including amending the Act (i) to apply only where "implementation will generate savings incremental to the applicable Fiscal Plans" and (ii) to provide that "all benefits payable under Act 80 will be sourced through PayGo rather than payroll." The Government never responded to the Oversight Board's June 22, 2021 letter.

Despite the foregoing indisputable facts, including a specific agreement between the Government and the Board that the Government *will not implement Act 80 unless and until the Oversight Board agrees,* the Government appears poised to breach its agreement with the Oversight Board and violate PROMESA §§ 204(a) and 108(a)(2). Indeed, the Joint Resolution orders the Executive Director of the Office of Management and Budget and the Executive Director of the Retirement Systems Administration to take all necessary measures to implement Act 80 and to require agencies, public corporations, and eligible municipalities to implement Act 80 for non-essential government employees.[1] The Joint Resolution requires that such actions be taken within 30 business days of its enactment.[2]

The Joint Resolution attempts to force implementation without the fiscal safeguards needed to ensure Act 80 is not significantly inconsistent with the Fiscal Plan and can be implemented in a manner the Commonwealth can afford. As of the date of this letter, Act 80 has not been amended to reflect the changes described in the Oversight Board's June 22, 2021 letter,[3] nor have the Oversight Board and the Government reached agreement on any other restrictions and conditions necessary for partial or complete implementation of Act 80.

The Oversight Board reminds you that Act 80 impairs and defeats the purposes of PROMESA. Accordingly, enacting and signing the Joint Resolution is expressly barred by § 108(a) and your doing so would be an intentional violation. Enactment would also violate other provisions of

---

[1] SJR 171 § 1.

[2] SJR 171 § 2.

[3] The Joint Resolution's Statement of Motives acknowledges the Oversight Board and AAFAF's prior correspondence regarding Act 80, but disagrees that amendments to Act 80 are necessary for partial implementation. The Oversight Board reiterates such amendments are necessary, but not sufficient, to resolve the Oversight Board's concerns with Act 80's implementation.

Governor Pierluisi, President Dalmau, Speaker Hernández
November 16, 2021
Page 3 of 3

PROMESA, because it would mandate implementation of a law significantly inconsistent with the Fiscal Plan.

If the Governor or the Legislature insists on attempting to implement Act 80, the Oversight Board reserves its rights, including those under PROMESA §§ 104(k), 108(a), and 204, to take such actions it deems necessary, including seeking sanctions and remedies to prevent implementation and enforcement of Act 80 and SJR 171 and having such laws nullified. We hope such actions will be unnecessary.

The Oversight Board looks forward to continuing to work together for the benefit of the people of Puerto Rico.

Sincerely,

*Natalie A. Jaresko*

Natalie A. Jaresko

CC: Mr. Omar Marrero Díaz

Attachments:

Letter from the Oversight Board to AAFAF dated June 22, 2021