**UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>   Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

**THE PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY'S STATEMENT REGARDING THE RESPONSE OF THE OVERSIGHT BOARD TO THE INFORMATIVE MOTION REGARDING MODIFICATIONS TO PENSION RESERVE TRUST FUNDING MECHANISM**

To the Honorable United States District Judge Laura Taylor Swain:

The Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), through undersigned counsel, hereby submits this statement regarding the *Response of Oversight Board to Informative Motion of Government and AAFAF Regarding Modifications to Pension Reserve Trust Funding Mechanism*, filed on November 18, 2021 [ECF No. 19306] (the "Response"), and respectfully state as follows:[2]

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 847), (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747), and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523 (LTS)) (Last Four Digits of Federal Tax ID: 3801).

[2] Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Response.

1. The Board's Response is reflective of its view that it is embodied with the power to set Commonwealth public policy. It is not. The Oversight Board has a long history of trying to wrest control of the Government's day-to-day functions and policymaking, despite Congress's express reservation of these powers to the Government. *See* PROMESA § 303; 48 U.S.C. § 2163.

2. The Government was optimistic that we had moved beyond these issues at this late stage in the Title III proceedings, but the Board's flurry of last minute power grabs has made it abundantly clear that we have not. Over the past two weeks, the Board has sought to introduce several material changes to the Plan and Confirmation Order that alter the careful balance of power Congress struck in enacting PROMESA. These eleventh-hour changes include:

- *First*, the Board dramatically altered the mechanism for funding the Pension Reserve Trust for the next 10 years based on projections that may or not manifest;[3]

- *Second*, the Board added a material term to the proposed Confirmation Order's paragraph 62, which impermissibly restricts the Government's sovereignty by enjoining the Government from implementing existing legislation, or enacting new legislation, related to defined benefit plans accruals and cost of living adjustments for Government employees;[4] and

- *Third*, the Board announced it was adding several additional Commonwealth statutes (namely, Act 80, 81 and 82) to the list of laws purportedly preempted by the Plan, effectively seeking to bypass PROMESA section 204 and the well-established process for invalidating newly enacted Commonwealth laws (which

---

[3] *See generally Informative Motion Regarding Modifications to Pension Reserve Trust Funding Mechanism* [ECF No. 19173].

[4] *See Notice of Filing of Revised Proposed Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al*. [ECF No. 19118], Exhibit A at ¶ 62.

2

process guarantees the Government the right to access the judicial system to defend its laws under the standards that this Court has articulated in past proceedings).[5] The Board made all of these changes unilaterally; not at the insistence of any creditor constituency or in response to a Plan objection. To make such changes—after solicitation and without any input from the elected Government—to a plan of adjustment that will impact the lives and well-being of Puerto Ricans for years to come, even after the Board is terminated, is impetuous.

3. The Government also does not need to be lectured by the Board as to the importance of securing and protecting the rights of pensioners. The Government has been the greatest champion of public sector retirees at every stage of these proceedings. Had the Board removed the unnecessary and callous pension cuts long ago (which the Government insisted upon for the last 4.5 years) the Board would not be in the position it is today. Indeed, all retiree classes voted against the Plan because of years of announcements that there would be cuts to their hard-earned pensions. Despite the ultimate elimination of the cuts, that apprehension still exists among retirees, as the Court heard firsthand in last week's public statements. It should have been clear when the first plan was filed that there would be no cuts to pensions. It is more than unfortunate that even at this late date, there are retirees who believe they are having their monthly benefits cut. And with respect to funding the Pension Reserve Trust, had the Board not unnecessarily waited 4.5 years to remove the pension cuts, the Government and Board could have had a thoughtful dialogue on the funding of the Trust which would not involve the Board's positions being imposed on the Government at the last minute.

---

[5] *See The Puerto Rico Fiscal Agency and Financial Advisory Authority's Objection to the Inclusion of Acts 80, 81 And 82 on Exhibit C to the Revised Proposed Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of The Commonwealth of Puerto Rico, et al.* filed concurrently herewith.

4. The Government fervently believes that now is the time to end the Commonwealth's Title III case without additional delay. However, the Government cannot stand by silently while the Board tries to impose its public policy initiatives on the people of Puerto Rico far after it is gone through changes to the Plan made on the eve of confirmation. This is not reflective of the collaborative process envisioned by PROMESA (or the good faith exhibited by the parties up until the confirmation process commenced) and should not be permitted.

[*Remainder of page intentionally left blank*]

Dated: November 20, 2021
San Juan, Puerto Rico

Respectfully submitted,

| **O'MELVENY & MYERS LLP** | **MARINI PIETRANTONI MUÑIZ LLC** |
|---|---|
| */s/ John J. Rapisardi* | */s/ Luis C. Marini-Biaggi* |
| John J. Rapisardi | Luis C. Marini-Biaggi |
| Peter Friedman | USDC No. 222301 |
| Maria J. DiConza | Carolina Velaz-Rivero |
| Matthew P. Kremer | USDC No. 300913 |
| (Admitted *Pro Hac Vice*) | 250 Ponce de León Ave., Suite 900 |
| 7 Times Square | San Juan, Puerto Rico 00918 |
| New York, NY 10036 | Tel: (787) 705-2171 |
| Telephone: (212) 326-2000 | Fax: (787) 936-7494 |
| Facsimile: (212) 326-2061 | |
| Email: jrapisardi@omm.com | *Attorneys for the Puerto Rico Fiscal Agency* |
|       pfriedman@omm.com | *and Financial Advisory Authority* |
|       mdiconza@omm.com | |
|       mkremer@omm.com | |
| | |
| *Attorneys for the Puerto Rico Fiscal Agency* | |
| *and Financial Advisory Authority* | |