

# Confirmation of Title III Plan of Adjustment for the Commonwealth of Puerto Rico, Puerto Rico Public Buildings Authority, and Employees Retirement System of the Government of the Commonwealth of Puerto Rico

---

RESPONSES TO COURT'S INQUIRIES

November 22, 2021

1

# Responses to Court's Inquiries



Debtor's Ex. 30 (ECF No. 18794-10), page 3

2

# Responses to Court's Inquiries



Exhibit 1, Gaurav Supplemental Declaration

3

# Responses to Court's Inquiries

> 1.487 **TRS Participant Claim:** A Claim on account of being or having been a Participant in TRS for (a) retiree benefits accrued as of May 3, 2017, and (b) any right to accrue additional retiree benefits in TRS from and after the Effective Date.

Modified Eighth Amended Plan [ECF No. 19323], § 1.487, page 60

# Responses to Court's Inquiries

55.9 **Treatment of Active TRS Participant Claims (Class 51I):**

(a) Treatment.

(i) Each holder of an Allowed Active TRS Participant Claim shall be entitled to receive on account of such Allowed Active TRS Participant Claim ==(i) his or her, as applicable, benefits that accrued as of May 3, 2017, without adjustment for any Monthly Benefit Modification, as applicable, and the terms set forth on Exhibit "F-1" hereto, but shall be subject to the elimination of any cost of living adjustments from and after the Effective Date, and (ii) such additional benefits for service on or after May 4, 2017, in respect of a freeze of pension benefits to be imposed as of the Effective Date as set forth on the term sheet attached as Exhibit "F-1" hereto, as applicable, to such holder of an Allowed Active TRS Participant Claim, including the social security benefits defined therein;== provided, however, that, notwithstanding the foregoing, retirement benefits of teachers hired on or after August 1, 2014 shall not be subject to freeze or reduction in accordance with the terms and provisions of the Plan.

(ii) Notwithstanding the terms and provisions of Section 55.9(a)(i) hereof, in the event that, on or prior to September 30, 2021, AMPR (A) notifies the Oversight Board, in writing, that the terms set forth in the term sheets annexed hereto as Exhibit "F-2" have been ratified, and (B) executes a plan support agreement with, among others, the Oversight Board, on behalf of the Commonwealth, that incorporates the terms set forth on Exhibit "F-2" hereto, each holder of an Allowed Active TRS Participant Claim shall be entitled to receive on account of such Allowed Active TRS Participant Claim (1) his or her benefits that accrued as of May 3, 2017, without adjustment for any Monthly Benefit Modification and the terms set forth on Exhibit "F-2" hereto, but shall be subject to the elimination of any cost of living adjustments from and after the Effective Date, (2) such additional benefits for service during the period from and after May 4, 2017, in respect of a freeze of pension benefits to be imposed as of the six (6) month anniversary of the Effective Date as set forth on the term sheet attached as Exhibit "F-2" hereto, as applicable, to such holder of an Allowed Active TRS Participant Claim, including the social security benefits defined therein, and (3) the benefits of the terms of a new collective bargaining agreement and all other terms as set forth on the term sheet attached hereto as Exhibit "F-2", in which case any existing collective bargaining agreement(s) with AMPR shall be deemed rejected pursuant to section 365(a) of the Bankruptcy Code. Without limiting the foregoing, on or as soon as reasonably practicable from and after the Effective Date, the Active TRS Participants shall receive the additional payments and distributions as set forth on Appendix II to Exhibit "F-2" hereto. Notwithstanding the forgoing, retirement benefits of teachers hired on or after August 1, 2014 shall not be subject to freeze or reduction in accordance with the terms and provisions of the Plan.

(b) Rejection. To effectuate the freeze of the contractual rights of Active TRS Participants to accrue pension benefits under Puerto Rico law as set forth on Exhibit "F-1" or "F-2" hereto, as applicable, the contractual obligations of the Commonwealth to accrue such benefits, including, without limitation, pursuant to the statutes set forth in Part III of Exhibit "K" hereto, shall be deemed rejected pursuant to section 365(a) of the Bankruptcy Code.

(c) Preemption. All provisions of the Commonwealth Constitution, Commonwealth statutes, including, without limitation, the statutes set forth in Part III of Exhibit "K" hereto, executive orders, rules, regulations, and policies in effect as of the Confirmation Date that create, require, or enforce employee pension and other benefits that are modified and/or preserved in whole or in part herein, to the extent inconsistent with the treatment of Allowed Active TRS Participant Claims hereunder, are preempted as inconsistent with PROMESA.

(d) Payroll Deductions. As further consideration to assure Active TRS Participants' future contributions and benefits, such Participants shall have his, her or their payroll deductions for contributions to the Participant's individual accounts under Act 106 deposited into such accounts as soon as reasonably possible, but in no event later than the fifteenth (15th) day of the month following the month in which the contributions were deducted from such Participant's payroll distribution.

Modified Eighth Amended Plan [ECF No. 19383], § 55.9, page 97-99

# Takings Clause Authorities



> Both circuit courts to decide the precise issue before the court have held that takings clause claims can be impaired and discharged without the payment of full compensation.
> *Cobb v. City of Stockton (In re City of Stockton)*, 909 F.3d 1256, 1268-69 (9th Cir. 2018) (rejecting proposition that "[Cobb's] monetary claim [for "just compensation"] has protected status because it was originally founded as a constitutional claim."); *Poinsett Lumber & Mfg. Co. v. Drainage Dist.*, 119 F.2d 270, 272-73 (8th Cir. 1941) (rejecting contention "that appellant's claim for damages is invested with a constitutional sanctity beyond other forms of liability such as indebtedness for bonds and similar claims; that it is entitled under the constitution of Arkansas and the Constitution of the United States to 'just compensation' for its injury; that its claim is not subject to be adjusted in a composition proceeding under the Act; and that it is entitled of right to payment dollar for dollar for the damage which it has sustained for the taking of its land.").

*Poinsett Lumber & Mfg. Co. v. Drainage Dist. No. 7 of Poinsett Cty.*, 119 F. 2d 270, 272 (8th Cir. 1941).

# Takings Clause Authorities



> Supreme Court case law is clear takings clause claims can be barred by statutes. Specifically, the Supreme Court has held that takings clause claims for just compensation can be barred by a statute of limitations just like any other claim. . . . *Block v. North Dakota*, 461 U.S. 273, 292 (1983) ("A constitutional claim can become time-barred just as any other claim can . . . Nothing in the Constitution requires otherwise."); *Davis v. United States*, 481 Fed. Appx. 145, 149 (5th Cir. 2012) (statutes of limitations barring constitutional claims "have long been upheld as constitutional."); *Stone Container Corp. v. U.S.*, 229 F.3d 1345, 1350 (Fed. Cir. 2000) ("Both the Supreme Court and this court have repeatedly held that the federal government may apply statutes of limitations to just compensation claims.").

If such claims can be barred by a statute of limitations, there is no reason why they cannot be barred by a bankruptcy statute which discharges such claims. If anything, it is even clearer that a bankruptcy statute can discharge such claims, as Congress is specifically empowered to enact bankruptcy laws by U.S. Const., Art. I, § 8.

7