UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**SUPPLEMENTAL DECLARATION OF JAY HERRIMAN IN RESPECT
OF CONFIRMATION OF MODIFIED EIGHTH AMENDED TITLE III JOINT PLAN
OF ADJUSTMENT OF THE COMMONWEALTH OF PUERTO RICO, *ET AL.*__**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

I, Jay Herriman, hereby declare and state as follows:

1. I am a Managing Director of Alvarez & Marsal North America, LLC ("A&M"). The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative of the Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA," and together with the Commonwealth and ERS, the "Debtors"), retained A&M to assist with, *inter alia*, the claims reconciliation process for the Debtors' cases filed pursuant to the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA").

2. I received my Bachelor's degree in Computer Information Systems from Baker University. I have over twelve years of restructuring experience advising on dozens of chapter 11 proceedings regarding a range of issues, including: pre-bankruptcy preparation and case administration, mortgage lien analyses, schedules and statements preparation, claims reconciliation and objections, complex claims waterfall estimates, solicitation for plans of reorganization, management reporting, emergence processes, plan disbursements, post-confirmation trust activities and preference and fraudulent conveyance calculations. Personally, I have participated in the claims reconciliation process for over 25 company-side engagements. My background and experience is set forth in more detail in my initial declaration [Case No. 17 BK 3283, ECF No. 18732] (the "Initial Declaration") filed in respect of the *Seventh Amended Title III Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [Case No. 17 BK 3283, ECF No. 17627] (the "Seventh Amended Plan").

3. I submit this declaration in respect of the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [Case No. 17 BK 3283, ECF No. 19323] (together with all exhibits, and as amended, modified, and supplemented, the "Plan"), and

2

to discuss the amount of Takings Clause-related claims asserted against the Debtors. To the extent any capitalized terms are used but not defined herein, such terms shall have the meanings ascribed to them in the Plan.

4. My statements set forth in this Supplemental Declaration are based on my personal knowledge except where I reference specific documents or communications as the basis of my statements. In those instances where I reference a specific document or communication, I am not offering the documents to prove the truth of the content in those documents, or, I am informed, the document is otherwise admissible because, for instance, it is a self-authenticating public record or can be otherwise authenticated and shown to be admissible. Where my Supplemental Declaration provides opinion testimony, in addition to the above, the opinions set forth herein are based on (i) my understanding of information shared with me by other members of the A&M team working directly with me or under my supervision and direction; (ii) information provided by the Oversight Board and its advisors, and other interested parties and their respective advisors concerning the restructuring, and/or (iii) my experience in the industry as described above and in my Initial Declaration.

5. As pertinent to this Supplemental Declaration, I continue to be familiar with and to manage and lead a team that is responsible for, among other things, (i) reviewing, analyzing, and categorizing each of the proofs of claim filed against the Debtors, and (ii) providing ongoing claim estimates, including estimates of the anticipated total amount of allowed general unsecured claims.

6. On October 25, 2021, I submitted my Initial Declaration. The Initial Declaration set forth, among other things, the anticipated allowed amount of general unsecured claims against each of the Debtors, based on the analysis conducted by myself and my team. Here, I supplement my Initial Declaration to provide additional information regarding claims related to the Takings

Clause, except for Takings Clause-related claims that arise out of the purchase, sale, or holding of bonds (if any).

7. I have been asked to assume that the following types of claims may relate to the Takings Clause: (1) claims arising from or relating to an Eminent Domain Proceeding, which is a condemnation action or proceeding commenced prepetition by the Commonwealth in the Puerto Rico Court of First Instance (*see* Plan § 1.213); (2) claims asserting that the claimant's property has been inversely condemned, or taken by the Commonwealth without the initiation of a condemnation action or payment of just compensation; and (3) claims asserting regulatory prepetition takings, in which the claimant contends the government has imposed restrictions on the claimant's use of its property that so limit the property's use that the regulation amounts to a compensable taking.

8. As part of A&M's review and analysis of claims pending against the Debtors, my team and I reviewed claims filed against the Debtors to determine whether any claim asserted liabilities arising out of an Eminent Domain Proceeding. I identified 18 claims asserting such proceedings, in a total filed amount of $51,611,266.

9. My team and I also reviewed claims filed against the Debtors to determine whether any claims asserted liabilities arising out of alleged inverse condemnation. I identified 31 claims asserting inverse condemnation, in a total filed amount of $292,575,782.[2]

10. In addition, I understand that one claimant, Suiza Dairy Corporation, asserts its claim, Proof of Claim No. 24708 (the "Suiza Claim"), arises out of a regulatory taking. Based on

---

[2] One of these thirty-one claims purports to assert liabilities of approximately $14 million. However, upon review of the supporting documentation attached to the claim, and discussions with counsel for the claimant, it is my understanding that the claimant intended to assert liabilities in the amount of $1.4 million. I further understand that an amendment to the claim is forthcoming.

4

my review of the Plan, I understand that the Suiza Claim would be deemed allowed as a general unsecured claim in the amount of $45,325,151.22. Plan § 1.190.

11. Accordingly, the total asserted amount of claims asserted to arise out of the Takings Clause, except for claims arising out of the purchase, sale, or holding of bonds, is currently estimated at approximately $390 million plus any unliquidated claim amounts, based on review and reconciliation of claims to date. Because the review and reconciliation of claims asserted against the Debtors remains ongoing, this number may be subject to further revision.

12. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: November 21, 2021
Marco Island, FL

Jay Herriman
Managing Director,
Alvarez & Marsal North America, LLC

6