# **EXHIBIT 7**

[UNOFFICIAL ENGLISH TRANSLATION]

**LANGUAGE ADOPTED IN FINAL VOTE BY THE SENATE
(30 AUGUST 2021)**

---

COMMONWEALTH OF PUERTO RICO

19th Legislative Assembly

2nd Ordinary Session

SENATE OF PUERTO RICO
**S. J. Res. 171**
20 August 2021

Sponsored by Messrs. *Ruiz Nieves, Zaragoza Gómez, Villafañe Ramos, Matías Rosario*
and
Mrs. *Morán Trinidad*

*Co-Sponsored by Mr. Soto Rivera; and Mmes. Padilla Alvelo and Riquelme Cabrera*

*Referred to the Commissions on Government; and Treasury, Federal Affairs, and the Financial Oversight and Management Board.*

**JOINT RESOLUTION**

To order the Office of Management and Budget (OGP) and the Retirement Systems Administration (ASR) to take all necessary measures and require that eligible municipalities, public corporations, and agencies take the corresponding actions, to implement the Early Retirement Program, created under Act 80–2020, known as the "Early Retirement Program and Justice for our Public Servants Act" for the non-essential employees who have been identified at each entity, without impairing the rights of essential employees to avail themselves of said early retirement, once the corresponding analysis and budgetary impact has been completed, in accordance with the reengineering of positions at each entity, and for other related purposes.

**EXPOSITION OF MOTIVES**

It is of great concern and detrimental to the retirement expectations of our public employees, that over one (1) year after the enactment of Act 80-2020, known as the "Early Retirement Program and Justice for our Public Servants Act", its implementation

has not been completed, nor has the consequent retirement of the participants in this program. This is particularly so, given that from the start it had received directions from the Financial Oversight Board (JSF) requesting public information and budgetary impact projects with regard to potential failure to comply with the Certified Financial Plan, in accordance with the PROMESA Federal Law. These statements have resulted in the Government postponing the entry into effect of the early Retirement Program of said Act 80-2020, until it has reached certain understandings with the Board related to the program's scope and impact. This action has deprived thousands of our municipal and Government employees of this retirement window.

Accordingly, through Senate Resolution 32, the Commission on Government of the Senate of Puerto Rico has conducted an exhaustive inquiry into the alternatives and plans that have been implemented or projected by the Government, in order to comply with Act 80-2020, *supra*. To that end, the Commission on Government held four (4) Public Hearings during this current year, on 12 March, 6 April, 14 May, and 8 July of 2021. The hearings were attended by representatives from the following agencies: Office of the Administration and Transformation of Human Resources (OATRH), the Fiscal Agency and Financial Advisory Authority (AAFAF), the Office of Management and Budget (OGP), Department of Labor and Human Resources (DTRH), and the Retirement Systems Administration (ASR). Additionally, communications were received from various public servants and officials of the Government agencies, the Mayor's Association, and Federación de Alcaldes (Federation of Mayors) de Puerto Rico, Inc., as well as affected employees. In other words, there was broad participation from all the components, responsible parties, and potential beneficiaries of this Retirement Program.

Consistent with this process, the Committee on Government filed a First Partial Report on S.R. 32, which was received by this Senate at the Ordinary Session of this last 16 August 2021, whose recommendations include the introduction of a Joint Resolution mandating the implementation of Act 80-2020, *supra,* in a first stage, for the non-essential employees identified at the agencies. In summary, this recommendation arises from the consideration and discussion of this matter, as described in the aforementioned Partial Report, essentially through the processes carried out by OGP, AAFAF, ASR, and

the eligible Government agencies and municipalities, for the identification and qualification of employees who are interested in participating in this early retirement program, pertaining to Act 447 of 15 May 1951, as amended, and Act No. 1 of 16 April, 1990, as amended.

Specifically, this analysis of eligible employees at agencies, public corporations and municipalities, distinguishes between essential and non-essential employees for the operations of the corresponding entity, pursuant to Article 9 of Act 80-2020, *supra,* with regard to vacant positions, recruitment, and determined savings. This is essential, because to authorize the filling of vacant positions of employees who provide essential services, and who choose early retirement, would have a marked impact on the projected savings sought by this measure. Furthermore, eliminating the positions of non-essential employees would translate into immediate payroll savings for the eligible entities of fifty percent (50%) of their salaries.

Specifically, the presentation of the Executive Director of the Retirement Systems Administration (ASR), Lic. Luis M. Collazo Rodríguez, highlighted that in accordance with the forms and applications received on the platform set up by OGP, a total of 10,553 employees availed themselves of the program; of these, the agencies identified 6,564 as essential employees and 3,989 as non-essential employees, as well as the corresponding municipal employees. Thus, this process of the Act 80-2020, *supra,* has been completed for employees who applied for and are eligible to participate in the Retirement Program, for the category of essential or otherwise, with their retirement remaining pending.

It is thus important to highlight that Article 8 of Act 80-2020 sets forth the obligations and duties of the agencies, which include the following: ensuring that participants comply with the established requirements; pay each participate the amount of the lifetime pension of the program (50% of the salary of compensation equivalent to the highest gross annual compensation received during any of the previous three (3) years; payment of the corresponding employer's contribution to the Medical Plan provided by the program ($100.00 monthly); and discontinuation of contributions to the Unemployment Insurance fund of the Department of Labor and Human Resources, and the State Insurance Fund (FSE), as of the date on which the employee enters the

program, among others. Furthermore, Article 10, provides that the Director of the OGP, along with the Administrator of the Retirement Systems (ASR), shall possess all authorities that are necessary or advisable in order to implement it, and, in particular, the authority to require that the agencies take all actions they deem necessary and advisable in order to implement the program; to require from the nominating entities all information that is necessary in order to evaluate the applications; and to prepare the Election Form and establish, by means of a joint Circular Letter, the procedure, terms, and forms to implement the programs and the provisions of this act.

Another essential aspect of this matter is the letter from the Financial Oversight Board (JSF) to Lic. Omar Marrero, Director of AAFAF, dated 22 June 2021, in response to information they had sent to it on 1 April, with regard to the aforementioned Act 80-2020. In general terms, this letter states that any reform of the pension system must restore the financial equilibrium and be backed by payment guaranties, and underscored the point that said Act 80-2020 must not increase the costs of the Financial Certified Plan. ***Likewise, the JSF accepts that this program could lead to savings at agencies and municipalities under certain conditions, even though most of the Government's data reflect an increase in costs***. (Highlighting added)

In detail, the letter sets forth various recommendations and changes to the act in order to make the program feasible, including amending the Act so as to implement it by stages, in order for the Board to be the one authorizing the retirement of employees based on savings to the Financial Plan; that the retirement programs be carried out under the new Pension System, known as "Pay As You Go" under Act 106-2017; that each agency commit to eliminating all positions of retiring non-essential employees, and that new positions not be created for these purposes; and that the Government authorize the Municipal Revenue Collection Center (CRIM) from withholding the allocations municipalities in order to pay the allocations corresponding to the "*Pay As You Go*" System.

With regard to these JSF proposals, we understand that they highlight that Act 80-2020 could be applied in certain scenarios (agencies and municipalities) consistent with the savings parameters of the Certified Financial Plan, which is to say, even though, as they

allege, this would require its implementation by stages, which they believe is not currently allowed by said Act.

Although we agree with the Board's contention that Act 80-2020, can be implemented by stages, we nevertheless disagree with the argument that this action is not allowed under the current structure. To the contrary, the Act precisely establishes different steps or phases for full implementation, such as processes for the eligible employees to apply for participation in the Program, by filling out the Election Forms provided by their employer. Once these completed forms are received, the number of employees who will avail themselves of it will be quantified, and this in turn this will lead to the validation of the projections of the financial impact on the Government Budget, and the action plans or reorganization measures necessary for JSAF's execution of the Fiscal plans. In particular, as we have indicated, this includes the crucial determination of whether the employees are essential or not for the functioning of each eligible municipality, public corporation, or agency, which would allow filling the position of the retired employee classified as essential, which would mean honoring 50% of the highest salary received during the previous three (3) years, in addition to the salary of the replacement employee.

Accordingly, in view of what has been set forth above, we believe it is urgent and legitimate to order the Executive Director of the Office of Management of Budget (OGP), Lic. Juan C. Blanco Urrutia, and the Executive Director of the Retirement Administration System (ASR), Lic. Luis M. Collazo Rodríguez, or their successors, to take such actions as may be required in order to implement the first phase of this Retirement Program for identified non-essential employees whose positions are to be eliminated as they become vacant, according to this act. This is all the more so, since as we have indicated, the JSF's communication to the AAFAF, dated 22 June 2021, accepts that the Early Retirement Program could lead to savings at agencies and municipalities and that partial implementation is feasible, which we so order in this Joint Resolution. We furthermore firmly establish that this measure constitutes an initial step toward Social Justice, consistent with the context and expectations created in our workers in order for them to avail themselves of this early retirement, without impairing the rights of essential employees to avail themselves of this retirement, once the corresponding analysis and

the budgetary impact of the retirement based on the reengineering of positions at the different entities has been completed.

**THE LEGISLATIVE ASSEMBLY OF PUERTO RICO RESOLVES:**

1  Section 1.– The Office of Management and Budget (OGP) and the Retirement
2  Systems (ASR) are ordered to take the necessary measures and require that
3  eligible municipalities, public corporations, and agencies take the
4  corresponding actions to implement the Early Retirement Program, created
5  under Act 80-2020, known as the "Early Retirement Program and Justice for
6  our Public Servants Act" with regard to non-essential employees who have
7  already been identified at each entity. The foregoing is without prejudice to
8  the rights of essential employees also to avail themselves of this early
9  retirement, once the corresponding analysis and the budgetary impact of the
10 retirement based on the reengineering of positions at the different entities
11 has been completed, which shall not exceed a period of sixty (60) days following the adoption of this Joint Resolution.

1  Section 2.- A term of thirty (30) business days is granted to the indicated
2  officials, for execution of what has been ordered herein, and specifically with
3  regard to early retirement of the participants identified as non-essential at
4  the eligible municipalities, public corporations, and agencies, and to submit
5  to the Legislative Assembly, through the respective Clerks of the House and
6  Senate, a detailed report on the criteria and reasoning of each agency in
7  determining the employees who are to be identified as essential or
8  otherwise, and the reengineering of the corresponding positions.
9  Section 3.- This Joint Resolution shall enter into force immediately upon
10 adoption.