UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD OF PUERTO RICO<br><br>*As representative of*<br>THE COMMONWEALTH OF PUERTO RICO, ET ALS.<br><br>*Debtors* | PROMESA<br><br>TITLE III<br><br>No. 17 BK 3283-LTS |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

TO THE HONORABLE COURT:

**COMES NOW** plaintiff, Alex Vargas Segarra, his wife Betsie Seda Collado through their undersigned counsel and very respectfully STATES and PRAYS:

### FACTS

1. On May 3, 2017, Debtor by its representative and pursuant to section 315 of the Puerto Rico Oversight, Management, and Economic Stability Act (hereinafter "PROMESA"), the Financial Oversight and Management Board for Puerto Rico filed a voluntary petition in the United States District Court for the District of Puerto Rico under Title III of PROMESA seeking relief from creditors.

2. Creditor, Alex Vargas (hereinafter "the Estate"), in 2008 filed the present case before the CASP (Comisión Apelativa del Sistema de Administración de Recursos Humanos del Servicio Público), also know as CASARH. Under Case Number 2008-10-0403. The First Instant Court decided to remand the case to CASARH to exhaust all administrative remedies. Due to the CASARH's inaction, plaintiff filed a complaint and injunctive relief for his reinstatement with bac-pay benefits against the Puerto Rico State Police case in the Puerto Rico Court of First

Instance in Mayaguez against Debtors, Alex F. Vargas Segarra, et. als. v. Commonwealth of Puerto Rico, Civil Case Number ISCI2017-01070. (See Exhibit A). The Debtor has filed a motion at the state court requesting the automatic stay of the proceedings pursuant to sections 362(a) and 922(a) of the Bankruptcy Code, as incorporated by reference under section 301(a) of PROMESA.

## APPLICABLE LAW

3. Section 362(d)(1) of the Bankruptcy Code (11 U.S.C. §362(d)(1)) reads as follows:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -- (1) for cause, including the lack of adequate protection of an interest in property of such party in interest ...

4. The Constitution of the Commonwealth of Puerto Rico, P.R. Const. Art. II, § 7, provides that: The right to life, liberty and the enjoyment of property is recognized as a fundamental right of man. The death penalty shall not exist. No person shall be deprived of his liberty or property without due process of law. (Emphasis added).

5. The Fourteenth Amendment of the United States Constitution provides that "nor shall any State deprive any person of life, liberty, or property, without due process of law." (Emphasis added). U.S. Const. amend. XIV. The limitations of the Fifth Amendment also apply, through the Due Process Clause of the Fourteenth Amendment, to takings by state governments.

6. The Supreme Court of the United States has addressed the takings issue in the context of bankruptcy on several occasions, holding each time that the bankruptcy power is limited by the Fifth Amendment. See United States v. Security Indus. Bank, 459 US. 70, 75, 78 (19821; Wright v. Vinton Branch of Mtn. Trust Bank, 300 Us. 440, 456-58 (1937); Louisville Joint Stock Land Bank v. Radford, 295 US. 555, 589 (1935). The protections afforded by the Fifth

Amendment are not abrogated by the Bankruptcy Code. The legislative history of the Bankruptcy Code indicates that the drafters of the Bankruptcy Code considered the Fifth Amendment to be a limitation upon the impairment of property rights in bankruptcy, and current bankruptcy law gives great deference to property rights. Julia Patterson Forrester, Bankruptcy Takings, 51 Fla. L. Rev. 851, 863 (Dec. 1999).

7. The Supreme Court has stated that a Takings Clause violation is defined by two elements: (1) the public taking of private property, and (2) the subsequent denial of just compensation for the (taking. See Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank, 473 Us. 172, 195 n.13, 105 S. Ct. 3108, 87 L. Ed. 2d 126 (1985).

8. Back pay and reinstatement rights must be considered as a taking by the government of creditor's wages without compensation. Section 944(c)(1) of the Bankruptcy Code provides that "the debtor is not discharged under subsection (b) of this section for any debt- (1) excepted from discharge by the plan or order confirming the plan." 11. U.S.C. § 944.

## DISCUSSION OF THE FACTS TO THE APPLICABLE LAW

9. In the case at hand, Mr. Vargas submits that the automatic stay should be modified to allow him to continue with the state court proceedings in order to obtain a determination of just compensation for the taking by debtor of his employment rights through discriminatory measures and omissions. In In re Charlesbank Laundry, 755 F.2d 200, 202 (1st Cir. 1985), further supports the granting of administrative expense priority. In that decision, the First Circuit reasoned that "administrative expense priority for attorney's fees accruing post-petition was warranted under Reading's fairness rationale because the claimants' lives were "adversely affected" by the debtor's continued operation in violation of the pre-petition injunction. Back pay accruing post-petition should be entitled to administrative priority because the lives of the

victims of the discrimination were adversely affected by the debtor's continued failure to offer reinstatement."

10. In In re City of Detroit, supra at 270, the Court stated that courts should avoid "interpreting [a statue] in a manner that would render it clearly unconstitutional ... if there is another reasonable interpretation available" citing Edmond v. United States, 520 Us. 651, 658, 117 S. Ct. 1573, 137 LEd. 2d 917 (1997).

11. If the automatic stay is not lifted and creditor, Mr. Vargas, is deprived of its right to a just compensation and reinstatement of his employment, the two elements of a violation of the Taking Clause obligation as stated by the Supreme Court in Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank, supra · namely (i) the public taking of private property, and (ii) the subsequent denial of just compensation for that taking, would be satisfied.

12. As stated "Absolving the employer of its obligation to issue back pay accruing post-petition as an administrative expense undermines the anti-discrimination laws. It does so by providing employers an incentive not to reinstate discrimination victims, but rather to usurp discriminates to the ranks of the general unsecured creditors who may ultimately obtain only a small fraction of the value of their claims." This thereby guts Title VII's goal of eliminating discrimination in the workplace through voluntary compliance.

13. If this Honorable Court decides, as the Court did in In re City of Detroit, supra, to order the nondischargeability of the Taking Clause claims in the confirmation order to avoid any unconstitutionality issue, it is imperative that the stay be lifted in order for creditor, Mr. Alex Vargas, to obtain a determination of just compensation in the state court case. Creditor, Mr. Vargas then would be able to file a proof of claim with the correct amount owed and seek reinstatement of his employment. Debtor's plan should provide for payment of such claim in order to propose a confirmable plan and avoid any unconstitutionality issue.

**WHEREFORE**, it is respectfully prayed that creditor, the Estate, be granted relief from the automatic stay pursuant to 11 U.S.C. §362(d)(1) as to the Debtor, and to the Estate, to continue the proceedings at the state court civil case number ISCI2017-01070 in order to establish an amount of just compensation, and authorization to continue proceedings from reinstatement before CASARH, with such other and further relief as this Court deems just and proper.

## NOTICE OF COMPLIANCE WITH CASE MANAGEMENT PROCEDURES

I hereby certify that on November 15th, 2021, I sent copy through email of the present Motion for Relief from Stay with the Attachments to the counsel of the Oversight Board Hermann.Bauer@oneillborges.com, and ubaldo.fernandez@oneillborges.com, and counsel for AAFAF dperez@omm.com, to lmarini@mpmlawpr.com and to counsel for PREPA adiaz@diazvaz.law and kbolanos@diazvaz.law. (See evidence attached hereto).

## CERTIFICATE OF SERVICE

I hereby certify that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Office of the United States Trustee and to the attorneys of record.

**RESPECTFULLY SUBMITTED.**

In Ponce, Puerto Rico, this November 22nd, 2021.

*/s/ Juan C Bigas Valedon*
JUAN C BIGAS VALEDON
USDC- PR 215404
PO BOX 7011
PONCE PR 00732-7011
TEL. / FAX: (787) 259-1000
E-mail: jcbigas@yahoo.com

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE MAYAGUEZ

| | |
|---|---|
| VARGAS SEGARRA y su esposa SEDA COLLADO, y la SOCIEDAD LEGAL DE BIENES GANANCIALES compuesta por ambos<br>Demandantes<br><br>VS.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO; POLICIA DE PUERTO RICO y el SUPERINTENDENTE DE LA POLICIA, en su carácter oficial<br>Demandados | Civil Número:<br>ISCI201701070<br>(307)<br><br>SOBRE:<br><br>INJUCTION PRELIMINAR Y PERMANENTE Y DAÑOS Y PERJUICIOS |

## DEMANDA

AL HONORABLE TRIBUNAL:

Comparece la parte demandante por conducto de su representación legal quien suscribe y muy respetuosamente EXPONEN, ALEGAN Y SOLICITAN:

### I. Las Partes

1. Los demandantes Alex F. Vargas Segarra y Betsie Seda Collado son mayores de edad, casados entre sí, propietarios, con dirección residencial y postal en la Urb. Paseo Las Colinas #932, Mayaguez, PR 00680

2. La parte demandada está compuesta por el Estado Libre Asociado de Puerto Rico, Policía de Puerto Rico y Superintendente de la Policía, en su carácter oficial; con dirección física: Ave. Franklin D. Roosevelt 601, Cuartel General, Hato Rey, Puerto Rico; dirección postal: PO Box 70166, San Juan, PR 00936-8166.

### II. Los Hechos

3. El compareciente demandante Alex Vargas Segarra trabajó en la Policia de Puerto Rico desde Marzo de 2001 hasta Julio de 2004. (Se acompaña copia de Carta Certificada y Reconocimientos de la Policia de Puerto Rico y se marca como **Anejo 1**)

4. Luego de un examen visual médico para el año 2000, el demandante fue juramentado como Policía el 15 de marzo de 2001 laborando por espacio de tres años y tres meses con Placa #30729.

5. El demandante solicitó reingreso a la Policia de Puerto Rico en Agosto de 2006. (Se acompaña copia de carta y se marca como **Anejo 2**)

6. Durante el mes de mayo de 2008 la parte demandante se sometió a un examen médico ofrecido por la parte demandada siendo requisito para reingresar a la Policia de Puerto Rico. (Se acompaña copia de carta y exámen médico y se marca como **Anejo 3**)

7. Habiendo cumplido la parte demandante con los requisitos médicos establecidos por la agencia, no había sido notificado con problemas ni condición alguna para su reingreso a la Policia, continuando con la entrevista de la Trabajadora Social y la del Psicólogo escrita y luego en persona.

8. Estando pendiente para nombramiento y el examen de dopaje, el demandante recibió de la Policia de Puerto Rico una carta del 3 de julio de 2008 donde le notifica que el examen físico al cual fue sometido fue desfavorable. (Se acompaña copia de carta y se marca como **Anejo 4**)

9. El 4 de septiembre de 2008 se recibió la comunicación de la Oficina del Superintendente de la Policia de Puerto Rico donde se informaba que la Oficina de Servicios Médicos determinó reafirmarse en la decisión tomada. (Se acompaña copia de carta y se marca como **Anejo 5**)

10. Luego de unos trámites administrativos y habiendole notificado al demandante que cualificaba en todos los aspectos sobre el reingreso, se le informó que lo estaban rechazando por condición visual.

11. La parte demandada tomó una determinación en base a un ingreso y la policia nunca consideró en su determinación que se trataba de un reingreso a la Policia de Puerto Rico, y que la condición visual de la parte demandante era una que existía al momento de ingresar a la Policia. La determinación de la condición impuesta para evitar el reingreso a la Policia fue una selectiva y sin fundamento convirtiéndose en una discriminatoria, ya que en el Cuerpo de la Policia han sido admitidos personas con problemas visuales que pueden ser correctivos con espejuelos u operación.

2

12. La parte demandante recurrió a la Comisión Apelativa, Sistema de Recursos Humanos del Servicio Público por entender que la decisión era injusta, ya que para el año 2000 realizó todas las gestiones de ingreso a la Policía de Puerto Rico y en aquella ocasión se admitió en base a un examen visual médico que se le administró con espejuelos y sin espejuelos, habiendo tenido un diagnóstico visual de miopía el cual podía ser corregido con espejuelos o cirugía.

13. Con fecha 5 de octubre de 2008 el demandante acudió ante la Comisión Apelativa al Sistema de Recursos Humanos del Servicio Público, habiendosele aceptado la reclamacion bajo el numero de caso 2008-10-0403 y estando estos pendiente ante dicha Comisión sin que la misma haya señalado vista ni tomado acción alguna en relación con todo el procedimiento que se ha llevado ante ese Honorable Cuerpo. (Se acompaña copia de carta y se marca como Anejo 6)

14. Obviando el procedimiento ante la Comisión es uno que atenta contra los derechos fundamentales del demandante y de nada serviría el continuar con el procedimiento ante dicha Comisión.

15. La Comisión ha tenido ante sí el caso que se radicara ante esa instrumentalidad desde el 2008, año de la radicación hasta este momento sin haber continuado con los procedimientos ni emitido determinación de ninguna naturaleza en cuanto a la solución del problema que se radicara ante esa instrumentalidad, por lo que este Honorable Tribunal tiene jurisdicción sobre la materia por la cual se está radicando la presente acción.

16. La Policia de Puerto Rico ha incumplido la orden emitida por la Comisión. (Se acompaña copia de la Orden y se marca como Anejo 7)

17. Es de importancia hacer notar que el demandante, el 12 de julio de 2013, sometió ante la Policia de Puerto Rico una petición en la cual solicitaba además de la reinstalación y pago de los sueldos dejados de percibir, incluyendo bonos, vacaciones, enfermedad, retiro, AELA, medicaid, gastos y honorarios de abogado; lo que ha estado en

todo momento ante la consideración de la Comisión de Servicios Público. (Se acompaña copia de carta y se marca como **Anejo 8**)

18. Desde el 2014 se le ha estado solicitando a la Comisión señale vista, lo que no ha acontecido. (Se acompaña copia de carta y exámen médico y se marca como **Anejo 9**)

19. La última comparecencia del demandante ante la Comisión fue mediante una moción titulada "Moción Urgente", no habiendo este actuado sobre la misma ni sobre la "Moción en Auxilio de Jurisdicción" que se radicara el 4 de febrero de 2016. (Se acompaña copia de mociones y se marcan como **Anejo 10 y Anejo 11**)

### III. El Derecho Aplicable

20. La Sec. 1 del Art. II de la Constitución de Puerto Rico, 1 L.P.R.A. Sec. 1, prohíbe categóricamente la existencia de discrimen por motivo de raza, color, sexo, nacimiento, origen o condición social.

21. En el ámbito obrero patronal, estos principios fueron recogidos en la Ley núm. 100 de 30 de junio de 1959, según enmendada, 29 L.P.R.A. Sec. 146 et seq., que prohíbe el discriben en el empleo por razón de edad, raza, color, sexo, origen social e ideas políticas o religiosas.

22. En ningún momento el demandante solicitó ingreso a la Policía sino reingresó con fundamento en su nombramiento a que se ha hecho referencia y no fue tratado como tal ya que la acción tomada fue en base de un ingreso, habiéndose discriminado contra el demandante por el mero hecho de determinar que no tenía requerimiento de la condición visual cuya situación era la misma que al momento cuando ingresó originalmente a la Policía.

23. La Constitución de Puerto Rico tambien le garantiza al trabajador el estar protegido "contra riesgos para su salud o integridad personal en su trabajo o empleo." Véase el Articulo 2, Sección 16.

4

## IV. Otras consideraciones jurídicas aplicables a esta Demanda

### A. La doctrina de agotar remedios administrativos

24. La doctrina de agotamiento de remedios administrativos es una norma de auto limitación judicial. Sus objetivos son asegurar una mayor eficacia y rapidez en los procedimientos administrativos, mantener un adecuado balance y distribución de poder y tareas entre el poder judicial y las agencias administrativas y evitar una intervención judicial "innecesaria y a destiempo". Véase, entre otros, Vélez Ramírez v. Romero Barceló, 112 DPR 716 (1982)); Guadalupe v. Saldaña, Pres. U.P.R., 133 DPR 42 (1993).

25. Ahora bien, tanto la jurisprudencia como la Ley núm. 170 del 12 de agosto de 1988, según enmendada, mejor conocida como la "Ley de Procedimiento Administrativo Uniforme" (LPAU), 3 LPRA 2001, et seq., han reconocido varias excepciones a la doctrina de agotamiento de remedios administrativos. Existen varias circunstancias que justifican el que un litigante obvie el agotar los remedios administrativos y acuda directamente al foro judicial. Entre esas circunstancias se encuentran: (1) que lo presentado sea una cuestión de derecho y no requiera el ejercicio de discreción administrativa; (2) que haya una violación a los derechos civiles ; (3) que el remedio administrativo sea inútil e inadecuado; (4) que exista peligro de daño inminente; o (5) que haya una clara ausencia de jurisdicción del foro administrativo. Véase, Acevedo Ramos v. Municipio de Aguadilla, 153 DPR 788 (2001)

26. La sección 4.3 de la LPAU dispone que el Tribunal podrá relevar a un peticionario de tener que agotar alguno o todos los remedios administrativos provistos en el caso de que dicho remedio sea inadecuado, o cuando el requerir su agotamiento resultare en un daño irreparable al promovente y en el balance de intereses no se justifica agotar dichos remedios, o cuando se alegue la violación sustancial de derechos constitucionales, o cuando sea inútil agotar los remedios administrativos por la dilación excesiva en los procedimientos, o cuando sea un caso claro de falta de jurisdicción de la agencia, o cuando sea un asunto extrictamente de derecho y es innecesaria la pericia administrativa.

5

27. En este caso existe una violación de un derecho constitucional del Sr. Vargas Segarra.

### B. El Remedio de Injunction

28. El Injunction es el remedio más eficaz que puede utilizarse para vindicar los diversos derechos fundamentales protegidos por nuestra Constitución. Gracia Ortiz v. Policia de Puerto Rico, 140 DPR 247 (1969); Noriega v. Gobernador, 122 DPR 650, 681, (1983).

29. Los motivos o casos que pueden dar paso a la concesión de un Injunction se desprenden del Articulo 677 del Código de Enjuiciamiento Civil (32 LPRA 3523) y de la doctrina jurisprudencial urgente. Véase, entre otros, Municipio de Ponce v. Gobernador, 136 DPR 776 (1994); PR Telephone Company v. Tribunal Superior, 103 DPR 200 (1975).

30. El Injunction es un remedio extraordinario que sólo puede "utilizarse cuando el procedimiento ordinario no provea un remedio rápido, adecuado, y eficaz, para corrección de un agravfio de patente intensidad al derecho del individuo que reclame urgente reparación." Otero Martínez v. Gobernador, 106 DPR 552, 556 (1997).

31. No hay duda de que el procedimiento que se ha seguido por los demandados en este caso atenta contra un derecho fundamental del Sr. Vargas Segarra y está causando daños irreparables a este.

32. El demandante recurrió a CASARH por entender que la decisión era injusta, ya que para el año 2000 realizó todas las gestiones de ingreso a la Policía de Puerto Rico y en aquella ocasión se admitió en base a un examen visual médico que se le administró con espejuelos y sin espejuelos, habiendo tenido un diagnóstico visual de miopía el cual podía ser corregido con espejuelos o cirugía.

### V. Primera Causa de Acción

33. Se acogen y se hacen formar parte integral de esta causa de acción los hechos incluidos en la Parte II y en los anejos incluidos en la Demanda. Véase la Regla 8.3 de las de Procedimiento Civil en la Demanda.

6

## VI. Segunda Causa de Acción

34. Se acogen y se hacen formar parte integral de esta causa de acción los hechos incluidos en la Parte II, en los anejos y en la Primera Causa de Acción.

35. Como consecuencia de los actos u omisiones antes mencionados el co-demandante Alex Vargas Segarra ha sufrido graves angustias, daños físicos, económicos y emocionales que se estiman razonablemente en la cantidad de cien mil dólares ($100,000.00).

36. Como consecuencia de los actos u omisiones antes mencionados los co-demandantes Betsie Seda Collado y la Sociedad de Bienes Gananciales han sufrido graves angustias, daños físicos y emocionales que las acciones de la parte demandada le han ocasionado que se estiman razonablemente en la cantidad de cincuenta mil dólares ($50,000.00).

**POR TODO LO CUAL**, se solicita muy respetuosamente a este Honorable Tribunal que declare ha lugar la presente demanda y en consecuencia:

(i) Expida una orden de injunction preliminar y una orden de injunction permanente contra los co-demandados ordenándole la reinstalación del co-demandante Alex Vargas Segarra al Cuerpo de la Policía de Puerto Rico con los rangos que le corresponde por haber estado el tiempo fuera del servicio de la Policía.

(ii) Ordene la celebración de una vista en la fecha hábil más cercana.

(iii) Ordene a los co-demandados compensar a la parte demandante al pago de los salarios dejados de devengar, las graves angustias, daños físicos y emocionales ocasionados por la acción de los demandados al demandante en la cantidad de $100,000.00 y a la co-demandante y la Sociedad Legal de Gananciales la cantiadad de $50,000.00.

(iv) Emita cualquier otra providencia que vindique los derechos constitucionales de la parte demandante.

7

**RESPETUOSAMENTE SOMETIDO**

En Mayagüez, Puerto Rico, a 27 de noviembre de 2017.

LCDO. JOSE CLEMENTE GONZÁLEZ ORTIZ
Rúa TSPR 9251
P. O. Box 1887
Mayagüez, PR 00681
Teléfono / Fax: (787) 265-7568
jcgonzalezlaw@gmail.com




5120
11/27/2017
$90.00
Sello de Rentas Internas
00029-2017-1127-40328013

**JURAMENTO**

Nosotros Alex F. Vargas Segarra y Betsie Seda Collado, ambos mayores de edad, casados entre sí, propietarios y vecinos de Mayaguez, Puerto Rico; declaro bajo juramento declaramos:

Que nuestros nombres y circunstancias personales son las antes expresadas.

Que somos los demandantes en el caso de epígrafe y hemos redactado la demanda conforme a nuestro mejor criterio, constándonos los mismos de propio y personal conocimiento.

En Mayagüez, Puerto Rico a _____ de NOV 2 8 2017 de 2017

**AFFIDAVIT NÚMERO:** _____

Jurado y suscrito ante mi por por Alex F. Vargas Segarra y Betsie Seda Collado de las circunstancias personales antes expresadas, a quienes he identificado mediante presentación de Lic # 2568226 y Lic # 2571152 la que tiene foto y firma, la que presenta voluntariamente.

En Mayagüez, Puerto Rico a 28 de noviembre de 2017

Lic. Norma G. Santana Irizarry
Secretaria Regional II

**NOTARIO PÚBLICO**

Ramona Barbot Pérez
Secretaria Auxiliar I

Re: ALEX F VARGAS SEGARRA -ISCI2017-01070

From: JC Bigas (jcbigas@yahoo.com)

To: spenagaricano@justicia.pr.gov; hermann.bauer@oneillborges.com; cvelaz@mpmlawpr.com; ubaldo.fernandez@oneillborges.com; lmarini@mpmlawpr.com; dperez@omm.com; adiaz@diazvaz.law; kbolanos@diazvaz.law

Date: Monday, November 15, 2021, 04:43 PM GMT-4

Dear counsel:

After reading your response, I believe you have misinterpreted the Local Court decision for Dismissal Order For Lack of Jurisdiction. That order is the result of the government Bankruptcy Case Stay Order. After the stay is lifted to allow Mr. Vargas to pursue his claim for reinstatement in the police force, the claim will be automatically open in Local Court. I will deeply appreciate that you join our request for the lift of stay, if your only opposition is the Local Court Dismissal for Lack of Jurisdiction.

Thank you for your time.


Juan C. Bigas, Esq.



On Monday, November 15, 2021, 09:33:27 AM GMT-4, Susana I. Peñagaricano Brown <spenagaricano@justicia.pr.gov> wrote:


Esteemed counsel:

As per the protocol set by the court's order, after having the opportunity to evaluate movant's allegations and the information provided by the Commonwealth's legal representatives, the Commonwealth has determined, in coordination with AAFAF's legal representatives, that the best course of action in this case is to decline inasmuch as the case *Alex Vargas Segarra, et al v. ELA; Policía de PR*, ISCI2017-01070 before the PR Court of First Instance has a 2018 final and firm judgment dismissing the case without prejudice for lack of jurisdiction.

As to *Alex Vargas Segarra, et al v. Policía*, CASP No. SA-08-0403 (previously 2008-10-0403; before CASP):

As per the protocol set by the court's order, after having the opportunity to evaluate movant's allegations and the information provided by the Commonwealth's legal representatives, the Commonwealth has determined, in coordination with AAFAF's legal representatives, that the best course of action in this case is to decline.

Cordially,

s/SIPB




**DEPARTAMENTO DE JUSTICIA**
P.O. Box 9020192
San Juan, P.R. 00902-0192

**SUSANA PEÑAGARÍCANO BROWN**
SECRETARIA AUXILIAR DE LO CIVIL | SECRETARIA AUXILIAR

✉ spenagaricano@justicia.pr.gov
☎ (787)721-2900, Ext.: 1404
🌐 justicia.pr.gov

AVISO DE CONFIDENCIALIDAD: Esta comunicación de correo electrónico y cualquier documento adjunto contiene información que le pertenece al remitente, la cual podría ser confidencial y privilegiada bajo la ley aplicable. Esta información está dirigida al uso exclusivo del individuo o la entidad a la cual se le remitió este correo electrónico, según arriba indicado. Si usted no es el destinatario intencional, se le notifica por la presente que cualquier divulgación, reproducción, distribución, u otra acción tomada al tenor del contenido de la información comprendida en esta difusión, está estrictamente prohibida. Si usted ha recibido por error esta difusión, favor comunicarse con el remitente y elimine este mensaje. Gracias por su cooperación.

NOTICE OF CONFIDENTIALITY: This email communication and any attached document contains information that belongs to the sender, which could be confidential and privileged under the applicable law. This information is directed to the exclusive use of the individual or entity to which this email was sent, as indicated above. If you are not the intended recipient, you are hereby notified that any disclosure, reproduction, distribution, or other action taken in accordance with the content of the information included in this broadcast, is strictly prohibited. If you have received this broadcast by mistake, please contact the sender and delete this message. Thanks for your cooperation.

**From:** JC Bigas <jcbigas@yahoo.com>
**Date:** November 12, 2021 at 2:14:05 PM PST
**To:** hermann.bauer@oneillborges.com, Carolina Velaz Rivero <cvelaz@mpmlawpr.com>, ubaldo.fernandez@oneillborges.com, Luis Marini <lmarini@mpmlawpr.com>, dperez@omm.com, adiaz@diazvaz.law, kbolanos@diazvaz.law
**Subject:** Fw: ALEX F VARGAS SEGARRA -ISCI2017-01070

Dear attorneys:

As per Order dated November 9th, 2021, attached hereto copy of the Motion for Relief of Stay and Civil Court Claim regarding the following movant: Mr. Alex F. Vargas Segarra. The Amount of The Civil Court Claim is $150,000.00 and the Cause of Action is the Reinstatement of His Former Job. We are in the process of filing the attached Motion for Relief of Stay, since the status of the Claim is pending to be resolved due to the fact that the Civil Court has been stayed by the Bankruptcy Court before Judgment. The Civil Case Number is ISCI2017-01070 and belongs to the Puerto Rico First Instance Court of Mayaguez. Mr. Vargas is requesting that the stay be lifted, since he has the right to have a Court decide whether the reinstatement proceed or not.

In order to discuss this matter further, please contact me through this email or by telephone at 787-259-1000.

Sincerely,


Lcdo. Juan C Bigas Valedon
PO Box 7011
Ponce PR 00732
Tel: 787-259-1000
Email: jcbigas@yahoo.com

 Virus-free. www.avast.com

 DEMANDA ALEX FVARGAS.pdf
330.2kB