**UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO**

-------------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO,
*et al.*,

                      Debtors.[1]

-------------------------------------------------------------------x

PROMESA
Title III

Case No. 17 BK 3283-LTS

(Jointly Administered)

**STATEMENT OF SEIU AND UAW REGARDING
PREVIOUSLY FILED OBJECTIONS TO PLAN OF ADJUSTMENT
AND PROPOSED CONFIRMATION ORDER**

      International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW) ("UAW") and Service Employees International Union ("SEIU") submit this statement regarding the proposed plan of adjustment ("Plan") and proposed confirmation order ("Confirmation Order") filed by the Financial Oversight and Management Board for Puerto Rico ("Oversight Board").[2]

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] SEIU is a member of the Official Committee of Unsecured Creditors ("Committee"). SEIU submits this statement in its individual capacity and not in its capacity as a Committee member, nor in any way on behalf of the Committee.

SEIU and UAW previously objected to various iterations of the Confirmation Order with respect to its treatment of pre-petition and post-petition employment-related claims asserted on behalf of their members, employment-related claims arising either from their collective bargaining agreements or under applicable Puerto Rico statutes. *See* Docket ## 19,204, 19,162, 18,558, 18,511 (collectively the "Union Objections"). In so objecting, with respect to such pre-petition employment-related claims, SEIU and UAW noted that on March 12, 2020, the Court entered its *Order (A) Authorizing Administrative Reconciliation of Claims, (B) Approving Additional Form of Notice, and (C) Granting Related Relief (*"ACR Order*")* [Docket Entry #12274]. Paragraph 6 of the ACR Order provides in pertinent part that:

> The Title III stay shall be modified solely to the limited extent necessary to permit the continuation of matters which were commenced by …[SEIU and UAW], or by their affiliated local unions in Puerto Rico in accordance with the grievance and arbitration procedures set forth in their respective collective bargaining agreements or under applicable statutes ***and arising from or relating to prepetition conduct of a Title III debtor (the "Prepetition Actions")***, except with respect to matters arising from prepetition conduct which challenge the constitutionality of Commonwealth statutes. To the extent that any disposition of a Prepetition Action results in a settlement, arbitration award, or other resolution that requires payment, such payment shall be made by the Commonwealth in the ordinary course. (Emphasis supplied.)

As SEIU and UAW understand the Oversight Board's November 21, 2021 revision to Paragraph 42 of the Confirmation Order [Docket # 19325], the Oversight Board has now confirmed that SEIU's and UAW's **Pre-Petition Actions** covered by Paragraph 6 of the ACR Order will be processed and paid in the ordinary course, as provided in that Paragraph 6. Such a resolution is acceptable to SEIU and UAW.

With respect to similar SEIU and UAW claims ***arising post-petition***, the Oversight Board's November 21, 2021 revision to Paragraph 44 of the Confirmation Order

2

removes from that Paragraph's Administrative Expense Claim process and bar date any "actions occurring from and after the respective Debtor's petition date…." It appears to SEIU and UAW that the effect of this and the other modifications to Paragraph 44 of the Confirmation Order is that actions under their collective bargaining agreements or under applicable statutes *and arising from or relating to post-petition conduct of a Title III debtor* will be processed and paid in the ordinary course, rather than being subject to the Administrative Expense Claim procedures and bar date established by revised Paragraph 44. Such a resolution is acceptable to SEIU and UAW.

SEIU and UAW withdraw their objections to Paragraphs 26 and 29 of the Confirmation Order, given the revision to those Paragraphs set forth in the November 21, 2021 version of the Confirmation Order.

SEIU and UAW continue to maintain their objection to Paragraph 62 of the Confirmation Order. Further, as stated in their November 22, 2021 closing argument, SEIU and UAW also object to Section 83.4 of the November 21, 2021 version of the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [Docket # 19323], and do so on the same due process and other grounds as stated in the Union Objections and in their closing argument with respect to Paragraph 62 of the Confirmation Order.[3]

---

[3] SEIU and UAW also note that the Oversight Board's position that the Plan and/or Confirmation Order should provide that Act 80 should be preempted is subject to the same due process defects as we have noted regarding Paragraph 62 and Plan Section 83.4. Further, SEIU and UAW join with AAFAF's point made during closing arguments that Act 80 has numerous provisions and should not in any case be subject to broad-brush preemption. To cite only one example, Act 80 would incentivize early retirement for employees of the private sector credit union AEELA, which is not a Debtor. Why is it in any way appropriate to preempt such a provision? The Oversight Board has not demonstrated why a sweeping preemption of Act 80 and all of its various provisions is proper. Rather, the Oversight Board's last-minute move to sweepingly preempt Act 80, without any notice or due process for those employees that might be affected by that action, is by itself defective, and is a sufficient basis for denial of the preemption request.

November 23, 2021

        **COHEN, WEISS AND SIMON LLP**

        By: */s/ Peter D. DeChiara*
        Richard M. Seltzer *(pro hac vice)*
        Peter D. DeChiara (*pro hac vice*)
        Marie B. Hahn *(pro hac vice)*
        rseltzer@cwsny.com
        pdechiara@cwsny.com
        mhahn@cwsny.com
        900 Third Avenue, Suite 2100
        New York, NY 10022-4869
        (212) 563-4100

        **MONSERRATE SIMONET & GIERBOLINI**
        /s/ *Miguel Simonet Sierra*
        Miguel Simonet Sierra
        USDC # 210101
        101 San Patricio Ave., Suite 1120
        Guaynabo, PR 00968
        Tel.: (787) 620-5300

        *Counsel to International Union, UAW and*
        *Service Employees International Union*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of November 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF System, which will notify all counsel of record.

/s/ *Peter D. DeChiara*
Peter D. DeChiara