# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | PROMESA Title III No. |
| The Financial Oversight and Management Board for Puerto Rico, | 17 BK 3283 (LTS) |
| As representative of | (Jointly Administered) |
| The Commonwealth of Puerto Rico, the Employee Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority | |
| Debtors | |

### OBJECTION OF SUCESIÓN PASTOR MANDRY MERCADO TO PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW IN CONNECTION WITH THE CONFIRMATION OF THE MODIFIED EIGHTH AMENDED TITLE III JOINT PLAN OF ADJUSTMENT OF THE COMMONWEALTH OF PUERTO RICO, ET. AL.

**TO THE HONORABLE COURT:**

By counsel, excepting Javier Mandry Mercado, Oscar Adolfo Mandry Aparicio; María del Carmen Amalia Mandry Llombart; Selma Verónica Mandry Llombart; María del Carmen Llombart Bas; Oscar Adolfo Mandry Bonilla; Gustavo Alejandro Mandry Bonilla; Yvelise Helena Fingerhut Mandry; Margaret Ann Fingerhut Mandry; Victor Robert Fingerhut Mandry; Juan Carlos Esteva Fingerhut; Pedro Miguel Esteva Fingerhut; Mariano Javier McConnie Fingerhut; Janice Marie McConnie Fingerhut, Victor Michael Fingerhut Cochran; Michelle Elaine Fingerhut Cochran; Rosa Estela Mercado Guzmán: Eduardo José Mandry Mercado; Salvador Rafael Mandry Mercado; Margarita Rosa Mandry Mercado; Adrián Roberto Mandry Mercado members of the estate of Pastor Mandry Mercado (hereafter collectively designated as "Sucesión Pastor Mandry Mercado").

1. On November 28, 2021, the Commonwealth of Puerto Rico (the "Commonwealth") filed proposed findings of fact and conclusions of law ("Findings of Fact and Conclusions of Law") in connection with the

confirmation of the Modified Eight Amended Title III Joint Plan of Adjustment as directed by the Court.

2. Sucesión Pastor Mandry Mercado is the holder of undisputed inverse condemnation claim Prime Clerk Number 6272, as amended, for $30,496,000.00, plus interest and costs filed against the Commonwealth of Puerto Rico (the "Claim") for the taking of its real properties.

3. The Findings of Fact and Conclusions of Law don't address inverse condemnation proceedings, limiting themselves to direct condemnation proceedings classified under Class 54.

4. There is no factual dispute between the Commonwealth and Sucesión Pastor Mandry Mercado. Their controversy is a matter of law. The Commonwealth contends that the just compensation clause of the Fifth Amendment to the Constitution of the United States of America (the "Constitution") is trumped by Article I, Section 8 Clause 4 of the Constitution which grants powers to Congress to issue uniform bankruptcy laws, and under the Commonwealth's plan of adjustment (the "Plan"), the Claim can be treated as a general unsecured claim subject to discharge, citing *Poinsett Lumber & Mfg. Co. v. Drainage Dist.*, 119 F.2d 270, 272-273 (1941) (not an eminent domain case, but a stayed action for damages). Here, this Court different from *Poinsett*, granted Sucesión Pastor Mandry Mercado leave to litigate its claim in state court, and *In re City of Stockton*, 909 F.3d 1256 (2018) (not applicable to the Claim on the facts, nor on the *dicta* of the court).

5. To begin with, PROMESA is not a uniform bankruptcy law, but legislation enacted by Congress for the purpose of attending Puerto Rico's financial crisis, which specifically states that it doesn't abrogate any federal legislation and less so any portion of the Constitution, in this case the Takings Clause.

6. The two cited cases can't sustain what the Commonwealth proposes as to the Claim in the face of *Knick v. Twp. of Scott*, 139 S. Ct. 2162 (2019), holding that a property owner has an actionable Fifth Amendment takings claim when the government, be it federal or state takes his property without paying for it, as is the case of Sucesión Pastor Mandry Mercado, the Fifth Amendment right to full compensation arising at the time of the taking.

7. In order not to be repetitious, Sucesión Pastor Mandry Mercado adopts by reference herein the arguments establishing that the Claim is not dischargeable under the Plan and must be fully compensated

thereunder, subject to the decision of the Supreme Court of Puerto Rico on the judgment on appeal on which it relies, reserving the funds for its payment as indicated in paragraph two above, as set forth in Sucesión Pastor Mandry Mercado's, Excepting Javier Mandry Mercado, Objection to Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et. als. [**ECF No. 17998**] and Sucesión Pastor Mandry Mercado's Response to Omnibus Reply of the Commonwealth of Puerto Rico, to Employee's Retirement System of the Commonwealth of Puerto Rico, and the Public Buildings Authority to Objections to Eighth Amended Title III Joint Plan of Adjustment [**ECF No. 19101**].

**WHEREFORE**, it is respectfully requested that the confirmation of the Plan be denied or that otherwise the order confirming the Plan provides that the Claim is not dischargeable and must be paid in full thereunder.

**CERTIFICATE OF SERVICE**: I hereby certify that on this date, I electronically filed the foregoing motion with the Clerk of the Court using the EM/ECF system, which will send a notification to all attorneys of record.

**RESPECTFULLY SUBMITTED**.

San Juan, Puerto Rico, this 30th day of November 2021

**s/CHARLES A. CUPRILL-HERNÁNDEZ**
**USDC-PR 114312**
Charles A. Cuprill, P.S.C. Law Offices Counsel for
Sucesión Pastor Mandry Mercado 356 Fortaleza
Street, Second Floor
San Juan, PR 00901
Tel.: 787-977-0515
Fax: 787-977-0518
E-mail: ccuprill@cuprill.com