Document of Prosecution by the district court of Puerto Rico,

Con-spir-a-cy
Ev-i-dence

After the Supreme Court of Rico Granted Certiorari

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

OBE E. JOHNSON
Petitioner

v.　　　　　　　　　　　　　　　　　　CIVIL 09-1172CCC

ANA MOREL, Warden
Respondent

*[handwritten annotation: First Habeas corpus filed after direct review of state court proceeding]*

## JUDGMENT

For the reasons stated in the Opinion and Order entered on this same date, IT IS ORDERED AND ADJUDGED that this action filed pursuant to 28 U.S.C. 2254 be and is hereby DISMISSED with prejudice.

SO ORDERED AND ADJUDGED

At San Juan, Puerto Rico, on June 24, 2009.

S/CARMEN CONSUELO CEREZO
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

OBE E. JOHNSON

Petitioner

vs

ANA MOREL, Warden

Respondent

CIVIL 09-1172CCC

**OPINION AND ORDER**

The action before us is a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner Obe Johnson raises the following grounds for its issuance:

Johnson claims that his sentence was unlawful and that the evidence was insufficient and that three consecutive terms totaling thirty-five (35) years in prison was unjust.

He also claims that the crimes did not occur; that circumstantial evidence was used against him and that the testimony of both the witness and the police agent were inconsistent.[1]

Title 28 U.S.C. §2254 provides, in pertinent part:

> (a) . . . a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> (d) In any proceeding instituted in a Federal court by an

---

[1]This interpretation is derived from Johnson's poorly phrased statement in the petition:
> I was sentence unlawful, without evidence they accusing me for and they sentenced me consecutive 35 year in prison for or case they develop against me in justice.
>
> These charges they accusing me for do not exist, point to elaborate or they cannot use circumstantial evidence the testimony of both the witness and the police agent inconstant the testimony it was develop by the witness and the police agent that means to the do not come into existence it should be a criminal act commit.

Exhibit Page 4 of 10

Case 3:09-cv-01172-CCC Document 9 Filed 06/24/2009 Page 2 of 2

CIVIL 09-1172CCC 2

> application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct, unless the applicant shall established or it shall otherwise appear, or the respondent shall admit...

What follows is a list of exceptions to the presumption of correctness none of which would apply here. While Johnson has submitted a copy of his petition for certiorari to the Puerto Rico Supreme Court, he did not submit a copy of the appellate opinion. Therefore, we must presume the decision to be correct.

Sufficiency of evidence review, for purposes of habeas relief, does not focus on whether the trier of fact made the correct guilt or innocence determination, but rather on whether it made a rational decision to convict or acquit. Herrera v. Collins, 506 U.S. 390, 402 (1993). Johnson has not provided any evidence from which we can make this determination as to either of the evidentiary issues—sufficient evidence to determine the existence of a crime and sufficient evidence to determine if he was the perpetrator.

Federal habeas corpus is not merely an additional appeal available to state prisoners, and therefore, habeas corpus cannot be used to test the sufficiency of the evidence to support a conviction. Attacks on evidence and on veracity of witnesses can only be challenged on appeal. Concepción-Díaz v. Morales Bergeat, 409 F.Supp. 749, 751 (D. Puerto Rico 1975).

Accordingly, the petition for writ of habeas corpus is DENIED for failure to state a claim.

SO ORDERED. At San Juan, Puerto Rico, on June 24, 2009.

S/CARMEN CONSUELO CEREZO
United States District Judge

United States District Court

District of Puerto Rico

*[handwritten: Jai-si-TY or Conspiracy or misconduct]*

## Notice of Electronic Filing

The following transaction was entered on 4/20/2015 at ........ and filed on 4/20/2015

**Case Name:** Johnson v. Baco-Viera et al
**Case Number:** 3:13-cv-01346-JAG
**Filer:**
**WARNING: CASE CLOSED on 09/30/2014**
**Document Number:** 26(No document attached)

Docket Text:
ORDER denying [21] Motion to Amend/Correct. First, as far as the Court can tell, Petitioner seeks to collaterally-attack a state court judgment under under 28 U.S.C. § 2255, while the proper means to do so is under 28 U.S.C. § 2254. Second, Petitioner was convicted on June 13th, 2005, and this judgment became final when the Supreme Court of Puerto Rico denied certiorari on November 20th, 2008. As was already explained by the Court in denying another one of Petitioner's habeas petitions, the one year statute of limitations for post-conviction relief expired on December 9, 2012. See Civil No. 13-1272 (JAF), Docket No. 36. Therefore, even if this petition had been filed under the correct statute, it would be time-barred. Signed by Judge Jay A. Garcia-Gregory on 4/20/2015. (MAC)


3:13-cv-01346-JAG Notice has been electronically mailed to:


3:13-cv-01346-JAG Notice has been delivered by other means to:

Obe E. Johnson
Instituto Correccional
216 Sabana Hoyos
P.O. Box 71671

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

*[handwritten margin note: Tal-sity Conspiracy]*

| | |
|---|---|
| OBE JOHNSON | CIVIL NO. 17-1489 (WGY) |
| Petitioner | |
| v. | |
| GARCIA-SOTO, et al | |
| Respondents | |

RESPONSE TO MOTION REQUESTING ORDER AT DOCKET NO. 21

TO THE HONORABLE COURT:

COMES NOW, Co-Respondent, Wanda Vázquez-Garced in her official capacity as Secretary of Justice of the Commonwealth of Puerto Rico, without submitting to the jurisdiction of the Court, through the undersigned attorney and respectfully states and prays as follows:

1. On April 21, 2017, the Petitioner filed a successive Petition for Writ of Habeas Corpus. See Docket No. 2.

2. On June 26, 2017 this Honorable Court issued an Order dismissing Petitioner's Writ for Habeas Corpus based on lack of subject matter jurisdiction as it <u>was untimely filed under AEDPA's strict one year statute of limitations</u>. See Docket No. 6.

3. Mr. Johnson's petition is, indeed, time-barred under 28 U.S.C. § 2244(d); therefore, the Court must denied Petitioner's Motion Requesting Order at Docket No. 21.

4. On February 2005, Johnson was arrested in Puerto Rico for events occurring on February 5, 2005, and charged with armed robbery and violation of Puerto Rico weapons laws. On June

1

13, 2005, Johnson was found guilty in State Court. On September 15, 2005, Johnson was sentenced to 35 years imprisonment. See Case No. 14-1867 (FAB-BJM) at Docket No. 46.

5. The Petitioner has filed several pro se habeas corpus petitions in federal court under 28 U.S.C. § 2254, which were denied for lack of prosecution, failure to exhaust state remedies, and as successive petitions. Id. at 15 ¶¶ 17-19; see also Civil No. 09-1172 (CCC) (dismissing for failure to state a claim); Civil No. 09-1639 (JAF) (dismissing for lack of prosecution); Civil No. 10-1177 (JAF) (dismissing for failure to exhaust state remedies); Civil No. 12-1027 (SEC) (dismissing for lack of prosecution and unauthorized successive petition); Civil No. 13-1272 (JAF) (denying petition as time-barred); Civil No. 16-1174 (GAG) (denying petition as time-barred).

6. Like the above-captioned cases, the instant action seeks relief from Mr. Johnson's Commonwealth court conviction.

7. On direct review, the Puerto Rico Court of Appeals confirmed Mr. Johnson's conviction on November 20, 2008. See Opinion and Order, Johnson v. United States, Civil No. 13-1272 (JAF) (D.P.R. May 19, 2014) at 3. On June 1, 2009, the Supreme Court of Puerto Rico denied Mr. Johnson's Petition for Certiorari. Id.

8. The Petitioner later sought post-conviction collateral relief, filing several pro se motions pursuant to Rule 192.1 of the Puerto Rico Rules of Criminal Procedure.[1] Puerto Rico Courts denied Mr. Johnson's petitions for relief; the Puerto Rico Court of Appeals on September 30, 2010, and February 9, 2011, and the Puerto Rico Supreme Court on March 7, 2014. See Civil No. 16-1174 (GAG).

---

[1] P.R. Laws Ann. tit. 34, App. II, R. 192.1

9. Mr. Johnson's judgment of conviction became final by conclusion of direct appeal on June 1, 2009, thus the instant petition is time-barred. Even if this Court were to consider the year 2010 as the starting date for the *ineffective assistance* argument and the other general claims, the one-year deadline lapsed in 2011. *See* Civil No. 16-1174 (GAG).

10. It is well settle that the one-year limitation period is not jurisdictional; making it susceptible to equitable tolling, but only under "rare and extraordinary" circumstances. *See* Trapp v. Spencer, 479 F.3d 53, 59 (1st Cir. 2007). An examination of Mr. Johnson's unauthorized successive petition and his appellate record leave no reasonable grounds to establish a non-frivolous argument for equitable tolling. *See* Civil No. 16-1174 (GAG).

11. In light of the above, the undersigned respectfully requests that this Court take notice of the present motion and denied Petitioner's Motion Requesting Order at Docket No. 21.

WHEREFORE, it is respectfully requested from this Honorable Court grants the present motion, and consequently denies the Petitioner's Motion Requesting Order at Docket No. 21 and issue any other relief the Court may deem proper in law.

I HEREBY CERTIFY that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to all attorneys of record. By the same token, I have notified Mr. Obe E. Johnson to his address on record: Institución Guayama 500, Sección AB #033, PO Box 10005, Guayama PR 00785.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 22nd day of May, 2018.

3

WANDA VÁZQUEZ-GARCED
Secretary of Justice

WANDYMAR BURGOS-VARGAS
Deputy Secretary of Justice
In Charge of Litigation

SUSANA I. PEÑAGARÍCANO-BROWN
Director of the Federal Litigation Division

s/ *Frances Y. Rivera-Avilés*
FRANCES Y. RIVERA-AVILES
USDC-PR NO. 230405
Department of Justice
Federal Litigation Division
P.O. Box 9020192
San Juan, PR 00902-0192
Office (787) 721-2900, Ext. 2652
frarivera@justicia.pr.gov



Obe E. Johnson
#B-705-25456
Guayama Correctional Complex
AB-033
P.O. Box 1000-5
Guayama, PR 00785-0000

OFFICE OF THE CLERK
UNITED STATES COURT OF APPEALS
JOHN JOSEPH MOAKLEY U.S. COURTHOUSE
1 COURTHOUSE WAY - SUITE 2500
Boston, MASSACHUSETTS 02210