# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | No. 17 BK 3283-LTS |
| As representative of | (Jointly Administered) |
| THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEE'S RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY, | |
| Debtors. | |

## OBJECTION TO PROPOSED CONFIRMATION ORDER AT DKT. NO. 19,368

Dated: December 1, 2021

**TO THE HONORABLE COURT:**

**COMES NOW** creditor Suiza Dairy Corp. ("Suiza"), through the undersigned counsel and, pursuant to Fed. R. Bankr. P. 3020, presents its Objection to the Proposed Confirmation Order ("Proposed Order") proposed by the Financial Oversight and Management Board of Puerto Rico ("FOMB") regarding the Modified Eighth Amended Plan of Adjustment (the "Plan"), filed on November 28, 2021 at Docket No. 19,368.

Suiza filed a timely Objection to the Disclosure Statement on June 15, 2021. *Dkt. 17,013*. Suiza also filed a timely Objection to the Confirmation of the Seventh Amended Plan of Adjustment on October 19, 2021. *Dkt. 18,593*. Suiza filed a Reply to the FOMB's Omnibus Reply to Objections to Confirmation (*Dkt. 18,874*) on November 5, 2021. *Dkt. 19,087*. Suiza also filed a Motion in Compliance with Order on November 24, 2021, where it supplemented its position at the request of the Court. *Dkt. 19,362*.

The Plan as filed, is in contravention of the Takings Clause of the Constitution of the United States in regards to Suiza's claim against the Commonwealth, inasmuch as it impermissibly and unlawfully classifies and treats Suiza's claim on account of a federal takings determination as subject to discharge under the d Plan provisions. On those grounds, the Plan is unconfirmable under 11 U.S.C. §944 as incorporated by Title III of PROMESA 48 U.S.C. §§ 2161-2177and §314(3) of Title

1

III of PROMESA, 48 U.S.C. §2174, which requires that any plan of adjustment not be proposed in contravention of any law. In the alternative, Suiza's claim should be allowed in its entirety as a non-dischargeable claim against the Commonwealth and Office of the Milk Industry Regulatory Administration ("ORIL" by its Spanish acronym), one of its instrumentalities.

Specifically, ¶3(B), ¶3(O), ¶56(a), ¶56(b), ¶57, ¶59, ¶60, ¶64, ¶65 and ¶75 propose to discharge all claims against the Commonwealth and/or its instrumentalities and enjoin creditors from pursuing those claims, including Suiza's constitutionally protected and non-dischargeable claim. See Dkt. 19,368 - p. 6-7 - ¶(B); p. 10 - ¶(O), p. 56-57 - ¶56(a); p. 57 - ¶55(b); p. 62 - ¶57; p. 62-63 - ¶59; p. 63-64 - ¶60; p. 71-72 - ¶64; p. 72-74 - ¶65 p. 77-78 - ¶75.

Suiza reiterates the objections raised in the Objections filed at Dkt. 17,013, Dkt. 18,593, 19,087 and 19,362, and the oral arguments raised in the hearings of July 13, 2021, November 8, 2021, November 15, 2021 and November 22, 2021, and incorporates them herein as if fully transcribed and requests that they be deemed raised as to the Proposed Order.

In addition, the Plan, through the Proposed Order, now seeks to provide releases to third parties in contravention with the law, the case law and the FOMB's

2

own repeated assertions that the Plan would not provide releases to third parties.[1] *Dkt. 19,368, p. 77-76 - ¶75(b).*

In the first instance, the FOMB has repeatedly and consistently stated and represented to the Court that the Plan provides no discharge to third parties. Notwithstanding, the Proposed Order now provides that the Suiza may not recoup the regulatory accrual it is entitled to from either the Commonwealth nor from the public.

As several creditors have already stated, the courts within the First Circuit do not favor non-consensual third-party releases within a plan of reorganization. This type of release has been given sparingly and only in limited circumstances. *See In re Quincy Med. Ctr., Inc.*, No. 11-16394-MSH, 2011 WL 5592907, at *4 (Bankr. D. Mass. Nov. 16, 2011) ("[O]nly consensual releases are permissible."); *In re Charles St. Afr. Methodist Episcopal Church of Bos.*, 499 B.R. 66, 102 (Bankr. D. Mass. 2013) ("I do not hold that no nonconsensual release, however narrowly tailored and otherwise justified, can ever be approved. Certainly, however, no nonconsensual release can be approved where the plan does not replace what it releases with something of indubitably equivalent value to the affected creditor."). Third-party

---

[1] *"(b) the Commonwealth's obligation for the regulatory approval accrual set forth decretal paragraph 14 of the Dairy Producer Settlement shall be treated and discharged in accordance with the Plan and shall not be recouped by a holder of a Dairy Produce Claim from any other source..."* Dkt. 19,368, p. 77-76 - ¶75(b).

3

releases should be allowed only in "extraordinary circumstances." *In re Grove Instruments, Inc.*, 573 B.R. 307, 314 (Bankr. D. Mass. 2017) (collecting cases).

The leading test for evaluating a non-consensual third party release was crafted by the Court in *In re Master Mortg. Inv Fund, Inc.*, 168 B.R. 930, 935 (Bankr. W.D. Mo. 1994). It provides a five-factor test to see if the third-party release may be approved. *Id*.

i. Whether there is an identity of interests between the debtor and the third party, usually an indemnity relationship, such that a suit against the non-debtor is, in essence, a suit against the debtor that would result in the depletion of the assets of the estate.

ii. Whether the non-debtor has contributed substantial assets to the reorganization.

iii. Whether the third-party release is essential to the reorganization.

iv. Whether a substantial majority of the creditors agree to such third-party release, specifically, whether the impacted class has "overwhelmingly" voted to accept the proposed plan treatment.

v. Whether the plan provides a mechanism for the payment of all, or substantially all, of the claims of the class or classes affected by the third-party release.

4

*See, In re Master Mortg. Inv Fund, Inc.*, *supra*; *See also*, *In re Fin. Oversight & Mgmt. Bd. for P.R.*, 361 F. Supp. 3d 203, 254 (D.P.R. 2019); accord *Charles St.*, *supra* at 100.

The proposed third-party release does not meet any of the five factors enumerated by *Master Mortgage* and the other cases cited above. *Supra*. We will now examine how the five the factors fail to apply to the Plan of Adjustment:

i. There is no identity of interests like an indemnity relationship between the non-Debtor public and the Commonwealth. Recovery of the regulatory accrual from the public at large would not result in any affirmative recovery against the Commonwealth or deplete the Commonwealth's estates. Thus, the first *Master Mortgage* factor is not satisfied.

ii. The Commonwealth has not demonstrated that the public at large has directly provided any consideration to the Commonwealth's estate or to the Plan of Adjustment in exchange for the releases. Therefore, the second *Master Mortgage* factor is not satisfied.

iii. The third-party releases do not serve any function other than to impair the recovery rights of the Dairy Producers against the public at large. The non-consensual release of the public at large from having to satisfy the regulatory accrual is not essential to the Plan. Therefore, the third *Master Mortgage* factor test is not satisfied.

5

  iv. The Dairy Producer Class did not vote in favor of the Plan of Adjustment. Thus there is no "overwhelming" support for the non-consensual third-party releases. Once again, the fourth *Master Mortgage* factor is not satisfied.

  v. Finally, the Plan does not provide for any consideration in exchange for the non-consensual third-party releases of the regulatory accrual. The fifth *Master Mortgage* factor is not satisfied either.

  Since none of the *Master Mortgage* factors are satisfied, and the FOMB has consistently stated that the Plan is not intended to provide a third-party release, the Court should not grant any such releases to the public at large as to the Dairy Producers regulatory accrual if it is not paid by the Commonwealth in full.

  Since the Plan, as proposed is unconfirmable, the Proposed Order may not be adopted by the Court. In the alternative, pursuant to §944(c)(1) of the Bankruptcy Code, 11 U.S.C. §944(c)(1), made applicable to this proceeding pursuant to §301(a) of PROMESA[2], this Honorable Court should except the regulatory accrual payments constituting Suiza's claim from discharge.

  If the Court were to find that Suiza's claim is dischargeable, the Court should not approve the third-party release included in the Plan in contravention of the *Master Mortgage* factors.

---

[2] 48 U.S.C.A. §2161

6

**WHEREFORE**, Suiza Dairy, Inc. most respectfully prays that the court DENY approval of the Modified Eighth Amended Plan of Adjustment as filed, absent an amendment to the same by the Commonwealth classifying Suiza's claim as a non-dischargeable claim subject to a 100% distribution under the Plan, and surviving these proceedings; and that the Court find the Plan of Adjustment may not provide third-party releases related to the Dairy Producer's claim.

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that this motion was electronically filed with the Court using the CM/ECF system which will notify the filing by electronic means to all parties of record.

By: */s/* *Rafael A. Gonzalez Valiente*
USDC NO. 225209
Counsel for Suiza Dairy
Godreau & Gonzalez Law, LLC
PO Box 9024176
San Juan, PR 00902-4176
Telephone: 787-726-0077
*rgv@g-glawpr.com*

7