IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>**The Financial Oversight and Management Board for Puerto Rico,**<br><br>as representative of<br><br>**The Commonwealth of Puerto Rico, The Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority,**<br><br>Debtors | PROMESA Title III<br><br>No. 17 BK 3283 (LTS)<br><br>(Jointly Administered) |

**OBJECTION TO THE PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW IN CONNECTION WITH CONFIRMATION OF THE MODIFIED EIGHTH AMENDED TITLE III JOINT PLAN OF ADJUSTMENT OF THE COMMONWEALTH OF PUERTO RICO ET AL.**

**TO THE HONORABLE COURT:**

COMES NOW PFZ Properties, Inc. ("PFZ") thru the undersigned attorneys and very respectfully avers and prays:

1. On November 28th, 2021, Debtor filed a Notice of filing "PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW IN CONNECTION WITH CONFIRMATION OF THE MODIFIED EIGHTH AMENDED TITLE III JOINT PLAN OF ADJUSTMENT OF THE COMMONWEALTH OF PUERTO RICO ET AL." (Docket #19366)

1

2. There is no factual dispute between the Debtor and PFZ. Their controversy is a matter of law. PFZ objects to Debtor's Conclusions of Law inasmuch as they are erroneous and contrary to precedents set by the United States Supreme Court. PFZ's objection to the Plan is firmly founded on decisions by the Supreme Court (<u>Radford</u>, <u>Blanchette</u> and <u>Security Industrial Bank</u>) that in effect support the conclusion that just compensation claims under the Takings Clause cannot be impaired, discharged or otherwise affected or modified under Bankruptcy legislation. PFZ also relies on <u>In re City of Detroit</u> which applies the rule of those decisions to a situation identical to PFZ's in the present case.

3. PFZ has extensively briefed these matters, principally at dockets 18418 and 19088 and has also addressed them in oral argument.

4. The treatment provided to PFZ's Taking claim (and the claim of other similarly situated creditors) by Debtor's "Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico et al." (Docket # 19365) is clearly a violation of these creditors' constitutional right to just compensation for the taking of their property.

5. It must be stated that it is not true, as Debtor repeatedly alleges, that claims for additional compensation in "quick take" situations like PFZ's (i.e., compensation over and above the estimate of just compensation the condemner deposits

2

upon the filing of the "quick take" petition) have no security or guarantee of payment under the Takings Clause and Takings jurisprudence. On the contrary, it has been established that even though the Government may take private property for public use prior to paying full compensation to the owner, as generally happens in a "quick take" situation like PFZ's or in inverse condemnation situations, bedrock constitutional precedents dictate that adequate means must be provided for prompt ascertainment and payment of such compensation. As stated by the Supreme Court, "[i]t has long been settled that the taking of property for public use by a State ... need not be accompanied or preceded by payment, but that the requirement of just compensation is satisfied when the public faith and credit are pledged to a reasonably prompt ascertainment and payment and there is adequate provision for enforcing the pledge", Joslin Mfg. Co. vs. Providence, 262 US 668,677(1923)[1].

6. Such pledge is the reason why Congress, in approving the Declaration of Taking Act of 1931, now 40 USC 3114-3115, provided that any "quick take" acquisition "irrevocably commit[s]" the United States to payment of the amount later determined by the courts as just compensation; and the reason why Puerto Rico, at

---

[1] See also Crozier vs. Fried, Krupp Aktiengesellschaft, 224 US 290,306 (1912). And see Williams vs. Parker, 188 US 491, 502-503 (1903); Backus vs. Fort Street Union Depot Co., 169 US 557, 568 (19--); Sweet vs. Rachel, 159 US 380 (19-); Cherokee Nation vs. Southern Kansas Railway, 135 US 641,659 (1890).

3

the time it adopted its own "quick take" statute, also stated that it was "irrevocably binding" itself to the payment of whatever additional compensation the courts should determine was owed to the owner as just compensation, and "irrevocably pledged [its] good faith" for the payment of such compensation[2].

7. Therefore, the payment of Eminent Domain Claims for just compensation in "quick take" situations like PFZ's, and other situations in which payment is not made prior to the acquisition of the property by the Government, are in effect guaranteed or secured by a commitment and pledge to pay made by the condemning State or other authority, in this case the Commonwealth, which are ultimately required and protected by the just compensation guarantee of the Takings Clause of the Fifth Amendment, as interpreted by the Supreme Court. Such Eminent Domain claims cannot then be treated by the Plan as an unsecured obligation subject to impairment or discharge.

WHEREFORE PFZ respectfully requests that this Honorable Court reject the Debtor's Findings of Fact and Conclusions of Law concerning eminent domain claims; and instead find that any

---

[2] Act #2 of April 1,1941 (an amendment to the Puerto Rico Eminent Domain Act of 1903), now 32 LPRA 2907, originally adopted the "quick take" procedure without including the payment guarantees required by the Supreme Court decisions cited in the text. For that reason, it was declared unconstitutional by the Supreme Court of Puerto Rico in Puerto Rico Rwy. Light & Power vs. Ortiz, 59 DPR 921 (1942) PR Supp Lexis 323. Thereafter, the Eminent Domain Act was further amended by Act 19 of November 19, 1942, now found in 29 LPRA 2910, to create the constitutionally required guarantee of payment and to pledge the good faith of the People Puerto Rico (now the Commonwealth) for the enforcement of such guarantees.

4

modification or adjustments of the obligation concerning such claims presents a constitutional violation of creditors Fifth Amendment rights under the Takings Clause and exercise its discretion to except these claims from the Plan under 11 USC 944 (c)(1).

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of December 2021, I electronically filed the foregoing motion with the Clerk of the Court using the EM/ECF system, which will send a notification to all attorneys of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 1st day of December 2021.

/s/ DAVID CARRION BARALT
USDC PR 207214
Attorney for PFZ Properties
P.O. Box 364463
San Juan, P.R. 00936-4463
Tel. (787) 758-5050
E-mail: davidcarrionb@aol.com

/s/ RUSSELL A. DEL TORO
USDC PR 121302
Attorney for PFZ Properties
Cond. Condado Princess
#2 Calle Washington 304
San Juan, Puerto Rico 00907
Telephone (787) 529-6502
E-mail: rdeltoro@dtslaw.com
russell.deltoro.sosa@gmail.com

/s/ JOSE ÁNGEL REY
USDC PR 118103
Attorneys for PFZ Properties
P.O. Box 10127
San Juan, P.R. 00908-1127
Tel. (787) 396-2600
E-mail: joseangelrey46@gmail.com