UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**In re:**

| | |
|---|---|
| **THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,** as representative of | PROMESA TITLE III Case No. 17-BK-3283 (LTS) |

**THE COMMONWEALTH OF PUERTO RICO, et al.,
THE EMPLOYEES' RETIREMENT SYSTEM
OF THE GOVERNMENT OF
THE COMMONWEALTH OF PUERTO RICO,
AND THE PUERTO RICO
PUBLIC BUILDINGS AUTHORITY**

        **Debtors**[1]

---

**DEMETRIO AMADOR INC./DEMETRIO AMADOR ROBERTS ("AMADOR")
OBJECTION TO THE *[PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF
LAW IN CONNECTION WITH CONFIRMATION OF THE MODIFIED EIGHTH
AMENDED TITLE III JOINT PLAN OF ADJUSTMENT OF THE COMMONWEALTH OF
PUERTO RICO, ET AL* FILED ON NOVEMBER 28, 2021, AT DOCKET 19366**

**TO THE HONORABLE UNITED STATES DISTRICT COURT
JUDGE LAURA TAYLOR SWAIN:**

**COMES NOW, CREDITOR DEMETRIO AMADOR INC. / DEMETRIO AMADOR**

**ROBERTS, ("AMADOR"),** through the undersigned attorney to object to the *[Proposed]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566- LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

1

*Findings Of Fact And Conclusions Of Law In Connection With Confirmation Of The Modified Eighth Amended Title III Joint Plan Of Adjustment Of The Commonwealth Of Puerto Rico, Et Al* filed at docket 19366 and to respectfully state and pray:

1. The Financial Oversight and Management Board for Puerto Rico filed the *[Proposed] Findings Of Fact And Conclusions Of Law In Connection With Confirmation Of The Modified Eighth Amended Title III Joint Plan Of Adjustment Of The Commonwealth Of Puerto Rico, Et Al* filed on November 28, 2021, at docket entry 19366.

2. AMADOR is a Takings Clause Claimant, an eminent domain and inverse condemnation creditor in this Title III proceeding that opposes the classification and treatment provided in the different versions of the Plan of Adjustment because it fails to correctly classify the eminent domain and inverse condemnation creditors; fails to recognize these claims as non-dischargeable; fails to pay the full amount of the just compensation, impairs the claims and forsakes the requirements under the Takings Clause of the Fifth Amendment of the Constitution of the United States.

3. In its pleadings at docket entries 17005, 18582, 19228, and in the closing argument, AMADOR has requested that as a Takings Clause Claimant, its claim is classified as non-dischargeable recognizing its constitutional rank under the Fifth Amendment which requires payment in full under the terms of the November 28, 2021, Modified Eighth Amended Title III Joint Plan Of Adjustment or any future amendment thereto and the Confirmation Order. AMADOR

2

reinstates the arguments asserted in the aforementioned pleadings and incorporates them to this Objection.

4. Paragraph 59 of the *[Proposed] Findings Of Fact And Conclusions Of Law In Connection With Confirmation Of The Modified Eighth Amended Title III Joint Plan Of Adjustment Of The Commonwealth Of Puerto Rico, Et Al* filed at docket entry 19366 ignores the Constitutional rank under the Takings Clause under the Fifth Amendment by magnifying misinterpretations of eminent domain proceedings under the Eminent Domain Law of Puerto Rico, (Title 32 of Laws of Puerto Rico Annotated section 2901 et seq.) Specifically, when reference is made to the takings deposit as a secured claim, when it is a statutory requirement in order to commence proceedings under Puerto Rico Law. The funds are deposited and earmarked and are not property of the Commonwealth.

5. *The Conclusions Of Law In Connection With Confirmation Of The Modified Eighth Amended Title III Joint Plan Of Adjustment Of The Commonwealth Of Puerto Rico, Et Al* filed at docket entry 19366 must afford AMADOR and Takings Clause Claimants a classification of a non-dischargeable claim under the Court's discretion under section 944(c)(1) of the Bankruptcy Code applicable to PROMESA and this Title III proceeding.

**WHEREFORE**, AMADOR respectfully prays for this Honorable Court to reject the Proposed conclusions of law regarding AMADOR as a Takings Clause Claimant and to

3

exercise its discretion under section 944(c )(1) and enter an Order ruling that the Takings Clause Claimants hold non-dischargeable claims that cannot be impaired and must be paid in full under the terms of the Plan of Adjustment.

**I HEREBY CERTIFY**, that on this same date I electronically filed the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system, which will send electronic notification to all participants.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 1st day of December 2021.

    **COUNSEL FOR AMADOR**
    */S/ Mª Mercedes Figueroa y Morgade*
    MªMERCEDES FIGUEROA Y MORGADE
    USDC-PR #207108
    3415 Alejandrino Ave.,
    Apt. 703,
    Guaynabo, PR 00969-4856
    Tel: 787-234-3981
    **figueroaymorgadelaw@yahoo.com**