# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>               Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

[*Caption continued on next page*]

---

[1]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of

THE COMMONWEALTH OF PUERTO RICO, THE
EMPLOYEES RETIREMENT SYSTEM OF THE
GOVERNMENT OF THE COMMONWEALTH OF
PUERTO RICO, AND THE PUERTO RICO PUBLIC
BUILDINGS AUTHORITY,

     Movants,

     vs.

SUCESIÓN PASTOR MANDRY MERCADO;
INTERNATIONAL UNION, UAW AND SERVICE
EMPLOYEES INTERNATIONAL UNION; MAPFRE
PRAICO INSURANCE COMPANY; CREDIT
UNIONS; PETER C. HEIN; PFZ PROPERTIES, INC.;
THE PUERTO RICO FISCAL AGENCY AND
FINANCIAL ADVISORY AUTHORITY; FINCA
MATILDE, INC.; DEMETRIO AMADOR
INC./DEMETRIO AMADOR ROBERTS; ARTHUR
SAMODOVITZ; AND SUIZA DAIRY CORP.

     Respondents.

**Re: ECF Nos. 19383, 19386,
19388, 19390, 19391, 19395,
19397, 19398, 19400, 19401,
19402, 19403, 19404, 19408**

**OMNIBUS REPLY OF THE COMMONWEALTH OF
PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF
THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,
AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY, BY AND
THROUGH THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR
PUERTO RICO, TO OBJECTIONS TO (I) PROPOSED FINDINGS OF FACT AND
CONCLUSIONS OF LAW AND (II) REVISED PROPOSED CONFIRMATION ORDER**

     The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"),

as the sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth"),

the Employees Retirement System of the Government of the Commonwealth of Puerto Rico

("ERS"), and the Puerto Rico Public Buildings Authority ("PBA"), pursuant to Section 315(b) of

the *Puerto Rico Oversight, Management, and Economic Stability Act* ("<u>PROMESA</u>")[2] (the

Oversight Board, in its capacity as Title III representative of the Commonwealth, ERS, and PBA,

is referred to as the "<u>Debtors</u>"), respectfully submits this omnibus reply (this "<u>Reply</u>") to the

following objections (collectively, the "<u>Objections</u>") to the *[Proposed] Findings of Fact and*

*Conclusions of Law in Connection with Confirmation of the Modified Eighth Amended Title III*

*Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 19366, Ex. A] (the

"<u>Proposed Findings and Conclusions</u>")[3] and the *Order and Judgment Confirming Modified Eighth*

*Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No.

19368, Ex. A] (the "<u>Proposed Confirmation Order</u>"):

     a.   *Objection of Sucesión Pastor Mandry Mercado to Proposed Findings of Fact and Conclusions of Law in Connection with the Confirmation of the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 19383] (the "<u>Sucn. Mandry Mercado Objection</u>");

     b.   *Objection of International Union, UAW and Service Employees International Union to Proposed Findings of Fact and Conclusions of Law* [ECF No. 19386] (the "<u>UAW/SEIU Objection</u>");

     c.   *Objection to Oversight Board's Proposed Findings of Fact and Conclusions of Law in Connection with Confirmation of Modified Eighth Amended Title III Joint Plan of Adjustment of the PBA* [ECF No. 19390] (the "<u>Mapfre PBA Objection</u>");

     d.   *Objection to Oversight Board's Proposed Findings of Fact and Conclusions of Law in Connection with Confirmation of Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico* [ECF No. 19391] (the "<u>Mapre CW Objection</u>" and, together with the Mapfre PBA Objection, the "<u>Mapfre Objections</u>");

     e.   *Credit Union's Joint Objection to the Proposed Findings of Fact and Conclusions of Law in Connection with Confirmation of the Modified Eighth Amended Title III*

---

[2]   PROMESA is codified at 48 U.S.C. §§ 2101–2241.

[3]   Capitalized terms used but not defined herein have the meanings given to them in the Proposed Findings and Conclusions.

*Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 19395] (the "Credit Union Objection");

f. *Objection to Proposed Findings of Fact and Conclusions of Law (this Objection is Filed by Individual GO and PBA Bondholder Peter C. Hein)* [ECF No. 19400] (the "Hein Objection");

g. *Objection to the Proposed Findings of Fact and Conclusions of Law in Connection with Confirmation of the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 19401] (the "PFZ Objection");

h. *The Puerto Rico Fiscal Agency and Financial Advisory Authority's Objections to the Financial Oversight and Management Board's Proposed Findings of Fact and Conclusions of Law in Connection with Confirmation of the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 19402] (the "AAFAF Objection");

i. *Objection to Plan Proponent's Proposed Findings of Fact and Conclusions of Law* [ECF No. 19403] (the "Finca Matilde Objection");

j. *Demetrio Amador Inc./Demetrio Amador Roberts ("Amador") Objection to the [Proposed] Findings of Fact and Conclusions of Law in Connection with Confirmation of the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al Filed on November 28, 2021 at Docket 19366* [ECF No. 19404] (the "Amador Objection");

k. *Objections to Findings of Fact and Conclusions of Law Proposed by FOMB (by Individual Bondholder Arthur Samodovitz, pro se.)* [ECF No. 19408] (the "Samodovitz Objection"); and

l. *Objection to Proposed Confirmation Order at Dkt. No. 19,368* [ECF No. 19397] and *Objection to Proposed Confirmation Order at Dkt. No. 19,368* [ECF No. 19398] (together, the "Suiza Objections").

In support of this Reply, the Oversight Board respectfully states as follows:

## Reply

### I.   The Oversight Board is the Sole Title III Representative of the Commonwealth.

1.       Pursuant to PROMESA Section 315(b), the Oversight Board is the sole representative of the Debtors in these Title III cases and, as the Court has recognized, Congress provided the Oversight Board with the exclusive power to file a proposed plan of adjustment and certify such plan is consistent with a certified fiscal plan.  PROMESA §§ 312(a), 104(j).  AAFAF,

4

by contrast, was created by Commonwealth Act 2-2017 to act as the fiscal agent, financial advisor, and reporting agent for the Government. AAFAF is not and cannot be a representative of the Commonwealth in the Title III cases. In its capacities created by territory law, AAFAF is "authorized to oversee compliance with the Fiscal Plans approved and certified by the Oversight Board."[4] In AAFAF's own words, AAFAF's role is limited to "collaborating, communicating and cooperating with the Oversight Board on behalf of the Government and its instrumentalities." *Id*.

2.      Thus, AAFAF can aid the Commonwealth Government's compliance with law, and can report to the Governor. AAFAF's position in the Title III cases, however, is not controlling because PROMESA establishes the Oversight Board as the exclusive representative of the Commonwealth in the Title III cases.

3.      Despite being unauthorized to take positions for the Commonwealth in the Confirmation Hearing, AAFAF's Objection seeks Court approval of its pension-related positions. AAFAF does not have any claim or interest affected by the Plan and it was not entitled to and did not vote on the Plan. Indeed, crediting any part of AAFAF's Objection would run afoul of Section 108(a)(2) of PROMESA, which provides the Governor and Legislature may not "enact, implement, or enforce any statute, resolution, policy, or rule that would impair or defeat the purposes of [PROMESA] as determined by the Oversight Board." PROMESA § 108(a)(2). AAFAF's Objection seeks to impose positions directly opposite the Oversight Board's positions; and by sustaining AAFAF's Objection, the Court would have to order the implementation of

---

[4]   https://www.aafaf.pr.gov/about/#faqs.

critical positions the Oversight Board has determined impair or defeat PROMESA.  Accordingly,

the Oversight Board respectfully requests the AAFAF Objection be overruled.[5]

## II.  The Suiza Objections are Procedurally and Substantively Improper and Should Be Overruled.

4.      Suiza objects to the Proposed Confirmation Order's provision that "the

Commonwealth's obligation for the regulatory approval accrual set forth in decretal paragraph 14

of the Dairy Producer Settlement shall be treated and discharged in accordance with the Plan and

shall not be recouped by a holder of a Dairy Producer Claim from any other source," alleging that

provision constitutes an impermissible third-party release of Suiza's claims against the "public at

large."  Suiza Objections at 3–6; 3 n.1 (quoting Proposed Confirmation Order ¶ 75).  Pursuant to

the Court's order, objections to a prior version of the proposed Confirmation Order were required

to be filed by November 15, 2021.  *See* ECF No 19179, ¶ 3.  Suiza filed an objection to the

proposed Confirmation Order late, on November 16, 2021 [ECF No. 19279], and in any event, it

made no mention of the language Suiza now considers objectionable, although the exact same

language appeared in that prior proposed Confirmation Order.  *See* ECF No. 19279 (objecting to

prior proposed Confirmation Order filed at ECF No. 19118); *compare* ECF No. 19118, Ex. A,

¶ 75, *with* Proposed Confirmation Order, ECF No. 19368, Ex. A, ¶ 75 (containing identical

language).  The mere fact that the more recent Suiza Objections to the Proposed Confirmation

Order were filed in advance of the deadline to object to the *Proposed Findings and Conclusions*

---

[5]  AAFAF's own Objection demonstrates it is not making any substantive argument, but is merely advancing policy positions.  Indeed, AAFAF did not object to identical language contained in the Plan and Confirmation Order.  Accordingly, AAFAF's Objection to paragraphs 81 and 165 of the Proposed Findings and Conclusions is just an attempt to advance a policy position, and affords no legitimate basis for an objection to the Proposed Findings and Conclusions.  AAFAF's remaining objections reiterate positions that have been fully briefed and argued, specifically, the preemption of certain Commonwealth laws and the terms of the Pension Reserve Trust.  AAFAF Objection at 4–13.  Those objections should be overruled for the reasons previously briefed and argued.

is irrelevant, and does not create a new opportunity for Suiza to challenge language in the *Proposed Confirmation Order* it could have properly objected to weeks ago but chose not to do so. Accordingly, Suiza's newly-advanced opposition to language contained in paragraph 75 of the Proposed Confirmation Order is procedurally improper and should be overruled.

5.       Beyond the procedural failings, Suiza's new argument regarding the alleged broad release is also substantively without merit.  Suiza's contention that the Proposed Confirmation Order releases its claims against the "public at large" circumvents the discharge of the Commonwealth pursuant to the Plan and Proposed Confirmation Order by trying to relabel the Commonwealth as the "public at large."  To the extent Suiza's new argument concerns the payment of the regulatory accrual charge from the cost of milk, the Proposed Confirmation Order **expressly** provides that "the Plan shall not affect the regulatory accrual charge being assessed on and paid from the cost of milk pursuant to the Dairy Producer Settlement."  Proposed Confirmation Order ¶ 75.  The remaining portions of Suiza's Objections merely reiterate its prior Fifth Amendment objections (*see* Suiza Objections at 1–2), which were fully briefed and argued and, accordingly, such arguments are not restated herein.

**III.    The Remaining Objections Restate Previously Filed Objections to Confirmation of the Plan and Should Be Overruled for the Reasons Previously Briefed and Argued.**

6.       The remaining Objections were each filed by parties who participated extensively in the Confirmation Hearing.  Each of the objecting parties previously filed objections to confirmation of the Plan, and many of them filed objections to prior versions of the proposed Confirmation Order.  *See* Proposed Findings and Conclusions at 5–7 (listing objections).  These remaining Objections restate arguments raised in the respective parties' prior objections, which have been fully briefed and argued at the Confirmation Hearing.  The Oversight Board submits the Court is familiar with these arguments, which generally relate to, among other things, (i) the Fifth

Amendment of the United States Constitution (*see generally* Sucn. Mandry Mercado Objection, Credit Union Objection, PFZ Objection, Amador Objection, Finca Matilde Objection; *see also* Hein Objection at 34–37, Samodovitz Objection at 8, Suiza Objections at 1–2); (ii) paragraph 62 of the Proposed Confirmation Order (*see generally* UAW/SEIU Objection); (iii) preemption of statutes (*see* UAW/SEIU Objection ¶ 12; Hein Objection at 37–39); (iv) the classification and treatment of certain Claims (*see generally* Mapfre Objections;[6] *see also* Hein Objection at 6–8, 10–12); (v) third-party releases (*see* Hein Objection at 51–59) and (vi) the solicitation of votes on the Plan (*see* Hein Objection at 14–19, 25–28; Samodovitz Objection at 5).

7.     Because each of the issues raised in the Objections have been fully briefed and argued, the Oversight Board will not repeat its arguments here.  The Oversight Board respectfully submits that, for the reasons set forth in the extensive prior briefing and argument, the Objections should be overruled.[7]

[*Remainder of page intentionally left blank*]

---

[6]   Mapfre still misunderstands the Plan and the absence of a need for separate classification.  If Mapfre is correct there is "retainage" and First Circuit law provides Mapfre would own such "retainage," then it is entitled to such "retainage" and any resulting balance owed would merely be an unsecured claim against either the Commonwealth or PBA and the Plan provides for such unsecured classification.  The proposed Plan also provides for the timely reconciliation of any such claim.  Plan § 82.1(a).

[7]   Should the Court need further cross-referencing to the Oversight Board's prior briefing and argument, the Oversight Board will file a supplement to this Reply identifying the relevant ECF filings (or transcript references) addressing each Objection.

**WHEREFORE** the Oversight Board respectfully requests the Court overrule the Objections, confirm the Plan, and grant the Oversight Board such other and further relief as is just and proper.

Dated: December 6, 2021
      San Juan, Puerto Rico

Respectfully submitted,

/s/   *Martin J. Bienenstock*

Martin J. Bienenstock
Brian. S. Rosen
(Admission *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

/s/ *Luis F. del Valle-Emmanuelli*
Luis F. del Valle-Emmanuelli
USDC-PR No. 209514
P.O. Box 79897
Carolina, Puerto Rico 00984-9897
Tel. 787.647.3503
dvelawoffices@gmail.com

**OF COUNSEL FOR**
**A&S LEGAL STUDIO, PSC**
434 Avenida Hostos
San Juan, PR 00918
Tel. (787) 751-6764/763-0565
Fax (787) 763-8260

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

9