UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                             Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth and ERS.** |

**REPLY OF THE COMMONWEALTH OF PUERTO RICO
AND THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT
OF THE COMMONWEALTH OF PUERTO RICO TO RESPONSE FILED BY AEELA
TO THE THREE HUNDRED EIGHTY-EIGHTH OMNIBUS OBJECTION
(SUBSTANTIVE) TO CLAIMS FILED BY AEELA**

**To the Honorable United States District Judge Laura Taylor Swain:**

The Commonwealth of Puerto Rico (the "Commonwealth") and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the Commonwealth, the "Debtors"), by and through the Financial Oversight and Management Board

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Debtors pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] file this reply (the "Reply") to the *Response to the Three Hundred Eighty-Eighth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico and the Employees[] Retirement System of the Government of the Commonwealth [of] Puerto Rico to Claims Filed by AEELA* [ECF No. 18613] (the "Response"), filed by claimant the Asociación de Empleados del ELA ("AEELA") to the *Three Hundred Eighty-Eighth Omnibus Objection of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Claims Filed by AEELA* [ECF No. 17931] (the "Three Hundred Eighty-Eighth Omnibus Objection"). In support of this Reply, the Debtors respectfully state as follows:

1. On August 20, 2021, the Oversight Board filed the Three Hundred Eighty-Eighth Omnibus Objection seeking to disallow certain claims which seek recovery for amounts allegedly owed to AEELA by the Commonwealth and/or ERS arising from the enactment of Act 106 and the passage of Joint Resolution 188 of 2017, and for which neither the Commonwealth nor ERS are liable (the "No Liability Claims"), each as set forth in Exhibit A thereto.

2. Any party who disputed the Three Hundred Eighty-Eighth Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on September 20, 2021, in accordance with the Court-approved notice attached to the Three Hundred Eighty-Eighth Omnibus Objection as Exhibit C, which was served in English and Spanish on the individual creditors subject to the Three Hundred Eighty-Eighth Omnibus Objection, the U.S. Trustee, and the Master

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

Service List (as defined by the *Fifteenth Amended Case Management Procedures* [ECF No. 17127-1]).[3]

3. AEELA filed proofs of claim against the Commonwealth and ERS asserting (1) $252,740.49 for AEELA's contributions to ERS pursuant to the Voluntary Pre-Retirement Program (logged in as Proofs of Claim Nos. 51457 and 38846); (2) $1,701,304.00 for the actuarial cost to be paid by AEELA under the Voluntary Pre-Retirement Program, as amended, for the pensions to be received by its pre-retired employees at age 61 (logged in as Proofs of Claim Nos. 38860 and 38851); (3) $153,340.85 for individual pension contributions made by AEELA on behalf of certain pre-retired employees pursuant to the Voluntary Pre-Retirement Program while the employees were active AEELA employees (logged in as Proofs of Claim Nos. 38890, 41482, 71222 and 72799); (4) $2,044,792.64 for individual contributions made by pre-retired employees under the Voluntary Pre-Retirement Program while they were active AEELA employees (logged in as Proofs of Claim Nos. 38870, 52157 and 52998); (5) $2,108,592.00, which AEELA contends represents its "participation in the sale of ERS's assets" (logged in as Proofs of Claim Nos. 51476, 51426, and 168183); (6) $17,397,441.18 for individual contributions by pre-retired employees pursuant to the Voluntary Pre-Retirement Program while the employees were active AEELA employees (logged in as Proofs of Claim Nos. 72169 and 41485); and (7) $26,570,499.44 regarding "BGFB 6347044 and BGFB 7019002" (logged in as Proof of Claim No. 99638).

4. AEELA filed the Response on October 20, 2021. Therein, AEELA states that it "hereby withdraws all proofs of claim filed by it with exception of claims number 51476 and

---

[3] On September 14, 2021, AEELA filed a motion seeking a thirty (30) day extension of its time to respond to the Three Hundred Eighty-Eighth Omnibus Objection [ECF No. 18112]. The Court has not yet had an opportunity to rule on AEELA's motion.

51426." Response at 3. Accordingly, the Response withdraws Proofs of Claim Nos. 51457, 38846, 38890, 38860, 38870, 38851, 99638, 41482, 71222, 72799, 52157, 52998, 168183, 72169, and 41485 (the "Withdrawn AEELA Claims"). In respect of AEELA's remaining claims, Proofs of Claim Nos. 51476 and 51426 (the "Remaining AEELA Claims"), AEELA contends it is owed liabilities arising from its "participation in the sale of ERS's assets"[4] because it "ha[d] a right to participate" in the assets held by ERS "for being part of the ERS system." Response at 6. Further, AEELA contends that neither Act 106 nor Joint Resolution 188 of 2017 "provide for the derogation of the statutory basis on which AEELA's claims are based" or have "ex post facto effects on AEELA's acquired rights." Response at 5.

5. But, neither the Remaining AEELA Claims nor the Response identify any basis in Puerto Rico law for this alleged "right to participate" in the sale and transfer of ERS's assets. While the Response references "the statutory basis on which AEELA's claims are based" and "AEELA's acquired rights," *id.*, neither the Remaining AEELA Claims nor the Response identify any such "statutory basis" for the Remaining AEELA Claims or explain the nature and source of AEELA's alleged "acquired rights." Indeed, the only authority AEELA cites in support of its

---

[4] It is not clear to what "sale" AEELA refers. AEELA purports to claim an interest in "the deposit of account assets from ERS transferred to the Commonwealth . . . [which] consists of approximately $190,000,000, plus $390,480,000 from the sale of ERS assets and available funds as set forth in Joint Resolution 188 . . . ." Response at 4. In 2017, $190 million were transferred from ERS to the Commonwealth as partial funding for PayGo and in connection with the Commonwealth's assumption of ERS obligations, but that transfer was not a "sale." Pursuant to the proposed *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, [ECF No. 19365], dated November 28, 2021 (the "Plan"), the Commonwealth will purchase ERS's remaining assets for $373,000,000 and, to the extent required, an additional approximate $70 million for the 2023 purchase of a private equity portfolio. That initial purchase, however, is less than the $390,480,000 referenced in the Response, and will take place pursuant to the proposed Plan, not pursuant to Joint Resolution 188. In any event, regardless of the nature of the "sale" AEELA references, AEELA has not articulated an interest in ERS's assets, and therefore lacks the right to "participate" in the sale of such assets.

4

alleged "right to participate" in the sale of ERS assets is a provision of Act 447 of 1951 providing that AEELA "shall be deemed to be a public enterprise." Response at 6. That statute does not purport to provide that AEELA retains a property interest in its employer contributions to ERS.

6. AEELA also contends that its retired employees' pensions "must come from the General Fund," and for that reason, "AEELA must have participation in the sale of ERS' assets and should be excluded from the 'pay as you go' system in order for the General Fund to assume the payment of the pensions in equal condition as the other participating agencies in ERS." Response at 7. AEELA misunderstands how the PayGo system operates. Like all employers who participated in ERS, AEELA's retired employees' pensions are currently being paid from the General Fund via the PayGo system, consistent with Act 106. And, like all employers with retirees being paid through PayGo, AEELA is obligated to reimburse the Commonwealth for amounts the Commonwealth pays AEELA's retirees. Nothing in the Response explains why AEELA "must have participation in the sale of ERS assets" to be treated "in equal condition as the other participating agencies in ERS," as AEELA contends. Response at 7.[5]

7. Accordingly, because AEELA has withdrawn the Withdrawn AEELA Claims, and because AEELA has provided no support or explanation as to why the Commonwealth or ERS are liable for the "participation" asserted in the Remaining AEELA Claims, the Debtors respectfully

---

[5] AEELA also summarily requests an order holding that it should "be excluded from the 'pay as you go' system" and that "the payment of the pensions to AEELA's pensioners is to be made from the General Fund." Response at 7-8. AEELA provides no basis for the requested relief. As explained in the Three Hundred Eighty-Eighth Omnibus Objection, AEELA's retired employees are already paid from the General Fund pursuant to the PayGo system. In return, *all* employers who previously participated in ERS—including AEELA—are obligated to pay their respective PayGo fees pursuant to Act 107. Act 107 § 1.6(g), 2.1(b). AEELA provides no basis for the Court to authorize payment from the General Fund for its retired employees, while exempting AEELA from the obligation shared by all employers to pay their respective PayGo fees.

request that the Court grant the Three Hundred Eighty-Eighth Omnibus Objection and disallow the Withdrawn AEELA Claims and the Remaining AEELA Claims in their entirety, notwithstanding the Response.

Dated: December 8, 2021
      San Juan, Puerto Rico

Respectfully submitted,

/s/ *Ricardo Burgos Vargas*
Ricardo Burgos Vargas
USDC No. 218210
**A&S LEGAL STUDIO, PSC**
434 Ave. Hostos
San Juan, PR 00918
Tel: (787) 751-6764
Fax: (787) 763-8260

/s/ *Brian S. Rosen*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative for the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico*