UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO et al.<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS |

AMENDED MEMORANDUM OPINION REGARDING NOTICES OF PUERTO RICO ELECTRIC
POWER AUTHORITY FOR ENTRY OF AN ORDER APPROVING PREPA TO ASSUME
CERTAIN POWER PURCHASE AND OPERATING AGREEMENTS

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Before the Court is the *Notice of Assumption of Power Purchase Operating Agreement* (Docket Entry No. 2578 in Case No. 17-4780, the "CIRO Notice")*,*[2] and the *Notice of Assumption of Power Purchase Operating Agreement* (Docket Entry No. 2577, the "Xzerta Notice," and, together with the CIRO Notice, the "Notices").[3]  The Notices, filed by the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") as representative of the Puerto Rico Electric Power Authority ("PREPA" or the "Debtor"), request entry of an order assuming certain agreements with Ciro One Salinas, LLC and Xzerta Tec Solar I, LLC (the "Contracts") pursuant to Section 365(a) of the Bankruptcy Code, 11 U.S.C. § 365(a).[4]  Windmar Renewable Energy, Inc. ("Windmar") objected to the Notices on August 11, 2021 (Docket Entry No. 2591, the "Windmar Objection").

The Court has subject matter jurisdiction of this contested matter pursuant to 48 U.S.C. § 2166(a).  The Court heard oral argument concerning the Windmar Objection to the Notices on October 6, 2021, and delivered an oral ruling.  This Memorandum Opinion memorializes that ruling.  Having carefully considered all of the submissions[5] and arguments made in connection with the Notices, the Court overrules the Windmar Objection and approves the assumption of the Contracts for the following reasons.

---

[2] Unless otherwise specified, all docket entry references in the remainder of this Memorandum are to entries in Adv. Proc. No. 17-4780.

[3] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Notices.

[4] The sections of the Bankruptcy Code cited in this Memorandum Opinion are made applicable in the above-captioned cases by Section 301(a) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. § 2161(a).

[5] In addition to the Notices, the Court has reviewed the following pleadings: *Objection to Assumption of Power Purchase Operating Agreement* (Docket Entry No. 2591, the "Windmar Objection") and the *Reply in Support of PREPA's Assumption of Power Purchase Operating Agreements* (Docket Entry No. 2624, the "Reply").

Section 365(a) of the Bankruptcy Code, as made applicable in this Title III case

by section 301(a) and 301(b)(7) of PROMESA, 48 U.S.C. § 2161, provides the Oversight Board

with authority to assume or reject burdensome executory contracts with Court approval.  Section

365(a) thereby "advances one of the core purposes of the Bankruptcy Code: to give worthy

debtors a fresh start."  Eagle Ins. Co. v. BankVest Capital Corp. (In re BankVest Capital Corp.),

360 F.3d 291, 296 (1st Cir. 2004) (citations and quotation marks omitted).  Although the

Bankruptcy Code does not prescribe a standard applicable to a court's review of a motion under

Section 365(a), courts typically apply a deferential business judgment standard.  Mission Prod.

Holdings, Inc. v. Tempnology, LLC (In re Tempnology, LLC), 879 F.3d 389, 394 (1st Cir.

2018), rev'd and remanded on other grounds, 139 S. Ct. 1652 (2019).  Such a motion "should be

considered a summary proceeding, intended to efficiently review the trustee's or debtor's

decision to adhere to or reject a particular contract in the course of the swift administration of the

bankruptcy estate.  It is not the time or place for prolonged discovery or a lengthy trial with

disputed issues."  In re Vent Alarm Corp., No. 15-09316-MCF11, 2016 WL 1599599, at *3

(Bankr. D.P.R. Apr. 18, 2016).  The scope of a court's inquiry "does not include an evaluation of

whether the Debtors made the best or even a good business decision but merely" a determination

as to whether "the decision was made in an exercise of the Debtors' business judgment."  In re

Old Carco LLC, 406 B.R. 180, 196 (Bankr. S.D.N.Y. 2009).

Here, in its Notices, the Oversight Board, as representative of PREPA, has

described the Contracts and amendments to be assumed, demonstrating that their terms are

favorable to PREPA, in compliance with the Court's *Order Pursuant to Bankruptcy Code*

*Sections 105 and 365 and Bankruptcy Rules 2002, 6004 and 6006, Approving Procedures for the*

*Assumption of Power Purchase and Operating Agreements* (Docket Entry No. 1199, the

"Procedures Order").

The sole objector to the assumption of the Contracts is Windmar.  The basis of the

Windmar Objection is that the Contracts are allegedly noncompliant with Puerto Rico law,

specifically Puerto Rico Energy Policy Act, 2019 P.R. Laws Act 17 (S.B. 1121) (Apr. 11, 2019)

(hereinafter "Act 17 of 2019").  Windmar asserts that the Contracts' provision for flat-rate

bundled pricing of Renewable Energy Certificates and renewable energy delivery violates

Section 4.1(8) of Act 17 of 2019, which, according to Windmar, requires the prices of the

Renewable Energy Certificates and the price of energy be stated separately in the  PPOAs.

The Oversight Board, representing PREPA, argues that the objection should be

overruled because Windmar has not demonstrated that it is a party-in-interest with standing to

assert an Objection to the Contracts.  (Reply ¶ 21.)  The Bankruptcy Code § 1109(b) broadly

defines the term party-in-interest to "include the debtor, the trustee, a creditors' committee, an

equity security holders' committee, a creditor, an equity security holder, or any indenture

trustee."  Section 1109(b) does not, however, eliminate the prudential standing requirements

ordinarily applicable to parties in federal courts.  See Sentinel Trust Co. v. Newcare Health Corp.

(In re Newcare Health Corp.), 244 B.R. 167, 171 (B.A.P. 1st Cir. 2000); see also In re Quigley

Co., 391 B.R. 695, 702 (Bankr. S.D.N.Y. 2008); SWE & C Liquidating Trust v. Saudi Arabian

Oil Co. (In re Stone & Webster, Inc.), 373 B.R. 353, 361 (Bankr. D. Del. 2007), aff'd, 2008 WL

4890896 (D. Del. Nov. 12, 2008).  Prudential standing requires a claimant to demonstrate that

"his claim is premised on his own legal rights (as opposed to those of a third party), that his

claim is not merely a generalized grievance, and that it falls within the zone of interests protected

by the law invoked." Katz v. Pershing, LLC, 672 F.3d 64, 72 (1st Cir. 2012) (quoting Pagán v.

Calderón, 448 F.3d 16, 27 (1st Cir. 2006)).

       While Windmar is an unsecured creditor of the Debtor, Windmar does not allege

that PREPA's assumption of the Contracts will cause it to suffer any harm (including

infringement of a right) in its capacity as a creditor.  Rather, Windmar argues that PREPA is

hindering competition in the market in general.  (See October 6, 2021 Hr'g Tr., Docket Entry

No. 2632 at 28:11-20.)  Windmar's failure to demonstrate that it has any particularized

relationship to the Contracts, or that it will suffer a particular harm as a creditor if the PPOAs are

assumed, is fatal to Windmar's attempt to establish that it has standing to object.  See Pagán, 448

F.3d at 27.  Thus, Windmar's objection is overruled for lack of standing.

       This Court has previously held, in a decision that was affirmed by  the First

Circuit, that the business judgment standard governs the resolution of a motion to assume or

reject a PPOA.  Campamento Contra las Cenizas en Peñuelas, Inc. v. Fin. Oversight & Mgmt.

Bd. for P.R. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 9 F.4th 1, 14 (1st Cir. 2021).  Here, the

Oversight Board's uncontroverted representations concerning PREPA's renegotiation and

approval of the PPOAs and the beneficial terms of those Contracts are sufficient to meet its

burden of demonstrating that assumption of the Contracts is a reasoned exercise of PREPA's

business judgment.  PREPA has determined that the projects contemplated by the amended

Contracts offer favorable terms and reduced prices in comparison to the terms and pricing

contemplated by the original Contracts.  PREPA has concluded that the Contracts are favorable

and should be assumed.  The Court finds, based on this uncontroverted record, that PREPA's

decision to assume the Contracts was the product of, and falls within the exercise of, reasoned

business judgment.

        For the foregoing reasons, the Court will enter an order approving assumption of

the Contracts.

Dated: December 8, 2021


                                         /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        United States District Judge