UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, <u>et al</u>.<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>    Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS |

AMENDED ORDER APPROVING PREPA'S ASSUMPTION OF
POWER PURCHASE AGREEMENTS

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Upon the *Notice of Assumption of Power Purchase Operating Agreement* (Docket Entry No. 2578 in Case No. 17-4780, the "CIRO Notice"),[2] and the *Notice of Assumption of Power Purchase Operating Agreement (*Docket Entry No. 2577, the "Xzerta Notice", together with the CIRO Notice, collectively "the Notices"); and the Court having found that it has subject matter jurisdiction of this matter pursuant to section 306(a) of PROMESA; and it appearing that venue in this district is proper pursuant to section 307(a) of PROMESA; and the Court having found that the assumption of the Ciro One Salinas, LLC Power Purchase and Operating Agreement and Xzerta Tec Solar I, LLC Power Purchase and Operating Agreement represents a sound exercise of PREPA's business judgment and that the relief requested in the Notices is in the best interests of PREPA, its creditors, its customers, and other parties in interest; and the Court having found that PREPA provided adequate and appropriate notice in accordance with the Court's *Order Pursuant to Bankruptcy Code Sections 105 and 365 and Bankruptcy Rules 2002, 6004 and 6006, Approving Procedures for the Assumption of Power Purchase and Operating Agreements* (Docket Entry No. 1199, the "Procedures Order") and that no other or further notice is required; and the Court having reviewed the Motion and having heard the statements of counsel at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Notices and at the Hearing establish just cause for the relief granted herein; and for the reasons stated in the Memorandum Opinion filed contemporaneously herewith; and any objections to the relief requested herein having been overruled on the merits; and upon the record herein, after due deliberation thereon, the Court

---

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

having found that good and sufficient cause exists for the granting of the relief as set forth herein, it is hereby ORDERED:

1. Pursuant to section 365 of the Bankruptcy Code, made applicable in this Title III Case pursuant to PROMESA section 301(a), PREPA is authorized to assume the Ciro One Salinas, LLC Power Purchase and Operating Agreement and Xzerta Tec Solar I, LLC Power Purchase and Operating Agreement (the "Assumed PPOAs") as listed in the Notices and such Assumed PPOAs shall be deemed effective seven (7) calendar days from the date the Notice was filed and served on the affected counterparty and the Notice Parties.

2. The assumption of the Assumed PPOAs does not give rise to any claim for cure costs, and the assumption of the Xzerta PPOA shall not result in a breach or violation of, or default under, the Assumed PPOAs.

3. Nothing herein is intended to, shall constitute, or shall be deemed to constitute PREPA's or the Oversight Board's consent, pursuant to PROMESA section 305, to this Court's interference with (a) any of the political or governmental powers of PREPA, (b) any of the property or revenues of PREPA, or (c) the use or enjoyment of PREPA of any income-producing property.

4. Notwithstanding any applicability of any Bankruptcy Rule, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5. PREPA and the Oversight Board, as PREPA's representative, are authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this Order in accordance with the Motion.

6. The Court shall retain exclusive jurisdiction to hear and determine any and all disputes related to or arising from the implementation, interpretation and enforcement of this Order.

7. This Order resolves Docket Entry Nos. 2577 and 2578 in Case No. 17-4780.

Dated: December 8, 2021

      /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge