UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

In re:

The Finacial Oversight and
Management Board for Puerto Rico

   as representative of

The Commonwealth of Puerto Rico,
et al.,

          Debtors.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PROMESA
Title III

Case No. 17-BK-3283-LTS

(Jointly Administered)

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

**COMES NOW**, IMO Investment S.E., Israel Santiago-Lugo, Celenia Reyes-Padilla, Jason Santiago-Rosado, Israel Santiago-Rosado, and Deniel Santiago-Rosado (hereinafter "Movants"), pro se, submit this motion for relief from the automatic stay, pursuant to Bankruptcy Code 11 U.S.C. §362(d)(1) and/or (2), to proceed before the Court of Appeals for the First Circuit (Appeal No.18-1850), where the First Circuit under PROMESA, the appeal was stayed as to Commonwealth of Puerto Rico defendants, in support states as follows:

**A) Case Management and Administrative Procedure Certification:**

On January 12, 2021, an electronic-email ("e-mail") was sent to advice Debtors of the Movants' intent to seek relief from the automatic stay. See, Exh.1. During all this period of time, via e-mail, Movants in good-faith treated to agree a reasonable Stipulation without suceeds. See, Exh.2. Without option Movants proceeds before this Honorable Court to obtain the relief from the automatic stay sought.

**B) Statement of the case;**

On December 15, 2016, Movants have filed a civil right case under 28 U.S.C. §§1346(b), 1402(b), §2401(b), §§2671-80, <u>Bivens</u> action, 42 U.S.C. §1983, and 28 U.S.C. §§2201 and 2202 by a Corporation/Special Society, Federal Prisoner, and U.S. Citizen asserting claims from 1992 until the day of today for property damage, personal injury,

wrongful death, trespass and invasion of privacy, assault, battery, false imprisonment, false arrest, negligence, abuse of process, and mental and intentional infliction of emotional distress, denial of due process and equal protection of law, denial of due process in disciplinary proceedings under a criminal judgment without jurisdiction, or void. Movants seeks damages as to allclaims and a declaratory relief to ensure proper return of properties, or their value with interests.

On March 13, 2018, in accordance with 28 U.S.C. §1915A and §1915(e)(2)(B) the Judge Daniel R. Dominguez ("DRD"), since fifteen(15) months, and without good cause entered an opinion and order (Doc.55), Order (Doc.56), and Judgment (Doc.57) dismissing the Movants' complaint as frivolous.[1/] On August 21, 2018, Movants have filed a Notice of Appeal (Doc.74) and Amended Notice of Appeal (Doc.80) for review the four(4) issues that Movants intends to present on appeal:

> I. THE DISTICT COURT HAS ABUSED ITS DISCRETION DENYING A MOTION FOR RECONSIDERATION DOCKETED TIMELY UNDER FED.R.CIV.P. 59(e) WHERE THE CLERK WITHOUT GOOD REASON TAKEN OFF FROM THE DOCKET SHEETS DAYS LATER.
>
> II. THE DISTRICT COURT HAS ABUSED ITS DISCRETION TO FIND THE MOTION FOR RECONSIDERATION TIMELY UNDER RULES 60(b) AND CONSIDERED UNDER THAT RULE'S STANDARD OF REVIEW.
>
> III. THE DISTRICT COURT HAS ABUSED ITS DISCRETION FINDING AS MOOT THE SECOND RULE 60(b) MOTION WHERE THE ARGUMENTS ARE NOT REPITITIVE AND VERY DIFFERENT FROM THE FIRST RULE 60(b) MOTION.
>
> IV. THE DISTRICT COURT HAS ABUSED ITS DISCRETION DISMISSING A PRO SE CASE WITHOUT EVER RULING ON PENDING MOTION FOR DISCOVERY, APPOINTMENT OF COUNSEL, AND OTHER IMPORTANT ITEMS.

See, Santiago-Lugo, et al., v. United States, et al., Appeal No. 18-1850.

C) **LEGAL STANDARD:**

11 U.S.C. §362(d)(1) provides that the Title III Court "shall grant reief from the [automatic] stay...for cause, including the lack of adequate protection of an

---

[1/] DRD ignored the Movants' Rule 60(b) motion, paragraphs 23 & 24 (Doc.58 p.11), because he focuse that Movants "are asserting claim against government official that are immune from suit such as the federal judges and prosecutors who participated in [Movants's] criminal proceedings" (Doc.55 p.7), and set aside part of the Movants' arguments about the civil proceeding. See, Doc.2 pp.19-29. Of course, Prosecutors are no absolutely immune for action not directly related to presenting cases in Court. See, Kalina v. Fletcher, 522 U.S. 188, 131, 118 S.Ct 502 (1997); Duckley v.

-2-

interest in property of [a] party in interests", or, "with respect to a stay of an act against property under [section 362(a)], if- (A) the debtor does not have an equity in such property; and (B) such property is not necessary to as effective reorganization" [.] 11 U.S.C.A. §362(d)(1)-(2)(Westlaw through P.L. 116-145).

"Lack of adequate protection is the most common basis for finding cause to grant relief". 3 Collier on Bankruptcy §362.07 (Richard Levin & Henry J. Sommer eds., 16th ed. 2018). But it is not the only reason a court might grant such relief. See id. ("Use of the word 'cause' suggests an intention that the bases for relief from the stay should be broader than merely lack of adequate protection"). The factors of the Second Circuit laid out in Sonnax Industries v. Tri Components Product Corp. (In re Sonnax Industries), 907 F.2d 1280, 1286 (2d cir.1990), "provide a helpful framework" for determining whether stay relief should otherwise be granted "for cause". See Fin. Oversight & Mgmt. Bd. for P.R. v. Ad Hoc Grp. of PREPA Bondholders (In re PREPA, 899 F.3d 13, 23 (1st cir.2018). These factors are:

> (1) Whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgement claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigations; (11) Whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

See, In re Sonnax Industries, 907 F.3d at 1286.

Movants have the initial burden of establishing prima facie eligibility for relief from an automatic stay. See, Fin. Oversight & Mgmt. Bd. for P.R. v. Gracia-

---

Ritzsimmors, 509 U.S. at 268-69; King v. Hardwood, 6th cir. No.16-5949 (3/27/17). Also judicial immunity can be overcome in only two sets of circumstances, that is, action not taken in the Judge's judicial capacity, or (2) action, though judicial in nature, taken in the complete absence of all jurisdiction. See, Mireless v. Waco, 502 U.S. 9, 11-12, 112 S.Ct 286, 287-88, 116 L.Ed.2d 9 (1991)(Per Curiam).

-3-

Gracia (In re Fin. Oversight & Mgmt. Bd. for P.R.), 939 F.3d 340, 347 (1st cir.2019)(Citing Mazzeo v. Lengart (In re Masseo), 167 F.3d 139, 142 (2d cir.1999)). "A prima facie case requires a showing by the [Movants] of 'a factual and legal right to the relief that it seeks'". 3 Collier, supra, §362.10 (italics omitted)(quoting In re Elmira Litho, Inc., 174 B.R. 892, 902 (Bankr. S.D.N.Y. 1994)). After tht initial burden is met, the moving party bears the ultimate burden of proof on the issue of the debtor's equity in property, and the party opposing stay relief has the ultimate burden of proof on all other issues. See, 11 U.S.C. §362(g); In re Sonna Industires, 907 F.2d at 1285 (quoting 11 U.S.C. §362(g)(1)).

## D) Discussion:

Movants have been sueing many individuals, federal and state employees, at least five(5) inidviduals (Miguel Andaluz-Baez, Neftali Lopez, Jose Quiles-Torres, Maria L. Colon-Guerra and Hamlet C. Castrodad-Rivera) acts under color of state law, they were sued in their official capacity. Also, they were sued in their individual capacity and PROMESA does not cover this point. See, Colon-Colon v. Negron Fernandez, 2018 U.S.Dist.LEXIS 80968 (D.P.R. 2018)(The stay, however, does not apply to individual capacity claims brought against Commonwealth government officials).

At least one(1) individual(Miguel Andaluz Baez) was assigned to the Task Force of Drug Enforcement Administration ("DEA") can act under color of federal law if they are acting solely pursuant to federal authority. See, Askew v. Bloemker, 548 F.2d 673, 677 (7th cir.1976)(city police assigned to a federal agency acted under color of federal law); Gordeaux v. Lynch, 958 F.Supp 77, 84 (N.D.N.Y. 1997)(same). Thus, many individuals generally act under color of federal and not state law, PROMESA does not apply. See, District of Columbia v. Carter, 409 U.S. 418, 424, 93 S.Ct 602 (1973); Settles v. U.S. Parole Com'n, 429 F.3d 1098, 1104 (D.C. cir.2005)("section 1983 does not apply to federal officials acting under color of federal law")(citations omitted).

PROMESA appears to contemplate that rulings on lift-stay motions will issue only "after notice and a hearing". 48 U.S.C. §2194(e)(2). Here, the Judge DRD has dismissed the Movants' complaint as "frivolous" without give the opportunity to serves the

summons, as a matter of facts those individuals were not defendants yet. See, <u>Kardomes Bataca, Ltd. v. Diaz-Marquez</u>, 878 F.2d 1555, 1559 (1st cir.1989)("in the ordinary course, the district court acquires jurisdiction over a defendant only by service of process"). The individuals' actions are a chain of events very important to establish how the Movants were deprived of their properties the last twenty-eight(28) years from federal individuals manipulations to justify an in remproceedings (Civil Case Nos.93-1955, 94-1392 & 94-1393) and criminal forfeiture process (Criminal Case No. 95-029(ADC)).

 Movants offer the following Stipulation:

(1) The Title III Stay is hereby modified solely to the limited extent necessary to permit Movants to take such action and allow any future litigation commenced to proceed to final judgment before the United States Court of Appeals for the First Circuit (Case No.18-1850), including all appeals, and Supreme Court of the United States; provided, however, the Title III Stay shall continue to apply in all other respects to the Appeal, including only official capacity and excluding individual capacity, but not limited to, the execution and enforcement of any judgment for money damages against the Commonwealth or any other Title III debtor, where the Commonwealth has not the intention to file any brief to dispute the Movant's argument in this appeal;

(2) Nothing contained in this Stipulation shall operate as a waiver or modification of the Title III Stay so as to permit the prosecution against the Commonwealth or any of the other Title III debtors of any claim or claims by anyone other than Movants as provided for herein and the Commowealth reserves all rights, defenses, and protections following the Civil Procedure Rules and Appellate Procedure Rules, with respect to any and all matters pending or that may arise in the Title III case, including the treatment of any claim arising from the Appeal under a plan of adjustment or otherwise in the Title III case;

(3) The Commonwealth and Movants each represent and warrant that they are properly and fully empowered to enter into and execute this Stipulation, that they know of no contractual commitment or legal limitation of, impediment to, or prohibition against their entry into this Stipulation, and that the Stipulation is legal, valid, and binding upon them;

(4) Neither this Stipulation nor any statement made, action, or position taken, or document prepared or executed in connection with the negotiation, execution, or implementation of this Stipulation shall be deemed to be, or constured as, (a) an admission by any party of any liability, wrongdoing, act, or matter or that any claim or defense has or lacks merit; (b) a waiver of the Commonwealth's rights to dispute, contest, setoff, or recoup any claim, including any claims asseted by Movants in the appeal, or assert any related rights, claims, or defenses and all such righths are reserved following the Civil Procedure Rules and Appellate Procedure Rules; (c) a waiver of Movants' or the Commonwealth's rights to determine and/or contest the applicability of a discharge to any judgment that may be issued in the Appeal pursuant to 11 U.S.C. section 944, as made applicable to these proceedings by virtue of PROMESA section 301(a); or (d) an approval or assumption of any agreement or contract between the

parties under Bankruptcy Code section 365;

(5) Nothing in this Stipulation shall be deemed or construed as (a) creating or conferring any right upon any persons or entities (other than Movants as expressly proved in this Stipulation); or (b) evidence of any willingness or obligation on the Commonwealth's part to consent to any other or future modifications of or relief from the Title III Stay with respect to any persons or entities;

(6) This Stipulation contains the entire agreement by and between the parties with respect to the Appeal (Case No.18-1850), any future litigation commenced to final judgment, including all appeals, and Supreme Court of the United States, subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation. Any further modification of the Title III Stay shall be made in accordance with the Lift Stay Protocol;

(7) This Stipulation shall be construed and interpreted in accordance with the law of Puerto Rico, and federal laws. The preparation of this Stipulation has been a joint effort of the Signatories and the resulting document shall not, solely as a matter of judicial construction, be construed more severely against one of the Signatories than the other;

(8) Each Signatory shall take such actions and sign such documents as necessary or desirable to carry out this Stipulation, and may be signed in courterpart originals as if signed in one riginal document. Electronic copies of signatures on this Stipulation is deemed an original, but when taken together constitute one and the same document. Emailed scans of this Stipulation signed by a Signatory also shall be deemed an original for all purpose;

(9) This Stipulation may not be modified other than by a signed executed by the parties hereto;

(10) The District Court shall retain jurisdiction to hear any matters or dispute arising from or relating to the implementation and enforcement of this Stipulation;

(11) This Stipulation shall be immediately effective and enforceable upon execution by the parties hereto.

See, In re Fin. Oversight & Mgmt. Bd. for Puerto Rico, 2021 U.S.Dist.LEXIS 53822 (D.P.R. March 21, 2021); In re Fin. Ovesight & Mgmt. Bd. for Puerto Rico, 2017 U.S.Dist.LEXIS 161535 (D.P.R. 2017); Healthpromed Found, Inc., v. HHS, 982 F.3d 15, 19 (1st cir.2000).

The individuals do not offer a Stipulation about the Movants' Constitutional violations, and "allegations as to the insufficiency of future funds to protect their interest in repayment of the debt entitled [Movants] to a hearing". Peaje Investment LLC v. Garcia-Padilla, 845 F.3d 505, 514 (1st cir.2017). The Court's disposition regarding the automatic stay must ensure that Movants are afforded

judicial redress for purported vilations of his civil rights without frustrating the debt-restructuring scheme set forth in PROMESA.

The United States of America therefore cannot obtain the money judgment sought in its preliminary and final orders of forfeiture, because it would be imprmissible double-counting for the government to add together all the money involved in each transaction when seeking forfeiture. "Courts have rutinely recognized the double counting is flatly prohibited in the context of criminal forfeiture. Such concerns typically arise (and are expressed) when the government understakes the calculation of forfeiture proceeds. Courts have also cautioned against allowing the same funds or property to be ordered forfeited multiple times under different forfeiture provisions". U.S. v. Young, 2018 U.S.Dist.LEXIS 156649 (D.D.C. 2018).

In the instant case, the DEA has seized the Movants' properties under federal statutes (See, Exh.3), even the United States of America forfeited the Movants's properties under federal statutes (See, Exh.4), PROMESA does not "protect their interest in repayment of the debt" without figure amount. The appeal before the First Circuit is for a review of procedures under Fed.R.Civ.P. 59(e) and 60(b), considering the factors of the Second Circuit laid out in Sonnax Industries, the automatic stay should be modified and/or conditioned to allow the litigation to proceed before the First Circuit, because relief would result in a complete resolution of the issues.

It is undisputed, Movants' properties cannot be be forfeited as substitute property because it would be logically self-contradicting ruling to determine that assets can be both forfeited as substitute property and forfeitable as proceeds from criminal activity. Asset must logically be one or the other; an asset cannot be both proceeds and substitute property as the preliminary and final orders of forfeiture shown. See, U.S. v. Bornfield, 145 F.3d 1223, 1239 (10th cir.1998); U.S. v. Saccoccia, 564 F.3d 502, 506-07 (1st cir.2009). The "principal asset" of $6 millions are clearly erroneous.

Instead, Movants have incorporated those individuals from an incident at

-7-

Levittown town (See, Exh.5), where they have been proceeding without jurisdiction because the Tribunal of San Juan does not found probable cause. However, the process continued against Movants when they knew that fact (See, Exh.6). Thus, the Judge Jaime Piera Jr. found probable cause to seize the real properties and assets of Movants (See, Exh.7). Later, the U.S. Attorneys have been using as evidence the Levittown incident before the Grand Jury and Peti Jury (because Movants had not ever problems with the justice), even though they have acknowledged the "lack of proximity to the firearms".

Specifically, Movants' lawsuit is against federal individuals because they have deprived them of their properties and liberty; i.e., the Judge Aida Delgado Colon entered a Second Amended Judgment nuc pro tunc to reflect the forfeiture penalties twenty-six(26) years later (October 10, 2019). The Second Amended Judgment rendered on October 10, 2019, to conform with Fed.R.Crim.P. 32.2(b)(4)(B), by amending the 1996 Judgment to include the final order of forfeiture, nunc pro tunc, from June 15, 2006 Judgment in U.S. v. Santiago-Lugo, Appeal Nos.05-2254 & 06-1107, now would constitute a gross injustice and violation of Movants' Constitutional rights. Moreover, at the sentencing hearing, the words "forfeit" and "forfeiture" were never so much as mentioned. Forfeiture was not part of the sentence handed down during the sentencing hearing.[2/]

Now, Movants had the opportunity since twenty-six(26) years to appeal that part of punishment, doing so before the Court of Appeals for the First Circuit. See, U.S. v. Santiagoy-Lugo, Appeal No.19-2149; See also Peterson v. Lacy, 1998 U.S.Dist.LEXIS 19599 (S.D.N.Y. 1998)(the delay in sentencing has also accompanied by a delay in the appellate process, and the Due Process Clause is thus doubtly implicated); DeLancy

---

[2/] See, e.g., U.S. v. Diaz-Rivera, 806 F.Supp.2d 479, 483 (D.P.R. 2011)(the amended Rule stil does not allow the court to amend judgment to add a forfeiture order where none was included at sentencing); Santiago-Lugo, Appeal Nos.05-2254 & 06-1107 ("the parties agree that the forfeiture order was not announced as part of the sentence nor contained in the original or amended judgment and that, therefore, there was a violation of Rule 32.2(b)(3)); See also U.S. v. Shakur, 691 F.3d 979 (8th cir.2012); U.S. v. Petix, 767 Fed.Appx 119 (2d cir.2019); U.S. v. Muzio, 757 F.3d 1243, 1257-58 (11th cir.2014).

v. Caldwell, 741 F.2d 1246, 1248 (10th cir.1984)(Per Curiam)(he is entitled to recover under 42 U.S.C. §1983); Badea v. Cox, 931 F.2d 573, 574 (9th cir.1991)(he may bring a suit for damages pursuant to 42 U.S.C. §1983). Recently, on June 7, 2021, the First Circuit vacated and remanded a collateral review pursuant to 18 U.S.C. §3582(c)(1)(B) before the district court, where the government conceded that Movants' sentence under 21 U.S.C. §848(b) is illegal. See, U.S. v. Santiago-Lugo, Appeal Nos.20-1594 & 20-1776 (1st cir.2021).[3/]

The errors committed started on August 17, 1993, and continue without stop until the day of today, where federal individuals seized many properties, and incarcerated Movants with the intention to cover up their bad actions. In other words, Movants have a opportunity following the First Circuit's Judgment entered on June 7, 2021, to obtain a minimum of $1 million per year of false imprisonment.[4/] As previously said, the appeal before the Court of Appeals are procedures issues under Fed.R.Civ.P. 59(e) and 60(b) "lack[ing] of any connection with or interference with the bankruptcy case".[5/]

## CONCLUSION

For the foregoing reason, Movants' request should be lifted to allow the litigation to proceed before the Court of Appeals by terminating, annulling, modifying or condictioning such stay.

---

[3/] King v. Hardwood, 852 F.3d 569, 591 (6th cir.2017)(we therefore reverse as to King's claim for malicious prosecution against Hardwood); Lessard v. Cravitz, 686 Fed.Appx 581, 587 (10th cir.2017)(Mr. Lessard has no existing "conviction" that could be affected by his malicious-prosecution calim. His claims are thus not subject to the Heck bar); Clay v. Allen, 242 F.3d 679, 681 (5th cir.2001)(a criminal defendant may initiate a section 1983 suit if the state court has merely reversed the conviction).

[4/] See, Limone v. U.S., 497 F.Supp.2d 143, 243-45 (D. Mass 2007)(Citing Ramirez v. Los Angeles County Sheriff's Office, No.2:04-cv-06102-GAF-F, P. 2006 WL 1428310 (C.D. Cal. Feb. 16, 2006)($18 million in compensatory damages for malicious prosecution that resulted in ten months' incarceration); Mark Diaz Bravo v. Giblin, No. B125242, 2002 Cal.App.Unpub.LEXIS 10494, 2002 WL 31547001 , AT 24 (Cal. App.2d Dist. Nov. 18, 2002)("$3,537,000 to compesrsat [Plaintiff] for 1,179 day of incarceration at rate of $3,000 per day" or $1,095,000 per year, in addition to $1 million for emotional damages suffered prior to sentencing); Nesome v. McCabe, 319 F.3d 303 (7th cir.2003), cert.denied, 539 U.S. 943, 123 S.Ct 2621, 156 L.Ed.2d 630 (2003)($15 million in compensatory damages for malicious prosecution that resulted in 15 year inprisonment, or $1 million per year); Jones v. City of Chicago, No.83 C2430, 1987 U.S.Dist.LEXIS 10510, 1987 WL 19800, at 1 (N.D. Ill. Nov. 10, 1987),aff'd in part, 856 F.2d 985 (7th cir.1988)("$71,100 for intentional infliction of emotional distress; $355,000 for

| Date: | | Respectfully Submitted, |
|---|---|---|
| *[signature]* | *[signature]* | *[signature]* |
| IMO Investment S.E. | Celenia Reyes-Padilla | Jason Santiago-Rosado |
| Israel Santiago-Lugo | Pro Se | Pro Se |
| WP: UCC 1-207(or 308) | Res. Virgilio Davila | *[signature]* |
| Pro Se | Edf.15 Apt. 160 | Israel Santiago-Rosado |
| U.S.M. # 10947-069 | Bayamon, P.R. 00961 | Pro Se |
| FCI Talladega | | *[signature]* |
| P.M.B. 1000 | Sept. 17/2021 | Daniel Santiago-Rosado |
| Talladega, AL 35160 | | Pro Se |
| | | 6624 Mission Club BLVD |
| | | Apt-306  **6/** |
| | | Orlando, FL 32821 |

---

false imprisonment; and $213,300 for malicious prosecution" resulting in one month's imprisonment, or $8,532,000 per year).

**5/** On March 2, 2020, U.S. Attorney Mariana E. Bauza-Almonte gave notice that "the United States Attorney's Office will not file an appellate brief". See, e.g., <u>Smith v. Marsh</u>, 194 F.3d 1045, 1052 (9th cir.1999)("[O]n appeal, arguments not raised by party in its opening brief are deemed waived"); <u>U.S. v. Dreyer</u>, 804 F.3d 1266, 1277 (9th cir.2015)(en banc)("[g]enerally, an appellee waives any argument it fails to raise in its answering brief").

**6/** This address is the same as to Jason and Israel Santiago-Rosado.

-10-

CERTIFICATE OF SERVICE

We hereby certify that a true and correct copy of foregoing was mailed to:

Roberto Sanchez Vilella(Minillas)
Government Center
De Diego Ave. Stop 22
San Juan, P.R. 00907

Marini Pietrantoni Muniz LLC
250 Ponce de Leon Ave.
Suite 900
San Juan, P.R. 00918

Hermann D. Bauer
O'Neill & Borges LLC
250 Munoz Rivera Ave.,
Suite 800
San Juan, P.R. 00918

Susana L. Panagaricano Brown
Deputy Secretary in Litigation
Department of Justice
P.O. Box 9020192
San Juan, P.R. 00901-0192

In Bayamon, Puerto Rico, this 17 day of Septiembre, 2021.

_____
IMO Investment S.E.
Israel Santiago-Lugo
WP: UCC 1-207(or 308)
Pro Se

_____
Celenia Reyes-Padilla
Pro Se

_____
Jason Santiago-Rosado
Pro Se

_____
Israel Santiago-Rosado
Pro Se

_____
Daniel Santiago-Rosado
Pro Se