# M Gmail

Israel Santiago <kikiarca43@gmail.com>

## tent to Seek Relief from the Automatic Stay ("Lift Stay Notice")

**Israel Santiago <kikiarca43@gmail.com>**
To: adiaz@diazvaz.law <adiaz@diazvaz.law>

Tue, Jan 12, 10:30 PM

LIFT STAY NOTICE REQUIREMENTS:

(i) IMO Investment S.E.
Israel Santiago-Lugo
U.S.M. 3 10947-069
FCI Talladega
P.M.B. 1000
Talladega, AL 35160

Celenia Reyes-Padilla
Res. Virgilio Davila
Edf. 15 Apt. 160
Bayamon, P.R. 00961

Jason Santiago-Rosado
Israel Santiago-Rosado
Daniel Santiago-Rosado
6624 Mission Club BLVD
Apt-306
Orlando, FL 32821

(ii) 1) The district court has abused its discretion denying a motion for reconsideration docketed timely under Fed.R.Civ.P. 59(e) where the Clerk without good reason taken off form the docket sheets days later;
2) The district court has abused its discretion to find the motion for reconsideration timely under rule 60(b) and considered under that rule's standard of review;
3) The district court has abused its discretion finding as moot the second rule 60(b) motion where the arguments are not repetitive and very different form the first rule 60(b) motion;
4) The district court has abused its discretion dismissing a pro se case without ever ruling on pending motion for discovery, appointment of counsel, and other important items.
Before the Court of Appeals for the First Circuit, Appeal No. 18-1850.

(iii) $300,000,000.00; 28 U.S.C. sections 1346(b); 1402(b); section 2401(b); sections 2671-80; Bivens Action; 42 U.S.C. section 1983; and 28 U.S.C. sections 2201 and 2201.

(iv) The Appellants and Appellees' Briefing were completed waiting a resolution by the First Circuit without include the Commonwealth Defendants.

(v) On March 13, 2018, in accordance with 28 U.S.C. section 1915A and section 1915(e)(2)(B) the Judge Daniel R. Dominguez entered an opinion and order (Doc.55), order (Doc.56), and Judgment (Doc.57) dismissing the movants complaint as frivolous (civil case no.18-3150). The appeal before the First Circuit is for a review of procedures under Fed.R.Civ.P. 59(e) and 60(b), lacking of any connection with or interference with the bankruptcy case.

①

---

# M Gmail

Israel Santiago <kikiarca43@gmail.com>

## tent to Seek Relief from the Automatic Stay ("Lift Stay Notice")

**Katiuska Bolaños <kbolanos@diazvaz.law>**
To: Israel Santiago <kikiarca43@gmail.com>

Wed, Jan 13, 4:11 P

Counsel,

I assume you intended to send a lift stay notice. Please refer to Sec. III (R) of the attached.

Katiuska Bolaños-Lugo

[Quoted text hidden]
13512 Twelve CMO.pdf

②

---

# M Gmail

Israel Santiago <kikiarca43@gmail.com>

## tent to Seek Relief from the Automatic Stay ("Lift Stay Notice")

**Israel Santiago <kikiarca43@gmail.com>**
To: cvelaz@mpmlawpr.com <cvelaz@mpmlawpr.com>

Tue, Jan 12, 10:29 PM

LIFT STAY NOTICE REQUIREMENTS:

(i) IMO Investment S.E.
Israel Santiago-Lugo
U.S.M. 3 10947-069
FCI Talladega
P.M.B. 1000
Talladega, AL 35160

Celenia Reyes-Padilla
Res. Virgilio Davila
Edf. 15 Apt. 160
Bayamon, P.R. 00961

Jason Santiago-Rosado
Israel Santiago-Rosado
Daniel Santiago-Rosado
6624 Mission Club BLVD
Apt-306
Orlando, FL 32821

(ii) 1) The district court has abused its discretion denying a motion for reconsideration docketed timely under Fed.R.Civ.P. 59(e) where the Clerk without good reason taken off form the docket sheets days later;
2) The district court has abused its discretion to find the motion for reconsideration timely under rule 60(b) and considered under that rule's standard of review;
3) The district court has abused its discretion finding as moot the second rule 60(b) motion where the arguments are not repetitive and very different form the first rule 60(b) motion;
4) The district court has abused its discretion dismissing a pro se case without ever ruling on pending motion for discovery, appointment of counsel, and other important items.
Before the Court of Appeals for the First Circuit, Appeal No. 18-1850.

(iii) $300,000,000.00; 28 U.S.C. sections 1346(b); 1402(b); section 2401(b); sections 2671-80; Bivens Action; 42 U.S.C. section 1983; and 28 U.S.C. sections 2201 and 2201.

(iv) The Appellants and Appellees' Briefing were completed waiting a resolution by the First Circuit without include the Commonwealth Defendants.

(v) On March 13, 2018, in accordance with 28 U.S.C. section 1915A and section 1915(e)(2)(B) the Judge Daniel R. Dominguez entered an opinion and order (Doc.55), order (Doc.56), and Judgment (Doc.57) dismissing the movants complaint as frivolous (civil case no.18-3150). The appeal before the First Circuit is for a review of procedures under Fed.R.Civ.P. 59(e) and 60(b), lacking of any connection with or interference with the bankruptcy case.

②

---

# M Gmail

Israel Santiago <kikiarca43@gmail.com>

## tent to Seek Relief from the Automatic Stay ("Lift Stay Notice")

**Israel Santiago <kikiarca43@gmail.com>**
To: dperez@omm.com <dperez@omm.com>

Tue, Jan 12, 10:29 PM

LIFT STAY NOTICE REQUIREMENTS:

(i) IMO Investment S.E.
Israel Santiago-Lugo
U.S.M. 3 10947-069
FCI Talladega
P.M.B. 1000
Talladega, AL 35160

Celenia Reyes-Padilla
Res. Virgilio Davila
Edf. 15 Apt. 160
Bayamon, P.R. 00961

Jason Santiago-Rosado
Israel Santiago-Rosado
Daniel Santiago-Rosado
6624 Mission Club BLVD
Apt-306
Orlando, FL 32821

(ii) 1) The district court has abused its discretion denying a motion for reconsideration docketed timely under Fed.R.Civ.P. 59(e) where the Clerk without good reason taken off form the docket sheets days later;
2) The district court has abused its discretion to find the motion for reconsideration timely under rule 60(b) and considered under that rule's standard of review;
3) The district court has abused its discretion finding as moot the second rule 60(b) motion where the arguments are not repetitive and very different form the first rule 60(b) motion;
4) The district court has abused its discretion dismissing a pro se case without ever ruling on pending motion for discovery, appointment of counsel, and other important items.
Before the Court of Appeals for the First Circuit, Appeal No. 18-1850.

(iii) $300,000,000.00; 28 U.S.C. sections 1346(b); 1402(b); section 2401(b); sections 2671-80; Bivens Action; 42 U.S.C. section 1983; and 28 U.S.C. sections 2201 and 2201.

(iv) The Appellants and Appellees' Briefing were completed waiting a resolution by the First Circuit without include the Commonwealth Defendants.

(v) On March 13, 2018, in accordance with 28 U.S.C. section 1915A and section 1915(e)(2)(B) the Judge Daniel R. Dominguez entered an opinion and order (Doc.55), order (Doc.56), and Judgment (Doc.57) dismissing the movants complaint as frivolous (civil case no.18-3150). The appeal before the First Circuit is for a review of procedures under Fed.R.Civ.P. 59(e) and 60(b), lacking of any connection with or interference with the bankruptcy case.

③

## M Gmail

Israel Santiago <kiklarca43@gmail.com>

### tent to Seek Relief from the Automatic Stay ("Lift Stay Notice")

Israel Santiago <kiklarca43@gmail.com>
To: ubaldo.fernandez@oneillborges.com <ubaldo.fernandez@oneillborges.com>

Tue, Jan 12, 10:29 PM

LIFT STAY NOTICE REQUIREMENTS:
(i) IMO Investment S.E.    Celenia Reyes-Padilla    Jason Santiago-Rosado
     Israel Santiago-Lugo    Res. Virgilio Davila    Israel Santiago-Rosado
     U.S.M. 3 10947-069    Edf. 15 Apt. 160    Daniel Santiago-Rosado
     FCI Talladega    Bayamon, P.R. 00961    6624 Mission Club BLVD
     P.M.B. 1000      Apt-306
     Talladega, AL 35160      Orlando, FL 32821

(ii) 1) The district court has abused its discretion denying a motion for reconsideration docketed timely under Fed.R.Civ.P. 59(e) where the Clerk without good reason taken off form the docket sheets days later;
2) The district court has abused its discretion to find the motion for reconsideration timely under rule 60(b) and considered under that rule's standardard of review;
3) The district court has abused its discretion finding as moot the second rule 60(b) motion where the arguments are not repetitive and very different form the first rule 60(b) motion;
4) The district court has abused its discretion dismissing a pro se case without ever ruling on pending motion for discovery, appointment of counsel, and other important items.
Before the Court of Appeals for the First Circuit, Appeal No. 18-1850.

(iii) $300,000,000.00; 28 U.S.C. sections 1346(b); 1402(b); section 2401(b); sections 2671-80; Bivens Action; 42 U.S.C. section 1983; and 28 U.S.C. sections 2201 and 2201.

(iv) The Appellants and Appellees' Briefing were completed waiting a resolution by the First Circuit without include the Commonwealth Defendants.

(v) On March 13, 2018, in accordance with 28 U.S.C. section 1915A and section 1915(e)(2)(B) the Judge Daniel R. Dominguez entered an opinion and order (Doc.55), order (Doc.56), and Judgment (Doc.57) dismissing the movants complaint as frivolous (civil case no.16-3150). The appeal before the First Circuit is for a review of procedures under Fed.R.Civ.P. 59(e) and 60(b), lacking of any connection with or interference with the bankruptcy case.

## M Gmail

Israel Santiago <kiklarca43@gmail.com>

### tent to Seek Relief from the Automatic Stay ("Lift Stay Notice")

Israel Santiago <kiklarca43@gmail.com>
To: Hermann.Bauer@oneillborges.com <Hermann.Bauer@oneillborges.com>

Tue, Jan 12, 10:29 P

LIFT STAY NOTICE REQUIREMENTS:
(i) IMO Investment S.E.    Celenia Reyes-Padilla    Jason Santiago-Rosado
     Israel Santiago-Lugo    Res. Virgilio Davila    Israel Santiago-Rosado
     U.S.M. 3 10947-069    Edf. 15 Apt. 160    Daniel Santiago-Rosado
     FCI Talladega    Bayamon, P.R. 00961    6624 Mission Club BLVD
     P.M.B. 1000      Apt-306
     Talladega, AL 35160      Orlando, FL 32821

(ii) 1) The district court has abused its discretion denying a motion for reconsideration docketed timely under Fed.R.Civ.P. 59(e) where the Clerk without good reason taken off form the docket sheets days later;
2) The district court has abused its discretion to find the motion for reconsideration timely under rule 60(b) and considered under that rule's standardard of review;
3) The district court has abused its discretion finding as moot the second rule 60(b) motion where the arguments are not repetitive and very different form the first rule 60(b) motion;
4) The district court has abused its discretion dismissing a pro se case without ever ruling on pending motion for discovery, appointment of counsel, and other important items.
Before the Court of Appeals for the First Circuit, Appeal No. 18-1850.

(iii) $300,000,000.00; 28 U.S.C. sections 1346(b); 1402(b); section 2401(b); sections 2671-80; Bivens Action; 42 U.S.C. section 1983; and 28 U.S.C. sections 2201 and 2201.

(iv) The Appellants and Appellees' Briefing were completed waiting a resolution by the First Circuit without include the Commonwealth Defendants.

(v) On March 13, 2018, in accordance with 28 U.S.C. section 1915A and section 1915(e)(2)(B) the Judge Daniel R. Dominguez entered an opinion and order (Doc.55), order (Doc.56), and Judgment (Doc.57) dismissing the movants complaint as frivolous (civil case no.16-3150). The appeal before the First Circuit is for a review of procedures under Fed.R.Civ.P. 59(e) and 60(b), lacking of any connection with or interference with the bankruptcy case.



④

## M Gmail

Israel Santiago <kiklarca43@gmail.com>

### Intent to Seek Relief from the Automatic Stay ("Lift Stay Notice")

Israel Santiago <kiklarca43@gmail.com>
To: lmarini@mpmlawpr.com <lmarini@mpmlawpr.com>

Tue, Jan 12, 10:27 PM

LIFT STAY NOTICE REQUIREMENTS:
(i) IMO Investment S.E.    Celenia Reyes-Padilla    Jason Santiago-Rosado
     Israel Santiago-Lugo    Res. Virgilio Davila    Israel Santiago-Rosado
     U.S.M. 3 10947-069    Edf. 15 Apt. 160    Daniel Santiago-Rosado
     FCI Talladega    Bayamon, P.R. 00961    6624 Mission Club BLVD
     P.M.B. 1000      Apt-306
     Talladega, AL 35160      Orlando, FL 32821

(ii) 1) The district court has abused its discretion denying a motion for reconsideration docketed timely under Fed.R.Civ.P. 59(e) where the Clerk without good reason taken off form the docket sheets days later;
2) The district court has abused its discretion to find the motion for reconsideration timely under rule 60(b) and considered under that rule's standardard of review;
3) The district court has abused its discretion finding as moot the second rule 60(b) motion where the arguments are not repetitive and very different form the first rule 60(b) motion;
4) The district court has abused its discretion dismissing a pro se case without ever ruling on pending motion for discovery, appointment of counsel, and other important items.
Before the Court of Appeals for the First Circuit, Appeal No. 18-1850.

(iii) $300,000,000.00; 28 U.S.C. sections 1346(b); 1402(b); section 2401(b); sections 2671-80; Bivens Action; 42 U.S.C. section 1983; and 28 U.S.C. sections 2201 and 2201.

(iv) The Appellants and Appellees' Briefing were completed waiting a resolution by the First Circuit without include the Commonwealth Defendants.

(v) On March 13, 2018, in accordance with 28 U.S.C. section 1915A and section 1915(e)(2)(B) the Judge Daniel R. Dominguez entered an opinion and order (Doc.55), order (Doc.56), and Judgment (Doc.57) dismissing the movants complaint as frivolous (civil case no.16-3150). The appeal before the First Circuit is for a review of procedures under Fed.R.Civ.P. 59(e) and 60(b), lacking of any connection with or interference with the bankruptcy case.

⑥

## M Gmail

Israel Santiago <kiklarca43@gmail.com>

### IStgo: Proposed Course of Action (2) RE: ("Lift Stay Notice")- tent to Seek Relief from the Automatic Stay- Israel Santiago Lugo (IMO Investment)

Wandymar Burgos Vargas <wburgos@justicia.pr.gov>
To: "kiklarca43@gmail.com" <kiklarca43@gmail.com>
Cc: "Susana I. Peñagaricano Brown" <spenagaricano@justicia.pr.gov>, "Juan C. Ramirez Ortiz" <juramirez@justicia.pr.gov>

Fri, Jan 22, 2021 at 3:10 PM

Good afternoon:

Yesterday, I sent you a proposed course of action as approved by AAFAF/FOMB regarding your notice of lift of stay (see below). As of now, I have not seen in my inbox an email from you confirming the receipt.

I would greatly appreciate if you could confirm the receipt of the same.

Cordially,

f/WBV

## Lcda. Wandymar Burgos Vargas

*Abogada*

*Secretaria Auxiliar de lo Civil*

*Departamento de Justicia*

wburgos@justicia.pr.gov

Calle Teniente César González #677

Esq. Ave. Jesús T. Piñero

San Juan, PR 00919

P.O. Box 9020192

San Juan, PR 00902-0192

⑦

---

FROM: Santiago-Rosado, Israel
TO: 10947069
SUBJECT: Info
DATE: 01/23/2021 11:21:08 PM

Yesterday, I sent you a proposed course of action as approved by AAFAF/FOMB regarding your notice of lift of stay (see below). As of now, I have not seen in my inbox an email from you confirming the receipt.

would greatly appreciate if you could confirm the receipt of the same.

Es del mismo abogado

---

FROM: Santiago-Rosado, Israel
TO: 10947069
SUBJECT: Informacion
DATE: 01/23/2021 11:21:08 PM

Esteemed Mr. Santiago:

As per the protocol set by the court's order, after having the opportunity to evaluate movant's allegations and the information provided by the Commonwealth's legal representatives, the Commonwealth has determined, in coordination with AAFAF legal representatives, that the best course of action in this case is to modify the Automatic Stay entered in the appeal of reference solely to the limited extent necessary to enable the Prepetition Action to proceed to final judgment before the United States Court of Appeals for the First Circuit; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages, backpay and provisional remedies against the Commonwealth or any other Title III Debtor.

Please review the proposed course of action and if in agreement let us know so that the Commonwealth can proceed to draft a stipulation-after approval of AAFAF/FOMB of said draft.

Also, please acknowledge receipt of this email.

Cordially,

f/WBV

Lcda. Wandymar Burgos Vargas

---

TRULINCS 10947069 - SANTIAGO-LUGO, ISRAEL - Unit: TDG-G-A

FROM: Santiago-Rosado, Israel
TO: 10947069
SUBJECT: Info
DATE: 02/22/2021 11:06:08 PM

q t envie anterio fue part d las 37 paginas los email q envie fueron 7 y esto me lo envio wandymar
Good morning-

draft of the stipulation will be put together for your review. As soon as I receive it from AAFaF/FOMB, I will be forwarding it to you.

---

TRULINCS 10947069 - SANTIAGO-LUGO, ISRAEL - Unit: TDG-G-A

FROM: Santiago-Rosado, Israel
TO: 10947069
SUBJECT: Informacion
DATE: 03/25/2021 03:06:44 AM

Le escribi al abogado. T envira copia y me cntesto esto
I acknowledge receipt of the information requested.

I will be mailing the stipulation for review and approval to Israel Santiago Lugo. Nevertheless, as already mentioned previously, any substantial changes made need to be submitted again to AAFaF/FOMB for their consideration.

Cordially,

RULINCS 10947069 - SANTIAGO-LUGO, ISRAEL - Unit: TDG-G-A
------------------------------------------------------------

ROM: Santiago-Rosado, Israel
O: 10947069
UBJECT: Info
ATE: 04/06/2021 01:51:05 AM

Good afternoon. I acknowledge receipt of email below.

Reviewing the same, I have a doubt that I need to ask you to clarify.

Is the message below as to the review of the stipulation and changes to paragraphs #1 and #2 from your father Israel Santiago Lugo to whom I sent by mail copy of the draft of the stipulation?

Please confirm the above or otherwise clarify.

As soon as I receive your response, I will forward the changes to AAFaF and FOMB for consideration and approval and then get back.

---

RULINCS 10947069 - SANTIAGO-LUGO, ISRAEL - Unit: TDG-G-A
------------------------------------------------------------

ROM: Santiago-Rosado, Israel
O: 10947069
UBJECT: Legal
ATE: 04/09/2021 01:36:11 AM

Good afternoon, I acknowledge receipt of the additional changes to the stipulation. As mentioned before, I will forward them to AFaF and FOMB for review and approval.

As soon as I receive a response, I will let you know. At that time, I will also notify your father by mail.

In another note, the letter with copy of the stipulation was sent by certified mail. It appears the same still is in transit (see attached).

---

TRULINCS 10947069 - SANTIAGO-LUGO, ISRAEL - Unit: TDG-G-A
------------------------------------------------------------

FROM: Santiago-Rosado, Israel
TO: 10947069
SUBJECT: Legal
DATE: 04/08/2021 12:36:11 AM

Good afternoon. I have not seen in my inbox an email confirming or clarifying, if the message below concerning the proposed changes to paragraphs #1 and #2 of the attached stipulation, was from your father Israel Santiago Lugo.

Nevertheless, in order to keep moving this matter, the proposed changes were sent to AAFaF and FOMB. After careful consideration, the same cannot be accepted.

We are convinced and have to insist that the proposed stipulation to modify the stay is more than reasonable because allows the parties to argue their respective positions and the appeals court to decide. If the proposed stipulation is not agreed to by the Plaintiffs, and instead decide to move the court for stay relief, the Commonwealth will object to it. In the objection, we will bring to the attention of the court the efforts made in good faith by the Commonwealth to enter into an stipulation that allows the parties to litigate the case before the appeals court-the US Court of Appeals for the First Circuit (Boston).

I will be notifying the above to Israel Santiago Lugo at U.S.M. #10947-069 FCI Talladega P.M.B. 1000 Talladega, Al 35160.

If the movants-plaintiffs are in agreement with the attached stipulation, please let us know in order to proceed to sign.

---

TRULINCS 10947069 - SANTIAGO-LUGO, ISRAEL - Unit: TDG-G-A
------------------------------------------------------------

FROM: Santiago-Rosado, Israel
TO: 10947069
SUBJECT: Legal
DATE: 04/17/2021 09:36:19 AM

Having the Commonwealth and the Oversight Board the opportunity to evaluate Movant's proposed modifications to the stipulation, hereby we are attaching the stipulation resulting from said assessment.

As already explained below, the attached proposed stipulation to modify the stay allow the parties to argue their respective positions and leave to the Appellate Court to decide. That is, the attached stipulation would allow your case to be litigated in the Appellate Court, which is what you want. The stipulation does not take away or add any rights to anyone, it only preserves the rights that the parties already have.

If you agree with the same, please inform in order for the Commonwealth to proceed signing it and sending it to you for your subsequent signature.

Please, be mindful that any substantive change would require the review and approval of the Board anew.

I will be sending copy of the attached stipulation to Mr. Israel Santiago Lugo by mail.

FROM: Santiago-Rosado, Israel
TO: 10947069
SUBJECT: Legal
DATE: 04/27/2021 11:21:11 PM

Mr. Santiago Rosado:

I am following up on this pending matter. Please inform if you agree with the attached stipulation approved by the Oversight Board.

As already explained below, the attached proposed stipulation to modify the stay allows the parties to argue their respective positions, allowing the Appellate Court to decide the case. That is, the attached stipulation would allow your case to be litigated in the Appellate Court, which is what you want. The stipulation does not take away or add any rights to anyone, it only preserves the rights that the parties already have.

If you agree with the same, please inform in order for the Commonwealth to proceed signing it and sending it to you for your subsequent signature.

Please, be mindful that any substantive change would require the review and approval of the Board anew.

---

RULINCS 10947069 - SANTIAGO-LUGO, ISRAEL - Unit: TDG-G-A

FROM: 10947069
TO: Santiago-Rosado, Israel
SUBJECT: Legal
DATE: 04/09/2021 02:48:49 PM

Dios t bendigal. Ya tengo recibido tu email. Cuando pueda envia este email a la abogada:

We are not agree with the proposed Stipulation because a good faith does not exists. The Stipulation must be modified the paragraphs numbers 1,2,4,6,7,8,9, and 10. A Stipulation in good faith is to the benefit of all parties; e.g., the paragraph # 1 is according Healthpromed Found, Inc., v. HHS, 982 F.3d 15, 19 (1st cir.2000)("The Title III stay is hereby modified solely to the limited extent necessary to allow (a) the pending appeals for the United States Court of Appeals for the First Circuit Appeals Nos. 17-1731, 17-1812, and 19-1336 to proceed to judgment..."). Where are the good faith?.
It is undisputed, the Stipulation that you proposed pretend to rescue any rights, claims, or defense waived before the district court, even though this appeal is only a review the Plaintiffs' motions under Fed.R.Civ.P. 59(e) and 60(b), where an officer of the Court committed fraud upon the Court. See, Villafane-Neriz v. Fed Deposit Ins. Cor, 75 F.3d 727, 734 (1st cir.1996)("this court will not consider an argument presented for the first time on appeal").
Instead, the Commonwealth legal representative ignored that the United States of America (the party of most interest in this appeal) waived the Briefing Schedule on March 3, 2020. Recently, the United States of America conceded before the Court of Appeals for the First Circuit in Appeal Nos.20-1594 and 20-1776, Plaintiff Israel Santiago-Lugo "may be eligible for a reduction in sentence" and requested a "remand to the district court for further proceedings"; i.e., the unconstitutional convictions may be vacated. See, Crim No.95-029(ADC), Doc.2959 p.17; U.S. v. Bethea, 2021 U.S.App.LEXIS 1675 (4th cir.2021)(Because the BSA did not permit life imprisonment without release, his sentence was illegal); U.S. v. Witting, 576 F.3d 1085, 1094 (10th cir.2009)(Because no convictions remained by this point to support the forfeiture count, we reversed it as well).
Obviously, the Commonwealth pretend to take advantage because we are in pro se, but your Stipulation must be amended to effect all parties interests. If you do not agree with the amendments, please explain in detail each one of them.
We understand the propose amendments are reasonable for all parties since compare with other Stipulations from different cases. See, e.g., In re Fin. Oversight & Mgmt. Bd. for P.R., 2017 U.S.Dist.LEXIS 161535 (D.P.R. 2017).
Finally, litigate the case before the Court of Appeals for the First Circuit only need to follow the Fed.R.App.P..
Please, send me the new Stipulation modified to the benefit of all parties.
Thank you in advance.

---

FROM: Santiago-Rosado, Israel
TO: 10947069
SUBJECT: Legal
DATE: 05/04/2021 02:51:21 PM

I acknowledge receipt of your electronic mail. I will inform AAFAF of your response as to the draft stipulation. I will get back to you, as soon as I receive input from AAFAF and the Oversight Board

---

TRULINCS 10947069 - SANTIAGO-LUGO, ISRAEL - Unit: TDG-G-A

FROM: 10947069
TO: Santiago-Rosado, Israel
SUBJECT: Legal
DATE: 04/07/2021 10:02:06 AM

Dios t bendigal. T estoy enviando la respuesta q db d enviar a la abogada.

Dear Susama I. Pe~agaricano Brown:
My father Israel Santiago-Lugo has not received yet any correspondece from your person, however, to ensure everything is well, my father has knowledge about any emails you sent me, and each one of them I sent to him. Once clarified your concern, please take notice that the paragraphs #4, #6, #7, #8, #9, and #10 should read as follows:
4) Neither this Stipulation nor any statment made, action, or position taken, or document prepared or executed in connection with the negotiation, execution, or implementation of this Stipulation shall be deemed to be, or construed as, (a) an admission by any party of any liability, wrongdoing, act, or matter or that any claim or defense has or lacks merit; (b) a waiver of the Commonwealth's rights to dispute, contest, setoff, or recoup any claim before the district court, (c) a waiver of Movants' or the Commonwealth's rights to determine and/or contest the applicability of a discharge to any judgment that may be issued in the Appeal pursuant to 11 U.S.C. section 944, as made applicable to these procceedings by virtue of PROMESA section 301(a); or (d) an approval or assumption of any agreement or contract between the parties under Bankruptcy Code section 365.
6) The Stipulation contains the single agreement by and the between the parties with respect to the Appeal pending before the United States Court of Appeals for the First Circuit in Appeal no. 18-1850, and all prior understandings or agreements, if any, will be stipulated upon a new Stipulation to proceeds before the district court.
7) This Stipulation shall be construed and interpreted in accordancace with the laws of Puerto Rico, and Federal law. The preparation of this Stipulation has been a joint effort of the Signatories and the resulting document shall not, solely as a matter of judicial construction, be construed more severely against one of the Signatories than the other.
8) Each Signatory shall take such actions and sign such documents as necessary or desirable to carry out this Stipulation, and may be signed in counterpart originals as if signed in one original document. Emailed scans of this Stipulation signed by a Signatory shall be deemed an original for all purpose.
9) This Stipulation may not be modified other than by a signed writing by the Signatories.
10) The district court shall retain jurisdiction to hear any matters or disputes arising from or related to the implementation, interpretation, and enforcement of this Stipulation.

RULINCS 10947069 - SANTIAGO-LUGO, ISRAEL - Unit: TDG-G-A

ROM: 10947069
O: Santiago-Rosado, Israel
UBJECT: Legal
ATE: 03/29/2021 07:38:27 AM

od bless you!.
I hope that all is okay. I send you this message to the person than sent you the information, when you have a little time sent to
er:

Dear Susana I. Pe-agaricano Brown:

I have received the "draft" to modify the automatic stay in oure appeal before the Court of Appeals for the First Circuit,
appeal No. 18-1850. After carefully review, the paragraphs one(1) and two(2) should read as follows:
1) The Title III Stay is hereby modified solely to the limited extent necessary to enable the Appeal to proceed to final judgment
before the Appeals Court, where the Commonwealth has not the intention to file any brief to dispute the Movant's arguments.
2) Nothing contained in this stipulation shall operate as a waiver or modification of the Title III Stay so as to permit the
prosecution against the Commonwealth or any of the other Title III debtors of any claim or claims by anyone other than Movants
as provided for herein.

---

TRULINCS 10947069 - SANTIAGO-LUGO, ISRAEL - Unit: TDG-G-A

FROM: Santiago-Rosado, Israel
TO: 10947069
SUBJECT: Informacion
DATE: 03/22/2021 01:06:39 PM

In re:

THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,

as representative of

THE COMMONWEALTH OF PUERTO RICO, et al.,

Debtors.

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

In re:

THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,

as representative of

THE COMMONWEALTH OF PUERTO RICO

Debtor.

PROMESA
Title III

No. 17 BK 3283-LTS

This Stipulation relates only to the Commonwealth.

STIPULATION MODIFYING THE AUTOMATIC STAY BETWEEN THE COMMONWEALTH OF PUERTO RICO AND IMO
INVESTMENT S.E., ISRAEL SANTIAGO LUGO, DANIEL SANTIAGO ROSADO, CELENIA REYES PADILLA, ISRAEL
SANTIAGO ROSADO AND JASON SANTIAGO ROSADO

This stipulation (the "Stipulation") is made as of _____, 2021, by and between the Commonwealth of Puerto Rico (the
"Commonwealth") and IMO Investment S.E., Israel Santiago Lugo, Daniel Santiago Rosado, Celenia Reyes Padilla, Israel
Santiago Rosado and Jason Santiago Rosado (collectively, "Movants"), plaintiffs-appellants in the case captioned Santiago-
Lugo, et al. v. United States, et al., Case No. 18-1850 (the "Appeal"), pending before the United States Court of Appeals for the
First Circuit (the "Appeals Court").
RECITALS

WHEREAS, on May 3, 2017, the Commonwealth, by and through the Oversight Board, as the Commonwealth's representative
pursuant to PROMESA section 315(b), filed a petition with the District Court under title III of PROMESA (the "Title III Case");
WHEREAS, on August 17, 2017, the District Court entered the Order Amending Case Management Procedures (as amended
from time to time, the "Case Management Order"), which revised the Notice, Case Management and Administrative Procedures

---

RULINCS 10947069 - SANTIAGO-LUGO, ISRAEL - Unit: TDG-G-A

implement a protocol (the "Lift Stay Protocol") for filing motions for relief from the automatic stay set forth in Bankruptcy Code
sections 362(a) and 922(a), as made applicable to the Title III Case by PROMESA section 301(a) (the "Title III Stay") [ECF No.
5894-1];
WHEREAS, under the Lift Stay Protocol, Movants are required to (a) send notice (the "Lift Stay Notice") to counsel to the
Oversight Board and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") to advise them of Movants'
intent to seek relief from the Title III Stay at least fifteen (15) business days prior to filing a motion seeking such relief (the "Lift
Stay Notice Period") and (b) meet and confer with the Commonwealth during the Lift Stay Notice Period;
WHEREAS, on January 12, 2021, Movants sent their Lift Stay Notice to the Oversight Board and AAFAF seeking relief from the
Title III Stay in order to allow Movants to proceed with the Appeal;
WHEREAS, during the Lift Stay Notice Period, the Parties hereto have resolved Movants' request for modification of the Title III
Stay.

---

TRULINCS 10947069 - SANTIAGO-LUGO, ISRAEL - Unit: TDG-G-A

FROM: Santiago-Rosado, Israel
TO: 10947069
SUBJECT: Informacion
DATE: 03/22/2021 01:06:39 PM

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among Commonwealth and Movants, through their
respective counsel, each of whom represent and warrant they possess the requisite authority to bind the respective Parties
hereto, as follows:
1. The Title III Stay is hereby modified solely to the limited extent necessary to enable the Appeal to proceed to final judgment
before the Appeals Court; provided, however, the Title III Stay shall continue to apply in all other respects to the Appeal,
including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages and
provisional remedies against the Commonwealth or any other Title III debtor.
2. Nothing contained in this Stipulation shall operate as a waiver or modification of the Title III Stay so as to permit the
prosecution against the Commonwealth or any of the other Title III debtors of any claim or claims by anyone other than Movants
as provided for herein and the Commonwealth reserves all rights, defenses, and protections with respect to any and all matters
pending or that may arise in the Title III Case, including the treatment of any claim arising from the Appeal under a plan of
adjustment or otherwise in the Title III Case.
3. The Commonwealth and Movants each represent and warrant that they are properly and fully empowered to enter into and
execute this Stipulation, that they know of no contractual commitment or legal limitation of, impediment to, or prohibition against
their entry into this Stipulation, and that the Stipulation is legal, valid, and binding upon them.
4. Neither this Stipulation nor any statement made, action, or position taken, or document prepared or executed in connection
with the negotiation, execution, or implementation of this Stipulation shall be deemed to be, or construed as, (a) an admission
by any party of any liability, wrongdoing, act, or matter or that any claim or defense has or lacks merit; (b) a waiver of the
Commonwealth's rights to dispute, contest, setoff, or recoup any claim, including any claims asserted by Movants in the Appeal,
or assert any related rights, claims, or defenses and all such rights are reserved; (c) a waiver of Movants' or the
Commonwealth's rights to determine and/or contest the applicability of a discharge to any judgment that may be issued in the
Appeal pursuant to 11 U.S.C. § 944, as made applicable to these proceedings by virtue of PROMESA section 301(a); or (d) an
approval or assumption of any agreement or contract between the parties under Bankruptcy Code section 365.
5. Nothing in this Stipulation shall be deemed or construed as (a) creating or conferring any right upon any persons or entities
(other than Movants as expressly provided in this Stipulation), or (b) evidence of any willingness or obligation on the
Commonwealth's part to consent to any other or future modifications of or relief from the Title III Stay with respect to any
persons or entities.
6. This Stipulation contains the entire agreement by and between the parties with respect to the subject matter hereof, and all
prior understandings or agreements, if any, are merged into this Stipulation.
7. This Stipulation shall be construed and interpreted in accordance with the laws of Puerto Rico. For purposes of construing
this Stipulation, neither of the parties shall be deemed to have been the drafter of the Stipulation.
8. Electronic copies of signatures on this Stipulation are acceptable, and an electronic copy of a signatures on this Stipulation is
deemed an original. This Stipulation may be executed in counterparts, each of which is deemed an original, but when taken
together constitute one and the same document.
9. This Stipulation may not be modified other than by a signed writing executed by the parties hereto.
10. The District Court shall retain jurisdiction to hear any matters or disputes arising from or relating to this Stipulation.
11. This Stipulation shall be immediately effective and enforceable upon execution by the parties hereto.

FROM: Santiago-Rosado, Israel
TO: 10947069
SUBJECT: Informacion
DATE: 03/22/2021 01:06:39 PM

Remainder of Page Intentionally Left Blank

IN WITNESS WHEREOF and in agreement herewith, by and through their respective counsel, the Parties have executed and delivered this Stipulation as of the date first set forth above.

DOMINGO EMANUELLI HERNÁNDEZ
Secretary of Justice

/s/
SUSANA I. PEÑAGARICANO BROWN
USDC 219907
Deputy Secretary in Litigation
Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Phone: 787-721-2900 Ext. 1404
penagaricano@justicia.pr.gov

Attorney for the Commonwealth of Puerto Rico

/s/
RIO INVESTMENT S.E.
Israel Santiago Lugo
F.S.M. 3 10947-069
FCI Talladega
P.M.B. 1000
Talladega, AL 35160
Email: kkiarca43@gmail.com
Pro Se

/s/
Celenia Reyes-Padilla
Res. Virgilio Dávila
Edif. 15 Apt. 160
Bayamón, PR 00961
Pro Se

/s/
Daniel Santiago-Rosado
124 Mission Club BLVD
Apt. 306
Orlando, FL 32821
Pro Se

/s/
Nelson Santiago-Rosado

Pro Se

/s/
Israel Santiago-Rosado
Pro Se

---

FROM: 10947069
TO: Santiago-Rosado, Israel
SUBJECT: Legal
DATE: 05/01/2021 12:35:11 PM

Envíe el siguiente email a la abogada:

Dear Mrs. Peñagaricano Brown:

I have receive your letter dated on April 19, 2021, with a draft Stipulation, however, reading the Stipulation I found that the paragraphs numbers 6,7 and 10 were changed, or added minimum details.

We have been suing many individuals, federal and state employees, at least 5 individuals (Miguel Andaluz-Baez, Neftalí Lopez, Jose Quiles Torres, Maria L Colon Guerra and Harriet C. Castrodad Rivera) acts under color of state law, they were sued in their official and INDIVIDUAL capacities. Under undivual capacity PROMESA does not cover this point. See, Colon-Colon v Negron-Fernandez, 2018 U.S.Dist.LEXIS 80966 (D.P.R. 2018)(The stay, however, does not apply to individual capacity claims brought against Commonwealth government officials). Here, at least 1 individual (Miguel Andaluz Baez) was assigned to the Task Force of Drug Enforcement Administration ("DEA") can act under color of federal law if they are acting solely pursuant to federal authority. See, Askew v. Bloemker, 548 F.2d 673, 677 (7th cir.1976)(city police assigned to a federal agency acted under color of federal law); Bordeaux v. Lynch, 958 F.Spp 77, 84 (N.D.N.Y. 1997)(same). Thus, many individuals generally act under color of federal and not state law, PROMESA does not apply. See, District of Columbia v. Carter, 409 U.S. 418, 424, 93 S.Ct 602 (1976); Settles v. U.S. Parole Com'n, 429 F.3d 1098, 1104 (D.C. cir.2005)("section 1983 does not apply to federal officials acting under color of federal law")(citations omitted).

As matter of facts previously stated, the paragraphs 1,2,4 and 6 should be modified; e.g., the paragraph 1 does not falls within In re Fin. Oversight & Mgmt. Bd. for Puerto Rico, 2021 U.S.Dist.LEXIS 53822 (D.P.R. March 21, 2021)(The automatic stay is lifted only (i) to the exact necessary to permit Movant to take such action and allow any future litigation commenced...to proceed to final judgment, including all appeals....). Also, paragraph # 8 should be amended because I have not access unlimited to the computer, and another party (Celenia Reyes-Padilla) has 72 age old, without knowledge to use a computer.

---

FROM: Santiago-Rosado, Israel
TO: 10947069
SUBJECT: Legal
DATE: 05/19/2021 03:06:26 AM

As to paragraph #1, we suggest the following language, subject to AAFAF and FOMB's approval/signoff (we also propose language highlighted in the attached draft stipulation):

The Title III Stay is hereby modified solely to the limited extent necessary to allow the Prepetition Action to proceed to final judgment before the United State Court of Appeals for the First Circuit (Case No. 18-1850), and the Supreme Court of the United States; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment for money damages or any other relief that on the disbursement of funds by the Commonwealth or any other Title III Debtor, and provisional remedies against the Commonwealth or any other Title III Debtor.

As to ¶8, the electronic signature does not exclude those who are not able to sign electronically. The other movants, not able to sign electronically, may sign the document/stipulation the ordinary way, with ink.

No other changes are required.

The proposed course of action allows Movants in an easy and cost-effective way to proceed with the case on the appellate court.

As previously stated, the above suggested language in paragraph #1 requires the approval of AAFAF and UB (Oversight Board).

Please, confirm receipt of the email and inform if Movants agree with the proposed course of action so that can proceed to inform AAFAF/FOMB.

ROM: 10947069
O: Santiago-Rosado, Israel
UBJECT: Legal
ATE: 05/22/2021 02:35:11 PM

ear Mrs. Pa~agaricano Brown:

We gave the opportunity to offer a reasonable Stipulation, but the chafes are minimus. We need to proceeds forward because e appeal is stock.

As a matter of fact, the First Step Act of 2018, Pub. L. No.115-391, section 404, 132 Sta. 5194, 5222 (2018); RICHARDSON . U.S., 526 U.S. 813, 818 (1999); U.S. V. SANTOS, 128 S.CT 2020 (2008); U.S. V. CANDELARIA-SILVA, 714 F.3d 651 (1st r.2013); and U.S. V. SMITH, 954 F.3d 446 (2020), requires t o change the lawsuit contents against some Appellees-efendants to proceeds otherwise involved in the criminal case no. 95-029(ADC). See, KING V. HARDWOOD, 852 F.3d 568, i91 (6th cir.2017)(we therefore reverse as to King's claim for malicious prosecution against Hardwood);LESSARD V. CRAVITZ, 56 Fed.Appx 581, 587 (10th cir.2017)(Mr. Lessard has no existing "conviction" that could be affected by his malicious-rosecution claim. His claims are thus not subject to the Heck bar); CLAY V. ALLEN, 242 F.3d 679, 681 (5th cir.2001)(a criminal lefendant may initiate a section 1983 suit if the state court has merely reversed the conviction). The errors committed started n August 17, 1993, a continue without stop until the day of today, where the Appellees seized many properties, and ncacerated Appellants with the intention to cover up their bad actions. In other words, Appellants have an opportunity following he cases above mentioned to obtain a minimum of $1 million per year of false imprisonment. See, LIMONE V. U.S., 497 .Supp.2d 143, 243-45 (D. Mass. 2007)(citing RAMIREZ V. LOS ANGELES COUNTY SHERIFF'S OFFICE, No.2:04-cv-06102-3AF-F,P, 2006 WL 1428310 (C. D. Cal/ Feb. 16, 2006)($18 million in compensatory damages for malicious prosecution that esulted in ten months' incarceration); MARK DIAZ BRAVO V. GIBLIN, No. B125242, 2002 Cal. pp. Unpub.LEXIS 10494, 2002 wl 31547001, AT 24 (Cal. App.2d Dist. Nov. 18, 2002)("$3,537,000 to compensate [Plaintiff] for 1,179 day of incarceration at rate of $3,000 per day" or $1,095,000 per year, in addition to $1 million for emotional damages uffered prior to sentencing); NESOME V. MCCABE, 319 F.3d 303 (7th cir.2003),cert.denied, 539 U.S. 943, 123 S.CT. 2621, 156 L.Ed.2d 630 (2003)($15 million in compensatory damages for malicious prosecution that resulted in 15 year imprisonment, r $1 million per year); JONES V. CITY OF CHICAGO, No. 83 C2430, 1987 U.S.DIST.LEXIS 10510, 1987 WL 19800, at 1 (N.D. l. Nov. 10, 1987)aff'd in part, 856 F.2d 985 (7th cir.1988)("$71,100 for false arrest; $71,100 for intentional infliction of emotional istress; $355,500 for false imprisonment; and $213,300 for malicious prosecution" resulting in one month's imprisonment, or 8,532,000 per year).

The Stipulation must be as follows:

1) The Title III Stay is hereby modified solely to the limited extent necessary to permit Movants to take such action and allow any future litigation commenced to proceed to final judgment before the United States Court of Appeals for the First Circuit (Case No. 18-1850), including all appeals, and Supreme Court of the United States; provided, however, the Title III Stay shall continue to apply in all other respects to the Appeal, including only oficial capacity and excluding individual capacity, but not limited to, the execution and enforcement of any judgment for money damages against the Commonwealth or any other Title III debtor, where the Commonwealth has not the intention to file any brief to dispute the Movants' arguments in this appeal;

2) Nothing contained in this Stipulation shall operate as a waiver or modification of the Title III Stay so as to permit the prosecution against the Commonwealth or any of the other Title III debtors of any claim or claims by anyone other than Movants as provided for herein and the Commonwealth reserves all rights, defenses, and protections following the Civil Procedure Rules and Appellate Procedure Rules, with respect to any and all matters pending or that may arise in the Title III Case, including the treatment of any claim arising from the Appeal under a plan of adjustment or otherwise in the Title III Case;

3) The Commonwealth and Movants each represent and warrant that they are properly and fully empowered to enter into and execute this Stipulation, that they know of no contractual commitment or legal limitation of, impediment to, or prohibition against their entry into this Stipulation, and that the Stipulation is legal, valid, and binding upon them;

4) Neither this Stipulation nor any statement made, action, or position taken, or document prepared or executed in connection with the negotiation, execution, or implementation of this Stipulation shall be deemed to be, or construed as, (a) an admission by any party of any liability, wrongdoing, act, or matter or that any claim or defense has or lacks merit; (b) a waiver of the Commonwealth's rights to dispute, contest, setoff, or recoup any claim, including any claims asserted by Movants in the appeal, or assert any related rights, claims, or defenses and all such rights are resrved following the civil procedeue rules and appellate procedure rules; (c) a waiver of Movants' or the Commonwealth's rights to determine and/or contest the applicability

of a discharge to any judgment that may be issued in the Appeal pursuant to 11 U.S.C. section 944, as made epplicable to these proceedings by virtue of PROMESA section 301(a); or (d) an approval or assumption of any agreement or contract between the parties under Bankruptcy Code section 365;

5) Nothing in this Stipulation shall be deemed or construed as (a) creating or conferring any right upon any persons or entities (other than Movants as expressly provided in this Stipulation), or (b) evidence of any willingness or obligation on the Commonwealth's part to consent to any other or future modifications of or relief from the Title III Stay with respect to any persons or entities;

6) This Stipulation contains the entire agreement by and between the parties with respect to the Appeal (Case No. 18-1850), any future litigation commenced to final judgment, including all appeals, and Supreme Court of the United States, subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation. Any further modification of the Title III Stay shall be made in accordance with the Lift Stay Protocol;

7) This Stipulation shall be construed and interpreted in accordance with the laws of Puerto Rico, and federal laws. The preparation of this Stipulation has been a joint effort of the Signatories and the resulting document shall not, solely as a matter of judicial construction, be construed more severely against one of the Signatories than the other;

8) Each Signatory shall take such actions and sign such documents as necessary or desirable to carry out this Stipulation, and may be signed in counterpart originals as if signed in one original document. Electronic copies of signatures on this Stipulation are acceptable, and an electronic copy of a signature on this Stipulation is deemed an original, but when taken together constitute one and the same document. Emailed scans of this Stipulation signed by a Signatory also shall be deeemed an original for all purpose;

9) This Stipulation may not be modified other than by a signed executed by the parties hereto;

10) The District Court shall retain jurisdiction to hear any matters or disputes arising from or relating to the implementation and enforcement of this Stipulation;

11) This Stipulation shall be immediately effective and enforceable upon execution by the parties hereto.

If you not agree with our proposal to proceeds forward let me know to file any motion before the federal Judge Laura Taylor Swain, and give her the opportunity to determine this issue.

Like you says, "the proposed course of action allows [the parties] in an eacy and cost-effective way to proceed with case at the appellate level", and any future litigation commenced to proceed to final judgment before the court of appeals.

I guess this Stipulation fall within a reasonable agreement between the parties.

Please, send me the Stipulation accord my suggestion as soon as possible.

Thank you in advance.

---

RULINCS 10947069 - SANTIAGO-LUGO, ISRAEL - Unit: TDG-G-A

ROM: Santiago-Rosado, Israel
O: 10947069
UBJECT: RE: Legal
ATE: 05/29/2021 03:51:18 PM

acknowledge receipt of your response. I will forward to AAFAF/FOMB for their review and determination. As soon as I receive response from them I will inform.

3RAEL SANTIAGO-LUGO on 5/26/2021 1:23:57 PM wrote:
)d. Cuando reciba alguna respuesta dejame saber. Nuevamente t recuerdo q necesito copias d los emails q ella t a enviado, y s q tu le tiene enviado, tal vez tendre q someter una mocion ante la corte d quiebra para q el proceso continue. Dios t endiga.
—Santiago-Rosado, Israel on 5/26/2021 1:51 AM wrote:

'a c los envie

SRAEL SANTIAGO-LUGO on 5/23/2021 12:50:45 PM wrote
)ios t bendiga!. Espero q t encuentre bien. T envie una email para q c lo haga llegar a tu abogada, tan pronto lo envie onfirmame q lo enviaste. Tal vez tendre q someter una mocion a la corte d quiebra necesitare todos los emails q la abogada t enviado, igualmente lo q tu le tiene enviado. Por supuesto, el primer email q le enviamos ya me enviaste copias, no tiene q olver a enviarmelo.

---

TRULINCS 10947069 - SANTIAGO-LUGO, ISRAEL - Unit: TDG-G-A

FROM: Santiago-Rosado, Israel
TO: 10947069
SUBJECT: Legal
DATE: 06/24/2021 01:06:07 AM

We decline your proposed course of action. AAFAF and FOMB stand by the last stipulation sent to you on May 18, 2021, here attached.. If Movant is not in agreement with this stipulation, no modification is possible.

## Document 1 (Page 9)

**REPORT OF INVESTIGATION** — Page 1 of 2

- 5. By: (b)(7)(C);(b)(7)(F)  S/A
- At: Enforcement (b)(7)(C);(b)(7)(F), San Juan, Puerto Rico
- 6. File Title: SANTIAGO-Lugo, Israel
- 8. Date Prepared: January 16, 1996
- 10. Report Re: Trial/Conviction of Defendants.

**DETAILS**

1. On February 9, 1995, Israel SANTIAGO-Lugo and thirty members of his organization were indicted in the District of Puerto Rico (criminal number 95-029JAF) for numerous violations of the Controlled Substance Act. SANTIAGO and five of his codefendants were charged with operating a Continuing Criminal Enterprise in violation of Title 21, United States Code, Section 848.

2. On September 13, 1995, trial commenced in the District of Puerto Rico before U.S. District Court Judge Jose A. Fuste. Court proceedings for SANTIAGO and his codefendants had to be split due to the large number of defendants. The initial trial dealt with the charges against SANTIAGO and twelve codefendants as well as adjudicating the civil/criminal seizures of Exhibits N-1 through N-22.

3. The trial continued until December 13, 1995, at which time all the defendants except Angel M. ANDRADES-Marrero were found guilty by jury; the jury had become deadlocked on a verdict for ANDRADES. All seized assets were ordered forfeited by the court. Except for (b)(7)(C) ANDRADES and (b)(7)(C) the subjects listed below in the indexing section are those convicted in the first trial. The adjudicated defendants are to be sentenced by Judge Fuste in March 1996 at which time DEA-210's will be prepared detailing their final dispositions.

4. A trial for ANDRADES and the remaining defendants will probably commence in the Spring of 1996 depending on the outcome of any plea negotiations.

**INDEXING SECTION**

1. SANTIAGO-Lugo, Israel; NADDIS (b)(7)(C) FBI number (b)(7)(C)
2. (b)(7)(C)
3. REYES-Padilla, Celenia; NADDIS (b)(7)(C) FBI number (b)(7)(C)
4. (b)(7)(C)
5. (b)(7)(C)

13. Date: 2/1/96
15. Date: 2/1/96

## Document 2 (Page 1 of 3)

**REPORT OF INVESTIGATION** — Page 1 of 3

- 3. File No.: 05-93-0048
- At: Enforcement Group 1, San Juan, Puerto Rico
- 6. File Title: SANTIAGO-Lugo, Israel
- 8. Date Prepared: October 5, 1993
- 10. Report Re: Execution of Seizure Warrants on August 17, 1993.

**DETAILS:**

1. On August 17, 1993, a joint investigation by the San Juan District Office and the Internal Revenue Service/Criminal Investigation Division resulted in the seizure of properties by the U.S. Marshal Service. The seizure warrant (93-155JP/HL) issued by U.S. Magistrate Judge Jesus A. Castallanos was served on properties in the name of Israel SANTIAGO-Lugo and IMO INVESTMENTS. Two Texaco gasoline stations with contents, four residential properties with contents, one vacant lot, one jet ski, seven vehicles, six bank accounts, and one Paine Weber Investment account were seized. Furniture, cellular telephones and office equipment were also seized by the U.S. Marshal Service.

2. One computer, financial records and business papers from various locations were seized by IRS/CID for evidentiary purposes. No arrests were made during service of the seizure warrants. However, a criminal investigation is still ongoing.

3. The following is a list of seized properties, bank accounts and vehicles:

Exhibit N-1 — one two-story cement house located at Ibiza Street, Number 72, Paseo Las Brisas, Rio Piedras, Puerto Rico; 16,565 acres; Lot 60,658, with contents.
Appraised Value: $350,000.00

Exhibit N-2 — one rural lot, number 11,429, with a Texaco Gasoline Station (1,000 square feet) located at Carretera 165, Barrio Contorno, Toa Alta, Puerto Rico, with all contents.
Appraised Value: $900,000.00

Exhibit N-3 — one two-story cement house located at Block 15A, 14th Street, Reparto Valencia, Hato Tejas, Bayamon, Puerto Rico, with all contents.
Appraised Value: $70,000.00

11. DISTRIBUTION: REGION NFD/DIG; OTHER OEH; NK; CCF; NPSF
13. Date: 10/28/93
15. Date: 10/28/93

0000061

## Document 3 (Page 2 of 3) — 10 of 11

**REPORT OF INVESTIGATION (Continuation)** — Page 2 of 3

- 1. File No.: 05-93-0048
- 3. File Title: SANTIAGO-Lugo, Israel
- 6. Date Prepared: October 5, 1993

Exhibit N-4 — one two-story cement house located at Reparto Montanes, Barrio Pajaros, Bayamon, Puerto Rico; Lot Number 18, with all contents.
Appraised Value: $150,000.00

Exhibit N-5 — one two-story cement house located at Carretera 165, kilometer 9.5, Barrio Contorno, Toa Alta, Puerto Rico, with all contents.
Appraised Value: $130,000.00

Exhibit N-6 — one vacant lot next to Block 15-A, 14th Street, Reparto Valencia, Hato Tejas, Bayamon, Puerto Rico.
Appraised Value: $50,000.00

Exhibit N-7 — bank account number 240708533 in the name of Israel SANTIAGO-Lugo at Banco Popular de Puerto Rico, Cupey Branch, Cupey, Puerto Rico.
Balance: $677.80
— 3496656

Exhibit N-8 — bank account number 054033411 in the name of Israel SANTIAGO-Lugo at Banco Popular de Puerto Rico, Cupey Branch, Cupey, Puerto Rico.
Balance: $2,777.95

Exhibit N-9 — bank account number 35049448 in the name of Israel SANTIAGO-Lugo (IMO INVESTMENT) at Banco Popular de Puerto Rico, San Jose Shopping Center, Rio Piedras, Puerto Rico.
Balance: $3,211.17
— 3496659

Exhibit N-10 — bank account number 059868287 in the name of Israel SANTIAGO-Lugo (ISRAEL SERVICE STATION TOA ALTA), at Banco Popular de Puerto Rico, Toa Alta Branch, Toa Alta, Puerto Rico.
Balance: $11,729.85
— 3496660

Exhibit N-11 — bank account number 240020035 in the name of Israel SANTIAGO-Lugo (SANTIAGO & ASSOCIATES) at Banco Popular de Puerto Rico, Bayamon, Puerto Rico.
Balance: $1,392.00

Exhibit N-12 — bank account number 054822242 in the name of Israel SANTIAGO-Lugo (ISRAEL SERVICE STATION COROZAL) at Banco Popular de Puerto Rico, Corozal, Puerto Rico.
Balance: $10,922.20
— 3496664

Exhibit N-13 — 1993 Mitsubishi GT-300 registered to Israel SANTIAGO-Lugo.
Appraised Value: $46,753.54

00000612

## Document 4 (Page 3 of 3) — 11 of 11

**REPORT OF INVESTIGATION (Continuation)** — Page 3 of 3

- 1. File No.: 05-93-0048
- 3. File Title: SANTIAGO-Lugo, Israel
- 6. Date Prepared: October 5, 1993

Exhibit N-14 — 1991 Honda CRX 2-door registered to Israel SANTIAGO-LUGO.
Appraised Value: $6,137.00

Exhibit N-15 — 1990 Volvo 4-door registered to Israel SANTIAGO-Lugo.
Appraised Value: $36,500.00

Exhibit N-16 — 1989 Ford Van E-250 Cargo Van registered to Israel SANTIAGO-Lugo.
Appraised Value: $7,900.00

Exhibit N-17 — 1993 Mitsubishi Galant 4-door registered to Orlando SANTIAGO-Perez.
Appraised Value: $20,000.00

Exhibit N-18 — 1992 Mitsubishi Montero SR 4-door registered to Israel SANTIAGO-Lugo.
Appraised Value: $22,986.00

Exhibit N-19 — 1992 SEA-DOO Bombardier Jet Ski/XP with trailer.
Appraised Value: $5,000.00

Exhibit N-20 — 1992 Mercedes Benz 500 SL 2-door Coupe registered to Israel SANTIAGO-Lugo.
Appraised Value: $165,000.00

Exhibit N-21 — one Paine Weber Investment Account Number JX01758-01.
Estimated Value: $304,749.00
This account was administratively seized by DEA.

Exhibit N-22 — one rural lot number 4001, together with a Texaco Gasoline Station located at road 159 and road 164, Barrio Palmarejo, Corozal, Puerto Rico, with all contents.
Appraised Value: $4,500,000.00

**INDEXING SECTION:**

1. SANTIAGO-Lugo, Israel; NADDIS 3155158
2. (redacted)
3. IMO INVESTMENT; NADDIS Negative. Business owned by Israel SANTIAGO-Lugo.
— 3496677

00000613

# UNITED STATES DISTRICT COURT
### District of Puerto Rico

| UNITED STATES OF AMERICA | ) | SECOND |
|---|---|---|
| v. | ) | AMENDED JUDGMENT IN A CRIMINAL CASE |
| ISRAEL SANTIAGO-LUGO | ) | Case Number: 3: CR. 95-0029-01 (ADC) |
| | ) | USM Number: 10947-069 |
| Date of Original Judgment: 8/1/1998 | ) | ERIC MORALES & HUMBERTO RAMIREZ, ESQS. |
| (Or Date of Last Amended Judgment) | ) | Defendant's Attorney |

**Reason for Amendment:**
- ☐ Correction of Sentence on Remand (18 U.S.C. § 3742(f)(1) and (2))
- ☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
- ☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
- ☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)
- ☒ Correction of Sentence for Order of Forfeiture and Money Judgment
- ☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
- ☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
- ☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
- ☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
- ☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
- ☐ pleaded guilty to count(s)
- ☐ pleaded nolo contendere to count(s) which was accepted by the court.
- ☒ was found guilty on count(s) Two (2), Four (4) through Forty-five (45), Forty-eight (48) through Fifty (50). after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18: USC § 1957 & § 2 | Engaging in monetary transactions in property derived | 05/27/1993 | 2, 4-14, 16-30 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- ☐ The defendant has been found not guilty on count(s)
- ☒ Count(s) One (1) & Three (3) ☐ is ☒ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

10/10/2019 Nunc Pro Tunc to 4/17/1998.
Date of Imposition of Judgment

S/Aida M. Delgado-Colón
Signature of Judge

Aida M. Delgado-Colón   U.S. District Judge
Name and Title of Judge

10/10/2019
Date

---

DEFENDANT: ISRAEL SANTIAGO-LUGO
CASE NUMBER: 3: CR. 95-0029-01 (ADC)

### ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21: USC § 848 | Criminal Forfeiture | 6/7/1995 | 48, 49, 50 |
| 21: USC § 841(a)(1) | Criminal Forfeiture | 6/7/1995 | 48, 49, 50 |
| 21: USC § 853 | Criminal Forfeiture | 6/7/1995 | 48, 49, 50 |
| 18: USC § 982 | Criminal Forfeiture | 6/7/1995 | 48, 49, 50 |

---

DEFENDANT: ISRAEL SANTIAGO-LUGO
CASE NUMBER: 3: CR. 95-0029-01 (ADC)

### IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

Life sentence, as to Count Two (2) and ten (10) years as to Counts 4-14, 16-30, 32-36, 38-45, to be served concurrently with each other.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
- ☐ at ___ ☐ a.m. ☐ p.m. on ___
- ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
- ☐ before 2 p.m. on ___
- ☐ as notified by the United States Marshal.
- ☐ as notified by the Probation or Pretrial Services Office.

### RETURN

I have executed this judgment as follows:

Defendant delivered on ___ to ___ at ___ with a certified copy of this judgment.

___
UNITED STATES MARSHAL

By ___
DEPUTY UNITED STATES MARSHAL

---

DEFENDANT: ISRAEL SANTIAGO-LUGO
CASE NUMBER: 3: CR. 95-0029-01 (ADC)

### SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

Five (5) years as to Count 2 and three (3) years as to remaining counts, to be served concurrently with each other.

### MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (check if applicable)
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (check if applicable)
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (check if applicable)
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. (check if applicable)
7. ☐ You must participate in an approved program for domestic violence. (check if applicable)

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: ISRAEL SANTIAGO-LUGO
CASE NUMBER: 3: CR. 95-0029-01 (ADC)

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

---

DEFENDANT: ISRAEL SANTIAGO-LUGO
CASE NUMBER: 3: CR. 95-0029-01 (ADC)

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall not commit another Federal, state, or local crime, and shall observe the standard conditions of supervised release recommended by the United States Sentencing Commission and adopted by this Court.

2. The defendant shall refrain from possessing firearms, destructive devices, and other dangerous weapons.

3. The defendant shall refrain from the unlawful use of controlled substances and submit to a drug test within fifteen (15) days of release, and thereafter submit to random drug testing, no less than three (3) samples during the supervision period and not to exceed 104 samples per year under the coordination of the U.S. Probation Officer. If any such samples detect substance abuse, the defendant shall participate in an in-patient or out-patient substance abuse treatment program, for evaluation and/or treatment, as arranged by the U.S. Probation Officer until duly discharged. The defendant is required to contribute to the cost of services rendered (co-payment) in an amount arranged by the U.S. Probation Officer based on the ability to pay or availability of third party payment.

4. The defendant shall provide the U.S. Probation Officer access to any financial information upon request.

5. The defendant shall provide to the U.S. Probation Officer evidence to the effect that income tax returns have been duly filed with the Commonwealth of Puerto Rico Department of Treasury, as required by law.

---

DEFENDANT: ISRAEL SANTIAGO-LUGO
CASE NUMBER: 3: CR. 95-0029-01 (ADC)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment  | JVTA Assessment* | Fine   | Restitution |
|--------|-------------|------------------|--------|-------------|
| TOTALS | $ 2,100.00  | $ 0.00           | $ 0.00 | $ 0.00      |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---------------|--------------|---------------------|------------------------|
| [redacted]    |              |                     |                        |
| [redacted]    |              |                     |                        |
| [redacted]    |              |                     |                        |
| [redacted]    |              |                     |                        |
| [redacted]    |              |                     |                        |

| TOTALS | $ 0.00 | $ 0.00 |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:
  ☐ the interest requirement is waived for   ☐ fine   ☐ restitution.
  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

---

DEFENDANT: ISRAEL SANTIAGO-LUGO
CASE NUMBER: 3: CR. 95-0029-01 (ADC)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☒ Lump sum payment of $ 2,100.00 due immediately, balance due
  ☐ not later than _____, or
  ☐ in accordance with   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:
[redacted paragraph of forfeited property]

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

Exhibit #3

EN EL NOMBRE Y POR LA AUTORIDAD DE "EL PUEBLO DE PUERTO RICO"

EL PUEBLO DE PUERTO RICO     CRIMINAL NUM. DLA93M1101

VS.                          POR: INF. ART. 6. LEY DE ARMAS
1. ISRAEL SANTIAGO LUGO              (Delito)
2. ANDRES COLON MIRANDA
3. WILFREDO MARTINEZ MATTA
4. MARCOS HIDALGO MELENDEZ           ☐ Delito Grave   ☒ Delito Menos Grave
5. NELSON ORTIZ BAEZ

El Fiscal formula acusación contra ISRAEL SANTIAGO LUGO, ANDRES COLON MIRANDA, WILFREDO MARTINEZ MATTA, MARCOS HIDALGO MELENDEZ Y NELSON ORTIZ BAEZ...

(Calle, Número, Barrio y Pueblo)

Por el delito de _____ INF. ART. 6. LEY DE ARMAS

Cometido de la manera siguiente:

Allá en o para el día 01 de diciembre de 1993 y en Levittown, Toa Baja, P. R., que forma parte del Tribunal Superior de P. R., Sala de Bayamón, P. R., los referidos acusados ISRAEL SANTIAGO LUGO, ANDRES COLON MIRANDA, WILFREDO MARTINEZ MATTA, MARCOS HIDALGO MELENDEZ Y NELSON ORTIZ BAEZ, ilegal, voluntaria, maliciosa y criminalmente, actuando de concierto y común acuerdo entre sí, tenían en su posesión y dominio un arma de fuego mortífera, la cual se describe a continuación, sin haber obtenido previamente una licencia a esos efectos expedida por las autoridades pertinentes, siendo la misma un arma de fuego mortífera con la cual se puede causar grave daño corporal. DICHA ARMA DE FUEGO SE DESCRIBE COMO SIGUE: PISTOLA MARCA SIG SAUER, CAL. 9MM., DE COLOR NEGRA, SERIE NUM. U183590.

Este hecho es contrario a la ley para tal caso previsto...

MARIA V. COLON GUERRA 07118
Fiscal

La acusación que antecede está basada en Causa Probable determinada por un magistrado.

☐ Según lo dispuesto por la Regla de Procedimiento Criminal Núm. 23...
☐ Conforme a la ley y en testimonio de testigos examinados bajo juramento ante dicha magistrada creyendo solemnemente que existe Justa Causa para presentarla al Tribunal.

Fiscal

Jurado y firmado ante mí, hoy 29 de diciembre de 19 93

Secretario del Tribunal

---

EL PUEBLO DE PUERTO RICO          Crim. Núm. D LA93M1072 al
                                  D LA93M1101
VS.
ISRAEL SANTIAGO LUGO
ANDRES COLON MIRANDA              Por: INF. ART. 6, ARMAS 15c
WILFREDO MARTINEZ MATTA           INF. ART. 9, ARMAS (15c).
MARCOS HIDALGO MELENDEZ
NELSON ORTIZ BAEZ

MINUTA

Llamados los presentes casos en el día de hoy para el acto de Lectura de Acusación, comparecen los co-acusados ANDRES COLON MIRANDA, WILFREDO MARTINEZ MATTA Y NELSON ORTIZ BAEZ representados únicamente para este acto por el Lic. Arnaldo Rolón Rodríguez. No comparecen los co-acusados ISRAEL SANTIAGO LUGO Y MARCOS HIDALGO MELENDEZ. Comparece el Ministerio Público representado por el Fiscal Hamlet C. Costrodad Rivera.

El Lic. Rolón Rodríguez hace constar que el abogado de Andrés Colón Miranda es el Lic. Héctor Grau quien le solicitó que lo sustituyera en este acto y el abogado de Wilfredo Martínez Matta y Nelson Ortiz Báez es la Lic. Jane Hoffman, quien también le solicitó la sustituyera en este acto.

A preguntas del Tribunal informa el alguacil de sala que Israel Santiago Lugo no tiene el diligenciamiento de la citación expedida. En cuanto a Marcos Hidalgo Meléndez según el diligenciamiento no existe la Calle G. Se visitó la Casa G-19, pero se informó que el acusado no reside en dicho lugar.

Informa el Lic. Rolón Rodríguez que aparentemente se determinó no causa en Vista Preliminar en cuanto al caso grave que se le imputa a Marcos Hidalgo Meléndez.

El Tribunal concede un turno posterior en cuanto a Israel Santiago Lugo.

El Lic. Rolón Rodríguez hace constar que la Vista Preliminar de los casos graves relacionados con los de epígrafe están señaladas para el 18 de enero de 1994 en la Sala 601. Solicita la posposición de los casos de epígrafe para dicha fecha con la anuencia de sus respectivos abogados de récord.

El Tribunal accede a la solicitud de la defensa y reseñala el acto de lectura de acusación en cuanto a ANDRES COLON MIRANDA, WILFREDO MARTINEZ MATTA Y NELSON ORTIZ BAEZ para el 18 de enero de 1994, a las 8:30 a.m.

El Tribunal instruye a los acusados que el 18 de enero de 1994 tienen que comparecer a la Sala 601 y a la Sala 601.

El Tribunal ordena se le notifique del señalamiento al Lic. Héctor Grau y a la Lic. Jane Hoffman.

En cuanto a MARCOS HIDALGO MELENDEZ, informa el alguacil de sala que no fue citado personalmente para el día de hoy, por razón de no existir la Calle G.

CONTINUA

---

Exhibit #3
3 of 6

CONT. PAG. 2
ISRAEL SANTIAGO LUGO Y OTROS
13 DE ENERO DE 1994

El Tribunal ordena al Ministerio Público suministre la dirección correcta del co-acusado MARCOS HIDALGO MELENDEZ y proceder a citarlo. Ordena al alguacil de sala verifique en Vista Preliminar el 18 de enero de 1994 si comparece el acusado y lo traiga a esta sala. De no comparecer se utilizará el mecanismo de citarlo a la dirección que suministre el Fiscal.

Se reseñala el acto de lectura de acusación en cuanto a MARCOS HIDALGO MELENDEZ para el día 18 de enero de 1994, a las 8:30 a.m.

En cuanto al co-acusado ISRAEL SANTIAGO LUGO informa el alguacil de sala que según le informó la secretaría de citaciones no surge que la División de Citaciones haya recibido la citación para diligenciarla.

El Tribunal ordena se expida citación urgente al co-acusado ISRAEL SANTIAGO LUGO y se le notifique la misma a los alguaciles de San Juan para que la diligencien personalmente y se reseñala el acto de lectura de acusación contra el acusado ISRAEL SANTIAGO LUGO para el 18 de enero de 1994, a las 8:30 a.m.

El Tribunal ordena al alguacil de sala que esté pendiente el 18 de enero de 1994 si el acusado Israel Santiago Lugo comparece a Vista Preliminar al Salón de Sesiones 601, de modo que si comparece se traiga a esta sala.

A preguntas del Tribunal el Ministerio Público hace constar que surge de la acusación que la dirección del acusado ISRAEL SANTIAGO LUGO es Calle IBISA #72, Urb. Los Paseos, Río Piedras, Puerto Rico y la Urbanización que conoce es Los Paseos.

Acusados citados en corte abierta: ANDRES COLON MIRANDA, WILFREDO MARTINEZ MATTA y NELSON ORTIZ BAEZ.

CITESE A ISRAEL SANTIAGO LUGO Y MARCOS HIDALGO MELENDEZ, PERSONALMENTE.

c/c: Fiscalía de Distrito
     Lic. Héctor Grau, Lic. Jane Hoffman

Sobre Minuta
Sobre Juez: Rafael Benítez Díaz

Sobre Taq.: Vicenta Concepción

Ruta Crim. (Trib. Sup. y Dtto.)
I.T. 858 (rev. julio 1975)

Nombre Alg.: Miguel Dildn
Certifico: Nereida Cotto Villanueva
                Secretaria
Por: Yolanda ____ Cardona
      Sec. Serv. a Sala
Fecha: 13 de enero de 1994

---

Exhibit #3
4 of 6

Cont. Pág. Núm. 2
ISRAEL SANTIAGO LUGO
ANDRES COLON MIRANDA
WILFREDO MARTINEZ MATTA
MARCOS HIDALGO MELENDEZ
NELSON ORTIZ BAEZ

Se señala el acto de juicio para el día 23 de marzo de 1994, a las 8:30 a.m., en el salón de sesiones 601 para que sean consolidados con los casos graves, de determinarse causa en los mismos.

Quedan los imputados citados en corte abierta, su abogado notificado.

NO CITESE LA PRUEBA DE CARGO.

Notifíquese a la Lcda. Jane Hofman Mourino y Marcelino Ruiz Corujo.

El Tribunal apercibe a los imputados que han quedado citados en corte abierta, por lo que de no comparecer en la fecha y hora señalados y no tener razón que justifique su incomparecencia, los procedimientos continuarán en su ausencia hasta el pronunciamiento de sentencia, de resultar culpable.

El Tribunal orienta a los co-acusados ANDRES COLON MIRANDA, MARCOS HIDALGO MELENDEZ Y WILFREDO MARTINEZ MATTA para que le hagan llegar a sus respectivos abogados copias de las acusaciones.

El Tribunal orienta al co-acusado MARCOS HIDALGO MARTINEZ que está citado para comparecer el 23 de marzo a la Sala 601.

Informa el Alguacil que el co-acusado ISRAEL SANTIAGO LUGO fue citado para hoy y no ha comparecido.

El Tribunal ordena su arresto de día o de noche por Desacato con $10,000.00 de fianza. Dicha Orden debe de ser diligenciada por los Alguaciles. Se dispone que se localice la fianza, si una al expediente y se cite al Fiador para que produzca al acusado o muestre causa por la cual no debe de decretarse la confiscación de la fianza. El 23 de marzo deberá de comparecer el Alguacil a cargo de diligenciar la Orden para que informe las gestiones que realizó para arrestar al acusado.

El Lcdo. Héctor Grau hace constar que en determinación de causa para el arresto, éste acusado compareció asistido por dos abogados y no hubo causa por ninguno de los delitos, tampoco estuvo en Vista Preliminar. Añade que en el caso del co-acusado Marcos Hidalgo Meléndez la prueba fue similar y en cuanto a éste sí hubo causa.

A petición del Fiscal, el Tribunal llamará este caso en un turno posterior para verificar en el expediente de la Fiscalía.

***** ** *****

EXHIBIT #5
1 of 2

**EXHIBIT #5 2 of 2**

Exhibit #3 5 of 6

ISRAEL SANTIAGO LUGO
ANDRES COLON MIRANDA
WILFREDO MARTINEZ MATTA
MARCOS HIDALGO MELENDEZ
NELSON ORTIZ BAEZ

Llamado el caso nuevamente, informa el Fiscal Beltrán que la información suministrada por el licenciado Grau en relación al co-acusado RAUL SANTIAGO LUGO es correcta. En la determinación de causa para el arresto ante la Hon. Juez Awilda Mejías no hubo causa para el arresto en tres (3) cargos por Infr. Art. 9 L.A. y tres (3) cargos por Infr. Art. 6 L.A., por lo tanto el Fiscal no está autorizado para radicar las acusaciones, por lo que se solicita la desestimación por la Regla 64-I.

A petición del Fiscal, el Tribunal decreta la desestimación de las acusaciones contra ISRAEL SANTIAGO LUGO al amparo de la Regla 64-I de Procedimiento Criminal por no tener autoridad el Fiscal para radicar las acusaciones.

CC Fiscal, 7 de febrero de 1994.

Libro de Minutas: Febrero 1994
Hon.Juez: AHMED ARROYO PEREZ
Taquígrafo: MARIA DEL C. SERRANO

Alguacil: Andres Rivera
Certifico: MOISES COTTO VILLANUEVA
                                    Secretario
Por: R. Rivera Taraza
Secretaría Servicios a Sala

Fecha: 3 de febrero de 1994

(Transc.) 7 feb. 1994.

Minuta Criminal (Tribunal Superior y Distrito)
O.A.T. 858 (rev. julio/75)

---

Exhibit #3 6 of 6

OIPC-1 (REV. 3-89)

EN EL NOMBRE Y POR LA AUTORIDAD DE "EL PUEBLO DE PUERTO RICO"

EL PUEBLO DE PUERTO RICO          CRIMINAL NUM. 1) LAQ3M1089
                                                  1) LAQ3M1090
VS.                                               1) LAQ3M1091
1. ISRAEL SANTIAGO LUGO           POR: INF. ART. 9, LEY DE ARMAS
2. ANDRES COLON MIRANDA                       (Delito)
3. WILFREDO MARTINEZ MATTA
4. MARCOS HIDALGO MELENDEZ        ☐ Delito Grave    ☒ Delito Menos Grave
5. NELSON ORTIZ BAEZ

El fiscal formula acusación contra ISRAEL SANTIAGO LUGO, ANDRES COLON MIRANDA, WILFREDO MARTINEZ MATTA, MARCOS HIDALGO MELENDEZ Y NELSON ORTIZ BAEZ (Nombre del Acusado) 1. CALLE IBISA #72, URB. LOS PARRIOS, RIO PIEDRAS, P.R. 2. CALLE 15, Q-12, RIVER VIEW, BAYAMON, P.R. 3. 10. GUARACUAO, CERCA EDA. JUAN SANCHEZ, GUAYNABO, P.R. 4. CALLE G-19, URB. BRASILIA, VEGA residente en BAJA, P.R. 5. CALLE 14, P-14, RIVER VIEW, BAYAMON, P.R.
(Calle, Número, Barrio, y Pueblo)

Por el delito de    INF. ART. 9, LEY DE ARMAS

Cometido de la manera siguiente:

Allá en o para el día 01 de diciembre de 1993 y en Levittown, Toa Baja, P.R., que forma parte del Tribunal Superior de P.R., Sala de Bayamón, P.R., los referidos acusados ISRAEL SANTIAGO LUGO, ANDRES COLON MIRANDA, WILFREDO MARTINEZ MATTA, MARCOS HIDALGO MELENDEZ Y NELSON ORTIZ BAEZ, ilegal, voluntaria, maliciosa y criminalmente, actuando de concierto y común acuerdo entre sí, tenían en su posesión y dominio un magazine de los estrictamente prohibidos por la Ley de Armas de Puerto Rico, sin autorización de ley para ello. DICHO MAGAZINE SE DESCRIBE COMO SIGUE: MAGAZINE DE AMETRALLETA, CALIBRE 380, CARGADO.

este hecho es contrario a la ley para tal caso previsto y a la paz y dignidad de "El Pueblo de Puerto Rico".

MARIA L. COLON GUERRA #7118
                    Fiscal

La acusación que antecede está basada en Causa Probable determinada por un magistrado.

☐ Según lo dispuesto por la Regla de Procedimiento Criminal Núm. 23, estableciendo el procedimiento sobre Vista Preliminar, conforme la situación que al dorso de ésta acusación se expresa;

☐ Conforme a la ley y en testimonio de testigos examinados bajo juramento ante dicho magistrado creyendo solemnemente que existe Justa Causa para presentarla al Tribunal;

                    Fiscal

Jurado y firmado ante mi, hoy 29 de diciembre de 19 93

                    Ada Nieves Muller
                    Secretario del Tribunal

*Marquese con una (X) el encasillado correspondiente al dorso de esta acusación.

EXHIBIT #6

U.S. Department of Justice
Drug Enforcement Administration

## REPORT OF INVESTIGATION

Page 1

| 1. PROGRAM CODE | 2. CROSS FILE | RELATED FILES | 3. FILE NO. G5-93-0048 | 4. G-DEP IDENTIFIER |
|---|---|---|---|---|
| 5. BY AT: Enforcement Group 1 San Juan, Puerto Rico | | | 6. FILE TITLE SANTIAGO-Lugo, Israel | |
| 7. ☐ Closed ☐ Requested Action Completed ☐ Action Requested By: | | | 8. DATE PREPARED March 1, 1994 | |

9. OTHER OFFICERS:
Puerto Rico Police Department Agent

10. REPORT RE:
Arrest of Israel SANTIAGO-Lugo by Puerto Rico Police Department on December 1, 1993.

DETAILS:

1. On December 1, 1993, Israel SANTIAGO-Lugo ▓▓▓▓▓▓▓▓▓▓▓▓▓ were arrested by the Puerto Rico Police Department (PRPD), Livittown Precinct, in possession of two 9MM semi-automatics, one AR-15 semi-automatic rifle and two machine guns. An anonymous caller had notified the Levittown station that five individuals were seen with guns in three vehicles driving to a bar located on Avenida Boulevard in Levittown, Puerto Rico.

2. Two of the vehicles, a 1992 Mitsubishi Montero and a 1992 Mitsubishi Diamante, were reported stolen and were impounded at the Levittown station. The third vehicle, a 1987 Nisan 300ZX, was also impounded and seized by ▓▓▓▓▓▓ on January 13, 1994, for administrative seizure.

3. On December 2, 1993, ▓▓▓▓ and ▓▓▓▓▓▓ met Bureau of Alcohol, Tabacco and Firearms ▓▓▓▓ at the Levittown station where they were informed by the arresting officers that ▓▓▓▓▓▓▓▓▓▓ were charged locally with Possession of Firearms and Possession of Stolen Vehicles. SANTIAGO was not charged locally with Possession of Firearms due to his lack of proximity to the firearms at the time of arrest. However, ▓▓▓▓ stated SANTIAGO could be charged with a federal firearms violation based on the information received from the arresting officers. S/A ▓▓▓▓ will continue to monitor this case for final local court disposition of the above mentioned arrestees and possible ATF charges of SANTIAGO.

INDEXING SECTION:

1. SANTIAGO-Lugo, Israel; NADDIS 3155158.

| 11. DISTRIBUTION: MFD/DIG | | 13. DATE 3/28/94 |
|---|---|---|
| REGION | | |
| DISTRICT | | 15. DATE 3/28/94 |
| OTHER NPSS, NKSI | | |

DEA Form - 6
(May 1980)

DEA SENSITIVE
DRUG ENFORCEMENT ADMINISTRATION
This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.
Previous edition may be used.

0000CCCC

1

# REPORT OF INVESTIGATION

Page 1 of 1

**1. PROGRAM CODE:** (b)(7)(C),(b)(7)(F)

**5. BY:** S/A
**AT:** Enforcement Group 1, San Juan, Puerto Rico

**2. CROSS FILE** ☐
**RELATED FILES:** G5-93-X010

**3. FILE NO.:** G5-93-0048

**4. G-DEP IDENTIFIER:** (b)(7)(E)

**6. FILE TITLE:** SANTIAGO-Lugo, Israel

**7.** ☐ Closed ☐ Requested Action Completed ☐ Action Requested By:

**8. DATE PREPARED:** April 1, 1994

**9. OTHER OFFICERS:**

**10. REPORT RE:** Case Status: Civil Pending.

Sept. 17-2021

## DETAILS:

1. On March 15, 1994, U.S. District Judge Jaime Pieras Jr. ruled that the government had probable cause on August 17, 1993, to seize the real properties and assets of Israel SANTIAGO-Lugo and Colenia REYES-Padilla. The Court found that the evidence presented during the probable cause hearing on February 28, 1994, established money laundering and proceeds traceable to illegal controlled substances.

2. A civil trial date of December 12, 1994 has been scheduled for case number 93-1955 (JP).

3. S/A (b)(7)(C),(b) will continue to investigate for Controlled Substance Act violations, money laundering and firearms violations along with the Internal Revenue Service/Criminal Investigation Division and the Bureau of Alcohol, Tobacco and Firearms.

## INDEXING SECTION:

1. SANTIAGO-Lugo, Israel; NADDIS 3155158.

2. REYES-Padilla, Colenia; NADDIS 3279448.

**11. DISTRIBUTION:** HPD/DIC
REGION
DISTRICT
OTHER: EPSG, NESI

DEA Form - 6 (b)(7)
May 1985

**12. DATE:** 4/1/94
**13. DATE:** 4/1/94

DEA SENSITIVE
DRUG ENFORCEMENT ADMINISTRATION
This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.
Previous edition may be used.

3