# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br>*et al.*,<br><br>Debtors.[1] | PROMESA<br><br>Title III<br><br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

## THE PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY'S RESPONSE TO THE OMNIBUS REPLY OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO TO OBJECTIONS TO THE (I) PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW AND (II) REVISED PROPOSED CONFIRMATION ORDER

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 847), (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747), and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523 (LTS)) (Last Four Digits of Federal Tax ID: 3801).

To the Honorable United States District Judge Laura Taylor Swain:

The Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), through undersigned counsel, hereby files this response to the Oversight Board's Omnibus Reply [ECF No. 19426] (the "Omnibus Reply") to the objections to the *[Proposed] Findings of Fact and Conclusions of Law in Connection with Confirmation of the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 19366, Ex. A] (the "Proposed Findings and Conclusions")[2] and respectfully states as follows:

## PRELIMINARY STATEMENT

1. After four-and-a-half years of proceedings, and following the conclusion of the Plan confirmation hearing, the Oversight Board suddenly argues that AAFAF lacks standing to object to the Proposed Findings and Conclusions because the Board is the "sole representative of the debtor" under PROMESA section 315(b). To assert that AAFAF—the entity that represents the elected government of Puerto Rico—has no right to be heard on a Plan that will fundamentally transform the rights and obligations of the Commonwealth is absurd. And it is wrong: the Board's argument (which implies that AAFAF is not even a party in interest in these Title III cases) is inconsistent with this Court's recognition of AAFAF's standing under Bankruptcy Code section 1109, the Board's conduct throughout the Title III cases, and the terms of the Plan itself. Indeed, when AAFAF's standing was challenged by a creditor in the COFINA Title III case, this Court concluded that:

> [w]ith respect to the issue of AAFAF's standing, I find that AAFAF has standing to be heard today under a number of theories, including 1109 and to the extent it's acting as an actor on behalf of a government whose assets and liabilities are implicated by everything that we're doing.

---

[2] Capitalized terms used but not defined herein have the meanings given to them in the Proposed Findings and Conclusions.

Oct. 25, 2017 Hrg. Tr. at 102:1–5. The same holds true with respect to the terms of the Commonwealth Plan and Confirmation Order, which directly impact the Government's assets and liabilities and expressly seek to override certain duly enacted Puerto Rico statutes.

2.      Moreover, the context in which the Board challenges the Government's standing is particularly troubling. AAFAF's central concern with the Proposed Findings and Conclusions is that the Board seeks to evade this Court's well-established process for invalidating Commonwealth laws, which ensures the Government can defend those laws before this Court. Now, the Board seeks not only to short circuit that process, but also to deprive the Government of the right to challenge the proposed invalidation.

3.      The Board's position rests on the contention that AAFAF lacks standing to object because "crediting any part of AAFAF's Objection would run afoul of Section 108(a)(2) of PROMESA." *See* Omnibus Reply at ¶ 3. This is inconsistent with this Court's prior precedent, which recognizes that when the Board invokes section 108, the Court must determine whether that invocation is "arbitrary, capricious, or manifestly contrary to the statute."[3] As a corollary, AAFAF must have the right to challenge the invocation of 108, whether inside the Plan context or otherwise. To conclude that AAFAF cannot question the Board's determination that an action impairs or defeats the purposes of PROMESA would render meaningless the arbitrary and capricious standard repeatedly applied by this Court. It would also give the Board the unchallengeable right to determine what PROMESA means and nullify Commonwealth laws—a power the Board has long coveted. But the Court has rebuffed the Board before, concluding that

---

[3] *See The Fin. Oversight & Mgmt. Bd. for P.R. v. Vázquez Garced (In re The Fin. Oversight & Mgmt. Bd. for P.R.)*, 616 B.R. 238, 254 (2020) (the "Act 29 Decision") ("The question, therefore, is whether the Oversight Board's determinations that Law 29 and the Joint Resolutions impair or defeat the purposes of PROMESA should be set aside as 'arbitrary, capricious, or manifestly contrary to the statute.'").

it is the Court's purview to make such decisions after an adversarial process in which AAFAF can be heard.[4]

4.      Accordingly, the Court should overrule the Board's offensive objection and reaffirm that AAFAF—a party that this Court has requested updates from at *every* omnibus hearing and which has extensively participated in these Title III cases for several years—has standing to be heard in connection with all aspects of Plan confirmation, including objecting to the Proposed Findings and Conclusions.

**RESPONSE**

I.      **The PROMESA Process for Invalidating Laws Necessarily Involves AAFAF's Right to be Heard.**

5.      AAFAF's objection to the Proposed Findings and Conclusions is based in large part on the Board's attempt to invalidate Acts 80, 81, and 82 without complying with PROMESA sections 108 and 204, or this Court's precedent, all of which specifically dictate the process the Board must follow when seeking to invalidate Commonwealth laws.  Under this process, AAFAF has the right to challenge the Board's determinations under sections 108 and 204, and if it does so, such determinations are subject to review by this Court under an arbitrary and capricious standard. *See Vázquez Garced v. The Fin. Oversight & Mgmt. Bd. for P.R. (In re The Fin. Oversight & Mgmt. Bd. for P.R.)*, 511 F.Supp.3d 90, 121 (D.P.R. 2020) (the "Enjoined Acts Decision") ("this Court, having considered the Oversight Board's 'operational similarity' to an agency of the federal government, determined that the arbitrary and capricious standard applied to review of the Oversight Board's determinations under section 108(a)(2)")). This carefully prescribed process ensures that the Government has an opportunity to access the judicial system and defend its laws.

---

[4] *The Fin. Oversight & Mgmt. Bd. for P.R. v. Pierluisi Urrutia (In re The Fin. Oversight & Mgmt. Bd. for P.R.)*, Adv. Proc. No. 21-00072-LTS, 2021 WL 4768715, at *10 (D.P.R. Oct. 13, 2021) (the "Act 7 Decision").

The Board's effort to bypass this process by adding Acts 80-82 to the Plan's list of preempted laws at the eleventh hour was bad enough, but even worse is the Board's position that AAFAF lacks standing to challenge that maneuver. To endorse the Board's view would allow it to unilaterally nullify laws as inconsistent with PROMESA without judicial oversight. This Court should again reject that position. *See Act 7 Decision*, 2021 WL 4768715, at *8 ("The ultimate determination of whether Act 7 violates PROMESA, and whether nullification is the appropriate remedy, is one for the Court to make.").

6.      The Oversight Board's newly asserted argument is particularly egregious because AAFAF has fully and actively participated in the Plan process for the last six months with no objection from the Board.   AAFAF objected to the Disclosure Statement, the Plan, the Confirmation Order, and the Plan discovery process, and has been heard on each of those arguments.[5]   In fact, the Court effectively granted AAFAF's limited objection to the Debtor's proposed confirmation scheduling order, forcing the Oversight Board to file its proposed Confirmation Order well in advance of when it originally proposed to.  July 14, 2021, Hrg. Tr. at 99:3.  AAFAF has also regularly challenged the Board's determinations under PROMESA sections 108 and 204 before this Court, and its right to do so was never questioned.[6]  Only now when the

---

[5] *See, e.g., The Puerto Rico Fiscal Agency and Financial Advisory Authority's Limited Objection to the Disclosure Statement for the Third Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 17011] (Jun. 15, 2021); *The Puerto Rico Fiscal Agency and Financial Advisory Authority's Limited Objection to Motion of Debtors for an Order Establishing, Among Other Things, Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* [ECF No. 17014] (Jun. 15, 2021);  *The Governor of Puerto Rico and the Puerto Rico Fiscal Agency and Financial Advisory Authority's Limited Objection to (I) The Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.; and (II) The Proposed Order and Judgment Confirming the Plan* [ECF No. 18742] (Oct. 26, 2021); and *The Puerto Rico Fiscal Agency and Financial Advisory Authority's Objection to the Inclusion of Acts 80, 81 and 82 on Exhibit C to the Revised Proposed Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 19319] (Nov. 20, 2021).

[6] *See, e.g., Act 29 Decision*, 616 B.R. at 245; *Enjoined Acts Decision*, 511 F.Supp.3d at 128; *Act 7 Decision*, 2021 WL 4768715, at *1.

Board is seeking to invalidate Acts 80-82 with virtually no notice and no evidentiary record did the Board raise this issue.  It is inappropriate and should be rejected.

## II.    AAFAF Has Standing to be Heard Under Bankruptcy Code Section 1109.

7.    The Board appears to contest that AAFAF is a party in interest in these cases. *See* Omnibus Reply at ¶ 3 ("AAFAF does not have any claim or interest affected by the Plan and it was not entitled to and did not vote on the Plan").  This is wrong:  AAFAF is clearly a "party in interest" within the meaning of Bankruptcy Code section 1109.

### A.    The Court has Already Recognized AAFAF's Standing Under Bankruptcy Code Section 1109.

8.    AAFAF's Enabling Act, Act 2 of January 18, 2017 ("Act 2-2017"), provides that AAFAF was established as the "fiscal agent, financial advisor, and reporting agent of all entities of the Government of Puerto Rico" and named as the governmental entity responsible for "collaboration, communication, and cooperation" between Puerto Rico's existing governmental entities and the Oversight Board.  *See* Act 2-2017 § 5(a).  Act 2-2017 charges AAFAF with supervising, executing, and ensuring compliance with budgets and fiscal plans approved and certified by the Oversight Board in accordance with PROMESA.  *Id.* § 5(b).  AAFAF also oversees "all matters" related to the restructuring, renegotiation, and adjustment of existing and future obligations of the Commonwealth and its instrumentalities.  *Id*. § 5(c).  In other words, AAFAF is the agency authorized to act on behalf of the Commonwealth and its public corporations and instrumentalities, including those that are "debtors" in a Title III case.

9.    This Court has recognized AAFAF's standing in these Title III cases under Bankruptcy Code section 1109(b).  In response to a motion seeking immunity and fee payment rights to be applied to the COFINA Agent in connection with the Commonwealth-COFINA dispute [ECF No. 1121], the Court found that AAFAF had standing:  "AAFAF has standing to be

heard today under a number of theories, including 1109 and to the extent it's acting as an actor on
behalf of a government whose assets and liabilities are implicated by everything that we're doing."
Oct. 25, 2017 Hrg. Tr. at 102:1–5.  Thereafter, the Court entered an order consistent with this oral
ruling, stating that the Court "expressly found that the Puerto Rico Fiscal Agency and Financial
Advisory Authority had standing to be heard on the Motion."[7]

10.    If AAFAF had section 1109 standing to be heard on immunity and fee issues related
to COFINA, then it certainly should have standing to be heard on a Plan that will significantly
impact the Debtors' rights and obligations, which AAFAF will primarily be responsible for
implementing.

### B.    The Board Has Stipulated that AAFAF Has Section 1109 Standing on Multiple Occasions.

11.    The Board's newly concocted argument is also inconsistent with its actions
throughout these Title III cases.  On multiple occasions, the Board has stipulated that AAFAF has
section 1109 standing to intervene in the Title III proceedings.  For example, in *UTIER v. Puerto
Rico Elec. Power Auth.*, Adv. Proc. No. 17-00228-LTS, the Board expressed its "support [for]
AAFAF's intervention as a party in interest pursuant to 11 U.S.C. § 1109" in connection with the
Appointments Clause litigation issues, including the right to "file briefs stating its position on
issues raised in this adversary proceeding" and "be heard at arguments concerning issues raised in
this adversary proceeding."[8]  And in that proceeding, the Court entered an order acknowledging
that "the parties do not dispute AAFAF's right to intervene" under Bankruptcy Code section

---

[7] Order Approving COFINA Agent's Motion Pursuant to 48 U.S.C. § 2161 and 11 U.S.C. § 105(a) for Order:
(I) Confirming that 48 U.S.C. § 2125 Applies to COFINA Agent; (II) Confirming Retention of Local Counsel; and
(III) Clarifying Payment of Fees and Expenses of COFINA Agent and Her Professionals, *In re The Fin. Oversight &
Mgmt. Bd. for P.R.*, Case No. 17-3283-LTS [ECF No. 1612] (D.P.R. Nov. 3, 2017).

[8] Response and Limited Opposition of Defendants to AAFAF's Motion to Intervene under Federal Rule of Bankruptcy
Procedure 7024, *UTIER v. Puerto Rico Elec. Power Auth.*, Adv. Proc. No. 17-00228-LTS [ECF No. 77] (D.P.R. Nov.
10, 2017), at 4.

1109(b).[9]  More recently, in *Ambac Assurance Corp. v. The Fin. Oversight & Mgmt. Bd. for Puerto Rico,* Adv. Proc. No. 20-00068-LTS, the Oversight Board expressly stipulated in an agreed order that "the Retiree Committee and AAFAF are each authorized, pursuant to Section 1109 of the Bankruptcy Code, to intervene as a party in interest in the Adversary Proceeding."[10]

12.     While AAFAF did not need the Board's stipulations in order to intervene in those adversary proceedings (it had the right to do so under section 1109), the Board's prior conduct recognizing AAFAF's right to be heard on critical issues in these Title III cases completely undermines its newly fashioned argument that AAFAF lacks standing to be heard regarding the Confirmation Order.

> **C.     AAFAF Has Standing Because the Plan Directly Affects AAFAF's Rights and Obligations.**

13.     The Plan's language further justifies AAFAF's standing under section 1109 because it directly affects AAFAF's rights and obligations.  The Plan reflects that AAFAF has standing because it (i) affects the rights and obligations of Title III debtors, which AAFAF will be responsible for implementing; (ii) affects the rights and obligations of non-Title III debtors, who are represented by AAFAF; and (iii) establishes specific responsibilities and roles for AAFAF upon the Plan's Effective Date.

14.     Bankruptcy courts have authorized government entities to intervene when the case implicates the debtor's compliance with state regulations or where the debtor will remain subject to the continued supervision of the state.  *See In re Public Serv. Co. of New Hampshire*, 88 B.R. 546, 550-51 (Bankr. D.N.H. 1988) (State of New Hampshire was party in interest in public utility

---

[9] Order Granting Limited Intervention, *UTIER v. Puerto Rico Elec. Power Auth.*, Adv. Proc. No. 17-00228-LTS [ECF No. 92] (D.P.R. Nov. 21, 2017), at 2.

[10] *See* Order, *Ambac Assurance Corp. v. The Fin. Oversight & Mgmt. Bd. for P.R.*, Adv. Proc. No. 20-00068-LTS [ECF No. 31] (D.P.R. Jul. 31, 2020), ¶¶ 2–3.

company's bankruptcy because federal law required state regulatory agency approval of rate changes in debtor's reorganization plan).   Although AAFAF does not represent the Commonwealth in its Title III case, the Plan includes a delegation of duties to the Debtors (who must act through either the Governor or AAFAF) following confirmation and after the Oversight Board's dissolution, including, among other things, (i) authorizing the New GO Bond and CVI Legislation; (ii) issuing the New GO Bonds, including conducting RFPs for professionals and seeking bond ratings; (iii) working with Commonwealth entities to seek IRS rulings; (iv) clawing back cash from non-Debtor entities to implement the Plan; (v) dissolving ERS; (vi) enrolling teachers and judges in Social Security; and (vii) approving the Debt Management Policy.[11]   In addition, the Plan expressly requires AAFAF to take certain actions or grants it certain rights and obligations if the Plan becomes effective.[12]

15.   For all of these reasons, AAFAF is a party in interest under section 1109(b) of the Bankruptcy Code and has standing to object to the Proposed Findings and Conclusions.

[*Remainder of this page intentionally left blank.*]

---

[11] *See* Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al., *In re The Fin. Oversight & Mgmt. Bd. for P.R.*, Case No. 17-3283-LTS [ECF No. 19367] (D.P.R. Nov. 28, 2021), ¶¶ 74.1, 74.3, 86.1(d), 88.2; *see also Id.* at Exhibit E-8, Exhibit F-4.

[12] *See Id.* ¶¶ 1.193, 1.202(h), 1.393, 1.408, 74.5(a), 82.1(a), 82.1(b), 88.4; *see also Id.*at Exhibit  F-26(h).

Dated:   December 10, 2021
San Juan, Puerto Rico


Respectfully submitted,


**O'MELVENY & MYERS LLP**

*/s/John J. Rapisardi*
John J. Rapisardi
Peter Friedman
Maria J. DiConza
Matthew P. Kremer
(Admitted *Pro Hac Vice*)
7 Times Square
New York, NY 10036
Telephone:  (212) 326-2000
Facsimile:  (212) 326-2061
Email:   jrapisardi@omm.com
         pfriedman@omm.com
         mdiconza@omm.com
         mkremer@omm.com


*Attorneys for the Puerto Rico Fiscal Agency
and Financial Advisory Authority*

**MARINI PIETRANTONI MUÑIZ LLC**

*/s/Luis C. Marini-Biaggi*
Luis C. Marini-Biaggi
USDC No. 222301
Carolina Velaz-Rivero
USDC No. 300913
250 Ponce de León Ave., Suite 900
San Juan, PR 00918
Tel:  (787) 705-2171
Fax:  (787) 936-7494

*Attorneys for the Puerto Rico Fiscal Agency
and Financial Advisory Authority*