UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICIO

| | |
|---|---|
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>  As Representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, THE PUERTO RICO PUBLIC BUILDING AUTHORITY, AND OTHERS | PROMESA<br>TITLE III<br><br>NO. 17-BK-03283-LTS<br><br>NO. 19-BK-05523-LTS<br><br>(Jointly Administered)<br><br>This filing relates to the Commonwealth and Puerto Rico Public Buildings Authority (PBA) |

**SUPPLEMENT TO CLAIMANT'S OPPOSITION TO DEBTORS'S
THREE HUNDRED THIRTY-FOURTH (334TH) OMNIBUS OBJECTION
TO CLAIM NO. 174301 (DE 17,085) AND REQUEST FOR HEARING**

**COMES NOW *SKY HIGH ELEVATORS CORP.*,** the Creditor and Claimant in Claim No. 174301 in Case No. 19-BK-05523-LTS (jointly administered with No. 17-BK-03283-LTS,) represented by the undersigned counsel and before this Honorable Court respectfully supplements its earlier opposition (DE 17459) to any disallowance regarding Claim No. 174301, to wit:

    1) Creditor **SKY HIGH ELEVATORS CORP. (Sky High)** previously filed its opposition to the *Three Hundred Thirty-Fourth (334th) Omnibus Objection* (DE 17085) made by debtor Puerto Rico Public Buildings Authority (PRPBA) with respect to Sky High Claim number 174301. The instant motion supplements the previous Sky High opposition (DE 17459).

    2) The allegation made by debtor in its 334th Omnibus Objection with regards to Sky High is wrong as a matter of law and has no basis in fact. Debtor PRPBA entered

1

multiple contracts with creditor Sky High, all of which obligated PRPBA to open accounts and provide Sky High through those accounts the monies necessary for Sky High to meet its contractual responsibilities for PRPBA's benefit. Debtor PRBA knew full well that without such provision, Sky High could not perform its contractual obligations. Notwithstanding, debtor PRPBA took away and/or deviated those funds from the operating accounts and denied Sky High the monies Sky High needed to perform its contractual duties.

3) Debtor PRPBA knew that to honor the contracts with PRPBA, Sky High made commitments to pay suppliers, employees, and sub-contractors; as well as commitments to fulfill collateral projects; all of which depended on the operating monies that PRPBA was contractually obligated to pay to Sky High. However, debtor PRPBA did not provide the operating funds; failures that were the result of debtor's crass negligence and fraud (*dolo*). Creditor Sky High is a small business. When it filed for bankruptcy, debtor PRPBA owed Sky High more than one million dollars ($1,000,000.00). Indeed, debtor PRPBA listed Sky High as its fifth (5th) largest creditor (unsecured).

4) The utter failure of debtor PRPBA to provide the contractually obligated operating monies caused Sky High severe damage. Among them:

    a. Sky High suffered being sued in case number AG2020-CV-00346 (Aguadilla Superior Court), because it (Sky High) could not provide needed maintenance (for many months) to elevators in the Aguadilla Judicial Center. The lack of maintenance resulted in the injury of a private citizen on April 24, 2019, and concomitant damages Claim in excess of $150,00000. In fact, Sky High could not provide the needed maintenance

2

because debtor PRPBA did not honor its contractual obligation to provide Sky High with the monies Sky High needed to provide the maintenance. Debtor PRPBA prevented Sky High from performing maintenance and is therefore responsible for the damages. Yet, debtor hides behind this bankruptcy and would leave Sky High to confront the damages lawsuit and alone pay damages, attorneys fees, litigation costs and other attendant costs and expenses.

b. Because of debtor PRPBA failed to comply with its contractual obligations to Sky High, debtor deprived Sky High of the funds needed to complete the installation and remodeling of elevators in the "*Ernesto Carrasquillo*" project. As a result, Sky High suffered grievous loss and damages thereby of $201,220.00.

c. Because of fraudulent acts (*Dolo*) by debtor PRPBA, or its crass negligence, creditor Sky High could not pay the invoices of its suppliers, *e.g.,* $21,489.56 invoiced by DELCO Elevator Products.

5) Debtor PRPBA was contractually obligated in each contract to provide the monies creditor Sky High needed to perform each contract, *e.g.*, Contract S00077 (2017-2018). The Puerto Rico Civil Code holds debtor PRPBA statutorily liable for the damages it caused to Sky High by not providing Sky High the contractually obligated monies. 31 L.P.R.A. 3018; 31 L.P.R.A. 9303.

6) Creditor Sky High respectfully requests a hearing on the matter of the bogus deficiency alleged by debtor PRPBA in its 334th Omnibus Objection to creditor's Claim

number 174301. Claim number 174301 is not deficient. It is a completely valid and complete Claim by Sky High for $650,000.00 in damages caused by debtor PRPBA.

7) Claim No. 174301 ($650,000.00) is related to Claim No. 173732 ($1,247,393.46). Both are by *Sky High Elevators Corp.* for services rendered and billed to debtor by Claimant. The latter (No. 173732) is for elevator related parts and services which Claimant rendered to debtor and for which specifically appropriated public funds were designated for payment. However, instead of honoring the agreement to pay Claimant, debtor intentionally diverted the said appropriated funds, fraudulently misapplied and used the money for other purposes. The fraudulent diversion of those appropriated funds by debtor caused Claimant severe economic damages and mental and moral anguish, all of which are recoverable under Puerto Rico law independent of the actual debt itself. The Puerto Rico Civil Code provides, in pertinent part:

> Those who in fulfilling their obligations are guilty of fraud and those who in any manner whatsoever act in contravention of the stipulations of the same, shall be subject to indemnify for the losses and damages caused thereby.

***P.R. Laws tit. 31, § 3018.***

8) Claim No. 174301 ($650,000.00), to which debtor objects in Omnibus Objection 334, is for the damages caused Claimant by debtor's fraudulent misapplication of funds appropriated for services provided by Claimant but which debtor used for some other purpose. Thus, Claim No. 173732 ($1,247,393.46) arises out of the same facts. On July 10, 2021, Claimant opposed debtor's objection and disallowance of Claim No. 173732 made in Omnibus Objection 340 [DE 17087]. *See* DE 17295 and DE17459.

4

9) The instant Opposition to the 344th Omnibus Objection (DE 17085) is directly related to the 340th Omnibus Objection (DE 17087) (which fails to identify the relationship and pretends to treat it (Claim No. 174301) as a wholly separate Claim, which it is not)). Indeed, the 344th Omnibus Objection, completely mischaracterizes the relationship between the two Claims by asserting that debtors are unable to determine whether Claimant has a valid Claim against the Puerto Rico Public Buildings Authority (344th Omnibus Objection, DE 17085, p. 11, no. 67). This allegation is absurd. Debtor is well-aware that it did not pay Claimant the amounts due but, instead, misapplied the funds appropriated and designated for Claimant's services by using the funds for some other purpose. Thus, debtor cannot now be heard to complain (in the 344th Omnibus Objection, DE 17085) that it is unable to determine the validity of Claim No. 174301 ($650,000.00) because all the facts and documents that establish the validity of the Claim are in the possession, custody, and control of debtor. In short, debtor cannot go against its own Acts.

10) Clearly, the sought disallowance is erroneous and contrary to the law and facts. Claimant demands trial by jury on any action to disallow this Claim.

**WHEREFORE,** the Claimant respectfully requests that this Honorable Court reject all sought disallowance of Claim No. 174301 and/or provide Claimant a trial by Jury.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 11th day of December 2021.

I hereby CERTIFY that the instant Opposition was filed using the CM/ECF System of this Honorable Court which shall notify all Attorneys of Record in this case.

s/David W. Román  
David W. Román, Esq.  
USDC #125709  
Email: davidromanlaw@gmail.com  
P.O. Box 190914  
San Juan, PR 00919-0914  
Tel. 787-525-7223