**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY<br><br>Debtor(s)[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**OBJECTION TO CURE AMOUNT**

**TO THE HONORABLE COURT:**

Come now FISA SE, through its undersigned counsel and very respectfully states and requests:

1. The Financial Oversight and Management Board for Puerto Rico ("Oversight Board") as representative of the Commonwealth of Puerto Rico, filed this petition for relief on May 9, 2019.

2. FISA SE, leases a nonresidential property to Debtor located at 1 Edif. FISA II, Ave Paseo del Pueblo Guayama, PR. 00784, Contract No. 2015-00034D, for use by

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal TaxID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567- LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Negociado para el Manejo de Emergencias* ("NMEAD") (see supporting documents to Claim No. 21331).

3. Subsequent to the filing of the petition, NMEAD has incurred in post-petition arrears in rent owed to the appearing landlord for in the sum of $38,070.00 as of December, 2021 **(Exhibit A)**.

4. On November 23, 2021 the Oversight Board filed a "Notice of Executory Contracts and Unexpired Leases to be Assumed Pursuant to Title III Plan of Adjustment" ("Notice") (Docket No. 19353).

5. The Oversight Board asserts that the outstanding balance for unpaid rent for the lease is $0.00, which is incorrect. FISA SE hereby objects to the cure amount for the reasons set forth herein. See In re Network Access Sols., Corp., 330 B.R. 67, 76 (Bankr D. Del. 2005) ("[W]hen a contract is assumed under section 365, *all* unpaid amounts due under the agreement must be paid." (Emphasis added).

6. Section 365(b)(1) provides that the trustee (or debtor in possession) may not assume an unexpired lease unless, at the time of assumption of such lease, the debtor:

> "A. cures, or provides adequate assurance that the trustee **will promptly cure, such default**;
>
> B. compensates, or provides adequate assurance that the trustee will **promptly compensate**, a party other than the debtor to such contract or lease, **for any actual pecuniary loss to such party resulting from such default;** and
>
> C. provides **adequate assurance of future performance** under such contract or lease." (Emphasis added)

Case No. Promesa Title III 17 BK 3283-LTS                                                                                                     -3-

7.  Whether a cure is "prompt" for purposes of §365(b)(1)(A) depends on the facts and circumstances of each case. In re Embers 86th Street, Inc., 184 B.R. 892, 900 (Bankr. S.D.N.Y. 1995).

8.  A contract in default may only be assumed if the debtor cures pre- and post-petition defaults or provide adequate assurance of prompt cure. Courts define "cure" as "taking care of the triggering event and returning to pre-default conditions." In re Johnson, 184 B.R. 570, 574 (Bankr. D. Minn. 1995). In other words, "a cure returns the parties to the status quo ante by paying all arrearages on the debt and reinstating the debt's original payment terms." Id.; see In re Embers 86th Street, Inc., 184 B.R. 892 (Bankr. S.D.N.Y. 1995).

**WHEREFORE,** FISA SE objects to the Oversight Board's Notice to the extent it misstates the amount necessary to cure the arrears under the lease, and FISA requests that the Court enters an Order granting the instant Objection recognizing the correct cure amount of $38,070.00, with such other relief as this Court deems just and proper.

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants and parties in interest as per master address list.

Ponce, Puerto Rico, this 13th day of December, 2021.

/s/José A. Moreda del Valle
José A. Moreda del Valle
USDC-PR 229401

**JOSE A. MOREDA DEL VALLE
LAW OFFICE**
Attorney for FISA, SE
4002 Aurora St.
Ponce, PR 00717-1513
Tel.: 787-842-1609
Tel./Fax: 787-842-1604
Email: moredadelvalle@jmdvlaw.com

# Fisa, S.E.
PO Box 2286  
Guayama, PR  00785-2286  
Puerto Rico

Voice:  (787)866-2951  
Fax:    (787)866-2960

# STATEMENT

Statement Date:   Dec 31, 2021  
Customer Account ID:  manejoemergencias

| To: |
|---|
| Manejo de Emergencias<br>Fisa 2 |

Amount Enclosed  
$ _____

| Date | Due Date | Reference | Paid | Description | Amount | Balance |
|---|---|---|---|---|---|---|
| 7/1/20 | 7/1/20 | 0165 | | | 3,172.50 | 3,172.50 |
| 8/1/20 | 8/1/20 | 0166 | | | 3,172.50 | 6,345.00 |
| 9/1/20 | 9/1/20 | 0167 | | | 3,172.50 | 9,517.50 |
| 10/1/20 | 10/1/20 | 0168 | | | 3,172.50 | 12,690.00 |
| 11/1/20 | 11/1/20 | 0169 | | | 3,172.50 | 15,862.50 |
| 6/1/21 | 6/1/21 | 0211 | | | 3,172.50 | 19,035.00 |
| 7/1/21 | 7/1/21 | 0212 | | | 3,172.50 | 22,207.50 |
| 8/1/21 | 8/1/21 | 0213 | | | 3,172.50 | 25,380.00 |
| 9/1/21 | 9/1/21 | 0214 | | | 3,172.50 | 28,552.50 |
| 10/1/21 | 10/1/21 | 0215 | | | 3,172.50 | 31,725.00 |
| 11/1/21 | 11/1/21 | 0216 | | | 3,172.50 | 34,897.50 |
| 12/1/21 | 12/1/21 | 0217 | | | 3,172.50 | 38,070.00 |
| | | | | TOTAL | | 38,070.00 |

| 0-30 | 31-60 | 61-90 | Over 90 days |
|---|---|---|---|
| 3,172.50 | 3,172.50 | 0.00 | 31,725.00 |