For The District of Puerto Rico

The Financial Oversight And Management Board for Puerto Rico

as Representative of

The Commonwealth of Puerto Rico

Promesa 1789066

Title III 178975

No. 17 BK 3283-LTS

Jointly Administered

This filing relates To The Commonwealth (PBA)

Objection To the Three Hundred Th omnibus Objection (Non-Substantive) of The Commonwealth of Puerto Rico, The employees retirement System of the government of The Commonwealth of Puerto Rico, and the Puerto Rico Highways and Transportation Authority To duplicate claims, Doc # 16020

Objection to The Three Hundred Seventy Fourth omnibus objection (Substantive) of the Commonwealth of Puerto Rico, Puerto Rico Sales Tax financing Authority, Puerto Rico Highways and Transportation Authority, employees retirement System of the government of the Commonwealth of Puerto Rico, and Puerto Rico public Buildings Authority To late filed claims, Doc # 17923

The Debtors in these Title III Cases, along with

each Debtor's respective Title III Case Number and the last four (4) digits of each debtor's federal Tax Identification Number, as applicable, are the (i) Commonwealth of Puerto Rico ("the Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (last four Digits of federal Tax id: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Cofina) (Bankruptcy Case No. 17-BK-3284-LTS) (last four digits of federal Tax id: 8474); (iii) Puerto Rico Highways and Transportation Authority (HTA) (Bankruptcy Case No. 17BK-3567-LTS) (last four Digits of federal Tax id: 3808); (iv) employees retirement system of the government of the Commonwealth of Puerto Rico ("ERS) (Bankruptcy CaseNo. 17-BK-3566-LTS) (last four digits of federal Tax id: 9686; (v) Puerto Rico electric power Authority (prepa) (Bankruptcy Case No. 17-BK-4780-LTS) (last four digits of federal Tax id: 3747); and (vi) Puerto Rico Public Buildings Authority (PBA) (Bankruptcy Case No. 19-BK-5523-LTS) (last four digits of federal Tax id: 3801) (Title III Case Numbers are listed as Bankruptcy Case Numbers due to Software limitations.)

To The Honorable United States District Court Judge
Laura Taylor Swain:

The Commonwealth of Puerto Rico (The Commonwealth),
The employees retirement System of the government
of The Commonwealth of Puerto Rico (ERS), and The
Puerto Rico Highways and Transportation Authority
(HTA)" and Together with The Commonwealth
and ERS, The debtors) by and through The
financial Oversight and Management Board
For Puerto Rico (The Oversight Board) as The
debtors Sole Title III representative Pursuant
To Section 315(b) of The Puerto Rico Oversight,
Management, and Economic Stability Act
(promesa), Submitted The Three Hundredth
Omnibus objection (The " Three Hundredth Omnibus
objection.") To The duplicative proofs of
Claims listed on exhibit A under Doc#16020

The Commonwealth of Puerto Rico (The Commonwealth)
The Puerto Rico Sales Tax financing Authority
(cofina), The Puerto Rico Highways and
Transportation Authority (HTA), The employees
retirement System of the government of The
Commonwealth of Puerto Rico (ERS) and The
Puerto Rico Public Buildings Authority (PBA) and
Together with The Commonwealth, cofina, HTA,
ERS, The debtors) by and through The financial

Oversight and Management board for Puerto Rico (the oversight board) as Sole Title III representative pursuant to Section 315(b) of the Puerto Rico oversight, Management, and economic stability Act (promesa) Submitted the three Hundred Seventy-fourth omnibus objection (the three Hundred seventy fourth omnibus objection to the proof of claims listed on exhibit A under Doc # 17923 for failure to comply with the terms of the bar orders.

and in Support of the objection to the three Hundred th omnibus objection (Non-substantive) of the Commonwealth of Puerto Rico and others under Doc #16030, and in Support of the objection to the three Hundred Seventy fourth omnibus objection (substantive) of the Commonwealth of Puerto Rico and others under Doc # 17923, and in Support of the objection of the order granting the three Hundred th omnibus objection (Non-Substantive) of the Commonwealth of Puerto Rico and others under Doc # 16884, Mr. Jaime A Díaz Onell respectfully represent as follows:

## Jurisdiction

1. The United States District Court For The District of Puerto Rico Has Subject Matter Jurisdiction To Consider This Matter and The relief requested Herein Pursuant To Promesa Section 306(a)

2. Venue is proper in This district Pursuant To Promesa Section 307(a)

## Background

A. The Bar Date orders

1. On May 3, 2017 The Oversight Board issued a restructuring Certification Pursuant To Promesa Sections 104(j) and 2016 and filed a Voluntary Petition For relief For The Commonwealth of Puerto Rico (The Commonwealth) Pursuant To Promesa Section 304(a) Commencing a Case Under Title III Thereof (The Commonwealth Title III Case

2. On May 21, 2017 (The Petition date) The Oversight Board issued restructuring Certifications Pursuant To Promesa Sections 104(j) and 2016 and filed Voluntary Petitions for relief

(HTA and (ERS), pursuant to PROMESA Section 304 (a) commencing a case under Title III thereof (the ERS Title III case and the HTA Title III case respectively' and together with the Commonwealth Title III case, the Title III cases). On June 29, 2017 the Court entered an order granting the joint administration of the Title III cases for procedural purposes only. ecf No.537.

3. On January 16, 2018 the debtors filed their Motion for order (A) establishing deadlines and procedures for filing proofs of claims and (B) Approving form and manner of notice thereof (ecf No. 2255) (the bar date Motion) By the order (A) establishing deadlines and procedures for filing proof of claims and (B) Approving form and manner of notice thereof (ecf 2521) (the initial bar date order) the Court granted the relief requested in the bar date Motion and established deadlines and procedures for filing proofs of claims in the Title III cases. Upon the informative Motion of certain creditors, and the support of the debtors the Court subsequently entered the order (A) extending deadlines for filing proofs of claims and (B) Approving form and manner of notice thereof (ecf No. 3160) (together with

The Initial Bar date order, & the Bar date orders) extending these deadlines To June 29, 2018 at 4:00 PM (Atlantic Time).

4. Since May 3, 2017 pursuant promesa Sections 104(j) and 206, pursuant Section 304(a) of promesa, a Case under Title III thereof the Commonwealth Title III Case all the Cases against the Commonwealth of Puerto Rico are in a stay of the procedures.

5. as a result of Hurricane Maria the federal agency for emergency Management (fema) under disaster number 4339, Registration Id 50-3434886 Housing assistance, The federal agency (fema) offered me a Housing Voucher, Thus Traveling on December 11, 2017 To fort lauderdale, florida and staying in the extended stay America, 1450 se 17TH st. fort lauderdale, fl 33316 from December 12, 2017 To February 15, 2018 Offeckout date.

6. i got a temporary Job with the City of Ockland park, that fter Offeckout of the Hotel Homeless but working i slept inside My personal Vehicle.

7. The temporary work with the City of oakland park
ended and I decide To start going up as NorTH
To New York City, and so I did. I went up The
entire east coast of florida and enter georgia.

8. Since My Trip To florida on December, 11 2017
To I decide To start going up as NorTH To New
York City, Mrs. Aida delgado Colon and Mr.
William young federal Judges one for District
Court of puerto Rico, The other Visiting Judge
from boston, MA District Court, The same
building of The first Circuit Court of appeals
for puerto Rico, They Had Requested from Me,
The Translation of The lawsuits because
with The Circumstances of The Hurricane
Maria among others I Was forced To
Submit The lawsuits in spanish and
They Requested The Translation To english,

9. And That request I attended While in florida
and within The Terms To Submit The proof
of Claim, (ecf Num. 3160) Together with
The initial Bar date order, The Commonwealth
Cofina, HTA, and ERS Bar date orders
extending These deadlines To June 29, 2018
at 4:00 PM Atlantic Time.

10. My road trip to New York City is within the
terms dictated by the Honorable Laura Taylor Swain
and under a stay of the procedures, ecf num.
3160) pursuant promesa Sections 104(j)
and 306, pursuant to promesa Section 304(a)
under title III thereof (the Commonwealth
title III case) May 3, 2017 and without
anyone having requested a stay lift.

11. On the Highway to New York and in the pooler,
georgia area as of 16 of june of 2018 I take
a Highway exit to get gas, at gas station
across from Walmart, pooler georgia.

12. After putting gasoline I proceed to check
the water and oil of the vehicle while in
that process a group of police arrived and
they arrested me in a false arrest.

13. They took my vehicle in a tow truck that
arrived five minutes after they had arrived,
a coordinated arrest with a private tow truck,
see exhibit A (11, 12, 13, 14, 16)

14. That the next day I was released in the
morning with a charge fabricated, a false
arrest that the only concerted purpose
was damage due process of law, damage

and affect the timely appearance (ecf Num. 3160) the initial Bar date order, the deadlines to June 29, 2018, in this way the timely appearance was damage, collateral with which the arguments in favor of the lawyers were established to request dismissal for any subsequent grounds as has ocurred. See exhibit A (1, 3, 11, 12, 13, 14, 16,) See (ecf. 3160) See Doc# 16020, Doc# 16824, Doc# 17923.

15. This false arrest was not a fluke this was a concerted criminal action in favor of the defendants and his lawyers and in favor of the oversight board as sole title III representative, this concerted action came with a set-up of persecution and intelligence on me from the state of florida, being in fort lauderdale, after check out of the hotel, on the road, at all my stops to New york City.

16. They waited for me to leave the state of florida and the false arrest was definitely going happen any time on the road, they observed that i had to stop for gasoline and they definitely took advantage of the occasion in Pooler georgia. See exhibit A (1, 3, 11, 12, 13, 14, 16, see. (ecf. 3160)

See Doc # 16020, Doc#16824, Doc # 17923

17. In the Morning of June 17, 2018 I Had the Clothes that i was wearing and a dollar fifty Cents that was given To me for the bus in Halam County Jail, without Knowing where they Had Taken My Vehicle, No Money, No food, when I was able To get To 95 North I Had To sleep for days where the Night would Catch Me because My Vehicle Has a Money debt with the Towing Truck.

18. That Collaterally with the false arrest Ordered, Mrs. Aida delgado Colon, attacked Mrs. frances Dios de Moran, issue false Summons and without any authority even without Seal of the Secretary See exHibiT A (6, 7, 8, 9, 10) they actively participated in this false arrest with Personal interest about My demands, and lawsuits, See exHiBiT A (1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 18, 19, 20, 21) See ecf. 3160 Doc # 16020 Doc # 16824 Doc # 17923

19. it Took Me a Month To resolve the damage of the false arrest on June 16, 2018 and be able To borrow Money To Take out My Vehicle the Tow Truck impound Had damage the

allingment at the Car, stole my legal documents,
and the only money I had in my belongings
See exhibit A (1, 6, 7, 8, 9, 10, 11, 12, 13, 14, 16, 18).

20. arrived To New York City on 31 of July of 2018
See exhibit A (19) To the public advocate
office Mrs. Leticia James To submit complaint
and request See exhibit A (19, 20).

21. The damage Had already been Consummated
In accordance with (ecf 3160) The
initial Bar Order and these would be The
reasons To issue Summons authorized by
Aida delgado Colon on 30 of July of 2018 one
day before I arrive To New York City See
exhibit A (18, 19, 20) The Same actions of
The false arrest at Pooler, GA, a week before
The fake arrest They issue fake and unsealed
Summons 11 of June of 2018 See exhibit A
(1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 16, 18, 19, 20)

22. as a Consequence of the illegal Summons
issued and filled out by alleged Marshalls
of the Court all the same day illegal
Terms began To answer the same, Accordingly
The justice department appeared alone again
Mr. Jaime A Diaz Oneill was in the jail
See exhibit A (21)

23. Those acts are not a Coincidence, This is
Called organized Crime, deprivation of due
Process of law, prepared dismissal arguments
To lawyers of the Oversight Board in fact
Proskauer llp submitted them in total
absence of due process and law and Corruption.

24. In this way depriving a person who is Representing
himself in his own right in the form of
poor with false arrest is organized crime.
and clearly it is not Consistent with the
procedural orders, the standing orders,
(ecf 3160) the 17 BK 3283-LTS. See
exHibiT A (1 To 45)

25. In relation exHibiT A (6,7,8,9,10, 11,12,13, 14,16
18, 19, 20, 21 Mr. Gustavo Gelpi Jr. Invite To
participate To Mr. Raul M. arias Marxuach,
Mr. Arias Marxuach recused Himself See
exHibiT A (22, 2)

26. Mr. William g. young also participated in the
Same scheme promoted an illegal process
Collateral when illegally dismissed the Case,
Mr. Jaime s Dion Oneill was in the Jail in a
State of defenseless Noss (See exHibiT A
1 To 45, See ecf 3160, See exHibiT A (23).

27. According To doc # 17923 I Had until
September 20, 21 To respond, I was present
at the 30TH Poblic Board Meeting in date
of 17 of September of 2021, the Meeting
Will Take place at the Puerto Rico
Convention Center Room 209 beginning at
9:00 AM AST, I Was there for the entire
audience See exhibit A 27.

28. See exhibit A (26, 27, 28, 29,) See
exhibit A (33, 34).

29. Again, this time on 18 of September of 2021
and within the terms of 20 of September of 2021
To respond I AM arrested in a false
arrost depriving Me of appearence To
My Case, Corruption, organized crime,
depriving Me of My Constitutional rights
and due process of law. See exhibit A
33, 34, 35, 36, 37, 38, 39)

30. They released Me after the Term expired
To answer, To respond Doc # 17923
See exhibit 38.

31. See exhibit 35, 36, 37, 38, 39 with
specificity. See exhibit A 1 To 45
See ect-3160 June 29, 2018.

32. The late filing of the proof of claim on 17 of
December of 2020 is irrelevant because
the oversight board already from the week
before the deadline 29 of June of 2018
ecf 3160 Had achieved its purpose
through organized crime false arrest
and corruption See exhibit A (1 to 45)

33. Not even when the proof of claim was filed
late, Prime clerk Never Notified me of anything
from 17 of December of 2020, So far the only
thing I have received from prime clerk Has
been the exhibit A (43, 44, 45) by
forwarding late on 2 of November of 2021
after submitting to the Court (19006)(19063)
(19178)(19125)(19142)(19255)(19256)(19343)
under Doc # 19359 See exhibit A 40, 41,
42, 43, 44, 45,)

34. Under Doc # 16020 proskauer lawyers
exposes if the claims to be rejected
they are Not rejected, it would result
in which the corresponding claimants
obtained potentially a duplicate recovery
Not justified against debtors to the
detriment of others parties interested
in the Title III cases.

35. Under doc # 16020 ythe Holders of ythe
Claims ythat Have to be rejected will not
be Harmed by ythe fact ythat Claims are
Rejected for ythe reason each of Said
Holders will Maintain a claim against
debtors - See Okhibit A (1 to 45) See
ecf. 3160

36. primeclerk Never Notified Me Doc # 16020
Doc # 16 804 Doc # 17983 I Knew of
ythese documents with posterity to ythe
False arrest of 18 of September of 2021
depriving Me of appearing to response on
20 of September of 2021 under # doc 17983

37. Ythe claim bases are established prior to
ythe filing of ythe Case of Title III promesa
on 3 of May 2017 17-BK-3283-LTS of
which I was deprived to participated
under Organized crime and Corruption.

38. I Have objection to ythe Jay Herriman
statement in all its parts, See ekhibit
(1 to 45) See ecf 3160, Under Doc #
16020, Under Doc # 16824, Under Doc #
17983

B. proof of Claims, omnibus objection procedures, and claim objections.

39. The proof of claim Had a deadline WHich Was (June 29, 2018 (ecf-3160) of there Having been No organized crime Maybe Already I Would Have returned To work in the puerto Rico Aqueduct and Sewer Authority.

40. the fake arrest in pooler, GA dismissed both of my claims, let's see, Under Doc #16020 prosKaver Ilc through their lawyers Martin J. Bienenstock, Brian S. Rosen exposed Duplicative of liabilities asserted on Remaining claim, liabilities asserted on Claim To be disallowed exHibit A Doc # 16020, Never use late proof of claim as a basis for dismissal under Doc # 16020 WitH specificity, they used duplicative of liabilities on Remaining claim, any failure To disallow the claims To be disallowed will result in the applicable claimant's potentially receiving an un warranted double recovery against the debtors To the detriment of others stakeholders in the Title III Cases See ecf-3160.

41. Had there been duplicity, there was no remaining claim because the false arrest under organized crime in Pooler, GA previous a deadline on 29 of June of 2018 had already dismissed my two claims in one fell swoop depriving me of appearing opportunely to the due process of law, to the equal protection of the laws, abusing a person in a state of indigent, in a state of helplessness, depriving him of the right to work, because there is a group of unfortunates paying money behind the wall for carrying out those acts of organized crime.

42. For the purposes of my cases the date of June 29, 2018 was everything and I was deprived, was deprived of my constitutional rights in all its parts, I was deprived of all procedural orders, of the standing orders, to present evidence as part of due process of law

43. The arrest of September 18, 2001, not only kidnapped within a jail every possibility of appearance and defense, but it was the last possibility of appearing within any valid term of the court orders under 178975 claim number, under Doc # 17925, Date to Respond deadline 20 of September of 2001

44. Collateral with the arrest 18 of September of 2021,
on 20 of September of 2021 the deadline for
Purpose of DOC # 17923 the department of
Justice of Puerto Rico "the defendants" they
sent me a letter, through Mrs. Mirafaga Diaz
Rodriguez in relation to the case handled
by Aida delgado colon, when this happen
I am in the jail, Moving a case procedurally
that is in a stay of the procedures from 3 of May
of 2017 under section 104(J) 206 promesa.
See exhibit A(36). See ecf-3160

45. What else happened while was in jail a
Sentence was issued by a judge that i
do not recognize, I do not recognize this
person to be assigned to the case never,
a sentence is issued on 21 of September of 2021
this is coincidentally the collateral of the
Case District court of Aida delgado colon, the
Collateral of the kidnapping in pooler, GA on
16 of June of 2018 See ecf-3160, the Most
Incredible thing is that this happens under
a stay of the procedures from 3 of May of 2017.
See exhibit A-37, See- ecf-3160, See
Pooler, GA, See exhibit A-38, See exhibit
A-27, 26, 28, 29.

466. When we talk about proof of claim, omnibus objection procedures, and claim objection, when we talk about objections to proof of claim it is necessary that primeclerk has made a timely notification of any document related to the case where the plaintiff is equally affected even if your proof of claim has been late, late for justiable or unwarranted reason, these notifications are essential for the defense of a case and if even when a late filing it is not processed properly as in the case at hand, by primeclerk we have great damages among others to the due process of law and administrative handling of files and notification, myself never received from primeclerk notification of Doc # 16020, Doc # 16804, Doc # 17923 as a part of a process under the declaration of Jay Herriman

47. under declaration of Jay Herriman it is said that is a managing director of Alvarez and Marsal North America llc, the financial oversight and management board "the oversight board" retained AandM to assist with interalia the claims reconciliation process of debtors cases filed pursuant to the Puerto Rico oversight management and economic stability act "promesa" unless otherwise stated in this declaration, I have personal

Knowledge of the facts set forth herein
hereby declare under penalty of perjury that
following is true and correct to the best
of His knowledge, and I Jaime A. Diaz Diaz I
I Have objections to His declaration under perjury
in the doc #16020, doc #17923 doc #16824
related.

48. I Never received any communication from
prime clerk regarding the process of
reconciliation and objections regarding claims,
#doc 16020, #doc 17923, #doc 16824 in the
alternative if for any valid reason there is
Duplication, you cannot dismiss the remaining
Case against the Puerto Rico Aqueduct and
Sewer Authority.

50. Again if for any valid reason there is
Duplication you cannot dismiss the remaining
Case against the Puerto Rico Aqueduct and
Sewer Authority, the Puerto Rico Aqueduct
and Sewer Authority Complete restructuring,
the deficiencies if some are justified in
law, with solid documentary and factual
evidence, See exhibit A -(1-45)

51. The Puerto Rico Aqueduct and Sewer Authority of Puerto Rico Has a sentence and Mandate of Ve-establishment to my job position within the public Corporation, are there on this issue due to denial of due process of law under organized crime, this has been a concerted action of Mr. Donald J. Trump defendant, the United States Department of Justice, Rosa. E Rodriguez, Department of Justice of Puerto Rico, Wanda Vazquez gorced, Court Administration Siga Frido steidel, Police of Puerto Rico, Micthelle Fraley et. als, the defendants in general, His lawyers in favor of the procedurally fabricated argumentation as a basis for requesting dismissal of a case, judges assigned with interest.

52. i Submitted under exhibit B Sentence and Mandate to the reinstatement from Court of appeals, San Juan PR, Decision and order of the puerto Rico labor Relation Board to reinstate to my labor position in (prasa) Puerto Rico Aqueduct and Sewer Authority attach all inherent rights. See exhibit B (1 to 44)

53. i Submitted under exhibit C Guillermo Figueroa prior lawyer Notary 29 of November of 2005, i Submitted, Marciol Diaz Jimonez

Pooler, GA / # 15447054 Georgia Power Doc#16022
See exHibiT C (1-2) Aida delgado Colon

54. Me would Have No objecNon To dismissal
For duplicaNon under THe Claim # 178966
but I Have objecNon To THe request To
dismiss under any argumen THe Claim #
178975 related To reinstate My person
To My job in THe Puerto Rico Aqueduct
and Sewer AuHlority Claim # 178975


NoNFicaNon

55. IN accordance with THe procedures relating
To global objecNons and THe NoNficaNon
order under Doc #16022 Doc #17923 a
Copy of THe NoNce for THe objecNon
OMNibus under Doc # 16022 Doc #17923
is attacH Hereto as exHibi T A

Order

Wherefore the plaintiff respectfully request
entry of an order in the form of the proposed
order attach hereto exhibit e. 1) granting
the relief request herein and 2) granting
the plaintiff such other further relief as
is just.

Respectfully Submitted

13 of December of 2021

Jaime A. Diaz Oder II

PO box 9793
San Juan PR 00908

787-447-3424

Jaimeadiazoderll@ymail.com