UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.¹ | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br><br>**Re: ECF No. 19336, 19341, 19444** |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS |

**RESPONSE OF THE COMMONWEALTH OF PUERTO RICO TO
MOTION FOR RELIEF FROM AUTOMATIC STAY FILED BY
<u>ALEX VARGAS SEGARRA AND BETSIE SEDA COLLADO</u>**

---

¹ The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Last Four Digits of Federal Tax ID: 3801) (Last Four Digits of Federal Tax ID: 3801) (Bankruptcy Case No. 19-BK-5523-LTS). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth") respectfully submits this response (the "Response") to the *Motion for Relief from Automatic Stay* [ECF No. 19336] (the "Motion) filed by Alex Vargas Segarra ("Vargas") and Betsie Seda Collado (collectively, "Movants"), the plaintiffs in the cases captioned *Alex F. Vargas v. Police Department*, Case No. SA-08-0403 (previously 2008-10-0403) (the "Administrative Action"), pending before the Comisión Apelativa del Sistema de Administración de Recursos Humanos del Servicio Público ("CASP" by its Spanish acronym) and *Alex F. Vargas Segarra, et. als. v. Commonwealth of Puerto Rico*, Civil Case No. ISCI2017-01070 (the "Dismissed Action"), an action dismissed by the Puerto Rico Court of First Instance, Court of Mayagüez (the "Trial Court").[1]

## BACKGROUND

**The Administrative Action**

1. On October 5, 2008, Movants filed the Administrative Action requesting backpay and Vargas' re-entry and reinstatement to the Puerto Rico Police Department, an entity of the Commonwealth.

2. On May 3, 2017, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a), commencing a case under title III thereof.

3. On August 9, 2018, CASP entered an order staying the Administrative Action.

---

[1] The Financial Oversight and Management Board for Puerto Rico, as the Commonwealth's representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), has authorized the Department of Justice to file this Response on behalf of the Commonwealth.

4. On February 27, 2019, Movants filed a Motion in Aid of Jurisdiction requesting the continuation of the Administrative Action. CASP did not resolve the same as the Administrative Action had already been stayed.

**The Dismissed Action**

5. On November 28, 2017, Movants commenced the Dismissed Action requesting the same remedies already requested in the Administrative Action. Movants later amended the Dismissed Action on December 26, 2017.

6. On June 11, 2018, notified on June 14, 2018, the Trial Court dismissed, without prejudice, the Dismissed Action, holding that it lacked subject matter jurisdiction (the "Dismissal Judgment"). The Dismissal Judgment has been firm and final since August 2018.

**The Lift Stay Motion**

7. On November 22, 2021, Movants filed the Motion in which they request relief from the automatic stay under Bankruptcy Code section 362(a), made applicable to the Commonwealth's Title III case by PROMESA section 301(a) (the "Title III Stay"), to allow the Administrative Action and the Dismissed Action to continue. Movants fail to mention in their Motion that the Dismissed Action has had a firm and final judgment dismissing the same since 2018.

8. Following the filing of the Motion, the parties attempted to resolve the request in the Motion consensually, but have been unable to do so.

### THE COMMONWEALTH'S RESPONSE

**The Administrative Action**

9. With respect to the Administrative Action, the Commonwealth agrees to a limited modification of the Title III Stay to allow it to proceed to final judgment, and for the execution

3

and enforcement of any judgment solely with respect to Movants' request for re-entry and reinstatement; provided, however, that the Title III Stay shall continue to apply in all other respects to the Administrative Action, including, without limitation, the execution and enforcement of any judgment for any claims for backpay, money damages, and provisional remedies against the Commonwealth or any other Title III debtor.

10. Nothing contained in this Response should be construed as a waiver or modification of the Title III Stay to allow the prosecution against the Commonwealth of any claim by anyone other than Movants as provided for herein, and the Commonwealth reserves all rights, defenses, and protections with respect to any other motions for relief of stay or any other matters pending in the Commonwealth's Title III case.

**The Dismissed Action**

11. With respect to the Dismissed Action, the Court should deny Movants' request for relief from the Title III Stay. The Dismissed Action was dismissed three (3) years ago for lack of subject matter jurisdiction. The re-filing of the Dismissed Action or any other action before the Trial Court would be duplicative of the Administrative Action, which the Commonwealth is agreeing to modify the Title III Stay as detailed above. For this and additional reasons set forth below, Movants have failed to show cause exists to lift or modify the Title III Stay pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code") to allow the Dismissed Action to be re-filed and proceed.

12. Upon commencement of a Title III case, Bankruptcy Code section 362(a), made applicable by section 301(a) of PROMESA, provides for an automatic stay of certain actions by non-debtor third parties including, among other things, "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under

4

this title." 11 U.S.C. § 362(a). The application of Bankruptcy Code section 362(a) to the Commonwealth's Title III case was specifically confirmed by this Court pursuant to the *Order Pursuant to PROMESA Section 301(a) and Bankruptcy Code Sections 105(a), 362(a), 365 and 922 Confirming (I) Application of the Automatic Stay to Government Officers, Agents, and Representatives, (II) Stay of Prepetition Lawsuits, and (III) Application of Contract Protections* [ECF No. 543].

13. "The automatic stay is among the most basic of debtor protections under bankruptcy law." *Soares v. Brockton Credit Union (In re Soares)* 107 F. 3d 969, 975 (1st Cir. 1997) (citing *Midlantic Nat'l Bank v. New Jersey Dep't of Envtl. Protection*, 474 U.S. 494, 503 (1986). The stay "is extremely broad in scope and, 'aside from the limited exceptions of subsection (b), applies to almost any type of formal or informal action taken against the debtor or the property of the estate." *Montalvo v. Autoridad de Acueductos y Alcantarillados (In re Montalvo)*, 537 B.R. 128, 140 (Bankr. D.P.R. 2015). The broad scope of the automatic stay serves one of the cardinal purposes of bankruptcy and provides the debtor with a "breathing spell" essential to (a) the preservation of the debtor's property for the collective benefit of the creditors and (b) the debtor's ability to administer its case and engage in restructuring efforts without undue distraction or interference. *See Unisys Corp. v. Dataware Prods., Inc.*, 848 F.2d 311, 313 (1st Cir. 1988) ("[T]he automatic stay gives the debtor a 'breathing spell from his creditors' and forestalls a 'race of diligence by creditors for the debtor's assets.'" (citation omitted)); *In re Jefferson Cnty.*, 491 B.R. 277, 285 (Bankr. N.D. Ala. 2013) (explaining that a key purpose of municipal bankruptcy is "the breathing spell provided by the automatic stay" and stating "[i]f the automatic stay is to be lifted routinely to allow claimants to assert their claims in state court, a municipality will not have the time, opportunity or ability to confirm a plan"); *Mass. Dep't of Revenue v. Crocker (In re Crocker)*,

5

362 B.R. 49, 56 (B.A.P. 1st Cir. 2007) (quoting H.R. Rep. No. 95-595 at 340 (1977)) ("[O]ne of the fundamental purposes of the automatic stay is to give the debtor 'a breathing spell from his creditors' and 'to be relieved of the financial pressures that drove him into bankruptcy.'"); *Delpit v. Commissioner*, 18 F.3d 768 (9th Cir. 1994) ("Congress intended to give debtors a breathing spell from their creditors and *to stop all collection efforts*, all harassment, and all foreclosure actions.") (internal quotes and citations omitted) (emphasis added).

14. An order lifting the automatic stay is an "extraordinary remedy." *In re 234-6 West 22nd St. Corp.*, 214 B.R. 751, 757 (Bankr. S.D.N.Y. 1997). Bankruptcy Code section 362(d)(1), made applicable by PROMESA section 301(a), provides that a court may grant relief from the automatic stay "for cause." *See* 11 U.S.C. § 362(d)(1). "Cause" is not defined in the Bankruptcy Code. *In re Unanue-Casal*, 159 B.R. 90, 95–96 (D.P.R. 1993), *aff'd* 23 F.3d 395 (1st Cir. 1994). To determine whether "cause" exists to grant relief from the stay, courts examine numerous different factors, including those set forth in *Sonnax Indus., Inc. v. TriComponent Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990):

(1) whether relief would result in complete or partial resolution of the issues;

(2) the lack of any connection with or interference with the bankruptcy case;

(3) whether the foreign proceeding involves the debtor as fiduciary;

(4) whether a specialized tribunal has been established to hear the cause of action at issue;

(5) whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;

(6) whether the action essentially involves third parties rather than the debtor;

(7) whether the litigation could prejudice the interest of other creditors;

(8) whether a judgment in the foreign action is subject to equitable subordination;

(9) whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor;

6

(10) the interest of judicial economy and the expeditious and economical determination of litigation for the parties;

(11) whether the foreign proceedings have progressed to the point where the parties are prepared for trial; and

(12) the impact of the stay on the parties and the "balance of hurt."

*In re Sonnax Indus.,* 907 F.2d at 1286.

15. Courts in this Circuit have adopted these "*Sonnax* factors." *See Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla*, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) ("To help guide their analysis of whether to enforce or vacate the stay, some courts, including those in this district, have relied upon a laundry list of assorted factors." (citing *Sonnax*, at 1286; *C & A, S.E. v. P.R. Solid Waste Mgmt. Auth.*, 369 B.R. 87, 94-5 (D.P.R. 2007)); *In re Unanue-Casal*, 159 B.R. at 95–96; *Peaje Invs. LLC v. Garcia-Padilla*, 2016 U.S. Dist. LEXIS 153711, at *13 (D.P.R. Nov. 2, 2016); *Fin. Oversight & Mgmt. Bd. v. Ad Hoc Grp. of PREPA Bondholders (In re Fin. Oversight & Mgmt. Bd.)*, 899 F.3d 13, 23 (1st Cir. 2018) ("We agree with the parties that the factors identified by the Second Circuit in Sonnax and recited by the Title III court provide a helpful framework for considering whether the Title III court should permit litigation to proceed in a different forum.").

16. No one factor is dispositive. Instead, courts "engage in an equitable, case-by-case balancing of the various harms at stake" and will lift the stay only if the harm engendered by allowing the stay to remain in place outstrips the harm caused by lifting it. *Brigade*, 217 F. Supp. 3d at 529 n.12. Movants bear the burden of establishing cause, *id.*, and when the movant is not a secured claimholder asserting a lack of adequate protection, that burden is a high one. *See In re Breitburn Energy Partners LP*, No. 16-10992, 2017 WL 1379363, at *4 (Bankr. S.D.N.Y. Apr. 14, 2017).

17. Here, Movants seeks to commence litigation against the Commonwealth that would be duplicative of the Administrative Action, which the Commonwealth agrees to modify the Title

7

III Stay as set forth above. Allowing Movant to proceed with duplicative litigation would undermine the purpose of the automatic stay "to prevent interference with, or diminution of, the debtor's property." *In re Cuba Electric & Furniture Corp.*, 430 F. Supp. 689 (D.P.R. 1977); *see also In re Mu'min*, 374 B.R. 149, 162 (Bankr. E.D. Pa. 2007) (allowing creditors to get a "head start on collection [is] precisely what the Bankruptcy Code was designed to prevent so that creditors could share equally in the distribution of available assets."). The *Sonnax* factors point squarely toward maintaining the automatic stay and against the relief Movants seek in connection with the Dismissed Action.

1. ***Sonnax* Factor 1:** The first *Sonnax* factor—whether relief would result in complete or partial resolution of the issues—weighs against modifying the automatic stay. Here, Movants do not identify any bankruptcy issue related to the Title III case that would be resolved by allowing Movants to continue the prosecution of the Dismissed Action or enforcement of any judgment. Moreover the refiling and continuation of the Dismissed Action would be duplicative of the remedies being requested through the Administrative Action. *See Johnson v. Porrate-Doria, et al.*, Case No. 14-1841 (D.P.R. filed July 10, 2015), ECF Nos. 28 & 29 (dismissing, without prejudice, the Dismissed Action). Therefore, the first *Sonnax* factor supports denying the Motion.

2. ***Sonnax* Factor 2**: The second *Sonnax* factor—the lack of any connection with or interference with the bankruptcy case—does not support modifying the stay. The Commonwealth would be required to devote resources to respond to Movants' claims in a re-filed Dismissed Action that would already be addressed in the Administrative Action, which would interfere with its Title III case and overall restructuring by diverting critical funds from its recovery efforts and payment of all similarly situated creditors pursuant to a plan of adjustment.

8

3. Additionally, should every plaintiff with an asserted prepetition claim be given *carte blanche* to litigate and/or execute their claims in multiple fora, the combined result would have a substantial and negative impact on the Commonwealth's fiscal plan and budget. This would impede the restructuring process, and thus, should be avoided. *See, e.g., In re Residential Capital, LLC*, No. 12-12020, 2012 WL 3860586, at *6 (Bankr. S.D.N.Y. Aug. 8, 2012) (denying lift-stay motion in part because "[t]he new litigation in non-bankruptcy courts would hinder the Debtors' attempts to reorganize by forcing the Debtors to utilize time and resources that would otherwise be spent in resolution of the Debtors' chapter 11 cases."). Thus, *Sonnax* factor 2 weighs in favor of denying the Motion. *See Brigade*, 217 F. Supp. 3d at 529 n.12 (holding that movant bears the burden of establishing cause).

4. ***Sonnax* Factor 4**: The fourth *Sonnax* factor—whether a specialized tribunal has been established to hear the cause of action at issue—does not support granting the Motion. No specialized tribunal has been established to hear the Dismissed Action, which was originally filed in the Trial Court. However, the Administrative Action, which the Commonwealth consents to the modification of the Title III Stay to proceed as provided above, is pending before CASP. Thus, *Sonnax* factor 4 weighs in favor of denying the Motion.

5. ***Sonnax* Factor 5**: The fifth *Sonnax* factor—whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation—does not support granting the Motion. No insurer of the Commonwealth has assumed any financial responsibility in connection with the Dismissed Action. Thus, *Sonnax* factor 5 does not support granting the Motion.

6. ***Sonnax* Factor 6**: The sixth *Sonnax* factor—whether the action essentially involves third parties rather than the debtor—does not support granting the Motion. This factor is not based

9

Case:17-03283-LTS Doc#:19509 Filed:12/13/21 Entered:12/13/21 17:31:32 Desc: Main
Document Page 10 of 12

on whether third parties are involved, but rather whether the prepetition action primarily involves third parties *rather than* the debtor. *See In re Residential Capital, LLC*, 2012 Bankr. LEXIS 3641, at *20 (Bankr. S.D.N.Y. Aug 8, 2012) ("The court should not grant relief from the stay under the sixth *Sonnax* factor if the debtor is the main party to the litigation."); *Grayson v. WorldCom, Inc. (In re WorldCom, Inc.)*, 2006 U.S. Dist. LEXIS 55284, at *33 (S.D.N.Y. Aug 4, 2006) ("Grayson offers no argument or claim to show how the Bankruptcy Court abused its discretion in determining that Grayson's claim in this action did not primarily involve third parties." (emphasis in original)).

7. Here, the Dismissed Action does not involve primarily third parties. Movants filed suit against the Commonwealth; and the Puerto Rico Police Department, an agency of the Commonwealth. Movants fail to show how any non-debtor parties in the Dismissed Action are the *primary parties* to the action. *See Brigade*, 217 F. Supp. 3d at 529 n.12 (holding that movant bears the burden of establishing cause). Therefore, *Sonnax* factor 6 weighs in favor of denying the Motion.

8. **_Sonnax_ Factor 7**: The seventh *Sonnax* factor—whether the litigation could prejudice the interest of other creditors—does not support granting the Motion. Courts have denied requests to lift the automatic stay where the debtor would be required to expend its limited resources to defend against litigation. *See, e.g., In re Plumberex Specialty Prod., Inc.*, 311 B.R. 551, 563-64 (Bankr. C.D. Cal. 2004) (rejecting effort to lift stay in part because "the cost of protracted litigation of a separate proceeding in a non-bankruptcy forum would prejudice the interests of other creditors of the estate"); *In re Motors Liquidation Co.*, No. 09- 50026, 2010 WL 4630327, at *4 (S.D.N.Y. 2010) (finding no abuse of discretion where bankruptcy court concluded in denying lift-stay motion that "allowing Appellant to proceed with the ERISA suit would force

10

[debtor] to expend estate resources to defend that" and thus "would prejudice the interests of other creditors"). *see also In re City of Stockton*, 484 B.R. 372, 379 (Bankr. E.D. Cal. 2012) (declining to lift stay in part because it "will deplete the coffers of the City treasury").

9. Here, the Commonwealth would have to expend time and expense to respond to any further papers Movants may file in connection with claims that are already being addressed in the Administrative Action. The depletion of the Commonwealth's resources to attend to such duplicative responses, and the diversion of the Commonwealth's attention to proceed expeditiously through its Title III case would inure to the detriment of the Commonwealth's other creditors. Accordingly, *Sonnax* factor 7 does not support granting the Motion.

10. ***Sonnax* Factors 10 and 11:** The interest of judicial economy and the status of the Dismissed Action also weigh against stay relief. As discussed above, the Dismissed Action has been dismissed, without prejudice. Movants do not (and cannot) explain why cause exists for relief from the Title III Stay to continue to prosecute the Dismissed Action in parallel with the Adminstrative Action. Indeed, it would be a waste of judicial resources to continue duplicative litigation in a different forum, particularly, when the same claims are being addressed in the Administrative Action. Thus, *Sonnax* factors 10 and 11 weigh in favor of denying the Motion.

11. ***Sonnax* Factor 12:** Balancing of the harms clearly favors denial of the Motion. The impact on the Commonwealth if the Motion were to be granted with respect to the Dismissed Action would outweigh any harm that Movants would suffer if the Title III Stay remains in place. The diversion of the Commonwealth's resources to respond to Movants' potential duplicative filings in connection with the re-filing of the Dismissed Action, and the prejudice to the interests of other similarly situated creditors all weigh in favor of continuing the automatic stay.

12. On the other hand, Movants will not suffer hardship from the Title III Stay in connection with the Dismissed Action as they are also being addressed in the Administrative Action. Thus, on balance, *Sonnax* factor 12 weighs in favor of denying the Motion.[2]

**WHEREFORE**, the Commonwealth respectfully requests that the Court grant a partial modification of the Title III Stay, as detailed herein, deny the Motion in all other respects, and enter the Proposed Order attached hereto as **Exhibit A**.

Dated: December 13, 2021
      San Juan, Puerto Rico

Respectfully submitted,

**DOMINGO EMANUELLI HERNÁNDEZ**
Secretary of Justice

*/s/ Susana I. Peñagarícano Brown*
**SUSANA I. PEÑAGARICANO BROWN**
USDC No. 219907
Deputy Secretary in Litigation
Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Phone: 787-721-2900 Ext. 1404
spenagaricano@justicia.pr.gov
*Attorney for the Commonwealth of Puerto Rico*

---

[2] The remaining *Sonnax* factors ((3) whether the foreign proceeding involves the debtor as fiduciary; (8) whether a judgment in the foreign action is subject to equitable subordination; and (9) whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor) are not addressed as they are inapplicable here.