UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,
Debtors.[1]

---------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

## STATUS REPORT OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD IN CONNECTION WITH DECEMBER 15–16, 2021 OMNIBUS HEARING

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), the Puerto Rico Electric Power Authority ("PREPA"), and the Puerto Rico Public Buildings Authority ("PBA," and together with the Commonwealth, HTA, ERS, and PREPA, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of the Debtors pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), respectfully submit this Status Report in connection with

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

the December 15–16, 2021 omnibus hearing and in response to this Court's order, dated December 7, 2021 [Case No. 17-BK-03283, ECF No. 19430].

I. **General Status and Activities of the Oversight Board, Including Measures Taken in Response to the COVID-19 Pandemic**

1. The Oversight Board and the Government of Puerto Rico (the "Government") continue to collaborate to protect the health and welfare of the people of Puerto Rico from the COVID-19 virus and to effectively utilize federal funding related to the COVID-19 pandemic.

2. The Oversight Board remains focused on achieving its mandates under PROMESA so that fiscal responsibility, access to capital markets, and economic prosperity and growth can return to Puerto Rico. To those ends, the Oversight Board presented the (a) *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, dated November 28, 2021 [Case No. 17-BK-03283, ECF No. 19365] (the "Modified Eighth Amended Plan") for confirmation pursuant to Title III of PROMESA; (b) Qualifying Modification for the Puerto Rico Convention Center District Authority [Case No. 21-01493, ECF No. 1-1] (the "CCDA QM") for approval pursuant to Title VI of PROMESA; and (c) Qualifying Modification for the Puerto Rico Infrastructure Financing Authority [Case No. 21-01492, ECF No. 1-1] (the "PRIFA QM") for approval pursuant to Title VI of PROMESA. The hearing to consider confirmation of the Modified Eighth Amended Plan concluded November 23, 2021. The CCDA QM and the PRIFA QM, which complement the transactions contained in the Modified Eighth Amended Plan, also represent significant steps towards Puerto Rico's fiscal responsibility, and the hearings on those restructuring also concluded November 23, 2021.

3. On December 17, 2021, the Oversight Board will hold a Public Board Meeting, with an agenda focused on Puerto Rico's future economic development plans. During the meeting,

Commerce Secretary Manuel Cidre Miranda, along with other representatives from the Government, will present their plans to expand investments and create jobs in Puerto Rico.

II. **General Status of Relations Among the Oversight Board and Commonwealth and Federal Governments**

4. The Oversight Board's relationship with the Government continues to be collaborative and, notwithstanding differences on several critical issues, the Oversight Board is working closely with Puerto Rico Governor Pedro R. Pierluisi and the rest of the Commonwealth administration. The Oversight Board and Government remain in agreement that the health, safety, and economic welfare of the people of Puerto Rico must be the priority. Governor Pierluisi is serving as his own *ex officio* representative on the Oversight Board, which affords more opportunity for direct interactions, and sharing of viewpoints and insights on important issues.

5. The Oversight Board and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") worked collaboratively on the PRIFA QM and CCDA QM and are now also working together to restructure bonds issued by Puerto Rico Public Finance Corporation ("PFC") pursuant to Title VI of PROMESA.

6. The Oversight Board is also committed to ensuring the Government's compliance with PROMESA in proposing and enacting legislation. As part of such efforts, the Oversight Board has acted to counter legislative initiatives designed to undermine some of the most critical reforms embodied in the proposed plan of adjustment such as the elimination of defined benefit pension plans that were a significant cause of the Commonwealth's financial distress. On July 2, 2021, the Oversight Board commenced an action against the Governor of Puerto Rico, Pedro R. Pierluisi Urrutia, in his official capacity; AAFAF; the Honorable José Luis Dalmau, in his official capacity as a representative of the Puerto Rico Senate; and the Honorable Rafael Hernández Montañez, in his official capacity as a representative of the Puerto Rico House of Representatives,

in the U.S. District Court for the District of Puerto Rico to enjoin the enforcement and nullify Act 7-2021, which, among other things, bars the Government from using any money or other resources to "enable" or "achieve" any plan of adjustment that is not the plan of adjustment Act 7-2021 requires [Adv. Proc. No. 21-00072, ECF No. 1]. On August 13, 2021, the Oversight Board filed a motion for summary judgment in the adversary proceeding and on October 13, 2021, this Court issued the *Memorandum Opinion and Order Regarding the Oversight Board's Motion for Summary Judgment Pursuant To Bankruptcy Rule 7056* [Adv. Proc. No. 21-00072, ECF No. 78] (the "Opinion"). The Opinion declared Act 7-2021 nullified and unenforceable.

7. Since the Opinion was issued, the Government has continued to pursue policies inconsistent with the certified fiscal plan and Modified Eighth Amended Plan. On November 11, 2021, the Puerto Rico Legislature passed Senate Joint Resolution 171 (the "Joint Resolution"), which requires the partial implementation of Act 80-2020 within thirty business days. Act 80-2020 provides new defined benefit pension obligations not contemplated by the certified fiscal plan and directly conflicts with the Modified Eighth Amended Plan. The Puerto Rico Legislature passed the Joint Resolution notwithstanding the absence of any plan to pay for the millions of dollars of additional costs imposed by Act 80-2020 and the prior agreement between the Government and the Oversight Board not to implement the Act (as well as Acts 81-2020 and 82-2020). Because they are inconsistent with the certified fiscal plan and PROMESA, the Oversight Board identified Acts 80-2020, 81-2020, and 82-2020 as preempted Commonwealth laws in the Modified Eighth Amended Plan and proposed confirmation order [Case No. 17-BK-03283, ECF No. 19368].

III. **General Status of Work Toward Plans of Adjustment for PREPA and HTA**

    A. **PREPA Plan of Adjustment**

4

8. Following the conclusion of the confirmation hearing for the Commonwealth, the Oversight Board has turned its primary focus to advancing plans of adjustment for HTA, PREPA, and other entities that require restructuring pursuant to Title III or Title VI of PROMESA, such as PFC. With respect to PREPA, while work remains to be done, the Oversight Board anticipates filing a plan of adjustment for PREPA by the end of March 2022.

9. Since the submission of the October 4, 2021 Status Report[2] the Oversight Board has continued to evaluate implementation of the May 2019 Restructuring Support Agreement ("PREPA RSA") in light of the COVID-19 pandemic and potential challenges obtaining legislation contemplated by the RSA. As part of this process, the Oversight Board has held further discussions with representatives for certain of the bondholders that are party to the RSA (the "RSA Bondholders") regarding outstanding issues in connection with implementation of the PREPA RSA. These discussions have been productive, but have difficult obstacles to overcome.

10. The securitization bonds to be issued pursuant to the PREPA RSA require certain legislation, including legislation to establish the securitization structure of the proposed new bonds and the transition charge needed to support prospective debt service. The Oversight Board intends to engage with AAFAF, the Governor and the Legislature in discussions to determine what legislation they are willing to pass to implement the RSA. The Oversight Board is also evaluating alternatives to the securitization bonds, and treatment of non-bond claims under a Title III plan. Alternatives are highly likely to be more expensive for the Commonwealth and will only be utilized if the Government does not cooperate.

---

[2] *Status Report of the Government Parties Regarding the COVID-19 Pandemic and the 9019 Motion*, [Case No. 17-BK-4780, ECF No. 2627] (the "October 4, 2021 Status Report").

5

11. While the Oversight Board is intent on filing a plan of adjustment for PREPA as soon as possible, it is also wary of proceeding too quickly without the cooperation and support of stakeholders. The Oversight Board is using the time prior to filing to develop a plan of adjustment that will be beneficial to PREPA, its creditors, power customers, and the ongoing transformation of the utility.

B. **HTA Plan of Adjustment**

12. Pursuant to the HTA/CCDA Related Plan Support Agreement (the "HTA/CCDA PSA"), the Oversight Board, as representative of HTA, is obligated to endeavor to file a plan of adjustment for HTA (the "HTA Plan") by January 31, 2022. The Oversight Board has been working diligently to prepare the HTA Plan and has received comments from various parties in interest. The Oversight Board will continue to work collaboratively with the parties in interest to develop the HTA Plan and hopes to file the HTA Plan in the first quarter of 2022. The timing may be impacted by receipt from the Government of relevant information, including the generation of necessary financial and other information.

IV. **General Status of ADR and ACR Processes, Anticipated Number of Matters Directed into ADR, and Anticipated Timetable for Initiation of ADR Procedures with Respect to Such Matters**

13. Pursuant to the *Order (A) Authorizing Administrative Resolution of Claims, (B) Approving Additional Form of Notice, and (C) Granting Related Relief* [ECF No. 12274] (the "ACR Order"), the Debtors have filed twenty notices transferring claims into Administrative Claims Reconciliation (as defined in the ACR Order), see *First Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 13603] (the "First ACR Transfer Notice"), *Second Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 14182] (the "Second ACR Transfer Notice"), *Third Notice of Transfer of Claims to Administrative Claims*

6

*Reconciliation* [ECF No. 14785] (the "Third ACR Transfer Notice"), *Fourth Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 15027] (the "Fourth ACR Transfer Notice"), *Fifth Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 15086] (the "Fifth ACR Transfer Notice"), *Sixth Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 15116] (the "Sixth ACR Transfer Notice"), *Seventh Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 15534] (the "Seventh ACR Transfer Notice"), *Eighth Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 15721] (the "Eighth ACR Transfer Notice"), *Ninth Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 15948] (the "Ninth ACR Transfer Notice"), *Tenth Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 16259] (the "Tenth ACR Transfer Notice"), *Eleventh Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 16514] (the "Eleventh ACR Transfer Notice"), *Twelfth Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 16677] (the "Twelfth ACR Transfer Notice"), *Thirteenth Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 16926] (the "Thirteenth ACR Transfer Notice"), *Fourteenth Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 17128] (the "Fourteenth ACR Transfer Notice"), *Fifteenth Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 17212] (the "Fifteenth ACR Transfer Notice"), *Sixteenth Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 17320] (the "Sixteenth ACR Transfer Notice"), *Seventeenth Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 17968] (the "Seventeenth ACR Transfer Notice"), *Eighteenth Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 18364] (the "Eighteenth ACR Transfer Notice"), *Nineteenth Notice of Transfer of Claims to Administrative Claims*

*Reconciliation* [ECF No. 18956] (the "Nineteenth ACR Transfer Notice"), *Twentieth Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 19490] (the "Twentieth ACR Transfer Notice," and collectively, the "ACR Transfer Notices"), and have transferred approximately 44,691 claims (collectively, the "ACR Designated Claims"), into Administrative Claims Reconciliation. The ACR Designated Claims will be resolved utilizing the Pension/Retiree Procedures, the Tax Refund Procedures, the Public Employee Procedures, and/or the Grievance Procedures (each as defined in the ACR Order), as set forth in the ACR Transfer Notices.

14. Subsequent thereto, the Debtors have filed notices, see *Notice of Filing of First Administrative Claims Resolution Status Notice* [ECF No. 14515] and accompanying *First Administrative Claims Resolution Status Notice* [ECF No. 14515-1] (the "First ACR Status Notice"), *Notice of Filing of Second Administrative Claims Resolution Status Notice* [ECF No. 15367] and accompanying *Second Administrative Claims Resolution Status Notice* [ECF No. 15367-1] (the "Second ACR Status Notice"), *Notice of Filing of Third Administrative Claims Resolution Status Notice* [ECF No. 15812] and accompanying *Third Administrative Claims Resolution Status Notice* [ECF No. 15812-1] (the "Third ACR Status Notice"), *Fourth Administrative Claims Reconciliation Notice* [ECF No. 16322] (the "Fourth ACR Status Notice"), *Fifth Administrative Claims Reconciliation Notice* [ECF No. 16888], *Sixth Administrative Claims Reconciliation Notice* [ECF No. 16888] (the "Sixth ACR Status Notice"), *Seventh Administrative Claims Reconciliation Notice* [ECF No. 18363] (the "Seventh ACR Status Notice"), and *Eighth Administrative Claims Reconciliation Notice* [ECF No. 19380 (the "Eighth ACR Status Notice") wherein the Debtors reported the successful resolution of over 24,027 ACR Designated Claims. The Debtors' next ACR Status Notice (as defined in the ACR Order) is scheduled to be filed on

January 28, 2022, and the Debtors anticipate reporting the successful resolution of hundreds of additional ACR Designated Claims.

15. With respect to certain ACR Designated Claims, mailings have been made, or are in the process of distribution, informing claimants that the administrative files for their claims are incomplete, and requesting additional information in order to enable the Debtors to reconcile their claims. Certain claimants have provided responses to these mailings, and the Debtors are evaluating the additional information received and determining whether the information received is sufficient to complete the claimants' administrative file; the Debtors continue to await responses from additional claimants. In many instances, the Debtors have re-sent mailings to claimants who did not respond to the Debtors' initial letter, reiterating their request for information sufficient to complete the claimants' administrative file, and warning them that failure to respond may force the Debtors to object to their claims. With respect to additional ACR Designated Claims, mailings have been made, or are in the process of distribution, informing claimants of the initiation of the ACR process and the timetable for the resolution of their ACR-related claims.

16. As of July 13, 2021, the Commonwealth, ERS, and PBA had transferred into ACR all outstanding claims which they understood, as of that date, were eligible for such transfer. The Debtors' analysis of outstanding claims remains ongoing, however. Accordingly, the Debtors identified additional claims suitable for transfer into ACR which were transferred pursuant to the Seventeenth ACR Transfer Notice, the Eighteenth ACR Transfer Notice, the Nineteenth ACR Transfer Notice, and the Twentieth ACR Transfer Notice. To the extent the Commonwealth, ERS, and PBA identify additional claims eligible for ACR, they will be transferred into the ACR Procedures. The Debtors' next ACR Transfer Notice (as defined in the ACR Order) is scheduled

to be filed on December 28, 2021. The Debtors may transfer additional claims into Administrative Claims Reconciliation on or before that date.

17. Pursuant to the *Order (A) Authorizing Alternative Dispute Resolution Procedures, (B) Approving Additional Forms of Notice, and (C) Granting Related Relief* [ECF No. 12576] (the "ADR Order"), the Debtors have filed seventeen notices transferring claims into the ADR Procedures (as defined in the ADR Order), see *First Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 13609] (the "First ADR Notice"), *Second Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 14090] (the "Second ADR Notice"), *Third Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 14521] (the "Third ADR Notice"), *Fourth Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 14786] (the "Fourth ADR Notice"), *Fifth Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 15085] (the "Fifth ADR Notice"), *Sixth Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 15113] (the "Sixth ADR Notice"), *Seventh Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 15217] (the "Seventh ADR Notice"), *Eighth Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 15533] (the "Eighth ADR Notice"), *Ninth Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 15720] (the "Ninth ADR Notice"), *Tenth Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 15861] (the "Tenth ADR Notice"), *Amended Eleventh Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 16540] (the "Eleventh ADR Notice"), *Twelfth Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 16517] (the "Twelfth ADR Notice"), *Thirteenth Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 16767] (the "Thirteenth ADR Notice"), *Fourteenth Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 17208] (the "Fourteenth ADR Notice"), *Fifteenth Notice of Transfer*

*of Claims to Alternative Dispute Resolution* [ECF No. 17832] (the "Fifteenth ADR Notice"), *Sixteenth Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 18259] (the "Sixteenth ADR Notice"), and *Seventeenth Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 19169] (the "Seventeenth ADR Notice," and collectively, the "ADR Notices"), and have transferred approximately 367 claims into the ADR Procedures.

18. Subsequent thereto, the Debtors have filed notices, see *First Alternative Dispute Resolution Status Notice* [ECF No. 14185] (the "First ADR Status Notice"), *Second Alternative Dispute Resolution Status Notice* [ECF No. 15028-1] (the "Second ADR Status Notice"), *Third Alternative Dispute Resolution Status Notice* [ECF No. 15551-1] (the "Third ADR Status Notice"), *Fourth Alternative Dispute Resolution Status Notice* [ECF No.15958-1] (the "Fourth ADR Status Notice"), *Fifth Alternative Dispute Resolution Status Notice* [ECF No. 16684] (the "Fifth ADR Status Notice"), *Amended Sixth Alternative Dispute Resolution Status Notice* [ECF No. 17267] (the "Sixth ADR Status Notice"), *Seventh Alternative Dispute Resolution Status Notice* [ECF No. 17997] (the "Seventh ADR Status Notice"), *Eighth Alternative Dispute Resolution Status Notice* [ECF No. 18981] (the "Eighth ADR Status Notice," and collectively, the "ADR Status Notices") indicating five (5) claims were settled in Evaluative Mediation (as defined in the ADR Order), sixteen (16) claims have been resolved, well over one hundred claims are currently in the Offer-Exchange (as defined in the ADR Order) phase of the ADR Procedures and have received either an Offer or an Information Request (as defined in the ADR Order), and approximately eleven (11) claimants have accepted the Debtors' offers. The Debtors are in the process of documenting the resolution of claims as to which offers have been accepted or agreements in principle have been reached.

11

19. The Debtors are also evaluating all responses received to Information Requests and Offers, and attempting to engage claimants in the hopes of achieving a consensual resolution of the remaining claims currently in the Offer-Exchange procedures. In addition, the Debtors are in the process of preparing offers or making Information Requests to additional ADR Designated Claimants. The Debtors' next ADR Transfer Notice (as defined in the ADR Order) is due December 23, 2021, and the Debtors anticipate transferring additional claims into the ADR Procedures on or before that date.

20. The Debtors' review and analysis of the claims filed to date remains ongoing. At present, the Debtors continue to estimate conservatively that the maximum number of claims that might be transferred into the ADR Procedures is 7,000, while the actual number transferred might be as low as 1,000 claims. At this time, the Debtors cannot predict with certainty the timing for the initiation of ADR Procedures with respect to this population of claims, but anticipate additional accounts payable and litigation-related claims will be transferred into the ADR Procedures in the near term.

[*Remainder of page intentionally left blank*]

| | |
|---|---|
| Dated: December 14, 2021<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>*/s/ Martin J. Bienenstock*<br>Martin J. Bienenstock (*pro hac vice*)<br>Brian S. Rosen (*pro hac vice*)<br>Paul V. Possinger (*pro hac vice*)<br>Ehud Barak (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br>Email: mbienenstock@proskauer.com<br>brosen@proskauer.com<br>ppossinger@proskauer.com<br>ebarak@proskauer.com<br><br>-and-<br><br>*/s/ Hermann D. Bauer*<br>Hermann D. Bauer<br>USDC No. 215205<br><br>*/s/ Ubaldo M. Fernández*<br>Ubaldo M. Fernández<br>USDC No. 224807<br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel: (787) 764-8181<br>Fax: (787) 753-8944<br><br>*Attorneys for the Financial Oversight and Management Board as Representative of the Debtor* |