UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>    as representative of<br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br>    Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-3283 (LTS)<br>(Jointly Administered) |

## VERIFIED MOTION OF NTT DATA STATE HEALTH CONSULTING, LLC FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM

Comes now NTT DATA State Health Consulting, LLC (*fka* Cognasante Consulting, LLC) ("NTT Data"), by and through the undersigned counsel, hereby files this motion for allowance of its administrative expense claim and respectfully states:

### Introduction

On or about November 30, 2018, more than a year after the filing of the present petition, NTT Data and the Puerto Rico Department of Health ("PRDoH") executed a *Professional Services Contract for the Puerto Rico Medicaid Program for the Provision of Medicaid Management Information System Services* (the "*Professional Services Contract*"). The *Professional Services*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

*Contract* ended in September 2020. In the *Professional Services Contract*, the PRDoH agreed to pay NTT Data for the services rendered in a thirty (30) day period from the approval of the corresponding invoice, which approval was not to be withheld unreasonably by the PRDoH. Contrary to the contractual terms stipulated by the parties, NTT Data has not received the payment for Invoice #9000879701, amounting to $443,893.60. Consequently, and pursuant to the applicable law, NTT Data respectfully requests that its post-petition expense be considered an administrative expense claim of the Debtor and be granted priority treatment accordingly.

**Facts**

1. On May 3, 2017, the Financial Oversight and Management Board for Puerto Rico ("FOMB") filed a voluntary petition on behalf of the Commonwealth of Puerto Rico pursuant to section 304(a) of the Puerto Rico Oversight, Management and Economic Stability Act ("PROMESA").

2. NTT Data is a limited liability company organized under the laws of Delaware, U.S.A., with main office at 7950 Legacy Drive, Suite 900, Plano, Texas 75024.

3. NTT Data is authorized by the State Department of the Commonwealth of Puerto Rico to do business in Puerto Rico.

4. On November 30, 2018, the PRDoH and NTT Data executed a *Professional Services Contract* for independent verification and validation services for the information technology (IT) systems. According to the *Professional Services Contract*, the contract was to be in effect until September 30, 2020.

5. As per the *Professional Services Contract*, NTT Data would submit monthly certified invoices, which the PRDoH had to approve and process for payment. The PRDoH had to

pay the submitted certified invoices within a thirty (30) day period after their approval, which approval was not to be unreasonably withheld by the PRDoH.

6. The *Professional Services Contract* also required the PRDoH to promptly notify NTT Data of any questions regarding the certified invoices that were submitted for approval and payment.

7. The *Professional Services Contract* between the PRDoH and NTT Data was filed with the Commonwealth's Comptroller's Office and identified as Contract No. 2019-DS0572.

8. In March 2020, NTT Data was asked to discontinue work on a certain deliverable subject to the *Professional Services Contract*. However, NTT Data and PRDoH came to an agreement that the work completed thus far, in addition to completing certain Spanish Translations activities, would be paid for the deliverable.

9. On July 2, 2020, the Executive Director of PRDoH sent an email to NTT Data approving and authorizing NTT Data to proceed with the Spanish Translation activities, which NTT Data did complete.

10. On or about October 19, 2020, NTT Data submitted certified invoice 9000879701 for the services rendered from September 2020. This invoice totaled $443,893.50.[2]

11. Up to the date of the filing of the present motion, and despite NTT Data's multiple communications and efforts, NTT has not been paid the certified invoice identified in the previous paragraph. Therefore, NTT Data has a right to be compensated for its post-petition services as an administrative expense of the Debtor pursuant to Section 503 of the Bankruptcy Code and be granted priority treatment accordingly.

**Applicable Law and Discussion**

---

[2] This invoice amount was reduced from $554,867.00 to account for the work completed up to the point when PRDoH requested that NTT Data discontinue work.

12. Section 503 of the Bankruptcy Code, as incorporated by section 301 of PROMESA, allows an entity to timely file a request for payment of an administrative expense. After notice and a hearing, the actual, necessary costs and expenses of preserving the estate shall be allowed as an administrative expense. Section 301(a) of PROMESA, 48 U.S.C. 2161(a), incorporates section 507(a)(2) of the Bankruptcy Code, giving priority to administrative expenses that are allowed under section 503 of the Bankruptcy Code.

13. This Court has yet to establish a deadline for filing administrative expense claims. Thus, NTT Data's request is timely.

14. The term "preserving the estate" has been expansively interpreted by the courts on a case-by-case basis and is not to be interpreted narrowly, *see* COLLIER BANKRUPTCY MANUAL 503-18.

> Although the trustee has an implicit duty to preserve and safeguard the estate and its assets for the benefit of all creditors, preservation may also include and be a means to other ends in the administration of an estate, such as the continuation of the business or an orderly liquidation. *Id.*

15. The First Circuit developed a two-prong test to determine whether to allow an administrative expense claim, which was recently followed by this Court. *See In re Financial Oversight and Management Board for Puerto Rico*, 481 F.Supp. 3d 60, 64 (D.P.R. 2020). According to this recent decision, a request under Section 503(a) of the Bankruptcy Code may qualify if the right to payment arose from a post-petition transaction with the debtor estate, rather than from a prepetition transaction with the debtor, and the consideration supporting the right to payment was beneficial to the estate of the debtor. *Id*.

16. Debtor's Plan of Adjustment also recognized the existence of administrative claims for post-petition services. *See* "Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.", Docket No. 17627, ¶¶ 1.51 & 1.52 & Article III.

17. The amounts herein claimed by NTT Data were the agreed-upon fees for the services.

18. NTT Data provided professional services, after executing a post-petition <u>*Professional Services Contract*</u>, in compliance with the its terms. Therefore, NTT Data is entitled to, and has a valid, enforceable administrative expense claim.

19. In the alternative, and assuming *arguendo* that this Court considers that the requirements of Section 503 are not met, which is hereby denied, this Court can still grant NTT Data's request under the doctrine of 'fundamental fairness' adopted by the Supreme Court in the case of *Reading Co. v. Brown*, 391 U.S. 471, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968).

20. The facts of *Reading* are as follows: a trustee was appointed to administer the debtor's business consisting solely of an industrial structure and, under the supervision of the trustee, the building was destroyed by a fire. The question then before the Court was whether the tenants' and fire loss claimants' claims should be considered administrative expenses under the bankruptcy proceeding. The trustee argued that the fire loss claimants should not be entitled to administrative expenses claims since the main purposes of the bankruptcy proceeding are to facilitate rehabilitation of the insolvent business and to preserve a maximum of assets for distribution among the general creditors. The Supreme Court was not persuaded by these arguments and concluded that "[i]n our view the trustee has overlooked one important, and here decisive, statutory objective: fairness to all persons having claims against an insolvent." *Id*. at 477.

21. The *Reading* doctrine was recently recognized by this Court. Citing the Bankruptcy Appellate Panel for the First Circuit in the case of *In re Healthco International Inc.*, 272 B.R. 510 (BAP 1st Cir. 2002), *aff'd.*, 310 F3d 9 (1st Cir. 2002), this Court explained that the "fundamental fairness" exception is recognized, among others "when the claim arises from post-petition actions that deliberately violate applicable law and damage others." *In re Financial Oversight Board and Management Board for Puerto Rico,* 481 F. Supp. 3d at 65.

22. The services performed by NTT Data were done in accordance with the requirements established in the post-petition *Professional Services Contract*. However, NTT has not been paid and is owed $443,893.50 under certified invoice 9000879701.

23. Consequently, considering the equities and the fairness of the case, and even if the Court considers that there was not a direct benefit to the estate, NTT Data is entitled to receive compensation for the expenses incurred. NTT Data's claim should be considered as an administrative expense for two reasons. First, because the expenses requested herein were the actual necessary costs for providing the services agreed-upon in the post-petition contract executed. Second, because this claim arises from the post-petition contract and the failure to comply with the same and make payment to NTT Data violates applicable law and is to NTT Data's detriment.

## Conclusion

For the reasons stated above, NTT Data's claim complies with the requirements of Section 503 of the Bankruptcy Code, as incorporated by section 301 of PROMESA. NTT Data's *Professional Services Contract* was awarded after the filing of the present petition, and the post-petition the certified invoice was submitted for professional services that were rendered post-

petition. The expenses herein claimed total $443,893.50. Consequently, NTT Data urges this Court to enter an order granting the present motion.

WHEREFORE it is respectfully requested that this Court enter an order determining that NTT Data's claim be considered an administrative expense of Debtor, entitled to administrative priority pursuant to Section 503 and Section 507 of the Code, and enter any other relief as is just and proper.

**Respectfully submitted.**

In Guaynabo, Puerto Rico, on December 15, 2021.

        **ARROYO & RIOS LAW OFFICES, P.S.C.**
        PMB 688
        1353 Ave. Luis Vigoreaux
        Guaynabo, P.R. 00966
        Tel.: (787) 522-8080
        Fax: (787) 523-5696
        E-mail: mrios@arroyorioslaw.com

        *s/ Moraima S. Ríos Robles*
        Moraima S. Ríos Robles
        USDC-PR No. 224912

        *s/ Jessica A. Figueroa-Arce*
        Jessica A. Figueroa-Arce
        USDC-PR No. 225206

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notice electronically to all counsel of record, and will provide hard copies to the Court and United States Trustee as soon as practical after the filing of the foregoing, consistent with the Court's Fifteenth Amended Case Management Order. *See* Docket No. 17127-1.

Dated: December 15, 2021.

        *s/ Moraima S. Ríos Robles*
        Moraima S. Ríos Robles
        USDC-PR No. 224912

## VERIFICATION UNDER PENALTY OF PERJURY
## PURSUANT TO 20 U.S.C. § 1746

I, __Timothy Conway__, of legal age, single/(married) resident of __Virginia__, hereby state under penalty of perjury that:

1. I have read the foregoing *Verified Motion of NTT DATA State Health Consulting, LLC for Allowance of Administrative Expense Claim*; and

2. The factual assertions in the *Verified Motion of NTT DATA State Health Consulting, LLC for Allowance of Administrative Expense Claim* are true and correct to the best of my knowledge, information and belief and/or pursuant to documents in my possession and my personal involvement in the facts of this claim.

Executed in __Virginia__, this __19th__ day of __November__ 2021.

*/s/ Timothy Conway*

# NTT DaTa
**Trusted Global Innovator**

NTT DATA State Health Consulting LLC
7950 Legacy Drive, Suite 900
Plano, TX 75024
USA.

## INVOICE

| | |
|---|---|
| Invoice Number | 9000879701 |
| Invoice Date | 10/19/2020 |
| Due Date | 12/18/2020 |

**Bill To :**
Puerto Rico
Departamento de Salud
Oficina del Secretario, PO Box 70184
San Juan, PR  00936-0184
USA

**Ship To :**
Puerto Rico
PO Box 70184
San Juan, PR 00936-0184
USA

| | | | |
|---|---|---|---|
| Customer Number | : 102639 | Payment Terms | : Net due in 60 days |
| Contract No | : 4400029237 | Contact Person | : Accounts Payable |

**Amount Due : USD   443,893.60**

To ensure proper credit, please include invoice number with remittance.
For billing questions, please contact Billing.Inquiry@nttdata.com or call +1 781 577 3495.

NTT Point Of Contact : Jim Tardella

Prime Contract: 2019-DS0572

Onsite Hrs / Amount = 571.40 / $256,120.05

Offsite Hrs / Amount = 666.50 / $298,746.95

| Description | Qty UOM | Rate | Gross Amount | Surcharge | Discount | Tax Amount | Net Amount USD |
|---|---|---|---|---|---|---|---|
| **Project ID:R-0020046794** | **PR DOH E&E IV&V 2018 (0275)** | | | | | | |
| PR DOH E&E IV&V 2018 (0275. PR0001) 23. September 2020 Re-Submitted Deliverable per agreement with PRDoH | | | 554,867.00 | | | | 554,867.00 |
| Discount | | | | | (110,973.40) | | (110,973.40) |
| **Project Subtotal :** | | | 443,893.60 | | | | 443,893.60 |
| | | | | | Net Price : | USD | 443,893.60 |
| | | | | | Total Due : | USD | 443,893.60 |

**Bank Details:**

Bank Name: Bank of America
Account Name: NTT DATA State Health Consulting, LLC
Account Number: 004640591137
Routing Number (ACH/EFT): 011000138
Routing Number (DOM. Wires): 026009593
SWIFT Code INTL WIRES: BOFAUS3N

For EFT payments, please send remittance details to the following email address:
Accounts.Receivable@nttdata.com

**Remit to :**

USPS:
NTT DATA State Health Consulting, LLC
PO BOX 677956
DALLAS, TX 75267 - 7956

OVERNIGHT COURIER:
PNC Bank
C/O NTT DATA State Health Consulting, LLC
Lockbox Number 677956
1200 E Campbell Rd Ste 108
Richardson, TX 75081

Page 1 of 2

**NTT DaTa**
Trusted Global Innovator

NTT DATA State Health Consulting, LLC
7950 Legacy Drive, Suite 900
Plano, TX 75024
USA.

**INVOICE**

| Invoice Number | 9000879701 |
|---|---|
| Invoice Date | 10/19/2020 |
| Due Date | 12/18/2020 |

We certify under penalty of nullity that no public employee of the Department of Health will derive or obtain any benefit or profit of any kind from the contractual relationship which is the basis of this invoice. If such benefit or profit exists, the required waiver has been obtained prior to entering into the Agreement. The only consideration to be received in exchange for the delivery of goods or for the services provided is the agreed-upon price that has been negotiated with an authorized representative of the Department of Health. The total amount shown on this invoice is true and correct. The services have been rendered, and no payment has been received.

Jim Tardella

**Project Manager**