THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
TITLE III-PROMESA

| | |
|---|---|
| JUAN MANUEL CRUZADO-LAUREANO<br>**Plaintiff**<br><br>V.<br><br>PUERTO RICO COMPTROLLER's OFFICE<br><br>**Defendant** | **CIVIL CASE:**<br>US District Court of PR-# **3:20 -cv-01360-FAB**<br>-Violation of Civil Rights -42 USC SECTION 1983<br>Civil action for Deprivation of Rights<br><br>-US COURT OF APPEAL- FIRST CIRCUIT # 21-1472<br><br>TITLE III-PROMESA NUM: 17-3283 LTS |

## INQUIRE ABOUT THE COMMONWEALTH OF PR AGENCIES COVERED BY THE PROMESA "STAY"

**TO THE HONORABLE TITLE III COURT OF PROMESA:**

Appears before this Honorable **TITLE III COURT OF PROMESA**, Juan Manuel Cruzado-Laureano exercising his right to legal self-representation **(PRO-SE)**, Exhibits, Alleges and Request:

1- In the First Circuit Order of Appeals of November 15, 2021, the Plaintiff is advised to: **"may seek relief from the stay in Title III court"**. This suggestion responds to the refusal of the Court of Appeals to take away the stay that was assigned to Case #21-1472, from the same day that said case was filed in the First Circuit. The first action of the Appellate Court regarding Case #21-1472, was to request the parties to show cause why the

1

claim contained in Appeal #21-1472 should not put the stay of payments under Title III of the PROMESA Law.

The **ORDER OF COURT** of November 15, 2021, reads like this:

Before Howard, Chief Judge, Lynch and Barron, Circuit Judges:

---

### ORDER OF COURT

Entered: November 15, 2021

Appellant's motion for reconsideration of this court's order of September 20, 2021, is denied in all respect. If he wishes, appellant may seek relief from the stay in the Title III court. The parties shall file status report every 90 days beginning from the September 20, 2021 order.

---

2- In its first Order, the Court of Appeals took the position that Appeal #21-1472, which contained the dismissal of the Petitioner's lawsuit, was covered by the bankruptcy stay of Title III of PROMESA. The Court ordered the parties to establish their position on this interpretation of PROMESA's stay on Appeal #21-1472, showing cause in one way or another. The Order of June 23, 2021 says the following:

### ORDER OF COURT

Entered: June 23, 2021
Pursuant to 1st Cir. R. 27.0(d)

This is an appeal from the dismissal of plaintiff's complaint. On May 3, 2017 the Commonwealth filed a petition under Title III of

2

PROMESA, 48 U.S.C. Section 2161, et seq., for adjustment of its debts. Under section 2161(a), the bankruptcy stay provisions of 11 U.S.C SS 362 and 922 are incorporated into PROMESA. In light of the Commonwealth PROMESA filing, we direct the parties to show cause within twenty-one days of the date of this order whether the automatic stay applies to this appeal. The parties are directed to state with specificity the reasoning behind their conclusion one way or the order.

By the Court

María R. Hamilton, Clerk

3- The Plaintiff on August 11, 2021 presents before the Court a Motion, the reasons that the stay of PROMESA does not apply to Appeal #21-1472 and therefore to the lawsuit contained in said Appeal. In his presentation, the Plaintiff cites the Constitution of the Commonwealth of PR, which establishes that the Office of the Comptroller of PR belongs to the Legislative Branch and that the PROMESA Law was designed to cover the debt issued by the Executive Branch. The following is a review of the main arguments outlined in the Motion where is rejected that the Stay of PROMESA applies to the economic obligations of the Office of the Comptroller of PR:

- The Territorial Constitution approved by the Federal Congress in 1952 for the unincorporated territory of Puerto Rico, establishes that it will consist of three Powers, namely; the legislative, the judicial and the executive and their instrumentalities. The three branches will be subordinate to the sovereignty of the People of Puerto Rico. **Article I** says thus:

3

**Article I - The Commonwealth.** *Section 2.  The government of Puerto Rico shall be republican in form and its legislative, judicial and executive branches as established by this Constitution shall be equally subordinated to the sovereignty of the people of Puerto Rico.*

In the Section 302 (2) of **PROMESA**, under the title *" WHO MAY BE A DEBTOR"*, the following is established:

*(2) DEBTOR* – The term *"debtor"* means the territory or covered territorial instrumentality concerning which a case under this title has been commenced.

**TO WHICH BRANCH OF THE TERRITORIAL GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO DOES THE RESPONDENT IN *CASE #21-1472* BELONG?**

-The Territorial Constitution of the Commonwealth of PR establishes in its Article III, the existence of the **Legislative Power** and in **Section 22** of said Article the figure of the **Controller** [Comptroller] as part of said Power:

**Article III- The Legislature Section 22-** *The Governor shall appoint a Controller with the advice and consent of a majority of the total number of members of which each house is composed. The Controller shall audit all the revenues, accounts and expenditures of*

4

> *the Commonwealth, of its agencies and instrumentalities and of its municipalities, in order to determine whether they have been in accordance with law. He shall render anual reports and any special reports that may required of him by the Legislative Assembly or by the Governor.*

## *CONCLUSION*

When the Central Government of the Commonwealth of PR filed the bankruptcy petition under Title III of **PROMESA** in May 2017, it did so to protect itself from the claims of creditors for the non-payment of the public debt generated by the Executive Branch of the Commonwealth of PR and its instrumentalities. The automatic stay of payments provided in **PROMESA** Law is only applicable to the obligations contracted or to be contracted by the Executive Power and its instrumentalities that availed themselves of Title III of said Law.

The Constitution of the Commonwealth of PR in its Article VI recognizes the existence of municipalities and their capacity to issue direct obligations in the form of bonds and promissory notes. The fiscal agent of the Executive and the municipalities of PR was the same: the Government Development Bank. Although the issuer of debt of the municipalities and the central government and their instrumentalities was the same, the public debt of the municipalities is not covered by the automatic stay of **PROMESA** because they did not avail themselves of the protection stipulated by said Law.

5

The best evidence to demonstrate that the figure of the Puerto Rico Comptroller, being part of the Legislative Power of the Territorial Constitution of the Commonwealth of PR, is not a *"debtor"* under **PROMESA** Law, is the recognition by the Federal District Court and the attorney of the defendant of the validity of the sole summons made to the Comptroller's Office when the claim is filed. Neither the defendant's lawyer nor the Court claimed in their dismissal remedies the grounds for the defective service because the Secretary of Justice of the Commonwealth of PR had not been summoned as representative of the Executive.

4- In September 20, 2021, the Court issued and Order reiterating the stay of Appeal #21-1472 and orders that the parties submit a "status report" every 90 days. The brief Order issued by the Clerk Court María R. Hamilton reads as follows:

**ORDER OF COURT**

**Entered: September 20, 2021**

We have received the parties' response to this Court's June 23, 2021, order to show cause. Having considered the responses, we stay this appeal. The parties should file status report every ninety days.

By the Court:

Maria R. Hamilton, Clerk

5- On October 12, 2021, the Plaintiff submits an Informative Motion and Request for Reconsideration of the Order of September 20, 2021, where the Court inexplicably, without any legal basis, reiterates in the "Stay" for Appeal #21-1472. The Informative Motion informs the Court that the attorney who represented the Defendant in District Court, Gregory T. Usera, has not submitted any document in Appeal #21-1472, nor has he responded to the Court's Order to show case on the stay of PROMESA for the Appeal.

In the absence of notification to the Plaintiff of the Respondent's position on application or not of the automatic stay of PROMESA to Appeal #21-1472, this Honorable Court must reconsider its determination of the stay of the Appeal and proceed to set the deadline for that the Plaintiff submit his Brief. Imposing a stay on Appeal # 21-1472 is unreasonable and unnecessary act, which violates the constitutional right of the Plaintiff. The response of the First Circuit Court to the request for Reconsideration of the Order where a "Stay" is imposed on Appeal #21-1472 and the parties are ordered to submit a status report every 90 days, it was:

-Before Howard, <u>Chief Judge</u>, Lynch and Barron, <u>Circuit Judges</u>:

---------------------------------------------

### ORDER OF COURT

**Entered: November 15, 2021**

Appellant's motion for reconsideration of this court's order of September 20, 2021, is denied in all respect. If he wishes, appellant may seek relief from the stay in the Title III court. The parties shall file status report every 90 days beginning from the September 20, 2021 order.

REQUEST FOR CONFIRMATION BY THE COURT OF TITLE III OF PROMESA, ON THE NON-APPLICATION OF THE AUTOMATIC STAY OF PROMESA ON ECONOMIC CLAIMS AGAINST THE OFFICE OF THE COMPTROLLER OF PUERTO RICO.

1- The bankruptcy filed by the Government of the Commonwealth of PR (Primary Government) under Title III of the Federal PROMESA Act, was filed through the Financial Oversight and Management Board of PR( The BOARD). The BOARD at its meeting of September 30, 2016, determined to submit under the bankrupcy of the Primary Government to 63 entities and any subsidiary of these. In the 63 entities covered by PROMESA's automatic stay, the OFFICE OF THE PR COMPTROLLER IS NOT INCLUDED.

2- By provision of the Constitution of the Commonwealth of PR, the Office of the Comptroller of Puerto Rico, belongs to the Legislative Branch and is not part of the Executive Branch. The Executive Branch of the Government of the Commonwealth of PR, is the only one who is covered by the automatic stay of PROMESA.

**FOR ALL THE FOREGOING**, this Honorable Court of Title III of PROMESA is very respectfully requested to give its Opinion on whether the automatic stay of PROMESA applies to any economic responsibility of the Office of the Comptroller of Puerto Rico.

**RESPECTFULLY SUBMITTED,** today Tuesday, December 13, 2021, in San Juan, PR:

_____
JUAN MANUEL CRUZADO-LAUREANO ( PRO-SE)
PO BOX 405, VEGA ALTA, PR 00692
TEL- (787) 371-4373

CC/ CASE MANAGER: GERRY CLAUDE-US COURT OF APPEALS. 1 COURTHOUSE WAY- SUITE 2500 BOSTON, MASSACHUSETTS, 02210.

WE HEREBY CERTIFY that on same day that INQUIRE TO THE TITLE III COURT was filed, an exact copy is being sent by regular mail to: USERA LAW OFFICE, PO BOX 9022487, SAN JUAN, PR 00902-2487

## ATTACHMENTS TO THE INQUIRE

1- ORDER OF COURT OF APPEALS – NOVEMBER 15,2021
2- PLAINTIFF INFORMATIVE MOTION AND REQUEST FOR RECONSIDERATION OF APPEAL STAY 21-1472- OCT 12, 2021
3- ORDER OF COURT OF APPEALS-SEPTEMBER 20,2021
4- PLAINTIFF MOTION SHOWING ON THE NON-APPLICATION OF THE AUTOMATIC STAY OF PROMESA TO APPEAL 21-1472- AUGUST 11, 2021.
5- ORDER OF COURT OF APPEALS -JUNE 23,2021