# United States Court of Appeals
## For the First Circuit

No. 21-1472

JUAN MANUEL CRUZADO-LAUREANO,

Plaintiff - Appellant,

v.

OFFICE OF THE COMPTROLLER OF PUERTO RICO,

Defendant - Appellee.

Before

Howard, Chief Judge,
Lynch and Barron, Circuit Judges.

**ORDER OF COURT**

Entered: November 15, 2021

Appellant's motion for reconsideration of this court's order of September 20, 2021, is denied in all respects. If he wishes, appellant may seek relief from the stay in the Title III court. The parties shall file status reports every ninety days beginning from the September 20, 2021 order.

By the Court:

Maria R. Hamilton, Clerk

cc:
Juan Manuel Cruzado-Laureano
Gregory T. Usera
Diego J. Agueros

Exhibit #1

# In The United States Court of Appeals
# For The First Circuit

| | |
|---|---|
| **JUAN M. CRUZADO-LAUREANO**<br>**Appellant - Plaintiff**<br><br>Vs.<br><br><br><br>**OFFICE OF THE COMPTROLLER**<br>**OF PUERTO RICO**<br>**Defendant-Appellee** | First Circuit Case Number:<br><br>**21-1472**<br><br>PROVENANCE:<br>Appeal of Judgment in Civil Case No. 20-1360 (FAB) of the Federal District Court of PR on Civil Complaint under 42 USC, Section 1983. |

## INFORMATIVE MOTION AND REQUEST FOR RECONSIDERATION OF APPEAL "STAY" 21-1472

**TO THE HONORABLE COURT OF APPEALS:**

Appears before this Honorable United States Court of Appeals for the First Circuit, Juan Manuel Cruzado-Laureano exercising his right to legal self-representation **(PRO-SE)**, Exhibits, Alleges and Request:

1- The Appellant received on September 28, 2021 notification by regular mail of **COURT ORDER**, dated September 20, 2021, where **Appeal # 21-1472** is stay. The short text of said **ORDER** establishes that the Honorable Court to issue it took into consideration of the response of the Plaintiff and the Defendant, the Office of the Comptroller of Puerto Rico. This Honorable Court has to take judicial notice that the legal representative of the Defendant in the District

1

Exhibit #2  1/5

Court was the legal firm of Gregory T. Usera. The Plaintiff mailed to the law firm of Usera a copy of the Motion showing cause on the non-coverage of PROMESA's automatic stay to the **Appeal #21-1472**. In the **Court Order** of September 20, 2021 it appears that Diego J. Agueros was also notified. At no time has the Plaintiff received any document from the legal firm Usera or from such Diego J. Agueros related to the **ORDER** of the Court, to show cause on the application of the automatic stay of PROMESA to the **Appeal #21-1472.**

2- Pursuant to the **ORDER** of September 20, 2021, the Court took into consideration both the **Motion** presented by the undersigned and Respondent's response to the **Order** to show cause, to stay **Appeal #21-1472**. When the Plaintiff did not receive any document on the **Order** to show cause from the Usera Law Firm, the Defendant's legal representative or Diego J. Agueros, the Defendant committed a serious violation of the Rules of Civil Procedure with respect to the obligation to notify the parts of any document that is presented to the Court. The Appellant had the right to replicate or endorse the document presented by the defendant's legal representative, regarding his position on the application of PROMESA's automatic stay, before this Court determined to stay **Appeal # 21-1472**.

3- This Honorable Court must order the legal representative of the Defendant to submit to the Plaintiff a copy of his position before the **Court Order** to show cause, a copy that was never sent to the Plaintiff.

4- In the absence of notification to the Plaintiff of the Respondent's position on the application or not of the automatic stay of PROMESA to **Appeal #21-1472**, this Honorable Court must reconsider its determination of the stay of the Appeal and proceed to set the deadline for that the Plaintiff submit his Brief. Imposing a *"stay"* on **Appeal #21-1472** is an unreasonable and unnecessary act, which violates the constitutional right of the Plaintiff.

Exhibit #2
2/5

## CONCLUSION

This Honorable Court of Appeals must reconsider its determination to impose a *"stay"* on **Appeal #21-1472**. The provision established in the **COURT ORDER** of September 20, 2021 that says: *"The parties shall file status report every ninety days"*, is unnecessary and does not contribute anything to clarify the question raised by the Court in its **ORDER** of June 23, 2021 what does it say:

> *"In light of the Commonwealth's PROMESA filing, we direct the parties to show cause within twenty-one days of the date of this order whether the automatic stay applies to this appeal. The parties are directed to state with specificity the reasoning behind their conclusión one way or other".*

The only practical effect of the provision that the parties *"shall file status report every ninety days"* is to make it imposible for **Appeal #21-1472** to be analyzed on its merit by this Honorable Court of Appeals. Since the Appellant did not have a **"Judgment"** of the Appellate Court where it is established that the **Appeal #21-1472** is covered by the *"automatic stay"* of PROMESA, its right to appeal to the Supreme Court is canceled by this Court.

The Plaintiff does not understand the reason why the matter of the *"automatic stay"* of PROMESA is brought up and considered by this Honorable Court, when that issue was not part of the Respondent's response before the District Court or in the Judgment issued that originates the **Appeal #21-1472**. In the bankruptcy assumed by the Goverment of PR, under Title III of PROMESA, there is only the Executive Power of the Government of the Commonwealth of PR. The Office of the Comptroller of PR belongs to the Legislative Branch of the Government of PR, as provided in Article III, Section 22 of the Constitution of the Commonwealth of PR. No matter how long that constitutional reality passes, it cannot be altered.

*Exhibit #2*
*3/5*

FOR ALL OF THE FOREGOING, THIS HONORABLE COURT OF APPEALS IS VERY RESPECTFULLY REQUESTED TO:

1- The Defendant's legal representative, Usera Law Office, be ordered to send the Plaintiff a copy of the **Motion to Show Cause** ordered on June 23, 2021, which was submitted to the Court and was never sent to the Plaintiff.
2- The stay of **Appeal #21-1472** is reconsidered and the deadline is set so that the Plaintiff can present his Brief on **Appeal # 21-1472**.

**VERY RESPECTFULLY SUBMITTED**, today October 12, 2021, in Vega Alta, PR.

_____
JUAN MANUEL CRUZADO-LAUREANO ( PRO-SE)
P O Box 405, Vega Alta, PR 00692
Tel (787) 371-4373

Cc/ Case Manager: Gerry Claude- US Court of Appeals. 1 Courthouse Way-Suite 2500 Boston, Massachusetts 02210.

**WE HEREBY CERTIFY** that on the same day that INFORMATIVE MOTION was filed by mail, an exact copy is being sent by regular mail to: **USERA LAW OFFICE**, Po Box 9022487, San Juan, PR 00902-2487.

Exhibit #2 4/5

## APPENDIX

### ORDER OF COURT

Entered: June 23, 2021
Pursuant to 1 st Cir. R. 27.0(d)

*This is an appeal from the dismissal of plaintiff's complaint. On May 3, 2017, the Commonwealth filed a petition under Title III of PROMESA, 48 U.S.C. Section 2161, et seq., for adjustment of its debts. Under section 2161(a), the bankruptcy stay provisions of 11 U.S.C. Sections 362 and 922 are incorporated into PROMESA. In light of the Commonwealth's PROMESA filing, we direct the parties to show cause within twenty-one days of the date of this order whether the automatic stay applies to this appeal. The parties are directed to state with specificity the reasoning behind their conclusión one way or other.*

---

### ORDER OF COURT

Entered: September 20, 2021

We have received the parties' response to this court's June 23, 2021, order to show cause. Having considered the responses, we stay this appeal. The parties shall file status reports every ninety days.

By the Court:

Maria R. Hamilton, Clerk

cc:

Juan Manuel Cruzado Laureano

Gregory T. Usera

Diego J. Agueros

Exhibit #2
5/5

# United States Court of Appeals
## For the First Circuit

No. 21-1472

JUAN MANUEL CRUZADO-LAUREANO,

Plaintiff - Appellant,

v.

OFFICE OF THE COMPTROLLER OF PUERTO RICO,

Defendant - Appellee.

**ORDER OF COURT**

Entered: September 20, 2021

We have received the parties' responses to this court's June 23, 2021, order to show cause. Having considered the responses, we stay this appeal. The parties shall file status reports every ninety days.

By the Court:

Maria R. Hamilton, Clerk

cc:
Juan Manuel Cruzado-Laureano
Gregory T. Usera
Diego J. Agueros

Exhibit #3

# In The United States Court of Appeals
# For The First Circuit

| | |
|---|---|
| JUAN M. CRUZADO-LAUREANO<br>**Appellant - Plaintiff**<br><br>Vs.<br><br><br><br>OFFICE OF THE COMPTROLLER<br>OF PUERTO RICO<br>**Defendant-Appellee** | First Circuit Case Number:<br><br>**21-1472**<br><br>PROVENANCE:<br>Appeal of Judgment in Civil Case No.<br>20-1360 (FAB) of the Federal District<br>Court of PR on Civil Complaint under<br>42 USC, Section 1983. |

## MOTION SHOWING CAUSE ON THE NON-APPLICATION OF THE AUTOMATIC STAY OF "*PROMESA*" TO APPEAL 21-1472

### TO THE HONORABLE COURT OF APPEALS:

0Appears before this Honorable United States Court of Appeals for the First Circuit, Juan Manuel Cruzado-Laureano exercising his right to legal self-representation **(PRO-SE)**, Exhibits, Alleges and Request:

The Appellant requested additional time to respond to an order issued by this Honorable Court on June 23, 2021, granting him 21 days to show cause whether the *"automatic stay"* of **PROMESA** applies to the **Appeal 21-1472**. The Court granted the request for additional time and granted until August 16, 2021, to file a response to the Court's June 23, 2921 order to show cause. Today, August 11, 2021, the Appellant's response is being filed by certified mail, which reads as follow:

1



## ORDER OF COURT

Entered: June 23, 2021
Pursuant to 1 st Cir. R. 27.0(d)

*This is an appeal from the dismissal of plaintiff's complaint. On May 3, 2017, the Commonwealth filed a petition under Title III of PROMESA, 48 U.S.C. Section 2161, et seq., for adjustment of its debts. Under section 2161(a), the bankruptcy stay provisions of 11 U.S.C. Sections 362 and 922 are incorporated into PROMESA. In light of the Commonwealth's PROMESA filing, we direct the parties to show cause within twenty-one days of the date of this order whether the automatic stay applies to this appeal. The parties are directed to state with specificity the reasoning behind their conclusión one way or other.*

---

### The Territorial Constitution of the Commonwealth of Puerto Rico

The request made by the Honorable Court of Appeals where it orders the parties to show cause whether the **PROMESA** "*automatic stay*" applies to the **Appeal #21-1472**, part of the erroneous premise that **PROMESA** and its provision on the "*automatic stay*" of payments apply to the three branches of the Government of PR established in the Territorial Constitution of the Commonwealth of PR.

The Territorial Constitution approved by the Federal Congress in 1952 for the unincorporated territory of Puerto Rico, establishes that it will consist of three Powers, namely; the legislative, the judicial and the executive and their instrumentalities. The three branches will be subordinate to the sovereignty of the People of Puerto Rico. **Article I** says thus:

Exhibit #4
2/5

2

### Article I - The Commonwealth

*Section 2.* *The government of Puerto Rico shall be republican in form and its legislative, judicial and executive branches as established by this Constitution shall be equally subordinated to the sovereignty of the people of Puerto Rico.*

According to **PROMESA** only the *"DEBTOR"*, as defined in said Law, will be covered by the *"automatic stay"* of payments in any claim that is initiated or has been initiated against the *"DEBTOR"*. In the Section 302 (2) of **PROMESA**, under the title *"WHO MAY BE A DEBTOR"*, the following is established:

*(2) DEBTOR* – The term *"debtor"* means the territory or covered territorial instrumentality concerning which a case under this title has been commenced.

### TO WHICH BRANCH OF THE TERRITORIAL GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO DOES THE RESPONDENT IN *CASE #21-1472* BELONG?

The dismissal of <u>Civil Lawsuit # 20-1360</u> filed in the Federal District Court of SJ by the Suscriber against the **Office of the Comptroller of PR**, amended on January 19, 2021 to change the cause of action to **42 USC-Section 1983**, is what originates **Appeal #21-1472** before this Honorable Court. According to the **PROMESA** Law, only those instrumentalities of the Government of the Commonwealth of PR that are classified as *"debtor"* will be subject to the *"automatic stay"* of payments under **TITLE III-ADJUSTMENTS OF DEBTS**, of said Law. The Territorial Constitution of the Commonwealth of PR establishes in its **Article III**, the existence of the **Legislative Power** and in **Section 22** of said **Article** the figure of the **Controller** [Comptroller] as part of said Power:

Exhibit #4

3

3/5

### Article III- The Legislature

**Section 22-** *The Governor shall appoint a Controller with the advice and consent of a majority of the total number of members of which each house is composed. The Controller shall audit all the revenues, accounts and expenditures of the Commonwealth, of its agencias and instrumentalities and of its municipalities, in order to determine whether they have been in accordance with law. He shall render anual reports and any special reports that may required of him by the Legislative Assembly or by the Governor.*

*In the performance of his duties the Controller shall be authorized to administer oaths, take evidence and compel under pain of contempt, the attindanced of witnesses and production of books, letters. documents, papers, records and all other articles deemed essential to a full understanding of the matter under investigation.*

*The Controller may be removed for the cause and pursuant to the procedure established in the preceeding section.*

---

## CONCLUSION

When the Central Government of the Commonwealth of PR filed the bankruptcy petition under Title III of **PROMESA** in May 2017, it did so to protect itself from the claims of creditors for the non-payment of the public debt generated by the Executive Branch of the Commonwealth of PR and its instrumentalities. The automatic stay of payments provided in **PROMESA** Law is only aplicable to the obligations contracted or to be contracted by the Executive Power and its instrumentalities that availed themselves of Title III of said Law.

*Exhibit #4*
*4/5*

The Constitution of the Commonwealth of PR in its Article VI recognizes the existence of municipalities and their capacity to issue direct obligations in the form of bonds and promissory notes. The fiscal agent of the Executive and the municipalities of PR was the same: the Government Development Bank. Although the issuer of debt of the municipalities and the central government and their instrumentalities was the same, the public debt of the municipalities is not covered by the automatic stay of **PROMESA** because they did not avail themselves of the protection stipulated by said Law.

The best evidence to demonstrate that the figure of the Puerto Rico Comptroller, being part of the Legislative Power of the Territorial Constitution of the Commonwealth of PR, is not a *"debtor"* under **PROMESA** Law, is the recognition by the Federal District Court and the attorney of the defendant of the validity of the sole summons made to the Comptroller's Office when the claim is filed. Neither the defendant's lawyer nor the Court claimed in their dismissal remedies the grounds for the defective service because the Secretary of Justice of the Commonwealth of PR had not been summoned as representative of the Executive.

**VERY RESPECTFULLY SUBMITTED**, today August 11, 2021, in Vega Alta, PR

_____

*JUAN MANUEL CRUZADO-LAUREANO ( PRO-SE)*
*P O Box 405, Vega Alta, PR 00692*
*Tel (787) 371-4373*

Case Manager: Gerry Claude- US Court of Appeals. 1 Courthouse Way-Suite 2500 Boston, Massachusetts 02210.

**WE HEREBY CERTIFY** that on the same day that MOTION was filed by mail, an exact copy is being sent by regular mail to: **USERA LAW OFFICE**, Po Box 9022487, San Juan, PR 00902-2487.

*[handwritten: Exhibit #5, 5/5]*

5

# United States Court of Appeals
## For the First Circuit

No. 21-1472

JUAN MANUEL CRUZADO-LAUREANO,

Plaintiff - Appellant,

v.

OFFICE OF THE COMPTROLLER OF PUERTO RICO,

Defendant - Appellee.

**ORDER OF COURT**

Entered: June 23, 2021
Pursuant to 1st Cir. R. 27.0(d)

This is an appeal from the dismissal of plaintiff's complaint. On May 3, 2017, the Commonwealth filed a petition under Title III of PROMESA, 48 U.S.C. § 2161, et seq., for adjustment of its debts. Under section 2161(a), the bankruptcy stay provisions of 11 U.S.C. §§ 362 and 922 are incorporated into PROMESA. In light of the Commonwealth's PROMESA filing, we direct the parties to show cause within twenty-one days of the date of this order whether the automatic stay applies to this appeal. The parties are directed to state with specificity the reasoning behind their conclusion one way or the other.

By the Court:

Maria R. Hamilton, Clerk

cc:
Juan Manuel Cruzado-Laureano
Gregory T. Usera
Diego J. Agueros

Exhibit #5