**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

In re:

THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

    Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

**This filing relates to the Commonwealth and HTA.**

## FOUR HUNDRED SEVENTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO AND THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY TO CLAIMS FOR WHICH THE DEBTORS ARE NOT LIABLE

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth") and the Puerto Rico Highways and Transportation Authority ("HTA, and together with the Commonwealth, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Board"), as the sole Title III representative of the Debtors pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] file this four hundred seventh omnibus objection (the "Four Hundred Seventh Omnibus Objection") to claims for which the Commonwealth and HTA are not liable, each as listed on **Exhibit A** hereto, and in support of the Four Hundred Seventh Omnibus Objection, respectfully represent as follows:

## JURISDICTION

1. The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2. Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A. The Bar Date Orders**

3. On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case"). On May 21, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for HTA, pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "HTA Title III Case," and together with the Commonwealth Title III Case, the "Title III Cases"). On June 29, 2017 the Court entered an order granting the joint administration of the Title III Cases for procedural purposes only. ECF No. 537.[3]

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3] Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

4. On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255] (the "Bar Date Motion"). Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases. Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order, the "Bar Date Orders"), extending these deadlines to June 29, 2018 at 4:00 p.m. (Atlantic Time).

B. **Proofs of Claims Filed, Omnibus Objection Procedures, and Claim Objections**

5. To date, approximately 180,833 proofs of claim have been filed against the Debtors and logged by Prime Clerk, LLC. Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

6. Of the proofs of claim filed, approximately 117,226 have been filed in relation to, or reclassified to be asserted against, the Commonwealth. Over 2,270 proofs of claim have been filed in relation to, or reclassified to be asserted against, HTA. In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable, being duplicative of other proofs of claim, or failing to provide information necessary for the Debtors to determine whether the claim is valid.

7. In order to efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion"). The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018. *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures"). On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures. *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

8. In the continued interest of resolving any unnecessary proofs of claim in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, and to approve additional forms of notice. *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091]. On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

9. Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, to date the Court has held over 15 hearings related to over 310 omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), HTA, the Puerto Rico Electric Power Authority ("PREPA"), and/or the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"). Based upon rulings and orders of the Court to date, approximately 98,000 claims asserting $43.0 trillion in liability against the Commonwealth, COFINA, HTA, PREPA, and ERS have been disallowed and will be expunged from the claims registry in the Title III proceedings upon entry of final orders.

10. This Four Hundred Seventh Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

**OBJECTIONS TO PROOFS OF CLAIM**

11. The Amended Omnibus Objection Procedures allow the Commonwealth to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), in addition to other substantive bases set forth in the Amended Omnibus Objection Procedures.

12. The Four Hundred Seventh Omnibus Objection seeks to disallow, in accordance with the Amended Omnibus Objection Procedures, claims that seek recovery for amounts for which the Debtors are not liable, each as set forth on **Exhibit A** hereto (collectively, the "Claims to Be Disallowed").

13. Claims that are "unenforceable against the debtor and property of the debtor, under any agreement or applicable law" should be disallowed. 11 U.S.C. § 502(b)(1). Each of the Claims to Be Disallowed purports to assert liabilities against the Commonwealth or HTA, but upon a

5

reasonable review of the Debtors' books and records, the Debtors do not owe any outstanding liabilities to the applicable claimants.

14. One Claim to Be Disallowed asserts liabilities against the Commonwealth, but the claim and supporting documentation relate to a bankruptcy proceeding filed by the Federación de Maestros de Puerto Rico, and therefore do not provide a basis for asserting liabilities against the Commonwealth. Another Claim to Be Disallowed purports to assert liability associated with a litigation against HTA, but the litigation has been dismissed with no liability against HTA. Still another Claim to Be Disallowed seeks recovery for invoices submitted pursuant to a government incentive program, but the relevant Commonwealth agency's books and records show that all the invoices were paid in full and there are no outstanding liabilities.

15. In support of the foregoing, the Debtors rely on the *Declaration of Jay Herriman in Support of the Four Hundred Seventh Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority Claims for Which the Debtors are Not Liable*, dated December 17, 2021, attached hereto as **Exhibit B**.

## NOTICE

16. In accordance with the Amended Omnibus Objection Procedures and the Court's Notice Order, the Debtors are providing notice of this Four Hundred Seventh Omnibus Objection to (a) the individual creditors subject to this Four Hundred Seventh Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Fifteenth Amended Case Management Procedures* [ECF No. 17127-1]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico. The notice for this Four Hundred Seventh Omnibus Objection is attached hereto as **Exhibit C**. Spanish translations of the Four Hundred Seventh Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and

will be served on the parties. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## RESERVATION OF RIGHTS

17. This Four Hundred Seventh Omnibus Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the Debtors or the rights of any other party in interest in the Title III Cases to object to the Claims to Be Disallowed or any other claims on any ground whatsoever. The Debtors expressly reserve all further substantive or procedural objections. Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the rights of the Debtors or any other party in interest in the Title III Cases to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; or (d) a waiver of the rights of the Debtors or any other party in interest in the Title III Cases under PROMESA, the Bankruptcy Code or any other applicable law.

## NO PRIOR REQUEST

18. No prior request for the relief sought in this Four Hundred Seventh Omnibus Objection has been made to this or any other court.

WHEREFORE the Debtors respectfully request entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting the Debtors such other and further relief as is just.

Dated: December 17, 2021
      San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García-Benítez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704

**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority*

**Fecha de la vista: 2 de febrero de 2022, a las 9:30 (AST)**
**Fecha límite para responder: 17 de enero de 2022, a las 16:00 (AST)**

> **REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS**
**PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*: <br><br> JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, <br><br> como representante del <br><br> ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al.*, <br><br> Deudores.[1] | PROMESA <br> Título III <br><br> Núm. 17 BK 3283-LTS <br><br> (Administrado conjuntamente) <br><br> **La presente radicación guarda relación con el ELA y la ACT.** |

**CUADRINGENTÉSIMA SÉPTIMA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO A RECLAMACIONES POR LAS QUE LOS DEUDORES NO SON RESPONSABLES**

A la atención de su señoría, la Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor Swain:

El Estado Libre Asociado de Puerto Rico (el "ELA") y la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT", y junto con el ELA, los "Deudores"), a través de la Junta

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como el único representante de Título III de los Deudores conforme a la sección 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radican esta cuadringentésima séptima objeción global (la "Cuadringentésima séptima objeción global") a reclamaciones por las que ni el ELA ni la ACT son responsables, según se expone en el **Anexo A** del presente documento, y en apoyo de la Cuadringentésima séptima objeción global manifiestan respetuosamente lo siguiente:

## JURISDICCIÓN

1. El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme a la sección 306(a) de PROMESA.

2. La sede judicial de este distrito es la competente conforme a la sección 307(a) de PROMESA.

## ANTECEDENTES

A. **Órdenes de Fecha Límite**

3. El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el ELA conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III del ELA"). El 21 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para la ACT conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal

---

[2] PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101-2241.

2

(el "Caso de Título III de la ACT", y junto con el Caso de Título III del ELA, los "Casos de Título III"). El 29 de junio de 2017 y el 9 de octubre de 2019, el Tribunal dictó una orden por la que concedió la administración conjunta de los Casos de Título III únicamente con fines procesales. ECF núm. 537.³

4. El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF núm. 2255] (la "Moción de Fecha"). Conforme a la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF núm. 2521] (la "Orden Inicial de Fecha"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco de los Casos de Título III. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF núm. 3160] (junto con la Orden Inicial de Fecha Límite, las "Órdenes de Fecha Límite "), extendiendo dichas fechas límite hasta el 29 de junio de 2018, a las 16:00 (AST).

B. **(Evidencias de reclamaciones radicadas, procedimientos relativos a objeciones globales y objeciones a reclamaciones**

5. Hasta la fecha, se han radicado aproximadamente 180,833 evidencias de reclamaciones contra los Deudores, que han sido registradas por Prime Clerk, LLC. Dichas

---

³ Salvo disposición en contrario contenida en el presente documento, las citas ECF harán referencia a documentos radicados en el marco del Caso de Quiebra Núm. 17 BK 3283-LTS.

evidencias de reclamaciones ascienden a un total aproximado de $43.6 billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados reclamados.

6. De las evidencias de reclamaciones radicadas, aproximadamente 117,226 han sido radicadas en relación con el ELA, o reclasificadas como radicadas contra el ELA. Más de 2,270 evidencias de reclamaciones han sido radicadas en relación con la ACT, o reclasificadas como radicadas contra la ACT. De conformidad con las condiciones de las Órdenes de Fecha Límite, muchas de estas reclamaciones no deberían haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por la que los Deudores sean responsables, estar duplicadas en relación con otras evidencias de reclamaciones o no aportar información necesaria para que los Deudores determinen si la reclamación es válida.

7. Para resolver eficazmente el mayor número posible de las evidencias de reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) conceda el remedio relacionado* [ECF núm. 4052] (la "Moción de Procedimientos Globales"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden que A) aprueba procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado* [ECF núm. 4230]; *Procedimientos relativos a Objeciones Globales* [ECF núm. 4230-1] (conjuntamente, los "Procedimientos Iniciales relativos a Objeciones Globales"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a

4

las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [ECF núm. 4381] (la "Orden de Notificación").

8. En aras del interés constante por resolver eficazmente cualesquiera evidencias de reclamaciones innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de vista en relación con una Orden que A) apruebe Procedimientos Enmendados relativos a Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF núm. 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden que A) aprueba Procedimientos Enmendados relativos a Objeciones Globales, B) exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas de notificación adicionales y D) concede el remedio relacionado* [ECF núm. 7440] (los "Procedimientos Enmendados relativos a Objeciones Globales").

9. Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal ha celebrado hasta la fecha más de 15 vistas vinculadas con más de 310 objeciones globales radicadas por el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la ACT, la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") y/o el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE"). Sobre la base de las resoluciones

5

y órdenes del Tribunal dictadas hasta la fecha, aproximadamente 98,000 reclamaciones que reivindicaban $43.0 billones en responsabilidad contra el ELA, COFINA, la ACT, la AEE y el SRE fueron rechazadas y serán retiradas del registro de reclamaciones en el marco de los procedimientos radicados conforme al Título III una vez dictadas las órdenes finales.

10. Esta Cuadringentésima séptima objeción global se radica de conformidad con los Procedimientos Enmendados relativos a Objeciones Globales del Tribunal.

### OBJECIONES A EVIDENCIAS DE RECLAMACIONES

11. Los Procedimientos Enmendados relativos a Objeciones Globales permiten al ELA radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los Procedimientos Enmendados relativos a Objeciones Globales.

12. La Cuadringentésima séptima objeción global pretende rechazar, de conformidad con los Procedimientos Enmendados relativos a Objeciones Globales, reclamaciones que tratan de recuperar montos por los que los Deudores no son responsable, según se expone en el **Anexo A** del presente documento (conjuntamente, las "Reclamaciones que han de ser rechazadas").

13. Las reclamaciones que sean "inejecutables contra el deudor y los bienes de este, en virtud de cualquier contrato o normativa legal aplicable" deben rechazarse. Título 11 U.S.C., § 502(b)(1). Cada una de las Reclamaciones que han de ser rechazadas pretende alegar responsabilidades contra el ELA, la ACT o la AEP, pero sobre la base de un examen de los libros y registros de los Deudores estos últimos no tienen ninguna responsabilidad pendiente de cumplimiento frente a los correspondientes reclamantes.

6

14. Una de la Reclamaciones que han de ser rechazadas alega responsabilidades contra el ELA, pero la reclamación y la documentación justificativa guardan relación con un procedimiento de quiebra radicado por la Federación de Maestros de Puerto Rico, por lo que no proporcionan ningún fundamento para alegar responsabilidades contra el ELA. Otra Reclamación que ha de ser rechazada pretende alegar responsabilidad vinculada con un litigio contra la ACT, pero el litigio fue desestimado sin ningún tipo de responsabilidad de la ACT. Y otra de las Reclamaciones que han de ser rechazadas busca recuperar montos correspondientes a unas facturas emitidas conforme a un programa gubernamental de incentivos, pero los libros y registros de la agencia pertinente del ELA muestran que todas las facturas han sido pagadas en su totalidad y que no existe ninguna responsabilidad pendiente de pago.

15. En apoyo de lo anterior, los Deudores invocan la *Declaración de Jay Herriman en apoyo de la Cuadringentésima séptima objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico y de la Autoridad de Carreteras y Transportación de Puerto Rico a Reclamaciones por las que los deudores no son responsables*, de fecha 17 de diciembre de 2021, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

16. De conformidad con los Procedimientos Enmendados relativos a Objeciones Globales y la Orden de Notificación del Tribunal, los Deudores notifican la presente Cuadringentésima séptima objeción global a) a los acreedores individuales objeto de esta Cuadringentésima séptima objeción global, b) al U.S. Trustee, y c) a la Lista maestra de notificaciones (según se define en los *Procedimientos de administración de casos enmendados núm. 15* [ECF núm. 17127-1]), disponibles en el sitio web de casos de los Deudores, en https://cases.primeclerk.com/puertorico. La notificación de esta Cuadringentésima séptima

objeción global se adjunta al presente como **Anexo C**. Las traducciones al español de la Cuadringentésima séptima objeción global y de la totalidad de los anexos adjuntos al presente se están radicando con la presente objeción y se trasladarán a las partes. Los Deudores sostienen que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

## RESERVA DE DERECHOS

17. Esta Cuadringentésima séptima objeción global se limita a los motivos expuestos en este documento. En consecuencia, esta se radica sin perjuicio de los derechos de los Deudores, o de los derechos de cualesquiera otras partes interesadas en dichos Casos de Título III, a objetar a las Reclamaciones que han de ser rechazadas o a cualesquiera otras reclamaciones sobre la base de los motivos que fueren. Los Deudores se reservan expresamente el derecho a radicar toda otra objeción sustantiva o procesal. Ninguna disposición contenida en el presente documento, ni ninguna acción adoptada conforme a tal remedio, tienen por objetivo, ni se interpretarán en el sentido de que: a) constituyan una admisión en cuanto a la validez de cualesquiera reclamaciones contra los Deudores; b) constituyan una renuncia a los derechos de los Deudores, o de cualesquiera otras partes interesadas en los Casos de Título III, a impugnar cualquier reclamación sobre la base de los motivos que fueren; c) constituyan una promesa o requisito para pagar cualquier reclamación; o d) constituyan una renuncia a los derechos de los Deudores, o de cualesquiera otras partes interesadas en los Casos de Título III, conforme a PROMESA, el Código de Quiebras o cualquier otra normativa legal aplicable.

## AUSENCIA DE SOLICITUDES PREVIAS

18. No se ha radicado ninguna solicitud de remedio previa a la presente Cuadringentésima séptima objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.

POR LO QUE los Deudores solicitan respetuosamente que se dicte una orden, esencialmente en la forma de la Orden Propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda a los Deudores cualesquiera otros remedios que se consideren justos.

| | |
|---|---|
| Fecha: 17 de diciembre de 2021<br>San Juan (Puerto Rico) | Respetuosamente sometida,<br><br>*[Firma en la versión en inglés]*<br>Hermann D. Bauer<br>USDC núm. 215205<br>Carla García-Benítez<br>USDC núm. 203708<br>Gabriel A. Miranda<br>USDC núm. 306704<br>**O'NEILL & BORGES LLC**<br>250 Avenida Muñoz Rivera, local 800<br>San Juan, PR 00918-1813<br>Tel.: (787) 764-8181<br>Fax: (787) 753-8944<br><br>*[Firma en la versión en inglés]*<br>Martin J. Bienenstock (*pro hac vice*)<br>Brian S. Rosen (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>Nueva York, NY 10036<br>Tel.: (212) 969-3000<br>Fax: (212) 969-2900<br><br>*Abogados de la Junta de Supervisión y Administración Financiera para Puerto Rico, como representante del Estado Libre Asociado de Puerto Rico y de la Autoridad de Carreteras y Transportación de Puerto Rico.* |