UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO,
et al.,

    Debtors.[1]

------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

MEMORANDUM ORDER DENYING MOTION FOR RELIEF FROM AUTOMATIC
STAY FILED BY LUIS F. PABÓN BOSQUES, RAUL MARTINEZ PEREZ, ELVIN A.
ROSADO MORALES, CARLOS A. ROJAS ROSARIO, AND RAFAEL TORRES RAMOS

    Before the Court is the *Motion for Relief from Automatic Stay* (Docket Entry No. 19346 in Case No. 17-3283, the "Motion"[2]) filed by Luis F. Pabón Bosques, Raul Martinez Perez, Elvin A. Rosado Morales, Carlos A. Rojas Rosario, and Rafael Torres Ramos (collectively, the "Movants"). Movants seek relief from the automatic stay imposed by the commencement of the above-captioned Title III case with respect to the civil action captioned Luis F. Pabón Bosques et al. v. Pedro Pierluisi Urrutia et al., Civil No. SJ2021CV01112 (the

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]     All docket entry references are to entries in Case No. 17-3283, unless otherwise noted.

"Litigation"), which is currently pending in the Commonwealth of Puerto Rico (the "Commonwealth") Court of First Instance (the "Commonwealth Court").[3] The Court has carefully considered the parties' submissions,[4] and, for the following reasons, concludes that Movants have not demonstrated that there is "cause" to lift the automatic stay.

### BACKGROUND

The Commonwealth filed its petition for relief under Title III of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA") on May 3, 2017, and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") filed its petition for relief on May 21, 2021. (Obj. ¶ 13; Mot. ¶ 1.) On August 3, 2020, the Commonwealth enacted Act No. 81-2020, titled the *Act to Provide for a Dignified Retirement for the Sworn Members of the Puerto Rico Police, as well as the Members of the Bureau of the Puerto Rico Firefighters Corps and the Puerto Rico Correctional Officers Corps.* ("Act 81"). (Mot. ¶ 2; Obj. ¶ 19.) Act 81 contemplates the establishment of defined benefit pension rights for the benefit of certain Commonwealth emergency, law enforcement, and

---

[3] The Motion also briefly requests that the Court "[o]rder the Debtors to continue with [their] constitutional obligation to make [Movants] whole." (Mot. at 12-13.) The Motion contains no explanation of the legal basis for that request for relief, which would appear to conflict with section 305 of PROMESA, 48 U.S.C. § 2165 ("[N]otwithstanding any power of the court, unless the Oversight Board consents or the plan so provides, the court may not . . . interfere with . . . any of the political or governmental powers of the debtor [or] any of the property or revenues of the debtor . . . .") and Local Bankruptcy Rule 4001-1(a) ("A motion for relief from stay shall not be combined with a request for any other type of relief unless so authorized by the court . . . ."). As such, this Memorandum Order will address the request for stay relief.

[4] In addition to the Motion, the Court has considered the *Objection of Commonwealth of Puerto Rico and Employees Retirement System of Government of Commonwealth of Puerto Rico, to Motion for Relief from Stay Filed by Luis F. Pabón Bosques, Raul Martinez Perez, Elvin A. Rosado Morales, Carlos A. Rojas Rosario y Rafael Torres Ramos* (Docket Entry No. 19448, the "Objection") filed by the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board").

corrections personnel who enrolled in the Commonwealth public pension system before January 1, 2000. (Act 81 § 2; Obj. ¶ 15.) Act 81 therefore seeks to partially reverse Act No. 3-2013, which froze pension accruals under the ERS defined benefit plan for participants who enrolled in the ERS pension system prior to January 1, 2000. (Mot. ¶¶ 3-5; Obj. ¶ 11.) Section 5 of Act 81 provides sixty days for the Puerto Rico Department of Public Safety, the Department of Corrections and Rehabilitation, and the Executive Director of the Retirement Systems "to approve the regulations necessary to implement the provisions of" Act 81. However, notwithstanding the timeframe for implementation set forth in the law, the Commonwealth government has not implemented Act 81. (Mot. ¶¶ 11-12, 28; Obj. ¶¶ 38-40.)

In 2021, the Oversight Board proposed a plan of adjustment for the Commonwealth, PBA, and ERS (as may be amended, the "Proposed Plan").[5] The current version of the Oversight Board's Proposed Plan includes a "Preemption of Laws" provision providing that "[a]s of the Effective Date, and to the extent not previously preempted pursuant to an order of the Title III Court, all laws (or such portions thereof) of the Commonwealth of Puerto Rico, other than budgets certified by the Oversight Board, inconsistent with PROMESA, are held preempted." (Proposed Plan § 89.3.) That provision also states that "the Commonwealth laws preempted by PROMESA include, without limitation, those listed on Exhibit 'K' hereto." (Proposed Plan § 89.3.) Act 81 is listed on Exhibit K to the Proposed Plan.

On November 23, 2021, Movants filed the Motion. The Motion argues that, through Act 81, the Commonwealth created contractual and property rights for the benefit of police officers who have retired since the enactment of Act 81 on August 3, 2020. (Mot. ¶¶ 23-26.) The Motion asserts that the Commonwealth's non-implementation of Act 81 violates the

---

[5]   The current iteration of the Proposed Plan is available at Docket Entry No. 19365.

Takings Clause of the United States Constitution and separation of powers principles embodied by the Appropriations Clause and the Take Care Clause of the United States Constitution. U.S. Const. amend. V; U.S. Const. art. I, § 9, cl. 7; U.S. Const. art. II, § 3.

On November 23, 2021, the Court entered an order requiring any responses to the Motion be filed by December 7, 2021, and any replies in support of the Motion be filed by December 14, 2021. (Docket Entry No. 19347.)

On December 7, 2021, the Oversight Board filed its Objection. The Objection argues that Act 81 is inconsistent with PROMESA, the Proposed Plan, and the Commonwealth's certified fiscal plan, and therefore is preempted by federal law and unenforceable. (Obj. ¶¶ 51-60.) As such, the Oversight Board argues, Movants lack rights upon which stay relief may be premised. (Obj. ¶ 60.) The Objection also argues that, under Commonwealth law, Movants' rights are contractual in nature, and their impairment does not support a claim for just compensation under the Takings Clause. (Obj. ¶¶ 61-64.) Finally, the Objection argues that Movants have failed to demonstrate that cause exists to lift the automatic stay with respect to the Litigation. (Obj. ¶ 65.)

As of the date of this Memorandum Order, Movants have not filed a reply in support of the Motion.

## DISCUSSION

Section 362(d)(1) of Title 11 of the United States Code, made applicable in these proceedings by section 301 of PROMESA, 48 U.S.C. § 2161, permits a court to grant relief from the automatic stay "for cause." To determine whether cause exists to lift the bankruptcy stay, courts in this circuit examine the factors enumerated by the United States Court of Appeals for

the Second Circuit in In re Sonnax Industries, Inc., 907 F.2d 1280, 1286 (2d Cir. 1990). See Autonomous Municipality of Ponce v. Fin. Oversight & Mgmt. Bd. for P.R. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 939 F.3d 356, 362 (1st Cir. 2019); Fin. Oversight & Mgmt. Bd. for P.R. v. Ad Hoc Grp. of PREPA Bondholders (In re Fin. Oversight & Mgmt. Bd. for P.R.), 899 F.3d 13, 23 (1st Cir. 2018) ("We agree with the parties that the factors identified by the Second Circuit in Sonnax . . . provide a helpful framework for considering whether the Title III court should permit litigation to proceed in a different forum."). Of particular relevance to the instant controversy are the following factors identified in the Sonnax decision: "whether relief would result in a partial or complete resolution of the issues," "lack of any connection with or interference with the bankruptcy case," "the interests of judicial economy and the expeditious and economical resolution of litigation," "whether the parties are ready for trial in the other proceeding," and the "impact of the stay on the parties and the balance of harms." Sonnax, 907 F.2d at 1286.[6]

The validity of Act 81 (in addition to a number of other Commonwealth statutes) is currently the subject of active litigation before the Court in connection with the Oversight Board's application for confirmation of the Commonwealth's proposed plan of adjustment, where the Oversight Board has requested a ruling approving its theory that Act 81 is inconsistent with and preempted by provisions of Title II and/or Title III of PROMESA. (See generally

---

[6] The remaining Sonnax factors ("whether the other proceeding involves the debtor as a fiduciary," "whether a specialized tribunal with the necessary expertise has been established to hear the cause of action," "whether the debtor's insurer has assumed full responsibility for defending it," "whether the action primarily involves third parties," "whether litigation in another forum would prejudice the interests of other creditors," "whether the judgment claim arising from the other action is subject to equitable subordination," and "whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor") are neutral or irrelevant, and therefore do not establish cause.

*Order Regarding Certain Aspects of Motion for Confirmation of Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, Docket Entry No. 19517 (requiring Oversight Board to address issues including scope of preemption in proposed Commonwealth plan of adjustment).) The Oversight Board has also represented that, in the event that the Court declines to expressly rule in connection with the Proposed Plan that Act 81 is invalid and preempted, the Oversight Board intends to pursue judicial relief to nullify Act 81 as inconsistent with certain fiscal powers granted to the Oversight Board and restrictions placed upon the Commonwealth by PROMESA. (See Obj. ¶ 71 ("Even if this relief were not granted as part of [confirmation of the Proposed Plan], the implementation of Act 81 is barred under PROMESA §§ 108(a)(2), 204(a), 204(c), and 207 . . . . As a result, the Oversight Board is prepared to commence an adversary proceeding to nullify Act 81 . . . ."); December 15, 2021 Hrg. Tr. 15:23-16:7.)

If the Court determines that Act 81 is invalid in either of those contexts, that decision would undercut the statutory basis for Movants' claims in the Litigation and likely render the Litigation moot. To the extent that the Litigation seeks to compel the Commonwealth to take action that the Oversight Board contends is precluded by PROMESA and which the Oversight Board seeks to definitively prevent via confirmation of the Proposed Plan, analysis of the Sonnax factors favors the centralized resolution of the pension-related preemption issues— including the status of Act 81—in this Court. Because preemption issues concerning Act 81 are squarely before the Court in the context of the request for confirmation of the Proposed Plan—a matter over which this Court has exclusive jurisdiction pursuant to section 306(a) of PROMESA, 48 U.S.C. § 2166(a)—it is far from clear that the Litigation could resolve such issues (Sonnax factor # 1), and the materiality of the preemption issues to both the Proposed Plan and the

Commonwealth's defenses in the Litigation means that the Litigation certainly does not "lack . . . any connection with or interference with the bankruptcy case" (Sonnax factor # 2). Consequently, the interests of judicial economy and the economical resolution of litigation (Sonnax factor # 10) disfavor stay relief with respect to the Litigation.

Furthermore, the Litigation was stayed just slightly over two months after its commencement in the Commonwealth Court (Mot. ¶¶ 13-14), making it unlikely that the parties are "ready for trial in the [Litigation]" (Sonnax factor # 11). Finally, the Motion does not allege any specific hardship to Movants arising from the automatic stay (Sonnax factor #12); rather, the Motion merely conclusorily alleges "irreparable harm." (Mot. ¶¶ 56, 57, 60.) Unstaying the Litigation, on the other hand, would require the Commonwealth to expend its resources in litigation that may be rendered moot by the outcome of the above-described proceedings before this Court, thereby presenting some amount of hardship that counsels against granting the Motion.

Accordingly, the Court concludes that Movants have not demonstrated that the Sonnax criteria establish cause for the automatic stay to be lifted to allow the Litigation to resume in the Commonwealth Court.

CONCLUSION

For the foregoing reasons, the Motion is denied in its entirety and the automatic stay remains in place. See 11 U.S.C. §§ 362(a) and 922(a)(1). This Memorandum Order resolves Docket Entry No. 19346.

SO ORDERED.

Dated: December 20, 2021

      /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge