# **EXHIBIT 12**

# GOVERNMENT OF PUERTO RICO

**Puerto Rico Fiscal Agency and Financial Advisory Authority**

June 30, 2020

**<u>VIA ELECTRONIC MAIL</u>**

Ms. Natalie A. Jaresko
Executive Director
The Financial Oversight and Management Board for Puerto Rico
P.O. Box 192018
San Juan, Puerto Rico 00919-2018

*Re:  Response to June 23, 2020 Letter Regarding Senate Bill 1616*

Dear Ms. Jaresko:

This responds to your June 23, 2020 letter regarding Senate Bill 1616 ("SB 1616"). According to your letter, the Oversight Board believes that SB 1616—which proposes an early retirement incentive for certain eligible Government employees—would be "significantly inconsistent" with the 2020 Fiscal Plan and should not be enacted until the Government provides the Oversight Board with certain additional information under PROMESA section 104(c), including (1) a complete analysis of the outcomes SB 1616 intends to achieve, (2) actuarial reports, (3) documentation supporting proposed savings and the number of employees affected, and (4) an analysis of SB 1616's impact on individual Government agencies. The Government appreciates the Board's thoughts and perspective on SB 1616. Your letter raises two important issues, however, to which we must respond.

*First*, your letter attempts preemptively to command the Government not to enact SB 1616 because the bill, if enacted and implemented, "would violate PROMESA section 108(a)(2) because it impairs or defeats [the] purposes of PROMESA." This is inappropriate and at odds with PROMESA. SB 1616 remains in the legislative process and is subject to revisions before becoming law. The Board should allow that process to be completed in the ordinary course before passing judgment on whether SB 1616 violates any provision of PROMESA. If SB 1616 is ultimately enacted, the Government will, of course, send the Board a cost estimate and certification under PROMESA section 204(a). The Board can then evaluate the law in its final form and determine whether it undermines the purposes of PROMESA. But nothing in PROMESA empowers the Board preemptively to prohibit new legislation's passage, as the Board attempts to do here.

*Second*, your letter argues that enacting SB 1616 would violate PROMESA section 108 because the Board has the "exclusive right to determine treatment of pension claims in a plan of adjustment." This is wrong.



PO Box 42001 • San Juan, PR 00940-2001 • Telephone (787) 722-2525



# GOVERNMENT OF PUERTO RICO

**Puerto Rico Fiscal Agency and Financial Advisory Authority**

Section 108 does not afford the Board such broad, preemptory power. The Board cannot use Section 108 to bootstrap its exclusive right to file a plan of adjustment in the Title III cases under PROMESA section 312(a) into a substantive limitation on the Government's political or governmental powers preserved under PROMESA section 303. And in any event, SB 1616 does not interfere with the Board's right to propose plan treatment for pension claims. Whether or not SB1616 is law, whenever the Board proposes a plan of adjustment, it can seek whatever claim treatment the Board desires. The Title III Court will have to assess whether such treatment in a proposed plan of adjustment is confirmable under PROMESA. We do not understand how passage of SB 1616 could prevent the Board from proposing a plan of adjustment, or why the Board believes it would be a barrier to confirmation of such a plan.

As always, the Government looks forward to our continued collaboration with the Board—including resolving any issues related to SB 1616—to achieve the best possible outcomes for the people of Puerto Rico.

Very truly yours,

Omar J. Marrero Diaz, Esq.
Executive Director

