# EXHIBIT 13

**FINANCIAL OVERSIGHT AND MANAGEMENT BOARD
FOR PUERTO RICO**



*José B. Carrión III*
Chair

*Members
Andrew G. Biggs
Carlos M. García
Arthur J. González
José R. González
Ana J. Matosantos
David A. Skeel, Jr.

Natalie A. Jaresko
Executive Director*

**BY ELECTRONIC MAIL**

June 24, 2020

The Honorable Wanda Vázquez Garced
Governor of Puerto Rico

The Honorable Thomas Rivera Schatz
President of the Senate of Puerto Rico

The Honorable Carlos J. Méndez Núñez
Speaker of the House of Representatives of Puerto Rico

Dear Governor Vázquez Garced, President Rivera Schatz, Speaker Méndez Núñez:

We have become aware of Senate Bill 1623 ("SB 1623"), which proposes to amend Section 5-103 of Act 447-1951 (the Employee Retirement System) to create pension benefits for police officers hired before January 1, 2000. Based on our preliminary review, it appears SB 1623 is significantly inconsistent with the 2020 Commonwealth Fiscal Plan. Accordingly, we request the following additional information concerning SB 1623.

Currently, police officers hired before January 1, 2000 participate in the New Defined Contribution Plan, created by Act 106-2017, and are entitled to receive pension benefits accrued based on the compensation and service time as of June 30, 2013 plus an annuity under System 2000 accrued from 2013 to 2017. Under the provisions of SB 1623, qualifying police officers would instead receive a pension ranging between 50% to 60% of their retirement-year compensation and a lifetime employer contribution of $100 per month to their health insurance plan. SB 1623 also provides the cost of the increased retirement benefits will be paid by the General Fund largely through savings generated as a result of payroll reductions for retiring police officers.

SB 1623 has the effect of significantly increasing the retirement costs associated with police officer retirement. Upon first eligibility for an enhanced pension under SB 1623, police pensions would more than double (from 25% to 55% on average) the percent of retirement-level compensation paid as a pension, and would increase further for participants that retire at age 58 or later. On average, compensation for new recruits is less than 50% of the compensation for more experienced officers that would be eligible for the benefit enhancement. However, the fiscal plan already

Hon. Wanda Vázquez Garced
Hon. Thomas Rivera Schatz
Hon. Carlos J. Méndez Núñez
June 24, 2020
Page 2 of 2

includes an expectation that new cadets replace the older officers over time. Therefore, analysis would be needed to demonstrate that the cost of the enhanced benefits payable over the lifetime of the pensioners would be fully paid for by any savings generated by hiring new cadets sooner than anticipated.

It will also be necessary to assess whether or not the additional accrual in police pension will impact the ability of the police officers' earnings to be credited towards Social Security. Currently, as a result of Act 71-2019, most police officers began contributing to Social Security effective January 1, 2020. As it is important to the retirement security of the police officers, Act 71-2019 accomplished this change by modifying contributions to the New Defined Contribution Plan to a level that, when coupled with the fact that police are not currently accruing defined benefit plan benefits, requires participation in Social Security. The Oversight Board supported this action and the fiscal plan reflected funds to pay the Commonwealth's portion of the Social Security contributions. The reinstatement of a defined benefit pension accrual could undo the work of Act 71-2019 and potentially disqualify the police officers from Social Security participation.

As part of the Oversight Board's responsibilities under Section 204(a), the Oversight Board must review financial materials to determine whether the measure is significantly inconsistent with the Fiscal Plan. To do so, the Oversight Board must review any and all supporting analyses, information, and data relied on by the Legislature to assess whether the contemplated General Fund's savings are consistent with the provisions of SB 1623. The Oversight Board is requesting that this information be provided pursuant to Sections 104(c) and 204(a) as soon as possible to allow for timely review of the pending SB 1623.

Independently of Section 204, we believe that SB 1623 is contrary to the treatment of pensions in the proposed Commonwealth Title III plan of adjustment and impairs or defeats the purposes of PROMESA. Accordingly, if the Governor and Legislature proceed to pass and enact SB 1623, the Oversight Board may seek judicial relief pursuant to Section 108(a)(2).

We look forward to continuing to work together for the benefit of the people of Puerto Rico.

Sincerely,

Natalie A. Jaresko

CC:   Mr. Omar Marrero Díaz