# EXHIBIT 21



**FINANCIAL OVERSIGHT & MANAGEMENT BOARD
FOR PUERTO RICO**

Members
Andrew G. Biggs
Arthur J. González
Ana J. Matosantos
David A. Skeel, Jr.

José B. Carrión III
Chair

Natalie A. Jaresko
Executive Director

**BY ELECTRONIC MAIL**

September 4, 2020

Omar J. Marrero Díaz
Executive Director
Puerto Rico Fiscal Agency and
Financial Advisory Authority

Dear Mr. Marrero Díaz:

I am writing to you in response to your September 1, 2020 letter regarding Acts 80-2020, 81-2020, and 82-2020 (the "Acts").

We are still in the process of examining the attachments you submitted regarding Acts 80 and 81, having received the password to access them on the afternoon of September 2. We will contact you with any follow up questions from our review. Your submission, however, is facially inadequate in addressing our outstanding questions, and your stated rationale for these information gaps is unavailing.

As you are well aware, PROMESA section 204(a) requires the Governor to timely submit a certification of compliance or noncompliance with the certified Fiscal Plan as well as a formal estimate of the impact "that the law will have on expenditures and revenues." Your letter does not dispute that your submissions were late, that your "formal estimates" for Acts 80 and 81 were not based on the Acts as signed into law, or that you have not provided an estimate—formal or otherwise—of Act 82's increased expenditures. Although you contend we did not provide sufficient time to prepare the analysis requested in our August 28, 2020 letter, we find this statement deeply troubling, as it contradicts the framework established by PROMESA, prudent fiscal practices, and your own contentions in numerous Title III filings and letters. The Government was supposed to have performed this analysis weeks ago, and best practices would normally dictate this analysis be done before adopting legislation.

Knowing that the Governor must submit the required certification under PROMESA section 204 for a new law not later than 7 business days after the law is enacted, the Government cannot as a matter of prudent fiscal responsibility wait until after the law is passed to perform the necessary

Mr. Omar Marrero Díaz
September 4, 2020
Page 2 of 3

financial and budgetary analysis. In addition to frustrating the collaborative process required by PROMESA, that practice places severe time pressure on the Government and the Oversight Board to evaluate whether the law thwarts purposes of PROMESA while the law remains on the books and is being implemented. Such delay is especially irresponsible here because the Acts affect the careers and lives of thousands of public employees and have a multi-billion dollar impact on the finances and budget of the Commonwealth. Simply put, the Legislature should not pass, and the Governor should not sign into law, any legislation without first understanding its financial consequences and concluding it is not inconsistent with the applicable fiscal plan. Indeed, the past practice of adopting legislation without first measuring its fiscal cost likely contributed to the financial crisis Puerto Rico faced in 2016, which resulted in the adoption of PROMESA. Finally, the mandate of PROMESA – to restore fiscal sustainability – requires the described best practices to be implemented, if sustainability is to be achieved.

Furthermore, the current circumstances – which the Government has created – are at odds with statements made to the Title III court. In the Law 29 action, the Governor and AAFAF proffered Executive Order 2019-057 as a response to the Oversight Board's claim that the Government had a policy of noncompliance with section 204(a). *See* Defendants' Opposition to the Financial Oversight and Management Board for Puerto Rico's Motion for Summary Judgment, *Fin. Oversight & Mgmt. Bd. for P.R. v. Vázquez Garced (In re Fin. Oversight & Mgmt. Bd. for P.R.)*, No. 3:19-ap-00393-LTS (D.P.R. Feb. 5, 2020), ECF 87. The Governor and AAFAF described the order's effect as "adopt[ing] a process designed to ensure that the Government can deliver a proper section 204(a) certification within seven days of a new law's enactment, requires that the Government do so, and orders all Puerto Rico's public agencies and corporations 'to comply *strictly and punctually*' with the ordered process." *Id*. at 3-4.

Thus far, the promise of Executive Order 2019-057 has not come to pass. As a general matter, the Governor has requested seven-business-day extensions to submit necessary documentation for nearly half of all laws passed in 2020, and requested fifty-one extensions in the month of August alone.

The three pension laws at issue here exemplify the lack of compliance with PROMESA section 204(a). None of the required section 204(a) certifications for these laws was submitted on time. By your own admission the necessary materials are still not available for Oversight Board review one month after the Acts' enactment, which in any case should have been prepared prior to their enactment. We sought a rapid resolution to our outstanding questions because of the significance of these Acts and our belief – based on your stated compliance with Executive Order 2019-057 and PROMESA section 204(a) – that you had these materials prepared and at hand. Based on your response, we are further concerned that these documents were never readily available to Commonwealth decision-makers when evaluating the merits of pending legislation, and have doubts that the necessary principals reviewed these critical analyses prior to passing and enacting measures that fundamentally alter the financial future of the Commonwealth.

In your letter you also attempt to defend the Government's conduct by quoting language from a decision by the Title III court and suggesting that only a good faith effort is required to comply with section 204(a). As an initial matter, your reliance on the Title III court's ruling is misplaced.

Mr. Omar Marrero Díaz
September 4, 2020
Page 3 of 3

The quoted language was part of the Court's rejection of the argument that the Governor's certification, no matter how erroneous or deficient, could not be questioned by the Oversight Board. In so doing, the Court noted that "it must be assumed … that Congress expected the Governor and the relevant territorial entity to comply with the statutory predicates in good faith," but did not conclude that a good faith effort alone is sufficient to meet the requirements of section 204(a). Moreover, whether submitting estimates for legislation which you acknowledge does not reflect the final provisions in the laws at issue constitutes a good faith effort to comply with section 204(a) is dubious.

Since we sent the August 28, 2020 letter, the Oversight Board has received numerous requests on social media and email from Puerto Rico residents about the status of these Acts. Implementation of the Acts could result in irreparable harm, so it is imperative these Acts not be implemented unless and until the Oversight Board has reviewed all relevant materials and determined whether the Acts impair or defeat the purposes of PROMESA.

In light of the public's interest in the status of the Acts and the seriousness of their impact, *if and only if* the Government makes a public statement explaining that it is neither accepting applications pursuant to the Acts nor implementing the Acts at this time would we be willing to grant your requested extension until September 11, 2020 to compile and send us the outstanding materials. We also reiterate our request that we be provided fourteen (14) days' advance written notice should the Government decide to change its position and begin to implement the laws and accept applications.

Should you plan to implement these Acts or accept applications prior to our determinations that the Acts do not impair or defeat the purposes of PROMESA, or otherwise violate PROMESA, the Oversight Board further reserves the right to take such actions as it deems necessary, consistent with PROMESA sections 108(a), 204, and 207, including seeking remedies to prevent the implementation and enforcement of the Acts and for any wrongful implementation of them.

We look forward to continuing to work together for the benefit of the people of Puerto Rico.

Sincerely,

*Natalie A. Jaresko*
Natalie A. Jaresko

CC: Hon. Wanda Vázquez Garced