# EXHIBIT 39



# FINANCIAL OVERSIGHT & MANAGEMENT BOARD
# FOR PUERTO RICO

David A. Skeel, Jr.
Chair

Members
Andrew G. Biggs
Arthur J. González
Antonio L. Medina
John E. Nixon
Justin M. Peterson
Betty A. Rosa

Natalie A. Jaresko
Executive Director

**BY ELECTRONIC MAIL**

June 22, 2021

Mr. Omar J. Marrero Díaz, Esq.
Executive Director
Puerto Rico Fiscal Agency and
Financial Advisory Authority

Dear Mr. Marrero Díaz:

We write in response to your April 1, 2021 communication regarding Act 80-2020 ("Act 80" or the "Act") and the specific agencies and municipalities that can generate savings by implementing Act 80.

First, we would like to thank you for your correspondence and the accompanying information. The Oversight Board is committed to ensuring the financial future of the Commonwealth and its residents, and to safeguarding the assets of current and future retirees. Consistent with that commitment, the 2021 Commonwealth Fiscal Plan states that "[o]nly with pension reform can the Government help restore both fiscal balance and the promise for current and future retirees to safeguard their assets and their future pensions."[1]

Second, as you know from our prior correspondence and communications, the Oversight Board will not consent to the implementation of Act 80 unless the Government presents "a substantive program, to which the Oversight Board can hold the Government accountable, by which Act 80 (i) would not impose net costs incremental to the Fiscal Plan, and (ii) would be implemented in a fiscally responsible manner that ensures adequate essential services."[2]

Third, based on data you collected from Commonwealth employers regarding Act 80 participants and essential versus non-essential employees, your April 1, 2021 presentation (the "Government Analysis") shows that 11 agencies and public corporations and 16 municipalities would achieve

---

[1] 2021 Commonwealth Fiscal Plan (Apr. 23, 2021) at 274.

[2] October 21, 2020 letter from N. Jaresko (Oversight Board) to O. Marrero Díaz (AAFAF).

PO Box 192018 San Juan, PR 00919-2018; www.oversightboard.pr.gov; comments@promesa.gov

Mr. Marrero Díaz
June 22, 2021
Page 2 of 4

savings incremental to the Fiscal Plan by allowing certain employees to take advantage of the early retirement window created by Act 80.

Fourth, the Oversight Board has reviewed the Government Analysis and agrees Act 80 would result in savings at a limited number of agencies and municipalities under certain conditions.[3] The Government Analysis expresses a desire to implement Act 80 on a selective basis for those agencies that demonstrate year one savings. The Government Analysis also confirms, however, that implementation of Act 80 would increase costs in the vast majority of the agencies, public corporations, and municipalities and your data shows that full implementation of Act 80 would substantially increase costs overall for the Commonwealth.

As a result of this analysis, we held preliminary conversations on June 7 and 8, 2021 with the Retirement Board and AAFAF, as well as their respective advisors at Integrum and Ankura. We discussed the following adjustments needed to make the Government Analysis acceptable:

- Removing unnecessary costs added for filling positions of essential employees, since these costs are already provided for in the 2021 Fiscal Plan.

- Removing the $100 medical cost for members over age 62 who are not eligible for the subsidy.

- Adjusting the savings analysis to consider the baseline requirements of the May 2021 Fiscal Plan and subsequently including only such savings as are incremental to the Fiscal Plan.

After making these technical adjustments, our preliminary review of the year one calculations, based on the data provided (the "Oversight Board Analysis"), indicates the following:

- The general conclusion that while savings are possible in some agencies / public corporations / municipalities through Act 80, full implementation of Act 80 remains a substantial cost. The Government Analysis demonstrates the cost of all benefits under Act 80 for the identified employees is approximately $200 million in year one alone, which is only offset partially by payroll savings identified in the Government Analysis.

- Evaluated on an individual basis, eight government agencies and public corporations would achieve savings by implementing Act 80, compared to the eleven entities noted in the Government Analysis. However, within these eight agencies, there are 1,808 eligible workers, which is more than the 1,761 workers identified in the Government Analysis.

- Forty municipalities would achieve savings under Act 80 taking into account the technical adjustments to the Government Analysis noted above, not sixteen municipalities as reflected originally in the Government Analysis. Similarly, following the necessary

---

[3] The Oversight Board was able to confirm your projected savings for only a portion of the agencies, public corporations, and municipalities listed in your April 1, 2021 presentation.

Mr. Marrero Díaz
June 22, 2021
Page 3 of 4

adjustments, the number of eligible workers increases to 1,482 participants, from the 378 workers noted in the Government Analysis.

As such, the Oversight Board reiterates that it does not consent to the implementation of Act 80 at this time. Nevertheless, the Oversight Board is willing to explore with you the possibility of pursuing limited implementation of Act 80 subject to certain conditions and restrictions, while recognizing that Act 80 does not currently provide for limited implementation.

These conditions and restrictions include but are not necessarily limited to the following:

1) **Textual Changes to Act 80**
    a. Act 80 does not provide for partial implementation. Act 80 must be amended to permit employers to implement Act 80 only if the Oversight Board agrees that implementation will generate savings incremental to the applicable Fiscal Plans.
    b. To avoid potential "double-dipping" and to ensure greater transparency, Act 80 must be amended to provide that all benefits payable under Act 80 will be sourced through PayGo rather than payroll.

2) **Administrative Implementation Provisions**
    a. The Government and Oversight Board must agree that the Oversight Board Analysis, as detailed above, is correct and will be the basis for any future administrative implementation.
    b. The Government and the Oversight Board must agree on the employers who will be permitted to implement Act 80. With respect to employers permitted to implement Act 80, implementation must be limited to the employees in each agency as documented in the Oversight Board Analysis. The Government must also agree no employee not employed by an employer named explicitly in the Oversight Board Analysis will be allowed to participate in the Act 80 program.
    c. Each employer must agree to: (i) eliminate all non-essential positions from which a current employee retires early under Act 80, as identified in the Oversight Board Analysis; (ii) certify it can operate following the permanent elimination of all non-essential early retirement positions (both individually and in aggregate); and (iii) certify the net payroll and PayGo savings achieved will be equal to or greater than the savings already required in the 2021 Commonwealth Fiscal Plan.
    d. The Government and Oversight Board agree that the determination of the Oversight Board Analysis is a final determination of which employers are covered as well as which employers are not covered under the agreement to implement (the "Final Determination"), and the Government agrees not to implement, and will not pursue further implementation, beyond the Final Determination.
    e. Our conclusions may change if the factual circumstances change. For example, if additional employees seek to opt-in to the early retirement program (or transfer to approved agencies from other employers), employers may not be able to achieve the headcount reductions assumed in your April 1, 2021 analysis. Similarly, your

  data may overstate an employer's ability to eliminate certain positions. These circumstantial changes may change the determination as to whether Act 80 can be implemented in a manner that is consistent with the Fiscal Plan.

 f. The Government and the Oversight Board must agree the limited implementation of Act 80 is based on the current state of the law and the savings that will be achieved based on the current law. If the Legislature passes bills that alter or reverse any projected savings in the determination of the Oversight Board, then the Government must agree it will not sign any such legislation into law and it will not implement such legislation. The Government must also agree not to challenge or dispute any determination by the Oversight Board that such new legislation is inconsistent with the Fiscal Plan and/or PROMESA.

**3) Budget Contours**

 a. The Government must agree payroll budgets will be enforced at or below current Fiscal Plan levels, after adjustments for Act 80, and that no new positions will be created unless expressly provided in the 2021 Commonwealth Fiscal Plan, or a subsequent fiscal plan, subject to any reprogrammings previously authorized by the Oversight Board in accordance with the then-certified budget.

 b. The Government must authorize CRIM to withhold funds from municipalities not meeting their statutory PayGo obligations. This condition ensures that municipalities will satisfy their PayGo obligations even if the projected savings are not achieved. Such a condition also properly imposes responsibility for achieving the projected savings on the municipality, not the Commonwealth.

We would like to schedule a meeting with you or other representatives of AAFAF soon so that we can discuss these findings and come to terms on an agreement if possible. We will reach out shortly with potential dates and times for such a meeting. In the meantime, for the avoidance of doubt, the Oversight Board does not consent to any implementation of Act 80, and the Government must not implement Act 80, unless and until the Oversight Board consents to any such implementation consistent with this letter and our prior communications.

We look forward to continuing to work together for the benefit of the people of Puerto Rico.

Sincerely,

*Natalie A. Jaresko*
Natalie A. Jaresko

CC: Hon. Pedro Pierluisi Urrutia
   Hon. José Luis Dalmau
   Hon. Rafael Hernández Montañez