# EXHIBIT 45



# FINANCIAL OVERSIGHT & MANAGEMENT BOARD
## FOR PUERTO RICO

David A. Skeel, Jr.
Chair

<u>Members</u>
Andrew G. Biggs
Arthur J. González
Antonio L. Medina
John E. Nixon
Justin M. Peterson
Betty A. Rosa

Natalie A. Jaresko
Executive Director

<u>**BY ELECTRONIC MAIL**</u>

December 20, 2021

Honorable Omar J. Marrero Díaz
Executive Director
Fiscal Agency and Financial Advisory Authority

Dear Hon. Marrero Díaz:

I write in response to your December 19, 2021 letter regarding Joint Resolution 33-2021 ("Joint Resolution 33") and Act 80-2020 ("Act 80").

On December 17, 2021, I sent a letter to you and Governor Pierluisi explaining the Oversight Board's position as to these laws. I stated unequivocally the Oversight Board sought two specific assurances from you: "[1] Suspend any implementation of Joint Resolution 33 and Acts 80-82 until the validity of these laws is adjudicated in the Title III Court; and [2] publicly announce such suspension to avoid any confusion on the part of the currently affected public employees."

Your letter did not provide either of those assurances. Instead, your letter shows clearly the Government intends to implement Joint Resolution 33 and Act 80, despite the Government's express agreement not to implement Act 80 unless the Oversight Board agrees.

As I stated in my December 17 letter to you, the Oversight Board is gravely concerned by the Governor's actions in signing into law Joint Resolution 33. The Oversight Board has worked with you to explore possible avenues for implementation of Act 80 or revisions of it. In April 2021, AAFAF submitted anonymized data identifying the employees who had indicated a desire to participate in the Act 80 program along with an analysis regarding eleven agencies it contended would generate savings if Act 80 were implemented. The Oversight Board examined your data, conducted its own analysis, and met with representatives of AAFAF to discuss the data. The Oversight Board then sent a letter to AAFAF on June 22, 2021 identifying certain textual amendments and administrative guarantees necessary to ensure that any implementation of Act 80 for certain agencies and corporations would be consistent with the 2020 and 2021 Fiscal Plans. The Oversight Board also reiterated that "it does not consent" to Act 80's implementation and

Hon. Marrero Díaz
December 20, 2021
Page 2 of 3

directed AAFAF not to implement Act 80 without its consent.  A copy of the Oversight Board's June 22, 2021 letter is attached.

You never responded to the Oversight Board's letter.  Instead, the Government began planning to implement Act 80 through Joint Resolution 33, without consulting with the Oversight Board.  Based on AAFAF's April 2021 data, Act 80 will increase costs beyond the Fiscal Plan's allocations for pension expenses even if partially implemented as contemplated by Joint Resolution 33.  Using assumptions most favorable to the Government, Joint Resolution 33 would cause the Commonwealth to incur in the first year alone additional costs of at least $5.6 million, and more likely closer to $61 million.  As those expenditures are not contemplated by the Fiscal Plan, Joint Resolution 33 and Act 80 will require a reprogramming for which the Oversight Board has not received a request and has not granted its consent.

The purported savings to cover these costs is illusory.  The only mechanism to achieve the savings is to eliminate permanently the non-essential positions, but the Government does not ensure that any eliminated positions will not be restored.

Equally disturbing, Joint Resolution 33 and Acts 80-82 modify the pension regime envisioned by the currently proposed *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, Dkt. No. 19365, Case No. 17-BK-3283-LTS (D.P.R. Bankr. Nov. 28, 2021) (the "Plan of Adjustment").  The costs from these laws would make the Plan of Adjustment not feasible.  Moreover, these laws inequitably select certain groups of employees for special enhanced pension benefits while other employees will only receive payment in full of their pensions pursuant to prepetition laws (subject to the TRS freeze as applicable), as provided in the Plan of Adjustment.

On November 16, 2021, the Oversight Board sent a letter to the Governor, the President of the Puerto Rico Senate, and the Speaker of the Puerto Rico House of Representatives notifying them that, consistent with its determinations regarding Act 80, the Oversight Board had determined that Joint Resolution 33 would impair and defeat PROMESA's purposes.  The Oversight Board warned that implementation and enforcement of Joint Resolution 33 were therefore barred under PROMESA § 108(a)(2).  The Governor ignored the Oversight Board's letter and signed Joint Resolution 33 into law on December 16, 2021, and now the Government is planning to implement Joint Resolution 33 and Act 80 in violation of PROMESA § 108(a)(2).

Because Joint Resolution 33 requires immediate implementation within 30 business days, the Oversight Board requested your assurances that you would suspend any implementation of the law until its validity is adjudicated in the Title III Court.  We also requested that you publicly announce such suspension given that the law affects thousands of public employees.  You have clearly declined to do so.  Your offer to "present[] legislation in the near future" to extend the implementation period of Joint Resolution 33 rings hollow.  The Legislative session is closed for the year, that body will not re-convene until January 10, 2022, and any future legislation will not occur for some weeks.

Hon. Marrero Díaz
December 20, 2021
Page 3 of 3

Given this context and background, your intention to proceed with implementing Joint Resolution 33 and Act 80 is a violation of PROMESA and contrary to responsible governance.

The Oversight Board will be filing an adversary proceeding in the Title III Court to enjoin implementation and to nullify each of these laws. We will seek expedited adjudication.

Please confirm the Government will suspend any implementation of the Acts and Joint Resolution 33 until their validity is adjudicated in the Title III Court. If you decline, the Oversight Board may seek a temporary restraining order and a preliminary injunction to preserve the status quo. We hope such emergency measures are not necessary.

The Oversight Board is disappointed the Government has moved in this direction after more than 18 months of dialogue and engagement on these pensions laws.


Sincerely,

David Skeel

David A. Skeel, Jr.

CC:        Hon. Pedro R. Pierluisi
           Mr. Javier Tirado-Polo