# EXHIBIT A

## PROPOSED ORDER

## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: <br><br> THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br> as representative of <br><br> THE COMMONWEALTH OF PUERTO RICO, *et al.*, <br><br> Debtors.¹ | PROMESA <br> Title III <br><br> No. 17 BK 3283-LTS <br><br> **Re: ECF Nos. 19480, 19493** <br><br><br> (Jointly Administered) |
| In re: <br><br> THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br> as representative of <br><br> THE COMMONWEALTH OF PUERTO RICO <br><br> Debtor. | PROMESA <br> Title III <br><br> No. 17 BK 3283-LTS |

**ORDER GRANTING IN PART AND DENYING IN PART
MOTION FOR RELIEF FROM AUTOMATIC STAY FILED BY
IMO INVESTMENT S.E., ISRAEL SANTIAGO-LUGO,
CELENIA REYES-PADILLA, JASON SANTIAGO-ROSADO,
ISRAEL SANTIAGO-ROSADO AND DENIEL SANTIAGO-ROSADO**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Last Four Digits of Federal Tax ID: 3801) (Last Four Digits of Federal Tax ID: 3801) (Bankruptcy Case No. 19-BK-5523-LTS). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Upon consideration of the *Motion for Relief from Automatic Stay* (the "Motion")[2] [ECF No. 19480] filed by IMO Investment S.E., Israel Santiago-Lugo, Celenia Reyes-Padilla, Jason Santiago-Rosado, Israel Santiago-Rosado, and Deniel Santiago-Rosado (collectively, "Movants"), and the *Response of The Commonwealth of Puerto Rico To Motion For Relief From Automatic Stay Filed By IMO Investment S.E., Israel Santiago-Lugo, Celenia Reyes-Padilla, Jason Santiago-Rosado, Israel Santiago-Rosado, And Deniel Santiago-Rosado* (the "Response") [ECF No. _] filed by the Commonwealth of Puerto Rico (the "Commonwealth"):

**IT IS HEREBY ORDERED THAT:**

1. The automatic stay set forth in Bankruptcy Code sections 362(a) and 922(a), as made applicable to this case by PROMESA section 301(a) (the "Title III Stay"), is hereby modified solely to the limited extent necessary to allow the Appeal to proceed to final judgment before the Appeals Court, and the Supreme Court of the United States; provided, however, that the Title III Stay shall continue to apply in all other respects to the Appeal and the Dismissed Action, including, but not limited to, the execution and enforcement of any judgment for money damages or any other relief that entails the disbursement of funds by the Commonwealth or any other Title III Debtor, and provisional remedies against the Commonwealth or any other Title III Debtor.

2. The Motion is denied in all other respects, and the automatic stay remains in place, except as expressly provided in Paragraph 1 of this Order.

3. Nothing contained in this Order shall operate as modification of the Title III Stay so as to permit the prosecution against the Commonwealth or any of the other Title III debtors of any claim or claims by anyone other than Movants as provided for herein.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Response.

4. Nothing contained in this Order shall operate as waiver of the respective rights, defenses, and protections of the Commonwealth and Movants with respect to any matters pending or that may arise in this case, including the treatment of any claim arising from the Appeal or the Dismissed Action under a plan of adjustment or otherwise.

5. Further requests to modify the Title III Stay must be made in accordance with the *Order Amending Case Management Procedures* (as amended from time to time, the "Case Management Order"), which revised the *Notice, Case Management and Administrative Procedures* to implement a protocol (the "Lift Stay Protocol") (Docket Entry No. 11885-1). Nothing contained in this Order shall preclude Movants from seeking further relief from the Title III Stay in accordance with the Lift Stay Protocol.

6. This Order shall not be deemed to be, or construed as, (a) an admission by any party of any liability, wrongdoing, act, or matter or that any claim or defense has or lacks merit; (b) a waiver of the Commonwealth's rights to dispute, contest, setoff, or recoup any claim, including any claims asserted by Movants in the Appeal and the Dismissed Action, or assert any related rights, claims, or defenses and all such rights are reserved; (c) a waiver of Movants' or the Commonwealth's rights to determine and/or contest the applicability of a discharge to any judgment that may be issued in the Appeal or the Dismissed Action pursuant to 11 U.S.C. § 944, as made applicable to these proceedings by virtue of PROMESA section 301(a); or (d) an approval or assumption of any agreement or contract between the Commonwealth and Movants under Bankruptcy Code section 365.

7. This Order shall not be deemed or construed as (a) creating or conferring any right upon any persons or entities (other than Movants as expressly provided in this Order), or (b)

evidence of any willingness or obligation on the Commonwealth's part to consent to any other or future modifications of or relief from the Title III Stay with respect to any persons or entities.

8. The District Court shall retain jurisdiction to hear any matters or disputes arising from or relating to this Order.

9. This Order resolves docket entry no. 19480 in Case No. 17-3283.

SO ORDERED.

Dated: _____, 2021

_____
THE HONORABLE LAURA TAYLOR SWAIN
UNITED STATES DISTRICT COURT JUDGE