**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS |

**OPPOSITION TO DEBTORS' CORRECTED RESPONSE, PROPOSED AMENDMENT TO PLAN AND COMPLEMENTARY DOCUMENTS**

TO THE HONORABLE COURT:

COMES NOW Creditor PFZ Properties, Inc. ("PFZ"), thru the undersigned legal counsel,

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

1

and very respectfully STATES and PRAYS as follows:

1. On December 14th, 2021, this Honorable Court issued an "Order Regarding Certain Aspects of Motion for Confirmation of Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico et al." (the "Order") (Docket #19517) It ordered Debtors to submit either (i) a proposal of modifications consistent with this Memorandum Order or (ii) a showing of cause as to why the motion for confirmation should not be denied in the absence of such modifications.

2. Debtors were directed to meet and confer, prior to such submissions, with relevant parties in interest, including AAFAF, concerning these issues, and the Oversight Board' submission (as sole representative of Debtors) should include a statement as to whether and what extent changes to the Proposed Plan Materials are being made with those parties' consent. The Oversight Board was directed to file its submission by December 20, 2021. Parties in interest, including AAFAF, may submit responses by December 23, 2021. This constitutes the response of PFZ as a creditor and relevant party in interest of these issues.

3. Debtors filed "Response of the Financial Oversight and Management Board in accordance with Order Regarding Certain Aspects of Motion for Confirmation of Modified Eighth Amended Title II Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al." The document was filed on December 21st, 2021 at 00:05 hrs. (Docket # 19,567) A subsequent filing was made on December 21st, at 13:47 hrs., submitting a "Corrected Response" (Docket #19,574). Debtors also filed: 1) "Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico et al." (Docket # 19,568) at 00:10 hrs; 2) "Proposed Findings of Fact and Conclusions of Law" (Docket # 19, 570) on December 21st, 2021 at 01:20 hrs; and 3)

"Proposed Order and Judgment" (Docket # 19,571) on December 21st, 2021 T 01:27 hrs.

4. From a procedural point of view, PFZ raises two objections. First, the response at Docket # 19,567 (and the subsequent corrected response at Docket #19,574) were filed in an untimely manner, after the deadline imposed by the Court. Second, although directed by the Court to meet and confer with relevant parties and to include a statement in its submission as to whether and what extent changes to the Proposed Plan Materials were being made with those parties' consent, Debtors ignored that Order and proceeded to make changes without the participation of relevant parties.[2]

5. As to the merits of the controversy, we again adopt and incorporate by reference our arguments on dockets 18,418 and 19,088. Moreover, we respectfully submit that the arguments mentioned by Debtors do not constitute a showing of cause as to why the motion for confirmation should not be denied in the absence of the modifications ordered by the Court.

6. Debtors' discussion of the Court's Memorandum Order does not by any means, consider any new arguments that could move the Court to alter it. Debtor merely insists that its previous arguments, distinguishing between secured and unsecured and pre and post-petition Eminent Domain claims, a distinction which this Court has considered and rejected, are correct. Moreover, it also insists that the reasoning in Cobb and Poinsett, which this Court also already considered and rejected, should be applied in this case. Besides, Debtor argues that the fact that the avoidance powers included in the Bankruptcy Code have survived Radford suggests that the

---

[2] In light of Debtors' failure to communicate with PFZ's representatives, an email was sent on Saturday December 18th, 2021, to Counsel for Debtors, including a proposed language for the Plan that addressed the Court's concerns. Subsequently Mr. Rosen, counsel for Debtors, called the undersigned for a 5-minute chat on Monday December 21st, 2021, during which Debtors' position was stated. No part of PFZ's proposal was included in the language of the Plan or any of the other documents submitted to the Court.

Supreme Court has changed its views on the interplay between the Bankruptcy Code and the Fifth Amendment. But the reason those powers survived is because in U.S. v. Security Industrial Bank the Supreme Court, recognizing the constitutional infirmity of those powers if applied to rights established before the approval of the Code, avoided the constitutional question by deciding that those provisions of the Code could be applied prospectively, thus making these avoiding powers a condition of any future contracts providing for a security or guarantee avoidable under the Code.

7. The other cases cited in the Response are clearly differentiable from the instant case. They deal with equitable distribution of debtor's assets, avoidance powers, the difference if any of personal or property rights, or statute of limitations. None of these cases specifically deal with the issue of whether the Bankruptcy Code (or PROMESA) can limit the rights granted by the Takings Clause of the United States Constitution. Whatever expressions contained in those cases about the Takings Clause are *obiter dicta* that should not alter the Court's reasoning in the instant case. It is worth remembering that a Takings Claim is not contractual in nature, but rather a result from an involuntary imposition by the Government against a citizen.

8. As to the Plan (Docket # 19,568), the modified language for the treatment of Eminent Domain and Inverse Condemnation claims in class 54, paragraph 58.1, retains most of the language included in previous versions, which is confusing and will most probably cause unnecessary litigation about its meaning. The new language proposed by Debtor puts the burden on this Court of interpreting which claims are entitled to full payment as required by the Constitution. By contrast, PFZ's proposed language, which was simpler but encompassing of all Takings claims was as follows: *"All allowed claims based on a taking of property of any kind for public use will be paid the full amount awarded to the claimant as just compensation for such*

4

*taking in a final order of a competent court."*[3]

9. The proposed findings of fact and conclusions of law at docket #19,570, are equally flawed as they are closer to a memorandum of law in support of Debtors' position than to the modification ordered by the Court. Findings of Fact on Paragraph 60 of the document are inaccurate and should be simplified. The legal conclusions of the Court were stated on the Order at Docket #19,517 and are clearly different from what Debtor proposes for paragraph 60. Paragraph 60 should be drafted in a manner consequent with these conclusions. It should be noted that Paragraph 60 mentions only one section of the Puerto Rico Act that governs Takings cases. The whole Act (Eminent Domain Act of March 12th, 1903, as amended (32 L.P.R.A. sec. 2901 et seq.) must be considered and referenced, particularly 32 L.P.R.A. section 2910, which contains the government's guarantee of payment of the balance of just compensation in quick take situations and the commitment of the good faith of the People of Puerto Rico, now the Commonwealth, to such guarantee.

10. Considering all the above, PFZ sustains that the most practical approach to ensure that all allowed Takings claims will be fully paid as required by the Constitution is for this Court to follow the solution adopted in <u>Detroit</u>, where the Bankruptcy Court, after a recommendation by the U.S. Department of Justice, avoided declaring the Code unconstitutional by exercising its discretion under 11 U. S. C. §944, to except Takings Clause Claims from discharge in the Confirmation Order.

---

[3] It is also important to identify the funds from which the allowed claims are going to be paid. The Plan points at the GUC funds, which are shared by several classes of creditors. Alone or mixed with other classes, the funds for the allowed Takings claims should be clearly identified and the date of availability clearly stated.

WHEREFORE, the appearing party respectfully requests that this Honorable Court take notice of the above and either: a) deny the confirmation motion as drafted; or b) to use its powers under 11 U. S. C. §944 to except Takings Clause Claims from discharge and impairment in the Confirmation Order.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send notification of such filing to all appearing parties in the above captioned bankruptcy proceeding.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico on this 23rd day of December 2021.

/s/ DAVID CARRION BARALT
USDC PR 207214
Attorney for PFZ Properties
P.O. Box 364463
San Juan, P.R. 00936-4463
Tel. (787) 758-5050
E-mail: davidcarrionb@aol.com

/s/ JOSE ÁNGEL REY
USDC PR 118103
Attorneys for PFZ Properties
P.O. Box 10127
San Juan, P.R. 00908-1127
Tel. (787) 396-2600
E-mail: joseangelrey46@gmail.com

/s/ RUSSELL A. DEL TORO SOSA
USDC PR 121302
Attorney for PFZ Properties
Cond. Condado Princess
#2 Calle Washington 304
San Juan, Puerto Rico 00907
Tel. (787) 529-6502
E-mail: rdeltoro@dtslaw.com
russell.deltoro.sosa@gmail.com