UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**Re: ECF No. 19336, 19341, 19444, 19509** |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**This Stipulation relates only to the Commonwealth.** |

## STIPULATION MODIFYING THE AUTOMATIC STAY BETWEEN THE COMMONWEALTH OF PUERTO RICO AND ALEX VARGAS SEGARRA AND BETSIE SEDA COLLADO

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Last Four Digits of Federal Tax ID: 3801) (Last Four Digits of Federal Tax ID: 3801) (Bankruptcy Case No. 19-BK-5523-LTS). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Court Judge Laura Taylor Swain:

This stipulation (the "Stipulation") is made as of December [\_\_], 2021, by and between the Commonwealth of Puerto Rico (the "Commonwealth") and Alex Vargas-Segarra and Betsie Seda-Collado (collectively, "Movants"), plaintiffs in the case captioned *Alex F. Vargas v. Police Department*, Case No. SA-08-0403 (previously 2008-10-0403) (the "Administrative Action"), pending before the Comisión Apelativa del Sistema de Administración de Recursos Humanos del Servicio Público ("CASP" by its Spanish acronym).[1]

## RECITALS

**WHEREAS**, on May 3, 2017, the Commonwealth, by and through the Oversight Board, as the Commonwealth's representative pursuant to PROMESA section 315(b), filed a petition with the United States District Court for the District of Puerto Rico (the "District Court") under title III of PROMESA (the "Title III Case");

**WHEREAS**, on August 17, 2017, the District Court entered the *Order Amending Case Management Procedures* (as amended from time to time, the "Case Management Order"), which revised the *Notice, Case Management and Administrative Procedures* to implement a protocol (the "Lift Stay Protocol") for filing motions for relief from the automatic stay set forth in title 11 of the United States Code (the "Bankruptcy Code")'s sections 362(a) and 922(a),[2] as made applicable to the Title III Case by PROMESA section 301(a) (the "Title III Stay") [ECF No. 17127-1];

---

[1] The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Commonwealth's representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), has authorized the Department of Justice to enter into this Stipulation.

[2] In a title III case, Bankruptcy Code section 922 extends the self-executing provisions of Bankruptcy Code section 362 to, among other things, actions against officers and inhabitants of the debtor to enforce claims against the debtor. *See Order Pursuant to PROMESA Section 301(a) and Bankruptcy Code Sections 105(a), 362(a), 365, and 922 Confirming (I) Application of the Automatic Stay to Government Officers, Agents, and Representatives, (II) Stay of Prepetition Lawsuits, and (III) Application of Contract Protections* [ECF No. 543] ("For the avoidance of doubt, the protections of Bankruptcy Code section 922(a)(1) with respect to officers and inhabitants of the Debtors, as set forth in paragraph 4(a) [of the Order], apply in all respects to the Debtors' officers in both their

**WHEREAS**, under the Lift Stay Protocol, movants are required to (a) send notice (the "Lift Stay Notice") to counsel to the Oversight Board and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") to advise them of such movants' intent to seek relief from the Title III Stay at least fifteen (15) business days prior to filing a motion seeking such relief (the "Lift Stay Notice Period") and (b) meet and confer with the Commonwealth during the Lift Stay Notice Period;

**WHEREAS**, on November 12, 2021, Movants sent their Lift Stay Notice to the Oversight Board and AAFAF seeking relief from the Title III Stay to allow Movant to proceed with the Administrative Action and the action captioned *Alex F. Vargas Segarra, et. als. v. Commonwealth of Puerto Rico*, Civil Case No. ISCI2017-01070 (the "Dismissed Action"), which had been dismissed by the Puerto Rico Court of First Instance, Court of Mayagüez (the "Trial Court");

**WHEREAS**, on November 22, 2021, Movants filed the *Motion for Relief from Automatic Stay* [ECF No. 19336] (the "Motion"), requesting relief from the Title III Stay, to allow the Administrative Action and the Dismissed Action to proceed;

**WHEREAS**, on December 13, 2021, the Commonwealth filed its response (the "Response") to the Motion;

**WHEREAS**, after the filing of the Response, the Parties have resolved Movants' request for modification of the Title III Stay.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among Commonwealth and Movants, through their respective counsel, each of whom represent and warrant they possess the requisite authority to bind the respective parties hereto, as follows:

---

official and personal capacities with respect to actions whereby parties pursuing such actions seek to enforce claims against any of the Debtors.").

1. The Title III Stay is hereby modified solely to the limited extent necessary to allow: (i) the Administrative Action to proceed to final judgment before the CASP; and (ii) Movants to execute any judgment solely with respect Movants' request for re-entry and reinstatement; provided, however, that the Title III Stay shall continue to apply in all other respects to the Administrative Action, including, but not limited to, the execution and enforcement of any portion of any judgment for any claims for backpay, money damages and provisional remedies against the Commonwealth or any other Title III debtor; provided, further, that the Title III Stay shall continue to apply to the Dismissed Action in all respects.

2. Nothing contained in this Stipulation shall operate as a waiver or modification of the Title III Stay so as to permit the prosecution against the Commonwealth or any of the other Title III debtors of any claim or claims by anyone other than Movants as provided for herein and the Commonwealth reserves all rights, defenses, and protections with respect to any and all matters pending or that may arise in the Title III Case, including the treatment of any claim arising from the Administrative Action and the Dismissed Action under a plan of adjustment or otherwise in the Title III Case.

3. The Commonwealth and Movants each represent and warrant that they are properly and fully empowered to enter into and execute this Stipulation, that they know of no contractual commitment or legal limitation of, impediment to, or prohibition against their entry into this Stipulation, and that the Stipulation is legal, valid, and binding upon them.

4. Neither this Stipulation nor any statement made, action, or position taken, or document prepared or executed in connection with the negotiation, execution, or implementation of this Stipulation shall be deemed to be, or construed as, (a) an admission by any party of any liability, wrongdoing, act, or matter or that any claim or defense has or lacks merit; (b) a waiver

of the Commonwealth's rights to dispute, contest, setoff, or recoup any claim, including any claims asserted by Movants in the Administrative Action or the Dismissed Action, or assert any related rights, claims, or defenses and all such rights are reserved; (c) a waiver of Movants' or the Commonwealth's rights to determine and/or contest the applicability of a discharge to any judgment that may be issued in the Administrative Action pursuant to 11 U.S.C. § 944, as made applicable to these proceedings by virtue of PROMESA section 301(a); or (d) an approval or assumption of any agreement or contract between the Parties under Bankruptcy Code section 365.

5. Nothing in this Stipulation shall be deemed or construed as (a) creating or conferring any right upon any persons or entities (other than Movants as expressly provided in this Stipulation), or (b) evidence of any willingness or obligation on the Commonwealth's part to consent to any other or future modifications of or relief from the Title III Stay with respect to any persons or entities.

6. This Stipulation contains the entire agreement by and between the Parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation.

7. This Stipulation shall be construed and interpreted in accordance with the laws of Puerto Rico. For purposes of construing this Stipulation, neither of the Parties shall be deemed to have been the drafter of the Stipulation.

8. Electronic copies of signatures on this Stipulation are acceptable, and an electronic copy of a signature on this Stipulation is deemed an original. This Stipulation may be executed in counterparts, each of which is deemed an original, but when taken together constitute one and the same document.

4

9. This Stipulation may not be modified other than by a signed writing executed by the Parties hereto.

10. The District Court shall retain jurisdiction to hear any matters or disputes arising from or relating to this Stipulation.

11. This Stipulation shall be immediately effective and enforceable upon execution by the Parties hereto.

*[Remainder of Page Intentionally Left Blank]*

**IN WITNESS WHEREOF** and in agreement herewith, by and through their respective counsel, the Parties have executed and delivered this Stipulation as of the date first set forth above.

**DOMINGO EMANUELLI HERNÁNDEZ**
Secretary of Justice

/s/
**SUSANA I. PEÑAGARICANO BROWN**
USDC No. 219907
Deputy Secretary in Litigation
Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Phone: 787-721-2900 Ext. 1404
spenagaricano@justicia.pr.gov

*Attorney for the Commonwealth of Puerto Rico*

/s/
**JUAN C. BIGAS VALEDON**
USDC No. 215404
P.O. Box 7011
Ponce, Puerto Rico 00732-7011
Phone: (787) 259-1000
jcbigas@yahoo.com

*Attorney for Movants*