IN THE UNITED STATES DISTRICTCOURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUBLIC BUILDINGS AUTHORITY<br><br>*Debtors¹* | PROMESA<br>Title III<br><br>Case No. 17 BK 3283 – LTS<br>(Jointly Administered) |

**CREDIT UNIONS' JOINT ANSWER TO THE RESPONSE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD IN ACCORDANCE WITH ORDER REGARDING CERTAIN ASPECTS OF MOTION FOR CONFIRMATION OF MODIFIED EIGHTH AMENDED TITLE III JOINT PLAN OF ADJUSTMENT OF THE COMMONWEALTH OF PUERTO RICO, *ET AL***

**TO THE HONORABLE COURT**:

COME NOW, Cooperativa de Ahorro y Crédito Abraham Rosa, Cooperativa de Ahorro y Crédito de Ciales, Cooperativa de Ahorro y Crédito de Rincón, Cooperativa de Ahorro y Crédito Vega Alta, Cooperativa de Ahorro y Crédito Dr. Manuel Zeno Gandía, and Cooperativa de Ahorro y Crédito de Juana Díaz, through the undersigned attorney, (hereinafter, "the Credit Unions") and hereby jointly answer the Response of the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") in Accordance

---

¹ The Debtors in these Title III Cases, along with each debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283- LTS) (Last Four Digits of federal Tax ID: 3481); (ii) Puerto Rico Sales tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

with the Order Regarding Certain Aspects of the Motion for Confirmation of the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puert Rico, et al.

## I. PROCEDURAL BACKGROUND AND PROCEDURAL OBJECTIONS

1. On December 14, 2021, this Honorable Court entered an Order Regarding Certain Aspects of Motion for Confirmation of Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, *et al*, Docket No. 19517 (the "Order"), ordering the Debtors as follows:

> "to submit either (i) a proposal of modifications consistent with this Memorandum Order or (ii) a showing of cause as to why the motion for confirmation should not be denied in the absence of such modifications. Prior to such submission, the Oversight Board is directed to meet and confer with relevant parties in interest, including AAFAF, concerning these issues, and the Oversight Board's submission should include a statement as to whether and what extent changes to the Proposed Plan Materials are being made with those parties' consent. The Oversight Board is directed to file its submission by December 20, 2021. Parties in interest, including AAFAF, may submit responses by December 23, 2021".

2. At 00:05 hrs. on December 21st, 2021 the Oversight Board on behalf of the debtors filed a *Response of the Financial Oversight and Management Board in Accordance with Order Regarding certain Aspects of Motion for Confirmation of Modified Eight Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et. al..* Docket No. 19567. Thereafter, in the afternoon of December 21st, 2021 (at 13:47 hrs.) the Oversight Board submitted a "corrected response" of such filing. Docket No. 19574 (hereinafter, "the Oversight Board's response" or "the reponse") . The Credit Unions herein as creditors of the Commonwealth of Puerto Rico present their answer to the Oversight Board's response.

3. First, the Credit Unions object to the response as it was untimely filed ignoring the deadline imposed by this Honorable Court.

4. Moreover, although the Order expressly directs the Oversight Board to "meet and confer with relevant parties in interest, including AAFAF, concerning these issues, and the Oversight Board's submission should include a statement as to whether and what extent changes to the Proposed Plan Materials are being made with those parties' consent", the Credit Unions were never contacted by the Oversight Board nor by any of the Debtors prior to the filing of the Response and of other relevant modified documents. Therefore, the Credit Unions object to the same.

## II. RELEVANT PARTS OF THE ORDER ENTERED AT DOCKET NO. 19517

5. This Honorable Court's Order sustains that the Motion for Confirmation of Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico has preemption provisions that are "overly vague and/or broad and thus appear to be inconsistent with section 314(b)(3) of PROMESA and also they appear to be "too broad to the extent it purports to declare preempted the entirety of statutes that may not be focused solely on financial obligations, the application of funds, or other economic structures or measures."

6. Regarding the Treatment Of "Unsecured" Portions of Allowed Eminent Domain Claims and Treatment of Inverse Condemnation Claims, this Honorable Court's Order sustains, among other things, the following concerning the Per Se takings claims creditors:

> "The Per Se Creditors contend that their interests in just compensation are fully secured and, even if they are not secured, that they are nevertheless entitled to payment in full of their allowable unsecured Claims because the Claims are based on the Fifth Amendment of the U.S. Constitution. The issue presented by the

3

claimants is whether they are entitled to have the unsecured portions of their Claims designated as nondischargeable or otherwise required to be paid in full. It is undisputed that the Proposed Plan does not currently except the eminent domain and inverse condemnation Claims from discharge."

Docket No. 19517, at p.7

"the Court concludes, as to such "unsecured" eminent domain and inverse condemnation claims that are ultimately allowed, that the Proposed Plan as currently written is materially defective because the treatment of such claims would violate the Takings Clause of the Constitution of the United States."

Docket No. 19517 at p. 8.

7. Moreover, as to this particular issue this Honorable Court's Order further concludes as follows:

"Accordingly, the Court has concluded that the perse claims asserted by the Per Se creditors, to the extent they are ultimately allowed as such, are not subject to impairment or discharge, and that the Per Se Creditors' objections to confirmation should be sustained. The Proposed Plan's treatment of eminent domain and inverse condemnation claims is therefore in violation of the Takings Clause of the Constitution of the United States.

Docket No. 19517 at p. 14 (Footnote omitted).

### III. THE CREDIT UNIONS'S ANSWER TO THE MERITS OF THE RESPONSE

8. With regards to the merits of the arguments in the Response, the Credit Unions hereby adopt by reference as fully set forth herein all of their arguments expounded on Dockets No. 18594, 19221, 19395. Further, the Credit Unions porsit that the Oversight Board has not shown cause as to why the motion for confirmation at Docket No. should not be denied without the modifications ordered by this Honorable Court and the determinations made in the Order.

9. The Oversight Board's Response included a chart identifying the statutory provisions that Debtors contend are preempted, the basis for and duration of the

4

preemption, and record citations supporting the projected costs and inconsistencies between the statutes and the certified budgets, fiscal plan, and Plan. The laws that pertain to the Claims of the Credit Unions were not included in the response.

10. In regards to the analysis pondered by the Court in the Order concerning the treatment of "Unsecured Portions Of Allowed Eminent Domain Claims and Treatment of Inverse Condemnation Claims", the Debtors informed to this Honorable Court that the "Oversight Board is revising the Plan to provide full payment to allowed claims for eminent domain takings and inverse condemnation takings if the Court adheres to the views in its Memorandum Order and the confirmation order issued by the Court becomes final and no longer subject to review or *certiorari* proceedings".[2]

11. However, contrary to the Court's analysis that the Per Se claims are not subject to impairment or discharge, and that the Per Se Creditors' objections to confirmation should be sustained, the Oversight Board argues that the Fifth Amendment of the Constitution does not apply to prepetition unsecured claims and, therefore, can be impaired.

---

[2] On December 21, 2021, the Debtors filed a Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, *et al* to include in PROVISIONS GOVERNING DISTRIBUTIONS the following item:

> (e) Distributions with respect to Eminent Domain/Inverse Condemnation Claims: Except as otherwise provided herein, within ten (10) Business Days following the occurrence of a Final Order determining the validity and amount of just compensation attributable to an Eminent Domain/Inverse Condemnation Claim, the Disbursing Agent shall distribute, or cause to be distributed, to each holder of an Allowed Eminent Domain/Inverse Condemnation Claim, Cash in the amount of such Allowed Claim.

Case:17-03283-LTS Doc#:19600 Filed:12/23/21 Entered:12/23/21 18:49:28 Desc: Main
Document Page 6 of 8

12. As per the Credit Unions' complaints, filings, unopposed proof of claims and objections to the Plan, their claims constitute Per Se Takings Claims. The Credit Unions are Per Se takings Creditors, and as such their claims are not subject to impairment or reduction inasmuch as these are constitutionally protected by the Fifth and Fourteenth Amendments of the Constitution of the United States, that prohibit the taking of property without just compensation, and thus cannot be affected by the Congress' bankruptcy powers, pursuant to which PROMESA was enacted. The particular facts and situation giving rise to the Credit Unions per se takings clause claims were included in detail in the causes of action of adversary proceedings 18-00028 and 19-00389 pending to be adjudicated, and also in each of the credit unions proof of claims that were filed in the Commonwealth's case, which were not objected and are considered allowed.

13. Furthermore, the Credit Unions' adversary complaints, proof of claims and filings with this Honorable Court also confirm that material portions of the impairments caused to the Credit Unions'reserves and related losses and damages suffered as a result of the coercive regulatory actions of the Debtor are also postpetition takings claims, which the Oversight Board acknowledges are not subject to discharge nor impairment. Therefore, even if this Honorable Court were to concurr with the Oversight Board's position in the response distinguising prepetition and postpetition Fifth Amendment Claims, the Credit Unions' Fifth Amendment claims remain not subject to discharge nor impairment.

14. Based on the above, the Credit Unions respectfully assert that their claims are fully subject to the Court's analysis pursuant to which their claims constitute Per Se Takings Claims. The Credit Unions are Per Se Creditors, and as such their claims are not subject to

impairment or reduction inasmuch as these are constitutionally protected by the Fifth and Fourteenth Amendments of the Constitution of the United States.

### IV. RESERVATION OF RIGHTS

The Credit Unions appearing herein expressly reserve their rights to supplement, amend or modify this response, without in any way limiting any other rights that they may have. The Credit Unions further reserve their rights to object to the confirmation of the Plan of Adjustment or to any other subsequent or modified plan of adjustment, or to any other proposed Findings of Fact and Conclusions of Law in connection to the confirmation of the plan of adjustment on these same grounds or any additional grounds, as may be appropriate.

**WHEREFORE,** the appearing Credit Unions respectfully request from this Honorable Court to take notice of their position as stated herein and to deny the motion for confirmation as currently drafted; or in the alternative that this Honorable Court except their claims from discharge and impairment in the Order Confirming the Plan of Adjustment.

**RESPECTFULLY SUBMITTED.** In San Juan, Puerto Rico this 23rd day of December 2021.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, in accordance with Fed. R. Bankr. P. 9014(b), Fed. R. Bankr. P. 7004(b), and the Court's Fifteenth Amended Notice, Case Management and Administrative Procedures Order [ECF#17127 ] (the "CMP Order"), that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will

send notification of such filing to the parties appearing in said system including the US Trustee and to all those parties registered to receive notice within the electronic notification service.



*Attorneys for Credit Unions*
*PO Box*
*191757 San Juan,*
*PR 00919-1757*

*/s/ Enrique M. Almeida, Esq.*
***Enrique M. Almeida, Esq.***
*USDC-PR 217701*
*enrique.almeida@almeidadavila.com*

8