UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | PROMESA Title III |
| The Financial Oversight and Management Board for Puerto Rico, | No. 17 BK 3283 (LTS) |
| As representative of | (Jointly Administered) |
| The Commonwealth of Puerto Rico, the Employee Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority | |
| Debtors | |

**SUCESION PASTOR MANDRY MERCADO'S POSITION AS TO THE NOTICE OF FILING REVISED PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW IN CONNECTION WITH CONFIRMATION OF THE MODIFIED EIGHTH AMENDED TITLE III JOINT PLAN OF ADJUSTMENT OF THE COMMONWEALTH OF PUERTO RICO, ET AL (ECF NO. 1288) AND NOTICE OF FILING OF MODIFIED EIGHTH AMENDED TITLE III JOINT PLAN OF ADJUSTMENT OF THE COMMONWEALTH OF PUERTO RICO, ET. AL. (ECF NO. 1290).**

**TO THE HONORABLE COURT:**

Come Now, Oscar Adolfo Mandry Aparicio; María del Carmen Amalia Mandry Llombart; Selma Verónica Mandry Llombart; María del Carmen Llombart Bas; Oscar Adolfo Mandry Bonilla; Gustavo Alejandro Mandry Bonilla; Yvelise Helena Fingerhut Mandry; Margaret Ann Fingerhut Mandry; Victor Robert Fingerhut Mandry; Juan Carlos Esteva Fingerhut; Pedro Miguel Esteva Fingerhut; Mariano Javier McConnie Fingerhut; Janice Marie McConnie Fingerhut, Victor Michael Fingerhut Cochran; Michelle Elaine Fingerhut Cochran; Rosa Estela Mercado Guzmán: Eduardo José Mandry Mercado; Salvador Rafael Mandry Mercado; Margarita Rosa Mandry Mercado; Adrián Roberto Mandry Mercado (hereafter collectively designated as "Sucesión Pastor

Mandry Mercado or Suceción"), which doesn't include Javier Mandry Mercado :

1. On December 14, 2021, the Court entered an Order Regarding Certain Aspects of Motion for Confirmation of Modified Eight Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico Et Al., (the "Order") specifically addressing at pages 6 to 15, thereof the treatment of "Unsecured" Portions of Allowed Eminent Domain Claims and Treatment of Inverse Condemnation Claims (ECF No. 19517).

2. This Court specifically decided that it would not confirm the Modified Eight Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico et. al. dated November 28, 2021 (ECF No. 19365)( the "Plan") filed by the Financial Oversight and Management Board of Puerto Rico (the "Oversight Board") as sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") and the Puerto Rico Public Buildings Authority ("PBA" collectively with the Commonwealth and the ERS, the "Debtors"), pursuant to section 315(b) of the Puerto Rico Oversight Management and Economic Stability Act. ("PROMESA"), unless the holders of eminent domain claims were paid in full thereunder the just compensation for the taking of their real properties, as provided for by the Fifth Amendment to the Constitution of the United States of America (the "Takings Clause")

3. Therein, the Court addressed the treatment under the Plan of the "unsecured" portion of allowed eminent domain claims, and the absence of any appropriate treatment for allowed inverse condemnation claims, such as Sucesion's, excluded from Class 54 of the Plan, holding that the Plan was materially defective by not providing for full payment of the "unsecured portion of those claims considering that the Taking Clause prohibits the Debtors from impairing and discharging any obligation to provide" just compensation for the physical taking of private property for public use, finding that the Plan contravened section 314(b)(3) of PROMESA.

2

4. Without distinguishing between allowed direct and inverse condemnation claims, the Court concluded that the Plan as written was materially defective because their treatment violates the Takings Clause, underscoring that the Takings Clause mandates a remedy of "just compensation" in the event that "private property [e]'s taken for public use. In referring to *Knick v. Twp. Of Scott,* 139 s.ct. 2172 (2019), the Court emphasized that the Supreme Court has stated that "[t]he Fifth Amendment right to full compensation arises at the time of the taking, meaning, as held in *Jacobs v. United States*, 290 U.S. 13 (1933), that the owner of the condemned land is entitled to compensation as if it had been paid contemporaneously with the taking, that is the compensation must generally consist of the total value of the real property taken, plus interest from that time.

5. With the above in mind, the Court concluded that the eminent domain claims asserted, to the extent they are ultimately allowed[1] as such, are not subject to impairment or discharge, understood by Sucesión to mean that they are to be paid in full under the Plan, as to which the Oversight Board represented to the Court having available funds to do so.

6. On December 20, 2021, the Oversight Board, purporting to comply with the Order, filed a Notice of Filing Revised Proposed Findings of Fact and Conclusions of Law in Connection with Confirmation of the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al (ECF No. 1288) and Notice of Filing of Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.(ECF No. 1290).

7. Notwithstanding the clear language of the Order, the Plan at Article 1 Section 1.12

---

[1] This can only mean as to those eminent domain claims which are still in process before the Courts of the Commonwealth are allowed thereby by a final and unappealable judgment as is the case of Sucesión whose claim as adjudicated in its favor by the Court of First Instance of Puerto Rico, Superior Section of Ponce and affirmed by Puerto Rico's Court of Appeals, is on appeal by the Commonwealth to Puerto Rico's Supreme Court it certainly can't mean a second round before this Court

seeks to couple a direct Eminent Domain Claims with Inverse Condemnation Claims which by their origins are totally different and should be defined as such, complicated by unnecessarily adding to the reference to inverse condemnation claims, not once but twice, the word asserted, which means "state of fact of belief confidently and forcefully". Inverse condemnation claims are simply those arising from a taking of a real property by the government for public use without paying for it, forcing the property owner to sue the government for such taking and being entitled to the allowed just compensation for the value of the property, as of the time of the taking, plus interest thereon, awarded by a final and unappealable judgment of a court of the Commonwealth of Puerto Rico. There is no need to add confusion to what is simple.

8. Moreover, the Eminent Domain/Inverse Condemnation Claims are classified with CW General Unsecured Claims, which they are not, and not separately therefrom as they should with the qualification of "unless the Confirmation Order, to the extent of Final Order, or the conclusions of law entered in respect of the Plan provide that such claims must be paid in full to the extent they are Allowed Claims for just compensation", language which is again repeated in a confusing manner contravening the express terms of the Order as to their entitlement to be paid in full under the Plan, which the Plan fails to do by lumping eminent domain claims with general unsecured claims as part of the GUC Reserve (See Article 1 Section 1.285 of the Plan)

9. In perhaps a futile effort to comply with the Order, Debtors at Article LVIII of the Plan notwithstanding continue to great confusion as to a matter which the Order simplified. Here the Oversight Board provides for relief from stay to liquidate Eminent Domain/Inverse Condemnation Claims, leave which Sucesión has already obtained from this Court, subject to the confirmation of the judgment of the Commonwealth Court of Appeals by Puerto Rico's Supreme Court in the pending appeal and repeats that upon final liquidation thereof it is to be paid as a general unsecured creditor in Class 58 "unless the Confirmation Order or the conclusions of law

4

in respect of the Plan provides such Claims must be paid in full to the extent they are Allowed Claims for just compensation, in which case, upon both orders becoming a Final Order and upon the occurrence of a Final Order determining the validity and amount of just compensation attributable to an Eminent Domain/Inverse Condemnation Claim, the holder of an Allowed Eminent Domain/Inverse Condemnation Claim shall be entitled to receive, in full consideration, satisfaction, release, and exchange of such holder's unpaid balance of its Allowed Eminent Domain/Inverse Condemnation Claim in cash, one hundred percent (100%) of such Allowed Eminent Domain/Inverse Condemnation Claim.

10. This is the mastery of confusion and an unforgivable effort circumvent to the Order, which can only be justified under the optic of never putting an end to Debtors Title III cases by fomenting and causing lasting litigation.

11. Sucesión's claim has been liquidated and allowed by the Court of First Instance and Puerto Rico's Court of Appeals. It is pending the decision by the Supreme Court of Puerto Rico on the appeal recently initiated by the Commonwealth. If the decision of the Court of Appeals is confirmed by the Supreme Court all that has to be done is to compute the interest awarded as of the date of the taking. Sucesión's claim has not been objected to and is thus deemed allowed. It appears that the Oversight Board is suggesting that the Court passes again as to what could be confirmed by the highest court of the Commonwealth of Puerto Rico. Once an Eminent Domain or Inverse Condemnation Claim is finally adjudicated by the Courts of the Commonwealth of Puerto Rico and the interest thereon is computed, that is the allowed amount constitutionally sanctioned claim under the Takings Clause and there is nothing further to do or litigate.

12. Further confusion is created by including payment to Eminent Domain in Article LXXVII Section 77.1(e) where the Plan reads, [e]xcept as otherwise provided herein", without stating what", within ten (10) Business Days following the occurrence of a Final Order determining

5

the validity and amount of just compensation attributable to an Eminent Domain/Inverse Condemnation Claim, the Disbursing Agent shall distribute, or cause to be distributed, to each holder of an Allowed Eminent Domain/Inverse Condemnation Cash in the amount of such Allowed Claim.

13. The aforesaid follows in Article LXXXI(b) opening the door to long lasting controversies of claims adjudicated in full by Puerto Rico's judicial system.

**Wherefore**, due to the Oversight Board's disregard of the clear provisions of the Order by treating in a fractioned and disorderly manners the Eminent Domain/Inverse Condemnation Claims, creating confusion and opening the door to long lasting unnecessary controversies and litigation at the expense of the citizens of Puerto Rico, an order should be entered denying the confirmation of the Plan or otherwise directing the Oversight Board without further ado to abide by the Order in a simple and straight forward manner, as indicated herein..

**CERTIFICATE OF SERVICE**: I hereby certify that on this date, I electronically filed the foregoing motion with the Clerk of the Court using the EM/ECF system, which will send a notification to all attorneys of record.

**RESPECTFULLY SUBMITTED**.

San Juan, Puerto Rico, this 23rd day of December 2021

*s/*CHARLES A. CUPRILL-HERNÁNDEZ
**USDC-PR 114312**
Charles A. Cuprill, P.S.C. Law Offices Counsel
for Sucesión Pastor Mandry Mercado
356 Fortaleza Street, Second Floor
San Juan, PR 00901
Tel.: 787-977-0515
Fax: 787-977-0518
E-mail:

6