UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

**THE PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY'S REPLY TO THE RESPONSE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD IN ACCORDANCE WITH ORDER REGARDING CERTAIN ASPECTS OF MOTION FOR CONFIRMATION OF MODIFIED EIGHTH AMENDED TITLE III JOINT PLAN OF ADJUSTMENT OF THE COMMONWEALTH OF PUERTO RICO, *ET AL.*__**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 847), (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747), and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523 (LTS)) (Last Four Digits of Federal Tax ID: 3801).

To the Honorable United States District Judge Laura Taylor Swain:

The Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), through undersigned counsel, hereby submits this reply (the "Reply") to the *Response of the Financial Oversight and Management Board in Accordance with Order Regarding Certain Aspects of Motion for Confirmation of Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, filed on December 20, 2021 [ECF No. 19567] (the "Response"), and respectfully states as follows:[2]

## PRELIMINARY STATEMENT

1. The Oversight Board continues to insist on using Title III of PROMESA to address fiscal plan measures that are properly addressed under PROMESA Title I and Title II. The Board's latest (and arguably most heavy-handed) attempt to conflate the Title III debt restructuring process with the Title II budgetary process is reflected in the Board's newly-contrived condition that the Plan can only go effective if Acts 80, 81, and 82 and Joint Resolution 33 (collectively, the "August 2020 Laws") are preempted or nullified.[3] This Court should not allow such a condition to be inserted in the Plan at this late stage, particularly when doing so is nothing more than a thinly-veiled attempt by the Board to short-circuit the Title II process and predetermine its outcome. The August 2020 Laws should be evaluated in accordance with PROMESA Titles I and II (applying the standards previously articulated by this Court), without the manufactured threat that the entire Plan falls apart if this Court rules in favor of the Government and upholds duly enacted Commonwealth law.

---

[2] Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Response.

[3] *See Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al., dated December 20,* 2021 [ECF No. 19658] (Dec. 20, 2021) (the "Plan").

2

2.	The Board's misguided attempt to use Title III to do the work of Title II is also seen in the Board's proposal to preempt laws that impose obligations on non-Debtor entities. In response to the Court's inquiry as to how this is permissible, the Board states that "[p]repetition Commonwealth laws which purport to authorize spending outside an Oversight Board-certified Budget . . . contradict this budgeting power, and thus are expressly preempted as inconsistent with PROMESA." Response ¶ 14. But again this is not a Plan issue. To the extent the Board is seeking to preempt laws that do not relate to a debt or other obligation restructured by the Plan (including obligations of non-Debtors), there is no basis to use Title III to effectuate such preemption.

3.	Finally, although the Board clarifies in the Response that "that they do not request an order broadly prohibiting enactment of new laws that re-create old preempted laws," Response at ¶ 16, the revised Plan and Confirmation Order do not reflect this clarification. To properly do so, the Plan and Confirmation Order should confirm that any future claim that a newly enacted statute is preempted must be on notice with an opportunity for the Government to be heard. The Board should not be permitted to add any Puerto Rico laws to the list of preempted statutes at will (or argue that such laws were implicitly included), as it did with the August 2020 Laws.

4.	For all of these reasons, this Court should not allow the Board to use Title III to take away protections and powers reserved to the Government under PROMESA Title I and Title II, particularly where there are specific guardrails under such Titles that preserve PROMESA's unique balance of power between the Board and the Government. The Government supports ending these Title III cases and is working expeditiously to put in place everything required for the Plan's effectiveness, but the Plan that is confirmed should be modified to (i) eliminate the newly concocted condition precedent regarding the preemption or nullification of the August 2020 Laws, (ii) amend the preemption provisions consistent with this Reply, and (iii) provide that any

3

claim that a newly enacted statute is preempted must be on notice with an opportunity for the Government to be heard.

## REPLY

### A. The Validity of the August 2020 Laws Should be Determined Exclusively Under Title II, And Not Linked to the Plan

5. On the eve of concluding the Commonwealth's confirmation proceedings, the Oversight Board announced it was adding the August 2020 Laws to the statutes purportedly preempted by the Plan. In doing so, the Board sought to bypass PROMESA section 204 and the well-established process for invalidating newly enacted Commonwealth laws (which process guarantees the Government the right to access the judicial system to defend its laws).[4] The Government objected to the Board's attempt to preempt the August 2020 Laws in this manner, particularly given the lack of notice and absence of any evidentiary record to support the proposed preemption.[5] This Court agreed, concluding that the:

> Oversight Board's addition of Act 80-2020, Act 81-2020, and Act 82-2020 to the amended list of preempted statutes in the Proposed Plan Materials occurred after the close of evidence at the Confirmation Hearing, and thus the Court finds little factual basis in the record for inclusion of those statutes in any list of preempted statutes.[6]

6. Instead of removing the August 2020 Laws from the preempted statues list, the Board doubled-down. It now seeks not only to keep such laws on the preempted statues list, but

---

[4] *See, e.g., The Fin. Oversight & Mgmt. Bd. for P.R. v. Pierluisi Urrutia (In re The Fin. Oversight & Mgmt. Bd. for P.R.)*, Adv. Proc. No. 21-00072-LTS, 2021 WL 4768715, at *8 (D.P.R. Oct. 13, 2021) ("The ultimate determination of whether [a Commonwealth law] violates PROMESA, and whether nullification is the appropriate remedy, is one for the Court to make."); *Vázquez Garced v. The Fin. Oversight & Mgmt. Bd. for P.R. (In re The Fin. Oversight & Mgmt. Bd. for P.R.)*, 511 F.Supp.3d 90, 121 (D.P.R. 2020) (concluding that an arbitrary and capricious standard applies to the Court's review of the Oversight Board's determinations under section 108(a)(2)).

[5] *See The Puerto Rico Fiscal Agency and Financial Advisory Authority's Objection to the Inclusion of Acts 80, 81, and 82 on Exhibit C to the Revised Proposed Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al*. [ECF No. 19319] (Nov. 20, 2021).

[6] *See Order Regarding Certain Aspects of Motion for Confirmation of Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al*. [ECF No. 19517] (Dec. 14, 2021) at 5.

also make the preemption or nullification of such statutes a condition to the Plan's effectiveness. This is both inappropriate and wholly unnecessary. The August 2020 Laws do not directly pertain to any claims restructured under the Plan and should be addressed outside of the Title III process entirely. Moreover, a process for addressing these laws is already underway. On December 20, 2021, the Board filed an adversary proceeding against the Government to nullify these laws in accordance with PROMESA Titles I and II's carefully prescribed invalidation process. While the Government may disagree with the merits of this suit (or the need to file this suit at all since AAFAF has agreed that such laws will not be implemented if they do "not result in net savings to any particular agency or instrumentality"[7]), the Government appreciates that this is how PROMESA operates: if the Governor has certified a law as "not significantly inconsistent" with the fiscal plan and the Board is not satisfied with that conclusion, the Board can seek a court order to rescind such law under PROMESA section 204(a). What is unacceptable, and contrary to PROMESA's purpose and design, is the Board's eleventh-hour attempt to predetermine the outcome of the Title II process via the Plan. The Court should reject the Board's efforts to tie the Government's hands (and the hands of this Court) by conditioning the Plan's fate on matters entirely outside Title III's purview.

7. The Board also devotes a substantial portion of the Response to arguing that the August 2020 Laws should not give rise to administrative expense claims. *See* Response at ¶¶ 4-13. This argument underscores the Board's strained attempt to make the resolution of the August 2020 Laws an issue that must be resolved in the Plan context prior to the Plan's effectiveness. The

---

[7] *See* Government's December 19, 2021 letter to the Oversight Board, attached as Exhibit 44 to the *Financial Oversight and Management Board for Puerto Rico's Complaint in Respect of Acts 80, 81, 82, and Joint Resolution 33 Against the Governor of Puerto Rico, the Puerto Rico Fiscal Agency and Financial Advisory Authority, the Administrator of the Retirement System for Employees of the Government of Puerto Rico, the Executive Director of the Government of Puerto Rico Retirement Board, and the Director of the Office of Management and Budget* [Adv. Proc. 21-00119, ECF No. 1] (Dec. 20, 2021).

undisputed facts here tell a different story. These laws have not been implemented (and AAFAF has agreed not to do so unless savings can be achieved), meaning that, as of today, no public sector employee has accrued benefits or other rights under these laws. Moreover, AAFAF has not asserted an administrative expense claim on any employee's behalf under these laws. Thus, to AAFAF's knowledge, these statutes have not resulted in claims that need to be addressed in Title III.

8. Accordingly, for all of the above reasons, the validity of the August 2020 Laws should be determined exclusively in the context of the Board's suit to invalidate these laws under Titles I and II of PROMESA and the Board's inappropriate attempt to condition its success in such litigation to the effectiveness of the Plan should be rejected.

**B. The Plan's Preemption Provisions Should Not Pertain to Obligations of Non-Debtors or to Budgetary Matters That Do Not Implicate Claims Subject to the Plan**

9. The Board's position on the preemption of laws pertaining to the obligations of non-Debtors again demonstrates the fundamental flaw in the Board's view of how Title II and Title III function. Here, the Board argues that the Commonwealth and all covered territorial instrumentalities, "including non-Debtors, [are] within the Oversight Board's budgeting power" and thus "Commonwealth laws, including with respect to non-Debtor covered territorial instrumentalities, are preempted to the extent they would impose payment obligations and appropriations outside of any Oversight Board-certified Budget or fiscal plan." *See* Response ¶ 14. In other words, the Board views its budgetary powers under Title II and the ability to preempt laws under a Title III plan of adjustment as interchangeable. The Government disagrees. Title III deals with the permanent restructuring of prepetition debts of Title III Debtor entities. This is separate and apart from the Board's ability to annually set a budget for the Commonwealth and certain public corporations and instrumentalities under Title II.

6

10. The fallacy in the Board's preemption theory is also illustrated by its proposed preemption of laws that involve intergovernmental funding, but which have no bearing on a claim or other obligation subject to the Plan. For example, the Board seeks to preempt Act 147 (23 L.P.R.A. § 104), which appropriates 4.0% of the General Fund revenue to the Judicial Branch. The Board seeks to preempt this statute on the basis that it "imposes payment obligations and appropriations outside of any Oversight Board-certified budget or fiscal plan." Response at 72. But how is this a Title III issue? There is no claim created by Act 147 that is subject to the Plan. Instead, this is a classic budgetary matter that should be addressed under Title II on an annual basis. Each year that the Board remains in existence, it can decide whether or not to fund the Judiciary Branch (which it has every year to date given the operational necessity of doing so). If in the future, the Board elects not to fund the Judiciary Branch and the Government objects, this is a matter to be addressed in the Title II context. There is no basis to use the Plan as a means to permanently preempt laws (or even temporarily preempt laws for so long as the Board remains in existence), when such laws do not implicate claims subject to the Title III restructuring process.

**C. The Plan and Confirmation Order Should Clarify the Scope of Preemption**

11. In light of the Board's recent attempts to undermine the Section 204(a) process by adding new statutes to the preempted statutes list at the last moment, the final Plan and Confirmation Order should include a provision that requires any additional changes or implicit assertions of preemption to be made on notice with an opportunity to be heard. The Board should not be permitted to add any Puerto Rico laws to the list of preempted statutes at will without expressly stating so prior to entry of the final Confirmation Order.

**CONCLUSION**

12. For these reasons, the Court should modify the Plan to (i) eliminate the condition precedent regarding the preemption or nullification of the August 2020 Laws, (ii) amend the

7

preemption provisions consistent with this Reply, and (iii) provide that any claim that a newly enacted statute is preempted must be on notice with an opportunity for the Government to be heard.

[*Remainder of page intentionally left blank*]

Dated: December 23, 2021
       San Juan, Puerto Rico

Respectfully submitted,

| **O'MELVENY & MYERS LLP** | **MARINI PIETRANTONI MUÑIZ LLC** |
|---|---|
| */s/ John J. Rapisardi* | */s/ Luis C. Marini-Biaggi* |
| John J. Rapisardi | Luis C. Marini-Biaggi |
| Peter Friedman | USDC No. 222301 |
| Maria J. DiConza | Carolina Velaz-Rivero |
| Matthew P. Kremer | USDC No. 300913 |
| (Admitted *Pro Hac Vice*) | 250 Ponce de León Ave., Suite 900 |
| 7 Times Square | San Juan, Puerto Rico 00918 |
| New York, NY 10036 | Tel: (787) 705-2171 |
| Telephone: (212) 326-2000 | Fax: (787) 936-7494 |
| Facsimile: (212) 326-2061 | |
| Email: jrapisardi@omm.com | *Attorneys for the Puerto Rico Fiscal Agency* |
|        pfriedman@omm.com | *and Financial Advisory Authority* |
|        mdiconza@omm.com | |
|        mkremer@omm.com | |

*Attorneys for the Puerto Rico Fiscal Agency
and Financial Advisory Authority*