UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

```
-------------------------------------------------------------------------- x
                                                                           :
In re:                                                                     :
                                                                           :
THE FINANCIAL OVERSIGHT AND                                                :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                          :   Title III
                                                                           :
        as representative of                                               :   Case No. 17-BK-3283 (LTS)
                                                                           :
THE COMMONWEALTH OF PUERTO RICO, et al.,                                   :   (Jointly Administered)
                                                                           :
        Debtors.¹                                                          :
-------------------------------------------------------------------------- x
```

**RESERVATION OF RIGHTS OF OFFICIAL COMMITTEE OF
UNSECURED CREDITORS REGARDING MODIFIED EIGHTH AMENDED
TITLE III JOINT PLAN OF ADJUSTMENT OF COMMONWEALTH OF
PUERTO RICO, *ET AL.*, DATED DECEMBER 20, 2021**

To the Honorable United States District Judge Laura Taylor Swain:

The Official Committee of Unsecured Creditors (the "Committee")² respectfully files this reservation of rights (the "Reservation of Rights") regarding the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, dated December 20, 2021 [Docket No. 19568] (the "Modified Plan").³ In support of this Reservation of Rights, the Committee respectfully states as follows:

---

1   The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233 (LTS)) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

2   The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

3   Capitalized terms used but not defined herein have the meanings set forth in the Modified Plan.

## **RESERVATION OF RIGHTS**

1. The Oversight Board filed the Modified Plan in response to this Court's *Order Regarding Certain Aspects of Motion for Confirmation of Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, dated December 14, 2021 [Docket No. 19517] (the "December 14 Order") and to address, among other things, the Court's ruling that eminent domain and inverse condemnation claims "to the extent they are ultimately allowed as such, are not subject to impairment or discharge." While the Oversight Board has filed a response [Docket No. 19567] seeking to persuade the Court that such claims should not be excepted from discharge, the Modified Plan now provides that in the event the Confirmation Order, to the extent a Final Order, determines that Eminent Domain/Inverse Condemnation Claims must be paid in full to the extent they are Allowed Claims for just compensation, then such claims will receive the modified treatment in Class 54—namely payment of Cash in the amount of "one hundred percent (100%) of such Allowed Eminent Domain/Inverse Condemnation Claim." Modified Plan § 58.1.[4]

2. Consistent with this new treatment, the Modified Plan adds a new Section 77.1(e), which provides that:

> [e]xcept as otherwise provided herein, within ten (10) Business Days following the occurrence of a Final Order determining the validity and amount of just compensation attributable to an Eminent Domain/Inverse Condemnation Claim, the Disbursing Agent shall distribute, or cause to be distributed, to each holder of an Allowed Eminent Domain/Inverse Condemnation Claim, Cash in the amount of such Allowed Claim.

---

[4] The Modified Plan defines "Eminent Domain/Inverse Condemnation Claim" as a "Claim arising from or related to (a) an Eminent Domain Proceeding and a Final Order entered therein for an amount in excess of the amount deposited by the condemnor in accordance with the terms and provisions of 32 L.P.R.A. §2907, including, without limitation, interest accrued with respect thereto or (b) an asserted inverse condemnation of property caused by an asserted taking of property for public use by one of the Debtors without due process of law and without having received just compensation, including, without limitation, through the imposition of development restrictions or use limitations.

Modified Plan § 72.1(e).

3. At the same time, the Modified Plan makes clear that the newly defined Eminent Domain/Inverse Condemnation Claims are <u>not</u> CW General Unsecured Claims receiving treatment in Class 58 in the event that "the Confirmation Order, to the extent a Final Order, or the conclusions of law entered in respect of the Plan provide that such claims must be paid in full to the extent they are Allowed Claims for just compensation." Modified Plan § 1.178. This should be contrasted with the prior version of the plan, which provided that, in all instances, Eminent Domain Claims, in excess of accounts on deposit with the Clerk of the Court of First Instance, were included in CW General Unsecured Claims.

4. The Committee is in agreement with the Oversight Board that Eminent Domain/Inverse Condemnation Claims should be excluded from CW General Unsecured Claims if it is determined that such Claims are entitled to payment in full to the extent they are Allowed Claims for just compensation.

5. The Committee nevertheless files this Reservation of Rights to address a few drafting issues with the Modified Plan. For one, as the Committee already brought to the Oversight Board's attention, the new language in the definition of "CW General Unsecured Claim" should be clarified as follows:

> . . . "CW General Unsecured Claim" shall not include . . . (k)~~;~~ an Eminent Domain/Inverse Condemnation Claim in the event **it**~~an Eminent Domain/Inverse Condemnation Claim~~ is determined pursuant to the Confirmation Order, to the extent a Final Order, or the conclusions of law entered in respect of the Plan provide that such Claim~~s~~ must be paid in full to the extent **it is an**~~they are~~ Allowed Claim~~s~~ for just compensation, . . .

6. In addition, the Committee notes that there are a few stray references to "Eminent Domain Claims"—a term that is no longer defined in the Modified Plan and which has been

3

replaced by the new term "Eminent Domain/Inverse Condemnation Claims." Of particular note, the definition of "GUC Reserve" continues to read as follows:

> The reserve to be created on or prior to the Effective Date, and held by an independent, non-Commonwealth government entity selected jointly by the Oversight Board and the Creditors' Committee, solely for the benefit of holders of Allowed CW General Unsecured Claims and Allowed Eminent Domain Claims (to the extent such Allowed Eminent Domain Claims exceed amounts on deposit with the Clerk of the Court of First Instance).

Modified Plan § 1.285.

7. The Committee submits that the definition of "GUC Reserve" should be aligned with the other changes in the Modified Plan, including that Eminent Domain/Inverse Condemnation Claims are excluded from CW General Unsecured Claims if the Confirmation Order, to the extent a Final Order, determines that such Claims must be paid in full to the extent they are Allowed Claims for just compensation. In particular, the Committee proposes that the defined term "GUC Reserve" be revised as follows:

> The reserve to be created on or prior to the Effective Date, and held by an independent, non-Commonwealth government entity selected jointly by the Oversight Board and the Creditors' Committee, solely for the benefit of holders of **(a)** Allowed CW General Unsecured Claims and **(b)** Allowed Eminent Domain/**Inverse Condemnation** Claims (to the extent such Allowed Eminent Domain/**Inverse Condemnation** Claims exceed amounts on deposit with the Clerk of the Court of First Instance) **unless the Confirmation Order, to the extent a Final Order, or the conclusions of law entered in respect of the Plan provide that such claims must be paid in full to the extent they are Allowed Claims for just compensation**.

8. The same conforming changes should be made in Sections 62.2 and 62.3—again, to make clear that the GUC Reserve is available to satisfy only CW General Unsecured Claims (which, as noted above, does not include Eminent Domain/Inverse Condemnation Claims in the event it is determined that such Claims must be paid in full to the extent they are Allowed Claims for just compensation).

4

9. To the extent the Oversight Board takes the position that the above clarification changes are somehow not consistent with the various other changes in the Modified Plan, the Committee requests that the Oversight Board immediately clarify its intentions regarding the treatment of Eminent Domain/Inverse Condemnation Claims. The Committee reserves all its rights in this regard.

[*Remainder of page intentionally left blank.*]

| | |
|---|---|
| Dated: December 23, 2021 | By: */s/ Luc A. Despins* |

PAUL HASTINGS LLP
Luc A. Despins, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

By: */s/ Juan J. Casillas Ayala*

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, Puerto Rico 00919-5075
Telephone: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
crernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*