UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**INFORMATIVE MOTION OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD REGARDING (I) OBJECTIONS TO RESPONSE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD IN ACCORDANCE WITH ORDER REGARDING CERTAIN ASPECTS OF MOTION FOR CONFIRMATION OF MODIFIED EIGHTH AMENDED TITLE III JOINT PLAN OF ADJUSTMENT OF THE COMMONWEALTH OF PUERTO RICO, ET AL., AND (II) LIST OF PREEMPTED STATUTES IN THE PROPOSED PLAN AND CONFIRMATION ORDER**

To the Honorable United States District Court Judge Laura Taylor Swain:

    The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA," and together with the Commonwealth, and ERS, the "Debtors"), pursuant to section 315(b) of the *Puerto Rico Oversight, Management,*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

and Economic Stability Act ("PROMESA"),[2] respectfully submits this informative motion (the "Informative Motion") to (i) provide clarification with respect to certain revisions made to the Plan[3] in connection with the *Response of the Financial Oversight and Management Board in Accordance with Order Regarding Certain Aspects of Motion for Confirmation of Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF Nos. 19567, 19574] (the "FOMB Response") and the *Order Regarding Certain Aspects of Motion for Confirmation of Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 19517] (the "Memorandum Order"), and respond to related issues raised by certain of the Objections (as defined below), and (ii) provide an update to the Court regarding the list of preempted statutes annexed to the Plan and Proposed Confirmation Order as Exhibit K and Exhibit C, respectively, in light of the entry of the *Stipulation and Order Resolving Oversight Board Complaint Dated December 20, 2021 Concerning Acts 80-2020, 81-2020, and 82-2020 and Joint Resolution 33-2021* [ECF No. 6 in Adv. Proc. No. 21-00119] (the "Stipulation").[4]

**Clarification of Treatment of Eminent Domain
and Inverse Condemnation Claims in the Plan**

1. On December 14, 2021, the Court entered the Memorandum Order identifying the Court's views and certain relevant issues in connection with the Debtors' Proposed Plan Materials, and inviting the Debtors to propose modifications consistent with the Memorandum Order or to show cause why the motion for confirmation should not be denied in the absence of such

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3] Capitalized terms used herein but not otherwise defined shall have the meaning given to them in the Memorandum Order or the FOMB Response, as applicable.

[4] The Oversight Board's omission of any response to arguments raised in the Objections shall not be deemed a waiver of any rights, arguments, and defenses of the Oversight Board, which the Oversight Board expressly reserves.

modifications. On December 21, 2021, the Oversight Board filed the FOMB Response in accordance with the Memorandum Order, the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, dated December 20, 2021 [ECF No. 19568] (the "Plan"), a revised Proposed Confirmation Order [ECF No. 19571], and a revised Proposed FFCL [ECF No. 19570].

2. On December 22 and 23, 2021, the following objections to the FOMB Response were filed (collectively, the "Objections"):[5]

| ECF No. | Document | Party |
|---|---|---|
| 19586 | *Reply of International Union, UAW and Service Employees International Union to Response of Financial Oversight and Management Board to the Court's December 14, 2021 Order* | International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW) and Service Employees International Union |
| 19597 | *Opposition to Debtors' Corrected Response, Proposed Amendment to Plan and Complementary Documents* (the "PFZ Objection") | PFZ Properties, Inc. ("PFZ") |
| 19599, 19616 | *Response to the Court's Order #19517, and Response and Objection to Debtors' Position on Issues Presented in the Court's Order #19517 (#19574) and to Debtors' Further Revised Modified Eighth Amended Plan (#19572 and #19568), Proposed Order and Judgment Confirming Plan (#19571) and Proposed Findings of Fact and Conclusion of Law (#19570) (Filed by Individual GO /PBA Bondholder, Peter C. Hein)* (the "Hein Objection") | Peter C. Hein ("Hein") |

---

[5] The Official Committee of Unsecured Creditors also filed its *Reservation of Rights of Official Committee of Unsecured Creditors Regarding Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al, Dated December 20, 2021* [ECF No. 19609], proposing certain non-substantive revisions, which will be incorporated in a further modified Plan.

3

| ECF No. | Document | Party |
|---|---|---|
| 19600 | *Credit Unions' Joint Answer to the Response of the Financial Oversight and Management Board in Accordance with Order Regarding Certain Aspects of Motion for Confirmation of Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*<br><br>(the "Credit Unions' Objection") | Cooperativa de Ahorro y Crédito Abraham Rosa, Cooperativa de Ahorro y Crédito de Ciales, Cooperativa de Ahorro y Crédito de Rincón, Cooperativa de Ahorro y Crédito Vega Alta, Cooperativa de Ahorro y Crédito Dr. Manuel Zeno Gandía, and Cooperativa de Ahorro y Crédito de Juana Díaz (collectively, the "Credit Unions") |
| 19601 | *Objection to Confirmation of Mofied [sic] Eghth [sic] Plan of Adjustment Dated December 20, 2021 Dkt. 19,568* | Suiza Dairy Corp. ("Suiza") |
| 19602 | *Objection to Proposed Confirmation Order at Dkt. No. 19,571* | Suiza Dairy Corp. |
| 19603 | *Objection to Motion in Response to Order Filed by the FOMB at Dkt. No. 19,574* | Suiza Dairy Corp. |
| 19604 | *Objection to Proposed Findings of Fact and Conclusions of Law at Dkt. No. 19,570*<br><br>(together with ECF Nos. 19601, 19602, 19603, the "Suiza Objections") | Suiza Dairy Corp. |
| 19605 | *Sucesion Pastor Mandry Mercado's Position as to the Notice of Filing Revised Proposed Findings of Fact and Conclusions of Law in Connection with Confirmation of the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al (ECF No. 1288) and Notice of Filing of Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et. al. (ECF No. 1290)*<br><br>(the "Mercado Objection") | Oscar Adolfo Mandry Aparicio; María del Carmen Amalia Mandry Llombart; Selma Verónica Mandry Llombart; María del Carmen Llombart Bas; Oscar Adolfo Mandry Bonilla; Gustavo Alejandro Mandry Bonilla; Yvelise Helena Fingerhut Mandry; Margaret Ann Fingerhut Mandry; Victor Robert Fingerhut Mandry; Juan Carlos Esteva Fingerhut; Pedro Miguel Esteva Fingerhut; Mariano Javier McConnie Fingerhut; Janice Marie McConnie Fingerhut, Victor Michael Fingerhut Cochran; Michelle Elaine Fingerhut Cochran; Rosa Estela |

4

| ECF No. | Document | Party |
|---|---|---|
|  |  | Mercado Guzmán; Eduardo José Mandry Mercado; Salvador Rafael Mandry Mercado; Margarita Rosa Mandry Mercado; Adrián Roberto Mandry Mercado (collectively, "Mercado") |
| 19606 | *Objection to Response of the Financial Oversight and Management Board in Accordance with Order Regarding Certain Aspects of Motion for Confirmation of Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al, at Docket No. 19567 (Corrected at Docket No. 19574)* | Federación de Maestros de Puerto Rico, Inc., Grupo Magisterial Educadores(as) por la Democracia, Unidad, Cambio, Militancia y Organización Sindical, Inc., and Unión Nacional de Educadores y Trabajadores de la Educación, Inc. |
| 19607 | *The Puerto Rico Fiscal Agency and Financial Advisory Authority's Reply to the Response of the Financial Oversight and Management Board in Accordance with Order Regarding Certain Aspects of Motion for Confirmation of Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*<br><br>(the "AAFAF Reply") | Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") |
| 19608 | *Omnibus Objection to Corrected Response to Order to Show Cause; Modified Eighth Amended Title III Plan of Adjustment; and Proposed Findings of Facts and Conclusions of Law in Connection with Confirmation of Plan of Adjustment*<br><br>(the "Finca Objection") | Finca Matilde, Inc. ("Finca") |
| 19610 | *Joinder of Creditor El Ojo de Agua Develpmet [sic], Inc. to Finca Matilde Inc., Objection to the Boards Amended Response* | El Ojo de Agua Development, Inc. |
| 19611 | *Demetrio Amador Inc./Demetrio Amador Roberts ("Amador") Joinder to Finca Matilde, Inc.'s Omnibus Objection Filed at Docket 19608* | Demetrio Amador Inc. and Demetrio Amador Roberts |

5

| ECF No. | Document | Party |
|---|---|---|
| 19612 | *Maruz Real Estate Corp.'s Motion for Joinder to Finca Matilde, Inc.'s Omnibus Objection to Corrected Response to Order to Show Cause; Modified Eight [sic] Amended Title III Plan of Adjustment; and Proposed Findings of Facts and Conclusions of Law in Connection with Confirmation of Plan of Adjustment* (together with ECF Nos. 19610, 19611, and 19612, the "Joinders") | Maruz Real Estate Corp. |

3. Certain Objections[6] raise issues regarding the treatment of allowed claims for asserted eminent domain or inverse condemnation takings that appear to arise principally from a misunderstanding or strained reading of the Oversight Board's revisions to the Plan that address the Court's Memorandum Order, and assert that such revisions attempt to circumvent the Memorandum Order. This could not be further from the truth.

4. Specifically, such Objections assert (a) the Plan does not separately classify Eminent Domain/Inverse Condemnation Claims from CW General Unsecured Claims, and fails to pay such claims in full by including them in the CW General Unsecured Claims and conditioning payment in full upon entry of a Final Order determining non-dischargeability. Mercado Objection ¶ 8; Finca Objection at 8-9; and (b) the definition of "Final Order" is overly broad and, because the automatic stay prevents continuation of litigation of prepetition claims, it would require

---

[6] These Objections include the PFZ Objection, the Mercado Objection, the Finca Objection, and the Joinders.

Although Mr. Hein and Suiza assert takings claims, for the reasons stated in the Debtors' various briefing, including, without limitation, the *Omnibus Reply of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority to Objections to Seventh Amended Title III Joint Plan of Adjustment* [ECF No. 18874] (at 33-36, 55-56; Exhibit C at 22, 23), and at the hearings to consider confirmation of the Plan, such parties' asserted claims do not arise from property interests protected by the U.S. Constitution.

The Credit Unions' asserted takings claims are based on alleged transactions that led the Credit Unions to purchase certain government bonds, which claims (including the Credit Unions' asserted takings claims) this Court dismissed pursuant to the *Memorandum Opinion Granting Defendants' Motion to Dismiss Second Amended Complaint* [ECF No. 192 in Adv. Case No. 18-00028]. Accordingly, the Credit Unions' objection to confirmation of the Plan is moot.

6

claimants to relitigate pre-petition judgments. Finca Objection at 11-12; *see also* Mercado Objection ¶¶ 9-11; PFZ Objection ¶ 8.

5. To be clear, in response to the Memorandum Order, the Oversight Board revised the Plan to, among other things, address the Court's concerns regarding the treatment of allowed claims for asserted eminent domain or inverse condemnation takings:

> 1.178 **CW General Unsecured Claim:** A Claim against the Commonwealth, including without limitation, such portion of an Eminent Domain/Inverse Condemnation Claim in excess of accounts on deposit with the Clerk of the Court of First Instance, unless the Confirmation Order, to the extent a Final Order, or the conclusions of law entered in respect of the Plan provide that such claims must be paid in full to the extent they are Allowed Claims for just compensation; provided, however, that, under all circumstances, "CW General Unsecured Claim" shall not include (a) a PBA Bond Claim, (b) a CW Bond Claim, (c) a CW Guarantee Bond Claim, (d) an Active and Retired Employee Benefits Claim, (e) an AFSCME Claim, (f) a CW/HTA Claim, (g) a CW/Convention Center Claim, (h) a CW/PRIFA Rum Tax Claim, (i) a CW/MBA Claim, (j) an Energy Incentive Claim, (k); an Eminent Domain Claim (solely to the extent of the amount on deposit with the Clerk of the Court of First Instance)/Inverse Condemnation Claim in the event an Eminent Domain/Inverse Condemnation Claim is determined pursuant to the Confirmation Order, to the extent a Final Order, or the conclusions of law entered in respect of the Plan provide that such Claims must be paid in full to the extent they are Allowed Claims for just compensation . . . .
>
> 58.1 **Treatment of Eminent/Inverse Condemnation Domain Claims:** From and after the Effective Date, (a) to the extent not modified prior thereto, the automatic stay extant pursuant to section 362 of the Bankruptcy Code shall be deemed modified in order to permit the holder of an Eminent Domain/Inverse Condemnation Claim to (i) liquidate such Eminent Domain/Inverse Condemnation Claim in such holder's Eminent Domain Proceeding and (ii) cause the Clerk of the Court of First Instance to distribute to such holder the amount of monies on deposit with the Court of First Instance with respect to the condemned property, and (b) the balance of the claimholder's Eminent Domain/Inverse Condemnation Claim shall be paid as a general unsecured claim in Class 58 unless the Confirmation Order or the conclusions of law in respect of the Plan provides such Claims must be paid in full to the extent they are Allowed Claims for just compensation, in which case, upon both such orders becoming a Final Order and upon the occurrence of a Final Order determining the validity and amount of just compensation attributable to an Eminent Domain/Inverse Condemnation Claim, the holder of an Allowed Eminent Domain/Inverse Condemnation Claim shall be entitled to receive, in full consideration, satisfaction, release, and exchange of such holder's unpaid balance of its Allowed Eminent Domain/Inverse Condemnation Claim, such holder's Pro Rata Share of the CW GUC Recovery in Cash, one hundred percent (100%) of such Allowed Eminent Domain/Inverse Condemnation Claim.

7

6. These revisions provide that, subject to any decision on appeal, to the extent an Eminent Domain/Inverse Condemnation Claim is Allowed, such claim will be paid <u>in full</u> and will <u>not</u> be included as a CW General Unsecured Claim. The revisions were also intended to (i) preserve the rights of all parties in interest to appeal any determination with respect to the dischargeability of or need to pay in full the takings claims, and (ii) provide for a mechanism to liquidate any such claims efficiently.

7. First, conditioning the payment in full of Allowed Eminent Domain/Inverse Condemnation Claims on the occurrence of a Final Order determining such takings claims are entitled to payment in full will preserve appellate rights, and provide a mechanism for the treatment of such claims where an appellant prevails. Conversely, such revision recognizes that takings claimants may seek an appeal of an adverse ruling should this Court determine such takings claims may be discharged, and expressly ensures payment in full of their Allowed Claim should they prevail on appeal. Accordingly, the revised treatment of Eminent Domain/Inverse Condemnation Claims is appropriate, given the possibility of appeals of the Court's determination as to the dischargeability of or requirement to pay in full the takings claims.[7]

8. Second, the allowance of claims is subject to the claims resolution process in these Title III Cases, and, pursuant to Section 82.1 of the Plan, the Reorganized Debtors have one hundred eighty (180) days following the Effective Date to object to the allowance of claims. Recognizing that certain takings litigation were underway prior to being stayed by the automatic

---

[7] Certain Objections assert the FOMB Response and, therefore, the Plan fail to provide for the payment of postpetition interest on account of takings claims. The Oversight Board points out the Court has not ruled on whether the Fifth Amendment or "just compensation" includes an entitlement to payment of interest, post-petition or otherwise. While no other Claim is being Allowed to include the calculation or payment of postpetition interest, if the Court determines that "just compensation" includes interest, to the extent necessary, the Plan will be so modified. *See*, *e.g.* Plan § 82.5 (providing for payment of post-petition interest if so ordered by the Court: "Unless otherwise specifically provided for herein or **by order of the Title III Court**, post-petition interest shall not accrue or be paid on Claims, Allowed or otherwise . . . ." (emphasis added)).

8

stay, the Plan provides for the modification of the automatic stay to allow such proceedings to continue to liquidation of the takings claim pursuant to a Final Order.[8] If a claim has already been liquidated pursuant to a Final Order, the Plan does not provide for the relitigation of the merits of the claim. Nonetheless, the Reorganized Debtors' right to object to allowance of the claim pursuant to Section 82.1 of the Plan, PROMESA, and the Bankruptcy Code (*e.g.*, failure to timely file a proof of claim) should be preserved. For instance, if a Commonwealth court determined the amount of a claim but did not consider whether the amount was "just compensation," the Debtor is entitled to a determination of the amount of just compensation. If just compensation was already determined, nothing in the Plan provides for relitigation of that issue. Accordingly, the objectors are incorrect that claimants would be required to relitigate prepetition final judgments.

**Stipulation and Order Resolving Complaint Concerning
Acts 80-2020, 81-2020, and 82-2020, and Joint Resolution 33-2021**

9. On December 20, 2021, the Oversight Board commenced an adversary proceeding, Adv. Proc. No. 21-00119 (the "Adversary Proceeding"), seeking the nullification of Act 80-2020, Act 81-2020, Act 82-2020, and Joint Resolution 33-2021. Following discussions between the Oversight Board, and the Governor of the Commonwealth of Puerto Rico and AAFAF, on December 27, 2021, the parties entered into the Stipulation which resolved the Adversary Proceeding. On December 28, 2021, the Court so ordered the Stipulation, and the Adversary Proceeding was deemed dismissed.

10. Pursuant to decretal paragraph 4 of the Stipulation, the approval of the Stipulation ". . . shall invalidate JR 33 and Acts 80, 81, and 82 pursuant to PROMESA, including as

---

[8] Plan § 58.1 (". . . to the extent not modified prior thereto, the automatic stay extant pursuant to section 362 of the Bankruptcy Code shall be deemed modified in order to permit the holder of an Eminent Domain/Inverse Condemnation Claim to (i) liquidate such Eminent Domain/Inverse Condemnation Claim in such holder's Eminent Domain Proceeding . . . .").

significantly inconsistent with the certified fiscal plan, as of the enactment date for each of JR 33 and Acts 80, 81, and 82 . . . ." Stipulation ¶ 4.  Accordingly, given the invalidation of Act 80-2020, Act 81-2020, Act 82-2020, and Joint Resolution 33-2021 pursuant to the Stipulation, the Oversight Board shall file conformed copies of the Proposed Plan and Proposed Confirmation Order incorporating a revised list of preempted statutes (Exhibit K and Exhibit C, respectively) removing Act 80-2020, Act 81-2020, and Act 82-2020, as set forth in **Exhibit A** attached hereto.

11. Additionally, at the Confirmation Hearing and noted in the Memorandum Order, the Court questioned the ability of PROMESA and the Court to prospectively preempt statutes which have yet to be enacted that may be inconsistent with (a) a fiscal plan certified by the Oversight Board, (b) the provisions of PROMESA, or (c) otherwise impair or defeat the purposes of PROMESA as determined by the Oversight Board.  The Oversight Board agrees that, consistent with its practices since its appointment, in respect of all new statutes, resolutions, policies, or rules, it will notify the Commonwealth of any inconsistency and whether it impairs or defeats PROMESA's purposes as determined by the Oversight Board in accordance with Section 108(a)(2) of PROMESA.  If the Oversight Board believes the Commonwealth has violated PROMESA, including, without limitation, the statutory bar in PROMESA Section 108(a)(2), the Oversight Board's remedies shall be determined by the Title III Court.

12. Upon representation of counsel for AAFAF, the foregoing satisfies the issues raised by AAFAF in the AAFAF Reply, and it consents to the entry of the Confirmation Order as it may be revised to reflect the exhibit modification set forth above.

Dated: December 30, 2021  
    San Juan, Puerto Rico

Respectfully submitted,

*/s/ Martin J. Bienenstock*  
Martin J. Bienenstock (*pro hac vice*)  
Brian S. Rosen (*pro hac vice*)  
Paul V. Possinger (*pro hac vice*)

10

Ehud Barak (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
brosen@proskauer.com
ppossinger@proskauer.com
ebarak@proskauer.com

-and-

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Attorneys for the Financial Oversight and Management Board as Representative of the Debtors*

11

## **Exhibit A**

**Redline of Revised List of Preempted Statutes**

**List of Main Statutes Preempted by PROMESA**[1]

I. **Commonwealth good faith and credit pledge statutes**
   A. General Obligation Bonds
      1. Act 2 approved October 10, 1985.
      2. Act 1 approved June 26, 1987, as amended.
      3. Act 34 approved March 4, 2014.
      4. Act 79 approved June 1, 2011.
      5. Act 243 approved August 9, 2008.
      6. Act 43 approved August 1, 2005, as amended.
      7. Act 216 approved August 19, 2004.
      8. Act 100 approved July 12, 2002, as amended.
      9. Act 161 approved July 5, 2003.
      10. Act 149 approved August 9, 2002, as amended.
      11. Joint Resolution No. 57 approved July 12, 1993.
      12. Act 54 approved July 6, 2001.
      13. Act 118 approved July 13, 2000.
      14. Act 153 approved July 16, 1999.
      15. Act 219 approved August 9, 1998.
      16. Act 81 approved August 14, 1997.
      17. Act 119 approved August 9, 1995.
      18. Act 46 approved July 28, 1994.
      19. Act 39 approved May 13, 1976, as amended.
      20. Act 83 approved August 30, 1991.[2]

   B. General Obligation Loans
      1. GSA Police Helicopters Loan – Joint Resolution No. 99-2013 approved December 9, 2013.
      2. GDB Loans to the Commonwealth
         1. Joint Resolution No. 104 approved December 13, 2013. [$15 million line of credit for the Legislature's Capitol District.]
         2. Joint Resolution No. 96 approved November 27, 2013. [$30 million line of credit].

   C. Commonwealth Guaranty – Public Buildings Authority Bonds
      1. Act 17 approved April 11, 1968, as amended.

   D. Commonwealth Guaranty – APLA
      1.    Act 409 approved September 22, 2004.

   E. Commonwealth Guaranty – PRIFA-BANs
      1.    Act 1 approved January 1, 2015.

   F. [Commonwealth Guaranty – PRASA

---

[1] Any statute providing for an appropriation not included in the budget certified by the FOMB is preempted.
[2] For the avoidance of doubt, the statute's provisions regarding collection of the tax are not preempted.

1

        1.      Act 45 approved July 28, 1994.]

**II. Statutes appropriating Commonwealth revenues**
   A. HTA
      1.   Act 9 approved August 12, 1982; 9 L.P.R.A. § 2021; 9 L.P.R.A. § 5681 [motor vehicle license fees]
      2.   13 L.P.R.A. § 31751(a)(1). [gas oil, diesel oil and petroleum products.]
      3.   13 L.P.R.A. § 31751(a)(3). [cigarette tax]
   B. PRIFA
      1.   Act 44 approved June 21, 1988, as amended; 3 L.P.R.A. § 1914. [rum cover over]
   C. PRIFA BANs
      1.   Act 1 approved January 1, 2015; 13 L.P.R.A. § 31751a(a). [petroleum products]
   D. MBA
      1.   13 L.P.R.A. § 31751(a)(4). [cigarette tax]
   E. PRITA
      1.   13 L.P.R.A. § 31751(a)(5). [cigarette tax]

   F. CCDA
      1.   13 L.P.R.A. § 2271v(a). [hotel room tax]
   G. Act 147 enacted June 18, 1980, as amended
      1.   23 L.P.R.A. § 104.[3] [judiciary appropriation]
   H. UPR
      1.   18 L.P.R.A. § 621-1.[4]
   I. Act 83 approved August 30, 1991, as amended[5]
      1.   21 L.P.R.A. §§ 5002, 5004, 5006, 5815.[6]
   J. Act 221 approved May 15, 1948, as amended
      1.   15 L.P.R.A. § 74(d).[7]
   K. Act 18 approved January 24, 2014, as amended
      1.   21 L.P.R.A. § 6742.[8]
   L. Act 41 approved July 22, 2011, as amended
      1.   12 L.P.R.A. §8105

---

[3] In Fiscal Year 2019, appropriations under 23 L.P.R.A. § 104 would amount to more than $250 million, if not preempted.

[4] In Fiscal Year 2019, appropriations under 18 L.P.R.A. § 621-1 would amount to more than $750 million, if not preempted.

[5] For the avoidance of doubt, the statute's provisions regarding collection of the tax are not preempted.

[6] In Fiscal Year 2019, appropriations under 21 L.P.R.A. §§ 5002, 5004 would amount to more than $100 million, if not preempted. In Fiscal Year 2019, appropriations under 21 L.P.R.A. §§ 5006, 5815 would amount to more than $200 million, if not preempted.

[7] In Fiscal Year 2019, appropriations under 15 L.P.R.A. § 74(d) would amount to more than $250 million, if not preempted.

[8] In Fiscal Year 2019, appropriations under 21 L.P.R.A. § 6742 would amount to more than $120 million, if not preempted.

III. **TRS and JRS Statutes**
    A. Act 106 approved August 23, 2017
    B. Act 160 approved December 24, 2013
    C. Act 91 of March 24, 2004
    D. Act 12 approved October 19, 1954
    E. Act 162 approved December 24, 2013
    F. ~~Act 80 approved August 3, 2020~~
    G. ~~Act 81 approved August 3, 2020~~
    H. ~~Act 82 approved August 3, 2020~~

IV. **Article VI of the Puerto Rico Constitution**
    A. Whether the rights provided by Article VI, Sections 6 and 8 of the Puerto Rico Constitution to General Obligation bonds and Commonwealth-guaranteed bonds or indebtedness restructured pursuant to the Plan are preempted by PROMESA is settled by the treatment of such bonds and indebtedness pursuant to the provisions of the Plan. Nothing in the Plan affects or determines whether Article VI, Sections 6 and 8 of the Puerto Rico Constitution is preempted for any future purpose.