**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **In re:** **The Financial Oversight and Management Board for Puerto Rico,** as representative of **The Commonwealth of Puerto Rico, The Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority,** Debtors | PROMESA Title III No. 17 BK 3283 (LTS) (Jointly Administered) |

**RESPONSE TO INFORMATIVE MOTION AT DOCKET 19638**

To the Honorable Court:

Comes now PFZ Properties, Inc. (hereinafter, PFZ), a creditor of the Commonwealth of Puerto Rico (hereinafter, the Debtor or the Commonwealth), by and through its undersigned counsel, and respectfully alleges and prays:

1. On December 30th, 2021, Debtor filed "INFORMATIVE MOTION OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD REGARDING (I) OBJECTIONS TO RESPONSE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT

1

BOARD IN ACCORDANCE WITH ORDER REGARDING CERTAIN ASPECTS OF MOTION FOR CONFIRMATION OF MODIFIED EIGHTH AMENDED TITLE III JOINT PLAN OF ADJUSTMENT OF THE COMMONWEALTH OF PUERTO RICO, ET AL., AND (II) LIST OF PREEMPTED STATUTES IN THE PROPOSED PLAN AND CONFIRMATION ORDER" at docket 19638. Although titled Informative Motion it is in truth a reply to objections since it includes arguments in support of Debtor's submissions.

2. Said Informative Motion listed the Objections filed to Debtor's Response (at docket 19567 and 19574) to the Court's Order ("Memorandum Order") at docket 19517 and tried to clarify Debtor's position regarding the "Memorandum Order". The proposed clarification falls short of solving the problem.

3. As PFZ stated in its objection at docket 19597, the language proposed by Debtor in the Proposed Plan, as to the treatment of Takings claims is confusing and lends itself to unnecessary litigation, particularly when taken together with the allowance of claims and estimation of claims provisions of the Plan.

4. Furthermore, Debtor continues to question the allowance of interest as part of the claims, which is contrary to the US Supreme Court recent rulings and the Court's Memorandum Order at page 11 that stated, citing Knick: "just compensation must generally consist of the total value of the property when taken,

2

plus interest from that time". It is well known that interest is an integral part of just compensation.

5. PFZ reiterates that the most practical approach to ensure that all allowed Takings claims will be fully paid as required by the Constitution is for this Court to follow the solution adopted in <u>In Re Detroit</u>, where the Bankruptcy Court, after a recommendation by the U.S. Department of Justice, avoided declaring the Code unconstitutional by exercising its discretion under 11 U. S. C. §944, to except Takings Clause Claims from discharge in the Confirmation Order.

WHEREFORE, PFZ respectfully requests that this Honorable Court take notice of the above and use its powers under 11 U. S. C. §944 to except Takings Clause Claims from discharge and impairment in the Confirmation Order.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of January 2022, I electronically filed the foregoing motion with the Clerk of the Court using the EM/ECF system, which will send a notification to all attorneys of record.

3

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 3rd day of January 2022.

/s/ DAVID CARRION BARALT
USDC PR 207214
Attorney for PFZ Properties
P.O. Box 364463
San Juan, P.R. 00936-4463
Tel. (787) 758-5050
E-mail: davidcarrionb@aol.com

/s/ RUSSELL A. DEL TORO
USDC PR 121302
Attorney for PFZ Properties
Cond. Condado Princess
#2 Calle Washington 304
San Juan, Puerto Rico 00907
Telephone (787) 529-6502
E-mail: rdeltoro@dtslaw.com
russell.deltoro.sosa@gmail.com

/s/ JOSE ÁNGEL REY
USDC PR 118103
Attorneys for PFZ Properties
P.O. Box 10127
San Juan, P.R. 00908-1127
Tel. (787) 396-2600
E-mail: joseangelrey46@gmail.com

4