**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>　　　　　　　　　　　Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth, HTA, and ERS.** |

**REPLY OF THE COMMONWEALTH OF PUERTO RICO, THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, AND THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO RESPONSES FILED BY EDGARDO L. SANTIAGO [ECF NO. 16808], SANDRA DÍAZ CHAPMAN [ECF NO. 16868], EDGARDO RIVERA BAEZ [ECF NO. 16911], DEBRA A. HERRERA BRAVO [ECF NO. 16956], AND ROSA MARTÍNEZ GÓMEZ [ECF NO. 17153] TO THE THREE HUNDRED SIXTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) TO MISCLASSIFIED CLAIMS**

**To the Honorable United States District Judge Laura Taylor Swain:**

　　The Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Highways and Transportation Authority ("HTA"), and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," and, together with the Commonwealth and HTA,

---

[1]　The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Debtors pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] file this reply (the "Reply") in support of the *Three Hundred Sixteenth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Misclassified Claims* [ECF No. 16643] (the "Three Hundred Sixteenth Omnibus Objection"). In support of this Reply, the Debtors respectfully represent as follows:

1. On April 30, 2021 the Debtors filed the Three Hundred Sixteenth Omnibus Objection seeking to reclassify claims that assert an incorrect or improper classification (the "Claims to Be Reclassified"), each as listed on Exhibit A thereto. As set forth in the Three Hundred Sixteenth Omnibus Objection and supporting exhibits thereto, the Claims to Be Reclassified incorrectly or improperly assert that they are secured and/or that they are entitled to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9) or other priority pursuant to 11 U.S.C. § 507(a). Based upon a review of the Claims to Be Reclassified and the Debtors' books and records, the Claims to Be Reclassified are not entitled to either administrative expense priority, priority, or secured status, and should appropriately be reclassified as general unsecured claims or other non-priority claims.

2. Any party who disputed the Three Hundred Sixteenth Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on June 2, 2021 in accordance with the Court-approved notice attached to the Three Hundred Sixteenth Omnibus Objection as Exhibit C, which was served in English and Spanish on the individual creditors subject to the

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

2

Omnibus Objections, the U.S. Trustee, and the Master Service List (as defined in the *Fifteenth Amended Notice, Case Management and Administrative Procedures* [ECF No. 17127-1]). *See Supplemental Certificate of Service* [ECF No. 16869].

3. The following responses addressing the Three Hundred Sixteenth Omnibus Objection were interposed:

   i. An untitled response [ECF No. 16808] (the "Santiago Response") filed by claimant Edgardo L. Santiago Santiago ("Santiago");

   ii. A letter [ECF No. 16868] (the "Díaz Chapman Response") filed by claimant Sandra Díaz Chapman ("Díaz Chapman");

   iii. An untitled response [ECF No. 16911] (the "Rivera Baez Response") filed by claimant Edgardo Rivera Baez ("Rivera Baez");

   iv. An untitled response [ECF No. 16956] (the "Herrera Bravo Response") filed by claimant Debra A. Herrera Bravo ("Herrera Bravo"); and

   v. An untitled response [ECF No. 17153] (the "Martínez Gómez Response," and together with the Santiago Response, the Díaz Chapman Response, the Rivera Baez Response, and the Herrera Bravo Response, the "Responses") filed by claimant Rosa Martínez Gómez ("Martínez Gómez," and together with Santiago, Díaz Chapman, Rivera Baez, and Herrera Bravo, the "Claimants").

**I. The Santiago Response**

4. Santiago filed a proof of claim against the Commonwealth on March 30, 2018, which was logged by Prime Clerk as Proof of Claim No. 5594 (the "Santiago Claim"). The Santiago Claim purports to assert liabilities in an amount between $15,000 and $20,000 arising from a litigation against the Department of Corrections and Rehabilitation regarding allegedly unpaid salary adjustments. The Santiago Claim also asserts that the claim is entitled to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9). As set forth in the Three Hundred Sixteenth Omnibus Objection, only creditors who sold goods to the Debtors within

3

twenty (20) days of commencement of the Debtors' Title III Cases[3] are entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9).

5. The Santiago Response, a Spanish-language letter, was filed on May 25, 2021. Therein, Santiago does not allege that he sold goods to the Commonwealth within the statutorily prescribed time frame. Nor does the Santiago Response assert any other basis entitling the Santiago Claim to administrative expense priority. Instead, the Santiago Response "authorize[s] the investigation" of the Santiago Claim because, according to Santiago, "I am being informed that I received that money, which to my knowledge is not true since it was a salary increase that accumulated for years and was never paid." Santiago Response at 1. As supporting documentation, the Santiago Response attaches a copy of the Santiago Claim.

6. Contrary to the Santiago Response's assertion, the Three Hundred Sixteenth Omnibus Objection does not allege that the Santiago Claim has been satisfied. Rather, it seeks only to reclassify the Santiago Claim as a general unsecured claim, because the Santiago Claim incorrectly asserts entitlement to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9). The Santiago Response does not dispute that the Santiago Claim is not entitled to such priority. Accordingly, the Santiago Claim should be reclassified as a general unsecured claim. The Debtors reserve the right to object to the Santiago Claim on any other basis whatsoever.

II. **The Díaz Chapman Response**

7. Díaz Chapman filed a proof of claim against ERS on May 30, 2018, which was logged by Prime Clerk as Proof of Claim No. 45153 (the "Díaz Chapman Claim"). The Díaz Chapman Claim purports to assert liabilities in the amount of $25,000 arising from a pending proceeding against ERS. The Díaz Chapman Claim also asserts that the claim is entitled to

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Three Hundred Sixteenth Omnibus Objection.

4

administrative expense priority pursuant to 11 U.S.C. § 503(b)(9). As set forth above and in the Three Hundred Sixteenth Omnibus Objection, only creditors who sold goods to the Debtors within twenty (20) days of commencement of the Debtors' Title III Cases are entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9).

8. The Díaz Chapman Response, a Spanish-language letter, was filed on June 2, 2021. Therein, Díaz Chapman does not allege that she sold goods to the Commonwealth within the statutorily prescribed time frame. Nor does Díaz Chapman assert any other basis entitling the Díaz Chapman Claim to administrative expense priority. Instead, the Díaz Chapman Response provides additional information regarding the proceeding allegedly underlying the Díaz Chapman Claim and requests that the Court hear the proceeding and "provide[] all the protection that the Law can provide us." Díaz Chapman Response at 1. As supporting documentation, the Díaz Chapman Response attaches copies of documents filed with or issued by the Public Service Appellate Commission (the "CASP," by its Spanish acronym), correspondence relating to the case, and handwritten notes relating to the case.

9. The Three Hundred Sixteenth Omnibus Objection seeks only to reclassify the Díaz Chapman Claim as a general unsecured claim because the Díaz Chapman Claim incorrectly asserts entitlement to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9). It does not purport to address the merits of the proceeding underlying the Díaz Chapman Claim, which is currently pending before the CASP. The Díaz Chapman Response does not dispute that the Díaz Chapman Claim is not entitled to administrative expense priority. Accordingly, the Díaz Chapman Claim should be reclassified as a general unsecured claim. The Debtors reserve the right to object to the Díaz Chapman Claim on any other basis whatsoever.

5

### III. The Rivera Baez Response

10. Rivera Baez filed a proof of claim against the Commonwealth on May 14, 2018, which was logged by Prime Clerk as Proof of Claim No. 15357 (the "Rivera Baez Claim"). The Rivera Baez Claim purports to assert liabilities in the amount of $5,000 arising from a "Nota de Ahorro," or savings note, issued on September 19, 2011. The Rivera Baez Claim also asserts that the claim is entitled to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9). As set forth above and in the Three Hundred Sixteenth Omnibus Objection, only creditors who sold goods to the Debtors within twenty (20) days of commencement of the Debtors' Title III Cases are entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9).

11. The Rivera Baez Response, a Spanish-language letter, was filed on June 8, 2021. Therein, Rivera Baez does not allege that he sold goods to the Debtors within the statutorily prescribed time period. Instead, Rivera Baez concedes that it was a "mistake" to indicate on the proof of claim form that the Rivera Baez Claim was entitled to administrative expense priority. Rivera Baez Response at 1. Accordingly, the Rivera Baez Claim should be reclassified as a 2011 CW Bond Claim, as defined by the *Modified Eighth Amended Title III Joint Plan of Adjustment for the Commonwealth of Puerto Rico, et al.*, ECF No. 19568, dated December 21, 2020 (as it may be subsequently modified or amended, the "Plan"). The Debtors reserve the right to object to the Rivera Baez Claim on any other basis whatsoever.

### IV. The Herrera Bravo Response

12. Herrera Bravo filed a proof of claim against the Commonwealth on August 6, 2018, which was logged by Prime Clerk as Proof of Claim No. 154228 (the "Herrera Bravo Claim"). The Herrera Bravo Claim purports to assert liabilities in the amount of $20,000 arising from allegedly unpaid salary adjustments. The Herrera Bravo Claim also asserts that the claim is

6

entitled to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9). As set forth above and in the Three Hundred Sixteenth Omnibus Objection, only creditors who sold goods to the Debtors within twenty (20) days of commencement of the Debtors' Title III Cases are entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9).

13. The Herrera Bravo Response, a Spanish-language letter, was filed on June 11, 2021. Therein, Herrero Bravo does not allege that she sold goods to the Commonwealth within the statutorily prescribed time frame. Nor does Herrera Bravo assert any other basis entitling the Herrera Bravo Claim to administrative expense priority. Instead, the Herrera Bravo Response merely reiterates that the Herrera Bravo Claim allegedly has "priority status 503(b)(9)," and that Herrera Bravo seeks "'the Romerazo' and the reclassification of the position never granted by the governments of Puerto Rico," because "[t]he PROMESA Act requires the government to pay for the retirement of employees of the government of the Commonwealth of Puerto Rico." Herrera Bravo Response at 1.

14. Although the Herrera Bravo Response contends the Herrera Bravo Claim has "priority status 503(b)(9)," *id.*, it does not provide any basis for that assertion. Accordingly, the Herrera Bravo Claim should be reclassified as a general unsecured claim. The Debtors reserve the right to object to the Herrera Bravo Claim on any other basis whatsoever.

V. **The Martínez Gómez Response**

15. Martínez Gómez filed a proof of claim against the Commonwealth on March 23, 2018, which was logged by Prime Clerk as Proof of Claim No. 4391 (the "Martínez Gómez Claim," and together with the Santiago Claim, the Díaz Chapman Claim, the Rivera Baez Claim, and the Herrera Bravo Claim, the "Claims"). The Martínez Gómez Claim purports to assert liabilities in the amount of $13,464 plus an unspecified amount of interest for allegedly accrued

7

but unpaid salary increases. The Martínez Gómez Claim also asserts that the claim is entitled to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9). As set forth above and in the Three Hundred Sixteenth Omnibus Objection, only creditors who sold goods to the Debtors within twenty (20) days of commencement of the Debtors' Title III Cases are entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9).

16. The Martínez Gómez Response, a Spanish-language letter, was filed on June 22, 2021. Therein, Martínez Gómez does not allege that she sold goods to the Commonwealth within the statutorily prescribed time frame. Nor does Martínez Gómez assert any other basis entitling the Martínez Gómez Claim to administrative expense priority. Instead, the Martínez Gómez Response states that Martínez Gómez understands that her "claim was rejected," and she is "in total disagreement as to the basis of same" because she is entitled to a "salary increase [that] was never honored" and won a "lawsuit against the Puerto Rico Department of Education" relating to said salary increase. Martínez Gómez Response at 1.

17. Contrary to the Martínez Gómez Response's assertion, the Three Hundred Sixteenth Omnibus Objection does not "reject" the Martínez Gómez Claim. Rather, it seeks only to reclassify the Martínez Gómez Claim as a general unsecured claim, because the Martínez Gómez Claim incorrectly asserts entitlement to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9). The Martínez Gómez Response does not dispute that the Martínez Gómez Claim is not entitled to such priority. Accordingly, the Martínez Gómez Claim should be reclassified as a general unsecured claim. The Debtors reserve the right to object to the Martínez Gómez Claim on any other basis whatsoever.

18. For the foregoing reasons, the Debtors respectfully request the Court grant the Three Hundred Sixteenth Omnibus Objection and reclassify the Claims as set forth herein, notwithstanding the Responses.

Dated: January 5, 2022
     San Juan, Puerto Rico

Respectfully submitted,

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*/s/ Brian S. Rosen*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico*