UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                               Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to ERS.** |

**REPLY OF THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO RESPONSES FILED BY CARLOS A. CABRERA VELILLA [ECF NO. 17491], MARGARITA MORALES VÁZQUEZ [ECF NO. 17269], LUZ N. TRICOCHE JESUS [ECF NO. 17475], SELMA I. VELÁZQUEZ FLORES [ECF NO. 17586], AND NEYSHA COLÓN TORRES [ECF NO. 17440] TO THE THREE HUNDRED THIRTY-SEVENTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO PENSION-RELATED CLAIMS ASSERTED AGAINST THE INCORRECT DEBTOR**

To the Honorable United States District Court Judge Laura Taylor Swain:

       The Employees Retirement System of the Government of the Commonwealth of Puerto Rico (the "ERS" or the "Debtor"), by and through the Financial Oversight and Management Board

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

for Puerto Rico (the "Oversight Board"), as the representative of ERS pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this reply (the "Reply") in support of the *Three Hundred Thirty-Seventh Omnibus Objection (Non-Substantive) of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Pension-Related Claims Asserted Against the Incorrect Debtor* [ECF No. 17081] (the "Three Hundred Thirty-Seventh Omnibus Objection"), and in support of the Reply, respectfully states as follows:

1. On June 18, 2021, ERS filed the Three Hundred Thirty-Seventh Omnibus Objection seeking to reclassify the pension-related proofs of claim listed on Exhibit A thereto (collectively, the "Claims to Be Reclassified"), each of which identify ERS as obligor when they are properly asserted, if at all, against the Commonwealth of Puerto Rico (the "Commonwealth"). As explained in the Three Hundred Thirty-Seventh Omnibus Objection, pursuant to Joint Resolution 188[3] and Act 106 (collectively, the "Legislation"), the Commonwealth assumed any obligation to make payments to pensioners or other beneficiaries of ERS. Accordingly, any claims asserting an entitlement to pension or other benefits by individuals previously participating in ERS properly lie against the Commonwealth.

2. Any party who disputed the Three Hundred Thirty-Seventh Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on July 19, 2021, in accordance with the Court-approved notices attached to the Three Hundred Thirty-Seventh Omnibus Objection as Exhibit C, which were served in English and Spanish on the individual

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

[3] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Three Hundred Thirty-Seventh Omnibus Objection.

2

creditors subject to the Three Hundred Thirty-Seventh Omnibus Objection, the U.S. Trustee, and the Master Service List (as defined in the *Fifteenth Amended Case Management Procedures* [ECF No. 17127-1]). *See Certificate of Service* [ECF No. 18194].

3. The following responses addressing the Three Hundred Thirty-Seventh Omnibus Objection were interposed:

- *Reply to the Three Hundred Thirty-Seventh Omnibus Objection (Non-Substantive) by the Employees' Retirement System of the Government of the Commonwealth of Puerto Rico to Pension-Related Claims Alleged against the Incorrect Debtor and/or in the Incorrect Court*, [ECF No. 17491] (the "Cabrera Velilla Response"), filed by claimant Carlos A. Cabrera Velilla ("Cabrera Velilla");

- A letter, [ECF No. 17269] (the "Morales Vázquez Response"), filed by Margarita Morales Vázquez ("Morales Vázquez");

- A handwritten letter, [ECF No. 17440] (the "Colón Torres Response"), filed by claimant Neysha Colón Torres ("Colón Torres");

- A letter, [ECF No. 17475] (the "Tricoche Jesus Response"), filed by Luz N. Tricoche Jesus ("Tricoche Jesus"); and

- *Objection to the Three Hundred Thirty-Seventh Omnibus Objection (Non-Substantive) of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Pension-Related Claims Asserted against the Incorrect Debtor*, [ECF No. 17586] (the "Velázquez Flores Response," and together with the Cabrera Velilla Response, the Morales Vázquez Response, the Colón Torres Response, and the Tricoche Jesus Response, the "Responses"), filed by Selma I. Velázquez Flores ("Velázquez Flores," and together with Cabrera Velilla, Morales Vázquez, Colón Torres, and Tricoche Jesus, the "Claimants").

**I. The Cabrera Velilla Response**

4. Cabrera Velilla filed a proof of claim against ERS on June 8, 2018, and it was logged by Prime Clerk as Proof of Claim No. 59789 (the "Cabrera Velilla Claim"). The Cabrera Velilla Claim purports to assert liabilities arising out of accrued pension benefits in the amount of $170,025.42.

5. On July 22, 2021, Cabrera Velilla filed the Cabrera Velilla Response. The Cabrera Velilla Response does not address the Three Hundred Thirty Seventh Omnibus Objection's

3

assertion that, pursuant to the Legislation, the Commonwealth, and not ERS, is responsible for payment of ERS's accrued pension obligations. Instead, the Cabrera Velilla Response contends that, as a result of the decision in *Brau Linares v. ELA, et al.*, 190 D.P.R. 315 (2014), "changes the Legislative Assembly made to the retirement conditions of employees of the judicial branch would . . . not apply to the balance in my favor." Cabrera Velilla Response at 1. Further, the Cabrera Velilla Response contends that, "however one wishes to organize or refer to the legal entity responsible for paying my retirement pension, that entity must be compelled to pay, even in a bankruptcy proceeding such as this one." *Id*. at 2.

6. But, the *Brau Linares* decision is not relevant to the reclassification of the Cabrera Velilla Claim. The *Brau Linares* decision addresses whether, under certain specified circumstances, the pensions earned by members of the judiciary may be reduced. The Three Hundred Thirty-Seventh Omnibus Objection does not seek to reduce Cabrera Velilla's pension. Rather, it merely seeks to reclassify the Cabrera Velilla Claim because, pursuant to the Legislation, that claim is properly asserted, if at all, against the Commonwealth. Accordingly, because the Cabrera Velilla Response does not dispute that the Cabrera Velilla Claim is properly asserted against the Commonwealth, and not ERS, ERS respectfully requests the Court grant the Three Hundred Thirty-Seventh Omnibus Objection and reclassify the Cabrera Velilla Claim.

**II. The Morales Vázquez Response**

7. Morales Vázquez filed a proof of claim against ERS on June 22, 2018, and it was logged by Prime Clerk as Proof of Claim No. 51119 (the "<u>Morales Vázquez Claim</u>"). The Morales Vázquez Claim asserts liabilities associated with allegedly accrued but unpaid wages arising from Morales Vázquez's employment with the Department of Education in an unspecified amount, as well as related pension adjustments.

4

8. The Morales Vázquez Response, a handwritten, Spanish-language letter, was filed with the Court on July 8, 2021 and docketed as ECF No. 17269. Therein, Morales Vázquez asks the Court to "prevent the rejection of my claim no. 51119" because, according to Morales Vázquez, Morales Vázquez "met all the legal requirements to receive [a] corresponding salary increase and I went before the Public Service Appellate Commission which did recognize my master's degree, yet I have not received payment in the amount of $25,200 for all those years, plus interest." Morales Vázquez Response at 1-2.

9. Liabilities associated with unpaid wages purportedly owed by the Department of Education would properly lie, if at all, with the Commonwealth, not ERS, because the Department of Education is not a part of ERS. Furthermore, as explained in the Three Hundred Thirty-Seventh Omnibus Objection, pursuant to the Legislation, pension-related claims are properly asserted, if at all, against the Commonwealth, not ERS, because the Commonwealth has assumed ERS's obligation to make pension-related payments. The Morales Vázquez Response does not dispute that the liabilities asserted in the Morales Vázquez Claim are properly asserted, if at all, against the Commonwealth. Accordingly, the Court should reclassify the Morales Vázquez Claim to be asserted against the Commonwealth, not ERS.

### III. The Colón Torres Response

10. Colón Torres filed a claim against ERS on June 29, 2018, which was logged by Prime Clerk as Proof of Claim No. 121773 (the "Colón Torres Claim"). The Colón Torres Claim asserts approximately $16,800 in allegedly accrued, but unpaid, salary adjustments and related pension adjustments, and attaches as supporting documentation copies of documents filed in a litigation against the Department of the Family relating to said allegedly unpaid salary adjustments, among other things.

5

11. The Colón Torres Response, a Spanish-language letter, was filed on July 20, 2021. Therein, Colón Torres requests the Court to "reconsider [her] pay adjustment claim, not to dismiss it." Colón Torres Response at 1. The Colón Torres Response attaches, among other things, copies of certain pages from the Three Hundred Thirty-Seventh Omnibus Objection, as well as a copy of the Colón Torres Claim, copies of other claims filed by Colón Torres, and certain supporting documentation associated with the Colón Torres Claim.

12. Liabilities associated with unpaid wages purportedly owed by the Department of the Family would properly lie, if at all, with the Commonwealth, not ERS, because the Department of the Family is not a part of ERS. Furthermore, as explained in the Three Hundred Thirty-Seventh Omnibus Objection, pursuant to the Legislation, pension-related claims are properly asserted, if at all, against the Commonwealth, not ERS, because the Commonwealth has assumed ERS's obligation to make pension-related payments. The Colón Torres Response does not dispute that the liabilities asserted in the Colón Torres Claim are properly asserted, if at all, against the Commonwealth. Accordingly, the Court should reclassify the Colón Torres Claim to be asserted against the Commonwealth, not ERS.

**IV. The Tricoche Jesus Response**

13. Tricoche Jesus filed a proof of claim against ERS on May 8, 2021, and it was logged by Prime Clerk as Proof of Claim No. 13143 (the "Tricoche Jesus Claim"). The Tricoche Jesus Claim purports to assert liabilities associated with an unspecified amount of allegedly accrued but unpaid wages arising from Tricoche Jesus's employment with the Department of the Family, as well as related pension adjustments.

14. The Tricoche Jesus Response, which consists of a handwritten, Spanish-language letter and copies of several pages of the Three Hundred Thirty Seventh Omnibus Objection, was

6

filed with the Court on July 22, 2021 and docketed as ECF No. 17475. Therein, Tricoche Jesus states that, "[i]t is my interest to add to this claim before the Honorable Judge Taylor Swain that the Department of the Family has acted in a discriminatory manner against the ADFAN management group . . . ." Tricoche Jesus Response at 2.

15. Liabilities associated with unpaid wages purportedly owed by the Department of the Family would properly lie, if at all, with the Commonwealth, not ERS, because the Department of the Family is not a part of ERS. Furthermore, as explained in the Three Hundred Thirty-Seventh Omnibus Objection, pursuant to the Legislation, pension-related claims are properly asserted, if at all, against the Commonwealth, not ERS, because the Commonwealth has assumed ERS's obligation to make pension-related payments. The Tricoche Jesus Response does not dispute that the liabilities asserted in the Tricoche Jesus Claim are properly asserted, if at all, against the Commonwealth. Accordingly, the Court should reclassify the Tricoche Jesus Claim to be asserted against the Commonwealth, not ERS.

**V.     The Velázquez Flores Response**

16. Velázquez Flores filed a proof of claim against ERS on May 22, 2018, and it was logged by Prime Clerk as Proof of Claim No. 28164 (the "<u>Velázquez Flores Claim</u>," and together with the Cabrera Velilla Claim, the Morales Vázquez Claim, and the Tricoche Jesus Claim, the "<u>Claims</u>"). The Velázquez Flores Claim purports to assert liabilities arising out of accrued pension benefits in the amount of $195,066.67.

17. The Velázquez Flores Response was mailed on July 18, 2021, filed with the Court on July 29, 2021, and docketed as ECF No. 17586. The Velázquez Flores Response does not address the Three Hundred Thirty Seventh Omnibus Objection's assertion that, pursuant to the Legislation, the Commonwealth, and not ERS, is responsible for payment of ERS's accrued

7

pension obligations. Instead, the Velázquez Flores Response contends that, as a result of the decision in *Brau Linares v. ELA, et al.*, 190 D.P.R. 315 (2014), "the legislative reform to the Judiciary Employee Retirement System adopted in the 2013 by the Act 162-2013 do not apply to the judges appointed before that reform." Velázquez Flores Response at 1. Further, the Velázquez Flores Response contends that the "Legislation cited to reclassify my claim is another amendment to the ERS reclassification, started by the Act 162-2013, neither of which apply to my proof of claim." *Id.* at 2.

18. But, the *Brau Linares* decision is not relevant to the reclassification of the Velázquez Flores Claim. As explained above, the *Brau Linares* decision addresses whether, under certain specified circumstances, the pensions earned by members of the judiciary may be reduced. The Three Hundred Thirty-Seventh Omnibus Objection does not seek to reduce Velázquez Flores's pension. Rather, it merely seeks to reclassify the Velázquez Flores Claim because, pursuant to the Legislation, that claim is properly asserted, if at all, against the Commonwealth. And, although the Velázquez Flores Response asserts that the Legislation does not apply to the Velázquez Flores Claim, that assertion is belied by the Legislation itself: Section 2.1 of Act 106 provides that the Treasury Department "will operate under a 'pay as you go' system for the payment of the Pensions Accumulated by . . . the Judiciary Retirement System." Accordingly, the Commonwealth has assumed and pays pensions accrued by participants in the Judiciary Retirement System.

19. Because the Velázquez Flores Response does not dispute that the Velázquez Flores Claim is properly asserted against the Commonwealth, and not ERS, ERS respectfully requests the Court grant the Three Hundred Thirty-Seventh Omnibus Objection and reclassify the Velázquez Flores Claim.

8

20. For the foregoing reasons, ERS respectfully requests the Court grant the Three Hundred Thirty-Seventh Omnibus Objection and reclassify the Claims, notwithstanding the Responses.

Dated: January 5, 2022
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García-Benítez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*/s/ Brian S. Rosen*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative for the Employees Retirement System of the Government of the Commonwealth of Puerto Rico*

9