UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>        as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                              Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to PBA and ERS.** |

**REPLY OF THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY AND THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO RESPONSES FILED BY ELIZABETH RIVERA DOMÍNGUEZ [ECF NO. 17327], NILDA MANGUAL FLORES [ECF NO. 17383], NEYSHA M. COLÓN TORRES [ECF NO. 17440], ZULMA LANDRAU RIVERA [ECF NO. 17441], SIGNA MAGALY CABRERA TORRES [ECF NO. 17476], IVETTE GONZÁLEZ DE LEÓN [ECF NO. 17495], AND ANA CELIA BENTITEZ DELGADO [ECF NO. 17603] TO THE THREE HUNDRED FORTY-FIRST OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO CROSS-DEBTOR DUPLICATE CLAIMS**

**To the Honorable United States District Judge Laura Taylor Swain:**

The Puerto Rico Public Buildings Authority ("PBA") and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," and, together with PBA, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

(the "Oversight Board"), as the sole Title III representative of the Debtors pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] file this reply (the "Reply") in support of the *Three Hundred Forty-First Omnibus Objection (Non-Substantive) of the Puerto Rico Public Buildings Authority and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Cross-Debtor Duplicate Claims* [ECF No. 17105] (the "Three Hundred Forty-First Omnibus Objection"). In support of this Reply, the Debtors respectfully represent as follows:

1. On June 18, 2021, the Debtors filed the Three Hundred Forty-First Omnibus Objection seeking to disallow claims filed against PBA or ERS that are duplicative of other proofs of claim filed against the Commonwealth of Puerto Rico (collectively, the "Claims to Be Disallowed"), each as listed on Exhibit A thereto. As set forth in the Three Hundred Forty-First Omnibus Objection and supporting exhibits thereto, the Claims to Be Disallowed assert liabilities that are duplicative of other proofs of claim filed against the Commonwealth (each a "Remaining Claim," and collectively, the "Remaining Claims"). Based upon a review of the Claims to Be Disallowed, the Remaining Claims, and the Debtors' books and records, the asserted liability, if any, for the Claims to Be Disallowed is properly asserted against the Commonwealth—the entity against which the Remaining Claim is asserted. The Claims to Be Disallowed thus do not represent valid claims against PBA and/or ERS.

2. Any party who disputed the Three Hundred Forty-First Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on July 19, 2021 in accordance with the Court-approved notice attached to the Three Hundred Forty-First Omnibus Objection as Exhibit C, which was served in English and Spanish on the individual creditors subject to the Three

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

Hundred Forty-First Omnibus Objection, the U.S. Trustee, and the Master Service List (as defined in the *Fifteenth Amended Notice, Case Management and Administrative Procedures* [ECF No. 17127-1]). *See Corrected Certificate of Service* [ECF No. 18194].

3. The following responses addressing the Three Hundred Forty-First Omnibus Objection were interposed:

- A letter [ECF No. 17327] (the "Rivera Domínguez Response") filed by claimant Elizabeth Rivera Domínguez ("Rivera Domínguez");

- A letter [ECF No. 17383] (the "Mangual Flores Response") filed by claimant Nilda Mangual Flores ("Mangual Flores");

- A letter [ECF No. 17440] (the "Colón Torres Response") filed by claimant Neysha M. Colón Torres ("Colón Torres"),

- A letter [ECF No. 17441] (the "Landrau Rivera Response") filed by claimant Zulma Landrau Rivera ("Landrau Rivera"),

- A letter [ECF No. 17476] (the "Cabrera Torres Response") filed by claimant Signa Magaly Cabrera Torres ("Cabrera Torres"),

- A letter [ECF No. 17495] (the "González De León Response") filed by claimant Ivette González De León ("González De León"), and

- A letter [ECF No. 17603] (the "Benítez Delgado Response," and together with the Rivera Domínguez Response, the Mangual Flores Response, the Colón Torres Response, the Landrau Rivera Response, and the González De León Response, the "Responses") filed by claimant Ana Celia Benítez Delgado ("Benítez Delgado," and together with Rivera Domínguez, Mangual Flores, Colón Torres, Landrau Rivera, Cabrera Torres, and González De León, the "Claimants").

**I.     The Rivera Domínguez Response**

4. Rivera Domínguez filed a proof of claim against ERS on May 22, 2018, which was logged by Prime Clerk as Proof of Claim No. 32231 (the "Rivera Domínguez Claim"). The Rivera Domínguez Claim purports to assert liabilities associated with allegedly accrued but unpaid salary adjustments arising from Rivera Domínguez's employment with the Department of the Family.

3

5. The Rivera Domínguez Response, a Spanish-language letter, was filed on July 13, 2021. Therein, Rivera Domínguez does not dispute that the Rivera Domínguez Claim asserts liabilities that are duplicative of the liabilities asserted by a second proof of claim filed by Rivera Domínguez against the Commonwealth on May 22, 2018, and logged by Prime Clerk as Proof of Claim No. 31275 (the "Remaining Rivera Domínguez Claim"). Rather, the Rivera Domínguez Response restates the alleged basis for the claim, states that "it would not be fair for my claim to be dismissed," and attaches several pages from the Three Hundred Forty-First Omnibus Objection, together with additional copies of supporting documentation previously submitted in connection with the Rivera Domínguez Claim. Rivera Domínguez Response at 1-9.

6. The Rivera Domínguez Response does not dispute that the Rivera Domínguez Claim is duplicative of the Remaining Rivera Domínguez Claim. Further, because the Rivera Domínguez Claim asserts liabilities associated with allegedly accrued, but unpaid, salary adjustments arising from employment with the Department of the Family, such liabilities are properly asserted, if at all, against the Commonwealth, not ERS, because the Department of the Family is not a part of ERS. Accordingly, the Rivera Domínguez Claim should be disallowed. Rivera Domínguez will not be prejudiced by the disallowance of the Rivera Domínguez Claim, because she will retain the Remaining Rivera Domínguez Claim as asserted against the Commonwealth. The Debtors reserve the right to object to the Remaining Rivera Domínguez Claim on any other basis whatsoever.

II. **The Mangual Flores Response**

7. Mangual Flores filed a proof of claim against ERS on May 22, 2018, which was logged by Prime Clerk as Proof of Claim No. 29762 (the "Mangual Flores Claim"). The Mangual

4

Flores Claim purports to assert liabilities associated with allegedly accrued, but unpaid, salary adjustments arising from Mangual Flores's employment with the Department of the Family.

8. The Mangual Flores Response, a Spanish-language letter, was filed on July 20, 2021. Therein, Mangual Flores does not dispute that the Mangual Flores Claim asserts liabilities that are duplicative of the liabilities asserted by a second proof of claim filed by Mangual Flores against the Commonwealth on May 22, 2018, and logged by Prime Clerk as Proof of Claim No. 18462 (the "Remaining Mangual Flores Claim"). Rather, the Mangual Flores Response "request[s] that my claims be considered and evaluated . . . to remain involved in the PROMESA Law case, and to be paid what I am owed." Mangual Flores Response at 1. In addition, the Mangual Flores Response attaches certain pages from the Three Hundred Forty-First Omnibus Objection.

9. The Mangual Flores Response does not dispute that the Mangual Flores Claim is duplicative of the Remaining Mangual Flores Claim. Further, because the Mangual Flores Claim asserts liabilities associated with allegedly accrued, but unpaid, salary adjustments arising from employment with the Department of the Family, such liabilities are properly asserted, if at all, against the Commonwealth, not ERS, because the Department of the Family is not a part of ERS. Accordingly, the Mangual Flores Claim should be disallowed. Mangual Flores will not be prejudiced by the disallowance of the Mangual Flores Claim, because she will retain the Remaining Mangual Flores Claim as asserted against the Commonwealth. The Debtors reserve the right to object to the Remaining Mangual Flores Claim on any other basis whatsoever.

    III. **The Colón Torres Response**

10. Colón Torres filed a proof of claim against ERS on June 29, 2018, which was logged by Prime Clerk as Proof of Claim No. 127701 (the "Colón Torres Claim"). The Colón

5

Torres Claim purports to assert liabilities in the amount of $45,760.89 associated with allegedly accrued, but unpaid, salary adjustments arising from Colón Torres's employment with the Department of the Family, as well as related pension adjustments.

11. The Colón Torres Response, a Spanish-language letter, was filed on July 20, 2021. Therein, Colón Torres does not dispute that the Colón Torres Claim asserts liabilities that are duplicative of the liabilities asserted by a second proof of claim filed by Colón Torres against the Commonwealth on June 29, 2018, and logged by Prime Clerk as Proof of Claim No. 129809 (the "<u>Remaining Colón Torres Claim</u>"). Rather, the Colón Torres Response "request[s] this Honorable Court to reconsider [his] pay adjustment claim, not to dismiss it." Colón Torres Response at 1. In addition, the Colón Torres Response attaches several pages from the Three Hundred Forty-First Omnibus Objection, together with supporting documentation relating to a wage-related litigation against the Department of the Family.

12. The Colón Torres Response does not dispute that the Colón Torres Claim is duplicative of the Remaining Colón Torres Claim. Further, because the Colón Torres Claim asserts liabilities associated with allegedly accrued, but unpaid, salary adjustments arising from employment with the Department of the Family, such liabilities are properly asserted, if at all, against the Commonwealth, not ERS, because the Department of the Family is not a part of ERS. Accordingly, the Colón Torres Claim should be disallowed. Colón Torres will not be prejudiced by the disallowance of the Colón Torres Claim, because she will retain the Remaining Colón Torres Claim as asserted against the Commonwealth. The Debtors reserve the right to object to the Remaining Colón Torres Claim on any other basis whatsoever.

### IV. The Landrau Rivera Response

13. Landrau Rivera filed a proof of claim against ERS on May 22, 2018, which was logged by Prime Clerk as Proof of Claim No. 29313 (the "Landrau Rivera Claim"). The Landrau Rivera Claim purports to assert liabilities in an unspecified amount associated with allegedly accrued, but unpaid, salary adjustments arising from Landrau Rivera's employment with the Department of the Family, as well as related pension adjustments.

14. The Landrau Rivera Response, a Spanish-language letter, was filed on July 20, 2021. Therein, Landrau Rivera does not dispute that the Landrau Rivera Claim asserts liabilities that are duplicative of the liabilities asserted by a second proof of claim filed by Landrau Rivera against the Commonwealth on May 22, 2018, and logged by Prime Clerk as Proof of Claim No. 23761 (the "Remaining Landrau Rivera Claim"). Rather, the Landrau Rivera Response states that Landrau Rivera "wish[es] to have this honorable court reconsider my claim for a salary adjustment, for my claim not to be dismissed . . . ." Landrau Rivera Response at 1. In addition, the Landrau Rivera Response attaches several pages from the Three Hundred Forty-First Omnibus Objection, together with correspondence relating to Landrau Rivera's salary-related claims.

15. The Landrau Rivera Response does not dispute that the Landrau Rivera Claim is duplicative of the Remaining Landrau Rivera Claim. Further, because the Landrau Rivera Claim asserts liabilities associated with allegedly accrued, but unpaid, salary adjustments arising from employment with the Department of the Family, such liabilities are properly asserted, if at all, against the Commonwealth, not ERS, because the Department of the Family is not a part of ERS. Accordingly, the Landrau Rivera Claim should be disallowed. Landrau Rivera will not be prejudiced by the disallowance of the Landrau Rivera Claim, because she will retain the Remaining

7

Landrau Rivera Claim as asserted against the Commonwealth. The Debtors reserve the right to object to the Remaining Landrau Rivera Claim on any other basis whatsoever.

### V. The Cabrera Torres Response

16. Cabrera Torres filed a proof of claim against ERS on May 8, 2018, which was logged by Prime Clerk as Proof of Claim No. 12310 (the "<u>Cabrera Torres Claim</u>"). The Cabrera Torres Claim purports to assert liabilities in the amount of $68,000 associated with allegedly accrued, but unpaid, salary adjustments arising from Cabrera Torres's employment with the Department of the Family, as well as related pension adjustments.

17. The Cabrera Torres Response, a Spanish-language letter, was filed on July 22, 2021. Therein, Cabrera Torres does not dispute that the Cabrera Torres Claim asserts liabilities that are duplicative of the liabilities asserted by a second proof of claim filed by Cabrera Torres against the Commonwealth on May 8, 2018, and logged by Prime Clerk as Proof of Claim No. 12337 (the "<u>Remaining Cabrera Torres Claim</u>"). Rather, the Cabrera Torres Response states that Cabrera Torres "request[s] that this honorable court reconsider my wage adjustment claim and not dismiss it . . . ." Cabrera Torres Response at 1. In addition, the Cabrera Torres Response attaches several pages from the Three Hundred Forty-First Omnibus Objection, together with correspondence relating to Cabrera Torres's salary-related claims.

18. The Cabrera Torres Response does not dispute that the Cabrera Torres Claim is duplicative of the Remaining Cabrera Torres Claim. Further, because the Cabrera Torres Claim asserts liabilities associated with allegedly accrued, but unpaid, salary adjustments arising from employment with the Department of the Family, such liabilities are properly asserted, if at all, against the Commonwealth, not ERS, because the Department of the Family is not a part of ERS. Accordingly, the Cabrera Torres Claim should be disallowed. Cabrera Torres will not be

8

prejudiced by the disallowance of the Cabrera Torres Claim, because she will retain the Remaining Cabrera Torres Claim as asserted against the Commonwealth. The Debtors reserve the right to object to the Remaining Cabrera Torres Claim on any other basis whatsoever.

**VI.     The González De León Response**

19.     González De León filed a proof of claim against ERS on May 8, 2018, which was logged by Prime Clerk as Proof of Claim No. 12526 (the "González De León Claim"). The González De León Claim purports to assert liabilities in the amount of $59,313 associated with allegedly accrued, but unpaid, salary adjustments arising from González De León's employment with the Department of the Family.

20.     The González De León Response, a Spanish-language letter, was filed on July 22, 2021. Therein, González De León does not dispute that the González De León Claim asserts liabilities that are duplicative of the liabilities asserted by a second proof of claim filed by González De León against the Commonwealth on May 8, 2018, and logged by Prime Clerk as Proof of Claim No. 12312 (the "Remaining González De León Claim"). Rather, the González De León Response states that González De León "wish[es] that this honorable court reconsider my claim for a salary adjustment and not dismiss it . . . ." González De León Response at 1. In addition, the González De León Response attaches several pages from the Three Hundred Forty-First Omnibus Objection, together with correspondence relating to González De León's salary-related claims.

21.     The González De León Response does not dispute that the González De León Claim is duplicative of the Remaining González De León Claim. Further, because the González De León Claim asserts liabilities associated with allegedly accrued, but unpaid, salary adjustments arising from employment with the Department of the Family, such liabilities are properly asserted, if at all, against the Commonwealth, not ERS, because the Department of the Family is not a part

9

of ERS. Accordingly, the González De León Claim should be disallowed. González De León will not be prejudiced by the disallowance of the González De León Claim, because she will retain the Remaining González De León Claim as asserted against the Commonwealth. The Debtors reserve the right to object to the Remaining González De León Claim on any other basis whatsoever.

**VII. The Benítez Delgado Response**

22. Benítez Delgado filed a proof of claim against ERS on May 21, 2018, which was logged by Prime Clerk as Proof of Claim No. 42868 (the "Benítez Delgado Claim," and together with the Rivera Domínguez Claim, the Mangual Flores Claim, the Colón Torres Claim, the Landrau Rivera Claim, and the González De León Claim, the "Claims"). The Benítez Delgado Claim purports to assert liabilities in an unspecified amount associated with allegedly accrued, but unpaid, salary adjustments arising from Benítez Delgado's employment with the Department of the Family.

23. The Benítez Delgado Response, a Spanish-language letter, was filed on July 29, 2021. Therein, Benítez Delgado does not dispute that the Benítez Delgado Claim asserts liabilities that are duplicative of the liabilities asserted by a second proof of claim filed by Benítez Delgado against the Commonwealth on May 21, 2018, and logged by Prime Clerk as Proof of Claim No. 35029 (the "Remaining Benítez Delgado Claim"). Rather, the Benítez Delgado Response states that Benítez Delgado "request[s] that this Honorable Court reconsider my wage adjustment claim and not dismiss it . . . ." Benítez Delgado Response at 1. In addition, the Benítez Delgado Response attaches a copy of the Remaining Benítez Delgado Claim, together with several pages from the Three Hundred Forty-First Omnibus Objection.

10

24. The Benítez Delgado Response does not dispute that the Benítez Delgado Claim is duplicative of the Remaining Benítez Delgado Claim. Further, because the Benítez Delgado Claim asserts liabilities associated with allegedly accrued, but unpaid, salary adjustments arising from employment with the Department of the Family, such liabilities are properly asserted, if at all, against the Commonwealth, not ERS, because the Department of the Family is not a part of ERS. Accordingly, the Benítez Delgado Claim should be disallowed. Benítez Delgado will not be prejudiced by the disallowance of the Benítez Delgado Claim, because she will retain the Remaining Benítez Delgado Claim as asserted against the Commonwealth. The Debtors reserve the right to object to the Remaining Benítez Delgado Claim on any other basis whatsoever.

25. For the foregoing reasons, the Debtors respectfully request the Court grant the Three Hundred Forty-First Omnibus Objection and disallow the Claims, notwithstanding the Responses.

[*Remainder of Page Intentionally Left Blank*]

| | |
|---|---|
| Dated: January 5, 2022<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>/s/ *Hermann D. Bauer*<br>Hermann D. Bauer<br>USDC No. 215205<br>Carla García Benítez<br>USDC No. 203708<br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel: (787) 764-8181<br>Fax: (787) 753-8944<br><br><br>/s/ *Brian S. Rosen*<br>Martin J. Bienenstock (*pro hac vice*)<br>Brian S. Rosen (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br><br>*Attorneys for the Financial Oversight and Management Board as representative for the Puerto Rico Public Buildings Authority and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico* |