# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.¹ | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth, HTA, and ERS.** |

**REPLY OF THE COMMONWEALTH OF PUERTO RICO, THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, AND THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO RESPONSES FILED BY ANA Z. VÁZQUEZ PAGÁN [ECF NO. 17409], CARMEN M. RUÍZ DÍAZ [ECF NO. 17410], NEYSHA COLÓN TORRES [ECF NO. 17440], SONIA I. FERRER MELENDEZ [ECF NO. 17442], ZORAIDA CHEVERE FRAGUADA [ECF NO. 17445], SIGNA M. CABRERA TORRES [ECF NO. 17476], IVETTE GONZÁLEZ DE LEÓN [ECF NO. 17495], AND CARMEN ROMAN OCASIO [ECF NO. 17614] TO THE THREE HUNDRED FORTY-FIFTH OMNIBUS OBJECTION (SUBSTANTIVE) TO MISCLASSIFIED CLAIMS**

To the Honorable United States District Judge Laura Taylor Swain:

---

¹ The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

The Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Highways and Transportation Authority ("HTA"), and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the Commonwealth and HTA, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Debtors pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] file this reply (the "Reply") in support of the *Three Hundred Forty-Fifth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Misclassified Claims* [ECF No. 17108] (the "Three Hundred Forty-Fifth Omnibus Objection"). In support of this Reply, the Debtors respectfully represent as follows:

1. On June 18, 2021, the Debtors filed the Three Hundred Forty-Fifth Omnibus Objection seeking to disallow claims that assert an incorrect or improper classification (the "Claims to Be Reclassified"). Specifically, as set forth in the Three Hundred Forty-Fifth Omnibus Objection, each of the Claims to Be Reclassified incorrectly or improperly assert that they are secured and/or that they are entitled to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9). However, upon a reasonable review of the Claims to Be Reclassified and the Debtors' books and records, the Debtors have concluded that the Claims to Be Reclassified are not entitled to either administrative expense priority or secured status, and should appropriately be classified as general unsecured claims.

2. Any party who disputed the Three Hundred Forty-Fifth Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on July 19, 2021, in accordance

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

2

with the Court-approved notice attached to the Three Hundred Forty-Fifth Omnibus Objection as Exhibit C, which was served in English and Spanish on the individual creditors subject to the Three Hundred Forty-Fifth Omnibus Objection, the U.S. Trustee, and the Master Service List (as defined in the *Fifteenth Amended Case Management Order* [ECF No. 17127-1]).

3. The following responses addressing the Three Hundred Forty-Fifth Omnibus Objection were interposed:

- A handwritten letter [ECF No. 17409] (the "Vázquez Pagán Response") filed by claimant Ana Z. Vázquez Pagán ("Vázquez Pagán");

- A handwritten letter [ECF No. 17410] (the "Ruíz Díaz Response") filed by claimant Carmen M. Ruíz Díaz ("Ruíz Díaz");

- A handwritten letter [ECF No. 17440] (the "Colón Torres Response") filed by claimant Neysha Colón Torres ("Colón Torres");

- *Reply* [ECF No. 17442] (the "Ferrer Melendez Response") filed by claimant Sonia I. Ferrer Melendez ("Ferrer Melendez");

- A letter [ECF No. 17445] (the "Chevere Fraguada Response") filed by claimant Zoraida Chevere Fraguada ("Chevere Fraguada");

- A letter [ECF No. 17476] (the "Cabrera Torres Response") filed by claimant Signa M. Cabrera Torres ("Cabrera Torres");

- A letter [ECF No. 17495] (the "González de León Response") filed by claimant Ivette González De León ("González De León"); and

- A letter [ECF No. 17614] (the "Roman Ocasio Response," and together with the Vázquez Pagán Response, the Ruíz Díaz Response, the Colón Torres Response, the Ferrer Melendez Response, the Chevere Fraguada Response, the Cabrera Torres Response, and the González De León Response, the "Responses") filed by claimant Carmen Roman Ocasio ("Roman Ocasio," and together with Vázquez Pagán, Ruíz Díaz, Colón Torres, Ferrer Melendez, Chevere Fraguada, and González De León, the "Claimants").

I. **The Vázquez Pagán Response**

4. Vázquez Pagán filed a claim against the Commonwealth on June 27, 2018, which was logged by Prime Clerk as Proof of Claim No. 122933 (the "Vázquez Pagán Claim"). The

3

Vázquez Pagán Claim asserts approximately $160,000.00 in liabilities, purportedly arising from an employment-related lawsuit against the Puerto Rico Police Department in which Vázquez Pagán's now-deceased husband, William Ruíz Díaz, was a plaintiff. The Vázquez Pagán Claim also asserts that the claim is entitled to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9). As set forth in the Three Hundred Forty-Fifth Omnibus Objection, only creditors who sold goods to the Debtors within twenty (20) days of commencement of the Debtors' Title III Cases[3] are entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9).

5. The Vázquez Pagán Response was filed on July 19, 2021. Therein, Vázquez Pagán does not allege that either Vázquez Pagán or her deceased husband sold goods to the Commonwealth within the statutorily prescribed time frame. Nor does the Vázquez Pagán Response assert any other basis entitling the Vázquez Pagán Claim to administrative expense priority. Instead, the Vázquez Pagán Response states that "[t]his department forced [her husband] to request resignation from the agency. Moreover, it has not paid him amounts owed for hours and public holidays worked. His direct relatives are still awaiting for payment of said amounts owed." Vázquez Pagán Response at 1. As supporting documentation, the Vázquez Pagán Response attaches, among other things, news articles and case documents filed in Mr. Ruíz Díaz's litigations against the Puerto Rico Police Department.

6. The Three Hundred Forty-Fifth Omnibus Objection seeks only to reclassify the Vázquez Pagán Claim as a general unsecured claim, because the Vázquez Pagán Claim incorrectly asserts entitlement to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9). It does not purport to address the merits of the proceedings underlying the Vázquez Pagán Claim. The

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Three Hundred Forty-Fifth Omnibus Objection.

4

Vázquez Pagán Response does not dispute that the Vázquez Pagán Claim is not entitled to administrative expense priority. Accordingly, the Vázquez Pagán Claim should be reclassified as a general unsecured claim. The Debtors reserve the right to object to the Vázquez Pagán Claim on any other basis whatsoever.

 II. **The Ruíz Díaz Response**

7. Ruíz Díaz filed a claim against the Commonwealth on June 29, 2018, which was logged by Prime Clerk as Proof of Claim No. 106293 (the "Ruíz Díaz Claim"). The Ruíz Díaz Claim asserts approximately $319,188.00 in liabilities associated with purportedly accrued, but unpaid, salary increases. As supporting documentation, the Ruíz Díaz Claim attaches, among other things, internal Puerto Rico Police Department memoranda regarding employee compensation, copies of filings in the Title III proceedings, and various documents relating to Ruíz Díaz's compensation. The Ruíz Díaz Claim also asserts that the claim is both secured and entitled to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9). As set forth in the Three Hundred Forty-Fifth Omnibus Objection and above, only creditors who sold goods to the Debtors within twenty (20) days of commencement of the Debtors' Title III Cases are entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9).

8. The Ruíz Díaz Response was filed on June 16, 2021. Therein, Ruíz Díaz does not provide any basis for the assertion that the Ruíz Díaz Claim is secured. Ruíz Díaz also does not allege that she sold goods to the Commonwealth within the statutorily prescribed time frame. Nor does Ruíz Díaz assert any other basis entitling the Ruíz Díaz Claim to administrative expense priority. Instead, the Ruíz Díaz Response states that it is "attaching documents claiming money owed," and attaches a copy of the Ruíz Díaz Claim and its supporting documentation.

5

9. The Three Hundred Forty-Fifth Omnibus Objection seeks only to reclassify the Ruíz Díaz Claim as a general unsecured claim, because the Ruíz Díaz Claim incorrectly asserts that it is secured and that it is entitled to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9). It does not purport to address the merits of the Ruíz Díaz Claim. The Ruíz Díaz Response does not dispute that the Ruíz Díaz Claim is neither secured nor entitled to administrative expense priority. Accordingly, the Ruíz Díaz Claim should be reclassified as a general unsecured claim. The Debtors reserve the right to object to the Ruíz Díaz Claim on any other basis whatsoever.

### III. The Colón Torres Response

10. Colón Torres filed three claims against the Commonwealth on June 29, 2018, which were logged by Prime Clerk as Proof of Claim No. 129809 (the "First Colón Torres Claim"), Proof of Claim No. 139753 (the "Second Colón Torres Claim"), and Proof of Claim No. 121773 (the "Third Colón Torres Claim," and together with the First Colón Torres Claim and the Second Colón Torres Claim, the "Colón Torres Claims"). The First Colón Torres Claim asserts approximately $45,760.89 in liabilities associated with allegedly accrued, but unpaid, salary adjustments, and attaches as supporting documentation copies of documents filed in a litigation relating to said allegedly unpaid salary adjustments. The Second Colón Torres Claim asserts approximately $16,800 in liabilities associated with allegedly accrued, but unpaid, salary adjustments, and attaches as supporting documentation copies of documents filed in a litigation relating to said salary adjustments. The Third Colón Torres Claim also asserts approximately $16,800 in allegedly accrued, but unpaid, salary adjustments and related pension adjustments, and also attaches as supporting documentation copies of documents filed in another litigation relating to said allegedly unpaid salary adjustments. All three Colón Torres Claims assert that they are secured.

6

11. The Colón Torres Response was filed on July 20, 2021. Therein, Colón Torres does not provide any basis for the assertion that the Colón Torres Claims are secured. Instead, Colón Torres requests the Court to "reconsider [her] pay adjustment claim, not to dismiss it and to cause it to be secured according to what has been agreed." Colón Torres Response at 1. The Colón Torres Response attaches, among other things, copies of certain pages from the Three Hundred Forty-Fifth Omnibus Objection, as well as copies of the Colón Torres Claims. The Colón Torres Response does not, however, identify any "agreement" purporting to secure the liabilities asserted by the Colón Torres Claims.

12. The Three Hundred Forty-Fifth Omnibus Objection seeks only to reclassify the Colón Torres Claims as general unsecured claims, because the Colón Torres Claims incorrectly assert that they are secured. It does not purport to address the merits of the Colón Torres Claims. The Colón Torres Response alleges that the Colón Torres Claims are secured, but it provides no basis for that assertion. Accordingly, the Colón Torres Claims should be reclassified as general unsecured claims. The Debtors reserve the right to object to the Colón Torres Claims on any other basis whatsoever.

### IV. The Ferrer Melendez Response

13. Ferrer Melendez filed a claim against the Commonwealth on May 25, 2018, which was logged by Prime Clerk as Proof of Claim No. 23016 (the "Ferrer Melendez Claim"). The Ferrer Melendez Claim asserts $3,000,000.00 in liabilities associated with an employment-related litigation against the Puerto Rico Department of Health. As supporting documentation, the Ferrer Melendez Claim attaches a copy of a charge of discrimination form. The Ferrer Melendez Claim asserts that the claim is secured.

14. The Ferrer Melendez Response was filed on July 20, 2021. Therein, Ferrer Melendez states that the notice accompanying the Three Hundred Forty-Fifth Omnibus Objection "alleges that the creditor failed to provide evidence to support its secured claim," and accordingly, she is "hereby submit[ting] again the corresponding proof of claim and supporting documentation to be considered regarding the right to such claim." Ferrer Melendez Response at 1. The Ferrer Melendez Response attaches, among other things, a copy of the charge of discrimination filed against the Puerto Rico Department of Health, a copy of an Equal Employment Opportunity Commission complaint, and a copy of a complaint filed in federal court.

15. The Ferrer Melendez Response does not explain the basis for the assertion that the Ferrer Melendez Claim is secured. Further, none of the supporting documentation submitted with either the Ferrer Melendez Claim or the Ferrer Melendez Response establishes a basis for the assertion that the Ferrer Melendez Claim is secured. Accordingly, the Ferrer Melendez Claim should be reclassified as a general unsecured claim. The Debtors reserve the right to object to the Ferrer Melendez Claim on any other basis whatsoever.

V. **The Chevere Fraguada Response**

16. Chevere Fraguada filed a claim against ERS on May 22, 2018, which was logged by Prime Clerk as Proof of Claim No. 20600 (the "Chevere Fraguada Claim"). The Chevere Fraguada Claim asserts $35,000.00 in liabilities associated with allegedly accrued, but unpaid, salary increases. The Chevere Fraguada Claim does not attach any supporting documentation. Further, the Chevere Fraguada Claim asserts that it is secured.

17. The Chevere Fraguada Response was filed on July 21, 2021. Therein, Chevere Fraguada does not provide any basis for the assertion that the Chevere Fraguada Claim is secured. Instead, Chevere Fraguada asks that the Court "not dismiss [her] case" because she has "been

8

waiting 10 years for payment of 75% of what is owed to me." Chevere Fraguada Response at 1. The Chevere Fraguada Response attaches, among other things, a copy of the Chevere Fraguada Claim, and several pages from the Three Hundred Forty-Fifth Omnibus Objection.

18. The Three Hundred Forty-Fifth Omnibus Objection seeks only to reclassify the Chevere Fraguada Claim as a general unsecured claim, because the Chevere Fraguada Claim incorrectly asserts that it is secured. It does not purport to address the merits of the Chevere Fraguada Claim. The Chevere Fraguada Response does not dispute that the Chevere Fraguada Claim is not secured. Accordingly, the Chevere Fraguada Claim should be reclassified as a general unsecured claim. The Debtors reserve the right to object to the Chevere Fraguada Claim on any other basis whatsoever.

**VI. The Cabrera Torres Response**

19. Cabrera Torres filed a claim against the Commonwealth on May 8, 2018, which was logged by Prime Clerk as Proof of Claim No. 12337 (the "Cabrera Torres Claim"). The Cabrera Torres Claim asserts $68,000.00 in liabilities associated with a multi-plaintiff litigation captioned *Nilda Agosto Maldonado v. Department of Family, et al.*, No. KPE-2005-0608 (the "Agosto Maldonado Litigation"). As supporting documentation, the Cabrera Torres Claim attaches pleadings from the Agosto Maldonado Litigation. The Cabrera Torres Claim further asserts that it is secured.

20. The Cabrera Torres Response was filed on July 22, 2021. Therein, Cabrera Torres states: "I am writing to request that this honorable court reconsider my salary adjustment claim, and that it not be dismissed, as per the judgment." Cabrera Torres Response at 1. Cabrera Torres further states that "I would also like my claim to be secured" because she has "been waiting for about 10 years to be paid what is owed." *Id*. The Cabrera Response attaches, among other things,

9

pages from the Three Hundred Forty-Fifth Omnibus Objection, a judgment from the Agosto Maldonado Litigation, and correspondence relating to the Agosto Maldonado Litigation.

21. The Cabrera Torres Response does not establish that the Cabrera Torres Claim is secured. The only support the Cabrera Torres Response provides for the assertion that the Cabrera Torres Claim is secured—that Cabrera Torres has waited for ten years to be paid—does not establish that Cabrera Torres holds any security interest in the Debtors' property. Further, none of the supporting documentation submitted with either the Cabrera Torres Claim or the Cabrera Torres Response establishes a basis for the assertion that the Cabrera Torres Claim is secured. Accordingly, the Cabrera Torres Claim should be reclassified as a general unsecured claim. The Debtors reserve the right to object to the Cabrera Torres Claim on any other basis whatsoever.

## VII. The González De León Response

22. González De León filed a claim against the Commonwealth on May 8, 2018, which was logged by Prime Clerk as Proof of Claim No. 12312 (the "<u>González De León Claim</u>"). The González De León Claim asserts approximately $59,313.00 in liabilities associated with a judgment issued in the Agosto Maldonado Litigation. As supporting documentation, the González De León Claim attaches, among other things, a partial copy of a court judgment relating to the Agosto Maldonado Litigation, as well as other correspondence relating to the Agosto Maldonado Litigation. The González De León Claim further asserts that it is secured.

23. The González De Leon Response was filed on July 12, 2021. Therein, González De León asks the court "to reconsider my salary adjustment claim and not dismiss it" and "mark it as secured." González De León Response at 1. The González De León Response attaches, among other things, pages from the Three Hundred Forty-Fifth Omnibus Objection, pages from a

10

court judgment relating to the Agosto Maldonado Litigation, and correspondence relating to the Agosto Maldonado Litigation.

24. The González De León Response does not explain the basis for the assertion that the González De León Claim is secured. Further, none of the supporting documentation submitted with either the González De León Claim or the González De León Response establishes a basis for the assertion that the González De León Claim is secured. Accordingly, the González De León Claim should be reclassified as a general unsecured claim. The Debtors reserve the right to object to the González De León Claim on any other basis whatsoever.

**VIII. The Roman Ocasio Response**

25. Roman Ocasio filed a claim against the Commonwealth on May 15, 2018, which was logged by Prime Clerk as Proof of Claim No. 15520 (the "Roman Ocasio Claim," and together with the Vázquez Pagán Claim, the Ruíz Díaz Claim, the Colón Torres Claims, the Ferrer Melendez Claim, the Chevere Fraguada Claim, the Cabrera Torres Claim, and the González De León Claim, the "Claims"). The Roman Ocasio Claim asserts $15,000.00 in liabilities purportedly arising from accrued but unpaid monthly bonuses and salary adjustments. As supporting documentation, the Roman Ocasio Claim attaches pleadings from several separate litigations filed against the Puerto Rico Department of Health. The Roman Ocasio Claim also asserts that it is secured.

26. The Roman Ocasio Response was filed on July 30, 2021. Therein, Roman Ocasio does not provide any basis for the assertion the Roman Ocasio Claim is secured. Instead, Roman Ocasio asserts that she "do[es] not agree with the objection . . ., given that the complaint sent thereby demonstrates that it was filed with the [C]ourt of First Instance, Superior Court of Caguas,

11

PR". Roman Ocasio Response at 1. The Roman Ocasio Response attaches, among other things, additional pleadings filed in litigations brought against the Puerto Rico Department of Health.

27. The Three Hundred Forty-Fifth Omnibus Objection seeks only to reclassify the Roman Ocasio Claim as a general unsecured claim, because the Roman Ocasio Claim incorrectly asserts that it is secured. It does not purport to address the merits of the Roman Ocasio Claim. The Roman Ocasio Response does not dispute that the Roman Ocasio Claim is not secured. Accordingly, the Roman Ocasio Claim should be reclassified as a general unsecured claim. The Debtors reserve the right to object to the Roman Ocasio Claim on any other basis whatsoever.

28. Accordingly, the Debtors request that the Court grant the Three Hundred Forty-Fifth Omnibus Objection and disallow the Claims, notwithstanding the Responses.

[*Remainder of Page Intentionally Left Blank*]

| | |
|---|---|
| Dated: January 5, 2022<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>/s/ Hermann D. Bauer<br>Hermann D. Bauer<br>USDC No. 215205<br>Carla García Benítez<br>USDC No. 203708<br>Daniel J. Perez-Refojos<br>USDC No. 303909<br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel: (787) 764-8181<br>Fax: (787) 753-8944<br><br>*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative for the Commonwealth of Puerto Rico, Puerto Rico Highways and Transportation Authority, and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico*<br><br>/s/ Brian S. Rosen<br>Martin J. Bienenstock (*pro hac vice*)<br>Brian S. Rosen (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br><br>*Co-Attorneys for the Financial Oversight and Management Board for the Puerto Rico, as representative for the Commonwealth of Puerto Rico, Puerto Rico Highways and Transportation Authority, and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and Puerto Rico Public Buildings Authority* |