# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                              Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth, HTA, and ERS.** |

**REPLY OF THE COMMONWEALTH OF PUERTO RICO, THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, AND THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO RESPONSE FILED BY MAYRA TORRES RAMOS [ECF NO. 17485] TO THE THREE HUNDRED FORTY-SEVENTH OMNIBUS OBJECTION (SUBSTANTIVE) TO MISCLASSIFIED AND OVERSTATED CLAIMS**

To the Honorable United States District Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Highways and Transportation Authority ("HTA"), and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the Commonwealth and HTA,

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Debtors pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] file this reply (the "Reply") to the untitled response [ECF No. 17485] (the "Response") filed by Mayra E. Torres Ramos ("Torres Ramos"), and in support of the *Three Hundred Forty-Seventh Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Misclassified and Overstated Claims* [ECF No. 17109] (the "Three Hundred Forty-Seventh Omnibus Objection"). In support of this Reply, the Debtors respectfully represent as follows:

1. On June 18, 2021, the Debtors filed the Three Hundred Forty-Seventh Omnibus Objection seeking to reclassify and reduce certain claims that assert an incorrect or improper classification and that, as a result of the manner in which Prime Clerk, LLC, records and logs proofs of claim, are overstated on the claims registry in the Title III Cases (the "Claims to Be Reclassified and Reduced"). As explained in the Three Hundred Forty-Seventh Omnibus Objection, the Claims to Be Reclassified and Reduced incorrectly or improperly assert that they are secured and/or that they are entitled to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9). However, upon a reasonable review of the Claims to Be Reclassified and Reduced and the Debtors' books and records, the Debtors have concluded that the Claims to Be Reclassified and Reduced are not entitled to either administrative expense priority or secured status, and should appropriately be classified as general unsecured claims. In addition, each of the Claims to Be Reclassified and Reduced are recorded on the Title III claims registry as asserting double or triple

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

the actual liabilities asserted in the proof of claim, as demonstrated by the total amount identified by the applicable claimant in Box 8 of the proof of claim form.

2. Any party who disputed the Three Hundred Forty-Seventh Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on July 19, 2021, in accordance with the Court-approved notice attached to the Three Hundred Forty-Seventh Omnibus Objection as Exhibit C, which was served in English and Spanish on the individual creditors subject to the Three Hundred Forty-Seventh Omnibus Objection, the U.S. Trustee, and the Master Service List (as defined in the *Fifteenth Amended Case Management Order* [ECF No. 17127-1]).

3. Torres Ramos filed a claim against the Commonwealth on May 24, 2018, which was logged by Prime Clerk as Proof of Claim No. 25360 (the "Torres Ramos Claim"). The Torres Ramos Claim asserts liabilities purportedly arising from a litigation brought by former and current employees of the Puerto Rico Department of Family for allegedly accrued but unpaid salary increases. The Torres Ramos Claim further asserts that it is secured and entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). As set forth in the Three Hundred Forty-Seventh Omnibus Objection, only creditors who sold goods to the Debtors within twenty (20) days of commencement of the Debtors' Title III Cases[3] are entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9).

4. In addition, the Torres Ramos Claim asserts in Box 8 of the proof of claim form that the total amount of the claim is $151,200. However, because this value was also entered in Box 10 (which allows claimants to specify the amount of their claim asserted to be secured) and in Box 13 (which allows claimants to specify the amount of their claim asserted to be entitled to

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Three Hundred Forty-Seventh Omnibus Objection.

3

administrative expense priority), the Torres Ramos Claim is recorded on the Title III claims registry as asserting a total amount of $453,600.

5. On July 22, 2021, Torres Ramos filed the Response. The Response does not address the Debtors' contentions that the Torres Ramos Claim is (*i*) misclassified as a secured claim that is entitled to administrative expense priority, and (*ii*) overstated on the Title III claims registry. Rather, the Response contends that ERS used employees' retirement contributions to pay creditors, "without any prior notice and without authorization or consent, in gross violation and to the detriment of public employees, rendering said System inoperative." Response at 1. In light of ERS's alleged misuse of Torres Ramos's retirement contributions, Torres Ramos "respectfully request[s] that this money be returned." *Id*. As supporting documentation, the Response attaches, among other things, the Torres Ramos Claim and a retirement account statement.

6. Accordingly, the Response does not allege that Torres Ramos sold goods to the Commonwealth within the statutorily prescribed time frame. Nor does the Response assert any other basis entitling the Torres Ramos Claim to either secured status or administrative expense priority. Further, the Response does not contend that the Torres Ramos Claim intended to assert $453,600, rather than $151,200, as asserted in Box 8 of the proof of claim form. Because the Response does not provide a basis entitling the Torres Ramos Claim to administrative expense priority or secured status, the Torres Ramos Claim should be reclassified as a general unsecured claim. In addition, the Torres Ramos Claim should be reduced so that it asserts only $151,200 on the Title III claims registry. The Debtors reserve their right to object to the Torres Ramos Claim on any other basis whatsoever.

7. Accordingly, the Debtors respectfully request that the Court grant the Three Hundred Forty-Seventh Omnibus Objection notwithstanding the Response.

Dated: January 5, 2022
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative for the Commonwealth, HTA, and ERS*

*/s/ Brian S. Rosen*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Co-Attorneys for the Financial Oversight and Management Board for the Puerto Rico, as representative for the Commonwealth, HTA, and ERS*

5