UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth, HTA, and ERS.** |

**REPLY OF THE COMMONWEALTH OF PUERTO RICO, THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, AND THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO RESPONSES FILED BY STEPHANIE H. WILSON CRESPO [ECF NO. 17385], VERONICA ARROYO LÓPEZ [ECF NO. 17471], AND MAYRA E. TORRES RAMOS [ECF NO. 17485] TO THE THREE HUNDRED FIFTIETH OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO DUPLICATE LITIGATION CLAIMS**

To the Honorable United States District Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Highways and Transportation Authority ("HTA"), and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the Commonwealth and HTA,

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Debtors pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] file this reply (the "Reply") in support of the *Three Hundred Fiftieth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Duplicate Litigation Claims* [ECF No. 17111] (the "Three Hundred Fiftieth Omnibus Objection"). In support of this Reply, the Debtors respectfully represent as follows:

1. On June 18, 2021, the Debtors filed the Three Hundred Fiftieth Omnibus Objection seeking to disallow certain duplicative proofs of claim (the "Claims to Be Disallowed"). As set forth in the Three Hundred Fiftieth Omnibus Objection, each of the Claims to Be Disallowed purports to assert the same liabilities as those asserted in one of the following: (1) the master claims filed on behalf of all plaintiffs in the litigation captioned *Jeannette Abrams Diaz et al. v. Department of Transportation & Public Works*, Case No. KAC-2005-5021 (the "Abrams Diaz Master Claims"); (2) the master claim filed on behalf of all plaintiffs in the litigation captioned *Delfina Lopez Rosario et al. v. Puerto Rico Police Department*, Case No. 2001-10-372 (the "Lopez Rosario Master Claims"); (3) the master claims filed on behalf of all plaintiffs in the litigation captioned *Prudencio Acevedo Arocho et al. v. Puerto Rico Department of Treasury*, Case No. KAC-2005-5022 (the "Acevedo Arocho Master Claims"); (4) the master claims filed on behalf of all plaintiffs in the litigation captioned *Francisco Beltrán Cintrón et al. v. Puerto Rico Department of Family Affairs*, Case No. KAC-2009-0809 (the "Beltrán Cintrón Master Claims"); (5) the master

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

claims filed on behalf of all plaintiffs in the litigation captioned *Abraham Giménez et al. v. Puerto Rico Department of Transportation & Public Works*, Case No. KAC-2013-1019 (the "Abraham Giménez Master Claims"); (6) the master claims filed on behalf of all plaintiffs in the litigation captioned *Juan Pérez Colón et al. v. Puerto Rico Department of Transportation & Public Works*, Case No. KAC1990-0487 (the "Pérez Colón Master Claims"); (7) the master claim filed on behalf of all plaintiffs in the litigation captioned *Alejo Cruz Santos et al. v. Puerto Rico Department of Transportation & Public Works*, Case No. RET-2002-06-1493 (the "Cruz Santos Master Claim"); (8) the master claim filed on behalf of all plaintiffs in the litigation captioned *Frente Unido de Policías Organizados et al. v. Puerto Rico Police Department*, Case No. KAC-2007-4170 (the "FUPO Master Claim"); (9) the master claim filed on behalf of all plaintiffs in the litigation captioned *Alfredo Maldonado Colón et al. v. Puerto Rico Department of Corrections & Rehabilitation*, Case No. KAC-1996-1381 (the "Maldonado Colón Master Claim"); (10) the master claim filed on behalf of all plaintiffs in the litigation captioned *Educadores Puertorriqueños En Acción, Inc., et al. v. Rafael Ramón, et al.*, Case No. 2013-05-1716 (the "EPA Master Claim"); or (11) the master claim filed on behalf of all plaintiffs in the litigation captioned *Rosa Lydia Vélez v. Puerto Rico Department of Education*, KPE1980-1738, who have agreed to be represented by José E. Torres Valentín ("Torres Valentín") of Torres Valentín Estudio Legal, LLC (the "Vélez Master Claim") (collectively, the "Litigation Master Claims"). The Claims to Be Disallowed are, accordingly, duplicative of one or more Litigation Master Claims.

2. Any party who disputed the Three Hundred Fiftieth Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on July 19, 2021, in accordance with the Court-approved notice attached to the Three Hundred Fiftieth Omnibus Objection as Exhibit C, which was served in English and Spanish on the individual creditors subject to the Three

3

Hundred Fiftieth Omnibus Objection, the U.S. Trustee, and the Master Service List (as defined in the *Fifteenth Amended Case Management Order* [ECF No. 17127-1]).

3. The following responses addressing the Three Hundred Fiftieth Omnibus Objection were interposed:

- An untitled response [ECF No. 17385] (the "Wilson Crespo Response") filed by claimant Stephanie H. Wilson Crespo ("Wilson Crespo");

- An untitled response [ECF No. 17471] (the "Arroyo López Response") filed by claimant Veronica Arroyo López ("Arroyo López"); and

- An untitled response [ECF No. 17485] (the "Torres Ramos Response," and together with the Wilson Crespo Response and the Arroyo López Response, the "Responses") filed by claimant Mayra E. Torres Ramos ("Torres Ramos").

**I. The Wilson Crespo Response**

4. Wilson Crespo filed three claims against the Commonwealth on June 29, 2018, which were logged by Prime Clerk as Proofs of Claim Nos. 87128 (the "First Wilson Crespo Claim"), 87771 (the "Second Wilson Crespo Claim"), and 94832 (the "Third Wilson Crespo Claim, and collectively, the "Wilson Crespo Claims"). Each of the Wilson Crespo Claims asserts liabilities purportedly owed by the Puerto Rico Department of Education in unspecified amounts. The Second and Third Wilson Crespo Claims also allege that Wilson Crespo's sons were denied certain services by the Puerto Rico Department of Education. Further, the Second Wilson Crespo Claim attaches supporting documentation, comprising, among other things, case documents from the Lydia Vélez Litigation.³ The Vélez Master Claim identifies Wilson Crespo as a plaintiff in the Lydia Vélez Litigation.

---

³ Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Three Hundred Fiftieth Omnibus Objection.

4

5. The Wilson Crespo Response was filed on July 15, 2021. The Wilson Crespo Response does not address the Debtors' contention that the Wilson Crespo Claims are duplicative of the Vélez Master Claim. Instead, Wilson Crespo asserts that the Wilson Crespo Claims relate to "[s]ervices denied to my children." Wilson Crespo Response at 1. Further, the Wilson Crespo Response states that Wilson Crespo "would be grateful if you receive my Claims in the System . . . . I would like to continue with my Claims . . . ." *Id*. As supporting documentation, the Wilson Crespo Response attaches copies of pages from the Three Hundred Fiftieth Omnibus Objection, copies of completed information request forms, and additional filings from the Lydia Vélez Litigation.

6. The Wilson Crespo Response therefore does not dispute that the liabilities asserted in the Wilson Crespo Claims are duplicative of the liabilities asserted by the Vélez Master Claim. Accordingly, the Wilson Crespo Claims should be disallowed because it is duplicative of the Vélez Master Claim. Failure to disallow the Wilson Crespo Claims could result in an unwarranted double recovery to the detriment of other stakeholders in these Title III Cases. Wilson Crespo will not be prejudiced by the disallowance of the Wilson Crespo Claims, because the liabilities asserted by the Wilson Crespo Claims are preserved by the Vélez Master Claim.

**II.    The Arroyo López Response**

7. Arroyo López filed a claim against the Commonwealth on June 24, 2018, which was logged by Prime Clerk as Proof of Claim No. 49587 (the "<u>Arroyo Lopez Claim</u>"). The Arroyo López Claim asserts liabilities in the amount of $150,000.00, purportedly arising from violations of Puerto Rico disability law committed by the Puerto Rico Department of Education. The Vélez Master Claim identifies Arroyo López as a plaintiff in the Lydia Vélez Litigation.

5

8. The Arroyo López Response was filed on July 22, 2021. The Arroyo López Response does not address the Debtors' contention that the Arroyo López Claim is duplicative of the Vélez Master Claim. Instead, Arroyo López states: "I am requesting that the lawsuit against the Department of Special Education … remains active for the benefit of my son." Arroyo López Response at 1. The Arroyo López Response further states: "[i]n regards to the Omnibus Objection … I have no objection to be dismissed." *Id*.

9. The Arroyo López Response therefore does not dispute that the liabilities asserted in the Arroyo López is duplicative of the liabilities asserted by the Vélez Master Claim, and does not dispute the disallowance of the Arroyo López Claim. Accordingly, the Arroyo López Claim should be disallowed because it is duplicative of the Vélez Master Claim. Failure to disallow the Arroyo López Claim could result in an unwarranted double recovery to the detriment of other stakeholders in these Title III Cases. Arroyo López will not be prejudiced by the disallowance of the Arroyo López Claim, because the liabilities asserted by the Arroyo López Claim preserved by the Vélez Master Claim.

### III. The Torres Ramos Response

10. Torres Ramos filed a claim against the Commonwealth on August 1, 2018, which was logged by Prime Clerk as Proof of Claim No. 161653 (the "Torres Ramos Claim"). The Torres Ramos Claim asserts liabilities in the amount of $0.02, purportedly relating to Torres Ramos's employment at the Department of the Family. The Beltrán Cintrón Master Claims identify Torres Ramos as a plaintiff in the Beltrán Cintrón Litigation.

11. The Torres Ramos Response was filed on July 22, 2021. The Torres Ramos Response does not address the Debtors' contention that the Torres Ramos Claim is duplicative of the Beltrán Cintrón Master Claims. Instead, Torres Ramos states that "[t]he reason for my Claim

against the Employees' Retirement System is that the Government of Puerto Rico used my contributions into the Retirement System without formal authorization or request, including to pay its creditors." Torres Ramos Response at 1. For that reason, Torres Ramos "very respectfully request[s] that this money be returned." *Id*. The Torres Ramos Response attaches, among other things, the Torres Ramos Claim, a retirement account statement, and an employment verification from the Department of Administration for Families and Children.

12. The Torres Ramos Response therefore does not dispute that the liabilities asserted in the Torres Ramos Claim are duplicative of the liabilities asserted by the Beltrán Cintrón Master Claims. Accordingly, the Torres Ramos Claim should be disallowed because it is duplicative of the Beltrán Cintrón Master Claims. Failure to disallow the Torres Ramos Claim could result in an unwarranted double recovery to the detriment of other stakeholders in these Title III Cases. Torres Ramos will not be prejudiced by the disallowance of the Torres Ramos Claim, because the liabilities asserted by the Torres Ramos Claim are preserved by the Beltrán Cintrón Master Claims.

13. For the foregoing reasons, because the Responses do not contest disallowance of the duplicative Claims, the Debtors respectfully request that the Court grant the Three Hundred Fiftieth Objection and disallow the Claims, notwithstanding the Responses.

*[Remainder of Page Intentionally Left Blank]*

| | |
|---|---|
| Dated: January 5, 2022<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>/s/ Hermann D. Bauer<br>Hermann D. Bauer<br>USDC No. 215205<br>Carla García Benítez<br>USDC No. 203708<br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel: (787) 764-8181<br>Fax: (787) 753-8944<br><br>*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative for the Commonwealth of Puerto Rico, Puerto Rico Highways and Transportation Authority, and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico*<br><br>/s/ Brian S. Rosen<br>Martin J. Bienenstock (*pro hac vice*)<br>Brian S. Rosen (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br><br>*Co-Attorneys for the Financial Oversight and Management Board for the Puerto Rico, as representative for the Commonwealth of Puerto Rico, Puerto Rico Highways and Transportation Authority, and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and Puerto Rico Public Buildings Authority* |