**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                      Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth, HTA, and ERS.** |

**REPLY OF THE COMMONWEALTH OF PUERTO RICO, THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, AND THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO RESPONSES FILED BY ZULMA I. CRUZ IRIZARRY [ECF NO. 17406], YOLANDA RIVERA RIVERA [ECF NO. 17435], AND CARMEN RUÍZ DÍAZ [ECF NO. 17497] TO THE THREE HUNDRED FIFTY-FIRST OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO PARTIAL DUPLICATE LITIGATION CLAIMS**

**To the Honorable United States District Judge Laura Taylor Swain:**

The Commonwealth of Puerto Rico ("Commonwealth"), the Puerto Rico Highways and Transportation Authority ("HTA"), and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the Commonwealth and HTA, the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

"Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Debtors pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] file this reply (the "Reply") in support of the *Three Hundred Fifty-First Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Partial Duplicate Litigation Claims* [ECF No. 17112] (the "Three Hundred Fifty-First Omnibus Objection"). In support of this Reply, the Debtors respectfully represent as follows:

1. On June 18, 2021 the Debtors filed the Three Hundred Fifty-First Omnibus Objection seeking to partially disallow claims that are substantively duplicative, in part, of other proofs of claim filed in the Title III Cases (collectively, the "Claims to Be Partially Disallowed"). As set forth in the Three Hundred Fifty-First Omnibus Objection and supporting exhibits thereto, each of the Claims to Be Partially Disallowed assert, in part, the same liabilities as those asserted in: (1) the master claims filed on behalf of all plaintiffs in the litigation captioned *Jeannette Abrams Diaz et al. v. Department of Transportation & Public Works*, No. KAC2005-5021 (the "Abrams Diaz Master Claims"); (2) the master claims filed on behalf of all plaintiffs in the litigation captioned *Delfina Lopez Rosario et al. v. Puerto Rico Police Department*, No. T-01-10-372 (the "Lopez Rosario Master Claims"); (3) the master claim filed on behalf of all plaintiffs in the litigation captioned *Acevedo Arocho et al. v. Puerto Rico Department of Treasury*, No. KAC2005-5022 (the "Acevedo Arocho Master Claims"); (4) the master claim filed on behalf of all plaintiffs in the litigation captioned *Madeline Acevedo Camacho et al. v. Puerto Rico Department of Family*

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

*Affairs*, No. 2016-05-1340 (the "Acevedo Camacho Master Claim"); (5) the master claim filed on behalf of all plaintiffs in the litigation captioned *Francisco Beltrán Cintrón et al. v. Puerto Rico Department of Family Affairs*, No. KAC2009-0809 (the "Beltrán Cintrón Master Claim"); (6) the master claim filed on behalf of all plaintiffs in the litigation captioned *Abraham Giménez et al. v. Puerto Rico Department of Transportation & Public Works*, No. KAC2013-1019 (the "Abraham Giménez Master Claim"); (7) the master claim filed on behalf of all plaintiffs in the litigation captioned *Juan Pérez Colón et al. v. Puerto Rico Department of Transportation & Public Works*, No. KAC1990-0487 (the "Pérez Colón Master Claim"); (8) the master claim filed on behalf of all plaintiffs in the litigation captioned *Frente Unido de Policías Organizados et al. v. Puerto Rico Police Department*, No. KAC2007-4170 (the "FUPO Master Claim"); (9) the master claim filed on behalf of all plaintiffs in the litigation captioned *Alfredo Maldonado Colón et al. v. Puerto Rico Department of Corrections & Rehabilitation*, No. KAC96-1381 (the "Maldonado Colón Master Claim"); or (10) the master claim filed on behalf of all plaintiffs in the litigation captioned *Rosa Lydia Vélez v. Puerto Rico Department of Education*, KPE1980-1738, who have agreed to be represented by José E. Torres Valentín ("Torres Valentín") of Torres Valentín Estudio Legal, LLC (the "Vélez Master Claim", and collectively, the "Litigation Master Claims"). The Claims to Be Partially Disallowed are, accordingly, duplicative in part of one or more Litigation Master Claims.

2. Any party who disputed the Three Hundred Fifty-First Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on July 19, 2021 in accordance with the Court-approved notice attached to the Three Hundred Fifty-First Omnibus Objection as Exhibit C, which was served in English and Spanish on the individual creditors subject to the Omnibus Objections, the U.S. Trustee, and the Master Service List (as defined in the *Fifteenth*

3

*Amended Notice, Case Management and Administrative Procedures* [ECF No. 17127-1]). *See Certificate of Service* [ECF No. 18194].

3. The following responses addressing the Three Hundred Fifty-First Omnibus Objection were interposed:

- An untitled response [ECF No. 17406] (the "Cruz Irizarry Response") filed by claimant Zulma Cruz Irizarry ("Cruz Irizarry"),

- An untitled response [ECF No. 17435] (the "Rivera Response") filed by claimant Yolanda Rivera Rivera ("Rivera"), and

- An untitled response [ECF No. 17497] (the "Ruíz Díaz Response," and together with the Cruz Irizarry Response and Rivera Response, the "Responses") filed by claimant Carmen Maria Ruíz Díaz ("Ruíz Díaz").

**I. The Cruz Irizarry Response**

4. Cruz Irizarry filed a proof of claim against the Commonwealth on June 27, 2018, which was logged by Prime Clerk as Proof of Claim No. 102255 (the "Cruz Irizarry Claim"). The Cruz Irizarry Claim purports to assert liabilities in the amount of $105,600 based, in part, on her status as a plaintiff in the Lopez Rosario Litigation against the Puerto Rico Police Department. The Lopez Rosario Master Claims identify Cruz Irizarry as a plaintiff in the Lopez Rosario Litigation.[3]

5. The Cruz Irizarry Response, a Spanish-language letter, was filed on July 19, 2021. Therein, Cruz Irizarry does not address Debtors' contention that the Cruz Irizarry Claim is partially duplicative of the Lopez Rosario Master Claims. Instead, the Cruz Irizarry Response contains a list of supporting documentation purportedly attached to the response, together with a copy of the Cruz Irizarry Claim, copies of correspondence and other documentation relating to Police

---

[3] Capitalized terms not defined herein shall the meaning ascribed to them in the Three Hundred Fifty-First Omnibus Objection.

4

Department salaries, and court filings from the Lopez Rosario Litigation. *See generally* Cruz Irizarry Response.

6. The Cruz Irizarry Response therefore does not dispute that the liabilities asserted in the Cruz Irizarry Claim are partially duplicative of the liabilities asserted by the Lopez Rosario Master Claims. Accordingly, the Cruz Irizarry Claim should be partially disallowed because it is duplicative of the Lopez Rosario Master Claims. Failure to partially disallow the Cruz Irizarry Claim could result in an unwarranted double recovery to the detriment of other stakeholders in these Title III Cases. Cruz Irizarry will not be prejudiced by the partial disallowance of the Cruz Irizarry Claim, because the liabilities asserted by the Cruz Irizarry Claim are preserved by the Lopez Rosario Master Claims.

**II. The Rivera Response**

7. Rivera filed a proof of claim against the Commonwealth on May 7, 2018, which was logged by Prime Clerk as Proof of Claim No. 10904 (the "Rivera Claim"). The Rivera Claim purports to assert liabilities in the amount of $52,914.92, based, in part, on Rivera's status as a plaintiff in the litigation captioned *Nilda Agosto Maldonado, et al. v. Commonwealth of Puerto Rico*, Case No. KPE-2005-0608 (the "Nilda Agosto Litigation") and the litigation captioned *Carmen Socorro Cruz Hernandez, et al. v. Commonwealth of Puerto Rico*, Case No. KAC-1991-0665 ("Socorro Cruz Litigation"). In addition, the Beltrán Cintrón Master Claims identify Rivera as a plaintiff in the Beltrán Cintrón Litigation.

8. The Rivera Response, a Spanish-language letter, was filed on July 19, 2021. The Rivera Response does not address Debtors' contention that the Rivera Claim is duplicative, in part, of the Beltrán Cintrón Master Claims. Rather, the Rivera Response "reiterates [Rivera's] interest in receiving the benefits that I am entitled to under the judgment in the lawsuit . . .[.]" Rivera

5

Response at 3. Although no judgment has been entered in the Beltrán Cintrón Litigation to date, both the Nilda Agosto Litigation and the Socorro Cruz Litigation have resulted in judgments.

9. To the extent the Rivera Claim asserts liabilities associated with the Beltrán Cintrón Litigation, the Rivera Response does not dispute that the liabilities asserted in the Rivera Claim are partially duplicative of the liabilities asserted by the Beltrán Cintrón Master Claims. Accordingly, the Rivera Claim should be partially disallowed to the extent it is duplicative of the Beltrán Cintrón Master Claims. Failure to partially disallow the Rivera Claim could result in an unwarranted double recovery to the detriment of other stakeholders in these Title III Cases. Rivera will not be prejudiced by the partial disallowance of the Rivera Claim, because the liabilities asserted by such portion Rivera Claim are preserved by the Beltrán Cintrón Master Claims. Rivera will retain the Rivera Claim to the extent it asserts liabilities associated with the Socorro Cruz Litigation or the Nilda Agosto Litigation.

### III. The Ruíz Díaz Response

10. Ruíz Díaz filed a proof of claim against the Commonwealth on June 27, 2018, which was logged by Prime Clerk as Proof of Claim No. 113880 (the "Ruíz Díaz Claim," and together with the Cruz Irizarry Claim and the Rivera Claim, the "Claims"). The Ruíz Díaz Claim purports to assert liabilities in an unspecified amount based, in part, on the Lopez Rosario Litigation. The Lopez Rosario Master Claims identify Ruíz Díaz as a plaintiff in the Lopez Rosario Litigation.

11. The Ruíz Díaz Response, a Spanish-language letter, was filed on July 20, 2021. Therein, Ruíz Díaz does not address the Debtors' contention that the Ruíz Díaz Claim is partially duplicative of the Lopez Rosario Master Claims. Rather, the Ruíz Díaz Response states that Ruíz Díaz seeks "payment under this Delfina [] case." Ruíz Díaz Response at 1-2. The Ruíz Díaz

6

Response attaches as supporting documentation a copy of the Ruíz Díaz Claim and correspondence relating to Puerto Rico Police Department salaries, among other things.

12. The Ruíz Díaz Response therefore does not dispute that the liabilities asserted in the Ruíz Díaz Claim are partially duplicative of the liabilities asserted by the Lopez Rosario Master Claims. Accordingly, the Ruíz Díaz Claim should be partially disallowed because it is duplicative of the Lopez Rosario Master Claims. Failure to partially disallow the Ruíz Díaz Claim could result in an unwarranted double recovery to the detriment of other stakeholders in these Title III Cases. Ruíz Díaz will not be prejudiced by the partial disallowance of the Ruíz Díaz Claim, because the liabilities asserted by the Ruíz Díaz Claim are preserved by the Lopez Rosario Master Claims.

13. For the foregoing reasons, the Debtors respectfully request that the Court grant the Three Hundred Fifty-First Omnibus Objection and partially disallow the Claims, notwithstanding the Responses.

[*Remainder of page intentionally left blank*]

Dated: January 5, 2022
    San Juan, Puerto Rico

Respectfully submitted,

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*/s/ Brian S. Rosen*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico*