UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth and HTA.** |

**REPLY OF THE COMMONWEALTH OF PUERTO RICO TO RESPONSE FILED BY CLAIMANT BODNAR TRUST [ECF NO. 18410] TO THE THREE HUNDRED FIFTY-FIFTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO AND THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY TO PARTIAL DUPLICATE, DEFICIENT, NO LIABILITY, AND INCORRECT DEBTOR BOND CLAIMS**

To the Honorable United States District Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth") and the Puerto Rico Highways and Transportation Authority ("HTA," and together with the Commonwealth, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Debtors pursuant to section 315(b) of the *Puerto*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] file this reply (the "Reply") to the response [ECF No. 18410] (the "Response") filed by claimant the Bodnar Trust U/A Dated 12/28/2001 (the "Bodnar Trust") to the *Three Hundred Fifty-Fifth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority to Partially Duplicate, Deficient, No Liability, and Incorrect Debtor Bond Claims* [ECF No. 17096] (the "Three Hundred Fifty-Fifth Omnibus Objection"). In support of this Reply, the Debtors respectfully state as follows:

1. On June 18, 2021, the Oversight Board filed the Three Hundred Fifty-Fifth Omnibus Objection seeking to disallow certain claims, each of which purports to be based, in part, on (*a*) bonds issued by the Puerto Rico Sales Tax Financing Corporation ("COFINA"), (*b*) bond claims that are duplicative of one or more master proofs of claim filed against the Debtors on behalf of the holders of certain bonds, (*c*) bond claims that assert liabilities associated with secondarily insured bonds that are duplicative of master proofs of claim filed against the Debtors on behalf of the holders of certain bonds, (*d*) an ownership interest in bonds issued by the Government Development Bank of Puerto Rico ("GDB"), and/or (*e*) an ownership interest in bonds issued by the Puerto Rico Aqueducts and Sewers Authority ("PRASA"), which is not a Title III Debtor, for amounts for which the Commonwealth has not guaranteed repayment. In addition, each of the proofs of claim subject to the Three Hundred Fifty-Fifth Omnibus Objection (1) are deficient because they fail to provide sufficient information to enable the Debtors to reconcile the proofs of claim and (2) should be partially reclassified because a portion of the claim identifies either the Commonwealth or HTA as obligor, when that portion of the claim is properly asserted, if at all, against the Puerto Rico Electric Power Authority ("PREPA"). A portion of each of the

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

2

claims subject to the Three Hundred Fifty-Fifth Omnibus Objection will remain asserted against PREPA.

2. Any party who disputed the Three Hundred Fifty-Fifth Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on July 19, 2021, in accordance with the Court-approved notice attached to the Three Hundred Fifty-Fifth Omnibus Objection as Exhibit C, which was served in English and Spanish on the individual creditors subject to the Three Hundred Fifty-Fifth Omnibus Objection, the U.S. Trustee, and the Master Service List (as defined by the *Fifteenth Amended Case Management Procedures* [ECF No. 17127-1]).

3. The Bodnar Trust filed a proof of claim against HTA on April 10, 2018, and it was logged by Prime Clerk as Proof of Claim No. 6850 (the "Bodnar Trust Claim"). The Bodnar Trust Claim asserts liabilities based on an ownership interest in secondarily insured bonds issued by HTA bearing CUSIP No. 745190R67 in an amount of $25,000.00 (the "HTA Bond Claim"). The Bodnar Trust Claim also attached an information request and brokerage statement purporting an ownership interest in bonds issued by PREPA bearing CUSIP No. 74526QCL4 in an amount of $25,000.00 (the "PREPA Bond Claim").

4. On October 5, 2021, the Bodnar Trust filed the Response. Therein, the Bodnar Trust asserts the relief sought in the Three Hundred Fifty-Fifth Omnibus Objection should not be granted because, among other things, (1) the Master Claims identified in the Three Hundred Fifty-Fifth Omnibus Objection purportedly "do not duplicate Respondent's Claim #6850 . . . since BNYM denies any knowledge of [the Bodnar Trust's] HTA Bond," Response ¶ 6; (2) "[d]sallowance of Claim No 6850 is not supported since Petitioner does not submit any other supporting Master Proofs of Claims . . . which allegedly duplicate" the HTA Bond Claim, *id*. ¶ 7; and (3) reclassification of the PREPA Bond Claim "is based upon inaccurate facts . . . [as the Bodnar Trust's] Proof of Claim # 6737 relates solely to" the PREPA Bond Claim, *id*. ¶ 8.

5. The Response fails to refute the fact that the HTA Bond Claim asserts liabilities associated with Secondarily Insured Bonds that are duplicative of proofs of claim filed against the Debtors on behalf of the holders of HTA Bonds. As set forth in the Three Hundred Fifty-Fifth Omnibus Objection, BNYM filed three master proofs of claim in the HTA Title III Case on behalf of the holders of the HTA Bonds (collectively, the "<u>HTA Title III Master Claims</u>"): Proof of Claim No. 37245, asserting on behalf of holders of bonds issued under the 1968 Resolution approximately $847 million in liabilities plus unliquidated amounts; Proof of Claim No. 38574, asserting on behalf of holders of bonds issued under the 1998 Resolution approximately $3.2 billion in liabilities plus unliquidated amounts; and Proof of Claim No. 32622, asserting on behalf of holders of subordinated bonds issued under the 1998 Resolution approximately $279 million in liabilities plus unliquidated amounts.

6. Certain bonds or notes issued by HTA have been insured by one of several municipal bond insurers, either on the primary market or on the secondary market. Municipal bond insurance is obtained on the primary market when the municipality issuing the bonds engages an insurance company to underwrite an insurance policy for that series of bonds. In the event that a bond is not insured on the primary market, holders of such uninsured bonds may elect to obtain insurance via the secondary market. Holders of uninsured bonds who seek to obtain insurance in the secondary market contract directly with a municipal bond insurer and the original issuer is not part of this contract process. When a holder of an uninsured bond obtains an insurance policy on the secondary market, a new CUSIP number is issued which corresponds to the original CUSIP numbers assigned to the bonds at the time of issuance. Certain bonds issued by HTA have been insured on the secondary market and, accordingly, have been issued new CUSIP numbers which correspond to bonds issued by HTA bearing original CUSIP numbers.

7. Here, the HTA Bond Claim asserts an ownership interest in a secondarily insured HTA bond bearing CUSIP No. 745190R67.[3] This CUSIP number is associated with an HTA Transportation Revenue Bond (2007 Series N) bearing original CUSIP No. 745190ZR2 (the "Original CUSIP").[4] Proof of Claim No. 38574, one of the HTA Title III Master Claims, expressly asserts liabilities associated with the Original CUSIP. *See* Addendum to Proof of Claim No. 38574 of the Bank of New York Mellon ¶ 11 (claiming HTA 2007 Series A bonds); App'x. A at 16 (claiming CUSIP No. 745190ZR2). Therefore, the HTA Bond Claim asserts liabilities associated with bonds issued by HTA that are duplicative of liabilities asserted by the HTA Title III Master Claims.[5]

8. Any failure to disallow the HTA Bond Claim will result in the Bodnar Trust potentially receiving an unwarranted double recovery against the Debtors, to the detriment of other stakeholders in the Debtors' Title III cases. The Bodnar Trust will not be prejudiced by the disallowance of the HTA Bond Claim because the liabilities associated with the HTA Bond Claim are subsumed within the HTA Title III Master Claims.

9. With respect to the PREPA Bond Claim, to the extent the Bodnar Trust Claim seeks to assert the PREPA Bond Claim against HTA, the Debtors respectfully request that portion of the PREPA Bond Claim be disallowed as duplicative of Proof of Claim No. 6737, which, as set forth in the Response, asserts the PREPA Bond Claim against PREPA. The Bodnar Trust will not be prejudiced by this disallowance because it will retain Proof of Claim No. 6737, which remains

---

[3] https://emma.msrb.org/Security/Details/A8945C67B2D15EF6319BAA401CE732A5D.
[4] https://emma.msrb.org/Security/Details/A336A911AABB9EC1C772C3DA91FD13DFC.
[5] The Response contains an unsubstantiated assertion that "Respondent contacted BNYM by email in which BNYM responded that BNYM is not familiar with Respondent's HTA Bond," [ECF No. 18410-1 ¶ 2A]. The Response did not attach either the email sent to BNYM or the response from BNYM, and accordingly, it is impossible to address the response provided by BNYM. Notably, however, BNYM may not have access to the new CUSIP numbers issued when a bond is secondarily insured because, as noted above, the original issuer is not involved in the secondary insurance process.

pending against PREPA. The Debtors reserve all of their rights to object to the PREPA Bond Claim and Proof of Claim No. 6737 on any grounds whatsoever.

10. Accordingly, the Debtors respectfully request that the Court grant the Three Hundred Fifty-Fifth Omnibus Objection and disallow the Bodnar Trust Claim, notwithstanding the Response.

[*Remainder of Page Intentionally Left Blank*]

Dated: January 5, 2022
      San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García-Benítez
USDC No. 203708
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

/s/ *Brian S. Rosen*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority*