# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

### REPLY OF THE COMMONWEALTH OF PUERTO RICO TO THE RESPONSE FILED BY VICTOR O. HENSON BUSQUETS [ECF NO. 18251] TO THE THREE HUNDRED SIXTY-FIFTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE COMONWEALTH OF PUERTO RICO TO MISCLASSIFIED AND OVERSTATED CLAIMS

**To the Honorable United States District Judge Laura Taylor Swain:**

The Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Debtor pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this reply (the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

"Reply") to the *Motion in Response to Order Granting the Commonwealth of Puerto Rico's Three Hundred Sixty-Fifth Omnibus (Substantive) Objection to Erroneously Classified and Overestimated Claims* [ECF No. 18251] (the "Response") filed by claimant Victor O. Henson Busquets (the "Henson Busquets") to the *Three Hundred Sixty-Fifth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Misclassified and Overstated Claims* [ECF No. 17932] (the "Three Hundred Sixty-Fifth Omnibus Objection"). In support of this Reply, the Commonwealth respectfully represents as follows:

1. On August 20, 2021, the Commonwealth filed the Three Hundred Sixty-Fifth Omnibus Objection seeking to reclassify certain claims that assert an incorrect or improper classification and that, as a result of the manner in which Prime Clerk, LLC, records and logs proofs of claim, are overstated on the claims registry in the Title III Cases (the "Claims to Be Reclassified and Reduced"), each as listed on Exhibit A thereto. As explained in the Three Hundred Sixty-Fifth Omnibus Objection, the Claims to Be Reclassified and Reduced incorrectly or improperly assert that they are secured and/or that they are entitled to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9). However, upon a reasonable review of the Claims to Be Reclassified and Reduced and the Debtors' books and records, the Debtors have concluded that the Claims to Be Reclassified and Reduced are not entitled to either administrative expense priority or secured status, and should appropriately be classified as general unsecured claims. In addition, each of the Claims to Be Reclassified and Reduced are recorded on the Title III claims registry as asserting double or triple the actual liabilities asserted in the proof of claim, as demonstrated by the total amount identified by the applicable claimant in Box 8 of the proof of claim form.

2. Any party who disputed the Three Hundred Sixty-Fifth Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on September 20, 2021 in

accordance with the Court-approved notice attached to the Three Hundred Sixty-Fifth Omnibus Objection as Exhibit C, which was served in English and Spanish on the individual creditors subject to the Omnibus Objections, the U.S. Trustee, and the Master Service List (as defined in the *Fifteenth Amended Notice, Case Management and Administrative Procedures* [ECF No. 17127-1]). *See Certificate of Service* [ECF No. 17989].

3. Henson Busquets filed a claim against the Commonwealth on June 1, 2018, which was logged by Prime Clerk as Proof of Claim No. 33429 (the "Henson Busquets Claim"). The Henson Busquets Claim asserts liabilities purportedly owed by the Housing Department. The Henson Busquets Claim further asserts that it is secured and entitled to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9). As set forth in the Three Hundred Sixty-Fifth Omnibus Objection, only creditors who sold goods to the Debtors within twenty (20) days of commencement of the Debtors' Title III Cases[3] are entitled to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9). The Henson Busquets Claim attaches as supporting documentation several case filings made in a lawsuit brought by Henson Busquets against the Commonwealth and the Municipality of Lares.

4. In addition, the Henson Busquets Claim asserts liabilities in the amount of $1,500,000 in Box 7 of the proof of claim form (which allows claimants to specify any amounts due after the Petition Date but before June 30, 2017), in Box 10 (which allows claimants to specify the amount of their claim asserted to be secured), and in Box 13 (which allows claimants to specify the amount of their claim asserted to be entitled to administrative expense priority). For that reason, the Henson Busquets Claim is recorded on the Title III claims registry as asserting a total amount of $4,500,000.

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Three Hundred Sixty-Fifth Omnibus Objection.

5. The Response was filed with the Court on April 24, 2021, and docketed as ECF No. 18251 on the same day. Therein, Henson Busquets alleges that the Henson Busquets Claim arises from "plans related to the Construction Project of 250 lots for the construction of low-income housing at low cost." Response at 1. The Response further contends Henson Busquets is "suing for the $4,500,000 I am claiming" because he "owe[s] about $4.5 million in equipment rental and acquisition of the . . . land for the project, plans, and permit issuance . . . ." *Id*. The Henson Busquets Response does not address the Debtors' contentions that the Henson Busquets Claim is (*i*) misclassified as a secured claim that is entitled to administrative expense priority, and (*ii*) overstated on the Title III claims registry.

6. The Response does not allege that Henson Busquets sold goods to the Commonwealth within the statutorily prescribed time frame. Nor does the Response assert any other basis entitling the Henson Busquets Claim to either secured status or administrative expense priority. Further, although the Response purports to claim liabilities in a total asserted amount of $4.5 million, neither the Response nor the Henson Busquets Claim and its supporting documentation provide a valid basis for asserting liabilities in the amount of $4.5 million.

7. Because the Henson Busquets Response does not provide a basis entitling the Henson Busquets Claim to administrative expense priority or secured status, the Henson Busquets Claim should be reclassified as a general unsecured claim. In addition, because neither the Response nor the Henson Busquets Claim support an assertion of liabilities in the total asserted amount of $4.5 million, the Henson Busquets Claim should be reduced so that it asserts only $1,500,000 on the Title III claims registry. The Debtors reserve their right to object to the Henson Busquets Claim on any other basis whatsoever.

4

8. For the foregoing reasons, the Debtors respectfully request that the Court grant the Three Hundred Sixty-Fifth Omnibus Objection and reclassify the Henson Busquets Claim, notwithstanding the Response.

Dated: January 5, 2022
      San Juan, Puerto Rico

Respectfully submitted,

/s/ Hermann D. Bauer
Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

/s/ Brian S. Rosen
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth of Puerto Rico*