UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                      Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth and ERS.** |

**REPLY OF THE COMMONWEALTH OF PUERTO RICO AND THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO THE RESPONSE FILED BY AGUSTÍN GONZÁLEZ VELÁZQUEZ [ECF NO. 18070] TO THE THREE HUNDRED SEVENTY-NINTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMONWEALTH OF PUERTO RICO TO PARTIAL NO LIABILITY LITIGATION CLAIMS**

**To the Honorable United States District Judge Laura Taylor Swain:**

The Commonwealth of Puerto Rico (the "Commonwealth") and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the Commonwealth, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Debtors pursuant

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] file this reply (the "Reply") to the response [ECF No. 18070] (the "Response") filed by claimant Agustín González Velázquez ("González Velázquez") to the *Three Hundred Seventy-Ninth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Partial No Liability Litigation Claims* [ECF No. 17914] (the "Three Hundred Seventy-Ninth Omnibus Objection"). In support of this Reply, the Debtors respectfully represent as follows:

1. On August 20, 2021 the Debtors filed the Three Hundred Seventy-Ninth Omnibus Objection seeking to disallow claims that seek recovery for amounts for which the Debtors are partially not liable, as set forth on Exhibit A thereto (collectively, the "Claims to Be Partially Disallowed").[3] As set forth in the Three Hundred Seventy-Ninth Omnibus Objection and supporting exhibits thereto, each of the Claims to Be Partially Disallowed purports to assert, in part, liabilities associated with certain multi-plaintiff litigations brought against the Commonwealth, one of its component agencies, and/or one of its instrumentalities. However, based on the master proofs of claim filed on behalf of all plaintiffs in such litigations, the claimants associated with the Claims to Be Partially Disallowed are not named plaintiffs in the litigations they assert.

2. Any party who disputed the Three Hundred Seventy-Ninth Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on September 20, 2021 in accordance with the Court-approved notice attached to the Three Hundred Seventy-Ninth Omnibus Objection as Exhibit C, which was served in English and Spanish on the individual creditors

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Three Hundred Seventy-Ninth Omnibus Objection.

subject to the Omnibus Objections, the U.S. Trustee, and the Master Service List (as defined in the *Fifteenth Amended Notice, Case Management and Administrative Procedures* [ECF No. 17127-1]). *See Certificate of Service* [ECF No. 17989].

3. The Response, a Spanish-language letter dated August 31, 2021, was filed with the Court on September 9, 2021, and docketed as ECF No. 18070 on September 10, 2021. Therein, González Velázquez alleges that his proof of claim, which was filed against the Commonwealth on September 30, 2019 and logged by Prime Clerk as Proof of Claim No. 171214 (the "Claim"), is based in part on liabilities associated with the litigation captioned *Alfredo Maldonado Colón et al. v. Puerto Rico Department of Corrections & Rehabilitation*, No. KAC-1996-1381 (the "Maldonado Colón Litigation"). The González Velázquez Response attaches a judgment issued in the Maldonado Colón Litigation, and states that "[a]mong the cases I am claiming is the *Alfredo Maldonado Rodríguez et al. v. Zoé Laboy Alvarado, et al.* matter." González Velázquez Response at 1.

4. As set forth in the Three Hundred Seventy-Ninth Omnibus Objection, however, a master proof of claim was filed on behalf of all plaintiffs in the Maldonado Colón Litigation, Proof of Claim No. 152372 (the "Maldonado Colón Master Claim"). The Maldonado Colón Master Claim includes a list of plaintiffs who are purportedly parties to the judgment. González Velázquez does not appear in the listing of plaintiffs incorporated into the Maldonado Colón Master Claim, and therefore, the Commonwealth is not liable to González Velázquez for the liabilities asserted in the Maldonado Colón Litigation. The Response, which merely attaches a judgment in the Maldonado Colón Litigation and does not identify the plaintiffs that are parties to the judgment, does not demonstrate otherwise. In any event, even if González Velázquez were a plaintiff in the Maldonado Colón Litigation, the portion of the Claim asserting liabilities arising

3

from the Maldonado Colón Litigation would nevertheless be subsumed within the Maldonado Colón Master Claim. Therefore, González Velázquez will not be prejudiced by the partial disallowance of the González Velázquez Claim because the liabilities asserted by the portion of the González Velázquez Claim asserting the Maldonado Colón Litigation are preserved by the Maldonado Colón Master Claim.

5. Accordingly, the Debtors respectfully request that the Court grant the Three Hundred Seventy-Ninth Omnibus Objection and partially disallow the Claim, notwithstanding the Response.

Dated: January 5, 2022
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*/s/ Brian S. Rosen*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico*

4