UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO
et al.,

                  Debtors.[1]

------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

MEMORANDUM ORDER GRANTING IN PART AND DENYING
IN PART MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Before the Court is the *Motion for Relief from the Automatic Stay* (Docket Entry No. 19480 in Case No. 17-3283,[2] the "Motion"), filed by IMO Investment S.E., Israel Santiago-Lugo, Celenia Reyes-Padilla, Jason Santiago-Rosado, Israel Santiago-Rosado, and Deniel Santiago-Rosado (collectively, the "Movants"), which the Court construes as seeking relief from

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Unless otherwise specified, all docket entry references in the remainder of this Memorandum Order are to entries in Case No. 17-3283.

the automatic stay imposed by the filing of the above-captioned Title III case on a case captioned Santiago-Lugo v. United States, Case No. 18-1850 (the "Appeal"), which is currently pending before the United States Court of Appeals for the First Circuit, on appeal from IMO Investment v. United States, Case No. 16-03150 (the "Dismissed Action") in the United States District Court for the District of Puerto Rico.

The Court has carefully considered the parties' submissions.[3] For the following reasons, the Motion is granted in part and denied in part.

## Background

*Criminal Actions and Appeal*

In 1996, Mr. Israel Santiago-Lugo was convicted of engaging in a continuing criminal enterprise in violation of 18 U.S.C. § 2 and 21 U.S.C. § 848, and criminal forfeiture was imposed pursuant to 18 U.S.C. § 982 and 21 U.S.C. § 853. (See *Response of the Commonwealth of Puerto Rico to Motion for Relief from Automatic Stay filed by IMO Investment S.E., Israel Santiago-Lugo, Celenia Reyes-Padilla, Jason Santiago-Rosado, Israel Santiago-Rosado, and Deniel Santiago-Rosado* (Docket Entry No. 19589, the "Response") ¶ 1.) Mr. Jason Santiago-Rosado, Mr. Israel Santiago-Rosado, and Mr. Deniel Santiago-Rosado, Ms. Celenia Reyes-Padilla, and IMO Investment S.E. (Mr. Santiago-Lugo's inactive corporation) were convicted of similar charges. (Id.) IMO Investment S.E. was also a claimant in civil forfeiture proceedings

---

[3] The Court has received and reviewed the *Response of the Commonwealth of Puerto Rico to Motion for Relief from Automatic Stay filed by IMO Investment S.E., Israel Santiago-Lugo, Celenia Reyes-Padilla, Jason Santiago-Rosado, Israel Santiago-Rosado, and Deniel Santiago-Rosado* (Docket Entry No. 19589). Pursuant to the Court's *Order Scheduling Briefing of Motion for Relief from the Automatic Stay* (Docket Entry No. 19493), Movants' reply papers were due on December 29, 2021. No reply papers have been filed to date.

that were dismissed after the properties subject to the proceedings were criminally forfeited. (Id.) Movants have pursued various criminal appeals in connection with their criminal convictions and commenced several civil suits related to issues underlying the criminal actions over the past 25 years.[4] (Id. ¶ 2.)

*Dismissed Action*

On December 15, 2016, Movants commenced a civil action against the Commonwealth and various Commonwealth employees, among other defendants, seeking damages in connection with claims relating to personal injury, wrongful conviction, constitutional violations, and the criminal forfeiture of IMO Investment S.E. (Id. ¶¶ 2-3.) (Mot. at 2.) On March 13, 2018, the District Court dismissed the complaint, sua sponte, determining the claims contained therein were frivolous within the meaning of 28 U.S.C. §§ 1915A and

---

[4] See, e.g. Santiago-Lugo v. United States, 94 F. Supp. 3d 156, 158 (D.P.R. 2015) (collecting cases filed by Mr. Santiago-Lugo and stating that "[t]here comes a point in time where frivolous collateral litigation must stop."); Santiago-Lugo v. United States, 559 U.S. 1002 (2010) (denying leave to proceed in forma pauperis, dismissing petition for writ of certiorari, and directing Clerk not to accept any further petitions in non-criminal matters from petitioner unless docketing fee paid, due to repeated abuse of the Supreme Court's process); Santiago-Lugo v. Warden, FCC Coleman-USP-1, 392 Fed. App'x 675 (11th Cir. Aug. 4, 2010) (affirming denial of Rule 60(b) motion for relief from summary denial of § 2241 habeas corpus petition); Santiago-Lugo v. Tapia, 188 Fed. App'x 296 (5th Cir. July 12, 2006) (dismissing Section 2241 petition purportedly filed pursuant to "savings clause" of 28 U.S.C. § 2255); United States v. Santiago-Lugo, 167 F.3d 81 (1st Cir. 1999) (affirming convictions on direct appeal); Santiago-Lugo v. United States, Civil No. 11-1363 (JAF), Crim. No. 95-029-1, 2011 WL 1979858, at *4 (D.P.R. May 20, 2011) (denying petition for "writ of error coram nobis or, in the alternative, a writ of audita querela" as a successive Section 2255 motion for which petitioner had not obtained permission from the First Circuit Court of Appeals); Santiago-Lugo v. United States, 2009 WL 2513605 (D.P.R. Aug. 13, 2009) (denying certificate of appealability from a denial of a successive § 2255 motion because petitioner had not obtained permission from First Circuit Court of Appeals); Santiago-Lugo v. United States, 135 F. Supp. 2d 142 (D.P.R. 2001) (denying motion to reconsider denial of Section 2255 motion).

1915(e)(2)(B), and subsequently entered the Dismissal Judgment.[5] (Resp. ¶ 5.) Thereafter, Movants filed several motions for reconsideration and to set aside the Dismissal Order and Dismissal Judgment pursuant to Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b). (Id. ¶ 5.) By orders dated June 11, 2018, August 3, 2018, August 13, 2018, and August 14, 2018, the District Court denied Movants' motions for reconsideration of the Dismissal Order and to set aside the Dismissal Judgment. (Id. ¶ 6.) On August 27, 2018, Movants appealed the District Court's order denying the motions for reconsideration of the Dismissal Order and to set aside the Dismissal Judgment. (Id. ¶ 8.) That Appeal currently remains pending before the First Circuit. (Id. ¶ 9.)

*Lift Stay Motion*

Movants IMO Investment S.E., Israel Santiago-Lugo, Celenia Reyes-Padilla, Jason Santiago-Rosado, Israel Santiago-Rosado, and Deniel Santiago-Rosado filed the instant Motion on December 10, 2021. The Motion recites that Movants "assert[] claims from 1992" until the date of the filing of the Lift Stay Motion for various deprivations of constitutional rights, ownership interests, and personal injuries sustained as a result of the "criminal judgment without jurisdiction." (Mot. at 2.) Movants seem to contend that, because Movants' individual conviction and criminal forfeiture of property (IMO Investment S.E.) began before the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA")[6] was enacted, the automatic stay now in effect pursuant to PROMESA should not apply to an action seeking

---

[5] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Response.

[6] PROMESA is codified at 48 U.S.C. § 2101 et seq. References to "PROMESA" section numbers in the remainder of this Memorandum Order are to the uncodified version of the legislation.

compensation for incidents arising prior to, during, and after the convictions. (Id. at 6-7.) Movants further argue that the Dismissal Order and Dismissal Judgment entered by the District Court was done after "fifteen months" and "without good cause." (Id. at 2.) To that end, the Motion asserts that this Court should lift the stay "to allow the litigation to proceed before the Court of Appeals by terminating, annulling, modifying . . . such stay." (Id. at 9.)

In its Response, the Commonwealth indicates that, with respect to the Appeal, it agrees to a limited modification of the automatic stay solely to allow the case to proceed to final judgment before the First Circuit and the Supreme Court, and to permit the execution and enforcement of any judgment solely with respect to Movants' request for equitable relief. (Resp. ¶ 11.) The Commonwealth contends that the automatic stay should otherwise continue to apply to the Dismissed Action. (Id.) To the extent Movants seek stay relief to proceed with the litigation of the Dismissed Action or commence further litigation against the Title III Debtors, the Commonwealth argues that relief from the automatic stay is unwarranted because (i) the Dismissed Action cannot be reinitiated until the Appeal is resolved, and (ii) Movants have failed to demonstrate cause to lift or modify the stay under section 362(d) of the United States Bankruptcy Code, 11 U.S.C. § 362(d), to pursue future litigation in connection with the Dismissed Action. (Resp. ¶¶ 7, 10-14.)

Movants did not file a reply in support of the Motion.

### DISCUSSION

Section 362(d)(1) of the Bankruptcy Code, made applicable in these proceedings by section 301 of PROMESA, 48 U.S.C. § 2161, permits a court to grant relief from the automatic stay "for cause." To determine whether cause exists to lift the automatic stay, courts in this district examine the factors first enumerated by the United States Court of Appeals for the

Second Circuit in In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) ("Sonnax"). See Autonomous Municipality of Ponce v. Fin. Oversight & Mgmt. Bd. for P.R. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 939 F.3d 356, 362 (1st Cir. 2019); Fin. Oversight & Mgmt. Bd. for P.R. v. Ad Hoc Grp. of PREPA Bondholders (In re Fin. Oversight & Mgmt. Bd. for P.R.), 899 F.3d 13, 23 (1st Cir. 2018) ("We agree with the parties that the factors identified by the Second Circuit in Sonnax . . . provide a helpful framework for considering whether the Title III court should permit litigation to proceed in a different forum."). Of particular relevance to the instant controversy are the following factors identified in the Sonnax decision: "whether relief would result in a partial or complete resolution of the issues," "lack of any connection with or interference with the bankruptcy case," "the interests of judicial economy and the expeditious and economical resolution of litigation," "whether the parties are ready for trial in the other proceeding," and the "impact of the stay on the parties and the balance of harms." Sonnax, 907 F.2d at 1286.[7]

   Consistent with the Commonwealth's consent to a limited modification of the automatic stay in connection with the Appeal, the Court finds cause to modify the automatic stay solely to the extent necessary to (i) allow the Appeal of the Dismissed Action to proceed to final judgment before the First Circuit and the Supreme Court, and (ii) allow Movants to pursue execution and enforcement of any non-monetary relief that does not entail the disbursement of

---

[7]   The remaining Sonnax factors ("whether the other proceeding involves the debtor as a fiduciary," "whether a specialized tribunal with the necessary expertise has been established to hear the cause of action," "whether the debtor's insurer has assumed full responsibility for defending it," "whether the action primarily involves third parties," "whether litigation in another forum would prejudice the interests of other creditors," "whether the judgment claim arising from the other action is subject to equitable subordination," and "whether movants' success in the other proceeding would result in a judicial lien avoidable by the debtor") are neutral or irrelevant, and therefore do not establish cause. Sonnax, 907 F.2d at 1286.

funds belonging to the Commonwealth or any other Title III Debtor for the implementation, enforcement, or execution of such non-monetary relief. It appears that the interests of judicial economy and expeditious resolution of the Appeal are best served by permitting the litigation to proceed in this fashion. Movants have identified no basis, and thus have failed to demonstrate cause, to further modify the automatic stay as it applies to the Appeal. Therefore, the automatic stay shall continue to apply in all other respects to the Appeal, including, but not limited to, the execution and enforcement of any judgment on claims for money damages or any other relief that entails the disbursement of funds by the Commonwealth or any other Title III Debtor, and provisional remedies against the Commonwealth or any other Title III Debtor.

Further, Movants have failed to demonstrate cause to lift the automatic stay as it applies to unspecified future litigation in connection with the Dismissed Action. As indicated above, the District Court dismissed the Dismissed Action as frivolous, finding that the claims were foreclosed by Heck v. Humphrey, 512 U.S. 477 (1994), and entered judgment accordingly. (Resp. ¶ 5.) While Movants have filed several motions to set aside the Dismissal Order and Dismissal Judgment, each such motion has been denied. (Id. ¶ 6.) The District Court has enjoined Movant Israel Santiago-Lugo "from filing any new lawsuits or other documents" unless he complies with specific requirements set forth by the Court. See Santiago-Lugo v. United States, 94 F. Supp. 3d 156, 159 (D.P.R. 2015). If the Court were to permit the filing of further litigation, the Commonwealth would be forced to respond to pleadings and participate in litigation of at best questionable merit, straining resources that are already devoted to the debt reorganization proceedings of the Commonwealth and several of its instrumentalities. The hardship to the Commonwealth of devoting its legal resources to additional unspecified litigation in connection with the Dismissed Action significantly outweighs any possible burden on

Movants caused by the automatic stay. Thus, Movants' request for an order lifting or otherwise modifying the automatic stay to pursue future litigation related to the Dismissed Action is denied.

<u>CONCLUSION</u>

For the foregoing reasons, the Motion is granted in part and denied in part, and the automatic stay is modified only to the extent expressly set forth herein. <u>See</u> 11 U.S.C. § 362(d). The motion is denied in all other respects. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this order. This Memorandum Order resolves Docket Entry No. 19480.

SO ORDERED.

Dated: January 5, 2022

          /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge