**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                              Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**NOTICE OF CORRESPONDENCE REGARDING THE THREE HUNDRED TWELFTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO AND THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO MISCELLANEOUS DEFICIENT CLAIMS**

To the Honorable United States District Court Judge Laura Taylor Swain:

        1.        On April 30, 2021, the Commonwealth of Puerto Rico (the "Commonwealth") and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the Commonwealth, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

representative of the Debtors pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] filed the *Three Hundred Twelfth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Miscellaneous Deficient Claims* [ECF No. 16641] (the "Three Hundred Twelfth Omnibus Objection") to various proofs of claim.

2. The Three Hundred Twelfth Omnibus Objection seeks to disallow certain deficient claims (the "Deficient Claims") which purport to assert obligations owed by either the Commonwealth or ERS, but either (i) fail to provide any information identifying the nature or source of the obligations or explaining why the Commonwealth, ERS, or any other Title III Debtor is liable to the claimant, or (ii) identify the nature or source of the obligation, but fail to explain how the Commonwealth, ERS, or any other Title III Debtor is liable to the claimant. Moreover, a Mailing[3] was sent to each of the claimants who filed Deficient Claims requesting additional information and supporting documentation, but the claimants either did not respond, or their response still did not provide sufficient information to enable the Debtors to reconcile the Deficient Claims.

3. The Debtors have received the attached correspondence from:

- Carlos Ruben Lebrón Rodríguez ("Lebrón Rodríguez"), a copy of which is attached hereto as Exhibit "A" (the "Lebrón Rodríguez Response"), regarding Proof of Claim No. 179122 (the "Lebrón Rodríguez Claim");

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Three Hundred Twelfth Omnibus Objection.

- Martin Sanchez ("Sanchez"), a copy of which is attached hereto as Exhibit "B" (the "Sanchez Response"), regarding Proof of Claim No. 179126 (the "Sanchez Claim");

- Claudio Ruíz García ("Ruíz García"), a copy of which is attached hereto as Exhibit "C" (the "Ruíz García Response"), regarding Proof of Claim No. 179128 (the "Ruíz García Claim"); and

- Bernardo Soto Lebrón ("Soto Lebrón," and together with Lebrón Rodríguez, Sanchez, and Ruíz García, the "Claimants"), a copy of which is attached hereto as Exhibit "D" (the "Soto Lebrón Response," and together with the Lebrón Rodríguez Response, the Sanchez Response, and the Ruíz García Response, the "Responses"), regarding Proof of Claim No. 179144 (the "Soto Lebrón Claim," and together with the Lebrón Rodríguez Claim, the Sanchez Claim, and the Ruíz García Claim, the "Claims").

Certified translations of the Lebrón Rodríguez Response, the Sanchez Response, the Ruíz García Response, and the Soto Lebrón Response are attached hereto as Exhibits "A-1," "B-1," "C-1," and "D-1," respectively.

## I. The Lebrón Rodríguez Response

4. The Lebrón Rodríguez Response consists of a completed Mailing. Therein, Lebrón Rodríguez asserts liabilities purportedly arising from accrued but unpaid retirement benefits and sick days. Lebrón Rodríguez Response at 2. Further, Lebrón Rodríguez identifies the "Sugar Corporation" as the entity for which he was employed.[4] *Id.*

5. The Sugar Corporation, however, is not a Title III Debtor. Rather, the Sugar Corporation was a former government entity which has subsequently been privatized and, accordingly, is no longer in existence. Neither the Lebrón Rodríguez Response nor the Lebrón Rodríguez Claim provides a basis for asserting a claim against the Commonwealth or any other Title III Debtor in respect of amounts owed by the Sugar Corporation. Accordingly, because

---

[4] Because a portion of the Lebrón Rodríguez Response asserts liabilities associated with Lebrón Rodríguez's pension, a portion of the Lebrón Rodríguez Claim has been transferred into Administrative Claims Reconciliation.

Lebrón Rodríguez has not provided a basis for asserting the liabilities associated with the Lebrón Rodríguez Claim against the Debtors, the Debtors respectfully request the Lebrón Rodríguez Claim be disallowed in its entirety.

**II.      The Sanchez Response**

6.      The Sanchez Response also consists of a completed Mailing. Therein, Sanchez asserts liabilities purportedly arising from "Romerazo, Act 89." Sanchez Response at 2. Further, Sanchez alleges he was employed by the Sugar Corporation as a "sugarcane cutter and fertilizer and field worker." *Id*.

7.      As explained above, however, the Sugar Corporation is not a Title III Debtor. Rather, it was a former government entity which has subsequently been privatized and, accordingly, is no longer in existence. Neither the Sanchez Response nor the Sanchez Claim provides a basis for asserting a claim against the Commonwealth or any other Title III Debtor in respect of amounts owed by the Sugar Corporation. Accordingly, the Debtors respectfully request the Sanchez Claim also be disallowed in its entirety.

**III.     The Ruíz García Response**

8.      The Ruíz García Response also consists of a completed Mailing. Therein, Ruíz García asserts liabilities associated with unpaid wages purportedly arising from "Romerazo, Act 89." Ruíz García Response at 2. Further, Ruíz García alleges he was employed by the Sugar Corporation as a "sugarcane cutter, fertilizer, member, filling cart." *Id*.

9.      As explained above, however, the Sugar Corporation is not a Title III Debtor. Rather, it was a former government entity which has subsequently been privatized and, accordingly, is no longer in existence. Neither the Ruíz García Response nor the Ruíz García Claim provides a basis for asserting a claim against the Commonwealth or any other Title III

4

Debtor in respect of amounts owed by the Sugar Corporation. Accordingly, the Debtors respectfully request the Ruíz García Claim also be disallowed in its entirety.

### IV. The Soto Lebrón Response

10. The Soto Lebrón also consists of a completed Mailing. Therein, Soto Lebrón also asserts liabilities purportedly arising from "Romerazo, Act 89." Soto Lebrón Response at 2. Further, Soto Lebrón alleges he was employed by the Sugar Corporation as a "sugarcane cutter, fertilizer, field worker." *Id*.

11. As explained above, however, the Sugar Corporation is not a Title III Debtor. Rather, it was a former government entity which has subsequently been privatized and, accordingly, is no longer in existence. Neither the Soto Lebrón Response nor the Soto Lebrón Claim provides a basis for asserting a claim against the Commonwealth or any other Title III Debtor in respect of amounts owed by the Sugar Corporation. Accordingly, the Debtors respectfully request the Soto Lebrón Claim also be disallowed in its entirety.

12. For the foregoing reasons, the Debtors respectfully request that the Court grant the Three Hundred Twelfth Omnibus Objection and disallow the Claims, notwithstanding the Responses.

[*Remainder of Page Intentionally Left Blank*]

| | |
|---|---|
| Dated: January 5, 2022<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>/s/ *Hermann D. Bauer*<br>Hermann D. Bauer<br>USDC No. 215205<br>Carla García-Benítez<br>USDC No. 203708<br>Gabriel A. Miranda<br>USDC No. 306704<br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel: (787) 764-8181<br>Fax: (787) 753-8944<br><br>/s/ *Brian S. Rosen*<br>Martin J. Bienenstock (*pro hac vice*)<br>Brian S. Rosen (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br><br>*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative for the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico* |

6