# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.,*<br><br>        Debtors.[1] | PROMESA<br>Title III<br><br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>        Debtor. | PROMESA<br>Title III<br><br><br>No. 17 BK 3567-LTS<br><br>(Jointly Administered) |

# URGENT MOTION FOR
## ENTRY OF AN ORDER APPROVING SIXTH AMENDED STIPULATION BETWEEN THE COMMONWEALTH OF PUERTO RICO AND THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY <u>REGARDING THE TOLLING OF STATUTE OF LIMITATIONS</u>

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474), (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747), and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523 (LTS)) (Last Four Digits of Federal Tax ID: 3801).

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth") and the Puerto Rico
Highways and Transportation Authority ("HTA," and together with the Commonwealth, the
"Debtors"), as Title III debtors, by and through the Financial Oversight and Management Board
for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to section
315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"),
and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF", together with
the Oversight Board, the "Moving Parties") respectfully submit this urgent motion (the "Urgent
Motion"), for entry of an order approving a stipulation, attached hereto as **Exhibit A** (the "Sixth
Amended Stipulation").[2] The purpose of this Urgent Motion is to obtain an order further
extending the deadlines in which Causes of Action (as defined in the Sixth Amended Stipulation)
of the Title III Debtors must be commenced pursuant to sections 546(a), 549(d) and 108(a)(2) of
the Bankruptcy Code (the "Statutory Deadlines"). In support of this Urgent Motion, the Moving
Parties respectfully represent as follows:

### Background

1.      On May 3, 2017, the Oversight Board filed a petition for relief under Title III of
PROMESA on behalf of the Commonwealth in the United States District Court for the District
of Puerto Rico.

2.      On May 21, 2017, the Oversight Board filed a petition for relief under Title III of
PROMESA on behalf of HTA in the United States District Court for the District of Puerto Rico

---

[2] Descriptions of the Sixth Amended Stipulation contained herein are for summary purposes only. The terms and
provisions of the Sixth Amended Stipulation govern to the extent any inconsistencies exist between the Sixth
Amended Stipulation and the descriptions of the Sixth Amended Stipulation contained herein.

(the "HTA Title III Case"). The HTA Title III Case's filing triggered the automatic stay of creditor remedies against HTA. *See* 48 U.S.C. § 2161(a) (incorporating 11 U.S.C. §§ 362 and 922 into PROMESA).

3.      On April 26, 2019, the Court entered an order approving the *First Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority Regarding the Tolling of Statute of Limitations* [ECF No. 560[3]].

4.      On January 8, 2020, the Court entered an order approving the *Second Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority Regarding the Tolling of Statute of Limitations and Consent Order* [ECF No. 668].

5.      On August 11, 2020, the Court entered an order approving the *Third Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority Regarding the Tolling of Statute of Limitations and Consent Order* (the "Third Amended Stipulation") [ECF No. 913].

6.      On February 16, 2021, the Court entered an order approving the *Fourth Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority Regarding the Tolling of Statute of Limitations and Consent Order* (the "Fourth Amended Stipulation") [ECF No. 980].

7.      On July 29, 2021, the Court entered an order approving the *Fifth Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority Regarding the Tolling of Statute of Limitations and Consent Order* (the "Fifth Amended Stipulation") [ECF No. 1055].

---

[3] Unless otherwise specified, ECF numbers refer to the HTA Title III Case.

8.      On November 3, 2021, the Oversight Board, on behalf of the Commonwealth, ERS, and PBA, filed the *Modified Eighth Amended Title III Joint Plan of Adjustment for the Commonwealth of Puerto Rico, et al*. [Case No. 17-3283, ECF No. 19053] (the "Eighth Amended Plan").  The hearing to consider confirmation of the Eighth Amended Plan commenced on November 8, 2021 and concluded on November 23, 2021.  A further modified version of the Eighth Amended Plan was filed on November 28, 2021 [Case No. 17-3283, ECF No. 19367] and its confirmation is under submission.

9.      The Moving Parties have entered into the Sixth Amended Stipulation, which further extends the tolling of the Statutory Deadlines with respect to Causes of Action by an additional one hundred and eighty (180) days beyond the period set forth in the Fifth Amended Stipulation. For the avoidance of doubt, the tolling period for the HTA Revenue Causes of Action (as defined in the Third Amended Stipulation), which relate to claims for which certain parties have sought appointment of a trustee pursuant to 11 U.S.C. § 926, were not extended by the Third Amended Stipulation, the Fourth Amended Stipulation, or the Fifth Amended Stipulation, and are likewise not extended in the Sixth Amended Stipulation to the extent the time to bring such claims has not already expired.

10.     Counsel to the Creditors' Committee (as defined in the Sixth Amended Stipulation) have informed counsel to the Moving Parties that they do not object to the relief sought in this Urgent Motion.

11.     On December 17, 2021, counsel to the HTA Parties[4] were notified of the relief sought in this Urgent Motion. To date, only counsel to Financial Guaranty Insurance Company

---

[4] HTA Parties means certain holders or insurers of HTA bonds represented by the counsel set forth in decretal paragraph 1 of the Sixth Amended Stipulation.

("FGIC") has informed counsel to the Moving Parties that it will not object to such relief.
Counsel to the remaining HTA Parties have not informed counsel to the Moving Parties whether
they object to the relief sought in this Urgent Motion.

### Relief Requested

12.     In an effort to promote judicial economy and avoid litigation over matters that
have not already been the subject of extensive litigation, the Debtors have agreed, among other
things, to toll the statute of limitations in connection with certain Causes of Action so that the
Statutory Deadlines shall expire one hundred and eighty (180) days after the date in which the
Statutory Deadlines would have expired in the absence of the Sixth Amended Stipulation. Such
tolling period may be shortened or extended upon appropriate notice being provided to the Court
and other parties. Additionally, the Sixth Amended Stipulation provides that the tolling of the
statutes of limitations extends to the officials of the Commonwealth and HTA and limits any
Avoidance Actions (as defined in the Sixth Amended Stipulation) against such officials solely to
their official capacity.

13.     The extension of the Statutory Deadlines agreed to in the Fifth Amended
Stipulation will soon expire, and in the absence of a further extension, the Commonwealth and
HTA could either choose to commence the Causes of Action for which the limitations period is
being extended or face immediate demands to do so by one or more of the HTA Parties, the
Creditors' Committee, or other entities. Either option would result in further imminent litigation
regarding claims that have not previously been the subject of any judicial determinations or
factual investigations, burdening the parties and the Court. To avoid (or at least delay) that result,
the Moving Parties have elected to extend the Statutory Deadlines set forth in the Fifth Amended
Stipulation.

14.     Accordingly, the Sixth Amended Stipulation attached hereto as **Exhibit A** has been executed by the Moving Parties and is now being presented to this Court through this Urgent Motion for approval.

15.     Pursuant to Paragraph I.H of the Case Management Procedures, the Moving Parties hereby certify that they have carefully examined the matter and concluded that there is a true need for an urgent motion; have not created the urgency through any lack of due diligence; have made a bona fide effort to resolve the matter without a hearing; and have made reasonable, good-faith communications in an effort to resolve or narrow the issues that are being brought to the Court.

*[Remainder of Page Intentionally Left Blank.]*

**WHEREFORE** the Debtors respectfully request the Court to approve and enter the Sixth

Amended Stipulation, attached hereto as **Exhibit A**, and grant the Debtors such other relief as is

just and proper.

Dated: January 5, 2022
       San Juan, Puerto Rico

| | |
|---|---|
| */s/ Martin J. Bienenstock* | */s/ Hermann D. Bauer-Álvarez* |
| Martin J. Bienenstock | Hermann D. Bauer-Álvarez |
| Brian S. Rosen | USDC No. 215205 |
| (Admitted *Pro Hac Vice*) | **O'NEILL & BORGES LLC** |
| **PROSKAUER ROSE LLP** | 250 Muñoz Rivera Ave., Suite 800 |
| Eleven Times Square | San Juan, PR 00918-1813 |
| New York, NY 10036 | Tel:  (787) 764-8181 |
| Tel:  (212) 969-3000 | Fax:  (787) 753-8944 |
| Fax:  (212) 969-2900 | |
| | *Co-Attorneys for the Financial* |
| *Attorneys for the Financial* | *Oversight and Management Board* |
| *Oversight and Management Board* | *as Representative for the Debtors* |
| *as Representative for the Debtors* | |
| | |
| */s/ John J. Rapisardi* | */s/ Luis C. Marini-Biaggi* |
| John J. Rapisardi | Luis C. Marini-Biaggi |
| Maria DiConza | USDC No. 222301 |
| Matthew Kremer | Carolina Velaz-Rivero |
| (Admitted *Pro Hac Vice*) | USDC No. 300913 |
| **O'MELVENY & MYERS LLP** | **MARINI PIETRANTONI MUÑIZ LLC** |
| Seven Times Square | 250 Ponce De León Ave., Suite 900 |
| New York, NY 10036 | San Juan, Puerto Rico 00917 |
| Tel:  (212) 326-2000 | Tel:  (787) 705-2171 |
| Fax:  (212) 326-2061 | Fax:  (787) 936-7494 |
| | |
| -and- | |
| | |
| Peter M. Friedman | *Co-Attorneys for the Puerto Rico* |
| (Admitted *Pro Hac Vice*) | *Fiscal Agency and Financial* |
| 1625 Eye Street, NW | *Advisory Authority* |
| Washington, D.C. 20006 | |
| Tel:  (202) 383-5300 | |
| Fax:  202) 383-5414 | |
| | |
| *Attorneys for the Puerto Rico* | |
| *Fiscal Agency and Financial* | |
| *Advisory Authority* | |

## <u>Exhibit A</u>

**Sixth Amended Stipulation**

## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.,*<br><br>        Debtors.[1] | PROMESA<br>Title III<br><br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>        Debtor. | PROMESA<br>Title III<br><br><br>No. 17 BK 3567-LTS<br><br>(Jointly Administered) |

## SIXTH AMENDED STIPULATION BETWEEN THE COMMONWEALTH OF PUERTO RICO AND THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY REGARDING THE TOLLING OF STATUTE OF LIMITATIONS AND CONSENT ORDER

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474), (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747), and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523 (LTS)) (Last Four Digits of Federal Tax ID: 3801).

The Commonwealth of Puerto Rico (the "Commonwealth"), by and through the Puerto

Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), and the Puerto Rico

Highways and Transportation Authority ("HTA") in its capacity as a Title III debtor, by and

through the Financial Oversight and Management Board for Puerto Rico (the "Oversight

Board"), as the representative of HTA, do hereby stipulate as follows:

RECITALS

A.      On May 21, 2017, the Oversight Board issued a restructuring certification in

accordance with Section 206(b) of the Puerto Rico Oversight, Management, and Economic

Stability Act ("PROMESA").

B.      On May 21, 2017, in accordance with Section 302(2) of PROMESA, the

Oversight Board filed a petition for relief on behalf of HTA, thereby commencing a case under

Title III (the "HTA Title III Case").

C.      On April 26, 2019, the Court entered an order approving the *First Amended

Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and

Transportation Authority Regarding the Tolling of Statute of Limitations* (the "First Amended

Stipulation") [ECF No. 560[2]].

D.      On January 8, 2020, the Court entered an order approving the *Second Amended

Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and

Transportation Authority Regarding the Tolling of Statute of Limitations* [ECF No. 668].

E.      On August 11, 2020, the Court entered an order approving the *Third Amended

Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and*

---

[2] Unless otherwise specified, ECF numbers refer to the HTA Title III Case.

2

*Transportation Authority Regarding the Tolling of Statute of Limitations and Consent Order* (the "Third Amended Stipulation") [ECF No. 913].

F.      On February 16, 2021, the Court entered an order approving the *Fourth Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority Regarding the Tolling of Statute of Limitations and Consent Order* (the "Fourth Amended Stipulation") [ECF No. 980].

G.      On July 29, 2021, the Court entered an order approving the *Fifth Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority Regarding the Tolling of Statute of Limitations and Consent Order* (the "Fifth Amended Stipulation") [ECF No. 1055]

H.      On November 3, 2021, the Oversight Board, on behalf of the Commonwealth, ERS, and PBA, filed the *Modified Eighth Amended Title III Joint Plan of Adjustment for the Commonwealth of Puerto Rico, et al*. [Case No. 17-3283, ECF No. 19053] (the "Eighth Amended Plan").  The hearing to consider confirmation of the Eighth Amended Plan commenced on November 8, 2021 and concluded on November 23, 2021.  A further modified version of the Eighth Amended Plan was filed on November 28, 2021 [Case No. 17-3283, ECF No. 19367] and its confirmation is under submission.

I.      Commencement of the HTA Title III Case triggered, subject to any applicable statutory exceptions, the operation of the automatic stay, extant pursuant to section 362 of title 11 of the United States Code (the "Bankruptcy Code"), and applicable to the HTA Title III Case pursuant to Section 301(a) of PROMESA, to protect HTA's property wherever located.

J.      Actions with respect to claims subject to the limitation periods contained in sections 546(a) and 549(d) of the Bankruptcy Code, including, without limitation, alleged

fraudulent transfers or unauthorized postpetition transfers between the Commonwealth and HTA are hereby defined as the "Avoidance Actions."

K.       Other claims between the Commonwealth and HTA may exist which must be commenced in accordance with section 108(a)(2) of the Bankruptcy Code (such actions, collectively, with the Avoidance Actions, are hereinafter referred to as the "Causes of Action").

L.       Certain holders or insurers of HTA bonds represented by the counsel set forth in decretal paragraph 1 hereof are referred to as the "HTA Parties."

M.       The Commonwealth and HTA, through AAFAF and the Oversight Board, respectively, have agreed to toll the statute of limitations in connection with the Causes of Action as set forth below.

**NOW THEREFORE, IT IS HEREBY AGREED THAT:**

AGREEMENT

1.       The period in which Causes of Action of the Commonwealth, on the one hand, and HTA, on the other hand, must be commenced against one another (either directly or, subject to the rights of parties to contest, derivatively) pursuant to sections 546(a), 549(d), and 108(a)(2) of the Bankruptcy Code (the "Statutory Deadlines") shall be tolled such that the Statutory Deadlines shall expire one hundred and eighty (180) days after the date on which the Statutory Deadlines would have expired in the absence of this Sixth Amended Stipulation (and 1,171 days from and after the date on which the Statutory Deadlines would have expired in the absence of the First Amended Stipulation) unless the Commonwealth or HTA provide written notice of early termination (the "Termination Notice") to (a) the Court, through the filing of an informative motion, (b) counsel to the HTA Parties, by serving a copy of such Termination Notice upon (i) Milbank LLP, 55 Hudson Yards, New York, NY 10001, Attn:  Dennis F. Dunne, Esq. and Atara Miller, Esq. by email

transmission (ddunne@milbank.com and amiller@milbank.com), (ii) Weil, Gotshal & Manges

LLP, 767 Fifth Avenue, New York, NY 10153, Attn:  Robert Berezin, Esq. and Kelly DiBlasi,

Esq., by email transmission (robert.berezin@weil.com and kelly.diblasi@weil.com), (iii)

Cadwalader Wickersham & Taft LLP, 200 Liberty Street, New York, NY 10281, Attn:  Mark C.

Ellenberg, Esq. and Casey J. Servais, Esq., by email transmission (mark.ellenberg@cwt.com and

casey.servais@cwt.com), and (iv) Butler Snow LLP, 2911 Turtle Creek Blvd., Suite 1400, Dallas,

TX   75219,   Attn:   Martin   A.   Sosland,   Esq.,   by   email   transmission

(martin.sosland@butlersnow.com), and (c) counsel to the statutory committee of unsecured

creditors appointed in the Commonwealth and HTA Title III Cases (the "Creditors' Committee"),

by serving a copy of such Termination Notice upon Paul Hastings LLP, 200 Park Avenue, New

York,   NY   10166,   Attn:   Luc   A.   Despins,   Esq.,   by   email   transmission

(lucdespins@paulhastings.com), in which case, the Statutory Deadlines shall expire on the date

that is one hundred fifty (150) days from the delivery of such Termination Notice plus the number

of days between the Stipulation Effective Date (as defined in the Sixth Amended Stipulation), and

the date on which the Statutory Deadlines would have expired in the absence of this Stipulation to

the Court; provided, however, that, the foregoing is without prejudice to (y) the rights, interests

and defenses that may be raised by either the Commonwealth or HTA in connection with any such

Cause of Action, other than the applicable statute of limitations, laches, or any other time-related

defense, except that the Commonwealth and HTA expressly reserve the right to assert that (i) any

applicable statute of limitation or statute of repose applicable to a Cause of Action expired prior

to the date of execution of this Sixth Amended Stipulation, (ii) section 108(a) of the Bankruptcy

Code does not apply to extend the time for filing any Cause of Action to which a statute of repose

applies, and (iii) a statute of repose may not be extended by an agreement of the parties; provided,

however, that any party reserves the right to oppose any such argument; and, provided, further, that, if a statute of repose may be extended by an agreement of the parties, this Sixth Amended Stipulation shall serve as such an agreement; and, (z) the treatment of the Statutory Deadlines or any Cause of Action as may be provided in a plan of adjustment for the Commonwealth or HTA, subject to the approval, effectiveness, and consummation of any such plan of adjustment; provided, however, that any such plan of adjustment may not retroactively terminate or reduce the Statutory Deadlines applicable to any Cause of Action which was timely asserted.

2.    For the avoidance of doubt, the Statutory Deadlines with respect to the HTA Revenue Causes of Action (as defined in the Third Amended Stipulation) were not extended by the Third Amended Stipulation, the Fourth Amended Stipulation, or the Fifth Amended Stipulation, and are likewise not extended in the Sixth Amended Stipulation to the extent the time to bring such claims has not already expired.

3.    The Commonwealth and HTA shall have the right to extend the period set forth in Paragraph 1(a) above for a period specified in writing upon thirty (30) days' prior written notice and service of such notice upon the Court and counsel for the HTA Parties and the Creditors' Committee in the matter set forth above; provided, however, that, in the event that the Creditors' Committee opposes such extension or any of the terms thereof, the Creditors' Committee may seek, by motion to the Court, upon notice and a hearing, to terminate the existing tolled statute of limitations period prior to the applicable expiration date, or to preclude the contemplated extension thereof.

4.    The persons signing this Sixth Amended Stipulation on behalf of the Oversight Board, the Commonwealth, and HTA have the authority to bind such parties.

5.      This Sixth Amended Stipulation shall apply to and be binding upon the Commonwealth and HTA, together with their successor and assigns, including, without limitation, any trustee which may be appointed pursuant to section 926 of the Bankruptcy Code in either the HTA Title III Case or the Commonwealth Title III Case.

6.      Notwithstanding not being parties hereto, creditors of the Commonwealth and HTA, including, without limitation, the HTA Parties, shall be expressly deemed third party beneficiaries of this Sixth Amended Stipulation.

7.      Except as expressly provided herein, this Sixth Amended Stipulation shall not be amended or modified without the prior written consent of the HTA Parties and the Creditors' Committee.

8.      This Sixth Amended Stipulation shall become effective upon the date the Court enters an order approving this Stipulation (the "Stipulation Effective Date").

9.      This Sixth Amended Stipulation and the rights, interests and defenses referred to herein extend to any claims or causes of action that could be brought or asserted against the Commonwealth or HTA officials solely in their official capacity (it being expressly understood that neither the Commonwealth nor HTA would seek to impose monetary liability on any such officers, but rather, would only assert claims and causes of action against any such officers in their official capacity).

[*Remainder of page intentionally left blank.*]

Dated: January 5, 2022
San Juan, Puerto Rico

*/s/ Martin J. Bienenstock*
Martin J. Bienenstock
Brian S. Rosen
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial
Oversight and Management Board
as Representative for the Debtors*

*/s/ John J. Rapisardi*
John J. Rapisardi
Maria DiConza
Matthew Kremer
(Admitted *Pro Hac Vice*)
**O'MELVENY & MYERS LLP**
Seven Times Square
New York, NY 10036
Tel:  (212) 326-2000
Fax:  (212) 326-2061

-and-

Peter M. Friedman
(Admitted *Pro Hac Vice*)
1625 Eye Street, NW
Washington, D.C. 20006
Tel:  (202) 383-5300
Fax:  202) 383-5414

*Attorneys for the Puerto Rico
Fiscal Agency and Financial
Advisory Authority*

*/s/ Hermann D. Bauer-Álvarez*
Hermann D. Bauer-Álvarez
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*Co-Attorneys for the Financial
Oversight and Management Board
as Representative for the Debtors*

*/s/ Luis C. Marini-Biaggi*
Luis C. Marini-Biaggi
USDC No. 222301
Carolina Velaz-Rivero
USDC No. 300913
**MARINI PIETRANTONI MUÑIZ LLC**
250 Ponce De León Ave., Suite 900
San Juan, Puerto Rico 00917
Tel:  (787) 705-2171
Fax:  (787) 936-7494

*Co-Attorneys for the Puerto Rico
Fiscal Agency and Financial
Advisory Authority*

**SO ORDERED.**

Dated:  January, __, 2022
     San Juan, Puerto Rico

                                                  _____
                                                  The Honorable Laura Taylor Swain
                                                  United States District Judge