# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                                 Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**NOTICE OF CORRESPONDENCE REGARDING THE THREE HUNDRED FORTY-FIFTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, AND THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO MISCLASSIFIED CLAIMS**

To the Honorable United States District Judge Laura Taylor Swain:

1. On June 18, 2021, the Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Highways and Transportation Authority ("HTA"), and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the Commonwealth and HTA, the "Debtors"), by and through the Financial Oversight and

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Debtors pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] filed the *Three Hundred Forty-Fifth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Misclassified Claims* [ECF No. 17108] (the "Three Hundred Forty-Fifth Omnibus Objection") to various proofs of claim.

2. The Three Hundred Forty-Fifth Omnibus Objection seeks to disallow certain proofs of claim that assert an incorrect or improper classification (the "Claims to Be Reclassified"). Specifically, as set forth in the Three Hundred Forty-Fifth Omnibus Objection, each of the Claims to Be Reclassified incorrectly or improperly assert that they are secured and/or that they are entitled to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9). However, upon a reasonable review of the Claims to Be Reclassified and the Debtors' books and records, the Debtors have concluded that the Claims to Be Reclassified are not entitled to either administrative expense priority or secured status, and should appropriately be classified as general unsecured claims.

3. The Commonwealth, HTA, and ERS have received correspondence from:

- Zoraida Chevere Fraguada ("Chevere Fraguada"), a copy of which is attached hereto as Exhibit "A" (the "Chevere Fraguada Response"), regarding Proof of Claim No. 24315 (the "Chevere Fraguada Claim");

- Sandra Collado Santiago ("Collado Santiago"), a copy of which is attached hereto as Exhibit "B" (the "Collado Santiago Response"), regarding Proof of Claim No. 54541 (the "Collado Santiago Claim");

- Ruben Muniz Ruberte ("Muniz Ruberte"), a copy of which is attached hereto as Exhibit "C" (the "Muniz Ruberte Response"), regarding Proof of Claim No. 3398 (the "Muniz Ruberte Claim");

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

- Pedro Ruiz Villegas ("Ruiz Villegas"), a copy of which is attached hereto as Exhibit "D" (the "Ruiz Villegas Response"), regarding Proof of Claim No. 9778 (the "Ruiz Villegas Claim"); and

- Felix Rivera Clemente ("Rivera Clemente"), a copy of which is attached hereto as Exhibit "E" (the "Rivera Clemente Response," and together with the Chevere Fraguada Response, the Collado Santiago Response, the Muniz Ruberte Response, and the Ruiz Villegas Response, the "Responses") regarding Proof of Claim No. 6725 (the "Rivera Clemente Claim," and together with the Chevere Fraguada Claim, the Collado Santiago Claim, the Muniz Ruberte Claim, and the Ruiz Villegas Claim, the "Claims").

Certified English translations of the Chevere Fraguada Response, the Collado Santiago Response, the Ruiz Villegas Response, and the Rivera Clemente Response are attached hereto as Exhibits "A-1," "B-1," "C-1," "D-1," and "E-1," respectively.

**I.    The Chevere Fraguada Response**

4.    The Chevere Fraguada Claim purports to assert $35,000 in liabilities arising from accrued, but unpaid, salary adjustments. The Chevere Fraguada Claim further contends that it is secured.

5.    The Chevere Fraguada Response consists of a handwritten letter. Therein, Chevere Fraguada states: "I would like this Honorable Court to reconsider my salary adjustment and not dismiss my case." Chevere Fraguada Response at 1. The Chevere Fraguada Response also attaches various documents, including certain pages from the Three Hundred Forty-Fifth Objection, documents relating to a litigation in which Chevere Fraguada is a plaintiff, and a copy of the Chevere Fraguada Claim.

6.    The Chevere Fraguada Response does not provide any basis for asserting that the Chevere Fraguada Claim is entitled to secured status, and it does not contest the re-classification of the Chevere Fraguada Claim as a general unsecured claim. Accordingly, the Chevere Fraguada Claim should be reclassified as a general unsecured claim. The Debtors reserve their right to object

3

to the Chevere Fraguada Claim on any other basis whatsoever.

## II. The Collado Santiago Response

7. The Collado Santiago Claim asserts liabilities in an amount of approximately $15,000 purportedly arising from accrued, but unpaid, wages earned while Collado Santiago was employed by the Department of Education. The Collado Santiago Claim further contends that it is secured.

8. The Collado Santiago Response consists of a handwritten letter which does not address the Debtors' contention that the Collado Santiago Claim is misclassified as a secured claim. Rather, Collado Santiago states: "I recently received a brochure with information about an objection to the claim submitted to you. From the beginning, all the documentation requested by you was sent immediately. I have not omitted any information [and] hereby request that my application be re-evaluated, and the claim be continued." Collado Santiago Response at 1.

9. Accordingly, the Collado Santiago Response neither sets forth a basis for the assertion that the Collado Santiago Claim is secured nor contests the reclassification of the Collado Santiago Claim as a general unsecured claim. Accordingly, the Collado Santiago Claim should be reclassified as a general unsecured claim. The Debtors reserve their right to object to the Collado Santiago Claim on any basis whatsoever.

## III. The Muniz Ruberte Response

10. The Muniz Ruberte Claim asserts liabilities in the amount of $120,000 purportedly arising from personal injuries associated with an automobile accident. The Muniz Ruberte Claim further asserts that it is secured.

11. The Muniz Ruberte Response is a handwritten letter in which Muniz Ruberte asserts that he filed a complaint "against the Government of Puerto Rico A.C.A.A. in the

4

proceedings under the PROMESA law." Muniz Ruberte Response at 1. The Muniz Ruberte Response does not address the Debtors' contention that the Muniz Ruberte Claim is misclassified as a secured claim.

12. The Muniz Ruberte Response neither sets forth a basis for the assertion that the Muniz Ruberte Claim is secured nor contests the reclassification of the Muniz Ruberte Claim as a general unsecured claim. Accordingly, the Muniz Ruberte Claim should be reclassified as a general unsecured claim. The Debtors reserve their right to object to the Muniz Ruberte Claim on any basis whatsoever.

### IV. The Ruiz Villegas Response

13. The Ruiz Villegas Claim asserts liabilities in the amount of $300 purportedly arising from unpaid wages for "special work." The Ruiz Villegas Claim further asserts that it is secured.

14. The Ruiz Villegas Response is a copy of a handwritten motion in which Ruiz Villegas requests the Court to assign him legal counsel to represent him with respect to the Ruiz Villegas Claim. Ruiz Villegas Response at 17-18. He further states that he was not fully paid for certain construction services that he provided. *Id*. at 20. The Ruiz Villegas Response does not address the Debtors' contention that the Ruiz Villegas Claim is misclassified as a secured claim.

15. Accordingly, the Ruiz Villegas Response neither sets forth a basis for the assertion that the Ruiz Villegas Claim is secured nor contests the reclassification of the Ruiz Villegas Claim as a general unsecured claim. The Ruiz Villegas Claim should therefore be reclassified as a general unsecured claim. The Debtors reserve their right to object to the Ruiz Villegas Claim on any basis whatsoever.

5

### V. The Rivera Clemente Response

16. The Rivera Clemente Claim asserts liabilities in the amount of $60,000,000 purportedly arising out of a litigation filed against the Commonwealth. The Rivera Clemente Claim also asserts that it is entitled to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9). As set forth in the Three Hundred Forty-Fifth Omnibus Objection, only creditors who sold goods to the Debtors within twenty (20) days of commencement of the Debtors' Title III Cases[3] are entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9).

17. The Rivera Clemente Response consists of a handwritten letter. It does not allege that Rivera Clemente sold goods to the Commonwealth within the statutorily prescribed time frame. Nor does the Rivera Clemente Response assert any other basis entitling the Rivera Clemente Claim to administrative expense priority. Instead, Rivera Clemente asserts that he received a psychiatric evaluation to determine whether he was fit for a supervisory position at the Department of Transportation and Public Works ("<u>DTOP</u>"), and was involuntarily transferred thereafter. Rivera Clemente Response at 2-3. The letter attaches, among other things, pleadings from a litigation Rivera Clemente filed against DTOP. The Rivera Clemente Response does not dispute reclassification of the Rivera Clemente Claim, and it does not provide a basis for classifying the Rivera Clemente Claim as secured or administrative priority.

18. Because the Rivera Clemente Response does not provide a basis entitling the Rivera Clemente Claim to administrative expense priority, the Rivera Clemente Claim should be reclassified as a general unsecured claim. The Debtors reserve their right to object to the Rivera Clemente Claim on any other basis whatsoever.

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Three Hundred Forty-Fifth Omnibus Objection.

6

19. For the foregoing reasons, the Debtors respectfully request that the Court grant the Three Hundred Forty-Fifth Omnibus Objection and reclassify the Claims as general unsecured claims, notwithstanding the Responses.

Dated: January 5, 2022
     San Juan, Puerto Rico

Respectfully submitted,

/s/ Hermann D. Bauer
Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative for the Commonwealth, HTA, and ERS*

/s/ Brian S. Rosen
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Co-Attorneys for the Financial Oversight and Management Board for the Puerto Rico, as representative for the Commonwealth, HTA, and ERS*