# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                                Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth, COFINA, HTA, ERS, and PBA.** |

**REPLY OF THE COMMONWEALTH OF PUERTO RICO,
THE PUERTO RICO SALES TAX FINANCING AUTHORITY,
THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, THE
EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE
COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC
BUILDINGS AUTHORITY TO RESPONSES FILED BY AGUSTÍN GONZÁLEZ
VELÁZQUEZ [ECF NO. 18070] AND ELAINE LYNN IRREVOCABLE TRUST [ECF
NOS. 18139, 18377] TO THE THREE HUNDRED SEVENTY-FOURTH OMNIBUS
OBJECTION (SUBSTANTIVE) TO LATE-FILED CLAIMS**

**To the Honorable United States District Judge Laura Taylor Swain:**

The Commonwealth of Puerto Rico ("Commonwealth"), the Puerto Rico Sales Tax Financing Authority ("COFINA"), the Puerto Rico Highways and Transportation Authority

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

("HTA"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA," and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Debtors pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] file this reply (the "Reply") in support of the *Three Hundred Seventy-Fourth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, the Puerto Rico Sales Tax Financing Authority, the Puerto Rico Highways and Transportation Authority, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority to Late-Filed Claims* [ECF No. 17923] (the "Three Hundred Seventy-Fourth Omnibus Objection"). In support of this Reply, the Debtors respectfully represent as follows:

1. On August 20, 2021, the Debtors filed the Three Hundred Seventy-Fourth Omnibus Objection seeking to disallow certain proofs of claim that were late-filed and, accordingly, failed to comply with the terms of the applicable Bar Date Orders[3] (collectively, the "Claims to Be Disallowed"), each as listed on Exhibit A thereto. As set forth in the Three Hundred Seventy-Fourth Omnibus Objection and supporting exhibits thereto, the Claims to Be Disallowed were filed after the applicable Bar Date: (*i*) June 29, 2018 at 4:00 p.m. (Atlantic Time), for creditors of the Commonwealth, COFINA, HTA, and ERS, or (*ii*) July 29, 2020 at 4:00 p.m. (Atlantic Time), for creditors of PBA. Accordingly, pursuant to the terms of the Bar Date Orders, each of the holders

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.
[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Three Hundred Seventy-Fourth Omnibus Objection.

2

of the Claims to Be Disallowed are barred from asserting a claim against the Debtors, and the Debtors are discharged from any and all liabilities to such claimants.

2. Any party who disputed the Three Hundred Seventy-Fourth Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on September 20, 2021 in accordance with the Court-approved notice attached to the Three Hundred Seventy-Fourth Omnibus Objection as Exhibit C, which was served in English and Spanish on the individual creditors subject to the Three Hundred Seventy-Fourth Omnibus Objection, the U.S. Trustee, and the Master Service List (as defined in the *Fifteenth Amended Notice, Case Management and Administrative Procedures* [ECF No. 17127-1]). See Certificate of Service [ECF No. 17989].

3. The following responses addressing the Three Hundred Seventy-Fourth Omnibus Objection were interposed:

- An untitled response [ECF No. 18070] (the "González Velázquez Response") filed by claimant Agustín González Velázquez ("González Velázquez"), and

- Two untitled responses, [ECF Nos. 18139] (the "First Lynn Response") and [ECF No. 18377] (the "Second Lynn Response, and together with the First Lynn Response, the "Lynn Responses," and collectively with the González Velázquez Response, the "Responses"), filed by claimant Elaine Lynn Irrevocable Trust[4] ("Lynn," and together with González Velázquez, the "Claimants").

I. **The González Velázquez Response**

4. On September 30, 2019—over a year after the Commonwealth's Bar Date—González Velázquez filed a proof of claim against the Commonwealth, which was logged by Prime Clerk as Proof of Claim No. 171214 (the "González Velázquez Claim"). The González

---

[4] The Lynn Responses also respond to the Three Hundred Seventy-Fourth Omnibus Objection with respect to Proof of Claim No. 179204 (the "Melvin Lynn Claim"), which was filed by claimant Melvin Lynn Irrevocable Trust. The Three Hundred Seventy-Fourth Omnibus Objection to the Melvin Lynn Claim has been scheduled for hearing on February 17, 2021.

3

Velázquez Claim asserts liabilities arising from allegedly accrued, but unpaid, salary increases purportedly owed by the Department of Corrections and Rehabilitation.

5. The González Velázquez Response, a Spanish-language letter, dated August 31, 2021, was filed on September 9, 2021, and docketed as ECF No. 18070 on September 10, 2021. The González Velázquez Response does not address the Commonwealth's contention that the González Velázquez Claim should be disallowed because it was filed well after the Commonwealth's Bar Date. Nor does it explain why González Velázquez was unable to file the González Velázquez Claim within the time frame provided by the Bar Date Orders. Instead, the González Velázquez Response states that "[t]he reason why I oppose the omnibus objection consists of the *Nunc Pro Tunc* judgment issued in the Case KAC96-1381. In light of this matter, I do not agree with the objection, as there is a prior ruling issued by the San Juan Judicial Center. . . . I am requesting a review of cases so that the appropriate decision may be made." González Velázquez Response at 1. Whether González Velázquez is a party to a judgment against the Commonwealth, however, does not relieve González Velázquez of the obligation to file a timely proof of claim asserting that judgment in the Commonwealth's Title III Case—particularly given the judgment attached to the González Velázquez Response was entered on June 28, 2002, sixteen years prior to the Commonwealth's Bar Date.

6. Accordingly, because the González Velázquez Response does not dispute that the González Velázquez Claim was not timely filed and does not provide an explanation for the failure to timely file a proof of claim, the González Velázquez Claim should be disallowed.

## II. The Lynn Responses

7. Lynn filed a proof of claim against the Commonwealth on May 7, 2021—nearly three years after the Commonwealth's Bar Date—and it was logged by Prime Clerk as Proof of

4

Claim No. 179215 (the "Elaine Lynn Claim," and collectively with the González Velázquez Claim, the "Claims"). The Elaine Lynn Claim asserts liabilities associated with the following bonds issued by the Commonwealth and various instrumentalities: (*i*) bonds issued by the Puerto Rico Aqueducts and Sewer Authority ("PRASA") in an amount of $5,000 bearing CUSIP number 745160PX3 (the "PRASA Bond"); (*ii*) bonds issued by the Puerto Rico Electric Power Authority ("PREPA") in the amounts of $50,000, $15,000, and $15,000, bearing CUSIP numbers 74526QWT5, 74526QZE5, and 74526QZX3, respectively (respectively, the "First PREPA Bond," the "Second PREPA Bond," and the "Third PREPA Bond," and collectively, the "PREPA Bonds"); and (*iii*) general obligation bonds issued by the Commonwealth of Puerto Rico in the amounts of $20,000, $15,000, $35,000, and $20,000, bearing CUSIP numbers 745160PX3, 74514LJY4, 74514LXE2, 74514LVM6, respectively (collectively, the "GO Bonds").

8. The First Lynn Response was filed on September 15, 2021, and the Second Lynn Response, which purports to assert additional arguments in opposition to the Three Hundred Seventy-Fourth Omnibus Objection, was filed on October 1, 2021. Therein, Lynn explains that the Elaine Lynn Claim may have been submitted late for one of several reasons: (*i*) Mr. Melvin Lynn, trustee for both trusts, had suffered multiple illnesses "[d]uring the last 3 years" which "required time in hospitals, and time in rehab," (*ii*) "the mail was slow in receipt, which was very common during COVID," and (*iii*) the mail "may have gotten lost in the post office and been delivered late." Second Lynn Response at 2. Further, Lynn "request[s] that the court not punish us creditors" because "a paper was delivered late." *Id*.

9. The Federal Rules of Bankruptcy Procedure, made applicable to these Title III proceedings pursuant to section 310 of PROMESA, permit late filed claims if the failure to timely file the claim "was the result of excusable neglect." Fed. R. Bankr. P. 9006(b)(1). "Excusable

5

neglect" requires the court to weigh the mistake or neglect against other equitable factors, including "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *In re Puerto Rico Hospital Supply, Inc.*, No. 19-01022, 2020 WL 7133165, at *2 (D.P.R. Dec. 4, 2020) (quoting *Pioneer Inv. Servs. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

10. The Debtors are deeply mindful of the impact of these Title III cases on all parties in interest, including investors in Puerto Rico and the citizens of the island. However, the information provided in the Lynn Responses does not establish that Lynn's failure to timely file the Elaine Lynn Claim resulted from excusable neglect. As an initial matter, the length of delay in filing the Elaine Lynn Claim—nearly three years—is substantial. Further, Mr. Lynn has not provided an adequate explanation for this lengthy delay. Although Mr. Lynn has unfortunately been required to remain in hospital or rehab facilities for parts of the last three years, Mr. Lynn acknowledges that he "was able to take care of most of my obligations," and the Response therefore does not explain the three-year delay in filing the Elaine Lynn Claim. Second Lynn Response at 2. COVID-related delays in mail service likewise do not explain the delay in filing the Lynn Claims, because the Commonwealth's Bar Date was June 29, 2018, nearly two years prior to widespread COVID-related disruptions. And, even if the Bar Date Notice were "lost in the post office" and "delivered late," that again would not excuse the lengthy delay in filing the Elaine Lynn Claim.

11. In any event, the Commonwealth is not liable for the PRASA Bond asserted by the Elaine Lynn Claim, and the PREPA Bonds are duplicative of a master proof of claim filed in the Commonwealth Title III Case.

12. **PRASA**—PRASA was established pursuant to Act Number 40 of May 1, 1945. PRASA is a "public corporation and an autonomous government instrumentality" created for the purpose of providing water and sewer services on the island. 22 L.P.R.A. § 142, 144.

13. The PRASA Enabling Act authorizes PRASA to issue bonds. 22 L.P.R.A. § 144(g). Pursuant thereto, the PRASA governing board has adopted resolutions authorizing PRASA to issue bonds, including Resolution No. 1583, as amended and restated as of March 7, 2008 ("Resolution No. 1583"). In 2008, PRASA issued $1,316,204,456 principal amount of Series A revenue bonds (the "2008 Senior Series A Bonds"). Additionally, in 2012, PRASA concurrently issued $1,800,450,000 principal amount of Series 2012 A revenue bonds (the "2012 Senior Series A Bonds"), as well as $295,245,000 principal amount of Series 2012 B revenue bonds (the "2012 Senior Series B Bonds," and together with the 2012 Senior Series A Bonds and the 2008 Senior Series A Bonds, the "PRASA Senior Lien Bonds").

14. Holders of PRASA Senior Lien Bonds have received and continue to receive all payments owed to holders of the PRASA Bonds in full as they become due and owing. Accordingly, EMMA reflects that PRASA has not posted any notices of default with respect to the PRASA Senior Lien Bonds.[5] In addition, the Commonwealth has not guaranteed repayment of the Senior Lien Bonds. Accordingly, the offering statements for the PRASA Senior Lien Bonds state that they are "not a debt of the Commonwealth of Puerto Rico or any of its municipalities or other political subdivisions, other than [PRASA], and neither the Commonwealth of Puerto Rico or any such municipalities or other political subdivisions, other than [PRASA], shall be liable for the payment of the principal of or interest on said Bonds."[6]

---

[5] *See, e.g.*, https://emma.msrb.org/Security/Details/AA68066896864F5CE4E427DBB6C697013.

[6] *See, e.g.*, Offering Statement for PRASA Revenue Bonds, Series A (Senior Lien), March 7, 2008, available at

7

15. The PRASA Bond is a Senior Lien Bond. Accordingly, the Commonwealth is not liable for the PRASA Bond because PRASA is a separate, legally distinct entity from the Commonwealth, and neither the Commonwealth nor any other instrumentality or political subdivision thereof has guaranteed repayment on the Senior Lien Bonds. Further, the Elaine Lynn Claim does not assert a basis for asserting a claim against the Commonwealth for bonds issued by PRASA that are not guaranteed by the Commonwealth. The portion of the Elaine Lynn Claim asserting the PRASA Bond should therefore be disallowed for the additional reason that the Commonwealth is not liable for the PRASA Bond.

16. **PREPA**—PREPA is a government-owned corporation founded in 1941. *See* Act No. 83-1941, as amended § 3. PREPA generates and distributes substantially all the electric power used in the Commonwealth. [Case No. 17 BK 4780, ECF No. 1 at 7]. PREPA is one of the largest public power utilities in the U.S., serving approximately 1.5 million customers.

17. Pursuant to that certain Trust Agreement, dated January 1, 1974, by and between PREPA and First National City Bank, as the original trustee, U.S. Bank National Association ("U.S Bank") serves as trustee for bonds issued by PREPA. In its capacity as bond trustee, U.S. Bank filed a master proof of claim against the Commonwealth, which was logged by Prime Clerk, LLC as proof of claim number 50049 (the "PREPA-CW Master Claim"), "on behalf of all holders of each series of power revenue bonds and power revenue refunding bonds issued and outstanding under the Trust Agreement." The PREPA-CW Master Claim asserts "bond indebtedness and related rights existing under Commonwealth statutes and the Trust Agreement" on behalf of all holders of bonds issued by PREPA.

---

https://emma.msrb.org/Security/Details/AF1172BE7598AF5023E511B5CC65A4AD4.

18. The First PREPA Bond is a Power Revenue Bond Series ZZ, the Second PREPA Bond is a Power Revenue Refunding Bond, Series DDD, and the Third PREPA Bond is a Power Revenue Bond, Series 2012A. The PREPA Master Claim was filed on behalf of, *inter alia*, holders of Power Revenue Refunding Bonds, Series ZZ, holders of Power Revenue Refunding Bonds, Series DDD, and holders of Power Revenue Bonds, Series 2012 A. PREPA Master Claim, Add. at 2. Accordingly, the portion of the Lynn Claim asserting the PREPA Bonds is duplicative of the PREPA Master Claim, and failure to disallow such portion of the Lynn Claim will result in the Elaine Lynn Claim potentially receiving an unwarranted double recovery, to the detriment of other stakeholders in these Title III Cases. Additionally, Lynn will not be prejudiced by the disallowance of such portion of the Elaine Lynn Claim, because the liabilities associated with this claim are subsumed within the PREPA Master Claim.

19. With respect to the GO Bonds, pursuant to the Bar Date Order, certain persons and entities were not required to file a proof of claim prior to the Bar Date. For example, paragraph 6(i) of the Bar Date Order provides "[a]ny person or entity that holds a claim that is limited to the repayment of principal, interest and such other amounts that may arise under the respective trust agreement or bond document that does not provide for an indenture trustee, fiscal agent, or similar agent or nominee that could file a Master Proof of Claim (which includes, for the avoidance of doubt, holders of GO Bonds)" is **not** required to file a proof of claim, "provided, however, that any such holder must assert a claim not otherwise excepted from filing a proof of claim . . . to avoid disallowance of such other claim." Bar Date Order at 5-6.

20. Accordingly, Lynn was not required to file a claim with respect to the GO Bonds, provided that Lynn intended to assert only a claim for repayment of principal, interest, and other fees and expenses. To the extent that the Elaine Lynn Claim seeks to assert any amounts beyond

principal, interest, or fees and expenses with respect to the GO Bonds, such portions of the Lynn Claim should be disallowed as late-filed.[7]

21. For the foregoing reasons, the Debtors respectfully request the Court grant the Three Hundred Seventy-Fourth Omnibus Objection and disallow the Claims to the extent set forth herein, notwithstanding the Responses.

[*Remainder of Page Intentionally Left Blank*]

---

[7] Although the Bar Date Order did not require Lynn to file a claim with respect to the GO Bonds, the Debtors do not seek to disallow the Lynn Claim to the extent it asserts principal, interest, or fees and expenses associated with GO Bonds. Notably, the GO Bonds will be treated by that certain *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, ECF No. 19568, dated December 21, 2021 (the "Plan"), if it is approved by the Court, and the GO Bonds will thereafter be paid pursuant to the Plan's terms.

| | |
|---|---|
| Dated: January 5, 2022<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>*/s/ Ricardo Burgos Vargas*<br>Ricardo Burgos Vargas<br>USDC No. 218210<br>**A&S LEGAL STUDIO, PSC**<br>434 Ave. Hostos<br>San Juan, PR 00918<br>Tel.: (787) 751-6764<br>Fax: (787) 763-8260<br><br>*/s/ Brian S. Rosen*<br>Martin J. Bienenstock (*pro hac vice*)<br>Brian S. Rosen (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br><br>*Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth, COFINA, HTA, ERS, and PBA* |