# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**NOTICE OF CORRESPONDENCE REGARDING THE THREE HUNDRED SEVENTY-FOURTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, THE PUERTO RICO SALES TAX FINANCING AUTHORITY, THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY TO LATE-FILED CLAIMS**

**To the Honorable United States District Judge Laura Taylor Swain:**

1. On August 20, 2021, the Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Sales Tax Financing Authority ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Employees Retirement System of the Government of the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA," and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Debtors pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] filed the *Three Hundred Seventy-Fourth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, the Puerto Rico Sales Tax Financing Corporation, the Puerto Rico Highways and Transportation Authority, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority to Late-Filed Claims* [ECF No. 17923] (the "Three Hundred Seventy-Fourth Omnibus Objection") to various proofs of claim.

2. The Three Hundred Seventy-Fourth Omnibus Objection seeks to disallow certain proofs of claim that were late-filed and, accordingly, failed to comply with the terms of the applicable Bar Date Orders[3] (collectively, the "Claims to Be Disallowed"), each as listed on Exhibit A thereto. As set forth in the Three Hundred Seventy-Fourth Omnibus Objection and supporting exhibits thereto, the Claims to Be Disallowed were filed after the applicable Bar Date: (*i*) June 29, 2018 at 4:00 p.m. (Atlantic Time), for creditors of the Commonwealth, COFINA, HTA, and ERS, or (*ii*) July 29, 2020 at 4:00 p.m. (Atlantic Time), for creditors of PBA. Accordingly, pursuant to the terms of the Bar Date Orders, each of the holders of the Claims to Be Disallowed are barred from asserting a claim against the Debtors, and the Debtors are discharged 0from any and all liabilities to such claimants.

3. The Debtors have received correspondence from:

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Three Hundred Seventy-Fourth Omnibus Objection.

2

- Guarionex Eduardo Lizardi Ortega ("Lizardi Ortega"), a copy of which is attached hereto as Exhibit "A" (the "Lizardi Ortega Response"), regarding Proof of Claim No. 179316 (the "Lizardi Ortega Claim");

- Angel Luis Martínez Rivera ("Martínez Rivera"), a copy of which is attached hereto as Exhibit "B" (the "Martínez Rivera Response"), regarding Proof of Claim No. 179340 (the "Martínez Rivera Claim");

- Leonides González Castro ("González Castro"), a copy of which is attached hereto as Exhibit "C" (the "González Castro Response") regarding Proof of Claim No. 179357 (the "González Castro Claim");

- Maritza Acevedo de Núñez ("Acevedo de Núñez"), a copy of which is attached hereto as Exhibit "D" (the "Acevedo de Núñez Response"), regarding Proof of Claim No. 179423 (the "Acevedo de Núñez Claim"); and

- Edwin E. Jiménez Barreto ("Jiménez Barreto," and together with Lizardi Ortega, Martínez Rivera, González Castro, and Acevedo de Núñez, the "Claimants"), a copy of which is attached hereto as Exhibit "E" (the "Jiménez Barreto Response," and together with the Lizardi Ortega Response, the Martínez Rivera Response, the González Castro Response, and the Acevedo de Núñez Response, the "Responses"), regarding Proof of Claim No. 153120 (the "Jiménez Barreto Claim," and together with the Lizardi Ortega Claim, the Martínez Rivera Claim, the González Castro Claim, and the Acevedo de Núñez Claim, the "Claims").

Certified translations of the Lizardi Ortega Response, the Martínez Rivera Response, the González Castro Response, the Acevedo de Núñez Response, and the Jiménez Barreto Response are attached hereto as Exhibits "A-1," "B-1," "C-1," "D-1," and "E-1," respectively.

**I.    The Lizardi Ortega Response**

4.    On June 1, 2021—nearly three years after the Commonwealth's and PREPA's Bar Date—the Lizardi Ortega Claim was filed against the Commonwealth, asserting unspecified liabilities in an unspecified amount.

5.    The Lizardi Ortega Response consists of a copy of a completed information request form, which states that Lizardi Ortega asserts a claim against PREPA purportedly arising from

3

"Christmas Bonus 2014." Lizardi Ortega Response at 1. The Lizardi Ortega Response does not, however, provide any explanation for Lizardi Ortega's failure to file a timely claim.

6. Accordingly, because the Lizardi Ortega Response does not dispute that the Lizardi Ortega Claim was not timely filed and does not provide an explanation for the failure to timely file a proof of claim, the Lizardi Ortega Claim should be disallowed.

**II.     The Martínez Rivera Response**

7. On June 8, 2021—nearly three years after the Commonwealth's Bar Date—Martínez Rivera filed the Martínez Rivera Claim. The Martínez Rivera Claim purports to assert liabilities against the Commonwealth in the amount of $69,000 arising from allegedly unpaid salary adjustments during Martínez Rivera's employment with the Puerto Rico Department of Education.

8. The Martínez Rivera Response consists of a completed information request form, which reiterates that the Martínez Rivera Claim asserts allegedly accrued but unpaid wages arising from Martínez Rivera's employment with the Puerto Rico Department of Education. Martínez Rivera Response at 1-3. It does not, however, provide any explanation for Martínez Rivera's failure to file a timely claim.

9. Accordingly, because the Martínez Rivera Response does not dispute that the Martínez Rivera Claim was not timely filed and does not provide an explanation for the failure to timely file a proof of claim, the Martínez Rivera Claim should be disallowed.

**III.    The González Castro Response**

10. On June 16, 2021—nearly three years after the Commonwealth's Bar Date—González Castro filed the González Castro Claim. The González Castro Claim purports to assert

liabilities against the Commonwealth in the amount of $25,000 arising from allegedly accrued but unpaid salary adjustments.

11. The González Castro Response consists of a completed information request form, which reiterates that the González Castro Claim asserts allegedly accrued but unpaid wages arising from González Castro's employment with the Puerto Rico Department of Housing. González Castro Response at 1-3. It does not, however, provide any explanation for González Castro's failure to file a timely claim.

12. Accordingly, because the González Castro Response does not dispute that the González Castro Claim was not timely filed and does not provide an explanation for the failure to timely file a proof of claim, the González Castro Claim should be disallowed.

### IV. The Acevedo de Núñez Response

13. On June 17, 2021—nearly three years after the Commonwealth's Bar Date—Acevedo de Núñez filed the Acevedo de Núñez Claim. The Acevedo de Núñez Claim purports to assert liabilities against the Commonwealth in an unspecified amount arising from allegedly unpaid salary adjustments and retirement contributions.

14. The Acevedo de Núñez Response consists of a completed information request form, which reiterates that the Acevedo de Núñez Claim asserts allegedly accrued but unpaid wages arising from Acevedo de Núñez's employment with the Puerto Rico Department of Health. Acevedo de Núñez Response at 1-3. It does not, however, provide any explanation for Acevedo de Núñez's failure to file a timely claim.

15. Accordingly, because the Acevedo de Núñez Response does not dispute that the Acevedo de Núñez Claim was not timely filed and does not provide an explanation for the failure to timely file a proof of claim, the Acevedo de Núñez Claim should be disallowed.

### V. The Jiménez Barreto Response

16. On July 6, 2018, Jiménez Barreto filed the Jiménez Barreto Claim. The Jiménez Barreto Claim purports to assert liabilities against the Commonwealth in the amount of $92,234.87, associated with a litigation captioned *Alberto Agrón Valentín, et al. v. Puerto Rico Public Buildings Authority, et al.*, KPE 2007-4359 (the "Alberto Agrón Litigation").

17. The Jiménez Barreto Response consists of a copy of a notice accompanying the Three Hundred Seventy-Fourth Omnibus Objection, together with several court filings made in the Alberto Agrón Litigation. Jiménez Barreto Response at 1-9. It does not, however, explain why the Jimenez Barreto Claim was filed seven days after the Commonwealth's Bar Date.

18. Accordingly, because the Jiménez Barreto Response does not dispute that the Jiménez Barreto Claim was not timely filed and does not provide an explanation for the failure to timely file a proof of claim, the Jiménez Barreto Claim should be disallowed.

[*Remainder of page intentionally left blank*]

6

| | |
|---|---|
| Dated: January 5, 2022<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>*/s/ Ricardo Burgos Vargas*<br>Ricardo Burgos Vargas<br>USDC No. 218210<br>**A&S LEGAL STUDIO, PSC**<br>434 Ave. Hostos<br>San Juan, PR 00918<br>Tel.: (787) 751-6764<br>Fax: (787) 763-8260<br><br>*/s/ Brian S. Rosen*<br>Martin J. Bienenstock (*pro hac vice*)<br>Brian S. Rosen (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br><br>*Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth, COFINA, HTA, PBA, and ERS* |