# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                               Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## NOTICE OF CORRESPONDENCE REGARDING THE THREE HUNDRED FIFTIETH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, AND THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO DUPLICATE LITIGATION CLAIMS

To the Honorable United States District Judge Laura Taylor Swain:

1. On June 18, 2021, the Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Highways and Transportation Authority ("HTA"), and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the Commonwealth and HTA, the "Debtors"), by and through the Financial Oversight and

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Debtors pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] filed the *Three Hundred Fiftieth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Duplicate Litigation Claims* [ECF No. 17111] (the "Three Hundred Fiftieth Omnibus Objection") to various duplicative proofs of claim.

2. The Three Hundred Fiftieth Omnibus Objection seeks to disallow certain duplicative proofs of claim (the "Claims to Be Disallowed"). As set forth in the Three Hundred Fiftieth Omnibus Objection, each of the Claims to Be Disallowed purports to assert the same liabilities as those asserted in one of the following: (1) the master claims filed on behalf of all plaintiffs in the litigation captioned *Jeannette Abrams Diaz et al. v. Department of Transportation & Public Works*, Case No. KAC-2005-5021 (the "Abrams Diaz Master Claims"); (2) the master claims filed on behalf of all plaintiffs in the litigation captioned *Delfina Lopez Rosario et al. v. Puerto Rico Police Department*, Case No. 2001-10-372 (the "Lopez Rosario Master Claims"); (3) the master claims filed on behalf of all plaintiffs in the litigation captioned *Prudencio Acevedo Arocho et al. v. Puerto Rico Department of Treasury*, Case No. KAC-2005-5022 (the "Acevedo Arocho Master Claims"); (4) the master claims filed on behalf of all plaintiffs in the litigation captioned *Francisco Beltrán Cintrón et al. v. Puerto Rico Department of Family Affairs*, Case No. KAC-2009-0809 (the "Beltrán Cintrón Master Claims"); (5) the master claims filed on behalf of all plaintiffs in the litigation captioned *Abraham Giménez et al. v. Puerto Rico Department of Transportation & Public Works*, Case No. KAC-2013-1019 (the "Abraham Giménez Master

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

2

Claims"); (6) the master claims filed on behalf of all plaintiffs in the litigation captioned *Juan Pérez Colón et al. v. Puerto Rico Department of Transportation & Public Works*, Case No. KAC1990-0487 (the "Pérez Colón Master Claims"); (7) the master claim filed on behalf of all plaintiffs in the litigation captioned *Alejo Cruz Santos et al. v. Puerto Rico Department of Transportation & Public Works*, Case No. RET-2002-06-1493 (the "Cruz Santos Master Claim"); (8) the master claim filed on behalf of all plaintiffs in the litigation captioned *Frente Unido de Policías Organizados et al. v. Puerto Rico Police Department*, Case No. KAC-2007-4170 (the "FUPO Master Claim"); (9) the master claim filed on behalf of all plaintiffs in the litigation captioned *Alfredo Maldonado Colón et al. v. Puerto Rico Department of Corrections & Rehabilitation*, Case No. KAC-1996-1381 (the "Maldonado Colón Master Claim"); (10) the master claim filed on behalf of all plaintiffs in the litigation captioned *Educadores Puertorriqueños En Acción, Inc., et al. v. Rafael Ramón, et al.*, Case No. 2013-05-1716 (the "EPA Master Claim"); or (11) the master claim filed on behalf of all plaintiffs in the litigation captioned *Rosa Lydia Vélez v. Puerto Rico Department of Education*, KPE1980-1738, who have agreed to be represented by José E. Torres Valentín ("Torres Valentín") of Torres Valentín Estudio Legal, LLC (the "Vélez Master Claim") (collectively, the "Litigation Master Claims"). The Claims to Be Disallowed are, accordingly, duplicative of one or more Litigation Master Claims.

   3. The Debtors have received correspondence from:

- Joan Almedina Quirindingo ("Almedina Quirindingo"), a copy of which is attached hereto as Exhibit "A" (the "Almedina Quirindingo Response"), regarding Proof of Claim No. 34886 (the "Almedina Quirindingo Claim");

- Migdalia Crespo ("Crespo"), a copy of which is attached hereto as Exhibit "B" (the "Crespo Response"), regarding Proof of Claim No. 29640 (the "Crespo Claim");

- Amparo Echevarria Lazus ("Echevarria Lazus"), a copy of which is attached hereto as Exhibit "C" (the "Echevarria Lazus Response"), regarding Proof of Claim No. 43828 (the "Echevarria Lazus Claim");

3

- Jose López Valentín ("Valentín López"), a copy of which is attached hereto as Exhibit "D" (the "Valentín López Response"), regarding Proof of Claim No. 4759 (the "López Valentín Claim");

- Selenia Rodríguez Rodríguez ("Rodríguez Rodríguez," and together with Almedina Quirindingo, Crespo, Echevarria Lazus, and López Valentín, the "Claimants"), a copy of which is attached hereto as Exhibit "E" (the "Rodriguez Rodriguez Response," and together with the Almedina Quirindingo Response, Crespo Response, the Echevarria Lazus Response, and the López Valentín Response, the "Responses"), regarding Proof of Claim No. 87823 (the "Rodriguez Rodriguez Claim," and together with the Almedina Quirindingo Claim, the Crespo Claim, the Echevarria Lazus Claim, and the López Valentín Claim, the "Claims").

Certified English translations of the Almedina Quirindingo Response, the Crespo Response, the Echevarria Lazus Response, the Valentín López Response, and the Rodríguez Rodríguez Response are attached hereto as Exhibits "A-1," "B-1," "C-1," "D-1," and "E-1," respectively.

**I.      The Almedina Quirindingo Response**

4. The Almedina Quirindingo Claim asserts liabilities in an unspecified amount associated with a litigation against the Department of the Family relating to federal minimum wage salary increases. The Beltrán Cintrón Master Claims identify Almedina Quirindingo as a plaintiff in the Beltrán Cintrón Litigation.[3]

5. The Almedina Quirindingo Response consists of a completed form in which Almedina Quirindingo states that she is a plaintiff in the Beltrán Cintrón Litigation. Almedina Quirindingo Response at 1. The Almedina Quirindingo Response does not address the Debtors' contention that the Almedina Quirindingo Claim is duplicative of the Beltrán Cintrón Master Claim. Rather, the Almedina Quirindingo Response attaches a memorandum addressed to plaintiffs in the Beltrán Cintrón Litigation and copies of notices associated with the

---

[3]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Three Hundred Fiftieth Omnibus Objection.

4

Commonwealth's Title III Case.

6. The Almedina Quirindingo Response therefore does not dispute that the liabilities asserted in the Almedina Quirindingo Claim are duplicative of the liabilities asserted by the Beltrán Cintrón Master Claim. Accordingly, the Almedina Quirindingo Claim should be disallowed because it is duplicative of the Beltrán Cintrón Master Claim. Failure to disallow the Almedina Quirindingo Claim could result in an unwarranted double recovery to the detriment of other stakeholders in these Title III Cases. Almedina Quirindingo will not be prejudiced by the disallowance of the Almedina Quirindingo Claim, because the liabilities asserted by the Almedina Quirindingo Claim are preserved by the Beltrán Cintrón Master Claim.

**II. The Crespo Response**

7. The Crespo Claim asserts liabilities in an unspecified amount purportedly owed by the Puerto Rico Department of Education. The Vélez Master Claim identifies Crespo as one of the Plaintiffs in the Lydia Vélez Litigation.

8. The Crespo Response consists of a handwritten letter which does not address the Debtors' contention that the Crespo Claim is duplicative of the Vélez Master Claim. Rather, the Crespo Response states: "What was sent to me from the Financial Oversight and Management Board for Puerto Rico is not what I'm claiming, but for education. It is a mistake." Crespo Response at 1.

9. The Crespo Response therefore does not dispute that the liabilities asserted in the Crespo Claim are duplicative of the liabilities asserted by the Vélez Master Claim. Accordingly, the Crespo Claim should be disallowed because it is duplicative of the Vélez Master Claim. Failure to disallow the Crespo Claim could result in an unwarranted double recovery to the detriment of other stakeholders in these Title III Cases. Crespo will not be prejudiced by the disallowance of the Crespo Claim, because the liabilities asserted by the Crespo Claim are preserved by the Vélez

5

Master Claim.

### III. The Echevarria Lazus Response

10. The Echevarria Lazus Claim asserts liabilities in an unspecified amount purportedly arising from Echevarria Lazus's employment with the Puerto Rico Treasury Department. The Acevedo Arocho Master Claims identify Echevarria Lazus as a plaintiff in the Acevedo Arocho Litigation.

11. The Echevarria Lazus Response consists of a letter which does not address the Debtors' contention that the Echevarria Lazus Claim is duplicative of the Acevedo Arocho Master Claims. Rather, the Echevarria Lazus Response states: "This is to beg you to please reconsider my case and to evaluate it. I have an interest in it." Echevarria Lazus Response at 1. The Echevarria Lazus Response also attaches copies of a notice accompanying the Three Hundred Fiftieth Omnibus Objection.

12. The Echevarria Lazus Response therefore does not dispute that the liabilities asserted in the Echevarria Lazus Claim are duplicative of the liabilities asserted by the Acevedo Arocho Master Claims. Accordingly, the Echevarria Lazus Claim should be disallowed because it is duplicative of the Acevedo Arocho Master Claims. Failure to disallow the Echevarria Lazus Claim could result in an unwarranted double recovery to the detriment of other stakeholders in these Title III Cases. Echevarria Lazus will not be prejudiced by the disallowance of the Echevarria Lazus Claim, because the liabilities asserted by the Echevarria Lazus Claim are preserved by the Acevedo Arocho Master Claims.

### IV. The López Valentín Response

13. The López Valentín Claim asserts liabilities in the amount of approximately $55,000, purportedly arising from the Jeanette Abrams Litigation. The Jeanette Abrams Master Claims identify López Valentín as a plaintiff in the Jeannette Abrams Litigation.

6

14. The López Valentín Response, a Spanish-language letter, does not dispute that the liabilities asserted by the López Valentín Claim are duplicative of the Jeannette Abrams Master Claims. Instead, López Valentín states: "I want the money that is owed to me, that I worked for but that was never paid to me, which is the $55,524.37," and "[t]hat money belongs to the poor underpaid workers." López Valentín Response at 1.

15. The López Valentín Response therefore does not dispute that the liabilities asserted in the López Valentín Claim are duplicative of the liabilities asserted by the Jeanette Abrams Master Claims. Accordingly, the López Valentín Claim should be disallowed because it is duplicative of the Jeannette Abrams Master Claims. Failure to disallow the López Valentín Claim could result in an unwarranted double recovery to the detriment of other stakeholders in these Title III Cases. López Valentín will not be prejudiced by the disallowance of the López Valentín Claim, because the liabilities asserted by the López Valentín Claim are preserved by the Jeannette Abrams Master Claims.

### V. The Rodríguez Rodríguez Response

16. The Rodríguez Rodríguez Claim asserts liabilities in an unspecified amount purportedly arising from the Beltrán Cintrón Litigation. The Beltrán Cintrón Master Claims identify Rodríguez Rodríguez as a plaintiff in the Beltrán Cintrón Litigation.

17. The Rodríguez Rodríguez Response, a Spanish-language letter, does not address the Debtors' contention that the Rodríguez Rodríguez Claim is duplicative of the Beltrán Cintrón Master Claims. Rather, the Rodríguez Rodríguez Response states "I am submitting to you the documents you requested on January 23, 2019 and which had to be sent on or before February 23, 2019." Rodríguez Rodríguez Response at 1. To the letter, Rodríguez Rodríguez attaches a completed information request form and supporting documentation indicating that Rodríguez Rodríguez is a plaintiff in a litigation captioned "Francisco Beltrán Cintrón *et al.*" *Id.* at 4.

7

18. The Rodríguez Rodríguez Response therefore does not dispute that the liabilities asserted in the Rodríguez Rodríguez Claim are duplicative of the liabilities asserted by the Beltrán Cintrón Master Claims. Accordingly, the Rodríguez Rodríguez Claim should be disallowed because it is duplicative of the Beltrán Cintrón Master Claims. Failure to disallow the Rodríguez Rodríguez Claim could result in an unwarranted double recovery to the detriment of other stakeholders in these Title III Cases. Rodríguez Rodríguez will not be prejudiced by the disallowance of the Rodríguez Rodríguez Claims, because the liabilities asserted by the Rodríguez Rodríguez Claim are preserved by the Beltrán Cintrón Master Claims.

19. For the foregoing reasons, the Debtors respectfully request that the Court grant the Three Hundred Fiftieth Omnibus Objection and disallow the Claims, notwithstanding the Responses.

[*Remainder of Page Intentionally Left Blank*]

Dated: January 5, 2022
     San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative for the Commonwealth, HTA, and ERS*

/s/ *Brian S. Rosen*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Co-Attorneys for the Financial Oversight and Management Board for the Puerto Rico, as representative for the Commonwealth, HTA, and ERS*