**Estimated Hearing Date**: February 2, 2022 at 9:30 a.m. (Atlantic Standard Time)
**Objection Deadline**: January 25, 2022 at 4:00 p.m. (Atlantic Standard Time)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17–BK–3283–LTS<br><br>(Jointly Administered) |

## SUMMARY SHEET TO
## TWELFTH INTERIM FEE APPLICATION OF PROSKAUER
## ROSE LLP FOR COMPENSATION FOR SERVICES RENDERED
## AND REIMBURSEMENT OF EXPENSES INCURRED AS ATTORNEYS FOR
## THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO
## RICO, AS REPRESENTATIVE OF THE DEBTOR, THE COMMONWEALTH OF
## PUERTO RICO, FOR THE PERIOD FEBRUARY 1, 2021 THROUGH MAY 31, 2021

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**Schedule 1**

**Summary of Fees and Expenses Paid to Date and the Balance of Fees and
Expenses for which Allowance and Payment is Requested for the Compensation Period**

| | |
|---|---|
| Name of Applicant: | Proskauer Rose LLP ("Proskauer") |
| Retained to Provide Professional Services to: | The Financial Oversight and Management Board for Puerto Rico as Representative of the Debtor Pursuant to PROMESA section 315(b) |
| Period for Which Compensation is Sought: | February 1, 2021 through May 31, 2021 (the "Compensation Period") |
| Amount of Fees Sought: | $17,771,894.20 |
| Gross-Up Amount:[2] | -- |
| Amount of Expense Reimbursement Sought: | $972,661.56 |
| Total Fees and Expenses Sought for Compensation Period: | $18,744,555.76 |

This is a(n) ____ Monthly __X__ Interim ___ Final Fee Application

This is the twelfth interim fee application filed by Proskauer in the Debtor's Title III Case.  The total time expended in connection with the preparation of this interim application is not included herein, as additional time was expended after the Compensation Period.

---

[2]  Previously, Proskauer has requested approval, as part of its fees and expenses, of the amount required to gross up the additional tax withholding (the "Gross-Up Amount") introduced by the Commonwealth legislation (Act 257–2018) starting December 10, 2018 (the "Withholding").  Proskauer would only request payment of the Gross-Up Amount from the Debtor if and when Proskauer partners receive a determination or objection from the Internal Revenue Service that the Withholding does not result in tax credits offsetting the Gross-Up Amount.  Based on the registration of Proskauer's Engagement Letter together with discussions with the Puerto Rico government, Proskauer believes it will not need a Gross-Up Amount for its fiscal year that commenced November 1, 2020, and is not currently requesting its approval.

**Twelfth Interim Compensation Period**
**February 1, 2021 – May 31, 2021**

| Statement and Date Served | Period Covered | Total Fees Incurred | Fees Requested (90%) | Expenses Requested | Fees Paid (90%) | Expenses Paid |
|---|---|---|---|---|---|---|
| **Forty–Seventh** 3/31/2021 | 2/1/21 to 2/28/21 | $4,114,204.50 | $3,702,784.05 | $106,780.54 | $3,702,784.05 | $106,780.54 |
| **Forty-Eighth** 5/17/2021 | 3/1/21 to 3/31/21 | $4,543,664.30 | $4,089,297.87 | $472,210.20 | $4,089,297.87 | $472,210.20 |
| **Forty–Ninth** 5/28/2021 | 4/1/21 to 4/30/21 | $4,824,346.10 | $4,341,911.49 | $178,789.42 | $4,341,911.49 | $178,789.42 |
| **Fiftieth** 7/6/2021 | 5/1/21 to 5/31/21 | $4,280,211.00 | $3,852,189.90 | $214,881.40 | $3,852,189.90 | $214,881.40 |
| **Twenty-First (Puerto Rico)[3]** 7/6/2021 | 5/1/21 to 5/31/21 | $9,468.30 | $8,521.47 | $0.00 | $8,521.47 | $0.00 |
| | **Totals:** | **$17,771,894.20** | **$15,994,704.78** | **$972,661.56** | **$15,994,704.78** | **$972,661.56** |

---

[3] For purposes of assisting AAFAF and the Puerto Rico Department of Treasury in calculating any applicable withholding taxes for services rendered by Proskauer timekeepers while physically present in Puerto Rico, Proskauer maintains separate monthly fee statements for any such services.

Additional information required pursuant to the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* issued by the Executive Office for the United States Trustee:

| | |
|---|---|
| Blended Rate in This Application for All Attorneys: | $835.70[4] |
| Blended Rate in This Application for All Timekeepers: | $766.43 |
| Compensation Sought in this Application Already Paid Pursuant to Monthly Compensation Statements but Not Yet Allowed: | $15,994,704.78 |
| Expenses Sought in this Application Already Paid Pursuant to Monthly Compensation Statements but Not Yet Allowed: | $972,661.56 |
| Number of Professionals Included in this Application:[5] | 132 |
| Number of Professionals in This Application NOT Included in Staffing Plan Approved by Client:[6] | 13 |
| If Applicable, the Difference Between Fees Budgeted and Compensation Sought for This Application Period: | N/A |
| Number of Professionals Billing Fewer than 15 Hours to the Case During This Application Period: | 28 |
| Any Rates Higher than Those Approved or Disclosed when Retained? If yes, calculate and disclose the total compensation sought in this Application using the rates originally disclosed at retention. | No. Proskauer's November 25, 2016 engagement letter with the Oversight Board (the "Engagement Letter") provides that Proskauer's rates increase each year "on January 1 by the lower of the percentage rate |

---

[4]  This rate excludes non-attorneys (*e.g.*, paralegals) and includes e-discovery attorneys.

[5]  As used herein, the term "professionals" includes all timekeepers.  The term "paraprofessionals," as used in this Application, only includes non-attorneys.

[6]  As noted in the Staffing Plan for the Compensation Period at Exhibit D-2 of the Application, the number of timekeepers expected to work on this matter during the Compensation Period was 119, and thus the actual number of timekeepers was 13 more than anticipated.  Additional team members were needed to assist with negotiating and drafting the amended Title III joint plan of adjustment for the Commonwealth, ERS, and PBA (the "Plan"), which was filed on February 28, 2021 and subsequently amended on March 8, 2021, May 11, 2011, and June 29, 2021 (and subsequent to the Compensation Period).  Different timekeepers with different areas of expertise were consulted to provide specialized assistance in connection with the Plan and related mediation and discovery matters.  To respond to these demands, Proskauer increased its staffing to ensure diligent and timely representation was provided to the Oversight Board.

|  | increase we announce, and four percent." (Engagement Letter at 1–2).  Pursuant to the Engagement Letter, Proskauer's rates increased 4% effective January 1, 2021, yielding a new flat rate for attorneys (partners, senior counsel, and associates) of $853 per hour, for e-discovery attorneys of $421 per hour, and for paraprofessionals of $291 per hour.  Proskauer gave notice of this rate increase by filing its Engagement Letter on the ECF system and providing a sworn certification, attached to Proskauer's Tenth Interim Application as Exhibit A [Case No. 17-3283, ECF No. 16143].  Rates have not increased during this Compensation Period. |
|---|---|

## Schedule 2

**Summary of Professional Services Rendered by
Timekeeper for the Period February 1, 2021 through May 31, 2021**

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[7] | TOTAL HOURS BILLED (in this application) | FEES BILLED |
|---|---|---|---|---|
| *PARTNERS* | | | | |
| Barak, Ehud | BSGR&B[8] – 2010 | $853 | 321.20 | $273,983.60 |
| Bienenstock, Martin J. | BSGR&B – 1978 | $853 | 520.30 | 443,815.90 |
| Blaney, Ryan P. | Health Care – 2006 | $853 | 8.30 | $7,079.90 |
| Brenner, Guy | Labor & Employment – 2002 | $853 | 278.30 | $237,389.90 |
| Cantone, Robert A. | Corporate – 1978 | $853 | 1.20 | $1,023.60 |
| Casazza, Kyle A. | Litigation – 2007 | $853 | 42.30 | $36,081.90 |
| Cooper, Scott P. | Litigation – 1981 | $853 | 78.90 | $67,301.70 |
| Corn, Richard M. | Tax - 2005 | $853 | 29.30 | $24,992.90 |
| Dale, Margaret A. | Litigation – 1990 | $853 | 326.80 | $278,760.40 |
| Faust, Scott A. | Labor & Employment – 1985 | $853 | 1.00 | $853.00 |
| Febus, Chantel L. | Litigation – 2003 | $853 | 196.10 | $167,273.30 |
| Firestein, Michael A. | Litigation – 1983 | $853 | 857.00 | $731,021.00 |
| Garnett, Karen J. | Corporate – 1990 | $853 | 26.40 | $22,519.20 |

[7] In the ordinary course of business, the standard hourly billing rates for Proskauer professionals and paraprofessionals are adjusted annually as of the commencement of the firm's fiscal year on November 1 to reflect economic and other conditions and apply to matters in and out of bankruptcy cases. Pursuant to the Appendix B Guidelines, "rate increases" "exclude annual 'step increases' historically awarded by the firm in the ordinary course to attorneys throughout the firm due to advancing seniority and promotion." Appendix B Guidelines ¶ B.2.d, n.2. Annual step increases are awarded by Proskauer in the ordinary course throughout the firm on May 1. Proskauer's November 25, 2016 engagement letter with the Oversight Board (the "Engagement Letter") provides that Proskauer's rates are increased on January 1 (rather than on November 1) by the lower of the percentage rate increase announced as of November 1 and four percent. As of January 1, 2021, the rate increase is 4%, yielding a new flat rate for attorneys (partners, senior counsel, associates, and lawyers) of $853 per hour, for e-discovery attorneys of $421 per hour, and for paraprofessionals of $291 per hour.  Rates have not increased during this Compensation Period.

[8] Business Solutions, Governance, Restructuring & Bankruptcy ("BSGR&B").

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[7] | TOTAL HOURS BILLED (in this application) | FEES BILLED |
|---|---|---|---|---|
| Gerkis, James P. | Corporate – 1984 | $853 | 60.90 | $51,947.70 |
| Hackett, Michael | Litigation – 2009 | $853 | 190.70 | $162,667.10 |
| Hamburger, Paul M. | Labor & Employment – 1985 | $853 | 13.50 | $11,515.50 |
| Hamilton, Martin T. | Tax – 2004 | $853 | 12.40 | $10,577.20 |
| Harris, Mark D. | Litigation – 1992 | $853 | 127.80 | $109,013.40 |
| Kass, Colin R. | Litigation – 1996 | $853 | 117.60 | $100,312.80 |
| Komaroff, William C. | Litigation – 1992 | $853 | 169.50 | $144,583.50 |
| Kornreich, Edward S. | Corporate – 1978 | $853 | 9.50 | $8,103.50 |
| Levitan, Jeffrey W. | BSGR&B – 1983 | $853 | 355.30 | $303,070.90 |
| Martinez, Carlos E. | Corporate – 1988 | $853 | 146.80 | $125,220.40 |
| Mervis, Michael T. | Litigation – 1990 | $853 | 311.40 | $265,624.20 |
| Mungovan, Timothy W. | Litigation – 1994 | $853 | 791.10 | $674,808.30 |
| Ondeck, Christopher E. | Litigation – 1995 | $853 | 1.00 | $853.00 |
| Perra, Kevin J. | Litigation – 1995 | $853 | 27.00 | $23,031.00 |
| Possinger, Paul V. | BSGR&B – 1993 | $853 | 212.90 | $181,603.70 |
| Ramachandran, Seetha | Litigation – 2001 | $853 | 10.80 | $9,212.40 |
| Rappaport, Lary Alan | Litigation – 1979 | $853 | 675.10 | $575,860.30 |
| Richman, Jonathan E. | Litigation – 1984 | $853 | 103.70 | $88,456.10 |
| Roberts, John E. | Litigation – 2009 | $853 | 164.60 | $140,403.80 |
| Rosen, Brian S. | BSGR&B – 1983 | $853 | 1,229.80 | $1,049,019.40 |
| Rosenthal, Marc E. | Litigation – 1990 | $853 | 85.60 | $73,016.80 |
| Snell, Dietrich L. | Litigation – 1983 | $853 | 45.00 | $38,385.00 |
| Triggs, Matthew | Litigation – 1990 | $853 | 750.30 | $640,005.90 |
| Waldon, Samuel J. | Litigation – 1995 | $853 | 18.20 | $15,524.60 |
| Waxman, Hadassa R. | Litigation – 2001 | $853 | 430.60 | $367,301.80 |

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[7] | TOTAL HOURS BILLED (in this application) | FEES BILLED |
|---|---|---|---|---|
| Weise, Steven O. | Corporate – 1974 | $853 | 11.20 | $9,553.60 |
| **Total for Partners:** | | | **8,759.40** | **$7,471,768.20** |
| *SENIOR COUNSEL* | | | | |
| Alonzo, Julia D. | Litigation – 2009 | $853 | 348.80 | $297,526.40 |
| Roche, Jennifer L. | Litigation – 2007 | $853 | 226.10 | $192,863.30 |
| **Total for Senior Counsel:** | | | **574.90** | **$490,389.70** |
| *ASSOCIATES* | | | | |
| Anderson, James | Litigation – 2015 | $853 | 130.20 | $111,060.60 |
| Ansanelli, Julia M. | Litigation – 2017 | $853 | 30.40 | $25,931.20 |
| Bargoot, Alexandra V. | Litigation – 2016 | $853 | 186.00 | $158,658.00 |
| Blackwell, Brooke H. | BSGR&B – 2018 | $853 | 204.20 | $174,182.60 |
| Bloch, Aliza H. | Litigation – 2019 | $853 | 187.20 | $159,681.60 |
| Dalsen, William D. | Litigation – 2011 | $853 | 225.40 | $192,266.20 |
| Deming, Adam L. | Litigation – 2018 | $853 | 3.10 | $2,644.30 |
| Desatnik, Daniel | BSGR&B – 2018 | $853 | 151.40 | $129,144.20 |
| DuBosar, Jared M. | Litigation – 2018 | $853 | 113.80 | $97,071.40 |
| Eggers, Peter J. | Health Care – 2015 | $853 | 10.60 | $9,041.80 |
| Esses, Joshua A. | BSGR&B – 2017 | $853 | 72.10 | $61,501.30 |
| Fassuliotis, William G. | Litigation – 2020 | $853 | 369.10 | $314,842.30 |
| Fishkind, Peter | Litigation – 2018 | $853 | 184.80 | $157,634.40 |
| Gottlieb, Brooke G. | Litigation – 2020 | $853 | 226.70 | $193,375.10 |
| Griffith, Jessica M. | Litigation – 2021 | $853 | 123.30 | $105,174.90 |
| Hartunian, Joseph S. | Litigation – 2019 | $853 | 32.70 | $27,893.10 |
| Hong, Yena | Litigation – 2020 | $853 | 271.70 | $231,760.10 |
| Hughes, Sarah E. | Corporate – 2019 | $853 | 68.10 | $58,089.30 |
| Jones, Erica T. | Litigation – 2018 | $853 | 164.90 | $140,659.70 |

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[7] | TOTAL HOURS BILLED (in this application) | FEES BILLED |
|---|---|---|---|---|
| Jones, Jennifer L. | Litigation – 2005 | $853 | 2.30 | $1,961.90 |
| Kim, Mee R. | Litigation – 2016 | $853 | 452.70 | $386,153.10 |
| Kowalczyk, Lucas | Litigation – 2017 | $853 | 176.00 | $150,128.00 |
| Landers Hawthorn, Kelly B. | Litigation – 2018 | $853 | 0.70 | $597.10 |
| Lefebvre, Antonieta P. | Litigation – 2015 | $853 | 9.60 | $8,188.80 |
| Ma, Steve | BSGR&B – 2014 | $853 | 553.80 | $472,391.40 |
| Markofsky, Lisa B. | Litigation – 2005 | $853 | 63.60 | $54,250.80 |
| McGowan, Shannon D. | Litigation – 2020 | $853 | 433.40 | $369,690.20 |
| Meyer, Tony R. | Tax – N/A[9] | $853 | 30.10 | $25,675.30 |
| Miller, Nathaniel J. | Litigation – 2018 | $853 | 87.40 | $74,552.20 |
| Morris, Matthew J. | Litigation – 2000 | $853 | 37.20 | $31,731.60 |
| Moser, Nicollette R. | Litigation – 2020 | $853 | 86.10 | $73,443.30 |
| Munkittrick, David A. | Litigation – 2011 | $853 | 280.60 | $239,351.80 |
| Nam, Seok Whee (Jason) | Corporate – 2020 | $853 | 38.00 | $32,414.00 |
| Osaben, Libbie B. | BSGR&B – 2021 | $853 | 335.70 | $286,352.10 |
| Ovanesian, Michelle M. | Litigation – 2018 | $853 | 499.20 | $425,817.60 |
| Palmer, Marc C. | Litigation – 2018 | $853 | 433.70 | $369,946.10 |
| Park, Sejin | Tax – 2015 | $853 | 3.70 | $3,156.10 |
| Pedram, Shiva | Litigation – 2021 | $853 | 151.00 | $128,803.00 |
| Peterson, John A. | BSGR&B – 2017 | $853 | 301.20 | $256,923.60 |
| Rainwater, Shiloh A. | Litigation – 2017 | $853 | 102.90 | $87,773.70 |
| Rogoff, Corey I. | Litigation – 2019 | $853 | 462.60 | $394,597.80 |
| Samuels, Reut N. | Litigation – 2021 | $853 | 107.10 | $91,356.30 |
| Sanchez Tavarez, Genesis | Litigation – 2021 | $853 | 101.50 | $86,579.50 |

[9] Tony R. Meyer is a first year associate who was not yet admitted to the bar during the Compensation Period.

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[7] | TOTAL HOURS BILLED (in this application) | FEES BILLED |
|---|---|---|---|---|
| Sazant, Jordan | BSGR&B – 2018 | $853 | 31.70 | $27,040.10 |
| Skrzynski, Matthew A. | BSGR&B – 2017 | $853 | 153.10 | $130,594.30 |
| Sockett, Nicole | Litigation – 2021 | $853 | 109.20 | $93,147.60 |
| Sosa, Javier F. | Litigation – 2019 | $853 | 380.20 | $324,310.60 |
| Stafford, Laura | Litigation – 2012 | $853 | 871.50 | $743,389.50 |
| Stevens, Elliot R. | BSGR&B – 2018 | $853 | 179.50 | $153,113.50 |
| Teran, Alan S. | Litigation – 2020 | $853 | 36.30 | $30,963.90 |
| Tocicki, Alyson C. | Litigation – 2021 | $853 | 109.60 | $93,488.80 |
| Velez Gadea, Juan Carlos | Corporate – 2020 | $853 | 135.70 | $115,752.10 |
| Victor, Seth H. | Litigation – 2019 | $853 | 77.80 | $66,363.40 |
| Volin, Megan R. | BSGR&B – 2020 | $853 | 89.00 | $75,917.00 |
| Vora, Hena M. | Litigation – 2018 | $853 | 3.00 | $2,559.00 |
| Wertheim, Eric R. | Litigation – 2019 | $853 | 103.50 | $88,285.50 |
| Wetmore, Colin J. | Tax – N/A[10] | $853 | 4.70 | $4,009.10 |
| Wheat, Michael K. | BSGR&B – 2019 | $853 | 96.90 | $82,655.70 |
| Wolf, Lucy C. | Litigation – 2017 | $853 | 192.30 | $164,031.90 |
| Wright, Bryant D. | Litigation – 2020 | $853 | 14.50 | $12,368.50 |
| **Total for Associates:** | | | **10,094.30** | **$8,610,437.90** |
| *E-DISCOVERY ATTORNEYS* | | | | |
| Eisenberg, Benjamin R. | Professional Resources – 2013 | $421 | 77.50 | $32,627.50 |
| Friedman, Olga | Professional Resources – 2009 | $421 | 51.00 | $21,471.00 |
| Ike, Yvonne O. | Professional Resources – 2009 | $421 | 219.90 | $92,577.90 |

---

[10] Colin J. Wetmore is a first year associate who was not yet admitted to the bar during the Compensation Period.

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[7] | TOTAL HOURS BILLED (in this application) | FEES BILLED |
|---|---|---|---|---|
| Kay, James | Professional Resources – 1978 | $421 | 402.70 | $169,536.70 |
| Peterson, Cathleen P. | Professional Resources – 1991 | $421 | 57.70 | $24,291.70 |
| Rabinov, Peter J. | Professional Resources – 2007 | $421 | 1.30 | $547.30 |
| **Total for e-Discovery Attorneys:** | | | **810.10** | **$341,052.10** |
| *PARAPROFESSIONALS* | | | | |
| Asnis, Griffin M. | Litigation Paralegal – N/A | $291 | 210.10 | $61,139.10 |
| Barbier, Anna | Corporate Paralegal – N/A | $291 | 6.70 | $1,949.70 |
| Chernus, Eric R. | Professional Resources – N/A | $291 | 113.30 | $32,970.30 |
| Cody, Sara E. | Litigation Paralegal – N/A | $291 | 13.70 | $3,986.70 |
| Cohen, Elliot R. | Litigation Paralegal – N/A | $291 | 134.60 | $39,168.60 |
| Cook, Alexander N. | Corporate Paralegal – N/A | $291 | 227.60 | $66,231.60 |
| Cooper, David C. | Corporate Paralegal – N/A | $291 | 33.80 | $9,835.80 |
| Cordova-Pedroza, Christian | Labor & Employment Paralegal – N/A | $291 | 2.70 | $785.70 |
| Dillon, Emma K. | Litigation Paralegal – N/A | $291 | 0.20 | $58.20 |
| Fox, Rachel L. | Professional Resources – N/A | $291 | 9.20 | $2,677.20 |
| Henderson, Laurie A. | Professional Resources – N/A | $291 | 2.80 | $814.80 |
| Hoffman, Joan K. | Litigation Paralegal – N/A | $291 | 91.40 | $26,597.40 |

11

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[7] | TOTAL HOURS BILLED (in this application) | FEES BILLED |
|---|---|---|---|---|
| Klock, Joseph | Professional Resources – N/A | $291 | 7.20 | $2,095.20 |
| Lerner, Lela A. | Litigation Paralegal – N/A | $291 | 208.70 | $60,731.70 |
| McPeck, Dennis T. | Litigation Paralegal – N/A | $291 | 574.70 | $167,237.70 |
| Monforte, Angelo | Litigation Paralegal – N/A | $291 | 318.80 | $92,770.80 |
| Nagorny, Susanna | Litigation Paralegal – N/A | $291 | 4.00 | $1,164.00 |
| Oloumi, Nicole | BSGR&B Paralegal – N/A | $291 | 21.10 | $6,140.10 |
| Orr, Lisa P. | Litigation Paralegal – N/A | $291 | 18.70 | $5,441.70 |
| Petrov, Natasha | BSGR&B Paralegal – N/A | $291 | 193.40 | $56,279.40 |
| Rubin, Abigail | Litigation Paralegal – N/A | $291 | 59.10 | $17,198.10 |
| Schaefer, Shealeen E. | Labor & Employment Paralegal – N/A | $291 | 437.30 | $127,254.30 |
| Silvestro, Lawrence T. | Litigation Paralegal – N/A | $291 | 116.20 | $33,814.20 |
| Singer, Tal J. | BSGR&B Paralegal – N/A | $291 | 143.60 | $41,787.60 |
| Zurzolo, Salvatore | Professional Resources – N/A | $291 | 0.40 | $116.40 |
| **Totals for Paraprofessionals:** | | | **2,949.30** | **$858,246.30** |

| PROFESSIONALS | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|
| **Attorneys and Paraprofessionals Total:** | **23,188.00** | **$17,771,894.20** |

**Schedule 3**

**Summary of Professional Services Rendered by Project
Category for the Period February 1, 2021 through May 31, 2021**

| PROJECT CATEGORY | DESCRIPTION | HOURS | FEES SOUGHT |
|---|---|---|---|
| 201 | Tasks Relating to the Board, its Members, its Staff, its Advisors or its Consultants | 427.50 | $364,657.50 |
| 202 | Legal Research | 633.80 | $540,631.40 |
| 203 | Hearings and Other Non-Filed Communications with the Court | 154.70 | $131,959.10 |
| 204 | Communications with Claimholders | 311.40 | $263,761.20 |
| 205 | Communications with the Commonwealth, its Instrumentalities or Representatives of the Commonwealth or its Instrumentalities | 249.80 | $213,079.40 |
| 206 | Documents Filed on Behalf of the Board | 2,520.40 | $2,149,901.20 |
| 207 | Non-Board Court Filings | 147.80 | $126,073.40 |
| 208 | Stay Matters | 84.10 | $71,737.30 |
| 210 | Analysis and Strategy | 9,373.10 | $7,881,292.70 |
| 211 | Non-Working Travel Time | 5.00 | $4,265.00 |
| 212 | General Administration | 3,097.60 | $929,754.60 |
| 213 | Labor, Pension Matters | 47.30 | $40,346.90 |
| 215 | Plan of Adjustment and Disclosure Statement | 4,837.20 | $3,986,898.00 |
| 216 | Confirmation | 553.30 | $469,761.70 |
| 217 | Tax | 74.40 | $63,463.20 |
| 218 | Employment and Fee Applications | 96.10 | $44,263.10 |
| 219 | Appeal | 569.60 | $485,868.80 |
| 220 | Fee Applications for Other Parties | 4.90 | $4,179.70 |
| | **Total for All Project Categories:** | **23,188.00** | **$17,771,894.20** |

13

**Schedule 4**

**Summary of Actual and Necessary Expenses Incurred
for the Period February 1, 2021 through May 31, 2021**

| EXPENSE CATEGORY | AMOUNT BILLED |
|---|---|
| Airplane | $371.40 |
| Data Base Search Services | $274.39 |
| Expert Witness Fees | $25,000.00 |
| Filing and Court Costs | $2,366.75 |
| Lexis/Westlaw | $295,971.00 |
| Local Delivery | $311.65 |
| Lodging | $600.00 |
| Messenger/Delivery | $2,033.65 |
| Out of Town Meals | $80.41 |
| Out of Town Transportation | $50.00 |
| Outside Reproduction | $3,360.97 |
| Practice Support Vendors | $560,423.28 |
| Reproduction | $17,760.35 |
| Taxi, Carfare, Mileage and Parking | $200.00 |
| Taxicab/Car Service | $533.27 |
| Telephone | $1,260.00 |
| Transcripts & Depositions | $21,308.10 |
| Translation Service | $40,756.34 |
| **Total:** | **$972,661.56** |

**Schedule 5**

**Blended Rate Chart**

| CATEGORY OF TIMEKEEPER | BLENDED HOURLY RATE | |
|---|---|---|
| | **BILLED**<br>**Domestic offices in which timekeepers collectively billed at least 10% of the hours to the bankruptcy case during the application period, for preceding year, *excluding bankruptcy*** | **BILLED**<br>**In this fee application[11]** |
| Partners | $1,298 | $853 |
| Senior Counsel | $1,097 | $853 |
| Associates (7 or more years since first admission) | $1,026 | $853 |
| Associates (4–6 years since first admission) | $935 | $853 |
| Associates (1–3 years since first admission) | $756 | $853 |
| E-Discovery Attorneys | $794 | $421 |
| Paraprofessionals | $350 | $291 |
| **All Timekeepers Aggregated:** | **$973** | **$766.43** |

---

[11] *See supra* note 8.

**Estimated Hearing Date**: February 2, 2022 at 9:30 a.m. (Atlantic Standard Time)
**Objection Deadline**: January 25, 2022 at 4:00 p.m. (Atlantic Standard Time)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>     Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17–BK–3283–LTS<br><br>(Jointly Administered) |

## TWELFTH INTERIM FEE APPLICATION OF PROSKAUER ROSE LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS ATTORNEYS FOR THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE OF THE DEBTOR, THE COMMONWEALTH OF PUERTO RICO, FOR THE PERIOD FEBRUARY 1, 2021 THROUGH MAY 31, 2021

Proskauer Rose LLP ("Proskauer"), attorneys for the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board" or "FOMB") as representative of the Commonwealth of Puerto Rico (the "Debtor" or "Commonwealth") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] hereby submits this twelfth interim application (the "Application"),[3] pursuant to PROMESA sections 316 and 317, Rule 2016

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

[3] The Application solely pertains to fees and expenses incurred with respect to the Debtor's Title III Case and does not address fees or expenses incurred with respect to other services performed for the Oversight Board (a) on behalf of other Title III debtors, or (b) outside the Title III process.

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),[4] Rule 2016–1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules"), and the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* issued by the Executive Office for the United States Trustee, 28 CFR Part 58, Appendix B (the "Guidelines"), and in accordance with this Court's *Second Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [ECF No. 3269][5] (the "Interim Compensation Order"), for (a) allowance of interim compensation for professional services performed by Proskauer for the period commencing February 1, 2021 through and including May 31, 2021 (the "Compensation Period") in the amount of **$17,771,894.20**, and (b) reimbursement of its actual and necessary expenses in the amount of **$972,661.56** incurred during the Compensation Period.  In support of the Application, Proskauer respectfully avers as follows:

<u>**Jurisdiction**</u>

1.      The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this Application pursuant to PROMESA section 306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

3.      The statutory predicates for the relief requested herein are PROMESA sections 316 and 317.

---

[4]  The Bankruptcy Rules are made applicable to the Debtor's Title III Case by PROMESA section 310.

[5]  Unless otherwise expressly indicated, ECF Numbers refer to the docket of the Commonwealth's Title III Case, Case No. 17-BK-3283-LTS.

## Background

4. On June 30, 2016, the Oversight Board was established under PROMESA section 101(b). On August 31, 2016, President Obama appointed the Oversight Board's first seven voting members.

5. Pursuant to PROMESA section 315, "[t]he Oversight Board in a case under this subchapter is the representative of the debtor" and "may take any action necessary on behalf of the debtor to prosecute the case of the debtor, including filing a petition under section [304] of [PROMESA] . . . or otherwise generally submitting filings in relation to the case with the court." PROMESA § 315(a), (b).

6. On September 30, 2016, the Oversight Board designated the Debtor as a "covered entity" under PROMESA section 101(d).

7. On November 25, 2016, the Oversight Board retained Proskauer at substantial discounts to its normal hourly rates, as shown by the Engagement Letter and by **Schedule 5** above.

8. On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Debtor's Title III Case"). Pursuant to PROMESA section 315(b), the Oversight Board is the Debtor's representative in the Debtor's Title III Case.

9. On December 15, 2017, Proskauer filed the *First Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period May 3, 2017 through September 30, 2017* [ECF No. 2068] (the "First Interim Application").

3

10.     On April 9, 2018, Proskauer filed the *Second Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period October 1, 2017 through January 31, 2018* [ECF No. 2868] (the "Second Interim Application").

11.     On July 16, 2018, Proskauer filed the *Third Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period February 1, 2018 through May 31, 2018* [ECF No. 3588] (the "Third Interim Application").

12.     On November 16, 2018, Proskauer filed the *Fourth Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period June 1, 2018 through September 30, 2018* [ECF No. 4280] (the "Fourth Interim Application").

13.     On May 21, 2019, Proskauer filed the *Fifth Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period October 1, 2018 through January 31, 2019* [ECF No. 7045] (the "Fifth Interim Application").

14.     On September 20, 2019, Proskauer filed the *Sixth Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as*

*Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period February 1, 2019 through May 31, 2019* [ECF No. 8734] (the "Sixth Interim Application").

15.     On December 20, 2019, Proskauer filed the *Seventh Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period June 1, 2019 through September 30, 2019* [ECF No. 9624] (the "Seventh Interim Application").

16.     On April 15, 2020, Proskauer filed the *Eighth Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period October 1, 2019 through January 31, 2020 and Notice of Deferral of Request for Payment of Rate Increase* [ECF No. 12831] (the "Eighth Interim Application").

17.     On September 18, 2020, Proskauer filed the *Ninth Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period February 1, 2020 through May 31, 2020* [ECF No. 14348] (the "Ninth Interim Application").

18.     On March 19, 2021, Proskauer filed the *Tenth Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period June 1, 2020 through September*

*30, 2020 and Notice of Annual Rate Adjustment Provided in Original Engagement Letter* [ECF No. 16143] (the "Tenth Interim Application").

19.     On July 29, 2021, Proskauer filed the *Eleventh Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period October 1, 2020 through January 31, 2021* [ECF No. 17587] (the "Eleventh Interim Application").

20.     On March 31, 2021 Proskauer served on the Notice Parties (as defined in the Interim Compensation Order) its forty-seventh monthly fee statement for the period February 1, 2021 through February 28, 2021.  On May 17, 2021, Proskauer served on the Notice Parties its forty-eighth monthly fee statement for the period March 1, 2021 through March 31, 2021.  On May 28, 2021, Proskauer served on the Notice Parties its forty-ninth monthly fee statement for the period April 1, 2021 through April 30, 2021.  On July 6, 2021, Proskauer served on the Notice Parties its fiftieth monthly fee statement for the period May 1, 2021 through May 31, 2021 and its twenty-first monthly statement for the period May 1, 2021 through May 31, 2021 for services rendered and expenses incurred while in Puerto Rico.

21.     In accordance with the Interim Compensation Order and as reflected in the foregoing summary, Proskauer has requested an aggregate payment of **$16,967,366.34** (payment of ninety percent (90%) of the compensation sought and reimbursement of one-hundred percent (100%) of expenses incurred) and has received **$16,967,366.34** with respect to fee statements filed during the Compensation Period.

6

**<u>Summary of Services Rendered by Proskauer During the Compensation Period</u>**

22.     The instant Application is Proskauer's twelfth application for interim compensation in the Debtor's Title III Case.  To make the review of Proskauer's fee applications in all the pending Title III cases more efficient for the Court and other readers, paragraphs 23 through 26 of the instant Application, the corresponding paragraphs in each of Proskauer's twelfth interim fee applications in the pending ERS, HTA, and PREPA Title III cases, and paragraphs 17 through 20 in the fifth interim fee application in the pending PBA Title III case, are identical and cover the principal activities in all the Title III cases.

23.     The services rendered during the Compensation Period were integral and critical to the proposal of a largely consensual Title III plan of adjustment for the Commonwealth, ERS, and PBA and for two totally consensual Title VI qualified debt modifications for PRIFA and CCDA, whose respective confirmation and approval hearings concluded November 23, 2021.  The overwhelming consensual nature of the proposed restructurings was the product of extraordinary efforts and results achieved by Proskauer and all the Oversight Board's advisors given the severe debt discounts embedded in the proposed plans.  If the plan is confirmed and approved, the Commonwealth will have approximately $7.4 billion of remaining bond debt compared to $30.5 billion when the Commonwealth Title III case commenced.  Annual debt service will be reduced from approximately $2.1 billion per year to $666 million per year for the Commonwealth.  The services rendered were also essential to significant progress in PREPA and HTA's Title III cases.  The continuing global coronavirus pandemic affecting Puerto Rico and significant rise in COVID-19 cases during this Compensation Period imposed acute economic and administrative challenges to the Commonwealth and its covered instrumentalities.  Proskauer was integrally involved in most all the Oversight Board's undertakings.  The Oversight Board remained focused on protecting the

health and welfare of the people of Puerto Rico while ensuring that critical businesses remained open to provide for the needs of the citizens of the Island. The Oversight Board continued developing strategies for reducing the negative impact of the pandemic on the Island's economy and worked collaboratively with the Puerto Rico Government and its agencies to effectively utilize the federal funding intended to provide relief and cover the expenses related to the pandemic. The Oversight Board concentrated on achieving its mandates under PROMESA, advancing structural reforms that would promote economic growth and improve the quality of life for the people of Puerto Rico so that fiscal responsibility, access to capital markets, and economic prosperity could return to the Island. Proskauer continued to provide legal and strategic advice to the Oversight Board to help carry out its priority of protecting the health, safety, and economic welfare of the people of Puerto Rico. Among others, Proskauer's notable undertakings during this Compensation Period included:

- Further Development of the Amended Joint Plan and Disclosure Statement. On November 20, 2020, the Oversight Board approved the resumption of negotiations concerning the plan of adjustment with creditors and other parties pursuant to the mediation agreement, with mediation sessions resuming during the first week of December 2020. During the Compensation Period, Proskauer, on behalf of the Oversight Board and under the guidance of the Mediation Team led by the Honorable Judge Barbara J. Houser, participated in multiple mediation sessions and informal meetings with the Commonwealth, AAFAF, the bondholders party to a February 2020 Plan Support Agreement, certain insurers and holders of bonds issued by various Puerto Rico entities, Assured Guaranty Corporation, Assured Guaranty Municipal Corporation (both together, "Assured"), Ambac Assurance Corporation ("Ambac"), and Financial Guaranty Insurance Company ("FGIC", and together with Assured and Ambac, the "Monolines"), the Unsecured Creditors' Committee (the "UCC"), the Retiree Committee, and various unions with the goal of developing and establishing a framework and timeline for a consensual debt restructuring.

  On February 10, 2021, the Oversight Board announced in a press release that after a successful mediation process it had reached an agreement in principle with several creditor groups to lower Puerto Rico's debt to sustainable levels and achieve a realistic proposal that would open a path to recovery. On February 23, 2021, the Oversight Board announced that following months of court-supervised mediation, the Board achieved a new plan support agreement ("PSA") with general obligation ("GO") and PBA bondholders. Following the announcement of the terms of the new

PSA, on March 8, 2021, Proskauer, on behalf of the Oversight Board, filed the *Second Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 15976] and the *Disclosure Statement for the Second Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 15988].

On April 2, 2021, the Oversight Board entered into a stipulation with holders of ERS bonds which provides a global resolution of disputes regarding the validity of the ERS bonds and related rights of bondholders.

On April 6, 2021, Proskauer, on behalf of the Oversight Board, filed a scheduling motion requesting, among other things, that the Court schedule a hearing to consider the adequacy of the information contained in the proposed Disclosure Statement.[6]

As a result of multiple mediation sessions and informal communications, on May 5, 2021, the Oversight Board announced the terms of a new plan support agreement with holders and insurers of HTA and Puerto Rico Convention Center District Authority ("CCDA") bonds (the "HTA/CCDA PSA") that settled their asserted "clawback" claims against the Commonwealth and provided a framework to restructure the bond debt of HTA and CCDA.  On May 11, 2021, Proskauer, on behalf of the Oversight Board, filed its proposed *Third Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 16740], and related proposed Disclosure Statement [ECF No. 16741], which incorporated the terms of the HTA/CCDA PSA and the settlement with the ERS bondholders achieved earlier. On May 25, 2021, the parties entered into an amendment to the HTA/CCDA PSA.

On May 4, 2021, the Court entered an *Order (I) Scheduling a Hearing to Consider the Adequacy of Information Contained in the Disclosure Statement, (II) Establishing the Deadline for Filing Objections to the Disclosure Statement and Replies Thereto, (III) Approving Form of Notice Thereof, (IV) Establishing Document Depository Procedures in Connection Therewith, and (V) Granting Related Relief* [ECF No. 16681], scheduling, among other things, the hearing to consider the adequacy of the information contained in the Disclosure Statement on July 13, 2021 (the "Disclosure Statement Hearing").

In addition, during the Compensation Period, Proskauer attorneys and paraprofessionals analyzed a variety of legal and procedural issues related to the Plan related discovery and worked diligently with Prime Clerk LLC and Liquid Litigation Management to establish a confirmation data hosting repository, discussing and implementing the logistics of providing safe and secure access to documents related to confirmation of the Plan, and preparing plan confirmation related documents for uploading to the repository.

---

[6]  *See Debtors' Joint Motion for an Order (I) Scheduling a Hearing to Consider the Adequacy of Information Contained in the Disclosure Statement, (II) Establishing the Deadline for Filing Objections to the Disclosure Statement and Replies Thereto, (III) Approving Form of Notice Thereof, (IV) Establishing Document Depository Procedures in Connection Therewith, and (V) Granting Related Relief* [ECF No. 16332].

Subsequent to the Compensation Period, the Oversight Board continued to negotiate with the Debtors' key stakeholders, reached additional agreements with the GO and PBA bondholders, the UCC, holders of Puerto Rico Infrastructure Financing Authority ("PRIFA") bonds, and the DRA Parties, negotiated and filed further amended versions of the Plan, addressed numerous objections to the Disclosure Statement and Plan, obtained approval of the Disclosure Statement, and conducted a hearing to consider confirmation of the Plan.  The Court's decision on confirmation of the Plan remains pending.

- Certified Fiscal Plans and Compliance with PROMESA.  During the Compensation Period, Proskauer advised the Oversight Board in its efforts on developing and certifying budgets for fiscal year 2022.  In consultation with the Governor and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), the Oversight Board certified fiscal plans for the Commonwealth (which fiscal plan includes ERS and PBA), PREPA, HTA, the University of Puerto Rico ("UPR"), the Puerto Rico Industrial Company ("PRIDCO"), and the Puerto Rico Aqueduct and Sewer Authority ("PRASA"), the Puerto Rico Sales Tax Financing Corporation ("COFINA"), and the Public Corporation for Supervision and Insurance of Cooperatives of Puerto Rico ("COSSEC"), completing the 2021 fiscal plan process and representing further progress towards Puerto Rico's recovery, stability, and growth.  The Board, collaborating with the Governor and AAFAF, also developed and drafted the General Fund Budget for the Commonwealth of Puerto Rico's fiscal year 2022, approved it on May 11, 2021, and submitted it to the Legislature for its consideration. The fiscal year 2022 budget prioritizes education, public safety, health, economic development, and pension payments, allocating seventy-two percent (72%) of funding to these priority areas.

  Proskauer attorneys also supported the Oversight Board in its commitment to ensuring the Government's compliance with PROMESA in proposing and enacting legislation. Specifically, during the Compensation Period, Proskauer continued to work diligently with the Oversight Board in relation to the Board's efforts to prevent the enactment of proposed House Bill 120 as significantly inconsistent with the certified fiscal plans and PROMESA.  Proskauer attorneys participated in discussions with counsel to AAFAF and representatives of the Governor concerning HB 120, analyzed various data and reports from the Oversight Board's economic advisors, and reviewed and evaluated the data provided by the Government.  On behalf of the Oversight Board, they drafted numerous PROMESA section 204(a) letters to the Government advising that enactment of HB 120, which established a no-cuts policy to certain pensions, mandated a transfer of $4.5 billion to a newly created pension trust, and directed the Government to repudiate any plan of adjustment that required pension or budget cuts, would have a negative effect on the restructuring of the Commonwealth and would derail the Oversight Board's efforts to confirm the proposed Plan.  Subsequent to the Compensation Period, after the Governor signed HB 120 into law as Act 7-2021 on June 9, 2021, Proskauer advised the Oversight Board in drafting demand letters to the Governor insisting on nullifying the Act in its entirety, and subsequently, on July 2, 2021, filed an adversary proceeding on

10

behalf of the Oversight Board against the Governor, AAFAF, Senate President the Honorable José Luis Dalmau Santiago and House Speaker the Honorable Rafael Hernández Montañez (the "House Speaker") to enjoin enforcement and to nullify the Act, *FOMB v. Pierluisi,* Adv. Proc. No. 21-0072. On August 13, 2021, Proskauer, on behalf of the Oversight Board, filed a motion for summary judgment. On October 13, 2021, the Title III Court granted the Oversight Board's motion in substantial part and declared Act 7 in its entirety and all actions taken pursuant to the Act nullified, unenforceable and of no effect.

During the Compensation Period, Proskauer continued to advise the Oversight Board in communications with the Puerto Rico Transportation and Other Services Bureau ("NTSP") regarding new regulations that increased certain tariffs without the Oversight Board's approval as required by PROMESA, and that were inconsistent with the certified fiscal plan. Proskauer also advised the Oversight Board in its communications and negotiations with the Puerto Rico Trucking Association regarding its threat of a strike by transportation companies in support of temporary shipping rate increases implemented by NTSP against the direction of the Oversight Board. The Oversight Board met with several representatives of the trucking industry and unions and their counsel. This dialogue led to an agreement with NTSP and the truckers that prevented the strike.

- LUMA Energy Contract. Proskauer professionals, along with other Oversight Board advisors, devoted significant time and effort to further negotiate and work towards implementation of the operating management agreement (and supplemental agreement) with LUMA Energy, LLC and LUMA Energy ServCo, LLC (collectively, "LUMA Energy" and such contract, the "T&D Contract") for transitioning the maintenance and operation of the Puerto Rico Transmission and Distribution System (the "T&D System") to LUMA Energy, with the goal of providing safe, reliable, and affordable energy service to the Island. The Puerto Rico Transmission and Distribution System Operation and Maintenance Agreement (the "O&M Agreement") was approved by the Oversight Board and Governor Vazquez, and entered into by PREPA, the Puerto Rico Public-Private Partnerships Authority, and LUMA Energy on June, 22, 2020.

On October 26, 2020, UTIER and Sistema de Retiro de los Empleados de la Autoridad de Energía Eléctrica ("SREAEE") appealed the Title III Court decision granting the Government Parties' motion to allow LUMA Energy's administrative expense claim for any accrued and unpaid front-end transition obligations incurred by PREPA under the T&D Contract. The appeal was fully briefed and was argued on June 8, 2021. On August 12, 2021, the First Circuit affirmed the judgment of the Title III Court.[7]

On March 26, 2021, the Oversight Board joined other Government Parties in a motion requesting that the Title III Court allow an administrative expense claim for amounts to be paid to LUMA Energy by PREPA during the interim period under a

---

[7] *See* Opinion, *UTIER v. FOMB*, Case No. 20-1709 (1st Cir. Aug. 12, 2021).

supplemental agreement and the T&D Contract.[8]  Several parties objected to the motion and the Government Parties filed their omnibus reply on April 21, 2021.  On April 28, 2021, Proskauer defended the Oversight Board's position at oral argument and on May 3, 2021, the motion was granted by the Title III Court.[9]

On April 20, 2021, UTIER commenced an adversary proceeding seeking to void the O&M Agreement and on April 26, 2021, filed a motion seeking a preliminary injunction to enjoin enforcement of the O&M Agreement.[10]  Proskauer joined other government parties in the opposition brief and defended the Oversight Board's position at oral argument on May 18, 2021.  The Court denied UTIER's preliminary injunction request on May 21, 2021, and UTIER's motion for reconsideration on June 1, 2021.[11]  Litigation regarding the validity of the O&M Agreement remains ongoing in the adversary proceedings filed by UTIER, SRAEE, and the President of Puerto Rico Senate.[12]

The LUMA transaction also faced opposition from the Puerto Rico Legislature.  Proskauer advised the Oversight Board in its communications and negotiations with the Government and Legislature regarding House Joint Resolution 88 and Senate Bill 213 seeking to impose a legislative approval requirement for various PREPA actions and to postpone implementation of the O&M Agreement, in violation of PROMESA and inconsistent with the certified fiscal plans.  Both bills were vetoed by the Governor.

On June 2, 2021 Proskauer, on behalf of the Oversight Board, reported to the Title III Court that LUMA Energy commenced operating and maintaining PREPA's T&D System on June 1, 2021.[13]

24.     Throughout the Compensation Period, Proskauer continued its defense of the Title

III Debtors' interests by analyzing and objecting to duplicative, incorrectly filed, and otherwise

deficient or invalid claims against the Debtors, negotiating and participating in meet-and-confer

---

[8] *See Government Parties' Motion for Order Allowing Administrative Expense Claim for Amounts to Be Paid to LUMA Energy by PREPA During Interim Period Under Supplemental Agreement and the T&D Contract* [ECF No. 16241]

[9] *See Memorandum Order Granting Government Parties' Motion for Order Allowing Administrative Expense Claim for Amounts to Be Paid to LUMA Energy by PREPA During Interim Period Under Supplemental Agreement and the T&D Contract* [ECF No. 16665].

[10] *See Motion  for Preliminary Injunction to Enjoin the Execution of the O&M Agreement* [Adv. Proc. No. 21-0041; ECF No. 8]

[11] *See Memorandum Opinion and Order Denying Motion  for Preliminary Injunction to Enjoin the Execution of the O&M Agreement* [Adv. Proc. No. 21-0041; ECF No. 56]; *Memorandum Opinion and Order Denying Motion  for Reconsideration* Adv. Proc. No. 21-0041; ECF No. 61].

[12] Adv. Pro. Nos. 21-00041-LTS, 21-00049-LTS and 21-00059-LTS.

[13] *See Informative Motion Regarding LUMA's Commencement of Operation and Maintenance of PREPA's T&D System* [Case No. 17-4780, ECF No. 2503].

communications with claimants to achieve the best possible outcome for the Debtors.  Among the

major claims-related matters in which Proskauer represented the Title III Debtors during the

Compensation Period are the following:

- <u>Claim Objections</u>.  In connection with proofs of claim filed against the Debtors,[14] Proskauer filed a total of 36 omnibus objections between February 1, 2020 and May 31, 2021.  Proskauer professionals dedicated a significant amount of time and effort to the careful review and analysis of the filed claims and preparing omnibus objections to those claims, as well as reviewing multiple responses and preparing replies in support of the objections.  Due to the COVID-19 pandemic-related restrictions, including the inability of the Court to hold in-person hearings, the Debtors were unable to prosecute certain pending omnibus objections to claims and Proskauer worked with the Title III Court to adjourn hearings on omnibus claim objections. During the Compensation Period, Proskauer organized an additional hearing on February 1, 2021 at the satellite location at the Prime Clerk collection center in San Juan, where claimants were able to appear and speak at a hearing following strict public health and safety measures, with remote access for attorneys and the satellite site available to those claimants who chose to appear in person.

- <u>Alternative Dispute Resolution ("ADR")</u>.  To promote the timely and cost-effective resolution of claims, Proskauer, on behalf of the Debtors, requested that the Title III Court approve amended procedures for alternative dispute resolution (the "<u>ADR Procedures</u>").  On April 1, 2020, the ADR Procedures were approved by the Court.[15] During the Compensation Period, Proskauer filed its *Tenth* through *Thirteenth Notices of Transfer of Claims to Alternative Dispute Resolution* [ECF Nos. 15861, 16517, 16540, and 16767], transferring 93 additional claims to the ADR process. On behalf of the Debtors, Proskauer professionals prepared offer letters to the claimants listed in the ADR Notices. Proskauer also filed the *Fourth Alternative Dispute Resolution Status Notice* [ECF No. 15958] providing an update to the Court regarding the status of the claims transferred into the ADR process.

- <u>Administrative Reconciliation of Claims ("ACR")</u>.  To further facilitate the efficient and cost-effective resolution of the claims, Proskauer, on behalf of the Debtors, submitted to the Court that certain types of claims, such as claims for pension or retiree benefits, tax refunds, salaries and benefits owed to public employees, and union grievances, should remain within the auspices of the Debtors' administrative processes.  The Court approved proposed ACR Procedures on March 12, 2020.[16]

---

[14] Pursuant to the Bar Date Orders [Case No. 17-BK-3283-LTS, ECF Nos. 2521, 3160, 12260, and 13403], approximately 179,703 proofs of claim have been filed against the Debtors and logged by Prime Clerk, LLC.

[15] See  *Order (A) Authorizing Alternative Dispute Resolution Procedures, (B) Approving Additional Forms of Notice, and (C) Granting Related Relief* [ECF No. 12576].

[16] See *Order (A) Authorizing Administrative Reconciliation of Claims, (B) Approving Additional Form of Notice, and (C) Granting Related Relief* [ECF No. 12274].

During the Compensation Period, Proskauer filed its *Ninth* through *Thirteenth Notices of Transfer of Claims to Administrative Claim Reconciliation* [ECF Nos. 15948, 16259, 16514, 16677, and 16926], transferring over 14,100 additional claims into Administrative Claims Reconciliation.  On February 5, 2021, Proskauer filed the *Notice of Filing of Third Administrative Claim Resolution Status Notice* [ECF No. 15812], on April 6, 2021, the *Fourth Administrative Claim Resolution Status Notice* [ECF No. 16322], and on June 4, 2021, *the Fifth Administrative Claim Resolution Status Notice* [ECF No. 16888], providing an update to the Court regarding the status of the claims transferred into the ACR Procedures pursuant to the ACR transfer notices and reporting that in total, over 23,000 of ACR transferred claims had been successfully resolved by the end of the Compensation Period.

25.  <u>First Circuit and Supreme Court Appeals</u>. During this Compensation Period, Proskauer defended a number of significant matters before the appellate courts, obtaining several critical judgments on behalf of the Oversight Board as Title III representative of the Debtors.  Some of the appellate matters where Proskauer attorneys represented the Oversight Board included:

- <u>U.S. Supreme Court *Certiorari* Petition</u>:

  (1) <u>UECFSE v. Commonwealth, Case No. 20-1466 (U.S.)</u>.  On April 16, 2021, two unions representing public employees, Hermandad de Empleados del Fondo del Seguro del Estado, Inc. ("<u>UECFSE</u>") and Unión de Medicós de la Corporacion del Fondo del Seguro del Estado Corp. ("<u>UMCFSE</u>"), filed a petition for a writ of certiorari appealing the First Circuit judgment affirming the Title III Court's dismissal of their complaint against the Oversight Board alleging that certain laws impermissibly interfered with their collective bargaining rights.[17]  Proskauer, on behalf of the Oversight Board, opposed the petition on August 2, 2021, and on October 4, 2021, the petition for writ of certiorari was denied.

- <u>First Circuit Appeals</u>:

  (1) <u>Diaz Mayoral v. Commonwealth, Case No. 20-1279 (consolidated with Case No. 19-2231)</u>.  On December 18, 2019, Jorge A. Diaz Mayoral and Juan A. Frau Escudero appealed the Title III Court orders sustaining the Debtors' sixty-fourth omnibus objection to claims and denying their motion for reconsideration.[18]  After multiple extensions of time, the appellants filed their opening brief on December 16, 2020.  Proskauer, on behalf of the Oversight Board, responded on February 24, 2021.

---

[17] *See* October 28, 2020, *Judgment* and *Opinion,* Case Nos. 19-2028 (1st Cir.).

[18] *See Order Granting Sixty-Fourth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims Based on Investments in Mutual Funds* [ECF No. 9099]; *Memorandum Order Denying Motion to Alter or Amend Order Sustaining Objection (Dkt. 8297) to Claims No. 152470 & No. 152283* [ECF No. 9121].

The case was fully briefed and was argued on May 4, 2021.  On May 28, 2021, the First Circuit affirmed the decisions of the Title III Court.

(2) <u>Ambac Assurance Corp. v. Commonwealth, Case No. 20-1657</u>.  On June 16, 2020, the Title III Court granted the Oversight Board's motion for entry of an order requiring Ambac to withdraw as violating the automatic stay its complaint in the District Court of Puerto Rico seeking to rescind a concession extension agreement with HTA.[19]  Ambac appealed the order on June 30, 2020.  On October 19, 2020, Ambac filed its opening appellate brief.  Proskauer filed a response on behalf of the Oversight Board on December 18, 2020.  After several extensions, Ambac filed its reply brief on February 12, 2021, and the matter was argued on March 8, 2021.  Subsequently, the parties entered into a settlement agreement resolving the disputed issues and on August 2, 2021 filed a joint motion to stay the appeal and to hold it in abeyance until January of 2022.  The joint motion was granted on August 4, 2021.

(3) <u>Campamento Contra las Cenizas en Peñuelas, Inc. v. FOMB, Case No. 20-1685; UTIER v. FOMB, Case No. 20-1709; and Windmar Renewable Energy, Inc. v. FOMB, Case No. 20-1710</u>.  On July 3, 2020, UTIER and Widmar Renewable Energy, Inc. ("<u>Windmar</u>") appealed the Title III Court order authorizing PREPA to assume its power purchase and fuel supply agreements on renewed terms with two energy providers, which were approved by PREPA's Governing Board, the Puerto Rico Energy Bureau, and the Oversight Board,[20] and on July 10, 2020, certain environmental groups[21] filed their own appeal.  The appeals were consolidated for the purposes of briefing on November 2, 2020.  On December 14, 2020, UTIER filed its appellant's brief, which was joined by the Environmental Groups on the same date.  Windmar filed its opening brief on December 15, 2020.  Proskauer filed the responsive brief on behalf of the Oversight Board on February 16, 2021, and on March 8, 2021, UTIER filed its reply brief.  The matter was argued on May 4, 2021.  On August 12, 2021, the First Circuit affirmed the judgement of the Title III Court.

(4) <u>Rivera-Rivera v. FOMB, Case No. 20-1797</u>.  On August 11, 2020, SREAEE and the Board of Trustees of the PREPA Employees' Retirement System appealed the Title

---

[19] *See Memorandum Order Granting Motion of Financial Oversight and Management Board Pursuant to Bankruptcy Code Sections 105(a) and 362 for Order Directing Ambac to Withdraw Complaint* [ECF No. 13447].

[20] *See Order Authorizing PREPA to Assume Certain Contracts with Ecoeléctrica, L.P. and Gas Natural Aprovisionamientos SDG, S.A.* [ECF No. 13470; Case No. 17-4780, ECF No. 2038] and *Memorandum Opinion Regarding PREPA's Urgent Motion For Entry On An Order Authorizing PREPA to Assume Certain Contracts With Ecoléctrica, L.P. And Gas Natural Aprovisionamientos SDG, S.A.* [ECF No. 13471; Case No. 17-4780, ECF No. 2039].

[21] Comité Diálogo Ambiental, Inc., El Puente de Williamsburg, Inc. - Enlace Latino de Acción Climática, Comité Yabucoeño Pro-Calidad de Vida, Inc., Alianza Comunitaria Ambientalista del Sureste, Inc., Sierra Club and its Puerto Rico chapter, Mayagüezanos por la Salud y el Ambiente, Inc., Coalición de Organizaciones Anti-Incineración, Inc., Amigos del Río Guaynabo, Inc., Campamento Contra las Cenizas en Peñuelas, Inc., CAMBIO P.R., (collectively, the "<u>Environmental Groups</u>").

III Court order granting the defendants'[22] motion to dismiss the second amended complaint which sought to declare null and void the Governor's Executive Order OE-2018-012 and certain actions by the PREPA Board of Directors based on the Executive Order.[23]  The appellants filed their opening brief on November 25, 2020. Proskauer attorneys worked with counsel for AAFAF and individual appellees on drafting relevant portions of the joint responsive brief, which was submitted on January 14, 2021.  The case was fully briefed and Proskauer argued the matter on behalf of the Oversight Board on May 3, 2021.  On October 27, 2021, the First Circuit affirmed the judgement of the Title III Court.

(5) <u>Assured v. FOMB, Case No. 20-1847</u>.  On August 25, 2020, the Monolines appealed the Title III Court orders denying their motion for appointment of a trustee under section 926 of the Bankruptcy Code to pursue their claims on behalf of HTA against the Commonwealth and their request for a related bridge order.[24]  On February 17, 2021, the Monolines filed their appellants' brief.  On the same day, the DRA Parties joined in the Monolines' brief.  The DRA Parties intervened in support of the Monolines on April 12, 2021.  On behalf of the Oversight Board, Proskauer submitted a responsive brief on April 19, 2021.  AAFAF submitted its response on the same date.  The appellants requested that they be allowed to file their final form briefs on May 26, 2021, and that request was granted. After the appellants' final form opening and reply briefs were tendered, Proskauer filed the Oversight Board's final form reply on June 6, 2021 and AAFAF submitted its reply on June 8, 2021. The matter was fully briefed. Two of the Monolines, Assured and National, reached an agreement with the Oversight Board in spring of 2021 with respect to their clams. In July of 2021, the remaining Monolines, Ambac and FGIC, reached an agreement with the Board, and on July 29, 2021, the Monolines filed their motion to voluntarily dismiss the appeal. The motion was granted on July 30, 2021.

(6) <u>PRIFA and HTA Revenue Bonds Lift Stay Appeals: Assured Guaranty Corp. v. Commonwealth, Case No. 20-1930 (HTA Lift Stay Appeal); Ambac Assurance Corp. v. Commonwealth, Case No. 20-1931 (PRIFA Lift Stay Appeal)</u>.  Following the Title III Court's denial on September 9, 2020 of the Monolines' motions seeking relief from the automatic stay to allow them to seize certain Commonwealth revenues allegedly conditionally allocated under Puerto Rico law to HTA, PRIFA,

---

[22] Puerto Rico Governor Wanda Vázquez Garced, the Commonwealth of Puerto Rico, and PREPA (through their representatives the FOMB and the AAFAF), Eli Diaz Atienza, Ralph A. Kreil, David K. Owens, Charles Bayless, Robert Poe, Maria Palou Abasolo, and José Ortiz.

[23] *See Memorandum Opinion and Order Granting Motion to Dismiss the Second Amended Adversary Complaint* [Adv. Proc. No. 18-AP-047, ECF No. 80]; *Judgment* [Adv. Proc. No. 18-AP-047, ECF No. 81].

[24] *See Order Denying Urgent Motion for Bridge Order, and Motion for Appointment as Trustees Under 11 U.S.C. § 926, of Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., Financial Guaranty Insurance Company, and National Public Finance Guarantee Corporation* [ECF No. 13825; Case No. 17-3567, ECF No. 889] and *Memorandum Opinion and Order Denying Motion for Appointment as Trustees Under 11 U.S.C. § 926, of Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., Financial Guaranty Insurance Company, and National Public Finance Guarantee Corporation* [ECF No. 14012; Case No. 17-3567, ECF No. 912].

and CCDA in order to pay their prepetition bond claims, the Monolines filed two appeals on September 23, 2020.[25] Appellants' briefs in both matters were submitted on October 28, 2020. Proskauer filed responsive briefs on behalf of the Oversight Board in both matters on December 7, 2020. On December 21, 2020, the Monolines filed their reply briefs. The oral argument was held on February 4, 2021. On March 3, 2021, the First Circuit affirmed the Title III court's denial motions.

(7) <u>UTIER v. PREPA, Case No. 20-2041</u>. On October 26, 2020, UTIER and SREAEE appealed the Title III Court decision granting the Government Parties' motion to allow an administrative expense claim for any accrued and unpaid front-end transition obligations incurred by PREPA under the T&D Contract. UTIER and SREAEE filed their opening appellate brief on February 15, 2021, and Proskauer, on behalf of the Oversight Board, filed the opposition on April 20, 2021. Proskauer attorneys defended the Board's position at the oral argument on June 8, 2021. On August 12, 2021, the First Circuit affirmed judgment of the Title III Court.

(8) <u>UCC v. FOMB, Case No. 20-2162</u>. On August 18, 2020, the UCC filed a motion to terminate the *Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(a)(1) and 9019 for Order Approving Settlements Embodied in the Restructuring Support Agreement* [Case No. 17-4780, ECF No. 1235] (the "<u>9019 Motion</u>") and on August 28, 2020, the related urgent motion to compel discovery to determine whether the restructuring agreement with PREPA bondholders (the "<u>RSA</u>") remained viable and could be renegotiated by the parties.[26] The Title III Court denied the UCC's motion to compel on September 5, 2020, and denied the UCC's motion to terminate the 9019 Motion on November 4, 2020. On December 4, 2020, the UCC appealed the Court's decisions related to the 9019 Motion.[27] On February 2, 2021, the First Circuit issued an order to show cause why the case should not be dismissed for lack of jurisdiction. The UCC filed its response on February

---

[25] *See Opinion and Order in Connection with Preliminary Hearing Regarding Motion of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, National Public Finance Guarantee Corporation, and Financial Guaranty Insurance Company for Relief from the Automatic Stay, or, in the Alternative, Adequate Protection (Docket Entry No. 10102)* [ECF No. 13541; Case No. 17-3567, ECF No. 853] (the "Preliminary HTA Order"), *Opinion and Order in Connection with Preliminary Hearing Regarding Amended Motion of Ambac Assurance Corporation, Financial Guaranty Insurance Company, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and U.S. Bank National Trust Association, Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds* [ECF No. 13542] (the "Preliminary PRIFA Order"), and *Memorandum Opinion and Order Denying HTA and PRIFA Revenue Bond Stay Relief Motions* [ECF No. 14186, Case No. 17-3567, ECF No. 921] (the "Final HTA & PRIFA Order").

[26] *See Motion of Official Committee of Unsecured Creditors to Terminate Bankruptcy Rule 9019 Motion* [Case No. 17-4780, ECF No. 2144] and *Official Committee of Unsecured Creditors' Urgent Motion to Compel Discovery in Connection with Motion to Terminate Bankruptcy Rule 9019 Motion* [Case No. 17-4780, ECF No. 2155].

[27] *See Order Denying the Official Committee of Unsecured Creditors' Motion to Terminate Rule 9019 Motion* [ECF No. 15020; Case No. 17-4780, ECF No. 2287], *Memorandum Order Regarding Official Committee of Unsecured Creditors' Urgent Objection to Magistrate Judge's September 5, 2020 Order on Motion to Compel Discovery in Connection with Motion to Terminate Bankruptcy Rule 9019 Motion* [ECF No. 14586; Case No. 17-4780, ECF No. 2252], and *Order on Motion to Compel* [ECF No. 14181; Case No. 17-4780, ECF No. 2177].

16, 2012, and Proskauer, on behalf of the Oversight Board, responded on February 25, 2021.  On May 21, 2021, the appeal was dismissed for lack of jurisdiction.

(9) Pierluisi v. FOMB, Case No. 21-1071.   On January 21, 2021, the Government appealed the Title III Court's orders denying its motion for summary judgment, granting in part the Oversight Board's summary judgment motion, and enjoining the Government from implementing and enforcing Acts 82, 138, 176, 181, and 47, which were challenged by the Oversight Board.[28]  On April 19, 2021, the appellants Governor Pierluisi and AAFAF filed their opening brief, which was re-filed on May 7, 2021 to conform with the rules of the Court.  On June 16, 2021, the House Speaker submitted his amicus curiae brief in support of the reversal of the challenged judgment.  On July 7, 2021, Proskauer, on behalf of the Oversight Board, filed its responsive brief.  The appellants replied on July 28, 2021 and on August 11, 2021, Proskauer submitted the Oversight Board's sur-reply.  On September 15, 2021, Proskauer attorneys defended the Board's position at oral argument.  The case remains pending.

26.     In addition to the above, Proskauer has represented the Oversight Board and Title III Debtors in numerous adversary proceedings and other contested matters brought by the Debtors' bondholders and monoline insurers, the Puerto Rico Government and its agencies, creditors, and other parties.  The following is a summary of major litigation matters in which Proskauer served as lead counsel for the Title III Debtors during this Compensation Period:

- ERS Bondholders' Claims and Administrative Expense Motions.[29]  On September 11, 2020, Proskauer, together with counsel for the UCC, filed two motions for

---

[28] *See Opinion and Order Denying the Government's Motions for Summary Judgment and Granting in Part the Oversight Board's Motions for Summary Judgment; Order to Show Cause Regarding Dismissal of Remaining Claims and Counterclaims; Order Dismissing Remaining Counts and Counterclaims and Directing Entry of Judgment in the Above-Captioned Adversary Proceedings,* and *Judgment* [Adv. Proc. Nos. 20-080, 20-082 – 085].

[29] The Claims include those asserted by (a) certain ERS Bondholders in the (i) *ERS Bondholders' Motion and Request for Allowance and Payment of Post-Petition and Administrative Expense Claims* [ECF No. 9285 in Case No. 17-bk-3283 and ECF No. 707 in Case No. 17-bk-3566] and (ii) *ERS Bondholders' Motion and Request for Allowance and Payment of Post- Petition and Administrative Expense Claims* [ECF No. 9294 in Case No. 17-bk-3283 and ECF No. 710 in Case No. 17-bk-3566] (collectively, the "Bondholder Administrative Expense Motions"), (b) the Fiscal Agent in the *Joinder in ERS Bondholders' Motion for Allowance of Administrative Expense Claim* [ECF No. 9298 in Case No. 17-bk-3283 and ECF No. 712 in Case No. 17-bk-3566] (the "Fiscal Agent Joinder" and, together with the Bondholder Administrative Expense Motions, the "Administrative Expense Motions"), (c) the Claimants in the *ERS Bondholders' Supplement to Proofs of Claim and Motions for Allowance of Administrative Expense Claims* [ECF No. 12536 in Case No. 17-bk-3283 and ECF No. 848 in Case No. 17-bk-3566] (the "Supplement"), (d) the Fiscal Agent in proofs of claim numbers 16775, 16777, and 32004 (the "Fiscal Agent Proofs of Claim"), and (e) the ERS Bondholder Groups in the proofs of claim listed in Appendix 2 to the *Order Granting Urgent Joint Motion for Entry of a Schedule for Resolution of the ERS Bondholder Claims and Administrative Expense Motions* [ECF No. 12446 in Case No. 17-bk-3283 and ECF No. 838 in Case No. 17-bk-3566] (the "ERS Bondholder Groups Proofs of Claim" and, together with the Fiscal Agent Proofs of Claim, the "Proofs of Claim").

summary judgment against certain ERS bondholders with respect to certain counts included in ERS's adversary complaints related to the scope of the bondholders' security interests in ERS's assets.[30]  On the same day, the bondholders filed their own motions for partial summary judgment on the lien scope issues.[31]  The motions were fully briefed.  On January 22, 2021, the Title III Court scheduled oral arguments on the *ultra vires* and lien scope related summary judgment motions, as well as the pending Rule 12 motions to dismiss, at the March and April omnibus hearings, respectively.[32]  As a result of ongoing mediation, on April 2, 2021, the Oversight Board, on behalf of the Commonwealth and ERS, and certain ERS bondholders entered into the *Amended and Restated Stipulation (A) Allowing Claims of ERS Bondholders, (B) Staying Pending Litigation, and (C) Providing for Treatment of Claims of ERS Bondholders and Dismissal of Pending Litigation Pursuant to a Plan of Adjustment* regarding the treatment of the ERS bonds in the Plan.  The Oversight Board and the ERS bondholders further agreed that, upon the effective date of the Debtors' plan of adjustment, the pending ERS bond-related actions shall be dismissed and/or denied, with prejudice, and on April 5, 2021, filed the *Urgent Joint Motion to Stay Certain Contested Matters and Adversary Proceedings Related to the Bonds Issued by the Employees Retirement System of the Government of the Commonwealth of Puerto Rico* [ECF No. 16321; Case No. 17-bk-3566, ECF No. 1122].  On April 12, 2021, the Title III Court granted the urgent motion and stayed the ERS bond-related matters indefinitely.[33]

- PREPA PPOA Rejection and Assumption Motions.  In line with PREPA's goal of supplying reliable electric power to ratepayers in Puerto Rico at the lowest cost possible, and to better align this objective with the PREPA certified fiscal plan, in 2017 the Oversight Board implemented a contract review policy for certain power purchase and operating agreements ("PPOAs") with renewable energy project developers.  On November 17, 2020, Proskauer, on behalf of PREPA, filed the *Omnibus Motion of Puerto Rico Electric Power Authority for Order (A) Approving PREPA's Rejection of Certain Power Purchase and Operating Agreements, and (B) Granting Related Relief* [ECF No. 15178; Case No. 17-4780, ECF No. 2296], requesting that the Title III Court authorize rejection of seven PPOAs with Windmar, M Solar Generating, LLC, and YFN Yabucoa Solar, LLC, where PREPA's price renegotiation efforts failed.  On December 2, 2020, the Court granted the rejection motion in part, approving the unopposed rejection of certain Windmar

---

[30] *See* Case No. 19-366, ECF No. 91, and Case No. 19-367, ECF No. 107.

[31] *See* Case No. 19-366, ECF No. 95, and Case No. 19-367, ECF No. 111.

[32] See *Order Granting Urgent Motion to Set Oral Argument Concerning Pending Motions in Certain Contested Matters and Adversary Proceedings Related to the Bonds Issued by the Employees Retirement System of the Government of the Commonwealth of Puerto Rico* [ ECF No. 15697; Case No. 17-bk-3566, ECF No. 1065].

[33] See *Order (I) Granting U*rgent *Joint Motion to Stay Certain Contested Matters and Adversary Proceedings Related to the Bonds Issued by the Employees Retirement System of the Government of the Commonwealth of Puerto Rico and (II) Adjourning April 29, 2021, Oral Argument* [ECF No. 16285; Case No. 17-bk-3566, ECF No. 1123].

PPOAs.[34]  On January 8, 2021, M Solar Generating, LLC and YFN Yabucoa Solar, LLC filed their oppositions to the rejection motion, and Proskauer filed the omnibus reply on behalf of PREPA on April 14, 2021.  Proskauer attorneys defended PREPA's position at the omnibus hearing on April 28, 2021.  On September 16, 2021, the Title III Court entered the second order granting in part the rejection motion.[35]  PREPA's negotiations with Windmar are ongoing.

- Catesby Jones v. PREPA, Adv. Proc. No. 20-00115.  On September 19, 2020, a declaratory judgment action was brought against the Special Claims Committee and UCC as PREPA co-trustees by certain electricity ratepayers in Puerto Rico seeking an order finding that the claims asserted by PREPA in *SCC v. Inspectorate America Corp.*, Adv. Proc. No. 19-00388, are not assets of PREPA's estate, that the certified class of ratepayers in *Ismael Marrero Rolon v. Autoridad de Energia Electrica*, No. 3:15-cv-01167-JAG (D.P.R.) are the appropriate holders of those claims, and granting relief from the automatic stay to permit the ratepayers to pursue their direct claim against PREPA in the *Ismael Marrero Rolon* case.  On February 2, 2021 plaintiffs filed their second amended complaint.  On behalf of PREPA, on March 30, 2021 Proskauer moved to dismiss counts I and II of the second amended complaint and defended the Debtor's position at the omnibus hearing on June 16, 2021.  On June 24, 2021 the motion to dismiss counts I and II was granted by the Title III Court.

- Hernández Montañez v. Pierluisi-Urrutia, Adv. Proc. No. 21-00042.  During the Compensation Period, Proskauer advised the Oversight Board in its communications with the Puerto Rico Governor and Legislature concerning Act 167 and the Governor's related requests for reprogramming of funds and for amending the certified budget to cover the cost of the special election to create a delegation to the United State Congress to advocate for statehood for Puerto Rico pursuant to Act 167.  On April 21, 2021, the House Speaker filed a declaratory judgment action against the Governor and the Oversight Board, among others, requesting that the Title III Court enforce section 204(c) of PROMESA and enjoin the Governor and the Board from revising the certified budget.  On April 27, 2021, Proskauer, on behalf of the Oversight Board, opposed the House Speaker's request to the Title III Court for a temporary restraining order or a preliminary injunction, and defended the Oversight Board's position at the oral argument on April 29, 2021, where the House Speaker's motion was denied.  On June 4, 2021, Proskauer filed a motion to

---

[34] *See Order Granting in Part Omnibus Motion  of Puerto Rico Electric Power Authority for (A) Approval of Its Rejection of Certain Power Purchase and Operating Agreements, and (B) Related Relief* [ECF No. 15313; Case No. 17-4780, ECF No. 2318].

[35] *See Memorandum Opinion Regarding Omnibus Motion of Puerto Rico Electric Power Authority for Entry of an Order (A) Approving PREPA to Reject Certain Power Purchase and Operating Agreements, and (B) Granting Related Relief* [ECF No. 18135; Case No. 17-4780, ECF No. 2622].*; Second Order Granting in Part PREPA's Motion  for an Order (A) Approving PREPA to Reject Certain Power Purchase and Operating Agreements, and (B) Granting Related Relief* [ECF No. 18134; Case No. 17-4780, ECF No. 2621].

dismiss the House Speaker's complaint, which was granted by the Title III Court on August 27, 2021.

- <u>UTIER v. PREPA, Adv. Proc. No. 17-00229</u>.  On March 12, 2021, UTIER filed its third amended complaint in an adversary action against PREPA, the Oversight Board, and individual executive defendants, alleging in its surviving claims that certain Puerto Rico laws negatively affected the UTIER collective bargaining agreement in violation of the Contract Clauses of the United States and Puerto Rico Constitutions.  On April 26, 2021, Proskauer answered the complaint on behalf of the Oversight Board, and on the same date, jointly with counsel for individual defendants, filed the amended motion to dismiss UTIER's third amended complaint. On April 26, 2021, UTIER filed four motions in limine to exclude the expert testimony offered by the defendants.  On June 1, 2021, Proskauer, jointly with counsel for individual defendants, filed the joint motion for summary judgment.  On July 2, 2021, UTIER filed its amended motion for summary judgment.  On September 10, 2021, Proskauer filed an opposition to UTIER's four motions in limine and UTIER and Proskauer each filed responses to the summary judgment motions.   Replies in support of the motions were filed by the parties on December 8, 2021.

- <u>La Liga de Ciudades de Puerto Rico v. FOMB., Adv. Proc. No. 21-00026</u>.  On March 14, 2021, a not-for-profit organization of Puerto Rico Mayors from various municipalities (La Liga de Ciudades de Puerto Rico or "<u>La Liga</u>") commenced an adversary action against the Oversight Board, among others, seeking a Title III Court order prohibiting the collection of funds from the Municipalities for the time period allegedly exempted by Law 29, enjoining the Board from interfering with fiduciary duties owed by AAFAF and Centro de Recaudación de Ingresos Municipales ("<u>CRIM</u>") to the Municipalities, and decreeing inexistent the Municipalities' debts to CRIM, Administración de Seguros de Salud de Puerto Rico ("<u>ASES</u>"), and the Puerto Rico Retirement System.  On May 14, 2021, Proskauer, on behalf of the Oversight Board, filed a motion to dismiss the La Liga complaint.  The motion was fully briefed.  On January 4, 2022, the Title III Court granted the motion and dismissed the case.

- During the Compensation Period, Proskauer attorneys and paraprofessionals devoted significant amount of time and effort to ongoing discovery related to the proposed plan of adjustment and in the revenue bonds related adversary proceedings. They reviewed numerous documents for responsiveness and privilege in preparation for production, drafted responses and objections to interrogatories and production requests, and prepared for and participated in numerous meet-and-confer communications and depositions of fact and expert witnesses. They also filed numerous status reports with the Title III Court on the progress of discovery and defended the Oversight Board's position in discovery disputes in the Title III Court. On March 5, 2021, Proskauer, on behalf of the Oversight Board, objected to Ambac's motion for entry of an order authorizing discovery under Rule 2004 concerning the Commonwealth's assets [ECF No. 15967], and on May 17, 2021, after considering the Board's objection together with opposition from other parties,

21

the Title III Court denied the Ambac's request.  The same day the Title III Court partially denied Ambac's motion for an order directing cash discovery under Rule 2004 from the Oversight Board [ECF No. 16760].

27.      As part of Proskauer's involvement in the above matters, Proskauer (a) prepared and filed numerous pleadings and briefs in litigation matters; (b) participated in and prepared for hearings; (c) researched jurisprudence regarding legal and factual issues, including bankruptcy and U.S. Constitutional issues; and (d) performed a myriad of other professional services as described in this Application and reflected in **Schedule 3** and **Exhibit B**.

28.      By this Application, Proskauer seeks an allowance, pursuant to the Interim Compensation Order, of (a) **$17,771,894.20**, as compensation for professional services rendered, and (b) **$972,661.56** as reimbursement for actual and necessary expenses incurred during the Compensation Period in connection with such professional services.  Notably, the Application reflects aggregate voluntary reductions made during the Compensation Period to Proskauer's requests for compensation and for reimbursement of expenses in the amount of $30,184.80 and $21,858.15, respectively, on top of the sizeable discount embedded in its Engagement Letter with the Oversight Board, in which it fixed hourly rates at levels currently providing up to 53% discounts on the hourly rates of its most senior partners.

29.      Proskauer maintains computerized records of the time spent by all Proskauer attorneys and paraprofessionals in connection with the firm's representation of the Oversight Board as representative of the Debtor.  Subject to redaction where necessary to preserve mediation confidentiality, copies of the computerized records for the Compensation Period are attached hereto as **Exhibit B**.

30.      Proskauer's budget and staffing plan for the Compensation Period are attached hereto as **Exhibit D**.

31.     Proskauer's summary of itemized time records for professionals and paraprofessionals performing services for the Oversight Board with respect to the Debtor during the Compensation Period is set forth on **Schedule 2**.  The professional services performed by Proskauer on behalf of the Oversight Board as representative of the Debtor during the Compensation Period required an aggregate expenditure of 9,334.30 recorded hours by Proskauer's partners and senior counsel; 10,094.30 recorded hours by associates; 810.10 recorded hours by e-discovery attorneys; and 2,949.30 recorded hours by paraprofessionals.  As required by the Guidelines, **Exhibit C** to this Application shows, for each Project Category (as defined below), a list of professionals who performed services in each Project Category and the aggregate recorded hours each professional incurred.  In accordance with Guidelines paragraph C.3, Proskauer's blended hourly rates are disclosed in **Schedules 1** and **5**.  The fees charged by Proskauer, as set forth in **Schedule 2**, are in accordance with the firm's existing billing rates and procedures in effect during the Compensation Period, as revised to reflect Proskauer's arrangement with the Oversight Board.  The standard rates Proskauer charges for the services rendered by its professionals and paraprofessionals in these Title III cases have been reduced to reflect the unique circumstances of PROMESA and the position of the Commonwealth of Puerto Rico, its instrumentalities, and its residents.  **Schedules 2** and **5** show the rates Proskauer charges on an hourly basis are below the competitive market rates for bankruptcy and non-bankruptcy matters charged by the other professionals representing the Commonwealth and statutory committees.  No Proskauer rates are increased as a result of the geographic location of a bankruptcy case (or a Title III case).

32.     All entries itemized in Proskauer's time records comply with the requirements set forth in the Guidelines, including, without limitation, (a) the utilization of project categories (each a "Project Category"), (b) a description of each activity or service that each individual performed,

and (c) the number of hours (in increments of one-tenth of an hour) spent by each individual providing the services.  Each Project Category is organized in accordance with Guidelines paragraph C.8.b.  If a Project Category does not appear in a particular application, Proskauer did not bill time or expenses for that Project Category during the Compensation Period, but may bill time for that Project Category in the future.  In addition, only Project Categories for which Proskauer billed more than 10 hours during the Compensation Period are summarized in the Application.  Project Categories for which Proskauer billed less than 10 hours are included in **Exhibit B**.

### Applicant Statement In Compliance with Appendix B Guidelines Paragraph C.5

33.     The following answers are provided in response to the questions set forth in Guidelines paragraph C.5:

> **Question**:   Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period?  If so, please explain.
>
> Response:   No.
>
> **Question**:   If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?
>
> Response:   The total fees sought in this Application did not exceed the total budgeted fees for the Compensation Period (the fees sought in this Application are 6.3% below the budgeted fees).
>
> **Question**:   Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?
>
> Response:   No.
>
> **Question**:   Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices?  (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.).  If so, please quantify by hours and fees.

_Response_:   No, the Application does not include time or fees related to reviewing time records or preparing, reviewing, or revising invoices in connection with the preparation of monthly fee statements.

**_Question_**:   Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information?   If so, please quantify by hours and fees.

_Response_:   No time was spent redacting time records on account of privilege concerns. However, the Application does include time related to reviewing time records to redact certain time entries pursuant to Court-ordered mediation confidentiality.  Proskauer paraprofessionals expended 6.60 hours and billed $1,920.60 for redacting mediation related entries in Proskauer's monthly fee statements related to Proskauer's Tenth and Eleventh Interim Applications.

**_Question_**:   If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11–458?

_Response_:   Yes.  Proskauer's Engagement Letter with the Oversight Board provides that Proskauer's rates increase each year "on January 1 by the lower of the percentage rate increase we announce, and four percent." (Engagement Letter at 1–2).   Pursuant to the Engagement Letter, Proskauer's rates increased 4% effective January 1, 2021, yielding a new flat rate for attorneys (partners, senior counsel, and associates) of $853 per hour, for e-discovery attorneys of $421 per hour, and for paraprofessionals of $291 per hour. Rates have not increased during this Compensation Period.

**Gross-Up Amount**

34.   Prior to December 10, 2018, Puerto Rico taxed Proskauer's fees differently depending on whether Proskauer's timekeepers performed work while physically present in Puerto Rico or off-island.  Specifically, a 7% withholding tax was assessed (at time of payment) on fees derived from work performed while the timekeeper was physically present in Puerto Rico, but not on fees derived from work performed outside of Puerto Rico.

35.   On December 10, 2018, Puerto Rico enacted Act 257–2018, amending the Puerto Rico tax code and eliminating the differences in tax treatment based on where work was performed.

Under Act 257–2018, all Proskauer fees incurred on or after December 10, 2018—regardless of the timekeepers' physical location—are assessed with a 10% withholding tax at the time of payment.

36.     For certain periods prior to Proskauer's fiscal year beginning November 1, 2020, Proskauer requested approval of Gross-Up Amounts which it would request payment of if it did not receive federal tax credits offsetting the withholding tax.  Proskauer is not requesting such approval for periods subsequent to October 31, 2020 based on the registration of its Engagement Letter and understandings with the Commonwealth government.   In prior Fee Applications, Proskauer requested approval for periods prior to October 2020.  If it becomes necessary to request approval of a Gross-Up Amount for October 2020 or subsequent Compensation Periods, Proskauer will make that application at a subsequent time.

## Professionals Billing Fewer Than Five Hours per Month

37.     The following chart indicates, solely with respect to the Debtor's Title III Case, (a) professionals who billed fewer than five hours per month, (b) the months for which fewer than five hours were billed by the professional, and (c) an explanation of why the use of such professional was reasonable and necessary.  As a general matter, because of the size and complexity of the Debtor's Title III Case, it was reasonable and necessary to consult with professionals with specific practice area expertise to assist Proskauer's core restructuring professionals in providing the Debtor with necessary and beneficial professional services.  Moreover, it was often necessary to consult with professionals more familiar with other aspects of the restructuring of Puerto Rico and with specific adversary proceedings to deal with global strategic issues and ensure that positions taken by the Oversight Board are consistent across all the Title III cases.  Furthermore, occasionally the

urgency of certain briefing schedules required pulling in professionals from different work streams to assist on time-sensitive matters.[36]

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Anderson, James | May | Mr. Anderson is an associate in Proskauer's litigation department who assisted with preparing proposed exhibits for the anticipated confirmation hearing. |
| Blaney, Ryan P. | March | Mr. Blaney is a partner in Proskauer's health care department who advised on privacy and security issues for the plan confirmation data repository. |
| Cantone, Robert A. | February | Mr. Cantone is a partner in Proskauer's corporate department who advised on potential changes to the Board's internal governance documents. |
| Casazza, Kyle | April | Mr. Casazza is a partner in Proskauer's litigation department who advised on drafting the Oversight Board's proposed complaint requesting injunctive relief related to House Bill 120. |
| Cody, Sara E. | February | Ms. Cody is a paralegal in Proskauer's litigation department who assisted with various case management related tasks. |
| Cooper, David C. | February | Mr. Cooper is a paralegal in Proskauer's corporate department who assisted with various case management related tasks. |
| Cordova-Pedroza, Christian | February, March | Mr. Cordova-Pedroza is a paralegal in Proskauer's labor & employment department who assisted with various case management related tasks. |
| Deming, Adam L. | February, April, May | Mr. Deming is an associate in Proskauer's litigation department who assisted with proofs of claim management and reconciliation. |
| Dillon, Emma K. | April | Ms. Dillon is a paralegal in Proskauer's litigation department who assisted with various case management related tasks. |

---

[36] Many of the professionals listed below have billed substantially more time on other matters related to Proskauer's representation of the Oversight Board, including matters within and outside of PROMESA Title III.  Many of these professionals have also billed substantially more time on matters related to Proskauer's representation of the Oversight Board during prior Compensation Periods.

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Eisenberg, Benjamin R. | April | Mr. Eisenberg is an e-discovery staff attorney at Proskauer who assisted with various document review issues. |
| Faust, Scott A. | April | Mr. Faust is a partner in Proskauer's labor & employment department who advised on the Oversight Board's communications with the transportation union concerning a threat of a truckers' strike. |
| Fox, Rachel L. | February | Ms. Fox is an e-discovery project coordinator at Proskauer who assisted with various document review and production issues. |
| Friedman, Olga | May | Ms. Friedman is an e-discovery staff attorney at Proskauer who advised on plan confirmation data repository related issues. |
| Garnett, Karen J. | April | Ms. Garnett is a partner in Proskauer's corporate department who advised on analysis of risk factors regarding insured bonds for the third amended plan of adjustment. |
| Gerkis, James P. | February, April | Mr. Gerkis is a partner in Proskauer's corporate department who advised on drafting the revised disclosure statements for the second and third amended plans of adjustment. |
| Hackett, Michael R. | May | Mr. Hackett is a partner in Proskauer's litigation department who advised on discovery related issues in the revenue bonds litigation. |
| Hamburger, Paul M. | May | Mr. Hamburger is a partner in Proskauer's labor & employment department who advised on Social Security options for the third amended plan of adjustment. |
| Hamilton, Martin T. | April | Mr. Hamilton is a partner in Proskauer's tax department who advised on various tax issues in connection with drafting the third amended plan of adjustment and disclosure statement. |
| Hartunian, Joseph | March, May | Mr. Hartunian is an associate in Proskauer's litigation department who assisted with preparing for the disclosure statement scheduling hearing and with legal research for a proposed complaint in connection with the truckers' strike. |
| Henderson, Laurie A. | February, April, May | Ms. Henderson is a docketing administrator in Proskauer's litigation department who assisted with docket research and electronic filing. |

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Hughes, Sarah | April | Ms. Hughes is an associate in Proskauer's corporate department who assisted with drafting the disclosure statement for the third amended plan of adjustment. |
| Jones, Jennifer L. | March | Ms. Jones is an associate in Proskauer's litigation department who assisted with research for an opposition to a motion to compel discovery in revenue bond litigation. |
| Klock, Joseph | February, March, April | Mr. Klock is an e-discovery project coordinator at Proskauer who assisted with various document review and production issues. |
| Komaroff, William C. | May | Mr. Komaroff is a partner in Proskauer's litigation department who advised on analysis of the Maintenance of Effort requirements for higher education institutions receiving COVID related stimulus funds as applicable to the UPR. |
| Landers Hawthorne, Kelly B. | March | Ms. Landers Hawthorne is an associate in Proskauer's litigation department who assisted with preparing for the disclosure statement scheduling hearing. |
| Lefebvre, Antonieta P. | March | Ms. Lefebvre is an associate in Proskauer's litigation department who assisted with drafting the third amended plan of adjustment. |
| Markofsky, Lisa | May | Ms. Markofsky is an associate in Proskauer's litigation department who assisted with discovery related issues in the revenue bonds litigation. |
| Meyer, Tony R. | April, May | Mr. Meyer is an associate in Proskauer's tax department who advised on various tax issues in connection with drafting the third amended plan of adjustment and disclosure statement. |
| Morris, Matthew J. | February | Mr. Morris is an associate in Proskauer's litigation department who assisted with legal research for the anticipated plan of adjustment confirmation hearing. |
| Nagorny, Susanna | May | Ms. Nagorny is a paralegal in Proskauer's litigation department who assisted with various case management related tasks. |
| Nam, Seok Whee (Jason) | May | Mr. Nam is an associate in Proskauer's corporate department who assisted with drafting the disclosure statement for the third amended plan of adjustment. |

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Oloumi, Nicole K. | February | Ms. Oloumi is a paralegal in Proskauer's BSGR&B group who assisted with various case management related tasks. |
| Ondeck, Christopher E. | April | Mr. Ondeck is an associate in Proskauer's litigation department who assisted with legal research for a proposed complaint in connection with the truckers' strike. |
| Orr, Lisa P. | February, April, May | Ms. Orr is a paralegal in Proskauer's litigation department who assisted with various case management related tasks. |
| Park, Sejin | March | Ms. Park is an associate in Proskauer's tax department who advised on various tax issues in connection with drafting the Debtor's second amended plan of adjustment and disclosure statement. |
| Perra, Kevin J. | April | Mr. Perra is a partner in Proskauer's litigation department who advised on further developing the Oversight Board's litigation strategy in relation to the anticipated plan of adjustment confirmation hearing. |
| Peterson, John A. | February | Mr. Peterson is an associate in Proskauer's BSGR&B group who assisted with drafting the second amended plan of adjustment. |
| Rabinov, Peter J. | April | Mr. Rabinov is an e-discovery consultant at Proskauer who advised on the plan confirmation data repository related issues. |
| Ramachandran, Seetha | February – May | Ms. Ramachandran is a partner in Proskauer's litigation department who advised on a wide variety of issues further developing the Oversight Board's litigation strategy. |
| Rosenthal, Marc E. | May | Mr. Rosenthal is a partner in Proskauer's litigation department who advised on insurance related issues in connection with further developing the Oversight Board's litigation and appellate strategy. |
| Sazant, Jordan | February, May | Mr. Sazant is an associate in Proskauer's BSGR&B group who assisted with drafting the disclosure statement for the second and third amended plans of adjustment. |
| Volin, Megan R. | May | Ms. Volin is an associate in Proskauer's BSGR&B group who assisted with drafting Proskauer's interim fee applications and with discovery related issues in the revenue bonds litigation. |

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Vora, Hena | February | Ms. Vora is an associate in Proskauer's litigation department who assisted with research for the anticipated plan of adjustment confirmation hearing. |
| Weise, Steven O. | February, May | Mr. Weise is a partner in Proskauer's corporate department who advised on preparing for oral argument on the Monolines' Lift Stay appeal in the First Circuit and on further developing the Oversight Board's appellate strategy. |
| Wetmore, Colin J. | May | Mr. Wetmore is an associate in Proskauer's tax department who advised on various tax issues in connection with drafting the third amended plan of adjustment and disclosure statement. |
| Wheat, Michael K. | March | Mr. Wheat is an associate in Proskauer's BSGR&B group who assisted with drafting the third amended plan of adjustment. |
| Wright, Bryan D. | April | Mr. Wright is an associate in Proskauer's litigation department who assisted with legal research to further develop the Oversight Board's appellate strategy in the UECFSE Appeal. |
| Zurzolo, Salvatore | April | Mr. Klock is an e-discovery project manager at Proskauer who assisted plan confirmation data repository related issues. |

### Summary Description of Professional Services

38.     The following is a brief narrative summary, listed by Project Category, of the professional services rendered by Proskauer during the Compensation Period.   Only Project Categories for which Proskauer billed more than 10 hours during the Compensation Period are summarized below.  Project Categories for which Proskauer billed less than 10 hours during the Compensation Period are listed in **Exhibit B**.

I.     **Matter Nos. 33260.0002 (PROMESA Title III: Commonwealth) and 33260.0024 (PROMESA Title III: Commonwealth – Puerto Rico)**

39.     These matter numbers covers time spent relating to the core Commonwealth Title III case, including, for example, time spent regarding mediation, fiscal plan issues, and work on disclosure statements or plans of adjustment.  To assist AAFAF and the Puerto Rico Department of Treasury in calculating any applicable withholding taxes for services rendered by Proskauer timekeepers while physically present in Puerto Rico, Proskauer maintains separate matter numbers and monthly fee statements for any such services.

(a)   Tasks Relating to the Board, its Members, its Staff, its Advisors or its Consultants (Project Category 201)
(Fees:  $214,529.50; Hours:  251.50)
(Fees for work performed in Puerto Rico:  $9,468.30; Hours:  11.10)
(Aggregate Fees:  $223,997.80; Aggregate Hours:  262.60)

40.     This Project Category includes time spent communicating with the Oversight Board and its representatives, agents, and consultants, as well as preparing for and advising on public meetings, litigation, and related issues.  Specifically, Proskauer attorneys spent time:

- Participating in meetings and discussions with the Oversight Board and its other advisors regarding the continuing impact of the COVID-19 pandemic on the Commonwealth and its instrumentalities and analyzing and evaluating the measures undertaken by the Puerto Rico Government and Legislature in response to the crisis;

- Communicating with the Oversight Board and its other advisors and experts regarding the Commonwealth's restructuring options and negotiations related to the Debtors' proposed plan of adjustment and to the confirmation process, reviewing with economic consultants macroeconomic issues in connection with confirmation, attending the Oversight Board's executive sessions with select advisors to discuss their roles in the upcoming confirmation process, and drafting the Oversight Board's resolutions related to certification of the Debtors' amended plan of adjustment;

- Communicating with the Oversight Board and participating in the Board's strategy sessions to discuss and analyze matters related to various proposed budget amendments and reprogrammings, including the Governor's request for revision of the Commonwealth Fiscal Year 2021 budget to cover the cost of the special election to create a delegation to the United State Congress to advocate for statehood for Puerto Rico pursuant to Act 167, various budgetary reprogramming requests submitted by Puerto Rico government agencies to the Board for review and approval, the potential implementation of Act 80, approval of fiscal plans and revised budgets for the Commonwealth, HTA, PREPA, COSSEC, PRIDCO, UPR, PRASA, and ERS, and responses to media inquiries about the budget process;

- Participating in the Oversight Board's meetings with the Governor to discuss, among other things, the proposed Commonwealth 2021 fiscal plan and revisions thereto, funding for various programs, legal issues related to budget amendments and related negotiations with the Puerto Rico Legislature and the Governor, including drafting notices of violation to the Governor concerning payments from municipalities for PayGo for FY20 and FY21, and the proposed fiscal plan and budget for the Commonwealth for FY22;

- At the request of the Oversight Board, preparing for and attending four Oversight Board public meetings, reviewing and revising related demonstrative materials and press releases, and assisting with the Oversight Board's responses to public comments and media inquiries during the public meetings and related press conferences; and

- Preparing for and participating in weekly strategy calls with the Oversight Board and its other advisors regarding the status of the Debtor's Title III Case, attending monthly Board strategy sessions, preparing daily litigation updates for the Oversight Board, developing further litigation and mediation strategy in the Debtor's Title III Case, and drafting related status reports at the request of the Title III Court.

(b)   Legal Research (Project Category 202)
       (Fees: $264,003.50; Hours: 309.50)

41.     This Project Category includes time spent researching and analyzing legal issues, as well as time spent drafting internal memoranda and/or draft briefs related to such research and analysis, to the extent that such is not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time:

- Analyzing and researching a variety of issues known or suspected to become confirmation issues related to the Debtor's Title III Case,  including, among others, dischargeability of claims, timing for reclassification of claims in connection with the UCC's renewed motion for reclassification of certain claims, analyzing case law for the Commonwealth's contingent claims objections, issues related to setoff of governmental unit claims, and reviewing and classifying over two hundred litigation claims and multiple wage and child benefits related claims;

- Analyzing and researching a variety of legal issues in connection with the Debtor's amended plan of adjustment, analyzing recent First Circuit appellate cases and decisions for impact on the proposed plan, developing confirmation strategy, and developing discovery strategy in relation to the upcoming confirmation, including, among other things, analyzing Rule 30(b)(6) issues for third party depositions, accountant-client privilege in bankruptcy proceedings involving federal and state claims, and oppositions to motions to compel production of documents and compliance with discovery issues, and;

33

- Researching and analyzing a wide variety of issues in connection with Court-ordered mediation and plan of adjustment related negotiations.

(c)   Hearings and Other Non-Filed Communications with the Court (Project Category 203)
(Fees: $114,813.80; Hours: 134.60)

42.   This Project Category includes time spent communicating with the Court and reviewing the Court's communications and procedures.  Specifically, Proskauer attorneys spent time:

- Communicating with the Court regarding applicable rules and requirements, scheduling, and procedure related matters;
- Communicating with the Court regarding omnibus hearing dates and omnibus hearing agendas and informative motions;
- Preparing for and participating in omnibus hearings, hearings in adversary proceedings, the February satellite hearing on the Debtor's omnibus objections to claims, and a hearing on the Monolines' motion to compel production of documents in revenue bond adversary proceedings; and
- Reviewing and analyzing transcripts of court hearings.

(d)   Communications with Claimholders (Project Category 204)
(Fees: $186,223.50; Hours: 220.50)

43.   This Project Category includes time spent communicating with the Debtor's various claimholders.  Specifically, Proskauer attorneys and paraprofessionals spent time:

- Reviewing and analyzing responses to the Debtor's objections to claims, drafting multiple meet-and-confer letters and emails, and responding to inquiries of individual claimants;
- Drafting numerous ADR offers to claimants, reviewing and analyzing claimants' responses to the offers, and drafting and revising ADR and ACR notices and settlement letters;
- Communicating with the Oversight Board's claims management and reconciliation consultant Alvarez & Marsal North America, LLC ("A&M") on a variety of issues related to the claims management and reconciliation; and
- Preparing for and participating in Court-ordered mediation sessions with the UCC, AAFAF, Monolines, and GO and PSA creditors, reviewing related communications and memoranda from the Mediation Team, reviewing and analyzing multiple presentations and proposals, and drafting related memoranda to the Oversight Board, its advisors, and the Mediation Team.

34

(e)  <u>Communications with the Commonwealth, its Instrumentalities, or Representatives of
the Commonwealth or its Instrumentalities (Project Category 205)</u>
(Fees: <u>$20,813.20</u>; Hours: <u>24.40</u>)

44.     This Project Category includes time spent communicating with the Debtor's
representatives in various Title III related matters, to the extent not expressly covered by another
Project Category.  Specifically, Proskauer attorneys spent time analyzing and advising the
Oversight Board on its communications with AAFAF and the Puerto Rico Government regarding
the Debtor's Title III case strategy, further development and modification of the Debtors' plan of
adjustment and disclosure statement, and multiple discovery related issues.

(f)  <u>Documents Filed on Behalf of the Board (Project Category 206)</u>
(Fees: <u>$609,383.20</u>; Hours: <u>714.40</u>)

45.     This Project Category includes time spent drafting various pleadings filed on behalf
of the Debtor, to the extent not expressly covered by another Project Category.  Specifically,
Proskauer attorneys spent time:

- Conducting research and analysis, evaluating the impact of the COVID-19 pandemic, and drafting the Oversight Board's status reports to the Title III Court on the condition of the Commonwealth and its instrumentalities, activities of the Oversight Board, and the proposed plan of adjustment and disclosure statement;

- Conducting further analysis of various claims filed against the Debtors, drafting additional omnibus objections to claims, reviewing, analyzing, and tracking claimants' responses to the Debtors' omnibus objections, drafting replies in support of omnibus objections and revising replies based on further information from A&M, preparing stipulations withdrawing objections to certain claims, and drafting notices of presentment, notices of adjournment, and proposed orders for objections heard at omnibus hearings;

- Designating certain claims for the ACR and ADR processes, and drafting notices of transfer of claims to the ADR and ACR processes and related ADR and ACR status reports to the Title III Court;

- Conducting research and analysis and drafting opposition to the PSA creditors', FGIC's, Ambac's, and the UCC's objections to the Oversight Board's motion for relief from stay to prosecute further motions for summary judgment and to the UCC's cross-motion for relief from stay in the revenue bonds adversary proceedings;

- Conducting research and analysis and drafting oppositions, motions, notices, and other pleadings related to various matters not specifically covered by other Project Categories; and

- Drafting omnibus hearing agendas and informative motions as directed by the Court, and multiple pleadings related to scheduling and extensions of deadlines.

(g)   Non-Board Court Filings (Project Category 207)
(Fees: $67,642.90; Hours: 79.30)

46.   This Project Category includes time spent reviewing and commenting on proposed Court orders and filings made by other parties in the Debtor's Title III Case, to the extent not expressly covered by another Project Category.   Specifically, Proskauer attorneys spent time reviewing and analyzing various filings by other parties and related Court orders entered in the Debtor's Title III Case, including among others, the Monolines' responses and Title III Court orders in connection with the Oversight Board's motion for relief from stay to prosecute further motions for summary judgment in the revenue bond litigation, various parties' oppositions to the Oversight Board's disclosure statement scheduling motion, newly filed complaints against the Debtors and the Oversight Board for impact on the Debtor's Title III case, multiple lift stay motions filed against the Debtor and Court orders on lift stay issues, various presentations, reports and materials related to Court-ordered mediation, and status reports and informative motions filed by various parties in preparation for omnibus hearings.

(h)   Stay Matters (Project Category 208)
(Fees: $33,437.60; Hours: 39.20)

47.   This Project Category includes time spent analyzing and researching stay issues in the Debtor's Title III Case and drafting various pleadings related to stay issues.   Specifically, Proskauer attorneys spent time reviewing and analyzing objections and responses by the Monolines, certain bondholders, and PSA creditors to the Oversight Board's motion for relief from stay to prosecute further motions for summary judgment in revenue bond litigation, related discovery

36

issues raised in certain responses, and the UCC's cross-motion for relief from stay in the revenue bond adversary proceedings.

    (i)    <u>Analysis and Strategy (Project Category 210)</u>
            (Fees: <u>$4,136,366.80</u>; Hours: <u>4,982.80</u>)

    48.    This Project Category includes time spent related to legal analysis on, and strategic approach to, the Debtor's Title III Case and various issues relating thereto, including (a) meetings to discuss strategic case considerations, the status of various work streams, and next steps; (b) all Proskauer internal meetings, to the extent not expressly covered by another Project Category; and (c) preparing for and participating in discovery, and preparing for and attending depositions. Specifically, Proskauer attorneys spent time reviewing and analyzing a wide variety of reports, memoranda, financial analyses, press releases, pleadings, and court orders, drafting and updating tasks and issues lists, preparing for and participating in weekly Proskauer internal litigation calls on further developing litigation, appellate, and discovery strategy and on litigation and appellate issues pending in these complex and time sensitive Title III cases, preparing for and participating in weekly Proskauer internal restructuring calls on further development of the Debtors' plan of adjustment, and drafting internal memoranda to Proskauer litigation and restructuring teams. Among other things, Proskauer attorneys spent time on legal analysis and strategic discussions relating to: (i) preparing for litigation related to approval of the proposed disclosure statement and confirmation of the proposed plan of adjustment; (ii) upcoming Court filings, including status reports related to discovery, scheduling, and various litigation matters; (iii) discovery-related issues and strategy in connection with various litigation matters (iv) claims reconciliation and objections; and (v) matters related to Court-ordered mediation.

(j)   Non-Working Travel Time (Project Category 211)
       (Fees: $4,265.00; Hours: 10.00)

49.     This Project Category includes time spent traveling on behalf of the Oversight Board

and the Debtor, during which no billable work is performed.  Fees in this Project Category are billed

at fifty percent (50%).

(k)   General Administration (Project Category 212)
       (Fees: $815,879.00; Hours: 2,709.00)

50.     This Project Category includes time spent on general administration of the Debtor's

Title III Case, including (a) case status and coordination activities, including maintaining the case

calendar; (b) tasks relating to the filing of documents in court, including affidavits of service and

service mailings; and (c) internal filing and organization of case documents to ensure easy, fast and

free accessibility by the Proskauer team, the Debtor, and other parties in interest.  Specifically,

Proskauer attorneys and paraprofessionals spent time, at the request of the Oversight Board,

reviewing and analyzing a wide variety of pleadings, court orders, and litigation and appellate

dockets, drafting and updating charts of litigation and discovery deadlines, reviewing, analyzing,

and compiling materials for court hearings and Proskauer internal meetings, analyzing written

discovery materials and maintaining document production indexes, communicating with e-

discovery vendors on a wide variety of document collection, processing, and related issues, and

addressing matters related to the ACR and ADR claims processes.

(l)   Labor, Pension Matters (Project Category 213)
       (Fees: $30,963.90; Hours: 36.30)

51.     This Project Category includes time spent addressing the Debtor's employee and

retiree benefits issues.  Specifically, Proskauer attorneys spent time conferring with the Oversight

Board and its other advisors on pension and benefits related issues, Social Security coverage for

teachers and judges, and the status of negotiations with the teachers' unions, communicating with

counsel for teachers' unions regarding retirement benefits, collective bargaining agreement and PSA term sheets, reviewing and analyzing the unions' proposals, and participating in settlement discussions.

    (m)  <u>Plan of Adjustment and Disclosure Statement (Project Category 215)</u>
          (Fees: <u>$3,982,803.60</u>; Hours: <u>4,832.40</u>)

    52.    This Project Category includes time spent on issues related to the terms of the Debtor's proposed Title III plan of adjustment. Specifically, Proskauer attorneys and paraprofessionals spent time:

- Conferring with the Oversight Board and its other advisors and experts, reviewing and analyzing the Debtors' financial documents, evaluating plan of adjustment strategy, PSA status and strategy, and drafting the second and third amended plans of adjustment, related revised and updated disclosure statements, and an amended plan support agreement;

- Analyzing issues related to the timing of the amended plan; drafting the Debtors' joint motion for an order scheduling a hearing to consider the adequacy of information contained in the disclosure statement, establish deadlines in connection with the disclosure statement, and develop document repository procedures in connection with the upcoming confirmation process; reviewing and analyzing responses to the motion by multiple parties; and drafting a related status report regarding the proposed disclosure statement schedule, revised proposed disclosure statement scheduling order, amended disclosure statement scheduling motion, and omnibus reply in support of the motion;

- Reviewing and analyzing motions to compel disclosure schedule discovery filed by Ambac, FGIC, and the UCC, and drafting a related opposition;

- Reviewing and analyzing the UCC's renewed Rule 3013 motion for re-classification of certain claims under the amended plan of adjustment and drafting the Oversight Board's objection;

- Discussing mediation structure, scheduling, and logistics with the Mediation Team leaders, reviewing related memoranda, and participating in related conferences with the Mediation Team and the Monolines' and other creditors' counsel;

- Reviewing and analyzing the Monolines' and other creditors' mediation presentations in preparation for mediation sessions, discussing the Monolines' and creditors' analyses with the Oversight Board's advisors, preparing the Oversight Board's responses, and participating in multiple mediation sessions with the Monolines and creditors and in post-mediation discussions with the Oversight Board's advisors;

- Analyzing the Commonwealth's current financials and the best interest analyses, analyzing materials on macroeconomic issues for the plan of adjustment and related reports by the Oversight Board's consultants, drafting related memoranda to the Oversight Board, and preparing for and participating in weekly discussions with the Board's advisors concerning the cash restriction and best interests analyses;

- Addressing inquiries from potential PSA creditors, reviewing and discussing PSA joinder agreements and materials, updating the Oversight Board's advisors on the status of the PSA creditors' holdings, and participating in related mediation sessions;

- Daily monitoring of litigation and legislative developments, drafting summaries and updates to the disclosure statement reflecting the current status of litigation, legislative efforts, tax issues, modifications to the Debtors' pensions and benefits obligations, and preparing related exhibits to the disclosure statement; and

- Drafting status reports to the Title III Court on the proposed plan of adjustment process and developments in light of the COVID-19 pandemic and resultant economic challenges.

(n)  Confirmation (Project Category 216)
     (Fees: $469,761.70; Hours: 553.30)

53.     This Project Category includes time spent relating to plan confirmation.

Specifically, Proskauer attorneys spent time:

- Researching and analyzing a variety of legal and procedural issues related to the upcoming confirmation of the Debtors' plan of adjustment, including plan confirmation requirements and confirmation hearing procedures;

- Further developing the confirmation hearing strategy, discussing and analyzing potential challenges to the confirmation of the plan, including analysis of multiple certified fiscal plans and creditors' objections thereto and analysis of materials related to macroeconomic indicators for Puerto Rico, conferring with the Oversight Board's other advisors and consultants, discussing responses to the anticipated confirmation objections, discussing proposed fact and expert witness lists and compiling proposed evidentiary materials to be presented in support of the upcoming request for confirmation of the proposed plan;

- Conferring with Prime Clerk LLC and Liquid Litigation Management regarding the steps and schedule for finalizing the confirmation data hosting repository, discussing the logistics of providing safe and secure access to documents related to the upcoming request for confirmation of the amended plan of adjustment, and preparing plan confirmation related documents for uploading to the repository; and

- Analyzing and summarizing substantive Title III Court and appellate court pleadings and orders in preparation for the upcoming confirmation hearing.

(o)   Tax (Project Category 217)
      (Fees: $63,463.20; Hours: 74.40)

54.   This Project Category includes time spent on tax matters involving the Debtor.

Specifically, Proskauer attorneys spent time:

- Reviewing and analyzing a wide variety of tax related issues in connection with further development of the Debtors' plan of adjustment to reflect the outcome of the plan-related negotiations and Court-ordered mediation, and revisions to the plan support agreement and related term sheets; and

- Drafting and modifying tax related statements and disclosures in the Debtors' amended plan of adjustment and disclosure statement.

(p)   Employment and Fee Applications (Project Category 218)
      (Fees: $44,263.10; Hours: 96.10)

55.   This Project Category includes time spent on issues related to the compensation of

Proskauer, and the retention and compensation of other Oversight Board professionals, including

the preparation of interim fee applications. Specifically, Proskauer attorneys and paraprofessionals

spent time:

- Drafting Proskauer's Tenth and Eleventh Interim Fee Applications; and

- Reviewing the Fee Examiner's correspondence and reports relating to Proskauer's pending interim fee applications, and preparing for and participating in conferences with the Fee Examiner on issues relevant to the same.

(q)   Appeal (Project Category 219)
      (Fees: $66,960.50; Hours: 78.50)

56.   This Project Category includes time spent preparing appeals and participating in

appellate proceedings on behalf of the Oversight Board as representative of the Debtor, to the extent

not expressly covered by another Project Category. Specifically, Proskauer attorneys spent time:

- Reviewing and analyzing appellate briefs and underlying Title III Court pleadings in the Monolines' appeal of the Title III Court order denying the HTA and PRIFA Stay Relief Motions, conducting further research and analysis, developing oral argument strategy, and preparing for and participating in the oral argument in the First Circuit Court of Appeals;

41

- Preparing for and participating in Proskauer appellate team meetings analyzing and further developing the Oversight Board's appellate strategy across multiple appellate cases.

## II.   **Matter No. 33260.0034 (Commonwealth Title III – Healthcare)**

57.    This matter number covers time spent working on the *Motion of Atlantic Medical Center, Inc., Camuy Health Services, Inc., Centro de Salud Familiar Dr. Julio Palmieri Ferri, Inc., Ciales Primary Health Care Services, Inc., Corp. de Serv. Médicos Primarios y Prevención de Hatillo, Inc., Costa Salud, Inc., Centro de Salud de Lares, Inc., Centro de Servicios Primarios de Salud de Patillas, Inc., and Hospital General Castañer, Inc. Seeking (I) Enforcement of the Court's Prior Order and (II) Relief From The Automatic Stay* [ECF No. 12918] (the "Health Centers' Lift Stay Motion") and proofs of claim filed by various Federally Qualified Health Centers ("FQHCs").

(a)   Legal Research (Project Category 202)
       (Fees: $11,089.00; Hours: 13.00)

58.    This Project Category includes time spent researching and analyzing legal issues, as well as time spent drafting internal memoranda and/or draft briefs related to such research and analysis, to the extent that such is not expressly covered by another Project Category. Specifically, Proskauer attorneys spent time conducting research in connection with the memorandum on treatment of claims filed by the Health Centers.

(b)   Communications with Claimholders (Project Category 204)
       (Fees: $23,884.00; Hours: 28.00)

59.    This Project Category includes time spent communicating with the Debtor's various claimants. Specifically, Proskauer attorneys spent time communicating with counsel for FQHCs and the Puerto Rico Department of Justice ("PR DOJ"), conferring on the proposed protective order governing personal health information, negotiating potential settlements of proofs of claim filed by the FQHCs, and communicating with counsel for the group of medical centers including Atlantic Medical Center, Inc. (the "AMC Group") regarding further adjournment of the hearing on the

42

Health Centers' Lift Stay Motion, treatment of the AMC Group's claims in the proposed plan of adjustment, and potential settlement.

(c)   Documents Filed on Behalf of the Board (Project Category 206)
      (Fees: $27,893.10; Hours: 32.70)

60.   This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category.   Specifically, Proskauer attorneys spent time conducting research and analysis and drafting the Oversight Board's urgent motion and protective order governing personal health information in relation to the FQHC's proofs of claim and the Oversight Board's opposition to the Health Centers' Lift Stay Motion.

(d)   Stay Matters (Project Category 208)
      (Fees: $19,533.70; Hours: 22.90)

61.   This Project Category includes time spent analyzing and researching stay issues in the Debtor's Title III Case and drafting various pleadings related to stay issues.   Specifically, Proskauer attorneys spent time conferring with the Oversight Board and its other advisors, AAFAF, and PR DOJ, evaluating various FQHCs' settlement counter-proposals, and conferring with counsel for the AMC Group regarding adjournment of the hearing and potential settlement.

(e)   Analysis and Strategy (Project Category 210)
      (Fees: $44,526.60; Hours: 52.20)

62.   This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.

(f)   General Administration (Project Category 212)
      (Fees:  $3,783.00; Hours: 13.00)

63.   This Project Category includes time spent on general administration of the Debtor's

Title III Case, including (a) case status and coordination activities; (b) tasks relating to the filing of

documents in court, including affidavits of service and service mailings; and (c) internal filing and

organization of case documents to ensure easy, fast and free accessibility by the Proskauer team,

the Debtor, and other parties in interest.

### III.   Matter No. 33260.0036 (Commonwealth Title III – UPR)

64.   This matter number covers time spent working on various matters involving the

University of Puerto Rico ("UPR") in the Debtor's Title III Case.

(a)   Legal Research (Project Category 202)
      (Fees: $10,918.40; Hours: 12.80)

65.   This Project Category includes time spent researching and analyzing legal issues, as

well as time spent drafting internal memoranda and/or draft briefs related to such research and

analysis, to the extent that such is not expressly covered by another Project Category.  Specifically,

Proskauer attorneys spent time conducting research in connection with the Oversight Board's

response to UPR correspondence related to the Maintenance of Effort requirements for higher

education institutions receiving COVID related stimulus funds applicable to UPR.

(b)   Analysis and Strategy (Project Category 210)
      (Fees:  $62,610.20; Hours: 73.40)

66.   This Project Category includes time spent related to legal analysis on, and

brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto,

including engaging in meetings to discuss strategic case considerations, the status of various work

streams and next steps, and all Proskauer internal meetings.  Specifically, Proskauer attorneys spent

time analyzing the UPR board's letter regarding the funding requirements and their impact on the Debtor's 2021 fiscal plan.

## IV.  Matter No. 33260.0039 (Commonwealth Title III – Rule 2004)

67.     This matter number covers time spent working on Rule 2004 motions filed in the Debtor's Title III Case and any appeals related thereto, including *Ambac Assurance Corporation's Motion for Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Assets* [ECF No. 9022] (the "Assets Motion"), *Ambac Assurance Corporation's Motion for Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Cash Restriction Analysis* [ECF No. 9023] (the "Cash Motion" and, together with the Assets Motion, the "Original Rule 2004 Motions"), *Ambac Assurance Corporation's Motion for an Order Directing Cash Rule 2004 Discovery from the Financial Oversight and Management Board for Puerto Rico* [ECF No. 15220] ("New Cash Motion"), and *Ambac Assurance Corporation's Motion for Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Assets* [ECF No. 15802] ("New Assets Motion" and, together with the New Cash Motion, the "New Rule 2004 Motions").

(a)   Communications with Claimholders (Project Category 204)
       (Fees: $38,726.20; Hours: 45.40)

68.     This Project Category includes time spent communicating with the Debtor's various claimholders.  Specifically, Proskauer attorneys spent time communicating with counsel for Ambac on a variety of legal issues related to Ambac's New Rule 2004 Motions, developing strategy, reviewing and responding to the meet-and-confer communications, and preparing for and participating in numerous meet-and-confer conferences with the Monolines and other parties on outstanding discovery issues related to the Debtors' assets, cash restriction analysis, and pension liability issues.

(b)   Documents Filed on Behalf of the Board (Project Category 206)
      (Fees: $57,321.60; Hours: 67.20)

69.   This Project Category includes time spent drafting various pleadings filed on behalf

of the Debtor, to the extent not expressly covered by another Project Category.   Specifically,

Proskauer attorneys spent time conferring with the Oversight Board's other advisors and counsel

for AAFAF regarding the status of Rule 2004 discovery, preparing joint status reports with respect

to the New Rule 2004 Motions, conducting research and analysis, and drafting the Oversight

Board's objection to Ambac's New Assets Motion.

(c)   Non-Board Court Filings (Project Category 207)
      (Fees: $12,112.60; Hours: 14.20)

70.   This Project Category includes time spent reviewing and commenting on Court

orders and filings made by other parties in the Debtor's Title III Case, to the extent not expressly

covered by another Project Category.   Specifically, Proskauer attorneys spent time reviewing the

Title III Court order denying Ambac's Original Rule 2004 Motions, reviewing and analyzing

Ambac's New Assets Motion, joinders thereto by various parties, Ambac's reply in support of the

Motion, and Title III Court orders denying the New Cash Motion and denying in part the New

Assets Motion.

(d)   Analysis and Strategy (Project Category 210)
      (Fees: $338,811.60; Hours: 397.20)

71.   This Project Category includes time spent related to legal analysis on, and

brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto,

including engaging in meetings to discuss strategic case considerations, the status of various work

streams and next steps, and all Proskauer internal meetings, except those specifically dealing with

an issue covered by another Project Category.   Among other things, Proskauer attorneys spent time

on legal analysis and strategic discussions relating to: (i) Ambac's Rule 2004 requests and strategy

for responding thereto; (ii) the production of responsive documents; and (iii) Court filings related to the Ambac's Rule 2004 motions, including status reports and the Oversight Board's opposition to such motions.

    (e)   General Administration (Project Category 212)
          (Fees: $13,938.20; Hours: 46.20)

72.     This Project Category includes time spent on general administration of the Debtor's Title III Case, including (a) case status and coordination activities; (b) tasks relating to the filing of documents in court, including affidavits of service and service mailings; and (c) internal filing and organization of case documents to ensure easy, fast and free accessibility by the Proskauer team, the Debtor, and other parties in interest.

## V.    Matter No. 33260.0041 (Commonwealth Title III – Miscellaneous)

73.     This matter number covers time spent working on miscellaneous motions and adversary proceedings not covered by another Project Category, and any appeals related thereto. In this Compensation Period, items billed to this matter included, among other things, work on (i) *Hernández Montañez v. FOMB*, Adv. Proc. No. 18-0090 (the "Hernández Montañez Adversary Proceeding"); (ii) *Natal Albelo v. Commonwealth*, Adv. Proc. No. 19-0003 (the "Natal Albelo Adversary Proceeding"); (iii) *Diaz Mayoral v. Commonwealth*, Case No. 20-1279 (1st Cir.) (consolidated with Case No. 19-2231) (the "Diaz Mayoral Appeal"); (iv) *United States v. Vaello-Madero*, Case No. 20-303 (U.S.) (the "Vaello-Madero Appeal"); and (v) *UECFSE v. Commonwealth*, Case No. 20-1466 (U.S.) (the "UECFSE Appeal");

    (a)   Legal Research (Project Category 202)
          (Fees: $11,515.50; Hours: 13.50)

74.     This Project Category includes time spent researching and analyzing legal issues, as well as time spent drafting internal memoranda and/or draft briefs related to such research and analysis, to the extent that such is not expressly covered by another Project Category. Specifically,

Proskauer attorneys spent time conducting legal research concerning post-mandate issues in Natal Albelo Adversary Proceeding and for the Oversight Board's reply in support of its motion to dismiss in the Hernández Montañez Adversary Proceeding.

    (b)   <u>Documents Filed on Behalf of the Board (Project Category 206)</u>
          (Fees: <u>$101,336.40</u>; Hours: <u>118.80</u>)

     75.    This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category. Specifically, Proskauer attorneys spent time:

- Conducting research and analysis and drafting the Oversight Board's reply in support of its motion to dismiss the Hernández Montañez Adversary Proceeding;
- Conducting research and analysis and drafting the Oversight Board's urgent motion requesting the Title III Court to direct the parties to meet and confer and to file a joint status report regarding the case dismissal process following the First Circuit's denial of the plaintiffs' appeal and drafting the joint status report in the Natal Albelo Adversary Proceeding.

    (c)   <u>Stay Matters (Project Category 208)</u>
          (Fees: <u>$18,595.40</u>; Hours: <u>21.80</u>)

     76.    This Project Category includes time spent analyzing and researching stay issues in the Debtor's Title III Case and drafting various pleadings related to stay issues. Specifically, Proskauer attorneys spent time:

- Reviewing and analyzing newly filed requests to lift the automatic stay involving the Commonwealth;
- Communicating with AAFAF, claimants, and their respective counsel regarding lift-stay requests; and
- Drafting related status reports, responses to requests to lift the automatic stay, and stipulations permitting modifications of the stay.

    (d)   <u>Analysis and Strategy (Project Category 210)</u>
          (Fees: <u>$73,016.80</u>; Hours: <u>85.60</u>)

     77.    This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto,

including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.

    (e)   <u>General Administration (Project Category 212)</u>
        (Fees: <u>$9,894.00</u>; Hours: <u>34.00</u>)

    78.    This Project Category includes time spent on general administration of the Debtor's Title III Case, including (a) case status and coordination activities; (b) tasks relating to the filing of documents in court, including affidavits of service and service mailings; and (c) internal filing and organization of case documents to ensure easy, fast and free accessibility by the Proskauer team, the Debtor, and other parties in interest.

    (f)   <u>Appeal (Project Category 219)</u>
        (Fees: <u>$259,567.90</u>; Hours: <u>304.30</u>)

    79.    This Project Category includes time spent preparing appeals and participating in appellate proceedings on behalf of the Oversight Board as representative of the Debtor, to the extent not expressly covered by another Project Category. Specifically, Proskauer attorneys spent time:

- Reviewing and analyzing the appellant's opening brief in the Diaz Mayoral Appeal, conducting legal research, developing the Oversight Board's appellate strategy, drafting the answering brief, developing the oral argument strategy, and preparing for and participating in oral argument in the First Circuit Court of Appeals;

- At the Oversight Board's request, reviewing and analyzing the petition for a writ of certiorari and related materials in the Vaello-Madero Appeal, evaluating the impact of the certiorari grant on other Supplemental Security Income related cases, conducting factual and legal research, and preparing a related presentation to the Oversight Board; and

- Reviewing and analyzing the petition for a writ of certiorari filed by UECFSE and UMCFSE appealing the First Circuit judgment affirming the Title III Court's dismissal of their complaint for failure to state a claim, developing the Oversight Board's appellate strategy, and drafting the motion to extend time to respond and the Board's opposition brief.

## VI.   Matter No. 33260.0072 (Commonwealth – GO & Guaranteed Bonds Lien Avoidance and Secured Status Complaints)

80.   This matter number covers time spent relating to the Commonwealth Title III avoidance actions challenging the validity, enforceability, and extent of certain prepetition liens of holders of Commonwealth general obligation and guaranteed bonds.  In this Compensation Period, items billed to this matter included work on the UCC's appeal of the Title III Court orders denying its motion to lift stay to allow the UCC to pursue an objection to priority of GO bond claims and denying the UCC's request for reconsideration, *UCC v. FOMB*, Case No. 20-2014 (1st Cir.).

(a)   Legal Research (Project Category 202)
       (Fees: $9,553.60; Hours: 11.20)

81.   This Project Category includes time spent researching and analyzing legal issues, as well as time spent drafting internal memoranda and/or draft briefs related to such research and analysis, to the extent that such is not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time conducting research and analyzing numerous pleadings on a variety of GO lien challenge related issues, including the First Circuit order dismissing the UCC's appeal for lack of jurisdiction, for a summary of GO bond litigation and evaluation of pending issues and next steps.

(b)   Analysis and Strategy (Project Category 210)
       (Fees: $35,570.10; Hours: 41.70)

82.   This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.

**VII.**   **Matter No. 33260.0073 (Commonwealth – AMBAC/PRIFA Stay Relief Motion)**

83.   This matter number covers time spent relating to the opposition to *Ambac Assurance Corporation's Motion Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds* [ECF No. 7176] (the "PRIFA Stay Relief Motion") and the *Amended Motion of Ambac Assurance Corporation, Financial Guaranty Insurance Company, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and U.S. Bank Trust National Association, Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds* [ECF No. 10602] (the "Amended PRIFA Stay Relief Motion"), seeking a court order lifting the automatic stay of certain actions related to the PRIFA bonds and allowing the PRIFA bondholders to pursue those actions, or, in the alternative, providing adequate protection of the bondholders' lien on the PRIFA rum taxes, and the related appeal, *Ambac Assurance Corp. v. Commonwealth*, Case No. 20-1931 (1st Cir.).

(a)   Appeal (Project Category 219)
      (Fees: $20,045.50; Hours: 23.50)

84.   This Project Category includes time spent preparing appeals and participating in appellate proceedings on behalf of the Oversight Board as representative of the Debtor, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time reviewing and analyzing appellate briefs and underlying Title III Court pleadings, developing the oral argument strategy, preparing for and participating in the oral argument in the First Circuit Court of Appeals, and analyzing the First Circuit judgment affirming the Title III Court's denial of both PRIFA Stay Relief Motions.

**VIII.**   **Matter No. 33260.0077 (Commonwealth – Cooperativas v. COSSEC)**

85.   This matter number covers time spent relating to the declaratory judgment action by the Commonwealth cooperativas challenging COSSEC's fiscal plans, *Cooperativa de Ahorro y*

51

*Crédito Abraham Rosa v. Public Corporation for the Supervision & Insurance of Cooperatives of Puerto Rico (COSSEC)*, Case No. 19-AP-389 (the "COSSEC Adversary Proceeding"), and any appeals related thereto.

(a)   Documents Filed on Behalf of the Board (Project Category 206)
(Fees: $72,249.10; Hours: 84.70)

86.     This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time conducting legal research and factual analysis and drafting the Oversight Board's motion to dismiss the cooperativas' first amended complaint and reply in support.

(b)   Analysis and Strategy (Project Category 210)
(Fees: $11,515.50; Hours: 13.50)

87.     This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.

(c)   General Administration (Project Category 212)
(Fees: $8,730.00; Hours: 30.00)

88.     This Project Category includes time spent on general administration of the Debtor's Title III Case, including (a) case status and coordination activities; (b) tasks relating to the filing of documents in court, including affidavits of service and service mailings; and (c) internal filing and organization of case documents to ensure  easy, fast and free accessibility by the Proskauer team, the Debtor, and other parties in interest.

IX.    **Matter No. 33260.0089 (Commonwealth – Action Objecting to Proofs of Claim filed by
PRIFA Bondholders)**

89.    This matter number covers time spent relating to the action by the Oversight Board
challenging the proofs of claim filed against the Commonwealth and other lien claims asserted by
the defendants as holders and/or insurers of certain bonds issued by PRIFA, *FOMB v. Ambac
Assurance Corp.*, Adv. Proc. No. 20-00003 (the "PRIFA Rum Tax Bonds Adversary Proceeding"),
and any appeals related thereto.

(a)    Legal Research (Project Category 202)
(Fees: $47,853.30; Hours: 56.10)

90.    This Project Category includes time spent researching and analyzing legal issues, as
well as time spent drafting internal memoranda and/or draft briefs related to such research and
analysis, to the extent that such is not expressly covered by another Project Category.  Specifically,
Proskauer attorneys spent time conducting legal research concerning various discovery issues and
developing the Oversight Board's strategy for responding to the limited revenue bonds discovery
propounded by multiple parties and related motions to compel, and evaluating bases for moving for
summary judgement to dispose of the remaining claims, specifically, PROMESA's preemption of
territorial and municipal laws.

(b)    Documents Filed on Behalf of the Board (Project Category 206)
(Fees: $215,297.20; Hours:  252.40)

91.    This Project Category includes time spent drafting various pleadings filed on behalf
of the Debtor, to the extent not expressly covered by another Project Category.  Specifically,
Proskauer attorneys spent time conducting research and analysis and drafting the Oversight Board's
motion for relief from stay to prosecute further motions for summary judgment, reply in support of
the motion, and related motion for summary judgment on the remaining claims in the plaintiffs'
complaint that were stayed by the Title III Court's Revenue Bonds Case Management Order.

(c)   Analysis and Strategy (Project Category 210)
     (Fees: $595,479.30; Hours: 698.10)

92.   This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category. Specifically, Proskauer attorneys spent time analyzing the revenue bonds discovery requests propounded by multiple parties, preparing related responses and objections, and reviewing and analyzing production by other parties.

(d)   General Administration (Project Category 212)
     (Fees: $14,608.20; Hours:  50.20)

93.   This Project Category includes time spent on general administration of the Debtor's Title III Case, including (a) case status and coordination activities; (b) tasks relating to the filing of documents in court, including affidavits of service and service mailings; and (c) internal filing and organization of case documents to ensure  easy, fast and free accessibility by the Proskauer team, the Debtor, and other parties in interest.

## X.   Matter No. 33260.0090 (Commonwealth – Action Objecting to Proofs of Claim filed by CCDA Bondholders)

94.   This matter number covers time spent relating to the action by the Oversight Board challenging the proofs of claim filed against the Commonwealth and other lien claims asserted by the defendants as holders and/or insurers of certain bonds issued by CCDA, *FOMB v. Ambac Assurance Corp.*, Adv. Proc. No. 20-00004 (the "CCDA Bonds Adversary Proceeding"), and any appeals related thereto.

(a)   Legal Research (Project Category 202)
     (Fees: $13,392.10; Hours: 15.70)

95.     This Project Category includes time spent researching and analyzing legal issues, as well as time spent drafting internal memoranda and/or draft briefs related to such research and analysis, to the extent that such is not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time conducting legal research concerning various discovery issues and developing the Oversight Board's strategy for responding to the limited revenue bonds discovery propounded by multiple parties and related motions to compel, and evaluating bases for moving for summary judgement to dispose of the remaining claims, specifically, disallowance of Ambac's unsecured claims predicated on the retention of the Retained Occupancy Taxes and alleged breach of the Debtor's contractual obligations.

(b)   <u>Documents Filed on Behalf of the Board (Project Category 206)</u>
      (Fees: <u>$176,485.70</u>; Hours:  <u>206.90</u>)

96.     This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time conducting research and analysis and drafting the Oversight Board's motion for relief from stay to prosecute further motions for summary judgment, reply in support of the motion, and related motion for summary judgment on the remaining claims of the plaintiffs' complaint that were stayed by the Title III Court's Revenue Bonds Case Management Order.

(c)   <u>Analysis and Strategy (Project Category 210)</u>
      (Fees: <u>$276,457.30</u>; Hours: <u>324.10</u>)

97.     This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.  Proskauer attorneys spent time analyzing the revenue

bonds discovery requests propounded by multiple parties, preparing related responses and objections, and reviewing and analyzing production by other parties.

**XI.    Matter No. 33260.0093 (Commonwealth – HTA Revenue Bond Complaint)**

98.    This matter number covers time spent relating to the action by the Oversight Board challenging the proofs of claims filed against Commonwealth and other lien claims asserted by the defendants as insurers and/or holders of certain bonds issued by HTA, *FOMB v. Ambac Assurance Corp.*, Adv. Proc. No. 20-00005 (the "HTA-Commonwealth Bonds Adversary Proceeding"), and any appeals related thereto.

(a)    Legal Research (Project Category 202)
        (Fees: $88,541.40; Hours: 103.80)

99.    This Project Category includes time spent researching and analyzing legal issues, as well as time spent drafting internal memoranda and/or draft briefs related to such research and analysis, to the extent that such is not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time conducting legal research concerning various discovery issues and developing the Oversight Board's strategy for responding to the limited revenue bonds discovery propounded by multiple parties and related motions to compel, and evaluating bases for moving for summary judgement to dispose of the remaining claims, specifically, PROMESA's preemption of territorial and municipal laws and treatment of the bondholders' claims predicated on the Takings Clause and Due Process Clause.

(b)    Documents Filed on Behalf of the Board (Project Category 206)
        (Fees: $375,661.20; Hours:  440.40)

100.    This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time conducting research and analysis and drafting the Oversight Board's motion for relief from stay to prosecute further motions for summary judgment, reply in support of

the motion, and related motion for summary judgment on the remaining claims of the plaintiffs'

complaint that were stayed by the Title III Court's Revenue Bonds Case Management Order.

    (c)   <u>Analysis and Strategy (Project Category 210)</u>
           (Fees: <u>$841,569.80</u>; Hours: <u>986.60</u>)

      101.    This Project Category includes time spent related to legal analysis on, and

brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto,

including engaging in meetings to discuss strategic case considerations, the status of various work

streams and next steps, and all Proskauer internal meetings, except those specifically dealing with

an issue covered by another Project Category.   Specifically, Proskauer attorneys spent time

analyzing the revenue bonds discovery requests propounded by multiple parties, preparing related

responses and objections, and reviewing and analyzing production by other parties.

    (d)   <u>General Administration (Project Category 212)</u>
           (Fees: <u>$33,174.00</u>; Hours:  <u>114.00</u>)

      102.    This Project Category includes time spent on general administration of the Debtor's

Title III Case, including (a) case status and coordination activities; (b) tasks relating to the filing of

documents in court, including affidavits of service and service mailings; and (c) internal filing and

organization of case documents to ensure  easy, fast and free accessibility by the Proskauer team,

the Debtor, and other parties in interest.

## XII.   Matter No. 33260.0094 (Commonwealth – Challenges Regarding Certain Laws and Orders)

      103.    This matter number covers time spent relating to the actions by the Governor of

Puerto Rico and AAFAF seeking declaratory and injunctive relief and challenging the Oversight

Board's efforts to nullify certain executive orders and laws passed by the Puerto Rico Legislature

deemed inconsistent with PROMESA or challenging fiscal plans certified by the Oversight Board,

including *Vásquez Garced v. FOMB*, Adv. Proc. Nos. 20-00080, 20-00082–20-00085, and a related

appeal, *Pierluisi v. FOMB*, Case No. 21-1071 (1st Cir.).

(a)   Tasks Relating to the Board, its Members, its Staff, its Advisors or its Consultants
      (Project Category 201)
      (Fees:  $13,648.00; Hours:  16.00)

104.    This Project Category includes time spent communicating with the Oversight Board

and its other advisors, agents, and consultants, as well as preparing for and advising on fiscal plans,

public meetings, litigation, and related issues.  Specifically, Proskauer attorneys spent time advising

the Oversight Board in its communications and negotiations with the Puerto Rico Transportation

and Other Public Services Bureau ("NTSP"), AAFAF, the Governor, and  the Puerto Rico Trucking

Association to avert the truckers' threat of a strike in support of the temporary rate increases

implemented by NTSP against the direction of the Oversight Board.

(b)   Legal Research (Project Category 202)
      (Fees:  $8,956.50; Hours: 10.50)

105.    This Project Category includes time spent researching and analyzing legal issues, as

well as time spent drafting internal memoranda and/or draft briefs related to such research and

analysis, to the extent that such is not expressly covered by another Project Category.  Specifically,

Proskauer attorneys spent time researching and analyzing alternative means for the Oversight Board

to respond to the threat of the truckers' strike concerning new NTSP tariffs.

(c)   Communications with the Commonwealth, its Instrumentalities, or Representatives of
      the Commonwealth or its Instrumentalities (Project Category 205)
      (Fees:  $16,207.00; Hours:  19.00)

106.    This Project Category includes time spent communicating with the Debtor's

representatives in various Title III related matters, to the extent not expressly covered by another

Project Category.  Specifically, Proskauer attorneys spent time:

- Conferring with counsel to AAFAF regarding the Senate's inquiry into enactment
  of Act 181 providing for a salary increase for the members and officials of the Puerto

Rico Bureau of Fire Department, the Title III Court order approving the related joint stipulation modifying the injunction, and the Government's compliance with the Court order;

- Advising the Oversight Board and drafting the Board's letters to AAFAF and to NTSP concerning NTSP's continued enforcement of the proposed regulations and Circular Letters 35-2020 and 5-2021 in violation of the Oversight Board's policy and PROMESA; and

- Reviewing and analyzing communications to the Oversight Board from NTSP, the Chamber of Marketing, Industry and Food Distribution, AAFAF, and the Governor, and advising the Oversight Board in their negotiations with NTSP concerning proposed new tariffs.

(d)   Documents Filed on Behalf of the Board (Project Category 206)
(Fees: $19,533.70; Hours: 22.90)

107.   This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category. Specifically, Proskauer attorneys spent time drafting the joint motion and stipulation modifying the injunction related to Act 181, and conducting legal analysis and drafting a proposed complaint for injunctive relief related to NTPS enforcing its regulations without the Oversight Board's approval in violation of PROMESA.

(e)   Analysis and Strategy (Project Category 210)
(Fees: $98,436.20; Hours: 115.40)

108.   This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the litigation regarding Puerto Rico legislation and varied issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.

(f)   General Administration (Project Category 212)
(Fees: $3,928.50; Hours: 13.50)

109.   This Project Category includes time spent on general administration of the Debtor's Title III Case, including (a) case status and coordination activities; (b) tasks relating to the filing of

documents in court, including affidavits of service and service mailings; and (c) internal filing and organization of case documents to ensure easy, fast and free accessibility by the Proskauer team, the Debtor, and other parties in interest.

(g) Appeal (Project Category 219)
(Fees: $132,129.70; Hours: 154.90)

110. This Project Category includes time spent preparing appeals and participating in appellate proceedings on behalf of the Oversight Board as representative of the Debtor, to the extent not expressly covered by another Project Category. Specifically, Proskauer attorneys spent time reviewing and analyzing the Government's opening brief appealing the Title III Court's decision enjoining the Government from implementing and enforcing Acts 82, 138, 176, and 47, analyzing a related motion to file an amicus curiae brief in support of the appeal by the Speaker of the Puerto Rico House of Representatives, conducting legal research, analyzing underlying Title III Court pleadings, conferring with the Oversight Board's other advisors, developing the Oversight Board's appellate strategy, and drafting the Oversight Board's answering brief.

## XIII. Matter No. 33260.0100 (Commonwealth – Challenge to Pension Laws)

111. This matter number covers time spent relating to Oversight Board's efforts to nullify and prevent implementation of three statutes enacted by the Puerto Rico Legislature designated as Acts 80-2020, 81-2020, and 82-2020 (collectively, the "Pension Laws"), and to prevent the enactment of proposed House Bill 120 ("HB 120"), the implementation of which would violate PROMESA.

(a) Tasks Relating to the Board, its Members, its Staff, its Advisors or its Consultants (Project Category 201)
(Fees: $23,201.60; Hours: 27.20)

112. This Project Category includes time spent communicating with the Oversight Board and its other representatives, agents, and consultants, as well as preparing for and advising on

public meetings, litigation, and related issues.  Specifically, Proskauer attorneys spent time communicating with the Oversight Board and its other advisors and experts regarding analysis of the financial impact of the proposed House Bill 120 on the retirement program for Commonwealth employees, advising the Oversight Board on its communications with the Puerto Rico Government and Legislature concerning HB 120, and preparing for the Oversight Board's public meeting on pension related issues.

    (b)   <u>Legal Research (Project Category 202)</u>
           (Fees:  <u>$10,747.80</u>; Hours: <u>12.60</u>)

113.  This Project Category includes time spent researching and analyzing legal issues, as well as time spent drafting internal memoranda and/or draft briefs related to such research and analysis, to the extent that such is not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time researching and analyzing a wide variety of legal issues in connection with the Oversight Board's potential filing of a complaint seeking an injunction related to proposed HB 120.

    (c)   <u>Communications with the Commonwealth, its Instrumentalities, or Representatives of the Commonwealth or its Instrumentalities (Project Category 205)</u>
           (Fees:  <u>$52,630.10</u>; Hours:  <u>61.70</u>)

114.  This Project Category includes time spent communicating with the Debtor's representatives in various Title III related matters, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time:

- Communicating with counsel to AAFAF and representatives of the Governor concerning the Oversight Board's challenge to HB 120, analyzing AAFAF's position paper on enforceability of HB 120 and testimony and remarks from public hearings on pension related issues, and advising the Board on preparing for a meeting with the House Speaker and on the drafting letters to the Government and Legislature concerning HB 120;

- Communicating with counsel to AAFAF and counsel for retired police officers regarding ongoing litigation concerning Act 81; and

- Communicating with counsel to AAFAF and counsel for employees seeking early retirement under Act 80 regarding ongoing litigation concerning Act 80.

(d)    <u>Documents Filed on Behalf of the Board (Project Category 206)</u>
(Fees:  <u>$233,466.10</u>; Hours:  <u>273.70</u>)

115.    This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time conducting legal and factual research and analysis, conferring with the Oversight Board and its other advisors, developing the Oversight Board's litigation strategy, and drafting the Oversight Board's proposed complaint requesting injunctive relief related to HB 120 and related declarations in support.

(e)    <u>Analysis and Strategy (Project Category 210)</u>
(Fees: <u>$275,263.10</u>; Hours: <u>322.70</u>)

116.    This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.  Among other things, Proskauer attorneys spent time on legal analysis and strategic discussions relating to: (i) the implementation of HB 120 and the Oversight Board's litigation strategy and Court filings in relation thereto; (ii) the economic impact of HB 120; (iii) correspondence with the Commonwealth regarding HB 120; and (iv) litigation strategy relating to the Pension Laws.

(f)    <u>Labor, Pension Matters (Project Category 213)</u>
(Fees: <u>$8,530.00</u>; Hours: <u>10.00</u>)

117.    This Project Category includes time spent reviewing employee and retiree benefits issues.  Specifically, Proskauer attorneys spent time conferring with the Oversight Board and its other advisors on various pension and social security related issues.

## XIV.   Matter No. 33260.0101 (Commonwealth - Section 203 Non-Compliant Municipalities (San Sebastián))

118.    This matter number covers time spent relating to the Oversight Board's efforts to enforce compliance by Puerto Rico municipality of San Sebastián with section 203 of PROMESA requiring municipalities to timely submit their quarterly financial reports describing cash revenues, cash expenditures, and cash flows as compared to their financial projections in certified fiscal plans and budgets.

(a)   Documents Filed on Behalf of the Board (Project Category 206)
      (Fees:  $11,515.50; Hours:  13.50)

119.    This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time conducting research and analysis, conferring with the Oversight Board and its other advisors, and drafting the Oversight Board's proposed complaint for injunctive relief and a writ of mandamus enabling the Oversight Board to gather the necessary financial documents and information from the municipality of San Sebastián.

(b)   Analysis and Strategy (Project Category 210)
      (Fees:  $18,339.50; Hours: 21.50)

120.    This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.

## XV.  Matter No. 33260.0103 (Commonwealth – Finca Matilde)

121.    This matter number covers time spent relating to the complaint for declaratory judgment filed against the Debtor and the Oversight Board by Finca Matilde, Inc., seeking a

determination that the plaintiff's alleged takings claim is non-dischargeable in the Debtors' plan of adjustment, *Finca Matilde, Inc. v. Commonwealth*,  Adv. Proc. No. 20-00124 (the "Finca Matilde Adversary Proceeding").

    (a)   Documents Filed on Behalf of the Board (Project Category 206)
           (Fees: $48,791.60; Hours: 57.20)

122.    This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time conducting research and analysis, conferring with the Oversight Board and its other advisors, developing litigation strategy, and drafting the Oversight Board's reply in support of its motion to dismiss plaintiff's first amended complaint due to lack of subject matter jurisdiction and unripe claims, and further, at the direction of the Title III Court in light of the Board's filing of the second amended plan of adjustment, the Oversight Board's supplemental brief confirming that the second amended plan did not affect the arguments raised in the Board's motion to dismiss and its reply in support.

## XVI.   Matter No. 33260.0104 (Commonwealth – Section 204 Correspondence and Related Matters)

123.    This matter number covers time spent relating to Oversight Board's efforts to ensure the Puerto Rico Government entities' and municipalities' compliance with their respective certified fiscal plans and budgets and with related reporting requirements under PROMESA section 204.

    (a)   Tasks Relating to the Board, its Members, its Staff, its Advisors or its Consultants
           (Project Category 201)
           (Fees: $26,016.50; Hours: 30.50)

124.    This Project Category includes time spent communicating with the Oversight Board and its other representatives, agents, and consultants, as well as preparing for and advising on fiscal plans, public meetings, litigation, and related issues.  Specifically, Proskauer attorneys spent time preparing for and participating in communications and weekly calls with the Oversight Board and

its other advisors discussing issues of non-compliance of various Government entities and municipalities, discussing available methods of obtaining audit and potential enterprise system improvements, analyzing various Puerto Rico legislative initiatives and status of the related litigation proceedings, and advising on related communications between the Oversight Board, AAFAF, and the Government.

(b)   Communications with the Commonwealth, its Instrumentalities, or Representatives of the Commonwealth or its Instrumentalities (Project Category 205) (Fees:  $84,958.80; Hours:  99.60)

125.   This Project Category includes time spent communicating with the Debtor's representatives in various Title III related matters, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time reviewing, analyzing, and advising the Oversight Board on its communication to the Governor with recommendations regarding completion of the overdue Comprehensive Annual Financial Reports, development of a responsive Enterprise Resource Planning system, and strengthening of the Office of the Chief Financial Officer in the areas of financial reporting and auditing, the Board's numerous communications to the Government and AAFAF concerning Puerto Rico legislative initiatives and related reprogramming requests, the Board's communications to municipalities concerning their reprogramming of the surplus funds from prior years, and developing the procedure for initial responses to requests for a preliminary review of proposed legislation under PROMESA section 204(a)(6).

(c)   Analysis and Strategy (Project Category 210) (Fees: $643,844.40; Hours: 754.80)

126.   This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings, except those specifically dealing with

an issue covered by another Project Category. Specifically, Proskauer attorneys spent time reviewing and analyzing numerous communications to the Oversight Board from the Puerto Rico Government and its agencies, municipalities, and legislature and participating in related conferences with the Oversight Board and its other advisors.

(d)   General Administration (Project Category 212)
       (Fees: $6,489.30; Hours: 22.30)

127.   This Project Category includes time spent on general administration of the Debtor's Title III Case, including (a) case status and coordination activities; (b) tasks relating to the filing of documents in court, including affidavits of service and service mailings; and (c) internal filing and organization of case documents to ensure  easy, fast and free accessibility by the Proskauer team, the Debtor, and other parties in interest.

## XVII.   Matter No. 33260.0106 (Commonwealth – SEC Investigation)

128.   This matter number covers time spent relating to Oversight Board's response to the SEC inquiry dated February 16, 2021 concerning mediation related information.

(a)   Analysis and Strategy (Project Category 210)
       (Fees: $46,232.60; Hours: 54.20)

129.   This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category. Specifically, Proskauer attorney spent time analyzing the SEC's communications to the Oversight Board requesting information pertaining to the mediation sessions at issue, reviewing and analyzing the operative mediation agreement and various pertinent materials, conferring with the Oversight Board, its other advisors, other parties to the

mediation and the SEC's counsel, and drafting the Board's response to the SEC's information requests and talking points for the SEC meeting.

## XVIII.   Matter No. 33260.0107 (Commonwealth – La Liga de Ciudades de Puerto Rico)

130.   This matter number covers time spent relating to the complaint for declaratory and injunctive relief filed by the not-for-profit organization of Puerto Rico Mayors from various municipalities (La Liga de Ciudades de Puerto Rico or "La Liga") requesting that the Title III Court enter an order prohibiting collection of funds from the municipalities for the time period allegedly exempted by Law 29, enjoining the Board from interfering with fiduciary duties owed by AAFAF and CRIM to the municipalities, and decreeing inexistent the municipalities' debts to CRIM, ASES, and the Puerto Rico Retirement System, *La Liga de Ciudades de Puerto Rico v. FOMB.*, Adv. Proc. No. 21-00026 (the "La Liga Adversary Proceeding"), and any appeals related thereto.

(a)   Legal Research (Project Category 202)
(Fees: $24,737.00; Hours: 29.00)

131.   This Project Category includes time spent researching and analyzing legal issues, as well as time spent drafting internal memoranda and/or draft briefs related to such research and analysis, to the extent that such is not expressly covered by another Project Category. Specifically, Proskauer attorneys spent time analyzing pleadings in the related adversary case nullifying Law 29 (Adv. Proc. 19-00393), and conducting legal research on nullification, organizational standing, and tortuous interference issues for the Oversight Board's motion to dismiss the La Liga Adversary Proceeding.

(b)   Documents Filed on Behalf of the Board (Project Category 206)
(Fees: $96,986.10; Hours: 113.70)

132.   This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category. Specifically,

Proskauer attorneys spent time conducting research and analysis and drafting the Oversight Board's motion to dismiss the La Liga Adversary Proceeding.

    (c)   <u>Analysis and Strategy (Project Category 210)</u>
            (Fees: <u>$130,594.30</u>; Hours: <u>153.10</u>)

133.    This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.

    (d)   <u>General Administration (Project Category 212)</u>
            (Fees: <u>$6,518.40</u>; Hours: <u>22.40</u>)

134.    This Project Category includes time spent on general administration of the Debtor's Title III Case, including (a) case status and coordination activities; (b) tasks relating to the filing of documents in court, including affidavits of service and service mailings; and (c) internal filing and organization of case documents to ensure  easy, fast and free accessibility by the Proskauer team, the Debtor, and other parties in interest.

### XIX.  <u>Matter No. 33260.0108 (Commonwealth – Act 167)</u>

135.    This matter number covers time spent relating to the Puerto Rico Government and Legislature's actions to obtain funding for Act 167, and the related declaratory judgment complaint by the Speaker of the House of Representatives, *Hernández Montañez v. Pierluisi-Urrutia*, Adv. Proc. No. 21-00042, and any appeals related thereto.

    (a)   <u>Tasks Relating to the Board, its Members, its Staff, its Advisors or its Consultants</u>
            <u>(Project Category 201)</u>
            (Fees: <u>$64,486.80</u>; Hours: <u>75.60</u>)

136.    Project Category includes time spent communicating with the Oversight Board and its representatives, agents, and consultants, as well as preparing for and advising on public

meetings, litigation, and related issues. Specifically, Proskauer attorneys spent time conferring with the Oversight Board and its other advisors regarding Act 167 and the Governor's related requests for reprogramming of funds and amending of the Commonwealth's FY21 certified budget to cover the cost of the special election to create a delegation to the United State Congress to advocate for statehood for Puerto Rico pursuant to Act 167, preparing for and participating in the Board meetings concerning responding to the communications from the Government and Legislature regarding funding of Act 167, advising on the related Board meetings with the Government, and analyzing the legal action filed by the House Speaker against the Board and the Government to enjoin them from revising the certified budget.

    (b)   <u>Legal Research (Project Category 202)</u>
           (Fees:  <u>$21,154.40</u>; Hours:  <u>24.80</u>)

      137.   This Project Category includes time spent researching and analyzing legal issues, as well as time spent drafting internal memoranda and/or draft briefs related to such research and analysis, to the extent that such is not expressly covered by another Project Category. Specifically, Proskauer attorneys spent time analyzing a variety of legal issues in connection with Act 167, including among others, at the request of the Oversight Board, researching the procedures and eligibility requirements for statehood, statutory interpretation of Act 167, and certification of the amended budget.

    (c)   <u>Hearings and Other Non-Filed Communications with the Court (Project Category 203)</u>
           (Fees:  <u>$13,989.20</u>; Hours:  <u>16.40</u>)

      138.   This Project Category includes time spent communicating with the Court and reviewing the Court's communications and procedures. Specifically, Proskauer attorneys spent time attending the oral argument and arguing the Board's opposition to the motion of the House Speaker for a temporary restraining order and preliminary injunction related to the funding of Act 167.

(d)  <u>Communications with the Commonwealth, its Instrumentalities, or Representatives of
the Commonwealth or its Instrumentalities (Project Category 205)</u>
(Fees:  <u>$24,907.60</u>; Hours:  <u>29.20</u>)

139.   This Project Category includes time spent communicating with the Debtor's
representatives in various Title III related matters, to the extent not expressly covered by another
Project Category.  Specifically, Proskauer attorneys spent time advising the Oversight Board and
drafting the Board's letters to the Office of Management and Budget and to AAFAF regarding the
Board's position on reprogramming and funding requests for Act 167, communicating with AAFAF
regarding the Governor's response to the Puerto Rico Legislature's refusal to fund Act 167 and the
complaint and TRO motion filed by the House Speaker, and drafting a meet-and-confer letter to the
Speaker's counsel concerning the complaint.

(e)  <u>Documents Filed on Behalf of the Board (Project Category 206)</u>
(Fees:  <u>$99,374.50</u>; Hours:  <u>116.50</u>)

140.   This Project Category includes time spent drafting various pleadings filed on behalf
of the Debtor, to the extent not expressly covered by another Project Category.  Specifically,
Proskauer attorneys spent time conducting research and analysis and drafting the Oversight Board's
opposition to the motion for TRO and preliminary injunction filed by the House Speaker and motion
to dismiss the Speaker's complaint.

(f)  <u>Non-Board Court Filings (Project Category 207)</u>
(Fees:  <u>$11,003.70</u>; Hours:  <u>12.90</u>)

141.   This Project Category includes time spent reviewing and commenting on proposed
Court orders and filings made by other parties in the Debtor's Title III Case, to the extent not
expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time
reviewing and analyzing the complaint for declaratory judgment and motion for TRO and
preliminary injunction by the House Speaker, responses filed by various parties, and related Title
III Court orders.

(g)  Analysis and Strategy (Project Category 210)
     (Fees: $243,019.70; Hours: 284.90)

142.   This Project Category includes time spent related to legal analysis on, and

brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto,

including engaging in meetings to discuss strategic case considerations, the status of various work

streams and next steps, and all Proskauer internal meetings, except those specifically dealing with

an issue covered by another Project Category.  Among other things, Proskauer attorneys spent time

on legal analysis and strategic discussions relating to: (i) evaluating Acts 165 and 167; (i) the

Oversight Board's response to the Governor's reprogramming request for Act 167; (iii) issues

related to eligibility requirements for statehood; (v) litigation involving Acts 165 and 167; and (vi)

the funding of Act 167.

(h)  General Administration (Project Category 212)
     (Fees: $7,420.50; Hours: 25.50)

143.   This Project This Project Category includes time spent on general administration of

the Debtor's Title III Case, including (a) case status and coordination activities; (b) tasks relating

to the filing of documents in court, including affidavits of service and service mailings; and (c)

internal filing and organization of case documents to ensure  easy, fast and free accessibility by the

Proskauer team, the Debtor, and other parties in interest.

*       *       *       *

144.   The foregoing professional services performed by Proskauer on behalf of the

Oversight Board as representative of the Debtor during the Compensation Period were reasonable,

necessary, appropriate, and beneficial when rendered, facilitated the effective administration of the

Debtor's Title III Case, and were in the best interests of the Oversight Board and the Debtor's

creditors, residents, and other stakeholders.  Compensation for the foregoing services as requested

is commensurate with the complexity, importance, and time-sensitive nature of the problems,

issues, and tasks involved.  The professional services were performed with expedition and in an efficient manner.

145.    In accordance with the factors enumerated in the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of the Debtor's Title III Case; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; (e) Proskauer's established expertise in the bankruptcy field; and (f) the costs of comparable services other than in a case under the Bankruptcy Code.

### Actual and Necessary Expenses of Proskauer

146.    Pursuant to the Guidelines, **Schedule 4** is Proskauer's summary of actual and necessary expenses incurred on behalf of the Oversight Board as representative of the Debtor during the Compensation Period.

147.    In accordance with paragraph C.13 of the Appendix B Guidelines and as more fully itemized in **Schedule 4**, Proskauer seeks reimbursement for its necessary and reasonable expenses, including: (a) reproduction, (b) online research, (c) delivery services and couriers, (d) conference services, (e) transcription and translation services, (f) litigation support, (g) court fees, and (h) professional services.  All expense entries detailed in **Exhibit B** comply with the requirements set forth in the Guidelines, including an itemization of the expenses by category, the date the expense was incurred, and the individual incurring the expense, where available.  The reasons for the expenses are self-explanatory.  In compliance with Appendix B Guidelines paragraph C.13, the requested expenses are of the kind customarily charged to Proskauer's chapter 11 and non-bankruptcy clients and by other comparable professionals.

148.    Proskauer generally charges from $0.10 (black and white) to $0.30 (color) per page for photocopying expenses.  The rates charged by the firm for Westlaw and Lexis computerized

research vary according to the type of research conducted and the specific files researched, but, in any event, Proskauer does not profit from the use of computer assisted legal research, as set forth in **Schedule 4**.  As per the Appendix B Guidelines, Proskauer has not requested reimbursement of expenses related to overhead charges, such as secretarial services and proofreading.   The expenditures Proskauer is seeking reimbursement for and which are reflected on **Schedule 4** are all of the type customarily billed to clients.

149.    During the Compensation Period, Proskauer has disbursed **$972,661.56** as necessary and reasonable expenses.  These charges cover Proskauer's direct operating costs, which costs are not incorporated into the firm's hourly billing rates (because to do so would impose that cost upon clients who do not benefit from extensive photocopying and other facilities and services).  Proskauer has made every effort to minimize its expenses in the Debtor's Title III Case.  The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to effectively serve the needs of the Debtor in its Title III case.

## **Compensation Paid and Its Source**

150.    All services for which Proskauer seeks compensation, and expenses for which it seeks reimbursement, were performed on behalf of the Oversight Board as representative of the Debtor.  In connection with the matters covered by this Application, Proskauer received no payment and no promises of payment for services rendered, or to be rendered, from any source other than the Debtor.  There is no agreement or understanding between Proskauer and any other person, other than members of the firm, for the sharing of compensation received for services rendered in this Title III case.

151.    PROMESA sections 316 and 317 provide for interim compensation of professionals and govern the Court's award of such compensation.  PROMESA section 316 provides that a court

may award a professional person employed by the Debtor or the Oversight Board under PROMESA

"(1) reasonable compensation for actual, necessary services rendered by the professional person, or

attorney and by any paraprofessional person employed by any such person; and (2) reimbursement

for actual, necessary expenses."  PROMESA § 316(a).  Section 316 also sets forth the criteria for

the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded . . . the court
> shall consider the nature, the extent, and the value of such services, taking into
> account all relevant factors, including—
>
> (1) the time spent on such services;
>
> (2) the rates charged for such services;
>
> (3) whether the services were necessary to the administration of, or
> beneficial at the time at which the service was rendered toward the
> completion of, a case under this chapter;
>
> (4) whether the services were performed within a reasonable amount of time
> commensurate with the complexity, importance, and nature of the
> problem, issue, or task addressed;
>
> (5) with respect to a professional person, whether the person is board
> certified or otherwise has demonstrated skill and experience in the
> bankruptcy field; and
>
> (6) whether the compensation is reasonable based on the customary
> compensation charged by comparably skilled practitioners in cases other
> than cases under this subchapter or title 11.

PROMESA § 316(c).

152.   As noted above, the professional services and expenditures for which Proskauer

seeks compensation and reimbursement in this Application were necessary and beneficial to the

Oversight Board, as representative of the Debtor, and included, among other things, anticipating or

responding to the Oversight Board's needs and assisting in the Oversight Board's navigation of the

Debtor's very complex Title III case.  The compensation requested herein is reasonable in light of

the nature, extent, and value of such services to the Oversight Board.  The Oversight Board has reviewed and approved this Application.

## Reservations

153.    To the extent time or disbursement charges for services rendered or expenses incurred relate to the Compensation Period but were not processed prior to the preparation of this Application, or Proskauer has for any other reason not yet sought compensation or reimbursement of expenses herein with respect to any services rendered or expenses incurred during the Compensation Period, Proskauer reserves the right to request compensation for such services and reimbursement of such expenses in a future application.

## Notice

154.    Pursuant to the Interim Compensation Order and the *Fifteenth Amended Notice, Case Management and Administrative Procedures* [ECF No. 17127-1], notice of this Application has been filed in the Debtor's Title III Case and served upon:

(a) the Financial Oversight and Management Board, 40 Washington Square South, Office 314A, New York, NY 10012, Attn: Professor Arthur J. Gonzalez, Oversight Board Member;

(b) attorneys for the Financial Oversight and Management Board as representative of The Commonwealth of Puerto Rico, O'Neill & Borges LLC, 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918-1813, Attn: Hermann D. Bauer, Esq. (hermann.bauer@oneillborges.com);

(c) attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP, 7 Times Square, New York, NY 10036, Attn: John J. Rapisardi, Esq. (jrapisardi@omm.com), Peter Friedman, Esq. (pfriedman@omm.com), and Maria J. DiConza, Esq. (mdiconza@omm.com);

(d) attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, Marini Pietrantoni Muñiz LLC, 250 Ponce de León Ave., Suite 900, San Juan, PR 00918, Attn.: Luis C. Marini-Biaggi, Esq. (lmarini@mpmlawpr.com), Carolina Velaz-Rivero, Esq. (cvelaz@mpmlawpr.com), and Iván Garau-González, Esq. (igarau@mpmlawpr.com);

(e) the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (*In re: Commonwealth of Puerto Rico*);

(f) attorneys for the Official Committee of Unsecured Creditors, Paul Hastings LLP, 200 Park Ave., New York, NY 10166, Attn: Luc A. Despins, Esq. (lucdespins@paulhastings.com), James Bliss, Esq. (jamesbliss@paulhastings.com), James Worthington, Esq. (jamesworthington@paulhastings.com), and G. Alexander Bongartz, Esq. (alexbongartz@paulhastings.com);

(g) attorneys for the Official Committee of Unsecured Creditors, Casillas, Santiago & Torres LLC, El Caribe Office Building, 53 Palmeras Street, Suite 1601, San Juan, PR 00901, Attn: Juan J. Casillas Ayala, Esq. (jcasillas@cstlawpr.com), Diana M. Batlle-Barasorda, Esq. (dbatlle@cstlawpr.com), Alberto J.E. Añeses Negrón, Esq. (aaneses@cstlawpr.com), and Ericka C. Montull-Novoa, Esq. (emontull@cstlawpr.com);

(h) attorneys for the Official Committee of Retired Employees, Jenner & Block LLP, 919 Third Ave., New York, NY 10022, Attn: Robert Gordon, Esq. (rgordon@jenner.com) and Richard Levin, Esq. (rlevin@jenner.com); and Jenner & Block LLP, 353 N. Clark Street, Chicago, IL 60654, Attn: Catherine L. Steege, Esq. (csteege@jenner.com);

(i) attorneys for the Official Committee of Retired Employees, Bennazar, García & Milián, C.S.P., Edificio Union Plaza, PH-A piso 18, Ave. Ponce de León #416, Hato Rey, San Juan, PR 00918, Attn: A.J. Bennazar- Zequeira, Esq. (ajb@bennazar.org);

(j) the Puerto Rico Department of Treasury, PO Box 9024140, San Juan, PR 00902-4140, Attn: Reylam Guerra Goderich, Deputy Assistant of Central Accounting (Reylam.Guerra@hacienda.pr.gov); Omar E. Rodríguez Pérez, CPA, Assistant Secretary of Central Accounting (Rodriguez.Omar@hacienda.pr.gov); Angel L. Pantoja Rodríguez, Deputy Assistant Secretary of Internal Revenue and Tax Policy (angel.pantoja@hacienda.pr.gov); Francisco Parés Alicea, Assistant Secretary of Internal Revenue and Tax Policy (francisco.pares@hacienda.pr.gov); and Francisco Peña Montañez, CPA, Assistant Secretary of the Treasury (Francisco.Pena@hacienda.pr.gov);

(k) attorneys for the Fee Examiner, EDGE Legal Strategies, PSC, 252 Ponce de León Avenue, Citibank Tower, 12th Floor, San Juan, PR 00918, Attn: Eyck O. Lugo, Esq. (elugo@edgelegalpr.com); and

(l) attorneys for the Fee Examiner, Godfrey & Kahn, S.C., One East Main Street, Suite 500, Madison, WI 53703, Attn: Katherine Stadler, Esq. (KStadler@gklaw.com).

Proskauer submits that, in light of the foregoing, no other or further notice need be provided.

WHEREFORE Proskauer respectfully requests that the Court issue an order (a) allowing interim compensation for professional services rendered during the Compensation Period in the amount of **$17,771,894.20**, and allowing reimbursement for actual and necessary expenses Proskauer incurred in connection with such services during the Compensation Period in the amount of **$972,661.56**; (b) authorizing and directing the Debtor to pay promptly to Proskauer the difference between (i) the amount of interim compensation for professional services rendered and reimbursement of expenses incurred during the Compensation Period allowed hereunder, and (ii) the amounts for such compensation and expenses previously paid to Proskauer, consistent with the provisions of the Interim Compensation Order; (c) allowing such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred without prejudice to Proskauer's right to seek additional compensation for services performed and expenses incurred during the Compensation Period, which were not processed at the time of this Application or which arise from the accrued incremental fees from increased rates in the Engagement Letter; and (d) granting Proskauer such other and further relief as is just and proper.

[*Remainder of Page Intentionally Left Blank*]

Dated: January 5, 2022
     San Juan, Puerto Rico

Respectfully submitted,

*/s/ Martin J. Bienenstock*

Martin J. Bienenstock (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
Ehud Barak (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
     ppossinger@proskauer.com
     ebarak@proskauer.com

-and-

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205

*/s/ Ubaldo M.  Fernández*
Ubaldo M. Fernández
USDC No. 224807
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Attorneys for the Financial Oversight and
Management Board as Representative of the
Debtor*

78