**Estimated Hearing Date**: February 2, 2022 at 9:30 a.m. (Atlantic Standard Time)
**Objection Deadline**: January 25, 2022 at 4:00 p.m. (Atlantic Standard Time)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17–BK–3283–LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br>Case No. 17–BK–4780–LTS<br><br>**This Application relates only to PREPA, and shall be filed in the lead Case No. 17–BK–3283–LTS and PREPA's Title III Case (Case No. 17–BK–4780–LTS)** |

# SUMMARY SHEET TO
# TWELFTH INTERIM FEE APPLICATION OF PROSKAUER
# ROSE LLP FOR COMPENSATION FOR SERVICES RENDERED AND
# REIMBURSEMENT OF EXPENSES INCURRED AS ATTORNEYS FOR THE
# FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,
# AS REPRESENTATIVE OF THE DEBTOR, PUERTO RICO ELECTRIC POWER
# AUTHORITY, FOR THE PERIOD FEBRUARY 1, 2021 THROUGH MAY 31, 2021

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

## **Schedule 1**

**Summary of Fees and Expenses Paid to Date and the Balance of Fees and
Expenses for which Allowance and Payment is Requested for the Compensation Period**

| | |
|---|---|
| Name of Applicant: | Proskauer Rose LLP ("Proskauer") |
| Retained to Provide Professional Services to: | The Financial Oversight and Management Board for Puerto Rico as Representative of the Debtor Pursuant to PROMESA section 315(b) |
| Period for Which Compensation is Sought: | February 1, 2021 through May 31, 2021 (the "Compensation Period") |
| Amount of Fees Sought: | $5,901,381.30 |
| Gross-Up Amount:[2] | -- |
| Amount of Expense Reimbursement Sought: | $184,992.83 |
| Total Fees and Expenses Sought for Compensation Period: | $6,086,374.13 |

This is a(n)  ____ Monthly  __X__ Interim __ Final Fee Application

This is the twelfth interim fee application filed by Proskauer in the Debtor's Title III Case.  The total time expended in connection with the preparation of this interim application is not included herein, as additional time was expended after the Compensation Period.

---

[2]  Previously, Proskauer has requested approval, as part of its fees and expenses, of the amount required to gross up the additional tax withholding (the "Gross-Up Amount") introduced by the Commonwealth legislation (Act 257–2018) starting December 10, 2018 (the "Withholding").  Proskauer would only request payment of the Gross-Up Amount from the Debtor if and when Proskauer partners receive a determination or objection from the Internal Revenue Service that the Withholding does not result in tax credits offsetting the Gross-Up Amount.  Based on the registration of Proskauer's Engagement Letter together with discussions with the Puerto Rico government, Proskauer believes it will not need a Gross-Up Amount for its fiscal year that commenced November 1, 2020, and is not currently requesting its approval.

**Twelfth Interim Compensation Period**
**February 1, 2021 – May 31, 2021**

| Statement and Date Served | Period Covered | Total Fees Incurred | Fees Requested (90%) | Expenses Requested | Fees Paid (90%) | Expenses Paid |
|---|---|---|---|---|---|---|
| **Forty– Fifth** 3/31/2021 | 2/1/21 to 2/28/21 | $1,132,949.10 | $1,019,654.19 | $52,683.48 | $1,019,654.19 | $52,683.48 |
| **Forty- Sixth** 5/17/2021 | 3/1/21 to 3/31/21 | $1,470,671.40 | $1,323,604.26 | $73,231.67 | $1,323,604.26 | $73,231.67 |
| **Forty– Seventh** 5/28/2021 | 4/1/21 to 4/30/21 | $1,731,216.50 | $1,558,094.85 | $38,765.85 | $1,558,094.85 | $38,765.85 |
| **Forty– Eighth** 7/6/2021 | 5/1/21 to 5/31/21 | $1,564,753.00 | $1,408,277.70 | $20,311.83 | $1,408,277.70 | $20,311.83 |
| **Nineteenth (Puerto Rico)[3]** 7/6/2021 | 5/1/21 to 5/31/21 | $1,791.30 | $1,612.17 | $0.00 | $1,612.17 | $0.00 |
| **Totals:** | | **$5,901,381.30** | **$5,311,243.17** | **$184,992.83** | **$5,311,243.17** | **$184,992.83** |

---

[3] For purposes of assisting AAFAF and the Puerto Rico Department of Treasury in calculating any applicable withholding taxes for services rendered by Proskauer timekeepers while physically present in Puerto Rico, Proskauer maintains separate monthly fee statements for any such services.

Additional information required pursuant to the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* issued by the Executive Office for the United States Trustee:

| | |
|---|---|
| Blended Rate in This Application for All Attorneys: | $852.94[4] |
| Blended Rate in This Application for All Timekeepers: | $799.76 |
| Compensation Sought in this Application Already Paid Pursuant to Monthly Compensation Statements but Not Yet Allowed: | $5,311,243.17 |
| Expenses Sought in this Application Already Paid Pursuant to Monthly Compensation Statements but Not Yet Allowed: | $184,992.83 |
| Number of Professionals Included in this Application:[5] | 92 |
| Number of Professionals in This Application NOT Included in Staffing Plan Approved by Client:[6] | 13 |
| If Applicable, the Difference Between Fees Budgeted and Compensation Sought for This Application Period: | N/A |
| Number of Professionals Billing Fewer than 15 Hours to the Case During This Application Period: | 36 |
| Any Rates Higher than Those Approved or Disclosed when Retained?  If yes, calculate and disclose the total compensation sought in this Application using the rates originally disclosed at retention. | No.  Proskauer's November 25, 2016 engagement letter with the Oversight Board (the "Engagement Letter") provides that Proskauer's rates increase each year "on January 1 by the lower of the percentage rate |

---

[4]  This rate excludes non-attorneys (*e.g.*, paralegals) and includes e-discovery attorneys.

[5]  As used herein, the term "professionals" includes all timekeepers.  The term "paraprofessionals," as used in this Application, only includes non-attorneys.

[6]  As noted in the Staffing Plan for the Compensation Period at Exhibit D-2 of the Application, the number of timekeepers expected to work on this matter during the Compensation Period was 79, and thus the actual number of timekeepers was 13 more than anticipated.  Additional team members were needed to assist with matters related to transitioning the maintenance and operation of the Puerto Rico Transmission and Distribution System (the "T&D System") to LUMA Energy, LLC and LUMA Energy ServCo, LLC (collectively, "LUMA Energy").  Different timekeepers with different areas of expertise were consulted to provide specialized assistance in connection with related litigation, benefits and collective bargaining agreements related issues, among multiple others.  To respond to these demands, Proskauer increased its staffing to ensure diligent and timely representation was provided to the Oversight Board.

|  | increase we announce, and four percent." (Engagement Letter at 1–2). Pursuant to the Engagement Letter, Proskauer's rates increased 4% effective January 1, 2021, yielding a new flat rate for attorneys (partners, senior counsel, and associates) of $853 per hour, for e-discovery attorneys of $421 per hour, and for paraprofessionals of $291 per hour. Proskauer gave notice of this rate increase by filing its Engagement Letter on the ECF system and providing a sworn certification, attached to Proskauer's Tenth Interim Application as Exhibit A [Case No. 17-3283, ECF No. 16148]. Rates have not increased during this Compensation Period. |
| --- | --- |

**Schedule 2**

**Summary of Professional Services Rendered by
Timekeeper for the Period February 1, 2021 through May 31, 2021**

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[7] | HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| **PARTNERS** | | | | |
| Barak, Ehud | BSGR&B[8] – 2010 | $853 | 454.90 | $388,029.70 |
| Bienenstock, Martin J. | BSGR&B – 1978 | $853 | 216.10 | $184,333.30 |
| Brenner, Guy | Labor & Employment – 2002 | $853 | 44.00 | $37,532.00 |
| Cooper, Scott P. | Litigation – 1981 | $853 | 61.30 | $52,288.90 |
| Corn, Richard M. | Tax – 2005 | $853 | 11.70 | $9,980.10 |
| Dale, Margaret A. | Litigation – 1990 | $853 | 234.60 | $200,113.80 |
| Faust, Scott A. | Labor & Employment – 1985 | $853 | 37.00 | $31,561.00 |
| Febus, Chantel L. | Litigation – 2003 | $853 | 46.90 | $40,005.70 |
| Firestein, Michael A. | Litigation – 1983 | $853 | 63.90 | $54,506.70 |
| Garnett, Karen J. | Corporate – 1990 | $853 | 3.00 | $2,559.00 |
| Gerkis, James P. | Corporate – 1984 | $853 | 33.40 | $28,490.20 |
| Hamburger, Paul M. | Labor & Employment – 1985 | $853 | 116.40 | $99,289.20 |
| Harris, Mark D. | Litigation – 1992 | $853 | 44.50 | $37,958.50 |

---

[7] In the ordinary course of business, the standard hourly billing rates for Proskauer professionals and paraprofessionals are adjusted annually as of the commencement of the firm's fiscal year on November 1 to reflect economic and other conditions and apply to matters in and out of bankruptcy cases. Pursuant to the Appendix B Guidelines, "rate increases" "exclude annual 'step increases' historically awarded by the firm in the ordinary course to attorneys throughout the firm due to advancing seniority and promotion." Appendix B Guidelines ¶ B.2.d, n.2. Annual step increases are awarded by Proskauer in the ordinary course throughout the firm on May 1. Proskauer's November 25, 2016 engagement letter with the Oversight Board (the "Engagement Letter") provides that Proskauer's rates are increased on January 1 (rather than on November 1) by the lower of the percentage rate increase announced as of November 1 and four percent. As of January 1, 2021, the rate increase is 4%, yielding a new flat rate for attorneys (partners, senior counsel, associates, and lawyers) of $853 per hour, for e-discovery attorneys of $421 per hour, and for paraprofessionals of $291 per hour. Rates have not increased during this Compensation Period.

[8] Business Solutions, Governance, Restructuring & Bankruptcy ("BSGR&B").

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[7] | HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| Levitan, Jeffrey W. | BSGR&B – 1983 | $853 | 36.20 | $30,878.60 |
| Mervis, Michael T. | Litigation – 1990 | $853 | 2.90 | $2,473.70 |
| Mungovan, Timothy W. | Litigation – 1994 | $853 | 150.90 | $128,717.70 |
| Possinger, Paul V. | BSGR&B – 1993 | $853 | 389.40 | $332,158.20 |
| Ramachandran, Seetha | Litigation – 2001 | $853 | 118.10 | $100,739.30 |
| Rappaport, Lary Alan | Litigation – 1979 | $853 | 216.40 | $184,589.20 |
| Richman, Jonathan E. | Litigation – 1984 | $853 | 385.70 | $329,002.10 |
| Roberts, John E. | Litigation – 2009 | $853 | 59.90 | $51,094.70 |
| Rosenthal, Marc E. | Litigation – 1990 | $853 | 0.60 | $511.80 |
| Rumeld, Myron D. | Labor & Employment – 1984 | $853 | 19.50 | $16,633.50 |
| Snell, Dietrich L. | Litigation – 1983 | $853 | 131.10 | $111,828.30 |
| Waxman, Hadassa R. | Litigation – 2001 | $853 | 86.40 | $73,699.20 |
| Weise, Steven O. | Corporate – 1974 | $853 | 31.50 | $26,869.50 |
| **Total for Partners:** | | | **2,996.30** | **$2,555,843.90** |
| ***SENIOR COUNSEL*** | | | | |
| Alex, Justin S. | Labor & Employment – 2011 | $853 | 0.70 | $597.10 |
| Alonzo, Julia D. | Litigation – 2009 | $853 | 114.80 | $97,924.40 |
| **Total for Senior Counsel:** | | | **115.50** | **$98,521.50** |
| ***ASSOCIATES*** | | | | |
| Bargoot, Alexandra V. | Litigation – 2016 | $853 | 1.30 | $1,108.90 |
| Blackwell, Brooke H. | BSGR&B – 2018 | $853 | 26.70 | $22,775.10 |
| Bloch, Aliza H. | Litigation – 2019 | $853 | 32.80 | $27,978.40 |
| Curtis, Kelly M. | Litigation – 2016 | $853 | 110.40 | $94,171.20 |
| Dalsen, William D. | Litigation – 2011 | $853 | 25.60 | $21,836.80 |
| Deming, Adam L. | Litigation – 2018 | $853 | 104.30 | $88,967.90 |
| Desatnik, Daniel S. | BSGR&B – 2016 | $853 | 571.30 | $487,318.90 |

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[7] | HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| Esses, Joshua A. | BSGR&B – 2017 | $853 | 4.30 | $3,667.90 |
| Fassuliotis, William G. | Litigation – 2020 | $853 | 4.10 | $3,497.30 |
| Gellman, Anastasia S. | Labor & Employment – 2010 | $853 | 2.10 | $1,791.30 |
| Gottlieb, Brooke G. | Litigation – 2020 | $853 | 1.40 | $1,194.20 |
| Hansen, Kyle C. | Labor & Employment – 2018 | $853 | 9.40 | $8,018.20 |
| Hartunian, Joseph S. | Litigation – 2019 | $853 | 140.30 | $119,675.90 |
| Hong, Yena | Litigation – 2020 | $853 | 0.50 | $426.50 |
| Hughes, Sarah E. | Corporate  – 2019 | $853 | 76.50 | $65,254.50 |
| Jones, Erica T. | Litigation – 2018 | $853 | 25.20 | $21,495.60 |
| Jones, Jennifer L. | Litigation – 2005 | $853 | 158.30 | $135,029.90 |
| Kelley, Frances | Corporate  – 2021 | $853 | 3.50 | $2,985.50 |
| Kim, Mee R. | Litigation – 2016 | $853 | 30.50 | $26,016.50 |
| Ma, Steve | BSGR&B – 2014 | $853 | 3.90 | $3,326.70 |
| McGowan, Shannon D. | Litigation – 2020 | $853 | 9.80 | $8,359.40 |
| Morris, Matthew J. | Litigation – 2000 | $853 | 158.80 | $135,456.40 |
| Munkittrick, David A. | Litigation – 2011 | $853 | 0.20 | $170.60 |
| Nam, Seok Whee (Jason) | Corporate – 2020 | $853 | 0.50 | $426.50 |
| Osaben, Libbie B. | BSGR&B – 2021 | $853 | 116.90 | $99,715.70 |
| Ovanesian, Michelle M. | Litigation – 2018 | $853 | 132.40 | $112,937.20 |
| Palmer, Marc C. | Litigation – 2018 | $853 | 168.10 | $143,389.30 |
| Pedram, Shiva | Litigation – 2021 | $853 | 12.40 | $10,577.20 |
| Peterson, John A. | BSGR&B – 2017 | $853 | 144.70 | $123,429.10 |
| Quint, Aaron | Corporate – 2019 | $853 | 0.30 | $255.90 |
| Rainwater, Shiloh A. | Litigation – 2017 | $853 | 88.70 | $75,661.10 |
| Rogoff, Corey I. | Litigation – 2019 | $853 | 82.50 | $70,372.50 |
| Samuels, Reut N. | Litigation – 2021 | $853 | 11.80 | $10,065.40 |

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[7] | HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| Sanchez Tavarez, Genesis | Litigation – 2021 | $853 | 3.10 | $2,644.30 |
| Sazant, Jordan | BSGR&B – 2018 | $853 | 159.50 | $136,053.50 |
| Skrzynski, Matthew A. | BSGR&B – 2017 | $853 | 28.60 | $24,395.80 |
| Sockett, Nicole | Litigation – 2021 | $853 | 1.70 | $1,450.10 |
| Sosa, Javier F. | Litigation – 2019 | $853 | 177.20 | $151,151.60 |
| Stafford, Laura | Litigation – 2012 | $853 | 248.80 | $212,226.40 |
| Stevens, Elliot R. | BSGR&B – 2018 | $853 | 166.00 | $141,598.00 |
| Tocicki, Alyson C. | Litigation – 2021 | $853 | 102.00 | $87,006.00 |
| Victor, Seth H. | Litigation – 2019 | $853 | 3.60 | $3,070.80 |
| Volin, Megan R. | BSGR&B – 2020 | $853 | 132.50 | $113,022.50 |
| Wheat, Michael K. | BSGR&B – 2019 | $853 | 274.60 | $234,233.80 |
| Wolf, Lucy C. | Litigation – 2017 | $853 | 10.80 | $9,212.40 |
| **Total for Associates:** | | | **3,567.90** | **$3,043,418.70** |
| ***E-DISCOVERY ATTORNEYS*** | | | | |
| Ike, Yvonne O. | Professional Resources – 2009 | $421 | 1.00 | $421.00 |
| **Total for e-Discovery Attorneys:** | | | **1.00** | **$421.00** |
| ***PARAPROFESSIONALS*** | | | | |
| Asnis, Griffin M. | Litigation Paralegal – N/A | $291 | 1.70 | $494.70 |
| Brodskaya, Anna | Litigation Paralegal – N/A | $291 | 6.50 | $1,891.50 |
| Chernus, Eric R. | Professional Resources – N/A | $291 | 1.20 | $349.20 |
| Cohen, Elliot R. | Litigation Paralegal – N/A | $291 | 17.60 | $5,121.60 |
| Cook, Alexander N. | Corporate Paralegal – N/A | $291 | 16.60 | $4,830.60 |
| Fox, Rachel L. | Professional Resources – N/A | $291 | 0.10 | $29.10 |

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[7] | HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| Henderson, Laurie A. | Professional Resources – N/A | $291 | 2.80 | $814.80 |
| Hoffman, Joan K. | Litigation Paralegal – N/A | $291 | 316.50 | $92,101.50 |
| Lerner, Lela A. | Litigation Paralegal – N/A | $291 | 0.50 | $145.50 |
| McPeck, Dennis T. | Litigation Paralegal – N/A | $291 | 11.00 | $3,201.00 |
| Monforte, Angelo | Litigation Paralegal – N/A | $291 | 47.50 | $13,822.50 |
| Petrov, Natasha | BSGR&B Paralegal – N/A | $291 | 41.20 | $11,989.20 |
| Rubin, Abigail | Litigation Paralegal – N/A | $291 | 8.50 | $2,473.50 |
| Sakmar, Connor C. | Corporate Paralegal – N/A | $291 | 0.50 | $145.50 |
| Santiago, Javier | Corporate Paralegal – N/A | $291 | 0.50 | $145.50 |
| Schaefer, Shealeen E. | Labor & Employment Paralegal – N/A | $291 | 157.70 | $45,890.70 |
| Silvestro, Lawrence T. | Litigation Paralegal – N/A | $291 | 62.50 | $18,187.50 |
| Singer, Tal J. | BSGR&B Paralegal – N/A | $291 | 5.30 | $1,542.30 |
| **Total for Paraprofessionals:** | | | **698.20** | **$203,176.20** |

| PROFESSIONALS | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|
| **Attorneys and Paraprofessionals Total:** | **7,378.90** | **$5,901,381.30** |

10

**Schedule 3**

**Summary of Professional Services Rendered by Project
Category for the Period February 1, 2021 through May 31, 2021**

| PROJECT CATEGORY | DESCRIPTION | HOURS | FEES SOUGHT |
|---|---|---|---|
| 201 | Tasks Relating to the Board, its Members, its Staff, its Advisors or its Consultants | 41.00 | $34,973.00 |
| 202 | Legal Research | 207.90 | $177,338.70 |
| 203 | Hearings and Other Non-Filed Communications with the Court | 48.60 | $41,455.80 |
| 204 | Communications with Claimholders | 46.40 | $39,579.20 |
| 205 | Communications with the Commonwealth, its Instrumentalities or Representatives of the Commonwealth or its Instrumentalities | 40.90 | $34,887.70 |
| 206 | Documents Filed on Behalf of the Board | 2,268.30 | $1,934,859.90 |
| 207 | Non-Board Court Filings | 136.80 | $116,690.40 |
| 208 | Stay Matters | 32.10 | $27,381.30 |
| 210 | Analysis and Strategy | 1,901.50 | $1,621,979.50 |
| 212 | General Administration | 663.10 | $193,092.10 |
| 213 | Labor, Pension Matters | 143.70 | $122,576.10 |
| 215 | Plan of Adjustment and Disclosure Statement | 704.70 | $601,109.10 |
| 216 | Confirmation | 2.20 | $1,876.60 |
| 217 | Tax | 11.70 | $9,980.10 |
| 218 | Employment and Fee Applications | 39.90 | $13,746.50 |
| 219 | Appeal | 1,085.50 | $925,931.50 |
| 220 | Fee Applications for Other Parties | 4.60 | $3,923.80 |
| | **Total for All Project Categories:** | **7,378.90** | **$5,901,381.30** |

**Schedule 4**

**Summary of Actual and Necessary Expenses Incurred
for the Period February 1, 2021 through May 31, 2021**

| EXPENSE CATEGORY | AMOUNT BILLED |
|---|---|
| Filing and Court Costs | $2,157.00 |
| HighQ Licensing | $4,440.00 |
| Lexis/Westlaw | $119,539.00 |
| Messenger/Delivery | $447.76 |
| Practice Support Vendors | $35,872.50 |
| Reproduction | $8,671.20 |
| Taxicab/Car Service | $429.19 |
| Telephone | $280.00 |
| Transcripts & Depositions | $13,005.30 |
| Translation Service | $150.88 |
| **Total:** | **$184,992.83** |

12

**Schedule 5**

**Blended Rate Chart**

| CATEGORY OF TIMEKEEPER | BLENDED HOURLY RATE | |
|---|---|---|
| | **BILLED**<br><br>**Domestic offices in which timekeepers collectively billed at least 10% of the hours to the bankruptcy case during the application period, for preceding year, _excluding bankruptcy_** | **BILLED**<br><br>**In this fee application[9]** |
| Partners | $1,296 | $853 |
| Senior Counsel | $1,093 | $853 |
| Associates (7 or more years since first admission) | $1,025 | $853 |
| Associates (4–6 years since first admission) | $935 | $853 |
| Associates (1–3 years since first admission) | $755 | $853 |
| e-Discovery Attorneys | $805 | $421 |
| Paraprofessionals | $353 | $291 |
| **All Timekeepers Aggregated:** | **$972** | **$799.76** |

---

[9] _See supra_ note 7.

13

**Estimated Hearing Date**: February 2, 2022 at 9:30 a.m. (Atlantic Standard Time)
**Objection Deadline**: January 25, 2022 at 4:00 p.m. (Atlantic Standard Time)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17–BK–3283–LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br>Case No. 17–BK–4780–LTS<br><br>**This Application relates only to PREPA, and shall be filed in the lead Case No. 17–BK–3283–LTS, and PREPA's Title III Case (Case No. 17–BK–4780–LTS)** |

# TWELFTH INTERIM FEE APPLICATION OF PROSKAUER ROSE LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS ATTORNEYS FOR THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE OF THE DEBTOR, PUERTO RICO ELECTRIC POWER AUTHORITY, FOR THE PERIOD FEBRUARY 1, 2021 THROUGH MAY 31, 2021

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Proskauer Rose LLP ("Proskauer"), attorneys for the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board" or "FOMB") as representative of the Puerto Rico Electric Power Authority (the "Debtor" or "PREPA") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] hereby submits this twelfth interim application (the "Application"),[3] pursuant to PROMESA sections 316 and 317, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),[4] Rule 2016–1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules"), and the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* issued by the Executive Office for the United States Trustee, 28 CFR Part 58, Appendix B (the "Guidelines"), and in accordance with this Court's *Second Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Case No. 17-BK-3283–LTS, ECF No. 3269][5] (the "Interim Compensation Order"), for (a) allowance of interim compensation for professional services performed by Proskauer for the period commencing February 1, 2021 through and including May 31, 2021 (the "Compensation Period") in the amount of **$5,901,381.30**, and (b) reimbursement of its actual and necessary expenses in the amount of **$184,992.83** incurred during the Compensation Period.  In support of the Application, Proskauer respectfully avers as follows:

---

[2]  PROMESA has been codified in 48 U.S.C. §§ 2101–2241.

[3]  The Application solely pertains to fees and expenses incurred with respect to the Debtor's Title III Case and does not address fees or expenses incurred with respect to other services performed for the Oversight Board (a) on behalf of other Title III debtors, or (b) outside the Title III process.

[4]  The Bankruptcy Rules are made applicable to the Debtor's Title III Case by PROMESA section 310.

[5]  Unless otherwise expressly indicated, ECF Numbers refer to the docket of the Commonwealth's Title III Case, Case No. 17-BK-3283-LTS.

## Jurisdiction

1.       The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this Application pursuant to PROMESA section 306(a).

2.       Venue is proper in this district pursuant to PROMESA section 307(a).

3.       The statutory predicates for the relief requested herein are PROMESA sections 316 and 317.

## Background

4.       On June 30, 2016, the Oversight Board was established under PROMESA section 101(b).  On August 31, 2016, President Obama appointed the Oversight Board's first seven voting members.

5.       Pursuant to PROMESA section 315, "[t]he Oversight Board in a case under this subchapter is the representative of the debtor" and "may take any action necessary on behalf of the debtor to prosecute the case of the debtor, including filing a petition under section [304] of [PROMESA] . . . or otherwise generally submitting filings in relation to the case with the court." PROMESA § 315(a), (b).

6.       On September 30, 2016, the Oversight Board designated the Debtor as a "covered entity" under PROMESA section 101(d).

7.       On November 25, 2016, the Oversight Board retained Proskauer at substantial discounts to its normal hourly rates, as shown by the Engagement Letter and by **Schedule 5** above.

8.       On July 2, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for PREPA pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Debtor's

Title III Case"). Pursuant to PROMESA section 315(b), the Oversight Board is the Debtor's representative in the Debtor's Title III Case.

9.      On December 15, 2017, Proskauer filed the *First Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, Puerto Rico Electric Power Authority, for the Period July 2, 2017 through September 30, 2017* [ECF No. 2053] (the "First Interim Application").

10.      On April 9, 2018, Proskauer filed the *Second First Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, Puerto Rico Electric Power Authority, for the Period October 1, 2017 through January 31, 2018* [ECF No. 2876] (the "Second Interim Application").

11.      On July 16, 2018, Proskauer filed the *Third Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, Puerto Rico Electric Power Authority, for the Period February 1, 2018 through May 31, 2018* [ECF No. 3582] (the "Third Interim Application").

12.      On November 16, 2018, Proskauer filed the *Fourth Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, Puerto Rico Electric Power Authority, for the Period June 1, 2018 through September 30, 2018* [ECF No. 4287] (the "Fourth Interim Application").

13.     On May 21, 2019, Proskauer filed the *Fifth Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, Puerto Rico Electric Power Authority, for the Period October 1, 2018 through January 31, 2019* [ECF No. 7052] (the "Fifth Interim Application").

14.     On September 20, 2019, Proskauer filed the *Sixth Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, Puerto Rico Electric Power Authority, for the Period February 1, 2019 through May 31, 2019* [ECF No. 8743] (the "Sixth Interim Application").

15.     On December 20, 2019, Proskauer filed the *Seventh Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, Puerto Rico Electric Power Authority, for the Period June 1, 2019 through September 30, 2019* [ECF No. 9626] (the "Seventh Interim Application").

16.     On April 15, 2020, Proskauer filed the *Eighth Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, Puerto Rico Electric Power Authority, for the Period October 1, 2019 through January 31, 2020 and Notice of Deferral of Request for Payment of Rate Increase* [ECF No. 12829] (the "Eighth Interim Application").

17.     On September 18, 2020, Proskauer filed the *Ninth Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses*

*Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, Puerto Rico Electric Power Authority, for the Period February 1, 2020 through May 31, 2020* [ECF No. 14354] (the "Ninth Interim Application").

18.     On March 19, 2021, Proskauer filed the *Tenth Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, Puerto Rico Electric Power Authority, for the Period June 1, 2020 through September 30, 2020 and Notice of Annual Rate Adjustment Provided in Original Engagement Letter* [ECF No. 16148] (the "Tenth Interim Application").

19.     On July 29, 2021, Proskauer filed the *Eleventh Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, Puerto Rico Electric Power Authority, for the Period October 1, 2020 through January 31, 2021* [ECF No. 17594] (the "Eleventh Interim Application").

20.     On March 31, 2021 Proskauer served on the Notice Parties (as defined in the Interim Compensation Order) its forty-fifth monthly fee statement for the period February 1, 2021 through February 28, 2021.  On May 17, 2021, Proskauer served on the Notice Parties its forty-sixth monthly fee statement for the period March 1, 2021 through March 31, 2021.  On May 28, 2021, Proskauer served on the Notice Parties its forty-seventh monthly fee statement for the period April 1, 2021 through April 30, 2021.  On July 6, 2021, Proskauer served on the Notice Parties its forty-eighth monthly fee statement for the period May 1, 2021 through May 31, 2021 and its nineteenth monthly statement for the period May 1, 2021 through May 31, 2021 for services rendered and expenses incurred while in Puerto Rico.

6

21.     In accordance with the Interim Compensation Order and as reflected in the foregoing summary, Proskauer has requested an aggregate payment of **$5,496.236.00** (payment of ninety percent (90%) of the compensation sought and reimbursement of one-hundred percent (100%) of expenses incurred) and has received **$5,496.236.00** with respect to fee statements filed during the Compensation Period.

**Summary of Services Rendered by Proskauer During the Compensation Period**

22.     The instant Application is Proskauer's twelfth application for interim compensation in the Debtor's Title III Case.  To make the review of Proskauer's fee applications in all the pending Title III cases more efficient for the Court and other readers, paragraphs 23 through 26 of the instant Application, the corresponding paragraphs in each of Proskauer's twelfth interim fee applications in the pending Commonwealth, ERS, and HTA Title III cases, and paragraphs 17 through 20 in the fifth interim fee application in the pending PBA Title III case, are identical and cover the principal activities in all the Title III cases.

23.     The services rendered during the Compensation Period were integral and critical to the proposal of a largely consensual Title III plan of adjustment for the Commonwealth, ERS, and PBA and for two totally consensual Title VI qualified debt modifications for PRIFA and CCDA, whose respective confirmation and approval hearings concluded November 23, 2021.  The overwhelming consensual nature of the proposed restructurings was the product of extraordinary efforts and results achieved by Proskauer and all the Oversight Board's advisors given the severe debt discounts embedded in the proposed plans.  If the plan is confirmed and approved, the Commonwealth will have approximately $7.4 billion of remaining bond debt compared to $30.5 billion when the Commonwealth Title III case commenced.  Annual debt service will be reduced from approximately $2.1 billion per year to $666 million per year for the Commonwealth.  The

services rendered were also essential to significant progress in PREPA and HTA's Title III cases. The continuing global coronavirus pandemic affecting Puerto Rico and significant rise in COVID-19 cases during this Compensation Period imposed acute economic and administrative challenges to the Commonwealth and its covered instrumentalities.  Proskauer was integrally involved in most all the Oversight Board's undertakings.  The Oversight Board remained focused on protecting the health and welfare of the people of Puerto Rico while ensuring that critical businesses remained open to provide for the needs of the citizens of the Island.  The Oversight Board continued developing strategies for reducing the negative impact of the pandemic on the Island's economy and worked collaboratively with the Puerto Rico Government and its agencies to effectively utilize the federal funding intended to provide relief and cover the expenses related to the pandemic.  The Oversight Board concentrated on achieving its mandates under PROMESA, advancing structural reforms that would promote economic growth and improve the quality of life for the people of Puerto Rico so that fiscal responsibility, access to capital markets, and economic prosperity could return to the Island.  Proskauer continued to provide legal and strategic advice to the Oversight Board, to help carry out its priority of protecting the health, safety, and economic welfare of the people of Puerto Rico.  Among others, Proskauer's notable undertakings during this Compensation Period included:

- Further Development of the Amended Joint Plan and Disclosure Statement.  On November 20, 2020, the Oversight Board approved the resumption of negotiations concerning the plan of adjustment with creditors and other parties pursuant to the mediation agreement, with mediation sessions resuming during the first week of December 2020. During the Compensation Period, Proskauer, on behalf of the Oversight Board and under the guidance of the Mediation Team led by the Honorable Judge Barbara J. Houser, participated in multiple mediation sessions and informal meetings with the Commonwealth, AAFAF, the bondholders party to a February 2020 Plan Support Agreement, certain insurers and holders of bonds issued by various Puerto Rico entities, Assured Guaranty Corporation, Assured Guaranty Municipal Corporation (both together, "Assured"), Ambac Assurance Corporation ("Ambac"), and Financial Guaranty Insurance Company ("FGIC",

and together with Assured and Ambac, the "Monolines"), the Unsecured Creditors' Committee (the "UCC"), the Retiree Committee, and various unions with the goal of developing and establishing a framework and timeline for a consensual debt restructuring.

On February 10, 2021, the Oversight Board announced in a press release that after a successful mediation process it had reached an agreement in principle with several creditor groups to lower Puerto Rico's debt to sustainable levels and achieve a realistic proposal that would open a path to recovery. On February 23, 2021, the Oversight Board announced that following months of court-supervised mediation, the Board achieved a new plan support agreement ("PSA") with general obligation ("GO") and PBA bondholders. Following the announcement of the terms of the new PSA, on March 8, 2021, Proskauer, on behalf of the Oversight Board, filed the *Second Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 15976] and the *Disclosure Statement for the Second Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 15988].

On April 2, 2021, the Oversight Board entered into a stipulation with holders of ERS bonds which provides a global resolution of disputes regarding the validity of the ERS bonds and related rights of bondholders.

On April 6, 2021, Proskauer, on behalf of the Oversight Board, filed a scheduling motion requesting, among other things, that the Court schedule a hearing to consider the adequacy of the information contained in the proposed Disclosure Statement.[6]

As a result of multiple mediation sessions and informal communications, on May 5, 2021, the Oversight Board announced the terms of a new plan support agreement with holders and insurers of HTA and Puerto Rico Convention Center District Authority ("CCDA") bonds (the "HTA/CCDA PSA") that settled their asserted "clawback" claims against the Commonwealth and provided a framework to restructure the bond debt of HTA and CCDA. On May 11, 2021, Proskauer, on behalf of the Oversight Board, filed its proposed *Third Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 16740], and related proposed Disclosure Statement [ECF No. 16741], which incorporated the terms of the HTA/CCDA PSA and the settlement with the ERS bondholders achieved earlier. On May 25, 2021, the parties entered into an amendment to the HTA/CCDA PSA.

On May 4, 2021, the Court entered an *Order (I) Scheduling a Hearing to Consider the Adequacy of Information Contained in the Disclosure Statement, (II) Establishing the Deadline for Filing Objections to the Disclosure Statement and*

---

[6] *See Debtors' Joint Motion for an Order (I) Scheduling a Hearing to Consider the Adequacy of Information Contained in the Disclosure Statement, (II) Establishing the Deadline for Filing Objections to the Disclosure Statement and Replies Thereto, (III) Approving Form of Notice Thereof, (IV) Establishing Document Depository Procedures in Connection Therewith, and (V) Granting Related Relief* [ECF No. 16332].

*Replies Thereto, (III) Approving Form of Notice Thereof, (IV) Establishing Document Depository Procedures in Connection Therewith, and (V) Granting Related Relief* [ECF No. 16681], scheduling, among other things, the hearing to consider the adequacy of the information contained in the Disclosure Statement on July 13, 2021 (the "Disclosure Statement Hearing").

In addition, during the Compensation Period, Proskauer attorneys and paraprofessionals analyzed a variety of legal and procedural issues related to the Plan related discovery and worked diligently with Prime Clerk LLC and Liquid Litigation Management to establish a confirmation data hosting repository, discussing and implementing the logistics of providing safe and secure access to documents related to confirmation of the Plan, and preparing plan confirmation related documents for uploading to the repository.

Subsequent to the Compensation Period, the Oversight Board continued to negotiate with the Debtors' key stakeholders, reached additional agreements with the GO and PBA bondholders, the UCC, holders of Puerto Rico Infrastructure Financing Authority ("PRIFA") bonds, and the DRA Parties, negotiated and filed further amended versions of the Plan, addressed numerous objections to the Disclosure Statement and Plan, obtained approval of the Disclosure Statement, and conducted a hearing to consider confirmation of the Plan.  The Court's decision on confirmation of the Plan remains pending.

- Certified Fiscal Plans and Compliance with PROMESA.   During the Compensation Period, Proskauer advised the Oversight Board in its efforts on developing and certifying budgets for fiscal year 2022.  In consultation with the Governor and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), the Oversight Board certified fiscal plans for the Commonwealth (which fiscal plan includes ERS and PBA), PREPA, HTA, the University of Puerto Rico ("UPR"), the Puerto Rico Industrial Company ("PRIDCO"), and the Puerto Rico Aqueduct and Sewer Authority ("PRASA"), the Puerto Rico Sales Tax Financing Corporation ("COFINA"), and the Public Corporation for Supervision and Insurance of Cooperatives of Puerto Rico ("COSSEC"), completing the 2021 fiscal plan process and representing further progress towards Puerto Rico's recovery, stability, and growth.  The Board, collaborating with the Governor and AAFAF, also developed and drafted the General Fund Budget for the Commonwealth of Puerto Rico's fiscal year 2022, approved it on May 11, 2021, and submitted it to the Legislature for its consideration. The fiscal year 2022 budget prioritizes education, public safety, health, economic development, and pension payments, allocating seventy-two percent (72%) of funding to these priority areas.

Proskauer attorneys also supported the Oversight Board in its commitment to ensuring the Government's compliance with PROMESA in proposing and enacting legislation. Specifically, during the Compensation Period, Proskauer continued to work diligently with the Oversight Board in relation to the Board's efforts to prevent the enactment of proposed House Bill 120 as significantly inconsistent with the

certified fiscal plans and PROMESA. Proskauer attorneys participated in discussions with counsel to AAFAF and representatives of the Governor concerning HB 120, analyzed various data and reports from the Oversight Board's economic advisors, and reviewed and evaluated the data provided by the Government. On behalf of the Oversight Board, they drafted numerous PROMESA section 204(a) letters to the Government advising that enactment of HB 120, which established a no-cuts policy to certain pensions, mandated a transfer of $4.5 billion to a newly created pension trust, and directed the Government to repudiate any plan of adjustment that required pension or budget cuts, would have a negative effect on the restructuring of the Commonwealth and would derail the Oversight Board's efforts to confirm the proposed Plan. Subsequent to the Compensation Period, after the Governor signed HB 120 into law as Act 7-2021 on June 9, 2021, Proskauer advised the Oversight Board in drafting demand letters to the Governor insisting on nullifying the Act in its entirety, and subsequently, on July 2, 2021, filed an adversary proceeding on behalf of the Oversight Board against the Governor, AAFAF, Senate President the Honorable José Luis Dalmau Santiago and House Speaker the Honorable Rafael Hernández Montañez (the "House Speaker") to enjoin enforcement and to nullify the Act, *FOMB v. Pierluisi,* Adv. Proc. No. 21-0072. On August 13, 2021, Proskauer, on behalf of the Oversight Board, filed a motion for summary judgment. On October 13, 2021, the Title III Court granted the Oversight Board's motion in substantial part and declared Act 7 in its entirety and all actions taken pursuant to the Act nullified, unenforceable and of no effect.

During the Compensation Period, Proskauer continued to advise the Oversight Board in communications with the Puerto Rico Transportation and Other Services Bureau ("NTSP") regarding new regulations that increased certain tariffs without the Oversight Board's approval as required by PROMESA, and that were inconsistent with the certified fiscal plan. Proskauer also advised the Oversight Board in its communications and negotiations with the Puerto Rico Trucking Association regarding its threat of a strike by transportation companies in support of temporary shipping rate increases implemented by NTSP against the direction of the Oversight Board. The Oversight Board met with several representatives of the trucking industry and unions and their counsel. This dialogue led to an agreement with NTSP and the truckers that prevented the strike.

- LUMA Energy Contract. Proskauer professionals, along with other Oversight Board advisors, devoted significant time and effort to further negotiate and work towards implementation of the operating management agreement (and supplemental agreement) with LUMA Energy, LLC and LUMA Energy ServCo, LLC (collectively, "LUMA Energy" and such contract, the "T&D Contract") for transitioning the maintenance and operation of the Puerto Rico Transmission and Distribution System (the "T&D System") to LUMA Energy, with the goal of providing safe, reliable, and affordable energy service to the Island. The Puerto Rico Transmission and Distribution System Operation and Maintenance Agreement (the "O&M Agreement") was approved by the Oversight Board and

Governor Vazquez, and entered into by PREPA, the Puerto Rico Public-Private Partnerships Authority, and LUMA Energy on June, 22, 2020.

On October 26, 2020, UTIER and Sistema de Retiro de los Empleados de la Autoridad de Energía Eléctrica ("SREAEE") appealed the Title III Court decision granting the Government Parties' motion to allow LUMA Energy's administrative expense claim for any accrued and unpaid front-end transition obligations incurred by PREPA under the T&D Contract. The appeal was fully briefed and was argued on June 8, 2021.  On August 12, 2021, the First Circuit affirmed the judgment of the Title III Court.[7]

On March 26, 2021, the Oversight Board joined other Government Parties in a motion requesting that the Title III Court allow an administrative expense claim for amounts to be paid to LUMA Energy by PREPA during the interim period under a supplemental agreement and the T&D Contract.[8]  Several parties objected to the motion and the Government Parties filed their omnibus reply on April 21, 2021.  On April 28, 2021, Proskauer defended the Oversight Board's position at oral argument and on May 3, 2021, the motion was granted by the Title III Court.[9]

On April 20, 2021, UTIER commenced an adversary proceeding seeking to void the O&M Agreement and on April 26, 2021, filed a motion seeking a preliminary injunction to enjoin enforcement of the O&M Agreement.[10]  Proskauer joined other government parties in the opposition brief and defended the Oversight Board's position at oral argument on May 18, 2021.  The Court denied UTIER's preliminary injunction request on May 21, 2021, and UTIER's motion for reconsideration on June 1, 2021.[11]  Litigation regarding the validity of the O&M Agreement remains ongoing in the adversary proceedings filed by UTIER, SRAEE, and the President of Puerto Rico Senate.[12]

The LUMA transaction also faced opposition from the Puerto Rico Legislature. Proskauer advised the Oversight Board in its communications and negotiations with the Government and Legislature regarding House Joint Resolution 88 and Senate Bill 213 seeking to impose a legislative approval requirement for various

---

[7] *See* Opinion, *UTIER v. FOMB*, Case No. 20-1709 (1st Cir. Aug. 12, 2021).

[8] *See Government Parties' Motion for Order Allowing Administrative Expense Claim for Amounts to Be Paid to LUMA Energy by PREPA During Interim Period Under Supplemental Agreement and the T&D Contract* [ECF No. 16241]

[9] *See Memorandum Order Granting Government Parties' Motion for Order Allowing Administrative Expense Claim for Amounts to Be Paid to LUMA Energy by PREPA During Interim Period Under Supplemental Agreement and the T&D Contract* [ECF No. 16665].

[10] *See Motion  for Preliminary Injunction to Enjoin the Execution of the O&M Agreement* [Adv. Proc. No. 21-0041; ECF No. 8]

[11] *See Memorandum Opinion and Order Denying Motion  for Preliminary Injunction to Enjoin the Execution of the O&M Agreement* [Adv. Proc. No. 21-0041; ECF No. 56]; *Memorandum Opinion and Order Denying Motion  for Reconsideration* Adv. Proc. No. 21-0041; ECF No. 61].

[12] Adv. Pro. Nos. 21-00041-LTS, 21-00049-LTS and 21-00059-LTS.

PREPA actions and to postpone implementation of the O&M Agreement, in violation of PROMESA and inconsistent with the certified fiscal plans. Both bills were vetoed by the Governor.

On June 2, 2021 Proskauer, on behalf of the Oversight Board, reported to the Title III Court that LUMA Energy commenced operating and maintaining PREPA's T&D System on June 1, 2021.[13]

24.     Throughout the Compensation Period, Proskauer continued its defense of the Title III Debtors' interests by analyzing and objecting to duplicative, incorrectly filed, and otherwise deficient or invalid claims against the Debtors, negotiating and participating in meet-and-confer communications with claimants to achieve the best possible outcome for the Debtors. Among the major claims-related matters in which Proskauer represented the Title III Debtors during the Compensation Period are the following:

- Claim Objections.  In connection with proofs of claim filed against the Debtors,[14] Proskauer filed a total of 36 omnibus objections between February 1, 2020 and May 31, 2021.  Proskauer professionals dedicated a significant amount of time and effort to the careful review and analysis of the filed claims and preparing omnibus objections to those claims, as well as reviewing multiple responses and preparing replies in support of the objections.  Due to the COVID-19 pandemic-related restrictions, including the inability of the Court to hold in-person hearings, the Debtors were unable to prosecute certain pending omnibus objections to claims and Proskauer worked with the Title III Court to adjourn hearings on omnibus claim objections. During the Compensation Period, Proskauer organized an additional hearing on February 1, 2021 at the satellite location at the Prime Clerk collection center in San Juan, where claimants were able to appear and speak at a hearing following strict public health and safety measures, with remote access for attorneys and the satellite site available to those claimants who chose to appear in person.

- Alternative Dispute Resolution ("ADR").  To promote the timely and cost-effective resolution of claims, Proskauer, on behalf of the Debtors, requested that the Title III Court approve amended procedures for alternative dispute resolution (the "ADR Procedures").  On April 1, 2020, the ADR Procedures were approved

---

[13] *See Informative Motion Regarding LUMA's Commencement of Operation and Maintenance of PREPA's T&D System* [Case No. 17-4780, ECF No. 2503].

[14] Pursuant to the Bar Date Orders [Case No. 17-BK-3283-LTS, ECF Nos. 2521, 3160, 12260, and 13403], approximately 179,703 proofs of claim have been filed against the Debtors and logged by Prime Clerk, LLC.

by the Court.[15] During the Compensation Period, Proskauer filed its *Tenth* through *Thirteenth Notices of Transfer of Claims to Alternative Dispute Resolution* [ECF Nos. 15861, 16517, 16540, and 16767], transferring 93 additional claims to the ADR process.  On behalf of the Debtors, Proskauer professionals prepared offer letters to the claimants listed in the ADR Notices. Proskauer also filed the *Fourth Alternative Dispute Resolution Status Notice* [ECF No. 15958] providing an update to the Court regarding the status of the claims transferred into the ADR process.

- Administrative Reconciliation of Claims ("ACR").  To further facilitate the efficient and cost-effective resolution of the claims, Proskauer, on behalf of the Debtors, submitted to the Court that certain types of claims, such as claims for pension or retiree benefits, tax refunds, salaries and benefits owed to public employees, and union grievances, should remain within the auspices of the Debtors' administrative processes.  The Court approved proposed ACR Procedures on March 12, 2020.[16] During the Compensation Period, Proskauer filed its *Ninth* through *Thirteenth Notices of Transfer of Claims to Administrative Claim Reconciliation* [ECF Nos. 15948, 16259, 16514, 16677, and 16926], transferring over 14,100 additional claims into Administrative Claims Reconciliation.  On February 5, 2021, Proskauer filed the *Notice of Filing of Third Administrative Claim Resolution Status Notice* [ECF No. 15812], on April 6, 2021, the *Fourth Administrative Claim Resolution Status Notice* [ECF No. 16322], and on June 4, 2021, *the Fifth Administrative Claim Resolution Status Notice* [ECF No. 16888], providing an update to the Court regarding the status of the claims transferred into the ACR Procedures pursuant to the ACR transfer notices and reporting that in total, over 23,000 of ACR transferred claims had been successfully resolved by the end of the Compensation Period.

25.    First Circuit and Supreme Court Appeals. During this Compensation Period, Proskauer defended a number of significant matters before the appellate courts, obtaining several critical judgments on behalf of the Oversight Board as Title III representative of the Debtors. Some of the appellate matters where Proskauer attorneys represented the Oversight Board included:

---

[15] See  *Order (A) Authorizing Alternative Dispute Resolution Procedures, (B) Approving Additional Forms of Notice, and (C) Granting Related Relief* [ECF No. 12576].

[16] See *Order (A) Authorizing Administrative Reconciliation of Claims, (B) Approving Additional Form of Notice, and (C) Granting Related Relief* [ECF No. 12274].

- U.S. Supreme Court *Certiorari* Petition:

    (1) UECFSE v. Commonwealth, Case No. 20-1466 (U.S.). On April 16, 2021, two
    unions representing public employees, Hermandad de Empleados del Fondo del
    Seguro del Estado, Inc. ("UECFSE") and Unión de Medicós de la Corporacion del
    Fondo del Seguro del Estado Corp. ("UMCFSE"), filed a petition for a writ of
    certiorari appealing the First Circuit judgment affirming the Title III Court's
    dismissal of their complaint against the Oversight Board alleging that certain laws
    impermissibly interfered with their collective bargaining rights.[17] Proskauer, on
    behalf of the Oversight Board, opposed the petition on August 2, 2021, and on
    October 4, 2021, the petition for writ of certiorari was denied.

- First Circuit Appeals:

    (1) Diaz Mayoral v. Commonwealth, Case No. 20-1279 (consolidated with Case No.
    19-2231). On December 18, 2019, Jorge A. Diaz Mayoral and Juan A. Frau
    Escudero appealed the Title III Court orders sustaining the Debtors' sixty-fourth
    omnibus objection to claims and denying their motion for reconsideration.[18] After
    multiple extensions of time, the appellants filed their opening brief on December
    16, 2020. Proskauer, on behalf of the Oversight Board, responded on February 24,
    2021. The case was fully briefed and was argued on May 4, 2021. On May 28,
    2021, the First Circuit affirmed the decisions of the Title III Court.

    (2) Ambac Assurance Corp. v. Commonwealth, Case No. 20-1657. On June 16, 2020,
    the Title III Court granted the Oversight Board's motion for entry of an order
    requiring Ambac to withdraw as violating the automatic stay its complaint in the
    District Court of Puerto Rico seeking to rescind a concession extension agreement
    with HTA.[19] Ambac appealed the order on June 30, 2020. On October 19, 2020,
    Ambac filed its opening appellate brief. Proskauer filed a response on behalf of
    the Oversight Board on December 18, 2020. After several extensions, Ambac filed
    its reply brief on February 12, 2021, and the matter was argued on March 8, 2021.
    Subsequently, the parties entered into a settlement agreement resolving the
    disputed issues and on August 2, 2021 filed a joint motion to stay the appeal and to
    hold it in abeyance until January of 2022. The joint motion was granted on August
    4, 2021.

    (3) Campamento Contra las Cenizas en Peñuelas, Inc. v. FOMB, Case No. 20-1685;
    UTIER v. FOMB, Case No. 20-1709; and Windmar Renewable Energy, Inc. v.
    FOMB, Case No. 20-1710. On July 3, 2020, UTIER and Widmar Renewable
    Energy, Inc. ("Windmar") appealed the Title III Court order authorizing PREPA to

---

[17] *See* October 28, 2020, *Judgment* and *Opinion,* Case Nos. 19-2028 (1st Cir.).

[18] *See Order Granting Sixty-Fourth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims
Based on Investments in Mutual Funds* [ECF No. 9099]; *Memorandum Order Denying Motion to Alter or Amend
Order Sustaining Objection (Dkt. 8297) to Claims No. 152470 & No. 152283* [ECF No. 9121].

[19] *See Memorandum Order Granting Motion of Financial Oversight and Management Board Pursuant to Bankruptcy
Code Sections 105(a) and 362 for Order Directing Ambac to Withdraw Complaint* [ECF No. 13447].

15

assume its power purchase and fuel supply agreements on renewed terms with two
energy providers, which were approved by PREPA's Governing Board, the Puerto
Rico Energy Bureau, and the Oversight Board,[20] and on July 10, 2020, certain
environmental groups[21] filed their own appeal.  The appeals were consolidated for
the purposes of briefing on November 2, 2020.  On December 14, 2020, UTIER
filed its appellant's brief, which was joined by the Environmental Groups on the
same date.  Windmar filed its opening brief on December 15, 2020.  Proskauer
filed the responsive brief on behalf of the Oversight Board on February 16, 2021,
and on March 8, 2021, UTIER filed its reply brief.  The matter was argued on May
4, 2021. On August 12, 2021, the First Circuit affirmed the judgement of the Title
III Court.

(4) <u>Rivera-Rivera v. FOMB, Case No. 20-1797</u>.  On August 11, 2020, SREAEE and
the Board of Trustees of the PREPA Employees' Retirement System appealed the
Title III Court order granting the defendants'[22] motion to dismiss the second
amended complaint which sought to declare null and void the Governor's
Executive Order OE-2018-012 and certain actions by the PREPA Board of
Directors based on the Executive Order.[23]  The appellants filed their opening brief
on November 25, 2020. Proskauer attorneys worked with counsel for AAFAF and
individual appellees on drafting relevant portions of the joint responsive brief,
which was submitted on January 14, 2021.  The case was fully briefed and
Proskauer argued the matter on behalf of the Oversight Board on May 3, 2021.  On
October 27, 2021, the First Circuit affirmed the judgement of the Title III Court.

(5) <u>Assured v. FOMB, Case No. 20-1847</u>.  On August 25, 2020, the Monolines
appealed the Title III Court orders denying their motion for appointment of a
trustee under section 926 of the Bankruptcy Code to pursue their claims on behalf
of HTA against the Commonwealth and their request for a related bridge order.[24]

---

[20] *See Order Authorizing PREPA to Assume Certain Contracts with Ecoeléctrica, L.P. and Gas Natural Aprovisionamientos SDG, S.A.* [ECF No. 13470; Case No. 17-4780, ECF No. 2038] and *Memorandum Opinion Regarding PREPA's Urgent Motion For Entry On An Order Authorizing PREPA to Assume Certain Contracts With Ecoléctrica, L.P. And Gas Natural Aprovisionamientos SDG, S.A.* [ECF No. 13471; Case No. 17-4780, ECF No. 2039].

[21] Comité Diálogo Ambiental, Inc., El Puente de Williamsburg, Inc. - Enlace Latino de Acción Climática, Comité Yabucoeño Pro-Calidad de Vida, Inc., Alianza Comunitaria Ambientalista del Sureste, Inc., Sierra Club and its Puerto Rico chapter, Mayagüezanos por la Salud y el Ambiente, Inc., Coalición de Organizaciones Anti-Incineración, Inc., Amigos del Río Guaynabo, Inc., Campamento Contra las Cenizas en Peñuelas, Inc., CAMBIO P.R., (collectively, the "<u>Environmental Groups</u>").

[22] Puerto Rico Governor Wanda Vázquez Garced, the Commonwealth of Puerto Rico, and PREPA (through their representatives the FOMB and the AAFAF), Eli Diaz Atienza, Ralph A. Kreil, David K. Owens, Charles Bayless, Robert Poe, Maria Palou Abasolo, and José Ortiz.

[23] *See Memorandum Opinion and Order Granting Motion to Dismiss the Second Amended Adversary Complaint* [Adv. Proc. No. 18-AP-047, ECF No. 80]; *Judgment* [Adv. Proc. No. 18-AP-047, ECF No. 81].

[24] *See Order Denying Urgent Motion for Bridge Order, and Motion for Appointment as Trustees Under 11 U.S.C. § 926, of Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., Financial Guaranty Insurance Company, and National Public Finance Guarantee Corporation* [ECF No. 13825; Case No. 17-3567, ECF No. 889] and *Memorandum Opinion and Order Denying Motion for Appointment as Trustees Under*

On February 17, 2021, the Monolines filed their appellants' brief.  On the same day, the DRA Parties joined in the Monolines' brief.  The DRA Parties intervened in support of the Monolines on April 12, 2021.  On behalf of the Oversight Board, Proskauer submitted a responsive brief on April 19, 2021.  AAFAF submitted its response on the same date.  The appellants requested that they be allowed to file their final form briefs on May 26, 2021, and that request was granted. After the appellants' final form opening and reply briefs were tendered, Proskauer filed the Oversight Board's final form reply on June 6, 2021 and AAFAF submitted its reply on June 8, 2021.  The matter was fully briefed. Two of the Monolines, Assured and National, reached an agreement with the Oversight Board in spring of 2021 with respect to their clams. In July of 2021, the remaining Monolines, Ambac and FGIC, reached an agreement with the Board, and on July 29, 2021, the Monolines filed their motion to voluntarily dismiss the appeal. The motion was granted on July 30, 2021.

(6)  PRIFA and HTA Revenue Bonds Lift Stay Appeals: Assured Guaranty Corp. v. Commonwealth, Case No. 20-1930 (HTA Lift Stay Appeal); Ambac Assurance Corp. v. Commonwealth, Case No. 20-1931 (PRIFA Lift Stay Appeal). Following the Title III Court's denial on September 9, 2020 of the Monolines' motions seeking relief from the automatic stay to allow them to seize certain Commonwealth revenues allegedly conditionally allocated under Puerto Rico law to HTA, PRIFA, and CCDA in order to pay their prepetition bond claims, the Monolines filed two appeals on September 23, 2020.[25]  Appellants' briefs in both matters were submitted on October 28, 2020.  Proskauer filed responsive briefs on behalf of the Oversight Board in both matters on December 7, 2020.  On December 21, 2020, the Monolines filed their reply briefs.  The oral argument was held on February 4, 2021. On March 3, 2021, the First Circuit affirmed the Title III court's denial motions.

(7)  UTIER v. PREPA, Case No. 20-2041.   On October 26, 2020, UTIER and SREAEE appealed the Title III Court decision granting the Government Parties' motion to allow an administrative expense claim for any accrued and unpaid front-end transition obligations incurred by PREPA under the T&D Contract.  UTIER and SREAEE filed their opening appellate brief on February 15, 2021, and

---

*11 U.S.C. § 926, of Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., Financial Guaranty Insurance Company, and National Public Finance Guarantee Corporation [ECF No. 14012; Case No. 17-3567, ECF No. 912].*

[25] *See Opinion and Order in Connection with Preliminary Hearing Regarding Motion of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, National Public Finance Guarantee Corporation, and Financial Guaranty Insurance Company for Relief from the Automatic Stay, or, in the Alternative, Adequate Protection (Docket Entry No. 10102) [ECF No. 13541; Case No. 17-3567, ECF No. 853] (the "Preliminary HTA Order"), Opinion and Order in Connection with Preliminary Hearing Regarding Amended Motion of Ambac Assurance Corporation, Financial Guaranty Insurance Company, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and U.S. Bank National Trust Association, Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds [ECF No. 13542] (the "Preliminary PRIFA Order"), and Memorandum Opinion and Order Denying HTA and PRIFA Revenue Bond Stay Relief Motions [ECF No. 14186, Case No. 17-3567, ECF No. 921] (the "Final HTA & PRIFA Order").*

Proskauer, on behalf of the Oversight Board, filed the opposition on April 20, 2021.  Proskauer attorneys defended the Board's position at the oral argument on June 8, 2021.  On August 12, 2021, the First Circuit affirmed judgment of the Title III Court.

(8) <u>UCC v. FOMB, Case No. 20-2162</u>.  On August 18, 2020, the UCC filed a motion to terminate the *Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(a)(1) and 9019 for Order Approving Settlements Embodied in the Restructuring Support Agreement* [Case No. 17-4780, ECF No. 1235] (the "<u>9019 Motion</u>") and on August 28, 2020, the related urgent motion to compel discovery to determine whether the restructuring agreement with PREPA bondholders (the "<u>RSA</u>") remained viable and could be renegotiated by the parties.[26]  The Title III Court denied the UCC's motion to compel on September 5, 2020, and denied the UCC's motion to terminate the 9019 Motion on November 4, 2020.  On December 4, 2020, the UCC appealed the Court's decisions related to the 9019 Motion.[27]  On February 2, 2021, the First Circuit issued an order to show cause why the case should not be dismissed for lack of jurisdiction.  The UCC filed its response on February 16, 2012, and Proskauer, on behalf of the Oversight Board, responded on February 25, 2021.   On May 21, 2021, the appeal was dismissed for lack of jurisdiction.

(9) <u>Pierluisi v. FOMB, Case No. 21-1071</u>.  On January 21, 2021, the Government appealed the Title III Court's orders denying its motion for summary judgment, granting in part the Oversight Board's summary judgment motion, and enjoining the Government from implementing and enforcing Acts 82, 138, 176, 181, and 47, which were challenged by the Oversight Board.[28]   On April 19, 2021, the appellants Governor Pierluisi and AAFAF filed their opening brief, which was re-filed on May 7, 2021 to conform with the rules of the Court.  On June 16, 2021, the House Speaker submitted his amicus curiae brief in support of the reversal of the challenged judgment.  On July 7, 2021, Proskauer, on behalf of the Oversight Board, filed its responsive brief.  The appellants replied on July 28, 2021 and on August 11, 2021, Proskauer submitted the Oversight Board's sur-reply.  On

---

[26] *See Motion of Official Committee of Unsecured Creditors to Terminate Bankruptcy Rule 9019 Motion* [Case No. 17-4780, ECF No. 2144] and *Official Committee of Unsecured Creditors' Urgent Motion to Compel Discovery in Connection with Motion to Terminate Bankruptcy Rule 9019 Motion* [Case No. 17-4780, ECF No. 2155].

[27] *See Order Denying the Official Committee of Unsecured Creditors' Motion to Terminate Rule 9019 Motion* [ECF No. 15020; Case No. 17-4780, ECF No. 2287], *Memorandum Order Regarding Official Committee of Unsecured Creditors' Urgent Objection to Magistrate Judge's September 5, 2020 Order on Motion to Compel Discovery in Connection with Motion to Terminate Bankruptcy Rule 9019 Motion* [ECF No. 14586; Case No. 17-4780, ECF No. 2252], and *Order on Motion to Compel* [ECF No. 14181; Case No. 17-4780, ECF No. 2177].

[28] *See Opinion and Order Denying the Government's Motions for Summary Judgment and Granting in Part the Oversight Board's Motions for Summary Judgment; Order to Show Cause Regarding Dismissal of Remaining Claims and Counterclaims; Order Dismissing Remaining Counts and Counterclaims and Directing Entry of Judgment in the Above-Captioned Adversary Proceedings,* and *Judgment* [Adv. Proc. Nos. 20-080, 20-082 – 085].

September 15, 2021, Proskauer attorneys defended the Board's position at oral argument. The case remains pending.

26. In addition to the above, Proskauer has represented the Oversight Board and Title III Debtors in numerous adversary proceedings and other contested matters brought by the Debtors' bondholders and monoline insurers, the Puerto Rico Government and its agencies, creditors, and other parties. The following is a summary of major litigation matters in which Proskauer served as lead counsel for the Title III Debtors during this Compensation Period:

- ERS Bondholders' Claims and Administrative Expense Motions.[29] On September 11, 2020, Proskauer, together with counsel for the UCC, filed two motions for summary judgment against certain ERS bondholders with respect to certain counts included in ERS's adversary complaints related to the scope of the bondholders' security interests in ERS's assets.[30] On the same day, the bondholders filed their own motions for partial summary judgment on the lien scope issues.[31] The motions were fully briefed. On January 22, 2021, the Title III Court scheduled oral arguments on the *ultra vires* and lien scope related summary judgment motions, as well as the pending Rule 12 motions to dismiss, at the March and April omnibus hearings, respectively.[32] As a result of ongoing mediation, on April 2, 2021, the Oversight Board, on behalf of the Commonwealth and ERS, and certain ERS bondholders entered into the *Amended and Restated Stipulation (A) Allowing Claims of ERS Bondholders, (B) Staying Pending Litigation, and (C) Providing for*

---

[29] The Claims include those asserted by (a) certain ERS Bondholders in the (i) *ERS Bondholders' Motion and Request for Allowance and Payment of Post-Petition and Administrative Expense Claims* [ECF No. 9285 in Case No. 17-bk-3283 and ECF No. 707 in Case No. 17-bk-3566] and (ii) *ERS Bondholders' Motion and Request for Allowance and Payment of Post- Petition and Administrative Expense Claims* [ECF No. 9294 in Case No. 17-bk-3283 and ECF No. 710 in Case No. 17-bk-3566] (collectively, the "Bondholder Administrative Expense Motions"), (b) the Fiscal Agent in the *Joinder in ERS Bondholders' Motion for Allowance of Administrative Expense Claim* [ECF No. 9298 in Case No. 17-bk-3283 and ECF No. 712 in Case No. 17-bk-3566] (the "Fiscal Agent Joinder" and, together with the Bondholder Administrative Expense Motions, the "Administrative Expense Motions"), (c) the Claimants in the *ERS Bondholders' Supplement to Proofs of Claim and Motions for Allowance of Administrative Expense Claims* [ECF No. 12536 in Case No. 17-bk-3283 and ECF No. 848 in Case No. 17-bk-3566] (the "Supplement"), (d) the Fiscal Agent in proofs of claim numbers 16775, 16777, and 32004 (the "Fiscal Agent Proofs of Claim"), and (e) the ERS Bondholder Groups in the proofs of claim listed in Appendix 2 to the *Order Granting Urgent Joint Motion for Entry of a Schedule for Resolution of the ERS Bondholder Claims and Administrative Expense Motions* [ECF No. 12446 in Case No. 17-bk-3283 and ECF No. 838 in Case No. 17-bk-3566] (the "ERS Bondholder Groups Proofs of Claim" and, together with the Fiscal Agent Proofs of Claim, the "Proofs of Claim").

[30] *See* Case No. 19-366, ECF No. 91, and Case No. 19-367, ECF No. 107.

[31] *See* Case No. 19-366, ECF No. 95, and Case No. 19-367, ECF No. 111.

[32] See *Order Granting Urgent Motion to Set Oral Argument Concerning Pending Motions in Certain Contested Matters and Adversary Proceedings Related to the Bonds Issued by the Employees Retirement System of the Government of the Commonwealth of Puerto Rico* [ ECF No. 15697; Case No. 17-bk-3566, ECF No. 1065].

*Treatment of Claims of ERS Bondholders and Dismissal of Pending Litigation Pursuant to a Plan of Adjustment* regarding the treatment of the ERS bonds in the Plan.  The Oversight Board and the ERS bondholders further agreed that, upon the effective date of the Debtors' plan of adjustment, the pending ERS bond-related actions shall be dismissed and/or denied, with prejudice, and on April 5, 2021, filed the *Urgent Joint Motion to Stay Certain Contested Matters and Adversary Proceedings Related to the Bonds Issued by the Employees Retirement System of the Government of the Commonwealth of Puerto Rico* [ECF No. 16321; Case No. 17-bk-3566, ECF No. 1122].  On April 12, 2021, the Title III Court granted the urgent motion and stayed the ERS bond-related matters indefinitely.[33]

- PREPA PPOA Rejection and Assumption Motions.  In line with PREPA's goal of supplying reliable electric power to ratepayers in Puerto Rico at the lowest cost possible, and to better align this objective with the PREPA certified fiscal plan, in 2017 the Oversight Board implemented a contract review policy for certain power purchase and operating agreements ("PPOAs") with renewable energy project developers.  On November 17, 2020, Proskauer, on behalf of PREPA, filed the *Omnibus Motion of Puerto Rico Electric Power Authority for Order (A) Approving PREPA's Rejection of Certain Power Purchase and Operating Agreements, and (B) Granting Related Relief* [ECF No. 15178; Case No. 17-4780, ECF No. 2296], requesting that the Title III Court authorize rejection of seven PPOAs with Windmar, M Solar Generating, LLC, and YFN Yabucoa Solar, LLC, where PREPA's price renegotiation efforts failed.  On December 2, 2020, the Court granted the rejection motion in part, approving the unopposed rejection of certain Windmar PPOAs.[34]  On January 8, 2021, M Solar Generating, LLC and YFN Yabucoa Solar, LLC filed  their oppositions to the rejection motion, and Proskauer filed the omnibus reply on behalf of PREPA on April 14, 2021.  Proskauer attorneys defended PREPA's position at the omnibus hearing on April 28, 2021.  On September 16, 2021, the Title III Court entered the second order granting in part the rejection motion.[35]  PREPA's negotiations with Windmar are ongoing.

- Catesby Jones v. PREPA, Adv. Proc. No. 20-00115.  On September 19, 2020, a declaratory judgment action was brought against the Special Claims Committee and UCC as PREPA co-trustees by certain electricity ratepayers in Puerto Rico seeking an order finding that the claims asserted by PREPA in *SCC v. Inspectorate*

---

[33] See *Order (I) Granting Urgent Joint Motion to Stay Certain Contested Matters and Adversary Proceedings Related to the Bonds Issued by the Employees Retirement System of the Government of the Commonwealth of Puerto Rico and (II) Adjourning April 29, 2021, Oral Argument* [ECF No. 16285; Case No. 17-bk-3566, ECF No. 1123].

[34] *See Order Granting in Part Omnibus Motion  of Puerto Rico Electric Power Authority for (A) Approval of Its Rejection of Certain Power Purchase and Operating Agreements, and (B) Related Relief* [ECF No. 15313; Case No. 17-4780, ECF No. 2318].

[35] *See Memorandum Opinion Regarding Omnibus Motion of Puerto Rico Electric Power Authority for Entry of an Order (A) Approving PREPA to Reject Certain Power Purchase and Operating Agreements, and (B) Granting Related Relief* [ECF No. 18135; Case No. 17-4780, ECF No. 2622].*; Second Order Granting in Part PREPA's Motion  for an Order (A) Approving PREPA to Reject Certain Power Purchase and Operating Agreements, and (B) Granting Related Relief* [ECF No. 18134; Case No. 17-4780, ECF No. 2621].

*America Corp.*, Adv. Proc. No. 19-00388, are not assets of PREPA's estate, that the certified class of ratepayers in *Ismael Marrero Rolon v. Autoridad de Energia Electrica*, No. 3:15-cv-01167-JAG (D.P.R.) are the appropriate holders of those claims, and granting relief from the automatic stay to permit the ratepayers to pursue their direct claim against PREPA in the *Ismael Marrero Rolon* case. On February 2, 2021 plaintiffs filed their second amended complaint. On behalf of PREPA, on March 30, 2021 Proskauer moved to dismiss counts I and II of the second amended complaint and defended the Debtor's position at the omnibus hearing on June 16, 2021. On June 24, 2021 the motion to dismiss counts I and II was granted by the Title III Court.

- <u>Hernández Montañez v. Pierluisi-Urrutia, Adv. Proc. No. 21-00042</u>. During the Compensation Period, Proskauer advised the Oversight Board in its communications with the Puerto Rico Governor and Legislature concerning Act 167 and the Governor's related requests for reprogramming of funds and for amending the certified budget to cover the cost of the special election to create a delegation to the United State Congress to advocate for statehood for Puerto Rico pursuant to Act 167. On April 21, 2021, the House Speaker filed a declaratory judgment action against the Governor and the Oversight Board, among others, requesting that the Title III Court enforce section 204(c) of PROMESA and enjoin the Governor and the Board from revising the certified budget. On April 27, 2021, Proskauer, on behalf of the Oversight Board, opposed the House Speaker's request to the Title III Court for a temporary restraining order or a preliminary injunction, and defended the Oversight Board's position at the oral argument on April 29, 2021, where the House Speaker's motion was denied. On June 4, 2021, Proskauer filed a motion to dismiss the House Speaker's complaint, which was granted by the Title III Court on August 27, 2021.

- <u>UTIER v. PREPA, Adv. Proc. No. 17-00229</u>. On March 12, 2021, UTIER filed its third amended complaint in an adversary action against PREPA, the Oversight Board, and individual executive defendants, alleging in its surviving claims that certain Puerto Rico laws negatively affected the UTIER collective bargaining agreement in violation of the Contract Clauses of the United States and Puerto Rico Constitutions. On April 26, 2021, Proskauer answered the complaint on behalf of the Oversight Board, and on the same date, jointly with counsel for individual defendants, filed the amended motion to dismiss UTIER's third amended complaint. On April 26, 2021, UTIER filed four motions in limine to exclude the expert testimony offered by the defendants. On June 1, 2021, Proskauer, jointly with counsel for individual defendants, filed the joint motion for summary judgment. On July 2, 2021, UTIER filed its amended motion for summary judgment. On September 10, 2021, Proskauer filed an opposition to UTIER's four motions in limine and UTIER and Proskauer each filed responses to the summary judgment motions. Replies in support of the motions were filed by the parties on December 8, 2021.

- <u>La Liga de Ciudades de Puerto Rico v. FOMB., Adv. Proc. No. 21-00026</u>. On March 14, 2021, a not-for-profit organization of Puerto Rico Mayors from various

municipalities (La Liga de Ciudades de Puerto Rico or "La Liga") commenced an adversary action against the Oversight Board, among others, seeking a Title III Court order prohibiting the collection of funds from the Municipalities for the time period allegedly exempted by Law 29, enjoining the Board from interfering with fiduciary duties owed by AAFAF and Centro de Recaudación de Ingresos Municipales ("CRIM") to the Municipalities, and decreeing inexistent the Municipalities' debts to CRIM, Administración de Seguros de Salud de Puerto Rico ("ASES"), and the Puerto Rico Retirement System. On May 14, 2021, Proskauer, on behalf of the Oversight Board, filed a motion to dismiss the La Liga complaint. The motion was fully briefed. On January 4, 2022, the Title III Court granted the motion and dismissed the case.

- During the Compensation Period, Proskauer attorneys and paraprofessionals devoted significant amount of time and effort to ongoing discovery related to the proposed plan of adjustment and in the revenue bonds related adversary proceedings. They reviewed numerous documents for responsiveness and privilege in preparation for production, drafted responses and objections to interrogatories and production requests, and prepared for and participated in numerous meet-and-confer communications and depositions of fact and expert witnesses. They also filed numerous status reports with the Title III Court on the progress of discovery and defended the Oversight Board's position in discovery disputes in the Title III Court. On March 5, 2021, Proskauer, on behalf of the Oversight Board, objected to Ambac's motion for entry of an order authorizing discovery under Rule 2004 concerning the Commonwealth's assets [ECF No. 15967], and on May 17, 2021, after considering the Board's objection together with opposition from other parties, the Title III Court denied the Ambac's request. The same day the Title III Court partially denied Ambac's motion for an order directing cash discovery under Rule 2004 from the Oversight Board [ECF No. 16760].

27.    As part of Proskauer's involvement in the above matters, Proskauer (a) prepared and filed numerous pleadings and briefs in litigation matters; (b) participated in and prepared for hearings; (c) researched jurisprudence regarding legal and factual issues, including bankruptcy and U.S. Constitutional issues; and (d) performed a myriad of other professional services as described in this Application and reflected in **Schedule 3** and **Exhibit B**.

28.    By this Application, Proskauer seeks an allowance, pursuant to the Interim Compensation Order, of (a) **$5,901,381.30**, as compensation for professional services rendered, and (b) **$184,992.83** as reimbursement for actual and necessary expenses incurred during the Compensation Period in connection with such professional services. Notably, the Application

reflects aggregate voluntary reductions made during the Compensation Period to Proskauer's requests for compensation and for reimbursement of expenses in the amount of $5,974.80 and $4,505.40 respectively, on top of the sizeable discount embedded in its Engagement Letter with the Oversight Board, in which it fixed hourly rates at levels currently providing up to 53% discounts on the hourly rates of its most senior partners.

29.     Proskauer maintains computerized records of the time spent by all Proskauer attorneys and paraprofessionals in connection with the firm's representation of the Oversight Board as representative of the Debtor.  Subject to redaction where necessary to preserve mediation confidentiality, copies of the computerized records for the Compensation Period are attached hereto as **Exhibit B**.

30.     Proskauer's budget and staffing plan for the Compensation Period are attached hereto as **Exhibit D**.

31.     Proskauer's summary of itemized time records for professionals and paraprofessionals performing services for the Oversight Board with respect to the Debtor during the Compensation Period is set forth on **Schedule 2**.  The professional services performed by Proskauer on behalf of the Oversight Board as representative of the Debtor during the Compensation Period required an aggregate expenditure of 3,111.80 recorded hours by Proskauer's partners and senior counsel; 3,567.90 recorded hours by associates; 1.00 recorded hour by e-discovery attorneys; and 698.20 recorded hours by paraprofessionals.  As required by the Guidelines, **Exhibit C** to this Application shows, for each Project Category (as defined below), a list of professionals who performed services in each Project Category and the aggregate recorded hours each professional incurred.  In accordance with Guidelines paragraph C.3, Proskauer's blended hourly rates are disclosed in **Schedules 1** and **5**.  The fees charged by

23

Proskauer, as set forth in **Schedule 2**, are in accordance with the firm's existing billing rates and procedures in effect during the Compensation Period, as revised to reflect Proskauer's arrangement with the Oversight Board.  The standard rates Proskauer charges for the services rendered by its professionals and paraprofessionals in these Title III cases have been reduced to reflect the unique circumstances of PROMESA and the position of the Commonwealth of Puerto Rico, its instrumentalities, and its residents.  **Schedules 2** and **5** show the rates Proskauer charges on an hourly basis are below the competitive market rates for bankruptcy and non-bankruptcy matters charged by the other professionals representing the Commonwealth and statutory committees.  No Proskauer rates are increased as a result of the geographic location of a bankruptcy case (or a Title III case).

32.    All entries itemized in Proskauer's time records comply with the requirements set forth in the Guidelines, including, without limitation, (a) the utilization of project categories (each a "Project Category"), (b) a description of each activity or service that each individual performed, and (c) the number of hours (in increments of one-tenth of an hour) spent by each individual providing the services.  Each Project Category is organized in accordance with Guidelines paragraph C.8.b.  If a Project Category does not appear in a particular application, Proskauer did not bill time or expenses for that Project Category during the Compensation Period, but may bill time for that Project Category in the future.  In addition, only Project Categories for which Proskauer billed more than 10 hours during the Compensation Period are summarized in the Application.  Project Categories for which Proskauer billed less than 10 hours are included in **Exhibit B**.

**Applicant Statement In Compliance with Appendix B Guidelines Paragraph C.5**

33.     The following answers are provided in response to the questions set forth in

Guidelines paragraph C.5:

**Question**: Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period?  If so, please explain.

Response: No.

**Question**: If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

Response: The total fees sought in this Application did not exceed the total budgeted fees for the Compensation Period (the fees sought in this Application are 2.1% below the budgeted fees).

**Question**: Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

Response: No.

**Question**: Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices?  (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.).  If so, please quantify by hours and fees.

Response: No, the Application does not include time or fees related to reviewing time records or preparing, reviewing or revising invoices in connection with the preparation of monthly fee statements.

**Question**: Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information?  If so, please quantify by hours and fees.

Response: No time was spent redacting time records on account of privilege concerns.   However, the Application does include time related to reviewing time records to redact certain time entries pursuant to Court-ordered mediation confidentiality.  Proskauer paraprofessionals expended 1.40 hours and billed $378.00 for redacting mediation related entries in Proskauer's monthly fee statements related to Proskauer's Eleventh Interim Application.

**Question**: If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate

25

increases?  If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11–458?

Response:    Yes.  Proskauer's Engagement Letter with the Oversight Board provides that Proskauer's rates increase each year "on January 1 by the lower of the percentage rate increase we announce, and four percent."  (Engagement Letter at 1–2).  Pursuant to the Engagement Letter, Proskauer's rates increased 4% effective January 1, 2021, yielding a new flat rate for attorneys (partners, senior counsel, and associates) of $853 per hour, for e-discovery attorneys of $421 per hour, and for paraprofessionals of $291 per hour.  Rates have not increased during this Compensation Period.

### **Gross-Up Amount**

34.    Prior to December 10, 2018, Puerto Rico taxed Proskauer's fees differently depending on whether Proskauer's timekeepers performed work while physically present in Puerto Rico or off-island.  Specifically, a 7% withholding tax was assessed (at time of payment) on fees derived from work performed while the timekeeper was physically present in Puerto Rico, but not on fees derived from work performed outside of Puerto Rico.

35.    On December 10, 2018, Puerto Rico enacted Act 257–2018, amending the Puerto Rico tax code and eliminating the differences in tax treatment based on where work was performed.  Under Act 257–2018, all Proskauer fees incurred on or after December 10, 2018—regardless of the timekeepers' physical location—are assessed with a 10% withholding tax at the time of payment.

36.    For certain periods prior to Proskauer's fiscal year beginning November 1, 2020, Proskauer requested approval of Gross-Up Amounts which it would request payment of if it did not receive federal tax credits offsetting the withholding tax.  Proskauer is not requesting such approval for periods subsequent to October 31, 2020 based on the registration of its Engagement Letter and understandings with the Commonwealth government.  In prior Fee Applications, Proskauer requested approval for periods prior to October 2020.  If it becomes necessary to

request approval of a Gross-Up Amount for October 2020 or subsequent Compensation Periods, Proskauer will make that application at a subsequent time.

### **Professionals Billing Fewer Than Five Hours per Month**

37.     The following chart indicates, solely with respect to the Debtor's Title III Case, (a) professionals who billed fewer than five hours per month, (b) the months for which fewer than five hours were billed by the professional, and (c) an explanation of why the use of such professional was reasonable and necessary.  As a general matter, because of the size and complexity of the Debtor's Title III Case, it was reasonable and necessary to consult with professionals with specific practice area expertise to assist Proskauer's core restructuring professionals in providing the Debtor with necessary and beneficial professional services. Moreover, it was often necessary to consult with professionals more familiar with other aspects of the restructuring of Puerto Rico and with specific adversary proceedings to deal with global strategic issues and ensure that positions taken by the Oversight Board are consistent across all the Title III cases.  Furthermore, occasionally the urgency of certain briefing schedules required pulling in professionals from different work streams to assist on time-sensitive matters.[36]

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Alex, Justin | May | Mr. Alex is a senior counsel in Proskauer's labor & employment department who advised on pension trust related claims. |
| Alonzo, Julia D. | April | Ms. Alonzo is a senior counsel in Proskauer's litigation department who advised on developing the Oversight Board's litigation strategy in the UTIER CBA and Catesby Jones Adversary Proceedings. |

---

[36] Many of the professionals listed below have billed substantially more time on other matters related to Proskauer's representation of the Oversight Board, including matters within and outside of PROMESA Title III.  Many of these professionals have also billed substantially more time on matters related to Proskauer's representation of the Oversight Board during prior Compensation Periods.

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Griffin M. Asnis | April | Mr. Asnis is a paralegal in Proskauer's litigation department who assisted with various case management related tasks. |
| Alexandra V. Bargoot | February | Ms. Bargoot is an associate in Proskauer's litigation department who assisted with court-ordered mediation related issues. |
| Aliza H. Bloch | April | Ms. Bloch is an associate in Proskauer's litigation department who assisted with drafting oppositions to UTIER's motions *in limine* in the UTIER CBA Adversary Proceeding. |
| Blackwell, Brooke H. | May | Ms. Blackwell is an associate in Proskauer's BSGR&B group who assisted with drafting the disclosure statement for the Debtor's proposed plan of adjustment. |
| Brenner, Guy | February | Mr. Brenner is a partner in Proskauer's labor & employment department who analyzed and advised on PREPA's contracts with various consultants. |
| Chernus, Eric R. | April | Mr. Chernus is an e-discovery project manager at Proskauer who assisted with various document review and production related issues. |
| Elliot R. Cohen | March | Mr. Cohen is a paralegal in Proskauer's litigation department who assisted with various case management related tasks. |
| Cook, Alexander N. | March, May | Mr. Cook is a paralegal in Proskauer's corporate department who assisted with various case management related tasks. |
| Cooper, Scott P. | March, May | Mr. Cooper is a partner in Proskauer's litigation department who advised on further developing the Oversight Board's litigation strategy and drafting relevant portions of dispositive motions in the UTIER CBA Adversary Proceeding. |
| Dalsen, William D. | February | Mr. Dalsen is an associate in Proskauer's litigation department who assisted with drafting relevant portions of dispositive motions in the UTIER CBA Adversary Proceeding. |

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Esses, Joshua A. | March – May | Mr. Esses is an associate in Proskauer's BSGR&B group who assisted with drafting the Debtor's best interest analyses and developing the Oversight Board's litigation strategy in the Catesby Jones Adversary Proceeding. |
| Fassuliotis, William G. | February | Mr. Fassuliotis is an associate in Proskauer's litigation department who assisted with drafting the Oversight Board's reply in support of the dismissal of the UCC appeal related to the 9019 Motion in the First Circuit. |
| Febus, Chantel L. | April | Ms. Febus is a partner in Proskauer's litigation department who reviewed and advised on the Oversight Board's litigation strategy in the Vitol Adversary Proceeding. |
| Firestein, Michael A. | April | Mr. Firestein is a partner in Proskauer's litigation department who advised on the Oversight Board's litigation strategy in multiple adversary proceedings. |
| Fox, Rachel L. | April | Ms. Fox is an e-discovery project coordinator at Proskauer who assisted with various document review and production issues. |
| Garnett, Karen J. | May | Ms. Garnett is a partner in Proskauer's corporate department who advised on bond analysis for the disclosure statement for the Debtor's proposed plan of adjustment. |
| Gellman, Anastasia S. | April | Ms. Gellman is an associate in Proskauer's labor & employment department who assisted with drafting relevant portions of defendants' joint opposition to UTIER's preliminary injunction motion in the UTIER/LUMA Adversary Proceeding. |
| Gerkis, James P. | March | Mr. Gerkis is a partner in Proskauer's corporate department who advised on drafting the Debtor's proposed plan of adjustment. |
| Gottlieb, Brooke C. | February | Ms. Gottlieb is an associate in Proskauer's litigation department who assisted with developing the Oversight Board's litigation strategy in the Catesby Jones Adversary Proceeding. |

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Hamburger, Paul M. | March | Mr. Hamburger is a partner in Proskauer's labor & employment department who advised on various benefits and pension related issues in connection with transitioning the operation of the T&D System to LUMA Energy. |
| Harris, Mark D. | March – May | Mr. Harris is a partner in Proskauer's litigation department who advised on a wide variety of issues further developing the Oversight Board's litigation and appellate strategy. |
| Henderson, Laurie A. | February – May | Ms. Henderson is a docketing administrator in Proskauer's litigation department who assisted with docket research and electronic filing. |
| Hoffman, Joan K. | February | Ms. Hoffman is a paralegal in Proskauer's litigation department who assisted with various case management related tasks. |
| Hong, Yena | March | Ms. Hong is an associate in Proskauer's litigation department who assisted with drafting the disclosure statement for the Debtor's proposed plan of adjustment. |
| Hughes, Sarah | March | Ms. Hughes is an associate in Proskauer's corporate department who assisted with drafting the disclosure statement for the Debtor's proposed plan of adjustment. |
| Ike, Yvonne O. | March | Ms. Ike is an e-discovery staff attorney at Proskauer who assisted with various document production issues. |
| Jones, Erica T. | April | Ms. Jones is an associate in Proskauer's litigation department who assisted with developing the Oversight Board's litigation strategy in the UTIER/LUMA Adversary Proceeding. |
| Kelley, Frances P. | April | Ms. Kelley is an associate in Proskauer's corporate department who assisted with drafting the disclosure statement for the Debtor's proposed plan of adjustment. |
| Kim, Mee R. | February, March | Ms. Kim is an associate in Proskauer's litigation department who assisted with developing the Oversight Board's litigation strategy in the UTIER CBA Adversary Proceeding |
| Lerner, Lela | February | Ms. Lerner is a paralegal in Proskauer's litigation department who assisted with various case management related tasks. |

30

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Levitan, Jeffrey W. | April | Mr. Levitan is a partner in Proskauer's BSGR&B group who advised on developing the Oversight Board's litigation strategy and preparing for oral argument in the Vitol and UTIER/LUMA Adversary Proceedings. |
| Ma, Steve | March, April | Mr. Ma is an associate in Proskauer's BSGR&B group who advised on a variety of stay related issues in the Debtor's adversary proceedings. |
| McGowan, Shannon D. | April | Ms. McGowan is an associate in Proskauer's litigation department who assisted with drafting the disclosure statement for the Debtor's proposed plan of adjustment. |
| McPeck, Dennis T. | March | Mr. McPeck is a paralegal in Proskauer's litigation department who assisted with various case management related tasks. |
| Michael T. Mervis | March, May | Mr. Mervis is a partner in Proskauer's litigation department who advised on a wide variety of issues further developing the Oversight Board's litigation strategy. |
| Munkittrick, David A. | April | Mr. Munkittrick is an associate in Proskauer's litigation department who assisted with legal research in the UTIER/LUMA Adversary Proceeding. |
| Nam, Seok Whee (Jason) | April | Mr. Nam is an associate in Proskauer's corporate department who assisted with drafting the disclosure statement for the Debtor's proposed plan of adjustment. |
| Osaben, Libbie B. | May | Ms. Osaben is an associate in Proskauer's BSGR&B group who assisted with drafting the disclosure statement for the Debtor's proposed plan of adjustment. |
| Petrov, Natasha | April | Ms. Petrov is a paralegal in Proskauer's BSGR&B group who assisted with drafting Proskauer's Eleventh Interim Fee Application. |
| Quint, Aaron D. | February | Mr. Quint is an associate in Proskauer's corporate department who assisted with drafting the disclosure statement for the Debtor's proposed plan of adjustment. |
| Roberts, John E. | May | Mr. Roberts is a partner in Proskauer's litigation department who advised on a wide variety of issues further developing the Oversight Board's strategy in multiple appellate matters. |

31

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Rosenthal, Marc E. | February | Mr. Rosenthal is a partner in Proskauer's litigation department who advised on insurance related issues in connection with further developing the Oversight Board's litigation and appellate strategy. |
| Sakmar, Connor C. | March | Mr. Sakmar is a paralegal in Proskauer's corporate department who assisted with various case management related tasks. |
| Samuels, Reut N. | May | Ms. Samuels is an associate in Proskauer's litigation department who assisted with legal research in the UTIER/LUMA Adversary Proceeding. |
| Sanchez Tavarez, Genesis G. | April | Ms. Sanchez Tavarez is an associate in Proskauer's litigation department who assisted with developing the Oversight Board's litigation strategy in the UTIER/ LUMA Adversary Proceeding. |
| Santiago, Javier | April | Mr. Santiago is a paralegal in Proskauer's litigation department who assisted with various case management related tasks. |
| Sazant, Jordan | February | Mr. Sazant is an associate in Proskauer's BSGR&B group who assisted with legal research for the LUMA Administrative Expense Motion. |
| Singer, Tal J. | February, April | Mr. Singer is a paralegal in Proskauer's BSGR&B group who assisted with various case management related tasks. |
| Snell, Dietrich L. | May | Mr. Snell is a partner in Proskauer's litigation department who advised on a wide variety of issues further developing the Oversight Board's appellate strategy in preparing for oral argument in multiple appellate proceedings. |
| Sockett, Nicole | May | Ms. Sockett is an associate in Proskauer's litigation department who assisted with legal research in the UTIER/LUMA Adversary Proceeding. |
| Victor, Seth H. | February – May | Mr. Victor is an associate in Proskauer's litigation department who assisted with drafting the disclosure statement for the Debtor's proposed plan of adjustment. |

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Wolf, Lucy | March – May | Ms. Wolf is an associate in Proskauer's litigation department who assisted with drafting the disclosure statement for the Debtor's proposed plan of adjustment and with preparing for oral argument in the Vitol Adversary Proceeding. |

### Summary Description of Professional Services

38.     The following is a brief narrative summary, listed by Project Category, of the professional services rendered by Proskauer during the Compensation Period. Only Project Categories for which Proskauer billed more than 10 hours during the Compensation Period are summarized below.  Project Categories for which Proskauer billed less than 10 hours during the Compensation Period are listed in **Exhibit B**.

## I.     Matter No. 33260.0022 (PROMESA Title III: PREPA)

39.     This matter number covers time spent relating to the core PREPA Title III case, including, for example, time spent regarding mediation, fiscal plan issues, and work on disclosure statements or plans of adjustment.

(a)     Tasks Relating to the Board, its Members, its Staff, its Advisors or its Consultants
        (Project Category 201)
        (Fees:  $32,755.20; Hours:  38.40)

40.     This Project Category includes time spent communicating with the Oversight Board and its representatives, agents, and consultants, as well as preparing for and advising on public meetings, litigation, and related issues.  Specifically, Proskauer attorneys spent time:

- Conferring with the Oversight Board and its other advisors regarding the status of the Debtor's Title III Case and the PREPA RSA, evaluating PREPA's restructuring strategy and related analyses and proposals by the Oversight Board's experts and consultants, and preparing related presentations to the Oversight Board;

- Conferring with the Oversight Board and its other advisors in connection with various issues related to the transitioning the operation of the T&D System to

LUMA Energy, related proposed amendments to the PREPA budget and objections to the budget amendments by the House Speaker, and advising the Board on communications with Greenbriar Capital Corporation regarding its allegations of misconduct in connection with certain energy contracts;

- Conferring with the Oversight Board and its other advisors in connection with attempts by the Puerto Rico Legislature to obtain control of PREPA and its property, specifically, House Joint Resolution 88 and Senate Bill 213 seeking to impose a legislative approval requirement for various PREPA actions and to postpone implementation of the O&M Agreement in violation of PROMESA and inconsistent with the certified fiscal plan; and

- Updating the Oversight Board on litigation developments and ongoing discovery.

(b) <u>Legal Research (Project Category 202)</u>
(Fees: $100,056.90; Hours: 117.30)

41.     This Project Category includes time spent researching and analyzing legal issues, as well as time spent drafting internal memoranda and/or draft briefs related to such research and analysis, to the extent that such is not expressly covered by another Project Category. Specifically, Proskauer attorneys spent time:

- Researching and analyzing a wide variety of issues related to the Debtor's proposed restructuring and formulation of a PREPA proposed plan of adjustment, including among others, exit financing related issues and confirmation standards;

- Researching and analyzing a wide variety of issues related to transitioning the operation of the T&D System to LUMA Energy, including among others, issues concerning rejection and assumption of PPOAs and related administrative expense claims; and

- Researching and analyzing a wide variety of issues related to PREPA's employees retirement system and pensions.

(c) <u>Communications with Claimholders (Project Category 204)</u>
(Fees: $12,795.00; Hours: 15.00)

42.     This Project Category includes time spent communicating with the Debtor's various claimholders. Specifically, Proskauer attorneys spent time preparing for and participating in monthly court-ordered mediation sessions with PREPA creditors.

(d)   Communications with the Commonwealth, its Instrumentalities or Representatives of
the Commonwealth or its Instrumentalities (Project Category 205)
(Fees:  $30,622.70; Hours:  35.90)

43.   This Project Category includes time spent communicating with the
Commonwealth's representatives in various Title III related matters, to the extent not expressly
covered by another Project Category.  Specifically, Proskauer attorneys spent time:

- Reviewing and analyzing communications from Greenbrair and PBJL Energy
Corporation regarding alleged misconduct by the Oversight Board in awarding
certain renewable energy contracts, and advising the Board and drafting the
Board's responses to the allegations;

- Reviewing and analyzing House Joint Resolution 88 and Senate Bill 213,
conferring with the Oversight Board's other advisors, and advising the Board and
drafting the Board's letter to the Governor and Legislature opposing enactment of
the proposed bills;

- Reviewing and analyzing communications from the House Speaker concerning his
opposition to the proposed budget amendments to fund the PREPA reserve account
and requests for related revisions to the O&M Agreement, and advising the Board
and drafting the Board's response to the House Speaker in support of the O&M
Agreement; and

- Communicating with counsel for AAFAF regarding proposed pension reforms
issues and litigation updates.

(e)   Documents Filed on Behalf of the Board (Project Category 206)
(Fees:  $419,164.20; Hours:  491.40)

44.   This Project Category includes time spent drafting various pleadings filed on
behalf of the Debtor, to the extent not expressly covered by another Project Category.
Specifically, Proskauer attorneys spent time:

- Conducting legal and factual research, conferring with the Oversight Board's other
advisors and with counsel for PREPA and AAFAF, and drafting relevant portions
of the Government Parties' joint March and May status reports apprising the Court
of the Debtor's condition in connection with the COVID-19 pandemic and the
status of the PREPA 9019 Motion, and relevant portions of the Government
Parties' joint reply to the UCC's and Fuel Lenders' opposition to the Government
Parties' May status report;

- Conducting research and analysis and drafting the Debtor's omnibus reply in
support of the motion for an order authorizing rejection of certain PPOAs with
Windmar, M Solar Generating, LLC, and YFN Yabucoa Solar, LLC;

35

- Conducting research and analysis and drafting the relevant potions of the Government Parties' motion requesting the Title III Court to allow an administrative expense claim for amounts to be paid to LUMA Energy during the interim period under a supplemental agreement and the T&D Contract ("LUMA Administrative Expense Motion"), a stipulation in connection with related discovery propounded by the UCC and UTIER, the Government Parties' omnibus reply in support of the LUMA Administrative Expense Motion, and a proposed complaint concerning actions by the Puerto Rico Legislature related to the transfer of the T&D System to LUMA Energy and the PREPA restructuring;

- Conducting further analysis of multiple creditors' claims filed against the Debtor and the claimants' responses to the Debtor's omnibus objections, and drafting additional omnibus objections and replies in support of the previously filed ones; and

- Drafting multiple informative motions and pleadings related to scheduling and extensions of deadlines.

(f)   Analysis and Strategy (Project Category 210)
(Fees:  $984,703.20; Hours: 1,154.40)

45.   This Project Category includes time spent related to legal analysis on, and strategic approach to, the Debtor's Title III Case and various issues relating thereto, including (a) meetings to discuss strategic case considerations, the status of various work streams, and next steps; (b) all Proskauer internal meetings, to the extent not expressly covered by another Project Category; and (c) preparing for and participating in discovery, including collection, review, and production of responsive non-privileged materials, and analyzing document production by other parties. Specifically, Proskauer attorneys spent time reviewing and analyzing a wide variety of reports, memoranda, financial analyses, press releases, pleadings, and court orders, drafting and updating tasks and issues lists, preparing for and participating in Proskauer internal meetings on further developing litigation, appellate, and discovery strategy, and on litigation and appellate issues pending in these complex and time sensitive Title III cases, preparing for and participating in Proskauer internal meetings on issues related to the PREPA proposed plan of adjustment, PREPA RSA, transfer of the T&D System to LUMA Energy, and drafting internal memoranda to Proskauer litigation and restructuring teams.

36

(g)   General Administration (Project Category 212)
(Fees: $40,164.80; Hours: 137.80)

46.     This Project Category includes time spent on general administration of the

Debtor's Title III Case, including (a) case status and coordination activities; (b) tasks relating to

the filing of documents in court, including affidavits of service and service mailings; and (c)

internal filing and organization of case documents to ensure easy, fast, and free accessibility by

the Proskauer team, the Debtor, and other parties in interest.

(h)   Labor, Pension Matters (Project Category 213)
(Fees: $18,510.10; Hours: 21.70)

47.     This Project Category includes time spent addressing the Debtor's employee and

retiree benefits issues.  Specifically, Proskauer attorneys spent time conducting research and

analysis and conferring with the Oversight Board's other  advisors on benefits and pension issues

related to transitioning the operation of Puerto Rico's energy transmission and distribution system

to LUMA Energy.

(i)   Plan of Adjustment and Disclosure Statement (Project Category 215)
(Fees: $600,256.10; Hours: 703.70)

48.     This Project Category includes time spent on issues related to the formulation of

the Debtor's proposed Title III plan of adjustment.  Specifically, Proskauer attorneys spent time

conferring with the Oversight Board and its other advisors, researching and analyzing a wide

variety of factual and legal issues and materials related to the restructuring and transformation of

the Debtor, participating in strategy meetings with the Oversight Board's advisors, experts, and

consultants, and drafting and revising the Debtor's proposed plan of adjustment and related

disclosure statement.

(j)   Tax (Project Category 217)
(Fees: $9,980.10; Hours: 11.70)

49.     This Project Category includes time spent on tax matters involving the Debtor.

37

Specifically, Proskauer attorneys spent time reviewing and analyzing a wide variety of tax related issues and drafting and modifying tax related provisions and disclosures in the Debtor's proposed plan of adjustment and disclosure statement.

(k)   Employment and Fee Applications (Project Category 218)
(Fees: $13,746.50; Hours: 39.90)

50.   This Project Category includes time spent on issues related to the compensation of Proskauer, and the retention and compensation of other Oversight Board professionals, including the preparation of interim fee applications. Specifically, Proskauer attorneys and paraprofessionals spent time drafting Proskauer's Tenth and Eleventh Interim Fee Applications.

## II.   Matter No. 33260.0055 (PREPA Title III – Vitol)

51.   This matter number covers time spent working on adversary proceedings involving Vitol S.A., including *Autoridad de Energia Electrica de P.R. v. Vitol Inc.*, Adv. Proc. No. 19-00453 (the "Vitol Adversary Proceeding"), and any appeals related thereto.

(a)   Hearings and Other Non-Filed Communications with the Court (Project Category 203)
(Fees: $17,145.30; Hours: 20.10)

52.   This Project Category includes time spent communicating with the Court and reviewing the Court's communications and procedures. Specifically, Proskauer attorneys spent time preparing for and defending the Oversight Board's and Debtor's position at the oral argument on cross-motions for summary judgment.

(b)   Documents Filed on Behalf of the Board (Project Category 206)
(Fees: $313,989.30; Hours: 368.10)

53.   This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category. Specifically, Proskauer attorneys spent time reviewing and analyzing Vitol's motion for summary judgment and supporting statements of fact and declarations, conducting legal research, reviewing

deposition transcripts, analyzing factual background, further developing the Oversight Board's litigation strategy, and drafting the Debtor's reply in support of its cross-motion for summary judgment on claims and counter-claims and a related statement of material facts, and, in compliance with the Title III Court's order, drafting the relevant sections of the joint status report and joint informative motion setting forth the parties' position concerning the additional submission of evidence by Vitol.

(c) Analysis and Strategy (Project Category 210)
(Fees: $141,853.90; Hours: 166.30)

54.     This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the Debtor's Title III Case and various issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.

(d) General Administration (Project Category 212)
(Fees:  $40,710.90; Hours:  139.90)

55.     This Project Category includes time spent on general administration of the Debtor's Title III Case, including (a) case status and coordination activities; (b) tasks relating to the filing of documents in court, including affidavits of service and service mailings; and (c) internal filing and organization of case documents to ensure easy, fast, and free accessibility by the Proskauer team, the Debtor, and other parties in interest.

**III.   Matter No. 33260.0056 (PREPA Title III – UTIER CBA)**

56.     This matter number covers time spent relating to the challenge brought by UTIER to the PREPA and Commonwealth fiscal plans and budgets related to the alleged impairment of the UTIER collective bargaining agreement ("UTIER") caused by certain legislative acts, including

*UTIER v. PREPA*, Adv. Proc. No. 17-00229 (the "UTIER CBA Adversary Proceeding"), and any appeals related thereto.

    (a)   Legal Research (Project Category 202)
        (Fees: $9,724.20; Hours: 11.40)

    57.    This Project Category includes time spent researching and analyzing legal issues, as well as time spent drafting internal memoranda and/or draft briefs related to such research and analysis, to the extent that such is not expressly covered by another Project Category. Specifically, Proskauer attorneys spent time researching and analyzing issues related to motions *in limine* filed by the plaintiff and to the Contract Clauses of the U.S. and Puerto Rico Constitutions for the relevant portions of the defendants' joint motion for summary judgment on remaining counts of the third amended complaint.

    (b)   Communications with Claimholders (Project Category 204)
        (Fees: $8,615.30; Hours: 10.10)

    58.    This Project Category includes time spent communicating with the Debtor's various claimholders. Specifically, Proskauer attorneys spent time communicating with counsel for UTIER on discovery related issues, drafting meet-and-confer letters, and participating in meet-and-confer conferences regarding dispositive motions.

    (c)   Documents Filed on Behalf of the Board (Project Category 206)
        (Fees: $660,648.50; Hours: 774.50)

    59.    This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category. Specifically, Proskauer attorneys spent time conducting legal research, analyzing factual background, and drafting the joint stipulation regarding previously dismissed claims, PREPA and the Commonwealth's answer to plaintiff's third amended complaint, and relevant portions of the defendants' amended joint motion to dismiss and the defendants' joint motion for summary

40

judgment dismissing plaintiff's claims under the Contract Clauses of the U.S. and Puerto Rico Constitutions, the only remaining claims in the adversary proceeding, and supporting declarations.

(d)   Non-Board Court Filings (Project Category 207)
      (Fees:  $17,571.80; Hours:  20.60)

60.   This Project Category includes time spent reviewing and commenting on Court orders and filings made by other parties in the Debtor's Title III Case, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time reviewing and analyzing the plaintiff's third amended complaint and plaintiff's motions *in limine* to exclude defendants' expert testimony.

(e)   Analysis and Strategy (Project Category 210)
      (Fees: $48,962.20; Hours: 57.40)

61.   This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the Debtor's Title III Case and various issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.

(f)   General Administration (Project Category 212)
      (Fees:  $74,910.20; Hours:  257.20)

62.   This Project Category includes time spent on general administration of the Debtor's Title III Case, including (a) case status and coordination activities; (b) tasks relating to the filing of documents in court, including affidavits of service and service mailings; and (c) internal filing and organization of case documents to ensure easy, fast, and free accessibility by the Proskauer team, the Debtor, and other parties in interest.

## IV.   Matter No. 33260.0059 (PREPA Title III – Miscellaneous)

63.     This matter number covers time spent working on miscellaneous motions and adversary proceedings, including motions for relief from the Title III stay and any appeals related thereto.

(a)   General Administration (Project Category 212)
(Fees:  $13,240.50; Hours: 45.50)

64.     This Project Category includes time spent on general administration of the Debtor's Title III Case, including (a) case status and coordination activities; (b) tasks relating to the filing of documents in court, including affidavits of service and service mailings; and (c) internal filing and organization of case documents to ensure easy, fast, and free accessibility by the Proskauer team, the Debtor, and other parties in interest.

(b)   Appeal (Project Category 219)
(Fees: $919,278.10; Hours: 1,077.70)

65.     This Project Category includes time spent participating in appellate proceedings on behalf of the Oversight Board as representative of the Debtor, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time:

- Reviewing and analyzing the appellant's opening brief and reply in support, conferring with counsel for AAFAF and individual appellees, developing the Oversight Board's appellate strategy, and preparing for and defending the Oversight Board's position at the oral argument in the First Circuit appeal filed by SREAEE from the Title III Court order granting the defendants' joint motion to dismiss the plaintiffs' second amended complaint.  *Rivera-Rivera v. FOMB*, Case No. 20-1797 (1st Cir.);

- Analyzing the appellants' opening briefs, conducting legal and factual research, analyzing the power supply contracts at issue, developing the Oversight Board's appellate strategy, drafting the Oversight Board's responsive brief, preparing for and defending the Oversight Board's position at the oral argument, and drafting a response to the appellants' Rule 28(j) submission clarifying their oral argument contention in the consolidated First Circuit appeal filed by certain environmental groups, UTIER, and Windmar from the Title III Court order authorizing PREPA to assume certain natural gas related contracts with Ecoeléctrica, L.P. and Gas Natural Aprovisionamientos SDG, S.A. *Campamento Contra las Cenizas en*

*Peñuelas, Inc. v. FOMB,* Case No. 20-1685; *UTIER v. FOMB,* Case No. 20-1709; and *Windmar Renewable Energy, Inc. v. FOMB,* Case No. 20-1710 (1st Cir.);

- Reviewing and analyzing the appellants' opening brief and reply in support, conducting legal and factual research, developing the Oversight Board's appellate strategy, drafting the Oversight Board's responsive brief, and preparing to defend the Oversight Board's position at the oral argument in the First Circuit appeal filed by UTIER and SREAEE from the Title III Court order granting in part the a motion to allow LUMA Energy's administrative expense claims. *UTIER v. PREPA*, Case No. 20-2041 (1st Cir.); and

- Conducting legal research, reviewing and analyzing the UCC's response to the First Circuit order to show cause, and drafting the Oversight Board's reply in support of the dismissal of the appeal for lack of subject matter jurisdiction in the First Circuit appeal filed by the UCC from the Title III Court orders denying the UCC's motion to terminate the 9019 Motion and related UCC requests to compel discovery concerning the viability of the PREPA RSA. *UCC v. FOMB*, Case No. 20-2162 (1st Cir.).

## V.    Matter No. 33260.0085 (PREPA Title III – Cobra Acquisitions LLC)

66.    This matter number covers time spent relating to Cobra Acquisitions LLC's *Motion for Allowance and Payment of Administrative Expense Claims* seeking a Court order allowing payment of expenses incurred pursuant to two post-petition contracts with the Debtor for the restoration of Puerto Rico's power grid devastated by hurricanes Irma and Maria [ECF No. 8789] (the "Cobra Administrative Expense Motion"), *Cobra Acquisitions LLC's Urgent Motion to Modify the Stay Order and Allow the Undisputed Tax Claims Amount* [ECF No. 12531] (the "Cobra Tax Claim Motion"), and *Cobra Acquisitions LLC's Motion to Lift the Stay Order* [ECF No. 16328] (the "Cobra Lift Stay Motion"), and any appeals related thereto.

(a)    Documents Filed on Behalf of the Board (Project Category 206)
        (Fees: $23,798.70; Hours: 27.90)

67.    This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category. Specifically, Proskauer attorneys spent time conducting research and analysis, conferring with

43

counsel for AAFAF and opposing counsel, and drafting the relevant portions of the motion to extend the response deadline and adjourn a hearing, and the June Cobra status report.

(b)  Stay Matters (Project Category 208)
     (Fees: $23,713.40; Hours: 27.80)

68.    This Project Category includes time spent analyzing and researching stay issues in the Debtor's Title III Case and drafting various pleadings related to stay issues.  Specifically, Proskauer attorneys spent time conducting legal and factual research and analysis, conferring with counsel for AAFAF, and drafting relevant portions of the joint Oversight Board, PREPA, and AAFAF opposition to the Cobra Lift Stay Motion.

(c)  Analysis and Strategy (Project Category 210)
     (Fees: $31,390.40; Hours: 36.80)

69.    This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.

## VI.    Matter No. 33260.0102 (PREPA Title III – Catesby Jones)

70.    This matter number covers time spent relating to the declaratory judgment action brought by certain electricity ratepayers in Puerto Rico (the "Ratepayers") against the Debtor seeking an order finding that the claims asserted by the Debtor in *SCC v. Inspectorate America Corp.*, Adv. Proc. No. 19-00388, are not the assets of the Debtor's estate, that the certified class of ratepayers in *Ismael Marrero Rolon v. Autoridad de Energia Electrica*, No. 3:15-cv-01167-JAG (D.P.R.) are the appropriate holders of those claims, and granting relief from the automatic stay to permit the Ratepayers to pursue their direct claims against the Debtor in the *Ismael*

*Marrero Rolon* case, *Catesby Jones v. PREPA*, Adv. Proc. No. 20-00115 (the "Catesby Jones
Adversary Proceeding"), and any appeals related thereto.

    (a)   Legal Research (Project Category 202)
           (Fees: $42,308.80; Hours: 49.60)

      71.    This Project Category includes time spent researching and analyzing legal issues,
as well as time spent drafting internal memoranda and/or draft briefs related to such research and
analysis, to the extent that such is not expressly covered by another Project Category.
Specifically, Proskauer attorneys spent time researching and analyzing a wide variety of issues
related to the Ratepayers' second amended complaint, including among others, derivative claims,
preference and fraudulent conveyance actions, and trustee recovery rights, and developing the
Oversight Board's litigation strategy for the motion to dismiss plaintiff's second amended
complaint.

    (b)   Communications with Claimholders (Project Category 204)
           (Fees: $13,221.50; Hours: 15.50)

      72.    This Project Category includes time spent communicating with the Debtor's
various claimholders.  Specifically, Proskauer attorneys spent time drafting meet-and-confer
letters, reviewing the plaintiffs' meet-and-confer communications, and preparing for and
participating in the meet-and-confer call regarding the motion to dismiss plaintiffs' second
amended complaint.

    (c)   Documents Filed on Behalf of the Board (Project Category 206)
           (Fees: $228,859.90; Hours:  268.30)

      73.    This Project Category includes time spent drafting various pleadings filed on
behalf of the Debtor, to the extent not expressly covered by another Project Category.
Specifically, Proskauer attorneys spent time reviewing and analyzing the plaintiffs' second
amended complaint, conducting legal and factual research, and drafting the Debtor's motion to

dismiss Counts I and II of the second amended complaint and reply in support.

    (d)  <u>Non-Board Court Filings (Project Category 207)</u>
        (Fees: <u>$16,036.40</u>; Hours: <u>18.80</u>)

    74.    This Project Category includes time spent reviewing and commenting on Court orders and filings made by other parties in the Debtor's Title III Case, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time reviewing and analyzing the plaintiffs' second amended complaint and plaintiffs' opposition to the Debtor's motion to dismiss.

    (e)  <u>Analysis and Strategy (Project Category 210)</u>
        (Fees: <u>$69,348.90</u>; Hours: <u>81.30</u>)

    75.    This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the Debtor's Title III Case and various issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.

    (f)  <u>General Administration (Project Category 212)</u>
        (Fees: <u>$10,534.20</u>; Hours: <u>36.20</u>)

    76.    This Project Category includes time spent on general administration of the Debtor's Title III Case, including (a) case status and coordination activities; (b) tasks relating to the filing of documents in court, including affidavits of service and service mailings; and (c) internal filing and organization of case documents to ensure easy, fast, and free accessibility by the Proskauer team, the Debtor, and other parties in interest.

## VII.    <u>Matter No. 33260.0105 (PREPA Title III – PV Properties, Inc.)</u>

    77.    This matter covers time spent relating to the action brought by PV Properties, Inc., the owner of electric power generating systems distributed within the Windmar Group, against the

Debtor seeking an order mandating the Debtor to purchase renewable energy certificates from the plaintiff pursuant to the Renewable Energy Act and Law on Energy Public Policy of Puerto Rico, *PV Properties, Inc. v. PREPA*, Adv. Proc. No. 20-00142 (the "PV Properties Adversary Proceeding"), and any appeals related thereto.

    (a)   Documents Filed on Behalf of the Board (Project Category 206)
            (Fees: $78,987.80; Hours: 92.60)

        78.    This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category. Specifically, Proskauer attorneys spent time reviewing and analyzing the plaintiff's initial and amended complaints, conducting legal and factual research, developing the Oversight Board's litigation strategy, and drafting a motion to dismiss the PV Properties Adversary Proceeding and related reply in support.

    (b)   Analysis and Strategy (Project Category 210)
            (Fees: $22,775.10; Hours: 26.70)

        79.    This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the Debtor's Title III Case and various issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.

    (c)   General Administration (Project Category 212)
            (Fees: $4,277.70; Hours: 14.70)

        80.    This Project Category includes time spent on general administration of the Debtor's Title III Case, including (a) case status and coordination activities; (b) tasks relating to the filing of documents in court, including affidavits of service and service mailings; and (c)

internal filing and organization of case documents to ensure easy, fast' and free accessibility by the Proskauer team, the Debtor, and other parties in interest.

### VIII. Matter No. 33260.0110 (PREPA Title III – UTIER/ LUMA Adversary Proceeding)

81.     This matter number covers time spent on opposing the challenges to transitioning of the maintenance and operation of the T&D System to LUMA Energy and the O&M Agreement, including *UTIER v. Pierluisi-Urrutia*, Adv. Proc. No. 21-0041 (the "UTIER/LUMA Adversary Proceeding"), and any appeals related thereto.

(a)   Legal Research (Project Category 202)
        (Fees:  $14,842.20; Hours: 17.40)

82.     This Project Category includes time spent researching and analyzing legal issues, as well as time spent drafting internal memoranda and/or draft briefs related to such research and analysis, to the extent that such is not expressly covered by another Project Category. Specifically, Proskauer attorneys spent time researching and analyzing various legal issues and developing the Oversight Board's litigation strategy in opposing the plaintiff's request in the UTIER/LUMA Adversary Proceeding seeking a Title III Court order declaring the O&M Agreement null and void and enjoining the execution of the O&M Agreement.

(b)   Hearings and Other Non-Filed Communications with the Court (Project Category 203)
        (Fees:  $16,036.40; Hours: 18.80)

83.     This Project Category includes time spent communicating with the Court and reviewing the Court's communications and procedures. Specifically, Proskauer attorneys spent time preparing for the oral argument and arguing the Oversight Board's opposition to UTIER's motion for preliminary injunction, and analyzing the proceedings for any impact on other Title III litigation.

(c)   Documents Filed on Behalf of the Board (Project Category 206)
        (Fees: $207,534.90; Hours: 243.30)

84.     This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category. Specifically, Proskauer attorneys spent time reviewing and analyzing UTIER's amended complaint and motion for preliminary injunction, conducting legal research and analyzing various related agreements, conferring with counsel for other defendants and the Board's other advisors, developing the Oversight Board's litigation strategy, and drafting the relevant portions of the defendants' joint opposition to the preliminary injunction motion, declaration of N. Jaresko in support of the opposition, response to the plaintiffs' motion *in limine* to exclude the Jaresko declaration, and upon Title III Court denying plaintiffs' request for injunctive relief, drafting relevant portions of the defendants' joint opposition to the plaintiffs' motion for reconsideration.

(d)   Non-Board Court Filings (Project Category 207)
       (Fees:  $62,866.10; Hours:  73.70)

85.     This Project Category includes time spent reviewing and commenting on Court orders and filings made by other parties in the Debtor's Title III Case, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time reviewing and analyzing the plaintiffs' amended complaint and motion for preliminary injunction to enjoin the execution of the O&M Agreement, plaintiffs' reply in support of the motion and motions *in limine* to exclude testimony of the defendants' witnesses, the Title III Court order denying the injunctive relief, and plaintiffs' motion for reconsideration and reply in support.

(e)   Analysis and Strategy (Project Category 210)
       (Fees: $305,971.10; Hours: 358.70)

86.     This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the Debtor's Title III Case and various issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings, except those

49

specifically dealing with an issue covered by another Project Category.  Specifically, Proskauer attorneys spent time, among other things: (i) reviewing, analyzing, and engaging in strategic discussions related to (a) UTIER's complaint against the Oversight Board, (b) Puerto Rico legislation, including Act 17 and Act 120, (c) a request for a preliminary injunction and related documents; (ii) corresponding with co-defendants' counsel regarding UTIER's complaint; (iii) engaging in strategic discussions relating to responsive filings to complaint and preliminary injunction motion; and (iv) reviewing, analyzing, and engaging in strategic discussions related to UTIER's reply in support of its motion for a preliminary injunction.

 (f) General Administration (Project Category 212)
   (Fees:  $8,555.40; Hours:  29.40)

   87. This Project Category includes time spent on general administration of the Debtor's Title III Case, including (a) case status and coordination activities; (b) tasks relating to the filing of documents in court, including affidavits of service and service mailings; and (c) internal filing and organization of case documents to ensure easy, fast, and free accessibility by the Proskauer team, the Debtor, and other parties in interest.

 (g) Labor, Pension Matters (Project Category 213)
   (Fees: $96,900.80; Hours: 113.60)

   88. This Project Category includes time spent reviewing employee and retiree benefits issues.  Specifically, Proskauer attorneys spent time conferring with the Oversight Board and its other advisors on labor issues related to the UTIER complaint, researching and analyzing related ERISA provisions, issues of preemption and standing, and Puerto Rico state law and its impact on the LUMA Energy transaction for the Oversight Board's opposition to plaintiff's request for injunctive relief.

*  *  *  *

50

89.     The foregoing professional services performed by Proskauer on behalf of the Oversight Board as representative of the Debtor during the Compensation Period were reasonable, necessary, appropriate, and beneficial when rendered, facilitated the effective administration of the Debtor's Title III Case, and were in the best interests of the Oversight Board and the Debtor's creditors, residents, and other stakeholders.  Compensation for the foregoing services as requested is commensurate with the complexity, importance, and time-sensitive nature of the problems, issues, and tasks involved.  The professional services were performed with expedition and in an efficient manner.

90.     In accordance with the factors enumerated in the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of the Debtor's Title III Case; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; (e) Proskauer's established expertise in the bankruptcy field; and (f) the costs of comparable services other than in a case under the Bankruptcy Code.

**Actual and Necessary Expenses of Proskauer**

91.     Pursuant to the Guidelines, **Schedule 4** is Proskauer's summary of actual and necessary expenses incurred on behalf of the Oversight Board as representative of the Debtor during the Compensation Period.

92.     In accordance with paragraph C.13 of the Appendix B Guidelines and as more fully itemized in **Schedule 4**, Proskauer seeks reimbursement for its necessary and reasonable expenses, including: (a) reproduction, (b) online research, (c) conference services, (d) delivery services and couriers, (e) transcription and translation services, (f) litigation support, (g) court fees, and (h) professional services.  All expense entries detailed in **Exhibit B** comply with the requirements set forth in the Guidelines, including an itemization of the expenses by category, the

51

date the expense was incurred, and the individual incurring the expense, where available.  The reasons for the expenses are self-explanatory.  In compliance with Appendix B Guidelines paragraph C.13, the requested expenses are of the kind customarily charged to Proskauer's chapter 11 and non-bankruptcy clients and by other comparable professionals.

93.     Proskauer generally charges from $0.10 (black and white) to $0.30 (color) per page for photocopying expenses. The rates charged by the firm for Westlaw and Lexis computerized research vary according to the type of research conducted and the specific files researched, but, in any event, Proskauer does not profit from the use of computer assisted legal research, as set forth in **Schedule 4**.  As per the Appendix B Guidelines, Proskauer has not requested reimbursement of expenses related to overhead charges, such as secretarial services and proofreading.  The expenditures Proskauer is seeking reimbursement for and which are reflected on **Schedule 4** are all of the type customarily billed to clients.

94.     During the Compensation Period, Proskauer has disbursed **$184,992.83** as necessary and reasonable expenses. These charges cover Proskauer's direct operating costs, which costs are not incorporated into the firm's hourly billing rates (because to do so would impose that cost upon clients who do not benefit from extensive photocopying and other facilities and services).  Proskauer has made every effort to minimize its expenses in the Debtor's Title III Case.  The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to effectively serve the needs of the Debtor in its Title III case.

### Compensation Paid and Its Source

95.     All services for which Proskauer seeks compensation, and expenses for which it seeks reimbursement, were performed on behalf of the Oversight Board as representative of the

Debtor.  In connection with the matters covered by this Application, Proskauer received no

payment and no promises of payment for services rendered, or to be rendered, from any source

other than the Debtor.  There is no agreement or understanding between Proskauer and any other

person, other than members of the firm, for the sharing of compensation received for services

rendered in this Title III case.

96.    PROMESA sections 316 and 317 provide for interim compensation of

professionals and govern the Court's award of such compensation.  PROMESA section 316

provides that a court may award a professional person employed by the Debtor or the Oversight

Board under PROMESA "(1) reasonable compensation for actual, necessary services rendered by

the professional person, or attorney and by any paraprofessional person employed by any such

person; and (2) reimbursement for actual, necessary expenses."  PROMESA § 316(a).  Section

316 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded . . . the court
> shall consider the nature, the extent, and the value of such services, taking into
> account all relevant factors, including—
>
> (1) the time spent on such services;
>
> (2) the rates charged for such services;
>
> (3) whether the services were necessary to the administration of, or
> beneficial at the time at which the service was rendered toward the
> completion of, a case under this chapter;
>
> (4) whether the services were performed within a reasonable amount of
> time commensurate with the complexity, importance, and nature of the
> problem, issue, or task addressed;
>
> (5) with respect to a professional person, whether the person is board
> certified or otherwise has demonstrated skill and experience in the
> bankruptcy field; and
>
> (6) whether the compensation is reasonable based on the customary
> compensation charged by comparably skilled practitioners in cases
> other than cases under this subchapter or title 11.

PROMESA § 316(c).

97.    As noted above, the professional services and expenditures for which Proskauer seeks compensation and reimbursement in this Application were necessary and beneficial to the Oversight Board as representative of the Debtor, and included, among other things, anticipating or responding to the Oversight Board's needs and assisting in the Oversight Board's navigation of the Debtor's very complex Title III case.  The compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Oversight Board.  The Oversight Board has reviewed and approved this Application.

### Reservations

98.    To the extent time or disbursement charges for services rendered or expenses incurred relate to the Compensation Period but were not processed prior to the preparation of this Application, or Proskauer has for any other reason not yet sought compensation or reimbursement of expenses herein with respect to any services rendered or expenses incurred during the Compensation Period, Proskauer reserves the right to request compensation for such services and reimbursement of such expenses in a future application.

### Notice

99.    Pursuant to the Interim Compensation Order and the *Fifteenth Amended Notice, Case Management and Administrative Procedures* [ECF No. 17127-1], notice of this Application has been filed in the Debtor's Title III Case and the lead Commonwealth of Puerto Rico's Title III Case and served upon:

> (a) the Financial Oversight and Management Board, 40 Washington Square South, Office 314A, New York, NY 10012, Attn: Professor Arthur J. Gonzalez, Oversight Board Member;

> (b) attorneys for the Financial Oversight and Management Board as representative of The Commonwealth of Puerto Rico, O'Neill & Borges LLC,  250 Muñoz Rivera

Ave., Suite 800, San Juan, PR 00918-1813, Attn: Hermann D. Bauer, Esq. (hermann.bauer@oneillborges.com);

(c) attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP, 7 Times Square, New York, NY 10036, Attn: John J. Rapisardi, Esq. (jrapisardi@omm.com), Peter Friedman, Esq. (pfriedman@omm.com), and Maria J. DiConza, Esq. (mdiconza@omm.com);

(d) attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, Marini Pietrantoni Muñiz LLC, 250 Ponce de León Ave., Suite 900, San Juan, PR 00918, Attn.: Luis C. Marini-Biaggi, Esq. (lmarini@mpmlawpr.com), Carolina Velaz-Rivero, Esq. (cvelaz@mpmlawpr.com), and Iván Garau-González, Esq. (igarau@mpmlawpr.com);

(e) the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (*In re: Commonwealth of Puerto Rico*);

(f) attorneys for the Official Committee of Unsecured Creditors, Paul Hastings LLP, 200 Park Ave., New York, NY 10166, Attn: Luc A. Despins, Esq. (lucdespins@paulhastings.com), James Bliss, Esq. (jamesbliss@paulhastings.com), James Worthington, Esq. (jamesworthington@paulhastings.com), and G. Alexander Bongartz, Esq. (alexbongartz@paulhastings.com);

(g) attorneys for the Official Committee of Unsecured Creditors, Casillas, Santiago & Torres LLC, El Caribe Office Building, 53 Palmeras Street, Suite 1601, San Juan, PR 00901, Attn: Juan J. Casillas Ayala, Esq. (jcasillas@cstlawpr.com), Diana M. Batlle-Barasorda, Esq. (dbatlle@cstlawpr.com), Alberto J.E. Añeses Negrón, Esq. (aaneses@cstlawpr.com), and Ericka C. Montull-Novoa, Esq. (emontull@cstlawpr.com);

(h) attorneys for the Official Committee of Retired Employees, Jenner & Block LLP, 919 Third Ave., New York, NY 10022, Attn: Robert Gordon, Esq. (rgordon@jenner.com) and Richard Levin, Esq. (rlevin @jenner.com); and Jenner & Block LLP, 353 N. Clark Street, Chicago, IL 60654, Attn: Catherine L. Steege, Esq. (csteege@jenner.com);

(i) attorneys for the Official Committee of Retired Employees, Bennazar, García & Milián, C.S.P., Edificio Union Plaza, PH-A piso 18, Ave. Ponce de León #416, Hato Rey, San Juan, PR 00918, Attn: A.J. Bennazar-Zequeira, Esq. (ajb@bennazar.org);

(j) the Puerto Rico Department of Treasury, PO Box 9024140, San Juan, PR 00902-4140, Attn: Reylam Guerra Goderich, Deputy Assistant of Central Accounting (Reylam.Guerra@hacienda.pr.gov); Omar E. Rodríguez Pérez, CPA, Assistant Secretary of Central Accounting (Rodriguez.Omar@hacienda.pr.gov); Angel L. Pantoja Rodríguez, Deputy Assistant Secretary of Internal Revenue and Tax Policy (angel.pantoja@hacienda.pr.gov); Francisco Parés Alicea, Assistant Secretary of

55

Internal Revenue and Tax Policy (francisco.pares@hacienda.pr.gov); and Francisco Peña Montañez, CPA, Assistant Secretary of the Treasury (Francisco.Pena@hacienda.pr.gov);

(k) attorneys for the Fee Examiner, EDGE Legal Strategies, PSC, 252 Ponce de León Avenue, Citibank Tower, 12th Floor, San Juan, PR 00918, Attn: Eyck O. Lugo, Esq. (elugo@edgelegalpr.com); and

(l) attorneys for the Fee Examiner, Godfrey & Kahn, S.C., One East Main Street, Suite 500, Madison, WI 53703, Attn: Katherine Stadler, Esq. (KStadler@gklaw.com).

Proskauer submits that, in light of the foregoing, no other or further notice need be provided.

WHEREFORE Proskauer respectfully requests that the Court issue an order (a) allowing interim compensation for professional services rendered during the Compensation Period in the amount of **$5,901,381.30**, and allowing reimbursement for actual and necessary expenses Proskauer incurred in connection with such services during the Compensation Period in the amount of **$184,992.83**; (b) authorizing and directing the Debtor to pay promptly to Proskauer the difference between (i) the amount of interim compensation for professional services rendered and reimbursement of expenses incurred during the Compensation Period allowed hereunder, and (ii) the amounts for such compensation and expenses previously paid to Proskauer, consistent with the provisions of the Interim Compensation Order; (c) allowing such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred without prejudice to Proskauer's right to seek additional compensation for services performed and expenses incurred during the Compensation Period, which were not processed at the time of this Application or which arise from the accrued incremental fees from increased rates in the Engagement Letter; and (d) granting Proskauer such other and further relief as is just and proper.

*[Remainder of Page Intentionally Left Blank]*

Dated: January 5, 2022
    San Juan, Puerto Rico

Respectfully submitted,

*/s/ Martin J. Bienenstock*

Martin J. Bienenstock (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
Ehud Barak (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
    ppossinger@proskauer.com
    ebarak@proskauer.com

-and-

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205

*/s/ Ubaldo M.  Fernández*
Ubaldo M. Fernández
USDC No. 224807
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Attorneys for the Financial Oversight and Management Board as Representative of the Debtor*