UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO
et al.,

    Debtors.[1]

---------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

ORDER REGARDING PLAN MODIFICATIONS NECESSARY TO THE ENTRY OF AN ORDER
CONFIRMING PLAN OF ADJUSTMENT FOR THE COMMONWEALTH OF PUERTO RICO,
THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE
COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY

    The Court, having received and reviewed the Debtors' *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* dated December 20, 2021 (Docket Entry No. 19568 in Case No. 17-3283, the "Fifth Modified Eighth Revised

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Plan" or "Proposed Plan"),² and having reviewed carefully the parties' submissions in connection therewith, including the *Notice of Filing of Revised Proposed Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (Docket Entry No. 19571, the "Proposed Confirmation Order") and the *Notice of Filing Revised Proposed Findings of Fact and Conclusions of Law in Connection with Confirmation of the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (Docket Entry No. 19570, the "Proposed FFCL" and, together with the Proposed Plan and the Proposed Confirmation Order, the "Proposed Plan Materials") filed by the Debtors to correct certain materially problematic aspects of previous versions of the Proposed Plan Materials,³ has identified certain discrepancies in the Proposed Plan and corrections that need to be made and submitted in the form of a further revised plan (the "Sixth Modified Eighth Amended Plan"). The Court is prepared to file its findings of fact and conclusions of law in materially the same form as **Attachment 1** to this Order, concurrently with a confirmation order in materially the same form as **Attachment 2** to this Order,⁴ promptly upon the Debtors' filing of a Sixth Modified Eighth Amended Plan that conforms with paragraphs 4, 65, 77-79, 91, 105, 125 & n.27, 151, 153-55, 156, 160, 162-63, 165-69 & nn.37-42, of the findings of fact and conclusions of law as set forth in **Attachment 1** hereto, and paragraphs 2,

---

² All docket references are to entries in Case No. 17-3283 unless otherwise indicated.

³ These issues were identified in the Court's *Order Regarding Certain Aspects of Motion for Confirmation of Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (Docket Entry No. 19517.)

⁴ Exhibits to Attachments 1 and 2 have been omitted. Although not included here, Exhibit A to the findings of fact and conclusions of law would be the same as the Exhibit A filed by the Debtors with the Proposed FFCL other than the removal of Act 80-2020, Act 81-2020, and Act 82-2020.

3(b), 39(a) & n.8, 39(c) & n.9, 73, and 76 of the confirmation order as set forth in **Attachment 2** hereto. For the avoidance of doubt, the following sections of the Proposed Plan must be modified as follows:

    (a)    With respect to Eminent Domain and Inverse Condemnation Claims, revisions must be made, but not limited, to sections 1.178, 1.285, 4.1(bbb), 58.1, 62.2, 62.3, 82.1(b), and 84.1[5] to—

        (i)    Conform to the Alternative Full-Payment Proposal (as that term is defined in **Attachment 1** hereto and provided for in sections 58.1 and 77.1(e) of the Proposed Plan) such that, as of the Effective Date, and upon the effective date of a Final Order of a court of competent jurisdiction determining the validity and amount of just compensation attributable to an Allowed Eminent Domain Claim or Allowed Inverse Condemnation Claim, the holder of such a Claim shall be entitled to receive, in full consideration, satisfaction, release, and exchange of such holder's unpaid balance of its Allowed Eminent Domain/Inverse Condemnation Claim, in Cash, one hundred percent (100%) of such Allowed Eminent Domain/Inverse Condemnation Claim;

        (ii)    Clarify that Allowed Eminent Domain/Inverse Condemnation Claims shall not be treated in any way as CW General Unsecured Claims for purposes of distribution; and

        (iii)    Confirm that nothing in the Sixth Modified Eighth Amended Plan shall prevent, or be construed to prevent, any determination of just compensation by a court of competent jurisdiction from including, where appropriate, interest on an Allowed Eminent Domain/Inverse Condemnation Claim.

    (b)    With respect to preemption, section 89.3 of the Fifth Modified Eighth Amended Plan and Exhibit K thereto must be revised such that they are limited to the scope of preemption set forth in paragraphs 151 and 153-55 of the findings of fact and conclusions of law as set forth in **Attachment 1** hereto and paragraph 3(B) of the confirmation order as set forth in **Attachment 2** hereto, including the removal of Act 80-2020, Act 81-2020, and Act 82-2020 from Exhibit K.

---

[5] The foregoing list is not intended to be exclusive and if further changes are necessary to ensure consistency within the Sixth Modified Eighth Amended Plan, such changes shall be made. The Oversight Board shall, in particular, consider whether modifications are also necessary to sections 1.393, 82.7, 85.1(c), 85.2, and/or 86.2 of the Sixth Modified Eighth Amended Plan.

    (c)    The Oversight Board is further directed to review and suggest any necessary clarification of the language the Debtors have proposed for paragraph 61(e) of the confirmation order as set forth in **Attachment 2** hereto, including the first three words therein, and the Debtors' use of the defined term "Related Persons" in connection with AFSCME in the Proposed Plan, the findings of fact and conclusions of law as set forth in **Attachment 1** hereto, and the confirmation order as set forth in **Attachment 2** hereto.[6]

Overruled objections and the Oversight Board's positions as to the proper scope of preemption and the proper treatment of Eminent Domain/Inverse Condemnation Claims are preserved for appeal. The Oversight Board shall file a compliant Sixth Modified Eighth Amended Plan by **January 14, 2022**, at **11:59 p.m. (Atlantic Standard Time)**.

SO ORDERED.

Dated: January 10, 2022

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

---

[6] Specifically, but without limitation, the Oversight Board shall consider whether modifications are necessary to: sections 92.2(a), 92.3, 92.7(e), 92.9, 92.11(e) of the Sixth Modified Eighth Amended Plan; paragraphs 56(a), 59, 61(e), 64, and 65(f) of the confirmation order as set forth in **Attachment 2** hereto; and, paragraph 237 of the findings of fact and conclusions of law as set forth in **Attachment 1** hereto.