## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| **In re:** | : | **PROMESA** |
| | : | **Title III** |
| **THE FINANCIAL OVERSIGHT AND** | : | |
| **MANAGEMENT BOARD FOR PUERTO RICO.** | : | **Case No. 17-3283 (LTS)** |
| **as representative of** | : | **(Jointly Administered)** |
| **THE COMMONWEALTH OF PUERTO RICO et al.,** | : | |
| **Debtors[1].** | : | |

———————————————————

| | |
|---|---|
| **THE SPECIAL CLAIMS COMMITTEE OF THE** | : Adv. Proc. No. 19-00202 |
| **FINANCIAL OVERSIGHT AND MANAGEMENT** | : |
| **BOARD FOR PUERTO RICO, ACTING BY AND** | : |
| **THROUGH ITS MEMBERS,** | : |
| **and** | : |
| **THE OFFICIAL COMMITTEE OF UNSECURED** | : |
| **CREDITORS OF THE COMMONWEALTH OF** | : |
| **PUERTO RICO** | : |
| **as co-trustees respectively, of** | : |
| **THE COMMONWEALTH OF PUERTO RICO,** | : |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA")(Bankruptcy Case No. 19-BK-5523 (LTS)) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

1

| | | |
|---|---|---|
| **Plaintiffs** | : | |
| **v.** | : | |
| **INTERNATIONAL SURVEILLANCE SERVICES** | : | |
| **CORPORATION,** | : | |
| **Defendant.** | : | |

_____

### INTERNATIONAL SURVEILLANCE SERVICES CORPORATION'S MOTION FOR RELIEF FROM STAY PURSUANT TO COURT ORDER AT DKT. NO. 31

**TO THE HONORABLE COURT:**

COMES NOW **INTERNATIONAL SURVEILLANCE SERVICES CORPORATION, ("ISSC"),** Defendant herein, through the undersigned counsel and respectfully states and prays for relief from stay as follows:

I.    **Procedural Background**:

In and around April 2019, Plaintiffs filed approximately 250 adversary proceedings against vendors and suppliers to the Commonwealth of Puerto Rico and other Title III debtors seeking to avoid and recover payments made under fraudulent and preferential transfer theories (the "Vendor Avoidance Actions"). Around the same time that Plaintiffs filed the adversary proceedings, they entered into approximately 100 tolling agreements with vendors to toll the statute of limitations under similar fraudulent and preferential transfer theories.

On July 12, 2021, the Oversight Board and the Special Claims Committee ("SCC") entered into that certain agreement (the "Committee Agreement") which memorialized,

2

among other things, the parties' mutual intent to transfer the Vendor Avoidance Actions on the Effective Date of the Plan to an Avoidance Actions Trust. The Committee Agreement further contemplates that, until the Effective Date of the Plan, the SCC will "stand down" from actively litigating the Vendor Avoidance Actions as co-plaintiff with the Committee.

On August 10, 2021, Plaintiffs filed a Motion to request a stay of the Vendor Avoidance Actions (1) to allow the SCC and Committee to focus their resources on consensual resolutions wherever possible, (2) to facilitate the evident desire of all parties to avoid litigation, and (3) in the event that litigation is necessary, to postpone litigation activity until it may occur under the singular direction of the Avoidance Actions Trust. Counsel for the Oversight Board previewed this Motion for the Court at the hearing on July 14, 2021.[2] See Dkt. No. 24.

On August 17, 2021, Defendant filed an amended motion in opposition to Plaintiffs' request to stay the proceedings of the instant Adversary Proceeding. See Dkt. No. 27. In said motion Defendants included as **Exhibit A** motion to dismiss pursuant to Fed. R. Civ. P. 12 (b)(6). The Motion to dismiss was included as **Exhibit A** due to the language of the court's order at Dkt. No. 25. In said order the court stated that "[t]he August 18, 2021, deadline to file an answer or motion to dismiss in the Vendor Avoidance Actions is hereby stayed pending further order of the Court".

---

[2] See July 14, 2021, Hearing Tr. at 68-69.

3

On August 20, 2021, the Court order Defendants to file its objection to the Plaintiffs' request to stay the proceedings and its motion to dismiss separately. See Dkt. No 28.  ISSC proceeded accordingly.

The Court received oppositions from only two defendants in the Vendor Avoidance Actions: Postage by Phone Reserve Account, the defendant in Case Number 19-181 (Dkt. No. 27 in 19-181) (the "Postage by Phone Opposition") and International Surveillance Services Corporation, the defendant in Case Number 19-202 ("ISSC") (Dkt. No. 29 in Case No. 19-202) (the "ISSC Opposition").  The Court has also received and reviewed Movants' Reply to the Motions (Dkt. No. 17907 in Case No. 17-3283) (the "Reply").

On August 26, 2021, the Honorable Court entered a Court order with pertinent resolution of the matter. See Dkt. No. 31. In said court order the Honorable Court established the following:

"The Court hereby ALLOWS IN PART the Motions in accordance with this order. Except as provided herein, the Motions are allowed to the extent they seek to stay the Vendor Avoidance Actions listed in the Appendix attached hereto until thirty (30) days following the Effective Date of the Plan, if the Plan is confirmed, or thirty (30) days following entry of a final, non-appealable order denying confirmation of the Plan.  Upon the expiration of the stay, any party may file an appropriate motion seeking to re-commence any of the stayed Vendor Avoidance Actions […]  With respect to Case Number 19-202, if the stay is not lifted in accordance with this Order by January 11, 2022, ISSC may file a motion seeking to lift the stay, which motion shall be heard at the Omnibus Hearing scheduled for February 2, 2022.  In accordance with the Case Management Procedures (see Dkt. No. 17127-1 in Case No. 17-3283), the motion seeking to lift the stay must be filed on January 11, 2022, any objection to the motion to lift the stay must be filed by January 18, 2022, and any reply must be filed by January 25, 2022 for the motion to be heard at the Omnibus Hearing on February 2, 2022". [3]

---

[3] See Dkt. No.31 at pp. 4-5.

ISSC recognizes that the Plan is neither confirmed at this moment, nor there is a non-appealable order denying confirmation of the Plan. But in strict compliance with the Honorable Court's order at Dkt. No 31 and in abundance of caution ISSC proceeded to file the instant Motion for Relief from Stay.

## II.  DISCUSSION.

This Honorable Court has jurisdiction to grant the relief sought in the instant Motion pursuant to section 362 (d) of title 11 of the United States Bankruptcy Code, which applies to this proceeding pursuant to section 301 of the Puerto Rico Oversight, Management, and Economic Stability Act of 2016 ("PROMESA"). 48 USC §§ 2161. ISSC files this Motion under the case management procedures applicable in the captioned case and Rule-4001-1 of the Local Bankruptcy Rules of Bankruptcy Court for the District of Puerto Rico and the Honorable Court order at Dkt. No. 31. In addition, since the instant stay of the proceedings can be consider as procedural stay granted by the Honorable Court, the same can be lifted or modified by the Court's order after proper evaluation of the parties' position in relation to the stay, all under its inherent authority to manage its docket.

On June 30, 2016, the President of the United States signed PROMESA into law. Said legislation seeks to tackle the calamitous fiscal emergency in Puerto Rico and is designed to institute a "comprehensive approach to [Puerto Rico's] fiscal, management and structural problems and adjustments… involving independent oversight and a Federal statutory authority for the Government of Puerto Rico to restructure debts in a fair and

orderly process." PROMESA § 405(m)(4). The statute established a seven-member Oversight Board ("Board") for Puerto Rico with the purpose of providing a method for the island to achieve fiscal responsibility and access to the capital markets. Id. at §§ 101(b)(1),

Section 362(d)(1) of Title 11 of the United States Code, incorporated into PROMESA by Section 201 of the law, 48 U.S.C. 2161, provides for the relief from the automatic stay for "cause." Although "cause" is not defined, this Honorable Court has looked to the factors enunciated in the bankruptcy context by the Second Circuit in *In re Sonnax Indus*, Inc., 907 F.2d 1280, 1286 (2nd Cir. 1990)[4], to address such questions. See, Docket No.600 in the main case, granting relief from the stay for Sucesión Pastor Mandry Mercado, a putative creditor of the Commonwealth.

---

[4] *Sonnax Indus., Inc. v. TriComponent Prods. Corp.* (In re *Sonnax Indus., Inc.*), 907 F. 2d 1280 (2d Cir. 1990). In said case, the Second Circuit Court of Appeals enumerated the twelve factors that should be analyzed for purposes of evaluating relief from the automatic stay:
(1) Whether relief would result in a partial or complete resolution of the issues;
(2) Lack of any connection with or interference with the bankruptcy case;
(3) Whether the other proceeding involvers the debtor as a fiduciary;
(4) Whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
(5) Whether the debtor's insurer has assumed full responsibility for defending it;
(6) Whether the action primarily involves third parties;
(7) Whether litigation in another forum would prejudice the interests of other creditors;
(8) Whether the judgment claim arising from the other action is subject to equitable consideration;
(9) Whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;
(10) The interests of judicial economy and the expeditious and economical resolution of litigation;
(11) Whether the parties are ready for trial in the other proceedings; and
(12) Impact of the stay on the parties and the balance of harms.

Not all the factors are relevant in every case and the Court need not assign equal weight to each factor. Mazzeo v. Lenhart (In re Mazzeo), 167 F. 3d 139, 143 (2d. Cir. 1999); In re Keene Corp., 171 B.R. 180, 183 (Bankr. S.D.N.Y. 1994). See also C & A, S.E. P.R. Solid Waste Magmt., 369 B.R. 87, 94-95 (D.P.R. 2007).

In the relevant part, among PROMESA's provisions is an automatic stay of all liability-related litigation against the Commonwealth, which is applicable once the Board files a Title III petition to commence debt-adjustment proceedings under the legal framework set forth in the statute. Id at § 405(d). Under PROMESA, the Honorable Court may, however, grant relief from the stay to "party in interest either "for cause shown", or "to prevent irreparable damage" to the party's interest in property.

In the case of *Brigade Leveraged Capital Structures Fund Ltd. v. Alejandro García-Padilla et al.*, 217 F. Supp. 3d 508, 517 (1st Cir. 2016), and since PROMESA does not define what constitutes cause for purposes of prevailing in a request for relief from the automatic stay, the First Circuit Court of Appeals established the governing standard for vacating the automatic stay "for cause" in the context of PROMESA. Specifically, the First Circuit held that, notwithstanding the actual necessity of the stay to address an imminent fiscal crisis, Congress anticipated that "certain circumstances might justify relief from the stay's significant and rigid effects. It therefore included a form of safety valve in section 405(e) of PROMESA to allow certain holders of liability claims against the Government of Puerto Rico to proceed with their actions, provided that they could effectively demonstrate "cause" for doing so". (Emphasis Added). In the instant case the stay was granted but the adversary actions were filed against the creditors (service suppliers to the government). In the instant case the Plaintiff requested a stay of the proceedings to conduct a series of actions within the bankruptcy case. That procedural stay of the proceedings is predicated in a different legal framework of the bankruptcy stay but the

meaning of cause in the legal analysis is identical. The stay in the instant case is actually a ruling by the court to stop or suspend the proceeding or trial temporarily or indefinitely. But the court may later lift the stay and continue the proceeding. Some stays are automatic, but others are up to judicial discretion. In Long v. Robinson, 432 F.2d 977 (4th Circuit, 1970) the court held that a party seeking a stay must show: (1) that he will likely prevail on the merits of the [case]; (2) that he will suffer irreparable injury if the stay is denied; (3) that the other parties will not be substantially harmed; and (4) that the public interest will be served by granting the stay. At this procedural juncture Plaintiffs do not meet the four-part test. See 6 Lawrence P. King, Collier Bankruptcy practice Guide, §117.11[2]at pp. 117-36 (Mathew Bender 2005); Vieques Conservation and Historical Trust v. Bush, 140 F.Supp. 2nd 127, 129 (D.P.R. 2001), citing Starlight Sugar, Inc. v. Soto, 114 F.3d 330, 331 (1st Cir. 1997); Aoude v. Mobil Oil Corp.  862 F2d. 890,892 (1st Cir 1988); Semaphore Enter. Grp. Sports Corp. v. Gonzalez, 919 F. Supp. 543 (D.P.R. 1996) (emergency injunctive relief issued to protect plaintiffs from irreparable injury and to preserve the Court's power to render a meaningful decision after a trial on the merits).

The sine qua non of this four–part inquiry is likelihood of success on the merits. If the petitioner cannot demonstrate that he is likely to succeed in his request for stay, the remaining factors become matters "of idle curiosity".  Esso Standard Oil Co. v. Monroig Zayas 445 F3d. 13 (1st Cir. 2006) citing New Comm Wireless Servs., Inc. v. Sprint Com, Inc. 287 F.3d 13 (1st Cir 2002).  "[W]hat matters… is not the raw amount of irreparable harm [a] party might conceivably suffer, but rather the risk of such harm in light of the

8

party's chance of success on the merits." Puerto Rico Hospital Supply v. Boston Scientific Corp.  426 F.3d. 503,507 n.1 (1st Cir. 2005). ISSC filed a solid motion to Dismiss for the consideration of this Honorable Court. Plaintiffs will have an opportunity to file their position in relation to the same. But an objective examination of the Motion to Dismiss clearly demonstrate that Plaintiffs have no probability of success in the complaint. Thus, Plaintiffs fail to comply with said key element for the continuation of the stay of the proceedings.

In defining what constitutes "cause" for relief from the automatic stay in the context of PROMESA, the First Circuit took into account the (i) judicial interpretations of the term within the context of section 362 of the United States Bankruptcy Code ("Code"), 11 USC § 3621, and also, (ii) additional considerations related to the particular circumstances of the PROMESA legal framework. The Court began by noting that section of the Code provides that courts may grant relief from the automatic stay to a party in interest for "cause", but the statute also fails to expressly define how the term must be construed and applied. 11 USC § 362(d)(1); *Brigade Leveraged Capital Structures Fund Ltd. v. Alejandro García-Padilla* et al., op.cit,, at 517 (1st Cir. 2016).

In *Brigade Leveraged*, the First Circuit reiterated the discretionary nature of the decision to grant relief on a case-by-case basis. See also *Claughton v. Mixton*, 33 F. 4, 5 (4th Cir. 1994) (noting that Congress "has granted broad discretion to bankruptcy courts to lift the automatic stay and the courts must determine when discretionary relief is appropriate on a case-by-case basis".) The Court established that "the process of

9

evaluating whether there is sufficient "cause" to vacate the automatic stay requires the court to engage in an equitable, case-by-case balancing of the various harms at stake. Brigade Leveraged Capital Structures Fund Ltd. v. Alejandro García-Padilla et al.,op.cit., at 518 (1st Cir. 2016); See, e.g., *Peerless Ins. Co v. Rivera*, 208 B.R. 313, 315 (D.R.I. 1997) (suggesting that cause generally exists "when the harm that would result from the continuation of the stay would outweigh any harm that might be suffered be the debtor…if the stay is lifted."); *In re Turner*, 161 B.R. 1, 3 (Bankr. D. Me. 1993) ("Cause may exist for lifting the stay whenever the stay harms the creditor and lifting the stay will not unduly harm the debtor."); *In re Harris*, 85 BR 858, 860 (Bankr. D. Colo. 1998) (holding that vacating the automatic stay is appropriate where "no great prejudice will result to the debtor" and the "hardship to the creditor resulting by continuing the stay considerably outweighs the hardship to the debtor by modification of the stay."). (Emphasis Added).

In view of the foregoing, the First Circuit held that the Court's "ultimate task is to perform a careful balancing of the equities involved. It must assess the hardships realistically borne by plaintiffs if their requested relief is denied and determine whether those outweigh the harm likely to be visited upon the Commonwealth defendants if that relief is granted". Brigade Leveraged Capital Structures Fund Ltd. v. Alejandro García-Padilla et al.,op.cit., at 518-519 (1st Cir. 2016).

Even though the First Circuit held that the PROMESA stay is interpreted according to the case law arising under section 362 of the Code, it stated that "the concept of

10

"cause" embraced by the Court for purposes of the PROMESA stay need not precisely mirror that adopted in the bankruptcy context". Id at 520.

AS stated by ISSC in previous pleadings related to this matter, Plaintiffs' motion requesting the stay of the proceedings is predicated in allegation that they "desire in continuing to work toward the potential consensual resolutions of additional Vendor Avoidance Actions out of court, including through the ongoing exchange of information with the defendants, including contracts, purchase orders, invoices and other similar documents relating to the payments at issue in the Vendor Avoidance Actions". ISSC already participated in the so-called informal exchange of information, tendering contracts, amendments, purchase orders, invoices and other documentation, without resolution however, in that the "exchange" was one-sided, and efforts to work toward a "consensual resolution" have reached an impasse based upon the disagreement of the parties. The Honorable Court extended the deadlines in this case in five different occasions and further extension may be futile. The continued existence of the action without an opportunity of resolution (either through settlement or on its merits) hampers ISSC's day-to-day activities through the allocation of resources and the existence of the suit negatively impacts relationships with customers. The case needs to proceed, and this Court should solve the controversy after consideration the parties' respective positions. As of this moment defendant is a hostage of the procedural circumstances with its hands tied preventing defendant from presenting a solid defense to dismiss the case.

11

It is ISSC's position that the Commonwealth will suffer no harm as a result of the lifting of the stay, since the same (i) will not disrupt the Commonwealth's processes for managing the Commonwealth; and (ii) will not interfere with the Commonwealth's ability to provide essential services or continue its reorganization process before this Honorable Court, whereas hardship to ISSC resulting by continuing the stay considerably outweighs the hardship to the debtor by modification of the stay and allowing the matter to proceed on the merits of the pending motion to dismiss. In other words, vacating the stay in this case will not harm the Commonwealth or the PROMESA process and will not undermine the comprehensive, consolidated and restructuring approach that the statute was ultimately designed to facilitate, including under Title III proceedings. In addition, at this procedural juncture Plaintiffs: (1) cannot demonstrate that they will likely prevail on the merits of the [case]; (2) that Plaintiffs  will suffer irreparable injury if the stay is denied (and/or continued); (3) that the other parties will not be substantially harmed, to the contrary ISSC is substantially suffering because of the stay of the proceedings and lack of resolution; and (4) that the public interest will be served by granting the stay; the public interest is best served by the resolution of the adversary proceeding.

**WHEREFORE ISS very respectfully requests that this Honorable Court (i) take notice of the foregoing; (ii) after notice and hearing, enter an Order vacating the stay and allow the instant adversary proceeding to continue its procedural path (iii) grant any further relief that may be deemed just and proper under the particular**

12

RESPECTFULLY SUBMITTED.

San Juan, Puerto Rico, this 11th day of January 2022.

I HEREBY CERTIFY that the foregoing motion was filed with the clerk of the US

Bankruptcy Court for the District of Puerto Rico electronically using the CM/ECF system,

which automatically serves notification of the filing to all parties in interest.


_/s/ Nelson Robles Díaz_
NELSON ROBLES-DIAZ LAW OFFICES, P.S.C.

SDCPR NO. 204410
_Counsel for Defendant International Surveillance Services Corporation_

P. O. Box 192302

San Juan, Puerto Rico 00919-2302

Tel.: (787) 294-9518

Fax: (787) 294-9519

E-mail: nroblesdiaz@gmail.com

13