IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>Debtors. [1] | PROMESA<br>Title III<br><br>No. 17 BK 03283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE EMPLOYMENT RETIREMENT SYSTEM OF THE COMMONWEALTH OF PUERTO RICO ("ERS"),<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 03566-LTS |

**URGENT OBJECTION OF THE INDIVIDUAL PLAINTIFFS RETIREES AND BENEFICIARIES OF THE ERS TRUST TO THE MODIFIED EIGHTH AMENDED TITLE III JOINT PLAN OF ADJUSTMENT OF THE COMMONWEALTH OF PUERTO RICO, ET AL.**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as bankruptcy case numbers due to software limitations).

**TO THE HONORABLE COURT:**

Individual plaintiffs, Pedro José Nazario Serrano; Joel Rivera Morales; María de Lourdes Gómez Pérez; Héctor Cruz Villanueva; Lourdes Rodríguez y Luis M. Jordán Rivera, all of them Retirees/Beneficiaries and Plaintiffs in a claim for damages described below that is currently pending in the Commonwealth of Puerto Rico Court of First Instance, San Juan Part (the "Commonwealth Court") without submitting to the jurisdiction of this Court, very respectfully submit this objection to the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the ERS, and the Puerto Rico Public Buildings Authority* (ECF # 19568). The Individual Plaintiffs State and Pray as follows:

## PRELIMINARY STATEMENT

The Individual Plaintiffs Retirees and Beneficiaries ("individual retirees") of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") have been a party to an ongoing case for nearly ten (10) years against UBS Financial Services Incorporated of Puerto Rico ("UBS Financial") in the case entitled *Administración de los Sistemas de Retiro de Empleados del Gobierno y la Judicatura de Puerto Rico v. UBS Fin. Servs. Inc. of Puerto Rico*, Civ. No. KCA-2011-1067 (803) (the "ERS Commonwealth Court Action"), which has absolutely nothing to do with the safeguards and remedies provided by the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"). The claims of the individual retirees who appear as co-plaintiffs in the Commonwealth Court and which are actions under Law 3-2013[2] and under the Puerto Rico Civil Code, are not claims on assets of the ERS, but are claims against UBS Financial for its violation of its fiduciary duties, negligence in its advisory role to ERS and malpractice. The ERS Commonwealth Court Action of the Plaintiffs is not about the validity of the ERS Bonds and is not related to the main PROMESA Title III case in any way. Furthermore, the issues in the ERS

---

[2] Employment Retirement System Act.

2

Commonwealth Court Action are not related nor do they involve central issues to the restructuring of the ERS liabilities that are being considered by this Court. For these reasons, the ERS Commonwealth Court Action is not and should not be a part of the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the ERS, and the Puerto Rico Public Buildings Authority* (ECF # 19568). Including it in the Proposed Plan of Adjustment is a travesty of justice to the Individual Plaintiffs that have been litigation against UBS Financial in the Commonwealth Courts for more than a decade.

In fact, this issue is not new to this Court. On October 8, 2019, UBS Financial filed a motion (ECF # 8823 in Case No. 17-3283 and ECF 677 in Case No. 17-3366), requesting relief from the Automatic Stay in order to allow UBS Financial to prosecute a counterclaim against the ERS in the case filed by the individual retirees before the Commonwealth Court, and stating that the case in the Commonwealth Court should be stayed pending this Court's resolution of alleged common legal issues. The individual retirees opposed such petition, and ultimately this Court granted in part UBS Financial's motion to allow for the filing of a counterclaim in the ERS Commonwealth Court Action (ECF # 9592). In other words, this Court correctly refused to assume jurisdiction over the ERS Commonwealth Court Action or extend the Automatic Stay. Its Order was simply limited to allowing UBS Financial to file its proposed counterclaim in the ERS Commonwealth Court Action; it did not assume jurisdiction over the individual retirees' claims against UBS Financial. In the spirit of assisting the Court, we incorporate the Order at ECF # 9592 as **Exhibit I** of this motion. In fact, the proceedings of this Commonwealth Court Action were not even stayed while this Court has been considering the clams under the PROMESA Proceedings.

However, the individual retirees have just become aware, surprisingly and for no apparent reason, that the *Modified Eighth Amended Title III Joint Plan of Adjustment*, in its Article 1.224,[3] includes the ERS Commonwealth Court Action in the definition of <u>ERS Litigation</u>, and therefore, proposes that in Article 69.3, the ERS Action shall be dismissed with prejudice. (See ECF # 19568, p. 30 ¶ 1.224, and p. 111 ¶ 69.3). This inclusion to the Plan of Adjustment was improperly brought by the Attorneys for the Financial Oversight and Management Board, O'Neill & Borges, as representative for the Debtors, who also happen to represent the interests of UBS Financial in other cases, in particular before the Financial Industry Regulatory Authority (FINRA). Essentially, UBS Financial in the proceedings before this Court is a third party now seeking to obtain release from its obligation to the Individual Plaintiffs without being authorized by the Court or by the statutory mandates of PROMESA. Thus, the inclusion if the ERS Commonwealth Court Action, in Civil No. KAC-02011-1067 (806), must be stricken and removed from the *Modified Eighth Amended Title III Plan of Adjustment*, before its approval by this Court and it is so respectfully requested.

## ARGUMENT

A. *The inclusion of the ERS Commonwealth Court Action results in an unlawful taking*

i. *Due Process of Law*

Ruling to the contrary would cause a violation of the constitutionally protected rights of the individual retirees to continue litigating their claim against UBS Financial since the net effect of the improper inclusion of the ERS Commonwealth Court Action in the Plan of Adjustment by the Oversight Board, through their Attorneys from O'Neill & Borges, is that their action would be dismissed and discharged by this Court without compensation and is contrary to due process of law.

---

[3] It should be noted that the ERS Commonwealth Court Action is the only case on the list that is pending before the Commonwealth Court. All of the other cases listed are Advance Proceedings related to PROMESA.

4

UBS Financial is not the party that is subject to the PROMESA Bankruptcy Proceedings, as is the Government of Puerto Rico and its instrumentalities.

The Fifth Amendment to the United States Constitution guarantees the rights of the citizens against the deprivation of life, liberty, and property without due process of law. The inclusion of ERS Commonwealth Court Action in the definition of ERS Litigation in Article 1.224 is in direct contravention of the due process and the takings clause of the Fifth Amendment, inasmuch as it impermissibly and unlawfully moves for the dismissal of the action, which is not subject to PROMESA in any way. On these grounds, Article 1.224 of the Plan is unconfirmable under 11 U.S.C. § 944 as incorporated by Title III of PROMESA 48 U.S.C. §§2161-77 and 314(3), which requires that any plan of adjustment not be proposed in contravention of any law.

The individual retirees posit that this Court has no jurisdiction over the ERS Commonwealth Court Action and, accordingly, it cannot order the Commonwealth Court to dismiss and grant relief for UBS Financial. The Oversight Board has no bearing on the ERS Commonwealth Court litigation and has no valid reason or purpose for requesting the dismissal of the case. Confirming Article 1.224 the *Modified Eighth Amended Title III Plan of Adjustment* as proposed, puts this Honorable Court in a position of violating the U.S. Constitution for dismissing and discharging without jurisdiction a case that has nothing to do with PROMESA. It should be noted that the only one who would benefit from this impermissible and unlawful action is UBS Financial, which is not a debtor in this case. In the end, the final development of this case would be beneficial, not only to the individual retirees but to the ERS itself and all its beneficiaries.

Moreover, the insertion and the confirmation of the ERS Commonwealth Court Action in Article 1.224 of the plan of adjustment is in direct violation of the takings clause of the Constitution. The individual retirees have a right to try their cause of action under Act 3-2013. To the extent that the Oversight Board, as a governmental entity, requests the dismissal of the alluded case, and this Court with its judicial authority confirms the Article 1.224, as proposed, would equal a taking without just

5

compensation. Not to mention that this Court lacks jurisdiction over the claims raised in the Commonwealth Court. The dismissal of the ERS Commonwealth Court Action (originated by the individual plaintiffs and not by the ERS) does not benefit either the ERS or any Puerto Rico governmental entity, which is the spirit of PROMESA. On the contrary, this is detrimental to the ERS and its beneficiaries; and benefits only and exclusively UBS Financial.

    ii.    *Act 53-2021*

ERS Litigation, as defined in the proposed *Modified Eighth Amended Title III Plan of Adjustment*, is also in clear and direct violation of Article 517 of Act 53-2021. As the Court is aware, Act 53 declares that is the public policy of Puerto Rico "to protect the accrued pensions of its public servants." Further, Article 517, in direct reference to the ERS Commonwealth Court Litigation, unequivocally provides that the "Adjustment Plan transactions cannot be used to mitigate causes of action under Law 3-2013, as amended." The said clause was included by the Puerto Rico Legislature to safeguard and exclude from the Plan of Adjustment cases such as the ERS Commonwealth Court Action. Notably, the currently pending cases that are included in the ERS Litigation definition, all of them, with the exemption of the ERS Commonwealth Court Action, are cases pending before this Court. To the extent that Article 1.224 includes an action expressly excluded from the Plan of Adjustment, is reason enough to strike and eliminate the ERS Commonwealth Court Action from the definition of ERS Litigation.

    B.  *Objections to Modified Eighth Amended Title III Plan of Adjustment*

    i.    *Article 1.224*

Article I, as proposed, establishes the terms and definitions that will be used for the implementation of the plan of adjustment. In its Article 1.224, entitled ERS Litigation, the plan of adjustment collectively refers to various currently pending cases of the Debtors in this Court. (ECF # 19568 p. 30, ¶ 1.224). The individual retirees object to the inclusion of the ERS Commonwealth Court Action as defined in Article 1.224 on the following grounds:

6

The ERS Action was improperly included in the sub-incise (h), as if it was a case that has a direct correlation and under the scope of PROMESA and that is under the jurisdiction of this Court. As stated in the previous section and extensively discussed in the individual retirees' opposition to UBS Financial's motion, the ERS Commonwealth Court Action seeks the recovery of damages caused by the tortious misconduct of UBS, in connection with UBS' recommendation to the ERS to underwrite and issue the ERS Bonds in 2008. In essence, it is a claim in the nature of malpractice or professional liability solely against UBS. For the convenience of the Court, we incorporate the individual retirees' opposition as **Exhibit II** to this motion.

As the Court can note, the ERS Commonwealth Court Action is a tort action under Law 3-2013 against UBS Financial for professional malpractice and violation of its fiduciary duties. A tort action against a private entity is not under the scope of PROMESA or under the consideration of this Title III Court. The ERS Commonwealth Court Action was filed for the benefit of the ERS and of the individual retirees since it seeks redress from UBS Financial, and an indemnity from UBS Financial for its misconduct. If the Commonwealth Courts determine that UBS incurred in the conduct alleged in the lawsuit, the award would greatly contribute to funding ERS pensions. Therefore, the outcome of the ERS Commonwealth Court Action has no bearing whatsoever on the *Modified Eighth Amended Title III Plan of Adjustment*. In fact, actions such as the alluded case are allowed by Article 517 of Act 53-2021 and are excluded from the Plan of Adjustment, and this Court should not approve those provisions of the Plan. Therefore, the ERS Commonwealth Court Action should be eliminated from the ERS Litigation definition in Article 1.2224 of the Plan of Adjustment.

It is not ERS that benefits from the dismissal with prejudice of the case. On the contrary, the dismissal with prejudice as proposed in the *Modified Eighth Amended Title III Plan of Adjustment* will cause harm to ERS and, more particularly, to the individual retirees and beneficiaries of the ERS trust. The only one that will benefit from the dismissal as proposed is UBS Financial, which is a third party

that inappropriately seeks relief from PROMESA and the Plan of Adjustment drafted by its Attorneys from O'Neil & Borges.

  *ii.*  *Article 1.227*

On the other hand, Article 1.227, as proposed, defines the Government Claims that would be released if this Court confirms the *Modified Eighth Amended Title III Plan of Adjustment*. As part of the definition, it includes the ERS Litigation, which at the same time includes the ERS Action. (ECF # 19568 p. 36, ¶ 1.277). The individual retirees object to the definition of Government Released Claims on the same grounds as in the previous section. All reference to ERS Commonwealth Court Action should be stricken or eliminated as part of the definition of ERS Litigation and, thus, should not be a claim that would be released as part of the proposed plan of adjustment.

  *iii.*  *Article 69.3*

Finally, Article 69.3, as proposed, contemplates that, once the proposed plan of adjustment is confirmed by this Court, ERS Litigation shall be dismissed and/or denied with prejudice and that the Oversight Board shall take all actions accordingly. (ECF # 19568, p. 111 ¶ 69.3). The individual retirees object to this Article on the same grounds of the above to the extent that the ERS Litigation definition includes the ERS Commonwealth Court Action. The reference to the ERS Commonwealth Court Action should be stricken or eliminated as part of the definition of ERS Litigation and, thus, should not be a claim that would be released as part of the proposed Plan of Adjustment.

### CONCLUSION AND PRAYER

For the reasons discussed above, this Court should order the Oversight Board to eliminate any and all reference to the case entitled *Administración de los Sistemas de Retiro de Empleados del Gobierno y la Judicatura de Puerto Rico v. UBS Fin. Servs. Inc. of Puerto Rico*, Civ. No. KCA-2011-1067 (803) from the definition of ERS Litigation in Article 1.224 of the *Modified Eighth Amended Title III Plan of Adjustment*, inasmuch as is and impermissible and unlawful, and is in total detriment to the retirees and beneficiaries of the ERS and in violation of due process of law.

**THEREFORE**, the individual plaintiffs respectfully request this Honorable Court to deny the Motion of UBS for relief of the automatic stay.

Respectfully Submitted.

In San Juan, Puerto Rico, this 14 day of January 2022.

**WE HEREBY CERTIFY:** That on this same date a true and exact copy of this motion was filed with the Clerk of Court using CM/ECF system, which will notify a copy to counsel of record. Also, copy of this document will be notified via electronic mail to all case participants.

| | |
|---|---|
| **VICENTE & CUEBAS**<br>P.O. Box 11609<br>San Juan, PR 00910-1609<br>Phone No. (787) 751-8000<br>Fax No. (787) 756-5250<br><br>/s/ Harold D. Vicente<br>**Harold D. Vicente, Esq.**<br>USDC-PR Bar No. 117711<br>hvicente@vclawpr.com<br><br>s/ Harold D. Vicente-Colón<br>**Harold D. Vicente-Colón, Esq.**<br>USDC-PR Bar No. 211805<br>hdvc@vclawpr.com | **PUJOL LAW OFFICES, PSC**<br>P.O. Box 363042<br>San Juan, PR 00936-3042<br>Phone No. (787) 724-0900<br>Fax No. (787) 724-1196<br><br>/s/ Francisco Pujol Meneses<br>**Francisco Pujol Meneses, Esq.**<br>USDC-PR Bar No. 212706<br>fpujol@pujollawpr.com<br><br>**BUFETE ANDREU & SAGARDÍA**<br>261 Avenida Domenech<br>San Juan, Puerto Rico 00918<br>Phone No. (787) 754-1777/763-8044<br>Fax No. (787) 763-8045<br><br>/s/José A. Andreu Fuentes<br>**José A. Andrey Fuentes, Esq.**<br>USDC-PR Bar No. 204409<br>jaf@andreu-sagardia.com |

*Counsel for individual plaintiffs, beneficiaries of the Retirement System*
*of the Commonwealth of Puerto Rico*