**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 03283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE COMMONWEALTH OF PUERTO RICO ("ERS"),<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 03566-LTS |

**REPLY IN OPPOSITION TO URGENT OBJECTION OF THE INDIVIDUAL PLAINTIFF RETIREES AND BENEFICIARIES OF THE ERS TRUST TO THE MODIFIED EIGHTH AMENDED TITLE III JOINT PLAN OF ADJUSTMENT TO THE COMMONWEALTH OF PUERTO RICO, ET AL.**

---

[1]  The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK- 3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as bankruptcy case numbers due to software limitations.).

UBS Financial Services Incorporated of Puerto Rico ("UBS Financial"), by and through the undersigned counsel, hereby submits this reply in opposition to the Urgent Objection of the Individual Plaintiffs Retirees and Beneficiaries of the ERS Trust to the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al. (the "Objection" or "Plan Objection" and the parties thereto the "Objectors") and respectfully states as follows:

## PRELIMINARY STATEMENT

1. UBS Financial objects to the eleventh hour Plan Objection asserted by the Objectors, which is extraordinarily untimely. UBS Financial submits that this objection was strategically filed at the last minute to preclude the Court's consideration of the weakness of this issues raised by Objectors and their clear lack of standing to raise them. More importantly, UBS Financial, in supporting the Plan, relied upon the provision in the Plan that Objectors seek to remove. A last minute removal of that provision would be extremely prejudicial, subject UBS Financial to potential double recoveries, or transfer interests in property of the ERS from one set of creditors to Objectors. None of these weighty issues should be addressed through hurried filings when Objectors had ten months to raise these points. UBS Financial and all other parties have a reliance interest on the Plan as proposed. To allow an objection at this late stage following the Objectors' intentional disregard for deadlines would be highly prejudicial and unfair..

2. Indeed, if this Objection had been filed on time, there could have been full briefing on several legal and factual issues raised by the Objection. For example, in a full

opposition, UBS Financial would have argued the following:[2]

- The Objectors lack standing to object to the dismissal of the ERS's claims. The putative breach of contract and malpractice claims asserted in the Commonwealth Court Action[3] belong to the ERS, not the seven retiree-beneficiaries who have now raised objections. Notably, those seven retirees do not represent a class of retirees. On the contrary, Objectors correctly instituted the Commonwealth Court Action as a *derivative* action *on the ERS's* behalf arising out of alleged breaches of underwriting agreements and consulting agreements that UBS Financial and its affiliate entered with *the ERS*.[4] The Objectors are not parties to those contracts and UBS Financial does not owe them any duties. Indeed, UBS has no relationship, contractual or otherwise, with the Objectors. It is well-settled that the filing of a bankruptcy petition, or in this instance a Title III petition, divests non-debtors of derivative standing. *See In re General Dev. Corp.*, 179 B.R. 335, 338 (S.D. Fla. 1995) ("Derivative claims are among estate assets" and "filing for bankruptcy cuts off a shareholder's ability to bring a derivative claim" because "the

---

[2] UBS Financial reserves the right to address other issues in the event the Court requests further briefing.

[3] *Administración de los Sistemas de Retiro de los Empleados del Gobierno y la Judicatura de Puerto Rico v. UBS Fin. Servs. Inc. of Puerto Rico*, Civ. No. KAC-2011-1067 (803) (the "Commonwealth Court Action"), currently pending in the Commonwealth of Puerto Rico Court of First Instance, San Juan Part. This case is scheduled to be dismissed as part of the ERS Debtor's decision to dismiss the ERS Litigation, as that term is defined in the Plan.

[4] *See* Dkt. 8823 Ex. B, ¶ 6.9 ("When the Bonds were issued, Co-Defendant UBS Consulting acted as financial advisor *to the System*…"); ¶ 6.11 ("It is the inescapable duty of financial advisors such as UBS Consulting and UBS to defend the best interests of their clients *(in this case the System)*…"); ¶ 6.18 ("Such conduct by UBS and UBS Consulting … constituted (i) a breach of UBS' contractual obligations under its contracts *with the System*; (ii) a breach of UBS's underwriting contracts *with the System*…; [and] (iii) said co-defendants' breach of the contractual and non-contractual fiduciary duties *to the System*…"); ¶ 7.2 ("The grossly negligent and illicit conduct of UBS and UBS Consulting in the while providing the services they were required to render *to the System* and the breach by such defendants of their contractual, non-contractual and fiduciary duties *to the System*…") (emphases added).

2

bankruptcy trustee . . . is vested with title to all assets of the [debtor] and becomes the [debtor]'s legal representative."); *see also Thornton v. Bernard Techs., Inc.*, 2009 WL 426179, at *3 (Del. Ch. Feb. 20, 2009) ("The derivative claims, upon the commencement of the bankruptcy proceeding, became the property of the bankruptcy [debtor] and subject to the control of the Bankruptcy Court"). Per the terms of the Plan, the ERS is liquidating and distributing its assets, it would make no sense at all that these Objectors would be the only parties not bound by such terms.

- The same underlying claims are also being brought by the Debtor in this court, through adversary proceeding 19-00280 ("the Adversary Proceeding").[5] The Adversary Proceeding is preserved as part of the Plan and its recovery, if any, will go to other creditors – not the Objectors. Allowing the Commonwealth Court Action to continue would be antithetical to giving the claims to certain creditors who stand to benefit from the Adversary Proceeding in this Court. Such claim splitting raises significant res judicata issues and is fundamentally unfair to these creditors who are receiving the recovery, if any, on the Adversary Proceeding (and who have no notice that their claim may be worth less than advertised if the Objectors are allowed to continue their suit) as well as UBS, which will not be subject to an unfair double recovery.

- Most importantly, the Objectors purport to be members of the ERS pensioner class of creditors. The issue of pensions is perhaps the most heavily contested and negotiated issue in these entire cases. The pensioners are receiving, subject to ongoing negotiations

---

[5] *Compare* 19-00280-LTS Dkt. 1 ¶¶ 511-513 (alleging breach of contract claim against UBS Financial for breach of purchase agreements for 2008 ERS bond issuance), *with* Dkt. 8823 Ex. B, ¶¶ 1.1, 1.3, 1.4, 6.18 (alleging that UBS Financial's participation in the 2008 underwriting of the ERS bonds "constituted a breach of UBS's underwriting contracts with the System for the issue and sale of the Bonds"))

3

with the FOMB and Puerto Rican government, a full or near full recovery – much greater than any other class of unsecured creditor. Their interests have been represented by counsel to the Official Committee of Retired Employees of the Commonwealth of Puerto Rico. Thus, it is entirely within due process for their rights to be addressed through these PROMESA proceedings

3. For these reasons, and as will be argued below, the Objection should be overruled with prejudice.

## BACKGROUND

### A. THE PLAN CONFIRMATION PROCESS

4. On March 8, 20201 – more than ten months ago – the FOMB released the Second Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al. (this, and subsequent amendments, the "Plan"). The Plan as released on March 8, and through all subsequent amendments, included the language that objectors now complain on.

5. On July 15, 2021, the Court set the Plan objection deadline for October 19, 2021 and Plan Confirmation Order objection deadline for October 22, 2021.

6. On November 8, 2021 through November 23, 2021, the Court heard eight days of testimony and argument with respect to the Plan and various objections filed thereto. Approximately 72 objections, including from pro se parties, were filed and heard by parties who complied with the procedures and deadlines in these cases. *See* D.I. 18728 at ¶ 6.

7. On January 11, 2022, the Court entered an Order stating it would confirm the Plan, subject to certain amendments that have no bearing on the late-filed Objection. The requested Plan amendments were to be filed on or before January 14, 2022.

8. On January 14, 2022, the late Objection was filed. This response follows.

4

**REPLY**

**A.  THE OBJECTION IS UNTIMELY.**

9. The Court should overrule Objectors' last minute attempt to alter the Plan . UBS Financial and all other parties have a reliance interest on the Plan as proposed.[6] To allow an objection at this late stage would make a mockery of the process of this case and the parties – and counsel – who have abided by and relied on the deadlines and rulings of this Court and submissions of the various parties, including the Plan itself, throughout the four plus years of this case. When objections are untimely bankruptcy courts routinely overrule them on that basis alone. *See, e.g., In re Levitt*, 137 B.R. 881, 882 (Bankr. D. Mass. 1992) (overruling Ch. 7 Trustee's late-filed objection to Debtor's exempt property claim), *In re Harris*, 275 B.R. 850 (Bankr. S.D. Ohio 2002) (overruling as untimely unsecured creditor's objection to debtor's plan). Objectors are not just late, but woefully so. Objectors – like everyone else with an alleged stake in this case – have been well aware of the existence of these Title III Cases (objectors in particular have appeared in these cases relating to previous lift stay litigation and would have received service of all filings via the ECF system, their claim that "the individual retirees have just become aware" of the Plan provisions is laughable on its face (Objection at 4)) and its deadlines. They could have filed a timely objection or appeared at the confirmation hearing. Instead they filed an intentionally late objection, literally at the eleventh hour as the Court has signaled its willingness to confirm a Plan dismissing the ERS Litigation later today. A filing months late, on the day that the Plan was likely to be confirmed, should be dismissed on timeliness grounds alone.

---

[6] To be clear, had this issue been raised in a timely manner UBS would have responded with full and proper briefing at that time. Objectors should not be rewarded for their intentional sandbagging.

5

10. The timing of the Objection is prejudicial to UBS Financial. As explained above, the issues raised by the Objection are significant and UBS Financial should have been afforded an opportunity to fully brief them. Objectors had months to present their Objections to the Court. The Court should reward their gamesmanship. To the extent the Court is not ready to overrule the Objection on timeliness grounds alone, UBS Financial respectfully requests the opportunity to brief and argue these legal and factual issues before the Court issues its decision on the Plan.

WHEREFORE, UBS Financial respectfully requests that the Honorable Court overrule the Objection with Prejudice and confirm the Plan before it.

Respectfully Submitted:

In San Juan, Puerto Rico, this 14th day of January, 2022.

| | |
|---|---|
| OF COUNSEL: | McCONNELL VALDÉS LLC |
| | 270 Muñoz Rivera Ave. |
| SKADDEN, ARPS, SLATE MEAGHER & FLOM | Hato Rey, Puerto Rico  00918 |
| | Tel.:  (787) 250-2631 |
| Paul J. Lockwood (*admitted pro hac vice*) | Fax:  (787) 759-9225 |
| Nicole A. DiSalvo (*admitted pro hac vice*) | |
| Elisa M.C. Klein (*admitted pro hac vice*) | By: *s/Roberto C. Quiñones-Rivera* |
| One Rodney Square | Roberto C. Quiñones-Rivera |
| P.O. Box 636 | USDC-PR Bar No. 211512 |
| Wilmington, Delaware  19899 | rcq@mcvpr.com |
| Tel.:  (302) 651-3000 | |
| Fax:  (302) 651-3001 | *Counsel for Defendants UBS Financial Services Incorporated of Puerto Rico* |

6

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this same date, I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to the parties of record and to all interested subscribed users.

By: *s/Roberto C. Quiñones-Rivera*
Roberto C. Quiñones-Rivera
USDC-PR Bar No. 211512
rcq@mcvpr.com

*Counsel for Defendant UBS Financial Services Incorporated of Puerto Rico*