# EXHIBIT 11

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| FINANCIAL OVERSIGHT AND MANAGEMENT<br>BOARD FOR PUERTO RICO, | |
| As representative of | No. 17 BK 3283-LTS<br>(Jointly administered) |
| COMMONWEALTH OF PUERTO RICO, et al., | **This filing is related to the SRE** |
| Debtors. | |

REPLY TO THE THREE HUNDRED THIRTY-SEVENTH OMNIBUS OBJECTION (NON-SUBSTANTIVE)
BY THE EMPLOYEES' RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF
PUERTO RICO TO PENSION-RELATED CLAIMS ALLEGED AGAINST THE INCORRECT DEBTOR and/or
IN THE INCORRECT COURT

COMES NOW Carlos A. Cabrera Velilla who respectfully alleges, states, and requests as follows:

1.    In 2018, I submitted a proof of claim related to case number 17 BK 3566-LTS as a creditor against the Employee's Retirement System of the Government and the Judiciary (hereafter, the SRE) (Proof No. 59789).

2.    I am an employee of the Puerto Rican judicial branch, now the judiciary.

3.    Yesterday, on July 20, 2021, the undersigned received a copy of a document entitled *Three Hundred Thirty-Seventh Omnibus Objection (non-substantive) by the Employees' Retirement System of the Government of the Commonwealth of Puerto Rico to Pension-Related Claims Alleged Against the Incorrect Debtor* (hereinafter the "*Three Hundred Thirty-Seventh Omnibus Objection*") submitted on June 18, 2021. (Docket 17081).

4.    The *Three Hundred Thirty-Seventh Omnibus Objection* aims to reclassify "the pension-related proofs of claim appearing in Attachment A, […] each of which identifies the SRE as the debtor, when correctly-alleged, the claim should have been brought against the Commonwealth of Puerto Rico."

5.    The main reason given to request this reclassification of the debt is based on the fact that Law No. 447 dated May 15, 1951–the law which protects me–was amended after the SRE submitted its bankruptcy petition.

6.    The amendment to which this refers is Joint Resolution No. 188 and Law No. 106-2017 (jointly, the "Legislation"), which, as alleged in the *Three Hundred Thirty-Seventh Omnibus Objection*, reformed the Puerto Rican retirement system, and SRE would no longer be liable for paying retirement benefits.

7.    My proof of claim cites the decision by the Supreme Court of Puerto Rico in *Brau Linares v. ELA et al.*, 190 DPR 315 (2014). Consequently, changes the Legislative Assembly made to the retirement conditions of employees of the judicial branch would be prospective, that is, they could not apply to employees active at the time the legislation was passed. In other words, they do not apply to the balance in my favor.

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*12/AUGUST/2021 – Matthew Bouillon Mascareñas ATA-certified Spanish-English #505436*
*By Targem Translations Inc.*

8.  Among the grounds given in *Brau Linares v. ELA, et al., supra*, there is the constitutional provision establishing a republican system of government based on the doctrine of separation of powers between the legislative, executive, and judicial branches.

9.  This legal opinion holds that judicial independence is harmed if any particular administration is allowed to promote multiple judicial retirements. *Id.* Similarly, judicial independence would also be affected if another branch of government caused the judicial system to lose numerous employees or officials, thereby affecting judicial independence and the efficient workings of the court system.

10. Recognizing the administrative autonomy and independence that the United States Constitution, as well as the Puerto Rican Constitution, grant to the judiciary, also means that the employees and officials of the judiciary are equally covered by separation of powers. In this manner, the community is protected, the balance between the branches of government is maintained, and true democracy can exist.

11. Reforms to the retirement system were approved with the intention that such reforms would apply to all public employees; however, doing so indiscriminately would be unconstitutional.

12. There is no doubt that the Government of Puerto Rico, the Commonwealth, the Retirement System for Public Employees, the Retirement System for Public Employees and of the Judiciary, or however one wishes to organize or refer to the legal entity responsible for paying my retirement pension, that entity must be compelled to pay, even in a bankruptcy proceeding such as this one. Nonetheless, in order to understand that the legislation cited as grounds to request reclassification is not applicable to the credit in my favor, I am submitting this reply.

WHEREFORE, I respectfully request that: (1) the *Three Hundred Thirty-Seventh Omnibus Objection* be denied in regard to my proof of claim because the Legislation does not govern it; and (2) that this Reply be accepted in light of the fact that I only received the Objection two days ago and was not able to submit it sooner.

### CERTIFICATE OF SERVICE

I certify that on today's date I personally appeared before the Clerk for the U.S. District Court, Courtroom 150, on Avenida Chardon, Federal Building, San Juan, Puerto Rico, 00918

In San Juan, Puerto Rico, today, the 22nd of July, 2021.

[signature]

Carlos A. Cabrera Velilla
Urb. Haciendas de Carraizo
I-10 Calle 5
San Juan, Puerto Rico 00926
Tel: 787 307 6787

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*12/AUGUST/2021 – Matthew Bouillon Mascareñas ATA-certified Spanish-English #505436*
*By Targem Translations Inc.*



T 718.384.8040
W TargemTranslations.com
E projects@targemtranslations.com
A 185 Clymer St. Brooklyn, NY 11211

**TRANSLATOR'S CERTIFICATE OF TRANSLATION**

Translation from: Spanish (Puerto Rico) into English (US)
TARGEM Translations Inc.

I, Matthew Bouillon Mascareñas, ATA-certified Spanish-English **#505436**, acting as translator at TARGEM
Translations Inc., a NEW YORK City corporation, with its principal office at 185 Clymer Street, Brooklyn, NY,
11211, USA, certify that:

the English translated document is a true and accurate translation of the original Spanish and has been translated
to the best of my knowledge.

Original Document Name: **Claim No. 59789 ECF No. 17491**



Verify at www.atanet.org/verify

Signed this 12th day of August 2021

Matthew Bouillon Mascareñas

