# EXHIBIT 16

[handwritten:] 

# 121773 (2)
# 129809 (1)
# 139753 (1)
# 127701 (1) nmct

<--

*Neysha M. Colón Torres*
*Urb. El Comandante*
*872 Calle Maria Giusti*
*San Juan, PR 00924*

*787-603-3920*
*# case*



*Dear Clerk,*

*This is to request of this honorable court that it reconsider my claim for a salary adjustment and not dismiss it, but instead that it be secured as agreed.*

*I have been waiting around 10 years to be paid what we are owed in salary adjustments.*
*I worked as T.S. with the Department of the Family and filed an appeal as soon as I received the 25% salary adjustment since the […]*

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

*[…] Payment of the 25% was made on 01/11/2012.*

*They owe 75%.*

*It's important to point out that once the payment owed is made, an adjustment can be made to my pension, social security, and interest.*

*In addition, to fulfill merit steps recommended and reclassification, per diems, and any other debt that is pending payment.*

*For this reason, I ask to remain an active part of the Promesa Act case and for my complaint to be considered and reevaluated and secured so that I can be paid what I am owed for those years.*

*I am including evidence so my claims can be reconsidered and justice served. I trust in you.*

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

*In addition, I have an Award that they have not wanted to work on or adjust my pension or social security, or grant the corresponding retroactive pay.*

*I am again sending you ALL of the evidence for review and reconsideration.*

*Years have passed, we are now older, and I hope to God that justice can be done and to see this benefit that was WON reflected in our benefits, so that we can have the golden years we deserve.*

*I trust in the justice of men and of God.*

*May God give you wisdom and justice.*

*Sincerely,*
*787-603-3920 Neysha Milagros Colón Torres*
*Email -> neysha.colonis@gmail.com          San Juan, PR 00924*

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

*The cases are:*

*With claim #s:*

*(2) 121773*          *-> $16,800*

*(1) 129809*          *-> $45,760.89*

*(1) 139753*          *-> 16,800*

*(1) 127701*          *-> $45,760.89*

*There are many colleagues who have passed on and will not see the fruits of this effort to get them justice.*

*Neysha M. Colón Torres*
*Urb. El Comandante*
*872 Calle Maria Giusti*
*San Juan, PR 00924*

*787-603-3920*

*Email  neysha.colonis@gmail.com*

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

**IF YOUR CLAIM IS LISTED HERE, ONE OR MORE OF THE DEBTORS ARE SEEKING TO DISALLOW YOUR CLAIM FOR THE REASON LISTED BELOW.**

| NAME | CLAIM # | DATE FILED | DEBTOR | ASSERTED CLAIM AMOUNT |
|---|---|---|---|---|
| COLON TORRES, NEYSHA | 121773 | 6/29/2018 | Employees Retirement System of the Government of the Commonwealth of Puerto Rico | $16,800.00 |
| Reason: | The claimant failed to provide prima facie evidence to support a secured claim. | | | |

**SI SU RECLAMO ESTÁ INCLUIDO AQUÍ, UNO O MÁS DE LOS DEUDORES SOLICITAN QUE SU RECLAMO SEA RECHAZADO POR LA RAZÓN INDICADA AQUÍ ABAJO.**

| NOMBRE | N.° DE RECLAMACIÓN | FECHA DE PRESENTACIÓN | DEUDOR | MONTO DE LA RECLAMACIÓN ALEGADA |
|---|---|---|---|---|
| COLON TORRES, NEYSHA | 121773 | 6/29/2018 | Employees Retirement System of the Government of the Commonwealth of Puerto Rico | $16,800.00 |
| Base para: | El demandante omitió proporcionar pruebas evidentes para apoyar un reclamo asegurado. | | | |

[handwritten:] *See evidence and enclosed document ----->*

RECEIVED AND FILED
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN PR

2021 JUL 20 3:14 PM

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

**IF YOUR CLAIM IS LISTED HERE, ONE OR MORE OF THE DEBTORS ARE SEEKING TO DISALLOW YOUR CLAIM FOR THE REASON LISTED BELOW.**

| NAME | CLAIM # | DATE FILED | DEBTOR | ASSERTED CLAIM AMOUNT |
|------|---------|------------|--------|------------------------|
| **COLON TORRES, NEYSHA** | 121773 | 6/29/2018 | Employees Retirement System of the Government of the Commonwealth of Puerto Rico | $16,800.00 |
| **Reason:** | | | Proof of Claim asserts liability associated with pension adjustments that claimant asserts are payable by ERS. However, pursuant to the Post-Petition Legislation, the Commonwealth assumed any obligation to make payment to pensioners or other beneficiaries of ERS. | |

**SI SU RECLAMO ESTÁ INCLUIDO AQUÍ, UNO O MÁS DE LOS DEUDORES SOLICITAN QUE SU RECLAMO SEA RECHAZADO POR LA RAZÓN INDICADA AQUÍ ABAJO.**

| NOMBRE | N.º DE RECLAMACIÓN | FECHA DE PRESENTACIÓN | DEUDOR | MONTO DE LA RECLAMACIÓN ALEGADA |
|--------|--------------------|-----------------------|--------|----------------------------------|
| **COLON TORRES, NEYSHA** | 121773 | 6/29/2018 | Employees Retirement System of the Government of the Commonwealth of Puerto Rico | $16,800.00 |
| **Base para:** | | | La Evidencia de Reclamo reclama una obligación asociada a ajustes de jubilación que el demandante señala que es adeudada por el ERS. Sin embargo, de acuerdo con la Legislación posterior a la petición, el Estado Libre Asociado asumió cualquier obligación de efectuar pagos a jubilados u otros beneficiarios del ERS. | |

[handwritten:] *See evidence and enclosed document ----->*

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

**IF YOUR CLAIM IS LISTED HERE, ONE OR MORE OF THE DEBTORS ARE SEEKING TO DISALLOW YOUR CLAIM FOR THE REASON LISTED BELOW.**

| NAME | CLAIM # | DATE FILED | DEBTOR | ASSERTED CLAIM AMOUNT |
|---|---|---|---|---|
| COLON TORRES, NEYSHA | 129809 | 6/29/2018 | Commonwealth of Puerto Rico | $45,760.89 |
| Reason: | The claimant failed to provide prima facie evidence to support a secured claim. | | | |

**SI SU RECLAMO ESTÁ INCLUIDO AQUÍ, UNO O MÁS DE LOS DEUDORES SOLICITAN QUE SU RECLAMO SEA RECHAZADO POR LA RAZÓN INDICADA AQUÍ ABAJO.**

| NOMBRE | N.º DE RECLAMACIÓN | FECHA DE PRESENTACIÓN | DEUDOR | MONTO DE LA RECLAMACIÓN ALEGADA |
|---|---|---|---|---|
| COLON TORRES, NEYSHA | 129809 | 6/29/2018 | Commonwealth of Puerto Rico | $45,760.89 |
| Base para: | El demandante omitió proporcionar pruebas evidentes para apoyar un reclamo asegurado. | | | |

[handwritten:] *See evidence and enclosed document ----->*

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

**IF YOUR CLAIM IS LISTED HERE, ONE OR MORE OF THE DEBTORS ARE SEEKING TO DISALLOW YOUR CLAIM FOR THE REASON LISTED BELOW.**

| NAME | CLAIM # | DATE FILED | DEBTOR | ASSERTED CLAIM AMOUNT |
|------|---------|-----------|--------|----------------------|
| COLON TORRES, NEYSHA | 127701 | 6/29/2018 | Employees Retirement System of the Government of the Commonwealth of Puerto Rico | $45,760.89 |
| Reason: | | Duplicate liability filed against Debtor Employees Retirement System of the Government of the Commonwealth of Puerto Rico. All asserted liabilities, if any would be between the Claimant and the Commonwealth of Puerto Rico. | | |

**SI SU RECLAMO ESTÁ INCLUIDO AQUÍ, UNO O MÁS DE LOS DEUDORES SOLICITAN QUE SU RECLAMO SEA RECHAZADO POR LA RAZÓN INDICADA AQUÍ ABAJO.**

| NOMBRE | N.º DE RECLAMACIÓN | FECHA DE PRESENTACIÓN | DEUDOR | MONTO DE LA RECLAMACIÓN ALEGADA |
|--------|-------------------|----------------------|--------|-------------------------------|
| COLON TORRES, NEYSHA | 127701 | 6/29/2018 | Employees Retirement System of the Government of the Commonwealth of Puerto Rico | $45,760.89 |
| Base para: | | Reclamo de una obligación duplicada interpuesto contra el Sistema de Retiro de Empleados del Gobierno del Estado Libre Asociado de Puerto Rico. Todas las responsabilidades invocadas, si las hubiere, tendrían lugar entre el Reclamante y el Estado Libre Asociado de Puerto Rico. | | |

[handwritten:] *See evidence and enclosed document ----->*

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

**IF YOUR CLAIM IS LISTED HERE, ONE OR MORE OF THE DEBTORS ARE SEEKING TO DISALLOW YOUR CLAIM FOR THE REASON LISTED BELOW.**

| NAME | CLAIM # | DATE FILED | DEBTOR | ASSERTED CLAIM AMOUNT |
|---|---|---|---|---|
| Colon Torres, Neysha M | 139753 | 6/29/2018 | Commonwealth of Puerto Rico | $16,800.00 |
| Reason: | The claimant failed to provide prima facie evidence to support a secured claim. | | | |

**SI SU RECLAMO ESTÁ INCLUIDO AQUÍ, UNO O MÁS DE LOS DEUDORES SOLICITAN QUE SU RECLAMO SEA RECHAZADO POR LA RAZÓN INDICADA AQUÍ ABAJO.**

| NOMBRE | N.º DE RECLAMACIÓN | FECHA DE PRESENTACIÓN | DEUDOR | MONTO DE LA RECLAMACIÓN ALEGADA |
|---|---|---|---|---|
| Colon Torres, Neysha M | 139753 | 6/29/2018 | Commonwealth of Puerto Rico | $16,800.00 |
| Base para: | El demandante omitió proporcionar pruebas evidentes para apoyar un reclamo asegurado. | | | |

[handwritten:] *See evidence and enclosed document ----->*

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

Case:17-03283-LTS   Doc#:19792-16   Filed:01/17/22   Entered:01/17/22 14:35:28   Desc:
Exhibit 16   Page 11 of 80
Case:17-03283-LTS Doc#:17440-1 Filed:07/20/21 Entered:07/21/21 09:59:41 Desc:
Exhibit Page 6 of 73

Case:17-03283-LTS   Doc#:17105-1   Filed:06/18/21   Entered:06/18/21 18:59:34   Desc:
Exhibit A   Page 5 of 27

## Three Hundred and Forty-First Omnibus Objection
### Exhibit A - Claims to Be Disallowed

| | | CLAIMS TO BE DISALLOWED | | | | | REMAINING CLAIMS | | |
|---|---|---|---|---|---|---|---|---|---|
| NAME | DATE FILED | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT | NAME | DATE FILED | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT |
| 15 COLON TORRES, NEYSHA URB EL COMANDANTE 872 CALLE MARIA GIUSTI SAN JUAN, PR 00924 | 06/29/18 | 17 BK 03566-LTS / Employees Retirement System of the Government of the Commonwealth of Puerto Rico | 127701 | $ 45,760.89* | COLON TORRES, NEYSHA URB EL COMANDANTE 872 CALLE MARIA GIUSTI SAN JUAN, PR 00924 | 06/29/18 | 17 BK 03283-LTS / Commonwealth of Puerto Rico | 129809^ | $ 45,760.89* |

Reason: Duplicate liability filed against Debtor Employees Retirement System of the Government of the Commonwealth of Puerto Rico. All asserted liabilities, if any would be between the Claimant and the Commonwealth of Puerto Rico.

^ Claim #129809 also contained on Exhibit A to the 345th Omnibus Claims Objection for Misclassified Claims

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 16 CORDERO VELEZ, CLARA  M. PO BOX 9281 HUMACAO, PR 00792 | 05/30/18 | 17 BK 03566-LTS / Employees Retirement System of the Government of the Commonwealth of Puerto Rico | 40934 | Undetermined* | CORDERO VELEZ, CLARA  M. PO BOX 9281 HUMACAO, PR 00791 | 05/30/18 | 17 BK 03283-LTS / Commonwealth of Puerto Rico | 41573^ | Undetermined* |

Reason: Duplicate liability filed against Debtor Employees Retirement System of the Government of the Commonwealth of Puerto Rico. All asserted liabilities, if any would be between the Claimant and the Commonwealth of Puerto Rico.

^ Claim #41573 also contained on Exhibit A to the 351st Omnibus Claims Objection for Partially Duplicative Claims

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 17 CORTES GARCIA, NELIDA 175 CALLE NUEVA COMUNIDAD ISRAEL SAN JUAN, PR 00917 | 05/08/18 | 17 BK 03566-LTS / Employees Retirement System of the Government of the Commonwealth of Puerto Rico | 12511 | $ 68,745.12* | GARCIA, NELIDA CORTES 175 CALLE NUEVA COM ISRAEL SAN JUAN, PR 00917 | 05/08/18 | 17 BK 03283-LTS / Commonwealth of Puerto Rico | 12503^ | $ 68,745.12* |

Reason: Duplicate liability filed against Debtor Employees Retirement System of the Government of the Commonwealth of Puerto Rico. All asserted liabilities, if any would be between the Claimant and the Commonwealth of Puerto Rico.

^ Claim #12503 also contained on Exhibit A to the 345th Omnibus Claims Objection for Misclassified Claims

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 18 CORTIJO SANCHEZ, EDITH URB COUNTRY CLUB QM5 CALLE 246 CAROLINA, PR 00982-1895 | 05/25/18 | 17 BK 03566-LTS / Employees Retirement System of the Government of the Commonwealth of Puerto Rico | 29821 | Undetermined* | CORTIJO SANCHEZ, EDITH URB COUNTRY CLUB QM5 CALLE 246 CAROLINA, PR 00982-1895 | 05/25/18 | 17 BK 03283-LTS / Commonwealth of Puerto Rico | 43457^ | Undetermined* |

Reason: Duplicate liability filed against Debtor Employees Retirement System of the Government of the Commonwealth of Puerto Rico. All asserted liabilities, if any would be between the Claimant and the Commonwealth of Puerto Rico.

^ Claim #43457 also contained on Exhibit A to the 351st Omnibus Claims Objection for Partially Duplicative Claims

* Indicates claim contains unliquidated and/or undetermined amounts

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

Case:17-03283-LTS  Doc#:17081-1  Filed:06/18/21  Entered:06/18/21 13:55:43  Desc:
Exhibit A  Page 19 of 101

### Three Hundred and Thirty-Seventh Omnibus Objection
### Exhibit A - Claims to Be Reclassified

| | | ASSERTED | | | CORRECTED | |
|---|---|---|---|---|---|---|
| NAME | CLAIM# | DEBTOR | PRIORITY STATUS | AMOUNT | DEBTOR | PRIORITY STATUS |
| 104 COLON QUINTANA, JUAN<br>#215 CALLE EVARISTO HERNANDEZ<br>BO MOGOTE<br>CAYEY, PR 00736 | 163310 | Employees Retirement System of the Government of the Commonwealth of Puerto Rico | Unsecured | $48,119.21* | Commonwealth of Puerto Rico | Unsecured |
| Reason: Proof of Claim asserts liability associated with pension adjustments that claimant asserts are payable by ERS.  However, pursuant to the Post-Petition Legislation, the Commonw obligation to make payment to pensioners or other beneficiaries of ERS. | | | | | | |
| 105 COLON RODRIGUEZ, RAFAEL A.<br>HC 01 BOX 5727<br>SALINAS, PR 00751 | 136381 | Employees Retirement System of the Government of the Commonwealth of Puerto Rico | Unsecured | Undetermined* | Commonwealth of Puerto Rico | Unsecured |
| Reason: Proof of Claim asserts liability associated with pension adjustments that claimant asserts are payable by ERS.  However, pursuant to the Post-Petition Legislation, the Commonw obligation to make payment to pensioners or other beneficiaries of ERS. | | | | | | |
| 106 COLON SANTIAGO, JESSICA<br>CALLE GUAMANI # 41 CIUDAD<br>CENTRO PR<br>CAROLINA, PR 00987 | 87320^ | Employees Retirement System of the Government of the Commonwealth of Puerto Rico | Unsecured | $68,960.00 | Commonwealth of Puerto Rico | Unsecured |
| Reason: Proof of Claim asserts liability associated with pension adjustments that claimant asserts are payable by ERS.  However, pursuant to the Post-Petition Legislation, the Commonw obligation to make payment to pensioners or other beneficiaries of ERS. | | | | | | |
| ^ Claim #87320 also contained on Exhibit A to the 351st Omnibus Claims Objection for Partially Duplicative Claims | | | | | | |
| 107 COLON TORRES, NEYSHA<br>URB EL COMANDANTE<br>872 CALLE MARIA GIUSTI<br>SAN JUAN, PR 00924 | 121773^ | Employees Retirement System of the Government of the Commonwealth of Puerto Rico | Secured | $16,800.00* | Commonwealth of Puerto Rico | Secured |
| Reason: Proof of Claim asserts liability associated with pension adjustments that claimant asserts are payable by ERS.  However, pursuant to the Post-Petition Legislation, the Commonw obligation to make payment to pensioners or other beneficiaries of ERS. | | | | | | |
| ^ Claim #121773 also contained on Exhibit A to the 345th Omnibus Claims Objection for Misclassified Claims | | | | | | |
| 108 CONCHITA E COX SCHUCK<br>URB UNIVERSITY GARDENS<br>322A CALLE CLEMSON<br>SAN JUAN, PR 00927 | 1845^ | Employees Retirement System of the Government of the Commonwealth of Puerto Rico | 503(b)(9) | $91,000,000.00* | Commonwealth of Puerto Rico | 503(b)(9) |
| | | Employees Retirement System of the Government of the Commonwealth of Puerto Rico | Secured | Undetermined* | Commonwealth of Puerto Rico | Secured |
| | | | Subtotal | $91,000,000.00* | | Subtotal |
| Reason: Proof of Claim asserts liability associated with pension adjustments that claimant asserts are payable by ERS.  However, pursuant to the Post-Petition Legislation, the Commonw obligation to make payment to pensioners or other beneficiaries of ERS. | | | | | | |
| ^ Claim #1845 also contained on Exhibit A to the 345th Omnibus Claims Objection for Misclassified Claims | | | | | | |
| Claim #1845 also contained on Exhibit A to the 351st Omnibus Claims Objection for Partially Duplicative Claims | | | | | | |

* Indicates claim contains unliquidated and/or undetermined amounts

Pa

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

Case: 17-03283-LTS Doc#: 171081-1    Filed: 06/18/21 Entered: 06/18/21        1:55:43 PM Desc:
Exhibit A        Page 19 of 101

### Three Hundred Forty-Fifth Omnibus Objection
### Exhibit A: Claims to be reclassified

| | NAME | CLAIM # | DEBTOR | PRIORITY STATUS | AMOUNT | DEBTOR | PRIORITY STATUS | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 35 | CHEVERE FRAGUADA, ZORAIDA JARD DE COUNTRY CLUB R1 CALLE 12 CAROLINA, PR 00983-1759 | 20773^ | The Commonwealth of Puerto Rico | Secured | $35,000.00* | The Commonwealth of Puerto Rico | Unsecured | $35,000.00* |
| | Reason: Defendant failed to provide sufficient evidence to support a secured claim. | | | | | | | |
| | ^ Claim # 20773 also contained in Exhibit A to Omnibus Objection no. 337 for misclassified claims. | | | | | | | |
| 36 | CHEVERE FRAGUADA, ZORAIDA CALLE 12 R-1 JARDINES DE COUNTRY CLUB CAROLINA, PR 00983 | 24315 | The Commonwealth of Puerto Rico | Secured | $35,000.00* | The Commonwealth of Puerto Rico | Unsecured | $35,000.00* |
| | Reason: Defendant failed to provide sufficient evidence to support a secured claim. | | | | | | | |
| 37 | COLLADO SANTIAGO, SANDRA URB. VALLE 4D8 SAN GERMAN, PR 00683 | 54541 | The Commonwealth of Puerto Rico | Secured | $15,000.00 | The Commonwealth of Puerto Rico | Unsecured | $15,000.00 |
| | Reason: Defendant failed to provide sufficient evidence to support a secured claim. | | | | | | | |
| 38 | COLLAZO ROSADO, MONICA COND. QUINTANA 614 APT A SAN JUAN, PR 00917 | 16256 | The Commonwealth of Puerto Rico | Secured | $29,000.00 | The Commonwealth of Puerto Rico | Unsecured | $29,000.00 |
| | Reason: Defendant failed to provide sufficient evidence to support a secured claim. | | | | | | | |
| 39 | COLÓN ALICEA, HERIC BO. GUAVATE 22908 SAN JUAN, PR 00917 | 20453 | The Commonwealth of Puerto Rico | Secured | $29,000.00 | The Commonwealth of Puerto Rico | Unsecured | $29,000.00 |
| | Reason: Defendant failed to provide sufficient evidence to support a secured claim. | | | | | | | |
| 40 | COLON TORRES, NEYSHA URB. EL COMANDANTE 872 CALLE MARIA GIUSTI SAN JUAN, PR 00924 | 121773^ | The Commonwealth of Puerto Rico | Secured | $16,800.00* | The Commonwealth of Puerto Rico | Unsecured | $16,800.00* |
| | Reason: Defendant failed to provide sufficient evidence to support a secured claim. | | | | | | | |
| | ^ Claim # 121773 also contained in Exhibit A to Omnibus Objection no. 337 for misclassified claims. | | | | | | | |

\* Indicates that the claim contains amounts to be settled or undetermined amounts

Page 7 of 41

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

Case:17-03283-LTS  Doc#:19792-16  Filed:01/17/22  Entered:01/17/22 14:35:28  Desc:
Exhibit 16  Page 14 of 80
Case:17-03283-LTS Doc#:17440-1 Filed:07/20/21 Entered:07/21/21 09:59:41 Desc:
Exhibit Page 9 of 73
Case: 17-03283-LTS Doc#: 17108-2    Filed: 06/18/21 Entered: 06/18/21    7:10:36 PM Desc:
Exhibit A    Page 9 of 42

Three Hundred Forty-Fifth Omnibus Objection

Exhibit A: Claims to be reclassified

| | NAME | CLAIM # | DEBTOR | PRIORITY STATUS | AMOUNT | DEBTOR | PRIORITY STATUS | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 41 | COLÓN TORRES, NEYSHA URB EL COMANDANTE 872 CALLE MARIA GIUSTI SAN JUAN, PR 00924 | 129809 | The Commonwealth of Puerto Rico | Secured | $45,760.89* | The Commonwealth of Puerto Rico | Unsecured | $45,760.89* |
| | Reason: Claimant failed to provide sufficient evidence to support a secured claim. | | | | | | | |
| 42 | COLÓN TORRES, NEYSHA M URB. EL COMANDANTE 872 CALLE MARIA GIUSTI SAN JUAN, PR 00924 | 139753 | The Commonwealth of Puerto Rico | Secured | $16,800.00* | The Commonwealth of Puerto Rico | Unsecured | $16,800.00* |
| | Reason: Claimant failed to provide sufficient evidence to support a secured claim. | | | | | | | |
| 43 | CONCEPCIÓN-FELICIANO, ELSIE HC 03 BOX 33358 AGUADA, PR 00602 | 58656 | The Commonwealth of Puerto Rico | Secured | $7,000.00* | The Commonwealth of Puerto Rico | Unsecured | $7,000.00* |
| | Reason: Claimant failed to provide sufficient evidence to support a secured claim. | | | | | | | |
| 44 | CONCHITA E COX SCHUCK URB UNIVERSITY GARDENS 322A CALLE CLEMSON SAN JUAN, PR 00927 | 1845^ | The Commonwealth of Puerto Rico | 503(b)(9) Secured Subtotal | $91,000,000.00* Undetermined* $91,000,000.00* | The Commonwealth of Puerto Rico | Unsecured | $29,000.00 |
| | Reason: Claimant claimed administrative priority by virtue of title II, United States Code, section 503(b)(9), but evidence of the claim does not correspond to assets sold, and therefore claimant is not entitled to it. In addition, claimant failed to provide sufficient evidence to support a secured claim. Consequently, the claim was classified in full as a general unsecured claim. ^ Claim no. 1845 also contained in Exhibit A to Omnibus Objection no. 337 for misclassified claims. Claim no. 1845 also contained in Exhibit A to Omnibus Objection no. 351 for partially duplicative claims. | | | | | | | |
| 45 | COTTO SERRANO, ANA C. CARR. 176 K5H3 CAMINO DON DIEGO CUPEY ALTO SAN JUAN, PR 00926-9740 | 137545^ | The Commonwealth of Puerto Rico | Secured | $30,000.00 | The Commonwealth of Puerto Rico | Unsecured | $30,000.00 |
| | Reason: Claimant failed to provide sufficient evidence to support a secured claim. ^ Claim no. 137545 also contained in Exhibit A to Omnibus Objection no. 337 for misclassified claims. | | | | | | | |

* Indicates that the claim contains amounts to be settled or undetermined amounts

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

[handwritten:]                                        *May 20, 2018*

*Commonwealth of PR*
*Claims Processing Center*
*c/o Prime Clerk LLC*
*Grand Central Station, PO Box 4708*
*New York, NY 10163-4708*

*Re.: Proof of claim in re: The Commonwealth of Puerto Rico case no. BK 3283 LTS Promesa Title III*

*Dear Clerk,*

*Cordial regards,*

*By way of the present document, the undersigned Neysha Milagros Colón Torres, who is of age, with social security number xxx-xx-xxxx, currently retired from the Dept. of the Family, states for the record that I am included among the claimants who are plaintiffs in the case Nilda A. Agosto Maldonado et al, civil case No. KPE 2005-0608 and which is regarding money owed for salaries, with a September 16, 2010 judgment, ordering […]*

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

ou may also submit your claim electronically by visiting http://cases.primeclerk.com/puertorico/EPOC-Index

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO / TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

MMLID: 1124855
EPOC ID: 170356600173456

**Fill in this information to identify the case (Select only one Debtor per claim form). /**
**Llene esta información para identificar el caso (seleccione sólo un deudor por formulario de reclamación).**

| | |
|---|---|
| ☐ Commonwealth of Puerto Rico<br>El Estado Libre Asociado de Puerto Rico | Case No. 17-bk-03283   Petition Date: May 3, 2017 |
| ☐ Puerto Rico Sales Tax Financing Corporation (COFINA)<br>La Corporación del Fondo de Interés Apremiante de Puerto Rico | Case No. 17-bk-03284   Petition Date: May 5, 2017 |
| ☐ Puerto Rico Highways and Transportation Authority<br>La Autoridad de Carreteras y Transportación de Puerto Rico | Case No. 17-bk-03567   Petition Date: May 21, 2017 |
| ☒ Employees Retirement System of the Government of the<br>Commonwealth of Puerto Rico<br>El Sistema de Retiro de los Empleados del Gobierno del Estado<br>Libre Asociado de Puerto Rico | Case No. 17-bk-03566   Petition Date: May 21, 2017 |
| ☐ Puerto Rico Electric Power Authority<br>La Autoridad de Energía Eléctrica de Puerto Rico | Case No. 17-bk-04780   Petition Date: July 2, 2017 |

RECEIVED
JUN 29 2018

Debtor Employees Retirement System of the Government of the Commonwealth of Puerto Rico has listed your claim in their Creditor List on Schedule E -- Pension Obligations as a Contingent, Unliquidated general unsecured claim in an Undetermined amount.  You must timely file a proof of claim or be forever barred from participating or sharing in any distribution or being treated as a claim for purposes of voting or distribution.

El deudor Employees Retirement System of the Government of the Commonwealth of Puerto Rico ha listado su reclamación en la lista de acreedores en el Schedule E -- Obligaciones de Pensión como un reclamo Contingente, Sin liquidez no asegurado por un monto Indeterminado. Debe presentar una prueba de reclamación oportunamente o se le prohíba por siempre participar o compartir en cualquier distribución o ser tratado como un reclamo para fines de votación o distribución.

Modified Official Form 410 / Formulario Oficial 410 Modificado

# Proof of Claim / Evidencia de reclamación    04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a Title III case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy or subject to confidentiality on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

Lea las instrucciones antes de completar este formulario. Este formulario está diseñado para realizar una reclamación de pago en un caso en virtud del Título III. No utilice este formulario para solicitar el pago de un gasto administrativo que no sea una reclamación que reúna los requisitos para ser tratada como prioridad administrativa conforme al Título 11 § 503(b) (9) del U.S.C. Ese tipo de solicitud debe realizarse de conformidad con el Título 11 § 503 del U.S.C.

Quienes presenten la documentación deben omitir o editar información que reúna los requisitos para ser tratada con privacidad o confidencialidad en este formulario o en cualquier otro documento adjunto. Adjunte copias editadas de cualquier otro documento que respalde la reclamación, tales como pagarés, órdenes de compra, facturas, balances detallados de cuentas en funcionamiento, contratos, resoluciones judiciales, hipotecas y acuerdos de garantías. No adjunte documentos originales, ya que es posible que los documentos adjuntos se destruyan luego de analizarlos. En caso de que los documentos no estén disponibles, explique los motivos en un anexo.

Fill in all the information about the claim as of the Petition Date.

Complete toda la información acerca de la reclamación a la fecha en la que se presentó el caso.

| Part 1 / Parte 1 | Identify the Claim / Identificar la reclamación |
|---|---|

| | |
|---|---|
| 1. Who is the current creditor?<br><br>¿Quién es el acreedor actual? | NEYSHA COLON TORRES<br>Name of the current creditor (the person or entity to be paid for this claim)<br>Nombre del acreedor actual (la persona o la entidad a la que se le pagará la reclamación)<br><br>Other names the creditor used with the debtor    *Neysha M. Colon Torres*<br>Otros nombres que el acreedor usó con el deudor |

Modified Official Form 410                Proof of Claim                page 1

U0503 v.01 02.15.2018



*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

**8. How much is the claim?** $ *45,760.89*

*¿Cuál es el importe de la* *aproximadamente*
*reclamación?*

*[hw:] Approximately*
*Also they owe me the interest and retirement*
*and social security contributions.*

**Does this amount include interest or other charges?**
**¿Este importe incluye intereses u otros cargos?**

☑ No / No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other
    charges required by Bankruptcy Rule 3001(c)(2)(A).
    Sí. Adjunte un balance con intereses detallados, honorarios,
    gastos u otros cargos exigidos por la Norma de Quiebras
    3001(c)(2)(A).

**9. What is the basis of the claim?**

*¿Cuál es el fundamento de la reclamación?*

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

Por ejemplo: Venta de bienes, préstamo de dinero, arrendamiento, prestación de servicios, lesiones personales u homicidio culposo, o tarjetas de crédito. Adjunte copias editadas de cualquier documento que respalde la reclamación conforme a lo exigido por la Norma de Quiebras 3001(c). Limite la divulgación de información que reúne los requisitos para ser tratada con privacidad, tal como información sobre atención médica.

*[hw:] Lawsuit for salary adjustment.*

**10. Is all or part of the claim secured?**

*¿La reclamación está garantizada de manera total o parcial?*

☐ No / No
☑ Yes. The claim is secured by a lien on property.
    Sí. La reclamación está garantizada por un derecho de retención sobre un bien.

**Nature of property / Naturaleza del bien:**
☐ Motor vehicle / Vehículos

☐ Other. Describe:
    Otro. Describir:   *[hw:] Salary adjustment*

**Basis for perfection / Fundamento de la realización de pasos adicionales:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded).
Adjunte copias editadas de documentos, si los hubiere, que demuestre la realización de pasos adicionales para hacer valer un derecho de garantía (por ejemplo, una hipoteca, un derecho de retención, un certificado de propiedad, una declaración de financiamiento u otro documento que demuestre que se ha presentado o registrado un derecho de retención.

**Value of property / Valor del bien:** $_____

**Amount of the claim that is secured /**
**Importe de la reclamación que está garantizado:** $_____

**Amount of the claim that is unsecured /**
**Importe de la reclamación que no está garantizado:** $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)
(La suma del importe garantizado y no garantizado debe coincidir con el importe de la línea 7.)

**Amount necessary to cure any default as of the Petition Date /**
**Importe necesario para compensar toda cesación de pago a la fecha que se presentó el caso :** $_____

**Annual Interest Rate** (on the Petition Date)
**Tasa de interés anual** (cuando se presentó el caso)_____%
☐ Fixed / Fija
☐ Variable / Variable

**11. Is this claim based on a lease?**

*¿Esta reclamación está basada en un arrendamiento?*

☑ No / No
☐ Yes. Amount necessary to cure any default as of the Petition Date.
    Sí. Importe necesario para compensar toda cesación de pago a partir de la que se presentó el caso$ _____

Modified Official Form 410                       Proof of Claim                                    page 3

U0505 v.01 02.15.2018



*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

000 0026038 00000000 0003 0005 05208 INS: 0 0

## See reverse side for complete security features.

| | | | |
|---|---|---|---|
| Form SC 786.1 Nov [illegible] TREASURY GOVERNMENT OF PUERTO RICO | **DEPARTMENT OF THE TREASURY** Edificio Intendente Ramirez San Juan PR 00902-4140 | **Commonwealth of Puerto Rico** 127 Socioeconomic Development Adm. | **Check No.** ▇7230 |

**Date: 11/01/2012** | **Amount: $13,324.05 ****

*** THIRTEEN THOUSAND THREE HUNDRED TWENTY-FOUR AND 05/100 DOLLARS

Pay to the order of:

**NEYSHA M COLÓN TORRES**
URB. EL COMANDANTE
872 MARIA GUSTI
SAN JUAN, PR 00924
Location [illegible] 1

[illegible signature]
Secretary of the Treasury

BGE    Valid for six months from issuance.

▇▇▇▇▇▇▇ 1016 *

**Commonwealth of Puerto Rico**
127 – Socioeconomic Development Admin.

| Payment Group: | SM -Biweekly | Notice #: | **06077230** |
|---|---|---|---|
| From: | 12/01/2012 | Notice Date: | 11/01/2012 |
| To: | 12/15/2012 | | |

| | | | | |
|---|---|---|---|---|
| **NEYSHA M COLÓN TORRES** URB. EL COMANDANTE 872 MARIA GUSTI SAN JUAN PR 00924 SS: XXX-XX-3009 | Employee #: Dept: Place: Title: Salary: | XXXXX3009 127050 - Carolina Carolina I Technical Social Services 1 $1,992.00 Monthly | TAX DATA Marital Status: Claims: Add'l. %: Add'l. Amt.: | Federal Single 0 | PR Single 0 + 6 |

| HOURS AND INCOME | | | | | | | TAXES | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | Current | | Accrued | | | | |
| Description | Salary | Hours | Income | Hours | Income | | Description | Current | Accrued |
| Retroactive Regular Pay | | | 15,253.63 | | 15,253.63 | | Fed. MED/EE | 221.18 | 221.18 |
| | | | | | | | Fed. OASDI/EE | 640.65 | 640.65 |
| | | | | | | | PR Withholding | 1,067.75 | 1,067.75 |
| Total: | | | 15,253.63 | | 15,253.63 | | Total: | 1,929.58 | 1,929.58 |

| DEDUCTIONS | | | GENERAL DEDUCTIONS | | | EMPLOYER BENEFITS PAID | | |
|---|---|---|---|---|---|---|---|---|
| Description | Current | Accrued | Description | Current | Accrued | Description | Current | Accrued |
| | | | | | | FSED Disability Plan | 511.00 | 511.00 |
| Total: | 0.00 | 0.00 | Total: | 0.00 | 0.00 | * Taxable | | |

| | GROSS TOTAL | FEDERAL GROSS TAXES | TOTAL TAXES | TOTAL WITHHOLDINGS | NET PAY |
|---|---|---|---|---|---|
| Current: | 15,253.63 | | 1,929.58 | 0.00 | 13,324.05 |
| Accrued: | 15,253.63 | | 1,929.58 | 0.00 | 13,324.05 |

| PTO HOURS | ACCRUED | | NET PAY DISTRIBUTION | |
|---|---|---|---|---|
| Initial Balance | 0.0 | | Notice # 06077230 | 13,324.05 |
| + Accumulated: | | | | |
| | | | Total: | 13,324.05 |
| - Used: | | | | |
| - Donated: | | | | |
| + Adjustments | | | | |
| Ending Balance: | 0.0 | | | |

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

*JUDGMENT*
*K PE 2005-0608*
*PAGE 17*

| | | | |
|---|---|---|---|
| 73. | BETANCOURT RIVERA, GLENDA LIZ | 74. | BETANCOURT RODRÍGUEZ, ROSA E. |
| 75. | BIRRIEL URDAZ , NURI I. | 76. | BLANCO SOTO, MARIA A. |
| 77. | BONILLA CHISTIAN, ZAIDA | 78. | BORGOS DIAZ, MYRNA L. |
| 79. | BORGOS LEÓN LAURA | 80. | BORIA CLEMENTE, SAMUEL |
| 81. | BORIA GASTON, CARMEN R. | 82. | BOURDONY BAEZ, VICTOR M. |
| 83. | BRACERO RABASSA, RAFAEL | 84. | BRUNO RIVERA, GLADYS E. |
| 85. | BUNKER PEREZ, OSCAR | 86. | BURGOS MORALES, BRENDA LIZ |
| 87. | BURGOS RIVERA, JUAN JOSE | 88. | CABALLERO MAISONET, MYRNA |
| 89. | CABAN ACEVEDO, JULIA A. | 90. | CABAN ARROYO, HERIBERTO |
| 91. | CABEZA HERNANDEZ, ÁNGEL | 92. | CABEZUDO PEREZ, IVONNE |
| 93. | CABRERA TORRES, SIGNA MAGALY: | 94. | CALDERON CARRASQUILLO, CARMEN V. |
| 95. | CALDERON CRUZ, CARMEN B. | 96. | CALDERON CRUZ, ENRIQUE |
| 97. | CALDERON DAVILA, CARLOS | 98. | CALDERON ILARRAZA, CARMEN |
| 99. | CALO BIRRIEL, MILAGROS | 100. | CAMACHO GOMEZ, GLORIMY |
| 101. | CAMACHO PEREZ, JUDITH | 102. | CAMARERO COLON, JOSE L. |
| 103. | CANTRES APONTE, CARMEN S. | 104. | CARABALLO ORTIZ, LUIS A. |
| 105. | CARDONA MEDINA, WILSON | 106. | CARDONA SANTANA., GAMALIER |
| 107. | CARDONA SERRANO, ROSA I. | 108. | CARRASCO BAQUERO,  MARIA L. |
| 109. | CARRASQUILLO DIAZ, YOLANDA | 110. | CARRASQUILLO MULERO, ROSITA |
| 111. | CARRASQUILLO PACHECO, LOYDA G. | 112. | CARRASQUILLO ROMAN , SONIA |
| 113. | CARRASQUILLO SANTIAGO, CARMEN R. | 114. | CARRERO LOPEZ, DAVID |
| 115. | CARRILLO FIGUEROA, ELIZABETH | 116. | CARRION CASTRO, MARGARITA I. |
| 117. | CARRION CEDEÑO, MARGARITA | 118. | CARRION SANTIESTEBAN, ARLENE |
| 119. | CARTAGENA MERCED, LUZ M. | 120. | CASTILLO ROMAN, SYLVIA |
| 121. | CASTRO CANALES, MIRTA | 122. | CASTRO CARRION, BLANCA  I. |
| 123. | CASTRO LAGUERRA, ANA VEDA | 124. | CASTRO RODRÍGUEZ, ELIZABETH |
| 125. | CAY MORALES, MARIA | 126. | CEDEÑO ROMERO, EVELYN |
| 127. | CENTENO FONTANEZ, ROSA I. | 128. | CHEVERE FRAGUADA, ZORAIDA |
| 129. | CHEVERE IZQUIERDO, SANDRA | 130. | CINTRON DE BORRALI, LILLIAM |
| 131. | CINTRON DIAZ, ADELMA DEL C. | 132. | CINTRON MORALES, JOSE A. |
| 133. | CINTRON RODRÍGUEZ, ANGELITA | 134. | CINTRON SANTANA, JARVIS |
| 135. | CLAUDIO ROSADO, EDUARDO | 136. | COLLAZO GONZALEZ, CARMEN |
| 137. | COLON ARROYO, ANA A. | 138. | COLON DE OTERO, LETICIA |
| 139. | COLON DIAZ, RAFAEL | 140. | COLON ORTEGA, CARMEN |
| 141. | COLON RAMOS, RAMON L. | 142. | COLON RIVERA, ANA M. |
| 143. | COLON ROSARIO, MARGARITA | 144. | COLON SANTOS, KARITZA |
| 145. | COLON TORRES, NEYSHA M. | 146. | CONCEPCION LAGUER, MARGARITA |
| 147. | CONCEPCION QUIÑONES, JOSEFINA | 148. | CONCEPCION RODRÍGUEZ, MARIA DEL C. |
| 149. | CORDERO AVILA, ÁNGEL G. | 150. | CORDERO FERNANDEZ, MARIA J. |

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

COMMONWEALTH OF PUERTO RICO
TRIAL COURT
SAN JUAN VICINAGE

AGOSTO MALDONADO, NILDA A.          CASE: K PE2805-0608
          CLAIMANT          COURTROOM: 0907
          V.
CW          SPECIAL PROCEEDINGS
          DEFENDANT          INJUNCTION – CLASSIC
          CAUSE OF ACTION/ OFFENSE

NOTICE OF JUDGMENT

THE UNDERSIGNED CLERK HEREBY NOTIFIES YOU THAT THIS COURT ENTERED A JUDGMENT IN THE REFERENCED CASE ON SEPTEMBER 16, 2010, WHICH HAS BEEN DULY ENTERED AND FILED IN THE RECORDS OF THIS CASE, WHERE ITS TERMS IN FULL DETAIL CAN BE FOUND.

YOU ARE RECEIVING A COPY OF THIS NOTICE AS YOU ARE OR REPRESENT THE PARTY AFFECTED BY THE JUDGMENT, AGAINST WHICH YOU MAY FILE AN APPEAL. A COPY OF THIS NOTICE WAS FILED IN THE RECORDS OF THIS CASE ON SEPTEMBER 17, 2010.

GONZÁLEZ MORALES, IVONNE
PO BOX 9021828
SAN JUAN, PR 00902-1828

ACEVEDO COLÓN, MILAGROS
COND COLINA REAL
2000 AVE FELISA RINCON
BOX 1405
SAN JUAN, PR 00926

DÍAZ LUGO, MANUEL
PO BOX 9020192
SAN JUAN, PR 00902-0192

SAN JUAN, PUERTO RICO, ON SEPTEMBER 17, 2010

REBECA RIVERA TORRES
CLERK
BY: VANESSA NIEVES MORALES      [illegible signature]
ASSISTANT CLERK

O.A.T. 704-NOTICE OF JUDGMENT
TELE-COURTS: (787) 759-1886, [illegible], TOLL-FREE (787) 1-877-759-1888

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

DEPT. OF THE FAMILY
OFFICE OF THE SECRETARY
[signature]
2012 NOV 13 1:23 PM

**COPY**

[hw:] *1 Nov. 2012*
*1:38 PM*
*M. Cruz*

| **PROSOL** |
| **UTIER** |
| NOV 01 2012 |
| **RECEIVED** |

October 31, 2012

Attys. Ivonne González Morales
        Milagros Acevedo Colón

RE: CASE: NILDA AGOSTO MALDONADO
        KPE2005-0608

We, the undersigned claimants in the referenced case, request that you deliver to us as soon as possible, a copy of the calculations made for the findings in the case.

Cc:    Hon. Yanitsia Irizarry
        Secretary
        Department of the Family

[handwritten signatures]

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

LAW OFFICES
**IVONNE GONZÁLEZ MORALES**

P.O. BOX 9021828
SAN JUAN
PUERTO RICO 00902-1828
TEL. (787) 724-5323
FAX (787) 200-5927

GALLARDO BLDG.
SUITE 305
301 RECINTO SUR ST.
OLD SAN JUAN, PUERTO RICO
00902

**MEMORANDUM**

**TO**      ALL CLAIMANTS IN THE CASE OF NILDA AGOSTO, ET AL V. THE COMMONWEALTH K
PE2005-0608

**BY:**      IVONNE GONZÁLEZ MORALES, ESQ. AND MILAGROS ACEVEDO COLÓN, ESQ.

**DATE:**      November 14, 2012

**SUBJECT:**      PARTIAL PAYMENT OF JUDGMENT AND ATTORNEYS' FEES

As you know, all claimant employees signed a professional services agreement with the undersigned attorneys to represent them in their salary claim against the Department of the Family and/or ARV, where the agreement was to pay attorney's fees of 25% of the sums we obtained for their benefit.

After having worked for over 8 years on an extremely complex and contentious lawsuit, where we even had to appear before the Supreme Court to oppose the attempts of the Department to have the filed salary claim dismissed or, in the alternative, to have the provisions of Act 180 applied, and in which you were only paid three years' retroactive salary, in July of 2012 the Supreme Court upheld the Judgment in favor of the employees.

On November 5, 2012, on the eve of general elections, the Department of the FAMILY, in open contempt for the proceeding established in the court orders obtained, began to directly and selectively deliver to claimant employees payments which, according to said party, represented 25% of what they were owed. For this reason, we request the cooperation of all of our clients to, as soon as possible, inform us if they received any payment and send us a copy of the letter by mail, of the receipt and of the check received, and payment for the attorney's fees (25% of the amount received), as agreed to in the professional services agreement they signed with our office.

Likewise, we need information on the names of the claimants who did not receive a payment and what they were told when they asked for their check, and the name of the employee and agency that attended to them.

**Therefore, we now rely on you to back us up, because the reality is that we, based on great personal sacrifice, have spared no effort, time, or expense to cover the high costs of this litigation and to obtain salary justice for you. As you will understand, we need you to pay us the attorneys' fees from the advance received, not only so we can continue to operate, but also to pay the debts and commitments entered into and finish the work to be done.**

**To this end, we inform you that on Monday November 19, 2012, which is a public holiday, we will be at our office, located at Edificio Gallardo, 301 Calle Recinto Sur, Oficina 305 [in front of Estacionamiento de Doña Fela, Viejo San Juan], from 9:30 am to 12:00 noon and from 1:30 to 3:00 pm to receive attorneys' fees and the information requested, and to respond to any questions that have not been explained in this memorandum.**

On the other hand, we have received phone calls from claimants informing of comments being circulated by ill-intentioned people, not involved in the case, to create confusion and cause damage. We believe that the best way to prove our work and commitment is by sending you a summary of the proceedings before the various courts that have heard the case of Nilda Agosto, et al., *supra*, since the Judgment became firm and final, a report of which is attached to this Memorandum.

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

Case:17-03283-LTS   Doc#:19792-16   Filed:01/17/22   Entered:01/17/22 14:35:28   Desc:
Exhibit 16   Page 23 of 80
Case:17-03283-LTS Doc#:17440-1 Filed:07/20/21 Entered:07/21/21 09:59:41 Desc:
Exhibit Page 18 of 73

1

EXHIBIT:

PROCEDURES BEFORE THE COURTS OF JUSTICE UNDERTAKEN BY ATTYS. IVONNE GONZÁLEZ MORALES AND MILAGROS ACEVEDO COLÓN IN THE CASE NILDA AGOSTO, ET AL. V. DEPARTMENT OF THE FAMILY AND ARV

CASE NO.      KPE2005-0608 [TRIAL COURT, SAN JUAN VICINAGE]
              KLAN2010-001703      [COURT OF APPEALS]
              CA-2012-0015      [SUPREME COURT]
              KLCE2012-01333      [COURT OF [APPEALS]] [*typo*]

1.  **On June 29, 2012, the SUPREME COURT** denied the second Motion for Reconsideration filed by the DF and warned them to abide by what was imposed by the Judgment entered. **[case no. CA-2012-0015]**.

2.  **On July 19, 2012,** our office filed before the **San Juan Trial Court** in case **KPE2005-0608** a **Motion to Enforce Judgment under Rule 51.4**, since the term for the judgment to become final and firm had expired. This Motion was supported by the information provided to us by one of the claimants, Mr. Ariel Aulet, who was present at the public hearings held before the Senate Finance Commission in May of 2012, where the budget of the Department of the Family was discussed and where the Secretary swore under oath that the OPG had items identified in the Department's budget to pay the judgment [that is, 20 million].

3.  At our request, on **August 20, 2012,** the trial court issued an Order for Payment. Furthermore, the Department of the Family was ordered to deposit the payment with the court or deliver the corresponding checks to the attorneys of the defendants, as well as the final reports of calculations worked on by the experts, processed by computer, and the final payroll reports required, in order to audit the payments and determine their accuracy.

4.  **On August 29, 2012,** the DF, dissatisfied with the Order for Payment, filed with a Motion for Reconsideration before the TPI, to **vacate same**, without submitting any sworn affidavits or documents to prove their allegations of insufficient funds. Among other things, the Department of the Family accuses the TPI of undue interference with the executive branch, because the Order was issued contrary to the Rules of the Budgetary Administration, and because it would impose on the Department consequences of a criminal nature under Act 147, since, being an election year, the Department proposes that it cannot incur expenditures or obligations that exceed fifty 50% of the budgetary allocation for each entry. Furthermore, it proposed that the only remedy the claimants have to obtain payment of the Judgment was to wait for it be requested, in the next Budget of 2013-14, for the legislature to allocate funds, as ordered in the <u>Librotex v. PRASA</u> case.

5.  On **August 31, 2012,** and given the obvious lack of evidence, the trial court DENIED the DF's Motion for Reconsideration.

6.  On **September 26, 2012,** the DF, dissatisfied with the ruling, filed for CERTIORARI before the **COURT OF APPEALS**, case KLCE-2012-011333, where the DF requested that the Order for Payment be vacated and included a Motion in Aid of Jurisdiction. **On the same day**, the Court of Appeals issued a Ruling staying the Order for Payment until the case is resolved.

7.  On **October 2, 2012,** and to establish the lack of merits of the stay order, our office personally summoned, in accordance with Rule 51.4 of Civil Procedure, the Secretariat of the Family to appear for a DEPOSITION at our offices, to be held on October 17, 2012, to which it should bring the documents proving that it does not have the funds to fulfill the Order for Payment issued in fulfillment of the Judgment.

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

8. On **October 11, 2012,** our office filed a Special Appearance before the Court of Appeals requesting an extension under Rule 72, and included for the court the summons and production of documents processed, and advised that the Production of documents is scheduled for October 17, 2012.

9. On **October 22, 2012,** the Court of Appeals granted the claimants an extension of 10 final days, to be able to carry out the scheduled discovery.

10. Meanwhile, on **October 15, 2012,** the DF filed a Motion to Inform regarding the Stay Order before the Trial Court, which was obtained expeditiously and unilaterally from the Appeals Court, and based on it, requested to be exempted from coming to the DEPOSITION scheduled for October 17 and did not attend it. For its part, the Trial Court expressed on October 18th that "the Court of Appeals' Order speaks for itself."

11. Given the non-compliance by the DF, on **October 26, 2012,** our office filed an Urgent Motion before the Court of Appeals to inform that the Secretariat of the DF did not attend the Deposition and requested a Modification of Order and extension, to allow us to depose the Secretariat and establish the lack of merits of its allegation that they do not have money.

12. As such, on **October 29, 2012,** our office once again filed a Motion with the Court of Appeals, supported by a sworn affidavit reporting that, though it was stated that the DF had no funds and requested a stay of the Order for Payment, we had information that the Department was preparing the checks. It was also reported that the DF had not complied with the appealed Order to deliver to the attorneys of the defendants the final calculation reports prepared by the experts and a final payroll report. Therefore, we again requested that an Order be issued, under penalty of contempt, for the DF to fulfill the Order for Payment and procedure for delivery of the checks established in the appealed Order.

13. On **October 30 and 31, 2012,** the Court of Appeals denied the Motion to permit the Production of Documents and granted the claimants a final term of 5 business days to file an Opposition to the CERTIORARI.

14. On **November 5, 2012,** the DF began to deliver to the employees directly, in open non-compliance with the procedures established in the Order of August 20, 2012 and in violation of applicable regulations in force, checks in partial payment of the Judgment. According to the Secretariat, "OPG found savings in the accounts" when paradoxically our OFFICE had identified them previously in the summons to the DEPOSITION that we sent on October 2, 2012.

15. On **November 7, 2012,** having received at our office copies of some of the checks delivered to the employees on November 5, 2012, we filed a Very Urgent Motion with the Court of Appeals, requesting that the checks and reports requested be delivered to the attorneys, and to impose severe sanctions on the DF for contempt. On November 13, the Court of Appeals granted the DF 20 days to express its position regarding the contempt.

16. On **November 8, 2012,** our office filed a Motion in Opposition of the CERTIORARI appeal with the Court of Appeals.

**SUMMARY OF THE MAIN MATTERS PENDING:**

As you will see from the chronology of dates and proceedings, as soon as we summoned the Secretariat of the DF to a deposition and required them to produce by October 17, 2012, the fiscal reports proving that that party did not have money, the Secretariat had no alternative other than to **admit** that the OGP had identified "savings" in the budget of the DEPARTMENT AND ADMINISTRATIONS, and, under pressure, began to partially pay the debt, to avoid a finding that it acted without basis. Specifically, as a result of our strategies and swift action, as proven, you, the claimants received, WITHIN LESS THAN SIX MONTHS of the judgment becoming firm and final, a payment of 25% of the amount owed.

3

We also inform you that at the moment certain individual proposals are pending resolution, which the Department of the Family presented to a small group of employees where, among other things, it is alleged that they: (1) are not entitled to payment, since their complaints are barred according to **Art. 1867 of the Civil Code**, 31 LPRA. Sec. 5297, which establishes a term of three years to file a salary complaint; (2) the employee "owes" the Department money, since they earned salaries higher than the minimum recognized in the new salary scales that were adopted; (3) the employees voluntarily waived any complaint when they joined the waivers and incentivized retirement program under Act 7.

Nevertheless, be advised that, in order to resolve any questions regarding the payments made, we must wait for the Court of Appeals to rule on the CERTIORARI and the Motion to Find in Contempt that we filed, and for the DF to deliver the requested documents and render accounts.

We hope that the information included will give you a clear idea of the intense work that has been done by our office. Furthermore, we stress the **importance of having the cooperation of everyone and of sending us the information requested, with the payment of our attorney's fees on the sums each one has received, because we urgently need the money in order to continue operating and covering expenses, as indicated.**

We also want to thank you for the trust placed in us, and for the expressions of support and solidarity that many of you have shown.

4

COMMONWEALTH OF PUERTO RICO
TRIAL COURT
SAN JUAN SUPERIOR COURT

| NILDA A. AGOSTO MALDONADO ET AL CLAIMANT | CIVIL CASE NO. KPE 2005-0608 (907) |
|---|---|
| V. | IN RE: |
| COMMONWEALTH OF PUERTO RICO, DEPARTMENT OF THE FAMILY ET AL DEFENDANT | DECLARATORY JUDGMENT, AND SALARY CLAIM |

### *JUDGMENT*

The claimants, listed in the addendum to this Judgment, incorporated by reference herein and forming an integral part hereof, are employees who hold positions with different classifications and work or have worked in the Department of the Family and its administrations: Secretariat, ADFAN, ADSEF, ASUME and ACUDEN (acronyms in Spanish).

The claimant employees filed the above-captioned lawsuit on February 23, 2005. They requested a Declaratory Judgment voiding General Memorandum 5-86 dated April 23, 1986, issued by the Central Personnel Management Office (OCAP, according to its acronym in Spanish), now the Office of Human Resources of the Commonwealth of Puerto Rico (ORHELA, according to its acronym in Spanish), because it was in conflict with the provisions established under the Uniform Compensation Act, Act 89 of July 12, 1979, 3 L.P.R.A. § 760, et seq. (repealed) and the principle of equal pay for equal work guaranteed by Art. II, section 16, of the Constitution of the Commonwealth of Puerto Rico.

The Claimants complain that their salaries were affected when the Department of the Family implemented the federal minimum salary that went into force on April 15, 1986 and later raises, since it made the existing salary scale ineffective and adopted a different payment system incompatible with the provisions of the Uniform Compensation Act, *supra*. They argue that it violated their right to receive compensation in accordance with the duties they performed and the hierarchy, levels of responsibility, and complexity of their respective positions, in accordance with the value of their work in the employment market.

[illegible handwriting]

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

*JUDGMENT*
*K PE 2005-0608*
*PAGE 2*

They claim that this situation was repeated each time new minimum salary raises went into force. They allege that this situation constituted a negligent, reckless, fraudulent act and unjust enrichment, and that therefore the defendants did not provide fair and equitable treatment in setting the claimants' salaries.

Furthermore, they allege violations of Section 218 of the Minimum Wage Act ("Federal Labor Standard Act of 1938") 29 U.S.C. 201, *et seq.*, by lowering the work standards or highest existing benefits in our jurisdiction; of the repealed Act 5 of November 20, 1975, 3 L.P.R.A. § 1338, known as the Public Service Act; and of the OCAP regulation that requires Commonwealth agencies to implement a shift reduction program if they do not have the funding needed to implement the federal minimum wage.

They also claim that as a result of the illegal adjustments made, the legislative raises and raises for years of service received by the claimants were undermined.

On April 27, 2005, the defendant submitted a *Responsive Answer to the Complaint*. On July 20, 2005, the lawsuit was amended to include new plaintiffs and to reformulate allegations.

In fulfillment of the Order issued by the Court, the claimants submitted the facts that are undisputed, and the stipulations of the parties adopted in the case of *Carmen Socorro Cruz Hernandez et al v. Department of the Family*, civil case number KAC1991-0665 of the TPI, San Juan Vicinage, including the compensation scales adopted by the Department of the Family and ORHELA.  Furthermore, the applicability of the findings of the Supreme Court in *Santiago Declet et al v. Department of the Family*, 153 D.P.R. 208 (2001) was submitted for adjudication.

On January 27, 2006, the claimants requested that the Court enter a Partial Summary Judgment, basing their request on the facts that were undisputed.

On April 26, 2006, given the fact that the parties agreed that the claims are identical to the claims in *Carmen Socorro Cruz Hernandez et al v. Department of the Family*, supra, which was one stage ahead in the proceedings, by a *Joint Motion Requesting Provisional Stay of the*

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

*JUDGMENT*
*K PE 2005-0608*
*PAGE 3*

*Proceedings*, they requested a provisional stay of proceedings and agreed that once the Judgment in this case (K AC1991-0665) was firm and final, they would observe it as a rule to resolve the case here.

On April 13, 2007, the claimants filed a *Motion Requesting the Reopening of the Case and Entry of a Partial Judgment*, notified the Court that a Judgment had been issued in the *Carmen Socorro Cruz Hernandez et al v. Department of the Family* case, supra, and requested a reopening of the proceedings.

On August 24, 2007, the parties submitted a *Joint Motion Submitting Stipulations as to Facts and Documentary Evidence*. On this date, the defendant was ordered to determine, through the corresponding calculations, the amount owed to each claimant.

Subsequently, multiple follow-up hearings were held where the procedural aspects of the case were discussed and the status of the calculations of the salaries owed to each claimant according to the new salary scales adopted.

On March 11, 2010, the representation of the claimants submitted the *Final Report* of the experts of the parties, which is the result of the consensus regarding amounts owed to the claimants individually.

On April 7, 2010, the State was given fifteen (15) days to express its position regarding the *Motion Submitting Expert Report*. On June 7, 2010, the expert report was accepted.

In consideration of the foregoing, we admit the following stipulations of facts and documents submitted by the parties:

## STIPULATIONS OF FACTS

1. All of the claimants are career employees who work or have worked as employees of the Department of Social Services, now the Department of the Family, holding positions as secretaries, office clerks, executive employees, social service technicians, assistant collectors, social service assistants, accounting officers, etc. These positions were assigned annually by the Director of the Central Personnel Management Office, hereafter OCAP, between 1986 and 1996 to scales 1 to 19 of the Central Administration Compensation Plan, and later, when adopted, the Compensation Plan created by the agency as Individual Administrator.

2. On April 15, 1986, the Federal Minimum Salary Act went into force for the Puerto Rico government, which established a minimum salary of $3.35 per hour of work.

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

*JUDGMENT*
*K PE 2005-0608*
*PAGE 4*

3. By April 15, 1986, there were 39 types of salary scales. Of these, the first 11 scales received wages below the Federal Minimum Salary.

4. That when the federal minimum wage went into force on April 15, 1986, the Department of Social Services, now the Department of the Family, made the wages of employees assigned to these first 11 scales equivalent based on $3.35 per hour, rendering the Compensation Plan inoperative.

5. That when the adjustment was made, all employees belonging to such scales were uniformly paid the same salary received by janitors and laborers according to the federal minimum salary of $3.35 per hour.

6. That subsequently, the Department of Social Services, now the Department of the Family, created a Uniform Compensation Plan establishing new salary scales, which went into effect on April 1, 1996. This plan contains 33 salary scales, instead of the 39 salary scales that existed in 1986. This plan was created by the Department with the collaboration of, and in consultation with, the Central Office of the Personnel Management Office (OCAP).

7. That the situation occurred again in 1990, 1991, 1992, 1993, 1994, and with every raise given by virtue of the Federal Minimum Wage Act. Therefore, as the federal minimum wage was being increased, new additional scales were changed. In this way, by April 1, 1996, prior to the date when the Compensation Plan of the Department of Social Services, now the Department of the Family, went into force, 19 salary scales had been affected.

8. In September 1997, when the minimum salary for employees in the Department was again raised, the Compensation Plan of 1996 was rendered inoperative.

9. On April 1, 1985, in the course of its duty to provide advice to government agencies, the OCAP issued Special Memorandum no. 8-85 whereby it informed the Secretaries and heads of agency of the decision in the case Garcia v. San Antonio Metropolitan Mass Transit Authority.

"As a consequence of that decision, employees of the Commonwealth of Puerto Rico and its Municipal Governments should be paid the federal minimum wage and compensated for overtime at a rate of one-and-a-half times in cash."

10. On April 18, 1985, the Director of the OCAP sent the governor of Puerto Rico at the time, Rafael Hernández Colón, a Memorandum on the following matter: "Alternative salary structures to provide salary raises to public employees under the Central Administration and comply with the federal minimum."

The communication proposed a salary improvement plan in four stages surpassing the federal minimum salary for 1988, and included the proposed salary scales as an addendum.

In relation to personnel in positions of trust, said communication states: … "it is not necessary to take action immediately since the basic salary structure scale applied $505-657 to the present has no assigned classes. The lowest salary in a Position of trust is that corresponding to the chauffeur class, which is assigned to the second scale: $549-714."

11. On July 2, 1985, the OCAP issued and circulated among agencies General Memorandum 7-85, informing all heads of agencies that the decision of the Hon. Federal Supreme Court in Garcia v. San Antonio Metropolitan Mass Transit Authority, 469 US 528, had been upheld and included general information on how to compensate overtime.

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

*JUDGMENT*
*K PE 2005-0608*
*PAGE 5*

12. On September 5, 1985, the OCAP issued and circulated General Memorandum No. 9-85 addressed to all heads of agencies on "Interpreting aspects related to Employee compensation," which included, in subsection A, the rule for interpretation of Art. 3 of Act No. 3 of June 30, 1977. By this guideline, the legislative intent was acknowledged, as set out in Art. 3, of "expanding in this same proportion the compensation scales for employees who receive it."
Regarding employees for whom the raise was not made effective since they were receiving the maximum salaries under the scale, an instruction was given to the agencies to "reevaluate cases in accordance with this interpretation."

13. On September 17, 1985, the OCAP sent to Guillermo Mojica Maldonado, Esq. a letter related to the budgetary effect that would occur from implementing a new salary structure for the Career Service of the Central Administration for the purpose of complying with the implementation of the Federal Minimum Salary.

14. On October 14, 1985, the OCAP issued Special Memorandum No. 25-85 addressed to all heads of agencies containing the LATEST JURISPRUDENCE RELATED TO PERSONNEL ADMINISTRATION. This included a summary of the decision of the Honorable Federal Supreme Court in Garcia v. San Antonio Metropolitan Mass Transit Authority, 469 US 528. Said letter states that "… the federal minimum wage and the payment for overtime as recognized in the Federal Fair Labor Standards Act, are applicable to employees of the Commonwealth starting from April 15, 1985."

15. On November 20, 1985, the director of the OCAP sent the Governor of Puerto Rico at the time a Memorandum regarding "Increases in salaries of Public Servants", which stated that: "At the present, the federal minimum salary as of April 15, 1986 must be complied with, which is possibly required to be done in a single step:"

16. According to the contents of the document, OCAP designed a new salary structure for career service employees with the Central Administration based on a new minimum scale of $545-736 which complied with the federal minimum wage in force of $3.35 per hour. It also states: "We would implement this structure by adjusting the current salary of employees to the compensation amount or type immediately above it in the corresponding scale in the new structure, so as to reduce its budgetary effect."

17. On March 26, 1986, the OCAP issued General Memorandum 3-86 where it updated the heads of agencies on the information regarding the application of the Minimum Wage Act sent regarding the Garcia case, supra. It also informed them that the FLSA would be applicable to the government starting April 15, 1986, offering them more details on the applicability of that Law.

18. That on April 15, 1986, the Federal Fair Labor Standards Act went into force for the government of Puerto Rico, which established a minimum salary of $3.35 per hour worked. On that date, the Department matched the salary of the claimant employees contained in Stipulations number 3, 4, and 5 above.

19. After this, on April 15, 1986, House Bill 493 was submitted, proposing an amendment to Subsections (2) and (3) of Art. 7 of the Uniform Compensation Act, which became Act No. 149 of July 18, 1986. This law had the purpose of giving the OCAP and its Director mechanisms with greater flexibility to make adjustments and extend the pay scales of the Central Administration, and eliminated the requirement to obtain prior approval from the Governor to carry out such transactions.

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

*JUDGMENT*
*K PE 2005-0608*
*PAGE 6*

20. On April 23, 1986, through General Memorandum 5-86, the OCAP informed the heads of agencies of the application of the minimum salary of 3.25 an hour, effective April 15, 1986, and included a guideline for salary adjustments. Municipalities were instructed to implement a daily work shift reduction if they found that there were insufficient funds to implement the minimum salary.

21. In issuing this guideline, the OCAP did not consult with the Federal Labor Secretary to verify whether or not they were in compliance with the requirements of the Federal Minimum Wage Act [response from OCAP to the Request for Admissions in the case of Carmen Socorro Cruz et al v. The Commonwealth et al KAC 91-0665 (505)].

22. On June 30, 1986, the OCAP issued Memorandum No. 3-86, informing of the tenth Assignment of Classes for the Career Service of the Central Administration: "For this fiscal year, no changes were recorded to the salary scales. Nevertheless, it is mandatory for agencies to comply with the provisions of the Fair Labor Standards Act regarding the federal minimum wage." Exhibit I of Memorandum 3-86 includes a list of amendments made to the previous assignment of classes during the course of the year, assigning classes to higher scales.

23. With respect to irregular employees, governed by Act 110 of June 26, 1958, as amended, and notwithstanding having recognized in Memorandum No. 3-86, supra, of April 23, the application of the minimum salary of $3.15/hour, on August 22, 1986, the OCAP issued General Memorandum No. 12-86 on: "Amendment to pay scales for irregular staff." Under these new scales, the base salary for Group I was developed based on a salary of $3.00 per hour, which is below the federal minimum wage established.

24. The federal minimum wage increased in Puerto Rico on the dates and by the amounts indicated below:

    April 15, 1986   to 3.25/hr.
    April 1, 1990    to 3.55/hr.
    April 1, 1991    to 3.70/hr.
    April 1, 1992    to 3.90/hr.
    April 1, 1993    to 4.05/hr.
    April 1, 1994    to 4.25/hr.
    April 1, 1996    to 4.45/hr.
    September 1, 1997    to 5.15/hr.
    September 1, 2000    to 5.80/hr.[1]
    July 24, 2007    to 5.85/hr.

25. The rule adopted by the Department to implement the salary adjustments when the minimum wage and later raises went into force, as identified in the paragraph above, matched the salary of the claimants to the salary received by laborers and janitors.

26. As a result of the above, in 1990, 1991, 1992, 1993, 1994, 1997, and to the present, by reason of the implementation of new raises in the Federal Minimum Wage Act and while the federal minimum wage was being raised, new scales continued to be changed. Thus, by April 1, 1996, prior to the entry into force of the Compensation Plan for the Department of Social Services, now the Department of the Family, 19 salary scales had been affected.

--------------------

[1] Increase in minimum wage for Puerto Rico to $5.80 an hour by Law 320 of September 2000, effective September 1, 2000

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

*JUDGMENT*
*K PE 2005-0608*
*PAGE 7*

27. In 1991, the Department of Social Services was constituted under an individual administrator by way of Executive Order Number OE-1991-46, signed by the governor of Puerto Rico at the time, Rafael Hernández Colón, granting the Secretary of this Department powers to adopt their own Classification and Compensation Plan.

28. Through Special Memorandum No. 26-93 of July 1, 1993, the OCAP acknowledged and affirmed the obligation of the Individual Administrator agency heads to temper the Compensation Plan to federal legislation applicable to the public service.

29. On June 3, 1994, the OCAP issued Memorandum No. 5-94 addressed to the Individual Administrator Agency Heads of the Personnel System regarding: "Assignment of job classes to the pay scales effective at the beginning of each fiscal year and updating compensation scales federal minimum wage. The relevant section of the Memorandum reads as follows:

"The individual administrators who continue to use the plans that were in effect for the Central Administration should know that since that sector of the Personnel System is not in operation, it is not appropriate to assign the classes to the corresponding scales in such plans. To these we reiterate that it is imperative and a priority to develop and implement these work instruments. (See Special Memorandum No. 26-93 and Special Memorandum No. 13-94 that we sent you on this matter.)"

30. Memorandum 5-94, supra, reads: "Updates to Compensation Structures

Subsection 1 of Article 2 of the Uniform Pay Act establishes that it is the obligation of individual administrators to keep the compensation plans adopted for career service and public trust employees up-to-date. For this reason, agencies that have approved and implemented their own classification and compensation plans in force are accountable to the provision in Section 4.6 of the Uniform Pay Regulation, particularly subsections (2), (3), (5), (6), and (8)."

31. On the other hand, Memorandum 5-94 states:

"Some agencies are not sending a copy to our office annually, which indicates that they are not observing the mentioned legal and regulatory standards."

32. While the pay scale of the Department of the Family was kept inoperative by the defendants, the OCAP continued the practice of authorizing the assignment of multiple classes to higher scales.

33. In 1994, the OCAP drafted two documents titled:

A. "List of classes in the Career Service impacted by the application of the Federal Minimum Wage."

B. "Classes reassigned to Higher Compensation Scales from April 1, 1986, to the present."

34. As such, in July of 1996, the Department of the Family adopted a Classification and Compensation Plan. Paragraph III of the Plan establishes:

"Description of salary structure. The salary structure adopted consists of twenty-three (23) wage scales. The number of scales necessary to cover the two hundred ten (210) classes of positions resulting from the classification study

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

*JUDGMENT*
*K PE 2005-0608*
*PAGE 8*

was determined based on a grouping of job classes considering the levels of complexity or difficulty of work, the magnitude of responsibility and the degree of authority, items which, among others, constitute the demands for positions assigned to each class of positions. Difficulty in recruiting and retention in certain job classes was also considered."

"The base salary for the structure is seven hundred eighty dollars ($780.00) a month."

35. When the Department implemented the corresponding assignment of positions held by the claimants to the scales of 1996, the existing salary difference between the different categories of jobs that had been inoperative since April 1986 was reestablished.

36. In his message before the 5th Ordinary Session of the Twelfth Legislative Assembly of Puerto Rico on January 24, 1995, the governor of Puerto Rico at the time stated:

"The situation of the Commonwealth and of the government of Puerto Rico has seen a frank economic recovery. Two tax reforms have been instrumented, and legislation has been approved to substantially increase the salaries of police, firemen, nurses, custody officers, teachers, and other groups of public employees."

37. On January 31, 1996, the newspaper El Nuevo Día published that as at the close of that fiscal year, there was a surplus on hand of 300 million.

38. On March 1, 1996, the amendment to the Jobs Classification Plan was made effective, as proposed by the Department and approved by OCAP, assigning various classes of positions to higher compensation scales, with the 1996 Plan remaining in effect.

39. By way of Special Memorandum #51-96 on: "New Federal Minimum Wage effective October 1, 1996 and September 1, 1997," the Director of OCAP advised:

"…that starting on October first, 1996, state government employees, regardless of status or category, are covered by the new Federal Minimum Wage of $4.75 per hour." "Starting September 1, 1997, the Federal Minimum Wage will be $5.15 per hour."

40. In June of 1997, and by way of Memorandum No.  8-97, the OCAP amended the Guidelines for Classification of Duties and Pay Scales in the Regulation for Irregular Personnel to align them with the new minimum salary of $5.15 per hour, effective September 1, 1997.

41. On March 20, 1998, the Department made effective its Third Assignment of Classes, leaving the salary structure for career services adopted in 1996 unchanged. With it, the referenced Compensation Plan was kept inoperative, given the increase in the Minimum Wage.

42. On October 25, 1997, the Department made another revision to the assignment of classes to higher scales and created new classes, and has maintained the Compensation Plan adopted in 1996 unchanged through the present day, except for the reassignments and changes identified above.

## STIPULATIONS AS TO DOCUMENTARY EVIDENCE

EXHIBIT 1.    Memorandum No. 8 – 85 of April 1, 1985, of the OCAP, decision of the Supreme Court of the United States regarding the applicability of the Federal Fair Labor Standards Act. (2 pages)

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

*JUDGMENT*
*K PE 2005-0608*
*PAGE 9*

EXHIBIT 2.    April 18, 1985 OCAP Memorandum on the alternative to salary structures to provide wage increases to public employees under the Central Administration and comply with the federal minimum (3 pages + 4 appendices).

EXHIBIT 3.    July 2, 1985 OCAP General Memorandum No. 7-85 on the provisions for payment of overtime worked, as set forth in the Federal Fair Labor Standards Act and its application to public employees. (4 pages)

EXHIBIT 4.    October 14, 1985 OCAP No. 25-85, "Latest Jurisprudence Related to Personnel Management." (7 pages).

EXHIBIT 5.    April 23, 1986 OCAP Memorandum 5-86, "Applicability of the Federal Minimum Wage to Public Employees." (2 pages + 2 appendices)

EXHIBIT 6.    August 22, 1986 OCAP Memorandum No. 12-86, "Amendment to Pay Scales for Irregular Personnel." (8 pages).

EXHIBIT 7.    November 20, 1986 OCAP Memorandum, signed by Guillermo Mujica, to the Governor, regarding salary raises for public employees. (3 pages).

EXHIBIT 8.    June 30, 1986 OCAP Memorandum No. 3-86, "Tenth Assignment of Classes in the Career Service of the Central Administration to the Salary Scales Established in Act 89." (2 pages + 37 appendices)

EXHIBIT 9.    June 30, 1986 Memorandum No. 4-86, "Eighth Assignment of Position of trust Classes in the Central Administration to the Established Salary Scales." (2 pages + 8 appendices)

EXHIBIT 10.   March 24, 1988 OCAP Special Regulatory Letter No. 2-28 "General Raise for employees in virtue of Act No. 1 of February 9, 1988." (6 pages + 2 appendices)

EXHIBIT 11.   April 3, 1990 OCAP Memorandum No. 7-90, "Federal Minimum Wage" (3 pages + 5 appendices).

EXHIBIT 12.   May 24, 1990 letter from Angel Linera Escalera, Interim Director of OCAP, to the Hon. Ramón García Santiago, Secretary of the Treasury, "Scale Review Study." (2 pages)

EXHIBIT 13.   June 7, 1990 Special Regulatory Letter 1-90, "General Raise for Public Employees in virtue of Act No. 7 of May 7, 1989. (7 pages + 2 appendices)

EXHIBIT 14.   June 30, 1990 OCAP Memorandum 2-90, "Fourteenth Assignment of Classes of the Career Service in the Central Administration to the Salary Scales established in Act 89. (2 pages + 6 appendices)

EXHIBIT 15.   July 22, 1991 OCAP Memorandum No. 3-91, fifteenth assignment of Central Administration career service classes to the wage scales established in Act 89. (2 pages + 48 appendices)

EXHIBIT 16.   September 5, 1991 letter to secretaries and heads of agencies: "Executive Order". (3 pages)

EXHIBIT 17.   April 1, 1992 OCAP Special Memorandum No. 11-92, "Amendment to the 15th Assignment of Central Administration career service classes in force starting July 1, 1991. (1 page).

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

*JUDGMENT*
*K PE 2005-0608*
*PAGE 10*

EXHIBIT 18.  March 24, 1993 Special OCAP Memorandum No. 12-93, "Increase in the Federal Minimum Wage", Public Law No. 101-157 of November 17, 1989. (2 pages).

EXHIBIT 19.  July 1, 1993 OCAP Special Memorandum No. 26-93 on the preparation of classification and compensation plans; regulating human resources in the public service.

EXHIBIT 20.  January 24, 1995 message from Governor Rafael Hernandez Colón. (4 pages)

EXHIBIT 21.  April 15, 1994 OCAP Special Memorandum No. 13-94, "Contracting Private Consultants for Work Instruments for Human Resources Administration." (2 pages)

EXHIBIT 22.  June 3, 1994 OCAP Memorandum No. 5-94, assignment of position classes to the compensation scales effective at the start of each fiscal year; update. (4 pages)

EXHIBIT 23.  June 3, 1994 OCAP Special Memorandum No. 17-94, "Federal Minimum Wage, raise effective April 1, 1994. (2 pages)

EXHIBIT 24.  Cover page of the El Nuevo Día newspaper, message from Governor Pedro Roselló: "The Situation of the State" before the 5th Ordinary Session of the Tenth Legislative Assembly of January 31, 1996. (1 page)

EXHIBIT 25.  El Nuevo Día Newspaper article on a favorable scenario for the budget, "Cash Surplus" (1 page).

EXHIBIT 26.  Relevant documents of the Jobs Classification Plan and Compensation for Career Services effective March 1, 1996 and approved by OCAP on April 11, 1996. (30 pages)

EXHIBIT 27.  March 19, 1997 OCAP letter to the Office of the Department of the Family. Approval of request to amend the job classification plans and compensation for the career service in the Department. (2 pages + 9 appendices)

EXHIBIT 28.  October 8, 1996 OCAP Special Memorandum No. 51-96, "New Federal Minimum Wage effective October 1, 1996 and September 10, 1997." (1 page + 1 appendix)

EXHIBIT 29.  June 9, 1997 OCAP Memorandum No. 8-96, "Amendments to the Guidelines for Classification of Duties and Pay Scales in the Regulation for Irregular Personnel." (3 pages)

EXHIBIT 30.  November 20, 1997 OCAP Letter to the Office of the Department of the Family on certain amendments to the classification plan implemented by the agency effective March 1, 1996. (2 pages + 12 appendices)

EXHIBIT 31.  March 20, 1998 memorandum from Luis Marcano, Director of Personnel and Human Resources, "3rd Assignment of Career Service Classes and Salary Structures." (18 pages)

EXHIBIT 32.  December 3, 1999 Department of the Family Memorandum, "Extension of Compensation Scale" effective July 1, 1999. (1 page)

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

*JUDGMENT*
*K PE 2005-0608*
*PAGE 11*

In accordance with the previous Stipulations as to Facts and Documentary Evidence, the Court makes the following findings:

## CONCLUSIONS OF LAW

By the adoption of the Uniform Compensation Act, Act No. 89 of July 12, 1979, 3 L.P.R.A. 760 *et seq.* (currently repealed by Act No. 184 of August 3, 2004), a system of compensation was established in Puerto Rico under the principle of equal pay for equal work. This system fosters uniformity, equity, and justice in the setting of salaries for all employees in the public service and seeks to apply mechanisms that foster and facilitate the recruitment and retention of personnel by granting additional incentives. In order to achieve this objective, agencies in the system were required to adopt compensation plans in accordance with the regulation adopted by the Central Personnel Administration office (OCAP) to align this law and the general compensation standards that it issues. Art. 2 of the repealed Act 89.

In order to fulfill the objectives of Act 89, *supra*, in 1984 OCAP approved the Uniform Compensation Regulation. The Regulation contained provisions applicable to the entire personnel system, which included individual administrators (Art. 4 of the Regulation), and some that applied exclusively to the agencies under the Central Administration (Art. 5 of the Regulation).

As to the administration of the salary scales, Art. 9 of the Uniform Compensation Act established the regulations for the administration of salaries. Likewise, Sec. 4.5 (3) of the Uniform Compensation Regulation imposed the obligation on the OCAP and each Individual Administrator to assign the classification plan position classes to the scales contained in the compensation plans that were in force, both for career service and positions of trust, effective at the beginning of each fiscal year.

The OCAP (now the Office of Human resources of the Commonwealth – ORHELA) and Individual Administrators, are required to keep the compensation plans adopted for career and positions of trust up-to-date, in compliance with regulations on administering and maintaining compensation structures, as established in Subsections 1 and 2 of Art. 2 of the Uniform

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

*JUDGMENT*
*K PE 2005-0608*
*PAGE 12*

Compensation Act, and Section 4.6, Subsections (2), (3), (5), (6), and (8) of the Uniform Compensation Regulations.

In this case, the plaintiff alleges that the defendants failed to fulfill their duties, which we have listed, and that in doing so they violated the salary scales for their positions, therefore resulting in not receiving just pay for work performed.

As we previously expressed, the parties stipulated that the resolutions in the case *Carmen Socorro Cruz Hernández et al v. Department of the Family*, KAC1991-0665, would extend to this case, since they are identical disputes between the parties. In said case, the Court concluded the following:

Considering the foregoing, we believe that the Department of the Family's selection of the adjustment formula recommended by O.C.A.P. in General Memorandum 5-86, of April 23, 1986 is not in accordance with the provisions required by the Uniform Compensation Act, supra, in not maintaining an updated system of progressive salary scales after implementing amendments made to the minimum salary. After an analysis of the formula recommended by O.C.A.P., it can be observed that its execution resulted in equitable compensation for janitors, office clerks (I, II, II [sic], and IV), secretaries (I and II) and assistants in social institutions, among other positions assigned to the first 11 scales of the compensation structure in effect at the time. As a result of the defendant assigning positions at the beginning of each fiscal year, by March 1996 employees in up to scale 19 had also been affected by the adjustment. In Aulet Lebrón v. Dept. of Social Services, supra, on page 24, the Supreme Court stated:

It is clear that the regulatory letters the O.C.A.P. issues in the exercise of its quasi-legislative duties cannot be in conflict with the law or binding jurisprudence on the matter it is attempting to regulate, because the regulatory power delegated to the agency does not empower it to replace the legislative or judicial criteria enshrined in the

*JUDGMENT*
*K PE 2005-0608*
*PAGE 13*

current state of law. <u>A.P.I.A.U., Inc. v. Sec. of the Treasury</u>, 100 D.P.R. 173 (1971); <u>Rosario Mercado v. San Juan Racing Assn.</u>, 94 D.P.R. 634 (1967); <u>Rivera Maldonado v. Autoridad sobre Hogares</u>, 87 D.P.R. 453 (1963); <u>Ex parte Irizarry</u>, 66 D.P.R. 672 (1946).

To avoid this, Art. 9 of the Uniform Compensation Act, *supra*, stipulates that "[e]ffective at the start of each fiscal year, the Director will assign all position classes to the scales contained in the Compensation Plan adopted for the Central Administration," 3 L.P.R.A. § 760h. By not being updated annually, the salary scales system was left inoperative, which requires that consideration be given to the complexity of unskilled, administrative, technical, specialized, and supervisory roles to then compensate them proportionally. With this, the compensation system became irrational, capricious, or arbitrary to the claimants. See <u>Aulet Lebrón v. Dept. of Social Services</u>, *supra*, on page 47. It's worth pointing out that when assigning a type of position to a given compensation scale, the agencies took into consideration factors such as years of service, academic preparation, experience, or degrees of merit granted to the employee in each position. See Uniform Compensation Regulation, *supra*, at § 4.6, Para. (2), (3), (5), (6), and (8). In addition to that, Sec. 4.4 of the Compensation Regulation establishes that compensation plans adopted must be in harmony with the public policy established in the Uniform Compensation Act, *supra*, in addition to requiring the application of uniform salary scales for the classes of positions that are equivalent, thus maintaining a correlation between the relative value assigned to classes in the respective classification plans and the monetary value assigned to these through salary scales.

The Supreme Court of Puerto Rico has expressed that minimum wage legislation and the Federal Labor Standards Act do not prevent the states from legislating to grant greater benefits.

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

*JUDGMENT*
*K PE 2005-0608*
*PAGE 14*

See 29 U.S.C.A. § 218(3) (2006); <u>Vega v. Yiyi Motors</u>, 146 D.P.R. 373, 381-2 (1998); <u>Olazagasti v. Easter Sugar Associates</u>, 79 D.P.R. 93, 106-7 (1956). Therefore, compliance with the minimum wage is just one of the requirements for observance of labor standards, which in this case also required the updating and application of compensation scales.

Given the legal framework sketched out, it is our understanding that the law is on the claimants' side, and the Complaint is granted, approving the salary scales marked in the Exhibits of evidence stipulated. For the purposes of resolving the differences that arose between the parties as to the manner in which the salaries owed should be calculated, determining the specific sums for each employee, a hearing will be held on September 26, 2006, where relevant expert and documentary evidence will be submitted.

The defendant will prepare and file the payroll necessary to pay the claimants with the Court, providing a copy to claimants' legal counsel. Said payroll will include (a) names and social security numbers of the claimants, (b) total owed to each claimant, (c) amount withheld for the retirement pay of each claimant, and (d) net amount to which each claimant is entitled. Payment shall be made to the claimants during fiscal 2006–7, so the defendant will include in its budget an entry for payment of the Judgment dictated herein.

In accordance with the stipulation reached, the parties shall obey the judicial determination in *Carmen Socorro Cruz Hernández et al v. Department of the Family*, supra, decision which we incorporate herein.

As to attorneys' fees, taking into account that this matter at the moment is pending resolution before the Supreme Court of Puerto Rico in the case *Carmen Socorro Cruz Hernández et al v. Department of the Family*, CC09-1074, in which a revision is requested of the

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

August 24, 2009 Order by the Court of Appeals, which revoked the attorneys' fees granted in this case, the parties shall abide by the provisions of the Supreme Court.

**TO BE FILED AND NOTICE SERVED.**

In San Juan, Puerto Rico on September 16, 2010.

[stamp] COMMONWEALTH

OF PUERTO RICO

TRIAL COURT                                    [illegible signature]

SAN JUAN SUPERIOR COURTROOM            *REBECCA DE LEÓN RÍOS*

GENERAL COURT OF JUSTICE               *SUPERIOR COURT JUDGE*


I CERTIFY:

    Ms. Rebecca Rivera Torres

    Regional Clerk

By: [*illegible signature*]

    Assistant Clerk

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

[handwritten:]                                                        *May 20, 2018*

*Commonwealth of P.R.*

*Claims Processing Center*

*c/o Prime Clerk LLC*

*Grand Central Station, PO Box 4708*

*New York, NY 10163-4708*

Re.:     *Proof of Claim in Re: The Commonwealth of Puerto Rico, case no. BK 3283 LTS Promesa Title III.*

*Dear Clerk,*

    *Cordial regards,*

    *I, the undersigned, Neysha M. Colón Torres, who is of age, with social security number xxx-xx-xxxx currently retired from the Department of the Family, hereby state for the record that I am part of the award case no. K AC2013-0961 of the Appeals Commission of the Public Service and the Trial Court of San Juan.*

    *(1) I worked for 30 years at the Dept. of the Family. In October of 2006, I retired.*

    *(2) Effective July 1, 2005, I got a salary raise of $100 under the collective bargaining agreement. By that date, I did not receive it and did not receive it for a whole year.*

    *(3) In September 2006, the agency paid* [cut off]

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

You may also submit your claim electronically by visiting http://cases.primeclerk.com/puertorico/EPOC-Index

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO / TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

| Fill in this information to identify the case (Select only one Debtor per claim form). / Llene esta información para identificar el caso (seleccione sólo un deudor por formulario de reclamación). | | |
|---|---|---|
| ☐ Commonwealth of Puerto Rico  El Estado Libre Asociado de Puerto Rico | Case No. 17-bk-03283 | Petition Date: May 3, 2017 |
| ☐ Puerto Rico Sales Tax Financing Corporation (COFINA)  La Corporación del Fondo de Interés Apremiante de Puerto Rico | Case No. 17-bk-03284 | Petition Date: May 5, 2017 |
| ☐ Puerto Rico Highways and Transportation Authority  La Autoridad de Carreteras y Transportación de Puerto Rico | Case No. 17-bk-03567 | Petition Date: May 21, 2017 |
| ☑ Employees Retirement System of the Government of the Commonwealth of Puerto Rico  El Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico | Case No. 17-bk-03566 | Petition Date: May 21, 2017 |
| ☐ Puerto Rico Electric Power Authority  La Autoridad de Energía Eléctrica de Puerto Rico | Case No. 17-bk-04780 | Petition Date: July 2, 2017 |

MMLID: 1124855
EPOC ID: 170356600173456

RECEIVED
JUN 29 2018

Debtor Employees Retirement System of the Government of the Commonwealth of Puerto Rico has listed your claim in their Creditor List on Schedule E -- Pension Obligations as a Contingent, Unliquidated general unsecured claim in an Undetermined amount.  You must timely file a proof of claim or be forever barred from participating or sharing in any distribution or being treated as a claim for purposes of voting or distribution.

El deudor Employees Retirement System of the Government of the Commonwealth of Puerto Rico ha listado su reclamación en la lista de acreedores en el Schedule E -- Obligaciones de Pensión como un reclamo Contingente, Sin liquidez no asegurado por un monto Indeterminado. Debe presentar una prueba de reclamación oportunamente o se le prohibirá por siempre participar o compartir en cualquier distribución o ser tratado como un reclamo para fines de votación o distribución.

## Modified Official Form 410 / Formulario Oficial 410 Modificado

# Proof of Claim / Evidencia de reclamación

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a Title III case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy or subject to confidentiality on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

Lea las instrucciones antes de completar este formulario. Este formulario está diseñado para realizar una reclamación de pago en un caso en virtud del Título III. No utilice este formulario para solicitar el pago de un gasto administrativo que no sea una reclamación que reúna los requisitos para ser tratada como prioridad administrativa conforme al Título 11 § 503(b) (9) del U.S.C. Ese tipo de solicitud debe realizarse de conformidad con el Título 11 § 503 del U.S.C.

Quienes presenten la documentación deben omitir o editar información que reúna los requisitos para ser tratada con privacidad o confidencialidad en este formulario o en cualquier otro documento adjunto. Adjunte copias editadas de cualquier otro documento que respalde la reclamación, tales como pagarés, órdenes de compra, facturas, balances detallados de cuentas en funcionamiento, contratos, resoluciones judiciales, hipotecas y acuerdos de garantías. No adjunte documentos originales, ya que es posible que los documentos adjuntos se destruyan luego de analizarlos. En caso de que los documentos no estén disponibles, explique los motivos en un anexo.

Fill in all the information about the claim as of the Petition Date.

Complete toda la información acerca de la reclamación a la fecha en la que se presentó el caso.

| Part 1 / Parte 1 | Identify the Claim / Identificar la reclamación |
|---|---|

1. Who is the current creditor?

   ¿Quién es el acreedor actual?

   NEYSHA COLON TORRES

   Name of the current creditor (the person or entity to be paid for this claim)
   Nombre al acreedor actual (la persona o la entidad a la que se le pagará la reclamación)

   Other names the creditor used with the debtor     *Neysha M. Colon Torres*
   Otros nombres que el acreedor usó con el deudor

|||||
|---|---|---|---|

Modified Official Form 410                 Proof of Claim                 page 1

U0503 v-01 02.15.2018



*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

**8. How much is the claim?**

¿Cuál es el importe de la reclamación?

$16,800 *aproximadamente*

Does this amount include interest or other charges?
¿Este importe incluye intereses u otros cargos?

☑ No / No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).
Sí. Adjunte un balance con intereses detallados, honorarios, gastos u otros cargos exigidos por la Norma de Quiebras 3001(c)(2)(A).

[hw:] *Approximately*
*Also they owe me interest and retirement and social security contributions.*

**9. What is the basis of the claim?**

¿Cuál es el fundamento de la reclamación?

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

Por ejemplo: Venta de bienes, préstamo de dinero, arrendamiento, prestación de servicios, lesiones personales u homicidio culposo, o tarjetas de crédito. Adjunte copias editadas de cualquier documento que respalde la reclamación conforme a lo exigido por la Norma de Quiebras 3001(c). Limite la divulgación de información que reúne los requisitos para ser tratada con privacidad, tal como información sobre atención médica.

[hw:] *Award for salary adjustment.*

**10. Is all or part of the claim secured?**

¿La reclamación está garantizada de manera total o parcial?

☐ No / No

☑ Yes. The claim is secured by a lien on property.
Sí. La reclamación está garantizada por un derecho de retención sobre un bien.

**Nature of property / Naturaleza del bien:**

☐ Motor vehicle / Vehículos

☐ Other. Descr be:
Otro. Describir: [hw:] *Salary adjustment and pension*

Basis for perfection / Fundamento de la realización de pasos adicionales: _____

[hw:] *evidence is attached*

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Adjunte copias editadas de documentos, si los hubiere, que demuestre la realización de pasos adicionales para hacer valer un derecho de garantía (por ejemplo, una hipoteca, un derecho de retención, un certificado de propiedad, una declaración de financiamiento u otro documento que demuestre que se ha presentado o registrado un derecho de retención.)

**Value of property / Valor del bien:**   $_____

**Amount of the claim that is secured /**
Importe de la reclamación que está garantizado: $_____

**Amount of the claim that is unsecured /**
Importe de la reclamación que no está garantizado: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)
(La suma del importe garantizado y no garantizado debe coincidir con el importe de la línea 7.)

**Amount necessary to cure any default as of the Petition Date /**
Importe necesario para compensar toda cesación de pago a la fecha que se presentó el caso : $_____

**Annual Interest Rate** (on the Petition Date) /
Tasa de interés anual (cuando se presentó el caso)_____%

☐ Fixed / F ja
☐ Variable / Variable

**11. Is this claim based on a lease?**

¿Esta reclamación está basada en un arrendamiento?

☐ No / No

☐ Yes. Amount necessary to cure any default as of the Petition Date.
Sí. Importe necesario para compensar toda cesación de pago a partir de la que se presentó el caso $_____

Modified Official Form 410                    Proof of Claim                    page 3

U0505 v.01 02.15.2018



*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

COMMONWEALTH OF PUERTO RICO
TRIAL COURT OF SAN JUAN

PG. 01

| | |
|---|---|
| DEPARTMENT OF THE FAMILY | CASE: K AC2013-0961 |
| PLAINTIFF | COURTROOM: 0 9 0 2 |
| VS. | |
| | |
| RIVERA, BETTY | CIVIL ACTION |
| DEFENDANT | CHALLENGE TO THE AWARD |
| | CAUSE/CRIME |

NEYSHA COLÓN TORRES
URB EL COMANDANTE
872 CALLE MARIA
GIUSTI SAN JUAN PR 00924

NOTICE OF JUDGMENT

    THE UNDERSIGNED CLERK HEREBY NOTIFIES YOU THAT THIS COURT ENTERED A JUDGMENT IN THE REFERENCED CASE ON MARCH 06, 2014, WHICH HAS BEEN DULY ENTERED AND FILED IN THE RECORDS OF THIS CASE, WHERE ITS TERMS IN FULL DETAIL CAN BE FOUND.

    YOU ARE RECEIVING A COPY OF THIS NOTICE AS YOU ARE OR REPRESENT THE PARTY AFFECTED BY THE JUDGMENT, AGAINST WHICH YOU MAY FILE AN APPEAL. A COPY OF THIS NOTICE WAS FILED IN THE RECORDS OF THIS CASE ON MARCH 10, 2014.

SANTOS ORTÍZ RICARDO
COND MIDTOWN
421 AVE MUÑOZ RIVERA STE B-l
SAN JUAN, PR 00918

VILLANUEVA NIEVES LUIS
DEP OF JUSTICE-GENERAL LITIGATION
PO BOX 9020192
SAN JUAN, PR 00902-0192

BETTY RIVERA
ALTURAS DE PARQUE ECUESTRE
313 CALLE RELIMAR
CAROLINA PR 00987

PG. 02

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

Judgment

Civil No. K AC13-0661 (902)

CASE NO.: K AC2013-0961
COURTROOM: 0902

PUBLIC SERVICE APPELLATE COMMISSION
ARB SANTOS COLÓN QUIÑONES
PO BOX 41149
SAN JUAN PR 00940-1149

JOSÉ A RAMOS CRUZ
PO BOX 1374
LUQUILLO PR 00773-1374

MARÍA B HERNÁNDEZ CASTRO
HC 4 BOX 15633
CAROLINA PR 00987

MYRNA MALDONADO CARDONA
URB COUNTRY CLUB
QE 20 CALLE 523
CAROLINA PR 00982

OLGA I VARGAS ENCARNACIÓN
URB CASTELLANA GDNS
N 10 CALLE 14
CAROLINA PR 00983

PAULA FORTY ESCOBAR
PO BOX 332
PALMER PR 00721-0332

SAN JUAN, PUERTO RICO, MARCH 10, 2014

MS. REBECCA RIVERA TORRES

CLERK
BY: ALMODOVAR CABRERA, MARTHA [*illegible signature*]

ASSISTANT CLERK

O.A.T.704-NOTICE OF JUDGEMENT
WWW.RAMAJUDICIAL.PR/ TELE-COURTS (787)759-1888/LOCAL; TOLL-FREE: 1-877-759-1888

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

Judgment

Civil No. K AC13-0661 (902)

Commonwealth of Puerto Rico
Trial Court
SAN JUAN JUDICIAL CENTER
Superior Court

| | |
|---|---|
| DEPARTMENT OF THE FAMILY<br>Appellant | CIVIL NO. K AC2013-0961<br>(Courtroom 902) |
| Vs. | IN RE: |
| BETTY RIVERA, NEYSHA COLÓN,<br>MARÍA B. HERNÁNDEZ, OLGA I.<br>VARGAS, MYRNA MALDONADO,<br>JOSÉ A. RAMOS, PAULA FORTY | REVIEW OF AWARD |
| Appellees | |
| UNITED PUBLIC SERVANTS | |
| (Union) | |

## JUDGEMENT

### I

On December 2, 2013, the Department of the Family filed an appeal challenging the Award issued on October 31, 2013 by Santos Colón Quiñones, arbitrator of the Public Service Appellate Commission.

The Arbitrator described the dispute to be resolved as follows:

Determine initially whether the complaint is arbitrable, substantively or procedurally. If not arbitrable, the Arbitrator shall dismiss the complaints.

If the complaints are arbitrable, it should be determined whether the bonus issued by the Legislative Assembly should be computed in the complainants' salary, along with any other relief that may be appropriate under law.

In addition, the Arbitrator must specifically consider whether the Agency violated Section 9.1(a) and (c) of Act No. 45 as:

The Agency granted the employees, now pensioners, as a bonus and not as salary with their due contribution to the Retirement System, the amount of $1,200.00 gross on October 30, 2006, when the employees with regular status received it on October 15, 2006.
The foregoing is in violation of Article XXXV, Section 1 of the Collective Bargaining Agreement. Further, the $100.00 increase from July 2005 through June 2006 should be credited to salaries received during the months from July 2006 to the present.

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

Judgment

Civil No. K AC13-0661 (902)

After weighing up the evidence before him, the Arbitrator made the following factual findings:

1. Ms. Betty Rivera Santana worked for the Department of the Family. She worked at the Agency for thirty-one-and-a-half (31½) years. She held the position of Social and Family Assistance Technician III with the Department of the Family before taking retirement benefits. She was included in Appropriate Unit B for collective bargaining purposes.

2. Ms. María B. Hernández Castro worked for the Department of the Family as a Clerk II.

3. Ms. Olga I. Vargas Encarnación worked at the Agency as a Social and Family Assistance Technician III.

4. Ms. Myrna Maldonado Cardona worked at the Agency as an Office Systems Assistant III.

5. Mr. José A. Ramos Cruz worked at the Agency as a Social and Family Assistance Technician III.

6. Ms. Paula Forty Escobar worked at the Agency as an Office Systems Assistant IV.

7. Ms. Wilda Ramos is the Agency's Human Resources Specialist. She was with the Department of the Family from 1989 until 1993; she then moved to another agency until 2002. In 2002, she returned to work for the Department of the Family and is currently working in the Human Resources Division. By 2005, she was the Assistant Secretary of Human Resources.

8. On February 26, 2003, the Agency and the Union negotiated Collective Bargaining Agreements for the A and B Appropriate Units. They were effective from February 26, 2003 through midnight on February 25, 2006, both dates inclusive.

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

Judgment

Civil No. K AC13-0661 (902)

9. In July 2005, there were disagreements between the Executive and Legislative branches regarding passing that fiscal year's budget. In the absence of such a budget, the Agency operated with the previous fiscal year's budget.

10. By July 1, 2005, the complainant employees were expected to receive a salary increase, as convened in the agreement, in the amount of one hundred ($100.00) dollars. This increase was never received.

11. On July 28, the Secretary of the Department of the Family at the time, Ms. Yolanda Zayas and the Deputy Executive Director of the Union at the time, Genoveva Valentín, signed a Stipulation. In said stipulation, both parties acknowledge that the salary increase agreed upon for July 1, in the amount of one hundred (100) dollars, was not reflected. They also reiterated their desire to comply with the established agreements, so they agreed to extend the terms for the filing of complaints until the approval of the budget was resolved.

12. On August 29, 2005, Ms. Jenice M. Vázquez Pagán, the Agency's Labor Relations Manager, signed a document entitled **Stipulation Regarding Increase Effective July 1, 2005**. In her communication to the Administrators, Assistant Administrators, and Regional Directors, Ms. Vázquez attached a copy of the stipulation and instructed them to notify the various Administrations of the information contained in the stipulation in order to avoid an untimely filing of complaints.

13. On July 10, 2006, the Legislature passed Joint Resolution No. 157, effective July 1, 2006. This resolution allocated to the agencies and instrumentalities for fiscal year 2006 - 2007 the amount of one hundred and forty million nine hundred and fifty thousand ($140,950,000) dollars from the Budget Fund and the General Fund to carry out different purposes as detailed therein. In that resolution, the amount of twenty-six million ($26,000,000) dollars was allocated for the payment of collective bargaining agreements in force for several agencies, including the Department of the Family and its components.

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

Judgment

Civil No. K AC13-0661 (902)

14. Until September 30, 2006, Ms. Betty Rivera Santana and the other complainants were working at the Agency. As of October 1, 2006, they received meritorious retirement benefits for years of service.

15. On October 9, the Secretary of the Department of the Family, Mr. Félix V. Matos Rodríguez, signed a document entitled **Rules for Granting a Special Non-Recurring Bonus Pursuant to Joint Resolution 157 issued by the Legislative Assembly of Puerto Rico on July 10, 2006**. In said document, the Secretary established guidelines for granting the Special Non-Recurring Bonus in the amount of $1,200.00 to cover the period from July 1, 2005 through June 30, 2006 for employees who are members of both Appropriate Units.

16. On October 30, 2006, the retired employees received the amount of $1,200.00 corresponding to the salary increase for the year 2005. But they received it as a bonus and the regular employees received it as a salary increase (reflected as part of their regular monthly salary).

17. On July 20, 2007, the following Collective Bargaining Agreement between the Agency and the Union entered into force. It was valid for three (3) years, from July 20, 2007 until midnight of July 20, 2010.

Based on these findings, the Arbitrator concluded that the so-called bonus issued by the Legislature should be paid to the complainants as part of their salary. The Arbitrator also granted, among other remedies, the following:

> The Agency, the Department of the Family, is ordered, within thirty (30) calendar days of receipt of this Award, to amend all existing documentation in the personnel files of the employees herein, regarding the salary they received for purposes of calculating the retirement benefit for the Retirement Systems Administration, establishing the correct salary that corresponded to them for the year 2005.

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

Judgment

Civil No. K AC13-0661 (902)

The Agency is ordered, within forty-five (45) calendar days, after amending all existing documentation in the complainants' personnel files regarding salary for retirement benefit computation purposes, to make the pertinent arrangements and correct the retirement benefit calculations with the Retirement Systems Administration of the salary that the complainant employees were entitled to and was not properly calculated.

The Agency is hereby ordered, after making the corrections with the Retirement Systems Administration and calculating the correct salary to them, to notify each of the complainants herein in writing, within a term not exceeding fifteen (15) calendar days, of compliance with the order herein. It must include with its brief any documentation or evidence to support compliance with this order.

Dissatisfied with that ruling, the Department of the Family sought reversal of the Award, indicating the following errors:

ONE: The Public Service Appellate Commission committed an error in rendering an award contrary to law by interpreting Joint Resolution No. 157 without sufficient evidence of legislative intent.

TWO: The Public Service Appellate Commission committed an error in ordering the agency to act *ultra vires* in the face of the plain language of Joint Resolution No. 157 and the deference that the agency itself deserved in the application of a statute it is charged with administering.

THREE: The Public Service Appellate Commission committed an error by ordering the agency to correct the concept of the payment issued to be imputed as a salary increase, without ordering the complainant to issue the payment corresponding to the amounts related to retirement, AEELA, and union dues, without clarifying the amount to be imputed as salary, thus issuing a partial and not a final award.

For the reasons explained below, the Award is confirmed.

**II**

In Puerto Rico there is a vigorous public policy in favor of labor-management arbitration. It is understood that arbitration is the least technical, most flexible, least onerous and, therefore, most appropriate means for the resolution of disputes arising out of the employment relationship. *Martinez Rodriguez v. A.E.E.*, 133 D.P.R. 986 (1993). Arbitration is intended to promote the resolution of disputes and controversies that arise within the labor-management framework, and it has been recognized that

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

Judgment

Civil No. K AC13-0661 (902)

the arbitration as convened in the agreement is an ideal tool to strengthen collective bargaining. _J.R.T. v. Junta Adm. Muelle Mun. Ponce._ 122 D.P.R. 318 (1988).

Parties who enter into a collective bargaining agreement that includes an arbitration procedure must understand that "...they have substituted the arbitrator for the courts for the determination of all questions of substantive fact and law." _J.R.T. v. New York and Porto Rico Steamship Company_. 69 D.P.R. 782, 800 (1949). In other words, an agreement in a collective agreement to use arbitration as a dispute adjustment mechanism creates a substitute forum for the courts. In effect, this represents a substitution of the judge by the arbitrator. _Condado Plaza Hotel v. Asociación de Empleados_, 149 D.P.R. 347 (1999).

In the face of an arbitration agreement, the most prudent thing to do is to refrain from judicial intervention, although intervention is not forbidden. _U.C.P.R. v. Triangle Engineering Corp._, 136 D.P.R. 133 (1994). Where a court intervenes, it will give great deference to the arbitrator's interpretation of what is agreed in the agreement. _J.R.T. v. Junta Adm. Muelle Mun. de Ponce_, 122 D.P.R. 318 (1988). Arbitration awards are reviewable in court in a manner analogous to the procedure for review of administrative agency determinations, which are accorded great deference by the courts. _Corp. Créd. Des. Com. Agrícola v. U.G.T._, 138 D.P.R. 490 (1995); _U.I.L. de Ponce v. Dest. Serrallés. Inc._, 116 D.P.R. 348 (1985).

"The main function of the arbitrator, in the field of labor-management relations, is to interpret the clauses of collective agreements. In exercising this function, the arbitrator is not limited exclusively to the content of the agreement, but may make use of other sources as long as they do not deviate from the essence of the agreement. The arbitrator's freedom of interpretation will depend on the clarity of the terms of the agreement. A clause, whose language appears to be clear, may be ambiguous if it allows conflicting interpretations of same. Within these limitations, the arbitrator has flexibility in rendering their interpretation.    _J.R.T. v. Junta Adm. Muelle Mun. Ponce_, supra, pps. 330-331.

_Certified to be a correct and true translation from the source text in Spanish to the target language English._
_16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556_
_By Targem Translations Inc._

Judgment

Civil No. K AC13-0661 (902)

"The arbitrator's authority to hear a dispute is defined by the language of the collective bargaining agreement or by the submission agreement submitted by the parties." _U.G.T. v. Corporación de Puerto Rico para la Difusión Pública,_ 168 D.P.R. 674 (2006). The collective agreement is law between the parties as long as it is not contrary to the law or the Constitution. Where a valid agreement exists, it binds the union and its members individually, as well as the employer. _Domingo Rivera Adorno_ v. _Autoridad de Tierras de Puerto Rico,_ 83 D.P.R. 258 (1961).

According to the rule established through jurisprudence, the award issued by an arbitrator is final and unappealable; therefore, what was validly arbitrated cannot be litigated in court. _J.R.T. v. Otis Elevator Co.,_ 105 D.P.R. 195 (1976). If the arbitration agreement is silent as to whether the arbitrator's decision is in accordance with the law, the arbitrator may declare the law to be the law, disregarding the rules of substantive law. _Rivera v. Samaritano & Co., Inc.,_ 108 D.P.R. 604 (1979), citing _J.R.T. v. New York and Porto Rico Steamship Company, supra._ Pursuant to such a rule, it has been stated that an arbitration award is neither a contract nor a judgment, but is a bit of both. Thus, an award based on a voluntary submission can be challenged only in cases of 1) fraud, 2) misconduct, 3) lack of due process in the conduct of the hearing, 4) a violation of public policy, 5) a lack of jurisdiction, or 6) failure to resolve all disputed issues submitted. An award cannot be set aside for mere errors of judgment, whether as to the law or as to the facts. _J.R.T. v. Otis Elevator, supra._ If the award is not in accordance with law, it shall be upheld by the court even if the court has reached a different conclusion. Arbitrators have broad discretion to fashion an appropriate remedy. They can even vary a disciplinary sanction if they consider it to be too severe or drastic. _S.I.U. de P.R. v. Otis Elevator Co.._ 105 D.P.R. 832, 841 (1977).

Judicial review changes when the arbitration proceeding is in accordance with the law. Making it a condition that an award be "in accordance with law" means that the arbitrator cannot disregard the interpretive rules of substantive law issued by the United

_Certified to be a correct and true translation from the source text in Spanish to the target language English._
_16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556_
_By Targem Translations Inc._

Judgment

Civil No. K AC13-0661 (902)

States and Puerto Rico Supreme Courts in the field of labor law and that the decisions of trial courts and administrative agencies, as well as the awards and briefs of reputable arbitrators, will be persuasive. *J.R.T. v. Hato Rev Psychiatric Hospital*, 119 D.P.R. 62 (1987).

If a collective bargaining agreement provides that matters submitted to arbitration are to be resolved in accordance with the law, the arbitrator cannot ignore the substantive law rules in the field of labor law and must resolve disputes in accordance with prevailing legal doctrines. *Rivera v. Samaritano & Co., Inc., 108 D.P.R. 604 (1979),* citing *J.R.T. v. New York and Porto Rico Steamship Company*, *supra.* The courts can then review the legal merits of the award. *U.C.P.R. v. Triangle Engineering Corp., supra* at footnote 7. Where the parties agree that the arbitral award is in accordance with the law, the courts may correct legal errors using the applicable rules of law. *J.R.T. v. Junta Adm. Muelle Mun. de Ponce, supra; S.I.U. de P. R. v. Otis Elevator Co.*, *supra.*

Notwithstanding the foregoing, the Court should not be easily inclined to declare the award null and void, unless the award was not in fact rendered in accordance with the law. A disagreement with the award does not justify judicial intervention as it destroys the fundamental purpose of arbitration, which is to resolve disputes quickly and without the costs and delays of the judicial process. *U.C.P.R. v. Triangle Engineering Corp. supra* at footnote 7.

III

The position of the Department of the Family rests essentially on the fact that Joint Resolution No. 157 uses the term "retroactive bonus." This language, according to the appellant, is clear and unambiguous, so it must be understood that the complainants were to receive the $1,200.00 as a bonus and not as salary. In other words, there is "the presumption that what was ordered by the legislator was the payment of a bonus and not a salary, even more so considering that what prevented the original granting of the increase was the fiscal and budgetary crisis that was foreseen... The legislator may have very well wanted to give the bonus, but not

Judgment

Civil No. K AC13-0661 (902)

perpetuate it through a salary increase so as not to increase prospective operational costs." (p. 6 of the <u>Judicial Award Appeal</u>).

The obligatory question is the same as that asked by the Arbitrator: Why did the Agency treat the amount of $1,200 as a bonus in the case of the complainants while paying this amount to the rest of the personnel as a  salary? Does the language used in the Joint Resolution have two meanings, depending on to whom it was to be applied?

Apart from the foregoing, and now entering into substantive matters, Section 1A(2) of Joint Resolution No. 157 itself provides that the appropriation allocated to the Department of the Family was for the payment of the retroactive bonus under the <u>employees' collective bargaining agreement</u>. Although the term bonus is used, the reality is that it refers to what is agreed in the Collective Bargaining Agreement. It was agreed in Article XXXV that the Department of the Family would grant employees covered by the agreement certain <u>salary increases</u>. There is no mention of bonuses. Thus, it seems to us that the use of the term "bonus", within the context of Resolution No. 157, was a mistake by the legislature.

In conclusion, we see no way to agree with the Department of the Family' analysis. Accordingly, the Court renders Judgment confirming the Award in its entirety.

TO BE FILED AND SERVED.

ISSUED in San Juan, Puerto Rico, March 6, 2014.

[*signature*]
ENID MARTÍNEZ MOYA
Superior Court Judge

I HEREBY CERTIFY:

REBECCA RIVERA
General Clerk

BY: Martha Almodóvar Cabrera [*signature*]
Assistant Clerk

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*



COMMONWEALTH OF THE
UNITED STATES OF
P U E R T O   R I C O
Administration for Socio-Economic
Development of the Family

June 8, 2015


Naysha M. Colón Torres
Urb. El Comandante
872 Calle María Giusti
San Juan, PR 00924

**Re: Salary Adjustment**

The Human Resources Office, Family Socio-economic Development Administration, has amended the salary you received when you were listed as an employee of this Agency, pursuant to an Award (KAC 2013-0961) issued by the Public Service Appellate Commission.

The changes in salary are detailed below:

| Date | Action | Salary Before Change | Salary After Change |
|---|---|---|---|
| July 1, 2005 | Award | $1,892 | $1,992 |
| July 1, 2006 | Collective Bargaining Agreement $100 | $1,992 | $2,092 |
| September 30, 2006 | Retirement | $1,992 | $2,092 |

The ADSEF's Central Employee Service Section will be carrying out the procedures corresponding to the readjustment of your pension to be sent to the Retirement Systems Administration.

For additional information, please contact Jerimé Sánchez Figueroa, Human Resources Analyst III, at the Classification and Compensation Division at 787-289-7600 ext. 2267.



[*signature*]
Arvin J. Santiago Sabat, MPA
Assistant Administrator
Human Resources Office


[*signature*]
MIMA/JSF
Enclosed: Change Reports

**Human Resources Office**
800 Ave. Ponce de León
Capitol Office Building, Miramar, PR 00907
PO Box 8000. San Juan, PR 00910-0800
Tel. 787-289-7600 Fax: 787-289-7602

[logo:] FAMILY [illegible]

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

Case:17-03283-LTS Doc#:19792-16 Filed:01/17/22 Entered:01/17/22 14:35:28 Desc:
Case:17-03283-LTS Doc#:1244-1 Filed:07/30/84 Entered: 07/21/21 09:59:41 Desc:
Exhibit Page 56 of 80

Exhibit Page 51 of 73

DEFAM-388
Rev. 3/08

**Commonwealth of Puerto Rico**
**Department of the Family**
Assistant Secretary for Human Resources and Labor Relations
Appointments and Changes Division

**CHANGE REPORT**
(See instructions on back)

| | |
|---|---|
| 1. Change Number | **15-15908** |
| 2. Employee's Social Security Number | |

| Change to be made | Before Change | After Change |
|---|---|---|
| | Post No. **5750** | Post No. |
| 3. Employee's Name | Neysha M. Colón Torres | |
| 4. Agency | Department of the Family | |
| 5. Secretarial or Administrative | Administration of Socio-economic Development | |
| 6. Program | PAN | |
| 7. Office, Division or Section | Carolina I Local Office | |
| 8. Post Location | Carolina Region | |
| 9. Employee Category | Career | |
| 10. Employee's Status | Regular | |
| 11. Classification Title | Assist. Technician Soc. and Family III | |
| 12. Appropriate / Excluded Unit | Appropriate Unit B | |
| 13. Salary | $1,892.00 | $1,992.00 |
| 13.a Differential | | |
| 14. Bonus | | |
| 15. Income Tax Withholding | | |
| 16. Social Security Withholding | | |
| 17. Retirement System Contribution Withholding | | |
| 18. Medical Services Withholding | | |
| 19. Savings (A.E.E.L.A.) Withholding | | |
| 20. Insurance (A.E.E.L.A.) Withholding | | |
| 21. Union Dues Deduction | | |
| 22. Other Withholdings | | |
| 23. Type | | |
| 24. Scale | | |
| 25. Effective Date | | 1 July 2005 |

| 26. ACCOUNTING SYMBOLS | Fund | Org. | Prog. | Alloc. | Account | Year Sub. | Grant | Fund | Org. | Prog. | Assig. | Account | Year Sub. | Grant |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 111 | 1270000 | 1083 | 001 | ▇ | 2005 | | | | | | | 2006 | |

27. Indicate if it is a:   □ Promotion   □ Salary Increase   □ Change of Category   □ Change of Status   □ Promotion   □ Move
□ Differential   □ New Appointment   □ Reclassification   □ Reinstallation   □ Transfer   □ Other

28. In case of change to another agency   Compensatory ___ days ___ hours ___ Minutes
indicate License to Transfer:   Regular ___ days ___ hours ___ min.   Illness ___ days ___ hours ___ min.

| | Separation Date (Last day of Payment) | Unpaid Leave | Effective Date of Separation |
|---|---|---|---|
| 29. Resignation □ | | | |
| 30. Separation □ | | | |
| 31. Removal □ | | | |
| 32. -Severance □ | - | | |

33. Suspension of Employment and Salary: Duration:   Fro   To

| 34. Date | Last day of payment: | Retirement Participant □ Yes □ No |
|---|---|---|

35. Indicate type of leave:   □ Unpaid Military   □ Studies   □ Special with Pay   □ Without Salary   □ Family Doctor   □ Maternity
Duration:   From   To

36. Comments and Explanations (if you need more space use the back)   **Increase is granted pursuant to the Case Award: K AC2013-0961. Record in**
**Fiscal Evaluation and Funds Availability Sheet #2015-852 dated February 12, 2015 and by the Office of Management and Budget #2015-67029**
**of April 10, 2015. -**

37. If the cost change is for Certification of Eligibles indicate the Certification of Eligibles number:

If the change is to another position, indicate the name of the previous incumbent:.

| 38. If the change is to another schedule, the head of the schedule where the change originates or their authorized representative signs here: | 39. Employee's signature if needed |
|---|---|
| | 40. Approved   [signature] |
| | **María I, Morales Alvarez. HR Act. Assist. Adm.** |
| | Head of Agency or Authorized Representative |

RETENTION PERIOD: Original - File

**JUN 04 2015**

Analyst:  AILF       MP

Certified to be a correct and true translation from the source text in Spanish to the target language English.
16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556
By Targem Translations Inc.

*Commonwealth of Puerto Rico*
*Department of the Family*
*SOCIO-ECONOMIC DEVELOPMENT ADMINISTRATION*
*Human Resources Office*

<u>May 29, 2015</u>
Date

*NOTICE*

*Name of Employee:* <u>Neysha M. Colón Torres</u>
*Social Security Number.*
*Program:*     <u>PAN-Offic. Local Carolina I, Carolina Region</u>
*Document:* <u>Various_____</u>

*Action:*          ( x ) *Amend*                    ( ) *Cancel*

**We have made the following change to the document indicated:**

Special Change Report #21175
    Monthly Salary: Before Change $1,992.00
                        After Change $2,092.00


Change Report #21232
    Section 12. Monthly Salary: Before Change $2,092.00




Amendment is in accordance with the Award in the Case: K AC2013-0961 effective
July 1, 2005


                          [signature]
                          *María I. Morales Alvarez*
                          *Acting Assistant Administrator*
                          *Human Resources Office*



AILF /MP                    JUN 04, 2015

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

| IMPORTANT INSTRUCTIONS: READ ON THE BACK | Commonwealth of Puerto Rico<br>**DEPARTMENT OF THE FAMILY**<br>PO BOX 11398<br>SAN JUAN, PUERTO RICO 00910-1398 | 1. Change Number **21232** |
|---|---|---|
| | **CHANGE REPORT** | 2. Employee's Social Security Number |

| JG/agt/25/October/06 | | |
|---|---|---|

| Change to be made | Before Change | After Change |
|---|---|---|
| | Post No. **5750** | Post No. |
| 3. Employee's Name | **NEYSHA M. COLÓN TORRES** | |
| 4. Agency, Administration or Secretary Off. | **Department of the Family** | |
| 5. Program, Division or Office | **Fam. Socio-economic Dev. Adm.** | |
| 6. Unit, Division or Section | **Nutritional Assistance Program** | |
| 7. Geographical location of the position | **Carolina I Local Office** | |
| 8. Employee Category | **Carolina Region** | |
| 9. Employee Status | **Career** | |
| 10. Classification Title | **Regular** | |
| 11. Appropriate Unit / Exempt | **Assist. Technician Soc. and Family III** | |
| 12. Salary | **Appropriate Unit B** | |
| 12.a Differential (1) | **$1992.00 [hw:] $2,092.00** | |
| 12.b Differential (2) | | |
| 13. Income Tax Withholding | | |
| 14. Social Security Withholding | | |
| 15. Retirement System Contribution Withholding | | |
| 16. Medical Services Withholding | | |
| 17. Savings (A.E.E.L.A.) Withholding | "SEE NOTICE OF" | |
| 18. Insurance (A.E.E.L.A.) Withholding | MAY 29, 2015 | |
| 19. Union Dues Deduction | FAMILY SOCIO-ECONOMIC | |
| 20. Other Withholdings | DEVELOPMENT ADMINISTRATION<br>Human Resources Office | |
| 21. Type | | |
| 22. Scale | | |
| 23. Effective Date | | |

| 26. ACCOUNTING SYMBOLS | Fund | Org. | Prog. | Alloc. | Account | Year Sub. | Grant | Fund | Org. | Prog. | Assig. | Account | Year Sub. | Grant |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 111 | 1270000 | 1083 | 001 | ▇ | 2007 | | | | | | | | |

| 27. Indicate if it is a: | ☐ Promotion | ☐ Salary Increase | ☐ Change of Category | ☐ Change of Status | ☐ Promotion | ☐ Move |
|---|---|---|---|---|---|---|
| | ☐ Differential | ☐ New Appointment | ☐ Reclassification | ☐ Reinstallation | ☐ Transfer | ☐ Other |

| 28. In case of change to another agency | Compensatory | days | hours | Minutes | |
|---|---|---|---|---|---|
| indicate License to Transfer: | Regular | days | hours | min. | Illness | days | hours | min. |

| | Separation Date<br>(Last day of Payment) | Unpaid Leave | Effective Date of Separation |
|---|---|---|---|
| 27. Resignation | **30/September/06** | | **30/September/06 JUB-PRI** |
| 28. Separation | | | |
| 29. Removal | | | |
| 30. Severance | | | |

| 31. Suspension of Employment and Salary: Duration: From | To |
|---|---|

| 32. | Last day | Retreat Participant |
|---|---|---|
| Date | of payment: | ☐ Yes ☐ No |

| 33. Type of leave: Duration: | ☐ Unpaid Military | ☐ Studies | ☐ Special with Pay | ☐ Unpaid | ☐ Maternity |
|---|---|---|---|---|---|
| | From | | To | | |

| 34. Comments and Explanations (if you need more space use the back) | **The Regular leave lump sum to be paid : 48 days, 0 hr., 16 mins, since** |
|---|---|

**October/02/2006 (8:00 AM) through December/12/2006 (8:16 AM) for Sick leave: 32 days, 2 hrs., 18 mins. since December/12/2006 (8:17 AM) until Jan/31/2007 (10:34 AM). Letter of Resignation is enclosed.**

| 35. If the cost change is for Certification of Eligibles indicate the Certification of Eligibles number: |
|---|
| If the change is to another position, indicate the name of the previous incumbent:. |

| 36. If the change is to another schedule, the head of the schedule where the change originates or their authorized representative signs here: | 37. Employee's signature if needed |
|---|---|
| 38. Approved by: | [signature] |
| | **Carmen Mercedes Torres HR Act. Assist. Adm.** |
| | Head of the Agency or their representative |

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

**COMMONWEALTH OF PUERTO RICO**
**Department of the Family**

SPECIAL CHANGE REPORT NUMBER **21175**

Account Number ▮▮▮▮▮▮▮▮▮**1083**▮▮▮▮▮▮▮▮ Symbol **G-207-0**

Appropriate Unit ☐ A
☒ B

**(PAN) CAROLINA I**
Work Unit

Notice is hereby given of the following salary increase to employees on active duty as of July 1, 2005 and continuing in active service as of July 1, 2006, in Appropriate Units A and B, pursuant to the Legislature's Joint Resolution 157 of June 10, 2006, equal to $100.00 per month effective **July 1, 2006**.

**NEYSHA M. COLÓN TORRES**
Name of Employee

|  |  |
|---|---|
|  | **REGULAR CAREER** |
| Social Security Number | Employee Status |
| 5750 | **SOCIAL AND FAMILY ASSISTANCE TECHNICIAN III** |

"SEE NOTICE OF
MAY 29, 2015
FAMILY SOCIO-ECONOMIC
DEVELOPMENT
ADMINISTRATION
Human Resources Office"

| Post Number | Classification Title |
|---|---|
| 10 | $1,173.00            $1,835.00 |
| Compensation Scale | Minimum            Maximum |

| BEFORE CHANGE | AFTER CHANGE |
|---|---|
| Monthly Salary<br>$~~1892.00~~ [hw:] **$1,992.00**<br>(without differential) | $~~1992.00~~ [hw:] **$ 2,092.00** |

Observations: _____

_____

_____

[signature]
**CARNEN MERCEDES TORRES HR ACT. ASSIST. ADM.**          **October 4, 2006**

Signature of the Appointing Authority or its Authorized
Representative          Date

OCT 31, 2006

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

COMMONWEALTH OF PUERTO RICO

# PUBLIC SERVICE APPELLATE COMMISSION

SAN JUAN, PUERTO RICO

WWW.CASP.PR.GOV

|  |  |
|---|---|
| **DEPARTMENT OF THE FAMILY (AGENCY)**<br><br>**-AND-**<br><br>**BETTY RIVERA, NEYSHA COLÓN, MARÍA B. HERNÁNDEZ, OLGA I. VARGAS, MYRNA MALDONADO, JOSÉ A. RAMOS, PAULA FORTY (COMPLAINANTS)** | **CASES:  AQ-07-273,   AQ-07-381, AQ-07-382,   AQ-07-455, AQ-07-593,   AQ-07-669 CA-07-030**<br><br>L-13-449<br><br>**Subject: Salaries**<br>Betty Rivera, Neysha Colón, Maria B. Hernández, Olga I. Vargas, Myrna Maldonado, José A. Ramos, Paula Forty<br><br>**Arbitrator:**<br>    Santos Colón Quiñones |

## AWARD

I.      **Procedural Background**

On April 18, 2007, Ms. Betty Rivera Santana and Ms. Neysha Colón Torres (complainants) filed the case identified as **AQ-07- 273** on their own behalf. On May 23, Ms. María B. Hernández Castro filed the case identified as **AQ-07-381**. On May 23, Ms. Olga I. Vargas Encarnación filed the case identified as **AQ-07-382**. On June 20, Ms. Myrna Maldonado Cardona filed the case identified as **AQ-Q7-465**.

On August 13, 2007, Mr. José A. Ramos Cruz filed the case identified as **AQ-07-593**. On September 4, Ms. Paula Forty Escobar filed the case identified as **AQ-07-669**. In all the cases filed, the complainants alleged in essence that the Department of the Family (Agency) violated Article XXXV, Section 1 *(Salaries)* of the Collective Bargaining Agreement by granting the career employees a salary increase of one hundred ($100.00) dollars, which they received on October 15, 2006, while the Agency proceeded to give the retired employees, who are the complainants herein, a bonus in the amount of

**Award L-13-449**
Cases AQ-07-273, AQ-07-381, AQ-07-382, AQ-07-455, AQ-07-593, AQ-07-669 DF and Betty Rivera et al
Page 2 of 18

one thousand two hundred (1,200.00) dollars, received on October 30 and not factored into the calculation of the salary they were receiving.

After several procedural steps, the arbitration hearing was finally scheduled for Friday, October 5, 2012, before the undersigned Arbitrator. On behalf of the Agency, the Department of the Family, appeared Fernando R. Gattorno Jirau, Esq., attorney for the Department of Justice designated as legal representative and spokesperson. He was joined by Ms. Wilda Ramos, the Agency's Human Resources Specialist. Appearing on behalf of the complainants were Ms. Betty Rivera Santana, Ms. Neysha Colón, Ms. María B. Hernández Castro, Ms. Olga I. Vargas, Ms. Myrna Maldonado, Mr. José A. Ramos Cruz, and Ms. Paula Forty Escobar, all complainants in the instant case. Before proceeding further, this Arbitrator asked the complainants to designate a spokesperson to facilitate the process. They appointed Ms. Betty Rivera and Mr. José Ramos as spokespersons for the proceedings.

Both parties were given ample opportunity to present evidence, both testimonial and documentary, to support their respective contentions. The case was submitted for adjudication on October 5, 2012.

**II.     Submission**

In the absence of a Submission Agreement, the parties provided their corresponding Submission Drafts. The Agency's submission draft reads as follows:

*1.            The Honorable Arbitrator should determine whether the dispute is arbitrable even though the complainants filed their complaints after they retired, so they were not part of the Unit at all, and the Collective Bargaining Agreement which they allege was no longer in effect at that time.*

*2.            The Honorable Arbitrator should determine whether the dispute is arbitrable, even though the complainants filed their claim outside the terms established by the parties.*

*3.            The Honorable Arbitrator should determine whether Arbitration Award Number L- 09-104, issued in case AQ-06-750 by the Honorable Arbitrator Binda Y. Santiago Cortés, is collateral estoppel to the controversy raised by the complainants.*

*4.            The Honorable Arbitrator should determine, in accordance with the proven facts, the Collective Bargaining Agreement, in accordance with law and jurisprudence, whether the Department of the Family violated Article XXXV of the Collective Bargaining Agreement in effect for 2005 despite the fact that SPU stipulated the fiscal difficulties the State was going through at that time, it is public knowledge that no new budget was passed for the year 2005 and therefore the State was operating with the constitutional budget of the previous year, the same Collective Bargaining Agreement establishes that the increases shall be subject to the*

Award L-13-449
Cases AQ-07-273, AQ-07-381, AQ-07-382, AQ-07-455, AQ-07-593, AQ-07-669 DF and Betty Rivera et al
Page 3 of 18

*availability of the budget granted and approved for the Department by the Legislature, and the legislature expressly determined that the amount owed was to be paid as a non-recurring bonus through Joint Resolution Number 157 of July 10, 2006.*

*5.            The Honorable Arbitrator should determine that if in fact the said bonus issued by the Legislature should be computed to the salary of the complainants how much of said amount is to be paid by the complainants to their retirement funds.*

For the complainant, the draft submission reads as follows:

> *"The Arbitrator must specifically consider whether the Agency violated Section 9.1(a) and (c) of the Law as:*
> *The Agency granted the employees, now pensioners, as a bonus and not as salary with their due contribution to the Retirement System, the amount of $1,200.00 gross on October 30, 2006, when the employees with regular status received it on October 15, 2006. The foregoing is in violation of Article XXXV, Section 1 of the Collective Bargaining Agreement. Further, the $100.00 increase from July 2005 through June 2006 should be credited to salaries received during the months from July 2006 to the present.*

On the other hand, by letter dated May 21, 2007, the Public Service Labor Relations Commission[1], as part of its powers and authority as detailed in Section 11.15 of Act No. 45 - 1998, as amended, through the Director of the Investigations Division at that time, Marisol Diaz Guerrero, Esq. instructed this Arbitrator to consider whether the Agency had violated Section 9.1(a) and (c) of Act No. 45, *supra*, as a result of the fact that:

---

[1] Name of the Agency created pursuant to Act No. 45 - 1998, as amended, 3 LPRA §1451 *et seq.* It was subsequently merged with the former *Appellate Commission for the Administration of Human Resources System* (CASARH) by Reorganization Plan No. 2 of July 26, 2010, thereby creating the *Public Service Appellate Commission* (CASP). Article 8, subsection (K) of the Reorganization Plan No. 2, supra, contained a similar provision.

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

Award L-13-449
Cases AQ-07-273, AQ-07-381, AQ-07-382, AQ-07-455, AQ-07-593, AQ-07-669 DF and Betty Rivera et al
Page 4 of 18

The Agency granted the employees, now pensioners, as a bonus and not as salary with their due contribution to the Retirement System, the amount of $1,200.00 gross on October 30, 2006, when the employees with regular status received it on October 15, 2006. The foregoing is in violation of Article XXXV, Section 1 of the Collective Bargaining Agreement. Further, the $100.00 increase from July 2005 through June 2006 should be credited to salaries received during the months from July 2006 to date.

Both draft submissions having been submitted, after reviewing the testimony and documentary evidence presented and admitted, the provisions of the Collective Bargaining Agreement in force, the arguments presented by the witnesses, the Charge against the Agency deferred by the Commission, and in accordance with Section 711(b) of the Commission's Regulations, the dispute to be resolved is as follows:

Determining initially whether the complaint is arbitrable, substantively or procedurally. If not arbitrable, the Arbitrator shall dismiss the complaints.

If the complaints are arbitrable, it should be determined whether the bonus issued by the Legislative Assembly should be factored into the complainants' salary, along with any other relief that may be appropriate under law.

In addition, the Arbitrator must specifically consider whether the Agency violated Section 9.1(a) and (c) of Act No. 45 as:

The Agency granted the employees, now pensioners, as a bonus and not as salary with their due contribution to the Retirement System, the amount of $1,200.00 gross on October 30, 2006, when the employees with regular status received it on October 15, 2006. The foregoing is in violation of Article XXXV, Section 1 of the Collective Bargaining Agreement. Further, the $100.00 increase from July 2005 through June 2006 should be credited to salaries received during the months from July 2006 to date.

**III.     Facts**

1.       Ms. Betty Rivera Santana worked for the Department of the Family. She worked at the

Award L-13-449
Cases AQ-07-273, AQ-07-381, AQ-07-382, AQ-07-455, AQ-07-593, AQ-07-669 DF and Betty Rivera et al
Page 5 of 18

Agency for thirty-one-and-a-half (31½) years. She held the position of Social and Family Assistance Technician III with the Department of the Family before taking retirement benefits. She was included in Appropriate Unit B for collective bargaining purposes.

2.       Ms. María B. Hernández Castro worked for the Department of the Family as a Clerk II.

3.       Ms. Olga I. Vargas Encarnación worked at the Agency as a Social and Family Assistance Technician III.

4.       Ms. Myrna Maldonado Cardona worked at the Agency as an Office Systems Assistant III.

5.       Mr. José a. Ramos Cruz worked at the Agency as a Social and Family Assistance Technician III.

6.       Ms. Paula Forty Escobar worked at the Agency as an Office Systems Assistant IV.

7.       Ms. Wilda Ramos is the Agency's Human Resources Specialist. She was with the Department of the Family from 1989 until 1993, then moved to another agency until 2002. Since 2002, she has returned to work for the Department of the Family and is currently working in the Human Resources Division. By 2005, she was the Assistant Secretary of Human Resources.

8.       On February 26, 2003, the Agency and the Union negotiated Collective Bargaining Agreements for the A and B Appropriate Units. They were effective from February 26, 2003 through midnight on February 25, 2006, both dates inclusive.

9.       In July 2005, there were disagreements between the Executive and Legislative branches regarding the approval of that fiscal year's budget. In the absence of such a budget, the Agency operated with the previous fiscal year's budget.

10.      By July 1, 2005, the complainant employees were expected to receive a salary increase, as convened in the agreement, in the amount of one hundred ($100.00) dollars. This increase was never received.

11.      On July 28, the Secretary of the Department of the Family at the time, Ms. Yolanda Zayas and the Deputy Executive Director of the Union at the time, Genoveva Valentín, signed a **Stipulation**.[2] In said stipulation, both parties acknowledged that the salary increase agreed upon

_____

    [2] Exhibit Number 3 from the Complainants.

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

Award L-13-449
Cases AQ-07-273, AQ-07-381, AQ-07-382, AQ-07-455, AQ-07-593, AQ-07-669 DF and Betty Rivera et al
Page 6 of 18

for July 1, in the amount of one hundred (100) dollars, was not reflected. They also reiterated their desire to comply with the established agreements, so they agreed to extend the terms for filing complaints until the budget would be passed.

12.        On August 29, 2005[3], Ms. Jenice M. Vázquez Pagán, the Agency's Labor Relations Manager, signed a document entitled **Stipulation Regarding Increase Effective July 1, 2005**. In her communication to the Administrators, Assistant Administrators and Regional Directors, Ms. Vázquez attached a copy of the stipulation and instructed them to notify the various Administrations of the information contained in the stipulation in order to avoid untimely filing of complaints.

13.        On July 10, 2006, the Legislature approved **Joint Resolution** No. 157, effective July 1, 2006. This resolution allocated to the agencies and instrumentalities for fiscal year 2006 - 2007 the amount of one hundred and forty million nine hundred and fifty thousand ($140,950,000) dollars from the Budget Fund and the General Fund to carry out different purposes as detailed therein. In that resolution, the amount of twenty-six million ($26,000,000) dollars was allocated for the payment of collective bargaining agreements in force for several agencies, including the Department of the Family and its components.

14.        Until September 30, 2006, Ms. Betty Rivera Santana and the other complainants were working at the Agency. As of October 1, 2006, they received meritorious retirement benefits for years of service.

15.        On October 9, 2006, the Secretary of the Department of the Family, Mr. Félix V. Matos Rodríguez, signed a document entitled **Rules for Granting a Special Non-Recurring Bonus Pursuant to Joint Resolution 157 issued by the Legislative Assembly of Puerto Rico on July 10, 2006**. In said document, the Secretary established guidelines for granting the Special Non-Recurring Bonus in the amount of $1,200.00 to cover the period from July 1, 2005 through June 30, 2006 for employees who are members of both Appropriate Units.

---

[3] Exhibit Number 3 from the Agency.

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

Award L-13-449
Cases AQ-07-273, AQ-07-381, AQ-07-382, AQ-07-455, AQ-07-593, AQ-07-669 DF and Betty Rivera et al
Page 7 of 18

16.      On October 30, 2006, the retired employees received the amount of $1,200.00 corresponding to the salary increase for the year 2005. But they received it as a bonus and the regular employees received it as a salary increase (reflected as part of their regular monthly salary).

17.      On July 20, 2007, the following Collective Bargaining Agreement between the Agency and the Union entered into force. It was valid for three (3) years, from July 20, 2007 until midnight of July 20, 2010.

IV.      **Arbitrability Approach**

a.      **Agency**

The Agency, through Mr. Gattorno, stated for the record that it understands that the case is not arbitrable under two approaches. Firstly, that the complainant employees, at the time of their claim, were retired from the Agency. Therefore, they were not part of the Appropriate Unit and were not covered by the collective bargaining agreement between the parties. Secondly, it indicated that the case is also not arbitrable procedurally. This is because the complainants did not file Step I or Step II, as required by the Collective Bargaining Agreement. This action deprives this Arbitrator of jurisdiction to enter to resolve the merits of the dispute.

b.      **Complainants**

The complainants argued in court, through their spokespersons, that by 2006 they were already retired. There was no way to do the paperwork before the payment of the money occurred. They added that Article XXXV, Section (1) states that effective June 1, 2005, they would receive a $100.00 salary increase. They did not receive it by that date. They also said that for a whole year they did not receive said raise.

Award L-13-449
Cases AQ-07-273, AQ-07-381, AQ-07-382, AQ-07-455, AQ-07-593, AQ-07-669 DF and Betty Rivera et al
Page 8 of 18

They added that if the Legislative Assembly did not pass a new budget, the Agencies would have to continue operating with the previous budget. This does not mean that the Agency would operate with the remaining money in the budget, but that they would be operating with the same amount that they had allocated the previous year. Ms. Rivera mentioned that her salary at the time of the facts was $1,945.00 and that the salary increase of $100.00 retroactive to 2005 should have been reflected, but it was not.

c.      **Arbitrability Analysis**

It is necessary to determine initially whether the complaint is arbitrable, substantively or procedurally. If not arbitrable, the Arbitrator shall dismiss the complaints.

In arbitration at the federal level, as in arbitration at the local level, it is clearly established doctrine that strict compliance with the provisions of collective bargaining agreements for the processing of complaints is essential. *Rivera vs. Coop. Ganaderos de Vieques,* 110 D.P.R.. 621 (1981). Arbitrability is a defense raised by one of the parties involved, usually the employer, to indicate that the adjudicator or the forum before which the dispute was presented does not have the power or jurisdiction to look into the merits and resolve the dispute. In general terms, it is the Arbitrator's jurisdiction to resolve the issue presented. Arbitrability is divided into two aspects: substantive *and* procedural.

Substantive Arbitrability is a protection raised where it is alleged that the substance of the dispute was not negotiated, or the substance of the dispute submitted is not a matter that can be resolved by the forum where it was submitted. Procedural arbitrability is a defense alleging that the terms of the agreement were not followed or that the steps agreed upon for the resolution of the dispute were not followed.

As the United States Supreme Court has held, the obligation to arbitrate is a creature of the collective bargaining agreement and that a party cannot be compelled to arbitrate any matter in the absence of a contractual obligation. *Nolde Brothers v. Bakery & Confectionery Workers Union, Local No. 358*, 430 US 243, 255 (1977).[4] However, it has also been settled that arbitration of a particular complaint should not be denied unless it can be said, with clear certainty, that the arbitration clause is not susceptible to an interpretation that covers the

---

4   "Our prior decisions have indeed held that the arbitration duty is a creature of the collective-bargaining agreement and that a party cannot be compelled to arbitrate any matter in the absence of a contractual obligation to do so." ***Nolde Brothers v. Bakery & Confectionery Workers Union, Local No. 358,*** 430 US 243, 255 (1977).

Award L-13-449
Cases AQ-07-273, AQ-07-381, AQ-07-382, AQ-07-455, AQ-07-593, AQ-07-669 DF and Betty Rivera et al
Page 9 of 18

dispute presented. In case of doubts, a finding must be made in favor of arbitrability. *United Steelworkers of America v. Warrior & Gulf Navigation Co.,* 363 US 574, 582-583.[5] With all of the above as a conceptual framework, may the jurisdiction we have be examined.

Firstly, the Agency alleged that the complainant employees, at the time of their complaint, were retired from the Agency, so they were not part of the Appropriate Unit. But we have that the facts that give room for controversy involved the pay raise they were entitled to in 2005, and in this year they were still active employees. By July 10, 2006, the Legislature finally granted by means of Joint Resolution No. 157 an appropriation for such purposes. At the time it was granted, the complainants were employees of the Department of the Family and were part of the Appropriate Unit with all the rights and privileges to which they were entitled. They were therefore entitled to such compensation; compensation that the Agency granted them as a bonus and did not factor into their monthly salary. They availed themselves of the post-retirement benefits of the Legislature's resolution.

Secondly, the Agency argued that the case is also not arbitrable procedurally because the complainants did not file Step I or Step II, as required by the Collective Bargaining Agreement. This action deprives this Arbitrator of jurisdiction to enter to resolve the merits of the dispute. What decision-making power can a junior employee have to reverse the decision of the Appointing Authority?

---

[5] "An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." ***United Steel Workers of America v. Warrior & Gulf Navigation Company,*** 363 U.S. 574, 582-583.

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

Award L-13-449
Cases AQ-07-273, AQ-07-381, AQ-07-382, AQ-07-455, AQ-07-593, AQ-07-669 DF and Betty Rivera et al
Page 10 of 18

In this type of case, where the Agency head has already made a determination, such a procedure does not have to be exhausted when its rigorous observance represents a futile act, an empty gesture, or an unrealistic or impossible step. *Hermandad vs. Fondo del Seguro del Estado*, 112 D.P.R. 051. For this reason, the case would not have to be filed at lower levels, but would go to a higher forum, jurisdictionally speaking, where the complaint could be heard.

It should be noted that the Agency, among the evidence provided, admitted, and identified as Exhibits Number 1 and Number 2, submitted Ms. Betty Rivera Santana's Step I and II. We wonder: how is it possible for the Agency's representative to claim that the steps of the Collective Bargaining Agreement were not followed and then provide as evidence of the Agency itself those forms? Especially when the form identified as Step II is stamped as having been received by the Department of the Family, Assistant Secretary for Human Resources and Labor Relations on May 4, 2007.

We have the responsibility to look after our jurisdiction. *Sociedad de Bienes Gananciales vs. AFF*, 108 D.P.R. 644 (1979). If it lacks jurisdiction, the only thing to do is to so declare and dismiss the case. Vega Rodríguez vs. Telefónica, 2002 TSPR 50. The term "jurisdiction"[6] is defined as [...] inherent authority and power under which courts and legal officers consider and resolve lawsuits." Specifically, subject matter jurisdiction "refers to the court's ability to hear and determine a dispute over a legal issue." *Sola Gutiérrez vs. Bengoa Becerra*, 2011 DTS 119. Since jurisdiction is the power or authority possessed to consider and decide a case or dispute, we recognize in the arbitral forum that the consequence of its absence is not susceptible to cure. *González Sotomayor vs. Mayagüez Resort & Casino*, 2009 DTS 140. But in the present case we do have jurisdiction.

We clearly see that none of the contentions made by the Agency shows a lack of jurisdiction to resolve the dispute before this Arbitrator. Therefore, complaints filed in this forum are arbitrable, both substantively and procedurally.

---

[6] Ignacio Rivera García (1989); *Diccionario de Términos Jurídicos.* 2nd. Edition, Equity Publishing Corp.

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

Award L-13-449
Cases AQ-07-273, AQ-07-381, AQ-07-382, AQ-07-455, AQ-07-593, AQ-07-669 DF and Betty Rivera et al
Page 11 of 18

## V.        Pleadings

### a.        Agency

The Agency, through Mr. Gattorno, outlined in the hearing that the Agency stands firm on the lack of jurisdiction. It added that the Agency took the employees into consideration for the 2005 budget, requested them, and defended them before the Legislative Assembly. He stressed that, independently, the Agency made the arrangements it was required to make under the collective agreement, that the fact of working with the previous year's budget supports the position that there was no money to grant a salary raise.

He added that the Legislative Assembly decreed these funds so that the programmatic commitments, established in the collective bargaining agreement, could be fulfilled. He concluded by stating that the Agency has at no time violated the contractual provisions of the agreement.

### b.        Complainants

The complainants argued in court through their spokespersons that the dispute is a salary raise for the period from July 2005 to June 2006, that as such the Agency was required to process it as backpay and not as a collective bargaining bonus, that the Chamber made the resolution to comply with collective bargaining agreement obligations. Mr. Cruz added that at all times the resolution was treated as a retroactive salary and not as an agreement bonus, which was the interpretation attributed by the Agency.

Ms. Betty Rivera further indicated that at that time they were all employees of the Agency, that in the 2005 budget they were counted as active employees. She understands that the money allocated for her retirement system was budgeted in that year. They concluded by requesting that the calculation of retirement contributions be corrected and included for that year as part of their salary.

## VI.        Analysis

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

Award L-13-449
Cases AQ-07-273, AQ-07-381, AQ-07-382, AQ-07-455, AQ-07-593, AQ-07-669 DF and Betty Rivera et al
Page 12 of 18

Before going into the merits of the dispute, we must discuss a statement made by the Agency. The Agency alleged in its draft submission that Arbitration Award Number L-09-104, issued in case AQ-06-750 by the Honorable Arbitrator Binda Y. Santiago Cortés, is collateral estoppel to the controversy raised by the complainants.

The defense of *collateral estoppel by judgment* is a doctrine with an economic and procedural basis. Collateral estoppel by judgment has been adopted in case law as a modality of the doctrine of res judicata. *Fatach vs. Seguros Triple S, Inc.,* 1999 DTS 041. Using the defense of collateral estoppel, the party raising it seeks to avoid being subjected to repeated trials on the same dispute, to promote judicial economy by avoiding unnecessary litigation, and to avoid inconsistent judgments. This can be approached in two ways: defensively or offensively. *A&P General Contractors, Inc.* vs. *Asociación Cana, Inc.,* 110 D.P.R. 753 (1981). The defensive form is when a defendant invokes it to prevent litigation of an issue already raised and lost by the plaintiff in a prior lawsuit. The offensive form is when a plaintiff invokes it to prevent the defendant from relitigating those issues previously litigated and lost to another party.

In this case, the Agency argued, defensively, that Award Number L-09-104[7] constituted a collateral estoppel. The aforementioned award, filed by the Union, concerned whether or not the payment of interest accrued from July 2006 to October 2006 due to the delay in the payment of the aforementioned increase was appropriate. In that case, the Arbitrator determined that she had no power to award interest as a penalty for late payment. We see clearly that this is not the same dispute before this Arbitrator. For this reason, the Agency is incorrect, as the defense of collateral estoppel does not apply in this case. Having resolved the above point, may we examine the controversy raised in the present case.

It is to be determined whether the said bonus issued by the Legislative Assembly should be factored into the complainants' salary, along with any other relief that may be appropriate under law. In addition, consideration should be given specifically to whether or not the Agency violated Section 9.1 (a) and (c) of Act No. 45 when the Agency granted the employees, now retired, the amount of $1,200.00 gross on October 30, 2006, as a bonus and not as salary with its due contribution to the Retirement System, when the employees with

---

[7] Dated September 4, 2009.

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

Award L-13-449
Cases AQ-07-273, AQ-07-381, AQ-07-382, AQ-07-455, AQ-07-593, AQ-07-669 DF and Betty Rivera et al
Page 13 of 18

regular status received it on October 15, 2006. The foregoing is in violation of Article XXXV, Section 1 of the Collective Bargaining Agreement. Furthermore, the $100.00 increase from July 2005 through June 2006 should be credited to salaries received during the months from July 2006 to the present.

We have repeatedly stated that in Puerto Rico, there is a strong public policy in favor of arbitration as an alternative dispute resolution method. *Crufon Const, vs. Aut. de Edit Públicos,* 2002 TSPR 16; *Pagán vs. Hosp. Dr. Pila,* 114 D.P.R.. 224 (1983). It is understood that arbitration is the least technical, most flexible, least onerous and, therefore, most appropriate means for resolving disputes arising out of the employment relationship. *Fondo vs. Unión de Médicos,* 2007 TSPR 35. This public policy was reaffirmed in the public sector with the approval of Act No. 45 of 1998, as amended.[8] Specifically in its Article 2, Section 2.5 of the law.

As to the interpretation of the terms of a Collective Bargaining Agreement, the Arbitrators have been consistent in adopting provisions of the Puerto Rico Civil Code, specifically those related to the hermeneutic rule that provides that "[i]f the terms of a contract are clear and leave no doubt as to the intent of the contracting parties, the literal meaning of its terms shall be followed. If the words appear to be contrary to the evident intention of the contracting parties, the latter shall prevail over the former." 31 LPRA § 3471.

Likewise, the Collective Bargaining Agreement is the law between the parties, provided that its provisions do not contravene the law, morality, or public order. *Vélez Miranda vs. Legal Services,* 1998 TSPR 001. Any contractual provision in contravention of the law, morality, or public order is ineffective. *Pagán vs. Fund. Hosp. Dr. Pila,* 114 D.P.R.. 224 (1983). It is for this reason that "[t]he obligations arising from contracts have the force of law between the contracting parties and must be fulfilled in accordance with their terms. Art. 1044. 31 LPRA § 2994. Having all of the above as a conceptual framework, may we examine what the letter of the Collective Bargaining Agreement tells us.

---

[8] 3 LPRA §1451 *et seq.*

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

Award L-13-449
Cases AQ-07-273, AQ-07-381, AQ-07-382, AQ-07-455, AQ-07-593, AQ-07-669 DF and Betty Rivera et al
Page 14 of 18

The Collective Bargaining Agreement for the period from 2003 to 2006 states in Article XXXV (Salaries) as follows:

### Article XXXV

### Salaries

**Section 1.** During the term of the Collective Bargaining Agreement, the Department shall grant <u>employees covered by this Collective Bargaining Agreement the monthly salary increases indicated below</u>, subject to the approval of the Legislative Branch budget appropriation, or those granted by law or executive order.

$150.00 per month effective July 1, 2003

$150.00 per month effective July 1, 2004

$100.00 per month effective July 1, 2005

**Section 2.** The Department will request and advocate for the appropriate budget to implement the increases agreed to herein. However, the Union recognizes that the constitutional authority for the approval of the general budget rests with the Legislature, and therefore increases granted will depend on the approval of the Legislature.

**Section 3.** If, by legislation, salary increases are granted to public employees covered by Act No. 45 of February 25, 1998, as amended, that are greater than those agreed upon in this Article, the increases agreed upon herein shall be in accordance with the provisions of the legislation approved for such purposes. Provided that the increases provided for in this article shall not be additional to those granted by legislation (Emphasis added).

We see from the letter of the agreement that there is an obligation on the part of the Agency to grant pay increases, specifically on certain dates set at a certain amount. In addition, the parties agreed that the Agency will request and defend the budget to implement the agreed increases. Similarly, the Union recognizes the power of the Legislature to approve the budget.

In the present case, it is a fact that by July 1, 2005, no salary increase could be given to employees in the Department of the Family. This is due to problems with passing the requested budget. In the situation where the budget for that year was not passed, the Agency had to operate with the previous year's budget. The previous year's budget did not provide for the increase for that other year, so it could not be granted.

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

Award L-13-449
Cases AQ-07-273, AQ-07-381, AQ-07-382, AQ-07-455, AQ-07-593, AQ-07-669 DF and Betty Rivera et al
Page 15 of 18

Subsequently, in 2006, the Legislature approved **Joint Resolution No. 157 of July 10, 2006.**[9] The aforementioned resolution reads as follows:

> **Section 1.** - The amount of one hundred forty million nine hundred fifty thousand (140,950,000) dollars is hereby appropriated to the public agencies and instrumentalities during fiscal year 2006-2007 from the Budget Fund, as provided for in Act No. 147 of June 18, 1980, as amended, in the amount of eighty-eight million nine hundred fifty thousand (88,950,000) dollars, and the remainder from the General Fund, to carry out different purposes as detailed below:

> Agency

> Assignment

> A. Administration Families and Children

| | | |
|---|---|---|
| 1. | For the Mechanization Plan, to make $5,000,000 in payments to foster care and service providers | |
| 2. | For payment of the $8,900,000 collective bargaining agreement retroactive bonus for employees of the Department of the Family | |
| | **Subtotal** | **13,900,000** |

We see that from the resolution itself, the Assembly determined a monetary amount for the Department of the Family to make a payment to the employees of this agency, retroactively. It should be noted that although it mentions a bonus, it is known that just because it is called a bonus it does not necessarily mean that it is a bonus. *Johnson & Johnson vs. Municipality of San Juan,* 2007 DTS 226. Therefore, we understand that the item determined was related to the salary of these employees that the Agency was committed to grant the previous year and not the payment of a bonus retroactively.

Now, on October 9, 2006, the Secretary of the Agency, Felix V. Matos Rodriguez, established and signed **Rules for Granting a Special Non-Recurring Bonus Pursuant to Joint Resolution 157 issued by the Legislative Assembly of Puerto Rico on July 10, 2006.** The purpose of this document is to establish uniform guidelines for granting the Special Non-Recurring Bonus in the amount of $1,200.00 covering the period from July 1, 2005 through June 30, 2006 for all employees in the appropriate units covered by the collective bargaining

---

[9] Exhibit Number 6 from the Agency.

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

Award L-13-449
Cases AQ-07-273, AQ-07-381, AQ-07-382, AQ-07-455, AQ-07-593, AQ-07-669 DF and Betty Rivera et al
Page 16 of 18

agreements. Section IV *(Guidelines for Eligibility and Award of the Special Non-Recurring Bonus)* states the following:

1.        Employees who are members of Appropriate Units A and B covered by the Collective Bargaining Agreements, meaning those employees who are regular or probationary career employees and who, as of July 1, 2005, were in active service with the Department of the Family in career positions.

2.        Payment of the Special Non-Recurring Bonus of $1,200 to employees covered by the Collective Bargaining Agreements shall be in proportion to the time worked during the period from July 1, 2005 through June 30, 2006, and for which they earned salaries therefor.

3.        Personnel excluded from Appropriate Units A and B covered by the Agency's Collective Bargaining Agreements and management or personnel members in positions of trust shall not be eligible for payment of this Special Non-Recurring Bonus.

On the basis of these guidelines, the complainant employees herein fully complied with all the requirements for being granted same. They were (1) members of the Appropriate Units and, as of July 1, 2005, were serving on active duty in career positions, (2) worked the entire period from July 1, 2005 through June 30, 2006 and were earning salaries therefor, and (3) did not occupy positions excluded from the Appropriate Units. Therefore, if they complied with all the requirements established by the Agency itself for the granting of this, why did the Agency grant it to them as a bonus and for the rest of the personnel it was included in their monthly salary? Even more so, when they availed themselves of the benefits of retirement for meritorious service after the issuance of the Resolution of the Legislative Assembly.

The complainants stated that they did not receive the amount of $1,200.00 as part of their salary, when they were deserving of such amount. The Agency had a duty to present evidence in court that would defeat the presumption made by the complainants. It merely stated that they were not employees of the Agency when the cases were filed and that the steps of the collective bargaining agreement were not followed. The Agency's witness, Ms. Wilda Ramos, and based on the questions asked by the Agency's legal representative, limited herself to indicating what happened for the approval of the budget. It did not present evidence to show that these employees were not employees for the year 2005, that they were not members of the appropriate units, or that they had received such compensation out of their salary, not as a bonus. We must remember that mere pleadings do not constitute evidence. *Reece Corp., vs. Ariela Inc.,* 122 D.P.R. 270 (1988). Therefore, the Agency failed to support its position with demonstrative evidence of its perspective.

As to the unlawful practices deferred herein, we find that the Agency violated the

Award L-13-449
Cases AQ-07-273, AQ-07-381, AQ-07-382, AQ-07-455, AQ-07-593, AQ-07-669 DF and Betty Rivera et al
Page 17 of 18

Collective Bargaining Agreement. This is because the complainant employees were subject to the provisions of that agreement because they were part of the Appropriate Units at the time of the facts. At that particular historical moment, they were deserving of all the benefits and privileges granted by the Collective Bargaining Agreement signed between the parties. The Agency did not have the power to unilaterally amend the employment contract, let alone to use rules established by one party that were never negotiated to amend contractual provisions.

For the reasons set forth above, we issue the following

**AWARD**

The said bonus issued by the Legislative Assembly should be factored into the monthly salary of the complainants.

The Agency, the Department of the Family, is ordered, within thirty (30) calendar days of receipt of this Award, to amend all existing documentation in the personnel files of the employees herein regarding the salary they received for purposes of calculating the retirement benefit for the Retirement Systems Administration, establishing the correct salary that corresponded to them for the year 2005.

The Agency is ordered, within forty-five (45) calendar days, after amending all existing documentation in the complainants' personnel files regarding salary for retirement benefit computation purposes, to make the pertinent arrangements and correct the computation for retirement benefit purposes with the Retirement Systems Administration of the salary that the complainant employees were entitled to and was not properly computed.

Award L-13-449
Cases AQ-07-273, AQ-07-381, AQ-07-382, AQ-07-45S, AQ-07-S93, AQ-07-669 DF and Betty Rivera et al
Page 18 of 18

The Agency is hereby ordered, after making the corrections with the Retirement Systems Administration and calculating their correct salary, to notify each of the complainants herein in writing, within a term not exceeding fifteen (15) calendar days, of compliance with the order herein. It must include with its brief any documentation or evidence to support compliance with this order.

The complainant, Ms. Betty Rivera Santana, is hereby notified that if she does not agree with the result of this Arbitrator's determination on the unlawful labor practices deferred herein, she shall so inform the Commission no later than ten (10) calendar days from the notice date of this Award. In her submission to the Commission, the complainant shall set forth in detail the reasons why she believes that the award did not provide for the alleged unlawful practices deferred in the present case.

Likewise, the party adversely affected by this Award is hereby notified that it may file an appeal for judicial review before the Court of First Instance[10] within the jurisdictional term of thirty (30) days,[11] counted from the date of filing of the notification of this Award. Likewise, a copy of the application for judicial review shall be served on all parties in this case. If no appeal for judicial review is filed within the time limits set forth above, this Award shall become firm and final.

**TO BE FILED AND SERVED.**

In San Juan, Puerto Rico on October 31, 2013.

[*signature*]
Santos Colón Quiñones
Arbitrator

---

[10]  *Hospital del Maestro vs. Unión Nacional,* 2000 0TS 130; 2000 TSPR 130.
[11]  *UIL de Ponce vs. Dest. Serrallés Inc.,* 116 D.P.R. 348 (1985).

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

**NOTICE**

      **I hereby certify:** That a copy of this **Arbitration Award** has been sent by regular mail on this date to:

| | |
|---|---|
| **Fernando R. Gattorno Jirau, Esq.** <br> **Department of Justice** <br> Oficina de Litigios Generales <br> Subdivisión de Laboral <br> PO Box 9010192 <br> San Juan, PR 00902-0192 | **Ms. Paula Forty Escobar** <br> PO Box 332 <br> Palmer, PR 00721-0332 |
| **Ms. Betty Rivera Santana** <br> Alturas de Parque Ecuestre <br> Calle Kelimar 313 <br> Carolina, PR 00987 | **Ms. Neysha Colón Torres** <br> Urb. El Comandante <br> 872 Calle María Giusti <br> San Juan, PR 00924 |
| **Ms. María B. Hernández Castro** <br> HC 4 Box 15633 <br> Carolina, PR 00987 | **Ms. Olga I. Vargas** <br> **Encarnación** <br> Urb. Castellana Gdns. N - 10 <br> Calle 14 <br> Carolina, PR 00983 |
| **Ms. Myrna Maldonado Cardona** <br> Urb. Country Club <br> Calle 523 Bloque QE - 20 <br> Carolina, PR 00982 | **Mr. José A. Ramos Cruz** <br> PO Box 1374 <br> Luquilio, PR 00773-1374 |
| **Mr. Luis Madera Echevarría** <br> Servidores Públicos Unidos de P.R. <br> P.O. Box 13695 <br> San Juan, Puerto Rico 00908-3695 | |

      In San Juan, Puerto Rico, October 31, 2013

             [*signature*]
    **REYNALDO GONZÁLEZ RODRIGUEZ**
      Secretary of the Commission



Arg

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*



*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*16/AUGUST/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*



**TRANSLATOR'S CERTIFICATE OF TRANSLATION**

Translation from: Spanish (Puerto Rico) into English (US)
TARGEM Translations Inc.

I, Andreea I. Boscor, ATA-certified Spanish-English #525556, acting as translator at TARGEM Translations Inc., a NEW YORK City corporation, with its principal office at 185 Clymer Street, Brooklyn, NY, 11211, USA, certify that:

the English translated document is a true and accurate translation of the original Spanish and has been translated to the best of my knowledge.

Original Document Name: **Claim Nos. 121773_127701_139753**

Signed this 16th  day of August  2021

_____
Andreea I. Boscor

Verify at www.atanet.org/verify