# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth, HTA, and ERS.** |

## NOTICE OF CORRESPONDENCE REGARDING THE THREE HUNDRED SIXTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, AND THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO MISCLASSIFIED CLAIMS[2]

**To the Honorable United States District Judge Laura Taylor Swain:**

1. On April 30, 2021, the Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Highways and Transportation Authority ("HTA"), and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Pursuant to the Court's *Order Directing Redacted Filings* [ECF No. 19781], the Debtors hereby re-file the above-captioned notice of correspondence, originally filed on January 5, 2022 [ECF No. 19676], with exhibits redacted for personally identifiable information, where necessary.

Commonwealth and HTA, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Debtors pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),³ filed the *Three Hundred Sixteenth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Misclassified Claims* [ECF No. 16643] (the "Three Hundred Sixteenth Omnibus Objection") to various proofs of claim.

2. The Three Hundred Sixteenth Omnibus Objection seeks to reclassify claims that assert an incorrect or improper classification, each as set forth in Exhibit A thereto (each a "Claim to Be Reclassified," and collectively, the "Claims to Be Reclassified"). As set forth in the Three Hundred Sixteenth Omnibus Objection and exhibits thereto, each of the Claims to Be Reclassified incorrectly or improperly asserts that it is secured and/or entitled to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9) or other priority pursuant to 11 U.S.C. § 507(a). Upon a reasonable review of the Claims to Be Reclassified and the Debtors' books and records, the Debtors have concluded that the Claims to Be Reclassified are not entitled to either administrative expense priority, priority, or secured status, and should appropriately be classified as general unsecured claims.

3. The Debtors have received the attached correspondence from:

    i. Norma I. Concepción Peña ("Concepción Peña"), a copy of which is attached hereto as Exhibit "A" (the "Concepción Peña Response"), regarding Proof of Claim No. 157312 (the "Concepción Peña Claim");

---

³    PROMESA is codified at 48 U.S.C. §§ 2101-2241.

    ii.    Eva E. Meléndez Fraguada ("Meléndez Fraguada"), a copy of which is attached hereto as Exhibit "B" (the "Meléndez Fraguada Response") regarding Proof of Claim No. 27339 (the "Meléndez Fraguada Claim"); and

    iii.    Felix Rivera Clemente ("Rivera Clemente," and together with Concepcion Peña and Meléndez Fraguada, the "Claimants"), copies of which are attached hereto as Exhibits "C" (the "First Rivera Clemente Response") and "D" (the "Second Rivera Clemente Response," and together with the First Rivera Clemente Response, the "Rivera Clemente Responses," and collectively with the Concepción Peña Response and the Meléndez Fraguada Response, the "Responses"), regarding Proof of Claim No. 7490 (the "Rivera Clemente Claim," and together with the Concepción Peña Claim and the Meléndez Fraguada Claim, the "Claims").

Certified translations of the Concepción Peña Response, the Meléndez Fraguada Response, and the Rivera Clemente Responses are attached hereto as Exhibits "A-1," "B-1," "C-1," and "D-1," respectively.

    **I.**    **The Concepción Peña Response**

4.    The Concepción Peña Claim purports to assert liabilities in the amount of $30,000 purportedly arising from a lease of certain commercial property to the Department of Transportation and Public Works (the "DTOP," by its Spanish acronym). The Concepción Peña Claim further asserts it is entitled to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9). As set forth in the Three Hundred Sixteenth Omnibus Objection, only creditors who sold goods to the Debtors within twenty (20) days of commencement of the Debtors' Title III Cases[4] are entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9).

5.    The Concepción Peña Response consists of a copy of the Concepción Peña Claim, together with copies of two lease agreements. It does not allege that Concepción Peña sold goods to the Commonwealth within the statutorily prescribed time frame. *See generally* Concepción Peña Response. Nor does the Concepción Peña Response assert any other basis entitling the

---

[4]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Three Hundred Sixteenth Omnibus Objection.

3

Concepción Peña Claim to administrative expense priority, and neither the Concepción Peña Response nor the Peña Concepción Claim provide any basis to assert that any lease payments were due post-petition. *Id*. Because the Concepción Peña Response does not provide a basis entitling the Concepción Peña Claim to administrative expense priority, the Concepción Peña Claim should be reclassified as a general unsecured claim. The Debtors reserve their right to object to the Concepción Peña Claim on any other basis whatsoever.

**II.     The Meléndez Fraguada Response**

6.      The Meléndez Fraguada Claim purports to assert liabilities in the amount of $100,000 arising out of litigation between Meléndez Fraguada and the Puerto Rico State Insurance Fund Authority. The Meléndez Fraguada Claim further asserts it is entitled to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9). As set forth above and in the Three Hundred Sixteenth Omnibus Objection, only creditors who sold goods to the Debtors within twenty (20) days of commencement of the Debtors' Title III Cases are entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9).

7.      The Meléndez Fraguada Response consists of a letter from Meléndez Fraguada, describing various communications received by Meléndez Fraguada in relation to Proof of Claim No. 177716 (the "Meléndez Fraguada ACR Claim"), which is currently being resolved through the Administrative Claims Reconciliation ("ACR") process. Meléndez Fraguada Response at 6-9. The Meléndez Fraguada Response attaches as supporting documentation a request for reconsideration of the determination reached by ERS in connection with the ACR process, a copy of a completed proof of claim form, and various documents relating to the Meléndez Fraguada ACR Claim. *Id*. at 1-5, 10-30.

4

8. The Meléndez Fraguada Response does not allege that Meléndez Fraguada sold goods to the Debtors within the statutorily prescribed period. Nor does the Meléndez Fraguada Response assert any other basis entitling the Meléndez Fraguada Claim to administrative expense priority. Rather, the Meléndez Fraguada Response relates to Meléndez Fraguada's appeal of ERS's initial determination regarding the Meléndez Fraguada ACR Claim. Accordingly, the Meléndez Fraguada Claim should be reclassified as a general unsecured claim. The Debtors reserve the right to object to the Meléndez Fraguada Claim on any other basis whatsoever. Further, the Debtors will ensure that the appeal of ERS's initial determination of the Meléndez Fraguada ACR Claim is received and processed by ERS, in accordance with ERS's existing administrative procedures and pursuant to the ACR process.

### III. The Rivera Clemente Responses

9. The Rivera Clemente Claim purports to assert liabilities in the amount of $18,000 plus an unspecified amount of interest arising out of various proceedings initiated by Rivera Clemente and others against the DTOP. The Rivera Clemente Claim also asserts it is entitled to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9). As set forth in the Three Hundred Sixteenth Omnibus Objection, only creditors who sold goods to the Debtors within twenty (20) days of commencement of the Debtors' Title III Cases are entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9).

10. The First Rivera Clemente Response consists of a letter purporting to calculate amounts allegedly owed to Rivera Clemente arising out of his employment with DTOP, and asserting various allegations of discrimination allegedly committed by DTOP against Rivera Clemente. First Rivera Clemente Response at 1-4. The First Rivera Clemente Response attaches as supporting documentation various legal filings associated with litigations against DTOP, copies

of correspondence between Rivera Clemente and other individuals employed by DTOP, and copies of checks allegedly received from DTOP. *Id.* at 5-21. The Second Rivera Clemente Response contains a letter purporting to update the calculation of amounts allegedly owed to Rivera Clemente, and attaches additional copies of documents relating to various legal proceedings against DTOP. Second Rivera Clemente Response at 1-4.

11. Neither the First Rivera Clemente Response nor the Second Rivera Clemente Response alleges that Rivera Clemente sold goods to the Debtors within the statutorily prescribed period. The Rivera Clemente Responses also do not assert any other basis entitling the Rivera Clemente Claim to administrative expense priority, and neither the Rivera Clemente Responses nor the Rivera Clemente Claim provide any basis to assert that any wage payments were due post-petition. Accordingly, the Rivera Clemente Claim should be reclassified as a general unsecured claim. The Debtors reserve the right to object to the Rivera Clemente Claim on any other basis whatsoever.

12. For the foregoing reasons, the Debtors respectfully request the Court grant the Three Hundred Sixteenth Omnibus Objection and reclassify the Claims as set forth herein, notwithstanding the Responses.

[*Remainder of Page Intentionally Left Blank*]

6

Dated: January 5, 2022
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*/s/ Brian S. Rosen*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico*