# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                     Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**NOTICE OF CORRESPONDENCE REGARDING THE THREE HUNDRED FORTY-NINTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO AND THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO DUPLICATE LITIGATION CLAIMS[2]**

To the Honorable United States District Judge Laura Taylor Swain:

        1.        On June 18, 2021, the Commonwealth of Puerto Rico (the "Commonwealth") and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the Commonwealth, the "Debtors"), by and through the Financial

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]     Pursuant to the Court's *Order Directing Redacted Filings* [ECF No. 19781], the Debtors hereby re-file the above-captioned notice of correspondence, originally filed on January 5, 2022 [ECF No. 19684], with exhibits redacted for personally identifiable information, where necessary.

Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Debtors pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[3] filed the *Three Hundred Forty-Ninth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Duplicate Litigation Claims* [ECF No. 17092] (the "Three Hundred Forty-Ninth Omnibus Objection") to various proofs of claim.

2. The Three Hundred Forty-Ninth Omnibus Objection seeks to disallow certain duplicative proofs of claim (the "Claims to Be Disallowed"). As set forth in the Three Hundred Forty-Ninth Omnibus Objection, each of the Claims to Be Disallowed purports to assert the same liabilities as those asserted in the master claims or verified statements (the "Acevedo Camacho Master Claims") filed on behalf of all plaintiffs in the litigation captioned *Madeline Acevedo Camacho et al. v. Puerto Rico Department of Family Affairs*, No. 2016-05-1340 (the "Acevedo Camacho Litigation"). The Acevedo Camacho Litigation alleges employees were entitled to back pay and increased pension contributions due to the Family Department's illegal implementation of the Office of Public Service Personnel's "General Memorandum No. 5-86." Each of the Claims to Be Disallowed was filed by one of the individual plaintiffs in the litigation asserted by the Acevedo Camacho Master Claims, as identified in the supporting documentation provided with the Acevedo Camacho Master Claims or the verified statement filed by the attorney representing all claimants in the Acevedo Camacho Litigation. Further, none of the Claims to Be Disallowed asserts any additional liabilities or bases for liability beyond what is included in the Acevedo Camacho Master Claims. Accordingly, the Claims to Be Disallowed are duplicative of the

---

[3] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

2

Acevedo Camacho Master Claims.

3. The Debtors have received correspondence from:

- Vilma E. Adorno Marrero ("Adorno Marrero"), a copy of which is attached hereto as Exhibit "A" (the "Adorno Marrero Response"), regarding Proof of Claim No. 35262 (the "Adorno Marrero Claim");

- Lydia R. Colón Mulero ("Colón Mulero"), a copy of which is attached hereto as Exhibit "B" (the "Colón Mulero Response"), regarding Proof of Claim No. 42061 (the "Colón Mulero Claim");

- Nancy Maldonado Cruz ("Maldonado Cruz"), a copy of which is attached hereto as Exhibit "C" (the "Maldonado Cruz Response"), regarding Proofs of Claim Nos. 46270 (the "First Maldonado Cruz Claim") and 48743 (the "Second Maldonado Cruz Claim," and collectively, the "Maldonado Cruz Claims");

- Ana I. Maldonado Torres ("Maldonado Torres"), a copy of which is attached hereto as Exhibit "D" (the "Maldonado Torres Response"), regarding Proof of Claim No. 32722 (the "Maldonado Torres Claim"); and

- Neftali Mendez Domínguez ("Mendez Domínguez," and together with Adorno Marrero, Colón Mulero, Maldonado Cruz, and Maldonado Torres, the "Claimants"), a copy of which is attached hereto as Exhibit "E" (the "Mendez Domínguez Response," the Adorno Marrero Response, the Colón Mulero Response, the Maldonado Cruz Response, and the Maldonado Torres Response, the "Responses") regarding Proof of Claim No. 26316 (the "Mendez Domínguez Claim," and together with the Adorno Marrero Claim, the Colón Mulero Claim, the Maldonado Cruz Claims, and the Maldonado Torres Claim, the "Claims").

Certified English translations of the Adorno Marrero Response, the Colón Mulero Response, the Maldonado Cruz Response, the Maldonado Torres Response, and the Mendez Domínguez Response are attached hereto to as Exhibits "A-1," "B-1," "C-1," "D-1," and "E-1," respectively.

I. **The Adorno Marrero Response**

4. The Adorno Marrero Claim asserts liabilities in an unspecified amount purportedly arising from a "labor claim." As supporting documentation, the Adorno Marrero Claim attaches a copy of a resolution issued by the Public Service Appellate Commission (the "CASP," by its Spanish acronym) in the Acevedo Camacho Litigation. The Acevedo Camacho Master Claims

3

identify Adorno Marrero as a plaintiff in the Acevedo Camacho Litigation.

5. The Adorno Marrero Response contains a copy of a completed Mailing,[4] in which Adorno Marrero asserts that she is owed back-pay in the amount of approximately $51,648.12. Adorno Marrero further asserts that she is a plaintiff in a litigation captioned "Madeline Acevedo Camacho *et al.*," which is currently on appeal. Adorno Marrero Response at 1-3.

6. The Adorno Marrero Response therefore does not dispute—and, in fact, confirms— that the liabilities asserted in the Adorno Marrero Claim are duplicative of the liabilities asserted by the Acevedo Camacho Master Claims. Accordingly, the Adorno Marrero Claim should be disallowed because it is duplicative of the Acevedo Camacho Master Claims. Failure to disallow the Adorno Marrero Claim could result in an unwarranted double recovery to the detriment of other stakeholders in these Title III Cases. Adorno Marrero will not be prejudiced by the disallowance of the Adorno Marrero Claim, because the liabilities asserted by the Adorno Marrero Claim are preserved by the Acevedo Camacho Master Claims.

**II.    The Colón Mulero Response**

7. The Colón Mulero Claim asserts liabilities in the amount of $40,000 purportedly arising from a "labor claim" asserted in Case No. KAC-07-0214. Case No. KAC-07-0214 is one of several case numbers associated with the Acevedo Camacho Litigation. The Acevedo Camacho Master Claims identify Colón Mulero as a plaintiff in the Acevedo Camacho Litigation.

8. The Colón Mulero Response consists of a copy of a notice accompanying the Three

---

[4] On August 13, 2019, the Court entered the Order Granting in Part and Adjourning in Part Debtors' Motion for Entry of An Order (A) Authorizing Alternative Dispute Resolution Procedures, (B) Approving Additional Forms of Notice, (C) Approving Proposed Mailing, and (D) Granting Related Relief [ECF No. 8453] (the "Authorized Mailings Order"), which authorized the Debtors to send mailings (the "Mailings") "to any claimant who has not provided sufficient information to enable Debtors to process their claim." Authorized Mailings Order, ¶ 3.

Hundred Forty-Ninth Omnibus Objection and a copy of the Colón Mulero Claim. Colón Mulero Response at 1-9. The Colón Mulero Response therefore does not dispute that the liabilities asserted in the Colón Mulero Claim are duplicative of the liabilities asserted by the Acevedo Camacho Master Claims. Accordingly, the Colón Mulero Claim should be disallowed because it is duplicative of the Acevedo Camacho Master Claims. Failure to disallow the Colón Mulero Claim could result in an unwarranted double recovery to the detriment of other stakeholders in these Title III Cases. Colón Mulero will not be prejudiced by the disallowance of the Colón Mulero Claim, because the liabilities asserted by the Colón Mulero Claim are preserved by the Acevedo Camacho Master Claims.

### III. The Maldonado Cruz Response

9. The First Maldonado Cruz Claim asserts liabilities in an unspecified amount purportedly arising from "accumulated contributions in the retirement plan," and the Second Maldonado Cruz Claim asserts liabilities in an unspecified amount purportedly arising from a "labor claim for adjustment of salary." Further, Maldonado Cruz submitted Mailings asserting that both Maldonado Cruz Claims asserted liabilities associated with the Acevedo Camacho Litigation. The Acevedo Camacho Master Claims identify Maldonado Cruz as a plaintiff in the Acevedo Camacho Litigation.

10. The Maldonado Cruz Response explains that Maldonado Cruz believes "[t]he balances of my estimated contributions and my years of service do not match," and accordingly, she "does not agree with these figures . . . ." Maldonado Cruz Response at 1.[5] The Maldonado

---

[5] The Maldonado Cruz Response appears to assert that Maldonado Cruz believes her retirement contributions were miscalculated. Accordingly, the portion of the First Maldonado Cruz Claim asserting Maldonado Cruz's retirement contributions will be transferred into the Administrative Claims Reconciliation process.

5

Cruz Response therefore does not dispute that the liabilities asserted in the Maldonado Cruz Claims are duplicative of the liabilities asserted by the Acevedo Camacho Master Claims. Accordingly, the Maldonado Cruz Claims should be disallowed because they are duplicative of the Acevedo Camacho Master Claims. Failure to disallow the Maldonado Cruz Claims could result in an unwarranted excess recovery to the detriment of other stakeholders in these Title III Cases. Maldonado Cruz will not be prejudiced by the disallowance of the Maldonado Cruz Claim, because the liabilities asserted by the Maldonado Cruz Claim are preserved by the Acevedo Camacho Master Claims.

### IV. The Maldonado Torres Response

11. The Maldonado Torres Claim asserts liabilities against the Department of the Family in an unspecified amount that purportedly arise from a "labor claim – salary adjustment." The Acevedo Camacho Master Claims identify Maldonado Torres as a plaintiff in the Acevedo Camacho Litigation.

12. The Maldonado Torres Response does not object to the disallowance of the Maldonado Torres Claim. Instead, the Maldonado Torres Response states that Maldonado Torres "do[es] not agree with, and object[s] to, the amount owed to me being disclosed in public." Maldonado Torres Response at 1. The Maldonado Torres Response therefore does not dispute that the liabilities asserted in the Maldonado Torres Claim are duplicative of the liabilities asserted by the Acevedo Camacho Master Claims. Accordingly, the Maldonado Torres Claim should be disallowed because it is duplicative of the Acevedo Camacho Master Claims. Failure to disallow the Maldonado Torres Claim could result in an unwarranted double recovery to the detriment of other stakeholders in these Title III Cases. Maldonado Torres will not be prejudiced by the disallowance of the Maldonado Torres Claim, because the liabilities asserted by the Maldonado

Torres Claim are preserved by the Acevedo Camacho Master Claims.

### V. The Mendez Domínguez Response

13. The Mendez Domínguez Claim asserts liabilities in an amount of $150,000 purportedly arising from the Acevedo Camacho Litigation. The Acevedo Camacho Master Claims identify Mendez Domínguez as a plaintiff in the Acevedo Camacho Litigation.

14. The Mendez Domínguez Response contains a copy of a completed Mailing, in which Mendez Domínguez asserts that she is a plaintiff in a litigation captioned "Madeline Acevedo Camacho *et al.*" Mendez Domínguez Response at 1-3. The Mendez Domínguez Response therefore does not dispute—and, in fact, confirms—that the liabilities asserted in the Mendez Domínguez Claim are duplicative of the liabilities asserted by the Acevedo Camacho Master Claims. Accordingly, the Mendez Domínguez Claim should be disallowed because it is duplicative of the Acevedo Camacho Master Claims. Failure to disallow the Mendez Domínguez Claim could result in an unwarranted double recovery to the detriment of other stakeholders in these Title III Cases. Mendez Domínguez will not be prejudiced by the disallowance of the Mendez Domínguez Claim, because the liabilities asserted by the Mendez Domínguez Claim are preserved by the Acevedo Camacho Master Claims.

15. For the foregoing reasons, the Debtors respectfully request that the Court grant the Three Hundred Forty-Ninth Omnibus Objection and disallow the Claims, notwithstanding the Responses.

[*Remainder of Page Intentionally Left Blank*]

Dated: January 5, 2022
      San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative for the Commonwealth and ERS*

/s/ *Brian S. Rosen*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Co-Attorneys for the Financial Oversight and Management Board for the Puerto Rico, as representative for the Commonwealth and ERS*

8