UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**NOTICE OF CORRESPONDENCE REGARDING THE THREE HUNDRED FIFTY-FIRST OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, AND THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO PARTIAL DUPLICATE LITIGATION CLAIMS[2]**

**To the Honorable United States District Judge Laura Taylor Swain:**

1. On June 18, 2021, the Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Highways and Transportation Authority ("HTA"), and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Pursuant to the Court's *Order Directing Redacted Filings* [ECF No. 19781], the Debtors hereby re-file the above-captioned notice of correspondence, originally filed on January 5, 2022 [ECF No. 19686], with exhibits redacted for personally identifiable information, where necessary.

Commonwealth and HTA, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Debtors pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[3] filed the *Three Hundred Fifty-First Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Partial Duplicate Litigation Claims* [ECF No. 17112] (the "Three Hundred Fifty-First Omnibus Objection") to various proofs of claim.

2. The Three Hundred Fifty-First Omnibus Objection seeks to partially disallow claims (each a "Claim to Be Partially Disallowed," and collectively, the "Claims to Be Partially Disallowed") that are substantively duplicative, in part, of other master proofs of claims filed in the Title III Cases. As set forth in the Three Hundred Fifty-First Omnibus Objection and supporting exhibits thereto, the Claims to Be Partially Disallowed assert, in part, the same liabilities as those asserted in one of the following: (1) the master claims filed on behalf of all plaintiffs in the litigation captioned *Jeannette Abrams Diaz et al. v. Department of Transportation & Public Works*, No. KAC2005-5021 (the "Abrams Diaz Master Claims"); (2) the master claims filed on behalf of all plaintiffs in the litigation captioned *Delfina Lopez Rosario et al. v. Puerto Rico Police Department*, No. T-01-10-372 (the "Lopez Rosario Master Claims"); (3) the master claim filed on behalf of all plaintiffs in the litigation captioned *Acevedo Arocho et al. v. Puerto Rico Department of Treasury*, No. KAC2005-5022 (the "Acevedo Arocho Master Claim"); (4) the master claim filed on behalf of all plaintiffs in the litigation captioned *Madeline Acevedo Camacho et al. v. Puerto Rico Department of Family Affairs*, No. 2016-05-1340 (the "Acevedo Camacho

---

[3] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

Master Claim"); (5) the master claim filed on behalf of all plaintiffs in the litigation captioned *Francisco Beltrán Cintrón et al. v. Puerto Rico Department of Family Affairs*, No. KAC2009-0809 (the "Beltrán Cintrón Master Claim"); (6) the master claim filed on behalf of all plaintiffs in the litigation captioned *Abraham Giménez et al. v. Puerto Rico Department of Transportation & Public Works*, No. KAC2013-1019 (the "Abraham Giménez Master Claim"); (7) the master claim filed on behalf of all plaintiffs in the litigation captioned *Juan Pérez Colón et al. v. Puerto Rico Department of Transportation & Public Works*, No. KAC1990-0487 (the "Pérez Colón Master Claim"); (8) the master claim filed on behalf of all plaintiffs in the litigation captioned *Frente Unido de Policías Organizados et al. v. Puerto Rico Police Department*, No. KAC2007-4170 (the "FUPO Master Claim"); (9) the master claim filed on behalf of all plaintiffs in the litigation captioned *Alfredo Maldonado Colón et al. v. Puerto Rico Department of Corrections & Rehabilitation*, No. KAC96-1381 (the "Maldonado Colón Master Claim"); and (10) the master claim filed on behalf of all plaintiffs in the litigation captioned *Rosa Lydia Vélez v. Puerto Rico Department of Education*, KPE1980-1738, who have agreed to be represented by José E. Torres Valentín ("Torres Valentín") of Torres Valentín Estudio Legal, LLC (the "Vélez Master Claim", and collectively, the "Litigation Master Claims"). The Claims to Be Partially Disallowed are, accordingly, partially duplicative of one or more Litigation Master Claims.

3. The Debtors have received correspondence from:

- Lydia R. Colón Mulero ("Colón Mulero"), a copy of which is attached hereto as Exhibit "A" (the "Colón Mulero Response"), regarding Proof of Claim No. 168021 (the "Colón Mulero Claim");

- Ebed Miro Ramírez ("Miro Ramírez"), a copy of which is attached hereto as Exhibit "B" (the "Miro Ramírez Response"), regarding Proof of Claim No. 171318 (the "Miro Ramírez Claim");

- Ana L. Luna Rios ("Luna Rios"), a copy of which is attached hereto as Exhibit "C" (the "Luna Rios Response"), regarding Proof of Claim No. 174092 (the "Luna Rios Claim"); and

3

- Felix Rivera Clemente ("Rivera Clemente"), a copy of which is attached hereto as Exhibit "D" (the "Felix Clemente Response," and together with the Colón Mulero Response, the Miro Ramírez Response, and the Luna Rios Response, the "Responses"), regarding Proof of Claim No. 6725 (the "Rivera Clemente Claim," and together with the Colón Mulero Claim, the Miro Ramírez Claim, and Luna Rios Claim, the "Claims").

Certified copies of the Colón Mulero Response, the Miro Ramírez Response, the Luna Rios Response, and the Rivera Clemente Response are attached hereto as Exhibits "A-1," "B-1," "C-1," and "D-1," respectively.

### I. The Colón Mulero Response

4. The Colón Mulero Claim purports to assert liabilities in the amount of $50,000 arising out of the Acevedo Camacho Litigation, a litigation against the Puerto Rico Department of Family Affairs. The Acevedo Camacho Master Claims identify Colón Mulero as one of the plaintiffs in the Acevedo Camacho Litigation.[4]

5. The Colón Mulero Response consists of a copy of a notice accompanying the Three Hundred Fifty-First Omnibus Objection, as well as a copy of the Colón Mulero Claim. It does not address the Debtors' contention that the Colón Mulero Claim is duplicative, in part, of the Acevedo Camacho Master Claims. *See generally* Colón Mulero Response. The Colón Mulero Response, therefore, does not dispute that the liabilities asserted in the Colón Mulero Claim are partially duplicative of the liabilities asserted by the Acevedo Camacho Master Claims. Accordingly, the Colón Mulero Claim should be partially disallowed because it is duplicative, in part, of the Acevedo Camacho Master Claims. Failure to partially disallow the Colón Mulero Claim could result in an unwarranted double recovery to the detriment of other stakeholders in these Title III Cases. Colón Mulero will not be prejudiced by the partial disallowance of the

---

[4] Capitalized terms not defined herein shall the meaning ascribed to them in the Three Hundred Fifty-First Omnibus Objection.

Colón Mulero Claim, because the liabilities asserted by the Colón Mulero Claim are preserved by the Acevedo Camacho Master Claims.

## II. The Miro Ramírez Response

6. The Miro Ramírez Claim purports to assert liabilities in the amount of $17,632 purportedly arising out of the Maldonado Colón Litigation. The Maldonado Colón Master Claim identifies Miro Ramírez as a plaintiff in the Maldonado Colón Litigation.

7. The Miro Ramírez Response, which consists of a copy of a completed information request form, does not address the Debtors' contention that the Miro Ramírez Claim is duplicative of the Maldonado Colón Master Claim. Rather, the Miro Ramírez Response states that it asserts, in part, liabilities associated with a pending litigation with Case No. KAC-1996-1381, one of the case numbers associated with the Maldonado Colón Litigation. Miro Ramírez Response at 2. The Miro Ramírez Response, therefore, does not dispute that the liabilities asserted in the Miro Ramírez Claim are partially duplicative of the liabilities asserted by the Maldonado Colón Master Claim. Accordingly, the Miro Ramírez Claim should be partially disallowed because it is duplicative, in part, of the Maldonado Colón Master Claim. Failure to partially disallow the Miro Ramírez Claim could result in an unwarranted double recovery to the detriment of other stakeholders in these Title III Cases. Miro Ramírez will not be prejudiced by the partial disallowance of the Miro Ramírez Claim, because the liabilities asserted by the Miro Ramírez Claim are preserved by the Maldonado Colón Master Claim.

## III. The Rivera Clemente Response

8. The Rivera Clemente Claim asserts approximately $60,000,000 in liabilities associated, in part, with various litigations against the Commonwealth. The Pérez Colón Master Claims identify Rivera Clemente as a plaintiff in the Pérez Colón Litigation.

5

9. The Rivera Clemente Response, a Spanish-language letter, does not address the Debtors' contention that the Rivera Clemente Claim is duplicative, in part, of the Pérez Colón Master Claims. Instead, the Rivera Clemente Response describes several acts of alleged discrimination against Rivera Clemente by his supervisors at the Department of Transportation and Public Works ("DTOP," by its Spanish acronym). Rivera Clemente Response at 1. It also attaches as supporting documentation various correspondence between Rivera Clemente and DTOP, as well as court filings made in various litigations in which Rivera Clemente is a plaintiff. The Rivera Clemente Response, therefore, does not dispute that the liabilities asserted in the Rivera Clemente Claim are partially duplicative of the liabilities asserted by the Pérez Colón Master Claims. Accordingly, the Rivera Clemente Claim should be partially disallowed because it is duplicative of the Pérez Colón Master Claims. Failure to partially disallow the Rivera Clemente Claim could result in an unwarranted double recovery to the detriment of other stakeholders in these Title III Cases. Rivera Clemente will not be prejudiced by the partial disallowance of the Rivera Clemente Claim, because the liabilities asserted by the Rivera Clemente Claim are preserved by the Pérez Colón Master Claims.

**IV. The Luna Rios Response**

10. The Luna Rios Claim asserts liabilities in an unspecified amount purportedly arising out of the Beltrán Cintrón Litigation against the Puerto Rico Department of Family Affairs. The Beltrán Cintrón Master Claims identify Luna Rios as a plaintiff in the Beltrán Cintrón Litigation.

11. The Luna Rios Response does not address the Debtors' assertion that the Luna Rios Claim is duplicative, in part, of the Beltrán Cintrón Master Claims. Instead, it consists of a copy of a notice accompanying the Three Hundred Fifty-First Omnibus Objection, together with a

handwritten letter stating Luna Rios is "not in agreement with the determination of Commonwealth of Puerto Rico, I request [] appeal the decision . . . [and a description] in writing as to why this determination was made that I am not eligible." Luna Rios Response at 3. The Luna Rios Response, therefore, does not dispute that the liabilities asserted in the Luna Rios Claim are partially duplicative of the liabilities asserted by the Beltrán Cintrón Master Claims. Accordingly, the Luna Rios Claim should be partially disallowed because it is duplicative of the Beltrán Cintrón Master Claims. Failure to partially disallow the Luna Rios Claim could result in an unwarranted double recovery to the detriment of other stakeholders in these Title III Cases. Luna Rios will not be prejudiced by the partial disallowance of the Luna Rios Claim, because the liabilities asserted by the Luna Rios Claim are preserved by the Beltrán Cintrón Master Claims.

12. For the foregoing reasons, the Debtors respectfully request that the Court grant the Three Hundred Fifty-First Omnibus Objection and partially disallow the Claims, notwithstanding the Responses.

[*Remainder of Page Intentionally Left Blank*]

Dated: January 5, 2022
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*/s/ Brian S. Rosen*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico*