UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                             Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**NOTICE OF CORRESPONDENCE REGARDING THE THREE HUNDRED FIFTY-SEVENTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, AND PUERTO RICO SALES TAX FINANCING CORPORATION TO DUPLICATE, DEFICIENT, AND/OR NO LIABILITY BOND CLAIMS[2]**

To the Honorable United States District Judge Laura Taylor Swain:

        1.        On June 18, 2021, the Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Highways and Transportation Authority ("HTA"), and the Puerto Rico Sales Tax Financing Corporation ("COFINA," and together with the Commonwealth and HTA, the

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]     Pursuant to the Court's *Order Directing Redacted Filings* [ECF No. 19781], the Debtors hereby re-file the above-captioned notice of correspondence, originally filed on January 5, 2022 [ECF No. 19687], with exhibits redacted for personally identifiable information, where necessary.

"Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Debtors pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[3] filed the *Three Hundred Fifty-Seventh Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, Puerto Rico Highways and Transportation Authority, and the Puerto Rico Sales Tax Financing Corporation to Duplicate, Deficient, and/or No Liability Bond Claims* [ECF No. 17102] (the "Three Hundred Fifty-Seventh Omnibus Objection") to various proofs of claim.

2. The Three Hundred Fifty-Seventh Omnibus Objection seeks to disallow certain proofs of claim, each of which purports to be based, in part, on (*a*) bonds issued by COFINA, (*b*) an ownership interest in bonds issued by the Government Development Bank of Puerto Rico ("GDB"), (*c*) bond claims that are duplicative of one or more master proofs of claim filed against the Debtors on behalf of the holders of certain bonds, (*d*) bond claims that assert liabilities associated with secondarily insured bonds that are duplicative of proofs of claim filed against the Debtors on behalf of the holders of certain bonds, (*e*) claims that assert liabilities for certain bonds issued by HTA for which the Debtors are not liable, (*f*) one or more investments in mutual funds, which in turn may have invested in bonds issued by the Debtors, and/or (*g*) an ownership interest in bonds issued by the Puerto Rico Aqueducts and Sewers Authority ("PRASA") and/or the Puerto Rico Industrial, Tourist, Educational, Medical and Environmental Control Facilities Financing Authority ("AFICA"). In addition, the Three Hundred Fifty-Seventh Omnibus Objection seeks to disallow portions of certain proofs of claim because they (1) are deficient because they fail to provide sufficient information to enable the Debtors to reconcile the proofs of claim and (2) assert liabilities for purported investment losses but fail to provide sufficient information to enable the

---

[3] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

Debtors to reconcile the proofs of claim.

3. The Debtors received correspondence from Diana and Johnson Graham ("Graham"), a copy of which is attached hereto as Exhibit A (the "Graham Response"), regarding Proof of Claim No. 10607 (the "Graham Claim"), which was filed in COFINA's Title III case. The Graham Claim asserted a COFINA Bond[4] bearing CUSIP 74529JHN8 in the amount of $10,004.99. Accordingly, the Three Hundred Fifty-Seventh Omnibus Objection sought to disallow the Graham Claim because COFINA is no longer liable for liabilities associated with COFINA Bonds.

4. The Graham Response consists of a series of information request forms and an accompanying brokerage statement purporting to assert liabilities associated with bonds issued by HTA and the Puerto Rico Public Buildings Authority ("PBA"), neither of which were originally asserted in the Graham Claim. Specifically, the Graham Response asserts liabilities associated with (1) HTA bonds bearing CUSIP number 7451902T4 in an amount of $15,000, (2) HTA bonds bearing CUSIP number 745190MS4 in an amount of $10,000 (collectively, the "New HTA Bond Claims"), and (3) PBA bonds bearing CUSIP number 745235VZ1 in an amount of $25,000 (the "New PBA Bond Claims," and together with the New HTA Bonds, the "New Asserted Bond Claims").[5]

---

[4] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Three Hundred Fifty-Seventh Omnibus Objection

[5] In addition, the Graham Response makes reference to a purported ownership interest in bonds bearing CUSIP No. 267045GV8 in an amount of $25,000. Graham Response at 9. Bonds bearing CUSIP No. 267045GV8 were issued by the Duchess County Local Development Corporation in connection with the Health Quest Systems, Inc. Project in Duchess County, New York. https://emma.msrb.org/Security/Details/ADC29F58EE76D57292769B5AAB6E207AC. The Graham Response fails to state any basis as to why any of the Title III Debtors would be liable for bonds issued by Duchess County, New York. Accordingly, to the extent Graham intended to assert liabilities against COFINA arising from bonds issued by Duchess County, the Debtors respectfully request the Court disallow such portion of the Graham Claim.

3

5. The Graham Response fails to address any of the factual or legal arguments set forth in the Three Hundred Fifty-Seventh Omnibus Objection. Specifically, it does not refute that the Graham Claim should be disallowed because it seeks recovery for amounts for which COFINA is not liable because the COFINA Bonds asserted in the Graham Claim were (1) compromised and settled pursuant to the Settlement Order in COFINA's Title III Case, and (2) released and discharged in accordance with the Plan and Amended Confirmation Order in COFINA's Title III Case.

6. To the extent the Graham Response seeks to assert the New Asserted Bond Claims against COFINA, the New Asserted Bond Claims should also be disallowed because the Graham Response provides no basis for asserting the New Asserted Bond Claims against COFINA, an independent entity that is separate and apart from the Commonwealth. Further, to the extent the Graham Response seeks to assert the New Asserted Bond Claims against the Commonwealth or HTA, the New Asserted Bond Claim should also be disallowed because they are duplicative of one or more master claims filed in the Commonwealth's Title III case or HTA's Title III case on behalf of the holders of certain bonds issued by HTA and/or PBA.

7. HTA is a public corporation and instrumentality of the Commonwealth constituting a corporate and political entity independent and separate from the Commonwealth, created under Act No. 74-1965 of the Legislative Assembly of the Commonwealth ("HTA Enabling Act"). HTA is responsible for the construction, operation, and maintenance of highways and other transportation systems in the Commonwealth. *See* 9 L.P.R.A § 2002. The HTA Enabling Act authorizes HTA to issue bonds. *See* 9 L.P.R.A. §§ 2004(g), (h), (l). Pursuant thereto, HTA issued several series of bonds under two different resolutions (the "HTA Bonds"): (*i*) Resolution No. 68-18, adopted June 13, 1968 (the "1968 Resolution"), and (*ii*) Resolution No. 98-06, adopted

February 26, 1998 (the "1998 Resolution"). As of May 21, 2017, HTA's petition date, approximately $830 million in principal amount of bonds issued under the 1968 Resolution remain outstanding, and approximately $3.4 billion in principal amount of bonds issued under the 1998 Resolution remain outstanding. BNYM serves as fiscal agent with respect to the HTA Bonds.

8. On behalf of the holders of HTA Bonds, BNYM filed three master proofs of claim in the Commonwealth Title III Case (the "HTA-CW Master Claims"), each asserting a "secured, contingent and unliquidated claim against the Commonwealth on account of any and all claims, causes of action, rights, and/or remedies that the Fiscal Agent or the Owners may have against the Commonwealth arising at law or in equity . . . ." *See* Addendum to Proof of Claim No. 121053, ¶ 15; Addendum to Proof of Claim No. 120982, ¶ 15; Addendum to Proof of Claim No. 115380, ¶ 15.[6] BNYM also filed three master proofs of claim in the HTA Title III Case on behalf of the holders of HTA Bonds (collectively, the "HTA Master Claims"): Proof of Claim No. 37245, asserting on behalf of holders of bonds issued under the 1968 Resolution approximately $847 million in liabilities plus unliquidated amounts; Proof of Claim No. 38574, asserting on behalf of holders of bonds issued under the 1998 Resolution approximately $3.2 billion in liabilities plus unliquidated amounts; and Proof of Claim No. 32622, asserting on behalf of holders of subordinated bonds issued under the 1998 Resolution approximately $279 million in liabilities plus unliquidated amounts.

9. PBA purportedly issued revenue bonds to finance office buildings and other facilities leased to various departments, public agencies and instrumentalities of the Commonwealth. US Bank and US Bank Trust serve as fiscal agents (the "Fiscal Agents") for

---

[6] While BNYM initially filed three proofs of claim logged by Prime Clerk as Proofs of Claim Nos. 21286, 26541, and 35277, these were superseded and amended by Proofs of Claim Nos. 121053, 120982, and 115380.

5

certain revenue bonds issued by PBA, as identified in Footnote 3 of Proof of Claim No. 62833 (the "PBA Bonds"), and on behalf of the holders of the PBA Bonds, filed a master proof of claim in the Commonwealth Title III Case for all outstanding amounts owed (the "PBA Master Claim," and together with the HTA-CW Master Claims and the HTA Master Claims, the "Master Claims"), which was logged by Prime Clerk, LLC, as Proof of Claim No. 62833.[7] The PBA Master Claim asserts liquidated claims for approximately $4 billion in allegedly unpaid principal, $160 million in allegedly unpaid interest, and reimbursement for fees and expenses of the Fiscal Agents, in addition to unliquidated and contingent claims for any and all amounts owed "on account of any and all claims the Fiscal Agent has or may have relating to the outstanding Bond obligations, whether known or unknown against the Commonwealth and all those purporting to act on the Commonwealth's behalf . . . ." Rider to PBA Master Claim, ¶¶ 19-21.

10. The New Asserted Bonds purport to assert liabilities associated with bonds that are duplicative of one or more Master Claims which, as described above, were filed in the Commonwealth Title III Case and/or the HTA Title III Case on behalf of the holders of certain bonds issued by HTA and/or PBA. Accordingly, any failure to disallow the New Asserted Bonds will result in Graham potentially receiving an unwarranted double recovery, to the detriment of other stakeholders in these Title III Cases. Graham will not be prejudiced by the disallowance of any claim stemming from the New Asserted Bonds because the liabilities associated with the New Asserted Bonds are subsumed within the Master Claims.

11. Accordingly, the Debtors respectfully request that the Court grant the Three Hundred Fifty-Seventh Omnibus Objection and disallow the Graham Claim, notwithstanding the

---

[7] Proof of Claim No. 62833 amended and superseded Proof of Claim No. 13351, which was initially filed by the Fiscal Agents.

6

Graham Response.

Dated: January 5, 2022
      San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Commonwealth of Puerto Rico, Puerto Rico Highways and Transportation Authority, and the Puerto Rico Sales Tax Financing Corporation*

/s/ *Brian S. Rosen*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Co-Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Commonwealth of Puerto Rico, Puerto Rico Highways and Transportation Authority, and the Puerto Rico Sales Tax Financing Corporation*