**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **In re:**<br><br>**The Financial Oversight and Management Board for Puerto Rico,**<br><br>as representative of<br><br>**The Commonwealth of Puerto Rico, The Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority,**<br><br>Debtors | PROMESA Title III<br><br>No. 17 BK 3283 (LTS)<br><br>(Jointly Administered) |

**RESPONSE TO INFORMATIVE MOTION AT DOCKET 19787**

To the Honorable Court:

Comes now PFZ Properties, Inc. (hereinafter, PFZ), a creditor of the Commonwealth of Puerto Rico (hereinafter, the Debtor or the Commonwealth), by and through its undersigned counsel, and respectfully alleges and prays:

1. On January 10th, 2022, the Court had issued an ORDER REGARDING PLAN MODIFICATIONS NECESSARY TO THE ENTRY OF AN ORDER CONFIRMING PLAN OF ADJUSTMENT FOR THE COMMONWEALTH OF PUERTO Rico,

1

THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO Rico, AND THE PUERTO Rico PUBLIC BUILDINGS AUTHORITY (Docket 19721). On January 14th, 2022, Debtor filed the "MODIFIED EIGHTH AMENDED TITLE III JOINT PLAN OF ADJUSTMENT OF THE COMMONWEALTH OF PUERTO RICO, ET AL." ("The Plan") at docket 19784, and an "INFORMATIVE MOTION OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD REGARDING NONSUBSTANTIVE MODIFICATIONS TO DRAFT FINDINGS OF FACT AND CONCLUSIONS OF LAW AND CONFIRMATION ORDER" at docket 19787.

2. The Plan, the Proposed Findings of Fact and Conclusions of Law ("FFCL"), and the proposed Confirmation Order should have included modifications by Debtor to its previous plan and proposed FFCL and Confirmation Order, as ordered by the Court. PFZ believes that, regarding Eminent Domain/ Inverse Condemnation claims and its treatment, the proposed Plan and FFCL still fall short of the Court's ordered modifications.

3. Regarding the Plan, PFZ has stated (in its objection at docket 19597), that the language proposed by Debtor in the Proposed Plan, as to the treatment of Takings claims, is confusing and lends itself to unnecessary litigation. Specifically, as to the definition of Eminent Domain Proceedings, and to avoid any confusion, the whole Puerto Rico Eminent Domain Act of March 12th, 1903, as amended (32 L.P.R.A. sec. 2901 et seq.) must be considered

2

and referenced. That should be changed in paragraph 1.213 of the Plan. If the FOMB does not modify the Plan to these effects, then the FFCL (in its paragraph 66, docket 19787, at page 53 of 284) and the Order confirming should clarify it, in order to avoid unnecessary litigation in the future.

4. The last part of paragraph 76 of the Proposed Order Confirming the Plan includes language (also mentioned in paragraph 58.1 of the Plan) with certain proviso in case the FOMB successfully appeals the Confirming Order. PFZ considers such language inappropriate for both documents. On its January 10th, 2022, Order, the Court has stated that "Overruled objections and the Oversight Board's positions as to the proper scope of preemption and the proper treatment of Eminent Domain/Inverse Condemnation Claims are preserved for appeal." That makes the proviso improvident. Should an appeal be successful, the Court will have to comply with whatever mandate comes from the appellate courts.

5. In paragraph 66 of the proposed FFCL, the FOMB includes extensive mentions of the Fifth Modified Eighth Amended Plan (Docket 19568). Said Plan was modified by the Sixth Modified Eighth Amended Plan (Docket 19784) as ordered by the Court. Such modification should eliminate whatever argument or authority was mentioned in the previous version. As in the proviso mentioned

3

before, it is also improvident as the Court has preserved the FOMB's position for appeal.

WHEREFORE, PFZ respectfully requests that this Honorable Court take notice of the above, order the FOMB to further modify the Plan in accordance with PFZ's comments in this motion, and modify the proposed FFCL and Confirmation Order accordingly.

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of January 2022, I electronically filed the foregoing motion with the Clerk of the Court using the EM/ECF system, which will send a notification to all attorneys of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 18th day of January 2022.

/s/ DAVID CARRION BARALT
USDC PR 207214
Attorney for PFZ Properties
P.O. Box 364463
San Juan, P.R. 00936-4463
Tel. (787) 758-5050
E-mail: davidcarrionb@aol.com

/s/ RUSSELL A. DEL TORO
USDC PR 121302
Attorney for PFZ Properties
Cond. Condado Princess
#2 Calle Washington 304
San Juan, Puerto Rico 00907
Telephone (787) 529-6502
E-mail: rdeltoro@dtslaw.com
russell.deltoro.sosa@gmail.com

/s/ JOSE ÁNGEL REY
USDC PR 118103
Attorneys for PFZ Properties
P.O. Box 10127
San Juan, P.R. 00908-1127
Tel. (787) 396-2600
E-mail: joseangelrey46@gmail.com

4