IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF PUERTO RICO

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

In re:

The Financial Ovesight and
Management Board for Puerto Rico

   as representative of

The Commonwealth of Puerto Rico,
et al.,

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PROMESA
Title III

Case No. 17-BK-3283-LTS

Re: ECF Nos.19480,19493 & 19589

## REPLY TO THE RESPONSE OF THE COMMONWEALTH OF PUERTO RICO [1]

COMES NOW, IMO Investment S.E., Israel Santiago-Lugo, Celenia Reyes-Padilla, Jason Santiago-Rosado, Israel Santiago-Rosado, and Daniel Santiago-Rosado (hereinafter "Movants"), pro se, respectfully submit his refly to the response of the Commonwealth fo Puerto Rico, where the opposition focus only towards Israel Santiago-Lugo, and ignored the other Movants' rights in this proceedings, and a hearing would be appropriate, in fact, it is necessary.

### BACKGROUND

1) The Court should note that some informations are wrong, because the district court, in the criminal porcess, imposed at least four(4) counts of forfeiture under 18 U.S.C. §982 and 21 U.S.C. §§841(a)(1), 848(a), §853 on October 19, 2019 (Doc.3944). Nor it is true that "Mr. Santiago-Lugo's inactive corporation, were convicted of similar charges by the same jury that convicted Mr. Santiago-Lugo" (Response at 2);

### THE APPEAL

2) Neither Movants did mention "that they intent to challenge the district court's dismissal of the Dismissed action" (Response at 5). The Commonwealth interpretation is wrong;

---

[1] The court rendered an order on December 10, 2021, where the "Movants' reply papers must be filed by December 29, 2021". But the Bureau of Prisons set forth Movants in

## OBJECTION TO STAY RELIEF WITH RESPECT TO THE DISMISSED ACTION

3) First, the scope of Movants' requested stay relies is very clear, the problem is, the Commonwealth changed the word "future" and set forth "further" (Response at 6). And the same time omitted to the end of the paragraph ("without frustrating the debt-restructuring scheme set forth in PROMESA"). See, Motion at 7;

4) Now, the Commonwealth adopted the district court's decision when this is not the issue, and the district court's opinion and order, and judgment are not final yet. Here, Sonnax Factor 1 is a repetition of the district court's decision without set attention that the Movants' claims, the principal is the forfeiture counts; i.e., on October 10, 2019, the district court entered a Second Amended Judgment (Doc.3944) from the First Circuit's Judgment (Doc.3938), and Movants filed a notice of appeal on October 18, 2019 (Doc.3947) within 14 days. See, Manrique v. U.S., 137 S.Ct 1266, 1271, 197 L.Ed.2d 599 (2017)(noting that 18 U.S.C. §3742(a) and appellate Rule 4 contemplate that defendant will file the notice of appeal from an issue after the district court decided the issue). Movants have waited 26 years to file the second notice of appeal once the Second Amended Judgment was entered on the docket. See, U.S. v. Naphaeng, 906 F.3d 173, 178 (1st cir.2018)("He should have waited to file the second notice of appeal until after the amended judgment was entered on the docket"). This is not a "conclusory statement" as the Commonwealth did mention (Response at 10). Therefore, the first Sonnax factor support modifying the stay;

5) Following the second Sonnax factor, Movants have filed a notice of appeal (Doc.1193) from the district court entry of the custodial sentence (Doc.1164), which excluded the forfeiture penalty, and the Court should reject the presumption that all of his claims were adjudicated on the merits, Johnson v. Williams, 568 U.S. 289, 302, 133 S.Ct 1088, 185 L.Ed.2d 105 (2013), in which the Supreme Court explained that a judgment is rendered on the merits if it was "delivered after the court...heard

---

quarantine on December 28, 2021 to January 6, 2022, without access to the law library during this period of times.

and evaluated **the evidence** and **the parties' substantive arguments**". Id. The procedure under Rule 32.2 "are not empty formalities" and instead "serve a vital function in ensuring that a defendant has notice of a criminal forfeiture and an opportunity to challenge any forfeiture sought by the government". U.S. v. Marquez, 685 F.3d 501, 509 (5th cir.2012);

6) Here, the district court's oral pronouncement of Movants' sentences did no include forfeiture. However, forfeiture was included in the written [Second Amended] Judgment. Given the clear requirement of Rule 32.2(b)(4)(B), it is apparent on the record that the district court made a legal error by failing to announce forfeiture at sentencing. See, U.S. v. Brooks, 2020 U.S.App.LEXIS 4564 (5th cir.2020)(Per Curiam)(We vacate the sentence and remand to the district court for resetencing); U.S. v. Grebinger, 2021 U.S.App.LEXIS 32948 (2d cir.2021);

7) The fourth Sonnax factor, a specialized tribunal was established to hear the cause of action, where the appeal continue pending the last two(2) years; i.e., whther appellate delay amounted to a constitutional violation. See, U.S. v. Luciano-Mosquera, 63 F.3d 1142, 1158 (1st cir.1995); Harris v. Champion, 15 F.3d 1538, 1546-47 (10th cir.1994)(concluding that a two-year delay created a rebutable presumption of excessive delay); U.S. v. Brown, 292 Fed.Appx 252 (4th cir.2008)(Per Curiam)(An undue delay in processing an appeal may rise to the level of a due process violation). Thus, Sonnax factor 4 weighs in favor granting the Movants' motion;

8) The sixth Sonnax factor, Movants have established that "the main perty to the litigation" are federal employees, the Commonwealth only to mislead the court. In fact, we need look into a but for test. See, U.S. v. Angiulo, 897 F.2d 1169, 1213 (1st cir.1990); U.S. v. Caddeb, 965 F.3d 1, 39 (1st cir.2020). Movants contend that the district court erred in forfeiting all monies, funds, monetary instruments, and interest on an all or nothing basis under §848 from the bank accounts. The jury should have been instructed to apply a proportionality forfeiture theory to these assets and to forfeit only that percentage of the cash that actually was used to further the affairs of the CCE. Id. at 1211;

9) The jury was explicitly instructed to apply the "source of influence" forfeiture theory. See, Doc.875 p.49. It was not instructed to consider whether the cash in the bank accounts constituted an interest in the enterprise. As the First Circuit stated, "the 'source of influence' theory pertains to the forfeiture". Angiulo, 897 F.2d at 1212. Here, "the trial court failed to give a proportionality instruction with respect to the cash seized [from the bank accounts], "the court of appeals should reverse that part of the [Second Amended] Judgment forfeiting the cash [in the bak accounts] under a source of influence". Id. at 1212. Therefore, Sonnax factor 6 weighs in favor granting the Movants' motion;

10) The seventh Sonnax factor, it is undisputed, for any property to be forfeitable under this "but for" test, the properties would have to have been acquired by Movants after the Movants joined the CCE. See, Angiulo, 897 F.2d at 1213. Under 21 U.S.C. §848(c), at least three(3) predicate acts of title 21 are needed to support [Mvants]' conviction as a member of a CCE, and because [Movants]' at least three acts never did occur, [Movants] cannot be deemed to have joined the enterprise until after the properties were acquired. Therefore, the Movants' properties cannot be considered proceeds or profits of Movants' participation in the CCE, because he was not a member of the CCE until they were acquired. Id. at 1213. Accordingly, Sonnax factor 7 weighs in favor granting the Movants' motion;

11) The tenth and eleventh Sonnax factors, as previously said, Movants have been convicted and sentenced in violation of new substantive rules according the First Step Act of 2018, Richardson and Santos. "As a general principles, a court has no authority to leave in place a conviction or sentence that violates a substantive rule, regardless of whether the conviction or sentence became final before the rule was announced". Montgomery v. Louisiana, 136 S.Ct 718, 193 L.Ed.2d 599, 633 (2016). Thus, "a conviction or sentence imposed in violation of a substantive rule is not just erroneous but contrary to law, as result, void". Id. The Sonnax factors 10 and 11 weighs in favor granting the Movant's motion;

12) The Sonnax factor 12 requires balancing of the harms, the court should note

-4-

that the Preliminary Forfeiture Order which issued prior to sentencing exceeded the bound of 21 U.S.C. §853, that it was improperly calculated in light of U.S. v. Helderman, 402 F.3d 220, 223 (1st cir.2005), and U.S. v. Jose, 499 F.3d 105, 111 (1st cir.2007), and it violated the Excessive Fines Clause of the Eighth Amendment. See, U.S. v. Levesque, 546 F.3d 78 (1st cir.2008). "The Excessive Fines Clause limits the government's power to extract payments, whether in cash or in kind, 'as punishment for some offense'". Austin v. U.S., 509 U.S.602, 609-10, 113 S.Ct 2801, 125 L.Ed.2d 488 (1993). As the First Circuit stated in Jose, "this test is not the end of the inquiry under Excessive Fines Clause. Beyond the three factors described in Helderman, a court should also consider whether forfeiture would deprive the defendant of his livelihood". Jose, 499 F.3d at 113; See also Bajakajian, 524 U.S. at 340 n.15 (treating as distinct the question of whether a forfeiture would deprive a defendant of his livelihood);

13) Instead, an evidentiary hearing was necessary to calculate the forfeiture amount, "the great object" of this provision was that "[i]n no case could the offender be pushed absolutely to the wall: his means of livelihood must be saved to him". Levesque, 546 F.3d at 84. Here, "the purpose of imposing a forfeiture as a money judgment order in the same way that a successful plaintiff collects a money judgment from a civil defendant". Levesque, 546 F.3d at 85. Thus, the $6,000,000.00 Preliminary Forfeiture Order is invalid because it was specifically premised upon the conspiracy charge, that charge was vacated (Doc.3944), since the double jeopardy bars prosecution of the underlying substantive charge, it also bars prosecution of the forfeiture charges. See, U.S. v. Currence, 2020 U.S.Dist.LEXIS 198651 (E.D. Va. 2020)(The court concluded that "in vacating count two, the court also vacates the special assessment, supevised release, and other penalties associated with count two"); U.S. v. Witting, 575 F.3d 1085, 1094 (10th cir.2009)(Because no convictions remained by this point to support the forfeiture count, we reversed it as well). Thus, on balance, Sonnax factor 12 weighs in favor granting the Movants' motion.

CONCLUSION

For the foregoing reasons, Movants respectfully requests that the Court grant totally the Movants' motion to modification of the Title III stay, as detailed in the motion, deny Commonwealth's proposed order, a dn a hearing should be considered.

Date: January 7, 2022

Respectfully Submitted,

_____
IMO Investment S.E.
Israel Santiago-Lugo
WP: UCC 1-207(or 308)
Pro Se
U.S.M. # 10947-069
FCI Talladega
P.M.B. 1000
Talladega, AL 35160

_____
Celenia Reyes-Padilla
Pro Se
Res. Virgilio Davila
Edf.15 Apt. 160
Bayamon, P.R. 00961

_____
Jason Santiago-Rosado
Pro Se

_____
Israel Santiago-Rosado
Pro Se

_____
Daniel Santiago-Rosado
Pro Se
1648 Peregrine Falcons Way
Apt- 201
Orlando, FL 32837

CERTIFICATE OF SERVICE

We hereby certify that a true and correct copy of foregoing was mailed to:

Hermann D. Bauer
O'Neill & Borges LLC
250 Munoz Rivera Ave.,
Suite 800
San Juan, P.R. 00918

Sucana L. Panagaricano Brown
Deputy Secretari in Litigation
Department of Justice
P.O. Box 9020192
San Juan, P.R. 00901-0192

Marini Pietrantoni Muniz LLC
250 Ponce de Leon Ave.,
Suite 900
San Juan, P.R. 00918

In Talladega, Alabama, this 7 day of January, 2022.

_____
IMO Investment S.E.
Israel Santiago-Lugo
WP: UCC 1-207(or 308)
Pro Se

_____
Celenia Reyes-Padilla
Pro Se

_____
Jason Santiago-Rosado
Pro Se

_____
Israel Santiago-Rosado
Pro Se

_____
Daniel Santiago-Rosado
Pro Se