## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**Re: ECF Nos. 19523, 19839**<br><br>(Jointly Administered) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Movants,<br><br>-against-<br><br>RICOH PUERTO RICO INC., ORLANDO SANTIAGO AMADOR, AND FISA SE,<br><br>Respondents. | |

## SECOND URGENT CONSENSUAL MOTION FOR
## EXTENSION OF DEADLINES AND ADJOURNMENT OF HEARING

---

[1]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Building Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS).  (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Court Judge Laura Taylor Swain:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA" and, collectively with the Commonwealth and ERS, the "Debtors"), pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submits this second urgent consensual motion for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), extending the deadlines and adjourning the hearing scheduled in the *Order Granting Urgent Consensual Motion for Extension of Response Deadline* [ECF No. 19839] (the "Extension Order"), and states as follows:

### Request for Relief

1.     On November 21, 2021, the Oversight Board filed the *Second Amended Plan Supplement and Plan Related Documents of the Commonwealth of Puerto Rico, et al.* [Case No. 17-BK-3283-LTS, ECF No. 19326] (the "Second Amended Plan Supplement").[3]  Attached to the Second Amended Plan Supplement as Exhibit E is a schedule of Executory Contracts and Unexpired Leases (the "Schedule").  Pursuant to Section 76.1 of the Plan, the Debtors intend to assume, as of the Effective Date of the Plan, the Executory Contracts and Unexpired Leases listed in the Schedule.

---

[2]     PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3]     All capitalized terms used but not otherwise defined herein shall have the meanings given to them in the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.,* dated January 14, 2022 [Case No. 17-BK-3283-LTS, ECF No. 19784] (as may be amended, modified, or supplemented, the "Plan") or the Original Notice (as defined below), as applicable.

2.        On November 23, 2021, the Oversight Board filed the *Notice of Executory Contracts and Unexpired Leases to be Assumed Pursuant to Title III Plan of Adjustment* [Case No. 17-BK-3283-LTS, ECF No. 19353; Case No. 19-BK-05523-LTS, ECF No. 244; Case No. 17-BK-03566-LTS, ECF No. 1272] (the "Original Notice"), which provided that the deadline for parties in interest to object to the proposed Cure Costs or the assumption of the Executory Contracts or Unexpired Leases was December 13, 2021, at 5:00 p.m. (prevailing Atlantic Standard Time) (the "Original Objection Deadline").

3.        On December 12, 2021, Ricoh Puerto Rico Inc. (the "First Cure Amount Objector") filed the *Ricoh Puerto Rico Inc.'s Motion Objecting Docket No. 19353 and Informing Cure Amounts for Executory Contracts or Unexpired Leases to be Assumed Pursuant to Title III Plan of Adjustment* [ECF No. 19498] (the "First Cure Amount Objection").

4.        On December 13, 2021, Orlando Santiago Amador (the "Second Cure Amount Objector") filed the *Motion Objecting Docket No. 19353 and Informing Cure Amounts for Executory Contracts or Unexpired Leases to be Assumed with Servicentro Ciales, Inc. Pursuant to Title III Plan Of Adjustment* [ECF No. 19501] (the "Second Cure Amount Objection"), and FISA SE (the "Third Cure Amount Objector," and, together with the First Cure Amount Objector and the Second Cure Amount Objector, the "Cure Amount Objectors") filed the *Objection to Cure Amount* [ECF No. 19505] (the "Third Cure Amount Objection," and, together with the First Cure Amount Objection and Second Cure Amount Objection, the "Cure Amount Objections").[4]

---

[4]    On December 21, 2021, the Oversight Board also filed the *Supplemental Notice Regarding Limited Extension of Time to Object to Executory Contracts and Unexpired Leases to be Assumed Pursuant to Title III Plan of Adjustment* (the "Supplemental Notice") [ECF No. 19585], to extend the Original Objection Deadline solely for certain counterparties to the Executory Contracts and Unexpired Leases listed on the schedule attached thereto as Exhibit A to January 10, 2022, at 5:00 p.m. (Atlantic Standard Time) (the "Extended Objection Deadline"). No objections were filed by the Extended Objection Deadline with respect to such Executory Contracts and Unexpired Leases.

5.      On December 15, 2021, the Court entered the *Order Scheduling Hearing on Objection to Proposed Cure Amounts* [ECF No. 19523], which set the date of a hearing for the Court to consider the Cure Amount Objections (the "Hearing") for the February 2, 2022 omnibus hearing and the deadline for replies to the Cure Amount Objections (the "Reply Deadline"), if any, for January 19, 2022, at 5:00 p.m. (Atlantic Standard Time).

6.      On January 18, 2022, the Oversight Board filed the *Urgent Consensual Motion for Extension of Response Deadline* [ECF No. 19811], requesting an extension of the Reply Deadline.

7.      On January 20, 2022, the Court entered the Extension Order, which extended the Reply Deadline to January 26, 2022, at 5:00 p.m. (Atlantic Standard Time).

8.      The Oversight Board is continuing the process of investigating and evaluating the claims as set forth in the Cure Amount Objections to seek a consensual resolution, if possible. This process, however, remains ongoing, as the Oversight Board is still consulting with the Commonwealth and its agencies for their input and necessary information, or is otherwise waiting to receive additional requested information from the objectors. Accordingly, the Oversight Board respectfully requests an (a) extension of the Reply Deadline from January 26, 2022 to **February 9, 2022 at 5:00 p.m. (Atlantic Standard Time)** and (b) adjournment of the Hearing from February 2, 2022 to **the end of the February 16, 2022 omnibus claim objections hearing**, or as soon thereafter as the parties may be heard. Adjourning the Hearing to the February 16, 2022 claims related hearing will allow the Cure Amount Objections to be addressed prior to the occurrence of the Effective Date of the Plan, which is projected to occur on or before March 15, 2022.

9.      Pursuant to Paragraph 1.H of the *Fifteenth Amended Notice, Case Management and Administrative Procedures* [ECF No. 17127-1] (the "Case Management Procedures"), the Oversight Board hereby certifies that it has carefully examined the matter and concluded that there

4

is a true need for an urgent motion; it has not created the urgency through any lack of due diligence; has made a bona fide effort to resolve the matter; has made reasonable, good-faith communications in an effort to resolve or narrow the issues that are being brought to the Court, and the Cure Amount Objectors consent to the relief requested herein.

## Notice

10.    The Oversight Board has provided notice of this motion in accordance with the Case Management Procedures to the following parties: (a) the Office of the United States Trustee for the District of Puerto Rico; (b) the indenture trustees and/or agents, as applicable, for the Debtors' bonds; (c) the entities on the list of creditors holding the 20 largest unsecured claims against COFINA; (d) counsel to the statutory committees appointed in these Title III cases; (e) the Office of the United States Attorney for the District of Puerto Rico; (f) counsel to the Oversight Board; (g) the Puerto Rico Department of Justice; (h) the Other Interested Parties;[5] (i) all parties filing a notice of appearance in these Title III cases; and (j) the Cure Amount Objectors. A copy of the motion is also available at https://cases.primeclerk.com/puertorico/.

11.    The Oversight Board submits that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank]*

---

[5]    The "Other Interested Parties" include the following: (i) counsel to certain of the insurers and trustees of the bonds issued or guaranteed by the Debtors; and (ii) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors.

**WHEREFORE**, the Oversight Board requests the Court enter the Proposed Order and grant such other relief as is just and proper.

Dated: January 25, 2022
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Brian S. Rosen*

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

*/s/ Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

## Exhibit A

**Proposed Order**

# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## ORDER GRANTING THE SECOND
## URGENT CONSENSUAL MOTION FOR
## EXTENSION OF DEADLINES AND ADJOURNMENT OF HEARING

Upon the *Second Urgent Consensual Motion for Extension of Deadlines and Adjournment of Hearing* (ECF No. [    ], the "Second Extension Motion");[2] and the Court having found that the relief requested in the Second Extension Motion is in the best interests of the Oversight Board and the Cure Amount Objectors; and the Court having found that the Oversight Board provided adequate and appropriate notice of the Second Extension Motion under the circumstances and that no other or further notice is required; and the Court having reviewed the Second Extension Motion; and the Court having determined that the factual bases set forth in the Second Extension Motion

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Building Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Second Extension Motion.

establish just cause for the relief granted herein; and after due deliberation and sufficient cause

appearing therefor, it is **HEREBY ORDERED THAT**:

1.     The Second Extension Motion is granted as set forth herein.

2.     Replies to the Cure Amount Objections, if any, must be filed by **February 9, 2022**, at **5:00 p.m. (Atlantic Standard Time)**.

3.     The Cure Amount Objections will be heard at the end of the February 16, 2022 omnibus claim objections hearing.

4.     This Order resolves Docket Entry No. [     ] in Case No. 17-13283.


        SO ORDERED.

Dated: [          ], 2022


                              _____
                              LAURA TAYLOR SWAIN
                              United States District Judge

2