# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                         Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                         Debtor. | PROMESA<br>Title III<br><br>Case No. 17-BK-4780-LTS |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as representative of PUERTO RICO ELECTRIC POWER AUTHORITY, and PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY,<br><br>                         Movants,<br><br>            v.<br><br>OFFICIAL COMMITTEE OF UNSECURED CREDITORS,<br><br>                         Respondent. | **This Court Filing Relates Only to Case No. 17-BK-4780-LTS**<br><br>**Re: ECF Nos. 2691, 2692, 2693** |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**REPLY TO COMMITTEE RESPONSE TO
JANUARY STATUS REPORT OF THE GOVERNMENT PARTIES
REGARDING COVID-19 PANDEMIC AND 9019 MOTION**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Oversight Board[2] respectfully submits this reply to the *Official Committee of Unsecured Creditors' Response to Status Report of Government Parties Regarding COVID-19 Pandemic and the 9019 Motion* [ECF No. 2692] (the "Response") filed by the Official Committee of Unsecured Creditors (the "Committee"), regarding the January 19, 2022 Status Report, and respectfully aver as follows:

**REPLY**

1. The Response is a further attempt by the Committee to terminate the Government Parties' pending settlement of over $8 billion of bond claims. The Response incorporates the Committee's prior arguments and is almost entirely devoid of any new reasoning to oppose the continued adjournment of the 9019 Motion. The Response (i) fails to address the Oversight Board's report that the RSA's consideration has had to be delayed because it is dependent on factors outside the Oversight Board's control, principally the Puerto Rico political process; (2) fails to indicate any prejudice to it from continued adjournment of the 9019 Motion; and (3) fails to explain why the status reports are not a proper procedural means for continuing to hold the Government Parties' 9019 Motion in abeyance.

2. The RSA would produce tremendous benefits. It would eliminate PREPA's liability for bond debt, eliminate default risk, and eliminate onerous remedies. It would do this by creating a new entity outside PREPA that would receive a narrow slice of power revenues and

---

[2] Capitalized terms used but not defined herein shall have the meaning given them in the *Status Report of the Government Parties Regarding the Covid-19 Pandemic and the 9019 Motion* [ECF No. 2691] (the "January 19, 2022 Status Report").

2

have sole responsibility to pay the debt. As such, the Oversight Board desires to preserve the RSA if it can be implemented. Thus, to restate the Oversight Board's update as clearly stated in the Status Report: the Oversight Board would move forward with the RSA to the extent feasible under current circumstances. The RSA requires legislation the Oversight Board is trying to move forward with the Puerto Rico Legislature. Specifically, the Oversight Board met with leadership of the Puerto Rico House of Representatives (the "House") at the beginning of the current session to discuss the necessary legislation. It was told the Legislature is now dealing with various measures to implement the Commonwealth's plan of adjustment. Accordingly, the Oversight Board will re-engage with the House leaders, and make the case for the required legislation, once this process is finished. The Oversight Board has a draft of the required legislation ready to be provided to the Legislature if and when the Legislature decides to pick the issue up. The success of these efforts, however, is largely outside the control of the Oversight Board.

3. Because the required legislation will impact whether the RSA parties can move forward with the settlement on its current terms, the Oversight Board will assess the feasibility of implementing the RSA based on the result of its discussions with the Legislature. As stated in the January 19, 2022 Status Report, "[i]n the event necessary legislation is not enacted to implement the RSA, the Government Parties will evaluate alternatives without new legislation." ¶8. The Oversight Board is focused on the RSA rather than alternative scenarios that may result in less favorable terms to PREPA, Bondholders and customers. The Oversight Board believes allowing the legislative process to play out is imperative to this preferred outcome, even if it takes more time than all parties initially hoped.

4. Additionally, the Committee remains unprejudiced by maintaining the status quo because the legal status of their claims is unchanged by adjournment of the 9019 Motion.[3] The Court has already determined the Committee will not be prejudiced regardless of the outcome of the 9019 Motion.[4] Accordingly, the Committee's claim that adjournment of the 9019 Motion is an "ongoing deprivation of the Committee's statutory right to prosecute its objection to the PREPA Bondholders' claims" rings hollow. Response ¶1. The extent (if any) and validity of the Committee's claims remain preserved and identical to its claims prior to adjournment. In contrast, the Oversight Board has reiterated it intends to file a plan of adjustment for PREPA by the end of March 2022 (subject to circumstances beyond its control). January 19, 2022 Status Report ¶8. Moreover, the 9019 Motion does not seek approval of the RSA, but rather approval of certain settlements of claims. While a consensual restructuring with bondholders remains possible, it should not be scuttled. There is no justification for terminating the 9019 Motion while the Committee's rights (if any) are preserved and can be addressed at the appropriate time.

5. Finally, the Committee incorrectly states the status report is not a vehicle to continue to hold the Government Parties' 9019 Motion in abeyance. Scheduling is totally within the Court's discretion and does not require motion practice. That the Court wants to be advised of situational updates before exercising its scheduling discretion is logical and appropriate. Also, the

---

[3] The Oversight Board reiterates its support for the continued state of the Rule 9019 Motion for all the reasons stated in its previous responses to the Committee's attempts to terminate the stay. *See, e.g.*, ECF Nos. 2241 and 2492.

[4] *See Order Denying the Official Committee of Unsecured Creditors' Motion to Terminate Rule 9019 Motion* [ECF No. 2287] (the "Order Denying Motion to Terminate") at 3–4 ("Nor is the UCC currently prejudiced by the continued adjournment of the PREPA 9019 Motion, which will not persist indefinitely, as the 9019 Motion will proceed in its current form or as amended, or it will be withdrawn. If the PREPA 9019 Motion goes forward, with or without amendments, the UCC's issues with respect to the propriety of the settlement of the secured status claims of the bondholders can be raised in connection with the Court's consideration of the proposed settlement. If the PREPA 9019 Motion is ultimately withdrawn and the Oversight Board continues to oppose litigation of an objection to the secured status claims, the Court will have the opportunity to consider the question of whether such litigation may go forward. Thus, under any outcome, the adjournments will not have compromised any rights of the UCC.").

9019 Motion is also stayed based on a motion of the Government Parties to which the Committee did not object.[5] In the January 19, 2022 Status Report, the Oversight Board simply asked that its own motion be further continued. The Committee is exalting form over substance. It could have filed a motion to compel the Oversight Board to go forward, but instead it responded to a status report. It contradicts its own procedure by insisting on a motion by the Board. For now, the Government Parties' request for more time for the political system in Puerto Rico to play out is proper, and the Committee has not provided any reason to alter the current trajectory of PREPA's restructuring. Accordingly, the Oversight Board respectfully requests that the 9019 Motion continue to be adjourned and that it be allowed to provide another status report on or before March 31, 2022.

[*Remainder of Page Intentionally Left Blank*]

---

[5] *Urgent Joint Motion of the Government Parties to Adjourn all Deadlines Applicable to the Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(a)(1) and 9019 for Order Approving Settlements Embodied in the Restructuring Support Agreement [ECF No. 1235]*, [ECF No. 1947].

| | |
|---|---|
| Dated: January 27, 2022<br>San Juan, Puerto Rico | Respectfully submitted, |

**PROSKAUER ROSE LLP**

*/s/ Martin J. Bienenstock*

Martin J. Bienenstock (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Daniel S. Desatnik (*pro hac vice*)
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

**O'NEILL & BORGES LLC**

*/s/ Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

By: */s/ Hermann D. Bauer*
Hermann D. Bauer