Raymond L. Bodnar, Esq.

Bodnar Trust U/A dated 12/28/2001

17008 SW Sapri Way

Port St Lucie FL 34986

908-752-5233

rbodnarpa@aol.com

United States District Court

For the District of Puerto Rico

In Re PROMESA

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND | : Title III |
| MANAGEMENT BOARD FOR PUERTO RICO | : NO 17 BK 3283-LTS |
| As Representative of | : Motion for |
| THE COMMONWEALTH OF PUERTO | : Reconsideration of the |
| Et al. | Order on January 20, 2022 Hearing |
| Debtors | : As to Claim 6850 |

THREE HUNDRED FIFTH-FIFTH OMNIBUS OBJECTION OF THE COMMONWEALTH OF PUERTO RICO AND THE PUERTO RICO HIGHWAY AND TRANSPORTATION AUHORITY FOR PETITIONER; S MOTION TO DISSALOW CLAIM NO 6850

Raymond L. Bodnar, as an attorney of the State of New Jersey and legal counsel for the Respondent hereby submits this motion for reconsideration as to any Order rendered by the Court on the hearing date, January 20, 2022 for the disallowance of our claim No 6850 for the following reasons:

1.Debtor filed notice of hearing, which arrive at my office on January 22, 2022, thereby not providing legal counsel ample notice to file a request for an

l

adjournment or participate in the hearing scheduled at 11:30am on January 20, 2022. (See attached Affidavit).

2.In addition, our previously filed objection did assert that Bank of New York Mellon did not recognize our Puerto Rico HTA Bond Cuspid No 745190R67.

Debtor for claim of disallowance merely asserts that Bank of New York Mellon under its Master Claim No 38574 with Bond Cuspid No 745190ZR2 represents our bond without any documentary evidence supporting their assertion, including no verification from Bank of New York Mellon. (See attached Affidavit)

3.Our office has attempted to obtain written verification from Bank of New York Mellon on several occasions through several different means for such verification or denial without success. (See attached Affidavit)

4. Disallowance of our Claim No 6850 by the unverified allegation of the Debtor's attorney combined with the current denial by Bank of New York Mellon, as to our Bond with any Court order to disallow our Claim No 6840 by the unverified allegations of Debtor's attorney will automatically render our Bond and Claim virtually unprotected during the Bankruptcy Proceeds.

5. Debtor's attorney with knowledge that Bank of New York Mellon previously did not recognize our Bond had an obligation to this Court to obtain

2

written verification from Bank of New York Mellon to support their unverified allegation for disallowance of our Claim No 6850.

Based upon the foregoing Respondent hereby submits this motion not to disallow our claim No 6850 until Respondent or Debtor obtain a verification or denial from Bank of New York Mellon of a duplicate claim under its Master Claim No 38574.

Dated 1/25/2022

Raymond L. Bodnar, Esq.

Bodnar Trust U/A dated 12/28/2001

Certification of Raymond L. Bodnar Esq.

Raymond L. Bodnar hereby certifies and affirms that the foregoing information is true. I am aware that if such information is willfully false, I am subject o punishment.

Dated: 1/25/2022

Raymond L. Bodnar, Esq.

Certification of service

I, Raymond L. Bodnar, hereby certify and affirm that these pleadings were served upon (a) Clerk's Office US District Court for District of Puerto Rico. (b) Council for Oversight Board – Proshauer Rose LLP and ( c) Counsel for Creditor's Committee

3

Paul Hastings LLP by ordinary mail on January 24, 20211 with ample postage

prepaid for deliver to the foregoing.

Dared: 1/25/2022

Raymond L. Bodnar, Esq.

Bodnar Trust U/A dated 12/28/2001