UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                                  Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth and ERS.** |

**REPLY OF THE COMMONWEALTH OF PUERTO RICO AND THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO THE RESPONSE FILED BY HECTOR M. VILLALONGO ORTIZ [ECF NO. 18137] TO THE THREE HUNDRED SIXTY-FIRST OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO DEFICIENT CLAIMS WITH RESPECT TO WHICH DEFICIENT MAILING RESPONSES WERE RECEIVED**

**To the Honorable United States District Judge Laura Taylor Swain:**

The Commonwealth of Puerto Rico (the "Commonwealth") and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the Commonwealth, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Debtors pursuant

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] file this reply (the "Reply") to the response [ECF No. 18137] (the "Villalongo Ortiz Response") filed by claimant Hector M. Villalongo Ortiz ("Villalongo Ortiz") to the *Three Hundred Sixty-First Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Deficient Claims for Which Deficient Mailing Responses Were Received* [ECF No. 17921] (the "Three Hundred Sixty-First Omnibus Objection"). In support of this Reply, the Debtors respectfully represent as follows:

1. On August 20, 2021 the Debtors filed the Three Hundred Sixty-First Omnibus Objection seeking to disallow each of the proof of claims listed on Exhibit A thereto (collectively, the "Deficient Claims"). Each of the Deficient Claims failed to comply with the applicable rules for filing a claim by not providing a basis for asserting the claim against the Commonwealth, ERS or any other Title III Debtor. As set forth in the Three Hundred Sixty-First Omnibus Objection, each of the Deficient Claims purports to be based on obligations owed to the applicable claimant by the Commonwealth or ERS, but either (i) fails to provide any information identifying the nature or source of the obligations or explaining why the Commonwealth, ERS, or any other Title III Debtor is liable to the claimant, or (ii) identifies the nature or source of the obligation, but fails to explain how the Commonwealth, ERS, or any other Title III Debtor is liable to the claimant. Because of this failure to comply with the applicable rules, neither the Debtors nor the Court are able to determine the validity of the Deficient Claims. Further, all of the claimants subject to the Three Hundred Sixty-First Omnibus Objection were sent and responded to Mailings[3] sent by the

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.
[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Three Hundred Sixty-First Omnibus Objection.

Debtors, but their responses (collectively, the "Returned Deficient Mailings") still failed to provide the Debtors with the information necessary to reconcile the Deficient Claims. In each instance, the Returned Deficient Mailings omitted information necessary to ascertain the basis of their claims.

2. Any party who disputed the Three Hundred Sixty-First Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on September 20, 2021 in accordance with the Court-approved notice attached to the Three Hundred Sixty-First Omnibus Objection as Exhibit C, which was served in English and Spanish on the individual creditors subject to the Omnibus Objections, the U.S. Trustee, and the Master Service List (as defined in the *Fifteenth Amended Notice, Case Management and Administrative Procedures* [ECF No. 17127-1]). *See Certificate of Service* [ECF No. 17989].

3. Villalongo Ortiz filed a claim on March 12, 2018, which was logged by Prime Clerk as Proof of Claim No. 2221 (the "Villalongo Ortiz Claim"). The Villalongo Ortiz Claim identified the "municipal government of San Juan" as the entity against which Villalongo Ortiz purported to assert a claim. The Villalongo Ortiz Claim did not provide any other details regarding the nature or basis of the claim, or the amount of liabilities asserted. In response to a Mailing sent by the Debtors, Villalongo Ortiz stated that the basis of the claim was for an "accident I had at work" while employed working at "sanitation." Villalongo Ortiz's returned Mailing response further alleges that the claim is based on a pending legal action with an unpaid judgment, but does not provide the name, case number, or court or body where the legal action is taking place.

4. The Villalongo Ortiz Response was filed with the Court on September 15, 2021 and docketed as ECF No. 18137 on September 16, 2021. The Villalongo Ortiz Response still

3

does not provide information sufficient for the Debtors to understand the nature or basis of the Villalongo Ortiz Claim. Rather, it again states that the claim arises out of a pending legal action with an unpaid legal judgment; however, the only case number provided in the Villalongo Ortiz Response is the case number for the Commonwealth's Title III Case. Further, the Villalongo Ortiz Response identifies the title or caption of the litigation as "Promesa Title III," and states that his claim is asserted against the Oversight Board.

5. Accordingly, because the Response still does not provide sufficient information for the Debtors or the Court to reconcile the Villalongo Ortiz Claim, the Debtors respectfully request that the Villalongo Ortiz Claim be disallowed in its entirety.

Dated: February 2, 2022  
San Juan, Puerto Rico

Respectfully submitted,

*/s/ Hermann D. Bauer*  
Hermann D. Bauer  
USDC No. 215205  
Carla García Benítez  
USDC No. 203708  
**O'NEILL & BORGES LLC**  
250 Muñoz Rivera Ave., Suite 800  
San Juan, PR 00918-1813  
Tel: (787) 764-8181  
Fax: (787) 753-8944  

*/s/ Brian S. Rosen*  
Martin J. Bienenstock (*pro hac vice*)  
Brian S. Rosen (*pro hac vice*)  
**PROSKAUER ROSE LLP**  
Eleven Times Square  
New York, NY 10036  
Tel: (212) 969-3000  
Fax: (212) 969-2900  

*Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico*