**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                                Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth, HTA and ERS.** |

**REPLY OF THE COMMONWEALTH OF PUERTO RICO, THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, AND THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO RESPONSE FILED BY CLAIMANT MAIRA FELICIANO ROSADO [ECF NO. 18290] TO THE THREE HUNDRED SIXTY-SECOND OMNIBUS OBJECTION (SUBSTANTIVE) TO MISCLASSIFIED CLAIMS**

To the Honorable United States District Court Judge Laura Taylor Swain:

      The Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Highways and Transportation Authority ("HTA"), and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the Commonwealth and HTA,

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative of the Commonwealth pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] file this reply (the "Reply") to the response titled "Reply" [ECF No. 18290] (the "Feliciano Rosado Response") filed by Maira Feliciano Rosado ("Feliciano Rosado"), and in support of the *Three Hundred Sixty-Second Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Misclassified* [ECF No. 17927] (the "Three Hundred Sixty-Second Omnibus Objection"), and in support of the Reply, respectfully state as follows:

1. On August 20, 2021, the Debtors filed the Three Hundred Sixty-Second Omnibus Objection seeking to reclassify claims which incorrectly or improperly assert that they are entitled to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9), each as listed on Exhibit A thereto (the "Claims to Be Reclassified"). Specifically, as set forth in the Three Hundred Sixty-Second Omnibus Objection, each of the Claims to Be Reclassified incorrectly or improperly assert that they are secured and/or that they are entitled to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9). However, upon review of the Claims to Be Reclassified and the Debtors' books and records, the Debtors have concluded that the Claims to Be Reclassified are not entitled to either administrative expense priority or secured status, and should appropriately be classified as general unsecured claims.

2. Any party who disputed the Three Hundred Sixty-Second Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on September 20, 2021, in accordance with the Court-approved notices attached to the Three Hundred Sixty-Second Omnibus

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

2

Objection as Exhibit C, which were served in English and Spanish on the individual creditors subject to the Three Hundred Sixty-Second Omnibus Objection, the U.S. Trustee, and the Master Service List (as defined in the *Fifteenth Amended Case Management Procedures* [ECF No. 17127-1]). *See Certificate of Service* [ECF No. 17989].

3. Maira Feliciano Rosado ("Feliciano Rosado") filed a proof of claim against the Commonwealth on May 3, 2018, and it was logged by Prime Clerk as Proof of Claim No. 10547 (the "Feliciano Rosado Claim"). The Feliciano Rosado Claim asserts liabilities in an unspecified amount associated with a dispute between Feliciano Rosado and both the Federación de Maestros and the Asociación de Maestros de Puerto Rico regarding the payment of monthly dues to both organizations. The Feliciano Rosado Claim further asserts that it is secured and entitled to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9). As set forth in the Three Hundred Sixty-Second Omnibus Objection, only creditors who sold goods to the Debtors within twenty (20) days of commencement of the Debtors' Title III Cases[3] are entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9).

4. On September 28, 2021, Feliciano Rosado filed the Feliciano Rosado Response.[4] Therein, Feliciano Rosado contends that the Three Hundred Sixty-Second Omnibus Objection

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Three Hundred Forty-Fifth Omnibus Objection.

[4] In addition to filing the Feliciano Rosado Response, Feliciano Rosado mailed to Prime Clerk an envelope containing various items, including two copies of the Feliciano Rosado Response, medical records, payroll information (which include unredacted social security numbers and other personally identifying information), and correspondence regarding the allegedly illegal withholding of union dues. Given the sensitive nature of the additional documentation provided, and the fact that such documentation was not included with the Feliciano Rosado Response filed on the docket, the Oversight Board has not attached the additional documents to this Reply. Should the Court request it, however, the Oversight Board will file the additional documents with appropriate redactions.

seeks "[i]n effect, [a] determination [which] establishes that the petitioner failed to demonstrate that [her] claim justifies the awarding of a remedy." Response at 1-2. The Feliciano Rosado Response further states that, "[i]n terms of strict justice, this case is atypical, given that it presents new modalities of consumer sales by way of acts constituting organized crime activity, which grievously violate the Racketeer Influenced and Corrupt Organization Act," originating from her "seeking repayment of . . . illegally paid fees" to the Teachers Association of Puerto Rico. *Id.* at 2-3. In addition, the Feliciano Rosado Response further states that, as a result of an opinion issued by the Commonwealth court, the Asociación de Maestros de Puerto Rico and the Federación de Maestros were liable for charging fees to teachers who had expressed that they did not wish to be represented by the two unions, but that she has been unsuccessful in recovering for her alleged overpayments because her employment status was wrongly categorized.[5] *Id.* at 3.

5. The Three Hundred Sixty-Second Omnibus Objection seeks only to reclassify the Feliciano Rosado Claim as a general unsecured claim, because the Feliciano Rosado Claim incorrectly asserts entitlement to secured status and administrative expense priority pursuant to 11 U.S.C. § 503(b)(9). It does not purport to address the merits of the Feliciano Rosado Claim. The Feliciano Rosado Response does not dispute that the Feliciano Rosado Claim is not entitled to secured status or administrative expense priority. Accordingly, the Feliciano Rosado Claim should be reclassified as a general unsecured claim. The Debtors reserve the right to object to the Feliciano Rosado Claim on any other basis whatsoever.

---

[5] The Feliciano Rosado Response also includes accusations of alleged government corruption, forced kidnapping, and child trafficking, including an alleged conspiracy by local authorities to terminate her parental rights. It includes a request for this Court to reunite Feliciano Rosado with her son. The Reply makes no response to these allegations and requests as they are unrelated to the narrow question of how the Feliciano Rosado Claim should be classified.

6. Accordingly, because Feliciano Rosado has not provided a basis for asserting the claim is entitled to administrative expense priority, the Debtors respectfully request the Claim be reclassified as a general unsecured claim.

Dated: February 2, 2022
       San Juan, Puerto Rico

Respectfully submitted,

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García-Benítez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*/s/ Brian S. Rosen*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative for the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico*