UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>      as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                              Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to ERS.** |

**REPLY OF THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO RESPONSES FILED BY MARIA FRANCO SOTO [ECF NO. 18209] AND SONIA N. LÓPEZ BÁEZ [ECF NO. 18875] TO THE THREE HUNDRED SIXTY-SEVENTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO EMPLOYMENT-RELATED CLAIMS ASSERTED AGAINST THE INCORRECT DEBTOR**

**To the Honorable United States District Judge Laura Taylor Swain:**

The Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS" or the "Debtor"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Debtor pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act*

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

("PROMESA"),[2] files this reply (the "Reply") in support of the *Three Hundred Sixty-Seventh Omnibus Objection (Non-Substantive) of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Employment-Related Claims Asserted Against the Incorrect Debtor* [ECF No. 17933] (the "Three Hundred Sixty-Seventh Omnibus Objection"). In support of this Reply, the Debtor respectfully represents as follows:

1. On August 20, 2021, the Debtor filed the Three Hundred Sixty-Seventh Omnibus Objection seeking to reclassify the claims identified in the column titled "Asserted" in Exhibit A thereto (collectively, the "Claims to Be Reclassified"), which identify as obligor ERS, when such claims are properly asserted, if it all, against the Commonwealth of Puerto Rico (the "Commonwealth"). As explained in the Three Hundred Sixty-Seventh Omnibus Objection, pursuant to Joint Resolution 188 [3] and Act 106 (collectively, the "Legislation"), the Commonwealth assumed any obligation to make payments to pensioners or other beneficiaries of ERS. Accordingly, any claims asserting an entitlement to pension or other benefits by individuals previously participating in ERS properly lie against the Commonwealth or its component agencies. Certain claims subject to the Three Hundred Sixty-Seventh Omnibus Objection also asserted entitlement to salaries, wage benefits, or alleged employment discrimination purportedly owed by the Commonwealth or its component agencies. Such claims are also properly asserted, if at all, against the Commonwealth, and not ERS.

2. Any party who disputed the Three Hundred Sixty-Seventh Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on September 20, 2021 in accordance with the Court-approved notice attached to the Three Hundred Sixty-Seventh Omnibus

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.
[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Three Hundred Sixty-Seventh Omnibus Objection

Objection as Exhibit C, which was served in English and Spanish on the individual creditors subject to the Three Hundred Sixty-Seventh Omnibus Objection, the U.S. Trustee, and the Master Service List (as defined in the *Fifteenth Amended Notice, Case Management and Administrative Procedures* [ECF No. 17127-1]). *See Certificate of Service* [ECF No. 17989].

3. The following responses addressing the Three Hundred Sixty-Seventh Omnibus Objection were interposed:

- The *Reply to Three Hundred Sixty-Seventh Omnibus Objection (Non-Substantive) of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Employment Related Claims Asserted Against the Incorrect Debtor* [ECF No. 18209] (the "Franco Soto Response") filed by claimant Maria Franco Soto ("Franco Soto"), and

- The *Motion Submitting Evidence* [ECF No. 18875] (the "López Báez Response," and together with the Franco Soto Response, the "Responses"), filed by claimant Sonia N. López Báez ("López Báez," and together with Franco Soto, the "Claimants").

**I.     The Franco Soto Response**

4. Franco Soto filed a proof against ERS on May 29, 2018, which was logged by Prime Clerk as Proof of Claim No. 16543 (the "Franco Soto Claim"). The Franco Soto Claim asserts liabilities in the amount of $80,000, purportedly arising from pension contributions made by Franco Soto "since 1995."

5. The Franco Soto Response was filed with the Court on September 22, 2021 and docketed as ECF No. 18209 on September 23, 2021. Therein, Franco Soto asserts liabilities in the amount of $108,204.18, an increase from those included in the Franco Soto Claim, plus interest for pension contributions made during her 19 years as a government employee, which Franco Soto contends should have been paid to her "at the time of my disassociation from public service in November 2014." Franco Soto Response at 2. Franco Soto further alleges that the Legislation is not applicable to her claim, since the Legislation is "of prospective application to debts

3

contracted after 2017, but not prior to that date, as is my claim." *Id*. For that reason, Franco Soto contends the Franco Soto claim was correctly filed against ERS.

6. The Franco Soto Response does not address the Debtors' contention that, pursuant to the Legislation, the Commonwealth has assumed responsibility for the payment of pensions, and for that reason, claims asserting entitlement to pension contributions are properly asserted against the Commonwealth, and not ERS. Instead, the Franco Soto Response simply asserts that the Legislation does not apply to the Franco Soto Claim because it "of prospective application to debts contracted after 2017 . . . ." Franco Soto Response at 2. However, contrary to this allegation, Law 106 plainly does not limit its application to "debts contracted after 2017." Rather, Law 106 specifically states that all benefit obligations of ERS—including the pension benefits purportedly earned by Franco Soto—were to be assumed by the Commonwealth and paid in accordance with ERS's obligation to such beneficiary. Law 106 § 2.3.

7. Accordingly, liabilities associated with Franco Soto's pension contributions are properly asserted, if at all, against the Commonwealth, not ERS, and the Court should therefore reclassify the Franco Soto Claim to be asserted against the Commonwealth. The Debtors reserve the right to object to the Franco Soto Claim on any basis whatsoever.

**II.     The López Báez Response**

8. López Báez filed a proof of claim against ERS on May 1, 2018, which was logged by Prime Clerk as Proof of Claim No. 9987 (the "López Báez Claim"). The López Báez Claim purports to assert liabilities associated with a judgment of divorce by mutual consent, which resulted in certain pension liabilities being credited to López Báez.

9. The López Báez Response, a Spanish-language pleading, was filed with the Court on October 27, 2021 and docketed as ECF No. 18875 on October 28, 2021. Therein, López Báez

4

does not dispute that her proof of claim, which was filed against ERS on May 1, 2018 and logged by Prime Clerk as Proof of Claim No. 9987 (the "López Báez Claim," and together with the Franco Soto Claim, the "Claims"), is properly asserted against the Commonwealth, and not ERS. The López Báez Response likewise does not dispute that, pursuant to the Legislation, any entitlement to pension liabilities would be properly asserted, if at all, against the Commonwealth. Instead, the López Báez Response states that the Three Hundred Sixty-Seventh Omnibus Objection contends that "I did not submit any evidence of my claim in this child support debt dispute." López Báez Response at 1. However, to the extent López Báez may be seeking liabilities related to allegedly accrued but unpaid child support, such liabilities should properly be asserted, if at all, against the Child Support Administration (by its Spanish acronym, "ASUME"), which is not a part of ERS.

10. Accordingly, because López Báez does not dispute that the López Báez Claim is properly asserted, if at all, against the Commonwealth, the López Báez Claim should be reclassified to be asserted against the Commonwealth. The Debtors reserve the right to object to the López Báez Claim on any other basis whatsoever.

11. For the foregoing reasons, the Debtors respectfully request that the Court grant the Three Hundred Sixty-Seventh Omnibus Objection and reclassify the Claims, notwithstanding the Responses.

[*Remainder of Page Intentionally Left Blank*]

| | |
|---|---|
| Dated: February 2, 2022<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>*/s/ Hermann D. Bauer*<br>Hermann D. Bauer<br>USDC No. 215205<br>Carla García Benítez<br>USDC No. 203708<br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel: (787) 764-8181<br>Fax: (787) 753-8944<br><br>*/s/ Brian S. Rosen*<br>Martin J. Bienenstock (*pro hac vice*)<br>Brian S. Rosen (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br><br>*Attorneys for the Financial Oversight and Management Board as representative for the Employees Retirement System of the Government of the Commonwealth of Puerto Rico* |