UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                              Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth, ERS and PBA.** |

**REPLY OF THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY TO RESPONSES [ECF NOS. 18165, 18173, 18175, 18212, 18216, 18217, 18417, 18473, 19153, 19474] TO THE THREE HUNDRED EIGHTY-FIRST OMNIBUS OBJECTION (SUBSTANTIVE) TO EMPLOYEE CLAIMS ASSERTING LIABILITIES OWED BY ENTITIES THAT ARE NOT TITLE III DEBTORS**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA," and together with the Commonwealth and ERS, the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

"Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative of the Debtors pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] file this reply (the "Reply") in support of the *Three Hundred Eighty-First Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority to Employee Claims Asserting Liabilities Owed By Entities That Are Not Title III Debtors* [ECF No. 17917] (the "Three Hundred Eighty-First Omnibus Objection"), and in support of the Reply, respectfully state as follows:

1. On August 20, 2021, the Debtors filed the Three Hundred Eighty-First Omnibus Objection seeking to disallow claims associated with allegedly unpaid wages or other employment benefits purportedly owed by entities that are not Title III debtors, each as listed on Exhibit A thereto (the "Claims to Be Disallowed"). Each of the Claims to Be Disallowed fail to comply with the applicable rules, however, because they do not provide a basis for asserting a claim against the Commonwealth or any other Title III Debtor for liabilities purportedly owed by entities that are not Title III Debtors.

2. Any party who disputed the Three Hundred Eighty-First Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on September 20, 2021, in accordance with the Court-approved notices attached to the Three Hundred Eighty-First Omnibus Objection as Exhibit C, which were served in English and Spanish on the individual creditors subject to the Three Hundred Eighty-First Omnibus Objection, the U.S. Trustee, and the Master

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

2

Service List (as defined in the *Fifteenth Amended Case Management Procedures* [ECF No. 17127-1]). *See Certificate of Service* [ECF No. 17989].

3. The following responses addressing the Three Hundred Eighty-First Omnibus Objection were interposed:

- A letter [ECF No. 18165] (the "Gandia Response") filed by Myriam S. Gandia ("Gandia");

- *Reply to Omnibus Objection* [ECF No. 18173] (the "Ortiz Castellano Response") filed by Brenda I. Ortiz Castellano ("Ortiz Castellano");

- An untitled response [ECF No. 18175] (the "García Miranda Response") filed by Marlene García Miranda ("García Miranda");

- *Reply to Omnibus Objection* [ECF No. 18212] (the "Pagán Duran Response") filed by Wilfredo Pagán Duran ("Pagán Duran");

- *Reply to Omnibus Objection* [ECF No. 18216] (the "Asencio Bernardini Response") filed by Brenda T. Asencio Bernardini ("Asencio Bernardini");

- *Reply to Omnibus Objection* [ECF No. 18417] (the "Castro Response") filed by Elia E. Castro ("Castro");

- An untitled response [ECF No. 18473] (the "Laboy Christian Response") filed by Elena Laboy Christian ("Laboy Christian");

- A letter [ECF No. 19153] (the "Lebrón Crespo Response") filed by Gloria Maria Lebrón Crespo ("Lebrón Crespo");

- *Reply to Omnibus Objection* [ECF No. 19474] (the "Delgado Garcia Response") filed by Sara Wilna Delgado García ("Delgado García");

- *Reply to Omnibus Objection* [ECF No. 18213] (the "Martínez Quiñones Response") filed by Lucinda Martínez Quiñones ("Martínez Quiñones");

- *Reply to Omnibus Objection* [ECF No. 18263] (the "Reyes Miranda Response") filed by Angel R. Reyes Miranda ("Reyes Miranda"); and

- *Reply to Omnibus Objection* [ECF No. 18217] (the "Rodríguez Arroyo Response," and together with the Gandia Response, the Ortiz Castellano Response, the García Miranda Response, the Pagán Duran Response, the Asencio Bernardini Response, the Rodríguez Arroyo Response, the Castro Response, the Laboy Christian Response, the Lebrón Crespo Response, the Delgado García Response, the Martínez Quiñones Response, and the Reyes Miranda response, the "Responses"),

3

filed by José Rodríguez Arroyo ("Rodríguez Arroyo," and together with Gandia, Ortiz Castellano, García Miranda, Pagán Duran, Asencio Bernardini, Rodríguez Arroyo, Castro, Laboy Christian, Lebrón Crespo, Delgado García, Martínez Quiñones, and Reyes Miranda, the "Claimants").

### I. The Gandia Response

4. Gandia filed a proof of claim against the Commonwealth on April 21, 2020, and it was logged by Prime Clerk as Proof of Claim No. 173753 (the "Gandia Claim"). The Gandia Claim purports to assert liabilities in an unspecified amount associated with "paid wages" purportedly owed by the Puerto Rico Sugar Corporation (the "Sugar Corporation"). As supporting documentation, the Gandia Claim attaches a death certificate for Fernando Figueroa.

5. The Gandia Response, a Spanish-language letter, was filed on September 17, 2021. Therein, Gandia states her father, Fernando Figueroa worked for the Central Roig Sugar Corporation. Further, Gandia states that the claim was "for wages owed to the debtor, retired employees of the different companies in Puerto Rico, which include Central Roig Sugar Corporation, were the wages were reduced at the time my father worked at the company Central Roig." Gandia Response at 1.

6. As explained in the Three Hundred Eighty-First Omnibus Objection, the Sugar Corporation, however, is not a Title III Debtor. Rather, the Sugar Corporation was a former government entity which has subsequently been dissolved. Neither the Gandia Response nor the Gandia Claim provides a basis for asserting a claim against the Commonwealth, ERS, PBA, or any other Title III Debtor in respect of allegedly accrued but unpaid wages purportedly owed by the Sugar Corporation. Accordingly, the Gandia Claim should be disallowed.

### II. The Ortiz Castellano Response

7. Ortiz Castellano filed a proof of claim against the Commonwealth on September 4, 2020, and it was logged by Prime Clerk as Proof of Claim No. 175075 (the "Ortiz Castellano

4

Claim"). The Ortiz Castellano Claim purports to assert liabilities associated with allegedly accrued, but unpaid, wages purportedly owed by the Puerto Rico Telephone Company (the "Telephone Company").

8. The Ortiz Castellano Response was filed on September 20, 2021. Therein, Ortiz Castellano states that "[t]he Court must not grant the omnibus objection since it is money owed under laws passed by the government of the Commonwealth during the period when the Puerto Rico Telephone Co. belonged to the Puerto Rico Government." Ortiz Castellano Response at 2.

9. As explained in the Three Hundred Eighty-First Omnibus Objection, the Telephone Company, however, is not a Title III Debtor, but a former government entity which has subsequently been privatized. Neither the Ortiz Castellano Response nor the Ortiz Castellano Claim provides a basis for asserting a claim against the Commonwealth, ERS, PBA, or any other Title III Debtor in respect of allegedly accrued but unpaid wages purportedly owed by the Telephone Company. Accordingly, the Ortiz Castellano Claim should be disallowed.

### III. The García Miranda Response

10. García Miranda filed a proof of claim against the Commonwealth on July 22, 2020, and it was logged by Prime Clerk as Proof of Claim No. 174222 (the "Garcia Claim"). The García Miranda Claim purports to assert liabilities associated with allegedly accrued, but unpaid, wage increases purportedly owed by the Telephone Company.

11. The García Miranda Response, a Spanish language letter, was filed on September 20, 2021. Therein, García Miranda opposes the Three Hundred Eighty-First Omnibus objection because "we were part of the Government [of Puerto Rico] during the signing of the Remerazo Act on June 17, 1989, when working for the Puerto Rico Telephone Company. . . . We are owed it by law because we were part of the government." García Miranda Response at 1-2.

5

12. As García Miranda acknowledges, however, the Telephone Company is a former government entity which has subsequently been privatized and, accordingly, is no longer in existence. Neither the García Miranda Response nor the García Miranda Claim provides a basis for asserting a claim against the Commonwealth or any other Title III Debtor in respect of allegedly accrued but unpaid wages purportedly owed by the Telephone Company. Accordingly, the García Miranda Claim should be disallowed.

### IV. The Pagán Duran Response

13. Pagán Duran filed a proof of claim against the Commonwealth on July 23, 2020, and it was logged by Prime Clerk as Proof of Claim No. 174470 (the "Pagan Duran Claim"). The Pagán Duran Claim purports to assert liabilities associated with allegedly accrued, but unpaid, wage increases purportedly owed by the Telephone Company.

14. The Pagán Duran Response, a Spanish language letter, was filed on September 22, 2021, and docketed as ECF No. 18212 on September 22, 2021. Therein, Pagán Duran states that "[t]he Court must not grant the omnibus objection since the claim is under laws passed by government of the Commonwealth of Puerto Rico enacted during the period in which the Puerto Rico Telephone Company was a Commonwealth Government Agency," and encloses documents showing proof of Pagán Duran's employment with the Telephone Company.

15. However, neither the Pagán Duran Claim nor the Pagán Duran Response provides a basis for asserting a claim against the Commonwealth, ERS, PBA, or any other Title III Debtor in respect of allegedly accrued but unpaid wages purportedly owed by former government entities, such as the Telephone Company. Accordingly, the Pagán Duran Claim should be disallowed.

### V. The Asencio Bernardini Response

16. Asencio Bernardini filed a proof of claim against the Commonwealth on July 28, 2020, and it was logged by Prime Clerk as Proof of Claim No. 174322 (the "Asencio Bernardini Claim"). The Asencio Bernardini Claim purports to assert liabilities associated with allegedly accrued, but unpaid, wage increases purportedly owed by the Telephone Company.

17. The Asencio Bernardini Response, a Spanish language letter, was filed on September 22, 2021. Therein, Asencio Bernardini state that "[t]he court must not sustain the Omnibus Objection as these are increases owed by the Government of Puerto Rico under [Romerazo, Act 89 of July 1995] during the period that the Puerto Rico Telephone Company was a Government Agency in Puerto Rico." Asencio Bernardini Response at 2. The Asencio Bernardini Response enclosed documentation showing proof of employment.

18. However, neither the Asencio Bernardini Claim nor the Asencio Bernardini Response provides a basis for asserting a claim against the Commonwealth, ERS, PBA, or any other Title III Debtor in respect of allegedly accrued but unpaid wages purportedly owed by former government entities, such as the Telephone Company. Accordingly, the Asencio Bernardini Claim should be disallowed.

### VI. The Castro Response

19. Castro filed a proof of claim against the Commonwealth on July 22, 2020, and it was logged by Prime Clerk as Proof of Claim No. 174452 (the "Castro Claim").[3] The Castro Claim purports to assert liabilities associated with allegedly accrued, but unpaid, wages purportedly owed by the Telephone Company.

---

[3] A portion of the Castro Claim asserting pension liabilities was transferred into the administrative claims reconciliation process ("ACR") and, for tracking purposes, was assigned Proof of Claim No. 174452-1. That portion of the Castro Claim has been resolved through ACR.

7

20. The Castro Response was filed on October 6, 2021. Therein, Castro states that "[t]he Court must not sustain the omnibus objection since it is money owed under laws passed by the government of the Commonwealth of PR during the period when the P.R.T.C. was a government agency. The P.R.T.C. belonged to the Commonwealth of Puerto Rico 1999 when the sale of Telefónica was finalized." Castro Response at 1.

21. However, neither the Castro Claim nor the Castro Response provides a basis for asserting a claim against the Commonwealth, ERS, PBA, or any other Title III Debtor in respect of allegedly accrued but unpaid wages purportedly owed by former government entities, such as the Telephone Company. Accordingly, the Castro Claim should be disallowed.

**VII.    The Laboy Christian Response**

22. Laboy Christian filed a proof of claim against the Commonwealth on July 27, 2020, and it was logged by Prime Clerk as Proof of Claim No. 174570 (the "<u>Laboy Christian Claim</u>"). The Laboy Christian Claim purports to assert liabilities associated with allegedly accrued but unpaid wages purportedly owed by the Telephone Company.

23. The Laboy Christian Response, a Spanish language letter, was filed on October 8, 2021. Therein, Laboy Christian "declare[s]" "[w]e were government until 1998," "Act 89 was enacted in July 1995," and "it was only in 1999 that the sale of the PRTC was completed." Laboy Christian Response at 1-2. The Laboy Christian Response also attaches several pages from the Three Hundred Eighty-First Omnibus Objection, as well as several documents relating to Laboy Christian's employment with the Telephone Company.

24. However, neither the Laboy Christian Claim nor the Laboy Christian Response provides a basis for asserting a claim against the Commonwealth, ERS, PBA, or any other Title III Debtor in respect of allegedly accrued but unpaid wages purportedly owed by former

8

government entities, such as the Telephone Company. Accordingly, the Laboy Christian Claim should be disallowed.

### VIII. The Lebrón Crespo Response

25. Lebrón Crespo filed a proof of claim against the Commonwealth on March 17, 2020, and it was logged by Prime Clerk as Proof of Claim No. 173516 (the "Lebrón Crespo Claim"). The Lebrón Crespo Claim purports to assert liabilities in an unspecified amount associated with allegedly accrued, but unpaid, wages purportedly owed by the Sugar Corporation.

26. The Lebrón Crespo Response, a Spanish language letter, which was filed on November 9, 2021, does not address the Debtors' contention that they are not liable for liabilities purportedly owed by former government entities, such as the Sugar Corporation. Instead, Lebrón Crespo responds she is "making a claim based on the PROMESA Law for my husband," who worked at the Sugar Corporation "for more than 20 years." Lebrón Crespo Response at 1.

27. Accordingly, because Lebrón Crespo does not dispute that the Debtors are not liable for allegedly unpaid wages purportedly by the Sugar Corporation, and because neither the Lebrón Crespo Response nor the Lebrón Crespo Claim provides a basis for asserting a claim against the Commonwealth, ERS, PBA, or any other Title III Debtor in respect of allegedly accrued but unpaid wages purportedly owed by the Sugar Corporation, the Lebrón Crespo Claim should be disallowed.

### IX. The Delgado García Response

28. Delgado García filed a proof of claim against the Commonwealth on July 24, 2020, and it was logged by Prime Clerk as Proof of Claim No. 174501 (the "Delgado García Claim"). The Delgado García Claim asserts liabilities associated with allegedly accrued, but unpaid, wage increases purportedly owed by the Telephone Company.

9

29. The Delgado García Response was filed on December 8, 2021. Therein, Delgado García states that "[t]he Court must not grant the Omnibus Objection, because the money is owed under [] laws passed by the government of the Commonwealth of Puerto Rico during the period of years that the PRTC was an agency of the Government (Commonwealth)." Delgado García Response at 2.

30. However, neither the Delgado García Response nor the Delgado García Claim provides a basis for asserting a claim against the Commonwealth, ERS, PBA, or any other Title III Debtor in respect of allegedly accrued but unpaid wages purportedly owed by the Telephone Company. Accordingly, the Delgado García Claim should be disallowed.

### X. The Martínez Quiñones Response

31. Martínez Quiñones filed a proof of claim against the Commonwealth on July 22, 2020, and it was logged by Prime Clerk as Proof of Claim No. 174460 (the "Martínez Quiñones Claim"). The Martínez Quiñones Claim purports to assert liabilities associated with allegedly accrued, but unpaid, wage increases purportedly owed by the Telephone Company.

32. The Martínez Quiñones Response, was filed on September 22, 2021. Therein, Martínez Quiñones states that "[t]he Court must not accept the omnibus objection since it is through the approval by the government of the Commonwealth of Puerto Rico of laws that were signed during the period in which the Puerto Rico Telephone Company was a Commonwealth Government Agency." Martínez Quiñones Response at 2. It also encloses documents showing Martínez Quiñones's proof of employment.

33. However, neither the Martínez Quiñones Claim nor the Martínez Quiñones Response provides a basis for asserting a claim against the Commonwealth, ERS, PBA, or any other Title III Debtor in respect of allegedly accrued but unpaid wages purportedly owed by former

10

government entities, such as the Telephone Company. Accordingly, the Martínez Quiñones Claim should be disallowed.

### XI. The Reyes Miranda Response

34. Reyes Miranda filed a proof of claim against the Commonwealth on September 14, 2020, and it was logged by Prime Clerk as Proof of Claim No. 174960 (the "Reyes Miranda Claim"). The Reyes Miranda Claim purports to assert liabilities associated with allegedly accrued, but unpaid, wage increases purportedly owed by the Telephone Company.

35. The Reyes Miranda Response was filed on September 28, 2021. Therein, Reyes Miranda states that "[t]he Court must not grant the omnibus objection since it is money owed under laws passed by the government of the Commonwealth of Puerto Rico during the period when the PRTC was a Commonwealth Government agency." Reyes Miranda Response at 2. The Reyes Miranda Response also enclosed documentation demonstrating Reyes Miranda's employment with Claro, the successor entity to the Telephone Company.

36. However, neither the Reyes Miranda Claim nor the Reyes Miranda Response provides a basis for asserting a claim against the Commonwealth, ERS, PBA, or any other Title III Debtor in respect of allegedly accrued but unpaid wages purportedly owed by former government entities, such as the Telephone Company. Accordingly, the Reyes Miranda Claim should be disallowed.

### XII. The Rodríguez Arroyo Response

37. Rodríguez Arroyo filed a proof of claim against the Commonwealth on July 28, 2020, and it was logged by Prime Clerk as Proof of Claim No. 174583 (the "Rodríguez Arroyo Claim"). The Castro Claim purports to assert liabilities in an unspecified amount associated with allegedly accrued, but unpaid, wage increases purportedly owed by the Telephone Company.

11

38. The Rodríguez Arroyo Response was filed on September 22, 2021. Therein, Rodríguez Arroyo states that "[t]he Court must not sustain the omnibus objection since it is money owed under laws passed by the government of the Commonwealth of PR during the period when the P.R.T.C. was a government agency. The P.R.T.C. belonged to the Commonwealth of Puerto Rico 1999 when the sale of Telefónica was finalized." Rodríguez Arroyo Response at 1. The Rodríguez Arroyo Response also enclosed documentation demonstrating Rodríguez Arroyo's employment with Claro, the successor entity to the Telephone Company.

39. However, neither the Rodríguez Arroyo Claim nor the Rodríguez Arroyo Response provides a basis for asserting a claim against the Commonwealth, ERS, PBA, or any other Title III Debtor in respect of allegedly accrued but unpaid wages purportedly owed by former government entities, such as the Telephone Company. Accordingly, the Rodríguez Arroyo Claim should be disallowed.

40. Accordingly, because the Responses do not provide a basis for asserting liabilities associated with the Claims, the Debtors respectfully requests the Claims be disallowed, notwithstanding the Responses.

[*Remainder of Page Intentionally Left Blank*]

| | |
|---|---|
| Dated: February 2, 2022<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>*/s/ Hermann D. Bauer*<br>Hermann D. Bauer<br>USDC No. 215205<br>Carla García-Benítez<br>USDC No. 203708<br>Gabriel A. Miranda<br>USDC No. 306704<br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel: (787) 764-8181<br>Fax: (787) 753-8944<br><br>*/s/ Brian S. Rosen*<br>Martin J. Bienenstock (*pro hac vice*)<br>Brian S. Rosen (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br><br>*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative for the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* |