# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                     Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth, COFINA, HTA, ERS, and PBA.** |

## REPLY OF THE COMMONWEALTH OF PUERTO RICO, THE PUERTO RICO SALES TAX FINANCING AUTHORITY, THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY TO RESPONSES [ECF NOS. 18109, 18110, 18120, 18123, 18139, 18158, 18159, 18165, 18166, 18177, 18184, 18197, 18218, 18234, 18237, 18376, 18480, 18507, 18530, 19033, 19037, 19046, 19125, 19202, 19803] TO THE THREE HUNDRED SEVENTY-FOURTH OMNIBUS OBJECTION (SUBSTANTIVE) TO LATE-FILED CLAIMS

**To the Honorable United States District Judge Laura Taylor Swain:**

The Commonwealth of Puerto Rico ("Commonwealth"), the Puerto Rico Sales Tax

Financing Authority ("COFINA"), the Puerto Rico Highways and Transportation Authority

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

("HTA"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA," and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Debtors pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] file this reply (the "Reply") in support of the *Three Hundred Seventy-Fourth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, the Puerto Rico Sales Tax Financing Authority, the Puerto Rico Highways and Transportation Authority, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority to Late-Filed Claims* [ECF No. 17923] (the "Three Hundred Seventy-Fourth Omnibus Objection").   In support of this Reply, the Debtors respectfully represent as follows:

1.      On August 20, 2021, the Debtors filed the Three Hundred Seventy-Fourth Omnibus Objection seeking to disallow certain proofs of claim that were late-filed and, accordingly, failed to comply with the terms of the applicable Bar Date Orders[3] (collectively, the "Claims to Be Disallowed"), each as listed on Exhibit A thereto.   As set forth in the Three Hundred Seventy-Fourth Omnibus Objection and supporting exhibits thereto, the Claims to Be Disallowed were filed after the applicable Bar Date: (*i*) June 29, 2018 at 4:00 p.m. (Atlantic Time), for creditors of the Commonwealth, COFINA, HTA, and ERS, or (*ii*) July 29, 2020 at 4:00 p.m. (Atlantic Time), for creditors of PBA.   Accordingly, pursuant to the terms of the Bar Date Orders, each of the holders

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Three Hundred Seventy-Fourth Omnibus Objection.

of the Claims to Be Disallowed are barred from asserting a claim against the Debtors, and the Debtors are discharged from any and all liabilities to such claimants.

2.    Any party who disputed the Three Hundred Seventy-Fourth Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on September 20, 2021 in accordance with the Court-approved notice attached to the Three Hundred Seventy-Fourth Omnibus Objection as Exhibit C, which was served in English and Spanish on the individual creditors subject to the Three Hundred Seventy-Fourth Omnibus Objection, the U.S. Trustee, and the Master Service List (as defined in the *Fifteenth Amended Notice, Case Management and Administrative Procedures* [ECF No. 17127-1]).   *See Certificate of Service* [ECF No. 17989].

3.    The following responses addressing the Three Hundred Seventy-Fourth Omnibus Objection were interposed:

- An untitled response [ECF No. 18109] (the "Oswald Response") filed by claimant Wesley Oswald ("Oswald");

- An untitled response [ECF No. 18110] (the "Medina Serrano Response") filed by claimant Zobeida Medina Serrano ("Medina Serrano");

- Two untitled responses [ECF No. 18120] (the "First Martin Cervera Response") and [ECF No. 19803] (the "Second Martin Cervera Response," and together with the First Martin Cervera Response, the "Martin Cervera Responses") filed by claimant Antonio Martin Cervera ("Martin Cervera");

- An untitled response [ECF No. 18123] (the "Teresita Martin Response") filed by claimant Maria Teresita Martin ("Teresita Martin");

- Two untitled responses [ECF Nos. 18139] (the "First Lynn Response") and [ECF No. 18377] (the "Second Lynn Response, and together with the First Lynn Response, the "Lynn Responses"), filed by claimant Melvin Lynn Irrevocable Trust ("Lynn");

- An untitled response [ECF No. 18158] (the "Galano Response") filed by claimant John Galano ("Galano");

- An untitled response [ECF No. 18159] (the "Martínez Colón Response") filed by claimant Facunda Martínez Colón ("Martínez Colón");

- An untitled response [ECF No. 18165] (the "<u>Gandia Response</u>") filed by claimant Myriam S. Gandia ("<u>Gandia</u>");

- A letter [ECF No. 18166] (the "<u>Lugo Santana Response</u>") filed by claimant Ines M. Lugo Santana ("<u>Lugo Santana</u>");

- *Reply to Three Hundred Seventy-Fourth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, Puerto Rico Sales Tax Financing Authority, Puerto Rico Highways and Transportation Authority, Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and Puerto Rico Public Buildings Authority to Late-Filed Claims* [ECF No. 18177] (the "<u>Febo Vázquez Response</u>") filed by Nydia Febo Vázquez ("<u>Febo Vázquez</u>");

- An untitled response [ECF No. 18184] (the "<u>Mercado De Jesus Response</u>") filed by claimant Jack Mercado De Jesus ("<u>Mercado De Jesus</u>");

- An untitled response [ECF No. 18197] (the "<u>Johnson Response</u>") filed by claimant Obe E. Johnson ("<u>Johnson</u>");

- An untitled response [ECF No. 18234] (the "<u>Rodríguez González Response</u>") filed by claimant Hermenegildo Rodríguez González ("<u>Rodríguez González</u>");

- *Response* [ECF No. 18327] (the "<u>Vargas Response</u>") filed by claimants Ivan Noriega Vargas, Judith Vargas Garcia, and Janitza Noriega Vargas (collectively, "<u>Vargas</u>");

- A letter [ECF No. 18376] (the "<u>Morales Camacho Response</u>") filed by claimant Sergio Morales Camacho ("<u>Morales Camacho</u>");

- An untitled response [ECF No. 18480] (the "<u>Rivera Collazo Response</u>") filed by claimant Victor L. Rivera Collazo ("<u>Rivera Collazo</u>");

- A letter [ECF No. 18507] (the "<u>Rodríguez Carcano Response</u>") filed by claimant Damaris Rodríguez Carcano ("<u>Rodríguez Carcano</u>");

- An untitled response [ECF No. 18530] (the "<u>Williams Pérez Response</u>") filed by claimant Zoe Abigail Williams Perez ("<u>Williams Pérez</u>");

- A letter [ECF No. 19033] (the "<u>Martínez Sánchez Response</u>") filed by claimant Gadiel Martínez Sanchez ("<u>Martínez Sánchez</u>");

- A letter [ECF No. 19046] (the "<u>Soto Sánchez Response</u>") filed by claimant Eric J. Soto Sánchez ("<u>Soto Sánchez</u>");

- A letter [ECF No. 19037] (the "Berrios Castrodad Response") filed by claimant Robert Berrios Castrodad ("Berrios Castrodad");

- *Urgent Appeals* [ECF No. 19125] (the "First Díaz O'Neill Response"), *Urgent Appeals Submitting Exhibits 1 to 48 under Urgent Appeals in Objection History* and [ECF No. 19142] (the "Second Díaz O'Neill Response"), and *Objection to the Three Hundred Seventy-Fourth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, Puerto Rico Sales Tax Financing Corporation, Puerto Rico Highways and Transportation Authority, Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and Puerto Rico Public Buildings Authority* [ECF No. 19507] (the "Third Díaz O'Neill Response," and together with the First Díaz O'Neill Response and the Second Díaz O'Neill Response, the "Díaz O'Neill Responses") filed by claimant Jaime Díaz O'Neill ("Díaz O'Neill");

- An untitled response [ECF No. 19202] (the "Plaza Cruz Response") filed by claimant Miriam E. Plaza Cruz ("Plaza Cruz"); and

- An untitled response [ECF No. 19203] (the "Sanchez Rivera Response," and together with the Oswald Response, the Medina Serrano Response, the Martin Cervera Response, the Soto Villares Response, the Lynn Responses, the Galano Response, the Martínez Colón Response, the Gandia Response, the Lugo Santana Response, the Febo Vazquez Response, the Mercado De Jesus Response, the Johnson Response, the Rodríguez González Response, the Vargas Response, the Morales Camacho Response, the Rivera Collazo Response, the Rodriguez Carcano Response, the Williams Perez Response, the Martinez Sanchez Response, the Soto Sanchez Response, the Berrios Castrodad Response, the Diaz O'Neill Response, and the Plaza Cruz Response, the "Responses") filed by claimant Madeline Sanchez Rivera ("Sanchez Rivera").

**I.    The Oswald Response**

1.    On April 9, 2020—nearly two years after the applicable Bar Date—Oswald filed a proof of claim against the Commonwealth, which was logged by Prime Clerk as Proof of Claim No. 173735 (the "Oswald Claim").   The Oswald Claim asserts liabilities associated with $25,000 in general obligation bonds issued by the Commonwealth bearing CUSIP number 74514LWL7 (the "GO Bonds").

2.    The Oswald Response was filed on September 13, 2021, and was docketed as ECF No. 18109 on September 14, 2021.   Therein, Oswald states: "[E]nclosed are documents showing

the effort I made in the March-April 2020 time frame to try to understand whether I should file proof of claim forms for the two bonds that I own … [and] I have enclosed documentation that shows that I sent Proof of Claim Forms for both of the [referenced] bonds at the same time. These Claims Forms were received by the Prime Clerk on April 9, 2020." Oswald Response at 1. The Oswald Response attaches as supporting documentation copies of two emails sent in March 2020, a notation dated March 26, 2020, a copy of a page from the Three Hundred Seventy-Fourth Omnibus Objection, and a copy of the Oswald Claim.

3.      Pursuant to the Bar Date Order, certain persons and entities were not required to file a proof of claim prior to the Bar Date. For example, paragraph 6(j) of the Bar Date Order provides that "[a]ny person or entity that holds a claim that is limited to the repayment of principal, interest and other fees and expenses, to the extent the relevant Bond Representative files a Bond Debt Master Proof of Claim against the relevant Debtor on or before the General Bar Date on account of all bond claims against the relevant Debtor under the respective trust agreement or bond document" is **not** required to file a proof of claim, "provided, however, that any such holder must assert a claim not otherwise excepted from filing a proof of claim . . . to avoid disallowance of such other claim." *Id.* at 5-6.

4.      Accordingly, Oswald was not required to file the Oswald Claim to avoid disallowance of his claim, provided that the Oswald Claim asserts only a claim for repayment of principal, interest, and other fees and expenses on the asserted GO Bonds. To the extent the Oswald Claim asserts any amounts beyond principal, interest, or fees and expenses, such portions of the Oswald Claim should be disallowed as late-filed, because the Oswald Response does not provide an explanation for the failure to timely file a proof of claim.[4]

---

[4] Notably, the general obligation bonds will be treated by that certain *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, ECF No. 19568,

## II.   The Medina Serrano Response

5.   On June 25, 2021—three years after the applicable Bar Date—Medina Serrano filed two proofs of claim against the Commonwealth, which were logged by Prime Clerk as Proofs of Claim Nos. 179428 (the "First Medina Serrano Claim") and 179433 (the "Second Medina Serrano Claim," and together with the First Medina Serrano Claim, the "Medina Serrano Claims").   The Medina Serrano Claims each assert liabilities in unspecified amounts arising from allegedly accrued, but unpaid, salary adjustments owed by the Puerto Rico Department of Education.

6.   The Medina Serrano Response was filed on September 13, 2021, and was docketed as ECF No. 18110 on September 14, 2021.   The Medina Serrano Response does not dispute that the Medina Serrano Claims were not timely filed.   Instead, the Medina Serrano Response states: "I am objecting to this dismissal because the claim was sent via mail on June 11, 2021 and because the current pandemic the post service has delays in their deliveries."   Medina Serrano Response at 1.   It does not, however, provide an explanation for Medina Serrano's failure to timely file the Medina Serrano Claims.   Indeed, the mailing delays Medina Serrano references did not arise until approximately March 2020, nearly two years after the Commonwealth's Bar Date.

7.   Accordingly, because the Medina Serrano Response does not dispute that the Medina Serrano Claims were not timely filed and does not provide an explanation for the failure to timely file a proof of claim, the Medina Serrano Claims should be disallowed.

---

dated December 21, 2021 (the "Plan"), as approved by the Court, *see Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19813], and the general obligation bonds will thereafter be paid pursuant to the Plan's terms.

### III.      The Martin Cervera Response

8.      On November 6, 2018—six months after the applicable Bar Date—Martin Cervera filed a proof of claim against the Debtors, which was logged by Prime Clerk as Proof of Claim No. 167898 (the "Martin Cervera Claim").   The Martin Cervera Claim[5] asserts $50,000 in general obligation bonds issued by the Commonwealth bearing CUSIP number 74514LWZ6.

9.      The First Martin Cervera Response was filed on September 15, 2021, and was docketed as ECF No. 18120 that same day.   Therein, Martin Cervera does not contest that the Martin Cervera Claim was not timely filed.   Instead, the First Medina Cervera Response states: "We have communicated with Judge Swain about my objections to unpayment … and have publicly expressed the reasons why these bonds shall be paid."   Martin Cervera Response at 1. The Martin Cervera Response attaches a "brief commentary" regarding the "future of [his] retirement" and describing "more about Puerto Rican bonds."   Martin Cervera Response at 2-10.

10.      The Second Martin Cervera Response was filed on January 18, 2022, and was docketed as ECF No. 19803 on that same day.   The Second Martin Cervera Response discusses the impact of the Commonwealth's financial distress on individual bondholders.   It does not, however, contest that the Martin Cervera Claim was not timely filed.

11.      Pursuant to the Bar Date Order, Martin Cervera was not required to file the Martin Cervera Claim to avoid disallowance of his claim, provided that the Martin Cervera Claim asserts only a claim for repayment of principal, interest, and other fees and expenses on the asserted GO

---

[5] A portion of the Martin Cervera Claim, which asserted bonds issued by various Commonwealth agencies, was disallowed, and another portion, which asserted bonds issued by the Puerto Rico Electric Power Authority ("PREPA"), was transferred to PREPA's Title III Case.   *See Order Granting Seventy-Third Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Bondholder Claims Asserting Amounts for Which The Commonwealth Is Not Liable* [ECF No. 9422].

Bonds.   To the extent the Martin Cervera Claim asserts any amounts beyond principal, interest, or fees and expenses, such portions of the Martin Cervera Claim should be disallowed as late-filed, because the Martin Cervera Response does not provide an explanation for the failure to timely file a proof of claim.

### IV.   The Teresita Martin Response

12.     On November 6, 2018—six months after the applicable Bar Date—Teresita Martin filed a proof of claim against the Debtors, which was logged by Prime Clerk as Proof of Claim No. 167899 (the "Teresita Martin Claim").   The Teresita Martin Claim[6] asserts $50,000 in general obligation bonds issued by the Commonwealth bearing CUSIP number 74514LWZ6.

13.     The Teresita Martin Response was filed on September 15, 2021, and was docketed as ECF No. 18123 that same day.   The Teresita Martin Response does not contest that the Teresita Martin Claim was not timely filed.   Instead, the Teresita Martin Response states: "My husband has communicated with Judge Swain about our objections to unpayment … and have publicly expressed the reasons why these bonds shall be paid."   Teresita Martin Response at 1.   The Teresita Martin Response attaches a "brief commentary" regarding the "future of [] retirement" and describing "more about Puerto Rican bonds," which was drafted by Teresita Martin's husband, Martin Cervera.   Teresita Martin Response at 4-9.   The Teresita Martin Response does not, however, explain why the Teresita Martin Claim was filed after the applicable Bar Date.

14.     Pursuant to the Bar Date Order, Teresita Martin was not required to file the Teresita Martin Claim to avoid disallowance of his claim, provided that the Teresita Martin Claim asserts

---

[6]  A portion of the Teresita Martin Claim, which asserted bonds issued by various Commonwealth agencies, was disallowed, and another portion, which asserted bonds issued by PREPA, was transferred to PREPA's Title III Case.   *See Order Granting Seventy-Third Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Bondholder Claims Asserting Amounts for Which The Commonwealth Is Not Liable* [ECF No. 9422].

only a claim for repayment of principal, interest, and other fees and expenses on the asserted GO Bonds.   To the extent the Teresita Martin Claim asserts any amounts beyond principal, interest, or fees and expenses, such portions of the Teresita Martin Claim should be disallowed as late-filed, because the Martin Cervera Response does not provide an explanation for the failure to timely file a proof of claims.

### V.    The Lynn Responses

15.    Lynn filed a proof of claim against the Commonwealth on May 7, 2021—nearly three years after the Commonwealth's Bar Date—and it was logged by Prime Clerk as Proof of Claim No. 179204 (the "Melvin Lynn Claim").   The Melvin Lynn Claim asserts liabilities associated with general obligation bonds issued by the Commonwealth bearing CUSIP numbers 74514LNC7, as well as bonds issued by PREPA bearing CUSIP numbers 74526QWT5, and 74526QZE5.

16.    The First Lynn Response was filed on September 15, 2021, and the Second Lynn Response, which purports to assert additional arguments in opposition to the Three Hundred Seventy-Fourth Omnibus Objection, was filed on October 1, 2021.   Therein, Lynn explains that the Melvin Lynn Claim may have been submitted late for one of several reasons: (*i*) Mr. Lynn had suffered multiple illnesses "[d]uring the last 3 years" which "required time in hospitals, and time in rehab," (*ii*) "the mail was slow in receipt, which was very common during COVID," and (*iii*) the mail "may have gotten lost in the post office and been delivered late."   Second Lynn Response at 2.   Further, Lynn "request[s] that the court not punish us creditors" because "a paper was delivered late."   *Id*.

17.    The Federal Rules of Bankruptcy Procedure, made applicable to these Title III proceedings pursuant to section 310 of PROMESA, permit late filed claims if the failure to timely

file the claim "was the result of excusable neglect." Fed. R. Bankr. P. 9006(b)(1). "Excusable neglect" requires the court to weigh the mistake or neglect against other equitable factors, including "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *In re Puerto Rico Hospital Supply, Inc.*, No. 19-01022, 2020 WL 7133165, at *2 (D.P.R. Dec. 4, 2020) (quoting *Pioneer Inv. Servs. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

18. The Debtors are deeply mindful of the impact of these Title III cases on all parties in interest, including investors in Puerto Rico and the citizens of the island. However, the information provided in the Lynn Responses does not establish that Lynn's failure to timely file the Melvin Lynn Claim resulted from excusable neglect. As an initial matter, the length of delay in filing the Melvin Lynn Claim—nearly three years—is substantial. Further, Lynn has not provided an adequate explanation for this lengthy delay. Although Mr. Lynn has unfortunately been required to remain in hospital or rehab facilities for parts of the last three years, Mr. Lynn acknowledges that he "was able to take care of most of my obligations," and the Response therefore does not explain the three-year delay in filing the Melvin Lynn Claim. Second Lynn Response at 2. COVID-related delays in mail service likewise do not explain the delay in filing the Melvin Lynn Claim because the Commonwealth's Bar Date was June 29, 2018, nearly two years prior to widespread COVID-related disruptions. And, even if the Bar Date Notice were "lost in the post office" and "delivered late," that again would not excuse the lengthy delay in filing the Melvin Lynn Claim.

19. Accordingly, to the extent the Melvin Lynn Claim seeks to assert any amounts beyond principal, interest, or fees and expenses with respect to either the general obligation bonds

of the PREPA Bonds, such portions of the Melvin Lynn Claim should be disallowed as late-filed.

Although the Bar Date Order did not require Lynn to file a claim with respect to his general

obligation bonds or his PREPA bonds, the Debtors do not seek to disallow the Lynn Claim to the

extent it asserts principal, interest, or fees and expenses associated with those bonds.   Notably,

the general obligation bonds asserted by the Lynn Claim will be treated by the Plan and paid

pursuant to its terms.

### VI.   The Galano Response

20.   On April 2, 2020—nearly two years after the applicable Bar Date—Galano filed a

proof of claim against the Commonwealth, which was logged by Prime Clerk as Proof of Claim

No. 173713 (the "Galano Claim").   The Galano Claim asserts $5,000 in general obligation bonds

issued by the Commonwealth bearing CUSIP number 745145AX0.

21.   The Galano Response was filed on September 17, 2021, and was docketed as ECF

No. 18158 on September 20, 2021.   The Galano Response does not dispute that the Galano Claim

was filed after the applicable Bar Date of June 29, 2018.   Instead, the Galano Response alleges

that Galano "had not received any notification from Prime Clerk or any other concerned party that

a proof of claim needed to be filed before the extended Bar Date of June 29, 2018."   Galano

Response at 1.   It further states: "I believe my claim should be reinstated since I have, to the best

of my knowledge, complied with the requirements set forth except for not filing prior to June 29,

2018."   *Id.*   The Galano Response does not, however, provide an explanation for Galano's failure

to timely file the Galano Claim.

22.   Accordingly, because the Galano Response does not dispute that the Galano Claim

was not timely filed and does not provide a valid explanation for the failure to timely file a proof

of claim, the Galano Claim should be disallowed to the extent that it seeks to assert any amounts

beyond principal, interest, or fees and expenses with respect to the general obligation bonds. Although the Bar Date Order did not require Galano to file a claim with respect to his general obligation bonds, the Debtors do not seek to disallow the Galano Claim to the extent it asserts principal, interest, or fees and expenses associated with those bonds. Notably, the Commonwealth general obligation bonds asserted by the Galano Claim will be treated by the approved Plan and paid pursuant to its terms.

### VII.   The Martínez Colón Response

23.     On April 17, 2021—nearly three years after the applicable Bar Date—Martínez Colón filed a proof of claim against ERS, which was logged by Prime Clerk as Proof of Claim No. 179193 (the "Martínez Colón Claim"). The Martínez Colón Claim asserts liabilities associated with Martínez Colón's retirement contributions.

24.     The Martínez Colón Response, a Spanish-language letter, was filed on September 17, 2021, and was docketed as ECF No. 18159 on September 20, 2021. The Martínez Colón Response does not dispute that the Martínez Colón Claim was not timely failed. Instead, the Martínez Colón Response states: "I am cordially writing to you to object to your decision to not accept the claim that I made, due to it being filed late ... I consider I am entitled to it due to it being my retirement money accumulated for my years of work performed and which shall serve me for my retirement." Martínez Colón Response at 1. It does not, however, provide an explanation for why the Martínez Colón Claim was not timely filed.

25.     Accordingly, because the Martínez Colón Response does not dispute that the Martínez Colón Claim was not timely filed and does not provide a valid explanation for the failure to timely file a proof of claim, the Martínez Colón Claim should be disallowed.

## VIII.   The Gandia Response

26.   On July 14, 2021—over three years after the applicable Bar Date—Gandia filed a proof of claim against ERS, which was logged by Prime Clerk as Proof of Claim No. 179447 (the "Gandia Claim").   The Gandia Claim asserts liabilities associated with Gandia's retirement contributions.

27.   The Gandia Response was filed on September 17, 2021, and docketed as ECF No. 18165 on September 20, 2021.   The Gandia Response does not dispute that the Gandia Claim was not timely filed.   Instead, the Gandia Response states: "I live in the State of Florida … [and] I am opposing the decision for the reason of filing after deadline set by the Bar date order because, the information received to apply for this claim was in July 2021 and it was sent to the Puerto Rico address.   When I went to Puerto Rico this past July, the letter was given to me.   When I returned home, I immediately submitted the claim online by July 14, 2021."   Gandia Response at 1.   The Gandia Response attaches supporting documentation showing Gandia's father—to whom the retirement benefits allegedly accrued—died in July 2002.   *Id.*   It does not, however, provide a basis for Gandia's failure to file a timely claim, especially given that the Gandia Claim asserts liabilities allegedly owed as a result of Gandia's father's passing, which occurred sixteen years prior to ERS's Bar Date.

28.   Accordingly, because the Gandia Response does not dispute that the Gandia Claim was not timely filed and does not provide a valid explanation for the failure to timely file a proof of claim, the Gandia Claim should be disallowed.

## IX.   The Lugo Santana Response

29.   On February 4, 2020—over a year and a half after the applicable Bar Date—Lugo Santana filed a proof of claim against the Commonwealth, which was logged by Prime Clerk as

Proof of Claim No. 173121 (the "Lugo Santana Claim"). The Lugo Santana Claim asserts liabilities associated with a litigation captioned *Gladys García Rubiera v. Juan Flores Galarza*, No. 02-1179 (the "García Rubiera Litigation"), which sought reimbursement of certain duplicate insurance premiums paid by Puerto Rico consumers. The Lugo Santana Claim also attaches as supporting documentation a copy of a letter from AAFAF dated August 30, 2018, explaining how Puerto Rico consumers could seek reimbursement for payment of duplicate insurance premiums, and a form requesting reimbursement of premiums paid for the year 2002-2003, completed by Lugo Santana and dated September 5, 2018.

30.     The Lugo Santana Response was filed on September 17, 2021, and was docketed as ECF No. 18166 on September 29, 2021. The Lugo Santana Response does not dispute that the Lugo Santana Claim was not timely filed. Instead, it states: "I sent proof of 173121 for Reimbursement of a double premium. For the record, in Puerto Rico there are problems with the postal service. Mail is arriving late." Lugo Santana Response at 1. It does not, however, provide a basis for Lugo Santana's failure to file a timely proof of claim. Specifically, Lugo Santana does not explain why any postal service delays occurring in the fall of 2021, over three years after the Bar Date, could have impacted Lugo Santana's ability to file a proof of claim on or before the Commonwealth's Bar Date of June 29, 2018. Furthermore, pursuant to this Court's *Order Approving Assumption of Settlement Agreements with García Rubiera Class Plaintiffs*, ECF No. 17185, the Commonwealth has assumed certain settlement agreements with the plaintiffs to the García Rubiera Litigation (the "Settlement Agreements"), which provide for, among other things, a mechanism for reimbursing duplicate premiums to qualifying claimants. Pursuant to the Settlement Agreements, the Lugo Santana Claim has been satisfied.

31.     Accordingly, because the Lugo Santana Response does not dispute that the Lugo Santana Claim was not timely filed and does not provide a valid explanation for the failure to timely file a proof of claim, the Lugo Santana Claim should be disallowed.

## X.     The Febo Vázquez Response

32.     On January 2, 2019—eight months after the applicable Bar Date—Febo Vázquez filed a proof of claim against the Commonwealth, which was logged by Prime Clerk as Proof of Claim No. 168048 (the "Febo Vázquez Claim").   The Febo Vázquez Claim asserts liabilities associated with a litigation captioned SJ2018-CV-04361 (the "Febo Vázquez Litigation"), which was brought by Febo Vázquez against the Puerto Rico Industrial Commission for alleged political discrimination and civil rights violations.   In addition, the Febo Vázquez Claim attaches as supporting documentation a copy of the complaint filed by Febo Vázquez, which was filed on June 15, 2018 (the "Febo Vázquez Complaint").

33.     The Febo Vázquez Response was filed on September 20, 2021, and was docketed as ECF No. 18177 on September 21, 2021.   Therein, Febo Vazquez explains that she "filed an administrative case with the Anti-Discrimination Unit of the Department of Labor there for May 16, 2017[,] [t]hat the Anti-Discrimination Unit of the Department of Labor issued the authorization to litigate on February 26, 2018, and the U.S. Equal Employment Opportunity Commission [("EEOC")], on April 5, 2018."   Febo Vázquez Response at 2-3.   According to Febo Vázquez, on August 24, 2018, the Puerto Rico Industrial Commission filed a notice to stay the Febo Vázquez Litigation in light of the automatic stay extant pursuant to PROMESA section 301(a), which incorporates Bankruptcy Code section 362.   Febo Vázquez therefore "oppose[s] the allegation that the proof of claim was not filed on time, since it was made after the Commonwealth of Puerto

Rico filed the request for automatic stay and it was declared IN PLACE in the state court." *Id.* at 5.

34.     The Febo Vázquez Response does not, however, provide a valid explanation for Febo Vázquez's failure to timely file a proof of claim.   As Febo Vázquez acknowledges, she filed an administrative case asserting the liabilities associated with the Febo Vázquez Claim in May 2017, and received "authorization to litigate" from the Puerto Rico Department of Labor and the EEOC in February 2018 and April 2018, respectively—well before the Commonwealth's June 29, 2018 Bar Date.   Further, the Febo Vázquez Complaint was filed on June 15, 2018, two weeks prior to the Commonwealth's Bar Date.   Neither the Febo Vázquez Claim nor the Febo Vázquez Response explain why Febo Vázquez was unable to file a timely proof of claim.   Further, the fact that the Febo Vázquez Litigation was not stayed until August 2018 did not relieve Febo Vázquez of the obligation to file a timely proof of claim.

35.     Accordingly, because the Febo Vázquez Claim was not timely filed and the Febo Vázquez Response does not provide an explanation for the failure to file a timely proof of claim, the Febo Vázquez Claim should be disallowed.

**XI.    The Mercado De Jesus Response**

36.     On April 23, 2020, Mercado De Jesus filed a proof of claim against the Commonwealth, which was logged by Prime Clerk as Proof of Claim No. 173757 (the "Mercado De Jesus Claim").   The Mercado De Jesus Claim asserts liabilities associated with a Nota de Ahorro dated October 7, 2009.

37.     The Mercado De Jesus Response was filed on September 20, 2021, and was docketed as ECF No. 18184 on September 21, 2021.   The Mercado De Jesus Response does not address Debtors' contention that the Mercado De Jesus Claim was filed after the applicable Bar

Date.   Instead, the Mercado De Jesus Response states: "I disagree with the 374 omnibus objection of the Commonwealth of PR . . . all 989 bondholders should be paid.   I am 64 years old, retired from the Commonwealth of PR.   I made a loan of $800.00 at 7% interest to buy this saving note. I voted in favor the adjustment plan."   Mercado De Jesus Response at 1.   The Mercado De Jesus Response does not, however, provide an explanation for Mercado De Jesus's failure to timely file a proof of claim.

38.     Accordingly, because the Mercado De Jesus Response does not dispute that the Mercado De Jesus Claim was not timely filed and does not provide a valid explanation for the failure to timely file a proof of claim, the Mercado De Jesus Claim should be disallowed to the extent that it seeks to assert any amounts beyond principal, interest, or fees and expenses with respect to the Notas de Ahorro purportedly held by Mercado De Jesus. Although the Bar Date Order did not require Mercado De Jesus to file a claim with respect to his Notas de Ahorro, the Debtors do not seek to disallow the Mercado De Jesus Claim to the extent it asserts principal, interest, or fees and expenses associated with those bonds.   Notably, the Notas De Ahorro asserted by the Mercado De Jesus Claim will be treated by the approved Plan and paid pursuant to its terms.

**XII.   The Johnson Response**

39.     Johnson filed three proofs of claim against the Commonwealth, which were logged by Prime Clerk as Proofs of Claim Nos. 177676 (the "First Johnson Claim"), filed on April 21, 2020, 177765 (the "Second Johnson Claim"), filed on June 29, 2020, and 178772 (the "Third Johnson Claim," and together with the First Johnson Claim and Second Johnson Claim, the "Johnson Claims"), filed on October 30, 2020.   The Johnson Claims—each of which was filed well after the applicable Bar Date of June 29, 2018—assert that Johnson was wrongly convicted

of various felonies by the Puerto Rico courts, which caused him to lose his carpet cleaning company.

40.     The Johnson Response was filed on September 21, 2021, and was docketed as ECF No. 18197 on September 22, 2021.   The Johnson Response does not dispute that the Johnson Claims were not timely filed.   Instead, the Johnson Response states: "I am exempt or excluded from Law PROMESA.   See Docket Entry No. 12772."   Johnson Response at 2.   The referenced docket entry is *Motion to Be Exclude from Law PROMESA* (the "Johnson Lift Stay Motion")[7], which the Court construed as a motion seeking relief from the automatic stay.   *Memorandum Order Granting In Part and Denying In Part Obe E. Johnson's Motion for Relief from the Automatic Stay* [ECF No. 13316], at 1 (the "Order").   In the Order, the Court granted a limited modification—with the consent of the Commonwealth—of the automatic stay in connection with a habeas corpus action brought by Johnson.   *Id.* at 5.   It did not order or direct that Johnson should be "excluded from PROMESA" for purposes of his habeas corpus action.   And, even if it did, that would not have relieved Johnson of the obligation to file a timely proof of claim for alleged damages arising from the loss of his carpet cleaning company.

41.     Accordingly, because the Johnson Response does not dispute that the Johnson Claims were not timely filed and does not provide an explanation for the failure to timely file the proofs of claim, the Johnson Claims should be disallowed.

### XIII.   The Rodríguez González Response

42.     On July 20, 2021—three years after the applicable Bar Date—Rodríguez González filed a proof of claim against the Commonwealth, which was logged by Prime Clerk as Proof of

---

[7] Notably, the Johnson Lift Stay Motion was filed on April 7, 2020, nearly two years after the Commonwealth's Bar Date.

Claim No. 179457 (the "Rodríguez González Claim").  The Rodríguez González Claim asserts

liabilities arising from allegedly accrued, but unpaid, salary adjustments.

43.  The Rodríguez González Response was filed on September 23, 2021, and was

docketed as ECF No. 18234 on September 24, 2021.  The Rodríguez González Response does not

dispute that the Rodríguez González Claim was not timely filed.  Instead, it states: "I hereby

inform you that the claim was submitted after the deadline, though I knew I had some benefits

relating to 'El Romerazo,' I did not know where to make my claim."  Rodríguez González

Response at 1.  Rodríguez González's admission that he did not know where to file a claim does

not excuse his failure to timely file the Rodríguez González Claim, because the Bar Date Notice

approved by the Court and distributed to creditors in English and Spanish provided detailed

instructions regarding where and how to file proofs of claim.  *See, e.g.*, Bar Date Order, Ex. 1-B,

*Section 6 – Where and How to File*, at 7-8.

44.  Accordingly, because the Rodríguez González Response does not dispute that the

Rodríguez González Claim is not timely filed and does not provide an explanation for the failure

to timely file a proof of claim, the Rodríguez González Claim should be disallowed.

**XIV.  The Vargas Response**

45.  On July 6, 2018, Vargas filed a proof of claim against the Commonwealth, which

was logged by Prime Clerk as Proof of Claim No. 158363 (the "Vargas Claim").  The Vargas

Claim asserts liabilities associated with a litigation captioned *Rosa Lydia Velez v. Puerto Rico*

*Department of Education*.

46.  The Vargas Response was filed on September 30, 2021, and was docketed as ECF

No. 18327 that same day.  Therein, the Vargas Response states: "It is not true that my claim was

not submitted within the stipulated deadlines and that the claim was made after the applicable

deadline set by the ruling on deadlines.   My claim was sent by our legal representative on May 24, 2018, along with proof of claim." Vargas Response at 1.   However, the Vargas Response does not attach any documentation in support of the assertion that the Vargas Claim was mailed on May 24, 2018.   Further, the Vargas Claim was not executed until June 28, 2018, and therefore could not have been mailed on May 24, 2018.

47.     The Bar Date Order expressly states that "**[a]ll proofs of claim shall be delivered to and received by Prime Clerk no later than 4:00 p.m. (Atlantic Standard Time) on the applicable Bar Date**." Bar Date Order ¶ 13 (emphasis original).   Further, the Bar Date Notice warned creditors that "[a]ll Proofs of Claim . . . shall be filed with the claims and noticing agent, Prime Clerk LLC . . . **so as to actually be received** on or before the applicable Bar Date . . . ." *Id.*, Exhibit 1-B at 7 (emphasis original).   Prime Clerk's records demonstrate that it did not receive the Vargas Claim until July 6, 2018, one week after the Commonwealth's Bar Date.   The Vargas Response does not provide an explanation for Vargas's failure to timely file a proof of claim.

48.     Accordingly, because the Vargas Claim was not timely filed and the Vargas Response does not provide an explanation for the failure to timely file a proof of claim, the Vargas Claim should be disallowed.

**XV.    The Morales Camacho Response**

49.     On November 30, 2018—six months after the Commonwealth's Bar Date—Morales Camacho filed a proof of claim against the Commonwealth, which was logged by Prime Clerk as Proof of Claim No. 167986 (the "Morales Camacho Claim").   The Morales Camacho Claim asserts liabilities arising from allegedly accrued, but unpaid, salary adjustments, and attaches as supporting documentation a judgment dated June 28, 2017 in a case captioned *Frente*

*Unidos de Policías Organizados de Puerto Rico v. Estado Libre Asociado de Puerto Rico, et als.*,
Case No. KAC 2007-4170.

50.     The Morales Camacho Response was filed on October 1, 2021, and was docketed
as ECF No. 18376 on October 4, 2021.   The Morales Camacho Response does not dispute that
the Morales Camacho Claim was not timely filed.   Instead, the Morales Camacho Response states:
"I, Sergio Morales Camacho, did not know the procedure to file claims and evidence related to
this case, so I had to be guided in this regard to clarify uncertainties without losing or jeopardizing
my rights as a citizen.   When I clarified the uncertainties, I proceeded to fill out and send
documentation and/or evidence as diligently as possible, taking into consideration that this
honorable court accepts my claim as a citizen."   Morales Camacho Response at 1.   But, the Bar
Date Notice approved by the Court and distributed to creditors in English and Spanish provided
detailed instructions regarding who should file a claim, what to file, and where and how to file
proofs of claim.   *See, e.g.*, Bar Date Order.   The Morales Camacho Response does not explain
what "uncertainties" precluded him from filing a timely proof of claim, or when or how those
uncertainties were "clarified."   Moreover, Morales Camacho does not explain why those
"uncertainties" prevented him from timely filing a proof of claim asserting a judgment issued over
a year prior to the Bar Date.

51.     Accordingly, because the Morales Camacho Response does not dispute that the
Morales Camacho Claim was not timely filed and does not provide an explanation for the failure
to timely file a proof of claim, the Morales Camacho Claim should be disallowed.

**XVI.   The Rivera Collazo Response**

52.     On July 2, 2018, Rivera Collazo filed a proof of claim against the Commonwealth,
which was logged by Prime Clerk as Proof of Claim No. 135104 (the "Rivera Collazo Claim").

The Rivera Collazo Claim asserts liabilities arising from professional services that Rivera Collazo allegedly performed for the Puerto Rico courts.

53.     The Rivera Collazo Response was filed on October 12, 2021, and was docketed as ECF No. 18480 on October 13, 2021.   Therein, Rivera Collazo states: "I would like to inform you that I do not agree with this determination since we understand that we filed our claim on time, therefore I request that the determination be reconsidered."   Rivera Collazo Response at 1.   As noted above, the Bar Date Order required claimants to file proofs of claim so as to actually be received on or before June 29, 2018.   Bar Date Order ¶ 13.   Prime Clerk's records demonstrate that it did not receive the Rivera Collazo Claim until July 2, 2018, three days after the Commonwealth's Bar Date.   The Rivera Collazo Response does not provide proof that the Rivera Collazo Claim was filed timely, nor does it provide any explanation for Rivera Collazo's failure to timely file a proof of claim.

54.     Accordingly, because the Rivera Collazo Response does not provide an explanation for the failure to timely file a proof of claim, the Rivera Collazo Claim should be disallowed.

**XVII.  The Rodríguez Carcano Response**

55.     On July 9, 2018, Rodríguez Carcano filed a proof of claim against the Commonwealth, which was logged by Prime Clerk as Proof of Claim No. 158327 (the "Rodriguez Carcano Claim").   The Rodríguez Carcano Claim asserts liabilities arising from allegedly accrued, but unpaid, retirement contributions.   Further, the Rodríguez Carcano Claim asserts said retirement contributions arise in connection with a "Civil Case No. KPE 2005-0680 – Nilda Agosto Maldonado."

56.     The Rodríguez Carcano Response, a Spanish-language letter, was filed on October 14, 2021, and was docketed as ECF No. 18507 on October 15, 2021.   Therein, Rodriguez Carcano

states: "I am hereby requesting for my case to be reviewed, since when I first applied in person, I gave the form (the claim) in Caguas, Puerto Rico, where there was a staff member receiving the claims, and they told me that I was within the regulatory time limit."   Rodríguez Carcano Response at 1.   However, the Rodríguez Carcano Response does not provide any evidence that Rodríguez Carcano "first applied in person" or "gave the form . . . [to] a staff member receiving the claims."   *Id.*   Indeed, Prime Clerk does not have a record of any other claims filed by Rodríguez Carcano.   Further, the Rodríguez Carcano Claim attaches a "FedEx International Waybill," which shows that the claim was mailed on July 6, 2018, rather than filed in-person.   In addition, the Rodríguez Carcano Claim was executed on July 5, 2018, which is approximately one week after the applicable Bar Date.   The Rodríguez Carcano Response does not provide an explanation for the failure to timely file a proof of claim—particularly where, as here, the claim seeks to assert liabilities purportedly arising out of a litigation filed in 2005.

57.   Accordingly, because the Rodríguez Carcano Response does not dispute that the Rodríguez Carcano Claim was not timely filed and does not provide an explanation for the failure to timely file a proof of claim, the Rodríguez Carcano Claim should be disallowed.

**XVIII. The Williams Pérez Response**

58.   On July 3, 2018, Williams Pérez filed two proofs of claim against the Commonwealth and ERS, which were logged by Prime Clerk as Proofs of Claim Nos. 131274 (the "First Williams Pérez Claim") and 148102 (the "Second Williams Pérez Claim," and together with the First Williams Pérez Claim, the "Williams Pérez Claims"), respectively.   The Williams Pérez Claims assert liabilities arising from allegedly accrued, but unpaid, retirement contributions.

59.   The Williams Pérez Response was filed on October 15, 2021, and docketed as ECF No. 18530 on October 18, 2021.   Therein, Williams Pérez Response states: "My claims were

submitted before the deadline June 29th, 2018.   The United States Postal Service delivered 4 days later."   Williams Pérez Response at 3.   As noted above, the Bar Date Order required claimants to file proofs of claim so as to actually be received on or before June 29, 2018.   Bar Date Order ¶ 13.   Both Williams Pérez Claims attach envelopes demonstrating that they were mailed via regular mail on June 28, 2018; letters sent via regular mail typically are not delivered within one business day.   In fact, Prime Clerk's records demonstrate that it did not receive the Williams Pérez Claim until July 6, 2018, one week after the Commonwealth's Bar Date.   Further, the Williams Pérez Response does not provide any further explanation for Williams Pérez's failure to timely file a proof of claim.

60.    Accordingly, because the Williams Pérez Claims were not timely received by Prime Clerk and the Williams Pérez Response does not provide an explanation for the failure to timely file the proofs of claim, the Williams Pérez Claims should be disallowed.

### XIX.    The Martínez Sánchez Response

61.    On July 17, 2018, Martínez Sánchez filed a proof of claim against the Commonwealth, which was logged by Prime Clerk as Proof of Claim No. 160968 (the "Martínez Sánchez Claim").   The Martínez Sánchez Claim asserts liabilities arising from a litigation captioned *Rosa Lydia Vélez v. Puerto Rico Department of Education*.

62.    The Martínez Sánchez Response was filed on November 2, 2021, and was docketed as ECF No. 19033 on November 3, 2021.   Therein, Martínez Sánchez Response states: "I am notifying you that the documents were delivered within the requested time frame.   I am enclosing with this letter, evidence of Prime Clerk's certification of mailing, with my child's claim number showing that the claim was submitted on time."   Martínez Sánchez Response at 1.   The Martínez Sánchez Response attaches a filing receipt from Prime Clerk, which provides the "date filed" as

July 17, 2018.   Because July 17, 2018 falls three weeks after the applicable Bar Date of June 29, 2018, the Martínez Sánchez Claim was not timely filed.   Notably, in addition, the Martínez Sánchez Claim attaches an envelope demonstrating that the Martínez Sánchez Claim was mailed from San Juan, Puerto Rico on July 12, 2018, nearly two weeks after the Bar Date.

63.   Accordingly, because the Martínez Sánchez Claims were not timely received by Prime Clerk and the Martínez Sánchez Response does not provide an explanation for the failure to timely file the proofs of claim, the Martínez Sánchez Claims should be disallowed.

**XX.   The Soto Sánchez Response**

64.   On July 17, 2018—nearly one month after the applicable Bar Date—Soto Sánchez filed a proof of claim against the Commonwealth, which was logged by Prime Clerk as Proof of Claim No. 108658 (the "Soto Sánchez Claim").   The Soto Sánchez Claim asserts damages associated with a judgment in a litigation captioned *Rosa Lydia Velez v. Puerto Rico Department of Education.*

65.   The Soto Sánchez Response, a Spanish-language letter, was filed on November 2, 2021, and was docketed as ECF No. 19046 on November 3, 2021.   Therein, Soto Sánchez Response states: "[T]he documents were delivered within the requested time frame.   I am enclosing with this letter, evidence of Prime Clerk's certification of mailing, with my child's claim number showing that the claim was submitted on time."   Soto Sánchez Response at 1.   The Soto Sánchez Response attaches a filing receipt from Prime Clerk, which provides the "date filed" as July 17, 2018.   Because July 17, 2018 falls three weeks after the applicable Bar Date of June 29, 2018, the Soto Sánchez Claim was not timely filed.   Notably, in addition, the Soto Sánchez Claim attaches an envelope demonstrating that the Soto Sánchez Claim was filed mailed from San Juan, Puerto Rico on July 12, 2018, nearly two weeks after the Bar Date.

26

66.     Accordingly, because the Soto Sánchez Claims were not timely received by Prime Clerk and the Soto Sánchez Response does not provide an explanation for the failure to timely file the proofs of claim, the Soto Sánchez Claims should be disallowed

### XXI.   The Berrios Castrodad Response

67.     On July 26, 2021—three years after the applicable Bar Date—Berrios Castrodad filed a proof of claim against the Commonwealth and ERS, which was logged by Prime Clerk as Proof of Claim No. 179463 (the "Berrios Castrodad Claim").   The Berrios Castrodad Claim asserts liabilities allegedly owed in accordance with "Law 89 – 1979 – Retribución Uniforme."

68.     The Berrios Castrodad Response, a Spanish-language letter, was filed on November 2, 2021, and docketed as ECF No. 19037 on November 3, 2021.   The Berrios Castrodad Response does not address the Debtors' contention that the Berrios Castrodad Claim should be disallowed because it was filed well after the applicable Bar Date.   Nor does it explain why Berrios Castrodad was unable to file the Berrios Castrodad Claim within the time frame provided by the Bar Date Orders.   Instead, the Berrios Castrodad Response states that "[f]or some time, I have been trying to get my official teacher's certificate from the Department of Education.   I have just received it via the Portal, which is why I am sending it as proof for my request."   Berrios Castrodad Response at 1.

69.     Accordingly, because the Berrios Castrodad Response does not dispute that the Berrios Castrodad Claim was not timely filed and does not provide an explanation for the failure to timely file a proof of claim, the Berrios Castrodad Claim should be disallowed.

### XXII.  The Díaz O'Neill Responses

70.     On December 17, 2020—nearly two years after the applicable Bar Date—Díaz O'Neill filed a proof of claim against the Commonwealth, which was logged by Prime Clerk as

Proof of Claim No. 178975 (the "Díaz O'Neill Claim").   The Díaz O'Neill Claim asserts that Díaz O'Neill is owed $100 million in damages for alleged violations of Díaz O'Neill's constitutional rights purportedly committed by, among others, the Commonwealth, PRASA, and the American Arbitration Association.

71.   The First Díaz O'Neill Response was filed on November 5, 2021, and docketed as ECF No. 19125 on November 8, 2021, and the Second Díaz O'Neill Response was filed on November 8, 2021, and docketed as ECF No. 19142 on November 9, 2021.   The Díaz O'Neill Responses do not dispute that the Díaz O'Neill Claim was filed well after the applicable Bar Date. Rather, the First Díaz O'Neill Response alleges that "multiple arrests collateral with this process by the Department of Justice of the United States, the Department of Justice of Puerto Rico have prevent[ed] the timely appearance, due process of law has been impeded in each of the false arrest by the Commonwealth of Puerto Rico and the defendants," and requests the Court "activate the due process in the Title Two Cases."   Díaz O'Neill Response at 3-4.   The Second Díaz O'Neill Response requests the Court to "register [attached] exhibits 1 to 48," which appear to contain a series of pictures taken from various different online publications, as well as a letter regarding divorce proceedings, a criminal complaint against Díaz O'Neill dated May 22, 2017, and several letters written by Díaz O'Neill to individuals working within the Puerto Rico local court system. Second Dáaz O'Neill Response at 1-51.   Further, the Third Díaz O'Neill Response alleges Díaz O'Neill was arrested in Pooler, Georgia on June 16, 2018, and was released the next day "with a charge fabricated, a false arrest that the only concerted purpose was damage due process of law, damage and affect the timely appearance [] the initial bar date order."   Third Díaz O'Neill Response at 9-10.   Díaz O'Neill further alleges "[t]his false arrest was not a fluke this was a concerted criminal action in favor of the defendants and his lawyers and in favor of the oversight

board . . . ." *Id.* at 10.   The Third Díaz O'Neill Response also attaches as supporting documentation a series of photographs and documentation regarding his arrest.

72.     The Díaz O'Neill Responses do not provide an explanation for either Díaz O'Neill's failure to timely file a proof of claim, or the lengthy delay in ultimately filing his proof of claim.   While Díaz O'Neill does provide evidence that he was arrested on June 16, 2018, he does not explain why he was unable to file a proof of claim prior to June 2018.   Further, Díaz O'Neill provides no explanation for why he did not file the Díaz O'Neill Claim until nearly a year and a half after the Bar Date.   To the extent Díaz O'Neill purports to assert that either the Debtors or the Oversight Board somehow orchestrated his arrest in order to prevent him from filing a proof of claim, Díaz O'Neill provides no evidence to support that allegation.

73.     Accordingly, because the Diaz O'Neill Responses do not dispute that the Diaz O'Neill Claim was not timely filed and do not provide an explanation for the failure to timely file a proof of claim, the Diaz O'Neill Claim should be disallowed.

**XXIII. The Plaza Cruz Response**

74.     On November 21, 2018—six months after the Commonwealth's Bar Date—Plaza Cruz filed a proof of claim against the Commonwealth, which was logged by Prime Clerk as Proof of Claim No. 167977 (the "Plaza Cruz Claim").   The Plaza Cruz Claim asserts liabilities in an unspecified amount purportedly arising from accrued, but unpaid, salary adjustments purportedly owed by the Puerto Rico Department of Health.

75.     The Plaza Cruz Response, a Spanish-language letter, was filed on November 12, 2021, and was docketed as ECF No. 19202 on November 15, 2021.   The Plaza Cruz Response does not dispute that the Plaza Cruz Claim was not timely filed.   Instead, the Plaza Cruz Response states: "I retired from my position with the Government of Puerto Rico, after my 30 years of

service, because for the retirement system it is 30 years, but I really worked at my job for 33 years. As a secretary, I was an exemplary employee at my work." Plaza Cruz Response at 1. The Plaza Cruz Response further states: "I also wish to inform you that the General Post Office that processes all kinds of correspondence addressed to different entities is closed because the structure is damaged . . . ." *Id.* at 2. The Plaza Cruz Response does not provide a basis for Plaza Cruz's failure to timely file a proof of claim. Although the Plaza Cruz Response explains that the General Post Office is closed due to structural damage, it does not explain why that closure may have led to the late filing of the Plaza Cruz Claim.

76.     Accordingly, because the Plaza Cruz Response does not dispute that the Plaza Cruz Claim was not timely filed and does not provide an explanation for the failure to timely file a proof of claim, the Plaza Cruz Claim should be disallowed.

**XXIV. The Sánchez Rivera Response**

77.     On July 17, 2018—nearly one month after the applicable Bar Date—Sánchez Rivera filed a proof of claim against the Commonwealth, which was logged by Prime Clerk as Proof of Claim No. 145387 (the "Sánchez Rivera Claim," and together with the Oswald Claim, the Medina Serrano Claim, the Martin Cervera Claim, the Teresita Martin Claim, the Lynn Claim, the Galano Claim, the Martínez Colón Claim, the Gandia Claim, the Lugo Santana Claim, the Febo Vázquez Claim, the Mercado De Jesus Claim, the Johnson Claim, the Rodríguez González Claim, the Vargas Claim, the Morales Camacho Claim, the Rivera Collazo Claim, the Rodríguez Carcano Claim, the Williams Pérez Claim, the Martínez Sánchez Claim, the Soto Sánchez Claim, the Berrios Castrodad Claim, the Díaz O'Neill Claim, and the Plaza Cruz Claim, the "Claims"). The Sánchez Rivera Claim asserts damages associated with a judgment in a litigation captioned *Rosa Lydia Velez v. Puerto Rico Department of Education*.

78.   The Sánchez Rivera Response was filed on November 12, 2021, and was docketed as ECF No. 19203 on November 15, 2021.   Therein, Sánchez Rivera Response states: "I am notifying you that the documents were delivered within the requested time frame.   I am enclosing with this letter, evidence of Prime Clerk's certification of mailing, with my child's claim number showing that the claim was submitted on time."   Sánchez Rivera Response at 1.   The Sánchez Rivera Response attaches a filing receipt from Prime Clerk, which provides the "date filed" as July 17, 2018.   Because July 17, 2018 falls three weeks after the applicable Bar Date of June 29, 2018, the Sánchez Rivera Claim was not timely filed.   Notably, in addition, the Sánchez Rivera Claim attaches an envelope demonstrating that the Sánchez Rivera Claim was filed mailed from San Juan, Puerto Rico on July 12, 2018, nearly two weeks after the Bar Date.

79.   Accordingly, because the Sánchez Rivera Claims were not timely received by Prime Clerk and the Sánchez Rivera Response does not provide an explanation for the failure to timely file the proofs of claim, the Sánchez Rivera Claims should be disallowed.

80.   For the foregoing reasons, the Debtors respectfully request the Court grant the Three Hundred Seventy-Fourth Omnibus Objection and disallow the Claims to the extent set forth herein, notwithstanding the Responses.

[*Remainder of page intentionally left blank*]

Dated: February 2, 2022
      San Juan, Puerto Rico

Respectfully submitted,

_/s/ Ricardo Burgos Vargas_
Ricardo Burgos Vargas
USDC núm. 218210
**A&S LEGAL STUDIO, PSC**
434 Ave. Hostos
San Juan, PR 00918
Tel.:   (787) 751-6764
Fax:   (787) 763-8260

_/s/ Brian S. Rosen_
Martin J. Bienenstock (_pro hac vice_)
Brian S. Rosen (_pro hac vice_)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:   (212) 969-3000
Fax:   (212) 969-2900

_Attorneys for the Financial Oversight and
Management Board as representative for the
Commonwealth, COFINA, HTA, PBA, and
ERS_