# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth and ERS.** |

**REPLY OF THE COMMONWEALTH OF PUERTO RICO AND THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO THE RESPONSES [ECF NOS. 18054, 18055, 18171, 18250, 18262, 18265, 18309, AND 19344] TO THE THREE HUNDRED EIGHTY-SECOND OMNIBUS OBJECTION (SUBSTANTIVE) TO EMPLOYEE CLAIMS ASSERTING LIABILITIES OWNED BY ENTITIES THAT ARE NOT TITLE III DEBTORS**

**To the Honorable United States District Judge Laura Taylor Swain:**

The Commonwealth of Puerto Rico (the "Commonwealth") and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the Commonwealth, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Debtors pursuant

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] file this reply (the "Reply") in support of the *Three Hundred Eighty-Second Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Employee Claims Asserting Liabilities Owed by Entities that Are Not Title III Debtors* [ECF No. 17920] (the "Three Hundred Eighty-Second Omnibus Objection"). In support of the Reply, the Debtors respectfully represent as follows:

1. On August 20, 2021, the Debtors filed the Three Hundred Eighty-Second Omnibus Objection seeking to disallow claims associated with allegedly unpaid wages or other employment benefits purportedly owed by entities that are not Title III Debtors, each as listed on Exhibit A thereto (the "Claims to Be Disallowed"). Each of the Claims to Be Disallowed fail to comply with the applicable rules, however, because they do not provide a basis for asserting a claim against the Commonwealth or any other Title III Debtor for liabilities purportedly owed by entities that are not Title III Debtors.

2. The following responses addressing the Three Hundred Eighty-Second Omnibus Objection were interposed:

- *Reply in Accordance with the Established Procedures* [ECF No. 18054] (the "Elizabeth Centeno Response"), filed by claimant Elizabeth Martínez Centeno ("Elizabeth Centeno");

- *Reply in Accordance with the Established Procedures* [ECF No. 18055] (the "Damaris Centeno Response"), filed by claimant Damaris Martínez Centeno ("Damaris Centeno");

- *Response to Omnibus Objection* [ECF No. 18171] (the "Rodríguez Fernández Response"), filed by claimant Aixa Edmee Rodríguez Fernández ("Rodríguez Fernández");

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

2

- *Reply to Omnibus Objection* [ECF No. 18250] (the "Ruiz Response"), filed by claimant Ann M. Ruiz ("Ruiz");

- *Reply to Omnibus Objection* [ECF No. 18262] (the "Velázquez Pierantoni Response"), filed by claimant Wilson Velázquez Pierantoni ("Velázquez Pierantoni");

- *Reply to Omnibus Objection* [ECF No. 18265] (the "Santana Velázquez Response"), filed by claimant Amarilis Santana Velázquez ("Santana Velázquez");

- An untitled letter [ECF No. 18309] (the "Ramos Pérez Response") filed by claimant Millie Ramos Pérez ("Ramos Pérez");

- An untitled letter [ECF No. 19344] (the "Cruz Roman Response"), filed by claimant Hilda Cruz Roman ("Cruz Roman"); and

- *Reply to Omnibus Objection* [ECF No. 19474] (the "Delgado García Response," and together with the Elizabeth Centeno Response, the Damaris Centeno Response, the Rodríguez Fernández Response, the Ruiz Response, the Velázquez Pierantoni Response, the Santana Velázquez Response, the Ramos Pérez Response, and the Cruz Roman Response, the "Responses"), filed by claimant Sara W. Delgado García ("Delgado García").

**I.  The Elizabeth Centeno Response**

3.  Elizabeth Centeno filed a proof of claim against the Commonwealth on September 17, 2020, which was logged by Prime Clerk as Proof of Claim No. 176117 (the "Elizabeth Centeno Claim"). The Elizabeth Centeno Claim asserts liabilities associated with allegedly accrued, but unpaid, wages and related pension liabilities purportedly owed by the Puerto Rico Telephone Company.

4.  The Elizabeth Centeno Response was filed on September 7, 2021, and was docketed as ECF No. 18054 on September 8, 2021. Therein, Elizabeth Centeno states: "[t]he reason why the Court must not grant the Omnibus Objection in relation to my Claim is because, despite the fact that the Puerto Rico Telephone Company no longer exists under such name, it was indeed a government entity during the time that applies to this Claim." Elizabeth Centeno Response at 1. Elizabeth Centeno further asserts that "the PRTC was privatized, had a change in

3

name and ownership and is currently called Claro. This information is supported by an employment certification letter from Claro (previously PRTC)[.]" *Id.*

5. Accordingly, as Elizabeth Centeno concedes, the Puerto Rico Telephone Company was a former government entity which has subsequently been privatized and is no longer in existence. The Puerto Rico Telephone Company, therefore, is not a Title III Debtor. Neither the Elizabeth Centeno Response nor the Elizabeth Centeno Claim provides a valid basis for asserting liabilities against the Commonwealth or any other Title III Debtor in respect of allegedly accrued but unpaid wages purportedly owed by former government entities such as the Puerto Rico Telephone Company. Accordingly, the Elizabeth Centeno Claim should be disallowed.

**II.    The Damaris Centeno Response**

6. Damaris Centeno filed a proof of claim against the Commonwealth on September 22, 2020, which was logged by Prime Clerk as Proof of Claim No. 176315 (the "Damaris Centeno Claim"). The Damaris Centeno Claim asserts liabilities associated with allegedly accrued, but unpaid, wages and related pension liabilities purportedly owed by the Puerto Rico Telephone Company.

7. The Damaris Centeno Response was filed on September 7, 2021, and was docketed as ECF No. 18055 on September 8, 2021. Therein, Damaris Centeno states: "[t]he reason why the Court must not grant the Omnibus Objection in relation to my Claim is because, despite the fact that the Puerto Rico Telephone Company no longer exists under such name, it was indeed a government entity during the time that applies to this Claim." Damaris Centeno Response at 1. Damaris Centeno further asserts that "the PRTC was privatized, had a change in name and ownership and is currently called Claro. This information is supported by an employment certification letter from Claro (previously PRTC)[.]" *Id.*

8. Accordingly, Damaris Centeno also concedes that the Puerto Rico Telephone Company was a former government entity which has subsequently been privatized and is no longer in existence, and is therefore not a Title III Debtor. Further, neither the Damaris Centeno Response nor the Damaris Centeno Claim provides a basis for asserting liabilities against the Commonwealth or any other Title III Debtor in respect of allegedly accrued but unpaid wages purportedly owed by former government entities such as the Puerto Rico Telephone Company. Accordingly, the Damaris Centeno Claim should be disallowed.

### III. The Rodríguez Fernández Response

9. Rodríguez Fernández filed a proof of claim against the Commonwealth, which was logged by Prime Clerk as Proof of Claim No. 178223 (the "Rodríguez Fernández Claim"). The Rodríguez Fernández Claim asserts liabilities associated with allegedly accrued, but unpaid, wages and related pension liabilities purportedly owed by the Puerto Rico Telephone Company.

10. The Rodríguez Fernández Response was filed on September 20, 2021, and was docketed as ECF No. 18171 on September 21, 2021. Therein, Rodríguez Fernández states: "[t]he Court should not grant the Omnibus Objection because this is money that is owed as a result of the enactment by the government of the Commonwealth of Puerto Rico of the following laws, which were passed during the time period when the PRTC was a Government agency (Commonwealth): Act # 89 – Uniform Compensation – July 12, 1979 [and] Act # 89 – Romerazo – Effective July 1, 1995[.]" Rodríguez Fernández Response at 1.

11. As explained above and in the Three Hundred Eighty-Second Omnibus Objection, the Puerto Rico Telephone Company is not a Title III Debtor, but a former government entity which has subsequently been privatized. Neither the Rodríguez Fernández Response nor the Rodríguez Fernández Claim provides a basis for asserting liabilities against the Commonwealth or

5

any other Title III Debtor in respect of allegedly accrued but unpaid wages purportedly owed by former government entities such as the Puerto Rico Telephone Company. Accordingly, the Rodríguez Fernández Claim should be disallowed.

IV. **The Ruiz Response**

12. Ruiz filed a proof of claim against the Commonwealth, which was logged by Prime Clerk as Proof of Claim No. 176202 (the "Ruiz Claim"). The Ruiz Claim asserts liabilities associated with allegedly accrued, but unpaid, wages purportedly owed by the Puerto Rico Telephone Company.

13. The Ruiz Response was filed on September 24, 2021, and was docketed as ECF No. 18250 on September 27, 2021. Therein, Ruiz states: "I do not agree with the claim under the PROMESA LAW being dismissed as I am claiming money owed from salary increases corresponding to the years in which the PUERTO RICO TELEPHONE COMPANY belonged to the Commonwealth." Ruiz Response at 1. The Ruiz Response also attaches as supporting documentation a document entitled "Voluntary Separation Program – Estimated Benefits – UIET." *Id.* at 2.

14. Neither the Ruiz Response nor the Ruiz Claim provides a basis for asserting liabilities against the Commonwealth or any other Title III Debtor in respect of allegedly accrued but unpaid wages purportedly owed by former government entities such as the Puerto Rico Telephone Company. Accordingly, the Ruiz Claim should be disallowed.

V. **The Velázquez Pierantoni Response**

15. Velázquez Pierantoni filed a proof of claim against the Commonwealth on August 4, 2020, which was logged by Prime Clerk as Proof of Claim No. 178412 (the "Velázquez

6

Pierantoni Claim"). The Velázquez Pierantoni Claim asserts liabilities associated with allegedly accrued, but unpaid, wages purportedly owed by the Puerto Rico Telephone Company.

16. The Velázquez Pierantoni Response was filed on September 24, 2021, and was docketed as ECF No. 18250 on September 27, 2021. Therein, Velázquez Pierantoni states: "[t]he Court must not sustain the omnibus objection since it is money owed through the approval by the government of the Commonwealth of PR of laws that were passed during the period in which the P.R.T.C. belonged to the government. The P.R.T.C. belonged to the Commonwealth of 1999 when the sale of Telefónica was finalized." Velázquez Pierantoni Response at 1.

17. As explained above and in the Three Hundred Eighty-Second Omnibus Objection, however, the Puerto Rico Telephone Company is not a Title III Debtor, but a former government entity which has subsequently been privatized. Neither the Velázquez Pierantoni Response nor the Velázquez Pierantoni Claim provides a basis for asserting liabilities against the Commonwealth or any other Title III Debtor in respect of allegedly accrued but unpaid wages purportedly owed by former government entities such as the Puerto Rico Telephone Company. Accordingly, the Velázquez Pierantoni Claim should be disallowed.

**VI.   The Santana Velázquez Response**

18. Santana Velázquez filed a proof of claim against the Commonwealth on July 24, 2020, which was logged by Prime Clerk as Proof of Claim No. 178024 (the "Santana Velázquez Claim"). The Santana Velázquez Claim asserts, in part, liabilities associated with allegedly accrued, but unpaid wages, purportedly owed by the Puerto Rico Telephone Company.[3]

---

[3] Because the Santana Velázquez Claim also purports to assert, in part, Santana Velázquez's right to continue receiving her pension, a portion of the Santana Velázquez Claim was transferred into administrative claims reconciliation. For tracking purposes, that portion of the Santana Velázquez Claim was assigned the number 178024-1, and has since been resolved.

19. The Santana Velázquez Response was filed on September 27, 2021, and was docketed as ECF No. 18265 on September 28, 2021. Therein, Santana Velázquez states: "[t]he Court must not sustain the omnibus objection since it is money owed through the approval by the government of the Commonwealth of PR of laws that were passed during the period in which the P.R.T.C. belonged to the government. The P.R.T.C. belonged to the Commonwealth of 1999 when the sale of Telefónica was finalized." Santana Velázquez Response at 1.

20. As explained above and in the Three Hundred Eighty-Second Omnibus Objection, however, the Puerto Rico Telephone Company is not a Title III Debtor, but a former government entity which has subsequently been privatized. Neither the Santana Velázquez Response nor the Santana Velázquez Claim provides a basis for asserting liabilities against the Commonwealth or any other Title III Debtor in respect of allegedly accrued but unpaid wages purportedly owed by former government entities such as the Puerto Rico Telephone Company. Accordingly, the Santana Velázquez Claim should be partially disallowed. The remaining portion of the Santana Velázquez Claim will be resolved in accordance with the administrative claims reconciliation procedures.

**VII. The Ramos Pérez Response**

21. Ramos Pérez filed a proof of claim against the Commonwealth on September 17, 2020, which was logged by Prime Clerk as Proof of Claim No. 176003 (the "Ramos Pérez Claim"). The Ramos Pérez Claim asserts liabilities associated with allegedly accrued, but unpaid, wages purportedly owed by the Puerto Rico Telephone Company.

22. The Ramos Pérez Response was filed on September 29, 2021, and was docketed as ECF No. 18309 on September 30, 2021. Therein, Ramos Pérez states: "I started to work for the PRTC Co. in 1994 when the company belonged to the PR government, and I am still working here

8

under another name after the company's sale. During that time we were not given the benefits of salary increases, bonuses, commissions and other employment benefits owed for several years, which is in violation of Act 89 of the PR Government. Supposedly, according to my calculations, I should be reimbursed from $4,800 to $6,000 for payments not received and that is why I am writing to express my agreement with the claim." Ramos Pérez Response at 1. The Ramos Pérez Response attaches as supporting documentation several documents relating to benefits purportedly accrued during Ramos Pérez's employment with the Puerto Rico Telephone Company.

23. As explained above and in the Three Hundred Eighty-Second Omnibus Objection, however, the Puerto Rico Telephone Company is not a Title III Debtor, but a former government entity which has subsequently been privatized. Neither the Ramos Pérez Response nor the Ramos Pérez Claim provides a basis for asserting liabilities against the Commonwealth or any other Title III Debtor in respect of allegedly accrued but unpaid wages purportedly owed by former government entities such as the Puerto Rico Telephone Company. Accordingly, the Ramos Pérez Claim should be disallowed.

**VIII. The Cruz Roman Response**

24. Cruz Roman filed two proofs of claim against the Commonwealth on October 8, 2020 and September 11, 2020, which were logged by Prime Clerk as Proofs of Claim Nos. 176520 (the "First Cruz Roman Claim") and 178145 (the "Second Cruz Roman Claim," and together with the First Cruz Roman Claim, the "Cruz Roman Claims"). The Cruz Roman Claims assert liabilities associated with allegedly accrued, but unpaid, wages purportedly owed by the Puerto Rico Telephone Company.

25. The Cruz Roman Response was filed on November 22, 2021, and was docketed as ECF No. 19344 on November 23, 2021. The Cruz Roman Response does not address the

9

Debtors' contentions that they are not liable for liabilities purportedly owed by former government entities such as the Puerto Rico Telephone Company. Instead, Cruz Roman provides information regarding an update to her mailing address.

26. As explained in the Three Hundred Eighty-Second Omnibus Objection, however, the Puerto Rico Telephone Company is not a Title III Debtor but a former government entity which has subsequently been privatized and, accordingly, is no longer in existence. Neither the Cruz Roman Response nor the Cruz Roman Claims provide a basis for asserting liabilities against the Commonwealth or any other Title III Debtor in respect of allegedly accrued, but unpaid, wages purportedly owed by the Puerto Rico Telephone Company. Accordingly, the Cruz Roman Claims should be disallowed.

**IX.     The Delgado García Response**

27. Delgado García filed a proof of claim against the Commonwealth on July 24, 2020, and it was logged by Prime Clerk as Proof of Claim No. 177757 (the "Delgado García Claim," and collectively with the Elizabeth Centeno Claim, the Damaris Centeno Claim, the Rodríguez Fernández Claim, the Ruiz Claim, the Velázquez Pierantoni Claim, the Santana Velázquez Claim, the Ramos Pérez Claim, and the Cruz Roman Claim, the "Claims").

28. The Delgado García Response was filed on December 8, 2021, and was docketed as ECF No. 19474 on December 9, 2021. Therein, Delgado García states: "[t]he Court must not sustain the omnibus objection since it is money owed through the approval by the government of the Commonwealth of PR of laws that were passed during the period in which the P.R.T.C. belonged to the government. The P.R.T.C. belonged to the Commonwealth of 1999 when the sale of Telefónica was finalized." Delgado García Response at 1.

10

29. As explained above and in the Three Hundred Eighty-Second Omnibus Objection, however, the Puerto Rico Telephone Company is not a Title III Debtor, but a former government entity which has subsequently been privatized. Neither the Delgado García Response nor the Delgado García Claim provides a basis for asserting liabilities against the Commonwealth or any other Title III Debtor in respect of allegedly accrued but unpaid wages purportedly owed by former government entities such as the Puerto Rico Telephone Company. Accordingly, the Delgado García Claim should be disallowed.

30. For the foregoing reasons, the Debtors respectfully request that the Court grant the Three Hundred Eighty-Second Omnibus Objection and disallow the Claims, notwithstanding the Responses.

[*Remainder of Page Intentionally Left Blank*]

Dated: February 2, 2022
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*/s/ Brian S. Rosen*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth and ERS*