UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**NOTICE OF CORRESPONDENCE REGARDING THE THREE HUNDRED SEVENTY-FOURTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, THE PUERTO RICO SALES TAX FINANCING AUTHORITY, THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY TO LATE-FILED CLAIMS**

**To the Honorable United States District Judge Laura Taylor Swain:**

        1. On August 20, 2021, the Commonwealth of Puerto Rico ("Commonwealth"), the Puerto Rico Sales Tax Financing Authority ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Employees Retirement System of the Government of the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA," and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors"), as the sole Title III representative of the Debtors pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] filed the *Three Hundred Seventy-Fourth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, the Puerto Rico Sales Tax Financing Authority, the Puerto Rico Highways and Transportation Authority, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority to Late-Filed Claims* [ECF No. 17923] (the "Three Hundred Seventy-Fourth Omnibus Objection").

2. The Three Hundred Seventy-Fourth Omnibus Objection seeks to disallow certain proofs of claim that were late-filed and, accordingly, failed to comply with the terms of the applicable Bar Date Orders[3] (collectively, the "Claims to Be Disallowed"), each as listed on Exhibit A thereto. As set forth in the Three Hundred Seventy-Fourth Omnibus Objection and supporting exhibits thereto, the Claims to Be Disallowed were filed after the applicable Bar Date: (*i*) June 29, 2018 at 4:00 p.m. (Atlantic Time), for creditors of the Commonwealth, COFINA, HTA, and ERS, or (*ii*) July 29, 2020 at 4:00 p.m. (Atlantic Time), for creditors of PBA. Accordingly, pursuant to the terms of the Bar Date Orders, each of the holders of the Claims to Be Disallowed are barred from asserting a claim against the Debtors, and the Debtors are discharged from any and all liabilities to such claimants.

3. The Debtors have received correspondence from:

- Gladys Minguela Vázquez ("Minguela Vázquez"), attached hereto as Exhibits "A" (the "First Minguela Vázquez Response") and "B" (the "Second Minguela Vázquez

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Three Hundred Seventy-Fourth Omnibus Objection.

2

Response," and together with the First Minguela Vázquez Response, the "Minguela Vázquez Responses") regarding Proofs of Claim Nos. 179355 (the "First Minguela Vázquez Claim") and 179367 (the "Second Minguela Vázquez Claim");

- William Roman Morales ("Roman Morales"), attached hereto as Exhibit "C" (the "Roman Morales Response"), regarding Proofs of Claim Nos. 178943 (the "First Roman Morales Claim") and 179392 (the "Second Roman Morales Claim," and together with the First Roman Morales Claim, the "Roman Morales Claims");

- Celia Pilar Santiago Ortiz ("Santiago Ortiz"), attached hereto as Exhibit "D" (the "Santiago Ortiz Response"), regarding Proof of Claim No. 179439 (the "Santiago Ortiz Claim");

- Ana Luna Ríos ("Luna Ríos"), attached hereto as Exhibit "E" (the "Luna Rios Response"), regarding Proof of Claim No. 174092 (the "Luna Ríos Claim");

- Maria V. Rosario Cuevas ("Rosario Cuevas"), attached hereto as Exhibit "F" (the "Rosario Cuevas Response"), regarding Proof of Claim No. 173790 (the "Rosario Cuevas Claim");

- Edith Agostini Aviles ("Agostini Aviles), attached hereto as Exhibit "G" (the "Agostini Aviles Response"), regarding Proof of Claim No. 165427 (the "Agostini Aviles Claim");

- Ana Maria Arocho González ("Arocho González"), attached hereto as Exhibit "H" (the "Arocho González Response") regarding Proof of Claim No. 152213 (the "Arocho González Claim");

- Carmen G. Colón Maldonado ("Colón Maldonado"), attached hereto as Exhibit "I" (the "Colón Maldonado Response"), regarding Proof of Claim No. 113161 (the "Colón Maldonado Claim");

- Iris García Santiago ("García Santiago"), attached hereto as Exhibit "J" (the "García Santiago Response"), regarding Proof of Claim No. 168000 (the "García Santiago Claim");

- Alejandro J. Irizarry Irizarry ("Irizarry Irizarry"), attached hereto as Exhibit "K" (the "Irizarry Irizarry Response"), regarding Proof of Claim No. 153293 (the "Irizarry Irizarry Claim");

- Juan P. Lugo Ruberte ("Lugo Ruberte"), attached hereto as Exhibit "L" (the "Lugo Ruberte Response"), regarding Proof of Claim No. 168595 (the "Lugo Ruberte Claim");

- Jose R. Ortiz Solis ("Ortiz Solis"), attached hereto as Exhibit "M" (the "Ortiz Solis Response"), regarding Proof of Claim No. 171301 (the "Ortiz Solis Claim"); and

- Amilda Pérez Nieves ("Pérez Nieves"), attached hereto as Exhibit "N" (the "Pérez Nieves Response," and together with the Minguela Vázquez Response, the Roman Morales Response, the Santiago Ortiz Response, the Luna Ríos Response, the Rosario Cuevas Response, the Agostini Aviles Response, the Arocho González Response, the Colón Maldonado Response, the García Santiago Response, the Irizarry Irizarry Response, the Lugo Ruberte Response, and the Ortiz Solis Response, the "Responses"), regarding Proof of Claim No. 171116 (the "Pérez Nieves Claim," and together with the Minguela Vázquez Claim, the Roman Morales Claim, the Santiago Ortiz Claim, the Luna Rios Claim, the Rosario Cuevas Claim, the Agostini Aviles Claim, the Arocho González Claim, the Colón Maldonado Claim, the García Santiago Claim, the Irizarry Irizarry Claim, the Lugo Ruberte Claim, and the Ortiz Solis Claim, the "Claims").

Certified English translations of the Minguela Vázquez Responses, the Roman Morales Response, the Santiago Ortiz Response, the Luna Rios Response, the Rosario Cuevas Response, the Agostini Aviles Response, the Arocho González Response, the Colón Maldonado Response, the García Santiago Response, the Irizarry Irizarry Response, the Lugo Ruberte Response, the Ortiz Solis Response, and the Pérez Nieves Response are attached hereto as Exhibits "A-1," "B-1," "C-1," "D-1," "E-1," "F-1," "G-1," "H-1," "J-1," "K-1," "L-1," "M-1," and "N-1," respectively.

**I. The Minguela Vázquez Responses**

4. On June 16, 2021—three years after the applicable Bar Date—Minguela Vázquez filed the Minguela Vázquez Claims. The Minguela Vázquez Claims do not explain the basis or amount of the claims, and they do not identify a specific agency or entity that purportedly owes any liabilities to Minguela Vázquez.

5. The Minguela Vázquez Responses consist of completed information request forms. Therein, Minguela Vázquez asserts that she is owed "thousands" in allegedly accrued but unpaid wages and employment-related benefits purportedly owed by the Puerto Rico Department of Education.

6. The Minguela Vázquez Responses do not dispute that the Minguela Vázquez Claims were not timely filed. Further, the Minguela Vázquez Responses do not provide an

4

explanation for Minguela Vázquez's failure to file timely proofs of claim. Accordingly, because the Minguela Vázquez Responses do not dispute that the Minguela Vázquez Claims were not timely filed and do not provide an explanation for the failure to timely file a proof of claim, the Minguela Vázquez Claims should be disallowed.

### II. The Roman Morales Response

7. Roman Morales filed the First Roman Morales Claim on December 7, 2020—a year and a half after the applicable Bar Date—and the Second Roman Morales Claim on June 11, 2021—nearly three years after the applicable Bar Date. The Roman Morales Claims appear to assert liabilities associated with a civil rights case Roman Morales brought against the Commonwealth.

8. The Roman Morales Response consists of a handwritten motion. Therein, Roman Morales states: "the co-plaintiff is at a disadvantage as he does not know English and has not been able to respond to the last letter sent by this Honorable Court. Therefore, he requests of this Honorable Court and its Honorable Judges to please have any letter sent by this Honorable Court written in Spanish so that he can respond as soon as possible in order to know of this status of these legal proceedings because, to date, he does not know of their status to be able to respond." Roman Morales Response at 1. Roman Morales further states: "the co-plaintiff has full interest in this case, therefore he has remained in contact to know how things are going with the case and in communication with this Honorable Court of Justice in order to stay up to date." *Id.* The Roman Morales Response does not dispute that the Roman Morales Claims were not timely filed. Further, nothing in the Roman Morales Response explains the failure to file a timely proof of claim.

9. Accordingly, because the Roman Morales Response does not dispute that the Roman Morales Claims were not timely filed and does not provide an explanation for the failure to timely file the proofs of claim, the Roman Morales Claims should be disallowed.

**III. The Santiago Ortiz Response**

10. On July 6, 2021—over three years after the applicable Bar Date—Santiago Ortiz filed the Santiago Ortiz Claim. The Santiago Ortiz Claim asserts liabilities associated with allegedly accrued, but unpaid, salary increases purportedly owed by the Puerto Rico Department of Education.

11. The Santiago Ortiz Response does not address the Debtors' contention that the Santiago Ortiz Claim was not timely filed. Rather, the Santiago Ortiz Response consists of a completed information request form, reiterating that the Santiago Claim asserts liabilities associated with allegedly unpaid wage increases. Santiago Ortiz Response at 1-3.

12. Accordingly, the Santiago Ortiz Response does not dispute that the Santiago Ortiz Claim was not timely filed. Further, the Santiago Ortiz Response does not provide an explanation for Santiago Ortiz's failure to file a timely proof of claim. Because the Santiago Ortiz Response does not dispute that the Santiago Ortiz Claim was not timely filed and does not provide an explanation for the failure to timely file a proof of claim, the Santiago Ortiz Claim should be disallowed.

**IV. The Luna Ríos Response**

13. On June 5, 2020—almost two years after the applicable Bar Date— Luna Ríos filed the Luna Ríos Claim. The Luna Ríos Claim asserts liabilities associated with allegedly accrued, but unpaid, wages purportedly owed by the Department of the Family. The Luna Ríos Claim attaches as supporting documentation one page from a resolution in a case captioned *Madeline Acevedo Camacho y otros v. Departamento de la Familia*, Case No. 2016-05-1340

14. The Luna Ríos Response does not dispute that the Luna Ríos Claim was not timely filed. Further, the Luna Ríos Response does not explain the failure to file a timely proof of claim. Rather, the Luna Ríos Response, a Spanish-language, handwritten letter, states: "I object to the denial. I am not in agreement with the rejection, so I request I be guided as to which are the clarifications." Luna Ríos Response at 1.

15. Accordingly, because the Luna Ríos Response does not dispute that the Luna Ríos Claim was not timely filed and the Luna Ríos Response does not provide an explanation for the failure to timely file a proof of claim, the Luna Ríos Claim should be disallowed.

### V. The Rosario Cuevas Response

16. On April 27, 2020—almost two years after the applicable Bar Date—Rosario Cuevas filed the Rosario Cuevas Claim. The Rosario Cuevas Claim asserts liabilities associated with allegedly accrued, but unpaid, wage increases.

17. The Rosario Cuevas Response consists of a copy of the notice of objection attaching, among other things, a certified mail receipt. Rosario Cuevas Response at 4. That mailing receipt demonstrates the Rosario Cuevas Claim was mailed on April 17, 2020, nearly two years after the Commonwealth's June 29, 2018 Bar Date. Further, the Rosario Cuevas Response does not provide an explanation for Rosario Cuevas's failure to file a timely proof of claim.

18. Accordingly, because the Rosario Cuevas Claim was not timely filed and the Rosario Cuevas Response does not provide an explanation for the failure to timely file a proof of claim, the Rosario Cuevas Claim should be disallowed.

### VI. The Agostini Aviles Response

19. On July 5, 2018, Agostini Aviles filed the Agostini Aviles Claim. The Agostini Aviles Claim asserts liabilities in an unspecified amount associated with allegedly accrued, but unpaid, wages purportedly owed by the Puerto Rico Department of Labor and Human Resources.

7

20. The Agostini Aviles Response consists of a copy of the notice of objection, a portion of a printed statement from Agostini Aviles's "Mi Retiro" retirement account statement, and a copy of the Agostini Aviles Claim. The Agostini Aviles Response does not otherwise address the Debtors' contention that the Agostini Aviles Claim was not timely filed or provide any explanation as to Agostini Aviles's failure to file a timely proof of claim.

21. Accordingly, because the Agostini Aviles Response does not dispute that the Agostini Aviles Claim was not timely filed and does not provide an explanation for the failure to timely file a proof of claim, the Agostini Aviles Claim should be disallowed.

**VII.  The Arocho González Response**

22. On July 5, 2018, Arocho González filed the Arocho González Claim. The Arocho González Claim asserts liabilities in an unspecified amount associated with allegedly accrued, but unpaid, wages purportedly owed by the Puerto Rico Department of Education and the Puerto Rico Department of Social Services.

23. The Arocho González Response consists of a handwritten letter attaching copies of a notice accompanying the Three Hundred Seventy-Fourth Omnibus Objection. Therein, Arocho González states: "I, Ana Maria Arocho González, respectfully request that my claims not be rejected since they were submitted on the June 29, 2018, deadline at the Moca, P.R. Post Office. The volume of work was immense because it was the deadline for submitting the claim and it was a weekend, so the post office was full of clients. I always send all documents by mail. Due to an unintentional mistake, it was postmarked later." Arocho González Response at 3.

24. The Bar Date Order expressly states that "**[a]ll proofs of claim shall be delivered to and received by Prime Clerk no later than 4:00 p.m. (Atlantic Standard Time) on the applicable Bar Date**." Bar Date Order ¶ 13 (emphasis original). Further, the Bar Date Notice warned creditors that "[a]ll Proofs of Claim . . . shall be filed with the claims and noticing agent,

8

Prime Clerk LLC . . . **so as to actually be received** on or before the applicable Bar Date . . . ." *Id.*, Exhibit 1-B at 7 (emphasis original). Although the Arocho González Claim was executed on June 29, 2018, the priority mail envelope attached to the Arocho González Claim was postmarked on June 30, 2018, the day after the Bar Date, and was stamped received by Prime Clerk on July 5, 2018, six days after the Bar Date. Further, the Arocho González Response provides no explanation for the failure to timely file the Arocho González Claim.

25. Accordingly, because the Arocho González Response does not dispute that the Arocho González Claim was not timely filed and does not provide an explanation for the failure to timely file a proof of claim, the Arocho González Claim should be disallowed.

**VIII. The Colón Maldonado Response**

26. On July 2, 2018, Colón Maldonado filed the Colón Maldonado Claim. The Colón Maldonado Claim asserts liabilities associated with allegedly accrued, but unpaid, mileage payments arising from Colón Maldonado's employment with the Puerto Rico Department of Education.

27. The Colón Maldonado Response consists of a copy of a notice in English and Spanish accompanying the Three Hundred Seventy-Fourth Omnibus Objection, with Colón Maldonado's handwritten notes. The Colón Maldonado Response does not dispute that the Colón Maldonado Claim was not timely filed. Instead, the Colón Maldonado Response states: "[i]t took me a while to understand the details of the claim. Some English terms are hard to understand. I did not understand what to do." Colón Maldonado Response at 1. The Colón Maldonado Response, therefore, does not provide an explanation for Colón Maldonado's failure to file a timely proof of claim.

9

28. Accordingly, because the Colón Maldonado Response does not dispute that the Colón Maldonado Claim was not timely filed and does not provide an explanation for the failure to timely file a proof of claim, the Colón Maldonado Claim should be disallowed.

### IX. The García Santiago Response

29. On December 11, 2018—five months after the applicable Bar Date—García Santiago filed the García Santiago Claim. The García Santiago Claim asserts damages allegedly owed by K-Mart Puerto Rico.

30. The García Santiago Response consists of a completed information request form stating that the García Santiago Claim asserts liabilities arising out of an accident at a K-Mart store in Fajardo. The García Santiago Response attaches a copy of an email exchange with Prime Clerk dated between January and February 2019, and attaching a proof of claim filed in K-Mart's bankruptcy case. It also contains a letter stating that García Santiago "answer[ed] a questionnaire by February 22, 2019," and "received a second request asking us to send a second Proof of Claim by April 10, 2019." García Santiago Response at 6. García Santiago does not explain why the first questionnaire response was sent in February 2019, months after the Bar Date, or from whom she allegedly received a "second request." The García Santiago Response therefore does not explain why the García Santiago Claim was filed five months after the Bar Date.

31. Accordingly, because the García Santiago Claim was not timely filed and the García Santiago Response does not provide an explanation for the failure to timely file a proof of claim, the García Santiago Claim should be disallowed.

### X. The Irizarry Irizarry Response

32. On July 3, 2018, Irizarry Irizarry filed the Irizarry Irizarry Claim. The Irizarry Irizarry Claim asserts liabilities associated with allegedly accrued, but unpaid, wages purportedly owed by the Puerto Rico Department of Education.

10

33. The Irizarry Irizarry Response consists of two letters. The first letter, which attaches a copy of a notice accompanying the Three Hundred Seventy-Fourth Omnibus Objection, states: "I, Alejandra Jesús Irizarry Irizarry notify that, Alejandro Irizarry Lugo, my father, born on May 3, 1921 and died on September 30, 2005, a WW2 veteran. I am sending the document received back to you. The property on the address 7001 is mine as inheritance." Irizarry Irizarry Response at 1. The second letter states: "I am sending a copy of my first letter sent to you on September 26, 2019 . . . the date of my first claim was on 7/3/2018. I am not responsible for the errors and economic atrocities that the administrators and politicians in my country made in the past." *Id.* at 4. The second letter also attaches a copy of a letter dated September 26, 2019, which provides a breakdown of the amount allegedly owed to Irizarry Irizarry. *Id.* at 5. Accordingly, the Irizarry Irizarry Response does not dispute that the Irizarry Irizarry Claim was not timely filed, and does not explain the failure to file a timely proof of claim.

34. Because the Irizarry Irizarry Response does not dispute that the Irizarry Irizarry Claim was not timely filed and does not provide an explanation for the failure to file a timely proof of claim, the Irizarry Irizarry Claim should be disallowed.

**XI. The Lugo Ruberte Claim**

35. On April 18, 2019—nearly one year after the applicable Bar Date—Lugo Ruberte filed the Lugo Ruberte Claim. The Lugo Ruberte Claim asserts liabilities in an unspecified amount associated with allegedly accrued but unpaid wages purportedly owed by the Puerto Rico Sugar Corporation.

36. The Lugo Ruberte Response consists of a copy of Exhibit D to the Three Hundred Eighty-Second Omnibus Objection, with a handwritten note at the bottom of the last page. The note states: "[p]lease note for the record that I just received this today, September 24. I am proceeding to send this to state my interest in claim 168595 for the record, and looking forward to

11

the best answer possible." Lugo Ruberte Response at 3. The Lugo Ruberte Response therefore does not dispute that the Lugo Ruberte Claim was not timely filed, and it does not explain Lugo Ruberte's failure to file a timely proof of claim.

37. Accordingly, because the Lugo Ruberte Response does not dispute that the Lugo Ruberte was not timely filed and does not provide an explanation for the failure to timely file a proof of claim, the Lugo Ruberte Claim should be disallowed.

### XII. The Ortiz Solis Response

38. On October 7, 2019—over one year after the applicable Bar Date—Ortiz Solis filed the Ortiz Solis Claim. The Ortiz Solis Claim asserts allegedly accrued but unpaid wages purportedly owed by the Department of Corrections.

39. The Ortiz Solis Response consists of a copy of an information request form, which asserts that Ortiz Solis is a plaintiff in a multi-plaintiff litigation brought against the Department of Corrections by former Department of Corrections' employees captioned *Alfredo Maldonado Rodríguez et al. v. Zoe Laboy Alvrado*, Case No. 1996-1381. Ortiz Solis Response at 1-2. The Ortiz Solis Response attaches a handwritten letter, reiterating the information provided in the information request form, and attaching copies of pleadings in the referenced multi-plaintiff litigation. The Ortiz Solis Response does not dispute that the Ortiz Solis was not timely filed, and it does not explain Ortiz Solis's failure to file a timely proof of claim.

40. Accordingly, because the Ortiz Solis Response does not dispute that the Ortiz Solis was not timely filed and does not provide an explanation for the failure to timely file a proof of claim, the Ortiz Solis Claim should be disallowed.

### XIII. The Pérez Nieves Response

41. On October 3, 2019—over one year after the applicable Bar Date—Pérez Nieves filed the Pérez Nieves Claim. The Pérez Nieves Claim asserts liabilities in an unspecified amount associated with allegedly accrued, but unpaid, wages.

42. The Pérez Nieves Response consists of a handwritten letter. Therein, Pérez Nieves states: "I contacted you immediately by phone and was assisted by Mr. John Valdés, who told me that what had happened was that I had failed to send what you had requested within the legal timeframe for you. I would like to let you know and clarify that as soon as I found out, which was through a former coworker of mine, since I was never sent a letter requesting the information and, in addition, I am retired (a government retiree), and you never asked me for it. Therefore, I submitted said information using a form that my former coworker gave me." Pérez Nieves Response at 1-2. The Pérez Nieves Response does not dispute that the Pérez Nieves Claim was not timely filed, and it does not explain Pérez Nieves's failure to file a timely proof of claim.

43. Accordingly, because the Pérez Nieves Response does not dispute that the Pérez Nieves Claim was not timely filed and does not provide an explanation for the failure to timely file a proof of claim, the Pérez Nieves Claim should be disallowed.

44. For the foregoing reasons, the Debtors respectfully request that the Court grant the Three Hundred Seventy-Fourth Omnibus Objection and disallow the Claims, notwithstanding the Responses.

[*Remainder of Page Intentionally Left Blank*]

Dated: February 2, 2022
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Ricardo Burgos Vargas*
Ricardo Burgos Vargas
USDC núm. 218210
**A&S LEGAL STUDIO, PSC**
434 Ave. Hostos
San Juan, PR 00918
Tel.: (787) 751-6764
Fax: (787) 763-8260

*/s/ Brian S. Rosen*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth, COFINA, HTA, PBA, and ERS*

14