# EXHIBIT 7

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD OF<br>PUERTO RICO<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO<br>RICO, et al. | PROMESA TITLE III<br><br>No. 17 BK  3283-LTS<br><br>(Jointly Administered)<br><br>The filing relates to the Commonwealth,<br>COFINA, HTA, ERS and PBA |

**REPLY TO THREE HUNDRED SEVENTY - FOURTH OMNIBUS
OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO
RICO, PUERTO RICO SALES TAX FINANCING AUTHORITY, PUERTO
RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, EMPLOYEES
RETIREMENT SYSTEM OF THE GOVERNMENT OF THE
COMMONWEALTH OF PUERTO RICO AND PUERTO RICO PUBLIC
BUILDING AUTHORITY TO LATE - FILED CLAIMS**

To the Honorable United States District Court Judge Laura Taylor Swain:

I, NYDIA FEBO VAZQUEZ, whose claim number is 168048, and respectfully before

this Honorable District Court allege:

1.- I have been notified of the motion filed by the Commonwealth of Puerto Rico (

"Three Hundred Seventy- Fourth Omnibus Objection (Substantive) of the

Commonwealth of Puerto Rico… .To Late Filed Claims "), requesting the dismissal of

the claim for allegedly presenting the proof of claim outside the established term, since

it alleges that it was presented after the deadline  set by the Resolution of deadlines, as

it is deduced from Exhibit  A, Page 167, line 948 included in that   motion.

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*22/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

2.- Back there on June 15, 2018, the claimant here filed before state court a Complaint against one of the agencies of the Commonwealth of Puerto Rico, Puerto Rico Industrial Commission through its President Lic. Diana B. Cordero and through the Secretary of Justice, Hon. Wanda Vázquez; and against some public employees, against Grace Lozada Crespo, in her official and personal capacity; against Johanna Agosto Nieves, in her official and personal capacity; against Iris M. Cabeza Pérez, in her official and personal capacity; against Nicholle M. Torres González, in his official and personal capacity. Exhibit A, Complaint.

Through the Lawsuit, it was claimed against the defendants for discrimination due to political affiliation; violation of civil rights; retaliation; and, for reasonable accommodation, as reasonable accommodation has not been granted despite medical recommendation. Items in damages were requested in the Claim, for the damages suffered by the Claimant. The causes of action were presented in accordance with the Constitution of the Commonwealth of Puerto Rico; Law 100 of June 30, 1959, as amended; The Law of Equal Employment Opportunities for Persons with Disabilities, Law No. 44 of July 2, 1985; and, the American With Disabilities Act (ADA), as amended by the American With Disabilities Act of 2008, 42 USC, Chapter 126, secs. 12101 et seq. A pattern of discrimination is alleged, and the imposition of onerous conditions from August 2015 to June 2017.

3.- Prior to the filing of this case before the Judicial Forum, the Claimant filed an administrative case with the Anti-Discrimination Unit of the Department of Labor there for May 16, 2017. That the Anti-Discrimination Unit of the Department of Labor issued

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*22/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

the authorization to litigate on February 26, 2018, and the US Equal Employment Opportunity Commission, on April 5, 2018. Exhibit B and C.

4. - On June 27, 2018, a request was made to amend the Complaint to correct the name of the Defendant Nicholle M. Torres González, and the issuance of the summons of this defendant, which was authorized by the Honorable Court by order of June 28, 2018 . Exhibit D.

5.- The defendants Industrial Commission of Puerto Rico, Grace Lozada Crespo, Johanna Agosto Nieves, Iris M. Cabeza Pérez, and the Secretary of Justice filed on August 24, 2018, motions entitled "Notice of Cessation of Proceedings by virtue of the Presentation of the Petition Presented by the Government of Puerto Rico Under Title III of PROMESA", each one respectively, requesting the automatic stay of the judicial proceedings for the bankruptcy petition filed by the Commonwealth of Puerto Rico there for May 3, 2017. It requests the stay on the grounds that the facts contained in the lawsuit occurred before May 3, 2017. Exhibit E.

6.- That as a result of the filings of the motions aforementioned, the Honorable Court approved them, and issued a Judgment in accordance with the order, the Honorable Court taking cognizance of the petition of the Commonwealth of Puerto Rico (hereinafter ELA) for bankruptcy under Promise Law, thus filing the case for administrative purposes; both documents being issued and notified on August 27, 2018. EXHIBIT F.

7.- That a Motion for Reconsideration was presented on August 31, 2018, Exhibit G, with which I opposed the Judgment declaring the stay for bankruptcy, based on the

"Puerto Rico Oversight, Management, and Economy Stability Act", Public Law 114-187
of June 30, 2016, known as "PROMESA", in its Title III, section 301 (a), 48 USC 2161 ,
and section 362 of the Bankruptcy Code, Title 11 USC. These sections contemplate the
automatic stay following the filing of a bankruptcy petition. Section 362 establishes that:

"(a) Except as provided in subsection (b) of this section, a petition filed under section
301, 302, or 303 of this title, or an application filed under section 5 (a) (3) of the
Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities,
of-

   (1) The commencement or continuation, including the issuance or employment of
       process, of a judicial, administrative, or other action or proceeding against the
       debtor that was or could have been commenced before the commencement of
       the case under this title, or to recover a claim against the debtor that arose
       before the commencement of the case under this title;'

   Based on the fact that I filed my claim before the Anti-Discrimination Unit of the
Department of Labor on May 16, 2017,   after the filing of the bankruptcy case of the
ELA. It is not until February 26, 2018, that the Anti-Discrimination Unit of the
Department of Labor issues permission to litigate in my favor; and, that the US Equal
Employment Opportunity Commission, issued the permission to litigate on April 5, 2018.
I filed my Complaint  in the State Court on June 15, 2018, after the filing of the
bankruptcy case of the ELA, which was on May 3, 2017, considering that the beginning
of that case is in accordance with Sec. 304, Title III of PROMESA, 48 USC 2164, with
the filing of the petition before the District Court by the Board of Supervision.

   The Court declared the reconsideration of the judgment  was declared "No Ha Lugar"
on September 25, 2018.  Exhibit H

8.- After   I filed the proof of claim, and provided within the time   granted the
documentary evidence through  email. Exhibit I.

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*22/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

9.- That I oppose the allegation that the proof of claim was not filed on time, since it was made after the Commonwealth of Puerto Rico filed the request for automatic stay and it was declared IN PLACE in the state court.

10.- I respectfully oppose the request to dismiss my claim by the Commonwealth of Puerto Rico .

### CERTIFICATE OF SERVICE

I CERTIFY: Have sent a copy of this letter by mail with acknowledgment of receipt to:

COUNSEL FOR THE OVERSIGHT BOARD
PROSKAUSER ROSE LLP
ELEVEN TIMES SQUARE
NEW YORK, NEW YORK 10036-8299
Attn:  Martin J. Bienenstock
Brian S. Rosen

COUNSEL FOR THE CREDITORS' COMMITTEE
Paul Hastings LLP
200 PARK AVENUE
NEW YORK, NEW YORK 10166
Attn: Luc A. Despins
James Bliss
Jasmes Worthington
G.Alexander Bongartz

In San Juan, Puerto Rico, on September 18, 2021.

NYDIA FEBO VAZQUEZ
Claim 168048

PO BOX 391
GURABO, Puerto Rico 00778-0391
arcangelina2015@gmail.com
Tel. (787) 547-0145

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*22/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*





*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*22/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

*COMMONWEALTH OF PUERTO RICO*
*TRIAL COURT*
*SUPERIOR COURT OF SAN JUAN*

| | |
|---|---|
| *NYDIA FEBO VAZQUEZ* | *CIVIL CASE NO.* |
| *Plaintiff,* | *IN RE: DISCRIMINATION BASED ON POLITICAL IDEAS; DISCRIMINATION DUE TO IMPEDIMENT; REASONABLE ACCOMMODATIONS; CIVIL RIGHTS VIOLATIONS; RETALIATION* |
| *V.* | |
| *PUERTO RICO INDUSTRIAL COMMISSION through its President Diana B. Cordero Díaz; SECRETARY OF JUSTICE Hon. Wanda Vázquez; GRACE LOZADA CRESPO, in her official and personal capacity; JOHANNA AGOSTO NIEVES, in her official and personal capacity; IRIS. M. CABEZA PÉREZ, in her official and personal capacity; NICHOLLE M. TORRES TORRES, in her official and personal capacity.* | |
| *Defendants.* | |

*COMPLAINT*

*TO THE HONORABLE COURT:*

*The PLAINTIFF, through her undersigned legal counsel, appears before this Honorable Court and very respectfully DECLARES, ALLEGES AND REQUESTS:*

*PARTIES*

1. *The Plaintiff is of legal age, and her mailing address is P.O. Box 31080, San Juan, Puerto Rico, 00929; her physical address is Condominio Vista Verde G 223, San Juan, Puerto Rico.*

2. *The Defendant, the Puerto Rico Industrial Commission, is located at 310 Calle 3 SE, Urb. La Rivera, Barrio Monacillos, Rio Piedras, Puerto Rico. Its mailing address is P.O. Box 364466, San Juan, Puerto Rico, 00936-4466. The Defendant is to be served through its President, Diana B. Cordero Díaz. The Secretary of Justice, the Hon. Wanda Vázquez, is included as a Defendant party, in accordance with Rule 4.4 (g) of Civil Procedure, since the Defendant is a public agency, and because included among the Defendants are employees in their official capacity, and this party's mailing address is P.O. Box 9020192, San Juan, Puerto Rico, and physical address is Calle Olimpo, Esq. Axtmayer, Parada 11, Miramar, San Juan, Puerto Rico.*

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*22/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

3.  *The mailing and physical address of Defendant Grace S. Lozada Crespo, who is a defendant both in her professional and personal capacity, is Urb. Bucaré, Calle Onix #4, Guaynabo, Puerto Rico 00969.*

4.  *The mailing address of Defendant Johanna Agosto Nieves, who is a defendant both in her professional and personal capacity, is PO Box 231, San Lorenzo, Puerto Rico 00754. Her known physical address is 310 Calle 3 SE, Urb. La Riviera, Barrio Monacillos, Rio Piedras, Puerto Rico.*

5.  *The mailing address of Defendant Iris M. Cabeza Pérez, who is a defendant both in her professional and personal capacity, is RR-2 Box 4575, Toa Alta, Puerto Rico 00953. Her known physical address is 310 Calle 3 SE, Urb. La Riviera, Barrio Monacillos, Rio Piedras, Puerto Rico.*

6.  *The mailing and physical address of Defendant Nicholle M. Torres Torres, who is a defendant both in her professional and personal capacity, is Urbanización Sabanera, Camino Los Juncos #147, Dorado, Puerto Rico 00646.*

## INTRODUCTION

7.  *On May 16, 2017, the Plaintiff filed a Complaint with the Anti-Discrimination Unit of the Department of Labor and Human Resources, which was later amended on February 26, 2018. The Anti-Discrimination Unit issued an authorization to litigate on April 6, 2016, and the "notice of right to sue" was issued by the District Office of Miami on April 5, 2018. Exhibits 1 and 2. The Plaintiff filed a complaint with the Anti-Discrimination Unit on the grounds of **political discrimination, discrimination based on health/impediments/ reasonable accommodation, and retaliation.***

8.  *The actions carried out by the Defendants against the Plaintiff have been arbitrary, unfair, discriminatory, constituting acts of prejudice and humiliation, which have affected the terms, conditions and privileges of Plaintiff's employment, in violation of her constitutionally protected rights.*

## DESCRIPTION OF MATERIAL FACTS

9.  *The Plaintiff began working for the Defendant, the Puerto Rico Industrial Commission, on approximately October 15, 2003, as an Office Typist I*

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*22/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

*in the Medical Advisory Office. In 2004, as a result of the Classification Plan, her classification changed to Human Resources Assistant. The job functions of the Human Resources Assistant consist of: transcribing letters, memoranda and reports; keeping track of the correspondence sent and received, through correspondence processing forms and sent mail logs; various office, administrative and support activities for the Human Resources and Labor Relations Office; performing "mail merges" and sending out notices/invitations to other government agencies; collaborating with the sending of notices to the hearing officers of the offices of Humacao, Mayagüez, Ponce and Arecibo; answering telephone calls and taking official messages for the Director and other office staff; working with the Coordinator of Retirement Affairs, as Assistant Coordinator of all proceedings involving the Retirement systems; making trips to the Retirement Office for matters related to Industrial Commission employees; preparing requisitions for office supplies as required; drafting correspondence and completing forms for the review and signature of the supervisor as required; working on job descriptions; following up for those jobs that involve proceedings with supervisors and employees, by filling out the task sheet; studying and analyzing employee files to confirm years of service; updating the years of service list for public sector employee week; providing information and guidance to employees with respect to human resources activities, rules and procedures; preparing and providing reports on work performed, statistics and special reports as required; staying current with information and knowledge related to her scope of work, and participating in skills trainings, seminars, conferences, and other training activities, when service needs so require.*

10. *Plaintiff is an activist with the New Progressive Party, which is common knowledge at her workplace. During the administration of Governor Alejandro García Padilla, who was the candidate of the Popular Democratic Party, Plaintiff participated, along with other employees, in a collection*

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*22/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

*of signatures in support of Mr. Basilio Torres Rivera's continuation as President of the Industrial Commission. Mr. Torres Rivera was appointed by the former administration of Governor Luis Fortuño Bursel, who was the New Progressive Party candidate. The actions taken by the Plaintiff included writing letters to or communicating with members of the Legislative Assembly (Ángel de la Rosa, José Anibal Torres, José "Conny" Varela, La Santa) in support of Mr. Torres Rivera to continue as President; she also requested support from the Commission's litigating attorneys, including Grace S. Lozada, a Defendant in this case, who was subsequently appointed by Governor García Padilla as President of the Puerto Rico Industrial Commission, in 2015.*

11. *On or about August 11, 2015, the Director of Human Resources, Iris M. García Sánchez, informed the Plaintiff that, at the direction of President Grace Lozada Crespo, she was being moved to the Leave Unit. In light of this situation, and since Plaintiff was not familiar with the leave unit or the "Kronos" System, in a meeting held between Plaintiff and President Lozada Crespo in September 2015, Plaintiff personally asked the President to assign her to another unit, which the latter did not accept. Plainitff was relieved of the duties of her position.*

12. *In August 2016, the Defendant Iris M. Cabeza became the Supervisor of the Leave Unit, and the Plaintiff was the only employee under her supervision.*

13. *On September 29, 2016, the Plaintiff reported to the State Insurance Fund, of which the Defendant Iris M. Cabeza was informed, and the Employer Report was filled out. When Plaintiff reported to work on October 11, 2016, she met with the Defendant Grace Lozada Crespo to inform her that she had reported to the State Insurance Fund, that she had given her supervisor Iris. M. Cabeza Pérez the Employer Report and informed her that she was going to report to the State Insurance Fund, since*

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*22/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

*Defendant Grace Lozada Crespo was unaware that she had reported to the State Insurance Fund.*

14. *On October 14, 2016, the Plaintiff began to feel sick and at approximately 2:30 p.m. and filled out the Sick Leave Permission Form and submitted it to her supervisor, Defendant Iris. M. Cabeza Pérez, who refused to sign it. On October 17, 2016, Plaintiff's supervisor, Defendant Iris. M. Cabeza Pérez, sent a memo to the Plaintiff via email regarding the Puerto Rico Industrial Commission's Rules and Regulations on leave, breaks, lateness, cellphone use, and breakfast before 8:00 a.m.*

15. *On December 7, 2016, at approximately 8:48 a.m., Defendant Iris. M. Cabeza Pérez, began to yell at the Plaintiff in a loud voice, in front of all of the other office workers, in a humiliating and arrogant manner, that she was the supervisor of the Leave Unit, appointed by Ms. Lozada Crespo to the post, that the Plaintiff had to do what she said, and that the Plaintiff's job was "data entry'.*

16. *In February 2017, the Human Resources Director, Johanna M. Agosto, went on maternity leave, and the special assistant to the President, Defendant Nicholle M. Torres González, was named the Interim Director of Human Resources.*

17. *On March 7, 2017, the State Insurance Fund Corporation, based on a medical recommendation made by Dr. Jesús H. Sánchez, sent notice to the Puerto Rico Industrial Commission, a Defendant in this case, through its President, Defendant Grace Lozada Crespo, of a request for reasonable accommodation for the benefit of the Plaintiff, so that she could perform her job. The reasonable accommodation consisted of: an adjustable-height chair with ergonomic design, a backrest and armrests; a wireless headset, to prevent her from having to bend or turn her neck, while also allowing her to perform other tasks simultaneously; an inclined surface to avoid having to bend the neck for prolonged periods, which could exacerbate her condition; a foot rest, to help ensure the proper body posture; and to consider, if possible, as another option and depending on the needs of the agency, to reassign her to another*

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*22/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

service unit where she could be supported by other staff. This reasonable accommodation has not been provided.

18. On March 28, 2017, in a three-page memo, the Defendant Grace Lozada Crespo reprimanded the Plaintiff in writing. In response, the Plaintiff made several requests to meet with Defendant Lozada Crespo, through her secretary, Jessica Serrano, a meeting which never took place. An administrative hearing regarding this reprimand was held on May 11, 2017, after which the reprimand was upheld.

19. Plaintiff was followed by the Defendant Nichole Torres González, whenever she left the office area, even to the stalls of the ladies' bathroom, which occurred on April 21 and 25, 2017; May 16, 2017, June 14, 2017, June 29, 2017, and June 30, 2017. She was also followed by the Defendant Iris M. Cabeza, who followed her to the bathroom on June 29, 2017.

20. On April 27, 2017, Defendant Iris M. Cabeza Pérez verbally warned the Plaintiff that the Interim Director of Human Resources, Defendant Nicholle Torres González, had an agenda against the Plaintiff, that she had it in for her because of her political beliefs and that she wanted to fire her, and that she was always reviewing the Plaintiff's leave balances.

21. On May 4, 2017, under instructions from her supervisor, Defendant Iris Cabeza Pérez, eliminated the Plaintiff's access to the functionality of the Kronos system cards.

22. From May 19 to 23, 2017, the cubicles of the Plaintiff's work area were removed, thus depriving her of any privacy in her workspace. As a result of this situation, she was subjected to the mockery and ridicule of her co-workers, who made comments like: "now this has really been exposed," "this is really awful," "you're the one they have their eyes on."

23. The Plaintiff's desk was placed in front of the office of the Interim Director of Human Resources, Defendant Nicholle Torres González, who was continuously watching the Plaintiff, and followed her even into the bathroom.

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*22/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

24. *Beginning in May 2017, the Defendants Nicholle Torres González and Iris M. Cabeza Pérez would inspect the documents and files that were on the Plaintiff's desk, and in the printing area.*

25. *On June 12, 2017, Defendant Iris M. Cabeza asked the Plaintiff if she had gone to vote in the plebiscite for the statehood of Puerto Rico, to which the Plaintiff responded in the affirmative, to which the Defendant retorted, "We'll see if they pay any attention to the PNPs in the United States." [PNP=Spanish initials for New Progressive Party]*

26. *On June 12, 2017, Plaintiff received a phone call from Defendant Grace Lozada Crespo, who stated: "This is the President and you don't know me," to which the Plaintiff responded that she did in fact know who she was, and* [asked] *how she could help her, and she proceeded to help her with some matters involving Mr. Miguel Díaz.*

27. *Beginning in June 2017, as the Plaintiff was assigned work by the Defendant Iris M. Cabeza, she was assigned work, and even though she wasn't finished, she was assigned more; the performance of the work being monitored through emails.*

28. *The Plaintiff has had to file three cases with the Labor Relations Board to claim her rights in relation to request for differential pay, stripping of duties and arbitrary disciplinary measures, Cases CA 2016-34, CA 2016-32, CA 2016-32-E-01. In addition, with the Anti-Discrimination Unit of the Labor Department.*

*FIRST CAUSE OF ACTION*

29. *The paragraphs contained in the previous section, Material Facts, are included in this First Cause of Action.*

30. *Article II, Section 1 of the Constitution of the Commonwealth of Puerto Rico, states that: "The dignity of the human being is inviolable. All men are equal before the law. No discrimination shall be made on account of race, color, sex, birth, social origin or condition, or political or religious ideas."*

*The Law on Litigation Against the State, Act No. 104 of June 29, 1955, allows for lawsuits to be brought against public officials and ex-officials on the grounds of civil rights violations. 32 L.P.R.A. Sect. 3085.*

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*22/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

31. *Act 100 of June 30, 1959, as amended, 29 L.P.R.A. Sect. 146 et. seq., acknowledges non-discrimination in the workplace as a public policy. Article 1, 29 L.P.R.A. Sect. 146, establishes that:*

   *"Any employer who fires, suspends or discriminates against one of their employees in relation to their pay rate, salary, wage or compensation, terms and categories, working conditions or privileges, or does not hire or refuses to hire or rehire a person, or limits or classifies their employees in any manner which tends to deprive a person of employment opportunities, or to affect his status as employee, on the basis of age, as defined hereafter, race, color, sex, social or national origin or social position, political or religious beliefs, or because they are victims or perceived of as a victim of domestic violence, sexual assault or harassment, [because they are in the military, former military, serve or have served in the Armed Forces of the United States or if they have veteran status] of the employee or applicant for employment:*

   *(a) Shall incur civil liability;*
   *(1) For a sum equal to twice the amount of damages sustained by the employee or applicant for employment on account of such act."*

32. *The Defendant employer here, through its directors, officials, employees, agents and/or representatives, carried out arbitrary actions, humiliations and taunts, subjecting the Plaintiff to a pattern of discrimination and imposing onerous and discriminatory working conditions on the basis of political affiliation, stripping the Plaintiff of her duties despite having performed her work to the fullest and exceeding the expectations of her position, and humiliating her in front of the entire staff.*

33. *The Defendant Puerto Rico Industrial Commission did not fulfill its duty of oversight of its employees, since it do not take any measures to prevent the occurrence of arbitrary actions, humiliations and taunts, a pattern of discrimination, the imposition of onerous and discriminatory working conditions on the basis of political affiliation, and disability discrimination within the workplace; nor did it take any steps to prevent retaliation against the Plaintiff because she tried to claim her rights via administrative channels.*

34. *The Defendants Grace S. Lozada Crespo, Johanna Agosto Nieves, Iris M. Cabeza Pérez, Nicholle M. Torres Torres, who are being named in the lawsuit in their official and personal capacities, committed arbitrary and discriminatory actions, and retaliated against the Plaintiff, for which they are liable to the Plaintiff.*

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*22/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

35. *Due to these actions and omissions on the part of the Defendants in violation of the above-cited legislation, in accordance with the aforementioned legislation and Articles 1802 and 1803 of the Civil Code of Puerto Rico, 31 L.P.R.A. sections 5142 and 5143, for the damages and losses, mental anguish and suffering that the Defendants have caused the Plaintiff, we are seeking compensation in the amount of fifty thousand dollars ($50,000.00), and requesting that the Defendants be ordered to pay double the amount of damages, plus court costs and attorneys' fees.*

*SECOND CAUSE OF ACTION*

36. *The Description of Material Facts section is hereby incorporated as part of this second cause of action.*

37. *In 1991, the Legislative Assembly passed a law to provide employees with protection against retaliation in the workplace. Article 2 of Act No. 115 of December 20, 1991, 29 L.P.R.A. 194 et seq., prohibits any reprisals against employees for testifying.*

*No employer may dismiss, threaten, or discriminate against an employee in relation to their employment terms and conditions, compensation, location, benefits, or privileges because the employee provides, or intends to provide, any verbal or written testimony, statement or information to a legislative, administrative or judicial forum in Puerto Rico, when said statements are not defamatory in nature and do not constitute disclosure of privileged information under the law. (emphasis added)*

38. *The Plaintiff has filed cases with the Labor Relations Board, and the Anti-Discrimination Unit of the Department of Labor, in which she has presented documents setting forth her position in response to the actions of the Defendants and requesting a remedy against them; as a result, the Defendants have retaliated against the Plaintiff. After filing the complaint with the Anti-Discrimination Unit, these retaliatory actions intensified and/or were exacerbated, as narrated in the "Description of Material Facts" section.*

39. *The Puerto Rico Industrial Commission, a Defendant in this case, did not fulfill its duty of supervision of its employees, since it did not take any measures to prevent arbitrary reprisals from being taken against the Plaintiff in the workplace, as a result of attempting to assert her rights in administrative forums.*

40. *Defendants Grace S. Lozada Crespo, Johanna Agosto Nieves, Iris M. Cabeza Pérez, Nicholle M. Torres Torres, all named in the lawsuit in their official and personal capacities, committed arbitrary and discriminatory actions, and retaliated against the Plaintiff, for which they are liable to the Plaintiff.*

41. *For the damages caused to the Plaintiff, based on the aforementioned labor legislation and Articles 1802 and 1803 of the Civil Code of Puerto Rico, 31 L.P.R.A. sections 5142 and 5143, we are seeking the amount of fifty thousand dollars ($50,000.00) as compensation for retaliation, and are asking that the Defendants be ordered to pay double the amount of damages, plus court costs and attorneys' fees.*

### *THIRD CAUSE OF ACTION*

42. *The Equal Employment Opportunities for Persons with Disabilities Act, Act No. 44 of July 2, 1985, 1 L.P.R.A. Sect. 505, as amended, establishes the following in Article 5:*

> *"No public or private institutions shall implement, put into effect or use discriminatory employment procedures, methods or practices against person with some type of physical, mental or sensory impediment, solely on the basis of that impediment. This prohibition covers recruitment, compensation, benefits, reasonable accommodations and accessible facilities, seniority, participation in training programs, promotions and any other term, condition, or privilege of employment.*

43. *The Americans with Disabilities Act (ADA), as amended by the Americans with Disabilities Act of 2008, prohibits discrimination in employment, and sets forth provisions for reasonable accommodations. 42 U.S. Code Chapter 126, sections 12101, et seq.*

44. *Despite the fact that the Plaintiff had asked for a reasonable accommodation, with medical justification, no accommodations were provided. The Defendant Puerto Rico Industrial Commission, through its employees and/or representatives named here in their official and personal capacities, did not fulfill the Plaintiff's request for a reasonable accommodation.*

45. *The Defendant Puerto Rico Industrial Commission did not fulfill its duty of supervision of its employees, as it did not take any measures to prevent the carrying out of arbitrary actions,*

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*22/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

*humiliations and taunts, a pattern of discrimination, the imposition of onerous working
conditions, and disability discrimination in the workplace.*

46. *The Defendants Grace S. Lozada Crespo, Johanna Agosto Nieves, Iris M. Cabeza Pérez,
Nicholle M. Torres Torres, all named in their official and personal capacities, committed
arbitrary and discriminatory actions, for which they are liable to the Plaintiff.*

47. *For these arbitrary actions, and the damages caused pursuant to Articles 1802 and 1803
of the Civil Code of Puerto Rico, 31 L.P.R.A. sections 5142 and 5143, and the
aforementioned labor laws, the Plaintiff is seeking compensation in the amount of fifty
thousand dollars ($50,000.00) and is asking that the Defendants be ordered to pay double
the amount of damages, plus court costs and attorneys' fees.*

*RELIEF SOUGHT*

*Wherefore, we are very respectfully asking this Honorable Court to GRANT this complaint,
and to find the Defendants liable and order compensation be provided to the Plaintiff in the
amounts requested herein, and to impose a penalty of double the damages, as well as court costs,
expenses and attorneys' fees. In Trujillo Alto, Puerto Rico, on June 15, 2018.*

*signed/ ARLENE DE LOURDES SANTANA CRUZ*
        *ATTORNEY FOR THE PLAINTIFF*
        *BAR ASSOCIATION NO. 10089*
        *PO BOX 391*
        *GURABO, PR 00778-0391*
        *Tel. 787-547-0145*
        *arcangelina2015@gmail.com*

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*22/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

EEOC Form 161-B (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: Sra. Nydia Febo
c/o Lcda. Arlene De L. Santana
PO Box 391
Gurabo, PR 00778-0391

From: Miami District Office
Miami Tower, 100 S E 2nd Street
Suite 1500
Miami, FL 33131

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative. | Telephone No. |
|---|---|---|
| 16H-2017-00379 | Ina Depaz,
State & Local Coordinator | (305) 808-1752 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA): This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☒ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

MICHAEL J. FARRELL,
District Director

APR 0 5 2018
*(Date Mailed)*

Enclosures(s)

cc: COMISION INDUSTRIAL DE PUERTO RICO
Lcda. Grace Lozada, Presidenta (co querellada)
Nicole M. Torres, Directora R.H. Interina, (co querellada)
Iris M. Cabeza, Supervisora, (co querellada)
Johanna M. Agosto, Directora R.H. (co querellada)
PO Box 364866
San Juan, PR 00936-4466

Lcda. Lourdes E. Rosado,
PO Box 364466
San Juan, PR 00936-4466

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*22/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*



GOVERNMENT OF PUERTO RICO

Department of Labor and Human Resources

Hon. Carlos J. Saavedra Gutiérrez
Secretary

February 26, 2018

Ms. Nydia E. Febo Vázquez
P.O. Box 31080
San Juan, P.R. 00929

**RE: uadau17-223c/16H-2017-00-379c**
**Nydia E. Febo Vázquez vs. Puerto Rico** Industrial Commission

   We are writing to you regarding the dismissal of the complaints with the Anti-Discrimination Unit and the Equal Employment Opportunity Commission, and the request for authorization to litigate submitted on February 8, 2018; it is authorized and the request granted. The case with the Anti-Discrimination Unit is being closed, and the Equal Employment Opportunity Commission will be notified.

   We would appreciate if you would inform us about the status or result of the litigation.

   The administrative closure is effective upon receipt of this letter.

Cordially,

**ANTI-DISCRIMINATION UNIT**

____[signature]_____
Myriam L. Costa Malaret
Director

Cc: Puerto Rico Industrial Commission (R)
    Grace Lozada, President (co-defendant)
    Nicole M. Torres, Interim H.R. Director (co-defendant)
    Iris M. Cabeza, Supervisor (co-defendant)
    Johanna M. Agosto, H.R. Director (co-defendant)
    P.O. Box 364466
    San Juan, P.R. 00936-4466

    Lourdes E. Rosado (R)
    P.O. Box 364466
    San Juan, P.R. 00936-4466

    Arlene de L. Santana (CP)
    P.O. Box 391
    Gurabo, P.R. 00778-0391

   /mmr                          **ANTI-DISCRIMINATION UNIT**                    *[handwritten:]* **B**

431 Ave. Ponce de León, 11th Floor, National Plaza Building, Hato Rey, P.R. 00917 PO Box 195540, San Juan, P.R. 00919-5540
Tel. 787.625.3137 ext. 3259 / Fax 787.763.3000 – www.trabajo.pr.gov

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*22/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*



**GOVERNMENT OF PUERTO RICO**

Department of Labor and Human Resources

Hon. Carlos J. Saavedra Gutiérrez
Secretary

February 26, 2018

Ms. Nydia E. Febo Vázquez
P.O. Box 31080
San Juan, P.R. 00929

**RE: uadau17-223c/16H-2017-00-379c**
**Nydia E. Febo Vázquez vs. Puerto Rico Industrial** Commission

Dear Sir/Madam:

    We are writing to you regarding the dismissal of the complaints with the Anti-Discrimination Unit and the Equal Employment Opportunity Commission, and the request for authorization to litigate submitted on February 8, 2018; it is authorized and the request granted. The case with the Anti-Discrimination Unit is being closed, and the Equal Employment Opportunity Commission will be notified.

        We would appreciate if you would inform us about the status or result of the litigation.

        The administrative closure is effective upon receipt of this letter.

Cordially,

**ANTI-DISCRIMINATION UNIT**


    ___[signature]___
Myriam L. Costa Malaret
Director

Cc: Puerto Rico Industrial Commission (R)
    Grace Lozada, President (co-defendant)
    Nicole M. Torres, Interim H.R. Director (co-defendant)
    Iris M. Cabeza, Supervisor (co-defendant)
    Johanna M. Agosto, H.R. Director (co-defendant)
    P.O. Box 364466
    San Juan, P.R. 00936-4466

    Lourdes E. Rosado (R)
    P.O. Box 364466
    San Juan, P.R. 00936-4466

    Arlene de L. Santana (CP)
    P.O. Box 391
    Gurabo, P.R. 00778-0391

/mmr

**ANTI-DISCRIMINATION UNIT**

431 Ave. Ponce de León, 11th Floor, National Plaza Building, Hato Rey, P.R. 00917 PO Box 195540, San Juan, P.R. 00919-5540
Tel. 787.625.3137 ext. 3259 / Fax 787.763.3000 – www.trabajo.pr.gov



*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*22/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

*[handwritten:]* **C**

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: Sra. Nydia Febo
c/o Lcda. Arlene De L. Santana
PO Box 391
Gurabo, PR 00778-0391

From: Miami District Office
Miami Tower, 100 S E 2nd Street
Suite 1500
Miami, FL 33131

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16H-2017-00379 | Ina Depaz,<br>State & Local Coordinator | (305) 808-4752 |

(See also the additional information enclosed with this form.)

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☒ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

MICHAEL J. FARRELL,
District Director

APR 0 5 2018

(Date Mailed)

Enclosures(s)

cc:
COMISION INDUSTRIAL DE PUERTO RICO
Lcda. Grace Lozada, Presidenta (co querellada)
Nicole M. Torres, Directora R.H. interina, (co querellada)
Iris M. Cabeza, Supervisora, (co querellada)
Johanna M. Agosto, Directora R.H. (co querellada
PO Box 364666
San Juan, PR 00936-4466

Lcda. Lourdes E. Rosado,
PO Box 364466
San Juan, PR 00936-4466

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*22/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

*COMMONWEALTH OF PUERTO RICO*
*TRIAL COURT*
*SUPERIOR COURT OF SAN JUAN*

| | |
|---|---|
| *NYDIA FEBO VAZQUEZ* | *CIVIL CASE NO. SJ2018CV04361* |
| *Plaintiff,* | |
| | *IN RE: DISCRIMINATION BASED ON POLITICAL IDEAS; DISCRIMINATION DUE TO IMPEDIMENT; REASONABLE ACCOMMODATIONS; CIVIL RIGHTS VIOLATIONS; RETALIATION* |
| *V.* | |
| *PUERTO RICO INDUSTRIAL COMMISSION through its President Diana B. Cordero Díaz; SECRETARY OF JUSTICE Hon. Wanda Vázquez; GRACE LOZADA CRESPO, in her official and personal capacity; JOHANNA AGOSTO NIEVES, in her official and personal capacity; IRIS. M. CABEZA PÉREZ, in her official and personal capacity; NICHOLLE M. TORRES GONZÁLEZ, in her official and personal capacity.* | |
| *Defendants.* | |

*FIRST AMENDED COMPLAINT*

TO THE HONORABLE COURT:

The PLAINTIFF, through her undersigned legal counsel, appears before this Honorable Court and very respectfully DECLARES, ALLEGES AND REQUESTS:

*PARTIES*

1. The Plaintiff is of legal age, and her mailing address is P.O. Box 31080, San Juan, Puerto Rico, 00929; her physical address is Condominio Vista Verde G 223, San Juan, Puerto Rico.

2. The Defendant, the Puerto Rico Industrial Commission, is located at 310 Calle 3 SE, Urb. La Rivera, Barrio Monacillos, Rio Piedras, Puerto Rico. Its mailing address is P.O. Box 364466, San Juan, Puerto Rico, 00936-4466. The Defendant is to be served through its President, Diana B. Cordero Díaz. The Secretary of Justice, the Hon. Wanda Vázquez, is included as a Defendant party, in accordance with Rule 4.4 (g) of Civil Procedure, since the Defendant is a public agency, and because included among the Defendants are employees in their official capacity, and this party's mailing address is P.O. Box 9020192, San Juan, Puerto Rico, and physical address is Calle Olimpo, Esq. Axtmayer, Parada 11, Miramar, San Juan, Puerto Rico.

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*22/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

3. *The mailing and physical address of Defendant Grace S. Lozada Crespo, who is a defendant both in her professional and personal capacity, is Urb. Bucaré, Calle Onix #4, Guaynabo, Puerto Rico 00969.*

4. *The mailing address of Defendant Johanna Agosto Nieves, who is a defendant both in her professional and personal capacity, is PO Box 231, San Lorenzo, Puerto Rico 00754. Her known physical address is 310 Calle 3 SE, Urb. La Riviera, Barrio Monacillos, Rio Piedras, Puerto Rico.*

5. *The mailing address of Defendant Iris M. Cabeza Pérez, who is a defendant both in her professional and personal capacity, is RR-2 Box 4575, Toa Alta, Puerto Rico 00953. Her known physical address is 310 Calle 3 SE, Urb. La Riviera, Barrio Monacillos, Rio Piedras, Puerto Rico.*

6. *The mailing and physical address of Defendant Nicholle M. Torres González, who is a defendant both in her professional and personal capacity, is Urbanización Sabanera, Camino Los Juncos #147, Dorado, Puerto Rico 00646.*

*INTRODUCTION*

7. *On May 16, 2017, the Plaintiff filed a Complaint with the Anti-Discrimination Unit of the Department of Labor and Human Resources, which was later amended on February 26, 2018. The Anti-Discrimination Unit issued an authorization to litigate on April 6, 2016, and the "notice of right to sue" was issued by the District Office of Miami on April 5, 2018. Exhibits 1 and 2. The Clamant filed a complaint with the Anti-Discrimination Unit on the grounds of **political discrimination, discrimination based on health/impediments/ reasonable accommodation, and retaliation.***

8. *The actions carried out by the Defendants against the Plaintiff have been arbitrary, unfair, discriminatory, constituting acts of prejudice and humiliation, which have affected the terms, conditions, and privileges of Plaintiff's employment, in violation of her constitutionally protected rights.*

*DESCRIPTION OF MATERIAL FACTS*

9. *The Plaintiff began working for the defendant, the Puerto Rico Industrial Commission, on approximately October 15, 2003, as an Office Typist I*

*in the Medical Advisory Office. In 2004, as a result of the Classification Plan, her classification changed to Human Resources Assistant. The job functions of the Human Resources Assistant consist of: transcribing letters, memoranda and reports; keeping track of the correspondence sent and received, through correspondence processing forms and sent mail logs; various office, administrative and support activities for the Human Resources and Labor Relations Office; performing "mail merges" and sending out notices/invitations to other government agencies; collaborating with the sending of notices to the hearing officers of the offices of Humacao, Mayagüez, Ponce and Arecibo; answering telephone calls and taking official messages for the Director and other office staff; working with the Coordinator of Retirement Affairs, as Assistant Coordinator of all proceedings involving the Retirement systems; making trips to the Retirement Office for matters related to Industrial Commission employees; preparing requisitions for office supplies as required; drafting correspondence and completing forms for the review and signature of the supervisor as required; working on job descriptions; following up for those jobs that involve proceedings with supervisors and employees, by filling out the task sheet; studying and analyzing employee files to confirm years of service; updating the years of service list for public sector employee week; providing information and guidance to employees with respect to human resources activities, rules and procedures; preparing and providing reports on work performed, statistics and special reports as required; staying current with information and knowledge related to her scope of work, and participating in skills trainings, seminars, conferences, and other training activities, when service needs so require.*

10. *Plaintiff is an activist with the New Progressive Party, which is common knowledge at her workplace. During the administration of Governor Alejandro García Padilla, who was the candidate of the Popular Democratic Party, Plaintiff participated, along with other employees, in a collection*

*of signatures in support of Mr. Basilio Torres Rivera's continuation as President of the Industrial Commission. Mr. Torres Rivera was appointed by the former administration of Governor Luis Fortuño Bursel, who was the New Progressive Party candidate. The actions taken by the Plaintiff included writing letters to or communicating with members of the Legislative Assembly (Ángel de la Rosa, José Anibal Torres, José "Conny" Varela, La Santa) in support of Mr. Torres Rivera to continue as President; she also requested support from the Commission's litigating attorneys, including Grace S. Lozada, a Defendant in this case, who was subsequently appointed by Governor García Padilla as President of the Puerto Rico Industrial Commission, in 2015.*

11. *On or about August 11, 2015, the Director of Human Resources, Iris M. García Sánchez, informed the Plaintiff that, at the direction of President Grace Lozada Crespo, she was being moved to the Leave Unit. In light of this situation, and since Plaintiff was not familiar with the leave unit or the "Kronos" System, in a meeting held between Plaintiff and President Lozada Crespo in September 2015, Plaintiff personally asked the President to assign her to another unit, which the latter did not accept. Plaintiff was relieved of the duties of her position.*

12. *In August 2016, the Defendant Iris M. Cabeza became the Supervisor of the Leave Unit, and the Plaintiff was the only employee under her supervision.*

13. *On September 29, 2016, the Plaintiff reported to the State Insurance Fund, of which the Defendant Iris M. Cabeza was informed, and the Employer Report was filled out. When Plaintiff reported to work on October 11, 2016, she met with the Defendant Grace Lozada Crespo to inform her that she had reported to the State Insurance Fund, that she had given her supervisor Iris. M. Cabeza Pérez the Employer Report and informed her that she was going to report to the State Insurance Fund, since*

*Certified to be a correct and true translation from the source text in Spanish to the target language English.
22/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556
By Targem Translations Inc.*

*Defendant Grace Lozada Crespo was unaware that she had reported to the State Insurance Fund.*

14. *On October 14, 2016, the Plaintiff began to feel sick and at approximately 2:30 p.m. and filled out the Sick Leave Permission Form and submitted it to her supervisor, Defendant Iris. M. Cabeza Pérez, who refused to sign it. On October 17, 2016, Plaintiff's supervisor, Defendant Iris. M. Cabeza Pérez, sent a memo to the Plaintiff via email regarding the Puerto Rico Industrial Commission's Rules and Regulations on leave, breaks, lateness, cellphone use, and breakfast before 8:00 a.m.*

15. *On December 7, 2016, at approximately 8:48 a.m., Defendant Iris. M. Cabeza Pérez, began to yell at the Plaintiff in a loud voice, in front of all of the other office workers, in a humiliating and arrogant manner, that she was the supervisor of the Leave Unit, appointed by Ms. Lozada Crespo to the post, that the Plaintiff had to do what she said, and that the Plaintiff's job was "data entry'.*

16. *In February 2017, the Human Resources Director, Johanna M. Agosto, went on maternity leave, and the special assistant to the President, Defendant Nicholle M. Torres González, was named the Interim Director of Human Resources.*

17. *On March 7, 2017, the State Insurance Fund Corporation, based on a medical recommendation made by Dr. Jesús H. Sánchez, sent notice to the Puerto Rico Industrial Commission, a Defendant in this case, through its President, Defendant Grace Lozada Crespo, of a request for reasonable accommodation for the benefit of the Plaintiff, so that she could perform her job. The reasonable accommodation consisted of: an adjustable-height chair with ergonomic design, a backrest and armrests; a wireless headset, to prevent her from having to bend or turn her neck, while also allowing her to perform other tasks simultaneously; an inclined surface to avoid having to bend the neck for prolonged periods, which could exacerbate her condition; a foot rest, to help ensure the proper body posture; and to consider, if possible, as another option and depending on the needs of the agency, to reassign her to another*

*Certified to be a correct and true translation from the source text in Spanish to the target language English.
22/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556
By Targem Translations Inc.*

*service unit where she could be supported by other staff. This reasonable accommodation has not been provided.*

18. *On March 28, 2017, in a three-page memo, the Defendant Grace Lozada Crespo reprimanded the Plaintiff in writing. In response, the Plaintiff made several requests to meet with Defendant Lozada Crespo, through her secretary, Jessica Serrano, a meeting which never took place. An administrative hearing regarding this reprimand was held on May 11, 2017, after which the reprimand was upheld.*

19. *Plaintiff was followed by the Defendant Nichole Torres González, whenever she left the office area, even to the stalls of the ladies' bathroom, which occurred on April 21 and 25, 2017; May 16, 2017, June 14, 2017, June 29, 2017, and June 30, 2017. She was also followed by the Defendant Iris M. Cabeza, who followed her to the bathroom on June 29, 2017.*

20. *On April 27, 2017, Defendant Iris M. Cabeza Pérez verbally warned the Plaintiff that the Interim Director of Human Resources, Defendant Nicholle Torres González, had an agenda against the Plaintiff, that she had it in for her because of her political beliefs and that she wanted to fire her, and that she was always reviewing the Plaintiff's leave balances.*

21. *On May 4, 2017, under instructions from her supervisor, Defendant Iris Cabeza Pérez, eliminated the Plaintiff's access to the functionality of the Kronos system cards.*

22. *From May 19 to 23, 2017, the cubicles of the Plaintiff's work area were removed, thus depriving her of any privacy in her workspace. As a result of this situation, she was subjected to the mockery and ridicule of her co-workers, who made comments like: "now this has really been exposed," "this is really awful," "you're the one they have their eyes on."*

23. *The Plaintiff's desk was placed in front of the office of the Interim Director of Human Resources, Defendant Nicholle Torres González, who was continuously watching the Plaintiff, and followed her even into the bathroom.*

24. *Beginning in May 2017, the Defendants Nicholle Torres González and Iris M. Cabeza Pérez would inspect the documents and files that were on the Plaintiff's desk, and in the printing area.*

25. *On June 12, 2017, Defendant Iris M. Cabeza asked the Plaintiff if she had gone to vote in the plebiscite for the statehood of Puerto Rico, to which the Plaintiff responded in the affirmative, to which the Defendant retorted, "We'll see if they pay any attention to the PNPs in the United States." [PNP=Spanish initials for New Progressive Party]*

26. *On June 12, 2017, Plaintiff received a phone call from Defendant Grace Lozada Crespo, who stated: "This is the President and you don't know me," to which the Plaintiff responded that she did in fact know who she was, and* [asked] *how she could help her, and she proceeded to help her with some matters involving Mr. Miguel Díaz.*

27. *Beginning in June 2017, as the Plaintiff was assigned work by the Defendant Iris M. Cabeza, she was assigned work, and even though she wasn't finished, she was assigned more; the performance of the work being monitored through emails.*

28. *The Plaintiff has had to file three cases with the Labor Relations Board to claim her rights in relation to request for differential pay, stripping of duties and arbitrary disciplinary measures, Cases CA 2016-34, CA 2016-32, CA 2016-32-E-01. In addition, with the Anti-Discrimination Unit of the Labor Department.*

*FIRST CAUSE OF ACTION*

29. *The paragraphs contained in the previous section, Material Facts, are included in this First Cause of Action.*

30. *Article II, Section 1 of the Constitution of the Commonwealth of Puerto Rico, states that: "The dignity of the human being is inviolable. All men are equal before the law. No discrimination shall be made on account of race, color, sex, birth, social origin or condition, or political or religious ideas."*

*The Law on Litigation Against the State, Act No. 104 of June 29, 1955, allows for lawsuits to be brought against public officials and ex-officials on the grounds of civil rights violations. 32 L.P.R.A. Sect. 3085.*

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*22/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

31. *Act 100 of June 30, 1959, as amended, 29 L.P.R.A. Sect. 146 et. seq., acknowledges non-discrimination in the workplace as a public policy. Article 1, 29 L.P.R.A. Sect. 146, establishes that:*

   *"Any employer who fires, suspends or discriminates against one of their employees in relation to their pay rate, salary, wage or compensation, terms and categories, working conditions or privileges, or does not hire or refuses to hire or rehire a person, or limits or classifies their employees in any manner which tends to deprive a person of employment opportunities, or to affect his status as employee, on the basis of age, as defined hereafter, race, color, sex, social or national origin or social position, political or religious beliefs, or because they are victims or perceived of as a victim of domestic violence, sexual assault or harassment, [because they are in the military, former military, serve or have served in the Armed Forces of the United States or if they have veteran status] of the employee or applicant for employment:*

   *(a) Shall incur civil liability;*
   *(1) For a sum equal to twice the amount of damages sustained by the employee or applicant for employment on account of such act."*

32. *The Defendant employer here, through its directors, officials, employees, agents and/or representatives, carried out arbitrary actions, humiliations and taunts, subjecting the Plaintiff to a pattern of discrimination and imposing onerous and discriminatory working conditions on the basis of political affiliation, stripping the Plaintiff of her duties despite having performed her work to the fullest and exceeding the expectations of her position, and humiliating her in front of the entire staff.*

33. *The Defendant Puerto Rico Industrial Commission did not fulfill its duty of oversight of its employees, since it do not take any measures to prevent the occurrence of arbitrary actions, humiliations and taunts, a pattern of discrimination, the imposition of onerous and discriminatory working conditions on the basis of political affiliation, and disability discrimination within the workplace; nor did it take any steps to prevent retaliation against the Plaintiff because she tried to claim her rights via administrative channels.*

34. *The Defendants Grace S. Lozada Crespo, Johanna Agosto Nieves, Iris M. Cabeza Pérez, Nicholle M. Torres González, who are being named in the lawsuit in their official and personal capacities, committed arbitrary and discriminatory actions, and retaliated against the Plaintiff, for which they are liable to the Plaintiff.*

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*22/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

35. *Due to these actions and omissions on the part of the Defendants in violation of the above-cited legislation, in accordance with the aforementioned legislation and Articles 1802 and 1803 of the Civil Code of Puerto Rico, 31 L.P.R.A. sections 5142 and 5143, for the damages and losses, mental anguish and suffering that the Defendants have caused the Plaintiff, we are seeking compensation in the amount of fifty thousand dollars ($50,000.00), and requesting that the Defendants be ordered to pay double the amount of damages, plus court costs and attorneys' fees.*

*SECOND CAUSE OF ACTION*

36. *The Description of Material Facts section is hereby incorporated as part of this second cause of action.*

37. *In 1991, the Legislative Assembly passed a law to provide employees with protection against retaliation in the workplace. Article 2 of Act No. 115 of December 20, 1991, 29 L.P.R.A. 194 et seq., prohibits any reprisals against employees for testifying.*

*No employer may dismiss, threaten, or discriminate against an employee in relation to their employment terms and conditions, compensation, location, benefits, or privileges because the employee provides, or intends to provide, any verbal or written testimony, statement or information to a legislative, administrative or judicial forum in Puerto Rico, when said statements are not defamatory in nature and do not constitute disclosure of privileged information under the law. (emphasis added)*

38. *The Plaintiff has filed cases with the Labor Relations Board, and the Anti-Discrimination Unit of the Department of Labor, in which she has presented documents setting forth her position in response to the actions of the Defendants and requesting a remedy against them; as a result, the Defendants have retaliated against the Plaintiff. After filing the complaint with the Anti-Discrimination Unit, these retaliatory actions intensified and/or were exacerbated, as narrated in the "Description of Material Facts" section.*

39. *The Puerto Rico Industrial Commission, a Defendant in this case, did not fulfill its duty of supervision of its employees, since it did not take any measures to prevent arbitrary reprisals from being taken against the Plaintiff in the workplace, as a result of attempting to assert her rights in administrative forums.*

40. *Defendants Grace S. Lozada Crespo, Johanna Agosto Nieves, Iris M. Cabeza Pérez, Nicholle M. Torres González, all named in the lawsuit in their official and personal capacities, committed arbitrary and discriminatory actions, and retaliated against the Plaintiff, for which they are liable to the Plaintiff.*

41. *For the damages caused to the Plaintiff, based on the aforementioned labor legislation and Articles 1802 and 1803 of the Civil Code of Puerto Rico, 31 L.P.R.A. sections 5142 and 5143, we are seeking the amount of fifty thousand dollars ($50,000.00) as compensation for retaliation, and are asking that the Defendants be ordered to pay double the amount of damages, plus court costs and attorneys' fees.*

*THIRD CAUSE OF ACTION*

42. *The Equal Employment Opportunities for Persons with Disabilities Act, Act No. 44 of July 2, 1985, 1 L.P.R.A. Sect. 505, as amended, establishes the following in Article 5:*

> *"No public or private institutions shall implement, put into effect or use discriminatory employment procedures, methods or practices against person with some type of physical, mental or sensory impediment, solely on the basis of that impediment. This prohibition covers recruitment, compensation, benefits, reasonable accommodations and accessible facilities, seniority, participation in training programs, promotions and any other term, condition, or privilege of employment.*

43. *The Americans with Disabilities Act (ADA), as amended by the Americans with Disabilities Act of 2008, prohibits discrimination in employment, and sets forth provisions for reasonable accommodations. 42 U.S. Code Chapter 126, sections 12101, et seq.*

44. *Despite the fact that the Plaintiff had asked for a reasonable accommodation, with medical justification, no accommodations were provided. The Defendant Puerto Rico Industrial Commission, through its employees and/or representatives named here in their official and personal capacities, did not fulfill the Plaintiff's request for a reasonable accommodation.*

45. *The Defendant Puerto Rico Industrial Commission did not fulfill its duty of supervision of its employees, as it did not take any measures to prevent the carrying out of arbitrary actions,*

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*22/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

*humiliations and taunts, a pattern of discrimination, the imposition of onerous working conditions, and disability discrimination in the workplace.*

46. *The Defendants Grace S. Lozada Crespo, Johanna Agosto Nieves, Iris M. Cabeza Pérez, Nicholle M. Torres Gonzalez, all named in their official and personal capacities, committed arbitrary and discriminatory actions, for which they are liable to the Plaintiff.*

47. *For these arbitrary actions, and the damages caused pursuant to Articles 1802 and 1803 of the Civil Code of Puerto Rico, 31 L.P.R.A. sections 5142 and 5143, and the aforementioned labor laws, the Plaintiff is seeking compensation in the amount of fifty thousand dollars ($50,000.00) and is asking that the Defendants be ordered to pay double the amount of damages, plus court costs and attorneys' fees.*

*RELIEF SOUGHT*

*Wherefore, we are very respectfully asking this Honorable Court to GRANT this complaint, and find the Defendants to be liable, and order compensation be paid to the Plaintiff in the amounts requested herein, and to impose a penalty of double the damages, as well as the court costs, expenses and attorneys' fees. In Trujillo Alto, Puerto Rico, on June 27, 2018.*

*signed/ ARLENE DE LOURDES SANTANA CRUZ*
*ATTORNEY FOR THE PLAINTIFF*
*RUA NO. 10089*
*PO BOX 391*
*GURABO, PR 00778-0391*
*Tel. 787-547-0145*
*arcangelina2015@gmail.com*

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*22/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

**COMMONWEALTH OF PUERTO RICO**
**TRIAL COURT**
**JUDICIAL CENTER OF SAN JUAN**
**SUPERIOR COURT**

| | |
|---|---|
| **NYDIA FEBO VAZQUEZ**<br>**Plaintiff,**<br><br>**v.**<br><br>**PUERTO RICO INDUSTRIAL COMMISSION,**<br>**SECRETARY OF JUSTICE, GRACE LOZADA**<br>**CRESPO, JOHANNA AGOSTO NIEVES, M.**<br>**CABEZA PÉREZ; NICOLE M. TORRES**<br>**TORRES**<br>**Defendants.** | **CASE NO.: SJ2018CV04361**<br><br>**COURTROOM: 801**<br><br><br>**RE:**<br>**VIOLATION OF CIVIL RIGHTS,**<br>**REASONABLE ACCOMMODATION,**<br>**RETALIATION, DISCRIMINATION** |

<u>**NOTICE OF STAY OF PROCEEDINGS IN VIRTUE OF THE PRESENTATION OF THE**
**PETITION FILED BY THE GOVERNMENT OF PUERTO RICO**
**UNDER TITLE III OF *PROMESA***</u>

**TO THE HONORABLE COURT:**

Appearing is the Department of Justice of the Commonwealth of Puerto Rico, in a special manner and without this act being understood as waiving <u>any defense</u>, including refusing to submit to the jurisdiction of the Court, should said defense apply, through the undersigned legal representation, and very respectfully presents and requests:

1. The complaint in the above-captioned matter was filed on July 2, 2018, against the Government of Puerto Rico, its agencies or officials, for events that allegedly occurred before May 3, 2017. According to the Plaintiff's complaint, Defendants demonstrated a pattern of persecution against her beginning in August 2015, which culminated in a warning issued on March 28, 2017, and an administrative hearing held on May 11, 2017. Thus, the Honorable Court will note that the claim in this case is based on a complaint regarding events that occurred before May 3, 2017, and therefore a stay is justified, as we shall see.

2. On June 30, 2016, the federal law known as the "Puerto Rico Oversight, Management, and Economic Stability Act" (PROMESA) was passed, 48 U.S.C. §§ 2101 <u>et seq</u>.

3. According to the provisions of PROMESA, on May 3, 2017, the Financial Oversight and Management Board for Puerto Rico filed a bankruptcy petition on behalf of the Government of Puerto Rico, with the United States District Court

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*22/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

for the Puerto Rico district. *See In re: Commonwealth of Puerto Rico*, case no. 17-1578 (hereafter, the "Petition"). As of the date of this filing, the Petition is still pending before the United States District Court.

4. The Petition was filed under Title III of PROMESA, Section 301(a) of which provides for the application, among others, of Sections 362 and 922 of Chapter 11 of the United States Code, known as the Bankruptcy Code of the United States.

5. The fundamental purpose of any bankruptcy proceeding is to give the debtor the opportunity to reorganize their economic activity, while protecting the interests of the creditors. This is achieved by distributing the assets of the debtor-petitioner among their legitimate creditors, pursuant to the provisions of bankruptcy law. *Allende v. Garcia*, 150 D.P.R. 892, 898-899 (2000).

6. Pursuant to sections 362 and 922 of the Bankruptcy Code, the filing of the Petition by the Government of Puerto Rico has the automatic, immediate, and direct effect of suspending all civil actions that any individual or organization has initiated, is attempting to continue or for which they are seeking enforcement of a judgment against the Government, while the bankruptcy proceedings are still pending before the Court. 11 U.S.C. §§ 362(a), 922 (a); 48 U.S.C. § 2161(a) (emphasis provided).[1]

7. In *Marrero Rosado v. Marrero Rosado*, 178 D.P.R. 476, 490 (2010), the Supreme Court of Puerto Rico found that "the automatic stay is one of the most basic protections that the United States legislature incorporated into the Bankruptcy Code who seek its protection." The automatic stay prevents, "among other things, the start or continuation of any judicial, administrative or other type of process that was or may have been brought against the debtor, or to exercise any action in which the right to that action was created before the start of the bankruptcy." Id., p. 491. See also 11 U.S.C.A. sec. 362; Soares v. Brockton Credit Union, 107 F.3d 969, 975 (1st Cir. 1997).

8. It can also impede the enforcement of a previous judgment, or stop the creation, finalization or enforcement of a lien that predates the bankruptcy filing. Id. Its effects last from the filing of the bankruptcy petition until the final judgment is entered, and no formal notice is needed for it to take effect. *Jamo v. Katahdin Fed. Credit*

---

[1] Note that the stay that is activated by the Petition is more comprehensive than the one that existed before May 1, 2017. The latter refers in general terms to financial debts, while the stay activated with the filing of the Petition applies to any litigation against the debtor that may have begun before the filing of the proceeding under PROMESA Title III. See Section 405 of PROMESA.

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*22/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

Case:17-03283-LTS   Doc#:19998-7   Filed:02/02/22   Entered:02/02/22 18:09:44   Desc:
Exhibit Exhibit 7   Page 36 of 49
Case: 17-03283-LTS Doc#18177-1 Filed: 9/20/21 Entered: 9/21/21 10:19:43 Desc:
Exhibit Page 30 of 42

PAGE 3 OF 4

*Union*, 283 F.3d 392, 398 (1st Cir. 2002). It also automatically deprives the state courts of jurisdiction and is so wide-ranging that it stays litigation that has little or nothing to do with the financial situation of the debtor. 3 Collier on Bankruptcy sec. 362.03[3] (2009).

   9. For this stay to take effect, **no prior notice is required** to that person, since the filing of the bankruptcy petition is sufficient to produce the stay in question. *Morales v. Clínica Femenina de P.R.,* 135 D.P.R. 810, 820 n. 5 (1994) (Order). The judicial action that orders the stay is merely declaratory of the status established by federal law.

   10. Nevertheless, in deference to this forum and in consideration of the court dates and proceedings previously scheduled, we are filing this brief so that the Court may take judicial notice of the preceding considerations and proceed to stay all proceedings that are currently before it, in accordance with Sections 362(a) and 922 (a) of the Bankruptcy Code, as incorporated by refence under Section 301(a) of PROMESA. 48 USC § 2161(a).

   11. This notice of stay of proceedings should not be understood as the Government of Puerto Rico waiving any additional argument regarding the effect of the enactment of PROMESA in this case, nor any right or defense that arises out of Title III of PROMESA. Neither should it be deemed as a waiver of any allegation or defense that the Government could present in the case at hand once the stay has ended, or once any order is issued in the proceedings under Title III which affects the case.

   **WHEREFORE**, we very respectfully request this Honorable Court to take notice of the information provided herein.

   **RESPECTFULLY SUBMITTED**.

   In San Juan, Puerto Rico, on August 22, 2018.

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*22/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

**I CERTIFY:** That I have sent, via electronic mail, a true and exact copy of this brief to: Arlene

De Lourdes Santana Cruz, Esq., arcangelina2015@gmail.com.

**WANDA VAZQUEZ GARCED**
Secretary of Justice

**WANDYMAR BURGOS VARGAS**
Deputy Secretary of Litigation

**CHRISTIAN CASTRO PLAZA**
Director of Civil Legal Affairs
Labor Division

**SANDRA BOSQUES RIVERA**
RUA [*Attorney Registry*] No. 9967
Department of Justice
General Litigation Division
Sub-Division for Labor Affairs
PO Box 9020192
San Juan, Puerto Rico 00902-0192
Tel (787) 721-2900 Ext. 2244
Email:
sabosques@justicia.pr.gov

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*22/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

*[handwritten:]* **F**

COMMONWEALTH OF PUERTO RICO
GENERAL COURT OF JUSTICE
TRIAL COURT
JUDICIAL CENTER OF San Juan
SUPERIOR COURT OF San Juan

| | | |
|---|---|---|
| NYDIA FEBO VAZQUEZ | CASE NO. | SJ2018CV04361 (COURTROOM 801 CIVIL DAMAGES) |
| VS<br>PUERTO RICO INDUSTRIAL COMMISSION, ET AL | IN RE: | DISCRIMINATION ETC. |

# N O T I C E

TO:   ARLENE D SANTANA CRUZ
      ARCANGELINA2015@GMAIL.COM

      SANDRA BOSQUES RIVERA
      PATIMAPR@YAHOO.COM

The undersigned Clerk hereby certifies and notifies you that in relation to the ABOVE-CAPTIONED MATTER, this Court entered a RULING on August 27, 2018.

A copy is enclosed herein or a link included:
Press here to access the electronic document referred to in this notification. [15]

BE ADVISED that since you are a party or the legal representative of a party to the case subject to this RULING, you can file an appeal, petition for review or certiorari, in accordance with the procedures and within the time period established by the relevant law, rule or regulation.

I CERTIFY that the decision issued by the Court was duly recorded and filed on this date, August 27, 2018, and that a copy of this notice was sent to the persons indicated above, to their addresses of record, pursuant to the applicable laws. On this same date, a copy of this notice was filed in the case records.

In San Juan, Puerto Rico, on the 27th of August of 2018.

| | | |
|---|---|---|
| GRISELDA RODRIGUEZ COLLADO | By: | signed/LIANY DE JESUS SANCHEZ |
| Name of the Regional Clerk | | Name and Signature of the Deputy Court Clerk |

OAT 1812 – Single Notice Form – Judgements, Rulings, Orders and Minutes
      (November 2016) / SUMAC

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*22/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

IN THE GENERAL COURT OF JUSTICE
TRIAL COURT
SUPERIOR COURT OF SAN JUAN

| | |
|---|---|
| NYDIA FEBO VAZQUEZ<br>PLAINTIFF,<br><br>V.<br><br>PUERTO RICO INDUSTRIAL<br>COMMISSION, ET AL.<br>DEFENDANTS. | CIVIL CASE NO.: SJ2018CV04361<br><br>COURTROOM: 801<br><br>IN RE: DISCRIMINATION DUE TO<br>POLITICAL IDEAS, ETC. |

# RULING

This Court is taking judicial notice of the fact that on May 3, 2017, a Petition for Bankruptcy was filed, under the PROMESA Act, by virtue of which all claims for damages against the Government of Puerto Rico (CW) are stayed, thus depriving this Court of its jurisdiction.

In light of the above, it is **Ruled** that this case be closed, for administrative purposes only. At the timely request of a party, the case can be reopened, and the proceedings continued, if they deem it is appropriate.

RECORD AND SERVE NOTICE.

In San Juan, Puerto Rico, on August 27, 2018.

signed/ OLGA GARCIA VINCENTY
SUPERIOR COURT JUDGE

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*22/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

COMMONWEALTH OF PUERTO RICO
TRIAL COURT
SAN JUAN SUPERIOR COURT

| | |
|---|---|
| NYDIA FEBO VAZQUEZ | CASE NO.: SJ2018CV04361 |
| Plaintiff, | IN RE: DISCRIMINATION BASED ON POLITICAL IDEAS; DISCRIMINATION DUE TO IMPEDIMENT; REASONABLE ACCOMMODATIONS; CIVIL RIGHTS VIOLATIONS; RETALIATION |
| V. | |
| PUERTO RICO INDUSTRIAL COMMISSION ET AL | |
| Defendants | |

**MOTION FOR RECONSIDERATION OF THE ORDER AND RULING
ISSUED ON AUGUST 27, 2018**

TO THE HONORABLE COURT:

The PLAINTIFF, through her undersigned legal counsel, appears before this Honorable Court and very respectfully STATES, ALLEGES AND REQUESTS:

***INTRODUCTION***

1.    On June 15, 2018, the Plaintiff filed a Complaint against the defendants, the Puerto Rico Industrial Commission through its President, Diana B. Cordero and the Secretary of Justice, the Hon. Wanda Vázquez; against Grace Lozada Crespo, in her official and personal capacity; against Johanna Agosto Nieves, in her official and personal capacity; against Iris. M. Cabeza Pérez, in her official and personal capacity; and against Nicholle M. Torres Gonzalez, in her official and personal capacity.

2.    Through the Complaint, the Plaintiff made claims against the defendants for discrimination due to political affiliation; violation of civil rights; retaliation; and for reasonable accommodation, as reasonable accommodation has not been granted despite medical recommendation. Various Damages were requested in the Complaint. The causes of action were presented in accordance with the Constitution of the Commonwealth of Puerto Rico; Act 100 of June 30, 1959, as amended, the Equal Employment Opportunities for People with Disabilities Act, Act No. 44 of July 2, 1985; and the Americans with

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*22/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

Case:17-03283-LTS   Doc#:19998-7   Filed:02/02/22   Entered:02/02/22 18:09:44   Desc:
Exhibit Exhibit 7   Page 41 of 49
Case: 17-03283-LTS Doc#18177-1 Filed: 9/20/21 Entered: 9/21/21 10:19:43 Desc:
Exhibit Page 35 of 42

2

Disabilities Act (ADA), as amended by the Americans with Disabilities Act of 2008, 42 USC, Chapter 126, §§12101, et seq.

3.   Prior to filing this case with the Judiciary, the Plaintiff initiated an administrative case with the Anti-Discrimination Unit of the Department of Labor on or about May 16, 2017. The Anti-Discrimination Unit of the Department of Labor issued the authorization to litigate on February 26, 2018, and the U.S. Equal Employment Opportunity Commission, on April 5, 2018.

4.   On June 27, 2018, a request was made to amend the Complaint to correct the name of the Defendant Nicholle M. Torres González, and to serve this defendant, which was authorized by the Honorable Court by way of order dated June 28, 2018.

5.   The defendants – Puerto Rico Industrial Commission, Grace Lozada Crespo, Johanna Agosto Nieves, Iris M. Cabeza Pérez, and the Secretary of Justice filed motions on August 24, 2018, entitled "Notice of Stay of Proceedings in Virtue of the Petition Filed by the Government of Puerto Rico under Title III of PROMESA." Each defendant, respectively, requested an automatic stay of the judicial proceedings in light of the bankruptcy petition filed by the Commonwealth of Puerto Rico on or about May 3, 2017.

6.   As a result of the aforementioned motions, the Honorable Court UPHELD the stay, and issued a Ruling in accordance with this decision, taking judicial notice of the bankruptcy petition of the Commonwealth of Puerto Rico (hereafter C.P.R.) under the PROMESA Act, thus closing the case for administrative purposes. Both documents were issued and served on August 27, 2018.

### *GROUNDS FOR REQUESTING RECONSIDERATION*

7.   The Plaintiff respectfully asks for reconsideration of the judicial decision or order to stay the proceedings, which GRANTED the Defendants' petition, as entered and served on August 27, 2018.

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*22/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

Case:17-03283-LTS   Doc#:19998-7   Filed:02/02/22   Entered:02/02/22 18:09:44   Desc:
Exhibit Exhibit 7   Page 42 of 49
Case: 17-03283-LTS Doc#18177-1 Filed: 9/20/21 Entered: 9/21/21 10:19:43 Desc:
Exhibit Page 36 of 42

3

8.    The Plaintiff respectfully requests reconsideration of the Ruling issued and served on August 27, 2018, through which the Court takes judicial notice of the bankruptcy petition of the Commonwealth of Puerto Rico under the PROMESA Act, thus closing the case for administrative purposes.

### ARGUMENTS

9.    Based on the arguments set forth below, the Plaintiff contends that the stay is not warranted in this case, and therefore neither is the ruling that was issued.

10.   The "Puerto Rico Oversight, Management and Economic Stability Act", Public Law 114-187 of June 30, 2016, known as "PROMESA", in Title III, section 301 (a), 48 USC 2161, and section 362 of the Bankruptcy Code, Title 11 USC. These sections address the automatic stay following the filing of a bankruptcy petition. Section 362 sets forth that:

"(a)   Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5 (a) (3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—

(1)   The commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;"

As mentioned in paragraph three (3) of this brief, on May 16, 2017, the Plaintiff filed a complaint with the Department of Labor Anti-Discrimination Unit, after the filing of the Commonwealth bankruptcy case. It was not until February 26, 2018 that the Anti-Discrimination Unit of the Department of Labor granted the Plaintiff permission to litigate; while the U.S. Equal Opportunity Commission issued its Notice of Right to Sue on April 5, 2018. As indicated in the first (1st) paragraph of this brief, the Plaintiff filed her case with the Court on June 15, 2018. All of this was after the filing of the bankruptcy petition of the C.P.R., which happened on May 3, 2017, considering that the beginning of that case is as established in Sec. 304,

4

Title III of PROMESA, 48 U.S.C. 2164, with the filing of the petition with the District Court by the Oversight Board.

Furthermore, on August 30, 2017, a "Notice of Filing of Creditor List for the Commonwealth of Puerto Rico" was filed with the Bankruptcy Court for the Puerto Rico District, by Hermann D. Bauer, Docket Number 1215, in Case 17-03283. On February 23, 2018, Hermann D. Bauer, Esq. filed a "Notice of Amendments to Creditor List for the Commonwealth of Puerto Rico", Docket No. 2582. The Defendant does not appear in either of the lists of creditors included with both motions based on the causes of action in the above-captioned matter. Based on the foregoing, the Plaintiff maintains that the stay requested by the Defendants is not admissible, and therefore the reconsideration requested herein is justified.

11.  Section 306, Title III of PROMESA, 48 USC 2166, sets forth the following regarding jurisdiction:

"**(a) Federal subject matter jurisdiction -** The district courts shall have:

(1) except as provided in paragraph (2), original and exclusive jurisdiction of all cases under this subchapter; and

(2) except as provided in subsection (b), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, original but not exclusive jurisdiction of all civil proceedings arising under this title, or arising in or related to cases under this title."

In light of the aforementioned law, and considering jurisdictional issues to evaluate whether or not a stay is appropriate in this case, the Supreme Court in _Laboratorio Clínico Irizarry Guasch, appellant v. Department of Health and Hilda Serrano García individually and in representation of Hilda Serrano García Inc., v. Permit Administration Office_, 198 D.P.R. 790, 790, 791-792 (2017), regarding certification, has held that: "On the other hand it is necessary to point out that both the federal and state courts have the initial authority to interpret the stay and its applicability to the cases before us. In Mid City Parking 332 BR 798, 803 (N.D. III 2005) ("Non-bankruptcy forums in both the state and federal systems have jurisdiction to at least initially determine whether pending litigation is stayed") (2)." It therefore recognizes that the state judicial forum has jurisdiction to address matters related to the "automatic stay", and to make decisions about whether it is applicable or not.

Case:17-03283-LTS   Doc#:19998-7   Filed:02/02/22   Entered:02/02/22 18:09:44   Desc:
Exhibit Exhibit 7   Page 44 of 49
Case: 17-03283-LTS Doc#18177-1 Filed: 9/20/21 Entered: 9/21/21 10:19:43 Desc:
Exhibit Page 38 of 42

5

12.  Section 304 paragraph (h) of Title III, 48 U.S.C. 2164, indicates that: "This Act may not be construed to permit the discharge of obligations arising under Federal police or regulatory laws, including laws relating to the environment, public health or safety, or territorial laws implementing such Federal legal provisions. This includes compliance obligations, requirements under consent decrees or judicial orders, and obligations to pay associated administrative, civil, or other penalties."

In the above-captioned matter, there was a cause of action included under the provisions of the Americans with Disabilities Act (ADA), as amended by the Americans with Disabilities Act of 2008, 42 USC, Chapter 126, §§ 12101, et seq., due to failure to comply with a request for reasonable accommodation, which to this day has not been granted. This is a health-related issue that is regulated by the federal government. Therefore, the Plaintiff argues that the stay requested by the Defendant is inadmissible, as a result, among other things, of this exception provided for by the PROMESA law itself.

13.  In the above-captioned matter, the following individuals were named as defendants: Grace Lozada Crespo, in her official and personal capacity; against Johanna Agosto Nieves, in her official and personal capacity; against Iris. M. Cabeza Pérez, in her official and personal capacity; and against Nicholle M. Torres Gonzalez, in her official and personal capacity. These defendants, in their personal capacity, are not protected by the provisions of Public Law 114-187 of June 30, 2016, known as "PROMESA", and they are liable to the Plaintiff out of their personal assets and not the assets of the Commonwealth of Puerto Rico. Therefore, we respectfully ask this Honorable Court to reconsider the Order and Ruling issued on August 27, 2018.

Wherefore, the Plaintiff respectfully requests that this Honorable Court GRANT the request made herein, and reconsider its August 27, 2018 Order and Ruling, along with making any other pronouncement consistent with the law.

I CERTIFY: That I have sent a copy of this petition to: MS. SANDRA BOSQUES RIVERA, at her email sabosques@justicia.pr.gov.

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*22/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

*[handwritten:]* H

COMMONWEALTH OF PUERTO RICO
GENERAL COURT OF JUSTICE
TRIAL COURT
JUDICIAL CENTER OF San Juan
SUPERIOR COURT OF San Juan

| | | |
|---|---|---|
| NYDIA FEBO VAZQUEZ | CASE NO. | SJ2018CV04361 (COURTROOM 801 CIVIL DAMAGES) |
| VS | | |
| PUERTO RICO INDUSTRIAL COMMISSION ET AL | RE: | DISCRIMINATION ETC. |

# NOTICE

TO:   ARLENE D SANTANA CRUZ
      ARCANGELINA2015@GMAIL.COM

      S S S

      SANDRA BOSQUES RIVERA
      PATIMAPR@YAHOO.COM

The undersigned Clerk hereby certifies and notifies you that in relation to the MOTION FOR RECONSIDERATION OF THE ORDER OF SEPTEMBER 4 2018 [18] this Court issued a DECISION on September 25, 2018.

The decision is transcribed below:
THE PLAINTIFF'S REQUEST FOR RECONSIDERATION IS DENIED. [19]

signed/OLGA I. GARCÍA VINCENTY

YOU ARE ADVISED that since you are a party or the legal representative of a party to the case subject to this DECISION, you can file an appeal, petition for review or certiorari, in accordance with the procedures and within the time period established by the relevant law, rule or regulation.

I CERTIFY that the decision issued by the Court was duly recorded and filed on this date, September 25, 2018, and that a copy of this notice was sent to the persons indicated above, to their addresses of record, pursuant to the applicable laws. On this same date, a copy of this notice was filed in the case records.

In San Juan, Puerto Rico, on the 25th of September of 2018.

| | | |
|---|---|---|
| GRISELDA RODRIGUEZ COLLADO | By: | signed/LIANY DE JESUS SANCHEZ |
| Name of the Regional Clerk | | Name and Signature of the Deputy Court Clerk |

OAT 1812 – Single Notice Form – Judgements, Rulings, Orders and Minutes
    (November 2016) / SUMAC

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*22/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

Case:17-03283-LTS   Doc#:19998-7   Filed:02/02/22   Entered:02/02/22 18:09:44   Desc:
Exhibit Exhibit 7   Page 46 of 49
Case: 17-03283-LTS Doc#18177-1 Filed: 9/20/21 Entered: 9/21/21 10:19:43 Desc:
Exhibit Page 40 of 42

*[handwritten:]* I

Prime Clerk LLC
(844) 822-9231·PRClaimsInfo@primeclerk.com

PROMESA PROOF OF CLAIM NUMBER: **168048**
Claimant Name: **Vazquez, Nydia Febo**

**Please complete and return this form on or before February 22, 2019**, via email to
PRClaimsInfo@primeclerk.com or by mail, hand delivery, or overnight mail to the following address:

Commonwealth of Puerto Rico Supplemental Information Processing Center
850 3rd Avenue, Suite 412,
Brooklyn, NY 11232

All supplemental information which you provide will be appended to your claim and appear on the official claims register.

BASIS OF CLAIM:

☒  A pending or closed legal action with or against the Puerto Rican government

☐  Current or Former Employment with the Government of Puerto Rico

☐  Other (describe): _____

FOR A LEGAL ACTION:

Have you commenced a legal action?  Y / N      **YES.**

If Yes, fill out the sections below.  If No, please attach written notice of your intent to assert a claim, along with proof of mail and contact information for counsel, if available.

Identify the department or agency which is a party to the action:  PUERTO RICO INDUSTRIAL COMMISSION

Identify the name and address of the court or agency where the action is pending:  Court of First Instance, Superior Court  of
San Juan, Puerto Rico. Address:  Munoz Rivera Ave., Esquina Coll y Toste, Parada 37, San Juan, Puerto rico

Case number:  SJ2018CV04361

Title, Caption, or Name of Case: NYDIA FEBO VAZQUEZ VS. COMISION INDUSTRIAL DE PR Y OTROS

Status of the case (pending, on appeal, or concluded): The defendant asked for automatic stay and the Court granted it.

Do you have an unpaid judgment? Y / N. If so, what is the date and amount of the judgment?   Not yet.

FOR CURRENT OR PAST EMPLOYMENT:

Specific agency or department where you were, or are, employed: PUERTO RICO INDUSTRIAL COMMISSION

Specific period in which you were, or are, employed, in relation to the claim: august 11,2015 until june, 2017.

Last four digits of your social security number: _____ 5063

*[Continued on Reverse]*

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*22/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

Nature of your employment claim:

◻ Pension          ◻ Union Grievance

◻ Unpaid Wages      ☒ Pending or Closed Legal Action

◻ Sick Days         ◻ Other: _____

◻ Vacation

To the extent you have any documentation in support of your claim, please include those documents in your response.

**If your claim is related to a pending or closed legal action, please complete the "FOR A LEGAL ACTION" section above and provide all documentation requested therein.**

FOR OTHER TYPE OF CLAIM:

Please describe the basis for your claim: _____

_____

To the extent you have any documentation in support of your claim, please include those documents in your response.

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*22/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

 Gmail

Arlene Santana <arcangelina2015@gmail.com>

---

## PROMESA Proof of Claim#168048

6 messages

---

**Arlene Santana** <arcangelina2015@gmail.com>
To: PRClaimsInfo@primeclerk.com

Mon, Feb 11, 2019 at 11:26 AM

Enclosed  completed Proof of Claim 168048, with other documents regarding the legal action against the Puerto Rican government SJ2018CV4361:

| | |
|---|---|
| 1. | Complaint, Exhibit 1 and Exhibit 2 |
| 2. | First Amended Complaint |
| 3. | Notice of Stay |
| 4. | August 27, 2018 Order |
| 5. | Ruling |
| 6. | Motion for Reconsideration |
| 7. | September 25, 2018 Order |

Cordially,

Arlene Santana, Esq.

---

**10 attachments**

📄 **Demanda Nydia Febo.pdf**
277K

📄 **Anejo I DEMANDA NYDIA FEBO.pdf**
635K

📄 **ANEJO 2 DEMANDA NYDIAFEBO.pdf**
515K

📄 **Primera Demanda Enmendada Nydia Febo.pdf**
138K

📄 **Aviso Paralizacion Nydia Febo.pdf**
173K

📄 **ORDEN 27 de agosto de 2018.pdf**
62K

📄 **Sentencia Caso Nydia Febo.pdf**
102K

📄 **RECONSIDERACION CASO NYDIA FEBO.pdf**
280K

📄 **ORDEN 25 de septiembre de 2018.pdf**
62K

📄 **PROMESA PROOF OF CLAIM 168048.pdf**
478K

---

**Arlene Santana** <arcangelina2015@gmail.com>
To: Nydia Febo <febonydia01@gmail.com>

Mon, Feb 11, 2019 at 11:34 AM

---------- Mensaje reenviado ----------
De: "Arlene Santana" <arcangelina2015@gmail.com>
Fecha: 11 feb. 2019 12:26 PM

---

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*22/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*



| | |
|---|---|
| **T** 718.384.8040 |
| **W** TargemTranslations.com |
| **E** projects@targemtranslations.com |
| **A** 185 Clymer St. Brooklyn, NY 11211 |

## TRANSLATOR'S CERTIFICATE OF TRANSLATION

Translation from: Spanish (Puerto Rico) into English (US)

TARGEM Translations Inc.

I, Andreea I. Boscor, ATA-certified Spanish-English #525556, acting as translator at TARGEM Translations Inc., a NEW YORK City corporation, with its principal office at 185 Clymer Street, Brooklyn, NY, 11211, USA, certify that:

the English translated document is a true and accurate translation of the original Spanish and has been translated to the best of my knowledge.

Original Document Name: **Claim No. 168048**

Signed this 22nd day of December, 2021

_____

Andreea I. Boscor

Verify at www.atanet.org/verify

