# EXHIBIT 8

Hearing Date: October 6, 2021, at 9:30 AM (Atlantic Standard Time)
Response Deadline: September 20, 2021, at 4:00 PM (Atlantic Standard Time)

> PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO
> TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>This filing relates to the<br>Commonwealth, COFINA,<br>HTA, ERS, and PBA. |

### THREE HUNDRED SEVENTY-FOURTH OMNIBUS OBJECTION
### (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, PUERTO RICO
### SALES TAX FINANCING AUTHORITY, PUERTO RICO HIGHWAYS AND
### TRANSPORTATION AUTHORITY, EMPLOYEES RETIREMENT SYSTEM OF THE
### GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND PUERTO
### RICO PUBLIC BUILDINGS AUTHORITY TO LATE-FILED CLAIMS

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Sales Tax Financing Authority ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA," and together with the Commonwealth, COFINA, HTA, ERS, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] file this three hundred seventy-fourth omnibus objection (the "Three Hundred Seventy-Fourth Omnibus Objection") to the proofs of claim listed on **Exhibit A** hereto, for failure to comply with the terms of the Bar Orders, as defined below, and in support of the Three Hundred Seventy-Fourth Omnibus Objection, respectfully represent as follows:

## JURISDICTION

1.     The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2.     Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A.     The Bar Date Orders**

3.     On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth of Puerto Rico (the "Commonwealth") pursuant to PROMESA section 304(a),

---

[2]  PROMESA is codified at 48 U.S.C. §§ 2101-2241.

2

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*23/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

① Zoom 150 Federal Bldg
San Juan PR 00918-1767

September 7, 2021

In
The Financial Oversight and | Promesa
management Board for Puerto | Title III
Rico

as representative of | No. 17 BK 3283-LTS

the Commonwealth of | Jointly Administered
Puerto Rico, et al
Debtors | This filing relates to
| the Commonwealth,
Ose E Johnson | CoFina,
Plaintiff - Creditor | HTA, ERS, and PBA,

Title or qualification This filing relates or refer to
The Commonwealth CoFina HTA, ERS, and PBA,
as they claim to a Late-Filed claim of the
Omnibus Objection my name wrongfully appear and
listed on exhibit A number 370, 371 and 372, they got
it wrong, I reply or File a response to the Omnibus
Objection I should not be referred to the Puerto
Rico Promesa title III Automatic Stay section
362 of the Bankruptcy code, or bankruptcy 3007(d)(4),
Omnibus Objection.

To the Honorable Court or the Honorable Commonwealth CoFina, ERS, ERS, and PBA,

Comes now plaintiff-Creditor Ose E Johnson
and before this Honorable Court or the Honorable Commonwealth, CoFina, HTA, ERS, and PBA to the Bar
date of omnibus Objection.

Reasons, for opposing the Omnibus Objection
below:

The Commonwealth of Puerto rico COFina, HTA
ERS, and PBA Bur. date on the destous three
Hundred seventy-fourth Omnibus Objection
to include my name in exhibit A to disallow
my claim, and wrongly concluded that my claim
has been filed after June 29- 2018,
the incidence occurred of my wrongful or illegally
incarceration began on February 18 of 2005
(12 years) twelve years after. promesa law begin,
on may 3, 2017 the commonwealth of puerto rico
filed a petition for relief under title 111 of
promesa 48 USC 2116 et seq within the District
court of puerto rico,

explanation that I am exempt or excluded from
Law promesa see Docket Entry No.12772 in case
No.17-3283 that motion previously filed, I repeat
and attachment

I was illegally admitted into the puerto rico
correction prison on February 19-2005 my illegally
incarceration began before the puerto rico oversight
management and economic stability act (promesa)
law was enacted, the automatic stay now in effect
pursuant to promesa, should not apply to this
action seeking compensation from the commonw-
ealth of puerto rico, for the time I has spend illegally
incarcerated and for the lose of my company,

see docket entry No.12772 in case No. 17-3283
on september 24 2021, this argument was to be
exempt - excluded from promesa law,

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*23/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

③

I am already exempt-excluded from the promesa law, and my name appear on the Omnibus Objection Exhibit A to the three hundred seventy-four, that my claim to be disallowed, it is the same or similar argument repeatedly

the commonwealth of puerto rico, COFINA HTA, ERS, and PBA, I am exempt-excluded from the bankruptcy stay provision of 11 U.S.C.362 and 922 are incorporated into promesa to include my name at the Omnibus Objection exhibit A TO disallowed my claim

Background

I do submit documentation that I am excluded or exempt from promesa law, these document also to proof that the incidence occurred before promesa law came into exist

documentation Listed below

① On February 19, 2005, I was illegally or wrongfully admitted into the puerto rico correction prison (document number one)

② On september 15, 2005, I was illegally or wrongfully sentenced by the commonwealth trial court of San Juan puerto rico (document number two)

③ proof that on november 3 of 2004 I opened my own carpet cleaning company in philadelphia because of misrepresentation from their attorney, Jabiela Acaron Parata-Denia which caused me to lose my company, business License (number three 3)

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*23/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

including document of the same or similar argument
That takes place within the united states court of
appeals for the first circuit, u.s. bankruptcy court of
the District of puerto rico, including the commonwealth of puerto rico, document (number four)

document of the Department of Justice of the commonwealth of puerto rico office of their investigation
and processing criminal, the date and time they
falsified accused me and wrongly or illegally admitted into the puerto rico correction prison
I am exempt-excluded from promesa law to include
my name in exhibit A number 320, 321 and 322 to
the three Hundred seventy-fourth Omnibus objection, that my claim to be disallowed
this falsified incidence occurred before promesa
law came into exist in puerto rico,

Further my claim do not fall under any of the
exceptions to the bankruptcy stay set forth in
section 362 (3), to refer me to the promesa section 307(9) the three Hundred-Fourth Omnibus objection

This is the second time this bankruptcy court
hearing this same or similar matter on time-Limitation,

Argument Similar to section 405 promesa section 362 of
the united states bankruptcy code provides that
court may Grant relief from the automatic stay to
a party in interest for cause 11 u.s.c. 362 (d)(1) also
like promesa however section 362 does not provide
concrete guidance on how that ought to be

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*23/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

Construed and applied in practice

Wherefore or finally I request this Honorable bankruptcy court or the commonwealth of puerto rico (cofina, HTA, ERS, and PBA, according to the time I was illegally admitted into the puerto rico Correction prison on February 19, 2005, and at the same time Lost my compan pursuant to promesa section 307(9) of the three hundred seventy fourth Omnibus Objection is not referred to me,

Dated September 7-2021

Respectfully submitted

Address Obe E, Johnson

Guayama Correctional

Complex                    Signature Obe E Johnson

AB-033

P.O.Box 1000-5

Guayama, PR 00785

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*23/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

Case: 20-1698    Document: 00117653882    Page: 1    Date Filed: 10/08/2020    Entry ID: 6373444

No. 20-1698

---

# UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

---

OBE E. JOHNSON,

Plaintiff - Appellant,

v.

LCDA. FABIOLA ACARON PORRATA-DORIA: ESTADO LIBRE
ASOCIADO DE PUERTO RICO; ADMINISTRACION DE CORRECCION
DE PUERTO RICO,

Defendants - Appellees.

---

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---

## MOTION IN COMPLIANCE WITH ORDER AND TO DISMISS APPEAL

COME NOW, Defendants-Appellees the Commonwealth of Puerto Rico,

and the Puerto Rico Department of Corrections and Rehabilitation, through the

undersigned attorney and respectfully state and pray as follows:

1.      On September 24, 2020, this Honorable Court ordered the parties to

show cause as to whether the automatic stay provided for in Title III of PROMESA

stays this appeal. In its order, this Honorable Court noted that the notice of appeal

appeared to have been filed late. For the reasons that follow, appearing Defendants

1

*Certified to be a correct and true translation from the source text in Spanish to the target language English.
23/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556
By Targem Translations Inc.*

assert that (1) this Honorable Court lacks jurisdiction to resolve this appeal because it was filed late; and (2), in the alternative, the Title III stay applies to this appeal.

2.      This appeal originates in consolidated cases No. 14-1481 (JAG) and No. 15-1571 (JAG), filed before the United States District court for the District of Puerto Rico. Plaintiff brought these cases against the Commonwealth of Puerto Rico, the Puerto Rico Department of Corrections and Rehabilitation[1], and his former attorney, Fabiola Acarón Porrata-Doria. He alleged that he was wrongly convicted of various felonies before the Puerto Rico courts, which caused him to lose his carpet cleaning company. He sued the Commonwealth defendants under 42 U.S.C. §1983, requesting an award of $25 million in damages. In these cases, the district court entered a Memorandum and Order and a Judgment dismissing the complaints with prejudice on October 23, 2015 (Dkt. ## 28 and 29). On January 11, 2016, the district court entered an Order (Dkt. # 32), in which it denied a motion requesting order filed by Plaintiff (Dkt # 30). On June 29, 2020, Plaintiff filed a Notice of Appeal before this court, which referred it to the district court.

3.      From the above, Plaintiff's Notice of Appeal is clearly untimely. Fed. R. App. 4(a) requires that a notice of appeal be filed within thirty (30) days after the district court has entered the judgment appealed from. The district court entered its

_____

[1] The Department of Corrections and Rehabilitation is a department of the Commonwealth of Puerto Rico and may not be sued separately from the Commonwealth. The undersigned attorney does not represent Mrs. Acarón.

2

Case: 20-1698    Document: 00117653882    Page: 3    Date Filed: 10/08/2020    Entry ID: 6373444

judgment on October 23, 2015. On January 11, 2016, the district court denied a motion requesting order filed by Plaintiff. Even assuming that this motion served to toll Plaintiff's time to appeal, it would have ended on February 10, 2016. Since Plaintiff filed his Notice of Appeal from this judgment on June 29, 2020, it is more than four years late.

4.      Because Plaintiff's Notice of Appeal is untimely, this Honorable Court has no jurisdiction to hear it. Vaquería Tres Monjitas, Inc. v. Comas-Pagán, 772 F. 3d 956, 960 (1 st Cir. 2014). Compliance with Fed. R. App. 4(a) is "mandatory and jurisdictional". García-Velázquez v. Frito Lay Snacks Caribbean, 358 F. 3d 6, 8 (1st Cir. 2004), quoting Browder v. Illinois Dept. of Corrections, 434 U.S. 257, 264 (1978). Therefore, this Honorable Court should dismiss this appeal without entering on any other questions.

5.      In the alternative, this appeal would be stayed by the Commonwealth of Puerto Rico's filing of a petition for reorganization of its debts under title III of PROMESA, because it is a pre-petition claim for money damages against the Commonwealth.

6.      On May 3, 2017, the Financial Oversight and Management Board for Puerto Rico ("FOMB"), on behalf of the Commonwealth of Puerto Rico ("the Commonwealth"), filed a petition for relief under Title III of PROMESA, 48 U.S.C. § 2161, *et seq.*, in the United States District Court for the District of Puerto Rico.

3

*Certified to be a correct and true translation from the source text in Spanish to the target language English.
23/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556
By Targem Translations Inc.*

Case: 20-1698    Document: 00117653882    Page: 4    Date Filed: 10/08/2020    Entry ID: 6373444

7.    Pursuant to sections 362(a) and 922(a) of the Bankruptcy Code, as incorporated by reference under section 301(a) of PROMESA, the commencement or continuation "of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement" of the petition under Title III, or "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under" a Title III proceeding is automatically stayed without further action. 11 U.S.C. §§ 362(a), 922(a); 48 U.S.C. § 2161(a) (emphasis provided). The Commonwealth of Puerto Rico is the debtor in the Petition pursuant to 48 U.S.C. § 2161(a)(2).

8.    The section 362(a) stay applies to all actions brought directly against the debtor, including requests for injunctive relief. Municipality of San Juan v. Commonwealth of Puerto Rico, 919 F. 3d 565, 576-577 (1st Cir. 2029), citing 3 Collier on Bankruptcy par. 362.03 (16th ed. 2018)); Newberry v. City of San Bernardino (In re City of San Bernardino), 558 B.R. 321, 329 (C.D. Cal. 2016). "The automatic stay is 'extremely broad in scope' and, 'applies to almost any type of formal or informal action taken against the debtor or the property of the estate.'" Assured Guaranty Corp. v. The Financial Oversight and Management Board for Puerto Rico (In re Financial Management Board of Puerto Rico), 919 F. 3d 121, 129 (1st Cir. 2019), quoting In re Slabicki, 466 B.R. 572, 580 (1st Cir. B.A.P. 2012) (quoting Patton v Bearden, 8 F. 3d 393, 399 (6th Cir. 1993)); Montalvo v. Autoridad

Case: 20-1698     Document: 00117653682     Page: 5     Date Filed: 10/08/2020     Entry ID: 6373444

de Acueductos y Alcantarillados (In re Montalvo), 537 B.R. 128, 140 (Bankr. D.P.R. 2015).

9.       The automatic stay is among the most basic of debtor protections under bankruptcy law and is intended to give the debtor breathing room by stopping all collection efforts against the debtor. In re Soares, 107 F. 3d 939, 975 (1st Cir. 1997). The stay springs into being immediately upon the filing of a bankruptcy petition, operates without the need for judicial intervention, and remains in force until the bankruptcy court either disposes of the case or lifts the stay. Id. This respite enables debtors to resolve their debts in a more orderly fashion, and also safeguards their creditors by preventing "different creditors from bringing different proceedings in different courts, thereby setting in motion a free-for-all in which opposing interests maneuver to capture the lion's share of the debtor's assets." Id., citing Sunshine Dev., Inc. v. FDIC, 33 F.3d 106, 114 (1st Cir.1994).

10.     Plaintiff's cause of action against the Commonwealth clearly seeks to collect damages from the Commonwealth's resources, and litigation of this appeal has forced the Commonwealth to spend funds. Further, his claims do not fall under any of the exceptions to the bankruptcy stay set forth in Section 362 (b). Accordingly, this appeal is stayed by Section 362 of the Bankruptcy code, as incorporated by reference under Section 301(a) of PROMESA. Municipality of San Juan, supra; Assured Guaranty Corp., supra.

5

Case: 20-1698   Document: 00117653882   Page: 6   Date Filed: 10/08/2020   Entry ID: 6373444

11.   In light of the above, the Commonwealth asserts, in the alternative that this appeal is not dismissed for being untimely, that it is stayed pursuant to Title III of PROMESA. In such a case, Plaintiff would have the alternative to seek from the Title III court a lift of the stay, pursuant to the Eleventh Amended Case Management Procedures established for such purpose in the Title III proceedings. Bkr. No. 17-03283 (LTS), Docket No. 11855.

13.   The Commonwealth does not waive any right or defense arising from Title III of PROMESA and the Commonwealth's Petition under Title III, or from the filing of that notice. The Commonwealth reserves its right to plead or address any pending matter or claim in this case.

WHEREFORE, appearing Defendants respectfully request that this Honorable Court take notice of the above and dismiss the present appeal for being untimely, or, in the alternative, stay all proceedings in this appeal.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico this 8th day of October, 2020.

ISAÍAS SÁNCHEZ-BÁEZ
Solicitor General of Puerto Rico

s/Carlos Lugo-Fiol
CARLOS LUGO-FIOL

6

Certified to be a correct and true translation from the source text in Spanish to the target language English.
23/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556
By Targem Translations Inc.

Case:17-03283-LTS Doc#:18197-1 Filed:09/21/21 Entered:09/22/21 10:21:54 Desc:
Exhibits in the English language Page 7 of 23

Case: 20-1698    Document: 00117653882    Page: 7    Date Filed: 10/08/2020    Entry ID: 6373444

## CERTIFICATE OF FILING AND SERVICE

I HEREBY CERTIFY that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record. Additionally, I am sending a true and exact copy of this motion by electronic mail to Mr. Obe E. Johnson, Guayama Correctional Complex, AB-033, P.O. Box 10005, Guayama, PR 00785-0000.

In San Juan, Puerto Rico this 8th day of October, 2020.

s/ Carlos Lugo-Fiol
CARLOS LUGO-FIOL
USCA No. 41677
P.O. Box 260150
San Juan, PR 00926
Tel. (787) 645-4211
E-mail: clugofiol@gmail.com

7

*Certified to be a correct and true translation from the source text in Spanish to the target language English.
23/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556
By Targem Translations Inc.*

U.S. Bankruptcy Court

District of Puerto Rico

Notice of Electronic Filing

The following transaction was received from Ramirez, Adarian entered on 6/2/2020 at 9:38 AM AST and filed on 6/2/2020
Case Name:      COMMONWEALTH OF PUERTO RICO and PUERTO RICO ELECTRIC POWER AUTHORITY
Case Number:    17-03283-LTS9
Document Number: 13315

Docket Text:
MEMORANDUM ORDER GRANTING IN PART AND DENYING IN PART OBE E. JOHNSON'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY
(DOCKET ENTRY NO. 12772). Related document: [12772] MOTION to be excluded from PROMESA filed by Obe E. Johnson Signed by Judge Laura Taylor Swain on
6/2/2020 (por) a/c sent to Obe E. Johnson

https://ecf.prb.circl.dcn/cgi-bin/Dispatch.pl?439870111949717                                    6/2/2020

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*23/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

-----------------------------------------------------------x

In re:                                                    PROMESA
                                                          Title III
THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

        as representative of                              No. 17 BK 3283-LTS

THE COMMONWEALTH OF PUERTO RICO                           (Jointly Administered)
et al.,

        Debtors.[1]

-----------------------------------------------------------x

MEMORANDUM ORDER GRANTING IN PART AND DENYING IN PART OBE E.
JOHNSON'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY (DOCKET ENTRY NO. 12772)

Before the Court is the *Motion to Be Exclude from Law PROMESA* (Docket Entry

No. 12772 in Case No. 17-3283,[2] the "Motion"), filed by Obe E. Johnson (the "Movant"), which

the Court construes as seeking relief from the automatic stay imposed by the filing of the above-

captioned Title III case on (i) a case captioned Johnson v. Morel, Case No. 19-1534 (the

"Appeal"), which is currently pending before the United States Court of Appeals for the First

---

[1]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]  All docket entry references are to entries in Case No. 17-3283, unless otherwise noted.

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*23/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

Circuit, on appeal from Case No. 09-01172 (the "Habeas Corpus Action") in the United States

District Court for the District of Puerto Rico, and (ii) a case captioned <u>Johnson v. Porrate-Doria</u>,

Case No. 14-1841 (the "Damages Action"), which Movant filed in the District of Puerto Rico in

November 2014.

       The Court has considered carefully all of the parties' submissions.[3]  For the

following reasons, the Motion is granted in part and denied in part.

BACKGROUND

*Habeas Corpus Action and Appeal*

       On February 20, 2009, Movant filed a petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254 with the District of Puerto Rico, alleging that his criminal

conviction in Commonwealth court and the prison sentence that was imposed on him as a result

were unlawful. (<u>See</u> *Response of the Commonwealth of Puerto Rico to Motion to Be Excluded

from Law PROMESA Filed by Obe E. Johnson* (Docket Entry No. 12968, the "Response"), ¶ 1.)

On June 24, 2009, the District Court denied Movant's petition. (<u>Id.</u>)  Thereafter, the First Circuit

denied both Movant's request to file a successive petition for a writ of habeas corpus with the

District Court, and Movant's successive petition to the First Circuit seeking a writ of habeas

corpus. (<u>Id.</u> ¶ 2.)  On June 3, 2019, Movant appealed the District Court's order denying his

petition for a writ of habeas corpus. (<u>Id.</u> ¶ 3.)  That appeal currently remains pending before the

First Circuit. (<u>Id.</u>)

---

[3]    Pursuant to the Court's *Order Scheduling Briefing of Motion Filed by Obe E. Johnson*
(Docket Entry No. 12824), Movant's reply papers were due on May 6, 2020.  No reply
papers have been filed to date.

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*23/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

*Damages Action*

On November 18, 2014, Movant commenced a civil action against the

Commonwealth, among other defendants, seeking damages in connection with his allegedly

wrongful criminal conviction in Commonwealth court.[4] (Id. ¶ 4.) On October 23, 2015, the

District Court granted the Commonwealth's motion to dismiss the Damages Action for failure to

state a claim, thereby dismissing all of Movant's claims, with prejudice. (Id. ¶¶ 5-6.) On

January 11, 2016, the District Court denied Movant's motion seeking reconsideration of the

order dismissing Movant's claims. (Id. ¶ 7.) No appeal of either decision was timely filed. (Id.)

*Lift Stay Motion*

Movant, who apparently remains incarcerated, filed the instant Motion on April 7,

2020. The Motion asserts that Movant "was illegally admitted into the Puerto Rico Correction

Prison on February 19, 2005," and seems to contend that, because Movant's incarceration began

before the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA") was

enacted, the automatic stay now in effect pursuant to PROMESA should not apply to an action

seeking compensation for the time he has spent incarcerated. (Mot. at 1.) To that end, the

Motion asserts that this Court should "hear this matter . . . according to the time" Movant was

first incarcerated, that "PROMESA should not be referred to" Movant, and that Movant should

be compensated by the Commonwealth government because he "was illegally incarcerated

before . . . PROMESA come into exist[ence]." (Id. at 2.) Although the Motion does not

explicitly seek stay relief with respect to any particular action, the Motion references a "case

[that] is currently pending before the United States Court of Appeals for the First Circuit" arising

---

[4]    The Damages Action was originally filed in the United States District Court for the
Eastern District of Pennsylvania, and was transferred to the District of Puerto Rico on
November 21, 2014. (See Resp. ¶ 4 n.4.)

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*23/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

from "an original proceeding successive habeas corpus," and attaches as exhibits a letter from

the Clerk of Court for the First Circuit concerning Case No. 19-1534 as well as the District

Court's *Memorandum and Order* dismissing Movant's claims in the Damages Action.  (See id. at

1; Docket Entry No. 12772-1.)

   In its Response, the Commonwealth indicates that, with respect to the Appeal and

the Habeas Corpus Action, it agrees to a limited modification of the automatic stay solely to

allow the case to proceed to final judgment, and to permit the execution and enforcement of any

judgment solely with respect to Movant's request for equitable relief. (Resp. ¶ 11.) The

Commonwealth contends that the automatic stay should otherwise continue to apply to the

Appeal and the Habeas Corpus Action. (Id.) As to the Damages Action, the Commonwealth

argues that relief from the automatic stay is unwarranted because that action was dismissed years

ago and no timely appeal was filed, and because Movant has failed to demonstrate cause to lift or

modify the stay under section 362(d) of the United States Bankruptcy Code, 11 U.S.C. § 362(d).

(See Resp. ¶¶ 13-19.)

   As noted above, the Court construes the Motion as a request for relief from the

automatic stay as it applies to the Appeal, the Habeas Corpus Action, and the Damages Action.

### DISCUSSION

   Section 362(d)(1) of the Bankruptcy Code, made applicable in these proceedings

by Section 301 of PROMESA, 48 U.S.C. § 2161, permits a court to grant relief from the

automatic stay "for cause."  To determine whether cause exists to lift the automatic stay, courts

in this district examine the factors first enumerated by the United States Court of Appeals for the

Second Circuit in In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) ("Sonnax").

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*23/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

See, e.g., Brigade Leveraged Capital Structures Fund Ltd. v. García-Padilla, 217 F. Supp. 3d

508, 518 (D.P.R. 2016) (citing Sonnax). Of particular relevance to the instant case are the

following factors identified in the Sonnax decision: "whether relief would result in a partial or

complete resolution of the issues," "the interests of judicial economy and the expeditious and

economical resolution of litigation," and the "impact of the stay on the parties and the balance of

harms." Sonnax, 907 F.2d at 1286.

In light of the Commonwealth's consent to a limited modification of the

automatic stay in connection with the Appeal and the Habeas Corpus Action, the Court finds

cause to modify the automatic stay solely to the extent necessary to allow (i) the Appeal and the

Habeas Corpus Action to proceed to final judgment, and (ii) for the execution and enforcement

of any judgment solely with respect to Movant's request for equitable relief. It appears that the

interests of judicial economy and expeditious resolution of the Appeal and the Habeas Corpus

Action are best served by permitting the litigation to proceed in this fashion. Nevertheless,

Movant has identified no basis, and thus has failed to demonstrate cause, to further modify the

automatic stay as it applies to the Appeal and the Habeas Corpus Action. Therefore, the

automatic stay shall continue to apply in all other respects to the Appeal and the Habeas Corpus

Action, including to the pursuit, execution, and enforcement of any judgment for any claims for

money damages and provisional remedies against the Commonwealth or any other Title III

debtor.

Further, Movant has failed to demonstrate cause to lift or modify the automatic

stay as it applies to the Damages Action. As indicated above, the Damages Action was

dismissed, with prejudice, in 2015, and Movant failed to timely file an appeal of the District

Court's decision. Movant also failed to appeal the 2016 denial of his motion for reconsideration

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*23/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

of the dismissal decision. Because the dismissal of his Damages Action was final and with

prejudice, Movant could receive no benefit from an order lifting the stay of that action.

Accordingly, the hardship to the Commonwealth of devoting its legal resources to litigation

relating to the Damages Action significantly outweighs any possible burden on Movant caused

by the automatic stay, and Movant's request for an order lifting or otherwise modifying the

automatic stay with respect to the Damages Action is denied.

### CONCLUSION

For the foregoing reasons, the Motion is granted in part and denied in part, and

the automatic stay is modified only to the extent expressly set forth herein. This Memorandum

Order resolves Docket Entry No. 12772.


SO ORDERED.

Dated: June 2, 2020

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

*Certified to be a correct and true translation from the source text in Spanish to the target language English.
23/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556
By Targem Translations Inc.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------x

In re:                                                        PROMESA
                                                              Title III

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

        as representative of                                  No. 17 BK 3283-LTS

THE COMMONWEALTH OF PUERTO RICO                               (Jointly Administered)
et al.,

                Debtors.[1]

------------------------------------------------------x

ORDER DENYING OBE E. JOHNSON'S MOTION FOR
RELIEF FROM THE AUTOMATIC STAY (DOCKET ENTRY NO. 13510)

        Before the Court is the *Motion for Relief from Stay Under 362(e)* (Docket Entry
No. 13510 in Case No. 17-3283,[2] the "Motion"), filed by Obe E. Johnson (the "Movant").  The
Motion, which was originally filed in the case captioned Johnson v. Muñiz, Case No. 14-1867
(D.P.R.) (the "Second Damages Action") and subsequently referred to this Court (see Docket
Entry No. 60 in Case No. 14-1867), seeks relief from the automatic stay imposed by the filing of
the above-captioned Title III case on (i) a case captioned Johnson v. Morel, Case No. 19-1534
(the "Appeal"), which is currently pending before the United States Court of Appeals for the
First Circuit, on appeal from Case No. 09-1172 (D.P.R.) (the "Habeas Corpus Action"), (ii) a
case captioned Johnson v. Porrate-Doria, Case No. 14-1841 (D.P.R.) (the "First Damages
Action"), and (iii) the Second Damages Action.

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case
       number and the last four (4) digits of each Debtor's federal tax identification number, as
       applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth")
       (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii)
       Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-
       BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways
       and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last
       Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the
       Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-
       BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric
       Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits
       of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA")
       (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801)
       (Title III case numbers are listed as Bankruptcy Case numbers due to software
       limitations).
[2]    All docket entry references are to entries in Case No. 17-3283, unless otherwise noted.

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*23/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

Case:17-03283-LTS  Doc#:19998-8  Filed:02/02/22  Entered:02/02/22 18:09:44  Desc:
Exhibit Exhibit 8  Page 24 of 39

Case:17-03283-LTS  Doc#:18197-1  Filed:09/21/21  Entered:09/22/21 10:21:54  Desc:
Exhibits in the English language  Page 16 of 23

Case:17-03283-LTS  Doc#:13599  Filed:07/09/20  Entered:07/09/20 15:25:31  Desc: Main
Document  Page 2 of 2

On April 7, 2020, Movant filed the *Motion to Be Exclude from Law PROMESA* (Docket Entry No. 12772, "Initial Motion"), which the Court construed as a motion seeking relief from the automatic stay with respect to the Habeas Corpus Action, the Appeal, and the First Damages Action. (*See* *Memorandum Order Granting in Part and Denying in Part Obe E. Johnson's Motion for Relief from the Automatic Stay (Docket Entry No. 12772)*, Docket Entry No. 13316, the "Memorandum Order," at 1-2.) In the Memorandum Order, this Court granted in part and denied in part the Initial Motion, concluding that Movant had established cause to modify the automatic stay to a limited extent with respect to the Appeal and the Habeas Corpus Action only.[3] The Court otherwise denied the Initial Motion. Less than a month later, Movant filed the instant Motion.

Movant fails to establish cause to further modify the automatic stay with respect to the Appeal and the Habeas Corpus Action, or for the Court to alter its ruling in the Memorandum Order with respect to the First Damages Action. Nor has Movant demonstrated cause to lift or modify the automatic stay as it applies to the Second Damages Action. That action was dismissed with prejudice by Judge Francisco A. Besosa on September 25, 2015 (*see* Docket Entry No. 48 in Case No. 14-1867), and Judge Besosa's ruling was affirmed by the United States Court of Appeals for the First Circuit on July 1, 2016 (*see* Docket Entry No. 58 in Case No. 14-1867). Because the dismissal of the Second Damages Action was, like the dismissal of the First Damages Action, final and with prejudice, Movant could receive no benefit from an order lifting the stay of the Second Damages Action. (*See* Mem. Ord. at 5-6.) Therefore, the hardship to the Commonwealth of devoting its legal resources to litigation relating to the Second Damages Action significantly outweighs any possible burden on Movant caused by the automatic stay, and Movant's request for an order lifting or otherwise modifying the automatic stay with respect to the Second Damages Action is denied. (*See* *id.*)

Accordingly, the Motion is denied in its entirety. This Order resolves Docket Entry No. 13510.

SO ORDERED.

Dated: July 9, 2020

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

---

[3] On the same day that this Court entered the Memorandum Order, the United States Court of Appeals for the First Circuit denied Movant's application for leave to file a second or successive habeas petition pursuant to 28 U.S.C. § 2244(b) as well as Movant's subsequent motions and requests for relief, which it construed as supplements to Movant's original application. (*See* Docket Entry No. 16 in Case No. 09-1172.)

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*23/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

### District of Puerto Rico

Notice of Electronic Filing

The following transaction was received from Ramirez, Marian entered on 6/29/2021 at 12:29 PM AST and filed on 6/29/2021

| | |
|---|---|
| Case Name: | COMMONWEALTH OF PUERTO RICO and Puerto Rico Public Buildings Authority (PBA) |
| Case Number: | 17-03283-LTS9 |
| Document Number: | 17184 |

Docket Text:
ORDER GRANTING IN PART AND DENYING IN PART OBE E. JOHNSON'S [16942] MOTION FOR RELIEF FROM THE AUTOMATIC STAY. Related document: [13316], [13599]. Signed by Judge Laura Taylor Swain on 6/29/2021. (mr) s/c sent by mail to Obe E. Johnson.

https://ecf.prb.circ1.dcn/cgi-bin/DisplayReceipt.pl?305567094883228-L_1_0-1

1/1

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*23/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

Case:17-03283-LTS Doc#:18197-1 Filed:09/21/21 Entered:09/22/21 10:31:54 Desc: Main
Exhibits in the English language Document Page 18 of 23

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

----------------------------------------------------X

In re:                                                                PROMESA
                                                                      Title III
THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

         as representative of                                         No. 17 BK 3283-LTS

THE COMMONWEALTH OF PUERTO RICO                                       (Jointly Administered)
et al.,

                        Debtors. [1]

----------------------------------------------------X

ORDER GRANTING IN PART AND DENYING IN PART OBE E. JOHNSON'S
MOTION FOR RELIEF FROM THE AUTOMATIC STAY (DOCKET ENTRY NO. 16942)

         The Court has received and reviewed the motion (Docket Entry No. 16942 in
Case No. 17-3283,[2] the "Motion"), filed by Obe E. Johnson (the "Movant"). The Court has also
reviewed the *Response of the Commonwealth of Puerto Rico to Motion for Relief from Stay
Under 362(e) Filed by Obe E. Johnson* (Docket Entry No. 17163, the "Response"), filed by the
Commonwealth of Puerto Rico (the "Commonwealth"). The Motion appears to request two
forms of relief. First, the Motion reiterates Movant's request for relief from the automatic stay
(or recognition of the inapplicability of the automatic stay), imposed by the filing of the above-
captioned Title III case, with respect to certain civil cases commenced by the Movant. That
request was the subject of two previous motions filed by Movant. (See Docket Entry No. 12772
and 13510.) Second, the Motion requests that the Court order that Movant be released from
prison so that he may attend or listen to the hearing scheduled for July 13, 2021.

---

[1]      The Debtors in these Title III Cases, along with each Debtor's respective Title III case
         number and the last four (4) digits of each Debtor's federal tax identification number, as
         applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth")
         (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii)
         Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-
         BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways
         and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last
         Four Digits of Federal Tax ID: 3808) (iv) Employees Retirement System of the
         Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-
         BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric
         Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits
         of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA")
         (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801)
         (Title III case numbers are listed as Bankruptcy Case numbers due to software
         limitations).
[2]      All docket entry references are to entries in Case No. 17-3283, unless otherwise noted.

210629 ORD RE JOHNSON LIFT STAY MOT                VERSION JUNE 29, 2021                          1

---

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*23/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

Case:17-03283-LTS Doc#:17184 Filed:06/29/21 Entered:06/29/21 12:29:23 Desc: Main
Document Page 2 of 3

The Court has issued two prior orders addressing Movant's requests for relief from the automatic stay (See *Memorandum Order Granting in Part and Denying in Part Obe E. Johnson's Motion for Relief from the Automatic Stay*, Docket Entry No. 13316, the "First Lift Stay Order"; *Order Denying Obe E. Johnson's Motion for Relief from the Automatic Stay*, Docket Entry No. 13599, the "Second Lift Stay Order"). In the First Lift Stay Order, the Court granted in part and denied in part Movant's request for relief from the automatic stay, providing partial relief from the automatic stay with respect to the case captioned Johnson v. Rivera-Mayor, Case No. 09-cv-01172-CCC (D.P.R.), including Movant's appeal therefrom. The Court otherwise denied Movant's request for relief because Movant failed to demonstrate cause to lift or modify the stay. In the Second Lift Stay Order, the Court denied Movant's request to further modify the automatic stay, or to otherwise alter its prior ruling, on the basis that Movant had failed to demonstrate cause for such relief. Here, Movant has failed to proffer facts or legal argument that would provide the Court with a basis to reconsider or modify its prior rulings with respect to the litigations that were the subject of the First Lift Stay Order and the Second Lift Stay Order.

However, to the extent that the Motion seeks relief from the automatic stay with respect to the case captioned Johnson v. Ocasio-Montañez, Case No. 20-cv-01222-JAG (D.P.R.) (the "Second Habeas Corpus Action"), the Commonwealth has consented to modification of the automatic stay

> to allow (i) the Second Habeas Corpus Action to proceed to final judgment, and (ii) for the execution and enforcement of any judgment solely with respect to Movant's request for equitable relief; provided, however, that the Title III Stay shall continue to apply in all other respects to the Second Habeas Corpus Action, as well as the Appeal and the First Habeas Corpus Action, including, without limitation, the execution and enforcement of any judgment for any claims for money damages and provisional remedies against the Commonwealth or any other Title III debtor.

(Response ¶ 21.) In light of the Commonwealth's consent to a limited modification of the automatic stay in connection with the Second Habeas Corpus Action, the Court determines that cause exists to modify the automatic stay on the terms proposed by the Commonwealth. Movant's request for relief from the automatic stay is otherwise denied.

Movant's request to be released from prison is denied. The hearing scheduled for 9:30 a.m. (Atlantic Standard Time) on July 13, 2021 (the "Hearing"), concerns the Financial Oversight and Management Board for Puerto Rico's request for approval of the *Disclosure Statement for the Third Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* as well as various related procedures and deadlines (See Docket Entry No. 16756, the "Disclosure Statement Motion"). Movant has not filed a timely objection to the Disclosure Statement Motion, and he therefore would not have leave to present arguments at the Hearing even if he were not confined. Additionally, the Hearing will be held telephonically, and there is therefore no need for Movant to be physically present in a courtroom to follow the

*Certified to be a correct and true translation from the source text in Spanish to the target language English.
23/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556
By Targem Translations Inc.*

proceedings. Members of the public and press may listen to the Hearing[3] by dialing (888) 363-4749, and entering the access code (7214978) and security code (6937) when prompted.

Accordingly, the Motion is granted in part and denied in part as set forth herein. This Order resolves Docket Entry No. 16942.

SO ORDERED.

Dated: June 29, 2021

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

---

[3] Recording and further broadcasting of the Hearing by any means are prohibited.

210629 ORD RE JOHNSON LIFT STAY MOT          VERSION JUNE 29, 2021                    3

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*23/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

# United States Court of Appeals
## For the First Circuit

No. 20-1698

OBE E. JOHNSON,

Plaintiff - Appellant,

v.

LCDA. FABIOLA ACARON PORRATA-DORIA; ESTADO LIBRE ASOCIADO DE PUERTO RICO; ADMINISTRACIÓN DE CORRECCION DE PUERTO RICO,

Defendants - Appellees.

### ORDER OF COURT

Entered: September 24, 2020
Pursuant to 1st Cir. R. 27.0(d)

Plaintiff has filed what appears to be an untimely appeal from a judgment entered by the district court on October 23, 2015. On May 3, 2017, the Commonwealth of Puerto Rico filed a petition under Title III of PROMESA, 48 U.S.C. § 2161, et seq., for adjustment of its debts. Under section 2161(a), the bankruptcy stay provisions of 11 U.S.C. §§ 362 and 922 are incorporated into PROMESA. In light of the Commonwealth's PROMESA filing, we direct the parties to show cause within fourteen days of the date of this order whether the automatic stay applies to all or any part of this appeal. The parties are directed to state with specificity the reasoning behind their conclusion one way or the other.

By the Court:

Maria R. Hamilton, Clerk

cc:
Obe E. Johnson
Frances Y. Rivera-Aviles

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*23/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

# United States Court of Appeals
## For the First Circuit

No. 21-1189

OBE E. JOHNSON,

Plaintiff - Appellant,

v.

LCDA. FABIOLA ACARON PORRATA-DORIA; ESTADO LIBRE ASOCIADO DE PUERTO RICO; ADMINISTRACION DE CORRECCION DE PUERT RICO,

Defendants - Appellees.

### ORDER OF COURT

Entered: June 4, 2021

We have received the parties' responses to this court's order to show cause entered in No. 20-1698. We have considered their responses, and in view of the petition to restructure its debts filed by the Commonwealth of Puerto Rico, appeal Nos. 20-1698 and 21-1189 are stayed. The parties shall file status reports every ninety days. As to plaintiff's request to lift the stay, plaintiff is directed to the Title III court to seek stay relief if such relief is desired.

By the Court:

Maria R. Hamilton, Clerk

cc:
Obe E. Johnson
Carlos Lugo-Fiol

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*23/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*



City of Philadelphia
Department of
Licenses & Inspections
P.O. Box 53310
Philadelphia, Pa. 19105

OCCUPATIONAL
LICENSEE ONLY

PASTE YOUR
PHOTOGRAPH HERE

1 1/2" SQUARE

DISPLAY PROMINENTLY

if required by law

OBE'S PROFESSIONAL CARPET SVC
JOHNSON OBE
1019 BULLOCK AVE
YEADON PA 19050-

3702    COMMERCIAL ACTIVITY LICENSE
JOHNSON OBE

THIS LICENSE IS GRANTED TO THE PERSON AND LOCATION FOR THE PURPOSE STATED
ABOVE.
IT IS SUBJECT TO IMMEDIATE CANCELLATION BY THIS DEPARTMENT FOR VIOLATIONS OF

| LICENSE CODE | LICENSE NO. | BUSINESS TAX NO. | DOES NOT EXPIRE | PAID THIS AMOUNT | ON DATE |
|---|---|---|---|---|---|
| 3702 | 186863 | 8283210 | | 250.00 | 11/03/04 |

LICENSE

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*23/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

COMMONWEALTH OF PUERTO RICO
DEPARTMENT OF JUSTICE
## OFFICE OF CRIMINAL INVESTIGATIONS AND PROSECUTION

THE PEOPLE OF PUERTO RICO
VS.   FOR: **ART. 173 C.P. (THEFT AT HOME) AND ARTS. 5.04 AND 5.15 L.A.**
(Crime)

**OBE E. JOHNSON**

AFFIDAVIT   **EDUVIGES DEL ROSARIO (SINGLE) (D.O.B. OCT/17/66)**
(Name)

In <u>San Juan</u>, <u>Puerto Rico</u>  on <u>February, 18, 2005</u>
(Town)   (Date)

I, <u>Eduviges del Rosario</u>, resident of <u>Santurce, P.R.</u>
(Name)   (Town)

Residing at <u>Calle 11 #2063, Esq. Avenida B, Bo. Obrero</u> , telephone no. <u>473-6894</u>
(Exact Address)   (Landline)

That I work for <u>Trader – Family Business</u> with address at <u>Eduardo Conde 2112, Esq. Los Santos,</u>
(Employer's Name)   (Employer's Address)

<u>Villa Palmeras, Santurce, P.R.</u>, with telephone no. _____ Social Security no.
(Work Telephone)

████<u>4262</u>  driver license number _____ and <u>38</u> years of age, appear before the Prosecutor and, having received the legal disclaimers given to me, on my own declare under oath:

"On Saturday, February 05, 2005, at around 6:00 in the evening I was parking my car in front of my house, when a black male, of small stature, slim build, with a light shirt, almost white, and blue jeans approached me. He had a dark bag in one hand and a book in the other. As I was parking my car he was on the sidewalk. I got out to go to my home which was in front, and then he approached me and spoke to me in English. In English he asked me if I spoke English, I told him that I didn't, only Spanish. In English he told me that it was important to speak English. He asked me if I was married. I told him that I was. He asked whether I was interested in books. I told him that I wasn't, that I was tired, but maybe another day. I asked him what his name was and he told me his name was Thomas. He asked me my name and I told him Peniel. I told him that I lived there, pointing towards my house which was in front of where we were speaking. He even saw me when I went in. He asked me where I was from, and I told him the Dominican Republic, so I then asked him where he was from, and he told me Africa. The man went and then the next day on February 06 I was driving my car along Avenida A and I saw the black male walking with a yellow envelope in one of his hands. I blew my horn, but he didn't see me. On Monday, February 07, at around 4:00 in the afternoon I was driving my car along Avenida Ponce de León on the corner of Sagrado Corazón, Stop 26 and I saw the black male at the stop. I blew my horn, and I called his name and I asked him how he was. He came toward me and we greeted each other by shaking hands. I asked him if I could take him somewhere and he said no. Then he asked me again whether I was interested in books. I told him I wasn't, but maybe another day. Then he told me: "Ok, tomorrow," but he didn't appear the next day. On Wednesday, February 09, at 08:30 in the evening I was in my house when I heard someone shouting to me "hey, mister, mister." I went out to my balcony, and it was Mr. Thomas. I greeted him, I invited him into my home, and he came in. That day he was dressed in large blue jeans, dark sneakers with white and blue seams, a sleeved blue shirt and he had a dark bag in his hand. I told him to sit in the dining room, and he sat on the sofa. I offered him coffee and he told me he didn't like it. I offered him a rum drink and he told me he didn't want it. I asked him if he wanted water, he told me just a little. I went to the kitchen, I served him water and I put it on the table. I sat on one of the chairs in the dining room and close to him. Then he told me: "check a book" and when he opened the zipper of the bag that he had put on the floor, he put his hand into the bag and got out a black pistol. I knew it was a pistol because of how he loaded it. He immediately paused and put the pistol behind my right ear, he grabbed the bag and started to push me with the pistol while he told me to walk and give him money. He told me this in English, he said: "give me the money now," and he repeated it several times. He pushed me toward the bedroom with the handgun pointed at my ear.

**CONTINUES ON THE REVERSE……………………**

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*23/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

CONTINUATION OF THE AFFIDAVIT OF: _____

(Name)

Then I understood that in English he told me to get on the floor, I got on the floor face down and he threw me a yellow towel and said to me in English: "give the money now." As he was asking me for money, I put my hand in my back pocket and then my feet were shaking while he was asking me to give him the money. As I was scared he was going to kill me I told him in English to open the closet door. He opened the closet, he looked around and he suddenly shouted in English: "beautiful," "wonderful," something like that. Five to ten minutes went by, and I had a feeling that he was no longer there. I got up and checked the closet and saw that my bag wasn't there where I had $25,000.00 in cash, in hundred-dollar notes. This bag was plastic and black and I had it in my bedroom closet, above my shoes. This money was to buy the business that I manage and leave because I have been subject to assault and kidnapping on two occasions. I went to look for the individual throughout the whole house, I didn't see him, I looked for him throughout the block and I also didn't see him. I went back into the house to look for him and he wasn't there. I was in the room where he left his dark bag. I checked the bag, it had a box, I opened it and it had a little package which seemed to be drugs. It was a package with white tape. I left the package and bag at home and I left to see if I could find him. I went to Avenida A in the Obrero Neighborhood, to Avenida Ponce de León and Old San Juan, and then I went to the Police Station at Stop 15, but they told me that I had to go to the Obrero Neighborhood Police Station. I went to check Isla Verde Airport, I gave Thomas' description to several people and officials and they told me that without the full name they couldn't do anything. An official even took me to an airline that was going to leave at that moment but they didn't let me check because they were about to depart. The official told me to go to the C.I.C. (Criminal Investigations Body) at the Police Headquarters. I called them and they told me to go to the Obrero Neighborhood Police Station. Then I went to Avenida Borinquen in Ponce de León where I saw two police patrol cars. I signaled out to them, but they didn't stop. Then I returned to Old San Juan, I looked around the docks, and I returned to Stop 26. I then went to the Airport where I slept until 7:00 on February 10, but I never saw Thomas. I then went back to Avenida Borinquen, and I gave Thomas' description to the people there but nobody knew him. I also asked taxi drivers, and in the end, I went to Stop 26 to have breakfast and there I asked around for the individual. One person told me that there was someone that played card tricks and practiced karate, that spoke English and told me that said person lived in the building beside the cafeteria and hadn't seen him for five days. I went to the building; I spoke with the administrator, and he told me that the individual hadn't moved out, but he hadn't seen him for five days. So then I told him that I wanted to speak with Thomas to start up a Karate school. I left and returned when there was an administrator called Tony and I told him the truth about what had happened to me. The administrator went up to the room and told me that he wasn't there. Then he took me up to the room and the individual wasn't there. Then the administrator showed me the room contract and told me that he wasn't called Thomas but Obe E. Johnson. Afterwards I went to the Neighborhood Police Station, and I filed the complaint, they called the CIC and then Agent Muñiz came, he interviewed me, and I explained everything to him, I gave him Obe's name. When I was going home to take Agent Muñiz I received a call from the Administrator saying that the individual had returned to the apartment. I went with Agent Muñiz to Obe's apartment, and the administrator told me that Obe had handed him the key and asked him for the $75.00 that he had put down for the deposit. I immediately went with Agent Muñiz to the airport to check, but we didn't see him anywhere there. On Tuesday, February 15, I left for the Dominican Republic to move my money around and on the evening of Thursday, February 17, at around 11:30 in the evening I received a call from the official Luiz Muñiz informing me that they had detained a person with Obe's description, and that I had to go to Puerto Rico. Then on February 18, I arrived in Puerto Rico at 12:45 in the afternoon and I immediately went to a line-up, he took me to a room where through a glass there were five black men with yellow gowns and a number on the chest area and from them, I identified, without any doubt, number two (2) as Obe E. Johnson. To this date, the money has not been recovered. For all this money I have the serial numbers. I delivered the package with white tape and the dark bag to Agent Muñiz.

[Signature]

| | | |
|---|---|---|
| Affidavit No. 126 | [Stamp: DEPARTMENT OF JUSTICE – COMMONWEALTH OF PUERTO RICO – PROSECUTION] | EDUVIGES DEL ROSARIO |
| | | (Declarant's Signature) |
| Time: 08:35 P.M. | | |

Sworn and signed before me, today February 18, 2005

[Signature]

Ms. Carmen González        ANA MARÍA MARTÍNEZ ORAMA
(Name of investigating stenographer)     (Signature and Stamp of the Prosecutor receiving the affidavit)

SAN JUAN INVESTIGATIVE UNIT
Prosecutor's Office or associated Division

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*23/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

COMMONWEALTH OF PUERTO RICO
TRIAL COURT
SAN JUAN SUPREME COURT

| | |
|---|---|
| THE PEOPLE OF PUERTO RICO<br>VS.<br>**OBE E. JOHNSON**<br>Complaint No.:  05146601179<br>Date of Birth: ▮▮▮▮ 1972<br>Place of Birth:  LIBERIA<br>Sex:  MALE<br>Social security No.: ▮▮▮-7063<br>Address:  2624 S BERBRO ST.<br>PHILADELPHIA, PA 19153<br>Driving License No.:  NONE<br>Distinctive Features:  NONE | CASE NO. **KPD2005G0656**<br><br>FOR:<br>**ART. 173 PENAL CODE**<br>**(USE OF WEAPON IN COMMITTING A CRIME)** |

**SENTENCE**
**NUNC PRO TUNC**

Today, **September 15, 2005**, with this case scheduled for sentencing, THE PEOPLE OF PUERTO RICO appeared represented by **Prosecutor Maricarmen Rodríguez Barea** and the aforementioned defendant appeared in person assisted by his **Attorney, Fabiola Acarón Porrata-Doria, Esq. of the *Sociedad para Asistencia Legal* (Legal Aid Society)**. The Court informed him of the nature of the charge, the allegations of his defense, and the ruling, and asked whether he had any legal ground to assert in order to demonstrate that said sentence should not be issued.

In the absence of such legal grounds, the Court imposes sentence as follows: Having been duly judged by the Court of Law and declared convicted of a crime under **Art. 173 of the Penal Code (use of weapon in committing a crime)**, the Court, in fulfillment of its ruling of **June 13, 2005**, sentences the defendant to **twenty (20) years of imprisonment, without costs, following cases KLA2005G0212, KLA2005G0213 and following any other sentence being fulfilled. Sentenced under the Penal Code of 1974**. Article 67 of the Penal Code (Special Sentence) is not imposed due to the accused being destitute. Preventive custody is to be paid for.

TO BE SERVED.

Entered in San Juan, Puerto Rico, on September 15, 2005, and amended on this date, March 09, 2017, for the purposes of correcting the fact that he was sentenced under the Penal Code of 1974.

KALIL BACO VIERA
JUDGE OF THE SUPERIOR COURT
[Signature]
**BY: ELOÍNA TORRES CANCEL**
**JUDGE OF THE SUPERIOR COURT**

I CERTIFY: that the foregoing text constitutes the sentence issued in the above case, with the original filed in its case records.

[Stamp: **Nora Torres Quiles** –

In San Juan, Puerto Rico, on March 14, 2017.          Assistant Court Clerk I]

I RECEIVED the above order with the sentenced _____ on _____ of _____ and _____ of _____,
I put said sentenced under the custody of the undersigned warden of the Prison of _____.

_____     _____
Warden                                                          Bailiff

SEN2017 Identifier No. 15116

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*23/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

COMMONWEALTH OF PUERTO RICO
TRIAL COURT
SAN JUAN SUPREME COURT

| | |
|---|---|
| THE PEOPLE OF PUERTO RICO<br>VS.<br>**OBE E. JOHNSON**<br>Complaint No.:  05146601179<br>Date of Birth: ██████████ 1972<br>Place of Birth:  LIBERIA<br>Sex:  MALE<br>Social security No.: ████7063<br>Address:  2624 S BERBRO ST.<br>PHILADELPHIA, PA 19153<br>Driving License No.:  NONE<br>Distinctive Features:  NONE | CASE NO. **KPD2005G0656**<br><br>FOR:<br>**ART. 173 PENAL CODE<br>(USE OF WEAPON IN COMMITTING A CRIME)** |

**SENTENCE**
**NUNC PRO TUNC**

Today, **September 15, 2005**, with this case scheduled for sentencing, THE PEOPLE OF PUERTO RICO appeared represented by **Prosecutor Maricarmen Rodríguez Barea** and the aforementioned defendant appeared in person assisted by his **Attorney, Fabiola Acarón Porrata-Doria, Esq. of the *Sociedad para Asistencia Legal* (Legal Aid Society)**. The Court informed him of the nature of the charge, the allegations of his defense, and the ruling, and asked whether he had any legal ground to assert in order to demonstrate that said sentence should not be issued.

In the absence of such legal grounds, the Court imposes sentence as follows: Having been duly judged by the Court of Law and declared convicted of a crime under **Art. 173 of the Penal Code (use of weapon in committing a crime)**, the Court, in fulfillment of its ruling of **June 13, 2005**, sentences the defendant to **twenty (20) years of imprisonment, without costs, following cases KLA2005G0212, KLA2005G0213 and following any other sentence being fulfilled**. **Sentenced under the Penal Code of 1974**. Article 67 of the Penal Code (Special Sentence) is not imposed due to the accused being destitute. Preventive custody is to be paid for.

TO BE SERVED.

Entered in San Juan, Puerto Rico, on September 15, 2005.

KALIL BACO VIERA
JUDGE OF THE SUPERIOR COURT
[Signature]
**BY: ELOÍNA TORRES CANCEL**
**JUDGE OF THE SUPERIOR COURT**

I CERTIFY: that the foregoing text constitutes the sentence issued in the above case, with the original filed in its case records.

Rebecca Rivera Torres – Regional Clerk

In San Juan, Puerto Rico, on March 14, 2017.

I RECEIVED the above order with the sentenced _____ on _____ of _____
and _____ of _____,
I put said sentenced under the custody of the undersigned warden of the Prison of _____.

_____    _____
Warden                                                            Bailiff

SEN2017 Identifier No. 15116

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*23/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

TRIAL COURT
SAN JUAN SUPREME COURT

| | |
|---|---|
| THE PEOPLE OF PUERTO RICO<br>VS.<br>**OBE E. JOHNSON**<br>Complaint No.:  05146601179<br>Date of Birth: █████████ 1972<br>Place of Birth:  LIBERIA<br>Sex:  MALE<br>Social security No.: ████-7063<br>Address:  2624 S BERBRO ST.<br>PHILADELPHIA, PA 19153<br>Driving License No.:  NONE<br>Distinctive Features:  NONE | CASE NO. **KPD2005G0656**<br><br><br>FOR:<br>**ART. 173 PENAL CODE**<br>**(USE OF WEAPON IN COMMITTING A CRIME)** |

**SENTENCE**
**NUNC PRO TUNC**

Today, **September 15, 2005**, with this case scheduled for sentencing, THE PEOPLE OF PUERTO RICO appeared represented by **Prosecutor Maricarmen Rodríguez Barea** and the aforementioned defendant appeared in person assisted by his **Attorney, Fabiola Acarón Porrata-Doria, Esq. of the *Sociedad para Asistencia Legal* (Legal Aid Society)**. The Court informed him of the nature of the charge, the allegations of his defense, and the ruling, and asked whether he had any legal ground to assert in order to demonstrate that said sentence should not be issued.

In the absence of such legal grounds, the Court imposes sentence as follows: Having been duly judged by the Court of Law and declared convicted of a crime under **Art. 173 of the Penal Code (use of weapon in committing a crime)**, the Court, in fulfillment of its ruling of **June 13, 2005**, sentences the defendant to **twenty (20) years of imprisonment, without costs, following cases KLA2005G0212, KLA2005G0213 and following any other sentence being fulfilled. Sentenced under the Penal Code of 1974**. Article 67 of the Penal Code (Special Sentence) is not imposed due to the accused being destitute. Preventive custody is to be paid for.

TO BE SERVED.

Entered in San Juan, Puerto Rico, on September 15, 2005.

KALIL BACO VIERA
JUDGE OF THE SUPERIOR COURT
[Signature]
**BY: ELOÍNA TORRES CANCEL**
**JUDGE OF THE SUPERIOR COURT**

I CERTIFY: that the foregoing text constitutes the sentence issued in the above case, with the original filed in its case records.

Rebecca Rivera Torres – Regional Clerk

In San Juan, Puerto Rico, on March 14, 2017.

I RECEIVED the above order with the sentenced _____ on _____ of _____ and _____ of _____,

I put said sentenced under the custody of the undersigned warden of the Prison of _____.

_____     _____
Warden                                                    Bailiff

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*23/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

[Coat of Arms]
Commonwealth of Puerto Rico
DEPARTMENT OF JUSTICE
Apartado 9020192, San Juan, PR, 00902-0172

---

CITIZENS' AID OFFICE                                                     TEL (787) 729-7002

October 28, 2015

Obe E. Johnson
Ponce Adultos 1000
Módulo 4-6
PO Box 10786
Ponce, PR 00732

Dear Mr. Johnson:

Warm greetings from Hon. César R. Miranda, Secretary of Justice and from all those working at the Citizens' Aid Office.

I acknowledge receipt of your letter claiming the loss of your company or property and incarceration due to the poor representation by Fabiola Acuron Porrata-Doria, Esq.

The Department of Justice abstains from analyzing the merits of this case since we are representing the Commonwealth in the lawsuit that is currently taking place before the Courts. This matter must be channeled through your attorney in the Courts.

In light of the foregoing, we have proceeded to file your petition, but we also inform you that in our Department of Justice the doors are open for any other request with which we can assist you.

Cordially,

[Signature]
Pamela C. González Díaz, M.A.P.
Administrative Assistant I

SAC0005252

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*23/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*



*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*23/DECEMBER/2021 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*



| | |
|---|---|
| **T** | 718.384.8040 |
| **W** | TargemTranslations.com |
| **E** | projects@targemtranslations.com |
| **A** | 185 Clymer St. Brooklyn, NY 11211 |

**TRANSLATOR'S CERTIFICATE OF TRANSLATION**

Translation from: Spanish (Puerto Rico) into English (US)

TARGEM Translations Inc.

I, Andreea I. Boscor, ATA-certified Spanish-English #525556, acting as translator at TARGEM Translations Inc., a NEW YORK City corporation, with its principal office at 185 Clymer Street, Brooklyn, NY, 11211, USA, certify that:

the English translated document is a true and accurate translation of the original Spanish and has been translated to the best of my knowledge.

Original Document Name: **Claim No. 177676 DN 18197**

Signed this 23rd day of December 2021

_____

Andreea I. Boscor

American Translators Association
Andreea Boscor
Spanish into English
Certification #525556
Certified Translator

Verify at www.atanet.org/verify

