UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                          Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**NOTICE OF CORRESPONDENCE REGARDING THE THREE HUNDRED SIXTY-SECOND OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, AND THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO PROOFS OF CLAIM NOS. 3258 AND 133778**

**To the Honorable United States District Judge Laura Taylor Swain:**

1.      On August 20, 2021, the Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Highways and Transportation Authority ("HTA"), and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the Commonwealth and HTA, the "Debtors"), by and through the Financial Oversight and

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Debtors pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] filed the *Three Hundred Sixty-Second Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Misclassified Claims* [ECF No. 17927] (the "Three Hundred Sixty-Second Omnibus Objection") to various proofs of claim.

2. The Three Hundred Sixty-Second Omnibus Objection seeks to reclassify claims that incorrectly or improperly assert that they are secured or entitled to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9), as set forth in Exhibit A thereto (collectively, the "Claims to Be Reclassified"). Specifically, as set forth in the Three Hundred Sixty-Second Omnibus Objection, each of the Claims to Be Reclassified incorrectly or improperly assert that they are secured and/or that they are entitled to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9). However, upon a review of the Claims to Be Reclassified and the Debtors' books and records, the Debtors have concluded that the Claims to Be Reclassified are not entitled to either administrative expense priority or secured status, and should appropriately be classified as general unsecured claims.

3. The Debtors have received the following correspondence from:

- Maria R. Carrión Vega ("Carrión Vega"), copies of which are attached hereto as Exhibits "A" (the "First Carrión Vega Response") and "B" (the "Second Carrión Vega Response," and together with the First Carrión Vega Response, the "Carrión Vega Responses"), regarding Proof of Claim No. 3258 (the "Carrión Vega Claim");

- Maria A. Clemente Rosa ("Clemente Rosa," and together with Carrión Vega, the "Claimants"), a copy of which is attached hereto as Exhibit "C" (the "Clemente Rosa Response," and together with the Carrión Vega Responses, the "Responses"),

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

2

regarding Proof of Claim No. 133778 (the "Clemente Rosa Claim" and together with the Carrión Vega Claim, the "Claims").

4. Certified translations of the First Carrión Vega Response, the Second Carrión Vega Response, and the Clemente Rosa Response are attached hereto as Exhibits "A-1," "B-1," and "C-1," respectively.

### I. The Carrión Vega Responses

5. The Carrión Vega Claim asserts liabilities associated with allegedly accrued, but unpaid, wages arising from Carrión Vega's employment with the Municipality of Bayamón's court system, and related pension adjustments. The Carrión Vega Claim further asserts that it is entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). As set forth in the Three Hundred Sixty-Second Omnibus Objection, only creditors who sold goods to the Debtors within twenty (20) days of commencement of the Debtors' Title III Cases[3] are entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9).

6. The First Carrión Vega Response, a Spanish-language letter, was received by Prime Clerk on November 2, 2021. Therein, Carrión Vega does not allege that she sold goods to the Commonwealth within the statutorily prescribed time frame. The First Carrión Vega Response also does not assert any other basis entitling the Carrión Vega Claim to administrative expense priority. Instead, the First Carrión Vega Response states that, "[w]e paid for all those [pension] benefits that would have been granted to us once the 30-year term of service was completed" and the "Romerazo Law was passed, and they still haven't paid us [under that law]." First Carrión Vega Resp. at 1-2. Similarly, the Second Carrión Vega Response, a Spanish-language letter

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Three Hundred Sixty-Second Omnibus Objection.

3

received by Prime Clerk on November 9, 2021, states, "[w]e are employees of the Bayamón Courts, who have been waiting for that payment since 1980." Second Carrion Vega Resp. at 10.

7. The Three Hundred Sixty-Second Omnibus Objection seeks only to reclassify the Carrión Vega Claim as a general unsecured claim because the Carrión Vega Claim incorrectly asserts entitlement to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9). It does not purport to address the merits underlying the Carrión Vega Claim. The Carrión Vega Responses do not dispute that the Carrión Vega Claim is not entitled to administrative expense priority. Accordingly, the Carrión Vega Claim should be reclassified as a general unsecured claim. The Debtors reserve the right to object to the Carrión Vega Claim on any other basis whatsoever.

## II. The Clemente Rosa Response

8. The Clemente Rosa Response was filed on November 16, 2021. It attaches various documents, including a copy of the Teaching Career Act; filings related to a Civil Service Appeals Committee case filed by Clemente Rosa against the Department of Education, in which Clemente Rosa contends the Department improperly withheld her promotion to the rank of "Teacher" and discriminated against her on the grounds that she taught industrial arts; filings related to an unrelated case initiated by Clemente Rosa against the Department of Education regarding an alleged disability; forms and applications related to Ms. Clemente Rosa's application for promotion to the rank of "Teacher;" related supporting documents, including medical records, disability claims and resolutions; and a copy of the Clemente Rosa Claim.

9. The Clemente Rosa Response does not, however, allege that Clemente Rosa sold goods to the Commonwealth within the required statutory time frame. Nor does the Clemente Rosa Response assert any other basis entitling the Clemente Rosa Claim to administrative expense

4

priority. Further, the Clemente Rosa Response does not dispute that the Clemente Rosa Claim is not entitled to administrative expense priority. Instead, it alleges that the Court is "asking for documents, which have already been sent to you on several occasions . . . ." Clemente Rosa Response at 1.

10. Accordingly, because Clemente Rosa has not provided a basis for asserting the Clemente Rosa Claim is entitled to administrative expense priority, the Debtors respectfully request the Clemente Rosa Claim be reclassified as a general unsecured claim.

11. For the foregoing reasons, the Debtors respectfully request that the Court grant the Three Hundred Sixty-Second Omnibus Objection and reclassify the Claims as general unsecured claims, notwithstanding the Responses.

*[Remainder of page intentionally left blank]*

Dated: February 2, 2022
    San Juan, Puerto Rico

Respectfully submitted,

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*/s/ Brian S. Rosen*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico*

6