**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                       Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**NOTICE OF CORRESPONDENCE REGARDING THE THREE HUNDRED SEVENTY-SEVENTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, AND THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO PROOF OF CLAIM NO. 47589**

**To the Honorable United States District Judge Laura Taylor Swain:**

1.      On August 20, 2021, the Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Highways and Transportation Authority ("HTA"), and the Employees Retirement System of the Government of Puerto Rico ("ERS," and together with the Commonwealth and HTA, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Rico (the "Oversight Board"), as the sole Title III representative of the Debtors pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] filed the *Three Hundred Seventy-Seventh Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Employees Retirement System of the Government of Puerto Rico to Claims for Which the Debtors are Not Liable* [ECF No. 17911] (the "Three Hundred Seventy-Seventh Omnibus Objection") to various proofs of claim.

2. The Three Hundred Seventy-Seventh Omnibus Objection seeks to disallow claims that seek recovery for amounts for which the Debtors are not liable, each as set forth in Exhibit A thereto (collectively, the "Claims to Be Disallowed"). As set forth in the Three Hundred Seventy-Seventh Omnibus Objection, each of the Claims to Be Disallowed asserts the same liabilities as those asserted in one of the following litigations: (1) *Jeannette Abrams Diaz et al. v. Department of Transportation & Public Works*, Case No. KAC-2005-5021; (2) *Francisco Beltrán Cintrón et al. v. Puerto Rico Department of Family Affairs*, Case No. KAC-2009-0809; (3) *Juan Pérez Colón et al. v. Puerto Rico Department of Transportation & Public Works*, Case No. KAC1990-0487; (4) *Frente Unido de Policías Organizados et al. v. Puerto Rico Police Department*, Case No. KAC-2007-4170; (5) *Alfredo Maldonado Colón et al. v. Puerto Rico Department of Corrections & Rehabilitation*, Case No. KAC-1996-1381 ("Maldonado Colón"); (6) *Madeline Acevedo Camacho et al. v. Puerto Rico Department of Family Affairs*, No. 2016-05-1340; (7) *Prudencia Acevedo Arocho, et al. v. Puerto Rico Treasury Department*, No. KAC-2005-5022; (8) *Delfina Lopez Rosario et al. v. Puerto Rico Police Department*, Case No. 2001-10-372; and (9) *José E. García Morales et al. v. Puerto Rico Department of Transportation & Public Works*, No. 2016-04-1117

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

(collectively, the "Litigations").  Master proofs of claim (collectively, the "Master Claims") were filed on behalf of all plaintiffs in the Litigations.  However, the claimants associated with the Claims to Be Disallowed do not appear on the master proofs of claims filed on behalf of all plaintiffs in such litigations.  Accordingly, the claimants associated with the Claims to Be Disallowed are not plaintiffs in the Litigations, and the Debtors are therefore not liable to those claimants for the liabilities asserted by the Litigations.  Further, even if the holders of the Claims to Be Disallowed were parties to the Litigations, the liabilities asserted would be subsumed within the Master Claims.

3.        The Debtors received the attached correspondence from Edwin Ortiz Vazquez ("Ortiz Vazquez"), copies of which are attached hereto as Exhibits "A" (the "First Ortiz Vazquez Response") and "B" (the "Second Ortiz Vazquez Response," and together with the First Ortiz Vazquez Response, the "Ortiz Vazquez Responses"), regarding Proof of Claim No. 47589 (the "Ortiz Vazquez Claim").  Certified translations of the First Ortiz Vazquez Response and the Second Ortiz Vazquez Response are attached as Exhibits "A-1" and "B-1," respectively.

4.        The Ortiz Vazquez Claim purports to assert liability in an unspecified amount associated with litigation filed by employees of the Puerto Rico Department of Corrections & Rehabilitation ("DCR") relating to allegedly accrued, but unpaid, salary increases provided for in, among other things, various DCR administrative orders.  The Maldonado Colón Master Claim asserts liability for approximately $18 million and attaches a chart identifying each plaintiff in the litigation.  Ortiz Vazquez does not appear on the plaintiff list attached to the Maldonado Colón Master Claim.

5.        The First Ortiz Vazquez Response, a varied collection of documents and a Spanish-language letter, was received by Prime Clerk on October 29, 2021.  Therein, Ortiz Vazquez

3

provides documents relating to his employment with the Department of Corrections, copies of a January 24, 1996 professional services contract and an April 18, 2015 professional services contract with an attorney in Puerto Rico seeking representation with respect to several wage-related claims, correspondence between Ortiz Vazquez and his attorney, several letters addressed to the Court, and documentation relating to claims before the State Insurance Fund. The First Ortiz Vazquez Response does not, however, provide any evidence that Ortiz Vazquez is a named plaintiff in the Maldonado Colón Litigation. While one of the professional services contracts attached to the First Ortiz Vazquez Response states that the purpose of the contract is to "assume my legal representation for the collection of money under the case bearing docket number KAC1996-1381," First Ortiz Vazquez Response at 3, that contract does not establish that Ortiz Vazquez is a named plaintiff in the Maldonado Colón Litigation or is otherwise a beneficiary of any judgments issued in favor of the plaintiffs in the Maldonado Colón litigation. Likewise, Ortiz Vazquez's letter to the Court discusses the impact of the Title III cases on Puerto Rico and the alleged conduct of Commonwealth and other Puerto Rican government officials, but does not address whether Ortiz Vazquez is a plaintiff of the Maldonado Colón litigation. *See generally* First Ortiz Vazquez Response. Similarly, the Second Ortiz Vazquez Response, a Spanish-language letter received by Prime Clerk on November 26, 2021, provides Ortiz Vazquez's opinion regarding the Commonwealth's Title III case and the need to protect pensions and other benefits, but does not contend that Ortiz Vazquez is a party to the Maldonado Colón Litigation or address the Debtors' objection. *See generally* Second Ortiz Vazquez Response. Further, neither the First Ortiz Vazquez Response nor the Second Ortiz Vazquez Response responds to the Debtors' contention that even if Ortiz Vazquez were a party to the Maldonado Colón Litigation, the liabilities asserted would nevertheless be subsumed within the Maldonado Colón Master Claim,

4

and the Ortiz Vazquez Claim would therefore be duplicative of the Maldonado Colón Master Claim.

6.      Accordingly, because Ortiz Vazquez has not provided a valid basis to assert liabilities associated with his status as a plaintiff in the Maldonado Colón Litigation, and because Ortiz Vazquez does not dispute that any liabilities associated with the Maldonado Colón Litigation would be subsumed within the Maldonado Colón Master Claim, the Debtors respectfully request that the Court grant the Three Hundred Seventy-Seventh Omnibus Objection and disallow the Ortiz Vazquez Claim, notwithstanding the Ortiz Vazquez Responses.

[*Remainder of page intentionally left blank*]

Dated: February 2, 2022
    San Juan, Puerto Rico

Respectfully submitted,

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*/s/ Brian S. Rosen*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and
Management Board as representative for the
Commonwealth of Puerto Rico, the Puerto
Rico Highways and Transportation
Authority, and the Employees Retirement
System of the Government of the
Commonwealth of Puerto Rico*

6