# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>　　　　　　　　　　　Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**NOTICE OF CORRESPONDENCE REGARDING THREE HUNDRED EIGHTIETH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY TO EMPLOYEE CLAIMS ASSERTING LIABILITIES OWED BY ENTITIES THAT ARE NOT TITLE III DEBTORS**

**To the Honorable United States District Judge Laura Taylor Swain:**

　　　　　1.　　On August 20, 2021, the Commonwealth of Puerto Rico (the "Commonwealth") and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), the Puerto Rico Highways and Transportation Authority ("HTA"), and the Puerto Rico Public Buildings Authority ("PBA," and together with the Commonwealth, HTA, and ERS, the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

"Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Debtors pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] filed the *Three Hundred Eightieth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Puerto Rico Public Buildings Authority to Employee Claims Asserting Liabilities Owed by Entities that Are Not Title III Debtors* [ECF No. 17916] (the "Three Hundred Eightieth Omnibus Objection").

2. The Three Hundred Eightieth Omnibus Objection seeks to disallow claims (the "Claims to Be Disallowed") that assert liabilities associated with allegedly unpaid wages or other employment benefits purportedly owed by entities that are not Title III debtors, each as listed on Exhibit A thereto (the "Claims to Be Disallowed"). Each of the Claims to Be Disallowed fail to comply with the applicable rules, however, because they do not provide a basis for asserting a claim against the Commonwealth or any other Title III Debtor for liabilities purportedly owed by entities that are not Title III debtors.

3. The Debtors have received correspondence from:

- Eliud Ayala Cruz ("Eliud Cruz"), attached hereto as Exhibit "A" (the "Eliud Cruz Response"), regarding Proof of Claim No. 172052 (the "Eliud Cruz Claim");

- Natanael Ayala Cruz ("Natanael Cruz"), attached hereto as Exhibit "B" (the "Natanael Cruz Response"), regarding Proof of Claim No. 172114 (the "Natanael Cruz Claim");

- Jorge A. Felez ("Felez"), attached hereto as Exhibit "C" (the "Felez Response"), regarding Proof of Claim No. 168285 (the "Felez Claim");

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

2

- Julio M. López Alvarez ("López Alvarez"), attached hereto as Exhibit "D" (the "López Alvarez Response"), regarding Proof of Claim No. 171765 (the "López Alvarez Claim");

- Geraldo Silva Rivera ("Geraldo Rivera"), attached hereto as Exhibit "E" (the "Geraldo Rivera Response") regarding Proof of Claim No. 172107 (the "Geraldo Rivera Claim"); and

- Wilfredo Silva Rivera ("Wilfredo Rivera"), attached hereto as Exhibit "F" (the "Wilfredo Rivera Response," and together with the Eliud Cruz Response, the Natanael Cruz Response, the Felez Response, the López Alvarez Response, and the Geraldo Rivera Response, the "Responses"), regarding Proof of Claim No. 172169 (the "Wilfredo Rivera Claim," and together with the Eliud Cruz Claim, the Natanael Cruz Claim, the Felez Claim, the López Alvarez Claim, and the Geraldo Rivera Claim, the "Claims").

Certified English translations of the Eliud Cruz Response, the Natanael Cruz Response, the Felez Response, the Lopez Alvarez Response, the Geraldo Rivera Response, and the Wilfredo Rivera Response are attached hereto as Exhibits "A-1," "B-1," "C-1," "D-1," "E-1," and "F-1," respectively.

## I. The Eliud Cruz Response

4. The Eliud Cruz Claim was filed on October 28, 2019. It asserts liabilities in an unspecified amount which purportedly arise from allegedly accrued, but unpaid, wages owed by the Puerto Rico Sugar Corporation (the "Sugar Corporation").

5. The Eliud Cruz Response consists of a handwritten letter, which attaches several pages from Exhibit A to the Three Hundred Eightieth Omnibus Objection. Therein, Eliud Cruz states "I don't agree that I worked at the Lands Authority and that I am in the Agriculture columns in Humacao and Yabucoa P.R." Eliud Cruz Response at 1.

6. However, the Three Hundred Eightieth Omnibus Objection does not assert that Eliud Cruz worked for the Lands Authority. Rather, the Three Hundred Eightieth Omnibus Objection objects to the Eliud Cruz Claim because the "Proof of Claim and the supporting

3

documentation only indicate an obligation between the Claimant and Sugar Corporation, who are not a party to the proceedings under Title III." Three Hundred Eightieth Objection, Ex. A, line 51.

7. As explained in the Three Hundred Eightieth Omnibus Objection, the Sugar Corporation is not a Title III Debtor. Rather, the Sugar Corporation was a former government entity which has subsequently been dissolved and, accordingly, is no longer in existence. Neither the Eliud Cruz Response nor the Eliud Cruz Claim provide a basis for asserting a claim against the Commonwealth or any other Title III Debtor in respect of allegedly accrued but unpaid wages purportedly owed by the Sugar Corporation. Accordingly, the Eliud Cruz Claim should be disallowed.

**II.   The Natanael Cruz Response**

8. The Natanael Cruz Claim was filed on November 1, 2019. It asserts liabilities in an unspecified amount which purportedly arise from allegedly accrued, but unpaid, wages owed by the Sugar Corporation.

9. The Natanael Cruz Response consists of several pages from the Three Hundred Eightieth Omnibus Objection. On several of the pages, Natanael Cruz has added his signature. The Natanael Cruz Response does not otherwise contest or dispute the arguments made in the Three Hundred Eightieth Omnibus Objection.

10. Neither the Natanael Cruz Response nor the Natanael Cruz Claim provides a basis for asserting a claim against the Commonwealth or any other Title III Debtor in respect of allegedly accrued but unpaid wages purportedly owed by the Sugar Corporation, which, as explained above, was a former government entity which is no longer in existence. Accordingly, the Natanael Cruz Claim should be disallowed.

### III. The Felez Response[3]

11. The Felez Claim was filed on March 19, 2019. It asserts liabilities in an unspecified amount associated with allegedly accrued, but unpaid, wages purportedly owed by the Sugar Corporation.

12. The Felez Response consists of a completed information request form, which asserts that Felez was employed by the Sugar Corporation between 1979 and 2000, and that he is owed salary increases and "retirement that was never withheld." Felez Response at 1.

13. As explained above and in the Three Hundred Eightieth Omnibus Objection, the Sugar Corporation was a former government entity which has subsequently been dissolved and, accordingly, is no longer in existence. Neither the Felez Response nor the Felez Claim provides a basis for asserting a claim against the Commonwealth or any other Title III Debtor in respect of liabilities purportedly owed by the Sugar Corporation. Accordingly, the Felez Claim should be disallowed.

### IV. The López Alvarez Response

14. The López Alvarez Claim was filed on October 23, 2019. It asserts liabilities in an unspecified amount associated with allegedly accrued, but unpaid, wages purportedly owed by the Sugar Corporation.

15. The López Alvarez Response consists of a letter filed September 22, 2021. Therein, López Alvarez states: "[t]o my understanding the years I worked with Corporación Azucarera Central Mercedita de Ponce, P.R. in the Security Department and afterwards in the Maintenance Department, it belonged to the COMMONWEALTH OF PUERTO RICO and the

---

[3] A portion of the Felez Response asserting pension liabilities was transferred to the administrative claims reconciliation ("ACR") process for resolution and, for tracking purposes, was assigned Proof of Claim No. 168285-1. This portion of the Felez Claim has been resolved in ACR.

5

Government was the one responsible for resolving any salary increase situation or claim based on the stipulated agreement." López Alvarez Response at 1.

16. Neither the López Alvarez Response nor the López Alvarez Claim provides a basis for asserting a claim against the Commonwealth or any other Title III Debtor in respect of allegedly accrued, but unpaid, wages purportedly owed by the Sugar Corporation, which, as explained above, was a former government entity which has subsequently been dissolved and is no longer in existence. Accordingly, the López Alvarez Claim should be disallowed.

### V. The Geraldo Rivera Response

17. The Geraldo Rivera Claim was filed on November 1, 2019. It asserts liabilities in an unspecified amount associated with allegedly accrued, but unpaid, wages and salary adjustments purportedly owed by the Sugar Corporation.

18. The Geraldo Rivera Response consists of several pages from the Three Hundred Eightieth Omnibus Objection. On several of the pages, Geraldo Rivera has added his signature. The Geraldo Rivera Response does not otherwise contest or dispute the arguments made in the Three Hundred Eightieth Omnibus Objection.

19. Neither the Geraldo Rivera Response nor the Geraldo Rivera Claim provides a basis for asserting a claim against the Commonwealth or any other Title III Debtor in respect of allegedly accrued but unpaid wages purportedly owed by the Sugar Corporation, which, as explained above, was a former government entity which has subsequently been dissolved and is no longer in existence. Accordingly, the Geraldo Rivera Claim should be disallowed.

### VI. The Wilfredo Rivera Response

20. The Wilfredo Rivera Claim was filed on November 5, 2019. It asserts liabilities in an unspecified amount associated with allegedly accrued, but unpaid, wages and salary adjustments purportedly owed by the Sugar Corporation.

21. The Wilfredo Rivera Response consists of several pages from the Three Hundred Eightieth Omnibus Objection. On several of the pages, Wilfredo Rivera has added his signature. The Wilfredo Rivera Response does not otherwise contest or dispute the arguments made in the Three Hundred Eightieth Omnibus Objection.

22. Neither the Wilfredo Rivera Response nor the Wilfredo Rivera Claim provides a basis for asserting a claim against the Commonwealth or any other Title III Debtor in respect of allegedly accrued but unpaid wages purportedly owed by the Sugar Corporation, which, as explained above, was a former government entity which has subsequently been dissolved and is no longer in existence. Accordingly, the Wilfredo Rivera Claim should be disallowed.

23. For the foregoing reasons, the Debtors respectfully request that the Court grant the Three Hundred Eightieth Omnibus Objection and disallow the Claims, notwithstanding the Responses.

[*Remainder of Page Intentionally Left Blank*]

Dated: February 2, 2022
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*/s/ Brian S. Rosen*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth, ERS, HTA, and PBA*