# EXHIBIT B

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

RECEIVED

NOV 0 2 2021

PRIME CLERK

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of

THE COMMONWEALTH OF PUERTO RICO, *et
al.*,

                    Debtors.[1]

PROMESA
Title III
No. 17 BK 3283-LTS
(Jointly Administered)

**This filing relates to the
Commonwealth, ERS, HTA,
and PBA.**

**DECLARATION OF JAY HERRIMAN IN SUPPORT OF THE THREE HUNDRED
EIGHTIETH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH
OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE
GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, THE PUERTO
RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, AND THE PUERTO
RICO PUBLIC BUILDINGS AUTHORITY TO EMPLOYEE CLAIMS ASSERTING
LIABILITIES OWED BY ENTITIES THAT ARE NOT TITLE III DEBTORS**

     I, Jay Herriman, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that

the following is true and correct to the best of my knowledge, information and belief:

     1.     I am a Managing Director of Alvarez & Marsal North America, LLC ("A&M").

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") retained

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number
and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are
the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-
LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation
("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474);
(iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK
3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the
Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-
LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority
("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747);
and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth,
COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last
Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case
numbers due to software limitations).



A&M to assist with, *inter alia*, the claims reconciliation process for the Debtors' (as defined below) cases filed pursuant to the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA").[2] Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

2.       In my capacity as a Managing Director of A&M, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' cases filed pursuant to PROMESA.  The Debtors' ongoing claims reconciliation process involves the collective effort of a team of A&M employees, as well as Proskauer Rose LLP and O'Neill & Borges LLC, counsel for the Oversight Board, the legal representative for the Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), the Puerto Rico Highways and Transportation Authority ("HTA"), and the Puerto Rico Public Buildings Authority ("PBA," and together with the Commonwealth, ERS, and HTA, the "Debtors").

3.       I submit this declaration in support of the *Three Hundred Eightieth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Puerto Rico Public Buildings Authority to Employee Claims Asserting Liabilities Owed by Entities That Are Not Title III Debtors* (the "Three Hundred Eightieth Omnibus Objection").[3]  I have personally reviewed the Three Hundred Eightieth Omnibus Objection and exhibits thereto and am, accordingly, familiar with the information contained therein.

[2]  PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Three Hundred Eightieth Omnibus Objection.

Hearing Date: **October 6, 2021 at 9:30AM (Atlantic Standard Time)**
Response Deadline: **September 20, 2021 at 4:00PM (Atlantic Standard Time)**

---

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

---

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                     Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth, ERS, HTA, and PBA.** |

---

**THREE HUNDRED EIGHTIETH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY TO EMPLOYEE CLAIMS ASSERTING LIABILITIES OWED BY ENTITIES THAT ARE NOT TITLE III DEBTORS**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), the Puerto Rico Highways and Transportation Authority ("HTA"), and the Puerto Rico Public Buildings Authority ("PBA," and together with the Commonwealth, ERS, and HTA, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' sole Title III representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] file this three hundred eightieth omnibus objection (the "Three Hundred Eightieth Omnibus Objection") seeking to disallow the proofs of claim listed on **Exhibit A** hereto, each of which asserts liabilities associated with allegedly unpaid wages or other employment benefits purportedly owed by entities that are not Title III debtors, but which fails to comply with the applicable rules by not providing a basis for purporting to assert a claim against the Commonwealth, ERS, HTA, PBA, or any other Title III Debtor. In support of the Three Hundred Eightieth Omnibus Objection, the Debtors respectfully represent as follows:

## JURISDICTION

1.        The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2.        Venue is proper in this district pursuant to PROMESA section 307(a).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

Yo, Jay Herriman, de conformidad con el Título 28 U.S.C., § 1746, por medio de la presente declaro, so pena de incurrir en falso testimonio, que lo que sigue es veraz y correcto a mi leal saber y entender:

1.      Soy director general de Alvarez & Marsal North America, LLC ("A&M"). La Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión") contrató a A&M para que le ayudara, entre otras cosas, con el proceso de reconciliación de reclamaciones en relación con los casos de los Deudores (según se define abajo) radicados conforme a la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"). [2] Salvo disposición en contrario en la presente declaración, tengo conocimiento personal de los hechos aquí expuestos.

2.      En mi capacidad de director general de A&M, soy una de las personas responsables de supervisar el proceso de reconciliación y objeciones relativo a las reclamaciones en el marco de los casos de los Deudores radicados conforme a PROMESA. El proceso continuo de reconciliación de reclamaciones de los Deudores implica un esfuerzo colectivo de un equipo de los empleados de A&M, así como de Proskauer Rose LLP y de O'Neill & Borges LLC, abogados de la Junta de Supervisión, el representante legal del Estado Libre Asociado de Puerto Rico (el "ELA"), del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE"), de la Autoridad de Carreteras y Transportación de Puerto Rico (el "SRE") y de la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, el SRE y la ACT, los "Deudores").

3.      Realizo esta declaración en apoyo de la *Tricentésima octogésima objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico, del Sistema de Retiro de los Empleados*

---

[2]  PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101-2241.

*del Gobierno del Estado Libre Asociado de Puerto Rico, de la Autoridad de Carreteras y Transportación de Puerto Rico y de la Autoridad de Edificios Públicos de Puerto Rico a Reclamaciones de empleados en las que se alegan responsabilidades de las entidades que no son Deudores de Título III* (la "<u>Tricentésima octogésima objeción global</u>"). [3]   He revisado personalmente la Tricentésima octogésima objeción global, y los anexos relativos a la misma, por lo que estoy familiarizado con la información que contienen.

4.      Durante el proceso de preparación para radicar la Tricentésima octogésima objeción global, bajo mi dirección y/o supervisión, cada una de las reclamaciones controvertidas en la Tricentésima octogésima objeción global fue examinada y analizada cuidadosamente de buena fe aplicando la debida diligencia por parte del personal pertinente, o fue examinada y analizada por el personal de otros agentes contratados por la Junta de Supervisión. Dichos esfuerzos resultaron en la identificación de las reclamaciones que han de ser rechazadas, según se identifica en el **Anexo A** de la Tricentésima octogésima objeción global.

5.      A mi leal saber y entender, cada una de las reclamaciones identificadas en el **Anexo A** de la Tricentésima octogésima objeción global (conjuntamente, las "<u>Reclamaciones que han de ser rechazadas</u>") alega responsabilidades por supuestos salarios no pagados u otros beneficios laborales supuestamente adeudados por las entidades que no son deudores de Título III. Las Reclamaciones que han de ser rechazadas pretenden alegar responsabilidades por salarios no pagados u otros beneficios laborales supuestamente adeudados por la Administración de Terrenos de Puerto Rico, la Corporación Azucarera de Puerto Rico o Puerto Rico Telephone Company. Sin embargo, ninguna de estas entidades es Deudor de Título III. Por ejemplo, Administración de

---

[3] Los términos con mayúscula que no estén definidos en el presente documento tendrán el significado que les haya sido atribuido en la Tricentésima octogésima objeción global.

**Fecha de la vista: 6 de octubre de 2021, a las 9:30 a.m. (AST)**
**Fecha límite para responder: 20 de septiembre de 2021 a las 4:00 p.m. (AST)**

---

**REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

---

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS**
**PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al.*,<br><br>Deudores.[1] | PROMESA<br>Título III<br><br>Núm. 17 BK 3283-LTS<br><br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con el ELA, el SRE, la ACT y la AEP.** |

**TRICENTÉSIMA OCTOGÉSIMA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, DEL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO Y DE LA AUTORIDAD DE EDIFICIOS PÚBLICOS DE PUERTO RICO A RECLAMACIONES DE EMPLEADOS EN LAS QUE SE ALEGAN RESPONSABILIDADES DE LAS ENTIDADES QUE NO SON DEUDORES DE TÍTULO III**

---

[1]Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático).

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor Swain:

El Estado Libre Asociado de Puerto Rico (el "ELA"), el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE"), la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") y la Autoridad de Edificios Públicos de Puerto Rico ("la AEP", y junto con el ELA, el SRE y la ACT, los "Deudores"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como el único representante de Título III de los Deudores conforme a la sección 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radican esta tricentésima octogésima objeción global (la "Tricentésima octogésima objeción global") en la que se solicita que se rechacen las evidencias de reclamaciones que aparecen en el **Anexo A** del presente documento, cada una de las cuales alega responsabilidades vinculadas con supuestos salarios no pagados u otros beneficios laborales supuestamente adeudados por entidades que no son deudores de Título III, pero que incumple las normas aplicables al no proporcionar una base para pretender alegar una reclamación contra el ELA, el SRE, la ACT, la AEP o cualquier otro Deudor de Título III. En apoyo de la Tricentésima octogésima objeción global, los Deudores manifiestan respetuosamente lo siguiente:

## JURISDICCIÓN

1.     El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme a la sección 306(a) de PROMESA.

---

[2] PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101-2241.

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*.,<br><br>Deudores. | PROMESA<br>Título III<br><br>Núm. 17 BK 3283-LTS<br><br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con el ELA, el SRE, la ACT y la AEP.** |

**NOTIFICACIÓN DE LA TRICENTÉSIMA OCTOGÉSIMA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, DEL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO Y DE LA AUTORIDAD DE EDIFICIOS PÚBLICOS DE PUERTO RICO A RECLAMACIONES DE EMPLEADOS EN LAS QUE SE ALEGAN RESPONSABILIDADES DE LAS ENTIDADES QUE NO SON DEUDORES DE TÍTULO III**

**SI SU RECLAMACIÓN APARECE EN EL <u>ANEXO A</u> DE LA OBJECIÓN GLOBAL, LOS DEUDORES SOLICITAN QUE SU RECLAMACIÓN SEA RECHAZADA PORQUE NO SON RESPONSABLES POR SU RECLAMACIÓN.**

**ESTA OBJECIÓN GLOBAL PRETENDE ALTERAR SUS DERECHOS. TODA RECLAMACIÓN QUE SEA RECHAZADA SE TRATARÁ COMO SI NUNCA SE HUBIERA RADICADO.**

**SI SU RECLAMACIÓN APARECE EN EL <u>ANEXO A</u>, DEBERÁ LEER DETENIDAMENTE ESTA NOTIFICACIÓN Y LA OBJECIÓN GLOBAL, Y COMENTARLAS CON SU ABOGADO. SI NO TIENE ABOGADO, ES POSIBLE QUE DESEE ACUDIR A UNO.**

**OBSÉRVESE QUE** el 20 de agosto de 2021, el Estado Libre Asociado de Puerto Rico (el "<u>ELA</u>"), el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "<u>SRE</u>"), la Autoridad de Carreteras y Transportación de Puerto Rico (la "<u>ACT</u>") y la Autoridad de Edificios Públicos de Puerto Rico (la "<u>AEP</u>", y junto con el ELA, el SRE y la ACT, los "<u>Deudores</u>"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "<u>Junta de Supervisión</u>"), como representante del ELA conforme a la sección 315(b) de la *Ley*

*para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[1] radicaron la *Tricentésima octogésima objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico, de la Autoridad de Carreteras y Transportación de Puerto Rico y de la Autoridad de Edificios Públicos de Puerto Rico a Reclamaciones de empleados en las que se alegan responsabilidades de las entidades que no son Deudores de Título III* (la "Objeción Global") ante el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico (el "Tribunal"). [2]

---

### SÍNTESIS

- **COMPRUEBE SI SU(S) RECLAMACIÓN(ES) SE MENCIONA(N) EN EL ANEXO A DE LA OBJECIÓN GLOBAL.**

- **Si su(s) reclamación(es) NO se menciona(n) en el Anexo A, la Objeción Global no afectará a su reclamación, por lo que NO tendrá que realizar ninguna acción.**

- Si su(s) reclamación(es) se menciona(n) en el **Anexo A** de la Objeción Global, los Deudores solicitan que su(s) reclamación(es) que se mencione(n) en el **Anexo A** sea(n) rechazada(s) porque, como se explicó en la Objeción Global que acompaña este documento, los Deudores consideran que no son responsables por su(s) reclamación(es). La Objeción Global y el **Anexo A** de la Objeción Global proporcionan detalles adicionales sobre los motivos por los que los Deudores consideran que no son responsables.

- Copias de la Objeción Global, y todos los escritos radicados en el marco de los Casos de Título III, están disponibles, de manera gratuita, en https://cases.primeclerk.com/puertorico.

- **Si tiene alguna pregunta, comuníquese con Prime Clerk LLC llamando al (844) 822-9231 (número gratuito para Estados Unidos y Puerto Rico) o (646) 486-7944 (para llamadas desde el extranjero), disponible entre las 10:00 a.m. y las 07:00 p.m. (AST) (hablamos español).**

---

 **SI NO CONTESTA CONFORME A LA PRESENTE NOTIFICACIÓN, EL TRIBUNAL PODRÁ CONCEDER EL REMEDIO SOLICITADO EN LA OBJECIÓN GLOBAL SIN OTRA NOTIFICACIÓN NI VISTA.**

[*Siguen páginas adicionales*]

---

[1] PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101-2241.

[2] Los términos en mayúscula utilizados que no estén definidos en el presente documento tendrán el significado que les haya sido atribuido en la Objeción global.

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                      Debtors. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the<br>Commonwealth, ERS, HTA,<br>and PBA.** |

**NOTICE OF THE THREE HUNDRED EIGHTIETH OMNIBUS OBJECTION
(SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, THE
EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE
COMMONWEALTH OF PUERTO RICO, THE PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY, AND THE PUERTO RICO PUBLIC BUILDINGS
AUTHORITY TO EMPLOYEE CLAIMS ASSERTING LIABILITIES OWED BY
ENTITIES THAT ARE NOT TITLE III DEBTORS**

> **IF YOUR CLAIM IS LISTED ON <u>EXHIBIT A</u> TO THE OMNIBUS OBJECTION, THE DEBTORS ARE SEEKING TO DISALLOW YOUR CLAIM BECAUSE THEY ARE NOT LIABLE FOR YOUR CLAIM.**
>
> **THIS OMNIBUS OBJECTION SEEKS TO ALTER YOUR RIGHTS. ANY CLAIM THAT IS DISALLOWED WILL BE TREATED AS THOUGH IT WERE NEVER FILED.**
>
> **IF YOUR CLAIM IS LISTED ON <u>EXHIBIT A</u>, YOU SHOULD READ THIS NOTICE AND THE OMNIBUS OBJECTION CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

    **PLEASE TAKE NOTICE THAT**, on August 20, 2021, the Commonwealth of Puerto Rico (the "<u>Commonwealth</u>"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>"), the Puerto Rico Highways and Transportation Authority ("<u>HTA</u>"), and the Puerto Rico Public Buildings Authority ("<u>PBA</u>," and together with the Commonwealth, ERS, and HTA, the "<u>Debtors</u>"), by and through the Financial Oversight and Management Board for Puerto Rico (the "<u>Oversight Board</u>"), as the representative of the Commonwealth pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and*

*Economic Stability Act* ("PROMESA"),[1] filed the *Three Hundred Eightieth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Puerto Rico Public Buildings Authority to Employee Claims Asserting Liabilities Owed by Entities That Are Not Title III Debtors* (the "Omnibus Objection") with the United States District Court for the District of Puerto Rico (the "Court").[2]

---

### OVERVIEW

- **PLEASE CHECK IF YOUR CLAIM(S) IS/ARE LISTED ON EXHIBIT A TO THE OMNIBUS OBJECTION.**

- **If your claim(s) is/are NOT listed on Exhibit A, your claim will not be affected by the Omnibus Objection, and you DO NOT have to do anything.**

- If your claim(s) is/are listed on **Exhibit A** to the Omnibus Objection, the Debtors are seeking to disallow your claim(s) listed on **Exhibit A** because, as explained in the accompanying Omnibus Objection, the Debtors believe they are not liable for your claim(s). The Omnibus Objection and **Exhibit A** to the Omnibus Objection provide additional details regarding why the Debtors believe they are not liable.

- Copies of the Omnibus Objection and all other filings in the Title III Cases are available free online at https://cases.primeclerk.com/puertorico.

- **If you have questions, please contact Prime Clerk, LLC at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m.  (Atlantic Standard Time) (Spanish available).**

---

**IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF DEMANDED BY THE OMNIBUS OBJECTION WITHOUT FURTHER NOTICE OR HEARING.**

*[Additional pages follow]*

---

[1] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[2] Capitalized terms used but not defined herein shall have the meanings set forth in the Omnibus Objection.

2.      La sede judicial de este distrito es la competente conforme a la sección 307(a) de PROMESA.

**ANTECEDENTES**

A.      **Órdenes de Fecha Límite**

3.      El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el ELA conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III del ELA"). El 21 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el SRE y la ACT conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III del SRE" y el "Caso de Título III de la ACT", respectivamente). El 27 de septiembre de 2019, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para la AEP conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III de la AEP", y junto con el Caso de Título III del ELA, el Caso de Título III del SRE y el Caso de Título III de la ACT, los "Casos de Título III"). El 29 de junio de 2017 y el 9 de octubre de 2019, el Tribunal dictó órdenes por las que concedió la administración conjunta de los Casos de Título III únicamente con fines procesales. ECF núm. 537, ECF núm. 8829.[3]

[3] Salvo disposición en contrario contenida en el presente documento, las citas ECF harán referencia a documentos radicados en el marco del Caso de Quiebra Núm. 17 BK 3283-LTS.

3

4.     El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF núm. 2255] (la "Moción de Fecha Límite"). Conforme a la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF. núm. 2521] (la "Orden Inicial de Fecha Límite"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco de los Casos de Título III. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF núm. 3160] (junto con la Orden Inicial de Fecha Límite, las "Órdenes de Fecha Límite del ELA, del SRE y de la ACT"), extendiendo dichas fechas límite hasta el 29 de junio de 2018, a las 04:00 p.m. (AST).

5.     El 11 de febrero de 2020, la AEP radicó su *Moción de una orden que A) fije fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF núm. 36 en 19-BK-5523-LTS] (la "Moción de Fecha Límite de la AEP"). Conforme a la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF. núm. 55 en 19-BK-5523-LTS] (la "Orden Inicial de Fecha Límite de la AEP"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite de la AEP y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco del Caso de Título III de la AEP. En vista de la emergencia de salud pública causada por la propagación del COVID-19, el Tribunal extendió posteriormente esta fecha límite hasta el 29 de julio de 2020 (inclusive) a las 4:00 p.m. (AST) mediante la *Orden que A) extiende fechas límite para radicar evidencias de reclamaciones y B)*

4

Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), the Puerto Rico Highways and Transportation Authority ("HTA"), and the Puerto Rico Public Buildings Authority ("PBA," and together with the Commonwealth, ERS, and HTA, the "Debtors"), dated August 20, 2021, for entry of an order disallowing in their entirety certain claims filed against the Debtors, as more fully set forth in the Three Hundred Eightieth Omnibus Objection and supporting exhibits thereto; and the Court having jurisdiction to consider the Three Hundred Eightieth Omnibus Objection and to grant the relief requested therein pursuant to PROMESA section 306(a); and venue being proper pursuant to PROMESA section 307(a); and due and proper notice of the Three Hundred Eightieth Omnibus Objection having been provided to those parties identified therein, and no other or further notice being required; and each of the claims identified in Exhibit A to the Three Hundred Eightieth Omnibus Objection (collectively, the "Claims to Be Disallowed") having been found to be claims for which the Debtors are not liable; and the Court having determined that the relief sought in the Three Hundred Eightieth Omnibus Objection is in the best interests of the Debtors, their creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Three Hundred Eightieth Omnibus Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Three Hundred Eightieth Omnibus Objection is GRANTED as set forth herein; and it is further

ORDERED that the Claims to Be Disallowed are hereby disallowed in their entirety; and it is further

ORDERED that Prime Clerk, LLC, is authorized and directed to delete the Claims to Be Disallowed from the official claims registry in the Title III Cases; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br>No. 17 BK 3283-LTS<br>(Jointly Administered)<br><br>**This filing relates to the<br>Commonwealth, ERS, HTA,<br>and PBA.** |

ORDER GRANTING THREE HUNDRED EIGHTIETH OMNIBUS OBJECTION
(SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES
RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF
PUERTO RICO, THE PUERTO RICO HIGHWAYS AND TRANSPORTATION
AUTHORITY, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY TO
EMPLOYEE CLAIMS ASSERTING LIABILITIES OWED BY ENTITIES THAT ARE NOT
TITLE III DEBTORS

Upon the *Three Hundred Eightieth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Puerto Rico Public Buildings Authority to Employee Claims Asserting Liabilities Owed by Entities That Are Not Title III Debtors* (the "Three Hundred Eightieth Omnibus Objection"),[2] filed by the

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Three Hundred Eightieth Omnibus Objection.

objeción global"),[2] radicada por el Estado Libre Asociado de Puerto Rico (el "ELA"), el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico, la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") y la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, el SRE y la ACT, los "Deudores"), de fecha 20 de agosto de 2021, en la que se solicita que se dicte una orden que rechace en su totalidad determinadas reclamaciones radicadas contra los Deudores, según se expone con más detalle en la propia Tricentésima octogésima objeción global y los anexos justificativos de la misma; y al tener el Tribunal jurisdicción para atender la Tricentésima octogésima objeción global y para conceder el remedio en ella solicitado conforme a PROMESA, sección 306(a); y siendo la sede judicial competente conforme a PROMESA, sección 307(a); y habiéndose efectuado, en tiempo y forma, la notificación de la Tricentésima octogésima objeción global a aquellas partes que en ella se identifican, sin ser necesario efectuar ninguna otra notificación; y habiéndose concluido que cada una de las reclamaciones identificadas en el Anexo A de la Tricentésima octogésima objeción global (conjuntamente, las "Reclamaciones que han de ser rechazadas") es una reclamación en la que se pretende la recuperación de montos por los que los Deudores no son responsables; y habiendo determinado el Tribunal que el remedio solicitado en la Tricentésima octogésima objeción global redunda en el mejor interés de los Deudores y de sus acreedores, así como de la totalidad de las partes interesadas; y habiendo determinado el Tribunal que las bases de hecho y de derecho establecidas en la Tricentésima octogésima objeción global establecen una causa justificada para el remedio aquí concedido; y tras la debida deliberación y concurriendo suficientes motivos para ello, por medio de la presente,

---

[2] Los términos con mayúscula que no estén definidos en el presente documento tendrán el significado que les haya sido atribuido en la Tricentésima octogésima objeción global.

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

*In re*:

JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN
FINANCIERA PARA PUERTO RICO,

     como representante del

ESTADO LIBRE ASOCIADO DE PUERTO RICO *et
al*.,

                  Deudores.[1]

PROMESA
Título III
Núm. 17 BK 3283-LTS
(Administrado Conjuntamente)

**La presente radicación guarda
relación con el ELA, el SRE, la
ACT y la AEP.**

ORDEN POR LA QUE SE CONCEDE LA TRICENTÉSIMA OCTOGÉSIMA OBJECIÓN
GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, DEL
SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE
ASOCIADO DE PUERTO RICO, DE LA AUTORIDAD DE CARRETERAS Y
TRANSPORTACIÓN DE PUERTO RICO Y DE LA AUTORIDAD DE EDIFICIOS
PÚBLICOS DE PUERTO RICO A RECLAMACIONES DE EMPLEADOS EN LAS QUE SE
ALEGAN RESPONSABILIDADES DE LAS ENTIDADES QUE NO SON DEUDORES DE
TÍTULO III

Vista la *Tricentésima octogésima objeción global (sustantiva) del Estado Libre

Asociado de Puerto Rico, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre

Asociado de Puerto Rico, de la Autoridad de Carreteras y Transportación de Puerto Rico y de la

Autoridad de Edificios de Puerto Rico a Reclamaciones de empleados en las que se alegan

responsabilidades de las entidades que no son Deudores de Título III* (la "Tricentésima octogésima

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de
Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada
Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra
Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii)
la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra
Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474);
iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm.
17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el
Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el
"SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación
contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso
de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva
federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el
ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-
LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los
casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas
limitaciones en el programa informático).

requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases. Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order, the "Commonwealth, ERS, and HTA Bar Date Orders"), extending these deadlines to June 29, 2018 at 4:00 p.m. (Atlantic Time).

5.       On February 11, 2020, PBA filed its *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 36 in 19-BK-5523-LTS] (the "PBA Bar Date Motion"). Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 55 in 19-BK-5523-LTS] (the "Initial PBA Bar Date Order"), the Court granted the relief requested in the PBA Bar Date Motion and established deadlines and procedures for filing proofs of claim in the PBA Title III Case. In light of the public health emergency created by the spread of COVID-19, the Court subsequently extended this deadline to and including July 29, 2020 at 4:00 p.m. (Atlantic Time), by the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 13403] (together with the PBA Initial Bar Date Order, the "PBA Bar Date Orders," and together with the Commonwealth, ERS, and HTA Bar Date Orders, the "Bar Date Orders").

**B.       Proofs of Claims Filed, Omnibus Objection Procedures, and Claim Objections**

6.       To date, approximately 180,483 proofs of claim have been filed against the Debtors and logged by Prime Clerk, LLC. Such proofs of claim total approximately \$43.6 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

## BACKGROUND

### A.     The Bar Date Orders

3.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case").   On May 21, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for ERS and HTA, pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "ERS Title III Case" and "HTA Title III Case," respectively). On September 27, 2019, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for PBA, pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "PBA Title III Case," and together with the Commonwealth Title III Case, the ERS Title III Case, and the HTA Title III Case, the "Title III Cases").   On June 29, 2017 and October 9, 2019, the Court entered orders granting the joint administration of the Title III Cases for procedural purposes only.  ECF No. 537, ECF No. 8829.[3]

4.      On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255] (the "Bar Date Motion").  Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief

---

[3] Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

## ANEXO D

**Orden Propuesta**

SO ORDERED.

Dated: 11 / Sept / 2021

_____

Honorable Judge Laura Taylor Swain
United States District Judge

Motonal Bycha cy

SS = 8627

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>    como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al.*,<br><br>                Deudores.[1] | PROMESA<br>Título III<br>Núm. 17 BK 3283-LTS<br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con el ELA, el SRE, la ACT y la AEP.** |

**DECLARACIÓN DE JAY HERRIMAN EN APOYO DE LA TRICENTÉSIMA OCTOGÉSIMA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, DEL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO Y DE LA AUTORIDAD DE EDIFICIOS PÚBLICOS DE PUERTO RICO A RECLAMACIONES DE EMPLEADOS EN LAS QUE SE ALEGAN RESPONSABILIDADES DE LAS ENTIDADES QUE NO SON DEUDORES DE TÍTULO III**

---

[1]  Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático).

## ANEXO B

**Declaración de Jay Herriman**

SE ORDENA que SE CONCEDA la Tricentésima octogésima objeción global, según se establece en el presente documento; además

SE ORDENA que se rechacen en su totalidad las Reclamaciones que han de ser rechazadas; asimismo

SE ORDENA que Prime Clerk, LLC quede autorizada, y reciba instrucciones, para eliminar las Reclamaciones que han de ser rechazadas del registro oficial de reclamaciones en el marco de los Casos de Título III; y por último

SE ORDENA que este Tribunal conserve jurisdicción para atender y resolver la totalidad de las materias que surjan de, o en relación con, la implementación, interpretación o ejecución de la presente Orden.

ASÍ SE ESTABLECE.

Fecha: _____

_____

Su señoría, la juez Laura Taylor Swain
Juez de Distrito de los Estados Unidos (*United States District Judge*)

Matana
HC 11 BOX 1
Humaeao, P.R 00791

RECEIVED
NOV 0 2 2021
PRIME CLERK

Prime Clerk. LLC
Grand Central Station
PO BOX 4850
New York, NY 10163- 4850