# EXHIBIT E

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

          Debtors.[1]

PROMESA
Title III
No. 17 BK 3283-LTS
(Jointly Administered)

RECEIVED
OCT 0 5 2021
PRIME CLERK LLC

**This filing relates to the**
**Commonwealth, ERS, HTA,**
**and PBA.**

---

ORDER GRANTING THREE HUNDRED EIGHTIETH OMNIBUS OBJECTION
(SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES
RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF
PUERTO RICO, THE PUERTO RICO HIGHWAYS AND TRANSPORTATION
AUTHORITY, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY TO
EMPLOYEE CLAIMS ASSERTING LIABILITIES OWED BY ENTITIES THAT ARE NOT
TITLE III DEBTORS

---

Upon the *Three Hundred Eightieth Omnibus Objection (Substantive) of the*
*Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the*
*Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the*
*Puerto Rico Public Buildings Authority to Employee Claims Asserting Liabilities Owed by Entities*
*That Are Not Title III Debtors* (the "Three Hundred Eightieth Omnibus Objection"),[2] filed by the

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number
and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the
(i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-
LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation
("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474);
(iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK
3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the
Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-
LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority
("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747);
and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth,
COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last
Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers
due to software limitations).

[2] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the
Three Hundred Eightieth Omnibus Objection.

990123401013646

Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), the Puerto Rico Highways and Transportation Authority ("HTA"), and the Puerto Rico Public Buildings Authority ("PBA," and together with the Commonwealth, ERS, and HTA, the "Debtors"), dated August 20, 2021, for entry of an order disallowing in their entirety certain claims filed against the Debtors, as more fully set forth in the Three Hundred Eightieth Omnibus Objection and supporting exhibits thereto; and the Court having jurisdiction to consider the Three Hundred Eightieth Omnibus Objection and to grant the relief requested therein pursuant to PROMESA section 306(a); and venue being proper pursuant to PROMESA section 307(a); and due and proper notice of the Three Hundred Eightieth Omnibus Objection having been provided to those parties identified therein, and no other or further notice being required; and each of the claims identified in Exhibit A to the Three Hundred Eightieth Omnibus Objection (collectively, the "Claims to Be Disallowed") having been found to be claims for which the Debtors are not liable; and the Court having determined that the relief sought in the Three Hundred Eightieth Omnibus Objection is in the best interests of the Debtors, their creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Three Hundred Eightieth Omnibus Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Three Hundred Eightieth Omnibus Objection is GRANTED as set forth herein; and it is further

ORDERED that the Claims to Be Disallowed are hereby disallowed in their entirety; and it is further

ORDERED that Prime Clerk, LLC, is authorized and directed to delete the Claims to Be Disallowed from the official claims registry in the Title III Cases; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

2

2.     La sede judicial de este distrito es la competente conforme a la sección 307(a) de PROMESA.

## ANTECEDENTES

### A.     Órdenes de Fecha Límite

3.     El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el ELA conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III del ELA"). El 21 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el SRE y la ACT conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III del SRE" y el "Caso de Título III de la ACT", respectivamente). El 27 de septiembre de 2019, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para la AEP conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III de la AEP", y junto con el Caso de Título III del ELA, el Caso de Título III del SRE y el Caso de Título III de la ACT, los "Casos de Título III"). El 29 de junio de 2017 y el 9 de octubre de 2019, el Tribunal dictó órdenes por las que concedió la administración conjunta de los Casos de Título III únicamente con fines procesales. ECF núm. 537, ECF núm. 8829.[3]

*Beraldo Llia Rivera*

---

[3] Salvo disposición en contrario contenida en el presente documento, las citas ECF harán referencia a documentos radicados en el marco del Caso de Quiebra Núm. 17 BK 3283-LTS.

4. El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF núm. 2255] (la "Moción de Fecha Límite"). Conforme a la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF. núm. 2521] (la "Orden Inicial de Fecha Límite"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco de los Casos de Título III. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF núm. 3160] (junto con la Orden Inicial de Fecha Límite, las "Órdenes de Fecha Límite del ELA, del SRE y de la ACT"), extendiendo dichas fechas límite hasta el 29 de junio de 2018, a las 04:00 p.m. (AST).

5. El 11 de febrero de 2020, la AEP radicó su *Moción de una orden que A) fije fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF núm. 36 en 19-BK-5523-LTS] (la "Moción de Fecha Límite de la AEP"). Conforme a la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF. núm. 55 en 19-BK-5523-LTS] (la "Orden Inicial de Fecha Límite de la AEP"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite de la AEP y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco del Caso de Título III de la AEP. En vista de la emergencia de salud pública causada por la propagación del COVID-19, el Tribunal extendió posteriormente esta fecha límite hasta el 29 de julio de 2020 (inclusive) a las 4:00 p.m. (AST) mediante la *Orden que A) extiende fechas límite para radicar evidencias de reclamaciones y B)*

4

## TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
## PARA EL DISTRITO DE PUERTO RICO

| | |
|---|---|
| *In re:*<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al.*,<br><br>Deudores. | PROMESA<br>Título III<br><br>Núm. 17 BK 3283-LTS<br><br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con el ELA, el SRE, la ACT y la AEP.** |

**NOTIFICACIÓN DE LA TRICENTÉSIMA OCTOGÉSIMA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, DEL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO Y DE LA AUTORIDAD DE EDIFICIOS PÚBLICOS DE PUERTO RICO A RECLAMACIONES DE EMPLEADOS EN LAS QUE SE ALEGAN RESPONSABILIDADES DE LAS ENTIDADES QUE NO SON DEUDORES DE TÍTULO III**

**SI SU RECLAMACIÓN APARECE EN EL <u>ANEXO A</u> DE LA OBJECIÓN GLOBAL, LOS DEUDORES SOLICITAN QUE SU RECLAMACIÓN SEA RECHAZADA PORQUE NO SON RESPONSABLES POR SU RECLAMACIÓN.**

**ESTA OBJECIÓN GLOBAL PRETENDE ALTERAR SUS DERECHOS. TODA RECLAMACIÓN QUE SEA RECHAZADA SE TRATARÁ COMO SI NUNCA SE HUBIERA RADICADO.**

**SI SU RECLAMACIÓN APARECE EN EL <u>ANEXO A</u>, DEBERÁ LEER DETENIDAMENTE ESTA NOTIFICACIÓN Y LA OBJECIÓN GLOBAL, Y COMENTARLAS CON SU ABOGADO. SI NO TIENE ABOGADO, ES POSIBLE QUE DESEE ACUDIR A UNO.**

**OBSÉRVESE QUE** el 20 de agosto de 2021, el Estado Libre Asociado de Puerto Rico (el "<u>ELA</u>"), el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "<u>SRE</u>"), la Autoridad de Carreteras y Transportación de Puerto Rico (la "<u>ACT</u>") y la Autoridad de Edificios Públicos de Puerto Rico (la "<u>AEP</u>", y junto con el ELA, el SRE y la ACT, los "<u>Deudores</u>"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "<u>Junta de Supervisión</u>"), como representante del ELA conforme a la sección 315(b) de la *Ley*

*para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA),[1] radicaron la *Tricentésima octogésima objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico, de la Autoridad de Carreteras y Transportación de Puerto Rico y de la Autoridad de Edificios Públicos de Puerto Rico a Reclamaciones de empleados en las que se alegan responsabilidades de las entidades que no son Deudores de Título III* (la "Objeción Global") ante el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico (el "Tribunal). [2]

---

### SÍNTESIS

- **COMPRUEBE SI SU(S) RECLAMACIÓN(ES) SE MENCIONA(N) EN EL ANEXO A DE LA OBJECIÓN GLOBAL.**

- **Si su(s) reclamación(es) NO se menciona(n) en el Anexo A, la Objeción Global no afectará a su reclamación, por lo que NO tendrá que realizar ninguna acción.**

- Si su(s) reclamación(es) se menciona(n) en el **Anexo A** de la Objeción Global, los Deudores solicitan que su(s) reclamación(es) que se mencione(n) en el **Anexo A** sea(n) rechazada(s) porque, como se explicó en la Objeción Global que acompaña este documento, los Deudores consideran que no son responsables por su(s) reclamación(es). La Objeción Global y el **Anexo A** de la Objeción Global proporcionan detalles adicionales sobre los motivos por los que los Deudores consideran que no son responsables.

- Copias de la Objeción Global, y todos los escritos radicados en el marco de los Casos de Título III, están disponibles, de manera gratuita, en https://cases.primeclerk.com/puertorico.

- **Si tiene alguna pregunta, comuníquese con Prime Clerk LLC llamando al (844) 822-9231 (número gratuito para Estados Unidos y Puerto Rico) o (646) 486-7944 (para llamadas desde el extranjero), disponible entre las 10:00 a.m. y las 07:00 p.m. (AST) (hablamos español).**

---

**SI NO CONTESTA CONFORME A LA PRESENTE NOTIFICACIÓN, EL TRIBUNAL PODRÁ CONCEDER EL REMEDIO SOLICITADO EN LA OBJECIÓN GLOBAL SIN OTRA NOTIFICACIÓN NI VISTA.**

*[Siguen páginas adicionales]*

*Geraldo Sta Ricci*

[1] PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101-2241.

[2] Los términos en mayúscula utilizados que no estén definidos en el presente documento tendrán el significado que les haya sido atribuido en la Objeción global.

SRF 56032

Hearing Date: October 6, 2021 at 9:30AM (Atlantic Standard Time)
Response Deadline: September 20, 2021 at 4:00PM (Atlantic Standard Time)

<div style="border: 1px solid black">

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

</div>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

                Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

**This filing relates to the Commonwealth, ERS, HTA, and PBA.**

## THREE HUNDRED EIGHTIETH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY TO EMPLOYEE CLAIMS ASSERTING LIABILITIES OWED BY ENTITIES THAT ARE NOT TITLE III DEBTORS

*Gerald Silva Rivera*

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), the Puerto Rico Highways and Transportation Authority ("HTA"), and the Puerto Rico Public Buildings Authority ("PBA," and together with the Commonwealth, ERS, and HTA, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' sole Title III representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] file this three hundred eightieth omnibus objection (the "Three Hundred Eightieth Omnibus Objection") seeking to disallow the proofs of claim listed on **Exhibit A** hereto, each of which asserts liabilities associated with allegedly unpaid wages or other employment benefits purportedly owed by entities that are not Title III debtors, but which fails to comply with the applicable rules by not providing a basis for purporting to assert a claim against the Commonwealth, ERS, HTA, PBA, or any other Title III Debtor. In support of the Three Hundred Eightieth Omnibus Objection, the Debtors respectfully represent as follows:

## JURISDICTION

1. The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2. Venue is proper in this district pursuant to PROMESA section 307(a).

*Gerald o Iglo Rivera*

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.,*<br><br>Debtors.[1] | PROMESA<br>Title III<br>No. 17 BK 3283-LTS<br>(Jointly Administered)<br><br>**This filing relates to the**<br>**Commonwealth, ERS, HTA,**<br>**and PBA.** |

**DECLARATION OF JAY HERRIMAN IN SUPPORT OF THE THREE HUNDRED EIGHTIETH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY TO EMPLOYEE CLAIMS ASSERTING LIABILITIES OWED BY ENTITIES THAT ARE NOT TITLE III DEBTORS**

I, Jay Herriman, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that

the following is true and correct to the best of my knowledge, information and belief:

1.      I am a Managing Director of Alvarez & Marsal North America, LLC ("A&M").

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") retained

---

[1]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

A&M to assist with, *inter alia*, the claims reconciliation process for the Debtors' (as defined below) cases filed pursuant to the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA").[2] Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

2.      In my capacity as a Managing Director of A&M, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' cases filed pursuant to PROMESA. The Debtors' ongoing claims reconciliation process involves the collective effort of a team of A&M employees, as well as Proskauer Rose LLP and O'Neill & Borges LLC, counsel for the Oversight Board, the legal representative for the Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), the Puerto Rico Highways and Transportation Authority ("HTA"), and the Puerto Rico Public Buildings Authority ("PBA," and together with the Commonwealth, ERS, and HTA, the "Debtors").

3.      I submit this declaration in support of the *Three Hundred Eightieth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Puerto Rico Public Buildings Authority to Employee Claims Asserting Liabilities Owed by Entities That Are Not Title III Debtors* (the "Three Hundred Eightieth Omnibus Objection").[3] I have personally reviewed the Three Hundred Eightieth Omnibus Objection and exhibits thereto and am, accordingly, familiar with the information contained therein.

*Benalda Ilia Rivera*

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Three Hundred Eightieth Omnibus Objection.

Yo, Jay Herriman, de conformidad con el Título 28 U.S.C., § 1746, por medio de la presente declaro, so pena de incurrir en falso testimonio, que lo que sigue es veraz y correcto a mi leal saber y entender:

1.     Soy director general de Alvarez & Marsal North America, LLC ("A&M"). La Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión") contrató a A&M para que le ayudara, entre otras cosas, con el proceso de reconciliación de reclamaciones en relación con los casos de los Deudores (según se define abajo) radicados conforme a la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"). [2] Salvo disposición en contrario en la presente declaración, tengo conocimiento personal de los hechos aquí expuestos.

2.     En mi capacidad de director general de A&M, soy una de las personas responsables de supervisar el proceso de reconciliación y objeciones relativo a las reclamaciones en el marco de los casos de los Deudores radicados conforme a PROMESA. El proceso continuo de reconciliación de reclamaciones de los Deudores implica un esfuerzo colectivo de un equipo de los empleados de A&M, así como de Proskauer Rose LLP y de O'Neill & Borges LLC, abogados de la Junta de Supervisión, el representante legal del Estado Libre Asociado de Puerto Rico (el "ELA"), del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE"), de la Autoridad de Carreteras y Transportación de Puerto Rico (el "SRE") y de la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, el SRE y la ACT, los "Deudores").

3.     Realizo esta declaración en apoyo de la *Tricentésima octogésima objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico, del Sistema de Retiro de los Empleados*

*Peraldo Flor Rivera*

---

[2]  PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101-2241.

del Gobierno del Estado Libre Asociado de Puerto Rico, de la Autoridad de Carreteras y Transportación de Puerto Rico y de la Autoridad de Edificios Públicos de Puerto Rico a Reclamaciones de empleados en las que se alegan responsabilidades de las entidades que no son Deudores de Título III (la "Tricentésima octogésima objeción global"). [3] He revisado personalmente la Tricentésima octogésima objeción global, y los anexos relativos a la misma, por lo que estoy familiarizado con la información que contienen.

4. Durante el proceso de preparación para radicar la Tricentésima octogésima objeción global, bajo mi dirección y/o supervisión, cada una de las reclamaciones controvertidas en la Tricentésima octogésima objeción global fue examinada y analizada cuidadosamente de buena fe aplicando la debida diligencia por parte del personal pertinente, o fue examinada y analizada por el personal de otros agentes contratados por la Junta de Supervisión. Dichos esfuerzos resultaron en la identificación de las reclamaciones que han de ser rechazadas, según se identifica en el **Anexo A** de la Tricentésima octogésima objeción global.

5. A mi leal saber y entender, cada una de las reclamaciones identificadas en el **Anexo A** de la Tricentésima octogésima objeción global (conjuntamente, las "Reclamaciones que han de ser rechazadas") alega responsabilidades por supuestos salarios no pagados u otros beneficios laborales supuestamente adeudados por las entidades que no son deudores de Título III. Las Reclamaciones que han de ser rechazadas pretenden alegar responsabilidades por salarios no pagados u otros beneficios laborales supuestamente adeudados por la Administración de Terrenos de Puerto Rico, la Corporación Azucarera de Puerto Rico o Puerto Rico Telephone Company. Sin embargo, ninguna de estas entidades es Deudor de Título III. Por ejemplo, Administración de

*Gerald Silva Rivera*

[3] Los términos con mayúscula que no estén definidos en el presente documento tendrán el significado que les haya sido atribuido en la Tricentésima octogésima objeción global.

3

## NOTIFICACIÓN IMPORTANTE SOBRE INFORMACIÓN SENSIBLE CONTENIDA EN LAS RÉPLICAS.

Todos los materiales sometidos al Tribunal en respuesta a la Objeción Global podrán radicarse públicamente y quedar accesibles para la población en general. En consecuencia, la réplica **no** debe incluir documentos ni información sensibles; por ejemplo, copias de licencias de conducir, pasaportes, partidas de nacimiento, tarjetas del Seguro Social, información médica sensible o información comercial confidencial. La información sensible sometida al Tribunal en respuesta a la Objeción Global debe cumplir con las siguientes directrices:

- Los números del Seguro Social y los números de identificación contributiva deben ocultarse (esto es, tacharse), salvo los últimos cuatro dígitos.

- Las fechas de nacimiento deben ocultarse, salvo el año de nacimiento de la persona.

- El nombre de cualquier persona que se sepa que es menor de edad debe ocultarse, salvo las letras iniciales de la persona.

- Los números de cuentas financieras deben ocultarse, salvo los últimos cuatro dígitos.

Dicha información sensible o confidencial que los reclamantes invoquen en apoyo de su reclamación debe proporcionarse directamente al abogado de los Deudores, y se mantendrá en confidencialidad. Usted podrá proporcionar esta información enviándola por correo a la siguiente dirección:

> Abogados de la Junta de Supervisión (*Counsel for the Oversight Board*)
> Proskauer Rose LLP
> Eleven Times Square
> Nueva York, Nueva York 10036-8299
> Attn: Martin J. Bienenstock
> Brian S. Rosen

**Dónde y cómo radicar y notificar una réplica**. Todas las réplicas deberán radicarse de forma electrónica ante el Tribunal con el nombre de expediente *In re: Estado Libre Asociado de Puerto Rico*, Caso núm. 17 BK 3283-LTS. Hay dos métodos que puede utilizar para radicar su réplica:

1. **En línea**. Los usuarios inscritos en el sistema de radicación de casos del Tribunal deberán radicar su réplica de forma electrónica en un formato pdf susceptible de búsqueda.

2. **Por correo postal**. Si usted no es un abogado que sea usuario inscrito en el sistema de radicación de casos del Tribunal, podrá radicar y notificar una réplica por correo postal dirigida a la Secretaría del Tribunal, a la Junta de Supervisión y al Comité de Acreedores a las siguientes direcciones:

Secretaría (*Clerk's Office*)
Tribunal de Distrito de los Estados Unidos (*United States District Court*)
Sala 150 Edificio Federal (*Federal Building*)
San Juan (Puerto Rico) 00918-1767

Abogados de la Junta de Supervisión (*Counsel for the Oversight Board*)
Proskauer Rose LLP
Eleven Times Square
Nueva York, Nueva York 10036-8299
Attn: Martin J. Bienenstock
Brian S. Rosen

Abogados del Comité de Acreedores (*Counsel for the Creditors' Committee*)
Paul Hastings LLP
200 Park Avenue
Nueva York, Nueva York 10166
Attn: Luc A. Despins
James Bliss
James Worthington
G. Alexander Bongartz

SU RÉPLICA deberá enviarse por correo para ser recibida por la Secretaría, la Junta de Supervisión y el Comité de Acreedores a más tardar a las **04:00 p.m. (AST)** del **20 de septiembre de 2021**, salvo extensión por escrito por parte de los Deudores o previa solicitud por escrito dirigida al Tribunal y una orden del Tribunal que extienda la fecha límite. Su réplica debe estar firmada. Si no lo hace, el secretario no aceptará la réplica a efectos de su radicación.

Si no puede radicar y notificar una réplica en línea o por correo postal, según se especificó anteriormente, podrá radicar una réplica en persona en la siguiente dirección a más tardar a las **04:00 p.m. (AST)** del **20 de septiembre de 2021**, salvo extensión por escrito por parte de los Deudores o previa solicitud por escrito dirigida al Tribunal y una orden del Tribunal que extienda la fecha límite:

Secretaría (*Clerk's Office*)
Tribunal de Distrito de los Estados Unidos (*United States District Court*)
#150 Avenida Chardón
Edificio Federal (*Federal Building*)
San Juan (Puerto Rico) 00918

Su réplica deberá incluir un certificado de notificación que indique la forma en la que se ha efectuado la notificación.

Si tiene alguna pregunta sobre cómo radicar y notificar una réplica, incluidas preguntas sobre el sistema de radicación de casos del Tribunal, comuníquese con **Prime Clerk** llamando al **número directo (844) 822-9231**.

6

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re:*<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al.,*<br><br>Deudores.[1] | PROMESA<br>Título III<br>Núm. 17 BK 3283-LTS<br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con el ELA, el SRE, la ACT y la AEP.** |

**DECLARACIÓN DE JAY HERRIMAN EN APOYO DE LA TRICENTÉSIMA OCTOGÉSIMA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, DEL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO Y DE LA AUTORIDAD DE EDIFICIOS PÚBLICOS DE PUERTO RICO A RECLAMACIONES DE EMPLEADOS EN LAS QUE SE ALEGAN RESPONSABILIDADES DE LAS ENTIDADES QUE NO SON DEUDORES DE TÍTULO III**

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático).

## ANEXO B

Declaración de Jay Herriman

SO ORDERED.

Dated: _____

_____
Honorable Judge Laura Taylor Swain
United States District Judge

## ANEXO D

Orden Propuesta

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re:* | PROMESA |
| JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, | Título III |
| | Núm. 17 BK 3283-LTS |
| como representante del | (Administrado Conjuntamente) |
| ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al.*, | **La presente radicación guarda relación con el ELA, el SRE, la ACT y la AEP.** |
| Deudores.[1] | |

ORDEN POR LA QUE SE CONCEDE LA TRICENTÉSIMA OCTOGÉSIMA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, DEL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO Y DE LA AUTORIDAD DE EDIFICIOS PÚBLICOS DE PUERTO RICO A RECLAMACIONES DE EMPLEADOS EN LAS QUE SE ALEGAN RESPONSABILIDADES DE LAS ENTIDADES QUE NO SON DEUDORES DE TÍTULO III

Vista la *Tricentésima octogésima objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico, de la Autoridad de Carreteras y Transportación de Puerto Rico y de la Autoridad de Edificios de Puerto Rico a Reclamaciones de empleados en las que se alegan responsabilidades de las entidades que no son Deudores de Título III* (la "Tricentésima octogésima

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático).

objeción global"),[2] radicada por el Estado Libre Asociado de Puerto Rico (el "ELA"), el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico, la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") y la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, el SRE y la ACT, los "Deudores"), de fecha 20 de agosto de 2021, en la que se solicita que se dicte una orden que rechace en su totalidad determinadas reclamaciones radicadas contra los Deudores, según se expone con más detalle en la propia Tricentésima octogésima objeción global y los anexos justificativos de la misma; y al tener el Tribunal jurisdicción para atender la Tricentésima octogésima objeción global y para conceder el remedio en ella solicitado conforme a PROMESA, sección 306(a); y siendo la sede judicial competente conforme a PROMESA, sección 307(a); y habiéndose efectuado, en tiempo y forma, la notificación de la Tricentésima octogésima objeción global a aquellas partes que en ella se identifican, sin ser necesario efectuar ninguna otra notificación; y habiéndose concluido que cada una de las reclamaciones identificadas en el Anexo A de la Tricentésima octogésima objeción global (conjuntamente, las "Reclamaciones que han de ser rechazadas") es una reclamación en la que se pretende la recuperación de montos por los que los Deudores no son responsables; y habiendo determinado el Tribunal que el remedio solicitado en la Tricentésima octogésima objeción global redunda en el mejor interés de los Deudores y de sus acreedores, así como de la totalidad de las partes interesadas; y habiendo determinado el Tribunal que las bases de hecho y de derecho establecidas en la Tricentésima octogésima objeción global establecen una causa justificada para el remedio aquí concedido; y tras la debida deliberación y concurriendo suficientes motivos para ello, por medio de la presente,

_Gerald Sho Ryan_

[2] Los términos con mayúscula que no estén definidos en el presente documento tendrán el significado que les haya sido atribuido en la Tricentésima octogésima objeción global.

2

**Fecha de la vista: 6 de octubre de 2021, a las 9:30 a.m. (AST)**
**Fecha límite para responder: 20 de septiembre de 2021 a las 4:00 p.m. (AST)**

---

**REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

---

## TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
## PARA EL DISTRITO DE PUERTO RICO

*In re:*

JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,

    como representante del

ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al.,*

               Deudores.[1]

PROMESA
Título III

Núm. 17 BK 3283-LTS

(Administrado Conjuntamente)

**La presente radicación guarda relación con el ELA, el SRE, la ACT y la AEP.**

---

**TRICENTÉSIMA OCTOGÉSIMA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, DEL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO Y DE LA AUTORIDAD DE EDIFICIOS PÚBLICOS DE PUERTO RICO A RECLAMACIONES DE EMPLEADOS EN LAS QUE SE ALEGAN RESPONSABILIDADES DE LAS ENTIDADES QUE NO SON DEUDORES DE TÍTULO III**

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático).

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor
Swain:

El Estado Libre Asociado de Puerto Rico (el "ELA"), el Sistema de Retiro de los
Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE"), la Autoridad de
Carreteras y Transportación de Puerto Rico (la "ACT") y la Autoridad de Edificios Públicos de
Puerto Rico ("la AEP", y junto con el ELA, el SRE y la ACT, los "Deudores"), a través de la Junta
de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como
el único representante de Título III de los Deudores conforme a la sección 315(b) de la *Ley para
la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radican
esta tricentésima octogésima objeción global (la "Tricentésima octogésima objeción global") en la
que se solicita que se rechacen las evidencias de reclamaciones que aparecen en el **Anexo A** del
presente documento, cada una de las cuales alega responsabilidades vinculadas con supuestos
salarios no pagados u otros beneficios laborales supuestamente adeudados por entidades que no
son deudores de Título III, pero que incumple las normas aplicables al no proporcionar una base
para pretender alegar una reclamación contra el ELA, el SRE, la ACT, la AEP o cualquier otro
Deudor de Título III. En apoyo de la Tricentésima octogésima objeción global, los Deudores
manifiestan respetuosamente lo siguiente:

## JURISDICCIÓN

1.      El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene
jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme
a la sección 306(a) de PROMESA.

*[signature]*

[2] PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101-2241.

2

SE ORDENA que SE CONCEDA la Tricentésima octogésima objeción global, según se establece en el presente documento; además

SE ORDENA que se rechacen en su totalidad las Reclamaciones que han de ser rechazadas; asimismo

SE ORDENA que Prime Clerk, LLC quede autorizada, y reciba instrucciones, para eliminar las Reclamaciones que han de ser rechazadas del registro oficial de reclamaciones en el marco de los Casos de Título III; y por último

SE ORDENA que este Tribunal conserve jurisdicción para atender y resolver la totalidad de las materias que surjan de, o en relación con, la implementación, interpretación o ejecución de la presente Orden.

ASÍ SE ESTABLECE.

Fecha: _____

_____
Su señoría, la juez Laura Taylor Swain
Juez de Distrito de los Estados Unidos (*United States District Judge*)

3

GERALDO Silva Rivera
HC 04 - Box 5001
Humacao, PR 00767



RECEIVED
OCT 0 5 2021
PRIME CLERK LLC

PRIME CLERK LLC
GRAND CENTRAL STATION
PO BOX 4850
NEW YORK, NY 10163-4850