UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>   Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth and ERS.** |

**REPLY OF THE COMMONWEALTH OF PUERTO RICO AND THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO RESPONSES FILED BY JANET COLON COSME [ECF NO. 18170], CARLOS E. GALAN KERCADO [ECF NO. 18169], AND WILLIAM MALDONADO MORALES [ECF NO. 18553] TO THE THREE HUNDRED NINETY-THIRD OMNIBUS OBJECTION (SUBSTANTIVE) TO LATE-FILED CLAIMS**

**To the Honorable United States District Judge Laura Taylor Swain:**

The Commonwealth of Puerto Rico ("Commonwealth") and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the Commonwealth, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Debtors pursuant

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] file this reply (the "Reply") in support of the *Three Hundred Ninety-Third Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Late-Filed Claims* [ECF No. 17975] (the "Three Hundred Ninety-Third Omnibus Objection"). In support of this Reply, the Debtors respectfully represent as follows:

1. On August 25, 2021, the Debtors filed the Three Hundred Ninety-Third Omnibus Objection seeking to disallow certain proofs of claim that were late-filed and, accordingly, failed to comply with the terms of the applicable Bar Date Orders[3] (collectively, the "Claims to Be Disallowed"), each as listed on Exhibit A thereto. As set forth in the Three Hundred Ninety-Third Omnibus Objection and supporting exhibits thereto, the Claims to Be Disallowed were filed after the applicable Bar Date: (*i*) June 29, 2018 at 4:00 p.m. (Atlantic Time), for creditors of the Commonwealth, COFINA, HTA, and ERS, or (*ii*) July 29, 2020 at 4:00 p.m. (Atlantic Time), for creditors of PBA. Accordingly, pursuant to the terms of the Bar Date Orders, each of the holders of the Claims to Be Disallowed are barred from asserting a claim against the Debtors, and the Debtors are discharged from any and all liabilities to such claimants.

2. Any party who disputed the Three Hundred Ninety-Third Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on October 18, 2021 in accordance with the Court-approved notice attached to the Three Hundred Ninety-Third Omnibus Objection as Exhibit C, which was served in English and Spanish on the individual creditors subject to the Omnibus Objections, the U.S. Trustee, and the Master Service List (as defined in the

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.
[3] Capitalized terms not defined herein shall the meaning ascribed to them in the Three Hundred Fifty-First Omnibus Objection.

2

*Fifteenth Amended Notice, Case Management and Administrative Procedures* [ECF No. 17127-1]). *See Certificate of Service* [ECF No. 18060].

3. The following responses addressing the Three Hundred Fifty-First Omnibus Objection were interposed:

- An untitled response [ECF No. 18553] (the "Maldonado Morales Response") filed by claimant William Maldonado Morales ("Maldonado Morales"),

- *Reply to the Omnibus Objection* [ECF No. 18169] (the "Galán Kercadó Response") filed by claimant Carlos E. Galán Kercadó ("Galán Kercadó"), and

- *Reply to Omnibus Objection* [ECF No. 18170] (the "Colón Cosme Response," and together with the Maldonado Morales Response and the Galán Kercadó Response, the "Responses") filed by claimant Janet Colón Cosme ("Colón Cosme," and together with Maldonado Morales and Galán Kercadó, the "Claimants").

**I.   Maldonado Morales Response**

4. On August 10, 2021—over three years after the Commonwealth's Bar Date—Maldonado Morales filed a proof of claim against the Commonwealth, which was logged by Prime Clerk as Proof of Claim No. 179488 (the "Maldonado Morales Claim"). The Maldonado Morales Claim asserts "over $5,000" in liabilities on the basis of "Promesa Title III (Promise Title III)."

5. The Maldonado Morales Response, a Spanish-language letter, dated October 14, 2021, was filed with the Court on October 18, 2021 and docketed as ECF No. 18553 on October 19, 2021. Therein, Maldonado Morales explains that the Maldonado Morales Claim may have been submitted late for one of several reasons: (*i*) following Hurricane Maria on September 20, 2017, Maldonado Morales had to temporarily relocate to Texas due to shortages of power and water, and the "[t]he post office in the town of Peñuelas was closed for a long time and upon our returning from Texas [in May 2018] we had many letters, but we had other priorities at the time"; (*ii*) following the earthquake on December 29, 2019, Maldonado Morales had to temporarily

3

relocate to a relative's home in Puerto Rico, and the town was again left with intermittent power; and (*iii*) the COVID-19 pandemic. Maldonado Morales Resp. at 1-2.

6. The Federal Rules of Bankruptcy Procedure, applicable to Title III proceedings pursuant to section 310 of PROMESA, permit late filed claims if the failure to timely file the claim "was the result of excusable neglect." Fed. R. Bankr. P. 9006(b)(1). "Excusable neglect" requires the court to weigh the mistake or neglect against other equitable factors such as "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *In re Puerto Rico Hospital Supply, Inc.*, No. 19-01022, 2020 WL 7133165, at *2 (D.P.R. Dec. 4, 2020) (quoting *Pioneer Inv. Servs. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

7. The Debtors are deeply mindful of the serious impacts upon the people of Puerto Rico of the various natural disasters they have endured since the commencement of the Title III Cases. However, the information provided in the Maldonado Morales Response does not establish that Maldonado Morales's failure to timely file the Maldonado Morales Claim resulted from excusable neglect. As an initial matter, the length of delay in filing the Maldonado Morales Claim—over three years—is very substantial. Further, Maldonado Morales has not provided an adequate explanation for this lengthy delay. Although Maldonado Morales describes the adversity he faced due to Hurricane María, the earthquakes, and the COVID-19 pandemic, Maldonado Morales acknowledges that he had access to his mail prior to the Commonwealth's Bar Date. Maldonado Morales Resp. at 2. Furthermore, many of the claimants who filed timely claims had to endure similar adversity, but were able to comply with the applicable Bar Dates. In addition, although Maldonado Morales contends that the earthquakes in Puerto Rico in late 2019

4

and early 2020 and the COVID-19 pandemic beginning in March 2020 prevented him from filing a claim, these events occurred a year and a half or more after Maldonado Morales's return to Puerto Rico in May 2018. Maldonado Morales does not explain why he could not file a proof of claim prior to these natural disasters.

8. Accordingly, because the Maldonado Morales Response does not establish that Maldonado Morales's failure to timely file the Maldonado Morales Claim resulted from excusable neglect, the Maldonado Morales Claim should be disallowed as late-filed.

## II. The Galán Kercadó Response

9. On August 4, 2021—over three years after ERS's Bar Date—Galán Kercadó filed three proofs of claim against ERS, which were logged by Prime Clerk as Proof of Claim Nos. 179467, 179468, and 179469 (collectively, the "Galán Kercadó Claims"). The Galán Kercadó Claims assert liabilities in varying amounts against ERS purportedly arising from Galán Kercadó's pension contributions.

10. The Galán Kercadó Response, a Spanish-language letter, dated September 13, 2021, was filed with the Court on September 20, 2021 and docketed as ECF No. 18169 on September 21, 2021. Therein, Galán Kercadó explains that he had an original proof of claim, Proof of Claim No. 137467 (the "Original Galán Kercadó Claim"). On or about July 21, 2021, Galán Kercadó alleges he discovered "a document that contained a list of plaintiffs on which my name did not appear, and I proceeded to investigate the reason." Galán Kercadó Resp. at 2. Galán Kercadó alleges that he "sent the proof, and it was accepted since I was given claim number[s]" for the Galán Kercadó Claims.

11. The Original Galán Kercadó Claim, however, was disallowed as deficient by this Court because it failed to provide sufficient information to permit the Debtors to reconcile the

5

claim, and because Galán Kercadó failed to respond to an information request form sent by the Debtors. *See First Order Granting in Part One Hundred Twenty-Seventh Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico and Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Deficient Claims Asserting Interests based on Salary Demands, Employment or Services Provided* [ECF No. 12680].

12. To the extent Galán Kercadó filed the Galán Kercadó Claims in an attempt to provide additional evidence in support of the Original Galán Kercadó Claim, Galán Kercado does not explain why such evidence was not submitted in response to the Debtors' information requests or in response to the *One Hundred Twenty-Seventh Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico and Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Deficient Claims Asserting Interests based on Salary Demands, Employment or Services Provided* [ECF No. 9897]. Nor does the Galán Kercadó Response provide any basis for Galán Kercadó's failure to file a timely proof of claim.

13. Accordingly, because the Galán Kercadó Response does not dispute that the Galán Kercadó Claims were not timely filed, and does not provide an explanation for Galán Kercadó's failure to file a timely proof of claim, the Galán Kercadó Claims should be disallowed as late-filed.

### III. The Colón Cosme Response

14. On August 4, 2021—over three years after ERS's Bar Date—Colón Cosme filed three proofs of claim against ERS, which were logged by Prime Clerk as Proofs of Claim Nos. 179470, 179471, and 179472 (collectively, the "Colón Cosme Claims"). The Colón Cosme Claims assert liabilities in varying amounts against ERS for pension contributions.

15. The Colón Cosme Response, a Spanish-language letter, dated September 13, 2021, was filed with the Court on September 20, 2021 and docketed as ECF No. 18170 on September

6

21, 2021. Therein, Ms. Colón Cosme explains that she had an original proof of claim, Proof of Claim No. 164805 (the "Original Colón Cosme Claim"). On or about July 21, 2021, Ms. Colón Cosme claims she discovered "a document that contained a list of plaintiffs on which my name did not appear, and I proceeded to investigate the reason." Colón Cosme Resp. at 2. In response, Ms. Colón Cosme proceeded to submit the Colón Cosme Claims.

16. The Original Colón Cosme Claim, however, was disallowed as deficient by this Court because it failed to provide sufficient information to permit the Debtors to reconcile the claim, and because Colón Cosme failed to respond to an information request form sent by the Debtors. *See First Order Granting in Part One Hundred Fifty-Fifth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico, Puerto Rico Highways and Transportation Authority, and Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Miscellaneous Deficient Claims* [ECF No. 12672] (the "One Hundred Fifty-Fifth Omnibus Objection Order").

17. To the extent Colón Cosme filed the Colón Cosme Claims in an attempt to provide additional evidence in support of the Original Colón Cosme Claim, Colón Cosme does not explain why such evidence was not submitted in response to the Debtors' information requests or in response to the *One Hundred Fifty-Fifth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico and Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Deficient Claims Asserting Interests based on Salary Demands, Employment or Services Provided* [ECF No. 9944]. Nor does the Colón Cosme Response provide any basis for Colón Cosme's failure to file a timely proof of claim.

18. Accordingly, because the Colón Cosme Response does not dispute that the Colón Cosme Claims were not timely filed, and does not provide an explanation for Colón Cosme's failure to file a timely proof of claim, the Colón Cosme Claims should be disallowed as late-filed.

Dated: February 2, 2022
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*/s/ Brian S. Rosen*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico*