**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**ASOCIACIÓN PUERTORIQUEÑA DE LA JUDICATURA'S**
**MOTION FOR STAY PENDING APPEALREGARDING:**
**ORDER AND JUDGMENT CONFIRMING MODIFIED EIGHTH AMENDED TITLE III**
**JOINT PLAN OF ADJUSTMENT OF THE COMMONWEALTH OF PUERTO RICO,**
**THE EMPLOYEE RETIREMENT SYSTEM OF THE GOVERNMENT OF THE**
**COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC**
**BUILDINGS AUTHORITY [DOCKET NO. 19813]**

*[Space left blank intentionally.]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

COMES NOW the Asociación Puertorriqueña de la Judicatura, Inc. ("APJ"), as creditors and real parties in interest, by its undersigned counsel, and hereby submits its *Asociación Puertorriqueña de la Judicatura's Motion for Stay Pending Appeal regarding Order and Judgment Confirming Modified Eighth amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority [Docket No. 19813]* and, in support thereof, respectfully states as follows:

## 1. INTRODUCTION

APJ's position is simple and will succeed on appeal: PROMESA cannot trump the Congressional directive to form a Republican form of government that requires judicial independence. The Puerto Rico judiciary is the third, co-equal and ***independent*** branch of government as mandated by the United States Constitution and the Puerto Rico Constitution, and the Fiscal Plan that the Oversight Board recommended the Government of Puerto Rico adopt, and which was confirmed by this Court on January 18, 2022, is in direct contravention of the United States and Puerto Rico Constitutions, as well as in direct contravention of Puerto Rico Supreme Court precedent in *Brau Linares v. E.L.A.,* 190 D.P.R. 315 (2014), because it purports to reduce judicial pensions. Judicial pensions, once established, must be invulnerable from the legislative and executive branches of government so that judicial power is exercised independently and objectively, without seeking favor or for fear of retribution from the legislative and executive branches. This is the basic argument that APJ will make in its appeal, filed contemporaneously herewith.

## 2.  STANDARD OF REVIEW

Pursuant to the Bankruptcy Rules of Procedure, "a party must move first in the bankruptcy court for . . . a stay of a judgment, order, or decree of the bankruptcy court pending appeal . . .." Fed. R. Bankr. P. 8007(a)(1)(A).  Similarly, under the Federal Rules of Appellate Procedure, "[a] party must ordinarily move first in the district court for . . . a stay of the judgment or order of a district court pending appeal" Fed. R. App. P. Rule 8(a)(1)(A).

Recently the First Circuit discussed the need for a stay pending appeal of a confirmed plan of adjustment before the appeal becomes equitably moot. *See In re Fin. Oversight & Mgmt. Bd. for P.R.* , 987 F.3d 173 (1st Cir. 2021); *Cooperativa de Ahorro y Credito v. Fin. Oversight & Mgmt. Bd. (In re Fin. Oversight & Mgmt. Bd.)*, 989 F.3d 123 (1st Cir. 2021).

The following factors should be considered to determine whether to grant a stay pending appeal:

> (1) Whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. The first two factors are the most critical. *Bos. Parent Coal. for Acad. Excellence Corp. v. Sch.Comm. of Bos.*, 996 F.3d 37, 44 (1st Cir. 2021) (brackets, citations and quotationmarks omitted).

The first factor, likelihood of success on the merits, is not determinative and should be balanced with the strong probability of injury in absence of the stay. *See Rivera v. Lake Berkley Resort Master Ass'n (In re Rivera),* 532 B.R. 425, 427 (Bankr. D.P.R. 2015). As to the second factor, "[i]rreparable harm most often exists where a party has no adequate remedy at law." *Charlesbank Equity Fund II, Ltd. P'ship v. Blinds to Go, Inc.,* 370 F.3d 151, 162 (1st Cir. 2004). *See, also, In re Betteroads Asphalt, LLC,* 610 B.R. 28, 48 (Bankr. D.P.R. 2019). While all four factors must be  considered, the first two factors carry the most weight in the determination of whether to grant a stay pending appeal.

3

3. **ARGUMENT**

## A. APJ IS LIKELY TO SUCCEED ON THE MERITS

APJ's appeal is likely to succeed on the merits.  APJ's objections submitted on June 16, 2021, and November 11, 2021 [Docket Nos. 17055 and 19161, respectively] are well grounded and preserved for appeal (the "Objections").  APJ incorporates its Objections herein by reference.

As set forth in the Objections, the Oversight Board ("OB"), was designed to, among other things, devise a timeline for the process of development, submission, approval, and certification of Fiscal Plans for the Commonwealth and any covered territorial instrumentalities.  In 2016, the OB recommended an amendment of the government-proposed draft Fiscal Plan to reduce pensions by fiscal year 2020. Among these pensions were the judicial branch pensions. Specifically, the OB provided that the public pension systems, jointly, would absorb a progressive reduction of their outlays by the year 2020 and conditioned its approval of the Fiscal Plan for Puerto Rico on this measure, among other unrelated ones.

The OB noted that the public pension systems are composed of: Employees' Retirement System (ERS), Teachers Retirement System (TRS), and Judiciary Retirement System (JRS). However, the JRS is completely different from the TRS and the ERS because of its origin in the principle of separation of powers, emanating from the United States and Puerto Rico Constitutions, Public Laws 600 and 447. By directing the reduction of judicial pensions, the OB is directly violating Federal and State law. At no time during this process has the OB made mention of the constitutional requirement of protection of judiciary salaries and pensions based on separation of powers in the republican form of government.

These actions by the OB constitute a direct violation of the Congressional requirement of a republican form of government in Puerto Rico because they violate the principle of judicial

independence and separation of powers. In the *Sánchez Valle, supra* case, the United States Supreme Court stated that all sovereignty of Puerto Rico derives from the Federal Constitution. When determining whether Puerto Rico and the United States could prosecute one defendant for the same conduct, the United States Supreme Court held that they could not, "because the oldest roots of Puerto Rico's power to prosecute lie in federal soil." *Sánchez Valle,* 136 S.Ct at 1868 (2016). The Court explained that "Puerto Rico today has a distinctive, indeed exceptional, status as a self-governing Commonwealth. But our approach is historical. And if we go back as far as our doctrine demands – to the 'ultimate source' of Puerto Rico's prosecutorial power [. . .] we once again discover the U.S. Congress." *Sánchez Valle, Id* at 1874.

Put simply, Congress conferred the authority to create the Puerto Rico Constitution, which in turn confers the authority to bring criminal charges. That makes Congress the original source of power for Puerto Rico's prosecutors, as it is for the Federal Government's. The island's Constitution, significant though it is, does not break the chain. *Sánchez Valle, Id* at 1875-1876. Logically, the Puerto Rico Constitution, a creature of Congress, emanates from the mandates of the United States Constitution, and embodies the mandates and rights established by it.

Thus, it is clear and obvious that the actions by the OB dramatically overstep federal law as well; specifically, Public Laws 600 and 447, and go against Congressional authority to allow for separation of powers and judicial independence in Puerto Rico.

Furthermore, the Puerto Rico Constitution recognizes administrative autonomy and independence of the Judicial Branch, as does the United States' Constitution. *See Brau Linares v. E.L.A.,* 109 D.P.R. 315, 345 (2014).) Like the United States Constitution from which its power derives, under the Territorial Clause, the Puerto Rico Constitution also recognizes that the salaries of appointed judges are to be set by special law and not reduced during the length of the term of their

5

appointment (*See* Art. VI, Sec. 11 of the Puerto Rico Constitution), that no law shall reduce the

salaries of a public officer after their election or appointment (*See* Art. VI, Sec. 10 of the Puerto Rico

Constitution), and that the Legislature will establish a mandatory retirement plan for judiciary

members upon reaching the age of seventy (70) (*See* Art. VI, Sec. 10 of the Puerto Rico Constitution).

The Puerto Rico Supreme Court in *Brau, Linares v. ELA,* 190 D.P.R. 315 (2014) has explicitly

established this. It held that judicial compensation includes pensions, and that neither salaries nor

pensions may be reduced retroactively.

Additionally, the OB has repeatedly reiterated the demand that a freeze clause be

implemented on the judiciary pension accrual. This affects the active judges' pensions dramatically.

The freeze, as stated in the confirmed Plan, takes away the pension in its entirety for some active

judges.

## B. APJ WILL BE IRREPARABLY HARMED IF THE STAY IS NOT GRANTED

Pursuant to recent First Circuit authority, APJ's appeal may be rendered equitably moot if

the stay is not granted. *See In re Fin. Oversight & Mgmt. Bd. for P.R.*, 987 F.3d 173 (1st Cir. 2021);

*Cooperativa de Ahorro y Credito v. Fin. Oversight & Mgmt. Bd. (In re Fin. Oversight & Mgmt.*

*Bd.)*, 989 F.3d 123 (1st Cir. 2021). If so, APJ would have no adequate alternative remedy, given

the language of the Court's Confirmation Order which prevents any judicial, legislative, or

executive alteration to the Plan and shields its provisions from any attack. If the stay is denied, then

there would be no possibility of review for APJ. The First Circuit has already recognized that

"[i]rreparable harm most often exists where a party has no adequate remedy at law." *Charlesbank*

*Equity Fund II, Ltd. P'ship,* 370 F.3d at 162. *See, also, In re Betteroads Asphalt, LLC,* 610 B.R. at

48. APJ would have no adequate remedy at law and would be irreparably harmed.

## C.  THE STAY WILL NOT INJURE ANY OTHER PARTIES

Delaying the Effective Date would preserve the status quo because it would not put

the other parties in a different position from the position they currently hold as parties to a

confirmed, but not yet implemented, plan.   Furthermore, the plan cannot be implemented until

certain conditions precedent are met, i.e., the obtainment of necessary enabling legislation for the

implementation of the Plan. Article LXXXVI, Section 86.1(d). **[Docket No. 19813-1 at 186].**

Because the plan currently lacks such enablinglegislation, its Effective Date is currently on hold

and the stay would simply preserve the status quo and not put the other parties in any worse position

than the position they hold now.

## D.  THE PUBLIC INTEREST WILL NOT BE ADVERSELY AFFECTED BY
## THE PROPOSED STAY

The stay would not adversely affect the public interest because the public has a vested

interest in an independent judiciary.  Judicial independence is critical to democracy and justice. The

concept of an independent judiciary was embedded into the United States Constitution by our

Founding Fathers. Any attempt to impinge judicial independence does violence to this core value

that is fundamental to our form of government and to the public.

### 4. CONCLUSION

For all the reasons set forth above, APJ respectfully requests the Court to stay implementation of the confirmed Eighth Amended Plan of Adjustment pursuant to Rule 8007 of Bankruptcy Procedure while APJ's appeal to the First Circuit is pending.

**RESPECTFULLY SUBMITTED.**

This 4th day of February 2022.

**WE HEREBY CERTIFY** that on this same date we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all participants and attorneys of record.

**INDIANO & WILLIAMS, P.S.C.**
207 del Parque Street; 3rd Floor
San Juan, P.R. 00912
Tel: (787) 641-4545; Fax: (787) 641-4544
david.indiano@indianowilliams.com
jeffrey.williams@indianowilliams.com

by: */s/ David C. Indiano*
DAVID C. INDIANO
USDC-PR NO. 200601

*Counsel for Asociación Puertorriqueña de la Judicatura, Inc.*