## **EXHIBIT B**

**Declaration of Jay Herriman**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                    Debtors.[1] | PROMESA<br>Title III<br>No. 17 BK 3283-LTS<br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

**DECLARATION OF JAY HERRIMAN IN SUPPORT OF THE FOUR HUNDRED SEVENTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO EMPLOYEE CLAIMS ASSERTING LIABILITIES OWED BY ENTITIES THAT ARE NOT TITLE III DEBTORS**

I, Jay Herriman, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

1. I am a Managing Director of Alvarez & Marsal North America, LLC ("A&M"). The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") retained A&M to assist with, *inter alia*, the claims reconciliation process for the Debtor's (as defined below) case filed pursuant to the *Puerto Rico Oversight, Management, and Economic Stability Act*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

("PROMESA").[2] Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

2. In my capacity as a Managing Director of A&M, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtor's (as defined below) case filed pursuant to PROMESA. The Debtor's ongoing claims reconciliation process involves the collective effort of a team of A&M employees, as well as Proskauer Rose LLP and O'Neill & Borges LLC, counsel for the Oversight Board, the legal representative for the Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor").

3. I submit this declaration in support of the *Four Hundred Seventeenth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Employee Claims Asserting Liabilities Owed by Entities That Are Not Title III Debtors* (the "Four Hundred Seventeenth Omnibus Objection").[3] I have personally reviewed the Four Hundred Seventeenth Omnibus Objection and exhibits thereto and am, accordingly, familiar with the information contained therein.

4. In preparation for filing the Four Hundred Seventeenth Omnibus Objection, and under my direction and/or supervision, each of the claims at issue in the Four Hundred Seventeenth Omnibus Objection was carefully reviewed and analyzed in good faith using due diligence by the appropriate personnel, or were reviewed and analyzed by personnel of other agents retained by the Oversight Board. These efforts resulted in the identification of the claims to be disallowed, as identified in **Exhibit A** to the Four Hundred Seventeenth Omnibus Objection.

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Four Hundred Seventeenth Omnibus Objection.

2

5. To the best of my knowledge, information, and belief, the claims identified in **Exhibit A** to the Four Hundred Seventeenth Omnibus Objection (collectively, the "Claims to Be Disallowed") each assert liabilities for allegedly unpaid wages or other employment benefits purportedly owed by entities that are not Title III debtors. The Claims to Be Disallowed assert liabilities for allegedly unpaid wages or other employment benefits purportedly owed by independent public entities including, for example, the Municipal Revenue Collection Center ("CRIM," by its Spanish acronym) and the University of Puerto Rico ("UPR"). Other Claims to Be Disallowed assert liabilities purportedly owed by the Puerto Rico Sugar Corporation. None of these entities are Title III Debtors. Rather, CRIM and UPR are separate entities, legally distinct from the Commonwealth and each of the other Title III Debtors. Further, the Puerto Rico Sugar Corporation is a former government entity which has been privatized and which is no longer in existence. None of the Claims to Be Disallowed provide a basis for asserting a claim against either the Commonwealth or any of the other Title III Debtors in respect of amounts owed by any of the entities asserted. Accordingly, the Commonwealth is unable to determine the validity of the Claims to Be Disallowed, and the Commonwealth requests that the Claims to Be Disallowed be disallowed in their entirety.

6. Based on the foregoing, and to the best of my knowledge, information and belief, the information contained in the Four Hundred Seventeenth Omnibus Objection and exhibits thereto is true and correct, and the relief requested therein is in the best interests of the Commonwealth and its creditors.

7. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: February 4, 2022

3

By: /s/ Jay Herriman
    Jay Herriman

## **ANEXO B**

**Declaración de Jay Herriman**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>   como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*.,<br><br>                                  Deudores.[1] | PROMESA<br>Título III<br>Núm. 17 BK 3283-LTS<br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con el ELA.** |

**DECLARACIÓN DE JAY HERRIMAN EN APOYO DE LA CUADRINGENTÉSIMA DÉCIMA SÉPTIMA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES DE EMPLEADOS EN LAS QUE SE ALEGAN RESPONSABILIDADES DE ENTIDADES QUE NO SON DEUDORES DE TÍTULO III**

Yo, Jay Herriman, de conformidad con el Título 28 U.S.C., § 1746, por medio de la presente declaro, so pena de incurrir en falso testimonio, que lo que sigue es veraz y correcto a mi leal saber y entender:

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático).

1. Soy director general de Alvarez & Marsal North America, LLC ("A&M"). La Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión") contrató a A&M para que le ayudara, entre otras cosas, con el proceso de reconciliación de reclamaciones en relación con el caso del Deudor (según se define abajo) radicado conforme a la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA").[2] Salvo disposición en contrario en la presente declaración, tengo conocimiento personal de los hechos aquí expuestos.

2. En mi capacidad de director general de A&M, soy una de las personas responsables de supervisar el proceso de reconciliación y objeciones relativo a las reclamaciones en el marco del caso del Deudor (según se define abajo) radicado conforme a PROMESA. El proceso continuo de reconciliación de reclamaciones del Deudor implica un esfuerzo colectivo de un equipo de los empleados de A&M, así como de Proskauer Rose LLP y de O'Neill & Borges LLC, abogados de la Junta de Supervisión, el representante legal del Estado Libre Asociado de Puerto Rico (el "ELA" o el "Deudor").

3. Realizo esta declaración en apoyo de la *Cuadringentésima décima séptima objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones de empleados en las que se alegan responsabilidades de entidades que no son Deudores de Título III* (la "Cuadringentésima décima séptima objeción global").[3] He revisado personalmente la Cuadringentésima décima séptima objeción global, y los anexos relativos a la misma, por lo que estoy familiarizado con la información que contienen.

---

[2] PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101 a 2241.

[3] Los términos con mayúscula que no estén definidos en el presente documento tendrán el significado que les haya sido atribuido en la Cuadringentésima décima séptima objeción global.

2

4. Durante el proceso de preparación para radicar la Cuadringentésima décima séptima objeción global, bajo mi dirección y/o supervisión, cada una de las reclamaciones controvertidas en la Cuadringentésima décima séptima objeción global fue examinada y analizada cuidadosamente de buena fe aplicando la debida diligencia por parte del personal pertinente, o fue examinada y analizada por el personal de otros agentes contratados por la Junta de Supervisión. Dichos esfuerzos resultaron en la identificación de las reclamaciones que han de ser rechazadas, según se identifica en el **Anexo A** de la Cuadringentésima décima séptima objeción global.

5. A mi leal saber y entender, cada una de las reclamaciones identificadas en el **Anexo A** de la Cuadringentésima décima séptima objeción global (conjuntamente, las "Reclamaciones que han de ser rechazadas") alega responsabilidades por supuestos salarios no pagados u otros beneficios laborales supuestamente adeudados por entidades que no son deudores de Título III. Las Reclamaciones que han de ser rechazadas alegan responsabilidades por supuestos salarios no pagados u otros beneficios laborales supuestamente adeudados por entidades públicas independientes incluidos, por ejemplo, el Centro de Recaudación de Ingresos Municipales (el "CRIM") y la Universidad de Puerto Rico (la "UPR"). Otras Reclamaciones que han de ser rechazadas alegan responsabilidades supuestamente adeudadas por la Corporación Azucarera de Puerto Rico. Ninguna de estas entidades es Deudor de Título III. Por el contrario, el CRIM y la UPR son entidades aparte y jurídicamente independientes del ELA y de los demás Deudores de Título III. Además, la Corporación Azucarera de Puerto Rico era una antigua entidad gubernamental que fue privatizada y que ya no existe. Ninguna de las Reclamaciones que han de ser rechazadas proporciona fundamento alguno para alegar reclamaciones contra el ELA o cualquier otro Deudor de Título III en relación con los montos adeudados por cualquiera de las entidades mencionadas. En consecuencia, el ELA no puede determinar la validez de las

3

Reclamaciones que han de ser rechazadas, por lo que el ELA solicita que las Reclamaciones que han de ser rechazadas sean rechazadas en su totalidad.

6. Sobre la base de lo que antecede, y a mi leal saber y entender, la información contenida en la Cuadringentésima décima séptima objeción global y en sus anexos es veraz y correcta, y el remedio allí solicitado redunda en el mejor interés del ELA y de sus acreedores.

7. Declaro, so pena de incurrir en falso testimonio conforme a las leyes de los Estados Unidos de América, que lo que antecede es veraz y correcto a mi leal saber y entender.

Fecha: 4 de febrero de 2022

> Por: *[Firma en la versión en inglés]*
> Jay Herriman