Hearing Date: March 23, 2022 at 9:30AM (Atlantic Standard Time)
Response Deadline: March 7, 2022 at 4:00PM (Atlantic Standard Time)

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

## FOUR HUNDRED NINETEENTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO CLAIMS ASSERTED AGAINST THE INCORRECT DEBTOR

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth"), by and through the Financial

Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801)  (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

representative of the Commonwealth pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this four hundred nineteenth omnibus objection (the "Four Hundred Nineteenth Omnibus Objection") to the proofs of claim incorrectly asserted against the Commonwealth, each as listed on **Exhibit A** hereto, and in support of the Four Hundred Nineteenth Omnibus Objection, respectfully represents as follows:

## JURISDICTION

1.        The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2.        Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A.        The Bar Date Orders**

3.        On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Title III Case").[3]

4.        On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255] (the "Bar Date Motion").  By the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in

---

[2]  PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3]  All ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS unless otherwise noted.

the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases.  Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order, the "Bar Date Orders") extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

**B.    Proofs of Claim, Omnibus Objection Procedures, and Claim Objections**

5.    To date, approximately 177,786 proofs of claim have been filed against the Debtors and logged by Prime Clerk, LLC.  Such proofs of claim total approximately $43 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

6.    Of the proofs of claim filed, approximately 117,251 have been filed in relation to, or reclassified to be asserted against, the Commonwealth.  In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable, being duplicative of other proofs of claim, or failing to provide information necessary for the Debtors to determine whether the claim is valid.

7.    To efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion").  The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018. *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF

No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus

Objection Procedures").  On November 29, 2018, the Court approved English and Spanish

versions of the forms of notice for omnibus objections to be filed in accordance with the Initial

Omnibus Objection Procedures.  *See Order Approving the English and Spanish Versions of the*

*Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

8.        In the continued interest of resolving any unnecessary proofs of claim in an efficient

manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other

things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the

number of claims that may be included on an objection, and to approve additional forms of notice.

*Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection*

*Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional*

*Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091].  On June 14, 2019, the Court

granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures,*

*(B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice,*

*and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection

Procedures").

9.        Pursuant to the Initial Omnibus Objection Procedures and the Amended Omnibus

Objection Procedures, the Court has held 20 hearings related to over 315 omnibus objections filed

by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto

Rico Highways and Transportation Authority ("HTA"), the Puerto Rico Electric Power Authority

("PREPA"), the Puerto Rico Public Buildings Authority ("PBA") and/or the Employees

Retirement System for the Government of the Commonwealth of Puerto Rico ("ERS").  Based

upon rulings and orders of the Court to date, approximately 100,000 claims asserting $43 trillion

4

in liability against the Commonwealth, COFINA, HTA, PREPA, PBA, and ERS have been disallowed and expunged from the claims registry in the Title III proceedings.

10.     This Four Hundred Nineteenth Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

<strong><u>OBJECTIONS TO PROOFS OF CLAIM</u></strong>

11.     The Amended Omnibus Objection Procedures allow the Commonwealth to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), as well as on other substantive bases set forth in the Amended Omnibus Objection Procedures.

12.     The Four Hundred Nineteenth Omnibus Objection seeks to reclassify, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(2) and the Amended Omnibus Objection Procedures, the claims identified in the column titled "Asserted" in **Exhibit A** hereto (collectively, the "Incorrect Debtor Claims"), which identify as the obligor Commonwealth, when such claims are properly asserted, if at all, against another of the Debtors.

13.     In each instance involving the Incorrect Debtor Claims, the claim is associated with alleged obligations of the Commonwealth, but provides no valid legal justification for asserting a claim against PREPA.  In one instance, the claimant listed both the Commonwealth and PREPA as the debtor, and was initially categorized as being against the Commonwealth.  However, the supporting documents make clear that it should instead be categorized as a claim against PREPA. In another instance, the claim was previously transferred to Commonwealth from PREPA based on the limited information provided by the creditor.  However, based on further information provided by the creditor in response to information requests, the claimant actually intends to assert employee wage liabilities against PREPA.   Accordingly, the Incorrect Debtor Claims should be reclassified to be asserted against PREPA, the Title III debtor identified in the column titled

5

"Corrected" in **Exhibit A** hereto (collectively, the "Reclassified Claims").  The holders of the

Reclassified Claims will not be prejudiced by the reclassification of their claims because their

claim will be preserved as asserted against PREPA for determination at a later date.  The Debtors

reserve their right to object to the Reclassified Claims on any other grounds whatsoever.

14.    In support of the foregoing, the Commonwealth relies on the *Declaration of Jay*

*Herriman in Support of the Four Hundred Nineteenth Omnibus Objection (Non-Substantive) of*

*the Commonwealth of Puerto Rico to Claims Asserted Against the Incorrect Debtor*, dated

February 4, 2022, attached hereto as **Exhibit B**.

## NOTICE

15.    In accordance with the Omnibus Objection Procedures and the Court's Notice

Order, the Commonwealth has provided notice of this Four Hundred Nineteenth Omnibus

Objection to (a) the individual creditors subject to this Four Hundred Nineteenth Omnibus

Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Fifteenth*

*Amended Case Management Procedures* [ECF No. 17127-1]), which is available on the Debtors'

case website at https://cases.primeclerk.com/puertorico.  A copy of the notice for this Four

Hundred Nineteenth Omnibus Objection is attached hereto as **Exhibit C**.  Spanish translations of

the Four Hundred Nineteenth Omnibus Objection and all of the exhibits attached hereto are being

filed with this objection and will be served on the parties.  The Commonwealth submits that, in

light of the nature of the relief requested, no other or further notice need be given.

## RESERVATION OF RIGHTS

16.    This Four Hundred Nineteenth Omnibus Objection is limited to the grounds stated

herein.  Accordingly, it is without prejudice to the rights of the Debtors to object to the Reclassified

Claims or any other claims on any ground whatsoever.  The Debtors expressly reserve all further

substantive or procedural objections.  Nothing contained herein or any actions taken pursuant to

6

such relief is intended or should be construed as: (a) an admission as to the validity of any claim

against the Debtors; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a

promise or requirement to pay any claim; (d) a request or authorization to assume any prepetition

agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver of

the Debtors' rights under PROMESA, the Bankruptcy Code or any other applicable law.

## NO PRIOR REQUEST

17.     No prior request for the relief sought in this Four Hundred Nineteenth Omnibus

Objection has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE the Commonwealth respectfully requests entry of an order, substantially in

the form of the Proposed Order attached hereto as **Exhibit D**, (1) granting the relief requested

herein, and (2) granting the Commonwealth such other and further relief as is just.


Dated: February 4, 2022
      San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García-Benítez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
Ehud Barak (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and
Management Board for Puerto Rico, as
representative for the Commonwealth of
Puerto Rico*

**Fecha de la vista: 23 de marzo de 2022, a las 9:30 a.m. (AST)**
**Fecha límite para responder: 7 de marzo de 2022, a las 4:00 p.m. (AST)**

> **REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS**
**PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*: <br><br> JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, <br><br> como representante del <br><br> ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*., <br><br> Deudores.[1] | PROMESA <br> Título III <br><br> Núm. 17 BK 3283-LTS <br><br> (Administrado Conjuntamente) <br><br> **La presente radicación guarda relación con el ELA.** |

**CUADRINGENTÉSIMA DÉCIMA NOVENA OBJECIÓN GLOBAL (NO SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES ALEGADAS CONTRA EL DEUDOR INCORRECTO**

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor Swain:

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático).

El Estado Libre Asociado de Puerto Rico (el "ELA"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como el único representante de Título III del ELA conforme a la sección 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radica esta cuadringentésima décima novena objeción global (la "Cuadringentésima décima novena objeción global") a las evidencias de reclamaciones alegadas incorrectamente contra el ELA, según se expone en el **Anexo A** del presente documento, y en apoyo de la Cuadringentésima décima novena objeción global manifiesta respetuosamente lo siguiente:

## JURISDICCIÓN

1.      El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme a la sección 306(a) de PROMESA.

2.      La sede judicial de este distrito es la competente conforme a la sección 307(a) de PROMESA.

## ANTECEDENTES

A.      **Órdenes de Fecha Límite**

3.      El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el ELA conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III").[3]

---

[2] PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101 a 2241.

[3] Todas las citas ECF harán referencia a documentos radicados en el marco del Caso de Quiebra Núm. 17 BK 3283-LTS, salvo que se indique lo contrario.

4. El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF núm. 2255] (la "Moción de Fecha Límite"). Por la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF núm. 2521] (la "Orden Inicial de Fecha Límite"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco de los Casos de Título III. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF núm. 3160] (conjuntamente con la Orden Inicial de Fecha Límite, las "Órdenes de Fecha Límite"), extendiendo dichas fechas límite hasta el 29 de junio de 2018, a las 04:00 p.m. (AST).

**B. Evidencias de reclamaciones, procedimientos relativos a objeciones globales y objeciones a reclamaciones**

5. Hasta la fecha, se han radicado aproximadamente 177,786 evidencias de reclamaciones contra los Deudores, que han sido registradas por Prime Clerk, LLC. Dichas evidencias de reclamaciones ascienden a un total aproximado de $43 billones en reclamaciones alegadas contra los Deudores, además de los montos no liquidados reclamados.

6. De las evidencias de reclamaciones radicadas, aproximadamente 117,251 han sido radicadas en relación con el ELA, o reclasificadas como alegadas contra el ELA. De conformidad con las condiciones de las Órdenes de Fecha Límite, muchas de estas reclamaciones no deberían haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por la que los Deudores sean responsables,

3

estar duplicadas en relación con otras evidencias de reclamaciones o no aportar información necesaria para que los Deudores determinen si la reclamación es válida.

7. Para resolver eficazmente el mayor número posible de las evidencias de reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) conceda el remedio relacionado* [ECF núm. 4052] (la "Moción de Procedimientos Globales"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden que A) aprueba procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado* [ECF núm. 4230]; *Procedimientos relativos a Objeciones Globales* [ECF núm. 4230-1] (conjuntamente, los "Procedimientos Iniciales relativos a Objeciones Globales"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [ECF núm. 4381] (la "Orden de Notificación").

8. En aras del interés constante por resolver eficazmente cualesquiera evidencias de reclamaciones innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de*

*vista en relación con una Orden que A) apruebe Procedimientos Enmendados relativos a Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF núm. 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden que A) aprueba Procedimientos Enmendados relativos a Objeciones Globales, B) exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas de notificación adicionales y D) concede el remedio relacionado* [ECF núm. 7440] (los "Procedimientos Enmendados relativos a Objeciones Globales").

9. Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal ha celebrado 20 vistas vinculadas con más de 315 objeciones globales radicadas por el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT"), la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE"), la Autoridad de Edificios Públicos de Puerto Rico (la "AEP") y/o el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE"). Sobre la base de las resoluciones y órdenes del Tribunal dictadas hasta la fecha, aproximadamente 100,000 reclamaciones que reivindicaban $43 billones en responsabilidad contra el ELA, COFINA, la ACT, la AEE, la AEP y el SRE fueron rechazadas y retiradas del registro de reclamaciones en el marco de los procedimientos radicados conforme al Título III.

10. Esta Cuadringentésima décima novena objeción global se radica de conformidad con los Procedimientos Enmendados relativos a Objeciones Globales del Tribunal.

## OBJECIONES A EVIDENCIAS DE RECLAMACIONES

11. Los Procedimientos Enmendados relativos a Objeciones Globales permiten al ELA radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las bases

5

recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los Procedimientos Enmendados relativos a Objeciones Globales.

12.     La Cuadringentésima décima novena objeción global pretende que se reclasifiquen, de conformidad con la regla 3007(d)(2) de las Reglas Federales del Procedimiento de Quiebra y los Procedimientos Enmendados relativos a Objeciones Globales, las reclamaciones identificadas en la columna titulada "Alegadas" en el **Anexo A** del presente documento (conjuntamente, las "Reclamaciones de Deudores Incorrectos"), las cuales identifican como deudor al ELA, cuando en todo caso lo correcto sería que tales reclamaciones se alegaran contra otro de los Deudores.

13.     En cada uno de los casos relativos a Reclamaciones de Deudores Incorrectos, la reclamación está vinculada con supuestas obligaciones del ELA, pero no proporciona ninguna justificación jurídica válida para alegar reclamaciones contra la AEE. En una ocasión, el reclamante indicó como deudor tanto al ELA como a la AEE, reclamación que fue categorizada inicialmente como una alegada contra el ELA. Sin embargo, los documentos justificativos dejan claro que dicha reclamación debe ser categorizada como una alegada contra la AEE. En otra ocasión, la reclamación fue transferida anteriormente de la AEE al ELA sobre la base de la información limitada que proporcionó el acreedor. Sin embargo, sobre la base de la información adicional proporcionada por el acreedor en respuesta a solicitudes de información, el reclamante en realidad tiene la intención de alegar las responsabilidades vinculadas con los salarios de empleados contra la AEE. En consecuencia, las Reclamaciones de Deudores Incorrectos deben ser reclasificadas para alegarlas contra la AEE, el deudor de Título III identificado en la columna titulada "Corregidas" en el **Anexo A** del presente documento (conjuntamente, las "Reclamaciones Reclasificadas"). Los tenedores de Reclamaciones Reclasificadas no serán perjudicados por la

6

reclasificación de sus reclamaciones porque su reclamación será preservada según alegada contra la AEE para determinación en una fecha posterior. Los Deudores se reservan el derecho a objetar a las Reclamaciones Reclasificadas sobre cualquier otro motivo que fuere.

14. En apoyo de lo anterior, el ELA invoca la *Declaración de Jay Herriman en apoyo de la Cuadringentésima décima novena objeción global (no sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones Alegadas contra el Deudor Incorrecto*, de fecha 4 de febrero de 2022, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

15. De conformidad con los Procedimientos relativos a Objeciones Globales y la Orden de Notificación del Tribunal, el ELA ha notificado la presente Cuadringentésima décima novena objeción global a) a los acreedores individuales objeto de esta Cuadringentésima décima novena objeción global, b) al U.S. Trustee, y c) a la Lista maestra de notificaciones (según se define en los *Procedimientos de administración de casos enmendados núm. 15* [ECF núm. 17127-1]), disponibles en el sitio web de casos de los Deudores, en https://cases.primeclerk.com/puertorico. Una copia de la notificación de esta Cuadringentésima décima novena objeción global se adjunta al presente como **Anexo C**. Las traducciones al español de la Cuadringentésima décima novena objeción global y de la totalidad de los anexos adjuntos al presente se están radicando con la presente objeción y se trasladarán a las partes. El ELA sostiene que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

## RESERVA DE DERECHOS

16. Esta Cuadringentésima décima novena objeción global se limita a los motivos expuestos en este documento. En consecuencia, esta se radica sin perjuicio de los derechos de los Deudores a objetar a las Reclamaciones Reclasificadas o a cualesquiera otras reclamaciones sobre la base de los motivos que fueren. Los Deudores se reservan expresamente el derecho a radicar

toda otra objeción sustantiva o procesal. Ninguna disposición contenida en el presente documento, ni ninguna acción adoptada conforme a tal remedio, tienen por objetivo, ni se interpretarán en el sentido de que: a) constituyan una admisión en cuanto a la validez de cualesquiera reclamaciones contra los Deudores; b) constituyan una renuncia a los derechos que asisten a los Deudores a impugnar cualquier reclamación sobre la base de los motivos que fueren; c) constituyan una promesa o requisito para pagar cualquier reclamación; d) constituyan una solicitud o autorización a asumir cualquier acuerdo, contrato o arrendamiento anteriores a la petición conforme al artículo 365 del Código de Quiebras; o e) constituyan una renuncia a los derechos que asisten a los Deudores conforme a PROMESA, el Código de Quiebras o cualquier otra normativa legal aplicable.

## AUSENCIA DE SOLICITUDES PREVIAS

17. No se ha radicado ninguna solicitud de remedio previa a la presente Cuadringentésima décima novena objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.

[*El resto de la página se deja en blanco intencionadamente*.]

8

POR LO QUE el ELA solicita respetuosamente que se dicte una orden, esencialmente en la forma de la Orden Propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda al ELA cualesquiera otros remedios que se consideren justos.

Fecha: 4 de febrero de 2022
       San Juan (Puerto Rico)

Respetuosamente sometida,

*[Firma en la versión en inglés]*
Hermann D. Bauer
USDC núm. 215205
Carla García-Benítez
USDC núm. 203708
Gabriel A. Miranda
USDC núm. 306704
**O'NEILL & BORGES LLC**
250 Avenida Muñoz Rivera, local 800
San Juan, PR 00918-1813
Tel.: (787) 764-8181
Fax: (787) 753-8944

*[Firma en la versión en inglés]*
Martin J. Bienenstock (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
Ehud Barak (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel.: (212) 969-3000
Fax: (212) 969-2900

*Abogados de la Junta de Supervisión y Administración Financiera para Puerto Rico como representante del Estado Libre Asociado de Puerto Rico.*

9