# **EXHIBIT B**

**Declaration of Mark Shankweiler**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                                      Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to PREPA.** |

**DECLARATION OF MARK SHANKWEILER IN SUPPORT OF THE FOUR HUNDRED TWENTY-SECOND OMNIBUS OBJECTION (SUBSTANTIVE) OF THE PUERTO RICO ELECTRIC POWER AUTHORITY TO CLAIMS THAT ARE SATISFIED AND NO LIABILITY CLAIMS**

I, Mark Shankweiler, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

1.      I am a Managing Director of Berkeley Research Group, LLC ("BRG"). The Financial Oversight and Management Board (the "Oversight Board") retained BRG to assist with, *inter alia*, the claims reconciliation process for the Puerto Rico Electric Power Authority's

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

("PREPA") case filed pursuant to *the Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA").[2] Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

2. In my capacity as a Managing Director of BRG, I am one of the persons responsible for overseeing the claims reconciliation and objection process in PREPA's Title III case filed pursuant to PROMESA. PREPA's ongoing claims reconciliation process involves the collective effort of a team of BRG employees, as well as Proskauer Rose LLP and O'Neill & Borges LLC, counsel for the Oversight Board, the legal representative for PREPA.

3. I submit this declaration in support of the *Four Hundred Twenty-Second Omnibus Objection (Substantive) of the Puerto Rico Electric Power Authority to Satisfied and No Liability Claims* (the "Four Hundred Twenty-Second Omnibus Objection").[3] I have personally reviewed the Four Hundred Twenty-Second Omnibus Objection and exhibits thereto and am, accordingly, familiar with the information contained therein.

4. In preparation for filing the Four Hundred Twenty-Second Omnibus Objection, and under my direction and/or supervision, each of the claims at issue in the Four Hundred Twenty-Second Omnibus Objection was carefully reviewed and analyzed in good faith using due diligence by the appropriate personnel. These efforts resulted in the identification of the satisfied and no-liability claims, as identified in Exhibit A to the Four Hundred Twenty-Second Omnibus Objection.

5. To the best of my knowledge, information, and belief, each of the claims identified on Exhibit A to the Four Hundred Twenty-Second Omnibus Objection (collectively, the "Claims

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3] Capitalized terms used but not defined herein shall have the meanings set forth in the Four Hundred Twenty-Second Omnibus Objection.

2

to Be Disallowed") purport to assert liability against PREPA based on a contract entered into by PREPA and/or an invoice issued by the claimant. To the best of my knowledge, information, and belief, PREPA's records show that (i) a portion of the liabilities associated with the Claims to Be Disallowed have been paid by PREPA, and (ii) the remaining portions of the Claims to Be Disallowed assert amounts for which PREPA is not liable due to tax withholdings or amounts not invoiced or supported. For example, one Claim to Be Disallowed, Claim No. 25847, asserts liability based in part on paid invoices, and in part on amounts that are not supported by any documentation submitted with the claim. PREPA objects to the paid invoices on the basis that they are satisfied. After subtracting the liabilities that have been paid, this claim asserts an additional $250; however, the invoices and other documentation submitted with the claim provide no basis for the assertion of this additional $250. In another instance, Claim No. 28547, each of the invoices submitted by the claimant have been partially paid, and the remaining amounts have been withheld due to tax withholdings under Law 48-2013 and the Puerto Rico Internal Revenue Code § 1143 as amended by Act No. 81. In sum, PREPA is not liable for claim portions that are satisfied and for which PREPA has no liability, and accordingly, the Claims to Be Disallowed should be disallowed. Accordingly, to prevent multiple recoveries by the claimants, and/or recoveries by the claimants of amounts PREPA does not owe, PREPA requests that the Claims to Be Disallowed be disallowed.

6. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: February 4, 2022

By: /s/ *Mark Shankweiler*
Mark Shankweiler

3

# **ANEXO B**

**Declaración de Mark Shankweiler**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*: <br><br> JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, <br><br>    como representante del <br><br> ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*., <br><br>                    Deudores.[1] | PROMESA <br> Título III <br><br> Núm. 17 BK 3283-LTS <br><br> (Administrado Conjuntamente) <br><br> **La presente radicación guarda relación con la AEE.** |

**DECLARACIÓN DE MARK SHANKWEILER EN APOYO DE LA CUADRINGENTÉSIMA VIGÉSIMA SEGUNDA OBJECIÓN GLOBAL (SUSTANTIVA) DE LA AUTORIDAD DE ENERGÍA ELÉCTRICA DE PUERTO RICO A RECLAMACIONES QUE HAN SIDO SATISFECHAS Y EN LAS QUE NO EXISTE RESPONSABILIDAD**

Yo, Mark Shankweiler, conforme al Título 28 U.S.C. § 1746, por medio de la presente declaro, so pena de incurrir en falso testimonio, que lo que sigue es veraz y correcto a mi leal saber y entender:

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático).

1.  Soy director general de Berkeley Research Group, LLC ("BRG"). La Junta de Supervisión y Administración Financiera (la "Junta de Supervisión") contrató a BRG para que le ayudara, entre otras cosas, con el proceso de reconciliación de reclamaciones en relación con el caso de la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") radicado conforme a la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"). [2] Salvo disposición en contrario en la presente declaración, tengo conocimiento personal de los hechos aquí expuestos.

2.  En mi capacidad de director general de BRG, soy una de las personas responsables de supervisar el proceso de reconciliación y objeciones relativo a las reclamaciones en el marco del caso de Título III de la AEE radicado conforme a PROMESA. El proceso continuo de reconciliación de reclamaciones de la AEE implica un esfuerzo colectivo de un equipo de los empleados de BRG, así como de Proskauer Rose LLP y de O'Neill & Borges LLC, abogados de la Junta de Supervisión, el representante legal de la AEE.

3.  Realizo esta declaración en apoyo de la *Cuadringentésima vigésima segunda objeción global (sustantiva) de la Autoridad de Energía Eléctrica de Puerto Rico a Reclamaciones satisfechas y en las que no existe responsabilidad* (la "Cuadringentésima vigésima segunda objeción global"). [3] He revisado personalmente la Cuadringentésima vigésima segunda objeción global, y los anexos relativos a la misma, por lo que estoy familiarizado con la información que contienen.

4.  Durante el proceso de preparación para radicar la Cuadringentésima vigésima segunda objeción global, bajo mi dirección y/o supervisión, cada una de las reclamaciones

---

[2] PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101 a 2241.

[3] Los términos en mayúscula utilizados que no estén definidos en el presente documento tendrán el significado que les haya sido atribuido en la Cuadringentésima vigésima segunda objeción global.

controvertidas en la Cuadringentésima vigésima segunda objeción global fue examinada y analizada cuidadosamente de buena fe aplicando la debida diligencia por parte del personal pertinente. Dichos esfuerzos resultaron en la identificación de las reclamaciones satisfechas y en las que no existe responsabilidad, según se identifica en el Anexo A de la Cuadringentésima vigésima segunda objeción global.

5. A mi leal saber y entender, cada una de las reclamaciones identificadas en el Anexo A de la Cuadringentésima vigésima segunda objeción global (conjuntamente, las "Reclamaciones que han de ser rechazadas") pretende alegar responsabilidad contra la AEE sobre la base de un contrato suscrito por la AEE y/o una factura emitida por el reclamante. A mi leal saber y entender, los datos de la AEE muestran que i) una parte de las responsabilidades vinculadas con las Reclamaciones que han de ser rechazadas ha sido pagada por la AEE y ii) las partes restantes de las Reclamaciones que han de ser rechazadas alegan montos por los que la AEE no es responsable debido a retenciones de impuestos o montos no facturados ni respaldados. Por ejemplo, una de las Reclamaciones que han de ser rechazadas, la Reclamación núm. 25847, alega responsabilidad que se basa, en parte, en unas facturas pagadas y, en parte, en unos montos que no están respaldados por la documentación sometida con la reclamación. La AEE objeta a las facturas pagadas sobre la base de que estas han sido satisfechas. Tras restar las responsabilidades que han sido pagadas, dicha reclamación alega otros $250. Sin embargo, ni las facturas ni la demás documentación sometida con la reclamación brindan fundamento alguno para alegar dicho monto de $250. En otra ocasión, la Reclamación núm. 28547, cada una de las facturas sometidas por el reclamante ha sido parcialmente satisfecha, y los montos restantes han sido retenidos por motivos tributarios bajo la Ley 48-2013 y el Código de Rentas Internas de Puerto Rico § 1143, según enmendado por la Ley núm. 81. En resumidas cuentas, la AEE no es responsable por aquellas partes de las reclamaciones

3

que ya están satisfechas y por las que la AEE no tiene responsabilidad, por lo que las Reclamaciones que han de ser rechazadas deben rechazarse. En consecuencia, para evitar múltiples recuperaciones por parte de los reclamantes y/o recuperaciones por los reclamantes de los montos que la AEE no adeuda, la AEE solicita que las Reclamaciones que han de ser rechazadas sean rechazadas.

6. Declaro, so pena de incurrir en falso testimonio conforme a las leyes de los Estados Unidos de América, que lo que antecede es veraz y correcto a mi leal saber y entender.

Fecha: 4 de febrero de 2022

                                                        Por: *[Firma en la versión en inglés]*
                                                                    Mark Shankweiler