Hearing Date: March 23, 2022, at 9:30 AM (Atlantic Standard Time)
Response Deadline: March 7, 2022, at 4:00 PM (Atlantic Standard Time)

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                         Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth and ERS.** |

**FOUR HUNDRED TWENTY-FOURTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO AND THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO CLAIMS FOR WHICH THE DEBTORS ARE NOT LIABLE**

To the Honorable United States District Court Judge Laura Taylor Swain:

    The Commonwealth of Puerto Rico (the "Commonwealth") and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Commonwealth, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] file this four hundred twenty-fourth omnibus objection (the "Four Hundred Twenty-Fourth Omnibus Objection") to claims that seek recovery for amounts for which the Debtors are not liable, as set forth in **Exhibit A** hereto, and in support of the Four Hundred Twenty-Fourth Omnibus Objection, respectfully represent as follows:

## JURISDICTION

1. The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2. Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A. The Bar Date Orders**

3. On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth of Puerto Rico (the "Commonwealth") pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case"). On May 21, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed voluntary petitions for relief for the Employees Retirement System of the Government of the Commonwealth of Puerto Rico pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "ERS Title III Case," and together with the

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

2

Commonwealth Title III Case, the "Title III Cases"). On June 29, 2017, the Court entered an order granting the joint administration of the Title III Cases for procedural purposes only. ECF No. 537.[3]

4. On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255] (the "Bar Date Motion"). By the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases. Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order, the "Bar Date Orders") extending these deadlines to June 29, 2018 at 4:00 p.m. (Atlantic Time).

**B. Proofs of Claim, Omnibus Objection Procedures, and Claim Objections**

5. To date, approximately 177,786 proofs of claim have been filed against the Debtors and logged by Prime Clerk, LLC. Such proofs of claim total approximately $43 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

6. Of the proofs of claim filed, approximately 117,251 have been filed in relation to, or reclassified to be asserted against, the Commonwealth. Approximately 53,335 proofs of claim have been filed in relation to, or reclassified to be asserted against, ERS. In accordance with the

---

[3] Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

3

terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable, being duplicative of other proofs of claim, or failing to provide information necessary for the Debtors to determine whether the claim is valid.

7. In order to efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion"). The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018. *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures"). On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures. *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

8. In the continued interest of resolving any unnecessary proofs of claim in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, and to approve additional forms of notice. *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091]. On June 14, 2019, the Court

granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

9. Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, to date the Court has held over 20 hearings and entered orders on over 315 omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Puerto Rico Electric Power Authority ("PREPA"), the Puerto Rico Public Buildings Authority ("PBA"), and/or ERS. Based upon rulings and orders of the Court to date, approximately 100,000 claims asserting $43 trillion in liability against the Commonwealth, COFINA, HTA, PREPA, PBA, and ERS have been disallowed and expunged from the claims registry in the Title III proceedings.

10. This Four Hundred Twenty-Fourth Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

## OBJECTIONS TO PROOFS OF CLAIM

11. The Amended Omnibus Objection Procedures allow the Debtors to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), as well as on other substantive bases set forth in the Amended Omnibus Objection Procedures.

12. The Four Hundred Twenty-Fourth Omnibus Objection seeks to disallow, in accordance with the Amended Omnibus Objection Procedures, claims that seek recovery for amounts for which the Debtors are not liable, each as set forth on **Exhibit A** hereto (collectively, the "Claims to Be Disallowed").

5

13. Claims that are "unenforceable against the debtor and property of the debtor, under any agreement or applicable law" should be disallowed. 11 U.S.C. § 502(b)(1). Each of the Claims to Be Disallowed purports to assert liabilities associated with certain multi-plaintiff litigations brought against the Commonwealth, one of its component agencies, and/or one of its instrumentalities. However, based on the master proofs of claim filed on behalf of all plaintiffs in such litigations, the claimants associated with the Claims to Be Disallowed are not named plaintiffs in the litigations they assert.

14. Specifically, the claimants subject to the Four Hundred Twenty-Fourth Omnibus Objection assert liabilities associated with one of the following litigations (the "Litigations"): (1) *Francisco Beltrán Cintrón et al. v. Puerto Rico Department of Family Affairs*, Case No. KAC-2009-0809 ("Beltrán Cintrón") or (2) *Madeline Acevedo Camacho et al. v. Puerto Rico Department of Family Affairs*, No. 2016-05-1340 ("Acevedo Camacho"). The attorneys representing plaintiffs in the Litigations filed master proofs of claim on behalf of the Beltrán Cintrón plaintiff group (the "Beltrán Cintrón Master Claims") and the Acevedo Camacho plaintiff group (the "Acevedo Camacho Master Claims," and collectively, the "Litigation Master Claims"), respectively.

15. The Beltrán Cintrón Master Claims assert liabilities associated with a complaint filed in the Puerto Rico Court of First Instance by employees of the Department of the Family (the "Family Department"), alleging that the Family Department failed to pay plaintiffs appropriate wages as a result of the improper implementation of the Office of Public Service Personnel's "General Memorandum No. 5-86" (the "Memorandum"). The Beltrán Cintrón Master Claims assert approximately $105 million in liabilities associated with alleged back pay and allegedly unpaid pension contributions, name the creditor as the "Beltrán Cintrón Plaintiff Group," and were

6

filed by the attorney representing all plaintiffs in the litigation. As supporting documentation, the Beltrán Cintrón Master Claims attach a chart identifying each individual plaintiff in the Beltrán Cintrón Plaintiff Group. Further, the attorney representing all plaintiffs submitted a *Verified Statement Pursuant to FRBP 2019 of the Beltrán-Cintrón Plaintiff Group* [ECF No. 3403], providing the name, address, and amount of disclosable economic interests for each member of the plaintiff group.

16. The Acevedo Camacho Master Claims assert liabilities associated with a complaint filed in the Puerto Rico Court of First Instance by employees of the Family Department, alleging employees were entitled to back pay due to the Family Department's illegal implementation of the Memorandum. The Acevedo Camacho Master Claims were filed on behalf of the "Acevedo Camacho Plaintiffs Group," assert approximately $50 million in liabilities associated with alleged back pay and allegedly unpaid pension contributions, and were filed by the attorney representing all plaintiffs in the litigation. The Acevedo Camacho Master Claims include, among other things, a chart identifying each plaintiff in the Acevedo Camacho Plaintiffs Group. The attorney representing the Acevedo Camacho Plaintiffs Group also submitted a *Verified Statement Pursuant to FRBP 2019 of the Acevedo-Camacho Plaintiff Group* [ECF No. 3406], providing the name, address, and amount of disclosable economic interests for each member of the plaintiff group.

17. As described above, each of the Master Claims either attaches a chart or a list identifying all plaintiffs named in the Litigations, or attaches filings in the Litigations that included lists, charts, or captions identifying all named plaintiffs. In each instance, the names of the claimants associated with the Claims to Be Disallowed do not appear in the lists, charts or captions included in the corresponding Master Claim or in the corresponding Verified Statement. Accordingly, the claimants associated with the Claims to Be Disallowed are not plaintiffs in the

Litigations, and the Debtors are therefore not liable to those claimants for the liabilities asserted by the Litigations. Further, even if the holders of the Claims to Be Disallowed were parties to the Litigations, the liabilities asserted would be subsumed within the Master Claims. Any failure to disallow the Claims to Be Disallowed will therefore result in the applicable claimants potentially receiving an unwarranted additional recovery to the detriment of other stakeholders in these Title III Cases.

18. Because this Four Hundred Twenty-Fourth Omnibus Objection to the Claims to Be Disallowed does not constitute an objection to the Litigation Master Claims, the Debtors reserve their right to object to the Litigation Master Claims on any other grounds whatsoever.

19. In support of the foregoing, the Debtors rely on the *Declaration of Jay Herriman in Support of the Four Hundred Twenty-Fourth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Claims for Which The Debtors Are Not Liable*, dated February 4, 2022, attached hereto as **Exhibit B**.

## NOTICE

20. In accordance with the Omnibus Objection Procedures and the Court's Notice Order, the Debtors have provided notice of this Four Hundred Twenty-Fourth Omnibus Objection to (a) the individual creditors subject to this Four Hundred Twenty-Fourth Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Fifteenth Amended Case Management Procedures* [ECF No. 17127-1]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico. A copy of the notice for this Four Hundred Twenty-Fourth Omnibus Objection is attached hereto as Exhibit C. Spanish translations of the Four Hundred Twenty-Fourth Omnibus Objection and all of the exhibits attached hereto are being filed

8

with this objection and will be served on the parties. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **NO PRIOR REQUEST**

21. No prior request for the relief sought in this Four Hundred Twenty-Fourth Omnibus Objection has been made to this or any other court.

WHEREFORE the Debtors respectfully request entry of an order, substantially in the form of the Proposed Order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting the Debtors such other and further relief as is just.

Dated: February 4, 2022
San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García-Benítez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative for the Commonwealth and ERS*

9

**Fecha de la vista: 23 de marzo de 2022, a las 9:30 (AST)**
**Fecha límite para responder: 7 de marzo de 2022, a las 16:00 (AST)**

> **REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*: <br><br> JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, <br><br> como representante del <br><br> ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*., <br><br> Deudores.[1] | PROMESA <br> Título III <br><br> Núm. 17 BK 3283-LTS <br><br> (Administrado Conjuntamente) <br><br> **La presente radicación guarda relación con el ELA y el SRE.** |

**CUADRINGENTÉSIMA VIGÉSIMA CUARTA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y DEL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES POR LAS QUE LOS DEUDORES NO SON RESPONSABLES**

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático).

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor Swain:

El Estado Libre Asociado de Puerto Rico (el "ELA") y el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE", y junto con el ELA, los "Deudores"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como el único representante de Título III conforme a la sección 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radican esta cuadringentésima vigésima cuarta objeción global (la "Cuadringentésima vigésima cuarta objeción global") a reclamaciones que tratan de recuperar montos por los que los Deudores no son responsables, según se expone en el **Anexo A** del presente documento, y en apoyo de la Cuadringentésima vigésima cuarta objeción global manifiestan respetuosamente lo siguiente:

## JURISDICCIÓN

1. El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme a la sección 306(a) de PROMESA.

2. La sede judicial de este distrito es la competente conforme a la sección 307(a) de PROMESA.

## ANTECEDENTES

**A.     Órdenes de Fecha Límite**

3. El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición

---

[2] PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101 a 2241.

2

voluntaria de remedio para el Estado Libre Asociado de Puerto Rico (el "ELA") conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III del ELA"). El 21 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III del SRE", y junto con el Caso de Título III del ELA, los "Casos de Título III"). El 29 de junio de 2017, el Tribunal dictó una orden por la que concedió la administración conjunta de los Casos de Título III únicamente con fines procesales. ECF núm. 537.[3]

4. El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF núm. 2255] (la "Moción de Fecha Límite"). Por la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF núm. 2521] (la "Orden Inicial de Fecha Límite"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco de los Casos de Título III. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF núm. 3160]

---

[3] Salvo disposición en contrario contenida en el presente documento, las citas ECF harán referencia a documentos radicados en el marco del Caso de Quiebra Núm. 17 BK 3283-LTS.

3

(conjuntamente con la Orden Inicial de Fecha Límite, las "Órdenes de Fecha Límite"), extendiendo dichas fechas límite hasta el 29 de junio de 2018, a las 16:00 (AST).

### B. Evidencias de reclamaciones, procedimientos relativos a objeciones globales y objeciones a reclamaciones

5. Hasta la fecha, se han radicado aproximadamente 177,786 evidencias de reclamaciones contra los Deudores, que han sido registradas por Prime Clerk, LLC. Dichas evidencias de reclamaciones ascienden a un total aproximado de $43 billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados reclamados.

6. De las evidencias de reclamaciones radicadas, aproximadamente 117,251 han sido radicadas en relación con el ELA, o reclasificadas como radicadas contra el ELA. Aproximadamente 53,335 evidencias de reclamaciones han sido radicadas en relación con el SRE, o reclasificadas como radicadas contra el SRE. De conformidad con las condiciones de las Órdenes de Fecha Límite, muchas de estas reclamaciones no deberían haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por la que los Deudores sean responsables, estar duplicadas en relación con otras evidencias de reclamaciones o no aportar información necesaria para que los Deudores determinen si la reclamación es válida.

7. Para resolver eficazmente el mayor número posible de las evidencias de reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) conceda el remedio relacionado* [ECF núm. 4052] (la "Moción de Procedimientos Globales"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales

4

mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden que A) aprueba procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado* [ECF núm. 4230]; *Procedimientos relativos a Objeciones Globales* [ECF núm. 4230-1] (conjuntamente, los "Procedimientos Iniciales relativos a Objeciones Globales"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [ECF núm. 4381] (la "Orden de Notificación").

8.  En aras del interés constante por resolver eficazmente cualesquiera evidencias de reclamaciones innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de vista en relación con una Orden que A) apruebe Procedimientos Enmendados relativos a Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF núm. 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden que A) aprueba Procedimientos Enmendados relativos a Objeciones Globales, B) exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas de notificación adicionales y D) concede el remedio relacionado* [ECF núm. 7440] (los "Procedimientos Enmendados relativos a Objeciones Globales").

5

9. Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal ha celebrado hasta la fecha más de 20 vistas y ha dictado órdenes sobre más de 315 objeciones globales radicadas por el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT"), la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE"), la Autoridad de Edificios Públicos de Puerto Rico (la "AEP") y/o el SRE. Sobre la base de las resoluciones y órdenes del Tribunal dictadas hasta la fecha, aproximadamente 100,000 reclamaciones que reivindicaban $43 billones en responsabilidad contra el ELA, COFINA, la ACT, la AEE, la AEP y el SRE fueron rechazadas y retiradas del registro de reclamaciones en el marco de los procedimientos radicados conforme al Título III.

10. Esta Cuadringentésima vigésima cuarta objeción global se radica de conformidad con los Procedimientos Enmendados relativos a Objeciones Globales del Tribunal.

**OBJECIONES A EVIDENCIAS DE RECLAMACIONES**

11. Los Procedimientos Enmendados relativos a Objeciones Globales permiten a los Deudores radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los Procedimientos Enmendados relativos a Objeciones Globales.

12. La Cuadringentésima vigésima cuarta objeción global pretende rechazar, de conformidad con los Procedimientos Enmendados relativos a Objeciones Globales, reclamaciones que tratan de recuperar montos por los que los Deudores no tienen responsabilidad, según se expone en el **Anexo A** del presente documento (conjuntamente, las "Reclamaciones que han de ser rechazadas").

13. Las reclamaciones que sean "inejecutables contra el deudor y los bienes de este, en virtud de cualquier contrato o normativa legal aplicable" deben rechazarse. Título 11 U.S.C., § 502(b)(1). Cada una de las Reclamaciones que han de ser rechazadas busca alegar responsabilidades vinculadas con determinados litigios iniciados por varios demandantes, radicados contra el ELA, una de sus agencias integrantes y/o una de sus instrumentalidades. Sin embargo, sobre la base de las evidencias de reclamaciones principales radicadas en nombre de los demandantes en el marco de dichos litigios, los reclamantes asociados con las Reclamaciones que han de ser rechazadas no son los demandantes que figuran en los litigios que alegan.

14. Más concretamente, los reclamantes objeto de la Cuadringentésima vigésima cuarta objeción global alegan responsabilidades vinculadas con uno de los siguientes litigios (los "Litigios"): 1) *Francisco Beltrán Cintrón et al. c. el Departamento de la Familia de Puerto Rico*, Caso núm. KAC-2009-0809 ("Beltrán Cintrón") o 2) *Madeline Acevedo Camacho et al. c. el Departamento de la Familia de Puerto Rico, núm.* 2016-05-1340 ("Acevedo Camacho"). Los abogados que representan a los demandantes en los Litigios radicaron evidencias de reclamaciones principales en nombre del grupo de demandantes Beltrán Cintrón (las "Reclamaciones Principales Beltrán Cintrón") y el grupo de demandantes Acevedo Camacho (las "Reclamaciones Principales Acevedo Camacho", conjuntamente denominadas, las "Reclamaciones Principales de Litigios"), respectivamente.

15. Las Reclamaciones Principales Beltrán Cintrón alegan responsabilidades asociadas con una reclamación radicada ante el Tribunal de Primera Instancia de Puerto Rico por los empleados del Departamento de la Familia de Puerto Rico (el "DOFA"), donde se alega que el DOFA no pagó a los demandantes los salarios adecuados como consecuencia de la implementación indebida del "Memorándum General núm. 5-86" de la Oficina de Personal de Servicios Públicos"

7

(el "Memorándum"). Las Reclamaciones Principales Beltrán Cintrón alegan responsabilidades por un monto aproximado de $105 millones vinculadas con el pago de supuestos salarios atrasados y aportaciones a pensiones supuestamente impagadas, nombran como acreedor al "Grupo de Demandantes Beltrán Cintrón", y fueron radicadas por el abogado que representa a todos los demandantes en el litigio. Las Reclamaciones Principales Beltrán Cintrón adjuntan como documentación justificativa un cuadro que identifica a cada demandante del Grupo de Demandantes Beltrán Cintrón. Además, el abogado que representa a todos los demandantes presentó una *Declaración verificada conforme a las RFPQ de 2019 del Grupo de Demandantes Beltrán Cintrón* [ECF núm. 3403] en la que proporcionó el nombre, la dirección y el monto del interés económico divulgable de cada miembro del grupo de demandantes.

16. Las Reclamaciones Principales Acevedo Camacho alegan responsabilidades asociadas con una reclamación radicada ante el Tribunal de Primera Instancia de Puerto Rico por los empleados del Departamento de la Familia, en la que se alega que los empleados tenían derecho a un pago de salarios atrasados debido a la implementación ilegal por parte del Departamento de la Familia del Memorándum. Las Reclamaciones Principales Acevedo Camacho se radicaron en nombre del "Grupo de Demandantes Acevedo Camacho" y alegan aproximadamente $50 millones en concepto de responsabilidades asociadas con los supuestos salarios atrasados y aportaciones a pensiones supuestamente no pagadas. El abogado que representa a todos los demandantes en el litigio presentó las Reclamaciones Principales Acevedo Camacho. Además, las Reclamaciones Principales Acevedo Camacho incluyen, entre otras cosas, un cuadro que identifica a cada demandante del Grupo de Demandantes Acevedo Camacho. El abogado que representa el Grupo de Demandantes Acevedo Camacho también presentó una *Declaración verificada conforme a las RFPQ de 2019 del Grupo de Demandantes Acevedo Camacho* [ECF núm. 3406] en la que

8

proporcionó el nombre, la dirección y el monto del interés económico divulgable de cada miembro del grupo de demandantes.

17. Como se explicó anteriormente, cada Reclamación Principal o bien adjunta un cuadro o una lista que identifica a todos los demandantes que figuran en los Litigios, o bien adjunta las radicaciones en el marco de los Litigios que incluyen las listas, los cuadros o los epígrafes que identifican a todos los demandantes mencionados. Los nombres de los reclamantes vinculados con las Reclamaciones que han de ser rechazadas no aparecen en ningún momento en las listas, los cuadros o los epígrafes que se incluyen en la Reclamación Principal ni en la Declaración Verificada correspondientes. En consecuencia, los reclamantes vinculados con las Reclamaciones que han de ser rechazadas no son demandantes en el Litigio, por lo que los Deudores no son responsables ante dichos reclamantes por las responsabilidades alegadas en los Litigios. Además, incluso si los titulares de las Reclamaciones que han de ser rechazadas fueran partes en los Litigios, las responsabilidades alegadas se incluirían en las Reclamaciones Principales. Si las Reclamaciones que han de ser rechazadas no son rechazadas, ello resultaría en que los correspondientes reclamantes obtuvieran potencialmente una recuperación adicional no justificada en detrimento de otras partes interesadas en dichos Casos de Título III.

18. Puesto que esta Cuadringentésima vigésima cuarta objeción global a las Reclamaciones que han de ser rechazadas no constituye una objeción a las Reclamaciones Principales de Litigios, los Deudores se reservan el derecho a oponerse a las Reclamaciones Principales de Litigios sobre la base de cualesquiera otros motivos que fueren.

19. En apoyo de lo anterior, los Deudores invocan la *Declaración de Jay Herriman en apoyo de la Cuadringentésima vigésima cuarta objeción global (no sustantiva) del Estado Libre Asociado de Puerto Rico y del Sistema de Retiro de los Empleados del Gobierno del Estado Libre*

9

*Asociado de Puerto Rico a Reclamaciones por las que los Deudores no son responsables*, de fecha 4 de febrero de 2022, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

20. De conformidad con los Procedimientos relativos a Objeciones Globales y la Orden de Notificación del Tribunal, los Deudores han notificado la presente Cuadringentésima vigésima cuarta objeción global a) a los acreedores individuales objeto de esta Cuadringentésima vigésima cuarta objeción global, b) al U.S. Trustee, y c) a la Lista maestra de notificaciones (según se define en los *Procedimientos de administración de casos enmendados núm. 15* [ECF núm. 17127-1]), disponibles en el sitio web de casos de los Deudores, en https://cases.primeclerk.com/puertorico. Una copia de la notificación de esta Cuadringentésima vigésima cuarta objeción global se adjunta al presente como Anexo C. Las traducciones al español de la Cuadringentésima vigésima cuarta objeción global y de la totalidad de los anexos adjuntos al presente se están radicando con la presente objeción y se trasladarán a las partes. Los Deudores sostienen que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

## AUSENCIA DE SOLICITUDES PREVIAS

21. No se ha radicado ninguna solicitud de remedio previa a la presente Cuadringentésima vigésima cuarta objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.

POR LO QUE los Deudores solicitan respetuosamente que se dicte una orden, esencialmente en la forma de la Orden Propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda a los Deudores cualesquiera otros remedios que se consideren justos.

| | |
|---|---|
| Fecha: 4 de febrero de 2022<br>San Juan (Puerto Rico) | Respetuosamente sometida,<br><br>*[Firma en la versión en inglés]*<br>Hermann D. Bauer<br>USDC núm. 215205<br>Carla García-Benítez<br>USDC núm. 203708<br>Gabriel A. Miranda<br>USDC núm. 306704<br>**O'NEILL & BORGES LLC**<br>250 Avenida Muñoz Rivera, local 800<br>San Juan, PR 00918-1813<br>Tel.: (787) 764-8181<br>Fax: (787) 753-8944<br><br>*[Firma en la versión en inglés]*<br>Martin J. Bienenstock (*pro hac vice*)<br>Brian S. Rosen (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>Nueva York, NY 10036<br>Tel.: (212) 969-3000<br>Fax: (212) 969-2900<br><br>*Abogados de la Junta de Supervisión y Administración Financiera para Puerto Rico como representante del ELA y el SRE.* |

11