Hearing Date: March 23, 2022, at 9:30 AM (Atlantic Standard Time)
Response Deadline: March 7, 2022, at 4:00 PM (Atlantic Standard Time)

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth, ERS, and HTA.** |

## FOUR HUNDRED TWENTY-FIFTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PURTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY TO DUPLICATE LITIGATION CLAIMS

To the Honorable United States District Court Judge Laura Taylor Swain:

    The Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement

System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801)  (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Highways and Transportation Authority ("HTA," and together with the Commonwealth and ERS, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] file this four hundred twenty-fifth omnibus objection (the "Four Hundred Twenty-Fifth Omnibus Objection") to the duplicative proofs of claim listed on **Exhibit A** hereto, and in support of the Four Hundred Twenty-Fifth Omnibus Objection, respectfully represent as follows:

## JURISDICTION

1.     The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2.     Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A.     The Bar Date Orders**

3.     On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth of Puerto Rico (the "Commonwealth") pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case").  On May 21, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed voluntary petitions for relief for the Puerto Rico Highways and Transportation Authority and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico pursuant to PROMESA section 304(a), commencing cases under

---

[2]  PROMESA is codified at 48 U.S.C. §§ 2101-2241.

Title III thereof (respectively, the "<u>HTA Title III Case</u>" and the "<u>ERS Title III Case</u>," and together with the Commonwealth Title III Case, the "<u>Title III Cases</u>").  On June 29, 2017, the Court entered an order granting the joint administration of the Title III Cases for procedural purposes only.  ECF No. 537.[3]

4.       On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255] (the "<u>Bar Date Motion</u>").  By the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "<u>Initial Bar Date Order</u>"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases.  Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order, the "<u>Bar Date Orders</u>") extending these deadlines to June 29, 2018 at 4:00 p.m. (Atlantic Time).

**B.       Proofs of Claim, Omnibus Objection Procedures, and Claim Objections**

5.       To date, approximately 177,786 proofs of claim have been filed against the Debtors and logged by Prime Clerk, LLC.  Such proofs of claim total approximately $43 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

6.       Of the proofs of claim filed, approximately 117,251 have been filed in relation to, or reclassified to be asserted against, the Commonwealth.  Approximately 53,335 proofs of claim

---

[3]  Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

have been filed in relation to, or reclassified to be asserted against, ERS.  Over 2,278 proofs of claim have been filed in relation to, or reclassified to be asserted against, HTA.  In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable, being duplicative of other proofs of claim, or failing to provide information necessary for the Debtors to determine whether the claim is valid.

7.     In order to efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion").  The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018.  *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures").  On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures.  *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

8.     In the continued interest of resolving any unnecessary proofs of claim in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, and to approve additional forms of notice. *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection*

*Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091].  On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

9.      Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, to date the Court has held over 20 hearings and entered orders on over 315 omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Electric Power Authority ("PREPA"), the Puerto Rico Public Buildings Authority ("PBA"), HTA, and/or ERS.  Based upon rulings and orders of the Court to date, approximately 100,000 claims asserting $43 trillion in liability against the Commonwealth, COFINA, HTA, PREPA, PBA, and ERS have been disallowed and expunged from the claims registry in the Title III proceedings.

10.      This Four Hundred Twenty-Fifth Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

## OBJECTIONS TO PROOFS OF CLAIM

11.      The Amended Omnibus Objection Procedures allow the Debtors to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), as well as on other substantive bases set forth in the Amended Omnibus Objection Procedures.

12.      The Four Hundred Twenty-Fifth Omnibus Objection seeks to disallow, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(1) and the Amended Omnibus

Objection Procedures, claims that are substantively duplicative of other proofs of claim filed in the Title III Cases.

13.     As set forth in **Exhibit A** hereto, the claims identified in the column titled "Claims to be Disallowed" (each a "Claim to Be Disallowed," and collectively, the "Claims to Be Disallowed") assert the same liabilities as those asserted in one of the following: (1) the master claims filed on behalf of all plaintiffs in the litigation captioned *Francisco Beltrán Cintrón et al. v. Puerto Rico Department of Family Affairs*, Case No. KAC-2009-0809 (the "Beltrán Cintrón Master Claims"); (2) the master claims filed on behalf of all plaintiffs in the litigation captioned *Madeline Acevedo Camacho et al. v. Puerto Rico Department of Family Affairs*, No. 2016-05-1340 (the "Acevedo Camacho Master Claims"); or (3) the master claim filed on behalf of all plaintiffs in the litigation captioned *Janet Vázquez Velázquez et al. v. Puerto Rico Highways & Transportation Authority*, No. 2009-ACT-044 (the "Vázquez Velázquez Master Claim," and collectively, the "Litigation Master Claims").

14.     The Beltrán Cintrón Master Claims assert liabilities associated with a complaint filed in the Puerto Rico Court of First Instance by employees of the Department of the Family (the "Family Department"), alleging that the Family Department failed to pay plaintiffs appropriate wages as a result of the improper implementation of the Office of Public Service Personnel's "General Memorandum No. 5-86" (the "Memorandum").  The Beltrán Cintrón Master Claims assert approximately $105 million in liabilities associated with alleged back pay and allegedly unpaid pension contributions, name the creditor as the "Beltrán Cintrón Plaintiff Group," and were filed by the attorney representing all plaintiffs in the litigation.  As supporting documentation, the Beltrán Cintrón Master Claims attach a chart identifying each individual plaintiff in the Beltrán Cintrón Plaintiff Group.  Further, the attorney representing all plaintiffs submitted a *Verified*

6

*Statement Pursuant to FRBP 2019 of the Beltrán-Cintrón Plaintiff Group* [ECF No. 3403], providing the name, address, and amount of disclosable economic interests for each member of the plaintiff group.

15.     The Acevedo Camacho Master Claims assert liabilities associated with a complaint filed in the Puerto Rico Court of First Instance by employees of the Family Department, alleging employees were entitled to back pay due to the Family Department's illegal implementation of the Memorandum.   The Acevedo Camacho Master Claims were filed on behalf of the "Acevedo Camacho Plaintiffs Group," assert approximately $50 million in liabilities associated with alleged back pay and allegedly unpaid pension contributions, and were filed by the attorney representing all plaintiffs in the litigation.   The Acevedo Camacho Master Claims include, among other things, a chart identifying each plaintiff in the Acevedo Camacho Plaintiffs Group.   The attorney representing the Acevedo Camacho Plaintiffs Group also submitted a *Verified Statement Pursuant to FRBP 2019 of the Acevedo-Camacho Plaintiff Group* [ECF No. 3406], providing the name, address, and amount of disclosable economic interests for each member of the plaintiff group.

16.     The Vázquez Velázquez Master Claim asserts liabilities associated with an appeal filed before HTA's appellate division by HTA employees who alleged that they did not receive their full Christmas bonus payment pursuant to a resolution entered by the Secretary of Transportation.   This resolution purportedly required HTA to pay their employees a Christmas bonus equivalent to 8.75% of an employee's annual salary earned up to a maximum of $50,000. The Vázquez Velázquez Master Claim asserts an unspecified amount in liabilities associated with unpaid Christmas bonuses and was filed by the attorney who represented all plaintiffs in the litigation.   As supporting documentation, the Vázquez Velázquez Master Claim attaches a pleading which includes the names of each plaintiff in the caption on the first page.

17.     Each of the Claims to Be Disallowed was filed by one of the individual plaintiffs in the litigations asserted by the Litigation Master Claims, as identified by the supporting documentation provided with the Litigation Master Claims or the verified statements filed on behalf of all plaintiffs in the litigations.  Further, none of the Claims to Be Disallowed asserts any additional liabilities or bases for liability beyond what is included in the respective Litigation Master Claim(s).

18.     Accordingly, the Claims to Be Disallowed are duplicative of the Litigation Master Claims.  Any failure to disallow the Claims to Be Disallowed will result in the applicable claimants potentially receiving an unwarranted double recovery to the detriment of other stakeholders in these Title III Cases.  The holders of the Claims to Be Disallowed will not be prejudiced by the disallowance of their claims, because the liabilities associated with each of the Claims to Be Disallowed are subsumed within the liabilities asserted by the relevant master claim, as set forth in **Exhibit A** hereto.  Because this Four Hundred Twenty-Fifth Omnibus Objection to the Claims to Be Disallowed does not constitute an objection to the Litigation Master Claims, the Debtors reserve their right to object to the Litigation Master Claims on any other grounds whatsoever.

19.     In support of the foregoing, the Debtors rely on the *Declaration of Jay Herriman in Support of the Four Hundred Twenty-Fifth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Highways and Transportation Authority to Duplicate Litigation Claims*, dated February 4, 2022, attached hereto as **Exhibit B**.

## NOTICE

20.     In accordance with the Omnibus Objection Procedures and the Court's Notice Order, the Debtors have provided notice of this Four Hundred Twenty-Fifth Omnibus Objection to (a) the individual creditors subject to this Four Hundred Twenty-Fifth Omnibus Objection, (b)

the U.S. Trustee, and (c) the Master Service List (as defined by the *Fifteenth Amended Case Management Procedures* [ECF No. 17127-1]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico. A copy of the notice for this Four Hundred Twenty-Fifth Omnibus Objection is attached hereto as Exhibit C. Spanish translations of the Four Hundred Twenty-Fifth Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **NO PRIOR REQUEST**

21. No prior request for the relief sought in this Four Hundred Twenty-Fifth Omnibus Objection has been made to this or any other court.

WHEREFORE the Debtors respectfully request entry of an order, substantially in the form of the Proposed Order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting the Debtors such other and further relief as is just.

*[Additional pages follow]*

Dated:  February 4, 2022                          Respectfully submitted,
        San Juan, Puerto Rico


                                                  /s/ *Hermann D. Bauer*
                                                  Hermann D. Bauer
                                                  USDC No. 215205
                                                  Carla García-Benítez
                                                  USDC No. 203708
                                                  Gabriel A. Miranda
                                                  USDC No. 306704
                                                  **O'NEILL & BORGES LLC**
                                                  250 Muñoz Rivera Ave., Suite 800
                                                  San Juan, PR 00918-1813
                                                  Tel:  (787) 764-8181
                                                  Fax:  (787) 753-8944

                                                  /s/ *Martin J. Bienenstock*
                                                  Martin J. Bienenstock (*pro hac vice*)
                                                  Brian S. Rosen (*pro hac vice*)
                                                  **PROSKAUER ROSE LLP**
                                                  Eleven Times Square
                                                  New York, NY 10036
                                                  Tel:  (212) 969-3000
                                                  Fax:  (212) 969-2900

                                                  *Attorneys for the Financial
                                                  Oversight and Management Board
                                                  for Puerto Rico, as representative for
                                                  the Commonwealth, ERS, and HTA*

**Fecha de la vista: 23 de marzo de 2022, a las 9:30  (AST)**
**Fecha límite para responder: 7 de marzo de 2022, a las 16:00  (AST)**

> **REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS**
**PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*: | PROMESA<br>Título III |
| JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, | Núm. 17 BK 3283-LTS |
| como representante del | (Administrado Conjuntamente) |
| ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al.*, | **La presente radicación guarda relación con el ELA, el SRE y la ACT.** |
| Deudores.[1] | |

**CUADRINGENTÉSIMA VIGÉSIMA QUINTA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, DEL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO A RECLAMACIONES DUPLICADAS POR LITIGIOS**

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático).

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor Swain:

El Estado Libre Asociado de Puerto Rico (el "ELA"), el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") y la Autoridad de Carreteras Y Transportación de Puerto Rico (la "ACT", y junto con el ELA y el SRE, los "Deudores"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como el único representante de Título III conforme a la sección 315(b) de la Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico ("PROMESA"),[2] radican esta cuadringentésima vigésima quinta objeción global (la "Cuadringentésima vigésima quinta objeción global") a las evidencias de reclamaciones duplicadas que aparecen en el **Anexo A** del presente documento, y en apoyo de la Cuadringentésima vigésima quinta objeción global manifiestan respetuosamente lo siguiente:

## JURISDICCIÓN

1.      El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme a la sección 306(a) de PROMESA.

2.      La sede judicial de este distrito es la competente conforme a la sección 307(a) de PROMESA.

## ANTECEDENTES

### A.      Órdenes de Fecha Límite

3.      El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición

---

[2]  PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101 a 2241.

voluntaria de remedio para el Estado Libre Asociado de Puerto Rico (el "ELA") conforme a la

sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el

"Caso de Título III del ELA"). El 21 de mayo de 2017, la Junta de Supervisión emitió una

certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó

peticiones voluntarias de remedio para la Autoridad de Carreteras y Transportación de Puerto Rico

y el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico

conforme a la sección 304(a) de PROMESA, iniciando casos conforme al Título III de dicho

cuerpo legal (respectivamente, el "Caso de Título III de la ACT" y el "Caso de Título III del SRE",

y junto con el Caso de Título III del ELA, los "Casos de Título III"). El 29 de junio de 2017, el

Tribunal dictó una orden por la que concedió la administración conjunta de los Casos de Título III

únicamente con fines procesales. ECF núm. 537.[3]

4.      El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije*

*fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y*

*la manera de su notificación* [ECF núm. 2255] (la "Moción de Fecha Límite"). Por la *Orden que*

*A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la*

*forma y la manera de su notificación* [ECF núm. 2521] (la "Orden Inicial de Fecha Límite"), el

Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas límite y

procedimientos para radicar evidencias de reclamaciones en el marco de los Casos de Título III.

Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el

Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar evidencias de*

*reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF núm. 3160]

---

[3]   Salvo disposición en contrario contenida en el presente documento, las citas ECF harán
referencia a documentos radicados en el marco del Caso de Quiebra Núm. 17 BK 3283-LTS.

(conjuntamente con la Orden Inicial de Fecha Límite, las "Órdenes de Fecha Límite"), extendiendo

dichas fechas límite hasta el 29 de junio de 2018, a las 16:00  (AST).

**B.      Evidencias de reclamaciones, procedimientos relativos a objeciones globales y objeciones a reclamaciones**

5.      Hasta la fecha, se han radicado aproximadamente 177,786 evidencias de reclamaciones contra los Deudores , que han sido registradas por Prime Clerk, LLC. Dichas evidencias de reclamaciones ascienden a un total aproximado de $43 billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados reclamados.

6.      De las evidencias de reclamaciones radicadas, aproximadamente 117,251 han sido radicadas en relación con el ELA, o reclasificadas como radicadas contra el ELA. Aproximadamente 53,335 evidencias de reclamaciones han sido radicadas en relación con el SRE, o reclasificadas como radicadas contra el SRE.  Más de 2,278 evidencias de reclamaciones han sido radicadas en relación con la ACT, o reclasificadas como radicadas contra la ACT. De conformidad con las condiciones de las Órdenes de Fecha Límite, muchas de estas reclamaciones no deberían haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por la que los Deudores sean responsables, estar duplicadas en relación con otras evidencias de reclamaciones o no aportar información necesaria para que los Deudores determinen si la reclamación es válida.

7.      Para resolver eficazmente el mayor número posible de las evidencias de reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) conceda el remedio relacionado* [ECF núm. 4052] (la "Moción de Procedimientos

4

Globales"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden que A) aprueba procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado* [ECF núm. 4230]; *Procedimientos relativos a Objeciones Globales* [ECF núm. 4230-1] (conjuntamente, los "Procedimientos Iniciales relativos a Objeciones Globales"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [ECF núm. 4381] (la "Orden de Notificación").

8.      En aras del interés constante por resolver eficazmente cualesquiera evidencias de reclamaciones innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de vista en relación con una Orden que A) apruebe Procedimientos Enmendados relativos a Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF núm. 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden que A) aprueba Procedimientos Enmendados relativos a Objeciones Globales, B) exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas*

*de notificación adicionales y D) concede el remedio relacionado* [ECF núm. 7440] (los
"<u>Procedimientos Enmendados relativos a Objeciones Globales</u>").

9.      Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los
Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal ha celebrado hasta la
fecha más de 20 vistas y ha dictado órdenes sobre más de 315 objeciones globales radicadas por
el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("<u>COFINA</u>"), la
Autoridad de Energía Eléctrica de Puerto Rico (la "<u>AEE</u>"), la Autoridad de Edificios Públicos de
Puerto Rico (la "<u>AEP</u>"), la ACT y/o el SRE. Sobre la base de las resoluciones y órdenes del
Tribunal dictadas hasta la fecha, aproximadamente 100,000 reclamaciones que reivindicaban $43
billones en responsabilidad contra el ELA, COFINA, la ACT, la AEE, la AEP y el SRE fueron
rechazadas y retiradas del registro de reclamaciones en el marco de los procedimientos radicados
conforme al Título III.

10.     Esta Cuadringentésima vigésima quinta objeción global se radica de conformidad
con los Procedimientos Enmendados relativos a Objeciones Globales del Tribunal.

## <u>OBJECIONES A EVIDENCIAS DE RECLAMACIONES</u>

11.     Los Procedimientos Enmendados relativos a Objeciones Globales permiten a los
Deudores radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las
bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de
Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas
establecidas en los Procedimientos Enmendados relativos a Objeciones Globales.

12.     La Cuadringentésima vigésima quinta objeción global pretende que se rechacen, de
conformidad con la regla 3007(d)(1) de las Reglas Federales del Procedimiento de Quiebra y los
Procedimientos Enmendados relativos a Objeciones Globales, reclamaciones que estén

sustancialmente duplicadas con respecto a otras evidencias de reclamaciones radicadas en el marco de los Casos de Título III.

13.     Como se establece en el **Anexo A** del presente documento, las reclamaciones identificadas en la columna titulada "Reclamaciones que han de ser rechazadas" (cada una denominada una "Reclamación que ha de ser rechazada" y conjuntamente, las "Reclamaciones que han de ser rechazadas") alegan las mismas responsabilidades que aquellas que se alegan en una de las siguientes: 1) las reclamaciones principales radicadas en nombre de todos los demandantes en el litigio con epígrafe *Francisco Beltrán Cintrón et al. c. el Departamento de la Familia de Puerto Rico*, Caso núm. KAC-2009-0809 (las "Reclamaciones Principales Beltrán Cintrón"); 2) las reclamaciones principales radicadas en nombre de todos los demandantes en el litigio con epígrafe *Madeline Acevedo Camacho et al. c. el Departamento de la Familia de Puerto Rico, núm.* 2016-05-1340 (las "Reclamaciones Principales Acevedo Camacho"); o 3) la reclamación principal radicada en nombre de todos los demandantes en el litigio con epígrafe *Janet Vázquez Velázquez et al. c. la Autoridad de Carreteras y Transportación de Puerto Rico*, núm. 2009-ACT-044 (la "Reclamación Principal Vázquez Velázquez", y conjuntamente, las "Reclamaciones Principales de Litigios").

14.     Las Reclamaciones Principales Beltrán Cintrón alegan responsabilidades asociadas con una reclamación radicada ante el Tribunal de Primera Instancia de Puerto Rico por los empleados del Departamento de la Familia de Puerto Rico (el "DOFA"), donde se alega que el DOFA no pagó a los demandantes los salarios adecuados como consecuencia de la implementación indebida del "Memorándum General núm. 5-86" de la Oficina de Personal de Servicios Públicos" (el "Memorándum"). Las Reclamaciones Principales Beltrán Cintrón alegan responsabilidades por un monto aproximado de $105 millones vinculadas con el pago de supuestos salarios atrasados y

aportaciones a pensiones supuestamente impagadas, nombran como acreedor al "Grupo de Demandantes Beltrán Cintrón", y fueron radicadas por el abogado que representa a todos los demandantes en el litigio. Las Reclamaciones Principales Beltrán Cintrón adjuntan como documentación justificativa un cuadro que identifica a cada demandante del Grupo de Demandantes Beltrán Cintrón. Además, el abogado que representa a todos los demandantes presentó una *Declaración verificada conforme a las RFPQ de 2019 del Grupo de Demandantes Beltrán Cintrón* [ECF núm. 3403] en la que proporcionó el nombre, la dirección y el monto del interés económico divulgable de cada miembro del grupo de demandantes.

15.     Las Reclamaciones Principales Acevedo Camacho alegan responsabilidades asociadas con una reclamación radicada ante el Tribunal de Primera Instancia de Puerto Rico por los empleados del Departamento de la Familia, en la que se alega que los empleados tenían derecho a un pago de salarios atrasados debido a la implementación ilegal por parte del Departamento de la Familia del Memorándum.  Las Reclamaciones Principales Acevedo Camacho se radicaron en nombre del "Grupo de Demandantes Acevedo Camacho" y alegan aproximadamente $50 millones en concepto de responsabilidades asociadas con los supuestos salarios atrasados y aportaciones a pensiones supuestamente no pagadas. El abogado que representa a todos los demandantes en el litigio presentó las Reclamaciones Principales Acevedo Camacho.  Además, las Reclamaciones Principales Acevedo Camacho incluyen, entre otras cosas, un cuadro que identifica a cada demandante del Grupo de Demandantes Acevedo Camacho.  El abogado que representa el Grupo de Demandantes Acevedo Camacho también presentó una *Declaración verificada conforme a las RFPQ de 2019 del Grupo de Demandantes Acevedo Camacho* [ECF núm. 3406] en la que proporcionó el nombre, la dirección y el monto del interés económico divulgable de cada miembro del grupo de demandantes.

16.     La Reclamación Principal Vázquez Velázquez alega responsabilidades vinculadas con una apelación radicada ante la división de apelaciones de la ACT por los empleados de la ACT que afirmaron que no habían recibido la totalidad del pago correspondiente a su bono de Navidad conforme a una resolución dictada por el Secretario de Transportación. Dicha resolución supuestamente exigía a la ACT pagar a sus empleados un bono de Navidad equivalente al 8.75 % del salario anual devengado del empleado, hasta un máximo de $50,000. La Reclamación Principal Vázquez Velázquez alega un monto no especificado en concepto de responsabilidades vinculadas con bonos de Navidad no pagados y fue radicada por el abogado que representa a todos los demandantes en el litigio. La Reclamación Principal Vázquez Velázquez adjuntó como documentación justificativa un escrito que incluye los nombres de cada demandante en el epígrafe en la primera página.

17.     Cada una de las Reclamaciones que han de ser rechazadas fue radicada por uno de los demandantes individuales en los litigios planteados por las Reclamaciones Principales de Litigios, según se identifica en la documentación justificativa proporcionada con las Reclamaciones Principales de Litigios o en las declaraciones verificadas radicadas en nombre de todos los demandantes en los litigios. Además, ninguna de las Reclamaciones que han de ser rechazadas alega responsabilidades adicionales ni fundamentos de responsabilidad más allá de los que figuran en la(s) respectiva(s) Reclamación(es) Principal(es) de Litigios.

18.     En consecuencia, las Reclamaciones que han de ser rechazadas constituyen un duplicado con respecto a las Reclamaciones Principales de Litigios. Si las Reclamaciones que han de ser rechazadas no son rechazadas, ello resultaría en que los correspondientes reclamantes obtuvieran potencialmente una recuperación duplicada no justificada en detrimento de otras partes interesadas en dichos Casos de Título III.  Los titulares de las Reclamaciones que han de ser

rechazadas no se verán perjudicados por el hecho de que se rechacen sus reclamaciones, puesto que las responsabilidades vinculadas con cada una de las Reclamaciones que han de ser rechazadas se incluyen en las responsabilidades alegadas en la reclamación principal pertinente, según se establece en el **Anexo A** del presente documento. Puesto que esta Cuadringentésima vigésima quinta objeción global a las Reclamaciones que han de ser rechazadas no constituye una objeción a las Reclamaciones Principales de Litigios, los Deudores se reservan el derecho a oponerse a las Reclamaciones Principales de Litigios sobre la base de cualesquiera otros motivos que fueren.

19.     En apoyo de lo anterior, los Deudores invocan la *Declaración de Jay Herriman en apoyo de la Cuadringentésima vigésima quinta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y de la Autoridad de Edificios Públicos de Puerto Rico a Reclamaciones Duplicadas por Litigios*, de fecha 4 de febrero de 2022, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

20.     De conformidad con los Procedimientos relativos a Objeciones Globales y la Orden de Notificación del Tribunal, los Deudores han notificado la presente Cuadringentésima vigésima quinta objeción global a) a los acreedores individuales objeto de esta Cuadringentésima vigésima quinta objeción global, b) al U.S. Trustee, y c) a la Lista maestra de notificaciones (según se define en los *Procedimientos de administración de casos enmendados núm. 15* [ECF núm. 17127-1]), disponibles en el sitio web de casos de los Deudores, en https://cases.primeclerk.com/puertorico. Una copia de la notificación de esta Cuadringentésima vigésima quinta objeción global se adjunta al presente como Anexo C. Las traducciones al español de la Cuadringentésima vigésima quinta objeción global y de la totalidad de los anexos adjuntos al presente se están radicando con la presente objeción y se trasladarán a las partes. Los Deudores sostienen que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

## **AUSENCIA DE SOLICITUDES PREVIAS**

21.    No se ha radicado ninguna solicitud de remedio previa a la presente Cuadringentésima vigésima quinta objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.

POR LO QUE los Deudores solicitan respetuosamente que se dicte una orden, esencialmente en la forma de la Orden Propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda a los Deudores cualesquiera otros remedios que se consideren justos.

[*Siguen páginas adicionales*]

Fecha: 4 de febrero de 2022
San Juan (Puerto Rico)

Respetuosamente sometida,

*[Firma en la versión en inglés]*
Hermann D. Bauer
USDC núm. 215205
Carla García-Benítez
USDC núm. 203708
Gabriel A. Miranda
USDC núm. 306704
**O'NEILL & BORGES LLC**
250 Avenida Muñoz Rivera, local 800
San Juan, PR 00918-1813
Tel.: (787) 764-8181
Fax: (787) 753-8944

*[Firma en la versión en inglés]*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel.: (212) 969-3000
Fax: (212) 969-2900

*Abogados de la Junta de Supervisión y Administración Financiera para Puerto Rico como representante del ELA, del SRE y de la ACT.*