UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND | |
| MANAGEMENT BOARD FOR PUERTO RICO, | |
|     as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO et al., | (Jointly Administered) |
|     Debtors.¹ | |

------------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND | |
| MANAGEMENT BOARD FOR PUERTO RICO, | |
|     as representative of | No. 17 BK 4780-LTS |
| PUERTO RICO ELECTRIC POWER AUTHORITY, | |
|     Debtor. | |

------------------------------------------------------------------x

THE SENATE OF PUERTO RICO, represented
by its president, HON. JOSÉ LUIS DALMAU,

    Plaintiff,

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

-v-                                                                                                    Adv. Proc. No. 21-0059-LTS

THE COMMONWEALTH OF PUERTO RICO et al.,

        Defendants.

-------------------------------------------------------------------x

MEMORANDUM ORDER GRANTING DEBTOR'S MOTION PURSUANT TO BANKRUPTCY
CODE SECTIONS 105(A) AND 362 FOR ORDER DIRECTING COMPLAINT TO BE WITHDRAWN

LAURA TAYLOR SWAIN, United States District Judge

Before the Court is the *Motion to Remand and/or in Opposition to Notice of Removal* (Docket Entry No. 9 in Adv. Proc. No. 21-59) (the "Motion to Remand") filed by the Senate of Puerto Rico, represented by its President, the Honorable José Luis Dalmau Santiago (the "Senate President" or "Plaintiff"),[2] as well as the *Debtor's Memorandum of Law and Motion Pursuant to Bankruptcy Code Sections 105(a) and 362 for Order Directing Complaint to be Withdrawn* (Docket Entry No. 2530 in Case No. 17-4780) (the "Withdrawal Motion") filed by the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of the Puerto Rico Electric Power Authority ("PREPA").

The Oversight Board filed the Withdrawal Motion and its opposition to the Motion to Remand on June 24, 2021 (Docket Entry No. 16 in Adv. Proc. No. 21-59 and Docket Entry No. 2532 in Case No. 17-4780). The Senate President filed his reply in support of the Motion to Remand on July 1, 2021 (Docket Entry No. 18 in Adv. Proc. No. 21-59). Then, on July 15, 2021, the Senate President submitted an opposition to the Withdrawal Motion (Docket Entry No. 2555 in Case No. 17-4780) (the "Senate President Opposition"), and the Oversight

---

[2]     The Court has also received and reviewed the *Notice of Removal* (Docket Entry No. 1 in Adv. Proc. No. 21-59) (the "Removal Notice"), filed by Efran Paredes Maisonet, the Executive Director of PREPA and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF" and, together with Efran Paredes Maisonet, the "Removing Parties").

Board filed its reply on July 29, 2021 (Docket Entry No. 2572 in Case No. 17-4780). For the reasons set forth below, the Withdrawal Motion is granted and the Motion to Remand is denied as moot.

I.

BACKGROUND

A. The O&M Agreement and Complaint

On June 22, 2020, the Senate President filed the underlying Complaint (Docket Entry No. 1-3 in Adv. Proc. No. 21-59 (Spanish); Docket Entry No. 2530-1 in Case No. 17-4780 (Certified English Translation (the "Complaint"))), in the Puerto Rico Court of First Instance in San Juan, as Senado de Puerto Rico, Represented by its President, Hon. José Luis Dalmau Santiago v. Commonwealth of Puerto Rico, et al., Civil Case No. 2021CV03356 (the "Civil Action"). That same day, PREPA entered into the Puerto Rico Transmission and Distribution System Operation and Maintenance Agreement (the "O&M Agreement") with the Public-Private Partnerships Authority (the "PPPA") and with the private consortium of LUMA Energy, LLC and LUMA Energy ServCo, LLC ("LUMA"), under which, among other things, LUMA would assume operation, maintenance, and modernization of PREPA's power transmission and delivery system, effective June 1, 2021. (Compl. ¶ 18. See also Mot. to Remand at 4; Removal Notice ¶¶ 1, 5 & n.3.)

The Complaint alleges that the O&M Agreement has not been recorded with the Puerto Rico Digital Real Estate Registry (the "Registry"), and that therefore the O&M Agreement is in violation of article 4 of Law 210-2015, the "Commonwealth of Puerto Rico Real Estate Registration Act," 30 L.P.R.A. § 6011, which requires the registration of public-private partnerships like the O&M Agreement. (Compl. ¶¶ 20, 55-56, 58.) See 30 L.P.R.A. § 6001 et

seq. (the "Registration Act"). The Registration Act provides that "[r]ecorded titles will take effect with respect to third parties from the date of their recordation." (Compl. ¶ 58 (quoting 30 L.P.R.A. § 6034).) Thus, Plaintiff argues, recordation is "essential for [an agreement's] effectiveness against third parties, which only starts after presentation in the Registry. Likewise, said obligation to record in the Registry is consistent with the public policy of . . . offering transparency and publicity to the citizens." (Id. ¶ 64.) "The consequences of non-recordation or defective or inopportune recordation in the Registry," says Plaintiff, "range from the ineffectiveness of the contract against third parties to its possible nullity or cancellation." (Id. ¶ 66.)

Because the O&M Agreement is not properly recorded, Plaintiff argues, "the very validity of said contract is in question, since the very Law 120-2015, as amended, establishes that the same can only take effect against third parties from the moment of its recordation in the Registry." (Id. ¶ 67.) On that basis alone, the Senate President concludes that the O&M Agreement is "null and void and all actions taken or considerations executed by the parties are equally null and void and must be reverted to the status prior to June 22, 2020[.]" (Id. ¶ 68.)

Plaintiff's first cause of action seeks declaratory relief that (a) the O&M Agreement "is null and void, for failure to comply with the requirement of recordation in the" Registration Act; (b) the O&M Agreement "does not generate obligations among the appearing parties and the same are obligated to restore or return any consideration already granted, including payments or transfers of sums of money, to the situation prior to June 22, 2020. Likewise, the parties will be obligated to nullify and revert to its previous status any action taken under the terms of the 'contract' found null and void;" and (c) "the parties will immediately

cease to comply with all of the provisions contained in the [O&M Agreement] that has been found null and void." (Id. at 21.)

The second cause of action seeks a preliminary injunction ordering LUMA to (a) "cease and desist immediately from exercising any authority, power, duty, or function arising from the" O&M Agreement, (b) "return the administration and management of PREPA's transmission and distribution, as well as any other authority or power conferred by [the O&M Agreement] to the aforementioned public corporation," and (c) "set aside any determination or action that has been taken under" the O&M Agreement. (Id. at 21-22.)

The third cause of action appears to seek a permanent injunction from the Court of First Instance "against defendants, under penalty of contempt, which prohibits any arrangement that arises from or is covered by the [O&M Agreement] which reverses any action, decision, or consideration made pursuant to the same to the status prior to June 22, 2020, and that it is barred from carrying out any act that implies an attempt to record in the Registry of the Property." (Id. at 22-23.)

The fourth cause of action seeks the extraordinary recourse of "mandamus," to be issued (a) to the board members and executive directors of PREPA and the PPPA to "comply with their legal obligation under Article 4.2(r) of the 'Puerto Rico Government Ethics Act 2011,' and refrain from carrying out any act that implies an attempt to record in the Registry of Property the [O&M Agreement];" and (b) to the "Commonwealth of Puerto Rico's Registry of Real Property to refrain from carrying out any act that implies the recordation in the Registry of Property of the [O&M Agreement] until this Court decides on the merits of the petition for summary judgment contained in this recourse." (Id. at 23.)

B. The Removal Notice and Motion to Remand

The instant Adversary Proceeding was commenced on June 3, 2021, when the Removing Parties filed the Removal Notice with this Court, alleging that this Court has original but not exclusive subject matter jurisdiction to hear and decide claims or causes of action "related to" PREPA's Title III Case (Case No. 17-4780) under section 306(a)(2) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"),[3] 48 U.S.C. § 2166(a)(2), because, inter alia, (i) the O&M Agreement is integral to PREPA's restructuring, (ii) PREPA's restructuring is directly threatened by the Civil Action, and (iii) an attempt to invalidate the O&M Agreement interferes with, and seeks to exercise control over, PREPA's property. (See Removal Notice ¶¶ 12-15.) The Removal Notice also declares that "PREPA reserves the right to assert that the Civil Action was filed in violation of the automatic stay." (Id. ¶ 17.)

The Motion to Remand followed on June 10, 2021. In it, Plaintiff asserts that the Civil Action concerns an issue that is not central to PREPA's Title III Case, that is, the interpretation of a contract governed by Puerto Rico law, and that mandatory abstention by this Court is therefore warranted under sections 306(d)(2) and 309 of PROMESA. (Mot. to Remand at 5-8 (citing 28 U.S.C. § 1334(c)(2)).) The Motion to Remand argues, in the alternative, that this Court should exercise discretionary abstention in the interest of judicial economy and comity. (Id. at 8-11.) Finally, Plaintiff argues that the Removing Parties have violated the rule of unanimity, by which is meant that, in actions involving multiple defendants, the right of removal is subject to the need for unanimity among co-defendants. (Id. at 11-12.) Here, Plaintiff

---

[3] PROMESA is codified at 48 U.S.C. § 2101 et seq. References to "PROMESA" section numbers in the remainder of this Memorandum Order are to the uncodified version of the legislation.

argues, not all defendants provided notice of their consent to having the Civil Action removed. (Id. at 12.)

C. The Withdrawal Motion

On June 24, 2021, the Oversight Board (as PREPA's representative) filed the Withdrawal Motion, arguing that by seeking to have the O&M Agreement declared null and void, the Complaint violates the automatic stay imposed by section 362(a)(3) of the Bankruptcy Code, as incorporated by section 301(a) of PROMESA. (Withdrawal Mot. ¶¶ 1, 23, 25, 27-28.) The Complaint violates the automatic stay, the Oversight Board argues, because it seeks to "exercise control over property of the [debtor]," 11 U.S.C.A. § 362(a)(3) (Westlaw through P.L. 117-80), by seeking to invalidate PREPA's property interest in the O&M Agreement.[4] (Withdrawal Mot. ¶¶ 23, 27-28, 32.) The Oversight Board argues that the Court should therefore compel the Complaint's withdrawal under sections 105(a) and 362 of the Bankruptcy Code, as the Court did in its *Memorandum Order Granting Motion of Financial Oversight and Management Board Pursuant to Bankruptcy Code Sections 105(a) and 362 for Order Directing Ambac to Withdraw Complaint*. In re Fin. Oversight & Mgmt. Bd. for P.R., 494 F. Supp. 3d 95 (D.P.R. 2020) (the "Metropistas Order").

II.

DISCUSSION

Compelling the withdrawal of the Complaint is appropriate because, as relevant here, a debtor's "[c]ontract rights are among the property interests protected by [section 362(a)(3)]." Metropistas Ord., 494 F. Supp. 3d at 101. See also MMM Healthcare, Inc. v.

---

[4] Section 362(a)(3) of the Bankruptcy Code stays "any act to obtain possession of property of the [debtor] or of property from the [debtor] or to exercise control over property of the [debtor]." 11 U.S.C.A. § 362(a)(3) (Westlaw through P.L. 117-80).

Santiago (In re Santiago), 563 B.R. 457, 472 (Bankr. D.P.R. 2017); U.S. Bank Trust Nat'l Ass'n v. AMR Corp. (In re AMR Corp.), 730 F.3d 88, 103 (2d Cir. 2013) ("[I]t is well-established . . . that a debtor's contractual rights—including rights arising under post-petition contracts—are included in the property of his estate.") (quoting Slater v. Town of Albion (In re Albion Disposal, Inc.), 217 B.R. 394, 407-08 (W.D.N.Y. 1997)); 3 Collier on Bankruptcy ¶ 362.03[5][a] (Richard Levin & Henry J. Sommer eds., 16th ed. 2021) ("Executory contracts . . . are considered a form of property of the estate. As property of the estate, the debtor's interests in such contracts . . . are protected against termination or other interference that would have the effect of removing or hindering the debtor's rights in violation of section 362(a)(3).").[5]

Because PREPA's contract rights are among the property interests protected by section 362(a)(3) of the Bankruptcy Code, the relief sought in the Complaint violates the automatic stay by seeking to "exercise control over property of the [debtor]." 11 U.S.C.A. § 362(a)(3) (Westlaw through P.L. 117-80). The Civil Action is therefore void. See Soares v. Brockton Credit Union (In re Soares), 107 F.3d 969, 976 (1st Cir. 1997); I.C.C. v. Holmes Transp., Inc., 931 F.2d 984, 987 (1st Cir. 1991) ("Judicial actions and proceedings, as well as extrajudicial acts, in violation of the automatic stay, are generally void and without legal effect.").

Plaintiff's argument that the automatic stay is inapplicable because the Complaint is not seeking to control PREPA's property but is instead seeking to clarify Puerto Rican law and its consequences is a belated recharacterization that is contradicted by the Complaint, which

---

[5] Here, property of the estate means property of the debtor, with the consequence "that the reach of the automatic stay is broader in the PROMESA and municipal bankruptcy contexts than it is in the run-of-the-mill bankruptcy case." Gracia-Gracia v. Fin. Oversight & Mgmt. Bd. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 939 F.3d 340, 349 (1st Cir. 2019).

seeks injunctive and mandamus relief. (Senate President Opp. at 2, 4-7.) All of the relief sought in the Complaint, even the requested declaratory relief, would invalidate, nullify, and prevent any attempt to protect the O&M Agreement; the Complaint does not constitute a mere request for clarification about Puerto Rico law. (Compl. at 21-23.) See Lex Claims, LLC v. Fin. Oversight & Mgmt. Bd., 853 F.3d 548, 552 (1st Cir. 2017) ("[T]he stay applies to litigation seeking declaratory and injunctive relief at least where, as here, the express purpose of the lawsuit is to preclude the [debtor] from using its own funds as it sees fit."); In re Fin. Oversight & Mgmt. Bd. for P.R., 494 F. Supp. 3d 95, 103-04 (D.P.R. 2020) (effect of declaratory relief would violate the automatic stay).

Plaintiff attempts to distinguish the instant matter from the Metropistas Order on the basis that the Senate is not in a position to exercise control over or possession of PREPA's estate, but simply to seek a determination that there is no valid O&M Agreement in the first place. (Senate President Opp. at 6-7.) The Metropistas Order is on point, however, because the relief sought by Ambac in that context was "rescission," which would "oblige[] the return of the things which were the objects of the contract," Metropistas Ord., 494 F. Supp. 3d at 101-02 (quoting 31 L.P.R.A. § 3496), and would have the effect of completely unwinding and wiping out the contract, restoring the parties to pre-contractual positions. Metropistas Ord., 494 F. Supp. 3d at 102 (discussing Casanova v. Puerto Rican-American Ins. Co., 106 D.P.R. 689, 968 (P.R.

1978) ("Rescission of the contract, unlike cancellation, cancels it ab initio.")). That is the relief sought in the instant Complaint.[6]

Finally, the Senate President argues that the O&M Agreement never entered into effect because it was not properly recorded, and that therefore there is no property interest to which the automatic stay applies. (Senate President Opp. at 7-10.) The Complaint acknowledges, however, that "[t]he consequences of non-recordation or defective or inopportune recordation in the Registry range from the ineffectiveness of the contract against third parties to its possible nullity or cancellation." (Compl. ¶ 66.) On Plaintiff's own reading of the Registration Act, nullification is at the very most one possible consequence that may (but need not) result from a recordation failure. (Compl. ¶¶ 58, 66.) See 30 L.P.R.A. § 6034. See also Mendez Garcia v. Rushmore Loan Mgmt. Servs., Civil No. 17-2345 (ADC), 2018 WL 4677669, at *6 (D.P.R. Sept. 28, 2018) ("[U]nder Puerto Rico law, the existence or validity of legal ownership over real property does not depend on the owner's title being registered in the Property Registry of Puerto Rico.") It therefore does not inevitably follow from the authority on which Plaintiff relies that the O&M Agreement is void ab initio, and therefore the O&M Agreement constitutes property within the meaning of the automatic stay.

By seeking to exercise control over property of PREPA, the Complaint violates section 362(a)(3) of the Bankruptcy Code. The Court, which has authority under section 105(a)

---

[6] Plaintiff's reliance on In re Gull Air, Inc., 890 F.2d 1255, 1263 (1st Cir. 1989), for the proposition that post-petition proceedings and claims are not subject to the automatic stay under 11 U.S.C. § 362(a)(1), is misplaced. (Senate President Opp. at 5.) At issue here is an attempt to control property of PREPA's estate, which is subject to the stay under 11 U.S.C. § 362(a)(3), whereas subsection (a)(1) concerns the commencement or continuation of proceedings that could have been commenced prepetition. Because the O&M Agreement was entered into post-petition, on June 22, 2020, section 362(a)(1) of the Bankruptcy Code is wholly inapplicable, and so is In re Gull Air. See U.S. Bank Trust Nat'l Ass'n, 730 F.3d at 103.

of the Bankruptcy Code to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title," therefore orders Plaintiff to withdraw the Complaint in its entirety. 11 U.S.C.A. § 105(a) (Westlaw through P.L. 117-80).[7]

### III.

#### CONCLUSION

For the foregoing reasons, the Withdrawal Motion is granted. The Complaint is null and void, and the Senate President shall withdraw the Complaint no later than **February 14, 2022**. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Memorandum Order. This Memorandum Order resolves Docket Entry No. 2530 in Case No. 17-4780 and Docket Entry No. 9 in Adversary Proceeding No. 21-59. The Clerk of Court is directed to enter judgment accordingly, close Adversary Proceeding No. 21-59, and terminate all pending motions therein. The Clerk of Court is directed to file a copy of this Memorandum Order in Case Nos. 17-3283 and 17-4780, as in Adversary Proceeding No. 21-59.

SO ORDERED.

Dated: February 7, 2022

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

---

[7] The foregoing determination that Plaintiff must withdraw his Complaint obviates the need to reach the merits of the Motion to Remand, since nothing will remain of the Complaint that could be subject to remand. The Motion to Remand is therefore denied.