Dear Judge TaylerSwain,
2/2/22

Reference Puerto Rico bond creditor numbers 179215 and 179204 (Elaine Lynn Irrevocable Trust and Melvin Lynn revocable Trust)

My name is Melvin Lynn and I am writing you because I and my deceased wife Elaine Lynn are creditors on numerous Puerto Rico bonds. My wife and I started buying the bonds when we were in our early years (1940 -1950) when we were looking to save money in a conservative manner for our growing family. We purchased the bonds with funds we both worked for. My wife was a school teacher and I was an engineer. We earned every investment dollar by working and saving for our golden years and our children's education. It was hard work to save, we did not take fancy vacations and my wife worked thru the summer vacations. The objective was to provide for our family and save for our future needs.

When we purchased the PR bonds they were considered good quality and high ratings. Little did we suspect that the bonds would fall into terrible conditions due to poor management who stole funds and lined their pockets. The bonds subsequently lost their high ratings and fell into bankruptcy. Our saving plans were in shambles. The bonds were virtually worthless and we were left with bonds to low in value for us to sell and insufficient to count on for recovery. We continued working and saving hoping for a recovering miracle. No one bailed us out and when the bonds matured they went into default and stopped paying the interest promised. My wife died in 2010 worrying about our future and our children's education.

I have read the arguments by the debtors on the subject of payment to my wife's and my bond holdings based upon the late response to the court's notification. What a very poor argument that is not substantiated by fact. I have been advised by council that bond holders need not submit proof of claim although I have submitted brokerage bond records on our bond holdings many times at each request. It's always the same data showing when we purchased the bonds and name of the brokerage company that held them. The data on the bonds never changed, the date of purchase the owners name and number of bonds. Further the argument that lateness of response is a terrible reason to deny a claimant compensation for a lifetime of work and savings.

Dear judge Swain, based upon the above arguments, I beseech you to reject the fallacious arguments of the debtors and look kindly to award those funds associated with my bonds to me and my wife's estate.

Sincerely yours,

*Melvin Lynn*

Melvin Lynn

7562 Granville Drive

Tamarac, FL 33321

(954) 663-0891

Dear Judge Taylor Swain,

2/2/22

Reference Puerto Rico bond creditor numbers 1792 15 and 135204 [Elaine Lynn Irrevocable [...] and Melvin Lynn revocable Trust.

My name is [...] Lynn and I am writing you because I and my deceased wife Elaine Lynn are creditors of numerous Puerto Rico bonds. My wife and I started buying the bonds when we were in our early years (1980-1985) when we were looking to save money in a conservative manner. For our growing family. We purchased the bonds with funds we both worked for. My wife was a school teacher and I was an engineer. We earned every investment dollar by working and saving for our golden years and our children's education. It was hard work to save, we did not take fancy vacations and my wife worked thru the summer vacations. The objective was to save for our kids and our retirement years.

When we purchased the PR bonds they were considered good quality and high ratings. Little did we suspect that the bonds would fall into terrible conditions due to poor management who stole funds and lined their pockets. The bonds subsequently lost their high ratings and fell into bankruptcy. Our saving plans were in shambles. The bonds were virtually worthless and we were left with little to no low in value for us to sell and insufficient to count on for recovery. We continued working and saving hoping for a recovering miracle. No one bailed us out and when the bonds matured they went into default and stopped paying the interest promised. My wife died in 2019 worrying about our future and our children's education.

I have read the arguments by the debtors on the subject of payment to my "wife" and my bond holdings based upon the late response to the court's notification. What a very poor argument that is not substantiated by fact. I have been advised by council that bonds holders need not submit proof of [...] although I have submitted brokerage bond records on our bond holdings many times in each court visit. It's always the same data showing when we purchased the bonds and name of the brokerage company that held them. The names of the bonds never changed, the date of purchase, the owner's name and numbers of bonds [...] how can they (debtors) now refuse payment which would be total compensation for a lifetime of work and savings.

Dear Judge Swain, based upon the above arguments, I hope you will reject the debtor's arguments of the debtors and look kindly toward those funds associated with my bonds, to me and my wife's estate.

Sincerely yours,

Melvin Lynn

756 Granville Drive

Tacoma, WA 98321

(954) 603-0801

melynuman@aol.com