IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of:<br><br>THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEE'S RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY<br><br>Debtors | PROMESA<br>Title III<br><br>Case No. 17-bk-3283 (LTS)<br><br>(Jointly Administered)[1] |

**QUALIFIED OBJECTION
TO MOTION FOR STAY PENDING APEAL**

TO THE HONORABLE COURT:

COMES NOW **Finca Matilde, Inc.** ("Finca Matilde"), a creditor in the captioned

case, whom, through the undersigned legal counsel, very respectfully state, pray, and

submits this qualified objection to the *Teachers' Associations Motion for Stay Pending*

*Appeal regarding Order and Judgment of the Commonwealth of Puerto Rico, The*

*Employee Retirement System of the Commonwealth of Puerto Rico, and the Puerto Rico*

*Public Building Authority* ("Motion for Stay") [Docket No. 19969] filed by Federación de

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 35(787)66-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

Maestros de Puerto Rico, Inc., Grupo Magisterial Educadores(as) por la Democracia, Unidad, Cambio, Militancia y Organización Sindical, Inc., and Unión Nacional de Educadores y Trabajadores de la Educación, Inc., (collectively "Teachers' Associations"), for the reasons stated herein below:

1.      On February 1, 2022, the Teachers' Associations moved this Honorable Title III Court to stay the execution of the confirmed Plan of Adjustment, the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* ("Plan") [Docket No. 19784]. Finca Matilde is an inverse condemnation creditor whose condemnation judgment remains unpaid since 2011. Finca Matilde has a strong interest in the quick implementation of the Plan since, pursuant to the confirmed Plan, Finca Matilde will be paid on the effective date. If the execution of the Plan is stayed Finca will be prejudiced, as well as the public in general because all Eminent Domain and Inverse Condemnation claims will continue to accrue post-petition interests. Therefore, unless an equitable remedy can be furnished, Finca Matilde opposes to any request for stay on appeal for the reasons expressed below.

2.      A decision to stay a proceeding pending an appeal is governed by Bankr. Rule 8007. Upon a motion to stay, the Court is to consider four factors in exercising its discretion: (1) whether movant will suffer irreparable harm or injury absent a stay; (2) whether the movant has demonstrated a substantial possibility of success on appeal; (3) whether the other party will suffer injury if a stay is issued; and (4) how the public interest may be affected. *See* ACC Bondholder Group v. Adelphia Communications Corp. (In re: Adelphia Comm. Corp.), 361 B.R. 337, 346 (Bankr. S.D.N.Y. 2007).

3.      With respect to the third factor, movant of stay must show that the non-moving party will not suffer substantial harm if the stay is granted. "In other words, the moving party must show that the balance of harms tips in favor of granting the stay. This

2

factor is the other side of the coin to irreparable harm. The court must measure the harm to the non-movant and balance the harm incurring to all parties." In re: Simpson, 2018 Bankr. Lexis 1211 (Bankr. D. VT. 2018) [Internal citations were omitted]. Here, movants assert that there will be no harm because a stay on appeal will only maintain the status quo. Yet, the status quo burdens creditors who, like Finca Matilde, have not been paid in years.

4.      The fourth factor, "public interest", means "1. [t]he general welfare of the public that warrants recognition and protection. 2. Something in which the public as a whole has a stake; esp[*ecially*]. an interest that justifies governmental regulation." Black's Law Dictionary (7th Deluxe Ed. 1999). Therefore, in its analysis of this prong, the Court is to analyze the effect of the stay in light of "public as a whole" or the "general welfare of the public". "This factor calls for the court to weigh the public interest in the matter, and to consider and balance the goal of efficient case administration and the right to a meaningful review on appeal." In re Taub, 2010 Bankr. Lexis 3458 (Bankr. E.D.N.Y. 2010). The "public interest" factor, as opposed to a showing of irreparable harm, does not behoove movant's private wellbeing. "The public interest is "promoted by effective case management by this Court." In re Taub, 2010 Bankr. Lexis 3458 (Bankr. E.D.N.Y. 2010). Yet, "[a] stay is an intrusion into the ordinary processes of administration and judicial review, and accordingly is not a matter of right, even if irreparable injury might otherwise result to the appellant. The parties and the public, while entitled to both careful review and meaningful decision, are also generally entitled to prompt execution or orders that the legislature has made final." Nken v. Holder, 556 U.S. 418, 431 (2009) [citations were omitted]. That is why, unless a showing is made that a specified portion should remain in abeyance for a specified time, Courts must respect the congressional purpose that the judicial machinery move on. See Ga. Jewelers, Inc. v. Bulova Watch Co., 302 F.2d

3

362, 370 (5th Cir. 1962). Thus, "[t]he interests of creditors are a significant determinant of the public interest in a bankruptcy case." In re Taub, 2010 Bankr. Lexis 3458 (Bankr. E.D.N.Y. 2010).

5.      In this case, the harms to creditors who expect to receive payments on their claims and the public interest tilt the balance towards denying a stay on appeal. Nonetheless, a equitable remedy can be furnished by this Court to stay part of the Plan and allow for payments of Eminent Domain/Inverse Condemnation Claims.

6.      "Bankruptcy is indeed a specialized branch of law and jurisdiction". Ga. Jewelers, Inc. v. Bulova Watch Co., 302 F.2d 362, 362 (5th Cir. 1962). Bankruptcy courts are courts of equity and apply the principles and rules of equity jurisprudence. Young v. United States, 535 U.S. 43, 50 (2002). As equitable tribunals, such courts may that apply equitable principles in the administration of bankruptcy proceedings." Cybergenics Corp. v. Chinery, 330 F.3d 548, 567 (3d Cir. 2003) (*en banc*).

7.      The Teachers' Associations appealed and seek reversion of a specific part of the Plan that deals with preemption of retirement laws of Puerto Rico which, according to movants, affects the execution of part of the plan, the payment of retirees. In the case of Eminent Domain/Inverse Condemnation Claims, the Court already determined that such cannot be impaired or discharged, according to the testimony submitted by the Oversight Board and their argumentation at the confirmation hearing, the funds to pay such claims will come from other sources.

8.      Therefore, Finca Matilde submits that – pursuant to this Court's equitable powers – the Court can grant stay without affecting Eminent Domain/Inverse Condemnation Claimant's right to be paid in full. If, however, the Court concludes that this equitable relief is not possible, Finca Matilde moves the Court to deny stay on appeal.

**WHEREFORE**, Finca Matilde requests that this Honorable Title III Court entertains the instant motion and the Teachers' Association request for stay on appeal be denied, unless an equitable remedy can be furnished so that Finca Matilde is not affected.

**I HEREBY CERTIFY**, that on this I electronically filed the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system, which will send electronic notification to all participants.

**RESPECTFULLY SUBMITED,**

In San Juan, Puerto Rico, this 9th day of February of 2022.

**ISABEL FULLANA-FRATICELLI & ASSOCS., P.S.C.**
The Hato Rey Center Bldg.
268 Ave. Ponce de León Ste. 1002
San Juan, Puerto Rico 00918
Telephone: (787) 250-7242
Facsimile: (787) 756-7800

/s/Isabel M. Fullana
USDCPR No. 126802
ifullana@gaflegal.com

/s/Eduardo J. Capdevila
USDCPR No. 302713
ecapdevila@gaflegal.com