**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*

          Debtors.[1]

-------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

## <u>SUPPLEMENTAL CERTIFICATE OF SERVICE</u>

I, Xavi Flores, depose and say that I am employed by Prime Clerk LLC ("***Prime Clerk***"), the solicitation, notice, and claims agent for the Debtors in the above-captioned cases under Title III of the Puerto Rico Oversight, Management, and Economic Stability Act (PROMESA).

On February 2, 2022, at my direction and under my supervision, employees of Prime Clerk caused the following document to be served via First Class Mail on the Supplemental Service List attached hereto as **Exhibit A**:

- Notice of (I) Approval of Disclosure Statement, (II) Establishment of Record Dates, (III) Hearing on Confirmation of the Plan of Adjustment and Procedures for Objection to Confirmation of the Plan of Adjustment, (IV) Procedures and Deadline for Voting on the Plan of Adjustment and Making Certain Elections Thereunder, a copy of which is attached hereto as **Exhibit B**

- Notice of Entry of Order Establishing Preliminary Confirmation Submission and Discovery Procedures, and Directing Notice to Creditors of the Same, a copy of which is attached hereto as **Exhibit C**

- Order Establishing Procedures and Deadlines Concerning Objections to Confirmation

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

and Discovery in Connection Therewith [Docket No. 17640]

On February 2, 2022, at my direction under my supervision, employees of Prime Clerk caused the following document to be served via First Class Mail on the parties identified on the Supplemental Service List attached hereto as **Exhibit D**:

- Notice of (I) Rulings the Oversight Board Requests at Confirmation Hearing Regarding Act 53-2021 and (II) Deadlines for Objections attached hereto as **Exhibit E**

- Notificación de (I) Decisiones Solicitadas por la Junta de Supervisión en la Vista de Confirmación con Respecto a la ley 53-2021 Y (II) Fecha Límite Para la Presentación de Objeciones attached hereto as **Exhibit F**

Dated: February 8, 2022

                                                    */s/ Xavi Flores*
                                                    Xavi Flores

State of New York
County of New York

Subscribed and sworn (or affirmed) to me on February 8, 2022, by Xavi Flores, proved to me on the bases of satisfactory evidence to be the person who executed this affidavit.

*/s/ Liz Santodomingo*
Notary Public, State of New York
No. 01SA6301250
Qualified in New York County
Commission Expires April 14, 2022

SRF 59550

## Exhibit A

Exhibit A

Supplemental Service List

Served via First Class Mail

| MMLID | NAME | ADDRESS 1 | CITY | STATE | POSTAL CODE |
|---|---|---|---|---|---|
| 2449169 | Josue I Padilla Costoso | Address on File | | | |
| 759699 | TROPICAL AUTO IMPORT | PO BOX 800322 | COTO LAUREL | PR | 00780-0322 |
| 759700 | TROPICAL AUTO PAINT | P O BOX 800322 | COTO LAUREL | PR | 00780-0322 |

In re: The Commonwealth of Puerto Rico, et al.

Case No. 17-03283 (LTS)                                    Page 1 of 1

**<u>Exhibit B</u>**

SRF 59550

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, THE<br>EMPLOYEES RETIREMENT SYSTEM OF THE<br>GOVERNMENT OF THE COMMONWEALTH OF<br>PUERTO RICO, AND THE PUERTO RICO PUBLIC<br>BUILDINGS AUTHORITY,<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**NOTICE OF (I) APPROVAL OF DISCLOSURE
STATEMENT, (II) ESTABLISHMENT OF RECORD DATES,
(III) HEARING ON CONFIRMATION OF THE PLAN OF ADJUSTMENT
AND PROCEDURES FOR OBJECTION TO CONFIRMATION OF THE PLAN OF
ADJUSTMENT, (IV) PROCEDURES AND DEADLINE FOR VOTING ON THE
<u>PLAN OF ADJUSTMENT AND MAKING CERTAIN ELECTIONS THEREUNDER</u>**

---

**VOTING AND ELECTION DEADLINE:** <u>**5:00 p.m. (AST) on October 4, 2021**</u>

**OBJECTION DEADLINE:** <u>**5:00 p.m. (AST) on October 19, 2021**</u>

**CONFIRMATION HEARING:** <u>**November 8 – 10, 12, 15 – 18, and 22 - 23, 2021 at 9:30 a.m. (AST)**</u>

If you have any questions regarding this notice, please contact Prime Clerk LLC by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@primeclerk.com.

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.     *Approval of Disclosure Statement.*   By order, dated August 2, 2021 [ECF No. 17639] (the "Disclosure Statement Order"), the United States District Court for the District of Puerto Rico (the "Court") approved the adequacy of the information contained in the *Disclosure Statement for the Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, dated July 30, 2021 (as the same may be amended or modified, including all exhibits and attachments thereto, the "Disclosure Statement"), filed by the Financial Oversight and Management Board on behalf of the Debtors, and authorized the Debtors to solicit votes with respect to the acceptance or rejection of the *Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, dated July 30, 2021 (as the same may be amended or modified, including all exhibits and supplements thereto, the "Plan").[2]

> **You may obtain a hard copy of the Plan and Disclosure Statement, including Spanish translations thereof, by contacting the Balloting Agent, Prime Clerk LLC:**
>
> **Telephone (10:00 a.m. to 7:00 p.m. (AST)) (Spanish available):**
> **(844) 822-9231 (toll free for U.S. and Puerto Rico)**
> **(646) 486-7944 (for international callers)**
>
> **Email: puertoricoinfo@primeclerk.com**
>
> Alternatively, electronic copies of the Disclosure Statement and Plan are available by visiting https://cases.primeclerk.com/puertorico/.

2.     Pursuant to the Disclosure Statement Order, the Debtors will mail materials needed for voting on the Plan or making elections on distributions thereunder (the "Solicitation Package") to holders Claims in the following Classes (collectively, the "Voting Classes"):

|                                    | Class   |
|------------------------------------|---------|
| Vintage PBA Bond Claims            | Class 1 |
| Vintage PBA Bond Claims (Assured)  | Class 2 |

---

[2] All capitalized terms used but not otherwise defined shall have the meanings given to such terms in the Plan.

|  | Class |
|---|---|
| Vintage PBA Bond Claims (National) | Class 3 |
| Vintage PBA Bond Claims (Ambac) | Class 4 |
| Vintage PBA Bond Claims (FGIC) | Class 5 |
| Vintage PBA Bond Claims (Syncora) | Class 6 |
| Retail Vintage PBA Bond Claims | Class 7 |
| 2011 PBA Bond Claims | Class 8 |
| Retail 2011 PBA Bond Claims | Class 9 |
| 2012 PBA Bond Claims | Class 10 |
| Retail 2012 PBA Bond Claims | Class 11 |
| PBA/DRA Secured Claims | Class 12 |
| PBA General Unsecured Claims | Class 13 |
| PBA/DRA Unsecured Claims | Class 14 |
| Vintage CW Bond Claims | Class 15 |
| Retail Vintage CW Bond Claims | Class 16 |
| Vintage CW Bond Claims (Assured) | Class 17 |
| Vintage CW Bond Claims (National) | Class 18 |
| Vintage CW Bond Claims (Ambac) | Class 19 |
| Vintage CW Bond Claims (FGIC) | Class 20 |
| Vintage CW Bond Claims (Syncora) | Class 21 |
| Vintage CW Guarantee Bond Claims | Class 23 |
| Vintage CW Guarantee Bond Claims (Assured) | Class 24 |
| Vintage CW Guarantee Bond Claims (National) | Class 25 |
| Vintage CW Guarantee Bond Claims (Ambac) | Class 26 |
| Vintage CW Guarantee Bond Claims (FGIC) | Class 27 |
| Vintage CW Guarantee Bond Claims (Syncora) | Class 28 |
| 2011 CW Bond Claims | Class 30 |
| Retail 2011 CW Bond Claims | Class 31 |
| 2011 CW Bond Claims (Assured) | Class 32 |
| 2011 CW Guarantee Bond Claims | Class 34 |
| 2011 CW Series D/E/PIB Bond Claims | Class 36 |
| 2011 CW Series D/E/PIB Bond Claims (Assured) | Class 37 |
| Retail 2011 CW Series D/E/PIB Bond Claims | Class 38 |
| 2012 CW Bond Claims | Class 40 |
| Retail 2012 CW Bond Claims | Class 41 |
| 2012 CW Bond Claims (Assured) | Class 42 |
| 2012 CW Guarantee Bond Claims | Class 44 |
| 2014 CW Bond Claims | Class 46 |
| Retail 2014 CW Bond Claims | Class 47 |
| 2014 CW Guarantee Bond Claims | Class 49 |

|  | Class |
|---|---|
| Retired JRS Participant Below-Threshold Claims | Class 51B |
| Retired ERS Participant Above-Threshold Claims | Class 51D |
| Retired JRS Participant Above-Threshold Claims | Class 51E |
| Retired TRS Participant Above-Threshold Claims | Class 51F |
| Active ERS Participant Claims | Class 51G |
| Active JRS Participant Claims | Class 51H |
| Active TRS Participant Claims | Class 51I |
| VTP Payroll Participant Above-Threshold Claims | Class 51L |
| AFSCME Claims | Class 52 |
| Dairy Producer Claims | Class 53 |
| Eminent Domain Claims | Class 54 |
| Med Center Claims | Class 56 |
| CW General Unsecured Claims | Class 58 |
| CW/HTA Claims | Class 59 |
| CW/Convention Center Claims | Class 60 |
| CW/PRIFA Rum Tax Claims | Class 61 |
| CW/MBA Claims | Class 62 |
| ERS Bond Claims | Class 65 |
| ERS General Unsecured Claims | Class 66 |
| Federal Claims | Class 69 |

3.      ***Confirmation Hearing.***  A hearing to consider confirmation of the Plan (the "Confirmation Hearing") will be held before The Honorable Laura Taylor Swain, in via telephonic hearing through CourtSolutions on **November 8 – 10, 12, 15 – 18, and 22 - 23, 2021 at 9:30 a.m. (Atlantic Standard Time)**.

4.      The Confirmation Hearing may be continued from time to time by the Court or the Oversight Board, without further notice or through adjournments announced in open court or as indicated in any notice of agenda of matters scheduled for hearing filed with the Court, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, in accordance with the modification provisions of the Plan and Local Rule 3016-2, without further notice to interested parties.

5.      *Plan Confirmation Depository*.  Information relating to confirmation of the Plan is available online in the Plan Confirmation Depository at titleiiiplandataroom.com.

6.      *Confirmation Objection Deadline.*  The Court has established **5:00 p.m. (Atlantic Standard Time) on October 19, 2021** (the "Confirmation Objection Deadline") as the deadline to file objections or responses to confirmation of the proposed Plan.

7.      *Objections and Responses to Confirmation.*  Objections and responses to confirmation of the Plan must:

  a.  Be in writing, in English, and signed;

  b.  State the name, address, and nature of the Claim of the objecting or responding party;

  c.  State with particularity the basis and nature of any objection or response and include, where appropriate, proposed language to be inserted in the Plan to resolve any such objection or response;

  d.  Be filed electronically with the Court on the docket of *In re Commonwealth of Puerto Rico*, Case No. 17 BK 3283-LTS, through the Court's case filing system in searchable portable document format **on or before October 19, 2021 at 5:00 p.m. (Atlantic Standard Time)**.

      i.  If you are <u>not</u> an attorney who is a registered user of the Court's case filing system, you may instead mail your objection to the Court's Clerk's office at:

          United States District Court, Clerk's Office
          150 Ave. Carlos Chardon Ste. 150,
          San Juan, P.R. 00918-1767

          so as to be received **on or before October 19, 2021 at 5:00 p.m. (Atlantic Standard Time)**, and

  e.  Be served upon the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: In re: Commonwealth of Puerto Rico) so as to be received on or before the Final Confirmation Objection Deadline.

8.      *Participation in Confirmation Discovery*.  If you wish to participate in discovery in connection with confirmation of the Plan, you must file a notice of your intention to participate

in discovery (a "<u>Discovery Notice</u>"), a form of which is available at
https://cases.primeclerk.com/puertorico/.  If you file your Discovery Notice on or before **August
15, 2021**, you may be granted access to documents in the Plan Depository, where information and
documents concerning the Plan are kept, and will also be able to serve your own discovery
requests.  If you file your Discovery Notice **after August 15, 2021, but on or before October 19,
2021**, you may be granted access to documents in the Plan Depository.  Please note that access to
the information in the Plan Depository may also require complying with the Debtors' access
requirements.

       9.     You must submit the Discovery Notice in the form provided on the Title III Case
website above, which must:

     a.  Be in writing, in English, and be signed;

     b.  State your name, address, the nature of your Claim, and your Claim number;

     c.  State your intention to participate in discovery in connection with confirmation
of the Plan; and

     d.  Be filed electronically with the Court on the docket using the CM/ECF docket
event Notice of Intent to Participate in Discovery for Commonwealth Plan
Confirmation, in *In re Commonwealth of Puerto Rico,* Case No. 17 BK 3283-
LTS, through the Court's case filing system on or before the applicable
deadline.

           i.  If you are <u>not</u> represented by counsel, you may instead mail your
Discovery Notice to the Court's Clerk's office at:

United States District Court, Clerk's Office
150 Ave. Carlos Chardon Ste. 150
San Juan, P.R. 00918-1767

so as to be received on or before the applicable deadline.

      10.    **You must timely file a Discovery Notice to participate in discovery in
connection with confirmation of the Plan**.  Failure to timely file a Discovery Notice, however,
will <u>not</u> preclude you from filing an objection to confirmation of the Plan on or before the

Confirmation Objection Deadline, but will preclude you from being able to view documents in the Plan Depository, and from taking discovery.

11.    ***Discovery Timetable and Deadlines***.    The Court has established the following discovery dates and deadlines, which are applicable to the Debtors and to other parties in interest who have timely filed a Discovery Notice and are eligible to participate in discovery:[3]

| Summary of Certain Deadlines | |
|---|---|
| August 3, 2021 | Deadline for the Debtors to file a preliminary fact witness list and topics about which each witness will testify ("Debtors' Preliminary Fact Witness List"). |
| | Deadline for the Debtors to file an opening summary brief explaining what the Debtors expect to prove at confirmation. |
| August 6, 2021 | Opening date for all parties to serve initial requests for production of non-depository documents ("Initial Production Requests"). Creditors and parties in interest may serve Initial Production Requests only following their filing of a Notice of Intent to Participate in Discovery (as defined below). Responses and objections to such Initial Production Requests shall be served within seven (7) days of service of such Requests. |
| August 15, 2021 | Deadline for Eligible Creditors and parties in interest to file a "Notice of Intent to Participate in Discovery," also known as a "Discovery Notice." Only parties who file a timely Notice of Intent to Participate in Discovery can propound discovery, but failure to do so does not preclude a party from objecting to confirmation of the Plan. |
| September 6, 2021 | Deadline for Eligible Creditors to file a preliminary fact witness list and topics about which each witness is expected to testify (an "Eligible Creditor's Preliminary Fact Witness List"). |
| | Deadline for all parties to serve opening expert disclosures ("Opening Expert Disclosures"). |
| September 13, 2021 | Deadline for all parties to serve opening expert reports ("Opening Expert Reports"). |
| | Deadline for all parties to serve initial notices of deposition, topics and requested times for depositions ("Initial Notices of Deposition") (all parties are limited to seven (7)-hour time limit for depositions). Subsequent notices are allowed provided discovery is completed within time allowed. |
| September 30, 2021 | Deadline for all parties to file *Daubert* motions and motions *in limine*. |
| October 1, 2021 | Deadline for all parties to serve up to fifteen (15) interrogatories ("Interrogatories"), including subparts. Responses and objections to such Interrogatories shall be served within ten (10) days of service of such Interrogatories. |

---

[3]    All of the dates and procedures set forth in this notice are subject to change by further Court order.

| Summary of Certain Deadlines | |
|---|---|
| **October 4, 2021** | Deadline for all parties to serve rebuttal expert disclosures ("<u>Rebuttal Expert Disclosures</u>"). |
| | Deadline for all parties to file any follow-up requests for production ("<u>Follow-Up Production Requests</u>," and collectively with Initial Production Requests, "<u>Production Requests</u>"). |
| **October 8, 2021** | Deadline for all parties to file rebuttal expert reports ("<u>Rebuttal Expert Reports</u>"). |
| | Deadline for the Debtors to file an initial proposed order in support of confirmation of the Plan (the "<u>Initial Proposed Confirmation Order</u>"). |
| **October 11, 2021** | Deadline for all parties to serve requests for admission, limited to authentication of documents ("<u>Admission Requests</u>"). |
| | Completion of fact discovery (the "<u>Fact Discovery Deadline</u>"). |
| **October 15, 2021** | Deadline for all parties to file oppositions to *Daubert* motions and motions *in limine*. |
| **October 18, 2021** | Completion of expert discovery (the "<u>Expert Discovery Deadline</u>"). |
| **October 19, 2021** | Deadline for Eligible Creditors to file objections to confirmation of the Plan ("<u>Objections</u>"). |
| | Deadline to file Notice of Intent to Participate in Discovery or Discovery Notice for Eligible Creditors who solely want access to documents in the Plan Depository. |
| **October 22, 2021** | Deadline for Eligible Creditors to file objections to the Initial Proposed Confirmation Order. |
| | Deadline for all parties to file finalized witness lists, exhibit lists and deposition designations. |
| | Deadline for all parties to file replies to *Daubert* motions and motions *in limine*. |
| **October 25, 2021** | Deadline for all parties to file witness declarations to be used at the Confirmation Hearing ("<u>Witness Declarations</u>"). |
| | Deadline for Debtors to file initial proposed findings of fact and conclusions of law in support of confirmation of the Plan (the "<u>Initial Findings of Fact and Conclusions of Law</u>"). |
| **October 27, 2021** | Deadline for Debtors to file Replies in Support of the Proposed Confirmation Order, and for Debtors to file Replies to Objections to Confirmation of the Plan. |
| **October 30, 2021** | Deadline for all parties to serve counter-designations, objections to deposition designations, or objections to exhibit lists. |
| **November 1, 2021** | Virtual hearing on motions *in limine*. |
| **November 8, 2021** | Start of Confirmation Hearing. |

12.     ***Voting Record Date.*** The voting record date is **July 13, 2021** (the "Voting Record Date"), which is the date for determining which holders of Claims in Voting Classes (except Bond Classes,[4] Class 51, and Class 52) are entitled to vote on the Plan. Therefore, only those creditors in a Class entitled to vote on the Plan and holding Claims against the Debtors (except in the Bond Classes, Class 51, and Class 52) as of the Voting Record Date are entitled to vote on the Plan.

13.     ***Voting Deadline.*** The deadline for voting on the Plan is on **October 4, 2021, at 5:00 p.m. (Atlantic Standard Time)**, unless such time is extended (the "Voting Deadline"). ***You are not required to vote on the Plan to receive distributions pursuant to the terms of the Plan, if confirmed by the Court, and provided you hold an Allowed Claim.***

14.     If you received a Solicitation Package, including a Ballot or Notice and intend to vote on the Plan, you ***must***: (a) follow the instructions carefully; (b) complete ***all*** of the required information on the Ballot (as applicable); and (c) either (i) execute and return your completed Ballot according to and as set forth in detail in the voting instructions included in the Solicitation Package so that your Ballot is ***actually received*** by the Debtors' solicitation agent, Prime Clerk (the "Balloting Agent") on or before the Voting Deadline, or (ii) instruct your broker or nominee (each, a "Nominee") to electronically deliver your bonds via the Automated Tender Offer Program ("ATOP") at The Depository Trust Company ("DTC") in accordance with your desire to vote to accept or reject the Plan on or before the Voting Deadline. ***Failure to follow such instructions may disqualify your vote.***

15.     ***Election Deadline***. The deadline for holders of eligible Bond Claims that have the right to make an election of the form of distributions under the Plan to make such election is on

---

[4]   For the avoidance of doubt, because holders of Claims in the Bond Classes must submit their vote and/or election through DTC's Automated Tender Offer Platform, the Voting Record Date shall not apply to the Bond Classes, and the holder of the applicable security at the time of tender shall be eligible to cast a vote and/or make an election.

**October 4, 2021, at 5:00 p.m. (Atlantic Standard Time)**, unless such time is extended (the "Election Deadline"). If you received a Notice with an option to make an election, you **must**: (a) follow the instructions carefully; and (b) deliver **all** of the required information according to and as set forth in detail in the election instructions so that it is received by your Nominee in sufficient time for your Nominee to **actually effectuate** your election through DTC's ATOP on or before the Election Deadline.

16.     ***Parties in Interest Not Entitled to Vote.*** Creditors in the following Classes are deemed to reject the Plan and not entitled to vote:

- Class 63 (CW Appropriations Claims), and
- Class 64 (CW 510(b) Subordinated Claims).

17.     Creditors in the following Classes are deemed to accept the Plan and not entitled to vote, but will receive distributions pursuant to the terms of the Plan, if confirmed by the Court:

- Class 51A (Retired ERS Participant Below-Threshold Claims),
- Class 51C (Retired TRS Participant Below-Threshold Claims),
- Class 51J (System 2000 Participant Claims),
- Class 51K (VTP Payroll Participant Below-Threshold Claims),
- Class 55 (Energy Incentive Claims),
- Class 57 (Tax Credit Claims),
- Class 67 (Gracia-Gracia Claims), and
- Class 68 (Convenience Claims).

18.     If a Claim is listed on the Debtors' list of creditors [Case No. 17-3283, ECF Nos. 1215, 1316, 2582, 10708] as contingent, unliquidated, or disputed and a proof of claim was not (i)

filed by the earlier of the applicable bar date for the filing of proofs of claim established by the Court or the Voting Record Date (as applicable); or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, such Claim shall not be entitled to vote to accept or reject the Plan. Proofs of claim filed for $0.00 or Claims that have been expunged by order of the Court are also not entitled to vote.

19.     If you are in Classes 63 or 64, or have timely filed a proof of claim and disagree with the Debtors' classification of, objection to, or request for estimation of your Claim and believe you should be entitled to vote on the Plan, you must serve the Debtors and the U.S. Trustee (address listed in paragraph 7(e) above) and file with the Court (with a copy to Chambers) a motion (a "Rule 3018(a) Motion") for an order pursuant to Rule 3018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") temporarily allowing your Claim in a different amount or in a different Class for purposes of voting to accept or reject the Plan. All Rule 3018(a) Motions must be filed on or before the tenth (10th) day after the later of (i) service of this Confirmation Hearing Notice and (ii) service of notice of an objection or request for estimation, if any, as to such Claim. In accordance with Bankruptcy Rule 3018(a), as to any to any creditor filing a Rule 3018(a) Motion, such creditor's Ballot will not be counted except as may be otherwise ordered by the Court prior to the Voting Deadline (**October 4, 2021 at 5:00 p.m. (Atlantic Standard Time)**). Creditors may contact the Balloting Agent (i) via first class mail or via overnight courier, at Puerto Rico Ballot Processing, C/O Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, (ii) by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or (iii) by email at puertoricoinfo@primeclerk.com, to receive an appropriate Ballot for any Claim for which a proof of claim has been timely filed and a Rule 3018(a) Motion

has been granted.  Rule 3018(a) Motions that are not timely filed and served in the manner set forth herein shall not be considered.

20.     If you wish to have your Claim temporarily allowed for voting purposes pursuant to Bankruptcy Rule 3018(a), a form of Rule 3018(a) motion together with instructions for filing and serving the motion is available at https://cases.primeclerk.com/puertorico/.

21.     ***Parties Who Will Not Be Treated as Creditors***.  Any holder of a Claim that (i) is scheduled in the List of Creditors at $0.00 and is not the subject of a timely filed proof of Claim or a proof of claim deemed timely filed with the Court pursuant to either the Bankruptcy Code or any order of the Court, or otherwise deemed timely filed under applicable law, or (ii) is not scheduled and is not the subject of a timely filed proof of claim or a proof of claim deemed timely filed with the Court pursuant to either the Bankruptcy Code or any order of the Court, or otherwise deemed timely filed under applicable law, shall not be treated as a creditor with respect to such Claim for purposes of (a) receiving notices regarding the Plan, and (b) voting on the Plan.

22.     ***Additional Information***.  Any party in interest wishing to obtain information about the solicitation procedures or copies of the Disclosure Statement or the Plan, including Spanish translations thereof, should contact the Balloting Agent, Prime Clerk LLC, by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@primeclerk.com, or may view such documents by accessing either https://cases.primeclerk.com/puertorico/ or the Court's website, https://www.prd.uscourts.gov/. Please note that a Public Access to Court Electronic Records ("PACER") (http://www.pacer.psc.uscourts.gov) password and login are needed to access documents on the Court's website.

23.     *Bankruptcy Rules 2002(c)(3) and 3016(c)).*  In accordance with Bankruptcy

Rules 2002(c)(3) and 3016(c), set forth below are the release, exculpation, and injunction

provisions contained in the Plan:

<u>**Section 92.2 – Discharge and Release of Claims and Causes of Action**</u>:

(a)     Except as expressly provided in the Plan or the Confirmation Order, all distributions and rights afforded under the Plan shall be, and shall be deemed to be, in exchange for, and in complete satisfaction, settlement, discharge and release of, all Claims or Causes of Action against the Released Parties that arose, in whole or in part, prior to the Effective Date, relating to the Title III Cases, the Debtors or Reorganized Debtors or any of their respective Assets, property, or interests of any nature whatsoever, including any interest accrued on such Claims from and after the Petition Date, and regardless of whether any property will have been distributed or retained pursuant to the Plan on account of such Claims or Causes of Action. Upon the Effective Date, the Debtors and Reorganized Debtors shall be deemed discharged and released from any and all Claims, Causes of Action and any other debts that arose, in whole or in part, prior to the Effective Date (including prior to the Petition Date), and Claims of the kind specified in sections 502(g), 502(h) or 502(i) of the Bankruptcy Code and PROMESA Section 407, whether or not (a) a proof of claim based upon such Claim is filed or deemed filed under section 501 of the Bankruptcy Code, (b) such Claim is allowed under section 502 of the Bankruptcy Code and PROMESA Section 407 (or is otherwise resolved), or (c) the holder of a Claim based upon such debt voted to accept the Plan. For the avoidance of doubt, nothing contained herein or in the Confirmation Order shall release, discharge or enjoin any claims or causes of action against PREPA arising from or related to PREPA-issued bonds, including, without limitation, Monoline-issued insurance pertaining thereto, and PREPA is not releasing any claims or causes of action against any non-Debtor Entity. Claims and causes of action against PREPA arising from or related to PREPA-issued bonds, and releases against PREPA and its assets shall be addressed in PREPA's Title III case, including, without limitation, any plan of adjustment therein.

(b)     Except as expressly provided in the Plan or the Confirmation Order, all Entities shall be precluded from asserting any and all Claims against the Debtors and Reorganized Debtors, and each of their respective Assets, property and rights, remedies, Claims or Causes of Action or liabilities of any nature whatsoever, relating to the Title III Cases, the Debtors or Reorganized Debtors or any of their respective Assets and property, including any interest accrued on such Claims from and after the Petition Date, and regardless of whether any property will have been distributed or retained pursuant to the Plan on account of such Claims or other obligations, suits, judgments, damages, debts, rights, remedies, causes of action or liabilities. In accordance with the foregoing, except as expressly provided in the Plan or the Confirmation Order, the Confirmation Order shall constitute a judicial determination, as of the Effective Date, of the discharge and release of all such Claims, Causes of Action or debt of or against the Debtors and the Reorganized Debtors pursuant to sections 524 and 944 of the Bankruptcy Code, applicable to the Title III Case pursuant to Section 301 of PROMESA, and such discharge shall void and extinguish any judgment obtained against the Debtors or Reorganized Debtors and their respective Assets, and property at any time, to the extent such

judgment is related to a discharged Claim, debt or liability. As of the Effective Date, and in consideration for the value provided under the Plan, each holder of a Claim in any Class under this Plan shall be and hereby is deemed to release and forever waive and discharge as against the Debtors and Reorganized Debtors, and their respective Assets and property and all such Claims.

(c)     Notwithstanding any other provisions of this Section 92.2, in accordance with the provisions of the GO/PBA Plan Support Agreement, each of the GO/PBA PSA Creditors and their respective Related Persons, solely in their capacity as Creditors of the Debtors, shall (i) be deemed to have released and covenanted not to sue or otherwise pursue or seek to recover damages or to seek any other type of relief against any of the Government Releasees based upon, arising from or relating to the Government Released Claims or any of the Claims or Causes of Action asserted or which could have been asserted, including, without limitation, in the Clawback Actions and the Lift Stay Motions, and (ii) not directly or indirectly aid any person in taking any action with respect to the Government Released Claims that is prohibited by this Section 92.2.

(d)     <u>SEC Limitation</u>.  Notwithstanding anything contained herein or in the Confirmation Order to the contrary, no provision shall (i) preclude the SEC from enforcing its police or regulatory powers, or (ii) enjoin, limit, impair or delay the SEC from commencing or continuing any claims, causes of action, proceedings or investigations against any non-debtor person or non-debtor entity in any forum.

(e)     <u>United States Limitation</u>.  Notwithstanding anything contained herein or in the Confirmation Order to the contrary, no provision shall (i) impair the United States, its agencies, departments, or agents, or in any manner relieve the Debtors or the Reorganized Debtors, as the case may be, from compliance with federal laws or territorial laws and requirements implementing a federally authorized or federally delegated program protecting the health, safety, and environment of persons in such territory, (ii) expand the scope of any discharge, release, or injunction to which the Debtors or the Reorganized Debtors are entitled under Title III, and (iii) discharge, release, enjoin, or otherwise bar (A) any liability of the Debtors or the Reorganized Debtors to the United States arising from and after the Effective Date, (B) any liability to the United States that is not a Claim, (C) any affirmative defense or any right of setoff or recoupment of the United States, the Debtors or the Reorganized Debtors, as the case may be, and such rights of setoff and recoupment of such parties are expressly preserved, (D) the continued validity of the obligations of the United States, the Debtors or the Reorganized Debtors, as the case may be, under any United States grant or cooperative assistance agreement, (E) the Debtors' or the Reorganized Debtors' obligations arising under federal police or regulatory laws, including, but not limited to, laws relating to the environment, public health or safety, or territorial laws implementing such federal legal provisions, including, but not limited to, compliance obligations, requirements under consent decrees or judicial orders, and obligations to pay associated administrative, civil, or other penalties, and (F) any liability to the United States on the part of any non-debtor. Without limiting the foregoing, nothing contained herein or in the Confirmation Order shall be deemed (i) to determine the tax liability of any Entity, including, but not limited to, the Debtors and the Reorganized Debtors, (ii) to be binding on the IRS with regard to the federal tax liabilities, tax status, or tax filing and withholding obligations of any entity, including, but not limited to, the Debtors and the Reorganized Debtors, (iii) to release, satisfy, discharge, or enjoin the collection of any claim of the IRS against any

14

Entity other than the Debtors and the Reorganized Debtors, and (iv) to grant any relief to any Entity that the Court is prohibited from granting the Declaratory Judgment Act, 28 U.S.C. § 2201(a), or the Tax Anti-Injunction Act, 26 U.S.C. § 7421(a).

(f) <u>Underwriter Actions</u>. Notwithstanding anything contained herein or in the Confirmation Order to the contrary, including, without limitation, Sections 92.2, 92.3 and 92.11 of the Plan, except as may be precluded pursuant to the provisions of PROMESA, nothing in the Plan, the Confirmation Order or any Plan-related document set forth in the Plan Supplement is intended, nor shall it be construed, to impair, alter, modify, diminish, prohibit, bar, restrain, enjoin, release, reduce, eliminate or limit the rights of the plaintiffs and defendants, including, without limitation, the parties to the Underwriter Actions, from asserting their respective rights, claims, causes of action or defenses in the Underwriter Actions, including, but not limited to, any Claims, defenses, Causes of Action, and rights of setoff or recoupment (to the extent available).

### Section 92.3 – Injunction on Claims:

Except as otherwise expressly provided in the Plan, the Confirmation Order or such other Final Order of the Title III Court that may be applicable, all Entities who have held, hold or may hold Claims or any other debt or liability that is discharged or released pursuant to Section 92.2 hereof or who have held, hold or may hold Claims or any other debt or liability that is discharged or released pursuant to Section 92.2 hereof are permanently enjoined, from and after the Effective Date, from (a) commencing or continuing, directly or indirectly, in any manner, any action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) of any kind on any such Claim or other debt or liability that is discharged pursuant to the Plan against any of the Released Parties or any of their respective assets or property, (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order against any of the Released Parties or any of their respective assets or property on account of any Claim or other debt or liability that is discharged pursuant to the Plan, (c) creating, perfecting, or enforcing any encumbrance of any kind against any of the Released Parties or any of their respective assets or property on account of any Claim or other debt or liability that is discharged pursuant to the Plan, and (d) except to the extent provided, permitted or preserved by sections 553, 555, 556, 559, or 560 of the Bankruptcy Code or pursuant to the common law right of recoupment, asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from any of the Released Parties or any of their respective assets or property, with respect to any such Claim or other debt or liability that is discharged pursuant to the Plan. Such injunction shall extend to all successors and assigns of the Released Parties and their respective assets and property.

### Section 92.5 – Releases by the Debtors and Reorganized Debtors:

Except as otherwise expressly provided in the Plan or the Confirmation Order, on the Effective Date, and for good and valuable consideration, each of the Debtors and Reorganized Debtors, the Disbursing Agent and each of the Debtors' and Reorganized Debtors' Related Persons shall be deemed to have and hereby does irrevocably and unconditionally, fully, finally and forever waive, release, acquit, and discharge the Released Parties from any and all Claims or Causes of Action that the Debtors, Reorganized Debtors, and the Disbursing Agent, or any of them, or anyone claiming through them, on their behalf or for their benefit, have or may have or

15

claim to have, now or in the future, against any Released Party that are Released Claims or otherwise are based upon, relate to, or arise out of or in connection with, in whole or in part, any act, omission, transaction, event or other circumstance relating to the Title III Cases or the Debtors taking place or existing on or prior to the Effective Date, and/or any Claim, act, fact, transaction, occurrence, statement, or omission in connection therewith or alleged or that could have been alleged, including, without limitation, any such Claim, demand, right, liability, or cause of action for indemnification, contribution, or any other basis in law or equity for damages, costs or fees.

### Section 92.6 – Injunction Related to Releases:

As of the Effective Date, all Entities that hold, have held, or may hold a Released Claim that is released pursuant to Section 92.5 of the Plan, are, and shall be, permanently, forever and completely stayed, restrained, prohibited, barred and enjoined from taking any of the following actions, whether directly or indirectly, derivatively or otherwise, on account of or based on the subject matter of such discharged Released Claims: (i) commencing, conducing or continuing in any manner, directly or indirectly, any suit, action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) in any forum; (ii) enforcing, attaching (including, without limitation any prejudgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order; (iii) creating, perfecting or in any way enforcing in any matter, directly or indirectly, any Lien; (iv) setting off, seeking reimbursement or contributions from, or subrogation against, or otherwise recouping in any manner, directly or indirectly, any amount against any liability or obligation owed to any Entity released under Section 92.5 hereof; and (v) commencing or continuing in any manner, in any place or any judicial, arbitration or administrative proceeding in any forum, that does not comply with or is inconsistent with the provisions of the Plan or the Confirmation Order. For the avoidance of doubt, the following stipulations will terminate upon the entry of the Confirmation Order: the Fourth Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transpiration Authority Regarding the Tolling of Statute of Limitations and Consent Order [Case No. 173283-LTS, ECF No. 15854], as amended; and the Fourth Amended Stipulation and Consent Order Between Title III Debtors (Other Than COFINA) and the Puerto Rico Fiscal Agency and Financial Advisory Authority Acting on Behalf of the Governmental Entities Listed on Appendix "B" Regarding the Tolling of Statute of Limitations [Case NO. 17-3283-LTS, ECF No. 17394], as amended.

### Section 92.7 – Exculpation:

(a)      Government Parties: The Oversight Board, AAFAF, the Debtors, and each of their respective Related Persons, solely acting in its capacity as such at any time up to and including the Effective Date, shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Cases, the formulation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan; provided, however, that the foregoing provisions of this Section 89.7 shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have

constituted intentional fraud or willful misconduct. Nothing in the foregoing provisions of this Section 89.7(a) shall prejudice the right of any of the Government Parties, and the Government Parties' officers and directors serving at any time up to and including the Effective Date, and each of their respective professionals to assert reliance upon advice of counsel as a defense with respect to their duties and responsibilities under the Plan.

(b)      PSA Creditors:  Each of the PSA Creditors solely in its capacity as a party to the GO/PBA Plan Support Agreement and/or the HTA/CCDA Plan Support Agreement and a Creditor and/or insurer, as applicable, from the Petition Date up to and including the Effective Date and each of their respective Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Cases, mediation, the negotiation, formation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, the GO/PBA Plan Support Agreement, the HTA/CCDA Plan Support Agreement, the Definitive Documents, or any other contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan; provided, however, that the foregoing provisions of this Section 92.7(b) shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct.

(c)      Retiree Committee:  Each of the members of the Retiree Committee, solely in its capacity as a member of the Retiree Committee and a Creditor, as applicable, from the Petition Date up to and including the Effective Date and each of the Retiree Committee's Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Cases, the formation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, the Retiree Committee Plan Support Agreement, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan and the Retiree Committee Plan Support Agreement; provided, however, that, the foregoing provisions of this Section 92.7(c) shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct.

(d)      Creditors' Committee:  Each of the members of the Creditors' Committee, solely in its capacity as a member of the Creditors' Committee, and the Creditors' Committee, from the Petition Date up to and including the Effective Date and each of the Creditors' Committee's Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Cases, the formation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan; provided, however, that the foregoing provisions of this Section 92.7(d) shall not affect the liability of any Entity that would otherwise result from any such act or omission to the extent such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct.

(e)     <u>AFSCME</u>:  Each of AFSCME solely  in its capacity as a party to the
AFSCME Plan  Support  Agreement and a Creditor, as applicable,  from the Petition  Date up to
and including  the Effective  Date and each of their respective Related Persons shall not have or
incur any liability  to any Entity  for any act taken or omitted  to be taken in connection with the
Title III Cases, the formation,  preparation,  dissemination,  implementation,  confirmation  or
approval of the Plan or any compromises or settlements contained therein,  the Disclosure
Statement, the AFSCME Plan Support  Agreement, or any contract, instrument, release or other
agreement or document  provided  for or contemplated  in connection with the consummation  of
the transaction set forth in the Plan and the AFSCME Plan Support  Agreement; <u>provided</u>,
<u>however</u>, that, the foregoing  provisions  of this Section 89.7(e) shall not affect the liability  of any
Entity  that otherwise would result from any such act or omission  to the extent that such act or
omission  is determined  in a Final Order to have constituted  intentional  fraud or willful
misconduct.

(f)     <u>Monoline  Insurers</u>:  Ambac, Assured, FGIC, National, Syncora, and their
Related Persons shall not have or incur any liability  to any Entity  for any act taken or omitted  to
be taken consistent with the Plan or in connection  with the formulation,  preparation,
dissemination,  implementation,  acceptance, confirmation  or approval of the Plan, including,
without  limitation,  in connection with the treatment of Ambac Insured Bond Claims,  Assured
Insured Bond Claims,  FGIC Insured Bond Claims,  National Insured Bond Claims,  or Syncora
Insured Bond Claims,  the voting  procedures, the election procedures, and any release of
obligations  under the applicable  Ambac Insurance Policies, Assured Insurance Policies, FGIC
Insurance Policies, National Insurance Policies,  or Syncora Insurance Policies: <u>provided</u>,
<u>however</u>, that, notwithstanding  anything  contained herein to the contrary, the terms and
provisions  of the Plan shall not, and shall not be construed to, release or exculpate, with respect
to any beneficial  holder of Ambac Insured Bonds, Assured Insured Bonds, FGIC Insured Bonds,
National Insured Bonds, or Syncora Insured Bonds any payment obligation  under the applicable
Ambac Insurance Policy,  Assured Insurance Policy,  FGIC Insurance Policy,  National Insurance
Policy,  or Syncora Insurance Policy in accordance with its terms solely  to the extent of any
failure of such holder to receive the Ambac Treatment, Assured Treatment, FGIC Treatment,
National Treatment, or Syncora Treatment, as applicable  (or any claims that Ambac, Assured,
FGIC, National, or Syncora may have against a beneficial  holder of respective insured bonds
with respect to Ambac's, Assured's, FGIC's, National's or Syncora's applicable  obligations
under the Ambac Insurance Policies, Assured Insurance Policies, National Insurance Policies, or
Syncora Insurance Policies,  as applicable).

### Section 92.8 – Appointments Related Litigation:

Notwithstanding  anything  contained herein to the contrary, in the event that a Final Order
is entered in connection with the Appointments  Related Litigation  or the Uniformity  Litigation
subsequent to entry of the Confirmation  Order, in consideration of the distributions  made, to be
made, or deemed to be made in accordance with the terms and provisions  of the Plan and
documents and instruments  related hereto, all Creditors or such other Entities receiving,  or
deemed to have received, distributions  pursuant to or as a result of the Plan, consent and agree
that such Final Order shall not in any way or manner reverse, affect or otherwise modify  the
transactions contemplated  in the Plan and the Confirmation  Order, including,  without  limitation,
the releases, exculpations  and injunctions  provided  pursuant to Article XCII of the Plan.

18

### Section 92.9 – Bar Order:

To the limited extent provided in the Plan, each and every Entity is permanently enjoined, barred and restrained from instituting, prosecuting, pursuing or litigating in any manner any and all Claims, demands, rights, liabilities, or causes of action of any and every kind, character or nature whatsoever, in law or in equity, known or unknown, direct or derivative, whether asserted or unasserted, against any of the Released Parties, based upon, related to, or arising out of or in connection with any of the Released Claims, confirmation and consummation of the Plan, the negotiation and consummation of the GO/PBA Plan Support Agreement, or any claim, act, fact, transaction, occurrence, statement or omission in connection with or alleged or that could have been alleged in the Title III Cases, including, without limitation, any such claim, demand, right, liability or cause of action for indemnification, contribution, or any other basis in law or equity for damages, costs or fees incurred arising directly or indirectly from or otherwise relating to the Title III Cases, either directly or indirectly by any Person for the direct or indirect benefit of any Released Party arising from or related to the claims, acts, facts, transactions, occurrences, statements or omissions that are, could have been or may be alleged in the related actions or any other action brought or that might be brought by, through, on behalf of, or for the benefit of any of the Released Parties (whether arising under federal, state or foreign law, and regardless of where asserted).

### Section 92.11 – Supplemental Injunction:

Notwithstanding anything contained herein to the contrary, except to the limited extent provided in the Plan, all Entities, including Entities acting on their behalf, who currently hold or assert, have held or asserted, or may hold or assert, any Released Claims against any of the Released Parties based upon, attributable to, arising out of or relating to the Title III Cases or any Claim against the Debtors, whenever and wherever arising or asserted, whether in the United States or anywhere else in the world, whether sounding in tort, contract, warranty, statute, or any other theory of law, equity or otherwise, shall be, and shall be deemed to be, permanently stayed, restrained and enjoined from taking any action against any of the Released Parties for the purpose of directly or indirectly collecting, recovering or receiving any payment or recovery with respect to any Released Claims arising prior to the Effective Date (including prior to the Petition Date), including, but not limited to:

(a)     Commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Released Claim against any of the Released Parties or the assets or property of any Released Party;

(b)     Enforcing, attaching, collecting or recovering, by any manner or means, any judgment, award, decree or order against any of the Released Parties or the assets or property of any Released Party with respect to any such Released Claim;

(c)     Creating, perfecting or enforcing any Lien of any kind against any of the Released Parties or the assets or property of any Released Party with respect to any such Released Claim;

        (d)     Except as otherwise expressly provided in the Plan or the Confirmation Order, asserting, implementing or effectuating any setoff, right of subrogation, indemnity, contribution or recoupment of any kind against any obligation due to any of the Released Parties or against the property of any Released Party with respect to any such Released Claim; and

        (e)     Taking any act, in any manner, in any place whatsoever, that does not conform to, or comply with, the provisions of the Plan or the Confirmation Order, provided, however, that the Debtors' compliance with the formal requirements of Bankruptcy Rule 3016 shall not constitute an admission that the Plan provides for any injunction against conduct not otherwise enjoined under the Bankruptcy Code.

Dated: August 2, 2021
      San Juan, Puerto Rico

Respectfully submitted,

/s/ Martin J. Bienenstock

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

/s/ Hermann D. Bauer

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

**<u>Exhibit C</u>**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, THE<br>EMPLOYEES RETIREMENT SYSTEM OF THE<br>GOVERNMENT OF THE COMMONWEALTH OF<br>PUERTO RICO, AND THE PUERTO RICO PUBLIC<br>BUILDINGS AUTHORITY,<br><br>                   Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**NOTICE OF ENTRY OF ORDER ESTABLISHING PRELIMINARY
CONFIRMATION SUBMISSION AND DISCOVERY PROCEDURES,
AND DIRECTING NOTICE TO CREDITORS OF THE SAME**

**THE COURT HAS DETERMINED THAT DISCOVERY IN CONNECTION WITH THE
CONFIRMATION HEARINGS ON THE DEBTORS' PROPOSED PLAN OF
ADJUSTMENT SHOULD BEGIN PROMPTLY, BEFORE COMPLETION OF THE
HEARING ON THE DEBTORS' MOTION FOR APPROVAL OF THE PROPOSED
DISCLOSURE STATEMENT REGARDING THE PROPOSED PLAN OF
ADJUSTMENT. THE DATES AND DEADLINES SET FORTH HEREIN MAY BE
ADJUSTED IF THE DISCLOSURE STATEMENT IS APPROVED AFTER JULY 30,
2021, AND ARE SUBJECT TO FURTHER REVISIONS BY COURT ORDER. THIS IS
NOT A SOLICITATION OF VOTES ON THE PROPOSED PLAN. YOU SHOULD
REVIEW THIS NOTICE.**

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last
four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth
of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481);
(ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS)
(Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority
("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808);
(iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS")
(Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico
Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal
Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-
LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case
numbers due to software limitations).

If you have any questions regarding this notice, please contact Prime Clerk LLC by telephone at
(844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers),
available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at
puertoricoinfo@primeclerk.com.

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      The Financial Oversight and Management Board has filed, on behalf of the Debtors,

the *Fifth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*,

dated July 12, 2021 [ECF No. 17306] (as the same may be amended or modified, including all

exhibits and supplements thereto, the "Plan").

2.      ***Status of Disclosure Statement Approval***.   The Court is presently considering

objections to the *Disclosure Statement for the Fifth Amended Title III Joint Plan of Adjustment of

the Commonwealth of Puerto Rico, et al.* (Docket Entry No. 17308 in Case No. 17-3283, and as

the same may be amended or modified, the "Disclosure Statement") filed by the Debtors, that

describes the Plan proposed for confirmation.   A further hearing to consider the sufficiency of the

Disclosure Statement is scheduled for July 27, 2021.   The Debtors have proposed that final

hearings on confirmation of the Plan take place in November 2021.  To facilitate the possibility of

consideration of confirmation of the Plan in 2021, the Court has determined that discovery

regarding confirmation issues must commence promptly and that it is appropriate to establish the

preliminary procedures for confirmation submissions and discovery that are set forth in this Notice.

The Court has entered an *Order Establishing Preliminary Confirmation Submission and Discovery

Procedures, and Directing Notice to Creditors of the Same,* which requires the Debtors to

distribute this Notice.  The Court's Order is filed at Docket Entry No. 17431 in Case No. 17-3283.

The Order establishes the following schedule for discovery and confirmation-related submissions.

3.      ***Deadline to File Notice of Intent to Participate in Discovery***.  If you wish to participate in discovery in connection with confirmation of the Plan, you must file a notice of your intention to participate in discovery (a "Discovery Notice"), and in the manner set forth in Attachment 1.  If you file your Discovery Notice on or before August 15, 2021, you may be granted access to documents in the Plan Depository, where information and documents concerning the Plan are kept, see Paragraph 8 below, and will also be able to serve your own discovery requests.  If you file your Discovery Notice after August 15, 2021, but on or before October 19, 2021, you may be granted access to documents in the Plan Depository.  Please note that access to the information in the Plan Depository may also require complying with the Debtors' access requirements.

4.      You must submit the Discovery Notice in the form set forth in Attachment 1, which must:

a.      Be in writing, in English, and be signed;

b.      State your name, address, the nature of your Claim, and your Claim number;

c.      State your intention to participate in discovery in connection with confirmation of the Plan; and

d.      Be filed electronically with the Court on the docket using the CM/ECF docket event Notice of Intent to Participate in Discovery for Commonwealth Plan Confirmation, in *In re Commonwealth of Puerto Rico,* Case No. 17 BK 3283-LTS, through the Court's case filing system on or before the applicable deadline.

i.      If you are not represented by counsel, you may instead mail your

Discovery Notice to the Court's Clerk's office at:
United States District Court, Clerk's Office
150 Ave. Carlos Chardon Ste. 150
San Juan, P.R. 00918-1767

so as to be received on or before the applicable deadline.

5.        **You must timely file a Discovery Notice to participate in discovery in connection with confirmation of the Plan**.  Failure to timely file a Discovery Notice, however, will <u>not</u> preclude you from filing an objection to confirmation of the Plan on or before the confirmation Objection Deadline (as defined below), but will preclude you from being able to view documents in the Plan Depository, and from taking discovery.

6.        *Discovery Timetable and Deadlines*.  The Court has established the following discovery dates and deadlines, which are applicable to the Debtors and to other parties in interest who have timely filed a Discovery Notice and are eligible to participate in discovery:[2]

| Summary of Certain Deadlines | |
|---|---|
| **August 3, 2021** | Deadline for Debtors to file Preliminary Fact Witness List |
| | Deadline for Debtors to file Opening Summary Brief |
| **August 6, 2021** | Opening date to serve Requests for Production of Documents (All Parties) |
| **August 15, 2021** | Deadline for Creditors to file Notice of Intent to Participate in Discovery in order to be eligible to access the Plan Depository and serve discovery requests |
| **September 6, 2021** | Deadline for Creditors to file Preliminary Fact Witness List |
| | Deadline to file Opening Expert Disclosures (All Parties) |
| **September 13, 2021** | Deadline to file Opening Expert Reports (All Parties) |
| **October 1, 2021** | Deadline to file Interrogatories (All Parties) |
| | Deadline to file Follow-Up Production Requests (All Parties) |
| **October 4, 2021** | Deadline to file Rebuttal Expert Disclosures (All Parties) |
| **October 8, 2021** | Deadline to file Rebuttal Expert Reports (All Parties) |
| | Deadline for Debtors to file Initial Proposed Confirmation Order |
| **October 11, 2021** | Deadline to file Admission Requests (All Parties) |
| | Close of Fact Discovery |

---

[2]        All of the dates and procedures set forth in this notice are subject to change by further Court order.

| Summary of Certain Deadlines | |
|---|---|
| **October 18, 2021** | Close of Expert Discovery |
| **October 19, 2021** | Deadline for Creditors to file Objections to Confirmation of the Plan |
| | Deadline for Creditors to file Notice of Intent to Participate in Discovery in order to access the Plan Depository |
| **October 22, 2021** | Deadline for Creditors to file Objections to Debtors' Initial Proposed Confirmation Order |
| | Deadline to file Finalized Witness Lists, Exhibit Lists and Deposition Designations (All Parties) |
| **October 25, 2021** | Deadline for Debtors to file Replies to Objections to Confirmation of the Plan |
| | Deadline to file Witness Declarations to be used at the Confirmation Hearing (All Parties) |
| | Deadline for Debtors to file Initial Proposed Findings of Fact and Conclusions of Law in Support of Confirmation of the Plan |
| **October 27, 2021** | Deadline for Debtors to file Replies in Support of Proposed Confirmation Order |
| **November 8, 2021** | Start of Confirmation Hearing |

7.      The dates and deadlines set forth herein may be adjusted if the Disclosure Statement is approved after July 30, 2021, and under such other circumstances as may be determined by the Court.  You will receive notices with additional information regarding further proceedings in connection with confirmation of the Plan after the Court makes its determination regarding the Disclosure Statement.

8.      ***Plan Confirmation Depository***.   Information and documents relating to confirmation of the Plan are available online in the Plan Confirmation Depository at titleiiiplandataroom.com.

9.      ***Additional Information***.  Any party in interest wishing to obtain copies of the Plan, including Spanish translations thereof, should contact Prime Clerk LLC, by telephone at (844)

822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers),

available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at

puertoricoinfo@primeclerk.com, or may view such documents by accessing either

https://cases.primeclerk.com/puertorico/ or the Court's website, https://www.prd.uscourts.gov/.

Please note that a Public Access to Court Electronic Records ("PACER")

(http://www.pacer.psc.uscourts.gov) password and login are needed to access documents on the

Court's website.

Dated:  July 20, 2021
       San Juan, Puerto Rico

Respectfully submitted,

*/s/ Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
Margaret A. Dale (*pro hac vice*)
Julia D. Alonzo (*pro hac vice*)
Laura Stafford (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036

*Attorneys for the Financial Oversight and
Management Board as representative for the
Debtors*

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813

*Co-Attorneys for the Financial Oversight and
Management Board as representative for the
Debtors*

# ATTACHMENT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

-------------------------------------------------------------------

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE COMMONWEALTH OF PUERTO RICO
et al.,

                    Debtors.[3]

-------------------------------------------------------------------

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

### NOTICE OF INTENT TO PARTICIPATE IN DISCOVERY FOR CONFIRMATION OF COMMONWEALTH PLAN OF ADJUSTMENT

**If this Notice is filed on or before August 15, 2021, you may be granted access to documents in the Plan Depository, where information and documents concerning the Plan are kept, and you will also be able to serve your own discovery requests. If you file this Notice after August 15, 2021, but on or before October 19, 2021, you may be granted access to documents in the Plan Depository, but you will not be able to serve your own discovery requests. Please note that access to the information in the Plan Depository may also require complying with the Debtors' access requirements. If this Notice is filed after October 19, 2021, you will not be permitted to participate in discovery. If you do not file this Notice, you will still be able to vote on the Plan, if you are otherwise qualified to vote.**

The party identified below (the "Participant") hereby advises the Debtors that it intends to participate in discovery in connection with confirmation of the Debtors' proposed Plan.

---

[3]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Participant must provide all of the information below **in English**:

1.    Participant's contact information, including email address, and that of its counsel, if any:

Participant's Name: _____

Participant's Address: _____

Participant's Email Address: _____

Name of Counsel: _____

Address of Counsel: _____

Email Address of Counsel: _____

2.    Participant's Claim number and the nature of Participant's Claim:

Claim Number: _____

Nature of Claim: _____

By:   _____
       Signature

       _____
       Print Name

       _____
       Title (if Participant is not an individual)

       _____
       Date

**<u>Instructions for Filing Notice of Participation</u>**:  If you are represented by counsel, this Notice must be filed electronically with the Court on the docket using the CM/ECF docket event Notice of Intent to Participate in Discovery for Commonwealth Plan Confirmation, in *In re Commonwealth of Puerto Rico,* Case No. 17 BK 3283-LTS, through the Court's case filing system on or before the applicable deadline.  If you are <u>not</u> represented by counsel, you may instead mail this Notice to the Court's Clerk's Office at:  United States District Court, Clerk's Office, 150 Ave. Carlos Chardon Ste. 150, San Juan, P.R. 00918-1767.

**<u>Exhibit D</u>**

Exhibit D

Supplemental Service List

Served via First Class Mail

| MMLID | NAME | ADDRESS 1 | CITY | STATE | POSTAL CODE |
|---|---|---|---|---|---|
| 2610912 | DAVILA ALICEA, CARMEN S | ADDRESS ON FILE | | | |
| 2616881 | GERENA FELICIANO, HAYLEEN N | ADDRESS ON FILE | | | |
| 2633606 | PACHECO MATIAS, MARTA | ADDRESS ON FILE | | | |
| 2367018 | PADRO RODRIGUEZ,CLARA | ADDRESS ON FILE | | | |
| 2646876 | ROSARIO ROLDAN, ARELIS | ADDRESS ON FILE | | | |

In re:  The Commonwealth of Puerto Rico, et al.

Case No. 17-03283 (LTS)                                    Page 1 of 1

**<u>Exhibit E</u>**

SRF 59550

# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, THE<br>EMPLOYEES RETIREMENT SYSTEM OF THE<br>GOVERNMENT OF THE COMMONWEALTH OF<br>PUERTO RICO, AND THE PUERTO RICO PUBLIC<br>BUILDINGS AUTHORITY,<br><br>                Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## NOTICE OF (I) RULINGS THE OVERSIGHT BOARD REQUESTS AT CONFIRMATION HEARING REGARDING ACT 53-2021 AND (II) DEADLINE FOR OBJECTIONS

**PLEASE TAKE NOTICE** that, on July 30, 2021, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA," and, together with the Commonwealth and ERS, the "Debtors") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] filed the *Seventh Amended Joint Title III Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 17627] (as amended, supplemented, or modified from time to time, the "Plan").[3]

---

[1]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]  PROMESA is codified at 48 U.S.C. §§ 2102–2241.

[3]  Capitalized terms used but not defined herein have the meanings given to them in the Plan.

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider confirmation of the Plan (the "Confirmation Hearing") will be held before the Honorable Judge Laura Taylor Swain, United States District Judge, via video and telephonic hearing, on **November 8–10, 12, 15–18, and 22–23, 2021 at 9:30 a.m. (Atlantic Time)**, to the extent the Confirmation Hearing is not earlier concluded.

**PLEASE TAKE FURTHER NOTICE** that, on October 26, 2021, the Governor of the Commonwealth of Puerto Rico signed Act 53-2021 into law. **PLEASE TAKE FURTHER NOTICE THAT THE OVERSIGHT BOARD WILL SEEK RULINGS AT THE CONFIRMATION HEARING THAT THE DEBT AUTHORIZATION IN ACT 53-2021 IS CONDITIONED ONLY ON THE PLAN'S CANCELLATION OF THE MONTHLY BENEFIT MODIFICATION (AS DEFINED IN THE PLAN), AND DOES NOT REQUIRE CANCELLATION OF (I) THE ELIMINATION OF COST OF LIVING ADJUSTMENTS AND/OR (II) FREEZES OF ACCRUAL OF DEFINED BENEFITS UNDER THE TEACHERS' RETIREMENT SYSTEM OR THE JUDICIARY RETIREMENT SYSTEM FROM AND  AFTER THE PLAN'S EFFECTIVE DATE.**

**PLEASE TAKE FURTHER NOTICE** that the Oversight Board's rationale for requesting the rulings set forth above are as follows:  (a) Section 104 of Act 53-2021, in pertinent part, provides:  "employees, it is hereby provided as follows:  "…The Legislative Assembly authorizes the issuance of the General Obligation Bonds and CVIs subject to the FOMB filing an amended Plan for confirmation by the Title III Court that eliminates the Monthly Benefit Modification…."  (b) Section 605 of Act 53-2021, in pertinent part, provides:  "…The effectiveness of this Law is conditioned to the FOMB filing an amended Plan for confirmation by the Title III Court that eliminates the Monthly Benefit Modification as defined in the Plan…."  (c) Article 102(qq) of Act 53-2021 refers to a definition of Monthly Benefit Modification, but Article 102 does not in its definitions refer to or define any of (i) defined benefits, (ii) cost of living adjustments, or (iii) freeze.  (d) A search of the English translation of Act 53-2021 did not locate any of the words or phrases defined benefit, cost of living, or freeze.  (e) The Statement of Motives in Act 53-2021 includes a sentence providing the law:  "includes zero cuts to pensions of current retirees and current accrued benefits of active public employees and a desire to promote the welfare of the people of Puerto Rico:"  By referring to zero cuts to current retirees and to "current accrued benefits of active public employees," the Oversight Board believes the statute very carefully protects current pension levels, but not subsequent levels that are cut off by the freeze of defined benefits.  (f) Freezing defined benefits saves billions of dollars during the certified fiscal plan and it is unlikely the Legislature would require elimination of such large savings without mentioning it by name.  By analogy, the United States Supreme Court has observed that Congress does not "hide elephants in mouseholes."  (*Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457, 468 (2001).  We  believe requiring the elimination of defined benefit accruals without mentioning them would be like hiding an elephant in a mousehole.  (g) Act 53-2021 includes a sentence in Article 605 providing:  "…The continued effect of this act is contingent upon cero cuts to pensions."  For all the foregoing reasons, the Oversight Board submits the only possible meaning of "cero cuts to pensions" is the elimination of the Monthly Benefit Modification, and does not mean the freeze of defined benefits or the cancellation of cost of living adjustments must be eliminated.

PLEASE TAKE FURTHER NOTICE that, on November 1, 2021, the Oversight Board filed the *Urgent Motion of the Financial Oversight and Management Board for Puerto Rico for Order (I) Approving form of Notice of Rulings the Oversight Board Requests at Confirmation Hearing Regarding Act 53-2021 and (II) Scheduling Objection Deadline* [ECF No. 19002] (the "Motion"), seeking Court approval of certain procedures and deadlines in connection with the Oversight Board's requested rulings described above.  A copy of Act 53-2021 is attached to the Motion as Exhibit B.  On November 2, 2021, the Court entered an order granting the Motion [ECF No. 19017] (the "Order").

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, any objections or responses to the Oversight Board's requested rulings shall (i) be in writing and signed; (ii) state the name, address, whether the objectant is a past or present employee or retiree of the Government, or any other standing for its objection; (iii) state clearly the rationale for the objection; (iv) be filed with the Court, together with proof of service, and served on the following parties so as to be actually received no later than the Objection Deadline, **November 12, 2021, at 5:00 p.m. (Atlantic Time)**: (a) counsel to the Oversight Board, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036, Attn: Martin J. Bienenstock and Brian S. Rosen, and (b) counsel to AAFAF, O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, New York, NY 10036, Attn: John J. Rapisardi, Peter Friedman, and Maria J. DiConza.

PLEASE TAKE FURTHER NOTICE that the deadline for filing replies in support of the Oversight Board's requested rulings is **November 15, 2021**.

PLEASE TAKE FURTHER NOTICE that copies of the Plan and all other documents filed in these Title III cases may be obtained by visiting the case website maintained by Prime Clerk LLC, https://cases.primeclerk.com/puertorico; by sending a request to Prime Clerk LLC, at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Time) (Spanish available), or by email at puertoricoinfo@primeclerk.com, or, for a fee, from the Court's website, https://www.prd.uscourts.gov.  A PACER login and password are required to access documents on the Court's website, and these can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov.

Dated:  November 2, 2021
      San Juan, Puerto Rico

Respectfully submitted,

/s/  Hermann D. Bauer

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

/s/  Martin J. Bienenstock

Martin J. Bienenstock
Brian. S. Rosen
(Admission *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

3

**<u>Exhibit F</u>**

SRF 59550

**TRIBUNAL DE DISTRITO DE ESTADOS UNIDOS**
**DISTRITO DE PUERTO RICO**

En el caso:

LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN
FINANCIERA PARA PUERTO RICO,

      como representante de

EL ESTADO LIBRE ASOCIADO DE PUERTO RICO, EL
SISTEMA DE RETIRO DE LOS EMPLEADOS DEL
GOBIERNO DEL ESTADO LIBRE ASOCIADO DE
PUERTO RICO Y LA AUTORIDAD DE EDIFICIOS
PÚBLICOS DE PUERTO RICO,

                            Deudores.[1]

Título III de PROMESA

Núm. 17 BK 3283-LTS

(Con administración conjunta)

---

**NOTIFICACIÓN DE (I) DECISIONES SOLICITADAS POR LA JUNTA**
**DE SUPERVISIÓN EN LA VISTA DE CONFIRMACIÓN**
**CON RESPECTO A LA LEY 53-2021 Y (II) FECHA LÍMITE PARA LA PRESENTACIÓN DE**
**OBJECIONES**

---

      **NOTIFÍQUESE** que, el 30 de julio de 2021, La Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como representante exclusivo para el Título III del Estado Libre Asociado de Puerto Rico (el "Estado Libre Asociado"), el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("SRE"), y la Autoridad de Edificios Públicos de Puerto Rico ("AEP"), y, junto con el Estado Libre Asociado y el SRE, los "Deudores") de conformidad con la Sección 315(b) de la *Ley de Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radicó el *Séptimo Plan de Ajuste Enmendado de Título III del Estado Libre Asociado de Puerto Rico, y otros.* [ECF Núm. 17627] (con sus enmiendas, complementos o modificaciones periódicas, el "Plan").[3]

---

[1]   Los Deudores en estos Casos del Título III, junto con el número de caso de Título III respectivo de cada Deudor y los últimos cuatro (4) dígitos del número de identificación fiscal federal de cada Deudor, según corresponda, son (i) el Estado Libre Asociado (ELA) de Puerto Rico (Caso de Quiebra Núm. 17-BK-3283- LTS) (Últimos cuatro dígitos del Número de identificación fiscal federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17-BK-3284-LTS) (Últimos cuatro dígitos del Número de identificación fiscal federal: 8474); (iii) la Autoridad de Carreteras y Transportación ("ACT") de Puerto Rico (Caso de Quiebra Núm. 17-BK-3567-LTS) (Últimos cuatro dígitos del Número de identificación fiscal federal: 3808); (iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("SRE") (Caso de Quiebra Núm. 17-BK-3566-LTS) (Últimos cuatro dígitos del Número de identificación fiscal federal: 9686); (iii) la Autoridad de Energía Eléctrica de Puerto Rico ("AEE") (Caso de Quiebra Núm. 17- BK-4780-LTS) (Últimos cuatro dígitos del Número de identificación fiscal federal: 3747); y (vi) la Autoridad de Edificios Públicos de Puerto Rico ("AEP") de Puerto Rico (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos del Número de identificación fiscal federal: 3801) (Los números de caso de Título III figuran como números de Caso de Quiebra debido a limitaciones del software).

[2]   PROMESA se encuentra codificada en 48 U.S.C. §§ 2102–2241.

[3]   Los términos en mayúscula que se usan pero que no se definen en el presente tendrán los significados que se les atribuyen en el Plan.

**NOTIFÍQUESE ASIMISMO** que se celebrará una vista para examinar la confirmación del Plan (la "Vista de confirmación") ante el Honorable Juez Laura Taylor Swain, Juez de Distrito de Estados Unidos, mediante comunicación de video y telefónica, el **8–10, 12, 15–18, y el 22–23 de noviembre de 2021 a las 9:30 a.m. (hora del Atlántico)**, en caso de que la Vista de Confirmación no concluya con anterioridad.

**NOTIFÍQUESE ASIMISMO** que el 26 de octubre de 2021, el Gobernador del Estado Libre Asociado de Puerto Rico promulgó la Ley 53-2021. **NOTIFÍQUESE ASIMISMO QUE LA JUNTA DE SUPERVISIÓN SOLICITARÁ EN LA VISTA DE CONFIRMACIÓN QUE SE EMITA UNA DECISIÓN PARA QUE LA AUTORIZACIÓN DE ENDEUDAMIENTO DE LA LEY 53-2021 TENGA COMO ÚNICA CONDICIÓN LA CANCELACIÓN EN EL PLAN DE LA MODIFICACIÓN DE LOS BENEFICIOS MENSUALES (TAL COMO SE DEFINEN EN EL PLAN), Y NO REQUIERA LA CANCELACIÓN DE (I) LA ELIMINACIÓN DE LOS AJUSTES POR EL COSTO DE VIDA Y/O (II) LOS CONGELAMIENTOS DEL DEVENGO DE BENEFICIOS DEFINIDOS CONFORME AL SISTEMA DE RETIRO DE MAESTROS O EL SISTEMA DE RETIRO DEL PODER JUDICIAL A PARTIR DE LA FECHA DE ENTRADA EN VIGOR DEL PLAN, INCLUSIVE.**

**NOTIFÍQUESE ASIMISMO** que los fundamentos para la solicitud de las decisiones antes mencionadas por la Junta de Supervisión son los siguientes: (a) la Sección 104 de la Ley 53-2021, en la parte pertinente, dice "los empleados, se dispone por el presente lo siguiente: "la Asamblea Legislativa autoriza la emisión de los Bonos de Obligaciones Generales y CVI sujeto a la radicación por parte de la Junta de Supervisión de un Plan enmendado para su confirmación por parte del Tribunal de Título III que elimina la Modificación del Beneficio Mensual..."; (b) la Sección 605 de la Ley 53-2021, en su parte pertinente, dispone: "... La vigencia de esta Ley tiene como condición la radicación por parte de la Junta de Supervisión de un Plan enmendado para su confirmación por parte del Tribunal de Título III que elimina la Modificación del Beneficio Mensual tal como se define en el Plan..."; (c) el Artículo 102(qq) de la Ley 53-2021 hace referencia a una definición de la Modificación del Beneficio Mensual, pero el Artículo 102 no se refiere en sus definiciones ni define ninguno de los (i) beneficios definidos, (ii) ajustes por el costo de vida, o (iii) congelamientos; (d) Una búsqueda en la traducción al inglés de la Ley 53-2021 no ha detectado ninguna mención a las frases o palabras "beneficio definido", "costo de vida" o "congelamiento"; (e) la Declaración de Motivos de la Ley 53-2021 incluye una frase que dispone que la ley "incluye cero recortes a las pensiones de los actuales retirados y los beneficios devengados actuales de empleados públicos en actividad y un deseo de promover el bienestar del pueblo de Puerto Rico". Ante la referencia a cero recortes para los retirados actuales y los "beneficios devengados actuales de empleados públicos en actividad", la Junta de Supervisión considera que la ley protege muy cuidadosamente los niveles actuales de pensiones, pero no los niveles subsiguientes que se ven recortados por el congelamiento de los beneficios definidos; (f) El congelamiento de beneficios definidos ahorra miles de millones de dólares durante el plan fiscal certificado y es improbable que la Legislatura requiera la eliminación de tales grandes ahorros sin mencionarlo específicamente. Por analogía, la Corte Suprema de Estados Unidos ha observado que el Congreso "no oculta elefantes en cuevas de ratones", (*Whitman c. Am. Trucking Ass'ns*, 531 U.S. 457, 458 (2001). Creemos que el requisito de la eliminación del devengo de beneficios definidos sin mencionarlos específicamente sería como ocultar un elefante en una cueva de ratones; (g) la Ley 53-2021 incluye una oración en el Artículo 605 que dispone "la continuación de la vigencia de esta ley dependerá de cero recortes en las pensiones". Por todas las razones que anteceden, la Junta de Supervisión sostiene que el único significado posible de "cero recortes a las pensiones" es la eliminación de la Modificación de Beneficios Mensuales, y no significa que el congelamiento de beneficios definidos ni la cancelación de los ajustes en el costo de vida deban ser eliminados.

**NOTIFÍQUESE ASIMISMO** que el 1 de noviembre de 2021, la Junta de Supervisión radicó la *Moción Urgente de la Junta de Supervisión y Administración Financiera para Puerto Rico para una Orden*

*que (I) apruebe la forma de Notificación de Decisiones solicitadas por la Junta de Supervisión en la Vista de Confirmación con respecto a la Ley 53-2021 y (II) establezca la Fecha Límite para Presentación de Objeciones* [ECF Núm. 19002] (la "Moción"), que procura obtener la aprobación del Tribunal para ciertos procedimientos y fechas límite en relación con las decisiones solicitadas por la Junta de Supervisión que se describen anteriormente. Se adjunta una copia de la Ley 53-2021 a la Moción como Anexo B. El 2 de noviembre de 2021, el Tribunal radicó una orden que concede la Moción [ECF Núm. 19017] (la "Orden").

**NOTIFÍQUESE ASIMISMO** que, de conformidad con la Orden, cualquier objeción o respuesta a las decisiones solicitadas por la Junta de Supervisión deberán (i) estar por escrito y firmadas; (ii) estipular el nombre, la dirección, si la persona que presenta las objeciones es un empleado actual o ex empleado o retirado del Gobierno, o si tiene alguna otra capacidad legal para presentar su objeción; (iii) formular claramente los fundamentos de la objeción; (iv) radicarse ante el Tribunal, junto con las pruebas de los servicios prestados y notificarse a las siguientes partes de manera tal que se reciba a más tardar en la Fecha Límite para la presentación de objeciones, **12 de noviembre de 2021, a las 5:00 p.m. (hora del Atlántico)**: (a) los abogados de la Junta de Supervisión, Proskauer Rose LLP, Eleven Times Square, Nueva York, NY 10036, Atn: Martin J. Bienenstock y Brian S. Rosen, y (b) los abogados de AAFAF, O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, Nueva York, NY 10036, Atn: John J. Rapisardi, Peter Friedman, y Maria J. DiConza.

**NOTIFÍQUESE ASIMISMO** que la fecha límite para la radicación de respuestas en respaldo de las decisiones solicitadas por la Junta de Supervisión es el **15 de noviembre de 2021**.

**NOTIFÍQUESE ASIMISMO** que las copias del Plan y todos los demás documentos radicados en estos casos de Título III pueden obtenerse visitando el sitio web del caso mantenido por Prime Clerk LLC, https://cases.primeclerk.com/puertorico; enviando una solicitud a Prime Clerk LLC, llamando al (844) 822-9231 (llamada gratuita en EE.UU. y Puerto Rico) o al (646) 486-7944 (para llamadas internacionales), de 10:00 a.m. a 7:00 p.m. (hora del Atlántico) (puede solicitarse hablar con alguien en español), o enviando un mensaje a puertoricoinfo@primeclerk.com, o, mediante el pago de un arancel, en el sitio web del Tribunal, https://www.prd.uscourts.gov. Se necesita tener un nombre de usuario y contraseña de PACER para acceder a los documentos en el sitio web del Tribunal y estos pueden obtenerse a través del Centro de Servicios de PACER en www.pacer.psc.uscourts.gov.

| | |
|---|---|
| Fecha: 2 de noviembre 2021<br>San Juan, Puerto Rico | Atentamente, |
| | */s/ Martin J. Bienenstock* |
| */s/ Hermann D. Bauer* | Martin J. Bienenstock |
| Hermann D. Bauer | Brian. S. Rosen |
| USDC Núm. 215205 | (Admisión *Pro Hac Vice*) |
| **O'NEILL & BORGES LLC** | **PROSKAUER ROSE LLP** |
| 250 Muñoz Rivera Ave., Suite 800 | Eleven Times Square |
| San Juan, PR 00918-1813 | Nueva York, NY 10036 |
| Tel: (787) 764- 8181 | Tel: (212) 969-3000 |
| Fax: (787) 753- 8944 | Fax: (212) 969- 2900 |
| *Coabogados de la Junta de Supervisión y* | *Abogados de la Junta de Supervisión y* |
| *Administración Financiera en representación de* | *Administración Financiera como representante de* |
| *los Deudores* | *los Deudores* |

3