IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CITY OF PRICHARD, ALABAMA,** | ) | BANKRUPTCY CASE NUMBER |
| | ) | 09-15000 |
| Debtor. | ) | |
| | ) | Chapter 9 Proceeding |
| | ) | |
| | ) | |

### ORDER CONFIRMING DEBTOR'S SIXTH AMENDED PLAN OF ADJUSTMENT OF DEBTS PURSUANT TO CHAPTER 9 OF THE BANKRUPTCY CODE

This matter came before the Court for confirmation of the City of Prichard's Revised Sixth Amended Plan of Adjustment (the "Plan"). Appearing at the hearing were R. Scott Williams, Suzanne Paul and C. Michael Smith on behalf of the Debtor; Lawrence B. Voit on behalf of Certain Retirees; Donald J. Stewart on behalf of Chambers, Daniels, Doss and Kennedy; Travis M. Bedsole, the United States Bankruptcy Administrator; Christopher Conte on behalf of the Mobile County Health Department; and Charles Potts on behalf of Mark Trenier.

At the hearing, the Objection to Confirmation and the Dissenting Ballot filed by Mark Trenier were withdrawn in open court. The remaining Objection of the Mobile County Health Department was withdrawn with the sole exception of the issue of feasibility. The Motion to Dismiss (Doc. 297) filed by Chambers, Daniels, Doss and Kennedy was withdrawn in open court. The Court accepted each of these withdrawals.

Based on the pleadings, the Court's judicial notice as set forth herein, the testimony of Cynthia K. Norwood, the evidence admitted in open court, the unopposed proffer by the counsel for the Debtor, and the arguments before the Court, the Court finds and

concludes that the Plan is due to be, and hereby is, CONFIRMED.

## CONFIRMATION OF THE CITY'S PLAN

The City of Prichard (the "City" or the "Debtor") having:

(a) filed its Petition for Relief on October 27, 2009 (the "Petition Date") in the United States Bankruptcy Court for the Southern District of Alabama (the "Bankruptcy Court"); and

(b) having published notice of its filing in the Mobile Register, and in addition, having mailed notice of the filing to its known creditors and parties in interest, as required by the Bankruptcy Code; and

(c) having, on January 24, 2014, filed a Sixth Amended Disclosure Statement and Sixth Amended Plan of Adjustment of the City's debts, as modified by Document 420 filed on May 14, 2014, and as supplemented and further modified by Document 424 filed on May 27, 2014; and

(d) having distributed solicitation materials consistent with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Rules of this Court, and the Order scheduling this Confirmation hearing; and

(e) having filed on June 26, 2014, the Report of the Plan voting process detailing the Ballots cast and the voting by Class; and

(f) having presented evidence, testimony and an uncontested proffer at the Confirmation Hearing in support of the Plan,

NOW, THEREFORE, it appearing to the Court that the notice to creditors and parties in interest of the Confirmation Hearing and

the opportunity to object to confirmation was adequate and appropriate as to all parties affected or to be affected by the Plan and the transactions thereunder, and the factual and legal bases set forth in the documents in support of confirmation having been properly admitted in open Court and in the record of this Court, and after due deliberation, and good cause appearing, the Court hereby makes the following Findings of Fact, Conclusions of Law and Orders:

### Jurisdiction, Venue and Related Matters

This Court has jurisdiction over this chapter 9 case pursuant to 28 U.S.C. §158, 1334 and the Order of Reference of the District Court. Venue of this proceeding is proper in this Court pursuant to 28 U.S.C. §§1408 and 1409. The Debtor is an entity eligible for relief under §109(c) of the Bankruptcy Code. The filing of this Chapter 9 case and the adjustment of debts under the Plan are authorized by the State of Alabama pursuant to <u>Code of Alabama 1975</u> §11-81-3. Confirmation of this Plan constitutes a core proceeding under 28 U.S.C. §157(b)(2).

### Judicial Notice

The Court takes judicial notice of, and considers admitted as evidence for the purposes of the Confirmation Hearing, the Plan, the Disclosure Statement, all exhibits thereto, all evidence and arguments made, proffered or advanced during the pendency of the case, and generally, the docket of this case including the documents on file, the orders entered, and the transcripts of any hearings. All resolutions of objections to confirmation on record

at the Confirmation Hearing are hereby incorporated by reference.

**Burden of Proof**

The Debtor has met its burden of proof of satisfying the confirmation requirements of §943(b) by a preponderance of the evidence, which the Court concludes to be the applicable evidentiary standard. *In Re Bamberg County Memorial Hospital*, 2012 Bankr. LEXIS 2321, *9 (Bankr. D.S.C. May 23, 2012); *In Re Mount Carbon Metro. Dist.*, 242 B.R. 18, 31 (Bankr. D. Colo. 1999). The Court finds and concludes that the Debtor met its burden of proof by presenting evidence of feasibility and the other §943(b) requirements.

**Notice, Solicitation and Acceptance**

On March 24, 2014, the Court entered an Order approving the Sixth Amended Disclosure Statement as containing adequate information upon which creditors could formulate a decision to accept or reject the Debtor's Plan.

On March 24, 2014, the Court entered an Order establishing deadlines for creditors and parties in interest to vote on the Plan, fixing the time for the Confirmation Hearing, and approving the form and notice of the Confirmation Hearing.

On May 14, 2014, as evidenced by the Certificate of Service filed by the City, due, adequate and sufficient notice of the Plan, the Disclosure Statement and the exhibits thereto, together with notice of all deadlines for voting on or objecting to the Plan, and the transactions contemplated thereby, has been given to all

classes entitled to vote on the Plan and all parties which had requested notice, in compliance with Bankruptcy Rules 2002(b), 3017 and 3020(b), and no other or further notice is due or shall be required.

Based on the record, the City, its officers, managers, employees, agents, attorneys and professionals have acted in good faith within the meaning of §1125(e) of the Code, the applicable Bankruptcy Rules, Local Rules, and applicable non-bankruptcy law in connection with their activities in this case under Chapter 9. The Debtor's activities in distributing the materials concerning this Plan and voting procedures, and in distributing solicitation packages were appropriate and in conformity with the procedures set forth in the Code, the Bankruptcy Rules, and were adequate and sufficient, and no other or further service is necessary or shall be required.

Prior to the Confirmation Hearing, the Debtor filed a Ballot Report. The procedures used to tabulate the Ballots were fair and accurate, and in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court and all other rules and laws. The requirements of Bankruptcy Rule 3016 have been satisfied by the Plan and its filing with the Clerk of the Court.

**The Confirmation Requirements of §943(b) Are Satisfied.**

As set forth below, the Plan complies with the applicable provisions of the Bankruptcy Code, including §943(b), and is due to be confirmed.

### Section 943(b)(1) Is Satisfied

Section 943(b)(1) requires that the Plan comply with the provisions of the Bankruptcy Code made applicable by §103(f) and 901. Section 901(a) incorporates the confirmation requirements of §§1129(a)(2), (a)(3), (a)(6), (a)(8), (a)(10), (b)(1), (b)(2)(A) and (b)(2)(B). Based on the evidence presented at the Confirmation Hearing, the Court's judicial notice of the record in the case and the City's uncontested proffer, the Court finds and concludes that the City's Plan complies with each of these requirements, and with all other applicable §103(f) and §901 requirements.

### Section 943(b)(2) Is Satisfied.

Section 943(b)(2) requires that the Plan comply with the requirements of chapter 9, including the requirements of chapter 11 made applicable in chapter 9. Based on the evidence, testimony and proffer at the Confirmation Hearing, the Court finds and concludes that the City's Plan complies with the requirements of §943(b)(2).

### The City Has Made the Disclosures Required by §943(b)(3). The Court Finds Its Fees and Expenses Paid and To Be Paid Reasonable.

Section 943(b)(3) requires that all fees and expenses in the case or incident to the Plan be disclosed. The City made these disclosures in its Disclosure Statement, and updated the information as of the Confirmation Hearing, with estimates through the closing of the case. No party objected to either the disclosures or to the reasonableness of the fees and expenses paid and to be paid by the City. The Court finds the disclosures to be adequate and concludes that the amounts paid and to be paid by the City are reasonable. The Court finds and concludes that the

requirements of §943(b)(3) were satisfied by the City at the Confirmation Hearing.

### The City Is Authorized to Take the Actions Necessary for the Performance of the Plan, as Required by §943(b)(4).

Under Section 943(b)(4), a Court may not confirm a plan that requires the debtor to take any action prohibited by law. On January 23, 2014, the City Council adopted a resolution which approved and ratified the City's Plan and which provided that, upon confirmation, the obligations set forth in the Plan would be and become the lawful obligations of the City. No new tax, bond or other indebtedness is required for the Debtor to carry out its Plan.

The Plan eliminates the City's obligation to fund a pension plan for its employees which had previously been embodied in Alabama Act No. 107 (1956), as amended. The Court adopts the authorities set forth by the City in its response in Documents 311 and 325, and therefore finds and concludes that the City's actions under the Plan are not prohibited by law, and the treatment of the Classes who formerly had an interest in the City's pension plan is lawful under the Bankruptcy Code.

The Plan incorporates agreements for the settlement of claims held by Classes VIII and IX. Settlement agreements may be incorporated in plans. See §1123(b), applicable here under §901. The Court finds and concludes that the settlement of claims relating to each of these Classes was accepted by each Class with respect to its own treatment as well with respect as to the

proposed treatment of the other Classes under the Plan. The Court concludes that the Plan is fair and equitable with respect to each Class, including the settling Class VIII claims and the settling Class IX claims, and that the treatment of each of these Classes under the Plan does not discriminate unfairly, is in accordance with applicable bankruptcy and non-bankruptcy law, and with the incorporated settlement agreements, and is in the best interests of the creditors. The settlement of the claims held by these Classes does not require the City to take any action in performance of the Plan which is not authorized by law. The Plan meets the requirements of §943(b)(4).

### All Administrative Expenses Have or Will Be Paid As Required by §943(b)(5).

Section 943(b)(5) requires that the Court determine whether the Plan provides for the payment of all claims which are entitled to administrative expense priority. Testimony indicated that throughout the course of the chapter 9 case, the City has endeavored to satisfy administrative expenses as they became due. As a result, the City's Finance Director, Cynthia K. Norwood testified that the City does not owe any amounts to the taxing authorities and that the City is current in its administrative expenses. Counsel for the Debtor confirmed that an agreement for the payment of professional administrative expenses owed to the Debtor's counsel has been reached with the City for the payment of fees and expenses owed to counsel from future City revenues. Because the City has paid or, by agreement, will pay its administrative expenses incurred in this case, the Court finds and

concludes that the City satisfied the requirements of §943(b)(5) at the Confirmation Hearing.

### Section 943(b)(6) Is Not Applicable.

Section 943(b)(6) requires the electoral or regulatory approval for any act under the Plan which would require electoral or regulatory approval outside the chapter 9 case. There is neither electoral or regulatory approval required for the City's performance under the Plan. The Court, therefore, finds that the requirements of §943(b)(6) are satisfied.

### The Plan Is in the Best Interests of Creditors And Is Feasible under Section 943(b)(7).

As a final condition to confirmation, the Court must determine if the Plan is in the best interests of the creditors and if it is feasible under §943(b)(7). The Court finds and concludes that the evidence and testimony presented by the City at the Confirmation Hearing is persuasive, credible, reasonable and has not been controverted by any other evidence. The Court finds and concludes that the City's evidence and testimony establishes that the Plan offers creditors the potential for the greatest economic return from the City's assets and represents the best of the available alternatives. The Plan, therefore, is in the best interests of the creditors. The City presented conservative and persuasive projections and testimony in support of its Plan, including a review of the City's past and present performance under its annual Budgets. Based on the testimony of Cynthia K. Norwood and the City's exhibits admitted at the Confirmation Hearing, together with

the City's unopposed proffer, the Court finds and concludes that the Plan is feasible, and that the requirements of §943(b)(7) were satisfied by the City at the Confirmation Hearing. The objection of the Mobile County Health Department based on feasibility is, therefore, overruled.

Given the foregoing, the Court finds and concludes that the City has complied with and satisfied each provision of Section 943(b), and that the Plan, as amended, modified and supplemented, shall be confirmed. To the extent not otherwise withdrawn or otherwise addressed, the Court hereby overrules on the merits any objections to confirmation, or other motions in contravention or opposition to the Plan.

### CONFIRMATION ORDER

Based on the foregoing Findings of Fact and Conclusions of Law, it is hereby ORDERED as follows:

1. The Court hereby enters an Order for Relief in this case.

2. The Plan is APPROVED and CONFIRMED.

3. The Findings of Fact and Conclusions of Law stated herein shall constitute findings and conclusions pursuant to Bankruptcy Rule 7052, made applicable by Bankruptcy Rule 9014. All findings and conclusions made on the record at the Confirmation Hearing are incorporated herein by reference.

4. Upon the Effective Date, all actions contemplated by the Plan shall be deemed authorized and approved in all respects.

5. The terms of the Plan are incorporated herein by reference. The Plan, and the actions of the City thereunder, are

approved and confirmed in all respects pursuant to Section 943 of the Bankruptcy Code.

6. The City, through its authorized officials, employees, agents, attorneys and other professionals and personnel, shall be fully authorized and empowered to issue, execute and deliver all documents appropriate or necessary for the performance of the Plan, and to take such actions and perform such acts as are necessary, required by, consistent with, or appropriate to implement, effectuate and/or consummate the Plan.

7. Except as expressly provided in the Plan, as of the Effective Date, this Confirmation Order constitutes a full and complete discharge of all Claims against the Debtor, the post-Effective Date Debtor and the post-Effective Date Debtor's Assets, of every nature whatsoever, that arose or have been asserted against the Debtor at any time before the entry of this Confirmation Order or that arose from the Debtor's pre-confirmation conduct on a claim whose holder had knowledge of this case.

8. Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), this Order shall be effective immediately upon entry, subject to the terms and conditions of the Plan. Given the lengthy course of this case and the need of the City to implement the Plan as expeditiously as possible, the Court finds cause to enter this Order regarding the stay imposed by Rules 4004 and 4006, and hereby Orders that the Confirmation Order is effective upon entry.

9. The Retention of Jurisdiction provisions in the Plan are hereby approved. Such retention of jurisdiction does not affect the

finality of this Confirmation Order.

10. The Debtor shall service notice of this Confirmation Order in accordance with Bankruptcy Rule 2002 and 3020(c), within ten days of its entry.

Dated:    July 8, 2014

*William S. Shulman*
WILLIAM S. SHULMAN
CHIEF U.S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| In re: ) | |
| ) | |
| CITY OF PRICHARD, ALABAMA ) | Bankruptcy Case No.: 09-15000 |
| ) | Chapter 9 Proceeding |
| Debtor. ) | |

## MODIFICATION TO REVISED SIXTH AMENDED PLAN OF ADJUSTMENT

COMES NOW, the undersigned and on behalf of the City of Prichard, pursuant to Bankruptcy Code § 1127(a) and Bankruptcy Rule 3019 files the plan modification attached hereto as Exhibit A.

Done this 14th day of May, 2014.

/s/ R. Scott Williams
Attorney for City of Prichard, Alabama

Of Counsel:
Rumberger, Kirk & Caldwell, P.C.
Lakeshore Park Plaza, Suite 125
2204 Lakeshore Drive
Birmingham, Alabama 35209
Telephone: (205)327-5550
Facsimile: (205)326-6786

### Certificate of Service

I hereby certify that a copy of the foregoing was served on the Current Employees of the City of Prichard by U.S. Mail, First Class, postage pre-paid and properly addressed on the 14th day of May, 2014.

/s/ R. Scott Williams
Of Counsel

6836427.1

# EXHIBIT A

Class VII: Current Employee Retirement Claims. This Class shall consist of the claims of the current merit system employees of the City for contributions made to the City's existing pension plan. On the effective date of the Plan, the City will pay to each employee the amount contributed to the existing pension plan by each such employee from the Petition date to the Effective Date. The City will establish a pension Plan pursuant to Section 457(b) of the Internal Revenue Code in which the current employees may participate at their election. The 457(b) plan will be administered by the Retirement Systems of Alabama under its RSA-1 program or by a similar independent qualified administrator.

Any and all claims, rights, or interests held by the members of this Class arising in any way from the Act 107 Pension Plan or the City's existing plan shall be extinguished upon confirmation of the Plan.

Class VII claims are impaired.

Class VIII: Retired Post Petition Date and Early Retiree Employees. This class shall consist of the pension benefit claims of persons (i) who were employed on the Petition Date, with an initial employment date on or after 19 years prior to the Effective Date of the Plan, or (ii) who retired after the Petition Date and before the Effective Date but are not parties to the Retiree Settlement Agreement, and shall include the pension benefit claims of the surviving spouses of such persons. This Class includes current employees who are vested under Act 107 and

age eligible to retire on the Effective Date or who become age eligible within one year of the Effective Date, current employees with an initial employment date on or after 20 years prior to the Effective Date who are both not vested under Act 107 and not age eligible to retire on the Effective Date, and retired employees who were employed on the Petition Date but retired prior to the Effective Date, excluding any retired employee who is a party to the Retiree Settlement Agreement.