UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO
et al.,

    Debtors.[1]

-------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

ORDER DENYING DEBTORS' MOTION *IN LIMINE* IN RESPECT OF EVIDENCE CONCERNING WHETHER THE PROPOSED PLAN OF ADJUSTMENT IS CONSISTENT WITH THE CERTIFIED FISCAL PLAN

Before the Court is the *Debtors' Motion* in Limine *in Respect of Evidence Concerning Whether the Proposed Plan of Adjustment Is Consistent with the Certified Fiscal Plan* (Docket Entry No. 18116 in Case No. 17-3283) (the "Motion") filed by the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), in its role as Title III representative of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Authority (collectively, the "Debtors"). The Court has considered carefully the parties' submissions in connection with the Motion.[2] During the October 6, 2021, Omnibus Hearing, the Court heard argument and rendered an oral decision denying the Motion. This Order memorializes the Court's ruling.

The Motion requested entry of an order making two determinations: first, that because the Oversight Board has certified that the proposed plan of adjustment was consistent with the applicable fiscal plan under section 104(j) of the Puerto Rico Oversight, Management, and Economic Stability Act (or "PROMESA"),[3] section 106(e) of PROMESA deprived the Court of jurisdiction to resolve any dispute as to whether the plan of adjustment was, in fact, consistent with the applicable fiscal plan (the "Consistency Issue"), even though section 314(b)(7) of PROMESA calls for a judicial finding on the Consistency Issue as a precondition to plan confirmation; and second, that parties in interest with standing may nevertheless proffer evidence concerning the Consistency Issue, in anticipation of any prospective need for a complete appellate record. (See Mot. ¶¶ 5, 8, 15.)

---

[2] In addition to the Motion, the Court has reviewed the following pleadings carefully: the *Response and Objection to Debtors' Motion* in Limine *in Respect of Evidence Concerning Whether the Proposed Plan of Adjustment Is Consistent with the Certified Fiscal Plan (Response and Objection Field by Individual Bondholder, Peter C. Hein)* (Docket Entry No. 18181 in Case No. 17-3283, the "Hein Opposition"); *The Puerto Rico Fiscal Agency and Financial Advisory Authority's Reservation of Rights Regarding Debtors' Motion in Limine in Respect of Evidence Concerning Whether the Proposed Plan of Adjustment is Consistent with the Certified Fiscal Plan* (Docket Entry No. 18187 in Case No. 17-3283); *The DRA Parties' Opposition to Debtors' Motion* in Limine *in Respect of Evidence Concerning Whether the Proposed Plan of Adjustment is Consistent with the Certified Fiscal Plan* (Docket Entry No. 18188 in Case No. 17-3283); and the *Debtors' Omnibus Reply in Support of Motion* in Limine *in Respect of Evidence Concerning Whether the Proposed Plan of Adjustment Is Consistent with the Certified Fiscal Plan* (Docket Entry No. 18292 in Case No. 17-3283).

[3] PROMESA is codified at 48 U.S.C. § 2101 et seq. Unless otherwise indicated, references to "PROMESA" in the remainder of this opinion are to the uncodified version of the legislation.

Section 312(a) of PROMESA provides that "[o]nly the Oversight Board, after the issuance of a certificate pursuant to section [104(j)] of this title, may file a plan of adjustment of the debts of the debtor." 48 U.S.C.A. 2172(a) (Westlaw through P.L. 117-80). Section 104(j)(3) adds, as a condition of submitting or modifying a plan of adjustment, that "[t]he Oversight Board may certify a plan of adjustment only if it determines, in its sole discretion, that it is consistent with the applicable certified Fiscal Plan." 48 U.S.C.A. 2124(j)(3) (Westlaw through P.L. 117-80).

In general, this Court has subject matter jurisdiction of these Title III proceedings under section 306(a) of PROMESA, which provides "original and exclusive jurisdiction of all cases under [Title III]," and "original but not exclusive jurisdiction of all civil proceedings arising under [Title III], or arising in or related to cases under [Title III]." 48 U.S.C.A. § 2166(a)(1)-(2) (Westlaw through P.L. 117-80). Section 106(e) of PROMESA carves a piece out of that jurisdictional grant, however, providing that "[t]here shall be no jurisdiction in any United States district court to review challenges to the Oversight Board's certification determinations under this [Act]." 48 U.S.C.A. 2126(e) (Westlaw through P.L. 117-80). Section 314(b)(7), on the other hand, provides that confirmation of a plan of adjustment requires a judicial finding that "the plan is consistent with the applicable Fiscal Plan certified by the Oversight Board under [title] II." 48 U.S.C.A. § 2174(b)(7) (Westlaw through P.L. 117-80). The Oversight Board posited that these two provisions contemplate that the Court's finding as to the Consistency Issue should be based solely on the Board's certification and that the Court could not consider any challenge to any determinations inherent in such certification. (Mot. ¶¶ 2-3, 11-12.) Those opposing the Motion argued that the Court's general jurisdiction of Title

III issues empowered it to examine all questions relating to the Consistency Issue and other matters that may implicate certification. (See, e.g., Hein Opp. at 3-5.)

The task before the Court is to harmonize the foregoing provisions to give due effect to all of them, such that no provision eclipses the others, in assessing whether the Court had subject matter jurisdiction to consider anything other than the fact of the Oversight Board's certification or determination on the Consistency Issue, in making the Court's determination under section 314(b)(7) of PROMESA. The Court concludes that section 106(e) does not deprive the Court of jurisdiction to consider evidence and make findings as to the Consistency Issue under section 314(b)(7) of PROMESA.

The text of section 106(e) broadly precludes jurisdiction to review the "Oversight Board's certification determinations under this [Act]," 48 U.S.C. § 2126(e) (Westlaw through P.L. 117-80), encompassing all certification determinations provided for in PROMESA. The First Circuit has confirmed that "Section 106(e) is an exception to PROMESA's general grant of jurisdiction at § 106(a)" that "insulates [] certification decisions from judicial review[.]" Méndez-Núñez v. Fin. Oversight & Mgmt. Bd. for P.R. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 916 F.3d 98, 112 (1st Cir. 2019). The First Circuit has recently reiterated the general rule: "PROMESA insulates [the Oversight Board's] certification determinations from judicial review in the federal courts." Union de Trabajadores de la Industria Eléctrica y Riego v. Fin. Oversight & Mgmt. Bd. for P.R. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 7 F.4th 31, 40 (1st Cir. 2021).

The Oversight Board noted that this Court has previously held in these Title III proceedings that section 106(e) insulated both the Oversight Board's certifications and the determinations underlying the certifications from judicial review. For example, in Ambac

Assurance Corp. v. Commonwealth of Puerto Rico, this Court held that "PROMESA not only grants the Oversight Board exclusive authority to certify fiscal plans, but [section 106(e)] also insulates the Oversight Board's certification determinations, which necessarily rest on determinations that [certain] requirements have been met, from challenge by denying all federal district courts jurisdiction to review such challenges." 297 F. Supp. 3d 269, 283 (D.P.R. 2018). In that same decision, this Court stated that "Section 106(e) of PROMESA deprives the Court of subject matter jurisdiction of Plaintiff's claims insofar as they attack the certification of the Fiscal Plan or Oversight Board determinations that are inherent in the certification of a Fiscal Plan." Id. at 289 n.11. Those earlier determinations are not dispositive of the issue raised in this motion practice, however, because none of the earlier proceedings involved an express statutory requirement that the Court rule on an issue on which the Oversight Board had issued a certification.

Notwithstanding the Oversight Board's power and obligation to certify both fiscal plans and the consistency of a proposed plan of adjustment with the applicable fiscal plan, section 314(b) of PROMESA expressly contemplated a judicial determination as to such consistency as well as other issues, directing that "[t]he court shall confirm the plan if" a number of conditions are satisfied, including an independent determination that "the plan is consistent with the applicable Fiscal Plan certified by the Oversight Board under [title] II." 48 U.S.C.A. § 2174(b)(7) (Westlaw through P.L. 117-80). Nothing about this provision appears to allow the Court to rely on the mere existence of a certification determination on the Consistency Issue by the Oversight Board. Nor does the statute direct the Court to consider whether the Oversight Board's certification should stand. Section 314(b)(7) must be harmonized with the rest of the statute and cannot be construed in a manner that would deprive it of meaning. See Barnhart v.

Sigmon Coal Co., 534 U.S. 438, 454 (2002) ("We refrain from concluding here that the differing language in the two subsections has the same meaning in each. We would not presume to ascribe this difference to a simple mistake in draftsmanship." (internal quotations omitted)).

To reconcile section 314(b)(7) with section 106(e) and its interpretive jurisprudence, the Court construes section 314(b)(7) as requiring an independent determination by the Court of the Consistency Issue, but not authorizing judicial examination or vacatur of the Oversight Board's certification determination pursuant to section 104(j) on the Consistency Issue. PROMESA assigns functions to both the Oversight Board and the Court. The Oversight Board must make, inter alia, a consistency determination before it can even propose a plan of adjustment. The Court, which has the sole power to confirm a plan of adjustment, must make a consistency determination as to the final iteration of the plan before it can confirm it.

Accordingly, because the Court has subject matter jurisdiction to consider the Consistency Issue under section 314(b)(7), and because the evidence-related relief sought in the Motion is mooted by that determination, the Motion is denied in its entirety. The Court need not address the other arguments made by the objectors, except as follows. The jurisdictional element of the Oversight Board's Motion was not a request for an advisory opinion, given the pendency of the confirmation motion and the provisions of PROMESA section 314(b)(7) and, for the avoidance of doubt, the Court notes that it did not, in rendering this decision, prejudge any substantive issue.

This Order resolves Docket Entry No. 18116 in Case No. 17-3283.

SO ORDERED.

Dated: February 15, 2022

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge