# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>    Debtor.<br>---<br>In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY<br><br>    Debtor | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Now comes Aurora Colón Rosado (hereinafter "Colón"), of legal age, single, entrepreneur, property owner, and resident of Salinas, Puerto Rico, respectfully states and prays as follows:

**INTRODUCTION**

1. Colón is the rightful title owner of a piece of land located at Río Jueyes War in the town of Salinas, Puerto Rico (the "Property"). On 2014 the Property was taken by and physically occupied by the Commonwealth of Puerto Rico ("Debtor") through the actions of the Highway

1

and Transportation Authority of Puerto Rico[1] without first taking it through an eminent domain proceeding or paying just compensation required by the Constitution of United States of America and Puerto Rico to Colón. The purpose of the taking was the construction a state road and bridge over Jueyes River.

2. Two (2) years after the actual taking of the Property, Debtor filed an eminent domain complaint in state court against Colón in order to legally take use, possession and control of Colón' Property. However, before the proceeding were finalized and before Colón received the due just compensation for the taking of the Property, a stay of proceedings was imposed regarding the Debtor due to the enactment of PROMESA .

**BACKGROUND**

3. Before the enactment of PROMESA, on February 12, 2016, Debtor, through the Highway and Transportation Authority of Puerto Rico [2] commenced an eminent domain proceeding (civil case KEF2016-0011) against Colón at the First Instance Court of San Juan (See Exhibit A). The Property consists of a certain piece of land with an area of 6,503.7780 square meters (Tax ID No. 69-417-000-14). Debtor consigned and deposited the amount of $70,806.45 with the state court in relation to this legal eminent domain proceeding.

4. On May 3, 2017, Debtor, through its legal representatives and pursuant to Section 315 of the Puerto Rico Oversight, Management, and Economic Stability Act (hereinafter "PROMESA" or the "Act"), the Financial Oversight and Management Board for Puerto Rico, filed a voluntary petition in the United States Court for the District of Puerto Rico under Title III of PROMESA seeking protection from its creditors.

---

[1] Autoridad de Carreteras y Transportación de Puerto Rico
[2] Autoridad de Carreteras y Transportación de Puerto Rico

2

5. For over five (5) years, Debtor has taken, occupying and using the Property for purported and claimed public use without paying Colón the due just compensation for the taking of her Property in violation of the Constitution of the Unite States of America and Puerto Rico.

**APPLICABLE LAW**

6. Section 362(d)(1) of the Bankruptcy Code (11 U.S.C. § 362 (d)(1)) reads as follow:

> (d) On request of a party in interest and after a notice and a hearing, the court shall grant relief from stay provide under subsection (a) of this section, such as by terminating, annulling, modifying, or condition such stay – (1) for cause, including the lack of adequate protection of an interest in property of such party in interest…

7. The Taking Clause of the Fifth Amendment of the United States Constitution mandates that *"private property [shall not] be taken for public use, without just compensation"* U.S. Cont. amend. V. This amendment is made applicable to the states, and thus to municipalities, through the Fourteenth Amendment. U.S. Const. amend. XIV. *In re City of Detroit*, 524 B.R. 147, 268 (Bankr. E.D. Mich. 2014) citing *Dolan v. City of Tigard*, 512 U.S. 374, 383, 114 S. Ct. 2309, 129 L. Ed. 2d 304 (1994); *Penn Cent. Transp. Co. v. City of N.Y.*, 438 U.S. 104, 122, 98 S. Ct. 2646, 57 L. ed. 2d 631 (1978).

8. The Fourteenth Amendment of the Unites States Constitution provides that *"nor shall any State deprive any person of life, liberty, or property, without due process of law."* (Emphasis added). U.S. Const. amend. XIV. The limitation of the Fifth Amendment also apply, through the Due Process Clause of the Fourteenth Amendment, to taking by state government and their subdivisions. See e.g. *Lucas v. S.C. Coastal Council*, 505 U.S. 1003 (1992). Consequently, the Fifth Amendment is applicable the Commonwealth of Puerto Rico, and the Commonwealth may not take property without just compensation.

9. The Supreme Court of the United Sates has addressed the taking issue in the context of bankruptcy on several occasions, holding each time that the bankruptcy powers is limited by the Fifth Amendment. See <u>Unite States v. Security Indus. Bank</u>, 459 U.S. 70, 75, 78 (1982); <u>Wright v. Vinton Branch of Min. Trust Bank</u>, 300 U.S. 440, 456-58 (1937); <u>Louisville Joint Stock Land Bank v. Radford</u>, 295 U.S. 555, 589 (1935). The protection afford by the Fifth Amendment are not abrogated by the Bankruptcy Code. The legislative history of the Bankruptcy Court indicates that the drafters of the Bankruptcy Code considered the Fifth Amendment to be a limitation upon impairment of property rights in bankruptcy, and current bankruptcy law gives great deference to property rights. Julia Patterson Forrester, Bankruptcy Taking, 51 Fla. L. Rev. 851, 863 (Dec. 1999).

10. The Supreme Court has stated that a takings clause violation is defined by two elements: (1) the public taking of private property, and (2) the subsequent denial of just compensation for that taking. See <u>Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank</u>, 473 U.S. 172, 195 n. 13, 105 S. Ct. 3108, 87 L. Ed. 2d 126 (1985).

11. The Supreme Court has consistently held that the bankruptcy laws are subject the prohibition against governmental taking of private property without just compensation.

12. Courts should avoid "interpreting [a statute] in a manner that would render it clearly unconstitutional ... if there is another reasonable interpretation available." <u>Edmond v. United States</u>, 520 U.S. 651, 658, 117 S.Ct. 1573, 137 L.Ed.2d 917 (1997); see <u>Lorillard v. Pons</u>, 434 U.S. 575, 577, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978) ("[I]t is a cardinal principle that this Court will first ascertain whether a construction of the statute is fairly possible by which the constitutional question may be avoided.").

4

13. Courts examine numerous different factor, including those set forth in *In re Sonnax Indus., 907 F. 2d 1280* to determine whether "cause" exist to grant relief from stay. The twelve factor factors adopted by the court in *Sonnax* are:

> (1) Whether relief result in partial or complete issue resolution; (2) lack of connection with or interference with bankruptcy case; (3) whether other proceeding involves debtor as fiduciary; (4) whether specialized tribunal with necessary expertise has been established to hear cause of action; (5) whether debtor's insurer has assumed full defense responsibility; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would be prejudice interest of other creditors; (8) whether judgment claim arising from other actions is subject to equitable subordination; (9) whether movant's success in other proceeding would result in a judicial lien avoidable by debtor; (10) interest of judicial economy and expeditious and economical resolution of litigation; (11) whether parties are ready for trial in other proceeding; (12) impact of stay on parties and balance of harms. *In re Sonnax Inds., supra*, at 1287 citing *In re Curtis, 40 Bankr. 795, 799-800 (Bankr. D. Utah 1984).*

14. Other courts have established that a *Curtis* moving party "need not prove a plurality of Curtis factors before it has shown cause exited for lifting the stay." *Goya Foods v. Unanue-Casal (In re: Unanue-Casal)*, 159 B.R. 90, 96 (1993). Some courts have relied on only a few factors that sufficient cause existed to lift the stay. See, e.g., *In re Unioil*, 54 Bankr 192, 194-195 (Bankr. D. Colo. 1985) (courts consider five factors such as resolution of issues, lack of connection with the bankruptcy case, judicial economy and balance of hurt). See also *In re: Highcrest Management Co., Inc.*, 776, 778-779 (Bankr. S.D.N.Y. 183).

15. The court in *Goya Foods v. Unanue-Casal, supra*, at 96 correctly stated that "the question of what is cause … is developed primarily by case law." In other words, the determination of cause is made on a case by case basis.

...
...

16. Pursuant to 48 U.S. Code § 2194 (e)(1)[3] "[o]n motion of or action filed by a party in interest and after notice and a hearing, the United States District Court for the District of Puerto Rico, for cause shown, shall grant relief from the stay provided under subsection (b) of this section."

**DISCUSSION AND ARGUMENT**

17. In the case at hand, Colón submits that the automatic stay should be modified to allow the continuation of the proceeding at the state court of the eminent domain proceedings (civil case no. KEF2016-0011) in order to obtain a determination of just compensation for the taking of the property. If the automatic stay is not lifted Colón will continue to be deprived of her rights to a just compensation, the main elements of a violation of the taking clause as stated by the Supreme Court in *Williamson Cnty. Reg'l Planning Comm'n v/ Hamilton Bank*, supra, namely (i) the public taking of private property, and (ii) the subsequent denial of just compensation for the taking, would be satisfied.

18. Debtor has already consigned[4] and deposited at the First Instance Court of San Juan the amount of $70,806.45 to pay Colón for the taking of the Property, but to this date, she has not been able to collect this or any deposited amount due to the Promesa's enactment.

19. To preserve Colón's constitutional rights this Honorable Court must lift and/or modify the stay to allow Colón to continue the eminent domain proceedings at state level, in order to determine the due just compensation that Colón is entitled by law for the taking of the Property.

20. Debtor has an eminent domain matter pending for final disposition at the First Instance Court of San Juan –the proper venue for eminent domain cases.

---

[3] Section 405 (e)(1) of Title IV of the Act
[4] February 11, 2018

6

21. The resolution of the lawsuit at state level will not interfere with the Title III matter since there is no relationship between the issues and/or controversies. The only issue pending at state court is the determination of what is the due just compensation.

22. The litigation between Debtor and Colón in the eminent domain matter has no direct or indirect effect on any Debtor's creditors. The amounts of money due for the taking of the Property were deposited in the state court before Promesa.

23. The litigation at the state level is at the final stage, and since Debtor has already submitted the appraisal and consigned the amount of money to compensate Colón with the state court, the economic burden is on Colón to prove her allegations regarding just compensation. Thus, the litigation at state level will cause no prejudice to Debtor.

24. The 5th and 14th Amendment of the United State and Article II, Section 9 of the Constitution of Puerto Rico provide that private property shall not be taken for public use without just compensation. The continuation of the stay will deprive Colón of her constitutional right to obtain the due just compensation for the taking of her Property by Debtor.

25. Colon attempted enter into a resolution of this matter with Debtor but Debtor has not responded.

**CONCLUSION**

25. Debtor took Colón's Property without just compensation and has continued to use such Property since 2014 for public use. Colón has a constitutional right to receive the due just compensation. Since the Debtor has already used and benefited from the Property; deposited amounts for the taking with the state court, Colón should be allowed to go back to state court to finalize the litigation and address the exact amount due for the taking and obtain the same. To

allow the Debtor and the public to benefit from Colón without just compensation is a violation of Colón's constitutional rights and undue enrichment and unfairness.

**PRAYER OF RELIEF**

WHEREFORE, Colón respectfully requests that she be granted relief from the automatic pursuant to 11 U.S.C. § 362 (d)(1) to continue the proceedings at the state level in case number KEF2011-0011 in order to determine the just compensation owed to her for the taking and public use of her Property.

February 15, 2022

Respectfully, Aurora Colón Rosado
Through Counsel of Record
/s/ Carmenelisa Perez-Kudzma
U.S. District of Puerto Rico #305612
Perez-Kudzma Law Office, P.C
Arecibo #349, Urb. La Cumbre, San Juan, PR 00926
Tel: (787) 332-5407
and
35 Main Street
Suite 1
Wayland, MA 01778
C(978) 505-3333
T: (781) 209-5596
F: (781 781-314-8174)
carmenelisa@pklaw.law

Certification

In compliance with Paragraph III.Q of the Seventh Amended Case Management Procedures order (ECF No. 4086-1), we certify that on we sent to counsel for the Oversight Board and AAFAF a notice advising them of COLÓN's intention to seek relief from the Title III automatic stay. After emailing the notices on , counsel for COLÓN received a reply from Attorney **Claudia A. Juan Garcia** acknowledging receipt of the Notice on **June 2, 2019** . No other replies were received. So no agreement was reached to lift or modify the stay with respect to COLÓN's request for lifting the stay since Counsel for COLÓN received no more communications.

8

ESTADO LIBRE ASOCIADO DE PUERTO RICO
**TRIBUNAL DE PRIMERA INSTANCIA**
**CENTRO JUDICIAL DE SAN JUAN**
SALA SUPERIOR

| | |
|---|---|
| **AUTORIDAD DE CARRETERAS Y TRANSPORTACION DE PUERTO RICO**<br><br>PETICIONARIO<br><br>V.<br><br>**AURORA COLON ROSADO**<br><br>PARTE CON INTERÉS | CIVIL NÚM. **K EF2016-0011**<br><br>(1002)<br><br>SOBRE:<br><br>EXPROPIACIÓN FORZOSA |

# RESOLUCION

Considerada la "Solicitud de Enmienda al Exhibit "A" presentada en el caso de epígrafe por el peticionario, se declara la misma **Ha Lugar** y se ordena:

1) Se dé por enmendado el Exhibit "A" que radicó con dicha Moción, el cual se hace formar parte de esta Resolución para todos los efectos legales.

2) Se ordena al Registrador de la Propiedad correspondiente, que proceda inscribir la propiedad según se describe en el Exhibit "A" Enmendado.

Esta Resolución es complementaria a la dictada por este Tribunal con antelación a esta fecha, en todas aquellas partes que no conflijan con ésta.

REGÍSTRESE Y NOTIFÍQUESE.

En San Juan, Puerto Rico, a 27 de enero de 2017.

**MABEL RAMON MILIAN**
**JUEZ SUPERIOR**

Numero identificador:
RES2017 03317

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
CENTRO JUDICIAL DE SAN JUAN
SALA SUPERIOR

E X H I B I T "A" ENMENDADO
DICIEMBRE 2016

Relación de la descripción de las propiedades a expropiarse, de la justa compensación a consignarse y de las personas y/o entidades con interés en este procedimiento.

**Parcela: 07-002**              **COD. NUM. 69-417-000-006-14 (PARTE)**

**Rústica**: Predio de terreno radicado en el Barrio Rio Jueyes del término municipal de Salinas con una cabida superficial de 6,503.7780 metros cuadrados equivalentes a 1.6547 cuerdas, según mensura realizada por la Autoridad de Carreteras y Transportación, evidenciada en el Plano de Adquisición. En lindes por el **NORTE**, con la finca principal de la cual se segrega; por el **SUR**, con la parcela 007-03, perteneciente a la Autoridad de Tierras de Puerto Rico, a ser adquirida; por el **ESTE**, con el Río Salinas hoy Rio Nigua; y por el **OESTE** con la parcela 007-01 propiedad de la Autoridad de Tierras de Puerto Rico, a ser adquirida.

La predescrita parcela se segrega de la finca 1,265, Folio 22 del Tomo 38 de Salinas del Registro de la Propiedad de Guayama.

I.   PARTES O ENTIDADES CON INTERES            COMPENSACION

   1. **AURORA COLON ROSADO**            Parcela 007-02       $69,500.00
      (Interés en el 90% propiedad)     Intereses legales      1,306.45
                                         **Total:**          **$70,806.45**

      **Dirección postal:**   **Teléfono:** (787) 607-3636
      PO Box 829
      Salinas, PR  00751

      **Dirección física:**
      Colonia Godreau #104
      Salinas, PR

   2. **SUCESION ISRAEL BONILLA HADDOCK**
      (Interés en el 10% de la propiedad)
      Cuya composición se desconoce

   3. **MARGARITA BONILLA HADDOCK**
      (Interés en el 10% de la propiedad)
      32 Grafcon St.
      Hartford, CT 06106

   4. **JAVIER FELIPE BONILLA ALVARADO**
      (Interés en el 10% de la propiedad)
      2418 Mirador Lane Apt. 102
      Wesley Chapel, FL 33544

II.  **Cargas y/o gravámenes:** libre de cargas

III. **El Estado Libre Asociado de Puerto Rico**, por concepto de las contribuciones territoriales que se le adeuden al Centro de Recaudación de Ingresos Municipales (CRIM) Lic. Víctor Falcón Dávila, Director – Oficina Regional Carr. 1