# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUBLIC BUILDINGS AUTHORITY<br><br>*Debtors¹* | PROMESA<br><br>Title III<br><br><br>Case No. 17 BK 3283 – LTS<br><br>(Jointly Administered) |

**CREDIT UNIONS' JOINT OMNIBUS REPLY TO SEVERAL OBJECTIONS TO MOTION FOR STAY PENDING APPEAL OF ORDER AND JUDGMENT CONFIRMING MODIFIED EIGHTH AMENDED TITLE III PLAN OF ADJUSTMENT OF THE COMMONWEALTH OF PUERTO RICO, ET. ALS.**

**TO THE HONORABLE JUDGE LAURA TAYLOR SWAIN**:

COME NOW, Cooperativa de Ahorro y Crédito Abraham Rosa, Cooperativa de Ahorro y Crédito de Ciales, Cooperativa de Ahorro y Crédito de Rincón, Cooperativa de Ahorro y Crédito Vega Alta, Cooperativa de Ahorro y Crédito Dr. Manuel Zeno Gandía, and Cooperativa de Ahorro y Crédito de Juana Díaz, through the undersigned attorneys, (hereinafter, "the Credit Unions" or

---

[1] The Debtors in these Title III Cases, along with each debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283- LTS) (Last Four Digits of federal Tax ID: 3481); (ii) Puerto Rico Sales tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

1

"the Cooperatives") and hereby file this joint omnibus reply to several objections to our motion for stay pending appeal of the (i) "Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority" (Dkt. No. 19813), and of the (ii) implementation of the "Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico et als.", dated January 14, 2022. (Dkt. No. 19813-1) filed by the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Building Authority.

**I. RELEVANT PROCEDURAL BACKGROUND**

1.      On January 14, 2022, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") filed the *Modified Eight Amended Title III Joint Plan of the Commonwealth of Puerto Rico et al.* (Dkt. No. 19784) (hereinafter, the "Plan of Adjustment").

2.      On January 18, 2022, this Honorable Court entered *the Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* (Dkt. No. 19813) ("Order Confirming Plan") and the *Findings of Fact and Conclusions of Law in Connection with Confirmation of the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* (Dkt. No. 19812) ("Findings of Fact and Conclusions of Law").

2

3. On January 28, 2022 the Credit Unions filed a *Notice of Appeal* regarding the Order Confirming Plan and the Findings of Fact and Conclusions of Law. (Dkt. No. 19938), [USCA Case Number 22-01079].

4. On February 4, 2022, the Credit Unions filed *Joint Motion for Stay pending Appeal or Order and Judgement confirming Modified Eight Amended Title III Plan of Adjustment of the Commonwealth of Puerto Rico, et. Als*. (Dkt. No. 20035).

5. On February 4, 2022, this Honorable Court entered an Order setting the briefing schedule as to the Credit Unions' motion for stay pending appeal. The Court granted until February 11, 2022 at 5:00 PM for objections and until February 17, 2022 at 5:00 PM for any replies. (Dkt. No. 20038).

6. On February 11, 2022, Salud Integral de la Montaña, Inc. (SIM), filed an *Opposition to Credit Unions Motion for Stay Pending the Appeal*. (Dkt. No. 20112) alleging that a stay would affect some pending payments they would receive "upon the effective date" and SIM´s ability "to continue its litigation called Med DC Action for any default by the Commonwealth on the future payments".

7. On February 11, 2022, the Ad Hoc Group of Constitutional Debtholders (the "Constitutional Debt Group"), the Lawful Constitutional Debt Coalition (the "LCDC"), the QTCB Noteholder Group (the "QTCB Group"), the Ad Hoc Group of General Obligation Bondholders (the "GO Group"), Assured Guaranty Corp. and Assured Guaranty Municipal Corp. (together, "Assured"), National Public Finance Guarantee Corporation ("National"), Financial Guaranty Insurance Company ("FGIC"), and Ambac Assurance Corporation ("Ambac") (collectively the "PSA Creditors"), filed an *Opposition of PSA Creditors to Credit Unions' Motion for Stay Pending Appeal*. (Dkt. No. 20116), alleging that a "stay would inflict enormous and irreparable harm on the Commonwealth and its non-moving creditors and requesting that "even if a stay were

3

warranted, the Court should condition any such stay on the posting of a bond of at least $722 million".

8. Also, on February 11, 2022, AmeriNational Community Services, LLC (hereafter "AmeriNat") as servicer for the GDB Debt Recovery Authority (the "DRA") authorized to pursue and enforce the DRA's participation as a creditor in the instant Title III case, filed a *Joinder and Reservation of Rights in Support of the Opposition of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority To The February 4, 2022 Motion For Stay Pending Appeal [Dkt. No. 20115]*. (Dkt. No. 20118).

9. The Official Committee of Unsecured Creditors (the "UCC") also filed a *Joinder and Reservation of Rights in Support of the Opposition of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority to The February 4, 2022 Motion For Stay Pending Appeal [Dkt. No. 20115]*. The Committee opposes to the stay alleging it would affect the global agreement reached with the Oversight Board regarding, among other things, the terms of the treatment of certain general unsecured claims. (Dkt. No. 20119).

**II. OMNIBUS REPLY**

10. The Credit Unions hereby submit an Omnibus reply to the allegations of SIM and the UCC as follows:

    a. Their allegations of irreparable harm were not adequately supported with substantial evidence other than their conclusory claims.

    b. A stay in this matter will not cause irreparable harm onto SIM or the UCC, since the appellate process was fully foreseeable and is expected to be expeditious.

    c. As for the Med DC Action, a stay for a period of months pending the current appeal will not be excessive or unreasonable. The short-term period pending the appeal will not interfere with or cause irreparable harm to a case which, as SIM itself points out, has already been pending for almost 20 years.

    d. Additionally, the monetary interests of the opponents, important as they are, do not entail the harm to the public interest of safeguarding depository institutions, a public interest directly tied to protecting hundreds of thousands of members and depositors and which is supported by the official financial data published by the government through COSSEC.

    e. Preservation of the Credit Unions' claims and rights while their appeals are pending does not require a complete stay of the Plan of Adjustment. Accordingly, it is possible for the Court to issue a stay pending the Credit Unions' appeals that only paralyzes those provisions of the Plan of Adjustment that curtail, dismiss, enjoin or in any other way limits the Credit Unions' claims and rights (discharge provisions as to the Credit Unions claims), which would moot the oppositions presented by SIM and the UCC.

11. The Credit Unions hereby submit Omnibus reply to the allegations filed by the Ad Hoc Group and Amerinational as follows:

    a. These parties did not present arguments that are *per se* against the stay requested by the Credit Unions. What these parties seek is that the Credit Unions' right to appeal be curtailed by the Court by requiring the posting of excessive bonds. The bonds requested by these parties are onerous and excessive in the context of this case, especially considering the financial impairment to the reserves of the Credit Unions

5

caused by the Debtor and which the appealed cases seek to redress. "An excessive appeal bond may not, of course, be employed to deny a meritorious appeal to a person of modest means." Damaskos v. Board of Appeal of Boston, 359 Mass. 55, 64 (1971). Additionally, the opposing parties have not provided substantiated rational bases to support the amounts of the bonds they seek.

b. We incorporate by reference the arguments against requiring the posting of a bond expressed in the Credit Unions' *Joint Reply* to the Oversight Board Objection to Motion for Stay Pending Appeal filed at Docket No. 20159. If anything, the requests seeking excessive bonds are intended to hinder the Cooperatives' right to a stay pending appeal by forcing them to pay an excessive, unnecessary amount that is clearly inaccessible to them.

12. As to the specific factors that a party must demonstrate to succeed on its request for a stay pending appeal, the Credit Unions reaffirm that such factors have been clearly complied with in our request and in our Joint Reply allegations.

13. As to any and all oppositions to the Credit Unions' requests (including those presented as a joinder to other parties' oppositions), we hereby incorporate by reference all pertinent paragraphs and allegations of the Credit Unions' *Joint Reply* to the Oversight Board Objection to Motion for Stay Pending Appeal filed at Docket No. 20159 and of the *Credit Union's Joint Motion for Stay Pending Appeal of Order and Judgment Confirming Modified Eighth Amended Title III Plan of Adjustment of the Commonwealth of Puerto Rico, et. als.* [Dckt. 20035]

WHEREFORE, the appearing Credit Unions respectfully request from this Honorable Court to enter an Order of Stay of the Order Confirming Modified Eighth Amended Title III Plan of Adjustment of the Commonwealth of Puerto Rico entered on January 18, 2022 entered at docket

19813, while the appeal of this Order is entertained by the United States Court of Appeals for the First Circuit without the imposition of bond. In the alternative, the Credit Unions request to stay the discharge provisions of the Order Confirming Plan as to their claims pending the resolution of the appellate proceeding.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, in accordance with Fed. R. Bankr. P. 9014(b), Fed. R. Bankr. P. 7004(b), and the Court's Fifteenth Amended Notice, Case Management and Administrative Procedures Order [ECF#17127 ] (the "CMP Order"), that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the parties appearing in said system including the US Trustee and to all those parties registered to receive notice within the electronic notification service.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico this 17th day of February, 2022.



*Attorneys for Credit Unions*
*PO Box 191757*
*San Juan, PR 00919-1757*
*Tel. (787) 722-2500*
*Fax (787) 777-1376*

*/s/ Enrique M. Almeida, Esq.*
***Enrique M. Almeida, Esq.***
*USDC-PR 217701*
*enrique.almeida@almeidadavila.com*