```
 1                        UNITED STATES DISTRICT COURT

 2                        DISTRICT OF PUERTO RICO

 3
       In Re:                    )        Docket No. 3:17-BK-3283(LTS)
 4                               )
                                 )        PROMESA Title III
 5     The Financial Oversight and )
       Management Board for      )
 6     Puerto Rico,              )        (Jointly Administered)
                                 )
 7     as representative of      )
                                 )
 8     The Commonwealth of       )
       Puerto Rico, et al.       )        February 16, 2022
 9                               )
                      Debtors,   )
10
11     _____

12          HEARING ON ADJOURNED OMNIBUS OBJECTIONS TO CLAIMS

13      BEFORE THE HONORABLE U.S. DISTRICT JUDGE LAURA TAYLOR SWAIN

14              UNITED STATES DISTRICT COURT JUDGE

15      AND THE HONORABLE U.S. MAGISTRATE JUDGE JUDITH GAIL DEIN

16              UNITED STATES DISTRICT COURT JUDGE

17     _____

18
       APPEARANCES:
19
       For The Commonwealth
20     of Puerto Rico, et al.:  Ms. Laura Stafford, PHV

21                                   Appearing by videoconference.

22     For The Federal
       Oversight and Management
23     Board:                   Mr. Gabriel Miranda, Esq.

24     For Obe E. Johnson:      Mr. Obe E. Johnson, Pro Se

25
```

```
 1  │ APPEARANCES, Continued:

 2  │ For Maira Feliciano
    │ Rosado:                    Ms. Maira Feliciano Rosado, Pro Se
 3  │
    │ For Maria Carrion Vega:  Ms. Maria Carrion Vega, Pro Se
 4  │
    │ For Jack Mercado
 5  │ De Jesus:                  Mr. Jack Mercado De Jesus, Pro Se

 6  │ For Maria Vianey
    │ Rosario Cuevas:            Ms. Maria Rosario Cuevas, Pro Se
 7  │
    │ For Nydia Febo Vazquez:  Ms. Nydia Febo Vazquez, Pro Se
 8  │

 9  │ ALSO PRESENT:

10  │ Ms. Carol Terry, Interpreter

11  │

12  │

13  │

14  │

15  │

16  │

17  │

18  │

19  │

20  │

21  │

22  │

23  │

24  │
    │ Proceedings recorded by stenography.  Transcript produced by
25  │ CAT.
```

```
 1                          I N D E X

 2  WITNESSES:                                        PAGE

 3        None offered.

 4

 5  EXHIBITS:

 6        None offered.

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                                  San Juan, Puerto Rico

 2                                  February 16, 2022

 3                                  At or about 9:35 AM

 4                        *      *      *

 5         THE COURT:  Buenos dias.  I am Judge Swain.

 6         Would the courtroom deputy please announce the case?

 7         COURTROOM DEPUTY:  Good morning, Your Honor.

 8         The United States District Court for the District of

 9  Puerto Rico is now in session.  The Honorable Laura Taylor

10  Swain presiding.  Also sitting, the Honorable Magistrate Judge

11  Judith Dein.  God save the United States of America and this

12  Honorable Court.

13         In re:  The Financial Oversight and Management Board

14  for Puerto Rico, as representative of the Commonwealth of

15  Puerto Rico, et al., PROMESA, Title III, case no.

16  2017-BK-3283, for Hearing on Adjourned Omnibus Motions.

17         THE COURT:  Thank you.

18         Would counsel please turn their cameras on for these

19  introductory remarks and instructions, and keep your

20  microphones muted.

21         Is the interpreter, Carol Terry, there?

22         THE INTERPRETER:  Yes, Your Honor.

23         THE COURT:  Good morning.  Thank you for being

24  present.

25         THE INTERPRETER:  Good morning.
```

1          THE COURT:  The first part of this proceeding will be

2   interpreted for one of the parties to a contested matter that

3   is on the docket.  I will speak slowly, and will pause for

4   interpretation as I go along.

5          Ms. Terry, would you please begin interpreting with

6   the next remarks?

7          Welcome, counsel, parties in interest, and members of

8   the public, and press.

9          THE INTERPRETER:  I'm interpreting simultaneously,

10  Your Honor.  Did you need this to be done consecutively?

11         THE COURT:  One of the people for whom we are

12  interpreting is on Zoom.  He is not present in the courtroom,

13  so I would like you to -- unless you have a Zoom channel

14  that's working in Spanish to him.

15         So that's a question that I'd ask Ms. Tacoronte:  Do

16  we have a Zoom Spanish channel for Mr. Johnson?

17         COURTROOM DEPUTY:  Your Honor, I understand that

18  Mr. Johnson understands English.

19         Mr. Johnson, could you please signal us with a yes or

20  no if you understand?

21         MR. JOHNSON:  I understand you.

22         THE COURT:  Oh, very good.  Good morning,

23  Mr. Johnson.

24         So simultaneous interpretation is just fine,

25  Ms. Terry.  Thank you so much.

```
1              THE INTERPRETER:  You're very welcome.

2              THE COURT:  Welcome, counsel, parties in interest,

3    and members of the public, and press.  The hearing this

4    morning is solely for the purpose of addressing several

5    pending Omnibus Claim Objections concerning the claims of pro

6    se creditors, which we are simultaneously conducting remotely

7    with our courtroom in San Juan for pro se participants, and on

8    the Zoom platform for counsel and for the Court.  A

9    listen-only line is also available through AT&T.

10             If you are not here for purposes of this Claim

11   Objection Hearing, you may log out of the virtual hearing at

12   any time.  The next Omnibus Hearing in these Title III cases

13   is scheduled for March 23rd, 2022.

14             To ensure the orderly operation of today's hearing

15   once we turn to our Agenda items, all parties appearing by

16   Zoom must mute their microphones when they are not speaking,

17   and turn off their video cameras if they are not directly

18   involved in the presentation or argument.  When you need to

19   speak, you must turn your camera on, and unmute your

20   microphone on the Zoom screen.

21             I remind everyone that, consistent with court and

22   judicial conference policies, and the orders that have been

23   issued, no recording or retransmission of the hearing is

24   permitted by anyone, including but not limited to the parties,

25   members of the public, and the press.  Violations of this rule
```

1  may be punished with sanctions.

2          I will be calling on each speaker during the hearing.

3  When your name is called, if you are in the courthouse, please

4  approach the podium and identify yourself by name for clarity

5  of the record.  If you are participating by Zoom, when you are

6  called upon, please turn your camera on if you're using a

7  camera, unmute yourself, and identify yourself by name for

8  clarity of the record when asked.

9          We have ensured that interpretation services are

10  available to any speaker who needs Spanish-English

11  interpretation.  After the speakers listed on the Agenda for

12  each of today's matters have spoken, I may permit other

13  counsel to address briefly any issues raised during the

14  presentations that require further remarks.  If you wish to be

15  heard under these circumstances, or feel that you need to make

16  a comment in connection with an Agenda matter and you are

17  appearing by Zoom, please use the "raise hand" feature at the

18  appropriate time.  That feature can be accessed by selecting

19  the reactions icon in the toolbox located at the bottom of

20  your Zoom screen.  I will call on the speakers one by one.

21  After you have finished speaking, you should select the "lower

22  hand" feature.

23          Please don't interrupt each other or me during the

24  hearing.  If we interrupt each other, it is difficult to

25  create an accurate transcript, but having said that, I

1    apologize in advance for breaking this rule, as I may

2    interrupt if I have questions or if you go beyond your

3    allotted time.  If anyone has difficulty hearing me or another

4    participant, please use the "raise hand" feature immediately.

5         The Agenda was filed as docket entry no. 20125 in

6    case no. 17-3283, and it is available to the public at no cost

7    on Prime Clerk for those who are interested.  I encourage each

8    speaker to keep track of his or her own time.  The Court will

9    also be keeping track of the time, and will alert each speaker

10   when there are three minutes remaining with one buzz, and,

11   when time is up, with two buzzes.  Here is an example of the

12   buzz sound.

13        (Sound played.)

14        THE COURT:  If your allocation is three minutes or

15   less, you will only hear the final two buzzes.

16        If we need to take a break, the people who are

17   listening in on the AT&T telephone dial-in line should not

18   hang up, but, instead, should keep their lines on hold or open

19   until the time for resumption of the hearing.  This morning's

20   session will continue until 12:30 PM Atlantic Standard Time,

21   which is 11:30 AM Eastern Standard Time.  At that point, or

22   earlier, we expect that the hearing will adjourn for the day.

23   The hearing will then resume tomorrow, February 17th, 2022,

24   beginning at 9:30 AM Atlantic Standard Time, which is 8:30 AM

25   Eastern Standard Time.

1        Would counsel who are participating by Zoom, other

2    than counsel for the Oversight Board, please turn your cameras

3    off now, and if there is a later Agenda item to which you'll

4    need to speak, you'll turn on your camera at that point, or if

5    I call on you.  For the sake of efficiency, the Court will

6    first hear the claim objections pertaining to those claimants

7    who are present at the courthouse in San Juan to participate

8    in the hearing or appearing by Zoom, and, periodically, I may

9    ask the courtroom deputy to indicate whether any additional

10   claimants have appeared in the courtroom, so that their

11   matters can be heard promptly.  Thank you.

12       The first Agenda item is number I.1, which is the

13   response of Obe E. Johnson to the 374th Omnibus Objection to

14   claims.  I will first ask counsel for the Oversight Board to

15   explain the basis of the objection, and then I will call on

16   Mr. Johnson to speak.

17       MS. STAFFORD:  Thank you, Your Honor.  This is Laura

18   Stafford of Proskauer Rose on behalf of the Oversight Board.

19       The objection scheduled for hearing this morning is

20   the 374th Omnibus Objection, which was filed at ECF no. 17923.

21   This objection seeks to disallow proofs of claim which were

22   filed after the bar dates established by this Court's bar date

23   orders.  For the Commonwealth, COFINA, HTA, ERS, and PREPA,

24   that bar date is June 29th, 2018; and for PBA, that bar date

25   is July 29th, 2020.

1    Pursuant to the terms of the Bar Date Order, if a

2    claimant failed to file a proof of claim on or before the

3    applicable bar date, that claimant would be forever barred,

4    estopped, and enjoined from asserting a claim against the

5    debtors, and the debtors would be forever discharged from

6    indebtedness and liability with respect to such claim.

7    The response scheduled first for hearing this morning

8    was filed by Obe E. Johnson with respect to Proof of Claim

9    Nos. 177676, 177765, and 178772, and that response is

10   available on the docket at ECF no. 18197.  Proof of Claim No.

11   177676 was filed on April 21st, 2020; Proof of Claim No.

12   177765 was filed on June 29th, 2020; and Proof of Claim No.

13   178772 was filed on October 30th, 2020.

14   In each instance, then, these proofs of claim were

15   filed nearly two years or more after the Commonwealth's bar

16   date.  Each asserts liabilities associated with the loss of

17   Mr. Johnson's carpet cleaning business as a result of an

18   allegedly wrongful conviction.  The response does not dispute

19   that the claims were not timely filed, and it does not provide

20   any explanation for the failure to timely file a proof of

21   claim.  Rather, Mr. Johnson states that he is exempt or

22   excluded from PROMESA, and cites to an order from the Court

23   granting limited modification of the automatic stay in order

24   to allow a habeas corpus action filed by Mr. Johnson to move

25   forward.  But the Order did not order or direct that

1  Mr. Johnson is excluded from PROMESA, and even if it did, the

2  Order did not relieve Mr. Johnson of the obligation to file a

3  timely proof of claim.

4      Mr. Johnson also appears to contend that he is not

5  subject to PROMESA because his claim purportedly arose prior

6  to its passage.  However, PROMESA applies to all holders of

7  pre-petition claims, regardless of the date they accrued and

8  whether that date precedes the date of the passage of PROMESA.

9      (Sound played.)

10      MS. STAFFORD:  Accordingly, because the response does

11  not dispute the claim was not timely filed, we would request

12  the Court disallow the claim.

13      THE COURT:  Thank you, Ms. Stafford.

14      Mr. Johnson, would you like to speak now?

15      MR. JOHNSON:  Good morning, Honorable.

16      THE COURT:  Good morning.

17      MR. JOHNSON:  Obe Johnson.  The first thing I would

18  like to say is I want to be released from custody.  I want to

19  be released from illegal custody.

20      Okay.  The thing I filed, as soon as you -- 2005,

21  that's the time the obligation happened, and then by --

22      COURT REPORTER:  I'm sorry, Your Honor.  This is the

23  court reporter.  If Mr. Johnson could please repeat his last

24  statement?

25      MR. JOHNSON:  Okay.  I'll repeat it all.  I request

1  that the Judge release me from custody, because the custody is

2  illegal.  That is the first thing that I request from the

3  Court.  The second problem, the obligation occurred in 2005.

4       THE COURT:  So, Mr. Johnson, I don't have the power

5  to release you from custody.

6       Oh, can anyone hear me?  He's disappeared.  Okay.  So

7  we'll wait until we can see Mr. Johnson again.  We are trying

8  to restore the contact with Mr. Johnson's facility, so

9  everyone please be patient.

10       COURTROOM DEPUTY:  Your Honor, if I may, this is the

11  courtroom deputy in Puerto Rico.  We haven't been able to

12  establish contact with the Guayama institution.

13       THE COURT:  All right.  So what we will do is go on

14  to the matter of the next speaker who is present in the

15  courtroom.  Will you continue to try to establish contact, or

16  do they have a way to call you from the Guayama institution?

17       COURTROOM DEPUTY:  They do have my contact

18  information, Your Honor, as well as the local counsel for the

19  Board, who's present in court.

20       THE COURT:  Very well.  Let's see if that contact can

21  be reestablished.  If it is, we will go back and continue with

22  Mr. Johnson, and if it is not, we will adjourn his matter to

23  another hearing time, so that we will be able to complete the

24  hearing as to his claim.

25       So what we will do is go on to Agenda matter number

1    I.4, which is the 362nd Omnibus Objection to Claims, docket

2    entry no. 17927, and the response to that objection of Maira

3    Feliciano-Rosado.

4           Would Maira Feliciano-Rosado please come to the

5    podium in the courtroom?

6           Good morning, Ms. Feliciano-Rosado.  Would you please

7    state your full name?

8           MS. FELICIANO-ROSADO:  Maira Ivette Feliciano-Rosado.

9           THE COURT:  Again, good morning.  I will now ask

10   Ms. Stafford, the lawyer for the Oversight Board, to explain

11   the objection to your claim.

12          MS. STAFFORD:  Thank you, Your Honor.

13          The 362nd Omnibus Objection, which, as Your Honor

14   noted, was filed at ECF no. 17927, seeks to reclassify proofs

15   of claim that incorrectly or improperly asserted that they are

16   either secured or entitled to administrative expense priority

17   or payment priority.  The response for hearing this morning

18   was filed by Maira Feliciano-Rosado with respect to Proof of

19   Claim No. 10547.  It's on the docket at ECF no. 18290.

20          This claim purports to assert liabilities associated

21   with a dispute between Ms. Feliciano-Rosado and two teachers'

22   unions, the Federacion de Maestros and the Asociacion de

23   Maestros de Puerto Rico, regarding the payment of monthly dues

24   to both organizations.  It also purports to be both secured

25   and entitled to administrative expense status pursuant to 11

1  U.S.C. § 503(b)(9).

2           As explained --

3           THE COURT:  You may go on.  Mr. Johnson is back on,

4  but we will finish with hearing the matter of

5  Ms. Feliciano-Rosado.  Then we will return to Mr. Johnson.

6           MS. STAFFORD:  Perfect.  Thank you, Your Honor.

7           As explained in the objection, only creditors who

8  sold goods to the debtors within 20 days of the commencement

9  of the Title III cases are entitled to administrative expense

10 priority pursuant to 11 U.S.C. § 503(b)(9).  The response that

11 was filed does not assert that Ms. Feliciano-Rosado sold goods

12 to the Commonwealth within that statutory time frame.  It also

13 does not provide any other basis that would entitle the claim

14 to secured status or administrative priority.  Instead, it

15 provides additional information regarding the grounds on which

16 Ms. Feliciano-Rosado contends she is entitled to repayment of

17 monthly dues to teachers unions.

18          Accordingly, because the response does not dispute

19 that the liabilities associated with the claim are neither

20 entitled to secured status, nor to administrative expense

21 priority pursuant to 11 U.S.C. § 503(b)(9), the debtors

22 respectfully request the Court sustain the objection and

23 reclassify the claim, notwithstanding the response.

24          Notably, this objection would not affect the merits

25 of the Feliciano-Rosado claim's assertion of liabilities

1   arising from allegedly-owed reimbursements of monthly dues,

2   which would remain pending for future determination.

3          THE COURT:  So, Ms. Stafford, you are asking for this

4   claim to be grouped with other general claims, rather than

5   paid ahead of other claims on the basis of what is legally

6   called administrative expense priority or secured claim

7   priority; is that correct?

8          MS. STAFFORD:  That is correct, Your Honor.

9          THE COURT:  You are not asking me to reject or

10  disqualify this claim altogether today; is that also correct?

11         MS. STAFFORD:  That is also correct, Your Honor.

12  Thank you.

13         THE COURT:  So, Ms. Feliciano-Rosado, I am not being

14  asked to decide today whether your claim should be paid.  The

15  Oversight Board is asking me to determine that your claim does

16  not belong in a special category that gets a higher payment

17  timing priority than other claims against the debtors, and I

18  am also being asked to determine that the government has not

19  set aside special property or security specifically intended

20  to be used to repay your claim.

21         The Oversight Board asks me, the Court, to reclassify

22  your claim, so that if, ultimately, it is determined to be a

23  valid claim, it would be treated the same as other general

24  claims against the debtors.  Do you understand that?

25         MS. FELICIANO-ROSADO:  That is correct.

1          THE COURT:  Do you object to your claim being treated

2    and considered alongside with other general unsecured claims

3    with no special priority?

4          MS. FELICIANO-ROSADO:  I object, because my case is

5    atypical.

6          THE COURT:  Would you explain why your case is

7    atypical?

8          MS. FELICIANO-ROSADO:  Well, the claimant appears as

9    an individual creditor, and the holder of the claim, comprised

10   of Mrs. Feliciano-Rosado, to also include as a claimant and

11   give a voice to her only son, the minor, L.A.R.F., who is

12   today 17 years old, as being the main victim that was

13   converted into human goods.  And pursuant to strict justice,

14   this case is not typical, given that it involves new forms of

15   selling consumption due to acts constituting a criminal

16   activity, organized crime activity, grossly violating the

17   Racketeering Influence and Corrupt Organization Act, Title 28,

18   section -- of 1962, among other state and federal laws, and

19   international laws.

20         THE COURT:  Ms. Feliciano.  Pardon me,

21   Ms. Feliciano-Rosado.  I am just interrupting to explain that

22   the types of claims that do get payment priority under PROMESA

23   are very narrow, and they are strictly defined by the statute.

24   There is not a payment priority category for the type of claim

25   that you have asserted, even though, obviously, it is a very

1   serious claim, so the purpose of the Oversight Board's

2   objection today is to establish that when your claim is given

3   its full consideration, it will be considered for payment

4   along with the other claims against the Commonwealth, because

5   there is not a special fund set aside for paying your claim

6   already, and because it does not fall within the category of

7   claims for certain sales of goods within a period of time.  It

8   is a different type of claim.

9           Do you understand that?

10          MS. FELICIANO-ROSADO:  And the instant case is not

11  unrelated to the objectives of the Puerto Rico Oversight,

12  Management, and Economic Stability Act, and it involves a

13  cause of action that terribly affects the economy of Puerto

14  Rico and its social stability.  And, therefore, by virtue of

15  Section 205 of Title II, the responsibility of the Oversight

16  Board, we ask that it intervenes on an urgent basis in this

17  case given the power that it has to intervene in the effects

18  of the laws and judicial orders of the territory, and the

19  operations of the territorial government, because this

20  involves a new form of child -- of human -- of trading humans,

21  minors, by virtue of their child support, which has become an

22  organized crime, because those payments are being sent -- the

23  payments are being sent to unknown places.

24          And the concerned agencies have retaliated against

25  me, because I reported the judge who kidnapped the child since

```
1   December 14th, 2011, took the child as a hostage.

2           THE COURT:  Ms. Feliciano-Rosado.

3           (Sound played.)

4           MS. FELICIANO-ROSADO:  And everyone has forgotten how

5   broad the law acknowledges that the support of children is

6   beyond the trafficking of humans.

7           THE COURT:  Again, this --

8           MS. FELICIANO-ROSADO:  (Remarks in Spanish.)

9           THE COURT:  Ms. Feliciano-Rosado, this hearing today

10  is not one in which I can address the claim that you are

11  making.  I am only addressing the timing of consideration of

12  that claim.  Is there anything further that you can say, that

13  you wish to say about the qualification under PROMESA of your

14  claim to be considered ahead of other claims?

15          MS. FELICIANO-ROSADO:  Yes.  The payments that are

16  being sent outside of the territory of Puerto Rico to an

17  unknown location are withdrawn from the retirement of yours

18  truly, and that child support is being used to support

19  organized crime.  And they are keeping my child under -- or in

20  forced disappearance.  To this day, I do not know where my

21  child is, and the monies from my retirement is being used.

22          I am a member of the middle working class, the lower

23  middle class of this country.  I worked for 11 years as a

24  teacher and as a counselor for the Department of Education of

25  our country at the vocational school Pedro Perea Fajardo in
```

1  Mayaguez.

2          (Sound played.)

3          MS. FELICIANO-ROSADO:  And to this day, the

4  retaliation -- I was retaliated against for reporting a judge,

5  who took my son hostage, and ever since I went to the Puerto

6  Rico -- the Administrative Office of the Courts of Puerto

7  Rico, I have been put in prison twice, despite being innocent,

8  just to silence me.  And I do not know to this day where my

9  son is, and I ask for help.

10          THE COURT:  Ms. Feliciano-Rosado.

11          MS. FELICIANO-ROSADO:  (Remarks in Spanish.)

12          THE COURT:  Ms. Feliciano-Rosado, your time to speak

13  on this claim has concluded, and so I am going to ask that

14  Ms. Stafford respond.  Then I will make my ruling.

15          MS. STAFFORD:  Thank you, Your Honor.

16          Just briefly, as Your Honor noted earlier, the

17  provisions under PROMESA that allow for early payment of

18  claims are very limited, and only allow early payment when

19  specific statutory requirements are met, or when specific

20  money is set aside for the payment of those claims.  And

21  although I'm -- although we are mindful of the concerns that

22  Ms. Feliciano-Rosado raises, they don't provide a basis for

23  either an assertion of secured status or entitlement to

24  specific payment priority.  And for those reasons, Your Honor,

25  we would continue to request that the Court sustain the

1    objection, and reclassify the claim.  Thank you.

2            THE COURT:  Thank you.

3            I have reviewed the written submissions, and listened

4    very carefully to everything that has been said today.  I am

5    terribly sorry to hear what Ms. Feliciano-Rosado has been

6    going through, and her concerns about her son, and the custody

7    matters, and the treatment of the child-custody payments.

8    Those are not matters that are properly before the Court

9    today.  What is before the Court today is the question of

10   whether the claim that Ms. Feliciano-Rosado has filed in these

11   Title III proceedings is entitled to priority payment

12   classification, either because it concerns a sale of goods to

13   the Commonwealth within a certain period of time, or because

14   it is backed by security, money, or property set aside to pay

15   that claim specially.  Neither of those necessary facts is

16   established with respect to this claim.  Therefore, the Court

17   sustains the 362nd Omnibus Objection as to claim no. 10547

18   filed by Maira I. Feliciano-Rosado.  That claim is

19   reclassified as a general unsecured claim, and it will be

20   considered and evaluated for payment and validity along with

21   other general unsecured claims.

22           Thank you, Ms. Feliciano-Rosado, for coming to court

23   today.  Your claim is reclassified.

24           MS. FELICIANO-ROSADO:  Thank you very much.

25           THE COURT:  That concludes the hearing on your claim.

1   Take care.  Thank you.

2         We will now return to the hearing of Mr. Obe

3   Johnson's claim, which is Agenda Item number I.1, and I'm glad

4   that the connection has been restored.

5         Mr. Johnson, before the connection was cut off, you

6   had said that you want to be released from custody, because

7   you believe that your custody is illegal.

8         MR. JOHNSON:  (Nodding head up and down.)

9         THE COURT:  You also said that you believe that the

10  claim that you have filed is not subject to PROMESA, because

11  the events occurred before PROMESA was ever enacted.  So what

12  I want to make clear to you is that I am not a judge who has

13  power to release you from custody.  The proceedings over which

14  I preside have to do with the debt obligations of Puerto Rico

15  and its instrumentalities, and today's proceeding specifically

16  has to do with such claims, monetary claims that have been

17  filed against the Commonwealth are entitled to be considered

18  for payment, because they were filed within the time limits

19  that are set.

20        PROMESA does cover claims for money that arise from

21  events prior to the passage of PROMESA and prior to the

22  beginning of these Title III proceedings, and so the claim --

23  to the extent you are seeking to recover money from the

24  Commonwealth because of things that happened before PROMESA

25  was enacted, those claims still have to be evaluated under

1    PROMESA, and they are subject to PROMESA.  I wanted to make

2    clear those two matters before you complete your remarks, so

3    you may now continue your remarks.

4         MR. JOHNSON:  According to -- you said you couldn't

5    release me, habeas corpus, because I have --

6         THE COURT:  Mr. Johnson, would you speak even a

7    little louder and much slower, so that we can make sure that

8    we understand everything that you're saying?  The volume is a

9    little low.

10        MR. JOHNSON:  According to what I wrote, I wrote -- I

11   asked to be released.  And the government sued me for all the

12   time I've been in jail, because I couldn't provide -- they

13   said it's not something that --

14        COURT REPORTER:  I'm sorry, Your Honor.  This is the

15   court reporter.  If Mr. Johnson could repeat his last

16   sentence?

17        MR. JOHNSON:  I said equitable relief, that the claim

18   I made -- equitable relief for money, and for being in jail,

19   they put all the claim in one, and then, according to what the

20   Judge said, she said she couldn't release me.  Who's going to

21   release me?  And it said equitable relief.  And then,

22   according to equitable relief, according to habeas corpus, the

23   federal can release me, and the federal refused to release me,

24   and then they went and prosecuted me.  So who's going to

25   release me?  The federal refused to release me.  Who's going

1  to release me?

2       THE COURT:  Mr. Johnson, you have brought a habeas

3  corpus proceeding, and you have been -- you have proceedings

4  in the Federal Courts that have jurisdiction over your claims

5  regarding your imprisonment.  I don't have jurisdiction over

6  those claims, and I also can't give you legal advice.

7       MR. JOHNSON:  Okay.  But what --

8       THE COURT:  Now as to -- yes, Mr. Johnson?

9       MR. JOHNSON:  Yes.  What about the loss of my

10 company?  I lost -- I lost my company.  Who's going to

11 compensate me for that?

12      THE COURT:  So your claim for compensation for loss

13 of your company is a claim that is covered by PROMESA.  The

14 problem that the Oversight Board has raised with your claim

15 here is that you were required to have filed this claim for

16 payment in these proceedings under PROMESA by a date in 2018,

17 and your claims were not filed until 2020.  When Ms. Stafford

18 spoke, she said that you have not offered any reason why you

19 did not file the claims in time, and because of that, she is

20 asking me, the Oversight Board is asking me to strike those

21 claims, because they were not filed in the time limits.

22      Is there anything that you can tell us today about

23 what kept you from filing your claim within the right time

24 period, that is, by 2018?

25      MR. JOHNSON:  Yeah.  Because -- why I didn't file the

1    claim on time?  I said the date -- I mean the incident

2    occurred in 2005, and then I was prosecuted.  When I told them

3    -- it was a lawsuit.  I filed a lawsuit in 2018 -- I mean

4    2017.  I've got the paperwork here.  I filed a lawsuit in the

5    state court, and I filed a lawsuit in the Federal Court.  They

6    prosecuted me.  So when I went to the prosecution, there was

7    no way the court could decide -- I went there for a

8    proceeding, and then if the incident happened before -- Carmen

9    Santini assisted and told me all of PROMESA, except I didn't

10   file my paper -- I mean on time.  And then the case, it was in

11   court.  The case was in this court, and in the Federal Court.

12   And then they said --

13          THE COURT:  So your criminal case and your --

14          MR. JOHNSON:  The loss of my company.

15          THE COURT:  -- case for your damages were in Federal

16   Court before PROMESA.  You're telling me that?

17          MR. JOHNSON:  Yeah.  Yeah.  I have the contract here,

18   Honorable.

19          THE COURT:  So under PROMESA, under the notices that

20   were sent, you needed to file a separate claim in the PROMESA

21   proceeding by a date in 2018.  You ultimately filed that claim

22   in 2020.  Do you have a reason for waiting until 2020?  Is

23   there something that kept you from filing the required

24   separate claim in this Title III case under PROMESA until

25   2020?

1          MR. JOHNSON:  Yeah.  Because 2017 -- I mean, I should

2     have done it, but the proceeding was all -- I thought the

3     Federal Government was going to resolve the problem, but they

4     didn't resolve the problem.  And they said, no, we cannot

5     accept the lawsuit.  The lawsuit was dismissed.  I disputed

6     the lawsuit to Boston, and Boston sent the case back.  And

7     Boston told them to make a decision.  Then they said I

8     couldn't file -- I mean, I could not, I mean, send the case

9     right away to PROMESA.  I'm waiting for a decision from the

10    Federal Court -- I mean from Boston, and Boston delayed the

11    decision.  And PROMESA came into existence 2017, 2018 -- I

12    mean, that's my point, because I don't file the law -- I mean,

13    I don't file the case -- I got the paperwork from 2017.  I got

14    my case from -- I've got the paperwork.  I have it here.

15         Let me see something.  One second.  2017.  The case

16    in Federal Court -- I mean 2015.  I filed it assuming it was

17    this court, and they refused.  Then I went back to the --  I

18    went to the Federal Court, and I filed the lawsuit.  And the

19    Federal Government excused the lawsuit in Boston, and Boston

20    started looking for the -- the decision.  I couldn't go right

21    away to PROMESA.  If I go to PROMESA, I've got to -- at that

22    time, PROMESA hadn't come to existing.  So all the time I was

23    waiting for PROMESA to existing.  That's the cause of the

24    delay.

25         THE COURT:  Thank you, Mr. Johnson.  I'm now going to

1    ask Ms. Stafford to respond.

2         MS. STAFFORD:  Thank you, Your Honor.

3         I didn't hear anything in Mr. Johnson's statements

4    that would indicate he was unable to or unaware of his ability

5    to file the proof of claim by 2018.  I understand that he is

6    asserting liabilities arising from actions that took place in

7    2005, and lawsuits that may have been filed in 2015 and 2017.

8    However, the existence of the -- and the existence of those

9    lawsuits would indicate his ability to file a proof of claim,

10   or his knowledge that there was liability that he intended to

11   assert as early as 2017.  And that could have been filed

12   timely by 2018, and so I still don't -- haven't heard any

13   explanation for Mr. Johnson's delay until 2020 in the filing

14   of these proofs of claim.

15        THE COURT:  Ms. Stafford, am I correct in

16   understanding that a claim within the meaning of PROMESA is

17   not only something that has been finally determined to be

18   payable by another court, but also something that might become

19   payable if other events, such as an affirmance or a reversal

20   of a decision on appeal, went in favor of the claimant, but

21   the time limit required a person to say, I believe that,

22   ultimately, I should be paid, even if everything hasn't been

23   determined in my favor yet?  That would be the 2018 deadline;

24   is that correct?

25        MS. STAFFORD:  That is correct, Your Honor.  By

1    2018 -- by the 2018 deadline, to the extent Mr. Johnson

2    believes he was potentially entitled to payment as a result of

3    one of these lawsuits, he was required to file a proof of

4    claim, as we understand it, the Order, Your Honor.

5            THE COURT:  Thank you.

6            I am now ready to make my ruling.  I read the papers

7    that were filed beforehand, and I have listened very carefully

8    to everything that has been said here today.  I understand

9    that Mr. Johnson has ongoing legal proceedings as to his

10   habeas corpus petition and that he pursued very vigorously his

11   other claims in his federal cases, but my decision today has

12   to do with the timeliness of the claims that he filed to be

13   compensated in these PROMESA Title III proceedings, which do

14   apply to his monetary claims for damages and relief arising

15   from events preceding PROMESA.

16           I am sustaining the -- I'm sorry.  Mr. Johnson, did

17   you -- no.  I thought I heard his voice.

18           My decision is that the 374th Omnibus Objection is

19   sustained as to claim nos. 177676, 177765, and 178772 filed by

20   Obe Johnson.  Those claims are disallowed in their entirety,

21   because they were filed well after the bar date, some two

22   years after the 2018 bar date.

23           Mr. Johnson's explanation that he did not file the

24   claims, because the Court in Boston -- by which I understand

25   him to mean the First Circuit Court of Appeals -- had not

1   rendered its rulings yet, is not sufficient to justify the

2   late filing of his proofs of claim, because PROMESA required

3   him to file proofs of claim even if he was simply in the

4   position at that time that he believed that he should be paid

5   that money.  That was required to be done by 2018, and it was

6   not.  Therefore, these three proofs of claim are disallowed,

7   and his justification is insufficient.

8        Now I did hear another voice.  Who is that speaking?

9   Mr. Johnson, did you -- all right.  That was not Mr. Johnson.

10       Thank you very much, Mr. Johnson.  Oh, yes.  You have

11   your hand up now.

12       MR. JOHNSON:  So why are you disallowing the claim?

13   Why you disallowed the claim?  Because if Boston delayed the

14   proceeding, it meant I'm waiting for Boston.  I couldn't just

15   go to PROMESA right away.  And the Federal Court was delaying.

16   So after 20 -- I mean 2018, at that time, PROMESA didn't even

17   existed.  At that time, Boston still had the case, and I

18   couldn't go to PROMESA right away.  If I go to PROMESA, Boston

19   having the case, it's going to -- and Boston had the pleading

20   at that time.

21       THE COURT:  Mr. --

22       MR. JOHNSON:  Yes, Honorable?

23       THE COURT:  Mr. Johnson, you could have gone to

24   PROMESA right away, and PROMESA required you to go to PROMESA

25   and file the claims, even though the proceedings were still

1  pending in Boston.  That was the law.  You were required under

2  PROMESA to say that you have these claims, and file your proof

3  of claim by 2018, even though the Boston court had not yet

4  rendered its decision.  That is the law that I am required to

5  apply here, and that is why your claims are disallowed.  That

6  is my ruling.

7          This hearing is concluded.  Thank you, Mr. Johnson.

8          MR. JOHNSON:  Okay.  Honorable --

9          THE COURT:  One more remark, Mr. Johnson.  Yes.

10         MR. JOHNSON:  The hearing's concluded, but -- okay.

11  I mean, you disallowed my claim.  Okay.  Who's going to pay me

12  for the losses of my company, my loss?  How can I get payment

13  if the claim is disallowed?  You see?  And then my loss, how

14  am I going to get payment?  Certainly -- I'm in jail, and they

15  continue putting me in jail illegal.  And I'm in jail --

16         COURT REPORTER:  I'm sorry, Your Honor.  This is the

17  court reporter.  If Mr. Johnson could please slow down just a

18  little bit and repeat his last sentence?

19         MR. JOHNSON:  Yeah.  Okay.  I'm saying if my claim is

20  disallowed -- you said I filed the claim late.  Okay.  Boston

21  hadn't made the decision if -- when I go to PROMESA -- at that

22  time, PROMESA hadn't come to existing, so how can you go on a

23  claim that I say -- a claim of lawsuit, as soon as I go to the

24  PROMESA court -- at that time, Boston hadn't made its ruling.

25  And, first of all, I'm in jail illegal, so that means I've

1　been in jail illegal, and you stick -- I'm in jail illegal,

2　and then you say -- I mean, how are you going to pay me off

3　when you've got me in jail illegal? I don't know. I mean,

4　they've got me in jail illegal. I lost my company and

5　everything. Who's going to pay me off?

6　　　　THE COURT: Mr. Johnson, I have made my ruling. Your

7　PROMESA claim was filed too late, and your claims regarding

8　your current custody and the illegality of your prosecution

9　are ones that you need to pursue in your existing proceedings.

10　I have lifted the automatic stay in a different order to

11　permit you to proceed with your habeas corpus petition.

12　　　　MR. JOHNSON: Okay.

13　　　　THE COURT: So I thank you for appearing in court

14　today. I am sorry that the law requires me to disallow your

15　claims because they are late, but that is the law; and

16　everyone has to be treated according to the requirements of

17　the law, which required you to file a claim even if the First

18　Circuit had not yet ruled.

19　　　　Thank you, Mr. Johnson. That is the conclusion of

20　the hearing. Take care.

21　　　　We will now address the next Agenda item of a

22　claimant who is in the courtroom, and that is Agenda Item

23　number II.5 -- one moment -- the 337th Omnibus Objection,

24　which is docket entry no. 17081, and, specifically, the

25　response of Maria R. Carrion-Vega to that objection.

1              Would Ms. Maria R. Carrion-Vega please come to the

2      podium?

3              MS. CARRION-VEGA:  Good morning.

4              THE COURT:  Good morning.  Would you please state

5      your full name?

6              MS. CARRION-VEGA:  My name is Maria del Rosario

7      Carrion-Vega.

8              THE COURT:  Thank you.

9              I will now ask the attorney for the Oversight Board

10     to explain the objection to your claim.

11             MS. STAFFORD:  Thank you, Your Honor.

12             And I would just note for the record that there is

13     also the 362nd Objection with respect to this claim, but I

14     think it will be easiest to address that separately if that

15     works for Your Honor.

16             THE COURT:  Yes.  Thank you.

17             MS. STAFFORD:  Thank you, Your Honor.

18             So, as Your Honor noted, the 337th Omnibus Objection

19     was filed at ECF no. 17081.  This objection seeks to

20     reclassify claims which purport to be associated with either

21     salaries owed by Commonwealth agencies, or other entities

22     within the Commonwealth Government, or pensions purportedly

23     owed to public employees.  Both types of liabilities would

24     lie, if at all, with the Commonwealth, and not with ERS.  And

25     so the objection seeks to reclassify those claims to be

1   asserted against the Commonwealth, instead of ERS.

2        The response filed and scheduled for hearing this

3   morning by Ms. Carrion-Vega is with respect to Proof of Claim

4   No. 3258, and, actually, there were two responses which were

5   received directly by the debtors and filed on the docket at

6   ECF nos. 20001-1, -2, -3, and -4.  The proof of claim asserts

7   liabilities associated with allegedly accrued but unpaid wages

8   arising from Ms. Carrion-Vega's employment with the

9   Municipality of Bayamon's court system, as well as associated

10  pension.  Liabilities associated with unpaid wages purportedly

11  owed by the Municipality of Bayamon would not lie with ERS,

12  however, as the Municipality of Bayamon is not a part of ERS.

13       Further, as explained in the objection, liabilities

14  associated with pension-related claims are properly asserted

15  against the Commonwealth, and not ERS, because the

16  Commonwealth has assumed ERS's obligation to make

17  pension-related payments.  The responses do not dispute that

18  the liabilities asserted by the claim are properly asserted,

19  if at all, against the Commonwealth, and not ERS.  Rather,

20  they reiterate Ms. Carrion-Vega's request that certain pension

21  benefits should be paid.

22       Because the responses do not dispute that the

23  liabilities asserted are properly asserted before the

24  Commonwealth, and not ERS, the debtors would request the Court

25  sustain the objection and reclassify the claim to be asserted

1  against the Commonwealth, notwithstanding the responses.

2        Notably, Ms. Carrion-Vega will not be prejudiced by

3  this reclassification, and she will retain a claim against the

4  Commonwealth.

5        Thank you, Your Honor.

6        THE COURT:  Thank you.

7        So you are not asking that her claim be rejected.

8  You are asking that her claim be reclassified or recognized as

9  one against the Commonwealth, which has taken the

10 responsibility for paying valid retirement and pension benefit

11 claims, and not as a claim against ERS; is that correct?

12       MS. STAFFORD:  That is correct, Your Honor.  Thank

13 you.

14       THE COURT:  Thank you.

15       Good morning, Ms. Carrion-Vega.  Do you understand

16 that this is seeking to reclassify your claim, so that it will

17 be considered against the Commonwealth, rather than a claim

18 considered against ERS?

19       MS. CARRION-VEGA:  No, Your Honor.  No, Your Honor.

20       THE COURT:  So the -- I'm sorry.  Please go on.

21       MS. CARRION-VEGA:  Your Honor, October 1st, 1983, our

22 Honorable Governor Romero Barcelo declared a pay increase for

23 all public employees, including those of the Administrative --

24 the Administrative Office of the Courts.  And we have been

25 waiting for such increase, and did not receive it.  Therefore,

 1    we filed the corresponding complaint before the Court of

 2    Puerto Rico for declaratory judgment and in order to be paid

 3    this pay increase.  And judgment was entered on October 12th,

 4    2016, and served on October 14th, 2016.  And this is an

 5    amended judgment on -- nunc pro tunc, and it was never

 6    appealed, it was not revised, it was never reconsidered.

 7    Therefore, it is a final and enforceable judgment.  And the

 8    judgment was never appealed.  And, therefore, we are -- I am

 9    here to request that the payments be made pursuant to the

10    judgment, as the judgment is self-explanatory, and also, on

11    the debt pending payment, any applicable late fees and

12    charges.  And that is what I am here for, Your Honor, to move

13    for this remedy very -- or relief very respectfully.

14            THE COURT:  Thank you, Ms. Carrion-Vega.  I have a

15    question for you.  Is this judgment a judgment for pension

16    payments that you believe should have been higher, because of

17    the Romerazo law?

18            MS. CARRION-VEGA:  This is a judgment where we were

19    granted a pay increase, which was declared by Romero-Barcelo

20    for all public employees, teachers, police officers,

21    administrative personnel of the courts.  And there are 96

22    plaintiffs in our claim, and when the pertinent payment was

23    going to be made, the Oversight Board put a stay on the

24    payment.  And, therefore, I have come here to seek justice in

25    our case, and for this judgment to be validated, and the

1   payment made.

2           THE COURT:  Thank you.

3           I now have a question for Ms. Stafford.

4   Ms. Stafford, are you familiar with this judgment?

5           MS. STAFFORD:  I am not familiar with the judgment,

6   Your Honor, and I am not certain whether there's a case number

7   or a judgment attached to Ms. Carrion-Vega's proof of claim.

8   To the extent there is information that she is able to provide

9   to us regarding the judgment, we would certainly appreciate

10  it, and my colleague within the courtroom in Puerto Rico would

11  be glad to receive it I'm sure.

12          THE COURT:  So -- I'm sorry, Ms. Terry.  You can

13  finish.

14          So now I will speak.  Ms. Carrion-Vega, apparently

15  the Oversight Board does not have a copy of the judgment that

16  you are referring to, and so to make certain that the full

17  basis of your claim is understood, a lawyer for the Oversight

18  Board is there in the courtroom and will arrange to make a

19  copy of the documents that you've brought to the courtroom

20  today.  We will adjourn this hearing, so that your claim can

21  be further considered, and the Oversight Board can determine

22  whether the types of objections that have been brought are the

23  appropriate ones for your claim.  You will be sent further

24  information before anything further is done with respect to

25  your claim.

1           Ms. Stafford, is that an acceptable way of proceeding

2      here?

3           MS. STAFFORD:  Yes, Your Honor.

4           THE COURT:  So we will adjourn the hearing of Agenda

5      Item 5, which covers the 337th Objection and the 362nd

6      Objection, as to Ms. Carrion-Vega, and you will be providing

7      further information to Ms. Carrion-Vega and the Court as to

8      whether those objections will be pursued.  Is that acceptable

9      to you?

10          MS. STAFFORD:  Certainly, Your Honor.

11          THE COURT:  Thank you.

12          Ms. Carrion-Vega, do you understand that we are not

13     resolving these objections today, and the additional

14     information that you have brought to court today will be

15     considered further?

16          MS. CARRION-VEGA:  Yes.  I do understand what you

17     have stated, Your Honor, and I hope that some decision will at

18     least be made to that effect.

19          THE COURT:  Your claim is still pending, and it will

20     be considered.  I cannot make a decision today directing

21     payment of the claim, and that was not the purpose of the

22     objection today.  The objection today was for the purpose of

23     deciding the entity that should be responsible for your claim,

24     and also the priority of the claim, whether it's entitled to

25     be considered ahead of other claims.  Both of those matters

1    will be evaluated further by the Oversight Board, which will

2    inform you and the Court as to whether those objections are

3    continued.

4         Thank you for coming to court today.

5         MS. CARRION-VEGA:  Your Honor, may I say something?

6         THE COURT:  Yes, you may.

7         MS. CARRION-VEGA:  When a decision is made in

8    relation to the case I have brought before the Court, I ask

9    whether you could serve me with a copy of the resolution

10   entered in this regard at my address.

11        THE COURT:  Two things will happen.  One is that it

12   will be determined whether there is a further hearing or a

13   further objection.

14        Ms. Stafford, notice will be sent to Ms. Carrion-Vega

15   regarding that; is that correct?

16        MS. STAFFORD:  That is correct, Your Honor.

17        THE COURT:  Then in terms of whether the payment of

18   the claim is going to be made, or whether there will be, you

19   know, some effort to negotiate it, that is something of which

20   you would also send notice to Ms. Carrion-Vega at her house?

21        MS. STAFFORD:  That is correct, Your Honor.

22        THE COURT:  If you seek to have the claim rejected

23   entirely by the Court, that is something that would be noticed

24   as a motion in the court, and that notice would also be sent

25   to Ms. Carrion-Vega at her house; is that correct?

1          MS. STAFFORD:  That is correct, Your Honor.  To the

2     extent we would proceed to disallow this claim, we would file

3     a further objection, and it would be mailed to Ms.

4     Carrion-Vega.

5          THE COURT:  Thank you.

6          So, Ms. Carrion-Vega, you will receive notice by mail

7     at your house of the further proceedings on your claim.

8          MS. CARRION-VEGA:  May I say something?

9          THE COURT:  Yes.

10         MS. CARRION-VEGA:  Your Honor, may I say something?

11         THE COURT:  Yes, you may.

12         MS. CARRION-VEGA:  Your Honor, with regard to any

13    notice of dismissal of my complaint, that judgment became

14    final and enforceable.  It was never -- reconsideration was

15    never sought.  There was never any revision of the judgment.

16    And six years have passed since it was entered, and,

17    therefore, it cannot be reviewed at this point.

18         THE COURT:  Well, I am not saying that there will

19    necessarily be a rejection of your claim.  I am saying that

20    I'm not evaluating that today, and when that is decided, the

21    disposition of your claim, you will receive notice either of a

22    hearing, or, if your claim is accepted in full, you would

23    receive notice of that.

24         Would you confirm, Ms. Stafford, that that notice

25    will be provided to Ms. Carrion-Vega?

1          MS. STAFFORD:  That is correct, Your Honor.

2          THE COURT:  Thank you.

3          Thank you for coming to court, Ms. Carrion-Vega.  The

4    hearing on your claim for today is concluded.  Please make

5    sure to give your documentation to the lawyer, who will

6    identify themself to you, in the courtroom.

7          MS. CARRION-VEGA:  Thank you, Your Honor.

8          THE COURT:  Thank you.

9          The next Agenda item for which a person is present in

10   the courtroom is Agenda Item number III.7, which is the 374th

11   Omnibus Objection, and the response of Jack Mercado-De Jesus

12   to that objection.

13         Would Jack Mercado-De Jesus please come to the

14   podium?

15         MR. MERCADO-DE JESUS:  Buenos dias.

16         THE COURT:  Good morning.  Would you please state

17   your full name for the record?

18         MR. MERCADO-DE JESUS:  Okay.  My name is Jack

19   Mercado-De Jesus.

20         THE COURT:  Thank you.  I'm first going to ask the

21   attorney for the Oversight Board to explain the objection to

22   your claim, and then I will ask you to speak.

23         MS. STAFFORD:  Thank you, Your Honor.

24         THE COURT:  Ms. Stafford, would you please speak now?

25         MS. STAFFORD:  Thank you, Your Honor.

1    The objection scheduled for hearing this morning is

2    the 374th Omnibus Objection, which was filed at ECF no. 17923.

3    This objection seeks to disallow proofs of claim which were

4    filed after the bar dates established by this Court's bar date

5    orders, which, for the Commonwealth, COFINA, HTA, ERS, and

6    PREPA is June 29th, 2018; and for PBA, that bar date is July

7    29th, 2020.

8    Pursuant to the terms of the Bar Date Order, if a

9    claimant failed to file a proof of claim that they were

10   required to file on or before the applicable bar date, that

11   claimant would be forever barred, estopped, and enjoined from

12   asserting such claim against the debtors, and the debtors

13   would be forever discharged from indebtedness and liability

14   with respect to such claim.

15   The response at issue this morning was filed by Jack

16   Mercado-De Jesus with respect to Proof of Claim No. 173757,

17   and it's available on the docket at ECF no. 18184.  This proof

18   of claim was filed on April 23rd, 2020, and it asserts

19   liabilities associated with a Nota de Ahorro, or savings note,

20   dated October 7th, 2009.

21   The response does not address the debtors' contention

22   that the claim was filed after the applicable bar date.

23   Instead, it says it disputes the objection, because all

24   bondholders should be paid.

25   As set forth in the debtors' reply, the bar date

1    orders did not require parties to file proofs of claim with

2    respect to bonds, or other similar instruments, provided their

3    claim is limited to the repayment of principal, interest, and

4    other amounts arising from applicable trust agreements or bond

5    documents.  To the extent the agreement seeks to assert a

6    claim for amounts aside from repayment of principal and

7    interest, such as a claim for investment losses, they were

8    required to file a proof of claim on or before the applicable

9    bar date.

10           Accordingly, to the extent Mr. Mercado-De Jesus seeks

11    to assert amounts beyond principal and interest, those claims

12    would be late-filed, and the debtors would ask the Court to

13    disallow those claims.  However, to the extent Mr. Mercado-De

14    Jesus seeks solely repayment of principal and interest on Mr.

15    Mercado-De Jesus's savings notes, the debtors do not seek to

16    disallow that aspect of the proof of claim.  Accordingly,

17    because the response does not dispute that the claim was not

18    timely filed, and does not provide an explanation for the

19    failure to timely file a proof of claim, the debtors would

20    request that the Court sustain the objection and disallow the

21    claim, solely to the extent it seeks to assert amounts beyond

22    principal and interest on the savings note.

23           Thank you, Your Honor.

24           THE COURT:  Thank you.  Ms. Stafford, I just want to

25    ask you a couple of questions before I hear from

1   Mr. Mercado-De Jesus.  Ms. Stafford, is there anything in the

2   proof of claim that appears to the Oversight Board to be

3   seeking more than the principal, the amount that was used to

4   pay the note, plus interest on the note?

5        MS. STAFFORD:  We don't believe there's anything that

6   clearly indicates that interest in asserting amounts aside

7   from principal and interest, but to the extent it does, we

8   just wanted to make sure that that claim was resolved.

9        THE COURT:  So to the extent that Mr. Mercado-De

10  Jesus is saying "I have an 800 dollar note on which I am

11  entitled to interest, and I want to be paid on that note," you

12  are not objecting to that part of the claim?

13       MS. STAFFORD:  That is correct.

14       THE COURT:  You are only objecting in case he is

15  asking for something else, and it's not clear to you whether

16  he is asking for anything else?

17       MS. STAFFORD:  That is correct.

18       THE COURT:  Is that correct?

19       MS. STAFFORD:  That is correct.

20       THE COURT:  So, Mr. Mercado-De Jesus, would you now

21  explain whether you are seeking anything more than payment on

22  your note?

23       MR. MERCADO-DE JESUS:  No.  I am only here to claim

24  the savings note, which expired on October 7, 2014; and the

25  interest thereon as of October 7, 2014; and the principal of

1    800 dollars, yes, because this note had a condition which

2    established that, after October 7, 2014, interest would not be

3    paid thereon.

4         THE COURT:  So you are seeking interest after 2014,

5    as well as the interest that was provided for in the note; is

6    that correct?

7         MR. MERCADO-DE JESUS:  Interest only up to October 7,

8    2014.  I have no right to payment of interest past that date.

9         THE COURT:  Thank you.

10        Ms. Stafford, any further comment?

11        MS. STAFFORD:  I have no further comment, Your Honor.

12   Thank you.

13        THE COURT:  Thank you.  So --

14        MR. MERCADO-DE JESUS:  I'd like to say something

15   else, because I have two cases.

16        THE COURT:  The objection is to the claim no. 172757.

17   Do you have another -- a different claim?

18        MR. MERCADO-DE JESUS:  Yes, because I am a retired

19   employee of the -- of PRASA, the Puerto Rico Aqueduct and

20   Sewer Authority.  And I am worried, because of the agreement

21   that was reached and that the teachers have rejected, because

22   I don't know what's going to happen with the reserve that was

23   established by the Oversight Board, which they controlled and

24   were the ones that could withdraw money from, so that the

25   government could not touch the reserve.  And that was to be

1   used to pay past, present, and future retirees.

2          THE COURT:  That is not a matter that is on for

3   hearing today, Mr. Mercado-De Jesus, and so I cannot tell you

4   anything about that today.  I am not going to ask the

5   Oversight Board's attorney to speak to that matter today.

6          I am now going to rule on the objection, and your

7   response to the objection, with respect to the claim --

8          Ms. Stafford, would you please recite the accurate

9   claim number?  I have two different numbers written here, so I

10  want to make sure I'm accurate.

11         MS. STAFFORD:  I believe it is Proof of Claim No.

12  173757.

13         THE COURT:  Thank you.

14         As to Proof of Claim No. 173757 of Jack Mercado-De

15  Jesus, that claim is disallowed as late-filed solely to the

16  extent it might be read to assert any claim other than for the

17  principal, and interest, and amounts payable under the Nota de

18  Ahorro identified by the claimant in the proof of claim.  The

19  objection is overruled, and the claim stands to the extent it

20  seeks -- to the extent that the claim seeks payment of amounts

21  that are properly payable under the note.  The debtors concede

22  that the Bar Order deadline does not apply to a claim for

23  payment of amounts payable under the note.  So that is my

24  ruling as to claim no. 173757.

25         Thank you for coming to court today, Mr. Mercado-De

1   Jesus.

2         MR. MERCADO-DE JESUS:  I'd like to clarify something

3   else, because there is an error in the document that I

4   received from you all.  This is a document that I received on

5   February 9th of the current year, at 3:30 PM, and I don't know

6   what information I need to tell the Court, so that -- to

7   inform the Court what I am referring to, because my case

8   number is here on this document, which is a legal document

9   that I received.  Here at the top is the heading where the

10  case number is indicated, and the date, and the number of

11  pages.

12        THE COURT:  Mr. Mercado-De Jesus, there is a lawyer

13  in the courtroom from the Oversight Board, and so that lawyer

14  will identify themself.  You can show that document to the

15  lawyer, and ask the questions of the lawyer in the courtroom.

16        MR. MERCADO-DE JESUS:  Okay.  Very well.

17        THE COURT:  Thank you.  Have a good day,

18  Mr. Mercado-De Jesus.

19        MR. MERCADO-DE JESUS:  Okay.  Thank you.  Very well.

20        THE COURT:  The next Agenda item for which an

21  individual is present to speak in the courtroom is Agenda Item

22  number III.13, which is the 374th Omnibus Objection, and the

23  response of Maria Vianey Rosario-Cuevas.

24        Would Ms. Rosario-Cuevas please come to the podium?

25        Good morning.  Would you please state your full name

1    for the record, please?

2            MS. ROSARIO-CUEVAS: Yes. A very good morning to the

3    both of you. My name is Maria Vianey Rosario-Cuevas, and I

4    work for the Public Buildings Authority.

5            THE COURT: Thank you. I will now ask Ms. Stafford,

6    who represents the Oversight Board, to explain the objection

7    to your proof of claim.

8            MS. ROSARIO-CUEVAS: Okay.

9            MS. STAFFORD: Thank you, Your Honor.

10           The objection scheduled for hearing this morning is

11   the 374th Omnibus Objection, which seeks to disallow proofs of

12   claim filed after the bar dates established by this Court's

13   bar date orders, which for the Commonwealth, COFINA, HTA, ERS,

14   and PREPA would be June 29th, 2018, and for PBA, would be July

15   29th of 2020.

16           Pursuant to the terms of the Bar Date Order, if a

17   claimant failed to file a claim on or before the applicable

18   bar date, that claimant would be forever barred, estopped, and

19   enjoined from asserting such claim against the debtors, and

20   the debtors would be discharged from indebtedness and

21   liability with respect to such claim.

22           The response scheduled for hearing this morning is

23   with respect to Proof of Claim No. 173790, which was mailed to

24   the Oversight Board and filed on the docket at ECF no.

25   19996-1, with a translation available at 19996-2. The claim

1   asserts liabilities arising from allegedly accrued but unpaid

2   wage increases.

3          The response consists of a copy of a notice

4   accompanying the objection, and a letter stating that the

5   claim was timely filed, along with a certified mail receipt.

6   The receipt demonstrates that the proof of claim was mailed on

7   April 17th, 2020, well after the Commonwealth's bar date.  The

8   response does not explain why Ms. Rosario-Cuevas was unable to

9   file a timely proof of claim.  Accordingly, because

10  Ms. Rosario-Cuevas does not dispute that the claim was not

11  timely filed, and does not provide an explanation for the

12  failure to timely file a proof of claim, we would request the

13  Court sustain the objection and disallow the claim.

14         Thank you, Your Honor.

15         THE COURT:  Thank you.

16         Ms. Stafford, it appears from Ms. Rosario-Cuevas'

17  proof of claim and her response that her claim is filed in

18  connection with a claim against the Public Buildings

19  Authority.  She cites a lawsuit against the Public Buildings

20  Authority, and refers to the Public Buildings Authority.

21         The proof of claim bar date for the Public Buildings

22  Authority was in July, I believe, of 2020, and this proof of

23  claim was mailed on April 17th, 2020.  So you are citing the

24  Commonwealth bar date in 2018, but it appears, on the face of

25  the proof of claim, that this should be considered a claim

1  against PBA, not against the Commonwealth, and it looks to be

2  timely. Will you please explain why you are calling it

3  untimely as against the Commonwealth?

4          (Sound played.)

5          MS. STAFFORD: Well, we are considering it untimely

6  as against the Commonwealth, Your Honor, because it was

7  indicated as a claim that was being asserted against the

8  Commonwealth, and to the extent Ms. Rosario-Cuevas intends to

9  assert a claim against the Commonwealth, it would be

10  late-filed, because it has arisen many years after the

11  Commonwealth's bar date. To the extent that

12  Ms. Rosario-Cuevas intended to assert a claim against PBA,

13  which is not what the proof of claim indicated, but to the

14  extent that that is what Ms. Rosario-Cuevas intended to

15  assert, we would not object to simply reclassifying the claim

16  to be asserted against PBA, instead of against the

17  Commonwealth.

18          THE COURT: According to the records we have, the

19  claimant, Ms. Rosario-Cuevas, actually did not indicate which

20  debtor it was on the top of her proof of claim, but Prime

21  Clerk seems to have characterized it as a claim against the

22  Commonwealth. So if, in fact, Ms. Rosario-Cuevas confirms

23  that her claim is against the PBA for compensation, the

24  Oversight Board will reclassify it and consider it as a timely

25  claim against PBA; is that correct?

1          MS. STAFFORD:  That is correct, Your Honor.

2          THE COURT:  Thank you.

3          Ms. Rosario-Cuevas, are you seeking to recover the

4    wages, the wage increases from the PBA or from the

5    Commonwealth of Puerto Rico?

6          MS. ROSARIO-CUEVAS:  From the Public Buildings

7    Authority.

8          THE COURT:  So there was a mistake in the way your

9    claim was indicated in the records here.  The Oversight Board

10   understands that now and will consider your claim as one

11   against the Public Buildings Authority, and it will go forward

12   as a claim against the Public Buildings Authority.  Is that

13   acceptable to you?

14         MS. ROSARIO-CUEVAS:  Acceptable.

15         THE COURT:  Very well then.  My ruling is that the

16   374th Omnibus Objection is overruled as to claim no. 173790 of

17   Maria Vianey Rosairo-Cuevas, because her claim is not against

18   the Commonwealth.  On the consent of the Oversight Board and

19   the claimant, this claim is reclassified as a claim against

20   the Public Buildings Authority.

21         Thank you very much for coming to court today,

22   Ms. Rosario-Cuevas.

23         MS. ROSARIO-CUEVAS:  Likewise to both of you, and

24   have a nice day.

25         THE COURT:  Thank you.  You, too.

1          The next Agenda item for which a person is present to

2     speak in the courtroom is Agenda Item III.14, the 374th

3     Omnibus Objection, and the response to that objection of Nydia

4     Febo-Vazquez.

5          So would Ms. Febo-Vazquez please come to the podium?

6          Good morning.  Would you please state your full name?

7          MS. FEBO-VAZQUEZ:  Okay.  Good morning.  My name is

8     Nydia Febo-Vazquez.

9          THE COURT:  Again, good morning.  I will now ask the

10    attorney for the Oversight Board, Ms. Stafford, to explain the

11    objection to your claim.

12         MS. STAFFORD:  Thank you, Your Honor.

13         The 374th Omnibus Objection seeks to disallow proofs

14    of claim which were filed after the bar dates established by

15    the Court's bar date orders, which, for the Commonwealth,

16    COFINA, HTA, ERS, and PREPA was June 29th of 2018, and, for

17    PBA, was July 29th of 2020.  Pursuant to the terms of the bar

18    date orders, if a claimant failed to file a proof of claim on

19    or before the applicable bar date, that claimant would be

20    barred, estopped, and enjoined from asserting a claim against

21    the debtors, and the debtors would be forever discharged from

22    indebtedness and liability with respect to such claims.

23         The response scheduled for hearing this morning was

24    filed by Ms. Nydia Febo-Vazquez with respect to Proof of Claim

25    No. 168048, and it's available on the docket at ECF no. 18177.

1    This proof of claim was filed on January 2nd, 2019, eight

2    months after the Commonwealth's bar date.  The Febo-Vazquez

3    claim asserts liabilities arising from a litigation initiated

4    by Ms. Febo-Vazquez against the Puerto Rico Industrial

5    Commission for alleged political discrimination and civil

6    rights violations.  It also attached a copy of a complaint

7    filed by Febo-Vazquez on June 15th of 2018.

8           The response does not dispute that the claim was

9    filed after the bar date, but it explains that

10   Ms. Febo-Vazquez filed an administrative case with the Puerto

11   Rico Department of Labor in May of 2017, and received

12   permission to litigate from the Puerto Rico DOJ on February

13   26th, 2018, as well as permission to litigate from the United

14   States Equal Employment Opportunity Commission on April 5th of

15   2018.

16          As noted, the lawsuit was filed in June 2018, after

17   which the Puerto Rico Industrial Commission sought to stay the

18   suit.  In August of 2018, the Court granted it.  The Court

19   also denied Ms. Febo-Vazquez's reconsideration motion with

20   respect to the stay request in September of 2018.  For those

21   reasons, and because the stay was not put into place in the --

22   in Ms. Febo-Vazquez's litigation, Ms. Febo-Vazquez contends

23   the proof of claim was timely filed.

24          We would submit, Your Honor, that that response does

25   not provide a valid explanation for the failure to file a

1   proof of claim, because Ms. Febo-Vazquez acknowledges that an

2   administrative complaint was filed as early as 2017, and

3   authorization to sue was granted in 2018, in advance of the

4   bar date.  To the extent Ms. Febo-Vazquez contends she was not

5   able to file a proof of claim because her state court lawsuit

6   had not yet been stayed, that does not obviate

7   Ms. Febo-Vazquez's requirement to file a proof of claim

8   regardless of the status --

9           (Sound played.)

10          MS. STAFFORD:  -- of her pending state court

11  proceeding.  And accordingly, Your Honor, we would submit that

12  the -- we would request the objection be sustained and the

13  proof of claim be disallowed.

14          THE COURT:  Thank you, Ms. Stafford.

15          Ms. Febo-Vazquez, would you like to make your

16  response?

17          MS. FEBO-VAZQUEZ:  Yes.  Everything that she is

18  claiming is correct, but we submitted our proof of claim by

19  e-mail before the date of February 22nd, 2019.  It was served

20  on February 11th, 2019, with all of its attachments.

21          THE COURT:  The deadline was in June of 2018.  The

22  deadline was June 29th, 2018, so the Oversight Board is saying

23  that your claim, whether it was filed in January or February

24  of 2019, was too late, that it was past the deadline, and you

25  haven't offered a legally recognizable reason for delaying

1   filing your proof of claim after June 29th of 2018.

2          Do you have a reason why your proof of claim was not

3   filed by that deadline that you would like the Court to

4   consider?

5          MS. FEBO-VAZQUEZ:  Yes.

6          THE COURT:  Please explain.

7          MS. FEBO-VAZQUEZ:  The state court ordered a stay of

8   the proceedings in the case on August 27th, 2018, and

9   reconsideration of the order to stay the proceedings was

10  requested through a motion to reconsider dated August 31st,

11  2021.  The state court denied the reconsideration in an order

12  dated September 25th, 2018, and so I had to assess how I was

13  going to go forward with the claim.  I had to decide whether

14  to go to the Court of Appeals of Puerto Rico, for which I had

15  a period of time established by law, or whether I should seek

16  a waiver of the stay of the proceedings with the United States

17  District Court, or whether I should file the proof of claim.

18         THE COURT:  Thank you.

19         Ms. Stafford, would you like to respond?

20         MS. STAFFORD:  Yes, Your Honor, just briefly.

21  Ms. Febo-Vazquez was obligated to file a proof of claim in

22  respect of any proceeding that she understood may result in an

23  obligation to pay her, regardless of whether or not that

24  proceeding was subject to the PROMESA stay, or had, you know,

25  been stayed formally by the Court or not.  And since it's

1   clear from the documentation that Ms. Febo-Vazquez has

2   submitted that the -- that she had the ability to file the

3   claim in advance of the deadline and did not, has not

4   otherwise given an explanation for not filing a proof of claim

5   in advance of the deadline, we would still request the Court

6   sustain the objection and disallow the claim.

7        THE COURT:  Thank you.

8        I will now make my ruling.  I have reviewed the

9   submissions, and listened carefully to what has been said here

10  today.  My ruling is that the 374th Omnibus Objection is

11  sustained as to claim no. 168048 filed by Nydia Febo-Vazquez.

12  That claim is disallowed in its entirety as late-filed.  It

13  was filed more than six months after the Commonwealth's bar

14  date, and it was filed in connection with a complaint that was

15  filed before the bar date.  No valid explanation has been

16  given for the six-month delay between the passing of the bar

17  date and the filing of the proof of claim, because PROMESA

18  required that the proof of claim be filed by June 29th, 2018,

19  even though the state court proceedings were ongoing.  The

20  requirement of a filing of a proof of claim is to file a claim

21  indicating that the person believes that they are, or

22  ultimately will be, entitled to payment from the Commonwealth.

23  That is why the stay in the state court proceedings, and

24  decisions about the state court proceedings, are not a valid

25  reason for filing after the bar date.  Therefore, Proof of

1   Claim No. 168048 is disallowed as untimely filed in its

2   entirety.

3          Thank you for coming to court, Ms. Febo-Vazquez, and

4   this portion of the hearing is concluded.

5          MS. FEBO-VAZQUEZ:  Thank you.

6          THE COURT:  We will now take a ten-minute break

7   before continuing with the hearings on the objections for

8   which there are no speakers.

9          (At 11:29 AM, recess taken.)

10         (At 11:41 AM, proceedings concluded.)

11         THE COURT:  Good morning.  This is Judge Swain.  We

12  are back for the resumption of the Hearing on the Objections

13  to Claims.  The next Agenda item is number I.2, the 361st

14  Omnibus Objection, and the response of Hector

15  Villalongo-Ortiz.

16         Ms. Stafford?

17         MS. STAFFORD:  Thank you, Your Honor.

18         The 361st Omnibus Objection was filed at ECF no.

19  17921, and it seeks to disallow proofs of claim which do not

20  provide information sufficient to enable the debtors to

21  reconcile the claims.  Each claimant subject to the 361st

22  Objection was sent a mailing pursuant to the Court's order

23  authorizing the debtors to send such mailings to claimants

24  seeking additional information regarding their claims.

25  Further, each of the claimants subject to the 361st Objection

1   responded to the mailings, but their responses did not provide

2   information sufficient to enable the debtors to reconcile

3   their claims.

4        The response was filed by Hector Villalongo-Ortiz

5   with respect to Proof of Claim No. 2221, and it was filed on

6   the docket at ECF no. 18137.  This proof of claim purports to

7   assert liabilities against the Municipal Government of San

8   Juan, but it does not provide any additional information in

9   support of the claim.  Because the claim did not provide

10  information sufficient to enable the debtors to reconcile the

11  claim, the debtors sent a mailing to Mr. Villalongo-Ortiz who

12  responded, and, in his response, alleged that the basis of the

13  claim was a lawsuit related to a work-place accident while

14  Mr. Villalongo-Ortiz worked in sanitation, because that

15  mailing response still did not provide information sufficient

16  to enable the debtors to reconcile the claim, such as an

17  identification of a case number, or a title for the lawsuit,

18  the debtors included the claim on the 361st Omnibus Objection.

19       Consistent with the Court's order last week, the

20  debtors filed that mailing response on the docket at ECF no.

21  20134.  Mr. Villalongo-Ortiz also filed a response to the

22  361st Omnibus Objection in which Mr. Villalongo-Ortiz

23  reiterates that the claim arises from an unpaid judgment, but

24  the only case caption Mr. Villalongo-Ortiz provides is PROMESA

25  Title III, and the only case number provided is the case

1 number of the Commonwealth's Title III case. Accordingly,

2 because neither the claim, the mailing response, nor the

3 response submitted in response to the Omnibus Objection

4 provides information sufficient to enable the debtors to

5 reconcile the claim, we would ask the Court to grant the

6 objection and disallow the claim, notwithstanding the

7 response.

8 Thank you, Your Honor.

9 THE COURT: Thank you, Ms. Stafford.

10 I reviewed the filings in advance of today's hearing,

11 and have listened carefully to your remarks. The hearing on

12 this objection to the claim was in the -- was noticed up for

13 8:30 this morning New York time, 9:30 Atlantic Standard Time,

14 and I note that Mr. Villalongo-Ortiz has not appeared.

15 Based on the record, I sustain the objection to the

16 361st Omnibus Objection as to claim no. 2221 of Hector

17 Villalongo-Ortiz. That claim is disallowed in its entirety,

18 because neither the proof of claim, nor the supplemental

19 responses submitted by Mr. Villalongo-Ortiz provides a

20 sufficient explanation of the basis for asserting a claim

21 against the Commonwealth, documentation of the basis of the

22 claim, or any information that would permit the debtors or the

23 Court to identify the lawsuit related to a workplace accident

24 that Mr. Villalongo-Ortiz referenced in the form that he

25 returned to the debtor. Claim No. 2221 is disallowed in its

1    entirety.

2         The next Agenda item is number I.3, the 362nd Omnibus

3    Objection, and the response to that objection filed by Maria

4    A. Clemente-Rosa.

5         Ms. Stafford.

6         MS. STAFFORD:  Thank you, Your Honor.

7         The 362nd Omnibus Objection was filed at ECF no.

8    17927, and it seeks to reclassify proofs of claim that

9    incorrectly or improperly asserted entitlement to either

10   secured status or administrative priority.  The response was

11   filed by Ms. Maria Clemente-Rosa with respect to Proof of

12   Claim No. 133778, and it was submitted directly to the

13   debtors, and filed on the docket at ECF no. 20003-5, with a

14   certified translation available at ECF no. 20003-6.

15        This proof of claim purports to assert liabilities

16   associated with Ms. Clemente-Rosa's asserted entitlement to a

17   promotion to the rank of teacher pursuant to the Teaching

18   Career Act, or Carrera Magisterial.  It attaches as supporting

19   documentation, among other things, various materials relating

20   to Ms. Clemente-Rosa's assertion that she is entitled to a

21   promotion to the rank of teacher pursuant to the Teaching

22   Career Act.  It also purports to be entitled to administrative

23   expense status pursuant to 11 U.S.C. § 503(b)(9).  In order to

24   be entitled to an administrative expense status pursuant to 11

25   U.S.C. § 503(b)(9), Ms. Clemente-Rosa would have to

1   demonstrate that she has sold goods to the debtors within 20

2   days of the commencement of the Title III cases.  The response

3   does not indicate that Ms. Clemente-Rosa sold goods during the

4   required statutory time period to the debtors, and nor does it

5   provide any other basis on which the Court might grant

6   administrative expense priority status to Ms. Clemente-Rosa's

7   claim.  And on that basis, Your Honor, we would request the

8   Court sustain the objection and reclassify the claim.

9        THE COURT:  Thank you, Ms. Stafford.

10       I've reviewed the filings, and listened carefully to

11  the remarks on the record.  Ms. Clemente-Rosa has not appeared

12  in opposition to the objection today.  My ruling is as

13  follows:  The 362nd Omnibus Objection is sustained as to claim

14  no. 133778 of Maria Clemente-Rosa.  That claim is reclassified

15  as a general unsecured claim, because it does not concern the

16  sale of goods within the statutory period defined in §

17  503(b)(9) of the Bankruptcy Code, nor does it assert a basis

18  for treatment as an administrative expense claim for

19  obligations that accrued post petition.  Accordingly, claim

20  no. 133778 is reclassified as a general unsecured claim.

21       The next Agenda item is Item number I.6, which is

22  the -- just one moment here -- which is the 367th Omnibus

23  Objection, and the response of Maria Franco-Soto.

24       Ms. Stafford, would you please argue the objection?

25       MS. STAFFORD:  Thank you, Your Honor.

1          The 367th Objection filed at ECF no. 17933 seeks to

2    reclassify certain claims associated with either salaries owed

3    by Commonwealth agencies, or pensions purportedly owed to

4    public employees.  And both types of liabilities would lie, if

5    at all, with the Commonwealth, and not with ERS.

6          Ms. Maria Franco-Soto filed a response at ECF no.

7    18209 with respect to Proof of Claim No. 16543.  This proof of

8    claim was filed against ERS, and asserts liabilities

9    associated with pension contributions made by Ms. Franco-Soto.

10   Pursuant to the legislation enacting the PayGo system, any

11   pension payments have been assumed by the Commonwealth and

12   are, therefore, owed by the Commonwealth, and not by ERS.

13         The response alleges that the legislation is not

14   applicable to Ms. Franco-Soto's claim, because the

15   legislation, Act 106, is of perspective application only to

16   pension liabilities contracted after 2017.  The response

17   further presents additional arguments why Ms. Franco-Soto

18   should be entitled to payment of amounts contributed for her

19   retirement.  The response does not, however, address the

20   debtors' contention that the Commonwealth has assumed

21   responsibility for the payment of pensions pursuant to the

22   legislation, and its contention that the legislation does not

23   apply to pension liabilities enacted prior to its enactment or

24   earned prior to its enactment is incorrect, because Law 106

25   specifically states that all benefit obligations, all ongoing

1   benefit obligations of ERS were to be assumed by the

2   Commonwealth.  Accordingly, because Ms. Franco-Soto does not

3   address the contention that the liabilities asserted are

4   properly asserted before the Commonwealth, and not ERS, the

5   debtors would request the Court sustain the objection and

6   reclassify the claim, notwithstanding the response.

7          Ms. Franco-Soto will not be prejudiced by this

8   reclassification, as she will retain a claim asserting her

9   pension liabilities against the Commonwealth, and it will be

10  treated pursuant to the Plan.

11         THE COURT:  Thank you.

12         I reviewed the submissions, and have listened

13  carefully to the statements on the record today.  My ruling is

14  that the 367th Omnibus Objection is sustained as to claim no.

15  16543 of Maria Franco-Soto.  That claim is reclassified as a

16  claim against the Commonwealth, because ERS's pension-related

17  obligations have been assumed by the Commonwealth pursuant to

18  Act 106.  Claim no. 16543 is reclassified as a claim against

19  the Commonwealth.

20         The next Agenda item is number I.7, the 367th Omnibus

21  Objection, and the response of Sonia N. Lopez-Baez.

22         Ms. Stafford.

23         MS. STAFFORD:  Thank you, Your Honor.

24         As noted, the 367th Omnibus Objection seeks to

25  reclassify claims associated with salaries and pension

1  obligations to be asserted against the Commonwealth, and not

2  against ERS.  This response was filed by Sonia Lopez-Baez with

3  respect to Proof of Claim No. 9987, and it was filed on the

4  docket at ECF no. 18875.  This proof of claim was filed

5  against ERS, and it asserts liabilities associated with a

6  judgment of divorce by mutual consent, which appears to have

7  resulted in certain pension liabilities being credited to

8  Ms. Lopez-Baez.

9        Pursuant to the legislation enacting the PayGo

10  system, as noted, any pensions would be owed by the

11  Commonwealth, and not by ERS.  The Lopez-Baez response does

12  not dispute that any liabilities associated with

13  Ms. Lopez-Baez's husband's pension would be properly owed by

14  the Commonwealth, and not by ERS.  Instead, it references an

15  alleged child support debt dispute between Ms. Lopez-Baez and

16  her ex-husband.

17        To the extent that Ms. Lopez-Baez seeks to assert

18  liabilities associated with child support payments, those

19  liabilities are also appropriately asserted, if at all,

20  against the Child Support Administration, which is not a part

21  of ERS.  Accordingly, because the Lopez-Baez response does not

22  address the contention that the liabilities asserted, whether

23  they be pension liabilities or child support liabilities, are

24  properly asserted before the Commonwealth, and not ERS, the

25  debtors would respectfully request the Court sustain the

1   objection and reclassify the claim, which will remain pending

2   before the Commonwealth.

3          THE COURT:  Thank you, Ms. Stafford.

4          So that I'm understanding clearly, is it the

5   Oversight Board's position that any claims against the Child

6   Support Administration are properly asserted against the

7   Commonwealth, because that is a division of the Commonwealth,

8   rather than some stand-alone entity?

9          MS. STAFFORD:  I actually don't know, as I sit here,

10  whether the Child Support Administration is considered to be a

11  part of the Commonwealth, or is considered to be a stand-alone

12  agency.  But I do know that it is not a part of ERS, and so to

13  the extent that it is -- that this claim asserts those

14  liabilities, those should be asserted against the

15  Commonwealth, and not ERS.  But we would reserve the right to

16  review the Child Support Administration's establishing

17  documents to determine whether or not the claim should be

18  asserted against the Commonwealth at all.

19         THE COURT:  So at this point you are seeking

20  reclassification of the entire Lopez-Baez claim as a claim

21  against the Commonwealth, subject to any further substantive

22  objection to the portion of the claim -- well, to any portion

23  of the claim, but certainly to the portion of the claim that

24  relates to child support; is that correct?

25         MS. STAFFORD:  That's correct, Your Honor.

```
1            THE COURT:  Thank you.
2            I've reviewed the filings, and listened to the
3    remarks and clarification on the record.  My ruling is as
4    follows:  The 367th Omnibus Objection is sustained as to claim
5    no. 9987 filed by Sonia N. Lopez-Baez.  That claim is
6    reclassified as a claim against the Commonwealth, rather than
7    ERS, because ERS's pension-related obligations have been
8    assumed by the Commonwealth pursuant to Act 106, and because
9    it appears at this juncture that any claims related to unpaid
10   child support obligations would properly be asserted against
11   the Commonwealth, rather than ERS.  Therefore, claim 9987 is
12   reclassified in its entirety as a claim against the
13   Commonwealth.
14           MS. STAFFORD:  Thank you, Your Honor.
15           THE COURT:  Thank you.
16           The next Agenda item is Agenda I.8, which is the
17   368th Omnibus Objection, and the response to that objection of
18   Todd Hauck, H-a-u-c-k.
19           Ms. Stafford?
20           MS. STAFFORD:  Thank you, Your Honor.
21           Excuse me.  The 368th Omnibus Objection was filed at
22   ECF no. 17934, and it seeks to disallow proofs of claim that
23   are based on liabilities which have been satisfied.  The
24   response was filed by Mr. Todd Hauck with respect to Proof of
25   Claim No. -- ECF no. -- 9269, and it is available at ECF no.
```

1 | 18160.

2       His proof of claim asserts liabilities associated

3 with an ownership in bearer bonds held by the claimant.  The

4 claim asserts liability on the basis of a bearer bond issued

5 by PRASA, and it contains supporting documentation showing

6 ownership of bearer bonds issued by both PRASA and HTA.  The

7 Hauck Response acknowledges that Mr. Hauck has received

8 payment in full of the HTA bearer bond, but states that the

9 PRASA bearer bond remains outstanding.

10       In light of Mr. Hauck's response, the debtors would

11 request the Court sustain the 368th Omnibus Objection solely

12 with respect to any assertion that the Hauck claim seeks to

13 assert payment for the HTA bearer bond.  We would reserve the

14 determination with respect to the PRASA bearer bond, and allow

15 the Hauck claim to remain outstanding to the extent it's

16 asserting only the PRASA bearer bond.

17       THE COURT:  I have a couple of clarification

18 questions for you on this one as well.  The document that was

19 attached to, or referenced in, the proof of claim seems to

20 have the reference to HTA bonds marked off, x-ed out

21 completely, and so -- and that was the only reference to HTA

22 that we were able to find in that documentation.  So what is

23 the basis for your understanding that it asserts a proof of

24 claim as to HTA at all?

25       MS. STAFFORD:  To be frank, Your Honor, it just

1    wasn't clear to us whether or not there would be an effort to

2    assert the HTA bearer bond as well, and so, as a result of

3    that, we just wanted to make it abundantly clear that the HTA

4    bearer bond is not going to be asserted as a part of this

5    claim.

6         THE COURT:  Then, as to the reference to the Puerto

7    Rico Water Resources Authority Electric Revenue Bond, a 1968

8    series, it appears that the Puerto Rico Water Resources

9    Authority was a predecessor to PREPA, rather than PRASA, and

10    that information we found in annotations to 22 L.P.R.A. § 191,

11    which includes the information that "the Water Resources

12    Authority created pursuant to Act No. 83 of May 2nd, 1941, is

13    hereby designated with the new name of Puerto Rico Electric

14    Power Authority."

15         So what are you -- are you just seeking at this point

16    for the Water Authority-related aspect of the claim to remain

17    in place subject to possible future requests to reclassify or

18    to disallow as against a nondebtor entity?

19         MS. STAFFORD:  That's correct, Your Honor.  We are

20    not at this time seeking any relief with respect to the PRASA

21    or PREPA-related bearer bonds.

22         THE COURT:  Very well.  Thank you for that

23    clarification.

24         My ruling is as follows:  The 368th Omnibus Objection

25    is sustained as to claim no. 9269 solely to the extent that

1  that claim might be construed as seeking recovery on account

2  of the HTA bonds that Mr. Hauck agrees have already been

3  satisfied.  So to the extent it asserts a claim with respect

4  to HTA bonds, that claim is disallowed as previously

5  satisfied.

6       The objection is overruled to the extent it might be

7  understood to make any objection relating to the Puerto Rico

8  Water Resources Authority Bonds that are referenced in the

9  proof of claim, and the claim survives this motion practice to

10  the extent it asserts claims based on Puerto Rico Water

11  Resources Authority Bonds.

12       MS. STAFFORD:  Thank you, Your Honor.

13       THE COURT:  Thank you.

14       The next Agenda item is Agenda Item I.9, the 374th

15  Omnibus Objection, and the response of Eric Josue Soto-Sanchez

16  to that objection.

17       MS. STAFFORD:  Thank you, Your Honor.

18       This 374th Omnibus Objection filed at ECF no. 17923

19  seeks to disallow proofs of claim filed after the bar dates

20  established by this Court's bar date orders.  The response

21  scheduled for hearing this morning -- or this afternoon, was

22  filed by Eric Josue Soto-Sanchez with respect to Proof of

23  Claim No. 108658, and it was filed on the docket at ECF no.

24  19046.

25       This proof of claim was filed on July 17th, 2018,

1   about three weeks after the Commonwealth's bar date, and it

2   asserts liabilities associated with a litigation captioned

3   *Rosa Lydia Velez v. Puerto Rico Department of Education*.

4         The response purports to provide proof that the

5   P.O.C. was timely filed.  However, it attaches a filing

6   receipt from Prime Clerk which provides the date filed.  It's

7   July 17th, 2018, again, nearly three weeks after the bar date.

8   Notably, in addition, the claim attaches an envelope that was

9   postmarked in San Juan, Puerto Rico, on July 12th, 2018, about

10  two weeks after the bar date.  Accordingly, because the

11  response does not demonstrate that the claim was timely filed,

12  and does not provide an explanation for the failure to timely

13  file a proof of claim, we would respectfully request the Court

14  sustain the objection and disallow the claim.

15        THE COURT:  Thank you, Ms. Stafford.

16        This claimant, as you've noted, referred to the *Lydia*

17  *Velez v. Department of Education* litigation, and I understand

18  that there has been some master proof of claim filed with

19  respect to that litigation.  Do you know whether this claimant

20  is covered by the master proof of claim?

21        MS. STAFFORD:  I do not offhand, Your Honor.  I do

22  know that that master proof of claim asserted the rights of

23  many, but -- the vast majority, but not all of the individuals

24  who were members of this litigation.

25        THE COURT:  So to the extent that this person,

1  Mr. Soto-Sanchez, turns out to be someone listed in that

2  master proof of claim, this disallowance of his individual

3  proof of claim would not disqualify him from recovering under

4  the master proof of claim; is that correct?

5      MS. STAFFORD:  That's correct, Your Honor.  The

6  master proof of claim would remain for resolution, and

7  Mr. Soto-Sanchez would be entitled to recovery through that

8  master proof of claim to the extent he is listed on it.

9      THE COURT:  Thank you.

10     My ruling is as follows:  The 374th Omnibus Objection

11 is sustained as to claim no. 108658 filed by Eric Josue -- I'm

12 sorry.  Did I get the number wrong, Ms. Stafford?

13     MS. STAFFORD:  It's 108658.  I think that is right,

14 if I heard you correctly.

15     THE COURT:  That's what I thought I said.

16     So claim no. 108658 filed by Eric Josue Soto-Sanchez,

17 that claim is disallowed in its entirety, because it was filed

18 approximately three weeks after the applicable bar date.  This

19 ruling does not affect any master proof of claim that may have

20 been filed on Mr. Soto-Sanchez's behalf in connection with the

21 *Lydia Velez* litigation.

22     MS. STAFFORD:  Thank you, Your Honor.

23     THE COURT:  Thank you.

24     The next Agenda item is Agenda Item I.10, which also

25 relates to the 374th Omnibus Objection, in this instance the

1   response of Gladys Minguela-Vazquez.

2           Ms. Stafford.

3           MS. STAFFORD:  Yes.  Thank you, Your Honor.

4           Ms. Minguela-Vazquez's response relates to Proof of

5   Claim Nos. 179355 and 179367.  This response was mailed

6   directly to the debtors, and filed -- actually, these

7   responses, there were two, were mailed directly to the

8   debtors, and filed at ECF nos. 19995-1 through 19995-4.  These

9   proofs of claim were filed on June 16th, 2021, almost three

10  years after the Commonwealth bar date.  They do not explain

11  the basis or amount of the claims, and they do not identify an

12  entity or agency purportedly owing liabilities to

13  Ms. Minguela-Vazquez.

14          The responses consist of two completed information

15  request forms in which Ms. Minguela-Vazquez asserts she is

16  owed thousands in allegedly accrued but unpaid wages and

17  employment-related benefits purportedly owed by the Puerto

18  Rico Department of Education.  They do not, however, dispute

19  that the claims were not timely filed, and they do not provide

20  an explanation for Ms. Minguela-Vazquez's failure to timely

21  file a proof of claim.  Accordingly, because the response does

22  not either dispute the contention the claims were not timely

23  filed and does not provide an explanation for the failure to

24  timely file the claims, the debtors would respectfully request

25  the Court sustain the objection and disallow the claims.

1          THE COURT:  Thank you, Ms. Stafford.

2          My ruling is as follows:  The 374th Omnibus Objection

3  is sustained as to claim nos. 179355 and 179367 filed by

4  Gladys Minguela-Vazquez.  Those claims are disallowed in their

5  entirety, because they were filed approximately three years

6  after the applicable bar date.

7          The next Agenda item is number I.11, which is, again,

8  the 374th Omnibus Objection and, in this instance, it is the

9  response of Ana L. Luna-Rios to that objection.

10          MS. STAFFORD:  Thank you, Your Honor.

11          Ms. Luna-Rios's response addresses Proof of Claim No.

12  174092.  It was also mailed directly to the debtors, and filed

13  on the docket at ECF nos. 19995-9 and 19995-10.  The proof of

14  claim was filed on June 5th, 2020, nearly two years after the

15  applicable bar date.  It asserts liabilities associated with

16  allegedly accrued but unpaid wages that are purportedly owed

17  by the Department of the Family.  It also attaches a page from

18  a resolution in a case captioned *Madeline Acevedo-Camacho*.

19          The response does not dispute that the claims were

20  not timely filed, and it does not provide an explanation for

21  Ms. Luna-Rios's failure to timely file a proof of claim.

22  Instead, it simply states, without explanation, that

23  Ms. Luna-Rios objects to the denial and is not in agreement

24  with the rejection.  Accordingly, because the Luna-Rios

25  response does not provide an explanation for the failure to

1   timely file a proof of claim, or provide a substantive dispute

2   to the assertion that the Luna-Rios claim was not timely

3   filed, we would request the Court sustain the objection and

4   disallow the claim.

5           And I'd note for the record that, to the extent that

6   Ms. Luna-Rios is attempting to assert a claim relating to the

7   *Acevedo-Camacho* case, there is a master proof of claim on file

8   with respect to this case.  I don't know whether or not it

9   asserts Ms. Luna-Rios's rights, but to the extent it does, any

10  liabilities that would be owed to Ms. Luna-Rios from that

11  litigation would be preserved by that master proof of claim.

12          THE COURT:  Thank you.

13          My ruling is that the 374th Omnibus Objection is

14  sustained as to claim no. 174092 filed by Ana Luna-Rios.  That

15  claim is disallowed in its entirety, because it was submitted

16  nearly two years after the applicable bar date.  The

17  disallowance of this claim does not affect any rights that

18  Ms. Luna-Rios may have under the master proof of claim filed

19  in connection with the *Acevedo-Camacho* litigation.

20          MS. STAFFORD:  Thank you, Your Honor.

21          THE COURT:  Thank you.

22          The next Agenda item is number I.12, the 381st

23  Omnibus Objection, and the response of Sara Wilna

24  Delgado-Garcia to that objection.

25          MS. STAFFORD:  Thank you, Your Honor.

 1             And I believe also on the Agenda is the 382nd Omnibus

 2    Objection, which seeks to disallow a second claim on

 3    substantially the same basis, so --

 4             THE COURT:  Yes.

 5             MS. STAFFORD:  -- if it's most efficient, I can

 6    address them together.

 7             THE COURT:  Yes.

 8             MS. STAFFORD:  Thank you, Your Honor.

 9             So the 381st Omnibus Objection was filed at ECF no.

10    17917, and the 382nd Omnibus Objection was filed at ECF no.

11    17920.  Both objections seek to disallow in their entirety

12    proofs of claim that assert liabilities against entities that

13    are not Title III debtors, but that fail to provide a basis

14    for asserting liabilities against the Commonwealth or any

15    other Title III debtor.

16             The response filed was filed by Ms. Sara Wilna

17    Delgado-Garcia with respect to Proof of Claim Nos. 174501 and

18    177757, and that response is available on the docket at ECF

19    no. 19474.  I'd just note for the record that Proof of Claim

20    No. 174501 is on the 381st Omnibus Objection, and Proof of

21    Claim No. 177757 is on the 382nd Omnibus Objection.  Both

22    proofs of claim assert liabilities associated with allegedly

23    accrued but unpaid wage increases purportedly owed by the

24    Puerto Rico Telephone Company.

25             The Delgado-Garcia response consists of a copy of a

1   completed information request form in which Ms. Delgado-Garcia

2   states that she opposes the objection, because the money she

3   believes is owed is a liability arising pursuant to laws

4   passed by the Puerto Rico Government while the Puerto Rico

5   Telephone Company was an agency of the government.  As set

6   forth in the debtors' response, however, the Puerto Rico

7   Telephone Company is not a Title III debtor, but is instead a

8   former government entity which has subsequently been

9   privatized, and is no longer in existence.

10          Neither the claim nor the response provides a basis

11   for asserting a claim again the debtor in respect of

12   liabilities owed by former government entities.  And for those

13   reasons, we'd respectfully request the Court sustain both the

14   381st and 382nd Objections, and disallow the claims,

15   notwithstanding the response.  Thank you.

16          THE COURT:  Thank you.

17          My rulings are as follows:  The 381st Omnibus

18   Objection is sustained as to claim no. 174051 of Sara Wilna

19   Delgado-Garcia.  That claim is disallowed in its entirety.

20   The claim arises from debts allegedly incurred by the Puerto

21   Rico Telephone Company, which is a separate entity from the

22   Commonwealth.  The Court notes in this connection that 27

23   L.P.R.A. § 409(b) provides that the debts, obligations,

24   contracts, receipts, and expenses of the Puerto Rico Telephone

25   Company shall be deemed as assets and liabilities of said

1   public corporation exclusively, and not of the Government of

2   Puerto Rico.  Accordingly, the claim is disallowed.  The

3   claimant has not shown a basis for the liability of any Title

4   III debtor for this claim.

5        The 382nd Omnibus Objection is sustained as to claim

6   no. 17757, also filed by Sara Wilna Delgado-Garcia, and that

7   claim is disallowed in its entirety for the same reasons.  It,

8   too, relates to debts allegedly incurred by the Puerto Rico

9   Telephone Company, and does not demonstrate any basis for

10  liability of a Title III debtor for those debts.

11       MS. STAFFORD:  Thank you, Your Honor.

12       THE COURT:  The next Agenda item is number I.13, the

13  393rd Omnibus Objection, and the response of Jose A.

14  Rios-Collazo.

15       MS. STAFFORD:  Thank you, Your Honor.

16       The 393rd Omnibus Objection was filed at ECF no.

17  17975, and it seeks to disallow proofs of claim filed after

18  the bar dates established by this Court's bar date orders.

19  The response was filed by Jose Rios-Collazo with respect to

20  Proof of Claim Nos. 179520 and 179525.  This response was

21  mailed directly to the debtors, and filed on the docket at ECF

22  no. 20009-1, with a certified translation available at

23  20009-2.  Both proofs of claim were filed on August 12th,

24  2021, over three years after the Commonwealth bar date.  Each

25  assert liabilities associated with allegedly accrued but

 1   unpaid salary increases purportedly owed by the Puerto Rico

 2   Telephone Company.

 3           The response does not dispute that Mr. Johnson's

 4   claim -- excuse me, Mr. Rios-Collazo's claim was not timely

 5   filed, and it does not provide any explanation for

 6   Mr. Johnson's -- sorry, Mr. Rios-Collazo's failure to timely

 7   file a proof of claim.  Rather, it merely contains a photocopy

 8   of one of the Rios-Collazo claims.  Accordingly, because the

 9   response does not dispute that the claims were not timely

10   filed and does not provide an explanation for the failure to

11   timely file a proof of claim, we would again request the Court

12   sustain the objection and disallow the Rios-Collazo claims,

13   notwithstanding the response.

14           THE COURT:  Thank you.

15           My ruling is as follows:  The 393rd Omnibus Objection

16   is sustained as to claim nos. 17950 and 179525 filed by Jose

17   A. Rios-Collazo, and those claims are disallowed in their

18   entirety, because they were filed approximately three years

19   after the applicable bar date.

20           The next Agenda item is number I.14, the 395th

21   Omnibus Objection, and the response to -- the response of

22   Evelyn Ramirez-Montes to that objection.

23           MS. STAFFORD:  Thank you, Your Honor.

24           The 395th Omnibus Objection, which was filed at ECF

25   no. 18959, seeks to disallow claims which assert liabilities

1    that are duplicative of other proofs of claim filed against

2    the debtors.  As the Court noted, the response scheduled for

3    hearing today was filed by Evelyn Ramirez-Montes at ECF no.

4    19409 with respect to Proof of Claim No. 28121.  This

5    response -- this claim, excuse me, asserts liabilities

6    associated with allegedly accrued pension benefits.  The

7    response does not dispute, however, that the claim is

8    duplicative of a second proof of claim, Proof of Claim No.

9    170859.  Both proofs of claim assert liabilities in the same

10   amount, with the same alleged basis, and allegedly accrued but

11   unpaid monthly salary adjustment of 375 dollars.  Accordingly,

12   because the response does not dispute that the claim is

13   duplicative of the remaining claim, Proof of Claim No. 170859,

14   the debtors would request the Court sustain the objection and

15   disallow the Proof of Claim No. 28121, notwithstanding the

16   response.  And Ms. Ramirez-Montes will retain her second

17   claim, which will remain reserved for later determination.

18         THE COURT:  Ms. Stafford, claim no. 28121 appears to

19   contain documentation that was not attached to claim no.

20   170859.  Will the debtor ensure that Prime Clerk transfer the

21   documentation and associate it with the later claim?

22         MS. STAFFORD:  We will make sure that that happens,

23   Your Honor.  Yes.  It's our intent to make sure that all

24   materials submitted with respect to both claims are reviewed

25   with respect to 170859.

1          THE COURT:  Thank you.

2          My ruling is that the 395th Omnibus Objection is

3     sustained as to claim no. 28121 of Evelyn Ramirez-Montes, and

4     that claim is disallowed in its entirety, because it is

5     substantially identical to Proof of Claim No. 170859, which

6     will remain on the Claims Register for consideration.

7          MS. STAFFORD:  Thank you, Your Honor.

8          THE COURT:  Thank you.

9          That concludes Agenda Items I.  The next set of

10    Agenda items is number II.  Before we go on to that set, I

11    will ask the court staff whether they are comfortable and

12    available to continue going through the rest of the Agenda.  I

13    am getting affirmative responses from the court staff here in

14    New York.

15         Ms. Tacoronte and Ms. Walker, are you prepared to

16    keep going through to the end of the objections along with

17    your colleagues in San Juan?

18         COURTROOM DEPUTY:  Yes, Your Honor, we are.

19         THE COURT:  Thank you.

20         Ms. Stafford, are you prepared to keep going?

21         MS. STAFFORD:  Yes, Your Honor, I am.

22         THE COURT:  Thank you.

23         So the next Agenda item is number II.1, the 374th

24    Objection, and the response thereto of Zoe Abigail

25    Williams-Perez.

1          MS. STAFFORD:  Thank you, Your Honor.

2          The next item on the Agenda is, again, the 374th

3     Omnibus Objection, which seeks to disallow proofs of claim

4     filed after the applicable bar dates.  The response was filed

5     by Zoe Abigail Williams-Perez with respect to Proof of Claim

6     Nos. 131274 and 148102.  The response is available on the

7     docket at ECF no. 18530.

8          The proofs of claim were recorded as filed on July

9     3rd, 2018, four days after the applicable bar date.  The

10    claims assert liabilities arising from allegedly accrued but

11    unpaid retirement contributions.  The response asserts that

12    the claims were submitted by the June 29th, 2018, deadline,

13    but that the Postal Service did not deliver them until four

14    days later.  However, the Bar Date Order specifically required

15    claimants to file proofs of claim so as to actually be

16    received on or before June 29th, 2018.

17         Both Williams-Perez's claims attach envelopes

18    demonstrating they were mailed via regular mail on June 28th,

19    2018.  Regular mail is typically not delivered within one

20    business day, and, accordingly, the claims were not mailed so

21    as to be received by June 29th, 2018.  Further, the response

22    does not provide an explanation for why the claims were not

23    mailed so as to be received by June 29th, 2018.  And for that

24    reason, Your Honor, we would request the Court sustain the

25    objection, and disallow the claims, notwithstanding the

1    response.

2         THE COURT:  Thank you.

3         My ruling is as follows:  The 374th Omnibus Objection

4    is sustained as to claim nos. 131274 and 148102 filed by Zoe

5    Abigail Williams-Perez, because the claims were not timely

6    filed in accordance with the Court's Bar Date Order.  The

7    proofs of claim were postmarked on June 28th, 2018, but the

8    deadline of June 29th, 2018, at four o'clock, was one for the

9    actual physical receipt of the proofs of claim.  There is no

10   explanation for the late filing.  Accordingly, claim nos.

11   131274 and 148102 are disallowed in their entirety.

12        Before we go on to the next Agenda item, I realize

13   that I neglected to get on the audible record a response -- I

14   neglected to ask for a response from Boston as to whether they

15   are prepared to continue.

16        Judge Dein, are you and your staff prepared to

17   continue through the end of the Agenda?

18        MAGISTRATE JUDGE DEIN:  Yes, we are.  Thank you.

19        THE COURT:  Thank you.  Thank you very much.

20        The next Agenda item is number I.2, the 374th

21   Objection, and the response of Edith Agostini-Aviles to that

22   objection.

23        Ms. Stafford.

24        MS. STAFFORD:  Thank you, Your Honor.

25        This response -- this objection again relates to

1   proofs of claim that were filed after the bar dates

2   established by the Court's bar date orders.  This response was

3   filed by Edith Agostini-Aviles with respect to Proof of Claim

4   No. 165427.  The response was received directly by the debtors

5   and filed on the docket at ECF no. 19996-3, with a certified

6   translation available at 19996-4.  The proof of claim was

7   filed on July 5th, 2018, six days after the applicable bar

8   date.  It asserts liabilities arising from allegedly accrued

9   but unpaid wages purportedly owed by the Puerto Rico

10  Department of Labor and Human Resources.

11          The response consists of a copy of a notice

12  accompanying the objection, a portion of a printed statement

13  from Ms. Agostini-Aviles's Mi Retiro account statement, and a

14  copy of the claim.  It does not otherwise address the debtors'

15  contention that the claim was not timely filed, or provide any

16  explanation for the failure to timely file a proof of claim,

17  and for those reasons, we would request the Court sustain the

18  objection and disallow the claim, notwithstanding the

19  response.

20          THE COURT:  Thank you.

21          My ruling is as follows:  The 374th Omnibus Objection

22  is sustained as to claim no. 165427 of Edith Agostini-Aviles,

23  because the claim was not timely filed in accordance with the

24  Court's Bar Date Order, which required physical receipt of the

25  proof of claim by June 29th, 2018, at 4:00 PM.

1    Ms. Agostini-Aviles's proof of claim was postmarked on June

2    29th, 2018, but was received after that date, and there's been

3    no valid explanation provided for the late filing.

4    Accordingly, claim no. 165427 is disallowed in its entirety.

5         MS. STAFFORD:  Thank you, Your Honor.

6         THE COURT:  The next Agenda item is number II.3,

7    again relating to the 374th Omnibus Objection, and this is the

8    response to that objection of Ana Maria Arocho-Gonzalez.

9         MS. STAFFORD:  Thank you, Your Honor.

10        Ms. Arocho-Gonzalez's response was filed at -- was

11   received directly by the debtors and filed at ECF no. 19996-5,

12   with a certified translation available at 19996-6, and it

13   relates to Proof of Claim No. 152213.  This proof of claim was

14   filed on July 5th, 2018, six days after the applicable bar

15   date.  The claim asserts liabilities arising from allegedly

16   accrued but unpaid wages purportedly owed by the Puerto Rico

17   Department of Education and the Puerto Rico Department of

18   Social Services.

19        The response asserts that the claims were submitted

20   on the June 29th, 2018, deadline, but that the Post Office was

21   very crowded when Ms. Arocho-Gonzalez attempted to file her

22   claim, and due to an unintentional mistake, it was postmarked

23   later than June 29th, 2018.  As noted, however, the Bar Date

24   Order specifically required claimants to file proofs of claim

25   so as to actually be received on or before June 29th, 2018.

1    The Priority Mail envelope attached to the Arocho-Gonzalez

2    claim was postmarked on June 30th, 2018, and stamped

3    "received" by Prime Clerk on July 5th, 2018.  Accordingly, the

4    claim was not sent so as to be received on or before the bar

5    date, and for those reasons, we would request the Court

6    sustain the objection and disallow the claim, notwithstanding

7    the response.

8              THE COURT:  Thank you.

9              My ruling is that the 374th Omnibus Objection is

10   sustained as to claim no. 152213 of Ana Maria Arocho-Gonzalez,

11   because the claim was not timely filed in accordance with the

12   Court's Bar Date Order, which required actual receipt of the

13   proof of claim by June 29th, 2018.  The postmark of June 30th

14   shows that the claim was clearly untimely.  No valid

15   explanation has been provided for the late filing.

16   Accordingly, claim no. 152213 is disallowed in its entirety.

17             MS. STAFFORD:  Thank you, Your Honor.

18             THE COURT:  Thank you.

19             The next Agenda item is number II.4, again relating

20   to the 374th Omnibus Objection, and this is the response of

21   Carmen G. Colon-Maldonado.

22             MS. STAFFORD:  Thank you, Your Honor.

23             THE COURT:  Ms. Stafford.

24             MS. STAFFORD:  Thank you, Your Honor.

25             Ms. Colon-Maldonado's response was submitted directly

1    to debtors, and filed on the docket at ECF no. 19996-7, with a

2    certified translation available at ECF no. 19996-8.  And it

3    addresses Proof of Claim No. 113161.  This proof of claim was

4    filed on July 2nd, 2018, three days after the applicable bar

5    date.  The claim asserts liabilities arising from allegedly

6    accrued but unpaid mileage payments arising from

7    Ms. Colon-Maldonado's employment with the Puerto Rico

8    Department of Education.

9         The response does not dispute that the claim was not

10   timely filed, and it does not provide an explanation for

11   Ms. Colon-Maldonado's failure to timely file a proof of claim.

12   Instead, it contains a copy of a notice accompanying the

13   objection, with a notation on it stating that

14   Ms. Colon-Maldonado had not understood the details of the

15   claim.

16        Because the response does not dispute that the claim

17   was not timely filed, and does not provide an explanation for

18   the failure to timely file, the debtors would again request

19   the Court sustain the objection and disallow the claim.

20        THE COURT:  Now, Ms. Colon-Maldonado's response also

21   referred to having limited English proficiency, saying some

22   English terms are hard to understand.  Do you have any

23   response to that as a potential excuse?

24        MS. STAFFORD:  The bar date orders were served in

25   English and Spanish, and materials went out to individuals in

1    both languages, and notice was provided via advertisements

2    both on the radio and in print ads that were also in English

3    and Spanish.  And so we would submit that there was adequate

4    notice of the need to timely file a proof of claim in both

5    languages, and so we would not -- we would submit that that is

6    not a valid excuse either for the failure to timely file the

7    proof of claim.

8              THE COURT:  Thank you.

9              My ruling is as follows:  The 374th Omnibus Objection

10   is sustained as to claim no. 113161 of Carmen G.

11   Colon-Maldonado.  That claim is disallowed in its entirety,

12   because it was filed after the bar date, and because the

13   lateness of the filing of the proof of claim has not been

14   justified in a manner that demonstrates excusable neglect,

15   and, in particular, the Court notes that the forms and

16   instructions were provided in both Spanish and English.

17             The next Agenda item is number II.5, the 374th

18   Omnibus Objection, and this Agenda item is the response of

19   Alejandro Jesus Irizarry-Irizarry.

20             MS. STAFFORD:  Thank you, Your Honor.

21             Mr. Alejandro Irizarry-Irizarry filed a -- or

22   submitted his response directly to the debtors, and it was

23   filed by the debtors on the docket at ECF no. 19996-3, with a

24   certified translation at ECF no. 19996-4.  This response

25   addresses Proof of Claim No. 153293.  This proof of claim was

1  filed on July 3rd, 2018, four days after the applicable bar

2  date.  The claim asserts liabilities arising from allegedly

3  accrued but unpaid wages purportedly owed by the Puerto Rico

4  Department of Education.

5      The response consists of two letters.  The first

6  letter states that Mr. Irizarry-Irizarry owns a property as an

7  inheritance from his father, and the second letter states that

8  Mr. Irizarry-Irizarry is not responsible for the alleged

9  economic mismanagement of Puerto Rico's leadership.  It also

10  confirms that the date of the Irizarry-Irizarry claim is July

11  3rd, 2018.  Accordingly, the response does not dispute that

12  the claim was not timely filed, and it does not provide an

13  explanation for the failure to timely file a proof of claim.

14  And for those reasons, we would again request the Court

15  sustain the objection and disallow the claim.

16      THE COURT:  My ruling is as follows:  The 374th

17  Omnibus Objection is sustained as to claim no. 153293 filed by

18  Alejandro Jesus Irizarry-Irizarry, and the claim is disallowed

19  in its entirety, because it was filed after the bar date, and

20  no valid explanation or justification has been provided for

21  the late filing.

22      The next Agenda item is number II.6, which again

23  relates to the 374th Omnibus Objection.  This Agenda item is

24  the response of Antonio Martin-Cervera to that objection.

25      MS. STAFFORD:  Thank you, Your Honor.

1          Mr. Antonio Martin-Cervera has filed two responses,

2    which are available on the docket at ECF nos. 18120 and 19803.

3    Those responses address Proof of Claim No. 167898.  This proof

4    of claim was filed on November 6th, 2018, several months after

5    the applicable bar date.  The claim asserts liabilities

6    arising from General Obligation Bonds issued by the

7    Commonwealth.  Neither response disputes that the claim is not

8    timely filed, and, instead, the responses contain commentaries

9    on the impact of the Commonwealth's financial distress on

10   individual bondholders.

11         As set forth in the reply, the bar date orders did

12   not require parties to file proofs of claim with respect to

13   bond issuances provided their claim is limited to the

14   repayment of principal, interest, and other amounts arising

15   from applicable trust agreements or bond documents.  And to

16   the extent the claimant seeks to assert a claim for amounts

17   aside from repayment of principal and interest, the bar date

18   orders did require that a proof of claim be filed.

19   Accordingly, to the extent Mr. Martin-Cervera seeks to assert

20   amounts beyond principal and interest, the claims would be

21   late-filed, and the debtors would request the Court sustain

22   the objection and disallow any assertion of amounts beyond

23   principal and interest.

24         The debtors do not seek to disallow the claims to the

25   extent they seek repayment solely of principal, interest, and

1 other related amounts arising from the bond documents on

2 Mr. Martin-Cervera's General Obligation Bond claims.

3          THE COURT:  Thank you.

4          In light of the fact that the objection itself states

5 that it's seeking the total disallowance of the claim, and

6 you've now clarified through the reply and today on the record

7 that you're seeking a partial disallowance of the claim, will

8 you ensure that any eventual proposed order resolving the

9 374th Omnibus Objection makes the appropriate distinction?

10          MS. STAFFORD:  We will, Your Honor.  And we did take

11 note of Your Honor's order last Friday directing us to do

12 that, and we will ensure that we make that distinction for any

13 bond-related claims that appear on this objection.

14          THE COURT:  Thank you.

15          My ruling is as follows:  The 374th Omnibus Objection

16 is sustained as to claim no. 167898 filed by Antonio

17 Martin-Cervera, and that claim is disallowed as late-filed to

18 the extent that it asserts any claim beyond the repayment of

19 principal, interest, and other fees and expenses arising from

20 the bonds identified by the claimant.  The objection is

21 overruled to the extent it seeks disallowance of any claim for

22 the repayment of principal, interest, and other fees and

23 expenses, because debtors acknowledge that the applicable bar

24 date order does not apply to such claims.

25          MS. STAFFORD:  Thank you, Your Honor.

1        THE COURT:  The next Agenda item is number II.7,

2   which is, again, the 374th Omnibus Objection.  This Agenda

3   item is the response of Gadiel Martinez-Sanchez to that

4   objection.

5        MS. STAFFORD:  Thank you, Your Honor.

6        This response was filed at ECF no. 19033, and it

7   addresses Proof of Claim No. 160968.  It was -- this proof of

8   claim was filed on July 17th, 2018, about three weeks after

9   the applicable bar date.  The claim asserts liabilities

10  arising from a litigation captioned *Rosa Lydia Velez v. Puerto*

11  *Rico Department of Education*.

12       The response asserts that the claim was timely filed,

13  and it attaches, as supporting documentation, a filing receipt

14  from Prime Clerk.  That filing receipt provides the "date

15  filed" date as July 17th, 2018, which is, again, about three

16  weeks after the applicable bar date.  Notably, in addition,

17  the claim attaches an envelope demonstrating that the

18  Martinez-Sanchez claim was mailed from San Juan, Puerto Rico,

19  on July 12th, 2018, nearly two weeks after the bar date.

20  Accordingly, because the evidence submitted with the response

21  demonstrates that the claim was not timely filed, and no

22  explanation was provided in the response for the failure to

23  timely file a proof of claim, we would request the claim be

24  disallowed and the Court sustain the objection with respect to

25  this claim.

1          THE COURT:  I have two questions, Ms. Stafford.

2    First, would you just repeat the applicable claim number?

3          MS. STAFFORD:  I believe it is 160968.

4          THE COURT:  Thank you.  This is a person who has

5    referred to the *Lydia Velez* litigation, and so am I correct

6    that the disallowance of the individual proof of claim is not

7    intended to affect any rights that that claimant may have

8    under the master proof of claim filed with respect to

9    participants in the *Lydia Velez* litigation?

10          MS. STAFFORD:  Correct, Your Honor.

11          THE COURT:  Thank you.

12          My ruling is as follows:  The 374th Omnibus Objection

13   is sustained as to claim no. 160968 filed by Gadiel

14   Martinez-Sanchez, and that claim is disallowed in its

15   entirety, because the claim was filed more than two weeks

16   after the bar date, and the lateness of the filing has not

17   been explained with a valid justification.  The disallowance

18   of claim 160968 does not extend to any rights under any master

19   proof of claim filed on the claimant's behalf in connection

20   with the *Lydia Velez* litigation.

21          MS. STAFFORD:  Thank you, Your Honor.

22          THE COURT:  The next Agenda item is number II.8,

23   again, the 374th Omnibus Objection, and this is with respect

24   to the response of Victor L. Rivera-Collazo to that objection.

25          MS. STAFFORD:  Thank you, Your Honor.

1          This response was filed at ECF no. 18480, and it

2     addresses Proof of Claim No. 135104.  This proof of claim was

3     filed on July 2nd, 2018, about three days after the applicable

4     bar date.  The claim asserts liabilities arising from

5     professional services allegedly performed for the Puerto Rico

6     courts.

7          The response states that Mr. Rivera-Collazo disputes

8     the objection, because Mr. Rivera-Collazo understands that he

9     had filed his claim timely.  As set forth in the Bar Date

10    Order, however, claimants were required to file proofs of

11    claim so as to actually be received on or before the

12    applicable bar date.  Prime Clerk's records demonstrate that

13    it did not receive the proof of claim until July 2nd, 2018,

14    three days after the bar date.  Further, Mr. Rivera-Collazo

15    has not provided proof in his response that the claim was

16    timely filed.  Notably, the envelope attached to the claim

17    demonstrates that it was mailed via regular mail on June 27th,

18    2018, and regular mail is not typically delivered within two

19    business days.  Accordingly, because the response does not

20    dispute that the claim was not timely filed, and does not

21    provide an explanation for the failure to do so, the claim --

22    we respectfully request the claim be disallowed and the

23    objection be sustained.

24          THE COURT:  Thank you.

25          My ruling is as follows:  The 374th Omnibus Objection

1   is sustained as to claim no. 135104 of Victor Rivera-Collazo,

2   and that claim is disallowed in its entirety, because the

3   claim was filed after the bar date, which was a date by which

4   the claim had to actually have been received by Prime Clerk,

5   and there's been no valid explanation for the late filing of

6   the proof of claim.  Claim No. 135104 is, therefore,

7   disallowed in its entirety as untimely.

8          The next Agenda item is number II.9, again, the 374th

9   Omnibus Objection, and this Agenda item is the response of

10  Damaris Rodriguez-Carcano.

11         MS. STAFFORD:  Thank you, Your Honor.

12         This response was filed on the docket at ECF no.

13  18507, and it addresses Proof of Claim No. 158327.  This proof

14  of claim was filed on July 9th, 2018, about ten days after the

15  applicable bar date, and it asserts liabilities arising from

16  allegedly accrued but unpaid retirement contributions arising

17  in connection with a multi-plaintiff litigation, with lead

18  plaintiff Nilda Agosto-Maldonado.

19         The response requests that Ms. Rodriguez-Carcano's

20  case be reviewed, because she attempted to apply in person and

21  was told in person that she was within the time limit.

22  However, the response does not provide any evidence that

23  Ms. Rodriguez-Carcano attempted to submit a claim in person,

24  and Prime Clerk does not have a record of any other claims

25  filed by Ms. Rodriguez-Carcano.  Further, the claim itself

1   attaches a FedEx Waybill demonstrating that it was mailed to

2   the debtors and not submitted in person.  The claim itself was

3   executed on July 5th, 2018, and it attaches a waybill that

4   with -- demonstrating that it was mailed on July 6th, 2018,

5   rather than filed in person.  Further, the response does not

6   provide any explanation for the failure to timely file a proof

7   of claim, particularly where, as here, the basis for the claim

8   is a litigation that was filed in 2005.  Accordingly, because

9   the response does not demonstrate that the claim was timely

10  filed, and does not provide an explanation for the failure to

11  timely file a proof of claim, the debtors would respectfully

12  request the Court sustain the objection and disallow the

13  claim.

14         THE COURT:  Again, this disallowance would not affect

15  any rights under a master proof of claim that may have been

16  filed on her behalf in connection with the *Agosto-Maldonado*

17  litigation?

18         MS. STAFFORD:  That is correct, Your Honor.

19         THE COURT:  Thank you.

20         My ruling is as follows:  The 374th Omnibus Objection

21  is sustained as to claim no. 158327 of Damaris

22  Rodriguez-Carcano, and that claim is disallowed in its

23  entirety, because it was filed after the bar date, and no

24  valid explanation for the late filing has been offered.  This

25  disallowance does not affect any rights that the claimant may

1    have under any master proof of claim filed in the

2    *Agosto-Maldonado* litigation.

3              MS. STAFFORD:  Thank you, Your Honor.

4              THE COURT:  Thank you.

5              The next Agenda item is number II.10, again relating

6    to the 374th Omnibus Objection, and this Agenda item is the

7    response of Madeline Sanchez-Rivera to that objection.

8              MS. STAFFORD:  Thank you, Your Honor.

9              This response was filed at ECF no. 19203, and it

10   addresses Proof of Claim No. 145387.  The claim asserts

11   liabilities arising from a litigation captioned *Rosa Lydia*

12   *Velez v. Puerto Rico Department of Education*.  The response

13   asserts that the claim was timely filed, and attaches as

14   supporting documentation a filing receipt from Prime Clerk.

15   That filing receipt, however, provides the date filed as July

16   17th, 2018, again, about three weeks after the applicable bar

17   date.  Notably, in addition, the claim attaches an envelope

18   demonstrating that the claim was mailed from San Juan on July

19   12th, 2018, approximately two weeks after the bar date.

20   Accordingly, because the evidence submitted with the response

21   demonstrates that the claim was not timely filed, and the

22   response does not provide an explanation for the failure to

23   timely file a proof of claim, we would request the Court

24   sustain the objection and disallow the claim.

25              And we would note that the disallowance of this proof

1   of claim would not affect Ms. Sanchez-Rivera's rights pursuant

2   to any master proofs of claim that may have been filed on her

3   behalf.

4          THE COURT:  Thank you.

5          My ruling is as follows:  The 374th Omnibus Objection

6   is sustained as to claim no. 145387 filed by Madeline

7   Sanchez-Rivera.  That claim is disallowed in its entirety,

8   because it was filed more than two weeks after the bar date,

9   and there's been no valid explanation or justification offered

10  for the late filing.  The disallowance of this claim does not

11  extend to any rights that Ms. Sanchez-Rivera may have under

12  any master proof of claim filed in connection with litigation

13  on her behalf.

14         MS. STAFFORD:  Thank you, Your Honor.

15         THE COURT:  Thank you.

16         The next Agenda item is, again, the 374th Omnibus

17  Objection, and the response to that objection of Judith

18  Vargas-Garcia, Ivan Noriega-Vargas, and Janitza

19  Noriega-Vargas.

20         MS. STAFFORD:  Thank you, Your Honor.

21         This response was filed at ECF no. 18327, and it

22  addresses Proof of Claim No. 158363.  This proof of claim was

23  filed on July 6th, 2018, about a week after the applicable bar

24  date.  The claim asserts liabilities arising from a litigation

25  captioned *Rosa Lydia Velez v. Puerto Rico Department of*

1   *Education*.  The response asserts that the claim was timely

2   filed and contends that the Vargas claim was sent by

3   claimants' legal representative on May 24th, 2018.  However,

4   neither the response nor the claim attaches any supporting

5   documentation in support of the assertion that the claim was

6   filed on or about May 24th, 2018.  Further, the claim itself

7   was executed on June 28th, 2018, and, therefore, could not

8   have been mailed on May 24th, 2018.

9           Accordingly, because the response does not

10  demonstrate that the claim was timely filed, and it does not

11  provide any explanation for the failure to timely file a proof

12  of claim, we would request the Court sustain the objection and

13  disallow the claim.  And, as noted, that would not prejudice

14  any of the Vargas's rights pursuant to any master proof of

15  claim that may have been filed on their behalf.

16          THE COURT:  Thank you.

17          My ruling is as follows:  The 374th Omnibus Objection

18  is sustained as to claim no. 158363 filed by Ivan

19  Noriega-Vargas, Judith Vargas-Garcia, and Janitza

20  Noriega-Vargas.  That claim is disallowed in its entirety,

21  because the claim was filed more than two weeks after the bar

22  date, and there's been no valid explanation or justification

23  for the late filing of the proof of claim.  This disallowance

24  does not extend to any rights that the claimants may have

25  under any master proof of claim filed in connection with

1    litigation on their behalf.

2             MS. STAFFORD:  Thank you, Your Honor.

3             THE COURT:  Thank you.

4             The next Agenda item is number II.12, which relates

5    to the 394th Omnibus Objection, and the response to that

6    objection of Eva E. Melendez-Fraguada.

7             MS. STAFFORD:  Thank you, Your Honor.

8             This 394th Omnibus Objection was filed at ECF no.

9    18958, and it seeks to disallow proofs of claim that assert

10   liabilities purportedly owed to public employees by entities

11   that are not Title III debtors.  This response, as the Court

12   noted, was filed by Eva Melendez-Fraguada with respect to

13   Proof of Claim No. 177716, and the response was filed at ECF

14   no. 19420.  The claim asserts liabilities associated with

15   allegedly accrued but -- excuse me, but unpaid pension

16   contributions associated with Ms. Melendez-Fraguada's

17   employment with the State Insurance Fund Corporation.  As set

18   forth in the reply, however, the State Insurance Fund

19   Corporation is not a Title III debtor, but, rather, a

20   separate, legally independent entity.  Neither the claim nor

21   the response provides a basis for asserting a claim against

22   the debtor in respect of liabilities purportedly owed by form

23   -- by separate government entities.  Accordingly, the debtors

24   would request the Court sustain the objection and disallow the

25   claim, notwithstanding the response.

1          And I would note for the record also, Your Honor,

2    that there's a portion of this claim that is in ACR with

3    respect to the resolution of the pension-related liabilities

4    and Ms. Melendez-Fraguada's entitlement to the continued

5    payment of a specific amount of her pension.  And so we would

6    request the Court disallow the claim solely in part, to allow

7    the remaining portion of the claim that addresses her right to

8    continue to receive her pension contributions to move forward

9    and be resolved in ACR.

10          THE COURT:  Thank you.

11          My ruling is as follows:  The 394th Omnibus Objection

12    is sustained as to the portion of claim no. 177716 that has

13    not been transferred into the ACR process.  So it is

14    disallowed as to the portion that is not transferred into ACR,

15    and other than that portion, it is disallowed partially.

16          MS. STAFFORD:  Thank you, Your Honor.  And we will

17    make sure the proposed order submitted reflects that partial

18    disallowance.

19          THE COURT:  Thank you very much.

20          We are now into part III of the Agenda, and the next

21    Agenda item is number III.1, and I'm going to ask that we

22    address first the response to the 374th Objection, because

23    that concerns a larger number of claims, including one that

24    was the subject of the 370th Omnibus Objection.

25          Is proceeding in that fashion acceptable to you,

1    Ms. Stafford?

2         MS. STAFFORD:  That is acceptable, Your Honor.  Thank

3    you.

4         THE COURT:  Thank you.  So we will start with the

5    response of William Roman-Morales to the 374th Omnibus

6    Objection.

7         MS. STAFFORD:  Thank you, Your Honor.

8         The response filed with respect to the 374th Omnibus

9    Objection was submitted directly to the debtors, and filed by

10   the debtors on the docket at ECF no. 19995-6 -- excuse me, -5,

11   with a certified translation available at ECF no. 19995-6.

12   The proofs of claim addressed by the response are Proof of

13   Claim Nos. 178943 and 179392.  Proof of Claim No. 178943 was

14   filed on December 7th, 2020, and Proof of Claim No. 179392 was

15   filed on June 11th, 2021, both well after the bar date.

16        The responses -- the response does not dispute that

17   the claims were not timely filed, and, instead, it requests

18   that the materials be sent to Mr. Roman-Morales in Spanish.  I

19   would note for the record that the objections were provided to

20   Mr. Roman-Morales in English and Spanish, and the bar date

21   notices informing Mr. Roman-Morales of the deadlines to file

22   proofs of claim were made available and mailed out in English

23   and Spanish, and notice was provided in English and Spanish

24   via both newspaper and radio advertisements.  Accordingly, the

25   response does not dispute that the claims were not timely

1    filed, and does not provide an explanation for the failure to

2    timely file a proof of claim.  We would request the Court

3    sustain the objection, and disallow the claims.

4             THE COURT:  Thank you.

5             My ruling is as follows:  The 374th Omnibus Objection

6    is sustained as to claim nos. 178943, 179391, and 179392 filed

7    by William Roman-Morales.  Those claims are disallowed in

8    their entirety, because they were filed more than two years

9    after the bar date, and no valid explanation or justification

10   for the late filing has been provided.

11            The next item with respect to Mr. Roman-Morales is an

12   objection to his claim 179391, which has just been disallowed

13   under the 374th Omnibus Objection.  Is the Oversight Board

14   nonetheless pursuing its objection to that proof of claim

15   under the 370th objection?

16            MS. STAFFORD:  In light of its disallowance under the

17   374th, there's no need to proceed under 370.

18            THE COURT:  Thank you.

19            So the record will note that the 370th Omnibus is

20   withdrawn as against claim 179391 of William Roman-Morales.

21   Is that acceptable?

22            MS. STAFFORD:  That is acceptable.  Thank you.

23            THE COURT:  Thank you.

24            So we proceed to the next Agenda item, which is

25   number III.2, the 374th Omnibus Objection, in this instance,

1   the response of John F. Galano to that objection.

2         MS. STAFFORD:  Thank you, Your Honor.

3         This response was filed at ECF no. 18158, and it

4   addresses Proof of Claim No. 173713, which was filed on April

5   2nd, 2020, nearly two years after the applicable bar date.

6   The claim asserts liabilities arising from General Obligation

7   Bonds issued by the Commonwealth.

8         The response does not dispute that the claim was not

9   timely filed, and, instead, it states that Mr. Galano did not

10  receive notification of the bar date, and, therefore, should

11  be excused from compliance with its requirements.  However,

12  the Court has already approved the broad notice given by the

13  debtors to interested parties of the Bar Date Order and Galano

14  has offered no basis to otherwise excuse himself from the

15  obligation to meet the deadlines set forth in that order.

16        As set forth in the reply, however, the bar date

17  orders did not require parties to file proofs of claim

18  provided their claim was limited to the repayment of

19  principal, interest, and other amounts arising from applicable

20  trust agreements or bond documents.  And so to the extent the

21  claimant seeks to assert a claim for amounts aside from

22  repayment of principal and interest, they would have been

23  required to file a proof of claim, but to the extent they

24  sought only principal and interest on bonds, they were not

25  required to file a proof of claim.  Accordingly, to the extent

1  Mr. Galano seeks to assert amounts beyond principal and

2  interest, we would submit that those claims are late-filed,

3  and we would request the Court sustain the objection and

4  disallow the claims.

5      We do not seek at this time to disallow Mr. Galano's

6  claims to the extent -- claim to the extent it seeks repayment

7  of principal and interest on Mr. Galano's GO bonds, the

8  General Objection bonds.

9      THE COURT:  Thank you.

10      My ruling is as follows:  The 374th Omnibus Objection

11  is sustained as to claim no. 173713 filed by John F. Galano to

12  the extent that the claim asserts any claim beyond the

13  repayment of principal, interest, and other fees and expenses

14  arising from the bonds identified by Mr. Galano.  It is

15  partially disallowed on the basis of the late filing of the

16  claim, which has not been explained satisfactorily.  The

17  objection is overruled to the extent that it seeks

18  disallowance of any claim for principal, interest, and other

19  fees and expenses, because the debtors acknowledge that the

20  Bar Date Order does not apply to such claims.

21      The next Agenda item is number III.3, again, the

22  374th Omnibus Objection, and this is the response of Iris

23  Garcia-Santiago to that objection.

24      MS. STAFFORD:  Thank you, Your Honor.

25      This response was mailed directly to the debtors, and

1  it was filed on the docket at ECF no. 19997-1, with a

2  certified translation available at 19997-2.  The proof of

3  claim at issue is 168000.  This proof of claim was filed on

4  December 11th, 2018, about five months after the applicable

5  bar date, five or six months after the applicable bar date.

6  It asserts liabilities purportedly owed by Kmart Puerto Rico.

7          The response consists of a copy of a completed

8  information request form stating that the Garcia-Santiago

9  claim asserts liabilities arising from an accident at Kmart

10 store in Fajardo.  It also attaches an e-mail chain between

11 Ms. Garcia-Santiago and Prime Clerk regarding the filing of a

12 proof of claim in Kmart's bankruptcy case, and a letter

13 stating that Ms. Garcia-Santiago had complied with two

14 requests for additional information mailed by the debtors in

15 this case.  It does not, however, explain why the

16 Garcia-Santiago claim was filed several months after the

17 applicable bar date.  Accordingly, because the response does

18 not dispute that the claim was not timely filed, and does not

19 provide an explanation for the failure to timely file a proof

20 of claim, we would request the Court sustain the objection and

21 disallow the claim.

22         THE COURT:  Ms. Stafford, can you help me understand

23 why an information request form would have been sent out with

24 respect to a late-filed claim?

25         MS. STAFFORD:  We did send out a number of

1    information request forms prior to starting the process of

2    objecting to late-filed claims in order to understand the

3    basis of the claim and make sure that we, you know, understood

4    whether there was any reason why the claim may not have been

5    filed timely pursuant to the bar date orders, or, you know, to

6    the extent there was any other information that could be

7    gathered to help us understand whether to object to the claim

8    as late-filed or otherwise.

9             THE COURT:  Thank you.

10            My ruling is as follows:  The 374th Omnibus Objection

11   is sustained as to claim no. 168000 filed by Iris

12   Garcia-Santiago, and that claim is disallowed in its entirety,

13   because it was filed more than five months after the bar date,

14   and there has been no valid excuse or justification for the

15   late filing offered by the claimant.

16            The next Agenda item is number III.4, which again

17   relates to the 374th Omnibus Objection, and this is the

18   response of Juan Pablo Lugo-Ruberte.

19            MS. STAFFORD:  Thank you, Your Honor.

20            This response was mailed directly to the debtors, and

21   filed at ECF no. 19997-5, with a certified translation

22   available at 19997-6.  This proof of claim -- the proof of

23   claim addressed by the response is Proof of Claim No. 168595,

24   which was filed on April 18th, 2019, nearly a year after the

25   applicable bar date.  The claim asserts liabilities arising

1    from allegedly accrued but unpaid wages purportedly owed by

2    the Puerto Rico Sugar Corporation.

3            The response consists of a copy of Exhibit D to the

4    Omnibus Objection, with a handwritten note on the bottom of

5    the last page.  That note states that Mr. Lugo-Ruberte just

6    received the objection on September 24th, and that

7    Mr. Lugo-Ruberte asserts an interest in his claim.  It does

8    not otherwise address the debtors' contention that the claim

9    was not timely filed, and it does not provide any explanation

10   for the failure to timely file a proof of claim.  Accordingly,

11   because the response does not dispute that the claim was not

12   timely filed, and does not provide an explanation for the

13   failure to timely file a proof of claim, the debtors would

14   respectfully request the Court sustain the objection and

15   disallow the claim, notwithstanding the response.

16           THE COURT:  Thank you.

17           My ruling is as follows:  The 374th Omnibus Objection

18   is sustained as to claim no. 168595 of Juan Pablo

19   Lugo-Ruberte.  That claim is disallowed in its entirety,

20   because it was filed more than nine months after the bar date,

21   and there has been no valid excuse or justification for the

22   late filing offered.

23           The next Agenda item is number III.5, again relating

24   to the 374th Omnibus Objection, in this instance, the response

25   of Ines M. Lugo-Santana to that objection.

1          MS. STAFFORD:  Thank you, Your Honor.

2          This response was filed at ECF no. 18166, and it

3     addresses Proof of Claim No. 173121.  This proof of claim was

4     filed on February 4th, 2020, over a year and a half after the

5     applicable bar date.  The claim asserts liabilities arising

6     from the litigation captioned *Gladys Garcia-Rubiera v. Juan*

7     *Flores-Galarza*, with case no. 02-1179.  That case sought

8     reimbursement of certain duplicate insurance premiums paid by

9     Puerto Rico customers.  It also attaches a copy of a letter

10    sent by AAFAF in 2018 explaining the process for seeking

11    reimbursement of duplicate insurance premiums, as well as a

12    form for requesting such reimbursements.

13         The Lugo-Santana response states Lugo-Santana sent

14    proof of payment of a double premium, and notes that there are

15    problems with the mail in Puerto Rico.  It does not explain,

16    however, how postal delays in 2021, which are presumably the

17    delays referenced in the response, might have impacted

18    Lugo-Santana's ability to file a timely proof of claim in

19    2021.  Furthermore, pursuant to the Court's order approving

20    the assumption of settlement agreements with the class

21    plaintiffs in the *Garcia-Rubiera* action, this claim has been

22    satisfied, and Mr. Lugo-Santana has the ability to submit a

23    proof of claim and receive reimbursement of his duplicate

24    insurance premiums through the separate process established by

25    AAFAF.  Accordingly, because the response does not dispute

1   that the claim was not timely filed, and does not provide an

2   explanation for the failure to timely file a proof of claim,

3   the debtors would respectfully request the Court sustain the

4   objection and disallow the claim, notwithstanding the

5   response.

6          THE COURT:  Thank you.

7          My ruling is as follows:  The 374th Omnibus Objection

8   is sustained as to claim no. 173121 of Ines Lugo-Santana.

9   That claim is disallowed in its entirety as late-filed,

10  because it was filed more than a year and a half after the

11  Commonwealth's bar date, and because the lateness of the

12  filing of the proof of claim has not been justified or excused

13  in a valid manner.

14         The next Agenda item is number III.6, again, the

15  374th Omnibus Objection, and in this instance the response of

16  Maria Teresita Martin to that objection.

17         MS. STAFFORD:  Thank you, Your Honor.

18         And just for the record, we'd note that Ms. Maria

19  Teresita Martin has also submitted documentation under the

20  name of Maria Soto-Villares, and so both names appear on -- or

21  may appear in the Agenda.  But we just wanted to be clear on

22  the record that we understand Maria Soto-Villares and Maria

23  Teresita Martin to refer to the same individual.

24         THE COURT:  Thank you for clarifying that.

25         MS. STAFFORD:  Thank you.

1          This response was filed at ECF no. 18123, and it

2    addresses Proof of Claim No. 167899.  This proof of claim was

3    filed on November 6th, 2018, four months after the applicable

4    bar date, and that claim asserts General Obligation bonds

5    issued by the Commonwealth.

6          The response does not dispute that the claim was not

7    timely filed, and, instead, it references a communication sent

8    by Ms. Teresita Martin's husband, Mr. Martin Cervera,

9    explaining why Ms. Teresita Martin and her husband believe

10   their bonds should be paid.  The response also attaches a

11   brief commentary discussing the impact of the Commonwealth's

12   financial distress on individual bondholders.

13         As set forth in the reply, the bar date orders did

14   not require parties to file proofs of claim with respect to

15   bonds, provided that their claim is limited to the repayment

16   of principal, interest, and other amounts arising from

17   relevant bond documents.  Accordingly, to the extent

18   Ms. Teresita Martin seeks to assert amounts beyond principal

19   and interest, we would submit those claims are late-filed, and

20   we would request the Court sustain the objection and disallow

21   the claims solely to the extent they assert amounts beyond

22   principal and interest.  And we do not seek to disallow the

23   claims to the extent they seek repayment of principal and

24   interest on Ms. Teresita Martin's General Obligation Bonds to

25   the extent they seek solely repayment of principal and

1    interest.

2         THE COURT:  Thank you.

3         My ruling is as follows:  The 374th Omnibus Objection

4    is sustained as to claim no. 167899 filed by Maria Teresita

5    Martin, also known as Maria Soto-Villares, and that claim is

6    disallowed as late-filed to the extent that it asserts any

7    claim beyond the repayment of principal, interest, and other

8    fees and expenses arising from the bonds identified by the

9    claimant.  The objection is overruled, however, to the extent

10   it seeks disallowance of any claim for the repayment of

11   principal, interest, and other fees and expenses, because the

12   debtors acknowledge that the Bar Date Order does not apply to

13   such bond-related claims.

14        MS. STAFFORD:  Thank you, Your Honor.

15        THE COURT:  Thank you.

16        The next Agenda item is number III.8, which again

17   relates to the 374th Omnibus Objection, in this instance the

18   response of Sergio Morales-Camacho.

19        MS. STAFFORD:  Thank you, Your Honor.

20        This response was filed at ECF no. 18376, and it

21   addresses Proof of Claim No. 167986.  This proof of claim was

22   filed on November 30th, 2018, about five months after the

23   applicable bar date.  The claim asserts liabilities arising

24   from allegedly accrued but unpaid salary adjustments, and

25   attaches a judgment dated June 28th, 2017, in a case captioned

1   *Frente Unidos de Policias Organizados de Puerto Rico v. Estado*

2   *Libre Asociado de Puerto Rico, et al.*, with case no.

3   KAC2007-4170.

4          The response does not dispute that the claim was not

5   timely filed.  Instead, it states that Mr. Morales-Camacho did

6   not know how to file a claim and had to be guided in that

7   process, but that he proceeded to send the claim as soon as he

8   could after his uncertainties were clarified.  As noted

9   earlier, however, materials were provided to creditors in both

10  English and Spanish, and notice was widely broadcast

11  throughout Puerto Rico and certain parts of the mainland.  And

12  the response does not explain what uncertainties

13  Mr. Morales-Camacho had which may have prevented him from

14  filing a proof of claim, or when and how those uncertainties

15  may have been clarified.  In particular, the response does not

16  explain why Mr. Morales-Camacho was not able to file a timely

17  proof of claim in respect of a case that was filed in 2007,

18  and which has a judgment that was issued in June 2017, both of

19  which precede the Bar Date Order by a year or more.

20  Accordingly, the debtors would respectfully request the Court

21  sustain the objection and disallow the claim, notwithstanding

22  the response.

23          I do understand that there is a master proof of claim

24  filed with respect to this case number, and to the extent that

25  Mr. Morales-Camacho is a plaintiff listed on that proof of

1   claim, this disallowance would not affect any rights he might

2   have under that proof of claim.

3           THE COURT:  Thank you, Ms. Stafford.

4           My ruling is as follows:  The 374th Omnibus Objection

5   is sustained as to claim no. 167986 filed by Sergio

6   Morales-Camacho, and that claim is disallowed in its entirety

7   as late-filed, because it was filed five months after the bar

8   date, with no valid excuse or justification offered for the

9   late filing.  This disallowance does not affect any rights

10  that he may have in connection with any master proof of claim

11  filed in litigation in which he is a participant.

12          MS. STAFFORD:  Thank you, Your Honor.

13          THE COURT:  Thank you.

14          The next Agenda item is number III.9, again, the

15  374th Omnibus Objection, and, in this instance, the response

16  of Jose Rafael Ortiz-Solis to that objection.

17          MS. STAFFORD:  Thank you, Your Honor.

18          This response was submitted directly to the debtors,

19  and we have filed it on the docket at ECF no. 19999-1, with a

20  certified translation available at ECF no. 19999-2.  The

21  response addresses Proof of Claim No. 171301, which was filed

22  on October 7th, 2019, well over a year after the applicable

23  bar date.

24          The claim asserts liabilities arising from allegedly

25  accrued but unpaid wages purportedly owed by the Department of

1    Corrections.  The response does not dispute that the claim was

2    not timely filed.  Instead, it consists of a copy of an

3    information request form asserting that Mr. Ortiz-Solis is a

4    plaintiff in a multi-plaintiff litigation captioned *Alfredo*

5    *Maldonado-Rodriguez v. Zoe Laboy Alvarado*, with case no.

6    1996-1381, and a handwritten letter reiterating the

7    information contained in the request form.  The response also

8    attaches copies of pleadings from this *Maldonado-Rodriguez*

9    litigation.  The response does not explain, however, why

10   Mr. Ortiz-Solis was unable to file a timely proof of claim in

11   respect of a case dating to 1996.  Accordingly, because the

12   response does not dispute that the claim was not timely filed,

13   and does not provide an explanation for the failure to timely

14   file a proof of claim, we'd request the Court sustain the

15   objection and disallow the claim, notwithstanding the

16   response.

17          THE COURT:  To the extent there is any master proof

18   of claim that covers this claimant, the disallowance would not

19   affect any entitlement under the master proof of claim?

20          MS. STAFFORD:  That's correct, Your Honor.

21          THE COURT:  Thank you.

22          My ruling is as follows:  The 374th Omnibus Objection

23   is sustained as to claim no. 171301 filed by Jose Rafael

24   Ortiz-Solis, and that claim is disallowed in its entirety as

25   late-filed, because it was filed more than a year after the

1   Commonwealth's bar date and no valid excuse or justification

2   has been offered for the late filing.  This disallowance does

3   not affect any rights that Mr. Ortiz-Solis may have under any

4   master proof of claim filed in the *Maldonado-Rodriguez*

5   litigation.

6           MS. STAFFORD:  Thank you, Your Honor.

7           THE COURT:  The next Agenda item is Number III.10,

8   again relating to the 374th Omnibus Objection, in this

9   instance, the response of Wesley Oswald to that objection.

10          MS. STAFFORD:  Thank you, Your Honor.

11          This response was filed at ECF no. 18109, and it

12  addresses Proof of Claim No. 173735, which was filed on April

13  9th, 2020.  That proof of claim asserts liabilities associated

14  with a General Obligation Bond issued by the Commonwealth.

15  The response states that it includes documents demonstrating

16  efforts Mr. Oswald undertook in the March-to-April-2020 time

17  frame to understand whether to file a proof of claim.  It does

18  not otherwise dispute that the 374th Omnibus Objection -- or

19  the contention in the Omnibus Objection that the claim was

20  untimely filed.  It simply states that all bondholders should

21  be paid.

22          As set forth in the reply, the bar date orders did

23  not require parties to file proofs of claim provided their

24  claims are limited to the repayment of principal, interest,

25  and other amounts arising from applicable bond documents, but

1   claimants were required to file a proof of claim to the extent

2   they sought additional amounts aside from repayment of

3   principal and interest, such as claims for investment losses.

4   Accordingly, to the extent Mr. Oswald seeks to assert amounts

5   beyond principal and interest, we would submit that those

6   claims are late-filed and should be -- and we would request

7   the Court sustain the objection and disallow the claim to the

8   extent it seeks to assert amounts beyond principal and

9   interest.

10              The debtors do not seek to disallow Mr. Oswald's

11  claim to the extent it seeks repayment solely of principal and

12  interest on Mr. Oswald's bonds.

13              THE COURT:  Thank you.

14              My ruling is as follows:  The 374th Omnibus Objection

15  is sustained as to claim no. 173735 filed by Wesley Oswald,

16  and that claim is disallowed as late-filed to the extent that

17  it asserts any claim beyond the repayment of principal,

18  interest, and other fees and expenses arising from the bonds

19  that Mr. Oswald has identified.  The objection is overruled,

20  however, to the extent it seeks the disallowance of any claim

21  for the repayment of principal, interest, and other fees and

22  expenses, because the debtors acknowledge that the Bar Date

23  Order does not apply to such claims.

24              MS. STAFFORD:  Thank you, Your Honor.

25              THE COURT:  Thank you.

1         The next Agenda item is number III.11, which again

2    relates to the 374th Omnibus Objection, in this instance, the

3    response of Amilda Perez-Nieves to that objection.

4         Ms. Stafford?

5         MS. STAFFORD:  Thank you, Your Honor.

6         Ms. Perez-Nieves's response was received directly by

7    the debtors, and filed on the docket at ECF no. 2000-1, with a

8    certified translation available at ECF no. -- I'm sorry.  The

9    response was filed at ECF no. 20000-1, and the certified

10   translation is available at ECF no. 20002-1.  The proof of

11   claim at issue is ECF -- I'm sorry, is number 171116, which

12   was filed on October 3rd, 2019, over a year after the

13   applicable bar date.  The claim asserts liabilities arising

14   from allegedly accrued but unpaid wages.

15        The response does not dispute that the Perez-Nieves

16   claim was not timely filed.  Instead, it consists of a

17   handwritten letter stating that Ms. Perez-Nieves was unaware

18   of the bar date, but submitted information using a form given

19   to her by a coworker.  The Perez-Nieves response does not

20   explain, however, why Ms. Perez-Nieves was unable to file a

21   timely proof of claim.  Notably, Ms. Perez-Nieves received

22   notice pursuant to the terms of the Bar Date Order via, again,

23   mailings, newspaper advertisements, and radio advertisements

24   as set forth in the Bar Date Order that the Court approved.

25   Because the Perez-Nieves response does not dispute that the

1    claim was not timely filed, and does not provide an adequate

2    explanation for the failure to timely file a proof of claim,

3    the debtors would respectfully request the objection be

4    sustained and the claim be disallowed.

5         THE COURT:  Thank you.

6         My ruling is as follows:  The 374th Omnibus Objection

7    is sustained as to claim no. 171116 of Amilda Perez-Nieves.

8    That claim is disallowed in its entirety as late-filed,

9    because it was filed more than a year after the Commonwealth's

10   bar date, and no valid explanation or justification for the

11   late filing has been offered.

12        The next Agenda item, which is our last one today,

13   is, again, the 374th Omnibus Objection, and the response of

14   Miriam E. Plaza-Cruz to that objection.

15        MS. STAFFORD:  Thank you, Your Honor.

16        This response was filed on the docket at ECF no.

17   19202, and it addresses Proof of Claim No. 167977.  This proof

18   of claim was filed on November 12th, 2018, about five months

19   after the applicable bar date.  The claim asserts liabilities

20   arising from allegedly accrued but unpaid salary adjustments

21   purportedly owed by the Department of Health.  The response

22   does not dispute that the claim was not timely filed.

23   Instead, it provides additional information regarding

24   Ms. Plaza-Cruz's employment, and explains that

25   Ms. Plaza-Cruz's local Post Office experienced delays, because

```
 1   it has been damaged.  The response does not explain, however,

 2   why Ms. Plaza-Cruz was unable to file a timely proof of claim,

 3   and it does not explain, in particular, how the postal delays

 4   referenced may have impacted Ms. Plaza-Cruz's ability to

 5   timely file a proof of claim in 2018.  Accordingly, because

 6   the response does not dispute that the claim was not timely

 7   filed, and does not provide an explanation for the failure to

 8   timely file a proof of claim, we would request the Court

 9   sustain the objection and disallow the claim.

10            THE COURT:  Thank you.

11            My ruling is as follows:  The 374th Omnibus Objection

12   is sustained as to claim no. 167977 of Miriam Plaza-Cruz, and

13   that claim is disallowed in its entirety as late-filed,

14   because it was filed nearly five months after the

15   Commonwealth's bar date, and there has been no valid

16   explanation or justification for the late filing.

17            That concludes all of the claim Agenda items for

18   today.  Thank you, Ms. Stafford, for going through those so

19   clearly and efficiently.  Are there any other matters that we

20   need to address before adjourning today?

21            MS. STAFFORD:  No, Your Honor, there are not.

22            THE COURT:  Thank you.

23            I see no other hands raised.  So this concludes the

24   hearing Agenda for today's portion of the Claim Objection

25   Hearing.  We will resume to hear more responses to Omnibus
```

1    Objections tomorrow beginning at 9:30 AM Atlantic Standard

2    Time, which is 8:30 AM Eastern Standard Time.

3            I thank the court staff in Puerto Rico, including the

4    interpreter, the court reporter, the courtroom deputies, and

5    the AV personnel, and everyone involved there in the support

6    of this case, the same group of staff in New York, and in

7    Boston, although of course we don't have the interpreter or

8    court reporter here with us in New York and Boston; but

9    everyone is working very hard and working very well together

10   in the support of these hearings and the administration of

11   these cases, and I am quite grateful for that.

12           So stay safe and keep well, everyone.  We are

13   adjourned until tomorrow morning.

14               (At 1:29 PM, proceedings concluded.)

15                        *    *    *

16

17

18

19

20

21

22

23

24

25

```
1   U.S. DISTRICT COURT     )

2   DISTRICT OF PUERTO RICO)

3

4        I certify that this transcript consisting of 119 pages is

5   a true and accurate transcription to the best of my ability of

6   the proceedings in this case before the Honorable United

7   States District Court Judge Laura Taylor Swain, and the

8   Honorable United States Magistrate Judge Judith Gail Dein on

9   February 16, 2022.

10

11

12

13  S/ Amy Walker

14  Amy Walker, CSR 3799

15  Official Court Reporter

16

17

18

19

20

21

22

23

24

25
```