# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>   Debtors.[1] | PROMESA<br><br>Title III<br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### INFORMATIVE MOTION OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD REGARDING STATUS OF PLAN IMPLEMENTATION

To the Honorable United States District Judge Laura Taylor Swain:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Public Buildings Authority ("PBA"), and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the Commonwealth and PBA, the "Debtors") pursuant to section 315(b) of the *Puerto Rico Oversight, Management,*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*and Economic Stability Act* ("PROMESA"),[2] files this Informative Motion to provide the Court and parties in interest an update regarding the status of implementation of the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, dated January 14, 2021 [ECF No. 19784] (the "Plan"), and states as follows:

I. **STATUS OF PLAN IMPLEMENTATION AND PLAN RELATED DOCUMENTS**

1. On January 18, 2022, the Court entered the *Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19813] (the "Confirmation Order").[3] As of the date hereof, appeals from the Confirmation Order have been taken by (a) Federación de Maestros de Puerto Rico, Inc., Grupo Magisterial Educadores(as) por la Democracia, Unidad, Cambio, Militancia y Organización Sindical, Inc., and Unión Nacional de Educadores y Trabajadores de la Educación, Inc. (collectively, the "Federaciones"), (b) Cooperativa de Ahorro y Crédito Abraham Rosa, Cooperativa de Ahorro y Crédito de Ciales, Cooperativa de Ahorro y Crédito de Rincón, Cooperativa de Ahorro y Crédito Vega Alta, Cooperativa de Ahorro y Crédito Dr. Manuel Zeno Gandía, and Cooperativa de Ahorro y Crédito de Juana Díaz (collectively, the "Cooperativas"), and (c) Suiza Dairy Corp. ("Suiza," and, together with the Federaciones and the Cooperativas, the "Appellants"). The Federaciones and the Cooperativas have each filed a motion for a stay pending appeal (the "Stay Motions"). The Oversight Board and other parties in interest have filed objections and responses in opposition to the Stay Motions and, pursuant to the Court's

---

[2] PROMESA has been codified at 48 U.S.C. §§ 2101–2241.

[3] Capitalized terms used herein that are not otherwise defined shall have the meanings given to them in the Confirmation Order or the Plan, as applicable.

orders, the Federaciones and the Cooperativas have filed replies thereto and the Court shall consider the Stay Motions on submission.

2. On February 17, 2022, the Oversight Board filed a cross-appeal from the portion of the Confirmation Order and the corresponding findings of fact and conclusion of law, holding that claims arising under the Takings Clause of the United States Constitution are nondischargeable or must be paid in full (the "Cross-Appeal"). The Oversight Board submits that the pendency of the Cross-Appeal will not in any way affect the timing regarding the consummation of the transactions contemplated by the Plan.

3. The Oversight Board and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") continue to work collaboratively towards consummation of the Plan. The Oversight Board and AAFAF, among other parties, are finalizing various documents and transactions necessary for the consummation of the Plan. On February 3, 2022, the Oversight Board filed the *Third Amended Plan Supplement and Plan Related Documents of the Commonwealth of Puerto Rico, et al.* [ECF No. 20019]. The Oversight Board will file a further amended Plan Supplement with the final versions of the plan related documents. Unless otherwise stayed, the Effective Date shall occur on or before March 15, 2022.

II. **LIST OF AGENCY ACCOUNTS AND AMOUNTS TO BE TRANSFERRED**

4. Decretal paragraph 25 of the Confirmation Order provides that the agencies and instrumentalities set forth on Exhibit D thereto (the "List of Agencies and Amounts to be Transferred") are directed to transfer the funds and proceeds of liquid securities held on account and set forth on such exhibit to the Puerto Rico Treasury Single Account on the earlier to occur of the Effective Date and within forty-five (45) days (from and after the date of the Confirmation Order (March 4, 2022) (the "Transfer Deadline"). Decretal paragraph 25 of the Confirmation

Order further provides that the List of Agencies and Amounts to be Transferred may be amended during the period up to and including thirty (30) days from the date of the Confirmation Order upon agreement of the Oversight Board and AAFAF. To the extent the List of Agencies and Amounts to be Transferred is amended, the Oversight Board is required to file an informative motion with the Title III Court.

5. As noted above, the Oversight Board and AAFAF and their advisors continue to work toward consummation of the transactions contemplated by the Plan, including, without limitation, finalization of the List of Agencies and Amounts to be Transferred. To those ends, the Oversight Board and AAFAF have agreed to (a) extend the Transfer Deadline to March 11, 2022 (the "Extended Transfer Deadline") to allow the parties to finalize the contemplated transfers ahead of the anticipated March 15, 2022 Effective Date, and (b) amend the List of Agencies and Amounts to be Transferred in the form annexed hereto as **Exhibit 1** to include the Oversight Board and AAFAF's agreement to file a revised List of Agencies and Amounts to be Transferred on or before the Extended Transfer Deadline to reflect the actual amounts to be transferred to the Puerto Rico Treasury Single Account (the "Final Transfers").

6. The Oversight Board shall file an informative motion (including a further amended exhibit) with the Title III Court with respect to the Final Transfers on or before the Extended Transfer Deadline.

### III. IMPLEMENTATION OF PLAN PROVISIONS REGARDING TREATMENT OF PENSION AND LABOR CLAIMS

7. A key component of the Plan is the treatment of current and former employee related claims. The Oversight Board has worked in close coordination with AAFAF and various government agencies to prepare for the implementation of measures on and after the Effective Date regarding the transition to new retirement and employment benefits, including, without

limitation, procedures associated with continuation of employee benefits. Set forth below is a status report regarding such procedures and the means for implementing such procedures, none of which constitutes a substantive revision of the Plan or Confirmation Order.

8. <u>Funding of the Pension Reserve Trust</u>. The Plan and Confirmation Order each provide (in relevant part) the Commonwealth is to make contributions to the Pension Reserve Trust in the amount of the Base Contribution (a known amount based on the Projected Fiscal Plan Surplus in the Fiscal Plan certified on January 27, 2022), <u>plus</u> an additional amount that is to be calculated based on actual Commonwealth surpluses in each of the ten years of the Pension Reserve Trust funding, <u>less</u> (among other things) the amount of CVI payments made by the Commonwealth for each year (the "<u>Additional Contribution</u>"). <u>Plan,</u> § 83.2; <u>Confirmation Order</u> ¶ 23. The Plan provides these amounts to be contributed on or before October 1st of each year. However, based upon circumstances and the terms of the CVI Indenture, it is possible the amount of the CVI payments for each year will not be known by October 1st. Therefore, to accommodate the expected timing for the CVI calculation, the Additional Contribution will be made on or before November 1st of each year, with the Base Contribution remaining to be made on or before October 1st. Importantly, though, the Oversight Board has informed AAFAF it expects the Base Contribution to be made as soon as possible after the end of each applicable fiscal year, and no later than August 1st unless adjustments are required pursuant to the definition of "Projected Fiscal Plan Surplus" in the Plan. <u>Plan,</u> § 1.413.

9. Additionally, the Confirmation Order provides that the Pension Reserve Trust's initial funding amount, $5 million dedicated for administrative and "start-up" costs, to be deposited to the Pension Reserve Trust on the Effective Date, shall be allocated in specific dollar amounts among three different accounts. <u>Confirmation Order,</u> ¶ 23. After discussions among the Oversight

Board, AAFAF, the Retiree Committee, and AFSCME, the parties have agreed that three accounts are not needed, and, thus, this initial amount, while remaining the same, shall be allocated as follows: (i) $550,000.00 shall be deposited into the administrative and operating account of the Pension Benefits Council immediately after the establishment of such account by the Pension Benefits Council; and (ii) the balance, $4,450,000, shall be deposited into the administrative and operating account of the Pension Reserve Board immediately after the establishment of such account by the Pension Reserve Board.

10. <u>Calculation of Actual Cash Surpluses</u>. As set forth in Exhibit G to the Plan, employees in bargaining units represented by AFSCME or its local affiliates and all other eligible Commonwealth employees designated by the Oversight Board will participate in the Upside Participation Bonus for the five years following the Effective Date. This bonus shall be calculated and paid each Fall, beginning in the Fall of 2022, based on the Excess Cash Surplus achieved in the prior fiscal year. Section 1.235 of the Plan defines Excess Cash Surplus as "[t]he amount of actual cash surplus above and beyond the projected Fiscal Plan Surplus contained in the Fiscal Plan for the Commonwealth certified by the Oversight Board and being in effect as of the Effective Date." Additionally, Section 83.2 of the Plan provides that the Additional Contribution (to the Pension Reserve Trust) is to be calculated based on the "actual unrestricted primary surplus." <u>Plan</u> § 83.2. For the avoidance of doubt, and for the sake of consistency in making payments in accordance with the Plan based on future economic performance, the Oversight Board has determined the Excess Cash Surplus and the Additional Contribution will be calculated by measuring actual net cash flow activity in the Commonwealth's Treasury Single Account (the "<u>TSA</u>") for the applicable fiscal year as reported by AAFAF against the projected net cash flow

activity in the TSA for such year, based on the surplus projections in the Fiscal Plan certified by the Oversight Board in January 2022.

11. <u>Calculation of TRS Pensions</u>. The Plan provides (consistent with the TRS pension plan) that pension benefits, subject to the freeze of TRS, are to be calculated based on "Average Compensation," defined as "[t]he average of the thirty-six (36) highest months of compensation that the member has received for Creditable Service. Compensation earned after the effective date of the freeze will not be considered." Plan Ex. F-1, p. F-2. For the avoidance of doubt, in the event any law or other measures are lawfully enacted or imposed that provide for retroactive increases to compensation of Active TRS Participants, Average Compensation as used in the Plan to calculate TRS pension benefits will not include any incremental compensation allowed to teachers as a result of any such laws or measures.

12. <u>Purchase of Service Credit in the JRS Plan</u>. Unlike the treatment of TRS-related claims as set forth in Exhibit F-1 of the Plan (Plan Ex. F-1, p. F-2), the Plan does not provide for the elimination of service credit purchases with respect to the JRS plan because no Puerto Rico law or regulation related to JRS provides participants the right to purchase service credits. The Oversight Board has recently learned ERS (which administers the JRS plan) has nonetheless allowed service credit purchases by JRS participants under certain circumstances in which the participant was previously employed by the government but not contributing to any retirement plan. The Oversight Board hereby clarifies it will not permit any future purchases of service credit with respect to the JRS plan, because they are not provided for under existing law.

13. <u>Application of JRS Freeze Provisions</u>. The first sentence of Exhibit E of the Plan, providing the details of the freeze of the JRS plan, states "The following is a summary of modifications with respect to outstanding benefits of the Judiciary Retirement System for the

Commonwealth of Puerto Rico ("JRS") as it applies to judges serving *without a fixed tenure.*" (Emphasis added). To address any potential ambiguity resulting from the phrase "judges serving without a fixed tenure," the Oversight Board clarifies the Plan provides that the freeze of the JRS plan applies to all Active JRS Participants, i.e., all active employees of the Commonwealth who hold a claim for retirement benefits as a Participant in JRS. Plan §§ 1.320, 55.8.

14. System 2000 Distributions. The Plan provides that distributions to holders of Allowed System 2000 Participant Claims shall receive the amount of their contributions into the defined contribution accounts established pursuant to Act 106-2017. The Oversight Board and AAFAF have determined there are approximately 20,000 Participants in the System 2000 benefit plan who are no longer in public employment and, thus, do not have Act 106 defined contribution accounts. The Oversight Board and AAFAF have therefore agreed the distributions to these individuals will be segregated into a separate account and all affected claimants will be notified how to claim their funds, consistent with the provisions of Section 77.7 of the Plan.

15. Additionally, while System 2000 was in effect prior to the enactment of Act 106-2017, Participants were able to access mortgage loans and unsecured personal and travel loans from the Commonwealth, many of which remain outstanding. The mortgage loans are secured by liens on real property owned by the borrowers. The unsecured loans are subject to setoff against the liquidation of borrowers' accrued System 2000 benefits when accessed (generally upon retirement). While borrowers are employed, debt service on these loans is withheld from their payroll. When they leave government employment, the mortgage loans remain secured by the real property mortgages. However, collection of the unsecured loans often relies on the Commonwealth's setoff rights. There are currently approximately $24 million in outstanding unsecured loans to borrowers who are no longer employed by the government, but also, not yet

retired. For these loans, in accordance with Section 77.11 of the Plan and applicable Puerto Rico Law, the Commonwealth will exercise its setoff rights against distributions to be made to the subject System 2000 Participants pursuant to Section 55.10 of the Plan. For the other System 2000 Participants with outstanding loans (either mortgage loans or unsecured loans to people still employed by the government), the Commonwealth will rely on other means of collection and will not setoff loan balances against their distributions.

16. <u>TRS Contributions by Retirees Under 55</u>. Under the TRS retirement plan, people who retire when under age 55 are required to continue contributing to TRS until they reach age 55. Although the Plan provides all other contributions to TRS from active teachers will cease as of the Freeze Date, the Plan is silent as to whether these contributions will still be required from these retired teachers as part of the terms of the TRS freeze. The Oversight Board confirms employee contributions that were required of pensioners under age 55 will cease after the Freeze Date.

17. <u>Application of TRS Freeze to Teachers with Pending Retirements</u>. The Plan provides the TRS freeze will occur on the Effective Date of the Plan, which the Oversight Board expects will be March 15, 2022. After the freeze date, Active TRS Participants will not have the right to accrue additional pension benefits or age into retirement eligibility under the terms of the TRS plan (the retirement age will increase to 63 for those not eligible at the freeze date), and such Participants will no longer have the right to purchase service credit toward retirement with either cash payments or application of unused vacation days. The deadline for TRS Participants to apply for retirement at the end of the current school year was January 31, 2022. To implement the TRS freeze, the Oversight Board agrees that people who applied for retirement by the January 31, 2022 deadline may apply to purchase service credit until the freeze date and receive the benefits of such

purchased credit when they retire at the end of the current semester. Additionally, the Oversight Board agrees that retirement eligibility (including eligibility to achieve 30 years' service to obtain the enhanced merit pension) for Active TRS Participants who applied for retirement at the end of this school year by the January 31, 2022 deadline may be determined based on the person's age and service at the time of retirement, so long as retirement occurs at the end of the current semester (i.e., before the start of any other school session or semester). However, the calculation of benefits shall be based on time of service (with allowable service credit purchases as described above) as of the freeze date.

18. <u>Effective Date Implementation</u>. In preparation for meeting the required provisions under the Plan and adhering to the Effective Date set forth by the Court, the Oversight Board and the Government are working closely together on more than 170 implementation tasks. These tasks include, among other things, the drafting of multiple sets of bond and trust documentation, the consolidation and transfer of cash from multiple instrumentalities, the certification of revised budget resolutions, the amendment of more than a dozen collective bargaining agreements, and the hiring of multiple advisors and trustees to assist with the execution of payment transfers and other required tasks. These tasks also include extensive preparation for the implementation of the modified employee benefit provisions enumerated in the Plan. As an example, the Government must recode its payroll system to modify employee withholdings for the pension freeze, increased participation in Social Security, and adjusted Act 106 plan contributions pursuant to the Plan. Many of the implementation tasks must be completed several weeks before the Effective Date, so that the Effective Date requirements can be achieved. As the Effective Date approaches, the administrative burden for unwinding certain actions taken in preparation for Plan implementation in the event the Effective Date is stayed will become more challenging and costly.

IV.     **CURE AMOUNT OBJECTIONS**

19.     On November 21, 2021, the Oversight Board filed the *Second Amended Plan Supplement and Plan Related Documents of the Commonwealth of Puerto Rico, et al.* [Case No. 17-BK-3283-LTS, ECF No. 19326] (the "Second Amended Plan Supplement"). Attached to the Second Amended Plan Supplement as Exhibit E is a schedule of Executory Contracts and Unexpired Leases (the "Schedule"), that pursuant to Section 76.1 of the Plan, the Debtors intend to assume, as of the Effective Date of the Plan.

20.     On November 23, 2021, the Oversight Board filed the *Notice of Executory Contracts and Unexpired Leases to be Assumed Pursuant to Title III Plan of Adjustment* [Case No. 17-BK-3283-LTS, ECF No. 19353; Case No. 19-BK-05523-LTS, ECF No. 244; Case No. 17-BK-03566-LTS, ECF No. 1272] (the "Original Notice"), which provided that the deadline for parties in interest to object to the proposed Cure Costs or the assumption of the Executory Contracts or Unexpired Leases was December 13, 2021, at 5:00 p.m. (prevailing Atlantic Standard Time) (the "Original Objection Deadline"). [4]

21.     On December 12, 2021, Ricoh Puerto Rico Inc. ("Ricoh") filed the *Ricoh Puerto Rico Inc.'s Motion Objecting Docket No. 19353 and Informing Cure Amounts for Executory Contracts or Unexpired Leases to be Assumed Pursuant to Title III Plan of Adjustment* [ECF No. 19498] (the "Ricoh Objection").

---

[4] On December 21, 2021, the Oversight Board also filed the *Supplemental Notice Regarding Limited Extension of Time to Object to Executory Contracts and Unexpired Leases to be Assumed Pursuant to Title III Plan of Adjustment* (the "Supplemental Notice") [ECF No. 19585], to extend the Original Objection Deadline solely for certain counterparties to the Executory Contracts and Unexpired Leases listed on the schedule attached thereto as Exhibit A to January 10, 2022, at 5:00 p.m. (Atlantic Standard Time) (the "Extended Objection Deadline"). No objections were filed by the Extended Objection Deadline with respect to such Executory Contracts and Unexpired Leases.

11

22. On December 13, 2021, Orlando Santiago Amador ("Amador") filed the *Motion Objecting Docket No. 19353 and Informing Cure Amounts for Executory Contracts or Unexpired Leases to be Assumed with Servicentro Ciales, Inc. Pursuant to Title III Plan Of Adjustment* [ECF No. 19501] (the "Amador Objection"), and FISA SE ("FISA") filed the *Objection to Cure Amount* [ECF No. 19505] (the "FISA Objection").

23. On January 18, 2022, Ramhil Developers, Inc. ("Ramhil") filed the *Ramhil Developers Inc.'s Objection to Docket No. 19353 and Informing Cure Amounts for Executory Contracts or Unexpired Leases to be Assumed Pursuant to Title III Plan of Adjustment* [ECF No. 19807] (the "Ramhil Objection," and, together with the Ricoh Objection, the Amador Objection, and the FISA Objection, the "Objections").

24. The Oversight Board has reached a resolution to the Amador Objection and the FISA Objection, which will be reflected in a revised Schedule to be filed with an amended Plan Supplement on or before March 15, 2022. The Oversight Board continues to seek a consensual resolution to the Ricoh Objection and the Ramhil Objection, if possible.

[*Remainder of page intentionally left blank*]

**WHEREFORE**, the Oversight Board respectfully requests that the Court take notice of the foregoing.

Dated: February 17, 2022
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Martin J. Bienenstock*
Martin J. Bienenstock
Brian S. Rosen
Paul V. Possinger
(Admission *pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

## Exhibit 1

**Amended List of Agencies and Amounts to be Transferred
(Exhibit D to the Confirmation Order)**

**Exhibit D**

**List of Agencies and Amounts to be Transferred**

AAFAF and the Oversight Board hereby amend this exhibit to include their agreement that the amounts to be transferred as set forth herein may be made on or before March 11, 2022 and this exhibit may be further amended on or before March 11, 2022 to reflect the final amount of those transfers.

| Sources | | | $ millions | 30-Jun-21 |
|---|---|---|---|---|
| **TSA Bank Account Balances** | | | | |
| Account Description | Account Number | Bank Name | | |
| TSA Operational | X9458 | Banco Popular | $ | 2,000 |
| TSA Reserve (Per Fiscal Plan) | X1012 | Banco Popular | | 304 |
| TSA Cash Concentration | X1020 | Banco Popular | | 5,742 |
| TSA Overnight Sweep (Repos) | X9036 | Citibank | | 3,624 |
| TSA Accumulation Account | X2463 | Banco Santander | | - |
| | | | | 11,671 |
| **TSA Cash Adjustments** | | | | |
| Federal Funds in the TSA | | | | (76) |
| **TSA Bank Accounts** | | | $ | 11,595 |
| **Sweep Account Balances** | | | | |
| Account Description | Account Number | Bank Name | | |
| Excise, Inheritance, Gifts, and Licenses | X3630 | Banco Popular | $ | 158 |
| Sales & Use Tax (SUT/IVU) | X4406 | Banco Popular | | 54 |
| | | | | 212 |

| Sources | | | $ millions | 30-Jun-21 |
|---|---|---|---|---|
| **Cash at Commonwealth Agencies** | | | | |
| Account Holder | Account Number | Bank Name | | |
| Hacienda | X7205 | Banco Popular | $ | 46 |
| Hacienda | X7044 | Banco Popular | | 339 |
| Hacienda | X9038 | Banco Popular | | 556 |
| Hacienda | X9857 | Banco Popular | | 147 |
| Controller's Office | X0251 | Banco Popular | | 11 |
| Department of Economic Development and Commerce | X4551 | Banco Popular | | 22 |
| Department of Economic Development and Commerce | X4527 | Banco Popular | | 6 |
| Department of Economic Development and Commerce | X4519 | Banco Popular | | 4 |
| Department of Economic Development and Commerce | X1301 | Banco Popular | | 10 |
| Department of Economic Development and Commerce | X5730 | Banco Popular | | 50 |
| Department of Housing | X5636 | Banco Popular | | 8 |
| Department of Housing | X5571 | Banco Popular | | 5 |
| Department of Housing | X0037 | Banco Popular | | 0 |
| Department of Education | X3706 | Banco Popular | | 13 |
| Department of Labor | X0308 | Banco Popular | | 178 |

| Account Holder | Account Number | Bank Name | |
|---|---|---|---|
| Department of Labor | X0286 | Banco Popular | 13 |
| Environmental Quality Board | X0316 | Banco Popular | 10 |
| Office of Court Administration | X9562 | First Bank | 102 |
| Office of Court Administration | X1022 | Citibank | 6 |
| Office of Court Administration | X0974 | First Bank | 10 |
| Puerto Rico Energy Commission | X3064 | Banco Popular | 7 |
| Puerto Rico Energy Commission | X3056 | Banco Popular | 33 |
| Puerto Rico Police Bureau | X9598 | Banco Popular | 30 |
| Senate | X2665 | First Bank | 8 |
| Senate | X2687 | First Bank | 1 |
| Statistics Institute of PR | X7055 | Banco Popular | 4 |
| Superintendent of the Capitol | X2775 | First Bank | 1 |
| Superintendent of the Capitol | X2764 | First Bank | 1 |
| Department of Justice – Office of Inspector General | X6054 | Banco Popular | 3 |
| Forensics Science Bureau | X4496 | Banco Popular | - |
| Forensics Science Bureau | X1681 | Banco Popular | 3 |
| Government Ethics Office | X0828 | First Bank | 0 |
| Government Ethics Office | X1067 | Banco Popular | 4 |
| Government Ethics Office | X1059 | Banco Popular | 0 |
| Government Ethics Office | X2001 | Banco Popular | 3 |
| House of Representatives | X2610 | First Bank | 5 |
| Office of Legislative Services | X2819 | First Bank | 3 |
| Office of Legislative Services | X2808 | First Bank | - |
| Office of Legislative Services | X2797 | First Bank | - |
| Office of Legislative Services | X2786 | First Bank | 6 |
| PR Federal Affairs Administration | X3037 | Citibank | 0 |
| PR Federal Affairs Administration | X9332 | Citibank | 1 |
| PR Federal Affairs Administration | X9316 | Citibank | 0 |
| Electric Lottery | X5328 | First Bank | 20 |
| | | | 1,668 |

| Sources | | $ millions | 30-Jun-21 |
|---|---|---|---|

**Cash from ERS and PBA**

| Account Holder | Account Number | Bank Name | |
|---|---|---|---|
| Employee Retirement System | X0514 | BNY Mellon | $ 141 |
| Employee Retirement System | X8059 | Banco Popular | 95 |
| Employee Retirement System | X4554 | Banco Popular | 30 |
| Employee Retirement System | X4546 | Banco Popular | 111 |
| Employee Retirement System | X1185 | Banco Popular | 3 |
| Employee Retirement System | X1177 | Banco Popular | 10 |
| Public Building Authority | X2002 | US Bank | 3 |
| Public Building Authority | X9006 | US Bank | 4 |
| Public Building Authority | X7589 | Oriental Bank | 16 |
| Public Building Authority | X4707 | Oriental Bank | 13 |

| Account Holder | Account Number | Bank Name | |
|---|---|---|---|
| Public Building Authority | X1571 | Oriental Bank | 5 |
| Public Building Authority | X5578 | Oriental Bank | 10 |
| Public Building Authority | X4128 | Banco Popular | 62 |
| Public Building Authority | X5019 | Banco Popular | 9 |
| | | | 512 |

| Sources | | $ millions | 30-Jun-21 |
|---|---|---|---|
| **Cash from TRS and JRS** | | | |
| Account Holder | Account Number | Bank Name | |
| Teacher Retirement System | X7036 | Banco Popular | 116 |
| Teacher Retirement System | X0244 | Banco Popular | 13 |
| Teacher Retirement System | X8820 | Banco Popular | 0 |
| Retirement System of Puerto Rico Judiciary | X1223 | Banco Popular | 0 |
| Retirement System of Puerto Rico Judiciary | X5199 | Banco Popular | 0 |
| Retirement System of Puerto Rico Judiciary | X4538 | Banco Popular | 35 |
| | | | 164 |