**<u>Exhibit B</u>**

**Proposed Order**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS<br><br>**Court Filing Relates Only to PREPA and Shall Only Be Filed in Case No. 17 BK 4780-LTS and Main Docket 17 BK 3283-LTS** |

## ORDER GRANTING URGENT MOTION OF THE AD HOC GROUP OF PREPA BONDHOLDERS PURSUANT TO SECTION 312 OF PROMESA AND SECTION 105 OF THE BANKRUPTCY CODE TO IMPOSE DEADLINES FOR A PREPA PLAN OF ADJUSTMENT

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Upon consideration of the Urgent Motion of the Ad Hoc Group of PREPA Bondholders Pursuant to Section 312 of PROMESA and Section 105 of the Bankruptcy Code to Appoint a Mediator and Impose Deadlines for a PREPA Plan of Adjustment (ECF No. ___) (the "Motion")[2]; the Court having found and determined that (i) the Court has jurisdiction to consider the Motion and the relief requested therein; (ii) venue is proper before this Court pursuant to PROMESA section 307(a); (iii) due and proper notice of this Motion has been provided under the particular circumstances and no other or further notice need be provided; (iv) based on the statements and arguments made in the Motion, the relief requested in the Motion is in the best interest of PREPA and its creditors; (v) any objections to the relief requested in the Motion have been withdrawn or are hereby overruled; and (vi) the legal and factual bases set forth in the Motion establish just cause for the relief granted herein.

Accordingly, it is hereby ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

3.      Pursuant to section 105(a) of the Bankruptcy Code and 312 of PROMESA, the Court fixes the following plan-related deadlines:

    a.    By no later than **April 15, 2022**, the Oversight Board shall file a plan of adjustment for PREPA that the Oversight Board intends to prosecute towards confirmation, with an accompanying disclosure statement;

    b.    The Oversight Board shall provide parties with not less than approximately 60 days' notice of the disclosure statement such that the Court may consider the adequacy of the disclosure statement for the plan by no later than **June 15, 2022**;

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

    c.   The Oversight Board shall distribute ballots for the plan providing not less than approximately 90 days for voting on the plan such that tabulation will be completed no later than **September 15, 2022**;

    d.   The Court will consider confirmation of the plan by no later than **October 15, 2022**; and

    e.   Plan consummation must occur by no later than **November 30, 2022**.

4.    For good cause shown, any party in interest may seek appropriate relief from this Order.

5.    Nothing in this Order shall affect the rights, claims and obligations of the parties to the RSA, all of which rights, claims and obligations are fully preserved.

6.    The terms of and conditions of this Order shall be immediately effective and enforceable upon its entry.

7.    This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

8.    This Order resolves ECF No. [__] in Case No. 17-4780.

SO ORDERED.

Date: _____, 2022

<br>

_____
**HONORABLE LAURA TAYLOR SWAIN**
**UNITED STATES DISTRICT JUDGE**