1

1          UNITED STATES DISTRICT COURT

2              DISTRICT OF PUERTO RICO

3
In Re:                    )     Docket No. 3:17-BK-3283(LTS)
4                          )
                           )     PROMESA Title III
5   The Financial Oversight and )
Management Board for       )
6   Puerto Rico,            )     (Jointly Administered)
                           )
7   *as representative of*  )
                           )
8   The Commonwealth of     )
Puerto Rico, *et al.*      )     February 17, 2022
9                          )
              Debtors,     )
10

11  _____

12     FURTHER HEARING ON ADJOURNED OMNIBUS OBJECTIONS TO CLAIMS

13    BEFORE THE HONORABLE U.S. DISTRICT JUDGE LAURA TAYLOR SWAIN

14            UNITED STATES DISTRICT COURT JUDGE

15    AND THE HONORABLE U.S. MAGISTRATE JUDGE JUDITH GAIL DEIN

16            UNITED STATES DISTRICT COURT JUDGE

17  _____

18
APPEARANCES:
19
For The Commonwealth
20  of Puerto Rico, *et al.*:  Ms. Laura Stafford, PHV

21                     Appearing by videoconference.

22  For The Federal
Oversight and Management
23  Board:                Mr. Gabriel Miranda, Esq.

24  For Geraldo Silva
Rivera:               Mr. Geraldo Silva Rivera, Pro Se
25

```
 1    APPEARANCES, Continued:

 2
      For Luciano Silva
 3    Rivera:                    Mr. Luciano Silva Rivera, Pro Se

 4    For William Maldonado
      Morales:                   Mr. William Maldonado Morales, Pro Se
 5

 6
      ALSO PRESENT:
 7
      Mr. Jose Luis Rosado Santiago, Interpreter
 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
      Proceedings recorded by stenography.  Transcript produced by
25    CAT.
```

```
 1                            I N D E X
 2   WITNESSES:                                           PAGE
 3           None offered.
 4
 5   EXHIBITS:
 6           None offered.
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

4

```
 1              San Juan, Puerto Rico

 2              February 17, 2022

 3              At or about 9:32 AM

 4                    *    *    *

 5      THE COURT:  Buenos dias.  I am Judge Swain.

 6      Would the courtroom deputy please announce the case?

 7      COURTROOM DEPUTY:  Good morning, Your Honor.

 8      The United States District Court for the District of

 9  Puerto Rico is now in session.  The Honorable Laura Taylor

10  Swain presiding.  Also present, the Honorable Magistrate Judge

11  Judith Gail Dein.  God save the United States of America and

12  this Honorable Court.

13      In re:  The Financial Oversight and Management Board

14  for Puerto Rico, as representative of the Commonwealth of

15  Puerto Rico, et al., PROMESA, Title III, case no. 2017-3283,

16  for Further Hearing on Omnibus Objections to Claims.

17      THE COURT:  Thank you, Ms. Tacoronte.  Is a

18  Spanish-English interpreter present in the courtroom?

19      COURTROOM DEPUTY:  Yes, Your Honor.  His name is Jose

20  Luis Rosado.

21      THE COURT:  Thank you.

22      Good morning, Mr. Rosado.  Are you a certified

23  interpreter?

24      THE INTERPRETER:  No, Your Honor.

25      THE COURT:  Ms. Tacoronte, would you please
```

1    administer the oath?

2              COURTROOM DEPUTY:  Will do, Your Honor.

3              Please raise your right hand.

4              You do solemnly swear that you will justly, truly,

5    fairly, and impartially act as an interpreter in the case now

6    before the Court?

7              THE INTERPRETER:  I do.

8              COURTROOM DEPUTY:  So help you God.

9              THE COURT:  Ms. Tacoronte, does the interpreter need

10   to repeat the last phrase?

11             THE INTERPRETER:  I do.

12             THE COURT:  Thank you.

13             So now, counsel, please turn your cameras on for

14   these introductory remarks and instructions, and keep your

15   microphones muted.

16             Welcome, counsel, parties in interest, and members of

17   the public, and press.  The hearing this morning is solely for

18   the purpose of addressing several pending Omnibus Claims

19   Objections concerning the claims of pro se creditors, which we

20   are simultaneously conducting remotely with our courtroom in

21   San Juan for pro se participants, and on the Zoom platform for

22   counsel and for the Court.  A listen-only line is also

23   available through AT&T.

24             If you are not attending for the purpose of the Claim

25   Objection Hearing, you may log out of the virtual hearing at

1   any time.  The next Omnibus Hearing in these Title III cases

2   is scheduled for March 23rd, 2022.

3        To ensure the orderly operation of today's hearing,

4   once we turn to our Agenda items, all parties appearing by

5   Zoom must mute their microphones when they're not speaking,

6   and turn off their video cameras if they are not directly

7   involved in the presentation or argument.  When you need to

8   speak, turn your camera on, and unmute your microphone on the

9   Zoom screen.

10       I remind everyone that, consistent with court and

11  judicial conference policies and the orders that have been

12  issued, no recording or retransmission of the hearing is

13  permitted by anyone, including but not limited to the parties,

14  members of the public, and the press.  Violations of this rule

15  may be punished with sanctions.

16       I will be calling on each speaker during the hearing.

17  When your name is called, if you are in the courthouse, please

18  approach the podium and identify yourself by name for clarity

19  of the record.  If you are participating by Zoom, when you're

20  called upon, please turn your camera on, unmute yourself, and

21  identify yourself by name for clarity of the record.  As has

22  been demonstrated with the swearing in of the interpreter, we

23  have ensured that interpretation services are available for

24  any speaker who needs Spanish-English interpretation.

25       After the speakers listed on the Agenda for each of

1   today's matters have spoken, I may permit other counsel to

2   address briefly any issues raised during the presentations

3   that require further remarks.  If you wish to be heard under

4   these circumstances, or feel that you need to make a comment

5   in connection with an Agenda matter, and you are appearing by

6   Zoom, please use the "raise hand" feature at the appropriate

7   time.  That can be accessed through the reactions icon in the

8   tool bar located at the bottom of the Zoom screen.  I will

9   call on any speakers one by one.  Please use the "lower hand"

10  feature after you have finished speaking.

11         Please don't interrupt each other or me during the

12  hearing.  If we interrupt each other, it's difficult to create

13  an accurate transcript of the proceeding, but having said

14  that, I apologize in advance for breaking the rule, because I

15  may interrupt if I have questions or if you go beyond your

16  allotted time.  If anyone has any difficulty hearing me or

17  another participant, please use the "raise hand" feature

18  immediately.

19         The Agenda was filed as docket entry no. 20125 in

20  case no. 17-3283, and it is available to the public at no cost

21  on Prime Clerk for those who are interested.  I encourage each

22  speaker to keep track of his or her own time.  The Court will

23  also keep track of the time, and will alert each speaker when

24  there are three minutes remaining with one buzz, and, when

25  time is up, with two buzzes.  Here is an example of the buzzer

1    sound.

2           (Sound played.)

3           THE COURT:  If your allocation is three minutes or

4    less, you will just hear the final two buzzes.

5           If we need to take a break, all persons who are

6    listening in on the AT&T telephone dial-in line should not

7    hang up, but, instead, keep their lines on hold or open until

8    the time for resumption of the hearing.  This morning the

9    hearing will continue until 1:30 PM Atlantic Standard Time,

10   which is 12:30 PM Eastern Standard Time, with a break at some

11   point in the morning proceeding; and, if necessary, the

12   hearing will resume at 2:15 Atlantic Standard Time, which is

13   1:15 Eastern Standard Time.

14          So I would ask that those of you who are

15   participating by Zoom turn your cameras off now, and turn your

16   camera back on when called upon for your Agenda item.  I will

17   hear the claim objections pertaining to claimants who have

18   arrived at the courthouse in San Juan to participate in

19   today's hearing first, and then go back to other items as

20   necessary.  Periodically -- well, I have requested that the

21   courtroom deputy let me and my staff know directly whether and

22   when additional claimants appear in the courtroom, so that

23   their claim or claims can be addressed promptly.

24          Ms. Tacoronte, are there any claimants present in the

25   courtroom at this point?

1          COURTROOM DEPUTY:  No, Your Honor.

2          THE COURT:  Thank you.

3          Then we will begin with Agenda section IV, and we

4    will start with the first contested claim objection.  Would

5    counsel for the Oversight Board please turn on her camera?

6          MS. STAFFORD:  Good morning, Your Honor.  Laura

7    Stafford --

8          THE COURT:  Good morning.

9          MS. STAFFORD:  I'm sorry.  Laura Stafford of

10   Proskauer Rose on behalf of the Oversight Board.

11         THE COURT:  Good morning, Ms. Stafford.

12         The first Agenda item, IV.1, is the 370th Omnibus

13   Objection, and, specifically, the response of Zobeida

14   Medina-Serrano to that objection.  There is also, for

15   Ms. Medina-Serrano, a response to an objection, to the 374th

16   Omnibus Objection.

17         Ms. Stafford, would you please proceed?

18         MS. STAFFORD:  Thank you, Your Honor.

19         The 374th Objection is filed at ECF no. 17923, and it

20   seeks to disallow proofs of claim filed after the bar dates

21   established by this Court's bar date orders, which, for the

22   Commonwealth, COFINA, HTA, ERS, and PREPA is June 29th of

23   2018, and for PBA, is July 29th of 2020.

24         Pursuant to the terms of the bar date orders, if a

25   claimant failed to file a proof of claim on or before the

1   applicable bar date, that claimant would be barred, estopped,

2   and enjoined from asserting that claim against the debtors,

3   and the debtors would be forever discharged from indebtedness

4   and liability with respect to such claim.

5        Ms. Medina-Serrano filed a response at ECF no. 18110

6   with respect to Proof of Claim Nos. 179428 and 179433.  Both

7   of those claims were filed on June 25th of 2021, nearly three

8   years after the applicable bar date of June 29th, 2018.  The

9   claims assert liabilities arising from allegedly accrued but

10  unpaid salary adjustments purportedly owed by the Department

11  of Education.

12       The response states that the claims were sent by mail

13  on June 11th, 2021, and that, during the pandemic, the Postal

14  Service has been delayed in delivering mail.  The response

15  does not, however, explain why Medina-Serrano was unable to

16  file a timely proof of claim in 2018, or how Postal Service

17  delays in 2020 and 2021 may have prevented her from doing so.

18  Accordingly, because the response does not dispute the claim

19  was timely file -- that the claim was not timely filed, and

20  does not provide an explanation for the failure to timely file

21  the claim, we'd request the Court sustain the objection and

22  disallow the claims.

23       THE COURT:  Thank you, Ms. Stafford.

24       I have reviewed the submissions, and listened

25  carefully to your presentation.  My ruling is as follows:

1   The 374th Omnibus Objection is sustained as to Claim Nos.

2   179428 and 179433 filed by Zobeida Medina-Serrano.  Those

3   claims are disallowed in their entirety as untimely, because

4   they were filed nearly three years after the applicable bar

5   date, and no valid excuse or justification has been offered

6   for the late filing.  Accordingly, claims 179428 and 179433

7   are disallowed.

8          In light of this ruling, Ms. Stafford, is it

9   necessary to address your objection in the 370th Omnibus

10  Objection?

11         MS. STAFFORD:  No, Your Honor.

12         THE COURT:  So we will now turn to Agenda Item 2,

13  which also has to do with the 374th Omnibus Objection, and the

14  response of Roberto Berrios-Castrodad.  Would you present the

15  objection, Ms. Stafford?

16         MS. STAFFORD:  Thank you, Your Honor.

17         As noted, the response was filed by Roberto

18  Berrios-Castrodad with respect to the 374th Omnibus Objection.

19  The response is available at ECF no. 19037, and it addresses

20  Proof of Claim No. 179463.  This claim was filed on July 26th

21  of 2021, over three years after the applicable bar date.  The

22  claim asserts liabilities arising from Law 89 of 1979, a

23  statute relating to wage compensation.

24         The response does not address the debtors' contention

25  that the claim was not timely filed.  Instead, it consists of

1   a copy of a Spanish language letter stating that

2   Mr. Berrios-Castrodad has been trying to obtain a copy of his

3   teacher's certificate, and is now sending it to the debtors as

4   proof of his request.

5           The Berrios-Castrodad response does not, therefore,

6   explain why Mr. Berrios-Castrodad was unable to file a timely

7   proof of claim, particularly given that he is attempting to

8   assert liabilities purportedly owed pursuant to a statute

9   passed in 1979.  Accordingly, because the response does not

10  either dispute that the claim was not timely filed, and does

11  not provide an explanation for the failure to timely file a

12  proof of claim, we would request the Court sustain the

13  objection and disallow the claim.

14          THE COURT:  Thank you, Ms. Stafford.

15          I have reviewed the submissions on this and all of

16  the claims that we are hearing today, and listened carefully

17  to your presentation.  My ruling is as follows:  The 374th

18  Omnibus Objection is sustained as to Claim No. 179463 filed by

19  Roberto Berrios-Castrodad.  That claim is disallowed in its

20  entirety as untimely, because it was filed more than three

21  years after the applicable bar date, and no valid excuse or

22  justification for the late filing has been presented.

23  Accordingly, claim 179463 is disallowed as untimely.

24          MS. STAFFORD:  Thank you, Your Honor.

25          THE COURT:  The next Agenda item is Agenda Item No.

1    3, which also has to do with the 374th Omnibus Objection, in

2    this instance, the response of Jaime A. Diaz-O'Neill to the

3    objection.

4         Ms. Stafford, would you please present?

5         MS. STAFFORD:  Thank you, Your Honor.

6         As noted, these -- Mr. Diaz-O'Neill filed multiple

7    responses in response to the 374th Objection, and those

8    responses are available at ECF nos. 19125, 19142, 19 -- and

9    19507.  Each of those responses addressed Proof of Claim No.

10   178975.  That claim was filed on December 7th, 2020, about two

11   and a half years after the applicable bar date.  The claim

12   asserts a hundred million dollars in liabilities purportedly

13   arising from alleged violations of Mr. Diaz-O'Neill's

14   constitutional rights, which were allegedly committed by the

15   Commonwealth, PRASA, and several other defendants.

16        The responses do not dispute that the claim was not

17   timely filed.  Instead, Mr. Diaz-O'Neill contends that he has

18   been arrested on multiple occasions, which have prevented him

19   from filing a proof of claim, and impeded his access to due

20   process of law.  In particular, the third Diaz-O'Neill

21   response alleges Mr. Diaz-O'Neill was arrested in Pooler,

22   Georgia, in June, 2018, and was released the next day.

23   Mr. Diaz-O'Neill further contends the arrest was the result of

24   a concerted criminal action in favor of certain of the

25   defendants he's identified, including the Commonwealth

14

1   Government.

2          The response, however, does not provide an adequate

3   explanation for Mr. Diaz-O'Neill's failure to timely file a

4   proof of claim.  While Mr. Diaz-O'Neill demonstrates he was

5   arrested in June of 2018, he notes he was released from prison

6   within a day, and he does not explain why that arrest made him

7   unable to file a proof of claim either before or after his

8   arrest and within the time frame set by the Court.  He also

9   does not explain the two-and-a-half-year delay after the bar

10  date, prior to the filing of his proof of claim.  And for

11  those reasons, Your Honor, we'd request the Court sustain the

12  objection and disallow the claim, notwithstanding the

13  responses.

14          THE COURT:  Thank you, Ms. Stafford.  I have one

15  question.  Was the late filing one and a half years after the

16  bar date or two and a half years after the bar date?

17          MS. STAFFORD:  It was in December of 2020, so I

18  believe two and a half years after the June 29th, 2018, bar

19  date, if I'm doing my math correctly, which I may not be.

20          THE COURT:  That sounds right, but, in any event,

21  certainly well after the bar date.

22          MS. STAFFORD:  Yes.

23          THE COURT:  My calendar skills are not always

24  precisely sharp this early in the morning.

25          MS. STAFFORD:  More than mine.

1          THE COURT:  Thank you.

2          My ruling with respect to this claim is that the

3  374th Omnibus Objection is sustained as to Claim No. 178975

4  filed by Jaime A. Diaz-O'Neill.  That claim is disallowed in

5  its entirety as untimely, because it was filed well after the

6  applicable bar date, and no valid excuse or justification for

7  the late filing has been presented.  Therefore, Claim No.

8  178975 is disallowed in its entirety.

9          MS. STAFFORD:  Thank you, Your Honor.

10          THE COURT:  The next Agenda item is IV.4, also having

11  to do with the 374th Omnibus Objection.  This Agenda item is

12  the response of Facunda Martinez-Colon to the 374th Omnibus

13  Objection.

14          Ms. Stafford?

15          MS. STAFFORD:  Thank you, Your Honor.

16          Ms. Martinez-Colon filed a response on the docket at

17  ECF no. 18159, and this response addresses Proof of Claim No.

18  179193.  This proof of claim was filed on April 17th, 2021,

19  just under three years after the applicable bar date.  The

20  claim asserts liabilities arising from Ms. Martinez-Colon's

21  retirement contributions.

22          The Martinez-Colon response does not dispute that the

23  Martinez-Colon claim was not timely filed, and it does not

24  present any excuse for the failure -- or explanation for the

25  failure to file a timely proof of claim.  Instead, it objects

1  to disallowance of the Martinez-Colon claim, because

2  Ms. Martinez-Colon believes she is entitled to her accumulated

3  retirement contributions.

4        Accordingly, because the response does not dispute

5  that the claim was not timely filed, and does not provide any

6  explanation for that failure to timely file a proof of claim,

7  we request the Court sustain the objection and disallow the

8  claim, notwithstanding the response.

9        THE COURT:  Thank you.

10        My ruling is as follows:  The 374th Omnibus Objection

11  is sustained as to Claim No. 179193 filed by Facunda

12  Martinez-Colon.  That claim is disallowed in its entirety as

13  untimely, because it was filed nearly three years after the

14  applicable bar date.  Claim No. 179193 is disallowed.

15        MS. STAFFORD:  Thank you, Your Honor.

16        THE COURT:  The next Agenda item is number IV.5, the

17  response of Melvin Lynn Revocable Trust to the 374th Omnibus

18  Objection.

19        Ms. Stafford?

20        MS. STAFFORD:  Thank you, Your Honor.

21        The Melvin Lynn Trust filed multiple responses to the

22  374th Omnibus Objection, which are available at ECF nos.

23  18139, 18377, and 20060.  Each of these responses addressed

24  Proof of Claim No. 179204.  That proof of claim was filed

25  against the Commonwealth on May 7th of 2021, nearly three

1   years after the Commonwealth bar date.  It purports to assert

2   liabilities associated with GO Bonds, or General Obligations

3   Bonds, and bonds issued by the Puerto Rico Electric Power

4   Authority.

5        The bar date orders did not require parties to file

6   proofs of claim provided their claim is limited to the

7   repayment of principal, interest, and other amounts arising

8   from applicable trust agreements or bond documents.  However,

9   to the extent a claimant sought to assert a claim for amounts

10  aside from repayment of principal and interest, such as a

11  claim for investment losses, claimants were required to file a

12  proof of claim.

13       Accordingly, while Mr. Lynn -- while the Lynn

14  Irrevocable Trust did not need to file claims to assert rights

15  to repayment of principal and interest on the bonds, it was

16  required to file a proof of claim to the extent it seeks to

17  assert any additional liabilities, such as liabilities

18  associated with investment losses.

19       The responses provide several explanations for the

20  delay in filing the claims.  Principally, that Mr. Lynn has

21  suffered from health complications during the last several

22  years, which have, unfortunately, required him to spend time

23  at hospitals and rehab; that the mail may have gotten lost in

24  the Post office and been delivered late, or have been slow in

25  receipt, which Mr. Lynn contends has been common during COVID.

1          Neither explanation is sufficient to justify a delay

2     in filing a proof of claim, because although the debtors are

3     mindful of Mr. Lynn's health concerns, he does acknowledge

4     that he has been able to attend to most matters,

5     notwithstanding his ill health, and those concerns,

6     accordingly, do not explain the three-year delay in filing the

7     claims.  Further, the mail delays which Mr. Lynn notes have

8     only been an issue since the disruptions arising during the

9     COVID pandemic, which did not arise until March of 2020, just

10    shy of two years after the Commonwealth's bar date.

11         Accordingly, to the extent Mr. Lynn seeks to assert

12    amounts beyond principal and interest, we would allege those

13    claims are late-filed and should be disallowed.  We do not

14    seek to disallow Mr. Lynn's claims to the extent they seek

15    repayment of principal and interest on the General Obligation

16    Bonds or the PREPA Bonds.  And with that limitation, Your

17    Honor, we'd request the Court sustain the objection and

18    disallow the claim to the extent it asserts more than

19    principal and interest, or amounts arising under the bond

20    documents.

21         THE COURT:  Thank you, Ms. Stafford.

22         My ruling is as follows:  The 374th Omnibus Objection

23    is sustained as to Claim No. 179204 filed by the Melvin Lynn

24    Revocable Trust, and that claim is disallowed as late-filed to

25    the extent it asserts any claim beyond the repayment of

1    principal, interest, and other fees and expenses arising from

2    the bonds identified by the claimant.  The objection is

3    overruled, however, to the extent it seeks the disallowance of

4    any claim for the repayment of principal, interest, and other

5    fees and expenses, because the debtors acknowledge that the

6    Bar Date Order does not apply to such claims.

7          Ms. Stafford, will you make clear in the order

8    dealing with the 374th Objection that there is this

9    distinction and only a partial disallowance?

10          MS. STAFFORD:  We will do so, Your Honor.

11          THE COURT:  Thank you.

12          The next Agenda item also arises in connection with

13    the 374th Omnibus Objection, and this Agenda item is the

14    response of Hermenegildo Rodriguez-Gonzalez to that objection.

15          Ms. Stafford.

16          MS. STAFFORD:  Thank you, Your Honor.

17          This response was filed at ECF no. 18234 by, as the

18    Court noted, Hermenegildo Rodriguez-Gonzalez with respect to

19    Proof of Claim No. 179457.  That proof of claim was filed on

20    July 20th, 2021, a little over three years after the

21    applicable bar date.  The Rodriguez-Gonzalez claim asserts

22    liabilities arising from allegedly accrued but unpaid salary

23    adjustments.

24          The response does not dispute that the claim was not

25    timely filed.  Instead, it objects to disallowance, because

1    Mr. Rodriguez-Gonzalez did not know where to file a claim.

2    That acknowledgment does not excuse the failure to file a

3    timely proof of claim, however, because the bar date notice

4    approved by the Court contained detailed instructions

5    regarding where and how to file a proof of claim.

6            Accordingly, because the response does not dispute

7    that the claim was not timely filed, and does not provide an

8    explanation for the failure to timely file a proof of claim,

9    the debtors would respectfully request the Court sustain the

10   objection and disallow the claim.

11           THE COURT:  Ms. Stafford, were the instructions that

12   you just referred to provided in both English and Spanish?

13           MS. STAFFORD:  They were, Your Honor.

14           THE COURT:  Thank you.

15           My ruling is as follows:  The 374th Omnibus Objection

16   is sustained as to Claim No. 179457 filed by Hermenegildo

17   Rodriguez-Gonzalez, and that claim is disallowed in its

18   entirety as untimely, because it was filed over three years

19   after the applicable bar date and no valid excuse or

20   justification has been presented for the late filing.

21           The next Agenda item is number IV.7, the response of

22   Celia Pilar Santiago-Ortiz to the 374th Omnibus Objection.

23           Ms. Stafford?

24           MS. STAFFORD:  Thank you, Your Honor.

25           This response was mailed directly to the debtors, and

1    we filed it on the docket at ECF no. 19995-7, with a certified

2    translation available at 19995-8, and it addresses Proof of

3    Claim No. 179439.  That proof of claim was filed on July 6th,

4    2021, again, about three years after the applicable bar date.

5    The claim asserts liabilities arising from purportedly --

6    allegedly accrued but unpaid salary increases owed by the

7    Puerto Rico Department of Education.

8         The response does not dispute that the claim was not

9    timely filed.  Instead, it consists of a completed information

10   form reiterating that the claim asserts liabilities associated

11   with wage increases.  Accordingly, because the response

12   neither disputes that the claim was timely file -- was not

13   timely filed and does not provide an explanation for the

14   failure to timely file such a proof of claim, the debtors

15   would respectfully request the Court sustain the objection and

16   disallow the claim.

17        THE COURT:  Thank you.

18        My ruling is as follows:  The 374th Omnibus Objection

19   is sustained as to Claim No. 179439 filed by Celia Pilar

20   Santiago-Ortiz.  That claim is disallowed in its entirety as

21   untimely, because it was filed approximately three years after

22   the applicable bar date, and no valid excuse or justification

23   has been presented for the late filing.  Claim 179439 is

24   disallowed as untimely.

25        The next Agenda item is the response of Myriam S.

1    Gandia to the 374th Omnibus Objection.

2           Ms. Stafford?

3           MS. STAFFORD:  Thank you, Your Honor.

4           Myriam Gandia filed a response as ECF no. 18165.

5    That response addresses two claims, one subject to the 374th

6    Omnibus Objection, and one subject to the 381st Objection.

7    And we'll address the 374th Objection first per Your Honor's

8    request.

9           THE COURT:  Thank you.

10          MS. STAFFORD:  The 374th Omnibus Objection sought to

11   disallow, among others, Proof of Claim No. 179447 on the basis

12   that it was not timely filed.  Proof of Claim No. 179447 was

13   filed on July 14th, 2021, about three years after the

14   applicable bar date.  It asserts liabilities that purportedly

15   arise from retirement contributions owed to Ms. Gandia

16   following her father's passing in 2002.

17          The response does not dispute that the claim was not

18   timely filed.  Instead, it states that Ms. Gandia was in

19   Florida, and only learned of the deadline to file a proof of

20   claim in July of 2021, when she went to Puerto Rico.  However,

21   the Bar Date Notice approved by the Court authorized

22   distribution of information regarding the bar date widely,

23   including in Florida.  Accordingly, because the response does

24   not dispute that the claim was not timely filed and does not

25   provide an explanation for the failure to timely file a proof

1   of claim in respect of liabilities owed in relation to her --

2   to Mr. Gandia's passing in 2002, we'd request the Court

3   sustain the objection and disallow the claim, notwithstanding

4   the response.

5         THE COURT:  Ms. Stafford, am I correct in

6   understanding that she had filed an earlier proof of claim on

7   behalf of her father before the July 2021 time frame?

8         MS. STAFFORD:  I am not sure of that, Your Honor.

9         THE COURT:  Very well then.  I certainly did

10  authorize broad notice of the bar date, and so my ruling is as

11  follows:  The 374th Omnibus Objection is sustained as to Claim

12  No. 179447 filed by Myriam S. Gandia, and that claim is

13  disallowed in its entirety as untimely, because it was filed

14  approximately three years after the applicable bar date and no

15  valid excuse or justification has been presented for the late

16  filing.

17        Now, in light of this ruling as to -- sorry, the

18  381st, does that have to do with the same claim or a different

19  claim?

20        MS. STAFFORD:  It is a different claim.

21        THE COURT:  Okay.  Thank you.  So we will go on to

22  the 381st.

23        MS. STAFFORD:  Thank you, Your Honor.

24        The 381st Omnibus Objection, which was filed at ECF

25  no. 17917, sought to disallow proofs of claim asserting

1    liabilities against entities that are not Title III debtors,

2    but that failed to provide a basis for asserting such

3    liabilities against the Commonwealth or any other Title III

4    debtor.  The response filed at ECF no. 18165 by Ms. Gandia

5    addresses also Proof of Claim No. 17375, which asserts

6    liabilities associated with wages purportedly owed by the

7    Puerto Rico Sugar Corporation.  As set forth in the debtors'

8    reply, however, the Puerto Rico Sugar Corporation is not a

9    Title III debtor.  It is, instead, a former government entity

10   which has subsequently been dissolved and is no longer in

11   existence.  Neither the claim nor the response provide a basis

12   for asserting a claim against the debtor in respect of

13   liabilities purportedly owed by former government entities

14   such as the Sugar Corporation, and for those reasons we'd

15   request the Court sustain the objection and disallow the

16   claim, notwithstanding the response.

17          THE COURT:  Thank you, Ms. Stafford.  I have some

18   questions for you.  First, I would just like to confirm the

19   number of the claim to which the objection is directed.  Is it

20   173753?

21          MS. STAFFORD:  It is, Your Honor.  Apologies if I

22   misspoke earlier.

23          THE COURT:  I may just not have heard one of the

24   digits, but I wanted to confirm that.

25          Second, was the Sugar Corporation an entity that had

1    a separate legal identity from that of the Commonwealth and

2    the other Title III debtors?

3         MS. STAFFORD:  My understanding is that it was a part

4    of the Puerto Rico Land Authority, which did have a separate,

5    independent legal personality.

6         THE COURT:  So based on the debtors' research, is it

7    your representation that you have found no indication that the

8    Commonwealth or any of the other Title III debtors was

9    directly responsible for the liabilities of the Sugar

10   Corporation to its employees?

11        MS. STAFFORD:  That's correct, Your Honor.

12        THE COURT:  Thank you.

13        My ruling is as follows:  The 381st Omnibus Objection

14   is sustained as to Claim No. 173753 filed by Myriam S. Gandia,

15   and that claim is disallowed in its entirety, because it

16   asserts claims against an entity that is not a Title III

17   debtor and the claimant has provided no basis for a

18   determination of liability of a Title III debtor for the

19   subject of that claim.  Claim 173753 is disallowed.

20        Now the next Agenda item is the 377th Omnibus

21   Objection, the response of Edwin Ortiz-Vazquez.

22        Ms. Stafford.

23        MS. STAFFORD:  Thank you, Your Honor.

24        The 377th Omnibus Objection, which was filed at ECF

25   no. 17911, seeks to disallow proofs of claim that assert

1   multi-plaintiff litigations.  However, the claimants

2   associated with the claims to be disallowed are not identified

3   in master proofs of claim filed on behalf of all plaintiffs in

4   those litigations by the attorneys representing all plaintiffs

5   in those litigations.  The debtors, therefore, are not liable

6   to these claimants for the liabilities associated with the

7   litigations, because, according to the master proofs of claim

8   that have been filed, they are not plaintiffs in those

9   litigations.

10          The response filed was submitted by Edwin

11  Ortiz-Vazquez.  It was mailed directly to the debtors, and

12  filed on the docket at ECF no. 20005-1 -- I apologize.  There

13  are two responses filed at 20005-1, and three with certified

14  translations at 20005-2 and 4.  These responses address Proof

15  of Claim No. 1 -- 47589.

16          That proof of claim purports to assert liabilities

17  associated with a litigation captioned *Alfredo Maldonado-Colon*

18  *v. Puerto Rico Department of Corrections and Rehabilitation*,

19  with case no. KAC1996-1381.  The attorney representing all

20  plaintiffs in this litigation submitted a master proof of

21  claim on behalf of all plaintiffs, and Mr. Ortiz-Vazquez is

22  not identified as one of the plaintiffs in that litigation.

23  Further, even if he were a plaintiff in the *Maldonado-Colon*

24  litigation, his claim would be preserved by the master proof

25  of claim filed on behalf of all plaintiffs in the litigation.

1   And for those reasons, we'd request the Court grant the

2   objection -- or sustain the objection and disallow the claim,

3   notwithstanding the responses.

4           THE COURT:  To the extent he turns out to have been a

5   plaintiff in that litigation and covered by the master proof

6   of claim, this would not disallow any entitlement derived from

7   that master proof of claim; is that correct?

8           MS. STAFFORD:  That is correct, Your Honor.  He would

9   retain the right to -- or he would retain whatever interest he

10  might have pursuant to the master proof of claim to the extent

11  he is a part of that litigation.

12          THE COURT:  Thank you.

13          My ruling is as follows:  The 377th Omnibus Objection

14  is sustained as to claim no. 47589 of Edwin Ortiz-Vazquez, and

15  that claim is disallowed in its entirety.  Mr. Ortiz-Vazquez

16  has not demonstrated that he was a plaintiff in the litigation

17  that he cites, or otherwise demonstrated any basis for

18  concluding that he is the beneficiary of any judgment rendered

19  in that litigation.  However, to the extent that he is covered

20  under a master proof of claim filed by counsel for plaintiffs

21  in that litigation, his claim is -- derived from the master

22  proof of claim, is not disallowed.

23          The next Agenda item -- I'm sorry.  Ms. Stafford, did

24  you wish to say something?

25          MS. STAFFORD:  No.  Apologies.

1              THE COURT:  Thank you.

2              The next Agenda item is Agenda Item IV.10, which is

3      the response of Eliud Ayala-Cruz to the 380th Omnibus

4      Objection.

5              Ms. Stafford?

6              MS. STAFFORD:  Thank you, Your Honor.

7              The 380th Omnibus Objection, which was filed at ECF

8      no. 17916, seeks to disallow in their entirety proofs of claim

9      that assert liabilities purportedly owed to public employees

10     by entities that are not Title III debtors.  This response, as

11     Your Honor noted, was filed by Eliud Ayala-Cruz, and was

12     submitted directly to the debtors and filed on the docket at

13     ECF no. 20006-1, with a certified translation available at

14     20006-2.  And it addresses Proof of Claim No. 172052.

15             The claim asserts liabilities associated with

16     Mr. Ayala-Cruz's employment with the Puerto Rico Sugar

17     Corporation, which, as noted in our reply, is not a Title III

18     debtor, and was a part of an entity that was separate and

19     independent from the Commonwealth.  Further, that entity has

20     subsequently been dissolved, and is no longer in existence.

21             The response opposes the objection on the basis that

22     Mr. Ayala-Cruz asserts he did not work at the Land Authority

23     and was, instead, in the agriculture columns.  The objection

24     does not seek to disallow the claims on the basis that

25     Ayala-Cruz worked solely for the Land Authority in general,

1   but, rather, that he worked for the Sugar Corporation, which

2   was a part of the Land Authority.  Neither the claim nor the

3   response provide a basis for asserting a claim against the

4   debtor -- against any of the Title III debtors in respect of

5   liabilities purportedly owed by the Sugar Corporation, or, for

6   that matter, the Land Authority.  Accordingly, we'd request

7   the Court sustain the objection and disallow the claim,

8   notwithstanding the response.

9        THE COURT:  Based on our conversation earlier

10   regarding the Sugar Corporation and the Land Authority, is it

11   the debtors' representation that the Land Authority was also a

12   separate legal entity from the Commonwealth?

13        MS. STAFFORD:  Correct, Your Honor.

14        THE COURT:  Thank you.

15        My ruling is as follows:  The 380th Omnibus Objection

16   is sustained as to Claim No. 172052 filed by Eliud Ayala-Cruz,

17   and that claim is disallowed in its entirety.  The claim

18   arises from obligations allegedly incurred by the Sugar

19   Corporation, or the Land Authority, which are separate

20   entities from the Commonwealth.  Therefore, Claim No. 172052

21   is disallowed.

22        We have been notified that two claimants have arrived

23   in the courtroom to speak, and so the next Agenda item that we

24   will address will be Agenda Item V.2, which is the response of

25   Geraldo Silva-Rivera to the 380th Omnibus Objection.

1              Mr. Silva Rivera, would you please come to the

2     podium?

3              THE COURT:  I don't see -- oh, there.  Now I see

4     someone coming to the podium.

5              Good morning, Mr. Silva-Rivera.

6              MR. SILVA-RIVERA:  Good morning.

7              THE COURT:  Would you please state your full name?

8              MR. SILVA-RIVERA:  Geraldo Silva-Rivera.

9              THE COURT:  Thank you.

10             I will first ask the lawyer for the Oversight Board

11    to explain the objection to your claim, and then I will ask

12    you to respond to that objection.  You will hear a beep if

13    someone talks for more than three minutes -- I'm sorry.

14    You'll hear a beep when someone has three minutes remaining in

15    their time to speak, and then two beeps when their time to

16    speak is finished; but I will be sensitive and generous with

17    the time.

18             So, first, we will begin with Ms. Stafford.

19             MS. STAFFORD:  Thank you, Your Honor.

20             The 380th Omnibus Objection, which was filed at ECF

21    no. 17916, seeks to disallow in their -- seeks to disallow

22    proofs of claim that assert liabilities purportedly owed to

23    public employees by entities that are not Title III debtors.

24    The response scheduled for hearing this morning was filed by

25    Geraldo Silva-Rivera with respect to Proof of Claim No.

1    172107, and it's available on the docket at ECF no. 20006-9,

2    with a certified translation available at 20006-10.

3            The claim asserts liabilities associated with

4    allegedly accrued but unpaid wages and salary adjustments owed

5    to Mr. Silva-Rivera as a result of his employment with the

6    Sugar Corporation.  As set forth in the reply, however, the

7    Sugar Corporation is not a Title III debtor.  Instead, it is a

8    former government entity, which has subsequently been

9    dissolved, and is no longer in existence.  Further, it

10   was a -- when it was in existence, it was a separate,

11   independent entity from the Commonwealth.

12           The response consists of several pages from the

13   objection on which Mr. Silva-Rivera has added his signature,

14   and it does not otherwise dispute the arguments set forth in

15   the objection.  Accordingly, since neither the claim nor the

16   response provides a basis for asserting a claim against the

17   debtor in respect of liabilities purportedly owed by former

18   government entities that were separate and independent from

19   the Commonwealth, we would respectfully request the Court

20   sustain the objection and disallow the claim.

21           THE COURT:  Thank you, Ms. Stafford.

22           Mr. Silva-Rivera, would you like to respond?

23           MR. SILVA-RIVERA:  Well, according to some of the

24   documents that we have received, we are supposed to have a

25   right to claim.

1           THE COURT:  There is a right to claim, sir, for

2    amounts that are owed by the Commonwealth of Puerto Rico

3    itself, or by the other debtor entities that are in the Title

4    III proceedings.  The position of the Oversight Board here is

5    that the compensation that you are seeking to recover was

6    never owed by the Commonwealth of Puerto Rico itself, but was

7    instead owed by the Sugar Corporation, which was separate from

8    the Commonwealth of Puerto Rico.  So the papers gave you an

9    opportunity to assert a claim that would be a debt of the

10   Commonwealth or another debtor, but their position is that the

11   claim that you have submitted is not for an amount owed by the

12   Commonwealth or another debtor, but, instead, is a claim

13   against the Sugar Corporation, which no longer exists.

14           You may go on.

15           MR. SILVA-RIVERA:  Well, according to the documents

16   that I had received, I didn't know that one thing was mixed

17   with the other, but if that is the case, we can't do anything

18   about it.

19           THE COURT:  Thank you, sir.

20           Ms. Stafford, any further remarks?

21           MS. STAFFORD:  Nothing further, Your Honor.

22           THE COURT:  Thank you.

23           I will now make my ruling.  The 380th Omnibus

24   Objection is sustained as to Claim No. 172107 filed by Geraldo

25   Silva-Rivera.  That claim is disallowed in its entirety,

1   because it arises from debts that were allegedly incurred by

2   the Sugar Corporation, which was a separate entity from the

3   Commonwealth.  Claim No. 172107 is, therefore, disallowed.

4           Thank you for coming to court today,

5   Mr. Silva-Rivera.  The hearing on your claim is concluded now.

6           MR. SILVA-RIVERA:  Okay.

7           THE COURT:  The next item that we will address is

8   Agenda Number V.13, which is the response of Luciano

9   Silva-Rivera to the 381st Omnibus Objection.  So would Luciano

10  Silva-Rivera please come to the podium?

11          Good morning, Mr. Silva-Rivera.  Would you please

12  state your full name?

13          MR. SILVA-RIVERA:  Luciano Silva-Rivera.

14          THE COURT:  Thank you.

15          I will first ask the attorney for the Oversight Board

16  to explain the objection to your claim.

17          MS. STAFFORD:  Thank you, Your Honor.

18          This objection is the 381st Omnibus Objection, and it

19  was filed at ECF no. 17917.  It seeks to disallow in their

20  entirety proofs of claim asserting liabilities purportedly

21  owed to public employees by entities that are not Title III

22  debtors.

23          The response scheduled for hearing this morning was

24  filed by Luciano Silva-Rivera with respect to Proof of Claim

25  No. 173011, and it was filed on the docket or is available on

1    the docket at ECF no. 20007-1, with a translation available at

2    20007-2.  The claim asserts liabilities associated with

3    allegedly accrued but unpaid wages owed to Mr. Silva-Rivera as

4    a result of his employment with the Sugar Corporation.  As set

5    forth in the reply, however, the Sugar Corporation is not a

6    Title III debtor.  Instead, it was a separate and independent

7    entity from the Commonwealth, which has subsequently been

8    dissolved, and is no longer in existence.

9         The response does not address the debtors' contention

10   that it is not liable for liabilities purportedly owed by

11   former government entities separate from the Commonwealth,

12   such as the Sugar Corporation.  Rather, it contains a copy of

13   several pages from the objection with Mr. Silva-Rivera's

14   signature appearing on certain of those pages.  Because

15   neither the claim nor the response provides a valid legal

16   basis for asserting a claim against the debtor in respect of

17   liabilities purportedly owed by independent government

18   entities that have since been dissolved, the debtors would

19   request the Court sustain the objection and disallow the

20   claim, notwithstanding the response.

21        THE COURT:  Thank you, Ms. Stafford.

22        Mr. Silva-Rivera, would you like to speak in

23   response?

24        MR. SILVA-RIVERA:  No.  Really, there is nothing else

25   to say, other than, you know, we worked hard, and we woke up

1  early at 4:00 AM in the morning to come here, because we

2  believed that something could be done, that you would do

3  something to help us.  But if nothing could be done, and if it

4  goes against your laws, there's nothing to be said other than

5  good morning, thanks for nothing, and good-bye.

6          THE COURT:  I thank you for coming to court,

7  Mr. Silva-Rivera.  This proceeding is only for amounts that

8  are owed by the Commonwealth of Puerto Rico itself or the

9  other debtors, and so, unfortunately, since the Sugar

10 Corporation was a separate entity, I cannot allow your claim

11 to go further in this proceeding.

12          Ms. Stafford, did you wish to say anything further?

13          MS. STAFFORD:  Nothing further, Your Honor.

14          THE COURT:  My ruling is that the 381st Omnibus

15 Objection is sustained as to Claim No. 173011 filed by Luciano

16 Silva-Rivera, and that claim is disallowed in its entirety.

17 The claim arises from debts allegedly incurred by the Sugar

18 Corporation, which was a separate entity from the

19 Commonwealth.  Therefore, Claim 173011 is disallowed.

20          Thank you, Mr. Silva-Rivera.  This concludes the

21 hearing on your claim, and I am sorry that I was not further

22 able to address your claim.

23          MR. SILVA-RIVERA:  Thanks to everybody.  God bless

24 you, and good-bye.

25          THE COURT:  We will now return to the Agenda in

1   section IV.  The next Agenda item is Number IV.11, which is

2   the response of Jorge A. Colon-Florez to the 380th Omnibus

3   Objection.

4          MS. STAFFORD:  Thank you, Your Honor.

5          This objection was filed at ECF no. 17916, and it

6   also seeks to disallow proofs of claim asserting liabilities

7   purportedly owed to public employees by entities that are not

8   Title III debtors.  And I just wanted to note for the record

9   as well that Mr. Jorge Colon-Florez's name is reflected on the

10  Claims Register as Mr. Jorge Felez, so I think that's the name

11  that appears in our reply.  On further review of his response

12  and proof of claim, I suspect that was just a transcription

13  error and it is the same individual.

14         THE COURT:  Thank you for clarifying that.

15         MS. STAFFORD:  Of course, Your Honor.

16         The response was submitted directly to the debtors,

17  and filed on the docket at ECF no. 20006-5, with a certified

18  translation available at 20006-6, and it addresses Proof of

19  Claim No. 168285.  The claim and response each assert

20  liabilities associated with Mr. Colon-Florez's employment with

21  the Puerto Rico Sugar Corporation.

22         The response does not address the debtors' contention

23  regarding the fact that the Puerto Rico Sugar Corporation is

24  not a part of the Commonwealth and has subsequently been

25  dissolved.  Instead, it consists of a completed information

1    form asserting that Mr. Colon-Florez was employed by the Sugar

2    Corporation between 1979 and 2000, and that he is owed salary

3    increases and increased pension contributions.  Neither the --

4    because neither the claim nor the response provide a basis for

5    asserting a claim against the debtor in respect of liabilities

6    purportedly owed by independent government entities that have

7    since been dissolved, the debtors would respectfully request

8    the Court sustain the objection and disallow the claim.

9          THE COURT:  Thank you, Ms. Stafford.

10         My ruling as to the response of Mr. Jorge

11   Colon-Florez is as follows:  The 380th Omnibus Objection is

12   sustained as to Claim No. 168285 filed by Jorge Colon-Florez,

13   or Jorge Colon-Felez, and that claim is disallowed in its

14   entirety.  The claim arises from obligations allegedly

15   incurred by the Sugar Corporation, which was a separate entity

16   from the Commonwealth.  Claim No. 168285 is, therefore,

17   disallowed in its entirety.

18         The next Agenda item is Number IV.12, the 380th

19   Omnibus Objection, and the response to that objection of Julio

20   M. Lopez-Alvarez.

21         Ms. Stafford.

22         MS. STAFFORD:  Thank you, Your Honor.

23         Mr. Lopez-Alvarez's response was submitted directly

24   to the debtors, and filed on the docket at 20006-7, with a

25   certified translation available at 20006-8.  It addresses

1    Proof of Claim No. 171765.  That claim asserts liabilities

2    associated with allegedly accrued but unpaid wages purportedly

3    owed by the Sugar Corporation, which, as discussed, is a

4    separate government entity that has subsequently been

5    dissolved, and is no longer in existence.

6         The response opposes the objection, because at the

7    time that Mr. Lopez-Alvarez worked for the Sugar Corporation,

8    he contends it was a part of the Commonwealth.  However,

9    neither the claim nor the response provide a basis for

10   asserting a claim against the debtor in respect of liabilities

11   purportedly owed by independent entities that have since been

12   dissolved, and for that reason, we'd request the Court sustain

13   the objection and disallow the claim.

14        THE COURT:  Thank you, Ms. Stafford.

15        My ruling is as follows:  The 380th Omnibus Objection

16   is sustained as to Claim No. 171765 filed by Julio M.

17   Lopez-Alvarez.  That claim is disallowed in its entirety.  The

18   claim arises from obligations allegedly incurred by the Sugar

19   Corporation, which was a separate entity from the

20   Commonwealth.  Accordingly, Claim No. 171765 is disallowed in

21   its entirety.

22        The next Agenda item is the 380th Omnibus Objection,

23   and the response to that objection of Julio Cesar

24   Luna-Santiago.

25        Ms. Stafford?

1          MS. STAFFORD:  Thank you, Your Honor.

2          Mr. Luna-Santiago filed two responses, which are

3     available on the docket at ECF nos. 18098 and 19177.  Those

4     responses address Proof of Claim No. 169013.  That claim

5     asserts liabilities associated with Mr. Luna-Santiago's

6     employment with the Sugar Corporation, which, as discussed, is

7     a separate entity which has subsequently been dissolved and is

8     no longer in existence.

9          The responses do not address the debtors' contention

10    that they are not liable for liabilities purportedly owed by

11    former government entities that were separate from the

12    Commonwealth.  Rather, they provide additional information

13    regarding Mr. Luna-Santiago's employment with the Sugar

14    Corporation.  Because neither the claim nor the responses

15    provide a basis for asserting a claim against the debtor in

16    respect of the Sugar Corporation, the debtors would

17    respectfully request the Court sustain the objection and

18    disallow the claim, notwithstanding the responses.

19          THE COURT:  Thank you, Ms. Stafford.

20          My ruling is that the 380th Omnibus Objection is

21    sustained as to claim no. 169013 filed by Julio Cesar

22    Luna-Santiago, and that claim is disallowed in its entirety.

23    The claim arises from obligations allegedly incurred by the

24    Sugar Corporation, which was a separate entity from the

25    Commonwealth.  Claim 169013 is, therefore, disallowed.

1        The next Agenda item is Number IV.14, which has to do

2   with the 383rd Omnibus Objection, and the response to that

3   objection of Carmen R. Lopez-Camacho.

4        Ms. Stafford?

5        MS. STAFFORD:  Thank you, Your Honor.

6        The 383rd Objection was filed at ECF no. 17922, and

7   it seeks to disallow proofs of claim asserting liabilities

8   purportedly owed to public employees by entities that are not

9   Title III debtors.  This response was, as the Court noted,

10  filed by Carmen Lopez-Camacho with respect to Proof of Claim

11  No. 179349, and the response is available on the docket at ECF

12  no. 1842 -- I'm sorry, 19429.

13       The claim asserts liabilities associated with

14  Ms. Lopez-Camacho's employment with the Puerto Rico Telephone

15  Company.  As set forth in the reply, however, the Telephone

16  Company is not a Title III debtor, but is a former government

17  entity that has subsequently been privatized, and is no longer

18  in existence.

19       The response opposes the objection, because,

20  according to Ms. Lopez-Camacho, she is seeking money she

21  believes she's owed pursuant to laws passed while the

22  Telephone Company was still a public entity.  However, neither

23  the claim nor the response provides a basis for asserting a

24  claim against the debtor in respect of liabilities owed by the

25  Telephone Company, which has subsequently been privatized and

1   no longer exists.  Accordingly, we would request the Court

2   sustain the objection and disallow the claim, notwithstanding

3   the response.

4          THE COURT:  Ms. Stafford, is it the debtors' position

5   that the Telephone Company was a separate entity from the

6   Commonwealth, both while it was a government entity and after

7   it was privatized?

8          MS. STAFFORD:  Correct, Your Honor.

9          THE COURT:  Thank you.

10         My ruling is as follows:  The 383rd Omnibus Objection

11  is sustained as to Claim No. 179349 filed by Carmen R.

12  Lopez-Camacho, and that claim is disallowed in its entirety.

13  Ms. Lopez-Camacho's claim arises from debts allegedly incurred

14  by the Puerto Rico Telephone Company, which was a separate

15  entity from the Commonwealth, and has been privatized.

16  Accordingly, Claim No. 179349 is disallowed.

17         We will now turn to Agenda Item V, and the first

18  Agenda item in V is Number V.1, which is the response of

19  Natanael Ayala-Cruz to the 380th Omnibus Objection.

20         MS. STAFFORD:  Thank you, Your Honor.

21         The response filed by Mr. Ayala-Cruz was submitted

22  directly to the debtors, and filed on the docket by the

23  debtors at ECF no. 20006-3, with a certified translation

24  available at ECF no. 20006-4, and it addresses Proof of Claim

25  No. 172114.  The claim asserts liabilities associated with

1    allegedly accrued but unpaid wages owed to Mr. Ayala-Cruz as a

2    result of his employment with the Sugar Corporation.  As

3    discussed, however, the Sugar Corporation is not a Title III

4    debtor, but, rather, it was a separate governmental entity

5    which has subsequently been dissolved and no longer exists.

6         The response consists of several pages from the

7    objection on which Mr. Ayala-Cruz has added his signature.  It

8    does not otherwise dispute or address the arguments set forth

9    in the objection.  Because neither the claim nor the response

10   provides a basis for asserting a claim against the debtor in

11   respect of liabilities purportedly owed by separate government

12   entities that no longer exist, the debtors respectfully

13   request the Court sustain the objection and disallow the

14   claim, notwithstanding the response.

15        THE COURT:  Thank you, Ms. Stafford.

16        My ruling is as follows:  The 380th Omnibus Objection

17   is sustained as to Claim No. 172114 filed by Natanael

18   Ayala-Cruz, and that claim is disallowed in its entirety.

19   Claim No. 172114 arises from debts allegedly incurred by the

20   Sugar Corporation, which is a separate entity from the

21   Commonwealth.  Claim 172114 is, therefore, disallowed.

22        The next Agenda item is Number V.3, which is the

23   380th Omnibus Objection, and the response to that objection of

24   Wilfredo Silva-Rivera.

25        MS. STAFFORD:  Thank you, Your Honor.

1        This response was submitted directly to the debtors

2    and filed on the docket at ECF no. 20006-11, with a certified

3    translation available at ECF no. 20006-12, and it addresses

4    Proof of Claim No. 172169.  The claim asserts liabilities

5    associated with allegedly accrued but unpaid wages owed to

6    Mr. Silva-Rivera as a result of his employment with the Sugar

7    Corporation, which, as discussed, is not a Title III debtor,

8    but, rather, a separate governmental entity which has

9    subsequently been dissolved and no longer exists.

10       The response consists of several pages from the

11   objection on which Mr. Silva-Rivera has added his signature,

12   and it does not otherwise address the arguments set forth in

13   the objection.  Because neither the claim nor the response

14   provides a basis for asserting a claim against the debtor in

15   respect of liabilities owed by former government entities that

16   were separate from the Commonwealth, the debtors request the

17   Court sustain the objection and disallow the claim,

18   notwithstanding the response.

19       THE COURT:  Thank you, Ms. Stafford.

20       My ruling is as follows:  The 374th Omnibus Objection

21   is sustained as to Claim No. 172169, and that claim is

22   disallowed in its entirety.  Claim No. 172169 arises from

23   debts allegedly incurred by the Sugar Corporation, which is a

24   separate entity from the Commonwealth.  I believe I misspoke

25   as to the relevant Omnibus Objection.  It is the 380th Omnibus

1    Objection that is sustained as to Claim No. 172169.

2            MS. STAFFORD:  Thank you, Your Honor.

3            THE COURT:  The next Agenda item is Number IV.4,

4    which is the 381st Omnibus Objection, and the response to that

5    objection of Brenda T. Asencio-Bernardini.

6            Ms. Stafford.

7            MS. STAFFORD:  Thank you, Your Honor.

8            This 381st Objection filed at ECF no. 17917 seeks to

9    disallow proofs of claim that assert liabilities owed --

10   purportedly owed to public employees by entities that are not

11   Title III debtors.  The response filed by

12   Ms. Asencio-Bernardini was submitted on the docket at ECF no.

13   18216, and it addresses Proof of Claim No. 174322.

14           The claim asserts liabilities associated with

15   allegedly accrued but unpaid wages owed to

16   Ms. Asencio-Bernardini as a result of her employment with the

17   Puerto Rico Telephone Company, which, as set forth in the

18   reply, is not a Title III debtor.  Rather, it is a former

19   government entity that was not a part of the Commonwealth, and

20   which has subsequently been dissolved and is no longer in

21   existence.

22           The response contends that the Court should not grant

23   the objection, because the claim asserts liabilities

24   associated with salary increases granted while the Telephone

25   Company was a part of the Government of Puerto Rico.  However,

1   neither the claim nor the response provides a basis for

2   asserting a claim against the debtors in respect of

3   liabilities purportedly owed by separate government entities

4   that have subsequently been privatized and no longer exist.

5   Accordingly, the debtors would request the Court sustain the

6   objection and disallow the claim, notwithstanding the

7   response.

8        THE COURT:  Thank you, Ms. Stafford.

9        My ruling is as follows:  The 381st Omnibus Objection

10  is sustained as to Claim No. 174322 filed by Brenda T.

11  Asencio-Bernardini, and that claim is disallowed in its

12  entirety.  Claim No. 174322 arises from debts allegedly

13  incurred by the Puerto Rico Telephone Company, which was a

14  separate entity from the Commonwealth and has since been

15  privatized.  Claim No. 174322 is, therefore, disallowed.

16       The next Agenda item is Number V.5, which is the

17  381st Omnibus Objection, and the response of Elia E. Castro to

18  that objection.

19       Ms. Stafford?

20       MS. STAFFORD:  Thank you, Your Honor.

21       Ms. Castro submitted a response at ECF no. 18417,

22  which addresses Proof of Claim No. 174452, and I wanted to

23  note for the record that a portion of this claim was

24  transferred into ACR for resolution using this process -- that

25  process.  The claim asserts liabilities associated with

1    allegedly accrued but unpaid wages owed to Ms. Castro as a

2    result of her employment with the Puerto Rico Telephone

3    Company, which, as discussed, is not a Title III debtor, but,

4    rather, a separate entity of the Commonwealth that

5    subsequently was dissolved and privatized and no longer

6    exists.

7           The response contends that the Court should not grant

8    the objection, because the claim asserts liabilities

9    associated with salary increases granted while the Telephone

10   Company was a part of the Government of Puerto Rico.  However,

11   neither the claim nor the response provides a basis for

12   asserting a claim against the debtors in respect of

13   liabilities purportedly owed by separate government entities

14   that have subsequently been privatized.  Accordingly, we would

15   request the Court sustain the objection and disallow the

16   claim, notwithstanding the response.

17          THE COURT:  Thank you, Ms. Stafford.

18          My ruling is as follows:  The 381st Omnibus Objection

19   is sustained as to Claim No. 174452 filed by Elia E. Castro,

20   and that claim is disallowed in its entirety.  Claim No.

21   174452 arises from debts allegedly incurred by the Puerto Rico

22   Telephone Company, which was a separate entity from the

23   Commonwealth and has since been privatized.  Claim No. 174452

24   is, therefore, disallowed.

25          Another speaker has arrived in the courtroom, and so

47

```
 1    we will now skip to Agenda Item Number VI.15, which is the
 2    393rd Omnibus Objection, and the response of William
 3    Maldonado-Morales to that objection.
 4            Mr. Maldonado-Morales, would you please come to the
 5    podium?
 6            Good morning, Mr. Maldonado-Morales.  Would you
 7    please state your full name for the record?
 8            MR. MALDONADO-MORALES:  Mr. William
 9    Maldonado-Morales.
10            THE COURT:  Thank you.  I am first going to ask the
11    attorney for the Oversight Board to explain the objection to
12    your claim, and then I will invite you to respond.
13            Ms. Stafford, for the Oversight Board, would you
14    please speak?
15            MS. STAFFORD:  Thank you, Your Honor.
16            The objection scheduled for hearing this morning is a
17    393rd Omnibus Objection, which was filed at ECF no. 17975.
18    This objection seeks to disallow proofs of claim filed after
19    the bar dates --
20            (Noise from microphone.)
21            COURT REPORTER:  I'm sorry, Counsel.  If you could
22    repeat the last sentence?  This is the court reporter.
23            MS. STAFFORD:  Sure.  Of course.
24            This objection seeks to disallow proofs of claim
25    which were filed after the bar dates established by this
```

1   Court's bar date orders.  For the Commonwealth, COFINA, HTA,

2   ERS, and PREPA, that bar date is June 29th, 2018; and for PBA,

3   that bar date is July 29th, 2020.

4          Pursuant to the terms of the Bar Date Order, if a

5   claimant failed to file a proof of claim on or before the bar

6   date, that claimant would be forever barred, estopped, and

7   enjoined from asserting such claim against the debtors, and

8   the debtors would be discharged from indebtedness and

9   liability with respect to such claim.

10          The response to be addressed this morning was filed

11   at ECF no. 18553 with respect to Proof of Claim No. 179488.

12   That proof of claim was filed on August 10th, 2021, over three

13   years after the Commonwealth bar date.  The response did not

14   dispute that the claim was not timely filed, rather, it

15   provides the following reasons for the failure to timely file

16   the proof of claim.  First, that Mr. Maldonado-Morales

17   temporarily relocated to Texas following Hurricane Maria in

18   September 2017, and when Mr. Maldonado-Morales returned to

19   Puerto Rico in May of 2018, he had many letters to address and

20   other priorities at that time.  Second, Mr. Maldonado-Morales

21   notes that, after the December 2019 earthquake, he had to

22   temporarily relocate within Puerto Rico.  And, third,

23   Mr. Maldonado-Morales references the disruptions of the

24   COVID-19 pandemic.

25          While the debtors are deeply mindful of these

1   numerous disasters that have been suffered by the people of

2   Puerto Rico, none of these reasons are sufficient to establish

3   excusable neglect that would justify Mr. Maldonado-Morales'

4   failure to timely file a proof of claim.  As an initial

5   matter, the delay in question here is over three years, which

6   is very substantial.  Further, although Mr. Maldonado-Morales

7   was unfortunately forced to depart the island in September of

8   2017, he acknowledges that he had returned to the island and

9   had access to his mail in May of 2018, which was early --

10  prior to the bar date in June 2018.  He also would have been

11  on the island in June 2018 when radio and newspaper

12  advertisements were run notifying individuals of the --

13          (Sound played.)

14          MS. STAFFORD:  -- opportunity to file a claim.

15          THE COURT:  You may continue your statement to the

16  conclusion.

17          MS. STAFFORD:  Thank you, Your Honor.

18          Further, the December 2019 earthquakes and the

19  pandemic each occurred substantially after the June 2018 bar

20  date, and, therefore, they do not justify

21  Mr. Maldonado-Morales's failure to file a claim.  Accordingly,

22  because Mr. Maldonado-Morales does not dispute that the claim

23  was not timely filed, and does not provide an explanation

24  sufficient to justify the untimely filing of the claim, we

25  would request the Court sustain the objection and disallow the

1  claim.

2           THE COURT:  Thank you, Ms. Stafford.

3           Mr. Maldonado-Morales, would you like to speak now?

4           MR. MALDONADO-MORALES:  Yes.  I will explain the

5  reason why I was unable to answer many of these letters.

6  During Hurricane Maria, we were living in the countryside.  I

7  live in the countryside.  And after the hurricane, I had to

8  move downtown to my sister's house.  She has a cement house.

9           Of all of the letters that I received, many of them I

10 couldn't understand, because I do not speak English.  And with

11 everything related to the hurricane, and the rains and

12 everything, my priority was the life of my child.  I have a

13 son who has Down Syndrome, and two heart surgeries, and that

14 of my wife who also has a heart surgery.  And with all of

15 that, my daughter, who is in Texas, sent for me.  And with all

16 this, my priority is that of my child and my wife, both of

17 whom were sick.

18          And I received a booklet, but it didn't say that

19 there was any money for me.  And it wasn't until my daughter

20 came recently -- she knows English, and she took the steps to

21 find out about it.  And she filed the claim for me.

22          And after the hurricanes, came the earthquakes, and

23 with the earthquakes, my son was out of control.  He was very

24 upset.  And for that reason, my daughter sent for us again,

25 and we went there again.  And for that reason, I had no other

1    attention but for the life of my son.

2         And today I brought with me my wife and my son.  They

3    were not allowed to come in, but I brought them so that you

4    could see the situation that I have.  To me, it's money that I

5    have, but my priority is my son, not the money.

6         THE COURT:  Thank you, Mr. Maldonado-Morales.

7         Ms. Stafford, would you like to speak further?  As I

8    understand it, Mr. Maldonado-Morales is saying that the health

9    and safety issues presented by his family members were ones

10   that he had to put above everything, and that he was unable to

11   understand the documentation.

12        MS. STAFFORD:  Thank you, Your Honor.

13        We are deeply sympathetic to the issues that

14   Mr. Maldonado-Morales has raised, and the concerns that he has

15   addressed, particularly with regard to the numerous

16   disruptions that he and other Puerto Ricans have suffered.

17   However, the materials that were submitted and were provided

18   notifying individuals of their right to file a proof of claim

19   were done in both English and Spanish, and so should have

20   been, you know, provided in a language that

21   Mr. Maldonado-Morales could understand.  And although I am

22   deeply sympathetic, again, to the concerns of his wife and

23   son's health, as I understood his statement, those concerns

24   were arising principally after -- in the immediate aftermath

25   of the hurricanes in September 2017, and in the aftermath of

1   the earthquakes in December of 2019.  But during that time

2   period for which proofs of claim were eligible to be filed or

3   able to be filed, or in the time leading up to the bar date in

4   June of 2018 and May of 2018, I didn't hear a statement that

5   these concerns were arising at that time that would have

6   prevented him from filing a claim in a timely fashion.  And

7   so, Your Honor, we would still request the Court sustain the

8   objection.

9          THE COURT:  Thank you.

10         Mr. Maldonado-Morales, was there anything in the

11  period in May 2018 and afterward, when you came back and you

12  had your mail, that prevented you from attending to the

13  opportunity to file a proof of claim?

14         MR. MALDONADO-MORALES:  Yes.  During Hurricane Maria,

15  we were with no electricity or water for about nine months.

16  We had no communications.  The Post Office was closed, and

17  part of my correspondence was lost.  Some of it didn't arrived

18  on time.  And on top of that, by the time -- when we left, a

19  lot of my correspondence went to the wrong postal boxes, and I

20  actually had many problems with people who were asking me "how

21  come your correspondence is coming to my place."

22         THE COURT:  Mr. Maldonado-Morales, did you have the

23  correspondence from the Oversight Board in the mail that you

24  received when you came back to the island in May of 2018?  Did

25  you receive it when you came back?

1    MR. MALDONADO-MORALES:  Some of them turned up, but

2    they turned up late, and that's when my daughter came.  And

3    that's why she filed a claim to see if I had the opportunity.

4         THE COURT:  When did the correspondence that

5    concerned filing a proof of claim arrive at your house or come

6    into your possession?

7         MR. MALDONADO-MORALES:  In the last few months, when

8    we filed a claim, the last few letters arrived, and I sent a

9    photo to my daughter.  And she said, daddy, I'm going to file

10   a claim for your case.

11        THE COURT:  When did these letters arrive?  You said

12   the last few months.  Can you be any more specific?

13        MR. MALDONADO-MORALES:  Well, I have here the date of

14   the presentation was 8-10-2021.

15        THE COURT:  August of 2021?

16        MR. MALDONADO-MORALES:  Uh-huh.  Uh-huh.

17        THE COURT:  Does that mean yes?  I need an answer in

18   words, please.

19        MR. MALDONADO-MORALES:  Yes.  Yes, Your Honor.

20        THE COURT:  Did you receive anything else in your

21   mail before August of 2021 regarding the filing of claims in

22   this bankruptcy proceeding?

23        MR. MALDONADO-MORALES:  I received a booklet, which I

24   have here with me.  My name was on it, but there wasn't

25   anything about any amount of money there.

54

 1              THE COURT:  When did you receive the booklet?

 2              MR. MALDONADO-MORALES:  Right now I cannot recall the

 3    date.

 4              THE COURT:  Ms. Stafford, do you have a colleague

 5    who's in the courtroom today?

 6              MS. STAFFORD:  I believe my colleague, Mr. Miranda,

 7    is in the courtroom as well, yes.

 8              THE COURT:  What I am going to do is ask that

 9    Mr. Maldonado-Morales show the documentation that he has, what

10    he's referring to as a booklet, to your colleague so that we

11    can determine whether that is something that had to do with

12    the filing of proofs of claim.  So we will take a pause in the

13    hearing of Mr. Maldonado-Morales's claim.

14              Actually, at this point, it is a good time to take a

15    ten-minute break anyway, so we will take a ten-minute break,

16    and Mr. Maldonado-Morales can show his documentation to your

17    colleague.  Perhaps you and your colleague can communicate,

18    and then we will continue after that.  Thank you.

19              MS. STAFFORD:  Thank you.

20              THE COURT:  We are adjourned for ten minutes.

21              (At 11:07 AM, recess taken.)

22              (At 11:18 AM, proceedings reconvened.)

23              THE COURT:  Ms. Tacoronte, is everyone ready to

24    proceed in San Juan?

25              COURTROOM DEPUTY:  I believe so, Your Honor.

```
 1              THE COURT:  Ms. Stafford, are you ready to proceed?

 2              MS. STAFFORD:  I am, Your Honor.

 3              THE COURT:  Where is Mr. Maldonado-Morales?  Is he

 4    still in the courtroom, Ms. Tacoronte?  I can't see the image

 5    of the podium very well.  Is Mr. Maldonado-Morales at the

 6    podium?

 7              MR. MALDONADO-MORALES:  Yes, I'm here.

 8              THE COURT:  Thank you.  I'm sorry.  I just couldn't

 9    see the image very well.

10              So, Ms. Stafford, would you share whatever you have

11    learned and your position in light of that?

12              MS. STAFFORD:  Yes, Your Honor.  Thank you.

13              Mr. Miranda spoke with Mr. Maldonado-Morales, and

14    reviewed the documents he brought to court today.  And my

15    understanding from Mr. Miranda is that that packet contains a

16    copy of the Omnibus Objection itself, as well as some of the

17    notifications that went out surrounding the Disclosure

18    Statement Hearing over the summer.

19              And in light of all that, Your Honor, we would -- we

20    understand that Mr. Maldonado-Morales may not have received

21    the Bar Date Notice itself.  We do understand, however, that

22    advertisements were still made via newspaper and radio ads

23    during the time when Mr. Maldonado-Morales was back on the

24    island.  And while we remain very sympathetic to the situation

25    that Mr. Maldonado-Morales has described, we would maintain
```

1    that Mr. Maldonado-Morales, like many other Puerto Ricans, was

2    suffering from many of these same conditions, and many others

3    were able to still file a proof of claim.  And so we would

4    still request the Court disallow the claim.

5         THE COURT:  Mr. Maldonado-Morales, is there anything

6    further that you would like to say?

7         MR. MALDONADO-MORALES:  We have had many situations,

8    like the COVID, and many difficulties.  We have a son who is

9    in jail and all of that.  It has effected us to heart, very

10   greatly, and there are many other things and other situations

11   that sometimes make you not think properly.  They take you out

12   of proper thinking.  And because of those situations that

13   we've been through, my wife has also suffered a lot for many

14   things that we've been through, like the loss of

15   grandchildren, and all that has affected her, as well as me.

16        I am somebody who is incapacitated, and I receive

17   Social Security.  That's everything that I receive, and that

18   is what I use to sustain ourselves.

19        THE COURT:  What do you mean, sir, when you say you

20   are incapacitated?

21        MR. MALDONADO-MORALES:  I was declared disabled,

22   because I hurt my back.  I had a fractured back in 1991.  So I

23   received disability benefits from Social Security before, and

24   now I'm receiving it due to my -- receiving them due to my

25   age.  That is the only sustenance that we have.  And my wife

1    takes care of our child.  Our child is a boy who cannot fend

2    for himself.  And my wife cannot work, because she has to take

3    care of him.  She cannot help me.  So the only sustenance that

4    we have is my Social Security payments, and that also pays for

5    her and for my child.

6            THE COURT:  Thank you for explaining that, sir.  I am

7    now going to make my ruling.

8            My ruling is as follows:  The 393rd Omnibus Objection

9    is sustained as to Claim No. 179488 filed by Mr. William

10   Maldonado-Morales.  That claim is disallowed in its entirety

11   as late-filed, because it was filed more than three years

12   after the Commonwealth's bar date.

13           The Court sympathizes with the numerous adversities

14   and challenges that Mr. Maldonado-Morales and his family have

15   suffered and continue to suffer.  However,

16   Mr. Maldonado-Morales indicates that he was making difficult

17   choices, but, nonetheless, choices with respect to the things

18   that he would attend to under these adverse circumstances.

19   And the earthquakes, and the results of the impact of the

20   hurricane, and COVID-19, are matters that affected many, many

21   people in Puerto Rico who, nonetheless, attended to these

22   important financial claim matters timely.

23           Mr. Maldonado-Morales did receive some mail, at least

24   some mail relating to this, and there were also advertisements

25   on the radio and through newspapers to make sure that the bar

1    date and its significance were publicized throughout Puerto

2    Rico.  Under this combination of circumstances, despite the

3    very, very difficult circumstances that are faced by

4    Mr. Maldonado-Morales and his family, I find that he has not

5    established the necessary showing of excusable neglect to file

6    a timely claim; the claim not only is untimely, it is three

7    years untimely; and that there were factors that were within

8    his reasonable control to the extent he was making choices as

9    to what to attend to; and, therefore, the objection to the

10   claim is sustained.  Claim No. 179488 is disallowed.

11        Mr. Maldonado-Morales, this is my ruling under the

12   law.  My sympathies are with you and your family, and I wish

13   safety and strength for you and your family.  Thank you for

14   coming to court today.

15        MR. MALDONADO-MORALES:  Thank you, Your Honor.

16        THE COURT:  The hearing on your claim is concluded,

17   Mr. Maldonado-Morales.

18        The next Agenda item is one for which we return to

19   section V of the Agenda, and it is Agenda Item Number V.6,

20   which is the response of Marlene Garcia-Miranda to the 381st

21   Omnibus Objection.

22        MS. STAFFORD:  Thank you, Your Honor.

23        This response was submitted at ECF no. 18175, and it

24   addresses Proof of Claim No. 17422 -- 222.  And just for

25   clarity of the record, this is, again, the 381st Omnibus

1    Objection, which seeks to disallow proofs of claim asserting

2    liabilities purportedly owed to public employees by entities

3    that are not Title III debtors.  The claim asserts liabilities

4    associated with allegedly accrued but unpaid wages owed to

5    Ms. Garcia-Miranda as a result of her employment with the

6    Puerto Rico Telephone Company.  However, as discussed, the

7    Puerto Rico Telephone Company is not a Title III debtor, but

8    is, rather, a former government entity that has subsequently

9    been privatized, and is no longer in existence, and, during

10   its existence, was a separate entity from the Commonwealth.

11        The response contends that the Court should not grant

12   the objection, because the claim asserts liabilities

13   associated with salary increases granted while the Puerto Rico

14   Telephone Company was a public corporation.  However, neither

15   the claim nor the response provide a basis for asserting a

16   claim against the debtor in respect of liabilities purportedly

17   owed by separate government entities that have subsequently

18   been privatized.  Accordingly, we would respectfully request

19   the Court sustain the objection and disallow the claim,

20   notwithstanding the response.

21        THE COURT:  Thank you, Ms. Stafford.

22        My ruling is as follows:  The 381st Omnibus Objection

23   is sustained as to Claim No. 174222 filed by Marlene

24   Garcia-Miranda.  That claim is disallowed in its entirety.

25   Claim No. 174222 arises from debts allegedly incurred by the

1   Puerto Rico Telephone Company, which was a separate entity

2   from the Commonwealth, and has now been privatized.  Claim No.

3   174222 is disallowed in its entirety.

4         The next Agenda item is Agenda Item Number V.7, which

5   is the 381st Omnibus Objection, and specifically the response

6   of Elena Laboy-Christian to that objection.

7         Ms. Stafford?

8         MS. STAFFORD:  Thank you, Your Honor.

9         This response was filed on the docket at ECF no.

10  18473 with respect to Proof of Claim No. 174570.  The claim

11  asserts liabilities associated with allegedly accrued but

12  unpaid wages owed to Ms. Laboy-Christian as a result of her

13  employment with the Puerto Rico Telephone Company.  The Puerto

14  Rico Telephone Company, however, is not a Title III debtor,

15  but a separate entity that has subsequently been privatized

16  and no longer exists.

17        The response contends the Court should not grant the

18  objection, because the claim asserts liabilities associated

19  with salary increases granted while the Puerto Rico Telephone

20  Company was a public corporation, but neither the claim nor

21  the response provides a basis for asserting a claim against

22  the debtor in respect of liabilities purportedly owed by

23  separate government entities that have subsequently been

24  privatized.  Accordingly, we'd respectfully request the Court

25  sustain the objection and disallow the claim, notwithstanding

1    the response.

2           THE COURT:  Thank you, Ms. Stafford.

3           My ruling is as follows:  The 381st Omnibus Objection

4    is sustained as to Claim No. 174570 filed by Elena

5    Laboy-Christian, and that claim is disallowed in its entirety.

6    Claim No. 174570 arises from debts allegedly incurred by the

7    Puerto Rico Telephone Company, which was a separate entity

8    from the Commonwealth and has now been privatized.  Claim No.

9    174570 is disallowed.

10          The next Agenda item is also the 381st Omnibus

11   Objection.  This item is the response of Gloria Maria

12   Lebron-Crespo to that objection.

13          Ms. Stafford?

14          MS. STAFFORD:  Thank you, Your Honor.

15          This response was filed at ECF no. 19153, and it

16   addresses Proof of Claim No. 173516.  The claim asserts

17   liabilities associated with allegedly accrued but unpaid wages

18   owed to Ms. Lebron-Crespo as a result of her husband's

19   employment with the Sugar Corporation, which, as discussed, is

20   a -- is not a Title III debtor, but rather was a separate

21   entity that has subsequently been dissolved and no longer

22   exists.

23          The response does not address the debtors' contention

24   that they are not liable for the liabilities asserted in the

25   Lebron-Crespo claim.  Instead, it simply states that Ms.

1   Lebron-Crespo is making a claim based on the PROMESA law for

2   her husband, who worked for the Sugar Corporation.  Because

3   neither the claim nor the response provides a basis for

4   asserting a claim against the debtor in respect of liabilities

5   purportedly owed by the Sugar Corporation, we would

6   respectfully request the Court sustain the objection and

7   disallow the claim, notwithstanding the response.

8          THE COURT:  Thank you.

9          My ruling is as follows:  The 381st Omnibus Objection

10  is sustained as to Claim No. 173516 filed by Gloria Maria

11  Lebron-Crespo, and that claim is disallowed in its entirety.

12  Claim No. 173516 arises from debts allegedly incurred by the

13  Sugar Corporation, which was a separate entity from the

14  Commonwealth.  Accordingly, Claim No. 173516 is disallowed in

15  its entirety.

16         The next Agenda item is also related to the 381st

17  Omnibus Objection.  It is the response of Lucinda

18  Martinez-Quinones to that objection.

19         Ms. Stafford?

20         MS. STAFFORD:  Thank you, Your Honor.

21         This response was filed on the docket at ECF no.

22  18213, and it addresses Proof of Claim No. 174460.  The claim

23  asserts liabilities associated with allegedly accrued but

24  unpaid wages owed to Ms. Martinez-Quinones as a result of her

25  employment with the Puerto Rico Telephone Company.  The Puerto

1  Rico Telephone Company, however, is not a Title III debtor,

2  but, rather, a separate entity which has subsequently been

3  privatized and no longer exists.

4      The response contends that the Court should not grant

5  the objection because the claim asserts liabilities associated

6  with salary increases granted while the Telephone Company was

7  a public corporation.  However, neither the claim nor the

8  response provide a basis for asserting a claim against the

9  debtor in respect of liabilities owed by former government

10  entities that were separate from the Commonwealth and have

11  subsequently been privatized.  Accordingly, we would

12  respectfully request the Court sustain the objection and

13  disallow the claim, notwithstanding the response.

14      THE COURT:  Thank you.

15      My ruling is as follows:  The 381st Omnibus Objection

16  is sustained as to Claim No. 174460 filed by Lucinda

17  Martinez-Quinones.  That claim is disallowed in its entirety,

18  because it arises from debts allegedly incurred by the Puerto

19  Rico Telephone Company, which was a separate entity from the

20  Commonwealth and has now been privatized.  Claim 174460 is

21  disallowed in its entirety.

22      The next Agenda item is Item V.10, which is the 381st

23  Omnibus Objection, and the response of Jose Orlando

24  Ortiz-Ortiz to that objection.

25      Ms. Stafford?

1          MS. STAFFORD:   Thank you, Your Honor.

2          Mr. Ortiz-Ortiz submitted a response directly to the

3     debtors, which was filed on the docket at ECF no. 20007-3,

4     with a certified translation available at 20007-4.   The claim

5     asserts liabilities associated with allegedly accrued but

6     unpaid wages owed to Mr. Ortiz-Ortiz as a result of his

7     employment with the Sugar Corporation.   The Sugar Corporation,

8     however, is not a Title III debtor, but was formerly a

9     separate entity of the Commonwealth -- an entity separate from

10    the Commonwealth, and has subsequently been dissolved.

11         The response does not address the debtors' contention

12    that it is not liable for liabilities owed by the Sugar

13    Corporation.   Instead, it contains a copy of certain pages

14    from the objection and certain identification documents

15    relating to Mr. Ortiz-Ortiz.   Because neither the claim nor

16    the response provide a basis for asserting a claim against the

17    debtor in respect of liabilities owed by the Sugar

18    Corporation, we'd respectfully request the Court sustain the

19    objection and disallow the claim, notwithstanding the

20    response.

21         THE COURT:   Thank you.

22         My ruling is as follows:   The 381st Omnibus Objection

23    is sustained as to Claim No. 174125 of Jose Orlando

24    Ortiz-Ortiz.   That claim is disallowed in its entirety.   Claim

25    No. 174125 arises from debts allegedly incurred by the Sugar

1    Corporation, which is a separate entity from the Commonwealth.

2    Claim 174125 is disallowed.

3            The next Agenda item is also related to the 381st

4    Omnibus Objection.  It is the response of Wilfredo Pagan-Duran

5    to that objection.

6            Ms. Stafford?

7            MS. STAFFORD:  Thank you, Your Honor.

8            Mr. Pagan-Duran filed an objection -- a response to

9    the objection on the docket at ECF no. 18212, and that

10   response addresses Proof of Claim No. 174470.  This claim

11   asserts liabilities associated with allegedly accrued but

12   unpaid wages owed to Mr. Pagan-Duran as a result of his

13   employment with the Puerto Rico Telephone Company.  The Puerto

14   Rico Telephone Company, however, is not a Title III debtor,

15   but was a separate entity from the Commonwealth that has

16   subsequently been privatized and no longer exists.

17           The response contends the Court should not grant the

18   objection, because the Pagan-Duran claim asserts liabilities

19   associated with salary increases granted while the Puerto Rico

20   Telephone Company was a public corporation, but neither the

21   claim nor the response provides a basis for asserting a claim

22   against the debtor in respect of liabilities purportedly owed

23   by separate government entities that have subsequently been

24   privatized.  Accordingly, we'd request the Court sustain the

25   objection and disallow the claim, notwithstanding the

1  response.

2      THE COURT:  Thank you.

3      My ruling is as follows:  The 381st Omnibus Objection

4  is sustained as to Claim No. 174470 filed by Wilfredo

5  Pagan-Duran, and that claim is disallowed in its entirety.

6  Claim No. 174470 arises from debts allegedly incurred by the

7  Puerto Rico Telephone Company, which is a separate entity from

8  the Commonwealth.  Accordingly, Claim 174470 is disallowed.

9      MS. STAFFORD:  Thank you, Your Honor.

10      THE COURT:  The next Agenda item is Agenda Item V.12,

11  which also has to do with the 381st Omnibus Objection.  It is

12  the response of Jose Rodriguez-Arroyo to that objection.

13      Ms. Stafford.

14      MS. STAFFORD:  Thank you, Your Honor.

15      The response submitted by Mr. Rodriguez-Arroyo was

16  file on the docket at ECF no. 18217, and it addresses Proof of

17  Claim No. 174583.  This claim asserts liabilities associated

18  with allegedly accrued but unpaid wages owed to

19  Mr. Rodriguez-Arroyo as a result of his employment with the

20  Telephone Company.  As noted, however, the Telephone Company

21  is not a Title III debtor but a former government entity that

22  has subsequently been privatized and no longer exists.

23      The response contends that the Court should not grant

24  the objection, because the claim asserts liabilities

25  associated with salary increases granted while the Telephone

1  Company was a public corporation, but neither the claim nor

2  the response provide a basis for asserting a claim against the

3  debtor in respect of liabilities purportedly owed by the

4  Telephone Company.  And for those reasons, we'd request the

5  Court sustain the objection and disallow the claim,

6  notwithstanding the response.

7         THE COURT:  Thank you.

8         My ruling is as follows:  The 381st Omnibus Objection

9  is sustained as to Claim No. 174583 of Jose Rodriguez-Arroyo,

10 and that claim is disallowed in its entirety.  Claim No.

11 174583 arises from debts allegedly incurred by the Puerto Rico

12 Telephone Company, which is a separate entity from the

13 Commonwealth.  Claim 174583 is disallowed in its entirety.

14        We have already addressed the final Agenda item under

15 section V of the Agenda.  That was no. 13.  So now we will go

16 on to the remainder of the items in Agenda section VI, the

17 first of which is Agenda Item VI.1, also having to do with the

18 381st Omnibus Objection.  It is the response of Brenda

19 Ortiz-Castellano to that objection.

20        Ms. Stafford?

21        MS. STAFFORD:  Thank you, Your Honor.

22        The response filed by Ms. Ortiz-Castellano was

23 submitted onto the docket at ECF no. 18173, and it addresses

24 Proof of Claim No. 175075.  The claim asserts liabilities

25 associated with allegedly accrued but unpaid wages owed to

1  Ms. Ortiz-Castellano as a result of her employment with the

2  Telephone Company.  The Telephone Company, however, as noted,

3  is not a Title III debtor, but a separate entity that has

4  subsequently been privatized and no longer exists.

5        The response contends the Court should not grant the

6  objection, because the claim asserts liabilities associated

7  with salary increases granted while the Telephone Company was

8  a public corporation, but neither the claim nor the response

9  provide a basis for asserting a claim against the debtor in

10  respect of liabilities purportedly owed by the Telephone

11  Company.  And for those reasons, we'd respectfully request the

12  Court sustain the objection and disallow the claim,

13  notwithstanding the response.

14        THE COURT:  Thank you, Ms. Stafford.

15        My ruling is as follows:  The 381st Omnibus Objection

16  is sustained as to Claim No. 175075 filed by Brenda

17  Ortiz-Castellano.  That claim is disallowed in its entirety.

18  The claim arises from debts allegedly incurred by the Puerto

19  Rico Telephone Company, which was a separate entity from the

20  Commonwealth and has now been privatized.  Accordingly, Claim

21  No. 175075 is disallowed in its entirety.

22        The next Agenda item is Number VI.2, also arising in

23  connection with the 381st Omnibus Objection.  This is the

24  response of Angel Reyes-Miranda to that objection.

25        MS. STAFFORD:  Thank you, Your Honor.

1          Mr. Reyes-Miranda filed a response on the docket at

2    ECF no. 18263, and it addresses Proof of Claim No. 174960.

3    The claim asserts liabilities associated with allegedly

4    accrued but unpaid wages owed to Mr. Reyes-Miranda as a result

5    of his employment with the Puerto Rico Telephone Company.  The

6    Puerto Rico Telephone Company, however, is not a Title III

7    debtor but a former government entity -- a separate government

8    entity that has subsequently been privatized and no longer

9    exists.

10         The response contends the Court should not grant the

11   objection, because the claim asserts liabilities associated

12   with salary increases granted while the Telephone Company was

13   a public corporation, but neither the claim nor the response

14   provides a basis for asserting a claim against the debtor in

15   respect of liabilities owed by separate entities that no

16   longer -- that have been privatized.  And for those reasons,

17   we'd request the Court sustain the objection and disallow the

18   claim.

19         THE COURT:  Thank you, Ms. Stafford.

20         My ruling is as follows:  The 381st Omnibus Objection

21   is sustained as to Claim No. 174960 filed by Angel

22   Reyes-Miranda.  That claim is disallowed in its entirety.  The

23   claim arises from debts allegedly incurred by the Puerto Rico

24   Telephone Company, which was a separate entity from the

25   Commonwealth and has now been privatized.  Claim No. 174960 is

1    disallowed in its entirety.

2         The next Agenda item is Number VI.3, which arises in

3    connection with the 382nd Omnibus Objection, and it is the

4    response of Hilda Cruz-Roman to that objection.

5         Ms. Stafford.

6         MS. STAFFORD:  Thank you, Your Honor.

7         The 382nd Objection was filed at ECF no. 17920, and

8    it seeks to disallow proofs of claim asserting liabilities

9    purportedly owed to public employees by entities that are not

10   Title III debtors.  Ms. Cruz-Roman filed a response on the

11   docket at ECF no. 19344, and it addresses Proof of Claim Nos.

12   176520 and 178145.  The claims assert liabilities associated

13   with allegedly accrued but unpaid wages owed to Ms. Cruz-Roman

14   as a result of her employment with the Puerto Rico Telephone

15   Company, which, as discussed, was a separate entity that has

16   subsequently been privatized and no longer exists.

17        The response does not directly address the debtors'

18   contention that they are not liable for liabilities owed by

19   the Puerto Rico Telephone Company.  Instead, it provides an

20   update regarding Cruz-Roman's mailing address, and notes that

21   it is seeking compensation for a period when the Puerto Rico

22   Telephone Company was a part of the government or was a public

23   corporation.

24        Neither the claim nor the response, however, provides

25   a basis for asserting a claim against the debtor in respect of

1    liabilities purportedly owed by the Puerto Rico Telephone

2    Company, and, for those reasons, we'd request the Court

3    sustain the objection and disallow the claims, notwithstanding

4    the response.

5          THE COURT:  Thank you, Ms. Stafford.

6          My ruling is as follows:  The 382nd Omnibus Objection

7    is sustained as to Claim Nos. 176520 and 178145.  Those claims

8    are disallowed in their entirety.  They arise from debts

9    allegedly incurred by the Puerto Rico Telephone Company, which

10   was a separate entity from the Commonwealth and has now been

11   privatized.  Claim Nos. 176520 and 178145 are disallowed.

12         MS. STAFFORD:  Thank you, Your Honor.

13         THE COURT:  The next Agenda item is Number VI.4,

14   which arises in connection with the 382nd Omnibus Objection.

15   It is the response of Damaris Martinez-Centeno to that

16   objection.

17         Ms. Stafford.

18         MS. STAFFORD:  Thank you, Your Honor.

19         Ms. Martinez-Centeno's response was filed on the

20   docket at ECF no. 18055, and it addresses Proof of Claim No.

21   176315.  That claim asserts liabilities associated with

22   allegedly accrued but unpaid wages owed to

23   Ms. Martinez-Centeno as a result of her employment with the

24   Telephone Company.  The Telephone Company, however, is not a

25   Title III debtor, but, rather, is a former government entity

1   that was separate from the Commonwealth and has subsequently

2   been privatized.

3          The response contends the Court should not grant the

4   objection, because the claim asserts liabilities arising while

5   the Telephone Company was a public corporation.  However,

6   neither the claim nor the response provides a basis for

7   asserting a claim against the debtor in respect of liabilities

8   purportedly owed by former government entities.  The debtors,

9   therefore, respectfully request the Court sustain the

10  objection and disallow the claim, notwithstanding the

11  response.

12         THE COURT:  Thank you.

13         My ruling is as follows:  The 382nd Omnibus Objection

14  is sustained as to Claim No. 176315 filed by Damaris

15  Martinez-Centeno.  That claim is disallowed in its entirety,

16  because it arises from debts allegedly incurred by the Puerto

17  Rico Telephone Company, which was a separate entity from the

18  Commonwealth and has now been privatized.  Claim 176315 is

19  disallowed in its entirety.

20         The next Agenda item also relates to the 382nd

21  Omnibus Objection.  It is the response of Elizabeth

22  Martinez-Centeno to that objection.

23         MS. STAFFORD:  Thank you, Your Honor.

24         Ms. Martinez-Centeno's response was filed on the

25  docket at ECF no. 18054, and it addresses Proof of Claim No.

1  176117.  The claim asserts liabilities associated with

2  allegedly accrued but unpaid wages owed to

3  Ms. Martinez-Centeno as a result of her employment with the

4  Puerto Rico Telephone Company.  The Puerto Rico Telephone

5  Company, however, is not a Title III debtor, but, rather, was

6  a separate government entity that has subsequently been

7  privatized and no longer exists.

8          The response contends the Court should not grant the

9  objection, because the claim asserts liabilities arising while

10  the Telephone Company was a public corporation.  However,

11  neither the claim nor the response provides a basis for

12  asserting a claim against the debtor in respect of liabilities

13  purportedly owed by the Telephone Company, and, for those

14  reasons, we'd request the Court sustain the objection and

15  disallow the claim, notwithstanding the response.

16          THE COURT:  Thank you.

17          My ruling is as follows:  The 382nd Omnibus Objection

18  is sustained as to Claim No. 176117 filed by Elizabeth

19  Martinez-Centeno.  That claim is disallowed in its entirety.

20  It arises from debts allegedly incurred by the Puerto Rico

21  Telephone Company, which was a separate entity from the

22  Commonwealth and has now been privatized.  Claim 176117 is

23  disallowed in its entirety.

24          The next Agenda item is Agenda Item VI.6, which also

25  arises in connection with the 382nd Omnibus Objection.  It is

1    the response of Millie Ramos-Perez to that objection.

2              Ms. Stafford.

3              MS. STAFFORD:  Thank you, Your Honor.

4              This objection seeks to disallow in their entirety

5    proofs of claim purportedly -- asserting liabilities

6    purportedly owed to public employees by entities that are not

7    Title III debtors, and the response was filed at ECF no. 18309

8    with respect to Proof of Claim No. 176003.  That claim asserts

9    liabilities associated with allegedly accrued but unpaid wages

10   owed to Ms. Ramos-Perez as a result of her employment with the

11   Telephone Company.  The Telephone Company, however, is not a

12   Title III debtor, but, rather, a former government entity that

13   was separate from the Commonwealth and has subsequently been

14   privatized.

15             The response contends that the Court should not grant

16   the objection, because the claim asserts liabilities

17   associated with salary increases granted while the Telephone

18   Company was a public corporation, but neither the claim nor

19   the response provides a basis for asserting a claim against

20   the debtor in respect of liabilities purportedly owed by the

21   Telephone Company.  Accordingly, we would respectfully request

22   the Court sustain the objection and disallow the claim,

23   notwithstanding the response.

24             THE COURT:  Thank you.

25             My ruling is as follows:  The 382nd Omnibus Objection

1   is sustained as to Claim No. 176003 filed by Millie

2   Ramos-Perez, and that claim is disallowed in its entirety.

3   The claim arises from debts allegedly incurred by the Puerto

4   Rico Telephone Company, which is a separate entity from the

5   Commonwealth that has since been privatized.  Accordingly,

6   Claim 176003 is disallowed in its entirety.

7           The next Agenda item also arises in connection with

8   the 382nd Omnibus Objection.  It is the response to that

9   objection of Maria Enid Roca-Troche.

10          Ms. Stafford.

11          MS. STAFFORD:  Thank you, Your Honor.

12          Ms. Roca-Troche submitted a response directly to the

13  debtors, which was filed at ECF no. 20008-1, with a certified

14  translation available at 20008-2, and that response addresses

15  Proof of Claim No. 178337.  And I'd just note for the record

16  that a portion of this claim has been transferred into ACR for

17  resolution using those processes.

18          The claim asserts -- or the portion of the claim

19  addressed today asserts liabilities associated with allegedly

20  accrued but unpaid wages owed to Ms. Roca-Troche as a result

21  of her employment with the Puerto Rico Telephone Company.

22  That Telephone Company, however, is not a Title III debtor,

23  but, rather, is a former government entity that was separate

24  from the Commonwealth and has subsequently been privatized.

25          The response consists of copies of letters sent to

1   Ms. Roca-Troche in connection with the resolution of her claim

2   in ACR, and it also contends that the Court should not grant

3   the objection, because the Roca-Troche claim asserts

4   liabilities associated with salary increases granted while the

5   Puerto Rico Telephone Company was a public corporation.

6        With respect to the portion of the claim asserting

7   salary increases, neither the claim nor the response provides

8   a basis for asserting a claim against the debtor in respect of

9   liabilities purportedly owed by former government entities,

10  and, accordingly, the debtors would respectfully request the

11  Court sustain the objection and disallow the portion of the

12  Roca-Troche claim concerning wage increases at the Puerto Rico

13  Telephone Company, notwithstanding the response.

14       THE COURT:  The response material that was filed on

15  the docket at 20008-2 includes a response directed to Claim

16  174643, as well as a response directed to Claim 178337.  Are

17  you seeking for me to take any action relating to Claim 174643

18  today?

19       MS. STAFFORD:  Not at this time, no.

20       THE COURT:  Thank you.

21       I will make my ruling now, which is as follows:  The

22  382nd Omnibus Objection is sustained as to the portion of

23  Claim No. 178337 of Maria Enid Roca-Troche that has not been

24  transferred into the ACR process.  This remaining portion of

25  the claim is disallowed in its entirety, because it arises

1   from debts allegedly owed by the Puerto Rico Telephone

2   Company, which was a separate entity from the Commonwealth and

3   has now been privatized.

4          The next Agenda item -- I'm sorry.  Ms. Stafford, did

5   you wish to saying something?

6          MS. STAFFORD:  No.  No, Your Honor.  Apologies.

7          THE COURT:  Thank you.

8          The next Agenda item also arises in connection with

9   the 382nd Omnibus Objection.  It is the response of Aixa Edmee

10  Rodriguez-Fernandez to that objection.

11         Ms. Stafford.

12         MS. STAFFORD:  Thank you, Your Honor.

13         The response submitted by Aixa Edmee

14  Rodriguez-Fernandez was -- there were two responses filed on

15  the docket, one at ECF no. 18171 and one at 19823, with

16  respect to Proof of Claim No. 178223.  The claim itself

17  asserts liabilities associated with allegedly accrued but

18  unpaid wages owed to Ms. Rodriguez-Fernandez as a result of

19  her employment with the Telephone Company.  As set forth in

20  the reply, however, the Telephone Company is not a Title III

21  debtor, but, rather, is a former government entity that has

22  subsequently been dissolved -- been privatized and no longer

23  exists.  And while it did exist, it was a separate entity from

24  the Commonwealth.

25         The response contends the Court should not grant the

1    objection, because the claim asserts liabilities associated

2    with salary increases granted while the Telephone Company was

3    a part of the -- was a public corporation, but neither the

4    claim nor the response provides a basis for asserting a claim

5    against the debtor in respect of the Telephone Company.  And

6    for those reasons, we'd request the Court sustain the

7    objection and disallow the claim, notwithstanding the

8    response.

9            THE COURT:  Thank you.

10           My ruling is as follows:  The 382nd Omnibus Objection

11   is sustained as to Claim No. 178223 filed by Aixa Edmee

12   Rodriguez-Fernandez.  That claim is disallowed in its

13   entirety.  The claim arises from debts allegedly incurred by

14   the Puerto Rico Telephone Company, which is a separate entity

15   from the Commonwealth.  It was a separate entity from the

16   Commonwealth, and it has since been privatized.  Claim 178223

17   is disallowed in its entirety.

18           The next Agenda item also arises from the 382nd

19   Omnibus Objection to claims.  It is Agenda Item VI.9, and it

20   is the response of Jacqueline Rosado-Colon.

21           MS. STAFFORD:  Thank you, Your Honor.

22           This response was submitted directly to the debtors

23   and filed on the docket at 20008-3, with a certified

24   translation available at 20008-4, and that response addresses

25   Proof of Claim No. 178406.  The claim asserts liabilities

1  associated with allegedly accrued but unpaid wages owed to

2  Ms. Rosado-Colon as a result of her employment with the

3  Telephone Company.  It also -- a portion of the claim also

4  asserted liabilities that have been transferred into ACR, and

5  that portion of the claim has been resolved in ACR.  The

6  Telephone Company, however, is not a Title III debtor, but,

7  rather, is a separate government entity that has subsequently

8  been privatized and no longer exists.

9       The response contends that the Court should not grant

10  the objection with respect to the portion of the claim

11  asserting liabilities associated with salary increases granted

12  during the time the Puerto Rico Telephone Company was in

13  existence, because, during that time, the Puerto Rico

14  Telephone Company was a public corporation.  However, neither

15  the claim nor the response provides a basis for asserting

16  liabilities against the debtors in respect of liabilities

17  purportedly owed by separate entities that have subsequently

18  been privatized.  And, for those reasons, we'd request the

19  Court sustain the objection and disallow the claim,

20  notwithstanding the response.

21       THE COURT:  Thank you.

22       My ruling is as follows:  The 382nd Omnibus Objection

23  is sustained as to Claim No. 178406, specifically as to the

24  portion of the claim that was not transferred into ACR and

25  resolved there.  That remaining portion of the claim is

1    disallowed in its entirety, because it arises from debts

2    allegedly incurred and owed by the Puerto Rico Telephone

3    Company, which was a separate entity from the Commonwealth and

4    has now been privatized.  Claim 178406 is disallowed to the

5    extent that it has not been addressed in the ACR process.

6          The next Agenda item is Number VI.10, also arising in

7    connection with the 382nd Omnibus Objection, and this is the

8    response of Ann M. Ruiz to that objection.

9          Ms. Stafford.

10         MS. STAFFORD:  Thank you, Your Honor.

11         Ms. Ruiz's response was filed on the docket at ECF

12   no. 18250, and it addresses Proof of Claim No. 176202.  That

13   claim asserts liabilities associated with allegedly accrued

14   but unpaid wages owed to Ms. Ruiz as a result of her

15   employment with the Puerto Rico Telephone Company.  The Puerto

16   Rico Telephone Company, however, was a separate government

17   entity, which has subsequently been privatized and no longer

18   exists.

19         The response contends that the Court should not grant

20   the objection, because the claim asserts liabilities

21   associated with salary increases granted while the Puerto Rico

22   Telephone Company was a public corporation, but neither the

23   claim nor the response provides a basis for asserting a claim

24   against the debtors in respect of liabilities purportedly owed

25   by the Telephone Company.  And, for those reasons, we'd

1    respectfully request the Court sustain the objection and

2    disallow the claim, notwithstanding the response.

3          THE COURT:   Thank you.

4          My ruling is as follows:   The 382nd Omnibus Objection

5    is sustained as to Claim No. 176202 filed by Ann Ruiz.   That

6    claim is disallowed in its entirety.   The claim arises from

7    debts allegedly incurred by the Puerto Rico Telephone Company,

8    which was a separate entity from the Commonwealth, and has

9    since been privatized.   Claim 176202 is disallowed in its

10   entirety.

11         The next Agenda item is Number VI.11, which is also

12   in connection with the 382nd Omnibus Objection.   It is the

13   response of Amarilis Santana-Velazquez to that objection.

14         Ms. Stafford?

15         MS. STAFFORD:   Thank you, Your Honor.

16         Ms. Santana-Velazquez's response was filed on the

17   docket at ECF no. 18265, and it addresses Proof of Claim No.

18   178024.   That claim asserts liabilities associated with

19   allegedly accrued but unpaid wages owed to

20   Ms. Santana-Velazquez as a result of her employment with the

21   Telephone Company.   It also asserts additional liabilities,

22   which have been transferred into ACR and resolved via those

23   processes.   As set forth in the reply, however, the Telephone

24   Company is not a Title III debtor, but is, instead, a -- was a

25   separate public corporation, which has subsequently been

1   privatized and no longer exists.

2          The response contends that the Court should not grant

3   the objection, because the claim asserts liabilities

4   associated with salary increases granted while the telephone

5   company was a public corporation.  However, neither the claim

6   nor the response provides a basis for asserting a claim

7   against the debtor in respect of liabilities purportedly owed

8   by the Puerto Rico Telephone Company, and, for those reasons,

9   we'd respectfully request the Court sustain the objection and

10  disallow the claim, notwithstanding the response.

11         THE COURT:  Thank you, Ms. Stafford.

12         My ruling is as follows:  The 382nd Omnibus Objection

13  is sustained as to the portion of Claim No. 178024 filed by

14  Amarilis Santana-Velazquez that has not been transferred into

15  ACR and resolved in ACR.  The remaining portion of Claim

16  178024 is disallowed in its entirety, because it arises from

17  debts allegedly incurred by the Puerto Rico Telephone Company,

18  which was a separate entity from the Commonwealth, and has now

19  been privatized.

20         The next Agenda item is Agenda Item VI.12, also in

21  connection with the 382nd Omnibus Objection.  It is the

22  response of Wilson Velazquez-Pierantoni to that objection.

23         Ms. Stafford?

24         MS. STAFFORD:  Thank you, Your Honor.

25         Mr. Velazquez-Pierantoni's response was filed on the

1   docket at ECF no. 18262, and it addresses Proof of Claim No.

2   178412.  That claim asserts liabilities associated with

3   allegedly accrued but unpaid wages purportedly owed to

4   Mr. Velazquez-Pierantoni as a result of his employment with

5   the Telephone Company.  The Puerto Rico Telephone Company,

6   however, is not a Title III debtor, and was, instead, a

7   separate public entity -- public corporation, which has

8   subsequently been privatized and no longer exists.

9          The response contends the Court should not grant the

10  objection, because the Velazquez-Pierantoni claim asserts

11  liabilities associated with salary increases granted while the

12  Puerto Rico Telephone Company was a public corporation, but

13  neither the claim nor the response provides a basis for

14  asserting a claim against the debtor in respect of liabilities

15  purportedly owed by the Puerto Rico Telephone Corporation --

16  Company, excuse me.  And for those reasons, we would

17  respectfully request the Court sustain the objection and

18  disallow the claim, notwithstanding the response.

19          THE COURT:  Thank you.

20          My ruling is as follows:  The 382nd Omnibus Objection

21  is sustained as to Claim No. 178412 filed by Wilson

22  Velazquez-Pierantoni, and that claim is disallowed in its

23  entirety.  The claim arises from debts allegedly incurred by

24  the Puerto Rico Telephone Company, which was a separate entity

25  from the Commonwealth and has now been privatized.  Claim No.

1    178412 is disallowed in its entirety.

2         The next Agenda item is Agenda Item VI.13.  It arises

3    in connection with the 393rd Omnibus Objection, and it is the

4    response of Janet Colon-Cosme to that objection.

5         Ms. Stafford.

6         MS. STAFFORD:  Thank you, Your Honor.

7         The 393rd Omnibus Objection was filed at ECF no.

8    17975, and it seeks to disallow proofs of claim filed after

9    the bar dates established by this Court's bar date orders.

10   The response was filed at ECF no. 18170, and it addresses

11   Proof of Claim Nos. 179470, 179471, and 179472.  Each of those

12   claims was filed on August 2nd, 2021, over three years after

13   the Commonwealth's bar date.

14        The response does not dispute that the claims were

15   not timely filed.  Rather, it states that Ms. Colon-Cosme

16   filed an earlier proof of claim, no. 164805.  Ms. Colon-Cosme

17   further states that she received a document in July of 2021

18   that contained a list of plaintiffs on which her name did not

19   appear, and, following receipt of that document,

20   Ms. Colon-Cosme filed the remaining proofs of claim.

21        The original proof of claim, however, was disallowed

22   as deficient on the 155th Omnibus Objection, because it did

23   not provide information sufficient to reconcile the claim.

24   Prior to objecting to the claim as deficient, the debtors sent

25   Ms. Colon-Cosme a mailing seeking additional information

1    regarding the claim, to which Ms. Colon-Costme did not

2    respond.  Ms. Colon-Cosme also did not respond to the 155th

3    Omnibus Objection.

4         To the extent that claims were submitted in an

5    attempt to provide additional information in support of the

6    Colon-Cosme claim -- of the original Colon-Cosme claim,

7    164805, Ms. Colon-Cosme does not provide any explanation as to

8    why that information was not submitted earlier in response to

9    either prior mailing requests or the earlier Omnibus

10   Objection.  Ms. Colon-Cosme also does not provide any other

11   basis for the delay in submitting the claims.  And for those

12   reasons, we'd request the Court sustain the objection and

13   disallow the claims.

14        THE COURT:  Thank you.

15        My ruling is as follows:  The 393rd Omnibus Objection

16   is sustained as to Claim Nos. 179470, 179471, and 179472 filed

17   by Janet Colon-Cosme.  Those claims are disallowed in their

18   entirety.  They were filed more than three years after the bar

19   date, and they were filed well after her original timely

20   claim, 164805, had been disallowed after she failed to respond

21   to requests for information and to respond to the 155th

22   Objection, which objected to that earlier claim as deficient.

23   So that claim was no longer on the books and not able to be

24   modified by these subsequent filings, and the subsequent

25   filings, these three claims, 179470, 179471, and 179472 were

1   filed some three years after the claim deadline.

2          There has been no explanation or justification

3   offered by way of a showing of excusable neglect or other

4   valid reason for the failure to file the claim information,

5   and the claims themselves, timely.  Claim Nos. 179470, 179471,

6   and 179472 are disallowed.

7          The next Agenda item is Number VI.14, also in

8   connection with the 393rd Omnibus Objection.  This is the

9   response of Carlos Galan-Kercado to that objection.

10          MS. STAFFORD:  Thank you, Your Honor.

11          Mr. Galan-Kercado filed a response at ECF no. 18169,

12   and that response addresses Proof of Claim Nos. 179467,

13   179468, and 179469.  Each of those proofs of claim were filed

14   on August 4th, 2021, over three years after the Commonwealth's

15   bar date.  Each of those claims also -- well, apologies.

16   Strike that.

17          The response does not dispute that the claims were

18   not timely filed, and, instead, it states that

19   Mr. Galan-Kercado filed an earlier proof of claim, 137467.

20   Mr. Galan-Kercado further states that he received a document

21   in July of 2021 containing a list of plaintiffs on which his

22   name did not appear, and, following receipt of that document,

23   Mr. Galan-Kercado filed the remaining proofs of claim.

24          The original claim filed by Mr. Galan-Kercado was

25   137467, and it was disallowed as deficient on the 127th

1    Omnibus Objection, because it did not provide information

2    sufficient to reconcile the proof of claim.  Prior to

3    objecting to the claim as deficient, the debtor sent

4    Mr. Galan-Kercado a mailing seeking additional information

5    regarding the claim, to which he did not respond, and Mr.

6    Galan-Kercado also did not respond to the 127th Omni.

7         To the extent he submitted his following claims in an

8    attempt to provide additional information in support of Claim

9    No. 137467, he did not provide any explanation as to why the

10   information was not submitted in response to either the prior

11   mailing request or the 127th Omni, and Mr. Galan-Kercado

12   provides no other explanation for the delay in submitting the

13   claims.  And, for those reasons, we would request the Court

14   disallow the claims, notwithstanding the response.

15        THE COURT:  Thank you.

16        My ruling is as follows:  The 393rd Omnibus Objection

17   is sustained as to Claim Nos. 179467, 179468, and 179469 filed

18   by Carlos Galan-Kercado.  To the extent they are an attempt to

19   supplement or cure deficiencies in Claim No. 137467, they are

20   ineffective in that that earlier claim was disallowed after

21   multiple opportunities to respond to inquiries and an

22   objection as to that claim.

23        There is no valid showing of a reason excusing or

24   justifying the late filing, which is more than three years

25   late, of the claims that are subject to this objection, and

1  they are, therefore, disallowed as late-filed.  That is Claim

2  Nos. 179467, 179468, and 179469.

3      We have already addressed the final Agenda item,

4  which is VI.15, and I would ask that the debtors file

5  appropriate proposed orders once the objections have been

6  fully addressed.

7      MS. STAFFORD:  (Nodding head up and down.)

8      THE COURT:  Ms. Stafford, is there anything further

9  that we should address together this afternoon Puerto Rico

10 time, morning New York time?

11     MS. STAFFORD:  I have nothing further, Your Honor.

12     THE COURT:  Thank you.

13     Do any other counsel have any issues to raise?  If

14 so, raise your hand on the Zoom screen.

15     I see no hands raised on the Zoom screen.  Therefore,

16 the Hearing Agenda for this Claim Objection Hearing is

17 concluded.  The next scheduled hearing is the March 23rd,

18 2022, Omnibus Hearing, which will be conducted over a

19 combination of Zoom and a listen-only telephone line.  An

20 appropriate procedural order for that hearing will be issued

21 in due course.

22     As always, I thank the court staff in Puerto Rico, in

23 Boston, and in New York for their work in preparing and

24 conducting today's hearing, and their ongoing work in support

25 of the administration of these cases under circumstances that

1  remain quite challenging.

2        Thank you, Ms. Stafford, and attending counsel.  Stay

3  safe and keep well, everyone.  We are adjourned.

4        (At 12:21 PM, proceedings concluded.)

5                          *     *     *

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1    U.S. DISTRICT COURT    )

 2    DISTRICT OF PUERTO RICO)

 3

 4        I certify that this transcript consisting of 90 pages is

 5    a true and accurate transcription to the best of my ability of

 6    the proceedings in this case before the Honorable United

 7    States District Court Judge Laura Taylor Swain, and the

 8    Honorable United States Magistrate Judge Judith Gail Dein on

 9    February 17, 2022.

10

11

12

13    S/ Amy Walker

14    Amy Walker, CSR 3799

15    Official Court Reporter

16

17

18

19

20

21

22

23

24

25
```