# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>　　　　　　　　　　Debtors.[1] | PROMESA<br><br>Title III<br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### INFORMATIVE MOTION OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD REGARDING STIPULATION WITH THE UNITED STATES OF AMERICA RELATING TO PROOF OF CLAIM NO. 167925

To the Honorable United States District Judge Laura Taylor Swain:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

("PROMESA"),[2] respectfully submits this Informative Motion in accordance with the *Stipulation Regarding, Among Other Things, (A) Approval of Setoff and Recoupment of Funds on Account and (B) Directing Payment of Surplus Funds*, by and between the Oversight Board, as representative of the Commonwealth, and the United States of America ("USA"), by and through the United States Department of Justice ("DOJ"), attached hereto as **Exhibit A** (the "Stipulation"),[3] and states as follows:

1. On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to sections 104(j) and 206 of PROMESA and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case").

2. On February 15, 2018, the Court entered an *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* (the "Bar Date Order") [Case No. 17-3283, ECF No. 2521], pursuant to which, among other things, the Court directed that creditors file proofs of claim in the Commonwealth Title III Case by the dates set forth in the Bar Date Order.

3. In accordance with the Bar Date Order, the United States Department of Homeland Security, U.S. Customs and Border Protection ("CBP") filed Proof of Claim No. 167925 (the "CBP Drawback Claim")[4] against the Commonwealth, asserting a claim in the amount of $69,795,096.29

---

[2] PROMESA has been codified at 48 U.S.C. §§ 2101–2241.

[3] Capitalized terms used herein that are not otherwise defined shall have the meanings given to them in the Stipulation or the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [Case No. 17-03283, ECF No. 19784], as applicable.

[4] The CBP Drawback Claim amended Proof of Claim No. 10355, which was previously filed by CBP on May 3, 2018.

2

for liabilities arising from refunds of duties paid on imported goods that CBP contends it should have, but did not, deduct from the Puerto Rico Trust Fund ("PRTF").

4. CBP asserts that, as of September 30, 2021, there existed a surplus amount in the PRTF in the amount of $326,547,938.12 (the "PRTF Surplus"), of which CBP asserts that $13,791,533.64 relates to duties and taxes collected in fiscal year 2016 (the "PRTF Pre-Petition Surplus").

5. On January 18, 2022, the Court entered the *Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [Case No. 17-03283, ECF No. 19813] (the "Confirmation Order"), confirming the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, dated January 14, 2021 [Case No. 17-03283, ECF No. 19784] (the "Plan"). The Oversight Board projects that the effective date of the Plan shall occur on or before March 15, 2022.

6. On February 23, 2022 (the "Stipulation Date"), the Commonwealth, by and through the Oversight Board, and the USA, by and through the DOJ, entered into the Stipulation regarding the CBP Drawback Claim.

7. As set forth in the Stipulation, the Oversight Board and the USA have agreed to, among other things, the following:

   a. On the Stipulation Date, CBP shall be authorized to set off or recoup the CBP Drawback Claim in the amount of $69,795,096.29 from the PRTF Surplus, in full consideration satisfaction, release and exchange of the liabilities asserted by the CBP Drawback Claim;

   b. From and after the Stipulation Date, the USA shall retain and hold in administrative freeze the Pre-Petition PRTF Surplus in the amount of $13,791,533.64 for possible setoff against remaining Pending Claims filed by the USA or its agencies and

    departments against the Commonwealth; <u>provided</u>, <u>however</u>, that, no setoff of the Pre-Petition PRTF Surplus shall be permitted without the express written agreement of the Oversight Board or an order of the Court, upon notice and a hearing;

c. Within fourteen (14) calendar days of the Stipulation Date, the U.S. Department of Treasury shall, by Automated Clearing House payment, remit to the Puerto Rico Department of Treasury $242,961,308.19 (the "<u>Funds</u>"), which is the balance of the PRTF Surplus in the amount of $326,547,938.12, less the CBP Drawback Claim in the amount of $69,795,096.29, and less the Pre-Petition PRTF Surplus in the amount of $13,791,533.64; and

d. Notwithstanding any provision of the Plan to the contrary, CBP shall retain the Pre-Petition PRTF Surplus solely for the purpose of setting off such Pre-Petition PRTF Surplus against any other Pending Claims filed by USA or its agencies and departments against the Commonwealth, as such Pending Claims may become Allowed Federal Claims. The Commonwealth reserves the right to seek payment of such Pre-Petition PRTF Surplus to the extent it is not subject to setoff, including, without limitation, pursuant to an order of the Court upon notice and a hearing.

8. In accordance with the Stipulation, the Funds shall be remitted to the Puerto Rico Department of Treasury no later than March 9, 2022 and be available for distributions pursuant to the Plan.

[*Remainder of page intentionally left blank*]

**WHEREFORE**, the Oversight Board respectfully requests that the Court take notice of the foregoing.

Dated: February 24, 2022
       San Juan, Puerto Rico

Respectfully submitted,

*/s/ Brian S. Rosen*
Martin J. Bienenstock
Brian S. Rosen
(Admission *pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth*

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth*

## Exhibit A

**Stipulation**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>  as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>                     Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## STIPULATION REGARDING, AMONG OTHER THINGS, (A) APPROVAL OF SETOFF AND RECOUPMENT OF FUNDS ON ACCOUNT AND (B) DIRECTING PAYMENT OF SURPLUS FUNDS

The Commonwealth of Puerto Rico (the "Commonwealth"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Commonwealth pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] on the one hand, and the United States

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

of America ("USA"), by and through the United States Department of Justice ("DOJ"), on the other hand, hereby stipulate and agree as follows:

**RECITALS**

    A.    On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to sections 104(j) and 206 of PROMESA and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case").

    B.    By operation of PROMESA and pursuant to PROMESA section 315(b), the Oversight Board is the sole representative of the Commonwealth in the Commonwealth Title III Case.

    C.    The Court has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a), and venue is proper in this District pursuant to PROMESA section 307(a).

**Proofs of Claim**

    D.    On February 15, 2018, the Court entered an *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* (the "Bar Date Order") [Case No. 17-3283, ECF No. 2521], pursuant to which, among other things, the Court directed that creditors file proofs of claim in the Title III cases by the dates set forth in the Bar Date Order.

    E.    In accordance with the Bar Date Order, USA, including without limitation, departments and agencies thereof, filed various proofs of claim against the Commonwealth in liquidated, unliquidated and contingent amounts. While many such proofs of claim have been

subsequently withdrawn, set forth on Exhibit "A" hereto is a list of proofs of claim that remain pending as of the date hereof (collectively, the "Pending Claims").

F. Pursuant to 48 U.S.C. § 740, the United States Department of Homeland Security, U.S. Customs and Border Protection ("CBP") administers the Puerto Rico Trust Fund ("PRTF"), whereby CBP collects duties and taxes in Puerto Rico for merchandise entering from foreign locations and deposits such collections into the PRTF, less the costs of collecting such amounts. Surplus amounts in the PRTF, following the application of applicable deductions, are paid to the Puerto Rico Department of Treasury ("Hacienda").

G. Pursuant to 19 U.S.C. § 1313, importers may, under certain circumstances, be entitled to receive refunds of duties paid on imported goods (collectively, "drawback claims"). As part of the costs of collecting duties and taxes, CBP deducts from the PRTF any drawback claims it has paid for merchandise entering Puerto Rico. CBP contends that, from 1998 to 2015, CBP failed to make the appropriate deductions from the PRTF for drawback claims paid for merchandise entering Puerto Rico prior to paying any surplus amount in the PRTF to Hacienda.

H. In connection with the foregoing, one of the Pending Claims, Proof of Claim No. 167925 (the "CBP Drawback Claim"),[3] was filed by CBP against the Commonwealth, asserting a claim in the amount of $69,795,096.29 for liabilities arising from drawback claims that CBP contends it should have, but did not, deduct from the PRTF.

I. CBP asserts that, as of September 30, 2021, there existed a surplus amount in the PRTF in the amount of $326,547,938.12 (the "PRTF Surplus"), of which, CBP asserts that

---

[3] The CBP Drawback Claim amended Proof of Claim No. 10355, which was previously filed by CBP on May 3, 2018.

$13,791,533.64 relates to duties and taxes collected in fiscal year 2016 (the "PRTF Pre-Petition Surplus").

**Plan of Adjustment**

    J.    On January 14, 2022, the Oversight Board filed *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [Case No. 17-03283, ECF No. 19784] (the "Plan").

    K.    On January 18, 2022, the Court entered its *Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [Case No. 17-03283, ECF No. 19813].

    L.    Section 73.1 of the Plan provides as follows:

> Treatment of Federal Claims: On the later of occur of (a) the Effective Date and (b) the date on which a Federal Claim shall become an Allowed Claim, the Reorganized Debtors shall (i) in their sole and absolute discretion, and in full consideration, satisfaction, release and exchange of an Allowed Federal Claim, (1) pay to each holder of an Allowed Federal Claim, in Cash, the full amount of such Allowed Federal Claim, (2) satisfy and discharge such Allowed Federal Claim in accordance with the terms and conditions of such documents evidencing such Allowed Federal Claims or (3) pay to each holder of an Allowed Federal Claim, in Cash, the full amount of such Allowed Federal Claim in forty (40) equal amount installments, with such payments commencing on the third (3rd) anniversary of the Effective Date and continuing on each anniversary thereafter, or (ii) satisfy and discharge such Allowed Federal Claims on such terms as the Reorganized Debtors and the holder of any such Allowed Federal Claim shall agree.

    M.    Section 77.1 of the Plan, entitled "Setoffs", provides in pertinent part as follows:

> nothing contained herein is intended to limit the ability of any Creditor to effectuate rights of setoff or recoupment preserved or permitted by the provisions of sections

    553, 555, 559, or 560 of the Bankruptcy Code or pursuant to the common law right of recoupment.

N. The Oversight Board projects that the effective date of the Plan shall occur during the period of March 1-15, 2022.

O. The parties hereto seek to permit the setoff and/or recoupment of the CBP Drawback Claim in the amount of $69,795,096.29 from the PRTF Surplus and to cause the return of the remaining PRTF Surplus to the Commonwealth, less the PRTF Pre-Petition Surplus in the amount of $13,791,533.64.

**NOW, THEREFORE,** in consideration of the foregoing, the parties hereby agree as follows:

**AGREEMENT**

1. This stipulation (the "Stipulation") shall become effective upon execution by the parties hereto (the "Stipulation Date"); provided, however, that, within three (3) business days of the Stipulation Date, the Oversight Board shall file an informative motion with the Court advising the Court of the terms hereof.

2. From and after the date hereof, the Oversight Board and the DOJ, as representative of certain of the USA agencies and departments, shall continue to use their reasonable best efforts to reconcile Pending Claims. To the extent not withdrawn, Allowed Federal Claims, as defined in the Plan, shall be treated in accordance with the terms and provisions of Section 73.1 of the Plan.

3. On the Stipulation Date, CBP shall be authorized to set off or recoup the CBP Drawback Claim in the amount of $69,795,096.29 from the PRTF Surplus, in full consideration satisfaction, release and exchange of the liabilities asserted by the CBP Drawback Claim.

4. From and after the Stipulation Date, the USA shall retain and hold in administrative freeze the Pre-Petition PRTF Surplus in the amount of $13,791,533.64 for possible setoff against remaining Pending Claims; <u>provided</u>, <u>however</u>, that, no setoff of the Pre-Petition PRTF Surplus shall be permitted without the express written agreement of the Oversight Board or an order of the Court, upon notice and a hearing.

5. Within one (1) business day of the Stipulation Date, the Oversight Board shall provide Automated Clearing House (ACH) payment instructions on U.S. Department of Treasury SF 3881 to the DOJ for the delivery of the funds contemplated to be transferred to Hacienda in accordance with the provisions of decretal paragraph 6 hereof.

6. Within fourteen (14) calendar days of the Stipulation Date, the U.S. Department of Treasury shall, by ACH payment, remit to Hacienda $242,961,308.19, which is the balance of the PRTF Surplus in the amount of $326,547,938.12, less the CBP Drawback Claim in the amount of $69,795,096.29, and less the Pre-Petition PRTF Surplus in the amount of $13,791,533.64.

7. Notwithstanding any provision of the Plan to the contrary, CBP shall retain the Pre-Petition PRTF Surplus solely for the purpose of setting off such Pre-Petition PRTF Surplus against any other Pending Claims filed by USA or its agencies and departments against the Commonwealth, as such Pending Claims may become Allowed Federal Claims. The Commonwealth reserves the right to seek payment of such Pre-Petition PRTF Surplus to the extent

it is not subject to setoff, including, without limitation, pursuant to an order of the Court upon notice and a hearing.

8. Upon the Commonwealth's receipt of $242,961,308.19 in accordance with the terms and provisions of decretal paragraph 6 hereof, the Commonwealth shall be deemed to have released, acquitted and discharged the USA, its agencies, departments, officers, agents, and its successors and assigns from any claims, damages, actions, suits, causes of action, rights, liens, demands, obligations and/or liabilities solely arising from or relating to the PRTF Surplus as of September 30, 2021; provided, however, that nothing contained herein shall be deemed to release the obligations of the USA set forth in this Stipulation or arising under the PRTF during the period from and after October 1, 2021.

9. Upon the Stipulation Date, the CBP Drawback Claim in the amount of $69,795,096.29 shall be deemed satisfied and resolved pursuant to the terms of this Stipulation. In connection therewith, the Debtors' claims and noticing agent, Prime Clerk, LLC, and the Clerk of the Court are authorized and directed to update the Commonwealth claims register maintained in the Commonwealth Title III Case to reflect the resolution of the CBP Drawback Claim, including, without limitation, the removal of Proof of Claim No. 167925 from the claims register.

10. The parties represent and warrant that they are duly authorized to enter into and be bound by this Stipulation. Nothing herein shall impair any right, power, or obligation or be considered a waiver of any such right, power or obligation the parties hereto have with respect to any valid and existing agreements between the parties hereto, which agreements remain in full force and effect and are not modified hereby.

11. Each party hereto agrees that it has fully participated in the drafting of this Stipulation. The rule of law that provides that ambiguities will be construed against the drafting party in interpreting written instruments shall be inapplicable to resolve any disputes over the meaning or intent of this Stipulation or any of its provisions.

12. This Stipulation is the full and complete agreement of the parties with respect to the matters set forth herein, and each party has entered into this Stipulation voluntarily and without duress.

13. This Stipulation shall be binding on the parties' successors and assigns.

14. Nothing in this Stipulation shall limit or impair in any way the USA's right to setoff or recoup any additional amounts it may determine are owed to the Commonwealth against the Pending Claims, and any such right is expressly preserved. The Commonwealth reserves any and all claims and defenses to the assertion of any rights by the USA.

15. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Stipulation.

16. This Stipulation may be executed in multiple counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which will be deemed an original, but all of which together will constitute one instrument.

[*Remainder of page intentionally left blank*]

**STIPULATED AND AGREED TO BY:**

**PROSKAUER ROSE LLP**

*/s/ Brian S. Rosen*
Martin J. Bienenstock (pro hac vice)
Brian S. Rosen (pro hac vice)

Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

**O'NEILL & BORGES LLC**

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García-Benítez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth*

BRIAN BOYNTON
Acting Assistant Attorney General

W. STEPHEN MULDROW
United States Attorney

*/s/* Matthew J. Troy
RUTH A. HARVEY
MICHAEL J. QUINN
MATTHEW J. TROY
USDC-PR #G02707
Attorneys, Civil Division
U.S. Department of Justice
P.O. Box 875
Ben Franklin Station
Washington, D.C. 20044-0875
(202) 514-9038
(202) 307-0494
matthew.troy@usdoj.gov

*Attorneys for the United States of America*

# EXHIBIT A

## SCHEDULE OF PENDING CLAIMS

| Claim No. | Asserted Creditor | Claim Amount |
|---|---|---|
| 7200 | U.S. Department of Homeland Security | $755.52 |
| 39829 | U.S. Department of Housing and Urban Development | $810,114.47 |
| 44151 | U.S. Department of Housing and Urban Development | $7,958,752.00 |
| 30693 | U.S. Army Corps of Engineers | $41,564,083.37 |
| 36062 | U.S. Army Corps of Engineers | $3,306,962.57 |
| 36095 | U.S. Army Corps of Engineers | $212,302,809.85 |
| 41138 | U.S. Army Corps of Engineers | $3,385,347.00 |
| 42189 | U.S. Army Corps of Engineers | $8,904,028.34 |
| 16732 | U.S. Department of Housing and Urban Development | $64,813,000.00 |
| 16834 | U.S. Department of Housing and Urban Development | $20,111.00 |
| 120662 | U.S. Department of Treasury - Internal Revenue Service | $2,483,293.07 |
| 7944 | DHS Citizenship & Immigration Service | $2,306.19 |
| 26548 | Federal Aviation Administration | $917.000.00 |
| 7746 | Federal Law Enforcement Training Center | $1,779.10 |
| 19088 | National Highway Traffic Safety Administration | $5,915,927.00 |
| 28734 | Social Security Administration | $276,928.00 |
| 16683 | U.S. Department of Labor | $20,677.89 |
| 8644 | U.S. Department of Labor | $36,558.71 |
| 8677 | U.S. Department of Labor | $4,475.54 |
| 28670 | U.S. Environment Protection Agency | Unliquidated |
| 167925 | U.S. Customs and Border Protection – U.S. Department of Homeland Security | $69,795,096.29 |
| 34365 | U.S. Department of Housing and Urban Development | $12,593,433.00 |