IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| *In re*:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br>Case No. 17-BK-3283-LTS<br>(Jointly Administered) |
| *In re*:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br>Case No. 17-BK-4780-LTS |

**RESPONSE AND RESERVATION OF RIGHTS OF ASSURED GUARANTY CORP. AND ASSURED GUARANTY MUNICIPAL CORP. TO THE URGENT MOTION OF THE AD HOC GROUP OF PREPA BONDHOLDERS PURSUANT TO SECTION 315 OF PROMESA AND SECTION 105 OF THE BANKRUPTCY CODE TO COMPEL MEDIATION AND IMPOSE DEADLINES FOR A PREPA PLAN OF ADJUSTMENT**

Assured Guaranty Corp. and Assured Guaranty Municipal Corp. ("**Assured**") respectfully submit this response to and reservation of rights regarding the *Urgent Motion of the Ad Hoc Group of PREPA Bondholders Pursuant to Section 315 of PROMESA and Section 105 of*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

*the Bankruptcy Code to Compel Mediation and Impose Deadlines for a PREPA Plan of Adjustment* (ECF No. 20174) (the "**Motion**"), and respectfully state as follows:

1. On May 3, 2019, the Government Parties,[2] Assured, and the Ad Hoc Group executed the Definitive Restructuring Support Agreement (the "**RSA**"), which provides for the exchange of PREPA's revenue bonds for securitization bonds at a discount. *See* Motion ¶ 15.[3] Shortly thereafter, on May 10, 2019, the Oversight Board filed the 9019 Motion. *See id.* Prosecution of the 9019 Motion has been delayed.

2. The Oversight Board has repeatedly affirmed its commitment to the RSA and, in January 2022, stated that it "has determined at this point to move forward with the settlement set forth in the RSA." *See Status Report of Government Parties Regarding COVID-19 and 9019 Motion*, Case No. 17-bk-4780-LTS, ECF No. 2691 ¶¶ 7-8.

3. On February 18, 2022, the Ad Hoc Group filed the Motion, which requests the entry of an order that (i) appoints the Honorable Barbara J. Houser (Ret.) as mediator in PREPA's Title III case to "facilitate negotiations among the Oversight Board and the Ad Hoc Group" regarding implementation of the securitization transactions without legislation and (ii) imposes certain deadlines regarding the filing and prosecution of a plan of adjustment for PREPA. Motion ¶ 7.

4. The Ad Hoc Group contends that mediation is warranted to address what the Ad Hoc Group calls "Plan B": "an alternative path forward on the RSA if [certain] required legislation is not passed." Motion ¶ 40-41. The Ad Hoc Group maintains that the issues to be addressed in any such mediation would be limited and discrete, and would address implementing the RSA without legislation. *See id.* ¶ 26, 40.

---

[2] Capitalized terms used, but not otherwise defined herein shall have the meanings given to them in the Motion.

[3] As noted in the Motion, National and Syncora subsequently joined the RSA in September 2019. *See* Motion ¶ 15.

5. Assured shares the Ad Hoc Group's and the Government Parties' desire to move forward with the RSA and to accordingly move as expeditiously as possible towards completion of PREPA's Title III case. Assured also agrees with the Ad Hoc Group that any mediation should be "short and targeted." *See id.* ¶¶ 26, 40. The mediation should focus on implementation of the RSA without legislative approval (if legislation is not forthcoming), while preserving the economics of the RSA.[4]

6. Rather than use mediation solely to "facilitate negotiations among the Oversight Board and the Ad Hoc Group" (*see* Motion ¶ 7), Assured requests that mediation should include all parties with consent rights over amendments, modifications, waivers, or supplements to the RSA. Section 13 of the RSA requires the consent of "the Super Majority Holders, after consultation with the Consulting Parties" to any amendments, supplements, waivers, or modifications to the RSA (including all exhibits and attachments thereto). *See* RSA § 13(a).[5] As defined in the RSA, the term "Super Majority Holders" means "the Super Majority Uninsured Holders ***and Assured***." RSA §1(a)(cxvii) (emphasis added).[6]

7. Accordingly, any order entered regarding mediation should specifically include Assured, the other Super Majority Holders, and the Consulting Parties (as such terms are defined in the RSA) as participants. Proposed changes to the Ad Hoc Group's Proposed Order are attached hereto as **Exhibits B and C.** Assured stands ready to work collaboratively with the other PREPA bondholder parties and the Government Parties, as it has repeatedly done in the past.

---

[4] The Ad Hoc Group notes that it is "not seeking to renegotiate the RSA to account for Puerto Rico's improved economic circumstances," and that it "remains committed to the deal it struck nearly four years ago." Motion ¶ 42.

[5] A copy of the RSA is attached hereto as **Exhibit A**.

[6] The term "Super Majority Uninsured Holders" means Ad Hoc Group members that beneficially own or control at least two-thirds in principal amount of the aggregate amount of uninsured bonds beneficially owned or controlled by the Ad Hoc Group members as of the date of such determination. RSA § 1(a)(cxviii).

8. Assured reserves all rights with respect to the issues raised in the Motion, including the right to be heard at any hearing on the Motion.

Dated: New York, New York
February 25, 2022

| CASELLAS ALCOVER & BURGOS P.S.C. | CADWALADER, WICKERSHAM & TAFT LLP |
|---|---|
| By: /s/ *Heriberto Burgos Pérez* <br> Heriberto Burgos Pérez <br> USDC-PR 204809 <br> Ricardo F. Casellas-Sánchez <br> USDC-PR 203114 <br> Diana Pérez-Seda <br> USDC-PR 232014 <br> P.O. Box 364924 <br> San Juan, Puerto Rico 00936-4924 <br> Telephone: (787) 756-1400 <br> Facsimile:(787) 756-1401 <br> Email:hburgos@cabprlaw.com <br> rcasellas@cabprlaw.com <br> dperez@cabprlaw.com <br><br> Attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp. | By: /s/ *Howard R. Hawkins, Jr.* <br> Howard R. Hawkins, Jr.* <br> Mark C. Ellenberg* <br> William J. Natbony* <br> Thomas J. Curtin* <br> Casey J. Servais* <br> 200 Liberty Street <br> New York, New York 10281 <br> Telephone: (212) 504-6000 <br> Facsimile: (212) 504-6666 <br> Email: howard.hawkins@cwt.com <br> mark.ellenberg@cwt.com <br> bill.natbony@cwt.com <br> thomas.curtin@cwt.com <br> casey.servais@cwt.com <br><br> * Admitted pro hac vice <br><br> Attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp. |

## **CERTIFICATE OF SERVICE**

I hereby certify that, in accordance with the Court's notice regarding emergency procedures during the CM/ECF Unavailability Period,[7] I emailed this document electronically to the Clerk of the Court at promesa-emfiling@prd.uscourts.gov and copied all interested parties. I further certify that I will file this document electronically using the CM/ECF System as soon as practicable following the conclusion of the CM/ECF Unavailability Period, which will send notification of such filing to all parties of record in the captioned case.

At New York, New York, the 25th day of February, 2022.

By: /s/ *Howard R. Hawkins, Jr.*
Howard R. Hawkins, Jr.*
* Admitted pro hac vice

---

[7] *See Notice to All Case Participants Concerning CM/ECF Unavailability,* ECF No. 20160 in Case No. 17-03283-LTS.