**Exhibit B:**

**Proposed Order**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| *In re*: <br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br>as representative of <br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*., <br><br>Debtors.[1] | PROMESA <br> Title III <br> Case No. 17-BK-3283-LTS <br> (Jointly Administered) |
| *In re*: <br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br>as representative of <br><br>PUERTO RICO ELECTRIC POWER AUTHORITY, <br><br>Debtor. | PROMESA <br> Title III <br> Case No. 17-BK-4780-LTS <br><br> **Court Filing Relates Only to PREPA and Shall Only Be Filed in Case No. 17 BK 4780- LTS and Main Docket 17 BK 3283-LTS** |

### ORDER GRANTING URGENT MOTION OF THE AD HOC GROUP OF PREPA BONDHOLDERS PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE TO APPOINT A MEDIATOR

Upon consideration of the Urgent Motion of the Ad Hoc Group of PREPA Bondholders Pursuant to Section 312 of PROMESA and Section 105 of the Bankruptcy Code to Appoint a Mediator and Impose Deadlines for a PREPA Plan of Adjustment (ECF No. _) (the "Motion")[2]; and the Court having found and determined that (i) the Court has jurisdiction to consider the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Motion and the relief requested therein; and (ii) venue is proper before this Court pursuant to PROMESA section 307(a); and (iii) due and proper notice of this Motion has been provided under the particular circumstances and no other or further notice need be provided; and (iv) the objections to the Motion having been withdrawn, resolved or overruled; and (v) the relief requested in the Motion being in the best interests of the debtor's estate, its creditors and other parties in interest; and (vi) this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and (vii) after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Honorable Barbara J. Houser (Ret.) is appointed as mediator (the "Mediator") for the purpose of mediating an alternative path forward for implementing the RSA if certain required legislation is not passed.

3. Except as otherwise provided herein, the Parties to the RSA (as defined in the RSA) are referred to mediation (the "Initial Mediation Parties") in order to attempt to resolve any disputes among them on the terms of an acceptable plan of adjustment for PREPA; provided, that Supporting Holders (as defined in the RSA) that are not the Super Majority Holders or the Consulting Parties (as such terms are defined in the RSA) may be invited, but are not required, to attend mediation. The Initial Mediation Parties shall, at a minimum, include the Super Majority Holders and the Consulting Parties (as such terms are defined in the RSA), and such parties shall be mandatory participants in the mediation. If an agreement is reached among some or all of the Initial Mediation Parties and other PREPA creditors wish to participate in plan mediation, those parties may give notice to the Mediator and the Initial Mediation Parties of their interest in participating in plan mediation in order to broaden support

for any PREPA plan of adjustment to be filed by the Oversight Board. The Mediator is authorized to require the Oversight Board and the Commonwealth of Puerto Rico to participate in further mediation with additional PREPA creditors if she believes that further mediation may broaden support for a PREPA plan of adjustment to be filed by the Oversight Board.

4. The Mediator shall consult with the Initial Mediation Parties and any further parties allowed to participate in mediation on matters concerning the mediation, including, without limitation: (a) the structure and timing of mediation procedures, including, without limitation, the attendance of specific parties at particular mediation sessions; and (b) the timing, general content, and manner of any submissions to the Mediator. In addition, the Rules of Mediation attached hereto as **Exhibit 1** are approved and shall be binding on all parties who participate in mediation pursuant to this Order.

5. The Mediator shall file progress reports with the Court at the end of each calendar month following the entry of this Order advising if progress is being made in mediation and if the Mediator recommends continuation of the mediation process. If at any time the Mediator believes that further mediation is not likely to achieve agreement on the terms of an acceptable PREPA plan of adjustment among sufficient parties to warrant further mediation, the Mediator shall file her final report so advising the Court, at which time the Court shall enter an order terminating mediation.

6. PREPA is responsible for the timely payment of the fees and expenses of the Mediator, which shall be payable on the terms set forth herein without further application to or order of the Court. The Mediator will charge for her mediation services on an hourly basis at the hourly rate of $1,665.00. The Mediator will not be required to keep time on a detailed basis given mediation confidentiality concerns, but will rather represent to PREPA the aggregate

hours spent on a given day by date with a general description of the work undertaken on such day. The Mediator shall also be entitled to be reimbursed for all actual and necessary out-of-pocket expenses she incurs, including, without limitation, copies, outside printing, telephone, online research, delivery services, postage, out-of-town travel (airline transportation, ground transportation, parking, hotel, and meals). The Mediator shall submit her billing statement to PREPA by the 10th day of the month, starting with the month following the entry of this Order. Expense reimbursement requests in excess of $50.00 shall be supported by receipts. PREPA shall pay the amounts requested by the Mediator in her monthly billing statement within 10 business days after receipt by PREPA of such monthly billing statement and the amounts requested by the Mediator (both fees and expenses) shall be paid without withholding or deduction. Monthly statements of the Mediator shall be emailed to PREPA c/o Maria DiConza of O'Melveny & Myers LLP and are deemed to have been received by PREPA on the date of email transmittal by the Mediator.

7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

8. For good cause shown, any party in interest may seek appropriate relief from this Order.

9. Nothing in this Order shall affect the rights, claims and obligations of the parties to the RSA, all of which rights, claims and obligations are fully preserved.

10. The terms of and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

12. This Order resolves ECF No. [ ] in Case No. 17-4780.

SO ORDERED.

Date: _____, 2022

_____
**HONORABLE LAURA TAYLOR SWAIN**
**UNITED STATES DISTRICT JUDGE**

5

## **Exhibit 1**

Mediation Rules

## RULES FOR MEDIATION

1. **Agreement of Parties** – Any party participating in the mediation shall be deemed to have agreed to these rules and will comply fully with them.

2. **Representation** – Any party participating in the mediation shall be represented by counsel and other advisor(s) of its choice. The name and email address of such person(s) shall be communicated in writing to all other participating parties and the Mediator.

3. **Date, Time and Place of Mediation** – The Mediator shall consult with the parties before determining the date, time and place of mediation sessions, whether in-person or virtual. However, the Mediator shall have discretion to set the date, time and place of any mediation session after such consultation.

4. **Authority of Mediator** – The Mediator does not have the authority to impose a settlement on the parties but will attempt to help them reach a satisfactory resolution of their dispute(s). The Mediator is authorized to conduct joint and separate meetings with the parties and to make oral and written recommendations for settlement. Whenever necessary the Mediator may also obtain expert advice concerning technical aspects of any dispute, provided that the parties agree and PREPA shall assume the expense of obtaining such advice. Arrangements for obtaining such advice shall be made by the Mediator or the parties, as the Mediator shall determine. The Mediator is authorized to end a mediation session whenever, in the judgment of the Mediator, further efforts at mediation would not contribute to a resolution of the dispute(s) among the parties.

5. **Privacy; Mediation Sessions are Private** – The mediation parties and their advisors may attend mediation sessions. Other persons may attend mediation sessions only with the agreement of the other mediation parties and the Mediator.

6. **Confidentiality** – All mediation sessions are confidential. Confidential information disclosed to the Mediator by the parties in the course of the mediation shall not be divulged by the Mediator. All records, reports, or other documents received by the Mediator shall be confidential. The Mediator shall not be compelled to divulge such records or testify in regard to the mediation in any adversary proceeding or judicial forum. The parties shall maintain the confidentiality of the mediation and shall not rely on, or introduce as evidence in any judicial or other proceeding: (a) views expressed or suggestions made by another party with respect to a possible settlement of any dispute in the course of mediation proceedings; (b) admissions made by another party in the course of the mediation proceedings; (c) proposals made or views expressed by any other party or the Mediator in the course of mediation proceedings; or (d) the fact that another party had or had not indicated willingness to accept a proposal for settlement made by another party or the Mediator in the course of mediation proceedings.

7. **No Stenographic Record** – There shall be no stenographic record, or any other record, made of any mediation session.

8. **Exclusion of Liability** – The Mediator is not a necessary party in judicial proceedings relating to the mediation. The Mediator shall not be liable to any party for any act or omission in connection with any mediation conducted under these rules.

9. **Interpretation and Application of Rules** – The Mediator shall interpret and apply these rules insofar as they relate to the Mediator's duties and responsibilities.