## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**Re: ECF Nos. 18239, 18277, 18253,<br>18286, 19131, 19372, 19376, 19591,<br>19615, 20021, 20026**<br><br>(Jointly Administered) |

### URGENT OMNIBUS
### MOTION[2] FOR EXTENSION OF DEADLINES

To the Honorable United States District Judge Laura Taylor Swain:

The Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), on behalf of the Commonwealth of Puerto Rico (the "Commonwealth"), pursuant to the authority granted to it under the *Enabling Act of the Fiscal Agency and Financial Advisory Authority*, Act 2-2017, respectfully submits this urgent omnibus motion (the "Urgent Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), extending the

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]   Prior to the filing of this Urgent Motion, the undersigned have notified Movants' counsel of their intent to seek the relief detailed herein, and the Commonwealth anticipates that the Movants will object to the same.

deadlines set forth in the *Order Granting Urgent Omnibus Consented Motion for Extension of Deadlines* (the "Omnibus Scheduling Order")[3] [ECF No. 20026].

### Background

1.      On September 24, 2021, two (2) separate groups of employees (collectively, the "DTOP Movants") of the Puerto Rico Department of Transportation & Public Works ("DTOP," for its initials in Spanish), an entity of the Commonwealth, filed an *Urgent Motion Requesting Order for Allowance and Immediate Payment of Administrative Expense* [ECF No. 18239] (the "DTOP Motion"), requesting that the Court enter an order (i) for "the allowance and payment of Juan Perez Colon and Jeannette Abrams Diaz Claims, in the total amount (collectively of $48,124,313.58", (ii) "ordering Debtor to pay such administrative expense within sixty (60) business days" of such order, (iii) directing the Court to direct the DTOP to continue "issuing payment of corresponding shortfall amounts on a monthly basis, as applicable to the individual claimants that continue working for the DTOP; and (iv) granting "such additional relief as this Court deems just and necessary". See, *DTOP Motion* at p. 18-19.

2.      On September 28, 2021, twenty (20) active employees (the "ADFAN Movants" and together with the DTOP Movants, the "Movants") of the Family with Children Administration ("ADFAN"), an entity of the Commonwealth, filed an *Urgent Motion for Allowance and Immediate Payment of Administrative Expense Pursuant to Section 503(b)(1)(A)(i) and (ii) of the Bankruptcy Code* [ECF No. 18277] (the "ADFAN Motion" and together with the DTOP Motion, the "Motions"), requesting that the Court enter an order (i) for the "allowance and payment of the Administrative Claim submitted, collectively, in the total amount of $34,243,964.57", (ii)

---

[3]  The Financial Oversight and Management Board for Puerto Rico, as the Commonwealth's representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), has authorized AAFAF to file this Second Urgent Motion on behalf of the Commonwealth.

"ordering Debtor . . . to pay such administrative expense within sixty (60) business days" of such

order, and (iii) granting "such other and further relief as the Court deems just and proper and

granting such additional relief as this Court deems just and necessary." See, *ADFAN Motion* at pp.

17. Both Motions assert separate justifications and amounts owed for, on the one hand, alleged

services provided prior to the commencement of the Commonwealth's Title III case (collectively,

the "Pre-Petition Portion(s)"), and, on the other hand, for alleged services provided or other

entitlement to payment on or after the commencement of the Commonwealth's Title III case

(collectively, the "Post-Petition Portion(s)"). See, *DTOP Motion* at pp. 6-7, ¶. 19 A., B.; see also,

*ADFAN Motion* at p. 6, ¶ 18.

3.      Pursuant to the Omnibus Scheduling Order, the deadline for the Commonwealth to

separately respond to each of the Motions is February 28, 2022, and the deadline for the Movants

to file replies, if any, to such responses is March 15, 2022. The Commonwealth reached out to

Movants for their consent to extend the deadlines, but such request was denied.

## Relief Requested

4.      The Commonwealth respectfully requests the deadlines to respond to the Post-

Petition Portions of both Motions be extended to March 30, 2022.

5.      Good cause exists for the requested extensions. Since the filing of the Motions, the

Commonwealth has continued **(i)** evaluating the allegations of the Movants raised in the Motions

and **(ii)** gathering information to properly assess which portions, if any, can be consensually

resolved.

6.      Although the Commonwealth has considerably advanced in the process of

gathering the necessary information to properly evaluate the allegations in the Motions, such

process is still ongoing and the Commonwealth needs additional time to gather information and finalize its analysis.

7.      Specifically, the Commonwealth has conducted multiple internal reviews of their books and records to evaluate the merits—or lack thereof—of the claims made in the Motions for the periods included therein. Such analysis, among other things, entailed a corroboration of whether the 307 DTOP Movants pertaining the Post-Petition Portion of the DTOP Motion were active in the DTOP for the periods for which relief was sought. At this juncture, the Commonwealth is in the process of evaluating information in order to finalize its internal review.

8.      The Commonwealth has also commenced its review of the allegations of the ADFAN Movants, and has requested additional information and documentation from the ADFAN Movants to be able to properly evaluate their allegations. Counsel for the ADFAN Movants forwarded such additional information and documentation on February 17, 2022, and the same is still being evaluated internally by the Commonwealth.

9.      While working with their evaluation of the allegations and claims in the Motions, both the DTOP and ADFAN personnel have also continued working with their regular labor responsibilities to continue their respective agencies' ordinary course of business.

10.     Since the entry of the Omnibus Scheduling Order, Commonwealth counsel have relayed status updates to Movants' counsel on no less than four (4) occasions. However, the Commonwealth reached out to Movants for their consent to extend the deadlines of the Omnibus Scheduling order, but such request was denied.

11.     At this juncture, the Commonwealth and Movants have reached an impasse as to their legal positions regarding whether the Pre-Petition Portions of the Motions are entitled to

administrative expense status pursuant to 11 U.S.C. §503(b)(1)(A)[4]. In light of such impasse, the Commonwealth intends to file respective oppositions to the Pre-Petition Portions of the Motions on or before February 28, 2022.

12.     Accordingly, the Commonwealth proposes the following extensions of the deadlines set forth in the Omnibus Scheduling Order:

- The deadline for the Commonwealth to separately respond to the Post-Petition Portions of the Motions shall be extended to **March 30, 2022**.

- The deadline for Movants to file replies to the respective oppositions to the Post-Petition Portions of the Motions, if any, shall be extended to **April 14, 2022**.

- Although the deadlines to respond to the Post-Petition Portions of the Motions and to file replies to the respective oppositions, if any, will fall on the same dates, such pleadings will be addressed separately.

- The Court will thereafter take the Post-Petition Portions of the Motions on submission, unless the Court determines that a hearing is necessary.

13.     The Commonwealth respectfully submits the requested extension will not prejudice Movants. If Movants' asserted claims for the Post-Petition Portions are ultimately allowed, Movants will receive payment on a similar timeframe as other similarly-situated claimants pursuant to the terms of the Commonwealth's plan of adjustment (the "Plan").[5] On January 18, 2022, the Court entered an order [ECF No. 19813] (the "Confirmation Order"), which, among other things, confirmed the Plan and established the deadline to file administrative expense claims

---

[4]   See, *Objection* filed on November 5, 2021 [ECF No. 19091] which pertains to a substantially similar legal issue as the one in the Pre-Petition Portions of the Motions.

[5]   *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 19813-1 Ex. A].

as ninety (90) days after the Effective Date of the Plan. Confirmation Order ¶ 44. The Commonwealth projects that the Effective Date will occur on or before March 15, 2022. Section 82.1 of the Plan provides that the Reorganized Debtors shall have one hundred eighty (180) days following the Effective Date of the Plan to object to Claims.[6] Plan § 82.1. Assuming a March 15, 2022 Effective Date, similarly-situated administrative expense claimants may not be paid until after September 11, 2022 (180 days after March 15, 2022). Accordingly, if the requested relief is granted, Movants will be treated no less equitably than other administrative expense claimants and well within the parameters established by the confirmed Plan.

14.    Pursuant to Paragraph I.H of the *Sixteenth Amended Notice, Case Management and Administrative Procedures* [ECF No. 20190-1] (the "Case Management Procedures"), the Commonwealth hereby certifies that it has carefully examined the matter and concluded that there is a true need for an urgent motion; it has not created the urgency through any lack of due diligence; has made a bona fide effort to resolve the matter without a hearing; has made reasonable, good-faith communications in an effort to resolve or narrow the issues that are being brought to the Court, but Movant has not consented to the relief requested herein. As mentioned above, the Commonwealth anticipates that Movants will object to the relief sought in this Urgent Motion.

## Notice

15.    The Commonwealth has provided notice of this Urgent Motion in accordance with the Case Management Procedures to the following parties: (a) the Office of the United States

---

[6]    A "Claim" is defined in the Plan as "[a]ny right to payment or performance, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, known or unknown or asserted or unasserted; or any right to an equitable remedy for breach or enforcement of performance, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured, and all debts, suits, damages, rights, remedies, losses, liabilities, obligations, judgments, actions, Causes of Action, demands, or claims of every kind or nature whatsoever, in law, at equity, or otherwise." Plan § 1.135.

Trustee for the District of Puerto Rico; (b) the indenture trustees and/or agents, as applicable, for

the Debtors' bonds; (c) the entities on the list of creditors holding the 20 largest unsecured claims

against COFINA; (d) counsel to the statutory committees appointed in these Title III cases; (e) the

Office of the United States Attorney for the District of Puerto Rico; (f) counsel to the Oversight

Board; (g) the Puerto Rico Department of Justice; (h) all parties filing a notice of appearance in

these Title III cases; and (i) Movants. A copy of the Urgent Motion is also available on the

Commonwealth's case website at https://cases.primeclerk.com/puertorico/.

16.    The Commonwealth submits that, in light of the nature of the relief requested, no

other or further notice need be given.

**WHEREFORE**, the Commonwealth requests the Court enter the Proposed Order and

grant such other relief as is just and proper.

Dated: February 25, 2022
San Juan, Puerto Rico


Respectfully submitted,

*/s/ Luis C. Marini-Biaggi*
Luis C. Marini-Biaggi
USDC No. 222301
Email: lmarini@mpmlawpr.com

*/s/ Carolina Velaz-Rivero*
Carolina Velaz-Rivero
USDC No. 300913
Email: cvelaz@mpmlawpr.com

**MARINI PIETRANTONI MUÑIZ LLC**
250 Ponce de León Ave.
Suite 900
San Juan, Puerto Rico 00918
Tel: (787) 705-2171
Fax: (787) 936-7494
*Attorneys for the Puerto Rico Fiscal
Agency and Financial Advisory Authority*

**Exhibit A**
**Proposed Order**