# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**Re: ECF Nos. 17134, 17146, 17138, 17793, 17797, 18011, 18019, 18071, 18090, 18183, 18186, 18282, 18316, 18414, 18422, 19089, 19092, 19419, 19421, 19590, 19614, 20020, 20024**<br><br>(Jointly Administered) |

## URGENT MOTION[2] FOR EXTENSION OF DEADLINES

To the Honorable United States District Judge Laura Taylor Swain:

The Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), on behalf of the Commonwealth of Puerto Rico (the "Commonwealth"), pursuant to the authority granted to it under the *Enabling Act of the Fiscal Agency and Financial Advisory Authority*, Act 2-2017, respectfully submits this urgent motion (the "Urgent Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), extending the deadlines set forth

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Prior to the filing of this Urgent Motion, the undersigned have notified Movants' counsel of their intent to seek the relief detailed herein, and the Commonwealth anticipates that the Movants will object to the same.

in the *Order Granting Urgent Consented Motion for Extension of Deadlines* [ECF No. 20024] (the "Scheduling Order")[3].

**Background**

1. On June 22, 2021, forty-four (44) correction officers (the "Movants") of the Department of Corrections and Rehabilitation of the Commonwealth of Puerto Rico ("DCR"), an entity of the Commonwealth, filed a *Motion Requesting Order for Allowance of Administrative Expense Priority Claim and Request for Immediate Payment Filed by Forty-Four Correction Officers of the Department of Correction and Rehabilitation of the Commonwealth of Puerto Rico* [ECF No. 17134] (the "Motion"), requesting that the Court enter an order (i) for "the allowance of the amounts claimed by the Movants as an administrative expense priority from the date of the filing of the Title III Commonwealth case and from then on", (i) directing the Commonwealth to pay such amounts in "full, and final satisfaction" within sixty (60) days of entry of such order, (iii) directing the Debtor to continue issuing payments on a monthly basis and (iv) ordering the Trial Court of Aguadilla, in connection with certain state court litigations related to Movants' request in their Motion, to "make the necessary adjustment to the 'KRONOS' time register system to register as overtime the 30 minute hour work during mealtime periods". See, *Motion* at p. 17-18.

2. On February 4, 2022, the Court entered the Scheduling Order, which provides that oppositions to the Motion must be filed by February 28, 2022, and Movants' reply by March 15, 2022. The Commonwealth reached out to Movants for their consent to extend the deadlines, but such request was denied.

---

[3] The Financial Oversight and Management Board for Puerto Rico, as the Commonwealth's representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), has authorized AAFAF to file this Urgent Motion on behalf of the Commonwealth.

**Request for Relief**

3. The Commonwealth respectfully requests the deadline to respond to the Motion be extended to March 30, 2022.

4. Good cause exists for the requested extension. Since the entry of the Scheduling Order, the Commonwealth has continued working diligently to gather the necessary information in order to properly assess the Motion and evaluate a possible consensual resolution of the same. Substantial progress has been made in the DCR's internal reconciliation endeavors for a potential resolution. DCR employees and the Commonwealth's Title III counsel have engaged in numerous conferences and correspondence.

5. Since the filing of the Motion, the Commonwealth has conducted multiple internal reviews of their books and records to evaluate the merits−or lack thereof−of the claims made in the Motion for the periods included therein. Such analysis, among other things, entailed a corroboration of whether all of the Movants pertaining the Motion were active in the DCR for the periods for which relief was sought. At this juncture, the Commonwealth is in the process of evaluating information in order to finalize its internal review.

6. While working with their evaluation of the allegations and claims in the Motion, the DCR personnel has also continued working with their regular labor responsibilities to continue such agency's ordinary course of business.

7. In turn, since the entry of the Scheduling Order, Commonwealth counsel have relayed status updates to Movants' counsel on no less than four (4) occasions. Despite its good faith efforts to reconcile Movants' assertions with its internal data to date, the Commonwealth needs additional time to finalize its analysis and to discuss the same with the Oversight Board and Movants.

8. Accordingly, the Commonwealth proposes the following extensions of the deadlines set forth in the Scheduling Order:

- The deadline to respond to the Motion shall be extended to **March 30, 2022**.

- The deadline for Movants to file a reply to an opposition, if any, shall be extended to **April 14, 2022**.

- The Court will thereafter take the Motion on submission, unless the Court determines that a hearing is necessary.

9. The Commonwealth respectfully submits the requested extension will not prejudice Movants. If Movants' asserted claims are ultimately allowed, Movants will receive payment on a similar timeframe as other similarly-situated claimants pursuant to the terms of the Commonwealth's plan of adjustment (the "Plan").[4] On January 18, 2022, the Court entered an order [ECF No. 19813] (the "Confirmation Order"), which, among other things, confirmed the Plan and established the deadline to file administrative expense claims as ninety (90) days after the Effective Date of the Plan. Confirmation Order ¶ 44. The Commonwealth projects that the effective date will occur on or before March 15, 2022. Section 82.1 of the Plan provides that the Reorganized Debtors shall have one hundred eighty (180) days following the Effective Date of the Plan to object to Claims.[5] Plan § 82.1. Assuming a March 15, 2022 Effective Date, similarly-situated administrative expense claimants may not be paid until after September 11, 2022 (180

---

[4] *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 19813-1 Ex. A].

[5] A "Claim" is defined in the Plan as "[a]ny right to payment or performance, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, known or unknown or asserted or unasserted; or any right to an equitable remedy for breach or enforcement of performance, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured, and all debts, suits, damages, rights, remedies, losses, liabilities, obligations, judgments, actions, Causes of Action, demands, or claims of every kind or nature whatsoever, in law, at equity, or otherwise." Plan § 1.135.

days after March 15, 2022). Accordingly, if the requested relief is granted, Movants will be treated no less equitably than other administrative expense claimants and well within the parameters established by the confirmed Plan.

10. Pursuant to Paragraph I.H of the *Sixteenth Amended Notice, Case Management and Administrative Procedures* [ECF No. 20190-1] (the "Case Management Procedures"), the Commonwealth hereby certifies that it has carefully examined the matter and concluded that there is a true need for an urgent motion; it has not created the urgency through any lack of due diligence; has made a bona fide effort to resolve the matter without a hearing; has made reasonable, good-faith communications in an effort to resolve or narrow the issues that are being brought to the Court, and Movant has not consented to the relief requested herein. As mentioned above, the Commonwealth anticipates that Movants will object to the relief sought in this Urgent Motion.

## Notice

11. The Commonwealth has provided notice of this Urgent Motion in accordance with the Case Management Procedures to the following parties: (a) the Office of the United States Trustee for the District of Puerto Rico; (b) the indenture trustees and/or agents, as applicable, for the Debtors' bonds; (c) the entities on the list of creditors holding the 20 largest unsecured claims against COFINA; (d) counsel to the statutory committees appointed in these Title III cases; (e) the Office of the United States Attorney for the District of Puerto Rico; (f) counsel to the Oversight Board; (g) the Puerto Rico Department of Justice; (h) all parties filing a notice of appearance in these Title III cases; and (i) Movants. A copy of the Urgent Motion is also available on the Commonwealth's case website at https://cases.primeclerk.com/puertorico/.

12. The Commonwealth submits that, in light of the nature of the relief requested, no other or further notice need be given.

**WHEREFORE**, the Commonwealth requests the Court enter the Proposed Order and grant such other relief as is just and proper.

[*Remainder of page intentionally left blank*]

Dated: February 25, 2022
San Juan, Puerto Rico

Respectfully submitted,

*/s/ Luis C. Marini-Biaggi*
Luis C. Marini-Biaggi
USDC No. 222301
Email: lmarini@mpmlawpr.com

*/s/ Carolina Velaz-Rivero*
Carolina Velaz-Rivero
USDC No. 300913
Email: cvelaz@mpmlawpr.com

**MARINI PIETRANTONI MUÑIZ LLC**
250 Ponce de León Ave.
Suite 900
San Juan, Puerto Rico 00918
Tel: (787) 705-2171
Fax: (787) 936-7494
*Attorneys for the Puerto Rico Fiscal*
*Agency and Financial Advisory Authority*

**<u>Exhibit A</u>**
**Proposed Order**