PPR-93
REV. 01/88

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**POLICIA DE PUERTO RICO**
Informe de Accidente de Tránsito

Núm. Informe 4292
Area San Juan

## SITIO Y FECHA DE OCURRENCIA

| 1. Fe ha. (Dia-Mes-Año) | 2. Hora | 3. Dia | 4. Municipio de ocurrencia |
|---|---|---|---|
| 08-10-09 | 8:05 | Jueves | San Juan |

5. Evento relacionado a colisión — Código: 15

6. Sitio Accidente (calle o carretera - kilómetro - hectómetro): Rotonda Basel Industrial Center Medico

7. Código del Sitio o Localización

8. Clasificación Funcional y Federal — 9. Tipo de colisión — Código: 13

| 10. Núm. Veh. | 11. Núm. Pest. | 12. Núm. Her. | 13. Núm. Muer. | 14. Clase Accidente |
|---|---|---|---|---|
| 2 | 0 | 0 | | 1. daño prop. ✓ |

## VEHICULO 1

15. Nombre Conductor Veh. # 1: ORTIZ SANTIAGO HUMBERTO

16. Sexo: 1. Masc ✓
17. Edad: 50
18. Teléfono: 475-9155
19. Ocupación: Oficial Penal

20. Calle: Glesne 44-8
21. Urbanización: Com. Punta Diamante
22. Pueblo: Ponce
23. Zip:

24. Años Cond.: 30
25. Autorizado: 1. Sí ✓
26. Asegurado: 1. Sí ✓
27. Lic. Estado: PR
28. Lic. Número: 0984443
29. Tipo de Licencia: 4. conductor ✓
30. Seguro Social: 3231

31. Condición: 1. normal ✓
32. Análisis: 5. ninguno ✓
33. Niv. Alcoh.:
34. Res. 25 Ml.: 2

35. Año Veh.: 2004
36. Marca: Ford
37. Modelo: E-350
38. Núm. Tablilla: 30637 GE
39. Estado: PR
40. Inspección: 2. No ✓

41. Nombre Dueño: Adm. de Corrección

50. Defecto Mec. Veh. Cont.

| 46. Tipo | 47. Uso | 48. Carga Peligro | 49. Arrastre |
|---|---|---|---|
| 04 | 06 | 01 | 01 |

51. Sobre Carga (Permiso Requerido): 3
52. Si el caso ¿Tenía permiso?: 3 N/A

| 53. Limite Vel. | 54. Velo. Est. | 55. Cint. Prov. | 56. Cint. Uso | 57. Veh. Movi. | 58. Circ. | 59. Maniobra | 60. Peatón | 61. Ciclista | 62. Lugar ocurre |
|---|---|---|---|---|---|---|---|---|---|
| | | | | 14 | | 90 | | | |

## VEHICULO 2

65. Nombre Conductor Veh. # 2: SOTOMAYOR IRRAY. JUAN J.

66. Sexo: 1. Masc ✓
67. Edad: 67
68. Teléfono: 568-2169
69. Ocupación: Retirado

70. Calle: C/11 P-13
71. Urbanización: Urb. Dos Rios
72. Pueblo: Calama
73. Zip:

74. Años Cond.: 40
75. Autorizado: 1. Sí ✓
76. Asegurado: 1. Sí ✓
77. Lic. Estado: PR
78. Lic. Número: 0741898
79. Tipo de Licencia: 3
80. Seguro Social: 7753

81. Condición: 1. normal ✓
82. Análisis: ninguno ✓
83. Niv. Alcoh.:
84. Res. 25 Ml.:

85. Año Veh.: 2003
86. Marca: Toyota
87. Modelo: Hightholander
88. Núm. Tablilla: FHR-035
89. Estado: PR
90. Inspección:

91. Nombre Dueño: mismo

| 96. Tipo | 97. Uso | 98. Carga Peligro | 99. Arrastre |
|---|---|---|---|
| 02 | 01 | 01 | 01 |

101. Sobre Carga (Permiso Requerido): 3
102. Si el caso ¿Tenía permiso?: 3 N/A

| 103. Limite Vel. | 104. Velo. Est. | 105. Cint. Prov. | 106. Cint. Uso | 107. Veh. Movi. | 108. Circ. | 109. Maniobra | 110. Peatón | 111. Ciclista | 112. Lugar Ocurre |
|---|---|---|---|---|---|---|---|---|---|
| | | | | 14 | | 02 | | | |

ESTADO LIBRE ASOCIADO DE PUERTO RICO
**POLICIA DE PUERTO RICO**
Informe de Accidente de Tránsito
(Continuación)

PPR-93
REV. 01/88
PAG. 2

Núm. Querella OP-1282-14834
Núm. Informe 4292
Area San Juan

**NOMBRE DE HERIDOS O MUERTOS**

| 115. Nombre | 115A VEH. | 116. Sexo | 117. Edad | 118. Heridos | 119. Tipo Lesión | 120. Expulsión | 121. Primeros Auxilios por | Equipo de Seguridad |
|---|---|---|---|---|---|---|---|---|

**122. Dirección**

**123. Transportado a:** | **124. Transportado por:**

Cinturón Falda
03 - En uso
Equi. Seg. Motora
10 - Utiliza casco
Equi. Seg. Niños
29 - Asiento para niño
Peatón/Ciclista
16 - Vestimenta
98 - Ninguno en uso
99 - Desconocido
165.

| 125. Nombre | 125A VEH. | 126. Sexo | 127. Edad | 128. Heridos | 129. Tipo Lesión | 130. Expulsión | 131. Primeros Auxilios por |
|---|---|---|---|---|---|---|---|

**132. Dirección**

**133. Transportado a:** | **134. Transportado por:**

Cinturón Falda
03 - En uso
Equi. Seg. Motora
10 - Utiliza casco
Equi. Seg. Niños
29 - Asiento para niño
Peatón/Ciclista
16 - Vestimenta
98 - Ninguno en uso
99 - Desconocido
166.

| 135. Nombre | 135A VEH. | 136. Sexo | 137. Edad | 138. Heridos | 139. Tipo Lesión | 140. Expulsión | 141. Primeros Auxilios por |
|---|---|---|---|---|---|---|---|

**142. Dirección**

**143. Transportado a:** | **144. Transportado por:**

Cinturón Falda
03 - En uso
Equi. Seg. Motora
10 - Utiliza casco
Equi. Seg. Niños
29 - Asiento para niño
Peatón/Ciclista
16 - Vestimenta
98 - Ninguno en uso
99 - Desconocido
167.

| 145. Nombre | 145A VEH. | 146. Sexo | 147. Edad | 148. Heridos | 149. Tipo Lesión | 150. Expulsión | 151. Primeros Auxilios por |
|---|---|---|---|---|---|---|---|

**152. Dirección**

**153. Transportado a:** | **154. Transportado por:**

Cinturón Falda
03 - En uso
Equi. Seg. Motora
10 - Utiliza casco
Equi. Seg. Niños
29 - Asiento para niño
Peatón/Ciclista
16 - Vestimenta
98 - Ninguno en uso
99 - Desconocido
168

| 155. Nombre | 155A VEH. | 156. Sexo | 157. Edad | 158. Heridos | 159. Tipo Lesión | 160. Expulsión | 161. Primeros Auxilios por |
|---|---|---|---|---|---|---|---|

**162. Dirección**

**163. Transportado a:** | **164. Transportado por:**

Cinturón Falda
03 - En uso
Equi. Seg. Motora
10 - Utiliza casco
Equi. Seg. Niños
29 - Asiento para niño
Peatón/Ciclista
16 - Vestimenta
98 - Ninguno en uso
99 - Desconocido
169.

Anotar los siguientes códigos correspondientes a los heridos o muertos.

**Heridos**
1. Conductor
2. Pasajero
3. Peatón
4. Ciclista
5. Motociclista
97 - Otro

**Tipo de Lesión**
02 - Herido Leve
03 - Herido
04 - Muerto
99 - Se desconoce

**Expulsión**
01 - Ninguna
02 - Completa
03 - Parcial
04 - Atrapado
96 - No aplica
99 - Desconocido

**Primeros Auxilios por**
1. Ambulancia
2. Médico
3. Paramédico
4. Policia
97 - Otro
98 - Ninguno
99 - Desconocido

**172. Descripción del accidente.** Utilice la hoja suplementaria para la descripción del accidente.
Para más de dos vehículos o 5 heridos y/o muertos utilice seis adicionales.

| 173. Defectos en carr. | 174. Superficie | 175. Condición | 176. ¿Accidente relacionado con zona de construcción? | 177. Materiales relacionados a colisión | 178. Fuente de Materiales | 179. Características de carretera |
|---|---|---|---|---|---|---|
| 04 - Paseo/Cuneta-baja | 04 - Sin pavimentar | 01 - Seco | | 01 - Rocas | 07 - Aceite | 02 - Naturaleza | 96 - No aplica | 1. Recta-llana | 7. Curva-cuesta-arriba |
| 05 - Paseo/Cuneta-alta | 16 - Asfalto | 02 - Mojado | | 02 - Rocas | 07 - Aceite | 03 - Pérdida Carga | 97 - Otro | 2. Recta-cuesta abajo | 8. Curva-tope colina |
| 06 - Hoyos, etc. | 18 - Concreto | 05 - Fangoso | | 03 - Árboles | 97 - Otro | de veh. | 99 - Desconocido | 3. Recta-cuesta arriba | 97. Otro |
| 97 - Otro | 21 - Ladrillo | 97 - Otro | 1. Sí    2. No | 04 - Tierra | | 04 - Objeto en carr | | 4. Recta-tope colina | |
| 98 - Ninguno | 97 - Otro | | | 05 - Gravilla | | caído de veh | | 5. Curva-llana | |
| | | | | 06 - Arena | | | | 6. Curva-cuesta abajo | |

| 180. Visión obstruida por: | 181. Controles de Tránsito: | 182. ¿Controles en Función? | 183. Carriles opuestos separados por: | 184. Carriles | 185. Carr de una sola dirección |
|---|---|---|---|---|---|
| 01 - Edificios | 09 - Cegado por sol | 14 - Lluvia en parabrisas | 01 - Policia /abanderado | 09 - Sema. ceda el paso | 1. Sí   2. No | 01 - Isleta | 5. Barrera metal | 1. Un carril | 5. Cinco carriles |
| 02 - Rótulos | 10 - Fuego/humo | 96 - No obstruida | 05 - Control peatonal | 10 - Zona no pasar | 3. N/A | 02 - Línea sencilla | 7. Verja | 2. Dos carriles | 6. seis o más carriles |
| 03 - Árboles | | 97 - Otro | 06 - Semáforo | 97 - Otro | | 03 - Línea doble | 97. Otro | 3. Tres carriles | |
| 05 - Colinas | 11 - Polvo | 99 - Desconocido | 07 - Semáforo intermitente | 99 - Ninguno | | 04 - Barrera hormigón | 99. Ninguno | 4. Cuatro carriles | |
| 04 - Curva en carr | 12 - Cegado por luces | | 08 - Señal de pare | | | | | | |
| 07 - Neblina | 21 - Ladrillo | | | | | | | | |
| 08 - Vehículos | 13 - Terraplen | | | | | | | | |

| 186. Visibilidad | 187. Clima | 188. Zona | 189. Daños a propiedad no vehicular | 194. Descripción de propiedad afectada |
|---|---|---|---|---|
| 01 - De día    06 - Oscuro no alumbrado | 01 - Neblina | 01 - Residencial   08 - Rural | 1. Ninguna visible | Descripción: |
| 02 - Amanecer | 04 - Viento | 02 - Industrial   97 - Otro | 2. Poco | |
| 03 - Atardecer  99 - Desconocido | 05 - Claro | 04 - Escolar | 3. Moderado | |
| 05 - Oscuro alumbrado | 06 - Nublado | 06 - Parque | 4. Severo | |
| | 07 - Lluvioso | | | |

| 190. Hora notificación a Policía | 191. Hora Policia llegó | 192. Hora notificación a SEM | 193. Hora SEM llegó | Nombre dueño: |
|---|---|---|---|---|
| 8:10 P.M. | 8:30 P.M. | A.M. P.M. | A.M. P.M. | Dirección: |

| 195. Nombre del testigo | 196. Dirección | 197. Teléfono |
|---|---|---|
| | | |

| 198. Nombre del testigo | 199. Dirección | 200. Teléfono |
|---|---|---|
| | | |

| 201. Nombre Policía (Letra de molde) | 202. Placa del Policía | 203. Precinto, Distrito o Unidad de Trabajo |
|---|---|---|
| Hpo Eduardo Rivera Rodriguez | 33848 | Puerto Nuevo |

| 204. Firma Policía Investigador | 205. Fecha | 205. Nombre Supervisor (Letra de molde) |
|---|---|---|
| | 8/oct/09 | Sgto. Gilberto Soto Rosado |

| 207. Firma del Supervisor | 208. Fecha |
|---|---|
| 8-15836 | 09-10-2009 |

AREA

PPR-94
REV. 01/88

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**POLICIA DE PUERTO RICO**
Informe de Accidente de Tránsito

Núm. Querella _____ 4834
Núm. Informe _____ 4292
Area _San Juan_

## DESCRIPCION DEL ACCIDENTE

Indique lo que sucedió
en este diagrama

Norte

Hospital
Industrial

1. Dibuje con líneas sólidas los carriles o carr.
2. Nombre las calles o carreteras
3. Ilustre los vehículos o peatones así
   Vehículos [ 1 ]  [ 2 ]
   Peatones   0
4. Las flechas con líneas sólidas indican
   dirección antes del impacto, use líneas
   cortadas para flechas que indican direc-
   ción después del impacto.

## INVESTIGACION REALIZADA

01 En el sitio del accidente
02 Fuera del sitio del accidente  _01_

## NARRATIVO DEL ACCIDENTE

Haga un breve resumen de como sucedió el accidente. Diga nombre de los testigos y
resolución del juez. Incluya cualquier otra información.

El conductor del Veh. No. 1 transitava por el redondel del hospital
Industrial en Centro Médico R.P. y el conductor del camión le da el
paso al vehículo No. 2 y el Vehículo No. 1 no se percata de lo
a llegar que por tal motivo El Vehículo No. 2 Impactora
con el Bumper delantero, lado Izq. el guardalodo y Rueda
Derecha Frontal del Vehículo No. 1 que se encontraba sabiendo
del estacionamiento.

En Este Accidente No había heridos, daño no estimado
en el caso cerrado para seguro.

| Nombre del Policía Investigador (Letra de molde) | Placa del Policía Investigador | |
|---|---|---|
| Agte. Edgardo Rivero Rodríguez | 23892 | |
| Firma Policía Investigador | | Fecha (Dia-Mes-Año) |
| Agte. Edgardo Rivero | | 8 Oct. 09 |
| Firma de Supervisor | | Fecha (Dia-Mes-Año) |
| Sgto. Gilberto Soto Rosado   8-15836 | | 9-Oct-2009 |

AREA



ESTADO LIBRE ASOCIADO DE PUERTO RICO
ADMINISTRACIÓN DE COMPENSACIONES POR ACCIDENTES DE AUTOMÓVILES

Nombre del lesionado: _Rubén muñiz Rubert_ Fecha Accidente: _8/octubre/2009_ Edad: _59_
Ocupación: _____  Núm. de reclamación: _____  Años en la ocupación: ____

_10-25711/14-9_

## Datos médicos que pueden ayudar al manejo adecuado del lesionado

**Recibe o ha estado en tratamiento para:**

| | SÍ | No |
|---|---|---|
| 1. Alta presión (Hipertensión Arterial) | ☒ | ☐ |
| 2. Dolor de pecho / Taquicardia | ☒ | ☒ |
| 3. Azúcar alta en la sangre (Diabetes) | ☐ | ☒ |
| 4. Azúcar baja en la sangre (Hipoglucemia) | ☐ | ☒ |
| 5. Enfermedades Tiroides | ☐ | ☒ |
| 6. Convulsiones / Epilepsia | ☐ | ☒ |
| 7. ¿Padece de los nervios? | ☒ | ☐ |
| 8. Problemas con la memoria | ☒ | ☐ |
| 9. Déficit de atención | ☐ | ☒ |
| 10. Dolor de cabeza / Migraña | ☒ | ☐ |
| 11. Problemas visuales | ☒ | ☐ |

☒ Espejuelos ☐ Cataratas ☐ Glaucoma

| | | |
|---|---|---|
| 12. Problemas auditivos | ☒ | ☐ |

☒ Zumbidos ☐ Desbalances

| | | |
|---|---|---|
| 13. Pérdida de audición | ☒ | ☐ |

☐ Utiliza audífonos

| | SÍ | No |
|---|---|---|
| 14. ¿Tiene dientes postizos? | ☒ | ☒ |
| 15. Trauma a la mandíbula | ☐ | ☒ |
| 16. Dolor en los huesos | ☒ | ☐ |
| a. Dolor en el cuello | ☒ | ☐ |
| b. Dolor en los hombros | ☒ | ☐ |
| c. Dolor en las manos / Muñecas | ☒ | ☐ |
| d. Dolor en la espalda baja | ☒ | ☐ |
| e. Dolor en las caderas | ☒ | ☐ |
| f. Dolor en las rodillas | ☐ | ☒ |
| g. Dolor tobillo / Pie | ☒ | ☒ |
| 17. Huesos rotos por | ☐ | ☒ |

☒ Artritis ☐ Osteoporosis
☐ Trauma ☐ Balas
¿Cuál? _____

| | | |
|---|---|---|
| 18. Brazos o piernas artificiales | ☐ | ☒ |

¿Cuántos? ____ ¿Cuál? _____

| | | |
|---|---|---|
| 19. Quistes o masas en los senos | ☐ | ☐ |
| 20. Problemas respiratorios | ☐ | ☒ |

☐ Fuma ☐ Asma bronquial
☐ Sinusitis ☐ Bronquitis, Enfisema

| | SÍ | No |
|---|---|---|
| 21. Dolor abdominal, estómago, intestino | ☒ | ☐ |
| 22. Discos herniados | ☒ | ☒ |
| 23. Manejo del dolor / Bloqueos | ☒ | ☒ |
| 24. Vejiga caída / Se le sale la orina | ☒ | ☒ |

**Está tomando medicamentos para:**

| | SÍ | No | | SÍ | No |
|---|---|---|---|---|---|
| Presión / Corazón | ☒ | ☐ | Azúcar | ☐ | ☐ |
| Epilepsia / Nervios | ☒ | ☐ | Circulación | ☐ | ☐ |
| Anticoagulantes | ☒ | ☐ | | | |
| Para dolores de cuello, espalda | | | | ☒ | ☐ |
| Para otra condición ¿Cuál? | _____ | | | | |
| Medicamento | _____ | | | | |

**Alergias a medicamentos:**

| | SÍ | No | | SÍ | No |
|---|---|---|---|---|---|
| Aspirina | ☐ | ☒ | Yodo | ☒ | ☒ |
| Sulfas | ☐ | ☒ | Penicilina | ☐ | ☒ |
| Otros | _____ | | | | |

**Ha tenido operaciones de:**

| | SÍ | No |
|---|---|---|
| Cataratas | ☒ | ☐ |
| Cirugía de cuello / Espalda | ☐ | ☒ |
| Corazón | ☐ | ☒ |
| Discos herniados | ☒ | ☒ |
| Fracturas con metales de fijación | ☐ | ☒ |

☒ Trauma ☐ Artritis

| | | |
|---|---|---|
| Reemplazo articulación | ☐ | ☒ |

¿Cuál? _____

| | | |
|---|---|---|
| Cirugías abdominales / Pélvicas | ☐ | ☒ |

¿Cuáles? _____
Otros: Especifique _____

| | | |
|---|---|---|
| Hernias abdominales o inguinales | ☐ | ☒ |
| Artroscopía | ☐ | ☒ |

**Estudios realizados durante los últimos cinco años:**

| | SÍ | No | | SÍ | No |
|---|---|---|---|---|---|
| Rayos X | ☒ | ☐ | Holter | ☐ | ☐ |
| CT Scan | ☒ | ☐ | Sonograma | ☐ | ☐ |
| MRI | ☒ | ☐ | Densitometría | ☐ | ☐ |
| EEG | ☐ | ☐ | EMG / NVC | ☐ | ☐ |
| Mamografías | ☐ | ☐ | Bone Scan | ☐ | ☐ |
| Doppler | | | | | |
| Arterial | | | Venoso | | |

¿De qué área anatómica? _____

| | SÍ | No |
|---|---|---|
| ¿Tiene médico primario? | ☒ | ☐ |
| Caso en el Fondo del Seguro del Estado | ☐ | ☒ |
| Casos previos en ACAA | ☐ | ☒ |
| ¿Ha estado hospitalizado? | ☒ | ☐ |

¿Cuándo? _____

Firma del lesionado _Rubén muñiz Rubert_
Fecha _04/octubre/2009_

ACAA 300-53 A
Rev. 7/2004

Nombre del lesionado _Rubén muñiz Ruberté_   Fecha del accidente _10/08/09_

Núm. de Reclamación _10-25144-00_

## DIAGRAMA DEL CUERPO HUMANO
### PARA IDENTIFICAR LAS ÁREAS QUE FUERON IMPACTADAS EN EL ACCIDENTE DE AUTOMÓVIL



¿Fue a Sala de Emergencia? SÍ ☒ NO ☐  ¿Dónde? _Sentro medico_

¿Fue hospitalizado? SÍ ☐ NO ☐  ¿Dónde?_____

Firma del lesionado: _Rubén muñiz Rubato_ Fecha _14/oct/2009_

ACAA-300-53B
Rev. 07/2004

Gobierno de Puerto Rico
Administración de Compensaciones por Accidentes de Automóviles



## AUTORIZACIÓN DE SERVICIOS MÉDICO-HOSPITALARIOS

Fecha _2/25/10_

Nombre y Dirección del Proveedor

_Dra Erica Lou Carreras_
_Fisiatra._

Re: Núm. de Caso           : _10-251144-02_
    Núm. de Querella        : _____
    Núm. Seguro Social      : _____
    Nombre Lesionado        : _Reebero Chávez_
    Fecha Accidente         : _10/8/09_

Le referimos al lesionado, quien sufrió un accidente automovilístico, para que le preste los servicios que a continuación detallamos.

a. Visita inicial en oficina para determinar relación causal y tratamiento que se ha de seguir. Una (1) visita. Favor enviar a la oficina regional la Forma ACAA 300-70 completada. Código: A-9002.

b. Visitas subsiguientes en oficina (_____) visitas. Código: A-9004. Favor enviar a la oficina regional la Forma ACAA 300-70.

c. Consulta y evaluación para determinar relación causal y tratamiento con informe elaborado. Deberá ser enviado a la oficina regional que lo solicita. Código: A-9030.

d. Uso de Sala de Emergencia (posterior a la fecha del accidente).

e. Evaluación por evaluador oficial de ACAA. Debe enviar informe elaborado a la oficina regional que lo solicita. Código A-9031.

f. Hospitalización - esta autorización no será válida para hospitalizar cinco días laborables a partir de la fecha de este referido (sujeto auditoría médica).

g. Sesiones de terapia física - _____ sesiones autorizadas. Código: A-9440.

h. Sesiones psiquiátricas - _____ sesiones autorizadas. Código: A-9050.

i. Cirugía ambulatoria.

j. Cirugía en oficina.

k. Laboratorios: _____.

l. Rayos X: _____. Copia de los resultados deberán ser enviados a la oficina regional que refiere el caso.

m. Casa de convalecencia. (Sujeta a auditoría médica).

n. Programa de salud en el hogar.

o. Servicio de enfermería - la forma ACAA 200-21 deberá ser sometida.

p. Servicio de terapia física en el hogar.

q. Evaluación psiquiátrica - informe elaborado deberá ser enviado a la oficina regional que lo solicita. Código: A-9030.

r. Consulta psiquiátrica subsiguiente - informe detallado - deberá ser enviado a la oficina regional que lo solicita. Código: A-9004.

s. Evaluación psicológica. Código: A-9034. Informe elaborado deberá ser enviada a la oficina regional que lo solicita.

t. Visita psicológica subsiguiente. Código: A-9061. Informe elaborado deberá ser enviada a la oficina regional que lo solicita

u. Terapia por psicólogo. Código: A-9060.

v. Evaluación neuropsicológica. Código A-9064. Informe elaborado deberá ser enviada a la oficina regional que lo solicita.

w. Evaluación oftalmológica. Código 92012. Informe elaborado deberá ser enviada a oficina regional que lo solicita.

x. Otros _____.

Favor de enviar el Informe de Incapacidad (Forma ACAA 300-70) a la oficina regional cuando le sea requerido.

Lesiones originales según informe de Accidente: _Rodilla izquierda, espalda_
_alta, espalda baja, cabeza._

Diagnóstico: _____

Cuparos asignados: De _____ a _____

_____               _____
Director Regional y su Representante Autorizada                    Firma

Estos servicios estarán sujetos a auditoría médica.

Test Date:  04/07/10

atient:  Muniz Ruberte,Ruben
D.#:  ACAA10-251144-02

## MG Study

| Name | 7InsAct | Fibs | PSW | Fasc | Polyph | Amp | Dur | Config | Pattern | Recruit |
|---|---|---|---|---|---|---|---|---|---|---|
| R. Quadriceps | Normal | | | | | | | | | |
| R. Tibialis Ant. | Normal | | | | | | | | | |
| R. Peroneus Ln. | Normal | | | | | | | | | |
| R. Ext.Hal.Ln. | Normal | | | | | | | | | |
| R. Gastroc.Med.H. | inc+ | none | 2+ | none | none | norm | norm | norm | irreg | dec |
| R. Gastroc.Lat.H. | inc+ | none | 2+ | none | none | norm | norm | norm | irreg | dec |
| R., Paraspinals L4 | inc+ | none | 2+ | | | | | | | |
| R. Paraspinals L5 | inc+ | none | 2+ | | | | | | | |
| R. Paraspinals S1 | inc+ | none | 3++ | | | | | | | |
| L. Quadriceps | Normal | | | | | | | | | |
| L. Tibialis Ant. | Normal | | | | none | norm | norm | norm | irreg | dec |
| L. Peroneus Ln. | | inc+ | none | 2+ | none | none | norm | norm | norm | irreg | dec |
| L. Ext.Hal.Ln. | inc+ | none | 2+ | none | none | norm | norm | norm | | |
| L. Gastroc.Med.H. | Normal | | | | | | | | | |
| L. Gastroc.Lat.H. | Normal | | | | | | | | | |
| L. Paraspinals L4 | Normal | | | | | | | | | |
| L. Paraspinals L5 | inc+ | none | 2+ | | | | | | | |
| L. Paraspinals S1 | inc+ | none | 2+ | | | | | | | |

## Summary/Interpretation:

**N.C.S.:**

**Motor nerves:**
-Normal distal latencies, CMAP amplitude and conduction velocities of all nerves tested.

**Sensory nerves:**
-Normal latencies and SNAP amplitudes of all nerves tested.

**Late Response:**
-Significant side to side latency difference upon comparison.

Electromyography of the lower extremities:
- Electromyography was remarkable for increased insertional activity, with associated dennervation potentials at the L/S PSM's, and lower extremities muscles. Impaired muscle recruitment and discrete interference pattern noted at the above mentioned muscles as described in the table.  Normal motor units observed in all muscles tested.

**Impression:**
1. NCS and Electromyography of the lower extremities compatible with a Right L4 and Bilateral L5 + S1 radiculopathy.


Emma Lou Carreras, MD; lic #11549


Maritza Lopez-Montalvo, MD; lic #14870



**Estado Libre Asociado de Puerto Rico**
**ADMINISTRACIÓN DE COMPENSACIONES POR ACCIDENTES DE AUTOMÓVILES**

## INFORME DE EVALUACIÓN Y TRATAMIENTO

**Núm. de Reclamación**
10-25114-02

| Fecha del Accidente | Nombre | Seguro Social | Lugar de Servicio |
|---|---|---|---|
| 10/8/09 | Ruben Muñiz Rublove | | ☐ Sala de Emergencia  ☐ Oficina  ☐ Hospital |

**QUEJA PRINCIPAL:**
59 y/o male s/p injury after MVA
= (L) lumbar Rey r

**EXAMEN FÍSICO: (INCLUYENDO SIGNOS VITALES)**
NVI
Full ROM

**DIAGNÓSTICO:**
MRI #NP L4-L5 — pinqel nerve
lumbar L4-5 pinqel nerve

**PLAN DE TRATAMIENTO, RECOMENDACIONES E INSTRUCCIONES: (INCLUYENDO LAS REFERENCIAS AL POTENCIAL DE REHABILITACIÓN OCUPACIONAL O VOCACIONAL)**
① Steroid inject by Pain management
MD: Dra. Santiago @ Parra (Amb surg)
② RTC f/u after block by Dra Stgo

| Incapacidad ☒ Sí  ☐ No | Paciente dado de Alta ☐ | Referido a ☒ Especialista: Dra. Rosa Stgo Damer Surs center |
| Desde_____ Hasta_____ | | ☐ Programa de Orientación Social y Fomento Ocupacional |

CERTIFICO QUE HE EXAMINADO A ESTE PACIENTE Y
QUE LAS LESIONES DESCRITAS FUERON OCASIONADAS
POR EL ACCIDENTE DE AUTOMÓVIL

| Dr Michael Serra | | 3/16/2010 | 17144 |
|---|---|---|---|
| NOMBRE DEL MÉDICO | FIRMA | FECHA | NÚMERO LICENCIA |

ACAA 100-70

**ACAA**

**Estado Libre Asociado de Puerto Rico**
**ADMINISTRACIÓN DE COMPENSACIONES POR ACCIDENTES DE AUTOMÓVILES**

## INFORME DE EVALUACIÓN Y TRATAMIENTO

Núm. de Reclamación
10-251144-02

| Fecha del Accidente | Nombre | Seguro Social | Lugar de Servicio |
|---|---|---|---|
| 10/8/09 | Ruben Mieres | | ☐ Sala de Emergencia ☐ Oficina ☐ Hospital |

**QUEJA PRINCIPAL:** Que pt. is a 59 y.o. man inmate who suffered a M.V.A. w contusion to the Ⓛ knee sustaining a whip-lash injury w residual L.B.P. radiating to the left lower extremity, hip pain & knee pain. Has problems ambulating even w assisted device.

**EXAMEN FÍSICO: (INCLUYENDO SIGNOS VITALES)**
- Tenderness w soft palpation however firm palpation of the left sciatic notch & project.
- Ⓛ knee exam w prominent Tibial Tuberde which is red & tender to palpation

- ROM Ⓛ knee w -35° incomplete extension & 65° flexion.
- Sensation ↓ in the left inner (L4) lateral (L5) leg & heel S1, to pin-prick.
- Strength LLE 3+/5 throughout.
- MSR: absent L5 L6 in UE 4/5.
- Absent P.T. & A.T. equal. Patrick Sign ⊕ Ⓛ / SLR ⊕ 45° Ⓡ

**DIAGNÓSTICO:**
1. Ⓛ LS Strain.
2. Clinical Radiculopathy (L5)
3. Left Knee Sprain s/p contusion
4. Left Hip Labrium Tear
5. Left L3-L4 & L5-S1 HNP

**PLAN DE TRATAMIENTO, RECOMENDACIONES E INSTRUCCIONES: (INCLUYENDO LAS REFERENCIAS AL POTENCIAL DE REHABILITACIÓN OCUPACIONAL O VOCACIONAL)**
Plan:
1. P.T. 4/10 → low back & Ⓛ knee 8.
   - ES w C.P. → left knee → ES w H.P.
   - U/S & Dwlaur → massage
   - Ⓛ knee PROM (gentle) → AAROM → active ROM
1. Neurontin 600 mg h.s.
3. Baclofen 10 mg h.s.
4. Percogesic bid.
5. EMG w terminal Strech & NCV G.O. ⊕ H & L4/L5.

| Incapacidad ☑ Sí ☐ No | Paciente dado de Alta ☐ | Referido a ☐ Especialista: _____ |
|---|---|---|
| Desde 10/8/09 Hasta 4/32/10 | | ☐ Programa de Orientación Social y Fomento Ocupacional |

CERTIFICO QUE HE EXAMINADO A ESTE PACIENTE Y QUE LAS LESIONES DESCRITAS FUERON OCASIONADAS POR EL ACCIDENTE DE AUTOMÓVIL

| NOMBRE DEL MÉDICO | FIRMA | FECHA | NÚMERO LICENCIA |
|---|---|---|---|
| Dra. Erma Paez G. L. Carruselss | 11549 | 3.11.10 | 11549 |

ACAA 300-70
Rev. 1/2006

Estado Libre Asociado de Puerto Rico
## ADMINISTRACIÓN DE COMPENSACIONES POR ACCIDENTES DE AUTOMÓVILES
### INFORME DE EVALUACIÓN Y TRATAMIENTO

**Núm. de Reclamación**
10-2514-02

| Fecha del Accidente | Nombre | Seguro Social | Lugar de Servicio |
|---|---|---|---|
| 10/8/09 | Ruben Muñiz | | ☒ Sala de Emergencia  ☐ Oficina  ☐ Hospital |

**QUEJA PRINCIPAL:**
The pt. continues to the last visit with back pain. He claims his legs are "giving-way" ("se le va en blanco") producing falls a heaviness of the legs. Had been having difficulty voiding urine.

**EXAMEN FÍSICO: (INCLUYENDO SIGNOS VITALES)**
Grade 4+5 (R) Hip Flexors
3+5 (L) "  "
Knee Extensors grade 3+5 bil.
Tibial Ant (B) 3+5, bilaterally
Keeps (L) Knee in flexion (10°) when abulating. Pat Stays enact was removed in Jan.

**DIAGNÓSTICO:**
1. Right L4 & Bil. L5 & S1 Radiculopathy.
2. Left L3-L4 & L4-S1, H.N.P. 4° Gait Disturbance 2nd
3. Early Neurogenic Bladder   to L.E. & a Weakness.

**PLAN DE TRATAMIENTO, RECOMENDACIONES E INSTRUCCIONES: (INCLUYENDO LAS REFERENCIAS AL POTENCIAL DE REHABILITACIÓN OCUPACIONAL O VOCACIONAL)**
Plan: 1. P.4.4: would be recommended for strengthening lower limbs.
2. Neurontin, 600 mg. H.s & CADA a mid day.
3. Flexeril, 10 mg h.s.
4. Pilcogenic, Bid    R.4.C.5 T month.

| Incapacidad ☒ Sí  ☐ No | Paciente dado de Alta ☐ | Referido a ☒ Especialista: Neurosurgery Eva |
|---|---|---|
| Desde 10/8/09  Hasta 1/30/10 | | ☐ Programa de Orientación Social y Fomento Ocupacional  ASAP! |

CERTIFICO QUE HE EXAMINADO A ESTE PACIENTE Y
QUE LAS LESIONES DESCRITAS FUERON OCASIONADAS
POR EL ACCIDENTE DE AUTOMÓVIL

| Emma L. Carreras | S.L. Carreras | 12·15·10 | 11549 |
|---|---|---|---|
| NOMBRE DEL MÉDICO | FIRMA | FECHA | NÚMERO LICENCIA |

TEL. (787) 843-5420                    REG. NUM. DM-11210-2

**EMMA LOU CARRERAS, M.D., F.A.A.P.M.R.**
Board Certified
*Fisiatra*

COND. SAN VICENTE STE 211
8169 CALLE CONCORDIA                    PONCE, PR 00717-1564

NOMBRE _Ruben Muñiz_                    EDAD _____

DIRECCION _____              FECHA 12/18/10

**Rx**   Dx: 724.4

                                        #30
1. Neurontin, 600mg
   Sig: 1 Lab p.o. h.s.
        a BID                    #30
2. Flexeril, 10mg.
   Sig: 1 Lab p.o. HS.
                                 #60
3. Percocet
   Sig: 1 Lab p.o. bid.

☐ LABEL
☐ REFILL ____ TIMES

_signature_
BNDD NUM. BC 4264468
11849



Estado Libre Asociado de Puerto Rico
**ADMINISTRACIÓN DE COMPENSACIONES POR ACCIDENTES DE AUTOMÓVILES**

### INFORME DE EVALUACIÓN Y TRATAMIENTO

**Núm. de Reclamación**
10-25144-02

| Fecha del Accidente | Nombre | Seguro Social | Lugar de Servicio |
|---|---|---|---|
| 10/8/2009 | Ruben Muñiz | | ☐ Sala de Emergencia  ☐ Oficina  ☐ Hospital |

**QUEJA PRINCIPAL:** The pt. claims loss of mobility when getting out of bed & was unable to walk & had to be taken to the E.R. The knee brace was not supplied keeps losing its strenge.

**EXAMEN FÍSICO: (INCLUYENDO SIGNOS VITALES)** was not seen by NIS. Fell forward due to loss balance in June 9.01.

Tenderness in the cu vertebrae & corresponding paraspinals muscle on palpation.

Gait is paraspetic & assisted by L strand crutche (a) "giving way" of the left knee.

**DIAGNÓSTICO:**
1. Bilateral LE's muscle weakness.
2. Gait Disturbance 2nd to #1.
3. Bil. LS Radiculopathy.
4. Early neurogenic bowel & bladder.
5. Neurogenic claudication.

**PLAN DE TRATAMIENTO, RECOMENDACIONES E INSTRUCCIONES: (INCLUYENDO LAS REFERENCIAS AL POTENCIAL DE REHABILITACIÓN OCUPACIONAL O VOCACIONAL)**
1. Centro medico neurosurgical eva, ASAP.
2. Neurontin, 600mg H.S. & AM
3. Aleve, 500mg Bid P.C. o.a.v.
4. Flexeril, 10 mg H.S.
5. N.Y.C. 3 t month
6. Left knee brace c̄ lateral stays.

| Incapacidad ☒ Si  ☐ No | | | |
|---|---|---|---|
| Desde 10/3/11  Hasta 8/3/11 | Paciente dado de Alta | Referido a ☐ Especialista: _____ | |
| | | ☐ Programa de Orientación Social y Fomento Ocupacional | |

CERTIFICO QUE HE EXAMINADO A ESTE PACIENTE Y
QUE LAS LESIONES DESCRITAS FUERON OCASIONADAS
POR EL ACCIDENTE DE AUTOMÓVIL

| Dra E Cruvas. | S. L. Carrión | 6-29-2011 | 11549 |
|---|---|---|---|
| NOMBRE DEL MÉDICO | FIRMA | FECHA | NÚMERO LICENCIA |

ACAA 300-70
Rev. 1/2006

Estado Libre Asociado de Puerto Rico
## ADMINISTRACIÓN DE COMPENSACIONES POR ACCIDENTES DE AUTOMÓVILES

### INFORME DE EVALUACIÓN Y TRATAMIENTO

Núm. de Reclamación
0-55114 4-02

Fecha del Accidente: 0/8/09   Nombre: Ruben Muñiz

Lugar de Servicio:
☐ Sala de Emergencia  ☐ Oficina  ☐ Hospital

QUEJA PRINCIPAL: The pt. has been w/o meds for (3) months.
The refill was not honored in Correctional Institut.
He has had exacerbation of the L.B.P. Received
The left knee but w/o baker staps which were removed

EXAMEN FÍSICO: (INCLUYENDO SIGNOS VITALES)
- Gait is altered cassioned
  by Loffstrand Crutchs in
  slow cadence & flexed knee.

- Tenderness elicited in LLFt
  but No sciatic notch in palpation.

DIAGNÓSTICO:
1. Right L4 & Bilateral L5 & S, Radiculopathy.
2. Left L3-L4 & L5-S, H.N.P.

PLAN DE TRATAMIENTO, RECOMENDACIONES E INSTRUCCIONES: (INCLUYENDO LAS REFERENCIAS AL POTENCIAL DE REHABILITACIÓN OCUPACIONAL O VOCACIONAL)
Plans:
1. Allafen, 500mg bid p.c. C.N.D.
2. Neurontin, 600mg b.o. & 9AM & Mid Day
3. Flexeril, 10 mg h.o.
4. Percogesic, bid.   5. A.r.c. > 1 month
6. Baker Stays (L) Brace to be
   reset (replaced) in
   correctn.

Incapacidad  ☒ Sí   ☐ No
Desde 10/8/09   Hasta _____

Paciente dado de Alta ☐

Referido a ☐  Especialista ☐
☐ Programa de Orientación Social y Fomento Ocupacional

CERTIFICO QUE HE EXAMINADO A ESTE PACIENTE Y
QUE LAS LESIONES DESCRITAS FUERON OCASIONADAS
POR EL ACCIDENTE DE AUTOMÓVIL.

Dra. E Carrera      FIRMA      11.17.10      II 11549
NOMBRE DEL MÉDICO          FECHA          NÚMERO LICENCIA

Estado Libre Asociado de Puerto Rico
## ADMINISTRACIÓN DE COMPENSACIONES POR ACCIDENTES DE AUTOMÓVILES
### INFORME DE EVALUACIÓN Y TRATAMIENTO

| 10-251144-02 | | | |
|---|---|---|---|
| 10/08/2009 | **RUBEN MUNIZ** | Seguro Social | Lugar de Servicio ☐ Sala de Emergencia ☐ Oficina ☐ Hospital |

**QUEJA PRINCIPAL:** *Que pr. had the left knee Brace lateral stays provided. Had better control of knee stability*

**EXAMEN FÍSICO: (INCLUYENDO SIGNOS VITALES)**

- *Gait pattern is altered w bilateral knee pain (13°) & assisted by Lofstrand Crutches w slow cadence.*
- *Cannot fully extend the knees on ranging (ROM) the joint in extension.*
- *Tenderness @ Sacroiliac joint & Buttock on palpation*

**DIAGNÓSTICO:**
1. *Early neurogenic bowel & bladder.*
2. *Neurogenic Claudication.*
3. *Bilateral Lower Limb weakness*
4. *Bil L/S Radiculopathy*

**PLAN DE TRATAMIENTO, RECOMENDACIONES E INSTRUCCIONES: (INCLUYENDO LAS REFERENCIAS AL POTENCIAL DE REHABILITACIÓN (2nd nivel) OCUPACIONAL O VOCACIONAL)**

*Plan:*
1. *Neurosurgical Evaluation in Centro Medico, ASAP.*
2. *Neurontin, 1,600 mg H.S. & 300 mg BID.*
3. *Ultram, 500 mg BID.*
4. *Flexeril, 10 mg H.S.*  5. *1,4,c, & #1. n im*

| Incapacidad ☒ Sí ☐ No | | | |
|---|---|---|---|
| Desde_____ Hasta_____ | Paciente dado de Alta ☐ | Referido a ☒ Especialista: *one month. Neuro Surgeon C.M.* | ☐ Programa de Orientación Social y Fomento Ocupacional |

CERTIFICO QUE HE EXAMINADO A ESTE PACIENTE Y
QUE LAS LESIONES DESCRITAS FUERON OCASIONADAS
POR EL ACCIDENTE DE AUTOMÓVIL

| *Emma Lou Carreras* | *L. Carrasco Mog* | 8/09/11 | #11549 |
|---|---|---|---|
| NOMBRE DEL MÉDICO | FIRMA | FECHA | NÚMERO LICENCIA |

**Estado Libre Asociado de Puerto Rico**
**ADMINISTRACIÓN DE COMPENSACIONES POR ACCIDENTES DE AUTOMÓVILES**

### INFORME DE EVALUACIÓN Y TRATAMIENTO

**Núm. de Reclamación**
10-25-1144-02

| Fecha del Accidente | Nombre | Seguro Social | Lugar de Servicio |
|---|---|---|---|
| 10/08/2009 | Ruben Muñiz | | ☐ Sala de Emergencia  ☐ Oficina  ☐ Hospital |

**QUEJA PRINCIPAL:** 2ll pt. complinus w ↑ weakness & leg pain. especially the ® knee which give in occasion. 2ll pt continus w difficulty voiding urine & defecason. Bil. Knee pain & difficulty voiding starus.

**EXAMEN FÍSICO: (INCLUYENDO SIGNOS VITALES)**
Generalized weakness
Lower limbs : ® Hip flexors 4/5   No 3+/5 left L5↓4
Poiloteral Quadriceps muscle 3+/5
w oleness.
Cannot fully extend the knees w a -14° extension lag.

**DIAGNÓSTICO:**
1. Bil. Lower limb weakness w mild gait disturbance associated w Lofstrand cratches.
2. Bil. Lls Radiculopathies (see EMG/NCV)

**PLAN DE TRATAMIENTO, RECOMENDACIONES E INSTRUCCIONES: (INCLUYENDO LAS REFERENCIAS AL POTENCIAL DE REHABILITACIÓN OCUPACIONAL O VOCACIONAL)**
Plan: 1. Neurontin, 600 mg HS. & BID (#60 Tabs) (6:00 PM)
2. Elavil, 10 mg HS. (7:00 PM)   4. Lexr L3-L4 &
2nd request 3. Nls Evaluation (Recinto Ciencias Medica) L5-S, H.N.P.
5. n.c.s 2 months   c.

| Incapacidad ☒ SI  ☐ No | Paciente dado de Alta ☐ | Referido a ☐ Especialista: _____ |
|---|---|---|
| Desde 10/8/09  Hasta 5/30/11 | | ☐ Programa de Orientación Social y Fomento Ocupacional |

**CERTIFICO QUE HE EXAMINADO A ESTE PACIENTE Y QUE LAS LESIONES DESCRITAS FUERON OCASIONADAS POR EL ACCIDENTE DE AUTOMÓVIL**

| Emma L. Carreras | firma 11569 | 2/28/11 | #11549 |
|---|---|---|---|
| NOMBRE DEL MÉDICO | FIRMA | FECHA | NÚMERO LICENCIA |

**Estado Libre Asociado de Puerto Rico**

**ADMINISTRACIÓN DE COMPENSACIONES POR ACCIDENTES DE AUTOMÓVILES**

-----------------INFORME DE EVALUACIÓN Y TRATAMIENTO

| Núm. de Reclamación | | | | |
|---|---|---|---|---|
| **10-251144-02** | | | | BP3 · April/18/1950 |

| Fecha del Accidente 10/08/2009 | Nombre **RUBEN  MUNIZ RUBERTE** | Seguro Social | Lugar de Servicio ☐ Sala de Emergencia  ☐ Oficina  ☐ Hospital |
|---|---|---|---|

**QUEJA PRINCIPAL:** 61 y/w o/pt involved in MVA
as passenger. Pt is [illegible] of L3 [illegible].
Pain is constant + intensity - 10/10

**EXAMEN FÍSICO: (INCLUYENDO SIGNOS VITALES)** BP: 182/96   P: 66   W: 166
Gen: Alert, O×3, ambulating
w/ Canadian crutches.
Neuro: [illegible] 4+/5 prox & distal LE
no (suboptimal effort due to pain)
no gross sensory deficit.
DTR's 1+ [illegible] & LE
no pathological reflexion found.
(+) Pt did not bring Neuroimaging
studies [illegible] for evaluation.

**DIAGNÓSTICO:** 724.2
723.1

**PLAN DE TRATAMIENTO, RECOMENDACIONES E INSTRUCCIONES: (INCLUYENDO LAS REFERENCIAS AL POTENCIAL DE REHABILITACIÓN OCUPACIONAL O VOCACIONAL)**

① Pain clinic evaluation
② F/U in 4 months. Pt must bring neuroimaging [illegible].

| Incapacidad ☒ Sí  ☐ No Desde Oct/8/2005 Hasta April/30/2012 | Paciente dado de Alta ☐ | Referido a ☐ Especialista: _____ ☐ Programa de Orientación Social y Fomento Ocupacional |
|---|---|---|

CERTIFICO QUE HE EXAMINADO A ESTE PACIENTE Y QUE LAS LESIONES DESCRITAS FUERON OCASIONADAS POR EL ACCIDENTE DE AUTOMÓVIL

| Reyna de la Torres | | Dec/20/2011 | 13268 |
|---|---|---|---|
| NOMBRE  DEL MÉDICO | FIRMA | FECHA | NÚMERO LICENCIA |

**Centro Neurofisiatrico del Sur**
**Electrodiagnostic Medicine**
**Concordia 8169 C San Vicente 211**
**Ponce, PR, 00731,  telf. 843-5420**

Patient:  Muniz Ruberte,Ruben
Sex:  Male
I.D.#:  ACAA10-251144-02
Ref. M.D.:  Dra. Emma Lou Carreras

Physician:  Maritza Lopez Montalvo
Test Date:  04/07/10

## Motor Nerve Study

Peroneal Nerve

| Rec Site: EDB | Lat (ms) | | Amp (mV) | | C.V. (m/s) | |
|---|---|---|---|---|---|---|
| Stim Site | L | R | L | R | L | R |
| Ankle | 4.8 | 4.4 | 9.3 | 14.8 | | |
| Fib.Head | 12.6 | 11.8 | 8.5 | 12.0 | 42.8 | 43.8 |

Tibial Nerve

| Rec Site: AH | Lat (ms) | | Amp (mV) | | C.V. (m/s) | |
|---|---|---|---|---|---|---|
| Stim Site | L | R | L | R | L | R |
| Ankle | 4.6 | 4.2 | 10.5 | 15.2 | | |
| Pop.Fos. | 13.2 | 13.2 | 10.3 | 14.2 | 48.0 | 46.8 |

## Sensory Nerve Study

Peroneal Nerve

| Rec Site: dors.ft | Lat (ms) | | Amp (uV) | |
|---|---|---|---|---|
| Stim Site | L | R | L | R |
| Lower leg | 3.5 | 3.6 | 23.3 | 21.0 |

Surcl Nerve

| Rec Site: Ankle | Lat (ms) | | Amp (uV) | |
|---|---|---|---|---|
| Stim Site | L | R | L | R |
| mid calf | 3.4 | 3.3 | 22.0 | 24.3 |

## H Reflex Study

Tibial Nerve

| Rec Site: Soleus | Latency | |
|---|---|---|
| Stim Site: Pop.Fos. | ms | |
| | L | R |
| H wave | 31.17 | 34.50 |



EMMA( ) Carrera

ESTADO LIBRE ASOCIADO DE
**PUERTO RICO**
Administración de Compensaciones por
Accidentes de Automóviles

| | |
|---|---|
| ACAA NÚMERO | 10-251144-01 |
| VÍCTIMA Y RECLAMANTE | RUBEN MUÑIZ RUBERTÉ |
| REPRESENTANTE LEGAL | LCDO. JUAN O. RODRÍGUEZ LÓPEZ<br>LCDA. JETZABELLE PRIETO |
| SOBRE | SERVICIOS MÉDICO - HOPITALARIOS<br>EXTENSIÓN DE CUBIERTA DE BENEFICIOS |
| FECHA ACCIDENTE | 8 DE OCTUBRE DE 2009 |

## RESOLUCIÓN

El 7 de agosto de 2012, el Director de la Oficina Regional de Ponce de la Administración de Compensaciones por Accidentes de Automóviles (ACAA) confirmó su decisión del 8 de mayo de 2012, mediante la cual se le denegó al Sr. Rubén Muñiz Ruberté, en adelante denominado "el Reclamante", su solicitud de extensión de cubierta de beneficios por considerarse el caso uno de sostén y mantenimiento.

Inconforme con la Resolución, el 28 de agosto de 2012, el Reclamante radicó oportunamente una solicitud de Audiencia Pública ante el Director Ejecutivo de la ACAA, Sr. Julio Alicea Vasallo, celebrándose la misma el 7 de diciembre de 2012.

Examinada la prueba documental y testifical que obra en el expediente administrativo, se establecen las siguientes:

## DETERMINACIONES DE HECHOS

1. El 8 de octubre de 2009, el Reclamante estuvo involucrado en un accidente de automóvil, sufriendo lesiones en varias partes del cuerpo.

249 Arterial Hostos San Juan, PR 00918-1449
PO Box 364847 San Juan, PR 00936-4847
787-759-8989



**Exhibit 5**

Rubén Muñiz Kuebrté
ACAA Núm.: 10-251144-01
Página número 2

2. La ACAA le ha suministrado al Reclamante todos los servicios médico-hospitalarios que su condición razonablemente ha requerido y que han sido recomendados por los médicos que lo han evaluado, según tiene derecho por las leyes, reglamentos y normas de la ACAA.

3. El 17 de abril de 2012, la Oficina Regional de Ponce consultó al Comité de Evaluación Médica del Departamento de Asuntos Médicos de la ACAA, en adelante "Comité de Evaluación Médica". El 30 de abril de 2012, el Comité de Evaluación Médica contestó consulta recomendando la denegación del caso por tratarse de un caso de sostén y mantenimiento.



4. El 8 de mayo de 2012, el Director de la Oficina Regional de la ACAA en Ponce denegó la solicitud de extensión de cubierta de beneficios del Reclamante basado en la recomendación del Comité de Evaluación Médica de 30 de abril de 2012.

5. El Reclamante radicó una solicitud de reconsideración el 25 de mayo de 2012, por lo que se celebró una Vista Preliminar el 28 de junio de 2012.

6. El 7 de agosto de 2012, el Director de la Oficina Regional de la ACAA en Ponce emitió una Resolución confirmando su decisión del 8 de mayo de 2012, mediante la cual se denegó al Reclamante su solicitud de extensión de cubierta de beneficios. Esta Resolución se notificó el 10 de agosto de 2012.

7. Inconforme con esta determinación, el 28 de agosto de 2012, el Reclamante radicó una solicitud de Audiencia Pública ante el Director Ejecutivo de la ACAA, Julio Alicea Vasallo, por lo que se celebró la misma el 7 de diciembre de 2012.

Rubén Muñiz Ruebrté
ACAA Núm.: 10-251144-01
Página número 3

8. En la Audiencia Pública, el Reclamante indicó que era confinado y que sufrió un accidente de automóvil como pasajero de una guagua del Departamento de Corrección. Explicó que como consecuencia del accidente sufrió lesiones en la espalda, ambas rodillas y fractura de los meniscos, entre otras lesiones. Éste informó que recibió sesiones de terapia física con la Dra. Emma Carreras. Solicitó que se le aprobara otra visita a la fisiatra para más terapias físicas, un mattress ortopédico, un andador, porque las muletas que tiene son de brazos y se le resbalan y una silla para el baño. El Reclamante entiende que no ha recibido el nivel máximo de los beneficios.

9. El 5 de febrero de 2013, la Oficial Examinadora asignada al caso presentó consulta al Comité de Evaluación Médica a base de la evidencia testifical y documental presentada por el Reclamante en la Audiencia Pública.

10. El 15 de marzo de 2013, el Comité de Evaluación Médica contestó la consulta, recomendando no extender la cubierta de los beneficios de la ACAA al Reclamante, porque de los documentos médicos que obran en el expediente administrativo del caso no se desprende que el Reclamante haya sufrido un trauma severo en el accidente que justifique la extensión de la cubierta. También concluye que los estudios radiológicos realizados al Reclamante evidencian que éste presentaba cambios degenerativos crónicos, previos al accidente, que son consistentes con la descripción de historial médico pasado que el Reclamante informó en el Formulario ACAA 300-53.

Examinados los anteriores hechos a la luz del derecho aplicable, se procede a emitir las siguientes:



Rubén Muñiz Ruebris
ACAA Núm.: 10-251144-01
Página número 4

## CONCLUSIONES DE DERECHO

La Sección 5.5 de la Ley Núm. 138 del 26 de junio de 1968, según enmendada y conocida como Ley de Protección Social por Accidentes de Automóviles, en adelante "Ley Núm. 138-1968, dispone lo siguiente:

SECCIÓN 5.5 – Beneficios Médico-Hospitalarios

(5)  Beneficios Médico-Hospitalarios y Quiroprácticos

(a)  La víctima tendrá derecho a recibir los servicios médicos, servicios quiroprácticos, de hospitalización, casas de convalecencia, rehabilitación y medicinas que su condición razonablemente requiera durante el término de dos (2) años subsiguientes al accidente que estén disponibles dentro de la jurisdicción del Estado Libre Asociado de Puerto Rico. En los casos de parapléjicos y cuadrapléjicos y en los casos de trauma severo y/o de fracturas múltiples con complicaciones de tal naturaleza que requieran atención médica prolongada, se podrán prestar dichos servicios por un término mayor a dos (2) años según lo disponga la Junta mediante reglamento.

A los efectos de los anterior "trauma severo" significará lesiones cuyo tratamiento y rehabilitación, a juicio de un Comité de Evaluación Médica creado por la Administración, requieran un término mayor de dos años". (Énfasis Nuestro)

Por otro lado, la Regla 8B del Reglamento 6911 del 1 de diciembre de 2004, de la Ley Núm. 138-1968, en adelante "Reglamento 6911", dispone lo siguiente:

B   Tipo de Tratamiento o Servicios que se Autorizarán

La víctima tendrá derecho a recibir los servicios médicos, de hospitalización, casas de convalecencia, rehabilitación y medicinas que sean médicamente necesarias durante el término de dos años subsiguientes al accidente siempre y cuando el tratamiento o la rehabilitación requerida sea de

Rubén Muñiz Ruberté
ACAA Núm.: 10-251144-01
Página número 5

carácter activo. En los casos de parapléjicos y
cuadrapléjicos se prestarán servicios por un término mayor
de dos años. En los casos de fracturas múltiples, para tener
derecho a tratamiento por un término mayor de dos años
la víctima tendrá que cumplir con los mismos parámetros
que se le requiera a los casos de trauma severo.

En los casos de trauma severo se tendrá derecho a
tratamiento por un término mayor de dos años cuando
exista una o más lesiones médicas postraumáticas con
daño objetivo que limita la función de algún órgano o
sistema. El daño debe ser de tal naturaleza que limite al
individuo o lo imposibilite marcadamente para llevar a
cabo una o más funciones del diario vivir, según lo
determine el Comité de Evaluación Médica nombrado por
la Administración. Se incluyen aquí, también, aquellas
condiciones que como consecuencia del trauma resultaren
en lesiones que de no continuar su tratamiento causen
daños incapacitantes irreversibles en el individuo.

Sólo se tratará la lesión recibida o condición relacionada
directamente con el accidente. Lesiones o condiciones
secundarias, por ejemplo, caídas a causa de la lesión o
condición original, aquéllas a consecuencia de falta de
diligencia o negligencia del paciente o de las personas que
lo tratan o lo cuidan, reacciones alérgicas previsibles y
cualquiera otra que no sea una a consecuencia íntimamente
relacionada a la lesión o tratamiento, no estarán cubiertas.

No se autorizarán medicamentos o servicios dirigidos a
mitigar condiciones residuales (dolores) o crónicas, a
consecuencia o secundarias a la lesión original, excepto en
parapléjicos, cuadrapléjicos, casos de fracturas múltiples y
de trauma severo, según la necesidad médica del caso,
aprobado por el Comité de Evaluación Médica." (Énfasis
Nuestro)
..."

La Ley Núm. 138-1968, ante, y el Reglamento 6911, ante, disponen que como

norma general los beneficiarios de la ACAA tienen derecho a recibir los beneficios que

provee la Ley hasta un período de dos (2) años. Sólo en los casos de parapléjicos,

Rubén Muñiz Ruberté
ACAA Núm.: 10-251144-01
Página número 6

cuadrapléjicos, fracturas múltiples y trauma severo, la Ley y el Reglamento proveen

para que la cubierta de beneficios provista por la ACAA sea extendida por un término

mayor a dos años. A estos efectos, la Ley Núm. 138-1968 y el Reglamento 6911 aclaran

que será el Comité de Evaluación Médica de la ACAA quien determinará qué lesiones

constituyen trauma severo y requieren tratamiento por un término mayor a los dos

años.

En el presente caso el Comité de Evaluación Médica concluyó en su contestación

a consulta, que, a base de la evidencia documental que obra en el expediente

administrativo del caso, las lesiones sufridas por el Reclamante en el accidente no eran

trauma severo y que, por lo tanto, no procedía extender la cubierta por más de dos (2)

años.



Considerado el ordenamiento jurídico antes relacionado, los criterios que nos

guían, así como la recomendación del Comité de Evaluación Médica del Departamento

de Asuntos Médicos de la ACAA, se sostiene la Resolución del Director de la Oficina

Regional de la ACAA en Ponce del 7 de agosto de 2012, denegando al Reclamante su

solicitud de extensión de cubierta de beneficios.

Se dicta Resolución de conformidad.

Se le advierte al Reclamante que si no está de acuerdo con esta Decisión, podrá

radicar una solicitud de apelación ante la Secretaria de la Junta de Gobierno de la

ACAA, dentro de los treinta (30) días siguientes a la fecha de la notificación de la

presente Resolución a la siguiente dirección: PO Box 364847, San Juan, Puerto Rico

00936-4847. La Junta resolverá a base del expediente y récord ante sí, y de cualquier

Rubén Muñiz Ruebrté
ACAA Núm.: 10-251144-01
Página número 7

escrito que las partes interesen presentar.   Además, la Junta podrá, a su discreción, señalar vistas orales para escuchar los argumentos de las partes antes de decidir.

Lo aquí dispuesto es sin perjuicio del derecho que el Reclamante tiene a que su seguro de salud privado o público le brinde los beneficios de cubierta por aquéllos asuntos médicos que la ACAA le haya denegado por haberlo dado de alta o por habérsele brindado todos los servicios conforme a la Ley o porque no se hayan cubierto por no estar relacionados a un accidente de automóvil.  Se hace constar que en la Resolución dictada por el Director Regional, luego de la Vista Preliminar, se le advirtió al Reclamante de los derechos particulares adicionales a los que podría recurrir los que reiteramos.

Se ordena que el original de la presente Resolución sea archivado en el expediente de la reclamación y se proceda con la notificación a las partes.

Dada en San Juan, Puerto Rico, a 2 de septiembre de 2014.

Regístrese y Notifíquese.

DORELISSE JUARBE JIMÉNEZ
DIRECTORA EJECUTIVA

## NOTIFICACIÓN

Certifico que archivé en el expediente de este caso el original de la Resolución emitida y envié copia el 3 de septiembre de 2014, al Reclamante Sr. Rubén Muñiz Rubertê, por correo certificado con acuse de recibo y también por correo ordinario, a la siguiente dirección: Cuadrante B-20 20148, Box 900, Peñuelas, PR 00624.  Además, por

Rubén Muñiz Ruebríé
ACAA Núm: 10-251144-01
Página número 8

correo certificado con acuse de recibo y por correo ordinario al Ledo. Juan O. Rodríguez

López a P.O. Box 334515, Ponce, PR 00733-4515 y a la Lcda. Jetzabelle Prieto a PMB 189

609 Ave. Tito Castro, Suite 102 Ponce, PR 00716. Se certifica, además, que en esta misma

fecha hemos notificado por correo interno a la Sra. Damaris Figueroa, actual Directora

de la Oficina Regional de la ACAA en Ponce, a la Directora del Departamento Legal de

la ACAA, Lcda. María S. Hopgood, y a la Lcda. Claribel Hernández López, Oficial

Examinadora asignada al caso.

En San Juan, Puerto Rico, hoy  3  de septiembre de 2014.

Nombre funcionaria: _Jeanette López Pagán_

Posición: _Secretaria Gerencial III_



ESTADO LIBRE ASOCIADO DE
**PUERTO RICO**
Administración de Compensaciones por
Accidentes de Automóviles

| | |
|---|---|
| ACAA NÚMERO | 10-251144-01 |
| VÍCTIMA Y RECLAMANTE | RUBEN MUÑIZ RUBERTÉ |
| REPRESENTANTE LEGAL | LCDO. JUAN O. RODRÍGUEZ LÓPEZ LCDA. JETZABELLE PRIETO |
| SOBRE | SERVICIOS MÉDICO - HOPITALARIOS EXTENSIÓN DE CUBIERTA DE BENEFICIOS |
| FECHA ACCIDENTE | 8 DE OCTUBRE DE 2009 |



## RESOLUCIÓN

El 7 de agosto de 2012, el Director de la Oficina Regional de Ponce de la Administración de Compensaciones por Accidentes de Automóviles (ACAA) confirmó su decisión del 8 de mayo de 2012, mediante la cual se le denegó al Sr. Rubén Muñiz Ruberté, en adelante denominado "el Reclamante", su solicitud de extensión de cubierta de beneficios por considerarse el caso uno de sostén y mantenimiento.

Inconforme con la Resolución, el 28 de agosto de 2012, el Reclamante radicó oportunamente una solicitud de Audiencia Pública ante el Director Ejecutivo de la ACAA, Sr. Julio Alicea Vasallo, celebrándose la misma el 7 de diciembre de 2012.

Examinada la prueba documental y testifical que obra en el expediente administrativo, se establecen las siguientes:

## DETERMINACIONES DE HECHOS

1. El 8 de octubre de 2009, el Reclamante estuvo involucrado en un accidente de automóvil, sufriendo lesiones en varias partes del cuerpo.

249 Arterial Hostos San Juan, PR 00918-1449
PO Box 364847 San Juan, PR 00936-4847
787-759-8989



Rubén Muñiz Ruebrté
ACAA Núm.: 10-251144-01
Página número 2

2. La ACAA le ha suministrado al Reclamante todos los servicios medico-hospitalarios que su condición razonablemente ha requerido y que han sido recomendados por los médicos que lo han evaluado, según tiene derecho por las leyes, reglamentos y normas de la ACAA.

3. El 17 de abril de 2012, la Oficina Regional de Ponce consultó al Comité de Evaluación Médica del Departamento de Asuntos Médicos de la ACAA, en adelante "Comité de Evaluación Médica". El 30 de abril de 2012, el Comité de Evaluación Médica contestó consulta recomendando la denegación del caso por tratarse de un caso de sostén y mantenimiento.



4. El 8 de mayo de 2012, el Director de la Oficina Regional de la ACAA en Ponce denegó la solicitud de extensión de cubierta de beneficios del Reclamante basado en la recomendación del Comité de Evaluación Médica de 30 de abril de 2012.

5. El Reclamante radicó una solicitud de reconsideración el 25 de mayo de 2012, por lo que se celebró una Vista Preliminar el 28 de junio de 2012.

6. El 7 de agosto de 2012, el Director de la Oficina Regional de la ACAA en Ponce emitió una Resolución confirmando su decisión del 8 de mayo de 2012, mediante la cual se denegó al Reclamante su solicitud de extensión de cubierta de beneficios. Esta Resolución se notificó el 10 de agosto de 2012.

7. Inconforme con esta determinación, el 28 de agosto de 2012, el Reclamante radicó una solicitud de Audiencia Pública ante el Director Ejecutivo de la ACAA, Julio Alicea Vasallo, por lo que se celebró la misma el 7 de diciembre de 2012.

Rubén Muñiz Ruebrté
ACAA Núm.: 10-251144-01
Página número 3

8.  En la Audiencia Pública, el Reclamante indicó que era confinado y que sufrió un accidente de automóvil como pasajero de una guagua del Departamento de Corrección.  Explicó que como consecuencia del accidente sufrió lesiones en la espalda, ambas rodillas y fractura de los meniscos, entre otras lesiones.  Éste informó que recibió sesiones de terapia física con la Dra. Emma Carreras.  Solicitó que se le aprobara otra visita a la fisiatra para más terapias físicas, un mattress ortopédico, un andador, porque las muletas que tiene son de brazos y se le resbalan y una silla para el baño.  El Reclamante entiende que no ha recibido el nivel máximo de los beneficios.



9.  El 5 de febrero de 2013, la Oficial Examinadora asignada al caso presentó consulta al Comité de Evaluación Médica a base de la evidencia testifical y documental presentada por el Reclamante en la Audiencia Pública.

10. El 15 de marzo de 2013, el Comité de Evaluación Médica contestó la consulta, recomendando no extender la cubierta de los beneficios de la ACAA al Reclamante, porque de los documentos médicos que obran en el expediente administrativo del caso no se desprende que el Reclamante haya sufrido un trauma severo en el accidente que justifique la extensión de la cubierta.  También concluye que los estudios radiológicos realizados al Reclamante evidencian que éste presentaba cambios degenerativos crónicos, previos al accidente, que son consistentes con la descripción de historial médico pasado que el Reclamante informó en el Formulario ACAA 300-53.

Examinados los anteriores hechos a la luz del derecho aplicable, se procede a emitir las siguientes:

Rubén Muñiz Ruebrté
ACAA Núm.: 10-251144-01
Página número 4

## CONCLUSIONES DE DERECHO

La Sección 5.5 de la Ley Núm. 138 del 26 de junio de 1968, según enmendada y

conocida como Ley de Protección Social por Accidentes de Automóviles, en adelante

"Ley Núm. 138-1968, dispone lo siguiente:

SECCIÓN 5.5 – Beneficios Médico-Hospitalarios

(5)  Beneficios Médico-Hospitalarios y Quiroprácticos

(a)  La víctima tendrá derecho a recibir los servicios médicos, servicios quiroprácticos, de hospitalización, casas de convalecencia, rehabilitación y medicinas que su condición razonablemente, requiera durante el término de dos (2) años subsiguientes al accidente que estén disponibles dentro de la jurisdicción del Estado Libre Asociado de Puerto Rico.  En los casos de parapléjicos y cuadrapléjicos y en los casos de trauma severo y/o de fracturas múltiples con complicaciones de tal naturaleza que requieran atención médica prolongada, se podrán prestar dichos servicios por un término mayor a dos (2) años según lo disponga la Junta mediante reglamento.

A los efectos de los anterior "trauma severo" significará lesiones cuyo tratamiento y rehabilitación, a juicio de un Comité de Evaluación Médica creado por la Administración, requieran un término mayor de dos años". (Énfasis Nuestro)
...."

Por otro lado, la Regla 8B del Reglamento 6911 del 1 de diciembre de 2004, de la

Ley Núm. 138-1968, en adelante "Reglamento 6911", dispone lo siguiente:

"...

B .  Tipo de Tratamiento o Servicios que se Autorizarán

La víctima tendrá derecho a recibir los servicios médicos, de hospitalización, casas de convalecencia, rehabilitación y medicinas que sean médicamente necesarias durante el término de dos años subsiguientes al accidente siempre y cuando el tratamiento o la rehabilitación requerida sea de

Rubén Muñiz Ruebrté
ACAA Núm.: 10-251144-01
Página número 5

carácter activo. En los casos de parapléjicos y
cuadrapléjicos se prestarán servicios por un término mayor
de dos años. En los casos de fracturas múltiples, para tener
derecho a tratamiento por un término mayor de dos años
la víctima tendrá que cumplir con los mismos parámetros
que se le requiera a los casos de trauma severo.

En los casos de trauma severo se tendrá derecho a
tratamiento por un término mayor de dos años cuando
exista una o más lesiones médicas postraumáticas con
daño objetivo que limita la función de algún órgano o
sistema. El daño debe ser de tal naturaleza que limite al
individuo o lo imposibilite marcadamente para llevar a
cabo una o más funciones del diario vivir, según lo
determine el Comité de Evaluación Médica nombrado por
la Administración. Se incluyen aquí, también, aquellas
condiciones que como consecuencia del trauma resultaren
en lesiones que de no continuar su tratamiento causen
daños incapacitantes irreversibles en el individuo.

Sólo se tratará la lesión recibida o condición relacionada
directamente con el accidente. Lesiones o condiciones
secundarias, por ejemplo, caídas a causa de la lesión o
condición original, aquéllas a consecuencia de falta de
diligencia o negligencia del paciente o de las personas que
lo tratan o lo cuidan, reacciones alérgicas previsibles y
cualquiera otra que no sea una a consecuencia íntimamente
relacionada a la lesión o tratamiento, no estarán cubiertas.

No se autorizarán medicamentos o servicios dirigidos a
mitigar condiciones residuales (dolores) o crónicas, a
consecuencia o secundarias a la lesión original, excepto en
parapléjicos, cuadrapléjicos, casos de fracturas múltiples y
de trauma severo, según la necesidad médica del caso,
aprobado por el Comité de Evaluación Médica." (Énfasis
Nuestro)
..."



La Ley Núm. 138-1968, ante, y el Reglamento 6911, ante, disponen que como

norma general los beneficiarios de la ACAA tienen derecho a recibir los beneficios que

provee la Ley hasta un periodo de dos (2) años. Sólo en los casos de parapléjicos,

Rubén Muñiz Ruebrté
ACAA Núm.: 10-251144-01
Página número 6

cuadrapléjicos, fracturas múltiples y trauma severo, la Ley y el Reglamento proveen

para que la cubierta de beneficios provista por la ACAA sea extendida por un término

mayor a dos años. A estos efectos, la Ley Núm. 138-1968 y el Reglamento 6911 aclaran

que será el Comité de Evaluación Médica de la ACAA quien determinará qué lesiones

constituyen trauma severo y requieren tratamiento por un término mayor a los dos

años.

En el presente caso el Comité de Evaluación Médica concluyó en su contestación

a consulta que, a base de la evidencia documental que obra en el expediente

administrativo del caso, las lesiones sufridas por el Reclamante en el accidente no eran



trauma severo y que, por lo tanto, no procedía extender la cubierta por más de dos (2)

años.

Considerado el ordenamiento jurídico antes relacionado, los criterios que nos

guían, así como la recomendación del Comité de Evaluación Médica del Departamento

de Asuntos Médicos de la ACAA, se sostiene la Resolución del Director de la Oficina

Regional de la ACAA en Ponce del 7 de agosto de 2012, denegando al Reclamante su

solicitud de extensión de cubierta de beneficios.

Se dicta Resolución de conformidad.

Se le advierte al Reclamante que si no está de acuerdo con esta Decisión, podrá

radicar una solicitud de apelación ante la Secretaria de la Junta de Gobierno de la

ACAA, dentro de los treinta (30) días siguientes a la fecha de la notificación de la

presente Resolución a la siguiente dirección: PO Box 364847, San Juan, Puerto Rico

00936-4847. La Junta resolverá a base del expediente y récord ante sí, y de cualquier

Rubén Muñiz Ruebrté
ACAA Núm.: 10-251144-01
Página número 7

escrito que las partes interesen presentar. Además, la Junta podrá, a su discreción, señalar vistas orales para escuchar los argumentos de las partes antes de decidir.

Lo aquí dispuesto es sin perjuicio del derecho que el Reclamante tiene a que su seguro de salud privado o público le brinde los beneficios de cubierta por aquéllos asuntos médicos que la ACAA le haya denegado por haberlo dado de alta o por haberle brindado todos los servicios conforme a la Ley o porque no se hayan cubierto por no estar relacionados a un accidente de automóvil. Se hace constar que en la Resolución dictada por el Director Regional, luego de la Vista Preliminar, se le advirtió al Reclamante de los derechos particulares adicionales a los que podría recurrir los que reiteramos.

Se ordena que el original de la presente Resolución sea archivado en el expediente de la reclamación y se proceda con la notificación a las partes.

Dada en San Juan, Puerto Rico, a 2 de septiembre de 2014.

Regístrese y Notifíquese.

DORELISSE JUARBE JIMÉNEZ
DIRECTORA EJECUTIVA

## NOTIFICACIÓN

Certifico que archivé en el expediente de este caso el original de la Resolución emitida y envié copia el 3 de septiembre de 2014, al Reclamante Sr. Rubén Muñiz Ruberté, por correo certificado con acuse de recibo y también por correo ordinario, a la siguiente dirección: Cuadrante B-20 20148, Box 900, Peñuelas, PR 00624. Además, por

Rubén Muñiz Ruebrté
ACAA Núm.: 10-251144-01
Página número 8

correo certificado con acuse de recibo y por correo ordinario al Lcdo. Juan O. Rodríguez

López a P.O. Box 334515, Ponce, PR 00733-4515 y a la Lcda. Jetzabelle Prieto a PMB 189

609 Ave. Tito Castro, Suite 102 Ponce, PR 00716. Se certifica, además, que en esta misma

fecha hemos notificado por correo interno a la Sra. Damaris Figueroa, actual Directora

de la Oficina Regional de la ACAA en Ponce, a la Directora del Departamento Legal de

la ACAA, Lcda. María S. Hopgood, y a la Lcda. Claribel Hernández López, Oficial

Examinadora asignada al caso.

En San Juan, Puerto Rico, hoy **3** de septiembre de 2014.

Nombre funcionaria: _Jeanette López Pagán_

Posición: _Secretaria Gerencial III_

*17 mayo*

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**ADMINISTRACIÓN DE COMPENSACIONES POR ACCIDENTES DE AUTOMÓVILES**
**JUNTA DE GOBIERNO**

RUBEN MUÑIZ RUBERTÉ
Reclamante-Apelante

REPRESENTACIÓN LEGAL:
LCDO. JUAN O. RODRIGUEZ LÓPEZ
LCDA. JETZEBELLE PRIETO

FECHA DE ACCIDENTE:
8 de octubre de 2009

CASO NÚM. 10-251144-01

SOBRE:

Servicios Médico-Hospitalarios
Extensión de Cubierta de Beneficios

**RESOLUCION EN RECONSIDERACION**

El señor Rubén Muñiz Ruberté (en adelante "el Reclamante-Recurrente") presentó una comunicación escrita por derecho propio el día 13 de enero de 2015, según matasellos del sobre de envío, donde solicita la reconsideración en torno a la Resolución emitida por esta Junta de Gobierno de la Administración de Compensaciones por Accidentes de Automóviles (en adelante "ACAA") el 25 de noviembre de 2014 y notificada el 1 de diciembre del mismo año.

La Resolución recurrida concluyó que esta Junta de Gobierno carecía de jurisdicción para entender en sus méritos la apelación presentada por el Reclamante-Recurrente por haber sido la misma presentada fuera del término jurisdiccional y mandatorio dispuesto en la Ley Núm. 138 del 26 de junio de 1968, conocida como "Ley de Protección Social por Accidentes de Automóviles", 9 LPRA §2051 et seq. (en adelante la "Ley 138") y el Reglamento Núm. 6911, conocido como Reglamento Para la

**Exhibit 9**

Ley de ACAA del 1ro de diciembre de 2004 (en adelante el "Reglamento").  En su

consecuencia, la Resolución recurrida sostuvo la Resolución de la Directora Ejecutiva

emitida el día 2 de septiembre de 2014, confirmando a su vez la determinación previa

del 7 de agosto de 2012 denegando al Reclamante-Recurrente su solicitud de

extensión de beneficios.

La Regla 7H confiere a "la parte adversamente afectada por una Resolución de

la Junta de Directores" la opción de presentar una moción de reconsideración "dentro

del término de veinte (20) días desde la fecha de archivo en autos de la notificación de

la resolución".  Esta opción fue además incluida en la página diez (10) de la Resolución

recurrida donde claramente se le advertía al Reclamante-Recurrente lo siguiente:

ADVERTENCIA: Se le apercibe al Apelante que de no estar conforme con esta
Resolución podrá, dentro del término de veinte (20) días desde la fecha de archivo en
autos de la notificación de la Resolución, presentar una moción de reconsideración
ante la Junta de Gobierno.  La presentación  de una moción de reconsideración será
una medida opcional al alcance del Apelante, quien en la alternativa puede presentar
un recurso de Revisión Judicial ante el Tribunal de Apelaciones dentro de un término
jurisdiccional de treinta (30) días desde la fecha de archivo en autos de la notificación
de la presente Resolución... (Énfasis nuestro)

En su Moción Informativa de Exposición (en adelante "Moción") mediante la cual

solicita reconsideración de la decisión emitida por esta Junta, el Reclamante-

Recurrente asegura que tiene derecho a que se le brinde la extensión de cubierta de

servicios médicos solicitada debido a que continúa con padecimientos de salud y por

entender que "2 años de tratamiento no son suficientes para reparar los daños sufridos

por ese accidente".  El Reclamante-Recurrente plantea además que la notificación fue

"enviada el 15/diciembre/2014 y entregada a éste el "8/enero/2015" y argumenta que

no se le puede atribuir la negligencia de la Administración de Corrección ya que no se

encuentra en la libre comunidad donde tendría "la facilidad de contestar a tiempo las resoluciones y no perder los términos".

En torno a la fecha en que se le notificó al Reclamante-Recurrente la Resolución aquí recurrida, cabe señalar que el expediente administrativo contiene evidencia que demuestra, sin lugar a dudas, que la misma fue notificada al <u>Reclamante-Recurrente y a su representación legal de "récord"</u>, el día 1 de diciembre de 2014 por correo ordinario, según se desprende de la certificación de notificación y por correo certificado, conforme a los recibos del servicio postal.  En efecto, la representación legal de "récord" del Reclamante-Recurrente, Lcdo. Juan O Rodríguez López y la Lcda. Jetzabelle Prieto, acusaron recibo de la Resolución recurrida el día 6 y 2 del mes de diciembre del año 2014, respectivamente.  Lo anterior demuestra que la representación legal recibió la Resolución recurrida dentro del término aplicable de veinte (20) días desde la fecha de archivo en autos de la notificación para presentar una moción de reconsideración ante esta Junta de Gobierno.

Por otro lado, conforme a la fecha de notificación y los recibos del correo regular y correo certificado que constan en el expediente administrativo y en ausencia de evidencia contradictoria, el Reclamante-Recurrente fue debidamente notificado de la Resolución recurrida el día 1 de diciembre de 2014.  De igual manera, éste fue adecuadamente advertido sobre la opción de radicar una reconsideración dentro del término de veinte (20) días contados a partir de la fecha de archivo en autos de la notificación de la Resolución.  No obstante, el Reclamante-Recurrente presenta, por derecho propio, su reconsideración el día trece (13) de enero de dos mil quince (2015), cuarenta y tres (43) días después de la fecha de notificación de la Resolución recurrida

y veintitrés (23) días después del vencimiento del término para presentar la moción de reconsideración ante esta Junta de Gobierno sin presentar prueba para sustentar su alegación de que la Resolución recurrida le fue entregada el día 8 de enero de 2015. Así las cosas, y en ausencia de evidencia en contario, es forzoso concluir que la reconsideración fue presentada fuera del término provisto para ello.

En mérito de lo antes expuesto, declaramos **No Ha Lugar** la solicitud de reconsideración del Reclamante-Recurrente.

ADVERTENCIA: Se apercibe al Reclamante-Recurrente, que podrá presentar una solicitud de Revisión ante el Tribunal de Apelaciones dentro de un término de treinta (30) días, contados a partir de la fecha de archivo en autos de la copia de la notificación de esta Resolución en Reconsideración.

El escrito de Revisión ante el Tribunal de Apelaciones deberá radicarse personalmente ante la Secretaría de dicho Tribunal localizado en la Calle César González 675, San Juan, P.R. o por correo a la siguiente dirección: Tribunal de Apelaciones, P.O. Box 191067, San Juan, P.R. 00919-1067.

Copia de la solicitud de Revisión presentada ante el Tribunal de Apelaciones deberá enviarse por correo o entregarse personalmente, en o antes del término de 30 días antes referido, a la siguiente dirección:

JUNTA DE GOBIERNO
Administración de Compensaciones
por Accidentes de Automóviles
P.O. Box 364847
San Juan, P.R. 00936-4847

Calle Chardón, esq. Arterial Hostos
frente al Edificio Federal
Hato Rey, Puerto Rico

ASÍ LO RESOLVIÓ LA JUNTA DE GOBIERNO Y LO CERTIFICA LA SECRETARIA.

NOTIFÍQUESE.

En San Juan, Puerto Rico hoy 17 de _____marzo_____ de 2015.

_____
Marilena Román Gandulla
Secretaria

## NOTIFICACIÓN

CERTIFICO que se archivó en autos el original de esta Resolución y se envió copia de la presente Resolución el día 25 de _____marzo_____ de 2015, al Reclamante-Recurrente, Sr. Rubén Muñiz Ruberté, por correo certificado con acuse de recibo número 7006 3450 0003 9202 9844 y también por correo regular a su dirección de récord en: Cuadrante B-20 20148, Box 900, Peñuelas, PR 009624. Además, por correo certificado con acuse de recibo número 7006 3450 0003 9202 9851 y también por correo regular al Ledo. Juan O. Rodríguez López a P.O. Box 334515, Ponce, PR 00733-4515 y por correo certificado con acuse de recibo número 7006 3450 0003 9202 9868 y también por correo regular a la Lcda. Jetzabelle Prieto a PMB 189 609 Ave. Tito Castro, Suite 102, Ponce, PR 00716. Además, se envió copia por correo interno a la Sra. Damaris Figueroa, actual Directora Regional de la ACAA en Ponce.

En San Juan, Puerto Rico hoy 25 de _____marzo_____ de 2015.

_____
Lcda. María S. Hopgood Matías
Directora Ejecutiva Auxiliar Interina
Departamento de Asuntos Legales



**Estado Libre Asociado de Puerto Rico**
**Administración de Compensaciones por**
**Accidentes de Automóviles**
PO Box 364847 San Juan PR 00936-4847



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**

LCDO. JUAN O. RODRIGUEZ LOPEZ
PO BOX 334515
PONCE, PR 00733-4515

7006 3450 0003 9202 9851

7006 3450 0003 9202 9851



U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®

OFFICIAL USE

Postage $

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees $

Sent To LCDO. JUAN O. RODRIGUEZ LOPEZ
Street, Apt. No.;
or PO Box No. PO BOX 334515
City, State, ZIP+4 PONCE, PR 00733-4515

Postmark
Here

PS Form

2013 MAR 24  AM 9:39

Estado Libre Asociado de Puerto Rico
**Administración de Compensaciones por Accidentes de Automóviles**
PO Box 364847 San Juan PR 00936-4847



RUBEN MUÑIZ RUBERTE
CUADRANTE B-20 20148
BOX 900
PEÑUELAS, PR 00624

**CERTIFIED MAIL**

7006 3450 0003 9202 9844

7006 3450 0003 9202 9844

RUBEN MUÑIZ RUBERTE
CUADRANTE B-20 20148
BOX 900
PEÑUELAS, PR 00624

U.S. Postal Service™
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®

OFFICIAL USE

Postage $

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees $

Postmark
Here

2013 MAR 24   AM 9:39



**Estado Libre Asociado de Puerto Rico**
*Administración de Compensaciones por Accidentes de Automóviles*
PO Box 364847 San Juan PR 00936-4847



CERTIFIED MAIL

7006 3450 0003 9202 9868
7006 3450 0003 9202 9868



LCDA. JETZABELLE PRIETO
PMB 189
609 AVE. TITO CASTRO SUITE 102
PONCE , PR 00716

2015 MAR 24  AM 9: 39

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**ADMINISTRACIÓN DE COMPENSACIONES POR ACCIDENTES DE AUTOMÓVILES**
**JUNTA DE GOBIERNO**

RUBEN MUÑIZ RUBERTÉ
Reclamante-Apelante

REPRESENTACIÓN LEGAL:
LCDO. JUAN O. RODRIGUEZ LÓPEZ
LCDA. JETZEBELLE PRIETO

FECHA DE ACCIDENTE:
8 de octubre de 2009

CASO NÚM. 10-251144-01

SOBRE:

Servicios Médico-Hospitalarios
Extensión de Cubierta de Beneficios

### RESOLUCION

Rubén Muñiz Ruberté (en adelante "el Apelante") presentó por derecho propio una Carta Informativa de Exposición fechada el 6 de octubre de 2014 y recibida el 8 de octubre, donde solicita reconsideración en torno a la Resolución emitida el 2 de septiembre de 2014 y notificada el día 3 del mismo mes y año, por Dorelisse Juarbe Jiménez, Directora Ejecutiva de la Administración de Compensaciones por Accidentes de Automóviles (en adelante "ACAA"). Mediante la misma, se confirma la Resolución dictada y notificada el 7 de agosto de 2012 por el Director de la Oficina Regional de la ACAA en Ponce, en la cual se sostuvo a su vez una determinación anterior del 8 de mayo de 2012, en la que se le denegó al Apelante la solicitud de extensión de beneficios por tratarse de un caso de sostén y mantenimiento.

**Exhibit 7**

El plazo de treinta (30) días para solicitar apelación ante el secretario de la Junta es un término jurisdiccional a tenor con la letra clara y expresa del inciso (4) de la sección 13 de la Ley Núm. 138 del 26 de junio de 1968, conocida como "Ley de Protección Social por Accidentes de Automóviles", 9 LPRA §2051 et seq. (en adelante la "Ley 138") , según enmendada mediante la Ley Núm. 54 del 1ro de julio de 1986 y en virtud de la Regla 7(F) del Reglamento Núm. 6911, conocido como Reglamento Para la Ley de ACAA del 1ro de diciembre de 2004 (en adelante "el Reglamento de la Ley 138").

Surge del expediente administrativo que la Resolución de la Directora Ejecutiva de ACAA fue notificada por correo certificado el día 3 de septiembre de 2014 al Apelante y a su representación legal, Lcdos. Juan O. Rodríguez López y Jetzebelle Prieto y que el Lcdo. Juan O. Rodríguez acusó recibo de la misma el día 11 de septiembre de 2014.

La Carta Informativa de Exposición del Apelante tiene fecha del 6 de octubre de 2014 y fue recibida en ACAA el día 8 de octubre de 2014, fuera del término jurisdiccional y mandatorio impuesto por la Ley de ACAA y su Reglamento.  En la misiva, el Apelante reconoció que la Resolución fue notificada el día 3 de septiembre de 2014 pero que no fue hasta el día 2 de octubre que el Departamento de Corrección le hizo entrega de la Resolución con sus términos y que no estaba "en sus manos el control de la entrega de correspondencias" por lo que solicita "posponer nueva fecha de términos para poder cumplir fiel y exactamente con cualquier orden emitida".  En su consecuencia, el Apelante solicitó "nueva fecha de Resolución" para radicar en ley cualquier apelación ante ACAA.  Sin embargo, ni el Apelante ni su representación legal

2

sometió evidencia adicional a los fines de rebatir la evidencia que surge del expediente en torno a la fecha de notificación de la Resolución.

Examinado la totalidad del expediente administrativo, la evidencia no controvertida que surge del mismo, así como el derecho aplicable y ante el incumplimiento del Apelante con el término jurisdiccional de treinta (30) días para presentar la apelación a esta Junta de Gobierno, procede declarar no ha lugar la apelación presentada por carecer esta Junta de jurisdicción para entender en los méritos del asunto planteado, y por ende, sostener la Resolución de la Directora Ejecutiva emitida el día 2 de septiembre de 2014. *Veamos.*

La creación de la Administración de Compensaciones por Accidentes de Automóviles en virtud de la Ley Núm. 138 tuvo como propósito primordial atender una situación de carácter social relacionada con el gran número de accidentes en las vías de rodajes así como el incremento exponencial en la cantidad de víctimas involucradas en los mismos, proveyendo una compensación expedita a las víctimas para aliviar los sufrimientos y el desamparo provocados por esos accidentes de tránsito. *Morales v. Lizarríbar,* 100 DPR 717, (1972). Este fin social fue plasmado en la Exposición de Motivos de la Ley 138 al establecer claramente que:

...tiene como propósito fundamental el reducir a un mínimo los trágicos efectos económicos y sociales producidos por los accidentes de tránsito, sobre la familia y demás dependientes de sus víctimas. Provee un alivio al problema de las víctimas de accidentes de tránsito, proporcionando a éstas servicios médico-hospitalarios y unos ingresos que las libra de quedar en total desamparo y desvalimiento económico, así como compensaciones a los dependientes de víctimas fallecidas en tales accidentes." *Ortíz Morales v. ACAA*, 116 D.P.R. 387,390(1985); *Martínez v. ACAA*, 157 D.P.R. 108,121 (2002).

3

El carácter social de la Ley 138 como estatuto reparador reconoce una "interpretación razonable y balanceada que tienda a beneficiar al tutelado." De ahí que el Reglamento aprobado por la agencia en virtud de dicha legislación "no debe derrotar el espíritu que la inspiró". *Ortiz Morales v. ACAA*, 116 D.P.R. 387,391 (1985); *Martínez v. ACAA*, 157 D.P.R. 108,121 (2002).

A pesar de que nuestro Tribunal Supremo ha establecido en reiteradas ocasiones que los estatutos de protección social deben ser interpretados liberalmente con atención "a la consecución de los propósitos que lo inspiraron", dicha interpretación no puede "ampliar el ámbito de aplicación del estatuto **para extenderlo a situaciones no contempladas en el mismo.**" (Énfasis nuestro) *Martínez v. ACAA*, 157 D.P.R. 108,121 (2002). *Ruiz Firpo v. ACAA*, 109 DPR 1, 3 (1979). Ello es así, particularmente al interpretar legislaciones que proveen cubiertas de seguros públicos ya que incluir situaciones no cobijadas podría menoscabar la solvencia económica "del programa con el consiguiente perjuicio que ello implica". *Ruiz Firpo v. ACAA*, 109 DPR 1, 3 (1979).

La Sección 13 de la Ley 138, 9 L.P.R.A. §2061, citada aquí en lo pertinente, detalla el procedimiento de adjudicación de reclamaciones y apelaciones:

(1) El Director Ejecutivo investigará y resolverá las reclamaciones que se hagan a la Administración utilizando para ello los procedimientos que considere convenientes siempre que en ellos se garantice el derecho de las partes.

En caso de que un reclamante no estuviere conforme con la determinación que haga el Director Ejecutivo, podrá solicitar la reconsideración de ésta dentro de treinta (30) días a partir de la fecha de la notificación de la determinación o de la fecha del matasellos, si presentare dicho matasellos, la que fuere posterior. En esta etapa el reclamante podrá estar representado por abogado y hacer los planteamientos y presentará la evidencia que entienda conveniente. Si no estuviere de acuerdo con el resultado de la reconsideración podrá, dentro de treinta (30) días

a partir de la fecha de la notificación de la determinación en
reconsideración o de la fecha del matasellos, si presentare dicho
matasellos, la que fuere posterior, solicitar una audiencia pública
ante el Director Ejecutivo o un examinador designado por éste.
(...)

Una vez que se haya celebrado la audiencia, el Director Ejecutivo
hará sus determinaciones y conclusiones y suministrará a cada
parte copia de su decisión y de las determinaciones y
conclusiones que hayan servido de base a la misma. **Esta
decisión será final a menos que se inicie un recurso de
apelación ante la Junta.**

**(2) La apelación se formalizará presentando una solicitud de
apelación ante el Secretario de la Junta dentro de los treinta
(30) días a partir de la fecha de la notificación de la decisión
del Director Ejecutivo o de la fecha del matasellos,** si
presentare dicho matasellos, la que fuere posterior.

(...)

(3) La decisión de la Junta será final a menos que el reclamante o
el Director Ejecutivo solicite su revisión judicial radicando una
petición al efecto en el Tribunal de Circuito de Apelaciones,
dentro de treinta (30) días de haberse notificado por vía postal o
personalmente a las partes y a sus respectivos abogados de la
decisión de la Junta.

**(4) Todos los términos establecidos en esta Sección son de
carácter jurisdiccional y el incumplimiento de éstos priva a la
Administración o al tribunal de autoridad para entender en la
solicitud radicada.** Para efectos de la Administración la fecha de
radicación de una solicitud de reconsideración, de audiencia
pública ante el Director Ejecutivo, o de apelación ante la Junta de
Directores, será la fecha de recibo en la Administración, cuando
la solicitud se radique personalmente, o la de matasellos cuando
la misma se envíe por correo. (Énfasis suplido.)

La Regla 7(F) del Reglamento Núm. 6911, conocido como Reglamento Para la

Ley de ACAA del 1ro de diciembre de 2004 (en adelante "el Reglamento de la Ley

138), expone los términos para solicitar reconsideración en audiencia y para apelar. En

lo pertinente al caso de autos, dicha regla dispone lo siguiente:

5

En relación con accidentes ocurridos a partir del 1ro. de julio de 1986, **los términos indicados en la Ley para solicitar** reconsideración y audiencia, y **para apelar, son jurisdiccionales y mandatorios, y no podrá aceptarse ninguna solicitud de reconsideración o audiencia, ni apelación radicada fuera de tales términos.** (...)

Para efectos del cómputo de los términos dispuestos por Ley, se entenderá:

1. La fecha de la Notificación de la Decisión **será la fecha que aparezca en dicha notificación o la fecha del matasellos, si se presentare dicho matasellos, la que fuere posterior.**

2. La fecha de recibo en la Administración de la solicitud de reconsideración, audiencia pública o apelación a la Junta **será la del recibo efectivo en la Administración** o la del matasellos de envío, según fuera el caso. Cuando mediara una solicitud por correo y, a la vez entregada en la Administración, se considerará siempre la que fuera primera en tiempo como fecha de solicitud.

Para que un término transcurra en contra de un reclamante la notificación ha de ser válida en derecho y contener la advertencia correspondiente. Así por ejemplo, si se notificó la misma a una dirección que no fuera la última informada, o cuando no se notifique con copia al abogado de "récord", dicha notificación no será efectiva para efectos del cómputo de los términos. Sin embargo, se presumirá que toda comunicación enviada y no devuelta fue recibida, y toda alegación en contrario deberá evidenciarse con prueba robusta y convincente...

Según la exposición que precede, la Sección 13 de la Ley 138 dispone que, si el Apelante no estaba de acuerdo con el dictamen de la Resolución, éste tenía que presentar, por derecho propio o a través de su representación legal, una solicitud de apelación ante esta Junta <u>dentro de los treinta (30) días a partir de la notificación de la decisión de la Directora Ejecutiva o de la fecha del matasellos, si presentare dicho matasellos, la que fuera posterior.</u>   La referida sección 13 subraya clara e inequívocamente que este término es <u>jurisdiccional</u> y su incumplimiento tiene como

consecuencia ineludible el que se pierda la autoridad de dilucidar en sus méritos la solicitud presentada. De igual forma, la Regla 7(F) destaca el carácter <u>jurisdiccional</u> y <u>mandatario</u> del término para solicitar apelación para todos aquellos accidentes ocurridos a partir del 1ero de julio de 1986. Estos términos jurisdiccionales, distinto a cuando nos encontramos ante términos de cumplimiento estricto, son improrrogables por lo que <u>no están sujetos a interrupción o cumplimiento tardío</u>. *S.L.G. Szendrey-Ramos v. F. Castillo, 169 D.P.R. 873, 881-882 (2007).* Énfasis nuestro. De ahí que el incumplimiento con los mismos prive a la ACAA de jurisdicción para atender las reclamaciones instadas en los méritos.

Surge de la evidencia que obra en el expediente administrativo que la Resolución de la Directora Ejecutiva del 2 de septiembre de 2014 fue notificada el día 3 de septiembre de 2014 por correo ordinario, según se desprende de la certificación de notificación y por correo certificado, conforme lo demuestra los recibos a estos efectos del servicio postal. Dicha Resolución fue notificada <u>al Apelante y a su representación legal de "récord"</u>, Lcdo. Juan O. Rodríguez López y Lcda. Jetzebelle Prieto, a sus respectivas direcciones postales provistas por estos últimos durante la Audiencia Pública celebrada el día 7 de diciembre de 2013. Cabe señalar además, que el Lcdo. Juan O. Rodríguez acusó el recibo de la Resolución el día 11 de septiembre de 2014.

La Resolución de la Directora Ejecutiva disponía en su página seis (6) la siguiente advertencia:

"Se le advierte al Reclamante que si no está de acuerdo con esta Decisión, podrá radicar una solicitud de apelación ante la Secretaria de la Junta de Gobierno de la ACAA, **dentro de los treinta (30) días siguientes a la fecha de la notificación de la presente Resolución** a la

7

siguiente dirección: PO Box 364847, San Juan, Puerto Rico 00936-4847. La Junta resolverá a base del expediente y récord ante sí, y de cualquier escrito que las partes interesen presentar. Además, la Junta podrá, a su discreción, señalar vistas orales para escuchar los argumentos de las partes antes de decidir." Énfasis nuestro.

Conforme a la Sección 13 antes reseñada y a la advertencia que surgía de la propia Resolución, el Apelante tenía que presentar su solicitud de apelación ante la Junta de Gobierno dentro del término de treinta (30) días contados a partir del 3 de septiembre de 2014. Dicho término jurisdiccional para solicitar apelación ante esta Junta de Gobierno vencía el día 3 de octubre de 2014. Por el contrario, la Carta Informativa de Exposición del Apelante tiene fecha del 6 de octubre de 2014, por lo que es razonable asumir que la misma fue enviada en esa fecha ya que fue recibida en ACAA el día 8 de octubre de 2014, es decir, en exceso del vencimiento del término jurisdiccional aplicable. En la referida Carta, el Apelante aseveró que la Resolución fue notificada el día 3 de septiembre pero que no fue hasta el 2 de octubre que la recibió por lo que procedió a responsabilizar al Departamento de Corrección por el atraso en la entrega de la correspondencia. Sin embargo, surge claramente del récord que el Apelante, al igual que sus dos abogados de "récord" que comparecieron a la Audiencia Pública, fueron debidamente notificados de la Resolución el día 3 de septiembre de 2014. El Apelante no expuso ninguna alegación en contrario sustentada con prueba robusta y convincente tal y como lo requiere la Regla 7(F) antes reseñada. El récord administrativo demuestra además que uno de estos abogados en efecto acusó recibo de la Resolución de la Directora Ejecutiva el día 11 de septiembre, es decir, con amplio tiempo dentro del término jurisdiccional en cuestión.

8

Los hechos antes reseñados no fueron controvertidos por lo que, en su consecuencia, resulta forzoso concluir que el Apelante presentó su apelación en exceso del término jurisdiccional dispuesto por la Ley 138 y el Reglamento de la Ley 138 por lo que esta Junta de Gobierno carece de jurisdicción para considerarla en sus méritos.

A pesar de que la Ley 138 y su Reglamento deben ser interpretados de manera liberal debido a que persiguen un fin social, no se puede "extender por vía de interpretación las protecciones que se consagran en los mismos para que alcancen situaciones que no están contempladas en el esquema de operación del seguro." *Vda. de Salazar v. Admor. Fondo del Estado*, 76 D.P.R. 108, 120(1954); *Ruiz Firpo v. ACAA*, 109 D.P.R. 1, 3 (1979). Así pues, los términos jurisdiccionales impuestos en la Sección 13 de la Ley 138 así como en la Regla 7(F) del Reglamento de la Ley 138 no admiten excepciones.

Por consiguiente, y a la luz de la totalidad de la evidencia no controvertida que obra en el expediente administrativo evaluada conforme a las disposiciones estatutarias y reglamentarias que rigen los procedimientos ante la ACAA y su Junta de Gobierno, esta Junta resuelve que la solicitud de apelación de fecha 6 de octubre de 2014, recibida en ACAA el 8 de octubre, fue presentada fuera del término jurisdiccional y mandatorio dispuesto en la ley y el Reglamento.

## RESOLUCIÓN

**POR TODO LO CUAL**, por carecer de jurisdicción esta Junta para entender en sus méritos la apelación presentada por el Apelante, se sostiene la Resolución de la

9

Directora Ejecutiva emitida el día 2 de septiembre de 2014, la cual confirmó la determinación del 7 de agosto de 2012 denegando al Apelante la solicitud de extensión de beneficios.

**ADVERTENCIA**: Se le apercibe al Apelante que de no estar conforme con esta Resolución podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la Resolución, presentar una moción de reconsideración de la Resolución ante la Junta de Gobierno. La presentación de una moción de reconsideración será una medida opcional al alcance del Apelante, quien en la alternativa puede presentar un recurso de Revisión Judicial ante el Tribunal de Apelaciones dentro de un término jurisdiccional de treinta (30) días desde la fecha de archivo en autos de la notificación de la presente Resolución.

Si el Apelante opta por presentar una moción de reconsideración ante esta Junta de Gobierno, se le apercibe que si la Junta de Gobierno rechaza de plano la moción de reconsideración, el término de treinta (30) días para solicitar Revisión Judicial de la presente Resolución comenzará a partir de la fecha en que se notifique la denegatoria de la reconsideración.

Si esta Junta de Gobierno no actúa sobre la moción de reconsideración dentro de los quince (15) días de haberse presentado la misma, el término de treinta (30) días para solicitar Revisión Judicial de la presente Resolución comenzará a partir de la fecha de expiración del referido término de quince (15) días.

Si, por el contrario, esta Junta de Gobierno toma alguna determinación referente a la moción de reconsideración, el plazo de treinta (30) días para solicitar revisión judicial sobre la Resolución de la Junta de Gobierno resolviendo definitivamente la

moción de reconsideración, comenzará a partir de la fecha en que se archive en autos copia de la notificación de esta última Resolución.

Si esta Junta de Gobierno deja de tomar alguna acción con respecto a una moción de reconsideración acogida para resolución dentro de los noventa (90) días de haber sido ésta radicada, se entenderá que este Junta de Gobierno ha perdido jurisdicción sobre la misma y el plazo de treinta (30) días para solicitar Revisión Judicial ante el Tribunal de Apelaciones comenzará a partir de la fecha de expiración de dicho término de noventa (90) días.

El escrito de Revisión ante el Tribunal de Apelaciones deberá radicarse personalmente ante la Secretaría de dicho Tribunal localizado en la Calle César González 675, San Juan, P.R. o por correo a la siguiente dirección:   Tribunal de Apelaciones, P.O. Box 191067, San Juan, P.R. 00919-1067.

Copia de la solicitud de Revisión presentada ante el Tribunal de Apelaciones deberá enviarse por correo o entregarse personalmente, en o antes del término de 30 días antes referido, a la siguiente dirección:

JUNTA DE GOBIERNO
Administración de Compensaciones
por Accidentes de Automóviles
P.O. Box 364847
San Juan, P.R. 00936-4847

Calle Chardón, esq. Arterial Hostos
frente al Edificio Federal
Hato Rey, Puerto Rico

ASÍ LO RESOLVIÓ LA JUNTA DE GOBIERNO Y LO CERTIFICA LA SECRETARIA.

NOTIFÍQUESE.

En San Juan, Puerto Rico hoy _25_ de _noviembre_ de 2014.

_(signature)_

Marilena Román Gandulla
Secretaria

## NOTIFICACIÓN

**CERTIFICO** que se archivó en autos el original de esta Resolución y se envió copia de la presente Resolución el día __1__ de _diciembre_ de 2014, al Apelante, Sr. Rubén Muñiz Ruberté, por correo certificado con acuse de recibo número _7006 3450 0005 9202 9578_ y también por correo regular a su dirección de récord en: Cuadrante B-20 20148, Box 900, Peñuelas, PR 00624. Además, por correo certificado con acuse de recibo número _7006 3450 0003 9202 9554_ y también por correo regular al Lcdo. Juan O. Rodríguez López a P.O. Box 334515, Ponce, PR 00733-4515 y por correo certificado con acuse de recibo número _7006 3450 0003 9202 9561_ y también por correo regular a la Lcda. Jetzabelle Prieto a PMB 189 609 Ave. Tito Castro, Suite 102, Ponce, PR 00716. Además, se envió copia por correo interno a la Sra. Damaris Figueroa, actual Directora Regional de la ACAA en Ponce.

En San Juan, Puerto Rico hoy __1__ de _diciembre_ de 2014.

_(signature)_

Lcda. María S. Hopgood Matías
Directora Ejecutiva Auxiliar Interina
Departamento de Asuntos Legales

12

RECIBIDO-ACAA
CORREO
SERVICIOS GENERALES.

2014 DEC -1 AM 8: 12



PONCE, PR 00733-4515
PO BOX 334515
LCDO. JUAN O. RODRIGUEZ LOPEZ
Sent To

Total Postage & Fees   $

Restricted Delivery Fee
(Endorsement Required)

Return Receipt Fee
(Endorsement Required)

Postmark
Here

Certified Fee

Postage   $

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

(Domestic Mail Only; No Insurance Coverage Provided)

**CERTIFIED MAIL™ RECEIPT**

**U.S. Postal Service™**

7006 3450 0003 9526 4554

**CERTIFIED MAIL**

---

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

ESTADO LIBRE ASOCIADO DE
PUERTO RICO
Administración de Compensaciones por
Accidentes de Automóviles

**DEPARTAMENTO DE ASUNTOS LEGALES**
PO BOX 364847
SAN JUAN PR 00936-4847



SR. RUBEN MUÑIZ RUBERTE
CUADRANTE B-20 20148
BOX 900
PEÑUELAS, PR 00624

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

LCDO. JUAN O. RODRIGUEZ LOPEZ
PO BOX 334515
PONCE, PR 00733-4515

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Juan ORL_        ☐ Agent
                    ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

   DEC 05 2014

3. Service Type
   ☐ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)      7006 3450 0003 9202 9554

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

SR. RUBEN MUÑIZ RUBERTE
CUADRANTE B-20 20148
BOX 900
PEÑUELAS, PR 00624

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                     ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

DEC 17 2014

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

7006 3450 0003 9202 9578

PS Form 3811, February 2004      Domestic Return Receipt      *02595-02-M-1540*

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

RECIBIDO-ACAA
CORREO
SERVICIOS GENERALES

2014 DEC -1 AM 8:12

° Sender: Please print your name, address, and ZIP+4 in this box °



ESTADO LIBRE ASOCIADO DE
PUERTO RICO
Administración de Compensaciones por
Accidentes de Automóviles

DEPARTAMENTO DE ASUNTOS LEGALES
PO BOX 364847
SAN JUAN PR 00936-4847

Lcda. Hopgood

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

7006 3450 0003 9202 9561

Sent To
LCDA. JETZABELLE PRIETO
Street, Apt. No.; or PO Box No.
PMB 189
City, State, ZIP+4
609 AVE. TITO CASTRO SUITE 102
PONCE, PR 00716

PS Form 3800, August

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X _____ ☐ Agent  ☐ Addressee <br> B. Received by (*Printed Name*)   C. Date of Delivery <br> Pedro Ayala   12/2/14 |
| 1. Article Addressed to: <br><br> LCDA. JETZABELLE PRIETO <br> PMB 189 <br> 609 AVE. TITO CASTRO SUITE 102 <br> PONCE, PR 00716 | D. Is delivery address different from item 1? ☐ Yes <br> If YES, enter delivery address below:  ☐ No <br><br> 3. Service Type <br> ☐ Certified Mail  ☐ Express Mail <br> ☐ Registered  ☐ Return Receipt for Merchandise <br> ☐ Insured Mail  ☐ C.O.D. <br> 4. Restricted Delivery? (*Extra Fee*)  ☐ Yes |
| 2. Article Number <br> *(Transfer from service label)* | 7006 3450 0003 9202 9561 |

PS Form **3811**, February 2004          Domestic Return Receipt                    102595-02-M-1540



U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

GPO SAN JUAN PR
DEC 01 2014
USPS - 00936

Sent To  LCDA. JETZABELLE PRIETO
Street, Apt. No.; or PO Box No.  PMB 189
City, State, ZIP+4  609 AVE. TITO CASTRO SUITE 102
PONCE, PR 00716

PS Form 3800, August

*7/ junio*

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**ADMINISTRACIÓN DE COMPENSACIONES POR ACCIDENTES DE AUTOMÓVILES**
**JUNTA DE GOBIERNO**

RUBEN MUÑIZ RUBERTÉ
Reclamante-Apelante

REPRESENTACIÓN LEGAL:
Por Derecho Propio

FECHA DE ACCIDENTE:
8 de octubre de 2009

CASO NÚM. 10-251144-01

SOBRE:

Servicios Médico-Hospitalarios
Extensión de Cubierta de Beneficios

## RESOLUCIÓN

El 17 de marzo de 2015, notificada el día 25 del mismo mes y año, esta Junta de

Gobierno de la Administración de Compensaciones por Accidentes de Automóviles (en

adelante "ACAA")  emitió una Resolución en Reconsideración conforme a la cual se

declaró **No Ha Lugar** la solicitud de reconsideración presentada por el señor Rubén

Muñiz Ruberté (en adelante el "Apelante") por haber sido la misma presentada fuera

del término provisto para ello en la Regla 7(H)[1] del Reglamento Núm. 6911, conocido

como Reglamento Para la Ley de ACAA del 1ro de diciembre de 2004 (en adelante "el

Reglamento 6911").  En la Resolución recurrida, dictada el día 25 de noviembre de

2014 y notificada el 1 de diciembre de 2014, esta Junta se declaró sin jurisdicción para

entender en sus méritos la apelación presentada por el Apelante por haber sido la

---

[1] La Regla 7 del Reglamento Núm. 6911 del 1 de diciembre de 2004 fue derogada en su totalidad y
aprobada una nueva Regla 7 con vigencia el 12 de mayo de 2015.            **Exhibit 11**

misma presentada fuera del término jurisdiccional y mandatorio dispuesto en la sección 13 de la Ley Núm. 138 del 26 de junio de 1968, conocida como "Ley de Protección Social por Accidentes de Automóviles", 9 LPRA §2051 et seq. (en adelante la "Ley 138") , según enmendada mediante la Ley Núm. 54 del 1ro de julio de 1986 y en virtud de la Regla 7(F) del Reglamento Núm. 6911.

Posteriormente, el Apelante presentó por derecho propio un recurso de revisión judicial ante el Tribunal de Apelaciones mediante el cual solicitó la revisión de la Resolución de esta Junta de Gobierno dictada el 25 de noviembre de 2014.  El Tribunal de Apelaciones acogió el recurso presentado por el Apelante y mediante sentencia dictada el día 31 de marzo de 2016, notificada el 8 de abril de 2016, bajo el caso Núm. KLRA201500510, revocó la Resolución recurrida y ordenó a la Junta de Gobierno a "atender y adjudicar la reconsideración presentada por el señor Muñiz el 6 de octubre de 2014 y continuar con el proceso administrativo conforme a la Ley de Procedimiento Administrativo Uniforme, *supra*, y el Reglamento 6911, *supra*".

Así las cosas, esta Junta de Gobierno tiene ante sí la apelación en torno a la Resolución emitida el 2 de septiembre de 2014 y notificada el día 3 del mismo mes y año, por Dorelisse Juarbe Jiménez, entonces Directora Ejecutiva de la ACAA, en la que se confirma la Resolución dictada y notificada el 7 de agosto de 2012 por el Director de la Oficina Regional de la ACAA en Ponce, denegando al Apelante la solicitud de extensión de beneficios debido a que las lesiones sufridas por éste a raíz del accidente no constituían trauma severo para recibir beneficios en exceso del término establecido por la Ley 138 y el Reglamento 6911 de ACAA.

El Apelante en su "Carta Informativa en Cumplimiento con la Resolución del 3 de septiembre de 2014" del 6 de octubre de 2014, no indica la razones por las que entiende que la ACAA le deba conceder la cubierta de beneficios en exceso del término de dos (2) años que, como norma general, tienen derecho a recibir los beneficiarios de la ACAA. En este escrito, el Apelante se limitó a exponer que el atraso en la entrega de la correspondencia, además de estar fuera de su control, le imposibilitaba cumplir con los términos de la ley. Posteriormente, en su "Moción Informativa de Exposición" del 13 de enero de 2015, en adición al planteamiento sobre el atraso en la correspondencia, el Apelante indica en términos generales, que padece de daños irreparables en su salud física y mental sin ver mejorías en su padecimiento de salud. Alude también el Apelante a que el término de dos (2) años no es suficiente para reparar los daños sufridos por éste a raíz del accidente y que la Administración de Corrección ofrece un tratamiento incompleto e ineficiente. Insiste en que ACAA le provea, según solicitado por la Dra. Emma Carreras, reevaluación con fisiatra para ver si se le pueden dar más terapias físicas, un mattress ortopédico (de "foam") y un andador debido a que las muletas que tiene son de brazo y se le resbalan.[2] Finalmente, señala que se siente frustrado y deprimido ya que su condición física a causa del accidente le impide trabajar y completar su ajuste institucional.

Sin embargo, no surge de las comunicaciones escritas presentadas por el Apelante argumentos adicionales para derrotar la presunción de regularidad y corrección atribuible a las determinaciones de hechos de las agencias administrativas. A nuestro juicio, tampoco se demostró que las determinaciones de hechos contenidas

---

[2] El Apelante indicó que lo único que había recibido era la silla de baño por lo que la solicitud de que ACAA le provea una silla de baño resulta académica.

en la Resolución aludida no estaban fundamentadas en evidencia sustancial que conforman el expediente. La determinación del Comité de Evaluación Médica, a base de la evidencia documental que obra en el expediente administrativo, no fue derrotada por otra evidencia que menoscabara su valor probatorio.

Así las cosas y habiendo examinado la totalidad del expediente administrativo, la evidencia no controvertida que surge del mismo, las alegaciones presentadas por el Apelante en su "Carta Informativa en Cumplimiento con la Resolución del 3 de septiembre de 2014" y "Moción Informativa de Exposición", así como el derecho aplicable, esta Junta confirma la Resolución de la entonces Directora Ejecutiva de fecha 2 de septiembre de 2014. Ello basado en las siguientes determinaciones de hechos, según establecidas en la Resolución, las cuales al no ser controvertidas por el Apelante las hacemos formar parte de este Informe:

## DETERMINACIONES DE HECHOS

1. El 8 de octubre de 2009, el Apelante[3] estuvo involucrado en un accidente de automóvil, sufriendo lesiones en varias partes del cuerpo.

2. La ACAA le ha suministrado al Apelante todos los servicios médico-hospitalarios que su condición razonablemente ha requerido y que han sido recomendados por los médicos que lo han evaluado, según tiene derecho por las leyes, reglamentos y normas de la ACAA.

3. El 17 de abril de 2012, la Oficina Regional de Ponce consultó con al Comité de Evaluación Médica del Departamento de Asuntos Médicos de la ACAA, en adelante "Comité de Evaluación Médica". El 30 de abril de 2012, el Comité de

---

[3] En las determinaciones de hechos hacemos referencia al Apelante en lugar del Reclamante por encontrarnos en la etapa Apelativa ante la Junta de Gobierno.

Evaluación Médica contestó consulta recomendando la denegación del caso por tratarse de un caso de sostén y mantenimiento.

4. El 8 de mayo de 2012, el Director de la Oficina Regional de la ACAA en Ponce denegó la solicitud de extensión de cubierta de beneficios del Apelante basado en la recomendación del Comité de Evaluación Médica de 30 de abril de 2012.

5. El Apelante radicó una solicitud de reconsideración el 25 de mayo de 2012, por lo que se celebró una Vista Preliminar el 28 de junio de 2012.

6. El 7 de agosto de 2012, el Director de la Oficina Regional de la ACAA en Ponce emitió una Resolución confirmando su decisión del 8 de mayo de 2012, mediante la cual se denegó al Apelante su solicitud de extensión de cubierta de beneficios. Esta Resolución se notificó el 10 de agosto de 2012.

7. Inconforme con esta determinación, el 28 de agosto de 2012, el Apelante radicó una solicitud de Audiencia Pública ante el Director Ejecutivo de la ACAA, Julio Alícea Vasallo, por lo que se celebró la misma el 7 de diciembre de 2012.

8. En la Audiencia Pública, el Apelante indicó que era confinado y que sufrió un accidente de automóvil como pasajero de una guagua del Departamento de Corrección. Explicó que como consecuencia del accidente sufrió lesiones en la espalda, ambas rodillas y fractura de los meniscos, entre otras lesiones. Éste informó que recibió sesiones de terapia física con la Dra. Emma Carreras. Solicitó que se le aprobara otra visita a la fisiatra para más terapias físicas, un mattress ortopédico, un andador, porque las muletas que tiene son de brazos y se le resbalan y una silla para el baño. El Apelante entiende que no ha recibido el nivel máximo de los beneficios.

9. El 5 de febrero de 2013, la Oficial Examinadora asignada al caso presentó consulta al Comité de Evaluación Médica a base de la evidencia testifical y documental presentada por el Apelante en la Audiencia Pública.

10. El 15 de marzo de 2013, el Comité de Evaluación Médica contestó la consulta, recomendando no extender la cubierta de los beneficios de la ACA al Apelante, porque de los documentos médicos que obran en el expediente administrativo del caso no se desprende que el Apelante haya sufrido un trauma severo en el accidente que justifique la extensión de la cubierta. También concluye que los estudios radiológicos realizados al Apelante evidencian que éste presentaba cambios degenerativos crónicos, previos al accidente, que son consistentes con la descripción de historial médico pasado que el Apelante informó en el Formulario ACAA 300-53.

De conformidad con los anteriores hechos y a la luz del derecho aplicable, se procede a emitir las siguientes:

## CONCLUSIONES DE DERECHO

La creación de la Administración de Compensaciones por Accidentes de Automóviles en virtud de la Ley 138 tuvo como propósito primordial atender una situación de carácter social relacionada con el gran número de accidentes en las vías de rodajes así como el incremento exponencial en la cantidad de víctimas involucradas en los mismos, proveyendo una compensación expedita a las víctimas para aliviar los sufrimientos y el desamparo provocados por esos accidentes de tránsito. *Morales v. Lizarríbar,* 100 DPR 717, (1972). Este fin social fue plasmado en la Exposición de Motivos de la Ley 138 al establecer claramente que esta legislación:

"...tiene como propósito fundamental el reducir a un mínimo los trágicos efectos económicos y sociales producidos por los accidentes de tránsito, sobre la familia y demás dependientes de sus víctimas.  Provee un alivio al problema de las víctimas de accidentes de tránsito, proporcionando a éstas servicios médico-hospitalarios y unos ingresos que las libra de quedar en total desamparo y desvalimiento económico, así como compensaciones a los dependientes de víctimas fallecidas en tales accidentes." *Ortiz Morales v. ACAA*, 116 D.P.R. 387,390 (1985); *Martínez v. ACAA*, 157 D.P.R. 108,121 (2002).

Cónsono con la intención primordial de este estatuto, en éste se incorporaron trámites sencillos y flexibles para hacer viable la reparación del daño a la víctima.  De igual manera, el carácter social de la Ley 138 como estatuto reparador reconoce una "interpretación razonable y balanceada que tienda a beneficiar al tutelado."  De ahí que el Reglamento aprobado por la agencia en virtud de dicha legislación "no debe derrotar el espíritu que la inspiró". *Ortiz Morales v. ACAA*, 116 D.P.R. 387,391 (1985); *Martínez v. ACAA*, 157 D.P.R. 108,121 (2002).

A pesar de que nuestro Tribunal Supremo ha establecido en reiteradas ocasiones que los estatutos de protección social deben ser interpretados liberalmente con atención "a la consecución de los propósitos que lo inspiraron", dicha interpretación no puede "ampliar el ámbito de aplicación del estatuto **para extenderlo a situaciones no contempladas en el mismo.**" (Énfasis nuestro) *Martínez v. ACAA*, 157 D.P.R. 108,121 (2002). *Ruiz Firpo v. ACAA*, 109 DPR 1, 3 (1979).  Ello es así, particularmente al interpretar legislaciones que proveen cubiertas de seguros públicos ya que incluir situaciones no cobijadas podría menoscabar la solvencia económica "del programa con el consiguiente perjuicio que ello implica". *Ruiz Firpo v. ACAA*, 109 DPR 1, 3 (1979).

La Sección 5(1)(A) de la Ley 138 dispone, en términos generales, que los beneficios a los que tendrá derecho la víctima "incluyen pagos por incapacidad,

servicios médico-hospitalarios, servicios quiroprácticos, desmembramiento, muerte y gastos funerales". Como parte de los beneficios médico-hospitalarios, "la víctima tendrá derecho a recibir los servicios médicos...rehabilitación y medicinas que su condición razonablemente requiera **durante el término de dos (2) años subsiguientes al accidente...**"(Énfasis Nuestro) *Véase Sección 5(5) de la Ley 138.*

No obstante lo anterior, la Sección 5(5) provee para la extensión de la cubierta de servicios en los casos de **trauma severo** con complicaciones que requieran atención médica prolongada con sujeción a lo que disponga la Junta mediante reglamento. Según dispone la citada Sección, un **"trauma severo"** son aquellas "lesiones cuyo tratamiento y rehabilitación, **a juicio de un comité de evaluación médica** creado por la Administración, requieran un término mayor de dos (2) años". (Énfasis nuestro)

Por su parte, la Regla 8(B) del Reglamento 6911 detalla los beneficios médicos-hospitalarios a los que tendrá derecho la víctima y dispone en lo pertinente que:

La víctima tendrá derecho a recibir los servicios médicos, de hospitalización, casas de convalecencia, rehabilitación y medicinas que sean médicamente necesarias durante el término de dos años subsiguientes al accidente siempre y cuando el tratamiento o rehabilitación requerida sea de carácter activo...En los casos de fracturas múltiples, para tener derecho a tratamiento por un término mayor de dos años la víctima tendrá que cumplir con los mismos parámetros que se le requieren a los casos de trauma severo.

En los casos de **trauma severo se tendrá derecho a tratamiento por un término mayor de dos años cuando exista una o más lesiones médicas postraumáticas con daño objetivo que limite la función de algún órgano o sistema. El daño debe ser de tal naturaleza que limite al individuo o lo imposibilite marcadamente para llevar a cabo una o más funciones del diario vivir, según lo determine el Comité de Evaluación Médica nombrado por la Administración.** Se incluyen aquí, también, aquellas condiciones que como consecuencia del trauma resultaren en lesiones que de no continuar su tratamiento causen daños incapacitantes irreversibles en el individuo.

**Solo se tratará la lesión recibida o condición relacionada directamente con el accidente.** Lesiones o condiciones secundarias...**y cualquier otra que no sea una a consecuencia íntimamente relacionada a la lesión o tratamiento, no estarán cubiertas.**

No se autorizarán medicamentos o servicios dirigidos a mitigar condiciones residuales (dolores) o crónicas, a consecuencia o secundarias a la lesión original, excepto en parapléjicos, cuadrapléjicos, casos de fracturas múltiples y de trauma severo **según la necesidad médica del caso, aprobado por el Comité de Evaluación Médica.** (Énfasis nuestro)

De igual manera, la Regla 8(U) del Reglamento de la Ley 138 reafirma que ACAA no proveerá compensación para servicios o cubierta por: (i) tratamiento de condiciones no relacionadas con un accidente de automóvil cubierto por la Ley; (ii) "tratamiento paliativo" descrito como aquél que "provee alivio pero no cura" y (iii) "tratamiento de mantenimiento" que solamente persigue mantener función en estado actual y no persigue mejoramiento. *Véase incisos (3), (22) y (23) de la Regla 8(U) del Reglamento de la Ley 138.*

Tal y como dicta el derecho aplicable, la ACAA proveerá aquellos servicios médicos hospitalarios que la condición de la víctima razonablemente requiera, que sean médicamente necesarios y que estén relacionados con un accidente de automóvil cubierto por la Ley 138. La condición física de la víctima y el tratamiento requerido son determinados por los médicos que prestan servicios a la ACAA.

El Apelante estuvo recibiendo los servicios médico-hospitalarios que su condición razonablemente requirió dentro del plan de tratamiento recomendado y establecido por los médicos que evaluaron su condición y necesidad médica a raíz del accidente de tránsito en el cual estuvo involucrado. Como norma general, la Ley 138 y el Reglamento 6911 establecen que la ACAA proveerá servicios médicos que sean necesarios hasta un máximo de dos (2) años contados a partir de la fecha del

accidente. Conforme lo establece la Sección 5(5) de la Ley 138 y la Regla 8(B) del

Reglamento de la Ley 138, solo en los casos de parapléjicos, cuadrapléjicos, fracturas

múltiples y en aquellos en que la lesión cumple con los criterios de trauma severo, se

proveerá tratamiento por un término mayor de dos (2) años, siempre y cuando el

Comité de Evaluación Médica de la ACAA determine la procedencia del tratamiento

prolongado. En los hechos particulares bajo nuestra consideración, el caso del

Apelante fue sometido en dos (2) ocasiones para evaluación ante el Comité de

Evaluación Médica de la ACAA. En la primera consulta con fecha de 30 de abril de

2012, el Comité de Evaluación Médica recomendó denegar la solicitud del Apelante por

tratarse de un "caso de sostén y mantenimiento". Además de exponer esta razón para

la denegación, el Comité incluyó en su decisión, comentarios a los efectos de que el

"lesionado demostraba cambios degenerativos severos, condición ya preexistente

(artritis) no relacionados a trauma". Énfasis nuestro. Es decir, el Comité de Evaluación

Médica, basado en el expediente médico del Apelante, concluyó que el Apelante

reflejaba una condición degenerativa desde antes del accidente y no cumplía con los

criterios necesarios de una condición de trauma severo para tener derecho a recibir

servicios médicos en exceso del término de (2) años. Esta determinación del Comité

de Evaluación Médica sirvió de base para la Decisión de Denegación emitida el 8 de

mayo de 2012 por el Director de la Oficina Regional de la ACAA en Ponce, la cual fue

posteriormente sostenida mediante Resolución a esos efectos dictada el día 7 de

agosto de 2012.

Inconforme con la determinación de denegación de extensión de cubierta, el

Apelante solicitó Audiencia Pública ante el Director Ejecutivo de la ACAA, la cual fue

celebrada el día 7 de diciembre de 2012 ante la Oficial Examinadora, Lcda. Claribel Hernández López. En la Audiencia Pública, el Apelante, quien estuvo representado por abogados, sometió como evidencia una certificación de la Dra. Emma Carreras del 14 de abril de 2011 en la cual se recomienda que se le provea a éste un "mattress de foam" y una orden del médico de la institución correccional en la que solicita que se le provea una silla para la bañera. *Véase Exhibit I y II de la Parte Reclamante.*

Posterior a la celebración de la Audiencia Pública, el caso fue presentado por segunda vez ante el Comité de Evaluación Médica para analizar nuevamente la procedencia de la extensión de cubierta más allá de los dos años y la solicitud de evaluación de fisiatra, mattress de foam, andador y silla de baño. En esta ocasión, la Oficial Examinadora que presenta la consulta sometió además la evidencia presentada por el Apelante en la Audiencia Pública, marcada como *Exhibit I y II de la Parte Reclamante*. En su determinación del 14 de marzo de 2013, el Comité de Evaluación Médica, luego de una evaluación exhaustiva de todos los documentos que forman parte del expediente del Apelante, concluyó que las alegadas lesiones corporales sufridas por éste no reúnen los criterios para ser consideradas como trauma severo. De esta manera, bajo las secciones antes citadas de la Ley 138 y el Reglamento 6911, resulta improcedente el tratamiento prolongado solicitado por el Apelante. Cabe señalar además que el Comité de Evaluación Médica determinó que resultaba evidente e incontrovertido el hecho de que en la forma ACAA 300-53A completada por el Apelante, éste describe historial de dolores de cuello, hombros, manos, muñecas, espalda baja, cadera y rodillas desde antes del accidente. No solo la información brindada por el propio Apelante reflejaba una condición preexistente sino que también

los estudios radiológicos realizados a poco tiempo de sufrir el accidente demuestran, a juicio del Comité de Evaluación Médica, cambios degenerativos crónicos, cónsonos con la descripción del historial pasado de la forma ACAA 300-53A.

La letra del Reglamento de la Ley 138 es clara e inequívoca a los fines de que ACAA únicamente ofrecerá cubierta por lesiones o condiciones que tengan un nexo causal con el accidente.  La Sección 5(5) y la Regla 8(B) reafirman que el Apelante tendrá derecho a recibir únicamente aquellos servicios médicos que su condición razonablemente requiera y que sean médicamente necesarias.  Tampoco se autorizarán servicios médicos para tratar condiciones crónicas ni aquellos tratamientos considerados como paliativos, entiéndase, aquellos que proveen alivio pero no curan, excepto en casos de pacientes con trauma severo, entre otros.  *Véase Regla 8(B) y Regla 8(U)(22)*  Además, para poder recibir tratamiento en exceso del término de dos (2) años a partir del accidente vehicular, la Sección 5(5) de la Ley 138 y la Regla 8(B) requieren un diagnóstico de trauma severo según la necesidad médica y conforme a la determinación y aprobación del Comité de Evaluación Médica.  La prueba documental que obra en el expediente demuestra que el Comité de Evaluación Médica de ACAA concluyó que no procedía ofrecer cubierta en exceso del término de los dos (2) años fundamentado en que el Apelante presentaba una condición preexistente degenerativa y que las lesiones sufridas no cumplían con el requisito de trauma severo.  Estas determinaciones y recomendaciones del Comité de Evaluación Médica de la ACAA fueron acogidas en las Determinaciones de Hechos y Conclusiones de Derecho contenidas en la Resolución de la entonces Directora Ejecutiva del 2 de septiembre de 2014.

Es norma establecida que las determinaciones de hechos de las agencias administrativas gozan de una presunción de regularidad y corrección que debe ser respetada a menos que la parte impugnante demuestre que las mismas no están fundamentadas en evidencia sustancial mediante la presentación de evidencia suficiente para derrotarlas. *Otero v. Toyota*, 163 D.P.R. 716 (2005), *Misión Industrial v. Junta de Planificación*, 146 D.P.R. 64,130 (1998); *Facultad para las Ciencias Sociales Aplicadas, Inc. v. Consejo de Educación Superior*, 133 D.P.R. 521,532 (1993).

De esta manera, la parte que impugne las determinaciones administrativas, deberá evidenciar la existencia de otra prueba en el expediente administrativo que reduzca o menoscabe el valor probatorio de la evidencia impugnada y que demuestre que la determinación de la agencia no fue razonable de acuerdo con la totalidad de la prueba ante su consideración. La parte impugnante deberá demostrar que la evidencia en la cual se apoyó la agencia para formular tales determinaciones no es sustancial. *Otero v. Toyota*, 163 D.P.R. 716,727-728 (2005); *Misión Industrial v. Junta de Planificación*, 146 D.P.R. 64,130 (1998). El criterio de evidencia "sustancial", según definido en numerosas ocasiones por nuestro Tribunal Supremo responde a toda "aquella evidencia que una mente razonable podría aceptar como adecuada para sostener una conclusión". *Hilton Hotels v. Junta de Salario Mínimo*, 74 D.P.R. 670, 687 (1953); *Misión Industrial v. Junta de Planificación*, 146 D.P.R. 64,130 (1998); *Pacheco Torres v. Estancias de Yauco*, 160 D.P.R. 409, 432 (2003); *Otero v. Toyota*, 163 D.P.R. 716,728 (2005).

Los escritos presentados por el Apelante no ofrecen argumentos adicionales en torno a la severidad de sus lesiones para cumplir con el requisito de trauma severo y

recibir cubierta de beneficios en exceso del término de dos (2) años que provee la Ley

138 y el Reglamento 6911.  Tampoco el Apelante ofrece explicación alguna en torno a

la determinación del Comité de Evaluación Médico sobre el hecho de que éste

presentaba cambios degenerativos crónicos e historial de dolores de cuello, hombros,

manos, muñecas, espalda baja, cadera y rodillas con anterioridad a sufrir el accidente

de tránsito.

De esta manera, esta Junta de Gobierno entiende que el Apelante no pudo

derrotar la presunción de regularidad y corrección de las Determinaciones de Hechos

contenidas en la Resolución de la entonces Directora Ejecutiva del 2 de septiembre de

2014, las cuales a su vez fueron fundamentadas en las determinaciones

incontrovertidas del Comité de Evaluación Médica, que descansaron en la totalidad del

expediente del Apelante.

A pesar de que la Ley 138 y su Reglamento deben ser interpretados de manera

liberal debido a que persiguen un fin social, no se puede "extender por vía de

interpretación las protecciones que se consagran en los mismos para que alcancen

situaciones que no están contempladas en el esquema de operación del seguro." *Vda.*

*de Salazar v. Admor. Fondo del Estado*, 76 D.P.R. 108, 120(1954); *Ruiz Firpo v.*

*ACAA*, 109 D.P.R. 1, 3 (1979).  La Sección 5(5) de la Ley 138 al igual que la Regla 8(B)

disponen claramente que ACAA: (i) cubrirá el tratamiento prolongado únicamente en

casos de que la lesión cumpla con los criterios de trauma severo según lo determine y

apruebe un Comité de Evaluación Médica; y (ii) no cubrirá lesiones incidentales o

secundarias con excepción de un trauma severo, entre otros, siempre que medie la

aprobación del Comité de Evaluación Médica.   Además, la Regla 8(U)(22) del

Reglamento 6911 señala que ACAA no proveerá compensación o cubierta de "tratamiento paliativo", el cual provee alivio pero no cura. En el caso particular del Apelante, en dos ocasiones el Comité de Evaluación Médica concluyó que su caso era uno de "sostén y mantenimiento" y que sus lesiones no constituían un diagnóstico de trauma severo. Además, la segunda consulta concluyó que el Apelante presentaba cambios degenerativos crónicos cónsonos con el historial de lesiones y dolores que padecía desde antes de verse involucrado en el accidente de tránsito. Así las cosas, resulta evidente que al Apelante se le prestaron todos los servicios y atención médica para su sintomatología, producto de las lesiones sufridas por éste en el accidente de automóvil del 8 de octubre de 2009.

A la luz de la totalidad de la prueba que obra en el expediente administrativo, así como de las determinaciones del Comité de Evaluación Médica basados en el ordenamiento jurídico existente, esta Junta resuelve sostener la determinación de denegar la extensión de cubierta solicitada por considerar que las lesiones sufridas por el Apelante en el accidente no eran trauma severo y que, por lo tanto, no procede extender la cubierta por más de dos (2) años. De igual forma, resolvemos que son correctas las Conclusiones de Derecho esbozadas en la Resolución de la entonces Directora Ejecutiva del 2 de septiembre de 2014, con respecto a que conforme a tales hechos probados, no procede aprobar la extensión de cubierta solicitada por la Apelante.

**POR TODO LO CUAL**, en consideración a estos principios y a base de la totalidad de la evidencia, bajo criterios de razonabilidad, se sostiene la Resolución emitida por la entonces Directora Ejecutiva el día 2 de septiembre de 2014, la cual

15

confirmó la Resolución del 7 de agosto de 2012 del Director de la Oficina Regional de la ACAA en Ponce denegando al Apelante la solicitud de extensión de beneficios.

**ADVERTENCIA:** Se le apercibe al Apelante que de no estar conforme con esta Resolución podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la Resolución, presentar una moción de reconsideración de la Resolución ante la Junta de Gobierno. La Junta de Gobierno deberá considerarla dentro de los quince (15) días de haberse presentado dicha moción. La presentación de una moción de reconsideración será una medida opcional al alcance del Apelante, quien en la alternativa, puede presentar un recurso de Revisión Judicial ante el Tribunal de Apelaciones dentro de un término jurisdiccional de treinta (30) días desde la fecha de archivo en autos de la notificación de la presente Resolución.

Si el Apelante opta por presentar una moción de reconsideración ante esta Junta de Gobierno, se le apercibe que si la Junta de Gobierno rechaza de plano la moción de reconsideración, el término de treinta (30) días para solicitar Revisión Judicial de la presente Resolución comenzará a partir de la fecha en que se notifique la denegatoria de la reconsideración.

Si esta Junta de Gobierno no actúa sobre la moción de reconsideración dentro de los quince (15) días de haberse presentado la misma, el término de treinta (30) días para solicitar Revisión Judicial de la presente Resolución comenzará a partir de la fecha de expiración del referido término de quince (15) días.

Si, por el contrario, esta Junta de Gobierno toma alguna determinación referente a la moción de reconsideración, el término de treinta (30) días para solicitar revisión judicial sobre la Resolución de la Junta de Gobierno resolviendo definitivamente la

moción de reconsideración, comenzará a partir de la fecha en que se archive en autos copia de la notificación de esta última Resolución.

Si esta Junta de Gobierno deja de tomar alguna acción con respecto a una moción de reconsideración acogida para resolución dentro de los noventa (90) días de haber sido ésta radicada, se entenderá que este Junta de Gobierno ha perdido jurisdicción sobre la misma y el plazo de treinta (30) días para solicitar Revisión Judicial ante el Tribunal de Apelaciones comenzará a partir de la fecha de expiración de dicho término de noventa (90) días.

El escrito de Revisión ante el Tribunal de Apelaciones deberá radicarse personalmente ante la Secretaría de dicho Tribunal localizado en el Edificio World Plaza, 268 Ave. Muñoz Rivera, Nivel Plaza, Hato Rey, Puerto Rico o por correo a la siguiente dirección: Tribunal de Apelaciones, P.O. Box 191067, San Juan, P.R. 00919-1067.

Copia de la solicitud de Revisión presentada ante el Tribunal de Apelaciones deberá enviarse por correo o entregarse personalmente, en o antes del término de 30 días antes referido, a la siguiente dirección:

JUNTA DE GOBIERNO
Administración de Compensaciones
por Accidentes de Automóviles
P.O. Box 364847
San Juan, P.R. 00936-4847

Calle Chardón, esq. Arterial Hostos
frente al Edificio Federal
Hato Rey, Puerto Rico

**ASÍ LO RESOLVIÓ LA JUNTA DE GOBIERNO Y LO CERTIFICA LA SECRETARIA.**

**NOTIFíQUESE.**

En San Juan, Puerto Rico hoy 7 de ___junio___ de 2016.

_____

Carlos Miranda Cordoves
Secretario Interino

## NOTIFICACIÓN

**CERTIFICO** que se archivó en autos el original de esta Resolución y se envió copia de la presente Resolución el día 12 de ___julio___ de 2016, al Apelante, Rubén Muñiz Ruberté, personalmente y por correo certificado con acuse de recibo número 7013 0600 0000 9601 4445 a su dirección de récord en Inst. Ponce 224 Control 25, Sección Violeta Celda #130, PO Box 7126, Ponce, P.R. 00732 y por correo certificado con acuse de recibo número 7013 0600 0000 9601 4438 a la siguiente dirección: Ponce Principal Fase 3 C-N Naranja, Celda #109, PO Box 7285, Ponce, PR 00732 Además, se envió copia por correo interno a la Sra. Damaris Figueroa, actual Directora de la Oficina Regional de ACAA en Ponce.

En San Juan, Puerto Rico hoy 12 de ___julio___ de 2016.

_____

Lcda. María S. Hopgood Matías
Directora
Departamento de Asuntos Legales

18

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE APELACIONES**
**REGIÓN JUDICIAL DE BAYAMÓN**
**PANEL V**

| | | |
|---|---|---|
| **RUBEN MUÑIZ RUBERTÉ**<br><br>**RECURRENTE**<br><br>Vs.<br><br>**ADMINISTRACIÓN DE COMPENSACIONES POR ACCIDENTES DE AUTOMÓVILES (ACAA)**<br><br>**RECURRIDA** | **NÚM. CASO TA**<br><u>**KLRA201500510**</u> | **REVISIÓN**<br>**Procedente de la Administración de Compensaciones por Accidentes de Automóviles**<br><br>**SOBRE: Servicio Médico Extensión de Cubierta de Beneficios)**<br><br>**Caso Núm.**<br>**10-251144-01** |

<u>**MOCIÓN EN**</u>
<u>**CUMPLIMIENTO DE ORDEN Y NOTIFICANDO COPIA DE RESOLUCION**</u>
<u>**DE LA JUNTA DE GOBIERNO DE LA ACAA.**</u>

**AL HONORABLE TRIBUNAL DE APELACIONES:**

Comparece la parte recurrida, Administración de Compensaciones por Accidentes de Automóviles (en adelante la ACAA), por conducto del represente legal que suscribe y muy respetuosamente **EXPONE, ALEGA Y SOLICITA:**

1- Con fecha de 26 de agosto de 2016, fue remitida notificación de Resolución en el caso de epígrafe, mediante la cual se le requirió a la ACAA remitir copia de la Resolución emitida el 7 de junio de 2016, en el término de diez (10) días contados a partir de la notificación de la Resolución.

2- Dentro del término concedido, comparecemos para dar cumplimiento a lo ordenado. Se aneja y se hace formar parte de la presente, copia de la Resolución de la Junta de Gobierno de la ACAA, emitida en el caso de Don Rubén Muñiz Ruberté con fecha de 7 de junio de 2016. El original de la Resolución fue archivada en Autos del expediente administrativo, el 12 de julio de 2016 y en esa misma fecha se entregó personalmente copia al Reclamante.

**POR TODO LO CUAL,** se solicita de este Honorable Tribunal tome conocimiento de nuestra comparecencia y del cumplimiento de la parte compareciente con lo ordenado, con cualquier otro pronunciamiento que en derecho proceda.

**CERTIFICO:** En esta misma fecha se ha notificado, copia fiel y exacta del presente escrito al Sr. Rubén Muñiz Ruberté a Institución Ponce 224, Control 24, Sección Violeta, Celda 130, PO Box 7126, Ponce, PR 00732; Administración de Corrección – División Legal a PO Box 71308 San Juan, PR 00936; Administración de Corrección – Oficina de Records a PO Box

Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE BAYAMÓN
PANEL V

| | |
|---|---|
| RUBÉN MUÑÍZ RUBERTÉ<br><br>Recurrente<br><br>v.<br><br>ADMINITRACIÓN DE COMPENSACIÓN POR ACCIDENTES DE AUTOMÓVILES (ACAA)<br><br>Recurrido | *REVISIÓN* procedente de la Administración de Compensación por Accidente de Automóviles<br><br>Civil. Núm. 10-251144-01<br><br>Sobre: Servicios Médicos Extensión de Cubierta de Beneficios |

KLRA20150510

Panel integrado por su presidente, el juez Piñero González, las juezas Birriel Cardona y Surén Fuentes.

**Birriel Cardona, Jueza Ponente**

# SENTENCIA

En San Juan, Puerto Rico, a <u>31</u> de marzo de 2016.

Comparece el señor Rubén Muñiz Ruberté (señor Muñiz o el recurrente), por derecho propio y quien se encuentra ingresado en una institución penal, mediante recurso revisión judicial de epígrafe recibido por este Tribunal el 12 de mayo de 2015[1]. Solicita la revisión de la Resolución emitida por la Administración de Compensaciones por Accidentes de Automóviles (ACAA o




---

[1] El recurso de revisión judicial fue firmado por el señor Muñiz el 6 de mayo de 2015 y utilizaremos esta fecha para los efectos de auscultar nuestra jurisdicción y contabilizar los treinta (30) días disponibles para solicitar revisión, contados a partir del archivo en autos de copia de la notificación. Ello, a los efectos de cumplir con la Regla 57 del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. XXII-B, R. 57, que expone que "[e]l escrito inicial de revisión deberá ser presentado dentro del término jurisdiccional de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia".

**Exhibit 10**

KLRA201500510 2

parte recurrida) el 25 de noviembre de 2014 y enviada por correo el 1 de diciembre del mismo año.

Para disponer la presente solicitud prescindiremos de la comparecencia de la parte recurrida según nos faculta la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B, R. 7(B)(5), y como nos permite la Sección 4.6 de LPAU, 3 L.P.R.A. sec. 2176[2].

Por los fundamentos expuestos a continuación, se revoca la Resolución recurrida.

I.

El señor Muñiz se encuentra confinado desde el 2007 y actualmente cumple su sentencia en la Institución Correccional Ponce 224. Estando bajo la custodia del Estado el señor Muñiz sufrió lesiones como consecuencia de un accidente de automóvil ocurrido el 8 de octubre de 2009 en donde viajaba como pasajero de una guagua del Departamento de Corrección y Rehabilitación. Consecuentemente, recibió servicios médicos por cuenta y costo de ACAA.

Surge de la copia del expediente administrativo que el 8 de mayo de 2012 la ACAA emite *Decisión de Denegación del Director Ejecutivo por Servicio Médico* mediante la cual se deniega la extensión de los beneficios recibidos por el señor Muñiz.

Posteriormente, y en ajustada síntesis, surge lo siguiente: el 28 de junio de 2012 se celebra una Vista; el

---

[2] Dicha sección expresa, en su parte pertinente, que no será obligatoria la comparecencia del Estado Libre Asociado ante el Tribunal de Apelaciones a menos que así lo ordene el tribunal.

3

7 de agosto de 2012, notificada el 10 del mismo mes y año, se emite una *Resolución del Director Regional Sobre Conferencia Preliminar* en donde se confirma la decisión tomada el 8 de mayo de 2012; y el 7 de diciembre de 2012 se celebra una Audiencia ante el Director Ejecutivo conforme a la Regla 7(G) del *REGLAMENTO PARA LA LEY DE PROTECCIÓN SOCIAL POR ACCIDENTES DE AUTOMÓVILES*, Reglamento 6911 del 1 de diciembre de 2004 (Reglamento 6911).

Finalmente, el 2 de septiembre de 2014, ACAA Resolución en donde determina, en síntesis, que no procede extender la extensión de cubierta y por tanto, tampoco los servicios ni el equipo médico solicitado por el señor Muñiz. La misma fue notificada al siguiente día siendo enviada por correo certificado y por correo regular al recurrente[3] y a los licenciados Juan Rodríguez López y Jetzabelle Prieto[4]; a cada uno de forma separada.

Inconforme, el 6 de octubre de 2014, recibida por ACAA el 15 del mismo mes y año, el señor Muñiz escribe una Carta Informativa mediante la cual indica que la Resolución emitida el 2 de septiembre de 2014 le fue entregada a su persona el 2 de octubre de 2014 y que por lo tanto le era imposible cumplir con el término de veinte (20) días para presentar su reconsideración final ante la

---

[3] Dicha correspondencia le fue enviada al señor Muñiz a la siguiente dirección: Cuadrante B-20 20148 Box 900, Peñuelas, PR 00624.
[4] Según el señor Muñiz estos licenciados acudieron a la vista celebrada el 7 de diciembre de 2012 únicamente y **no** fungen como su representación legal.

Junta de Directores conforme a la Regla 7(H) del Reglamento 6911.

**En respuesta, el 25 de noviembre de 2014, notificada el 1 de diciembre del mismo año, ACAA emite la Resolución recurrida en donde determina que no tiene jurisdicción para entender en los méritos la reconsideración del señor Muñiz por ésta haberse presentado fuera de término.** Apoya su determinación al indicar que todas las notificaciones también se han cursado a los abogados de récord por lo que no había razón para no actuar dentro de los veinte (20) días dispuestos por el Reglamento 6911.



El 9 de enero de 2015 el señor Muñiz envía otra Carta Informativa[5] a la ACAA. La misma fue recibida por ACAA el 14 de enero de 2015 y en ella expresa que no se le puede penalizar por algo sobre lo que él que no tienen control, que es el manejo de correspondencia a los confinados. A modo de sustentar su postura- y siendo medular para la controversia de autos- éste señala particularmente que, a pesar de que la Resolución emitida el 25 de noviembre de 2014 fue notificada el 1 de diciembre de 2014, **la misma fue recibida en la Institución Correccional el 17 de diciembre de 2014 y le fue entregada a él el 8 de enero de 2015.** De los autos no se desprende que ACAA le haya correspondido.

---

[5] Se desprende del sobre utilizado por el señor Muñiz que su dirección postal cambió y que su nueva dirección es: Institución Ponce 224-Control 25, Sección Violeta, Celda #130, P.O. Box 7126, Ponce, PR 00732.

Así las cosas, el 5 de mayo de 2015 el señor Muñiz redacta otra carta y recalca su cambio de dirección. Indica que dicho cambio se debe dado a que "ya Corrección no tiene contrato con el correo de Peñuelas". Destaca además que los abogados a los cuales ACAA les notifica copia de las Resoluciones no son sus abogados ya que él no tiene con qué pagarle honorarios. Nuevamente le solicita a ACAA una oportunidad o extensión del término para atender su reconsideración por entender que el presentó sus escritos a tiempo basándose el cómputo del término desde que él fue notificado.

Finalmente, el 17 de marzo de 2015, notificada el 25 de marzo de 2015, ACAA emite otra Resolución en donde indica que la reconsideración no cumple con el término aplicable de veinte (20) días. Concluye ACAA que, en ausencia de prueba que sustente la fecha en que Corrección le entregó al recurrente copia de las resoluciones, el señor Muñiz fue debidamente notificado y por lo tanto declara no ha lugar la solicitud de reconsideración por estar en destiempo.

Con firma del 6 de mayo de 2015, el 12 de ese mes y año el señor Muñiz acude ante este tribunal mediante la presente solicitud de revisión judicial. A modo de resumen, se desprende de su escrito que el recurrente alega que erró ACAA en no considerar que él no tiene control del manejo de la correspondencia y que por lo tanto no tiene la culpa



6

de que cuando recibe copia de las notificaciones ya han vencido los términos.

II.

Es norma conocida que la solicitud de revisión judicial se presenta contra la determinación final de una agencia administrativa. *Depto. Educ. v. Sindicato Puertorriqueño*, 168 D.P.R. 527 (2006); *Procuradora Paciente v. MCS*, 163 D.P.R. 21 (2004). Véase además, Ley Núm. 201-2003, según enmendada, conocida como la Ley de la Judicatura de 2003, 4 L.P.R.A. sec. 24, *et seq.*; Ley Núm. 170 de 12 de agosto de 1988, según enmendada, conocida como Ley de Procedimiento Administrativo Uniforme (LPAU), 3 L.P.R.A. sec. 2101, *et seq.*; y la Regla 56 del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B, R. 56.



Particularmente, el Art. 4.006 de la Ley de la Judicatura de 2003, 4 L.P.R.A. sec. 24y, establece en su inciso (c) la competencia del Tribunal de Apelaciones. A esos efectos, dispone que este foro conocerá mediante una solicitud de revisión judicial las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas.

Por su parte, la Sección 4.2 de la LPAU, 3 L.P.R.A. sec. 2172, establece que una parte adversamente afectada por una orden o resolución final de una agencia, y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente, **podrá presentar una solicitud de revisión ante el Tribunal de**



**Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia.** O, a partir de la fecha aplicable de las dispuestas en la Sección 2165 cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. La doctrina que exige que la revisión judicial esté disponible después que se hayan agotado todos los remedios y procesos administrativos permite que la agencia cumpla, de manera informada y fundamentada, su función como brazo ejecutivo del Gobierno, antes de que los tribunales pasen juicio sobre sus determinaciones. *Rivera v. E.L.A.*, 121 D.P.R. 582 (1988).

Nuestro más alto foro ha expresado que una orden o resolución final es aquella que culmina el procedimiento administrativo; tiene efectos sustanciales sobre las partes; y resuelve todas las controversias ante la agencia, sin dejar pendiente algún aspecto para ser decidido en el futuro. *A.R.P.E. v. Coordinadora*, 165 D.P.R. 850 (2005). Se trata de la resolución que culmina en forma final el procedimiento administrativo respecto a todas las controversias. *Comisionado de Seguros v. Universal*, 167 D.P.R. 21 (2006). Ello a su vez hace ejecutable entre las partes la decisión administrativa y por ende susceptible de revisión judicial. *Íd.*

A los efectos de determinar cuándo comienza a decursar el término de treinta (30) que tiene una parte para -conforme a lo establecido en la Sección 4.2 de la LPAU, *supra*- presentar una solicitud de revisión ante el Tribunal de Apelaciones, es meritorio que la notificación de la orden o resolución final, o su reconsideración, haya sido notificada de acuerdo a LPAU. Véase, Sección 3.14 y 3.15, 3 L.P.R.A. sec. 2164 y 2165.

Particularmente, la Sección 3.14 de LPAU, *supra*, establece, en su parte pertinente, que:

> La orden o resolución final advertirá el derecho de solicitar la reconsideración ante la agencia o de instar el recurso de revisión judicial como cuestión de derecho ante el Tribunal de Apelaciones, <u>así como las partes que deberán ser notificadas del recurso de revisión,</u> **con expresión de los términos correspondientes. <u>Cumplido este requisito comenzarán a correr dichos términos.</u>**

> La agencia deberá especificar en la certificación de sus órdenes o resoluciones los nombres y direcciones de las personas -naturales o jurídicas- a quienes, en calidad de partes, les fue notificado el dictamen, a los fines de que éstas puedan ejercer efectivamente el derecho a la revisión judicial conferido por ley.

> **La agencia deberá notificar por correo a las partes, y a sus abogados de tenerlos, la orden o resolución a la brevedad posible,** y deberá archivar en autos copia de la orden o resolución final y de la constancia de la notificación. **<u>Una parte no podrá ser requerida a cumplir con una orden final a menos que dicha parte haya sido notificada de la misma.</u>** (Énfasis nuestro).

En esta etapa, una vez la agencia administrativa emite la orden o resolución, la parte puede solicitar la reconsideración de la determinación administrativa o




recurrir a través del recurso de revisión judicial directamente al Tribunal de Apelaciones. En caso de que la parte determine solicitar la reconsideración de la determinación administrativa, la LPAU establece en su Sección 3.15, *supra*, que **la parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden.** (Énfasis nuestro).[6]

Destacamos que "parte" según definido por LPAU significa toda persona o agencia autorizada por ley a quien se dirige específicamente la acción de una agencia o que sea parte en dicha acción, o que se le permita intervenir o participar en la misma, o que haya radicado una petición para la revisión o cumplimiento de una orden, o que sea designada como parte en dicho procedimiento. Véase, Sección 1.2, 3 L.P.R.A. sec. 2102.

---

[6] Por ser de aplicación al caso de autos, la Sección 13 de la Ley Núm. 138 del 26 de junio de 1968, según enmendada, conocida como "Ley de Protección Social por Accidentes de Automóviles", 9 L.P.R.A. sec. 2061, establece en lo pertinente:

> En caso de que un reclamante no estuviere conforme con la determinación que haga el Director Ejecutivo, podrá solicitar la reconsideración de ésta dentro de treinta (30) días a partir de la fecha de la notificación de la determinación o de la fecha del matasellos, si presentare dicho matasellos, la que fuere posterior. En esta etapa el reclamante podrá estar representado por abogado y hacer los planteamientos y presentará la evidencia que entienda conveniente. Si no estuviere de acuerdo con el resultado de la reconsideración podrá, dentro de treinta (30) días a partir de la fecha de la notificación de la determinación en reconsideración o de la fecha del matasellos, si presentare dicho matasellos, la que fuere posterior, solicitar una audiencia pública ante el Director Ejecutivo o un examinador designado por éste.

### III.

El señor Muñiz está inconforme con la Resolución de ACAA emitida el 2 de septiembre de 2014 en donde se le deniega la extensión de cubierta de los beneficios provistos por la agencia. De dicha Resolución, la cual le fue entregada a su persona el 2 de octubre de 2014, es que éste solicita la Reconsideración que le fue denegada en donde ACAA indica que carece de jurisdicción por la reconsideración estar fuera del término jurisdiccional de veinte (20) días. Siendo estos contados desde el 3 de septiembre, fecha en que se notificó la Resolución del 2 del mismo mes y año.



Dicha Resolución está fechada el 25 de noviembre de 2015 y expresa que fue notificada el 1 de diciembre del mismo año. Sin embargo, el recurrente nos plantea que erró, en ajustada síntesis, al ACAA determinar que no tenía jurisdicción para atender su reconsideración por esta haberse presentado fuera de término. Fundamenta su reclamo al expresar que ACAA no consideró que él no tiene control ni manejo de su correspondencia, la cual le fue realmente entregada a escasos días de vencer el término de presentación aplicable, por lo que se le imposibilita cumplir con el término jurisdiccional que fue computado sin considerar su situación de reclusión. Le asiste la razón.

Sabido es que la parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción

de reconsideración de la resolución u orden. Véase Sección 4.2 de la LPAU, *supra*. Por ende, si la Resolución emitida por ACAA el 2 de septiembre 2014, enviada por correo el día siguiente, le fue entregada al señor Muñiz en la institución carcelaria en donde se encuentra el 2 de octubre de 2014, es imposible que el señor Muñiz redacte y presente su solicitud si los veinte (20) días se cuentan a partir del 3 de septiembre de 2014. De igual manera ocurre con todas las demás Resoluciones emitidas por ACAA, las cuales no le llegan a las manos del señor Muñiz en el tiempo razonable al que sí le llegarían si estuviera en la libre comunidad.

Es imperativo que la ACAA tome en consideración las circunstancias particulares en las cuales se encuentra el señor Muñiz, el cual le ha dejado saber a la agencia que no ostenta representación legal y que no recibe la correspondencia a tiempo. En adición, del expediente administrativo del caso de autos **no** existe evidencia fehaciente de la fecha exacta en que el recurrente, el cual reiteramos que se encuentra confinado, haya recibido copia de las diversas determinaciones de ACAA emitidas desde septiembre de 2014 al presente. Únicamente conocemos la fecha de recibo según indica el propio recurrente en sus múltiples cartas y mociones.

**Recordemos que cónsono con el precepto de la notificación, el Tribunal Supremo ha resuelto que el derecho a una notificación adecuada es parte del**

12

**debido proceso de ley.** (Énfasis nuestro). *Maldonado v. Junta de Planificación*, 171 D.P.R. 46 (2007). Si el señor Muñiz no se ha enterado de la determinación de la agencia, por éste encontrarse confinado y no tener control de la correspondencia, lo correcto es contabilizar los términos jurisdiccionales desde que éste adviene en conocimiento de la determinación de la agencia. Lo contrario va en contra del acceso a la justicia y no respeta la dignidad de las personas confinadas. Más aún, viola el debido proceso de ley que requiere que un dictamen final se notifique de manera que la parte afectada pueda enterarse de la decisión final en su contra. *Río Const. Corp. v. Mun. de Caguas*, 155 D.P.R. 394 (2001).

De conformidad con el Derecho antes expresado, concluimos que ACAA erró al no aplicar correctamente la Sección 3.14 de LPRA, *supra*, la cual claramente expresa ¿que una parte no podrá ser requerida a cumplir con una orden final a menos que dicha parte haya sido notificada de la misma. Al así actuar, ACAA obvió las garantías constitucionales del debido proceso de ley, tanto en su vertiente sustantiva como procesal, que cobijan al señor Muñiz.

Además, el pretender que el recurrente -que está privado de su libertad y que no tiene control alguno sobre el recibo de su correspondencia postal- cumpla con un determinado término que no contempla la situación especial en la cual éste se encuentra, articula una patente burla al




procedimiento de revisión que establece la propia Ley Orgánica de la ACAA, la cual no podemos avalar y mucho menos sostener. Véase, además, por analogía la Regla 30.1 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 30.1

Habida cuenta de lo anterior, la Resolución de ACAA emitida el 25 de noviembre de 2014 en donde determina que no tiene jurisdicción para entender en los méritos la reconsideración del señor Muñiz por ésta haberse presentado fuera del término no es correcta en Derecho. Ello, puesto que el término de veinte (20) días para reconsiderar la Resolución del 2 de septiembre de 2014 comenzó a decursar cuando el recurrente quedó realmente notificado de tal determinación, lo cual fue el 2 de octubre de 2014. Por lo tanto, al éste enviar su reconsideración el 6 de octubre, recibida por ACAA el 15 del mismo mes y año, el señor Muñiz sí cumplió con el término de veinte (20) días para presentar su reconsideración final ante la Junta de Directores conforme a la Regla 7(H) del Reglamento 6911.



IV.

Por los fundamentos antes expuestos, los cuales se hacen formar parte de esta Sentencia, revocamos la resolución recurrida que se negó a considerar la petición de reconsideración del señor Muñiz.



En su consecuencia, se ordena al Director Ejecutivo y/o Junta de Directores de la ACAA a atender y adjudicar la reconsideración presentada por el señor Muñiz el 6 de

octubre de 2014 y continuar con el proceso administrativo conforme la Ley de Procedimiento Administrativo Uniforme, *supra*, y el Reglamento 6911, *supra*.

También ordenamos a la ACAA a cumplir con la Sección 3.14 de LPAU, *supra*, cerciorándose de la entrega al señor Muñiz de todas las Resoluciones y Órdenes emitidas por la agencia y acreditando la fecha del archivo en autos de la copia de la notificación de éstas desde que el confinado es personalmente notificado.

Notifíquese al Director Ejecutivo de la Administración de Compensaciones por Accidentes de Automóviles; y al señor Muñiz a la Institución Correccional Ponce 224.

Notifíquese, además, al Secretario del Departamento de Corrección y Rehabilitación así como al Superintendente de la Institución Correccional Ponce 224; a quienes le ordenamos a que le den estricto cumplimiento al *Reglamento de Normas para Regir la Correspondencia de los Miembros de la Población Correccional en Instituciones Correccionales y Programas de la Administración de Corrección*, Reglamento Núm. 7594 aprobado el 24 de octubre de 2008 y que aún está vigente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
CENTRO JUDICIAL DE PONCE
SALA SUPERIOR

| | |
|---|---|
| RUBEN MUÑIZ RUBERTÉ<br>**Parte Demandante**<br><br>Vs.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO<br>RICO, CENTRO GUBERNAMENTAL,<br>ACAA<br>**Parte Demandada** | **CIVIL NUM:** J DP2016-0350<br><br>**SALA** 605<br><br>**SOBRE:** DAÑOS Y PERJUICIOS |

Atendida la, "Moción", presentada el 8 de octubre de 2019, por el demandante Sr. Rubén Muñiz Ruberté, por derecho propio, el Tribunal emite la siguiente:

ORDEN

Véase Sentencia del 15 de septiembre de 2017.  Se ordena a la Secretaría notificar nuevamente la Sentencia a la dirección que informa en su escrito, por haber sido recibida devuelta la notificación del 18 de septiembre de 2017.

**NOTIFIQUESE.**

En Ponce, Puerto Rico, a 15 de octubre de 2019.

(FDO.)
FRANCISCO J. ROSADO COLOMER
JUEZ SUPERIOR

mbt

Núm. Identificador:ORD2019 00121035

Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE BAYAMÓN
PANEL V

| | | |
|---|---|---|
| RUBÉN MUÑIZ RUBERTÉ<br><br>Recurrente<br><br>v.<br><br>ADMINISTRACIÓN DE COMPENSACIÓN POR ACCIDENTE DE AUTOMÓVILES<br><br>Recurrido | KLRA201500510 | *REVISIÓN*<br>procedente de la Administración de Compensación por Accidente de Automóviles<br><br>Sobre:<br>Servicios Médicos Extensión de Cubierta de Beneficios |




Panel integrado por su presidente, el juez Piñero González, y las juezas Birriel Cardona y Surén Fuentes.

## RESOLUCIÓN

En San Juan, Puerto Rico, a __24__ de junio de 2015.

Atendida la *Moción Solicitando Desacato y/o Orden de Continuar los Servicios Médicos* presentada por el Sr. Rubén Muñiz Ruberté, disponemos:

Se ordena a la Administración de Compensación por Accidente de Automóviles a expresarse en torno a la solicitud en el término de cinco días.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones

Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE BAYAMÓN
PANEL V

| | | |
|---|---|---|
| RUBÉN MUÑIZ RUBERTÉ<br><br>Recurrente<br><br>v.<br><br>ADMINISTRACIÓN DE COMPENSACIÓN POR ACCIDENTE DE AUTOMÓVILES<br><br>Recurrido | KLRA201500510 | *REVISIÓN* procedente de la Administración de Compensación por Accidente de Automóviles<br><br>Sobre:<br>Servicios Médicos Extensión de Cubierta de Beneficios |



Panel integrado por su presidente, el juez Piñero González, y las juezas Birriel Cardona y Surén Fuentes.

## R E S O L U C I Ó N

En San Juan, Puerto Rico, a __11__ de junio de 2015.

Atendido el escrito presentado por el señor Rubén Muñiz Ruberté, disponemos:

A los fines de acreditar nuestra jurisdicción, se ordena a la Administración de Compensaciones por Accidentes de Automóviles (ACAA) a elevar el expediente administrativo del caso 10-251144-01, para lo cual tendrá hasta el 17 de junio de 2015.

Notifíquese inmediatamente y adelántese vía fax o correo electrónico.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

MILDRED IVONNE RODRIGUEZ RIVERA
SUB SECRETARIA
DEL TRIBUNAL DE APELACIONES

Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones

759-8989-0

Depato Lega

Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE BAYAMÓN
PANEL V

| | | |
|---|---|---|
| RUBÉN MUÑIZ RUBERTÉ<br><br>Recurrente<br><br>v.<br><br>ADMINISTRACIÓN DE COMPENSACIÓN POR ACCIDENTE DE AUTOMÓVILES<br><br>Recurrido | KLRA201500510 | *REVISIÓN* procedente de la Administración de Compensación por Accidente de Automóviles<br><br>Sobre:<br>Servicios Médicos Extensión de Cubierta de Beneficios |



Panel integrado por su presidente, el juez Piñero González, y las juezas Birriel Cardona y Surén Fuentes.

## R E S O L U C I Ó N

En San Juan, Puerto Rico, a _20_ de julio de 2015.

Atendida la *Moción en Solicitud de Orden y de Prórroga para Poder Cumplir con Orden* presentada por la parte recurrida, disponemos:

Se instruye a la Secretaria del Tribunal de Apelaciones a remitir copia del escrito titulado *Moción Solicitando Desacato y/o Orden de Continuar los Servicios Médicos* presentada por el Sr. Rubén Muñiz Ruberté en el término de 10 días. A partir del recibo de dichas copias, se concede el término de 10 días solicitado.

Se instruye a la Secretaria del Tribunal de Apelaciones a que previa solicitud de la Administración de Compensación por Accidente de Automóviles (ACCA), habilite que los autos originales que fueron elevados al Tribunal de Apelaciones sean estudiados por la representación legal de la ACCA.

KLRA201500510

2

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones

Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE BAYAMÓN
PANEL V

| | | |
|---|---|---|
| RUBÉN MUÑIZ RUBERTÉ<br><br>Recurrente<br><br>v.<br><br>ADMINISTRACIÓN DE COMPENSACIÓN POR ACCIDENTE DE AUTOMÓVILES<br><br>Recurrido | KLRA201500510 | *REVISIÓN* procedente de la Administración de Compensación por Accidente de Automóviles<br><br>Sobre:<br>Servicios Médicos Extensión de Cubierta de Beneficios |

Panel integrado por su presidente, el juez Piñero González, y las juezas Birriel Cardona y Surén Fuentes.

## RESOLUCIÓN

En San Juan, Puerto Rico, a __14__ de julio de 2015.

En nuestra Resolución de 24 de junio de 2016 ordenamos a la Administración de Compensación por Accidente de Automóviles en torno a la *Moción Solicitando Desacato y/o Orden de continuar los Servicios Médicos* en el término de cinco días. El término concedido expiró.

Se concede a la parte recurrida el término perentorio para expresarse hasta el 28 de julio de 2016.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.



Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones

Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE BAYAMÓN
PANEL V

| | | |
|---|---|---|
| RUBÉN MUÑIZ RUBERTÉ<br><br>Recurrente<br><br>v.<br><br>ADMINISTRACIÓN DE COMPENSACIÓN POR ACCIDENTE DE AUTOMÓVILES<br><br>Recurrido | KLRA201500510 | *REVISIÓN*<br>procedente de la Administración de Compensación por Accidente de Automóviles<br><br>Sobre:<br>Servicios Médicos Extensión de Cubierta de Beneficios |



Panel integrado por su presidente, el juez Piñero González, y las juezas Birriel Cardona y Surén Fuentes.

### R E S O L U C I Ó N

En San Juan, Puerto Rico, a ⟨22⟩ de junio de 2015.

Atendido el escrito titulado *Moción Informativa sobre Nueva Dirección* presentada por el recurrente, disponemos:

Se instruye a la Secretaria del Tribunal de Apelaciones a remitir, en el término de 10 días, copia del referido escrito a la Administración de Compensación por Accidente de Automóviles, y a tomar conocimiento del cambio de dirección del recurrente.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.



Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones

Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE BAYAMÓN
PANEL V

| | | |
|---|---|---|
| RUBÉN MUÑIZ RUBERTÉ<br><br>Recurrente<br><br>v.<br><br>ADMINISTRACIÓN DE COMPENSACIÓN POR ACCIDENTE DE AUTOMÓVILES<br><br>Recurrido | KLRA201500510 | *REVISIÓN*<br>procedente de la Administración de Compensación por Accidente de Automóviles<br><br>Sobre:<br>Servicios Médicos Extensión de Cubierta de Beneficios |



Panel integrado por su presidente, el juez Piñero González, y las juezas Birriel Cardona y Surén Fuentes.

### RESOLUCIÓN

En San Juan, Puerto Rico, a __24__ de junio de 2015.

Atendida la *Moción Solicitando Desacato y/o Orden de Continuar los Servicios Médicos* presentada por el Sr. Rubén Muñiz Ruberté, disponemos:

Se ordena a la Administración de Compensación por Accidente de Automóviles a expresarse en torno a la solicitud en el término de cinco días.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.



Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones

Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE PONCE-AIBONITO
PANEL IX

| | | |
|---|---|---|
| RUBEN MUÑIZ RUBERTE<br><br>Recurrente<br><br>v.<br><br>ADMINISTRACION DE COMPENSACION POR ACCIDENTES DE AUTOS<br><br>Recurrido | KLRA201600827 | *Revisión Judicial* procedente de la Administracion de Compensacion por Accidentes de Autos<br><br>Caso Núm.:<br><br>Sobre:<br>REVISION DE DETERMINACION ADMINISTRATIVA |

Panel integrado por su presidente, el Juez Bermúdez Torres, la Juez Nieves Figueroa y el Juez Flores García.

## SENTENCIA

En San Juan, Puerto Rico, a 30 de septiembre de 2016.

Comparece ante nosotros por derecho propio el señor Rubén Muñiz Ruberté (en adelante "recurrente"), mediante recurso de revisión judicial. Indica que se encuentra inconforme con una determinación de la Administración de Compensación por Accidentes de Autos (en adelante "ACAA") que le denegó cierta solicitud de reconsideración por haber sido presentada tardíamente. A poco que se examine el escrito presentado por el recurrente, es evidente que éste no presentó como apéndice ni un solo documento de los procedimientos ante la agencia, ni mucho menos la determinación recurrida.

El derecho procesal apelativo autoriza la desestimación de un recurso si la parte promovente incumple las reglas referentes al perfeccionamiento del mismo. <u>Arriaga v. F.S.E.</u>, 145 D.P.R. 122, 139-130 (1998). No puede quedar al arbitrio de los abogados o las partes—cuando éstas comparecen por derecho propio—decidir



**Exhibit 14**

cuándo y cómo cumplen con las disposiciones reglamentarias y legales, ya que están obligados a cumplir fielmente con lo dispuesto en éstas sobre el trámite a seguir para el perfeccionamiento de un recurso. Hernández Maldonado v. Taco Maker, 181 D.P.R. 281, 290 (2011); Febles v. Romar, 159 D.P.R. 714, 722 (2003).

Dejar de incluir algún documento no acarrea, automáticamente, la desestimación del recurso. Se impone un análisis en cuanto a la naturaleza del documento o folio omitido y su importancia para la consideración del recurso. H. Sánchez Martínez, Derecho Procesal Apelativo, Puerto Rico, Ed. Lexis Nexis de Puerto Rico, Inc., 2001, pág. 333. Sólo procederá la desestimación del recurso como sanción cuando se trate de la omisión de documentos esenciales para resolver la controversia, cuando dicha omisión cause perjuicio sustancial o impida la revisión judicial en sus méritos. Carlo Emmanuelli v. The Palmas Academy, 160 D.P.R. 182 (2003); Tribunal Examinador de Médicos de Puerto Rico v. Flores Villar, 129 D.P.R. 687 (1991). Recordemos que "el apéndice viene a ser realmente el 'expediente judicial' del [foro recurrido], en que descansa el [Tribunal de Apelaciones] y, eventualmente, el Tribunal Supremo, para descargar sus responsabilidades y prerrogativas como foros de apelación." H.A. Sánchez Martínez, Derecho Procesal Apelativo, Puerto Rico, Lexis–Nexis, 2001, pág. 314. Por tal razón, "[u]na decisión judicial tomada a base de un expediente incompleto es siempre portadora del germen latente de la incorrección". Id.

En el caso de autos, el recurrente ni siquiera ha presentado la determinación de la cual recurre, documento indispensable para auscultar nuestra jurisdicción. Por eso, luego de examinar detenidamente el expediente que nos ocupa, concluimos que



KLRA201600827

3

procede la desestimación del recurso pues carecemos de jurisdicción para atenderlo.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones

Agosto 16 de 2012

A. Director Ejecutivo o Examinador

Caso. # 10-251144-02 (ACAA)

Víctima Reclamante # RUBEN MUÑIZ RUBERTE
Por- DERECHO PROPIO

Asunto o Solicitud # AUDIENCIA

Reciba un Cordial saludo de Mi Parte.

El Motivo de esta Misiva es Para dejarle Saber que le estoy Muy Respetuosamente Solicitando una Audiencia ante su Persona.

La Misma se le Solicita ya que entendemos que el Caso antes mencionados es uno en sus Meritos.

No obstante, Se Sometera ante usted Prueba que demuestran toda la veracidad del Caso a Plantearce.

Por todo Lo Cual. Se le Solicita a este, Conceda dicha Audiencia el cual esta siendo Solicitada en el termino Correspondiente y bajo la (LPAU.)

Sin Nada Mas a que Referirnos Gracias Anticipadas.

**Exhibit 4**

Cordialmente.

Sr. Rubén muñiz Ruberte

Hoy 16 de Agosto de 2012 Respetuosamente Sometida.

Estado Libre Asocia  te Puerto Rico

Administracion de Compensaciones

Por Accidentes de Automoviles.

ACAA # 1 0 2 5 1 1 4 4 - 0 1                    **Exhibit 6**

Ruben Muñiz Ruberte

Sobre: Carta Informativa en

Cumplimiento Con la Resolución del

3 Septiembre de 2014.

Expone aqui el Peticionario

#1) que alla para el 3 de septiembre

de 2014 Este Departamento de

ACAA Mando la presente Resolución

Pero No Fue Hasta el 2 de octubre

del 2014 que le Fue Entregada

la Resolución Con Sus Terminos

y aqui Sale perjudicada la

Parte Recurrente ya que Este

Sistema penal No Entrego a su

Debida Tiempo la Resolució

#2

Peticionario y luego de Este
Hacer los Reclamos se Indica
que a Ellos le llego así la
Presente Resolucion y el Recurrente
Entiende que Se violó Con Esto
el Derecho de Correspondencias por
Parte del Departamento de Corección
por lo Informado a Continuacion
a)- el Departamento de Corección No
podía Atrazar Ninguna Correspondencia
que Sea legal o Gubernamental o
de Cualquier Indole que Traiga en
Sus Resoluciones Terminos Como
en Este Caso el ACA Mandó
Terminos de Treinta Dias (30) y
B) Este Peticionario Solicita que se
Realiza una Investigacion a Tales
Efectos Para que el Derecho de-

#3/ Pasiente y Cliente No se vean Afectados por la inefectividad que Tiene el Departamento de Correccion en la Entrega de Correspondencias,

#2/ que el Sr Ruben Muñiz Roberté Hace Reclamos del Derecho que le Cobija en Ley de Presentar Su Apelacion de la Resolución ya que Este le Hace Saber al Departamento del AcAA que No Está en Sus Manos el Control de la Entrega de Correspondencias y que Se le Manda Informacion de lo Sucedido al Departamento para que Conste y se Pueda Posponer Nueva Fecha de Terminos para Haci poder Cumplir Fiel y Exacta mente Con Cualquier —

#4

Orden Emitida por Este Departamento.

3) - el Peticionario y Paciente de Este

Departamento le Solicita a la

Secretaria y Sra. Dorelisse Juarbe

Jimenez Directora Ejecutiva que

Tome en Consideración lo Antes

Expuesto y que le Pueda Dar

el Derecho al Peticionario Sr.

Ruben Muñiz Ruberté Para Tener

Nueva Fecha de Resolución Para

Radicar en Derecho y en ley Cualquie

Apelacion al Departamento del AcAA

Por Todo lo Cual Con Mucho Respeto

Solicito Re Consideracion, Radicada

la Presente Carta Informativa de Exposicion

Hoy 6 de Octubre 2014

Nombre Firma Fecha

firma Ruben Muñiz Ruberté          Fecha 6/Octubre/2014

inst. Adultos 224 Control 25

Sec. Violeta celd 130$^B$

PO Box - 7126 Ponce P.R. 00732



Ruben Muñiz
INST. PONCE 224 Control 25
Seccion Violeta Cerda #130
O. Box. 7126. PONCE P.R. 00732

SAN JUAN PR 009

ACAA

ADMINISTRACION DE COMPENSACION
POR ACCIDENTES DE AUTOMOVILE
P.O. Box - 364847
SAN Juan P.R. 00936 - 4847

0093684847





SUSTAINABLE
FORESTRY
INITIATIVE
Certified Fiber Sourcing
www.sfiprogram.org

THIS ENVELOPE IS RECYCLABLE AND MADE WITH 30% POST CONSUMER CONTENT

© USPS 2013

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE BAYAMÓN
PANEL V

| | | |
|---|---|---|
| RUBEN MUÑIZ RUBERTÉ<br><br>RECURRENTE<br><br>Vs.<br><br>ADMINISTRACIÓN DE<br>COMPENSACIONES POR<br>ACCIDENTES DE<br>AUTOMÓVILES<br>(ACAA)<br><br>RECURRIDA | NÚM. CASO TA<br>KLRA201500510 | REVISIÓN<br>Procedente de la Administración<br>de Compensaciones por<br>Accidentes de Automóviles<br><br>SOBRE: Servicio Médico<br>Extensión de Cubierta de<br>Beneficios)<br><br>Caso Núm.<br>10-251144-01 |

MOCIÓN EN
CUMPLIMIENTO DE ORDEN.

**AL HONORABLE TRIBUNAL DE APELACIONES:**

Comparece la parte recurrida, Administración de Compensaciones por Accidentes de Automóviles (en adelante la ACAA), por conducto del represente legal que suscribe y muy respetuosamente **EXPONE, ALEGA Y SOLICITA:**

1- Con fecha de 7 de julio de 2016, fue remitida notificación de Resolución mediante la cual se le requirió a la ACAA presentar su posición en el término de cinco (5) días contados a partir de la notificación de ésta Resolución, a un Escrito Titulado "Moción Solicitando Desacato y/o Orden de Continuar los Servicios Médicos" presentada por el Sr. Rubén Muñiz Ruberté.

2- Dentro del término concedido, el 12 de julio de 2016, radicamos escrito Titulado "Moción en Solicitud de Orden y de Prórroga para Poder Cumplir con Orden".

3- Mediante Notificación de fecha 26 de julio de 2016 recibimos Resolución de este Honorable Tribunal acogiendo lo solicitado. Se acompañó copia del Escrito presentado por el Recurrente lo que nos permite exponer nuestra posición con respecto al mismo.

4- A esos fines informamos que, la Junta de Gobierno de la ACAA emitió Resolución en el caso de Don Rubén Muñiz Ruberté con fecha de 7 de junio de 2016. El original de la Resolución fue archivada en Autos el 12 de julio de 2016 y en esa misma fecha se entregó personalmente copia al Reclamante, en la Institución **Centro** de Clasificación Fase III Ponce, **Bo**. El Tuque Sector Las Cucharas Carr. #2 Ponce, P.R. En esa misma fecha también fue notificada al Reclamante, mediante correo certificado con acuse de recibo número 7013 0600 0000 9601 4445 a su dirección de record en Inst. Ponce 224 Control25, Sección Violeta Celda # 130, PO Box 7126, Ponce, PR 00732 y por correo certificado con acuse de recibo número 7013

RUBEN MUÑIZ RUBERTE V. ACAA
Civil Número: KLRA201500510
Tribunal de Apelaciones, Región Judicial de Bayamón, Panel V
MOCIÓN EN CUMPLIMIENTO DE ORDEN

Pág. 2

0600 0000 9601 4438 a Ponce Principal Fase 3 C-N Naranja, Celda # 109, PO Box 7285, Ponce, PR 00732. Se acompaña original de Acuse de Recibo suscrito el 12 de julio de 2016 por el Sr. Rubén Muñiz Ruberté como anejo de esta moción.

5- Visto lo antes expuesto se solicita muy respetuosamente, de este Honorable Tribunal que declare No Ha lugar a la solicitud del recurrente de epígrafe de hallar incurso en desacato a la ACAA.

**POR TODO LO CUAL,** se solicita de este Honorable Tribunal tome conocimiento de nuestra comparecencia y del cumplimiento de la parte compareciente con lo ordenado, Declarando No Ha Lugar a la solicitud de desacato del Recurrente de epígrafe y en mérito de las circunstancias antes expuestas, declare Ha Lugar la presente Moción con cualquier otro pronunciamiento que en derecho proceda.

**CERTIFICO:** En esta misma fecha se ha notificado, copia fiel y exacta del presente escrito al Sr. Rubén Muñiz Ruberté a Ponce Principal Fase 3 C-N Naranja, Celda # 109, PO Box 7285, Ponce, PR 00732 y a Institución Ponce 224, PO Box 7126, Control 25, Sección Violeta, Celda 130, Ponce, PR 00732; Administración de Corrección – División Legal a PO Box 71308 San Juan, PR 00936; Administración de Corrección – Oficina de Récords a PO Box 71308 San Juan, PR 00936 y al Honorable Procurador General PO Box 9020192 San Juan, PR 00902-0192, mediante correo ordinario.

**RESPETUOSAMENTE SOMETIDO.**

En San Juan, Puerto Rico, hoy 5 de agosto de 2016.

MARIA S. HOPGOOD MATIAS
BRENDA N. LEÓN SUÁREZ
CLARIBEL HERNÁNDEZ LÓPEZ
DAMARIS M. HERNÁNDEZ CRUZ
REBECA NEGRON UMPIERRE
EBENEZER RODRÍGUEZ PIERLUISSI
ABOGADOS
Administración de Compensaciones por
Accidentes de Automóviles (ACAA)
Departamento de Asuntos Legales
PO Box 364847
San Juan PR  00936-4847
Tel. (787) 759-8989, Ext.3140, 3164
Fax (787) 753-7795

Lcdo. Ebenezer Rodríguez Pierluissi
RUA: 8419
Colegiado Núm:  9700



ESTADO LIBRE ASOCIADO DE
P U E R T O   R I C O
Administración de Compensaciones por
Accidentes de Automóviles

# ACUSE DE RECIBO

Certifico que he recibido copia a la mano de la
Resolución de la Junta de Gobierno de ACAA del 7 de junio
de 2016, Caso Núm. 10-251144-01.

En Ponce, Puerto Rico hoy _*12*_ de _*Julio*_ de
2016.

Rubén Muñiz Ruberté
_____
Reclamante-Apelante

Firma
_____

Testigo (Nombre en Letra Molde)

Firma

Fecha
_____

249 Arterial Hostos, San Juan, PR  00918-1449
PO Box 364847, San Juan, PR  00936-4847
Tel. 787 – 759-8989

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE BAYAMÓN
PANEL V

| | | |
|---|---|---|
| RUBEN MUÑIZ RUBERTÉ | | REVISIÓN |
| | | Procedente de la Administración |
| RECURRENTE | NÚM. CASO TA | de Compensaciones por |
| | KLRA201500510 | Accidentes de Automóviles |
| Vs. | | |
| | | SOBRE: Servicio Médico |
| ADMINISTRACIÓN DE | | Extensión de Cubierta de |
| COMPENSACIONES POR | | Beneficios) |
| ACCIDENTES DE | | |
| AUTOMÓVILES | | |
| (ACAA) | | Caso Núm. |
| | | 10-251144-01 |
| RECURRIDA | | |



MOCIÓN EN
CUMPLIMIENTO DE ORDEN.

**AL HONORABLE TRIBUNAL DE APELACIONES:**

Comparece la parte recurrida, Administración de Compensaciones por Accidentes de Automóviles (en adelante la ACAA), por conducto del represente legal que suscribe y muy respetuosamente **EXPONE, ALEGA Y SOLICITA:**

1- Con fecha de 7 de julio de 2016, fue remitida notificación de Resolución mediante la cual se le requirió a la ACAA presentar su posición en el término de cinco (5) días contados a partir de la notificación de ésta Resolución, a un Escrito Titulado "Moción Solicitando Desacato y/o Orden de Continuar los Servicios Médicos" presentada por el Sr. Rubén Muñiz Ruberté.

2- Dentro del término concedido, el 12 de julio de 2016, radicamos escrito Titulado "Moción en Solicitud de Orden y de Prórroga para Poder Cumplir con Orden".

3- Mediante Notificación de fecha 26 de julio de 2016 recibimos Resolución de este Honorable Tribunal acogiendo lo solicitado. Se acompañó copia del Escrito presentado por el Recurrente lo que nos permite exponer nuestra posición con respecto al mismo.

4- A esos fines informamos que, la Junta de Gobierno de la ACAA emitió Resolución en el caso de Don Rubén Muñiz Ruberté con fecha de 7 de junio de 2016. El original de la Resolución fue archivada en Autos el 12 de julio de 2016 y en esa misma fecha se entregó personalmente copia al Reclamante, en la Institución **Centro** de Clasificación Fase III Ponce, **Bo.** El Tuque Sector Las Cucharas Carr. #2 Ponce, P.R. En esa misma fecha también fue notificada al Reclamante, mediante correo certificado con acuse de recibo número 7013 0600 0000 9601 4445 a su dirección de record en Inst. Ponce 224 Control25, Sección Violeta Celda # 130, PO Box 7126, Ponce, PR 00732 y por correo certificado con acuse de recibo número 7013

0600 0000 9601 4438 a Ponce Principal Fase 3 C-N Naranja, Celda # 109, PO Box 7285, Ponce, PR 00732. Se acompaña original de Acuse de Recibo suscrito el 12 de julio de 2016 por el Sr. Rubén Muñiz Ruberté como anejo de esta moción.

5- Visto lo antes expuesto se solicita muy respetuosamente, de este Honorable Tribunal que declare No Ha lugar a la solicitud del recurrente de epígrafe de hallar incurso en desacato a la ACAA.

**POR TODO LO CUAL,** se solicita de este Honorable Tribunal tome conocimiento de nuestra comparecencia y del cumplimiento de la parte compareciente con lo ordenado, Declarando No Ha Lugar a la solicitud de desacato del Recurrente de epígrafe y en mérito de las circunstancias antes expuestas, declare Ha Lugar la presente Moción con cualquier otro pronunciamiento que en derecho proceda.

**CERTIFICO:** En esta misma fecha se ha notificado, copia fiel y exacta del presente escrito al Sr. Rubén Muñiz Ruberté a Ponce Principal Fase 3 C-N Naranja, Celda # 109, PO Box 7285, Ponce, PR 00732 y a Institución Ponce 224, PO Box 7126, Control 25, Sección Violeta, Celda 130, Ponce, PR 00732; Administración de Corrección – División Legal a PO Box 71308 San Juan, PR 00936; Administración de Corrección – Oficina de Recórds a PO Box 71308 San Juan, PR 00936 y al Honorable Procurador General PO Box 9020192 San Juan, PR 00902-0192, mediante correo ordinario.

**RESPETUOSAMENTE SOMETIDO.**

En San Juan, Puerto Rico, hoy 5 de agosto de 2016.

MARIA S. HOPGOOD MATIAS
BRENDA N. LEÓN SUÁREZ
CLARIBEL HERNÁNDEZ LÓPEZ
DAMARIS M. HERNÁNDEZ CRUZ
REBECA NEGRON UMPIERRE
EBENEZER RODRÍGUEZ PIERLUISSI
ABOGADOS
Administración de Compensaciones por
Accidentes de Automóviles (ACAA)
Departamento de Asuntos Legales
PO Box 364847
San Juan PR 00936-4847
Tel. (787) 759-8989, Ext.3140, 3164
Fax (787) 753-7795

Lcdo. Ebenezer Rodríguez Pierluissi
RUA: 8419
Colegiado Núm: 9700



ESTADO LIBRE ASOCIADO DE
P U E R T O   R I C O
Administración de Compensaciones por
Accidentes de Automóviles

# ACUSE DE RECIBO

Certifico que he recibido copia a la mano de la Resolución de la Junta de Gobierno de ACAA del 7 de junio de 2016, Caso Núm. 10-251144-01.

En Ponce, Puerto Rico hoy  _12_  de  _Julio_  de 2016.

Rubén Muñiz Ruberté
_____
Reclamante-Apelante

_____
Firma

_____
Testigo (Nombre en Letra Molde)

_____
Firma

_____
Fecha

249 Arterial Hostos, San Juan, PR  00918-1449
PO Box 364847, San Juan, PR  00936-4847
Tel. 787 – 759-8989


ACAA
ADMINISTRACIÓN DE COMPENSACIONES POR ACCIDENTES DE AUTOMÓVILES
te protege

Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE BAYAMÓN
PANEL V

| RUBÉN MUÑIZ RUBERTÉ | | *REVISIÓN* procedente de la Administración de Compensación por Accidente de Automóviles |
|---|---|---|
| Recurrente | | |
| v. | KLRA201500510 | |
| ADMINISTRACIÓN DE COMPENSACIÓN POR ACCIDENTE DE AUTOMÓVILES | | Sobre: Servicios Médicos Extensión de Cubierta de Beneficios |
| Recurrido | | |

Panel integrado por su presidente, el juez Piñero González, y las juezas Birriel Cardona y Surén Fuentes.

**R E S O L U C I Ó N**

En San Juan, Puerto Rico, a __16__ de agosto de 2016.

Atendida la *Moción en Cumplimiento de Orden* de la recurrida, disponemos:

Se ordena a la recurrida, Administración, a remitir copia de la Resolución emitida el 7 de junio de 2016. Tiene para ello el término de 10 días.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Mildred Ivonne Rodríguez Padial
Sub Secretaria del Tribunal

Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones

Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE PONCE-AIBONITO
PANEL IX

| RUBEN MUÑIZ RUBERTE<br><br>Recurrente<br><br>v.<br><br>ADMINISTRACION DE COMPENSACION POR ACCIDENTES DE AUTOS<br><br>Recurrido | KLRA201600827 | *Revisión Judicial* procedente de la Administracion de Compensacion por Accidentes de Autos<br><br>Caso Núm.:<br><br>Sobre:<br>REVISION DE DETERMINACION ADMINISTRATIVA |

Panel integrado por su presidente, el Juez Bermúdez Torres, la Juez Nieves Figueroa y el Juez Flores García.

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de septiembre de 2016.

Comparece ante nosotros por derecho propio el señor Rubén Muñiz Ruberté (en adelante "recurrente"), mediante recurso de revisión judicial. Indica que se encuentra inconforme con una determinación de la Administración de Compensación por Accidentes de Autos (en adelante "ACAA") que le denegó cierta solicitud de reconsideración por haber sido presentada tardíamente. A poco que se examine el escrito presentado por el recurrente, es evidente que éste no presentó como apéndice ni un solo documento de los procedimientos ante la agencia, ni mucho menos la determinación recurrida.

El derecho procesal apelativo autoriza la desestimación de un recurso si la parte promovente incumple las reglas referentes al perfeccionamiento del mismo. Arriaga v. F.S.E., 145 D.P.R. 122, 139-130 (1998). No puede quedar al arbitrio de los abogados o las partes—cuando éstas comparecen por derecho propio—decidir



cuándo y cómo cumplen con las disposiciones reglamentarias y legales, ya que están obligados a cumplir fielmente con lo dispuesto en éstas sobre el trámite a seguir para el perfeccionamiento de un recurso. Hernández Maldonado v. Taco Maker, 181 D.P.R. 281, 290 (2011); Febles v. Romar, 159 D.P.R. 714, 722 (2003).

Dejar de incluir algún documento no acarrea, automáticamente, la desestimación del recurso. Se impone un análisis en cuanto a la naturaleza del documento o folio omitido y su importancia para la consideración del recurso. H. Sánchez Martínez, Derecho Procesal Apelativo, Puerto Rico, Ed. Lexis Nexis de Puerto Rico, Inc., 2001, pág. 333. Sólo procederá la desestimación del recurso como sanción cuando se trate de la omisión de documentos esenciales para resolver la controversia, cuando dicha omisión cause perjuicio sustancial o impida la revisión judicial en sus méritos. Carlo Emmanuelli v. The Palmas Academy, 160 D.P.R. 182 (2003); Tribunal Examinador de Médicos de Puerto Rico v. Flores Villar, 129 D.P.R. 687 (1991). Recordemos que "el apéndice viene a ser realmente el 'expediente judicial' del [foro recurrido], en que descansa el [Tribunal de Apelaciones] y, eventualmente, el Tribunal Supremo, para descargar sus responsabilidades y prerrogativas como foros de apelación." H.A. Sánchez Martínez, Derecho Procesal Apelativo, Puerto Rico, Lexis–Nexis, 2001, pág. 314. Por tal razón, "[u]na decisión judicial tomada a base de un expediente incompleto es siempre portadora del germen latente de la incorrección". Id.

En el caso de autos, el recurrente ni siquiera ha presentado la determinación de la cual recurre, documento indispensable para auscultar nuestra jurisdicción. Por eso, luego de examinar detenidamente el expediente que nos ocupa, concluimos que



KLRA201600827                                                                    3

procede  la  desestimación  del  recurso  pues  carecemos  de

jurisdicción para atenderlo.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del

Tribunal de Apelaciones.


Lcda.  Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE BAYAMÓN
PANEL V

2016 JUL 12 PM 1:56

| RUBEN MUÑIZ RUBERTÉ | | REVISIÓN |
|---|---|---|
| **RECURRENTE** | | Procedente de la Administración de Compensaciones por Accidentes de Automóviles |
| Vs. | **NÚM. CASO TA KLRA201500510** | |
| **ADMINISTRACIÓN DE COMPENSACIONES POR ACCIDENTES DE AUTOMÓVILES (ACAA)** | | **SOBRE:** Servicio Médico Extensión de Cubierta de Beneficios) |
| **RECURRIDA** | | Caso Núm. 10-251144-01 |

## MOCIÓN EN SOLICITUD DE ORDEN Y DE PRÓRROGA PARA PODER CUMPLIR CON ORDEN.

**AL HONORABLE TRIBUNAL DE APELACIONES:**

Comparece la parte recurrida, Administración de Compensaciones por Accidentes de Automóviles (en adelante la ACAA), por conducto del represente legal que suscribe y muy respetuosamente **EXPONE, ALEGA Y SOLICITA:**

1- Con fecha de 7 de julio de 2016, fue remitida notificación de Resolución mediante la cual se le requiere a la ACAA presentar su posición en el término de cinco (5) días contados a partir de la notificación de ésta Resolución.

2- Con el mayor de los respetos informamos que hemos recibido en la mañana del día 11 de julio de 2016, la Resolución de referencia. Se aneja copia de la Notificación con el sello oficial de la Departamento de Asuntos Legales de la ACAA, indicativo de haberse recibido dicha correspondencia el 8 de julio de 2016 a las 2:35 pm.

3- El término concedido para el cumplimiento con lo ordenado vence hoy martes 12 de julio de 2016, **sin que aún hayamos recibido copia del escrito radicado por la parte Recurrente, lo que impide el que podamos dar cumplimiento a lo ordenado.**

4- Ante las circunstancias antes expuestas es necesario apelar a la discreción del Tribunal y solicitar se ordene a la Secretaria del Tribunal de Apelaciones que nos remita copia del escrito presentado por la parte recurrente y se conceda el término de diez (10) días a la parte recurrida, contados a partir de la notificación de la Secretaría, para dar cumplimiento cabal a lo ordenado y presentar nuestra posición al escrito del recurrente.

**POR TODO LO CUAL,** se solicita de este Honorable Tribunal tome conocimiento de nuestra comparecencia, y en mérito de las circunstancias antes expuestas declare Ha Lugar la presente Moción, ordenando se nos notifique el escrito presentado por el recurrente y concediendo la prórroga antes solicitada, con cualquier otro pronunciamiento que en derecho proceda.

**CERTIFICO:** En esta misma fecha se ha notificado, copia fiel y exacta del presente escrito al Sr. Rubén Muñiz Ruberté a Ponce Principal Fase 3 C-N Naranja, Celda # 109, PO Box 7285, Ponce, PR 00732 y a Institución Ponce 224, PO Box 7126, Control 24 Celda 130, Ponce, PR 00732; Administración de Corrección – División Legal a PO Box 71308 San Juan, PR 00936; Administración de Corrección – Oficina de Records a PO Box 71308 San Juan, PR 00936 y al Honorable Procurador General PO Box 9020192 San Juan, PR 00902-0192, mediante correo ordinario.

**RESPETUOSAMENTE SOMETIDO.**

En San Juan, Puerto Rico, hoy 12 de julio de 2016.

MARIA S. HOPGOOD MATIAS
CLARIBEL HERNÁNDEZ LÓPEZ
DAMARIS M. HERNÁNDEZ CRUZ
REBECA NEGRON UMPIERRE
EBENEZER RODRÍGUEZ PIERLUISSI
ABOGADOS

Administración de Compensaciones por
Accidentes de Automóviles (ACAA)
Departamento de Asuntos Legales
PO Box 364847
San Juan PR  00936-4847
Tel. (787) 759-8989, Ext.3142
Fax (787) 753-7795

Lcdo. Ebenezer Rodríguez Pierluissi
RUA: 8419
Colegiado Núm:  9700

el caso específico.  El deber de cuidado incluye tanto la obligación de anticipar como la de evitar la ocurrencia de daños, cuya probabilidad es razonablemente previsible. Elba A.B.M. v. U.P.R., 125 DPR 294 (1990).

Considerando que el demandante no prevaleció en el foro administrativo en su reclamo de servicios adicionales, no puede prosperar la causa de acción por daños y perjuicios por no haber un acto u omisión negligente imputable a la co-demandada, Administración de Compensaciones por Accidentes de Automóviles.

Por los fundamentos que anteceden, este Tribunal declara Ha Lugar la "Moción Solicitando Desestimación de la Demanda contra la ACAA", presentada por la Administración de Compensaciones por Accidentes de Automóviles el 13 de diciembre de 2016.  En consecuencia, se desestima la demanda a su favor con perjuicio.

REGÍSTRESE Y NOTIFÍQUESE.

DADA en Ponce, Puerto Rico, a 15 de septiembre de 2017.

FRANCISCO J. ROSADO COLOMER
JUEZ SUPERIOR

"El que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado.  La imprudencia concurrente del perjudicado no exime de responsabilidad, pero conlleva la reducción de la indemnización."

Para que surja una causa de acción en daños y perjuicios, se necesita que concurran tres requisitos a saber: un daño, un acto (u omisión) culposo o negligente y la existencia de un nexo causal entre el acto (u omisión) culposo o negligente y el daño causado.  *Rivera Colón v. Díaz Arocho*, 165 DPR 408 (2005); *Ramírez v. E.L.A.*, 140 DPR 385 (1996).  Alrededor de esta disposición estatutaria, se han establecido unas guías para poder determinar si procede una acción en daños y perjuicios.

Los factores a considerarse para determinar si una omisión genera responsabilidad bajo el Art. 1802, son: 1. Existencia de un deber jurídico de actuar por parte del alegado causante del daño, el Incumplimiento del mismo constituiría la "Antijuricidad" y; 2. Si, de haberse realizado el acto, se hubiera evitado el daño, Nancy Toro Aponte v ELA, 142 DPR 464 (1997), Arroyo v ELA, 126 DPR 682 (1990), Soc. de Gananciales v. G. Padín, Inc. 117 DPR 94, 106 (1986).

Entonces, el deber de indemnizar presupone un nexo causal entre el daño y el hecho que lo origina, pues solamente son indemnizables los daños que constituyen una consecuencia del hecho que obliga a la indemnización.  Jiménez vs. Peregrina Espinet, 112 DPR 200 (1982), Estremera vs. Inmobiliaria Rac, Inc., 109 DPR 852 (1980).

La culpa o negligencia es falta del debido cuidado, esto es, en no anticipar y prever las consecuencias racionales de un acto, o de la omisión de un acto, que una persona prudente habría de prever en las mismas circunstancias.  Ramos v. Carlo, 85 DPR 353, 358 (1962).  La culpa consiste en la omisión de la diligencia exigible mediante cuyo empleo podría haberse evitado el resultado dañoso".  C. Rogel Vide, La Responsabilidad Civil Extracontractual, Ed. Civitas, 1976, pág. 90. La diligencia exigible es la que cabe esperar del ser humano medio, el buen pater familias. Si el daño es previsible por éste, hay responsabilidad. Si no es previsible, estamos generalmente en presencia de un caso fortuito. Jiménez v. Pelegrina Espinet, 112 DPR 700, 704 (1982).  Un elemento esencial de la responsabilidad por culpa o negligencia es el factor de la previsibilidad y el riesgo involucrado en

judicial, Caso Civil Núm. KLRA-2016-00827, constituyen cosa juzgada y el demandante está impedido de litigar nuevamente su caso.

La doctrina de cosa juzgada persigue evitar que las cuestiones judiciales se prolonguen más de lo deseable, darles finalidad a los pleitos e impedir que los ciudadanos se sometan en dos ocasiones a litigar la misma causa.[1] Además, promueve la economía judicial y administrativa, impide litigios innecesarios y evita decisiones inconsistentes.[2]

La doctrina de cosa juzgada se encuentra regulada por las disposiciones del Código Civil. Artículo 1204 del Código Civil de Puerto Rico, 31 LPRA § 3343. Para que la presunción de cosa juzgada surta efecto en otro juicio, es necesario que entre el caso resuelto por la sentencia y aquél en que ésta sea invocada, concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron. De ordinario, la adjudicación final de una agencia administrativa, en el ejercicio válido de su jurisdicción goza del carácter de cosa juzgada cuando alguna parte intenta relitigar en el foro judicial la misma controversia.[3]

En el caso de marras, el demandante, inconforme con la Resolución de la Junta de Gobierno de la ACAA, emitida el 7 de junio de 2016, en la que se adjudicó su reclamación en los méritos y se denegó su solicitud de extensión de servicios médicos, radicó un recurso de revisión judicial ante el Tribunal de Apelaciones. Por su parte, el Tribunal de Apelaciones dictó Sentencia desestimando el recurso, de dicho dictamen no surge del expediente ante nuestra consideración que se haya recurrido.

El demandante solicita, además, por primera vez, al amparo del Artículo 1802 del Código Civil de Puerto Rico, 31 LPRA § 5741, que la ACAA debe compensarle por los daños y perjuicios alegadamente sufridos como consecuencia de no haberle brindado servicios médicos adecuados y por negarle servicios médicos.

Dispone el Artículo 1802 del Código Civil, 31 LPRA § 5141:

---

[1] *Pérez v. Bauzá*, 83 D.P.R. 220, 225 (1961); *Bolker v. Tribunal Superior y Sosa, Interventores*, 82 D.P.R. 816, 832 (1961).
[2] *Rodríguez Rodríguez v. Colberg Comas*, 131 D.P.R. 212, 218 (1992).
[3] *Rodríguez Oyola v Machado Díaz*, 136 D.P.R. 250, 253 (1994).

J DP2016-0350                                                                 3

materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del

emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar

de exponer una reclamación que justifique la concesión de un remedio; y (6) dejar

de acumular una parte indispensable. *inevitable*

Por otra parte, aunque todos los hechos bien alegados en la demanda y

las inferencias que puedan hacerse de las mismas se estiman admitidas, estas

admisiones sólo se admiten para propósitos de evaluar la moción de

desestimación y no son finales y conclusivas en tal forma que constituyan una

renuncia a cualquier controversia material que deba determinarse por la prueba

del juicio. Procede declarar ha lugar la solicitud de desestimación, solo cuando

de lo alegado se detecta que no hay controversia sustancial de hechos. Montañez

v. Hospital Metropolitano, 157 DPR 96 (2002).  Esta aseveración aplica además

cuando se trata de una solicitud de sentencia sumaria o una solicitud para que

se dicte sentencia por las alegaciones. Abrahams Rivera v. ELA, 178 DPR 924

(2010).

La reclamación del demandante contra la ACAA es al amparo de su Ley

Orgánica, la Ley Núm. 138 de 26 de junio de 1968, según enmendada, conocida

como la "Ley de Protección Social por Accidentes de Automóviles", 9 LPRA §

2051 et seq., (en adelante "Ley 138").  La Sección 13 de la Ley 138 dispone el

procedimiento para la adjudicación de reclamaciones que se hagan a la ACAA,

en los casos en que los reclamantes no están conformes con las determinaciones

del Director Ejecutivo y/o de la Junta de Gobierno.

En el presente caso, el demandante, no estando conforme con las

determinaciones de la ACAA con relación al cierre de su caso, instó su

reclamación, la cual ya fue adjudicada en los méritos en el proceso administrativo.

La Junta de Gobierno de la ACAA emitió una Resolución final mediante la cual *transmitió* *desición*

confirma la determinación de denegar al demandante la extensión de cubierta de

servicios médicos por un término mayor de dos (2) años. Posteriormente, el

demandante solicitó la Revisión Judicial ante el Tribunal de Apelaciones, Caso

Civil Núm. KLRA2016-00827.  El 30 de septiembre de 2016, el Tribunal de

Apelaciones dictó Sentencia desestimando el recurso, siendo final y firme al día

de hoy.  La adjudicación final de la ACAA y la Sentencia dictada en la revisión

En cuanto a la reclamación contra el ELA, el 25 de mayo de 2017, el Departamento de Justicia del Gobierno de Puerto Rico presentó un escrito titulado "Aviso de Paralización de los Procedimientos por Virtud de la Presentación de la Petición por el Gobierno de Puerto Rico Bajo el Título III de PROMESA." Por su parte, el 19 de junio de 2017, el demandante presentó un escrito titulado "Moción en Oposición a Aviso de Paralización de los Procedimientos por Virtud de la Presentación de la Petición por el Gobierno de Puerto Rico Bajo el Título III de PROMESA."

El 22 de junio de 2017, este Tribunal emitió una Sentencia Parcial decretando la paralización de los procedimientos y se ordenó el archivo administrativo, sin perjuicio, en cuanto al demandado Gobierno de Puerto Rico. En cuanto a la reclamación contra la ACAA, en la Sentencia Parcial se le concedió un término al demandante para exponer su posición sobre "Moción Solicitando la Desestimación de la Demanda Contra la ACAA".

El 10 de julio de 2017, la ACAA reiteró su solicitud de desestimación mediante escrito titulado "Moción en Torno a Notificaciones a la ACAA y Reiterando la Solicitud de Desestimación de la Demanda". El 14 de julio de 2017 el Sr. Muñiz expuso su posición en un escrito presentado el 7 titulado: "Moción en Cumplimiento de Orden y en Solicitud de Aviso de Paralización de los Procedimientos por Virtud de la Presentación de la Petición presentada por el Gobierno de Puerto Rico Bajo el Título III de la Ley PROMESA". En esencia, la parte demandante solicita la paralización del pleito, incluyendo su reclamación contra la ACAA. Así las cosas damos por sometido el asunto y procedemos a resolver.

A tenor con la Regla 10.2, de las Reglas de Procedimiento Civil de Puerto Rico de 2009, 32 L.P.R.A. Ap. V, R. 10.2, un demandado puede solicitar la desestimación de una causa de acción en su contra "cuando es evidente de las alegaciones de la demanda que alguna de las defensas afirmativas prosperará". *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 701 (2012), citando a *Sánchez v. Autoridad de los Puertos*, 153 DPR 559, 569 (2001).

La desestimación al amparo de la Regla 10.2 de Procedimiento Civil puede solicitarse por los siguientes fundamentos: (1) falta de jurisdicción sobre la

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
CENTRO JUDICIAL DE PONCE
SALA SUPERIOR

| | |
|---|---|
| RUBÉN MUÑIZ RUBERTÉ<br>**DEMANDANTE**<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO, CENTRO GUBERNAMENTAL, ACAA, ET ALS<br>**DEMANDADOS** | **CIVIL NÚM:** J DP2016-0350<br><br>**SALA:** 605<br><br>**SOBRE:** DAÑOS Y PERJUICIOS |

## SENTENCIA

El 3 de octubre de 2016, el Sr. Rubén Muñiz Ruberté, en adelante "el demandante" o Sr. Muñiz, presentó demanda contra el Estado Libre Asociado de Puerto Rico ("ELA") y la Administración de Compensaciones por Accidentes de Automóviles ("ACAA"). En la misma, el demandante alega haber sufrido daños como consecuencia de las determinaciones administrativas de la ACAA al denegar su solicitud de extensión de cubierta, solicitó que se le reabra su caso para que se le brinden servicios médicos, y reclamó una indemnización por concepto de los daños alegadamente sufridos.

Conforme a las alegaciones de la demanda, el 8 de octubre de 2009 el demandante estuvo involucrado en un accidente de automóvil, donde sufrió lesiones en varias partes del cuerpo. El demandante reconoce haber recibido servicios médicos bajo la cubierta de la ACAA, e indica que, posteriormente cerraron su caso y dejaron de proveerle tratamiento. Alega además, que la ACAA no le ha compensado económicamente por haber sufrido daños a su salud física y mental, y descontinuar los servicios médicos que entiende son necesarios para su recuperación.

El 13 de diciembre de 2016 la ACAA presentó un escrito titulado "Moción Solicitando la Desestimación de la Demanda Contra la ACAA". Aduce que, este Tribunal carece de jurisdicción para atender el remedio solicitado por el demandante, ya que la controversia fue previamente adjudicada, la determinación advino final y firme y es de aplicación la doctrina de cosa juzgada. Se alegó, además, que la reclamación de daños y perjuicios bajo el Artículo 1802 del Código Civil de Puerto Rico, 31 LPRA § 5141, está prescrita.

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE APELACIONES**
**REGIÓN JUDICIAL DE BAYAMÓN**
**PANEL V**

| | | |
|---|---|---|
| **RUBEN MUÑIZ RUBERTÉ**<br><br>**RECURRENTE**<br><br>Vs.<br><br>**ADMINISTRACIÓN DE COMPENSACIONES POR ACCIDENTES DE AUTOMÓVILES (ACAA)**<br><br>**RECURRIDA** | **NÚM. CASO TA KLRA201500510** | **REVISIÓN**<br>**Procedente de la Administración de Compensaciones por Accidentes de Automóviles**<br><br>**SOBRE:** Servicio Médico Extensión de Cubierta de Beneficios)<br><br>**Caso Núm. 10-251144-01** |

**MOCIÓN EN**
**SOLICITUD DE ORDEN Y DE PRÓRROGA**
**PARA PODER CUMPLIR CON ORDEN.**

**AL HONORABLE TRIBUNAL DE APELACIONES:**

Comparece la parte recurrida, Administración de Compensaciones por Accidentes de Automóviles (en adelante la ACAA), por conducto del represente legal que suscribe y muy respetuosamente **EXPONE, ALEGA Y SOLICITA:**

1- Con fecha de 7 de julio de 2016, fue remitida notificación de Resolución mediante la cual se le requiere a la ACAA presentar su posición en el término de cinco (5) días contados a partir de la notificación de ésta Resolución.

2- Con el mayor de los respetos informamos que hemos recibido en la mañana del día 11 de julio de 2016, la Resolución de referencia. Se aneja copia de la Notificación con el sello oficial de la Departamento de Asuntos Legales de la ACAA, indicativo de haberse recibido dicha correspondencia el 8 de julio de 2016 a las 2:35 pm.

3- El término concedido para el cumplimiento con lo ordenado vence hoy martes 12 de julio de 2016, **sin que aún hayamos recibido copia del escrito radicado por la parte Recurrente, lo que impide el que podamos dar cumplimiento a lo ordenado.**

4- Ante las circunstancias antes expuestas es necesario apelar a la discreción del Tribunal y solicitar se ordene a la Secretaria del Tribunal de Apelaciones que nos remita copia del escrito presentado por la parte recurrente y se conceda el término de diez (10) días a la parte recurrida, contados a partir de la notificación de la Secretaría, para dar cumplimiento cabal a lo ordenado y presentar nuestra posición al escrito del recurrente.

**POR TODO LO CUAL**, se solicita de este Honorable Tribunal tome conocimiento de nuestra comparecencia, y en mérito de las circunstancias antes expuestas declare Ha Lugar la presente Moción, ordenando se nos notifique el escrito presentado por el recurrente y concediendo la prórroga antes solicitada, con cualquier otro pronunciamiento que en derecho proceda.

**CERTIFICO:** En esta misma fecha se ha notificado, copia fiel y exacta del presente escrito al Sr. Rubén Muñiz Ruberté a Ponce Principal Fase 3 C-N Naranja, Celda # 109, PO Box 7285, Ponce, PR 00732 y a Institución Ponce 224, PO Box 7126, Control 24 Celda 130, Ponce, PR 00732; Administración de Corrección – División Legal a PO Box 71308 San Juan, PR 00936; Administración de Corrección – Oficina de Records a PO Box 71308 San Juan, PR 00936 y al Honorable Procurador General PO Box 9020192 San Juan, PR 00902-0192, mediante correo ordinario.

**RESPETUOSAMENTE SOMETIDO.**

En San Juan, Puerto Rico, hoy 12 de julio de 2016.

MARIA S. HOPGOOD MATIAS
CLARIBEL HERNÁNDEZ LÓPEZ
DAMARIS M. HERNÁNDEZ CRUZ
REBECA NEGRON UMPIERRE
EBENEZER RODRÍGUEZ PIERLUISSI
ABOGADOS

Administración de Compensaciones por
Accidentes de Automóviles (ACAA)
Departamento de Asuntos Legales
PO Box 364847
San Juan PR 00936-4847
Tel. (787) 759-8989, Ext.3142
Fax (787) 753-7795

Lcdo. Ebenezer Rodríguez Pierluissi
RUA: 8419
Colegiado Núm: 9700

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
CENTRO JUDICIAL DE PONCE
SALA SUPERIOR

| | |
|---|---|
| RUBEN MUÑIZ RUBERTÉ<br>**Parte Demandante**<br><br>**Vs.**<br><br>ESTADO LIBRE ASOCIADO DE PUERTO<br>RICO, CENTRO GUBERNAMENTAL,<br>ACAA<br>**Parte Demandada** | **CIVIL NUM:** J DP2016-0350<br><br>**SALA** 605<br><br>**SOBRE:** DAÑOS Y PERJUICIOS |

1-Atendida la, "Moción", presentada el 6 de diciembre de 2016, por el demandante Sr. Rubén Muñiz Ruberté, por derecho propio, el Tribunal emite la siguiente:

ORDEN

Véase Resolución del 22 de noviembre de 2016.

2-Atendida la, "Moción", presentada el 9 de diciembre de 2016, por el demandante Sr. Rubén Muñiz Ruberté, por derecho propio, el Tribunal emite la siguiente:

ORDEN

Tenga la parte demandante el término de 20 días para aclarar si desiste a favor

del Estado Libre Asociado de Puerto Rico, e interesa continuar contra ACAA.

**NOTIFIQUESE.**

En Ponce, Puerto Rico, a 14 de diciembre de 2016.

(FDO.)
FRANCISCO J. ROSADO COLOMER
JUEZ SUPERIOR

mbt

(1)

Estado Libre Asociado de Puerto Rico
Administración de Compensación Por Accidentes
de Automoviles., Junta de Gobierno

| | |
|---|---|
| Ruben Muñiz Irizarte<br>Reclamante – Apelante | Caso Núm. 10-25-1144-01<br><br>Sobre: |
| Representación Legal<br>LCDO. Juan G. Rodriguez Lopez<br>LCDA. Jetzebelle Prieto | Servicios Medicos Hospitalario<br>Extención de Cubierta de<br>Beneficios |
| Fecha de Accidente<br>8 de Octubre de 2009 – | |

(Resolución)

Moción informativa de Exposición. Por la cual
me estoy dirigiendo a la Sra. Damaris Figueroa
actual Directora Regional de la (ACAA) en
Ponce. Les dejo saber que no estoy Deacuerdo
con la Desición tomada de mi caso y donde me
Curpan, a este apelante por la tardanza de los
Terminos, y Pido una reconcideración ó una
Audiencia Publica ante el Director Ejecutivo
ó un examinador designado por Este, y Notificar
a mi abogado. Pues les esplico que sus Notifi-
caciones an sido enviadas el 15/Diciembre/2014,
Donde me fue entregada el 8/Enero/2015 alas 4:47 P.M.,
Estas son las rasones por la cual el Apelante no a
podido contestar A Tiempo., Entiendo que an tomado
una desición injusta asia mi Persona, Por que Por
Curpa de un Chofer Inegligente é Inrresponsable
estoy pagando las Inegligencias de la Administración
de Corrección, y Padeciendo de daños Inreparables
en mi salud física y mental, y en Esto no é
Visto mejoras y sigo con padecimientos de Salud.   **Exhibit 8**

Por la cual les pido que me tomen en Consideración por la sencija rasón que no me encuentro en la Libre Comunidad donde tendria la facilidad de Contestar a tiempo las resoluciones y no Perder los Terminos y recibir mejor servicion y mejor trato, Por que entiendo que 2 Años de tratamiento no son suficientes para reparal los Daños Sufridos por ese Accidente, y la Administración de Correción ofrese un tratamiento Incompleto e Ineficiente, como por Ejemplo la Dra. Emma Carreras solicito que se me aprobara una visita a la ficiatra para mas terapias fisicas Tambien solicito un matre ortopédico un andador por que las muletas que tengo son de braso y se me resbalan, y una silla para el baño, y de todo eso lo unico que e recibido a sido la silla de baño, porque Todabia Conservo las mulutas de braso y por matre ortopédico me dieron 2 matres regulares que me estan Causando mas daño a mi salud física.

y Con esto Curmino discurpen la demora pero en este escrito les dejo saber la rasón por la Cual me e demorado, Espero que me tomen en Consideración por q. a causa de el Accidente E perdido Bonificaciones por que no me permiten Trabajar por mis Condiciones de salud lo Cual me Inpide completar mi ajuste Intitacional, me siento deprimido y con esta situación me siento Frusteado y en sima de todo ustedes tratan de negarme el servicio. Esto a sido todo Espero que esto no les Cause Incomodidad y Espero que esta petición me la den a lugar que Dios los Bendiga y feliz Año Nuevo

③

Espero su Pronta Contesta.

Respetuosamente sometido el
9 de Enero del 2015
En San Juan Puerto Rico

Firma x Rubén Muñiz Ruberté
Ruben Muñiz Ruberté
Inst. Ponce 224 Control 25
Sección Violeta  Cerda #150
P.O Box - 7126 Ponce P.R
00732

Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE PONCE-AIBONITO
PANEL IX

| | | |
|---|---|---|
| RUBEN MUÑIZ RUBERTE<br><br>Recurrente<br><br>v.<br><br>ADMINISTRACION DE COMPENSACION POR ACCIDENTES DE AUTOS<br><br>Recurrido | KLRA201600827 | *Revisión Judicial* procedente de la Administracion de Compensacion por Accidentes de Autos<br><br>Caso Núm.:<br><br>Sobre:<br>REVISION DE DETERMINACION ADMINISTRATIVA |

Panel integrado por su presidente, el Juez Bermúdez Torres, la Juez Nieves Figueroa y el Juez Flores García.

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 15 de diciembre de 2017.

Vista la *Moción Informativa Pidiendo al Honorable Tribunal de Ponce, Continuidad del Caso Civil Núm. 10-251144-01* presentada por el señor Muñiz Ruberté, nada que proveer. Véase *Sentencia* emitida en este caso el 30 de septiembre de 2016.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE BAYAMÓN
PANEL V

| | | |
|---|---|---|
| RUBÉN MUÑÍZ RUBERTÉ<br><br>Recurrente<br><br>v.<br><br>ADMINITRACIÓN DE COMPENSACIÓN POR ACCIDENTES DE AUTOMÓVILES (ACAA)<br><br>Recurrido | KLRA20150510 | *REVISIÓN* procedente de la Administración de Compensación por Accidente de Automóviles<br><br>Civil. Núm. 10-251144-01<br><br>Sobre: Servicios Médicos Extensión de Cubierta de Beneficios |

Panel integrado por su presidente, el juez Piñero González, las juezas Birriel Cardona y Surén Fuentes.

**Birriel Cardona, Jueza Ponente**

## SENTENCIA



En San Juan, Puerto Rico, a <u>31</u> de marzo de 2016.

Comparece el señor Rubén Muñiz Ruberté (señor Muñiz o el recurrente), por derecho propio y quien se encuentra ingresado en una institución penal, mediante recurso revisión judicial de epígrafe recibido por este Tribunal el 12 de mayo de 2015[1]. Solicita la revisión de la Resolución emitida por la Administración de Compensaciones por Accidentes de Automóviles (ACAA o



---

[1] El recurso de revisión judicial fue firmado por el señor Muñiz el 6 de mayo de 2015 y utilizaremos esta fecha para los efectos de auscultar nuestra jurisdicción y contabilizar los treinta (30) días disponibles para solicitar revisión, contados a partir del archivo en autos de copia de la notificación. Ello, a los efectos de cumplir con la Regla 57 del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. XXII-B, R. 57, que expone que "[e]l escrito inicial de revisión deberá ser presentado dentro del término jurisdiccional de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia".

parte recurrida) el 25 de noviembre de 2014 y enviada por correo el 1 de diciembre del mismo año.

Para disponer la presente solicitud prescindiremos de la comparecencia de la parte recurrida según nos faculta la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B, R. 7(B)(5), y como nos permite la Sección 4.6 de LPAU, 3 L.P.R.A. sec. 2176[2].

Por los fundamentos expuestos a continuación, se revoca la Resolución recurrida.

I.



El señor Muñiz se encuentra confinado desde el 2007 y actualmente cumple su sentencia en la Institución Correccional Ponce 224. Estando bajo la custodia del Estado el señor Muñiz sufrió lesiones como consecuencia de un accidente de automóvil ocurrido el 8 de octubre de 2009 en donde viajaba como pasajero de una guagua del Departamento de Corrección y Rehabilitación. Consecuentemente, recibió servicios médicos por cuenta y costo de ACAA.



Surge de la copia del expediente administrativo que el 8 de mayo de 2012 la ACAA emite *Decisión de Denegación del Director Ejecutivo por Servicio Médico* mediante la cual se deniega la extensión de los beneficios recibidos por el señor Muñiz.

Posteriormente, y en ajustada síntesis, surge lo siguiente: el 28 de junio de 2012 se celebra una Vista; el

---

[2] Dicha sección expresa, en su parte pertinente, que no será obligatoria la comparecencia del Estado Libre Asociado ante el Tribunal de Apelaciones a menos que así lo ordene el tribunal.

7 de agosto de 2012, notificada el 10 del mismo mes y año, se emite una *Resolución del Director Regional Sobre Conferencia Preliminar* en donde se confirma la decisión tomada el 8 de mayo de 2012; y el 7 de diciembre de 2012 se celebra una Audiencia ante el Director Ejecutivo conforme a la Regla 7(G) del *REGLAMENTO PARA LA LEY DE PROTECCIÓN SOCIAL POR ACCIDENTES DE AUTOMÓVILES*, Reglamento 6911 del 1 de diciembre de 2004 (Reglamento 6911).

Finalmente, el 2 de septiembre de 2014, ACAA Resolución en donde determina, en síntesis, que no procede extender la extensión de cubierta y por tanto, tampoco los servicios ni el equipo médico solicitado por el señor Muñiz. La misma fue notificada al siguiente día siendo enviada por correo certificado y por correo regular al recurrente[3] y a los licenciados Juan Rodríguez López y Jetzabelle Prieto[4]; a cada uno de forma separada.

Inconforme, el 6 de octubre de 2014, recibida por ACAA el 15 del mismo mes y año, el señor Muñiz escribe una Carta Informativa mediante la cual indica que la Resolución emitida el 2 de septiembre de 2014 le fue entregada a su persona el 2 de octubre de 2014 y que por lo tanto le era imposible cumplir con el término de veinte (20) días para presentar su reconsideración final ante la

---

[3] Dicha correspondencia le fue enviada al señor Muñiz a la siguiente dirección: Cuadrante B-20 20148 Box 900, Peñuelas, PR 00624.
[4] Según el señor Muñiz estos licenciados acudieron a la vista celebrada el 7 de diciembre de 2012 únicamente y **no** fungen como su representación legal.

Junta de Directores conforme a la Regla 7(H) del Reglamento 6911.

**En respuesta, el 25 de noviembre de 2014, notificada el 1 de diciembre del mismo año, ACAA emite la Resolución recurrida en donde determina que no tiene jurisdicción para entender en los méritos la reconsideración del señor Muñiz por ésta haberse presentado fuera de término.** Apoya su determinación al indicar que todas las notificaciones también se han cursado a los abogados de récord por lo que no había razón para no actuar dentro de los veinte (20) días dispuestos por el Reglamento 6911.



El 9 de enero de 2015 el señor Muñiz envía otra Carta Informativa[5] a la ACAA. La misma fue recibida por ACAA el 14 de enero de 2015 y en ella expresa que no se le puede penalizar por algo sobre lo que él que no tienen control, que es el manejo de correspondencia a los confinados. A modo de sustentar su postura- y siendo medular para la controversia de autos- éste señala particularmente que, a pesar de que la Resolución emitida el 25 de noviembre de 2014 fue notificada el 1 de diciembre de 2014, **la misma fue recibida en la Institución Correccional el 17 de diciembre de 2014 y le fue entregada a él el 8 de enero de 2015.** De los autos no se desprende que ACAA le haya correspondido.



---

[5] Se desprende del sobre utilizado por el señor Muñiz que su dirección postal cambió y que su nueva dirección es: Institución Ponce 224-Control 25, Sección Violeta, Celda #130, P.O. Box 7126, Ponce, PR 00732.

Así las cosas, el 5 de mayo de 2015 el señor Muñiz redacta otra carta y recalca su cambio de dirección. Indica que dicho cambio se debe dado a que "ya Corrección no tiene contrato con el correo de Peñuelas". Destaca además que los abogados a los cuales ACAA les notifica copia de las Resoluciones no son sus abogados ya que él no tiene con qué pagarle honorarios. Nuevamente le solicita a ACAA una oportunidad o extensión del término para atender su reconsideración por entender que el presentó sus escritos a tiempo basándose el cómputo del término desde que él fue notificado.

Finalmente, el 17 de marzo de 2015, notificada el 25 de marzo de 2015, ACAA emite otra Resolución en donde indica que la reconsideración no cumple con el término aplicable de veinte (20) días. Concluye ACAA que, en ausencia de prueba que sustente la fecha en que Corrección le entregó al recurrente copia de las resoluciones, el señor Muñiz fue debidamente notificado y por lo tanto declara no ha lugar la solicitud de reconsideración por estar en destiempo.

Con firma del 6 de mayo de 2015, el 12 de ese mes y año el señor Muñiz acude ante este tribunal mediante la presente solicitud de revisión judicial. A modo de resumen, se desprende de su escrito que el recurrente alega que erró ACAA en no considerar que él no tiene control del manejo de la correspondencia y que por lo tanto no tiene la culpa

6

de que cuando recibe copia de las notificaciones ya han vencido los términos.

## II.

Es norma conocida que la solicitud de revisión judicial se presenta contra la determinación final de una agencia administrativa. *Depto. Educ. v. Sindicato Puertorriqueño*, 168 D.P.R. 527 (2006); *Procuradora Paciente v. MCS*, 163 D.P.R. 21 (2004). Véase además, Ley Núm. 201-2003, según enmendada, conocida como la Ley de la Judicatura de 2003, 4 L.P.R.A. sec. 24, *et seq.*; Ley Núm. 170 de 12 de agosto de 1988, según enmendada, conocida como Ley de Procedimiento Administrativo Uniforme (LPAU), 3 L.P.R.A. sec. 2101, *et seq.*; y la Regla 56 del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B, R. 56.



Particularmente, el Art. 4.006 de la Ley de la Judicatura de 2003, 4 L.P.R.A. sec. 24y, establece en su inciso (c) la competencia del Tribunal de Apelaciones. A esos efectos, dispone que este foro conocerá mediante una solicitud de revisión judicial las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas.

Por su parte, la Sección 4.2 de la LPAU, 3 L.P.R.A. sec. 2172, establece que una parte adversamente afectada por una orden o resolución final de una agencia, y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente, **podrá presentar una solicitud de revisión ante el Tribunal de**



**Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia.** O, a partir de la fecha aplicable de las dispuestas en la Sección 2165 cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. La doctrina que exige que la revisión judicial esté disponible después que se hayan agotado todos los remedios y procesos administrativos permite que la agencia cumpla, de manera informada y fundamentada, su función como brazo ejecutivo del Gobierno, antes de que los tribunales pasen juicio sobre sus determinaciones. *Rivera v. E.L.A.*, 121 D.P.R. 582 (1988).



Nuestro más alto foro ha expresado que una orden o resolución final es aquella que culmina el procedimiento administrativo; tiene efectos sustanciales sobre las partes; y resuelve todas las controversias ante la agencia, sin dejar pendiente algún aspecto para ser decidido en el futuro. *A.R.P.E. v. Coordinadora*, 165 D.P.R. 850 (2005). Se trata de la resolución que culmina en forma final el procedimiento administrativo respecto a todas las controversias. *Comisionado de Seguros v. Universal*, 167 D.P.R. 21 (2006). Ello a su vez hace ejecutable entre las partes la decisión administrativa y por ende susceptible de revisión judicial. *Íd.*

A los efectos de determinar cuándo comienza a decursar el término de treinta (30) que tiene una parte para -conforme a lo establecido en la Sección 4.2 de la LPAU, *supra*- presentar una solicitud de revisión ante el Tribunal de Apelaciones, es meritorio que la notificación de la orden o resolución final, o su reconsideración, haya sido notificada de acuerdo a LPAU. Véase, Sección 3.14 y 3.15, 3 L.P.R.A. sec. 2164 y 2165.

Particularmente, la Sección 3.14 de LPAU, *supra*, establece, en su parte pertinente, que:

> La orden o resolución final advertirá el derecho de solicitar la reconsideración ante la agencia o de instar el recurso de revisión judicial como cuestión de derecho ante el Tribunal de Apelaciones, <u>así como las partes que deberán ser notificadas del recurso de revisión</u>, **con expresión de los términos correspondientes. <u>Cumplido este requisito comenzarán a correr dichos términos.</u>**

> La agencia deberá especificar en la certificación de sus órdenes o resoluciones los nombres y direcciones de las personas -naturales o jurídicas- a quienes, en calidad de partes, les fue notificado el dictamen, a los fines de que éstas puedan ejercer efectivamente el derecho a la revisión judicial conferido por ley.

> **La agencia deberá notificar por correo a las partes, y a sus abogados de tenerlos, la orden o resolución a la brevedad posible,** y deberá archivar en autos copia de la orden o resolución final y de la constancia de la notificación. **<u>Una parte no podrá ser requerida a cumplir con una orden final a menos que dicha parte haya sido notificada de la misma.</u>** (Énfasis nuestro).

En esta etapa, una vez la agencia administrativa emite la orden o resolución, la parte puede solicitar la reconsideración de la determinación administrativa o




KLRA201500510                                                                  9

recurrir a través del recurso de revisión judicial directamente al Tribunal de Apelaciones. En caso de que la parte determine solicitar la reconsideración de la determinación administrativa, la LPAU establece en su Sección 3.15, *supra*, que **la parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden.** (Énfasis nuestro).[6]

Destacamos que "parte" según definido por LPAU significa toda persona o agencia autorizada por ley a quien se dirige específicamente la acción de una agencia o que sea parte en dicha acción, o que se le permita intervenir o participar en la misma, o que haya radicado una petición para la revisión o cumplimiento de una orden, o que sea designada como parte en dicho procedimiento. Véase, Sección 1.2, 3 L.P.R.A. sec. 2102.





---

[6] Por ser de aplicación al caso de autos, la Sección 13 de la Ley Núm. 138 del 26 de junio de 1968, según enmendada, conocida como "Ley de Protección Social por Accidentes de Automóviles", 9 L.P.R.A. sec. 2061, establece en lo pertinente:

> En caso de que un reclamante no estuviere conforme con la determinación que haga el Director Ejecutivo, podrá solicitar la reconsideración de ésta dentro de treinta (30) días a partir de la fecha de la notificación de la determinación o de la fecha del matasellos, si presentare dicho matasellos, la que fuere posterior. En esta etapa el reclamante podrá estar representado por abogado y hacer los planteamientos y presentará la evidencia que entienda convenients. Si no estuviere de acuerdo con el resultado de la reconsideración podrá, dentro de treinta (30) días a partir de la fecha de la notificación de la determinación en reconsideración o de la fecha del matasellos, si presentare dicho matasellos, la que fuere posterior, solicitar una audiencia pública ante el Director Ejecutivo o un examinador designado por éste.

## III.

El señor Muñiz está inconforme con la Resolución de ACAA emitida el 2 de septiembre de 2014 en donde se le deniega la extensión de cubierta de los beneficios provistos por la agencia. De dicha Resolución, la cual le fue entregada a su persona el 2 de octubre de 2014, es que éste solicita la Reconsideración que le fue denegada en donde ACAA indica que carece de jurisdicción por la reconsideración estar fuera del término jurisdiccional de veinte (20) días. Siendo estos contados desde el 3 de septiembre, fecha en que se notificó la Resolución del 2 del mismo mes y año.

Dicha Resolución está fechada el 25 de noviembre de 2015 y expresa que fue notificada el 1 de diciembre del mismo año. Sin embargo, el recurrente nos plantea que erró, en ajustada síntesis, al ACAA determinar que no tenía jurisdicción para atender su reconsideración por esta haberse presentado fuera de término. Fundamenta su reclamo al expresar que ACAA no consideró que él no tiene control ni manejo de su correspondencia, la cual le fue realmente entregada a escasos días de vencer el término de presentación aplicable, por lo que se le imposibilita cumplir con el término jurisdiccional que fue computado sin considerar su situación de reclusión. Le asiste la razón.

Sabido es que la parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción

de reconsideración de la resolución u orden. Véase Sección 4.2 de la LPAU, *supra*. Por ende, si la Resolución emitida por ACAA el 2 de septiembre 2014, enviada por correo el día siguiente, le fue entregada al señor Muñiz en la institución carcelaria en donde se encuentra el 2 de octubre de 2014, es imposible que el señor Muñiz redacte y presente su solicitud si los veinte (20) días se cuentan a partir del 3 de septiembre de 2014. De igual manera ocurre con todas las demás Resoluciones emitidas por ACAA, las cuales no le llegan a las manos del señor Muñiz en el tiempo razonable al que sí le llegarían si estuviera en la libre comunidad.

Es imperativo que la ACAA tome en consideración las circunstancias particulares en las cuales se encuentra el señor Muñiz, el cual le ha dejado saber a la agencia que no ostenta representación legal y que no recibe la correspondencia a tiempo. En adición, del expediente administrativo del caso de autos **no** existe evidencia fehaciente de la fecha exacta en que el recurrente, el cual reiteramos que se encuentra confinado, haya recibido copia de las diversas determinaciones de ACAA emitidas desde septiembre de 2014 al presente. Únicamente conocemos la fecha de recibo según indica el propio recurrente en sus múltiples cartas y mociones.

**Recordemos que cónsono con el precepto de la notificación, el Tribunal Supremo ha resuelto que el derecho a una notificación adecuada es parte del**

**debido proceso de ley**. (Énfasis nuestro). *Maldonado v. Junta de Planificación*, 171 D.P.R. 46 (2007). Si el señor Muñiz no se ha enterado de la determinación de la agencia, por éste encontrarse confinado y no tener control de la correspondencia, lo correcto es contabilizar los términos jurisdiccionales desde que éste adviene en conocimiento de la determinación de la agencia. Lo contrario va en contra del acceso a la justicia y no respeta la dignidad de las personas confinadas. Más aún, viola el debido proceso de ley que requiere que un dictamen final se notifique de manera que la parte afectada pueda enterarse de la decisión final en su contra. *Río Const. Corp. v. Mun. de Caguas*, 155 D.P.R. 394 (2001).



De conformidad con el Derecho antes expresado, concluimos que ACAA erró al no aplicar correctamente la Sección 3.14 de LPRA, *supra*, la cual claramente expresa ¿que una parte no podrá ser requerida a cumplir con una orden final a menos que dicha parte haya sido notificada de la misma. Al así actuar, ACAA obvió las garantías constitucionales del debido proceso de ley, tanto en su vertiente sustantiva como procesal, que cobijan al señor Muñiz.



Además, el pretender que el recurrente -que está privado de su libertad y que no tiene control alguno sobre el recibo de su correspondencia postal- cumpla con un determinado término que no contempla la situación especial en la cual éste se encuentra, articula una patente burla al

procedimiento de revisión que establece la propia Ley Orgánica de la ACAA, la cual no podemos avalar y mucho menos sostener. Véase, además, por analogía la Regla 30.1 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 30.1

Habida cuenta de lo anterior, la Resolución de ACAA emitida el 25 de noviembre de 2014 en donde determina que no tiene jurisdicción para entender en los méritos la reconsideración del señor Muñiz por ésta haberse presentado fuera del término no es correcta en Derecho. Ello, puesto que el término de veinte (20) días para reconsiderar la Resolución del 2 de septiembre de 2014 comenzó a decursar cuando el recurrente quedó realmente notificado de tal determinación, lo cual fue el 2 de octubre de 2014. Por lo tanto, al éste enviar su reconsideración el 6 de octubre, recibida por ACAA el 15 del mismo mes y año, el señor Muñiz sí cumplió con el término de veinte (20) días para presentar su reconsideración final ante la Junta de Directores conforme a la Regla 7(H) del Reglamento 6911.

IV.

Por los fundamentos antes expuestos, los cuales se hacen formar parte de esta Sentencia, revocamos la resolución recurrida que se negó a considerar la petición de reconsideración del señor Muñiz.

En su consecuencia, se ordena al Director Ejecutivo y/o Junta de Directores de la ACAA a atender y adjudicar la reconsideración presentada por el señor Muñiz el 6 de



octubre de 2014 y continuar con el proceso administrativo conforme la Ley de Procedimiento Administrativo Uniforme, *supra*, y el Reglamento 6911, *supra.*

También ordenamos a la ACAA a cumplir con la Sección 3.14 de LPAU, *supra*, cerciorándose de la entrega al señor Muñiz de todas las Resoluciones y Órdenes emitidas por la agencia y acreditando la fecha del archivo en autos de la copia de la notificación de éstas desde que el confinado es personalmente notificado.

Notifíquese al Director Ejecutivo de la Administración de Compensaciones por Accidentes de Automóviles; y al señor Muñiz a la Institución Correccional Ponce 224.

 Notifíquese, además, al Secretario del Departamento de Corrección y Rehabilitación así como al Superintendente de la Institución Correccional Ponce 224; a quienes le ordenamos a que le den estricto cumplimiento al *Reglamento de Normas para Regir la Correspondencia de los Miembros de la Población Correccional en Instituciones Correccionales y Programas de la Administración de Corrección*, Reglamento Núm. 7594 aprobado el 24 de octubre de 2008 y que aún está vigente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Mildred Ivonne Rodríguez Rivera
Sub Secretaria Núm. 2, Tribunal de Apelaciones

Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
CENTRO JUDICIAL DE PONCE
SALA SUPERIOR

| | |
|---|---|
| RUBÉN MUÑIZ RUBERTÉ<br>**Demandante**<br><br>Vs.<br><br>ESTADO   LIBRE   ASOCIADO   DE<br>PUERTO RICO, ET ALS<br>**Demandados** | **CIVIL NÚM.:** J DP2016-0350<br><br>**SALA:** 605<br><br>**SOBRE:** DAÑOS Y PERJUICIOS |

### SENTENCIA PARCIAL

El 25 de mayo de 2017 compareció el Departamento de Justicia del Gobierno de Puerto Rico en un escrito titulado "AVISO DE PARALIZACIÓN DE LOS PROCEDIMIENTOS POR VIRTUD DE LA PRESENTACIÓN DE LA PETICIÓN POR EL GOBIERNO DE PUERTO RICO BAJO EL TITULO III DE *PROMESA*" suscrito por el Lcdo. Jorge Arroyo González y el Lcdo. Justo R. Sánchez Barea. En dicho escrito, la parte hace referencia a la presentación de una petición de quiebras a nombre del *Gobierno de Puerto Rico* el 3 de mayo de 2017, en el caso *In re: Commonwealth of Puerto Rico,* case no. 17-1578, al amparo del Título III de la *"Puerto Rico Oversight, Management and Economic Stability Act", mejor* conocida como la Ley PROMESA por sus siglas en inglés, 48 USC § 2101 et. seq. (Pub. Law 114-187), y se solicita la paralización de los procedimientos al amparo del *automatic stay* de las secciones 362(a) y 922(a) de la Ley Federal de Quiebras, 11 USC § 362(a) y § 922(a).

El 19 de julio de 2017 la parte demandante presentó *Moción en Oposición a* AVISO DE PARALIZACIÓN DE LOS PROCEDIMIENTOS POR VIRTUD DE LA PRESENTACIÓN DE LA PETICIÓN POR EL GOBIERNO DE PUERTO RICO BAJO EL TITULO III DE *PROMESA"* alegando crasa violación a su derecho constitucional a un debido proceso de ley. La parte co-demandada, Administración de Compensación por Accidentes de Automóviles, no ha presentado posición alguna con relación a la solicitud del Gobierno de Puerto Rico, pese a haber transcurrido en exceso al término que establece la Regla 8.4 de Procedimiento Civil de 2009. Así las cosas, damos por sometido el asunto y procedemos a resolver.

El término "jurisdicción" significa el poder o autoridad de un tribunal para considerar y decidir casos o controversias. *ASG v. Mun. San Juan*, 168 DPR 337

NÚM. IDENTIFICADOR:SEN2017 45300

(2006); *Rodríguez v. Overseas Military*, 160 DPR 270 (2003); *Roberts v. U.S.O. Council of P.R.*, 145 DPR 58 (1998); *Gearheart v. Haskell*, 87 DPR 57 (1963). Los Tribunales tienen el deber ministerial de velar por su jurisdicción aun cuando las partes no lo hayan planteado. *Medio Mundo Inc. v. Rivera*, 154 DPR 315 (2010); *Gobernador de P.R. v. Alcalde de Juncos*, 121 DPR 522 (1988). Es por ello que la falta de jurisdicción de un Tribunal es un asunto que se puede levantar y resolver *motu propio*, pues ciertamente **no se tiene discreción para asumir jurisdicción allí donde no la hay.** *Romero Barceló v. E.L.A.*, 169 DPR 460 (2006); *Souffort v. A.A.A.*, 164 DPR 663(2005); *Carattini v. Collazo Systems*, 158 DPR 345 (2003). Las cuestiones relativas a la jurisdicción de un tribunal son privilegiadas y, como tal, deben atenderse y resolverse con preferencia a cualesquiera otras. *Szendrey v. F. Castillo Family Properties, Inc., supra*; *Sociedad de Gananciales v. A.F.F.*, 108 DPR 644 (1979).

La falta de jurisdicción sobre la materia conlleva las siguientes consecuencias inexorablemente fatales: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente otorgarla a un tribunal ni el tribunal puede abrogársela; (3) los dictámenes de un foro sin jurisdicción sobre la materia son nulos (nulidad absoluta); (4) los tribunales tienen el ineludible deber de auscultar su propia jurisdicción; (5) los tribunales apelativos deberán examinar la jurisdicción del foro de donde procede el recurso; y, (6) el planteamiento de falta de jurisdicción sobre la materia puede hacerse en cualquier etapa del procedimiento por cualquiera de las partes o por el tribunal *motu propio*. *Vázquez v. A.R.P.E.*, 128 DPR 513, 537 (1991).

Los procedimientos de quiebra son regulados exclusivamente por el Congreso de los Estados Unidos en virtud del Artículo 1, Sec. 8 de la Constitución de los Estados Unidos. LPRA, Tomo 1, pág. 167; *Marrero Rosado v. Marrero Rosado*, 178 DPR 476, 490 (2010). El aludido artículo establece que el Congreso tiene la facultad *"para establecer leyes uniformes de quiebras para toda la Nación". Id.* En función del citado texto, la legislación de quiebras federal constituye campo ocupado para los estados, por lo que estos no pueden legislar en contravención a lo allí dispuesto. En específico, los procedimientos ante las Cortes de Quiebras

federales, tribunales creados exclusivamente para llevarlos, se rigen por el Código de Quiebras. 11 USC § 101 *et. seq.*

El 30 de junio de 2016 entró en vigor la Ley PROMESA, *supra.* En ella, se creó una Junta de Supervisión y Administración Financiera para Puerto Rico (*Financial Oversight and Management Board*), llamada popularmente la Junta de Supervisión Fiscal, para atender la situación económica del Estado Libre Asociado de Puerto Rico, denominado en la Ley como Puerto Rico, 48 USC § 2104(5), o los territorios que así lo soliciten. La Ley PROMESA concedió autoridad suficiente a la Junta de Supervisión Fiscal para presentar una Petición Voluntaria para reestructurar las deudas del territorio bajo su supervisión, al amparo del Título III de la Ley, en la corte de distrito federal. Como parte de las disposiciones del Título III, se dispone un procedimiento similar al procedimiento seguido en los casos de una Petición bajo el Capítulo 9 y 11 del Código de Quiebras Federal. 48 USC § 2161, et seq.

La Ley PROMESA, en lo aquí pertinente, define lo términos *Debts, Claims, Liens, Covered Territory, Covered Territorial Instrumentality, Debtor y Holder of a Claim or Interes* [1]; además, adopta las secciones 101, 362, 501, 502, 922, 923 y 1126 del Título 11 del USC, conocido como el Código de Quiebras Federal, entre otras.

En lo que se refiere a la paralización automática, el inciso (a) de la sección 362 del Código de Quiebras Federal, 11 USC 362 (a), dispone:

"**(a)** Except as provided in subsection (b) of this section, **a petition filed** under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, **operates as a stay**, applicable to all entities, of—
    **(1)** the **commencement or continuation**, including the issuance or employment of process, of a **judicial, administrative**, or other **action or proceeding against the debtor** that was or could have been commenced **before the commencement of the case under this title**, or to recover a claim against the debtor that arose before the commencement of the case under this title;
    **(2)** the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
    **(3)** any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
    **(4)** any act to create, perfect, or enforce any lien against property of the estate;
    **(5)** any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
    **(6)** any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

---

[1] 48 USC § 2101 (b)(2), § 2104 (7) y (8), § 2161 (2) (3) y 48 USC § 2162.

**(7)** the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and

**(8)** the commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of a debtor that is a corporation for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief under this title.[...] 11 USC § 362." **(Negrillas suplidas)**

De la misma forma, la sección 922 del mismo cuerpo, 11 USC § 922, establece:

"(a) A petition filed under this chapter operates as a stay, in addition to the stay provided by section 362 of this title, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against an officer or inhabitant of the debtor that seeks to enforce a claim against the debtor; and

(2) the enforcement of a lien on or arising out of taxes or assessments owed to the debtor.

(b) Subsections (c), (d), (e), (f), and (g) of section 362 of this title apply to a stay under subsection (a) of this section the same as such subsections apply to a stay under section 362(a) of this title.

(c) If the debtor provides, under section 362, 364, or 922 of this title, adequate protection of the interest of the holder of a claim secured by a lien on property of the debtor and if, notwithstanding such protection such creditor has a claim arising from the stay of action against such property under section 362 or 922 of this title or from the granting of a lien under section 364(d) of this title, then such claim shall be allowable as an administrative expense under section 503(b) of this title.

(d) Notwithstanding section 362 of this title and subsection (a) of this section, a petition filed under this chapter does not operate as a stay of application of pledged special revenues in a manner consistent with section 927 of this title to payment of indebtedness secured by such revenues." 11 USC § 922

La paralización automática es una de las protecciones más básicas que el legislador estadounidense instituyó en el Código de Quiebras para los deudores que se acogen a éste. Con la paralización automática se impide, "entre otras cosas, el comienzo o la continuación de cualquier proceso judicial, administrativo o de otra índole que fue o pudo haber sido interpuesto en contra del deudor, o para ejercitar cualquier acción cuyo derecho nació antes de que se iniciara la quiebra". *Peerles Oil v. Hnos Torres Pérez*, 186 DPR 239, 255 (2012), citando a *Marrero Rosado v. Marrero Rosado, supra.* El tribunal estatal pierde jurisdicción sobre cualquier reclamación contra el deudor que reclama estar en estado de quiebra o contra la propiedad de su caudal con limitadas excepciones contenidas en la sección 362(b) del título 11, 11 USC § 362(b). Es decir, la mera presentación de una solicitud de quiebra priva automáticamente a los tribunales estatales de jurisdicción sobre el

peticionario en casos iniciados o en proceso y en los que no hayan comenzado. *Morales v. Clínica Femenina de P.R.*, 135 DPR 810, 819-820 (1994).

"La paralización automática no requiere notificación formal; surte efectos desde que se presenta la petición de quiebra y se extiende hasta que se dicte la sentencia final. Íd. Véase, además, *Jamo v. Katahdin Fed. Credit Union*, 283 F.3d 392, 398 (1er Cir. 2002). *Peerles Oil v. Hnos Torres Pérez, supra.* No obstante, la Ley PROMESA acogió la sección 923 del Código de Quiebras Federal, 11 USC § 923, que requiere en términos de notificación lo siguiente:

"There shall be given notice of the commencement of a case under this chapter, notice of an order for relief under this chapter, and notice of the dismissal of a case under this chapter. Such notice shall also be published at least once a week for three successive weeks in at least one newspaper of general circulation published within the district in which the case is commenced, and in such other newspaper having a general circulation among bond dealers and bondholders as the court designates."

La paralización automática impide el comienzo o la continuación de cualquier acción judicial o administrativa en contra del deudor pendiente o que pudo comenzar **antes del inicio de la petición de quiebra**. 11 U.S.C. sec. 362 (a)(1). A su vez, prohíbe las acciones judiciales y administrativas que se inicien en contra del deudor para recuperar reclamaciones hechas con anterioridad a la petición. Íd. De igual forma, la paralización automática prohíbe las acciones para cumplir sentencias que fueron obtenidas antes de que la petición de quiebra se haya iniciado." *Peerles Oil v. Hnos Torres Pérez*, 186 DPR 239, 255-256 (2012)

En el presente caso, el Departamento de Justicia del Gobierno de Puerto Rico ha presentado un escrito donde solicita la paralización de los procedimientos, sin documento alguno que apoye su alegación. Por lo tanto, debemos entender que los abogados sostienen bajo la Regla 9 de Procedimiento Civil de 2009 que la parte demandada es un *Covered Territory o Covered Territorial Instrumentality* que ha presentado una petición voluntaria para reestructurar sus deudas, al amparo del Título III de la Ley Promesa, en la corte de distrito federal, en calidad *Debtor,* que cumplió con el requisito de notificación fijado en la sección 923 del título 11, y que la reclamación en su contra en el pleito de marras se encuentra dentro de aquellas cobijadas en la petición.

No obstante, cuando la reclamación va dirigida a más de un demandado se ha resuelto que: "[L]a iniciación del procedimiento de quiebra es una defensa

personal que puede levantarse por el deudor peticionario únicamente, pero que no

beneficia a los codeudores. United States v. Rassmussen, 184 F.Supp. 351 (Minn.

1960); Trustees of Schools, etc. v. Chamberlain, 78 N.E.2d 525 (Ill. 1948); Matney

v. Combs, 198 S.E. 469 (Va. 1938). A los fines de poder reclamar contra el

codeudor solidario o fiador, es inmaterial que el acreedor pruebe su reclamación

contra el deudor principal dentro del procedimiento de quiebra, Gurley v. Robertson,

59 So. 643 (Ala. 1912). Es más, puede probar su reclamación, recibir la parte

proporcional que se adjudique a los acreedores, y dirigir entonces su acción por el

balance contra el codeudor, E. Sole & Co., S. en C. v. Claudio, 41 D.P.R. 950

(1931); McClintic-Marshall Co. v. City of New Bedford, 131 N.E. 444 (Mass.

(1921))." Cámara Insular Etc. v. Anadón, 83 DPR 374, 380- 381 (1961)

"Nada dentro del contenido de la Sección 362 sugiere que haya sido la

intención del Congreso que esta disposición le arrebatara a los acreedores del

deudor en bancarrota la protección que procuraban y recibían cuando solicitaban

que un tercero garantizara la deuda. El Congreso sabía cómo extender la

paralización automática a las partes que no estaban en quiebra cuando se propuso

hacerlo. El Título 13, por ejemplo, contiene una disposición estrictamente definida

para paralizar los procedimientos contra una cantidad limitada de codeudores

individuales de deudas del consumidor. Véase 11 U.S.C. § 1301(a). Bajo la Sección

362(a) no existe tal protección para los garantizadores de las quiebras por Título

11. Véase Williford, 715 F.2d, páginas 126-127." *Peerles Oil v. Hnos Torres Pérez*,

*supra,* a la pág. 257, citando a Credit Alliance Corp. v. Williams, 851 F. 2d 119 (4to

Cir. 1998). "A igual conclusión llegó el Segundo Circuito en Queenie, Ltd. v. Nygard

Intl., 321 F.3d 282, 287 (2do Cir. N.Y. 2003) al establecer que la petición de quiebra

de un deudor paraliza su apelación y la de su corporación, pero no así la de otros

codemandados en el pleito. Véase, además, The Bankruptcy Code's Automatic

Stay, 895 PLI/Comm 661, 674 (2007) (Debtor's filing of bankruptcy petition stayed

his appeal and that of his wholly owned corporation, **but not that of**

**co-defendants**)." *Peerles Oil v. Hnos Torres Pérez, supra,* a la pág. 258-259.

Por lo tanto, la presentación de la petición hecha bajo el Título III de la Ley

Promesa, en la corte de distrito federal, no beneficia a otros demandados que

pudieran responderle al demandante, salvo aquellas excepciones establecidas en

el caso de *Peerles Oil v. Hnos Torres Pérez, supra*, a la página 259-260. Ante el silencio guardado por la parte co-demandada, Administración de Compensación por Accidentes de Automóviles, no se ha colocado al Tribunal en posición de aplicarle la excepción sobre identidad entre el quebrado y el tercero demandado.

Por los fundamentos que anteceden, se decreta la paralización de los procedimientos en el presente caso, y se ORDENA SU ARCHIVO ADMINISTRATIVO sin perjuicio.

Expresamente reservamos jurisdicción para DECRETAR LA REAPERTURA, a solicitud de la parte interesada, en caso de que dicha orden de paralización sea dejada sin efecto y la parte interesada acuda ante este foro una vez advenga final y firme tal disposición del Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico; o que por otra razón proceda la continuación de los procedimientos en este caso.

En caso de que la reclamación o reclamaciones de autos queden totalmente adjudicadas en el proceso ante el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico, por ello, extinto lo que aquí se predica, se considerará definitivo este dictamen, independientemente que dicho Tribunal o parte interesada lo notifique a este Tribunal.

No existiendo razón alguna para posponer dictar la presente Sentencia Parcial hasta la finalización total del pleito, se procede a dictar la misma de conformidad con lo antes esbozado, y se ordena el registro de la misma, conforme la Regla 42.3 de las de Procedimiento Civil de Puerto Rico, 32 LPRA Ap. V 42.3.

Se concede a la parte demandante un término perentorio de 10 días para exponer su posición sobre la "Moción Solicitando la Desestimación de la Demanda Contra ACAA", presentada el 13 de diciembre de 2016, so pena de acceder a los solicitado.

Regístrese y Notifíquese.

Dada en Ponce, Puerto Rico, a 22 de junio de 2017.

FRANCISCO J. ROSADO COLOMER
JUEZ SUPERIOR

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**CENTRO JUDICIAL DE PONCE**
**SALA SUPERIOR**

| | |
|---|---|
| RUBÉN MUÑIZ RUBERTÉ | **CIVIL NÚM:** J DP2016-0350 |
| | **SALA:** 605 |
| **DEMANDANTE** | |
| v. | |
| ESTADO LIBRE ASOCIADO DE PUERTO RICO, CENTRO GUBERNAMENTAL, ACAA | |
| | **SOBRE:** |
| **DEMANDADA** | |
| | DAÑOS Y PERJUICIOS |

## MOCIÓN SOLICITANDO LA DESESTIMACIÓN DE LA DEMANDA
## CONTRA LA ACAA

**AL HONORABLE TRIBUNAL:**

**COMPARECE** la Administración de Compensaciones por Accidentes de Automóviles (en adelante "ACAA"), por conducto de la representación legal que subscribe y, muy respetuosamente, solicita que este Honorable Tribunal desestime la reclamación radicada en su contra en atención a los siguientes fundamentos:

### I. INTRODUCCIÓN

El 14 de octubre de 2016, el señor Rubén Muñiz Ruberté (en adelante "el demandante") radicó la demanda de epígrafe. En la misma, incluyó como demandadas al Estado Libre Asociado de Puerto Rico y a la aquí compareciente, la ACAA.

En síntesis, el demandante alega haber sufrido daños como consecuencia de las determinaciones administrativas de la ACAA al denegar su solicitud de extensión de cubierta, solicita que se le reabra su caso para que se le brinden servicios médicos y una indemnización por concepto de los daños alegadamente sufridos.

El 8 de octubre de 2009, el demandante estuvo involucrado en un accidente de automóvil, sufriendo lesiones en varias partes del cuerpo. En su demanda, el demandante reconoce haber recibido servicios médicos bajo la cubierta de la ACAA e

1

indica que posteriormente cerraron su caso y dejaron de proveerle tratamiento. Alega además, que la ACAA no le ha compensado económicamente por haber sufrido daños a su salud física y mental al cerrarle su caso sin justa causa, y descontinuar los servicios médicos que entiende son necesarios para su recuperación.

Es importante resaltar que la reclamación del demandante contra la ACAA es al amparo de su Ley Orgánica, la Ley Núm. 138 de 26 de junio de 1968, según enmendada, conocida como la "Ley de Protección Social por Accidentes de Automóviles", 9 L.P.R.A. sec. 2051 et seq., (en adelante "Ley 138"). La Sección 13 de la Ley 138 dispone el procedimiento para la adjudicación de reclamaciones que se hagan a la ACAA, en los casos en que los reclamantes no están conformes con las determinaciones del Director Ejecutivo y/o de la Junta de Gobierno. Véase también, la Regla 7 del Reglamento para la Ley de Protección Social por Accidentes de Automóviles, Reglamento Núm. 6911 de 1 de diciembre de 2004, según enmendado, (en adelante "Reglamento").

En este caso, según detallaremos en este escrito, el demandante, no estando conforme con las determinaciones de la ACAA con relación al cierre de su caso, instó su reclamación, la cual ya fue adjudicada en los méritos en el proceso administrativo. La Junta de Gobierno de la ACAA emitió una Resolución final mediante la cual confirma la determinación de denegar al demandante la extensión de cubierta de servicios médicos por un término mayor de dos (2) años. Posteriormente, el demandante solicitó la Revisión Judicial ante el Tribunal de Apelaciones, Caso Civil Núm. KLRA-2016-00827. El 30 de septiembre de 2016, el Tribunal de Apelaciones emitió Sentencia, mediante la cual desestima el caso, y la misma advino final y firme. Es decir, el demandante ya tuvo amplia oportunidad de presentar sus reclamaciones, las mismas fueron adjudicadas y ya el Tribunal de Apelaciones emitió su Sentencia. La adjudicación final de la ACAA y la Sentencia dictada en la revisión judicial, Caso Civil Núm. KLRA-2016-00827, constituyen cosa juzgada y el demandante está impedido de litigar nuevamente su caso.

En cuanto a su reclamación de daños y perjuicios, que es una causa de acción independiente, la demanda de epígrafe es la primera vez que el demandante la presenta. Por las razones que detallaremos a continuación, la reclamación de daños y perjuicios está prescrita.

Además de lo anterior, es indispensable resaltar que para que proceda una acción en daños y perjuicios como consecuencia de una determinación administrativa, es necesario que el demandante haya prevalecido en la acción administrativa, cosa que no ocurrió en este caso. La determinación final de la ACAA, emitida por la Junta de Gobierno, el 7 de junio de 2016, resolvió que no procedía extender la cubierta de beneficios médicos al demandante.

En consideración a lo antes expuesto, a continuación la ACAA expone los fundamentos a base de los cuales se desprende que la reclamación instada por el demandante, en su contra, debe ser desestimada sin la necesidad de continuar invirtiendo fondos públicos en el trámite de la misma.

## II. LA MOCIÓN DE DESESTIMACIÓN

A tenor con la Regla 10.2, de las Reglas de Procedimiento Civil de Puerto Rico de 2009, 32 L.P.R.A. Ap. V, R. 10.2, un demandado puede solicitar la desestimación de una causa de acción en su contra "cuando es evidente de las alegaciones de la demanda que alguna de las defensas afirmativas prosperará". *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 D.P.R. 689, 701 (2012), citando a *Sánchez v. Autoridad de los Puertos*, 153 D.P.R. 559, 569 (2001).

La desestimación al amparo de la Regla 10.2 de Procedimiento Civil puede solicitarse por los siguientes fundamentos: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; y (6) dejar de acumular una parte indispensable.

Por otra parte, aunque todos los hechos bien alegados en la demanda y las inferencias que puedan hacerse de las mismas se estiman admitidas, estas admisiones sólo se admiten para propósitos de evaluar la moción de desestimación y no son finales y conclusivas en tal forma que constituyan una renuncia a cualquier controversia material que deba determinarse por la prueba del juicio.

Surge de las alegaciones de la demanda que la reclamación presentada por el señor Muñiz Ruberté debe ser desestimada.  Veamos:

3

## III. BREVE TRASFONDO PROCESAL

1. El 8 de octubre de 2009, el demandante estuvo involucrado en un accidente de automóvil, mientras viajaba como pasajero en una guagua del Departamento de Corrección y Rehabilitación. El 14 de octubre de 2009, el demandante radicó su caso ante la ACAA para recibir tratamiento médico.

2. El 8 de mayo de 2012, el Director de la Oficina Regional de la ACAA en Ponce denegó la solicitud de extensión de cubierta de beneficios del demandante. Véase, Decisión de Denegación del Director Ejecutivo por Servicio Médico, que se acompaña como Exhibit 1.

3. El 25 de mayo de 2012, el demandante radicó oportunamente una solicitud de reconsideración mediante la cual solicita que se reabra su caso y se le brinden servicios médicos. El 28 de junio de 2012 se celebró una Vista Preliminar. Véase, Solicitud del demandante, que se acompaña como Exhibit 2.

4. El 7 de agosto de 2012, el Director de la Oficina Regional de la ACAA en Ponce, emitió una Resolución confirmando su decisión del 8 de mayo de 2012, mediante la cual se denegó al demandante su solicitud de extensión de cubierta de beneficios. Véase, Resolución del Director Regional Sobre Conferencia Preliminar, que se acompaña como Exhibit 3.

5. El 28 de agosto de 2012, el demandante radicó una solicitud de Audiencia Pública ante el Director Ejecutivo de la ACAA, por lo que se celebró la misma el 7 de diciembre de 2012 y el demandante estuvo representado por sus abogados. Véase, Solicitud de Audiencia Pública, que se acompaña como Exhibit 4.

6. El 2 de septiembre de 2014, la Directora Ejecutiva de la ACAA emitió una Resolución mediante la cual se confirma la denegación de extensión de cubierta de beneficios. Véase, Resolución, que se acompaña como Exhibit 5.

7. El 6 de octubre de 2014, el demandante presentó una apelación ante la Junta de Gobierno de la ACAA. Véase, Apelación, que se acompaña como Exhibit 6.

8. El 25 de noviembre de 2014, la Junta de Gobierno de la ACAA emitió una Resolución mediante la cual indica que carece de jurisdicción para atender en sus méritos la apelación, por haberse presentado fuera del término jurisdiccional y se sostiene la Resolución de la Directora Ejecutiva emitida el 2 de septiembre de 2014. Véase, Resolución de la Junta de Gobierno, que se acompaña como Exhibit 7.

9. El 9 de enero de 2015, el demandante radicó una Solicitud de Reconsideración ante la Junta de Gobierno de la ACAA. Véase, Solicitud de Reconsideración, que se acompaña como Exhibit 8.

10. El 17 de marzo de 2015, la Junta de Gobierno de la ACAA emitió una Resolución en Reconsideración. Mediante la misma, la Junta de Gobierno de la ACAA declara No Ha Lugar la solicitud por haberse presentado fuera del término jurisdiccional para ello. Véase, Resolución en Reconsideración de la Junta de Gobierno, que se acompaña como Exhibit 9.

11. El 12 de mayo de 2015, el demandante radicó un recurso de revisión judicial ante el Tribunal de Apelaciones, Región Judicial de Bayamón, Panel V, Caso Civil Núm. KLRA-2015-00510.

12. El 31 de marzo de 2016, el Tribunal de Apelaciones emitió una Sentencia mediante la cual revoca la Resolución de la Junta de Gobierno de la ACAA, emitida el 25 de noviembre de 2014 y ordena la Junta de Gobierno adjudicar la solicitud del demandante presentada el 6 de octubre de 2014 y a continuar el procedimiento administrativo. Mediante la Sentencia se ordenó, además, notificar personalmente al demandante todas las resoluciones y órdenes emitidas por la ACAA. Véase, Sentencia del Tribunal de Apelaciones, Caso Civil Núm. KLRA-2015-00510, Región Judicial de Bayamón, Panel V, que se acompaña como Exhibit 10.

13. El 7 de junio de 2016, en cumplimiento con la Orden del Tribunal de Apelaciones, la Junta de Gobierno de la ACAA adjudicó el caso en sus méritos y emitió su Resolución, la cual fue notificada personalmente al demandante el 12 de julio de 2016. Mediante la misma, se confirma la Resolución de la Directora Ejecutiva, emitida el 2 de septiembre de 2014, denegando la extensión de cubierta de beneficios. Véase, Resolución, que se acompaña como Exhibit 11 y Acuse de Recibo, que se acompaña como Exhibit 12.

14. El 1 de agosto de 2016, el demandante radicó un recurso de revisión judicial ante el Tribunal de Apelaciones, Caso Civil Núm. KLRA-2016-00827, Región Judicial Ponce-Aibonito, Panel IX, mediante el cual expresó su inconformidad con la determinación de la ACAA. Véase, Solicitud del demandante, que se acompaña como Exhibit 13.

15. El 30 de septiembre de 2016, el Tribunal de Apelaciones emitió una Sentencia en el Caso Civil Núm. KLRA-2016-00827, Región Judicial Ponce-Aibonito, Panel IX, mediante la cual se indica que procede la desestimación del recurso por carecer de jurisdicción para atenderlo. La misma advino final, firme e inapelable. Véase, Sentencia, que se acompaña como Exhibit 14.

## IV. ARGUMENTOS

### A. COSA JUZGADA

Este Honorable Tribunal carece de jurisdicción para atender el remedio solicitado por el demandante de reabrir su caso para que la ACAA le continúe brindando servicios médicos, ya que esta controversia fue adjudicada, la determinación advino final y firme y es de aplicación la doctrina de cosa juzgada.

La doctrina de cosa juzgada persigue evitar que las cuestiones judiciales se prolonguen más de lo deseable, darle finalidad a los pleitos e impedir que los ciudadanos se sometan en dos ocasiones a litigar la misma causa.[1] Además, promueve la economía judicial y administrativa, impide litigios innecesarios y evita decisiones inconsistentes.[2]

La doctrina de cosa juzgada se encuentra regulada por las disposiciones del Código Civil. Artículo 1204 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 3343.

---

[1] *Pérez v. Bauzá*, 83 D.P.R. 220, 225 (1961); *Bolker v. Tribunal Superior y Sosa, Interventores*, 82 D.P.R. 816, 832 (1961).
[2] *Rodríguez Rodríguez v. Colberg Comas*, 131 D.P.R. 212, 218 (1992).

Para que la presunción de cosa juzgada surta efecto en otro juicio, es necesario que entre el caso resuelto por la sentencia y aquel en que ésta sea invocada, concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron.

De ordinario, la adjudicación final de una agencia administrativa, en el ejercicio válido de su jurisdicción goza del carácter de cosa juzgada cuando alguna parte intenta re-litigar en el foro judicial la misma controversia.[3]

Sin lugar a dudas, en este caso aplica la doctrina de cosa juzgada. Según detallado en la sección anterior, Breve Trasfondo Procesal, el demandante, inconforme con la Resolución de la Junta de Gobierno de la ACAA, emitida el 7 de junio de 2016, mediante la cual se adjudica su reclamación en los méritos y se deniega su solicitud de extensión de servicios médicos, radicó un recurso de revisión judicial ante el Tribunal de Apelaciones. Por su parte, el Tribunal de Apelaciones emitió Sentencia el 30 de septiembre de 2016, mediante la cual desestima la reclamación. La misma advino final, firme e inapelable. Véase, Exhibit 14.

Durante el procedimiento administrativo ante la ACAA, el demandante apeló las determinaciones emitidas por la ACAA, mediante las cuales se le denegó la extensión de la cubierta de beneficios médicos a un término mayor de dos (2) años. El demandante, asistido por sus abogados, tuvo la oportunidad de comparecer a una Vista Preliminar y a una Audiencia Pública, en las cuales tuvo amplia oportunidad de presentar su prueba y planteamientos. El demandante apeló las determinaciones subsiguientes de la ACAA y posteriormente radicó un recurso de revisión judicial ante el Tribunal de Apelaciones que culminó con una Sentencia emitida el 30 de septiembre de 2016. Véase, Exhibits 1-9, 11, 13 y 14.

Mediante la demanda de epígrafe, el demandante nuevamente alega que la ACAA debe reabrirle su caso y brindarle servicios médicos. Su reclamación ya fue adjudicada y está impedido de re-litigar su reclamación por aplicarle la doctrina de cosa juzgada. El demandante solicita, además, por primera vez, al amparo del Artículo 1802 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 5741, que la ACAA debe compensarle por los daños y perjuicios alegadamente sufridos como consecuencia de no haberle brindado servicios médicos adecuados y por negarle servicios médicos.

---

[3] _Rodríguez Oyola v Machado Díaz_, 136 D.P.R. 250, 253 (1994).

La consecuencia de la doctrina de cosa juzgada es que la sentencia dictada en un litigio anterior impide la litigación posterior de la misma controversia, así como aquellas que pudieron haber sido litigadas adjudicadas en el litigio anterior.[4]

El demandante nunca presentó una reclamación de daños y perjuicios en el proceso administrativo ante la ACAA y no la presentó al radicar sus recursos de revisión judicial.  Por tanto, según detallaremos a continuación, la reclamación de daños y perjuicios está prescrita.

## B. PRESCRIPCIÓN

El Artículo 1868 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 5298, dispone que las acciones para exigir la responsabilidad civil por culpa o negligencia prescriben por el transcurso de un (1) año desde que lo supo el agraviado.  Una causa de acción, en daños y perjuicios, nace para un perjudicado cuando éste adviene en conocimiento de que ha sufrido lesiones como consecuencia de un acto culposo o negligente.

En este caso, el demandante estuvo involucrado en un accidente de automóvil, el día 8 de octubre de 2009, mientras viajaba como pasajero en una guagua del Departamento de Corrección y Rehabilitación.

El 14 de octubre de 2009, el demandante abrió su reclamación en la ACAA.  La ACAA le proveyó al demandante todos los servicios médico-hospitalarios que su condición razonablemente requería y que fueron recomendados por los médicos que lo evaluaron, según tiene derecho por las leyes, reglamentos y políticas de la ACAA.

El 8 de mayo de 2012, la ACAA denegó al demandante su solicitud de extensión de cubierta de beneficios médico-hospitalarios.  Según se detalla en el Breve Trasfondo Procesal en este escrito, el demandante radicó una solicitud de reconsideración, se celebró una Vista Preliminar y se emitió una Resolución confirmando la determinación del 8 de mayo de 2012.  El demandante inconforme con la determinación solicitó una Audiencia Pública.  El 2 de septiembre de 2014, la Directora Ejecutiva de la ACAA emitió Resolución mediante la cual confirma las determinaciones anteriores.  Luego de varios trámites administrativos, la Junta de Gobierno de la ACAA, mediante Resolución del 7 de junio de 2016, confirmó la denegatoria de extensión de cubierta de beneficios

---

[4] *Mercado Riera v. Mercado Riera*, 100 D.P.R. 940, 950 (1972); *Isaac Sánchez v. Universal C.I.T. Credit Corp.*, 95 D.P.R. 372, 382 (1967)

médico-hospitalarios.   El demandante radicó una Revisión Judicial y la misma fue desestimada por el Tribunal de Apelaciones. Véase, Exhibits 1-9, 11, 13 y 14.

Resulta evidente que el demandante tuvo conocimiento de los alegados daños sufridos desde al menos el 8 de mayo de 2012, fecha en que la ACAA le notificó la denegación de su solicitud de extensión de cubierta de beneficios médico-hospitalarios. Por tanto, el término prescriptivo de un (1) año que tenía el demandante para presentar su causa de acción por daños y perjuicios comenzó a contar desde el 8 de mayo de 2012.

El demandante no presentó una reclamación de daños y perjuicios durante el proceso administrativo y no la presentó al radicar las dos (2) revisiones judiciales ante el Tribunal de Apelaciones.  Véase, Exhibits 2, 4, 6, 8 y 13.  No es hasta la radicación de la demanda de epígrafe, el 14 de octubre de 2016, la primera vez que el demandante presenta una reclamación de daños y perjuicios contra la ACAA.  No cabe la menor duda, de que la causa de acción de daños y perjuicios bajo el Artículo 1802 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 5141, está prescrita.

Nuestro Tribunal Supremo ha reiterado que cuando el foro administrativo no está facultado en ley para conceder indemnización por daños y perjuicios, como es el caso de la ACAA, es preciso acudir al foro judicial dentro del término prescriptivo, en reclamo de los daños y perjuicios sufridos, y el agotar el remedio que ofrece el foro administrativo no interrumpe el término prescriptivo. *Acevedo v. Mun. de Aguadilla*, 153 D.P.R. 788, 803 (2001); *Cintrón v. ELA*, 127 D.P.R. 582 (1990. Aún cuando la acción comience mediante un procedimiento administrativo, "si es que pretende reclamar daños y perjuicios, la parte debe acudir al foro judicial dentro del término prescriptivo, quedando la acción judicial suspendida hasta que el dictamen administrativo sea final y firme." *Delgado Rodríguez v Nazario de Ferrer*, 121 D.P.R. 347 (1988).

A la luz de todo lo anterior, y de las alegaciones de la demanda, es evidente que la causa de acción por daños y perjuicios estaba prescrita a la fecha de la radicación de la demanda de epígrafe.

## V. CONCLUSIÓN

Resulta forzoso concluir que este Honorable Tribunal carece de jurisdicción para atender las reclamaciones presentadas por el demandante, por las razones detalladas en este escrito.

En cuanto al remedio solicitado de reabrir su caso para continuar recibiendo servicios médicos bajo la cubierta de la ACAA, aplica la doctrina de cosa juzgada ya que la controversia fue adjudicada en un procedimiento administrativo que culminó con una Sentencia del Tribunal de Apelaciones que advino final y firme. En cuanto a la causa de acción en daños y perjuicios, la misma está prescrita.

**POR TODO LO CUAL,** muy respetuosamente, se solicita a este Honorable Tribunal que declare no ha lugar la demanda de epígrafe en contra de la ACAA y emita cualquier otro pronunciamiento que en derecho proceda con el fin de evitar que la ACAA tenga que continuar invirtiendo tiempo, recursos y fondos pertenecientes al erario público en el trámite de este pleito.

**RESPETUOSAMENTE SOMETIDA.**

En San Juan, Puerto Rico, a _12_ de diciembre de 2016.

**CERTIFICO:** En esta misma fecha hemos enviado copia fiel y exacta del presente escrito, por correo certificado número 7013 2250 0000 7260 5738 y por correo regular a: Sr. Rubén Muñiz Ruberté, Inst. 224 – Control 24, Sección Violeta Celda 130, P. O. Box 7126, Ponce, PR 00732.

Brenda N. León Suárez
Claribel Hernández López
Damaris M. Hernández Cruz
Rebeca Negrón Umpierre
Ebenezer Rodríguez Pierluissi
**ABOGADOS**

Administración De Compensaciones por
Accidentes de Automóviles (ACAA)
P. O. Box 364847
San Juan, P. R. 00936-4847
Tel. 759-8989 Ext. 3154 ó 3144
Fax 753-7795
Mhopgood@acaa.pr.gov

**MARÍA S. HOPGOOD MATÍAS**
RUA 13186

9

Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE BAYAMÓN
PANEL V

| | |
|---|---|
| RUBÉN MUÑÍZ RUBERTÉ<br><br>Recurrente<br><br>v.<br><br>ADMINITRACIÓN DE COMPENSACIÓN POR ACCIDENTES DE AUTOMÓVILES (ACAA)<br><br>Recurrido | *REVISIÓN* procedente de la Administración de Compensación por Accidente de Automóviles<br><br>Civil. Núm. 10-251144-01<br><br>Sobre: Servicios Médicos Extensión de Cubierta de Beneficios |

KLRA20150510

Panel integrado por su presidente, el juez Piñero González, las juezas Birriel Cardona y Surén Fuentes.

**Birriel Cardona, Jueza Ponente**

## SENTENCIA

En San Juan, Puerto Rico, a <u>31</u> de marzo de 2016.



Comparece el señor Rubén Muñiz Ruberté (señor Muñiz o el recurrente), por derecho propio y quien se encuentra ingresado en una institución penal, mediante recurso revisión judicial de epígrafe recibido por este Tribunal el 12 de mayo de 2015[1]. Solicita la revisión de la Resolución emitida por la Administración de Compensaciones por Accidentes de Automóviles (ACAA o



---

[1] El recurso de revisión judicial fue firmado por el señor Muñiz el 6 de mayo de 2015 y utilizaremos esta fecha para los efectos de auscultar nuestra jurisdicción y contabilizar los treinta (30) días disponibles para solicitar revisión, contados a partir del archivo en autos de copia de la notificación. Ello, a los efectos de cumplir con la Regla 57 del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. XXII-B, R. 57, que expone que "[e]l escrito inicial de revisión deberá ser presentado dentro del término jurisdiccional de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia".

parte recurrida) el 25 de noviembre de 2014 y enviada por correo el 1 de diciembre del mismo año.

Para disponer la presente solicitud prescindiremos de la comparecencia de la parte recurrida según nos faculta la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B, R. 7(B)(5), y como nos permite la Sección 4.6 de LPAU, 3 L.P.R.A. sec. 2176[2].

Por los fundamentos expuestos a continuación, se revoca la Resolución recurrida.

## I.



El señor Muñiz se encuentra confinado desde el 2007 y actualmente cumple su sentencia en la Institución Correccional Ponce 224. Estando bajo la custodia del Estado el señor Muñiz sufrió lesiones como consecuencia de un accidente de automóvil ocurrido el 8 de octubre de 2009 en donde viajaba como pasajero de una guagua del Departamento de Corrección y Rehabilitación. Consecuentemente, recibió servicios médicos por cuenta y costo de ACAA.



Surge de la copia del expediente administrativo que el 8 de mayo de 2012 la ACAA emite *Decisión de Denegación del Director Ejecutivo por Servicio Médico* mediante la cual se deniega la extensión de los beneficios recibidos por el señor Muñiz.

Posteriormente, y en ajustada síntesis, surge lo siguiente: el 28 de junio de 2012 se celebra una Vista; el

---

[2] Dicha sección expresa, en su parte pertinente, que no será obligatoria la comparecencia del Estado Libre Asociado ante el Tribunal de Apelaciones a menos que así lo ordene el tribunal.

KLRA201500510

3

7 de agosto de 2012, notificada el 10 del mismo mes y año, se emite una *Resolución del Director Regional Sobre Conferencia Preliminar* en donde se confirma la decisión tomada el 8 de mayo de 2012; y el 7 de diciembre de 2012 se celebra una Audiencia ante el Director Ejecutivo conforme a la Regla 7(G) del *REGLAMENTO PARA LA LEY DE PROTECCIÓN SOCIAL POR ACCIDENTES DE AUTOMÓVILES*, Reglamento 6911 del 1 de diciembre de 2004 (Reglamento 6911).

Finalmente, el 2 de septiembre de 2014, ACAA Resolución en donde determina, en síntesis, que no procede extender la extensión de cubierta y por tanto, tampoco los servicios ni el equipo médico solicitado por el señor Muñiz. La misma fue notificada al siguiente día siendo enviada por correo certificado y por correo regular al recurrente[3] y a los licenciados Juan Rodríguez López y Jetzabelle Prieto[4]; a cada uno de forma separada.

Inconforme, el 6 de octubre de 2014, recibida por ACAA el 15 del mismo mes y año, el señor Muñiz escribe una Carta Informativa mediante la cual indica que la Resolución emitida el 2 de septiembre de 2014 le fue entregada a su persona el 2 de octubre de 2014 y que por lo tanto le era imposible cumplir con el término de veinte (20) días para presentar su reconsideración final ante la

---

[3] Dicha correspondencia le fue enviada al señor Muñiz a la siguiente dirección: Cuadrante B-20 20148 Box 900, Peñuelas, PR 00624.
[4] Según el señor Muñiz estos licenciados acudieron a la vista celebrada el 7 de diciembre de 2012 únicamente y **no** fungen como su representación legal.

Junta de Directores conforme a la Regla 7(H) del Reglamento 6911.

**En respuesta, el 25 de noviembre de 2014, notificada el 1 de diciembre del mismo año, ACAA emite la Resolución recurrida en donde determina que no tiene jurisdicción para entender en los méritos la reconsideración del señor Muñiz por ésta haberse presentado fuera de término.** Apoya su determinación al indicar que todas las notificaciones también se han cursado a los abogados de récord por lo que no había razón para no actuar dentro de los veinte (20) días dispuestos por el Reglamento 6911.



El 9 de enero de 2015 el señor Muñiz envía otra Carta Informativa[5] a la ACAA. La misma fue recibida por ACAA el 14 de enero de 2015 y en ella expresa que no se le puede penalizar por algo sobre lo que él que no tienen control, que es el manejo de correspondencia a los confinados. A modo de sustentar su postura- y siendo medular para la controversia de autos- éste señala particularmente que, a pesar de que la Resolución emitida el 25 de noviembre de 2014 fue notificada el 1 de diciembre de 2014, **la misma fue recibida en la Institución Correccional el 17 de diciembre de 2014 y le fue entregada a él el 8 de enero de 2015.** De los autos no se desprende que ACAA le haya correspondido.

---

[5] Se desprende del sobre utilizado por el señor Muñiz que su dirección postal cambió y que su nueva dirección es: Institución Ponce 224-Control 25, Sección Violeta, Celda #130, P.O. Box 7126, Ponce, PR 00732.

Así las cosas, el 5 de mayo de 2015 el señor Muñiz redacta otra carta y recalca su cambio de dirección. Indica que dicho cambio se debe dado a que "ya Corrección no tiene contrato con el correo de Peñuelas". Destaca además que los abogados a los cuales ACAA les notifica copia de las Resoluciones no son sus abogados ya que él no tiene con qué pagarle honorarios. Nuevamente le solicita a ACAA una oportunidad o extensión del término para atender su reconsideración por entender que el presentó sus escritos a tiempo basándose el cómputo del término desde que él fue notificado.

Finalmente, el 17 de marzo de 2015, notificada el 25 de marzo de 2015, ACAA emite otra Resolución en donde indica que la reconsideración no cumple con el término aplicable de veinte (20) días. Concluye ACAA que, en ausencia de prueba que sustente la fecha en que Corrección le entregó al recurrente copia de las resoluciones, el señor Muñiz fue debidamente notificado y por lo tanto declara no ha lugar la solicitud de reconsideración por estar en destiempo.



Con firma del 6 de mayo de 2015, el 12 de ese mes y año el señor Muñiz acude ante este tribunal mediante la presente solicitud de revisión judicial. A modo de resumen, se desprende de su escrito que el recurrente alega que erró ACAA en no considerar que él no tiene control del manejo de la correspondencia y que por lo tanto no tiene la culpa

de que cuando recibe copia de las notificaciones ya han vencido los términos.

## II.

Es norma conocida que la solicitud de revisión judicial se presenta contra la determinación final de una agencia administrativa. *Depto. Educ. v. Sindicato Puertorriqueño*, 168 D.P.R. 527 (2006); *Procuradora Paciente v. MCS*, 163 D.P.R. 21 (2004). Véase además, Ley Núm. 201-2003, según enmendada, conocida como la Ley de la Judicatura de 2003, 4 L.P.R.A. sec. 24, *et seq.*; Ley Núm. 170 de 12 de agosto de 1988, según enmendada, conocida como Ley de Procedimiento Administrativo Uniforme (LPAU), 3 L.P.R.A. sec. 2101, *et seq.*; y la Regla 56 del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B, R. 56.



Particularmente, el Art. 4.006 de la Ley de la Judicatura de 2003, 4 L.P.R.A. sec. 24y, establece en su inciso (c) la competencia del Tribunal de Apelaciones. A esos efectos, dispone que este foro conocerá mediante una solicitud de revisión judicial las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas.



Por su parte, la Sección 4.2 de la LPAU, 3 L.P.R.A. sec. 2172, establece que una parte adversamente afectada por una orden o resolución final de una agencia, y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente, **podrá presentar una solicitud de revisión ante el Tribunal de**



7

**Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia.** O, a partir de la fecha aplicable de las dispuestas en la Sección 2165 cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. La doctrina que exige que la revisión judicial esté disponible después que se hayan agotado todos los remedios y procesos administrativos permite que la agencia cumpla, de manera informada y fundamentada, su función como brazo ejecutivo del Gobierno, antes de que los tribunales pasen juicio sobre sus determinaciones. *Rivera v. E.L.A.*, 121 D.P.R. 582 (1988).

Nuestro más alto foro ha expresado que una orden o resolución final es aquella que culmina el procedimiento administrativo; tiene efectos sustanciales sobre las partes; y resuelve todas las controversias ante la agencia, sin dejar pendiente algún aspecto para ser decidido en el futuro. *A.R.P.E. v. Coordinadora*, 165 D.P.R. 850 (2005). Se trata de la resolución que culmina en forma final el procedimiento administrativo respecto a todas las controversias. *Comisionado de Seguros v. Universal*, 167 D.P.R. 21 (2006). Ello a su vez hace ejecutable entre las partes la decisión administrativa y por ende susceptible de revisión judicial. *Íd.*

A los efectos de determinar cuándo comienza a decursar el término de treinta (30) que tiene una parte para -conforme a lo establecido en la Sección 4.2 de la LPAU, *supra*- presentar una solicitud de revisión ante el Tribunal de Apelaciones, es meritorio que la notificación de la orden o resolución final, o su reconsideración, haya sido notificada de acuerdo a LPAU. Véase, Sección 3.14 y 3.15, 3 L.P.R.A. sec. 2164 y 2165.

Particularmente, la Sección 3.14 de LPAU, *supra*, establece, en su parte pertinente, que:



> La orden o resolución final advertirá el derecho de solicitar la reconsideración ante la agencia o de instar el recurso de revisión judicial como cuestión de derecho ante el Tribunal de Apelaciones, <u>así como las partes que deberán ser notificadas del recurso de revisión,</u> **con expresión de los términos correspondientes. <u>Cumplido este requisito comenzarán a correr dichos términos.</u>**

> La agencia deberá especificar en la certificación de sus órdenes o resoluciones los nombres y direcciones de las personas -naturales o jurídicas- a quienes, en calidad de partes, les fue notificado el dictamen, a los fines de que éstas puedan ejercer efectivamente el derecho a la revisión judicial conferido por ley.



> **La agencia deberá notificar por correo a las partes, y a sus abogados de tenerlos, la orden o resolución a la brevedad posible,** y deberá archivar en autos copia de la orden o resolución final y de la constancia de la notificación. <u>**Una parte no podrá ser requerida a cumplir con una orden final a menos que dicha parte haya sido notificada de la misma.**</u> (Énfasis nuestro).



En esta etapa, una vez la agencia administrativa emite la orden o resolución, la parte puede solicitar la reconsideración de la determinación administrativa o

9

recurrir a través del recurso de revisión judicial directamente al Tribunal de Apelaciones. En caso de que la parte determine solicitar la reconsideración de la determinación administrativa, la LPAU establece en su Sección 3.15, *supra*, que **la parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden.** (Énfasis nuestro).[6]

Destacamos que "parte" según definido por LPAU significa toda persona o agencia autorizada por ley a quien se dirige específicamente la acción de una agencia o que sea parte en dicha acción, o que se le permita intervenir o participar en la misma, o que haya radicado una petición para la revisión o cumplimiento de una orden, o que sea designada como parte en dicho procedimiento. Véase, Sección 1.2, 3 L.P.R.A. sec. 2102.



---

[6] Por ser de aplicación al caso de autos, la Sección 13 de la Ley Núm. 138 del 26 de junio de 1968, según enmendada, conocida como "Ley de Protección Social por Accidentes de Automóviles", 9 L.P.R.A. sec. 2061, establece en lo pertinente:

> En caso de que un reclamante no estuviere conforme con la determinación que haga el Director Ejecutivo, podrá solicitar la reconsideración de ésta dentro de treinta (30) días a partir de la fecha de la notificación de la determinación o de la fecha del matasellos, si presentare dicho matasellos, la que fuere posterior. En esta etapa el reclamante podrá estar representado por abogado y hacer los planteamientos y presentará la evidencia que entienda conveniente. Si no estuviere de acuerdo con el resultado de la reconsideración podrá, dentro de treinta (30) días a partir de la fecha de la notificación de la determinación en reconsideración o de la fecha del matasellos, si presentare dicho matasellos, la que fuere posterior, solicitar una audiencia pública ante el Director Ejecutivo o un examinador designado por éste.

### III.

El señor Muñiz está inconforme con la Resolución de ACAA emitida el 2 de septiembre de 2014 en donde se le deniega la extensión de cubierta de los beneficios provistos por la agencia. De dicha Resolución, la cual le fue entregada a su persona el 2 de octubre de 2014, es que éste solicita la Reconsideración que le fue denegada en donde ACAA indica que carece de jurisdicción por la reconsideración estar fuera del término jurisdiccional de veinte (20) días. Siendo estos contados desde el 3 de septiembre, fecha en que se notificó la Resolución del 2 del mismo mes y año.



Dicha Resolución está fechada el 25 de noviembre de 2015 y expresa que fue notificada el 1 de diciembre del mismo año. Sin embargo, el recurrente nos plantea que erró, en ajustada síntesis, al ACAA determinar que no tenía jurisdicción para atender su reconsideración por esta haberse presentado fuera de término. Fundamenta su reclamo al expresar que ACAA no consideró que él no tiene control ni manejo de su correspondencia, la cual le fue realmente entregada a escasos días de vencer el término de presentación aplicable, por lo que se le imposibilita cumplir con el término jurisdiccional que fue computado sin considerar su situación de reclusión. Le asiste la razón.



Sabido es que la parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción

de reconsideración de la resolución u orden. Véase Sección 4.2 de la LPAU, *supra*. Por ende, si la Resolución emitida por ACAA el 2 de septiembre 2014, enviada por correo el día siguiente, le fue entregada al señor Muñiz en la institución carcelaria en donde se encuentra el 2 de octubre de 2014, es imposible que el señor Muñiz redacte y presente su solicitud si los veinte (20) días se cuentan a partir del 3 de septiembre de 2014. De igual manera ocurre con todas las demás Resoluciones emitidas por ACAA, las cuales no le llegan a las manos del señor Muñiz en el tiempo razonable al que sí le llegarían si estuviera en la libre comunidad.

Es imperativo que la ACAA tome en consideración las circunstancias particulares en las cuales se encuentra el señor Muñiz, el cual le ha dejado saber a la agencia que no ostenta representación legal y que no recibe la correspondencia a tiempo. En adición, del expediente administrativo del caso de autos **no** existe evidencia fehaciente de la fecha exacta en que el recurrente, el cual reiteramos que se encuentra confinado, haya recibido copia de las diversas determinaciones de ACAA emitidas desde septiembre de 2014 al presente. Únicamente conocemos la fecha de recibo según indica el propio recurrente en sus múltiples cartas y mociones.

**Recordemos que cónsono con el precepto de la notificación, el Tribunal Supremo ha resuelto que el derecho a una notificación adecuada es parte del**

**debido proceso de ley.** (Énfasis nuestro). *Maldonado v. Junta de Planificación*, 171 D.P.R. 46 (2007). Si el señor Muñiz no se ha enterado de la determinación de la agencia, por éste encontrarse confinado y no tener control de la correspondencia, lo correcto es contabilizar los términos jurisdiccionales desde que éste adviene en conocimiento de la determinación de la agencia. Lo contrario va en contra del acceso a la justicia y no respeta la dignidad de las personas confinadas. Más aún, viola el debido proceso de ley que requiere que un dictamen final se notifique de manera que la parte afectada pueda enterarse de la decisión final en su contra. *Río Const. Corp. v. Mun. de Caguas*, 155 D.P.R. 394 (2001).



De conformidad con el Derecho antes expresado, concluimos que ACAA erró al no aplicar correctamente la Sección 3.14 de LPRA, *supra*, la cual claramente expresa ¿que una parte no podrá ser requerida a cumplir con una orden final a menos que dicha parte haya sido notificada de la misma. Al así actuar, ACAA obvió las garantías constitucionales del debido proceso de ley, tanto en su vertiente sustantiva como procesal, que cobijan al señor Muñiz.



Además, el pretender que el recurrente -que está privado de su libertad y que no tiene control alguno sobre el recibo de su correspondencia postal- cumpla con un determinado término que no contempla la situación especial en la cual éste se encuentra, articula una patente burla al

procedimiento de revisión que establece la propia Ley Orgánica de ~~la~~ ~~ACAA~~, la cual no podemos avalar y mucho menos sostener. Véase, además, por analogía la Regla 30.1 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 30.1



Habida cuenta de lo anterior, la Resolución de ACAA emitida el 25 de noviembre de 2014 en donde determina que no tiene jurisdicción para entender en los méritos la reconsideración del señor Muñiz por ésta haberse presentado fuera del término no es correcta en Derecho. Ello, puesto que el término de veinte (20) días para reconsiderar la Resolución del 2 de septiembre de 2014 comenzó a decursar cuando el recurrente quedó realmente notificado de tal determinación, lo cual fue el 2 de octubre de 2014. Por lo tanto, al éste enviar su reconsideración el 6 de octubre, recibida por ACAA el 15 del mismo mes y año, el señor Muñiz sí cumplió con el término de veinte (20) días para presentar su reconsideración final ante la Junta de Directores conforme a la Regla 7(H) del Reglamento 6911.

IV.



Por los fundamentos antes expuestos, los cuales se hacen formar parte de esta Sentencia, revocamos la resolución recurrida que se negó a considerar la petición de reconsideración del señor Muñiz.

En su consecuencia, se ordena al Director Ejecutivo y/o Junta de Directores de la ACAA a atender y adjudicar la reconsideración presentada por el señor Muñiz el 6 de

octubre de 2014 y continuar con el proceso administrativo conforme la Ley de Procedimiento Administrativo Uniforme, *supra*, y el Reglamento 6911, *supra*.

También ordenamos a la ACAA a cumplir con la Sección 3.14 de LPAU, *supra*, cerciorándose de la entrega al señor Muñiz de todas las Resoluciones y Órdenes emitidas por la agencia y acreditando la fecha del archivo en autos de la copia de la notificación de éstas desde que el confinado es personalmente notificado.

Notifíquese al Director Ejecutivo de la Administración de Compensaciones por Accidentes de Automóviles; y al señor Muñiz a la Institución Correccional Ponce 224.

Notifíquese, además, al Secretario del Departamento de Corrección y Rehabilitación así como al Superintendente de la Institución Correccional Ponce 224; a quienes le ordenamos a que le den estricto cumplimiento al *Reglamento de Normas para Regir la Correspondencia de los Miembros de la Población Correccional en Instituciones Correccionales y Programas de la Administración de Corrección*, Reglamento Núm. 7594 aprobado el 24 de octubre de 2008 y que aún está vigente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.




Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones