**Hearing Date:** March 23, 2022, at 9:30 AM (AST/EDT)
**Objection Deadline:** March 8, 2022, at 4:00 PM (AST) / 3:00 PM (ET)

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------------- x
                                                                      :
In re:                                                                :
                                                                      :
THE FINANCIAL OVERSIGHT AND                      :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                :   Title III
                                                                      :
    as representative of                          :   Case No. 17-BK-3283 (LTS)
                                                                      :
THE COMMONWEALTH OF PUERTO RICO *et al.,*        :   (Jointly Administered)
                                                                      :
Debtors.[1]                                                           :
---------------------------------------------------------------------- x

### NOTICE OF HEARING ON APPLICATION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTION 1103(a) AND LOCAL BANKRUPTCY RULE 2014-1(e) AUTHORIZING EMPLOYMENT AND RETENTION OF CONTINENTAL PLLC AS SUBSTITUTE SPECIAL LITIGATION COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE AS OF FEBRUARY 14, 2022

**PLEASE TAKE NOTICE** that that a hearing on the annexed *Application for Order Pursuant to Bankruptcy Code Section 1103(a) And Local Bankruptcy Rule 2014-1(E) Authorizing Employment and Retention of Continental PLLC as Substitute Special Litigation Counsel to Official Committee of Unsecured Creditors, Effective as of February 14, 2022* (the "Application") filed February 28, 2022 by the Official Committee of Unsecured Creditors of the Commonwealth of Puerto Rico, pursuant to section 1103(a)(1) of the Bankruptcy Code, made applicable to these

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

cases by section 301 of the Puerto Rico Oversight, Management and Economic Stability Act of 2016 or "PROMESA", will be held before the Honorable Laura Taylor Swain United States District Court Judge, at the United States District Court for the District of Puerto Rico, in Room 3, 150 Carlos Chardón Street, Federal Building, Office 150, San Juan, Puerto Rico 00918-1767 on **March 23, 2022 at 9:30 a.m. (AST)** (the "Hearing"), or at such other place and time as ordered by the Court.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections ("Objections") to the Application shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the District of Puerto Rico, shall be filed with the Court (a) by attorneys practicing in the Court, including attorneys admitted *pro hac vice*, electronically in accordance with Rule 5 of the Local Rules for the District of Puerto Rico, and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF), to the extent applicable, and shall be served in accordance with the Sixteenth Amended Case Management Procedures (Docket No. 20190-1), so as to be so filed and received no later than **March 8, 2022, at 4:00 PM (AST)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if an Objection to the Application is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the District Court may enter an order granting the relief sought without a hearing pursuant to the Sixteenth Amended Case Management Procedures.

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these title III cases are available (a) free of charge by visiting https://cases.primeclerk.com/puertorico or by calling +1 (844) 822-9231, and (b) on the Court's website at http://www.prd.uscourts.gov subject to the procedures and fees set forth therein.

2

Dated: February 28, 2022.
San Juan, Puerto Rico

                              Filed By:

                              */s/ John Arrastia*
                              John Arrastia, Esq. (*Pro Hac Vice*)
                              Jesus M. Suarez, Esq. (*Pro Hac Vice*)
                              Angelo M. Castaldi, Esq. (*Pro Hac Vice*)
                              **CONTINENTAL PLLC**
                              255 Alhambra Cir, Suite 640
                              Coral Cables, FL 33134
                              Tel: (305) 677-2707
                              jarrastia@continentalpllc.com
                              jsuarez@continentalpllc.com
                              acastaldi@continentalpllc.com

                              *Proposed Special Litigation Counsel to the Official Committee of Unsecured Creditors*

                              /s/ Juan J. Casillas Ayala
                              CASILLAS, SANTIAGO & TORRES LLC
                              Juan J. Casillas Ayala, Esq.,
                              (USDC-PR 218312)
                              Luis F. Llach Zúñiga, Esq.
                              (USDC-PR 223112)
                              Juan C. Nieves González, Esq.,
                              (USDC-PR 231707)
                              El Caribe Office Building
                              53 Palmeras Street, Ste. 1601
                              San Juan, Puerto Rico 00901-2419
                              Telephone: (787) 523-3434
                              jcasillas@cstlawpr.com
                              lllach@cstlawpr.com
                              jnieves@cstlawpr.com

                              *Local Counsel to Official Committee of Unsecured Creditors for all Title III Debtors (other than PBA and COFINA)*

**Hearing Date:** March 23, 2022, at 9:30 AM (AST/EDT)
**Objection Deadline:** March 8, 2022, at 4:00 PM (AST) / 3:00 PM (ET)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------------- x
: 
In re: :
:
THE FINANCIAL OVERSIGHT AND : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO, : Title III
:
as representative of : Case No. 17-BK-3283 (LTS)
:
THE COMMONWEALTH OF PUERTO RICO *et al.,* : (Jointly Administered)
:
Debtors.[1] :
---------------------------------------------------------------------- x

### APPLICATION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTION 1103(a) AND LOCAL BANKRUPTCY RULE 2014-1(e) AUTHORIZING EMPLOYMENT AND RETENTION OF CONTINENTAL PLLC AS SUBSTITUTE SPECIAL LITIGATION COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE AS OF FEBRUARY 14, 2022

To the Honorable United States District Judge Laura Taylor Swain:

The Official Committee of Unsecured Creditors (the "Committee")[2] submits this application (the "Application") for entry of an order authorizing the retention and employment of Continental PLLC ("Continental") as substitute special litigation counsel for the Committee effective as of February 14, 2022. In support of this Application, the Committee relies upon the

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

declaration of John Arrastia, Esq. (the "Arrastia Declaration"), attached to this Application as Exhibit A, and the declaration of David Mack (the "Committee Declaration"), attached to this Application as Exhibit B. In further support of the Application, the Committee respectfully states as follows:

## BACKGROUND

1. On May 3, 2017, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") commenced a Title III case for the Commonwealth of Puerto Rico by filing a voluntary petition for relief pursuant to PROMESA section 304(a) (the "Commonwealth Title III Case").[3]

2. Thereafter, the Oversight Board commenced a Title III case for each of COFINA, ERS, HTA, PREPA, and PBA (collectively with the Commonwealth Title III Case, the "Title III Cases").[4]

3. By orders dated June 29, 2017 and October 6, 2017, the Court approved the joint administration of the Title III Cases [Docket Nos. 537 and 1417].

4. On June 15, 2017, the Office of the United States Trustee for the District of Puerto Rico (the "U.S. Trustee") filed a *Notice Appointing Creditors Committee for Unsecured Creditors* [Docket No. 338] appointing the Committee as the official committee of unsecured creditors.

5. On July 10, 2018, the Committee filed an *Application for Order Pursuant to Bankruptcy Code Section 1103(a) and Local Bankruptcy Rule 2014-1(e) Authorizing Employment and Retention of Paul Hastings LLP as Counsel to Official Committee of Unsecured Creditors, Effective as of June 26, 2017 Requesting the Entry of an Order Authorizing the Retention and*

---

[3] References to PROMESA are references to 48 U.S.C. §§ 2101 *et. seq.*

[4] Unless otherwise indicated, references to docket numbers shall be to the docket of the Commonwealth Title III Case.

2

*Employment of Paul Hastings LLP* ("Paul Hastings") *as Counsel for the Committee* [Docket No. 610]. By order of this Court entered August 10, 2017 [Docket No. 999] (the "Paul Hastings Retention Order"), Paul Hastings' retention as counsel to the Committee was approved effective as of June 26, 2017.

6. On August 28, 2018, the Oversight Board executed a unanimous written consent appointing the Special Claims Committee to pursue certain claims resulting from the findings in the Final Investigative Report of Kobre & Kim, and, on November 28, 2018, the Special Claims Committee retained Brown Rudnick LLP as its counsel.

7. On March 25, 2019, the Committee filed its motion [Docket No. 5997] to establish procedures for (a) the Oversight Board to disclose to the Committee causes of action it will pursue and (b) an expedited briefing schedule for a potential request of the Committee to appoint a trustee (the "Procedures Motion"). On March 29, 2019, the Court entered an order [Docket No. 6086] (the "Procedures Order") granting the Procedures Motion. Under the terms of the Procedures Order (as modified), (i) the Oversight Board was required to disclose a preliminary list of all potential avoidance actions the Oversight Board would pursue on behalf of the Commonwealth by April 5, 2019, (ii) counsel for the Committee and Oversight Board were to meet and confer regarding the preliminary list and anticipated allocation of litigation responsibilities, and (iii) the Oversight Board was to provide a final list of avoidance actions it would pursue by April 12, 2019.

8. Following the disclosure of the preliminary list on April 5, 2019, the Oversight Board, its Special Claims Committee, and the Committee met and conferred to discuss, among other things, the Debtors' potential causes of actions against certain parties and the allocation of litigation responsibilities. At that time, the Oversight Board and the Special Claims Committee

3

proposed, that the Committee should act as co-plaintiff and/or co-trustee with respect to all causes of action to be pursued by the Oversight Board and the Special Claims Committee.[5]

9. During the ensuing meet and confer process, the Committee, the Oversight Board, and the Special Claims Committee (collectively, the "Parties") reached agreement on a stipulation regarding the allocation of litigation responsibilities which was submitted for Court approval on April 16, 2019 [Docket No. 6305] and was approved by the Court (with certain modifications) on April 26, 2019 [Docket No. 6524].

10. As detailed in the Stipulation, in connection with the prosecution of such claims or causes of action, the Oversight Board determined to consent to the appointment, to the extent provided in the Stipulation, of the members of the Special Claims Committee, on the one hand, and the Committee, on the other hand, as co-trustees and co-plaintiffs with respect to the Co-Plaintiff Adversary Proceedings against the Potential Defendants (each as defined in the Stipulation).

11. On April 16, 2019, the Committee selected the law firm of Genovese, Joblove & Battista, P.A. ("GJB Firm") as proposed special litigation counsel and conflicts counsel to the Committee in connection with the evaluation and analysis of potential causes of action and representation as co-plaintiff in the filing and prosecution of certain claims and causes of action to be asserted against certain parties involved in the offering of (a) the Commonwealth's General Obligation bonds, (b) bond issued by the Public Buildings Authority, and (c) bonds issued by ERS, including underwriters, underwriters' counsel, swap counterparties, disclosure counsel, and auditors (collectively, the "Financial Party Targets").

---

[5] As further detailed below, in light of the expansion of the Committee's litigation responsibilities, the Committee sought proposals from certain law firms to serve as its special litigation counsel.

4

12. Accordingly, on April 30, 2019, the Committee filed an application (the "GJB Retention Application") to retain and employ GJB as special litigation counsel. On May 31, 2019, the Court entered an Order authorizing the employment and retention of GJB as special litigation counsel to the Official Committee.

13. Throughout these Title III Cases and since GJB's retention, GJB's attorneys have represented the Committee in various matters and adversary proceedings, consistent with the special litigation needs described in Paragraph 11 *supra*, among others. Solely by way of example, the Committee submits that GJB and one or more of the Attorneys have appeared in the following adversary proceedings on behalf of the Committee as special litigation or conflicts counsel:

| **Adversary Case Number** | **Debtor** |
|---|---|
| 19-00267 | Commonwealth 17-03283 |
| 19-00275 | Commonwealth 17-03283 |
| 19-00276 | Commonwealth 17-03283 |
| 19-00277 | Commonwealth 17-03283 |
| 19-00278 | Commonwealth 17-03283 |
| 19-00279 | Commonwealth 17-03283 |
| 19-00280 | Commonwealth 17-03283 |
| 19-00281 | Commonwealth 17-03283 |
| 19-00282 | Commonwealth 17-03283 |
| 19-00283 | Commonwealth 17-03283 |
| 19-00288 | Commonwealth 17-03283 |
| 19-00297 | Commonwealth 17-03283 |

| | |
|---|---|
| 19-00355 | ERS 17-03566 |
| 19-00356 | ERS 17-03566 |
| 19-00357 | ERS 17-03566 |
| 19-00359 | ERS 17-03566 |
| 19-00360 | ERS 17-03566 |
| 19-00361 | ERS 17-03566 |
| 19-00364 | HTA 17-03567 |
| 19-00367 | ERS 17-03566 |
| 19-00388 | PREPA 17-BK-4780 |
| 20-00014 | PREPA 17-BK-4780 |
| 20-00015 | PREPA 17-BK-4780 |

14. Effective as of February 14, 2022, John Arrastia, Jesus Suarez, and Angelo Castaldi (collectively, the "Attorneys")—three of the GJB attorneys who had been primarily responsible for the representation of the Committee as special litigation counsel and conflicts counsel—joined the Continental law firm. To ensure continuity of representation and to minimize costs the Committee would have to incur in connection with having different attorneys represent the Committee with respect to special litigation counsel and conflicts issues, the Committee approved Continental's substitution for GJB in the Title III Cases, effective as of February 14, 2022.

15. The terms of the proposed retention of Continental are identical in all material respects to the retention of GJB and are no less favorable to the Committee.

16. The retention of Continental (and the Attorneys) as special litigation counsel and conflicts counsel remains necessary and appropriate because the Committee desired to retain a

6

firm with expertise in asserting claims against parties such as the Financial Party Targets (including, if appropriate and approved by the Court, on a contingent fee basis) and other Potential Defendants. Further, the Committee's primary counsel, Paul Hastings, represents certain of the Financial Party Targets (or their affiliates) and other litigation targets in matters unrelated to the Title III Cases.

17. While it is acknowledged that the Court has approved and confirmed a plan of adjustment filed on behalf of the Commonwealth, ERS, and PBA, the Committee respectfully submits that the proposed substitution of Continental as special litigation and conflict counsel remains imperative considering the ongoing Title III cases of PREPA and other instrumentalities over which the Committee has been appointed. For example, Continental will continue to represent the Committee in PREPA- and HTA-related litigation where GJB is currently counsel.

## JURISDICTION AND VENUE

18. The Court has jurisdiction over this matter pursuant to section 306(a) of PROMESA, and venue is proper pursuant to section 307(a) of PROMESA.

## RELIEF REQUESTED

19. By this Application, the Committee seeks entry of an order authorizing the retention and employment of Continental as its substitute special litigation counsel to the Committee, effective as of February 14, 2022, pursuant to section 1103(a) of Bankruptcy Code, made applicable to the Title III Cases by section 301(a) of PROMESA, Bankruptcy Rule 2014(a), made applicable to the Title III Cases by section 310 of PROMESA, Rule 2014-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules"), and, to the extent required by the foregoing, the guidelines adopted by the Executive Office for United States Trustees ("EOUST"). To the extent the Application does not

7

comply in every respect with such requirements, the Committee respectfully requests a waiver for any such non-compliance.

20. The Committee further submits that John Arrastia, Jesus Suarez, and Angelo Castaldi are members in good standing of the Bar of the State of Florida and that they have been admitted *pro hac vice* to this Court. The Committee is further informed that the other Continental attorneys who may provide services in the Title III Cases are similarly members in good standing of their respective state bar and will apply, as needed, for admission *pro hac vice*.

## BASIS FOR RELIEF

21. Section 1103 of the Bankruptcy Code, made applicable pursuant to section 301(a) of PROMESA, provides that a statutory committee may, with the Court's approval, select and employ attorneys to represent or perform services for such committee. The Committee believes that Continental is well qualified to act as its special litigation counsel in the Title III Cases. The Committee believes that Continental has the necessary background to deal effectively with the many potential legal issues and problems that may arise in the Title III Cases, particularly considering the Attorneys' collective experience and relationships in the Title III Cases as special litigation counsel.

### The Retention of Continental

22. While at GJB, the Attorneys handled a substantial portion of the special litigation and conflict matters since April 2019, including, but not limited to: (i) evaluating and analyzing certain potential causes of actions against the Financial Party Targets and other targets, and, if appropriate, filing Co-Plaintiff Adversary Proceedings against such Potential Defendants on or before the Commonwealth's statute of limitation or after expiration or termination of the Tolling Agreements with respect to such Potential Defendants in the Title III Cases; and (ii) pursuing,

8

prosecuting, preparing all necessary legal papers for, and representing the Committee as special litigation and conflicts counsel in numerous Co-Plaintiff Adversary Proceedings and other matters that were in fact filed or pursued in these Title III Cases, and in matters that could not be handled by Paul Hastings due to conflicts.

23. The services to be rendered by Continental will be the same services the Attorneys have already been rendering to the Committee in these Title III Cases since April 2019, and will include any legal services that the Committee may consider desirable to discharge the Committee's responsibilities and further the interests of the Committee's constituents in these Title III Cases.

24. The Committee requires and will continue to require these services throughout the Title III Cases.

25. If the Committee were required to retain counsel other than Continental, the Committee would lose the benefit of the Attorneys' institutional knowledge, experience, relationships, and expertise on the matters for which they have been serving the Committee since April 2019.

26. Accordingly, the Committee respectfully submits that it is in the best interests of the Committee to retain Continental as substitute special litigation counsel to the Committee, effective February 14, 2022, to provide services the Attorneys have already been rendering to the Committee in these Title III Cases. This substitution will promote efficiency and preserve the parties' resources by permitting the Attorneys who possess ingrained, extensive experience in these Title III cases to continue their work for the Committee.

27. The Committee respectfully submits that there will be no duplication of effort between Continental and GJB because, through this Application, the Committee respectfully requests that GJB will be permitted to withdraw as special litigation counsel from any further

responsibility to represent the Committee in these Title III Cases, with Continental substituting in its place.

28.     Continental will, and the Attorneys will continue to, coordinate with Paul Hastings to coordinate their respective tasks to avoid duplication of effort between the firms.

**Professional Compensation**

29.     The terms of the proposed retention of Continental are identical in all material respects to the retention of GJB. Consistent with that retention, the Committee has been advised that: (i) compensation will be payable to Continental on an hourly basis, plus reimbursement of actual, necessary expenses incurred by Continental; (ii) the partners presently designated to represent the Committee and their current standard hourly rates are:

| | |
|---|---|
| John Arrastia | $575 per hour |
| Jesus M. Suarez | $500 per hour |
| Carlos Trujillo | $500 per hour |

30.     Additionally, in light of the unprecedented nature of the Title III Cases and the fact that the Title III Cases do not involve a corporate entity but rather a U.S. territory where residents' access to basic essential services has oftentimes been limited, Continental has agreed to maintain the same rates as those implemented in April 2019 and reduce those fees by an amount equal to 20% of the total fees sought to be paid in connection with Continental's final fee application, with the precise fees to be waived to attain the 20% reduction to be designated by Continental (in its sole discretion) in connection with the final fee application process.

31.     Other attorneys from Continental (whose hourly rates currently range from $285 – $450) and paralegals may from time to time also serve the Committee in connection with the matters described herein. To reflect economic and other conditions, Continental revises its regular hourly rates periodically and requests that, effective as of the date of such revision, the

aforementioned rates be revised to the regular hourly rates that will be in effect at that time. Continental will only charge its regular hourly rates in effect at the time services are rendered.

32. The Committee has been advised that the hourly rates set forth above are Continental's standard hourly rates for work of this nature and that these rates are set at a level designed to fairly compensate Continental for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. The Committee has been advised by Continental that it is Continental's policy to seek reimbursement from its clients in all areas of practice for all other expenses incurred in connection with the clients' cases.

33. Continental has represented to the Committee that Continental intends to provide the Committee monthly fee statements and, subject to any interim compensation orders entered by the Court, Continental shall submit interim and final fee applications that shall include all its fees for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with the Title III Cases.

34. Such interim and final fee applications shall be subject to the Court's approval and in compliance with PROMESA, the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of this Court, including an interim compensation order under sections 316 and 317 of PROMESA, and, to the extent required by the foregoing, the U.S. Trustee's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases effective as of November 1, 2013* (the "Appendix B Guidelines"). Continental further agrees to abide by the presumptive standards established by the Fee Examiner and adopted by the Court in the *Order on Fee Examiner's Motion to Impose Presumptive Standards and Timeliness Requirements for*

11

*Professional Fee Applications entered on September 13, 2018* [Docket No. 3932] (the "Presumptive Standards Fee Order").

35. The Committee understands that all allowed compensation and expenses will be paid by the Commonwealth (and the other Title III Debtors for which the Committee acts as the official committee of unsecured creditors).

36. The Committee understands that under no circumstances shall the Committee Members be responsible for payment of Continental's fees and expenses pertaining to this representation. The Committee believes that, in light of the nature and complexity of these cases and Continental's qualifications, the above rates, and the terms and conditions of Continental's employment, are reasonable.

DISCLOSURE OF CONNECTIONS

37. Continental has completed a conflicts analysis of the significant constituencies in the Title III cases, the results of which analysis are set forth in the Arrastia Declaration.

38. Continental has advised the Committee that neither Continental nor any partner, counsel, or associate thereof holds or represents any interest adverse to the Committee in the matters upon which Continental is to be employed.

39. The Committee has been advised that if Continental discovers any connections with any party in interest in the Title III Cases, or any information pertinent to this Application under the requirements of Bankruptcy Rule 2014 and Local Rule 2014-1, Continental will disclose such connections and information to the Court.

*NUNC PRO TUNC* RELIEF PURSUANT TO LOCAL RULE 2014-1

40. Local Rule 2014-1(e) provides that if a professional's employment "application is filed within fourteen (14) days of either the commencement of the case or the date the professional

12

first rendered services, whichever is later, court approval is deemed effective on the date that the services were first rendered."

41. At the request of the Committee, Continental has rendered services from February 14, 2022, following the Committee's selection of Continental through and including the date hereof. Accordingly, the Committee requests that the retention of Continental be authorized effective as of February 14, 2022.

## STATEMENT REGARDING U.S. TRUSTEE GUIDELINES

42. The Committee and Continental intend to make a reasonable effort to comply with the U.S. Trustee's requests for information and disclosures set forth in the Appendix B Guidelines, as well as the Fee Examiner Order, both in connection with this Application and the interim and final fee applications to be filed in the course of Continental's engagement. In doing so, the Committee and Continental reserve all rights as to the relevance and substantive legal effect of the Appendix B Guidelines in the Title III Cases.

## NOTICE

43. Notice of this Application has been provided to the following entities, or their counsel, if known: (i) the U.S. Trustee; (ii) the Office of the United State Attorney for the District of Puerto Rico; (iii) AAFAF; (iv) the official committee of retirees; (vi) the insurers of the bonds issued or guaranteed by the Debtors; (vi) counsel to certain *ad hoc* groups of holders of bonds issued or guaranteed by the Debtors; and (vii) all parties that have filed a notice of appearance in the Title III Cases.

## NO PRIOR REQUEST

44. No previous request for the relief sought in this Application has been made by the Committee to this or any other court.

**WHEREFORE**, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit C, authorizing the Committee to retain and employ the law firm of Continental as its substitute special litigation counsel (effective as of February 14, 2022), permitting the withdrawal of GJB as special litigation counsel; and granting such other and further relief as this Court deems just.

Dated: February 28, 2022.
San Juan, Puerto Rico

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

By:  Doral Financial Corporation, solely in its capacity as member of the Committee (and not in its individual capacity); authorized by the Committee to sign this application

By: */s/   David Mack*
    Name:  David Mack
    Title:   Authorized Representative of Drivetrain LLC, in its capacity as trustee for the Doral Financial Creditors' Trust

Filed By:

*/s/ John Arrastia*
John Arrastia, Esq. (*Pro Hac Vice*)
Jesus M. Suarez, Esq. (*Pro Hac Vice*)
Angelo M. Castaldi, Esq. (*Pro Hac Vice*)
**CONTINENTAL PLLC**
255 Alhambra Cir, Suite 640
Coral Cables, FL 33134
Tel: (305) 677-2707
jarrastia@continentalpllc.com
jsuarez@continentalpllc.com
acastaldi@continentalpllc.com

*Proposed Special Litigation Counsel to the Official Committee of Unsecured Creditors*

/s/ Juan J. Casillas Ayala
CASILLAS, SANTIAGO & TORRES LLC

14

Juan J. Casillas Ayala, Esq.,
(USDC-PR 218312)
Luis F. Llach Zúñiga, Esq.
(USDC-PR 223112)
Juan C. Nieves González, Esq.,
(USDC-PR 231707)
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787) 523-3434
jcasillas@cstlawpr.com
lllach@cstlawpr.com
jnieves@cstlawpr.com

*Local Counsel to Official Committee of Unsecured Creditors for all Title III Debtors (other than PBA and COFINA)*

15