**EXHIBIT B**
**COMMITTEE DECLARATION**

Case:17-03283-LTS Doc#:20222-2 Filed:02/28/22 Entered:02/28/22 16:18:23 Desc:
Exhibit B Page 1 of 6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------- x
:
In re: :
:
THE FINANCIAL OVERSIGHT AND : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO, : Title III
:
    as representative of : Case No. 17-BK-3283 (LTS)
:
THE COMMONWEALTH OF PUERTO RICO *et al.*, : (Jointly Administered)
:
Debtors.[1] :
------------------------------------------------------------------------- x

**DECLARATION OF DAVID MACK IN SUPPORT OF APPLICATION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTION 1103(A) AND LOCAL BANKRUPTCY RULE 2014-1(E) AUTHORIZING EMPLOYMENT AND RETENTION OF CONTINENTAL PLLC AS SUBSTITUTE SPECIAL LITIGATION COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE AS OF FEBRUARY 14, 2022**

I, David Mack, hereby declare under penalty of perjury:

1. I am an authorized representative of Drivetrain LLC acting as the Trustee for the Doral Financial Creditors' Trust ("DFCT"). Doral Financial Corporation, acting through the DFCT, is a member of the Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA and PBA) (the "Committee"). I submit this declaration in this capacity in support

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

1

of the *Application for Order Pursuant to Bankruptcy Code Section 1103(a) And Local Bankruptcy Rule 2014-1(E) Authorizing Employment and Retention of Continental PLLC as Substitute Special Litigation Counsel to Official Committee of Unsecured Creditors, Effective as of February 14, 2022* (the "Application").[2] Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein and, if called as a witness, would testify competently thereto.

2. This declaration is provided pursuant to Paragraph D.2 of the Appendix B Guidelines, which requests that any application for employment of an attorney under 11 U.S.C. § 1103 be accompanied by a verified statement from the client addressing the following:

   (a) The identity and position of the person making the verification. The person ordinarily should be the general counsel of the debtor or another officer responsible for supervising outside counsel and monitoring and controlling legal costs.
   (b) The steps taken by the client to ensure that the applicant's billing rates and material terms for the engagement are comparable to the applicant's billing rates and terms for other non-bankruptcy engagements and to the billing rates and terms of other comparably skilled professionals.
   (c) The number of firms the client interviewed.
   (d) If the billing rates are not comparable to the applicant's billing rates for other nonbankruptcy engagements and to the billing rates of other comparably skilled professionals, the circumstances warranting the retention of that firm.
   (e) The procedures the client has established to supervise the applicant's fees and expenses and to manage costs. If the procedures for the budgeting, review and approval of fees and expenses differ from those the client regularly employs in nonbankruptcy cases to supervise outside counsel, explain how and why. In addition, describe any efforts to negotiate rates, including rates for routine matters, or in the alternative to delegate such matters to less expensive counsel.

### The Committee's Selection of Counsel

3. In connection with the negotiations and signing of the *Joint Stipulation and Agreed Order by and Among Financial Oversight and Management Board, Its Special Claims Committee and Official Committee of Unsecured Creditors Related to Joint Prosecution of Debtor Causes of Action* (the "Stipulation") [Docket No. 6524], entered by the Court on April 26, 2019, the

---

[2] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Application.

2

Committee interviewed several law firms to represent the Committee as special litigation counsel to evaluate and analyze certain potential causes of actions against the Financial Party Targets and, if appropriate, to file Co-Plaintiff Adversary Proceedings against such Potential Defendants on or before the expiration of the Commonwealth's statute of limitation or after expiration or termination of the Tolling Agreements with respect to such Potential Defendants in the Title III Cases.

4. As an authorized representative of a member of the Committee, I was directly involved with the Committee's selection process for special litigation counsel. After review of materials submitted and interviewing each of these firms, the Committee found that Genovese Joblove & Battista, P.A. (the "GJB Firm"), and attorneys at the GJB Firm like the Attorneys identified in this Application, to be qualified to represent the Committee. At the time of the GJB Firm's initial retention, the Committee found that it and its lawyers, like the Attorneys, had extensive experience and knowledge of the chapter 11 bankruptcy process and a long history of representing clients in complex litigation on behalf of trustees, receivers, committees, and other fiduciaries in insolvency-related and business tort claims in numerous noteworthy matters. Based upon the Committee's experience with the representation offered by the Attorneys while at the GJB Firm, as well as the Attorneys' institutional knowledge, experience, and expertise on the matters for which they have been serving the Committee since April 2019, the Committee elected to approve the substitution of Continental in place of GJB Firm after the Attorneys determined to join Continental.

**Rate Structure**

5. Continental has informed the Committee that, as a courtesy, its rates for bankruptcy this representation is lower than its current rates for bankruptcy and non-bankruptcy representations. The hourly rates charged by Continental attorneys vary with the experience and

3

seniority of the individuals assigned and not as a function of whether the services performed relate to a bankruptcy engagement or a non-bankruptcy engagement.

6. Continental also has informed the Committee that it endeavors to set hourly rates for its attorneys and paralegals at levels competitive to those charged by comparably skilled professionals in other geographically similar law firms. Based on my experience retaining various law firms in other matters, and my participation in the interviews of the other firms considered for this engagement, Continental's hourly rates are consistent with the hourly rates charged by other law firms for bankruptcy-related services, and the Committee believes that, in light of the nature and complexity of these cases and Continental's qualifications, these rates, and the other terms and conditions of Continental's employment, are reasonable.

7. Continental has informed the Committee that its hourly rates are subject to periodic adjustments to reflect economic and other conditions. Continental has advised the Committee that it will indicate in its periodic fee statements whether there has been any increase in the rates set forth in the Application. Continental will only charge its regular hourly rates in effect at the time services are rendered.

## **Cost Supervision**

8. The Committee recognizes its responsibility to closely monitor the billing practices of their counsel to ensure that the fees and expenses remain consistent with the Committee's expectations and the exigencies of the Title III Cases.

9. The Committee and Continental expect to work together to develop a budget and staffing plan to comply with the U.S. Trustee's requests for information and disclosures and any orders of the Court, recognizing that in the course of complex insolvency cases and litigation, there may be unforeseeable fees and expenses that the Committee and Continental will need to address.

The Committee and Continental will develop a budget and staffing plan after consultation with counsel for the Oversight Board and the Special Claims Committee in connection with the allocation of litigation responsibilities for the prosecution of causes of action of the Commonwealth against the Financial Party Targets. The Committee will review the invoices that Continental submits and, together with Continental, periodically amend the budget and staffing plans as the Title III Cases develop.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 24th day of February 2022.

By: Doral Financial Corporation, solely in its capacity as member of the Committee (and not in its individual capacity); authorized by the Committee to sign this Declaration

By: /s/ *David Mack*

Name: David Mack
Title: Authorized Representative of Drivetrain LLC, in its capacity as trustee for the Doral Financial Creditors' Trust