## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO *et al.*,<br><br>     Debtors.[1] | PROMESA Title III<br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>     Debtors. | Case No. 17-BK-4780-LTS<br><br>**This Court Filing Relates Only to Case No. 17-BK-4780-LTS** |

## REPLY OF NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION IN SUPPORT OF THE URGENT MOTION OF THE AD HOC GROUP OF PREPA BONDHOLDERS PURSUANT TO SECTION 312 OF PROMESA AND SECTION 105 OF THE BANKRUPTCY CODE TO APPOINT A MEDIATOR AND IMPOSE DEADLINES FOR A PREPA PLAN OF ADJUSTMENT

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's Federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 04780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

National Public Finance Guarantee Corporation ("National") submits this Reply in support of the *Urgent Motion of the Ad Hoc Group of PREPA Bondholders Pursuant to Section 312 of PROMESA and Section 105 of the Bankruptcy Code to Appoint a Mediator and Impose Deadlines for a PREPA Plan of Adjustment* (ECF No. 2718, the "Motion"),[2] and respectfully states as follows:

## BACKGROUND

1.      As one of PREPA's significant creditors and a party to the Definitive Restructuring Support Agreement ("RSA"), National joined the Motion, Dkt. No. 2720, and thereafter submitted an informative motion in support of the Ad Hoc Group's revised form of order.  Dkt. No. 2734. That proposed order would vest the Honorable Barbara J. Houser (Ret.) with discretion to determine the mediation's structure, timing and other parameters.

## RESPONSE

2.      Minor qualms aside, FOMB, AAFAF and PREPA's "Objections" are fundamentally *supportive of mediation*, a commitment shared by the other parties to the RSA and the Fuel Line Lenders.[3]  As importantly, FOMB, AAFAF and PREPA expressed unanimous

---

[2] Capitalized terms used but not otherwise defined in this Reply shall have the meanings ascribed to them in the Motion.

[3] *See* Objection of Financial Oversight and Management Board for Puerto Rico to Urgent Motion of Ad Hoc Group of PREPA Bondholders to Compel Mediation and Impose Deadlines for PREPA Plan of Adjustment ("Oversight Board Response"), Dkt. No. 2735, ¶ 1; *id.* at ¶ 8 (while FOMB opposes the Motion, FOMB "welcomes an order directing inclusive mediation or negotiation"); AAFAF and PREPA's Joinder to the Objection of the Financial Oversight and Management Board for Puerto Rico to Urgent Motion of Ad Hoc Group of PREPA Bondholders to Compel Mediation and Impose Deadlines for PREPA Plan of Adjustment ("AAFAF and PREPA Response"), Dkt. No. 2733, at ¶¶ 3-4 (AAFAF and PREPA object to the timing of mediation, but nonetheless "agree with the Oversight Board and the Ad Hoc Group that mediation can play an important role in bringing PREPA's Title III Case to an appropriate conclusion."); Response and Reservation of Rights of Assured Guaranty Corp. and Assured Guaranty Municipal Corp. to the Urgent Motion of the Ad Hoc Group of PREPA Bondholders Pursuant to Section 315 of PROMESA and Section 105 of the Bankruptcy Code to Compel Mediation and Impose Deadlines for PREPA Plan of Adjustment, Dkt. No. 2731, at 3;  Limited Joinder of Fuel Line Lenders to Urgent Motion of the Ad Hoc Group of PREPA Bondholders Pursuant to Section 312 of PROMESA and Section 105 of the Bankruptcy Code to Appoint a Mediator and Impose Deadlines for a PREPA Plan of Adjustment, Dkt. No. 2726, at 3.

support for the RSA, primarily raising an issue ripe for mediation (*i.e.*, whether legislation is required to obtain the RSA's benefits).[4]  As FOMB has consistently noted – most recently in its Response – the RSA yields "gargantuan benefits" to PREPA and the people of Puerto Rico.  *See* Oversight Board Response at ¶ 4.  Such benefits were of course derived from "unprecedented" concessions by PREPA bondholders, which among other things reduced PREPA's debt by at least $2 billion (potentially up to $3 billion) after prolonged and hard-fought negotiations among the RSA parties.  *See, e.g.,* PREPA Dkt. No. 1426, Brownstein Declaration, at ¶ 33 (For example, under the RSA, bondholders agreed to accept securities "with materially less than a 100% exchange ratio and an even greater reduction in the present value of PREPA's debt service obligations.").

3.      Mediation is vital to preserve the economic terms in the RSA, and to improve the odds for the legislative solution that the Government Parties seek.  Not only will it encourage progress on the legislative front, but mediation could also result in a consensual alternative to legislation.[5]  The RSA could then be approved by the Court, which could, but not necessarily must, be followed by legislation.  *See* RSA, Annex A to Recovery Plan Term Sheet (legislation is at most a condition precedent to the *Effective Date* of the RSA, but not approval of the 9019 Motion).

4.      There are many reasons, not least of which is that creditors have been waiting for almost two years for approval of the RSA, for commencing mediation immediately.  Another reason is to gain the advantage of Executive Director Jaresko's involvement before her departure.

---

[4] *See* Oversight Board Response at ¶ 3 ("The Oversight Board continues to engage with the Puerto Rico Legislature to obtain the legislation necessary to implement the RSA."); AAFAF and PREPA Response at ¶ 2 (stating that the process in the Legislature to enact legislation implementing the RSA should be allowed to continue, but that mediation should occur if legislation is not enacted in the near term).

[5] *See* January 19, 2022 Status Report, Dkt. No. 2691, at 5-6 ("In the event necessary legislation is not enacted to implement the RSA, the Government Parties will evaluate alternatives without new legislation.").

As the Court knows, Executive Director Jaresko was FOMB's lead negotiator of the PREPA RSA,[6] a principal witness in support of the 9019 Motion to approve the RSA,[7] and an invaluable participant in the successful negotiations in other Title III cases as well.  FOMB's response – that it is quite capable of carrying out its duties without its current Executive Director – is certainly true but hardly a persuasive rejoinder to the value of proceeding with Executive Director Jaresko while there is still time.

5.      Moreover, National understands that Judge Houser also stands ready and willing to assist the parties-in-interest as mediator.  No party objected to Judge Houser serving as mediator, much less suggested an alternative.  And why would they?  Counsel for FOMB, among others, has recognized the critical role she played in prior negotiations.  *See, e.g.*, November 8, 2021 Confirmation Hearing Transcript, CW Dkt. No. 19149, at 37, 39, and 47 (counsel for FOMB describing Judge Houser as a "master builder" of the Commonwealth Plan, explaining that Judge Houser played "four-dimensional chess," and stating that the Commonwealth Plan was the "true achievement" of Judge Houser).  Judge Houser also is extremely knowledgeable about PROMESA, is familiar with the parties and has been participating in regular reporting calls for almost four years regarding PREPA's financial position, regulatory restrictions and operating challenges.

6.      At this critical juncture in PREPA's Title III case, the best chance to implement the RSA and progress toward a consensual Plan of Adjustment for PREPA lies in directing the parties to mediation with Judge Houser as mediator.

---

[6] *See* Jaresko Declaration in Support of 9019 Motion, Dkt. No. 1428, at 6 ("Based upon my personal involvement in the negotiations leading to the RSA, including communications with the Oversight Board's financial advisors, the RSA is the product of good faith and arms-length negotiations among the RSA Parties.").

[7] *Id.*

7.      National reserves all rights with respect to the issues raised in the Motion, including the right to be heard at any hearing on the Motion.[8]

## **CONCLUSION**

8.      WHEREFORE, National respectfully requests that the Motion be granted.

---

[8] National is not responding to the Official Committee of Unsecured Creditors' Objection to Ad Hoc Group of PREPA Bondholders' Motion Pursuant to Section 312 of PROMESA and Section 105 of the Bankruptcy Code to Compel Mediation and Impose Deadlines for a PREPA Plan of Adjustment, Dkt. No. 2732 ("UCC Response"), which contains inappropriate substantive arguments not related to the Motion or before the Court.  National disagrees with the substantive arguments made in the UCC Response and will address them if necessary at the appropriate time.

**RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico, February 28, 2022.

**WE HEREBY CERTIFY** that on this same date a true and exact copy of this response was filed with the Clerk of Court using the CM/ECF system, which will notify a copy to counsel of record. Also, a copy of this document will be notified via electronic mail to all case participants.

Dated: February 28, 2022
     San Juan, Puerto Rico

ADSUAR MUNIZ GOYCO SEDA & PEREZ-OCHOA PSC

By: */s/* Eric Perez-Ochoa
Eric Perez-Ochoa
(USDC-PR No. 206314)
Luis A. Oliver-Fraticelli
(USDC-PR No. 209204)
208 Ponce de León Ave., Suite 1600
San Juan, PR 00936
Telephone: (787) 756-9000
Facsimile: (787) 756-9010
Email: epo@amgprlaw.com
       loliver@amgprlaw.com

*Attorneys for National Public Finance Guarantee Corporation*

WEIL, GOTSHAL & MANGES LLP

By: */s/* Jonathan Polkes
Jonathan Polkes*
Gregory Silbert*
Robert Berezin*
Kelly DiBlasi*
Gabriel A. Morgan*
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email:  jonathan.polkes@weil.com
       gregory.silbert@weil.com
       robert.berezin@weil.com
       kelly.diblasi@weil.com
       gabriel.morgan@weil.com

*Admitted *pro hac vice*

*Attorneys for National Public Finance Guarantee Corporation*