# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re | ) **PROMESA**<br>) **Title III**<br>) |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | ) **No. 17 BK 3283-LTS**<br>)<br>) **(Jointly Administered)** |
| as representative of | ) **Re:** Dkt. No. 3269 |
| THE COMMONWEALTH OF PUERTO RICO<br>*et al.*, | ) **Objection deadline:** March 22, 2020 at 4:00 p.m.<br>) (Atlantic Standard Time) or such other deadline<br>) as ordered by the Court |
| Debtors.[1] | ) **Hearing date:** March 23, 2022 at 9:30 a.m.<br>) (Atlantic Standard Time) or such other hearing<br>) date as ordered by the Court |

## JOINT MOTION OF THE OVERSIGHT BOARD AND
## THE FEE EXAMINER FOR ENTRY OF ORDER FURTHER AMENDING
## PROCEDURES FOR SUBMITTING AND CONSIDERING COMPENSATION AND
## REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

TO:   THE HONORABLE LAURA TAYLOR SWAIN
      UNITED STATES DISTRICT JUDGE:

The Financial Oversight and Management Board for Puerto Rico (the "**Oversight**

**Board**"), as sole Title III representative of the Commonwealth of Puerto Rico (the

"**Commonwealth**"), the Puerto Rico Sales Tax Financing Corporation ("**COFINA**"), the Puerto

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the:  (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and, (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Rico Highways and Transportation Authority ("**HTA**"), the Employee Retirement System of the

Government of the Commonwealth of Puerto Rico ("**ERS**"), the Puerto Rico Electric Power

Authority ("**PREPA**"), and the Puerto Rico Public Buildings Authority ("**PBA**," and collectively

with the Commonwealth, COFINA, HTA, ERS, PREPA and PBA, the "**Debtors**") pursuant to

section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act*

("**PROMESA**"),[2] and the Fee Examiner (collectively, the "**Movants**,") respectfully request entry

of an order, substantially in the form attached hereto as **Exhibit A** (the " **Proposed Third**

**Amended Interim Compensation Order**"), amending the *Second Amended Order Setting*

*Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [ECF

No. 3269] (the "**Second Amended Interim Compensation Order**").  A redline comparing the

Proposed Third Amended Interim Compensation Order against the Second Amended Interim

Compensation Order is attached hereto as **Exhibit B**.  In support of this Motion, the Oversight

Board, the U.S. Trustee, and the Fee Examiner represent as follows:

### Jurisdiction and Venue

1.      The United States District Court for the District of Puerto Rico (the "**Court**") has

subject matter jurisdiction over this matter pursuant to PROMESA section 306(a).

2.      Venue is proper pursuant to PROMESA section 307(a).

3.      The statutory predicate for the relief sought herein is Bankruptcy Code

section 105(a), made applicable to the Title III cases by PROMESA section 301(a), PROMESA

section 317, and Bankruptcy Rule 2016.

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

## Background

4. On August 23, 2017, the Court entered the *Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Dkt. No. 1150] establishing guidelines for the interim payment of professionals in the Title III cases.  On November 8, 2017, the Court entered the *First Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, [Dkt. No. 1715] and on June 6, 2018, the Court entered the Second Amended Interim Compensation Order, which set the current procedures by which professionals apply for the reimbursement of fees and expenses incurred in connection with the Title III cases (the "**Interim Compensation Procedures**").

5. On October 6, 2017, the Court entered the *Order Pursuant to PROMESA Sections 316 and 317 and Bankruptcy Code Section 105(A) Appointing a Fee Examiner and Related Relief* [Dkt. No. 1416] appointing Brady Williamson as the Fee Examiner in the Title III cases.  On June 20, 2018, the Court entered the *First Amended Order Pursuant to PROMESA Sections 316 and 317 and Bankruptcy Code Section 105(A) Appointing a Fee Examiner and Related Relief* [Dkt. No. 3324].

6. PROMESA requires professionals seeking payment of fees and expenses in these cases to submit a fee application in compliance with PROMESA § 316, which parallels section 330 of the United States Bankruptcy Code (a "**Final Fee Application**").  Section 317 of PROMESA, paralleling section 331 of the United States Bankruptcy Code, allows professionals to request, not more than once every 120 days, compensation for services rendered before the date of its Final Fee Application (an "**Interim Fee Application**").

7. All professional fees approved in these cases to date (except for those designated as final in the COFINA Title III proceedings), have been approved on an interim basis, subject to the Final Fee Application requirement at the conclusion of these proceedings.

8.      On January 20, 2022 (the "**Enactment Date**"), President Joseph R. Biden Jr. signed the *Puerto Rico Recovery Accuracy in Disclosures Act* ("**PRRADA**") into law.  PRRADA sets forth specific disclosure requirements for professional persons seeking compensation pursuant to sections 316 and 317 of PROMESA incorporating, for the first time, the disclosure obligations of Fed. R. Bankr. P. 2014.

9.      On January 21, 2022, the Court entered the *Order Directing Parties to Meet and Confer Regarding the Enactment of the Puerto Rico Recovery Accuracy in Disclosures Act* [Dkt. No. 19859], instructing the Oversight Board, the U.S. Trustee, and the Fee Examiner (together, the "**Conferring Parties**") to file a joint informative motion addressing, among other things:

    a.      "procedures and timelines for presenting the List of Material Interested Parties" (the "**MIP List**") to permit an effective Rule 2014 process;

    b.      "a procedure and timeline for the Fee Examiner to propose amendments to the current fee submission and review procedures to ensure compliance with PRRADA;" and

    c.      "a proposal for the Court's consideration of fee applications filed after PRRADA's enactment but before the Court's approval of the [MIP List]."[3]

10.      On January 31, 2022, the Conferring Parties filed the *Joint Informative Motion of Financial Oversight and Management Board for Puerto Rico, Fee Examiner, and U.S. Trustee in Compliance with Court Order Regarding Enactment of the Puerto Rico Recovery Accuracy in Disclosures Act* [Dkt. No. 19964] (the "**Joint Informative Motion**") consistent with the Court's directive.

---

[3] The Movants are aware of only two such applications.  One has been denied without prejudice [Dkt. Nos. 19849, 19980 ] and the other has been withdrawn [Dkt. Nos. 20054, 20074 ].

11.     At the February 2, 2022 Omnibus Hearing, the Court addressed the Joint
Informative Motion and, later, entered the *Order Concerning Compliance with the Puerto Rico
Recovery Accuracy in Disclosures Act* [Dkt. No. 19980] (the "**PRRADA Compliance Order**"),
setting February 22, 2022 as the deadline for the Oversight Board to file a motion seeking
approval of the MIP List (the "**MIP List Approval Motion**"), March 8, 2022 as the deadline for
responses, and March 11, 2022 as the deadline for replies to the MIP List Approval Motion.  The
PRRADA Compliance Order stated that "the Court will thereafter take the MIP Approval Motion
on submission unless the Court orders otherwise."

12.     Although the Court has not yet established a timeline for the submission and
review of PRRADA disclosures, the Joint Informative Motion proposes 45 days from the order
approving the MIP List for professionals to file disclosures and another 45 days (subject to
extension requests) for the U.S. Trustee to file any response to any Rule 2014 disclosure.
Assuming the Court approves the MIP List and adopts the timeline for disclosure proposed by
the Conferring Parties, no professional can resume filing Interim Fee Applications until
mid-April at the soonest.

13.     In light of PRRADA's requirements, it is no longer feasible for the professional
fee application filing, review, and approval process to comply with the existing Interim
Compensation Procedures.

14.     In addition, with the January 18, 2022 entry of the *Order and Judgment
Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of
Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of
Puerto Rico, and the Puerto Rico Public Buildings Authority* [Dkt. No. 19813] (the "**Plan**

**Confirmation Order**"), the parties and the Court necessarily will soon establish procedures for filing, review, reporting, and Court consideration of Final Fee Applications.

15.      In the interest of efficiency, the Fee Examiner has concluded that the submission, review, reporting, and Court consideration of each professional's Interim Fee Applications should be substantially completed prior to that professional's submission of a Final Fee Application. *See Fee Examiner's Report on Anticipated Final Fee Application Process and on Uncontested Professional Fee Matters for Consideration in Connection with the February 2, 2022 Omnibus Hearing* [Dkt. No. 19911] at 2. The Oversight Board and the U.S. Trustee agree with that conclusion.

16.      The *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [Dkt. No. 19784] (the "**Plan**") and the Plan Confirmation Order require professionals to file Final Fee Applications within 120 days of the Effective Date[4] of the Plan. The Conferring Parties had anticipated that date would occur on or around July 15, 2022. Compliance with PRRADA will require an extension of this deadline.

**Relief Requested**

17.      By this Motion, the Oversight Board, and the Fee Examiner seek entry of an order, substantially in the form of the proposed *Third Amended Order Setting Procedures for Interim and Final Compensation and Reimbursement of Expenses of Professionals*, attached hereto as **Exhibit A**, further amending the Interim Compensation Procedures to (a) ensure that the relevant parties comply with PRRADA; and (b) allow the Final Fee Application process to proceed as efficiently as possible.

---

[4] Capitalized terms used but not defined herein have the meaning given to them in the Plan.

**Basis for Relief**

18.     Section 105(a) of the Bankruptcy Code authorizes the Court to issue any order

"that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a); *see*

*also* PROMESA section 301(d) (references to "this title" under the Bankruptcy Code are deemed

to be references to Title III of PROMESA).

19.     The Interim Compensation Procedures do not adequately address PRRADA,

enacted four years later, nor do they address procedures for the submission of Final Fee

Applications.

20.     The changes reflected in the Proposed Third Amended Interim Compensation

Order are designed to ensure that these proceedings comply both with PRRADA and with

PROMESA §§ 316 and 317.

**Notice**

21.     The movants have provided notice of this Motion to the following parties: (a) the

Office of the United States Trustee for Region 21; (b) The Puerto Rico Fiscal Agency and

Financial Advisory Authority ("AAFAF"); (c) counsel for AAFAF; the entities on the list of

creditors holding the 20 largest unsecured claims against COFINA; (d) counsel to the statutory

committees appointed in these Title III cases; (e) the Other Interested Parties; and (f) all parties

filing a notice of appearance in these Title III cases.  The movants submit that, in light of the

nature of the relief requested, no other or further notice need be given.

Dated this 1st day of March, 2022.

Respectfully submitted,

**EDGE LEGAL STRATEGIES, PSC**

By: */s/ Eyck O. Lugo*
Eyck O. Lugo
252 Ponce de León Avenue
Citibank Tower, 12th Floor
San Juan, PR 00918
Telephone: (787) 522-2000
Facsimile: (787) 522-2010

*Puerto Rico Counsel for Fee Examiner*

**GODFREY & KAHN, S.C**.

One East Main Street, Suite 500
Madison, WI 53703
Telephone: (608) 257-3911
Facsimile: (608) 257-0609

Brady C. Williamson (*Pro Hac Vice*)
*Fee Examiner*

Katherine Stadler (*Pro Hac Vice*)
*Counsel for the Fee Examiner*

**O'NEILL & BORGES LLC**

By: */s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Telephone: (787) 764-8181
Facsimile: (787) 753-8944
Email: hermann.bauer@oneillborges.com

**PROSKAUER ROSE LLP**

By: */s/ Ehud Barak*
Martin J. Bienenstock*
Brian S. Rosen*
Ehud Barak
Eleven Times Square
New York, NY 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900
Email: mbienenstock@proskauer.com
         brosen@proskauer.com
         ebarak@proskauer.com

* admitted *pro hac vice*

*Attorneys for the Financial Oversight and
Management Board as Representative of the
Debtors*

26698335.6

**<u>Exhibit A</u>**

**Third Amended Interim Compensation Order**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| **In re** | ) | **PROMESA** |
| | ) | **Title III** |
| | ) | |
| **THE FINANCIAL OVERSIGHT AND** | ) | **No. 17 BK 3283-LTS** |
| **MANAGEMENT BOARD FOR PUERTO RICO,** | ) | |
| | ) | **(Jointly Administered)** |
| | ) | |
| As a representative of | ) | |
| | ) | |
| **THE COMMONWEALTH OF PUERTO RICO** | ) | |
| ***et al.,*** | ) | |
| | ) | |
| Debtors.[1] | ) | |
| | ) | |

## THIRD AMENDED ORDER SETTING PROCEDURES FOR INTERIM AND FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the *Joint Motion of the Oversight Board and the Fee Examiner for Entry of Order Further Amending Procedures for Submitting and Considering Compensation and Reimbursement of Expenses of Professionals* [Dkt. No. ____] (the "**Motion**"),[2] and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA sections 306(a); and it appearing that venue is proper pursuant to PROMESA section 307(a); and

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the:  (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and, (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi)Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion and the Order Further Amending Case Management Procedures [Dkt. No. 17127] (the "**Case Management Procedures**").

the Court having found that the relief requested in the Motion is in the best interests of the

Debtors, their creditors, and other parties in interest; and the Court having found that the

movants provided adequate and appropriate notice of the Motion under the circumstances and

that no other or further notice is required; and the Court having reviewed the Motion and having

heard statements in support of the Motion at a hearing held before the Court (the "**Hearing**");

and the Court having determined that the legal and factual bases set forth in the Motion and at

the Hearing establish just cause for the relief granted herein; and any objections to the relief

requested herein having been withdrawn or overruled on the merits; and after due deliberation

and sufficient cause appearing therefor, it is

**HEREBY ORDERED THAT**:

1.      The Motion is granted as set forth herein.

2.      All professionals in the Title III Cases ("**Professionals**") may be paid interim compensation and reimbursement of expenses in accordance with the following procedures (the "**Monthly Compensation Procedures**"):

      a.      On or before the 15th day of each calendar month, or as soon as practicable thereafter, each Professional may serve a statement (a "**Monthly Fee Statement**") of compensation for services rendered and reimbursement of expenses incurred during any preceding month or months, by electronic mail, on each of the following entities (collectively, the "**Notice Parties**"):

        i.      attorneys for the Oversight Board, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036, Attn: Martin J. Bienenstock, Esq. (mbienenstock@proskauer.com) and Ehud Barak, Esq. (ebarak@proskauer.com), and Proskauer Rose LLP, 70 West Madison Street, Chicago, IL 60602, Attn: Paul V. Possinger, Esq. (ppossinger@proskauer.com);

        ii.     attorneys for the Oversight Board, O'Neill & Borges LLC, 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918, Attn: Hermann D. Bauer, Esq. (hermann.bauer@oneillborges.com);

        iii.    attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, New York, NY 10036, Attn: John J. Rapisardi, Esq.

(jrapisardi@omm.com), and Diana M. Perez, Esq. (dperez@omm.com);

iv.     attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, Marini Pietrantoni Muñiz LLC, MCS Plaza, Suite 500, 255 Ponce de León Ave, San Juan, PR 00917, Attn: Luis C. Marini-Biaggi, Esq. (lmarini@mpmlawpr.com) and Carolina Velaz-Rivero Esq. (cvelaz@mpmlawpr.com);

v.      the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: *In re: Commonwealth of Puerto Rico*);

vi.     attorneys for the Official Committee of Unsecured Creditors, Paul Hastings LLP, 200 Park Ave., New York, NY 10166, Attn: Luc. A Despins, Esq. (lucdespins@paulhastings.com);

vii.    attorneys for the Official Committee of Unsecured Creditors, Casillas, Santiago & Torres LLC, El Caribe Office Building, 53 Palmeras Street, Ste. 1601, San Juan, PR 00901, Attn: Juan J. Casillas Ayala, Esq. (jcasillas@cstlawpr.com) and Alberto J.E. Añeses Negrón, Esq. (aaneses@cstlawpr.com);

viii.   attorneys for the Official Committee of Retired Employees, Jenner & Block LLP, 919 Third Ave., New York, NY 10022, Attn: Robert Gordon, Esq. ( rgordon@jenner.com ) and Richard Levin, Esq. (rlevin@jenner.com), and Jenner & Block LLP, 353 N. Clark Street, Chicago, IL 60654, Attn: Catherine Steege, Esq. (csteege@jenner.com) and Melissa Root, Esq. (mroot@jenner.com);

ix.     attorneys for the Official Committee of Retired Employees, Bennazar, García & Milián, C.S.P., Edificio Union Plaza, PH-A, 416 Ave. Ponce de León, Hato Rey, PR 00918, Attn: A.J. Bennazar-Zequeira, Esq. (ajb@bennazar.org);

x.      the Puerto Rico Department of Treasury, PO Box 9024140, San Juan, PR 00902-4140, Attn: Reylam Guerra Goderich, Deputy Assistant of Central Accounting (Reylam.Guerra@hacienda.pr.gov); Omar E. Rodríguez Pérez, CPA, Assistant Secretary of Central Accounting (Rodriguez.Omar@hacienda.pr.gov); Angel L. Pantoja Rodríguez, Deputy Assistant Secretary of Internal Revenue and Tax Policy (angel.pantoja@hacienda.pr.gov); Francisco Parés Alicea, Assistant Secretary of Internal Revenue and Tax Policy (francisco.pares@hacienda.pr.gov); and Francisco Peña Montañez, CPA, Assistant Secretary of the Treasury (Francisco.Pena@hacienda.pr.gov);

3

xi.     counsel to any other statutory committee appointed;

xii.    attorneys for the Fee Examiner, EDGE Legal Strategies, PSC,
        252  Ponce de León Avenue, Citibank Tower, 12th Floor, San Juan, PR
        00918, Attn: Eyck O. Lugo (elugo@edgelegalpr.com); and

xiii.   attorneys for the Fee Examiner, Godfrey & Kahn, S.C., One East Main
        Street, Suite 500, Madison, WI 53703, Attn: Katherine Stadler
        (KStadler@gklaw.com).

b.      Any Professional that fails to serve a Monthly Fee Statement for a
        particular month or months may subsequently serve a consolidated
        Monthly Fee Statement for such month or months.  All Monthly Fee
        Statements shall comply with PROMESA and applicable provisions of
        the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure
        (the "**Bankruptcy Rules**"), and the Local Bankruptcy Rules for
        the United States Bankruptcy Court for the District of Puerto Rico (the
        "**Local Rules**").

c.      In accordance with the procedures described in subparagraph (d)
        below, each Notice Party may file and serve upon the Professional that
        submitted the Monthly Fee Statement and the other Notice Parties, so
        as to be received on or before 4:00 p.m. (Atlantic Standard Time) on
        the 10th day (or the next business day if such day is not a business day)
        following service of the Monthly Fee Statement (the "**Monthly
        Objection Deadline**"), an objection to the requested fees and expenses
        (a "**Monthly Objection**").  Upon expiration of the Monthly Objection
        Deadline, the Professionals that submitted a Monthly Fee Statement
        shall provide a statement (the "**Monthly Fee Objection Statement**")
        to the applicable Debtor(s) and the Puerto Rico Fiscal Agency and
        Financial Advisory Authority, providing the calculation of the fees
        and reimbursement requested, any amounts that were objected to,
        and the amount that should be paid after the holdback described
        further below.  Upon receipt of the Monthly Fee Objection Statement,
        the Debtors in whose cases such Professionals are retained and/or
        employed shall promptly pay, and in no event pay later than
        fourteen (14) calendar days after receiving the Monthly Fee Objection
        Statement, the Professional an amount equal to the lesser of (i) 90%
        of the fees and 100% of the expenses requested in the applicable
        Monthly Fee Statement (the "**Maximum Monthly Payment**") or (ii)
        the Maximum Monthly Payment less 90% of the fee portion and 100%
        of the expense portion thereof not subject to a Monthly Objection (the
        "**Incremental Amount**") pursuant to subparagraph (d) below;
        provided that, in the case of Paul Hastings LLP, as counsel for the
        Official Committee of Unsecured Creditors, and Zolfo Cooper, LLC,
        as financial advisor to the Official Committee of Unsecured Creditors,
        the applicable Debtors shall promptly pay, and in no event pay later

4

than fourteen (14) calendar days after receiving the Monthly Fee Objection Statement, 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Statement, but such 80% of fees or 100% of expenses shall not be paid with respect to such fees or expenses that are subject to an objection pursuant to subparagraph (d) below.

d.     If any Notice Party wishes to object to a Professional's Monthly Fee Statement, it must (i) file a written objection (a "**Monthly Objection**") with the Court on or before the Monthly Objection Deadline and (ii) serve the Monthly Objection on the Professional that submitted the Monthly Fee Statement and each of the other Notice Parties, so it is received by each of these parties on or before the Monthly Objection Deadline. Thereafter, the objecting party and the affected Professional may attempt to resolve the Monthly Objection on a consensual basis. If the parties are unable to reach a resolution of the Monthly Objection, the affected Professional may either (i) file a request with the Court for payment of the fees and expenses subject to the Monthly Objection or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court may consider and dispose of the Monthly Objection if requested by the parties.

e.     Each Professional's initial Monthly Fee Statement shall cover the period from the Petition Date of the applicable Debtor's Title III Case through the end of the full month preceding the filing date of the Monthly Fee Statement. Thereafter, Professionals may serve Monthly Fee Statements in the manner described above.

f.     The *Puerto Rico Recovery Accuracy in Disclosures Act*, Pub. L. No. 117-82 ("PRRADA") does not impact these Monthly Compensation Procedures and such Procedures will continue in the same manner as they did prior to the Enactment Date (January 20, 2022).

3.     Interim Fee Applications for periods prior to the Enactment Date of PRRADA, regardless of whether such Interim Fee Applications were filed prior to or after the Enactment date, and subject to paragraphs 4(a) and 4(e) below, may receive interim payment of compensation and reimbursement of expenses in accordance with the following procedures (the "**Pre-PRRADA Interim Compensation Procedures**"):

a.     Consistent with PROMESA section 317, at no less than four-month intervals (an "**Interim Fee Period**"), each of the Professionals may file with the Court and serve on the Notice Parties an application (an "**Interim Fee Application**") for interim Court approval and allowance of the payment of compensation and reimbursement of expenses sought by such Professional for the Interim Fee Period, including any holdback pursuant to PROMESA section 317. Each

5

Interim Fee Application must include a brief description identifying the following:

 i. the Monthly Fee Statements subject to the request;

 ii. the amount of fees and expenses requested;

 iii. the amount of fees and expenses paid to date or subject to a Monthly Objection;

 iv. the deadline for parties to file objections to the Interim Fee Application; and

 v. any other information requested by the Court or required by the Local Rules or the Fee Examiner in accordance with the order appointing the Fee Examiner [Dkt. No. 1416].

b. Any objection to an Interim Fee Application ( an "**Interim Objection**") by any party other than the Fee Examiner shall be filed and served upon the Professional that filed the Interim Fee Application and the other Notice Parties so as to be received on or before the 20th day (or the next business day if such day is not a business day) following service of the applicable Interim Fee Application.

c. Requests by the Fee Examiner to adjourn the hearing on any Interim Fee Application (such Interim Fee Applications identified in the request, "**Adjourned Interim Fee Applications**," and the rescheduled hearing, the "**Adjourned Fee Hearing**"), if any, shall be filed and served upon the Professional that filed the Adjourned Interim Fee Application and the other Notice Parties so as to be received at least seven (7) calendar days prior to any scheduled hearing on any interim fee applications. Interim Objections by the Fee Examiner, if any, to any Adjourned Interim Fee Application shall be filed and served upon the Professional that filed the Adjourned Interim Fee Application and the other Notice Parties on or before fifteen (15) calendar days before the applicable Adjourned Fee Hearing pursuant to the Case Management Procedures.

d. Replies to Interim Objections, if any, may be submitted pursuant to the Case Management Procedures.

e. The Court shall schedule a hearing on Interim Fee Applications periodically pursuant to the schedule outlined below (an "**Interim Fee Hearing**"). The fee hearings may be held in conjunction with or separately from an Omnibus Hearing Date in the Court's discretion. If no Interim Objections are pending, and if the Fee Examiner issues the

6

Fee Examiner Report (defined below) recommending approval of the Interim Compensation Applications in full or in part, the Court may grant an Interim Fee Application without a hearing.

f.    The Fee Examiner shall issue a confidential letter report to each Professional listing and explaining each proposed reduction to the Professional's fees and disbursements that the Fee Examiner recommends, and shall file a report at least seven calendar days before such hearing (defined above), which report shall disclose the consensual resolution with each Professional and each issue and amount not resolved (the "**Fee Examiner Report**").

g.    The first Interim Fee Period shall cover the month in which the Petition Date of the Commonwealth's Title III Case occurred and the four full months immediately following such month.  Accordingly, the first Interim Fee Period for the Commonwealth's Title III Case shall cover May 3, 2017, through September 30, 2017.  The First Interim Fee Period for the ERS Case shall cover May 5, 2017 through September 30, 2017, the First Interim Fee Period for the PBA Case shall cover September 27, 2019 through January 31, 2020, the First Interim Fee Period for the PREPA Case shall cover July 2, 2017 through September 30, 2017, the First Interim Fee Period for the COFINA Case shall cover May 9, 2017 through September 30, 2017,[3] and the First Interim Fee Period for the HTA Case shall cover May 21, 2017 through September 30, 2017.

h.    The pendency of a Monthly or Interim Objection to payment of compensation or reimbursement of expenses shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Third Amended Interim Compensation Procedures.  The Fee Examiner shall have the discretion to extend the deadlines for submission of Interim Fee Applications and to permit a Professional to consolidate one or more Interim Fee Applications and Fee Examiner Reports in the interest of efficiency without further Court order.

i.    Payment and allowance of interim fees shall not bind any party in interest or the Court with respect to the final consideration of applications for payment of compensation and reimbursement of expenses of Professionals.  All fees and expenses paid to Professionals under the

---

[3] Nothing in this Order impacts or affects the requirements outlined in the *Stipulation and Agreed Order, Pursuant to Article 3.2 of the Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation, Establishing a Protocol for the Review and Payment of Post Effective-Date COFINA Fees* [Case No. 17 BK 3284, Dkt. No. 681] [Case No. 17 BK 3283, Dkt. No. 8755].

7

Interim Compensation Procedures are subject to disgorgement until final allowance by the Court.

j.   For all Professionals, any application made pursuant to PROMESA sections 316 and 317, shall be subject to Appendix B of the U.S. Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases Effective as of November 1, 2013 (the "U.S. Trustee Guidelines").

4.   Interim Fee Applications covering Interim Fee Periods on or after the Enactment Date may receive interim payment of compensation and reimbursement of expenses in accordance with the following procedures (the "**PRRADA Compliant Compensation Procedures**"):

a.   Pursuant to the *Order Concerning Compliance with the Puerto Rico Recovery Accuracy in Disclosures Act* [Dkt. No. 19980], Professionals were directed "not to file any further fee applications, regardless of which interim fee period such applications relate to, until after they have filed the disclosures required under PRRADA."

b.   Professionals may elect to submit an Interim Fee Application subject to this paragraph 4, with complete supporting data, to the Fee Examiner before filing its PRRADA disclosures. In his sole discretion, the Fee Examiner may elect to begin reviewing such applications immediately or may await the completion of the PRRADA disclosure process to do so.

c.   The Court may approve a list of Material Interested Parties (the "**MIP List**") on or after March 11, 2022.

d.   The Court may set a deadline for Professionals to file PRRADA disclosures approximately 45 days after entry of the order approving the MIP List; such deadline is estimated to be on or after April 25, 2022.

e.   Once a Professional has filed its PRRADA disclosures, it may resume filing Interim Compensation Applications for any period pursuant to the procedure set forth in paragraph 3, above, modified as follows:

   i.   Notwithstanding paragraph 3(b) above (requiring Interim within 20 days), the U.S. Trustee shall have 45 days (on or around June 9, 2022 or such other deadline as the Court may order) to review and comment informally on or object to any Professional's PRRADA disclosures (a "**PRRADA Objection**").

   ii.   Professionals subject to a PRRADA Objection by the U.S. Trustee must discontinue filing further Interim or Final Fee Applications

8

(subject to paragraph 4(b), above) until the PRRADA Objection has
been resolved, either by stipulation or by order of the Title III court.

iii.    PRRADA Objections will be assigned their own briefing and/or
hearing schedules as contested matters and the deadlines and
procedures outlined in this Order shall no longer apply.

iv.    Professionals electing to submit (but not file) a fee application to the
Fee Examiner prior to filing its PRRADA disclosures pursuant to
paragraph 4(b), *supra*, must certify, at the time of filing the
application:

1.    The date on which the Professional has submitted the interim
application and complete supporting data to the Fee Examiner
(without actual filing due to PRRADA);

2.    That the filed interim fee application and supporting data are
identical in all material respects to the versions submitted to the
Fee Examiner.

v.    Fee applications not subject to a PRRADA Objection will continue to
follow the procedures outlined in paragraph 3, above, with the
following adjusted Post-PRRADA timeline:[4]

| Fee Period | Fourteenth Interim | Fifteenth Interim[5] | Sixteenth Interim | Seventeenth Interim | Eighteenth Interim |
|---|---|---|---|---|---|
| Fee Period Dates | October 1, 2021- January 31, 2022 | February 1, 2022-the earlier of the Plan Effective Date or May 31, 2022[6] | June 1, 2022- September 30, 2022 | October 1, 2022 – January 31, 2023 | February 1 - May 31, 2023 |
| End of Compensation Period | January 31, 2022 | The earlier of the Plan Effective Date or May 31, | September 30, 2022 | January 31, 2023 | May 31, 2023 |

---

[4] This proposed schedule is subject to adjustment should the estimated PRRADA disclosure and objection dates
differ materially from those anticipated in this Order.

[5] For Professionals continuing work on the PREPA and HTA cases, the Fifteenth Interim Fee Period will remain
four months long, from February 1-May 31, 2022.  Fifteenth Interim Fee Period applications for PREPA and HTA
work will be due, as always, around 45 days after the end of the fee period—July 15, 2022, with reporting to the
Court expected in connection with the November 2 omnibus hearing.

[6] For purposes of this Order, the Plan Effective Date is presumed to be on or around the March 15, 2022 target, as
noted in the *Informative Motion of Financial Oversight and Management Board Regarding the Status of Plan
Implementation* [Dkt. No. 20165].

| Fee Period | Fourteenth Interim | Fifteenth Interim[5] | Sixteenth Interim | Seventeenth Interim | Eighteenth Interim |
|---|---|---|---|---|---|
| | | 2022 | | | |
| Fee Applications Due | No earlier than upon filing of PRRADA disclosures but no later than 45 days after the deadline for the U.S. Trustee to file a PRRADA Objection has passed | The later of 45 days after the expiration of U.S. Trustee's PRRADA Objection deadline or July 15, 2022 | November 15, 2022 | March 15, 2023 | July 15, 2023 |
| Summary Report Filed with the Court | September 14, 2022 | October 26, 2022 | January 25, 2023 | May 31, 2023 | November 29, 2023 |
| Fee Hearing Dates | September 21, 2022 | November 2, 2022 | February 1, 2023 | June 7, 2023 | December 6, 2023 |

5.      Final Fee Application Procedures

a.      The Plan Confirmation Order states that "except as provided herein or in the Plan, each Professional must file its application for final allowance of compensation for professional services rendered and reimbursement of expenses [a "**Final Fee Application**"] on or prior to the date that is one hundred twenty (120) days following the Effective Date." The Fee Examiner expects this date will be on or around July 15, 2022.

b.      Notwithstanding the Plan Confirmation Order, no Professional shall file a Final Fee Application until the Fee Examiner has recommended and the Court has ordered compensation on all of that Professional's interim fee applications. The Fee Examiner shall have the discretion to recommend deviation from this procedure in appropriate circumstances. The Fee Examiner will include any such recommendation in the periodically-filed summary reports to the Court.

c.      Final Fee Applications shall be filed no later than 45 days after substantial completion of the interim compensation application process and should include:

i.      A cover sheet in a form, substantially in compliance with **Exhibit 1** to this Order;

ii.      The beginning and ending billing rate for each timekeeper performing work on these cases;

10

    iii.    A calculation of all fees charged in excess of fees that would have been charged had rates remained at the level when each timekeeper first performed work on these cases;

    iv.    A certification by the attorney signing and filing the Final Fee Application that:

        1.    The Final Fee Application does not request any fees disallowed by the Court on an interim basis, unless the right to do so was explicitly reserved;

        2.    The Final Fee Application includes only fees approved by prior interim compensation order, except that:

            a.    Professionals may include actual time and expenses incurred after the Effective Date only for preparing interim or final fee applications;

            b.    All post-Effective Date time and expenses for the preparation of interim or final fee applications are supported by complete billing data submitted to the Fee Examiner;

    d.  No compensation or reimbursement for interim or final fee application preparation incurred after the date of submission of the Final Fee Application will be recommended for payment.

    e.  The estimated timeline for processing Final Fee Applications will be:

|  | Dates |
|---|---|
| **Final Fee Application filing** | No later than 45 days after completion of the interim compensation reporting and approval process |
| **Final letter report from the Fee Examiner** | Approximately 60 days after submission of the Final Fee Application |
| **Final Summary Report to the Court** | One week prior to Final Fee Hearing |
| **Final Fee Hearing** | Next omnibus date [first expected Final Fee Hearing date will be March 15, 2023] |

6.  Notwithstanding anything to the contrary in this Order, this Order shall not apply to work of professionals that was customarily required outside Title III cases, excluding restructuring professionals that are performing legal, financial, or operational services for a Title III Debtor, but including, for the avoidance of doubt, professionals performing services related to the preparation of audited financial statements, and such professionals shall be exempt from the requirements of applying for Court

11

approval of their fees and reimbursements that were customarily required outside Title III.

7. Each member of any statutory committee is permitted to submit statements of expenses (excluding third party professional expenses of individual committee members) and supporting vouchers to the respective committee's counsel, which counsel shall collect and submit for reimbursement in accordance with the Interim Compensation Procedures.

8. Notice of Interim and Final Fee Applications is limited to (a) the Notice Parties (b) the Fee Examiner, and (c) all parties that have filed a notice of appearance with the Clerk of this Court, pursuant to Bankruptcy Rule 2002 and applicable provisions of the Local Rules, and requested such notice.

9. The Notice Parties and the Fee Examiner shall receive the Monthly Fee Statements, any Interim Fee Applications, any Final Fee Applications, and any Hearing Notices, and all other parties entitled to notice pursuant to this Order shall only receive the Hearing Notices.

10. The amount of fees and disbursements sought shall be set out in U.S. dollars.

11. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

12. Compliance with Puerto Rico Law

   a. Each Professional's written contract with its client regarding the services to be rendered in these Title III Cases shall be provided to the Department of Treasury by sending such contract to Reylam Guerra Goderich (Reylam.Guerra@hacienda.pr.gov) and Omar E. Rodríguez Pérez, CPA (Rodriguez.Omar@hacienda.pr.gov) and shall be published by the Department of Treasury on its web page; provided, however, that Professionals who are paid directly by a public corporation that is a Title III debtor, including the Puerto Rico Electric Power Authority, do not need to comply with the requirements of this paragraph. Any Professional without a written contract regarding the services to be rendered in these Title III Cases shall enter into one with its client and send it to the Department of Treasury within 30 days of this Order.

   b. In addition to existing requirements under the guidelines set by the Fee Examiner and the U.S. Trustee Guidelines, all Monthly Fee Statements shall include the following:

      i. A certification by the Professional stating the following:

      "I hereby certify that no public servant of the Department of Treasury is a party to or has any interest in the gains or benefits derived from the

12

contract that is the basis of this invoice. The only consideration for providing services under the contract is the payment agreed upon with the authorized representatives of [client]. The amount of this invoice is reasonable. The services were rendered and the corresponding payment has not been made.  To the best of myknowledge, [professional] does not have any debts owed to the Government of Puerto Rico or its instrumentalities."

and

ii.   A certification from a principal responsible for the retention of the Professional that authorizes the submission of the Monthly Fee Statement (a "**Principal Certification**").

With respect to Professionals paid directly by public corporations that are Title III debtors, including the Puerto Rico Electric Power Authority, the certification required by subsection (a) above shall substitute "no employee of the [applicable public corporation]," in place of "no public servant of the Department of Treasury."

c.   Within 60 days of entry of this Order, all Professionals that have not already done so shall submit to the entity that pays such Professional (the Department of Treasury or the applicable public corporation) a letter with a retroactive Principal Certification for all Monthly Fee Statements submitted through the date of this Order, to the extent such Monthly Fee Statements do not already include a statement substantially similar to the Principal Certification.

d.   All Professionals shall segregate their invoices by Debtor and by whether the services were rendered in Puerto Rico or outside of Puerto Rico.

13.   All Professionals shall submit to the Department of Treasury non-binding, confidential fee estimates for professional services to be rendered in the following fiscal years (from July 1 to June 30), which shall be detailed by each Debtor.  Such fee estimates shall not be subject to review or approval by the Department of Treasury. With respect to Professionals paid directly by public corporations that are Title III debtors, including the Puerto Rico Electric Power Authority, such Professionals shall submit their fee estimates to the applicable public corporation.

14.   Cooperation of Retained Professionals

a.   This Order applies to all Professionals retained in these cases by the Debtors, the Government and AAFAF (as it relates to the Debtor entities in the Title III Cases), the Oversight Board (as representative of the Debtors), and the statutory committees, to the extent the Professionals render services in the Title III Cases.

b.   Nothing alters or impairs the right of any party in interest in these cases to object to any applications subject to this Order.

c.   Nothing herein is intended to, shall constitute, or shall be deemed to constitute the Oversight Board's consent, pursuant to PROMESA section 305, to this Court's interference with (a) any of the political or governmental powers of the Debtors, (b) any of the property or revenues of the Debtors, or (c) the use or enjoyment of the Debtors of any income-producing property.

d.   The Debtors and the Oversight Board, as the Debtors' representative, are authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this Order in accordance with the Motion.

15.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated:   _____

_____
Laura Taylor Swain
United States District Judge

26670504.6

14

## Exhibit 1

**Final Fee Application Cover Sheet**

**EXHIBIT 1 (**to Proposed Third Amended Compensation Order)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| **In re** | ) | **PROMESA** |
| | ) | **Title III** |
| | ) | |
| **THE FINANCIAL OVERSIGHT AND** | ) | **No. 17 BK 3283-LTS** |
| **MANAGEMENT BOARD FOR PUERTO RICO,** | ) | |
| | ) | |
| As a representative of | ) | **(Jointly Administered)** |
| | ) | |
| **THE COMMONWEALTH OF PUERTO RICO** | ) | |
| *et al.,* | ) | |
| | ) | |
| **Debtors.**[1] | ) | |
| | ) | |

**FINAL FEE APPLICATION OF _____(***NAME OF PROFESSIONAL*），
**AS_____ (***TITLE***) TO THE_____ (***CLIENT***) FOR SERVICES RENDERED
AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM _____
(***RETENTION DATE***) THROUGH AND INCLUDING _____ (***EFFECTIVE DATE or
LAST DATE SERVICES PROVIDED—WHICHEVER IS EARLIER***)[2]**

| | |
|---|---|
| Name of Applicant: | |
| Authorized to Provide Professional Services to: | |
| Date of Retention: | |
| Period for which compensation and reimbursement is | through |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and, (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] This form has been designed to incorporate many of the requirements of PROMESA §316 and ¶ C.2.l and Exhibit E to the Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases (the "**U.S. Trustee Guidelines**").

| sought: | (Retention Date through Effective Date) |
|---|---|
| Amount of final compensation sought as actual, reasonable, and necessary: | |
| Amount of final expense reimbursement sought as actual, reasonable, and necessary: | |
| Blended rate in this application for all attorneys: | $_____ / hour |
| Blended rate in this application for all timekeepers: | $_____ / hour |
| The total time expended for fee application preparation for the Final Fee Period is approximately ___ hours and the corresponding compensation requested is approximately $_____. | |

| **SUMMARY OF PRIOR INTERIM FEE APPLICATIONS:** | | | | | |
|---|---|---|---|---|---|
| | | Fees and Expenses Approved | | Date and Docket No. of Fee Order | |
| Date [Docket No.] | Interim Fee Period ("IFP") Covered[3] | Fees | Expenses | Date | Docket No. |
| | *First IFP* 5/3/17 to 9/30/17 | | | | |
| | *Second IFP* 10/1/17 to 1/31/18 | | | | |
| | *Third IFP* 2/1/18 to 5/31/18 | | | | |
| | *Fourth IFP* 6/1/18 to 9/30/18 | | | | |
| | *Fifth IFP* 10/1/18 to 1/31/19 | | | | |
| | *Sixth IFP* 2/1/19 to 5/31/19 | | | | |
| | *Seventh IFP* 6/1/19 to 9/30/19 | | | | |
| | *Eighth IFP* 10/1/19 to 1/31/20 | | | | |
| | *Ninth IFP* 2/1/20 to 5/31/20 | | | | |

---

[3] If your firm did not file a fee application for a listed Interim Fee Period, please leave the line blank.

2

| | | | | | |
|---|---|---|---|---|---|
| | *Tenth IFP*<br>6/1/20 to 9/30/20 | | | | |
| | *Eleventh IFP*<br>10/1/20 to 1/31/21 | | | | |
| | *Twelfth IFP*<br>2/1/21 to 5/31/21 | | | | |
| | *Thirteenth IFP*<br>6/1/21 to 9/30/21 | | | | |
| | *Fourteenth IFP*<br>10/1/21 to<br>1/31/2022 | | | | |
| | *Fifteenth IFP*<br>2/1/2022 to Plan<br>Effective Date | | | | |
| | | | | | |
| **Total fees and expenses approved by interim orders to date:**[4] | | | | | |

## FEE EXAMINER'S REQUESTED ATTACHMENTS TO FEE APPLICATIONS
(may appear in a different order)

**List of Professionals -**¶ C.2.k of the U.S. Trustee Guidelines

**Compensation by Project Category-**¶ C.8 of the U.S. Trustee Guidelines

**Expense Summary-**¶ C.12 of the U.S. Trustee Guidelines

**List of Professionals by Matter-** ¶ C.8.c. of the U.S. Trustee Guidelines

**Customary and Comparable Disclosures -**¶ C.3 of the U.S. Trustee Guidelines

**Budget & Staffing Plan -** ¶ E of the U.S. Trustee Guidelines

26353366.1

---

[4] These totals should equal the amount of your final fee and expense requests.

3

**<u>Exhibit B</u>**

**Redline of Second Amended Interim Compensation Order
and Third Amended Interim Compensation Order**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **In re** | ) **PROMESA** |
| | ) **Title III** |
| | ) |
| In re: | ) |
| | ) PROMESA |
| THE FINANCIAL OVERSIGHT AND | ) |
| MANAGEMENT BOARD FOR | ) Title III |
| PUERTO RICO, | ) |
| | **No. 17 BK 3283-LTS** |
| as representative of | |
| | **(Jointly Administered)** |
| THE COMMONWEALTH OF PUERTO | |
| RICO, *et al.*, | |
| Debtors.[1] **THE FINANCIAL OVERSIGHT AND** | |
| **MANAGEMENT BOARD FOR PUERTO RICO,** | |
| As a representative of | ) |
| | ) |
| **THE COMMONWEALTH OF PUERTO RICO** | ) |
| ***et al.*,** | ) |
| | ) |
| **Debtors.**[1] | ) |
| | ) |
| | ) |

~~SECOND~~ **THIRD** AMENDED ORDER SETTING PROCEDURES FOR INTERIM **AND FINAL** COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the *Joint Motion of the Oversight Board and the Fee Examiner for Entry of ~~an~~ Order*

*Further Amending ~~the Interim~~Procedures for Submitting and Considering Compensation ~~Order~~and*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and, (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi)Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Reimbursement of Expenses of Professionals* [Dkt. No. _____] (the "**Motion**"); ²"),² and the Court

having found it has subject matter jurisdiction over this matter pursuant to PROMESA ~~section~~

sections 306(a); and it appearing that venue is proper pursuant to PROMESA section- 307(a); and

the Court having found that the relief requested in the Motion is in the best interests of the

Debtors, their creditors, and other parties in interest; and the Court having found that the

~~Debtors~~movants provided adequate and appropriate notice of the Motion under the

circumstances and that no other or further notice is required; and the Court having reviewed the

Motion and having heard statements in support of the Motion at a hearing held before the Court

(the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the

Motion and at the Hearing establish just cause for the relief granted herein; and any objections to

_____

¹  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

²  Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion and the Order Further Amending Case Management Procedures [Dkt. No. 2839] (the "**Case Management Procedures**").

180606 Second Amended Interim CompensationProposed Order          Version June 6, 2018          1

_____

² Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion and the Order Further Amending Case Management Procedures [Dkt. No. 17127] (the "**Case Management Procedures**").

the relief requested herein having been withdrawn or overruled on the merits; and after due

deliberation and sufficient cause appearing therefor, it is ~~HEREBY ORDERED THAT:~~

**HEREBY ORDERED THAT**:

~~1.~~     1.     The Motion is granted as set forth herein.

~~2.~~     2.     All ~~Professionals~~professionals in the Title III Cases (**"Professionals"**) may be paid interim ~~payment of~~ compensation and reimbursement of expenses in accordance with the following procedures (the "~~Interim~~**Monthly** **Compensation Procedures**"):

    a.    On or before the 15th day of each calendar month, or ~~as~~ soon ~~as~~ practicable thereafter, each Professional may serve a statement (a "**Monthly Fee Statement**") of compensation for services rendered and reimbursement of expenses incurred during any preceding month or months, by ~~overnight mail or e-mail (in searchable pdf format) where applicable~~electronic mail, on each of the following entities (collectively, the "**Notice Parties**"):

        i.    attorneys for the Oversight Board, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036, Attn: Martin J. Bienenstock, Esq. (mbienenstock@proskauer.com) and Ehud Barak, Esq. (ebarak@proskauer.com), and Proskauer Rose LLP, 70 West Madison Street, Chicago, IL 60602, Attn: Paul V. Possinger, Esq. (ppossinger@proskauer.com);

        ii.    attorneys for the Oversight Board, O'Neill & Borges LLC, 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918, Attn: Hermann D. Bauer, Esq. (hermann.bauer@oneillborges.com);

            ~~D. Bauer, Esq. (hermann.bauer@oneillborges.com);~~

        iii.    attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, New York, NY 10036, Attn: John J. Rapisardi, Esq. (jrapisardi@omm.com), ~~Suzzanne Uhland, Esq. (suhland@omm.com),~~ and Diana M. Perez, Esq. (dperez@omm.com);

iv.    attorneys for the Puerto Rico Fiscal Agency and Financial Advisory
Authority, Marini Pietrantoni Muñiz LLC, MCS Plaza, Suite 500, 255
Ponce de León Ave, San Juan, PR 00917, Attn: Luis C. Marini-Biaggi, Esq.
(lmarini@mpmlawpr.com) and Carolina Velaz-Rivero Esq.
(cvelaz@mpmlawpr.com);

C. Marini-Biaggi, Esq. (lmarini@mpmlawpr.com) and Carolina
Velaz-Rivero Esq. (cvelaz@mpmlawpr.com);

v.    the Office of the United States Trustee for the District of Puerto Rico,
Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: *In re:
Commonwealth of Puerto Rico*);

vi.    attorneys for the Official Committee of Unsecured Creditors, Paul Hastings
LLP, 200 Park Ave., New York, NY 10166, Attn: Luc. A Despins, Esq.
(lucdespins@paulhastings.com);

2

vii.    attorneys for the Official Committee of Unsecured Creditors, Casillas, Santiago & Torres LLC, El Caribe Office Building, 53 Palmeras Street, Ste. 1601, San Juan, PR 00901, Attn: Juan J. Casillas Ayala, Esq. (jcasillas@cstlawpr.com) and Alberto J.E. Añeses Negrón, Esq. (aaneses@cstlawpr.com);

viii.    attorneys for the Official Committee of Retired Employees, Jenner & Block LLP, 919 Third Ave., New York, NY 10022, Attn: Robert Gordon, Esq. ( rgordon@jenner.com) and Richard Levin, Esq. (rlevin@jenner.com), and Jenner & Block LLP, 353 N. Clark Street, Chicago, IL 60654, Attn: Catherine Steege, Esq. (csteege@jenner.com) and Melissa Root, Esq. (mroot@jenner.com);

ix.    attorneys for the Official Committee of Retired Employees, Bennazar, García & Milián, C.S.P., Edificio Union Plaza, PH-A, 416 Ave. Ponce de León, Hato Rey, PR 00918, Attn: A.J. Bennazar-Zequeira, Esq. (ajb@bennazar.org);

    ~~416 Ave. Ponce de León, Hato Rey, PR 00918, Attn: A.J. Bennazar-Zequeira, Esq. (ajb@bennazar.org);~~

x.    the Puerto Rico Department of Treasury, PO Box 9024140, San Juan, PR 00902-4140, Attn: Reylam Guerra Goderich, Deputy Assistant of Central Accounting (Reylam.Guerra@hacienda.pr.gov); Omar E. Rodríguez Pérez, CPA, Assistant Secretary of Central Accounting (Rodriguez.Omar@hacienda.pr.gov); Angel L. Pantoja Rodríguez, Deputy Assistant Secretary of Internal Revenue and Tax Policy (angel.pantoja@hacienda.pr.gov); Francisco Parés Alicea, Assistant Secretary of Internal Revenue and Tax Policy (francisco.pares@hacienda.pr.gov); and Francisco Peña Montañez, CPA, Assistant Secretary of the Treasury (Francisco.Pena@hacienda.pr.gov);

xi.    counsel to any other statutory committee appointed;

xii.    attorneys for the Fee Examiner, EDGE Legal Strategies, PSC, 252 Ponce de León Avenue, Citibank Tower, 12th Floor, San Juan, PR 00918, Attn: Eyck O. Lugo (elugo@edgelegalpr.com); and

xiii.   attorneys for the Fee Examiner, Godfrey & Kahn, S.C., One East Main
Street, Suite 500, Madison, WI 53703, Attn: Katherine Stadler
(KStadler@gklaw.com).

b.      b.      Any Professional that fails to serve a Monthly Fee Statement for a
particular month or months may subsequently serve a consolidated Monthly
Fee Statement for such month or months.  All Monthly Fee Statements shall
comply with PROMESA and applicable provisions of the Bankruptcy
Code, the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy
Rules**"), and the Local Bankruptcy Rules for the United States
Bankruptcy Court for the District of Puerto Rico (the "**Local Rules**").

c.   In accordance with the procedures described in subparagraph (d) below, each Notice Party may file and serve upon the Professional that submitted the Monthly Fee Statement and the other Notice Parties, so as to be received on or before 4:00 p.m. (Atlantic Standard Time) on the 10th day (or the next business day if such day is not a business day) following service of the Monthly Fee Statement (the "**Monthly Objection Deadline**") any"), an objection or reservation of rights to the requested fees and expenses. (a "**Monthly Objection**").  Upon expiration of the Monthly Objection Deadline, the Professionals that submitted a Monthly Fee Statement shall provide a statement (the "**Monthly Fee Objection Statement**") to the applicable Debtor(s) and the Puerto Rico Fiscal Agency and Financial Advisory Authority, providing the calculation of the fees and reimbursement requested, any amounts that were objected to, and the amount that should be paid after the holdback described further below. Upon receipt of the Monthly Fee Objection Statement, the Debtors in whose cases such Professionals are retained and/or employed shall promptly pay, and in no event pay later than fourteen (14) calendar days after receiving the Monthly Fee Objection Statement, the Professional an amount equal to the lesser of (i) 90% of the fees and 100% of the expenses requested in the applicable Monthly Fee Statement (the "**Maximum Monthly Payment**") or (ii) the Maximum Monthly Payment less 90% of the fee portion and 100% of the expense portion thereof not subject to an objectiona Monthly Objection (the "**Incremental Amount**") pursuant to subparagraph (d) below; provided that, in the case of Paul Hastings LLP, as counsel for the Official Committee of Unsecured Creditors, and Zolfo Cooper, LLC, as financial advisor to the Official Committee of Unsecured Creditors, the applicable Debtors shall promptly pay, and in no event pay later than fourteen (14) calendar days after receiving the Monthly Fee Objection Statement, 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Statement, but such 80% of fees or 100% of expenses shall not be paid with respect to such fees or expenses that are subject to an objection pursuant to subparagraph (d) below. The Fee Examiner (as defined below) may object to the Interim Fee Applications (as defined below) if not consensually resolved.

d.   If any Notice Party wishes to object to a Professional's Monthly Fee Statement, it must (i) file a written objection (an "a "**Monthly Objection**") with the Court on or before the Monthly Objection Deadline and (ii) serve the Monthly Objection on the Professional that submitted the Monthly Fee Statement and each of the other Notice Parties, so it is received by each of these parties on or before the Monthly Objection Deadline. Thereafter, the objecting party and the affected Professional may attempt to resolve the Monthly Objection on a consensual basis. If the parties are unable to reach a resolution of the Monthly Objection, the affected Professional may either (i) file a request with the Court for payment of the fees and expenses subject to the Monthly Objection or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court may consider and dispose of the Objection if

4

requested by the parties. ~~The failure of a Notice Party to file an Objection to a Professional's Monthly Fee Statement shall not preclude such party from filing an Objection to such Professional's Interim Fee Application pursuant to subparagraph (g) below~~<u>Monthly Objection if requested by the parties</u>.

e.      Each Professional's initial Monthly Fee Statement shall cover the period from the Petition Date of the ~~Commonwealth's~~applicable Debtor's Title III Case through the end of the full month preceding the filing date of the Monthly Fee Statement.  Thereafter, Professionals may serve Monthly Fee Statements in the manner described above.

f.      The *Puerto Rico Recovery Accuracy in Disclosures Act*, Pub. L. No. 117-82 ("PRRADA") does not impact these Monthly Compensation Procedures and such Procedures will continue in the same manner as they did prior to the Enactment Date (January 20, 2022).

3.      Interim Fee Applications for periods prior to the Enactment Date of PRRADA, regardless of whether such Interim Fee Applications were filed prior to or after the Enactment date, and subject to paragraphs 4(a) and 4(e) below, may receive interim payment of compensation and reimbursement of expenses in accordance with the following procedures (the "**Pre-PRRADA Interim Compensation Procedures**"):

~~f~~a.      Consistent ~~with~~ PROMESA ~~section~~ 317, ~~at~~ no less than four-month intervals (an "**Interim Fee Period**"), each of the Professionals may file with the Court and serve on the Notice Parties an application (an "**Interim Fee Application**") for interim Court approval and allowance of the payment of compensation and reimbursement of expenses sought by such Professional for the Interim Fee Period, including any holdback pursuant to PROMESA section 317.  Each Interim Fee Application must include a brief description identifying the following:

i.      the Monthly Fee Statements subject to the request;

ii.      the amount of fees and expenses requested;

iii.      the amount of fees and expenses paid to date or subject to ~~an~~a Monthly Objection;

iv.      the deadline for parties to file ~~Objections~~objections to the Interim Fee Application; and

v.      any other information requested by the Court or required by the Local Rules or the Fee Examiner in accordance with the order appointing the Fee Examiner [Dkt. No. 1416].

5

gb.    ~~Objections, if any,~~Any objection to ~~thean~~ Interim Fee ~~Applications~~Application ( an "**Interim Objection**") by any party other than the Fee Examiner shall be filed and served upon the Professional that filed the Interim Fee Application and the other Notice Parties so as to be received on or before the 20th day (or the next business day if such day is not a business day) following service of the applicable Interim Fee Application.

~~hc.~~    Requests by the Fee Examiner to adjourn the hearing on any Interim Fee Application (such Interim Fee Applications identified in the request, "**Adjourned Interim Fee Applications**," and the rescheduled hearing, the "**Adjourned Fee Hearing**"), if any, shall be filed and served upon the Professional that filed the Adjourned Interim Fee Application and the other Notice Parties so as to be received at least seven (7) calendar days prior to ~~aany~~ any scheduled hearing on ~~any~~ interim fee applications. Interim Objections by the Fee Examiner, if any, to any Adjourned Interim Fee Application shall be filed and served upon the Professional that filed the Adjourned Interim Fee Application and the other Notice Parties on or before fifteen (15) calendar days before the applicable Adjourned Fee Hearing pursuant to the Case Management Procedures.

~~id.~~    Replies to ~~objections to~~ Interim ~~Fee Applications~~Objections, if any, may be submitted pursuant to the Case Management Procedures.

~~je.~~     The Court shall schedule a hearing on Interim Fee Applications ~~every four months~~periodically pursuant to the schedule outlined below (an "**Interim Fee Hearing**").  The fee hearings may be held in conjunction with or separately from an Omnibus Hearing Date in the Court's discretion.  If no Interim Objections are ~~timely filed~~pending, and if the Fee Examiner issues the Fee Examiner Report (defined below) recommending approval of the Interim Compensation Applications in full or in part, the Court may grant an Interim Fee Application without a hearing.

~~kf.~~     The Fee Examiner shall issue a confidential letter report to each Professional listing and explaining each proposed reduction to the Professional's fees and disbursements that the Fee Examiner recommends, and shall file a report at least seven calendar days before such hearing (defined above), which report shall disclose the consensual resolution with each Professional and each issue and amount not resolved (the "**Fee Examiner Report**").

~~lg.~~     The first Interim Fee Period shall cover the month in which the Petition Date of the Commonwealth's Title III Case occurred and the four full months immediately following such month.  Accordingly, the first Interim Fee Period for the Commonwealth's Title III Case shall cover May 3, 2017, through September 30, 2017. ~~Each Professional must file and serve its Interim Fee Application on or before the 45th day following the end of the applicable~~ The First Interim Fee Period~~, with~~ for the ERS Case shall cover May 5, 2017 through September 30, 2017, the First Interim Fee Period for the ~~exceptions outlined in~~PBA Case shall cover September 27, 2019 through January 31, 2020, the ~~following schedule:~~First Interim Fee Period for the PREPA Case shall cover July 2, 2017 through September 30, 2017, the First Interim Fee Period for the COFINA Case shall cover May 9, 2017 through September 30, 2017,[3] and the First Interim Fee Period for the HTA Case shall cover May 21, 2017 through September 30, 2017.

| ~~Fee Period~~ | ~~First Interim May 3, 2017 – September 30, 2017~~ | ~~Second Interim October 1, 2017 – January 31, 2018~~ | ~~Third Interim February 1, 2018 – May 31, 2018~~ | ~~Fourth Interim June 1, 2018 – September 30, 2018~~ |
|---|---|---|---|---|
| ~~End of Interim Compensation Period~~ | ~~September 30, 2017~~ | ~~January 31, 2018~~ | ~~May 31, 2018~~ | ~~September 30, 2018~~ |

---

[3] Nothing in this Order impacts or affects the requirements outlined in the *Stipulation and Agreed Order, Pursuant to Article 3.2 of the Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation, Establishing a Protocol for the Review and Payment of Post Effective-Date COFINA Fees* [Case No. 17 BK 3284, Dkt. No. 681] [Case No. 17 BK 3283, Dkt. No. 8755].

| Interim Fee Applications Due | December 15, 2017 | March 19, 2018 | July 16, 2018 | November 16, 2018 |
| Initial Letter Report to Retained Professionals | February 15, 2018 | May 18, 2018 | September 14, 2018 | January 14, 2019 |
| Final (Summary) Report Filed | February 28, 2018 (or 7 days prior to scheduled hearing date) | May 30, 2018 (or 7 days prior to scheduled hearing date) | October 31, 2018 (or 7 days prior to scheduled hearing date) | March 6, 2019 (or 7 days prior to scheduled hearing date) |
| Estimated Interim Fee Hearing Date | March 7, 2018 (Omnibus Hearing) or an earlier date as ordered by the Court | June 6, 2018 (Omnibus Hearing) or an earlier date as ordered by the Court | November 7, 2018 (Omnibus Hearing) or an earlier date as ordered by the Court | March 13, 2019 (Omnibus Hearing) or an earlier date as ordered by the Court |

mh.    The pendency of ana Monthly or Interim Objection to payment of compensation or reimbursement of expenses shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Third Amended Interim Compensation Procedures. The Fee Examiner shall have the discretion to extend the deadlines for submission of Interim Fee Applications and to permit a Professional to consolidate one or more Interim Fee Applications and Fee Examiner Reports in the interest of efficiency without further Court order.

compensation or reimbursement of expenses under the First Amended Interim Compensation Procedures. Any Professional that fails to submit a Monthly Fee Statement or file an Interim Fee Application when due or permitted shall be ineligible to receive further interim payments of fees or reimbursement of expenses under the First Amended Interim Compensation Procedures until such time as a Monthly Fee Statement or Interim Fee Application is submitted by the Professional. There shall be no other penalties for failing to file a Monthly Fee Statement or an Interim Fee Application in a timely manner.

ni. Payment and allowance of interim fees shall not bind any party in interest or the Court with respect to the final allowanceconsideration of applications for payment of compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals under the Interim Compensation Procedures are subject to disgorgement until final allowance by the Court.

oj. For all Professionals (except as otherwise agreed to by the Fee Examiner),. any application made pursuant to PROMESA sections 316 and 317, shall be subject to Appendix A (non-attorney Professionals) or Appendix B (attorney Professionals) of the U.S. Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases Effective as of November 1, 2013 (the "U.S. Trustee Guidelines"), as applicable.").

4. Interim Fee Applications covering Interim Fee Periods on or after the Enactment Date may receive interim payment of compensation and reimbursement of expenses in accordance with the following procedures (the "**PRRADA Compliant Compensation Procedures**"):

a. Pursuant to the *Order Concerning Compliance with the Puerto Rico Recovery Accuracy in Disclosures Act* [Dkt. No. 19980], Professionals were directed "not to file any further fee applications, regardless of which interim fee period such applications relate to, until after they have filed the disclosures required under PRRADA."

b. Professionals may elect to submit an Interim Fee Application subject to this paragraph 4, with complete supporting data, to the Fee Examiner before filing its PRRADA disclosures. In his sole discretion, the Fee Examiner may elect to begin reviewing such applications immediately or may await the completion of the PRRADA disclosure process to do so.

c. The Court may approve a list of Material Interested Parties (the "**MIP List**") on or after March 11, 2022.

d. The Court may set a deadline for Professionals to file PRRADA disclosures approximately 45 days after entry of the order approving the MIP List; such deadline is estimated to be on or after April 25, 2022.

e.      Once a Professional has filed its PRRADA disclosures, it may resume filing Interim Compensation Applications for any period pursuant to the procedure set forth in paragraph 3, above, modified as follows:

i.      Notwithstanding paragraph 3(b) above (requiring Interim within 20 days), the U.S. Trustee shall have 45 days (on or around June 9, 2022 or such other deadline as the Court may order) to review and comment informally on or object to any Professional's PRRADA disclosures (a "**PRRADA Objection**").

ii.     Professionals subject to a PRRADA Objection by the U.S. Trustee must discontinue filing further Interim or Final Fee Applications (subject to paragraph 4(b), above) until the PRRADA Objection has been resolved, either by stipulation or by order of the Title III court.

iii.    PRRADA Objections will be assigned their own briefing and/or hearing schedules as contested matters and the deadlines and procedures outlined in this Order shall no longer apply.

iv.     Professionals electing to submit (but not file) a fee application to the Fee Examiner prior to filing its PRRADA disclosures pursuant to paragraph 4(b), *supra*, must certify, at the time of filing the application:

1.  The date on which the Professional has submitted the interim application and complete supporting data to the Fee Examiner (without actual filing due to PRRADA);

2.  That the filed interim fee application and supporting data are identical in all material respects to the versions submitted to the Fee Examiner.

v.      Fee applications not subject to a PRRADA Objection will continue to follow the procedures outlined in paragraph 3, above, with the following adjusted Post-PRRADA timeline:[4]

| **Fee Period** | **Fourteenth Interim** | **Fifteenth Interim[5]** | **Sixteenth Interim** | **Seventeenth Interim** | **Eighteenth Interim** |
|---|---|---|---|---|---|
| Fee Period Dates | October 1, 2021-January 31, 2022 | February 1, 2022-the earlier of the Plan Effective | June 1, 2022-September 30, 2022 | October 1, 2022 – January 31, 2023 | February 1 - May 31, 2023 |

---

[4] This proposed schedule is subject to adjustment should the estimated PRRADA disclosure and objection dates differ materially from those anticipated in this Order.

[5] For Professionals continuing work on the PREPA and HTA cases, the Fifteenth Interim Fee Period will remain four months long, from February 1-May 31, 2022.  Fifteenth Interim Fee Period applications for PREPA and HTA work will be due, as always, around 45 days after the end of the fee period—July 15, 2022, with reporting to the Court expected in connection with the November 2 omnibus hearing.

| Fee Period | Fourteenth Interim | Fifteenth Interim[5] | Sixteenth Interim | Seventeenth Interim | Eighteenth Interim |
|---|---|---|---|---|---|
| | | Date or May 31, 2022[6] | | | |
| End of Compensation Period | January 31, 2022 | The earlier of the Plan Effective Date or May 31, 2022 | September 30, 2022 | January 31, 2023 | May 31, 2023 |
| Fee Applications Due | No earlier than upon filing of PRRADA disclosures but no later than 45 days after the deadline for the U.S. Trustee to file a PRRADA Objection has passed | The later of 45 days after the expiration of U.S. Trustee's PRRADA Objection deadline or July 15, 2022 | November 15, 2022 | March 15, 2023 | July 15, 2023 |
| Summary Report Filed with the Court | September 14, 2022 | October 26, 2022 | January 25, 2023 | May 31, 2023 | November 29, 2023 |
| Fee Hearing Dates | September 21, 2022 | November 2, 2022 | February 1, 2023 | June 7, 2023 | December 6, 2023 |

5.      Final Fee Application Procedures

a.      The Plan Confirmation Order states that "except as provided herein or in the Plan, each Professional must file its application for final allowance of compensation for professional services rendered and reimbursement of expenses [a "**Final Fee Application**"] on or prior to the date that is one hundred twenty (120) days following the Effective Date." The Fee Examiner expects this date will be on or around July 15, 2022.

b.      Notwithstanding the Plan Confirmation Order, no Professional shall file a Final Fee Application until the Fee Examiner has recommended and the Court has ordered compensation on all of that Professional's interim fee applications. The Fee Examiner shall have the discretion to recommend deviation from this procedure in appropriate circumstances. The Fee Examiner will include any such recommendation in the periodically-filed summary reports to the Court.

c.      Final Fee Applications shall be filed no later than 45 days after substantial completion of the interim compensation application process and should include:

---

[6] For purposes of this Order, the Plan Effective Date is presumed to be on or around the March 15, 2022 target, as noted in the *Informative Motion of Financial Oversight and Management Board Regarding the Status of Plan Implementation* [Dkt. No. 20165].

i.        A cover sheet in a form, substantially in compliance with **Exhibit 1** to this Order;

ii.       The beginning and ending billing rate for each timekeeper performing work on these cases;

iii.      A calculation of all fees charged in excess of fees that would have been charged had rates remained at the level when each timekeeper first performed work on these cases;

iv.       A certification by the attorney signing and filing the Final Fee Application that:

1.        The Final Fee Application does not request any fees disallowed by the Court on an interim basis, unless the right to do so was explicitly reserved;

2.        The Final Fee Application includes only fees approved by prior interim compensation order, except that:

a.        Professionals may include actual time and expenses incurred after the Effective Date only for preparing interim or final fee applications;

b.        All post-Effective Date time and expenses for the preparation of interim or final fee applications are supported by complete billing data submitted to the Fee Examiner;

d.   No compensation or reimbursement for interim or final fee application preparation incurred after the date of submission of the Final Fee Application will be recommended for payment.

e.   The estimated timeline for processing Final Fee Applications will be:

|  | Dates |
|---|---|
| **Final Fee Application filing** | No later than 45 days after completion of the interim compensation reporting and approval process |
| **Final letter report from the Fee Examiner** | Approximately 60 days after submission of the Final Fee Application |
| **Final Summary Report to the Court** | One week prior to Final Fee Hearing |
| **Final Fee Hearing** | Next omnibus date [first expected Final Fee Hearing date will be March 15, 2023] |

3.6. Notwithstanding anything to the contrary in this Order, this Order shall not apply to work of professionals that (a) was customarily required outside of the Title III Cases cases, excluding restructuring professionals who that are performing legal, financial, or

7

operational services for a Title III Debtor, but including, for the avoidance of doubt, professionals performing services related to the preparation of audited financial statements ~~or (b) is related to post-Hurricane Maria services and is being billed in conformance with the Federal Emergency Management Agency's reimbursement guidelines and rules related thereto~~, and such professionals shall be exempt from the requirements of applying for Court approval of their fees and reimbursements that were customarily required outside Title III.

~~4.~~7. Each member of any statutory committee is permitted to submit statements of expenses (excluding third- party professional expenses of individual committee members) and supporting vouchers to the respective committee's counsel, which counsel shall collect and submit for reimbursement in accordance with the Interim Compensation Procedures.

~~5.~~8. Notice of ~~interim~~Interim and ~~final fee applications~~Final Fee Applications is limited to (a) the Notice Parties (b) the Fee Examiner, and (c) all parties that have filed a notice of appearance with the Clerk of this Court, pursuant to Bankruptcy Rule 2002 and applicable provisions of the Local Rules, and requested such notice.

~~6.~~9. The Notice Parties and the Fee Examiner shall receive the Monthly Fee Statements, any Interim Fee Applications, any ~~final fee applications~~Final Fee Applications, and any Hearing Notices, and all other parties entitled to notice pursuant to this Order shall only receive the Hearing Notices.

~~7.~~10.   The amount of fees and disbursements sought shall be set out in U.S. dollars.

~~8.~~11.   All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

12.   Compliance with Puerto Rico Law

~~9.      Each Professional in the Title III Cases shall comply with Puerto Rico tax withholding law, to the extent applicable to such Professional.~~

~~10.~~a.   Each Professional's written contract with its client regarding the services to be rendered in these Title III Cases shall be provided to the Department of Treasury by sending such contract to Reylam Guerra Goderich (Reylam.Guerra@hacienda.pr.gov) and Omar E. Rodríguez Pérez, CPA (Rodriguez.Omar@hacienda.pr.gov) and shall be published by the Department of Treasury on its web page; provided, however, that

Professionals who are paid directly by a public corporation that is a Title
III debtor, including the Puerto Rico Electric Power Authority, do not
need to comply with the requirements of this paragraph. Any
Professional without a written contract regarding the services to be
rendered in these Title III Cases shall enter into one with its client and
send it to the Department of Treasury within 30 days of this Order.

11.b.   In addition to existing requirements under the guidelines set by the Fee
Examiner and the U.S. Trustee Guidelines, all Monthly Fee Statements
shall include the following:

ai.   A certification by the Professional stating the following:

"I hereby certify that no public servant of the Department of Treasury is a
party to or has any interest in the gains or benefits derived from the
contract that is the basis of this invoice. The only consideration for
providing services under the contract is the payment agreed upon with
the authorized representatives of [client]. The amount of this invoice is
reasonable. The services were rendered and the corresponding payment
has not been made.  To the best of my knowledge, [professional] does not
have any debts owed to the Government of Puerto Rico or its
instrumentalities."

and

bii.   A certification from a principal responsible for the retention of the
professionalProfessional that authorizes the submission of the
Monthly Fee Statement (a "**Principal Certification**").

With respect to Professionals paid directly by public corporations that are
Title III debtors, including the Puerto Rico Electric Power Authority, the
certification required by subsection (a) above shall substitute "no
employee of the [applicable public corporation]," in place of "no public
servant of the Department of Treasury."

12.c.   Within 60 days of entry of this Order, all Professionals that have not already done so shall submit to the entity that pays such professionalProfessional (the Department of Treasury or the applicable public corporation) a letter with a retroactive Principal Certification for all Monthly Fee Statements submitted through the date of this Order, to the extent such Monthly Fee Statements do not already include a statement substantially similar to the Principal Certification.

13.d.   All Professionals shall segregate their invoices by Debtor and by whether the services were rendered in Puerto Rico or outside of Puerto Rico.

14.13.  All Professionals shall submit to the Department of Treasury non-binding, confidential fee estimates for professional services to be rendered in the following fiscal years (from July 1 to June 30), which shall be detailed by each Debtor.  Such fee estimates shall not be subject to review or approval by the Department of Treasury. With respect to Professionals paid directly by public corporations that are Title III debtors, including the Puerto Rico Electric Power Authority, such Professionals shall submit their fee estimates to the applicable public corporation.

14.     Cooperation of Retained Professionals

15.a.   This Order applies to all Professionals retained in these cases by the Debtors, the Government and AAFAF (as it relates to the Debtor entities in the Title III Cases), the Oversight Board (as representative of the Debtors), and the statutory committees, to the extent the Professionals render services in the Title III Cases.

16.b.   Nothing alters or impairs the right of any party in interest in these cases to object to any applications subject to this Order.

17.c.   Nothing herein is intended to, shall constitute, or shall be deemed to constitute the Oversight Board's consent, pursuant to PROMESA section 305, to this Court's interference with (a) any of the political or governmental powers of the Debtors, (b) any of the property or revenues of the Debtors, or (c) the use or enjoyment of the Debtors of any income-producing property.

18.d.    The Debtors and the Oversight Board, as the Debtors' representative, are authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this Order in accordance with the Motion.

19.15.   This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

20.      This Order resolves Docket Entry No. 3133 in Case No. 17-3283.

SO ORDERED.

Dated: June 6, 2018_____

_/s/

_____
Laura Taylor Swain   LAURA TAYLORSWAIN
United States District Judge

26672831.126670504.6