IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO | Case No. 17-bk-3283 (LTS) |
| as representative of: | (Jointly Administered)[1] |
| THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEE'S RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY | |
| Debtors | |

### RESPONSE TO "INFORMATIVE MOTION OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD REGARDING STATUS OF PLAN IMPLEMENTATION"

TO THE HONORABLE COURT:

COMES NOW **Finca Matilde, Inc.** ("Finca Matilde"), a creditor in the captioned case, whom, through the undersigned legal counsel, very respectfully state, pray, and submits its position with respect to the *Informative Motion of Financial Oversight and Management Board Regarding Status of Plan Implementation* ("Informative Motion")

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 35(787)66-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

[Docket No. 20165] filed by the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") on February 17, 2022.

1. On January 18, 2022, the Court entered the *Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* (the "Confirmation Order") [Docket No. 19813].

2. On February 17, 2022, the Oversight Board appealed from the portion of the Confirmation Order and the corresponding findings of fact and conclusion of law, holding that claims arising under the Takings Clause of the United States Constitution cannot be impaired and are non-dischargeable (the "Appeal"). This is of Financial Oversight Board v. Desarrolladora Orama, S.E., et al., Case No. 22-1119. On this same date, the Oversight Board filed the Informative Motion in which it submitted that the pendency of its Appeal "will not in any way affect the timing regarding the consummation of the transactions contemplated by the Plan. [...] Unless otherwise stayed, the Effective Date shall occur on or before March 15, 2022." [Docket No. 20165, p. 2 ¶¶2-3].[2]

3. With respect to Finca Matilde's claim for inverse condemnation, the same the Plan provides the following treatment:

> 58.1 **Treatment of Eminent Domain/Inverse Condemnation Claims**:
> [...] subject to the entry of the Confirmation Order or the Findings of Fact and Conclusions of Law in respect of the Plan providing such Claims must be paid in full to the extent they are Allowed Claims for just compensation, upon each such order becoming a Final Order, and upon the occurrence of another Final Order determining the validity and amount of just compensation attributable to an Eminent Domain/Inverse Condemnation Claim, the holder of an Allowed Eminent Domain/Inverse Condemnation Claim shall

---

[2] Unless otherwise indicated, any reference to a page number in a docket entry refers to the page number provided for by the electronic filing system stamp on the top heather of the page.

2

> be entitled to receive, in full consideration, satisfaction, release, and exchange of such holder's unpaid balance of its Allowed Eminent Domain/Inverse Condemnation Claim, in Cash, one hundred percent (100%) of such Allowed Eminent Domain/Inverse Condemnation Claim; <u>provided</u>, <u>however</u>, that, in the event that (x) the Oversight Board appeals from the Confirmation Order and the Findings of Fact and Conclusions of Law regarding the Title III Court's ruling that Allowed Eminent Domain/Inverse Condemnation Claims must be paid in full or otherwise be rendered unimpaired pursuant to the Plan, (y) such appeal is successful, and (z) a Final Order is entered holding that Allowed Eminent Domain/Inverse Condemnation Claims may be impaired, subject to the terms and provisions of Articles LXXVII and LXXXII of the Plan, each holder of an Allowed Eminent Domain/Inverse Condemnation Claim shall be entitled to receive, in full consideration, satisfaction, release, and exchange of such holder's unpaid balance of its Allowed Eminent Domain/Inverse Condemnation Claim, and the Reorganized Commonwealth shall make, payments, in Cash, in an amount equal to the pro rata payments to be made to holders of Allowed CW General Unsecured Claims up to the GUC Recovery Cap." [Docket No. 19813-1, pp. 131-132].

4. In the case of Finca Matilde, the Puerto Rico Court of First Instance declared that the case of Finca Matilde was one of inverse condemnation. See *Judgment* (Exhibit 1, p. 25). Moreover, the state court entered judgment against the Debtor and ruled as follows:

> Based on the proven facts and the legal grounds set forth above, the Claim is declared **GRANTED** and it is concluded that the fair compensation to be paid by the defendant the **Commonwealth of Puerto Rico** to the plaintiff, Finca Matilde, Inc., for the property that was seized is **the sum of $11,184,576.00**." (Exhibit 1, p. 26).

5. With respect to interests, the same accrue from the moment the condemnation took place up until compensation is paid off. (Exhibit 1, p. 25). See also <u>Knick v. Township of Scott</u>, 139 S. Ct. 2162, 2170 (2019) (the compensation must generally consist of the total value of the property when taken, plus interest from that time.).

3

6. As this Honorable Title III Court can see, there is a final order regarding Finca Matilde's claim. The same rules that the Debtor's taking constituted an inverse condemnation and establishes the amount to be paid as just compensation. Such state court judgment is final and unappealable. The fact that the Oversight Board appealed does not strip the Confirmation Order of its enforceability. Furthermore, the fact that the Plan preserves the Oversight Board's right to appeal or that it contemplates an alternative scenario, **does not tantamount to a stay on appeal** nor shields an appellant of the risks of equitable mootness.

7. Implicit in [Bankruptcy Rule 8007] is the requirement that a motion for stay pending appeal be timely filed." Lafayette v. Kaplan (In re Kaplan), 373 B.R. 213, 215 (B.A.P. 1st Cir. 2007) (citing Trefny v. Bear Stearns Sec. Corp., 243 B.R. 300, 310-11 (S.D. Tex. 1999)). "Time is of the essence when requesting a stay pending appeal," Samuels v. Wilmington Sav. Fund Soc'y, FSB (In re Samuels), BAP No. MB 19-003, slip op. (B.A.P. 1st Cir. May 31, 2019). To obtain a stay on appeal, the moving party **must** establish (1) whether movant will suffer irreparable harm or injury absent a stay; (2) whether the movant has demonstrated a substantial possibility of success on appeal; (3) whether the other party will suffer injury if a stay is issued; and (4) how the public interest may be affected. *See* ACC Bondholder Group v. Adelphia Communications Corp. (In re: Adelphia Comm. Corp.), 361 B.R. 337, 346 (Bankr. S.D.N.Y. 2007). The fact that the Oversight Board's right to appeal was preserved in the text of the Plan do not relieve the Oversight Board of the burden to obtain a stay on appeal.

8. In this case, Finca Matilde meets the conditions for payment in full upon the effective date of the plan. The Court has not stayed the effects of the Confirmation Order, and the Oversight Board has not requested it. Thus, Finca Matilde must be paid in

full upon the effective date of the plan, and the Informative Motion cannot be used as alternative to move the Court for a stay on appeal.

**WHEREFORE**, Finca Matilde requests that this Honorable Court takes notice of the foregoing.

**I HEREBY CERTIFY**, that on this I electronically filed the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system, which will send electronic notification to all participants.

**RESPECTFULLY SUBMITED,**

In San Juan, Puerto Rico, this 28th day of February of 2022.

**ISABEL FULLANA-FRATICELLI & ASSOCS., P.S.C.**
The Hato Rey Center Bldg.
268 Ave. Ponce de León Ste. 1002
San Juan, Puerto Rico 00918
Telephone: (787) 250-7242
Facsimile: (787) 756-7800

/s/Isabel M. Fullana
USDCPR No. 126802
ifullana@gaflegal.com

/s/Eduardo J. Capdevila
USDCPR No. 302713
ecapdevila@gaflegal.com

5