**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*

Debtors.[1]

-------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

## CERTIFICATE OF SERVICE

I, Christian Rivera, depose and say that I am employed by Prime Clerk LLC ("***Prime Clerk***"), the solicitation, notice, and claims agent for the Debtors in the above-captioned cases under Title III of the Puerto Rico Oversight, Management, and Economic Stability Act (PROMESA).

On February 24, 2022, at my direction and under my supervision, employees of Prime Clerk caused a settlement offer and stipulation letter to be served via first class mail on the ADR Notice Parties Service List attached hereto as **Exhibit A**.

On February 24, 2022, at my direction and under my supervision, employees of Prime Clerk caused a request for additional claim information, in the form of customized letters, a blank copy of which is attached hereto as **Exhibit B**, to be served via first class mail on the ADR Notice Parties Service List attached hereto as **Exhibit A**.

On February 24, 2022, at my direction and under my supervision, employees of Prime Clerk caused the following document to be served via first class mail on the ADR Notice Parties Service List attached hereto as **Exhibit A**:

- Alternate Dispute Resolution Procedures, a copy of which is attached hereto as **Exhibit C**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Dated: March 2, 2022

/s/ Christian Rivera
Christian Rivera

State of New York
County of New York

Subscribed and sworn (or affirmed) to me on March 2, 2022, by Christian Rivera, proved to me
on the bases of satisfactory evidence to be the person who executed this affidavit.

/s/ HERBERT BAER
Notary Public, State of New York
No BA6205563
Qualified in Westchester County
Commission Expires May 11, 2025

SRF 59935

**<u>Exhibit A</u>**

Exhibit A

ADR Notice Parties Service List

Served via first class mail

| MMLID | NAME | ADDRESS 1 | ADDRESS 2 | ADDRESS 3 | CITY | STATE | POSTAL CODE |
|---|---|---|---|---|---|---|---|
| 1649746 | CARAMA CONSTRUCTION, CORP. | FUENTES LAW OFFICES, LLC | P.O. BOX 9022726 | | San Juan | PR | 00902-2726 |
| 1766988 | Gonzalez Agosto, Hipolito | Urbanizacion La Marina Calle Estrella | Num. 18 | | Carolina | PR | 00979 |
| 1460576 | Juanita Santiago Reyes on behalf of C.R.S a minor child | c/o Victor P Miranda Corrada | PO Box 13332 | | San Juan | PR | 00908-3332 |
| 1395544 | JUANITA SANTIAGO REYES ON BEHALF OF THE ESTATE OF CARLOS RODRIGUEZ-BONILLA | C/O LCDO. VICTOR P MIRANDA CORRADA | PO BOX 13332 | | SAN JUAN | PR | 00908-3332 |
| 1457682 | ORTIZ MORALES, JOSE ANTONIO | C/O LCDO. MIGUEL A. OLMEDO OTERO | PMB 914, 138 WINSTON CHURCHILL AVE. | | SAN JUAN | PR | 00962 |
| 1467068 | Rancel Lopez, Julio | Miguel Angel Serrano Urdaz, Esq. | Serrano Urdaz Law Office | PO Box 1915 | Guayama | PR | 00785 |
| 1467068 | Rancel Lopez, Julio | PO Box 404 | | | Guayama | PR | 00785 |
| 1510989 | Vega Lopez, Orlando, Velazquez Wanda, Vega Omar, Vega Orlando, Vega Kathleen | c/o Michelle A. Ramos Jimenez | 239 Arterial Hostos Avenue, Capital Center I | Suite 401 | San Juan | PR | 00918 |

**<u>Exhibit B</u>**

La carta de oferta de conciliación y el acuerdo que se adjuntan se relacionan con la evidencia de reclamo que usted presentó contra la Autoridad de Energfa Electrica de Puerto Rico.  Si usted acepta la oferta de la Autoridad de Energía Eléctrica de Puerto Rico, firme la carta de oferta y el acuerdo y devuelva ambos documentos a la dirección que se indica debajo hasta el 22 de marzo de 2022 inclusive.  Si usted rechaza la oferta de la Autoridad de Energía Eléctrica de Puerto Rico o desea realizar una contraoferta, le pedimos que complete y devuelva la carta de oferta.

Paul Possinger, Esq. and Ehud Barak, Esq.
**Proskauer Rose LLP**
Eleven Times Square
New York, NY 10036

The enclosed settlement offer letter and stipulation concern the proof of claim you filed against the Puerto Rico Electric Power Authority.  If you accept the Puerto Rico Electric Power Authority's offer, please sign the offer letter and stipulation and return both documents to the address below on or before March 22, 2022.  If you reject Puerto Rico Electric Power Authority's offer or wish to make a counteroffer, please complete and return the offer letter.

Paul Possinger, Esq. and Ehud Barak, Esq.
**Proskauer Rose LLP**
Eleven Times Square
New York, NY 10036

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                 Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## ALTERNATIVE DISPUTE RESOLUTION NOTICE

Service Date: Thursday, February 24, 2022
Designated Claimant(s):


Address:


Designated Claim Number(s):
Amount(s) Stated in Proof(s) of Claim:
### RESPONSE DEADLINE: Tuesday, March 22, 2022

> **This Notice <u>only</u> applies to the Designated Claim Number listed above.  You should read the Notice carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult one.**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "<u>Commonwealth</u>") (Bankruptcy Case No. 17 BK 3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("<u>PBA</u>", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "<u>Debtors</u>") (Bankruptcy Case No. 19-BK-5532-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

1

---

**If you have any questions, please contact <u>Prime Clerk LLC at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers),</u> available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available).**

---

**Why am I receiving this notice?** You have filed the claim(s) referenced above (which is referred to in this Notice as the "Designated Claim(s)") in the Puerto Rico Electric Power Authority's  Title III case.  The Puerto Rico Electric Power Authority ("<u>PREPA</u>" or the "<u>Debtor</u>") believes that the Designated Claim(s) is invalid or overstated in whole or in part, and is prepared to offer to agree with you to a lower stated claim amount (in other words, to "settle" the liquidated amount of your Designated Claim(s)) instead of starting proceedings asking the Court to reduce or eliminate your claim. **This Alternative Dispute Resolution Notice includes the Debtor's settlement offer to you in Section I below.**

**Overview of the ADR Process.** PREPA submitted the Designated Claim in PREPA's Title III case to alternative dispute resolution in the *Eighteenth Notice of Transfer of Claims to Alternative Dispute Resolution* on December 23, 2021 [ECF No. 19594], pursuant to the procedures (the "<u>ADR Procedures</u>") established by the ***Order (A) Authorizing Alternative Dispute Resolution Procedures, (B) Approving Additional Form of Notice, and (C) Granting Related Relief***, entered by the United States District Court for the District of Puerto Rico (the "<u>Title III Court</u>") on April 1, 2020 [ECF No. 12576-1]. A copy of the ADR Procedures, which describe all of the methods that may be used to liquidate your Designated Claim(s), is enclosed for your reference.  **Please review the ADR Procedures carefully.  The ADR Procedures are also available online at https://cases.primeclerk.com/puertorico.**

A **Settlement Offer** is included below. You must respond to the Settlement Offer by either accepting, rejecting, or providing a counteroffer. Pursuant to the ADR Procedures, if you and PREPA do not reach an agreement, your claim will be sent to **evaluative mediation**, where further settlement efforts will be assisted by a Mediator.  *See* Section 3 of the ADR Procedures. If those efforts fail, you may agree to proceed with your claim either through **binding arbitration**, or, if you qualify, **litigation in the Commonwealth courts** (as described below). *See* Sections 5 and 6 of the ADR Procedures. If you do not choose either of those options, or if all parties do not agree to the option selected, your claim will be resolved in the Title III Court under the procedures described in Section 8 of the ADR Procedures.  You will receive additional information regarding resolution of your claim through **binding arbitration, litigation in the Commonwealth courts**, or resolution before the Title III Court at a later date.

<u>**SETTLEMENT OFFER.**</u>  PREPA has reviewed your Designated Claim(s) and, pursuant to the ADR Procedures, offers the amount(s) set forth in Section I below as a general unsecured nonpriority claim in full and final settlement of the liquidated amount of your Designated Claim(s) (the "<u>Settlement Offer</u>"). Please note that the **amount of the Settlement Offer and any amount you may agree to may NOT be the amount you will actually receive pursuant to a confirmed plan of adjustment. The treatment of your claim will be determined by the plan of adjustment. It is possible that the amount you will be paid under the plan on account of your claim may be less than, and may only be a fraction of, the liquidated amount of your claim.**

**You Must Respond to This Notice. You must return this ADR Notice to Proskauer Rose LLP with a Permitted Response (as defined below) to the Settlement Offer by no later than the Response Deadline listed above.**

In addition, if you are rejecting the Settlement Offer or making a counteroffer, to the extent that your most recent proof(s) of claim does not (a) state the correct amount of your Designated Claim(s); (b) expressly identify each and every cause of action and legal theory on which you base your Designated Claim(s); (c) include current, correct and complete contact information of your counsel or other representative; or (d) provide all documents on which you rely in support of your Designated Claim(s), you **must** provide all such information and documentation with your Permitted Response to this Notice.

If you do not return this ADR Notice with the requested information and a Permitted Response to the Settlement Offer to Proskauer Rose, so that it is received by the deadline to respond, you will be deemed to have **rejected** the Settlement Offer and the liquidation of your Designated Claim(s) will advance to the evaluative mediation phase of the ADR Procedures, as explained in Section 2(c) of the ADR Procedures.

**Settlement Offer.** PREPA offers you an allowed general unsecured nonpriority claim in the amount of                    against PREPA in full satisfaction of your Designated Claim No.         to be satisfied in accordance with any plan of adjustment of debts confirmed and implemented in PREPA's Title III case.

The only permitted responses ("Permitted Responses") to the Settlement Offer are:
(a) acceptance of the Settlement Offer,
(b) rejection of the Settlement Offer, or
(c) rejection of the Settlement Offer coupled with a counteroffer (a "Counteroffer").

Information regarding Counteroffers is available in Section 2 of the ADR Procedures.

---

**Please select your Permitted Response in the box below.**
YOU MUST RESPOND TO THE SETTLEMENT OFFER AND RESPOND TO THE OTHER APPLICABLE ITEMS IN THE REMAINDER OF THE FORM

---

**RESPONSE TO SETTLEMENT OFFER**

_____  I/we agree to and accept the terms of the Settlement Offer.

(If you indicate that you accept the settlement offer, skip Section II, sign the form at the bottom, and return it to Proskauer Rose LLP. If you are not accepting the Settlement Offer, read each of the following items carefully and respond as applicable.)

**OR**

_____  I/we reject the Settlement Offer.

**OR**

_____  I/we reject the Settlement Offer. However, I/we will accept an allowed general unsecured claim against PREPA in the amount of $_____ in full satisfaction of the Designated Claim(s), to be satisfied in accordance with any plan of adjustment of debts confirmed and implemented in the PREPA's Title III case.

*Section 2 of the ADR Procedures sets forth the restrictions on counteroffers. Your counteroffer may not include unknown, unliquidated or similar amounts and may not exceed the amount or improve the priority set forth in your most recent timely filed or amended proof of claim. You may not amend your proof of claim solely for the purpose of proposing a counteroffer of a higher amount or a better priority. If you return this form with a counteroffer that does not comply with the terms of the ADR Procedures, you will be deemed to have rejected the Settlement Offer, and the liquidation of your Designated Claim(s) will advance to evaluative mediation as set forth in Section 3 of the ADR Procedures.*

*In addition, if you are rejecting the Settlement Offer or making a counteroffer, to the extent that your most recent proof(s) of claim does not (a) state the correct amount of your Designated Claim(s); (b) expressly identify each and every cause of action and legal theory on which you base your Designated Claim(s); (c) include current, correct and complete contact information of your counsel or other representative; or (d) provide all documents on which you rely in support of your Designated Claim(s), you **MUST** send all such information and documentation with your Permitted Response to Proskauer Rose.*

**RETURN YOUR COMPLETED NOTICE AND ANY SUPPLEMENTAL INFORMATION IN A COUNTEROFFER TO THE FOLLOWING ADDRESS BY TUESDAY, MARCH 22, 2022**

Paul Possinger, Esq. and Ehud Barak, Esq.
**Proskauer Rose LLP**
Eleven Times Square
New York, NY 10036

[Signature of the Designated
Claimant's Authorized Representative]

By: _____
[Printed Name]

[Signature of the Designated
Claimant's Authorized Representative]

By: _____
[Printed Name]

## TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
## PARA EL DISTRITO DE PUERTO RICO

| | |
|---|---|
| En el caso:<br><br>LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO, *y otros*,<br><br>Deudores.[2] | PROMESA<br>Título III<br><br>No. 17 BK 3283-LTS<br><br>(Administrados en forma conjunta) |

### AVISO DE RESOLUCIÓN ALTERNATIVA DE CONFLICTOS

Fecha de Servicio: jueves, 24 de febrero de 2022

Reclamante(s) designado(s):

Dirección:

Número(s) de reclamo(s) designado(s):

Cantidad(es) indicada(s) en la(s) prueba(s) de reclamo:

**FECHA LÍMITE DE RESPUESTA: martes, 22 de marzo de 2022**

---

[2] Los Deudores en estos casos iniciados al amparo del Título III, junto con el número de caso respectivo de cada Deudor y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, según corresponda, son (i) El Estado Libre Asociado de Puerto Rico (el " Estado Libre Asociado")(Caso de Quiebras Núm. 17 BK 3283-LTS) (últimos cuatro dígitos del número de identificación contributiva federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebras Núm. 17 BK 3284- LTS) (últimos cuatro dígitos del número de identificación contributiva federal: 8474); (iii) la Autoridad de Carreteras y Transportación de Puerto Rico ("HTA") (Caso de Quiebra Núm. 17 BK 3567-LTS) (últimos cuatro dígitos del número de identificación contributiva federal: 3808); (iv) Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("ERS") (Caso de Quiebra Núm. 17 BK 3566-LTS) (últimos cuatro dígitos del número de identificación contributiva federal: 9686); y (v) Autoridad de Energía Eléctrica de Puerto Rico ("PREPA") (Caso de Quiebra Núm. 17 BK 4780-LTS) (últimos cuatro dígitos del número de identificación contributiva federal: 3747); y (vi) la Autoridad de Edificios Públicos ("PBA", y junto con el Estado Libre Asociado, COFINA, HTA, ERS, y PREPA, los "Deudores") (Caso de Quiebras Núm. 19 BK 5523-LTS) (los casos al amparo del Título III figuran como números el Caso de Quiebra debido a limitaciones de programación).

**Este aviso <u>sólo</u> se aplica a los números de reclamaciones designadas mencionados anteriormente. Lea el aviso detenidamente y discutirlo con su abogado. Si no tiene un abogado, puede consultar con uno.**

**Si tiene alguna pregunta, comuníquese con <u>Prime Clerk LLC al (844) 822-9231 (llamada gratis para EE. UU. y Puerto Rico) o (646) 486-7944 (para llamadas internacionales),</u> disponible de 10:00 a.m. a 7:00 p.m. (Hora estándar del Atlántico) (español disponible).**

**<u>¿Por qué estoy recibiendo este Aviso?</u>** Usted ha presentado su(s) reclamo(s) como se menciona arriba (el/los "<u>Reclamo(s) Designado(s)</u>") en el caso del Título III de la Autoridad de Energía Eléctrica de Puerto Rico. La Autoridad de Energía Eléctrica de Puerto Rico (la "<u>AEE</u>" o el "<u>Deudor</u>") entiende que su(s) Reclamo(s) Designado(s) es/son nulo(s) o está(n) sobreestimado(s) total o parcialmente, y está preparado para ofrecerse a llegar un acuerdo con usted para una cantidad menor (en otras palabras, para "transar" el monto de liquidación de su(s) Reclamo(s) Designado(s) en lugar de iniciar procedimientos solicitándole al Tribunal que reduzca o elimine su reclamo. **Esta Resolución Alternativa de Conflicto incluye la oferta de transacción que le extiende a usted en la Sección I a continuación.**

**<u>Descripción General del Procedimiento de RAC.</u>** La AEE sometieron el/los Reclamo(s) Designado(s) en el caso de Título III de la AEE a Resolución Alternativa de Conflictos en el *Decimoctavo Aviso de Transferencia de Reclamos a Resolución Alternativa de Conflicto* el 23 de diciembre de 2021 [ECF Núm. 19594], de conformidad con los procedimientos (el "<u>Procedimientos de RAC</u>") establecidos por la ***Orden para (A) Autorizar Procedimientos Alternativos de Resolución de Conflictos, (B) Autorizar la Reconciliación Administrativa de Reclamos, (c) Aprobar Forma Adicional de Aviso, y (D) Otorgar Remedio Relacionado***, emitida por el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico (el "<u>Tribunal del Título III</u>") el día 1 de abril de 2020 [ECF No. 12576-1]. Se adjunta una copia de los Procedimientos de RAC para su referencia, donde se describen todos los métodos que se pueden utilizar para liquidar su(s) Reclamo(s) Designado(s). **Por favor revise los Procedimientos de RAC cuidadosamente. Los Procedimientos de RAC también están disponibles en línea en https://cases.primeclerk.com/puertorico.**

Se incluye una **Oferta de Transacción** más adelante. Usted debe responder a la Oferta de Transacción ya sea aceptando, rechazando, o haciendo una contraoferta. De conformidad con los Procedimientos de RAC, si usted y la AEE no llegan a un acuerdo, se enviará su reclamo para una **mediación evaluativa**, en la que un Mediador estará asistiendo con las esfuerzos por llegar a una acuerdo transaccional. Vea la Sección 3 los Procedimientos de RAC. Si esos esfuerzos fracasan, usted puede decir si acepta proceder con su reclamo mediante **arbitraje vinculante**, o, si cualifica, mediante **litigio en los Tribunales del Estado Libre Asociado** (según se describe a continuación). Vea las Secciones 5 y 6 de los Procedimientos de RAC. Si usted no escoge alguna de esas opciones, o si ninguna de las partes está de acuerdo con la opción seleccionada, su reclamo se resolverá en el Tribunal del Título III bajo los procedimientos descritos en la Sección 8 de los Procedimientos de RAC.

**Oferta de Transacción.**  La AEE ha revisado su(s) Reclamo(s) Designado(s) y de conformidad con los Procedimientos de RAC, ofrece la(s) cantidad(es) establecida(s) en la Sección I a continuación como una reclamación general no prioritaria sin garantía en la transacción completa y final de la liquidación de su(s) Reclamo(s) Designado(s) (la "Oferta de Transacción"). Tenga en cuenta que **la cantidad de la Oferta de Transacción y cualquier cantidad que pueda usted aceptar puede que NO sea la cantidad que usted realmente reciba de conformidad con un plan de ajuste confirmado. El trato que se le dé a su reclamo quedará determinado por el plan de ajuste. Es posible que la cantidad que a usted se le pague bajo el plan por su reclamo sea menor que, y posiblemente sea solamente una fracción del monto de liquidación de su reclamo.**

**Debe Responder a Este Aviso. Debe devolver este Aviso de RAC a Proskauer Rose LLP conjuntamente con una Respuesta Permitida (como se define a continuación) a la oferta de transacción antes de la Fecha Límite de respuesta indicada anteriormente.**

Además, si usted está rechazando la Transacción o haciendo una contraoferta, en la medida en que su(s) prueba(s) de reclamo más reciente(s) no: (a) indique(n) la cantidad correcta de su(s) Reclamo(s) Designado(s); (b) identifique(n) expresamente todas y cada una de las causas de acción y teoría(s) legal(es) en las que basa su(s) Reclamo(s) Designado(s); (c) incluya información de contacto actual, correcta y completa de su abogado u otro representante; o (d) proporcione todos los documentos en los que apoya su(s) Reclamo(s) Designado(s), **debe** proporcionar toda esa información y documentación con su Respuesta Permitida a este Aviso.

Si no devuelve este Aviso de RAC con la información solicitada y una Respuesta Permitida a la Oferta de Transacción a Proskauer Rose, para que se reciba en o antes de la fecha límite para responder, se entenderá que usted ha **rechazado la Oferta de Transacción** y la liquidación de su(s) Reclamo(s) Designado(s) avanzará a la fase de los Procedimientos de RAC, según se explican en la Sección2(c) de los Procedimientos de RAC.

**Oferta de Transacción.** La AEE le ofrece una reclamión general no prioritaria no garantizada permitida por la cantidad de _____ contra la AEE para satisfacer totalmente su(s) Reclamo Designado | Núm. _____ , lo cual se hará conforme a cualquier plan de ajuste de deudas confirmado e implementado en el Caso bajo el Título III de la AEE.

Las únicas respuestas permitidas ("Respuestas Permitidas") a la Oferta de Transacción son:

      (a)  la aceptación de la Oferta de Transacción,

      (b)  el rechazo de la Oferta de Transacción, o

      (c)  El rechazo a la Oferta de Transacción junto con una contraoferta (una "Contraoferta").

La información sobre las Contraofertas está disponible en la Sección 2 de los Procedimientos de RAC.

---

**Seleccione su Respuesta Permitida en el encasillado a continuación.**

DEBE RESPONDER A LA OFERTA DE TRANSACCIÓN Y A LOS OTROS INCISOS APLICABLES EN EL RESTO DEL FORMULARIO

---

**RESPUESTA A LA OFERTA DE TRANSACCIÓN**

_____  Yo/nosotros aceptamos y estamos de acuerdo con los términos de la Oferta de Transacción.

(Si usted indica que usted acepta la Oferta de Transacción salte la Sección II, firme el formulario al final, y devuélvalo a Proskauer Rose LLP. Si usted no está aceptando la Oferta de Transacción, lea cada una de los siguientes incisos cuidadosamente y responda según corresponda.)

**O**

_____   Yo/nosotros rechazamos la Oferta de Transacción.

**O**

_____Yo/nosotros rechazamos la Oferta de Transacción. Sin embargo, yo/nosotros aceptaré/aceptaremos una reclamación general no garantizada permitida contra la AEE por la cantidad de $_____ para satisfacer la totalidad del (de los) Reclamo(s) Designado(s), que se hará de acuerdo con cualquier plan de ajuste de deudas confirmado e implementado en el Caso bajo el Título III de la AEE.

*La Sección 2 de los Procedimientos de RAC establecen las restricciones a las contraofertas. Su contraoferta no puede incluir cantidades desconocidas, sin liquidar o cantidades similares y no pueden exceder la cantidad, o mejorar la prioridad establecida en su evidencia de reclamo presentada o enmendada más recientemente de manera oportuna. Usted no puede enmendar su evidencia de reclamo con el solo propósito de proponer una contraoferta por una cantidad mayor o para obtener una mayor prioridad. Si usted devuelve este formulario con una contraoferta que no cumpla con los términos de los Procedimientos de RAC, se entenderá que ha rechazado la Oferta de Transacción, y la liquidación de su(s) Reclamo(s) Designado(s) pasará a la mediación evaluativa conforme se establece en las Secciones 3 de los Procedimientos de RAC.*

---

> *Además, si usted está rechazando la Oferta de Transacción o haciendo una contraoferta, en la medida en que su(s) prueba(s) de reclamo(s) más reciente(s) no indiquen la cantidad correcta de su(s) Reclamo(s) Designado(s); (b) expresamente identifiquen todas y cada una de las causas de acción o teorías legales en la cuales usted basa su(s) Reclamo(s) Designado(s); (c) incluyan información de contacto corriente, correcta y completa de su abogado u otro representante; o (d) provea todos los documentos en los que usted apoya su(s) Reclamo(s) Designado(s), usted **TIENE** que enviar toda esta información y documentación con su Respuesta Permitida a Proskauer Rose.*

**DEVUELVA SU AVISO COMPLETADO Y CUALQUIER INFORMACIÓN SUPLEMENTARIA EN UNA CONTRAOFERTA PARA EL MARTES, 22 DE MARZO DE 2022 A LA SIGUIENTE DIRECCIÓN:**

Paul Possinger, Esq. and Ehud Barak, Esq.
**Proskauer Rose LLP**
Eleven Times Square
New York, NY 10036

[Firma del Representate Autorizado
del Reclamante Designado]

Por:_____
[Nombre en letra de molde]

[Firma del Representate Autorizado
del Reclamante Designado]

Por:_____
[Nombre en letra de molde]

**<u>Exhibit C</u>**

SRF 59935

## **ALTERNATIVE DISPUTE RESOLUTION PROCEDURES**

      1.      Claims Subject to the Alternative Dispute Resolution Procedures.

a)  Commencing one hundred (100) days following approval of these procedures by the Court, and every forty-five (45) days thereafter, the Commonwealth, on behalf of itself and the other Debtors, shall file with the Court and serve on the claimants identified therein (the "Designated Claimants"), at the address listed on the claimants' most recently filed proof of claim or amended proof of claim, as the case may be, a notice of intent to transfer to the ADR Procedure (the "ADR Transfer Notice"), and attaching as Exhibit A to the ADR Transfer Notice a schedule of claims that the Debtors have identified to be eligible to participate in the ADR Procedure.  The ADR Transfer Notice shall be substantially in the form reflected in Exhibit A to the *Notice Regarding Amended Motion for Entry of an Order (A) Authorizing Alternative Dispute Resolution Procedures, (B) Approving Additional Forms of Notice, and (C) Granting Related Relief* [ECF No. 10698-1].

b)  In the event that (i) the Debtors file an omnibus objection to Claims, (ii) a claimant objects to the relief requested in such omnibus objection, and (iii) the Court or the Debtors determine that further reconciliation of any such Claim is appropriate pursuant to the ADR Procedure, the Debtors shall file an ADR Transfer Notice with the Court and serve the ADR Transfer Notice upon the Claimant stating that such Claim has been removed from the omnibus objection and shall be subject to the ADR Procedure.  If the Debtors make such determination, within ten (10) days of service of a claimant's objection to the relief requested in the omnibus objection, and no later than seven (7) days prior to the hearing on the omnibus objection, the Debtors shall file an ADR Transfer Notice with the Court setting forth the Claims to which an omnibus objection has been interposed and responded to by the holder thereof as and to which the Debtors have determined are eligible for the ADR Procedure.  In the event that the Court determines independently that further reconciliation of any such claim(s) is appropriate pursuant to the ADR Procedures, the Court will enter an order directing the Debtors to file an ADR Transfer Notice with the Court, specifying the claim(s), and serve the ADR Transfer Notice upon the relevant Claimant(s).

c)  The Debtors shall serve upon the Designated Claimant, at the address listed on the Designated Claimants' most recently filed proof of claim or amended proof of claim, as the case may be, a notice regarding the ADR Procedure (the "ADR Notice").  The proposed form of the ADR Notice is annexed hereto as Exhibit 2.  The ADR Notice (i) may request that the Designated Claimant verify, correct, clarify, or supplement certain information regarding their claim, and (ii) shall state (a) whether the Debtor consents to the adjudication of the Claim by binding arbitration, as set forth below, and (b) the costs of arbitration, if the Designated Claim is not resolved pursuant to the Offer Exchange Procedures (as defined below) or Evaluative Mediation (as defined below).

d)  Claims asserting liabilities arising from funded indebtedness, or from the Commonwealth's clawback of revenues, shall not be subject to the ADR Procedure.

      2.    Offer Exchange Procedures

a)  The initial step in the ADR Procedure shall be an exchange of settlement offers (the "Offer Exchange"), which exchange will provide the Debtors and the Designated Claimants the

2

opportunity to resolve the underlying Claims on a consensual basis, without the need for further proceedings.

b)   In the event that the ADR Notice does not include an offer from the Debtor(s) (the "Offer") to settle the validity and amount of such Designated Claimant's proof of claim, within sixty (60) days of the ADR Notice being served upon the Designated Claimants, the Commonwealth or such other Debtor, as the case may be, shall serve upon the Designated Claimant, at the address set forth on such Designated Claimant's proof of claim, an Offer (the "Offer Letter").  The Offer Letter or ADR Notice shall be accompanied by relevant documentation relied upon by the Debtor(s) in determining the amount of the offer.  For the avoidance of doubt, however, the Debtor(s) shall not be obligated to provide with the Offer Letter or ADR Notice all documents on which it intends to rely in reconciling a creditor's Claim.

c)   Within twenty-five (25) days of service of an Offer via either an Offer Letter or an ADR Notice, the Designated Claimant must respond to such Offer by (1) accepting the Offer, by execution and delivery of a stipulation provided by the Commonwealth or such other Debtor in connection with the Offer or (2) submitting a counteroffer (the "Counteroffer"); provided, however, that any Counteroffer may only propose an amount that, if agreed upon, will fix the amount of the creditor's claim; and, provided, further, that, if the creditor fails to timely respond to the Offer Letter, the Offer shall be deemed rejected.  If the Designated Claimant rejects, or is deemed to have rejected, the Offer, the Designated Claim will advance to the next step of the ADR Procedures, as set forth below.

d)   When the Designated Claimant responds to the Offer Letter, either by acceptance of the Offer or the submission of a Counteroffer, the Designated Claimant shall be required to notify the Debtors if (a) it consents to (and thereby opts into) or (b) does *not* consent to (and thereby opts out of) binding arbitration in the event that the Claim ultimately is not resolved through the Offer Exchange Procedures.  If the Designated Claimant returns the Offer Letter without expressly notifying the Debtors that it consents to, and seeks to opt into, binding arbitration, the Designated Claimant shall be deemed to have opted out of binding arbitration.  Any Designated Claimant that does not consent to binding arbitration in its response to the Offer Letter may later consent, in writing, to binding arbitration, provided that the Debtors also so consent.  Consent to binding arbitration, once given, cannot subsequently be withdrawn by either the Debtor or the Designated Claimant.

e)   The Counteroffer may not exceed the amount or improve the priority set forth in the Designated Claimant's most recent timely filed proof of claim or amended proof of claim (but may liquidate any unliquidated amounts expressly referenced in a proof of claim).

f)   Within thirty (30) days of receipt of any Counteroffer, the Commonwealth or such other Debtor, as the case may be, may (1) accept such Counteroffer, by delivery of a stipulation evidencing agreement to the proposed amount, or (2) reject such Counteroffer, by delivery of notice to such Designated Claimant that such Counteroffer is unacceptable.  The Commonwealth or such other Debtor, as the case may be, may also submit its own counteroffer to the creditor, and the parties may exchange as many offers and counteroffers (each, a "Further Offer") as they deem appropriate prior to a determination that an impasse has been reached.  The Debtors or the Designated Claimant

shall have thirty (30) days from receipt of each such Further Offer (1) to accept such Further Offer, by delivery of a stipulation evidencing agreement to the proposed amount, or (2) to reject such Further Offer, by delivery of notice that such Further Offer is unacceptable. Failure to respond to a Further Offer within thirty (30) days of receipt shall be deemed rejection of such Further Offer. The Commonwealth or such other Debtor, as the case may be, may also request additional information or documentation (the "Information Request") from the Designated Claimant. The Designated Claimant shall provide additional documentation or information in response to such Information Request within twenty-one (21) days following receipt of such Request. Within ten (10) days of either the Designated Claimant's or the Debtor's rejection of an Offer, Counteroffer, or Further Offer, the Debtor(s) shall file a notice of impasse (the "Offer Exchange Impasse Notice") with the Title III Court.

g)  All Offers, Counteroffers, Further Offers, and other communication and information exchanged in connection therewith shall remain confidential, be subject to Rule 408 of the Federal Rules of Evidence, not be an admission of liability on anyone's part, not be disclosed to any person, court or tribunal, and not be used other than in connection with the ADR Procedure.

3.  Evaluative Mediation

a)  In the event that a Claim is not resolved through the Offer Exchange process, the Claim will proceed to the next step of the ADR Procedures, an evaluation ("Evaluative Mediation") of the Designated Claimant's claim by a mediator ("Mediator") identified by the Title III Court in its sole and absolute discretion, including a federal judge. The purpose of the Evaluative Mediation phase of the ADR Procedures is to obtain a non-binding, confidential, monetary valuation of each Designated Claim that may assist in achieving settlement by serving as a focal point for further discussions between the parties.

b)  During the Mediation phase, the Title III Court may design a process for assigning Mediators to Designated Claims, including a process to identify whether any individual Mediator may be conflicted from resolving a Designated Claim.

c)  During the Evaluative Mediation process, the Designated Claim shall be evaluated by the assigned Mediator. The Debtors shall provide notice to the Designated Claimant within a reasonable time following the assignment of a Mediator to a Designated Claim. Upon assignment of a Mediator to a Designated Claim, the Debtor shall provide the Mediator, with copy to the Designated Claimant, with all information exchanged during the Offer Exchange process. Within fourteen (14) days of assignment of the Mediator, each party may provide to the Mediator a mediation statement (the "Mediation Statement"), not to exceed seven (7) pages double-spaced. Within twenty-eight (28) days of receipt of the information exchanged during the Offer Exchange process, the Mediator shall estimate the monetary value of the Designated Claim (the "Evaluation"). Upon notice to the parties, the Mediator may extend the time period for completion of the Evaluation for a period of no more than fourteen (14) days. The Evaluation shall be limited to a determination of the monetary value, if any, of the Designated Claim, and shall not raise or purport to evaluate any issues relating to the potential treatment or priority of the Designated Claim pursuant to a plan of adjustment. If the Mediator fails to issue an Evaluation within the time periods set forth in this paragraph, the Designated Claim shall proceed to binding arbitration, where both parties have

4

consented to same, or to litigation before the Commonwealth or Title III Courts, as the case may be.

d)   Within twenty-one (21) days following the issuance of the Evaluation, each of the parties shall submit to the Mediator a written acceptance or rejection of the Evaluation.  The failure to submit a written acceptance or rejection within twenty-one (21) days shall constitute a rejection of the Evaluation.  If both parties accept the Evaluation, then the Designated Claim shall be deemed settled and the amount set forth in the Evaluation shall constitute the liquidated amount of the Designated Claim and the Claims Register shall be updated accordingly.  If one or both parties rejects the Evaluation, then the parties shall have an additional fourteen (14) days to negotiate a consensual settlement of the Designated Claim.  The Debtor shall notify the Mediator immediately after the expiration of the 14-day period as to whether a consensual settlement has been reached.

e)   At any time during Evaluative Mediation, the Mediator may request that the parties participate in a settlement conference.  The parties must participate in any settlement conference called by the Mediator.  Such conference may take place in person or telephonically, in the Mediator's sole discretion.  The Evaluative Mediation process shall terminate upon the earlier of: (a) the Mediator's filing of a notice that (i) the parties have reached an impasse (a "Mediator's Impasse Notice"), or (ii) the parties have reached a settlement (such notice shall specify the settlement amount, which shall constitute the liquidated amount of the Designated Claim and the Claims Register shall be updated accordingly); and (b) 75 days after the issuance of the Evaluation.

f)   In the event that a Designated Claim is not resolved through Offer Exchange or Evaluative Mediation (an "Unresolved Claim"), such Designated Claim shall be resolved in accordance with the process outlined in Section 4 below.  Within ten (10) days of the termination of Evaluative Mediation (as set forth in Section 3(e) above), the Debtor(s) shall serve upon the Designated Claimant a notice describing the opportunity to participate in binding arbitration and the opportunity for use of Commonwealth court procedures.

### 4.   Resolution of Unresolved Claims

a)   The amount of an Unresolved Claim shall be resolved by either: (a) binding arbitration as set forth in Section 5 below, if the Designated Claimant and the Debtor consented in writing thereto; (b) litigation before the Commonwealth's courts, as set forth in Section 6 below; or (c) if either party determines that the Designated Claim should not be resolved using state court procedures, **and** in the event that both parties have not consented to binding arbitration, the Designated Claim shall be resolved in accordance with the Litigation procedures set forth in Section 8 below.  Designated Claimants may consent to binding arbitration **OR** to litigate before the Commonwealth's courts, but not both.  In the event that a Designated Claimant submits an ADR Notice that indicates consent to binding arbitration and litigation before the Commonwealth's courts, they will be deemed to have consented to litigate before the Commonwealth's courts.

### 5.   Binding Arbitration

a)   If the Designated Claimant previously consented in writing to binding arbitration as a means to resolve its claim(s) as set forth above (either in its response to the Offer Letter or by the terms of

5

a separate written agreement either before or after the Petition Date), and if the Debtors agree to binding arbitration, and such Designated Claim is not resolved in the Offer Exchange Procedures or in Evaluative Mediation, then the Designated Claim shall be subject to binding arbitration. If the Designated Claimant has not expressly consented to binding arbitration in its response to the Offer Letter and has not otherwise expressly consented to binding arbitration, or if the Debtors have not consented to binding arbitration, at the conclusion of Evaluative Mediation, the Claim shall be resolved in accordance with the Commonwealth court procedures described below or the Litigation procedures described below.

b) If the Designated Claimant and the Debtors have agreed to binding arbitration, as soon as reasonably practicable following the Evaluation Termination Date with respect to any Designated Claim, the Debtors shall file and serve on the applicable Designated Claimant (or their counsel if known), a notice of arbitration (an "Arbitration Notice").

c) The Debtors shall solicit proposals from one or more arbitration services providers (the "Provider"), with a panel of arbitrators ("Arbitrators," and each, an "Arbitrator"), to assist in evaluating Designated Claims. The Debtors shall consult with the Official Committee of Unsecured Creditors prior to selecting the Provider. Prior to engaging such Provider, the Debtors shall file an informative motion with the Court identifying the Provider(s) whose services they have solicited. To the extent any party in interest objects to the independence or qualifications of the Provider(s), such party must file a written notice of such objection within fourteen (14) days of the filing of such informative motion. Within seven (7) days thereafter, the Debtors may file a reply in support of the Provider(s) identified. The Court will then determine whether any further action with respect to the objection(s) is required. Once a Provider of arbitration services has been selected, that provider's pricing proposals shall govern all binding arbitrations conducted pursuant to the process outlined in this Section 5. During the Arbitration phase, each Designated Claim shall be evaluated by a single Arbitrator from the Provider of arbitration services selected by the Debtor(s) as described in subsection (d) below. The method by which an Arbitrator shall be assigned to a Designated Claim shall be determined by the Provider. The Provider and the Arbitrator(s) shall ensure that, in the event an individual Arbitrator identifies a conflict in resolving a Designated Claim that has been assigned to such Arbitrator, the Designated Claim shall be re-assigned.

d) All costs for an Arbitrator's services shall be divided evenly between the Debtor(s) and the Designated Claimant. To ensure transparency in the costs of proceeding through binding arbitration, the Debtors shall solicit pricing proposals from at least two (2) potential Providers of arbitration services.

e) All arbitration hearings (each, an "Arbitration Hearing") shall be scheduled by the Arbitrator, in consultation with the parties. The Debtors shall provide the Designated Claimant with notice of the date, time and place of the Arbitration Hearing. In the event that the Arbitrator assigned to resolve a particular Claim is not located in San Juan, Puerto Rico, appropriate video-conferencing services shall be made available, and any cost of such services will be divided evenly between the Debtors and the Designated Claimant if not already included in the Provider's fee.

f) Pre-Hearing. Any pre-hearing issues, matters or disputes (other than with respect to merits issues)

6

shall be presented to the Arbitrator telephonically (or by such other method agreed to by the Arbitrator and the parties) for expeditious, final and binding resolution. All pre-hearing issues, matters or disputes (other than with respect to merits issues) must be presented to the Arbitrator not later than twenty-one (21) days prior to the Arbitration Hearing so as to permit the Arbitrator to review and rule upon the requests by telephonic or email communication at least five (5) days prior to the Arbitration Hearing.

g)  <u>Limited Discovery</u>.  Unless the parties agree otherwise, discovery shall be limited to ten (10) requests for production of documents, electronically stored information and things, including all discrete subparts ("<u>Document Requests</u>"); ten (10) requests for admission, including all discrete subparts; and ten (10) hours of depositions. Any such Document Requests, requests for admission, and notices of deposition shall be made in writing and shall be served by electronic mail and overnight mail no later than by 5:00 p.m., Atlantic Time, on a weekday that is not a legal holiday, no fewer than thirty-five (35) days before the Arbitration Hearing.  Responses and objections to Document Requests, requests for admission, and notices of deposition, if any, must be served within seven (7) days after service of such Document Requests, requests for admission, and notices of deposition. Items requested in Document Requests must be produced within fourteen (14) days after service of the Document Requests, unless the parties agree otherwise.  Fact or expert witness affidavits, to the extent needed, must be submitted at least fourteen (14) days prior to the scheduled Arbitration Hearing.  All documents and affidavits from discovery shall be confidential and shall not be either (i) disclosed to any person or party not participating in the arbitration proceeding or (ii) used for any purpose other than in connection with the arbitration proceeding, except as provided herein.  By accepting binding arbitration, the parties agree that no interrogatories shall be posited.  Notwithstanding anything to the contrary in this paragraph, the Arbitrator may modify any provisions regarding discovery for good cause shown.

h)  <u>Pre-Arbitration Statement</u>. On or before fourteen (14) days prior to the scheduled Arbitration Hearing, each party shall submit to the arbitrator and serve on the other party or parties by electronic mail and overnight mail a pre-arbitration statement (the "<u>Pre-Arbitration Statement</u>"). The Pre-Arbitration Statement shall not exceed twenty (20) pages, double spaced, exclusive of attachments. Quotations and footnotes may be single spaced. At least one-inch margins shall be used, and printing shall not be smaller than 12-point font.

i)  <u>Arbitration Hearing</u>.  Unless otherwise agreed by the parties and the arbitrator, the Arbitration Hearing must be held no later than seventy-five (75) days following assignment of the Arbitrator to the Designated Claim. Direct testimony shall be submitted in the form of affidavits.  Cross examination shall be conducted via live testimony. Each party shall have a maximum of two hours, including any rebuttal and cross-examination, within which to present its position at the Arbitration Hearing. The Arbitration Hearing shall be open only to the parties, their counsel and any witnesses. Non-party witnesses shall be sequestered.  No reply briefs or post-hearing briefs may be filed, unless the arbitrator requests such briefs, in which case, such briefing shall be subject to the issues, timing and page limitations the arbitrator imposes.

j)  <u>Arbitration Awards</u>. The Arbitrator shall issue a short written opinion and award (the "<u>Arbitration Award</u>") within fifteen (15) days after the last day of the Arbitration Hearing; <u>provided</u>, <u>however</u>, that the arbitrator may extend such period once for an additional fifteen (15) days.  Any Arbitration

7

Award shall only determine the amount of the Claim and shall <u>not</u> raise or determine any issues relating to the treatment or priority of the Designated Claim.

k) <u>Finality of Arbitration Awards</u>. All Arbitration Awards shall be final and binding. Any application to vacate must be limited to the grounds specified in 9 U.S.C. § 10(a) and must be filed with the Title III Court within thirty (30) days of issuance of the Arbitration Award. The Federal Arbitration Act, which has been codified at 9 U.S.C. §§ 1-307, shall apply to such applications. Once the Arbitration Award is issued, the Claims Registry shall be updated to reflect the liquidated amount of the Designated Claim, as determined by the Arbitration Award.

6. Commonwealth Court Litigation of Unresolved Claims

a) The Debtors shall indicate in the ADR Notice whether they consent to liquidate any portion of a Claim through the Commonwealth's courts. For the avoidance of doubt, the Debtors do not consent to liquidation of any claims or causes of action relating to PROMESA or other federal laws before the Commonwealth's courts.

b) In the event that a Designated Claimant elects to liquidate their Claim before the Commonwealth's courts, and the Debtors have consented to such liquidation, the Title III stay shall be modified solely (1) to permit the continuation of those matters that have been initiated in the Commonwealth's courts and that the Designated Claimant has alleged in their Claim give rise to liabilities owed by the Debtors, or (2) to permit the Designated Claimant to commence a new action in the Commonwealth's courts, <u>provided</u>, <u>however</u>, that any such new action shall be limited to causes of action giving rise to the exact same liabilities asserted in their Claim. To the extent any Designated Claimant raises additional claims or causes of action beyond those giving rise to liabilities asserted in their Claim, or raises any claims or causes of action relating to PROMESA or other questions of federal law, the Title III stay shall not be lifted as to such claims or causes of action. Any statute of limitations applicable to such causes of action shall be deemed tolled as of the date of filing of the Debtors' Title III petitions. Claimants shall retain all existing appeal rights to which they are entitled under Commonwealth law. The Debtors shall file an omnibus motion, every sixty (60) days, identifying each automatic stay modification agreed to by the Debtors during the relevant period and seeking Court approval of such modifications *nunc pro tunc* to the relevant modification date (each, an "<u>ADR Omnibus Lift Stay Motion</u>").

c) The Commonwealth's courts will only resolve the amount of a creditor's general unsecured claim. Without limiting the foregoing, any other issue, including, without limitation, the priority or classification of a claim, distributions with respect thereto, and issues related to subordination thereof, shall not be subject to the Commonwealth court's determination and shall be determined in connection with the provisions of an applicable plan of adjustment or as otherwise determined by the Title III Court.

d) Litigation before the Commonwealth's courts with respect to any Unresolved Claim shall proceed in accordance with all applicable local procedural rules. Each party shall bear their own costs with respect to any litigation before the Commonwealth's courts, unless local procedural rules or statutory fee shifting provisions dictate otherwise.

8

e)   Nothing herein shall limit the rights of any defendant in an action brought in the Commonwealth's
     courts to remove such action pursuant to 28 U.S.C. § 1441, or of any plaintiff to contest such
     removal.  Any modifications of the automatic stay, as set forth in and pursuant to the limitations
     described in Section 6.b, will remain in effect if an action is removed to the United States District
     Court for the District of Puerto Rico.  The applicable federal procedural rules shall govern any
     such removed action.

f)   Once a final judgment (the "Commonwealth Final Judgment") has been reached with respect to
     the amount of an Unresolved Claim litigated in the Commonwealth courts, as the term "final
     judgment" is interpreted under Commonwealth law, the Claims Registry shall be updated to reflect
     the liquidated amount of the Designated Claim, as determined by the Commonwealth Final
     Judgment.

        7.   General Provisions Regarding ADR Procedures

a)   In the event that a claimant elects not to participate in Arbitration or to have their Unresolved
     Claim liquidated by the Commonwealth's courts, (a) such claim, the allowance of which has been
     or may be objected to by the Commonwealth, such other Title III Debtor as appropriate, or another
     party in interest, shall be subject to the jurisdiction of the Title III Court and the determination
     regarding, among other things, the validity and amount thereof, shall be made by the Court, (b)
     holders shall retain their rights to have their claims adjudicated by the Title III Court, including
     their rights to evidentiary proceedings and to an appeal of the Title III Court's determinations with
     respect to their claims, and (c) nothing herein shall affect the right of the Creditors' Committee,
     under section 502(a) of the Bankruptcy Code, to file objections to claims and the Debtors and the
     Oversight Board to oppose any such right to the extent that the Creditors' Committee files an
     objection to a claim.

b)   The ADR Procedures will only resolve the amount of a creditor's general unsecured claim.
     Without limiting the foregoing, any other issue, including, without limitation, the priority or
     classification of a claim, distributions with respect thereto, and issues related to subordination
     thereof, shall not be subject to the ADR Procedures and shall be determined in connection with
     the provisions of an applicable plan of adjustment or as otherwise determined by the Title III Court.

c)   To the extent a holder of a general unsecured claim has filed, sought or seeks any relief related to
     a Claim that is subject to the ADR Procedure, including, without limitation, relief sought in any
     adversary proceeding or any other applicable court of law (collectively, the "Actions"), and such
     Designated Claimant has not elected to liquidate their Claim through the process outlined in
     Section 6 above, such Actions shall be stayed (including with respect to pending discovery) until
     the ADR Procedure with respect to such Claim has been completed.  Within five (5) business days
     of entry of a final order with respect to the validity and amount of such Claim in the ADR
     Procedure, a motion shall be filed in the applicable forum to dismiss any corresponding portion of
     such Action, with prejudice, and to transfer any remaining portion of such Action, to the extent
     not pending or subject to the Debtors' Title III cases, to the Title III Court presiding over the
     Debtors' Title III cases.  To the extent required, the automatic stay, extant pursuant to section 362
     of the Bankruptcy Code, applicable herein in accordance with section 301 of PROMESA, shall be
     deemed modified solely for the purpose of determining the validity and amount of a claim pursuant

9

to the ADR Procedure.

d) <u>Report to Court of Status of Claims Referred to ADR Procedure</u>. Within sixty (60) days of filing the first ADR Notice, and every sixty (60) days thereafter, the Debtors shall file with the Court a notice (an "<u>ADR Status Notice</u>") setting forth those claims since the filing of the prior ADR Status Notice that (a) have been resolved through the Offer Exchange or the Evaluative Mediation Process (the "<u>Offer Exchange Resolved Claims</u>" and the "<u>Evaluative Mediation Resolved Claims</u>"); (b) have been resolved through Arbitration (the "<u>Arbitration Resolved Claims</u>"); (c) have been resolved through litigation before the Commonwealth's courts (the "<u>Commonwealth Court Resolved Claims</u>," and together with the Offer Exchange Resolved Claims, the Evaluative Mediation Resolved Claims, and the Arbitration Resolved Claims, the "<u>Resolved Claims</u>"); and (d) are currently in the Offer Exchange process, the Evaluative Mediation process, the Arbitration process, litigation before the Commonwealth's courts (or the United States District Court for the District of Puerto Rico, if the action was removed), or litigation before the Title III Court. The ADR Status Notice shall be substantially in the format reflected in Exhibit A to the *Notice Regarding Amended Motion for Entry of an Order (A) Authorizing Alternative Dispute Resolution Procedures, (B) Approving Additional Forms of Notice, and (C) Granting Related Relief* [ECF No. 10698-1]. For the avoidance of doubt, the ADR Status Notice shall include, for each Designated Claim identified, (1) a code indicating the claim amount by reference to brackets, (2) a general characterization of the type of claim, and (3) if the claim is relating to a pending litigation, the forum in which the action is pending and the case number, where applicable.

e) With respect to any Resolved Claims, the Debtors shall file with the Title III Court an informative motion, attaching the form of Stipulation, to be so ordered by the Title III Court. All Resolved Claims and Arbitration Resolved Claims shall be noted on the Claims Registry of the Title III Cases and distributions with respect thereto shall be made in accordance with the provisions of the Commonwealth plan of adjustment or such other plan of adjustment as may be appropriate. To the extent feasible, and to assist the Title III Court in managing its docket, the Debtors shall provide an update to the Title III Court regarding any common legal issues shared amongst the Unresolved Claims, to the extent such common legal issues exist.

       8.   Litigation of Unresolved Claims

a) Where there has been no consent, under Section 4.a above, to binding arbitration or litigation before the Commonwealth's courts, within one hundred and twenty (120) days of the filing of a Mediator's Impasse Notice, the Commonwealth or such other Title III Debtor, as the case may be, shall initiate litigation against the holder of the Unresolved Claim by the filing of a claim objection, which may be either an individual or an omnibus objection. Each party shall bear their own costs with respect to litigation of any Unresolved Claim. The Court will provide notice pursuant to 28 U.S.C. § 636 by which all parties can agree to resolve an Unresolved Claim before a United States Magistrate Judge (the "<u>Claims Adjudication Judges</u>"). If all parties voluntarily so consent, a Claims Adjudication Judge may conduct all proceedings and order the entry of a final judgment with respect to an Unresolved Claim. Such final judgment may then be appealed directly to the United States Court of Appeals for the First Circuit.

b) The Title III Court may also, in its discretion, refer such Unresolved Claims to Claims

10

Adjudication Judges for general pre-trial management and preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b). If a claimant has not voluntarily consented to the resolution of their Unresolved Claim by the Claims Adjudication Judges, the Claims Adjudication Judge shall make a Report and Recommendation to the Title III Court. Such Report and Recommendation will be reviewed by the Title III Court pursuant to Federal Rule of Civil Procedure 72, and claimants will have an opportunity to object to the Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b). Upon reviewing the Report and Recommendation, the Title III Court will enter a final determination, which will be subject to appeal to the United States Court of Appeals for the First Circuit.

c)  No individual who has served as a Mediator with respect to a particular Unresolved Claim may also serve as a Claim Adjudication Judge with respect to the same Unresolved Claim.

d)  Litigation before the Title III Court with respect to any Unresolved Claim shall proceed in accordance with the Federal Rules of Bankruptcy Procedure, made applicable to this Title III Case pursuant to PROMESA § 310, the Local Rules for the District of Puerto Rico, and this Court's standing and case management orders. In addition to the foregoing, litigation before Claims Adjudication Judges shall also proceed in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.

e)  Any order/decision entered by the Claims Adjudication Judges shall <u>not</u> provide for any amounts already disallowed by the Title III Court, specific performance or any other form of equitable remedy or any other relief impermissible under PROMESA or such other applicable law. To the extent a Claim requests such relief, those requests for relief will be determined by the Title III Court. Nothing in this paragraph shall preclude the Title III Court from separately referring such requests to Magistrate Judges pursuant to 28 U.S.C. § 636 for general pretrial management and/or Report and Recommendation.

9.  Translation and Interpretation Services

a)  The Debtors shall provide certified translation and/or interpretation services in connection with Evaluative Mediation and/or proceedings before the Title III or District Court, and Magistrate Judges, as specified in orders of the Court, but shall not be obligated to provide such services in connection with binding arbitration.