UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO et al.,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### ORDER DENYING MOTION FOR PERMISSION TO APPEAL IN FORMA PAUPERIS

       The Court has received and reviewed the *Application to Proceed in District Court Without Prepaying Fees or Costs* (Docket Entry No. 20239 in Case No. 17-3283, the "Motion"), filed by Jaime Diaz O'Neill, which the Court deems to be a motion for permission to proceed in forma pauperis with respect to Mr. Diaz O'Neill's appeal of the Court's ruling concerning the disallowance of proof of claim no. 178975.[2] (See Docket Entry No. 20238 in Case No. 17-3283, the "Notice of Appeal").

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]     At the February 17, 2022, hearing concerning the Debtors' objections to certain proofs of claim, the Court made the following ruling concerning the proof of claim filed by Mr. Diaz O'Neill:

> My ruling with respect to this claim is that the 374th Omnibus Objection is sustained as to Claim No. 178975 filed by Jaime A. Diaz O'Neill. That claim is disallowed in its entirety as untimely, because it was filed well after the applicable bar date, and no valid

      Neither the Motion nor the Notice of Appeal states a basis for Mr. Diaz O'Neill's appeal, and Mr. Diaz O'Neill has therefore failed to identify any non-frivolous argument on appeal. Accordingly, the Court certifies that Mr. Diaz O'Neill's appeal is not taken in good faith. See 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."); DuLaurence v. Telegen, No. 15-1537, 2016 WL 10454553, at *1 (1st Cir. Nov. 30, 2016) ("Good faith for purposes of § 1915(a)(3) is judged by an objective standard; i.e., whether the litigant 'seeks appellate review of any issue not frivolous.'") (quoting Coppedge v. United States, 369 U.S. 438, 445 (1962)). The Motion is therefore denied.

      This Order resolves Docket Entry No. 20239 in Case No. 17-3283.

      SO ORDERED.

Dated: March 3, 2022                          /s/ Laura Taylor Swain
                                                                                LAURA TAYLOR SWAIN
                                                                                     United States District Judge

---

      excuse or justification for the late filing has been presented. Therefore, Claim No. 178975 is disallowed in its entirety.

(Feb. 17, 2022, Hr'g Tr. 15:2-8, Docket Entry No. 20179 in Case No. 17-3283.)