United States District Court
For the District of Puerto Rico

| | |
|---|---|
| The Financial Oversight and Management Board of Puerto Rico | PROMESA 178966<br>Title III 178975 |
| as representative of | NO. 17BK 3283-LTS |
| The Commonwealth of Puerto Rico | Jointly Administered<br><br>This filing relates to the Commonwealth (PBA) |

Non jurisdiction of Judge Laura Taylor Swain, objection to the order Doc # 20254 denying motion for permission to appeal in forma pauperis, objection to the Doc # 16020, objection to the Doc # 16824, objection to the Doc # 17923, objection to the Doc # 20191

1. The debtors in these Title III Cases, along with each debtors respective Title III Case Number and the last four (4) digits of each debtor federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the Commonwealth) (Bankruptcy Case No. 17 BK-3283-LTS) (last four digits of federal tax id: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (cofina) (Bankruptcy Case No. 17 BK

3284-LTS)(last four) digits of federal Tax id 8474); (iii) Puerto Rico Highways and Transportation Authority (HTA)(Bankruptcy case No. 17 BK 3567-LTS)(last four digits of federal Tax id: 3808); (iv) employees retirement system of the government of the Commonwealth of Puerto Rico (ERS)(Bankruptcy case: NO: 17 BK 3566 LTS)(last four digits of federal Tax id: 9686; (v) Puerto Rico electric Power Authority (prepa) (Bankruptcy case NO: 17 BK 4780-LTS)(last four digits of federal Tax id: 3747; and (vi) Puerto Rico Buildings Authority (PBA)(Bankruptcy case NO. 19 BK 5523-LTS)(last four digits of federal Tax id: 3801)(Title III case Numbers are listed as Bankruptcy case Numbers due to software limitations.

2. On November 13, 2017 a lawsuit was filed assigning the clerks office the Number 17-CV-2286 (Adc).

3. On December 4, 2017 a lawsuit was filed assigning the clerks office the Number 17-CV-2340 (wgy)

4. Neither case complied with Rule 5(c)(1)(a)(3)(4) translations civil local rules (translations) affecting my substantive right, 17-CV-2286,

affecting my substantive right 17-CV-2340.

5. These two cases were filed in the form of poor and has approved their filing.

6. Neither case complied with the Rule 5(M) Time for Service (Summons) 90 days Federal rules of Civil Procedure affecting my Substantive right under 17-CV-2286, under 17-CV-2340.

7. Definitively, Judge Laura Taylor Swain does not have jurisdiction over the plaintiff or the defendants who were not summoned under Rule 5(M) Time limit for service (Summons) Federal rules of Civil Procedure, on 17-CV-2286 17-CV-2340 affecting my Substantive rights.

8. The Court Marshall who had the responsability of serving the Summons never complied with the Rule 5(M) Time limit for service (Summons) Federal rules of Civil Procedure on 17-CV-2286 17-CV-2340 Therefore Judge Laura Taylor Swain procedure was irrelevant because the procedures for initiating a lawsuit had not been complied with, That is, there was no formal case, affecting my Substantive right under 17-CV-2286, 17-CV-2340

9. That is there was no formal case submitted in compliance with the rules federal civil procedure, with the rules of local civil procedure for the district of Puerto Rico in other words there was nothing to bring to the jurisdiction of Laura Taylor Swain.

10. In other words there is no formality of a lawsuit attached to due process of law and in turn and therefore nothing to submit on or before June 29, 18 date due for proof of claim because judge Swain did not have and does not have jurisdiction over lawsuits that do not exist for failure to comply with federal rules of civil procedure, for failure to comply with the local rules for the District of Puerto Rico, rule 5(M) time limit for service summons, local rule 5(c)(1)(2)(3)(4) (translations).

11. On June 29, 18 due date for the purpose of proof of claim Mr. Jaime A. Diaz Oneill didn't have to submit anything because in the procedural there was no case that is they were already dismissed without prejudice without any type of jurisdiction of judge Laura Taylor Swain in the claims of Mr. Jaime A. Diaz Oneill.

12. Judge Laura Taylor Swain has no jurisdiction over something that does not exist, that is non-existent that never existed, therefore any ruling by judge Swain, would be null and void without any legal consequence.

13. Judge Aida delgado Colon, Judge William G. Young both subsequently issued summons, orders to the Marshalls knowing of prior violations of the rules of civil procedure local and federal, rules of civil procedure rule 5(c)(1)(2)(3)(4) Violations, rule 5(m) time limit for service (summons), 90 days, with knowledge that these cases were already dismissed without prejudice.

14. Under the case 17-cv-2340 illegal summons were issued in 16 of November of 2018 under the defendants it was not summoned x,y,z officials, item #2 Defendants, prasa, employees A,Z,Y, item #3 Defendants, united A,Z,Y, item 4, labor relations board of PR, employees A,Z,Y item 5 Defendants, employees AZY item 6 Defendants, st. James security inc., employees AZY item 7 Defendants, Puerto Rico police, Policey ex police XYZ item 8 defendants, Department of labor and Human Resources, employees AZY item 10 defendants, None of the previously mentioned

parties was summoned, therefore the Judge Laura Taylor Swain does not have jurisdiction over the Puerto Rico Aqueduct and Sewer Authority (PRASA) and does not have jurisdiction over the plaintiff Mr. Jaime A. Diaz Cahill nor any other part that was not summoned and/or illegally summoned outside the rules, in violation and affecting my substantive right.

15. Under the Case 17-CV-2286, illegal summons were issued, in the 7 of August of 2018 under the defendants it was not summoned ex police XYZ item d, defendants Mr. Donald Trump President of the United States, the United States of America item f defendants.

16. Definitely Judge Laura Taylor Swain does not have jurisdiction over the fake summons illegal order, over parts never was summoned, over a case dismissed without prejudice, in violation of federal rules of Civil procedure, in violation of the local rules civil procedure for District of Puerto Rico, any determination of Judge Swain would be one without any legal consequence due to lack of jurisdiction over the matter

17. For all of above Mr. Jaime A. Diaz O'Neill did not have to submit anything before the date of 29 of June of 2018 proof of claim as stated because both cases were in procedural noncompliance in other words there was no case to consider for the violations of the rules 5(c)(1)(2)(3)(4) translations civil local rules and the rule 5(M) time limit for service summons federal rules of civil procedure, there were no cases for which proof of claim had to be submitted.

18. The Puerto Rico Aqueduct and Sewer Authority was never summoned, persons in their individual capacity was never summoned for all of which the Judge Laura Taylor Swain don't have jurisdiction over the plaintiff over the defendants for all of which Mrs Laura Taylor Swain cannot be disallowance concerning proof of claim about two cases that did not exist, affecting my substantive right.

19. Mr. Jaime A. Diaz O'Neill never used the system (CM-ecf) Case Management electronic Case filing represent himself in his own right and in form of a poor. Never but never received any document from prmuse clerk in a timely manner that is to

Say when all the parties received notifications immediately Mr. Jaime A Diaz Dell did not received anything leaving him in a state of defenselessness, so it is so the doc # 16020 # 16824 # 17923 # 20191 # 19990 # 20106 # 20107 # 20185 I had to found to print the document because prime clerk never notified me accordingly remaining in a state of helplessness

20. The response under doc # 19990, the informative motion regarding omnibus claim objection to be heard at february 16-17, 2022 hearing Doc # 20107 # 20106, the response form for claims to be heard at february 16 claim objection hearing attachment 1 under doc # 20185 filed 14 of february of 2022 two days previous to the hearing date, How can you appear? if the person does not use the Case Management electronic case filing (CM/ecf) undoubtedly the person whoever it is will received the sending by mail of the document later.

21. it would have been different if the prose had received the notified document on the same date as the others.

22. In fact the non-use of the system has caused damage, definitely the non use of the Case Management electronic case filing caused the violation of due process of law, and timely appearance for the benefit of others, the non-jurisdiction of the Judge Laura Taylor Swain over the plaintiff and the defendants could have been submitted before this brief and in face to face argumentative hearing important matter and that due to the lack of communication and adequate notification could not be.

23. For all of which I understand that the Honorable Judge Laura Taylor Swain must ve consider her analysis because the present brief attached to docket 19507 and others submitted on 13 of December of 2021 are clear and specific I am aware that the Honorable Judge has an interest in finalizing this bankruptcy matter in Puerto Rico but the reality here is that there is no case to assume jurisdiction, Do not have jurisdiction over Jaime A. Diaz Onell the plaintiff and do not have jurisdiction over the defendants.

24. I understand that I have identified non frivolous arguments in my present brief attached to the brief of 13 of december of 2021 under doc # 19507 and others for the Honnable Judge Laura Taylor Swain to issue a ruling of no jurisdiction over the plaintiff and the defendants for the reason explained without renouncing any other argument that in law proceeds, in the alternative allow the appeal in the form of a poor person because certainly my person Jaime A. Diaz Onill has never acted in bad faith towards his person in my claim for justice and the jurisprudence of Dulayrence v. Telegen, Coppedge v. United States, 28 USC 1915 (a)(3) it does not apply to me or to the facts of my case dismissed without prejudice this is my personal analysis in two cases you never has jurisdiction for the reasons that we've explained.

25. Accordingly reconsideration is requested on the order denying motion for permission to appeal in forma pauperis there is not bad faith of Mr. Jaime A. Diaz Onill is just that you never had jurisdiction. Federal rule of civil procedure 5(M) time limit for service, local rule 5(c)(1)(B)(4) translations.

Respectfully Submitted

7 of March of 2022

Jaime A. Diaz ONeill

Po box 9793
San Juan PR, 00908

787-447-2424

JaimeaDiazONeill@ymail.com

## Certificate of Service

I Jaime A. Diaz ONeill Hereby Certify under penalty of perjury that on 7 of March of 2022 I serve Copies of Non jurisdiction of Laura Taylor Swain objection to the order Doc # 20254 Denying Motion for permission to appeal in forma pauperis objection to the doc # 16020 objection to the Doc # 16824 objection to the doc # 17983 objection to the Doc # 20191 to the following parties

Martin J. Bienenstock
Brian S. Rosen
Proskauer Rose llp
eleven Times square
New York, NY 10036
212-969-3000

Luc A. Despins
200 Park Avenue
New York, NY 10166
212.318.6000