# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br>THE EMPLOYEE'S RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY<br><br>Debtors[1] | PROMESA TITLE III<br><br>Case No. 17-BK-3283 (LTS) |

**MARUZ REAL ESTATE CORP.'S MOTION FOR JOINDER TO THE RESPONSE TO "INFORMATIVE MOTION OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD REGARDING STATUS OF PLAN IMPLEMENTATION" FILED BY FINCA MATILDE INC. AT DOCKET ENTRY 20248**

**TO THE HONORABLE COURT**:

**COMES NOW, MARUZ REAL ESTATE CORP., ("Maruz"),** to file this Motion for Joinder, ("Joinder"), to the *Response To "Informative Motion Of Financial Oversight And Management Board Regarding Status Of Plan Implementation" filed by Finca Matilde Inc. at* Docket No. 20248 and respectfully states and prays as follows:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 35(787)66-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

1. Maruz joins the response filed by Finca Matilde Inc. to the *Informative Motion of Financial Oversight and Management Board Regarding Status of Plan Implementation* ("Informative Motion") filed by the FOMB at Docket No. 20165 on February 17, 2022.

2. Maruz also joins the legal grounds and arguments discussed by Finca Matilde in the Response filed at Docket No. 20248 because under the terms of the Confirmation Order and Judgment Confirming the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority entered on January 18, 2022 at Docket No. 19813, full payment of all claims included in Class 58.1 of the Treatment of Eminent Domain/Inverse Condemnation Claims is mandated to be made on the Effective Date of the Confirmed Plan.

3. The Judgment favoring Maruz was entered in the Puerto Rico Court of First Instance, San Juan Division, in Case No. K AC 2007-2202 on March 9th, 2016. The Judgment orders the Commonwealth to pay Maruz just compensation in the amount of $2,244,000.00 for the taking of its real property. Under the terms of the Judgment, the amount payable to Maruz accrues interests from the date of the taking of the property until the just compensation is paid in full. The Judgment favoring Maruz is a firm, final and unappealable judgment.

4. Maruz also agrees with Finca Matilde's assertion that the stay of the Effective Date of the plan has not been requested by the FOMB and therefore, the March 15, 2022, effective date is in full force and effect and mandates payment of the full amount of Maruz's just compensation judgment.

5. Most importantly, a purview of the Informative Motion filed by the FOMB at Docket No. 20165 appears to be the FOMB's attempt to procedurally by-pass the effects

of the Effective Date of the Confirmed Plan by referencing the appeal provision included in Class 58.1 as an "implied" stay, without complying with the Procedural Rules requirements and without filing a motion to request the stay.

6. Because the Court has not stayed the effects of the Confirmation Order, and the FOMB has not requested it, the FOMB is time barred to request the stay and therefore, Maruz must be paid in full on the effective date of the plan. Simply stated, the procedural requirements cannot be by-passed. The Informative Motion filed by the FOMB cannot be used as an alternative to move the Court for a stay pending appeal.

7. Maruz reserves all of its rights to be heard at any hearing regarding the Informative Motion filed by the FOMB at Docket No. 20165, the Response by Finca Matilde filed at Docket No. 20248 and the instant joinder, and to respond to any objections thereto.

**WHEREFORE**, Maruz respectfully requests that this Honorable Court takes notice of this Joinder.

**I HEREBY CERTIFY** that I electronically filed the foregoing document with the Clerk of the Bankruptcy Court using the CM/ECF system, which will send electronic notification to all participants in the captioned case.

**RESPECTFULLY SUBMITED.**

In San Juan, Puerto Rico, on March 8th, 2022.

*s/ Alexis Fuentes-Hernández, Esq.*
**Alexis Fuentes-Hernández, Esq.**
USDC-PR 217201

**FUENTES LAW OFFICES, LLC**
P.O. Box 9022726
San Juan, PR 00902-2726
Tel. (787) 722-5215
Fax. (787) 483-6048
E-Mail: fuenteslaw@icloud.com

3