# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**Re: ECF No. 20194**<br><br>Hon. Laura Taylor Swain |

## LIMITED OBJECTION OF UNITED STATES TRUSTEE TO MOTION OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO REQUESTING ORDER APPROVING PROPOSED LIST OF MATERIAL INTERESTED PARTIES PURSUANT TO THE PUERTO RICO RECOVERY ACCURACY IN DISCLOSURES ACT (ECF NO. 20194)

Mary Ida Townson, the United States Trustee for Region 21 ("the U.S. Trustee"), hereby files this limited objection to the Motion of the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Sales Tax Financing Corporation

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Building Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

1

("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), the Puerto Rico Electric Power Authority ("PREPA"), and the Puerto Rico Public Buildings Authority ("PBA," and collectively with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") requesting an order approving the List of Material Interested Parties (the "MIP List") pursuant to the Court's *Order Concerning Compliance with the Puerto Rico Recovery Accuracy in Disclosures Act* [ECF No. 19980] (the " PRRADA Order") and the *Puerto Rico Recovery Accuracy in Disclosures Act*, Pub. L. No. 117-82 ("PRRADA").

## SUMMARY OF ARGUMENT[2]

PRRADA imposes the disclosure requirements that apply to professionals retained under sections 327, 1103, and 1104 of the Bankruptcy Code—that a professional person publicly disclose all its connections to the debtor, creditors, and other parties involved in a bankruptcy case so that the Court, the U.S. Trustee, and parties in interest can determine whether the professional is disinterested and free from conflicts—on professional persons that are employed and seek payment of compensation from the estate in voluntary cases commenced under title III of PROMESA. To begin this process, PRRADA directs the Oversight Board to establish a list of material interested parties that professionals must review for connections to make their disclosures. PRRADA unambiguously specifies both the categories of persons and entities the Oversight Board must include on the MIP list *and* the sole limit the Oversight Board may apply to exclude specific persons and entities from the MIP list. Under PRRADA, the Oversight Board may exclude creditors from the MIP List only if their claims fall below a dollar amount threshold suggested by the Oversight Board and approved by the Court.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them below.

2

The U.S. Trustee does not object to the Oversight Board's suggested dollar amount thresholds for excluding claims from the MIP List. But the Oversight Board has gone beyond the bounds of PRRADA to impose other, extra-statutory limits on its creation of the MIP list, such as excluding creditors from the MIP List who do not have "Active Claims" as well as excluding additional creditors with certain active litigation claims. While the U.S. Trustee understands that there may be practical constraints on the Oversight Board's knowledge of parties in the case and is not asking the Oversight Board to include anyone on the MIP list that it cannot reasonably identify,[3] PRRADA does not authorize the Oversight Board to exclude creditors from the MIP List for any reason other than that their claim falls below the dollar amount thresholds.

Moreover, professionals' connections to creditors whose claims were previously settled or resolved *are* relevant under PRRADA. Section 2(e)(2) of PRRADA explicitly directs the Court to consider a professional's disinterestedness or conflict during its entire employment in the case. The Court cannot perform this responsibility if the MIP List is limited to creditors with claims only from a certain point in the case.

Finally, based on the data provided in the Motion, the dollar amount threshold has meaningfully limited the MIP List such that including "inactive" claims and all litigation creditors who meet the dollar amount threshold will not overly burden the professionals, the Court, or the U.S. Trustee.

Accordingly, the Court should direct the Oversight Board to submit an amended MIP List that complies with PRRADA by including all creditors with claims meeting the dollar amount thresholds the Court approves.

---

[3] The U.S. Trustee does not object to the exclusion of a party from the MIP List to the extent the Oversight Board has reasonably tried, but failed, to identify such party, s*ee* Motion at 16.

3

**Factual Background**

On May 3, 2017, the Oversight Board filed petitions to restructure the debts of the Commonwealth of Puerto Rico and several of its instrumentalities under Title III of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), H.R. 5268 114th Cong. (2016).[1] Title III is modeled on chapter 9 of the Code and incorporates many of its provisions. 48 U.S.C. § 2161.

On January 20, 2022, the President signed PRRADA into law. Pub. L. No. 117-82. PRRADA imposes the disclosure requirements that apply to professionals retained under sections 327, 1103, and 1114 of the Bankruptcy Code to professional persons that are employed and seek payment of compensation from the estate in voluntary cases commenced under title III of PROMESA. Under Rule 2014(a) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), applicable to bankruptcy cases, a professional retention application must include a verified statement of an authorized representative of the professional person that discloses all connections of the professional with a wide variety of entities that will or may play a role in the chapter 11 case. The verified statement enables the court, the U.S. Trustee, and parties in interest to determine if the professional meets the requirements for employment under 11 U.S.C. § 327(a) that it be disinterested and that it does not hold or represent an interest adverse to the estate. Sections 316 and 317 of PROMESA (48 U.S.C. §§ 2176, 2177) require the filing of interim and final fee applications by estate and official committee professionals, but, prior to PRRADA, there was no requirement that professionals under PROMESA file retention applications and thus there are currently no disclosures from the professionals that can be reviewed to assure that the professionals are disinterested and do not suffer from disabling conflicts.

4

To begin the process of imposing disclosure requirements on professionals in PROMESA Title III cases, section 2(c) of PRRADA requires the Oversight Board to establish a "Material List of Interested Parties" subject to bankruptcy court approval and the rights of the U.S. Trustee and other parties in interest to be heard on the list. PRRADA § 2(c). Professionals seeking compensation must then review and disclose their connections against that list. Section 2(c)(2) sets forth the categories of persons and entities the Oversight Board must include on the MIP List:

> (2) INCLUSIONS.—*Except as provided in paragraph (3),* the List of Material Interested Parties *shall* include—
> (A) the debtor;
> (B) any creditor;
> (C) any other party in interest;
> (D) any attorney or accountant of— (i) the debtor; (ii) any creditor; or (iii) any other party in interest;
> (E) the United States trustee and any person employed in the office of the United States trustee; and
> (F) the Oversight Board, including the members, the Executive Director, and the employees of the Oversight Board.

PRRADA § 2(c)(2) (emphasis added). Section 2(c)(3) authorizes the Oversight Board to exclude from the MIP List persons and entities with claims below a certain threshold dollar amount:

> (3) EXCLUSIONS.—The List of Material Interested Parties may not include any person with a claim, the amount of which is below a threshold dollar amount established by the court that is consistent with the purpose of this Act.

PRRADA § 2(c)(3).

Section 2(e) of PRRADA grants discretion to the Court to deny compensation or reimbursement of expenses based on the results of a professional's disclosures:

> (e) LIMITATION ON COMPENSATION.—In a case commenced under section 304 of PROMESA (48 U.S.C. 2164), in connection with the review and approval of professional compensation under section 316 or 317 of PROMESA (48 U.S.C. 2176, 2177) filed after the date of enactment of this Act, the court may deny allowance of compensation or reimbursement of expenses if—

5

> (1) the professional person has failed to file the verified disclosure statements required under subsection (b)(1) or has filed inadequate disclosure statements under that subsection; or
> (2) during the professional person's employment in connection with the case, the professional person—
>> (A) is not a disinterested person (as defined in section 101 of title 11, United States Code) relative to any entity or person on the List of Material Interested Parties; or
>> (B) represents or holds an adverse interest in connection with the case.

PRRADA § 2(e)(2).

On January 21, 2022, the Court entered an order directing the Oversight Board, the U.S. Trustee, and the Fee Examiner (the "Conferring Parties") to meet and confer regarding PRRADA and respond in writing to various questions and issues it posed. See *Order Directing Parties to Meet and Confer Regarding the Enactment of the Puerto Rico Recovery Accuracy in Disclosures Act* [ECF No. 19859]. On January 31, 2022, the Conferring Parties filed a joint informative motion responding to these questions and describing certain other issues that could potentially arise under PRRADA. *See Joint Informative Motion of Financial Oversight and Management Board for Puerto Rico, Fee Examiner, and U.S. Trustee in Compliance with Court Order Regarding Enactment of the Puerto Rico Recovery Accuracy in Disclosures Act* [ECF No. 19964]. Thereafter, on February 2, 2022, the Court entered the PRRADA Order, directing the Oversight Board to file a motion by February 22, 2022, seeking approval of the MIP List and suggesting a dollar amount threshold for claims to be included on such list, which the Oversight Board did.

In the Motion, the Oversight Board proposes for the Court's approval a threshold claim amount for a creditor to be included on the MIP List applicable to each Title III debtor's case. Motion at ¶11. But the Motion also proposes two additional major limits on the MIP List: (1) limiting the creditors on the list to those with claims that "have not been expunged, settled,

6

withdrawn, or otherwise resolved ("Active Claims"), *see* Motion at ¶12, and (2) further limiting even those creditors with Active Claims by excluding certain creditors with litigation claims, *see* Motion at ¶13.[4] As to the former, the Oversight Board explains that "claims that have been resolved in the Administrative Claims Reconciliation ("ACR") process, claims that were resolved by the Confirmation Order, and claims that were settled pursuant to settlement agreements approved by the Confirmation Order are not included in the definition of Active Claims." Motion at ¶12.

## ARGUMENT

### PRRADA Does Not Authorize the Oversight Board to Limit the Creditors Included on the MIP List Beyond the Application of a Court-Approved Dollar Amount Threshold

PRRADA establishes clear requirements for the Oversight Board's creation of the MIP List—specifying both the categories of persons and entities it must include on the list and the limit it may apply in excluding persons and entities from the list. But the Oversight Board has gone beyond PRRADA to apply other, extra-statutory limits to its creation of the MIP List by only including those creditors with "Active Claims" and then further excluding certain litigation claimants who hold Active Claims. *See* Motion at ¶¶12, 13. The Oversight Board argues that PRRADA applies prospectively[5] such that "[p]ersons or entities whose claims have been settled, expunged, withdrawn, or otherwise resolved no longer pose any relevant threat to professionals'

---

[4] The Motion also applies certain additional limits to the creation of the MIP List related to COFINA, *see* Motion at n.5, but because COFINA is a reorganized debtor, the U.S. Trustee does not believe that there should be any fee applications filed after PRRADA's enactment relating to that case. To the extent there are, the extra-statutory limits the Oversight Board proposes applying in note 5 should be rejected, and the Oversight Board should include on the MIP List all categories of persons and entities related to COFINA required under section 2(c) of PRRADA.

[5] The U.S. Trustee does not believe that arguments about whether section 2(e) applies retroactively are relevant to the current dispute but reserves all rights to address the Oversight Board's arguments in footnote 7 of the Motion at an appropriate time.

7

impartiality and ability to represent their clients' interests in a disinterested manner," but this argument is at odds with the unambiguous text of both PRRADA section 2(c), which mandates the inclusion on the MIP List of any creditor other than those whose claims fall below a dollar amount threshold, and section 2(e), which directs the Court to consider whether a professional is disinterested or conflicted "during the professional person's employment in connection with the case," as well as the purpose of the statute.[6] *See* PRRADA § 2(c), (e); Motion at ¶12.

Section 2(c)(2) of PRRADA directs that, except as provided in section 2(c)(3), the Oversight Board "*shall*"—meaning must—include on the MIP List "(A) the debtor; (B) *any* creditor; (C) any other party in interest; (D) any attorney or accountant of—(i) the debtor; (ii) any creditor; or (iii) any other party in interest; (E) the United States trustee and any person employed in the office of the United States trustee; and (F) the Oversight Board, including the members, the Executive Director, and the employees of the Oversight Board. PRRADA § 2(c)(2) (emphasis added); *see also Jama v. Immigration & Customs Enforcement*, 543 U.S. 335, 346 (2005) (contrasting "may" with "shall"); *Claudio-de León v. Sistema Universitario Ana G. Méndez*, 775 F.3d 41, 46 (1st Cir. 2014) (citations omitted) ("it is axiomatic that the word "shall" has a mandatory connotation."). Section 2(c)(3) of PRRADA then grants the Oversight Board discretion to exclude from the MIP List creditors with claims below a dollar amount approved by the Court.

"[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'" *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249,

---

[6] It is less clear why the Oversight Board is seeking to exclude the litigation claimants from the MIP List; while the Motion suggests it is because they are too numerous, it also suggests that some of those claimants hold claims under the dollar amount threshold (in which case, such creditors would be appropriately excluded from the MIP List). *See* Motion at ¶13.

8

254 (1992) (internal citations omitted). PRRADA is unambiguous; by its clear terms, PRRADA directs the Oversight Board to include on the MIP List "any creditor" except one whose claim amount falls below the approved dollar amount threshold for claims. *See* PRRADA § 2(c)(2), (3).[7]

Moreover, the text of section 2(e)(2) of PRRADA—which provides the Court discretion to deny compensation for fees and reimbursement of expenses if a professional is not disinterested or represents or holds an adverse interest in connection with the case "during the professional person's employment in connection with the case"—confirms this interpretation. *See* PRRADA § 2(e)(2); *see also United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd.,* 484 U.S. 365, 371 (1988) ("Statutory construction . . . is a holistic endeavor. A provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme. . . ."). Section 2(e)(2) of PRRADA explicitly directs the court to consider a professional's disinterestedness or conflict during its entire employment in the case, which it could not do if the MIP List is limited to creditors with claims only from a certain point in the case.[8]

---

[7] When a statute expressly grants authority to take certain actions, that express grant implies the prohibition of other actions (known as the interpretive doctrine *expressio unius est exclusio alterius*—the expression of one thing is the exclusion of another). *See POM Wonderful LLC v. Coca–Cola Co.,* 573 B.R. U.S. 102, 114 (2014)). Because PRRADA explicitly grants the Oversight Board discretion to exclude from the MIP List only those creditors whose claims fall below the dollar amount threshold, it also prohibits the Oversight Board from excluding a creditor from the MIP List for any other reason.

[8] The final version of PRRADA's text comes from the Senate Committee on Energy and Natural Resources, which reported an amendment to a House-passed bill in the nature of a substitute, which was then passed by both chambers and signed by the President. *See* S. REP. NO. 117-48 (2021). The Senate-amended bill not only added the language "during the professional person's employment in connection with the case" to Section 2(e)(2)—which was not in the original House-passed bill—it also removed a clause in the original House-passed bill that directed the Court to consider whether a professional was not disinterested "on or after the date of enactment of this Act." *Compare* H.R. 1192, 117th Cong. § 2(e)(1)(B) (as passed by House, February 24, 2021) *with* H.R. 1192, 117th Cong. § 2(e)(2) (enacted). The Senate Report

Contrary to the Oversight Board's argument, then, section 2(e)(2) makes creditors with "inactive claims" very relevant under PRRADA. Removing these creditors from the MIP List will defeat the purpose of the statute, leaving the possibility that real conflicts that persisted during a professional's employment in the case cannot be reviewed by the Court. The Oversight Board itself appears to understand this because it proposes to include on the MIP list a limited number of creditors with inactive claims because of their importance. *See* Motion at ¶12.

Because the statutory language is clear, there is no need to look at the legislative history of PRRADA to glean Congress's intent. *See, e.g., Milner v. Dep't of the Navy*, 562 U.S. 562, 572 (2011) ("Those of us who make use of legislative history believe that clear evidence of congressional intent may illuminate ambiguous text. We will not take the opposite tack of allowing ambiguous legislative history to muddy clear statutory language.").[9] Nevertheless, it suggests that Congress intended PRRADA to conform to Bankruptcy Code sections 327 and 328(c) and Bankruptcy Rule 2014, which apply throughout a professional's employment. *See* S. REP. NO. 117-48 at 6, 10. It also suggests that Congress was aware of the large numbers of creditors in these Title III cases and heard from parties arguing that implementing the legislation could become burdensome before enacting the specific limitations set forth in the statute. *See id.* at p. 7. The Senate Committee made changes to the House-passed bill to limit the practical burdens of implementing PRRADA by removing requirements for annual statements under section 2(a)(2)(B) and for statements from former professionals under section 2(d) of the House-

---

explains that the Committee wanted to match section 2(e) to Bankruptcy Code sections 327 and 328(c), which apply throughout a professional's employment. *See* S. REP. NO. 117-48 at 10.

[9] While the Senate Committee Report states that "use of the material interested parties list will enable the court to focus its attention on connections that pose a more substantial risk of compromising a professional's impartiality, based upon a dollar threshold or other criteria established by the court," the legislation chooses a dollar threshold. *Compare* S. REP. NO. 117-48 (2021) at 7 with PRRADA § 2(c).

10

passed bill. *Id.* at 12. The Senate Committee could have, but did not, amend the House-passed version of PRRADA to exclude former creditors or litigation creditors from the MIP List.

Finally, a comparison of the total number of all claims filed against each Title III debtor (*see* Motion at ¶1, table) against the number of all claims, including non-Active Claims, that are above the suggested dollar amount thresholds (*see* Motion at ¶14, table), confirms that application of the Board's proposed dollar amount threshold *has* significantly limited the number of parties on the MIP List and thus the burden associated with disclosure and review for all parties—just as PRRADA intended.

| Table Comparing All Filed Claims to Claims with Threshold Applied[10] | | | | |
|---|---|---|---|---|
| **Debtor** | **Threshold** | **Active Claims with Threshold Applied** | **All Creditors with Threshold Applied** | **All Filed Claims[11]** |
| Commonwealth | $1 million | 695 | 1,225 | 117,251 |
| PREPA | $500,000 | 324 | 389 | 4,524 |
| HTA | $500,000 | 137 | 227 | 2,278 |
| PBA | $500,000 | 61 | 76 | 398 |
| ERS | $500,000 | 57 | 277 | 53,335 |
| COFINA[12] | $500,000 | 2 | 314 | 3,095 |

Accordingly, the Oversight Board should amend the MIP List to include all creditors except those whose claims fall below the dollar amount threshold. Based on the table included in paragraph 14 of the Motion, it appears that the Oversight Board is already aware of and readily able to identify all such creditors. As to litigation claimants, if the individual creditor's claim

---

[10] The first four columns of this table are copied from the table in paragraph 14 of the Motion.

[11] These figures are taken from the table in paragraph 1 of the Motion.

[12] As noted above, COFINA is a reorganized debtor with a confirmed, effective plan of reorganization.

11

meets the threshold and his or her identity is reasonably known to the Oversight Board, the creditor should be included on the MIP List.

## Conclusion

Based upon the foregoing, the U.S. Trustee requests that the Court enter an order directing the Oversight Board to submit an amended MIP List that complies with PRRADA and granting such further relief as may be just and proper.

Dated: San Juan, Puerto Rico
March 8, 2022

>Respectfully submitted,
>
>MARY IDA TOWNSON
>UNITED STATES TRUSTEE, Region 21
>
>U.S. DEPARTMENT OF JUSTICE
>OFFICE OF THE UNITED STATES TRUSTEE
>Edificio Ochoa
>500 Tanca Street, Suite 301
>San Juan, Puerto Rico 00901-1922
>Tel.: (787) 729-7444
>Fax: (787) 729-7449
>
>(Electronically Filed)
>
>By: s/ Monsita Lecaroz-Arribas
>Monsita Lecaroz-Arribas
>Assistant U.S. Trustee
>USDC-PR No. 207707