# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------ X
:
In re: :
:
THE FINANCIAL OVERSIGHT AND : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO, : Title III
:
    as representative of : Case No. 17-BK-3283 (LTS)
:
THE COMMONWEALTH OF PUERTO RICO *et al.,* : (Jointly Administered)
:
    Debtors.[1] :
------------------------------------------------------------------------ X

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' LIMITED RESPONSE AND RESERVATION OF RIGHTS TO MOTION OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO REQUESTING ORDER APPROVING PROPOSED LIST OF MATERIAL INTERESTED PARTIES PURSUANT TO PUERTO RICO RECOVERY ACCURACY IN DISCLOSURES ACT**

To the Honorable United States District Judge Laura Taylor Swain:

    The Official Committee of Unsecured Creditors (the "Committee")[2] respectfully submits this limited response and reservation of rights (the "Limited Response") with respect to the *Motion of Financial Oversight and Management Board for Puerto Rico Requesting Order Approving Proposed List of Material Interested Parties Pursuant to the Puerto Rico Recovery*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

*Accuracy in Disclosures Act*, dated February 22, 2022 [Docket No. 20194] (the "Motion").[3] In support of this Response, the Committee respectfully states as follows:

### LIMITED RESPONSE

1. The Committee has no objection to the Court approving the MIP List, as proposed by the Oversight Board. The Committee, however, files this Limited Response to address a procedural issue regarding the scope of the supplemental disclosures which the Committee professionals will file as a result of the adoption of the MIP List.

2. As the Court is aware, the rationale underlying the enactment of PRRADA was to make the Oversight Board and its professionals subject to the disclosure requirements under Bankruptcy Rule 2014(a). As the Senate Report noted: "Although section 310 of PROMESA applies the Federal Rules of Bankruptcy Procedure to cases under title III, the disclosure requirements of 2014 do not apply to professionals hired by the Commonwealth, its instrumentalities, or the Oversight Board because those requirements are tied to section 327, which does not apply." S. Rep. No. 117-48 at 5. In addition, the Senate Report recognized that "PROMESA does not give the court the power to screen professionals for conflicts of interest before they are hired," because "[s]ection 316(a) [of PROMESA] gives the Commonwealth, its instrumentalities, and the Oversight Board the 'sole discretion' to employ professionals." *Id.*

3. In contrast, section 1103 of the Bankruptcy Code, which governs, among other things, the retention of Committee professionals, **is** incorporated into PROMESA. PROMESA § 301. In addition, section 316(a) of PROMESA does **not** contain language that the employment of Committee professionals is in the sole discretion of the Committee. Accordingly, the Committee professionals have filed retention applications with this Court (which this Court has

---

[3] Capitalized terms used but not defined herein have the meanings set forth in the Motion.

2

approved) and, moreover, have complied with the disclosure requirements under Bankruptcy Rule 2014. For example, to date, Paul Hastings LLP (the Committee's bankruptcy counsel) has filed ten supplemental declarations disclosing its connections with parties in interest in these Title III cases[4] and Zolfo Cooper (the Committee's financial advisor) has filed twelve such supplemental declarations.[5]

4. In order to prepare these declarations, Paul Hastings has maintained a list of interested parties in these Title III cases, which, as of January 2022, contained more than 14,000 entities (the "Interested Parties List").[6] In fact, a comparison between the MIP List (which contains almost 2,400 entities) and the Interested Parties List reveals that **more than 950 entities** on the MIP List were already included on the Interested Parties List—and this number does not even include numerous entities on the MIP List with affiliates on the Interested Parties List.[7]

5. The Committee and its professionals do not believe that it was the intent of Congress to require professionals that were already subject to disclosure obligations under Bankruptcy Rule 2014 (and that have been complying with these obligations throughout these Title III cases) to repeat the same disclosures again because such duplication would be pointless and not cost-efficient. Accordingly, unless the Court directs the Committee professionals to repeat the same disclosures, the supplemental declarations to be filed by the Committee

---

[4] *See* Docket Nos. 1357, 2485, 3712, 4134, 5823, 8286, 9089, 12479, 14598, and 20117.

[5] *See* Docket Nos. 615, 1304, 1769, 4189, 4445, 6780, 7778, 12988, 13848, 15040, 16679, and 20263.

[6] As detailed in Paul Hastings' supplemental declarations, given that the Debtors included hundreds of thousands of creditors on their Lists of Creditors, the Interested Parties List necessarily had to be limited to certain material creditors. That said, the dollar thresholds applied by Paul Hastings to identify material creditors in the Title III Cases was equal to (and in some instance lower than) the dollar thresholds the Oversight Board has applied to the MIP List.

[7] For example, of the 24 Goldman Sachs entities included on the MIP List, four were previously included on the Interested Parties List, while twenty were not. (In addition, the Interested Parties List contains an additional 17 Goldman Sachs entities not included on the MIP List.) Obviously, the Committee professionals disclosed any connection with Goldman Sachs (if any) regardless of the specific Goldman Sachs affiliate included on the Interested Parties List.

professionals with respect to the MIP List will be limited to disclosing connections with the additional entities that were not previously included on the Interested Parties List. Obviously, for the sake of clarity, these supplemental declarations will include a list of these additional entities.

## **RESERVATION OF RIGHTS**

6. The Committee and its professionals reserve all rights with respect to the MIP List and any supplemental declarations made with respect thereto.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Committee respectfully requests that the Court take notice of this Limited Response.

Dated: March 8, 2022  By: /s/ Luc A. Despins

PAUL HASTINGS LLP
Luc A. Despins, Esq. *(Pro Hac Vice)*
Nicholas A. Bassett, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

By: /s/ Juan J. Casillas Ayala

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, Puerto Rico 00919-5075
Telephone: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*