# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br><br><br>No. 17 BK 4780-LTS<br><br>**This Court Filing Relates Only to Case No. 17-BK-4780-LTS** |

## AAFAF'S INFORMATIVE MOTION REGARDING TERMINATION OF PREPA RSA

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 847), (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747), and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523 (LTS)) (Last Four Digits of Federal Tax ID: 3801).

To the Honorable United States District Judge Laura Taylor Swain:

The Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), pursuant to its authority under the Puerto Rico Fiscal Agency and Financial Advisory Authority Act, Act 2-2017, hereby informs the Court that on March 8, 2022, AAFAF terminated the *Definitive Restructuring Support Agreement,* dated as of May 3, 2019 (as amended, the "PREPA RSA" or "RSA")[2] [Case No. 17-3283, ECF No. 20212-1] by and among: (i) the Puerto Rico Electric Power Authority ("PREPA"), (ii) AAFAF, (iii) the Financial Oversight and Management Board for Puerto Rico ("Oversight Board"),[3] (iv) the members of the Ad Hoc Group of PREPA Bondholders (collectively, "Ad Hoc Group"), (v) Assured Guaranty Corp. and Assured Guaranty Municipal Corp. (collectively, "Assured"), (vi) Syncora Guarantee Inc. ("Syncora"), (vii) National Public Finance Guarantee Corporation ("National"), and (viii) any other persons who have joined the PREPA RSA; and respectfully submits as follows:

## BACKGROUND

1. PREPA was created to provide reliable electric power that is accessible and affordable to the people of Puerto Rico. PREPA's financial situation impacts every resident and business in Puerto Rico, and as a result, is critical to Puerto Rico's continued welfare and health.

**A. The PREPA RSA and Filing of the 9019 Motion**

2. On July 2, 2017 (the "Petition Date"), the Oversight Board filed a petition for PREPA under PROMESA Title III, thereby commencing PREPA's Title III Case, Case No. 17-BK-4780-LTS.

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the PREPA RSA.
[3] AAFAF, PREPA, and the Oversight Board are collectively referred to as the "Government Parties."

3. On May 3, 2019, the Government Parties, the Ad Hoc Group, and Assured entered into the PREPA RSA.[4] Pursuant to the RSA, the Government Parties agreed with the Supporting Holders to certain claim and litigation settlements, subject to certain conditions, including Title III Court approval. In addition, the Supporting Holders agreed to support a plan of adjustment for PREPA under which Supporting Holders would exchange their bonds for securitization bonds secured by a fixed Transition Charge.

4. The PREPA RSA contemplated legislation to implement the PREPA restructuring transactions. The full benefits of the PREPA RSA required that the Puerto Rico Legislature pass laws authorizing issuance of the bonds by the securitization vehicle contemplated by the PREPA RSA, levying a fixed Transition Charge to secure those bonds, and approving demand protections and other components of the securitization structure.

5. Furthermore, the PREPA RSA required the Oversight Board within 10 business days of execution to file a motion and proposed order for the Court to approve certain settlements embodied in the PREPA RSA. PREPA RSA § 2(a). On May 10, 2019, the Government Parties filed the "9019 Motion",[5] requesting approval of those settlements.

6. The PREPA RSA also permitted termination in various circumstances, including if the order granting the RSA Motion had not been entered by September 30, 2019. RSA §§ 9(d)(iii), 27.

B. **Stay of the 9019 Motion**

7. Parties-in-interest in PREPA's Title III case engaged in significant discovery and litigation for several months over approval of the 9019 Motion. The Government Parties began

---

[4] On September 9, 2019, the agreement was amended to join National and Syncora.
[5] *Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(a)(1) and 9019 for Order Approving Settlements Embodied in the Restructuring Support Agreement*, ECF No. 1235.

3

the necessary legislative process for approval of the transactions contemplated under the RSA; however, in December 2019, the Government Parties sought to adjourn the 9019 Motion's hearing and related deadlines to provide "sufficient time to conclude the legislative process necessary to obtain approval of certain aspects of the [PREPA] RSA." ECF[6] No. 1844. No parties objected to this extension.

8. After subsequent extensions for other reasons, including a series of earthquakes that affected PREPA's operations, and the onset of the Covid-19 pandemic, in April 2020, the Court stayed the deadlines applicable to the 9019 Motion and ordered the Government Parties to submit a subsequent status report. *Order*, ECF No. 1954. The Court has periodically ordered additional status reports.

9. The Government Parties have submitted eight status reports since April 2020, informing the Court and the public on the status of the COVID-19 pandemic and the RSA. ECF Nos. 1992, 2111, 2220, 2330, 2394, 2476, 2544, 2691. The Government Parties filed the most recent status report on January 19, 2022. ECF No. 2691. In that status report, the Government Parties explained that they continued to work to attain the necessary legislation to implement the RSA. ECF No. 2691, ¶ 8. The next status report is due March 31, 2022. *Order*, ECF No. 2699.

### C. Ad Hoc Group's Urgent Motion

10. On February 18, 2022, the Ad Hoc Group filed an urgent motion (the "Urgent Motion") requesting the Court to appoint a mediator and set plan confirmation deadlines. *See* ECF No. 2718. The Ad Hoc Group cited to public sources reflecting that the Government Parties were having difficulty in securing legislation for the PREPA RSA, and urged the Court to "jumpstart

---

[6] References to ECF numbers refer to Case No. 17-4780 unless stated otherwise.

the Plan B negotiations" for a new RSA that would not require legislation. Urgent Motion ¶¶ 35–36.

11. On February 25, 2022, AAFAF and PREPA filed a joinder to the Oversight Board's objection to the Ad Hoc Group's Urgent Motion. Among other things, the joinder made clear that AAFAF and PREPA preferred a legislative solution to the RSA, but that AAFAF and PREPA agreed that, if legislation was not passed "in the near term," then AAFAF and PREPA "agree[d] [that] mediation or other structured negotiation with all significant parties in interest in this Title III case should be used to formulate a confirmable and, hopefully, consensual plan of adjustment." *Id.* ¶ 2.

## AAFAF'S TERMINATION OF THE PREPA RSA

12. On March 8, 2022, AAFAF exercised its right to terminate the PREPA RSA under, and pursuant to, Sections 9(d)(iii) and 27 of the PREPA RSA. AAFAF's *Notice of Termination* is attached hereto as **Exhibit A**. Pursuant to PREPA RSA Section 9(d)(vii), AAFAF's termination constitutes a Stipulated Treatment Termination and the PREPA RSA is void and of no further force or effect as to all parties, except for those provisions that expressly survive termination.

13. After careful consideration, the Government of Puerto Rico determined that it is not feasible to continue with the transactions contemplated under the PREPA RSA for the reasons described in the Government's statement on the termination of the PREPA RSA, which is attached hereto as **Exhibit B**.

14. To ensure that a future PREPA plan of adjustment conforms to the Government's energy sector transformation and public policy, in future restructuring negotiations the Government will focus on the following goals: (1) for PREPA to exit its Title III proceeding as soon as possible; (2) to encourage a transition to renewable sources of energy and, in the short

term, to cleaner, less expensive, natural gas; (3) to respect the Puerto Rico Energy Bureau's ("PREB") role in setting electric rates; (4) to protect PREPA's pensioners; and (5) to comply with the requirements and public policy objectives established in Act 17-2019, also known as the "Puerto Rico Energy Public Policy Act."

15. The Government looks forward to working with the Oversight Board and PREPA's stakeholders to achieve these goals. AAFAF believes the best path forward is through mediation rather than an immediate continuation of litigation of issues that would have otherwise been resolved through the 9019 Motion. To that end, AAFAF will seek agreement from all parties to stay litigation pending meditation; if agreement cannot be reached, AAFAF will file an urgent motion with the Court seeking a stay, or, in the alternative, directing the parties to meet and confer on a schedule for resumption of litigation.

[*Remainder of this page intentionally left blank.*]

Dated: March 8, 2022
       San Juan, Puerto Rico

Respectfully submitted,

| **O'MELVENY & MYERS LLP** | **MARINI PIETRANTONI MUÑIZ LLC** |
|---|---|
| */s/ María J. DiConza* | */s/ Luis C. Marini-Biaggi* |
| John J. Rapisardi | Luis C. Marini-Biaggi |
| Maria J. DiConza | USDC No. 222301 |
| (Admitted *Pro Hac Vice*) | 250 Ponce de León Ave., Suite 900 |
| 7 Times Square | San Juan, Puerto Rico 00918 |
| New York, NY 10036 | Telephone: (787) 705-2171 |
| Telephone: (212) 326-2000 | Facsimile: (787) 936-7494 |
| Facsimile: (212) 326-2061 | |
| Email: jrapisardi@omm.com | *Attorneys for the Puerto Rico Fiscal Agency* |
|       mdiconza@omm.com | *and Financial Advisory Authority* |

-and-

Peter Friedman
(Admitted *Pro Hac Vice*)
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
Email: pfriedman@omm.com

*Attorneys for the Puerto Rico Fiscal Agency*
*and Financial Advisory Authority*