UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: <br><br> THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br> as representative of <br><br> THE COMMONWEALTH OF PUERTO RICO et al., <br><br> Debtors.[1] | PROMESA <br> Title III <br><br> No. 17 BK 3283-LTS <br><br> (Jointly Administered) |

ORDER DENYING MOTION FOR RECONSIDERATION OF
MOTION FOR PERMISSION TO APPEAL IN FORMA PAUPERIS

   The Court has received and reviewed an untitled pleading (Docket Entry No. 20269 in Case No. 17-3283)[2] (the "Motion") from Mr. Jaime Diaz O'Neill (the "Movant") objecting to, among other things, this Court's *Order Denying Motion for Permission to Appeal In Forma Pauperis* (Docket Entry No. 20254) (the "IFP Order"), which the Court deems to be a motion for reconsideration of the Order.

   "[A] motion for reconsideration of a previous order is an extraordinary remedy that must be used sparingly because of interest in finality and conservation of scarce judicial resources." In re Pabon Rodriguez, 233 B.R. 212, 220 (Bankr. D.P.R. 1999), aff'd, 2000 WL 35916017 (B.A.P. 1st Cir. 2000), aff'd, 17 F. App'x 5 (1st Cir. 2001). Such a motion is not intended as "a vehicle for relitigating old issues, presenting the case under new theories . . . or otherwise taking a second bite at the apple." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012). A party's disagreement with the court's decision and desire to

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]   All docket entries referenced herein are to entries in Case No. 17-3283.

have the court "rethink its holding" are not grounds for reconsideration. Rosario-Mendez v. Hewlett Packard Caribe, 660 F. Supp. 2d 229, 234 (D.P.R. 2009). Nevertheless, that is precisely what the instant Motion appears to be requesting.

The Motion does not state a valid basis for Mr. Diaz O'Neill's appeal, but merely asserts that the Court lacks jurisdiction of the parties to the civil actions which he argues underlie his claim, because those cases were allegedly non-existent on account of procedural defects and the dismissal of those actions. (Mot. ¶¶ 1-18 (asserting violations of rule 4(m) of the Federal Rules of Civil Procedure (governing the time period for service of summons) and of Civil Local Rule 5 (governing translations)).) Movant appears to be arguing that the Court should find that it lacks jurisdiction of his claim, notwithstanding the fact that he submitted Proof of Claim No. 178975 in these proceedings, of which this Court has jurisdiction under section 306 of PROMESA. Accordingly, the Motion fails to identify any non-frivolous argument on appeal.

Nor does Movant provide any explanation for his request to proceed in forma pauperis, other than his mere disagreement with this Court's prior determination that his filing had been submitted in bad faith.

Because Movant has identified no legal or factual basis justifying reconsideration of the Court's Order, his Motion is denied. As stated in the Order, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444 (1962).

This Order resolves Docket Entry No. 20269 in Case No. 17-3283.

SO ORDERED.

Dated: March 10, 2022

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge