## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | PROMESA Title III |
| as representative of | No. 17 BK-3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | (Jointly Administered) |
| Debtors.[1] | |
| In re: | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | PROMESA Title III |
| as representative of | No. 17 BK-3567-LTS |
| THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, | |
| Debtor. | |
| PEAJE INVESTMENTS, LLC, | Adv. Proc. No. 17-151-LTS in No.17 BK 3567-LTS |
| Plaintiff, | Adv. Proc. No. 17-152-LTS in No. 17 BK-3283-LTS |
| -v- | |
| THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, *et al.*, | |
| Defendants. | |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801). Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.

| | |
|---|---|
| ASSURED GUARANTY CORP, *et al*.,<br><br>               Plaintiffs,<br><br>      -v-<br><br>COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>             Defendants. | Adv. Proc. No. 17-155-LTS in No.17 BK 3283<br><br>Adv. Proc. No. 17-156-LTS No. 17 BK-3567 |
| AMBAC ASSURANCE CORPORATION,<br><br>              Plaintiff,<br><br>      -v-<br><br>COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>             Defendants. | Adv. Proc. No. 17-159-LTS No.17 BK 3283-LTS |

**URGENT MOTION FOR AN ORDER DIRECTING THE FISCAL AGENT TO DISBURSE THE DISPUTED FUNDS IN THE HTA BOND SERVICE ACCOUNTS, REDEMPTION ACCOUNTS, AND RESERVE ACCOUNTS**

To the Honorable United States District Court Judge Laura Taylor Swain:

      The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth") and the Puerto Rico Highways and Transportation Authority ("HTA," and together with the Commonwealth, the "Debtors") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submits this urgent motion (the "Urgent Motion") for approval of the *Stipulation and Agreed Order Regarding the Disputed Funds in the HTA Bond Service Accounts, Redemption Accounts and Reserve Accounts*, dated March 10, 2022, by and among the Oversight Board and The Bank of New York Mellon, solely in its capacity as fiscal agent (the "Fiscal Agent") for several series of bonds issued by HTA

---

[2]   PROMESA has been codified in 48 U.S.C. §§ 2101–2241.

(the "HTA Bonds"), attached hereto as **Exhibit A** (the "Stipulation"),[3] authorizing and directing the Fiscal Agent to distribute funds held by it pursuant to the terms of the Disputed Funds Stipulation (as defined below).   In support of this Urgent Motion, the Oversight Board states the following:

## BACKGROUND

### A.    Commencement of Title III Cases

1.    On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to sections 104(j) and 206 of PROMESA and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case").

2.    On May 21, 2017, the Oversight Board issued a restructuring certification for HTA, commencing an additional case under Title III of PROMESA (the "HTA Title III Case" and, together with the Commonwealth Title III Case, the "Title III Cases").

3.    By operation of PROMESA and pursuant to PROMESA section 315(b), the Oversight Board is the sole representative of the Commonwealth and HTA in their respective Title III Cases.

4.    The Court has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a), and venue is proper in this District pursuant to PROMESA section 307(a).

### B.    The Disputed Funds

5.    After the filing of the Title III Cases, Ambac Assurance Corporation ("Ambac"), Assured Guaranty Corp. and Assured Guaranty Municipal Corp. (together, "Assured"), Financial

---

[3]  Descriptions of the Stipulation contained herein are for summary purposes only.   The terms and provisions of the Stipulation govern to the extent any inconsistencies exist between the Stipulation and the descriptions of the Stipulation contained herein.

Guaranty Insurance Company ("FGIC"), National Public Finance Guarantee Corporation ("National"), and Peaje Investments LLC commenced the following adversary proceedings regarding, among other issues, asserted liens on certain revenues, payments on the HTA Bonds, and monies allegedly pledged to secure the repayment of HTA Bonds (collectively, the "Adversary Proceedings"): *Ambac Assurance Corp. v. Commonwealth of Puerto Rico, et al.,* Adv. Proc. No. 17-159-LTS; *Assured Guaranty Corp., et al. v. Commonwealth of Puerto Rico, et al.,* Adv. Proc. Nos. 17-155-LTS, 17-156-LTS; and *Peaje Investments, LLC v. Puerto Rico Highways and Transportation Authority, et al.,* Adv. Proc. Nos. 17-151 LTS, 17-152-LTS.

6.      Pursuant to applicable documents, the Bank of New York Mellon (the "Fiscal Agent") was scheduled to make a payment of principal and interest on several series of bonds issued by HTA to the bondholders in the aggregate amount of approximately $224,277,263.11 on July 3, 2017.

7.      On or around June 20, 2017, the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") instructed the Fiscal Agent not to distribute the Disputed Funds to the bondholders, asserting that the Disputed Funds, as defined below, are property of HTA and are subject to the automatic stay pursuant to section 362(a) of the Bankruptcy Code, as incorporated by section 301(a) of PROMESA.

8.      By letter, dated June 23, 2017, certain plaintiffs in the Adversary Proceedings stated their disagreement with AAFAF's position and asserted that the Fiscal Agent must distribute the Disputed Funds on July 3, 2017, in accordance with the terms of the governing documents because the Disputed Funds (i) are not property of HTA, (ii) are held in trust for the benefit of the bondholders, (iii) are "pledged special revenues," pursuant to sections 902, 922(d) and 928 of the

Bankruptcy Code as incorporated by section 301(a) of PROMESA, and (iv) are not subject to the automatic stay.

9.      As of July 3, 2017, the Fiscal Agent held cash and various investments (the "<u>Disputed Funds</u>") with an estimated value of $76,149,000.00.

10.      The Fiscal Agent declined to take a position on the matter, and, in light of the dispute regarding the Disputed Funds, indicated that it would not distribute the Disputed Funds until appropriate relief was obtained from the Court.

11.      On July 31, 2017, the parties to the Adversary Proceedings into that certain *Stipulation and Proposed Order Governing the Disputed Funds in the HTA Bonds Accounts, Redemption Accounts and Reserve Accounts* (the "<u>Disputed Funds Stipulation</u>"), which provides that, among other things, pending further order of the Court, the Fiscal Agent shall maintain the entirety of the Disputed Funds in the existing accounts into which they have been deposited.

12.      On August 3, 2017, the Court approved the Disputed Funds Stipulation [Case No. 17-00152, ECF No. 179].

13.      As of the date hereof, the Disputed Funds held by the Fiscal Agent in cash and various investments total $90,710,855.43.

**C.      The Plan Support Agreement and Confirmation of the Plan of Adjustment**

14.      On May 5, 2021, the Oversight Board, as representative of the Commonwealth and HTA in their Title III Cases, entered into that certain HTA/CCDA Related Plan Support Agreement (the "<u>HTA/CCDA PSA</u>") with certain holders of bonds issued by HTA, certain holders of bonds issued by the Puerto Rico Convention Center District Authority, Assured, and National, which provided for, among other things, the terms of the resolution of litigation among the parties

regarding the bonds issued by HTA, and the terms of securities to be issued pursuant to plans of adjustment for the Commonwealth and HTA.

15.     On July 15, 2021, Ambac and FGIC executed joinders to the HTA/CCDA PSA.

16.     On January 18, 2022, the Court entered the *Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [Case No. 17-03283, ECF No. 19813] (the "Confirmation Order"), confirming the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, dated January 14, 2021 [Case No. 17-03283, ECF No. 19784] (the "Plan"), which incorporates the terms of the HTA/CCDA PSA.[4]

17.     Section 4.1 of the HTA/CCDA PSA and decretal paragraph 52 of the Confirmation Order provide, in pertinent part, that ". . . within ten (10) Business Days following satisfaction of the HTA Distribution Conditions, HTA shall make an interim distribution to holders of HTA 68 Bond Claims and HTA 98 Senior Bond Claims in the amounts of One Hundred Eighty-Four Million Eight Hundred Thousand Dollars ($184,800,000.00) and Seventy-Nine Million Two Hundred Thousand Dollars ($79,200,000.00), respectively, in Cash, which distributions shall reduce the principal amount of such HTA 68 Bonds and HTA 98 Senior Bonds, respectively, and the corresponding HTA Bond Claims . . . ." (the "Effective Date Payments").   Confirmation Order ¶ 52.

18.     The Oversight Board projects that the Effective Date of the Plan shall occur on or before March 15, 2022.

---

[4] Capitalized terms used but not defined herein have the meanings given to them in the Plan.

D.      **The Fiscal Agent's Fees and Expenses**

19.     The Fiscal Agent asserts it has incurred fees and expenses in connection with the HTA Title III Case, including, without limitation, the filing of master proofs of claim on behalf of itself and HTA bondholders and participation as a defendant in multiple adversary proceedings.

20.     The Fiscal Agent asserts that, pursuant to the resolutions governing the HTA Bonds, in the event of a default by HTA, the Fiscal Agent has the right to deduct its reasonable compensation for all services rendered by it under the resolutions and also all of its reasonable expenses, charges and other disbursements and those of its attorneys, agents and employees incurred in or about the administration and execution of the trusts created by the resolutions, and the performance of its powers and duties under the resolutions, and any liabilities which the Fiscal Agent may incur in the exercise and performance of its powers and duties under the resolutions, from any moneys coming into its hands and shall be entitled to a preference in payment over any of the HTA Bonds outstanding under such resolutions.

21.     The Fiscal Agent asserts that (1) HTA has been in default in the payment of the Fiscal Agent Fees and Expenses, as defined below, since prior to commencement of the HTA Title III Case and (2) as of March 2, 2022, with respect to HTA, it had incurred or reasonably anticipates incurring on or before the effective date of a plan of adjustment for HTA, fees and expenses in the aggregate amount of $2,622,978.91 (the "Fiscal Agent Fees and Expenses").

## RELIEF REQUESTED

22.     Through this Urgent Motion, the Oversight Board requests the Court so order the Stipulation, resolving the disputes set forth in the Disputed Funds Stipulation by (i) authorizing and directing the Fiscal Agent (a) to liquidate the investments comprising the Disputed Funds consistent with the Oversight Board's direction, and (b) upon liquidation of the Disputed Funds

that BNYM currently holds in investment other than the cash, the aggregate amount of cash on account in the Disputed Funds shall be deemed amounts applied to HTA in satisfaction of the Effective Date Payments, (ii) authorizing and directing the Fiscal Agent, upon notification in writing by the Oversight Board to BNYM that the Distribution Conditions have been satisfied, to remit, in accordance with the terms and provisions of the HTA/CCDA PSA, the Plan, and the Confirmation Order, and the applicable resolutions, (a) the Disputed Funds net of the Fiscal Agent Fees and Expenses, to the Depository Trust Company for further distribution to beneficial owners of the HTA Bonds pursuant to decretal paragraph 52 of the Confirmation Order (b) on behalf of the holders of HTA 68 Bonds and HTA 98 Senior Bonds, apply the Fiscal Agent Fees and Expenses in accordance with the applicable resolutions, and (c) provide the Oversight Board and HTA a written statement of the amounts distributed or applied pursuant to clauses (a) and (b) above.

23.     To facilitate the consideration of the relief requested in this Urgent Motion and the distribution of the Disputed Funds in connection with the occurrence of the Effective Date of the Plan, the Oversight Board requests that the Court enter a scheduling order, attached hereto as **Exhibit B** (the "Scheduling Order"), setting forth the deadlines to file objections and replies, if any, to this Urgent Motion as follows:

- **Deadline to File Objections**:  March 11, 2022 at 5:00 p.m. (Atlantic Standard Time)

- **Deadline to File Replies**:   March 12, 2022 at 5:00 p.m. (Atlantic Standard Time)

24.     Thereafter, the Oversight Board requests that the Court consider the Urgent Motion on submission, unless the Court determines that a hearing is necessary.

## BASIS FOR REQUESTED RELIEF

25.     Section 4.1 of the HTA/CCDA PSA and decretal paragraph 52 of the Confirmation Order provide that, subject to satisfaction of the HTA Distribution Conditions, HTA shall make an interim distribution to holders of HTA 68 Bond Claims and HTA 98 Senior Bond Claims in the amounts of $184,800,000.00 and $79,200,000.00, respectively, in cash, which distributions shall reduce the principal amount of such HTA 68 Bonds and HTA 98 Senior Bonds, respectively, and the corresponding HTA Bond Claims.

26.     In light of the projected occurrence of the March 15, 2022 Effective Date of the Plan, which, among other things, provides for the compromise and settlement of claims against the Commonwealth arising from the HTA Bonds, the disbursement of the Disputed Funds pursuant to the terms of the Stipulation will allow the Reorganized Commonwealth and HTA to utilize such funds in connection with satisfaction of the Effective Date Payments, consistent with Section 4.1 of the HTA/CCDA PSA and decretal paragraph 52 of the Confirmation Order.

27.     The Oversight Board and the Fiscal Agent have agreed, consistent with the terms of the Plan and the Confirmation Order, to apply the Fiscal Agent Fees and Expenses against the Disputed Funds to be disbursed.   The Fiscal Agent asserts it is entitled to priority of payment of the Fiscal Agent's Fees and Expenses pursuant to the express terms of the 68 Resolution and 98 Resolution (together, the "Resolutions").   The Resolutions provide in relevant part, "[i]n default of . . . payment by [HTA], the Fiscal Agent . . . may deduct the [Fiscal Agent's Fees and Expenses] from any moneys coming into its hands and shall be entitled to a preference in payment over any of the bonds and coupons outstanding hereunder."   68 Resolution § 710; accord 98 Resolution § 711.   Accordingly, the Fiscal Agent asserts it is entitled to satisfy the Fiscal Agent's Fees and Expenses from the Disputed Funds.

28.     Because decretal paragraph 1 of the Disputed Funds Stipulations requires further order of the Court before the Disputed Funds may be disbursed, the Oversight Board respectfully requests that the Court so order the Stipulation, attached hereto as **Exhibit A**.

29.     Pursuant to Paragraph 1.H of the *Sixteenth Amended Notice, Case Management and Administrative Procedures* [ECF No. 20190-1] (the "Case Management Procedures"), the Oversight Board and the Fiscal Agent hereby certify that they have carefully examined the matter and concluded that there is a true need for an urgent motion; they have not created the urgency through any lack of due diligence; have made a bona fide effort to resolve the matter; and have made reasonable, good-faith communications in an effort to resolve or narrow the issues that are being brought to the Court.

## NOTICE

30.     The Debtors have provided notice of this Urgent Motion to:   (a) the Office of the United States Trustee for the District of Puerto Rico; (b) the indenture trustees and/or agents, as applicable, for the Debtors' bonds; (c) the entities on the list of creditors holding the 20 largest unsecured claims against the Debtors; (d) the statutory committees appointed in these Title III Cases; (e) the Office of the United States Attorney for the District of Puerto Rico; (f) counsel to the Puerto Rico Fiscal Agency and Financial Advisory Authority; (g) the Puerto Rico Department of Justice; and (h) all parties filing a notice of appearance in these Title III Cases.   The Debtors and the Fiscal Agent submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

31.     No prior request for the relief sought in this Urgent Motion has been made to this or any other court.

Dated: March 10, 2022
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Brian S. Rosen*

Martin J. Bienenstock
Brian S. Rosen
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*/s/   Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:   (787) 764-8181
Fax:   (787) 753-8944

*Attorneys for the Financial Oversight and
Management Board as representative for the
Debtors*

## **Exhibit A**

**Stipulation and Agreed Order**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK-3567-LTS |

**STIPULATION AND AGREED ORDER REGARDING**
**THE DISPUTED FUNDS IN THE HTA BOND SERVICE**
**ACCOUNTS, REDEMPTION ACCOUNTS AND RESERVE ACCOUNTS**

The Commonwealth of Puerto Rico (the "Commonwealth") and the Puerto Rico Highways

and Transportation Authority ("HTA"), by and through the Financial Oversight and Management

Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801). Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.

Commonwealth and HTA pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] and The Bank of New York Mellon, solely in its capacity as fiscal agent ("BNYM" or the "Fiscal Agent") for several series of bonds issued by HTA (the "HTA Bonds"), hereby stipulate and agree as follows:

## RECITALS

### Commencement of Title III Cases

A.     On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to sections 104(j) and 206 of PROMESA and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case").

B.     On May 21, 2017, the Oversight Board issued a restructuring certification for HTA, commencing an additional case under Title III of PROMESA (the "HTA Title III Case" and together with the Commonwealth Title III Case, the "Title III Cases").

C.     By operation of PROMESA and pursuant to PROMESA section 315(b), the Oversight Board is the sole representative of the Commonwealth and HTA in their respective Title III Cases.

D.     The Court has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a), and venue is proper in this District pursuant to PROMESA section 307(a).

### The Disputed Funds

E.     After the filing of the Title III Cases, certain monoline insurers and bondholders commenced the following adversary proceedings regarding, among other issues, asserted liens on certain revenues, payments on the HTA Bonds, and monies allegedly pledged to secure the

---

[2]   PROMESA is codified at 48 U.S.C. §§ 2101–2241.

repayment of HTA Bonds (collectively, the "Adversary Proceedings"): *Ambac Assurance Corp. v. Commonwealth of Puerto Rico, et al.,* Adv. Proc. No. 17-159-LTS; *Assured Guaranty Corp., et al. v. Commonwealth of Puerto Rico, et al.,* Adv. Proc. Nos. 17-155-LTS, 17-156-LTS; and *Peaje Investments, LLC v. Puerto Rico Highways and Transportation Authority, et al.,* Adv. Proc. Nos. 17-151 LTS, 17-152-LTS.

F.     Pursuant to applicable documents, BNYM, as Fiscal Agent, was scheduled to make a payment of principal and interest on several series of bonds issued by HTA to the bondholders in the aggregate amount of approximately $224,277,263.11 on July 3, 2017.

G.     On or around June 20, 2017, Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") instructed BNYM not to distribute the Disputed Funds to the bondholders, asserting that the Disputed Funds, as defined below, are property of HTA and are subject to the automatic stay pursuant to section 362(a) of the Bankruptcy Code, as incorporated by section 301(a) of PROMESA.

H.     By letter, dated June 23, 2017, certain plaintiffs in the Adversary Proceedings stated their disagreement with the AAFAF position and asserted that BNYM must distribute the Disputed Funds on July 3, 2017 in accordance with the terms of the governing documents because the Disputed Funds (i) are not property of HTA, (ii) are held in trust for the benefit of the bondholders, (iii) are "pledged special revenues," pursuant to sections 902, 922(d) and 928 of the Bankruptcy Code as incorporated by section 301(a) of PROMESA, and (iv) are not subject to the automatic stay.

I.     As of July 3, 2017, BNYM, as Fiscal Agent, held cash and various investments with an estimated value of $76,149,000.00 (the "Disputed Funds").

J.      BNYM declined to take a position on the matter, and, in light of the dispute regarding the Disputed Funds, indicated that it would not distribute the Disputed Funds until appropriate relief was obtained from the Court.

K.      On July 31, 2017, the parties to the Adversary Proceedings entered into that certain *Stipulation and Proposed Order Governing the Disputed Funds in the HTA Bonds Accounts, Redemption Accounts and Reserve Accounts* (the "<u>Disputed Funds Stipulation</u>"), which provides that, among other things, pending further order of the Court, BNYM shall maintain the entirety of the Disputed Funds in the existing accounts into which they have been deposited.

L.      On August 3, 2017, the Court approved the Disputed Funds Stipulation [Case No. 17-00152, ECF No. 179].

M.      As of the date hereof, the Disputed Funds held by BNYM in cash and various investments total $90,710,855.43.

**<u>Confirmation of the Plan of Adjustment</u>**

N.      On May 5, 2021, the Oversight Board, as representative of the Commonwealth and HTA in their Title III Cases, entered into that certain HTA/CCDA Related Plan Support Agreement (the "<u>HTA/CCDA PSA</u>") with certain holders of bonds issued by HTA, certain holders of bonds issued by the Puerto Rico Convention Center District Authority, Assured Guaranty Corp. and Assured Municipal Corp., and National Public Finance Guarantee Corporation, which provided for, among other things, the terms of the resolution of litigation among the parties regarding the bonds issued by HTA, and the terms of securities to be issued pursuant to plans of adjustment for the Commonwealth and HTA.

O.      On July 15, 2021, Ambac Assurance Corp. and Financial Guaranty Insurance Company each executed joinders to the HTA/CCDA PSA.

P.      On January 18, 2022, the Court entered the *Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [Case No. 17-03283, ECF No. 19813] (the "Confirmation Order"), confirming the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, dated January 14, 2021 [Case No. 17-03283, ECF No. 19784] (the "Plan")[3], which incorporates the terms of the HTA/CCDA PSA.

Q.      Section 4.1 of the HTA/CCDA PSA and decretal paragraph 52 of the Confirmation Order provide, in pertinent part, that ". . . within ten (10) Business Days following satisfaction of the HTA Distribution Conditions, HTA shall make an interim distribution to holders of HTA 68 Bond Claims and HTA 98 Senior Bond Claims in the amounts of One Hundred Eighty-Four Million Eight Hundred Thousand Dollars ($184,800,000.00) and Seventy-Nine Million Two Hundred Thousand Dollars ($79,200,000.00), respectively, in Cash, which distributions shall reduce the principal amount of such HTA 68 Bonds and HTA 98 Senior Bonds, respectively, and the corresponding HTA Bond Claims . . . ." (the "Effective Date Payments"). Confirmation Order ¶ 52.

R.      Sections 2.1 and 63.1 of the Plan provides for the treatment and global compromise and settlement of, among other things, claims against the Commonwealth relating to the HTA Bonds.

S.      Section 77.13 of the Plan provides:

> Payment of Trustee Fees and Expenses: The distributions to be made pursuant to the Plan are intended to be inclusive of any and all Trustee/Fiscal Agent fees and expenses which may be allegedly due and owing by the Commonwealth, ERS and PBA with respect to amounts discharged pursuant to the Plan. The Plan does not, nor shall it be construed

---

[3] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed thereto in the Plan.

to, limit the rights of each Trustee/Fiscal Agent to payment of such amounts from the distributions to be made hereunder, including, without limitation, the imposition of any Charging Lien.

T.     Section 1.134 of the Plan, entitled "<u>Charging Lien</u>", provides as follows:

A lien or right to priority of payment to which any Trustee/Fiscal Agent may be entitled pursuant to an applicable governing resolution, trust agreement, or other document or instrument against distributions to be made in accordance with the terms and provisions of the Plan for payment of reasonable compensation, indemnification, fees, expenses and disbursements incurred prior or subsequent to the Effective Date.

U.     The Fiscal Agent asserts that it has incurred fees and expenses in connection with the HTA Title III Case, including, without limitation, the filing of master proofs of claim on behalf of itself and HTA bondholders and participation as a defendant in multiple adversary proceedings

V.     The Fiscal Agent asserts that, pursuant to the resolutions governing the HTA Bonds, in the event of a default by HTA, the Fiscal Agent has the right to deduct its reasonable compensation for all services rendered by it under the resolutions and also all of its reasonable expenses, charges and other disbursements and those of its attorneys, agents and employees incurred in or about the administration and execution of the trusts created by the resolutions, and the performance of its powers and duties under the resolutions, and any liabilities which the Fiscal Agent may incur in the exercise and performance of its powers and duties under the resolutions, from any moneys coming into its hands and shall be entitled to a preference in payment over any of the HTA Bonds outstanding under such resolutions.

W.     The Fiscal Agent asserts that (1) HTA has been in default in the payment of the Fiscal Agent Fees and Expenses, as defined below, since prior to the commencement of the HTA Title III Case and (2) as of March 2, 2022, with respect to HTA, it had incurred or reasonably anticipates incurring on or before the effective date of a plan of adjustment for HTA, fees and expenses in the aggregate amount of $2,622,978.91 (the "<u>Fiscal Agent Fees and Expenses</u>").

18

X.      The Oversight Board projects that the Effective Date of the Plan shall occur on or before March 15, 2022.

Y.      The parties seek to distribute the Disputed Funds held by BNYM in accordance with the provisions of the Plan, the applicable resolutions, and as set forth herein.

**NOW, THEREFORE,** in consideration of the foregoing, the parties hereby agree as follows:

**<u>AGREEMENT</u>**

1.      This stipulation (the "<u>Stipulation</u>") shall become effective upon entry of an order of the Court approving the terms and provisions hereof (the "<u>Stipulation Date</u>").

2.      Within two (2) business days of the date of execution of this Stipulation, the Oversight Board shall provide BNYM instructions for the liquidation of Disputed Funds that BNYM currently holds in investments other than cash.

3.      Upon liquidation of the Disputed Funds that BNYM currently holds in investment other than cash, the aggregate amount of cash on account in the Disputed Funds shall be deemed amounts to be applied by HTA in satisfaction of the Effective Date Payments and the Fiscal Agent shall provide the Oversight Board and HTA a written statement setting forth the amount of the Disputed Funds as of such date.

4.      Upon notification, in writing, by the Oversight Board to BNYM that the Distribution Conditions have been satisfied, in accordance with the terms and provisions of the HTA/CCDA PSA, the Plan, the Confirmation Order, and the applicable resolutions, the Fiscal Agent, shall (a) remit the Disputed Funds, net of the Fiscal Agent Fees and Expenses, to the Depository Trust Company for further distribution to beneficial owners of the HTA Bonds pursuant to decretal paragraph 52 of the Confirmation Order, (b) on behalf of the holders of HTA

68 Bonds and HTA 98 Senior Bonds, apply the Fiscal Agent Fees and Expenses in accordance with the applicable resolutions, and (c) provide the Oversight Board and HTA a written statement of the amounts distributed or applied pursuant to clauses (a) and (b) above.

5.     Nothing in this Stipulation affects the Fiscal Agent's right to be reimbursed for any and all of the Fiscal Agent's fees and expenses from the distributions to be made pursuant to the Plan, in accordance with decretal paragraph 36 of the Confirmation Order and Section 77.13 of the Plan, and a plan of adjustment for HTA.

6.     This Stipulation shall be considered a full and final resolution of all disputes relevant to the Disputed Funds that were raised as part of the Disputed Funds Stipulation.

7.     The parties represent and warrant that they are duly authorized to enter into and be bound by this Stipulation.  Nothing herein shall impair any right, power, or obligation or be considered a waiver of any such right, power or obligation the parties hereto have with respect to any valid and existing agreements between the parties hereto, which agreements remain in full force and effect and are not modified hereby.

8.     Each party hereto agrees that it has fully participated in the drafting of this Stipulation.   The rule of law that provides that ambiguities will be construed against the drafting party in interpreting written instruments shall be inapplicable to resolve any disputes over the meaning or intent of this Stipulation or any of its provisions.

9.     This Stipulation is the full and complete agreement of the parties with respect to the matters set forth herein, and each party has entered into this Stipulation voluntarily and without duress.

10.     This Stipulation shall be binding on the parties' successors and assigns.

11.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Stipulation.

12.     This Stipulation may be executed in multiple counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which will be deemed an original, but all of which together will constitute one instrument.

Dated: March 10, 2022

[*Remainder of page intentionally left blank*]

**STIPULATED AND AGREED TO BY:**

**PROSKAUER ROSE LLP**

*/s/ Martin J. Bienenstock*
Martin J. Bienenstock (pro hac vice)
Brian S. Rosen (pro hac vice)

Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

**O'NEILL & BORGES LLC**

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García-Benítez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:   (787) 764-8181
Fax:   (787) 753-8944

*Attorneys for the Financial Oversight
and Management Board as
representative for the Commonwealth*

**SEPULVADO, MALDONADO &
COURET**

*/s/ Albéniz Couret-Fuentes*
Albéniz Couret-Fuentes
USDC-PR Bar No. 222207

304 Ponce de León Ave. – Suite 990
San Juan, PR 00918
Telephone: (787) 765-5656
Facsimile: (787) 294-0073
Email: acouret@smclawpr.com

**REED SMITH LLP**

*/s/ Jared S. Roach*
Luke A. Sizemore (Pro Hac Vice)
Jared S. Roach (Pro Hac Vice)
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
Telephone: (412) 288-3131
Facsimile: (412) 288-3063
Email: lsizemore@reedsmith.com
Email: jroach@reedsmith.com

*Counsel to The Bank of New York Mellon, in
its capacity as Fiscal Agent*

**SO ORDERED on March _____, 2022**

_____
HON. LAURA TAYLOR SWAIN
UNITED STATES DISTRICT COURT JUDGE

## <u>Exhibit B</u>

**Proposed Scheduling Order**

**UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK-3567-LTS |
| PEAJE INVESTMENTS, LLC,<br><br>Plaintiff,<br><br>-v-<br><br>THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, *et al.*,<br><br>Defendants. | Adv. Proc. No. 17-151-LTS in No.17 BK 3567-LTS<br><br>Adv. Proc. No. 17-152-LTS in No. 17 BK-3283-LTS |

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801). Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.

| | |
|---|---|
| ASSURED GUARANTY CORP, *et al.*,<br><br>Plaintiffs,<br><br>-v-<br><br>COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Defendants. | Adv. Proc. No. 17-155-LTS in No.17 BK 3283<br><br>Adv. Proc. No. 17-156-LTS No. 17 BK-3567 |
| AMBAC ASSURANCE CORPORATION,<br><br>Plaintiff,<br><br>-v-<br><br>COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Defendants. | Adv. Proc. No. 17-159-LTS No.17 BK 3283-LTS |

### ORDER SCHEDULING BRIEFING OF URGENT MOTION FOR AN ORDER DIRECTING THE FISCAL AGENT TO DISBURSE THE DISPUTED FUNDS IN THE HTA BOND SERVICE ACCOUNTS, REDEMPTION ACCOUNTS, AND RESERVE ACCOUNTS

The Court has received and reviewed the *Urgent Motion for an Order Directing the Fiscal Agent to Disburse the Disputed Funds in the HTA Bond Service Accounts, Redemption Accounts, and Reserve Accounts* (the "Urgent Motion")[2] filed by the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth") and the Puerto Rico Highways and Transportation Authority ("HTA," and together with the Commonwealth, the "Debtors") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA");[3] and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA section 306; and it appearing that venue in this district is proper pursuant to PROMESA section 307; and the Court having found that the briefing schedule requested in the

---

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Urgent Motion.

[3]   PROMESA has been codified in 48 U.S.C. §§ 2101–2241.

Urgent Motion is in the best interests of the Debtors and its creditors; and the Court having found

that adequate and appropriate notice of the Urgent Motion has been provided under the

circumstances and that no other or further notice is required; and the Court having determined that

the factual bases set forth in the Urgent Motion with respect to the briefing schedule establish just

cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor, it is **HEREBY ORDERED THAT**:

1. The briefing schedule requested in the Urgent Motion is granted as set forth herein.

2. The deadline to respond to the Urgent Motion shall be **March 11, 2022 at 5:00 p.m. (Atlantic Standard Time)**.

3. The deadline to file a reply shall be **March 12, 2022 at 5:00 p.m. (Atlantic Standard Time)**.

4. The Court will thereafter take the Urgent Motion on submission, unless the Court determines that a hearing is necessary.

Dated: _____, 2022

_____
HONORABLE LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE