# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | PROMESA |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | Title III<br><br>No. 17 BK 3283-LTS |
| as representative of | (Jointly Administered) |
| THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES' RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY, | |
| Debtors | |

**EL OJO DE AGUA DEVELPMET, INC.'S MOTION FOR JOINDER TO THE RESPONSE TO "INFORMATIVE MOTION OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD REGARDING STATUS AND MANAGEMENT BOARD REGARDING STATUS OF PLAN IMPLEMENTATION" FILED BY FINCA MATILDE INC.**

**TO THE HONORABLE COURT**:

**COMES NOW, EL OJO DE AGUA DEVELOPMENT, INC.** ("El Ojo de Agua") and file the instant Motion for Joinder, ("Joinder") to the *Response To "Informative Motion of Financial Oversight And Management Board Regarding Status Of Plan Implementation*" filed by

Finca Matilde Inc. at Docket No. 20248 ("the "Response") and respectfully states and request as follows:

1. El Ojo de Agua joins the Response filed by Finca Matilde Inc. to the *Informative Motion of Financial Oversight And Management Board Regarding Status Of Plan Implementation* (Informative Motion") filed by the FOMB at Docket No. 20165on February 17, 2022.

2. El Ojo de Agua joins the legal grounds and arguments discussed by Finca Matilde Inc. in the Response filed at Docket No. 20248 since under the Confirmation Order and Judgment Confirming the Modified Eight Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Building Authority entered on January 18, 2022 at Docket No. 19813, full payment of all claims in Class 58.1 of the <u>Treatment of Eminent Domain /Inverse Condemnation Claims</u> is directed to be made on the Effective Date of the Confirmed Plan.

3. The Judgment in favor of El Ojo de Agua was entered by the Puerto Rico Court of First Instance, San Juan Division, in Case No. KEF 2008-0188 on February 9th, 2015. The Judgment Orders the Commonwealth to pay El Ojo de Agua just compensation for the taking of real property in the net amount of $1,519,400.00 plus interest thereon as of April 10th, 2008, until its full payment to El Ojo de Agua. The Judgment favoring El Ojo de Agua is firm, final and unappealable judgment. This Judgment is the result of a direct condemnation of real property or judicial proceeding filed by the Commonwealth against El Ojo de Agua's 37.73 acres of land.

4. El Ojo de Agua also agrees with Finca Matilde Inc.'s assertion that the stay of the Effective Date of the Plan has not been requested by the FOMB and therefore, its March 15, 2022, effective date is in full force and effect, mandating payment of the full amount of El Ojo de Agua's just compensation judgment.

5. Most importantly, a purview of the Informative Motion filed by the FOMB at Docket No. 20165 appears to be the FOMB's attempt to procedurally by-pass the effects of the Effective Date of the Confirmed Plan by referencing the appeal provision included in Class 58.1 as an "implied" stay, without complying with the requirement of the Procedural Rules and without filing a motion to request the stay.

6. However, as per FOMB Motion in "OPPOSITION OF THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY TO MOTION DATED FEBRUARY 1, 2022, FOR STAY PENDING APPEAL" ("Opposition") filed by FOMB at Docket No. 20083 on February 9th, 2022 a stay to the Plan Implementation "could imperil Puerto Rico's successful restructuring, which is indispensable to the Commonwealth's fiscal recovery." And "[t]he harm a stay would inflict on the Commonwealth, its creditors, and other stakeholders cannot be overstated".

7. Since the filing of the eminent domain proceedings by the Commonwealth in 2008, El Ojo de Agua has been deprived of just compensation for the taking of its land in a case that has been extensively litigated and has final judgment. In fact, the prevailing stay amounts to a double taking considering that the Commonwealth has both: the property and the just compensation.

8. For these reasons and since the Court has not stayed the effects of the Confirmation Order nor the FOMB has requested it, the FOMB is time barred to do so now and therefore, El Ojo de Agua must be paid the Judgment in full as of the effective date of the Plan. Simply stated, the procedural requirements cannot be by-passed.

9. El Ojo de Agua reserves all of its rights to be heard at any hearing regarding the Informative Motion, the Response and the instant joinder, and to respond to any objections thereto.

**WHEREFORE**, El Ojo de Agua respectfully request the the Court takes notice of this Joinder.

**I HEREBY CERTIFY** that I electronically filed the foregoing document with the Clerk of the Bankruptcy Court using CM/ECF system, which will send electronic notification to all participants in the captioned case.

**RESPECTFULLY SUBMITTED.**

In Carolina, Puerto Rico, on March 11th, 2022.

/s/*Cynthia Torres Torres*

CYNTHIA TORRES TORRES
USDC-PR 220405
PO Box 79182
Carolina, PR 0984-9182
Tel.:(787) 529-1730
Email: ctpropertyright@aol.com

4