# **EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re: <br><br> THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br> as representative of <br><br> THE COMMONWEALTH OF PUERTO RICO, *et al.*, <br><br> Debtors.[1] | PROMESA <br> Title III <br><br> No. 17 BK-3283-LTS <br><br> (Jointly Administered) |
| In re: <br><br> THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br> as representative of <br><br> THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, <br><br> Debtor. | PROMESA <br> Title III <br><br> No. 17 BK-3567-LTS |

**[REVISED PROPOSED] AMENDED AND RESTATED STIPULATION AND AGREED ORDER REGARDING THE DISPUTED FUNDS IN THE HTA BOND SERVICE ACCOUNTS, REDEMPTION ACCOUNTS AND RESERVE ACCOUNTS**

The Commonwealth of Puerto Rico (the "Commonwealth") and the Puerto Rico

Highways and Transportation Authority ("HTA"), by and through the Financial Oversight and

Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801). Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.

representative  of  the Commonwealth and HTA pursuant to section 315(b) of the *Puerto Rico*

*Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] and The Bank of New

York Mellon, solely in its capacity as fiscal agent ("BNYM" or the "Fiscal Agent") for several

series of bonds issued by HTA (the "HTA Bonds"), hereby stipulate and agree as follows:

## RECITALS

## Commencement of Title III Cases

A.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant

to sections  104(j) and 206 of PROMESA and filed a voluntary petition for relief for the

Commonwealth  pursuant  to PROMESA section 304(a), commencing a case under Title III

thereof (the "Commonwealth Title III Case").

B.      On May 21, 2017, the Oversight Board issued a restructuring certification for

HTA, commencing an additional case under Title III of PROMESA (the "HTA Title III Case"

and together with the Commonwealth Title III Case, the "Title III Cases").

C.      By operation of PROMESA and pursuant to PROMESA section 315(b), the

Oversight Board is the sole representative of the Commonwealth and HTA in their respective

Title III Cases.

D.      The Court has subject matter jurisdiction over this matter pursuant to PROMESA

section 306(a), and venue is proper in this District pursuant to PROMESA section 307(a).

## The Disputed Funds

E.      After the filing of the Title III Cases, certain monoline insurers and bondholders

commenced the following adversary proceedings regarding, among other issues, asserted liens

on certain revenues, payments on the HTA Bonds, and monies allegedly pledged to secure the

repayment of HTA Bonds (collectively, the "Adversary Proceedings"): *Ambac Assurance Corp.*

---

[2]   PROMESA is codified at 48 U.S.C. §§ 2101–2241.

-2-

*v. Commonwealth of Puerto Rico, et al.,* Adv. Proc. No. 17-159-LTS; *Assured Guaranty Corp., et al. v. Commonwealth of Puerto Rico, et al.,* Adv. Proc. Nos. 17-155-LTS, 17-156-LTS; and *Peaje Investments, LLC v. Puerto Rico Highways and Transportation Authority, et al.,* Adv. Proc. Nos. 17-151 LTS, 17-152-LTS.

F.      Pursuant to applicable documents, BNYM, as Fiscal Agent, was scheduled to make a payment of principal and interest on several series of bonds issued by HTA to the bondholders in the aggregate amount of approximately $224,277,263.11 on July 3, 2017.

G.      On or around June 20, 2017, Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") instructed BNYM not to distribute the Disputed Funds to the bondholders, asserting that the Disputed Funds, as defined below, are property of HTA and are subject to the automatic stay pursuant to section 362(a) of the Bankruptcy Code, as incorporated by section 301(a) of PROMESA.

H.      By letter, dated June 23, 2017, certain plaintiffs in the Adversary Proceedings stated their disagreement with the AAFAF position and asserted that BNYM must distribute the Disputed Funds on July 3, 2017 in accordance with the terms of the governing documents because the Disputed Funds (i) are not property of HTA, (ii) are held in trust for the benefit of the bondholders, (iii) are "pledged special revenues," pursuant to sections 902, 922(d) and 928 of the Bankruptcy Code as incorporated by section 301(a) of PROMESA, and (iv) are not subject to the automatic stay.

I.      As of July 3, 2017, BNYM, as Fiscal Agent, held cash and various investments with an estimated value of $76,149,000.00 (the "Disputed Funds").

J.      BNYM declined to take a position on the matter, and, in light of the dispute regarding the Disputed Funds, indicated that it would not distribute the Disputed Funds until appropriate relief was obtained from the Court.

-3-

K.      On July 31, 2017, the parties to the Adversary Proceedings entered into that certain *Stipulation and Proposed Order Governing the Disputed Funds in the HTA Bonds Accounts, Redemption Accounts and Reserve Accounts* (the "Disputed Funds Stipulation"), which provides that, among other things, pending further order of the Court, BNYM shall maintain the entirety of the Disputed Funds in the existing accounts into which they have been deposited.

L.      On August 3, 2017, the Court approved the Disputed Funds Stipulation [Case No. 17-00152, ECF No. 179].

M.      As of the date hereof, the Disputed Funds held by BNYM in cash and various investments total $90,710,855.43.

**Confirmation of the Plan of Adjustment**

N.      On May 5, 2021, the Oversight Board, as representative of the Commonwealth and HTA in their Title III Cases, entered into that certain HTA/CCDA Related Plan Support Agreement (the "HTA/CCDA PSA") with certain holders of bonds issued by HTA, certain holders of bonds issued by the Puerto Rico Convention Center District Authority, Assured Guaranty Corp. and Assured Municipal Corp., and National Public Finance Guarantee Corporation, which provided for, among other things, the terms of the resolution of litigation among the parties regarding the bonds issued by HTA, and the terms of securities to be issued pursuant to plans of adjustment for the Commonwealth and HTA.

O.      On July 15, 2021, Ambac Assurance Corp. and Financial Guaranty Insurance Company each executed joinders to the HTA/CCDA PSA.

P.      On January 18, 2022, the Court entered the *Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico,*

-4-

*and the Puerto Rico Public Buildings Authority* [Case No. 17-03283, ECF No. 19813] (the "Confirmation Order"), confirming the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, dated January 14, 2021 [Case No. 17-03283, ECF No. 19784] (the "Plan"),[3] which incorporates the terms of the HTA/CCDA PSA.

Q.      Section 4.1 of the HTA/CCDA PSA and decretal paragraph 52 of the Confirmation Order provide, in pertinent part, that ". . . within ten (10) Business Days following satisfaction of the HTA Distribution Conditions, HTA shall make an interim distribution to holders of HTA 68 Bond Claims and HTA 98 Senior Bond Claims in the amounts of One Hundred Eighty-Four Million Eight Hundred Thousand Dollars ($184,800,000.00) and Seventy-Nine Million Two Hundred Thousand Dollars ($79,200,000.00), respectively, in Cash, which distributions shall reduce the principal amount of such HTA 68 Bonds and HTA 98 Senior Bonds, respectively, and the corresponding HTA Bond Claims . . . ." (the "Effective Date Payments"). Confirmation Order ¶ 52.

R.      Sections 2.1 and 63.1 of the Plan provides for the treatment and global compromise and settlement of, among other things, claims against the Commonwealth relating to the HTA Bonds.

S.      The Oversight Board projects that the Effective Date of the Plan shall occur on or before March 15, 2022.

**NOW, THEREFORE,** in consideration of the foregoing, the parties hereby agree as follows:

**AGREEMENT**

1.      This stipulation (the "Stipulation") shall become effective upon entry of an order of the Court approving the terms and provisions hereof (the "Stipulation Date").

---

[3]   Unless otherwise defined herein, capitalized terms shall have the meanings ascribed thereto in the Plan.

2.      Within two (2) business days of the date of execution of this Stipulation, the Oversight Board shall provide BNYM instructions for the liquidation of Disputed Funds that BNYM currently holds in investments other than cash.

3.      Upon (a) satisfaction of the Distribution Conditions, and (b) liquidation of the Disputed Funds that BNYM currently holds in investment other than cash, (1) the aggregate amount of cash on account in the Disputed Funds shall be deemed amounts to be applied by HTA in satisfaction of the Effective Date Payments, and (2) the Fiscal Agent shall provide the Oversight Board and HTA a written statement setting forth the amount of the Disputed Funds as of such date.

4.      Nothing in this Stipulation affects the Fiscal Agent's right to be reimbursed for any and all of the Fiscal Agent's fees and expenses from the distributions to be made pursuant to the Plan, in accordance with the applicable resolutions, decretal paragraph 36 of the Confirmation Order, Section 77.13 of the Plan, and a plan of adjustment for HTA.  For the avoidance of doubt, amounts applied on account of Fiscal Agent fees and expenses shall not be credited against, or result in any reduction of, the amounts required to be distributed to holders of HTA 68 Bond Claims and HTA 98 Senior Bond Claims pursuant to decretal paragraph 52 of the Confirmation Order.

5.      This Stipulation shall be considered a full and final resolution of all disputes relevant to the Disputed Funds that were raised as part of the Disputed Funds Stipulation.

6.      The parties represent and warrant that they are duly authorized to enter into and be bound by this Stipulation. Nothing herein shall impair any right, power, or obligation or be considered a waiver of any such right, power or obligation the parties hereto have with respect to any valid and existing agreements between the parties hereto, which agreements remain in full force and effect and are not modified hereby.

-6-

7.      Each party hereto agrees that it has fully participated in the drafting of this Stipulation. The rule of law that provides that ambiguities will be construed against the drafting party in interpreting written instruments shall be inapplicable to resolve any disputes over the meaning or intent of this Stipulation or any of its provisions.

8.      This Stipulation is the full and complete agreement of the parties with respect to the matters set forth herein, and each party has entered into this Stipulation voluntarily and without duress.

9.      This Stipulation shall be binding on the parties' successors and assigns.

10.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Stipulation.

11.     This Stipulation may be executed in multiple counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which will be deemed an original, but all of which together will constitute one instrument.

Dated: March 11, 2022

*[Remainder of page intentionally left blank]*

-7-

Document comparison by Workshare 9.5 on Saturday, March 12, 2022 5:47:20 AM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://USDMS10/USActive/57662323/1 |
| Description | #57662323v1<USActive> - Revised Proposed Stipulation |
| Document 2 ID | interwovenSite://USDMS10/USActive/57662323/2 |
| Description | #57662323v2<USActive> - Revised Proposed Stipulation |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 2 |
| Deletions | 0 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 2 |